DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut

*Proposed Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-[    ](RDD)** |
| **Debtors.[1]** | **(Joint Administration Pending)** |

**MOTION OF DEBTORS FOR ENTRY OF INTERIM AND FINAL ORDERS
(I) PROHIBITING UTILITIES FROM ALTERING, REFUSING OR DISCONTINUING
SERVICE, (II) DEEMING UTILITIES ADEQUATELY ASSURED OF FUTURE
PERFORMANCE AND (III) ESTABLISHING PROCEDURES FOR DETERMINING
REQUESTS FOR ADDITIONAL ADEQUATE ASSURANCE**

Purdue Pharma L.P. ("**PPLP**") and its affiliates that are debtors and debtors in possession

in these proceedings (collectively, the "**Debtors**," the "**Company**" or "**Purdue**") hereby move

(this "**Motion**") this Court for entry of interim and final orders, substantially in the forms

attached hereto as **Exhibit A** and **Exhibit B** (the "**Interim Order**" and the "**Final Order**,"

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

respectively), granting the relief described below.  In support thereof, the Debtors refer to the contemporaneously filed *Declaration of Jon Lowne in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* (the "**Lowne Declaration**") and further represent as follows:

### Jurisdiction and Venue

1.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.).  This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), the Debtors consent to entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Background

2.      On the date hereof (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  To date, the Office of the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") has not appointed a statutory committee of creditors in these chapter 11 cases, nor has the Court appointed a trustee or examiner therein.

3.      Contemporaneously herewith, the Debtors have filed a motion requesting joint administration of their chapter 11 cases pursuant to Bankruptcy Rule 1015(b).

4.      PPLP and its direct and indirect subsidiaries other than the Rhodes Debtors (defined below) (the "**Purdue Debtors**") primarily operate a branded pharmaceuticals business,

while Debtor Rhodes Associates L.P. and its direct and indirect subsidiaries (the "**Rhodes Debtors**") primarily develop and distribute generic pharmaceutical products and manufacture a range of active pharmaceutical ingredients.

5.      Additional information about the Debtors' businesses and the events leading up to the Petition Date can be found in the *Debtors' Informational Brief* filed contemporaneously herewith.

## Relief Requested

6.      By this Motion, and pursuant to Bankruptcy Code sections 105 and 366, Bankruptcy Rules 6003 and 6004 and Rule 9013-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), the Debtors seek entry of the Interim Order and the Final Order, substantially in the forms attached hereto (the "**Proposed Orders**"), (a) prohibiting the Debtors' utility providers (as that term is used in Bankruptcy Code section 366 and as described herein, the "**Utility Providers**") from altering, refusing or discontinuing service on account of pre-petition amounts outstanding or on account of any perceived inadequacy of the Debtors' proposed adequate assurance, (b) determining that the Utility Providers have been provided with adequate assurance of payment within the meaning of Bankruptcy Code section 366, (c) approving the Debtors' adequate assurance procedures as proposed herein and as set forth in the Proposed Orders (the "**Adequate Assurance Procedures**") and (d) determining that the Debtors are not required to provide any additional adequate assurance beyond what is proposed by this Motion and the Adequate Assurance Procedures.

## The Utility Services

7.      In connection with the operation of their business and management of their properties, the Debtors purchase utility services, including electricity, telecommunications, cable

and internet (collectively, "**Utility Services**") from the Utility Providers. Annexed as **Schedule 1** to each of the Proposed Orders is a list of Utility Providers (as may be supplemented from time to time, the "**Utilities List**")[2] that provide Utility Services to the Debtors as of the Petition Date. The relief requested herein is for all Utility Providers providing Utility Services to the Debtors, and is not limited to those listed on the Utilities List. The Debtors have made an extensive and good faith effort to identify all of the Utility Providers that provide Utility Services to them and to include such Utility Providers in the Utilities List. Nonetheless, the Debtors reserve the right to supplement the Utilities List by filing a notice at a later date with the Court, if necessary.

8.     During the past twelve (12) months, the Debtors paid an average of approximately $759,658[3] per month on account of Utility Services. To the best of the Debtors' knowledge, there are no material defaults or arrearages with respect to the Debtors' undisputed Utility Services invoices, other than payment interruptions that may be caused by the commencement of these chapter 11 cases.

## A.     Proposed Adequate Assurance Deposit

9.     The Debtors intend to pay all post-petition obligations owed to the Utilities in a timely manner. As of September 13, 2019, the Debtors had approximately $1.36 billion in cash, cash equivalents and short-term investments.

10.     To provide adequate assurance to the Utility Providers as required under Bankruptcy Code section 366(c), the Debtors propose to deposit a sum equal to two (2) weeks' worth of Utility Services, calculated as a historical average over the past twelve (12) months (the

---

[2] The listing of an entity on the Utility List is not an admission that such entity is a Utility Provider within the meaning of Bankruptcy Code section 366. The Debtors reserve the right to contest any such characterization at any time in the future.

[3] Based on the 12 months ended June 30, 2019.

"**Adequate Assurance Deposit**").[4]  As of the Petition Date, the Debtors estimate the Adequate

Assurance Deposit will total approximately $350,611.[5]  The portion of the Adequate Assurance

Deposit applicable to each Utility Provider will be placed in a dormant account of the Debtors

that is not being used for operations (the "**Utility Deposit Account**").  The Debtors will not use

the Utility Deposit Account for any purpose other than holding the Adequate Assurance Deposit.

The Adequate Assurance Deposit will be held by the Debtors in the Utility Deposit Account until

the earlier of (a) the Debtors' termination of Utility Services from such Utility Provider or (b) the

conclusion of these chapter 11 cases, if not applied earlier.

11.     The Debtors will deposit the Adequate Assurance Deposit in the Utility Deposit

Account within twenty (20) calendar days of entry of the Interim Order approving the relief

requested in this Motion.  The amount allocated for, and payable to, each Utility Provider shall

be equal to the amount set forth on the Utilities List as to each Utility Provider or as otherwise

agreed.

12.     The portion of the Adequate Assurance Deposit attributable to each Utility shall

be returned to the Debtors upon the effective date of a chapter 11 plan for the Debtors.

Additionally, if the Debtors terminate any of the Utility Services provided by a Utility, the

Debtors request that they immediately be permitted to reduce the Adequate Assurance Deposit to

reflect the termination of such Utility Services.

13.     The Debtors submit that the Adequate Assurance Deposit, in conjunction with the

Debtors' ability to pay for future Utility Services in the ordinary course of business, constitutes

---

[4] Section 366(c)(1)(A) of the Bankruptcy Code defines "assurance of payment" to mean, among other things, a cash
deposit.

[5] Based on the 12 months ended June 30, 2019.

sufficient adequate assurance to each of the Utility Providers (collectively, the "**Proposed Adequate Assurance**").

## B.      Proposed Adequate Assurance Procedures

14.      Notwithstanding the Proposed Adequate Assurance, if any Utility Provider believes additional assurance is required, it may request such additional assurance solely pursuant to the Adequate Assurance Procedures:

(a)      The Debtors or their advisors will provide a copy of this Motion (including the proposed Final Order) and the order approving the relief requested in this Motion to each of the Utility Providers listed on the Utilities List within two (2) business days after entry of such order by the Court.

(b)      If a Utility Provider is not satisfied with the Proposed Adequate Assurance, it must serve a written request (a "**Request**") upon: (i) the Debtors, One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901 (Attn: Jon Lowne); and (ii) proposed counsel to the Debtors, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, NY 10017 (Attn: Marshall S. Huebner, Benjamin S. Kaminetzky, Timothy Graulich and Eli J. Vonnegut).  The Request must set forth (w) the location(s) for which Utility Services are provided, (x) the account number(s) for such location(s), (y) the outstanding balance for each account and (z) an explanation of why the Utility Provider believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

(c)      If the Debtors determine, in their sole discretion, that a Request is reasonable including as such Request may have been modified following negotiation, the Debtors, without further order of the Court, may enter into agreements granting additional adequate assurance to the Utility Provider serving such Request and, in connection with such agreements, provide the Utility Provider with additional adequate assurance of payment, including payments on pre-petition amounts owing, cash deposits, prepayments or other forms of security.

(d)      If the Debtors, in their sole discretion, determine that a Request is unreasonable, then they promptly shall negotiate with the requesting party and if unable to reach a prompt resolution to the Request, set the matter for hearing at the next regularly scheduled omnibus hearing date in the case.  Pending the hearing, the Utility Provider that is the subject of the unresolved Request may not alter, refuse or discontinue services to the Debtors.

(e)      Absent compliance with the procedures set forth in the Motion and this Order, the Debtors' Utility Providers are prohibited from altering, refusing or discontinuing service on account of any unpaid pre-petition charges and are deemed to

have received adequate assurance of payment in compliance with Bankruptcy Code section 366.

**C.      Proposed Procedures to Supplement the Utilities List**

15.      Although the Debtors have made a good faith effort to identify all of the Utility Providers that currently provide Utility Services to the Debtors, it is possible that some Utility Providers may not be listed on the Utilities List.  For any additional Utility Providers that the Debtors identify, the Debtors will (a) file a supplemental notice with the Court (the "**Supplemental Notice**"), (b) serve a copy of this Motion, the signed order granting the Motion and the Supplemental Notice, by first-class mail on all Utility Providers listed in such Supplemental Notice and (c) post the Supplemental Notice on the Debtors' case information website located at https://restructuring.primeclerk.com/purduepharma.  In addition, the Debtors will increase the Adequate Assurance Deposit in an aggregate amount equal to two (2) weeks of Utility Services provided by such additional Utility Provider, calculated using the Debtors' historical average for such payments over the past twelve (12) months.  The Debtors request that the interim and final orders approving the relief requested in this Motion be binding on all Utility Providers, regardless of whether or when such Utility Provider was added to the Utilities List by Supplemental Notice.

