DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut

*Proposed Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-[    ](RDD)** |
| **Debtors.**[1] | **(Joint Administration Pending)** |

**MOTION OF DEBTORS FOR ENTRY OF INTERIM AND FINAL ORDERS
AUTHORIZING (I) DEBTORS TO PAY CERTAIN PREPETITION TAXES,
GOVERNMENTAL ASSESSMENTS AND FEES AND (II) FINANCIAL INSTITUTIONS
TO HONOR AND PROCESS RELATED CHECKS AND TRANSFERS**

Purdue Pharma L.P. ("**PPLP**") and its affiliates that are debtors and debtors in possession

in these proceedings (collectively, the "**Debtors**," the "**Company**" or "**Purdue**") hereby move

(this "**Motion**") this Court for entry of interim and final orders, substantially in the forms attached

hereto as **Exhibit A** and **Exhibit B** (the "**Interim Order**" and the "**Final Order**," respectively),

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

granting the relief described below.  In support thereof, the Debtors refer to the contemporaneously filed *Declaration of Jon Lowne in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* (the "**Lowne Declaration**") and further represent as follows:

### Jurisdiction and Venue

1.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), the Debtors consent to entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Background

2.      On the date hereof (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. To date, the Office of the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") has not appointed a statutory committee of creditors in these chapter 11 cases, nor has the Court appointed a trustee or examiner therein.

3.      Contemporaneously herewith, the Debtors have filed a motion requesting joint administration of their chapter 11 cases pursuant to Bankruptcy Rule 1015(b).

4.      PPLP and its direct and indirect subsidiaries other than the Rhodes Debtors (defined below) (the "**Purdue Debtors**") primarily operate a branded pharmaceuticals business, while

Debtor Rhodes Associates L.P. and its direct and indirect subsidiaries (the "**Rhodes Debtors**") primarily develop and distribute generic pharmaceutical products and manufacture a range of active pharmaceutical ingredients.

5.     Additional information about the Debtors' businesses and the events leading up to the Petition Date can be found in the *Debtors' Informational Brief* filed contemporaneously herewith.

## Relief Requested

6.     By this Motion, pursuant to Bankruptcy Code sections 105(a), 363(b), 507(a), Bankruptcy Rules 6003 and 6004 and 541(d), and Rule 9013-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), the Debtors request entry of an Interim Order and a Final Order, authorizing, but not directing, the Debtors to pay certain taxes and business license, compliance and regulatory fees (as further described below, the "**Taxes and Fees**") to various federal, state, county and city taxing, licensing and regulatory authorities (the "**Governmental Authorities**"), whether asserted before, on or after the Petition Date, and without prejudice to the Debtors' rights to contest the amounts of any Taxes and Fees on any grounds available under applicable law.

7.     The Debtors also respectfully request that the Interim Order and the Final Order (a) authorize and direct all applicable banks and other financial institutions (collectively, the "**Banks**") to receive, process, honor and pay any and all checks, drafts and other forms of payment, including fund transfers, on account of the Taxes and Fees, whether such checks or other requests were submitted before, on or after the Petition Date; (b) authorize the Banks to rely on the representations of the Debtors as to which checks and fund transfers are subject to this Motion, *provided* that no Bank shall have any liability to any party for relying on such representations; (c) prohibit the Banks from placing any holds on, or attempting to reverse, any automatic transfers

on account of the Taxes and Fees; and (d) authorize the Debtors to issue new post-petition checks or effect new post-petition fund transfers to replace any checks, drafts and other forms of payment, which may be dishonored or rejected and to reimburse any expenses that may be incurred as a result of any Bank's failure to honor a prepetition check or other form of payment.

### The Debtors' Taxes and Fees

8.      In the ordinary course of business, the Debtors collect, withhold and incur various Taxes and Fees, including (a) Use Taxes; (b) Entity Taxes and Fees; (c) Real Property Taxes; (d) Personal Property Taxes; (e) Federal Excise Taxes; (f) Regulatory and Business License Fees and Assessments; (g) Puerto Rico Taxes; (h) Branded Prescription Drug Fees; (i) FDA Fees, (j) Opioid Excise Taxes and (k) Other Taxes (each as defined below).  The Debtors remit the Taxes and Fees to Governmental Authorities, a nonexclusive list of which is attached hereto as **Exhibit C** (the "**Governmental Authorities List**").[2]

9.      The Debtors believe that many of the Taxes and Fees they collected prepetition are not property of the Debtors' estates.  Rather, the Debtors hold these Taxes and Fees in trust for the applicable Governmental Authorities.  The Debtors seek to pay certain Taxes and Fees to forestall Governmental Authorities from taking actions that might interfere with maximizing the value of the Debtors' estates.  Such interference could include blocking the receipt or renewal of permits required for the operation of the Debtors' businesses or bringing personal liability actions against directors, officers and other employees.  Any of those actions would distract key personnel, whose full-time attention to the Debtors' chapter 11 efforts is required, and would likely cause business disruptions, eroding the Debtors' customer base and negatively affecting these chapter 11 cases,

---

[2] Although the Governmental Authorities List is substantially complete, and the Debtors have exercised their reasonable best efforts, the Debtors request the relief be made applicable to all Governmental Authorities, and not solely to those listed on the Governmental Authorities List.

which could result in irreparable harm to the Debtors and their estates.  In addition, nonpayment of the Taxes and Fees may give rise to priority claims under section 507(a)(8) of the Bankruptcy Code.  Accordingly, the Debtors submit that the proposed relief is in the best interest of the Debtors' estates.

10.    The Debtors believe that, as of the Petition Date, none of the Taxes and Fees are past due or delinquent.  After entry of the Interim Order, the Debtors propose to pay amounts that come due and owing in the ordinary course of business.

11.    A chart outlining the various categories and approximate amounts of the Taxes and Fees that the Debtors are seeking authority to pay pursuant to this Motion is set forth below.  The amounts of the Taxes and Fees set forth below are good-faith estimates based on the Debtors' books and records and remain subject to potential audits and other adjustments.

| Category of Taxes and Fees | Approximate Amount Seeking Authority to Pay on an Interim Basis | Approximate Amount Seeking Authority to Pay on a Final Basis |
|---|---|---|
| Use Taxes | $463,000 | $2,747,000 |
| Entity Taxes and Fees | $2,000 | $2,000 |
| Real Property Taxes | $639,000 | $1,075,000 |
| Personal Property Taxes | $970,000 | $1,648,000 |
| Federal Excise Taxes | $2,000 | $5,000 |
| Regulatory and Business License Fees and Assessments | $904,000 | $990,000 |
| Puerto Rico Taxes | $95,000 | $121,000 |
| Branded Prescription Drug Fee | $8,000,000 | $8,000,000 |
| FDA Fees | $8,486,000 | $10,918,000 |
| Opioid Excise Taxes | $2,236,000 | $3,885,000 |
| Other Taxes | - | - |
| **Total** | **$21,334,000** | **$29,837,000** |

A.    Use Taxes

12.    The Debtors are assessed use taxes on tangible personal property and enumerated taxable services purchased by the Debtors upon the use, storage or consumption of the goods or

services during the ordinary course of business (the "**Use Taxes**"). Use Taxes are remitted to the state or local taxing authority where the Debtors have purchased the tangible personal property or enumerated taxable services. Each state has a different filing frequency requirement, including monthly, quarterly, semiannually and annually.

