DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut

*Proposed Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.**, *et al.*, | **Case No. 19-[    ](RDD)** |
| **Debtors.** [1] | **(Joint Administration Pending)** |

### MOTION OF DEBTORS FOR ENTRY OF INTERIM AND FINAL ORDERS AUTHORIZING THE DEBTORS TO CONTINUE AND RENEW SURETY BOND PROGRAM

Purdue Pharma L.P. ("**PPLP**") and its affiliates that are debtors and debtors in possession

in these proceedings (collectively, the "**Debtors**," the "**Company**" or "**Purdue**") hereby move

(this "**Motion**") this Court for entry of interim and final orders, substantially in the forms

attached hereto as **Exhibit A** and **Exhibit B** (the "**Interim Order**" and the "**Final Order**,"

respectively), granting the relief described below.  In support thereof, the Debtors refer to the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014).  The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

contemporaneously filed *Declaration of Jon Lowne in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* (the "**Lowne Declaration**") and further represent as follows:

### Jurisdiction and Venue

1.     The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.).  This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), the Debtors consent to entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Background

2.     On the date hereof (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  To date, the Office of the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") has not appointed a statutory committee of creditors in these chapter 11 cases, nor has the Court appointed a trustee or examiner therein.

3.     Contemporaneously herewith, the Debtors have filed a motion requesting joint administration of their chapter 11 cases pursuant to Bankruptcy Rule 1015(b).

4.     PPLP and its direct and indirect subsidiaries other than the Rhodes Debtors (defined below) (the "**Purdue Debtors**") primarily operate a branded pharmaceuticals business, while Debtor Rhodes Associates L.P. and its direct and indirect subsidiaries (the

"**Rhodes Debtors**") primarily develop and distribute generic pharmaceutical products and manufacture a range of active pharmaceutical ingredients.

5.      Additional information about the Debtors' businesses and the events leading up to the Petition Date can be found in the *Debtors' Informational Brief* filed contemporaneously herewith.

## Relief Requested

6.      By this Motion, the Debtors request entry of the Interim Order and the Final Order, substantially in the forms attached hereto (the "**Proposed Orders**"), pursuant to sections 363 and 364 of the Bankruptcy Code, Bankruptcy Rules 6003 and 6004, and Rule 9013-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), authorizing the Debtors to maintain, continue and renew, in their sole discretion, their Surety Bond Program (as defined below) on an uninterrupted basis and in accordance with the same practices and procedures as were in effect before the Petition Date.  This authority would include permitting the Debtors (i) to pay all amounts arising under the Surety Bond Program due and payable after the Petition Date (the "**Obligations**") and (ii) to renew or obtain new surety bonds as needed in the ordinary course of business, including, but not limited to, as may be required by law or judicial authority.  If the requested relief is not granted and the Surety Bond Program is interrupted, lapses or terminates, the Debtors' operations could be immediately and irreparably harmed, thereby endangering the Debtors' successful reorganization and substantially harming all creditors.

## The Debtors' Surety Bond Program

7.      In the ordinary course of their businesses, the Debtors are required to provide to third parties surety bonds (the "**Surety Bond Program**") to secure the Debtors' payment or performance of certain obligations required by law, including, among other things, obligations

owed to state agencies to maintain licenses to sell and/or distribute pharmaceutical products. Failure to provide, maintain and timely replace these surety bonds could jeopardize the Debtors' ability to conduct their operations. The obligees of such surety bonds (the "**Obligees**"), their issuers (the "**Issuers**"), their identification numbers and/or the total bond amounts provided are set forth on **Exhibit C** attached hereto.[2]

8.      As of the Petition Date, the Debtors had approximately $896,508.61 in outstanding surety bonds securing the Debtors' payment or performance of obligations owed to state agencies to maintain licenses to sell and/or distribute pharmaceutical products. The premiums for most of the surety bonds are determined annually and are paid by the Debtors to the Issuers of the surety bonds at inception and annually thereafter.

9.      Because the issuance of a surety bond shifts the risk of the Debtors' non-performance or non-payment from the Debtors' obligee to the surety, sureties cautiously screen bond applicants to minimize their risk of loss exposure. Despite this reallocation of financial risk, a surety bond is not the equivalent of an insurance policy. Unlike an insurance policy, if an Issuer incurs a loss on a surety bond, it is entitled to recover the full amount of that loss from the principal. This right to indemnity is typically memorialized in an indemnity agreement between the Issuer and the principal, the execution of which is generally required by the Issuer as a precondition to the issuance of a bond. The Debtors are a party to a number of such indemnity agreements (together, the "**Indemnity Agreements**"). Pursuant to the Indemnity Agreements, the Debtors have agreed to indemnify certain parties from any loss, cost, damage or expense they

---

[2] Although the Debtors have made a good-faith effort to identify all of their current surety bonds on **Exhibit C**, it is possible that some of the current surety bonds may not be listed on **Exhibit C**. The failure of the Debtors to include a particular surety bond on Exhibit C shall not operate to exclude such surety bond from the coverage of this Motion or any order entered in connection with this Motion.

may incur by reason of their execution of any bonds on behalf of Debtors.  By this Motion, the Debtors seek the authority to honor those Indemnity Agreements.

