DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut

*Proposed Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.,** *et al.*, | Case No. 19-[    ](RDD) |
| Debtors. [1] | (Joint Administration Pending) |

**MOTION OF DEBTORS FOR ENTRY OF AN ORDER (I) AUTHORIZING PURDUE
PHARMA L.P. TO ACT AS FOREIGN REPRESENTATIVE AND (II) GRANTING
<u>RELATED RELIEF</u>**

Purdue Pharma L.P. ("**PPLP**") and its affiliates that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**," the "**Company**" or "**Purdue**") hereby move (this "**Motion**") this Court for entry of an order, substantially in the form attached hereto as <u>**Exhibit A**</u> (the "**Order**"), granting the relief described below. In support thereof, the Debtors refer to the contemporaneously filed *Declaration of Jon Lowne in Support of the Debtors'*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

*Chapter 11 Petitions and First Day Pleadings* (the "**Lowne Declaration**") and further represent as follows:

### Jurisdiction and Venue

1. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), the Debtors consent to entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Background

2. On the date hereof (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. To date, the Office of the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") has not appointed a statutory committee of creditors in these chapter 11 cases, nor has the Court appointed a trustee or examiner.

3. Contemporaneously herewith, the Debtors have filed a motion requesting joint administration of their chapter 11 cases pursuant to Bankruptcy Rule 1015(b).

4. Additional information about the Debtors' businesses and the events leading up to the Petition Date can be found in the *Debtors' Informational Brief* filed contemporaneously herewith.

**Relief Requested**

5.      Pursuant to section 1505 of the Bankuptcy Code and Rule 9013-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), the Debtors request that PPLP be authorized to act as Foreign Representative (as defined herein) on behalf of the Debtors' estates in any judicial or other proceedings in a foreign country, including the Canadian Proceedings (as defined herein). The Debtors further request that, as Foreign Representative, PPLP be expressly authorized to (i) seek recognition of these chapter 11 cases in Canada, (ii) request that the Canadian Court (as defined herein) grant comity to the Foreign Representative and (iii) seek any other appropriate relief from the Canadian Court that is just and proper in furtherance of the protection of the Debtors' estates. The Debtors reserve the right to commence additional ancillary proceedings in other jurisdictions should the facts warrant.

**Appointment of Foreign Representative**

6.      PPLP and certain of the other Debtors are named as defendants in thirteen (13) actions commenced across Canada (collectively, the "**Canadian Actions**"). The Canadian Actions are set out on **Schedule 1** of this Motion and consist of:

(a)     ten (10) class actions that were commenced in each province of Canada (except Manitoba) between May 11, 2007 and June 22, 2012 and which are subject to a conditional national settlement that has yet to receive the requisite approval by all necessary Canadian courts. The class actions are collectively brought on behalf of proposed classes that, in practical terms, include all Canadians who were prescribed and used OxyContin® or OxyNEO® since 1995, and who allege that they became addicted or otherwise suffered damages, including economic losses, as a result of an alleged conspiracy by the defendants to market OxyContin® and

3

    OxyNEO® as less addictive than they were known to the defendants to be, and for a wider range of patients than approved by Health Canada;

(b) a proposed class action commenced in British Columbia on August 29, 2018 by Her Majesty the Queen in Right of the Province of British Columbia on behalf of all federal, provincial and territorial governments and agencies that, during the period from 1996 to present, paid healthcare, pharmaceutical and treatment costs related to opioids. The province has filed an application to add Purdue Pharma Inc. as a defendant to the action, which application is scheduled to be heard on October 7, 2019;

(c) a proposed product liability class action commenced in Ontario on May 15, 2019 which is brought on behalf of a proposed class consisting of all persons in Canada, except certain excluded persons, who were prescribed opioids and subsequently developed an addiction to opioids; and

(d) an action commenced in British Columbia on February 2, 2015 by an individual OxyContin® user.

7. As a result of the pending Canadian Actions, it is necessary to ensure that these chapter 11 cases are recognized and enforced in Canada.

8. Upon appointment as the Foreign Representative (as defined herein), PPLP intends to commence an ancillary proceeding (the "**Canadian Proceeding**") with respect to the Debtors' chapter 11 cases in the Ontario Superior Court of Justice (Commercial List) in Toronto, Ontario, Canada (the "**Canadian Court**") pursuant to the Companies' Creditors Arrangement Act (Canada) R.S.C. 1985, c. C-36 (as amended, the "**CCAA**").[2]

---

[2] The Debtors intend to propose that "Ernst & Young Inc." be appointed by the Canadian Court as information officer in the Canadian Proceedings (the "**Information Officer**"). The Information Officer will serve as an officer

4

9. Under Canadian law, a person or entity must be duly authorized as a "foreign representative" to commence such an ancillary proceeding. Specifically, under section 45(1) of the CCAA, a "foreign representative" is defined as "a person or body, including one appointed on an interim basis, who is authorized, in a foreign proceeding [in] respect of a debtor company, to (a) monitor the debtor company's business and financial affairs for the purpose of reorganization; or (b) act as a representative in respect of the foreign proceeding." In addition, section 46 of the CCAA provides that an application for recognition of a foreign proceeding "must be accompanied by . . . a certified copy of the instrument, however designated, authorizing the foreign representative to act in that capacity or a certificate from the foreign court affirming the foreign representative's authority to act in that capacity . . . ." CCAA, § 46.

