DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut

*Proposed Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-[     ](RDD)** |
| **Debtors.** [1] | **(Joint Administration Pending)** |

**DEBTORS' MOTION FOR AN ORDER (I) WAIVING REQUIREMENT TO FILE LIST
OF CREDITORS, (II) AUTHORIZING THE DEBTORS AND THE CLAIMS AND
NOTICING AGENT TO SUPPRESS PERSONALLY IDENTIFIABLE INFORMATION
FOR INDIVIDUALS, (III) AUTHORIZING THE DEBTORS' CLAIMS AND NOTICING
AGENT TO WITHHOLD PUBLICATION OF CLAIMS FILED BY INDIVIDUALS
UNTIL FURTHER ORDER OF THE COURT AND (IV) ESTABLISHING
PROCEDURES FOR NOTIFYING CREDITORS OF THE COMMENCEMENT OF THE
DEBTORS' CHAPTER 11 CASES**

Purdue Pharma L.P. ("**PPLP**") and its affiliates that are debtors and debtors in possession

in these proceedings (collectively, the "**Debtors**," the "**Company**" or "**Purdue**") hereby move

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

(this "**Motion**") this Court for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Order**"), granting the relief described below.  In support thereof, the Debtors refer to the contemporaneously filed *Declaration of Jon Lowne in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* (the "**Lowne Declaration**") and further represent as follows:

**Jurisdiction and Venue**

1.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.).  This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), the Debtors consent to entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

2.      On the date hereof (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  To date, the Office of the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") has not appointed a statutory committee of creditors in these chapter 11 cases, nor has the Court appointed a trustee or examiner therein.

2

3.      Contemporaneously herewith, the Debtors have filed a motion requesting joint administration of their chapter 11 cases pursuant to Bankruptcy Rule 1015(b).

4.      Additional information about the Debtors' businesses and the events leading up to the Petition Date can be found in the *Debtors' Informational Brief* filed contemporaneously herewith.

## Relief Requested

5.      By this Motion, pursuant to sections 105(a), 342(a) and 521(a)(1) of the Bankruptcy Code, Bankruptcy Rule 1007(a) and (d) and 2002(a), (d) and (f) of the Bankruptcy Rules and Rule 1007-1 and 5075-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), the Debtors request entry of an order (i) waiving the requirement to file a list of creditors on the Petition Date (the "**List of Creditors**"), as set forth in section 521(a)(1) of the Bankruptcy Code, Bankruptcy Rule 1007(a)(1), Local Rule 1007-1, and General Orders M-133, M-137 and M-138 (the "**Standing Orders**") of the United States Bankruptcy Court for the Southern District of New York (collectively, the "**Notice Rules**"); (ii) authorizing the Debtors and Prime Clerk LLC, the proposed claims and noticing agent (the "**Claims and Noticing Agent**"), to suppress personally identifiable information for any individual listed on or appearing in any document filed with the court and/or otherwise made publicly available by the Debtors and the Claims and Noticing Agent, including the List of Creditors, the claims register for each Debtor (collectively, the "**Claims Registers**"), and Schedules (as defined herein), (iii) authorizing the Claims and Noticing Agent to withhold publication of claims filed by individuals until entry of an order establishing deadlines for filing proofs of claim and granting related relief (the "**Bar Date Order**") or such other order of the Court as may be appropriate, and (iv) authorizing the Debtors to implement certain procedures

3

(the "**Procedures**") for the mailing and publication of the notice to creditors and other parties in interest announcing the commencement of these chapter 11 cases (the "**Notice of Commencement**").

### The Relief Requested Should Be Granted

### A.    Waiving the Requirement to File a List of Creditors Is Warranted

6.    Pursuant to the Notice Rules, unless a debtor's schedules of assets and liabilities are filed simultaneously with a chapter 11 petition, a debtor must file the List of Creditors with the petition.   Contemporaneously herewith, the Debtors have filed a motion requesting an extension of the time to file their schedules of assets and liabilities, schedules of executory contracts and unexpired leases, and statements of financial affairs (collectively, the "**Schedules**"), and, therefore, have not yet filed their Schedules with the Court.  Accordingly, without the relief requested herein, the Notice Rules would require each of the Debtors to file a separate list of creditors on the date hereof.  The Debtors submit that waiving the requirement to file the List of Creditors is appropriate in these chapter 11 cases and is within the Court's equitable powers under section 105 of the Bankruptcy Code.

