UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| PURDUE PHARMA L.P., *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Joint Administration) |

### INTERIM ORDER AUTHORIZING (I) DEBTORS TO CONTINUE TO USE EXISTING CASH MANAGEMENT SYSTEMS AND MAINTAIN EXISTING BANK ACCOUNTS AND BUSINESS FORMS AND (II) FINANCIAL INSTITUTIONS TO HONOR AND PROCESS RELATED CHECKS AND TRANSFERS

Upon the motion (the "**Motion**")[2] of Purdue Pharma L.P. and its affiliates that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**") for entry of an interim order (this "**Order**") and a final order authorizing, but not directing, (i) the Debtors to continue to use their existing cash management system and maintain existing bank accounts and business forms and (ii) financial institutions to honor and process related checks and transfers pursuant to sections 105(a), 345, 363(c)(1) and 364(a) of the Bankruptcy Code and Bankruptcy Rule 6003; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431,

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to such term in the Motion.

dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion and held a hearing to consider the relief requested in the Motion on an interim basis on September 17, 2019 (the "**Hearing**"); and upon the Lowne Declaration, filed contemporaneously with the Motion, and the record of the Hearing; and after due deliberation the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish good and sufficient cause for the relief granted herein; and the Court having determined that immediate relief is necessary to avoid irreparable harm to the Debtors and their estates as contemplated by Bankruptcy Rule 6003(b) and is in the best interests of the Debtors, their estates, creditors and all parties in interest,

    **IT IS HEREBY ORDERED THAT**

1. The Motion is granted on an interim basis as set forth herein.

2. The Debtors are authorized and empowered, pursuant to sections 105(a) and 363(c)(1) of the Bankruptcy Code, to continue to maintain, operate and make transfers under their Cash Management System as described in the Motion.

3. In accordance with their prepetition practices, the Debtors shall maintain records of all transfers within the Cash Management System to the same extent they were recorded by the Debtors before the commencement of these chapter 11 cases. As a part thereof, each Debtor shall record in its books and records any transfer made by such Debtor to or for the benefit of any other Debtor that occurs on or after the Petition Date (a "**Post-Petition Transfer**").

4. Any Debtor that makes a Post-Petition Transfer to or for the benefit of another Debtor shall be granted a superpriority administrative expense claim as provided for in section 507(b) of the Bankruptcy Code.

5. Pursuant to section 364(a) of the Bankruptcy Code, the Debtors are authorized, in connection with the ordinary course operation of their Cash Management System, to obtain unsecured credit and incur unsecured debt in the ordinary course of business without any further notice or hearing.

6. The Debtors are authorized to continue to maintain the Bank Accounts with the same account numbers following the commencement of these cases.

7. The Banks are authorized to continue to treat, service and administer the Bank Accounts as accounts of the respective Debtor as a debtor in possession without interruption and in the usual and ordinary course and to receive, process and honor and pay any and all post-petition checks, drafts, book transfers, wires or automated clearinghouse transfers ("**ACH Transfers**") drawn on the Bank Accounts by the holders or makers thereof, as the case may be, to the extent the Debtors have good funds standing to their credit with such Bank.

8. Notwithstanding anything to the contrary in any other order of this Court, the Banks (a) are authorized to accept and honor all representations from the Debtors as to which checks, drafts, book transfers, wires or ACH Transfers should be honored or dishonored, consistent with any order of this Court and governing law, whether such checks, drafts, book transfers, wires or ACH Transfers are dated prior to, on or subsequent to the Petition Date, and whether the Banks believe the payment is or is not authorized by an order of this Court and (b) have no duty to inquire as to whether such payments are authorized by an order of this Court.

9. The Banks shall not be liable to any party on account of (a) following the Debtors' instructions or representations as to any order of this Court, (b) the honoring of any prepetition check or item in a good-faith belief that the Court has authorized such prepetition check or item to be honored or (c) an innocent mistake made despite implementation of reasonable item-handling procedures.

10. In accordance with current practice and the agreement governing the Bank Accounts, the Banks are authorized to "charge back" to the Debtors' accounts any amounts incurred by the Banks resulting from returned checks or other returned items, and the Debtors are authorized to pay any fees and expenses owed to the Banks, in each case regardless of whether such items were deposited prepetition or post-petition or relate to prepetition or post-petition items.

