UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.**, *et al*., | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

### INTERIM ORDER AUTHORIZING (I) DEBTORS TO (A) PAY PREPETITION WAGES, SALARIES, EMPLOYEE BENEFITS AND OTHER COMPENSATION AND (B) MAINTAIN EMPLOYEE BENEFITS PROGRAMS AND PAY RELATED ADMINISTRATIVE OBLIGATIONS, (II) EMPLOYEES AND RETIREES TO PROCEED WITH OUTSTANDING WORKERS' COMPENSATION CLAIMS AND (III) FINANCIAL INSTITUTIONS TO HONOR AND PROCESS <u>RELATED CHECKS AND TRANSFERS</u>

Upon the motion (the "**Motion**")[2] of Purdue Pharma L.P. and its affiliates that are debtors and debtors in possession in these cases (collectively, the "**Debtors**"), pursuant to sections 105(a), 362(d) and 363(b) of the Bankruptcy Code, for entry of an interim order (this "**Order**") and a final order authorizing (i) the Debtors to (a) pay certain prepetition wages, salaries, and other compensation owing to Employees and Retirees and, (b) maintain the Employee Programs and pay related administrative obligations, (c) permit Employees and Retirees with claims under the Workers' Compensation Programs to proceed with such claims and insurers to continue using collateral and security under the Workers' Compensation

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to such term in the Motion.

Programs, and (d) authorize applicable banks and other financial institutions to receive, process, honor and process related checks and transfers; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the interim relief sought in Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion and held an evidentiary hearing to consider the relief requested in the Motion on an interim basis on September 17, 2019 (the "**Hearing**"); and upon the Lowne Declaration filed contemporaneously with the Motion, and the record of the Hearing; and after due deliberation and for the reasons stated by the Court at the Hearing the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish good and sufficient cause for the relief granted herein, in that such relief provides a material net benefit to the Debtors' estates and creditors after taking into account the Bankruptcy Code's priority scheme, such relief is necessary to avoid immediate and irreparable harm to the Debtors and their estates as contemplated by Bankruptcy Rule 6003(b) and is a proper exercise of business judgment and in the best interests of the Debtors, their estates, creditors and all parties in interest; now, therefore,

**IT IS HEREBY ORDERED THAT**

1.   The Motion is granted on an interim basis as set forth herein.

2.   The Debtors are authorized, but not required, to pay, in their sole discretion, all amounts required under or related to the Pre-petition Employee Obligations (other than any payments that would contravene section 503(c) of the Bankruptcy Code, including with respect

to insiders); *provided* that, (i) prior to entry of an order granting the relief requested herein on a final basis, the Debtors shall not pay any individual an aggregate amount in excess of $13,650 on account of pre-petition Wages, (ii) nothing in this Interim Order authorizes the Debtors to make payments on account of Severance Obligations and Incentive Plan Obligations with respect to insiders, as defined in section 101(31) of the Bankruptcy Code prior to entry of an order approving the relief requested in the Motion on a final basis, (iii) prior to entry of an order granting the relief requested herein on a final basis, the Debtors will not pay any amounts on account of Pre-petition Employee Obligations before the applicable due dates, and (iv) nothing in this Interim Order authorizes the Debtors to make payments at any time that would contravene section 503(c) of the Bankruptcy Code.

3. The Debtors are authorized, but not required, in their sole discretion, to continue to pay and honor their obligations arising under or related to their plans, practices, programs and policies for their Employees, former employees and Retirees as set forth in the Motion, including, without limitation, those giving rise to the Pre-petition Employee Obligations (collectively, the "**Employee Programs**"), as those Employee Programs were in effect as of the Petition Date and as such Employee Programs may be modified, terminated, amended or supplemented from time to time in the ordinary course of the Debtors' businesses (other than any payments that would contravene section 503(c) of the Bankruptcy Code, including with respect to insiders).

4. The Debtors are authorized, but not required, in their sole discretion, to (a) continue utilizing third parties for certain services as described in the Motion and to pay or cause to be paid such claims as and when such obligations are due and (b) pay prepetition

amounts owing in the ordinary course of business to third parties in connection with administering and maintaining the Employee Programs.

5. The Debtors are authorized, but not directed, in their sole discretion, to advance and pay the legal costs of Indemnitees on the terms set forth in the Motion. Nothing in this Order authorizes the Debtors to advance and pay the legal costs of any member of the Sackler family, directly or indirectly.

