UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>**PURDUE PHARMA L.P.**, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 19-23649 (RDD)<br><br>(Jointly Administered) |

### INTERIM ORDER AUTHORIZING (I) THE DEBTORS TO CONTINUE AND RENEW THEIR LIABILITY, PROPERTY, CASUALTY AND OTHER INSURANCE POLICIES AND HONOR ALL OBLIGATIONS IN RESPECT THEREOF AND (II) FINANCIAL INSTITUTIONS TO HONOR AND PROCESS RELATED CHECKS AND TRANSFERS

Upon the motion (the "**Motion**")[2] of Purdue Pharma L.P. and its affiliates that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**") for entry of an interim order (this "**Order**") and a final order authorizing, but not directing, the Debtors to (i) continue and renew their liability, property, casualty and other insurance policies and honor all obligations in respect thereof and (ii) financial institutions to honor and process related checks and transfers, all as set forth more fully in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to such term in the Motion.

venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the interim relief sought in the Motion having been provided, and it appearing that no other or further notice of such request need be provided; and the Court having reviewed the Motion and held a hearing to consider the relief requested in the Motion on an interim basis on September 17, 2019 (the "**Hearing**"); and upon the Lowne Declaration, filed contemporaneously with the Motion, and the record of the Hearing; and after due deliberation the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish good and sufficient cause for the relief granted herein, in that such relief will provide a material net benefit to the Debtors' estates and creditors after taking into account the Bankruptcy Code's priority scheme and is necessary to avoid immediate and irreparable harm to the Debtors and their estates as contemplated by Bankruptcy Rule 6003(b), is a proper exercise of business judgment, and is in the best interests of the Debtors, their estates, creditors and all parties in interest; now, therefore,

**IT IS HEREBY ORDERED THAT**

1. The Motion is granted on an interim basis as set forth herein.

2. The Debtors are, in their sole discretion, authorized to continue their Insurance Policies, including the Insurance Policies listed on **Exhibit C** attached to the Motion, without interruption and in accordance with the same practices and procedures as were in effect prior to the Petition Date.

3. The Debtors are authorized to pay prepetition obligations, if any, that may be owed in connection with the Insurance Policies (including Broker's Fees and Insurance Deductibles) during the interim period, whether due and payable before, on or after the Petition Date to the extent any such obligations are owed.

4. The Debtors are, in their sole discretion, authorized to renew or obtain new insurance policies or execute other agreements in connection with their Insurance Policies, including, without limitation, upon the expiration or termination of any Insurance Policy.

5. The Debtors are, in their sole discretion, authorized to create, capitalize and obtain insurance from the Product and General Liability Captive as set forth in the Motion.

6. All applicable banks and other financial institutions are hereby authorized to receive, process, honor and pay any and all checks, drafts, wires, check transfer requests or automated clearinghouse transfers evidencing amounts paid by the Debtors under this Order whether presented prior to, on or after the Petition Date to the extent the Debtors have good funds standing to their credit with banks or other financial institutions. Such banks and financial institutions are authorized to rely on the representations of the Debtors as to which checks are issued or authorized to be paid pursuant to this Order without any duty of further inquiry and without liability for following the Debtors' instructions.

7. Nothing in this Order or any action taken by the Debtors in furtherance of the implementation hereof shall be deemed to constitute an assumption or rejection of any executory contract or unexpired lease pursuant to Bankruptcy Code section 365, and all of the Debtors' rights with respect to such matters are expressly reserved. To the extent any Insurance Policy or related agreement is deemed an executory contract within the meaning of Bankruptcy Code section 365, neither this Order nor any payments made in accordance with this Order shall constitute the post-petition assumption or reaffirmation of those Insurance Policies or related agreements under Bankruptcy Code section 365.

8. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall (a) create, nor is it intended to create, any rights in favor of, or enhance the

status of any claim held by any person or entity or (b) be deemed to convert the priority of any claim from a prepetition claim into an administrative expense claim.

9. Nothing in this Order shall be construed as prejudicing the rights of the Debtors to dispute or contest the amount of or basis for any claims against the Debtors in connection with or relating to the Debtors' Insurance Policies.

10. Nothing in this Order nor the Debtors' payment of claims pursuant to this Order shall be construed as (a) an agreement or admission by the Debtors as to the validity or priority of any claim on any grounds, (b) a waiver or impairment of any of the Debtors' rights to dispute any claims on any grounds, (c) a promise by the Debtors to pay any claim, or (d) an implication or admission by the Debtors that such claim is payable pursuant to this Order.

11. The requirements of Bankruptcy Rule 6003 are satisfied by the contents of the Motion.

12. The contents of the Motion and the notice procedures set forth therein are good and sufficient notice and satisfy the Bankruptcy Rules and the Local Bankruptcy Rules for the Southern District of New York, and no other or further notice of the Motion or the entry of this Order shall be required.

13. The Final Hearing shall be held on October 10, 2019, at 10:00 a.m. (Prevailing Eastern Time). Any objections or responses to the entry of the Final Order shall be (a) filed with the Court, with a copy to chambers, and (b) served as provided in the Case Management Order so as to be received by 4:00 p.m. (Prevailing Eastern Time) seven (7) days before the Final Hearing. A reply to an objection may be filed with the Court, with a copy to chambers, and served as provided in the Case Management Order on or before 12:00 p.m. (prevailing Eastern Time) on the day that is at least two (2) business days before the date of the applicable hearing. If no

objections or responses are filed and served, this Court may enter the Final Order without further notice or hearing.

14. If no objections are timely filed and served as set forth herein, the Debtors shall, on or after the Objection Deadline, submit to the Court a final order substantially in the form of this Order, which order shall be submitted as provided in the Case Management Order and may be entered with no further notice or opportunity to be heard afforded any party, and the Motion shall be approved *nunc pro tunc* to the date of the commencement of these chapter 11 cases.

15. Notwithstanding the possible applicability of Bankruptcy Rules 6003 and 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry, for cause.

16. The Debtors are authorized to take all such actions as are necessary or appropriate to implement the terms of this Order.

17. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and enforcement of this Order.

Dated: September 18, 2019            */s/Robert D. Drain*_____
       White Plains, New York         THE HONORABLE ROBERT D. DRAIN
                                           U.S. BANKRUPTCY JUDGE