UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| PURDUE PHARMA L.P., *et al*., | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

### ORDER (I) AUTHORIZING PPLP TO ACT AS FOREIGN REPRESENTATIVE AND (II) GRANTING RELATED RELIEF

Upon the motion (the "**Motion**")[2] of Purdue Pharma L.P. ("**PPLP**") and its affiliates that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**") for entry of an order (this "**Order**") (a) authorizing PPLP to act as foreign representative on behalf of the Debtors' estates pursuant to section 1505 of the Bankruptcy Code and (b) granting related relief; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to such term in the Motion.

proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion and held a hearing to consider the relief requested in the Motion on September 17, 2019 (the "**Hearing**"); and upon the Lowne Declaration filed contemporaneously with the Motion, and the record of the Hearing; and after due deliberation the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish good and sufficient cause for the relief granted herein; now, therefore,

**IT IS HEREBY ORDERED THAT**

1. The Motion is granted as set forth herein.

2. PPLP is hereby authorized to act as the Foreign Representative on behalf of the Debtors' estates in connection with the Canadian Proceeding. As Foreign Representative, PPLP shall be authorized and shall have the power to act in any way permitted by applicable foreign law.

3. This Court requests the aid and assistance of the Canadian Court to recognize the Debtors' chapter 11 cases as a "foreign main proceeding" and PPLP as a "foreign representative" pursuant to the CCAA, and to recognize and give full force and effect in all provinces and territories of Canada to this Order.

4. Any Bankruptcy Rule or Local Rule that might otherwise delay the effectiveness of this Order is hereby waived, for cause, and the terms and conditions of this Order shall be effective immediately and enforceable upon its entry.

5. The contents of the Motion and the notice procedures set forth therein are good and sufficient notice and satisfy the Bankruptcy Rules and the Local Rules, and no other or further notice of the Motion or the entry of this Order shall be required.

6. The Debtors are authorized to take all such actions as are necessary or appropriate to implement the relief granted in this Order.

7. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and enforcement of this Order.

Dated: September 18, 2019         /s/Robert D. Drain_____
      White Plains, New York         THE HONORABLE  ROBERT D. DRAIN
                                                   U.S. BANKRUPTCY JUDGE