**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (RDD)** |
| **Debtors.** [1] | **(Jointly Administered)** |

**AMENDED ORDER (I) WAIVING REQUIREMENT TO FILE LIST OF CREDITORS, (II) AUTHORIZING THE DEBTORS AND THE CLAIMS AND NOTICING AGENT TO SUPPRESS PERSONALLY IDENTIFIABLE INFORMATION FOR INDIVIDUALS, (III) AUTHORIZING THE DEBTORS' CLAIMS AND NOTICING AGENT TO WITHHOLD PUBLICATION OF CLAIMS FILED BY INDIVIDUALS UNTIL FURTHER ORDER OF THE COURT AND (IV) ESTABLISHING PROCEDURES FOR NOTIFYING CREDITORS OF THE COMMENCEMENT OF THE DEBTORS' CHAPTER 11 CASES**

Upon the motion (the "**Motion**")[2] of Purdue Pharma L.P. and its affiliates that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**") for (i) waiver of the requirement to file a list of creditors, (ii) authorization for the Debtors and the Claims and Noticing Agent to suppress personally identifiable information for individuals, (iii) authorization for the Claims and Noticing Agent to withhold publication of proofs of claims (including as reflected in the Claims Register) until further order of the Court, and (iv) authority to establish procedures for notifying creditors of the commencement of their chapter 11 cases pursuant to sections 105(a), 342(a) and 521(a)(1) of the Bankruptcy Code, Bankruptcy Rules 1007(a) and

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to such term in the Motion.

(d), 2002(a), (f), and (l) of the Bankruptcy Rules, Local Bankruptcy Rule 1007-1 and General Orders M-133, M-137, and M-138 (the "**Standing Orders**"); and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion and held a hearing to consider the relief requested in the Motion on September 17, 2019 (the "**Hearing**"); and upon the Lowne Declaration, filed contemporaneously with the Motion, and the record of the Hearing; and after due deliberation the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish good and sufficient cause for the relief granted herein; now, therefore,

**IT IS HEREBY ORDERED THAT**

1. The Motion is granted to the extent set forth herein.

2. The requirement under section 521(a)(1) of the Bankruptcy Code, Bankruptcy Rule 1007(a)(1), Local Bankruptcy Rule 10071 and the Standing Orders to file with the petitions a list containing the name and address of certain creditors, counterparties to executory contracts and unexpired leases and co-debtors is waived; *provided* that this waiver does not affect the Debtors' obligations to file schedules of executory contracts and unexpired leases and co-debtors pursuant to section 521 of the Bankruptcy Code or Bankruptcy Rule 1007.

3. The Debtors are authorized to file a consolidated list of the 50 largest unsecured creditors in these chapter 11 cases in lieu of each Debtor filing a list of its 20 largest unsecured creditors.

4. As soon as practicable after entry of an order authorizing the engagement of a claims and noticing agent in these cases (the "**Claims and Noticing Agent**"), the Debtors shall furnish to the Claims and Noticing Agent a consolidated list containing the names and last known addresses of the Debtors' creditors (the "**List of Creditors**").

5. The Notice of Commencement substantially in the form attached hereto as **Exhibit 1** is hereby approved. Prime Clerk LLC, as the Debtors' proposed Claims and Noticing Agent, shall promptly provide such notice in addition to all other mailings directed by the Court, the United States Trustee for Region 2, or as required by section 342(a) of the Bankruptcy Code and Bankruptcy Rules 2002(a) and (f).

6. On or before the date that is twenty-one (21) days prior to the date on which the meeting of creditors under sections 341 and 343 of the Bankruptcy Code is to be held, the Debtors, with the assistance of the Claims and Noticing Agent, shall mail the Notice of Commencement to all creditors on the Debtors' List of Creditors.

7. Pursuant to Bankruptcy Rule 2002(l), the Debtors, with the assistance of the Claims and Noticing Agent, shall cause the Notice of Commencement to be published (i) once in the national edition of the *Wall Street Journal*, the national edition of *The New York Times* and/or *USA Today* at the discretion of the Debtors and (ii) on the website to be established by the Claims and Noticing Agent and the Debtors' website.

8. The form and manner of notice as provided herein are reasonably calculated to inform interested parties of these chapter 11 cases and are hereby approved.

9. The Debtors and the Claims and Noticing Agent are authorized to suppress personally identifiable information of any individual listed on or appearing in any document filed with the court or made publicly available by the Claims and Noticing Agent on the Debtors' case website, except that un-redacted copies may be provided to the Court, the U.S. Trustee, any official committee appointed in these chapter 11 cases, the Claims and Noticing Agent, and any other party designated by further order of the Court. Each party receiving such un-redacted copies shall keep such information confidential. To the extent that any party provided with such un-redacted copies files any responsive pleading or other pleadings, such party shall redact from its pleadings any confidential or identifying information from such document.

