DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut

*Proposed Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.,** *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

**NOTICE OF HEARING ON MOTION OF DEBTORS FOR AUTHORITY TO EMPLOY
PROFESSIONALS USED IN THE ORDINARY COURSE OF BUSINESS
<u>*NUNC PRO TUNC* TO THE PETITION DATE</u>**

**PLEASE TAKE NOTICE** that on September 26, 2019, the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), filed the *Motion of Debtors for Authority to Employ Professionals Used in the Ordinary Course of Business* Nunc Pro Tunc *to the Petition Date* (the "**Motion**"). A hearing on the Motion will be held on **October 10, 2019, at 10:00 a.m. (Prevailing Eastern Time)** (the "**Hearing**") before the Honorable Judge Robert D. Drain,

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, at the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601 (the "**Bankruptcy Court**"), or at such other time as the Bankruptcy Court may determine.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion may be obtained free of charge by visiting the website of Prime Clerk LLC at https://restructuring.primeclerk.com/purduepharma. You may also obtain copies of any pleadings by visiting the Bankruptcy Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the Hearing may be continued or adjourned thereafter from time to time without further notice other than an announcement of the adjourned date or dates at the Hearing or a later hearing. The Debtors will file an agenda before the Hearing, which may modify or supplement the motions to be heard at the Hearing.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the Motion shall be in writing, shall comply with the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, shall be filed with the Bankruptcy Court (a) by attorneys practicing in the Bankruptcy Court, including attorneys admitted *pro hac vice*, electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov), and (b) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with General Order M-399 and the *Order Establishing Certain Notice, Case Management, and Administrative Procedures*, entered

on September 18, 2019 [Docket No. 72], so as to be filed and received no later than **Thursday, October 3, 2019 at 4:00 p.m. (Prevailing Eastern Time)** (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that any objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted upon default.

**PLEASE TAKE FURTHER NOTICE** that if no Objections are timely filed and served with respect to the Motion, the Debtors may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Motion, which order may be entered without further notice or opportunity to be heard.

Dated:  September 26, 2019
        New York, New York

                                    DAVIS POLK & WARDWELL LLP

                                    By: /s/ Eli J. Vonnegut

                                    450 Lexington Avenue
                                    New York, New York 10017
                                    Telephone: (212) 450-4000
                                    Facsimile:  (212) 701-5800
                                    Marshall S. Huebner
                                    Benjamin S. Kaminetzky
                                    Timothy Graulich
                                    Eli J. Vonnegut

                                    *Proposed Counsel to the Debtors
                                    and Debtors in Possession*

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut

*Proposed Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.**, *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

**MOTION OF DEBTORS FOR AUTHORITY TO
EMPLOY PROFESSIONALS USED IN THE ORDINARY
COURSE OF BUSINESS *NUNC PRO TUNC* TO THE PETITION DATE**

Purdue Pharma L.P. ("**PPLP**") and its affiliates that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**," the "**Company**" or "**Purdue**") hereby move (this "**Motion**") this Court for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Order**," respectively), granting the relief described below. In support thereof, the Debtors represent as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

**Jurisdiction and Venue**

1. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), the Debtors consent to entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

2. On the date hereof (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. To date, the Office of the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") has not appointed a statutory committee of creditors in these chapter 11 cases, nor has the Court appointed a trustee or examiner.

3. These chapter 11 cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) and the *Order Directing Joint Administration of Chapter 11 Cases* [D.I. 59] entered by the Court in each of the chapter 11 cases.

4. Additional information about the Debtors' businesses and the events leading up to the Petition Date can be found in the *Debtors' Informational Brief* [D.I. 17].

2

**Relief Requested**

5. By this Motion, the Debtors request authority, pursuant to sections 105(a), 327, 328, and 330 of the Bankruptcy Code, but not direction, to establish certain procedures to (a) retain those professionals that the Debtors employ in the ordinary course of business (collectively, the "**Ordinary Course Professionals**"), effective as of the Petition Date, without (i) the submission of separate retention applications, or (ii) the issuance of separate retention orders for each individual Ordinary Course Professional; and (b) compensate and reimburse Ordinary Course Professionals without individual fee applications.

6. An initial list of Ordinary Course Professionals is annexed to the Proposed Order as **Exhibit 1** and **Exhibit 2**.

**Proposed Procedures for
Employment of Ordinary Course Professionals**

7. The Debtors seek to employ Ordinary Course Professionals to render professional services to the Debtors' estates in the same manner and for the same or similar purposes as such professionals were retained by the Debtors prior to the Petition Date. In the past, Ordinary Course Professionals have provided the Debtors with specialized legal services relating to corporate, litigation, financial, tax, insurance and regulatory matters that have a direct and significant impact on the Debtors' day-to-day operations. It is essential that the employment of Ordinary Course Professionals, many of whom are familiar with the Debtors' business, be continued to avoid disruption of the Debtors' operations.

