| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | Hearing Date:  October 10, 2019<br>Hearing Time:  10:00 am |

-------------------------------------------------- x
                                                   :
In re                                              :   Chapter 11
                                                   :
PURDUE PHARMA L.P., *et al.*,                      :   Case No. 19-23649 (RDD)
                                                   :
                                        Debtors.   :   Jointly Administered
                                                   :
-------------------------------------------------- x

**OBJECTION OF THE UNITED STATES TRUSTEE TO
MOTION OF DEBTORS FOR ENTRY OF FINAL ORDER
AUTHORIZING (I)  DEBTORS TO CONTINUE USING
EXISTING CASH MANAGEMENT SYSTEMS AND MAINTAIN
EXISTING BANK ACCOUNTS AND BUSINESS FORMS AND
(II) FINANCIAL INSTITUTIONS TO HONOR AND PROCESS
<u>RELATED CHECKS AND TRANSFERS</u>**

TO:   **THE HONORABLE ROBERT D. DRAIN,
      UNITED STATES BANKRUPTCY JUDGE:**

William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee"), hereby submits this objection to the Debtors' Motion for Entry of an Order Authorizing (I) Debtors to Continue Using Existing Cash Management Systems And Maintain Existing Bank Accounts And Business Forms And (II) Financial Institutions To Honor And Process Related Checks And Transfers (the "Motion").  ECF Doc. No. 5.  In support thereof, the United States Trustee respectfully states:

### PRELIMINARY STATEMENT

The Debtors seek authority to continue their investment practice of investing the vast majority of their cash and cash equivalents of $1.2 billion in two Goldman Sachs funds that primarily hold Treasuries (the "Funds").  Indeed, upon information and belief, the Debtors aver that, after conducting further due diligence, they believe that the Funds comply with Section 345 of the Bankruptcy Code as the Funds were primarily and historically invested in securities which

are guaranteed by the full faith and credit or the United States. However, while the underlying securities currently held in the Funds appear to be backed by the full faith and credit of the United States, the Funds themselves are not backed by the full faith and credit of the United States. Additionally, based on information provided to the United States Trustee, while the prospectuses of the Funds appear to limit investments to securities guaranteed by the full faith and credit of the United States, it is not clear that the Funds are required at all times to be invested in such securities or whether the managers of the Funds have discretion to alter the investment mix based on changing circumstances. Moreover, even if the Debtors are correct that the Funds are unconditionally limited to securities guaranteed by full faith and credit of the United States, the failure to hold such securities directly means that the Debtors have not satisfied the strict requirements of Section 345 of the Bankruptcy Code.

In order to continue their investment practice, the Debtors bear the burden of establishing that they are in compliance with the requirements of Section 345 or that cause exist for the Court to waive the requirements of Section 345 of the Bankruptcy Code. The Debtors' justifications for the waiver – that the funds are at a financially sound institution, that moving the funds would be inconvenient and inefficient, and that the cost of a surety bond would be too expensive – are universally available in every case. If sufficient to justify a waiver, the protection of Section 345 would be rendered ineffective.

In addition, the Debtors must also explain why the protections of Section 345 do not apply to the approximately $226 million in restricted cash reported on the Debtors' balance sheet.

# BACKGROUND

A. **General Background**

1. The Debtors commenced voluntary cases under chapter 11 of the Bankruptcy Code on September 15, 2019 (the "Petition Date").

2. The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure. ECF Doc. No. 59.

4. The Debtors are pharmaceutical companies that manufacture, sell or distribute, among other products, extended-release, long-acting opioid pain medications. See Debtors' Information Brief ECF Doc. No. 17 at 1.

