AKIN GUMP STRAUSS HAUER & FELD LLP
Ira Dizengoff
Arik Preis
Mitchell Hurley
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
idizengoff@akingump.com
apreis@akingump.com
mhurley@akingump.com

*Proposed Counsel to the Official Committee of Unsecured Creditors of Purdue Pharma L.P., et al.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PURDUE PHARMA L.P., *et al.*, | ) | Case No. 19-23649 (RDD) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |

**VERIFIED STATEMENT OF THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF PURDUE PHARMA L.P., *ET AL.*,
PURSUANT TO BANKRUPTCY RULE 2019**

Pursuant to Rule 2019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), the Official Committee of Unsecured Creditors (the "Committee") appointed in the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

chapter 11 cases of Purdue Pharma L.P., *et al.* (collectively, the "Debtors"), hereby submits this verified statement (the "Verified Statement") and in support thereof states:

1.  The Debtors are pharmaceutical companies that manufacture and sell, among other products, opioid pain medications such as OxyContin Extended-Release Tablets CII ("OxyContin"). As a result of the Debtors' alleged role in the ongoing opioid crisis in the United States, the Debtors have been named in more than 2,600 lawsuits filed through the state and federal court systems. While the Debtors have significant trade debt, current and potential public litigants (*e.g.*, states and municipalities) and private litigants represent the vast majority of claims against the Debtors.

2.  On the afternoon of Thursday, September 26, 2019, the United States Trustee for Region 2 appointed nine creditors to serve on the Committee in the Debtors' chapter 11 cases pursuant to section 1102 of title 11 of the United States Code (the "Bankruptcy Code"). The Committee currently comprises the following entities and persons: (1) Blue Cross and Blue Shield Association; (2) CVS Caremark Part D Services L.L.C. and CaremarkPCS Health, L.L.C.; (3) Ryan Hampton; (4) Cheryl Juaire; (5) LTS Lohmann Therapy Systems, Corp.; (6) Pension Benefit Guaranty Corporation; (7) Walter Lee Salmons; (8) Kara Trainor; and (9) West Boca Medical Center. The Committee selected counsel, a financial advisor, and an investment banker on Thursday, September 26, Tuesday, October 1, and Thursday, October 3, respectively.

3.  The Committee members represent a diverse array of creditor interests and share in common a genuine commitment to these cases and an appreciation for the gravity and significance of their participation on the Committee. Each member of the Committee takes his, her, or its role very seriously, and is fully committed to these cases and the creditor interests the Committee represents. Indeed, the Committee has convened by phone virtually every non-holiday business

day since its inception and it, and its advisors, are working diligently to gather and evaluate information concerning the cases and proceedings to date.

4. Notwithstanding the foregoing, based on conversations with advisors to certain other parties in these cases, it appears that certain parties may believe that (a) the Committee does not represent the interests of the public litigants because no public litigant was seated on the Committee and (b) because the public litigants may hold the majority of claims against the Debtors, such public litigants are the most important litigants in these Cases.

5. These beliefs are inaccurate. First, the Committee takes its role as a fiduciary for all unsecured creditors seriously. We understand that the U.S. Trustee's office interprets the Code, not unreasonably, to exclude governmental units from serving on official committees of unsecured creditors. *See* 11 U.S.C. § 101(41) (defining "Person"); *see also id.* § 1102(b)(1) (providing that a committee should consist of Persons). It is axiomatic, however, that the Committee represents, and owes fiduciary duties to, **_all_** unsecured creditors, including those that the U.S. Trustee decides may be barred from service on the Committee because they are governmental units, parties to a restructuring support agreement, creditors who also hold secured claims, or otherwise. Every member of the Committee understands that obligation and intends to discharge it in full, and with enthusiasm, including, without limitation, with respect to the segment of its constituency composed of governmental units.

6. Second, although the public litigants are important creditors in these cases, they are far from alone in that regard. The class of unsecured claims includes public litigants, private litigants, trade creditors, and general unsecured creditors. The public litigants have dominated the press for the past year or so (and some of them have agreed to the "Settlement Structure") and there has been less press regarding the private litigants—and perhaps an inclination to discount the

3

size and importance of those claims. Doing so, however, would be unfair, and contrary to the facts. The private litigants include, among others, private hospitals, private health insurance carriers, personal injury plaintiffs (both adult and child), a class of claimants representing children born with Neonatal Abstinence Syndrome ("NAS") and birth defects, and a class of health insurance payers who claim that their health insurance premiums increased as a result of the opioid crisis. Collectively, the amount of the private litigants' claims is vast—just like the public litigants. Additionally, there are trade and general unsecured creditors who have claims against the Debtors in significant dollar amounts who are also part of the unsecured class (and thus part of this Committee's constituency).

