DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut

*Proposed Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (RDD)** |
| **Debtors.**[1] | **(Jointly Administered)** |

**NOTICE OF FILING OF REVISED PROPOSED FINAL ORDER (I) PROHIBITING UTILITIES FROM ALTERING, REFUSING OR DISCONTINUING SERVICE, (II) DEEMING UTILITIES ADEQUATELY ASSURED OF FUTURE PERFORMANCE AND (III) ESTABLISHING PROCEDURES FOR DETERMINING REQUESTS FOR <u>ADDITIONAL ADEQUATE ASSURANCE</u>**

**PLEASE TAKE NOTICE** that on September 16, 2019, the above-captioned debtors and

debtors in possession (collectively, the "**Debtors**"), filed the *Motion of Debtors for Entry of*

*Interim and Final Orders (I) Prohibiting Utilities from Altering, Refusing or Discontinuing*

*Service, (II) Deeming Utility Companies Adequately Assured of Future Performance and (III)*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

*Establishing Procedures for Determining Requests for Additional Adequate Assurance* [Docket No. 7] (the "**Motion**").

PLEASE TAKE FURTHER NOTICE that the Debtors hereby file a revised proposed *Final Order (I) Prohibiting Utilities from Altering, Refusing or Discontinuing Service, (II) Deeming Utilities Adequately Assured of Future Performance and (III) Establishing Procedures for Determining Requests for Additional Adequate Assurance* attached hereto as **Exhibit A** (the "**Revised Proposed Order**").

PLEASE TAKE FURTHER NOTICE that a comparison between the Revised Proposed Order and order filed with the Motion is attached hereto as **Exhibit B**.

PLEASE TAKE FURTHER NOTICE that the Debtors will seek entry of the Revised Proposed Order at the hearing scheduled for **October 10, 2019, at 10:00 a.m. (Prevailing Eastern Time)** before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, at the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601 (the "**Bankruptcy Court**"), or at such other time as the Bankruptcy Court may determine.

PLEASE TAKE FURTHER NOTICE that copies of the Motion may be obtained free of charge by visiting the website of Prime Clerk LLC at https://restructuring.primeclerk.com/purduepharma. You may also obtain copies of any pleadings by visiting the Bankruptcy Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

Dated:    October 8, 2019
         New York, New York

                         DAVIS POLK & WARDWELL LLP

                         By:    /s/ *Eli J. Vonnegut*

                         450 Lexington Avenue
                         New York, New York 10017
                         Telephone: (212) 450-4000
                         Facsimile:  (212) 701-5800
                         Marshall S. Huebner
                         Benjamin S. Kaminetzky
                         Timothy Graulich
                         Eli J. Vonnegut

                         *Proposed Counsel to the Debtors*
                         *and Debtors in Possession*

## Exhibit A

**Revised Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.**, *et al.*, | Case No. 19- 19-23649 (RDD) |
| Debtors.[1] | **(Jointly Administered)** |

**FINAL ORDER (I) PROHIBITING UTILITIES FROM ALTERING, REFUSING OR
DISCONTINUING SERVICE, (II) DEEMING UTILITIES ADEQUATELY ASSURED
OF FUTURE PERFORMANCE AND (III) ESTABLISHING PROCEDURES
FOR DETERMINING REQUESTS FOR ADDITIONAL ADEQUATE ASSURANCE**

Upon the motion (the "**Motion**")[2] of Purdue Pharma L.P. and its affiliates that are debtors

and debtors in possession in these cases (collectively, the "**Debtors**") for entry of an interim

order and a final order (this "**Order**") prohibiting utilities from altering, refusing or

discontinuing service, deeming utilities adequately assured of future performance and

establishing procedures for determining requests for additional adequate assurance; and the

Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28

U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated

January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein

being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before the Court

pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to such term in the Motion.

provided, and it appearing that no other or further notice of such request need be provided; and the Court having reviewed the Motion and held a hearing to consider the relief requested in the Motion on an final basis (the "**Hearing**"); and upon the Lowne Declaration filed contemporaneously with the Motion, and the record of the Hearing; and after due deliberation the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish good and sufficient cause for the relief granted herein; and the Court having determined that such relief is in the best interests of the Debtors, their estates, creditors and all parties in interest; now, therefore,

### IT IS HEREBY ORDERED THAT

1.      The Motion is granted on a final basis as set forth herein.

2.      Except in accordance with the procedures set forth below, all Utility Providers are (a) prohibited from altering, refusing or discontinuing Utility Services to the Debtors on account of any unpaid prepetition charges or the commencement of the chapter 11 cases or any perceived inadequacy of the proposed Adequate Assurance Deposit (defined below) and (b) prohibited from discriminating against the Debtors, or requiring payment of a deposit or receipt of any other security for continued service as a result of the Debtors' bankruptcy filing or any outstanding prepetition invoices other than the procedures established herein.

3.      To the extent not already deposited, within ten (10) days from entry of this Order, the Debtors shall deposit a sum of $350,663 (the "**Adequate Assurance Deposit**") into a bank account established by the Debtors, or a current dormant bank account that has been previously established (the "**Utility Deposit Account**"), for the purpose of providing the Utility Providers with adequate assurance of their postpetition services to the Debtors.  The Utility Deposit Account may be either interest-bearing or non-interest-bearing at the Debtors' election.

4.      The Utility Deposit Account shall be maintained with a minimum balance of $350,663, comprising the Utility Providers' respective shares attributed to them as calculated by the Debtors in the Motion, which may be adjusted by the Debtors (a) to account for the addition or removal of a Utility Provider from the Debtors' list of Utility Providers attached hereto as **Schedule 1**, as may be amended or modified in accordance with the procedures set forth herein regardless of any Request (as defined below) and (b) in accordance with the terms of any agreement between the Debtors and the affected Utility Provider.

5.      The Adequate Assurance Deposit (a) demonstrates the Debtors' ability to pay for future Utility Services in the ordinary course of business and (b) constitutes adequate assurance of future performance to each of the Utility Providers (collectively the "**Proposed Adequate Assurance**").

6.      The Debtors are authorized to pay on a timely basis, in accordance with their prepetition practices, all undisputed invoices for Utility Services rendered by Utility Providers to the Debtors after the Petition Date.

7.      The portion of the Adequate Assurance Deposit attributable to each Utility Provider shall be returned to the Debtors, without further Court order, on the earlier of (a) the reconciliation and payment by the Debtors of the Utility Provider's final invoice in accordance with applicable non-bankruptcy law following the Debtors' termination of Utility Services from such Utility Provider or (b) the effective date of any chapter 11 plan confirmed in these chapter 11 cases; *provided*, *however*, that there are no outstanding disputes related to postpetition payments due.

8.     The Debtors' Utility Providers are prohibited from requiring additional adequate assurance of payment other than in accordance with the following procedures (the "**Adequate Assurance Procedures**"):

(a)     The Debtors or their advisors shall provide a copy of this Motion (including the proposed final order) and the order approving the relief requested in this Motion to each of the Utility Providers listed on the Utilities List within two (2) business days after entry of such order by the Court by way of postage prepaid, first-class regular mail.

(b)     Subject to paragraphs (f)-(k) herein, the Debtors will set aside in the Utility Deposit Account the Adequate Assurance Deposit as soon as practicable.

(c)     If an amount relating to Utility Services provided postpetition by a Utility Provider is unpaid, and remains unpaid beyond any applicable grace period, such Utility Provider may request a disbursement from the Utility Deposit Account by giving notice to: (i) Purdue Pharma L.P., One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901 (Attn: Jon Lowne); and (ii) proposed counsel to the Debtors, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, NY 10017 (Attn: Marshall S. Huebner, Benjamin S. Kaminetzky, Timothy Graulich and Eli J. Vonnegut).

