DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut

*Proposed Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (RDD)** |
| Debtors.[1] | **(Jointly Administered)** |

**NOTICE OF FILING OF REVISED PROPOSED FINAL ORDER AUTHORIZING (I) DEBTORS TO HONOR PREPETITION OBLIGATIONS TO CUSTOMERS AND RELATED THIRD PARTIES AND TO OTHERWISE CONTINUE CUSTOMER PROGRAMS (II) RELIEF FROM STAY TO PERMIT SETOFF IN CONNECTION WITH THE CUSTOMER PROGRAMS AND (III) FINANCIAL INSTITUTIONS TO HONOR AND PROCESS RELATED CHECKS AND TRANSFERS**

**PLEASE TAKE NOTICE** that on September 16, 2019, the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), filed the *Motion of Debtors for Entry of Interim and Final Orders Authorizing (I) Debtors to Honor Prepetition Obligations to Customers and Related Third Parties and to Otherwise Continue Customer Programs (II) Relief*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

*from Stay to Permit Setoff in Connection with the Customer Programs and (III) Financial Institutions to Honor and Process Related Checks and Transfers* [Docket No. 11] (the "**Motion**").

**PLEASE TAKE FURTHER NOTICE** that the Debtors hereby file a revised proposed *Final Order Authorizing (I) Debtors to Honor Prepetition Obligations to Customers and Related Third Parties and to Otherwise Continue Customer Programs (II) Relief from Stay to Permit Setoff in Connection with the Customer Programs and (III) Financial Institutions to Honor and Process Related Checks and Transfers* attached hereto as **Exhibit A** (the "**Revised Proposed Order**").

**PLEASE TAKE FURTHER NOTICE** that a comparison between the Revised Proposed Order and order filed with the Motion is attached hereto as **Exhibit B**.

**PLEASE TAKE FURTHER NOTICE** that the Debtors will seek entry of the Revised Proposed Order at the hearing scheduled for **October 10, 2019, at 10:00 a.m. (Prevailing Eastern Time)** before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, at the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601 (the "**Bankruptcy Court**"), or at such other time as the Bankruptcy Court may determine.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion may be obtained free of charge by visiting the website of Prime Clerk LLC at https://restructuring.primeclerk.com/purduepharma. You may also obtain copies of any pleadings by visiting the Bankruptcy Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

Dated:  October 8, 2019
        New York, New York

        DAVIS POLK & WARDWELL LLP

        By:  /s/ *Eli J. Vonnegut*

        450 Lexington Avenue
        New York, New York 10017
        Telephone: (212) 450-4000
        Facsimile:  (212) 701-5800
        Marshall S. Huebner
        Benjamin S. Kaminetzky
        Timothy Graulich
        Eli J. Vonnegut

        *Proposed Counsel to the Debtors*
        *and Debtors in Possession*

**Exhibit A**

**Revised Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19- 23649 (RDD)** |
| **Debtors.** [1] | **(Jointly Administered)** |

**FINAL ORDER AUTHORIZING (I) DEBTORS TO HONOR PREPETITION OBLIGATIONS TO CUSTOMERS AND RELATED THIRD PARTIES AND TO OTHERWISE CONTINUE CUSTOMER PROGRAMS (II) RELIEF FROM STAY TO PERMIT SETOFF IN CONNECTION WITH THE CUSTOMER PROGRAMS AND (III) FINANCIAL INSTITUTIONS TO HONOR AND PROCESS RELATED CHECKS AND TRANSFERS**

Upon the motion (the "**Motion**")[2] of Purdue Pharma L.P. and its affiliates that are debtors and debtors in possession in these cases (collectively, the "**Debtors**"), pursuant to sections 105(a), 363(b), 507(a) and 541 of title 11 of the United States Code (the "**Bankruptcy Code**"), for entry of an interim order and a final order (this "**Order**") authorizing, but not directing, the Debtors to continue, renew, replace, implement or terminate customer programs and practices (collectively, the "**Customer Programs**") in the ordinary course of business and to pay and otherwise honor prepetition obligations to customers and other third parties relating thereto, all as set forth more fully in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to such term in the Motion.

Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice of such request need be provided; and the Court having reviewed the Motion and held a hearing to consider the relief requested in the Motion on a final basis (the "**Hearing**"); and upon the Lowne Declaration, filed contemporaneously with the Motion, and the record of the Hearing; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish good and sufficient cause for the relief granted herein, in that such relief will provide a material net benefit to the Debtors' estates and creditors after taking into account the Bankruptcy Code's priority scheme and such relief is a proper exercise of business judgment, and is in the best interests of the Debtors, their estates, creditors and all parties in interest; now, therefore,

**IT IS HEREBY ORDERED THAT**

1. The Motion is granted on a final basis as set forth herein.

2. The Debtors, in their sole discretion and in consultation with the Official Committee of Unsecured Creditors (the "**Committee**") and the Ad Hoc Committee under its appearance filed at Docket No. 147 (the "**Ad Hoc Committee**") (to the extent and with as much advance notice as is reasonably practicable), are authorized (a) to fulfill and honor their obligations under the Customer Programs as they deem appropriate and (b) to continue, renew, replace, implement new and/or terminate any Customer Program, in each case, in the ordinary course of business, without further application to the Court, including making all payments, satisfying all obligations and permitting all setoffs in connection therewith, whether relating to

2

the period prior to, on or subsequent to the Petition Date; *provided, however*, that the Debtors shall provide the professionals retained by the Committee and the Ad Hoc Committee with: (i) monthly reporting on payments made in connection with all Customer Programs (including amounts set off or recouped by the Debtors' counterparties), such amounts to be calculated using information reasonably available to the Debtors; (ii) all material agreements or contracts in respect of any Customer Program to the fullest extent that the Debtors are permitted to do so, and (iii) such other information the Committee or the Ad Hoc Committee may reasonably request. The Debtors shall take commercially reasonable efforts to obtain consents necessary to provide such agreements or contracts.

3.   The Debtors, in their sole discretion and in consultation with the Committee and Ad Hoc Committee (in each case to the extent and with as much advance notice as is reasonably practicable), are authorized (a) to continue utilizing third parties in connection with administering and maintaining the Customer Programs as described in the Motion and to pay or caused to be paid such claims as and when such obligations are due and (b) to pay prepetition amounts owing in the ordinary course of business to third parties in connection with administering and maintaining the Customer Programs, including prepetition amounts owing under any Third-Party Services Agreement.

4.   All Banks are (a) authorized and directed to receive, process, honor and pay any and all checks, drafts, electronic transfers and other forms of payment used by the Debtors on account of the Customer Programs and Third-Party Service Providers, whether presented before, on or after the Petition Date; *provided* that the Debtors have good funds standing to their credit with the applicable Bank; and (b) prohibited from placing any hold on, or attempting to reverse, any automatic transfer on account of the Customer Programs.  The Banks shall rely on the

representations of the Debtors as to which checks and fund transfers should be honored and paid pursuant to this Order without any duty of further inquiry and without liability for following the Debtors' instructions.

4. Any party receiving payment from the Debtors is authorized and directed to rely on the representations of the Debtors as to which payments are authorized by this Order.

5. Nothing contained in the Motion or this Order, nor any payment made pursuant to the authority granted by this Order, shall constitute or be construed as (a) an admission as to the validity or priority of any claim against the Debtors, (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for or validity of any claim against the Debtors, (c) a waiver of any claims or causes of action which may exist against any creditor or interest holder, or (d) an approval, assumption, adoption or rejection of any agreement, contract, lease, program or policy between the Debtors and any third party under section 365 of the Bankruptcy Code.

6. Nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

7. Nothing herein shall constitute the Court's express or implied blessing, decision, or guidance that any Customer Program or payments, setoffs, recoupments, and obligations thereunder, or pre-petition or post-petition conduct by the Debtors or any of their counterparties and such counterparties' affiliates related to or in connection with any Customer Program does or does not give rise to liability, indemnity, claims and causes of actions in favor of any person or non-debtor entity, including governmental units.

8. The contents of the Motion and the notice procedures set forth therein are good and sufficient notice and satisfy the Bankruptcy Rules and the Local Rules, and no other or further notice of the Motion or the entry of this Order shall be required.

9. Any Bankruptcy Rule (including, but not limited to, Bankruptcy Rule 6004(h)) or Local Rule that might otherwise delay the effectiveness of this Order is hereby waived, for cause, and the terms and conditions of this Order shall be effective immediately and enforceable upon its entry.

10. The Debtors are authorized to take all action necessary and appropriate to effectuate the relief granted in this Order.

11. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation or enforcement of this Order.

White Plains, New York
Dated: _____, 2019

                                                    THE HONORABLE ROBERT D. DRAIN
                                                   UNITED STATES BANKRUPTCY JUDGE

**Exhibit B**

**Blackline Against Proposed Order**

**Exhibit B**

**Blackline Against Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.**, *et al.*, | Case No. 19-~~[     ]~~ **23649** (RDD) |
| Debtors. [1] | (~~Joint Administration Pending~~**Jointly Administered**) |

**FINAL ORDER AUTHORIZING (I) DEBTORS TO HONOR PREPETITION OBLIGATIONS TO CUSTOMERS AND RELATED THIRD PARTIES AND TO OTHERWISE CONTINUE CUSTOMER PROGRAMS (II) RELIEF FROM STAY TO PERMIT SETOFF IN CONNECTION WITH THE CUSTOMER PROGRAMS AND (III) FINANCIAL INSTITUTIONS TO HONOR AND PROCESS RELATED CHECKS AND TRANSFERS**

Upon the motion (the "**Motion**")[2] of Purdue Pharma L.P. and its affiliates that are debtors and debtors in possession in these ~~proceedings~~cases (collectively, the "**Debtors**"), pursuant to sections 105(a), 363(b), 507(a) and 541 of title 11 of the United States Code (the "**Bankruptcy Code**"), for entry of an interim order and a final order (this "**Order**") authorizing, but not directing, the Debtors to continue, renew, replace, implement or terminate customer programs and practices (collectively, the "**Customer Programs**") in the ordinary course of business and to pay and otherwise honor prepetition obligations to customers and other third parties relating thereto, all as set forth more fully in the Motion; and the Court having jurisdiction to consider the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to such term in the Motion.

Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided ~~to the Notice Parties~~, and it appearing that no other or further notice of such request need be provided; and the Court having reviewed the Motion and held a hearing to consider the relief requested in the Motion on a final basis (the "**Hearing**"); and upon the Lowne Declaration, filed contemporaneously with the Motion, and the record of the Hearing; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish ~~just~~good and sufficient cause for the relief granted herein~~; and the Court having determined that the relief granted herein~~, in that such relief will provide a material net benefit to the Debtors' estates and creditors after taking into account the Bankruptcy Code's priority scheme and such relief is a proper exercise of business judgment, and is in the best interests of the Debtors, their estates, creditors and all parties in interest; ~~and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor;~~ now, therefore,

