DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut

*Proposed Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (RDD)** |
| Debtors.[1] | **(Jointly Administered)** |

**NOTICE OF FILING OF REVISED PROPOSED ORDER AUTHORIZING (I) THE DEBTORS TO CONTINUE AND RENEW THEIR LIABILITY, PROPERTY, CASUALTY AND OTHER INSURANCE POLICIES AND HONOR ALL OBLIGATIONS IN RESPECT THEREOF AND (II) FINANCIAL INSTITUTIONS TO HONOR AND PROCESS RELATED CHECKS AND TRANSFERS**

**PLEASE TAKE NOTICE** that on September 16, 2019, the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), filed the *Motion of Debtors for Entry of Interim and Final Orders Authorizing (I) the Debtors to Continue and Renew their Liability, Property, Casualty and Other Insurance Policies and Honor All Obligations in Respect Thereof*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

*and (II) Financial Institutions to Honor and Process Related Checks and Transfers* [Docket No. 10] (the "**Motion**").

**PLEASE TAKE FURTHER NOTICE** that the Debtors hereby file a revised proposed *Final Order Authorizing (I) the Debtors to Continue and Renew their Liability, Property, Casualty and Other Insurance Policies and Honor All Obligations in Respect Thereof and (II) Financial Institutions to Honor and Process Related Checks and Transfers* attached hereto as **Exhibit A** (the "**Revised Proposed Order**").

**PLEASE TAKE FURTHER NOTICE** that a comparison between the Revised Proposed Order and order filed with the Motion is attached hereto as **Exhibit B**.

**PLEASE TAKE FURTHER NOTICE** that the Debtors will seek entry of the Revised Proposed Order at the hearing scheduled for **October 10, 2019, at 10:00 a.m. (Prevailing Eastern Time)** before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, at the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601 (the "**Bankruptcy Court**"), or at such other time as the Bankruptcy Court may determine.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion may be obtained free of charge by visiting the website of Prime Clerk LLC at https://restructuring.primeclerk.com/purduepharma. You may also obtain copies of any pleadings by visiting the Bankruptcy Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

Dated: October 8, 2019
       New York, New York

                    DAVIS POLK & WARDWELL LLP

                    By: /s/ *Eli J. Vonnegut*

450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut

*Proposed Counsel to the Debtors
and Debtors in Possession*

3

## Exhibit A

**Revised Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | Case No. 19- 23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

**FINAL ORDER AUTHORIZING (I) THE DEBTORS TO CONTINUE AND RENEW THEIR LIABILITY, PROPERTY, CASUALTY AND OTHER INSURANCE POLICIES AND HONOR ALL OBLIGATIONS IN RESPECT THEREOF AND (II) FINANCIAL INSTITUTIONS TO HONOR AND PROCESS RELATED CHECKS AND TRANSFERS**

Upon the motion (the "**Motion**")[2] of Purdue Pharma L.P. and its affiliates that are debtors and debtors in possession in these cases (collectively, the "**Debtors**") for entry of an interim order and a final order (this "**Order**") authorizing, but not directing, the Debtors to (i) continue and renew their liability, property, casualty and other insurance policies and honor all obligations in respect thereof and (ii) financial institutions to honor and process related checks and transfers, all as set forth more fully in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to such term in the Motion.

1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice of such request need be provided; and the Court having reviewed the Motion and held a hearing to consider the relief requested in the Motion on a final basis (the "**Hearing**"); and upon the Lowne Declaration, filed contemporaneously with the Motion, and the record of the Hearing; and after due deliberation the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish good and sufficient cause for the relief granted herein, in that such relief will provide a material net benefit to the Debtors' estates and creditors after taking into account the Bankruptcy Code's priority scheme and is a proper exercise of business judgment, and is in the best interests of the Debtors, their estates, creditors and all parties in interest; now, therefore,

**IT IS HEREBY ORDERED THAT**

1. The Motion is granted on a final basis as set forth herein.

2. The Debtors are, in their sole discretion and in consultation with the Official Committee of Unsecured Creditors (the "**Committee**") and the Ad Hoc Committee under its appearance filed at Docket No. 147 (the "**Ad Hoc Committee**") (to the extent and with as much advance notice as is reasonably practicable), authorized to continue their Insurance Policies,[3] including the insurance policies listed on **Exhibit C** attached to the Motion, without interruption and in accordance with the same practices and procedures as were in effect prior to the Petition Date.

3. The Debtors are authorized to pay all obligations, if any, that may be owed or may become owing in connection with the Insurance Policies (including, but not limited to,

---

[3] For the avoidance of doubt, the term Insurance Policies shall include all insurance policies issued or providing coverage at any time to any of the Debtors or their predecessors, whether expired, current or prospective, and any agreements related thereto, whether or not listed on Exhibit C to the Motion.

