DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut

*Proposed Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (RDD)** |
| **Debtors.**[1] | **(Jointly Administered)** |

## NOTICE OF FILING OF REVISED PROPOSED FINAL ORDER AUTHORIZING DEBTORS TO CONTINUE AND RENEW SURETY BOND PROGRAM

**PLEASE TAKE NOTICE** that on September 16, 2019, the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), filed the *Motion of Debtors for Entry of Interim and Final Orders Authorizing the Debtors to Continue and Renew Surety Bond Program* [Docket No. 12] (the "**Motion**").

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

**PLEASE TAKE FURTHER NOTICE** that the Debtors hereby file a revised proposed *Final Order Authorizing Debtors to Continue and Renew Surety Bond Program* attached hereto as **<u>Exhibit A</u>** (the "**Revised Proposed Order**").

**PLEASE TAKE FURTHER NOTICE** that a comparison between the Revised Proposed Order and order filed with the Motion is attached hereto as **<u>Exhibit B</u>**.

**PLEASE TAKE FURTHER NOTICE** that the Debtors will seek entry of the Revised Proposed Order at the hearing scheduled for **October 10, 2019, at 10:00 a.m. (Prevailing Eastern Time)** before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, at the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601 (the "**Bankruptcy Court**"), or at such other time as the Bankruptcy Court may determine.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion may be obtained free of charge by visiting the website of Prime Clerk LLC at https://restructuring.primeclerk.com/purduepharma. You may also obtain copies of any pleadings by visiting the Bankruptcy Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

Dated:    October 8, 2019
          New York, New York

                                DAVIS POLK & WARDWELL LLP

                                By:    /s/ *Eli J. Vonnegut*                    

                                450 Lexington Avenue
                                New York, New York 10017
                                Telephone: (212) 450-4000
                                Facsimile:  (212) 701-5800
                                Marshall S. Huebner
                                Benjamin S. Kaminetzky
                                Timothy Graulich
                                Eli J. Vonnegut

                                *Proposed Counsel to the Debtors*
                                *and Debtors in Possession*

## Exhibit A

**Revised Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.**, *et al.*, | Case No. 19- 23649 (RDD) |
| Debtors. [1] | (Jointly Administered) |

### FINAL ORDER AUTHORIZING DEBTORS TO
### CONTINUE AND RENEW SURETY BOND PROGRAM

Upon the motion (the "**Motion**")[2] of Purdue Pharma L.P. and its affiliates that are debtors

and debtors in possession in these cases (collectively, the "**Debtors**") for entry of an interim

order and a final order (this "**Order**") authorizing, but not directing, the Debtors to maintain,

continue and renew, in their sole discretion, their Surety Bond Program on an uninterrupted basis

and in accordance with the same practices and procedures as were in effect before the Petition

Date pursuant to sections 363 and 364 of the Bankruptcy Code, as more fully described in the

Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein

pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference

M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief

requested therein being a core proceeding under 28 U.S.C. § 157(b); and venue being proper

before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014).  The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to such term in the Motion.

Motion having been provided, and it appearing that no other or further notice of such request need be provided; and the Court having reviewed the Motion and held a hearing to consider the relief requested in the Motion on a final basis (the "**Hearing**"); and upon the Lowne Declaration filed contemporaneously with the Motion, and the record of the Hearing; and after due deliberation the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish good and sufficient cause for the relief granted herein, in that such relief will provide a material net benefit to the Debtors' estates and creditors after taking into account the Bankruptcy Code's priority scheme and that such relief is a proper exercise of business judgment, and is in the best interests of the Debtors, their estates, creditors and all parties in interest; now, therefore,

#### IT IS HEREBY ORDERED THAT

1.      The Motion is granted on a final basis as set forth herein.

2.      The Debtors' are, in their sole discretion, authorized and empowered, but not directed, to maintain their Surety Bond Program on an uninterrupted basis, and in accordance with the same practices and procedures as were in effect prior to the Petition Date.

3.      The Debtors are hereby authorized, but not directed, to honor each of the Indemnity Agreements.

4.      The Debtors are, in their sole discretion and in consultation with the Official Committee of Unsecured Creditors (the "**Committee**") and the Ad Hoc Committee under its appearance filed at Docket No. 147 (the "**Ad Hoc Committee**") (with five business days' advance notice or such advance notice as is reasonably practicable), authorized, but not directed, to pay all amounts arising under the Surety Bond Program, due and payable after the Petition Date.

5.      The Debtors are, in their sole discretion and in consultation with the Committee and the Ad Hoc Committee (to the extent and with as much advance notice as is reasonably practicable), authorized, but not directed, to renew existing surety bonds, increase or decrease the size of any such surety bonds and obtain new surety bonds (including providing any collateral and/or security in connection therewith), and execute any other agreements in connection with the Surety Bond Program and all related instruments, documents and papers, and to take all actions reasonably appropriate with respect thereto, in each case in accordance with the applicable documents governing the Debtors' Surety Bond Program.

6.      The failure to specifically describe or include any particular feature of the Surety Bond Program in this Order shall not diminish or impair the effectiveness of such feature, it being the intent of this Court that the Surety Bond Program be approved in its entirety.

7.      Nothing in this Order or the Motion shall be construed as prejudicing the rights of the Debtors to dispute or contest the amount of or basis for any claims against the Debtors in connection with or relating to the Surety Bond Program.

8.      To the extent any surety bond or related agreement is deemed an executory contract within the meaning of section 365 of the Bankruptcy Code, neither this Order nor any payments made in accordance with this Order shall constitute the assumption or post-petition reaffirmation of those surety bonds or related agreements under section 365 of the Bankruptcy Code.

9.      The contents of the Motion and the notice procedures set forth therein are good and sufficient notice and satisfy the Bankruptcy Rules and the Local Rules, and no other or further notice of the Motion or the entry of this Order shall be required.

10.     Any Bankruptcy Rule (including, but not limited to, Bankruptcy Rule 6004(h)) or Local Rule that might otherwise delay the effectiveness of this Order is hereby waived, for cause, and the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11.     The Debtors are authorized to take all such actions as are necessary or appropriate to implement the relief granted in this Order.

12.     The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and enforcement of this Order.

White Plains, New York
Dated: _____, 2019

_____
THE  HONORABLE  ROBERT  D.  DRAIN
UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit B</u>**

**Blackline Against Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.**, *et al.*, | **Case No. 19-[    ] 23649 (RDD)** |
| **Debtors.** [1] | **(Joint Administration Pending Jointly Administered)** |

### FINAL ORDER AUTHORIZING DEBTORS TO
### CONTINUE AND RENEW SURETY BOND PROGRAM

Upon the motion (the "**Motion**")[2] of Purdue Pharma L.P. and its affiliates that are debtors and debtors in possession in these ~~proceedings~~cases (collectively, the "**Debtors**") for entry of an interim order and a final order (this "**Order**") authorizing, but not directing, the Debtors to maintain, continue and renew, in their sole discretion, their Surety Bond Program on an uninterrupted basis and in accordance with the same practices and procedures as were in effect before the Petition Date pursuant to sections 363 and 364 of the Bankruptcy Code, as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014).  The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to such term in the Motion.

venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided ~~to the Notice Parties~~, and it appearing that no other or further notice <u>of such request</u> need be provided; and the Court having reviewed the Motion and held a hearing to consider the relief requested in the Motion on a final basis (the "**Hearing**"); and upon the Lowne Declaration filed contemporaneously with the Motion, and the record of the Hearing; and <u>after due deliberation</u> the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish ~~just~~<u>good and sufficient</u> cause for the relief granted herein~~; and the Court having determined that the relief granted herein~~<u>, in that such relief will provide a material net benefit to the Debtors' estates and creditors after taking into account the Bankruptcy Code's priority scheme and that such relief is a proper exercise of business judgment, and</u> is in the best interests of the Debtors, their estates, creditors and all parties in interest; ~~and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor;~~<u>now, therefore,</u>

**IT IS HEREBY ORDERED THAT**

1.      The Motion is granted on a final basis as set forth herein.

2.      The Debtors' are, in their sole discretion, authorized and empowered, but not directed, to maintain their Surety Bond Program on an uninterrupted basis, and in accordance with the same practices and procedures as were in effect prior to the Petition Date.

3.      The Debtors are hereby authorized, but not directed, to honor each of the Indemnity Agreements.

4.      The Debtors are, in their sole discretion <u>and in consultation with the Official Committee of Unsecured Creditors (the "**Committee**") and the Ad Hoc Committee under its appearance filed at Docket No. 147 (the "**Ad Hoc Committee**") (with five business days'</u>

2

advance notice or such advance notice as is reasonably practicable), authorized, but not directed, to pay all amounts arising under the Surety Bond Program, due and payable after the Petition Date; *provided* that, prior to entry of an order granting the relief requested in the Motion on a final basis, the Debtors will not pay any prepetition amounts arising under the Surety Bond Program before the applicable due date.

5.     The Debtors are, in their sole discretion, and in consultation with the Committee and the Ad Hoc Committee (to the extent and with as much advance notice as is reasonably practicable), authorized, but not directed, to renew existing surety bonds, increase or decrease the size of any such surety bonds and obtain new surety bonds (including providing any collateral and/or security in connection therewith), and execute any other agreements in connection with the Surety Bond Program and all related instruments, documents and papers, and to take all actions reasonably appropriate with respect thereto, in each case in accordance with the applicable documents governing the Debtors' Surety Bond Program.

6.     The failure to specifically describe or include any particular feature of the Surety Bond Program in this Order shall not diminish or impair the effectiveness of such feature, it being the intent of this Court that the Surety Bond Program be approved in its entirety.

7.     Nothing in this Order or the Motion shall be construed as prejudicing the rights of the Debtors to dispute or contest the amount of or basis for any claims against the Debtors in connection with or relating to the Surety Bond Program.

8.     To the extent any surety bond or related agreement is deemed an executory contract within the meaning of section 365 of the Bankruptcy Code, neither this Order nor any payments made in accordance with this Order shall constitute the assumption or post-petition

reaffirmation of those surety bonds or related agreements under section 365 of the Bankruptcy

Code.

9.      The contents of the Motion and the notice procedures set forth therein are good

and sufficient notice and satisfy the Bankruptcy Rules and the Local Rules, and no other or

further notice of the Motion or the entry of this Order shall be required.

10.     Any Bankruptcy Rule (including, but not limited to, Bankruptcy Rule 6004(h)) or

Local Rule that might otherwise delay the effectiveness of this Order is hereby waived, for cause,

and the terms and conditions of this Order shall be immediately effective and enforceable upon

its entry.

11.     The Debtors are authorized to take all such actions as are necessary or appropriate

to implement the relief granted in this Order.

12.     The Court shall retain jurisdiction to hear and determine all matters arising from

or related to the implementation, interpretation and enforcement of this Order.


White Plains, New York
Dated:  _____, 2019

                                              _____
                                              THE  HONORABLE  ROBERT  D.  DRAIN
                                              UNITED STATES BANKRUPTCY JUDGE