DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut

*Proposed Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.,** *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

**NOTICE OF FILING OF REVISED PROPOSED ORDER AUTHORIZING
(I) DEBTORS TO (A) PAY PREPETITION WAGES, SALARIES, EMPLOYEE
BENEFITS AND OTHER COMPENSATION AND (B) MAINTAIN EMPLOYEE
BENEFITS PROGRAMS AND PAY RELATED ADMINISTRATIVE OBLIGATIONS,
(II) EMPLOYEES AND RETIREES TO PROCEED WITH OUTSTANDING
WORKERS' COMPENSATION CLAIMS AND (III) FINANCIAL INSTITUTIONS TO
HONOR AND PROCESS RELATED CHECKS AND TRANSFERS**

**PLEASE TAKE NOTICE** that on September 16, 2019, the above-captioned debtors and

debtors in possession (collectively, the "**Debtors**"), filed the *Motion of Debtors for Entry of an*

*Order Authorizing (I) Debtors to (A) Pay Prepetition Wages, Salaries, Employee Benefits and*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

*Other Compensation and (B) Maintain Employee Benefits Programs and Pay Related Administrative Obligations, (II) Employees and Retirees to Proceed with Outstanding Workers' Compensation Claims and (III) Financial Institutions to Honor and Process Related Checks and Transfers* [Docket No. 6] (the "**Motion**").

**PLEASE TAKE FURTHER NOTICE** that the Debtors hereby file a revised proposed *Final Order Authorizing (I) Debtors to (A) Pay Prepetition Wages, Salaries, Employee Benefits and Other Compensation and (B) Maintain Employee Benefits Programs and Pay Related Administrative Obligations, (II) Employees and Retirees to Proceed with Outstanding Workers' Compensation Claims and (III) Financial Institutions to Honor and Process Related Checks and Transfers* attached hereto as **Exhibit A** (the "**Revised Proposed Order**").

**PLEASE TAKE FURTHER NOTICE** that a comparison between the Revised Proposed Order and order filed with the Motion is attached hereto as **Exhibit B**.

**PLEASE TAKE FURTHER NOTICE** that the Debtors will seek entry of the Revised Proposed Order at the hearing scheduled for **October 10, 2019, at 10:00 a.m. (Prevailing Eastern Time)** before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, at the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601 (the "**Bankruptcy Court**"), or at such other time as the Bankruptcy Court may determine.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion may be obtained free of charge by visiting the website of Prime Clerk LLC at https://restructuring.primeclerk.com/purduepharma.  You may also obtain copies of any pleadings by visiting the Bankruptcy Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

Dated: October 8, 2019
       New York, New York

                      DAVIS POLK & WARDWELL LLP

                      By:  /s/ *Eli J. Vonnegut*

                      450 Lexington Avenue
                      New York, New York 10017
                      Telephone: (212) 450-4000
                      Facsimile:  (212) 701-5800
                      Marshall S. Huebner
                      Benjamin S. Kaminetzky
                      Timothy Graulich
                      Eli J. Vonnegut

                      *Proposed Counsel to the Debtors*
                      *and Debtors in Possession*

## Exhibit A

**Revised Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.,** *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

**FINAL ORDER AUTHORIZING (I) DEBTORS TO (A) PAY PREPETITION WAGES, SALARIES, EMPLOYEE BENEFITS AND OTHER COMPENSATION AND (B) MAINTAIN EMPLOYEE BENEFITS PROGRAMS AND PAY RELATED ADMINISTRATIVE OBLIGATIONS, (II) EMPLOYEES AND RETIREES TO PROCEED WITH OUTSTANDING WORKERS' COMPENSATION CLAIMS AND (III) FINANCIAL INSTITUTIONS TO HONOR AND PROCESS <u>RELATED CHECKS AND TRANSFERS</u>**

Upon the motion (the "**Motion**")[2] of Purdue Pharma L.P. and its affiliates that are debtors and debtors in possession in these cases (collectively, the "**Debtors**"), pursuant to sections 105(a), 362(d) and 363(b) of the Bankruptcy Code, for entry of an interim order and a final order (this "**Order**") authorizing (i) the Debtors to (a) pay certain prepetition wages, salaries, and other compensation owing to Employees and Retirees and, (b) maintain the Employee Programs and pay related administrative obligations, (c) permit Employees and Retirees with claims under the Workers' Compensation Programs to proceed with such claims and insurers to continue using collateral and security under the Workers' Compensation Programs, and (d) authorize applicable

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to such term in the Motion.

banks and other financial institutions to receive, process, honor and process related checks and transfers; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion and held an evidentiary hearing to consider the relief requested in the Motion on a final basis (the "**Hearing**"); and upon the Lowne Declaration filed contemporaneously with the Motion, and the record of the Hearing; and after due deliberation and for the reasons stated by the Court at the Hearing the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish good and sufficient cause for the relief granted herein, in that such relief provides a material net benefit to the Debtors' estates and creditors after taking into account the Bankruptcy Code's priority scheme, such relief is a proper exercise of business judgment and in the best interests of the Debtors, their estates, creditors and all parties in interest; now, therefore,

**IT IS HEREBY ORDERED THAT**

1. The Motion is granted on a final basis as set forth herein.

2. The Debtors are authorized, but not required, to pay, in their sole discretion, all amounts required under or related to the Pre-petition Employee Obligations (other than any payments that would contravene section 503(c) of the Bankruptcy Code, including with respect to insiders).

3. The Debtors are authorized, but not required, in their sole discretion, to continue to pay and honor their obligations arising under or related to their plans, practices, programs and policies for their Employees, former employees and Retirees as set forth in the Motion, including, without limitation, those giving rise to the Pre-petition Employee Obligations (collectively, the "**Employee Programs**"), as those Employee Programs were in effect as of the Petition Date and as such Employee Programs may be modified, terminated, amended or supplemented from time to time in the ordinary course of the Debtors' businesses (other than any payments that would contravene section 503(c) of the Bankruptcy Code, including with respect to insiders).

4. The Debtors are authorized, but not required, in their sole discretion, to (a) continue utilizing third parties for certain services as described in the Motion and to pay or cause to be paid such claims as and when such obligations are due and (b) pay prepetition amounts owing in the ordinary course of business to third parties in connection with administering and maintaining the Employee Programs.

5. The Debtors are authorized, but not directed, in their sole discretion, to advance and pay the legal costs of Indemnitees on the terms set forth in the Motion. Nothing in this Order authorizes the Debtors to advance and pay the legal costs of any member of the Sackler family, directly or indirectly.

6. The Debtors are authorized, in their sole discretion, to continue to administer the Supplemental Savings Plan; *provided* that any postpetition amounts contributed to the Supplemental Savings Plan shall be deemed administrative expenses pursuant to section 503 of the Bankruptcy Code; *provided further* that nothing in this Order authorizes the Debtors to make any payments on account of prepetition contributions to the Supplemental Savings Plan.

7.      The automatic stay is modified solely to the extent necessary to allow Employees and Retirees to proceed with claims under the Workers' Compensation Programs in the appropriate judicial or administrative fora and to permit insurers under the Workers' Compensation Programs to continue to access collateral and security provided by the Debtors pursuant to the Workers' Compensation Programs and the notice requirements under Bankruptcy Rule 4001(d) with respect to the above are waived.

8.      The Debtors' Banks are hereby authorized to receive, process, honor and pay any and all checks, drafts, wires, check transfer requests or automated clearing house transfers evidencing amounts paid by the Debtors under this Order whether presented prior to or after the Petition Date to the extent the Debtors have good funds standing to their credit with such bank or other financial institution. The Banks are authorized to rely on the representations of the Debtors as to which checks are issued or authorized to be paid pursuant to this Order without any duty of further inquiry and without liability for following the Debtors' instructions.

9.      The Debtors are authorized, but not directed, to continue the Debtors' corporate employee credit card and company purchasing card programs (collectively, the "**Card Programs**") with American Express Travel Related Services Company, Inc. ("**TRS**") in the ordinary course of business and consistent with prepetition practices, including by using the credit cards issued thereunder and timely paying any prepetition and postpetition obligations outstanding with respect thereto. The Debtors are further authorized, but not directed, to continue operating the collateral account with American Express National Bank ("**AENB**") ending in 5041, which serves as a collateral account for obligations under the Card Programs (the "**Collateral Account**"), in the ordinary course of business. The terms and conditions of the Card Programs and the pledge agreement with respect to the Collateral Account shall remain in effect,

4

TRS shall continue to have a perfected, first priority security interest in the Collateral Account to secure all prepetition obligations with respect to the Card Programs, and TRS shall also have a perfected, first priority security interest in the Collateral Account to secure all obligations with respect to the Card Programs arising postpetition, without any additional documentation executed between the Debtors and TRS or AENB; *provided* that TRS shall not be obligated to continue the Card Programs unless by November 20, 2019 the Court has entered an amended version of this Order or a separate order of the Court approving the relief requested in the Motion and the Debtors shall be deemed in such order to have waived any Chapter 5 or similar state law avoidance actions against TRS or AENB relating to the Card Programs or any transfers in connection therewith pursuant to such order.  The Debtors shall not be required to file a separate motion seeking such relief.

10. Nothing in the Motion or this Order, nor any payments made pursuant to this Order, shall be deemed to be or constitute an admission as to the validity or priority of any claim against the Debtors, or constitute an assumption or post-petition reaffirmation of any agreement, plan, practice, program, policy, executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code or a waiver of any rights of the Debtors.

11. Nothing in the Motion or this Order shall impair the ability of the Debtors to contest the validity or amount of any payment made pursuant to this Order.

12. Nothing in the Motion or this Order shall be construed as impairing the Debtors' right to contest the validity or amount of any Pre-petition Employee Obligation, including payroll taxes that may be due to any taxing authority.

13. Any Bankruptcy Rule (including, but not limited to, Bankruptcy Rule 6004(h)) or Local Rule that might otherwise delay the effectiveness of this Order is hereby waived, for

cause, and the terms and conditions of this Order shall be effective immediately and enforceable upon its entry.

14. The contents of the Motion and the notice procedures set forth therein are good and sufficient notice and satisfy the Bankruptcy Rules and the Local Bankruptcy Rules for the Southern District of New York, and no other or further notice of the Motion or the entry of this Order shall be required.

15. The Debtors are authorized to take all such actions as are necessary or appropriate to implement the relief granted in this Order.

16. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and enforcement of this Order.

17. Notwithstanding anything to the contrary in this Order, prior to the approval thereof on a final basis in an amended version of this Order or by separate order of the Court, (a) the Debtors shall not (i) make any Sign-On Bonus payments either before such Sign-On Bonus payments are due or in an amount in excess of $100,000 in the aggregate, (ii) pay any amounts on account of the Purdue AIP, the Rhodes AIP, the Purdue LTRP, or the Rhodes LTRP, or (iii) pay any amounts on account of Severance Obligations to former employees and (b) the Non-Executive Retention Plan and the Advancement of Expenses shall continue to be approved only on an interim basis.

White Plains, New York
Dated: _____, 2019

                                              THE HONORABLE ROBERT D. DRAIN
                                              UNITED STATES BANKRUPTCY JUDGE

**Exhibit B**

**Blackline Against Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>**PURDUE PHARMA L.P.**, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 19-[    ]23649 (RDD)<br><br>(~~Joint Administration Pending~~Jointly Administered) |

**FINAL ORDER AUTHORIZING (I) DEBTORS TO (A) PAY ~~PRE-PETITION~~PREPETITION WAGES, SALARIES, EMPLOYEE BENEFITS AND OTHER COMPENSATION AND (B) MAINTAIN EMPLOYEE BENEFITS PROGRAMS AND PAY RELATED ADMINISTRATIVE OBLIGATIONS, (II) EMPLOYEES AND RETIREES TO PROCEED WITH OUTSTANDING WORKERS' COMPENSATION CLAIMS AND (III) FINANCIAL INSTITUTIONS TO HONOR AND PROCESS RELATED CHECKS AND TRANSFERS**

Upon the motion (the "**Motion**")[2] of Purdue Pharma L.P. and its affiliates that are debtors and debtors in possession in these ~~proceedings~~cases (collectively, the "**Debtors**"), pursuant to sections 105(a), 362(d) and 363(b) of the Bankruptcy Code, for entry of an interim order and a final order (this "**Order**") authorizing~~, but not directing~~ (i) the Debtors to (a) pay certain ~~pre-petition~~prepetition wages, salaries, and other compensation owing to Employees and Retirees and, (b) maintain the Employee Programs and pay related administrative obligations, (c) permit Employees and Retirees with claims under the Workers' Compensation Programs to proceed

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014).  The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to such term in the Motion.

with such claims and insurers to continue using collateral and security under the Workers' Compensation Programs, and (d) authorize applicable banks and other financial institutions to receive, process, honor and process related checks and transfers; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided ~~to the Notice Parties~~, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion and held ~~a~~an evidentiary hearing to consider the relief requested in the Motion on a final basis (the "**Hearing**"); and upon the Lowne Declaration filed contemporaneously with the Motion, and the record of the Hearing; and after due deliberation and for the reasons stated by the Court at the Hearing the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish ~~just~~good and sufficient cause for the relief granted herein~~; and the Court having determined that the relief granted herein is~~, in that such relief provides a material net benefit to the Debtors' estates and creditors after taking into account the Bankruptcy Code's priority scheme, such relief is a proper exercise of business judgment and in the best interests of the Debtors, their estates, creditors and all parties in interest; ~~and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor;~~now, therefore,

**IT IS HEREBY ORDERED THAT**

1.  The Motion is granted on a final basis as set forth herein.

2. The Debtors ~~shall be, and hereby are,~~are authorized, but not required, to pay, in their sole discretion, all amounts required under or related to the Pre-petition Employee Obligations (other than any payments that would contravene section 503(c) of the Bankruptcy Code, including with respect to insiders).

3. The Debtors are authorized, but not required, in their sole discretion, to continue to pay and honor their obligations arising under or related to their plans, practices, programs and policies for their Employees, former employees and Retirees as set forth in the Motion, including, without limitation, those giving rise to the Pre-petition Employee Obligations (collectively, the "**Employee Programs**"), as those Employee Programs were in effect as of the Petition Date and as such Employee Programs may be modified, terminated, amended or supplemented from time to time in the ordinary course of the Debtors' businesses (other than any payments that would contravene section 503(c) of the Bankruptcy Code, including with respect to insiders).

4. The Debtors are authorized, but not required, in their sole discretion, to (a) continue utilizing third parties for certain services as described in the Motion and to pay or cause to be paid such claims as and when such obligations are due and (b) pay ~~pre-petition~~prepetition amounts owing in the ordinary course of business to third parties in connection with administering and maintaining the Employee Programs.

5. The Debtors are authorized, but not directed, in their sole discretion, to advance and pay the legal costs of Indemnitees on the terms set forth in the Motion. Nothing in this Order authorizes the Debtors to advance and pay the legal costs of any member of the Sackler family, directly or indirectly.

3

6. The Debtors are authorized, in their sole discretion, to continue to administer the Supplemental Savings Plan; *provided* that any ~~post-petition~~ postpetition amounts contributed to the Supplemental Savings Plan shall be deemed administrative expenses pursuant to section 503 of the Bankruptcy Code; *provided further* that nothing in this Order authorizes the Debtors to make any payments on account of ~~pre-petition~~ prepetition contributions to the Supplemental Savings Plan.

7. The automatic stay is modified solely to the extent necessary to allow Employees and Retirees to proceed with claims under the Workers' Compensation Programs in the appropriate judicial or administrative fora and to permit insurers under the Workers' Compensation Programs to continue to access collateral and security provided by the Debtors pursuant to the Workers' Compensation Programs and the notice requirements under Bankruptcy Rule 4001(d) with respect to the above are waived.

8. The Debtors' Banks are hereby authorized to receive, process, honor and pay any and all checks, drafts, wires, check transfer requests or automated clearing house transfers evidencing amounts paid by the Debtors under this Order whether presented prior to or after the Petition Date to the extent the Debtors have good funds standing to their credit with such bank or other financial institution. The Banks are authorized to rely on the representations of the Debtors as to which checks are issued or authorized to be paid pursuant to this Order without any duty of further inquiry and without liability for following the Debtors' instructions.

9. The Debtors are authorized, but not directed, to continue the Debtors' corporate employee credit card and company purchasing card programs (collectively, the "**Card Programs**") with American Express Travel Related Services Company, Inc. ("**TRS**") in the ordinary course of business and consistent with prepetition practices, including by using the

4

credit cards issued thereunder and timely paying any prepetition and postpetition obligations outstanding with respect thereto. The Debtors are further authorized, but not directed, to continue operating the collateral account with American Express National Bank ("**AENB**") ending in 5041, which serves as a collateral account for obligations under the Card Programs (the "**Collateral Account**"), in the ordinary course of business. The terms and conditions of the Card Programs and the pledge agreement with respect to the Collateral Account shall remain in effect, TRS shall continue to have a perfected, first priority security interest in the Collateral Account to secure all prepetition obligations with respect to the Card Programs, and TRS shall also have a perfected, first priority security interest in the Collateral Account to secure all obligations with respect to the Card Programs arising postpetition, without any additional documentation executed between the Debtors and TRS or AENB; *provided* that TRS shall not be obligated to continue the Card Programs unless by November 20, 2019 the Court has entered an amended version of this Order or a separate order of the Court approving the relief requested in the Motion and the Debtors shall be deemed in such order to have waived any Chapter 5 or similar state law avoidance actions against TRS or AENB relating to the Card Programs or any transfers in connection therewith pursuant to such order. The Debtors shall not be required to file a separate motion seeking such relief.

10.    9. Nothing in the Motion or this Order, nor any payments made pursuant to this Order, shall be deemed to be or constitute an admission as to the validity or priority of any claim against the Debtors, or constitute an assumption or post-petition reaffirmation of any agreement, plan, practice, program, policy, executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code or a waiver of any rights of the Debtors.

11. ~~10.~~ Nothing in the Motion or this Order shall impair the ability of the Debtors to contest the validity or amount of any payment made pursuant to this Order.

12. ~~11.~~ Nothing in the Motion or this Order shall be construed as impairing the Debtors' right to contest the validity or amount of any Pre-petition Employee Obligation, including payroll taxes that may be due to any taxing authority.

13. ~~12.~~ Any Bankruptcy Rule (including, but not limited to, Bankruptcy Rule 6004(h)) or Local Rule that might otherwise delay the effectiveness of this Order is hereby waived, for cause, and the terms and conditions of this Order shall be effective immediately and enforceable upon its entry.

14. ~~13.~~ The contents of the Motion and the notice procedures set forth therein are good and sufficient notice and satisfy the Bankruptcy Rules and the Local Bankruptcy Rules for the Southern District of New York, and no other or further notice of the Motion or the entry of this Order shall be required.

15. ~~14.~~ The Debtors are authorized to take all such actions as are necessary or appropriate to implement the relief granted in this Order.

16. ~~15.~~ The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and enforcement of this Order.

17. Notwithstanding anything to the contrary in this Order, prior to the approval thereof on a final basis in an amended version of this Order or by separate order of the Court, (a) the Debtors shall not (i) make any Sign-On Bonus payments either before such Sign-On Bonus payments are due or in an amount in excess of $100,000 in the aggregate, (ii) pay any amounts on account of the Purdue AIP, the Rhodes AIP, the Purdue LTRP, or the Rhodes LTRP, or (iii) pay any amounts on account of Severance Obligations to former employees and (b) the Non-

Executive Retention Plan and the Advancement of Expenses shall continue to be approved only on an interim basis.

White Plains, New York
Dated: _____, 2019

                                                THE HONORABLE ROBERT D. DRAIN
                                                UNITED STATES BANKRUPTCY JUDGE