

**MASSACHUSETTS
Health & Hospital
ASSOCIATION**

500 District Ave. | Burlington, MA 01803-5085
781-262-6001
swalsh@mhalink.org

**Steve Walsh**
President & CEO

October 1, 2019

Honorable Robert Drain
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601-4140

Re: *In re Purdue Pharma L.P., et al*, Case No. 19-23649 (RDD)

Dear Judge Drain:

I am writing in support of Massachusetts Attorney General Maura Healey and the 24 other attorneys general across the country who are opposing Purdue Pharma's proposed settlement and request for a nationwide injunction.

The opioid crisis that has been inflicted upon the United States has resulted in tens of thousands of deaths, untold suffering, and the disruption of the healthcare system.

The Massachusetts Health & Hospital Association (MHA), representing more than 80 acute-care and post-acute hospitals, along with physician practices, and other healthcare interests, has been at the forefront of our state's efforts to battle the opioid scourge. Hospitals have worked with law enforcement, state regulatory authorities, the courts, academia, patient advocates, health insurers, local communities, and others, in a collaborative effort to help those affected by this crisis. Hospitals and the other stakeholders have come together with a sense of *responsibility* to help those in need.

It is that sense of responsibility and accountability that leads us to ask the U.S. Bankruptcy Court to reject Purdue Pharma's proposed settlement and its request for a nationwide injunction that would stop all lawsuits against the company and the Sackler family. Purdue Pharma's well-documented deception relating to opioids and the nationwide tragedy that followed its actions requires a full accounting of its responsibility. The court should not permit Purdue Pharma and the Sacklers to escape their responsibilities with incomplete and inadequate restitution, especially while patients continue to suffer from the company's duplicity, and others, including the hospital community, continue to expend time, effort, and resources to resolve the devastation left in Purdue Pharma's wake. It is particularly disturbing that the proposed settlement would be funded by years of continued sales of OxyContin in the United States and abroad. In light of the actions of Purdue Pharma, it is clear that such an approach will only cause more harm.

Honorable Robert Drain, United States Bankruptcy Judge
United States Bankruptcy Court
October 1, 2019
Page 2

Faced with the opioid use disorder crisis and the more than 2,000 deaths each year in Massachusetts resulting from it, MHA created a Substance Use Disorder Prevention and Treatment Task Force (SUDPTTF) in September 2014. That task force subsequently created opioid prescribing protocols for all Massachusetts hospitals to follow. MHA has since created, or participated in, other task forces to create and implement guidelines for substance use disorder evaluations; guidelines for medication for opioid use disorder within emergency departments; guidelines related to how medical information is released to court clinicians as they review individuals who are involuntarily committed due to substance use disorder; guidelines for substance use disorder evaluations in emergency departments; and guidelines for preventing opioid misuse in hospitals – among many other actions that have since been employed by other states across the country. Massachusetts hospitals have also worked concertedly at the state and national levels to increase the number of behavioral health caregivers to fill an urgent workforce shortage.

In short, our hospital opioid-fighting efforts have been unceasing, as has been the efforts of our healthcare partners and state government. These efforts have been necessitated in response to an insidious epidemic sparked, in large part, by the actions of Purdue Pharma and the Sackler family.

Absolving the Sackler family and its company of responsibility through bankruptcy protection would not be in the public interest. In fact, letting the architects of the problem walk away relatively unscathed while patients and the public health community continue to flounder in the rubble of their opioid scheme would be unconscionable and unjust. Hospitals, public healthcare programs, employers and the public are the paying the financial cost of the opioid crisis through bad debt and rising premiums. The human cost of opioid use disorder from lost and destroyed lives is incalculable. And yet, through bankruptcy protection, the billions of dollars that the Sackler family has accrued through its truly abhorrent practices would, for the most part, be protected.

We ask again that the court reject Purdue Pharma's proposed settlement and request for a nationwide injunction. We ask instead that Purdue Pharma and the Sacklers be held accountable to the fullest extent of the law and in a manner that is satisfactory to the numerous attorneys general challenging this proposed settlement. It is essential that the final resolution maximize support for those actually taking *responsibility* to ensure that the opioid crisis is resolved.

Sincerely,

Steve Walsh
President & CEO
Massachusetts Health & Hospital Association