

**MAHP**
MASSACHUSETTS
ASSOCIATION of
HEALTH PLANS

October 2, 2019

Honorable Robert Drain
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601-4140

Re: In re Purdue Pharma L.P., et al, Case No. 19-23649 (RDD)

Dear Judge Drain:

On behalf of the Massachusetts Association of Health Plans ("MAHP"), which represents seventeen health plans that collectively provide health care coverage to close to three million Massachusetts residents, we are writing in support of Massachusetts Attorney General Maura Healey (hereinafter "the Attorney General") and the 24 other Attorneys General across the country who are opposing Purdue Pharma's (hereinafter "Purdue") proposed settlement and request for a nationwide injunction.

The proposed settlement by Purdue and the Sackler family, including Purdue's bankruptcy filing, are against the public interest. A majority of states, including Massachusetts, have rejected the settlement agreement reached by other Attorneys General because the proposed agreement does not go far enough in remedying the harm caused by Purdue and the Sackler family to citizens of their respective states. We agree.

The opioid epidemic has taken a toll on Massachusetts families, communities, and the state. According to a 2016 report by the American Society for Addiction Medicine ("ASAM"), four in five new heroin users started out misusing prescription painkillers. The economic and fiscal impacts on Massachusetts families, employers, the health care system and the state budget have been tremendous. Massachusetts has one of the highest opioid-related death rates in the country, trailing only Ohio, New Hampshire and West Virginia.

Despite Massachusetts being a leader among states in the fight against opioids, according to a recent report, the "impacts on businesses are severe and growing. Lost productivity from absenteeism and presenteeism is likely more than $2.5 billion annually. That figure is in addition to excess health care costs related to opioid usage, estimated to exceed $2 billion." The proposed settlement is therefore insufficient to cover the costs borne by our state due to the opioid epidemic.

The proposed settlement's monetary award is estimated to be close to $4 billion. This amount is grossly inadequate to offset costs incurred by families, by states and local communities in battling the opioid addiction crisis. Further, Purdue has failed to acknowledge any wrongdoing. The settlement also creates a perverse incentive for the sale of more OxyContin to boost the settlement dollars. This is wrong and against the public interest.

The Attorney General's suit seeks accountability and a finding of wrongdoing against Purdue and the Sackler family. It also seeks damages sufficient to cover the losses incurred by families of the Commonwealth, the state, along with cities and towns that have expended tax dollars to combat this

crisis. As such, we believe the Attorney General's suit is in the public's interest and should be allowed to go forward. For these reasons, we are asking you to reject the settlement and bankruptcy filing of Purdue and the Sackler family.

Sincerely,

Lora M. Pellegrini
President & CEO, Massachusetts Association of Health Plans