**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (RDD)** |
| **Debtors.**[1] | **(Jointly Administered)** |

**FINAL ORDER AUTHORIZING (I) DEBTORS TO PAY CERTAIN PREPETITION TAXES, GOVERNMENTAL ASSESSMENTS AND FEES AND (II) FINANCIAL INSTITUTIONS TO HONOR AND PROCESS RELATED CHECKS AND TRANSFERS**

Upon the motion (the "**Motion**")[2] of Purdue Pharma L.P. and its affiliates that are debtors and debtors in possession in these cases (collectively, the "**Debtors**"), pursuant to sections 105(a), 363(b), 507(a) and 541 of title 11 of the United States Code (the "**Bankruptcy Code**"), for entry of an interim order and a final order (this "**Order**") authorizing, but not directing, the Debtors to pay taxes, assessments, fees and charges incurred by the Debtors in the ordinary course of business (without regard to whether such obligations accrued or arose before, on or after the Petition Date), including any such taxes, assessments, fees and charges subsequently determined to be owed by the Debtors (collectively, the "**Taxes and Fees**"), all as set forth more fully in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to such term in the Motion.

U.S.C. §§ 157(a)-(b) and 1334(b) and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice of such request need be provided; and the Court having reviewed the Motion and held an interim hearing and a final hearing, on October 10, 2019, to consider the relief requested in the Motion on a final basis (the "**Hearing**"); and upon the Lowne Declaration filed contemporaneously with the Motion, and the record of the Hearing; and there being no objections to the relief granted herein; and after due deliberation the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish good and sufficient cause for the relief granted herein, in that such relief will provide a material net benefit to the Debtors' estates and creditors after taking into account the Bankruptcy Code's priority scheme and that such relief is a proper exercise of business judgment and is in the best interests of the Debtors, their estates, creditors and all parties in interest; now, therefore,

**IT IS HEREBY ORDERED THAT**

1. The Motion is granted on a final basis as set forth herein.

2. The Debtors are authorized, but not directed, in their sole discretion, to pay the Taxes and Fees (without regard to whether the Taxes and Fees accrued or arose before, on or after the Petition Date), including but not limited to all of those Taxes and Fees subsequently determined, upon audit or otherwise, to be owed, *provided* that the Debtors will not pay any prepetition Taxes and Fees before the applicable due date.

3. All Banks are (a) authorized and directed to receive, process, honor and pay any and all checks, drafts, electronic transfers and other forms of payment used by the Debtors on

account of the Taxes and Fees, whether presented before, on or after the Petition Date; *provided* that the Debtors have good funds standing to their credit with the applicable Bank; and (b) prohibited from placing any hold on, or attempting to reverse, any automatic transfer on account of the Taxes and Fees.  The Banks shall rely on the representations of the Debtors as to which checks and fund transfers should be honored and paid pursuant to this Order without any duty of further inquiry and without liability for following the Debtors' instructions.

4. Any party receiving payment from the Debtors is authorized and directed to rely on the representations of the Debtors as to which payments are authorized by this Order.

5. Nothing contained in the Motion or this Order, nor any payment made pursuant to the authority granted by this Order, shall constitute or be construed as (a) an admission as to the validity or priority of any claim against the Debtors; (b) a waiver of the Debtors' or any appropriate party-in-interest's rights to dispute the amount of, basis for or validity of any claim against the Debtors; (c) a waiver of any claims or causes of action which may exist against any creditor or interest holder; or (d) an approval, assumption, adoption or rejection of any agreement, contract, lease, program or policy between the Debtors and any third party under section 365 of the Bankruptcy Code.

6. Nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

7. The contents of the Motion and the notice procedures set forth therein are good and sufficient notice and satisfy the Bankruptcy Rules and the Local Bankruptcy Rules for the Southern District of New York, and no other or further notice of the Motion or the entry of this Order shall be required.

8. Any Bankruptcy Rule (including, but not limited to, Bankruptcy Rule 6004(h)) or Local Rule that might otherwise delay the effectiveness of this Order is hereby waived, for cause, and the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9. The Debtors are authorized to take all action necessary to effectuate the relief granted in this Order.

10. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation or enforcement of this Order.

Dated: October 15, 2019
      White Plains, New York

                                /s/Robert D. Drain
                                THE HONORABLE ROBERT D. DRAIN
                                UNITED STATES BANKRUPTCY JUDGE