UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| PURDUE PHARMA L.P., *et al.*, | Case No. 19- 23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

### FINAL ORDER AUTHORIZING DEBTORS TO
### CONTINUE AND RENEW SURETY BOND PROGRAM

Upon the motion (the "**Motion**")[2] of Purdue Pharma L.P. and its affiliates that are debtors and debtors in possession in these cases (collectively, the "**Debtors**") for entry of an interim order and a final order (this "**Order**") authorizing, but not directing, the Debtors to maintain, continue and renew, in their sole discretion, their Surety Bond Program on an uninterrupted basis and in accordance with the same practices and procedures as were in effect before the Petition Date pursuant to sections 363 and 364 of the Bankruptcy Code, as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to such term in the Motion.

Motion having been provided, and it appearing that no other or further notice of such request need be provided; and the Court having reviewed the Motion and held an interim hearing and a final hearing, on October 10, 2019, to consider the relief requested in the Motion on a final basis (the "**Hearing**"); and upon the Lowne Declaration filed contemporaneously with the Motion, and the record of the Hearing; and there being no objections to the Motion; and after due deliberation the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish good and sufficient cause for the relief granted herein, in that such relief will provide a material net benefit to the Debtors' estates and creditors after taking into account the Bankruptcy Code's priority scheme and that such relief is a proper exercise of business judgment and in the best interests of the Debtors, their estates, creditors and all parties in interest; now, therefore,

**IT IS HEREBY ORDERED THAT**

1. The Motion is granted on a final basis as set forth herein.

2. The Debtors' are, in their sole discretion, authorized and empowered, but not directed, to maintain their Surety Bond Program on an uninterrupted basis, and in accordance with the same practices and procedures as were in effect prior to the Petition Date.

3. The Debtors are hereby authorized, but not directed, to honor each of the Indemnity Agreements.

4. The Debtors are, in their sole discretion and in consultation with the Official Committee of Unsecured Creditors (the "**Committee**") and the Ad Hoc Committee under its appearance filed at Docket No. 147 (the "**Ad Hoc Committee**") (with five business days' advance notice or such advance notice as is reasonably practicable), authorized, but not directed, to pay all amounts arising under the Surety Bond Program, due and payable after the Petition

Date; *provided* that the Debtors will not pay any prepetition amounts arising under the Surety Bond Program before the applicable due date.

5. The Debtors are, in their sole discretion and in consultation with the Committee and the Ad Hoc Committee (to the extent and with as much advance notice as is reasonably practicable), authorized, but not directed, to renew existing surety bonds, increase or decrease the size of any such surety bonds and obtain new surety bonds (including providing any collateral and/or security in connection therewith), and execute any other agreements in connection with the Surety Bond Program and all related instruments, documents and papers, and to take all actions reasonably appropriate with respect thereto, in each case in accordance with the applicable documents governing the Debtors' Surety Bond Program.

6. The failure to specifically describe or include any particular feature of the Surety Bond Program in this Order shall not diminish or impair the effectiveness of such feature, it being the intent of this Court that the Surety Bond Program be approved in its entirety.

7. Nothing in this Order or the Motion shall be construed as prejudicing the rights of the Debtors to dispute or contest the amount of or basis for any claims against the Debtors in connection with or relating to the Surety Bond Program.

8. To the extent any surety bond or related agreement is deemed an executory contract within the meaning of section 365 of the Bankruptcy Code, neither this Order nor any payments made in accordance with this Order shall constitute the assumption or post-petition reaffirmation of those surety bonds or related agreements under section 365 of the Bankruptcy Code.

9. The contents of the Motion and the notice procedures set forth therein are good and sufficient notice and satisfy the Bankruptcy Rules and the Local Rules, and no other or further notice of the Motion or the entry of this Order shall be required.

10. Any Bankruptcy Rule (including, but not limited to, Bankruptcy Rule 6004(h)) or Local Rule that might otherwise delay the effectiveness of this Order is hereby waived, for cause, and the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11. The Debtors are authorized to take all such actions as are necessary or appropriate to implement the relief granted in this Order.

12. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and enforcement of this Order.

Dated: October 15, 2019
      White Plains, New York

/s/Robert D. Drain
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE