DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut

*Proposed Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P., *et al.*,** | **Case No. 19-23649 (RDD)** |
| **Debtors.**[1] | **(Jointly Administered)** |

**NOTICE OF PRESENTMENT OF AMENDED ORDER ESTABLISHING CERTAIN
NOTICE, CASE MANAGEMENT, AND ADMINISTRATIVE PROCEDURES**

  **PLEASE TAKE NOTICE** that on September 16, 2019, Purdue Pharma L.P. and certain

of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases

(collectively, the "**Debtors**"), filed the *Motion of Debtors for Entry of an Order Establishing

Certain Notice, Case Management, and Administrative Procedures* [Docket No. 16] (the

"**Motion**").

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

**PLEASE TAKE FURTHER NOTICE** that on September 18, 2019, the Court entered the *Order Establishing Certain Notice, Case Management, and Administrative Procedures* [Docket No. 72] (the "**Order**").

**PLEASE TAKE FURTHER NOTICE** that the Debtors will present the *Amended Order Establishing Certain Notice, Case Management, and Administrative Procedures* (the "**Amended Order**") to the Honorable Robert D. Drain, United States Bankruptcy Judge, for approval and signature on **October 23, 2019 at 10:00 a.m. (prevailing Eastern Time)**. A copy of the Amended Order is attached hereto as **Exhibit A**.

**PLEASE TAKE FURTHER NOTICE** that a comparison between the Amended Order and the Order is attached hereto as **Exhibit B**.

**PLEASE TAKE FURTHER NOTICE** that, unless a written objection to the Amended Order attached hereto is served and filed with proof of service with the Clerk of the Court, and a courtesy copy is delivered to the undersigned and to the chambers of the Honorable Robert D. Drain, so as to be received by **October 22, 2019 at 4:00 p.m. (prevailing Eastern Time)**, there will not be a hearing to consider such Amended Order, and such Amended Order may be signed and entered by the Court.

**PLEASE TAKE FURTHER NOTICE** that, if a written objection is timely filed and served with respect to the Amended Order, a hearing (the "**Hearing**") will be held to consider such Amended Order before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court, 300 Quarropas Street, White Plains, New York 10601, on a date to be announced.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing and a failure to appear may result in relief being granted upon default.

**PLEASE TAKE FURTHER NOTICE** that copies of the Amended Order may be obtained free of charge by visiting the website of Prime Clerk LLC at https://restructuring.primeclerk.com/purduepharma.   You may also obtain copies of any pleadings by visiting the Bankruptcy Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

Dated:    October 16, 2019
          New York, New York

DAVIS POLK & WARDWELL LLP

By:    */s/ Eli J. Vonnegut*                          

450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile:  (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut

*Proposed Counsel to the Debtors*
*and Debtors in Possession*

## Exhibit A

**Amended Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.**, *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

## AMENDED ORDER ESTABLISHING CERTAIN NOTICE, CASE MANAGEMENT, AND ADMINISTRATIVE PROCEDURES

Upon the motion (the "**Motion**")[2] of Purdue Pharma L.P. and its affiliates that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**") for entry of an order (this "**Order**") approving and implementing the notice, case management and administrative procedures attached hereto as **Exhibit 1** (the "**Case Management Procedures**"); and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to such term in the Motion.

having reviewed the Motion and held a hearing to consider the relief requested in the Motion on

September 17, 2019 (the "**Hearing**"); and upon the Lowne Declaration filed contemporaneously

with the Motion, and the record of the Hearing; and after due deliberation the Court having

determined that the legal and factual bases set forth in the Motion and at the Hearing establish

good and sufficient cause for the relief granted herein; now, therefore,

**IT IS HEREBY ORDERED THAT**

1.      The Motion is granted as set forth herein.

2.      The Case Management Procedures, as set forth in **<u>Exhibit 1</u>** attached hereto, are

approved and shall govern all applicable aspects of these chapter 11 cases, except as otherwise

ordered by this Court.

3.      The next three Omnibus Hearings are scheduled as follows:

- 10:00 a.m. on the 19th day of  November 2019;

- 10:00 a.m. on the 19th day of  December 2019; and

- 10:00 a.m. on the 23rd day of  January 2020.

4.      The Debtors' claims and noticing agent, Prime Clerk is authorized, but not

directed,      to      establish      the      Case      Website,      available      at

https://restructuring.primeclerk.com/purduepharma, where, among other things, electronic copies

of all Court Filings will be posted and viewable free of charge.

5.      Any notice sent by the Debtors or any other party to the Master Service List or the

2002 List, or to any parties required by the Bankruptcy Code, the Bankruptcy Rules, the Local

Rules, the Case Management Procedures, or further order of this Court, shall be deemed

sufficient and in compliance therewith.

6.      Any notice sent by the Debtors or any other party in interest shall be deemed to

comply with the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

7.      All time periods set forth in this Order or in the Case Management Procedures shall be calculated in accordance with Bankruptcy Rule 9006(a).

8.      The Debtors are authorized to take all actions necessary or appropriate to effectuate the relief granted in this Order in accordance with the Motion.

9.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: [•], 2019
       White Plains, New York

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

## **Exhibit 1**

**Case Management Procedures**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (RDD)** |
| Debtors.[1] | **(Jointly Administered)** |

## CASE MANAGEMENT PROCEDURES

On September 15, 2019 (the "**Petition Date**"), the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Court for the Southern District of New York (the "**Court**").  The Debtors operate their businesses and manage their properties as Debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

On [•], 2019, the Court entered an order Docket No. [•] (the "**Order**") approving these case management procedures (the "**Case Management Procedures**") set forth herein pursuant to section 105(a) of the Bankruptcy Code, Rules 1015(c), 2002(m) and 9007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 9074-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**").  Anyone may obtain a copy of the Order, as well as any Court Filing filed with the Court in these chapter 11 cases, by:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014).  The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

(i) accessing the website maintained by Prime Clerk LLC ("**Prime Clerk**" or the "**Claims and Noticing Agent**"), at https://restructuring.primeclerk.com/purduepharma (the "**Case Website**"); (ii) contacting Prime Clerk directly at Purdue Pharma, L.P., c/o Prime Clerk LLC, 830 3rd Avenue, 9th Floor, New York, NY 10022, telephone: (844) 217-0912 (toll free) and (347) 859-8093 (international), email: purduepharmainfo@primeclerk.com; or (iii) accessing the PACER system on the Court's website at http://www.nysb.uscourts.gov for a nominal fee.

Pursuant to the Order, all notices, motions, applications, briefs, memoranda, affidavits, declarations, objections, responses and other documents filed in these chapter 11 cases are subject to, and will not be deemed properly served unless they are served in accordance with, these Case Management Procedures.  Additionally, while the Bankruptcy Code, the Bankruptcy Rules and the Local Rules apply to these chapter 11 cases, to the extent there is a conflict between the foregoing and these Case Management Procedures, these Case Management Procedures shall govern in all respects.  Accordingly, all parties in interest are strongly encouraged to review these Case Management Procedures in their entirety and consult their own legal counsel with respect to any of the matters discussed herein before filing any documents in these chapter 11 cases.

## Case Management Procedures

## I.    Hearing Procedures.

1.    *All Matters to Be Heard at Omnibus Hearings*.  The Debtors shall be authorized to schedule, in cooperation with the Court, periodic omnibus hearings (the "**Omnibus Hearings**") to consider all notices, motions, applications, and other requests for relief, briefs, memoranda, affidavits, declarations, replies and other documents filed in support of such papers seeking relief (collectively, the "**Requests for Relief**"), and all objections and

responses to such Requests for Relief (collectively, the "**Objections**," and together with the Requests for Relief and all other filed documents, the "**Court Filings**").

2.      ***Initial Omnibus Hearings***.   The next three Omnibus Hearings are scheduled as follows:

- 10:00 a.m. on the 19th day of  November 2019;

- 10:00 a.m. on the 19th day of  December 2019; and

- 10:00 a.m. on the 23rd day of  January 2020.

3.      ***Subsequent Omnibus Hearings***.   At or before the Omnibus Hearing held on January 23, 2020, the Debtors shall request that the Court schedule additional Omnibus Hearings.  The Court shall schedule such Omnibus Hearings and, upon scheduling, Prime Clerk shall post the dates of the additional Omnibus Hearings on the Case Website.  Parties may contact Prime Clerk for information concerning all scheduled Omnibus Hearings.

4.      ***Proposed Hearing Agenda***.  Two business days before each Omnibus Hearing, Debtors' counsel shall file a proposed agenda with regard to the matters scheduled to be heard at such Omnibus Hearing (the "**Proposed Hearing Agenda**").  The Proposed Hearing Agenda may include notice of matters that have been consensually adjourned to a later Omnibus Hearing in lieu of parties filing a separate notice of adjournment; *provided* that for all matters adjourned to a later Omnibus Hearing or some other future date, the Debtors also will electronically file (but need not serve) a notice of adjournment with respect to such matters.

5.      ***Content of Proposed Hearing Agenda***.   The Proposed Hearing Agenda will include, to the extent known by Debtors' counsel: (a) the docket number and title of each matter scheduled to be heard at such Omnibus Hearing, including the initial filing and any objections, replies, or documents related thereto; (b) whether the matters are contested or uncontested; (c) whether the matters have settled or are proposed to be continued; (d) a suggestion for the

order in which the matters should be addressed; and (e) any other comments that will assist the Court.

6.      ***Evidentiary Hearings***.  With respect to any Court Filing, if Objections are filed, the Omnibus Hearing shall not be deemed an evidentiary hearing at which witnesses may testify unless the Proposed Hearing Agenda provides otherwise; *provided* that parties in interest may request the Court by email (and copying opposing parties) that such hearing be an evidentiary hearing.  Additionally, any Court Filing requesting or requiring the Court to make a factual finding must be supported by competent evidence (*e.g.*, declarations, affidavits and exhibits).

7.      ***Telephonic Appearances***.    A party desiring to participate in a hearing telephonically must request permission from Chambers and notify Debtors' counsel at least 48 hours before the applicable hearing.  If Chambers permits telephonic participation, the party participating telephonically must arrange such participation with CourtSolutions or CourtCall, as applicable, adhering to the procedures for telephonic participation applicable in the Court.  Those parties participating by phone may not use speakerphones unless first authorized by the Court. Persons participating by phone (and especially by speakerphone) must put their phones on "mute" except when they need to be heard.  Persons so participating are not to put their phones on "hold" under any circumstances.

8.      ***Listen-Only Lines***.  Any party may attend hearings through a listen-only line by arranging such listen-only line with CourtSolutions or CourtCall, as applicable.

9.      ***Matters that May Be Heard at Non-Omnibus Hearings***.  Subject to consultation with Chambers, hearings in connection with applications for professional compensation and reimbursement, pre-trial conferences, asset sales and trials related to adversary proceedings, approval of a disclosure statement, confirmation of a plan, and any other Court Filing filed by the

Debtors and not heard may be scheduled for dates other than the Omnibus Hearing dates; *provided*, *however*, that initial pre-trial conferences scheduled in connection with adversary proceedings involving the Debtors shall be set on the next available Omnibus Hearing date that is at least forty-five (45) calendar days after the filing of the complaint, except as otherwise ordered by the Court. Hearings on all other Requests for Relief filed by any party, except for those Requests for Relief requiring emergency relief, must be scheduled for an Omnibus Hearing.

## II.    Filing and Service Procedures.

10.    All Court Filings filed in these chapter 11 cases shall be filed electronically with the Court on the docket of *In re Purdue Pharma, L.P.*, Case No. 19-23649 (RDD), in accordance with the Court's General Order M-399, by registered users of the Court's electronic case filing system (the "**Electronic Filing System**"). Further, pursuant to Local Rule 9070-1, at least one hard copy of any Court Filing (other than proofs of claim) shall be: (a) marked "Chambers Copy" and delivered to the Chambers of the Honorable Judge Robert D. Drain, United States Court for the Southern District of New York ("**Chambers**"), United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, Room 248, White Plains, New York 10601 so as to be recorded no later than the next business day following the date on which such Court Filing is electronically filed; and (b) delivered by first-class mail to the Office of the United States Trustee for the Southern District of New York (the "**U.S. Trustee**"), 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Paul K. Schwartzberg.

### A.    The Service List.

11.    ***Parties Entitled to Service***. All Court Filings (other than proofs of claim) shall be served on the following list of parties (the "**Service List**"), according to the following notice procedures.

5

a.    ***Master Service List***.  Prime Clerk shall maintain a Master Service List (the "**Master Service List**").  The Master Service List shall be made available by (i) accessing the Case Website, (ii) contacting the Claims and Noticing Agent directly or (iii) contacting the Debtors' counsel directly. The Master Service List shall include the following parties:

   i.    the Debtors and their counsel;

   ii.   the Office of the U.S. Trustee for the Southern District of New York;

   iii.  counsel to any official committee that may be appointed in these chapter 11 cases (an "**Official Committee**");

   iv.   the ad hoc committee of governmental and other contingent litigation claimants represented by Brown Rudnick LLP, Gilbert, LLP, Kramer Levin Naftalis & Frankel LLP, and Otterbourg PC;

   v.    holders of the 50 largest unsecured claims against the Debtors on a consolidated basis;[2]

   vi.   the United States Department of Justice;

   vii.  the United States Attorney's Office for the Southern District of New York;

   viii. the attorneys general for all fifty states and the District of Columbia;

   ix.   the Internal Revenue Service; and

   x.    any party that has requested notice pursuant to Bankruptcy Rule 2002.

b.    ***2002 List***. Prime Clerk shall maintain a list of all parties that have filed a request to receive service of Court Filings pursuant to Bankruptcy Rule 2002 (the "**2002 List**").

   i.    ***Filing Requests for Documents Requires Email Address***.  A request for service of Court Filings pursuant to Bankruptcy Rule 2002 (each, a "**2002 Notice Request**") filed with the Court shall be deemed proper only if it includes the following information with respect to the party filing such request: (a) name; (b) street address; (c) name of clients, if applicable; (d) telephone number; (e) facsimile number; and (f) email address.

---

[2]    If an official committee of unsecured creditors is appointed and counsel is retained, holders of the 50 largest unsecured claims against the Debtors shall not be included in the Master Service List.

ii.   ***Certification Opting Out of Email Service***.  Any party filing a 2002 Notice Request who does not maintain (and cannot practicably obtain) an email address and therefore cannot receive service by email must include in the 2002 Notice Request a certification to that effect (each, a "**Certification**").  A Certification shall include a statement certifying that the party (a) does not maintain an email address and (b) cannot practicably obtain an email address at which the party could receive service. Such party will thereafter receive paper service in accordance with the Case Management Procedures.

iii.  ***Email Address Required***.  If a 2002 Notice Request fails to include an email address or a Certification, the Debtors shall forward a copy of the Case Management Procedures to such party within five business days requesting an email address.  If no email address or Certification is provided in response to such request, such party shall not be added to the 2002 List or served with copies of Court Filings unless such Court Filings directly affect such party.

iv.   ***Changes in Information***.  Each party submitting a 2002 Notice Request is responsible for filing with the Court an updated 2002 Notice Request as necessary to reflect changes to any notice information and must serve a copy of such updated 2002 Notice Request upon the Debtors.

c.   ***Affected Entities***.  All entities with a particularized interest in the subject matter of a specific Court Filing, including the entity filing the Request for Relief is an "**Affected Entity**" and entitled to be served with all Court Filings relating to that interest.

12.   ***Maintenance of the Service List***.  At least every fifteen (15) days during the first sixty (60) days of these chapter 11 cases, and at least every thirty (30) days thereafter, Prime Clerk shall update the Service List by making any additions and deletions and post the updated Service List on the Case Website.

### B.   Filing and Service of Court Filings Generally.

13.   ***Electronic Filing and Service***.  All Court Filings shall be filed electronically with the Court, using the Court's Electronic Filing System and served via email, other than service of a summons and complaint in an adversary proceeding or documents filed under seal, which shall be deemed to constitute proper service for all parties who are sent such email service; *provided*

that if a party entitled to notice of a Court Filing does not have an email address or an email address is not available, the party shall be served by U.S. mail, overnight delivery or hand delivery. Subject to the limited exclusions provided herein, each party that files a notice of appearance and a 2002 Notice Request shall be deemed to have consented to electronic service of all Court Filings.

      a.    **_Email Subject Line_**. With respect to the service of any Court Filing, the subject line of the email shall include (i) the Debtors' case name and number *In re Purdue Pharma L.P.*, Case No. 19-23649 (RDD), (ii) the name of the party filing such Court Filing, (iii) the title of the Court Filing being served and (iv) a statement that attachments are also available on the Court's docket. If the title of the Court Filing is too long to fit within the subject line of the email, the subject line shall contain a shortened version of such title, and the text of the email shall contain the full title of such Court Filing.

      b.    **_Email Attachments_**. All Court Filings served by email shall include the entire document, including any proposed forms of order and exhibits, attachments, or other materials, in PDF, readable by Adobe Acrobat or other equivalent document reader programs commonly available without cost. The relevant Court Filing shall either be attached to the email in a format specified above or the email shall contain a link to such filing in such format. Notwithstanding the foregoing, if a Court Filing cannot be attached to an email (because of its size, technical difficulties, or other concerns), the filing party may serve the Court Filing by U.S. mail, including the proposed forms of order and any exhibits, attachments and other relevant materials; *provided* that the Court Filing is served by hand or overnight delivery on the Service List.

14.    **_Waiver of Filing Deadlines_**. If any Court Filing is filed via the Electronic Filing System and served electronically, the filing deadlines requiring three additional calendar days' notice set forth in Rule 6(e) of the Federal Rules of Civil Procedure (made applicable to adversary proceedings by Bankruptcy Rule 7005(b)(2)(D)), and Bankruptcy Rule 9006(f) shall not apply.

15.    **_Form of Papers_**. Unless granted prior permission, motions, applications and objections are limited to 40 pages and replies and statements are limited to 20 pages. All Court

Filings (other than exhibits) shall be double-spaced, 12-point font, with one-inch margins. This provision is subject to the Local Rules and any Chambers rules.

16.     ***Certificates of Service***. Certificates of service for all Court Filings, including the Service List, need only be filed with the Court.

17.     ***Right to Request Special Notice Procedures***. Nothing in the Case Management Procedures shall prejudice the right of any party to seek an amendment or waiver of the provisions of the Case Management Procedures upon a showing of good cause including, without limitation, the right to file a motion seeking emergency *ex parte* relief or relief upon shortened notice.

18.     ***Section 342 Notice Requirements***. Any notice sent by the Debtors or any other party in interest shall be deemed to comply with the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

**C.      Filing and Service of Requests for Relief**.

19.     ***Requests for Relief to Be Heard at Omnibus Hearing***. In accordance with Local Rule 9006-1(b), if a party files and serves a Request for Relief at least fourteen (14) calendar days before the next Omnibus Hearing, the matter shall be set for hearing at such Omnibus Hearing. If a Request for Relief is served by overnight delivery only, it must be filed and served at least fifteen (15) calendar days before the next Omnibus Hearing. If a Request for Relief is served by U.S. mail only, it must be filed and served at least seventeen (17) calendar days before the next Omnibus Hearing. All applications for reimbursement of fees and expenses by professionals retained by the estate must be filed and served at least twenty-one (21) calendar days before the next Omnibus Hearing. If a Request for Relief is filed by a party other than the Debtors and purports to set a hearing date inconsistent with these Case Management Procedures,

the Request for Relief shall be heard, without the necessity of a Court order, at the first Omnibus Hearing after the applicable notice period has expired.

20.    ***Emergency Scheduling Procedures***.  If a movant or applicant other than the Debtors determines that a Request for Relief requires emergency or expedited relief, the movant or applicant shall contact (a) the attorneys for (i) the Debtors and (ii) each Official Committee, if applicable, by telephone and request that the Request for Relief be considered on an expedited basis; and (b) the U.S. Trustee.  If the Debtors or any Official Committee disagree with the movant's or applicant's request for emergency or expedited relief, the movant or applicant shall (a) inform the Court of the disagreement by telephone and (b) arrange by email to Chambers for a Chambers conference, telephonic or in-person, to discuss the disagreement.  If the Court agrees with the movant or applicant regarding the necessity for expedited consideration, the movant or applicant may, by order to show cause, request an expedited hearing.

21.    ***Notices of Requests for Relief***.  A notice shall be affixed to the front of each Request for Relief and shall set forth: (a) the title of the Request for Relief; (b) the time and date of the objection deadline; (c) the parties on whom any objection is to be served; and (d) the Omnibus Hearing date at which the party intends to present the Request for Relief.  The notice may also include a statement that the relief requested therein may be granted, pursuant to Local Rule 9074-1, without a hearing if no objection is timely filed and served in accordance with the Case Management Procedures (each, a "**Presentment Notice**").  Subject to Section E of these Case Management Procedures, if the notice filed with a Request for Relief includes a Presentment Notice, after the objection deadline has passed and if no objection has been filed and served in accordance with these Case Management Procedures, counsel to the party who filed the Request for Relief may file a certification that no objection has been filed or served on

them, and may request by email to Chambers that the Court grant the relief and enter an order without a hearing. A Presentment Notice must be emailed to the Court and include the underlying motion, the certificate of service, an electronic version of the proposed order in Word or WordPerfect format, and a cover note including a representation that (i) the movant sought relief by notice of presentment and (ii) the objection period has passed and no objections were filed to the Request for Relief or the due service and notice thereof.

22. ***Service of Requests for Relief***. For any Court Filing for which particular notice is required to be served both on all creditors and on parties with a particular interest in the relief sought by any Request for Relief, including Bankruptcy Rules 2002(a)(2) and (3), 4001, 6004, 6007 and 9019, parties shall serve all such Court Filings only on the Service List in accordance with the following, unless otherwise ordered by the Court:

a. in the case of any use, sale, lease, or abandonment of substantially all of the Debtors' property, on each party asserting an interest in that property;

b. in the case of any relief from or modification of the automatic stay, on each party asserting a lien or other encumbrance on the affected property;

c. in the case of the use of cash collateral or obtaining of credit, on each party asserting an interest in the cash collateral or a lien or other interest in property upon which a lien or encumbrance is proposed to be granted;

d. in the case of a motion under Bankruptcy Rule 9019, on all parties to the relevant compromise and settlement, or that may be directly affected by such compromise or settlement;

e. in the case of assumption, assignment, or rejection of an executory contract or an unexpired lease, on each party to the executory contract or the unexpired lease;

f. any objection, opposition, response, reply, or further document filed directly in response to another party's Court Filing, on such other party; and

g. on all parties as required by the Bankruptcy Rules, unless otherwise directed by the Court.

23.    ***Notice Provisions Not Applicable to Certain Matters***.  Except as set forth in the

Case Management Procedures or otherwise provided by order of the Court, the notice provisions

of the Case Management Procedures shall not apply to notices of the matters or proceedings

described in the following Bankruptcy Rules:

a.    Bankruptcy Rule 2002(a)(1) (meeting of creditors pursuant to section 341 of the Bankruptcy Code);

b.    Bankruptcy Rule 2002(a)(2) (any proposed use, sale, or lease of property of the estate other than in the ordinary course of business, to the extent that such use, sale, or lease concerns all or substantially all of the Debtors' assets);

c.    Bankruptcy Rule 2002(a)(4) (hearing on the dismissal of a case or cases or the conversion of a case to another chapter);

d.    Bankruptcy Rule 2002(a)(5) (time fixed to accept or reject a proposed modification of a chapter 11 plan);

e.    Bankruptcy Rule 2002(a)(7) (time fixed for filing a proof of claim pursuant to Bankruptcy Rule 3003(c));

f.    Bankruptcy Rule 2002(b)(1) (time fixed for filing objections to and any hearing to consider approval of a disclosure statement);

g.    Bankruptcy Rule 2002(b)(2) (time fixed for filing objections to and any hearing to consider confirmation of a chapter 11 plan);

h.    Bankruptcy Rule 2002(d) (certain matters for which notice is to be provided to equity security holders);

i.    Bankruptcy Rule 2002(f)(1) (entry of an order for relief);

j.    Bankruptcy Rule 2002(f)(2) (dismissal or conversion of a case to another chapter of the Bankruptcy Code);

k.    Bankruptcy Rule 2002(f)(3) (time allowed for filing claims pursuant to Bankruptcy Rule 3002);

l.    Bankruptcy Rule 2002(f)(6) (waiver, denial, or revocation of a discharge as provided in Bankruptcy Rule 4006);

m.    Bankruptcy Rule 2002(f)(7) (entry of an order confirming a chapter 11 plan); and

      n.     Bankruptcy Rule 2002(f)(8) (summary of the trustee's final report and account should a case be converted to chapter 7 of the Bankruptcy Code).

24.    ***Requests for Relief to Include Proposed Order***.  Parties submitting written motions or other Requests for Relief shall be required to include a proposed order with such Request for Relief.

**D.    Filing and Service of Objections and Replies**.

25.    ***Deadline for Objections***.  Any Objection to a Request for Relief must be filed with the Court and served upon the party filing the Request for Relief and those parties on the Service List must be filed by (each, as applicable, the "**Objection Deadline**"):

    a.     in the case of a Request for Relief filed twenty-one (21) or more days before the applicable hearing, 4:00 p.m. (prevailing Eastern Time), seven calendar days before the applicable hearing;

    b.     in the case of a Request for Relief filed less than twenty-one (21) days before the applicable hearing but fourteen (14) or more days before the applicable hearing, 4:00 p.m. (prevailing Eastern Time), three calendar days before the applicable hearing;

    c.     in the case of a Request for Relief set for hearing on an expedited basis and filed fewer than fourteen (14) days before the hearing, 12:00 p.m. (prevailing Eastern Time) on the business day preceding the applicable hearing; or

    d.     in any case, as otherwise ordered by the Court.

26.    ***Extension of Objection Deadline***.  The Objection Deadline may be extended without order of the Court upon the consent of the party filing the Request for Relief, which consent may be granted via email.

27.    ***Effect of Failure to File Objection by Objection Deadline***.  Failure to file an Objection by the Objection Deadline may cause the Court to disregard the Objection.

28.    ***Service of Objections***.  All Objections shall be filed with the Court and served by the applicable Objection Deadline upon the party filing the Request for Relief, and those parties

on the Service List including each Affected Entity; *provided* that if the Objection Deadline is after the date that is seven calendar days before the applicable hearing, then Objections shall also be served by email, facsimile, hand delivery, or overnight mail upon the following parties: (a) the Debtors and their counsel; (b) each Official Committee (if any), and its counsel; (c) each Affected Entity; (d) the U.S. Trustee; and (e) any party that has requested notice pursuant to Bankruptcy Rule 2002.

29.      ***Service of Replies to Objections***.  If a Court Filing is a reply to an Objection, such reply shall be filed with the Court and served so as to actually be received by (a) the Debtors and their counsel, (b) each Official Committee (if any), and its counsel, (c) each Affected Entity, (d) the U.S. Trustee and (e) any party that has requested notice pursuant to Bankruptcy Rule 2002 on or before 12:00 p.m. (prevailing Eastern Time) on the day that is two business days before the applicable hearing (the "**Reply Deadline**").  Sur-replies shall be not permitted or considered unless authorized by the Court.

30.      ***Settlements***.  In the event that a matter is properly noticed for hearing and the parties reach a settlement of the dispute prior to the scheduled hearing, the parties may announce the settlement at the scheduled hearing.  In the event that the Court determines that the notice of the dispute and the hearing is adequate notice of the effects of the settlement (*i.e.*, that the terms of the settlement are not materially different from what parties in interest could have expected if the dispute were fully litigated), the Court may approve the settlement at the hearing without further notice of the terms of the settlement.

31.      ***Supplemental Notice***.  In the event that the Court determines that additional or supplemental notice is required, the Debtors shall serve such notice in accordance with the Case

Management Procedures, and a hearing to consider such settlement shall be held on the next hearing date deemed appropriate by the Court.

>    **E.    Granting a Request for Relief Without a Hearing**.

32.    *Certificate of No Objection*.  If no Objection to a Request for Relief is filed after the Request for Relief is filed and served in a timely fashion, the movant may submit by email to Chambers a proposed order granting the Request for Relief to the Court along with a copy of the underlying request for relief and a certificate of no objection ("**Certificate of No Objection**") stating that no Objection has been filed or served on the movant.  By filing such certification, counsel for the movant represents to the Court that the movant is unaware of any Objection to the Request for Relief or the due service and notice thereof and that counsel has reviewed the Court's docket and no Objection appears thereon.

33.    *Order May Be Entered Without Hearing*.  Upon receipt of a Certificate of No Objection as provided in the preceding paragraph, the Court may enter an order granting the Request for Relief without further pleading, hearing, or request, and once an order granting such Request for Relief is entered, no further hearing on the Request for Relief shall be held.

34.    *Request for Relief May be Heard at a Hearing*.  After a Certificate of No Objection has been filed, the Request for Relief may be heard at the next Omnibus Hearing if the Court does not enter an order granting the Request for Relief before such Omnibus Hearing.

>    **F.    Filing and Service of Orders**.

35.    *Service of Orders*.  All parties submitting orders shall serve a conformed copy of any entered order on (a) each Affected Entity, (b) the Debtors, (c) Prime Clerk and (d) the Office of the United States Trustee for the Southern District of New York within two business days of entry of the applicable order.  Prime Clerk shall post all orders on the Case Website.

### G.    Filing and Service of Adversary Proceedings.

36.    ***Serving Adversary Proceedings***.  All Court Filings in any adversary proceeding commenced in these chapter 11 cases shall be served upon those parties entitled to service under the applicable Bankruptcy Rules or Local Rules.

37.    ***Discovery Rules in Contested Matters and Adversary Proceedings***.  Federal Rules of Civil Procedure 26(a)(1) (initial disclosures), 26(a)(2) (disclosures with respect to expert testimony), 26(a)(3) (additional pretrial disclosures) and 26(f) (mandatory meeting before scheduling conference/discovery plan) are inapplicable in contested matters but are applicable to adversary proceedings arising under these chapter 11 cases, except as otherwise provided by Court order filed in any particular adversary proceeding.

38.    ***Briefing Schedule in Adversary Proceedings***.  After a hearing date has been set by the Court, unless otherwise ordered by the Court, the parties to the adversary proceeding shall confer and agree upon a briefing schedule for all adversary matters, which shall be submitted for approval of the Court.

### H.    Other Pleadings.

39.    ***Joinders***.  Any party seeking to support any Court Filing may file an expression of support of such Court Filing (a "**Joinder**").  Unless otherwise ordered by the Court, filing a Joinder does <u>not</u> entitle such party to: (a) be an independent proponent of the Court Filing; (b) independently support or oppose any related Court Filings; (c) independently settle the underlying Request for Relief that is the subject of the applicable Court Filing; or (d) independently receive a ruling from the Court on the Court Filing.  The Court may deem a Joinder to be a brief in support of the applicable Court Filing, but the Court shall not consider any arguments or factual allegations contained in a Joinder but not in the related Court Filing, and no party shall be required to separately respond to a Joinder.

40.     ***Motion Practice for Lift Stay Actions***.   A motion filed by a non-Debtor party seeking relief from the automatic stay (a "**Stay Relief Motion**") in accordance with section 362 of the Bankruptcy Code shall be noticed for consideration on the Omnibus Hearing date that is at least twenty-one (21) calendar days after the Stay Relief Motion is filed and notice thereof is served upon the Debtors.  Unless otherwise ordered by the Court, the objection deadline shall be seven calendar days prior to the hearing scheduled with respect thereto.

41.     ***Continuation of Automatic Stay.***     Notwithstanding section 362(e) of the Bankruptcy Code, if a Stay Relief Motion is scheduled in accordance with the Case Management Procedures for, or adjourned to, a hearing date thirty (30) calendar days after the filing of the Stay Relief Motion, the moving party shall be deemed to have consented to the continuation of the automatic stay in effect pending the conclusion of, or as a result of, a final hearing and determination under section 362(d) of the Bankruptcy Code, and shall be deemed to have waived its right to assert the termination of the automatic stay under section 362(e) of the Bankruptcy Code.

42.     ***Motions for Summary Judgment***.  Pursuant to Local Rules 7056-1, no motion for summary judgment may be made without first seeking a pre-motion conference.  A request for such conference should be made by email, filed and served in accordance with the Case Management Procedures, setting forth the issues to be presented under the summary judgment motion.

43.     ***Motions for Reargument***.    Motions for reargument must identify with particularity the matter for reconsideration in accordance with Local Rule 9023-1.  If, after review of the motion, the Court determines that it wishes a response, and/or hearing, it will notify the applicable parties accordingly.

44.   ***Motions for Temporary Restraining Orders***.   Parties seeking a temporary restraining order (a "**TRO**") must comply with the requirements of Federal Rule of Civil Procedure 65(b).   Applications for a TRO will generally be heard in open court, on the record, with a court reporter or audio recording.   Parties wishing to oppose a TRO will be heard by telephone upon request.   Applicants seeking TROs are reminded of the need to submit with their motion papers the written affidavit required under Federal Rule of Civil Procedure 65(b) confirming the notice provided to anyone who might wish to oppose the application.   Any assertions that notice cannot or should not be given must likewise be supported by affidavit.   Any request for a TRO must be preceded by an email and a telephone call to Chambers, advising Chambers of the nature of the controversy, the need for emergency relief, why a noticed hearing for a preliminary injunction would be insufficient, when a hearing on the TRO application is needed, and when the motion papers will be forthcoming.   Except in those rare cases where advance notice of the TRO application would vitiate the purpose of a TRO (and where that can be established by affidavit), immediate telephonic notice of the application must be provided to all parties reasonably expected to be affected by entry of the TRO, or provisions therein.   In addition, the motion papers on any TRO application must be hand delivered, emailed, or faxed to any such parties at the same time that the papers are provided to Chambers.

45.   ***Automatic Extension of Certain Time Periods***.   If a Request for Relief to extend the time to take any action is filed prior to the expiration of the time period provided by the Bankruptcy Code (including any Request for Relief pursuant to section 1121 of the Bankruptcy Code), the Bankruptcy Rules, the Local Rules, or any order of the Court, the time to so take action shall be automatically extended until the Court considers and rules upon the Request for Relief.

### III.        Additional Case Management Procedures.

46.        ***Adequate Notice***.    Notice and service accomplished in accordance with the provisions set forth in the Case Management Procedures shall be deemed adequate in all respects pursuant to the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

47.        ***Computation of Time***.    Unless otherwise specified, all time periods referenced in the Case Management Procedures shall be calculated in accordance with Bankruptcy Rule 9006(a).

48.        ***Effect of the Case Management Procedures***.    The Bankruptcy Rules and the Local Rules shall continue to apply to all proceedings in these chapter 11 cases, except to the extent that any provision of the Case Management Procedures by its terms supersedes or is inconsistent with such rules.

49.        ***Promulgation of the Case Management Procedures***.    As soon as practicable after the entry of the proposed Order, a copy of the Case Management Procedures shall be served by the Debtors on each of the parties on the Master Service List. In addition, shortly after the end of each calendar month, Prime Clerk or counsel to the Debtors shall serve a copy of the Case Management Procedures upon any party filing a 2002 Notice Request within such calendar month.  To help ensure that all parties who may participate in these chapter 11 cases are aware of the terms of the Case Management Procedures, the Debtors will post the Case Management Procedures on the Case Website.

*[Remainder of Page Intentionally Left Blank.]*

## Exhibit B

**Blackline Against Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.,** *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

**[AMENDED]{.underline} ORDER ESTABLISHING CERTAIN NOTICE,
CASE MANAGEMENT, AND ADMINISTRATIVE PROCEDURES**

Upon the motion (the "**Motion**")[2] of Purdue Pharma L.P. and its affiliates that are debtors

and debtors in possession in these proceedings (collectively, the "**Debtors**") for entry of an order

(this "**Order**") approving and implementing the notice, case management and administrative

procedures attached hereto as **Exhibit 1** (the "**Case Management Procedures**"); and the Court

having jurisdiction to consider the Motion and the relief requested therein pursuant to

28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431,

dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested

therein being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before the

Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having

been provided, and it appearing that no other or further notice need be provided; and the Court

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to such term in the Motion.

having reviewed the Motion and held a hearing to consider the relief requested in the Motion on September 17, 2019 (the "**Hearing**"); and upon the Lowne Declaration filed contemporaneously with the Motion, and the record of the Hearing; and after due deliberation the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish good and sufficient cause for the relief granted herein; now, therefore,

**IT IS HEREBY ORDERED THAT**

1.      The Motion is granted as set forth herein.

2.      The Case Management Procedures, as set forth in **Exhibit 1** attached hereto, are approved and shall govern all applicable aspects of these chapter 11 cases, except as otherwise ordered by this Court.

3.      The ~~first four~~next three Omnibus Hearings are scheduled as follows:

- ~~__:__ _.m. on the __th day of _____;~~
- ~~__:__ _.m. on the __th day of _____;~~
- ~~__:__ _.m. on the __th day of _____;   and~~
- ~~__:__ _.m. on the __th day of _____;~~

- 10:00 a.m. on the 19th day of  November 2019;
- 10:00 a.m. on the 19th day of  December 2019; and
- 10:00 a.m. on the 23rd day of  January 2020.

4.      The Debtors' claims and noticing agent, Prime Clerk is authorized, but not directed, to establish the Case Website, available at https://restructuring.primeclerk.com/purduepharma, where, among other things, electronic copies of all Court Filings will be posted and viewable free of charge.

5.      Any notice sent by the Debtors or any other party to the Master Service List or the 2002 List, or to any parties required by the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Case Management Procedures, or further order of this Court, shall be deemed sufficient and in compliance therewith.

6.      Any notice sent by the Debtors or any other party in interest shall be deemed to comply with the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

7.      All time periods set forth in this Order or in the Case Management Procedures shall be calculated in accordance with Bankruptcy Rule 9006(a).

8.      The Debtors are authorized to take all actions necessary or appropriate to effectuate the relief granted in this Order in accordance with the Motion.

9.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: [•], 2019

Dated: September 18, 2019
White Plains, New York

/s/ Robert D. Drain

THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE U.S. BANKRUPTCY JUDGE

**<u>Exhibit 1</u>**

**Case Management Procedures**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.**, *et al.*, | **Case No. 19-23649 (RDD)** |
| **Debtors.**[1] | **(Jointly Administered)** |

## <u>CASE MANAGEMENT PROCEDURES</u>

On September 15, 2019 (the "**Petition Date**"), the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Court for the Southern District of New York (the "**Court**"). The Debtors operate their businesses and manage their properties as Debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

On ~~September 18~~[•], 2019, the Court entered an order Docket No. [——•] (the "**Order**") approving these case management procedures (the "**Case Management Procedures**") set forth herein pursuant to section 105(a) of the Bankruptcy Code, Rules 1015(c), 2002(m) and 9007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 9074-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"). Anyone

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

may obtain a copy of the Order, as well as any Court Filing filed with the Court in these chapter 11 cases, by: (i) accessing the website maintained by Prime Clerk LLC ("**Prime Clerk**" or the "**Claims and Noticing Agent**"), at https://restructuring.primeclerk.com/purduepharma (the "**Case Website**"); (ii) contacting Prime Clerk directly at Purdue Pharma, L.P., c/o Prime Clerk LLC, 830 3rd Avenue, 9th Floor, New York, NY 10022, telephone: (844) 217-0912 (toll free) and (347) 859-8093 (international), email: purduepharmainfo@primeclerk.com; or (iii) accessing the PACER system on the Court's website at http://www.nysb.uscourts.gov for a nominal fee.

Pursuant to the Order, all notices, motions, applications, briefs, memoranda, affidavits, declarations, objections, responses and other documents filed in these chapter 11 cases are subject to, and will not be deemed properly served unless they are served in accordance with, these Case Management Procedures. Additionally, while the Bankruptcy Code, the Bankruptcy Rules and the Local Rules apply to these chapter 11 cases, to the extent there is a conflict between the foregoing and these Case Management Procedures, these Case Management Procedures shall govern in all respects. Accordingly, all parties in interest are strongly encouraged to review these Case Management Procedures in their entirety and consult their own legal counsel with respect to any of the matters discussed herein before filing any documents in these chapter 11 cases.

## Case Management Procedures

### I.    Hearing Procedures.

1.    ***All Matters to Be Heard at Omnibus Hearings***. The Debtors shall be authorized to schedule, in cooperation with the Court, periodic omnibus hearings (the "**Omnibus Hearings**") to consider all notices, motions, applications, and other requests for relief, briefs, memoranda, affidavits, declarations, replies and other documents filed in support of

2

such papers seeking relief (collectively, the "**Requests for Relief**"), and all objections and responses to such Requests for Relief (collectively, the "**Objections**," and together with the Requests for Relief and all other filed documents, the "**Court Filings**").

2.    ***Initial Omnibus Hearings***.    The ~~first four~~next three Omnibus Hearings are scheduled as follows:

- ~~__:__ _.m. on the __th day of _____;~~

- ~~__:__ _.m. on the __th day of _____;~~

- ~~__:__ _.m. on the __th day of _____; and~~

- ~~__:__ _.m. on the __th day of _____;~~

- 10:00 a.m. on the 19th day of  November 2019;

- 10:00 a.m. on the 19th day of  December 2019; and

- 10:00 a.m. on the 23rd day of  January 2020.

3.    ***Subsequent Omnibus Hearings***.    At or before the Omnibus Hearing held on ~~[~~ ~~]~~January 23, ~~2019~~2020, the Debtors shall request that the Court schedule additional Omnibus Hearings.  The Court shall schedule such Omnibus Hearings and, upon scheduling, Prime Clerk shall post the dates of the additional Omnibus Hearings on the Case Website.  Parties may contact Prime Clerk for information concerning all scheduled Omnibus Hearings.

4.    ***Proposed Hearing Agenda***.    Two business days before each Omnibus Hearing, Debtors' counsel shall file a proposed agenda with regard to the matters scheduled to be heard at such Omnibus Hearing (the "**Proposed Hearing Agenda**").  The Proposed Hearing Agenda may include notice of matters that have been consensually adjourned to a later Omnibus Hearing in lieu of parties filing a separate notice of adjournment; *provided* that for all matters adjourned to a

later Omnibus Hearing or some other future date, the Debtors also will electronically file (but need not serve) a notice of adjournment with respect to such matters.

5.    ***Content of Proposed Hearing Agenda***.   The Proposed Hearing Agenda will include, to the extent known by Debtors' counsel: (a) the docket number and title of each matter scheduled to be heard at such Omnibus Hearing, including the initial filing and any objections, replies, or documents related thereto; (b) whether the matters are contested or uncontested; (c) whether the matters have settled or are proposed to be continued; (d) a suggestion for the order in which the matters should be addressed; and (e) any other comments that will assist the Court.

6.    ***Evidentiary Hearings***.   With respect to any Court Filing, if Objections are filed, the Omnibus Hearing shall not be deemed an evidentiary hearing at which witnesses may testify unless the Proposed Hearing Agenda provides otherwise; *provided* that parties in interest may request the Court by email (and copying opposing parties) that such hearing be an evidentiary hearing.   Additionally, any Court Filing requesting or requiring the Court to make a factual finding must be supported by competent evidence (*e.g.*, declarations, affidavits and exhibits).

7.    ***Telephonic Appearances***.   A party desiring to participate in a hearing telephonically must request permission from Chambers and notify Debtors' counsel at least 48 hours before the applicable hearing.   If Chambers permits telephonic participation, the party participating telephonically must arrange such participation with CourtSolutions or CourtCall, as applicable, adhering to the procedures for telephonic participation applicable in the Court.   Those parties participating by phone may not use speakerphones unless first authorized by the Court. Persons participating by phone (and especially by speakerphone) must put their phones on

4

"mute" except when they need to be heard.  Persons so participating are not to put their phones on "hold" under any circumstances.

8.      ***Listen-Only Lines***.  Any party may attend hearings through a listen-only line by arranging such listen-only line with CourtSolutions or CourtCall, as applicable.

9.      ***Matters that May Be Heard at Non-Omnibus Hearings***.  Subject to consultation with Chambers, hearings in connection with applications for professional compensation and reimbursement, pre-trial conferences, asset sales and trials related to adversary proceedings, approval of a disclosure statement, confirmation of a plan, and any other Court Filing filed by the Debtors and not heard may be scheduled for dates other than the Omnibus Hearing dates; *provided*, *however*, that initial pre-trial conferences scheduled in connection with adversary proceedings involving the Debtors shall be set on the next available Omnibus Hearing date that is at least forty-five (45) calendar days after the filing of the complaint, except as otherwise ordered by the Court.  Hearings on all other Requests for Relief filed by any party, except for those Requests for Relief requiring emergency relief, must be scheduled for an Omnibus Hearing.

## II.      Filing and Service Procedures.

10.      All Court Filings filed in these chapter 11 cases shall be filed electronically with the Court on the docket of *In re Purdue Pharma, L.P.*, Case No. 19-23649 (RDD), in accordance with the Court's General Order M-399, by registered users of the Court's electronic case filing system (the "**Electronic Filing System**").  Further, pursuant to Local Rule 9070-1, at least one hard copy of any Court Filing (other than proofs of claim) shall be: (a) marked "Chambers Copy" and delivered to the Chambers of the Honorable Judge Robert D. Drain, United States Court for the Southern District of New York ("**Chambers**"), United States Bankruptcy Court for the

Southern District of New York, 300 Quarropas Street, Room 248, White Plains, New York 10601 so as to be recorded no later than the next business day following the date on which such Court Filing is electronically filed; and (b) delivered by first-class mail to the Office of the United States Trustee for the Southern District of New York (the "**U.S. Trustee**"), 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Paul K. Schwartzberg.

A.    **The Service List**.

11.    *Parties Entitled to Service*.  All Court Filings (other than proofs of claim) shall be served on the following list of parties (the "**Service List**"), according to the following notice procedures.

  a.    *Master Service List*.  Prime Clerk shall maintain a Master Service List (the "**Master Service List**").  The Master Service List shall be made available by (i) accessing the Case Website, (ii) contacting the Claims and Noticing Agent directly or (iii) contacting the Debtors' counsel directly. The Master Service List shall include the following parties:

  i.    the Debtors and their counsel;

  ii.    the Office of the U.S. Trustee for the Southern District of New York;

  iii.    counsel to any official committee that may be appointed in these chapter 11 cases (an "**Official Committee**");

  iv.    the ad hoc committee of governmental and other contingent litigation claimants represented by Brown Rudnick LLP, Gilbert, LLP, Kramer Levin Naftalis & Frankel LLP, and Otterbourg PC;

  v.    holders of the 50 largest unsecured claims against the Debtors on a consolidated basis;[2]

  vi.    the United States Department of Justice;

  vii.    the United States Attorney's Office for the Southern District of New York;

---

[2]    If an official committee of unsecured creditors is appointed and counsel is retained, holders of the 50 largest unsecured claims against the Debtors shall not be included in the Master Service List.

viii.    the attorneys general for all fifty states and the District of Columbia;

ix.    the Internal Revenue Service; and

x.    any party that has requested notice pursuant to Bankruptcy Rule 2002.

b.    *2002 List*.  Prime Clerk shall maintain a list of all parties that have filed a request to receive service of Court Filings pursuant to Bankruptcy Rule 2002 (the "**2002 List**").

i.    ***Filing Requests for Documents Requires Email Address***.  A request for service of Court Filings pursuant to Bankruptcy Rule 2002 (each, a "**2002 Notice Request**") filed with the Court shall be deemed proper only if it includes the following information with respect to the party filing such request: (a) name; (b) street address; (c) name of clients, if applicable; (d) telephone number; (e) facsimile number; and (f) email address.

ii.    ***Certification Opting Out of Email Service***.  Any party filing a 2002 Notice Request who does not maintain (and cannot practicably obtain) an email address and therefore cannot receive service by email must include in the 2002 Notice Request a certification to that effect (each, a "**Certification**").    A Certification shall include a statement certifying that the party (a) does not maintain an email address and (b) cannot practicably obtain an email address at which the party could receive service. Such party will thereafter receive paper service in accordance with the Case Management Procedures.

iii.    ***Email Address Required***.  If a 2002 Notice Request fails to include an email address or a Certification, the Debtors shall forward a copy of the Case Management Procedures to such party within five business days requesting an email address.  If no email address or Certification is provided in response to such request, such party shall not be added to the 2002 List or served with copies of Court Filings unless such Court Filings directly affect such party.

iv.    ***Changes in Information***.  Each party submitting a 2002 Notice Request is responsible for filing with the Court an updated 2002 Notice Request as necessary to reflect changes to any notice information and must serve a copy of such updated 2002 Notice Request upon the Debtors.

c.    *Affected Entities*.  All entities with a particularized interest in the subject matter of a specific Court Filing, including the entity filing the Request for

Relief is an "**Affected Entity**" and entitled to be served with all Court Filings relating to that interest.

12.     *Maintenance of the Service List*.  At least every fifteen (15) days during the first sixty (60) days of these chapter 11 cases, and at least every thirty (30) days thereafter, Prime Clerk shall update the Service List by making any additions and deletions and post the updated Service List on the Case Website.

**B.     Filing and Service of Court Filings Generally**.

13.     *Electronic Filing and Service*.  All Court Filings shall be filed electronically with the Court, using the Court's Electronic Filing System and served via email, other than service of a summons and complaint in an adversary proceeding or documents filed under seal, which shall be deemed to constitute proper service for all parties who are sent such email service; *provided* that if a party entitled to notice of a Court Filing does not have an email address or an email address is not available, the party shall be served by U.S. mail, overnight delivery or hand delivery.  Subject to the limited exclusions provided herein, each party that files a notice of appearance and a 2002 Notice Request shall be deemed to have consented to electronic service of all Court Filings.

     a.     *Email Subject Line*.  With respect to the service of any Court Filing, the subject line of the email shall include (i) the Debtors' case name and number *In re Purdue Pharma L.P.*, Case No. 19-23649 (RDD), (ii) the name of the party filing such Court Filing, (iii) the title of the Court Filing being served and (iv) a statement that attachments are also available on the Court's docket.  If the title of the Court Filing is too long to fit within the subject line of the email, the subject line shall contain a shortened version of such title, and the text of the email shall contain the full title of such Court Filing.

     b.     *Email Attachments*.  All Court Filings served by email shall include the entire document, including any proposed forms of order and exhibits, attachments, or other materials, in PDF, readable by Adobe Acrobat or other equivalent document reader programs commonly available without cost.  The relevant Court Filing shall either be attached to the email in a format specified above or the email shall contain a link to such filing in

8

such format.  Notwithstanding the foregoing, if a Court Filing cannot be attached to an email (because of its size, technical difficulties, or other concerns), the filing party may serve the Court Filing by U.S. mail, including the proposed forms of order and any exhibits, attachments and other relevant materials; *provided* that the Court Filing is served by hand or overnight delivery on the Service List.

14.    ***Waiver of Filing Deadlines***.  If any Court Filing is filed via the Electronic Filing System and served electronically, the filing deadlines requiring three additional calendar days' notice set forth in Rule 6(e) of the Federal Rules of Civil Procedure (made applicable to adversary proceedings by Bankruptcy Rule 7005(b)(2)(D)), and Bankruptcy Rule 9006(f) shall not apply.

15.    ***Form of Papers***.  Unless granted prior permission, motions, applications and objections are limited to 40 pages and replies and statements are limited to 20 pages.  All Court Filings (other than exhibits) shall be double-spaced, 12-point font, with one-inch margins.  This provision is subject to the Local Rules and any Chambers rules.

16.    ***Certificates of Service***.  Certificates of service for all Court Filings, including the Service List, need only be filed with the Court.

17.    ***Right to Request Special Notice Procedures***.  Nothing in the Case Management Procedures shall prejudice the right of any party to seek an amendment or waiver of the provisions of the Case Management Procedures upon a showing of good cause including, without limitation, the right to file a motion seeking emergency *ex parte* relief or relief upon shortened notice.

18.    ***Section 342 Notice Requirements***.  Any notice sent by the Debtors or any other party in interest shall be deemed to comply with the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

C.    **Filing and Service of Requests for Relief**.

19.    ***Requests for Relief to Be Heard at Omnibus Hearing***.  In accordance with Local Rule 9006-1(b), if a party files and serves a Request for Relief at least fourteen (14) calendar days before the next Omnibus Hearing, the matter shall be set for hearing at such Omnibus Hearing.  If a Request for Relief is served by overnight delivery only, it must be filed and served at least fifteen (15) calendar days before the next Omnibus Hearing.  If a Request for Relief is served by U.S. mail only, it must be filed and served at least seventeen (17) calendar days before the next Omnibus Hearing.  All applications for reimbursement of fees and expenses by professionals retained by the estate must be filed and served at least twenty-one (21) calendar days before the next Omnibus Hearing.  If a Request for Relief is filed by a party other than the Debtors and purports to set a hearing date inconsistent with these Case Management Procedures, the Request for Relief shall be heard, without the necessity of a Court order, at the first Omnibus Hearing after the applicable notice period has expired.

20.    ***Emergency Scheduling Procedures***.  If a movant or applicant other than the Debtors determines that a Request for Relief requires emergency or expedited relief, the movant or applicant shall contact (a) the attorneys for (i) the Debtors and (ii) each Official Committee, if applicable, by telephone and request that the Request for Relief be considered on an expedited basis; and (b) the U.S. Trustee.  If the Debtors or any Official Committee disagree with the movant's or applicant's request for emergency or expedited relief, the movant or applicant shall (a) inform the Court of the disagreement by telephone and (b) arrange by email to Chambers for a Chambers conference, telephonic or in-person, to discuss the disagreement.  If the Court agrees with the movant or applicant regarding the necessity for expedited consideration, the movant or applicant may, by order to show cause, request an expedited hearing.

21.    ***Notices of Requests for Relief***.    A notice shall be affixed to the front of each Request for Relief and shall set forth: (a) the title of the Request for Relief; (b) the time and date of the objection deadline; (c) the parties on whom any objection is to be served; and (d) the Omnibus Hearing date at which the party intends to present the Request for Relief.    The notice may also include a statement that the relief requested therein may be granted, pursuant to Local Rule 9074-1, without a hearing if no objection is timely filed and served in accordance with the Case Management Procedures (each, a "**Presentment Notice**").    Subject to Section E of these Case Management Procedures, if the notice filed with a Request for Relief includes a Presentment Notice, after the objection deadline has passed and if no objection has been filed and served in accordance with these Case Management Procedures, counsel to the party who filed the Request for Relief may file a certification that no objection has been filed or served on them, and may request by email to Chambers that the Court grant the relief and enter an order without a hearing.    A Presentment Notice must be emailed to the Court and include the underlying motion, the certificate of service, an electronic version of the proposed order in Word or WordPerfect format, and a cover note including a representation that (i) the movant sought relief by notice of presentment and (ii) the objection period has passed and no objections were filed to the Request for Relief or the due service and notice thereof.

22.    ***Service of Requests for Relief***.    For any Court Filing for which particular notice is required to be served both on all creditors and on parties with a particular interest in the relief sought by any Request for Relief, including Bankruptcy Rules 2002(a)(2) and (3), 4001, 6004, 6007 and 9019, parties shall serve all such Court Filings only on the Service List in accordance with the following, unless otherwise ordered by the Court:

    a.    in the case of any use, sale, lease, or abandonment of substantially all of the Debtors' property, on each party asserting an interest in that property;

11

b.      in the case of any relief from or modification of the automatic stay, on each party asserting a lien or other encumbrance on the affected property;

c.      in the case of the use of cash collateral or obtaining of credit, on each party asserting an interest in the cash collateral or a lien or other interest in property upon which a lien or encumbrance is proposed to be granted;

d.      in the case of a motion under Bankruptcy Rule 9019, on all parties to the relevant compromise and settlement, or that may be directly affected by such compromise or settlement;

e.      in the case of assumption, assignment, or rejection of an executory contract or an unexpired lease, on each party to the executory contract or the unexpired lease;

f.      any objection, opposition, response, reply, or further document filed directly in response to another party's Court Filing, on such other party; and

g.      on all parties as required by the Bankruptcy Rules, unless otherwise directed by the Court.

23.     ***Notice Provisions Not Applicable to Certain Matters***.  Except as set forth in the

Case Management Procedures or otherwise provided by order of the Court, the notice provisions

of the Case Management Procedures shall not apply to notices of the matters or proceedings

described in the following Bankruptcy Rules:

a.      Bankruptcy Rule 2002(a)(1) (meeting of creditors pursuant to section 341 of the Bankruptcy Code);

b.      Bankruptcy Rule 2002(a)(2) (any proposed use, sale, or lease of property of the estate other than in the ordinary course of business, to the extent that such use, sale, or lease concerns all or substantially all of the Debtors' assets);

c.      Bankruptcy Rule 2002(a)(4) (hearing on the dismissal of a case or cases or the conversion of a case to another chapter);

d.      Bankruptcy Rule 2002(a)(5) (time fixed to accept or reject a proposed modification of a chapter 11 plan);

e.      Bankruptcy Rule 2002(a)(7) (time fixed for filing a proof of claim pursuant to Bankruptcy Rule 3003(c));

f.      Bankruptcy Rule 2002(b)(1) (time fixed for filing objections to and any hearing to consider approval of a disclosure statement);

g.      Bankruptcy Rule 2002(b)(2) (time fixed for filing objections to and any hearing to consider confirmation of a chapter 11 plan);

h.      Bankruptcy Rule 2002(d) (certain matters for which notice is to be provided to equity security holders);

i.      Bankruptcy Rule 2002(f)(1) (entry of an order for relief);

j.      Bankruptcy Rule 2002(f)(2) (dismissal or conversion of a case to another chapter of the Bankruptcy Code);

k.      Bankruptcy Rule 2002(f)(3) (time allowed for filing claims pursuant to Bankruptcy Rule 3002);

l.      Bankruptcy Rule 2002(f)(6) (waiver, denial, or revocation of a discharge as provided in Bankruptcy Rule 4006);

m.      Bankruptcy Rule 2002(f)(7) (entry of an order confirming a chapter 11 plan); and

n.      Bankruptcy Rule 2002(f)(8) (summary of the trustee's final report and account should a case be converted to chapter 7 of the Bankruptcy Code).

24.     ***Requests for Relief to Include Proposed Order***.  Parties submitting written motions or other Requests for Relief shall be required to include a proposed order with such Request for Relief.

**D.      Filing and Service of Objections and Replies**.

25.     ***Deadline for Objections***.  Any Objection to a Request for Relief must be filed with the Court and served upon the party filing the Request for Relief and those parties on the Service List must be filed by (each, as applicable, the "**Objection Deadline**"):

a.      in the case of a Request for Relief filed twenty-one (21) or more days before the applicable hearing, 4:00 p.m. (prevailing Eastern Time), seven calendar days before the applicable hearing;

b.      a. in the case of a Request for Relief filed less than twenty-one (21) days before the applicable hearing but fourteen (14) or more days before the

applicable hearing, 4:00 p.m. (prevailing Eastern Time), three calendar days before the applicable hearing;

c.    b. in the case of a Request for Relief set for hearing on an expedited basis and filed fewer than fourteen (14) days before the hearing, 12:00 p.m. (prevailing Eastern Time) on the business day preceding the applicable hearing; or

d.    c. in any case, as otherwise ordered by the Court.

26.    ***Extension of Objection Deadline***.  The Objection Deadline may be extended without order of the Court upon the consent of the party filing the Request for Relief, which consent may be granted via email.

27.    ***Effect of Failure to File Objection by Objection Deadline***.  Failure to file an Objection by the Objection Deadline may cause the Court to disregard the Objection.

28.    ***Service of Objections***.  All Objections shall be filed with the Court and served by the applicable Objection Deadline upon the party filing the Request for Relief, and those parties on the Service List including each Affected Entity; *provided* that if the Objection Deadline is after the date that is seven calendar days before the applicable hearing, then Objections shall also be served by email, facsimile, hand delivery, or overnight mail upon the following parties: (a) the Debtors and their counsel; (b) each Official Committee (if any), and its counsel; (c) each Affected Entity; (d) the U.S. Trustee; and (e) any party that has requested notice pursuant to Bankruptcy Rule 2002.

29.    ***Service of Replies to Objections***.  If a Court Filing is a reply to an Objection, such reply shall be filed with the Court and served so as to actually be received by (a) the Debtors and their counsel, (b) each Official Committee (if any), and its counsel, (c) each Affected Entity, (d) the U.S. Trustee and (e) any party that has requested notice pursuant to Bankruptcy Rule 2002 on or before 12:00 p.m. (prevailing Eastern Time) on the day that is two business days

14

before the applicable hearing (the "**Reply Deadline**").  Sur-replies shall be not permitted or considered unless authorized by the Court.

30.    *Settlements*.  In the event that a matter is properly noticed for hearing and the parties reach a settlement of the dispute prior to the scheduled hearing, the parties may announce the settlement at the scheduled hearing.  In the event that the Court determines that the notice of the dispute and the hearing is adequate notice of the effects of the settlement (*i.e.*, that the terms of the settlement are not materially different from what parties in interest could have expected if the dispute were fully litigated), the Court may approve the settlement at the hearing without further notice of the terms of the settlement.

31.    *Supplemental Notice*.  In the event that the Court determines that additional or supplemental notice is required, the Debtors shall serve such notice in accordance with the Case Management Procedures, and a hearing to consider such settlement shall be held on the next hearing date deemed appropriate by the Court.

E.    **Granting a Request for Relief Without a Hearing**.

32.    *Certificate of No Objection*.  If no Objection to a Request for Relief is filed after the Request for Relief is filed and served in a timely fashion, the movant may submit by email to Chambers a proposed order granting the Request for Relief to the Court along with a copy of the underlying request for relief and a certificate of no objection ("**Certificate of No Objection**") stating that no Objection has been filed or served on the movant.  By filing such certification, counsel for the movant represents to the Court that the movant is unaware of any Objection to the Request for Relief or the due service and notice thereof and that counsel has reviewed the Court's docket and no Objection appears thereon.

15

33. ***Order May Be Entered Without Hearing***.  Upon receipt of a Certificate of No Objection as provided in the preceding paragraph, the Court may enter an order granting the Request for Relief without further pleading, hearing, or request, and once an order granting such Request for Relief is entered, no further hearing on the Request for Relief shall be held.

34. ***Request for Relief May be Heard at a Hearing***.  After a Certificate of No Objection has been filed, the Request for Relief may be heard at the next Omnibus Hearing if the Court does not enter an order granting the Request for Relief before such Omnibus Hearing.

**F.    Filing and Service of Orders**.

35. ***Service of Orders***.  All parties submitting orders shall serve a conformed copy of any entered order on (a) each Affected Entity, (b) the Debtors, (c) Prime Clerk and (d) the Office of the United States Trustee for the Southern District of New York within two business days of entry of the applicable order.  Prime Clerk shall post all orders on the Case Website.

**G.    Filing and Service of Adversary Proceedings**.

36. ***Serving Adversary Proceedings***.  All Court Filings in any adversary proceeding commenced in these chapter 11 cases shall be served upon those parties entitled to service under the applicable Bankruptcy Rules or Local Rules.

37. ***Discovery Rules in Contested Matters and Adversary Proceedings***.  Federal Rules of Civil Procedure 26(a)(1) (initial disclosures), 26(a)(2) (disclosures with respect to expert testimony), 26(a)(3) (additional pretrial disclosures) and 26(f) (mandatory meeting before scheduling conference/discovery plan) are inapplicable in contested matters but are applicable to adversary proceedings arising under these chapter 11 cases, except as otherwise provided by Court order filed in any particular adversary proceeding.

16

38. ***Briefing Schedule in Adversary Proceedings***.  After a hearing date has been set by the Court, unless otherwise ordered by the Court, the parties to the adversary proceeding shall confer and agree upon a briefing schedule for all adversary matters, which shall be submitted for approval of the Court.

**H.    Other Pleadings**.

39. ***Joinders***.  Any party seeking to support any Court Filing may file an expression of support of such Court Filing (a "**Joinder**").  Unless otherwise ordered by the Court, filing a Joinder does <u>not</u> entitle such party to: (a) be an independent proponent of the Court Filing; (b) independently support or oppose any related Court Filings; (c) independently settle the underlying Request for Relief that is the subject of the applicable Court Filing; or (d) independently receive a ruling from the Court on the Court Filing.  The Court may deem a Joinder to be a brief in support of the applicable Court Filing, but the Court shall not consider any arguments or factual allegations contained in a Joinder but not in the related Court Filing, and no party shall be required to separately respond to a Joinder.

40. ***Motion Practice for Lift Stay Actions***.  A motion filed by a non-Debtor party seeking relief from the automatic stay (a "**Stay Relief Motion**") in accordance with section 362 of the Bankruptcy Code shall be noticed for consideration on the Omnibus Hearing date that is at least twenty-one (21) calendar days after the Stay Relief Motion is filed and notice thereof is served upon the Debtors.  Unless otherwise ordered by the Court, the objection deadline shall be seven calendar days prior to the hearing scheduled with respect thereto.

41. ***Continuation of Automatic Stay.***  Notwithstanding section 362(e) of the Bankruptcy Code, if a Stay Relief Motion is scheduled in accordance with the Case Management Procedures for, or adjourned to, a hearing date thirty (30) calendar days after the filing of the

17

Stay Relief Motion, the moving party shall be deemed to have consented to the continuation of the automatic stay in effect pending the conclusion of, or as a result of, a final hearing and determination under section 362(d) of the Bankruptcy Code, and shall be deemed to have waived its right to assert the termination of the automatic stay under section 362(e) of the Bankruptcy Code.

42.    ***Motions for Summary Judgment***.  Pursuant to Local Rules 7056-1, no motion for summary judgment may be made without first seeking a pre-motion conference.  A request for such conference should be made by email, filed and served in accordance with the Case Management Procedures, setting forth the issues to be presented under the summary judgment motion.

43.    ***Motions for Reargument***.    Motions for reargument must identify with particularity the matter for reconsideration in accordance with Local Rule 9023-1.   If, after review of the motion, the Court determines that it wishes a response, and/or hearing, it will notify the applicable parties accordingly.

44.    ***Motions for Temporary Restraining Orders***.   Parties seeking a temporary restraining order (a "**TRO**") must comply with the requirements of Federal Rule of Civil Procedure 65(b).  Applications for a TRO will generally be heard in open court, on the record, with a court reporter or audio recording.  Parties wishing to oppose a TRO will be heard by telephone upon request.  Applicants seeking TROs are reminded of the need to submit with their motion papers the written affidavit required under Federal Rule of Civil Procedure 65(b) confirming the notice provided to anyone who might wish to oppose the application.   Any assertions that notice cannot or should not be given must likewise be supported by affidavit. Any request for a TRO must be preceded by an email and a telephone call to Chambers, advising

18

Chambers of the nature of the controversy, the need for emergency relief, why a noticed hearing for a preliminary injunction would be insufficient, when a hearing on the TRO application is needed, and when the motion papers will be forthcoming.  Except in those rare cases where advance notice of the TRO application would vitiate the purpose of a TRO (and where that can be established by affidavit), immediate telephonic notice of the application must be provided to all parties reasonably expected to be affected by entry of the TRO, or provisions therein.  In addition, the motion papers on any TRO application must be hand delivered, emailed, or faxed to any such parties at the same time that the papers are provided to Chambers.

45.    *Automatic Extension of Certain Time Periods*.  If a Request for Relief to extend the time to take any action is filed prior to the expiration of the time period provided by the Bankruptcy Code (including any Request for Relief pursuant to section 1121 of the Bankruptcy Code), the Bankruptcy Rules, the Local Rules, or any order of the Court, the time to so take action shall be automatically extended until the Court considers and rules upon the Request for Relief.

## III.    Additional Case Management Procedures.

46.    *Adequate Notice*.  Notice and service accomplished in accordance with the provisions set forth in the Case Management Procedures shall be deemed adequate in all respects pursuant to the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

47.    *Computation of Time*.  Unless otherwise specified, all time periods referenced in the Case Management Procedures shall be calculated in accordance with Bankruptcy Rule 9006(a).

48.    *Effect of the Case Management Procedures*.  The Bankruptcy Rules and the Local Rules shall continue to apply to all proceedings in these chapter 11 cases, except to the

extent that any provision of the Case Management Procedures by its terms supersedes or is inconsistent with such rules.

49.    ***Promulgation of the Case Management Procedures*.**  As soon as practicable after the entry of the proposed Order, a copy of the Case Management Procedures shall be served by the Debtors on each of the parties on the Master Service List. In addition, shortly after the end of each calendar month, Prime Clerk or counsel to the Debtors shall serve a copy of the Case Management Procedures upon any party filing a 2002 Notice Request within such calendar month.  To help ensure that all parties who may participate in these chapter 11 cases are aware of the terms of the Case Management Procedures, the Debtors will post the Case Management Procedures on the Case Website.


[*Remainder of Page Intentionally Left Blank.*]