**AKIN GUMP STRAUSS HAUER & FELD LLP**
Ira S. Dizengoff
Arik Preis
Mitchell Hurley
Sara L. Brauner
One Bryant Park
New York, New York 10036
Tel: (212) 872-1000
Fax: (212) 872-1002

*Proposed Counsel to the Official
Committee of Unsecured Creditors
of Purdue Pharma L.P.,* et al.

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | ) Chapter 11 )  |
| PURDUE PHARMA L.P., *et al.*,[1] | ) Case No. 19-23649 (RDD) ) ) Jointly Administered ) |
| Debtors. | ) ) |

**STATEMENT OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF PURDUE PHARMA L.P., *ET AL*., REGARDING THE CASE
STIPULATION AMONG THE DEBTORS, THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS AND CERTAIN RELATED PARTIES**

The Official Committee of Unsecured Creditors (the "Committee") of Purdue Pharma L.P.

and its affiliated debtors and debtors in possession (collectively, the "Debtors"), by and through

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

1

its undersigned proposed counsel, hereby files this statement (the "Statement") in respect of the *Case Stipulation Among the Debtors, the Official Committee of Unsecured Creditors and Certain Related Parties* [ECF No. 291] (the "Stipulation").[2] On October 14, 2019, the Committee became aware that Beverly Sackler had passed away. The Committee extends its sincere condolences to the Sackler family. Notwithstanding the unfortunate nature of these circumstances, however, the Committee is compelled to file this Statement to highlight certain provisions of the Stipulation and ensure that the rights and obligations set forth therein are respected.

## STATEMENT

1.  On September 18, 2019, three days after the commencement of these chapter 11 cases, the Debtors filed the *Motion for a Preliminary Injunction*, Adv. Pro. No. 19-08289 [ECF No. 2] (the "PI Motion").

2.  On October 11, 2019, the Debtors, the Committee and certain other parties in interest entered into the Stipulation. Pursuant to the terms of the Stipulation and in consideration of the Committee's agreement to support the PI Motion, prior to the date that is 30 days after the expiration of the Stay Period, no Covered Party (which includes Ms. Sackler) shall "take any action with respect to any material amount of . . . her . . . property that is located inside or outside the United States with the intent or material effect of frustrating any potential judgment of this Court

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Stipulation.

2

in these chapter 11 cases or any other actions pending against [her] in any other court or jurisdiction." Stipulation ¶ 13 (the "Anti-Secretion Provision").[3]

3. Thereafter, on October 14, 2019, former counsel to Ms. Sackler provided notice of her death on the date thereof. *See Suggestion of Death* [ECF No. 301].

4. Pursuant to the terms of the Stipulation and in accordance with applicable law, all assets comprising Ms. Sackler's estate are subject to the Anti-Secretion Provision and, as such, may not be removed from Ms. Sackler's estate for any purpose.[4] Stipulation ¶¶ 13, 16; *see* CONN. GEN. STAT. §§ 45a-359 (Claims against a decedent, including contingent contractual obligations, remain binding as charges against the decedent's estate which must be reserved from testamentary distributions); *see also* N.Y. SURR. CT. PROC. ACT § 1804(1) (same); G. Wilhelm, *et al.*, SETTLEMENT OF ESTATES IN CONNECTICUT § 7.3 (3d ed. Rev. 2019) ("Instead of positing the estate as a legal entity . . . the law places the executor or administrator in direct succession to the deceased . . . ."); 1 Page on Wills § 16.2 ("A devisee or legatee . . . acquires no greater right than his testator had. . . . The testator, of course, cannot dispose of a greater interest than [s]he has."); *Entrekin v. Internal Medicine Assocs. of Dothan, P.A.*, 689 F.3d 1248, 1254 (11th Cir. 2012) ("For the same

---

[3] Ms. Sackler was an "Initial Covered Person" and a "Covered Party" under the Stipulation. *See* Stipulation ¶¶ 1, 5. As such, Ms. Sackler is expressly bound by the terms of the Anti-Secretion Provision. Specifically, the Stipulation provides as follows:

> Each Covered Party, other than an Additional Covered Sackler Person that has delivered an opt-out notice pursuant to the immediately preceding paragraph, consents, or shall be deemed to have consented, to Paragraph 13 [the Anti-Secretion Provision] hereof and to the jurisdiction of the Bankruptcy Court for the sole purpose of enforcing all provisions hereof that are expressly applicable to Covered Parties, including the enforcement of any sanctions, penalties or any other remedies imposed by the Bankruptcy Court in each case in connection with a violation of Paragraph 13 or other applicable provision hereof that are expressly applicable to Covered Parties. For the avoidance of doubt, (i) no Initial Sackler Covered Person shall have any right to opt out, and all such persons shall be bound by the provisions of this Stipulation expressly applicable to them, and (ii) the Debtors and the UCC reserve all of their rights with respect to each Additional Covered Sackler Person that has delivered an opt-out notice, including without limitation, discovery pursuant to Bankruptcy Rule 2004 or otherwise, and prejudgment attachment under applicable law.

*Id.* ¶ 16.

[4] Upon information and belief, Ms. Sackler was a resident of Connecticut and, therefore, her will be probated in and subject to the laws of Connecticut.

3

reason the powers of an executor or an administrator encompasses all of those formerly held by the decedent, those powers must likewise be restricted in the same manner and to the same extent as the powers of the decedent would have been.") (quoting *Briarcliff Nursing Home, Inc. v. Turcotte*, 894 So. 2d 661, 665 (Ala. 2004)) (internal alterations omitted); *In re Greater Se. Community Hosp. Corp. I*, 353 B.R. 324, 364 (Bankr. D.D.C. 2006) ("[T]he executor stands in the shoes of the deceased and can have no greater rights than the deceased [her]self."). Moreover, Ms. Sackler's estate is subject to the jurisdiction of the Bankruptcy Court for the purpose of enforcing the provisions of the Stipulation. Stipulation ¶ 16.

5. Immediately upon learning of Ms. Sackler's death, counsel to the Committee reached out to counsel to the Debtors and counsel to the Sacklers to confirm that all parties in interest were aware of—and would abide by—the terms of the Stipulation, including the Anti-Secretion Provision, such that no assets would be removed from Ms. Sackler's estate absent further order of this Court. In response to this request, counsel for the Committee received correspondence, attached hereto as **Exhibit A**, confirming the shareholders' understanding of the terms of the Stipulation. The Committee appreciates this verification and, therefore, files this Statement only out of an abundance of caution.

6. Specifically, the Committee provides notice that, notwithstanding the correspondence that the Committee received from counsel to the Sacklers, to the extent the Committee believes at any point in the future that the executor(s) of Ms. Sackler's decedent estate are not complying with or do not intend to comply with terms of the Stipulation, including the Anti-Secretion Provision, the Committee intends to move before this Court to enforce the terms of the Stipulation and preserve its rights thereunder.

7.    The Committee expressly reserves all rights, including the right to amend or supplement this Statement and seek additional relief from the Court as set forth herein. Nothing contained herein shall constitute a waiver of any rights or remedies of the Committee, each of which is expressly reserved.

Dated: October 20, 2019
New York, NY

**AKIN GUMP STRAUSS HAUER & FELD LLP**
By:  /s/ Arik Preis
Ira S. Dizengoff
Arik Preis
Mitchell Hurley
Sara L. Brauner
One Bryant Park
New York, New York 10036
Tel:  (212) 872-1000
Fax: (212) 872-1002
idizengoff@akingump.com
apreis@akingump.com
mhurley@akingump.com
sbrauner@akingump.com

*Proposed Counsel to the Official Committee of Unsecured Creditors of Purdue Pharma L.P., et al.*

**Exhibit A**

**From:** Uzzi, Jerry <GUzzi@milbank.com>
**Sent:** Tuesday, October 15, 2019 7:41 PM
**To:** Preis, Arik <apreis@akingump.com>
**Cc:** Timothy Graulich <timothy.graulich@davispolk.com>
**Subject:** Beverly

**\*\*EXTERNAL Email\*\***

Arik, in addition to your call to me last night, I understand you have also reached out to Tim regarding concerns about Beverly's estate.  As a follow up to our call last night, I have informed the relevant trust and estate lawyers that the estate remains a covered party under the strip and that no distributions should be made absent further consultation with the committee and the debtor.  From a practical standpoint, I understand that no distributions can be made in the near term in any event; however, I gave the instruction in the interest of caution.  Obviously, expenses, and in this case, funeral expenses, will continue to be paid.  Let me know if you have any questions.

Jerry

> Gerard Uzzi | Milbank | Partner
> 55 Hudson Yards | New York, NY 10001-2163
> T: +1 212.530.5670
> guzzi@milbank.com | milbank.com

============================================================

This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.