**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| <u>In re</u> | Chapter 11 |
| Purdue Pharma L.P., et al., | Case No 19-23649 (RDD) |
| Debtors. | (Jointly Administered) |

**STATEMENT OF FINANCIAL AFFAIRS FOR**

**Adlon Therapeutics L.P.**

**Case No: 19-23654 (RDD)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.,* | **Case No. 19-19-23649 (RDD)** |
| **Debtors.** [1] | **(Jointly Administered)** |

### GLOBAL NOTES AND STATEMENTS OF LIMITATION, METHODOLOGY, AND DISCLAIMERS REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND  LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

The Schedules of Assets and Liabilities (collectively, the "Schedules") and the Statements of Financial Affairs (collectively, the "Statements" and, together with the Schedules, the "Schedules and Statements") filed by Purdue Pharma L.P. and its  debtor affiliates in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the  "Debtors," the "Company" or "Purdue") pending in the United States Bankruptcy Court for the Southern District of New York (the  "Bankruptcy Court") were prepared, pursuant to section 521 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure  (the  "Bankruptcy Rules"), by management of the Debtors, with the assistance of the Debtors' advisors.

Although the Debtors' management has made reasonable efforts to ensure that the Schedules and Statements are as accurate and complete as possible under the circumstances, based on information available at the time of preparation, subsequent information or discovery may result in material changes to these Schedules and Statements, and inadvertent errors, inaccuracies, or omissions may have occurred.  Notwithstanding any subsequent information or discovery, the Debtors do not undertake any obligation or commitment to update the Schedules and Statements.

The Schedules and Statements are unaudited and subject to potential adjustment.  Because the Schedules and Statements contain unaudited information and remain subject to further review, verification, and potential adjustment, there can be no assurance that these Schedules and Statements are complete. Nothing contained in the Schedules and Statements shall constitute a

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014).  The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

waiver of any right of the Debtors or an admission with respect to their chapter 11 cases (including, but not limited to, issues involving claims, substantive consolidation, defenses, equitable subordination, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers), and the Debtors reserve all rights to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, but not limited to, the right to dispute or otherwise assert offsets or defenses to any claim reflected in the Schedules and Statements as to amount, liability, or classification, or to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated."

The Schedules and Statements have been signed by Jonathan Lowne. Mr. Lowne serves as Chief Financial Officer at Debtor Purdue Pharma L.P., and he is an authorized agent of each of the Debtors. Accordingly, in reviewing and signing the Schedules and Statements, Mr. Lowne necessarily relied upon the efforts, statements, and representations of the personnel of the Debtors and the Debtors legal and financial advisors. Mr. Lowne has not (and could not have) personally verified the accuracy of each such statement and representation, including[2], but not limited to, statements and representations concerning amounts owed to creditors, classification of such amounts, and their addresses.

The Schedules and Global Notes (as defined below) should not be relied upon by any persons for information relating to current or future financial conditions, events, or performances of the Debtors.

These *Global Notes and Statements of Limitation, Methodology, and Disclaimers Regarding the Debtors' Schedules and Statements* (the "Global Notes") are incorporated by reference in, and comprise an integral part of, all of the Schedules and Statements. The Global Notes should be referred to, considered, and reviewed in connection with any review of the Schedules and Statements.[3]

---

[2] The terms "including" or "includes" as used throughout these Global Notes shall not be construed to be limiting terms.

[3] These Global Notes supplement and are in addition to any specific notes contained in each Debtor's Schedules or Statements. The fact that the Debtors have prepared a Global Note with respect to any of individual Debtor's Schedules and Statements and not to those of another should not be interpreted as a decision by the Debtors to exclude the applicability of such Global Note to any of the Debtors' other Schedules and Statements, as appropriate. Disclosure of information in one Schedule, one Statement, or an exhibit or attachment to a Schedule or Statement, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedule, Statement, exhibit, or attachment.

## <u>GLOBAL NOTES AND OVERVIEW OF METHODOLOGY</u>

1. **Description of Cases and Reporting Date**. On September 15, 2019 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Voluntary Petitions"). The Debtors are operating their businesses and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On September 18, 2019, the Bankruptcy Court entered an order directing joint administration of these chapter 11 cases [Docket No. 59]. Notwithstanding the joint administration of the Debtors' cases for procedural purposes, each Debtor has filed its own Schedules and Statements. Unless otherwise stated herein, liabilities are reported as of the Petition Date.

2. **General Reservation of Rights**. Although the Debtors' management has made every reasonable effort to ensure that the Schedules and Statements are as accurate and complete as possible under the circumstances based on information that was available to it at the time of preparation, subsequent information or discovery may result in material changes to the Schedules and Statements, and inadvertent errors or omissions may have occurred, some of which may be material. Because the Schedules and Statements contain unaudited information, which remains subject to further review, verification, and potential adjustment, there can be no assurance that the Schedules and Statements are complete. The Debtors reserve all rights to amend the Schedules and Statements from time to time, in any and all respects, as may be necessary or appropriate, including the right to dispute or otherwise assert offsets or defenses to any claim reflected in the Schedules and Statements as to amount, liability, or classification, or to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated." Furthermore, nothing contained in the Schedules and Statements shall constitute an admission of any claims or a waiver of any of the Debtors' rights with respect to these chapter 11 cases, including issues involving substantive consolidation, recharacterization, equitable subordination, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

3. **Basis of Presentation.** For financial reporting purposes, the Debtors generally prepare consolidated financial statements. Where practicable, the Schedules and Statements reflect the assets and liabilities of each separate Debtor. Because the Debtors' accounting systems, policies, and practices were developed for consolidated reporting purposes, rather than by individual legal entity, it is possible that not all assets, liabilities or amounts of cash disbursements have been recorded with the correct legal entity on the Schedules and Statements. The Debtors reserve all rights relating to the legal ownership of assets and liabilities among the Debtors, and nothing in the Schedules or Statements shall constitute a waiver or relinquishment of such rights. Information contained in the Schedules and Statements has been derived from the Debtors' books and records. While the Debtors make best efforts to prepare all Schedules and Statements in accordance with Generally Accepted Accounting Principles in the United States ("US GAAP"), the Schedules and Statements are unaudited and attempt to show value of assets of estate or claims against the state and

excluded certain items (see 5 below). They do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States nor are they intended to be fully reconciled to audited financial statements of each Debtor.

4.   **Totals**. All totals that are included in the Schedules and Statements represent totals of all known amounts included in the Debtors' books and records. To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total, and the difference may be material. In addition, the amounts shown for total liabilities exclude items identified as "unknown," "disputed," "contingent," "unliquidated," or "undetermined," and, thus, ultimate liabilities may differ materially from those stated in the Schedules and Statements. To the extent a Debtor is a guarantor of debt held by another Debtor, the amounts reflected in the Schedules are inclusive of each Debtor's guarantor obligations.

5.   **Excluded Assets and Liabilities**. The Debtors have excluded certain categories of assets, and liabilities from the Schedules and Statements, including goodwill, intangibles, and certain accrued liabilities including, but not limited to, certain accrued employee compensation and benefits, certain customer accruals, tax accruals, accrued accounts payable, accrued contract termination damages, deferred income accruals, litigation accruals, and certain deposits. The Debtors have also excluded potential claims arising on account of the potential rejection of executory contracts and unexpired leases, to the extent such claims exist. Certain immaterial assets and liabilities that are not reported or tracked centrally may have been excluded.

6.   **Amendments and Supplements; All Rights Reserved**. The Debtors reserve all rights, but are not required, to amend and/or supplement the Schedules and Statements from time to time as is necessary and appropriate.

7.   **References**. Reference to applicable agreements and related documents is necessary for a complete description of the nature, extent, and priority of liens and/or claims. Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.

8.   **Currency**. All amounts are reflected in U.S. dollars.

9.   **Intercompany**. The Debtors have reported for each Debtor the aggregate net intercompany balances between such Debtors and each other Debtor as assets on Schedule A/B or as liabilities on Schedule E/F, as appropriate, and as of August 31, 2019. The listing in the Schedules or Statements (including, without limitation, Schedule A/B or Schedule E/F) by the Debtors of any obligation between a Debtor and another Debtor is a statement of what appears in the Debtors' books and records and does not reflect any admission or conclusion of the Debtors regarding whether such amount would be allowed as a Claim or how such obligations may be classified and/or characterized in a plan of reorganization or otherwise by the Bankruptcy Court. The Debtors reserve all rights with respect to such obligations.

10.  **Book Value**. Unless otherwise indicated, the Debtors' assets are shown on the basis of their

net book values as of August 31, 2019, and the Debtors' liabilities are shown on the basis of their net book values as of the Petition Date. Thus, unless otherwise noted, the Schedules and Statements reflect the carrying value of the assets and liabilities as recorded on the Debtors' books. Net book values may vary, sometimes materially, from market values. The Debtors do not intend to amend these Schedules and Statements to reflect market values.

11.    **Paid Claims**. The Bankruptcy Court has authorized the Debtors to pay certain outstanding prepetition claims—including, but not limited to, payments to employees, independent contractors, customers, and certain vendors—pursuant to various "first day" orders entered by the Bankruptcy Court (the "**First Day Orders**"). Accordingly, certain outstanding liabilities may have been reduced by post-petition payments made on account of prepetition liabilities. Where the Schedules list creditors and set forth the Debtors' scheduled amount of such claims, such scheduled amounts reflect amounts owed as of the Petition Date adjusted for any post-petition payments made pursuant to the authority granted to the Debtors by the Bankruptcy Court. The Schedules list such post-petition payments separately. To the extent the Debtors pay any of the claims listed in the Schedules and Statements pursuant to any First Day Order, the Debtors reserve all rights to amend or supplement the Schedules and Statements or take other action, such as filing claims objections, as is necessary and appropriate to avoid overpayment or duplicate payments for liabilities. The Debtors will provide any creditor listed on these Schedules and Statements with notice of the bar date, regardless of whether the Debtors have subsequently paid such creditor's claim. The Debtors have not listed any claims for Employee Obligations (as defined in the Wages and Benefits Motion)[4], whether or not they have since had their prepetition claims satisfied in full pursuant to the First Day Orders.

12.    **Recharacterization**. Notwithstanding that the Debtors have made reasonable efforts to correctly characterize, classify, categorize, or designate certain claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, certain items may have been improperly characterized, classified, categorized, or designated. The Debtors expressly reserve all rights to amend, recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as they determine to be necessary and appropriate.

13.    **Claims of Third-Party Entities.** Although the Debtors have made reasonable efforts to classify properly each Claim listed in the Schedules as being either disputed or undisputed, liquidated or unliquidated, and/or contingent or non-contingent, the Debtors have not been able to fully reconcile all payments made to certain third-party entities on account of the Debtors' obligations to both such entity and its affiliates, and are continuing to review all relevant documents. Therefore, to the extent that the Debtors have classified their estimate of claims of a creditor as disputed, for example, all claims of such creditor's affiliates listed in the Schedules and Statements shall similarly be considered disputed, whether or not they

---

[4] See the *Motion of Debtors for Entry of an Order Authorizing (i) Debtors to (a) Pay Prepetition Wages, Salaries, Employee Benefits and Other Compensation and (b) Maintain Employee Benefits Programs and Pay Related Administrative Obligations, (ii) Employees and Retirees to Proceed with Outstanding Workers' Compensation Claims and (iii) Financial Institutions to Honor and Process Related Checks and Transfers* (the "Wages and Benefits Motion").

are individually designated as such.

14. **Liabilities**. The Debtors have allocated liabilities between the prepetition and post-petition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available, and further research is conducted, particularly with respect to the Debtors' accounts payable, the allocation of liabilities between the prepetition and post-petition periods may change. The Debtors reserve the right to, but are not required to, amend the Schedules and Statements as they deem appropriate to reflect this.

The liabilities listed on the Schedules and Statements do not reflect any analysis of claims under section 503(b)(9) of the Bankruptcy Code. Accordingly, the Debtors reserve all rights to dispute or challenge the validity of any asserted claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's claim.

15. **Guarantees and Other Secondary Liability Claims**. The Debtors have not identified or scheduled any known guarantees or other secondary liability claims. It is possible that certain guarantees embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements may have been inadvertently omitted. The Debtors reserve their rights to amend the Schedules to the extent that guarantees are identified.

16. **Intellectual Property Rights**. Exclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated or otherwise expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated or otherwise expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.  The Debtors have made significant efforts to attribute intellectual property to the rightful Debtor owner; however, in some instances intellectual property owned by one Debtor may, in fact, be owned by another. Accordingly, the Debtors reserve all rights with respect to the legal status and proper attribution of any and all such intellectual property rights.

17. **Executory Contracts and Unexpired Leases.** The Debtors have not set forth executory contracts or unexpired leases as assets in the Schedules and Statements. The Debtors' executory contracts and unexpired leases have been set forth in Schedule G. In addition, while the Debtors have made diligent attempts to properly identify all executory contracts and unexpired leases, inadvertent errors, omissions, or over-inclusion may have occurred.

18. **Claims Description.** Schedules D and E/F permit each of the Debtors to designate a Claim as "disputed," "contingent," and/or "unliquidated." Any failure to designate a Claim on a given Debtor's Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtor that such amount is not "disputed," "contingent," or "unliquidated" or that such Claim is not subject to objection. The Debtors reserve all rights to dispute any Claim reflected on their respective Schedules and

Statements on any grounds, including, without limitation, liability or classification, or to otherwise subsequently designate such claims as "disputed," "contingent," or "unliquidated." In addition, the Debtors reserve their rights to object to any listed Claim on the grounds that, among other things, the Claim has already been satisfied.

19. **Causes of Action.** Despite their reasonable efforts, the Debtors may not have listed all of their causes of action or potential causes of action against third parties as assets in their Schedules and Statements, including, without limitation, affirmative claims, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant non-bankruptcy laws to recover assets. The Debtors reserve all rights to any claims, causes of action, or avoidance actions they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such claims, causes of actions, or avoidance actions or in any way prejudice or impair the assertion of such claims.

20. **Undetermined Amounts.** Claim amounts that could not readily be quantified by the Debtors are scheduled as "unknown," "TBD," or "undetermined". The description of an amount as "unknown," "TBD," or "undetermined" is not intended to reflect upon the materiality of such amount.

21. **Liens.** Property and equipment listed in the Schedules and Statements are presented without consideration of any liens that may attach (or have attached) to such property or equipment.

22. **Global Notes Control.** In the event that the Schedules and Statements differ from these Global Notes, the Global Notes shall control.

23. **Confidentiality.** There may be instances in the Schedules and Statements where the Debtors have deemed it necessary and appropriate to redact from the public record information such as names, addresses, or amounts. Typically, the Debtors have used this approach because of an agreement between the Debtors and a third party, concerns of confidentiality, or concerns for the privacy of, or otherwise preserving the confidentiality of, personally identifiable information.

<u>**General Disclosures Applicable to Schedules**</u>

1. **Classifications**. Listing a Claim on Schedule D as "secured," or on Schedule E/F as "priority," or "unsecured," or a contract on Schedule G as "executory" or "unexpired," does not in each case constitute an admission by the Debtors of the legal rights of the claimant, or a waiver of the Debtors' right to recharacterize or reclassify such Claim or contract.

2. **Schedule A/B - Real and Personal Property**.

   a) <u>**Schedule A/B.3**</u>. Bank account balances are as of the Petition Date.

   b) <u>**Schedule A/B.7-8**</u>. Prepayment and deposit balances are as of the Petition Date.

   c) <u>**Schedule A/B.11**.</u> Schedule A/B identifies the net accounts receivable balance as of the Petition Date.

   d) <u>**Schedule A/B.15**.</u> The Debtors own equity interest in various publicly and non-

publicly traded stock. For purposes of these Schedules, the Debtors have listed the book value of these investments as of August 31, 2019.

e) **Schedule A/B.16**. Investments are listed at their accrued value as of the Petition Date.

f) **Schedules A/B.19-58**. Dollar amounts are presented net of accumulated depreciation and other adjustments.

g) **Schedule A/B.73.** The Debtors maintain a variety of insurance policies including property, general liability, and workers' compensation policies and other employee related policies. The Debtors' interest in these types of policies is limited to the amount of the premiums that the Debtors have prepaid, if any, as of August 31, 2019, and any prefunded claim tails. To the extent the Debtors have made a determination of the amount of prepaid insurance premiums or prefunded claim tails as of August 31, 2019, such amounts are listed on Exhibit A/B, Part 2, Question 8.

h) **Schedule A/B.74.** Despite exercising their reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third parties as assets in their Schedules including, but not limited to, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant non-bankruptcy laws to recover assets. Unless otherwise noted on specific responses, items reported on Schedule A/B are reported from the Debtors' book and records as of the Petition Date. The Debtors reserve all of their rights with respect to any claims and causes of action they may have. Neither these Global Notes nor the Schedules shall be deemed a waiver of any such claims or causes of action or to prejudice or impair the assertion thereof in any way.

i) **Schedule A/B.75.** In the ordinary course of business, the Debtors may have accrued, or may in the future accrue, certain rights to counter-claims, cross-claims, setoffs, and/or refunds with Debtors' customers and suppliers, or potential warranty claims against their suppliers. Additionally, certain of the Debtors may be party to pending litigation in which the Debtors have asserted, or may assert, claims as a plaintiff or counter-claims and/or cross-claims as a defendant. Because such claims are unknown to the Debtors and not quantifiable as of the Petition Date, they are not listed on Schedule A/B.75.

3. **Schedule D – Creditors Holding Secured Claims.** The Debtors are not aware of any secured claims against the Debtors. The certain UCC-1 lienholders listed in this response are included solely out of an abundance of caution.

Real property lessors, utility companies, and other parties that may hold security deposits have not been listed on Schedule D. The Debtors reserve their rights to amend Schedule D to the extent that the Debtors determine that any claims associated with such agreements should be reported on Schedule D.

Moreover, the Debtors have not included on Schedule D claims that may be secured through setoff rights or inchoate statutory lien rights. The Debtors have not investigated which of the claims against the Debtors may include such rights, and their population is currently unknown.

4.    **Schedule E/F– Creditors Holding Unsecured Claims**. The Debtors have used reasonable efforts to report all general unsecured claims against the Debtors on Schedule E/F based upon the Debtors' existing books and records as of the Petition Date; however, inadvertent errors or omissions may have occurred. The claims listed on Schedule E/F arose or were incurred on various dates. In certain instances, the date on which a Claim arose may be an open issue of fact. In addition, the claims of individual creditors for, among other things, goods or services are listed as either the lower of the amounts invoiced by such creditor or the amounts entered on the Debtors' books and records and may not reflect credits, rebates, or allowances due from such creditors to the applicable Debtors.

Certain former directors, officers and/or employees of the Debtors have asserted indemnification claims against the Debtors. In these cases, the Debtors listed such claimants' counsel as the creditors rather than the claimants themselves, and identified such claims as indemnification claims.

The Debtors have not listed any wage or wage-related obligations that the Debtors were granted authority to pay and have paid pursuant to First Day Orders on Schedule E/F. The Debtors reserve their right to dispute or challenge whether creditors listed on Schedule E/F are entitled to priority claims.

Claims owing to various taxing and regulatory authorities to which the Debtors may potentially be liable are included on the Debtors' Schedule E/F. Certain of such claims, however, may be subject to on-going audits and/or the Debtors are otherwise unable to determine with certainty the amount of the remaining claims listed on Schedule E/F. Therefore, the Debtors have listed all such priority claims with amounts "undetermined," pending final resolution of on-going audits or other outstanding issues.

Notwithstanding the foregoing, where creditors have yet to provide proper invoices for prepetition goods or services, such amounts may not be reflected on Schedule E/F. Moreover, Schedule E/F does not include certain balances including deferred liabilities, accruals, or general reserves. Such amounts are, however, reflected on the Debtors' books and records as required in accordance with GAAP. Such accruals primarily represent general estimates of liabilities and do not represent specific claims as of the Petition Date.

Due to the complex nature and the difficulty in estimating the liability arising from customer programs,[5] the Debtors have not listed any obligations arising from customer programs that the Debtors were granted authority to pay and have paid pursuant to First Day Orders on Schedule E/F

---

[5] See the *Motion of Debtors for Entry of Interim and Final Orders Authorizing (i) Debtors to Honor Prepetition Obligations to Customers and Related Third Parties and to Otherwise Continue Customer Programs (ii) Relief from Stay to Permit Setoff in Connection with the Customer Programs and (iii) Financial Institutions to Honor and Process Related Checks and Transfers (the "Customer Programs Motion")*

Schedule E/F also contains information regarding pending litigation involving the Debtors. The dollar amount of potential claims associated with any such pending litigation is listed as "undetermined" and marked as contingent, unliquidated, and disputed in the Schedules and Statements. Some of the litigation claims listed on Schedule E/F may be subject to subordination pursuant to section 510 of the Bankruptcy Code.

Generally, the Debtors' accounts payable are scheduled as being owed by a specific Debtor based on the Debtors' books and records. There may be instances when one Debtor engages in a transaction or series of transactions which might generate accounts payable or other entries reported in the Schedules and Statements of another Debtor. It would be burdensome and an inefficient use of estate resources for the Debtors to allocate their accounts payable on a Debtor-by-Debtor basis in certain instances. Additionally, certain accounts payable reported in the Schedules of one of the Debtors may, in fact, be owed by one or more of the other Debtors. Consequently, Schedule E/F of each Debtor may list accounts payable liabilities of other Debtors.

5.  **Schedule G – Executory Contracts and Unexpired Leases.** While every effort has been made to ensure the accuracy of Schedule G, inadvertent errors, omissions, or over-inclusion may have occurred.  Each lease and contract listed in Schedule G may include one or more ancillary documents, including any underlying assignment and assumption agreements, amendments, supplements, full and partial assignments, renewals and partial releases. Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal, and other miscellaneous rights.  Such rights, powers, duties, and obligations are not set forth on Schedule G. In addition, the Debtors may have entered into various other types of agreements in the ordinary course of business, such as indemnity agreements, non-executory supplemental agreements, amendments/letter agreements, and confidentiality agreements. Such documents may not be set forth on Schedule G. Certain of the contracts, agreements, and leases listed on Schedule G may have been entered into by more than one of the Debtors. The Debtors may have included such contracts on the Schedule G of only one Debtor and excluded it from other Debtor counterparties.

In certain circumstances, the specific Debtor obligor(s) to certain of the Agreements could not be specifically identified. In such cases, the Debtors have made reasonable efforts to identify the correct Debtor's Schedule G on which to list the agreement. In some cases, the same supplier or provider appears multiple times in Schedule G. This multiple listing is to reflect distinct agreements between the applicable Debtor and such supplier or provider. In such cases, the Debtors made their best efforts to determine the correct Debtor on which to list such executory contracts or unexpired leases.  Certain of the executory contracts may not have been memorialized in writing and could be subject to dispute.

The agreements listed on Schedule G may have expired or may have been renewed, modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters and other documents, instruments and agreements, which may not be listed on Schedule G.

Any and all of the Debtors' rights, claims, and causes of action with respect to the agreements listed on Schedule G are hereby reserved and preserved, including, but not limited to,

the Debtors' rights to (i) dispute the validity, status, or enforceability of any agreements set forth on Schedule G, (ii) dispute or challenge the characterization of the structure of any transaction, or any document or instrument related to a creditor's claim, including, but not limited to, the agreements listed on Schedule G and (iii) amend or supplement Schedule G as necessary. Inclusion or exclusion of any agreement on Schedule G does not constitute an admission that such agreement is an executory contract or unexpired lease, and the Debtors reserve all rights in that regard, including that any agreement is not executory, has expired pursuant to its terms, or was terminated prepetition.

The Debtors have made reasonable efforts to list each executory contract or unexpired lease at the correct Debtor or Debtor(s). However, liabilities associated with certain executory contracts or unexpired leases may be reported on the Schedules of a particular Debtor while the corresponding executory contract or unexpired lease is listed on the Schedule G of a different Debtor.

6.    **Schedule H - Codebtors**. In the ordinary course of their business, the Debtors are involved in pending or threatened litigation and claims arising out of the conduct of their business. These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counterclaims against other parties. Because such claims are listed elsewhere in the Statements and Schedules, they have not been set forth individually on Schedule H.

The Debtors may not have identified certain guarantees that are embedded in the Debtors' executory contracts, unexpired leases and other such agreements. The Debtors reserve their right, but shall not be required, to amend the Schedules to the extent that guarantees are identified.

## General Disclosures Applicable to Statements

a.    **Statements – Question 1-2**. Historically, revenue is reported on the Debtors' consolidated financials; however, revenue is recorded in the Debtors' books and records on an individual Debtor basis. The Statements list revenue on an individual Debtor basis. Listed gross revenue amounts represent the invoiced value of sales.

b.    **Statements – Question 3 - 90 Day Payments**. The Debtors have responded to Question 3 in the Statements in a detailed format, categorized by payee. All disbursements listed in Question 3 are made through the Debtors' cash management system, more fully described in the Cash Management Motion.[6] Dates listed in Question 3 reflect the date upon which the Debtor transferred funds to the relevant payee. The response to Question 3 includes any disbursement or other transfer made by the Debtors except gifts and charitable contributions (which payments are listed in response to Question 9, where applicable) and bankruptcy professionals (which payments are listed in response to Question 11, where applicable). Not all payees are creditors of the Debtors. Certain

---

[6] See the *Motion of Debtors for Entry of Interim and Final Orders Authorizing (i) Debtors to Continue to Use Existing Cash Management System and Maintain Existing Bank Accounts and Business Forms and (ii) Financial Institutions to Honor and Process Related Checks and Transfers (the "Cash Management Motion")*

payees have received payments listed on behalf of other parties or have received payments that are not on account of antecedent debts. In addition, the response to Question 3 does not include checks that were either voided or not presented before the Petition Date.

c.   **Statements – Question 4 – Payments to or for the Benefit of Insiders**. Individuals listed in the Statements as insiders have been included for informational purposes only. The Debtors do not take any position with respect to (i) such person's influence over the control of the Debtors; (ii) the management responsibilities or functions of such individual; (iii) the decision-making or corporate authority or such individual; or (iv) whether such individual could successfully argue that he or she is not an "insider" under applicable law, including the federal securities law, or with respect to any theories of liability or any other purpose. For purposes of the Schedules and Statements, the Debtors have also provided disclosures regarding certain entities that are directly or indirectly owned or controlled by Purdue Pharma L.P.'s direct or indirect shareholders, including trusts, beneficiaries, companies, affiliates, family members and any similar related parties. The Debtors do not take any position with respect to whether any such entity constitutes an "insider" as defined in section 101(31) of the Bankruptcy Code. As such, the Debtors reserve all rights to dispute whether any individual or entity identified in response to Question 4 is in fact an "insider" as defined in section 101(31) of the Bankruptcy Code. For more information regarding each Debtor's officers and directors, see Questions 28 and 29.

The payroll-related amounts shown in response to this question for any salary, bonus or additional compensation, and/or severance payments are gross amounts that do not include reductions for amounts including employee tax or benefit withholdings.

d.   **Statements – Question 7: Legal Actions or Assignments**. The Debtors reserve all of their rights and defenses with respect to any and all listed lawsuits and administrative proceedings. The listing of any such suits and proceedings shall not constitute an admission by the Debtors of any liabilities or that the actions or proceedings were correctly filed against the Debtors or any affiliates of the Debtors. The Debtors also reserve their rights to assert that a Debtor is not an appropriate party to such actions or proceedings.

The Debtors have devoted substantial resources to identify and provide as much information for as many proceedings as possible in response to Statements Question 7 using records that were reasonably accessible and reviewable. While the Debtors believe they were diligent in their efforts, information the Debtors were unable to locate for proceedings that were listed was left blank.

e.   **Statements – Question 9: Charitable Contributions**. The grants, donations and/or charitable contributions listed in response to Question 9 represent payments made to third parties during the applicable timeframe that were recorded as such within the Debtors' books and records.

f.   **Statements – Question 11 – Payments Related to Bankruptcy**. The Debtors have used reasonable efforts to identify payments for services of any entities that provided consultation concerning debt counseling or restructuring services, relief under the Bankruptcy Code, or preparation of a petition in bankruptcy within one year immediately before the Petition Date. Additional information regarding the Debtors' retention of

professional service firms is more fully described in the individual retention applications for those firms and related orders. Not all payments made and listed are on account of debt counseling or restructuring services.

g.      **Statements – Question 13 – Transfers Not Already Listed.** While the Debtors have made reasonable efforts to respond comprehensively to Question 13, certain *de minimis* asset sales and transfers may be omitted unintentionally. In addition, the Debtors buy and sell certain assets in the ordinary course of business. Such dispositions made in the ordinary course of business have not been reflected in responses to Question 13. The Debtors further do not take any position with respect to whether transfers identified in response to Question 13 are made in the ordinary course of business. Certain transfers listed in this response are included solely out of an abundance of caution.

**Adlon Therapeutics L.P.**                                               **Case Number:  19-23654 (RDD)**

| Part 1: | Income |
| --- | --- |

## 1. Gross Revenue from business

☐ None

| Identify the Beginning and Ending Dates of the Debtor's Fiscal Year, which may be a Calendar Year | | | Sources of Revenue (Check all that apply) | Gross Revenue (Before Deductions and Exclusions) |
| --- | --- | --- | --- | --- |
| **From the beginning of the fiscal year to filing date:** | From 1/1/2019 MM/DD/YYYY | to Filing date MM/DD/YYYY | ☑ Operating a business ☐ Other | $1,256,761.44 |
| **For prior year:** | From 1/1/2018 MM/DD/YYYY | to 12/31/2018 MM/DD/YYYY | ☑ Operating a business ☐ Other | $0.00 |
| **For the year before that:** | From 1/1/2017 MM/DD/YYYY | to 12/31/2017 MM/DD/YYYY | ☑ Operating a business ☐ Other | $0.00 |

**Adlon Therapeutics L.P.**                                        **Case Number:  19-23654 (RDD)**

| Part 1: | Income |
|---------|--------|

**2. Non-business revenue**

Include revenue regardless of whether that revenue is taxable. Non-business income may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☑ None

| | Description of Sources of Revenue | Gross Revenue (Before Deductions and Exclusions) |
|---|---|---|
| From _____ to _____<br>MM/DD/YYYY      MM/DD/YYYY | _____ | _____ |

**Adlon Therapeutics L.P.**                                              Case Number:  19-23654 (RDD)

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |
|---|---|

### 3. Certain payments or transfers to creditors within 90 days before filing this case

List payments or transfers-including expense reimbursements-to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,425. (This amount may be adjusted on 4/01/19 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☐ None

| | Creditor's Name and Address | Dates | Total Amount or Value | Reasons for Payment or Transfer |
|---|---|---|---|---|
| 3.1 | ALICE R MAO MD<br>550 WESTCOTT ST 520<br>HOUSTON, TX 77007 | 9/6/2019 | $10,035 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☐ Suppliers or vendors<br>☑ Services<br>☐ Other _____ |
| | **TOTAL ALICE R MAO MD** | | **$10,035** | |
| 3.2 | APTUS HEALTH<br>55 WALKERS BRROK DR  STE 500<br>READING, MA 01867 | 7/19/2019 | $114,875 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☑ Suppliers or vendors<br>☐ Services<br>☐ Other _____ |
| | **TOTAL APTUS HEALTH** | | **$114,875** | |
| 3.3 | BIOECLIPSE LLC<br>PO BOX 512323<br>PHILADELPHIA, PA 19175 | 8/7/2019 | $38,354 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☑ Suppliers or vendors<br>☐ Services<br>☐ Other _____ |
| | **TOTAL BIOECLIPSE LLC** | | **$38,354** | |
| 3.4 | BLUE MATTER LLC<br>400 OYSTER POINT BLVD  STE 309<br>SOUTH SAN FRANCISCO, CA 94080 | 7/3/2019 | $52,800 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☐ Suppliers or vendors<br>☑ Services<br>☐ Other _____ |
| | **TOTAL BLUE MATTER LLC** | | **$52,800** | |
| 3.5 | COMMISSIONER OF REVENUE SERVICES<br>201 TRESSER BLVD<br>STAMFORD, CT 06901 | 8/26/2019<br>8/26/2019<br>8/26/2019<br>8/26/2019<br>8/26/2019<br>8/26/2019<br>8/30/2019 | $98,370<br>$100,844<br>$4,386<br>$31,672<br>$77,177<br>$86,799<br>$47,510 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☐ Suppliers or vendors<br>☑ Services<br>☐ Other _____ |
| | **TOTAL COMMISSIONER OF REVENUE SERVICES** | | **$446,758** | |

**Adlon Therapeutics L.P.**                                     Case Number:  19-23654 (RDD)

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |
|---|---|

### 3. Certain payments or transfers to creditors within 90 days before filing this case

List payments or transfers-including expense reimbursements-to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,425. (This amount may be adjusted on 4/01/19 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☐ None

| | Creditor's Name and Address | Dates | Total Amount or Value | Reasons for Payment or Transfer |
|---|---|---|---|---|
| 3.6 | CONNECTICUT COLOR INC<br>127 POMEROY AVE<br>MERIDEN, CT 06450 | 7/31/2019<br>8/28/2019<br>9/13/2019 | $22,913<br>$38,470<br>$25,104 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☑ Suppliers or vendors<br>☐ Services<br>☐ Other _____ |
| | **TOTAL CONNECTICUT COLOR INC** | | **$86,487** | |
| 3.7 | CSPACE<br>290 CONGRESS ST 7TH FL<br>BOSTON, MA 02210 | 7/12/2019<br>9/6/2019 | $26,250<br>$30,288 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☐ Suppliers or vendors<br>☑ Services<br>☐ Other _____ |
| | **TOTAL CSPACE** | | **$56,538** | |
| 3.8 | CZARNOWSKI DISPLAY SERVICE INC<br>6067 EAGLE WAY<br>CHICAGO, IL 60678-1060 | 9/13/2019 | $25,716 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☐ Suppliers or vendors<br>☑ Services<br>☐ Other _____ |
| | **TOTAL CZARNOWSKI DISPLAY SERVICE INC** | | **$25,716** | |
| 3.9 | DEERFIELD AGENCY<br>950 W VALLEY RD STE 3000<br>WAYNE, PA 19087 | 7/15/2019<br>8/15/2019 | $16,880<br>$12,210 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☐ Suppliers or vendors<br>☑ Services<br>☐ Other _____ |
| | **TOTAL DEERFIELD AGENCY** | | **$29,090** | |
| 3.10 | DORSEY & WHITNEY LLP<br>PO BOX 1680<br>MINNEAPOLIS, MN 55480-1680 | 6/19/2019<br>6/28/2019<br>7/24/2019<br>9/4/2019<br>9/6/2019<br>9/9/2019<br>9/11/2019 | $2,738<br>$1,668<br>$356<br>$508<br>$766<br>$200<br>$4,014 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☐ Suppliers or vendors<br>☑ Services<br>☐ Other _____ |
| | **TOTAL DORSEY & WHITNEY LLP** | | **$10,250** | |

**Adlon Therapeutics L.P.**                                        Case Number:  19-23654 (RDD)

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |
|---|---|

### 3. Certain payments or transfers to creditors within 90 days before filing this case

List payments or transfers-including expense reimbursements-to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,425. (This amount may be adjusted on 4/01/19 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☐ None

| Creditor's Name and Address | Dates | Total Amount or Value | Reasons for Payment or Transfer |
|---|---|---|---|
| 3.11  EVERFI INC<br>PO BOX 200034<br>PITTSBURGH, PA 15251 | 7/31/2019<br>8/14/2019 | $368,750<br>$200,000 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☐ Suppliers or vendors<br>☐ Services<br>☑ Other _____ |
| **TOTAL EVERFI INC** | | **$568,750** | |
| 3.12  GCI HEALTH<br>PO BOX  101890<br>ATLANTA, GA 30392 | 7/3/2019 | $18,480 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☐ Suppliers or vendors<br>☑ Services<br>☐ Other _____ |
| **TOTAL GCI HEALTH** | | **$18,480** | |
| 3.13  GLATT AIR TECHNIQUES INC<br>20 SPEAR RD<br>RAMSEY, NJ 07446-1221 | 9/13/2019 | $350,000 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☑ Suppliers or vendors<br>☐ Services<br>☐ Other _____ |
| **TOTAL GLATT AIR TECHNIQUES INC** | | **$350,000** | |
| 3.14  INVENTIV COMMERCIAL SERVICES LLC<br>500 ATRIUM DR<br>SOMERSET, NJ 08873 | 7/19/2019<br>8/30/2019 | $3,322,886<br>$2,619,787 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☐ Suppliers or vendors<br>☑ Services<br>☐ Other _____ |
| **TOTAL INVENTIV COMMERCIAL SERVICES LLC** | | **$5,942,673** | |
| 3.15  IQVIA INC<br>PO BOX 8500-784290<br>PHILADELPHIA, PA 19178-4290 | 8/9/2019 | $979,844 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☑ Suppliers or vendors<br>☐ Services<br>☐ Other _____ |
| **TOTAL IQVIA INC** | | **$979,844** | |

**Adlon Therapeutics L.P.**                                                      Case Number:  19-23654 (RDD)

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |
|---------|----------------------------------------------------------|

### 3. Certain payments or transfers to creditors within 90 days before filing this case

List payments or transfers-including expense reimbursements-to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,425. (This amount may be adjusted on 4/01/19 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☐ None

| | Creditor's Name and Address | Dates | Total Amount or Value | Reasons for Payment or Transfer |
|---|---|---|---|---|
| 3.16 | JS MCCARTHY PRINTERS<br>15 DARIN DR<br>AUGUSTA, ME 04330 | 7/10/2019 | $800 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☑ Suppliers or vendors<br>☐ Services<br>☐ Other _____ |
| | | 7/15/2019 | $109,315 | |
| | | 7/30/2019 | $5,179 | |
| | | 8/5/2019 | $2,324 | |
| | | 8/9/2019 | $1,674 | |
| | | 8/12/2019 | $104,973 | |
| | | 8/14/2019 | $8,005 | |
| | | 8/28/2019 | $185 | |
| | | 9/3/2019 | $3,837 | |
| | | 9/4/2019 | $10,978 | |
| | | 9/10/2019 | $371 | |
| | TOTAL JS MCCARTHY PRINTERS | | $247,640 | |
| 3.17 | KANTAR HEALTH INC<br>11 MADISON AVE<br>NEW YORK, NY 10010-3643 | 7/26/2019 | $58,304 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☑ Suppliers or vendors<br>☐ Services<br>☐ Other _____ |
| | | 8/19/2019 | $48,467 | |
| | | 9/3/2019 | $48,466 | |
| | TOTAL KANTAR HEALTH INC | | $155,237 | |

**Adlon Therapeutics L.P.**                                                                 Case Number:  19-23654 (RDD)

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |
|---|---|

### 3. Certain payments or transfers to creditors within 90 days before filing this case

List payments or transfers-including expense reimbursements-to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,425. (This amount may be adjusted on 4/01/19 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☐ None

| Creditor's Name and Address | Dates | Total Amount or Value | Reasons for Payment or Transfer |
|---|---|---|---|
| 3.18  KLICK USA INC<br>500 NORTH MICHIGAN AVE STE 600<br>CHICAGO, IL 60611 | 7/1/2019 | $390,382 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☐ Suppliers or vendors<br>☑ Services<br>☐ Other _____ |
|  | 7/5/2019 | $200,000 | |
|  | 7/10/2019 | $126,094 | |
|  | 8/1/2019 | $36,198 | |
|  | 8/2/2019 | $327,000 | |
|  | 8/14/2019 | $171,150 | |
|  | 8/26/2019 | $286,028 | |
|  | 8/27/2019 | $100,000 | |
|  | 8/30/2019 | $100,000 | |
| **TOTAL KLICK USA INC** | | **$1,736,852** | |
| 3.19  LPW TRAINING SERVICES LLC<br>1938 WASHINGTON VALLEY RD  2ND FL<br>MARTINSVILLE, NJ 08836 | 8/28/2019 | $47,203 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☑ Suppliers or vendors<br>☐ Services<br>☐ Other _____ |
| **TOTAL LPW TRAINING SERVICES LLC** | | **$47,203** | |
| 3.20  MC3 INC<br>1180 MCDERMOTT DR<br>WEST CHESTER, PA 19380 | 7/1/2019 | $261,949 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☑ Suppliers or vendors<br>☐ Services<br>☐ Other _____ |
|  | 9/11/2019 | $123,086 | |
|  | 9/13/2019 | $30,000 | |
| **TOTAL MC3 INC** | | **$415,035** | |
| 3.21  OPTIMIZERX CORP<br>400 WATER ST STE 200<br>ROCHESTER, MI 48307 | 6/24/2019 | $100,000 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☐ Suppliers or vendors<br>☐ Services<br>☑ Other _____ |
|  | 7/1/2019 | $137,500 | |
| **TOTAL OPTIMIZERX CORP** | | **$237,500** | |

**Adlon Therapeutics L.P.**                                                                     Case Number:  **19-23654 (RDD)**

| **Part 2:** | **List Certain Transfers Made Before Filing for Bankruptcy** |
|---|---|

### 3. Certain payments or transfers to creditors within 90 days before filing this case

List payments or transfers-including expense reimbursements-to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,425. (This amount may be adjusted on 4/01/19 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☐ None

| | Creditor's Name and Address | Dates | Total Amount or Value | Reasons for Payment or Transfer |
|---|---|---|---|---|
| 3.22 | PARX SOLUTIONS INC<br>2100 W REDONDO BEACH BLVD C306<br>TORRANCE, CA 90504 | 8/2/2019 | $30,000 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☑ Suppliers or vendors<br>☐ Services<br>☐ Other _____ |
| | **TOTAL PARX SOLUTIONS INC** | | **$30,000** | |
| 3.23 | PHARMACENTRA LLC<br>PO BOX 888387<br>ATLANTA, GA 30356 | 7/31/2019<br>9/6/2019 | $11,400<br>$4,900 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☑ Suppliers or vendors<br>☐ Services<br>☐ Other _____ |
| | **TOTAL PHARMACENTRA LLC** | | **$16,300** | |
| 3.24 | PHARMACEUTICAL RESEARCH ASSOC INC<br>4130 PARKLAKE AVE STE 400<br>RALEIGH, NC 27612 | 6/26/2019<br>6/28/2019<br>7/17/2019<br>7/19/2019<br>7/26/2019<br>7/31/2019<br>8/14/2019 | $78<br>$142,412<br>$421,726<br>$303,734<br>$129,405<br>$575,422<br>$352,563 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☑ Suppliers or vendors<br>☐ Services<br>☐ Other _____ |
| | **TOTAL PHARMACEUTICAL RESEARCH ASSOC INC** | | **$1,925,341** | |
| 3.25 | PRECISION HEALTH ECONOMICS WA INC<br>11100 SANTA MONICA BLVD STE 500<br>LOS ANGELES, CA 90025 | 9/12/2019 | $25,950 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☑ Suppliers or vendors<br>☐ Services<br>☐ Other _____ |
| | **TOTAL PRECISION HEALTH ECONOMICS WA INC** | | **$25,950** | |

**Adlon Therapeutics L.P.**                                    Case Number:  19-23654 (RDD)

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |
|---|---|

### 3. Certain payments or transfers to creditors within 90 days before filing this case

List payments or transfers-including expense reimbursements-to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,425. (This amount may be adjusted on 4/01/19 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☐ None

| | Creditor's Name and Address | Dates | Total Amount or Value | Reasons for Payment or Transfer |
|---|---|---|---|---|
| 3.26 | PRECISION PROMOTIONAL EFFECTIVENESS<br>PO BOX 759430<br>BALTIMORE, MD 21275 | 6/27/2019 | $160,000 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☑ Suppliers or vendors<br>☐ Services<br>☐ Other _____ |
| | | 7/1/2019 | $50,112 | |
| | | 7/8/2019 | $285,000 | |
| | | 7/29/2019 | $12,613 | |
| | | 8/16/2019 | $2,666 | |
| | | 9/4/2019 | $7,433 | |
| | **TOTAL PRECISION PROMOTIONAL EFFECTIVENESS** | | **$517,824** | |
| 3.27 | PURDUE PHARMA CANADA<br>575 GRANITE COURT<br>PICKERING, ON L1W 3W8<br>CANADA | 8/5/2019 | $4,000,000 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☐ Suppliers or vendors<br>☐ Services<br>☑ Other |
| | **TOTAL PURDUE PHARMA CANADA** | | **$4,000,000** | |
| 3.28 | ROUTE 3 PARTNERS LLC<br>110 CRESTWOOD AVE<br>NUTLEY, NJ 07110 | 8/14/2019 | $15,000 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☐ Suppliers or vendors<br>☑ Services<br>☐ Other _____ |
| | **TOTAL ROUTE 3 PARTNERS LLC** | | **$15,000** | |
| 3.29 | RXMOSAIC LLC<br>PO BOX 771796<br>ST. LOUIS, MO 63177 | 6/24/2019 | $81,802 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☐ Suppliers or vendors<br>☑ Services<br>☐ Other _____ |
| | | 7/9/2019 | $76,106 | |
| | | 7/19/2019 | $1,964 | |
| | | 8/12/2019 | $24,913 | |
| | | 8/14/2019 | $69,680 | |
| | | 8/30/2019 | $98,505 | |
| | **TOTAL RXMOSAIC LLC** | | **$352,970** | |

**Adlon Therapeutics L.P.**                                                  Case Number:  19-23654 (RDD)

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |
|---|---|

### 3. Certain payments or transfers to creditors within 90 days before filing this case

List payments or transfers-including expense reimbursements-to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,425. (This amount may be adjusted on 4/01/19 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☐ None

| | Creditor's Name and Address | Dates | Total Amount or Value | Reasons for Payment or Transfer |
|---|---|---|---|---|
| 3.30 | ST CHARLES PSYCHIATRIC ASSCTES INC<br>4801 WELDON SPRING PKWY STE 300<br>SAINT CHARLES, MO 63304 | 9/4/2019 | $8,023 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☑ Suppliers or vendors<br>☐ Services<br>☐ Other _____ |
| | **TOTAL ST CHARLES PSYCHIATRIC ASSCTES INC** | | **$8,023** | |
| 3.31 | THE MEDICAL AFFAIRS CO LLC<br>125 TOWNPARK DR  STE 450<br>KENNESAW, GA 30144 | 6/19/2019 | $21,625 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☐ Suppliers or vendors<br>☑ Services<br>☐ Other _____ |
| | | 6/28/2019 | $5,121 | |
| | | 7/16/2019 | $21,625 | |
| | | 7/26/2019 | $1,494 | |
| | | 8/16/2019 | $21,625 | |
| | | 8/19/2019 | $2,103 | |
| | | 9/13/2019 | $21,625 | |
| | **TOTAL THE MEDICAL AFFAIRS CO LLC** | | **$95,218** | |
| 3.32 | TRIALCARD INC<br>2250 PERIMETER PARK DR  STE 300<br>MORRISVILLE, NC 27560 | 7/22/2019 | $18,100 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☐ Suppliers or vendors<br>☐ Services<br>☑ Other _____ |
| | | 8/9/2019 | $595,000 | |
| | | 8/23/2019 | $24,401 | |
| | | 9/4/2019 | $685 | |
| | | 9/6/2019 | $18,942 | |
| | **TOTAL TRIALCARD INC** | | **$657,128** | |
| 3.33 | VEEVA SYSTEMS INC<br>4637 CHABOT DR  STE 210<br>SAN RAMON, CA 94582 | 7/26/2019 | $182,053 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☑ Suppliers or vendors<br>☐ Services<br>☐ Other _____ |
| | **TOTAL VEEVA SYSTEMS INC** | | **$182,053** | |

Adlon Therapeutics L.P.                                                    Case Number:  19-23654 (RDD)

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |
|---------|----------------------------------------------------------|

### 3. Certain payments or transfers to creditors within 90 days before filing this case

List payments or transfers-including expense reimbursements-to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,425. (This amount may be adjusted on 4/01/19 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☐ None

| | Creditor's Name and Address | Dates | Total Amount or Value | Reasons for Payment or Transfer |
|---|---|---|---|---|
| 3.34 | ZS ASSOCIATES INC<br>140 E 45TH ST 21F<br>NEW YORK, NY 10017 | 7/3/2019 | $58,493 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☐ Suppliers or vendors<br>☑ Services<br>☐ Other _____ |
| | | 7/5/2019 | $17,548 | |
| | | 7/31/2019 | $29,246 | |
| | | 8/28/2019 | $33,500 | |
| | | 9/4/2019 | $33,500 | |
| | **TOTAL ZS ASSOCIATES INC** | | $172,287 | |
| | **TOTAL** | | $19,568,210 | |

**Adlon Therapeutics L.P.**                                                    Case Number:  19-23654 (RDD)

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |
|---|---|

## 4.  Payments or other transfers of property made within 1 year before filing this case that benefited any insider

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,825. (This amount may be adjusted on 4/01/19 and every 3 years after that with respect to cases filed on or after the date of adjustment.)  Do not include any payments listed in line 3.  Insiders include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☐ None

| | Insider's Name and Address and Relationship to Debtor | Dates | Amount | Reason for Payment |
|---|---|---|---|---|
| 4.1 | PURDUE PHARMA CANADA<br>575 GRANITE COURT<br>PICKERING, ON L1W 3W8<br>CANADA | 3/20/2019 | $8,951,941 | Milestone Payment |
| | | 4/5/2019 | $2,386,059 | Clinical Study Cost Reimbursement |
| | TOTAL PURDUE PHARMA CANADA | | $11,338,000 | |
| | TOTAL | | $11,338,000 | |

**Adlon Therapeutics L.P.**                                                **Case Number:  19-23654 (RDD)**

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |
|---|---|

### 5.  Repossessions, foreclosures, and returns

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller.  Do not include property listed in line 6.

☑ None

| Creditor's Name and Address | Description of the Property | Date Action was Taken | Value of Property |
|---|---|---|---|
| 5.1    NONE | | | $0 |

|  | TOTAL | $0 |
|---|---|---|

**Adlon Therapeutics L.P.**                                   **Case Number:   19-23654 (RDD)**

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |
|---|---|

### 6. Setoffs

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☑ None

| Creditor's Name and Address | Description of Action Creditor Took | Date Action Taken | Account Number | Amount |
|---|---|---|---|---|
| 6.1 NONE | | | | $0 |

|  | | | **TOTAL** | **$0** |

**Adlon Therapeutics L.P.**                                              **Case Number:  19-23654 (RDD)**

| **Part 3:** | Legal Actions or Assignments |
|---|---|

### 7.  Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity - within 1 year before filing this case.

☑ None

| Caption of Suit and Case Number | Nature of Proceeding | Court or Agency and Address | Status of Case |
|---|---|---|---|
| 7. 1        NONE | | | |

**Adlon Therapeutics L.P.**                                             Case Number:  **19-23654 (RDD)**

| Part 3: | Legal Actions or Assignments |
|---------|------------------------------|

### 8. Assignments and receivership

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☑ None

| Custodian's Name and Address | Court Name and Address | Case Title and Number | Date | Description of Property | Value |
|---|---|---|---|---|---|
| 8.1    NONE | | | | | |

**Adlon Therapeutics L.P.**                                      Case Number: **19-23654 (RDD)**

| Part 4: | Certain Gifts and Charitable Contributions |
|---------|---------------------------------------------|

**9. List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☑ None

| Recipient's Name and Address | Recipient's Relationship to Debtor | Description of the Gifts or Contributions | Dates Given | Value |
|------------------------------|------------------------------------|-------------------------------------------|-------------|-------|

9.1      NONE

**Adlon Therapeutics L.P.**                                      Case Number:   19-23654 (RDD)

| Part 5: | Certain Losses |
|---------|----------------|

**10.  All losses from fire, theft, or other casualty within 1 year before filing this case.**

☑ None

| Description of Property | How Loss Occurred | Amount of Payments Received | Date of Loss | Property Value |
|-------------------------|-------------------|-----------------------------|--------------|----------------|
| | | *If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.  List unpaid claims on Official Form 106A/B (Schedule A/B: Assets - Real and Personal Property).* | | |
| 10.1    NONE | | | | $0 |
| | | | **TOTAL** | **$0** |

**Adlon Therapeutics L.P.**                                                                                    Case Number:  19-23654 (RDD)

| Part 6: | Certain Payments or Transfers |
|---------|-------------------------------|

## 11. Payments related to bankruptcy

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☑ None

| Who was Paid or Who Received the Transfer? Address | Email / Website | Who Made the Payment, if not Debtor? | If not Money, Describe any Property Transferred | Dates | Total Amount or Value |
|---|---|---|---|---|---|
| 11.1    NONE | | | | | $0 |

**Adlon Therapeutics L.P.**                                              Case Number:   19-23654 (RDD)

| Part 6: | Certain Payments or Transfers |
|---------|-------------------------------|

### 12. Self-settled trusts of which the debtor is a beneficiary

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years
before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

☑ None

| Name of Trust or Device | Trustee | Describe any Property Transferred | Dates Transfers were Made | Total Amount / Value |
|-------------------------|---------|-----------------------------------|---------------------------|----------------------|
| 12.1    NONE | | | | $0 |

Adlon Therapeutics L.P.                                              Case Number:  19-23654 (RDD)

| Part 6: | Certain Payments or Transfers |

## 13.  Transfers not already listed on this statement

List any transfers of money or other property - by sale, trade, or any other means - made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs.  Include both outright transfers and transfers made as security.  Do not include gifts or transfers previously listed on this statement.

☑ None

| Name and Address of Transferee, Relationship to Debtor | Description of Property | Date Transfer was Made | Total Amount or Value |
|---|---|---|---|
| 13. 1   NONE | | | $0 |

|  |  | TOTAL | $0 |

**Adlon Therapeutics L.P.**                                      **Case Number:   19-23654 (RDD)**

| Part 7: | Previous Locations |
|---------|--------------------|

**14. Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☑ Does not apply

| Address | Dates of Occupancy |
|---------|--------------------|
| 14.1    NONE | From: _____  To: _____ |

**Adlon Therapeutics L.P.**                                          Case Number:   **19-23654 (RDD)**

| Part 8: | Health Care Bankruptcies |
|---|---|

### 15. Health Care bankruptcies

Is the debtor primarily engaged in offering services and facilities for:
- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ No. Go to Part 9.
☐ Yes. Fill in the information below.

| Facility Name and Address | Nature of the Business Operation, Including Type of Services the Debtor Provides | Location Where Patient Records are Maintained (if Different from Facility Address). If Electronic, Identify any Service Provider. | If Debtor Provides Meals and Housing, Number of Patients in Debtor's Care | How are Records Kept? |
|---|---|---|---|---|
| 15. 1    NONE | | | | ☐ Electronic ☐ Paper |

**Adlon Therapeutics L.P.**                                      **Case Number:   19-23654 (RDD)**

| Part 9: | Personally Identifiable Information |
|---|---|

**16. Does the debtor collect and retain personally identifiable information of customers?**

☑ No.

☐ Yes. State the nature of the information collected and retained. _____

Does the debtor have a privacy policy about that information?

☐ No

☐ Yes

**Adlon Therapeutics L.P.**                                          **Case Number:   19-23654 (RDD)**

| Part 9: | Personally Identifiable Information |
|---|---|

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☑ No. Go to Part 10.

Yes. Does the debtor serve as plan administrator?

☐ No. Go to Part 10.
☐ Yes.  Fill in below:

Describe: _____          EIN: _____

Has the plan been terminated?
☐ No
☐ Yes

**Adlon Therapeutics L.P.**                                                    Case Number:  19-23654 (RDD)

| Part 10: | Certain Financial Accounts, Safe Deposit Boxes, and Storage Units |
|---|---|

### 18. Closed financial accounts

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?

Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☑ None

| Financial Institution Name and Address | Last 4 Digits of Acct Number | Type of Account | Date of Closing | Last Balance |
|---|---|---|---|---|
| 18.1    NONE | | | | |

**Adlon Therapeutics L.P.**                                    **Case Number:   19-23654 (RDD)**

| Part 10: | Certain Financial Accounts, Safe Deposit Boxes, and Storage Units |
|----------|------------------------------------------------------------------|

**19. Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

| Depository Institution Name and Address | Names of Anyone with Access to it and Address | Description of the Contents | Does Debtor still have it? |
|---|---|---|---|
| 19. 1    NONE | | | ☐ No<br>☐ Yes |

**Adlon Therapeutics L.P.**                                        **Case Number:   19-23654 (RDD)**

| Part 10: | Certain Financial Accounts, Safe Deposit Boxes, and Storage Units |
|---|---|

### 20. Off-premises storage

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☑ None

| Facility Name and Address | Names of Anyone with Access to it | Address | Description of the Contents | Does Debtor still have it? |
|---|---|---|---|---|
| 20. 1    NONE | | | | ☐ No<br>☐ Yes |

**Adlon Therapeutics L.P.**                                    **Case Number:   19-23654 (RDD)**

| Part 11: | Property the Debtor Holds or Controls That the Debtor Does Not Own |
|---|---|

### 21. Property held for another

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☑ None

| Owner's Name and Address | Location of the Property | Description of the Property | Value |
|---|---|---|---|
| 21.1    NONE | | | |

**Adlon Therapeutics L.P.**                                                    **Case Number:  19-23654 (RDD)**

| Part 12: | Details About Environmental Information |
|---|---|

For the purpose of Part 12, the following definitions apply:

- Environmental law means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

- Site means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

- Hazardous material means anything than an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similary harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22.  Has the debtor been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

☑ No
☐ Yes. Provide details below.

| Case Title and Case Number | Court or Agency Name and Address | Nature of Proceeding | Status |
|---|---|---|---|
| 22. 1    NONE | | | |

**Adlon Therapeutics L.P.**                                                      Case Number:  **19-23654 (RDD)**

| Part 12: | Details About Environmental Information |
|---|---|

For the purpose of Part 12, the followig definitions apply:

- Environmental law means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

- Site means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

- Hazardous material means anything than an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similary harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**23.  Has any governmental unit otherwise notified the debtor that the debtor may be liable under or in violation of an environmental law?**

☑ No
☐ Yes. Provide details below.

| Site Name and Address | Governmental Unit Name and Address | Environmental Law, if Known | Date of Notice |
|---|---|---|---|
| 23. 1   NONE | | | |

**Adlon Therapeutics L.P.**                                                                 **Case Number:  19-23654 (RDD)**

| Part 12: | Details About Environmental Information |
|---|---|

For the purpose of Part 12, the followig definitions apply:

- Environmental law means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

- Site means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

- Hazardous material means anything than an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similary harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

☑ No

☐ Yes. Provide details below.

| Site Name and Address | Governmental Unit Name and Address | Environmental Law, if Known | Date of Notice |
|---|---|---|---|
| 24. 1   NONE | | | |

**Adlon Therapeutics L.P.**                                                      **Case Number:   19-23654 (RDD)**

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

### 25. Other businesses in which the debtor has or has had an interest

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case.
Include this information even if already listed in the Schedules.

☐ None

| Business Name and Address | Describe the Nature of the Business | Employer Identification Number | Dates Business Existed |
|---|---|---|---|
| | | *Do not include SSN or ITIN* | |
| 25.1    SEE FOOTNOTE BELOW | | | - |

**Specific Notes**

Refer to organizational exhibit in Schedule A/B Part 4.

**Adlon Therapeutics L.P.**                                        Case Number:  19-23654 (RDD)

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

**26. Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| Name and Address | | Dates of Service | |
|---|---|---|---|
| 26a.1 | JON LOWNE<br>201 TRESSER BLVD<br>STAMFORD, CT 06901 | From: | To: |
| 26a.2 | KEITH DARRAGH<br>201 TRESSER BLVD<br>STAMFORD, CT 06901 | From: | To: |

**Adlon Therapeutics L.P.**                                    Case Number:  19-23654 (RDD)

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

### 26. Books, records, and financial statements

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a
financial statement within 2 years before filing this case.

☐ None

| Name and Address | | Dates of Service | |
|---|---|---|---|
| 26b. 1 | ERNST & YOUNG LLP<br>300 FIRST STAMFORD PL<br>STAMFORD, CT 06902 | From: | To: |
| 26b. 2 | TXP SERVICES, INC.<br>201 TRESSER BLVD<br>STAMFORD, CT 06901 | From: | To: |

**Adlon Therapeutics L.P.**                                      **Case Number:   19-23654 (RDD)**

| **Part 13:** | Details About the Debtor's Business or Connections to Any Business |
|---|---|

### 26. Books, records, and financial statements

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and Address | If any Books of Account and Records are Unavailable, Explain Why |
|---|---|
| 26c.1  COGNIZANT TECHNOLOGY SOLUTIONS US CORP.<br>500 FRANK W. BURR BLVD.<br>TEANECK, NJ 07666 | |
| 26c.2  TXP SERVICES, INC.<br>201 TRESSER BLVD<br>STAMFORD, CT 06901 | |

**Adlon Therapeutics L.P.**                                      Case Number:   19-23654 (RDD)

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|----------|-------------------------------------------------------------------|

### 26. Books, records, and financial statements

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ None

| Name and Address |
|------------------|

| 26d. 1 | SEE FOOTNOTE BELOW |
|        | NOT AVAILABLE      |

**Specific Notes**

See Purdue Pharma L.P.'s Statement Part 13, Question 26d (Case No. 19-23649 (RDD)) for parties to whom consolidated financial statements were issued, and where Debtor's financial information was consolidated.

**Adlon Therapeutics L.P.**                                                    Case Number:  19-23654 (RDD)

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|----------|---------------------------------------------------------------------|

### 27. Inventories

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☑ No

☐ Yes. Give the details about the two most recent inventories.

| Name of the Person who Supervised the Taking of the Inventory | Name and Address of the Person who has Possession of Inventory Records | Date of Inventory | Dollar Amount | Basis |
|---|---|---|---|---|
| 27. 1   NONE | | | | |

Adlon Therapeutics L.P.                                                                      Case Number:  19-23654 (RDD)

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

**28.  List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name and Address | Position and Nature of any Interest | Percent of Interest, if any |
|---|---|---|
| 28. 1   CHRISTIAN MAZZI<br>ONE STAMFORD FORUM<br>201 TRESSER BOULEVARD<br>STAMFORD, CT 06901 | PRESIDENT | |
| 28. 2   JONATHAN R. LOWNE<br>ONE STAMFORD FORUM<br>201 TRESSER BOULEVARD<br>STAMFORD, CT 06901 | SENIOR VICE PRESIDENT AND CHIEF FINANCIAL OFFICER | |
| 28. 3   JULIE DUCHARME<br>ONE STAMFORD FORUM<br>201 TRESSER BOULEVARD<br>STAMFORD, CT 06901 | VICE PRESIDENT, CHIEF SCIENTIFIC OFFICER | |
| 28. 4   MARC KESSELMAN<br>ONE STAMFORD FORUM<br>201 TRESSER BOULEVARD<br>STAMFORD, CT 06901 | SENIOR VICE PRESIDENT, GENERAL COUNSEL & SECRETARY | |
| 28. 5   MIKE RONNING<br>ONE STAMFORD FORUM<br>201 TRESSER BOULEVARD<br>STAMFORD, CT 06901 | VICE PRESIDENT, SALES & MARKETING | |
| 28. 6   PURDUE PHARMA INC.<br>ONE STAMFORD FORUM<br>201 TRESSER BOULEVARD<br>STAMFORD, CT 06901 | GENERAL PARTNER | |
| 28. 7   PURDUE PHARMA L.P.<br>ONE STAMFORD FORUM<br>201 TRESSER BOULEVARD<br>STAMFORD, CT 06901 | SOLE SHAREHOLDER | 100.00% |
| 28. 8   RICH FANELLI<br>ONE STAMFORD FORUM<br>201 TRESSER BOULEVARD<br>STAMFORD, CT 06901 | VICE PRESIDENT, REGULATORY AFFAIRS | |
| 28. 9   ROXANA ALEALI<br>ONE STAMFORD FORUM<br>201 TRESSER BOULEVARD<br>STAMFORD, CT 06901 | VICE PRESIDENT AND ASSISTANT SECRETARY | |

**Adlon Therapeutics L.P.**                                    Case Number:  19-23654 (RDD)

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

**29.  Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☑ No
☐ Yes. Identify below.

| Name and Address | Position and Nature of Interest | Period During Which Position Was Held |
|---|---|---|
| 29. 1   NONE | | From: _____  To: _____ |

**Adlon Therapeutics L.P.**                                                                            **Case Number:  19-23654 (RDD)**

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

### 30.  Payments, Distributions, or Withdrawals Credited or Given to Insiders

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☐ No
☑ Yes. Identify below.

| Name and Address of Recipient and Relationship to Debtor | Amount | Dates | Reason for Providing the Value |
|---|---|---|---|
| 30. 1    SEE SOFA PART 2, QUESTION 4. | | | |

Adlon Therapeutics L.P.                                                      Case Number:  19-23654 (RDD)

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

**31.  Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☐ No
☑ Yes. Identify below.

| Name of Parent Corporation | Employer Identification Number of the Parent Corporation |
|---|---|
| 31. 1  PHARMACEUTICAL RESEARCH ASSOCIATES LP | EIN:   06-1307484 |

Adlon Therapeutics L.P.                                                                    Case Number:   19-23654 (RDD)

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

**32.  Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☑ No

☐ Yes. Identify below.

| Name of Pension Fund | Employer Identification Number of the Pension Fund |
|---|---|
| 32. 1    NONE | EIN: |

**Adlon Therapeutics L.P.**                                      Case Number:  19-23654 (RDD)

| Part 14: | Signature and Declaration |
|---|---|

Warning -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this Statement of Financial Affairs and any attachments and have a resonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:  ___October 28, 2019___

Signature:  _____           Jon Lowne, Senior Vice President and Chief Financial Officer, Purdue Pharma L.P.
                                              **Name and Title**

Are additional pages to the Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy (Official Form 207) attached?

[X] No

[ ] Yes