**Exhibit A**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| PURDUE PHARMA L.P., *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

### ORDER AUTHORIZING THE DEBTORS TO PAY
### THE FEES AND EXPENSES OF THE AD HOC COMMITTEE'S PROFESSIONALS

Upon the motion (the "**Motion**")[2] of Purdue Pharma L.P. and its affiliates that are debtors and debtors in possession in these cases (collectively, the "**Debtors**"), pursuant to sections 105(a), 363(b) and 365 of title 11 of the United States Code (the "**Bankruptcy Code**"), for an order (this "**Order**") (a) authorizing the Debtors to assume the Reimbursement Agreement, attached to the Motion as **Exhibit B**, and (b) authorizing but not directing the Debtors to pay the reasonable and documented fees and expenses under the Reimbursement Agreement, without the need for further motion, fee application or order of the Court, as more fully set forth in the Motion; and the Court having jurisdiction to decide the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Motion having been provided; such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having held a hearing to consider the relief requested in the Motion on November 19, 2019 (the "**Hearing**"); and upon the record of the Hearing, and upon all of the proceedings had before the Court; and after due deliberation the Court having determined that the legal and factual bases set forth in the Motion establish good and sufficient cause for the relief granted herein; and is in the best interests of the Debtors, their estates, their creditors and all parties in interest,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted to the extent set forth herein.

2. The Debtors are authorized to and hereby assume the Reimbursement Agreement pursuant to section 365 of the Bankruptcy Code.

3. The Debtors are further authorized to perform any and all obligations under the Reimbursement Agreement pursuant to section 363 of the Bankruptcy Code.

4. The Debtors are authorized to enter into amendments to the Reimbursement Agreement, from time to time as necessary, subject to the terms and conditions in the Reimbursement Agreement and without further order of the Court.

5. The Debtors are authorized, but not directed, to pay the Professionals for their reasonable and documented fees and expenses in accordance with the terms and conditions of the Reimbursement Agreement and this Order, without the need for further motion, fee application or order of the Court; *provided* that, for the avoidance of doubt, the Debtors shall have no obligation to pay any fees, expenses or other amounts incurred after the termination of the Reimbursement Agreement in accordance with its terms.

6.      In connection with the reimbursement of any fees and expenses pursuant to the Reimbursement Agreement and this Order, the applicable professional and other applicable parties shall provide monthly fee statements ("**Invoices**") (including Invoices for fees and expenses that have been incurred prior to the entry of this Order) via e-mail to the Debtors, the UCC and the U.S. Trustee (collectively, the "**Fee Notice Parties**").  For the avoidance of doubt, such professionals and other parties shall not be required to comply with the U.S. Trustee fee guidelines or file any interim or final fee applications with the Court.  The Invoices shared with the Fee Notice Parties pursuant to this paragraph shall, in the case of legal counsel, include time detail, the number of hours billed and reasonably detailed descriptions of services provided, and expenses incurred by each applicable professional; *provided, however*, that the Invoices may be redacted to protect privileged, confidential or proprietary information.  Upon receipt of an Invoice, the Fee Notice Parties shall have fifteen (15) days to provide the applicable professional with written objections to any fees and expenses (the "**Disputed Invoiced Fees**") requested in such Invoice (the "**Review Period**"); *provided* that, with respect to any Invoices submitted to the Fee Notice Parties prior to the entry of this Order, the Review Period shall begin on the date hereof.  If such objections provided by the Fee Notice Parties during the Review Period cannot be resolved with the applicable professional or other party seeking payment of fees and expenses, the Fee Notice Parties or the applicable professional or other party may request a determination by this Court with respect to the Disputed Invoiced Fees by filing with the Court a motion or other pleading, on at least fourteen (14) days' prior written notice, to the Fee Notice Parties and the applicable professional or other party seeking payment of fees and expenses of any hearing on such motion or other pleading, setting forth specific objections to the Disputed Invoiced Fees.  Following expiry of the

3

Review Period, the Debtors shall only be required to pay amounts requested in an Invoice other than the Disputed Invoiced Fees pending resolution of any disputes by the parties or the Court.

7. The Debtors are authorized, but not directed, to pay, on a monthly basis, the reasonable and documented expenses (e.g., hotels, meals, travel costs, etc., but excluding the fees and expenses of any professional, including internal counsel, retained or employed by any Ad Hoc Committee member) incurred by the Ad Hoc Committee members in furtherance of their service on the Ad Hoc Committee. The monthly invoices for reasonable and documented expenses of the Ad Hoc Committee members shall constitute "Invoices" as defined in paragraph 6 and shall be paid in accordance with the procedures set forth in paragraph 6.

8. The contents of the Motion and the notice procedures set forth therein are good and sufficient notice and satisfy the Bankruptcy Rules and the Local Rules, and no other or further notice of the Motion or the entry of this Order shall be required.

9. Nothing in this Order shall be deemed to constitute (i) a grant of third-party beneficiary status or bestowal of any additional rights on any third party or (ii) a waiver of any rights, claims or defenses of the Debtors.

10. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

11. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2019
       White Plains, New York

                                         THE HONORABLE ROBERT D. DRAIN
                                         UNITED STATES BANKRUPTCY JUDGE