**Hearing Date and Time: November 19, 2019 at 10:00 a.m. (prevailing Eastern Time)**
**Objection Deadline: November 15, 2019 at 4:00 p.m. (prevailing Eastern Time)**

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut

*Proposed Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (RDD)** |
| Debtors.[1] | **(Jointly Administered)** |

**NOTICE OF HEARING ON APPLICATION OF DEBTORS FOR AUTHORITY
TO RETAIN AND EMPLOY DAVIS POLK & WARDWELL LLP AS
ATTORNEYS FOR THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE**

**PLEASE TAKE NOTICE** that on November 5, 2019, Purdue Pharma L.P. and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") filed the *Application of Debtors for Authority to Employ and Retain Davis Polk & Wardwell LLP as Attorneys for the Debtors Nunc Pro Tunc to the Petition Date* (the "**Application**"). A hearing on the Application will be held on **November 19, 2019, at 10:00 a.m.**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

**(Prevailing Eastern Time)** (the "**Hearing**") before the Honorable Judge Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, at the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601 (the "**Bankruptcy Court**"), or at such other time as the Bankruptcy Court may determine.

**PLEASE TAKE FURTHER NOTICE** that copies of the Application may be obtained free of charge by visiting the website of Prime Clerk LLC at https://restructuring.primeclerk.com/purduepharma. You may also obtain copies of any pleadings by visiting the Bankruptcy Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the Hearing may be continued or adjourned thereafter from time to time without further notice other than an announcement of the adjourned date or dates at the Hearing or a later hearing. The Debtors will file an agenda before the Hearing, which may modify or supplement the motions to be heard at the Hearing.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the Application shall be in writing, shall comply with the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, shall be filed with the Bankruptcy Court (a) by attorneys practicing in the Bankruptcy Court, including attorneys admitted *pro hac vice*, electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov), and (b) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with General Order M-399 and the

2

*Amended Order Establishing Certain Notice, Case Management, and Administrative Procedures*, entered on October 23, 2019 [Docket No. 342], so as to be filed and received no later than **November 15, 2019 at 4:00 p.m. (prevailing Eastern Time)** (the "**Objection Deadline**").

**PLEASE TAKE FURTHER NOTICE** that any objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted upon default.

**PLEASE TAKE FURTHER NOTICE** that if no objections are timely filed and served with respect to the Application, the Debtors may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Application, which order may be entered without further notice or opportunity to be heard.

Dated:  November 5, 2019
        New York, New York

                                DAVIS POLK & WARDWELL LLP

                                By:  */s/ Eli J. Vonnegut*

                                450 Lexington Avenue
                                New York, New York 10017
                                Telephone: (212) 450-4000
                                Facsimile:  (212) 701-5800
                                Marshall S. Huebner
                                Benjamin S. Kaminetzky
                                Timothy Graulich
                                Eli J. Vonnegut

                                *Proposed Counsel to the Debtors*
                                *and Debtors in Possession*

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut

*Proposed Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.,** *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

### APPLICATION OF DEBTORS FOR AUTHORITY TO EMPLOY AND RETAIN DAVIS POLK & WARDWELL LLP AS ATTORNEYS FOR THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE

Purdue Pharma L.P. ("**PPLP**") and its affiliates that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**," the "**Company**" or "**Purdue**") hereby submit this *Application of Debtors for Authority to Employ and Retain Davis Polk & Wardwell LLP as Attorneys for the Debtors Nunc Pro Tunc to the Petition Date* (this "**Application**"). In support of the Application, the Debtors rely on the (i) *Declaration of Marshall S. Huebner in Support of*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

*the Application of Debtors for Entry of an Order Authorizing the Debtors to Employ and Retain Davis Polk & Wardwell LLP as Attorneys for the Debtors Nunc Pro Tunc to the Petition Date* (the "**Huebner Declaration**") filed contemporaneously herewith and attached hereto as **Exhibit A** and (ii) *Declaration of Marc L. Kesselman in Support of the Application of Debtors for Entry of an Order Authorizing the Debtors to Employ and Retain Davis Polk & Wardwell LLP as Attorneys for the Debtors Nunc Pro Tunc to the Petition Date* (the "**Kesselman Declaration**") filed contemporaneously with this Application and attached hereto as **Exhibit B**, and respectfully state as follows:

### Jurisdiction and Venue

1.     The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.).  This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Debtors consent to entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Background

2.     On September 15, 2019 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On September 26, 2019, the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed the creditors' committee pursuant to section 1102 of the

-2-

Bankruptcy Code [D.I 131]. No request has been made for the appointment of a trustee or examiner in above-captioned chapter 11 cases (the "**Chapter 11 Cases**"). These chapter 11 cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) and the *Order Directing Joint Administration of Chapter 11 Cases* [D.I. 59] entered by the Court in each of the chapter 11 cases.

3. Additional information about the Debtors' businesses and the events leading up to the Petition Date can be found in the *Debtors' Informational Brief* [D.I. 17].

### Relief Requested

4. By this Application, and pursuant to section 327(a) of title 11 of the Bankruptcy Code, Rules 2014(a) and 2016(b) of the Bankruptcy Rules and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), the Debtors seek entry of an order (the "**Proposed Order**") authorizing the Debtors to employ and retain Davis Polk & Wardwell LLP ("**Davis Polk**") as their restructuring counsel *nunc pro tunc* to the Petition Date to perform the legal services that will be required during the Chapter 11 Cases. The Debtors request that the United States Bankruptcy Court for the Southern District of New York (the "**Court**") approve the employment of Davis Polk under the terms and conditions set forth in this Application, as more fully described in the Huebner Declaration and the Kesselman Declaration.

### Basis for Relief

5. The Debtors have been informed that the Davis Polk attorneys who will be engaged in the Chapter 11 Cases are admitted to practice before the Court or shall, as necessary, seek to be admitted, *pro hac vice*.

-3-

6.  The Debtors have selected Davis Polk as their restructuring counsel because of the firm's extensive experience and knowledge in both corporate transactional work and litigation.  Davis Polk has been actively involved in a wide variety of major chapter 11 cases, including (in the last three years):  *In re Southcross Energy Partners L.P.*, Case No. 19-10702 (MFW) (Bankr. D. Del. April 1, 2019); *In re Windstream Holdings, Inc.*, Case No. 19-22312 (RDD) (Bankr. S.D.N.Y. Feb. 25, 2019); *In re Pernix Sleep, Inc.*, Case No. 19-10323 (CSS) (Bankr. D. Del. Feb. 18, 2019); *In re FullBeauty Brands Holdings Corp.*, Case No. 19-22185 (RDD) (Bankr. S.D.N.Y. Feb. 3, 2019); *In re PG&E Corp.*, Case No. 19-30088 (DM) (Bankr. N.D. Cal. Jan. 29, 2019); *In re Checkout Holding Corp.*, Case No. 18-12794 (KG) (Bankr. D. Del. Dec. 12, 2018); *In re Dixie Electric LLC*, Case No. 18-12477 (KG) (Bankr. D. Del. Nov. 2, 2018); *In re Sears Holdings Corp.*, Case No. 18-23538 (RDD) (Bankr. S.D.N.Y. Oct. 15, 2018); *In re Enduro Resource Partners, LLC*, Case No. 18-11174 (KG) (Bankr. D. Del. May 15, 2018); *In re Fieldwood Energy, LLC*, Case No. 18-30648 (DRJ) (Bankr. S.D. Tex. Feb. 15, 2018); *In re Ascent Resources Marcellus Holdings*, Case No. 18-10265 (LSS) (Bankr. D. Del. Feb. 6, 2018); *In re PES Holdings, LLC*, Case No. 18-10122 (KG) (Bankr. D. Del. Jan. 21, 2018); *In re Toys "R" Us, Inc.*, Case No. 17-34665 (KLP) (Bankr. E.D. Va. Sept. 18, 2017); *In re TerraVia Holdings, Inc.*, Case No. 17-11655 (CSS) (Bankr. D. Del. Aug. 2, 2017); *In re GenOn Energy, Inc.*, Case No. 17-33695 (DRJ) (Bankr. S.D. Tex. June 4, 2017); *In re Memorial Production Partners LP*, Case No. 17-30262 (MI) (Bankr. S.D. Tex. Jan. 17, 2017); *In re Bonanza Creek Energy, Inc.*, Case No. 17-10015 (KJC) (Bankr. D. Del. Jan. 4, 2017); *In re Basic Energy Serv., Inc.*, Case No. 16-12320 (KJC) (Bankr. D. Del. Oct. 25, 2016); *In re Key Energy Servs., Inc.*, Case No. 16-12306 (BLS) (Bankr. D. Del. Oct. 24, 2016); *In re CJ Holding Co.*, Case No. 16-33590 (DRJ) (Bankr. S.D. Tex. July 20, 2016); *In re China Fishery Group Limited (Cayman)*,

Case No. 16-11895 (Bankr. S.D.N.Y. June 30, 2016); *In re SandRidge Energy, Inc.*, Case No. 16-32488 (DRJ) (Bankr. S.D. Tex. May 16, 2016); *In re Midstates Petroleum, Inc.*, Case No. 16-32237 (DRJ) (Bankr. S.D. Tex. May 16, 2016); *In re Peabody Energy Corp.*, Case No. 16-42529 (BSS) (Bankr. E.D. Mo. Apr. 13, 2016).

7. Davis Polk is intimately familiar with the Debtors' businesses and financial affairs and is well-qualified to provide the services required by the Debtors in the Chapter 11 Cases. Davis Polk has provided extensive advice to the Debtors since March 2018 on a broad array of matters and has performed services necessary to enable the Debtors to file for protection under chapter 11. Davis Polk, along with PJT Partners LP, AlixPartners, LLP and the Debtors, has been primarily responsible for the Debtors' preparation for the Chapter 11 Cases. Accordingly, Davis Polk has significant relevant experience with the Debtors to deal effectively and efficiently with the primary legal issues and problems likely to arise in the context of the Chapter 11 Cases.

8. The Debtors believe that Davis Polk is both well-qualified and uniquely able to represent them in the Chapter 11 Cases in an efficient and effective manner. If the Debtors are required to retain restructuring counsel other than Davis Polk in connection with the prosecution of their Chapter 11 Cases, the Debtors, their estates and all parties in interest will be unduly and materially prejudiced, including by the time and substantial expense necessary to enable other counsel to become familiar with the Debtors' businesses, operations and restructuring needs. The Debtors, therefore, request that the Court authorize Davis Polk to represent the Debtors.

### Scope of Services

9. The services of Davis Polk are appropriate and necessary to enable the Debtors to execute their duties as debtors and debtors in possession faithfully and to implement the restructuring of the Debtors. Subject to further order of the Court, the Debtors propose to

employ Davis Polk to render such legal services as may be requested by the Debtors and able to be performed by Davis Polk, including, without limitation:

(a)    preparing, on behalf of the Debtors, as debtors in possession, all necessary or appropriate motions, applications, objections, replies, answers, orders, reports and other papers in connection with the administration of the Debtors' estates;

(b)    counseling the Debtors with regard to their rights and obligations as debtors in possession and their powers and duties in the continued management and operation of their businesses and properties;

(c)    providing advice, representation and preparation of necessary documentation and pleadings and taking all necessary or appropriate actions in connection with statutory bankruptcy issues, strategic transactions, asset sale transactions, real estate, intellectual property, employee benefits, business and commercial litigation, corporate and tax matters, and prosecution and settlement of claims both against and by the Debtors;

(d)    taking all necessary or appropriate actions to protect and preserve the Debtors' estates, including the prosecution of actions on the Debtors' behalf, the defense of any actions commenced against the Debtors, the negotiation of disputes in which the Debtors are involved and the preparation of objections to claims filed against the Debtors' estates;

(e)    taking all necessary or appropriate actions in connection with any chapter 11 plan, all related disclosure statements and all related documents and such further actions as may be required in connection with the administration of the Debtors' estates; and

(f)     acting as general restructuring counsel for the Debtors and performing all other necessary or appropriate legal services in connection with the Chapter 11 Cases.

**Compensation**

10.     For the services rendered by Davis Polk, the Debtors propose to pay Davis Polk the applicable rates for timekeepers on this matter set forth in the Huebner Declaration and to reimburse Davis Polk according to its customary reimbursement policies, and the Debtors respectfully submit that such rates and policies are reasonable. Davis Polk adjusts its rates periodically, generally on or around January 1 of each year.

11.     As set forth in the Huebner Declaration, prior to the Petition Date, on September 27, 2018, February 25, 2019, April 16, 2019, and September 9, 2019, the Debtors provided Davis Polk with advance payments of $2,000,000, $2,000,000, $2,000,000 and $3,000,000, respectively, to establish and maintain a retainer, the current balance of which is approximately $5,115,859.35 (collectively, the "**Retainer**") in connection with, and in contemplation of, the Chapter 11 Cases. Additionally, Davis Polk has submitted invoices to the Debtors, applied the Retainer towards Davis Polk's invoiced services and fees and has subsequently sought and received replenishment of the Retainer by the Debtors. The Debtors propose that the remainder of the Retainer be treated as an evergreen retainer and held by Davis Polk as security throughout the Chapter 11 Cases.

12.     The Debtors understand that, in connection with the reimbursement of reasonable and necessary expenses, it is Davis Polk's policy to charge its clients for certain expenses incurred in connection with providing certain client services, including travel, meals, lodging, photocopying, postage, vendor charges, delivery service and other expenses incurred in providing professional services.

13.     Davis Polk will be required to apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Chapter 11 Cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules and any other applicable procedures and orders of the Court. The Debtors understand that Davis Polk intends to make reasonable efforts to comply with the Office of the United States Trustee for Region 2's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective November 1, 2013* (the "**UST Guidelines**"), in connection with any interim and final fee applications to be filed by Davis Polk in the Chapter 11 Cases.

### Davis Polk's Disinterestedness

14.     The Debtors have reviewed the Huebner Declaration and, to the best of the Debtors' knowledge, Davis Polk and its professionals (a) are "disinterested" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and, as required by section 327(a) and referenced by section 328(c) of the Bankruptcy Code, neither hold nor represent any interest adverse to the Debtors or their estates and (b) except as disclosed in the Huebner Declaration, have no relevant and disabling connection to the Debtors, their significant creditors or certain other potential parties in interest whose names were supplied to Davis Polk by the Debtors.

15.     Davis Polk has informed the Debtors that it will conduct an ongoing review commencing on or around each April 1 and October 1 that occurs during the Chapter 11 Cases to ensure that no disqualifying circumstances have arisen and that, if any new facts that Davis Polk believes should be disclosed to the Court and the parties in interest in the Chapter 11 Cases are discovered, Davis Polk will file a supplemental disclosure with the Court and serve such

supplemental disclosure on the U.S. Trustee. If any new material and relevant facts are discovered between the aforementioned semi-annual review periods, the Debtors understand that Davis Polk will promptly file a supplemental disclosure with the Court and serve such supplemental disclosure on the U.S. Trustee.

### *Nunc Pro Tunc* Relief Is Appropriate

16. Pursuant to the Debtors' request, Davis Polk has agreed to serve as restructuring counsel for the Debtors on and after the Petition Date with assurances that the Debtors would seek approval of its employment and retention *nunc pro tunc* to the Petition Date, so that Davis Polk may be compensated for its pre-Application services. The Debtors believe that no party in interest will be prejudiced by the granting of the *nunc pro tunc* employment, as provided in this Application, because Davis Polk has provided and continues to provide valuable services to the Debtors' estates in the interim period. The Local Rules empower courts in this district to approve *nunc pro tunc* employment, and the Debtors submit that such approval is justified here.

### Notice and No Prior Request

17. Notice of this Application will be provided to: (a) the entities on the Master Service List (as defined in the Case Management Order and available on the Debtors' case website at https://restructuring.primeclerk.com/purduepharma) and (b) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "**Notice Parties**").

18. A copy of this Application and any order approving it will also be made available on the Debtors' Case Information Website located at https://restructuring.primeclerk.com/purduepharma. Based on the circumstances surrounding this Application and the nature of the relief requested herein, the Debtors respectfully submit that no further notice is required.

19. The Debtors have not previously sought the relief requested herein from the Court or any other court.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit C**, granting the relief requested herein and such other and further relief as the Court deems just and proper.

Dated: November 5, 2019

**PURDUE PHARMA L.P.**
(for itself and on behalf of its affiliates that are debtors and debtors in possession)

*/s/ Marc L. Kesselman*

Marc L. Kesselman
Senior Vice President, General Counsel & Corporate Secretary
Purdue Pharma L.P.