**Exhibit C**

**Kesselman Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.**, *et al.*, | Case No. 19-23649 |
| Debtors.[1] | (Jointly Administered) |

**DECLARATION OF MARC L. KESSELMAN IN SUPPORT OF APPLICATION OF DEBTORS FOR AUTHORITY TO RETAIN AND EMPLOY DECHERT LLP AS SPECIAL COUNSEL TO THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE**

I, Marc L. Kesselman, hereby declare that the following is true and correct to the best of my knowledge, information, and belief:

1. My name is Marc L. Kesselman. I am over the age of twenty-one and competent in all respects to make this Declaration. I am the Senior Vice President, General Counsel and Corporate Secretary of Purdue Pharma L.P. and its affiliates that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**," the "**Company**" or "**Purdue**"). Accordingly, I am in all respects competent to make this declaration in support of the *Application of Debtors for Authority to Retain and Employ Dechert LLP as Special Counsel to the Debtors Nunc Pro Tunc to the Petition Date* (the "**Dechert Application**").[2]

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Capitalized terms used but not defined herein shall have the means ascribed to them in the Application.

#92414499v12

2. This declaration is provided pursuant to ¶ D.2. of the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses* (the "**Guidelines**"), which were adopted by the Executive Office for United States Trustees under 28 U.S.C. § 586(a)(3). I am informed by counsel that the Guidelines request that any application for employment of an attorney under 11 U.S.C. §§ 327 or 1103 be accompanied by a verified statement from the client that addresses the following:

   a. The identity and position of the person making the verification. The person ordinarily should be the general counsel of the debtor or another officer responsible for supervising outside counsel and monitoring and controlling legal costs.

   b. The steps taken by the client to ensure that the applicant's billing rates and material terms for the engagement are comparable to the applicant's billing rates and terms for other nonbankruptcy engagements and to the billing rates and terms of other comparably skilled professionals.

   c. The number of firms the client interviewed.

   d. If the billing rates are not comparable to the applicant's billing rates for other nonbankruptcy engagements and to the billing rates of other comparably skilled professionals, the circumstances warranting the retention of that firm.

   e. The procedures the client has established to supervise the applicant's fees and expenses and to manage costs. If the procedures for the budgeting, review and approval of fees and expenses differ from those the client regularly employs in nonbankruptcy cases to supervise outside counsel, explain how and why. In addition, describe any efforts to negotiate rates, including rates for routine matters, or in the alternative to delegate such matters to less expensive counsel.

**A.    Identity of the Declarant**

3. I am the Senior Vice President, General Counsel and Corporate Secretary of the Debtors. I am familiar with the Debtors' day-to-day operations, business affairs, books, and records.

4. In my capacity as the General Counsel, I am responsible for, among other things, supervising outside counsel and monitoring and controlling legal costs. Furthermore, in my

#92414499v12

capacity, I periodically review the fees and expenses incurred by Dechert in its representation of the Debtors.  I was directly involved in the decision to retain Dechert to serve as the Debtors' special counsel during these chapter 11 cases.

B.     **Steps Taken to Ensure Comparability of Engagement Terms**

5.     I have confirmed with Dechert that while Dechert's billing rates vary from attorney to attorney based on such factors as the individual attorney's rank (*e.g.*, partner, associate), years of experience, and the demand for services in the attorney's particular area of expertise, Dechert's billing rates do not vary as a function of whether the services performed relate to a bankruptcy engagement or a nonbankruptcy engagement.

6.     In addition, the Debtors and Dechert have negotiated fee agreements that are at levels equal to, or below those of Dechert's principal competitor firms.

C.     **Number of Firms Interviewed**

7.     No other firms were interviewed for this engagement since Dechert is very familiar with the Debtors', their businesses, and the ongoing litigation for which Dechert is providing services since its lawyers have bene representing the Debtors in the litigation matters for over 26 months.

D.     **Other Circumstances Warranting Retention of Dechert**

8.     As stated above, the Debtors and Dechert have negotiated a fee arrangement that reflects the billings rates that are equal to, or below of other comparably skilled professionals at law firms in Dechert's peer group.

E.     **Procedures Established to Supervise Fees and Expenses and Manage Costs**

9.     The Debtors and Dechert periodically prepare budgets and staffing plans, which the Debtors and Dechert acknowledge is a non-binding estimate of the firm's fees and expenses for

those periods. Dechert's fees and expenses are and will continue to be subject to my review. Furthermore, in these chapter 11 cases, Dechert's fees and expenses will be subject to review, comment, and objection (of warranted), and court approval pursuant to the procedures set out in any forthcoming interim compensation motion.

10. In the normal course of business, myself or personnel supervised by me typically monitors legal fees and expenses incurred by the Debtors for their reasonableness. Any issues are typically then addressed informally between the Debtors and the law firm. During these chapter 11 cases, I will continue to monitor Dechert's invoices to ensure that the fees and expenses requested therein are reasonable in nature and correspond to necessary or beneficial services rendered on behalf of the Debtors and their estates.

11. To the extent that the Debtors have any objection to the fees or expenses requested by Dechert in any monthly fee statement that cannot be resolved to the Debtors' satisfaction informally, Dechert has informed me that it will file the requisite objection notice on the Debtors' behalf. In so doing, I understand that Dechert will reserve all rights to contest any such objection raised to the allowance or payment of its requested fees and expenses, and the Debtors reserve the right to retain conflict counsel to prosecute any such fee objection to the extent it cannot be resolved informally by the parties.

12. Nothing contained in the foregoing is intended to limit Dechert's ability to request allowance and payment of fees and expenses pursuant to 11 U.S.C. §§ 328, 330 and 331, nor to restrict Dechert's right to contest any objection raised to the allowance or payment of such fees, nor to restrict the Debtors' right to retain conflicts counsel to prosecute any such fee objection to the extent it is not resolved informally by the parties or raised by another party in interest (*e.g.*, the U.S. Trustee).

#92414499v12

13.     I declare under 28 U.S.C. § 1746 that, to the best of my knowledge information and belief, and after reasonable inquiry, the foregoing is true and correct.

[*Signature Page Follows*]

#92414499v12

Dated: November 4, 2019
New York, NY

**PURDUE PHARMA L.P.**
(for itself and on behalf of its affiliates
that are debtors and debtors in possession)

_____
Marc L. Kesselman
Senior Vice President, General Counsel & Corporate Secretary
Purdue Pharma L.P.