**Hearing Date and Time: November 19, 2019 at 10:00 a.m. (prevailing Eastern Time)**
**Objection Deadline: November 15, 2019 at 4:00 p.m. (prevailing Eastern Time)**

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut

*Proposed Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (RDD)** |
| **Debtors.**[1] | **(Jointly Administered)** |

**NOTICE OF HEARING ON APPLICATION OF DEBTORS FOR AUTHORITY TO RETAIN AND EMPLOY KING & SPALDING LLP AS SPECIAL COUNSEL TO THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE**

**PLEASE TAKE NOTICE** that on November 5, 2019, Purdue Pharma L.P. and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") filed the *Application of Debtors for Authority to Retain and Employ King & Spalding LLP as Special Counsel to the Debtors Nunc Pro Tunc to the Petition Date* (the "**Application**"). A hearing on the Application will be held on **November 19, 2019, at 10:00 a.m.**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

**(Prevailing Eastern Time)** (the "**Hearing**") before the Honorable Judge Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, at the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601 (the "**Bankruptcy Court**"), or at such other time as the Bankruptcy Court may determine.

**PLEASE TAKE FURTHER NOTICE** that copies of the Application may be obtained free of charge by visiting the website of Prime Clerk LLC at https://restructuring.primeclerk.com/purduepharma. You may also obtain copies of any pleadings by visiting the Bankruptcy Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the Hearing may be continued or adjourned thereafter from time to time without further notice other than an announcement of the adjourned date or dates at the Hearing or a later hearing. The Debtors will file an agenda before the Hearing, which may modify or supplement the motions to be heard at the Hearing.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the Application shall be in writing, shall comply with the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, shall be filed with the Bankruptcy Court (a) by attorneys practicing in the Bankruptcy Court, including attorneys admitted *pro hac vice*, electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov), and (b) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with General Order M-399 and the

*Amended Order Establishing Certain Notice, Case Management, and Administrative Procedures*, entered on October 23, 2019 [Docket No. 342], so as to be filed and received no later than **November 15, 2019 at 4:00 p.m. (prevailing Eastern Time)** (the "**Objection Deadline**").

**PLEASE TAKE FURTHER NOTICE** that any objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted upon default.

**PLEASE TAKE FURTHER NOTICE** that if no objections are timely filed and served with respect to the Application, the Debtors may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Application, which order may be entered without further notice or opportunity to be heard.

Dated:   November 5, 2019
         New York, New York

                                        DAVIS POLK & WARDWELL LLP

                                        By:   */s/ Eli J. Vonnegut*

                                        450 Lexington Avenue
                                        New York, New York 10017
                                        Telephone: (212) 450-4000
                                        Facsimile:  (212) 701-5800
                                        Marshall S. Huebner
                                        Benjamin S. Kaminetzky
                                        Timothy Graulich
                                        Eli J. Vonnegut

                                        *Proposed Counsel to the Debtors
                                        and Debtors in Possession*

3

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut

*Proposed Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.**, *et al.*, | Case No. 19-23649 (RDD) |
| Debtors. [1] | (Jointly Administered) |

**APPLICATION OF DEBTORS FOR AUTHORITY TO RETAIN
AND EMPLOY KING & SPALDING LLP AS SPECIAL COUNSEL
TO THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE**

Purdue Pharma L.P. ("**PPLP**") and its affiliates that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**," the "**Company**" or "**Purdue**") hereby represent in support of this application (this "**Application**"):

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

**Jurisdiction and Venue**

1. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), the Debtors consent to entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final order or judgments consistent with Article III of the United States Constitution. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

2. On September 16, 2019 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). On September 27, 2019, the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed the creditors' committee pursuant to section 1102 of the Bankruptcy Code [D.I 131]. No request has been made for the appointment of a trustee or examiner in above-captioned chapter 11 cases.

3. The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) and the *Order Directing Joint Administration of Chapter 11 Cases* [D.I. 59] entered by the Court in each of the chapter 11 cases.

4. Additional information about the Debtors' businesses and the events leading up to the Petition Date can be found in the *Debtors' Informational Brief* [D.I. 17].

2

**Relief Requested**

5.   By this Application, pursuant to section 327(e) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), the Debtors request authority to retain and employ King & Spalding LLP ("**K&S**") as special counsel to the Debtors for the matters described herein, effective *nunc pro tunc* to the Petition Date.

6.   A proposed form of order granting the relief requested in this Application is attached hereto as **Exhibit A** (the "**Proposed Order**").

7.   In support of the relief requested herein, the Debtors submit the *Declaration of Jeffrey S. Bucholtz in Support of Application of Debtors for Authority to Retain and Employ King & Spalding LLP as Special Counsel to the Debtors Nunc Pro Tunc to the Petition Date* (the "**Bucholtz Declaration**"), attached hereto as **Exhibit B**.

**Scope of K&S's Services**

8.   K&S has a longstanding relationship with the Debtors and is being retained to continue to provide services relating to opioid claims and investigations that the firm has provided to the Debtors since December 2018.  In addition, prior to providing the K&S Services to the Debtors, K&S represented the Debtors in other matters for many years.  K&S has provided and will continue to provide the following services to the Debtors during these chapter 11 cases (collectively, the "**K&S Services**"): (i) assisting the Debtors in connection with investigations by the U.S. Department of Justice and investigations and claims by other entities in an effort to reach a global resolution; (ii) assisting the Debtors with discovery in connection with pending requests from governmental agencies and regulators relating to opioids; (iii) assisting the Debtors with oversight and management of e-discovery technology vendor; (iv) assisting the Debtors with

3

responses to discovery-related requests from individual counsel and third parties; (v) assisting the Debtors in the defense of privilege and work product issues relating to the opioid matters; (vi) assisting the Debtors with discovery in connection with any stay issues or other matters relating to opioid claims in non-bankruptcy forums; and (vii) such other specific services as may be requested by the Debtors from time to time relating to the identification, collection, processing, review and production of documents in connection with the Debtors' opioid-related claims in these chapter 11 cases.

9. The Debtors require, and will continue to require, the K&S Services during these chapter 11 cases, including with respect to new matters that may arise. In addition, K&S's history and familiarity with the Debtors will enable the firm to provide the Debtors and their restructuring advisors with knowledge and expertise about historical matters and issues that may affect the Debtors' chapter 11 cases. K&S will not serve as the Debtors' general or special bankruptcy counsel on matters not set forth in this Application, and will not advise the Debtors or their estates with respect to their duties under the Bankruptcy Code.

10. Subject to approval of this Application, K&S has informed the Debtors that it is willing to serve as the Debtors' special counsel and to perform the K&S Services on matters arising during these chapter 11 cases.

### K&S's Qualifications

11. The Debtors selected K&S to provide the K&S Services due to the firm's reputation and expertise in the relevant fields of law. The Debtors have relied on K&S to provide the K&S Services to the Debtors since December 2018. In addition, prior to providing the K&S Services to the Debtors, K&S represented the Debtors in other matters for many years. By virtue of the firm's current and prior engagements, K&S is intimately familiar with the Debtors' business. As such,

the retention of K&S as special counsel will promote the efficient administration of these chapter 11 cases.

12. Conversely, if required to retain different counsel to provide the K&S Services, the Debtors will be forced to expend significant resources and expense to make such new counsel familiar with the Debtors' business and to familiarize such counsel with the legal issues and status of matters that K&S has handled or is handling for the Debtors.

13. In light of the foregoing, K&S is well qualified and uniquely able to represent the Debtors as special counsel pursuant to section 327(e) of the Bankruptcy Code, and K&S's retention would be in the best interest of the Debtors' estates, creditors, and other parties in interest.

### K&S's Disclosures

14. To the best of the Debtors' knowledge, information, and belief, except as disclosed in the Bucholtz Declaration, K&S has represented that it neither holds nor represents any interest that is materially adverse to the Debtors' estates in connection with any of the K&S Services for which K&S will be employed.

15. The Debtors have been informed that K&S will supplement the Bucholtz Declaration if any facts or circumstances are discovered that require additional disclosure.

### K&S's Compensation

16. The current hourly billing rates for K&S professionals expected to spend significant time on the K&S Services range from $425.00 to $940.50 for partners, $585 to $724.50 for associates and special counsel, $280 to $325 for staff attorneys, and $215 to $285 for paralegals.[2] All of the aforementioned hourly billing rates reflect a voluntary discount of approximately 10%. Other K&S professionals (with different billing rates) may provide services

---

[2] K&S's hourly rates are subject to change from time to time in the regular course of K&S's business.

5

#92557606v9

to the Debtors in connection with the K&S Services from time to time, as required. In addition to the hourly billing rates set forth herein, K&S customarily charges its clients for all reimbursable expenses incurred, including photocopying charges, messengers, courier mail, overtime meals, late night transportation, travel, lodging, meal charges for business meetings, postage, printing, transcripts, filing fees, computer research, and similar items. The Debtors respectfully submit that K&S's rates and policies, as stated in the Bucholtz Declaration, are reasonable and customary.

17.    Prior to the Petition Date, on September 11, 2019, the Debtors paid K&S a retainer of $1,248,000.00 for professional services and expenses (the "Retainer"). As of the date of the filing of this Application, K&S holds the full amount of the Retainer paid on September 11, 2019. For the three-month period preceding the Petition Date, K&S received payments from the Debtors totaling $3,756,269.91, covering fees and expenses for the three-months preceding the Petition Date.

18.    K&S will maintain detailed, contemporaneous time records in six-minute intervals and will apply to the Court for payment of compensation and reimbursement of expenses for all professional services performed and expenses incurred after the Petition Date in accordance with General Order M-412 (*Order Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals*, dated December 21, 2010 (Gonzalez, C.J.)), Administrative Order M-447 (*Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, dated January 29, 2013 (Morris, C.J.)), and the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 5, 2013 (collectively, the "**Fee Guidelines**"), the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of the Court.

19. To the best of the Debtors' knowledge, neither K&S nor any partner or associate thereof, has received or been promised any compensation for legal services rendered or to be rendered in any capacity in connection with the Debtors' chapter 11 cases, other than as permitted by the Bankruptcy Code. K&S has agreed not to share compensation received in connection with the Debtors' chapter 11 cases with any other person, except as permitted by section 504(b) of the Bankruptcy Code and Bankruptcy Rule 2016(b) in respect of sharing of compensation among K&S's partners.

## No Duplication of Services

20. The Debtors intend that the K&S Services will complement, and not duplicate, the services being rendered by any other professional retained in these chapter 11 cases. K&S understands that the Debtors have retained and may retain additional professionals during the term of their engagement and agrees to work cooperatively with such professionals to avoid any duplication of services.

## The Relief Requested Should Be Granted

21. Section 327(e) of the Bankruptcy Code provides that a debtor, subject to Court approval:

> [M]ay employ, for a specified special purpose, other than to represent the [debtor in possession] in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e).

22. Bankruptcy Rule 2014 requires that applications for retention of professionals include, among other things:

7

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm]'s connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).

23.     In light of the size and complexity of these chapter 11 cases, the Debtors respectfully submit that retaining and employing K&S pursuant to the terms of this Application and the Bucholtz Declaration is necessary and in the best interests of the Debtors' estates and all parties in interest in these chapter 11 cases.  As set forth in the Bucholtz Declaration, K&S has provided the K&S Services to the Debtors since December 2018 and has in-depth knowledge of the Debtors' business and the opioid investigations and claims being pursued against the Debtors.  The K&S Services will not overlap, but rather will complement, the services to be provided by the Debtors' general bankruptcy counsel, Davis Polk & Wardwell LLP.  K&S has also represented to the Debtors that it neither holds nor represents any interest that is materially adverse to the Debtors' estates in connection with any matter for which it will be employed.

### *Nunc Pro Tunc* Relief is Warranted

24.     The Debtors believe that the employment of K&S effective *nunc pro tunc* to the Petition Date is warranted under the circumstances of these chapter 11 cases so that K&S may be compensated for its services prior to entry of an order approving K&S's retention.  Further, the Debtors believe that no party-in-interest will be prejudiced by the granting of the *nunc pro tunc* employment because K&S has provided, and will continue to provide, valuable services to the Debtors' estates in the interim period.

#92557606v9

**Notice and No Prior Request**

25. Notice of this Application will be provided to: (a) the entities on the Master Service List (as defined in the Case Management Order and available on the Debtors' case website at https://restructuring.primeclerk.com/purduepharma) and (b) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "**Notice Parties**").

26. A copy of this Application and any order approving it will also be made available on the Debtors' Case Information Website located at https://restructuring.primeclerk.com/purduepharma. Based on the circumstances surrounding this Application and the nature of the relief requested herein, the Debtors respectfully submit that no further notice is required.

27. The Debtors have not previously sought the relief requested herein from the Court or any other court.

[*Remainder of Page Intentionally Left Blank*]

#92557606v9

WHEREFORE, the Debtors respectfully request entry of the Proposed Order and such other and further relief as is just.

Dated:  November 5, 2019
        New York, New York

**PURDUE PHARMA L.P.**
(for itself and on behalf of its affiliates that are debtors and debtors in possession)

*/s/ Marc L. Kesselman*
Marc L. Kesselman
Senior Vice President, General Counsel &
Corporate Secretary
Purdue Pharma L.P.

10