**Hearing Date and Time: November 19, 2019 at 10:00 a.m. (prevailing Eastern Time)**
**Objection Deadline: November 15, 2019 at 4:00 p.m. (prevailing Eastern Time)**

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut

*Proposed Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.**, *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

**NOTICE OF HEARING ON DEBTORS' APPLICATION FOR AN ORDER
AUTHORIZING THE DEBTORS TO RETAIN AND EMPLOY ALIXPARTNERS, LLP
AS FINANCIAL ADVISOR *NUNC PRO TUNC* TO THE PETITION DATE**

**PLEASE TAKE NOTICE** that Purdue Pharma L.P. and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") will present the *Debtors' Application for an Order Authorizing the Debtors to Retain and Employ AlixPartners, LLP as Financial Advisor Nunc Pro Tunc to the Petition Date* (the "**Application**"). A hearing on the Application will be held on **November 19, 2019, at 10:00 a.m. (Prevailing**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

**Eastern Time)** (the "**Hearing**") before the Honorable Judge Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, at the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601 (the "**Bankruptcy Court**"), or at such other time as the Bankruptcy Court may determine.

**PLEASE TAKE FURTHER NOTICE** that copies of the Application may be obtained free of charge by visiting the website of Prime Clerk LLC at https://restructuring.primeclerk.com/purduepharma. You may also obtain copies of any pleadings by visiting the Bankruptcy Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the Hearing may be continued or adjourned thereafter from time to time without further notice other than an announcement of the adjourned date or dates at the Hearing or a later hearing. The Debtors will file an agenda before the Hearing, which may modify or supplement the motions to be heard at the Hearing.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the Application shall be in writing, shall comply with the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, shall be filed with the Bankruptcy Court (a) by attorneys practicing in the Bankruptcy Court, including attorneys admitted *pro hac vice*, electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov), and (b) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with General Order M-399 and the

*Amended Order Establishing Certain Notice, Case Management, and Administrative Procedures*, entered on October 23, 2019 [Docket No. 342], so as to be filed and received no later than **November 15, 2019 at 4:00 p.m. (prevailing Eastern Time)** (the "**Objection Deadline**").

**PLEASE TAKE FURTHER NOTICE** that any objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted upon default.

**PLEASE TAKE FURTHER NOTICE** that if no objections are timely filed and served with respect to the Application, the Debtors may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Application, which order may be entered without further notice or opportunity to be heard.

Dated:   November 5, 2019
         New York, New York

                                         DAVIS POLK & WARDWELL LLP

                                         By:   */s/ Eli J. Vonnegut*

                                         450 Lexington Avenue
                                         New York, New York 10017
                                         Telephone: (212) 450-4000
                                         Facsimile:  (212) 701-5800
                                         Marshall S. Huebner
                                         Benjamin S. Kaminetzky
                                         Timothy Graulich
                                         Eli J. Vonnegut

                                         *Proposed Counsel to the Debtors*
                                         *and Debtors in Possession*

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut

*Proposed Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

**DEBTORS' APPLICATION FOR AN ORDER AUTHORIZING THE DEBTORS TO
RETAIN AND EMPLOY ALIXPARTNERS, LLP
AS FINANCIAL ADVISOR *NUNC PRO TUNC* TO THE PETITION DATE**

Purdue Pharma L.P. and its affiliates that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**," the "**Company**" or "**Purdue**") hereby submit this application (the "**Application**") pursuant to section 327(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

(the "**Bankruptcy Rules**"), and the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**") seeking entry of an order (the "**Order**"), substantially in the form attached hereto as <u>Exhibit A</u>, (a) authorizing the Debtors to retain and employ AlixPartners, LLP ("**AlixPartners**") as their financial advisor *nunc pro tunc* to September 15, 2019 (the "**Petition Date**"), in accordance with the terms and conditions set forth in that certain engagement letter dated as of March 5, 2019 (the "**Engagement Letter**"), as modified on April 24, 2019 (the "**First Addendum**") and as further modified on May 8, 2019 (the "**Second Addendum**"), and as amended on August 15, 2019 (the "**First Amendment**" and together with the Engagement Letter, First Addendum and Second Addendum, the "**Agreements**"),[2] copies of which are attached hereto as <u>Exhibit B</u>; (b) approving the terms of AlixPartners' employment and retention, including the fee and expense structure and the indemnification, contribution, reimbursement, and related provisions set forth in the Agreements; and (c) granting further relief as is just and proper.  In support of this Application, the Debtors submit the Declaration of Lisa Donahue, a Managing Director of AlixPartners (the "**Donahue Declaration**"), which is attached hereto as <u>Exhibit C</u> and incorporated herein; and further respectfully state as follow:

**Jurisdiction and Venue**

1.     The United States Bankruptcy Court for the Southern District of New York (the "**Court**") has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Bankruptcy Rule 7008, the

---

[2]  Any references to, or summaries of, the Engagement Letter in this Application are qualified by the express terms of the Engagement Letter, which shall govern if there is any conflict between the Engagement Letter and such summaries or references herein.  Additionally, any capitalized terms used in this Application and not otherwise defined herein have the meanings ascribed to them in the Engagement Letter.

Debtors consent to entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.   The statutory and legal predicates for the relief sought herein are section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1.

## Background

3.   On September 15, 2019 (the "**Petition Date**"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code. The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On September 27, 2019, the United States Trustee for the Southern District of New York appointed the official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code [D.I. 131]. No request has been made for the appointment of a trustee or examiner in these chapter 11 cases.

4.   These chapter 11 cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) and the *Order Directing Joint Administration of Chapter 11 Cases* [D.I. 59] entered by the Court in each of the chapter 11 cases.

5.   Additional information about the Debtors' businesses and the events leading up to the Petition Date can be found in the *Debtors' Informational Brief* [D.I. 17].

## Relief Requested

6.   By this Application, the Debtors seek entry of the proposed Order authorizing the Debtors to retain and employ AlixPartners as their financial advisor nunc pro tunc

3

to the Petition Date for the purpose of providing necessary financial advisory services in connection with the Debtors' chapter 11 cases and in accordance with the terms of the Agreements.

## AlixPartners' Qualifications

7.  AlixPartners is an internationally recognized restructuring and turnaround firm that has a wealth of experience in providing financial advisory services and enjoys an excellent reputation for services it has rendered in large and complex chapter 11 cases on behalf of debtors and creditors throughout the United States.

8.  AlixPartners' has assisted, advised, and provided strategic advice to debtors, creditors, bondholders, investors, and other entities in numerous chapter 11 cases of similar size and complexity to the Debtors' chapter 11 cases. Its professionals have provided restructuring or crisis management services in numerous large cases, including recent filings in this district. *See, e.g.*, *In re Fullbeauty Brands Holdings Corp.*, Case No. 19-22185 (RDD) (Bankr. S.D.N.Y. March 8, 2019); *In re Ditech Holding Corporation*, Case No. 19-10412 (JLG) (Bankr. S.D.N.Y. March 25, 2019); *In re Pacific Drilling S.A.,* Case No. 17-13193 (MEW) (Bankr. S.D.N.Y. Dec. 14, 2017); *In re CGG Holdings (U.S.) Inc.,* Case No. 17-11637 (MG) (Bankr. S.D.N.Y. July 14, 2017); *In re Ultrapetrol Ltd.*, Case No. 17-22168 (RDD) (Bankr. S.D.N.Y. Mar. 7, 2017); *In re SIGA Techs., Inc.*, Case No. 14-12623 (SHL) (Bankr. S.D.N.Y. Nov. 14, 2014); In re Nautilus Holdings, Ltd.*,* Case No. 14-22885 (RDD) (Bankr. S.D.N.Y. July 14, 2014); *In re MPM Silicones, LLC*, Case No. 14-22503 (RDD) (Bankr. S.D.N.Y. May 16, 2014); *In re Residential Capital, LLC*, Case No. 12-12020 (MG) (Bankr. S.D.N.Y. Aug. 10, 2012); *In re TBS Shipping Servs., Inc.*, Case No. 12-22224 (RDD) (Bankr. S.D.N.Y. Feb. 28, 2012); *In re Eastman Kodak Co.*, Case No. 12-10202 (ALG) (Bankr. S.D.N.Y. Feb. 28, 2012); *In re United Retail Grp,*

4

*Inc.*, Case No. 12-10405 (SMB) (Bankr. S.D.N.Y. Feb. 23, 2012); *In re Neff Corp.*, Case No. 10-12610 (SCC) (Bankr. S.D.N.Y. July 16, 2010).

9. AlixPartners performed prepetition advisory work for the Debtors and as a result has acquired significant knowledge of the Debtors and their businesses and familiarity with the Debtors' financial affairs, debt structure, operations, and related matters. Likewise, in providing prepetition services to the Debtors, AlixPartners has worked closely with the Debtors' management and their other advisors. Accordingly, AlixPartners has experience, expertise, and specifically relevant knowledge regarding the Debtors that will assist it in providing effective and efficient services in these chapter 11 cases.

## Services to Be Provided

10. Subject to further order of the Court, AlixPartners may provide the services described in the Agreements including, but not limited to, the following (collectively, the "**Financial Advisory Services**"):

- Assist in preparation for a chapter 11 proceeding, including the preparation of bankruptcy petitions and "first day" motions and coordinating and providing administrative support for the proceeding.
- Assist with the preparation of the statement of affairs, schedules and other regular reports required by the Court, as well as providing assistance in other areas.
- Assist in obtaining and presenting information required by parties in interest in the Debtors' bankruptcy process including official committees appointed by the United States Trustee, and their advisors approved by the Court, and the Court itself.
- Assist management of the Debtors in the design and implementation of a restructuring strategy and chapter 11 plan, taking into account the unique interests of all constituencies, including a possible trust or similar structure for the benefit of certain creditors.
- Assist the Debtors in managing its cash forecasting process and in creating or refining an actual to forecast variance reporting mechanism including the tracking of all intercompany cash movements.
- Provide assistance to management, in connection with the Debtors' development and/or refinement of its business plan, and such other related forecasts.

5

- Assist the Debtors' investment banker in obtaining and compiling information that is needed to present the Company or one or more business units to prospective purchasers or investors.

- Assist in communications and negotiations with stakeholders and their representatives, as well as with potential acquirers of Debtors assets.

- Assist with testimony before the Court on matters that are within AlixPartners' areas of expertise.

- Assist management in managing the "working group" professionals who are assisting the Debtors in the reorganization process or who are working for the Debtors' various stakeholders to improve coordination of their effort and individual work product to be consistent with the Debtors' overall restructuring goals.

- Assist in responding to due diligence requests from any official committee(s) appointed in a chapter 11 proceeding and other key constituencies.

- Identify and quantify the amount of all cash and non-cash asset distributions made by the Company on or after January 1, 2008 to its parent companies, their beneficial shareholders and/or their families and/or any other entity in which their beneficial owners or families own a controlling interest (the "**Affiliated Entities**").

- Identify all transfer pricing, royalty and other operational agreements between the Company and the Affiliated Entities in place on or after January 1, 2008. Quantify the amount of value transferred and received under these agreements (cash or non-cash) and whether these agreements represented arm's length market agreements.

- Identify all payments made to, expenses reimbursed for or costs covered for the Company's beneficial owners or their families on or after January 1, 2008.

- Prepare a report, in writing, if necessary at Counsel and/or the Company's request, and if required by the case.

- Provide assistance to management, in connection with the Company's development and/or refinement of its business plan, and such other related forecasts.

- Assist management in developing and analyzing different go forward business plan scenarios, including a status quo, a rationalized and an outsourced manufacturing operation.

- Assist management in developing and analyzing go forward business plan scenarios with and without non-ADF opioid sales.

- Assist management in developing and analyzing potential cost reduction and revenue growth opportunities, including an analysis of headcount and spend by function, research and development pipeline spend and SG&A spend.

- Assist with such other matters as may be requested that fall within AlixPartners' expertise and that are mutually agreeable.

11. The Financial Advisory Services are necessary to the Debtors' restructuring efforts and in the ongoing operation and management of the Debtors' businesses while subject to chapter 11 of the Bankruptcy Code.

### No Duplication of Services

12. The Financial Advisory Services provided by AlixPartners will complement and not duplicate the services to be rendered by any other professional retained in these chapter 11 cases.

### AlixPartners' Disinterestedness

13. To the best of the Debtors' knowledge, information, and belief and except to the extent disclosed herein and in the Donahue Declaration, AlixPartners: (a) is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code; (b) has no connection with the Debtors, their creditors, or other parties in interest, or the attorneys or accountants of the foregoing, or the U.S. Trustee for the Southern District of New York (the "**U.S. Trustee**") or any person employed in the Office of the U.S. Trustee; and (c) does not hold any interest adverse to the Debtors' estates.

14. To the extent that any new relevant facts or relationships bearing on the matters described herein during the period of AlixPartners' retention are discovered or arise, Debtors are advised that AlixPartners will use reasonable efforts to file promptly a supplemental declaration.

### Fee and Expense Structure

15. AlixPartners' decision to accept this engagement to provide services to the Debtors is conditioned upon its ability to be retained in accordance with its customary terms and conditions of employment, compensated for its services, and reimbursed for the out-of-pocket

expenses it incurs in accordance with its customary billing practices, as set forth in Schedule 1 of the Agreements (the "**Fee and Expense Structure**").

16.   AlixPartners' current standard hourly rates for 2019, subject to periodic adjustments, are as follows:

| Title | Hourly Rate |
|---|---|
| Managing Director | $990 – $1,165 |
| Director | $775 – $945 |
| Senior Vice President | $615 – $725 |
| Vice President | $440 – $600 |
| Consultant | $160 – $435 |
| Paraprofessional | $285 – $305 |

17.   AlixPartners reviews and revises its billing rates on January 1 of each year. Changes in applicable hourly rates will be noted on the invoices for the first time period in which the revised rates became effective.

18.   In addition to compensation for professional services rendered by AlixPartners' Personnel, AlixPartners will seek reimbursement for reasonable and necessary expenses incurred in connection with these chapter 11 cases, including transportation costs, lodging, and meals.

19.   The Fee and Expense Structure is consistent with and typical of compensation arrangements entered into by AlixPartners and other comparable firms that render similar services under similar circumstances. The Debtors believe that the Fee and Expense Structure is reasonable, market-based, and designed to compensate AlixPartners fairly for its work and to cover fixed and routine overhead expenses.

8

20.  To the extent AlixPartners requires services of its international divisions or personnel from specialized practices, the standard hourly rates for that international division or specialized practice will apply.

21.  To the extent AlixPartners uses the services of independent contractors (the "**Contractors**") in these chapter 11 cases, AlixPartners shall: (a) pass through the cost of such Contractors to the Debtors at the same rate that AlixPartners pays the Contractors; (b) seek reimbursement for actual costs only; (c) ensure that the Contractors are subject to the same conflict checks as required for AlixPartners; and (d) file with the Court such disclosures required by Bankruptcy Rule 2014.

## Allowance of Fees and Expenses

22.  The Debtors understand that AlixPartners intends to apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with these chapter 11 cases consistent with the Fee and Expense Structure, subject to this Court's approval and in compliance with applicable provisions of the Bankruptcy Code, including sections 330 and 331, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of this Court.

23.  AlixPartners will also maintain records in support of any fees (in 1/10th of an hour increments), costs, and expenses incurred in connection with services rendered in these chapter 11 cases. Records will be arranged by category and nature of the services rendered and will include reasonably detailed descriptions of those services provided on behalf of the Debtors.

24.  AlixPartners does not seek a success fee in connection with this engagement.

25.  The Fee and Expense Structure is consistent with and typical of compensation arrangements entered into by AlixPartners and other comparable firms that render

9

similar services under similar circumstances. The Debtors believe that the Fee and Expense Structure is reasonable, market-based, and designed to compensate AlixPartners fairly for its work and to cover fixed and routine overhead expenses.

### Payments Prior to the Petition Date

26. AlixPartners received advance retainer payments from the Debtors in the amount of $1,750,000.00 (the "**Retainer**"). In the ninety (90) days prior to the Petition Date and in addition to the Retainer described above, the Debtors paid AlixPartners a total of approximately $8.3 million for professional services performed and expenses incurred.

27. Debtors do not owe AlixPartners any sums for prepetition services.

### Indemnification

28. As a material part of the consideration for which AlixPartners agreed to provide the services described herein, the Debtors agreed to the indemnification provisions contained in Schedule 2 of the Agreements (collectively, the "**Indemnification Provisions**"). The Indemnification Provisions contain standard indemnification language with respect to AlixPartners' services including, without limitation, an agreement by the Debtors to indemnify, hold harmless, and defend AlixPartners and its affiliates and its and their partners, directors, officers, employees, and agents (collectively, the "**AlixPartners Parties**") from and against all claims, liabilities, losses, expenses and damages arising out of or in connection with the engagement of AlixPartners that is the subject of the Agreements, except to the extent caused by gross negligence, bad faith, or willful misconduct of any AlixPartners Parties.

29. The terms and conditions of the Agreements, including, but not limited to, the Indemnification Provisions were negotiated by the Debtors and AlixPartners at arm's length and in good faith. The Indemnification Provisions, contained in the Agreements and as modified in the Order, viewed in conjunction with the other terms of AlixPartners' proposed retention, are

reasonable and in the best interest of the Debtors, their estates, and creditors. Accordingly, as part of this Application, the Debtors respectfully request that the Court approve the Agreements.

### Basis for Relief

30. Section 327(a) of the Bankruptcy Code provides that a debtor, subject to court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor's] duties under this title.

11 U.S.C. § 327(a).

31. Bankruptcy Rule 2014, requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014.

32. The Debtors respectfully submit that section 327(a) of the Bankruptcy Code permits the Debtors to hire a professional firm like AlixPartners to undertake an advisory role in these chapter 11 cases. Furthermore, the requirements set forth by Bankruptcy Rule 2014 are satisfied by this Application. The retention of AlixPartners as financial advisor in these chapter 11 cases is in the best interests of the Debtors' estates, creditors, and the parties in interest.

### Notice

33. Notice of this Motion will be provided as to: (a) the entities on the Master Service List (as defined in the Case Management Order and available on the Debtors' case website at https://restructuring.primeclerk.com/purduepharma) and (b) any person or entity with a

11

particularized interest in the subject matter of this motion. The Debtors respectfully submit that no further notice is required.

## **No Prior Request**

34.     No prior request for the relief sought in this Application has been made to this or any other court.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A,** granting the relief sought herein and granting to the Debtors such other and further relief as the Court may deem proper.

Dated: November 5, 2019                                         Purdue Pharma L.P., *et al.*

*/s/ Jon Lowne*
Jon Lowne
Senior Vice President and
Chief Financial Officer
Purdue Pharma L.P.