**<u>Exhibit A</u>**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| PURDUE PHARMA L.P., *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

### ORDER AUTHORIZING DEBTORS TO
### RETAIN AND EMPLOY ALIXPARTNERS, LLP AS FINANCIAL ADVISOR
### *NUNC PRO TUNC* TO THE PETITION DATE

This matter coming before the Court upon the application (the "**Application**") filed by the Debtors[2] pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016 and Local Bankruptcy Rules for the Southern District of New York for entry of an order (this "**Order**") authorizing the Debtors to retain and employ AlixPartners as their financial advisor in these chapter 11 cases *nunc pro tunc* to the Petition Date on the terms and conditions set forth in that certain engagement letter dated March 5, 2019 (the "**Engagement Letter**"), as modified on April 24, 2019 (the "**First Addendum**") and as modified on May 8, 2019 (the "**Second Addendum**"), and as amended of August 15, 2019 (the "**First Amendment**" and together with the Engagement Letter, First Addendum and Second Addendum, the "**Agreements**"), between the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Capitalized terms used but not otherwise defined herein have the meanings set forth in the Application

Debtors and AlixPartners, copies of which are attached to the Application as **Exhibit B** as more fully set forth in the Application; and it appearing that the relief requested is in the best interest of the Debtors' estates, their creditors and other parties in interest; and upon consideration of the Donahue Declaration; and having considered the statements of counsel and evidence adduced with respect to the Application at a hearing before the Court (the "**Hearing**"); the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.), (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b), and (iv) notice of the Application and the Hearing was sufficient under the circumstances and it appearing that no other notice need be given; and after due deliberation and sufficient cause therefore,

      IT IS HEREBY ORDERED THAT:

1. The Application is GRANTED as set forth herein.

2. Pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016 and Local Rules 2014-1 and 2016-1, the Debtors are authorized to employ and retain AlixPartners as their financial advisor in these chapter 11 cases *nunc pro tunc* as of the Petition Date.

3. The terms of the Agreements, including without limitation, the Indemnification Provisions (as modified herein) and the Fee and Expense Structure, are reasonable terms and conditions of employment and are approved, as modified herein.

4. Notwithstanding anything to the contrary in the Agreements, during the pendency of these chapter 11 cases, the Indemnification Provisions are hereby modified as follows:

    a. All requests by AlixPartners for the payment of indemnification as set forth in the Application and/or Engagement Letter shall be made

2

      by means of an application to the Bankruptcy Court and shall be subject to review by the Bankruptcy Court to ensure that payment of such indemnity conforms to the terms of the Application and/or Engagement Letter and is reasonable under the circumstances of the litigation or settlement in respect of which indemnity is sought, provided however, that in no event shall AlixPartners be indemnified in the case of its own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence or willful misconduct; and

  b. In the event that AlixPartners seeks reimbursement from the Debtors for attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to the Application and/or Engagement Letter, the invoices and supporting time records for the attorneys' fees and expenses shall be included in AlixPartners' own applications, both interim and final, and these invoices and time records shall be subject to the Amended Guidelines, the U.S. Trustee Guidelines and the approval of the Bankruptcy Court pursuant to Sections 330 and 331 of the Bankruptcy Code without regard to whether such attorneys have been retained under Section 327 of the Bankruptcy Code, and without regard to whether such attorneys' services satisfy Section 330(a)(3)(C) of the Bankruptcy Code.

5. Any limitation of liability pursuant to the terms and conditions set forth in the Agreements, or otherwise, are hereby eliminated for the duration of these chapter 11 cases.

6. AlixPartners shall file interim and final fee requests for allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules and the Local Rules and any other such procedures as may be fixed by order of this Court.

7. Prior to any increases in AlixPartners' rates, as set forth in paragraph 16 of the Application, for any individual retained by AlixPartners and providing services in these cases, AlixPartners shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtors, the United States Trustee and any official committee. The supplemental affidavit shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether Professional's client has consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all

grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to Section 330 of the Bankruptcy Code.

8.  AlixPartners shall apply any remaining amounts of its prepetition retainer as a credit toward postpetition fees and expenses, after such postpetition fees and expenses are approved pursuant to the first Order of the Court awarding fees and expenses to AlixPartners.

9.  AlixPartners does not intend to seek reimbursement for defense costs associated with defending its fee applications should that situation arise.

10. To the extent AlixPartners uses the services of independent contractors (the "**Contractors**") in these chapter 11 cases, AlixPartners shall: (a) pass through the cost of such Contractors to the Debtors at the same rate that AlixPartners pays the Contractors; (b) seek reimbursement for actual costs only; (c) ensure that the Contractors are subject to the same conflict checks as required for AlixPartners; and (d) file with the Court such disclosures required by Bankruptcy Rule 2014.

11. AlixPartners shall use it reasonable efforts to avoid duplication of services provided to any of the Debtors' other retained professionals in these chapter 11 cases.

12. To the extent that there is any inconsistency between this Order and the Agreements or the Application, the provisions of this Order shall govern.

13. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

14. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: _____, 2019
      White Plains, New York

                                      THE HONORABLE ROBERT D. DRAIN
                                      UNITED STATES BANKRUPTCY JUDGE

5