**Hearing Date and Time: November 19, 2019 at 10:00 a.m. (prevailing Eastern Time)**
**Objection Deadline: November 15, 2019 at 4:00 p.m. (prevailing Eastern Time)**

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut

*Proposed Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (RDD)** |
| **Debtors.[1]** | **(Jointly Administered)** |

**NOTICE OF HEARING ON DEBTORS' APPLICATION TO EMPLOY ERNST & YOUNG LLP AS ITS AUDITOR *NUNC PRO TUNC* TO THE PETITION DATE**

**PLEASE TAKE NOTICE** that Purdue Pharma L.P. and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") will present the *Debtors' Application to Employ Ernst & Young LLP as its Auditor Nunc Pro Tunc to the Petition Date* (the "**Application**"). A hearing on the Application will be held on **November 19, 2019, at 10:00 a.m. (Prevailing Eastern Time)** (the "**Hearing**") before the Honorable Judge

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, at the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601 (the "**Bankruptcy Court**"), or at such other time as the Bankruptcy Court may determine.

**PLEASE TAKE FURTHER NOTICE** that copies of the Application may be obtained free of charge by visiting the website of Prime Clerk LLC at https://restructuring.primeclerk.com/purduepharma. You may also obtain copies of any pleadings by visiting the Bankruptcy Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the Hearing may be continued or adjourned thereafter from time to time without further notice other than an announcement of the adjourned date or dates at the Hearing or a later hearing. The Debtors will file an agenda before the Hearing, which may modify or supplement the motions to be heard at the Hearing.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the Application shall be in writing, shall comply with the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, shall be filed with the Bankruptcy Court (a) by attorneys practicing in the Bankruptcy Court, including attorneys admitted *pro hac vice*, electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov), and (b) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with General Order M-399 and the *Amended Order Establishing Certain Notice, Case Management, and Administrative Procedures*,

2

entered on October 23, 2019 [Docket No. 342], so as to be filed and received no later than **November 15, 2019 at 4:00 p.m. (prevailing Eastern Time)** (the "**Objection Deadline**").

**PLEASE TAKE FURTHER NOTICE** that any objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted upon default.

**PLEASE TAKE FURTHER NOTICE** that if no objections are timely filed and served with respect to the Application, the Debtors may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Application, which order may be entered without further notice or opportunity to be heard.

Dated:   November 5, 2019
         New York, New York

                                   DAVIS POLK & WARDWELL LLP

                                   By:   */s/ Eli J. Vonnegut*

                                   450 Lexington Avenue
                                   New York, New York 10017
                                   Telephone: (212) 450-4000
                                   Facsimile:  (212) 701-5800
                                   Marshall S. Huebner
                                   Benjamin S. Kaminetzky
                                   Timothy Graulich
                                   Eli J. Vonnegut

                                   *Proposed Counsel to the Debtors*
                                   *and Debtors in Possession*

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut

*Proposed Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.,** *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | **(Jointly Administered)** |

### DEBTORS' APPLICATION TO EMPLOY ERNST & YOUNG AS ITS AUDITOR, *NUNC PRO TUNC* TO THE PETITION DATE

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**" or "**Purdue**") seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), (i) authorizing the Debtors to employ and retain Ernst & Young LLP ("**EY LLP**") as their auditor, in accordance with the terms and conditions set forth

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

#92560629v8

in an engagement letter substantially in the form attached as Exhibit A to the Brady Declaration (defined below) (the "**Engagement Letter**"),[2] effective *nunc pro tunc* to the Petition Date (as defined below), and (ii) granting related relief. In support of this Application, the Debtors submit the declaration of Devon M. Brady, a partner at EY LLP (the "**Brady Declaration**"), annexed hereto as **Exhibit B**.

## Jurisdiction and Venue

1. This Court has jurisdiction to consider this Application under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b) and, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), the Debtors consent to entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.

2. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

3. The legal predicates for the relief requested are section 327(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1.

## Background

4. On September 15, 2019 (the "**Petition Date**"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code. The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On September 26, 2019, the United States Trustee for

---

[2] The Debtors intend to file the executed engagement letter with the Court before the November 19 hearing on this Application.

2

#92560629v8

the Southern District of New York appointed the official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code [D.I. 131]. No request has been made for the appointment of a trustee or examiner in these chapter 11 cases.

5. These chapter 11 cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) and the *Order Directing Joint Administration of Chapter 11 Cases* [D.I. 59] entered by the Court in each of the chapter 11 cases.

6. Additional information about the Debtors' businesses and the events leading up to the Petition Date can be found in the *Debtors' Informational Brief* [D.I. 17].

## Relief Requested

7. By this Application, the Debtors seek entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A**, (i) authorizing the Debtors to employ and retain EY LLP as their auditor, in accordance with the terms and conditions set forth in the Engagement Letter, effective *nunc pro tunc* to the Petition Date, and (ii) granting related relief.

## EY LLP's Qualifications

8. EY LLP's experience in audit matters is widely recognized, and it regularly provides such services to large and complex business entities. Moreover, EY LLP has extensive qualifications and experience providing audit, tax and other services to companies that have filed chapter 11. *See, e.g.*, *In re LBI Media, Inc. et al.*, Case No. 18–12655 (CSS) (D.I. 978); *In re ATD Corporation*, Case No. 18-12221 (Bankr. D. Del. Nov. 13, 2018) (D.I. 322); *In re Southeastern Grocers, LLC*, Case No. 18-10700 (Bankr. D. Del. May 14, 2018) (D.I. 489); *In re Momentive Performance Materials (MPM Silicones, LLC)*, Case No. 14-22503 (Bankr. D. Del. Jun. 26, 2014) (D.I. 544); *In re GSE Envtl., Inc.*, Case No. 14-11126 (Bankr. D. Del. Jun. 10, 2014) (D.I. 334); *In re Exide Techs.*, Case No. 13-11482 (Bankr. D. Del. Dec. 17, 2013) (D.I.

3

1166); *In re Oncure Holdings, Inc.*, Case No. 13-11540 (Bankr. D Del. Jul. 23, 2014) (D.I. 152); *In re AMR Corp.*, Case No. 11-15463 (Bankr. S.D.N.Y. Jan. 27, 2012) (D.I. 885); and *In re Borders Group*, Inc., Case No. 11-10614 (Bankr. S.D.N.Y. Apr. 7, 2011) (D.I. 559).

9. EY LLP has attained considerable knowledge concerning the Debtor and is already familiar with the Debtor's business affairs to the extent necessary for the scope of the services that EY LLP will perform during these chapter 11 cases.

10. Accordingly, the Debtor believes that EY LLP is well-qualified and able to perform as the Debtors' auditor in a cost-effective, efficient, and timely manner.

### Services Provided By EY LLP

11. As set forth in further detail in the Engagement Letter, EY LLP has agreed to provide certain audit services (the "**Services**") to the Debtors in connection with these chapter 11 cases. A summary description of each of the Services is summarized below and fully described in the Engagement Letter:[3]

- Audit and report on the consolidated financial statements of Purdue Pharma L.P. and subsidiaries for the years ended December 31, 2019 and 2018.

- Audit and report on the financial statements and supplemental schedules of the Debtors and Participating Associated Companies Retirement Savings 401(k) Plan and Pension Plan (together, the "**Plans**"), for which certain of the Debtors act as the sponsors for the year ended December 31, 2019 , which are to be included in the Companies and P.F. Laboratories Inc. Form 5500 filings with the Employee Benefits Security Administration of the Department of Labor.

### Professional Compensation and Reimbursement of Expenses

12. EY LLP intends to charge the Debtors fees for the Services, as set forth below.

---

[3] The summary of certain terms of the Engagement Letter herein are qualified in their entirety by reference to the provisions of the Engagement Letter itself. To the extent there is any discrepancy between the summaries contained in this Application and the terms of the Engagement Letter themselves, the terms of the Engagement Letter shall control. Unless otherwise defined, capitalized terms used in these summaries shall have the meanings ascribed to them in the Engagement Letter.

4

#92560629v8

- EY LLP estimates that its fees for the completion of the 2018 audit and issuance of the Company's 2018 financial statements will $20,000.

- EY LLP estimates that its fees for the 2019 Audit Services of the Consolidated Financial Statements will be $800,000 and for the Plans will be $56,000, respectively. These fee estimates are based on estimated hours of 4,500 for the audit of the Consolidated Financial Statements and 600 for the audits of the Plans. However, EY LLP's actual fees may exceed these estimates based on changes to the business (e.g., nature of the business or change in business entities) or additional unplanned effort.

- In addition to the foregoing fees, any hours incurred by EY LLP for out-of-scope work or unplanned effort will be billed based on an hourly rate of $250 rate per hour.

13. EY LLP's fees are exclusive of taxes or similar charges, as well as customs, duties or tariffs imposed in respect of the Services, all of which the Debtors shall pay (other than taxes imposed on EY LLP's income generally).

14. In addition to the fees set forth above, the Debtors shall reimburse EY LLP for any direct expenses incurred in connection with EY LLP's retention in these cases and the performance of the Services set forth in the Engagement Letter including all added taxes, sales taxes, and other indirect taxes. EY LLP's direct expenses shall include, but not be limited to, reasonable and customary out-of-pocket expenses for items such as travel, meals, accommodations and other expenses (including any fees or reasonable expenses of EY LLP's legal counsel) related to this engagement.

15. If EY LLP is requested or authorized by the Debtors, or is required by government regulation, subpoena or other legal process, to produce its documents or personnel as witnesses with respect to the Services or the Engagement Letter, the Debtors would, so long as EY LLP is not a party to the proceeding in which the information is sought, reimburse EY LLP for its professional time and expenses, as well as the fees and expenses of EY LLP's counsel, incurred in responding to such requests.

16. EY LLP may receive rebates in connection with certain purchases, which are used to reduce charges that EY LLP would otherwise pass onto its clients.

17. If the Services performed for the Debtors are selected for inspection by the Public Company Accounting Oversight Board, the professional time and expenses incurred related to the routine inspection activity and any related remediation work will be billed as incurred.

18. To the best of the Debtors' knowledge, information, and belief, no promises have been received by EY LLP as to compensation in connection with these chapter 11 cases other than as outlined in the Engagement Letter, and EY LLP has no agreement with any other entity to share any compensation received with any person other than the partners and employees of EY LLP.

19. EY LLP intends to apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with these chapter 11 cases, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court, including any order granting this Application.

## Efforts to Avoid Duplication of Services

20. EY LLP's services are intended to complement, and not duplicate, the services to be rendered by any other professional retained by the Debtors in these chapter 11 cases. EY LLP has informed the Debtors that it understands that the Debtors have retained and may retain additional professionals during the term of the engagement and that it will use its reasonable efforts to work cooperatively with such professionals to integrate any respective work conducted by the professionals on behalf of the Debtors.

#92560629v8

**EY LLP's Disinterestedness**

21.     To the best of EY LLP's knowledge, as of the date hereof, and except to the extent disclosed herein or in the Brady Declaration, EY LLP: (i) is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and (ii) does not hold or represent an interest adverse to the Debtors' estates.

22.     Given the large number of parties in interest in these chapter 11 cases, and despite the efforts to identify and disclose EY LLP's relationships with parties in interest in these chapter 11 cases, EY LLP is unable to state with certainty that every client relationship or other connection has been disclosed in the Brady Declaration.  Should additional significant relationships with parties in interest become known to EY LLP, EY LLP will file a supplemental declaration with the Court.

23.     Based on the Brady Declaration, the Debtors understand that in addition to its work for the Debtors, EY LLP, provides services for various trusts that are held by members of the Sackler family ("**Sackler Trusts**") and for certain entities that are owned by one or more Sackler Trusts or by members of the Sackler family, ("**Sackler Entities**").

24.     In addition, member firms of Ernst & Young Global Limited outside of the United States provide services for various Sackler Trusts, Sackler Entities and certain members of the Sackler family.

25.     During the ninety days before the Petition Date, the Debtors paid approximately $260,000.00 to EY LLP.

26.     As of the Petition Date, EY LLP was owed approximately $200 by the Debtors in respect of services provided by EY LLP.  Upon entry of an order approving this Application, EY LLP shall waive its claims for unpaid pre-petition fees and expenses.

27. EY LLP does not hold any retainer from the Debtors or any credit balance in the Debtors' favor.

28. The Debtors are informed that EY LLP will not share any compensation to be paid by the Debtors, in connection with services to be performed after the Petition Date, with any other person, other than other partners and employees of EY LLP, to the extent required by section 504 of the Bankruptcy Code.

## Basis for Relief Requested

29. The Debtors seek authority to employ and retain EY LLP as their auditor under section 327 of the Bankruptcy Code, which provides that a debtor is authorized to employ professional persons "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [Debtors] in carrying out the [Debtors'] duties under this title." 11 U.S.C. § 327(a). Section 1107(b) of the Bankruptcy Code elaborates upon sections 101(14) and 327(a) of the Bankruptcy Code in cases under chapter 11 of the Bankruptcy Code and provides that "a person is not disqualified for employment under section 327 of [the Bankruptcy Code] by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case." 11 U.S.C. § 1107(b).

30. EY LLP intends to apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with these chapter 11 cases, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court.

31. Denial of the relief requested herein would deprive the Debtors of the assistance of a well-qualified audit firm. Moreover, the denial of EY LLP's employment would result in an

8

unjust disadvantage to the Debtors and all parties in interest because of EY LLP's familiarity with the Debtors, their business operations and the complexities involved in these chapter 11 cases.

32. Based on the foregoing, the Debtors submit that they have satisfied the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules to support entry of an order authorizing the Debtors to retain and employ EY LLP in these chapter 11 cases on the terms described in the Engagement Letter.

### Notice and No Prior Request

33. Notice of this Application will be provided to: (a) the entities on the Master Service List (as defined in the Case Management Order and available on the Debtors' case website at https://restructuring.primeclerk.com/purduepharma) and (b) any person or entity with a particularized interest in the subject matter of this motion. The Debtors respectfully submit that no further notice is required.

34. The Debtors have not previously sought the relief requested herein from this or any other court.

*[Remainder of Page Intentionally Left Blank]*

#92560629v8

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order granting the relief requested herein and granting such other relief as the Court deems just and proper.

Dated: November 5, 2019

**PURDUE PHARMA L.P.**
(for itself and on behalf of its affiliates that are debtors and debtors in possession)

*/s/ Jon Lowne*
Jon Lowne
Senior Vice President and Chief Financial Officer
Purdue Pharma L.P.