**Hearing Date and Time: November 19, 2019 at 10:00 a.m. (prevailing Eastern Time)**
**Objection Deadline: November 15, 2019 at 4:00 p.m. (prevailing Eastern Time)**

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut

*Proposed Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (RDD)** |
| **Debtors.**[1] | **(Jointly Administered)** |

**NOTICE OF DEBTORS' MOTION**
**ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND**
**REIMBURSEMENT OF EXPENSES FOR RETAINED PROFESSIONALS**

**PLEASE TAKE NOTICE** that on November 5, 2019, the above-captioned debtors and

debtors in possession (collectively, the "**Debtors**"), filed the *Debtors' Motion Establishing*

*Procedures for Interim Compensation and Reimbursement of Expenses for Retained*

*Professionals* (the "**Motion**"). A hearing on the Motion will be held on **November 19, 2019, at**

**10:00 a.m. (Prevailing Eastern Time)** (the "**Hearing**") before the Honorable Judge Robert D.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, at the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601 (the "**Bankruptcy Court**"), or at such other time as the Bankruptcy Court may determine.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion may be obtained free of charge by visiting the website of Prime Clerk LLC at https://restructuring.primeclerk.com/purduepharma. You may also obtain copies of any pleadings by visiting the Bankruptcy Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the Hearing may be continued or adjourned thereafter from time to time without further notice other than an announcement of the adjourned date or dates at the Hearing or a later hearing. The Debtors will file an agenda before the Hearing, which may modify or supplement the motions to be heard at the Hearing.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the Motion shall be in writing, shall comply with the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, shall be filed with the Bankruptcy Court (a) by attorneys practicing in the Bankruptcy Court, including attorneys admitted *pro hac vice*, electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov), and (b) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with General Order M-399 and the *Amended Order Establishing Certain Notice, Case Management, and Administrative*

*Procedures*, entered on October 24, 2019 [Docket No. 342], so as to be filed and received no later than **November 15, 2019 at 4:00 p.m. (Prevailing Eastern Time)** (the "**Objection Deadline**").

**PLEASE TAKE FURTHER NOTICE** that any objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted upon default.

**PLEASE TAKE FURTHER NOTICE** that if no Objections are timely filed and served with respect to the Motion, the Debtors may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Motion, which order may be entered without further notice or opportunity to be heard.

Dated:    November 5, 2019
            New York, New York

DAVIS POLK & WARDWELL LLP

By:    */s/ Eli J. Vonnegut*   _____

450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile:  (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut

*Proposed Counsel to the Debtors*
*and Debtors in Possession*

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut

*Proposed Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (RDD)** |
| **Debtors.**[1] | **(Jointly Administered)** |

## DEBTORS' MOTION ESTABLISHING
## PROCEDURES FOR INTERIM COMPENSATION AND
## REIMBURSEMENT OF EXPENSES FOR RETAINED PROFESSIONALS

Purdue Pharma L.P. ("**PPLP**") and its affiliates that are debtors and debtors in possession

in these proceedings (collectively, the "**Debtors**," the "**Company**" or "**Purdue**") hereby move

(this "**Motion**") this Court for entry of an order, substantially in the form attached hereto as

**Exhibit A** (the "**Order**," respectively), granting the relief described below. In support thereof,

the Debtors represent as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

## Jurisdiction and Venue

1.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Debtors consent to entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

2.      On September 15, 2019 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On September 26, 2019, the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed the Official Committee of Unsecured Creditors (the "**Committee**") pursuant to section 1102 of the Bankruptcy Code [D.I. 131]. No request has been made for the appointment of a trustee or examiner in above-captioned chapter 11 cases (the "**Chapter 11 Cases**").

3.      These chapter 11 cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) and the *Order Directing Joint Administration of Chapter 11 Cases* [D.I. 59] entered by the Court in each of the chapter 11 cases.

4.      Additional information about the Debtors' businesses and the events leading up to the Petition Date can be found in the *Debtors' Informational Brief* [D.I. 17].

## Relief Requested

5.      By this Motion, the Debtors seek entry of an order approving the Compensation

Procedures (as defined below) for an orderly, regular process for the allowance and payment of

compensation and reimbursement of expenses for attorneys and other professionals whose

retentions are approved by the United States Bankruptcy Court for the Southern District of New

York pursuant to sections 327 or 1103 of title 11 of the Bankruptcy Code and who will be

required to file applications for allowance of compensation and reimbursement of expenses

pursuant to sections 330 and 331 of the Bankruptcy Code.

6.      The Debtors have filed or will file applications to retain the following

professionals (collectively, the "**Debtors' Professionals**"): (a) Davis Polk & Wardwell LLP, as

legal counsel; (b) Skadden, Arps, Slate, Meagher & Flom LLP, as special counsel; (c) Dechert

LLP, as special counsel; (d) King & Spalding LLP, as special counsel; (e) Wilmer Cutler

Pickering Hale and Dorr LLP, as special counsel; (f) PJT Partners LP, as investment banker; (g)

AlixPartners, as financial advisor; (h) Ernst & Young LLP, as independent auditor and

accounting services provider; and (i) Prime Clerk LLC, as administrative advisor. The Debtors

may also retain other professionals pursuant to section 327 of the Bankruptcy Code during the

course of these chapter 11 cases. The Committee will similarly file applications to retain certain

professionals, including, but not limited to: Akin Gump Strauss Hauer & Feld LLP; Bayard,

P.A.; Province, Inc. and Jefferies LLC (collectively, with the Debtors' Professionals, the

"**Professionals**").

7.      The Debtors believe that establishing orderly procedures for the payment of the

Professionals will streamline the administration of these chapter 11 cases and promote efficiency

for this Court, the United States Trustee, and all parties in interest. Specifically, a streamlined

process for serving interim and final fee applications (each, an "**Application**"), and the notices

thereof, is in the best interests of the Debtors because it will facilitate efficient review of the

Professionals' fees and expenses, while saving the Debtors' estates unnecessary administrative

expenses.

8.    In addition, the members of the Committee include natural persons who may be

significantly burdened by delaying reimbursement of actual and necessary expenses incurred in

the performance of their duties as members of the Committee until the Objection Deadline has

passed. Accordingly, the Debtors request the authority to reimburse such expenses promptly

upon the receipt of invoices therefore.

<h3 align="center">The Proposed Compensation Procedures</h3>

9.    Pursuant to section 331 of the Bankruptcy Code, all professionals are entitled to

submit applications for interim compensation and reimbursement of expenses every 120 days, or

more often if this Court permits. *See* 11 U.S.C. § 331. In addition, section 105(a) of the

Bankruptcy Code authorizes this Court to issue any order "necessary or appropriate to carry out

the provisions of [the Bankruptcy Code]," thereby codifying this Court's inherent equitable

powers. *See* 11 U.S.C. § 105(a).

10.    The Debtors propose that the monthly payment of compensation and

reimbursement of expenses of the Professionals (the "**Compensation Procedures**") be

structured as follows, which is in general conformity with General Order M-412:

(i)    On or before the last day of each month following the month for which
compensation is sought (or as soon thereafter as reasonably practicable),
each Professional seeking compensation shall serve a monthly statement
(the "**Monthly Fee Statement**"), on the following parties (the
"**Application Recipients**"): (i) Purdue Pharma L.P., 201 Tresser Blvd,
Stamford, CT 06901, Attn: Jon Lowne, Email:
Jon.Lowne@pharma.com; (ii) counsel to the Debtors, Davis Polk &
Wardwell LLP, 450 Lexington Avenue, New York, New York 10017,
Attn.: Christopher Robertson and Dylan Consla, Email:
christopher.robertson@davispolk.com, dylan.consla@davispolk.com;
(iii) counsel to the Committee: (a) Akin Gump Strauss Hauer & Feld

LLP, One Bryant Park, Bank of America Tower, New York, NY 10036-6745, Attn: Arik Preis, Email: apreis@akingump.com and Sara L. Brauner, Email: sbrauner@akingump.com; and (b) Bayard, P.A., 600 N. King Street, Suite 400, Wilmington, DE 19801, Attn: Justin R. Alberto and Daniel N. Brogan, Email: jalberto@bayardlaw.com and dbrogan@bayardlaw.com; and (iv) the Office of the United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Paul K. Schwartzberg, Email: Paul.Schwartzberg@usdoj.gov. All Professionals shall file their Monthly Fee Statements for the period from the effective date of their retention through November 30, 2019 by December 31, 2019 or as soon thereafter as reasonably practicable and otherwise in accordance with the procedures set forth in this motion.

(ii)   On or before the last day of each month following the month for which compensation is sought (or as soon thereafter as reasonably practicable), each Professional shall file a Monthly Fee Statement with this Court; however, a courtesy copy need not be delivered to Chambers because this Order is not intended to alter the fee application requirements outlined in sections 330 and 331 of the Bankruptcy Code. Professionals shall still be required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules.

(iii)  Any Professional that fails to file a Monthly Fee Statement for a particular month or months may subsequently submit a consolidated Monthly Statement that includes a request for compensation earned or expenses incurred during previous months.

(iv)   Each Monthly Fee Statement must contain a list of the individuals who provided services during the period covered by the Monthly Fee Statement, their respective titles (*e.g.*, attorney, accountant, paralegal, etc.), their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the disbursements incurred (no professional should seek reimbursement of an expense that would otherwise not be allowed pursuant to the Local Rules and this Court's *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, dated June 17, 2013), and contemporaneously maintained time entries (redacted or modified to protect any privileged) for each individual in increments of tenths (1/10) of an hour or as close thereto as practicable unless otherwise ordered by this Court.

(v)    Any Application Recipient shall have at least 14 days after the filing of a Monthly Fee Statement to review it and, if such party has an objection to the compensation or reimbursement sought in a particular Monthly Fee

Statement (an "**Objection**"), such party shall, by no later than 12:00 p.m. (prevailing Eastern Time) on the date that is 14 days following the filing of the particular Monthly Fee Statement (the "**Objection Deadline**"), serve via electronic mail upon the Professional whose Monthly Fee Statement is the subject of an Objection, a written "Notice of Objection to Fee Statement" setting forth the nature of the Objection and the amount of fees or expenses at issue.

(vi)    At the expiration of the Objection Deadline, the Debtors shall promptly pay 80% of the fees and 100% of the expenses identified in each Monthly Fee Statement to which no Objection has been served in accordance with paragraph (v) above.

(vii)   If a Notice of Objection to Fee Statement with respect to a particular Monthly Fee Statement is served, the Debtors shall withhold payment of only that portion of the Monthly Fee Statement to which the Objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (vi) above.

(viii)  If an Objection is resolved and if the party whose Monthly Fee Statement was the subject of the Objection serves on all Application Recipients a statement indicating that the Objection has been withdrawn and describing the terms of the resolution, then the Debtors shall promptly pay, in accordance with paragraph (vi) above, that portion of the Monthly Fee Statement that is no longer subject to the Objection.

(ix)    All Objections that are not resolved by the parties shall be preserved and presented to this Court at the next interim or final fee application to be heard by this Court in accordance with paragraph (xii) below.

(x)     The service of a Notice of Objection to Fee Statement in accordance with paragraph (v) above shall not prejudice the objecting party's right to object to any fee application made to this Court in accordance with the Bankruptcy Code on any ground, whether raised in the Objection or not. Furthermore, the decision by any party not to object to a Monthly Fee Statement shall not be a waiver of any kind or prejudice that party's right to object to any fee application subsequently made to this Court in accordance with the Bankruptcy Code.

(xi)    Commencing with the period ending January 31, 2020, and for each four month interval thereafter (each, an "**Interim Fee Period**"), each of the Professionals shall file with this Court an application (an "**Interim Fee Application**") for interim Court approval and allowance, pursuant to sections 330 and 331 of the Bankruptcy Code (as the case may be), of the compensation and reimbursement of expenses requested in the Monthly Fee Statements served during such Interim Fee Period. Each Professional shall file its Interim Fee Application no later than 45 days

6

after the end of the Interim Fee Period. Each Professional shall file its first Interim Fee Application on or before March 16, 2020, and the first Interim Fee Application shall cover the Interim Fee Period from the Petition Date (or the effective date of the Professional's retention) through and including January 31, 2020.

(xii)    The Debtors' attorneys shall obtain a date from this Court for the hearing to consider Interim Fee Applications for all Professionals (the "**Interim Fee Hearing**"), which shall be scheduled no earlier than 45 days after the expiration of the 45 day period set forth in paragraph (xi) above, unless otherwise agreed to by the Debtors, the Committee and the U.S. Trustee. At least 30 days prior to the Interim Fee Hearing, the Debtors' attorneys shall file a notice with this Court, with service upon the U.S. Trustee and all Professionals, setting forth the time, date, and location of the Interim Fee Hearing, the period covered by the Interim Fee Applications, and the objection deadline. Any Professional unable to file its own Interim Fee Application with this Court shall deliver to the Debtors' attorneys a fully executed copy with original signatures, along with service copies, three business days before the filing deadline. The Debtors' attorneys shall file and serve such Interim Fee Application.

(xiii)   Any Professional who fails to timely file an Interim Fee Application seeking approval of compensation and expenses previously paid pursuant to a Monthly Fee Statement shall (i) be ineligible to receive further monthly payments of fees or reimbursement of expenses as provided herein until such Interim Fee Application is filed, and (ii) may be required to disgorge any fees paid since retention or the last fee application, whichever is later.

(xiv)    The pendency of an Interim Fee Application or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular Monthly Fee Statement shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by this Court.

(xv)     Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any Professionals. To the extent authorized by the Court, including in an order allowing a Professional's Interim Fee Application, the Debtors shall be authorized to promptly pay such Professional all allowed requested fees (including the 20% "holdback") and expenses not previously paid.

(xvi)    The attorneys for the Committee may, in accordance with the Compensation Procedures, collect and submit statements of expenses, with supporting vouchers, from members of the Committee; provided,

that these reimbursement requests must comply with the Bankruptcy Court's Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases, dated January 29, 2013, and any other applicable fee and expense guidelines adopted by the Court. Notwithstanding the foregoing, the Debtors are authorized to pay promptly upon the receipt of invoices therefore the actual and necessary expenses, other than compensation and reimbursement specified in paragraph 4 of section 503(b) of the Bankruptcy Code, incurred by any natural person who is a member of the Committee in the performance of the duties of the Committee. The payment of such expenses as provided herein shall be subject to, and shall not have any effect on, this Court's interim and final allowance of reimbursement of such expenses.

11.     The Debtors further request that this Court limit service of the Applications to the Application Recipients as set forth herein. The Debtors further request that all other parties that have filed a notice of appearance with the Clerk of this Court and requested notice of pleadings in these chapter 11 cases shall be entitled to receive only notice of hearings on the Applications (the "**Hearing Notice**"). Serving the Applications and the Hearing Notices in this manner will permit the parties most active in these chapter 11 cases to review and object to the Professionals' fees and will save unnecessary duplications and mailing expenses.

## Basis for Relief

12.     Pursuant to section 331 of the Bankruptcy Code, all professionals are entitled to submit applications for interim compensation and reimbursement of expenses every 120 days, or more often if this Court permits. In addition, section 105(a) of the Bankruptcy Code authorizes this Court to issue any order "necessary or appropriate to carry out the provisions of [the Bankruptcy Code]," thereby codifying this Court's inherent equitable powers. 11 U.S.C. § 105(a).

13.     Factors considered by courts in deciding whether to establish interim compensation procedures include "the size of [the] reorganization cases, the complexity of the issues involved, and the time required on the part of the attorneys for the debtors in providing

8

services necessary to achieve a successful reorganization of the debtors." *See, e.g.*, *In re Int'l Horizons, Inc.*, 10 B.R. 895, 897 (Bankr. N.D. Ga. 1981) (establishing procedures for monthly interim compensation).

14.      The significant size of these cases and the amount of time and effort that will be required from the Professionals to successfully reorganize the Debtors' businesses justifies the Compensation Procedures requested herein. Indeed, such Compensation Procedures are necessary to ensure that the Professionals are fairly and timely compensated for their services in these cases and are not forced to bear undue financial burden or risk caused by delays in payment.

15.      Courts in this jurisdiction have approved relief similar to the relief requested herein. *See, e.g.*, *In re Windstream Holdings, Inc.*, Case No. 19-22312 (RDD) (Bankr. S.D.N.Y. Feb. 25, 2019); *In re Aegean Marine Petroleum Network Inc.*, Case No. 18-13374 (MEW) (Bankr. S.D.N.Y. Dec. 6, 2018); *In re Nine West Holdings, Inc.*, Case No. 18-10947 (SCC) (Bankr. S.D.N.Y. June 5, 2018); *In re Cenveo, Inc.*, Case No. 18-22178 (RDD) (Bankr. S.D.N.Y. Mar. 8, 2018); *In re Runway Liquidation Holdings, LLC*, Case No. 17-10466 (SCC) (Bankr. S.D.N.Y. Mar. 29, 2017); *In re Avaya*, Case No. 17-10089 (SMB) (Bankr. S.D.N.Y. Mar. 28, 2017).

16.      The Debtors believe the proposed Compensation Procedures will enable them to closely monitor case administration costs, maintain level cash flow availability, and implement efficient cash management procedures. Moreover, the Compensation Procedures will allow this Court and key parties in interest to ensure the reasonableness and necessity of the compensation and reimbursement sought by Professionals.

17.    The Debtors submit that establishing the foregoing Compensation Procedures will significantly aid the efficient administration of these chapter 11 cases. Accordingly, the Debtors believe the relief requested herein is in the best interests of the Debtors' estates, creditors, and parties in interest.

## Waiver of Bankruptcy Rule 6004(a) and 6004(h)

18.    To successfully implement the foregoing, the Debtors request that this Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtors have established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

## Reservation of Rights

19.    Nothing contained herein or any action taken pursuant to such relief is intended or shall be construed as (a) an admission as to the validity or priority of any claim against the Debtors; (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for or validity or priority of any claim against the Debtors; (c) a waiver of any claims or causes of action which may exist against any creditor or interest holders; or (d) an approval, assumption, adoption or rejection of any agreement, contract, lease, program or policy between the Debtors and any third party under section 365 of the Bankruptcy Code.

## Notice

20.    Notice of this Motion will be provided as to: (a) the entities on the Master Service List (as defined in the *Amended Order Establishing Certain Notice, Case Management, and Administrative Procedures*, entered on October 24, 2019 [Docket No. 342] and available on the Debtors' case website at https://restructuring.primeclerk.com/purduepharma) and (b) any person or entity with a particularized interest in the subject matter of this motion.   The Debtors respectfully submit that no further notice is required.

### **No Previous Request**

21.     No previous request for the relief sought herein has been made by the Debtors to

this or any other court.

[*Remainder of Page Intentionally Left Blank*]

22.     WHEREFORE, the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as is just and proper.

Dated:   November 5, 2019
         New York, New York

By:  */s/ Eli J. Vonnegut*
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile:  (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut

*Proposed Counsel to the Debtors
and Debtors in Possession*