**Hearing Date and Time: November 19, 2019, at 10:00 a.m. (prevailing Eastern Time)**
**Objection Date and Time: November 15, 2019, at 4:00 p.m. (prevailing Eastern Time)**

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut

*Proposed Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.,** *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

**NOTICE OF HEARING ON DEBTORS' MOTION FOR ENTRY OF AN ORDER
(I) AUTHORIZING THE REJECTION OF COMMERCIAL LEASE AND
(II) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE** that that a hearing on the annexed motion (the "**Motion**"), of Purdue Pharma L.P. ("**PPLP**") and its affiliates that are the debtors and debtors in possession in these proceedings (collectively, the "**Debtors**"), for entry of an order authorizing the Debtors to reject a commercial lease and granting related relief, all as more fully set forth in the Motion,

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

will be held before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, Courtroom 118, 300 Quarropas Street, White Plains, New York, 10601-4140 (the "Bankruptcy Court") on **November 19, 2019 at 10:00 a.m.** (prevailing Eastern Time) (the "**Hearing**"), or as soon thereafter as counsel may be heard.

**PLEASE TAKE NOTICE** that any responses or objections (the "**Objections**") to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, shall be filed with the Bankruptcy Court (a) by attorneys practicing in the Bankruptcy Court, including attorneys admitted *pro hac vice*, electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov), and (b) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with the Amended Order implementing Certain Notice and Case Management Procedures, entered on October 24, 2019 [Docket No. 342], so as to be filed and received no later than **November 15, 2019, at 4:00 p.m.** (prevailing Eastern Time) (the "**Objection Deadline**").

**PLEASE TAKE FURTHER NOTICE** that if no Objections are timely filed and served with respect to the Motion, the Debtors may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Motion, which order may be entered without further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that any objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted upon default.

2

Dated:   November 5, 2019
         New York, NY

                                      DAVIS POLK & WARDWELL LLP

                                      By:  */s/ Eli J. Vonnegut*
                                      DAVIS POLK & WARDWELL LLP
                                      450 Lexington Avenue
                                      New York, New York 10017
                                      Telephone: (212) 450-4000
                                      Facsimile:  (212) 701-5800
                                      Marshall S. Huebner
                                      Benjamin S. Kaminetzky
                                      Timothy Graulich
                                      Eli J. Vonnegut

                                      *Proposed Counsel to the Debtors*
                                      *and Debtors in Possession*

3

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut

*Proposed Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.**, *et al.*, | **Case No. 19-23649 (RDD)** |
| **Debtors.**[2] | **(Jointly Administered)** |

**MOTION OF DEBTORS FOR ENTRY OF AN ORDER (I) AUTHORIZING THE REJECTION OF COMMERCIAL LEASE AND (II) GRANTING RELATED RELIEF**

Purdue Pharma L.P. ("**PPLP**") and its affiliates that are the debtors and debtors in possession in these proceedings (collectively, the "**Debtors**," the "**Company**" or "**Purdue**"), hereby move (this "**Motion**") this Court for entry of an order, substantially in the form attached hereto as Exhibit A (the "**Proposed Order**"), granting the relief described below. In further support of this Motion, the Debtors respectfully state as follows:

---

[2] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

**Jurisdiction and Venue**

1. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), the Debtors consent to entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

2. On September 15, 2019 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On September 27, 2019, the United States Trustee for the Southern District of New York appointed the official committee of unsecured creditors (the "**Creditors' Committee**"). No trustee or examiner has been appointed in these chapter 11 cases.

3. PPLP and its direct and indirect subsidiaries other than the Rhodes Debtors (defined below) (the "**Purdue Debtors**") primarily operate a branded pharmaceuticals business, while Debtor Rhodes Associates L.P. and its direct and indirect subsidiaries (the "**Rhodes Debtors**") primarily develop and distribute generic pharmaceutical products and manufacture a range of active pharmaceutical ingredients.

4. Additional information about the Debtors' businesses and the events leading up to the Petition Date can be found in the *Debtors' Informational Brief* filed on September 16, 2019 [Docket No. 17].

## Relief Requested

5. By this Motion, and pursuant to section 365 of the Bankruptcy Code, Bankruptcy Rule 6006 and Rule 6006-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Bankruptcy Rules**"), the Debtors seek entry of the Proposed Order, authorizing them to reject the lease (the "**Princeton Lease**"), dated March 15, 2017, by and between Princeton Center Office, LLC ("**Princeton**") and PPLP, with such rejection to take effect as of September 26, 2019, the date the Debtors surrendered the Premises (as defined below) by physically vacating the Premises (the "**Rejection Effective Date**"), and such other relief as the Court deems just and proper.

## Rejection of Princeton Lease

6. The Debtors have determined in their business judgment that they no longer have use for the Princeton Lease, which determination resulted from careful consideration of factors that included the respective benefits and costs of the Princeton Lease. The Debtors no longer occupy the Premises. The Debtors further believe, in their business judgment, that they could not assume and assign the Princeton Lease in a manner that would provide any economic benefit to the Debtors' estates. As a result, the Debtors hereby seek the Court's approval to reject the Princeton Lease.

7. Pursuant to the Princeton Lease, PPLP occupied the Premises located on the second floor of the office building located at 100 PrincetonSouth Corporate Center, Ewing, New Jersey 08628 (the "**Premises**"). The Premises comprised approximately 6,989 total square feet of space. PPLP is obligated under the Princeton Lease to pay monthly installments of Fixed

3

Basic Rent (the "**Base Rent**") and the Tenant's Share of Taxes and Tenant's Share of Operating Expenses (the "**Additional Rent**") (as those terms are defined in the Princeton Lease).

8. Due to staffing reductions in 2017 and 2018, the Debtors have no further need for, and have physically vacated, the Premises. The cost of maintaining the Princeton Lease far exceeds the benefit it provides to the Debtors' estates. Accordingly, the Debtors seek to reject the Princeton Lease in the exercise of their business judgment as of the Rejection Effective Date in order to relieve the Debtors' estates of an unnecessary burden and save more than $200,000 per year based on PPLP's future Base Rent and Additional Rent obligations.

**Basis for Relief**

Rejection of the Princeton Lease is an Appropriate Exercise
of the Debtors' Business Judgment and Should Be Authorized

9. Section 365(a) of the Bankruptcy Code provides, in pertinent part, that a debtor in possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a); *see also N.L.R.B. v. Bildisco & Bildisco*, 465 U.S. 513, 521 (1984); *Med. Malpractice Ins. Ass'n v. Hirsch (In re Lavigne)*, 114 F.3d 379, 386 (2d Cir. 1997). "The purpose behind allowing the assumption or rejection of executory contracts is to permit the trustee or debtor-in-possession to use valuable property of the estate and to renounce title to and abandon burdensome property." *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1098 (2d Cir. 1993) (internal quotation marks omitted).

10. Courts defer to a debtor's business judgment in determining whether to approve rejection of an executory contract or unexpired lease and, upon finding that a debtor has exercised its sound business judgment, regularly approve the rejection under section 365(a) of the Bankruptcy Code. *See Bildisco & Bildisco*, 465 U.S. at 523 (recognizing the use of the

4

"business judgment" standard to approve rejection of executory contracts); *In re Orion Pictures Corp.*, 4 F.3d at 1099; *Sharon Steel Corp. v. Nat'l Fuel Gas Distribution Corp.*, 872 F.2d 36, 39–40 (3d Cir. 1989); *Robertson v. Pierce (In re Chi-Feng Huang)*, 23 B.R. 798, 800 (B.A.P. 9th Cir. 1982); *In re G Survivor Corp.*, 171 B.R. 755, 757 (Bankr. S.D.N.Y. 1994); *Wheeling-Pittsburgh Steel Corp. v. W. Penn Power Co. (In re Wheeling-Pittsburgh Steel Corp.)*, 72 B.R. 845, 849 (Bankr. W.D. Pa. 1987).

11. Courts generally will not second-guess a debtor's business judgment concerning the rejection of an executory contract. *See COR Route 5 Co., LLC v. The Penn Traffic Co. (In re Penn Traffic Co.),* 524 F.3d 373, 383 (2d Cir. 2008); *see also In re Old Carco LLC*, 406 B.R. 180, 188 (Bankr. S.D.N.Y. 2009); *In re Trans World Airlines, Inc.*, 261 B.R. 103, 121–22 (Bankr. D. Del. 2001). The "business judgment" test merely requires a showing that rejection of the executory contract or unexpired lease may benefit the debtor's estate. *See In re G Survivor Corp.*, 171 B.R. at 758 ("[I]t is enough if, as a matter of business judgment, rejection of the burdensome contract may benefit the estate." (internal quotation marks omitted)); *see also In re Trans World Airlines, Inc.*, 261 B.R. at 121 ("A debtor's decision to reject an executory contract must be summarily affirmed unless it is the product of 'bad faith, or whim or caprice.'" (quoting *In re Wheeling-Pittsburgh Steel Corp.*, 72 B.R. at 849–50)); *In re Trans World Airlines, Inc.*, No. 01-0056, 2001 WL 1820019, at *2 (Bankr. D. Del. Mar. 16, 2001) (noting that the standard under section 365 "requires consideration of the benefit of rejection to the debtor's estate").

12. The Princeton Lease no longer provides any benefit to the Debtors' estates. Over the months preceding September 26, 2019, the date the Debtors surrendered the Premises, the Debtors' scarce use of the Premises gradually declined. Rejecting the Princeton Lease will save the Debtors hundreds of thousands of dollars in the aggregate and, for all of the reasons set forth

5

herein, is clearly beneficial to the Debtors' estates and all parties in interest. Furthermore, the Debtors and their financial advisors have thoroughly considered the available alternatives to rejection of the Princeton Lease and believe that the relief requested herein is most likely to maximize the value of, and minimize the expenses to, the estates.

13. In light of the foregoing, the Debtors respectfully request that the Court approve the rejection of the Princeton Lease pursuant to section 365(a) of the Bankruptcy Code, effective as of the Rejection Effective Date.

<u>Deeming Rejection of the Princeton Lease Effective as of the Rejection Effective Date is Appropriate</u>

14. The Debtors submit that it is appropriate for the Court to deem the Debtors' rejection of the Princeton Lease effective as of the Rejection Effective Date.

15. Section 365 of the Bankruptcy Code does not address when the rejection ordered by the Court is deemed effective. *See Constant Ltd. P'ship v. Jamesway Corp. (In re Jamesway Corp.)*, 179 B.R. 33, 37 (S.D.N.Y. 1995) (stating that section 365 of the Bankruptcy Code does not include "restrictions as to the manner in which the court can approve rejection"). However, courts, including those in this District, have held that a bankruptcy court may exercise its equitable powers in granting such a retroactive order when doing so promotes the purposes of section 365(a) of the Bankruptcy Code. *See In re The Reader's Digest Ass'n, Inc.*, Case No. 09-23529 (RDD) (Bankr. S.D.N.Y. Sept. 17, 2009) (ECF No. 94) (approving retroactive rejection of unexpired leases); *Thinking Machs. Corp. v. Mellon Fin. Servs. Corp. #1 (In re Thinking Machs. Corp.)*, 67 F.3d 1021, 1029 (1st Cir. 1995) ("[R]ejection under section 365(a) does not take effect until judicial approval is secured, but the approving court has the equitable power, in suitable cases, to order a rejection to operate retroactively."); *see also Pacific Shores Dev., LLC v. At Home Corp. (In re At Home Corp.)*, 392 F.3d 1064, 1069 (9th Cir. 2004) (noting that

6

"[m]any bankruptcy courts have since implemented *Thinking Machines*' black-letter rule"); *BP Energy Co. v. Bethlehem Steel Corp. (In re Bethlehem Steel Corp.)*, No. 02-CV-6419 (NRB), 2002 WL 31548723, at *3 (S.D.N.Y. Nov. 15, 2002) (noting that a bankruptcy court may assign retroactive rejection dates under section 365(a) "when the balance of the equities favor this solution"); *In re Chi-Chi's, Inc.*, 305 B.R. 396, 399 (Bankr. D. Del. 2004) ("[T]he court's power to grant retroactive relief is derived from the bankruptcy court's equitable powers so long as it promotes the purposes of § 365(a).").

16.    Permitting the Debtors to reject the Princeton Lease as of the Rejection Effective Date is consistent with rulings in this and other courts. *See In re Tops Holding II Corp.*, Case No. 18-22279 (RDD) (Bankr. S.D.N.Y. Mar. 22, 2018) (ECF No. 199) (authorizing retroactive rejection of leases as of the date the debtors had surrendered the keys to the lease counterparties); *In re The Great Atl. & Pac. Tea Co., Inc.*, Case No. 10-24549 (RDD) (Bankr. S.D.N.Y. Dec. 15, 2010) (ECF Nos. 18, 81) (same); *Adelphia Bus. Solutions, Inc. v. Abnos*, 482 F.3d 602 (2d Cir. 2007) (upholding a bankruptcy court ruling that a rejection of an unexpired lease was retroactive to the date of the hearing on the motion to reject, even though the order to reject was not entered until nearly 33 months later); *accord Pacific Shores Development, LLC v. At Home Corp. (In re At Home Corp.)*, 392 F. 3d 1064 (9th Cir. 2004) (applying the *In re Thinking Mach. Corp.* ruling and approving a retroactive order to reject an unexpired lease even though the lessor has not retaken the premises).

17.    The balance of equities favors the relief requested herein. The Premises have been surrendered to Princeton. Granting the Debtors the relief requested herein will protect and preserve the estates by eliminating further financial burden from the Princeton lease, and minimizing administrative costs. Accordingly, the Debtors respectfully submit that it is fair and

7

equitable for the Court to authorize rejection of the Princeton Lease effective as of the Rejection Effective Date.

### Debtors' Reservation of Rights

18.     Nothing contained herein or any action taken pursuant to such relief is intended or shall be construed as (a) an admission as to the validity or priority of any claim against the Debtors; (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for or validity of any claim against the Debtors; or (c) a waiver of any claims or causes of action which may exist against any creditor or interest holders or any other party. Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended to be and should not be construed as an admission as to the validity or priority of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

### Waiver of Stay under Bankruptcy Rule 6004(h)

19.     The Debtors also request that, to the extent applicable to the relief requested in this Motion, the Court waive the stay imposed by Bankruptcy Rule 6004(h), which provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h). As described above, the relief that the Debtors seek in this Motion is necessary for the Debtors to preserve value for their estates. Accordingly, the Debtors respectfully request that the Court waive the 14-day stay imposed by Bankruptcy Rule 6004(h), as the exigent nature of the relief sought herein justifies immediate relief.

### Notice

20.     Notice of this Motion will be provided as to (a) the entities on the Master Service List (as defined in the Case Management Order and available on the Debtors' case website at https://restructuring.primeclerk.com/purduepharma) and (b) any person or entity with a

8

particularized interest in the subject matter of this motion.  The Debtors respectfully submit that no further notice is required.

## **No Prior Request**

21.     The Debtors have not previously sought the relief requested herein from the Court or any other court.

*[Remainder of Page Intentionally Left Blank]*

22.  WHEREFORE, the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as may be just and proper.

Dated:  November 5, 2019
New York, NY

DAVIS POLK & WARDWELL LLP

By:  */s/ Eli J. Vonnegut*
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile:  (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut

*Proposed Counsel to the Debtors
and Debtors in Possession*