**Hearing Date and Time: November 19, 2019 at 10:00 a.m. (prevailing Eastern Time)**
**Objection Deadline: November 15, 2019 at 4:00 p.m. (prevailing Eastern Time)**

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut

*Proposed Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (RDD)** |
| **Debtors.[1]** | **(Jointly Administered)** |

**NOTICE OF HEARING ON APPLICATION OF DEBTORS**
**FOR AUTHORITY TO RETAIN AND EMPLOY SKADDEN, ARPS, SLATE,**
**MEAGHER & FLOM LLP AS SPECIAL COUNSEL TO THE DEBTORS**
***NUNC PRO TUNC* TO THE PETITION DATE**

**PLEASE TAKE NOTICE** that on November 5, 2019, Purdue Pharma L.P. and certain of

its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases

(collectively, the "**Debtors**") filed the *Application of Debtors for Authority to Retain and Employ*

*Skadden, Arps, Slate, Meagher & Flom LLP as Special Counsel to the Debtors Nunc Pro Tunc to*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

*the Petition Date* (the "**Application**").  A hearing on the Application will be held on **November 19, 2019, at 10:00 a.m. (Prevailing Eastern Time)** (the "**Hearing**") before the Honorable Judge Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, at the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601 (the "**Bankruptcy Court**"), or at such other time as the Bankruptcy Court may determine.

PLEASE TAKE FURTHER NOTICE that copies of the Application may be obtained free of charge by visiting the website of Prime Clerk LLC at https://restructuring.primeclerk.com/purduepharma.  You may also obtain copies of any pleadings by visiting the Bankruptcy Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

PLEASE TAKE FURTHER NOTICE that the Hearing may be continued or adjourned thereafter from time to time without further notice other than an announcement of the adjourned date or dates at the Hearing or a later hearing.  The Debtors will file an agenda before the Hearing, which may modify or supplement the motions to be heard at the Hearing.

PLEASE TAKE FURTHER NOTICE that any responses or objections to the Application shall be in writing, shall comply with the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, shall be filed with the Bankruptcy Court (a) by attorneys practicing in the Bankruptcy Court, including attorneys admitted *pro hac vice*, electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov), and (b) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to

the extent applicable, and shall be served in accordance with General Order M-399 and the

*Amended Order Establishing Certain Notice, Case Management, and Administrative Procedures*,

entered on October 23, 2019 [Docket No. 342], so as to be filed and received no later than

**November 15, 2019 at 4:00 p.m. (prevailing Eastern Time)** (the "**Objection Deadline**").

      **PLEASE TAKE FURTHER NOTICE** that any objecting parties are required to attend

the Hearing, and failure to appear may result in relief being granted upon default.

      **PLEASE TAKE FURTHER NOTICE** that if no objections are timely filed and served

with respect to the Application, the Debtors may, on or after the Objection Deadline, submit to the

Bankruptcy Court an order substantially in the form of the proposed order annexed to the

Application, which order may be entered without further notice or opportunity to be heard.


Dated:    November 5, 2019
          New York, New York


                            DAVIS POLK & WARDWELL LLP

                            By:   */s/ Eli J. Vonnegut*

                            450 Lexington Avenue
                            New York, New York 10017
                            Telephone: (212) 450-4000
                            Facsimile:  (212) 701-5800
                            Marshall S. Huebner
                            Benjamin S. Kaminetzky
                            Timothy Graulich
                            Eli J. Vonnegut

                            *Proposed Counsel to the Debtors*
                            *and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.**, *et al.*, | **Case No. 19-23649** |
| **Debtors.** [1] | **(Jointly Administered)** |

### APPLICATION OF DEBTORS FOR AUTHORITY TO RETAIN AND EMPLOY SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP AS SPECIAL COUNSEL TO THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE

Purdue Pharma L.P. ("**PPLP**") and its affiliates that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**," the "**Company**" or "**Purdue**") hereby represent in support of this application (this "**Application**"):

### Jurisdiction and Venue

1.       The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.).  This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), the Debtors consent to entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final order or judgments consistent with Article III of the United States Constitution.  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P., Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014).  The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

**Background**

2.      On September 15, 2019 (the "**Petition Dates**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtors' chapter 11 cases. On September 27, 2019, the Office of the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed an official committee of unsecured creditors (the "**Creditors' Committee**").

3.      The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Bankruptcy Rules [D.I. 59].

4.      PPLP and its direct and indirect subsidiaries other than the Rhodes Debtors (defined below) (the "**Purdue Debtors**") primarily operate a branded pharmaceuticals business, while Debtor Rhodes Associates L.P. and its direct and indirect subsidiaries (the "**Rhodes Debtors**") primarily develop and distribute generic pharmaceutical products and manufacture a range of active pharmaceutical ingredients.

5.      As set forth in the *Debtors' Informational Brief* [D.I. 17], PPLP has been responding to subpoenas and civil investigative demands issued by various components of the United States Department of Justice (the "**DOJ**") in connection with criminal and civil investigations of PPLP. PPLP is engaged in ongoing discussions with DOJ regarding a potential resolution of the investigations.

6.      Additional information about the Debtors' businesses and the events leading up to the Petition Date can be found in the *Debtors' Informational Brief* [D.I. 17].

**Relief Requested**

7.      By this Application, pursuant to section 327(e) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), the Debtors request authority to retain and employ Skadden, Arps, Slate, Meagher & Flom LLP ("**Skadden**") as special counsel to the Debtors for the matters described herein, effective *nunc pro tunc* to the Petition Date.

8.      A proposed form of order granting the relief requested in this Application is attached hereto as **Exhibit A** (the "**Proposed Order**").

9.      In support of the relief requested herein, the Debtors submit (i) the *Declaration of Patrick Fitzgerald in Support of Application of Debtors for Authority to Retain and Employ Skadden, Arps, Slate, Meagher & Flom LLP as Special Counsel to the Debtors Nunc Pro Tunc to the Petition Date* (the "**Fitzgerald Declaration**"), attached hereto as **Exhibit B** and (ii) the *Declaration of Marc L. Kesselman in Support of Application of Debtors for Authority to Retain and Employ Skadden, Arps, Slate, Meagher & Flom LLP as Special Counsel to the Debtors Nunc Pro Tunc to the Petition Date* (the "**Kesselman Declaration**"), attached hereto as **Exhibit C**.

**Scope of Skadden's Services**

10.      Since 2010, Skadden has performed legal work for Debtor PPLP and certain of its subsidiaries. Beginning in 2013, Skadden began performing legal work for PPLP and certain of its affiliates in connection with government investigations and complex and material litigation matters. As of the Petition Dates, Skadden was representing PPLP in (a) providing regulatory and compliance advice (collectively, the "**Advice Matters**"), (b) certain civil and criminal investigations initiated by state attorneys general and state agencies and the Department of

3

Justice (the "**DOJ**") and certain other United States agencies (collectively, the "**Governmental Investigation Matters**"), and (c) certain civil litigation (collectively, the "**Litigation Matters**"), including approximately 51 cases filed in Texas state courts, most of which have been consolidated into a Texas state multi-district litigation (the "**Texas Litigation**"). The relevant engagement letters for the foregoing matters are attached to the Fitzgerald Declaration as Exhibits 1-A through 1-E thereto.

11.     Skadden is being retained as special counsel to continue to provide services in connection with the Advice Matters, Governmental Investigation Matters, and the Litigation Matters, including in connection with matters that may arise out of or in connection with the foregoing matters, as set forth herein and in the relevant engagement letters attached to the Fitzgerald Declaration. Specifically, Skadden has provided and will continue to provide the following services to the Debtors during these chapter 11 cases (collectively, the "**Services**"):

    (a)      to represent PPLP and certain of its subsidiaries in connection with federal governmental investigation matters, including the ongoing criminal and civil investigations being coordinated through various components of the DOJ and other federal agencies, as well as related settlement negotiations and proceedings;

    (b)      to represent PPLP and certain of its subsidiaries in connection with state governmental investigation matters, including the ongoing criminal and civil investigations being coordinated through offices of various states attorney general and other state agencies, as well as related negotiations and proceedings;

    (c)      to represent PPLP and certain subsidiaries in connection with pending civil litigation as well as litigation that may arise after the date hereof, including the Texas Litigation and other Litigation Matters, as well as related negotiations and proceedings;

    (d)      to represent PPLP and certain subsidiaries in the Advice Matters, including providing ongoing regulatory and compliance advice; and

    (e)      to provide other services normally and reasonably associated with these types of engagements.

12.    The Debtors require, and will continue to require, the Services during these chapter 11 cases.

13.    As a result of representing PPLP and certain subsidiaries in connection with the foregoing matters, Skadden's professionals have acquired extensive knowledge of the facts and history of the Debtors' business and the various legal issues involved in the Advice Matters, Governmental Investigation Matters, and the Litigation Matters.    As such, the retention of Skadden as special counsel will promote the efficient administration of the chapter 11 cases. Conversely, if the Debtors were required to retain different counsel to provide the Services, it would be time consuming, inefficient, and complex for new counsel to get up to speed on the factual background and legal issues on the Advice Matters, Governmental Investigation Matters, and Litigation Matters.    In particular, ongoing negotiations with the DOJ, as well as other federal agencies and litigation counterparties, would be significantly hindered, if not jeopardized.    The Debtors would be forced to expend significant resources and familiarize such new counsel with the Debtors' business and the legal issues and status of matters that Skadden has handled or is handling for the Debtors.    Reaching a resolution with the DOJ is a condition of the Debtors' global resolution.    At the direction of the Debtors, Skadden has been actively pursuing such a resolution.    The negotiations surrounding the global resolution are time sensitive such that unnecessary delay could be seriously detrimental.

14.    Subject to approval of this Application, Skadden has informed the Debtors that it is able and willing to serve as the Debtors' special counsel and to perform the Services on matters arising during these chapter 11 cases.    For the avoidance of doubt, Skadden will not serve as the Debtors' general or special bankruptcy counsel and will not advise the Debtors or their estates with respect to their duties under the Bankruptcy Code.

5

**Skadden's Qualifications**

15.    As noted above, the Debtors retained Skadden to advise and represent them in various matters since 2010 and in connection with government investigations and other complex litigation matters beginning in 2013.  The Debtors have relied on Skadden to provide counsel to the Debtors on certain of the matters, including the DOJ investigations and the Texas Litigation, since their inception.  The Debtors selected Skadden to provide the Services due to the firm's knowledge of Debtors' business, its reputation and its extensive expertise in the relevant fields of law.

16.    Specifically, Skadden regularly plays a leading role in significant healthcare-related criminal and civil investigations brought by federal and state agencies.  Skadden attorneys — many of whom have held senior positions in government — represent healthcare companies in the full range of offensive and defensive litigation and investigation matters facing clients in the industry.

17.    Due to the firm's experience and knowledge in the areas for which Services will be provided, as well as the firm's longstanding relationship with the Debtors in connection with the Services, the Debtors believe that Skadden is well qualified and uniquely able to represent the Debtors as special counsel pursuant to section 327(e) of the Bankruptcy Code, and Skadden's retention would be in the best interest of the Debtors' estates, creditors, and other parties in interest.

**Disinterestedness of Professionals**

18.    To the best of the Debtors' knowledge, information, and belief, and based on the foregoing and as set forth in the Fitzgerald Declaration, Skadden does not hold or represent any interest that is materially adverse to the Debtors or their estates with respect to the Services for which Skadden will be employed.

19.     The Fitzgerald Declaration discloses the Firm's connections to the Debtors and parties in interest in the Chapter 11 Cases and is incorporated herein by reference.  As set forth herein and in the Fitzgerald Declaration, Skadden has represented the Debtors related to the Services as well as other matters prior to these chapter 11 cases.  In addition, as set forth in the Fitzgerald Declaration, Skadden has in the past represented, currently represents and likely in the future will represent certain parties in interest in these cases (or their affiliates) on matters unrelated to the Debtors, the Debtors' bankruptcy cases or such entities' claims against or interests in the Debtors, or the Services for which Skadden is to be employed under this Application.

20.     Based on the foregoing, Skadden does not hold or represent any interest adverse to the Debtors or the estates with respect to the matters on which Skadden is to be employed, and Skadden may be employed under section 327(e) for the Services described herein.

**Skadden's Compensation**

21.     The Debtors engaged Skadden prepetition subject to Skadden's standard hourly rate schedule and certain discounts.[2]  The Debtors understand that the current hourly billing rates for the Skadden professionals expected to spend significant time on the engagement range from $1,123 to $1,540 for partners, $427 to $1,000 for associates and special counsel, and $65 to $464 for paralegals.[3]

---

[2]     Prepetition, Skadden and Purdue agreed to set rates for the period January 1, 2018 through December 31, 2019 as indicated by the rates described in the above sentence.  Skadden also agreed to provide increasing (volume) discounts for work once fees reach certain thresholds, and a quick-pay discount on work when the Company issues payment within a specific period of time based on the date the invoice is received, as described in the Fitzgerald Declaration.  The terms of this agreement expire on December 31, 2019, after which time, the Debtors understand that Skadden's standard hourly rate schedule for 2020 would apply absent an alternative agreement.  Skadden intends to negotiate with the Debtors in good faith regarding a fee arrangement (including any discounts) that would apply to work performed in 2020.

[3]     Skadden's hourly rates are subject to periodic increase in the normal course of Skadden's business.

7

22.     In addition to the hourly billing rates set forth herein, Skadden will continue to charge the Debtors for certain charges and disbursements incurred in the rendition of services. These charges and disbursements include costs for long distance telephone charges, photocopying, travel, business meals, computerized research, messengers, couriers, postage, witness fees and other fees related to trials and hearings.[4]  The Debtors believe that the compensation structure and other terms and conditions are reasonable terms and conditions of employment and should be approved.

23.     On April 11, 2019, an initial retainer was paid to Skadden in the amount of $1,500,000, and on June 27, 2019, an additional retainer was paid to Skadden in the amount of $1,000,000 (collectively, the "**Retainer**").  The Retainer is being held in an escrow account, and as of the date of this Application, the Retainer balance was $2,500,000.  In addition, Skadden currently holds $8,465.80 in unapplied cash received from the Debtors.  Skadden has not received any funds from the Debtors other than for the Retainer, the unapplied cash, and payment for prepetition services rendered.  Skadden has not shared or agreed to share compensation received in connection with its representation of the Debtors with any other person or entity, except as permitted by section 504(b) of the Bankruptcy Code and Bankruptcy Rule 2016(b) in respect of sharing of compensation among Skadden's partners.

24.     The Debtors understand that Skadden will apply to the Court for allowance of compensation and reimbursement of expenses for all professional services performed and expenses incurred after the Petition Date in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of the

---

[4]     The Debtors understand that charges and disbursements are invoiced pursuant to guidelines set by PPLP, subject to certain modifications.  Application of these guidelines generally results in a discount from certain charges and disbursements invoiced pursuant to Skadden's Policy Statement Concerning Charges and Disbursements, which is typically applicable to firm engagements.

8

Court.  The Debtors also understand that Skadden will also seek compensation for all time and

expenses associated with its retention as a professional under Bankruptcy Code Section 327(e),

including the preparation of this Application, the Declaration and related documents, as well as

any monthly fee statements and/or interim and final fee applications.

## No Duplication of Services

25.     Due to Skadden's limited role as special counsel, the Debtors believe and intend

that the Services will complement, and not be duplicative of, the services being rendered by any

other professional retained in these chapter 11 cases.  Skadden understands that the Debtors have

retained and may retain additional professionals during the term of their engagement and agrees

to work cooperatively with such professionals to avoid any duplication of services.

## The Relief Requested Should Be Granted

26.     Section 327(e) of the Bankruptcy Code provides that a debtor, subject to Court

approval:

> [M]ay employ, for a specified special purpose, other than to
> represent the [debtor in possession] in conducting the case, an
> attorney that has represented the debtor, if in the best interest of
> the estate, and if such attorney does not represent or hold any
> interest adverse to the debtor or to the estate with respect to the
> matter on which such attorney is to be employed.

11 U.S.C. § 327(e).   Bankruptcy Rule 2014 requires that applications for retention of

professionals include, among other things:

> [S]pecific facts showing the necessity for the employment, the
> name of the [firm] to be employed, the reasons for the selection,
> the professional services to be rendered, any proposed
> arrangement for compensation, and, to the best of the applicant's
> knowledge, all of the [firm]'s connections with the debtor,
> creditors, any other party in interest, their respective attorneys
> and accountants, the United States trustee, or any person
> employed in the office of the United States trustee.

 Fed. R. Bankr. P. 2014(a).

27.    In light of the size and complexity of these chapter 11 cases, the Debtors

respectfully submit that retaining and employing Skadden for the Services described herein and

pursuant to the terms of this Application is necessary and in the best interests of the Debtors'

estates and all parties in interest in these chapter 11 cases.    As set forth herein and in the

Fitzgerald Declaration, Skadden has represented the Debtors for approximately 9 years.  Skadden

has in-depth knowledge of the Debtors' business and the regulatory framework in which the

Debtors operate and is intimately familiar with the legal issues and facts involved in the Advice

Matters, Governmental Investigation Matters, and the Litigation Matters.    Skadden is being

employed for a special purpose pursuant to section 327(e) and is particularly suited for that

purpose given its extensive professional expertise and particular experience with the Debtors.

Substituting counsel would result in a substantial expense for the estate.

28.    The Services will not overlap with the services to be provided by the Debtors'

other professionals.  Rather, the Services will complement the services to be provided by the

Debtors' general bankruptcy counsel, Davis Polk & Wardwell LLP.

29.    Skadden has also represented to the Debtors that it neither holds nor represents

any interest that is materially adverse to the Debtors' estates in connection with any matter for

which it will be employed.

### *Nunc Pro Tunc* Relief is Warranted

30.    The Debtors believe that the employment of Skadden effective *nunc pro tunc* to

the Petition Date is warranted under the circumstances of these chapter 11 cases so that Skadden

may be compensated for its services prior to entry of an order approving Skadden's retention.

Further, the Debtors believe that no party-in-interest will be prejudiced by the granting of the

10

*nunc pro tunc* employment because Skadden has provided, and will continue to provide, valuable

services to the Debtors' estates in the interim period.

## <u>Notice</u>

31.     Notice of this Application will be provided to: (a) the entities on the Master

Service List (as defined in the Case Management Order and available on the Debtors' case

website at https://restructuring.primeclerk.com/purduepharma) and (b) any party that has

requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "**Notice Parties**").

32.     A copy of this Application and any order approving it will also be made available

on the Debtors' Case Information Website located at

https://restructuring.primeclerk.com/purduepharma.    Based on the circumstances surrounding

this Application and the nature of the relief requested herein, the Debtors respectfully submit that

no further notice is required.

33.     The Debtors have not previously sought the relief requested herein from the Court

or any other court.


[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, the Debtors respectfully request entry of the Proposed Order and such

other and further relief as is just.

Dated:   November 5, 2019

**PURDUE PHARMA L.P.**
(for itself and on behalf of its affiliates that are
debtors and debtors in possession)

*/s/ Marc Kesselman*

Marc Kesselman
Senior Vice President and General Counsel
Purdue Pharma L.P.