# **Exhibit C**

**Kesselman Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| PURDUE PHARMA L.P., *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

## DECLARATION OF MARK KESSELMAN IN SUPPORT OF APPLICATION OF DEBTORS FOR AUTHORITY TO RETAIN AND EMPLOY SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP AS SPECIAL COUNSEL TO THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE

Marc L. Kesselman, Purdue Pharma L.P.'s ("**PPLP**", and together with its affiliates that are debtors and debtors in possession in these proceedings, the "**Company**" or "**Purdue**") Senior Vice President, General Counsel & Corporate Secretary, in support of the *Application of Debtors for Authority to Retain and Employ Skadden, Arps, Slate, Meagher & Flom LLP as Special Counsel for the Debtors Nunc Pro Tunc to the Petition Date*, dated November 5, 2019 (the "**Application**"),[2] declares as follows:

1.   I am Senior Vice President and General Counsel of PPLP, a Delaware limited partnership headquartered in Stamford, Connecticut.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P., Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

2.	I submit this declaration (the "**Declaration**") (a) in connection with the Application wherein the Debtors seek entry of an order authorizing the Debtors to employ and retain Skadden as special counsel to provide the Services described in the Application *nunc pro tunc* to the Petition Date.

### The Debtors' Selection of Skadden

3.	It is my strong belief that it is critical to select advisors with the utmost care to maximize the value of the Debtors' estates, while at the same time focusing on costs to ensure that the Debtors' limited resources are being appropriately utilized.

4.	I, as Senior Vice President and General Counsel, along with several other members of the Debtors' senior management, am responsible for retaining and supervising outside counsel. I am familiar with the markets for professionals both in and out of bankruptcy, and the leading role Skadden plays in significant healthcare-related criminal and civil investigations brought by federal and state agencies.

5.	The Debtors retained Skadden to advise and represent them in various matters since 2010 and in connection with government investigations and other complex litigation matters beginning in 2013. As of the Petition Date, Skadden was representing PPLP in the Advice Matters, the Governmental Investigation Matters, and the Litigation Matters. The Debtors have relied on Skadden to provide counsel to the Debtors on certain of the matters, including the DOJ investigations and the Texas Litigation, since their inception. The Debtors selected Skadden to provide the Services due to the firm's knowledge of Debtors' business, its reputation and its extensive expertise in the relevant fields of law. I believe, for these reasons, that Skadden is both well-qualified and uniquely suited to represent the Debtors in the Chapter 11 Cases in an efficient and timely manner.

**Rate Structure and Cost Supervision**

6. Skadden has informed the Debtors that its billing rates and the material terms of the engagement are lower than or comparable to (a) Skadden's standard rates and the material terms for non-bankruptcy engagements and (b) the billing rates and terms of other comparably skilled counsel.

7. The Debtors understand that it is their responsibility to track their professionals' billing practices to be sure that the fees and expenses the estates pay are fair and reasonable, and the Debtors will review the fee statements of Skadden and of all of the Debtors' other professionals to ensure that continues to be the case.

8. Skadden and the Debtors have discussed Skadden's estimated fees and expenses and staffing related to the Advice Matters, Governmental Investigation Matters, and Litigation Matters. Skadden and the Debtors developed a budget and staffing plan for 2019 and 2020. To the extent these chapter 11 cases impact certain of the matters for which Skadden is providing services, this budget may be amended. In addition, to the extent these chapter 11 cases extend beyond 2020, the budget and staffing plan would be amended and extended through the duration of these cases. I also understand that, in the course of large chapter 11 cases such as these, it is likely that there will be unforeseen issues that the Debtors and Skadden will need to address.

9. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

[*Signature Page Follows*]

Dated: November 4, 2019
New York, NY

**PURDUE PHARMA L.P.**
(for itself and on behalf of its affiliates
that are debtors and debtors in possession)

_____
Marc L. Kesselman
Senior Vice President, General Counsel & Corporate Secretary
Purdue Pharma L.P.

#92597032v1