**Hearing Date and Time: November 19, 2019 at 10:00 a.m. (prevailing Eastern Time)**
**Objection Deadline: November 15, 2019 at 4:00 p.m. (prevailing Eastern Time)**

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut

*Proposed Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (RDD)** |
| **Debtors.**[1] | **(Jointly Administered)** |

**NOTICE OF HEARING ON DEBTORS' APPLICATION FOR AN ORDER
AUTHORIZING EMPLOYMENT AND RETENTION OF PRIME CLERK LLC AS
<u>ADMINISTRATIVE ADVISOR *NUNC PRO TUNC* TO THE PETITION DATE</u>**

**PLEASE TAKE NOTICE** that Purdue Pharma L.P. and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") will present the *Debtors' Application for an Order Authorizing Employment and Retention of Prime Clerk LLC as Administrative Advisor Nunc Pro Tunc to the Petition Date* (the "**Application**"). A hearing on the Application will be held on **November 19, 2019, at 10:00 a.m.**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

**(Prevailing Eastern Time)** (the "**Hearing**") before the Honorable Judge Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, at the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601 (the "**Bankruptcy Court**"), or at such other time as the Bankruptcy Court may determine.

**PLEASE TAKE FURTHER NOTICE** that copies of the Application may be obtained free of charge by visiting the website of Prime Clerk LLC at https://restructuring.primeclerk.com/purduepharma. You may also obtain copies of any pleadings by visiting the Bankruptcy Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the Hearing may be continued or adjourned thereafter from time to time without further notice other than an announcement of the adjourned date or dates at the Hearing or a later hearing. The Debtors will file an agenda before the Hearing, which may modify or supplement the motions to be heard at the Hearing.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the Application shall be in writing, shall comply with the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, shall be filed with the Bankruptcy Court (a) by attorneys practicing in the Bankruptcy Court, including attorneys admitted *pro hac vice*, electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov), and (b) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with General Order M-399 and the

2

*Amended Order Establishing Certain Notice, Case Management, and Administrative Procedures*, entered on October 23, 2019 [Docket No. 342], so as to be filed and received no later than **November 15, 2019 at 4:00 p.m. (prevailing Eastern Time)** (the "**Objection Deadline**").

**PLEASE TAKE FURTHER NOTICE** that any objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted upon default.

**PLEASE TAKE FURTHER NOTICE** that if no objections are timely filed and served with respect to the Application, the Debtors may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Application, which order may be entered without further notice or opportunity to be heard.

Dated:   November 5, 2019
         New York, New York

                                    DAVIS POLK & WARDWELL LLP

                                    By:   */s/ Eli J. Vonnegut*

                                    450 Lexington Avenue
                                    New York, New York 10017
                                    Telephone: (212) 450-4000
                                    Facsimile:  (212) 701-5800
                                    Marshall S. Huebner
                                    Benjamin S. Kaminetzky
                                    Timothy Graulich
                                    Eli J. Vonnegut

                                    *Proposed Counsel to the Debtors*
                                    *and Debtors in Possession*

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut

*Proposed Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.,** *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | **(Jointly Administered)** |

### DEBTORS' APPLICATION FOR AN ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF PRIME CLERK LLC AS ADMINISTRATIVE ADVISOR *NUNC PRO TUNC* TO THE PETITION DATE

Purdue Pharma L.P. ("**PPLP**") and its affiliates that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**," the "**Company**" or "**Purdue**") file this application (the "**Application**") for entry of an order, substantially in the form of **Exhibit A** hereto (the "**Retention Order**"), authorizing the employment and retention of Prime Clerk LLC ("**Prime Clerk**") as administrative advisor ("**Administrative Advisor**") in the Debtors' chapter

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014).  The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

11 cases effective *nunc pro tunc* to the Petition Date (as defined below). In support of this Application, the Debtors submit the Declaration of Benjamin J. Steele, Vice President of Prime Clerk (the "**Steele Declaration**"), attached hereto as **Exhibit B**, and respectfully represent as follows:

### Jurisdiction and Venue

1. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), the Debtors consent to entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final order or judgments consistent with Article III of the United States Constitution. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Background

2. On September 15, 2019 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United Sates Code (the "**Bankruptcy Code**"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On September 26, 2019, the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed the creditors' committee pursuant to section 1102 of the Bankruptcy Code [D.I 131]. No request has been made for the appointment of a trustee or examiner in above-captioned chapter 11 cases (the "**Chapter 11 Cases**"). These chapter 11 cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) and the *Order Directing*

2

*Joint Administration of Chapter 11 Cases* [D.I. 59] entered by the Court in each of the chapter 11 cases.

3.  Additional information about the Debtors' businesses and the events leading up to the Petition Date can be found in the *Debtors' Informational Brief* [D.I. 17].

## Relief Requested

4.  The Debtors previously filed an application (the "**Section 156(c) Application**") for an order appointing Prime Clerk as claims and noticing agent pursuant to 28 U.S.C. § 156(c), section 105(a) of the Bankruptcy Code and Rule 5075-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), which application was granted by this Court on September 16, 2019, Docket No. 3. The Debtors believe that administration of these chapter 11 cases will require Prime Clerk to perform duties outside the scope requested in the Section 156(c) Application. Therefore, to enable Prime Clerk to provide services outside the scope of the order approving the Section 156(c) Application, the Debtors submit this Application, pursuant to section 327 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016 and Local Rules 2014-1 and 2016-1, for an order authorizing the Debtors to employ and retain Prime Clerk as Administrative Advisor for the Debtors in accordance with the Engagement Agreement attached hereto as **Exhibit C** (the "**Engagement Agreement**").

## Prime Clerk's Qualifications

5.  Prime Clerk is comprised of leading industry professionals with significant experience in both the legal and administrative aspects of large, complex chapter 11 cases. Prime Clerk's professionals have experience in noticing, claims administration, solicitation, balloting and facilitating other administrative aspects of chapter 11 cases and experience in matters of this size and complexity. Prime Clerk's professionals have acted as debtor's counsel,

3

official claims and noticing agent and/or administrative advisor in many large bankruptcy cases in this District and in other districts nationwide. Prime Clerk's active and former cases include: *Synergy Pharmaceuticals Inc.*, No. 18-14010 (JLG) (Bankr. S.D.N.Y.); *Sears Holdings Corporation*, No. 18-23538 (RDD) (Bankr. S.D.N.Y.); *Aralez Pharmaceuticals US Inc.*, No. 18-12425 (SMB) (Bankr. S.D.N.Y.); *Relativity Media, LLC*, No. 18-11358 (MEW) (Bankr. S.D.N.Y.); *Nine West Holdings, Inc.*, No. 18-10947 (SCC) (Bankr. S.D.N.Y.); *Cenveo, Inc.*, No. 18-22178 (RDD) (Bankr. S.D.N.Y.); *Global Brokerage, Inc.,* No. 17-13532 (MEW) (Bankr. S.D.N.Y.); *Global A&T Electronics Ltd.,* No. 17-23931 (RDD) (Bankr. S.D.N.Y.); *Pacific Drilling S.A.*, No. 17-13193 (MEW) (Bankr. S.D.N.Y.); *Walter Investment Management Corporation,* No. 17-13446 (JLG) (Bankr. S.D.N.Y.); *Ultrapetrol (Bahamas) Limited,* No. 17-22168 (RDD) (Bankr. S.D.N.Y.); *Avaya Inc.*, No. 17-10089 (SMB) (Bankr. S.D.N.Y.); *Checkout Holding Corp.*, No. 18-12794 (KG) (Bankr. D. Del.); *Fairway Energy, LP*, No. 18-12684 (LSS) (Bankr. D. Del.); *Dixie Electric, LLC*, No. 18-12477 (KG) (Bankr. D. Del.); *New MACH Gen GP, LLC*, No. 18-11369 (MFW) (Bankr. D. Del.); *Gibson Brands, Inc.*, No. 18-11028 (CSS) (Bankr. D. Del.); *Bertucci's Holdings, Inc.*, No.18-10894 (MFW) (Bankr. D. Del.); *EV Energy Partners, L.P.*, No. 18-10814 (CSS) (Bankr. D. Del.); *Claire's Stores, Inc.*, No. 18-10584 (MFW) (Bankr. D. Del.); *The Bon-Ton Stores, Inc.*, No. 18-10248 (MFW) (Bankr. D. Del.); *TK Holdings Inc.,* No. 17-11375 (BLS) (Bankr. D. Del.); *Castex Energy Partners, L.P.,* No. 17-35835 (MI) (Bankr. S.D. Tex.); *Toys "R" Us, Inc.,* No. 17-34665 (KLP) (Bankr. E.D. Va.).

## Services to be Provided

6.     Pursuant to the Engagement Agreement, the Debtors seek to retain Prime Clerk to provide, among other things, the following bankruptcy administration services, if and to the extent requested:

4

(a)   Assist with, among other things, solicitation, balloting and tabulation of votes, and prepare any related reports, as required in support of confirmation of a chapter 11 plan, and in connection with such services, process requests for documents from parties in interest, including, if applicable, brokerage firms, bank back-offices and institutional holders;

(b)   Prepare an official ballot certification and, if necessary, testify in support of the ballot tabulation results;

(c)   Assist with the preparation of the Debtors' schedules of assets and liabilities and statements of financial affairs and gather data in conjunction therewith;

(d)   Provide a confidential data room, if requested;

(e)   Manage and coordinate any distributions pursuant to a chapter 11 plan; and

(f)   Provide such other processing, solicitation, balloting and other administrative services described in the Engagement Agreement, but not included in the Section 156(c) Application, as may be requested from time to time by the Debtors, the Court or the Office of the Clerk of the Bankruptcy Court (the "***Clerk***").

## Professional Compensation

7.  The fees Prime Clerk will charge in connection with providing services to the Debtors are set forth in the Engagement Agreement. The Debtors respectfully submit that Prime Clerk's rates are competitive and comparable to the rates its competitors charge for similar services. Indeed, the Debtors conducted a review and competitive comparison of other firms and reviewed the rates of other firms before selecting Prime Clerk as Administrative Advisor. The Debtors believe Prime Clerk's rates are more than reasonable given the quality of Prime Clerk's services and its professionals' bankruptcy expertise. Additionally, Prime Clerk will seek reimbursement from the Debtors for reasonable expenses in accordance with the terms of the Engagement Agreement.

8.  Prime Clerk intends to apply to the Court for allowance of compensation and reimbursement of expenses incurred after the Petition Date in connection with the services it

provides as Administrative Advisor pursuant to the Engagement Agreement.  Prime Clerk will comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any orders entered in these chapter 11 cases regarding professional compensation and reimbursement of expenses.

9. Additionally, under the terms of the Engagement Agreement, the Debtors have agreed to indemnify, defend and hold harmless Prime Clerk and its members, officers, employees, representatives and agents under certain circumstances specified in the Engagement Agreement, except in circumstances resulting solely from Prime Clerk's gross negligence or willful misconduct or as otherwise provided in the Engagement Agreement.  The Debtors believe that such an indemnification obligation is customary, reasonable and necessary to retain the services of an Administrative Advisor in these chapter 11 cases.

## **Disinterestedness**

10. Prime Clerk has reviewed its electronic database to determine whether it has any relationships with the creditors and parties in interest provided by the Debtors, and, to the best of the Debtors' knowledge, information, and belief, and except as disclosed in the Steele Declaration, Prime Clerk is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent any interest materially adverse to the Debtors' estates in connection with any matter on which it would be employed.

11. Prime Clerk believes that it does not have any relationships with creditors or parties in interest that would present a disqualifying conflict of interest.  Prime Clerk will supplement its disclosure to the Court if any facts or circumstances are discovered that would require such additional disclosure.

**Basis for Relief**

12. Section 327(a) of the Bankruptcy Code provides that a debtor, subject to Court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C. § 327(a).

13. Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, and proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the U.S. Trustee, or any person employed in the office of the U.S. Trustee.

Fed. R. Bankr. P. 2014.

14. In light of the size and complexity of these chapter 11 cases, the Debtors respectfully submit that retaining and employing Prime Clerk pursuant to the terms of the Engagement Agreement is necessary and in the best interests of the Debtors' estates and all parties in interest to these chapter 11 cases. The Debtors also believe that the terms and conditions of the Engagement Agreement are reasonable in light of the anticipated high volume of creditors and other parties-in-interest that will be involved in these cases.

15. Accordingly, to help manage administrative tasks with respect to the thousands of creditors and other parties in interest that are expected to be involved in the Debtors' chapter 11 cases, and the complexity of such cases, the Debtors respectfully request the Court enter an order appointing Prime Clerk as the Administrative Advisor in these chapter 11 cases pursuant to

7

sections 327(a), 330 and 331 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016 and Local Rules 2014-1 and 2016-1.

### Notice

16.    Notice of this Application will be provided to: (a) the entities on the Master Service List (as defined in the Case Management Order and available on the Debtors' case website at https://restructuring.primeclerk.com/purduepharma) and (b) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "**Notice Parties**").

17.    A copy of this Application and any order approving it will also be made available on the Debtors' Case Information Website located at https://restructuring.primeclerk.com/purduepharma.  Based on the circumstances surrounding this Application and the nature of the relief requested herein, the Debtors respectfully submit that no further notice is required.

18.    The Debtors have not previously sought the relief requested herein from the Court or any other court.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, the Debtors request entry of an order, substantially in the form annexed hereto as **Exhibit A**, authorizing the employment and retention of Prime Clerk as Administrative Advisor for the Debtors and granting such other relief as may be appropriate.

Dated: November 5, 2019
      New York, New York

      **PURDUE PHARMA L.P.**
(for itself and on behalf of its affiliates that are debtors and debtors in possession)

*/s/ Jon Lowne*
Jon Lowne
Senior Vice President and Chief Financial Officer
Purdue Pharma L.P.

9