## Exhibit A

**Proposed Retention Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>**PURDUE PHARMA L.P.**, *et al.*,<br><br>Debtors.¹ | Chapter 11<br><br>Case No. 19-23649 (RDD)<br><br>**(Jointly Administered)** |

**ORDER AUTHORIZING EMPLOYMENT
AND RETENTION OF PRIME CLERK LLC AS
ADMINISTRATIVE ADVISOR *NUNC PRO TUNC* TO THE PETITION DATE**

Upon the application (the "**Application**") of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for employment and retention of Prime Clerk LLC ("**Prime Clerk**") as administrative advisor ("**Administrative Advisor**") *nunc pro tunc* to the Petition Date pursuant to section 327(a) of the Bankruptcy Code,² Bankruptcy Rules 2014 and 2016 and Local Rules 2014-1 and 2016-1, all as more fully described in the Application; and upon the Steele Declaration submitted in support of the Application; and the Court being satisfied that Prime Clerk has the capability and experience to provide the services described in the Application and that Prime Clerk does not hold an interest adverse to the Debtors or the estates; and good and sufficient notice of the Application having been given and no other or further notice being required; and it appearing that the employment of Prime Clerk is in the best interests of the Debtors, their estates and creditors; and sufficient cause appearing therefor; it is hereby ORDERED THAT:

---

¹ The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

² Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

1. The Application is approved as set forth in this Order.

2. The Debtors are authorized to retain Prime Clerk as Administrative Advisor effective *nunc pro tunc* to the Petition Date under the terms of the Engagement Agreement, and Prime Clerk is authorized to perform the bankruptcy administration services described in the Application and set forth in the Engagement Agreement.

3. Prime Clerk is authorized to take such other action to comply with all duties set forth in the Application.

4. Prime Clerk shall be compensated in accordance with and will file interim and final fee applications for allowance of its compensation and expenses and shall be subject to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Amended Order Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals, dated December 21, 2010 and the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York, effective February 5, 2013 (the "**Amended Guidelines**").

5. The Debtors shall indemnify Prime Clerk under the terms of the Engagement Agreement, as modified pursuant to this Order.

6. All requests by Prime Clerk for the payment of indemnification as set forth in the Engagement Agreement shall be made by means of an application to the Court and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Engagement Agreement and is reasonable under the circumstances of the litigation or settlement in respect of which indemnity is sought, provided however, that in no event shall Prime Clerk be indemnified in the case of its own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence or willful misconduct.

7. In the event that Prime Clerk seeks reimbursement from the Debtors for attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to the Engagement Agreement, the invoices and supporting time records for the attorneys' fees and expenses shall be included in Prime Clerk's own applications, both interim and final, and these invoices and time records shall be subject to the Amended Guidelines and the approval of the Bankruptcy Court pursuant to sections 330 and 331 of the Bankruptcy Code without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code, and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

8. Prime Clerk shall not be entitled to reimbursement by the Debtors for any fees, disbursements and other charges of Prime Clerk's counsel other than those incurred in connection with a request of Prime Clerk for payment of indemnity.

9. Notwithstanding any provision to the contrary in the Engagement Agreement, any dispute relating to the services provided by Prime Clerk shall be referred to arbitration consistent with the terms of the Engagement Agreement only to the extent that this Court does not have, retain or exercise jurisdiction over the dispute.

10. The limitation of liability section in paragraph 10 of the Engagement Agreement is deemed to be of no force or effect with respect to the services to be provided pursuant to this Order.

11. The Debtors and Prime Clerk are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

12. Notwithstanding any term in the Engagement Agreement to the contrary, the Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

13. Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order shall be immediately effective and enforceable upon its entry.

14. In the event of any inconsistency between the Engagement Agreement, the Application and the Order, the Order shall govern.

Dated: November __, 2019
      White Plains, New York

                                                                          THE HONORABLE ROBERT D. DRAIN
                                                                          UNITED STATES BANKRUPTCY JUDGE