Office of the New York State Attorney General
Counsel for Opioids and Impact Litigation
Executive Division
28 Liberty Street
New York, New York 10005
Telephone: (212) 416-8390
Attn.: David E. Nachman

*Counsel for the People of the State of New York*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

In re:

       **Purdue Pharma L.P.,** *et al.*,                            Case No.: 19-23649 (RDD)

                                                                           (Chapter 11)

                                    Debtors.[1]                           (Jointly Administered)

---

## NOTICE OF STATE COURT ORDER

**PLEASE TAKE NOTICE**, that an order (the "Bifurcation Order"), a copy of which is attached hereto as Exhibit "A", was entered in an action pending in the Supreme Court, County of Suffolk, State of New York on November 6, 2019 at 4:25 p.m.; and

**PLEASE TAKE FURTHER NOTICE**, that the Bifurcation Order was entered prior to the entry of the Second Amended Order Pursuant to 11 U.S.C. § 105(a) Granting Motion for a

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Crop. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425) Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SCV Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

Preliminary Injunction (Doc. No. 105) entered in associated adversary proceeding number 19-08289 (RDD) on November 6, 2019 at 5:21 p.m.; and

**PLEASE TAKE FURTHER NOTICE,** that the Bifurcation Order provides, among other things:

> "The Court is aware that a suggestion of bankruptcy and subsequent determination from Bankruptcy Court, Judge Robert D. Drain has expanded the automatic bankruptcy stay to include the "Purdue parties" and certain related parties. This Court will honor any stay from that court. However, it is anticipated that counsel may petition that Court for relief from the stay for the limited purpose of hearing dispositive motions (summary judgment) and participation in a trial limited to liability."[2]

**PLEASE TAKE FURTHER NOTICE,** that this Notice is filed to comply with the terms of the Bifurcation Order[3] and that the State of New York has notified Supreme Court, County of Suffolk of this Notice by letter of even date, a copy of which is attached hereto as Exhibit "B"; and

**PLEASE TAKE FURTHER NOTICE,** that prior to the filing of this notice, the undersigned consulted about this matter with counsel for the Debtors and for the Official Committee of Unsecured Creditors.

November 8, 2019.
New York, New York

                                        Respectfully submitted,

                                        **LETITIA JAMES**
                                        Attorney General of the State of New York

---

[2] Bifurcation Order, page 4 of 6.

[3] At page 6 of 6, the Bifurcation Order directs "7. That the Hon. Robert D. Drain and all bankruptcy counsel be provided a copy of this Order."

By: /s/ David E. Nachman
Counsel for Opioids and Impact Litigation
Executive Division
Office of the New York State Attorney General
28 Liberty Street
New York, New York 10005
Telephone: (212) 416-8390
Email: David.Nachman@ag.ny.gov

Exhibit "A"

SHORT FORM ORDER



INDEX NOS. 400001/2017
400008/2017
400016/2018

SUPREME COURT - STATE OF NEW YORK
NEW YORK STATE OPIOID LITIGATION PART 48 - SUFFOLK COUNTY

PRESENT:

### HON. JERRY GARGUILO
SUPREME COURT JUSTICE

ORDER

ALL PARTIES VIA NYSCEF
(FULL PARTICIPATION RECORDED)

---

THE COUNTY OF SUFFOLK,

Plaintiff,

-against-

INDEX NO.: 400001/2017

PURDUE PHARMA L.P., PURDUE PHARMA INC.,
THE PURDUE FREDERICK COMPANY, INC., ET AL.,

Defendants.

---

THE COUNTY OF NASSAU,

Plaintiff,

-against-

INDEX NO.: 400008/2017

PURDUE PHARMA L.P., PURDUE PHARMA, INC.,
THE PURDUE FREDERICK COMPANY, INC., ET AL.,

Defendants.

---

THE PEOPLE OF THE STATE OF NEW YORK,
LETITIA JAMES ATTORNEY GENERAL OF THE
STATE OF NEW YORK,

Plaintiff,

INDEX NO.: 400016/2018

-against-

PURDUE PHARMA L.P, PURDUE PHARMA INC.,
PURDUE FREDERICK COMPANY INC, ET AL.,

Defendants.

---

COUNTY OF SUFFOLK, COUNTY OF NASSAU & NEW YORK STATE V. PURDUE PHARMA, ET AL
INDEX NOS.: 400001/2017, 400008/2017 & 4000162018
PAGE 2

Mr. Justice Breitel once noted "it is ancient and undisputed law that courts have an inherent power over the control of their calendars, and a disposition of business before them, including the Order in which disposition will be made of that business." *Plachte v. Bancroft, Inc.*, 3 A.D.2d 437, 161 N.Y.S.2d 892 (1957). Mr. Justice Breitel's wisdom guides this Court to tap into those inherent powers, *albeit* responsibly, to control the course of this litigation. As noted in *Langan v. The First Trust and Deposit Company*, 27 App Div. 700, *affirmed* 296 N.Y. 1014, "it is our view that courts of record (Judiciary Law § 2) are vested with inherent powers, which are neither derived from nor dependent upon express statutory authority, and which permits such courts to do all things reasonably necessary for the administration of justice within the scope of their jurisdiction. The so-called "Inherent Powers Doctrine" has been described as follows: under the Inherent Powers Doctrine a court has all powers reasonably required to enable a court to perform efficiently its judicial functions, to protect its dignity, independence and integrity, and to make its lawful actions effective. These powers are inherent in the sense that they exist because the Court exists; the Court is, therefore, it has the powers reasonably required to act as an efficient court. Inherent judicial powers derived not from Legislative grant of specific constitution provision, but from the fact it is a court which has been created, and a court requires certain incidental powers in the nature of things. Carrigan, Inherent Powers of the Courts, Nation College of the State Judiciary, Reno Nevada [1973] (*Matter of People v. Little*, 89 Misc.2d 742, 745, *affirmed* 60 A.D.2d 797). A court's inherent powers are derived from the very fact that the court has been created and charged with certain duties and responsibilities. They are those powers which a court may call upon to aid in the exercise of its jurisdiction, and the administration of justice, and in the preservation of its own independence and integrity, such powers have been recognized since the days of the Inns of Court in common law English Jurisprudence (*Eichelberger v. Eichelberger*, 582 S.W.2d 395, 398, 399 [Tex.] cited *in Gabrelian v. Gabrelian*, 108 A.D.2d 445, 489 N.Y.S.2d 914.

The Court finds that prolixity is on the verge of becoming the only credible course unless it is addressed. The opioid cases are becoming less navigable and as such the Court must intervene. In examining the circumstances, the Court need not remind all parties of the myriad of issues which have undertook a thousand mile journey progressing inch by inch. For instance, on November 1, 2019 the Court conducted a conference that potentially calls into issue some 400 subpoenas issued throughout a multi-state area directed at non-parties, concerning only one of the defendants. Participants in that conference confirmed the materials sought went solely to the issue of damages.

The manner in which this litigation is evolving necessitated the Court to call upon the parties to chart a course for the benefit of all. To that end, the Court invited position papers concerning bifurcating the anticipated trials. Having studied all submissions, the Court concludes that bifurcation, whereby resolution of liability issues precedes damages is in the

*COUNTY OF SUFFOLK, COUNTY OF NASSAU & NEW YORK STATE V. PURDUE PHARMA, ET AL*
*INDEX NOS.: 400001/2017, 400008/2017 & 4000162018*
*PAGE 3*

best interest of all parties and the Court.

Recently in the multi-district litigation (MDL) pending in Ohio, the parties were at the eve of trial. This Court has imported all of the discovery materials exchanged in the MDL. Judge Polster and the parties were prepared to proceed on or about October 21, 2019, suggesting to this Court that certainly on issues of liability, the parties subject to this Short Form Order would be hard pressed to set forth reasons why these matters should not be bifurcated allowing trial on issues of liability to proceed.

22 NYCRR 202.42 addresses bifurcated trials (albeit in a different context):

> (a) Judges are encouraged to order a bifurcated trial of the issues of liability and damages in any action for personal injury where it appears that bifurcation may assist in a clarification or simplification of issues and a fair and more expeditious resolution of the action.
>
> (b) Where a bifurcated trial is ordered, the issues of liability and damages shall be severed and the issue of liability shall be tried first, unless the court orders otherwise.

A practical view of the proceedings and the current flow of correspondence to the Court suggests that trial preparedness on issues of damages to finality present a Herculean and an indecently costly chore. Again, as noted above, the Court is in receipt of correspondence from small non-party pharmacies throughout the State contesting *subpoenas duces tecum* involving only one of the numerous defendants.

The Court remains mindful that there may be open discovery areas relevant to liability which need to be addressed. To that end, the parties involved in the Suffolk County, Nassau County and New York State claims will submit to the Court within 7 business days of the filing of this Short Form Order a detailed summary of discovery items that remain outstanding limited <u>solely</u> to the issue of liability.

Furthermore, the Court reminds the parties and itself that within previous short form orders, the Court reserved determination on dismissal applications pending "jurisdictional discovery" as well as claims allowed on the basis of "a good start." Counsel may request pre-motion conferences for the purposes of the preparation and submission of summary judgment motions. The Court will accept all summary judgment motions, be it jurisdictional or otherwise, limited to the issues of liability within thirty (30) days of the of this Short Form Order. Respondents shall file opposition ten (10) days thereafter and replies five (5) days

*COUNTY OF SUFFOLK, COUNTY OF NASSAU & NEW YORK STATE V. PURDUE PHARMA, ET AL*
*INDEX NOS.: 400001/2017, 400008/2017& 4000162018*
*PAGE 4*

thereafter. Briefs and supporting affirmations shall not exceed 25 pages.

The Court is aware that a suggestion of bankruptcy and subsequent determination from Bankruptcy Court, Judge Robert D. Drain has expanded the automatic bankruptcy stay to include the "Purdue parties" and certain related parties. This Court will honor any stay from that court. However, it is anticipated that counsel may petition that court for relief from the stay for the limited purpose of hearing dispositive motions (summary judgment) and participation in a trial limited to liability.

Bankruptcy Judges have wide discretion in deciding to grant or deny a motion to lift the automatic stay. Those courts consider the interests of judicial economy as well as the expeditious and economical resolution of litigation; readiness of the parties to proceed, the impact of the stay on the parties and the balance of harm. *(See generally, In re Containership Co. (TCC) A/S,* 466 B.R. 219 [Feb 2012]; *In re Taub,* 413 B.R. 55 [Aug 2009]).

The case, *In re Project Orange Associates, LLC,* 432 B.R. 89 (2010), notes a relevant consideration concerning limited relief from the stay, considers if the state Judge has resolved and familiarized himself with many of the issues and evidence that would otherwise be presented before the Bankruptcy Court and whether issues of the state statutes, laws, rules and causes of action are best resolved before the state Judge.

As noted, the Court is in receipt of position papers concerning bifurcation and has carefully reviewed the same.

As noted in an October 3, 2019 submission:

> Defendants' principal objection is that "liability" and "damages" are so "intertwined" that they cannot be separated. Their argument is predicated on the assumption that the issues of injury and proximate cause necessarily fall on the "liability" side of bifurcation. CPLR 603 and CPLR 4011, however, give the Court ample authority to assign the "issue" of causation of damages to the "damages" phase of the case.

It has been suggested by the Attorney General that:

> Bifurcation is an efficient and workable approach that the Court can order sua sponte (CPLR 604, 4011). It will, without a doubt, lead to trial at the earliest date where the factual and legal determinations made during the liability phase will clarify and narrow the damages discovery, which is in the interest of all

FILED: SUFFOLK COUNTY CLERK 11/08/2019 04:23 PM
NYSCEF DOC. NO. 137

INDEX NO. 400016/2018
RECEIVED NYSCEF: 11/06/2019

*COUNTY OF SUFFOLK, COUNTY OF NASSAU & NEW YORK STATE V. PURDUE PHARMA, ET AL*
*INDEX NOS.: 400001/2017, 400008/2017& 4000162018*
*PAGE 5*

parties who seek an efficient resolution to this sprawling litigation. Uniform Civil Rules for the Supreme Ct. and the Cnty. Court § 202.42(a) (bifurcation is encouraged when it may assist in a "more expeditious resolution of the action.").

A trial limited to the issues of liability may have the effect of eliminating the veritable tsunami of discovery related practice concerning damages. It is the discovery issues related to damages placed before this Court, causing the Special Masters and support staff to expend countless hours. Not to mention the hours and expenses exhausted by the parties in compiling and studying all data in connection with the damages aspect of these cases. At the risk of commenting on the obvious much of that aforementioned work might be superfluous depending on the determination of dispositive motions and the fact finder's determination of liability or no liability.

The practicalities weigh heavy in favor of bifurcation. The Court enjoys a unique vantage point from which to make its decision having spent two (2) years supervising pretrial proceedings in these cases. It is foreseeable that a comprehensive disclosure of materials relevant to damages will consume vast amounts of judicial time and resources as well as exorbitant costs to the parties. It is certainly an articulable probability that either through motions and/or by way of voluntary discontinuance, the roster of defendants may dwindle.

The amended short form complaints in the Suffolk County and Nassau County actions set forth the same seven causes of action. The first cause of action alleges deceptive business practices in violation of General Business Law § 349, and the second cause of action alleges false advertising in violation of General Business Law § 350. The third cause of action asserts a common-law public nuisance claim, the fourth cause of action asserts a claim for violation of Social Service Law § 145-b, and the fifth cause of action asserts a claim for fraud. The sixth cause of action is for unjust enrichment, and the seventh cause of action is for negligence.

The first amended complaint in the action brought by the State of New York contain seventeen (17) causes of action. The first cause of action alleges common-law public nuisance. The second, third and fourth causes of action allege violations of State Finance Law § 189. The fifth cause of action asserts a claim for violation of Social Service Law § 145-b, the sixth cause of action asserts a claim for violation of General Business Law § 349, and the seventh cause of action asserts a claim for violation of General Business Law § 350. The eighth cause of action alleges of the New York Controlled Substance Act (Public Health Law § 3300 et seq.), and the ninth and tenth causes of action allege fraud and illegality in violation of Executive Law § 63 (12). The eleventh, twelfth and thirteenth causes of action seek damages for fraud, gross negligence and willful misconduct. The fourteenth cause of

FILED: SUFFOLK COUNTY CLERK 11/06/2019 04:25 PM
NYSCEF DOC. NO. 137
INDEX NO. 400016/2018
RECEIVED NYSCEF: 11/06/2019

19-23649-shl    Doc 446    Filed 11/08/19    Entered 11/08/19 16:46:43    Main Document
Pg 10 of 12

COUNTY OF SUFFOLK, COUNTY OF NASSAU & NEW YORK STATE V. PURDUE PHARMA, ET AL
INDEX NOS.: 400001/2017, 400008/2017 & 4000162018
PAGE 6

action is for unjust enrichment. The fifteenth cause of action alleges intentional fraudulent conveyances in violation of Debtor and Creditor Law § 276 and the sixteenth cause of action alleges constructive fraudulent conveyances in violation of Debtor and Creditor Law §§ 273, 273-a, 274 and/or to 275. Finally, the seventeenth cause of action seeks a judgment declaring that each license each defendant obtained to manufacture, distribute, import and/or export controlled substances within, into and/or from the state "was *void ab inito* on the ground it was procured under false pretenses through false and/or misleading statements and/or omissions contained in each such Defendant's applications to engage in controlled substances activity."

Therefore, it is

**ORDERED ADJUDGED AND DECREED** that unless a consolidation petition or petitions are presented and granted the matters (Suffolk County, Nassau County and New York State) will be bifurcated and shall proceed to trial commencing on Monday, January 20, 2020 at 10 a.m. in the order designated in the caption.

1. These matters are severed from Track 1.
2. That a Note of Issue be filed forthwith.
3. That all dispositive motions be prepared and submitted as per the terms set forth herein.
4. That the Parties abide by all rules of the Commercial Division.
5. That the Parties complete all trial "books" as per the rules of the Commercial Division in a timely fashion.
6. That the Plaintiff and Defendants appear for a pre-trial conference on January 13, 2020.
7. That the Hon. Robert D. Drain and all bankruptcy counsel be provided a copy of this Order.
8. Motions in limine shall be presented in a letter format ten (10) days before trial.

The foregoing constitutes the decision and **ORDER** of this Court.

Dated: November 6, 2019

HON. JERRY GARGUILO, JSC

# Exhibit "B"



STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES  
ATTORNEY GENERAL

DAVID E. NACHMAN  
COUNSEL FOR OPIOIDS AND IMPACT LITIGATION  
EXECUTIVE DIVISION

November 8, 2019

**VIA NYCEF**

The Honorable Jerry Garguilo  
Supreme Court of the State of New York  
Suffolk County  
John P. Cohalan, Jr. Courthouse  
400 Carleton Avenue  
Central Islip, New York 11722

Re: *In Re Opioid Litigation*, **Index No. 400000/2017 (coordinated)**

Dear Justice Garguilo:

    In accordance with the Court's Order on bifurcation dated November 6, 2019, we are transmitting today to the U.S. Bankruptcy Court for the Southern District of New York a copy of that Order, and will call that Court's attention to Your Honor's suggestion concerning possible limited relief from the bankruptcy stay. While the Bankruptcy Court's preliminary injunction was not entered as against New York, the State has agreed to observe the terms of the injunction through at least December 19, 2019 (it being clear that, absent such consent, the Court would have enjoined all parties, including New York, through April 8, 2020). In these circumstances, and after consulting with counsel for Purdue, we have concluded that we cannot petition for relief from the stay even for the limited purpose suggested by Your Honor, but must leave to the Bankruptcy Court's discretion whether and how to proceed.

Respectfully yours,

/s/ David E. Nachman  
David E. Nachman  
Counsel for Opioids and Impact Litigation  
Office of the New York State Attorney General  
David.Nachman@ag.ny.gov

CC: All Counsel of Record (by ECF)