| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK | **Hearing Date:** **Hearing Time:** |

------------------------------------------------------------ x
: 
In re                           :          Chapter 11
: 
PURDUE PHARMA L.P., *et al.*,     :          Case No. 19-23649 (RDD)
: 
               Debtors.  :          Jointly Administered
: 
------------------------------------------------------------ x

**OBJECTION OF THE UNITED STATES TRUSTEE TO ENTRY OF ORDER AUTHORIZING THE FILING UNDER SEAL OF PORTIONS OF THE OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF PURDUE PHARMA L.P. ET AL TO DEBTORS' MOTION TO ASSUME THE PREPETITION REIMBURSEMENT AGREEMENT WITH THE AD HOC COMMITTEE, AND TO PAY THE FEES AND <u>EXPENSES OF THE AD HOC COMMITTEE'S PROFESSIONALS</u>**

TO:   **THE HONORABLE ROBERT D. DRAIN, UNITED STATES BANKRUPTCY JUDGE:**

William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee"), hereby submits this objection (the "Objection") to the Motion of the Official Committee of Unsecured Creditors of Purdue Pharma L.P., *et al.* For An Order Pursuant to Bankruptcy Code Sections 105(a) and 107(b) and Bankruptcy Rule 9018 Authorizing The Filing Under Seal Of Portions Of The Objection Of The Official Committee Of Unsecured Creditors Of Purdue Pharma L.P. *et al.* To Debtors' Motion To Assume The Prepetition Reimbursement Agreement With The Ad Hoc Committee, And To Pay The Fees And Expenses Of The Ad Hoc Committee's Professionals (the "Seal Motion"). ECF Doc. No. 455. In support of his Objection, the United States Trustee respectfully submits as follows:

## PRELIMINARY STATEMENT

The Official Committee entered into an agreement with the Consenting Ad Hoc Committee (the "CAHC") in which it agreed to keep confidential certain information that the CAHC considered to be Confidential Material.  The Official Committee relies on certain of the Confidential Material in its Objection to the Debtors' Motion.  Although the Official Committee specifically asserts that it does not agree with the CAHC that such information merits confidential treatment, nonetheless, because the Official Committee entered into the agreement with the CAHC, it now seeks an Order from this Court sealing the Confidential Material.

As discussed below, a party seeking to seal or redact information bears a heavy burden under Section 107(b) of the Bankruptcy Code.  *See also* FRBP 9018.  Here, the party seeking to seal or redact certain information has plainly stated that the information does not merit confidential treatment.  Accordingly, under these circumstances, the movant has simply not met its burden of proof and the Seal Motion should be denied.  In the alternative, the party that actually seeks to impose a veil over the information – that is, the CAHC – should be required to meet the burden of proof of demonstrating why such information merits confidential treatment, pursuant to section 107 of the Bankruptcy Court.  Failing that, the Motion must be denied in its entirety.

## BACKGROUND

### General Background

1.     The Debtors commenced voluntary cases under chapter 11 of the Bankruptcy Code on September 15, 2019 (the "Petition Date").

2.      The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.      The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.  ECF No. 59.

4.      The Debtors are pharmaceutical companies that manufacture, sell, or distribute, among other products, extended-release, long-acting opioid pain medications.  *See* Debtors' Information Brief ECF No. 17 at 1.

5.      The Debtors commenced these cases because OxyContin® Extended-Release Tablets CII, the Debtors' most prominent pain medication, is the target of over 2,600 civil actions pending across the United States and its territories.  *Id*.   The lawsuits have proved unmanageable for the Debtors.  *Id*.

6.      On October 29, 2019, the Debtors filed Debtors' Motion to Assume the Prepetition Reimbursement Agreement with the Ad Hoc Committee and To Pay the Fees and Expenses of the Ad Hoc Committee's Professionals (ECF No. 394) (the "Ad Hoc Fee Motion").

7.      The Official Committee of Unsecured Creditors of Purdue Pharma L.P. *et al.* (the "Official Committee") filed an objection to the Motion (the "Official Committee's Objection").  ECF No. 459.  The Official Committee's Objection was accompanied by the Declaration of Arik Preis in Support of the Objection of the Official Committee of Unsecured Creditors of Purdue Pharma L.P. *et al.* to the Debtors' Motion to Assume the Prepetition

Reimbursement Agreement with the Ad Hoc Committee, and to Pay the Fees and Expenses of the Ad Hoc Committee's Professionals (the "Preis Declaration"). ECF No. 460.

8.      The Seal Motion seeks authorization to file the Official Committee's Objection and the Preis Declaration under seal and with redactions that relate to "Confidential Material" the Official Committee received from the CAHAC.  The Confidential Material includes purportedly confidential commercial information of the CAHC, including information respecting other individual clients of the attorneys to the CAHC, as well as the CAHC bylaws. Seal Motion, ¶ 2.

## ARGUMENT

Bankruptcy Code Section 107 sets forth the legal standard applicable to sealing information that is confidential. *See also* Fed. R. Bankr. P. 9018.   Section 107(a) of the Bankruptcy Code provides, in part, that subject to certain limited exceptions:

> a paper filed in a case under this title and the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge.

11 U.S.C. § 107(a).  "There is a strong presumption and public policy in favor of public access to court records." *In re Borders Grp., Inc.*, 462 B.R. 42, 46 (Bankr. S.D.N.Y. 2011); *see also*, *In re Food Mgmt. Grp., LLC*, 359 B.R. 543, 553-55 (Bankr. S.D.N.Y. 2007) (Section 107 reflects Congress' intent to favor public access to papers filed with the Bankruptcy Court).

Congress has "implemented a statutory exemption to prevent disclosure of commercial information in a bankruptcy case." *Borders*, 462 B.R. at 46.  Section 107(b) of the Bankruptcy Code provides in relevant part that:

> [o]n request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may –

19-23649-shl   Doc 467   Filed 11/13/19   Entered 11/13/19 16:01:40   Main Document
Pg 5 of 6

> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
>
> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b).[1]  "The exception to the general right of access in section 107(b) is narrow." *Borders*, 462 B.R. at 47.  The burden is on the moving party to show that a request to place documents under seal falls within the parameters of Section 107(b). *Id.* at 46; *Food Mgmt.*, 359 B.R. at 561.

Under Section 107(b), "commercial information" has been defined as information which would cause an "unfair advantage to competitors by providing them information as to the commercial operations" of the requesting party.  *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994)(internal quotations omitted); *accord Borders*, 462 B.R. at 47.  As this Court has stated:

> the term ["commercial information"] includes situations where a bankruptcy court may reasonably determine that allowing such disclosure would have a chilling effect on business negotiations, ultimately affecting the viability of Debtors.  Moreover, the Court must also find that the redacted information is so critical to the operations of the entity seeking the protective order that its disclosure will unfairly benefit the entity's competitors.

*Borders*, 462 B.R. at 47-48 (internal quotations, citations and brackets omitted).

The Seal Motion not only fails to provide substantive arguments that the Confidential Information is truly confidential, but the movant baldly admits that it does not view the Confidential Material as meriting confidential treatment.  See Seal Motion at pg. 4.  There is no

---

[1] Bankruptcy Rule 9018 defines the procedure by which a party may move for relief under Section 107(b).  Fed. R. Bankr. P. 9018.

information provided that demonstrates inter alia that the disclosure of the Confidential Material

would harm the CAHC or the clients of its professionals.  Absent the CAHC demonstrating that

the Confidential Material should be sealed or redacted pursuant to Section 107, the Motion must

be denied.

WHEREFORE, the U.S. Trustee respectfully requests that the Court sustain his

objection, deny the Seal Motion and grant such other relief as is just.

Dated:  New York, New York
        November 13, 2019

                                        Respectfully submitted,

                                        WILLIAM K. HARRINGTON
                                        UNITED STATES TRUSTEE, Region 2

                                        By: */s/ Brian S. Masumoto*
                                        Brian S. Masumoto
                                        Trial Attorney
                                        201 Varick Street, Room 1006
                                        New York, New York 10014
                                        Tel. (212) 510-0500