# Exhibit A

**Revised Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| PURDUE PHARMA L.P., *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

### ORDER AUTHORIZING THE DEBTORS TO PAY THE FEES AND EXPENSES OF THE AD HOC COMMITTEE'S PROFESSIONALS

Upon the motion (the "**Motion**")[2] of Purdue Pharma L.P. and its affiliates that are debtors and debtors in possession in these cases (collectively, the "**Debtors**"), pursuant to sections 105(a), 363(b) and 365 of title 11 of the United States Code (the "**Bankruptcy Code**"), for an order (this "**Order**") (a) authorizing the Debtors to assume the Reimbursement Agreement, attached to the Motion as **Exhibit B**, and (b) authorizing but not directing the Debtors to pay the reasonable and documented fees and expenses under the Reimbursement Agreement, without the need for further motion, fee application or order of the Court, as more fully set forth in the Motion; and the Court having jurisdiction to decide the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

#92616125v12

core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Motion having been provided; such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having held a hearing to consider the relief requested in the Motion on November 19, 2019 (the "**Hearing**"); and upon the record of the Hearing, and upon all of the proceedings had before the Court; and after due deliberation the Court having determined that the legal and factual bases set forth in the Motion establish good and sufficient cause for the relief granted herein; and is in the best interests of the Debtors, their estates, their creditors and all parties in interest,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted to the extent set forth herein.

2. The Debtors are authorized to and hereby assume the Reimbursement Agreement pursuant to section 365 of the Bankruptcy Code, subject to the terms of this Order.

3. The Debtors are further authorized to perform any and all obligations under the Reimbursement Agreement pursuant to section 363 of the Bankruptcy Code, subject to the terms of this Order.

4. The Debtors are authorized, but not directed, to pay (i) Brown Rudnick LLP, (ii) Gilbert, LLP, (iii) Kramer Levin Naftalis & Frankel LLP, (iv) Otterbourg PC, (v) FTI Consulting, Inc., (vi) Compass Lexecon and (vii) Coulter & Justice (collectively, the "**Professionals**") for their reasonable and documented fees and expenses in accordance with the terms and conditions of the Reimbursement Agreement and this Order; *provided* that, for the avoidance of doubt, the Debtors shall have no obligation to pay any fees, expenses or other amounts incurred after the termination of the Reimbursement Agreement in accordance with its terms.

#92616125v12

5. The authorization of the Debtors to pay (i) the reasonable and documented fees and expenses of the Professionals (other than those Professionals set forth in paragraph 5(vi) and (vii) above, which are addressed in paragraph 6(z) below) and (ii) reasonable and documented expenses (e.g., hotels, meals, travel costs, etc., but excluding the fees and expenses of any professional, including internal counsel, retained or employed by any Ad Hoc Committee member) incurred by the Ad Hoc Committee members in furtherance of their service on the Ad Hoc Committee (the "**Member Expenses**") shall be subject, *mutatis mutandis*, to the procedures with respect to authorization of payment of the fees and expenses of the professionals of the Debtors and the UCC set forth in the order (the "**Interim Compensation Order**") approving the *Debtors' Motion Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals* [Docket No. 434] (as may be modified or amended by any subsequent order of the Court with respect thereto) including, for the avoidance of doubt, the filing of Monthly Fee Statements and Applications (in each case as defined in the Interim Compensation Order), Interim Fee Hearings (as defined in the Interim Compensation Order), the expiration of the Objection Deadline (as defined in the Interim Compensation Order) or resolution of any Objections (as defined in the Interim Compensation Order) with respect each Monthly Fee Statement, and the 20% holdback with respect to fees until further order of the Court; *provided* that the standard for authorization of payment of the fees and expenses of the Professionals shall be whether such fees and expenses are (i) reasonable and documented and (ii) reimbursable under the Reimbursement Agreement (including, without limitation, that such fees and expenses are not duplicative of other Professionals and are within the Scope (as defined in the Reimbursement Agreement)); *provided further* that, for the avoidance of doubt, that the Professionals shall not be considered retained professionals of the Debtors or UCC and the retention of the Professionals shall not be required to

3

satisfy the standards for retention set forth in sections 327-328 or 1103 of the Bankruptcy Code; *provided further* that, the Professionals shall seek reimbursement only for fees and expenses that are within the Scope (and, for the avoidance of doubt, neither filing objections to the claims of other creditors or advancing or prosecuting the claims of the individual members of the Ad Hoc Committee shall be considered within the Scope); *provided further* that, (x) the aggregate amount authorized to be paid pursuant to this Order shall not exceed $1,500,000 with respect to the fees and expenses of the Professionals (including Compass Lexecon and Coulter & Justice) incurred prior to the Petition Date, (y) such prepetition fees and expense of the Professionals, together with any prepetition Member Expenses, shall be sought only upon the earlier of (a) the execution of a restructuring support agreement among parties including the Debtors and each member of the Ad Hoc Committee and (b) confirmation of a chapter 11 plan for the Debtors, and (z) the Debtors shall not be authorized to pay any amounts to the Professionals set forth in paragraph 5(vi) and 5(vii) above (who are not currently actively engaged) unless and until authorized to do so by subsequent order of this Court in connection with one of the Applications referred to above.

6. Notwithstanding anything to the contrary herein, the Debtors shall not be authorized to pay the fees and any expenses of any advisor to the Ad Hoc Committee other than the Professionals (as defined in paragraph 4), and the authorization to pay the fees and expenses of any advisor to the Ad Hoc Committee other than the Professionals (including any investment banker, as contemplated by the Reimbursement Agreement) shall be sought by a supplemental motion to this Court, *provided* that the Debtors are authorized to pay the fees of an investment banker, as contemplated by the Reimbursement Agreement, subject the same procedures applicable to the Professionals (as defined in paragraph 4), with the consent of the Debtors, U.S. Trustee and UCC to the retention of such investment banker and the terms of such retention.

4

#92616125v12

7. Pursuant to and consistent with information and confidentiality protocols to be agreed between the Ad Hoc Committee, the Ad Hoc Group of Non-Consenting States[3] and the Governmental Entities Group[4], and acceptable to the Debtors, and any protective order in these cases, the work product of certain financial professionals engaged by the Ad Hoc Committee, including FTI Consulting, Inc., shall be made available to the Ad Hoc Group of Non-Consenting States and the Governmental Entities Group with respect to matters on which such parties share a common interest, subject to the terms therein, and where such work product does not contain, reflect or reference confidential information of the Debtors that they have provided to the Ad Hoc Committee but not provided to the Ad Hoc Group of Non-Consenting States and the Governmental Entities Group. The delivery of information pursuant to such information protocols described in this paragraph shall not be deemed a waiver of any common interest privilege, attorney-client privilege, work product protection, or any other applicable privileges or protections with respect thereto.

8. The contents of the Motion and the notice procedures set forth therein constitute good and sufficient notice and satisfy the Bankruptcy Rules and the Local Rules, and no other or further notice of the Motion or the entry of this Order shall be required.

9. Nothing in this Order shall be deemed to constitute (i) a grant of third-party beneficiary status or bestowal of any additional rights on any third party or (ii) a waiver of any rights, claims or defenses of the Debtors.

10. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

---

[3] The Bankruptcy Rule 2019 statement for the Ad Hoc Group of Non-Consenting States is filed at Docket No. 296.

[4] The Bankruptcy Rule 2019 statement for the Governmental Entities Group is filed at Docket No. 409.

#92616125v12

11. The relief granted herein shall be binding upon any chapter 11 trustee appointed in any of these chapter 11 cases or upon any chapter 7 trustee appointed in the event of a subsequent conversion of any of these chapter 11 cases to cases under chapter 7.

12. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2019
       White Plains, New York

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE