AGENTIS PLLC
55 Alhambra Plaza, Suite 800
Coral Gables, Florida 33134
T. 305.722.2002
F. 305.489.2698
Christopher B. Spuches

*Counsel for Creditor, the Attorney General, State of Florida*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649(RDD)** |
| Debtors.[1] | **(Jointly Administered)** |

**THE STATE OF FLORIDA'S (I) JOINDER TO THE DEBTORS' OMNIBUS REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO ASSUME THE PREPETITION REIMBURSEMENT AGREEMENT WITH THE AD HOC COMMITTEE, AND TO PAY THE FEES AND EXPENSES OF THE AD HOC COMMITTEE'S PROFESSIONALS [DOCKET NO. 482] AND AD HOC COMMITTEE'S STATEMENT IN SUPPORT OF DEBTORS' MOTION TO ASSUME PREPETITION AGREEMENT AND REPLY TO OBJECTIONS [ECF NO. 486], AND (II) REPLY IN SUPPORT OF DEBTORS' MOTION TO ASSUME THE PREPETITION REIMBURSEMENT AGREEMENT WITH THE AD HOC COMMITTEE, AND TO PAY THE FEES AND EXPENSES OF THE AD HOC COMMITTEE'S PROFESSIONALS**

The State of Florida, Office of the Attorney General, Department of Legal Affairs (the "State of Florida"), by and through its undersigned counsel, files this (i) joinder ("Joinder") to *Debtors' Omnibus Reply Brief in Further Support of Motion to Assume the Prepetition Reimbursement Agreement with the Ad Hoc Committee, and to Pay the Fees and Expenses of the Ad Hoc Committee's Professionals* (the "Debtors Reply") [Docket No. 482] and *Ad Hoc Committee's*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

1

*Statement in Support of Debtors' Motion to Assume Prepetition Reimbursement Agreement and Reply to Objections* (the "Ad Hoc Reply") [Docket No. 486], and (ii) reply ("Reply") to the objections (the "Objections") to the *Debtors' Motion to Assume the Prepetition Reimbursement Agreement with the Ad Hoc Committee, and to Pay the Fees and Expenses of the Ad Hoc Committee's Professionals* (the "Motion") [Docket No. 394] and in further support of the relief sought in the Motion. In support of its Reply, the State of Florida respectfully represents as follows:

### A. The State of Florida Joins in the Motion, the Debtors' Reply and the Ad Hoc Reply.

1. The State of Florida joins in the Motion, the Debtors' Reply and the Ad Hoc Reply, and adopts and incorporates the arguments raised in the Motion, Debtors Reply and the Ad Hoc Reply as if fully set forth herein. The State of Florida supports the Motion and requests that the Court grant the Motion for all of the reasons set forth in the Motion and replies in support thereof.

### B. The Debtors have Satisfied the Business Judgment Standard.

2. The Objections erroneously state the business judgment standard as it relates to sections 363 and 365 of the Bankruptcy Code. Pursuant to section 363 of the Bankruptcy Code, a court will approve the assumption of an executory contract "upon a showing that the debtor's decision to take such action will benefit the debtor's estate and is an exercise of sound business judgment." *In re MF Global Holdings Ltd.*, 466 B.R. 239, 242 (Bankr. S.D.N.Y. 2012); *see also NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 523 (1984) (stating that section 365 is subject to "business judgment" standard); *In re Gucci*, 193 B.R. 411, 415 (S.D.N.Y. 1996) ("A bankruptcy court reviewing a trustee's decision to assume or reject an executory contract should apply its 'business judgment' to determine if it would be beneficial or burdensome to the estate to assume it.").

3. A court will generally not second-guess a debtor's business judgment regarding the assumption or rejection of a contract. *See MF Global*, 410 B.R. at 242; *Comm. of Asbestos Related Litigants v. Johns Manville Corp. (In re Johns-Manville Corp.)*, 60 B.R. 612, 615–16 (Bankr. S.D.N.Y. 1986) ("[T]he Code favors the continued operation of a business by a debtor and a presumption of reasonableness attaches to a debtor's management decisions."); *In re Balco Equities Ltd., Inc.*, 323 B.R. 85, 98 (Bankr. S.D.N.Y. 2005) ("A court 'should defer to a debtor's decision that rejection of a contract would be advantageous.'"); *Phar-Mor, Inc. v. Strouss Bldg. Assocs.*, 204 B.R. 948, 951–52 (N.D. Ohio 1997) ("Whether an executory contract is 'favorable' or 'unfavorable' is left to the sound business judgment of the debtor . . . Courts should generally defer to debtor's decision whether to reject an executory contract.").

4. Under the "business judgment" standard, a debtor must simply make a showing that the proposed assumption will benefit its estate. *See MF Global*, 466 B.R. at 242; *In re Helm*, 335 B.R. 528, 538 (Bankr. S.D.N.Y. 2006) ("To meet the business judgment test, the debtor in possession must establish that rejection will benefit the estate.").

5. However, only high-level review of the showing made by the debtor is required because "a motion to assume should be considered a summary proceeding, intended to efficiently review the . . . debtor's decision to adhere to or reject a particular contract in the course of the swift administration of the bankruptcy estate." *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1098–99 (2d Cir. 1993).

6. Thus, contrary to the Objections, the role of the Court with respect to a proposed assumption is to review the debtor's business judgment, not substitute its own business judgment for that of the debtor. *See* 3 Collier on Bankruptcy ¶ 365.03[2] (*citing Bildisco*, 465 U.S. at 523). In so doing, the court may "place itself in the position" of the debtor and ask whether it is a good or

bad "business decision," but it cannot return to square one and usurp the debtor's decision-making role. *Orion*, 4 F.3d at 1099 ("In reviewing a trustee's or debtor-in-possession's decision to assume an executory contract, then, a bankruptcy court sits as an overseer of the wisdom with which the bankruptcy estate's property is being managed by the trustee or debtor-in-possession, and not, as it does in other circumstances, as the arbiter of disputes between creditors and the estate."). This would both miss the point of the assumption approval process and ignore the intentionally limited role afforded to the court by the Bankruptcy Code. *Id.* ("limited purpose" of assumption motions does not permit court to "control end result" of contract assumption, just to make a "businessman's judgment" about its likely benefits or burdens).

7. The same "business judgment" standard applies under section 363 of the Bankruptcy Code. Once a debtor has articulated a reasonable business justification for the use of estate's assets, a presumption arises that its decision was made on an informed basis, in good faith, and in the honest belief that it is in the best interests of the estate. *See Official Comm. of Sub. Bondholders v. Integrated Res., Inc. (In re Integrated Res., Inc.)*, 147 B.R. 650, 656 (S.D.N.Y. 1992), appeal dismissed, 3 F.3d 49 (2d Cir. 1993) (*quoting Smith v. Van Gorkom*, 488 A.2d 858, 872 (Del. 1985)). Further, once the debtor articulates a reasonable basis for its business decision, courts will generally not entertain objections to such decision. *In re JohnsManville Corp.*, 60 B.R. at 616.

8. Similarly, on a section 363 motion, the court acts as an "overseer of the wisdom" of the debtor's proposed use of estate assets, and its sole mandate is to "review the trustee's (or debtor-in-possession's) business judgment to determine independently whether the judgment is a reasonable one." *See* 3 Collier on Bankruptcy ¶ 363.02[4]. Under no circumstances, should "the court substitute its judgment for the [debtor's] but should only determine whether the [debtor's] judgment was reasonable and whether a sound business justification exists supporting" such use. *Id.*

9. Here, the Debtors have exercised their business judgment, and determined that the reimbursement of the Ad Hoc Committee's professionals is in the best interest of the Debtors' estates. In response, the Objections have not raised a single persuasive reason why the Debtors' decision to reimburse the professional of the Ad Hoc Committee, who represent the *only* parties in interest who *have agreed to support the Settlement Structure*, who have a prepetition reimbursement agreement, and who *represent the interests of the majority of the creditors in these cases* is at all irrational or suspect.

C. **Section 363(b) is a Proper Source of Authority for Approval of the Reimbursement Agreement**

10. Section 363(b) of the Bankruptcy Code and the business judgment rule is a proper source of authority for approval of the Reimbursement Agreement. Section 363(b) "governs the use of funds by the debtor in possession while it operates its business after the bankruptcy petition is filed." *In re Bethlehem Steel Corp.*, No. 02 CIV. 2854 (MBM), 2003 WL 21738964, at *10 (S.D.N.Y. July 28, 2003).

11. "Thus, under § 363(b), if the debtor in possession wants to use funds from the estate for a transaction outside the ordinary course of business, the debtor must obtain advance approval from the bankruptcy court." *Id.* Generally, courts will approve a request for relief under section 363 of the Bankruptcy Code where the debtor demonstrates a sound business justification for seeking such relief. *In re Lionel Corp.*, 722 F.2d at 1071 ("The rule we adopt requires that a judge determining a section 363(b) application expressly find from the evidence presented before him at the hearing a good business reason to grant such an application.").

12. As noted in the Motion, multiple courts have approved the payment of professional fees of unsecured creditors under section 363(b) in connection with the court's approval of a debtor's assumption of or entry into a fee letter. *See In re AMR Corp.*, No. 11-15463 (SHL) (Bankr. S.D.N.Y.

Sept. 21, 2012) [Docket No. 4652]; *In re ASARCO, L.L.C.*, 650 F.3d 593 (5th Cir. 2011); *In re Bethlehem Steel Corp.*, No. 02 CIV. 2854 (MBM), 2003 WL 21738964, (S.D.N.Y. July 28, 2003).

13. Although the Objections assert that such reimbursement motions should be brought only pursuant to either section 327(e) (employment of professional persons) or 503(b)(3) of the Bankruptcy Code (allowance of administrative expense for reimbursement), section 363(b) of the Bankruptcy Code is the proper source of authority for authorizing reimbursement motions. *See In re Enron Corp., 335 B.R. at 29* (upholding bankruptcy courts approval of an application to retain a law firm (and pay its fees) to represent employees of the debtors in a pending investigation pursuant to section 363(b) as opposed to section 327(e)).

14. The fact that similar relief may be sought under different circumstances pursuant to a different bankruptcy code section is irrelevant. As the Court in *ASARCO* stated, "[t]he authorization of certain types of payments under section 363(b) is not prohibited simply because there is another section of the Bankruptcy Code related to the same type of payment." *Id.* (*quoting In re Bethlehem Steel Corp.*, 2003 WL 21738964, at *11). Courts have held "that the business judgment standard is the better fit for assessing [a debtor's] reimbursement motion" because "[s]ection 363 addresses the debtor's use of the estate property." *In re ASARCO, L.L.C.*, 650 F.3d at 602; see also *Bethlehem Steel Corp.*, 2003 WL 21738964, at *11 ("subsections 503(b)(3)(D) and (b)(4) do not bar a bankruptcy court from allowing a debtor in possession to reimburse a creditor for professional fees - provided, of course, that the standard for allowing transactions under § 363(b) has been met.")

15. Further, in denying an argument that Section 503 is required for reimbursement of fees as administrative expenses, the *ASARCO* court held that section 503 "generally applies to third parties that have already incurred expenses in connection to the debtor's estate," but that in the

6

context of prospective reimbursement orders, "application of the [363(b)] business judgment standard is appropriate." *Id.* at 602-603.  The court in *Bethlehem Steel* reached a similar conclusion stating that in situations "where a creditor incurs expenses in attempting to collect on pre-petition claims . . . that situation is covered by § 503," but where the "[debtor] determined that paying the [creditor's] expenses was a good business decision and would help develop a reorganization plan . . . it was appropriate for the debtors to reimburse the [creditor's professionals] for the reasonable cost of [their] advice and counsel." *In re Bethlehem Steel Corp.*, 2003 WL 2173864, at *11.

16. Here, as further detailed in the Motion, a sound business purpose exists for the Debtors entry into the Reimbursement Agreement.  The payment of the fees and expenses of the professionals of the Ad Hoc Committee will further the ultimate goal of confirmation and consummation of a chapter 11 plan. Therefore, section 363(b) is the proper standard under which the relief requested should be considered and approved.

Dated: November 15, 2019
New York, New York

By: */s/ Christopher Spuches*
AGENTIS PLLC
55 Alhambra Plaza, Suite 800
Coral Gables, Florida 33134
Telephone: (305) 722-2002
Christopher Spuches (N.Y. Bar No. 284653)
Robert P. Charbonneau (admitted *pro hac vice*)

ASHLEY MOODY
Florida Attorney General
The Capitol, PL-01
Tallahassee, FL 32399-1050
Tel: (850) 414-3300
John Guard
Patricia A. Conners
Russell S. Kent

*Attorneys for the State of Florida*