# EXHIBIT S

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------------X
                                                                  :
In re:                                             :    Chapter 11
                                                   :
PURDUE PHARMA L.P., et al.,                        :    Case No. 19-23649 (RDD)
                                                   :
                    Debtors.                       :    (Jointly Administered)
                                                   :
--------------------------------------------------- X
```

**CONSENTING STATE'S STATEMENT WITH RESPECT TO THE
DEBTORS' MOTION TO THE AD HOC COMMITTEE'S STATEMENT
IN SUPPORT OF DEBTORS' MOTION TO ASSUME
PREPETITION REIMBURSEMENT AGREEMENT**

The State of Tennessee hereby submits this statement in support of the Debtors' Motion (the "**Motion**") [Dkt. No. 394] to Assume the Prepetition Reimbursement Agreement brought by Purdue Pharma L.P. and its affiliated debtors (collectively, "**Purdue**" or the "**Debtors**") seeking authority to assume the prepetition agreement (the "**Reimbursement Agreement**") by which Purdue agreed to pay the reasonable and documented fees and expenses of the professionals to the Ad Hoc Committee (the "**Professionals**").

First, the State of Tennessee is a member of the Ad Hoc Committee, and is among the creditors supporting the framework for a comprehensive settlement (the "**Settlement Framework**") embodied in the settlement term sheet, which was publicly filed on October 8, 2019 (the "**Summary Term Sheet**") [Dkt. No. 257), and believes the settlements embodied therein represent the most viable path for an efficient resolution of the above-captioned chapter 11 cases.

Second, we disagree with the characterizations by the Creditors' Committee regarding the scope and role of the Ad Hoc Committee in the Debtors' bankruptcy cases, as not "representing"

5915682.1

anyone other than the members themselves.  We are fully engaged with consenting states that are not members of the Ad Hoc Committee regarding the Settlement Framework and its execution through this bankruptcy case.  Indeed, the creation of the Ad Hoc Committee was contemplated well before the bankruptcy filing, and the recognition of the Ad Hoc Committee – including the authority to retain legal and financial professionals – was a critical component to implementing the overall transaction and is necessary for the Ad Hoc Committee to work effectively.  Since the bankruptcy filing, the Ad Hoc Committee has been in regular communication with consenting states regarding the developments in the bankruptcy cases.  Accordingly, we join in the assertions made in the Motion and the Ad Hoc Committee's Statement in Support of the Motion (the "**Statement**") [Dkt. No. 486], and urge that this Court grant the relief requested in the Motion and authorize the Debtors to assume the Reimbursement Agreement.

## CONCLUSION

WHEREFORE, for the foregoing reasons, as well as those set forth in the Motion and the Statement, the State of Tennessee respectfully requests that the Court grant the Motion.

Dated:  November 15, 2019　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　HERBERT H. SLATERY III
　　　　　　　　　　　　　　　　　　　　Tennessee Attorney General

　　　　　　　　　　　　　　　　　　　　/s/Gill R. Geldreich_____
　　　　　　　　　　　　　　　　　　　　GILL R. GELDREICH
　　　　　　　　　　　　　　　　　　　　Deputy Attorney General
　　　　　　　　　　　　　　　　　　　　Bankruptcy Division
　　　　　　　　　　　　　　　　　　　　P.O. Box 20207
　　　　　　　　　　　　　　　　　　　　Nashville, TN 37202
　　　　　　　　　　　　　　　　　　　　(615) 532-2504
　　　　　　　　　　　　　　　　　　　　Gill.Geldreich@ag.tn.gov

5915682.1