# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------X
:
In re:                                            :    Chapter 11
                                                  :
PURDUE PHARMA L.P., *et al.*,                     :    Case No. 19-23649 (RDD)
                                                  :
                    Debtors.                      :    (Jointly Administered)
                                                  :
------------------------------------------------------------- X

### CONSENTING STATE'S STATEMENT WITH RESPECT TO THE DEBTORS' MOTION TO THE AD HOC COMMITTEE'S STATEMENT IN SUPPORT OF DEBTORS' MOTION TO ASSUME PREPETITION REIMBURSEMENT AGREEMENT

The Commonwealth of Puerto Rico hereby submits this statement in support of the Debtors' Motion (the "**Motion**") [Dkt. No. 394] to Assume the Prepetition Reimbursement Agreement brought by Purdue Pharma L.P. and its affiliated debtors (collectively, "**Purdue**" or the "**Debtors**") seeking authority to assume the prepetition agreement (the "**Reimbursement Agreement**") by which Purdue agreed to pay the reasonable and documented fees and expenses of the professionals to the Ad Hoc Committee (the "**Professionals**").

First, the Commonwealth of Puerto Rico is not a member of the Ad Hoc Committee, and is among the creditors supporting the framework for a comprehensive settlement (the "**Settlement Framework**") embodied in the settlement term sheet, which was publicly filed on October 8, 2019 (the "**Summary Term Sheet**") [Dkt. No. 257), and believes the settlements embodied therein represent the most viable path for an efficient resolution of the above-captioned chapter 11 cases.

Second, we disagree with the characterizations by the Creditors' Committee regarding the scope and role of the Ad Hoc Committee in the Debtors' bankruptcy cases, as not "representing" anyone other than the members themselves.  We have been fully engaged with the members of

the Ad Hoc Committee – even prior to the bankruptcy filing – regarding the Settlement Framework, and have delegated the day-to-day responsibilities of negotiating and implementing the definitive documentation to the Ad Hoc Committee and its Professionals. Indeed, the creation of the Ad Hoc Committee was contemplated well before the bankruptcy filing, and the recognition of the Ad Hoc Committee – including the authority to retain legal and financial professionals – was a critical component to implementing the overall transaction and is necessary for the Ad Hoc Committee to work effectively. Since the bankruptcy filing, the Ad Hoc Committee has been in regular communication with us and the other States regarding the developments in the bankruptcy cases. Accordingly, we join in the assertions made in the Motion and the Ad Hoc Committee's Statement in Support of the Motion (the "**Statement**") [Dkt. No. 490], and urge that this Court grant the relief requested in the Motion and authorize the Debtors to assume the Reimbursement Agreement.

## CONCLUSION

WHEREFORE, for the foregoing reasons, as well as those set forth in the Motion and the Statement, the Commonwealth of Puerto Rico respectfully requests that the Court grant the Motion.

Dated: November 17, 2019                Respectfully submitted,

**HON. DENNISE LONGO QUIÑONES**
**ATTORNEY GENERAL**
**PUERTO RICO DEPARTMENT OF JUSTICE**
P.O. Box 9020192
San Juan, Puerto Rico 00902-0192
Tel: (787) 721-2900, EXT. 1204, 1201

**/f/Johan M. Rosa Rodríguez**
Johan M. Rosa Rodríguez
PR Bar No. 16819
Assistant Attorney General
Antitrust Division
jorosa@justicia.pr.gov