# Exhibit A

# Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (RDD)** |
| Debtors.[1] | **(Jointly Administered)** |

**ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND
REIMBURSEMENT OF EXPENSES FOR RETAINED PROFESSIONALS**

Upon the motion (the "**Motion**")[2] of Purdue Pharma L.P. and its affiliates that are debtors and debtors in possession in these cases (collectively, the "**Debtors**"), for entry of an order (this "**Order**"), authorizing the Debtors to establish procedures for interim compensation and reimbursement of expenses for Professionals, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, M-431, dated January 31, 2012 (Preska, C.J.); this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) that this Court may decide by a final order consistent with Article III of the United States Constitution; and this Court having found that venue of the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Motion having been provided;

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and after due deliberation the Court having determined that the legal and factual bases set forth in the Motion establish good and sufficient cause for the relief granted herein; and is in the best interests of the Debtors, their estates, their creditors, and all parties in interest,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted to the extent set forth herein.

2. Except as may otherwise be provided by orders of this Court authorizing the retention of specific professionals, all Professionals, and members of the Official Committee of Unsecured Creditors (the "**Committee**") may seek interim compensation and/or reimbursement of expenses in accordance with the following procedures (collectively, the "**Compensation Procedures**"):

   (i) On or before the last day of each month following the month for which compensation is sought (or as soon thereafter as reasonably practicable), each Professional seeking compensation shall serve a monthly statement (the "**Monthly Fee Statement**"), on the following parties (the "**Application Recipients**"): (i) Purdue Pharma L.P., 201 Tresser Blvd, Stamford, CT 06901, Attn: Jon Lowne, Email: Jon.Lowne@pharma.com; (ii) counsel to the Debtors, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017, Attn.: Christopher Robertson and Dylan Consla, Email: christopher.robertson@davispolk.com, dylan.consla@davispolk.com; (iii) counsel to the Committee: (a) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, Bank of America Tower, New York, NY 10036-6745, Attn: Arik Preis, Email: apreis@akingump.com and Sara L. Brauner, Email: sbrauner@akingump.com; and (b) Bayard, P.A., 600 N. King Street, Suite 400, Wilmington, DE 19801, Attn: Justin R. Alberto and Daniel N. Brogan, Email: jalberto@bayardlaw.com and dbrogan@bayardlaw.com; and (iv) the Office of the United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Paul K. Schwartzberg, Email: Paul.Schwartzberg@usdoj.gov. All Professionals shall file their Monthly Fee Statements for the period from the effective date of their retention through November 30, 2019 by December 31, 2019 or as soon thereafter

2

        as reasonably practicable and otherwise in accordance with the procedures set forth in this motion.

(ii)    On or before the last day of each month following the month for which compensation is sought (or as soon thereafter as reasonably practicable), each Professional shall file a Monthly Fee Statement with this Court; however, a courtesy copy need not be delivered to Chambers because this Order is not intended to alter the fee application requirements outlined in sections 330 and 331 of the Bankruptcy Code. Professionals shall still be required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules.

(iii)    Any Professional that fails to file a Monthly Fee Statement for a particular month or months may subsequently submit a consolidated Monthly Statement that includes a request for compensation earned or expenses incurred during previous months.

(iv)    Each Monthly Fee Statement must contain a list of the individuals who provided services during the period covered by the Monthly Fee Statement, their respective titles (*e.g.*, attorney, accountant, paralegal, etc.), their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the disbursements incurred (no professional should seek reimbursement of an expense that would otherwise not be allowed pursuant to the Local Rules and this Court's *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, dated June 17, 2013), and contemporaneously maintained time entries (redacted or modified to protect any privileged) for each individual in increments of tenths (1/10) of an hour or as close thereto as practicable unless otherwise ordered by this Court.

(v)    Any Application Recipient shall have at least 14 days after the filing of a Monthly Fee Statement to review it and, if such party has an objection to the compensation or reimbursement sought in a particular Monthly Fee Statement (an "**Objection**"), such party shall, by no later than 12:00 p.m. (prevailing Eastern Time) on the date that is 14 days following the filing of the particular Monthly Fee Statement (the "**Objection Deadline**"), serve via electronic mail upon the Professional whose Monthly Fee Statement is the subject of an Objection, a written "Notice of Objection to Fee Statement" setting forth the nature of the Objection and the amount of fees or expenses at issue.

(vi)    At the expiration of the Objection Deadline, the Debtors shall promptly pay 80% of the fees and 100% of the expenses identified in each

    Monthly Fee Statement to which no Objection has been served in accordance with paragraph (v) above.

(vii) If a Notice of Objection to Fee Statement with respect to a particular Monthly Fee Statement is served, the Debtors shall withhold payment of only that portion of the Monthly Fee Statement to which the Objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (vi) above.

(viii) If an Objection is resolved and if the party whose Monthly Fee Statement was the subject of the Objection serves on all Application Recipients a statement indicating that the Objection has been withdrawn and describing the terms of the resolution, then the Debtors shall promptly pay, in accordance with paragraph (vi) above, that portion of the Monthly Fee Statement that is no longer subject to the Objection.

(ix) All Objections that are not resolved by the parties shall be preserved and presented to this Court at the next interim or final fee application to be heard by this Court in accordance with paragraph (xii) below.

(x) The service of a Notice of Objection to Fee Statement in accordance with paragraph (v) above shall not prejudice the objecting party's right to object to any fee application made to this Court in accordance with the Bankruptcy Code on any ground, whether raised in the Objection or not. Furthermore, the decision by any party not to object to a Monthly Fee Statement shall not be a waiver of any kind or prejudice that party's right to object to any fee application subsequently made to this Court in accordance with the Bankruptcy Code.

(xi) Commencing with the period ending January 31, 2020, and for each four month interval thereafter (each, an "**Interim Fee Period**"), each of the Professionals shall file with this Court an application (an "**Interim Fee Application**") for interim Court approval and allowance, pursuant to sections 330 and 331 of the Bankruptcy Code (as the case may be), of the compensation and reimbursement of expenses requested in the Monthly Fee Statements served during such Interim Fee Period. Each Professional shall file its Interim Fee Application no later than 45 days after the end of the Interim Fee Period. Each Professional shall file its first Interim Fee Application on or before March 16, 2020, and the first Interim Fee Application shall cover the Interim Fee Period from the Petition Date (or the effective date of the Professional's retention) through and including January 31, 2020.

(xii) The Debtors' attorneys shall obtain a date from this Court for the hearing to consider Interim Fee Applications for all Professionals (the "**Interim Fee Hearing**"), which shall be scheduled no earlier than 30 days after the expiration of the 45 day period set forth in paragraph (xi)

4

above, unless otherwise agreed to by the Debtors, the Committee and the U.S. Trustee. At least 30 days prior to the Interim Fee Hearing, the Debtors' attorneys shall file a notice with this Court, with service upon the U.S. Trustee and all Professionals, setting forth the time, date, and location of the Interim Fee Hearing, the period covered by the Interim Fee Applications, and the objection deadline. Any Professional unable to file its own Interim Fee Application with this Court shall deliver to the Debtors' attorneys a fully executed copy with original signatures, along with service copies, three business days before the filing deadline. The Debtors' attorneys shall file and serve such Interim Fee Application.

(xiii) Any Professional who fails to timely file an Interim Fee Application seeking approval of compensation and expenses previously paid pursuant to a Monthly Fee Statement shall (i) be ineligible to receive further monthly payments of fees or reimbursement of expenses as provided herein until such Interim Fee Application is filed, and (ii) may be required to disgorge any fees paid since retention or the last fee application, whichever is later.

(xiv) The pendency of an Interim Fee Application or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular Monthly Fee Statement shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by this Court.

(xv) Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any Professionals. To the extent authorized by the Court, including in an order allowing a Professional's Interim Fee Application, the Debtors shall be authorized to promptly pay such Professional all allowed requested fees (including the 20% "holdback") and expenses not previously paid.

(xvi) The attorneys for the Committee may, in accordance with the Compensation Procedures, collect and submit statements of expenses, with supporting vouchers, from members of the Committee; provided, that these reimbursement requests must comply with the Bankruptcy Court's Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases, dated January 29, 2013, and any other applicable fee and expense guidelines adopted by the Court. Notwithstanding the foregoing, the Debtors are authorized to pay promptly upon the receipt of invoices therefore the actual and necessary expenses, other than compensation and reimbursement specified in paragraph 4 of section 503(b) of the Bankruptcy Code, incurred by any natural person who is a member of the Committee in the performance of the duties of the Committee. The

5

    payment of such expenses as provided herein shall be subject to, and shall not have any effect on, this Court's interim and final allowance of reimbursement of such expenses.

3. The Debtors shall include all payments to Professionals on their monthly operating reports, detailed so as to state the amount paid to each Professional; *provided that* amounts paid to ordinary course professionals may be stated in the aggregate on any monthly operating reports.

4. Notice of hearings to consider Applications shall be limited to the Application Recipients and any party who files a Notice of Objection to Fee Statement or a notice of appearance and requests notice in these chapter 11 cases.

5. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

6. The Debtors shall serve a copy of this Order on each of the Professionals.

7. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

8. Notwithstanding anything to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

10. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2019
   White Plains, New York

                        THE HONORABLE ROBERT D. DRAIN
                        UNITED STATES BANKRUPTCY JUDGE