## **Exhibit B**

**Comparison**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.**, *et al.*, | **Case No. 19-23649 (RDD)** |
| **Debtors.**[1] | **(Jointly Administered)** |

## ORDER AUTHORIZING DEBTORS TO EMPLOY PROFESSIONALS USED IN THE ORDINARY COURSE OF BUSINESS *NUNC PRO TUNC* TO THE PETITION DATE

Upon the motion (the "**Motion**")[2] of Purdue Pharma L.P. and its affiliates that are debtors and debtors in possession in these cases (collectively, the "**Debtors**"), pursuant to sections 105(a), 327, 328, and 330 of title 11 of the United States Code (the "**Bankruptcy Code**"), for an order (a) authorizing the Debtors to establish certain procedures for the Debtors to retain and compensate those professionals that the Debtors employ in the ordinary course of business (collectively, the "**Ordinary Course Professionals**"), effective as of the Petition Date, without (i) the submission of separate retention applications, or (ii) the issuance of separate retention orders for each individual Ordinary Course Professional, and (b) compensate and reimburse Ordinary Course Professionals without individual fee applications, as more fully

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

set forth in the Motion; and the Court having jurisdiction to decide the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Motion having been provided; such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having held a hearing to consider the relief requested in the Motion on October 10, 2019 (the "**Hearing**"); and upon the record of the Hearing, and upon all of the proceedings had before the Court; and after due deliberation the Court having determined that the legal and factual bases set forth in the Motion establish good and sufficient cause for the relief granted herein; and is in the best interests of the Debtors, their estates, their creditors, and all parties in interest,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted to the extent set forth herein.

2.      The Debtors are authorized, but not directed, to employ the Ordinary Course Professionals listed on **Exhibit 1** ~~or,~~ **Exhibit 2** or **Exhibit 3** hereto in the ordinary course of their business in accordance with the following procedures (the "**Procedures**"), *nunc pro tunc* to the Petition Date:

> (i)      Within thirty (30) days after the later of (a) the entry of this Order and (b) the date on which the Ordinary Course Professional commences services for the Debtors, each Ordinary Course Professional shall provide the following to the Debtors' attorneys: (1) an affidavit (the "**OCP Affidavit**"), substantially in the form annexed hereto as **Exhibit ~~3~~4** certifying that the Ordinary Course Professional does not represent or hold any interest adverse to the Debtors or their estates with respect to the

matter(s) on which such professional is to be employed and (2) a completed retention questionnaire (the "**Retention Questionnaire**"), substantially in the form annexed hereto as **Exhibit 45**.

(ii)    Upon receipt of an OCP Affidavit and Retention Questionnaire, the Debtors shall file the same with the Court and serve a copy on (a) the United States Trustee for Region 2 (the "**U.S. Trustee**"), and (b) any official committee appointed in these chapter 11 cases and the ad hoc committee of governmental and other contingent litigation claimants represented by Brown Rudnick LLP, Gilbert, LLP, Kramer Levin Naftalis & Frankel LLP, and Otterbourg PC (collectively, the "**Reviewing Parties**").

(iii)    If a party wishes to object to the retention of an Ordinary Course Professional, such party shall, within ten (10) days after the filing of the applicable OCP Affidavit and Retention Questionnaire (the "**Retention Objection Deadline**"), file with the Court and serve on (a) the attorneys for the Debtors and (b) the relevant Ordinary Course Professional (or its counsel if known) (together, the "**Objection Recipients**") a written objection stating, with specificity, the legal and/or factual bases for such objection. If no objection to the retention of an Ordinary Course Professional is filed with the Court and served on the Objection Recipients before the Retention Objection Deadline, the retention and employment of such professional shall be deemed approved without further order of the Court.

(iv)    If a timely objection to the retention of an Ordinary Course Professional is filed with the Court and served on the Objection Recipients, and such objection cannot be resolved within fourteen (14) days after the Retention Objection Deadline, the matter shall be scheduled for adjudication by the Court at the next available hearing.

(v)    No Ordinary Course Professional shall be paid any amount for invoiced fees and expenses until the Ordinary Course Professional has been retained in accordance with these Procedures.

(vi)    TheIn accordance with these procedures, the Debtors shall be authorized to retain an Ordinary Course Professional and to compensate such Ordinary Course Professional, without formal application to the Court, 100% of the fees and 100% of the expenses incurred upon the submission to, and approval by, the DebtorDebtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered and

expenses actually incurred (without prejudice to the Debtors'
right to dispute any such invoices); *provided*, however, the
following limitations shall apply to the payment of fees and
reimbursement of expenses:

- For each Ordinary Course Professional set forth on
  **Exhibit 1** annexed hereto (each, a "**Tier 1 OCP**"), total
  fees, excluding costs and disbursements, shall not exceed
  $150,000 per month on average over a rolling three-
  month period (the "**Tier 1 OCP Cap**") and $1,800,000
  in the aggregate (the "**Tier 1 Case Cap**"); ~~and~~

- For each Ordinary Course Professional set forth on
  **Exhibit 2** annexed hereto (each, a "**Tier 2 OCP**"), total
  fees, excluding costs and disbursements, shall not exceed
  $75,000 per month on average over a rolling three-month
  period (the "**Tier 2 OCP Cap**") and $900,000 in the
  aggregate (the "**Tier 2 Case Cap**"); *provided, further,*
  that total fees, excluding costs and disbursements, paid to
  all Tier 2 OCPs in the aggregate shall not exceed
  $12,000,000 (the "**Aggregate Tier 2 Case Cap**");

- For each Ordinary Course Professional set forth on
  **Exhibit 2̶3** annexed hereto (each, a "**Tier 3 OCP**"), total
  fees, excluding costs and disbursements, shall not exceed
  ~~$75,000 per month~~the applicable amounts indicated on
  **Exhibit 3** annexed hereto for such Tier 3 OCP on average
  over a rolling three-month period (the "**Tier 2̶3 OCP
  ~~Cap~~,Caps**" and, together with the Tier 1 OCP Cap, and
  the Tier 2 OCP Cap, the "**OCP Caps**") and ~~$900,000~~ in
  the aggregate (the "**Tier 2̶3 Case ~~Cap~~,Caps**" and,
  together with the Tier 1 Case Cap and Tier 2 Case Cap,
  the "**Case Caps**")~~;~~ *provided, further,* that total fees,
  excluding costs and disbursements, paid to all Tier 3
  OCPs in the aggregate shall not exceed $7,560,000 (the
  "**Aggregate Tier 3 Case Cap**" and, together with the
  Tier 3 OCP Caps and the Tier 3 Case Caps, the "**Tier 3
  Caps**"); *provided, further,* that any fees incurred by any
  Tier 3 OCP on or before October 11, 2019 shall not be
  applied against any Tier 3 Cap.

- The total fees, excluding costs and disbursements, paid to
  all Ordinary Course Professionals in the aggregate shall
  not exceed $25 million (the "**Aggregate Overall Cap**"
  and, together with the Aggregate Tier 2 Case Cap and
  Aggregate Tier 3 Case Cap, the "**Aggregate Caps**").

The OCP Caps and, Case Caps and Aggregate Caps may be increased by mutual agreement between the Debtors and the U.S. Trustee Reviewing Parties; *provided* that the Debtors shall file a notice with the Court of any such agreed increase.; *provided, further*, that if (i) the preliminary injunction granted by the Court on October 11, 2019 in respect of litigation pending against the Debtors (as such preliminary injunction may be extended or modified) is no longer in effect and such litigation is resumed or (ii) another change in circumstances arises that the Debtors believe warrants an increase in any Tier 3 Cap, then (x) any Tier 3 Cap may be modified with the consent of the Reviewing Parties and (y) other than the case of a consensual modification as described in the immediately preceding clause (x), the Debtors shall provide the Reviewing Parties with seven (7) calendar days' prior notice of any proposed amendment to any Tier 3 Cap.

(vii)   In the event that an Ordinary Course Professional's fees and expenses exceed the applicable OCP Cap during these chapter 11 cases, (a) the Debtors may pay the Ordinary Course Professional's fees and expenses up to the applicable OCP Cap; and (b) the Ordinary Course Professional shall file with the Court a fee application, to be heard on notice, on account of the fees and expenses in excess of the applicable OCP Cap and apply for compensation and reimbursement of such amount in compliance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330*, and all orders of the Court.

(viii)   Payment to any one Ordinary Course Professional shall not exceed the applicable Case Cap, subject to further order of the Court. In the event that an Ordinary Course Professional's fees and expenses exceed the applicable Case Cap, such Ordinary Course Professional shall be required to file a separate retention application to be retained as a professional pursuant to section 327 of the Bankruptcy Code.

(ix)   Aggregate payment to all Ordinary Course Professionals shall not exceed the Aggregate Overall Cap.  In the event that aggregate Ordinary Course Professionals' fees exceed the Aggregate Overall Cap, each Ordinary Course Professional shall be required to file a separate retention application to be retained as a professional pursuant to section 327 of the Bankruptcy Code and separate fee applications.  Aggregate payment to all Tier 2 OCPs shall not exceed the Aggregate Tier 2 Case Cap.  In the

event that aggregate fees of Tier 2 OCPs exceed the Aggregate Tier 2 Case Cap, each Tier 2 OCP shall file a separate retention application to be retained as a professional pursuant to section 327 of the Bankruptcy Code and separate fee applications. Aggregate payment to all Tier 3 OCPs shall not exceed the Aggregate Tier 3 Case Cap.  In the event that aggregate fees of Tier 3 OCPs exceed the Aggregate Tier 3 Case Cap, each Tier 3 OCP shall file a separate retention application to be retained as a professional pursuant to section 327 of the Bankruptcy Code and separate fee applications.

(ixx)    Within thirty (30) days after the end of each ~~quarterly period~~calendar month, the Debtors shall file a statement with the Court and serve the same on the Reviewing Parties, certifying the Debtors' compliance with the terms of the relief granted herein. The statement shall include for each Ordinary Course Professional (a) the name of such Ordinary Course Professional, and (b) for each ~~quarterly~~monthly period, the aggregate amounts paid as compensation for services rendered and as reimbursement of expenses incurred by such professional.

(xxi)    If the Debtors seek to retain an Ordinary Course Professional not already listed on **Exhibit 1** ~~or~~, **Exhibit 2** or **Exhibit 3** hereto, the Debtors shall file with the Court and serve on the Reviewing Parties a notice listing those additional Ordinary Course Professionals to be added to the initial list of Ordinary Course Professionals (the "**OCP List Supplement**"), along with the attendant OCP Affidavits and Retention Questionnaires.

(xii)    Each Ordinary Course Professional shall promptly notify the Debtors if it currently represents any of the Debtors' existing shareholders, including trusts, beneficiaries, companies, affiliates, family members and any similar related parties (together, the "**Shareholder Parties**"), and/or any entity owned or controlled by any Shareholder Party (other than any Debtor), and if any Shareholder Party or any entity owned or controlled by any Shareholder Party (other than any Debtor) accounted for more than 1% of such Ordinary Course Professionals' annual revenue for any of the last five years.  The Debtors shall compile a list of such disclosures, which shall be provided to the Reviewing Parties on a rolling basis.

(xixiii) If a party wishes to object to the retention of an Ordinary Course Professional listed on an OCP List Supplement, such party shall, within ten (10) days after the filing of the applicable OCP List Supplement, file with the Court and serve on the Objection Recipients a written objection stating, with specificity, the legal

and/or factual bases for such objection. If no timely objection to
the retention of an Ordinary Course Professional listed on an
OCP List Supplement is filed with the Court and served on the
Objection Recipients, the retention and employment of such
professional shall be deemed approved without further order of
the Court. Any Ordinary Course Professional retained pursuant
to an OCP List Supplement will be paid in accordance with the
terms and conditions set forth in these Procedures.

3.      Entry of this Order and approval of the Procedures does not affect the Debtors'

ability to (i) dispute any invoice submitted by an Ordinary Course Professional or (ii) retain

additional Ordinary Course Professionals from time to time as needed, and the Debtors reserve

all of their rights with respect thereto.

4.      The form of OCP Affidavit and Retention Questionnaire are approved.

5.      The Debtors are authorized to take all action necessary or appropriate to

effectuate the relief granted in this Order.

6.      The Court shall retain jurisdiction to hear and determine all matters arising from

or related to the implementation, interpretation, and/or enforcement of this Order.


Dated: _____, 2019
        White Plains, New York

                                        _____
                                        THE HONORABLE ROBERT D. DRAIN
                                        UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit 1</u>**

**Tier 1 Ordinary Course Professionals**

| Name of Professional |
|---|
| ~~Arnold & Porter Kaye Scholer~~<u>Lynn Pinker Cox & Hurst,</u> LLP |
| ~~Karr Tuttle Campbell~~ |
| Maiwald |
| McGuire Woods<u>, LLP</u> |
| Reed Smith, LLP |
| Sidley Austin, LLP |
| ~~Skarzynski Black~~<u>Stikeman Elliott, LLP</u> |
| Wiggin and Dana, LLP |

## Exhibit 2

**Tier 2 Ordinary Course Professionals**

| **Name of Professional** |
|---|
| Abe Ikubo & Katayama |
| ~~Angeli Ungar Law Group LLC~~ |
| ~~Bassford Remele~~ |
| ~~Bernstein, Shur, Sawyer & Nelson~~ |
| Brinks Gilson & Lione |
| Brownstein Hyatt Farber Schreck |
| ~~Brunini Grantham Grower Hewes, PLLC~~ |
| ~~Camacho Calvo Law Group~~ |
| ~~Cetrulo LLP~~ |
| ~~Cipriani & Werner PC~~ |
| ~~Cole Scott & Kissane~~ |
| ~~Conyers Dill & Pearman Limited~~ |
| Corcoran, Johnston & Blair |
| ~~Crowe & Dunlevy~~ |
| Dannemann Siemsen Advogados |
| Dannemann Siemsen Bigler & Ipanema Moreira |
| Davidson, Davidson & Kappel, LLC |
| ~~Davis, Hatley, Haffeman & Tighe, P.C.~~ |
| ~~DeHay & Elliston~~Dentons US LLP |
| Dickinson & Avella |
| ~~Dinse, Knapp & McAndrew~~ |
| ~~DLA Piper LLP~~ |
| Dorsey & Whitney LLP |
| ~~Duke Scanlan~~ |
| Durbin, Larimore & Bialick, PC |
| Essex Court Chambers (John Lockey) |
| ~~Evans Fears & Schuttert LLP~~ |
| ~~Fox, O'Neill & Shannon S.C.~~ |
| ~~Frazer Greene Upchurch & Baker, LLC~~ |
| ~~Frost Brown Todd LLC~~ |
| ~~German, Gallagher & Murtagh, P.C.~~ |
| Gibson Dunn & Crutcher LLP |
| ~~Gordon, Arata, Montgomery, Barnett, McCollam, Duplantis & Eagan LLC~~ |
| ~~Gunderson, Palmer, Nelson, Ashmore LLP~~ |
| ~~Hepler Broom LLC~~ |
| Hinckley, Allen & Snyder LLP |
| ~~Hirst Applegate, LLP~~ |
| ~~Holland & Hart~~ |

| |
|---|
| ~~Hood Law Firm~~ |
| Husch Blackwell LLP |
| Jackson Lewis P.C. |
| Kleinfeld Kaplan and Becker LLP |
| ~~Larson & O'Brien~~ |
| ~~Law Offices of Ian E. Bjorkman, LLC~~ |
| Leason Ellis LLP |
| ~~Lewis Johs Avallone Aviles, LLP~~ |
| London Court of International Arbitration |
| Lowenstein Sandler LLP |
| ~~Maynard Cooper & Gail~~ |
| McCarter & English |
| ~~McCorriston Muller Mukai Mackinnon LLP~~ |
| ~~McDermott Will & Emery~~ |
| ~~McDonald Veon P.A.~~ |
| Meltzer, Purtill & Stelle, LLC |
| ~~Mitchell, Williams, Selig, Gates & Woodyard, PLLC~~ |
| ~~Montgomery & Andrews, PA~~ |
| ~~Morgan Lewis & Bockius LLP~~ |
| Morris Nichols Arsht and Tunnell LLP |
| ~~Morrison & Foerster LLP~~ |
| ~~Neal & Harwell~~ |
| ~~Nelson Mullins Riley & Scarborough LLP~~ |
| ~~Nixon Peabody~~ |
| ~~Norton Rose Fulbright US LLP~~ |
| ~~Nyemaster Goode~~ |
| ~~Oliverio & Marcaccio LLP~~ |
| ~~O'Melveny & Myers LLP~~ |
| O'Neill & Borges |
| ~~Parsons Behle & Latimer~~ |
| Patrick J. Rogers LLC |
| ~~Penn Stuart & Eskridge~~ |
| ~~Pepper Hamilton LLP~~ |
| Porzio Bromberg & Newman P.C |
| Poyner Spruill LLP |
| Pryor Cashman LLP |
| ~~Reichard & Escalera LLC~~ |
| ~~Reilly, McDevitt & Henrich, P.C.~~ |
| Reminger Co., L.P.A. |
| ~~Richmond & Quinn~~ Skarzynski Black |
| ~~Robinson Gray Stepp & Laffitte, LLC~~ |
| ~~Sanders Warren Russell & Scheer LLP~~ |
| ~~Semmes Bowen & Semmes~~ |
| ~~Shaw Keller LLP~~ |

| |
|---|
| Smith Anderson |
| Snell & Wilmer |
| Steptoe & Johnson, LLP |
| Sterne Kessler Goldstein Fox PLLC |
| Stikeman Elliott, LLP |
| Stites & Harbison, PLLC |
| Taylor English Duma LLP |
| Thompson Coburn, LLP |
| Thompson Hine |
| Tonkon Torp LLP |
| Troutman Sanders LLP |
| Vogel Law Firm, Ltd. |
| Vorys Sater Seymour & Pease |
| Wheeler Trigg O'Donnell LLP |

## Exhibit 3

### Tier 3 Ordinary Course Professionals

| Name of Professional | Tier 3 OCP Cap | Tier 3 Case Cap |
|---|---|---|
| Angeli Ungar Law Group LLC | $10,000 | $120,000 |
| Bassford Remele | $5,000 | $60,000 |
| Bernstein, Shur, Sawyer & Nelson | $5,000 | $60,000 |
| Brunini Grantham Grower Hewes, PLLC | $5,000 | $60,000 |
| Camacho Calvo Law Group | $5,000 | $60,000 |
| Cetrulo LLP | $20,000 | $240,000 |
| Cipriani & Werner PC | $10,000 | $120,000 |
| Cole Scott & Kissane | $10,000 | $120,000 |
| Conyers Dill & Pearman Limited | $5,000 | $60,000 |
| Crowe & Dunlevy | $20,000 | $240,000 |
| Davis, Hatley, Haffeman & Tighe, P.C. | $5,000 | $60,000 |
| DeHay & Elliston LLP | $5,000 | $60,000 |
| Dinse, Knapp & McAndrew | $5,000 | $60,000 |
| DLA Piper LLP | $30,000 | $360,000 |
| Duke Scanlan | $20,000 | $240,000 |
| Evans Fears & Schuttert LLP | $10,000 | $120,000 |
| Fox, O'Neill & Shannon S.C. | $5,000 | $60,000 |
| Frazer Greene Upchurch & Baker, LLC | $10,000 | $120,000 |
| Frost Brown Todd LLC | $5,000 | $60,000 |
| German, Gallagher & Murtagh, P.C. | $5,000 | $60,000 |
| Gordon Arata Montgomery Barnett | $10,000 | $120,000 |
| Gunderson, Palmer, Nelson, Ashmore LLP | $5,000 | $60,000 |
| Hepler Broom LLC | $5,000 | $60,000 |
| Hirst Applegate, LLP | $5,000 | $60,000 |
| Holland & Hart | $10,000 | $120,000 |
| Hood Law Firm | $5,000 | $60,000 |
| Karr Tuttle Campbell | $40,000 | $480,000 |
| Larson & O'Brien | $5,000 | $60,000 |
| Lewis Johs Avallone Aviles, LLP | $5,000 | $60,000 |
| McCorriston Muller Mukai Mackinnon LLP | $5,000 | $60,000 |
| McDonald Veon P.A. | $10,000 | $120,000 |
| Mitchell, Williams, Selig, Gates & Woodyard, PLLC | $5,000 | $60,000 |
| Montgomery & Andrews, PA | $5,000 | $60,000 |
| Morrison & Foerster LLP | $5,000 | $60,000 |
| Neal & Harwell | $10,000 | $120,000 |
| Nelson Mullins Riley & Scarborough LLP | $10,000 | $120,000 |
| Nixon Peabody | $5,000 | $60,000 |
| Nyemaster Goode | $10,000 | $120,000 |
| Oliverio & Marcaccio LLP | $10,000 | $120,000 |
| O'Melveny & Myers LLP | $5,000 | $60,000 |

| | | |
|---|---|---|
| Penn Stuart & Eskridge | $10,000 | $120,000 |
| Reichard & Escalera LLC | $5,000 | $60,000 |
| Reilly, McDevitt & Henrich, P.C. | $5,000 | $60,000 |
| Richmond & Quinn | $5,000 | $60,000 |
| Robinson Gray Stepp & Laffitte, LLC | $5,000 | $60,000 |
| Sanders Warren Russell & Scheer LLP | $5,000 | $60,000 |
| Semmes Bowen & Semmes | $40,000 | $480,000 |
| Shaw Keller LLP | $5,000 | $60,000 |
| Snell & Wilmer | $5,000 | $60,000 |
| Taylor English Duma LLP | $5,000 | $60,000 |
| Thompson Coburn, LLP | $5,000 | $60,000 |
| Vogel Law Firm, Ltd. | $5,000 | $60,000 |
| Vorys Sater Seymour & Pease | $10,000 | $120,000 |
| Wheeler Trigg O'Donnell LLP | $5,000 | $60,000 |

**Exhibit 4**

**Ordinary Course Professional Affidavit**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.,** *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | **(Jointly Administered)** |

**AFFIDAVIT AND DISCLOSURE STATEMENT OF** _____,

**ON BEHALF OF** _____

STATE OF _____ )
                ) s.s.:
COUNTY OF _____ )

        _____, being duly sworn, upon his oath, deposes and says as follows:

        1.      I am a _____ of _____, located at _____(the "**Firm**").

        2.      Purdue Pharma L.P. and its affiliates that are debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), have requested that the Firm provide services to the Debtors, and the Firm has consented to provide such services (the "**Services**").

        3.      The Services include, but are not limited to, the following: _____

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

4.      The Firm may have performed services in the past and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties in interest in the Debtors' chapter 11 cases. As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be claimants or employees of the Debtors, or other parties in interest in these chapter 11 cases. The Firm does not perform services for any such person in connection with these chapter 11 cases. In addition, the Firm does not have any relationship with any such person, such person's attorneys, or such person's accountants that would be adverse to the Debtors or their estates with respect to the matters on which the Firm is to be retained.

5.      Neither I, nor any principal of, or professional employed by the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than principals and regular employees of the Firm.

6.      Neither I nor any principal of, or professional employed by the Firm, insofar as I have been able to ascertain, holds or represents any interest materially adverse to the Debtors or their estates with respect to the matters on which the Firm is to be retained.

2

7.      As of the commencement of this chapter 11 case, the Debtors owed the Firm $_____ in respect of prepetition services rendered to the Debtors.

8.      The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of this inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Affidavit.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Affidavit and Disclosure Statement was executed on _____, 2019, at _____.

_____
Affiant Name

SWORN TO AND SUBSCRIBED before
Me this ____ day of_____, 2019

_____
Notary Public

#92634797v1#92634797v4

**Exhibit 45**

**Retention Questionnaire**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.,** *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

<u>**RETENTION QUESTIONNAIRE**</u>

TO BE COMPLETED BY PROFESSIONALS EMPLOYED by Purdue Pharma L.P. and its affiliates that are debtors and debtors in possession in the above-captioned cases (collectively, the "**Debtors**").

All questions **must** be answered. Please use "none," "not applicable," or "N/A," as appropriate. If more space is needed, please complete on a separate page and attach.

1.    Name and address of professional:

_____

_____

2.    Date of retention: _____

3.    Type of services to be provided:

_____

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

_____

4.      Brief description of services to be provided:

_____

_____

_____

5.      Arrangements for compensation (hourly, contingent, etc.):

_____

(a)      Average      hourly      rate      (if      applicable):

_____

(b)      Estimated average monthly compensation based on prepetition retention (if company was employed prepetition):

_____

6.      Prepetition claims against the Debtors held by the company:

Amount of claim: $ _____

Date claim arose: _____

Nature of claim: _____

7.      Prepetition claims against the Debtors held individually by any member, associate, or employee of the company:

Name:_____

3

Status: _____

Amount of claim: $ _____

Date claim arose: _____

Nature of claim: _____

_____

_____

_____

8.    Disclose the nature and provide a brief description of any interest adverse to the
Debtors or to their estates for the matters on which the professional is to be
employed:

_____

_____

_____

_____

9.    Disclose whether the professional currently represents any of the Debtors'
existing shareholders, including trusts, beneficiaries, companies, affiliates, family
members and any similar related parties (together, the "**Shareholder Parties**"),
and/or any entity owned or controlled by any Shareholder Party (in each case
other than any Debtor), and whether any Shareholder Party or any entity owned or
controlled by any Shareholder Party (other than any Debtor) accounted for more
than 1% of the professionals' annual revenue for any of the last five years.  If so,
describe what ethical walls or other protections are in place with regard to the
concurrent representations.

_____

_____

_____

4

_____

~~9~~10.    Name and title of individual completing this form:

_____

Dated: _____, 2019

5

| | |
|---|---|
| **Summary report:**<br>**Litera® Change-Pro for Word 10.7.0.7 Document comparison done on**<br>**11/18/2019 4:52:44 PM** | |
| **Style name:** Default Style | |
| **Intelligent Table Comparison:** Active | |
| **Original DMS:** iw://DMS/AmericasActive/92634797/1 | |
| **Modified DMS:** iw://DMS/AmericasActive/92634797/5 | |
| **Changes:** | |
| Add | 69 |
| Delete | 46 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 1 |
| Table Delete | 60 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 176 |