**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | : | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| PURDUE PHARMA L.P., *et al*., | : | Case No. 19-23649 (RDD) |
| | : | |
| Debtors.[1] | : | (Jointly Administered) |
| | : | |

**ORDER AUTHORIZING EMPLOYMENT AND RETENTION**
**OF BAYARD, P.A. AS EFFICIENCY COUNSEL TO THE OFFICIAL COMMITTEE**
**OF UNSECURED CREDITORS *NUNC PRO TUNC* TO SEPTEMBER 29, 2019**

Upon the application (the "Application")[2] of the official committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 cases of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for an order, pursuant to sections 328, 330, and 1103 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules") authorizing the Committee to employ and retain Bayard, P.A. ("Bayard") as the Committee's "efficiency" co-counsel in these cases *nunc pro tunc* to September 29, 2019 (the "Retention Date"); and in consideration of the declaration of Justin R. Alberto in support of the Application (the "Alberto Declaration"); and it appearing that due and proper notice of the Application has been given; and it appearing that this Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

157(a)-(b) and 1334(b); and it appearing that venue of these cases and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and there being no objections to the requested relief; and upon the record of the hearing held by the Court on the Application on November 19, 2019; and it appearing that Bayard is eligible for retention pursuant to sections 328 and 1103 of the Bankruptcy Code in that Bayard does not represent or hold any interest adverse to the Committee or the Debtors' estates as to the matters upon which Bayard has been and is to be employed, and that Bayard is a "disinterested person" as such term is defined in section 101(14) of the Bankruptcy Code, and that Bayard shall not, while employed by the Committee, represent any other entity having an adverse interest in connection with these cases; and it appearing that Bayard's retention is necessary and in the best interests of the Debtors' unsecured creditors and estates; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Application is granted as set forth herein.

2. Pursuant to sections 328 and 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a), and Local Rule 2014-1, the Committee is authorized to employ and retain Bayard as efficiency counsel to the Committee in these chapter 11 cases *nunc pro tunc* to the Retention Date.

3. Bayard shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with these cases in compliance with sections 330 and 331 of the Bankruptcy Code, as the case may be, and the applicable Bankruptcy Rules, Local Rules, and fee and expense guidelines and orders of the Court. Bayard, Akin Gump and the Committee's other professionals shall coordinate the division of responsibilities to avoid the duplication of efforts among firms.

4. Bayard shall file a supplemental declaration with this Court and give not less than 10 business days' notice to the Debtors, the U.S. Trustee, and the Committee prior to implementing any increases in the rates set forth in the Alberto Declaration in this case. The supplemental declaration shall explain the basis for the requested rate increases in accordance with Bankruptcy Code section 330(a)(3)(F) and state whether the Committee has consented to the rate increase.

5. The Committee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application and the Alberto Declaration.

6. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: White Plains, New York
      November 21, 2019

                                              /s/ Robert D. Drain
                                              THE HONORABLE ROBERT D. DRAIN
                                              UNITED STATES BANKRUPTCY JUDGE