**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------------------------------------------

| | : | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| PURDUE PHARMA L.P., *et al*., | : | Case No. 19-23649 (RDD) |
| | : | |
| Debtors.[1] | : | (Jointly Administered) |
| | : | |

---------------------------------------------------------------------------------------------------------

**ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF PROVINCE, INC. AS FINANCIAL ADVISOR FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS *NUNC PRO TUNC* TO OCTOBER 1, 2019**

Upon the application (the "Application")[2] of the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned chapter 11 cases for entry of an order authorizing the Committee to employ and retain Province, Inc. ("Province") as its financial advisor *nunc pro tunc* to October 1, 2019, the date the Committee selected Province as financial advisor in these cases, pursuant to section 1103 of title 11 of the United States Code, Rule 2014(a) of the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules for the Southern District of New York; and upon the Declaration of Michael Atkinson of Province, Inc. (the "Atkinson Declaration") attached to the Application as **Exhibit B**; and upon the Declaration of Brendan Stuhan, not in his individual capacity but solely on behalf of Blue Cross and Blue Shield Association, in its capacity as co-chair of the Committee (the "Stuhan Declaration") attached to the Application as **Exhibit C**; and the Court having jurisdiction pursuant to sections 157(a)-(b)

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Application.

and 1334(b) of title 28 of the United States Code and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); to consider the Application and the relief requested therein; and venue being proper in this Court pursuant to sections 1408 and 1409 of title 28 of the United States Code; and the Court being satisfied that notice of this Application and the opportunity for a hearing on this Application were appropriate under the circumstances and that no further or other notice need by given; and upon the record of the hearing held by the Court on November 19, 2019; and there being no objections to the relief granted herein; and the Court being satisfied, based on the representations made in the Application and the Atkinson Declaration, that Province does not represent or hold any interest adverse to the Committee, the Debtors or their estates as to the matters upon which Province has been and is to be employed, that Province is a "disinterested person" as such term is defined in section 101(14) of the Bankruptcy Code, and that its retention is necessary and in the best interests of the Debtors' unsecured creditors and estates; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

1. The Application is granted to the extent set forth herein.

2. The Committee is authorized to employ and to retain Province, Inc. as its financial advisor, *nunc pro tunc* to October 1, 2019, in accordance with the terms and conditions set forth in the Application.

3. Province is authorized to provide services to the Committee as described in the Application, including the following:

   a. becoming familiar with and analyzing the Debtors' cash budget, assets and liabilities, and overall financial condition;
   b. reviewing financial and operational information furnished by the Debtors to the Committee;
   c. analyzing the Debtors' proposed business plan and developing alternative scenarios, if necessary;
   d. assessing the Debtors' various pleadings and proposed treatment of unsecured creditor claims therefrom;

   e. preparing, or reviewing as applicable, avoidance action and claim analyses;

   f. assisting the Committee in reviewing the Debtors' financial reports, including, but not limited to, SOFAs, Schedules, cash budgets, and Monthly Operating Reports;

   g. advising the Committee on the current state of these chapter 11 cases;

   h. advising the Committee in negotiations with the Debtors and third parties as necessary;

   i. assisting Committee counsel in its investigation of the Debtors' unencumbered assets, liabilities and financial conditions, prepetition transactions including those between the Debtors and non-Debtor affiliates;

   j. if necessary, participating as a witness in hearings before the bankruptcy court with respect to matters upon which Province has provided advice; and

   k. other activities as are approved by the Committee, the Committee's counsel, and as agreed to by Province.

4. Province shall use its reasonable efforts to avoid duplication of services provided to any of the Committee's other retained professionals in these chapter 11 cases.

5. Province shall be compensated and reimbursed, in accordance with and pursuant to orders granting interim and final fee applications for allowance of its compensation and expenses under sections 330 and 331 of the Bankruptcy Code, as the case may be, and the applicable Bankruptcy Rules, Local Rules, and fee and expense guidelines and orders of the Court.

6. This Order shall be immediately effective and enforceable upon its entry, and the Committee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

7. To the extent the Application, the Atkinson Declaration, or the Stuhan Declaration is inconsistent with this Order, the terms of this Order shall govern.

8. Prior to implementing any increases in its hourly rates beyond the rates set forth in the Application, Province shall provide at least ten (10) days' notice of any such increases to the Debtors, the Committee and the U.S. Trustee, and shall file such notice with the Court. All parties-in-interest retain all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard set forth in section 330 of the Bankruptcy Code.

9.  Notice of the Application as provided therein shall be deemed to be good and sufficient notice of such Application, and the requirements of the Local Bankruptcy Rules are satisfied by the contents of the Application.

10. This Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Order.

Dated: November 21, 2019
      White Plains, New York

/s/ Robert D. Drain
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE