**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| PURDUE PHARMA L.P., *et al.*,[1] | Case No. 19-23649 (RDD) |
| Debtors. | (Jointly Administered) |

**ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF**
**JEFFERIES LLC AS INVESTMENT BANKER TO THE OFFICIAL COMMITTEE**
**OF UNSECURED CREDITORS *NUNC PRO TUNC* TO OCTOBER 4, 2019**

Upon the application (the "**Application**")[2] of the Committee for entry of an order (a) authorizing the retention and employment of Jefferies LLC ("**Jefferies**") *nunc pro tunc* to October 4, 2019, as the Committee's investment banker pursuant to the Engagement Letter, (b) modifying certain time-keeping requirements of Bankruptcy Rule 2016(a) and Local Bankruptcy Rule 2016-1, and (c) granting related relief; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334(b), as a core proceeding under 28 U.S.C. § 157(b); and venue in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that due and sufficient notice of the Application has been given and that no other or further notice is necessary; and upon the record of the hearing held by the Court on November 19, 2019; and there being no objections to the relief granted herein; and the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Application.

Court being satisfied, based on the representations in the Application and the Szlezinger Declaration, that Jefferies is "disinterested" as such term is defined in section 101(14) of the Bankruptcy Code and that Jefferies neither holds nor represents an interest adverse to the Debtors, the Committee or the Debtors' estates with respect to the matters upon which it is to be engaged; and it appearing that the terms of Jefferies compensation set forth in the Engagement Letter, as modified hereby, are reasonable for purposes of section 328(a) of the Bankruptcy Code; and the Court having determined that the relief requested in the Application is necessary in the best interests of the Debtors' unsecured creditors and estates; and after due deliberation and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Application is granted as set forth herein.

2. Pursuant to sections 328(a) and 1103 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1, the Committee is authorized to employ and retain Jefferies as its investment banker in these Chapter 11 Cases, pursuant to the terms and subject to the conditions set forth in the Engagement Letter and this Order, *nunc pro tunc* to October 4, 2019.

3. Except to the extent set forth herein, the Engagement Letter, including, without limitation, the Fee and Expense Structure, is approved pursuant to section 328(a) of the Bankruptcy Code, and the Debtors are authorized to pay, reimburse, and indemnify Jefferies in accordance with the terms and conditions of, and at the times specified in, the Engagement Letter, unless modified herein.

4. Jefferies shall file monthly, interim and final applications for allowance of compensation and reimbursement of expenses, and be paid in connection therewith, pursuant to

and in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, as the case may be; and the applicable Bankruptcy Rules, Local Bankruptcy Rules, and fee and expense guidelines and orders of this Court; <u>provided</u>, <u>however</u>, that, notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, any applicable procedures and orders of the Court or any guidelines regarding the submission and approval of fee applications, Jefferies' professionals shall be required only to keep reasonably detailed summary time records in half-hour increments, which time records shall indicate the total hours incurred by each professional for each day and provide a brief description of the nature of the work performed.

5. Notwithstanding anything herein to the contrary, the fees and expenses payable to Jefferies pursuant to the Engagement Letter shall be subject to review pursuant to the standards set forth in section 328(a) of the Bankruptcy Code and shall not be subject to the standard of review set forth in section 330 of the Bankruptcy Code, except that the U.S. Trustee shall retain the right and be entitled to object to Jefferies' fees and expenses based on the reasonableness standard provided for in section 330 of the Bankruptcy Code.

6. Notwithstanding anything in the Application or the Engagement Letter to the contrary, to the extent that Jefferies uses the services of independent contractors or subcontractors (the "**Contractors**") in these Chapter 11 Cases and Jefferies seeks to pass through the fees and/or costs of the Contractors to the Debtors, Jefferies shall (a) pass through the fees of such Contractors to the Debtors at the same rate that Jefferies pays the Contractors; (b) seek reimbursement for actual costs of the Contractors only; and (c) use commercially reasonably efforts to ensure that the Contractors perform conflict checks required by Bankruptcy Rule 2014 and file with the Court such disclosures as required by Bankruptcy Rule 2014.

7.     The Committee shall use its reasonable efforts to coordinate with Jefferies to avoid duplication of services provided by any of the Committee's other retained professionals in the Chapter 11 Cases.

8.     The indemnification provisions set forth in the Engagement Letter are approved, subject during the pendency of the Debtors' chapter 11 cases to the following:

(a)    Subject to the provisions of subparagraphs (b), (c) and (d) below, the Debtors are authorized to indemnify, and to provide contribution and reimbursement to, and shall indemnify, and provide contribution and reimbursement to, the Indemnified Persons (as defined in the Engagement Letter) in accordance with the Engagement Letter for any claim arising from, related to, or in connection with the services provided for in the Engagement Letter.

(b)    Notwithstanding subparagraph (a) above or any provisions of the Engagement Letter to the contrary, all requests of Indemnified Persons for payment of indemnity, contribution, or otherwise under the Engagement Letter shall be made by means of an interim or final fee application and shall be subject to the approval of, and review by, the Court to ensure that such payment conforms to the terms of the Engagement Letter, the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and the orders of this Court, and is reasonable based on the circumstances of the litigation or settlement in respect of which indemnity is sought; *provided* that in no event shall an Indemnified Person be indemnified or receive contribution to the extent that any claim arose or expense has resulted from any such losses finally judicially determined by a court of competent jurisdiction to have primarily resulted from the bad-faith, self-dealing, breach of fiduciary duty, if any, gross negligence, or willful misconduct on the part of that or any other Indemnified Person.

(c)    In no event shall an Indemnified Person be indemnified or receive contribution or other payment under the indemnification provisions of the Engagement Letter if the Debtors or a representative of the Debtors' estates asserts a claim for, and the Court determines by final order that such claim primarily arose out of, such person's bad-faith, self-dealing, breach of fiduciary duty, if any, gross negligence, or willful misconduct on the part of that or any other Indemnified Person.  Notwithstanding anything to the contrary contained in this paragraph 8 or the Engagement Letter, in no event shall Jefferies' liability, if any, in respect of the foregoing be capped.

(d)    In the event an Indemnified Person seeks reimbursement for attorneys' fees from the Debtors pursuant to the indemnification, contribution or other payment under the indemnification provisions of the Engagement Letter,

the invoices and supporting time records shall be subject to the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases and the approval of the Court under the standards of section 330 of the Bankruptcy Code without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

9. In the event that, during the pendency of these chapter 11 cases, Jefferies requests reimbursement for any attorneys' fees and/or expenses, the invoices and supporting time records from such attorneys shall be billed in one-tenth increments and included in Jefferies' fee applications, without the need for such legal counsel to be retained as a professional in these Chapter 11 Cases and without regard to whether such attorney's services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

10. To the extent that there may be any inconsistency between the terms of the Application, the Szlezinger Declaration, the Retention Declaration, the Engagement Letter and this Order, the terms of this Order shall govern.

11. Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application and the requirements of Bankruptcy Rule 6004(a) are satisfied by such notice.

12. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

13. The Committee is authorized to take all actions necessary to effectuate the relief granted in this Order.

14. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: November 21, 2019
       White Plains, New York

                                                  /s/ Robert D. Drain
                                                  THE HONORABLE ROBERT D. DRAIN
                                                  UNITED STATES BANKRUPTCY JUDGE