**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------------------------------------------

| | : | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| PURDUE PHARMA L.P., *et al*., | : | Case No. 19-23649 (RDD) |
| | : | |
| Debtors.[1] | : | (Jointly Administered) |
| | : | |

---------------------------------------------------------------------------------------------------------

**ORDER AUTHORIZING THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF PURDUE PHARMA L.P., *ET AL.* TO
RETAIN AND EMPLOY KURTZMAN CARSON CONSULTANTS LLC
AS INFORMATION AGENT, *NUNC PRO TUNC* TO NOVEMBER 1, 2019**

Upon the application dated November 5, 2019 (the "Application")[2] of the Official Committee of Unsecured Creditors (the "Committee") of Purdue Pharma L.P., *et al.* (collectively, the "Debtors") for entry of an order, pursuant to sections 105(a), 1102(b)(3) and 1103 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), authorizing the Committee to retain and employ Kurtzman Carson Consultants LLC ("KCC") as information agent in connection with the Debtors' chapter 11 cases (the "Chapter 11 Cases"), and upon the declaration of Evan Gershbein, dated November 5, 2019 (the "Gershbein Declaration") and the declaration of Brendan Stuhan, not in his individual capacity but solely on behalf of Blue Cross and Blue Shield Association, in

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Capitalized terms not defined herein have the meanings ascribed to such terms in the Application.

its capacity as co-chair of the Committee, dated November 5, 2019 (the "Stuhan Declaration" and, together with the Gershbein Declaration, the "Declarations"); and, after due and sufficient notice of the Application, there being no objections to the requested relief; and upon the record of the hearing held on November 19, 2019; and the Court finding, based on the representations made in the Application and the Declarations, that KCC does not hold or represent any interest adverse to the Committee or the Debtors' estates with respect to the matters upon which it is to be engaged, that it is a "disinterested person," as that term is defined in Bankruptcy Code section 101(14), as modified by Bankruptcy Code section 1107(b), and that its employment is necessary and in the best interests of the Debtors, their creditors and their estates; and it appearing that no other notice need be given; and after due deliberation and good and sufficient cause appearing therefor, it is hereby **ORDERED THAT**:

1. The relief requested in the Application is granted as set forth herein.

2. In accordance with Bankruptcy Code sections 328(a) and 1103(a), Bankruptcy Rule 2014(a) and Local Bankruptcy Rule 2014-1 the Committee is hereby authorized and empowered to retain and employ KCC as its information agent in these cases under chapter 11 of the Bankruptcy Code on the terms set forth in the Application, the Gershbein Declaration and the KCC Agreement, effective *nunc pro tunc* to November 1, 2019.

3. KCC will file monthly Fee Statements and interim and final Fee Applications in accordance with the procedures set forth in Bankruptcy Code sections 330 and 331, as the case may be, and the applicable Bankruptcy Rules, Local Rules, and fee and expense guidelines and orders of the Court.

4. The limitation of liability section in Section VIII of the KCC Agreement is deemed to be of no force or effect with respect to the services to be provided pursuant to this Order.

5. KCC shall file a supplemental declaration with this Court and give not less than 10 business days' notice to the Debtors, the U.S. Trustee, and the Committee prior to implementing any increases in the rates set forth in the KCC Agreement in this case. The supplemental declaration shall explain the basis for the requested rate increases in accordance with Bankruptcy Code section 330(a)(3)(F) and state whether the Committee has consented to the rate increase.

6. KCC shall use its reasonable best efforts to avoid any duplication of services provided by any of the other Committee Professionals and by the Debtors' noticing and information agent in these Chapter 11 Cases.

7. The Committee is authorized to take all actions necessary to effectuate the relief granted pursuant to this order in accordance with the Application.

8. To the extent of any inconsistency between the KCC Agreement and this Order, this Order shall govern.

9. Notwithstanding any stay that might be imposed by Bankruptcy Rule 6004(h) or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this order.

Dated: White Plains, New York
      November 21, 2019

      /s/ Robert D. Drain
      THE HONORABLE ROBERT D. DRAIN
      UNITED STATES BANKRUPTCY JUDGE