**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19- 19-23649 (RDD)** |
| **Debtors.** [1] | **(Jointly Administered)** |

**FINAL ORDER AUTHORIZING (I) DEBTORS TO CONTINUE TO USE
EXISTING CASH MANAGEMENT SYSTEMS AND MAINTAIN
EXISTING BANK ACCOUNTS AND
BUSINESS FORMS AND (II) FINANCIAL INSTITUTIONS
TO HONOR AND PROCESS RELATED CHECKS AND TRANSFERS**

Upon the motion (the "**Motion**")[2] of Purdue Pharma L.P. and its affiliates that are debtors

and debtors in possession in these cases (collectively, the "**Debtors**") for entry of an interim order

and a final order (this "**Order**") authorizing, but not directing, (i) the Debtors to continue to use

their existing cash management system and maintain existing bank accounts and business forms

and (ii) financial institutions to honor and process related checks and transfers pursuant to

sections 105(a), 345, 363(c)(1) and 364(a) of the Bankruptcy Code; and the Court having

jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-

(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012

(Preska, C.J.); and consideration of the Motion and the relief requested therein being a core

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to such term in the Motion.

proceeding under 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28

U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it

appearing that no other or further notice need be provided; and the Court having reviewed the

Motion and held an interim hearing and a final hearing on November 19, 2019, to consider the

relief requested in the Motion on a final basis (the "**Hearing**"); and upon the U.S. Trustee's limited

objection to the Motion; and upon the Lowne Declaration, filed contemporaneously with the

Motion, the supplemental declaration of Jon Lowne in support of the Motion, and the record of the

Hearing; and after due deliberation and for the reasons stated by the Courrt in its bench ruling at

the Hearing, the Court having determined that the legal and factual bases set forth in the Motion

and at the Hearing establish good and sufficient cause for the relief granted herein; and the Court

having determined that such relief is in the best interests of the Debtors, their estates, creditors and

all parties in interest; now, therefore,

**IT IS HEREBY ORDERED THAT**

1.      The Motion is granted on a final basis as set forth herein.

2.      The Debtors are authorized and empowered, pursuant to sections 105(a) and

363(c)(1) of the Bankruptcy Code, to continue to maintain, operate and make transfers under their

Cash Management System as described in the Motion.

3.      In accordance with their prepetition practices, the Debtors shall maintain records of

all transfers within the Cash Management System to the same extent they were recorded by the

Debtors before the commencement of these chapter 11 cases.  As a part thereof, each Debtor shall

record in its books and records any transfer made by such Debtor to or for the benefit of any other

Debtor that occurs on or after the Petition Date (a "**Post-Petition Transfer**").  The Debtors shall

provide reasonable access to such records to the Official Committee of Unsecured Creditors (the

"**Committee**") and the Ad Hoc Committee under its appearance filed at Docket No. 147 (the "**Ad Hoc Committee**") upon request and shall provide the Committee and the Ad Hoc Committee with a copy of any written post-petition intercompany agreements as soon as reasonably practicable.

4.      The Debtors shall not make intercompany transfers to non-debtor affiliates except for payments for goods and services made in the ordinary course of business and consistent with past practice to independent associated companies ("**IACs**"), provided, however, the Debtors shall record all payments made to IACs and shall provide the Committee and the Ad Hoc Committee with (i) such records and (ii) estimates of payments due to IACs in the next 30 days on a monthly basis by no later than the 15th of the following month; provided, further, that the Debtors shall provide the Committee and the Ad Hoc Committee with no less than five (5) business days' prior notice of any proposed payment to any IAC in excess of amounts historically paid to such AIC for the relevant goods and services, and the Debtors shall not make any such payment without the consent of the Committee and the Ad Hoc Committee or Court approval.

5.      Any Debtor that makes a Post-Petition Transfer to or for the benefit of another Debtor shall be granted a superpriority administrative expense claim as provided for in section 507(b) of the Bankruptcy Code.

6.      Pursuant to section 364(a) of the Bankruptcy Code, the Debtors are authorized, in connection with the ordinary course operation of their Cash Management System, to obtain unsecured credit and incur unsecured debt in the ordinary course of business without any further notice or hearing.

7.      The Debtors are authorized to continue to maintain the Bank Accounts with the same account numbers following the commencement of these cases.

8.      The Banks are authorized to continue to treat, service and administer the Bank Accounts as accounts of the respective Debtor as a debtor in possession without interruption and in the usual and ordinary course and to receive, process and honor and pay any and all post-petition checks, drafts, book transfers, wires or automated clearinghouse transfers ("**ACH Transfers**") drawn on the Bank Accounts by the holders or makers thereof, as the case may be, to the extent the Debtors have good funds standing to their credit with such Bank.

9.      Notwithstanding anything to the contrary in any other order of this Court, the Banks (a) are authorized to accept and honor all representations from the Debtors as to which checks, drafts, book transfers, wires or ACH Transfers should be honored or dishonored, consistent with any order of this Court and governing law, whether such checks, drafts, book transfers, wires or ACH Transfers are dated prior to, on or subsequent to the Petition Date, and whether the Banks believe the payment is or is not authorized by an order of this Court and (b) have no duty to inquire as to whether such payments are authorized by an order of this Court.

10.      The Banks shall not be liable to any party on account of (a) following the Debtors' instructions or representations as to any order of this Court, (b) the honoring of any prepetition check or item in a good-faith belief that the Court has authorized such prepetition check or item to be honored or (c) an innocent mistake made despite implementation of reasonable item-handling procedures.

11.      In accordance with current practice and the agreement governing the Bank Accounts, the Banks are authorized to "charge back" to the Debtors' accounts any amounts incurred by the Banks resulting from returned checks or other returned items, and the Debtors are authorized to pay any fees and expenses owed to the Banks, in each case regardless of whether such items were deposited prepetition or post-petition or relate to prepetition or post-petition items.

4

#92454879v12

12.     Any payment from a Bank Account at the request of the Debtors made by a Bank prior to the Petition Date (including any ACH Transfers such Bank is or becomes obligated to settle), or any instruments issued by such Bank on behalf of any Debtor pursuant to a "midnight deadline" or otherwise, shall be deemed to be paid prepetition, whether or not actually debited from the Bank Account prepetition.

13.     The Debtors are authorized to implement changes to the Cash Management System in the ordinary course of business, including opening any additional bank accounts, or closing any existing Bank Account as they may deem necessary and appropriate; *provided* that the Debtors shall, as soon as practicable, provide notice to the relevant Bank, the Committee, the Ad Hoc Committee and the U.S. Trustee of any opening or closing of any Bank Accounts or other bank accounts.

14.     The Banks are authorized to honor the Debtors' requests to open or close, as the case may be, such Bank Accounts or additional bank accounts; *provided*, *however*, that, unless otherwise ordered by this Court, any new bank account shall be with (i) in the case of accounts that may carry average monthly balances less than or equal to the FDIC insurance limit with respect to such accounts, any bank insured by the FDIC and that is organized under the laws of the United States or any State therein, (ii) any bank designated as an Authorized Depository under the U.S. Trustee Guidelines, or (iii) any other bank, as the Debtors may determine upon consultation with the Committee, the Ad Hoc Committee and the U.S. Trustee.

15.     Nothing contained herein shall prevent Banks from modifying or terminating any Bank Accounts or related services in accordance with the agreements governing such accounts or services.

#92454879v12

16.     Notwithstanding anything to the contrary herein, the Debtors are authorized to migrate the Cash Management System from JPMorgan to East West Bank (or such other bank as the Debtors deem appropriate in compliance with the terms of this Order and in consultation with the Committee, the Ad Hoc Committee and the U.S. Trustee) and to take any actions that are necessary or desirable to effectuate such migration.

17.     The Debtors are authorized to continue to use their correspondence and business forms, including, but not limited to, purchase orders, letterhead, envelopes, promotional materials, checks and other business forms (collectively, the "**Business Forms**") substantially in the forms existing immediately before the Petition Date, without reference to their status as debtors in possession; *provided*, *however*, that as soon as reasonably practicable, the Debtors shall mark "Debtors in Possession" and the chapter 11 case number under which these cases are being jointly administered on any newly printed check stock.  To the extent reasonably practicable, the Debtors shall also print such legend on Business Forms and checks that are electronically generated during these chapter 11 cases.

18.     To the extent the Debtors' Investment Accounts are not compliant with Bankruptcy Code section 345, the requirements of Bankruptcy Code section 345(b) are hereby waived on a final basis.

19.     The contents of the Motion and the notice procedures set forth therein are good and sufficient notice and satisfy the Bankruptcy Rules and the Local Bankruptcy Rules for the Southern District of New York, and no other or further notice of the Motion or the entry of this Order shall be required.

20.     Any Bankruptcy Rule (including, but not limited to, Bankruptcy Rule 6004(h)) or Local Rule that might otherwise delay the effectiveness of this Order is hereby waived, for cause,

#92454879v12

and the terms and conditions of this Order shall be effective immediately and enforceable upon its

entry.

21.     The Debtors are authorized to take all such actions as are necessary or appropriate

to implement the relief granted in this Order.

22.     The Court shall retain jurisdiction to hear and determine all matters arising from or

related to the implementation, interpretation and enforcement of this Order.


Dated: November 25  , 2019
         White Plains, New York


                                         /s/Robert D. Drain
                                         THE HONORABLE ROBERT D. DRAIN
                                         UNITED STATES BANKRUPTCY JUDGE

#92454879v12