UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| PURDUE PHARMA L.P., *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

### ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP AS SPECIAL COUNSEL FOR THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE

Upon the application, dated November 5, 2019 (ECF No. 438) (the "**Application**"),[2] of Purdue Pharma L.P. and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to section 327(e) of title 11 of the United States Code (the "**Bankruptcy Code**"), Bankruptcy Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), for entry of an order authorizing the Debtors to retain Skadden, Arps, Slate, Meagher & Flom LLP ("**Skadden**") as special counsel to the Debtors with respect to the Services, effective *nunc pro tunc* to the Petition Date, all as more fully set forth in the Application; and upon the declaration of Patrick Fitzgerald, attached to the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P., Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014).  The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Capitalized terms used but not defined in this Order shall have the meanings ascribed to them in the Application.

Application as Exhibit B (the "**Fitzgerald Declaration**") and the declaration of Marc L. Kesselman, attached to the Application as Exhibit C (the "**Kesselman Declaration**"), and this Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due notice of the Application having been provided to the Notice Parties, such notice having been adequate under the circumstances, and it appearing that no other or further notice need be provided; and upon the limited objection of the United States Trustee to the Application; and this Court having held a hearing on the Application on November 19, 2019; and the Court having determined that the relief sought in the Application is in the best interests of the Debtors, their creditors, and all parties in interest, and that Skadden does not hold or represent any interest adverse to the Debtors or to their estates with respect to the matters on which Skadden is being employed, and that the legal and factual bases set forth in the Application establish good and sufficient cause for the relief granted herein; now, therefore,

**IT IS HEREBY ORDERED THAT**:

1. The Application is granted as set forth herein.

2. The Debtors are authorized to retain Skadden as special counsel to the Debtors with respect to the Advice Matters, Governmental Investigation Matters, and Litigation Matters, effective *nunc pro tunc* to the Petition Date, and Skadden is authorized to perform the Services described in the Application.

3. Skadden shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Services in compliance with sections 330 and 331 of the Bankruptcy Code, as the case may be, and the applicable Bankruptcy Rules, Local Rules, and fee and expense guidelines and orders of the Court.

4. The Retainer shall be treated as an evergreen retainer and may be held by Skadden as security throughout these chapter 11 cases.

5. Skadden shall provide reasonable notice to the Debtors, the U.S. Trustee and any statutory committee appointed in these chapter 11 cases before implementing any annual increases in the rates set forth in the Application for professionals providing the Services.

6. Skadden shall use best efforts not to duplicate services provided by the Debtors' other professionals

7. The Debtors are authorized to take all reasonable actions necessary to effectuate the relief granted in this Order in accordance with the Application.

8. In the event of any inconsistency between the Application and this Order, the terms of this Order shall govern.

9. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated:    November 25, 2019
         White Plains, New York

/s/Robert D. Drain
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE