OFFICE OF THE ATTORNEY GENERAL OF MARYLAND
Brian E. Frosh, Attorney General
Brian T. Edmunds
Sara E. Tonnesen
200 Saint Paul Place
Baltimore, Maryland 21202
(410) 576-6300

*Counsel for the State of Maryland*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>PURDUE PHARMA L.P., *et al.,* [1]<br>Debtors. | Chapter 11<br><br>Case No. 19-23649 (RDD)<br><br>(Jointly Administered)<br><br>Hearing Date: December 4, 2019<br>Hearing Time: 2:00 p.m. |

**STATE OF MARYLAND'S ADDITIONAL STATEMENT**
**WITH RESPECT TO THE PAYMENT OF BONUSES UNDER PURDUE'S**
**WAGE MOTION [ECF DOCKET No. 6] TO ANY**
**RECIPIENT WHO PARTICIPATED IN DEBTORS' UNLAWFUL CONDUCT**

To the Honorable Robert D. Drain, United States Bankruptcy Judge:

The State of Maryland, a member of the Ad Hoc Committee of Non-Consenting States ("Committee"), respectfully joins the Committee's Statement Maintaining Its Objection To Purdue's Wage Motion (ECF Docket No. 557) ("Committee Statement"), objecting to the payment of bonuses to Purdue's chief executive officer, Mr. Landau.  Maryland writes separately

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

1

to emphasize that it does not withdraw, but maintains and reserves the right to later pursue, its objections regarding the payment of bonuses to any other employee who participated in Debtors' widely acknowledged scheme of illegal conduct. Furthermore, Maryland respectfully requests, consistent with discussion at the October 10, 2019 hearing, that any order of the Court should prevent Debtors' from paying bonuses to employees whom Debtors reasonably should know engaged in or are engaging in misconduct. Tr., Oct. 10, 2019 at 108.

Maryland further states:

1.      The same principles that prevent Debtors from granting bonuses to Mr. Landau equally prevent debtors from rewarding other individuals who may have engaged in unlawful conduct in the marketing and sale of Debtors' opioids. *See generally* Committee Statement at 4-7. As the Court noted at the October 10, 2019 hearing, there is a legitimate concern that Debtors should not further incentivize the very conduct that has resulted in an opioid crisis and injured Debtors' creditors and the public generally. Tr., Oct. 10, 2019 at 107-108, 120:17-122:10.

2.      The limited information provided to the States at this time does not, as the Committee observes, permit the ready identification of individuals, other than Mr. Landau, who should not be paid bonuses. Committee Statement ¶ 3. Maryland therefore maintains its objections to the payment of bonuses to any Purdue employees who broke the law, a position that is fundamental to the States' ability to make the public whole and to deter future wrongdoing. Maryland plans to continue to examine these issues and may further advance its objections if and when it comes to light that other proposed bonus recipients engaged in the unlawful conduct that has widely been recognized. *See, e.g.,* Order Pursuant to 11 U.S.C. §§ 105(a) & 363 Approving the Postpetition Severance Program, Authorizing the Debtors to Pay and Honor Severance Obligations Under the Postpetition Severance Program, and Granting

Related Relief, *In re Insys Therapeutics* (Bankr. Del. Sept. 19, 2019) *(*Exhibit A) (requiring that severance not be paid to those who engaged in wrongful conduct and imposing requiring an investigation protocol reached by agreement of the debtors and certain creditors, including the unsecured creditors' committee and several States, including Maryland).

3.   At this point, Maryland cannot press any additional specific objections to particular empoyees' bonuses.  Maryland respectfully requests, however, that the Court make clear in any order that Debtors are obligated to conduct a reasonably diligent investigation into the conduct of the individuals to whom bonuses are proposed and to not pay bonuses to those whom Debtors determine participated in or are participating in misconduct.[2]  *See* Tr., Oct. 10, 2019, at 107-109 (the Court and debtors discussing including language that would prevent the award of compensation incentivizing ongoing misconduct).  Any order approving bonuses to Purdue employees should not be used to reward with estate property wrongdoers who engaged in or are engaging misconduct.  Preventing such problematic incentives vindicates the law, preserves overall value to the estate, and prevents further injury to creditors and to the public, which would clearly undermine Debtors' successful reorganization and emergence from bankruptcy.

WHEREFORE, the State of Maryland respectfully requests that the Court deny or otherwise defer final approval of the Wage Motion as it relates to Craig Landau and any other employees who engaged in debtors' unlawful conduct in the sale of prescription opioids.  To

---

[2]   It bears noting that some of the bonus programs – including those that debtors' describe as having existed "for decades" – are the very programs that have been alleged to have rewarded bad behavior and to have contributed to the opioid crisis.  *See* Motion [CMF Docket No. 6] ¶¶ 37, 38 (noting that the annual incentive plan "has been in place substantially in its current form for over thirty years) and that the long-term results plan "has been in place substantially in its current form for nearly twenty years" and referring to all incentive plans as "longstanding").  Various initial pleadings in litigation across the country, including Maryland's, have repeatedly noted how these incentive programs were utilized to reward the illegal conduct that gave rise to the opioid crisis.  Bad actors who participated in misconduct should not continue to have their bad conduct incentivized.  The prospect of such incentives is inconsistent with the maximization of the estate and the avoidance of further harm to creditors and the public generally.

3

further protect the public and Debtors' reorganization, the Court should additionally impose in any order the requirement that Debtors satisfy their obligation to prevent further incentivizing unlawful conduct like the conduct that led to Debtors' bankruptcy.

Dated:  December 2, 2019                Respectfully submitted,

                                               BRIAN E. FROSH
                                               Attorney General of Maryland

                                               /s/ Brian T. Edmunds
                                               BRIAN T. EDMUNDS (*pro hac vice*)
                                               SARA E. TONNESEN (*pro hac vice*)
                                               Assistant Attorneys General

                                               Office of the Attorney General of Maryland
                                               200 Saint Paul Place
                                               Baltimore, Maryland 21202
                                               (410) 576-6578 (Edmunds)
                                               (410) 576-6349 (Tonnesen)
                                               (410) 576-6566 (Facsimile)
                                               bedmunds@oag.state.md.us
                                               stonnesen@oag.state.md.us

                                               *Counsel for the State of Maryland*

## CERTIFICATE OF SERVICE

  I, Brian T. Edmunds, hereby certify that on December 2, 2019, I caused a copy of the State of Maryland's Additional Statement With Respect to the Payment of Bonuses Under Purdue's Wage Motion [ECF Docket No. 6] To Any Recipient Who Participated in Debtors' Unlawful Conduct to be served on all parties via the Court's ECF system.

            /s/ Brian T. Edmunds