UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| In re:<br><br>PURDUE PHARMA L.P., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 19-23649 (RDD)<br><br>(Jointly Administered) |
|---|---|

## AFFIDAVIT AND DISCLOSURE STATEMENT OF ANN V. KRAMER,

## ON BEHALF OF REED SMITH LLP.

STATE OF NEW YORK     )
                                         ) s.s.:
COUNTY OF NEW YORK  )

Ann V. Kramer, being duly sworn, upon his oath, deposes and says as follows:

1. I am a partner in the firm of Reed Smith LLP, located at 599 Lexington Avenue, New York, New York (the "**Firm**").

2. Purdue Pharma L.P. and its affiliates that are debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), have requested that the Firm provide services to the Debtors, and the Firm has consented to provide such services (the "**Services**").

3. The Services include, but are not limited to, the following: Advice and counseling with regard to insurance matters involving the Debtors, including both claims and

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

insurance placement; representation of Debtors in connection with litigation and/or arbitrations with its insurance companies regarding coverage for claims under insurance policies under which the Debtors may be insured.

4. The Firm may have performed services in the past and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties in interest in the Debtors' chapter 11 cases. As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be claimants or employees of the Debtors, or other parties in interest in these chapter 11 cases. Except as provided on Exhibit A, the Firm does not perform services for any such person in connection with these chapter 11 cases. With respect to such representations, the Firm has instituted Ethical Walls between such representations and the Firm's representation of the Debtors. In addition, the Firm does not have any relationship with any such person, such person's attorneys, or such person's accountants that would be adverse to the Debtors or their estates with respect to the matters on which the Firm is to be retained.

5. Neither I, nor any principal of, or professional employed by the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than principals and regular employees of the Firm.

6. Neither I nor any principal of, or professional employed by the Firm, insofar as I have been able to ascertain, holds or represents any interest materially adverse to the Debtors or their estates with respect to the matters on which the Firm is to be retained. While the Firm represents many of the Debtors' creditors and other parties in interest, the Firm does not represent any of the Debtors' insurers which are the only parties relevant to the Firm's retention.

7. As of the commencement of this chapter 11 case, the Debtors owed the Firm $32,638.82 in respect of prepetition services rendered to the Debtors.

8. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of this inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Affidavit.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Affidavit and Disclosure Statement was executed on December 3, 2019, at New York, New York.

_____
Ann V. Kramer

SWORN TO AND SUBSCRIBED before
Me this 3rd day of December, 2019

_____
Notary Public

BETZAIDA TORRES
Notary Public, State of New York
No. 01TO6296664
Qualified in Westchester County
Commission Expires 2/10/20__

EXHIBIT A

<u>Reed Smith LLP representation of Parties-in-Interest in these chapter 11 cases</u>

1. AmerisourceBergen Drug Corporation and its affiliates, subsidiaries and parent corporations as Unsecured Creditor and Customer

2. Colorcon Inc. as a Vendor

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>**PURDUE PHARMA L.P.,** *et al.,*<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 19-23649 (RDD)<br><br>(Jointly Administered) |

## RETENTION QUESTIONNAIRE

TO BE COMPLETED BY PROFESSIONALS EMPLOYED by Purdue Pharma L.P. and its affiliates that are debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors").

All questions **must** be answered. Please use "none," "not applicable," or "N/A," as appropriate. If more space is needed, please complete on a separate page and attach.

1. Name and address of professional:

   Reed Smith LLP, 599 Lexington Avenue, New York, New York 10022

2. Date of retention: September 16, 2019 [original retention February 1, 2008]

3. Type of services to be provided:

   Legal Services

4. Brief description of services to be provided:

   (a) Advice and counseling with regard to insurance matters involving the Debtors, including both claims and insurance placement;

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

(b) Representation of Debtors in connection with litigation and/or arbitrations with its insurance companies regarding coverage for claims under insurance policies under which the Debtors may be insured.

5. Arrangements for compensation (hourly, contingent, etc.):

Hourly

(a) Average hourly rate (if applicable):

$717 (among all timekeepers)

(b) Estimated average monthly compensation based on prepetition retention (if company was employed prepetition):

$100,000

6. Prepetition claims against the Debtors held by the company:

Amount of claim: $ $32,638.82

Date claim arose: September 30, 2019

Nature of claim: Legal services

7. Prepetition claims against the Debtors held individually by any member, associate, or employee of the company:

Name: None

Status: N/A

Amount of claim: N/A

Date claim arose: N/A

Nature of claim: N/A

8. Disclose the nature and provide a brief description of any interest adverse to the Debtors or to their estates for the matters on which the professional is to be employed:

None

9. Disclose whether the professional currently represents any of the Debtors' existing shareholders, including trusts, beneficiaries, companies, affiliates, family members and any similar related parties (together, the "**Shareholder Parties**"), and/or any entity owned or controlled by any Shareholder Party (in each case other than any Debtor), and whether any Shareholder Party or any entity owned or controlled by any Shareholder Party (other than any Debtor) accounted for more than 1% of the professionals' annual revenue for any of

the last five years. If so, describe what ethical walls or other protections are in place with regard to the concurrent representations.

Reed Smith currently represents certain Shareholder Parties listed on Exhibit 1 solely with respect to insurance matters. In no case (nor in the aggregate) does such representation account for more than 1% of Reed Smith's annual revenue for any of the last five years. Due to the fact that in many cases the insurance is shared between Debtors and Shareholder Parties, no ethical walls have been implemented with respect to these matters.

10. Name and title of individual completing this form:

Ann V. Kramer, Partner

Dated: December 3, 2019

EXHIBIT 1

Reed Smith LLP representation of certain Shareholder Parties

1. ONE STAMFORD REALTY L.P.

2. PHARMACEUTICAL RESEARCH ASSOCIATES, INC.

3. PURDUE PHARMA CANADA

4. PURDUE PHARMA TECHNOLOGIES, INC.

5. THE PURDUE FREDERICK COMPANY