**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (RDD)** |
| Debtors.[1] | **(Jointly Administered)** |

## NOTICE OF MOTION AND HEARING

**PLEASE TAKE NOTICE** that PJT Partners LP ("**PJT**"), proposed investment banker to Purdue Pharma L.P. and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), will present *PJT Partners LP's Motion for Entry of an Order Authorizing Certain Confidential Information Related to PJT Partners LP's Retention Application to be Filed Under Seal* (the "**Motion**"). A hearing on the Motion will be held on **December 19, 2019 at 2:00 pm (Prevailing Eastern Time)** (the "**Hearing**") before the Honorable Judge Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, at the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York, 10601 (the "**Bankruptcy Court**").

**PLEASE TAKE FURTHER NOTICE** that the Hearing may be continued or adjourned thereafter from time to time without further notice other than an announcement of the adjourned

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

date or dates at the Hearing or a later hearing. The Debtors will file an agenda before the Hearing, which may modify or supplement the motions to be heard at the Hearing.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the relief requested in the Motion, if any, shall comply with the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, shall be filed with the Bankruptcy Court (a) by attorneys practicing in the Bankruptcy Court, including attorneys admitted *pro hac vice,* electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) and (b) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with General Order M-399 and the *Second Amended Order Establishing Certain Notice, Case Management and Administrative Procedures,* entered on November 18, 2019 [Docket No. 498], so as to be filed and received no later than **December 16, 2019 at 4:00 pm** (**Prevailing Eastern Time**) (the "**Objection Deadline**").

**PLEASE TAKE FURTHER NOTICE** that any objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted upon default.

**PLEASE TAKE FURTHER NOTICE** that if no objections are timely filed and served with respect to the Motion, PJT may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Motion, which order may be entered without further notice or opportunity to be heard.

Dated: December 5, 2019
New York, New York

/s/ *Elisha D. Graff*
**SIMPSON THACHER & BARTLETT LLP**
Elisha D. Graff
Jamie J. Fell
425 Lexington Avenue
New York, New York 10017
Telephone: (212) 455-2000
Facsimile: (212) 455-2502
Email: egraff@stblaw.com
       jamie.fell@stblaw.com

*Counsel for PJT Partners LP*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (RDD)** |
| **Debtors.**[1] | **(Jointly Administered)** |

**PJT PARTNERS LP'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING
CERTAIN CONFIDENTIAL INFORMATION RELATED TO PJT PARTNERS LP'S
RETENTION APPLICATION TO BE FILED UNDER SEAL**

PJT Partners LP ("**PJT**"), proposed investment banker to the debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), hereby files this motion (this "**Motion**") seeking entry of an order, substantially in the form attached hereto as **Exhibit A**, pursuant to sections 105(a) and 107(b) of title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (the "**Bankruptcy Code**") and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), granting permission to redact and file under seal the *Supplemental Declaration of Timothy Coleman in Support of the Debtors' Application to Employ PJT Partners LP as Investment Banker* Nunc Pro Tunc *to the Petition Date* (the "**Supplemental Coleman Declaration**"), and in support thereof respectfully submits the following:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

**Jurisdiction and Venue**

1. The United States Bankruptcy Court for the Southern District of New York (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and, pursuant to Bankruptcy Rule 7008, PJT consents to entry of a final order by the Court in connection with the Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The legal predicates for the relief requested herein are sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 9018-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**").

**Background**

4. On November 5, 2019, the Debtors filed the *Debtors' Application to Employ PJT Partners LP as Investment Banker* Nunc Pro Tunc *to the Petition Date* [Docket No. 430] (the "**Retention Application**"), the *Declaration of Timothy Coleman in Support of the Debtors' Application to Employ PJT Partners LP as Investment Banker* Nunc Pro Tunc *to the Petition Date* (attached as Exhibit B to the Retention Application) (the "**Coleman Declaration**") and the *Declaration of Tara Flanagan in Support of the Debtors' Application to Employ PJT Partners LP as Investment Banker* Nunc Pro Tunc *to the Petition Date* (attached as Exhibit C to the Retention Application) (the "**Flanagan Declaration**"). On November 14, 2019, the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") filed an objection (the

2

"**Objection**")[2] seeking denial of the Retention Application on the grounds that PJT had failed to disclose the identity of one advisory client that has engaged PJT in a confidential matter that is wholly unrelated to the Debtors and these chapter 11 cases, despite the fact that PJT disclosed the existence of this connection and even provided certain details concerning this confidential engagement that made clear the connection of PJT's other client to the Debtors is not remotely material.

5.  Pursuant to Bankruptcy Rule 2014(a), the original Flanagan Declaration disclosed PJT's connections to over 70 potential parties-in-interest and/or affiliates thereof. However, to protect commercially sensitive Confidential Client Information (as defined below), the Flanagan Declaration did not disclose the name of one potential party-in-interest and/or affiliates thereof with which PJT has a confidential engagement.

6.  In an effort to avoid unnecessary motion practice and ensure the satisfaction of relevant disclosure requirements while still upholding its confidentiality obligations, PJT offered to disclose the Confidential Client Information to the U.S. Trustee and to reaffirm that the engagement is unrelated to these chapter 11 cases and that the claim held by the client against the Debtors is for an immaterial amount. Despite the fact that this should be more than adequate to satisfy the U.S. Trustee that PJT is disinterested for purposes of its retention under section 327 of the Bankruptcy Code, the U.S. Trustee has insisted that the disclosure be filed on the docket and a motion be made pursuant to section 107 if PJT wished to maintain the confidentiality of its client's identity.

7.  Accordingly, PJT has filed this Motion to ensure the protection of the Confidential Client Information. Contemporaneously herewith, PJT has filed the Supplemental

---

[2] *Objection of the United States Trustee to Entry of Order Approving the Retention of PJT Partners LP as Investment Banker for the Debtors* [Docket No. 471].

3

Coleman Declaration, which provides additional information regarding the identified confidential engagement that constitutes the Confidential Client Information. A redacted version of the Supplemental Coleman Declaration has been publicly filed in accordance with Local Rule 9018-1.

8.    As disclosed in the Flanagan Declaration and the Supplemental Coleman Declaration, the confidential engagement is unrelated to the Debtors or their chapter 11 cases, and the outstanding pre-petition claim held by PJT's confidential client against the Debtors is approximately $130,000. This claim is not significant to either the Debtors or PJT's other client, and PJT's retention by its other client is not related in any way to prosecution of this claim against the Debtors. Therefore, this connection does not preclude PJT from meeting the disinterestedness standard under Section 327(a) of the Bankruptcy Code.

## Relief Requested

9.    By this Motion, PJT seeks entry of an order (the "**Proposed Order**"), substantially in the form attached hereto as **Exhibit A**, (i) authorizing PJT to redact and file under seal the confidential advisory client's name (as defined and described herein, the "**Confidential Client Information**") in connection with the Retention Application and (ii) granting related relief.

## Basis for Relief

10.    Pursuant to section 107(b) of the Bankruptcy Code, a bankruptcy court must protect entities from potential harm that may result from the disclosure of certain confidential information. 11 U.S.C. § 107(b). Specifically, section 107(b)(1) provides, in relevant part:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

4

11. Likewise, Bankruptcy Rule 9018 provides that "[o]n motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information...." Fed. R. Bankr. P. 9018.

12. Additionally, Section 105(a) of the Bankruptcy Code codifies the inherent equitable powers of bankruptcy courts and empowers them to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

13. In determining whether to grant relief under section 107(b), "[t]he court determines whether the subject [information] fall[s] within the provisions of § 107(b) and the appropriate remedy if they do." *In re Barney's Inc.,* 201 B.R. 703, 707 (Bank. S.D.N.Y. 1996). If the material sought to be protected satisfies one of the categories identified in section 107(b) of the Bankruptcy Code, "the court is *required* to protect a requesting party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994) (emphasis in original). Courts are required to provide such protections "generally where open inspection may be used as a vehicle for improper purposes." *Orion Pictures*, 21 F.3d at 27. Indeed, the "authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice." *See In re Glob. Crossing Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003).

14. Confidential commercial information is information that, if disclosed, would result in an "unfair advantage to competitors by providing them information as to the commercial operations of the [party]." *Alterra Healthcare*, 353 B.R at 75 (quoting *Orion Pictures*, 21 F.3d at 27–28); *see also Glob. Crossing*, 295 B.R. at 725 (holding that the purpose of Bankruptcy Rule

5

9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury"). Commercial information need not rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code. *See Orion Pictures*, 21 F.3d at 27–28 (holding that section 107(b)(1) creates an exception to the general rule of public access and, under this exception, an interested party must show only that the information is "confidential" and "commercial" in nature); *see also In re Lomas Fin. Corp.,* No. 90 Civ. 7827 (LLS), 1991 WL 21231, at *2 (S.D.N.Y. Feb. 11, 1991) (noting the broad scope of "confidential information").

15.  PJT is seeking to preserve the confidentiality of just one confidential engagement for a client holding a minimal claim against the Debtors in these chapter 11 cases. Here, the Confidential Client Information is commercially sensitive information to both PJT and its client. As set forth in the Supplemental Coleman Declaration, PJT's client engagements are typically confidential by their terms, and clients engage PJT with an expectation of confidentiality. This case is no different, and PJT is obligated to maintain the confidentiality of the engagement at issue.

16.  PJT operates in a highly competitive industry and is often involved in high profile, non-public transactions. The disclosure of PJT's involvement before a transaction becomes public could potentially move the market, violate securities laws, disrupt deal negotiations and give PJT's competitors an unfair advantage. *See, e.g.*, *In re CTI Foods, LLC*, Case No. 19-10497 (CSS) (Bankr. D. Del. Apr. 8, 2019) [Docket No. 148] (sealing confidential information in connection with the retention of the debtors' proposed retained professionals); *In re Checkout Holding Corp.*, 18-12794 (KG) (Bankr. D. Del. May 3, 2019) [Docket No. 377] (same). For these same reasons, it is also critical to PJT's clients and other

6

innocent third parties that public disclosure of information like the Confidential Client Information be prevented.

17. Moreover, as a policy matter, the U.S. Trustee appears to be seeking a *per se* rule requiring the public disclosure of information that carries a substantial risk of harm, regardless of its relevance or materiality for purposes of a section 327 retention application. Requiring advisors such as PJT to publicly disclose their confidential client information could have wide-ranging consequences for the industry of chapter 11 professionals who, for good reason, typically have confidentiality obligations. Such mandated disclosure would equally jeopardize their clients, who are often in the midst of non-public restructurings or distressed situations. PJT respectfully urges this Court to reject the U.S. Trustee's misguided position. PJT understands that the Debtors support the relief requested herein.

18. PJT has disclosed over 70 connections to potential parties-in-interest and has narrowly tailored its Confidential Client Information to capture just *one* client engagement that is not publicly known and is commercially sensitive. As set forth in the Flanagan Declaration and the Supplemental Coleman Declaration, PJT represents only one party in interest and/or affiliates thereof on a confidential basis with respect to matters unrelated to the Debtors and their chapter 11 cases. PJT's confidential client, an affiliate of a publicly traded company, has specifically requested that PJT not disclose its identity due to the confidentiality concerns discussed herein and in the Supplemental Coleman Declaration. The Supplemental Coleman Declaration further supplements the client engagement and the nature of that client's relationship to the Debtors. PJT has recognized its disclosure obligations under the Bankruptcy Code, and has narrowly tailored the request set forth in this Motion to protect only the kind of commercially sensitive information that is entitled to be protected under section 107 of the Bankruptcy Code.

7

19. As a result, PJT believes that, in addition to all that has been disclosed in the Retention Application and the Flanagan Declaration, authorizing the Confidential Client Information to be filed under seal is the best method to ensure transparency with respect to information disclosure while still preventing the negative implications of public disclosure.

20. Finally, the recent trend amongst several courts has been to grant motions to seal an investment banker's confidential client names in similar circumstances. *See In re CTI Foods, LLC*, Case No. 19-10497 (CSS) (Bankr. D. Del. Apr. 8, 2019) [Docket No. 148] (granting motion to seal where information included clients' names and the redactions were narrowly tailored to apply to only the most sensitive information); s*ee also In re Jones Energy, Inc., et al.*, Case No. 19-32112 (DRJ) (Bankr. S.D. Tex. 2019) (*Order Authorizing Evercore Group L.L.C. to File Under Seal Certain Confidential Information Related to Evercore's Retention Application* (May 15, 2019) [Docket No. 210] (same)); *In re PG&E Corp.*, Case No. 19-30088 (DM) (Bankr. N.D. Cal. Apr. 24, 2019) (*Order Authorizing Centerview Partners LLC to File Certain Confidential Information Under Seal in Connection with the Applications of the Official Committee of Unsecured Creditors for Authority to Retain and Employ Centerview as Investment Banker* [Docket No. 1661] (same)); *In re Cloud Peak Energy Inc.,* Case No. 19-11047-KG (Bankr. D. Del. 2019) (*Order Authorizing the Debtors to File Under Seal Certain Confidential Information Related to Centerview Partners LLC's Retention Application* (June 12, 2019) [Docket No. 264] (same)).

21. Similarly, here the Confidential Client Information discussed above falls within the scope of Section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018, and the request is narrowly tailored to include only the most commercially sensitive information. Therefore, the Court should grant PJT's request herein.

8

**Notice and No Prior Request**

22.     Notice of this Motion has been provided by delivery to: (a) the entities on the Master Service List (as defined in the Second Amended Case Management Order and available on the Debtors' website at https://restructuring.primeclerk.com/purduepharma); and (b) any person or entity with a particularized interest in the subject matter of this motion.  PJT respectfully submits that no further notice is required.

23.     PJT has not previously sought the relief requested herein from this or any other court.

[*Remainder of Page Intentionally Left Blank*]

WHEREAS, PJT respectfully requests that the Court enter the Proposed Order, granting the relief requested herein and granting such other relief as the Court deems just and proper.

Dated: December 5, 2019
New York, New York

/s/  *Elisha D. Graff*
**SIMPSON THACHER & BARTLETT LLP**
Elisha D. Graff
Jamie J. Fell
425 Lexington Avenue
New York, New York 10017
Telephone: (212) 455-2000
Facsimile:  (212) 455-2502
Email: egraff@stblaw.com
        jamie.fell@stblaw.com

*Counsel for PJT Partners LP*

# **EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re:<br><br>**PURDUE PHARMA L.P.,** *et al.*,<br><br>Debtors.[1] | **Chapter 11**<br><br>**Case No. 19-23649 (RDD)**<br><br>**(Jointly Administered)**<br><br>Ref. Docket Nos. ___ & ____ |

### ORDER AUTHORIZING PJT PARTNERS LP TO FILE UNDER SEAL CERTAIN CONFIDENTIAL INFORMATION RELATED TO PJT PARTNERS LP'S RETENTION APPLICATION

Upon the motion (the "**Motion**")[2] filed by PJT Partners LP ("**PJT**"), proposed investment banker to the debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), for entry of an order (this "**Order**"), pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Rule 9018-1, authorizing PJT to file under seal certain confidential information related to the Retention Application, all as more fully set forth in the Motion; and upon the Supplemental Coleman Declaration; and this Court having jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that PJT's notice of the Motion, and the opportunity for a hearing on the Motion, were appropriate under the circumstances, and that no other notice need

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

be provided; and this Court having reviewed the Motion and the Supplemental Coleman Declaration; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor; it is HEREBY ORDERED THAT:

1. The Motion is granted to the extent set forth herein.

2. PJT is authorized to file (i) the Supplemental Coleman Declaration on the docket of these chapter 11 cases with the Confidential Client Information redacted and (ii) the unredacted version of the Supplemental Coleman Declaration under seal pursuant to section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1.

3. The Confidential Client Information shall remain confidential, shall remain under seal, and shall not be made available to anyone except (i) this Court, (ii) the U.S. Trustee, (iii) counsel for the Debtors on a professional's-eyes-only basis and (iv) such other parties as ordered by this Court or as agreed to by PJT in writing.

4. Except as ordered by this Court or as agreed to in writing by PJT, any pleadings that disclose any of the Confidential Client Information shall be filed under seal in accordance with this Order and served only on those parties authorized in paragraph 3 above.

5. Any party who receives the Confidential Client Information in accordance with this Order shall not disclose or otherwise disseminate such Confidential Client Information to any other person or entity.

6. PJT is authorized to take all actions as may be necessary and appropriate to effectuate the relief granted in this Order.

7. This Order is without prejudice to the rights of any party in interest to seek to unseal and make public any portion of the material filed under seal.

8. Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

9. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2019
White Plains, New York

                                        THE HONORABLE ROBERT D. DRAIN
                                        UNITED STATES BANKRUPTCY JUDGE