# EXHIBIT A

# PROPOSED ORDER

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| PURDUE PHARMA L.P., *et al.*, | : | Case No. 19-23649 (RDD) |
|  | : |  |
| Debtors.¹ | : | (Jointly Administered) |
|  | : |  |

**ORDER AUTHORIZING THE DEBTORS
TO RETAIN AND EMPLOY JONES DAY AS SPECIAL
LITIGATION COUNSEL, *NUNC PRO TUNC* TO THE PETITION DATE**

This Court has considered the *Application of the Debtors for an Order Authorizing Them to Retain and Employ Jones Day as Special Counsel, <u>Nunc</u> <u>Pro</u> <u>Tunc</u> to the Petition Date* (the "<u>Application</u>"),² the Debtors' Declaration, the Normile Declaration and the statements of counsel and the evidence adduced with respect to the Application at any hearing before this Court (the "<u>Hearing</u>"). This Court has found that (a) this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order, (b) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, (c) notice of the Application and any Hearing was sufficient under the circumstances and (d) Jones Day does not hold or represent any interest materially adverse to the Debtors' estates. After due deliberation, this Court has

---

[1]   The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2]   Capitalized terms not otherwise defined herein shall have the meanings given to them in the Application.

determined that the relief requested in the Application is in the best interests of the Debtors, their estates and their creditors;

**ACCORDINGLY, IT IS HEREBY ORDERED THAT:**

1. The Application is GRANTED as set forth herein.

2. The Debtors are authorized to retain and employ Jones Day as their special counsel in these chapter 11 cases, in accordance with section 327(e) of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Rule 2014-1 on the terms and conditions set forth in the Application and the Engagement Letter, *nunc pro tunc* to the Petition Date (the "Engagement").

3. Jones Day is authorized to render the professional services set forth in the Application, the Normile Declaration and the Engagement Letter, as of the Petition Date.

4. Jones Day shall be compensated for its services and reimbursed for any related expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any other applicable orders or procedures of this Court.

5. Jones Day shall provide reasonable notice to the Debtors, the Court, the U.S. Trustee and any statutory committee appointed in the chapter 11 cases of any annual increases in the rates set forth in the Application.

6. The Retainers shall be treated as an evergreen retainer and may be held by Jones Day as security throughout these chapter 11 cases.

7. Jones Day shall use its reasonable efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these chapter 11 cases.

8. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

9. This Order shall be immediately effective and enforceable upon its entry.

10. To the extent that this Order is inconsistent with the Engagement Letter, the terms of this Order shall govern.

11. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the interpretation, implementation and/or enforcement of this Order.

Dated: _____, 2019
       White Plains, New York

                                        THE HONORABLE ROBERT D. DRAIN
                                        UNITED STATES BANKRUPTCY JUDGE

# **EXHIBIT 1**

**Engagement Letter**

# JONES DAY

250 VESEY STREET • NEW YORK, NEW YORK 10281.1047

TELEPHONE: +1.212.326.3939 • FACSIMILE: +1.212.755.7306

DIRECT NUMBER: (212) 326-3777
JJNORMILE@JONESDAY.COM

December 3, 2019

ATTORNEY-CLIENT PRIVILEGED

**VIA ELECTRONIC TRANSMISSION**

Marc L. Kesselman
Purdue Pharma L.P.
One Stamford Forum
201 Tresser Boulevard
Stamford, CT 06901

Re:    Engagement Letter

Dear Marc:

Thank you for retaining Jones Day for this engagement. We are pleased that you have sought our counsel, and we look forward to assisting you on the matter described below. This letter sets forth the scope and terms of our engagement by Purdue Pharma L.P. (the "Company" or "you"), in connection with the following services (collectively, the "Matters"): providing intellectual property prosecution, litigation, counseling and opinion work as related to the Company's proceedings (the "Chapter 11 Cases") pending under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") before the Bankruptcy Court of the Southern District of New York (the "Bankruptcy Court").

1.    Scope of Engagement and Client Relationship

While Jones Day enjoys broad relationships involving multiple matters for many clients, we do not act as general counsel for clients and our work and advice is limited to the specific matters on which we are engaged. Thus our relationship may expand beyond the Matters described above, but only if you and we agree to specific new or expanded engagements.

It is important to emphasize that we are entering into an attorney-client relationship only with the Company. That is, unless you and we agree otherwise, Jones Day is not representing any owner, employee, parent, subsidiary or other direct or indirect affiliate of the Company. If you believe that the Company's personnel or any of its affiliates are unclear regarding the scope

AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • DETROIT
DUBAI • DUSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • LONDON • LOS ANGELES • MADRID • MELBOURNE
MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MOSCOW • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • SAN DIEGO
SAN FRANCISCO • SÃO PAULO • SAUDI ARABIA • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

Marc L. Kesselman
Purdue Pharma L.P.
December 3, 2019

Page 2

of our representation, please advise them that Jones Day does not represent them or, if you prefer, let us know so we can explain the scope of our engagement to them.

2. Staffing

You have designated yourself as the person with responsibility for overseeing this matter and to whom we will report. I will have primary responsibility for this matter, and will rely on other lawyers at Jones Day to work as a team as we handle the necessary work on the matter. I will be the Partner generally responsible for our overall relationship with you, including matters related to billing and staffing. Our goal is to stay in close contact with you over the course of our engagement as we seek to provide the Company with timely, high quality legal services in a cost-efficient manner.

3. Potentially Adverse Representations or Conflicts of Interest; Advance Waiver

Jones Day represents many clients on a wide variety of matters in a number of different practice areas. A further description of our Firm and areas of practice is available on our website, at www.jonesday.com.

Just as you in the future may ask us to represent the Company in a matter that is directly adverse to one of our other clients, it is possible Jones Day will be asked in the future to represent another client in a matter that is directly adverse to you. We want you and our other clients to be able to choose Jones Day as their counsel on matters where it is appropriate to do so. Accordingly, you agree that Jones Day in the future may represent any existing or future client in any matter (but not a litigation or other dispute resolution matter) that is directly adverse to the Company. Your agreement to this waiver is based on two understandings as follows. First, Jones Day will not represent another client adverse to you in a matter that is substantially related to the Matters or to any other matters that we are handling for the Company. Second, to the extent Jones Day does represent a client adverse to you, Jones Day lawyers or other service providers who are then working for the Company will not work on that adverse matter for that other client and we will take steps to ensure that your confidential information is not shared with our lawyers or other time keepers involved in that adverse matter.

You also confirm that your agreement to this prospective waiver is voluntary and that you intend for it to be effective and enforceable and for Jones Day to rely upon it.

JONES DAY

Marc L. Kesselman
Purdue Pharma L.P.
December 3, 2019

Page 3

    4.    <u>Compensation and Disbursements</u>

Our fees are determined by the time devoted by each lawyer or other service provider involved in the engagement and the hourly billing rates assigned to each such person. As previously agreed, Jones Day agreed to charge the Company previous year's billable rates (*e.g.*, for 2019, Jones Day is using 2018 billable rates in calculating amounts due for legal services performed). The hourly rates (as adjusted) for our lawyers who are likely to be working on the Matters range from $775 to $1,275 for partners and $425 and $775 for associates. Our hourly rates are revised periodically, and we reserve the right to revise them from time to time during the course of our representation upon written notice to the Company. Additionally, as previously agreed, the total invoices are also subject to a ten percent (10%) discount. Finally, an additional four percent (4%) discount on fees only will be applied if an invoice is paid in full within ten (10) days of the date of the invoice. Such discount will be reduced to three percent (3%) if the invoice is paid in full within fifteen (15) days of the date of the invoice.

Unless we specifically agree in writing to the contrary, any fee estimate, budget, or projection of hours is not a commitment to cap our fees or perform the services within a fixed amount of time or for a fixed fee.

In addition to our fees, we expect our clients to defray certain costs and expenses incurred during our representation of them. Please note that although our charges for non-cash costs incurred by Jones Day reflect our good faith estimate of our actual, fully absorbed, out-of-pocket costs, those estimates may differ from our actual costs. Normally, disbursements and charges will be subject to reimbursement from the Company in the regular billing cycle. In some circumstances, however, such as in the case of particularly large items, we may ask the Company to pay these items directly or in advance.

We will submit billing statements to you on a monthly basis; all statements are due and payable upon presentation. If you have any question or concern about any billing statement, we ask that you raise it with us promptly upon your receipt of the statement.

Under Part 137 of the Rules of the Chief Administrator of the Courts in New York, you have the right to arbitrate any fee disputes as provided in that rule, a copy of which will be provided to you at your request.

JONES DAY

Marc L. Kesselman
Purdue Pharma L.P.
December 3, 2019

Page 4

5. <u>Bankruptcy Court Approval</u>

Our employment by the Company is subject to the approval of the Bankruptcy Court. If necessary, we will modify the terms and conditions of our employment described above as may be required to comply with the applicable requirements of the Bankruptcy Code, including any orders of the Bankruptcy Court.

6. <u>Audit Letter Issues</u>

Our policy is to comply with the American Bar Association Statement of Policy Regarding Lawyers' Responses to Auditors' Requests for Information regarding the scope and content of responses to requests to provide information to auditors, except when such ABA Policy is clearly inapplicable.

7. <u>Procedures upon Termination; Return of Documents; Intellectual Property</u>

Unless earlier terminated by you or us, our attorney client relationship will end once we have completed our last assignment for you. When our attorney client relationship has ended, either because we have completed our last assignment or the relationship has been terminated, Jones Day will close its file numbers for the remaining matters that are open at that time. Thereafter, and if you request, we will return your property in our possession. Specifically, and consistent with our professional obligations, we will return the following categories of documents unless we agree otherwise in writing: original materials that you provided to us; final documents of legal significance; final versions of briefs and other pleadings; final legal memoranda prepared for you; and transmitted correspondence substantively related to the representation. We may charge a reasonable fee to produce those materials, whether in an electronic or hard copy format, and we may also retain copies of those materials. In the course of our relationship, we may process and store materials that we receive from you in an electronic document handling and storage system and in that case we may return the paper copies to you or store those copies for return to you at the end of our relationship.

You agree that Jones Day will be free, on the later of the date set by bar requirements applicable to New York or seven years after the end of our relationship, to destroy or otherwise dispose of any documents or other materials, including electronic versions, relating to your representation and still in our possession without further notice to you.

We may retain all intellectual property and other know-how that we develop in the course of representing you, including subject matter expertise, whether or not preserved in written or

JONES DAY

Marc L. Kesselman
Purdue Pharma L.P.
December 3, 2019

Page 5

electronic form.  We may use that property in the course of representing other clients, so long as none of your confidential information is disclosed.

    Please sign and return to us the enclosed copy of this letter in order to confirm that it accurately reflects the scope, terms and conditions with respect to this engagement.  If you would like to discuss any of these matters, please give me a call.

                        Very truly yours,

                        John J. Normile

JONES DAY

Marc L. Kesselman
Purdue Pharma L.P.
December 3, 2019

Page 6

On behalf of the Company, I agree to the terms of this letter and confirm that this letter accurately reflects the scope, terms and conditions with respect to this engagement and that I am authorized by the Company to sign this letter on its behalf.

Dated: December 5, 2019

Signature: *[signature]*

Name:   Marc L. Kesselman

Title:   Senior VP, General Counsel and Corporate Secretary