**EXHIBIT B**

**DEBTORS' DECLARATION**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| PURDUE PHARMA L.P., *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

**DECLARATION OF MARC L. KESSELMAN IN SUPPORT OF THE APPLICATION OF THE DEBTORS FOR AN ORDER AUTHORIZING THEM TO RETAIN AND EMPLOY JONES DAY AS SPECIAL LITIGATION COUNSEL, *NUNC PRO TUNC* TO THE PETITION DATE**

Marc L. Kesselman, Purdue Pharma L.P.'s ("PPLP," and together with its affiliates that are debtors and debtors in possession in these proceedings, the "Company" or "Purdue") Senior Vice President, General Counsel & Corporate Secretary, in support of the *Application of the Debtors for an Order Authorizing Them to Retain and Employ Jones Day as Counsel, Nunc Pro Tunc to the Petition Date* (the "Application"),[2] declares as follows:

1. I am Senior Vice President and General Counsel of PPLP, a Delaware limited partnership headquartered in Stamford, Connecticut.

2. I am older than 21 years of age and suffer no legal disability. I am competent to make this declaration (the "Declaration").

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Applications.

3. My testimony herein is based upon my personal knowledge, unless stated otherwise.

4. If called to testify, I could and would testify to the matters stated herein.

5. I submit this Declaration in connection with the Application wherein the Debtors seek entry of an order authorizing the Debtors to employ and retain Jones Day as special counsel to provide the services described in the Normile Declaration *nunc pro tunc* to the Petition Date.

## THE DEBTORS' SELECTION OF COUNSEL

6. It is my strong belief that it is critical to select advisors with the utmost care to maximize the value of the Debtors' estates, while at the same time focusing on costs to ensure that the Debtors' limited resources are being appropriately utilized.

7. I, as Senior Vice President and General Counsel, along with several other members of the Debtors' senior management, am responsible for retaining and supervising outside counsel. I am familiar with the markets for professionals both in and out of bankruptcy, and the leading role Jones Day plays in significant offensive and defensive patent litigation.

8. Jones Day was initially engaged by the Debtors in 2004 to represent the Debtors in connection with intellectual property prosecution and litigation, including Hatch-Waxman patent litigation and related matters. Additionally, over the years Jones Day has provided the Debtors with general intellectual property related counseling and opinion work.

9. Due to Jones Day's experience and knowledge in the areas for which legal services will be provided, as well as the firm's long-standing relationship with the Debtors in connection therewith, the Debtors respectfully submit that Jones Day is uniquely qualified to represent the Debtors in connection with their intellectual property needs during the course of these chapter 11 cases.

## RATE STRUCTURE AND COST SUPERVISION

10. Jones Day has informed the Debtors that its hourly rates for bankruptcy representations are comparable to (a) the hourly rates Jones Day charges for non-bankruptcy representations and (b) the rates of other comparably skilled professionals in the national marketplace for legal services. Having previously reviewed invoices from other large law firms, I can verify that the rates being charged by Jones Day in connection with this representation are within the range typically charged by similar firms in complex matters.

11. I am one of the individuals responsible for reviewing the invoices regularly submitted by Jones Day. The invoices regularly submitted by Jones Day are reviewed by attorneys employed by the Debtors under my ultimate supervision. I am informed that, other than periodic rate increases that occur in the ordinary course, the rates that Jones Day charged the Debtors in the prepetition period for restructuring and related services are the same as the rates that Jones Day will charge the Debtors in the postpetition period.

12. The Debtors and Jones Day have discussed Jones Day's estimated fees and expenses and staffing related to the services discussed in the Normile Declaration. Jones Day and the Debtors developed a prospective budget and staffing plan for 2019 and 2020. The Debtors, however, recognize that, during the course of these chapter 11 cases, it is possible that there may be matters that create the need for additional fees and expenses charged by Jones Day. The Debtors further recognize that it is their responsibility to monitor closely the billing practices of their special counsel to ensure the fees and expenses paid by the estates remain consistent with the Debtors' expectations and the exigencies of these chapter 11 cases. The Debtors will continue to review the invoices that Jones Day regularly submits, and, together with Jones Day, periodically amend the budget and staffing plans as these chapter 11 cases develop.

13. As they did prepetition, the Debtors will continue to closely supervise the fees and expenses reimbursement process. Jones Day's fees and expenses will be subject to review, comment and objection (if warranted), and Court approval pursuant to interim compensation procedures that provide for the interim allowance and payment of fees and expenses during the course of these chapter 11 cases. Jones Day's fees and expenses will be subject to periodic review on a monthly, interim and final basis during the course of these chapter 11 cases by the U.S. Trustee, any official committee and this Court, as well as by the Debtors.

[*Remainder of page left blank intentionally; signature page follows*]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  December 5, 2019
          New York, NY

By: _____
Marc L. Kesselman
Senior Vice President, General Counsel &
Corporate Secretary
Purdue Pharma L.P.