Hearing Date and Time: December 19, 2019, at 2:00 p.m. (prevailing Eastern Time)
Objection Date and Time: December 16, 2019, at 4:00 p.m. (prevailing Eastern Time)

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut
Christopher S. Robertson

*Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (RDD)** |
| **Debtors.**[1] | **(Jointly Administered)** |

**NOTICE OF HEARING ON MOTION OF DEBTORS FOR ENTRY**
**OF AN ORDER EXTENDING THE DEADLINE TO ASSUME OR REJECT**
**UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY**

**PLEASE TAKE NOTICE** that on December 5, 2019, the above-captioned debtors and

debtors in possession in these proceedings (collectively, the "**Debtors**") filed the *Motion of*

*Debtors for Entry of an Order Extending the Deadline To Assume or Reject Unexpired Leases of*

---

[1]   The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014).   The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

*Nonresidential Real Property* (the "**Motion**").   A hearing on the Motion will be held on **December 19, 2019** at **2:00 p.m.** (prevailing Eastern Time) (the "**Hearing**") before the Honorable Judge Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, at the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601 (the "**Bankruptcy Court**"), or at such other time as the Bankruptcy Court may determine.

PLEASE TAKE FURTHER NOTICE that the Hearing may be continued or adjourned thereafter from time to time without further notice other than an announcement of the adjourned date or dates at the Hearing or a later hearing.   The Debtors will file an agenda before the Hearing, which may modify or supplement the motions to be heard at the Hearing.

PLEASE TAKE FURTHER NOTICE that any responses or objections (the "**Objections**") to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, shall be filed with the Bankruptcy Court (a) by attorneys practicing in the Bankruptcy Court, including attorneys admitted *pro hac vice*, electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov), and (b) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with the *Second Amended Order Establishing Certain Notice, Case Management, and Administrative Procedures* entered on November 18, 2019 [Docket No. 498], so as to be filed and received no later than **December 16, 2019** at **4:00 p.m.** (prevailing Eastern Time) (the "**Objection Deadline**").

**PLEASE TAKE FURTHER NOTICE** that any objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted upon default.

**PLEASE TAKE FURTHER NOTICE** that if no Objections are timely filed and served with respect to the Motion, the Debtors may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Motion, which order may be entered without further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion may be obtained free of charge by visiting the website of Prime Clerk LLC at https://restructuring.primeclerk.com/purduepharma. You may also obtain copies of any pleadings by visiting the Bankruptcy Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

Dated:    December 5, 2019
              New York, New York

DAVIS POLK & WARDWELL LLP

By:   /s/ *Eli J. Vonnegut*
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile:  (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut
Christopher S. Robertson

*Counsel to the Debtors*
*and Debtors in Possession*

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut
Christopher S. Robertson

*Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (RDD)** |
| **Debtors.**[1] | **(Jointly Administered)** |

## MOTION OF DEBTORS FOR ENTRY OF AN ORDER EXTENDING THE DEADLINE TO ASSUME OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY

Purdue Pharma L.P. ("**PPLP**") and its affiliates that are debtors and debtors in possession

in these proceedings (collectively, the "**Debtors**") hereby file this *Motion of Debtors for Entry of*

*an Order Extending the Deadline To Assume or Reject Unexpired Leases of Nonresidential Real*

*Property* (the "**Motion**").  In support of this Motion, the Debtors respectfully state as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014).  The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

## Relief Requested

1.      By this Motion, the Debtors seek entry of an order pursuant to section 365(d)(4) of title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (as amended or modified, the "**Bankruptcy Code**") and Rule 6006 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), substantially in the form attached hereto as **Exhibit A** (the "**Order**"), granting a ninety (90) day extension of the original 120-day period (the "**Assumption/Rejection Period**") within which the Debtors may assume or reject unexpired leases of nonresidential real property (collectively, the "**Unexpired Leases**").  The current Assumption/Rejection Period will expire on Monday, January 13, 2020.  As such, the Debtors seek to extend this period through and including Monday, April 13, 2020.[2]  The Debtors further request that the extension of the Assumption/Rejection Period be without prejudice to the rights of the Debtors to seek further extensions of the time to assume or reject their remaining unexpired real property leases, or any other real property lease as contemplated by section 365(d)(4)(B)(ii) of the Bankruptcy Code.

## Jurisdiction and Venue

2.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.).  This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), the Debtors consent to entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.

---

[2]  The 90th day after the current period by which the Debtors may assume or reject the Unexpired Leases expires is Sunday, April 12, 2020.  Bankruptcy Rule 9006 automatically extends the deadline to the next business day, Monday, April 13, 2020.

3.    The legal predicates for the relief sought herein are section 365(d)(4) of the Bankruptcy Code and Bankruptcy Rule 6006.

4.    Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### General Background

5.    On September 15, 2019 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Chapter 11 Cases**"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On September 27, 2019, the United States Trustee for the Southern District of New York appointed the official committee of unsecured creditors (the "**Creditors' Committee**"). No trustee or examiner has been appointed in these Chapter 11 Cases.

6.    Information about the Debtors' businesses and the events leading up to the Petition Date can be found in the *Debtors' Informational Brief* filed on September 16, 2019 [Docket No. 17].

7.    The Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) and the *Order Directing Joint Administration of Chapter 11 Cases* [Docket No. 59] entered by the Court on September 18, 2019 in each of the Chapter 11 Cases.

### The Debtors' Unexpired Leases

8.    The Debtors lease or sublease corporate headquarters space in the office building located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901 ("**One Stamford Forum**"). One Stamford Forum is owned by One Stamford Realty L.P. ("**OSR**"), which is owned by the Debtors' existing shareholders. Additionally, PPLP and OSR are party to a lease (as amended, the "**Wrap Lease**") for the entirety of the building that houses the Debtors'

3

corporate headquarters at One Stamford Forum.  This Wrap lease will commence on January 1, 2021 and expire in June of 2031.

9.      The Debtors are also lessees under a limited number of additional prepetition leases of nonresidential real property, which include a lease in New York, New York for Debtor Avrio Health, L.P.'s headquarters, a lease of administrative office space in Coventry, Rhode Island, and leases of offices in Washington, D.C. and Warren, Rhode Island that are utilized by certain of the Debtors' employees from time to time.

10.     The Debtors continue to evaluate their Unexpired Leases and believe that it would be premature to assume or reject any of the Unexpired Leases at this time.

## Basis for Relief Requested

11.     Section 365(d)(4)(A) of the Bankruptcy Code provides that a debtor is automatically deemed to reject nonresidential real property leases to which it is a party by the earlier of (i) 120 days after the date of the order for relief or (ii) the date on which a court confirms a plan of reorganization.  However, section 365(d)(4)(B) of the Bankruptcy Code provides that a court may extend the applicable period to assume or reject unexpired nonresidential real property leases for 90 days on the motion of a debtor "for cause."

12.     The term "cause" is not defined in section 365(d)(4) of the Bankruptcy Code.  In determining whether cause exists for an extension of the Assumption/Rejection Period, courts have considered several factors, including:

(1)     whether the leases are an important asset of the estate such that the decision to assume or reject would be central to a plan of reorganization;

(2)     whether the cases are complex and involve large numbers of leases;

(3)     whether the lessor continues to receive postpetition rental payments; and

(4)     whether the debtor has had insufficient time to intelligently appraise each
lease's value to a plan of reorganization.

*In re Wedtech Corp.*, 72 B.R. 464, 471–72 (Bankr. S.D.N.Y. 1987); *see also South St. Seaport L. P. v. Burger Boys, Inc. (In re Burger Boys, Inc.)*, 94 F.3d 755, 760-61 (2d Cir. 1996) (considering a similar non-exclusive list of factors); *Legacy Ltd. v. Channel Home Centers Inc. (In re Channel Home Centers Inc.)*, 989 F.2d 682, 689 (3d Cir. 1993) ("[I]t is permissible for a bankruptcy court to consider a particular debtor's need for more time in order to analyze leases in light of the plan it is formulating." (citing *Wedtech*, 72 B.R. at 471–72)).

13.     The Debtors submit that ample cause exists for the relief requested herein.  The Debtors, in consultation with their advisors, have been working diligently to review and analyze their Unexpired Leases in an effort to determine which leases are burdensome or unnecessary and which are beneficial to their estates.  Indeed, the Debtors have already moved to reject a lease relating to an office building in Ewing, New Jersey that no longer provided the Debtors with any value [*see* Docket Nos. 435 and 530].  The Debtors continue to evaluate their headquarters leases and would benefit from additional time to discuss various options with OSR and with their stakeholders.  Likewise, the Debtors continue to evaluate the utility of the Debtors' other Unexpired Leases to the company going forward.

14.     Finally, the Debtors' requested extension of time to assume or reject the Unexpired Leases will not prejudice the lessors that are parties to the Unexpired Leases.  Pending the Debtors' election to assume or reject the Unexpired Leases, the Debtors expect to perform all of their undisputed obligations arising from and after the Petition Date in a timely fashion to the extent required by section 365(d)(3) of the Bankruptcy Code.  As a result, the requested extension will not adversely affect the substantive rights of any of the lessors under the Unexpired Leases.

15.     Courts in this jurisdiction regularly grant extensions similar to the extension requested herein.  *See e.g.*, *In re Windstream Holdings, Inc.*, No. 19-22312 (RDD), ECF No. 700 (Bankr. S.D.N.Y. June 20, 2019) (granting 90-day extension); *In re Aegean Marine Petroleum Network, Inc.*, No. 18-13374 (MEW), ECF No. 370 (Bankr. S.D.N.Y. Feb. 14, 2019) (same);  *In re Sears Holdings Corp.*, No. 18-23538 (RDD), ECF No. 776 (Bankr. S.D.N.Y. Nov. 16, 2018) (same); *In re Cenveo, Inc.*, No. 18-22178 (RDD), ECF No. 499 (Bankr. S.D.N.Y. June 21, 2018) (same); *In re Nine West Holdings, Inc.*, No. 18-10947 (SCC), ECF No. 225 (Bankr. S.D.N.Y. May 7, 2018) (same); *In re Pacific Drilling S.A.*, No. 17-13193 (MEW), ECF No. 280 (Bankr. S.D.N.Y. Mar. 20, 2018) (same); *In re Westinghouse Electric Co., LLC*, No. 17-10751 (MEW) (Bankr. S.D.N.Y. Sept. 5, 2017), ECF No. 1304 (same); *In re Patriot Coal Corp.*, No. 12-12900 (SCC), ECF No. 1465 (Bankr. S.D.N.Y. Oct. 23, 2012) (same).

16.     For the reasons set forth above, the Debtors request that this Court enter an Order extending the time within which they may assume or reject the Unexpired Leases for 90 days, through and including Monday, April 13, 2020, or such later date as may be agreed in writing between the Debtors and the applicable lessors.

**<u>Debtors' Reservation of Rights</u>**

17.     Nothing contained herein or any action taken pursuant to such relief is intended or shall be construed as (a) an admission as to the validity or priority of any claim against the Debtors; (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for or validity of any claim against the Debtors; (c) a waiver of any claims or causes of action which may exist against any creditor or interest holders or any other party; or (d) an approval, assumption, adoption or rejection of any agreement, contract, lease, program or policy between the Debtors and any third party under section 365 of the Bankruptcy Code.

Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended to be and should not be construed as an admission as to the validity or priority of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

## Notice

18.     Notice of this Motion will be provided as to (a) the entities on the Master Service List (as defined in the *Second Amended Order Establishing Certain Notice, Case Management, and Administrative Procedures* entered on November 18, 2019 [Docket No. 498] and available on the Debtors' case website at https://restructuring.primeclerk.com/purduepharma) and (b) any person or entity with a particularized interest in the subject matter of this motion.  The Debtors respectfully submit that no further notice is required.

## No Prior Request

19.     The Debtors have not previously sought the relief requested herein from the Court or any other court.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully request that the Court enter the proposed form of order, substantially in the form attached hereto, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated:    December 5, 2019
          New York, New York

DAVIS POLK & WARDWELL LLP

By:    */s/ Eli J. Vonnegut*          

450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile:  (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut
Christopher S. Robertson

*Counsel to the Debtors*
*and Debtors in Possession*

## Exhibit A

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>**PURDUE PHARMA L.P.,** *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 19-23649 (RDD)<br><br>(Jointly Administered) |

### ORDER EXTENDING THE DEADLINE TO ASSUME OR REJECT
### UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY

Upon the motion (the "**Motion**")[2] of Purdue Pharma L.P. and its affiliates that are debtors

and debtors in possession in these proceedings (collectively, the "**Debtors**") for entry of an

order, pursuant to section 365(d)(4) of title 11 of the United States Code (the "**Bankruptcy**

**Code**"), granting a 90-day extension of the current 120-day period to assume or reject unexpired

leases of nonresidential real property (collectively, the "**Unexpired Leases**"); and the Court

having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C.

§§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012

(Preska, C.J.); and consideration of the Motion and the relief requested therein being a core

proceeding under 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to such term in the Motion.

U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion and held a hearing to consider the relief requested in the Motion (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and the Court having determined that the relief requested is in the best interests of the Debtors, their estates, creditors and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**

1.      The relief requested in the Motion is hereby granted as set forth herein.

2.      Pursuant to section 365(d)(4) of the Bankruptcy Code, the time period by which the Debtors must assume or reject the Unexpired Leases is extended through and included file notices of removal in this Court with respect to the Actions is extended through and including Monday, April 13, 2020.

3.      This Order is without prejudice to the rights of the Debtors to seek further extensions of the time to assume or reject the Unexpired Leases with the consent of the affected lessors as contemplated by section 365(d)(4)(B)(ii) of the Bankruptcy Code.

4.      The contents of the Motion and the notice procedures set forth therein are good and sufficient notice and satisfy the Bankruptcy Rules and the Local Bankruptcy Rules, and no other or further notice of the Motion or the entry of this Order shall be required.

5.      The Debtors are authorized to take all such actions as are necessary or appropriate to implement the relief granted in this Order.

6.      The Court shall retain jurisdiction to hear and determine all matters arising from

or related to the implementation, interpretation and enforcement of this Order.


White Plains, New York
Dated: _____, 2019

                                                          _____
                                                          THE HONORABLE ROBERT D. DRAIN
                                                          UNITED STATES BANKRUPTCY JUDGE