16.      Finally, the Debtors request that the Proposed Orders provide that the Debtors may terminate the services of any Utility Provider by providing written notice (a "**Termination Notice**") to the Utility Provider.  Upon receipt of a Termination Notice by a Utility Provider, the Debtors propose that they be permitted immediately to reduce the Adequate Assurance Deposit for such Utility Provider.

### Basis for Relief

17.     Uninterrupted Utility Services are essential to the Debtors' ongoing operations, and, therefore, maximizing the value of the Debtors' estates.   The Debtors operate businesses that are supported by a corporate office located in Stamford, Connecticut, which depends on reliable delivery of power and other Utility Services.   Should any Utility Provider alter, refuse or discontinue service, even for a brief period, the Debtors' operations could be severely disrupted, resulting in immediate and irreparable harm to the Debtors' business operations and jeopardizing the value of the Debtors' assets.

18.     The relief requested herein will ensure that the Debtors' operations will not be disrupted.   Furthermore, the relief requested provides the Utility Providers with a fair and orderly procedure for addressing requests for additional or different adequate assurance.   Without the Adequate Assurance Procedures, the Debtors could be forced to address numerous requests by the Utility Providers in a disorganized manner at a critical period in these chapter 11 cases and during a time when the Debtors' efforts could be more productively focused on the continuation of the Debtors' operations for the benefit of all parties in interest.

19.     Bankruptcy Code Section 366 protects a debtor against the immediate termination of utility services after commencing its case.   Under that section, a utility company may not, during the first thirty (30) days of a chapter 11 case, alter, refuse or discontinue services to, or discriminate against, a debtor solely on the basis of the commencement of the case or the failure of the debtor to pay a pre-petition debt.   11 U.S.C. § 366.[6]   A utility company may, however,

---

[6] Bankruptcy Code Section 366 applies to entities that are traditionally viewed as utilities, such as those that provide electricity, telephone service or water, and to any entity that supplies services that cannot be readily obtained or replaced elsewhere, or which constitutes a monopoly with respect to the services that it provides to the debtor.  *See, e.g., One Stop Realtour Place, Inc. v. Allegiance Telecom of Pa., Inc.* (*In re One Stop Realtour Place, Inc.*), 268 B.R. 430, 436-37 (Bankr. E.D. Pa. 2001) (provider of telephone service is a utility regardless of whether telephone service may be available from another provider); *In re Coastal Dry Dock & Repair Corp.*, 62 B.R. 879, 883 (Bankr. E.D.N.Y. 1986) (landlord of the Brooklyn Navy Yard "occupies a special position with respect to the debtor in its

alter, refuse or discontinue service following such thirty (30) day period, if the debtor does not provide "adequate assurance" of payment for post-petition services in a form "satisfactory" to the utility company, subject to the Court's review and approval.  Pursuant to Bankruptcy Code section 366(c)(3)(B), in determining whether an assurance of payment is adequate, the Court may not consider (a) the absence of security before the petition date, (b) the debtor's history of timely payments or (c) the availability of an administrative expense priority.

20.     While the Bankruptcy Code provides guidance as to the required nature of adequate assurance, the Court retains the discretion to determine the amount of adequate assurance necessary or to change the fundamental requirement that assurance of payment must simply be adequate.  *Compare* 11 U.S.C. § 366(b) ("On request of a party in interest and after notice and a hearing, the court may order reasonable modification of the amount of the deposit or other security necessary to provide adequate assurance of payment.") *with* § 366 (c)(3)(A) ("On request of a party in interest and after notice and a hearing, the court may order modification of the amount of an assurance payment under paragraph (2) [which is governed by an adequacy standard].");  *see also In re Circuit City, Inc.*, Case No. 08-35653 (KRH), 2009 Bankr. LEXIS 237, at *15-*16 (Bankr. E.D. Va. Jan. 14, 2009) (finding that determinations of adequate assurance remain within the Court's discretion).

21.     Courts construing Bankruptcy Code section 366(b) have long recognized that in determining adequate assurance, the Court is not required to give the Utility Providers the equivalent of a guaranty of payment, but must only determine that the utility is not subject to an

---

role as the [debtor's] utility supplier" (internal quotation marks omitted)).  Despite the wide latitude afforded in determining those entities that constitute utilities under Bankruptcy Code section 366, some of the companies listed on the Utilities List may also provide goods or services to the Debtors in a capacity other than that of a utility.  With respect to any such goods or services, such companies are not entitled to adequate assurance under Bankruptcy Code section 366.  Moreover, the Debtors are not foreclosed from taking the position that any of the entities listed on the Utilities List are not utilities within the meaning of Bankruptcy Code section 366.

unreasonable risk of nonpayment for post-petition services. *In re Santa Clara Circuits West, Inc.*, 27 B.R. 680, 685 (Bankr. D. Utah 1982) ("[A]dequate assurance of payment does not mean guaranty of payment; but the Court must find that the utility is not subject to an unreasonable risk of future loss.") *quoting In re George C. Frye Co.*, 7 B.R. 856, 858 (Bankr. D. Me. 1980); *see also In re Circuit City, Inc.*, 2009 Bankr. LEXIS 237, at * 13 ("A debtor need not provide utility companies an absolute guarantee of payment."); *accord Long Island Lighting Co. v. The Great Atl. & Pac. Tea Co.* (*In re The Great Atl. & Pac. Tea Co.*), Case No. 11-CV-1338 (CS), 2011 U.S. Dist. LEXIS 131621, at *18 (Bankr. S.D.N.Y. Nov. 14, 2011); *S. Cal. Edison Co. v. Crystal Cathedral Ministries* (*In re Crystal Cathedral Ministries*), 454 B.R. 124, 131 (Bankr. C.D. Cal. 2011); *In re New Rochelle Tel. Corp.*, 397 B.R. 633, 639 (Bankr. E.D.N.Y. 2008); *Steinebach v. Tucson Electric Power Corp.* (*In re Steinebach*), 303 B.R. 634, 641 (Bankr. D. Ariz. 2004); *In re Adelphia Bus. Solutions, Inc.*, 280 B.R. 63, 80 (Bankr. S.D.N.Y. 2002). Historically, whether a utility is subject to an unreasonable risk of nonpayment must be determined from the facts and circumstances of each case. *See In re Santa Clara Circuits West*, 27 B.R. at 685; *see also In re Adelphia Bus. Solutions, Inc.*, 280 B.R. at 80; *accord Long Island Lighting Co.*, 2011 U.S. Dist. LEXIS 131621, at *18; *Mass. Elec. Co. v. Keydata Corp.* (*In re Keydata Corp.*), 12 B.R. 156, 158 (Bankr. D. Mass. 1981). While Bankruptcy Code section 366(c) limits the factors a court may consider, determinations of adequate assurance remain within the Court's discretion. *Cf. Long Island Lighting Co.*, 2011 U.S. Dist. LEXIS 131621, at *20; *Steinebach*, 303 B.R. at 642; *In re Adelphia Bus. Solutions*, *Inc.*, 280 B.R. at 80; *Marion Steel Co. v. Edison Co.* (*In re Marion Steel Co.*), 35 B.R. 188, 195 (Bankr. D. Ohio 1983).

22.    Here, the Debtors believe that the Utility Providers have "adequate assurance of payment" even without the proposed Adequate Assurance Deposit. The Debtors have no secured

debt and significant unencumbered cash on hand, which will enable them to pay their operating costs, including any utility costs, as they come due. The Debtors, thus, anticipate having sufficient resources to pay, and intend to pay, any and all valid post-petition obligations for Utility Services in a timely manner.

23.    In addition, the Debtors' reliance on Utility Services for the operation of their businesses provides them with a powerful incentive to stay current on their utility obligations. These factors, which the Court may (and should) consider when determining the amount of any adequate assurance payments, justify a finding that no adequate assurance payments are required in the chapter 11 cases. Indeed, the Debtors respectfully submit that the Proposed Adequate Assurance is more than sufficient to assure the Utility Providers of future payment.

24.    Notwithstanding the foregoing, the Debtors believe that the Proposed Adequate Assurance and the Adequate Assurance Procedures are reasonable, satisfy the requirements of Bankruptcy Code section 366 and are necessary for the Debtors to carry out their reorganization efforts. If they are not approved, the Debtors could be forced to address payment requests by any Utility Provider in a disorganized manner, which would distract management from focusing on the Debtors' reorganization. Moreover, on the thirtieth (30th) day following the Petition Date, the Debtors could be surprised by a Utility Provider unilaterally (a) deciding that it is not adequately protected, (b) discontinuing service or (c) making an exorbitant demand for payment to continue service. Such discontinuation of Utility Service could put the Debtors' reorganization efforts in jeopardy.

25.    In addition, Bankruptcy Code section 105(a) provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." The proposed Adequate Assurance Procedures are necessary for the Debtors to carry out

their restructuring efforts. If the Court does not approve the proposed Adequate Assurance Procedures, the Debtors could be forced to address requests from Utility Providers in a disorganized manner at a critical point in their restructuring efforts.

26.    Preserving Utility Services on an uninterrupted basis is essential to the Debtors' ongoing operations and the Debtors' reorganization. Indeed, any interruption in Utility Services, even for a brief period of time, would immediately and irreparably harm the Debtors' businesses. It is imperative that the Utility Providers continue to provide their Utility Services without interruption.

27.    The relief requested in this Motion, including the Adequate Assurance Procedures proposed herein, is similar to the relief granted in this district in recent chapter 11 cases. *See, e.g.*, *In re Synergy Pharmaceuticals Inc.,* Case No. 18-14010 (JLG) (Bankr. S.D.N.Y. Jan. 24, 2019); *In re Sears Holding Corp.*, Case No. 18-23538 (RDD) (Bankr. S.D.N.Y. Nov. 2, 2018); *In re Cumulus Media, Inc.*, Case No. 17-13381 (SCC) (Bankr. S.D.N.Y. Dec. 21, 2017); *In re 21st Century Oncology Holdings, Inc.*, Case No. 17-22770 (RDD) (Bankr. S.D.N.Y. June 20, 2017); *In re DACCO Transmission Parts (NY), Inc.*, Case No. 16-13245 (MKV) (Bankr. S.D.N.Y. Dec. 22, 2016); *In re Fairway Grp. Holdings, Corp.*, Case No. 16-11241 (MEW) (Bankr. S.D.N.Y. June 1, 2016); *In re SunEdison, Inc.*, Case No. 16-10992 (SMB) (Bankr. S.D.N.Y. May 12, 2016).

28.    Based on the foregoing, the Debtors submit that the relief requested herein is in the best interests of the Debtors' estates and their creditors, is in keeping with the spirit and intent of Bankruptcy Code section 366 and is not prejudicial to the rights of any Utility Provider.

## Debtors Have Satisfied Bankruptcy Rule 6003(b)

29.     Bankruptcy Rule 6003(b) provides that, to the extent relief is necessary to avoid immediate and irreparable harm, a bankruptcy court may issue an order granting "a motion to use, sell, lease, or otherwise incur an obligation regarding property of the estate, including a motion to pay all or part of a claim that arose before the filing of the petition" within twenty-one (21) days of filing a petition.  Irreparable harm "is a continuing harm which cannot be adequately redressed by final relief on the merits and for which money damages cannot provide adequate compensation." *Kamerling v. Massanari*, 295 F.3d 206, 214 (2d Cir. 2002) (internal quotations omitted).  The "harm must be shown to be actual and imminent, not remote or speculative." *Id.*

30.     As discussed above, it is essential that the Debtors are assured immediate and continuous access to the Utility Providers' services.  Any disruption in the Debtors' ability to obtain those services may result in an immediate interruption or diminution in the Debtors' business operations to the detriment of their estates and all parties in interest in these chapter 11 cases.  Accordingly, the Debtors respectfully submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and seek authority to pay the Adequate Assurance Deposit into the Utility Deposit Account.

## Request for Waiver of Stay

31.     To implement the foregoing successfully, the Debtors request that the Court find that notice of the Motion is adequate under Bankruptcy Rule 6004(a) and waive the fourteen (14) day stay of an order authorizing the use, sale or lease of property under Bankruptcy Rule 6004(h).  As explained above and in the Lowne Declaration, the relief requested herein is necessary to avoid immediate and irreparable harm to the Debtors.  Accordingly, ample cause exists to find the notice requirements of Bankruptcy Rule 6004(a) have been satisfied and to

grant a waiver of the fourteen (14) day stay imposed by Bankruptcy Rule 6004(h), to the extent the notice requirement and stay apply.

## Notice

32.    Notice of this Motion will be provided to: (a) the U.S. Trustee; (b) each of the Debtors' fifty largest unsecured creditors on a consolidated basis; (c) each of the Debtors' three largest secured creditors on a consolidated basis; (d) the Internal Revenue Service; (e) the United States Department of Justice; (f) the United States Attorney's Office for the Southern District of New York; (g) the attorneys general for all fifty states and the District of Columbia; (h) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (i) the Utilities listed on the Utilities List (collectively, the "**Notice Parties**").  Based on the urgency of the circumstances surrounding this Motion and the nature of the relief requested herein, the Debtors respectfully submit that no further notice is required.

## Reservation of Rights

33.    Nothing contained herein or any action taken pursuant to such relief is intended or shall be construed as (a) an admission as to the validity or priority of any claim against the Debtors; (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for or validity of any claim against the Debtors; (c) a waiver of any claims or causes of action which may exist against any creditor or interest holders; or (d) an approval, assumption, adoption or rejection of any agreement, contract, lease, program or policy between the Debtors and any third party under section 365 of the Bankruptcy Code.  Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended to be and should not be construed as an admission as to the validity or priority of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

## **No Previous Request**

34.    No previous request for the relief sought herein has been made by the Debtors to this or any other court.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Orders, substantially in the forms attached hereto, granting the relief requested herein and such other and further relief as the Court deems just and proper.

Dated:   September 15, 2019
         New York, New York

DAVIS POLK & WARDWELL LLP

By:   /s/ *Eli J. Vonnegut*

450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile:  (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut

*Proposed Counsel to the Debtors*
*and Debtors in Possession*

**<u>Exhibit A</u>**

**Proposed Interim Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.**, *et al.*, | Case No. 19-[    ](RDD) |
| Debtors. [1] | (Joint Administration Pending) |

## INTERIM ORDER (I) PROHIBITING UTILITIES FROM ALTERING, REFUSING OR DISCONTINUING SERVICE, (II) DEEMING UTILITIES ADEQUATELY ASSURED OF FUTURE PERFORMANCE AND (III) ESTABLISHING PROCEDURES FOR DETERMINING REQUESTS FOR ADDITIONAL ADEQUATE ASSURANCE

Upon the motion (the "**Motion**")[2] of Purdue Pharma L.P. and its affiliates that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**") for entry of an interim order (this "**Order**") and a final order prohibiting utilities from altering, refusing or discontinuing service, deeming utilities adequately assured of future performance and establishing procedures for determining requests for additional adequate assurance; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to such term in the Motion.

the Notice Parties, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion and held a hearing to consider the relief requested in the Motion on an interim basis (the "**Hearing**"); and upon the Lowne Declaration filed contemporaneously with the Motion, and the record of the Hearing; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and the Court having determined that immediate relief is necessary to avoid irreparable harm to the Debtors and their estates as contemplated by Bankruptcy Rule 6003(b) and is in the best interests of the Debtors, their estates, creditors and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor;

### IT IS HEREBY ORDERED THAT

1.      The Motion is granted on an interim basis as set forth herein.

2.      Until such time that the final order is entered by the Court, except in accordance with the procedures set forth below, all Utility Providers are (a) prohibited from altering, refusing or discontinuing Utility Services to the Debtors on account of any unpaid pre-petition charges or the commencement of the chapter 11 cases and (b) prohibited from discriminating against the Debtors, or requiring payment of a deposit or receipt of any other security for continued service as a result of the Debtors' bankruptcy filing or any outstanding pre-petition invoices other than the procedures established herein.

3.      Within twenty (20) days of the Petition Date, the Debtors shall deposit a sum of $350,611 (the "**Adequate Assurance Deposit**") into a bank account established by the Debtors, or a current dormant bank account that has been previously established (the "**Utility Deposit Account**"), for the purpose of providing the Utility Providers with adequate

assurance of their post-petition services to the Debtors.  The Utility Deposit Account may be either interest-bearing or non-interest-bearing at the Debtors' election.

4.      The Utility Deposit Account shall be maintained with a minimum balance of $350,611, which may be adjusted by the Debtors (a) to account for the addition or removal of a Utility Provider from the Debtors' list of Utility Providers attached hereto as **Schedule 1**, as may be amended or modified in accordance with the procedures set forth herein regardless of any Request (as defined below) and (b) in accordance with the terms of any agreement between the Debtors and the affected Utility Provider.

5.      The Adequate Assurance Deposit (a) demonstrates the Debtors' ability to pay for future Utility Services in the ordinary course of business and (b) constitutes adequate assurance of future performance to each of the Utility Providers (collectively, the "**Proposed Adequate Assurance**").

6.      The Debtors are authorized to pay on a timely basis, in accordance with their pre-petition practices, all undisputed invoices for Utility Services rendered by Utility Providers to the Debtors after the Petition Date.

7.      The portion of the Adequate Assurance Deposit attributable to each Utility Provider shall be returned to the Debtors, without further Court order, on the earlier of (a) the reconciliation and payment by the Debtors of the Utility Provider's final invoice in accordance with applicable non-bankruptcy law following the Debtors' termination of Utility Services from such Utility Provider or (b) the effective date of any chapter 11 plan confirmed in these chapter 11 cases; *provided*, *however*, that there are no outstanding disputes related to post-petition payments due.

8.      The Debtors' Utility Providers are prohibited from requiring additional adequate assurance of payment other than in accordance with the following procedures (the "**Adequate Assurance Procedures**"):

(a)      The Debtors or their advisors shall provide a copy of this Motion (including the proposed final order) and the order approving the relief requested in this Motion to each of the Utility Providers listed on the Utilities List within two (2) business days after entry of such order by the Court by way of postage prepaid, first-class regular mail.

(b)      If a Utility Provider is not satisfied with the Proposed Adequate Assurance, it must serve a written request (a "**Request**") upon: (i) the Debtors, One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901 (Attn: Jon Lowne); and (ii) proposed counsel to the Debtors, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, NY 10017 (Attn: Marshall S. Huebner, Benjamin S. Kaminetzky, Timothy Graulich and Eli J. Vonnegut). The Request must set forth (w) the location(s) for which Utility Services are provided, (x) the account number(s) for such location(s), (y) the outstanding balance for each account and (z) an explanation of why the Utility Provider believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

(c)      If the Debtors determine, in their sole discretion, that a Request or any consensual agreement reached in connection therewith is reasonable, the Debtors, without further order of the Court, may enter into agreements granting additional adequate assurance to the Utility Provider serving such Request and, in connection with such agreements, provide the Utility Provider with additional adequate assurance of payment, including payments on pre-petition amounts owing, cash deposits, prepayments or other forms of security, with notice to the Office of the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") and any counsel to any official committee appointed in these chapter 11 cases within fifteen (15) days.

(d)      If the Debtors, in their sole discretion, determine that a Request is unreasonable, then they promptly shall negotiate with the requesting party and if unable to reach a prompt resolution to the Request, set the matter for hearing at the next regularly scheduled omnibus hearing date in the case. Pending the hearing, the Utility Provider that is the subject of the unresolved Request may not alter, refuse or discontinue services to the Debtors.

(e)      Absent compliance with the procedures set forth in the Motion and this Order, the Debtors' Utility Providers are prohibited from altering, refusing or discontinuing service on account of any unpaid pre-petition charges and are deemed to have received adequate assurance of payment in compliance with Bankruptcy Code section 366.

9.      The Utility Providers have been provided with adequate assurance of payment within the meaning of Bankruptcy Code section 366; the Adequate Assurance Procedures as proposed are hereby approved; the Utility Providers are prohibited from altering, refusing or discontinuing Utility Services on account of pre-petition amounts outstanding and on account of any perceived inadequacy of the Adequate Assurance Procedures; and the Debtors are not required to provide any additional adequate assurance beyond what is stated in this Order.

10.      Utility Providers shall be deemed to have adequate assurance of payment within the meaning of Bankruptcy Code section 366 unless and until (a) the Debtors, in their sole discretion, agree to an alternative assurance of payment with the Utility Provider or (b) the Court enters an order requiring that additional adequate assurance of payment be provided.

11.      The Debtors are authorized to amend the Utilities List, attached hereto as **Schedule 1**, in their sole discretion, to add any subsequently identified Utility Provider.  This Order shall be deemed to apply to any such Utility Provider regardless of when such Utility Provider may be added to the Utilities List.  If the Debtors amend the Utilities List subsequent to the filing of the Motion, the Debtors shall (a) file a supplemental notice with the Court (the "**Supplemental Notice**"), (b) serve a copy of this Motion, the signed order granting the Motion and the Supplemental Notice, by first-class mail on all Utility Providers listed in such Supplemental Notice and (c) post the Supplemental Notice on the Debtors' case information website located at https://restructuring.primeclerk.com/purduepharma.  If a Request is made, the Debtors and the Utility Provider making the Request shall be bound by the Adequate Assurance Procedures set forth herein, as applicable.

12.      The Request must actually be received by the (a) Debtors' proposed counsel, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, NY 10017 (Attn: Marshall S.

Huebner, Benjamin S. Kaminetzky, Timothy Graulich and Eli J. Vonnegut) and (b) counsel to the official committee of unsecured creditors (if any).

13.     In the event an additional Utility Provider is added to the Utilities List, the Debtors shall increase the amount of the Adequate Assurance Deposit by an amount equal to two (2) weeks of Utility Services provided by such additional Utility Provider, calculated using the Debtors' historical average for such payments over the past twelve (12) months.

14.     The Debtors may terminate the services of any Utility Provider by providing written notice (a "**Termination Notice**") to the Utility Provider.

15.     The Debtors may reduce the Adequate Assurance Deposit by the amount held on account of such terminated Utility Service upon payment of any final bill; *provided*, *however*, that there are no outstanding disputes related to post-petition payments due.  To the extent the Debtors issue a Termination Notice or the services provided by the Utility Provider are otherwise terminated, any deposit held by such Utility Provider must be returned to the Debtors in accordance with the procedures of applicable non-bankruptcy law, and the Debtors may reduce the Adequate Assurance Deposit attributable to such Utility Provider accordingly.

16.      The Debtors may amend the Utilities List to delete a Utility Provider only if the Debtors have provided two (2) weeks' advance notice to such Utility Provider, in writing, and have not received any objection from such Utility Provider.  If an objection is received, the Debtors may request a hearing before the Court at the next omnibus hearing date, or such other date that the Debtors and the Utility Provider may agree.

17.     Nothing herein constitutes a finding that any entity is or is not a Utility Provider hereunder or under Bankruptcy Code section 366, whether or not such entity is included in the Utilities List, and the Debtors retain the right to dispute whether any of the entities now or

hereafter listed on **Schedule 1** attached hereto are or are not "utilities" within the meaning of Bankruptcy Code section 366.

18.     Any Utility Provider that does not make a Request or otherwise comply with the Adequate Assurance Procedures shall be prohibited from altering, refusing or discontinuing Utility Services, including as a result of the Debtors' failure to pay charges for pre-petition Utility Services or to provide adequate assurance of payment in addition to the Proposed Adequate Assurance.

19.     Nothing in this Order or any action taken by the Debtors in furtherance of the implementation hereof shall be deemed to constitute an assumption or rejection of any executory contract or unexpired lease pursuant to Bankruptcy Code section 365, and all of the Debtors' rights with respect to such matters are expressly reserved.

20.     Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall (a) create, nor is it intended to create, any rights in favor of, or enhance the status of any claim held by any person or entity or (b) be deemed to convert the priority of any claim from a pre-petition claim into an administrative expense claim.

21.     Nothing in this Order nor the Debtors' payment of claims pursuant to this Order shall be construed as (a) an agreement or admission by the Debtors as to the validity of any claim on any grounds, (b) a waiver or impairment of any Debtors' rights to dispute any claims on any grounds, (c) a promise by the Debtors to pay any claim or (d) an implication or admission by the Debtors that such claim is payable pursuant to this Order.

22.     The Final Hearing shall be held on _____, 2019, at _____ (Prevailing Eastern Time).  Any objections or responses to the entry of the Final Order shall be: (a) filed with the Court and (b) served upon and actually received by (i) the Office of the United States Trustee,

U.S. Federal Office Building, 201 Varick Street, Room 1006, New York, NY 10014 (Attn: Paul K. Schwartzberg), (ii) proposed counsel to the Debtors, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, NY 10017 (Attn: Marshall S. Huebner, Benjamin S. Kaminetzky, Timothy Graulich and Eli J. Vonnegut) and (iii) counsel to any official committee then appointed in these chapter 11 cases, so as to be received by 4:00 p.m. (Prevailing Eastern Time) seven (7) days before the Final Hearing.  A reply to an objection may be filed with the Court and served on or before 12:00 p.m. (prevailing Eastern Time) on the day that is at least two (2) business days before the date of the applicable hearing. If no objections or responses are filed and served, this Court may enter the Final Order without further notice or hearing.

23.    If no objections are timely filed and served as set forth herein, the Debtors shall, on or after the Objection Deadline, submit to the Court a final order substantially in the form of this Order, which order shall be submitted and may be entered with no further notice or opportunity to be heard afforded any party, and the Motion shall be approved *nunc pro tunc* to the date of the commencement of these chapter 11 cases.

24.    The requirements of Bankruptcy Rule 6003 are satisfied by the contents of the Motion.

25.    The contents of the Motion and the notice procedures set forth therein are good and sufficient notice and satisfy the Bankruptcy Rules and the Local Rules, and no other or further notice of the Motion or the entry of this Order shall be required.

26.    Any Bankruptcy Rule (including, but not limited to, Bankruptcy Rule 6004(h)) or Local Rule that might otherwise delay the effectiveness of this Order is hereby waived, and the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

27.    The Debtors are authorized to take all such actions as are necessary or appropriate to implement the relief granted in this Order.

28.    The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and enforcement of this Order.

White Plains, New York
Dated: _____, 2019

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

## Schedule 1

### Utility Providers

| Utility Servicer | Utility Account Number | Utility Provided | Utility Servicer Address | Adequate Assurance Deposit |
|---|---|---|---|---|
| LiveMessage | 123-5107-561 | Telephone | 365 Willard Ave Ste 2A Hartford, CT 06111 | $20 |
| Aquarion Water Company of CT | 200392220 | Water | P.O. Box 10010 Lewiston, ME 04243 | $0 |
| Aquarion Water Company of CT | 600000001 | Water | P.O. Box 10010 Lewiston, ME 04243 | $0 |
| Aquarion Water Company of CT | 200094459 | Water | P.O. Box 10010 Lewiston, ME 04243 | $11 |
| Aquarion Water Company of CT | 200094467 | Water | P.O. Box 10010 Lewiston, ME 04243 | $62 |
| Aquarion Water Company of CT | 200392220 | Water | P.O. Box 10010 Lewiston, ME 04243 | $0 |
| AT&T | 831 000 7200 578 | Telephone | P.O. Box 5019 Carol Stream, IL 60197 | $2,637 |
| AT&T | 800 3111 8542 | Telephone | P.O. Box 5019 Carol Stream, IL 60197 | $1,341 |
| AT&T | 831 000 7200 976 | Telephone | P.O. Box 5019 Carol Stream, IL 60197 | $1,183 |
| AT&T | 056 575 5100 001 | Telephone | P.O. Box 105068 Atlanta, GA 30348 | $25 |
| AT&T | 540 250 144 001 | Telephone | P.O. Box 105068 Atlanta, GA 30348 | $0 |
| Cablevision Lightpath Inc | 25147 | Telephone | P.O. Box 360111 Pittsburgh, PA 15251 | $3,325 |
| Cablevision Lightpath Inc | 47036 | Telephone | P.O. Box 360111 Pittsburgh, PA 15251 | $304 |
| CenturyLink | 86392273 | Cable | P.O. Box 52187 Phoenix, AZ 85072 | $2,829 |
| CenturyLink | 307473545 | Cable | P.O. Box 4300 Carol Stream, IL 60197 | $604 |
| City Of Durham | 247265725749 | Water & Sewer | 101 City Hall Pl Durham, NC 27701 | $5,405 |
| City Of Wilson | 14337-84454 | Gas | P.O. Box 2407 Wilson, NC 27894 | $12,126 |
| City Of Wilson | 14337-72430 | Water | Wilson Energy Collection Div. Wilson, NC 27894 | $5,884 |
| City Of Wilson | 14337-44174 | Electric, Gas, Water & Waste Water | Wilson Energy Collection Div. Wilson, NC 27894 | $1,814 |
| City Of Wilson | 14337-61862 | Light Unit, Sprinkler & Stormwater | Wilson Energy Collection Div. Wilson, NC 27894 | $1,659 |

| Utility Servicer | Utility Account Number | Utility Provided | Utility Servicer Address | Adequate Assurance Deposit |
|---|---|---|---|---|
| City Of Wilson | 14337-74238 | Electric | Collection Division Wilson, NC 27894 | $17 |
| City Of Wilson | 14337-75006 | Electric | Collection Division Wilson, NC 27894 | $31,203 |
| Clean Harbors Inc | RH0227 | Waste Treatment | P.O. Box 3442 Boston, MA 02241 | $10,189 |
| Comcast | 8499050900161569 | Cable, Internet, & Phone | P.O. Box 70219 Philadelphia, PA 19176 | $107 |
| Comcast | 8299700016330811 | Cable, Internet, & Phone | P.O. Box 70219 Philadelphia, PA 19176 | $34 |
| Comcast | 8499050900162088 | Internet | P.O. Box 70219 Philadelphia, PA 19176 | $39 |
| Comcast | 8499052470024706 | Cable, Internet, & Phone | P.O. Box 1577 Newark, NJ 07101 | $52 |
| Con Edison | 44-2023-1752-3001-8 | Electric | 4 Irving Place, Suite 2 New York, NY 10003 | $30 |
| Cox Business | 001-6610-310087601 | Telephone | Dept. 781104 P.O. Box 78000 Detroit, MI 48278 | $43 |
| Crystal Rock / DS Services of America, Inc | 773629117751683 | Filtered Water | P.O. Box 660579 Dallas, TX 75266 | $159 |
| Crystal Rock / DS Services of America, Inc | 779415917880358 | Filtered Water | P.O. Box 660579 Dallas, TX 75266 | $35 |
| Danox Environmental Services Inc | n/a | Waste Treatment | P.O. Box 1429 Suwanee, GA 30024 | $25,295 |
| Direct Energy Business | 190530037531166 | Electric | P.O. Box 70220 Philadelphia, PA 19176 | $52,514 |
| Direct Energy Services LLC | 716765-67292 | Gas | P.O. Box 32179 New York, NY 10087 | $17,667 |
| Duke Energy | 1846238647 | Electric | P.O. Box 70516 Charlotte, NC 28272-0516 | $14,615 |
| Earthlink | 136312050101190 | Internet | P.O. Box 2252 Birmingham, AL 35246 | $738 |
| Earthlink Business Company | 5100300 | Telephone | P.O. Box 88104 Chicago, IL 60680 | $88 |
| Eversource Energy / CL&P | 51362857096 | Electric | P.O. Box 56002 Boston, MA 02205 | $130 |
| Eversource Energy / CL&P | 51504762006 | Electric | P.O. Box 56002 Boston, MA 02205 | $638 |
| Eversource Energy / Yankee Gas | 57029957032 | Gas | Po Box 56004 Boston, MA 02205 | $43 |
| Eversource Energy / Yankee Gas | 57184800035 | Gas | Po Box 56004 Boston, MA 02205 | $113 |
| Eversource Energy / Yankee Gas | 57918800061 | Gas | P O Box 56004 Boston, MA 02205 | $386 |
| Frontier | 203-196-3204-121318-5 | Internet | P.O. Box 740407 Cincinnati, OH 45274 | $345 |
| Frontier Communications | 919-189-0016-030816-5 | Internet | P.O. Box 740407 Cincinnati, OH 45274 | $2,815 |

| Utility Servicer | Utility Account Number | Utility Provided | Utility Servicer Address | Adequate Assurance Deposit |
|---|---|---|---|---|
| Frontier Communications | 203-452-0100-101889-5 | Telephone | P.O. Box 740407 Cincinnati, OH 45274 | $2,453 |
| Frontier Communications | 203-324-4118-100813-5 | Telephone | P.O. Box 20550 Rochester, NY 14602 | $327 |
| Heritage Environmental Services | 1860103302 | Waste Treatment | 7901 West Morris St. Indianapolis, IN 46231 | $20,622 |
| Hocon Industrial Gas | 31941 | Propane & Helium | 86 Payne Rd. Danbury, CT 06810 | $38 |
| IPASS | 1005019 | Electronic Toll Pass | Box 200152 Pittsburgh, PA 15251 | $471 |
| Kent County Water Authority | 117315 | Water | P.O. Box 9901 Providence, RI 02940-4001 | $2,651 |
| Kent County Water Authority | 117314 | Water | P.O. Box 9901 Providence, RI 02940-4001 | $275 |
| Kent County Water Authority | 115435 | Water | P.O. Box 192 West Warwick, RI 02893 | $0 |
| Kent County Water Authority | 111483 | Water | P.O. Box 192 West Warwick, RI 02893 | $19 |
| Lavoie & Son Industrial | n/a | Waste | 41 Diane Dr. Coventry, RI 02816 | $1,171 |
| Masergy Communications Inc | MCOO1131 | Internet | P.O. Box 733938 Dallas, TX 75373 | $6,222 |
| National Grid | 89489-40027 | Electric | P.O. Box 11739 Newark, NJ 07101 | $14 |
| National Grid | 45347-15023 | Electric | P.O. Box 11739 Newark, NJ 07101 | $282 |
| National Grid | 02336-00023 | Electric | P.O. Box 11739 Newark, NJ 07101 | $44 |
| National Grid | 28109-59018 | Electric | P.O. Box 11739 Newark, NJ 07101 | $43 |
| National Grid | 15679-70040 | Electric | P.O. Box 11739 Newark, NJ 07101 | $11,782 |
| National Grid | 03352-88018 | Electric | P.O. Box 11739 Newark, NJ 07101 | $22 |
| National Grid | 42690-90024 | Gas | P.O. Box 11739 Newark, NJ 07101 | $770 |
| National Grid | 17843-86019 | Gas | P.O. Box 11739 Newark, NJ 07101 | $302 |
| National Grid | 39818-74009 | Gas | P.O. Box 11739 Newark, NJ 07101 | $4,797 |
| National Grid | 52281-53003 | Gas | P.O. Box 11739 Newark, NJ 07101 | $2,005 |
| National Grid | 90438-54001 | Electric | P.O. Box 11739 Newark, NJ 07101 | $26,761 |
| National Grid | 713878016 | Gas | P.O. Box 11739 Newark, NJ 07101 | $60 |
| National Grid | 5379746009 | Gas / Electric | P.O. Box 11739 Newark, NJ 07101 | $8 |
| New Jersey American Water Co | 1018210019956410 | Water | P.O. Box 371331 Pittsburgh, PA 15250 | $0 |

| Utility Servicer | Utility Account Number | Utility Provided | Utility Servicer Address | Adequate Assurance Deposit |
|---|---|---|---|---|
| Optimum - Cablevision | 07808 570686 12 5 | Internet | P.O. Box 9256 Chelsea, MA 02150 | $0 |
| Optimum - Cablevision | 07808 628144 01 7 | Internet | P.O. Box 9256 Chelsea, MA 02150 | $0 |
| Dominion Energy | 0-2101-0439-6630 | Gas | P.O. Box 100256 Columbia, SC 29202 | $6,800 |
| Southern Elevator Co Inc | 30-3715 | Elevator Service | P.O. Box 538596 Atlanta, GA 30353 | $323 |
| Spectrum Business | 202-892806402-001 | Internet | P.O. Box 70872 Charlotte, NC 28272 | $251 |
| Sprint | 928553758 | Telephone | P.O. Box 219903 Kansas City, MO 64121 | $576 |
| Sprint | 680775460 | Telephone | P.O. Box 219100 Kansas City, MO 64121 | $0 |
| Sprint | 371962615 | Telephone | P.O. Box 219100 Kansas City, MO 64121 | $0 |
| Sprint | 682804900 | Telephone | P.O. Box 219100 Kansas City, MO 64121 | $0 |
| Sprint | 840946903 | Telephone | P.O. Box 219100 Kansas City, MO 64121 | $0 |
| Sprint | 921603998 | Telephone | P.O. Box 219100 Kansas City, MO 64121 | $0 |
| Sprint | 921603018 | Telephone | P.O. Box 219100 Kansas City, MO 64121 | $0 |
| Stallings Brothers Holdings Inc | n/a | Liquid Petroleum | 11471 S Nash St. Middlesex, NC 27557 | $2,205 |
| Stericycle Inc | n/a | Recycle | 27314 Network Pl. Chicago, IL 60673 | $2,487 |
| Time Warner Cable | 55657201 | Telephone | Box 223085 Pittsburgh, PA 15251 | $2,256 |
| Time Warner Cable | 202-957740101-001 | Internet | P.O. Box 70872 Charlotte, NC 28272 | $193 |
| Time Warner Cable | 202-860118902-001 | Internet | P.O. Box 70872 Charlotte, NC 28272 | $36 |
| Time Warner Cable Enterprises LLC | 202-900424401-001 | Internet | P.O. Box 70872 Charlotte, NC 28272 | $1,963 |
| Town Of West Warwick | CV-9204-24-sw CV-9201-66-sw CV-9204-23-sw CV-9201-40-sw CV-9204-25-sw | Industrial Sewer Usage | Sewer Commission P.O. Box 498 West Warwick, RI 2893 | $2,220 |
| Veolia Es Technical Solutions | 515643 | Environmental Services | P.O. Box 73709 Chicago, IL 60673 | $45,815 |
| Verizon | 609 882 5707 710 02Y | Telephone | P.O. Box 4833 Trenton, NJ 08650 | $21 |
| Verizon | U0152018 | Telephone | P.O. Box 15043 Albany, NY 12212 | $2,721 |
| Verizon | U0166603 | Telephone | P.O. Box 15043 Albany, NY 12212 | $0 |

| Utility Servicer | Utility Account Number | Utility Provided | Utility Servicer Address | Adequate Assurance Deposit |
|---|---|---|---|---|
| Verizon | U0167377 | Internet | P.O. Box 15043<br>Albany, NY 12212 | $1,320 |
| Verizon | 942233053-0002 | Telephone | P.O. Box 15062<br>Albany, NY 12212 | $0 |
| Verizon | 00070263551106Y | Telephone | P.O. Box 4830<br>Trenton, NJ 08650 | $33 |
| Verizon | 550 421 897 0001 23 | Telephone | P.O. Box 4833<br>Trenton, NJ 08650 | $267 |
| Verizon | 609 860 0700 606 47Y | Telephone | P.O. Box 4833<br>Trenton, NJ 08650 | $0 |
| Verizon | 212 758 4157 994 721 | Telephone | P.O. Box 15124<br>Albany, NY 12212 | $40 |
| Verizon | 00081339889834Y | Telephone | P.O. Box 4830<br>Trenton, NJ 08650 | $54 |
| Verizon | 755-966-743-0001-42 | Telephone | P.O. Box 15124<br>Albany, NY 12212 | $0 |
| Verizon Washington DC Inc | 847290708 | Telephone | P.O. Box 4830<br>Trenton, NJ 08650 | $467 |
| Waste Industries LLC | 1078655 | Waste | 3301 Benson Drive<br>Raleigh, NC 27609 | $2,191 |
| Zoom Video Communications | 425375 | Video Communications | 55 Almaden Blvd., Ste 600<br>San Jose, CA 95113 | $709 |
| | | | **Total** | **$350,611** |

**<u>Exhibit B</u>**

**Proposed Final Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.**, *et al.*, | Case No. 19-[    ](RDD) |
| Debtors.[1] | (Joint Administration Pending) |

**FINAL ORDER (I) PROHIBITING UTILITIES FROM ALTERING, REFUSING OR
DISCONTINUING SERVICE, (II) DEEMING UTILITIES ADEQUATELY ASSURED
OF FUTURE PERFORMANCE AND (III) ESTABLISHING PROCEDURES
FOR DETERMINING REQUESTS FOR ADDITIONAL ADEQUATE ASSURANCE**

Upon the motion (the "**Motion**")[2] of Purdue Pharma L.P. and its affiliates that are debtors

and debtors in possession in these proceedings (collectively, the "**Debtors**") for entry of an

interim order and a final order (this "**Order**") prohibiting utilities from altering, refusing or

discontinuing service, deeming utilities adequately assured of future performance and

establishing procedures for determining requests for additional adequate assurance; and the

Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28

U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January

31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a

core proceeding under 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to

28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to such term in the Motion.

the Notice Parties, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion and held a hearing to consider the relief requested in the Motion on an final basis (the "**Hearing**"); and upon the Lowne Declaration filed contemporaneously with the Motion, and the record of the Hearing; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and the Court having determined that the relief granted herein is in the best interests of the Debtors, their estates, creditors and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**

1.      The Motion is granted on a final basis as set forth herein.

2.      Except in accordance with the procedures set forth below, all Utility Providers are (a) prohibited from altering, refusing or discontinuing Utility Services to the Debtors on account of any unpaid pre-petition charges or the commencement of the chapter 11 cases and (b) prohibited from discriminating against the Debtors, or requiring payment of a deposit or receipt of any other security for continued service as a result of the Debtors' bankruptcy filing or any outstanding pre-petition invoices other than the procedures established herein.

3.      To the extent not already deposited, within ten (10) days from the entry of this Order, the Debtors shall deposit a sum of $350,611 (the "**Adequate Assurance Deposit**") into a bank account established by the Debtors, or a current dormant bank account that has been previously established (the "**Utility Deposit Account**"), for the purpose of providing the Utility Providers with adequate assurance of their post-petition services to the Debtors.  The Utility Deposit Account may be either interest-bearing or non-interest-bearing at the Debtors' election.

4.      The Utility Deposit Account shall be maintained with a minimum balance of $350,611, which may be adjusted by the Debtors (a) to account for the addition or removal of a Utility Provider from the Debtors' list of Utility Providers attached hereto as **Schedule 1**, as may be amended or modified in accordance with the procedures set forth herein regardless of any Request (as defined below) and (b) in accordance with the terms of any agreement between the Debtors and the affected Utility Provider.

5.      The Adequate Assurance Deposit (a) demonstrates the Debtors' ability to pay for future Utility Services in the ordinary course of business and (b) constitutes adequate assurance of future performance to each of the Utility Providers (collectively the "**Proposed Adequate Assurance**").

6.      The Debtors are authorized to pay on a timely basis, in accordance with their pre-petition practices, all undisputed invoices for Utility Services rendered by Utility Providers to the Debtors after the Petition Date.

7.      The portion of the Adequate Assurance Deposit attributable to each Utility Provider shall be returned to the Debtors, without further Court order, on the earlier of (a) the reconciliation and payment by the Debtors of the Utility Provider's final invoice in accordance with applicable non-bankruptcy law following the Debtors' termination of Utility Services from such Utility Provider or (b) the effective date of any chapter 11 plan confirmed in these chapter 11 cases; *provided*, *however*, that there are no outstanding disputes related to post-petition payments due.

8.      The Debtors' Utility Providers are prohibited from requiring additional adequate assurance of payment other than in accordance with the following procedures (the "**Adequate Assurance Procedures**"):

(a)     The Debtors or their advisors shall provide a copy of this Motion (including the proposed final order) and the order approving the relief requested in this Motion to each of the Utility Providers listed on the Utilities List within two (2) business days after entry of such order by the Court by way of postage prepaid, first-class regular mail.

(b)     If a Utility Provider is not satisfied with the Proposed Adequate Assurance, it must serve a written request (a "**Request**") upon: (i) the Debtors, One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901 (Attn: Jon Lowne); and (ii) proposed counsel to the Debtors, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, NY 10017 (Attn: Marshall S. Huebner, Benjamin S. Kaminetzky, Timothy Graulich and Eli J. Vonnegut).  The Request must set forth (w) the location(s) for which Utility Services are provided, (x) the account number(s) for such location(s), (y) the outstanding balance for each account and (z) an explanation of why the Utility Provider believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

(c)     If the Debtors determine, in their sole discretion, that a Request or any consensual agreement reached in connection therewith is reasonable, the Debtors, without further order of the Court, may enter into agreements granting additional adequate assurance to the Utility Provider serving such Request and, in connection with such agreements, provide the Utility Provider with additional adequate assurance of payment, including payments on pre-petition amounts owing, cash deposits, prepayments or other forms of security, with notice to the Office of the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") and any counsel to any official committee appointed in these chapter 11 cases within fifteen (15) days.

(d)     If the Debtors, in their sole discretion, determine that a Request is unreasonable, then they promptly shall negotiate with the requesting party and if unable to reach a prompt resolution to the Request, set the matter for hearing at the next regularly scheduled omnibus hearing date in the case.  Pending the hearing, the Utility Provider that is the subject of the unresolved Request may not alter, refuse or discontinue services to the Debtors.

(e)     Absent compliance with the procedures set forth in the Motion and this Order, the Debtors' Utility Providers are prohibited from altering, refusing or discontinuing service on account of any unpaid pre-petition charges and are deemed to have received adequate assurance of payment in compliance with Bankruptcy Code section 366.

9.     The Utility Providers have been provided with adequate assurance of payment within the meaning of Bankruptcy Code section 366; the Adequate Assurance Procedures as proposed are hereby approved; the Utility Providers are prohibited from altering, refusing or discontinuing Utility Services on account of pre-petition amounts outstanding and on account of

any perceived inadequacy of the Adequate Assurance Procedures; and the Debtors are not required to provide any additional adequate assurance beyond what is stated in this Order.

10.    Utility Providers shall be deemed to have adequate assurance of payment within the meaning of Bankruptcy Code section 366 unless and until (a) the Debtors, in their sole discretion, agree to an alternative assurance of payment with the Utility Provider or (b) the Court enters an order requiring that additional adequate assurance of payment be provided.

11.    The Debtors are authorized to amend the Utilities List, attached hereto as **Schedule 1**, in their sole discretion, to add any subsequently identified Utility Provider.  This Order shall be deemed to apply to any such Utility Provider regardless of when such Utility Provider may be added to the Utilities List.  If the Debtors amend the Utilities List subsequent to the filing of the Motion, the Debtors shall (a) file a supplemental notice with the Court (the "**Supplemental Notice**"), (b) serve a copy of this Motion, the signed order granting the Motion and the Supplemental Notice, by first-class mail on all Utility Providers listed in such Supplemental Notice and (c) post the Supplemental Notice on the Debtors' case information website located at https://restructuring.primeclerk.com/purduepharma.  If a Request is made, the Debtors and the Utility Provider making the Request shall be bound by the Adequate Assurance Procedures set forth herein, as applicable.

12.    The Request must actually be received by the (a) Debtors' proposed counsel, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, NY 10017 (Attn: Marshall S. Huebner, Benjamin S. Kaminetzky, Timothy Graulich and Eli J. Vonnegut) and (b) counsel to the official committee of unsecured creditors (if any).

13.    In the event an additional Utility Provider is added to the Utilities List, the Debtors shall increase the amount of the Adequate Assurance Deposit by an amount equal to two

(2) weeks of Utility Services provided by such additional Utility Provider, calculated using the Debtors' historical average for such payments over the past twelve (12) months.

14.     The Debtors may terminate the services of any Utility Provider by providing written notice (a "**Termination Notice**") to the Utility Provider.

15.     The Debtors may reduce the Adequate Assurance Deposit by the amount held on account of such terminated Utility Service upon payment of any final bill; *provided*, *however*, that there are no outstanding disputes related to post-petition payments due.  To the extent the Debtors issue a Termination Notice or the services provided by the Utility Provider are otherwise terminated, any deposit held by such Utility Provider must be returned to the Debtors in accordance with the procedures of applicable non-bankruptcy law, and the Debtors may reduce the Adequate Assurance Deposit attributable to such Utility Provider accordingly.

16.     The Debtors may amend the Utilities List to delete a Utility Provider only if the Debtors have provided two (2) weeks' advance notice to such Utility Provider, in writing, and have not received any objection from such Utility Provider.  If an objection is received, the Debtors may request a hearing before the Court at the next omnibus hearing date, or such other date that the Debtors and the Utility Provider may agree.

17.     Nothing herein constitutes a finding that any entity is or is not a Utility Provider hereunder or under Bankruptcy Code section 366, whether or not such entity is included in the Utilities List, and the Debtors retain the right to dispute whether any of the entities now or hereafter listed on **Schedule 1** attached hereto are or are not "utilities" within the meaning of Bankruptcy Code section 366.

18.     Any Utility Provider that does not make a Request or otherwise comply with the Adequate Assurance Procedures shall be prohibited from altering, refusing or discontinuing

Utility Services, including as a result of the Debtors' failure to pay charges for pre-petition Utility Services or to provide adequate assurance of payment in addition to the Proposed Adequate Assurance.

19.     Nothing in this Order or any action taken by the Debtors in furtherance of the implementation hereof shall be deemed to constitute an assumption or rejection of any executory contract or unexpired lease pursuant to Bankruptcy Code section 365, and all of the Debtors' rights with respect to such matters are expressly reserved.

20.     Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall (a) create, nor is it intended to create, any rights in favor of, or enhance the status of any claim held by any person or entity or (b) be deemed to convert the priority of any claim from a pre-petition claim into an administrative expense claim.

21.     Nothing in this Order nor the Debtors' payment of claims pursuant to this Order shall be construed as (a) an agreement or admission by the Debtors as to the validity of any claim on any grounds, (b) a waiver or impairment of any Debtors' rights to dispute any claims on any grounds, (c) a promise by the Debtors to pay any claim or (d) an implication or admission by the Debtors that such claim is payable pursuant to this Order.

22.     The contents of the Motion and the notice procedures set forth therein are good and sufficient notice and satisfy the Bankruptcy Rules and the Local Rules, and no other or further notice of the Motion or the entry of this Order shall be required.

23.     Any Bankruptcy Rule (including, but not limited to, Bankruptcy Rule 6004(h)) or Local Rule that might otherwise delay the effectiveness of this Order is hereby waived, and the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

24.     The Debtors are authorized to take all such actions as are necessary or appropriate

to implement the relief granted in this Order.

25.     The Court shall retain jurisdiction to hear and determine all matters arising from

or related to the implementation, interpretation and enforcement of this Order.

White Plains, New York
Dated: _____, 2019

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

## Schedule 1

### Utility Providers

| Utility Servicer | Utility Account Number | Utility Provided | Utility Servicer Address | Adequate Assurance Deposit |
|---|---|---|---|---|
| LiveMessage | 123-5107-561 | Telephone | 365 Willard Ave Ste 2A Hartford, CT 06111 | $20 |
| Aquarion Water Company of CT | 200392220 | Water | P.O. Box 10010 Lewiston, ME 04243 | $0 |
| Aquarion Water Company of CT | 600000001 | Water | P.O. Box 10010 Lewiston, ME 04243 | $0 |
| Aquarion Water Company of CT | 200094459 | Water | P.O. Box 10010 Lewiston, ME 04243 | $11 |
| Aquarion Water Company of CT | 200094467 | Water | P.O. Box 10010 Lewiston, ME 04243 | $62 |
| Aquarion Water Company of CT | 200392220 | Water | P.O. Box 10010 Lewiston, ME 04243 | $0 |
| AT&T | 831 000 7200 578 | Telephone | P.O. Box 5019 Carol Stream, IL 60197 | $2,637 |
| AT&T | 800 3111 8542 | Telephone | P.O. Box 5019 Carol Stream, IL 60197 | $1,341 |
| AT&T | 831 000 7200 976 | Telephone | P.O. Box 5019 Carol Stream, IL 60197 | $1,183 |
| AT&T | 056 575 5100 001 | Telephone | P.O. Box 105068 Atlanta, GA 30348 | $25 |
| AT&T | 540 250 144 001 | Telephone | P.O. Box 105068 Atlanta, GA 30348 | $0 |
| Cablevision Lightpath Inc | 25147 | Telephone | P.O. Box 360111 Pittsburgh, PA 15251 | $3,325 |
| Cablevision Lightpath Inc | 47036 | Telephone | P.O. Box 360111 Pittsburgh, PA 15251 | $304 |
| CenturyLink | 86392273 | Cable | P.O. Box 52187 Phoenix, AZ 85072 | $2,829 |
| CenturyLink | 307473545 | Cable | P.O. Box 4300 Carol Stream, IL 60197 | $604 |
| City Of Durham | 247265725749 | Water & Sewer | 101 City Hall Pl Durham, NC 27701 | $5,405 |
| City Of Wilson | 14337-84454 | Gas | P.O. Box 2407 Wilson, NC 27894 | $12,126 |
| City Of Wilson | 14337-72430 | Water | Wilson Energy Collection Div. Wilson, NC 27894 | $5,884 |
| City Of Wilson | 14337-44174 | Electric, Gas, Water & Waste Water | Wilson Energy Collection Div. Wilson, NC 27894 | $1,814 |
| City Of Wilson | 14337-61862 | Light Unit, Sprinkler & Stormwater | Wilson Energy Collection Div. Wilson, NC 27894 | $1,659 |
| City Of Wilson | 14337-74238 | Electric | Collection Division Wilson, NC 27894 | $17 |

| Utility Servicer | Utility Account Number | Utility Provided | Utility Servicer Address | Adequate Assurance Deposit |
|---|---|---|---|---|
| City Of Wilson | 14337-75006 | Electric | Collection Division Wilson, NC 27894 | $31,203 |
| Clean Harbors Inc | RH0227 | Waste Treatment | P.O. Box 3442 Boston, MA 02241 | $10,189 |
| Comcast | 8499050900161569 | Cable, Internet, & Phone | P.O. Box 70219 Philadelphia, PA 19176 | $107 |
| Comcast | 8299700016330811 | Cable, Internet, & Phone | P.O. Box 70219 Philadelphia, PA 19176 | $34 |
| Comcast | 8499050900162088 | Internet | P.O. Box 70219 Philadelphia, PA 19176 | $39 |
| Comcast | 8499052470024706 | Cable, Internet, & Phone | P.O. Box 1577 Newark, NJ 07101 | $52 |
| Con Edison | 44-2023-1752-3001-8 | Electric | 4 Irving Place, Suite 2 New York, NY 10003 | $30 |
| Cox Business | 001-6610-310087601 | Telephone | Dept. 781104 P.O. Box 78000 Detroit, MI 48278 | $43 |
| Crystal Rock / DS Services of America, Inc | 773629117751683 | Filtered Water | P.O. Box 660579 Dallas, TX 75266 | $159 |
| Crystal Rock / DS Services of America, Inc | 779415917880358 | Filtered Water | P.O. Box 660579 Dallas, TX 75266 | $35 |
| Danox Environmental Services Inc | n/a | Waste Treatment | P.O. Box 1429 Suwanee, GA 30024 | $25,295 |
| Direct Energy Business | 190530037531166 | Electric | P.O. Box 70220 Philadelphia, PA 19176 | $52,514 |
| Direct Energy Services LLC | 716765-67292 | Gas | P.O. Box 32179 New York, NY 10087 | $17,667 |
| Duke Energy | 1846238647 | Electric | P.O. Box 70516 Charlotte, NC 28272-0516 | $14,615 |
| Earthlink | 136312050101190 | Internet | P.O. Box 2252 Birmingham, AL 35246 | $738 |
| Earthlink Business Company | 5100300 | Telephone | P.O. Box 88104 Chicago, IL 60680 | $88 |
| Eversource Energy / CL&P | 51362857096 | Electric | P.O. Box 56002 Boston, MA 02205 | $130 |
| Eversource Energy / CL&P | 51504762006 | Electric | P.O. Box 56002 Boston, MA 02205 | $638 |
| Eversource Energy / Yankee Gas | 57029957032 | Gas | Po Box 56004 Boston, MA 02205 | $43 |
| Eversource Energy / Yankee Gas | 57184800035 | Gas | Po Box 56004 Boston, MA 02205 | $113 |
| Eversource Energy / Yankee Gas | 57918800061 | Gas | P O Box 56004 Boston, MA 02205 | $386 |
| Frontier | 203-196-3204-121318-5 | Internet | P.O. Box 740407 Cincinnati, OH 45274 | $345 |
| Frontier Communications | 919-189-0016-030816-5 | Internet | P.O. Box 740407 Cincinnati, OH 45274 | $2,815 |
| Frontier Communications | 203-452-0100-101889-5 | Telephone | P.O. Box 740407 Cincinnati, OH 45274 | $2,453 |

| Utility Servicer | Utility Account Number | Utility Provided | Utility Servicer Address | Adequate Assurance Deposit |
|---|---|---|---|---|
| Frontier Communications | 203-324-4118-100813-5 | Telephone | P.O. Box 20550 Rochester, NY 14602 | $327 |
| Heritage Environmental Services | 1860103302 | Waste Treatment | 7901 West Morris St. Indianapolis, IN 46231 | $20,622 |
| Hocon Industrial Gas | 31941 | Propane & Helium | 86 Payne Rd. Danbury, CT 06810 | $38 |
| IPASS | 1005019 | Electronic Toll Pass | Box 200152 Pittsburgh, PA 15251 | $471 |
| Kent County Water Authority | 117315 | Water | P.O. Box 9901 Providence, RI 02940-4001 | $2,651 |
| Kent County Water Authority | 117314 | Water | P.O. Box 9901 Providence, RI 02940-4001 | $275 |
| Kent County Water Authority | 115435 | Water | P.O. Box 192 West Warwick, RI 02893 | $0 |
| Kent County Water Authority | 111483 | Water | P.O. Box 192 West Warwick, RI 02893 | $19 |
| Lavoie & Son Industrial | n/a | Waste | 41 Diane Dr. Coventry, RI 02816 | $1,171 |
| Masergy Communications Inc | MCOO1131 | Internet | P.O. Box 733938 Dallas, TX 75373 | $6,222 |
| National Grid | 89489-40027 | Electric | P.O. Box 11739 Newark, NJ 07101 | $14 |
| National Grid | 45347-15023 | Electric | P.O. Box 11739 Newark, NJ 07101 | $282 |
| National Grid | 02336-00023 | Electric | P.O. Box 11739 Newark, NJ 07101 | $44 |
| National Grid | 28109-59018 | Electric | P.O. Box 11739 Newark, NJ 07101 | $43 |
| National Grid | 15679-70040 | Electric | P.O. Box 11739 Newark, NJ 07101 | $11,782 |
| National Grid | 03352-88018 | Electric | P.O. Box 11739 Newark, NJ 07101 | $22 |
| National Grid | 42690-90024 | Gas | P.O. Box 11739 Newark, NJ 07101 | $770 |
| National Grid | 17843-86019 | Gas | P.O. Box 11739 Newark, NJ 07101 | $302 |
| National Grid | 39818-74009 | Gas | P.O. Box 11739 Newark, NJ 07101 | $4,797 |
| National Grid | 52281-53003 | Gas | P.O. Box 11739 Newark, NJ 07101 | $2,005 |
| National Grid | 90438-54001 | Electric | P.O. Box 11739 Newark, NJ 07101 | $26,761 |
| National Grid | 713878016 | Gas | P.O. Box 11739 Newark, NJ 07101 | $60 |
| National Grid | 5379746009 | Gas / Electric | P.O. Box 11739 Newark, NJ 07101 | $8 |
| New Jersey American Water Co | 1018210019956410 | Water | P.O. Box 371331 Pittsburgh, PA 15250 | $0 |
| Optimum - Cablevision | 07808 570686 12 5 | Internet | P.O. Box 9256 Chelsea, MA 02150 | $0 |

| Utility Servicer | Utility Account Number | Utility Provided | Utility Servicer Address | Adequate Assurance Deposit |
|---|---|---|---|---|
| Optimum - Cablevision | 07808 628144 01 7 | Internet | P.O. Box 9256 Chelsea, MA 02150 | $0 |
| Dominion Energy | 0-2101-0439-6630 | Gas | P.O. Box 100256 Columbia, SC 29202 | $6,800 |
| Southern Elevator Co Inc | 30-3715 | Elevator Service | P.O. Box 538596 Atlanta, GA 30353 | $323 |
| Spectrum Business | 202-892806402-001 | Internet | P.O. Box 70872 Charlotte, NC 28272 | $251 |
| Sprint | 928553758 | Telephone | P.O. Box 219903 Kansas City, MO 64121 | $576 |
| Sprint | 680775460 | Telephone | P.O. Box 219100 Kansas City, MO 64121 | $0 |
| Sprint | 371962615 | Telephone | P.O. Box 219100 Kansas City, MO 64121 | $0 |
| Sprint | 682804900 | Telephone | P.O. Box 219100 Kansas City, MO 64121 | $0 |
| Sprint | 840946903 | Telephone | P.O. Box 219100 Kansas City, MO 64121 | $0 |
| Sprint | 921603998 | Telephone | P.O. Box 219100 Kansas City, MO 64121 | $0 |
| Sprint | 921603018 | Telephone | P.O. Box 219100 Kansas City, MO 64121 | $0 |
| Stallings Brothers Holdings Inc | n/a | Liquid Petroleum | 11471 S Nash St. Middlesex, NC 27557 | $2,205 |
| Stericycle Inc | n/a | Recycle | 27314 Network Pl. Chicago, IL 60673 | $2,487 |
| Time Warner Cable | 55657201 | Telephone | Box 223085 Pittsburgh, PA 15251 | $2,256 |
| Time Warner Cable | 202-957740101-001 | Internet | P.O. Box 70872 Charlotte, NC 28272 | $193 |
| Time Warner Cable | 202-860118902-001 | Internet | P.O. Box 70872 Charlotte, NC 28272 | $36 |
| Time Warner Cable Enterprises LLC | 202-900424401-001 | Internet | P.O. Box 70872 Charlotte, NC 28272 | $1,963 |
| Town Of West Warwick | CV-9204-24-sw CV-9201-66-sw CV-9204-23-sw CV-9201-40-sw CV-9204-25-sw | Industrial Sewer Usage | Sewer Commission P.O. Box 498 West Warwick, RI 2893 | $2,220 |
| Veolia Es Technical Solutions | 515643 | Environmental Services | P.O. Box 73709 Chicago, IL 60673 | $45,815 |
| Verizon | 609 882 5707 710 02Y | Telephone | P.O. Box 4833 Trenton, NJ 08650 | $21 |
| Verizon | U0152018 | Telephone | P.O. Box 15043 Albany, NY 12212 | $2,721 |
| Verizon | U0166603 | Telephone | P.O. Box 15043 Albany, NY 12212 | $0 |
| Verizon | U0167377 | Internet | P.O. Box 15043 Albany, NY 12212 | $1,320 |

| Utility Servicer | Utility Account Number | Utility Provided | Utility Servicer Address | Adequate Assurance Deposit |
|---|---|---|---|---|
| Verizon | 942233053-0002 | Telephone | P.O. Box 15062 Albany, NY 12212 | $0 |
| Verizon | 00070263551106Y | Telephone | P.O. Box 4830 Trenton, NJ 08650 | $33 |
| Verizon | 550 421 897 0001 23 | Telephone | P.O. Box 4833 Trenton, NJ 08650 | $267 |
| Verizon | 609 860 0700 606 47Y | Telephone | P.O. Box 4833 Trenton, NJ 08650 | $0 |
| Verizon | 212 758 4157 994 721 | Telephone | P.O. Box 15124 Albany, NY 12212 | $40 |
| Verizon | 00081339889834Y | Telephone | P.O. Box 4830 Trenton, NJ 08650 | $54 |
| Verizon | 755-966-743-0001-42 | Telephone | P.O. Box 15124 Albany, NY 12212 | $0 |
| Verizon Washington DC Inc | 847290708 | Telephone | P.O. Box 4830 Trenton, NJ 08650 | $467 |
| Waste Industries LLC | 1078655 | Waste | 3301 Benson Drive Raleigh, NC 27609 | $2,191 |
| Zoom Video Communications | 425375 | Video Communications | 55 Almaden Blvd., Ste 600 San Jose, CA 95113 | $709 |
| | | | **Total** | **$350,611** |