13.     In 2018, the Debtors paid Use Taxes in Alabama, Arizona, California, Colorado, Connecticut, Florida, Georgia, Hawaii, Idaho, Illinois, Kentucky, Maine, Maryland, Massachusetts, Michigan, Minnesota, Nebraska, Nevada, New Jersey, New York, North Carolina, Ohio, Pennsylvania, Puerto Rico, Rhode Island, Tennessee, Texas, Virginia, Washington and West Virginia of approximately $1,831,000. The Debtors are not aware of any outstanding amounts for alleged violations of use tax laws as of the Petition Date. After entry of the Interim Order, the Debtors intend, in their sole discretion, to pay Use Taxes as they come due.

**B.     Entity Taxes and Fees**

14.     Nayatt Cove Lifescience Inc. ("**Nayatt**"), a debtor in these chapter 11 cases, is a corporation and files federal and state tax returns related to its income ("**Entity Taxes and Fees**"). Nayatt paid taxes of $0 in 2018 and has estimated tax liabilities of $0 as of the Petition Date.

15.     The earnings and losses of the debtor-partnerships flow through to the federal and state tax returns of Purdue Pharma L.P.'s partner. As such, the Debtors do not pay or have liabilities for taxes related to their income. In 2018, the Debtors paid Entity Taxes and Fees in Alabama, Kentucky and Rhode Island of approximately $1,275. The Debtors are not aware of any outstanding amounts under state business entity tax laws as of the Petition Date. After entry of the Interim Order, the Debtors intend to pay Entity Taxes and Fees as they come due.

### C.    Real Property Taxes

16.    The Debtors are required to pay taxes on their real property, including land and buildings (the "**Real Property Taxes**").  The Debtors paid Real Property Taxes in North Carolina and Rhode Island of approximately $957,000 and $977,000 in 2018 and 2019, respectively.  The Purdue Debtors made their annual 2019 Real Property Tax payments on January 1, 2019.  The Rhodes Debtors made their semiannual 2019 Real Property Tax payments on January 1, 2019 and July 1, 2019.  The Debtors are not aware of any outstanding amounts for alleged violations of state real property tax laws as of the Petition Date.  After entry of the Interim Order, the Debtors intend, in their sole discretion, to pay the Real Property Taxes as they come due.

### D.    Personal Property Taxes

17.    The Debtors are required to pay taxes on certain personal property, including machinery, equipment, furniture and fixtures (the "**Personal Property Taxes**").  The Debtors paid Personal Property Taxes in Connecticut, North Carolina and Rhode Island of approximately $1,598,000 and $1,498,000 in 2018 and 2019, respectively.  The Debtors are not aware of any outstanding amounts for alleged violations of state personal property tax laws as of the Petition Date.  After entry of the Interim Order, the Debtors intend, in their sole discretion, to pay Personal Property Taxes as they come due.

### E.    Federal Excise Taxes

18.    The Debtors are required to pay excise taxes on certain insurance premiums ("**Federal Excise Taxes**").  In 2018, the Debtors paid Federal Excise Taxes to the Internal Revenue Service of approximately $6,770.  The Debtors are not aware of any outstanding amounts for alleged violations of federal excise tax laws as of the Petition Date.  After entry of the Interim Order, the Debtors intend, in their sole discretion, to pay Federal Excise Taxes as they come due.

**F.    Regulatory and Business License Fees and Assessments**

19.    The Debtors incur various fees, penalties and assessments in connection with certain regulations, business license requirements, environmental policies and participation in state regulatory agencies and boards (the "**Regulatory and Business License Fees and Assessments**"). The Debtors are also subject to certain regulations, which carry substantial administrative, civil and criminal penalties for failure to comply.

20.    The Debtors are required to remit these Regulatory and Business License Fees and Assessments to the relevant Governmental Authorities on a periodic basis.  In 2018, the Debtors incurred approximately $659,000 in Regulatory and Business License Fees and Assessments.  As of the Petition Date, the Debtors are unaware of any Regulatory and Business License Fees and Assessments not yet remitted to the relevant Governmental Authorities.  Similarly, the Debtors are not aware of any outstanding amounts for alleged violations of regulatory laws as of the Petition Date.  After entry of the Interim Order, the Debtors intend to pay to the appropriate Governmental Authorities such Regulatory and Business License Fees and Assessments as the Debtors, in their sole discretion, deem appropriate pursuant to any applicable law or regulation.

**G.    Puerto Rico Taxes**

21.    Purdue Pharma Puerto Rico ("**PPPR**"), a debtor in these chapter 11 cases, resides and engages in trade or business in Puerto Rico.  PPPR is required to pay taxes imposed on its net income, which consists of all income (less certain exclusions), reduced by ordinary and necessary business expenses.  A portion of the expenses paid to a related party (e.g., transactions between PPPR and other debtors in these chapter 11 cases) may be subject to disallowance.  In addition, PPPR is required to pay a tax based on the volume of business (defined as gross receipts) the company received or accrued during the year (together, the "**Puerto Rico Taxes**").

22.     The Debtors paid Puerto Rico Taxes of approximately $233,000 in 2018.  The Debtors are not aware of any outstanding amounts owed for alleged violations of Puerto Rico income tax laws as of the Petition Date.  After entry of the Interim Order, the Debtors intend, in their sole discretion, to pay the Puerto Rico Taxes as they come due.

## H.    Branded Prescription Drug Fee

23.     The Patient Protection and Affordable Care Act imposed an annual fee on pharmaceutical manufacturers (the "**Branded Prescription Drug Fee**") in an amount determined by branded prescription drug sales, payable annually on October 1st to the IRS.  The final invoice is typically received in September of each year and is due on October 1st of each year.  The Debtors made a Branded Prescription Drug Fee payment of approximately $18,000,000 in 2018 and expect to pay approximately $8,000,000 in 2019.  The Debtors intend, in their sole discretion, to make any Branded Prescription Drug Fee payments that come due on or after the Petition Date.

## I.    FDA Fees

24.     The Prescription Drug User Fee Act requires the Debtors to pay certain fees to the United States Food and Drug Administration (the "**FDA Fees**").  The Debtors paid FDA Fees of approximately $8,627,000 on October 1, 2018 for the fiscal year ending September 30, 2019.  The Debtors intend, in their sole discretion, to pay any and all FDA Fees that come due and owing on or after the Petition Date.

## J.    Opioid Excise Taxes

25.     In early 2019, the State of New York passed a state budget, which included an annual excise tax on prescription opioid manufacturers and distributors.  The excise tax is imposed on the first sale of any opioid in the State of New York at a rate of $0.0025 (a quarter of a cent) per morphine milligram equivalent ("**MME**") where the wholesale acquisition cost ("**WAC**") is

less than $0.50 (fifty cents) or $0.015 (one and one-half cents) per MME where the WAC is greater

than or equal to $0.50 (fifty cents). The excise tax is effective July 1, 2019 and the Debtors are

required to file a return and remit payment to the State of New York on a quarterly basis. The first

filing and payment remittance is due on January 20, 2020, covering opioid sales from the effective

date of July 1, 2019 through the end of year, December 31, 2019. The Debtors expect to incur

approximately $3,885,000 in opioid excise taxes for 2019, which will be paid on or before

January 20, 2020. The Debtors intend, in their sole discretion, to pay any and all opioid excise

taxes for the State of New York or other states (as applicable) (collectively,

"**Opioid Excise Taxes**") that come due and owing on or after the Petition Date.

**K.     Other Taxes**

26.     The Debtors also collect various other federal, state or local taxes, charges, fines,

penalties and fees in the ordinary course of business (including any amounts required to be

withheld, incurred or collected under applicable law) (collectively, "**Other Taxes**"). The Debtors

are required to remit these Other Taxes to the appropriate Governmental Authorities on a periodic

basis. The Debtors believe that the amount of Other Taxes that have been incurred, withheld or

collected by the Debtors before the Petition Date, but have not yet been remitted to the appropriate

Governmental Authorities, is *de minimis*. After entry of the Interim Order, the Debtors intend, in

their sole discretion, to pay such Other Taxes to the appropriate Governmental Authorities as they

come due.

### Relief Requested Should Be Granted

27.     Ample cause exists to authorize the payment of the Taxes and Fees, including that

(a) certain of the Taxes and Fees may not be property of the Debtors' estates; (b) the failure to pay

the Taxes and Fees may interfere with the Debtors' continued operations; (c) payment of the Taxes

and Fees is appropriate under Bankruptcy Code section 507(a)(8); and (d) the Court has authority

to grant the requested relief under sections 363(b) and 105(a) of the Bankruptcy Code.

## A.    Certain of the Prepetition Taxes and Fees May Not Be the Property of the Debtors' Estates

28.    Section 541(d) of the Bankruptcy Code provides, in relevant part, that "[p]roperty

in which the debtor holds, as of the commencement of the case, only legal title and not an equitable

interest . . . becomes property of the estate under subsection (a)(1) or (2) of this section only to the

extent of the debtor's legal title to such property, but not to the extent of any equitable interest in

such property that the debtor does not hold." 11 U.S.C. § 541(d).

29.    Certain of the Taxes and Fees are "trust fund" taxes, which the Debtors are required

to collect and hold in trust for the Governmental Authorities. *See, e.g.*, I.R.C. § 7501 (stating that

certain taxes are held in trust). Courts have held these taxes are not property of a debtor's estate.

*See, e.g.*, *Begier v. IRS*, 496 U.S. 53, 57-60 (1990) (stating that withholding taxes are property held

by debtor in trust for another and, as such, are not property of debtor's estate); *Official Comm. of

Unsecured Creditors of the Columbia Gas Transmission Corp. v. Columbia Gas Sys. Inc.

(In re Columbia Gas Sys. Inc.*), 997 F.2d 1039, 1051 (3d Cir. 1993) (indicating that refunds

required to be collected by federal law created a trust fund that was not property of the debtor's

estate); *Al Copeland Enters., Inc. v. Texas (In re Al Copeland Enters., Inc.*), 991 F.2d 233, 235–

37 (5th Cir. 1993) (holding that debtors' prepetition collection of sales taxes and interest thereon

were held subject to trust and were not property of the estate); *Shank v. Wash. State Dep't of

Revenue (In re Shank*), 792 F.2d 829, 830 (9th Cir. 1986) (concluding that sales taxes required by

state law to be collected by sellers from their customers are "trust fund" taxes); *DeChiaro v. N.Y.

State Tax Comm'n*, 760 F.2d 432, 433–34 (2d Cir. 1985) (concluding that sales taxes are "trust

fund" taxes); *In re Am. Int'l Airways, Inc.*, 70 B.R. 102, 103 (Bankr. E.D. Pa. 1987) (holding that

excise and withholding taxes are "trust fund" taxes); *Shipley Co. v. Darr* (*In re Tap, Inc.*), 52 B.R.

271, 277 (Bankr. D. Mass. 1985) (finding that withholding taxes are "trust fund" taxes).  Since

these funds are not property of the Debtors' estates, they are not available for the satisfaction of

creditors' claims.  Accordingly, the Debtors request the Court authorize payment of the Taxes and

Fees to the applicable Governmental Authorities as they come due.

**B.      Payment of the Taxes and Fees Eliminates Unnecessary Distractions From the Administration of the Debtors' Chapter 11 Cases**

30.    Many federal and state statutes hold certain directors, officers and other employees

responsible for remitting certain taxes personally liable for the failure to do so.  *See, e.g.*, I.R.C.

§ 6672 (imposing personal liability in connection with nonpayment of employment taxes).  Any

claims or litigation related to the failure to pay the Taxes and Fees would be distracting for the

Debtors and their directors, officers and other employees, as well as for this Court, much to the

detriment of the Debtors' restructuring efforts.  Payment of the Taxes and Fees would avoid the

loss of focus and harm to director, officer and employee morale that results from the risk of

personal liability.  As such, it is in the best interest of the Debtors' estates to eliminate the

possibility of these distractions and enable the Debtors to continue their businesses uninterrupted.

**C.      Payment of Certain of the Taxes and Fees Is Appropriate under Bankruptcy Code Section 507(a)(8)**

31.    Claims for some or all of the Taxes and Fees owed by the Debtors are entitled to

priority status under section 507(a)(8) of the Bankruptcy Code.  As priority claims, those Taxes

and Fees must be paid in full before any general unsecured obligations of the Debtors can be

satisfied.  Payment of the Taxes and Fees will also save the Debtors potential interest expense,

legal expense and penalties that might otherwise accrue on, or be incurred in connection with, such

Taxes and Fees.

32.     The Debtors believe that sufficient assets will exist to pay all Taxes and Fees in full

under any plan of reorganization that may ultimately be proposed and confirmed by this Court.

Accordingly, to the extent the collected taxes are property of the Debtors' estates and give rise to

priority claims, the relief requested herein will only affect the timing of the payments of these

Taxes and Fees and will not prejudice the rights of general unsecured creditors.

33.     Section 507(a)(8) of the Bankruptcy Code grants priority status to unsecured claims

of governmental units for (a) taxes on or measured by income or gross receipts for a taxable year

ending on or before the Petition Date, for which a return, if required, is last due after three years

before the Petition Date, and, which is assessed within 240 days on or before the Petition Date, *see*

11 U.S.C. § 507(a)(8)(A); (b) property taxes incurred before the Petition Date, *see* 11 U.S.C.

§ 507(a)(8)(B); and (c) taxes required to be collected or withheld and for which the debtor is liable

in whatever capacity, *see* 11 U.S.C. § 507(a)(8)(C).

34.     Obligations labeled "fees" or "charges" may also be deemed taxes entitled to

priority status.  *See* 11 U.S.C. § 507(a)(8).  A fee or charge is a tax if it is an involuntary pecuniary

burden (a) laid upon individuals or their property; (b) imposed by or under authority of a legislative

body; (c) assumed for public purposes, including the purposes of defraying expenses of

government or undertakings authorized by it; and (d) assessed under the police or taxing power of

the state.  *See LTV Steel Co. v. Shalala* (*In re Chateaugay Corp.*), 53 F.3d 478, 498 (2d Cir. 1995).

Substantially all of the Taxes and Fees are involuntary pecuniary burdens imposed by the authority

of a federal, state or local legislature under its police or taxing power.  As a result, many of the

claims in respect of the Taxes and Fees would qualify for priority status under Bankruptcy Code

section 507(a)(8) even if styled "fees" or "charges." Those claims also must be paid in full before any general unsecured obligations of a debtor may be satisfied.

35.     Thus, payment of the Taxes and Fees will likely give the Governmental Authorities no more than that to which they would otherwise be entitled under a chapter 11 plan. The payment of these Taxes and Fees amounts to a timing issue and will not prejudice the rights of the general unsecured creditors of these estates. Moreover, payment will save the Debtors potential interest expense, legal expense and penalties that otherwise might accrue on, or be incurred in connection with, the Taxes and Fees.

**D.     Payment of the Taxes and Fees Is Appropriate Under Section 363 and the Doctrine of Necessity**

36.     The Court may grant the requested relief under section 363 of the Bankruptcy Code. Section 363(b)(1) of the Bankruptcy Code empowers the Court to allow the debtor to "use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Under section 363, a court may authorize a debtor to pay certain prepetition claims where supported by a sound business purpose. *See In re Chateaugay Corp.*, 973 F.2d 141, 143 (2d Cir. 1992) (holding that a judge deciding a section 363(b) application must find from the evidence presented before him or her a good business reason to grant such application); *see also Comm. of Equity Sec. Holders v. Lionel Corp.* (*In re Lionel Corp.*), 722 F.2d 1063, 1071 (2d Cir. 1983); *In re Global Crossing Ltd.*, 295 B.R. 726, 743 (Bankr. S.D.N.Y. 2003); *In re Ionosphere Clubs, Inc.*, 100 B.R. 670, 675 (Bankr. S.D.N.Y. 1989) (noting the standard for determining a section 363(b) motion is "a good business reason").

37.     The business judgment rule is satisfied "when the following elements are present: (1) a business decision, (2) disinterestedness, (3) due care, (4) good faith, and (5) according to some courts and commentators, no abuse of discretion or waste of corporate assets." *Official*

*Comm. of Subordinated Bondholders v. Integrated Res., Inc.* (*In re Integrated Res., Inc.*), 147 B.R. 650, 656 (S.D.N.Y. 1992), *appeal dismissed*, 3 F.3d 49 (2d Cir. 1993) (internal quotations omitted).  In fact, "[w]here the debtor articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain objections to the debtor's conduct."  *Comm. of Asbestos-Related Litigants and/or Creditors v. Johns-Manville Corp.* (*In re Johns-Manville Corp.*), 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986).  Courts in this district have consistently and appropriately been reluctant to interfere with corporate decisions absent a showing of bad faith, self-interest or gross negligence and will uphold a board's decisions as long as they are attributable to any "rational business purpose."  *In re Integrated Res. Inc.,* 147 B.R. at 656.

38.     The Court may also authorize the payment of prepetition claims under section 105(a) of the Bankruptcy Code when such payment is essential to the continued operation of a debtor's business.  Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).  A bankruptcy court's use of its equitable powers to "authorize the payment of pre-petition debt when such payment is needed to facilitate the rehabilitation of the debtor is not a novel concept."  *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989).  Under section 105, "the court can permit pre-plan payment of a pre-petition obligation when essential to the continued operation of the debtor."  *In re NVR L.P.*, 147 B.R. 126, 127 (Bankr. E.D. Va. 1992) (citing *Ionosphere Clubs*, 98 B.R. at 177).

39.     In a long line of well-established cases, federal courts have consistently permitted postpetition payment of prepetition obligations where necessary to preserve or enhance the value of a debtor's estate for the benefit of all creditors.  *See, e.g.*, *Miltenberger v. Logansport Ry. Co.*,

106 U.S. 286, 312 (1882) (permitting payment of a pre-receivership claim prior to reorganization to prevent "stoppage of [crucial] business relations"); *Mich. Bureau of Workers' Disability Comp. v. Chateaugay Corp.* (*In re Chateaugay Corp.*), 80 B.R. 279, 285–86 (S.D.N.Y. 1987) (affirming order authorizing payment of prepetition wages, salaries, expenses and benefits).

40.      This doctrine of "necessity" functions in a chapter 11 reorganization as a mechanism by which the bankruptcy court can exercise its equitable power to allow payment of critical prepetition claims not explicitly authorized by the Bankruptcy Code.  *See In re Bos. & Me. Corp.*, 634 F.2d 1359, 1382 (1st Cir. 1980) (recognizing existence of judicial power to authorize trustees to pay claims for goods and services that are indispensably necessary to debtors' continued operation).  The doctrine is frequently invoked early in a reorganization, particularly in connection with those chapter 11 sections that relate to payment of prepetition claims.

41.      The Debtors submit that the timely payment of Taxes and Fees represents a sound exercise of the Debtors' business judgment and is justified under sections 363(b) and 105(a) of the Bankruptcy Code.  As noted above, payment of the Taxes and Fees will allow the Debtors to continue their business operations uninterrupted.  Moreover, if the Debtors do not pay the Taxes and Fees, Governmental Authorities could take costly, distracting actions that would interfere with the Debtors' reorganization efforts.  Accordingly, the Debtors submit the proposed relief is warranted in these chapter 11 cases and should be granted.

42.      The relief requested in this Motion has been granted in comparable chapter 11 cases in this jurisdiction.  *See, e.g.*, *In re Ditech Holding Corp.*, Case No. 19-10412 (JLG) (Bankr. S.D.N.Y. Feb. 15, 2019); *In re Synergy Pharm. Inc.*, Case No. 18-14010 (JLG) (Bankr. S.D.N.Y. Dec. 27, 2018); *In re Waypoint Leasing Holdings Ltd.*, Case No. 18-13648 (SMB) (Bankr. S.D.N.Y. Dec. 12, 2018); *In re Aegean Marine Petroleum Network Inc.*, Case No.

16

18-13374 (MEW) (Bankr. S.D.N.Y. Nov. 16, 2018); *In re Sears Holding Corp.*, Case No. 18-23538 (RDD) (Bankr. S.D.N.Y. Oct. 16, 2018); *In re Aralez Pharm. US Inc.*, Case No. 18-12425 (MG) (Bankr. S.D.N.Y. Aug. 14, 2018).  The Debtors submit that the circumstances described herein warrant similar relief.

**E.    The Proposed Payment-Processing Procedures Are Appropriate**

43.    The Debtors also request that the Court authorize Banks to receive, process, honor and pay all checks presented for payment of, and to honor all fund transfer requests made by the Debtors related to, the claims that the Debtors request authority to pay in this Motion, regardless of whether the checks were presented or fund transfer requests were submitted before, on or after the Petition Date; *provided* that (a) funds are available in the Debtors' accounts to cover the checks and fund transfers and (b) the Banks are authorized to rely on the Debtors' designation of any particular check as approved by the Interim Order and the Final Order.

44.    The Debtors have sufficient liquidity to pay the amounts set forth in this Motion in the ordinary course of business and have implemented controls to ensure that prepetition claims will not be paid out except as authorized by this Court.  The Debtors therefore submit that the payment-processing procedures described in this Motion are appropriate.

**Debtors Have Satisfied Bankruptcy Rule 6003(b)**

45.    Bankruptcy Rule 6003(b) provides that, to the extent relief is necessary to avoid immediate and irreparable harm, a bankruptcy court may issue an order granting "a motion to use, sell, lease, or otherwise incur an obligation regarding property of the estate, including a motion to pay all or part of a claim that arose before the filing of the petition" within twenty-one (21) days of filing a petition.  Irreparable harm "is a continuing harm which cannot be adequately redressed by final relief on the merits and for which money damages cannot provide adequate compensation."

*Kamerling v. Massanari*, 295 F.3d 206, 214 (2d Cir. 2002) (internal quotations omitted).  The "harm must be shown to be actual and imminent, not remote or speculative."  *Id.*

46.     The Debtors will need to pay the Taxes and Fees as they come due to avoid the harmful consequences discussed above to the Debtors' businesses and reorganization efforts. Accordingly, the Debtors submit that the relief requested herein is necessary to avoid immediate and irreparable harm, and that Bankruptcy Rule 6003(b) is satisfied.

## Request for Waiver of Stay

47.     To implement the foregoing successfully, the Debtors request that the Court find that notice of the Motion is adequate under Bankruptcy Rule 6004(a) and waive the fourteen (14) day stay of an order authorizing the use, sale or lease of property under Bankruptcy Rule 6004(h). As explained above and in the Lowne Declaration, the relief requested herein is necessary to avoid immediate and irreparable harm to the Debtors.  Accordingly, ample cause exists to find the notice requirements of Bankruptcy Rule 6004(a) have been satisfied and to grant a waiver of the fourteen (14) day stay imposed by Bankruptcy Rule 6004(h), to the extent the notice requirement and stay apply.

## Notice

48.     Notice of this Motion will be provided to (a) the U.S. Trustee; (b) each of the Debtors' fifty largest unsecured creditors on a consolidated basis; (c) each of the Debtors' three largest secured creditors on a consolidated basis; (d) the Internal Revenue Service; (e) the United States Department of Justice; (f) the United States Attorney's Office for the Southern District of New York; (g) the attorneys general for all fifty states and the District of Columbia; (h) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (i) the Governmental Authorities (collectively, the "**Notice Parties**").  Based on the urgency of the circumstances surrounding this

Motion and the nature of the relief requested herein, the Debtors respectfully submit that no further notice is required.

### Reservation of Rights

49.    Nothing contained herein or any action taken pursuant to such relief is intended or shall be construed as (a) an admission as to the validity or priority of any claim against the Debtors; (b) a waiver of the Debtors' or any appropriate party-in-interest's rights to dispute the amount of, basis for or validity of any claim against the Debtors; (c) a waiver of any claims or causes of action which may exist against any creditor or interest holders; or (d) an approval, assumption, adoption or rejection of any agreement, contract, lease, program or policy between the Debtors and any third party under section 365 of the Bankruptcy Code.  Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended to be and should not be construed as an admission as to the validity or priority of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

### No Previous Request

50.    No previous request for the relief sought herein has been made by the Debtors to this or any other court.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, the Debtors respectfully request that the Court grant the relief requested

herein and such other and further relief as may be just and proper.

Dated:    September 15, 2019
         New York, New York

                               DAVIS POLK & WARDWELL LLP

                               By:    */s/ Eli J. Vonnegut*

                               450 Lexington Avenue
                               New York, New York 10017
                               Telephone: (212) 450-4000
                               Facsimile:  (212) 701-5800
                               Marshall S. Huebner
                               Benjamin S. Kaminetzky
                               Timothy Graulich
                               Eli J. Vonnegut

                               *Proposed Counsel to the Debtors*
                               *and Debtors in Possession*

## Exhibit A

**Proposed Interim Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.**, *et al.*, | Case No. 19-[    ](RDD) |
| Debtors.[1] | (Joint Administration Pending) |

## INTERIM ORDER AUTHORIZING (I) DEBTORS TO PAY CERTAIN PREPETITION TAXES, GOVERNMENTAL ASSESSMENTS AND FEES AND (II) FINANCIAL INSTITUTIONS TO HONOR AND PROCESS RELATED CHECKS AND TRANSFERS

Upon the motion (the "**Motion**")[2] of Purdue Pharma L.P. and its affiliates that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**"), pursuant to sections 105(a), 363(b), 507(a) and 541 of title 11 of the United States Code (the "**Bankruptcy Code**"), for entry of an interim order (this "**Order**") and a final order authorizing, but not directing, the Debtors to pay taxes, assessments, fees and charges incurred by the Debtors in the ordinary course of business (without regard to whether such obligations accrued or arose before, on or after the Petition Date), including any such taxes, assessments, fees and charges subsequently determined to be owed by the Debtors (collectively, the "**Taxes and Fees**"), all as set forth more fully in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to such term in the Motion.

pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference M-431*,

dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested

therein being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before the Court

pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been

provided to the Notice Parties, and it appearing that no other or further notice need be provided;

and the Court having reviewed the Motion and held a hearing to consider the relief requested in

the Motion on an interim basis (the "**Hearing**"); and upon the Lowne Declaration filed

contemporaneously with the Motion, and the record of the Hearing; and the Court having

determined that the legal and factual bases set forth in the Motion and at the Hearing establish just

cause for the relief granted herein; and the Court having determined that immediate relief is

necessary to avoid irreparable harm to the Debtors and their estates as contemplated by Bankruptcy

Rule 6003(b) and is in the best interests of the Debtors, their estates, creditors and all parties in

interest; and upon all of the proceedings had before the Court and after due deliberation and

sufficient cause appearing therefor;

   **IT IS HEREBY ORDERED THAT**

   1.    The Motion is granted on an interim basis as set forth herein.

   2.    The Debtors are authorized, but not directed, in their sole discretion, to pay the

Taxes and Fees (without regard to whether the Taxes and Fees accrued or arose before, on or after

the Petition Date), including but not limited to all of those Taxes and Fees subsequently determined,

upon audit or otherwise, to be owed.

   3.    All Banks are (a) authorized and directed to receive, process, honor and pay any

and all checks, drafts, electronic transfers and other forms of payment used by the Debtors on

account of the Taxes and Fees, whether presented before, on or after the Petition Date; *provided*

that the Debtors have good funds standing to their credit with the applicable Bank; and (b) prohibited from placing any hold on, or attempting to reverse, any automatic transfer on account of the Taxes and Fees.  The Banks shall rely on the representations of the Debtors as to which checks and fund transfers should be honored and paid pursuant to this Order without any duty of further inquiry and without liability for following the Debtors' instructions.

4.      Any party receiving payment from the Debtors is authorized and directed to rely on the representations of the Debtors as to which payments are authorized by this Order.

5.      Nothing in the Motion or this Order shall be deemed to authorize the Debtors to accelerate any payments not otherwise due prior to entry of a final order granting the relief requested in the Motion.

6.      Nothing contained in the Motion or this Order, nor any payment made pursuant to the authority granted by this Order, shall constitute or be construed as (a) an admission as to the validity or priority of any claim against the Debtors; (b) a waiver of the Debtors' or any appropriate party-in-interest's rights to dispute the amount of, basis for or validity of any claim against the Debtors; (c) a waiver of any claims or causes of action which may exist against any creditor or interest holder; or (d) an approval, assumption, adoption or rejection of any agreement, contract, lease, program or policy between the Debtors and any third party under section 365 of the Bankruptcy Code.

7.      Nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

8.      The contents of the Motion and the notice procedures set forth therein are good and sufficient notice and satisfy the Bankruptcy Rules and the Local Bankruptcy Rules for the Southern

District of New York, and no other or further notice of the Motion or the entry of this Order shall be required.

9.      The Final Hearing shall be held on _____, 2019, at _____ (Prevailing Eastern Time).  Any objections or responses to the entry of the Final Order shall be: (a) filed with the Court and (b) served upon and actually received by (i) the Office of the United States Trustee, U.S. Federal Office Building, 201 Varick Street, Room 1006, New York, NY 10014 (Attn: Paul K. Schwartzberg), (ii) proposed counsel to the Debtors, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, NY 10017 (Attn: Marshall S. Huebner, Benjamin S. Kaminetzky, Timothy Graulich and Eli J. Vonnegut) and (iii) counsel to any official committee then appointed in these chapter 11 cases,  so as to be received by 4:00 p.m. (Prevailing Eastern Time) seven (7) days before the Final Hearing.  A reply to an objection may be filed with the Court and served on or before 12:00 p.m. (prevailing Eastern Time) on the day that is at least two (2) business days before the date of the applicable hearing. If no objections or responses are filed and served, this Court may enter the Final Order without further notice or hearing.

10.     If no objections are timely filed and served as set forth herein, the Debtors shall, on or after the Objection Deadline, submit to the Court a final order substantially in the form of this Order, which order shall be submitted and may be entered with no further notice or opportunity to be heard afforded any party, and the Motion shall be approved *nunc pro tunc* to the date of the commencement of these chapter 11 cases.

11.     The requirements of Bankruptcy Rule 6003 are satisfied by the contents of the Motion.

4

12.     The contents of the Motion and the notice procedures set forth therein are good and sufficient notice and satisfy the Bankruptcy Rules and the Local Rules, and no other or further notice of the Motion or the entry of this Order shall be required.

13.     Any Bankruptcy Rule (including, but not limited to, Bankruptcy Rule 6004(h)) or Local Rule that might otherwise delay the effectiveness of this Order is hereby waived, and the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

14.     The Debtors are authorized to take all action necessary to effectuate the relief granted in this Order.

15.     The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation or enforcement of this Order.

White Plains, New York
Dated: _____, 2019

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit B</u>**

**Proposed Final Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.**, *et al.*, | Case No. 19-[    ](RDD) |
| Debtors.[1] | (Joint Administration Pending) |

### FINAL ORDER AUTHORIZING (I) DEBTORS TO PAY CERTAIN PREPETITION TAXES, GOVERNMENTAL ASSESSMENTS AND FEES AND (II) FINANCIAL INSTITUTIONS TO HONOR AND PROCESS RELATED CHECKS AND TRANSFERS

Upon the motion (the "**Motion**")[2] of Purdue Pharma L.P. and its affiliates that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**"), pursuant to sections 105(a), 363(b), 507(a) and 541 of title 11 of the United States Code (the "**Bankruptcy Code**"), for entry of an interim order and a final order (this "**Order**") authorizing, but not directing, the Debtors to pay taxes, assessments, fees and charges incurred by the Debtors in the ordinary course of business (without regard to whether such obligations accrued or arose before, on or after the Petition Date), including any such taxes, assessments, fees and charges subsequently determined to be owed by the Debtors (collectively, the "**Taxes and Fees**"), all as set forth more fully in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to such term in the Motion.

pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference M-431*,

dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested

therein being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before the Court

pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been

provided to the Notice Parties, and it appearing that no other or further notice need be provided;

and the Court having reviewed the Motion and held a hearing to consider the relief requested in

the Motion on a final basis (the "**Hearing**"); and upon the Lowne Declaration filed

contemporaneously with the Motion, and the record of the Hearing; and the Court having

determined that the legal and factual bases set forth in the Motion and at the Hearing establish just

cause for the relief granted herein; and the Court having determined that the relief granted herein

is in the best interests of the Debtors, their estates, creditors and all parties in interest; and upon all

of the proceedings had before the Court and after due deliberation and sufficient cause appearing

therefor;

###### IT IS HEREBY ORDERED THAT

1.      The Motion is granted on a final basis as set forth herein.

2.      The Debtors are authorized, but not directed, in their sole discretion, to pay the

Taxes and Fees (without regard to whether the Taxes and Fees accrued or arose before, on or after

the Petition Date), including but not limited to all of those Taxes and Fees subsequently determined,

upon audit or otherwise, to be owed.

3.      All Banks are (a) authorized and directed to receive, process, honor and pay any

and all checks, drafts, electronic transfers and other forms of payment used by the Debtors on

account of the Taxes and Fees, whether presented before, on or after the Petition Date; *provided*

that the Debtors have good funds standing to their credit with the applicable Bank; and

(b) prohibited from placing any hold on, or attempting to reverse, any automatic transfer on account of the Taxes and Fees. The Banks shall rely on the representations of the Debtors as to which checks and fund transfers should be honored and paid pursuant to this Order without any duty of further inquiry and without liability for following the Debtors' instructions.

4.      Any party receiving payment from the Debtors is authorized and directed to rely on the representations of the Debtors as to which payments are authorized by this Order.

5.      Nothing contained in the Motion or this Order, nor any payment made pursuant to the authority granted by this Order, shall constitute or be construed as (a) an admission as to the validity or priority of any claim against the Debtors; (b) a waiver of the Debtors' or any appropriate party-in-interest's rights to dispute the amount of, basis for or validity of any claim against the Debtors; (c) a waiver of any claims or causes of action which may exist against any creditor or interest holder; or (d) an approval, assumption, adoption or rejection of any agreement, contract, lease, program or policy between the Debtors and any third party under section 365 of the Bankruptcy Code.

6.      Nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

7.      The contents of the Motion and the notice procedures set forth therein are good and sufficient notice and satisfy the Bankruptcy Rules and the Local Bankruptcy Rules for the Southern District of New York, and no other or further notice of the Motion or the entry of this Order shall be required.

8.      Any Bankruptcy Rule (including, but not limited to, Bankruptcy Rule 6004(h)) or Local Rule that might otherwise delay the effectiveness of this Order is hereby waived, and the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

3

9.      The Debtors are authorized to take all action necessary to effectuate the relief granted in this Order.

10.     The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation or enforcement of this Order.

White Plains, New York
Dated: _____, 2019

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit C</u>**

**Governmental Authorities List**

**Governmental Authorities List**

| Governmental Authority | Address |
| --- | --- |
| Alabama Department of Revenue | 50 North Ripley Street<br>Montgomery, AL 36104 |
| Alabama State Board of Pharmacy | 111 Village St<br>Birmingham, AL 35242 |
| Arizona Department of Revenue | 1600 West Monroe Street<br>Phoenix, AZ 85007 |
| Arizona State Board of Pharmacy | 1616 W. Adams St., Suite 120<br>Phoenix, AZ 85007 |
| Arkansas State Board of Pharmacy | 322 S Main St, Suite 600<br>Little Rock, AR 72201 |
| California Board of Equalization | PO BOX 942879<br>Sacramento, CA 94279-6001 |
| California Department of Tax and Fee Administration | PO BOX 942879<br>Sacramento, CA 94279 |
| California Franchise Tax Board | Business Acquisitions Unit MS A374<br>9646 Butterfield Way<br>Sacramento, CA 95827 |
| California State Board of Pharmacy | 1625 N Market Blvd N219<br>Sacramento, CA 95834 |
| City of Chattanooga | PO BOX 191<br>Chattanooga, TN 37401-0191 |
| City of Durham | Finance Department<br>101 City Hall Plaza<br>Durham, NC 27701 |
| City of Hawthorne | 4455 W 126th Street<br>Fresno, CA 93775-1866 |
| City of Stamford | Board of Finance, Stamford Government Center<br>888 Washington Blvd, 4th Floor<br>Stamford, CT 06901 |
| City of Stamford | PO BOX 50<br>Stamford, CT 06904-0050 |
| City of Vallejo | 555 Santa Clara St<br>Vallejo, CA 94590-5934 |
| City of Warwick | Finance Department<br>Warwick City Hall, 3275 Post Road<br>Warwick, RI 02889 |

| Governmental Authority | Address |
|---|---|
| City of Wilson | Financial Administration and Accounting<br>112 Goldsboro St. E<br>Wilson, NC 27894 |
| Colorado Bureau of Investigation | 690 Kipling Street<br>Suite 4000<br>Lakewood, CO 80215 |
| Colorado Department of Revenue | 1375 Sherman Street<br>Denver, CO 80261 |
| Colorado State Board of Pharmacy | 1560 Broadway, Suite 1350<br>Denver, CO 80202 |
| Commissioner of Revenue Services | 77 K Street North East<br>Washington, DC 20002 |
| Comptroller of Maryland | 8181 Professional Pl Ste 101<br>Landover, MD 20785 |
| Connecticut Commissioner of Revenue Services | Commissioner Scott D. Jackson I<br>450 Columbus Blvd.<br>Hartford, CT 06103 |
| Connecticut Department of Consumer Protection | 450 Columbus Boulevard, Suite 901<br>Hartford, CT 06103-1840 |
| Connecticut Secretary of State | PO BOX 150470<br>Hartford, CT 06115-0470 |
| Coventry Fire District | PO BOX 20104<br>Cranston, RI 02920-0927 |
| Delaware Division of Professional Regulation | Cannon Building, Suite 203<br>861 Silver Lake Blvd.<br>Dover, DE 19904 |
| Delaware Division of Revenue | Dover Office<br>540 South DuPont Highway, Suite 2<br>Dover, DE 19901 |
| Delaware Division of Revenue | PO BOX 8703<br>Wilmington, DE 19899-8703 |
| Delaware Division of Revenue | Wilmington Office<br>820 N. French Street<br>Wilmington, DE 19801 |
| District of Columbia Department of Health | 899 North Capitol Street, NE<br>Washington, DC 20002 |
| District of Columbia Treasurer | 899 N Capital St NE 2nd Fl<br>Washington, DC 20002 |

| Governmental Authority | Address |
|---|---|
| District of Columbia Treasurer | Office Of Tax & Revenue<br>Washington, DC 20090 |
| Florida Department of Business and Professional Regulation | 2601 Blair Stone Road<br>Tallahassee, FL 32399 |
| Florida Department of Health | 4052 Bald Cypress Way, Bin A04<br>Tallahassee, FL 32399 |
| Florida Department of Revenue | 5050 West Tennessee Street<br>Tallahassee, FL 32399 |
| Florida Department of Revenue | General Counsel<br>P. O. Box 6668<br>Tallahassee, FL 32314-6668 |
| Franchise Tax Board | PO BOX 942857<br>Sacramento, CA 94257 |
| Georgia Department of Revenue | 1800 Century Boulevard, NE<br>Atlanta, GA 30345 |
| Georgia State Board of Pharmacy | Georgia Department of Community Health<br>2 Peachtree St NW, 6th Floor<br>Atlanta, GA 30303 |
| Hamilton County Trustee | PO BOX 11047<br>Chattanooga, TN 37401-2047 |
| Idaho State Board of Pharmacy | 1199 W Shoreline Lane, Suite 303<br>Boise, ID 83702-9103 |
| Idaho State Tax Commission | 800 E. Park Blvd.<br>Boise, ID 83712-7742 |
| Idaho State Tax Commission | P.O. Box 36<br>Boise, ID 83722-0410 |
| Illinois Department of Financial and Professional Regulation | 100 West Randolph, 9th Floor<br>Chicago, IL 60601 |
| Illinois Department of Revenue | James R. Thompson Center - Concourse Level<br>100 West Randolph Street<br>Chicago, IL 60601-3274 |
| Illinois Department of Revenue | Maine North Regional Building<br>9511 Harrison Avenue<br>Des Plaines, IL 60016-1563 |
| Illinois Department of Revenue | Willard Ice Building<br>101 West Jefferson Street<br>Springfield, IL 62702 |

| Governmental Authority | Address |
|---|---|
| Indiana Department of Revenue | PO BOX 7205<br>Indianapolis, IN 46205 |
| Iowa Board of Pharmacy | 400 SW 8th St, Suite E<br>Des Moines, IA 50309-4688 |
| Kansas State Board of Pharmacy | 800 SW Jackson, Ste 1414<br>Topeka, KS 66612 |
| Kentucky Board of Pharmacy | 125 Holmes Street<br>State Office Building Annex. Suite 300<br>Frankfort, KY 40601 |
| Kentucky State Treasurer | Office of Kentucky State Treasurer Allison Ball<br>1050 US Highway 127 South, Suite 100<br>Frankfort, KY 40601 |
| Louisiana Board of Drug and Device Distributors | 12091 Bricksome Avenue, Suite B<br>Baton Rouge, LA 70816 |
| Louisiana Board of Pharmacy | 3388 Brentwood Drive<br>Baton Rouge, LA 70809 |
| Louisiana Department of Health | 628 N. 4th Street<br>Baton Rouge, LA 70802 |
| Maine Department of Professional and Financial Regulation | Office of Professional and Occupational Regulation – Board of Pharmacy<br>35 State House Station<br>Augusta, ME 04333-0035 |
| Maine Department of Professional and Financial Regulation Board of Pharmacy | 76 Northern Avenue<br>Gardiner, ME 04345 |
| Maine Revenue Services | 35 State House Station<br>Augusta, ME 04330 |
| Maine Revenue Services | 51 Commerce Drive<br>Augusta, ME 04330 |
| Maine Revenue Services | PO BOX  9101<br>Augusta, ME 04332-9101 |
| Maryland Department of Health and Mental Hygiene | 201 W. Preston Street<br>Baltimore, MD 21201 |
| Maryland Pharmacy Board | 4201 Patterson Avenue<br>Baltimore, MD 21215 |
| Massachusetts Department of Revenue | 100 Cambridge Street, 2nd Foor<br>Boston, MA 02114 |

| Governmental Authority | Address |
|---|---|
| Michigan Board of Pharmacy | 611 W Ottawa, 3rd Floor<br>P.O. Box 30670<br>Lansing, MI 48909-8170 |
| Michigan Department of Treasury | 430 W Allegan Street<br>Lansing, MI 48922 |
| Michigan Department of Treasury | Unclaimed Property<br>P.O. Box 30756<br>Lansing, MI 48909 |
| Minnesota Board of Pharmacy | 2829 University Ave SE, Suite 530<br>Minneapolis, MN 55414-3251 |
| Minnesota Department of Revenue | 600 North Robert Street<br>St. Paul, MN 55146 |
| Mississippi Board of Pharmacy | 6360 I-55 North<br>Suite 400<br>Jackson, MS 39211 |
| Mississippi Department of Revenue | 500 Clinton Center Drive<br>Clinton, MS 39056 |
| Mississippi Department of Revenue | P.O. Box 1033<br>Jackson, MS 39215-1033 |
| Missouri Board of Pharmacy | P.O. Box 625<br>Jefferson City, MO 65102 |
| Montana Board of Pharmacy | P.O. Box 200513<br>Helena, MT 59620-0513 |
| Nebraska Department of Revenue | Nebraska State Office Building,<br>301 Centennial Mall S<br>Lincoln, NE 68508 |
| Nebraska Department of Revenue | P.O. Box 94818<br>Lincoln, NE 68509-4818 |
| Nevada Board of Pharmacy | 985 Damonte Ranch Pkwy<br>Suite 206<br>Reno, NV 89521 |
| Nevada Department of Taxation | 1550 College Parkway, Suite 115<br>Carson City, NV 89706 |
| Nevada Department of Taxation | 2550 Paseo Verde<br>Suite 180<br>Henderson, NV 89074 |
| Nevada Department of Taxation | 4600 Kietzke Lane<br>Building L, Room 235<br>Reno, NV 89502 |

| Governmental Authority | Address |
|---|---|
| Nevada Department of Taxation | Grant Sawyer Office Building<br>555 E. Washington Ave, Suite 1300<br>Las Vegas, NV 89101 |
| New Hampshire Board of Pharmacy | 121 S Fruit St<br>Suite 401<br>Concord, NH 03301-2412 |
| New Jersey Department of Health | P.O. Box 360<br>Trenton, NJ 08625-0360 |
| New Jersey Department of the Treasury | PO BOX 417<br>Trenton, NJ 08646-0417 |
| New Jersey Department of the Treasury | PO BOX 638<br>Trenton, NJ 08646-0638 |
| New Mexico Board of Pharmacy | 5500 San Antonio Dr NE, Ste C<br>Albuquerque, NM 87109 |
| New York City Department of Finance | Correspondence Unit<br>One Centre Street, 22nd Floor<br>New York, NY 10007 |
| New York City Department of Finance | PO BOX  4136<br>Binghamton, NY 13902-4136 |
| New York City Department of Finance | PO BOX  5040<br>Kingston, NY 12402-5040 |
| New York City Department of Finance | PO BOX 5150<br>Kingston, NY 12402-5150 |
| New York City Water Board | PO BOX 11863<br>Newark, NJ 07101 |
| New York Department of Education Board of Pharmacy | 89 Washington Ave<br>2nd Floor W<br>Albany, NY 12234-1000 |
| New York Department of Health | Corning Tower<br>Empire State Plaza<br>Albany, NY 12237 |
| New York State Commissioner of Taxation and Finance | Bankruptcy Section<br>P.O. Box 5300<br>Albany, NY 12205-0300 |
| New York State Commissioner of Taxation and Finance | PO BOX  61000<br>Albany, NY 12261-0001 |
| New York State Corporation Tax | PO BOX 1909<br>Albany, NY 12201-1909 |

| Governmental Authority | Address |
|---|---|
| New York State Corporation Tax | PO BOX 22093<br>Albany, NY 12201-2093 |
| North Carolina Department of Agriculture and Consumer Services | 1001 Mail Service Center<br>Raleigh, NC 27699-1001 |
| North Carolina Department of Agriculture and Consumer Services | 2 West Edenton Street<br>Raleigh, NC 27601 |
| North Carolina Department of Environmental and Natural Resources | 1601 Mail Service Center<br>Raleigh, NC 27699-1601 |
| North Carolina Department of Health and Human Services | 101 Blair Drive<br>Raleigh, NC 27603 |
| North Carolina Department of Health and Human Services | 2001 Mail Service Center<br>Raleigh, NC 27699-2000 |
| North Carolina Department of Revenue | 501 North Wilmington Street<br>Raleigh, NC 27604 |
| North Carolina Department of Revenue | P.O. Box 25000<br>Raleigh, NC 27640-0640 |
| North Carolina Department of Revenue | PO BOX  25000<br>Raleigh, NC 27640-0500 |
| North Dakota State Board of Pharmacy | 1906 E Broadway Ave<br>Bismarck, ND 58501-1354 |
| Ohio Board of Pharmacy | 77 S High St, 17th Floor<br>Columbus, OH 43215-6126 |
| Ohio Department of Taxation | PO BOX 181140<br>Columbus, OH 43218 |
| Ohio Treasurer | Robert Sprague<br>30 E. Broad Street - 9th Floor<br>Columbus, OH 43215 |
| Oklahoma State Board of Pharmacy | 2920 N Lincoln Blvd, Ste A<br>Oklahoma City, OK 73105-3488 |
| Oregon Department of Revenue | PO BOX  14725<br>Salem, OR 97309-5018 |
| Oregon State Board of Pharmacy | 800 NE Oregon St., Suite 150<br>Portland, OR 97232 |

| Governmental Authority | Address |
|---|---|
| Pennsylvania Department of Revenue | Office of the Governor<br>508 Main Capitol Building<br>Harrisburg, PA 17120 |
| Pennsylvania Department of Health | Health and Welfare Building<br>8th Floor West, 625 Forster Street<br>Harrisburg, PA 17120 |
| Puerto Rico Secretary of Treasury | PO BOX  9024140<br>San Juan, PR 00902-4140 |
| Rhode Island Board of Pharmacy | 3 Capitol Hill, Room 205<br>Providence, RI 02908-5097 |
| Rhode Island Department of Health | 3 Capitol Hill<br>Providence, RI 02908 |
| Rhode Island Department of Health (Division of Drug Control) | 50 Orms St<br>Providence, RI 02903 |
| Rhode Island Division of Taxation | One Capitol Hill<br>Providence, RI 02908 |
| Secretario de Hacienda | Bureau Of Chauffeur's Insurance<br>San Juan, PR 00919 |
| South Carolina Board of Pharmacy | Kingstree Bldg<br>110 Centerview Dr<br>Columbia, SC 29210 |
| South Carolina Bureau of Financial Management | 2600 Bull Stree<br>Columbia, SC 29201 |
| South Dakota Department of Health | 600 E. Capitol Ave<br>Pierre, SD 57501-2536 |
| South Dakota Department of Health | 600 East Capitol Avenue<br>Pierre, SD 57501-2536 |
| South Dakota State Board of Pharmacy | 4001 W Valhalla Blvd, Ste 106<br>Sioux Falls, SD 57106 |
| State of Delaware Division of Professional Regulation | Cannon Building, Suite 203<br>861 Silver Lake Blvd.<br>Dover, DE 19904 |
| State of Hawaii | Department of the Attorney General<br>425 Queen Street<br>Honolulu, HI 96813 |
| State of New Hampshire | State Treasury<br>25 Capitol Street, Room 121<br>Concord, NH 03301 |

| Governmental Authority | Address |
|---|---|
| State of New Jersey | 225 West State Street - 2nd Floor<br>Trenton, NJ 08625 |
| State of New Jersey | N.J. Division of Taxation, Bankruptcy Section<br>P.O. Box 245<br>Trenton, NJ 08695-0245 |
| State of New Jersey | Office of the State Comptroller<br>20 West State Street<br>Trenton, NJ 08625 |
| State of Rhode Island | 235 Promenade St<br>Providence, RI 02908 |
| State of Washington | Office of the Attorney General<br>1125 Washington St SE, P.O. Box 40100<br>Olympia, WA 98504 |
| State of Wisconsin Department of Safety and Professional Services | 4822 Madison Yards Way<br>Madison, WI 53705 |
| Tennessee Board of Pharmacy | 665 Mainstream Dr<br>Nashville, TN 37243 |
| Tennessee Department of Revenue | 500 Deaderick Street<br>Nashville, TN 37242 |
| Texas Department of Health | 1100 West 49th Street<br>Austin, TX 78756-3199 |
| Texas State Comptroller | Lyndon B. Johnson State Office Building<br>111 East 17th Street<br>Austin, TX 78774 |
| Town of Coventry Tax Collector | 1670 Flat River Rd<br>Coventry, RI 02816-8909 |
| United States Department of the Treasury | 1500 Pennsylvania Avenue, NW<br>Washington, DC 20220 |
| United States Drug Enforcement Administration | 8701 Morrissette Drive<br>Springfield, VA 22152 |
| United States Food and Drug Administration | 10903 New Hampshire Ave<br>Silver Spring, MD 20993-0002 |
| United States Internal Revenue Service | 60 Quaker Ln<br>Warwick, RI 02886 |
| United States Internal Revenue Service | 761 Main Ave<br>Norwalk, CT 06851 |

| Governmental Authority | Address |
| --- | --- |
| Utah Department of Commerce, Division of Occupational and Professional Licensing | 160 East 300 South<br>Salt Lake City, UT 84111 |
| Utah State Tax Commission | 210 North 1950 West<br>Salt Lake City, UT 84134 |
| Vermont Department of Taxes | 133 State St<br>Montpelier, VT 05633 |
| Vermont Secretary of State, Office of Professional Regulation, Board of Pharmacy | 89 Main St<br>Third Floor<br>Montpelier, VT 05620-3402 |
| Virginia Board of Pharmacy | 9960 Maryland Drive<br>Suite 300<br>Henrico, VA 23233-1463 |
| Virginia Department of Taxation | 1957 Westmoreland Street<br>Richmond, VA 23230 |
| Virginia Department of Taxation | P.O. Box 1115<br>Richmond, VA 23218-1115 |
| Washington Board of Pharmacy | P.O. Box 47852<br>Olympia, WA 98501 |
| Washington Department of Health | 20425 72nd Avenue South, Building 2, Suite 310<br>Kent, WA 98032 |
| West Virginia Board of Pharmacy | 2310 Kanawha Blvd E<br>Charleston, WV 25311 |
| West Virginia State Tax Department | The Revenue Center<br>1001 Lee St. E.<br>Charleston, WV 25301 |
| Wilson County Tax Collector | PO BOX 580328<br>Charlotte, NC 28258-0328 |
| Wyoming Board of Pharmacy | 1712 Carey Ave<br>Suite 200<br>Cheyenne, WY 82002 |