10.     Based on the current financial status of the Debtors, it is unlikely that the Debtors will be able to renew or replace surety bonds on an unsecured basis and in some cases capacity may not be available even on a secured basis.  In order to be able to give the financial assurances the Debtors will be required to provide in order to continue their business operations during the reorganization process, and avoid immediate and irreparable harm to their business, the Debtors must maintain the existing Surety Bond Program and may need additional bonding capacity not currently provided by the Surety Bond Program.

11.     Accordingly, to operate their businesses, which require the Surety Bond Program, the Debtors will have to either renew or replace their existing surety bonds, and will most likely have to maintain collateral arrangements similar to those currently in place.

**Continuing the Surety Bond Program and**
**Paying All Obligations in Respect Thereof**
**Is Necessary to Preserve the Value of the Debtors' Estates**

12.     The nonpayment of any Obligations under the Surety Bond Program could result in one or more of the Issuers terminating or declining to renew their surety bonds or refusing to enter into surety bonds with the Debtors in the future.  If any surety bonds lapse without renewal, or the Debtors are unable to obtain new surety bonds, the Debtors could default on various obligations, which could severely disrupt the Debtors' operations to the detriment of all parties in interest.  For example, failure to maintain the required surety bonds could trigger cancellation of the Debtors' licenses to sell or distribute pharmaceutical products in certain states and jeopardize the Debtors' ability to conduct their operations.

## **Basis for Relief Requested**

13.    Section 363(c)(1) of the Bankruptcy Code expressly grants the Debtors the authority to "enter into transactions . . . in the ordinary course of business" and "use property of the estate in the ordinary course of business without notice or a hearing." Therefore, the Debtors believe they are permitted to pay all post-petition amounts due pursuant to the Surety Bond Program and to renew or obtain new surety bonds as such actions are in the ordinary course of the Debtors' businesses.

14.    Section 364(c) of the Bankruptcy Code permits a debtor unable to obtain unsecured credit allowable in the ordinary course under section 364(a) of the Bankruptcy Code to obtain credit (1) with priority over any or all administrative expenses specified in sections 503(b) or 507(b) of the Bankruptcy Code; (2) secured by a lien on property of the estate that is not otherwise subject to a lien; or (3) secured by a junior lien on property of the estate that is subject to a lien. As set forth above, the Debtors believe that it would be exceedingly difficult to obtain a new bonding capacity at this time except on a secured basis. To the extent the renewal or replacement or entry into any new surety bond facility is deemed a secured extension of credit, the Debtors request authority to do so pursuant to section 364(c) of the Bankruptcy Code. The Debtors further submit that, pursuant to section 364(e) of the Bankruptcy Code, any reversal or modification on appeal of this authorization to obtain credit under section 364 should not affect the validity of the debt incurred or any priority of a lien granted.

15.    The Debtors do not, at this time, seek to assume any contractual obligations associated with surety bonds. Accordingly, if the Court authorizes the relief requested herein, such relief should not be deemed to constitute post-petition assumption or adoption of any surety bond, policy or agreement, in connection with the Surety Bond Program or otherwise, as

executory contracts pursuant to section 365 of the Bankruptcy Code, except as specifically set forth herein.

## Debtors Have Satisfied Bankruptcy Rule 6003(b)

16.     Bankruptcy Rule 6003(b) provides that, to the extent relief is necessary to avoid immediate and irreparable harm, a bankruptcy court may issue an order granting "a motion to use, sell, lease, or otherwise incur an obligation regarding property of the estate, including a motion to pay all or part of a claim that arose before the filing of the petition" within twenty-one (21) days of filing a petition.  Irreparable harm "is a continuing harm which cannot be adequately redressed by final relief on the merits and for which money damages cannot provide adequate compensation."  *Kamerling v. Massanari*, 295 F.3d 206, 214 (2d Cir. 2002) (internal quotations omitted).  The "harm must be shown to be actual and imminent, not remote or speculative." *Id.*

17.     As discussed above, it is essential that the Debtors are assured immediate and continuous access to the Surety Bond Program.  Any disruption in the Debtors' ability to maintain the program may result in an immediate interruption or diminution in the Debtors' business operations to the detriment of their estates and all parties in interest in these chapter 11 cases.  Accordingly, the Debtors submit that the relief requested herein is necessary to avoid immediate and irreparable harm, and that Bankruptcy Rule 6003(b) is satisfied.

## Request for Waiver of Stay

18.     To implement the foregoing successfully, the Debtors request that the Court find that notice of the Motion is adequate under Bankruptcy Rule 6004(a) and waive the fourteen (14) day stay of an order authorizing the use, sale or lease of property under Bankruptcy Rule 6004(h).  As explained above and in the Lowne Declaration, the relief requested herein is necessary to avoid immediate and irreparable harm to the Debtors.  Accordingly, ample cause exists to find the notice requirements of Bankruptcy Rule 6004(a) have been satisfied and to

grant a waiver of the fourteen (14) day stay imposed by Bankruptcy Rule 6004(h), to the extent the notice requirement and stay apply.

## **Notice**

19.     Notice of this Motion will be provided to: (a) the U.S. Trustee; (b) each of the Debtors' fifty largest unsecured creditors on a consolidated basis; (c) each of the Debtors' three largest secured creditors on a consolidated basis; (d) the Internal Revenue Service; (e) the United States Department of Justice; (f) the United States Attorney's Office for the Southern District of New York; (g) the attorneys general for all fifty states and the District of Columbia; (h) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (i) the Issuers and Obligees set forth on **Exhibit C** attached hereto (collectively, the "**Notice Parties**").  Based on the urgency of the circumstances surrounding this Motion and the nature of the relief requested herein, the Debtors respectfully submit that no further notice is required.

## **Reservation of Rights**

20.     Nothing contained herein or any action taken pursuant to such relief is intended or shall be construed as (a) an admission as to the validity or priority of any claim against the Debtors; (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for or validity of any claim against the Debtors; (c) a waiver of any claims or causes of action which may exist against any creditor or interest holders; or (d) an approval, assumption, adoption or rejection of any agreement, contract, lease, program or policy between the Debtors and any third party under section 365 of the Bankruptcy Code.  Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended to be and should not be construed as an admission as to the validity or priority of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

## **No Previous Request**

21.    No previous request for the relief sought herein has been made by the Debtors to this or any other court.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as is just and proper.

Dated:    September 15, 2019
          New York, New York

DAVIS POLK & WARDWELL LLP

By:   /s/ *Eli J. Vonnegut*

450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile:  (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut

*Proposed Counsel to the Debtors
and Debtors in Possession*

**<u>Exhibit A</u>**

**Proposed Interim Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-[    ](RDD)** |
| **Debtors.** [1] | **(Joint Administration Pending)** |

## INTERIM ORDER AUTHORIZING DEBTORS TO
## CONTINUE AND RENEW SURETY BOND PROGRAM

Upon the motion (the "**Motion**")[2] of Purdue Pharma L.P. and its affiliates that are debtors

and debtors in possession in these proceedings (collectively, the "**Debtors**") for entry of an

interim order (this "**Order**") and a final order authorizing, but not directing, the Debtors to

maintain, continue and renew, in their sole discretion, their Surety Bond Program on an

uninterrupted basis and in accordance with the same practices and procedures as were in effect

before the Petition Date pursuant to sections 363 and 364 of the Bankruptcy Code, as more fully

described in the Motion; and the Court having jurisdiction to consider the Motion and the relief

requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of

Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the

relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and venue being

proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to such term in the Motion.

the Motion having been provided to the Notice Parties, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion and held a hearing to consider the relief requested in the Motion on an interim basis (the "**Hearing**"); and upon the Lowne Declaration filed contemporaneously with the Motion, and the record of the Hearing; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and the Court having determined that immediate relief is necessary to avoid irreparable harm to the Debtors and their estates as contemplated by Bankruptcy Rule 6003(b) and is in the best interests of the Debtors, their estates, creditors and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**

1.      The Motion is granted on an interim basis as set forth herein.

2.      The Debtors' are, in their sole discretion, authorized and empowered, but not directed, to maintain their Surety Bond Program on an uninterrupted basis, and in accordance with the same practices and procedures as were in effect prior to the Petition Date.

3.      The Debtors are hereby authorized, but not directed, to honor each of the Indemnity Agreements.

4.      The Debtors are, in their sole discretion, authorized, but not directed, to pay all amounts arising under the Surety Bond Program, due and payable after the Petition Date; *provided* that, prior to entry of an order granting the relief requested in the Motion on a final basis, the Debtors will not pay any prepetition amounts arising under the Surety Bond Program before the applicable due date.

5.      The Debtors are, in their sole discretion, authorized, but not directed, to renew existing surety bonds, increase or decrease the size of any such surety bonds and obtain new surety bonds (including providing any collateral and/or security in connection therewith), and execute any other agreements in connection with the Surety Bond Program and all related instruments, documents and papers, and to take all actions reasonably appropriate with respect thereto, in each case in accordance with the applicable documents governing the Debtors' Surety Bond Program.

6.      The failure to specifically describe or include any particular feature of the Surety Bond Program in this Order shall not diminish or impair the effectiveness of such feature, it being the intent of this Court that the Surety Bond Program be approved in its entirety.

7.      Nothing in this Order or the Motion shall be construed as prejudicing the rights of the Debtors to dispute or contest the amount of or basis for any claims against the Debtors in connection with or relating to the Surety Bond Program.

8.      To the extent any surety bond or related agreement is deemed an executory contract within the meaning of section 365 of the Bankruptcy Code, neither this Order nor any payments made in accordance with this Order shall constitute the assumption or post-petition reaffirmation of those surety bonds or related agreements under section 365 of the Bankruptcy Code.

9.      The Final Hearing shall be held on _____, 2019, at _____ (Prevailing Eastern Time).  Any objections or responses to the entry of the Final Order shall be: (a) filed with the Court and (b) served upon and actually received by (i) the Office of the United States Trustee, U.S. Federal Office Building, 201 Varick Street, Room 1006, New York, NY 10014 (Attn: Paul K. Schwartzberg), (ii) proposed counsel to the Debtors, Davis Polk & Wardwell LLP, 450

Lexington Avenue, New York, NY 10017 (Attn: Marshall S. Huebner, Benjamin S. Kaminetzky,
Timothy Graulich and Eli J. Vonnegut) and (iii) counsel to any official committee then appointed
in these chapter 11 cases, so as to be received by 4:00 p.m. (Prevailing Eastern Time) seven (7)
days before the Final Hearing.  A reply to an objection may be filed with the Court and served on
or before 12:00 p.m. (prevailing Eastern Time) on the day that is at least two (2) business days
before the date of the applicable hearing. If no objections or responses are filed and served, this
Court may enter the Final Order without further notice or hearing.

10.     If no objections are timely filed and served as set forth herein, the Debtors shall,
on or after the Objection Deadline, submit to the Court a final order substantially in the form of
this Order, which order shall be submitted and may be entered with no further notice or
opportunity to be heard afforded any party, and the Motion shall be approved *nunc pro tunc* to
the date of the commencement of these chapter 11 cases.

11.     The contents of the Motion and the notice procedures set forth therein are good
and sufficient notice and satisfy the Bankruptcy Rules and the Local Rules, and no other or
further notice of the Motion or the entry of this Order shall be required.

12.     Any Bankruptcy Rule (including, but not limited to, Bankruptcy Rule 6004(h)) or
Local Rule that might otherwise delay the effectiveness of this Order is hereby waived, and the
terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

13.     The Debtors are authorized to take all such actions as are necessary or appropriate
to implement the relief granted in this Order.

4

14.    The Court shall retain jurisdiction to hear and determine all matters arising from

or related to the implementation, interpretation and enforcement of this Order.

White Plains, New York
Dated: _____, 2019

_____
THE   HONORABLE   ROBERT   D.   DRAIN
UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit B</u>**

**Proposed Final Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.**, *et al.*, | Case No. 19-[    ](RDD) |
| Debtors. [1] | **(Joint Administration Pending)** |

### FINAL ORDER AUTHORIZING DEBTORS TO
### CONTINUE AND RENEW SURETY BOND PROGRAM

Upon the motion (the "**Motion**")[2] of Purdue Pharma L.P. and its affiliates that are debtors

and debtors in possession in these proceedings (collectively, the "**Debtors**") for entry of an

interim order and a final order (this "**Order**") authorizing, but not directing, the Debtors to

maintain, continue and renew, in their sole discretion, their Surety Bond Program on an

uninterrupted basis and in accordance with the same practices and procedures as were in effect

before the Petition Date pursuant to sections 363 and 364 of the Bankruptcy Code, as more fully

described in the Motion; and the Court having jurisdiction to consider the Motion and the relief

requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of

Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the

relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and venue being

proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014).  The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to such term in the Motion.

the Motion having been provided to the Notice Parties, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion and held a hearing to consider the relief requested in the Motion on a final basis (the "**Hearing**"); and upon the Lowne Declaration filed contemporaneously with the Motion, and the record of the Hearing; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and the Court having determined that the relief granted herein is in the best interests of the Debtors, their estates, creditors and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**

1.      The Motion is granted on a final basis as set forth herein.

2.      The Debtors' are, in their sole discretion, authorized and empowered, but not directed, to maintain their Surety Bond Program on an uninterrupted basis, and in accordance with the same practices and procedures as were in effect prior to the Petition Date.

3.      The Debtors are hereby authorized, but not directed, to honor each of the Indemnity Agreements.

4.      The Debtors are, in their sole discretion, authorized, but not directed, to pay all amounts arising under the Surety Bond Program, due and payable after the Petition Date; *provided* that, prior to entry of an order granting the relief requested in the Motion on a final basis, the Debtors will not pay any prepetition amounts arising under the Surety Bond Program before the applicable due date.

5.      The Debtors are, in their sole discretion, authorized, but not directed, to renew existing surety bonds, increase or decrease the size of any such surety bonds and obtain new

surety bonds (including providing any collateral and/or security in connection therewith), and execute any other agreements in connection with the Surety Bond Program and all related instruments, documents and papers, and to take all actions reasonably appropriate with respect thereto, in each case in accordance with the applicable documents governing the Debtors' Surety Bond Program.

6.     The failure to specifically describe or include any particular feature of the Surety Bond Program in this Order shall not diminish or impair the effectiveness of such feature, it being the intent of this Court that the Surety Bond Program be approved in its entirety.

7.     Nothing in this Order or the Motion shall be construed as prejudicing the rights of the Debtors to dispute or contest the amount of or basis for any claims against the Debtors in connection with or relating to the Surety Bond Program.

8.     To the extent any surety bond or related agreement is deemed an executory contract within the meaning of section 365 of the Bankruptcy Code, neither this Order nor any payments made in accordance with this Order shall constitute the assumption or post-petition reaffirmation of those surety bonds or related agreements under section 365 of the Bankruptcy Code.

9.     The contents of the Motion and the notice procedures set forth therein are good and sufficient notice and satisfy the Bankruptcy Rules and the Local Rules, and no other or further notice of the Motion or the entry of this Order shall be required.

10.    Any Bankruptcy Rule (including, but not limited to, Bankruptcy Rule 6004(h)) or Local Rule that might otherwise delay the effectiveness of this Order is hereby waived, and the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11.     The Debtors are authorized to take all such actions as are necessary or appropriate to implement the relief granted in this Order.

12.     The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and enforcement of this Order.

White Plains, New York
Dated: _____, 2019

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit C</u>**

**List of Issuers and Obligees**

| Surety Bonds | | | | | |
|---|---|---|---|---|---|
| Debtor | Expiration or Renewal Date | Bond Number | Total Bond Amount | Issuer | Obligee |
| Purdue Pharma L.P. | 5/27/2020 | K0902363A | $91,508.61 | Westchester Fire Insurance Company | County of Durham |
| Purdue Pharma L.P. | 12/15/2019 | K0927280A | $100,000.00 | Westchester Fire Insurance Company | Mississippi Board of Pharmacy |
| Purdue Pharma L.P. | 2/8/2020 | K09595934 | $100,000.00 | Westchester Fire Insurance Company | State of Mississippi and the Mississippi Board of Pharmacy (MBP) |
| Purdue Pharma L.P. | 9/7/2019 | K09596513 | $100,000.00 | Westchester Fire Insurance Company | State of Mississippi and the Mississippi Board of Pharmacy (MBP) |
| Purdue Pharma L.P. | 9/26/2019 | K09596574 | $5,000.00 | Westchester Fire Insurance Company | State of Wisconsin, Department of Safety and Professional Services |
| Purdue Pharma L.P. | 12/4/2019 | K13518804 | $100,000.00 | Westchester Fire Insurance Company | Arizona State Board of Pharmacy |
| Purdue Pharma L.P. | 1/16/2020 | K13518907 | $100,000.00 | Westchester Fire Insurance Company | State of Oregon Board of Pharmacy |
| Purdue Pharma L.P. | 1/16/2020 | K13518919 | $100,000.00 | Westchester Fire Insurance Company | State of Florida, Department of Business and Professional Regulation |
| Purdue Pharma L.P. | 3/8/2020 | K13519031 | $100,000.00 | Westchester Fire Insurance Company | Nevada State Board of Pharmacy |
| Purdue Pharma L.P. | 3/8/2020 | K13519043 | $100,000.00 | Westchester Fire Insurance Company | Nevada State Board of Pharmacy |
| TOTAL | | | $896,508.61 | | |