10. An order of this Court authorizing PPLP to act as the "foreign representative" with respect to these chapter 11 cases (the **"Foreign Representative"**) would, once entered, satisfy the requirements of sections 45(1) and 46 of the CCAA, thereby enabling PPLP to seek recognition as the Foreign Representative in the Canadian Proceeding and apply to have the Debtors' chapter 11 cases recognized by the Canadian Court. The Debtors therefore request entry of the proposed Order appointing PPLP as the Foreign Representative.

## Basis for Relief

11. Section 1505 of the Bankruptcy Code provides that "[a] trustee or another entity (including an examiner) may be authorized by the court to act in a foreign country on behalf of an estate created under section 541. An entity authorized to act under this section may act in any way permitted by the applicable foreign law." 11 U.S.C. § 1505. In addition, section

---

(continued…)
of the Canadian Court and report to the Canadian Court from time to time (including at the hearing on the initial application) on the status of these chapter 11 cases, the Debtors' proposed restructuring, and any other information that may be material to the Canadian Court.

1107(a) of the Bankruptcy Code provides, in relevant part, that "a debtor in possession shall have all the rights . . . and powers, and shall perform all the functions and duties . . . of a trustee serving in a case under this chapter." 11 U.S.C. § 1107(a).

12. While the Debtors respectfully submit that PPLP may act as the Foreign Representative on the basis of the rights and powers conferred upon it as a debtor in possession under section 1107 of the Bankruptcy Code, the Debtors request entry of the proposed Order, pursuant to section 1505 of the Bankruptcy Code, to explicitly authorize PPLP to act as the Foreign Representative in the Canadian Proceeding. Such an order would avoid any possible confusion or doubt regarding this authority and to comply with the requirements of sections 45(1) and 46 of the CCAA. Courts in this and other jurisdictions have similarly granted relief explicitly authorizing the appointment of a foreign representative in chapter 11 cases where recognition of an ancillary proceeding in a foreign jurisdiction was sought. *See, e.g.*, *In re Hollander Sleep Products, LLC*, No. 19-11608 (MEW) (Bankr. S.D.N.Y. May 22, 2019); *In re Aeropostale, Inc.*, No. 16-11275 (SHL) (Bankr. S.D.N.Y. May 6, 2016); *In re Chemtura Corporation*, No. 09-11233 (REG) (Bankr. S.D.N.Y. Aug. 9, 2010); *In re Payless Holdings LLC*, No. 17-42267 (KAS) (Bankr. E.D. Mo. Apr. 5, 2017); *In re CJ Holding Co.*, No. 16-33590 (DRJ) (Bankr. S.D. Tex. July 21, 2016); *In re Ultra Petroleum Corp.*, No. 16-32202 (MI) (Bankr. S.D. Tex. May 3, 2016).

13. Moreover, commencing the Canadian Proceeding as soon as possible after the Petition Date will allow coordination of these chapter 11 cases and the Canadian Proceedings and provide an effective mechanism to protect and maximize the value of the Debtors' assets and estates. *See* 11 U.S. Code § 1501(a) (stating that "objectives" of chapter 15 include "protection and maximization of the value of the debtor's assets" and "cooperation between . . .

the courts and other competent authorities of foreign countries involved in cross-border insolvency cases" and, *inter alia*, "courts of the United States" and United States "debtors in possession"). Accordingly, the Debtors submit that the relief requested herein is necessary and appropriate, is in the best interests of their estates and creditors, and should be granted in all respects.

## Notice

14. Notice of this Motion will be provided to: (a) the U.S. Trustee; (b) each of the Debtors' fifty (50) largest unsecured creditors on a consolidated basis; (c) each of the Debtors' three (3) largest secured creditors on a consolidated basis; (d) the Internal Revenue Service; (e) the United States Attorney's Office for the Southern District of New York; (f) the attorneys general for all fifty states and the District of Columbia; (g) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (h) the United States Department of Justice (collectively, the "**Notice Parties**"). Based on the urgency of the circumstances surrounding this Motion and the nature of the relief requested herein, the Debtors respectfully submit that no further notice is required.

## Reservation of Rights

15. Nothing contained herein or any action taken pursuant to such relief is intended or shall be construed as (a) an admission as to the validity or priority of any claim against the Debtors; (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for or validity of any claim against the Debtors; (c) a waiver of any claims or causes of action which may exist against any creditor or interest holders or any other party; or (d) an approval, assumption, adoption or rejection of any agreement, contract, lease, program or policy between the Debtors and any third party under section 365 of the Bankruptcy Code. Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's

order is not intended to be and should not be construed as an admission as to the validity or priority of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

## No Previous Request

16. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as may be just and proper.

Dated:  September 15, 2019
New York, New York

DAVIS POLK & WARDWELL LLP

By:  /s/ *Eli J. Vonnegut*

450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile:  (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut

*Proposed Counsel to the Debtors
and Debtors in Possession*

## Schedule 1

### Canadian Actions

|    | Jurisdiction | File Date & Court File No. | Plaintiff(s) | Debtor Defendant(s) |
|----|---|---|---|---|
| 1. | Ontario | June 8, 2007 and June 26, 2007; 070CV-343201CP | Colin MacKay, Steven Ground, Harold Ground, Tim Reid and Sabine Reid and Darrell Rockwood and Marilyn Rockwood | Purdue Pharma L.P. |
| 2. | Nova Scotia | September 26, 2007; 285995 (Halifax) | George Bellefontaine and Stephen MacGillivray | Purdue Pharma L.P., Purdue Pharmaceuticals L.P. Purdue Pharma Company |
| 3. | Quebec | May 11, 2007; 200-06-000080-070 | Claude Larose, Francois Michaud and Leo Michaud | Purdue Pharma L.P., |
| 4. | Saskatchewan | June 22, 2012; Q.B.G. 1073/2012 | Demetrios Perdikaris | Purdue Pharma L.P. |
| 5. | British Columbia | October 21, 2008; 07586 | Laurie Jayne Newton | Purdue Pharma L.P. |
| 6. | New Brunswick | April 30, 2009; W/C/44/09 | Gary Melanson | Purdue Pharma L.P., Purdue Pharmaceuticals L.P. Purdue Pharma Company |
| 7. | Newfoundland and Labrador | April 29, 2009; 2009 01T/2102 CP | George Critchley | Purdue Pharma L.P., Purdue Pharmaceuticals L.P. Purdue Pharma Company |
| 8. | Prince Edward Island | May 1, 2009; S1-GS 23185 | L. Annette Stewart | Purdue Pharma L.P., Purdue Purdue Pharma Company |

|     |                  |                                     |                                                                   | Pharmaceuticals L.P.                                                       |
|-----|------------------|-------------------------------------|-------------------------------------------------------------------|----------------------------------------------------------------------------|
| 9.  | Saskatchewan     | September 30, 2008; 1163 of 2008 (Q.B.) | Adolph Stan Juchacz                                           | Purdue Pharma L.P.                                                         |
| 10. | Alberta          | July 23, 2008; 0801-08779           | Lindsay Black                                                     | Purdue Pharma L.P.                                                         |
| 11. | Ontario          | May 15, 2019; CV-19-00620048-       | Darryl Gebien                                                     | Purdue Pharma L.P.                                                         |
| 12. | British Columbia | August 29, 2018; S189395            | Her Majesty the Queen in Right of the Province of British Columbia | Purdue Pharma L.P. (Pending motion to add Purdue Pharma Inc.)             |
| 13. | British Columbia | February 2, 2015; S150872           | Dominic Gugliotta                                                 | Purdue Pharma L.P.                                                         |

2

## Exhibit A

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| PURDUE PHARMA L.P., *et al.*, | Case No. 19-[    ](RDD) |
| Debtors.[1] | (Joint Administration Pending) |

### ORDER (I) AUTHORIZING PPLP TO ACT AS FOREIGN REPRESENTATIVE AND (II) GRANTING RELATED RELIEF

Upon the motion (the "**Motion**")[2] of Purdue Pharma L.P. ("**PPLP**") and its affiliates that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**") for entry of an order (this "**Order**") (a) authorizing PPLP to act as foreign representative on behalf of the Debtors' estates pursuant to section 1505 of the Bankruptcy Code and (b) granting related relief; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to such term in the Motion.

the Motion having been provided to the Notice Parties, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion and held a hearing to consider the relief requested in the Motion (the "**Hearing**"); and upon the Lowne Declaration filed contemporaneously with the Motion, and the record of the Hearing; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**

1. The Motion is granted as set forth herein.

2. PPLP is hereby authorized to act as the Foreign Representative on behalf of the Debtors' estates in connection with the Canadian Proceeding. As Foreign Representative, PPLP shall be authorized and shall have the power to act in any way permitted by applicable foreign law.

3. This Court requests the aid and assistance of the Canadian Court to recognize the Debtors' chapter 11 cases as a "foreign main proceeding" and PPLP as a "foreign representative" pursuant to the CCAA, and to recognize and give full force and effect in all provinces and territories of Canada to this Order.

4. Any Bankruptcy Rule or Local Rule that might otherwise delay the effectiveness of this Order is hereby waived, and the terms and conditions of this Order shall be effective immediately and enforceable upon its entry.

5. The contents of the Motion and the notice procedures set forth therein are good and sufficient notice and satisfy the Bankruptcy Rules and the Local Rules, and no other or further notice of the Motion or the entry of this Order shall be required.

6. The Debtors are authorized to take all such actions as are necessary or appropriate to implement the relief granted in this Order.

7. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and enforcement of this Order.

White Plains, New York
Dated: _____, 2019

                        THE HONORABLE ROBERT D. DRAIN
                        UNITED STATES BANKRUPTCY JUDGE

3