7.    The Debtors have filed a motion to retain and employ Prime Clerk LLC as their Claims and Noticing Agent.  Pursuant to section 156(c) of title 28 of the United States Code, the Court is empowered to use outside facilities or services to provide notices and other administrative information to parties in interest, if the costs are paid from the assets of the estates.  Local Rule 5075-1 also requires that debtors, such as the ones in these cases, which have over 250 creditors and equity security holders, retain an approved claims and noticing agent.

4

8.      Under the proposed Procedures set forth below, and pursuant to section 342(a) of the Bankruptcy Code and Bankruptcy Rules 2002(a) and (f), as soon as practicable after the Petition Date, the Debtors will furnish their consolidated List of Creditors to the Claims and Noticing Agent so that the Claims and Noticing Agent may mail the Notice of Commencement to creditors identified on the Debtors' List of Creditors.

9.      Given that the Claims and Noticing Agent will receive the List of Creditors and will use the list to furnish the Notice of Commencement to creditors, the Debtors submit that filing the List of Creditors would serve no useful purpose.  In addition, the List of Creditors may contain personally identifiable information that may be protected by the Health Insurance Portability and Accountability Act of 1996 ("**HIPAA**").  Consequently, the Notice Rules should be waived.

10.      Courts in this jurisdiction have granted similar relief in other chapter 11 cases. *In re Windstream Holdings, Inc.*, No. 19-22312 (RDD) (Bankr. S.D.N.Y. Mar. 5, 2019) (authorizing the debtors to maintain a single, consolidated list of creditors in electronic format); *In re Sears Holdings Corp.*, No. 18-23538 (RDD) (Bankr. S.D.N.Y. Oct. 16, 2018) (same); *In re Republic Airways Holdings Inc.*, No. 16-10429 (SHL) (Bankr. S.D.N.Y. Feb. 29, 2016) (same); *In re NII Holdings, Inc.*, No. 14-12611 (SCC) (Bankr. S.D.N.Y. Sept. 16, 2014) (same); *In re AMR Corp.*, No. 11-15463 (SHL) (Bankr. S.D.N.Y. Nov. 30, 2011) (same).

**B.      Cause Exists to Suppress Personally Identifiable Information**

11.      The Debtors respectfully submit that cause exists to authorize the Debtors to (a) suppress, pursuant to section 107(c)(1) of the Bankruptcy Code, personally identifiable information – including, without limitation, names and addresses – in respect of any individual listed on or appearing in any document filed with the Court or otherwise submitted to the Claims

5

and Noticing Agent, including the List of Creditors, the Claims Registers, and the Schedules, and

any document made public available on the Debtors' case website.

12.     Section 107(c)(1)(A) of the Bankruptcy Code provides that the court "for cause,

may protect an individual, with respect to the following types of information to the extent the

court finds that disclosure of such information would create undue risk of identity theft or other

unlawful injury . . . [a]ny means of identification . . . contained in a paper filed, or to be filed, in

a case under" the Bankruptcy Code. *See* 11 U.S.C. § 107(c)(1)(A).

13.     While transparency is important to the judicial process, Congress recognized a

counterbalancing interest in enacting 11 U.S.C. § 107(c)(1): the need to protect the identities and

privacy of individuals.  The statutory language demonstrates Congress' desire for courts to have

flexibility to protect individuals' identities.  Section 107(c)(1)(B) of the Bankruptcy Code allows

a bankruptcy court to shield "[o]ther information" apart from "means of identification," and the

definition of "means of identification" is itself a non-exhaustive list of personally identifiable

information.  Accordingly, although an individual's home address is not explicitly enumerated as

a "means of identification," it is nevertheless within the broad scope of 11 U.S.C. § 107(c)(1)(B).

14.     Here, multiple factors demonstrate the need to protect the identities and privacy of

individuals.  First, given the nature of these cases in particular, the Debtors and the Claims and

Noticing Agent are sensitive to the privacy concerns of individuals who may file claims

containing medical or other sensitive information without realizing that the Debtors and Claims

and Noticing Agent are obligated to publish such information in whole no matter the content,

including any personally identifiable information protected by HIPAA.  Notwithstanding the

obligation of the Debtors and the Claims and Noticing Agent to publish all information filed by

claimants, the Debtors believe that disclosing the names and residential addresses of individuals

affected by these chapter 11 cases would pose an undue risk to such individuals' privacy and personal safety. Suppressing the names and addresses of individuals will prevent the inadvertent disclosure of protected health information ("**PHI**") because the Claims and Noticing Agent will not need to parse names and email addresses and make any determinations as to what constitutes PHI.

15.     Second, the release of names and addresses of employees and other individuals would create an undue risk of identity theft. As this Court recognized in *In re Windstream*, "[o]nce [private information] is out there, it's out there."[2]

16.     Third, the Debtors are sensitive to the privacy and safety concerns of their employees and other individuals. These concerns are paramount in this instance due to the extensive media coverage and attention that the Debtors continue to receive. In addition, as is the case for any large employer, there may be certain employees whose personal circumstances unrelated to their employment would be negatively impacted by the disclosure of residential addresses. As this Court has noted, the "risks of disclosing someone's address who . . . is off the grid for a really good reason . . . could be very serious, so [the Court does not] want to have that happen."[3] Finally, as explained in the Lowne Declaration, attracting and retaining employees, and maintaining the morale of employees, is critical to the Debtors' business operations. Disclosure of personal addresses would likely hinder the Debtors' efforts to attract and retain the employees necessary to preserve the value of the Debtors' estates for the benefit of creditors and other parties in interest.

---

[2] *In re Windstream Holdings, Inc.*, No. 19-22312 (RDD), Feb. 26, 2019 Hr'g Tr. at 88:6-12.

[3] *Id.* at 89:5-8.

17.    In view of the foregoing, and given that there is minimal, if any, benefit to the

public of publishing the names and home addresses of the Debtors' employees and other

individuals in these chapter 11 cases, the Debtors submit that the relief requested is appropriate.

18.    The Debtors will instruct the Claims and Noticing Agent to serve such individuals

at their personal home addresses, ensuring that each individual will receive the same notices in

these chapter 11 cases as all other creditors without the unnecessary public disclosure of the

names and home address of such individuals.

19.    Courts in this jurisdiction and others have granted the relief requested herein in

comparable chapter 11 cases.  *See*, *e.g.*, *In re Windstream Holdings*, *Inc*., No. 19-22312 (RDD)

(Bankr. S.D.N.Y. Mar. 5, 2019); *In re FULLBEAUTY Brands Holdings Corp*., No. 19-22185

(RDD) (Bankr. S.D.N.Y. Feb. 7, 2019); *In re Nine West Holdings*, *Inc*., No. 18-10947 (SCC)

(Bankr. S.D.N.Y. Apr. 9, 2018); *In re Cenveo Inc*., No. 18-22178 (RDD) (Bankr. S.D.N.Y.

Feb. 6, 2018); *In re Promise Healthcare Group*, *LLC*, Case No. 18-12491 (CSS) (Bankr. D. Del.

Dec. 4, 2018); *In re L.K. Bennett U.S.A.*, *Inc*., Case No. 19-10760 (KG) (Bankr. D. Del. Apr. 9,

2019).

## C.    Cause Exists to Authorize the Debtors to File a Consolidated List of the Debtors' 50 Largest Unsecured Creditors

20.    Bankruptcy Rule 1007(d) provides that a debtor shall file "a list containing the

name, address, and claim of the creditors that hold the 20 largest unsecured claims, excluding

insiders. . . ." Fed. R. Bankr. P. 1007(d).  Because certain of the Debtors share many creditors

and Debtors operate as a single business enterprise, the Debtors request authority to file a single,

consolidated list of its 50 largest general unsecured creditors.

21.    The Debtors submit that the compilation of the separate top 20 creditor lists for each individual Debtor would consume a substantial amount of the Debtors' time and resources. Further, the Debtors believe a single, consolidated list of the Debtors' 50 largest unsecured, non-insider creditors will aid the U.S. Trustee in its efforts to communicate with these creditors.  As such, the Debtors believe that filing a single consolidated list of the 50 largest unsecured creditors in these chapter 11 cases is appropriate.

22.    Courts in this jurisdiction have approved relief similar to the relief requested in this motion with respect to filing a single consolidated list of the largest unsecured creditors of a debtor and its debtor affiliates.  *See*, *e.g.*, *In re Windstream Holdings, Inc.*, No. 19-22312 (RDD) (Bankr. S.D.N.Y. Mar. 5, 2019) (authorizing the debtors to file a consolidated list of the 50 largest unsecured creditors of the debtors); *In re Nine West Holdings, Inc.*, Case No. 18-10947 (SCC) (Bankr. S.D.N.Y. Apr. 9, 2018) (same); *In re Tops Holding II Corp.*, No. 18-22279 (RDD) (Bankr. S.D.N.Y. Feb. 26, 2018) (authorizing the debtors to file a consolidated list of the 30 largest unsecured creditors of the debtors); *In re Cenveo Inc.*, Case No. 18-22178 (RDD) (Bankr. S.D.N.Y. Feb. 6, 2018) (authorizing the debtors to file a consolidated list of the 50 largest unsecured creditors of the debtors).

**D.    Cause Exists to Authorize the Claims and Noticing Agent to Withhold Publication of Claims Filed by Individuals until Entry of the Bar Date Order or Other Order of the Court**

23.    In this case, there is a likelihood that claimants will not be aware that they are obligated to redact personally identifiable information and PHI and, absent their action, the Debtors and Claims and Noticing Agent, absent order of this Court, are obligated to publish such claims without redaction.  There is a risk that proofs of claim filed by individuals may contain information regarding medical conditions and related issues.  The Debtors intend to seek a Bar

Date Order that would, among other things, approve a tailored individual claim form and procedures designed to prevent the disclosure of sensitive information of this nature. To avoid inadvertent disclosure of such information in any proofs of claim that may be filed by individuals before entry of the Bar Date Order, the Debtors also respectfully request that the Claims and Noticing Agent be authorized to (i) withhold publication of claims filed by individuals until entry of the Bar Date Order, (ii) suppress names and addresses of individuals on the Claims Registers, and (iii) file affidavits of service without disclosing the names and addresses of such individuals; *provided* that such proofs of claims, unredacted Claims Registers and/or unredacted affidavits of service may be provided upon request to the Court, the U.S. Trustee, any official committee appointed in these chapter 11 cases, the Claims and Noticing Agent, and any other party designated by further order of the Court, as appropriate.

24.    As discussed above, section 107(c)(1)(A) of the Bankruptcy Code allows a bankruptcy court to protect personally identifiable information from disclosure, and Section 107(c)(1)(B) allows a bankruptcy court to shield "[o]ther information" than "means of identification" from public disclosure. Absent a Court order to the contrary, the Claims and Noticing Agent is required to "provide public access to the Claims Registers, including complete proofs of claim with attachments, if any, without charge." Local Rule 5075-1. This Local Rule is without limitation, even where the Claims Registers or proofs of claim contain personally identifiable information or PHI that is otherwise protected by HIPAA.[4]    Here, there is a significant risk that, absent the procedures protections that the Debtors intend to seek in the Bar

---

[4] The Instructions to Official Form 410 instructs that "If the claim is based on delivering health goods or services" the filer bares the obligation to "not disclose confidential health information" and "must leave out or redact information that is entitled to privacy" both in the proof of claim form and any attached documents. Nothing in this Motion modifies the burden of redaction, which remains with the filer. The Debtors and the Claims and Noticing Agent propose these protections to assist and protect claims filers, but neither should have any liability for suppressing, not suppressing, redacting or failing to redact, PHI or other personally identifiable information.

Date Order, proofs of claim filed by individuals will contain both personally identifiable information and PHI. In contrast, there is minimal prejudice to any party in not publicizing these highly sensitive details. Accordingly, the Debtors respectfully submit that cause exists to authorize the Claims and Noticing Agent to withhold publication of claims filed by individuals subject to further order of the Court.

**E.      Proposed Procedures for Service of Notice of Commencement**

25.      Bankruptcy Rule 2002(a) provides, in relevant part, that the "clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees at least twenty-one (21) days' notice by mail of . . . the meeting of creditors under § 341 or § 1104(b) of the Code." Fed. R. Bankr. P. 2002(a). Bankruptcy Rule 2002(f) further provides that notice of the order for relief shall be provided to all creditors by mail. In light of the requirement to notify creditors of the commencement of these chapter 11 cases and the meeting of creditors, the Debtors seek authority to have the Claims and Noticing Agent undertake the mailing of the Notice of Commencement to creditors.

26.      In addition to mailing the Notice of Commencement to the Debtors' creditors, the Debtors propose to publish, as soon as practicable, the Notice of Commencement substantially in the form attached to the proposed Order (i) once in the national edition of the *Wall Street Journal*, the national edition of *The New York Times* and/or *USA Today* at the discretion of the Debtors and (ii) on the website to be established by the Claims and Noticing Agent and the Debtors' website. The Court has authority under Bankruptcy Rule 2002(l) to "order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement the notice." Fed. R. Bankr. P. 2002(l). Publication of the Notice of Commencement is the most practical method by which to notify those creditors who do not

11

receive the Notice of Commencement by mail and other parties in interest of the commencement of these chapter 11 cases.  Notice by publication also will ensure an efficient use of estate resources.

27.     In addition, the Court has the authority, pursuant to its equitable powers under section 105(a) of the Bankruptcy Code, to authorize the relief requested herein, because such relief is necessary for the Debtors to carry out their fiduciary duties under section 1107(a) of the Bankruptcy Code.  Section 105(a) of the Bankruptcy Code provides, in relevant part, that "[t]he Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).  Section 1107(a) of the Bankruptcy Code "contains an implied duty of the debtor in possession" to "protect and preserve the estate, including an operating business' going concern value," on behalf of the debtor's creditors and other parties in interest.  *In re CEI Roofing, Inc.*, 315 B.R. 50, 59 (Bankr. N.D. Tex. 2004) (quoting *In re CoServ, L.L.C.*, 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002)); *see also Unofficial Comm. of Equity Holders v. McManigle* (*In re Penick Pharm., Inc.*), 227 B.R. 229, 232-33 (Bankr. S.D.N.Y. 1998) ("[U]pon filing its petition, the Debtor became debtor in possession and, through its management . . . was burdened with the duties and responsibilities of a bankruptcy trustee.").  The Debtors submit that  implementation of the Procedures is  appropriate in these chapter 11 cases and well within the Court's equitable powers under section 105(a) of the Bankruptcy Code.

## <u>Notice</u>

28.     Notice of this Motion will be provided to: (a) the U.S. Trustee; (b) each of the Debtors' fifty largest unsecured creditors on a consolidated basis; (c) each of the Debtors' three largest secured creditors on a consolidated basis; (d) the Internal Revenue Service; (e) the United

States Department of Justice; (f) the United States Attorney's Office for the Southern District of New York; (g) the attorneys general for all fifty states and the District of Columbia; and (h) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "**Notice Parties**"). Based on the urgency of the circumstances surrounding this Motion and the nature of the relief requested herein, the Debtors respectfully submit that no further notice is required.

## No Previous Request

29.    No previous request for the relief sought herein has been made by the Debtors to this or any other court.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, the Debtors respectfully request that the Court grant the relief requested

herein and such other and further relief as is just and proper.

Dated:    September 15, 2019
          New York, New York

                              DAVIS POLK & WARDWELL LLP

                              By:   /s/ *Eli J. Vonnegut*

                              450 Lexington Avenue
                              New York, New York 10017
                              Telephone: (212) 450-4000
                              Facsimile:  (212) 701-5800
                              Marshall S. Huebner
                              Benjamin S. Kaminetzky
                              Timothy Graulich
                              Eli J. Vonnegut

                              *Proposed Counsel to the Debtors*
                              *and Debtors in Possession*

**<u>Exhibit A</u>**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.**, *et al.*, | Case No. 19-[     ](RDD) |
| Debtors. [1] | (Joint Administration Pending) |

### ORDER (I) WAIVING REQUIREMENT TO FILE LIST OF CREDITORS, (II) AUTHORIZING THE DEBTORS AND THE CLAIMS AND NOTICING AGENT TO SUPPRESS PERSONALLY IDENTIFIABLE INFORMATION FOR INDIVIDUALS, (III) AUTHORIZING THE DEBTORS' CLAIMS AND NOTICING AGENT TO WITHHOLD PUBLICATION OF CLAIMS FILED BY INDIVIDUALS UNTIL FURTHER ORDER OF THE COURT AND (IV) ESTABLISHING PROCEDURES FOR NOTIFYING CREDITORS OF THE COMMENCEMENT OF THE DEBTORS' CHAPTER 11 CASES

Upon the motion (the "**Motion**")[2] of Purdue Pharma L.P. and its affiliates that are debtors

and debtors in possession in these proceedings (collectively, the "**Debtors**") for (i) waiver of the

requirement to file a list of creditors, (ii) authorization for the Debtors and the Claims and

Noticing Agent to suppress personally identifiable information for individuals, (iii) authorization

for the Claims and Noticing Agent to withhold publication of proofs of claims (including as

reflected in the Claims Register) until further order of the Court, and (iv) authority to establish

procedures for notifying creditors of the commencement of their chapter 11 cases pursuant to

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to such term in the Motion.

sections 105(a), 342(a) and 521(a)(1) of the Bankruptcy Code, Bankruptcy Rules 1007(a) and

(d), 2002(a), (f), and (l) of the Bankruptcy Rules, Local Bankruptcy Rule 1007-1 and General

Orders M-133, M-137, and M-138 (the "**Standing Orders**"); and the Court having jurisdiction

to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334

and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.);

and consideration of the Motion and the relief requested therein being a core proceeding under

28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and

1409; and due and proper notice of the Motion having been provided to the Notice Parties, and it

appearing that no other or further notice need be provided; and the Court having reviewed the

Motion and held a hearing to consider the relief requested in the Motion (the "**Hearing**"); and

upon the Lowne Declaration, filed contemporaneously with the Motion, and the record of the

Hearing; and the Court having determined that the legal and factual bases set forth in the Motion

and at the Hearing establish just cause for the relief granted herein; and upon all of the

proceedings had before the Court and after due deliberation and sufficient cause appearing

therefor;

     **IT IS HEREBY ORDERED THAT**

     1.     The relief requested in the Motion is hereby granted as set forth herein.

     2.     The requirement under section 521(a)(1) of the Bankruptcy Code, Bankruptcy

Rule 1007(a)(1), Local Bankruptcy Rule 1007-1 and the Standing Orders to file with the

petitions a list containing the name and address of certain creditors, counterparties to executory

contracts and unexpired leases and co-debtors is waived *provided* that this waiver does not affect

the Debtors' obligations to file schedules of executory contracts and unexpired leases and co-

debtors pursuant to section 521 of the Bankruptcy Code or Bankruptcy Rule 1007.

3.      The Debtors are authorized to file a consolidated list of the 50 largest unsecured creditors in these chapter 11 cases in lieu of each Debtor filing a list of its 20 largest unsecured creditors.

4.      As soon as practicable after entry of an order authorizing the engagement of a claims and noticing agent in these cases (the "**Claims and Noticing Agent**"), the Debtors shall furnish to the Claims and Noticing Agent a consolidated list containing the names and last known addresses of the Debtors' creditors (the "**List of Creditors**").

5.      The Notice of Commencement substantially in the form attached hereto as **<u>Exhibit 1</u>** is hereby approved.  Prime Clerk LLC, as the Debtors' proposed Claims and Noticing Agent, shall promptly provide such notice in addition to all other mailings directed by the Court, the United States Trustee for Region 2, or as required by section 342(a) of the Bankruptcy Code and Bankruptcy Rules 2002(a) and (f).

6.      On or before the date that is twenty-one (21) days prior to the date on which the meeting of creditors is to be held, the Debtors, with the assistance of the Claims and Noticing Agent, shall mail the Notice of Commencement to all creditors on the Debtors' List of Creditors.

7.      Pursuant to Bankruptcy Rule 2002(l), the Debtors, with the assistance of the Claims and Noticing Agent, shall cause the Notice of Commencement to be published (i) once in the national edition of the *Wall Street Journal*, the national edition of *The New York Times* and/or *USA Today* at the discretion of the Debtors (ii) on the website to be established by the Claims and Noticing Agent and the Debtors' website.

8.      The form and manner of notice as provided herein are reasonably calculated to inform interested parties of these chapter 11 cases and are hereby approved.

3

9.      The Debtors and the Claims and Noticing Agent are authorized to suppress personally identifiable information of any individual listed on or appearing in any document filed with the court or made publicly available by the Claims and Noticing Agent on the Debtors' case website, except that un-redacted copies may be provided to the Court, the U.S. Trustee, any official committee appointed in these chapter 11 cases, the Claims and Noticing Agent, and any other party designated by further order of the Court.  Each party receiving such un-redacted copies shall keep such information confidential.  To the extent that any party provided with such un-redacted copies files any responsive pleading or other pleadings, such party shall redact from its pleadings any confidential or identifying information from such document.

10.     Notwithstanding anything to the contrary in any order authorizing the engagement of Prime Clerk LLC as the Debtor's Claims and Noticing Agent or any Local Rules, the Claims and Noticing Agent is authorized to withhold publication of proofs of claim filed by individuals creditors until entry of the Bar Date Order or other further order of the Court.  Such proofs of claims may be provided upon request to the Court, the U.S. Trustee, any official committee appointed in these chapter 11 cases, and any other party designated by further order of the Court, and each party receiving such proofs of claim shall keep such information confidential.

11.     Notwithstanding anything to the contrary in the order relating to the retention of the Claims and Noticing Agent or any Local Rules, the Claims and Noticing Agent is authorized to file affidavits of service without disclosing the names and addresses of individuals.

12.     Notwithstanding anything to the contrary in the order relating to the retention of the Claims and Noticing Agent or any Local Rules, the Claims and Noticing Agent is authorized to suppress individual names and addresses in the Claims Registers.

4

13.     Nothing in this Order shall be deemed to modify the obligation that each filer of a

proof of claim bears the obligation to redact confidential health information, and the Claims and

Noticing Agent shall have no liability for any disclosure or nondisclosure thereof.

14.     The Debtors are authorized to take all action necessary or appropriate to

effectuate the relief granted in this Order.

15.     The Court shall retain jurisdiction to hear and determine all matters arising from

or related to the implementation, interpretation, and/or enforcement of this Order.


White Plains, New York
Dated: _____, 2019


_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

5

## **Exhibit 1**

**Notice of Commencement**

| Information to identify the case: | |
|---|---|
| **Debtor:  Purdue Pharma L.P.** | **EIN:    06-1307484** |
| **United States Bankruptcy Court Southern District of New York** | |
| **Case Number:  19-_____  (RDD)** | **Date case filed for chapter 11: September 15, 2019** |

## Official Form 309F (For Corporations or Partnerships)

# Notice of Chapter 11 Bankruptcy Case <span style="float:right">12/17</span>

**For the debtor listed above, a case has been filed under chapter 11 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read all pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtor or the debtor's property. For example, while the stay is in effect, creditors cannot sue, assert a deficiency, repossess property, or otherwise try to collect from the debtor. Creditors cannot demand repayment from the debtor by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees.

Confirmation of a chapter 11 plan may result in a discharge of debt. A creditor who wants to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadline specified in this notice. (See line 11 below for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at www.pacer.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**Do not file this notice with any proof of claim or other filing in the case.**

| | |
|---|---|
| 1. **Debtors' full name** | **See Chart Below** |
| 2. **All other names used in the last 8 years** | **See Chart Below (if applicable)** |
| 3. **Address** | **See Chart Below** |

**Jointly Administered Cases**

| Debtor | Other Names Used in Last 8 Years | Address | Case No. | EIN |
|---|---|---|---|---|
| Purdue Pharma L.P. | | One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901 | 19- | 06-1307484 |
| Purdue Pharma Inc. | | One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901 | 19- | 06-1307486 |
| Purdue Transdermal Technologies L.P. | | One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901 | 19- | 20-3931868 |
| Purdue Pharma Manufacturing L.P. | | One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901 | 19- | 80-0913821 |
| Purdue Pharmaceuticals L.P. | | One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901 | 19- | 13-4030034 |
| Imbrium Therapeutics L.P. | | One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901 | 19- | 83-1928810 |
| Adlon Therapeutics L.P. | | One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901 | 19- | 83-2446745 |
| Greenfield BioVentures L.P. | | One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901 | 19- | 83-1936150 |
| Seven Seas Hill Corp. | | One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901 | 19- | N/A |
| Ophir Green Corp. | | One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901 | 19- | N/A |
| Purdue Pharma of Puerto Rico | | One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901 | 19- | 52-2333925 |

For more information, see page 2 ▶

| Debtor | Purdue Pharma L.P. | | Case Number: | 19-      (RDD) |
|---|---|---|---|---|
| | Name | | | |

## Jointly Administered Cases (continued)

| Debtor | Other Names Used in Last 8 Years | Address | Case No. | EIN |
|---|---|---|---|---|
| Avrio Health L.P. | Purdue Products L.P. | One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901 | 19- | 55-0804140 |
| Purdue Pharmaceutical Products L.P. | | One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901 | 19- | 05-0553902 |
| Purdue Neuroscience Company | | One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901 | 19- | 06-1574712 |
| Nayatt Cove Lifescience Inc. | | One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901 | 19- | 82-3487805 |
| Button Land L.P. | | 498 Washington Street, Coventry RI 02816 | 19- | 26-3547502 |
| Paul Land Inc. | | 498 Washington Street, Coventry RI 02816 | 19- | 26-3547425 |
| Quidnick Land L.P. | | 498 Washington Street, Coventry RI 02816 | 19- | 26-3547584 |
| Rhodes Associates L.P. | | 498 Washington Street, Coventry RI 02816 | 19- | N/A |
| Rhodes Pharmaceuticals L.P. | | 498 Washington Street, Coventry RI 02816 | 19- | 26-1916166 |
| Rhodes Technologies | | 498 Washington Street, Coventry RI 02816 | 19- | 22-3527143 |
| UDF LP | | 498 Washington Street, Coventry RI 02816 | 19- | 42-1570495 |
| SVC Pharma LP | | 498 Washington Street, Coventry RI 02816 | 19- | 41-2125717 |
| SVC Pharma Inc. | | 498 Washington Street, Coventry RI 02816 | 19- | 59-3784014 |

**4.  Debtors' attorney and claims agent**

| | |
|---|---|
| **DAVIS POLK & WARDWELL LLP** **450 Lexington Avenue** **New York, New York 10017** **Marshall S. Huebner** **Benjamin S. Kaminetzky** **Timothy Graulich** **Eli J. Vonnegut** | Contact phone:      212-450-4000 Contact facsimile:  212-701-5800 Email:                    Purdue.noticing@dpw.com |

| | | |
|---|---|---|
| **Debtors' Claims and Noticing Agent** **If you have questions about this notice, please contact Prime Clerk LLC** | **Contact phone:** **Email:** **Website:** | **844-217-0912 (toll-free)** **347-859-8093 (international)** **purduepharmainfo@primeclerk.com** **https://restructuring.primeclerk.com/purduepharma** |

**5.  Bankruptcy clerk's office**

| | | | |
|---|---|---|---|
| Documents in this case may be filed at this address. You may inspect all records filed in this case at this office or online at www.pacer.gov. | United States Bankruptcy Court 300 Quarropas Street White Plains, NY 10601 | Hours open     Monday – Friday 8:30 AM – 5:00 PM Contact phone  914-467-7250 | |

**6.  Meeting of creditors**

| | | | |
|---|---|---|---|
| The debtor's representative must attend the meeting to be questioned under oath. Creditors may attend but are not required to do so. | _____  at  _____ Date                       Time **Time and Date to be Determined** The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. | Location: | U.S. Bankruptcy Court Southern District of New York One Bowling Green (Room 511) New York, NY 10004-1408 |

**For more information, see page 3 ▶**

Debtor  **Purdue Pharma L.P.**_____                    Case Number:   **19-      (RDD)**_____
     Name

| | | |
|---|---|---|
| 7. | **Proof of claim deadline** | **Deadline for filing proof of claim:**                     <u>**Not yet set. If a deadline is set, notice will be sent at a later time.**</u> |

A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be obtained at www.uscourts.gov or any bankruptcy clerk's office.

Your claim will be allowed in the amount scheduled unless:

- your claim is designated as *disputed*, *contingent*, or *unliquidated*;
- you file a proof of claim in a different amount; or
- you receive another notice.

If your claim is not scheduled or if your claim is designated as *disputed*, *contingent*, or *unliquidated*, you must file a proof of claim or you might not be paid on your claim and you might be unable to vote on a plan. You may file a proof of claim even if your claim is scheduled.

You may review the schedules at the bankruptcy clerk's office or online at www.pacer.gov.

Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits a creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial.

| | | |
|---|---|---|
| 8. | **Exception to discharge deadline**<br><br>The bankruptcy clerk's office must receive a complaint and any required filing fee by the following deadline. | If § 523(c) applies to your claim and you seek to have it excepted from discharge, you must start a judicial proceeding by filing a complaint by the deadline stated below.<br><br>**Deadline for filing the complaint:**                     <u>**To be determined**</u> |
| 9. | **Creditors with a foreign address** | If you are a creditor receiving notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. |
| 10. | **Filing a Chapter 11 bankruptcy case** | Chapter 11 allows debtors to reorganize or liquidate according to a plan. A plan is not effective unless the court confirms it. You may receive a copy of the plan and a disclosure statement telling you about the plan, and you may have the opportunity to vote on the plan. You will receive notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing. Unless a trustee is serving, the debtor will remain in possession of the property and may continue to operate its business. |
| 11. | **Discharge of debts** | Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. See 11 U.S.C. § 1141(d). A discharge means that creditors may never try to collect the debt from the debtor except as provided in the plan. If you want to have a particular debt owed to you excepted from the discharge and § 523(c) applies to your claim, you must start a judicial proceeding by filing a complaint and paying the filing fee in the bankruptcy clerk's office by the deadline. |