11. Any payment from a Bank Account at the request of the Debtors made by a Bank prior to the Petition Date (including any ACH Transfers such Bank is or becomes obligated to settle), or any instruments issued by such Bank on behalf of any Debtor pursuant to a "midnight deadline" or otherwise, shall be deemed to be paid prepetition, whether or not actually debited from the Bank Account prepetition.

12. The Debtors are authorized to implement changes to the Cash Management System in the ordinary course of business, including opening any additional bank accounts, or closing any existing Bank Account as they may deem necessary and appropriate; *provided* that the Debtors shall, as soon as practicable, provide notice to the relevant Bank and the U.S. Trustee of any opening or closing of any Bank Accounts or other bank accounts.

13. The Banks are authorized to honor the Debtors' requests to open or close, as the case may be, such Bank Accounts or additional bank accounts; *provided*, *however*, that, unless otherwise ordered by this Court, any new bank account shall be with (i) in the case of accounts

that may carry average monthly balances less than or equal to the FDIC insurance limit with respect to such accounts, any bank insured by the FDIC and that is organized under the laws of the United States or any State therein, (ii) any bank designated as an Authorized Depository under the U.S. Trustee Guidelines, or (iii) any other bank, as the Debtors may determine upon consultation with the U.S. Trustee.

14.     Nothing contained herein shall prevent Banks from modifying or terminating any Bank Accounts or related services in accordance with the agreements governing such accounts or services.

15.     Notwithstanding anything to the contrary herein, the Debtors are authorized to migrate the Cash Management System from JPMorgan to East West Bank (or such other bank as the Debtors deem appropriate in compliance with the terms of this Order and in consultation with the U.S. Trustee) and to take any actions that are necessary or desirable to effectuate such migration.

16.     The Debtors are authorized to continue to use their correspondence and business forms, including, but not limited to, purchase orders, letterhead, envelopes, promotional materials, checks and other business forms (collectively, the "**Business Forms**") substantially in the forms existing immediately before the Petition Date, without reference to their status as debtors in possession; *provided*, *however*, that as soon as reasonably practicable, the Debtors shall mark "Debtors in Possession" and the chapter 11 case number under which these cases are being jointly administered on any newly printed check stock. To the extent reasonably practicable, the Debtors shall also print such legend on Business Forms and checks that are electronically generated during these chapter 11 cases.

17. The Final Hearing shall be held on October 10, 2019, 1t 10:00 a.m. (Prevailing Eastern Time). Any objections or responses to the entry of the Final Order shall be: (a) filed with the Court, with a copy to the Court's chambers, and (b) served as provided in the Case Management Order so as to be received by 4:00 p.m. (Prevailing Eastern Time) seven (7) days before the Final Hearing. A reply to an objection may be filed with the Court, with a copy to the Court's chambers, and served as provided in the Case Management Order on or before 12:00 p.m. (prevailing Eastern Time) on the day that is at least two (2) business days before the date of the applicable hearing. If no objections or responses are filed and served, this Court may enter the Final Order without further notice or hearing.

18. If no objections are timely filed and served as set forth herein, the Debtors shall, on or after the Objection Deadline, submit to the Court, as provided in the Case Management Order, a final order substantially in the form of this Order, which order shall be submitted and may be entered with no further notice or opportunity to be heard afforded any party, and the Motion shall be approved *nunc pro tunc* to the date of the commencement of these chapter 11 cases.

19. Continuation of the Investment Accounts is approved on an interim basis. The Debtors shall have 45 days (or such additional time as the U.S. Trustee may agree to) from the entry of this Order to either comply with section 345(b) of the Bankruptcy Code or obtain the Court's approval for any deviation from section 345(b) under the Final Order.

20. The contents of the Motion and the notice procedures set forth therein are good and sufficient notice and satisfy the Bankruptcy Rules and the Local Bankruptcy Rules for the Southern District of New York, and no other or further notice of the Motion or the entry of this Order shall be required.

21. Notwithstanding the possible applicability of Bankruptcy Rules 6003 and 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

22. The Debtors are authorized to take all such actions as are necessary or appropriate to implement the relief granted in this Order.

23. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and enforcement of this Order.

Dated: September 18, 2019    */s/Robert D. Drain*_____
       White Plains, New York    THE HONORABLE ROBERT D. DRAIN
                                 U.S. BANKRUPTCY JUDGE