6. The Debtors are authorized, in their sole discretion, to continue to administer the Supplemental Savings Plan; *provided* that any postpetition amounts contributed to the Supplemental Savings Plan shall be deemed administrative expenses pursuant to section 503 of the Bankruptcy Code; *provided further* that nothing in this Order authorizes the Debtors to make any payments on account of prepetition contributions to the Supplemental Savings Plan.

7. The automatic stay is modified solely to the extent necessary to allow Employees and Retirees to proceed with claims under the Workers' Compensation Programs in the appropriate judicial or administrative fora and to permit insurers under the Workers' Compensation Programs to continue to access collateral and security provided by the Debtors pursuant to the Workers' Compensation Programs and the notice requirements under Bankruptcy Rule 4001(d) with respect to the above are waived.

8. The Debtors' Banks are hereby authorized to receive, process, honor and pay any and all checks, drafts, wires, check transfer requests or automated clearing house transfers evidencing amounts paid by the Debtors under this Order whether presented prior to or after the Petition Date to the extent the Debtors have good funds standing to their credit with such bank or other financial institution. The Banks are authorized to rely on the representations of the Debtors

as to which checks are issued or authorized to be paid pursuant to this Order without any duty of further inquiry and without liability for following the Debtors' instructions.

9. Nothing in the Motion or this Order, nor any payments made pursuant to this Order, shall be deemed to be or constitute an admission as to the validity or priority of any claim against the Debtors, or constitute an assumption or post-petition reaffirmation of any agreement, plan, practice, program, policy, executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code or a waiver of any rights of the Debtors.

10. Nothing in the Motion or this Order shall impair the ability of the Debtors to contest the validity or amount of any payment made pursuant to this Order.

11. Nothing in the Motion or this Order shall be construed as impairing the Debtors' right to contest the validity or amount of any Pre-petition Employee Obligation, including payroll taxes that may be due to any taxing authority.

12. The requirements of Bankruptcy Rule 6003 are satisfied by the contents of the Motion.

13. Any Bankruptcy Rule (including, but not limited to, Bankruptcy Rule 6004(h)) or Local Rule that might otherwise delay the effectiveness of this Order is hereby waived, for cause, and the terms and conditions of this Order shall be effective immediately and enforceable upon its entry.

14. The contents of the Motion and the notice procedures set forth therein are good and sufficient notice and satisfy the Bankruptcy Rules and the Local Rules, and no other or further notice of the Motion or the entry of this Order shall be required.

15. The Final Hearing shall be held on October 10, 2019, at 10:00 a.m. (Prevailing Eastern Time). Any objections or responses to the entry of the Final Order shall be: (a) filed

5

with the Court, with a copy to the Court's chambers, and (b) served as provided in the Case Management Order so as to be received by 4:00 p.m. (Prevailing Eastern Time) seven (7) days before the Final Hearing.  A reply to an objection may be filed with the Court, with a copy to the Court's chambers, and served on or before 12:00 p.m. as provided in the Case Management Order on the day that is at least two (2) business days before the date of the applicable hearing. If no objections or responses are filed and served, this Court may enter the Final Order without further notice or hearing.

16. If no objections are timely filed and served as set forth herein, the Debtors shall, on or after the Objection Deadline, submit to the Court a final order substantially in the form of this Order, which order shall be submitted as provided in the Case Management Order and may be entered with no further notice or opportunity to be heard afforded any party, and the Motion shall be approved *nunc pro tunc* to the date of the commencement of these chapter 11 cases.

17. The Debtors are authorized to take all such actions as are necessary or appropriate to implement the relief granted in this Order.

18. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and enforcement of this Order.

19. Notwithstanding anything to the contrary in this Interim Order, the Debtors shall not (a) make any Sign-On Bonus payments either before such Sign-On Bonus payments are due or in an amount in excess of $100,000 in the aggregate, (b) pay any amounts on account of Incentive Plan Obligations, (c) pay any amounts on account of Severance Obligations to former employees or (d) make any Treyburn Retention Payments, in each case prior to the approval of such payments in the Final Order or by separate order of the Court.

6

Dated: September 18, 2019 　　　　　　　　　　*/s/Robert D. Drain*　　　　　　　　　　
　　　White Plains, New York 　　　　　　　　　THE HONORABLE  ROBERT D. DRAIN
　　　　　　　　　　　　　　　　　　　　　　　U.S. BANKRUPTCY JUDGE