10. Notwithstanding anything to the contrary in any order authorizing the engagement of Prime Clerk LLC as the Debtor's Claims and Noticing Agent or any Local Rules, the Claims and Noticing Agent is authorized to withhold publication of proofs of claim filed by individual creditors until entry of the Bar Date Order or other further order of the Court. Such proofs of claim may be provided upon request to the Court, the U.S. Trustee, any official committee appointed in these chapter 11 cases, and any other party designated by further order of the Court, and each party receiving such proofs of claim shall keep such information confidential.

11. Notwithstanding anything to the contrary in the order relating to the retention of the Claims and Noticing Agent or any Local Rules, the Claims and Noticing Agent is authorized to file affidavits of service without disclosing the names and addresses of employees and former employees of the Debtors.

12. Notwithstanding anything to the contrary in the order relating to the retention of the Claims and Noticing Agent or any Local Rules, the Claims and Noticing Agent is authorized

to suppress names and addresses of employees and former employees of the Debtors in the Claims Registers.

13. Nothing in this Order shall be deemed to modify the obligation that each filer of a proof of claim bears to redact confidential health information, and the Claims and Noticing Agent shall have no liability for any disclosure or nondisclosure thereof.

14. Nothing in this Order shall be deemed to modify the obligations of any party with respect to confidential health information.

15. The Debtors are authorized to take all action necessary or appropriate to effectuate the relief granted in this Order.

16. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: September 24, 2019
White Plains, New York

/s/ Robert D. Drain
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

# Exhibit 1

## Notice of Commencement

| Information to identify the case: | |
|---|---|
| Debtor: Purdue Pharma L.P. | EIN: 06-1307484 |
| United States Bankruptcy Court Southern District of New York | |
| Case Number: 19-_____ (___) (RDD) | Date case filed for chapter 11: September 15, 2019 |

Official Form 309F (For Corporations or Partnerships)

# Notice of Chapter 11 Bankruptcy Case         12/17

For the debtor listed above, a case has been filed under chapter 11 of the Bankruptcy Code. An order for relief has been entered.

**This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read all pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtor or the debtor's property. For example, while the stay is in effect, creditors cannot sue, assert a deficiency, repossess property, or otherwise try to collect from the debtor. Creditors cannot demand repayment from the debtor by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees.

Confirmation of a chapter 11 plan may result in a discharge of debt. A creditor who wants to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadline specified in this notice. (See line 11 below for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at www.pacer.gov).

*The staff of the bankruptcy clerk's office cannot give legal advice.*

**Do not file this notice with any proof of claim or other filing in the case.**

| 1. Debtors' full name | See Chart Below |
|---|---|
| 2. All other names used in the last 8 years | See Chart Below (if applicable) |
| 3. Address | See Chart Below |

**Jointly Administered Cases**

| Debtor | Other Names Used in Last 8 Years | Address | Case No. | EIN |
|---|---|---|---|---|
| Purdue Pharma L.P. | | One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901 | 19- | 06-1307484 |
| Purdue Pharma Inc. | | One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901 | 19- | 06-1307486 |
| Purdue Transdermal Technologies L.P. | | One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901 | 19- | 20-3931868 |
| Purdue Pharma Manufacturing L.P. | | One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901 | 19- | 80-0913821 |
| Purdue Pharmaceuticals L.P. | | One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901 | 19- | 13-4030034 |
| Imbrium Therapeutics L.P. | | One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901 | 19- | 83-1928810 |
| Adlon Therapeutics L.P. | | One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901 | 19- | 83-2446745 |
| Greenfield BioVentures L.P. | | One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901 | 19- | 83-1936150 |
| Seven Seas Hill Corp. | | One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901 | 19- | N/A |
| Ophir Green Corp. | | One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901 | 19- | N/A |
| Purdue Pharma of Puerto Rico | | One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901 | 19- | 52-2333925 |

**For more information, see page 2 ▶**

| Jointly Administered Cases (continued) | | | | |
|---|---|---|---|---|
| **Debtor** | **Other Names Used in Last 8 Years** | **Address** | **Case No.** | **EIN** |
| Avrio Health L.P. | Purdue Products L.P. | One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901 | 19- | 55-0804140 |
| Purdue Pharmaceutical Products L.P. | | One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901 | 19- | 05-0553902 |
| Purdue Neuroscience Company | | One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901 | 19- | 06-1574712 |
| Nayatt Cove Lifescience Inc. | | One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901 | 19- | 82-3487805 |
| Button Land L.P. | | 498 Washington Street, Coventry RI 02816 | 19- | 26-3547502 |
| Paul Land Inc. | | 498 Washington Street, Coventry RI 02816 | 19- | 26-3547425 |
| Quidnick Land L.P. | | 498 Washington Street, Coventry RI 02816 | 19- | 26-3547584 |
| Rhodes Associates L.P. | | 498 Washington Street, Coventry RI 02816 | 19- | N/A |
| Rhodes Pharmaceuticals L.P. | | 498 Washington Street, Coventry RI 02816 | 19- | 26-1916166 |
| Rhodes Technologies | | 498 Washington Street, Coventry RI 02816 | 19- | 22-3527143 |
| UDF LP | | 498 Washington Street, Coventry RI 02816 | 19- | 42-1570495 |
| SVC Pharma LP | | 498 Washington Street, Coventry RI 02816 | 19- | 41-2125717 |
| SVC Pharma Inc. | | 498 Washington Street, Coventry RI 02816 | 19- | 59-3784014 |

4. **Debtors' attorney and claims agent**

| | | |
|---|---|---|
| **DAVIS POLK & WARDWELL LLP**<br>450 Lexington Avenue<br>New York, New York 10017<br>Marshall S. Huebner<br>Benjamin S. Kaminetzky<br>Timothy Graulich<br>Eli J. Vonnegut | Contact phone:<br>Contact facsimile:<br>Email: | 212-450-4000<br>212-701-5800<br>Purdue.noticing@dpw.com |
| **Debtors' Claims and Noticing Agent**<br>If you have questions about this notice, please contact Prime Clerk LLC | Contact phone:<br><br>Email:<br>Website: | 844-217-0912 (toll-free)<br>347-859-8093 (international)<br>purduepharmainfo@primeclerk.com<br>https://restructuring.primeclerk.com/purduepharma |

5. **Bankruptcy clerk's office**

| | | | |
|---|---|---|---|
| Documents in this case may be filed at this address.<br>You may inspect all records filed in this case at this office or online at www.pacer.gov. | United States Bankruptcy Court<br>300 Quarropas Street<br>White Plains, NY 10601 | Hours open<br><br>Contact phone | Monday – Friday 8:30 AM – 5:00 PM<br><br>914-467-7250 |

6. **Meeting of creditors**

| | | |
|---|---|---|
| The debtor's representative must attend the meeting to be questioned under oath.<br>Creditors may attend but are not required to do so. | _____ at _____<br>Date                         Time<br><br>**Time and Date to be Determined**<br><br>The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. | Location:    U.S. Bankruptcy Court<br>Southern District of New York<br>One Bowling Green (Room 511)<br>New York, NY 10004-1408 |

For more information, see page 3 ▶

| 7. Proof of claim deadline | **Deadline for filing proof of claim:** | **Not yet set. If a deadline is set, notice will be sent at a later time.** |
|---|---|---|
| | A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be obtained at www.uscourts.gov or any bankruptcy clerk's office. | |
| | Your claim will be allowed in the amount scheduled unless: | |
| | <ul><li>your claim is designated as *disputed*, *contingent*, or *unliquidated*;</li><li>you file a proof of claim in a different amount; or</li><li>you receive another notice.</li></ul> | |
| | If your claim is not scheduled or if your claim is designated as *disputed*, *contingent*, or *unliquidated*, you must file a proof of claim or you might not be paid on your claim and you might be unable to vote on a plan. You may file a proof of claim even if your claim is scheduled. | |
| | You may review the schedules at the bankruptcy clerk's office or online at www.pacer.gov. | |
| | Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits a creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial. | |
| 8. **Exception to discharge deadline** The bankruptcy clerk's office must receive a complaint and any required filing fee by the following deadline. | If § 523(c) applies to your claim and you seek to have it excepted from discharge, you must start a judicial proceeding by filing a complaint by the deadline stated below.<br><br>**Deadline for filing the complaint:** | **To be determined** |
| 9. **Creditors with a foreign address** | If you are a creditor receiving notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. | |
| 10. **Filing a Chapter 11 bankruptcy case** | Chapter 11 allows debtors to reorganize or liquidate according to a plan. A plan is not effective unless the court confirms it. You may receive a copy of the plan and a disclosure statement telling you about the plan, and you may have the opportunity to vote on the plan. You will receive notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing. Unless a trustee is serving, the debtor will remain in possession of the property and may continue to operate its business. | |
| 11. **Discharge of debts** | Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. See 11 U.S.C. § 1141(d). A discharge means that creditors may never try to collect the debt from the debtor except as provided in the plan. If you want to have a particular debt owed to you excepted from the discharge and § 523(c) applies to your claim, you must start a judicial proceeding by filing a complaint and paying the filing fee in the bankruptcy clerk's office by the deadline. | |