8. The Debtors submit that the proposed employment of the Ordinary Course Professionals and the payment of monthly compensation pursuant to the procedures set forth below (the "**Procedures**") are in the best interests of their estates and creditors. The relief requested will save the Debtors the expense and time associated with applying to the Court

3

separately to retain each Ordinary Course Professional, and will avoid the incurrence of additional fees for the preparation and prosecution of interim and final fee applications during these chapter 11 cases. Accordingly, the Debtors request that the Court dispense with the requirement of filing individual retention and fee applications for the Ordinary Course Professionals and implement the following Procedures:

(i)  Within thirty (30) days after the later of (a) the entry of an Order granting this Motion and (b) the date on which the Ordinary Course Professional commences services for the Debtors, each Ordinary Course Professional will provide the following to the Debtors' attorneys: (1) an affidavit (the "**OCP Affidavit**"), substantially in the form annexed to the Proposed Order as **Exhibit 3** certifying that the Ordinary Course Professional does not represent or hold any interest adverse to the Debtors or their estates with respect to the matter(s) on which such professional is to be employed and (2) a completed retention questionnaire (the "**Retention Questionnaire**"), substantially in the form annexed to the Proposed Order as **Exhibit 4**.

(ii)  Upon receipt of an OCP Affidavit, the Debtors will file the same with the Court and serve a copy on (a) the United States Trustee for Region 2 (the "**U.S. Trustee**"), (b) any official committee appointed in these chapter 11 cases, and (c) the ad hoc committee of governmental and other contingent litigation claimants represented by Brown Rudnick LLP, Gilbert, LLP, Kramer Levin Naftalis & Frankel LLP, and Otterbourg PC (collectively, the "**Reviewing Parties**").

(iii)  If a party wishes to object to the retention of an Ordinary Course Professional, such party shall, within ten (10) days after the filing of the applicable OCP Affidavit (the "**Retention Objection Deadline**"), file with the Court and serve on (a) the attorneys for the Debtors and (b) the relevant Ordinary Course Professional (or its counsel if known) (together, the "**Objection Recipients**") a written objection stating, with specificity, the legal and/or factual bases for such objection. If no objection to the retention of an Ordinary Course Professional is filed with the Court and served on the Objection Recipients before the Retention Objection Deadline, the retention and employment of such professional shall be deemed approved without further order of the Court.

4

(iv) If a timely objection to the retention of an Ordinary Course Professional is filed with the Court and served on the Objection Recipients, and such objection cannot be resolved within fourteen (14) days after the Retention Objection Deadline, the matter will be scheduled for adjudication by the Court at the next available hearing.

(v) No Ordinary Course Professional may be paid any amount for invoiced fees and expenses until the Ordinary Course Professional has been retained in accordance with these Procedures.

(vi) The Debtors are authorized to retain an Ordinary Course Professional and to compensate such Ordinary Course Professional, without formal application to the Court, 100% of the fees and 100% of the expenses incurred upon the submission to, and approval by, the Debtor of an appropriate invoice setting forth in reasonable detail the nature of the services rendered and expenses actually incurred (without prejudice to the Debtors' right to dispute any such invoices); *provided*, however, the following limitations shall apply to the payment of fees and reimbursement of expenses:

- For each Ordinary Course Professional set forth on **Exhibit 1** annexed to the Proposed Order, total fees, excluding costs and disbursements, shall not exceed $150,000 per month on average over a rolling three-month period (the "**Tier 1 OCP Cap**") and $1,800,000 in the aggregate (the "**Tier 1 Case Cap**"); and

- For each Ordinary Course Professional set forth on **Exhibit 2** annexed to the Proposed Order, total fees, excluding costs and disbursements, shall not exceed $75,000 per month on average over a rolling three-month period (the "**Tier 2 OCP Cap**," and together with the Tier 1 OCP Cap, the "**OCP Caps**") and $900,000 in the aggregate (the "**Tier 2 Case Cap**," and together with the Tier 1 Case Cap, the "**Case Caps**");

The OCP Caps and Case Caps may be increased by mutual agreement between the Debtors and the U.S. Trustee; *provided* that the Debtors shall file a notice with the Court of any such agreed increase.

(vii) If an Ordinary Course Professional's fees and expenses exceed the applicable OCP Cap during these chapter 11 cases, (a) the Debtors may pay the Ordinary Course Professional's fees and

5

    expenses up to the applicable OCP Cap; and (b) the Ordinary Course Professional will file with the Court a fee application, to be heard on notice, on account of the fees and expenses in excess of the applicable OCP Cap and apply for compensation and reimbursement of such amount in compliance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330*, and all orders of the Court.

(viii) Payment to any one Ordinary Course Professional shall not exceed the applicable Case Cap, subject to further order of the Court. In the event that an Ordinary Course Professional's fees and expenses exceed the applicable Case Cap, such Ordinary Course Professional shall be required to file a separate retention application to be retained as a professional pursuant to section 327 of the Bankruptcy Code.

(ix) Within thirty (30) days after the end of each quarterly period, the Debtors will file a statement with the Court and serve the same on the Reviewing Parties, certifying the Debtors' compliance with the terms of the relief requested herein. The statement shall include for each Ordinary Course Professional (a) the name of such Ordinary Course Professional, and (b) for each quarterly period, the aggregate amounts paid as compensation for services rendered and as reimbursement of expenses incurred by such professional.

(x) If the Debtors seek to retain an Ordinary Course Professional not already listed on **Exhibit 1** or **Exhibit 2** to the Proposed Order, the Debtors will file with the Court and serve on the Reviewing Parties a notice listing those additional Ordinary Course Professionals to be added to the initial list of Ordinary Course Professionals (the "**OCP List Supplement**"), along with the attendant OCP Affidavits and Retention Questionnaires.

(xi) If a party wishes to object to the retention of an Ordinary Course Professional listed on an OCP List Supplement, such party shall, within ten (10) days after the filing of the applicable OCP List Supplement, file with the Court and serve on the Objection Recipients a written objection stating, with specificity, the legal and/or factual bases for such objection. If no timely objection to the retention of an Ordinary Course Professional listed on an OCP List Supplement is filed with the Court and served on the Objection Recipients, the retention and employment of such professional shall be deemed approved without further order of

the Court. Any Ordinary Course Professional retained pursuant to an OCP List Supplement will be paid in accordance with the terms and conditions set forth in these Procedures.

9. The Debtors reserve their right to (i) dispute any invoice submitted by an Ordinary Course Professional, and (ii) retain additional Ordinary Course Professionals from time to time as the need arises.

### Employment of Ordinary Course Professionals Should Be Authorized

10. A debtor is required to obtain bankruptcy court approval before it is permitted to hire certain professionals and compensate them with funds from property of the estate. As explained below, however, the Bankruptcy Code allows a debtor to retain professionals in the ordinary course of business when they are not representing or assisting the debtor in carrying out its duties under the Bankruptcy Code. 11 U.S.C. § 327(e). To provide the Court and parties in interest with an opportunity to object, and to provide assurance to the Ordinary Course Professionals of the Debtors' authority to compensate them for post-petition work, however, the Debtors have proposed the Procedures set forth herein.

11. Section 327(a) of the Bankruptcy Code provides as follows:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a). Section 327(e) of the Bankruptcy Code further provides as follows:

> The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

7

*Id.* § 327(e). Section 328(a) of the Bankruptcy Code provides, in pertinent part, that the trustee "with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment."

12. Section 330 of the Bankruptcy Code authorizes the court to award reasonable compensation for actual and necessary services rendered by retained professionals. 11 U.S.C. § 330. Further, the Court may exercise its broad discretion under section 105(a) of the Bankruptcy Code in connection with the foregoing. 11 U.S.C. § 105(a).

13. Although certain of the Ordinary Course Professionals may hold unsecured claims against the Debtors for prepetition services rendered to the Debtors, the Debtors do not believe that any of the Ordinary Course Professionals have an interest materially adverse to the Debtors, their creditors, or other parties in interest with respect to the matters on which they are to be employed. Further, section 328(c) of the Bankruptcy Code excludes attorneys retained pursuant to section 327(e) from the requirement that such professional persons be "disinterested." *Id.* § 328(c). Accordingly, pursuant to the above-cited provisions of the Bankruptcy Code, the Court may authorize the retention of the Ordinary Course Professionals.

14. In light of the additional costs associated with the preparation of retention applications for professionals that likely will receive relatively small fees as compared to professionals retained to assist the Debtors in prosecuting these chapter 11 cases, it is impractical and economically inefficient for the Debtors to submit individual retention applications and proposed retention orders for each Ordinary Course Professional. Accordingly, the Debtors request that the Court dispense with the requirement of individual retention applications and retention orders with respect to each Ordinary Course Professional.

8

15. Other than the Ordinary Course Professionals, all professionals employed by the Debtors to assist in the prosecution of these chapter 11 cases will be retained by the Debtors pursuant to separate orders approving separate retention applications. Those professionals will be compensated in accordance with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, the Local Rules, and other orders of this Court.

16. Based on the foregoing, the Debtors submit that the requested relief is necessary and appropriate, is in the best interests of their estates, and should be granted in all respects.

### Notice

17. Notice of this Motion will be provided as to: (a) the entities on the Master Service List (as defined in the Case Management Order and available on the Debtors' case website at https://restructuring.primeclerk.com/purduepharma) and (b) any person or entity with a particularized interest in the subject matter of this motion. The Debtors respectfully submit that no further notice is required.

### No Previous Request

18. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

[*Remainder of Page Intentionally Left Blank*]

19. WHEREFORE, the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as is just and proper.

Dated:  September 26, 2019
        New York, New York

By: /s/ *Eli J. Vonnegut*
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut

*Proposed Counsel to the Debtors
and Debtors in Possession*