B. **The Cash Management Motion**

5. The Debtors filed the Motion on the Petition Date.

6. The Motion identifies the following investment and restricted cash accounts:

| Company | Financial Institution | Account Number | Account Description |
|---|---|---|---|
| Purdue Pharma L.P. | JPMorgan Chase | 7720 | Investment Account |
| Purdue Pharma L.P. | Goldman Sachs | 0462 | Investment Account |
| Purdue Pharma L.P. | Goldman Sachs | 8266 | Investment Account |
| Purdue Pharma L.P. | UBS | 1003 | Investment Account |
| Aircastle Advisor LLC | JPMorgan Chase | 6084 | Restricted Cash Account |
| Purdue Pharma L.P. | East West Bank | 9136 | Investment Account |

3

| Company | Financial Institution | Account Number | Account Description |
|---|---|---|---|
| Purdue Pharma L.P. | East West Bank | 9773 | Restricted Cash Account |
| Purdue Pharma L.P. | Metropolitan Commercial Bank | 4813 | Investment Account |
| Purdue Pharma L.P. | Metropolitan Commercial Bank | 6077 | Restricted Cash Account |
| Purdue Pharma L.P. | Metropolitan Commercial Bank | 4767 | Restricted Cash Account |
| Rhodes Technologies | JPMorgan Chase | 3153 | Investment Account |
| Rhodes Pharmaceutical L.P. | JPMorgan Chase | 3154 | Investment Account |

Motion, Ex. C.

7. The Motion states that restricted cash accounts hold either security deposits or provide collateral to various counterparties. Motion, ¶ 12.

8. The Investment Accounts (as defined in the Motion) hold exclusively Treasuries or are in money market funds that invest primarily in Treasuries. Motion, ¶ 33.

9. On September 18, 2019, the Court entered the Interim Order Authorizing (I) Debtors to Continue Using Existing Cash Management Systems And Maintain Existing Bank Accounts And Business Forms And (II) Financial Institutions To Honor And Process Related Checks And Transfers (the "Interim Order"). ECF Doc. No. 61.

10. The Interim Order provides that the Debtors are authorized to continue the Investment Accounts on an interim basis. The Interim Order permits the Debtors 45 days (or such additional time as the United States Trustee may agree to) from the entry of the Interim Order to either comply with section 345(b) of the Bankruptcy Code or obtain the Court's approval for any deviation from section 345(b) under the Final Order. Interim Order, ¶ 19.

11. The Declaration of Jon Lowne in Support of the Debtors' Chapter 11 Petitions and First Day Motions (the "Lowne Declaration") includes an unaudited Balance Sheet as of

4

August 31, 2019 listing "Cash & Cash Equivalents" of $1,208 billion; "Available for Sale Investments" of $1 million; "Restricted Cash" of $1 million; "Investments at Cost" of $26 million; and "Restricted Cash – Long Term" of $214 million. ECF No. 3, Lowne Decl., Schedule 4.

## OBJECTION

### A. The Statutory Standard

Section 345(b) of the Bankruptcy Code imposes certain requirements as to where estate funds can be held in order to protect the funds for the benefit of all creditors. Unless a deposit or investment is insured or guaranteed by the United States (or a federal department, agency, or instrumentality) or backed by the full faith and credit of the United States, the trustee or debtor in possession must require from an entity with whom estates funds are deposited to post a bond in favor of the United States or, in the alternative, deposit securities of the type specified in section 9303 of title 31 of the United States Code as security for the investment or deposit. *See* 11 U.S.C. § 345(b). *Id.* Section 345(a) of the Bankruptcy Code requires the trustee or a debtor in possession to deposit or invest money of the estate so that it will result in the "maximum reasonable net return. . . [while] taking into account the safety of such deposit or investment." Section 345(b) requires that estate funds be deposited or invested so as to ensure that the funds are protected for the benefit of creditors. *See* 11 U.S.C. § 345(b). A court may waive the requirements of § 345 upon the showing of "cause." 11 U.S.C. § 345(b)(2).

Generally, unless the funds are insured, guaranteed, or backed by the full faith and credit of the United States Government or its agencies, the institution holding the estate funds must post a bond in favor of the United States or, in the alternative, deposit securities pursuant to 31 U.S.C. § 9303 as security. To ensure that trustees and debtors in possession meet their

responsibilities to safeguard funds in accordance with Section 345, the United States Trustee monitors fiduciaries and depositories, and requires that chapter 11 estate assets be held in debtor-in-possession accounts at "authorized depositories," *i.e.*, those that have entered into a Uniform Depository Agreement with the United States Trustee. *See* United States Trustee Program Policy and Practices Manual, Volume 7, "Banking and Bonding," ("Manual"), § 7-1.1, pp. 1-2, at https://www.justice.gov/ust/file/volume_7_banking_and_bonding.pdf/download.

### B. The Debtors Have Not Established Cause

The Debtors have advised that, by the Motion, they intend to ask the Court for a Final Order that includes, among other things, a provision authorizing the Debtors to continue to use and maintain the Investment Accounts that arguably do not comply with Section 345 of the Bankruptcy Code. Furthermore, it is unclear as to whether the restricted cash accounts must comply with Section 345. The Debtors have not provided evidence to support a finding that cause exists for the waiver of the requirements of Section 345 of the Bankruptcy Code. Because the Debtors have not demonstrated cause for a waiver of the requirements set forth in Section 345, the United States Trustee respectfully objects to the Debtors' Motion to the extent it seeks entry of a Final Order waiving the requirements of Section 345.

While citing to *In re Serv. Merchandise Co. Inc.*, 240 B.R 894, 896 (Bankr. M.D. Tenn. 1999) for the factors considered in evaluating cause, the Debtors' argument for a Section 345 wavier is that the Investment Accounts are at reputable and financially sound institutions and that the process of strictly satisfying the requirements of Section 345(b) would lead to needless inconveniences and inefficiencies in the management of the Debtor's businesses. Motion, at ¶ 36. They further argue that a bond secured by the undertaking of an adequate corporate surety would be prohibitively expensive (if such a bond could be obtained at all). *Id*. Those arguments

are available to virtually every debtor, and, if sufficient to establish cause in every case, would render the protections contemplated by Section 345 totally ineffective.

Upon information and belief, most of the $1.2 billion in cash and cash equivalents listed on the Balance Sheet attached to the Lowne Declaration is invested in the two Goldman Sachs ("Goldman") funds listed in Exhibit C to the Motion. The Motion claims that the "Investment Accounts hold exclusively Treasuries or interests in money market funds that invest *primarily* in Treasuries." (Emphasis added). ECF No. ¶ 33. While the underlying securities currently held in the Funds appear to be backed by the full faith and credit of the United States, the Funds themselves are not backed by the full faith and credit of the United States. Additionally, based on information provided to the United States Trustee, while the prospectuses of the Funds appear to limit investments to securities guaranteed by the full faith and credit of the United States, it is not clear that the Funds are required at all times to be invested in such securities or whether the managers of the Funds have discretion to alter the investment mix based on changing circumstances. Moreover, even if the Debtors are correct that the Funds are unconditionally limited to securities guaranteed by full faith and credit of the United States, the failure to hold such securities directly means that the Debtors have not satisfied the strict requirements of Section 345 of the Bankruptcy Code

While the restricted cash accounts may or may not be property of the estate, the concern of the United States Trustee is that should a failure contemplated by Section 345 occur resulting in the loss of funds in the restricted cash accounts, the Debtors would still remain liable. Accordingly, the United States Trustee requests that the Court direct the Debtors to insure that the restricted cash accounts be protected against the loss of such funds in a manner comparable to the requirements set forth in Section 345.

WHEREFORE, the U.S. Trustee respectfully requests that the Court deny the Motion as set forth herein and grant such other relief as the Court deems fair and just.

Dated: New York, New York
October 3, 2019

Respectfully submitted,

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE, Region 2

By: */s/ Brian S. Masumoto*
Brian S. Masumoto
Paul K. Schwartzberg
Trial Attorneys
201 Varick Street, Room 1006
New York, New York 10014
Tel. (212) 510-0500