## Composition of the Official Committee of Unsecured Creditors

7. The Committee members include the following broad cross-section of unsecured creditors:

- **Blue Cross and Blue Shield Association** ("BCBS-Association"), a national association of 36 independent community-based Blue Cross Blue Shield companies, provides healthcare coverage to one-third of all Americans. BCBS-Association's and its members' unliquidated claims arise from payments of excessive amounts for prescription medications used by members of the health plans they administer, and for other amounts paid for the treatment of illnesses, injuries, and addiction sustained by members from consumption of the Debtors' drugs, and costs that would not have been incurred but for the actions of the Debtors.

- **CVS Caremark Part D Services L.L.C. and CaremarkPCS Health L.L.C.** (together, "Caremark") are trade creditors that are parties to certain rebate agreements with Purdue Pharma L.P. (together with its affiliates, "Purdue"). Caremark possesses various claims against Purdue, including for unpaid rebates owed by Purdue to Caremark under the rebate agreements for certain drugs manufactured or developed by Purdue and included in Caremark's formulary for eligible beneficiaries of prescription drug plans.

- **Ryan Hampton** was a staffer at the White House in the Clinton administration and became addicted to OxyContin and other prescription opioids. He eventually became homeless and addicted to heroin. After numerous relapses and overdoses, he eventually overcame his addiction. He founded the Voices

4

- Project to spread awareness about addiction and provide support to addicts, their friends, and families. Hampton is also an author on addiction and an expert in Public Policy, stemming from his days as a White House aide and political organizer in Washington, D.C. Hampton's claims are not liquidated and, when filed, will include claims based on personal injury, including damages for inducing the unnecessary prescription of opioid medication, resulting in severe personal injury, addiction, overdoses, lost wages, and emotional injury.

- **Cheryl Juaire**'s son Corey became addicted to prescription opioids, including those manufactured by the Debtors, after a hernia operation. His dependence worsened over time, and in 2011, Juaire's son died of an overdose at the age of 23, leaving behind a young daughter, for whom Cheryl is guardian *ad litem*. Juaire founded Team Sharing—Massachusetts, a support group for family members who have lost loved ones due to addiction, which has since become a nationwide support network. Through her work with Team Sharing and contact with her state's attorney general, Juaire learned of the Debtors' conduct years after her son's death. Juaire's unliquidated claims comprise as-yet unfiled litigation claims based on the wrongful death of her son and loss of filial consortium.

- **LTS Lohmann Therapy Systems, Corp.**, with its affiliate LTS Lohmann Therapie-Systeme AG (together, "LTS"), are trade creditors, and are engaged in the development and manufacture of innovative drug delivery systems such as transdermal patches and oral thin films for the pharmaceutical industry, which treat chronic pain as well as opioid addiction and dependence. For Purdue, LTS manufactures a transdermal patch that delivers around-the-clock treatment of moderate to severe chronic pain. The Debtors market and sell such patches under the Butrans brand and generically. LTS has several contracts with Purdue and is paid for the production of the patches and royalty fees based upon the Debtors' sales of the patches.

- **Pension Benefit Guaranty Corporation** ("PBGC") is a wholly owned United States government corporation and agency created by the Employee Retirement Income Security Act of 1974 ("ERISA"). PBGC's unliquidated claims arise from statutory ERISA claims for unfunded benefit liabilities, unpaid minimum funding contributions, and unpaid Title IV insurance premiums owed with respect to each PBGC-insured pension plan.

- **Walter Lee Salmon**'s daughter became addicted after being prescribed opioids, including those manufactured by the Debtors, while recovering from an automobile accident. As a result of her opioid dependency during pregnancy, Salmon's two grandchildren, which he raises along with his daughter, were born with NAS. Salmon, along with his family members, seek to be named as class representatives in a lawsuit seeking to establish a medical monitoring program for children born addicted to opioids and securing compensation for those

5

children. Salmon's unliquidated claims comprise a putative class action filed in the multi-district litigation (the "MDL") currently pending in the Northern District of Ohio seeking medical monitoring and personal injury damages.[2]

- **Kara Trainor**'s son was exposed to opioids in utero as a result of her use of opioids prescribed to her. When Trainor's son was born, he exhibited signs of, and was diagnosed with, NAS. As a result, he spent the first months of his life in an intensive care unit being treated for drug addiction withdrawal, and mental and physical issues and ailments, including developmental delays, vision problems, and incontinence. Trainor's son faces a lifetime of latent medical and emotional conditions, including brain damage, muscular-skeletal developmental disorders, speech and language disorders, cognitive developmental disorders, psychiatric disorders, emotional development disorders, behavioral disorders, and increased risk of addiction. Trainor filed an action against Purdue alleging numerous causes of action: public nuisance; negligence; breach of implied warranty; breach of implied warrant for fitness for a particular purpose; fraudulent misrepresentation; fraudulent concealment; negligent misrepresentation; strict products liability for failure to warn; negligence for failure to warn; products liability; and punitive damages.[3]

- **West Boca Medical Center and its affiliates** ("West Boca") are part of Tenet Healthcare, one of the largest hospital systems in the United States. West Boca filed a complaint[4] in the MDL.[5] The action commenced by West Boca asserts multiple causes of action against the Debtors, including RICO violations, deceptive and unfair trade practices, misleading advertising, breach of implied warranty, negligence, nuisance and unjust enrichment, and was selected as the bellwether for hospital cases in the MDL.

8. In accordance with Bankruptcy Rule 2019, attached hereto as **Exhibit A** is a list of the names and addresses of, and the nature and amount of all disclosable economic interests held by, each Committee member, directly or through entities managed or advised by such Committee member, in relation to the Debtors. The claims and claim amounts set forth in this Verified Statement and on **Exhibit A** have been provided by the applicable Committee member, and by

---

[2] *Salmons v. Purdue Pharma, et al.*, Case No. 18-op-45268 (N.D. Ohio).

[3] *Trainor as Next Friend v. Purdue Pharma L.P.*, Case No. 2019-L-010077 (Ill. Cir. Ct., Cook County).

[4] *West Boca Medical Ctr., Inc. v. AmerisourceBergen Drug Corp.*, Case No. 18-op-45530 (N.D. Ohio). Other Tenet subsidiaries and West Boca Affiliates are also plaintiffs in other lawsuits.

[5] *In re National Prescription Opiate Litigation*, Case No. 17-md-02804 (N.D. Ohio).

6

filing this Verified Statement, the Committee makes no representation with respect to the amount, allowance, validity, secured status, or priority of such claims and reserves all rights with respect thereto.

9. Nothing contained in this Verified Statement (or **Exhibit A** hereto) should be construed as a limitation upon, or waiver of any Committee member's rights to assert, file, and/or amend its claim(s) in accordance with applicable law and any orders entered in these cases establishing procedures for filing proofs of claim.

10. The Committee reserves the right to amend or supplement this Verified Statement in accordance with the requirements set forth in Bankruptcy Rule 2019.

New York, New York  
Dated: October 5, 2019

AKIN GUMP STRAUSS HAUER & FELD LLP

*Arik Preis*
_____
Ira Dizengoff  
Arik Preis  
Mitchell Hurley  
One Bryant Park  
New York, New York 10036  
Tel:  (212) 872-1000  
Fax:  (212) 872-1002  
Email: idizengoff@akingump.com  
         apreis@akingump.com  
         mhurley@akingump.com

*Proposed Counsel to the Official Committee of Unsecured Creditors of Purdue Pharma L.P., et al.*

**Exhibit A**

| Name | Address | Nature and Amount of Disclosable Economic Interests[1] |
|---|---|---|
| Blue Cross and Blue Shield Association | 1310 G Street NW Washington, DC 20005 | Unliquidated unsecured claim of at least between $68.8 billion and $78.6 billion. |
| CVS Caremark Part D Services L.L.C. and CaremarkPCS Health, L.L.C. | 2211 Sanders Road, NBT-9 Northbrook, IL 60062 | Combined unsecured claims of in excess of $60 million plus unliquidated amounts, subject to further analysis and reconciliation. |
| Ryan Hampton | c/o Anne Andrews Andrews Thornton 4701 Von Karman, Suite 300 Newport Beach, CA 92660 | Unliquidated unsecured claim on the basis of personal injury, including addiction, overdoses, lost wages, and emotional injury. |
| Cheryl Juaire | c/o Anne Andrews Andrews Thornton 4701 Von Karman, Suite 300 Newport Beach, CA 92660 | Unliquidated unsecured claim on the basis of wrongful death. |
| LTS Lohmann Therapy Systems Corporation | 21 Henderson Dr. West Caldwell, NJ 07006 | Unsecured claims totaling an estimated $3,300,000. |
| Pension Benefit Guaranty Corporation | 1200 K Street NW Washington, DC 20005-4026 | Unliquidated unsecured claim of at least $139,000,000. |
| Walter Lee Salmons | c/o Kevin W. Thompson 2030 Kanawha Blvd. E., Charleston, WV 25311 | Unliquidated unsecured class claim on the basis of medical monitoring costs and unliquidated unsecured class claim for direct compensation to each NAS victim. |
| Kara Trainor | c/o Celeste Brustowicz Cooper Law Firm, LLC 1525 Religious Street New Orleans, LA 70130 | Unliquidated unsecured claim for medical, physical, and addiction monitoring, and unliquidated unsecured claim for personal injuries. |

| Name | Address | Nature and Amount of Disclosable Economic Interests[1] |
|---|---|---|
| West Boca Medical Center | 21644 Florida Highway Boca Raton, FL 33428 | Unliquidated unsecured claim of at least $7 billion. |

---

[1] To the best of counsel's knowledge, the information included herein is accurate as of October 5, 2019.