(d)     Proposed counsel to the Debtors shall promptly cause any notice received pursuant to paragraph 2(c) of this Order to be served on the following: (i) counsel to the Official Committee of Unsecured Creditors (the "**Committee**"): (x) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, Bank of America Tower, New York, NY 10036-6745, Attn: Arik Preis, Email: apreis@akingump.com; and (y) Bayard, P.A., , 600 N. King Street, Suite 400, Wilmington, DE 19801, Attn: Justin R. Alberto and Erin R. Fay, Email: jalberto@bayardlaw.com and efay@bayardlaw.com; (ii) counsel to the Ad Hoc Committee under its appearance filed at Docket No. 147 (the "**Ad Hoc Committee**"): (w) Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036, Attn: Kenneth H. Eckstein and Rachael Ringer, Email: keckstein@kramerlevin.com and rringer@kramerlevin.com; (x) Brown Rudnick LLP, 7 Times Square, New York, NY 10036, Attn: David J. Molton and Steven D. Pohl, Email: dmolton@brownrudnick.com and spohl@brownrudnick.com; (y) Gilbert LLP, 1100 New York Ave, NW, Suite 700, Washington, DC 20005, Attn: Scott D. Gilbert, Craig Litherland and Kami E. Quinn, Email: gilberts@gilbertlegal.com, litherlandc@gilbertlegal.com and quinnk@gilbertlegal.com; (z) Otterbourg P.C., 230 Park Avenue, New York, NY 10169, Attn: Melanie L. Cyganowski and Jennifer S. Feeney, Email: mcyganowski@otterbourg.com and jfeeney@otterbourg.com, (iii) the Office of the United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Paul K. Schwartzberg; and (iv) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002 (collectively, "**Notice Parties**").  The Debtors shall honor such request by the applicable Utility Provider within ten business days after the date the request is received by the Debtors, subject to the ability of the Debtors and any such requesting Utility Provider to

4

resolve any dispute regarding such request without further order of the Bankruptcy Court. To the extent a Utility Provider receives a disbursement from the Utility Deposit Account, the Debtors shall replenish the Utility Deposit Account in the amount disbursed.

(e)    The portion of the Adequate Assurance Deposit attributable to each Utility Provider (including any additional amount deposited upon request of any applicable Utility Provider) will be returned to the Debtors on the earlier of (i) reconciliation and payment by the Debtors of the Utility Provider's final invoice in accordance with applicable nonbankruptcy law following the Debtors' termination of Utility Services from such Utility Provider and (ii) the effective date of any chapter 11 plan confirmed in these chapter 11 cases (less any amounts owed on account of unpaid, postpetition Utility Services).

(f)    If a Utility Provider is not satisfied with the Proposed Adequate Assurance, it must serve a written request (a "**Request**") upon: (i) the Debtors, One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901 (Attn: Jon Lowne); and (ii) proposed counsel to the Debtors, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, NY 10017 (Attn: Marshall S. Huebner, Benjamin S. Kaminetzky, Timothy Graulich and Eli J. Vonnegut). The Request must set forth (w) the location(s) for which Utility Services are provided, (x) the account number(s) for such location(s), (y) the outstanding balance for each account and (z) an explanation of why the Utility Provider believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

(g)    A Request may be made at any time. If a Utility Provider fails to file and serve a Request, the Utility Provider shall be (i) deemed to have received "satisfactory" adequate assurance of payment in compliance with section 366 of the Bankruptcy Code and (ii) forbidden from discontinuing, altering, or refusing Utility Services to, or discriminating against, the Debtors on account of any unpaid prepetition charges, or requiring additional assurance of payment other than the Proposed Adequate Assurance.

(h)    Upon the Debtors' receipt of a Request, the Debtors shall have 30 days from the receipt of the Request (the "**Resolution Period**") to negotiate, in consultation with the Committee and the Ad Hoc Committee, with the Utility Provider to resolve the Utility Provider's Adequate Assurance Request.

(i)    Without further order of the Bankruptcy Court, the Debtors may enter into agreements granting additional adequate assurance to a Utility Provider serving a Request if the Debtors determine that the Request is reasonable.

(j)    If the Debtors determine, in their sole discretion and in consultation with the Committee and the Ad Hoc Committee (in each case to the extent and with as much advance notice as is reasonably practicable), that a Request or any consensual agreement reached in connection therewith is reasonable, the Debtors, without further order of the Court, may enter into agreements granting additional adequate assurance to the Utility Provider serving such Request and, in connection with such agreements, provide the Utility Provider with additional adequate assurance of payment, including payments on

prepetition amounts owing, cash deposits, prepayments or other forms of security, with notice to the Office of the United States Trustee for the Southern District of New York (the "**U.S. Trustee**"), the Committee and the Ad Hoc Committee within fifteen (15) days.

(k)     If the Debtors, in their sole discretion and in consultation with the Committee and the Ad Hoc Committee (in each case the extent and with as much advance notice as is reasonably practicable), determine that a Request is unreasonable, then they promptly shall negotiate with the requesting party and if unable to reach a resolution to the Request during the Resolution Period, either the Debtors or the Utility Provider may set the matter under section 366(c) of the Bankruptcy Code for hearing at the next regularly scheduled omnibus hearing date in the case.  Pending the hearing, the Utility Provider that is the subject of the unresolved Request may not alter, refuse or discontinue services to the Debtors.

(l)     Absent compliance with the procedures set forth in the Motion and this Order, the Debtors' Utility Providers are prohibited from altering, refusing or discontinuing service on account of any unpaid prepetition charges and are deemed to have received adequate assurance of payment in compliance with Bankruptcy Code section 366.

9.     The Utility Providers have been provided with adequate assurance of payment within the meaning of section 366 of the Bankruptcy Code; the Adequate Assurance Procedures as proposed are hereby approved; the Utility Providers are prohibited from altering, refusing or discontinuing Utility Services on account of prepetition amounts outstanding and on account of any perceived inadequacy of the Adequate Assurance Procedures; and the Debtors are not required to provide any additional adequate assurance beyond what is stated in this Order.

10.     Utility Providers shall be deemed to have adequate assurance of payment within the meaning of section 366 of the Bankruptcy Code unless and until (a) the Debtors, in their sole discretion and in consultation with the Committee and the Ad Hoc Committee (in each case to the extent and with as much advance notice as is reasonably practicable), agree to an alternative assurance of payment with the Utility Provider or (b) the Court enters an order requiring that additional adequate assurance of payment be provided.

11.     The Debtors are authorized to amend the Utilities List, attached hereto as **Schedule 1**, to add any subsequently identified Utility Provider.  This Order shall be deemed to

apply to any such Utility Provider regardless of when such Utility Provider may be added to the Utilities List. If the Debtors amend the Utilities List subsequent to the filing of the Motion, the Debtors shall (a) file a supplemental notice with the Court (the "**Supplemental Notice**"), (b) serve a copy of this Motion, the signed order granting the Motion and the Supplemental Notice, by first-class mail on all Utility Providers listed in such Supplemental Notice and (c) post the Supplemental Notice on the Debtors' case information website located at https://restructuring.primeclerk.com/purduepharma. If a Request is made, the Debtors and the Utility Provider making the Request shall be bound by the Adequate Assurance Procedures set forth herein, as applicable.

12.     The Request must actually be received by the (a) Debtors' proposed counsel, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, NY 10017 (Attn: Marshall S. Huebner, Benjamin S. Kaminetzky, Timothy Graulich and Eli J. Vonnegut); (b) counsel to the Committee: (x) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, Bank of America Tower, New York, NY 10036-6745, Attn: Arik Preis, Email: apreis@akingump.com; and (y) Bayard, P.A., 600 N. King Street, Suite 400, Wilmington, DE 19801, Attn: Justin R. Alberto and Erin R. Fay, Email: jalberto@bayardlaw.com and efay@bayardlaw.com; and (c) counsel to the Ad Hoc Committee:: (w) Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036, Attn: Kenneth H. Eckstein and Rachael Ringer, Email: keckstein@kramerlevin.com and rringer@kramerlevin.com; (x) Brown Rudnick LLP, 7 Times Square, New York, NY 10036, Attn: David J. Molton and Steven D. Pohl, Email: dmolton@brownrudnick.com and spohl@brownrudnick.com; (y) Gilbert LLP, 1100 New York Ave, NW, Suite 700, Washington, DC 20005, Attn: Scott D. Gilbert, Craig Litherland and Kami E. Quinn, Email: gilberts@gilbertlegal.com, litherlandc@gilbertlegal.com and

quinnk@gilbertlegal.com; (z) Otterbourg P.C., 230 Park Avenue, New York, NY 10169, Attn: Melanie L. Cyganowski and Jennifer S. Feeney, Email: mcyganowski@otterbourg.com and jfeeney@otterbourg.com.

13.     In the event an additional Utility Provider is added to the Utilities List, the Debtors shall increase the amount of the Adequate Assurance Deposit by an amount equal to two (2) weeks of Utility Services provided by such additional Utility Provider, calculated using the Debtors' historical average for such payments over the past twelve (12) months.

14.     The Debtors may, in their sole discretion and in consultation with the Committee and the Ad Hoc Committee (in each case to the extent and with as much advance notice as is reasonably practicable), terminate the services of any Utility Provider by providing written notice (a "**Termination Notice**") to the Utility Provider.

15.     The Debtors may reduce the Adequate Assurance Deposit by the amount held on account of such terminated Utility Service upon payment of any final bill; *provided*, *however*, that there are no outstanding disputes related to postpetition payments due.  To the extent the Debtors issue a Termination Notice or the services provided by the Utility Provider are otherwise terminated, any deposit held by such Utility Provider must be returned to the Debtors in accordance with the procedures of applicable non-bankruptcy law, and the Debtors may reduce the Adequate Assurance Deposit attributable to such Utility Provider accordingly.

16.     The Debtors may amend the Utilities List to delete a Utility Provider only if the Debtors have provided two (2) weeks' advance notice to such Utility Provider, in writing, and have not received any objection from such Utility Provider.  If an objection is received, the Debtors may request a hearing before the Court at the next omnibus hearing date, or such other date that the Debtors and the Utility Provider may agree.

17.     Nothing herein constitutes a finding that any entity is or is not a Utility Provider hereunder or under Bankruptcy Code section 366, whether or not such entity is included in the Utilities List, and the Debtors retain the right to dispute whether any of the entities now or hereafter listed on **Schedule 1** attached hereto are or are not "utilities" within the meaning of Bankruptcy Code section 366.

18.     Any Utility Provider that does not make a Request or otherwise comply with the Adequate Assurance Procedures shall be prohibited from altering, refusing or discontinuing Utility Services, including as a result of the Debtors' failure to pay charges for prepetition Utility Services or to provide adequate assurance of payment in addition to the Proposed Adequate Assurance.

19.     Nothing in this Order or any action taken by the Debtors in furtherance of the implementation hereof shall be deemed to constitute an assumption or rejection of any executory contract or unexpired lease pursuant to Bankruptcy Code section 365, and all of the Debtors' rights with respect to such matters are expressly reserved.

20.     Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall (a) create, nor is it intended to create, any rights in favor of, or enhance the status of any claim held by any person or entity or (b) be deemed to convert the priority of any claim from a prepetition claim into an administrative expense claim.

21.     Nothing in this Order nor the Debtors' payment of claims pursuant to this Order shall be construed as (a) an agreement or admission by the Debtors as to the validity of any claim on any grounds, (b) a waiver or impairment of any Debtors' rights to dispute any claims on any grounds, (c) a promise by the Debtors to pay any claim or (d) an implication or admission by the Debtors that such claim is payable pursuant to this Order.

22.     The contents of the Motion and the notice procedures set forth therein are good and sufficient notice and satisfy the Bankruptcy Rules and the Local Rules, and no other or further notice of the Motion or the entry of this Order shall be required.

23.     Any Bankruptcy Rule (including, but not limited to, Bankruptcy Rule 6004(h)) or Local Rule that might otherwise delay the effectiveness of this Order is hereby waived, for cause, and the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

24.     The Debtors are authorized to take all such actions as are necessary or appropriate to implement the relief granted in this Order.

25.     The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and enforcement of this Order.

White Plains, New York
Dated: _____, 2019

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

## **Schedule 1**

List of Utility Providers

| Utility Servicer | Utility Account Number | Utility Provided | Utility Servicer Address | Adequate Assurance Deposit |
|---|---|---|---|---|
| LiveMessage | 123-5107-561 | Telephone | 365 Willard Ave Ste 2A Hartford, CT 06111 | $20 |
| Aquarion Water Company of CT | 200392220 | Water | P.O. Box 10010 Lewiston, ME 04243 | $0 |
| Aquarion Water Company of CT | 600000001 | Water | P.O. Box 10010 Lewiston, ME 04243 | $0 |
| Aquarion Water Company of CT | 200094459 | Water | P.O. Box 10010 Lewiston, ME 04243 | $11 |
| Aquarion Water Company of CT | 200094467 | Water | P.O. Box 10010 Lewiston, ME 04243 | $62 |
| Aquarion Water Company of CT | 200392220 | Water | P.O. Box 10010 Lewiston, ME 04243 | $0 |
| AT&T | 831 000 7200 578 | Telephone | P.O. Box 5019 Carol Stream, IL 60197 | $2,637 |
| AT&T | 800 3111 8542 | Telephone | P.O. Box 5019 Carol Stream, IL 60197 | $1,341 |
| AT&T | 831 000 7200 976 | Telephone | P.O. Box 5019 Carol Stream, IL 60197 | $1,183 |
| AT&T | 056 575 5100 001 | Telephone | P.O. Box 105068 Atlanta, GA 30348 | $25 |
| AT&T | 540 250 144 001 | Telephone | P.O. Box 105068 Atlanta, GA 30348 | $0 |
| Cablevision Lightpath Inc | 25147 | Telephone | P.O. Box 360111 Pittsburgh, PA 15251 | $3,325 |
| Cablevision Lightpath Inc | 47036 | Telephone | P.O. Box 360111 Pittsburgh, PA 15251 | $304 |
| CenturyLink | 86392273 | Cable | P.O. Box 52187 Phoenix, AZ 85072 | $2,829 |
| CenturyLink | 307473545 | Cable | P.O. Box 4300 Carol Stream, IL 60197 | $604 |
| City Of Durham | 247265725749 | Water & Sewer | 101 City Hall Pl Durham, NC 27701 | $5,405 |
| City Of Wilson | 14337-84454 | Gas | P.O. Box 2407 Wilson, NC 27894 | $12,126 |
| City Of Wilson | 14337-72430 | Water | Wilson Energy Collection Div. Wilson, NC 27894 | $5,884 |
| City Of Wilson | 14337-44174 | Electric, Gas, Water & Waste Water | Wilson Energy Collection Div. Wilson, NC 27894 | $1,814 |
| City Of Wilson | 14337-61862 | Light Unit, Sprinkler & Stormwater | Wilson Energy Collection Div. Wilson, NC 27894 | $1,659 |
| City Of Wilson | 14337-74238 | Electric | Collection Division Wilson, NC 27894 | $17 |
| City Of Wilson | 14337-75006 | Electric | Collection Division Wilson, NC 27894 | $31,203 |
| Clean Harbors Inc | RH0227 | Waste Treatment | P.O. Box 3442 Boston, MA 02241 | $10,189 |
| Comcast | 8499050900161569 | Cable, Internet, & Phone | P.O. Box 70219 Philadelphia, PA 19176 | $107 |

| Utility Servicer | Utility Account Number | Utility Provided | Utility Servicer Address | Adequate Assurance Deposit |
|---|---|---|---|---|
| Comcast | 8299700016330811 | Cable, Internet, & Phone | P.O. Box 70219 Philadelphia, PA 19176 | $34 |
| Comcast | 8499050900162088 | Internet | P.O. Box 70219 Philadelphia, PA 19176 | $39 |
| Comcast | 8499052470024706 | Cable, Internet, & Phone | P.O. Box 1577 Newark, NJ 07101 | $52 |
| Con Edison | 44-2023-1752-3001-8 | Electric | 4 Irving Place, Suite 2 New York, NY 10003 | $30 |
| Cox Business | 001-6610-310087601 | Telephone | Dept. 781104 P.O. Box 78000 Detroit, MI 48278 | $43 |
| Crystal Rock / DS Services of America, Inc | 773629117751683 | Filtered Water | P.O. Box 660579 Dallas, TX 75266 | $159 |
| Crystal Rock / DS Services of America, Inc | 779415917880358 | Filtered Water | P.O. Box 660579 Dallas, TX 75266 | $35 |
| Danox Environmental Services Inc | n/a | Waste Treatment | P.O. Box 1429 Suwanee, GA 30024 | $25,295 |
| Direct Energy Business | 190530037531166 | Electric | P.O. Box 70220 Philadelphia, PA 19176 | $52,514 |
| Direct Energy Services LLC | 716765-67292 | Gas | P.O. Box 32179 New York, NY 10087 | $17,667 |
| Duke Energy | 1846238647 | Electric | P.O. Box 70516 Charlotte, NC 28272-0516 | $14,615 |
| Earthlink | 136312050101190 | Internet | P.O. Box 2252 Birmingham, AL 35246 | $738 |
| Earthlink Business Company | 5100300 | Telephone | P.O. Box 88104 Chicago, IL 60680 | $88 |
| Eversource Energy / CL&P | 51362857096 | Electric | P.O. Box 56002 Boston, MA 02205 | $130 |
| Eversource Energy / CL&P | 51504762006 | Electric | P.O. Box 56002 Boston, MA 02205 | $638 |
| Eversource Energy / Yankee Gas | 57029957032 | Gas | Po Box 56004 Boston, MA 02205 | $43 |
| Eversource Energy / Yankee Gas | 57184800035 | Gas | Po Box 56004 Boston, MA 02205 | $113 |
| Eversource Energy / Yankee Gas | 57918800061 | Gas | P O Box 56004 Boston, MA 02205 | $386 |
| Frontier | 203-196-3204-121318-5 | Internet | P.O. Box 740407 Cincinnati, OH 45274 | $345 |
| Frontier Communications | 919-189-0016-030816-5 | Internet | P.O. Box 740407 Cincinnati, OH 45274 | $2,815 |
| Frontier Communications | 203-452-0100-101889-5 | Telephone | P.O. Box 740407 Cincinnati, OH 45274 | $2,453 |
| Frontier Communications | 203-324-4118-100813-5 | Telephone | P.O. Box 20550 Rochester, NY 14602 | $327 |
| Greenlight | 513314-01-013314 | Internet | P.O. Box 366 Wilson, NC 27894 | $52 |
| Heritage Environmental Services | 1860103302 | Waste Treatment | 7901 West Morris St. Indianapolis, IN 46231 | $20,622 |

| Utility Servicer | Utility Account Number | Utility Provided | Utility Servicer Address | Adequate Assurance Deposit |
|---|---|---|---|---|
| Hocon Industrial Gas | 31941 | Propane & Helium | 86 Payne Rd. Danbury, CT 06810 | $38 |
| IPASS | 1005019 | Electronic Toll Pass | Box 200152 Pittsburgh, PA 15251 | $471 |
| Kent County Water Authority | 117315 | Water | P.O. Box 9901 Providence, RI 02940-4001 | $2,651 |
| Kent County Water Authority | 117314 | Water | P.O. Box 9901 Providence, RI 02940-4001 | $275 |
| Kent County Water Authority | 115435 | Water | P.O. Box 192 West Warwick, RI 02893 | $0 |
| Kent County Water Authority | 111483 | Water | P.O. Box 192 West Warwick, RI 02893 | $19 |
| Lavoie & Son Industrial | n/a | Waste | 41 Diane Dr. Coventry, RI 02816 | $1,171 |
| Masergy Communications Inc | MCOO1131 | Internet | P.O. Box 733938 Dallas, TX 75373 | $6,222 |
| National Grid | 89489-40027 | Electric | P.O. Box 11739 Newark, NJ 07101 | $14 |
| National Grid | 45347-15023 | Electric | P.O. Box 11739 Newark, NJ 07101 | $282 |
| National Grid | 02336-00023 | Electric | P.O. Box 11739 Newark, NJ 07101 | $44 |
| National Grid | 28109-59018 | Electric | P.O. Box 11739 Newark, NJ 07101 | $43 |
| National Grid | 15679-70040 | Electric | P.O. Box 11739 Newark, NJ 07101 | $11,782 |
| National Grid | 03352-88018 | Electric | P.O. Box 11739 Newark, NJ 07101 | $22 |
| National Grid | 42690-90024 | Gas | P.O. Box 11739 Newark, NJ 07101 | $770 |
| National Grid | 17843-86019 | Gas | P.O. Box 11739 Newark, NJ 07101 | $302 |
| National Grid | 39818-74009 | Gas | P.O. Box 11739 Newark, NJ 07101 | $4,797 |
| National Grid | 52281-53003 | Gas | P.O. Box 11739 Newark, NJ 07101 | $2,005 |
| National Grid | 90438-54001 | Electric | P.O. Box 11739 Newark, NJ 07101 | $26,761 |
| National Grid | 713878016 | Gas | P.O. Box 11739 Newark, NJ 07101 | $60 |
| National Grid | 5379746009 | Gas / Electric | P.O. Box 11739 Newark, NJ 07101 | $8 |
| New Jersey American Water Co | 1018210019956410 | Water | P.O. Box 371331 Pittsburgh, PA 15250 | $0 |
| Optimum - Cablevision | 07808 570686 12 5 | Internet | P.O. Box 9256 Chelsea, MA 02150 | $0 |
| Optimum - Cablevision | 07808 628144 01 7 | Internet | P.O. Box 9256 Chelsea, MA 02150 | $0 |
| Dominion Energy | 0-2101-0439-6630 | Gas | P.O. Box 100256 Columbia, SC 29202 | $6,800 |

| Utility Servicer | Utility Account Number | Utility Provided | Utility Servicer Address | Adequate Assurance Deposit |
|---|---|---|---|---|
| Southern Elevator Co Inc | 30-3715 | Elevator Service | P.O. Box 538596<br>Atlanta, GA 30353 | $323 |
| Spectrum Business | 202-892806402-001 | Internet | P.O. Box 70872<br>Charlotte, NC 28272 | $251 |
| Sprint | 928553758 | Telephone | P.O. Box 219903<br>Kansas City, MO 64121 | $576 |
| Sprint | 680775460 | Telephone | P.O. Box 219100<br>Kansas City, MO 64121 | $0 |
| Sprint | 371962615 | Telephone | P.O. Box 219100<br>Kansas City, MO 64121 | $0 |
| Sprint | 682804900 | Telephone | P.O. Box 219100<br>Kansas City, MO 64121 | $0 |
| Sprint | 840946903 | Telephone | P.O. Box 219100<br>Kansas City, MO 64121 | $0 |
| Sprint | 921603998 | Telephone | P.O. Box 219100<br>Kansas City, MO 64121 | $0 |
| Sprint | 921603018 | Telephone | P.O. Box 219100<br>Kansas City, MO 64121 | $0 |
| Stallings Brothers Holdings Inc | n/a | Liquid Petroleum | 11471 S Nash St.<br>Middlesex, NC 27557 | $2,205 |
| Stericycle Inc | n/a | Recycle | 27314 Network Pl.<br>Chicago, IL 60673 | $2,487 |
| Time Warner Cable | 55657201 | Telephone | Box 223085<br>Pittsburgh, PA 15251 | $2,256 |
| Time Warner Cable | 202-957740101-001 | Internet | P.O. Box 70872<br>Charlotte, NC 28272 | $193 |
| Time Warner Cable | 202-860118902-001 | Internet | P.O. Box 70872<br>Charlotte, NC 28272 | $36 |
| Time Warner Cable Enterprises LLC | 202-900424401-001 | Internet | P.O. Box 70872<br>Charlotte, NC 28272 | $1,963 |
| Town Of West Warwick | CV-9204-24-sw<br>CV-9201-66-sw<br>CV-9204-23-sw<br>CV-9201-40-sw<br>CV-9204-25-sw | Industrial Sewer Usage | Sewer Commission<br>P.O. Box 498<br>West Warwick, RI 2893 | $2,220 |
| Veolia Es Technical Solutions | 515643 | Environmental Services | P.O. Box 73709<br>Chicago, IL 60673 | $45,815 |
| Verizon | 609 882 5707 710 02Y | Telephone | P.O. Box 4833<br>Trenton, NJ 08650 | $21 |
| Verizon | U0152018 | Telephone | P.O. Box 15043<br>Albany, NY 12212 | $2,721 |
| Verizon | U0166603 | Telephone | P.O. Box 15043<br>Albany, NY 12212 | $0 |
| Verizon | U0167377 | Internet | P.O. Box 15043<br>Albany, NY 12212 | $1,320 |
| Verizon | 942233053-0002 | Telephone | P.O. Box 15062<br>Albany, NY 12212 | $0 |
| Verizon | 00070263551106Y | Telephone | P.O. Box 4830<br>Trenton, NJ 08650 | $33 |

| Utility Servicer | Utility Account Number | Utility Provided | Utility Servicer Address | Adequate Assurance Deposit |
|---|---|---|---|---|
| Verizon | 550 421 897 0001 23 | Telephone | P.O. Box 4833 Trenton, NJ 08650 | $267 |
| Verizon | 609 860 0700 606 47Y | Telephone | P.O. Box 4833 Trenton, NJ 08650 | $0 |
| Verizon | 212 758 4157 994 721 | Telephone | P.O. Box 15124 Albany, NY 12212 | $40 |
| Verizon | 00081339889834Y | Telephone | P.O. Box 4830 Trenton, NJ 08650 | $54 |
| Verizon | 755-966-743-0001-42 | Telephone | P.O. Box 15124 Albany, NY 12212 | $0 |
| Verizon Washington DC Inc | 847290708 | Telephone | P.O. Box 4830 Trenton, NJ 08650 | $467 |
| Waste Industries LLC | 1078655 | Waste | 3301 Benson Drive Raleigh, NC 27609 | $2,191 |
| Zoom Video Communications | 425375 | Video Communications | 55 Almaden Blvd., Ste 600 San Jose, CA 95113 | $709 |
| | | | **Total** | **$350,663** |

## **Exhibit B**

**Blackline Against Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-[    ] 19-23649** (RDD) |
| **Debtors.**[1] | **(Joint Administration Pending Jointly Administered)** |

**FINAL ORDER (I) PROHIBITING UTILITIES FROM ALTERING, REFUSING OR
DISCONTINUING SERVICE, (II) DEEMING UTILITIES ADEQUATELY ASSURED
OF FUTURE PERFORMANCE AND (III) ESTABLISHING PROCEDURES
FOR DETERMINING REQUESTS FOR ADDITIONAL ADEQUATE ASSURANCE**

Upon the motion (the "**Motion**")[2] of Purdue Pharma L.P. and its affiliates that are debtors

and debtors in possession in these ~~proceedings~~cases (collectively, the "**Debtors**") for entry of an

interim order and a final order (this "**Order**") prohibiting utilities from altering, refusing or

discontinuing service, deeming utilities adequately assured of future performance and

establishing procedures for determining requests for additional adequate assurance; and the

Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28

U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated

January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein

being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before the Court

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014).  The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to such term in the Motion.

pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided ~~to the Notice Parties~~, and it appearing that no other or further notice of such request need be provided; and the Court having reviewed the Motion and held a hearing to consider the relief requested in the Motion on an final basis (the "**Hearing**"); and upon the Lowne Declaration filed contemporaneously with the Motion, and the record of the Hearing; and after due deliberation the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish ~~just~~good and sufficient cause for the relief granted herein; and the Court having determined that ~~the~~such relief ~~granted herein~~ is in the best interests of the Debtors, their estates, creditors and all parties in interest; ~~and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor;~~now, therefore,

**IT IS HEREBY ORDERED THAT**

1.      The Motion is granted on a final basis as set forth herein.

2.      Except in accordance with the procedures set forth below, all Utility Providers are (a) prohibited from altering, refusing or discontinuing Utility Services to the Debtors on account of any unpaid ~~pre-petition~~prepetition charges or the commencement of the chapter 11 cases or any perceived inadequacy of the proposed Adequate Assurance Deposit (defined below) and (b) prohibited from discriminating against the Debtors, or requiring payment of a deposit or receipt of any other security for continued service as a result of the Debtors' bankruptcy filing or any outstanding ~~pre-petition~~prepetition invoices other than the procedures established herein.

3.      To the extent not already deposited, within ten (10) days from ~~the~~ entry of this Order, the Debtors shall deposit a sum of $~~350,611~~350,663 (the "**Adequate Assurance Deposit**") into a bank account established by the Debtors, or a current

dormant bank account that has been previously established (the "**Utility Deposit Account**"), for the purpose of providing the Utility Providers with adequate assurance of their ~~post-petition~~postpetition services to the Debtors.  The Utility Deposit Account may be either interest-bearing or non-interest-bearing at the Debtors' election.

4.      The Utility Deposit Account shall be maintained with a minimum balance of $~~350,611~~350,663, comprising the Utility Providers' respective shares attributed to them as calculated by the Debtors in the Motion, which may be adjusted by the Debtors (a) to account for the addition or removal of a Utility Provider from the Debtors' list of Utility Providers attached hereto as **Schedule 1**, as may be amended or modified in accordance with the procedures set forth herein regardless of any Request (as defined below) and (b) in accordance with the terms of any agreement between the Debtors and the affected Utility Provider.

5.      The Adequate Assurance Deposit (a) demonstrates the Debtors' ability to pay for future Utility Services in the ordinary course of business and (b) constitutes adequate assurance of future performance to each of the Utility Providers (collectively the "**Proposed Adequate Assurance**").

6.      The Debtors are authorized to pay on a timely basis, in accordance with their ~~pre-petition~~prepetition practices, all undisputed invoices for Utility Services rendered by Utility Providers to the Debtors after the Petition Date.

7.      The portion of the Adequate Assurance Deposit attributable to each Utility Provider shall be returned to the Debtors, without further Court order, on the earlier of (a) the reconciliation and payment by the Debtors of the Utility Provider's final invoice in accordance with applicable non-bankruptcy law following the Debtors' termination of Utility Services from such Utility Provider or (b) the effective date of any chapter 11 plan confirmed in these chapter

11 cases; *provided*, *however*, that there are no outstanding disputes related to ~~post-petition~~postpetition payments due.

8.      The Debtors' Utility Providers are prohibited from requiring additional adequate assurance of payment other than in accordance with the following procedures (the "**Adequate Assurance Procedures**"):

(a)      The Debtors or their advisors shall provide a copy of this Motion (including the proposed final order) and the order approving the relief requested in this Motion to each of the Utility Providers listed on the Utilities List within two (2) business days after entry of such order by the Court by way of postage prepaid, first-class regular mail.

(b)      Subject to paragraphs (f)-(k) herein, the Debtors will set aside in the Utility Deposit Account the Adequate Assurance Deposit as soon as practicable.

(c)      If an amount relating to Utility Services provided postpetition by a Utility Provider is unpaid, and remains unpaid beyond any applicable grace period, such Utility Provider may request a disbursement from the Utility Deposit Account by giving notice to: (i) Purdue Pharma L.P., One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901 (Attn: Jon Lowne); and (ii) proposed counsel to the Debtors, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, NY 10017 (Attn: Marshall S. Huebner, Benjamin S. Kaminetzky, Timothy Graulich and Eli J. Vonnegut).

(d)      Proposed counsel to the Debtors shall promptly cause any notice received pursuant to paragraph 2(c) of this Order to be served on the following: (i) counsel to the Official Committee of Unsecured Creditors (the "**Committee**"): (x) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, Bank of America Tower, New York, NY 10036-6745, Attn: Arik Preis, Email: apreis@akingump.com; and (y) Bayard, P.A., , 600 N. King Street, Suite 400, Wilmington, DE 19801, Attn: Justin R. Alberto and Erin R. Fay, Email: jalberto@bayardlaw.com and efay@bayardlaw.com; (ii) counsel to the Ad Hoc Committee under its appearance filed at Docket No. 147 (the "**Ad Hoc Committee**"): (w) Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036, Attn: Kenneth H. Eckstein and Rachael Ringer, Email: keckstein@kramerlevin.com and rringer@kramerlevin.com; (x) Brown Rudnick LLP, 7 Times Square, New York, NY 10036, Attn: David J. Molton and Steven D. Pohl, Email: dmolton@brownrudnick.com and spohl@brownrudnick.com; (y) Gilbert LLP, 1100 New York Ave, NW, Suite 700, Washington, DC 20005, Attn: Scott D. Gilbert, Craig Litherland and Kami E. Quinn, Email: gilberts@gilbertlegal.com, litherlandc@gilbertlegal.com and quinnk@gilbertlegal.com; (z) Otterbourg P.C., 230 Park Avenue, New York, NY 10169, Attn: Melanie L. Cyganowski and Jennifer S. Feeney, Email: mcyganowski@otterbourg.com and jfeeney@otterbourg.com, (iii) the Office of the United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Paul K. Schwartzberg; and (iv) to the

extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002 (collectively, "**Notice Parties**").  The Debtors shall honor such request by the applicable Utility Provider within ten business days after the date the request is received by the Debtors, subject to the ability of the Debtors and any such requesting Utility Provider to resolve any dispute regarding such request without further order of the Bankruptcy Court. To the extent a Utility Provider receives a disbursement from the Utility Deposit Account, the Debtors shall replenish the Utility Deposit Account in the amount disbursed.

(e)    The portion of the Adequate Assurance Deposit attributable to each Utility Provider (including any additional amount deposited upon request of any applicable Utility Provider) will be returned to the Debtors on the earlier of (i) reconciliation and payment by the Debtors of the Utility Provider's final invoice in accordance with applicable nonbankruptcy law following the Debtors' termination of Utility Services from such Utility Provider and (ii) the effective date of any chapter 11 plan confirmed in these chapter 11 cases (less any amounts owed on account of unpaid, postpetition Utility Services).

(f)    (b) If a Utility Provider is not satisfied with the Proposed Adequate Assurance, it must serve a written request (a "**Request**") upon: (i) the Debtors, One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901 (Attn: Jon Lowne); and (ii) proposed counsel to the Debtors, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, NY 10017 (Attn: Marshall S. Huebner, Benjamin S. Kaminetzky, Timothy Graulich and Eli J. Vonnegut). The Request must set forth (w) the location(s) for which Utility Services are provided, (x) the account number(s) for such location(s), (y) the outstanding balance for each account and (z) an explanation of why the Utility Provider believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

(g)    A Request may be made at any time. If a Utility Provider fails to file and serve a Request, the Utility Provider shall be (i) deemed to have received "satisfactory" adequate assurance of payment in compliance with section 366 of the Bankruptcy Code and (ii) forbidden from discontinuing, altering, or refusing Utility Services to, or discriminating against, the Debtors on account of any unpaid prepetition charges, or requiring additional assurance of payment other than the Proposed Adequate Assurance.

(h)    Upon the Debtors' receipt of a Request, the Debtors shall have 30 days from the receipt of the Request (the "**Resolution Period**") to negotiate, in consultation with the Committee and the Ad Hoc Committee, with the Utility Provider to resolve the Utility Provider's Adequate Assurance Request.

(i)    Without further order of the Bankruptcy Court, the Debtors may enter into agreements granting additional adequate assurance to a Utility Provider serving a Request if the Debtors determine that the Request is reasonable.

(j)    (c) If the Debtors determine, in their sole discretion and in consultation with the Committee and the Ad Hoc Committee (in each case to the extent and with as

5

much advance notice as is reasonably practicable), that a Request or any consensual agreement reached in connection therewith is reasonable, the Debtors, without further order of the Court, may enter into agreements granting additional adequate assurance to the Utility Provider serving such Request and, in connection with such agreements, provide the Utility Provider with additional adequate assurance of payment, including payments on pre-petition prepetition amounts owing, cash deposits, prepayments or other forms of security, with notice to the Office of the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") and any counsel to any official committee appointed in these chapter 11 cases, the Committee and the Ad Hoc Committee within fifteen (15) days.

(k)   (d) If the Debtors, in their sole discretion and in consultation with the Committee and the Ad Hoc Committee (in each case the extent and with as much advance notice as is reasonably practicable), determine that a Request is unreasonable, then they promptly shall negotiate with the requesting party and if unable to reach a prompt resolution to the Request, during the Resolution Period, either the Debtors or the Utility Provider may set the matter under section 366(c) of the Bankruptcy Code for hearing at the next regularly scheduled omnibus hearing date in the case. Pending the hearing, the Utility Provider that is the subject of the unresolved Request may not alter, refuse or discontinue services to the Debtors.

(l)   (e) Absent compliance with the procedures set forth in the Motion and this Order, the Debtors' Utility Providers are prohibited from altering, refusing or discontinuing service on account of any unpaid pre-petition prepetition charges and are deemed to have received adequate assurance of payment in compliance with Bankruptcy Code section 366.

9.     The Utility Providers have been provided with adequate assurance of payment within the meaning of Bankruptcy Code section 366 of the Bankruptcy Code; the Adequate Assurance Procedures as proposed are hereby approved; the Utility Providers are prohibited from altering, refusing or discontinuing Utility Services on account of pre-petition prepetition amounts outstanding and on account of any perceived inadequacy of the Adequate Assurance Procedures; and the Debtors are not required to provide any additional adequate assurance beyond what is stated in this Order.

10.     Utility Providers shall be deemed to have adequate assurance of payment within the meaning of Bankruptcy Code section 366 of the Bankruptcy Code unless and until (a) the Debtors, in their sole discretion and in consultation with the Committee and the Ad Hoc

6

Committee (in each case to the extent and with as much advance notice as is reasonably practicable), agree to an alternative assurance of payment with the Utility Provider or (b) the Court enters an order requiring that additional adequate assurance of payment be provided.

11.    The Debtors are authorized to amend the Utilities List, attached hereto as **Schedule 1**, ~~in their sole discretion,~~ to add any subsequently identified Utility Provider.  This Order shall be deemed to apply to any such Utility Provider regardless of when such Utility Provider may be added to the Utilities List.  If the Debtors amend the Utilities List subsequent to the filing of the Motion, the Debtors shall (a) file a supplemental notice with the Court (the "**Supplemental Notice**"), (b) serve a copy of this Motion, the signed order granting the Motion and the Supplemental Notice, by first-class mail on all Utility Providers listed in such Supplemental Notice and (c) post the Supplemental Notice on the Debtors' case information website located at https://restructuring.primeclerk.com/purduepharma.  If a Request is made, the Debtors and the Utility Provider making the Request shall be bound by the Adequate Assurance Procedures set forth herein, as applicable.

12.    The Request must actually be received by the (a) Debtors' proposed counsel, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, NY 10017 (Attn: Marshall S. Huebner, Benjamin S. Kaminetzky, Timothy Graulich and Eli J. Vonnegut) ~~and~~; (b) counsel to the ~~official committee of unsecured creditors (if any).~~ Committee: (x) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, Bank of America Tower, New York, NY 10036-6745, Attn: Arik Preis, Email: apreis@akingump.com; and (y) Bayard, P.A., 600 N. King Street, Suite 400, Wilmington, DE 19801, Attn: Justin R. Alberto and Erin R. Fay, Email: jalberto@bayardlaw.com and efay@bayardlaw.com; and (c) counsel to the Ad Hoc Committee:: (w) Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York

10036, Attn: Kenneth H. Eckstein and Rachael Ringer, Email: keckstein@kramerlevin.com and rringer@kramerlevin.com; (x) Brown Rudnick LLP, 7 Times Square, New York, NY 10036, Attn: David J. Molton and Steven D. Pohl, Email: dmolton@brownrudnick.com and spohl@brownrudnick.com; (y) Gilbert LLP, 1100 New York Ave, NW, Suite 700, Washington, DC 20005, Attn: Scott D. Gilbert, Craig Litherland and Kami E. Quinn, Email: gilberts@gilbertlegal.com, litherlandc@gilbertlegal.com and quinnk@gilbertlegal.com; (z) Otterbourg P.C., 230 Park Avenue, New York, NY 10169, Attn: Melanie L. Cyganowski and Jennifer S. Feeney, Email: mcyganowski@otterbourg.com and jfeeney@otterbourg.com.

13.    In the event an additional Utility Provider is added to the Utilities List, the Debtors shall increase the amount of the Adequate Assurance Deposit by an amount equal to two (2) weeks of Utility Services provided by such additional Utility Provider, calculated using the Debtors' historical average for such payments over the past twelve (12) months.

14.    The Debtors may, in their sole discretion and in consultation with the Committee and the Ad Hoc Committee (in each case to the extent and with as much advance notice as is reasonably practicable), terminate the services of any Utility Provider by providing written notice (a "**Termination Notice**") to the Utility Provider.

15.    The Debtors may reduce the Adequate Assurance Deposit by the amount held on account of such terminated Utility Service upon payment of any final bill; *provided*, *however*, that there are no outstanding disputes related to post-petitionpostpetition payments due.  To the extent the Debtors issue a Termination Notice or the services provided by the Utility Provider are otherwise terminated, any deposit held by such Utility Provider must be returned to the Debtors in accordance with the procedures of applicable non-bankruptcy law, and the Debtors may reduce the Adequate Assurance Deposit attributable to such Utility Provider accordingly.

16.    The Debtors may amend the Utilities List to delete a Utility Provider only if the Debtors have provided two (2) weeks' advance notice to such Utility Provider, in writing, and have not received any objection from such Utility Provider.  If an objection is received, the Debtors may request a hearing before the Court at the next omnibus hearing date, or such other date that the Debtors and the Utility Provider may agree.

17.    Nothing herein constitutes a finding that any entity is or is not a Utility Provider hereunder or under Bankruptcy Code section 366, whether or not such entity is included in the Utilities List, and the Debtors retain the right to dispute whether any of the entities now or hereafter listed on **Schedule 1** attached hereto are or are not "utilities" within the meaning of Bankruptcy Code section 366.

18.    Any Utility Provider that does not make a Request or otherwise comply with the Adequate Assurance Procedures shall be prohibited from altering, refusing or discontinuing Utility Services, including as a result of the Debtors' failure to pay charges for ~~pre-petition~~prepetition Utility Services or to provide adequate assurance of payment in addition to the Proposed Adequate Assurance.

19.    Nothing in this Order or any action taken by the Debtors in furtherance of the implementation hereof shall be deemed to constitute an assumption or rejection of any executory contract or unexpired lease pursuant to Bankruptcy Code section 365, and all of the Debtors' rights with respect to such matters are expressly reserved.

20.    Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall (a) create, nor is it intended to create, any rights in favor of, or enhance the status of any claim held by any person or entity or (b) be deemed to convert the priority of any claim from a ~~pre-petition~~prepetition claim into an administrative expense claim.

21.     Nothing in this Order nor the Debtors' payment of claims pursuant to this Order shall be construed as (a) an agreement or admission by the Debtors as to the validity of any claim on any grounds, (b) a waiver or impairment of any Debtors' rights to dispute any claims on any grounds, (c) a promise by the Debtors to pay any claim or (d) an implication or admission by the Debtors that such claim is payable pursuant to this Order.

22.     The contents of the Motion and the notice procedures set forth therein are good and sufficient notice and satisfy the Bankruptcy Rules and the Local Rules, and no other or further notice of the Motion or the entry of this Order shall be required.

23.     Any Bankruptcy Rule (including, but not limited to, Bankruptcy Rule 6004(h)) or Local Rule that might otherwise delay the effectiveness of this Order is hereby waived, for cause, and the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

24.     The Debtors are authorized to take all such actions as are necessary or appropriate to implement the relief granted in this Order.

25.     The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and enforcement of this Order.

White Plains, New York
Dated:  _____, 2019

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

10

## **Schedule 1**

List of Utility Providers

| Utility Servicer | Utility Account Number | Utility Provided | Utility Servicer Address | Adequate Assurance Deposit |
|---|---|---|---|---|
| LiveMessage | 123-5107-561 | Telephone | 365 Willard Ave Ste 2A Hartford, CT 06111 | $20 |
| Aquarion Water Company of CT | 200392220 | Water | P.O. Box 10010 Lewiston, ME 04243 | $0 |
| Aquarion Water Company of CT | 600000001 | Water | P.O. Box 10010 Lewiston, ME 04243 | $0 |
| Aquarion Water Company of CT | 200094459 | Water | P.O. Box 10010 Lewiston, ME 04243 | $11 |
| Aquarion Water Company of CT | 200094467 | Water | P.O. Box 10010 Lewiston, ME 04243 | $62 |
| Aquarion Water Company of CT | 200392220 | Water | P.O. Box 10010 Lewiston, ME 04243 | $0 |
| AT&T | 831 000 7200 578 | Telephone | P.O. Box 5019 Carol Stream, IL 60197 | $2,637 |
| AT&T | 800 3111 8542 | Telephone | P.O. Box 5019 Carol Stream, IL 60197 | $1,341 |
| AT&T | 831 000 7200 976 | Telephone | P.O. Box 5019 Carol Stream, IL 60197 | $1,183 |
| AT&T | 056 575 5100 001 | Telephone | P.O. Box 105068 Atlanta, GA 30348 | $25 |
| AT&T | 540 250 144 001 | Telephone | P.O. Box 105068 Atlanta, GA 30348 | $0 |
| Cablevision Lightpath Inc | 25147 | Telephone | P.O. Box 360111 Pittsburgh, PA 15251 | $3,325 |
| Cablevision Lightpath Inc | 47036 | Telephone | P.O. Box 360111 Pittsburgh, PA 15251 | $304 |
| CenturyLink | 86392273 | Cable | P.O. Box 52187 Phoenix, AZ 85072 | $2,829 |
| CenturyLink | 307473545 | Cable | P.O. Box 4300 Carol Stream, IL 60197 | $604 |
| City Of Durham | 247265725749 | Water & Sewer | 101 City Hall Pl Durham, NC 27701 | $5,405 |
| City Of Wilson | 14337-84454 | Gas | P.O. Box 2407 Wilson, NC 27894 | $12,126 |
| City Of Wilson | 14337-72430 | Water | Wilson Energy Collection Div. Wilson, NC 27894 | $5,884 |
| City Of Wilson | 14337-44174 | Electric, Gas, Water & Waste Water | Wilson Energy Collection Div. Wilson, NC 27894 | $1,814 |
| City Of Wilson | 14337-61862 | Light Unit, Sprinkler & Stormwater | Wilson Energy Collection Div. Wilson, NC 27894 | $1,659 |
| City Of Wilson | 14337-74238 | Electric | Collection Division Wilson, NC 27894 | $17 |
| City Of Wilson | 14337-75006 | Electric | Collection Division Wilson, NC 27894 | $31,203 |
| Clean Harbors Inc | RH0227 | Waste Treatment | P.O. Box 3442 Boston, MA 02241 | $10,189 |
| Comcast | 8499050900161569 | Cable, Internet, & Phone | P.O. Box 70219 Philadelphia, PA 19176 | $107 |
| Comcast | 8299700016330811 | Cable, Internet, & Phone | P.O. Box 70219 | $34 |

| Utility Servicer | Utility Account Number | Utility Provided | Utility Servicer Address | Adequate Assurance Deposit |
|---|---|---|---|---|
| | | | Philadelphia, PA 19176 | |
| Comcast | 8499050900162088 | Internet | P.O. Box 70219 Philadelphia, PA 19176 | $39 |
| Comcast | 8499052470024706 | Cable, Internet, & Phone | P.O. Box 1577 Newark, NJ 07101 | $52 |
| Con Edison | 44-2023-1752-3001-8 | Electric | 4 Irving Place, Suite 2 New York, NY 10003 | $30 |
| Cox Business | 001-6610-310087601 | Telephone | Dept. 781104 P.O. Box 78000 Detroit, MI 48278 | $43 |
| Crystal Rock / DS Services of America, Inc | 773629117751683 | Filtered Water | P.O. Box 660579 Dallas, TX 75266 | $159 |
| Crystal Rock / DS Services of America, Inc | 779415917880358 | Filtered Water | P.O. Box 660579 Dallas, TX 75266 | $35 |
| Danox Environmental Services Inc | n/a | Waste Treatment | P.O. Box 1429 Suwanee, GA 30024 | $25,295 |
| Direct Energy Business | 190530037531166 | Electric | P.O. Box 70220 Philadelphia, PA 19176 | $52,514 |
| Direct Energy Services LLC | 716765-67292 | Gas | P.O. Box 32179 New York, NY 10087 | $17,667 |
| Duke Energy | 1846238647 | Electric | P.O. Box 70516 Charlotte, NC 28272-0516 | $14,615 |
| Earthlink | 136312050101190 | Internet | P.O. Box 2252 Birmingham, AL 35246 | $738 |
| Earthlink Business Company | 5100300 | Telephone | P.O. Box 88104 Chicago, IL 60680 | $88 |
| Eversource Energy / CL&P | 51362857096 | Electric | P.O. Box 56002 Boston, MA 02205 | $130 |
| Eversource Energy / CL&P | 51504762006 | Electric | P.O. Box 56002 Boston, MA 02205 | $638 |
| Eversource Energy / Yankee Gas | 57029957032 | Gas | Po Box 56004 Boston, MA 02205 | $43 |
| Eversource Energy / Yankee Gas | 57184800035 | Gas | Po Box 56004 Boston, MA 02205 | $113 |
| Eversource Energy / Yankee Gas | 57918800061 | Gas | P O Box 56004 Boston, MA 02205 | $386 |
| Frontier | 203-196-3204-121318-5 | Internet | P.O. Box 740407 Cincinnati, OH 45274 | $345 |
| Frontier Communications | 919-189-0016-030816-5 | Internet | P.O. Box 740407 Cincinnati, OH 45274 | $2,815 |
| Frontier Communications | 203-452-0100-101889-5 | Telephone | P.O. Box 740407 Cincinnati, OH 45274 | $2,453 |
| Frontier Communications | 203-324-4118-100813-5 | Telephone | P.O. Box 20550 Rochester, NY 14602 | $327 |
| Greenlight | 513314-01-013314 | Internet | P.O. Box 366 Wilson, NC 27894 | $52 |
| Heritage Environmental Services | 1860103302 | Waste Treatment | 7901 West Morris St. Indianapolis, IN 46231 | $20,622 |
| Hocon Industrial Gas | 31941 | Propane & Helium | 86 Payne Rd. Danbury, CT 06810 | $38 |
| IPASS | 1005019 | Electronic Toll Pass | Box 200152 | $471 |

| Utility Servicer | Utility Account Number | Utility Provided | Utility Servicer Address | Adequate Assurance Deposit |
|---|---|---|---|---|
| | | | Pittsburgh, PA 15251 | |
| Kent County Water Authority | 117315 | Water | P.O. Box 9901 Providence, RI 02940-4001 | $2,651 |
| Kent County Water Authority | 117314 | Water | P.O. Box 9901 Providence, RI 02940-4001 | $275 |
| Kent County Water Authority | 115435 | Water | P.O. Box 192 West Warwick, RI 02893 | $0 |
| Kent County Water Authority | 111483 | Water | P.O. Box 192 West Warwick, RI 02893 | $19 |
| Lavoie & Son Industrial | n/a | Waste | 41 Diane Dr. Coventry, RI 02816 | $1,171 |
| Masergy Communications Inc | MCOO1131 | Internet | P.O. Box 733938 Dallas, TX 75373 | $6,222 |
| National Grid | 89489-40027 | Electric | P.O. Box 11739 Newark, NJ 07101 | $14 |
| National Grid | 45347-15023 | Electric | P.O. Box 11739 Newark, NJ 07101 | $282 |
| National Grid | 02336-00023 | Electric | P.O. Box 11739 Newark, NJ 07101 | $44 |
| National Grid | 28109-59018 | Electric | P.O. Box 11739 Newark, NJ 07101 | $43 |
| National Grid | 15679-70040 | Electric | P.O. Box 11739 Newark, NJ 07101 | $11,782 |
| National Grid | 03352-88018 | Electric | P.O. Box 11739 Newark, NJ 07101 | $22 |
| National Grid | 42690-90024 | Gas | P.O. Box 11739 Newark, NJ 07101 | $770 |
| National Grid | 17843-86019 | Gas | P.O. Box 11739 Newark, NJ 07101 | $302 |
| National Grid | 39818-74009 | Gas | P.O. Box 11739 Newark, NJ 07101 | $4,797 |
| National Grid | 52281-53003 | Gas | P.O. Box 11739 Newark, NJ 07101 | $2,005 |
| National Grid | 90438-54001 | Electric | P.O. Box 11739 Newark, NJ 07101 | $26,761 |
| National Grid | 713878016 | Gas | P.O. Box 11739 Newark, NJ 07101 | $60 |
| National Grid | 5379746009 | Gas / Electric | P.O. Box 11739 Newark, NJ 07101 | $8 |
| New Jersey American Water Co | 1018210019956410 | Water | P.O. Box 371331 Pittsburgh, PA 15250 | $0 |
| Optimum - Cablevision | 07808 570686 12 5 | Internet | P.O. Box 9256 Chelsea, MA 02150 | $0 |
| Optimum - Cablevision | 07808 628144 01 7 | Internet | P.O. Box 9256 Chelsea, MA 02150 | $0 |
| Dominion Energy | 0-2101-0439-6630 | Gas | P.O. Box 100256 Columbia, SC 29202 | $6,800 |
| Southern Elevator Co Inc | 30-3715 | Elevator Service | P.O. Box 538596 Atlanta, GA 30353 | $323 |
| Spectrum Business | 202-892806402-001 | Internet | P.O. Box 70872 Charlotte, NC 28272 | $251 |

| Utility Servicer | Utility Account Number | Utility Provided | Utility Servicer Address | Adequate Assurance Deposit |
|---|---|---|---|---|
| Sprint | 928553758 | Telephone | P.O. Box 219903 Kansas City, MO 64121 | $576 |
| Sprint | 680775460 | Telephone | P.O. Box 219100 Kansas City, MO 64121 | $0 |
| Sprint | 371962615 | Telephone | P.O. Box 219100 Kansas City, MO 64121 | $0 |
| Sprint | 682804900 | Telephone | P.O. Box 219100 Kansas City, MO 64121 | $0 |
| Sprint | 840946903 | Telephone | P.O. Box 219100 Kansas City, MO 64121 | $0 |
| Sprint | 921603998 | Telephone | P.O. Box 219100 Kansas City, MO 64121 | $0 |
| Sprint | 921603018 | Telephone | P.O. Box 219100 Kansas City, MO 64121 | $0 |
| Stallings Brothers Holdings Inc | n/a | Liquid Petroleum | 11471 S Nash St. Middlesex, NC 27557 | $2,205 |
| Stericycle Inc | n/a | Recycle | 27314 Network Pl. Chicago, IL 60673 | $2,487 |
| Time Warner Cable | 55657201 | Telephone | Box 223085 Pittsburgh, PA 15251 | $2,256 |
| Time Warner Cable | 202-957740101-001 | Internet | P.O. Box 70872 Charlotte, NC 28272 | $193 |
| Time Warner Cable | 202-860118902-001 | Internet | P.O. Box 70872 Charlotte, NC 28272 | $36 |
| Time Warner Cable Enterprises LLC | 202-900424401-001 | Internet | P.O. Box 70872 Charlotte, NC 28272 | $1,963 |
| Town Of West Warwick | CV-9204-24-sw CV-9201-66-sw CV-9204-23-sw CV-9201-40-sw CV-9204-25-sw | Industrial Sewer Usage | Sewer Commission P.O. Box 498 West Warwick, RI 2893 | $2,220 |
| Veolia Es Technical Solutions | 515643 | Environmental Services | P.O. Box 73709 Chicago, IL 60673 | $45,815 |
| Verizon | 609 882 5707 710 02Y | Telephone | P.O. Box 4833 Trenton, NJ 08650 | $21 |
| Verizon | U0152018 | Telephone | P.O. Box 15043 Albany, NY 12212 | $2,721 |
| Verizon | U0166603 | Telephone | P.O. Box 15043 Albany, NY 12212 | $0 |
| Verizon | U0167377 | Internet | P.O. Box 15043 Albany, NY 12212 | $1,320 |
| Verizon | 942233053-0002 | Telephone | P.O. Box 15062 Albany, NY 12212 | $0 |
| Verizon | 00070263551106Y | Telephone | P.O. Box 4830 Trenton, NJ 08650 | $33 |
| Verizon | 550 421 897 0001 23 | Telephone | P.O. Box 4833 Trenton, NJ 08650 | $267 |
| Verizon | 609 860 0700 606 47Y | Telephone | P.O. Box 4833 Trenton, NJ 08650 | $0 |
| Verizon | 212 758 4157 994 721 | Telephone | P.O. Box 15124 Albany, NY 12212 | $40 |

| Utility Servicer | Utility Account Number | Utility Provided | Utility Servicer Address | Adequate Assurance Deposit |
|---|---|---|---|---|
| Verizon | 00081339889834Y | Telephone | P.O. Box 4830 Trenton, NJ 08650 | $54 |
| Verizon | 755-966-743-0001-42 | Telephone | P.O. Box 15124 Albany, NY 12212 | $0 |
| Verizon Washington DC Inc | 847290708 | Telephone | P.O. Box 4830 Trenton, NJ 08650 | $467 |
| Waste Industries LLC | 1078655 | Waste | 3301 Benson Drive Raleigh, NC 27609 | $2,191 |
| Zoom Video Communications | 425375 | Video Communications | 55 Almaden Blvd., Ste 600 San Jose, CA 95113 | $709 |
| | | | **Total** | $~~350,611~~350,663 |