      **IT IS HEREBY ORDERED THAT**

    1.    The Motion is granted on a final basis as set forth herein.

    2.    The Debtors, in their sole discretion and in consultation with the Official Committee of Unsecured Creditors (the "**Committee**") and the Ad Hoc Committee under its appearance filed at Docket No. 147 (the "**Ad Hoc Committee**") (to the extent and with as much advance notice as is reasonably practicable), are authorized (a) to fulfill and honor their obligations ~~to customers~~under the Customer Programs as they deem appropriate and (b) to

continue, renew, replace, implement new and/or terminate any Customer Program, in each case, in the ordinary course of business, without further application to the Court, including making all payments, satisfying all obligations and permitting all setoffs in connection therewith, whether relating to the period prior to, on or subsequent to the Petition Date.; *provided, however*, that the Debtors shall provide the professionals retained by the Committee and the Ad Hoc Committee with: (i) monthly reporting on payments made in connection with all Customer Programs (including amounts set off or recouped by the Debtors' counterparties), such amounts to be calculated using information reasonably available to the Debtors; (ii) all material agreements or contracts in respect of any Customer Program to the fullest extent that the Debtors are permitted to do so, and (iii) such other information the Committee or the Ad Hoc Committee may reasonably request.  The Debtors shall take commercially reasonable efforts to obtain consents necessary to provide such agreements or contracts.

       3.      The Debtors, in their sole discretion and in consultation with the Committee and Ad Hoc Committee (in each case to the extent and with as much advance notice as is reasonably practicable), are authorized (a) to continue utilizing third parties in connection with administering and maintaining the Customer Programs as described in the Motion and to pay or caused to be paid such claims as and when such obligations are due and (b) to pay prepetition amounts owing in the ordinary course of business to third parties in connection with administering and maintaining the Customer Programs, including prepetition amounts owing under any Third-Party Services Agreement.

       4.      All Banks are (a) authorized and directed to receive, process, honor and pay any and all checks, drafts, electronic transfers and other forms of payment used by the Debtors on account of the Customer Programs and Third-Party Service Providers, whether presented before,

on or after the Petition Date; *provided* that the Debtors have good funds standing to their credit with the applicable Bank; and (b) prohibited from placing any hold on, or attempting to reverse, any automatic transfer on account of the Customer Programs. The Banks shall rely on the representations of the Debtors as to which checks and fund transfers should be honored and paid pursuant to this Order without any duty of further inquiry and without liability for following the Debtors' instructions.

4. Any party receiving payment from the Debtors is authorized and directed to rely on the representations of the Debtors as to which payments are authorized by this Order.

5. Nothing contained in the Motion or this Order, nor any payment made pursuant to the authority granted by this Order, shall constitute or be construed as (a) an admission as to the validity or priority of any claim against the Debtors, (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for or validity of any claim against the Debtors, (c) a waiver of any claims or causes of action which may exist against any creditor or interest holder, or (d) an approval, assumption, adoption or rejection of any agreement, contract, lease, program or policy between the Debtors and any third party under section 365 of the Bankruptcy Code.

6. Nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

7. Nothing herein shall constitute the Court's express or implied blessing, decision, or guidance that any Customer Program or payments, setoffs, recoupments, and obligations thereunder, or pre-petition or post-petition conduct by the Debtors or any of their counterparties and such counterparties' affiliates related to or in connection with any Customer Program does or

does not give rise to liability, indemnity, claims and causes of actions in favor of any person or non-debtor entity, including governmental units.

8.  ~~7.~~ The contents of the Motion and the notice procedures set forth therein are good and sufficient notice and satisfy the Bankruptcy Rules and the Local Rules, and no other or further notice of the Motion or the entry of this Order shall be required.

~~8. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry hereof.~~

9.  Any Bankruptcy Rule (including, but not limited to, Bankruptcy Rule 6004(h)) or Local Rule that might otherwise delay the effectiveness of this Order is hereby waived, for cause, and the terms and conditions of this Order shall be effective immediately and enforceable upon its entry.

10.  ~~9.~~ The Debtors are authorized to take all action necessary and appropriate to effectuate the relief granted in this Order.

11.  ~~10.~~ The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation or enforcement of this Order.

White Plains, New York
Dated: _____, 2019

                                      THE HONORABLE ROBERT D. DRAIN
                                      UNITED STATES BANKRUPTCY JUDGE