2

Broker's Fees, Insurance Deductibles, Insurance Premiums (including audit premiums), funded deductibles, expenses, assessments, surcharges and any other charges related to the Insurance Policies), whether due and payable before, on or after the Petition Date to the extent any such obligations are owed or owing.

4.   The Debtors are, in their sole discretion and in consultation with the Committee and the Ad Hoc Committee (in each case to the extent and with as much advance notice as is reasonably practicable), authorized to renew or obtain new Insurance Policies, post collateral in respect of their Insurance Policies, or execute other agreements in connection with their Insurance Policies, including, without limitation, upon the expiration or termination of any Insurance Policy.

5.   In connection with and conditioned upon the effectiveness of a one-year extension of the Debtors' current products/completed operations liability insurance policy (policy number MWZZ 314344) (including any related agreements, the "**ORIC Product Liability Policy**") issued by Old Republic Insurance Company ("**ORIC**") on terms agreed between the Debtors and ORIC, (i) the Debtors assume all of their obligations to ORIC under the ORIC Product Liability Policy, (ii) the automatic stay, if and to the extent applicable, shall not prohibit ORIC from canceling the ORIC Product Liability Policy or any other insurance policy of the Debtors issued by ORIC from time to time (any such policy, including any related agreements, together with the ORIC Product Liability Policy, the "**ORIC Policies**") in accordance with the terms thereof and applicable law, (iii) all collateral held by ORIC posted by the Debtors, whether posted before or after the Petition Date, secures all obligations of the Debtors to ORIC no matter when they arise, (iv) the reimbursement obligations and any other obligations that arise post-petition, or are treated as post-petition, under any ORIC Policy (regardless of whether all or any part of such

3

obligations are liquidated, due or paid before or after confirmation of a chapter 11 plan or conversion of one or more of the Debtors' chapter 11 cases to chapter 7) shall be administrative obligations entitled to priority under section 503(b) of the Bankruptcy Code and are actual and necessary expenses of the estates to be paid in the ordinary course of business, and (v) the Debtors' rights against all collateral held by ORIC, in whatever form, shall be governed by the terms of the ORIC Policies, and the Debtors shall not take any action against ORIC in its bankruptcy cases that is inconsistent with the terms of any of the ORIC Policies, including, without limitation, actions for turnover or estimation.

6. The Debtors are, in their sole discretion and in consultation with the Committee and the Ad Hoc Committee (in each case to the extent and with as much advance notice as is reasonably practicable), authorized to create, capitalize and obtain insurance from the Product and General Liability Captive as set forth in the Motion.

7. Nothing herein alters or amends the terms and conditions of any of the Insurance Policies or relieves the Debtors of any of their obligations under the Insurance Policies.

8. All applicable banks and other financial institutions are hereby authorized to receive, process, honor and pay any and all checks, drafts, wires, check transfer requests or automated clearinghouse transfers evidencing amounts paid by the Debtors under this Order whether presented prior to, on or after the Petition Date to the extent the Debtors have good funds standing to their credit with banks or other financial institutions.  Such banks and financial institutions are authorized to rely on the representations of the Debtors as to which checks are issued or authorized to be paid pursuant to this Order without any duty of further inquiry and without liability for following the Debtors' instructions.

4

9. Except as provided in paragraph 5 of this Order, nothing in this Order or any action taken by the Debtors in furtherance of the implementation hereof shall be deemed to constitute an assumption or rejection of any executory contract or unexpired lease pursuant to Bankruptcy Code section 365, and all of the Debtors' rights with respect to such matters are expressly reserved. To the extent any Insurance Policy or related agreement is deemed an executory contract within the meaning of Bankruptcy Code section 365, neither this Order nor any payments made in accordance with this Order shall constitute the postpetition assumption or reaffirmation of those Insurance Policies or related agreements under Bankruptcy Code section 365.

10. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall (a) create, nor is it intended to create, any rights in favor of, or enhance the status of any claim held by any person or entity or (b) be deemed to convert the priority of any claim from a prepetition claim into an administrative expense claim.

11. Nothing in this Order shall be construed as prejudicing the rights of the Debtors to dispute or contest the amount of or basis for any claims against the Debtors in connection with or relating to the Debtors' Insurance Policies.

12. Nothing in this Order nor the Debtors' payment of claims pursuant to this Order shall be construed as (a) an agreement or admission by the Debtors as to the validity or priority of any claim on any grounds, (b) a waiver or impairment of any of the Debtors' rights to dispute any claims on any grounds, (c) a promise by the Debtors to pay any claim, or (d) an implication or admission by the Debtors that such claim is payable pursuant to this Order.

13. Any Bankruptcy Rule (including, but not limited to, Bankruptcy Rule 6004(h)) or Local Rule that might otherwise delay the effectiveness of this Order is hereby waived, for

5

cause, and the terms and conditions of this Order shall be effective immediately and enforceable upon its entry.

14. The contents of the Motion and the notice procedures set forth therein are good and sufficient notice and satisfy the Bankruptcy Rules and the Local Bankruptcy Rules for the Southern District of New York, and no other or further notice of the Motion or the entry of this Order shall be required.

15. The Debtors are authorized to take all such actions as are necessary or appropriate to implement the terms of this Order.

16. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and enforcement of this Order.

White Plains, New York
Dated: _____, 2019

                                  THE HONORABLE ROBERT D. DRAIN
                                  UNITED STATES BANKRUPTCY JUDGE

## Exhibit B

**Blackline Against Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>**PURDUE PHARMA L.P.**, *et al.*,<br><br>Debtors.¹ | Chapter 11<br><br>Case No. 19-~~[    ]~~ 23649 (RDD)<br><br>(~~Joint Administration Pending~~Jointly Administered) |

**FINAL ORDER AUTHORIZING (I) THE DEBTORS TO CONTINUE AND RENEW THEIR LIABILITY, PROPERTY, CASUALTY AND OTHER INSURANCE POLICIES AND HONOR ALL OBLIGATIONS IN RESPECT THEREOF AND (II) FINANCIAL INSTITUTIONS TO HONOR AND PROCESS RELATED CHECKS AND TRANSFERS**

Upon the motion (the "**Motion**")² of Purdue Pharma L.P. and its affiliates that are debtors and debtors in possession in these ~~proceedings~~cases (collectively, the "**Debtors**") for entry of an interim order and a final order (this "**Order**") authorizing, but not directing, the Debtors to (i) continue and renew their liability, property, casualty and other insurance policies and honor all obligations in respect thereof and (ii) financial institutions to honor and process related checks and transfers, all as set forth more fully in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding

---

¹ The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

² Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to such term in the Motion.

under 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided ~~to the Notice Parties~~, and it appearing that no other or further notice of such request need be provided; and the Court having reviewed the Motion and held a hearing to consider the relief requested in the Motion on a final basis (the "**Hearing**"); and upon the Lowne Declaration, filed contemporaneously with the Motion, and the record of the Hearing; and after due deliberation the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish ~~just~~good and sufficient cause for the relief granted herein~~; and the Court having determined that the relief granted herein~~, in that such relief will provide a material net benefit to the Debtors' estates and creditors after taking into account the Bankruptcy Code's priority scheme and is a proper exercise of business judgment, and is in the best interests of the Debtors, their estates, creditors and all parties in interest; ~~and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor;~~now, therefore,

        **IT IS HEREBY ORDERED THAT**

        1.     The Motion is granted on a final basis as set forth herein.

        2.     The Debtors are, in their sole discretion and in consultation with the Official Committee of Unsecured Creditors (the "**Committee**") and the Ad Hoc Committee under its appearance filed at Docket No. 147 (the "**Ad Hoc Committee**") (to the extent and with as much advance notice as is reasonably practicable), authorized to continue their Insurance Policies,[3] including the ~~Insurance Policies~~insurance policies listed on **Exhibit C** attached to the Motion,

---

[3] For the avoidance of doubt, the term Insurance Policies shall include all insurance policies issued or providing coverage at any time to any of the Debtors or their predecessors, whether expired, current or prospective, and any agreements related thereto, whether or not listed on Exhibit C to the Motion.

without interruption and in accordance with the same practices and procedures as were in effect prior to the Petition Date.

3. The Debtors are authorized to pay ~~prepetition~~all obligations, if any, that may be owed or may become owing in connection with the Insurance Policies (including, but not limited to, Broker's Fees ~~and~~, Insurance Deductibles, Insurance Premiums (including audit premiums), funded deductibles, expenses, assessments, surcharges and any other charges related to the Insurance Policies), whether due and payable before, on or after the Petition Date to the extent any such obligations are owed or owing.

4. The Debtors are, in their sole discretion and in consultation with the Committee and the Ad Hoc Committee (in each case to the extent and with as much advance notice as is reasonably practicable), authorized to renew or obtain new ~~insurance policies~~Insurance Policies, post collateral in respect of their Insurance Policies, or execute other agreements in connection with their Insurance Policies, including, without limitation, upon the expiration or termination of any Insurance Policy.

5. In connection with and conditioned upon the effectiveness of a one-year extension of the Debtors' current products/completed operations liability insurance policy (policy number MWZZ 314344) (including any related agreements, the "**ORIC Product Liability Policy**") issued by Old Republic Insurance Company ("**ORIC**") on terms agreed between the Debtors and ORIC, (i) the Debtors assume all of their obligations to ORIC under the ORIC Product Liability Policy, (ii) the automatic stay, if and to the extent applicable, shall not prohibit ORIC from canceling the ORIC Product Liability Policy or any other insurance policy of the Debtors issued by ORIC from time to time (any such policy, including any related agreements, together with the ORIC Product Liability Policy, the "**ORIC Policies**") in accordance with the terms thereof and

3

applicable law, (iii) all collateral held by ORIC posted by the Debtors, whether posted before or after the Petition Date, secures all obligations of the Debtors to ORIC no matter when they arise, (iv) the reimbursement obligations and any other obligations that arise post-petition, or are treated as post-petition, under any ORIC Policy (regardless of whether all or any part of such obligations are liquidated, due or paid before or after confirmation of a chapter 11 plan or conversion of one or more of the Debtors' chapter 11 cases to chapter 7) shall be administrative obligations entitled to priority under section 503(b) of the Bankruptcy Code and are actual and necessary expenses of the estates to be paid in the ordinary course of business, and (v) the Debtors' rights against all collateral held by ORIC, in whatever form, shall be governed by the terms of the ORIC Policies, and the Debtors shall not take any action against ORIC in its bankruptcy cases that is inconsistent with the terms of any of the ORIC Policies, including, without limitation, actions for turnover or estimation.

6. ~~5.~~ The Debtors are, in their sole discretion and in consultation with the Committee and the Ad Hoc Committee (in each case to the extent and with as much advance notice as is reasonably practicable), authorized to create, capitalize and obtain insurance from the Product and General Liability Captive as set forth in the Motion.

7. Nothing herein alters or amends the terms and conditions of any of the Insurance Policies or relieves the Debtors of any of their obligations under the Insurance Policies.

8. ~~6.~~ All applicable banks and other financial institutions are hereby authorized to receive, process, honor and pay any and all checks, drafts, wires, check transfer requests or automated clearinghouse transfers evidencing amounts paid by the Debtors under this Order whether presented prior to, on or after the Petition Date to the extent the Debtors have good funds standing to their credit with banks or other financial institutions. Such banks and financial

4

institutions are authorized to rely on the representations of the Debtors as to which checks are issued or authorized to be paid pursuant to this Order without any duty of further inquiry and without liability for following the Debtors' instructions.

9.    ~~7. Nothing~~Except as provided in paragraph 5 of this Order, nothing in this Order or any action taken by the Debtors in furtherance of the implementation hereof shall be deemed to constitute an assumption or rejection of any executory contract or unexpired lease pursuant to Bankruptcy Code section 365, and all of the Debtors' rights with respect to such matters are expressly reserved. To the extent any Insurance Policy or related agreement is deemed an executory contract within the meaning of Bankruptcy Code section 365, neither this Order nor any payments made in accordance with this Order shall constitute the ~~post-petition~~postpetition assumption or reaffirmation of those Insurance Policies or related agreements under Bankruptcy Code section 365.

10.    ~~8.~~ Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall (a) create, nor is it intended to create, any rights in favor of, or enhance the status of any claim held by any person or entity or (b) be deemed to convert the priority of any claim from a prepetition claim into an administrative expense claim.

11.    ~~9.~~ Nothing in this Order shall be construed as prejudicing the rights of the Debtors to dispute or contest the amount of or basis for any claims against the Debtors in connection with or relating to the Debtors' Insurance Policies.

12.    ~~10.~~ Nothing in this Order nor the Debtors' payment of claims pursuant to this Order shall be construed as (a) an agreement or admission by the Debtors as to the validity or priority of any claim on any grounds, (b) a waiver or impairment of any of the Debtors' rights to

5

dispute any claims on any grounds, (c) a promise by the Debtors to pay any claim, or (d) an implication or admission by the Debtors that such claim is payable pursuant to this Order.

13. ~~11.~~ Any Bankruptcy Rule (including, but not limited to, Bankruptcy Rule 6004(h)) or Local Rule that might otherwise delay the effectiveness of this Order is hereby waived, for cause, and the terms and conditions of this Order shall be effective immediately and enforceable upon its entry.

14. ~~12.~~ The contents of the Motion and the notice procedures set forth therein are good and sufficient notice and satisfy the Bankruptcy Rules and the Local Bankruptcy Rules for the Southern District of New York, and no other or further notice of the Motion or the entry of this Order shall be required.

15. ~~13.~~ The Debtors are authorized to take all such actions as are necessary or appropriate to implement the terms of this Order.

16. ~~14.~~ The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and enforcement of this Order.

White Plains, New York
Dated: _____, 2019

                                                        _____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE