Hearing Date and Time: December 19, 2019, at 2:00 p.m. (prevailing Eastern Time)
Objection Date and Time: December 16, 2019, at 4:00 p.m. (prevailing Eastern Time)

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut
Christopher S. Robertson

*Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.,** *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

**NOTICE OF HEARING ON MOTION OF DEBTORS TO EXTEND THE TIME
TO FILE NOTICES OF REMOVAL OF CIVIL ACTIONS**

**PLEASE TAKE NOTICE** that on December 5, 2019, the above-captioned debtors and debtors in possession in these proceedings (collectively, the "**Debtors**") filed the *Motion of Debtors to Extend the Time to File Notices of Removal of Civil Actions* (the "**Motion**"). A

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

hearing on the Motion will be held on **December 19, 2019** at **2:00 p.m.** (prevailing Eastern Time) (the "**Hearing**") before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, at the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601 (the "**Bankruptcy Court**"), or at such other time as the Bankruptcy Court may determine.

**PLEASE TAKE FURTHER NOTICE** that the Hearing may be continued or adjourned thereafter from time to time without further notice other than an announcement of the adjourned date or dates at the Hearing or a later hearing.  The Debtors will file an agenda before the Hearing, which may modify or supplement the motions to be heard at the Hearing.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections (the "**Objections**") to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, shall be filed with the Bankruptcy Court (a) by attorneys practicing in the Bankruptcy Court, including attorneys admitted *pro hac vice*, electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov), and (b) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with the *Second Amended Order Establishing Certain Notice, Case Management, and Administrative Procedures* entered on November 18, 2019 [Docket No. 498], so as to be filed and received no later than **December 16, 2019** at **4:00 p.m.** (prevailing Eastern Time) (the "**Objection Deadline**").

**PLEASE TAKE FURTHER NOTICE** that any objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted upon default.

**PLEASE TAKE FURTHER NOTICE** that if no Objections are timely filed and served with respect to the Motion, the Debtors may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Motion, which order may be entered without further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion may be obtained free of charge by visiting the website of Prime Clerk LLC at https://restructuring.primeclerk.com/purduepharma. You may also obtain copies of any pleadings by visiting the Bankruptcy Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

Dated:   December 5, 2019
         New York, New York

                              DAVIS POLK & WARDWELL LLP

                              By: /s/ *Eli J. Vonnegut*
                              DAVIS POLK & WARDWELL LLP
                              450 Lexington Avenue
                              New York, New York 10017
                              Telephone: (212) 450-4000
                              Facsimile: (212) 701-5800
                              Marshall S. Huebner
                              Benjamin S. Kaminetzky
                              Timothy Graulich
                              Eli J. Vonnegut
                              Christopher S. Robertson

                              *Counsel to the Debtors
                              and Debtors in Possession*

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut
Christopher S. Robertson

*Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.,** *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

**MOTION OF DEBTORS TO EXTEND THE TIME
TO FILE NOTICES OF REMOVAL OF CIVIL ACTIONS**

Purdue Pharma L.P. ("**PPLP**") and its affiliates that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**") hereby file this *Motion of Debtors to Extend*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

*the Time to File Notices of Removal of Civil Actions* (the "**Motion**"). In support of this Motion, the Debtors respectfully state as follows:

### Jurisdiction and Venue

1. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), the Debtors consent to entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.

2. The legal predicates for the relief requested herein are 28 U.S.C. § 1452, section 105(a) of title 11 of the United States Code, 11 U.S.C. § 101, *et seq*. (as amended or modified, the "**Bankruptcy Code**"), Bankruptcy Rules 9006 and 9027 and Rule 9006-2 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**").

3. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### General Background

4. On September 15, 2019 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of Bankruptcy Code (the "**Chapter 11 Cases**"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On September 27, 2019, the United States Trustee for the Southern District of New York appointed the official committee of unsecured creditors (the "**Creditors' Committee**"). No trustee or examiner has been appointed in these Chapter 11 Cases.

5.      Information about the Debtors' businesses and the events leading up to the Petition Date can be found in the *Debtors' Informational Brief* filed on September 16, 2019 [Docket No. 17].

## Relief Requested

6.      Pursuant to Bankruptcy Rule 9027(a)(2), the time period by which the Debtors may file notices of removal will expire on December 16, 2019[2] (the "**Removal Deadline**"). By this Motion, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Order**"), extending the Removal Deadline for a period of one hundred and eighty (180) days through and including Monday, June 15, 2020.[3]

7.      The Debtors request that the proposed Monday, June 15, 2020 deadline to file notices of removal apply to all matters pending as of the Petition Date as specified in Bankruptcy Rule 9027(a)(2)(A), (B), and (C) (the "**Prepetition Actions**") in addition to any and all matters initiated after the Petition Date as specified in Bankruptcy Rule 9027(a)(3) (the "**Postpetition Actions**," and together with the Prepetition Actions, the "**Actions**").

8.      The Debtors further request that the Order approving this Motion be without prejudice to (a) any position the Debtors might take regarding whether section 362 of the Bankruptcy Code applied to stay any given Action and (b) the right of the Debtors to seek further extensions of the Removal Deadline.

---

[2] The 90th day after the Petition Date is Saturday, December 14, 2019. Bankruptcy Rule 9006 automatically extends the deadline to remove civil actions under Bankruptcy Rule 9027(a)(2)(A) to Monday, December 16, 2019 (the "**Existing Removal Deadline**"). Pursuant to Local Rule 9006-2, this deadline shall automatically be extended until the Court acts on the Motion, without the necessity for the entry of a bridge order.

[3] The 180th day after the Existing Removal Deadline is Saturday, June 13, 2020. *See supra*, fn. 2.

3

**Basis For Relief Requested**

9. Bankruptcy Rule 9027 and 28 U.S.C. § 1452 govern the removal of pending civil actions. Specifically, 28 U.S.C. § 1452(a) provides:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a). Bankruptcy Rule 9027(a)(2) further provides:

> If the claim or cause of action in a civil action is pending when a case under the [Bankruptcy] Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the [Bankruptcy] Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the [Bankruptcy] Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2). With respect to actions commenced postpetition, Bankruptcy Rule 9027(a)(3) provides that a notice of removal must be filed:

> [O]nly within the shorter of (A) 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed, or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons.

Fed. R. Bankr. P. 9027(a)(3).

10. However, all deadlines under Bankruptcy Rule 9027(a) may be extended pursuant to Bankruptcy Rule 9006(b), which provides that a notice of removal may be filed:

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order.

Fed. R. Bankr. P. 9006(b)(1).

4

11. It is well-settled that this Court has the authority to extend, for cause, the removal period provided under 28 U.S.C. § 1452 and Bankruptcy Rule 9027. *See, e.g.*, *In re Fairfield Sentry Ltd. Litig.*, 458 B.R. 665, 691 (S.D.N.Y. 2011) ("Bankruptcy Rule 9006(b)(1)(1) allows the bankruptcy court to enlarge the time for removal before the time for removal expires *sua sponte*."); *Anchev v. 335 W. 38th St. Coop. Corp. (In re Anchev)*, No. 99 B 45846 (PCB), 2009 Bankr. LEXIS 906, *8 (Bankr. S.D.N.Y. Apr. 15, 2009) (finding removal untimely in part because the party seeking it "could have, but did not, seek to enlarge the 90 day period to remove the [relevant state court action] under [Bankruptcy Rule] 9006(b)"); *see also In re N. New England Tel. Operations LLC*, 504 B.R. 372, 380 (Bankr. S.D.N.Y. 2014) (time limit for removal of civil actions may be extended pursuant to Bankruptcy Rule 9006(b)); *Jandous Elec. Constr. Corp. v. City of New York (In re Jandous Elec. Constr. Corp.)*, 106 B.R. 48, 50 (Bankr. S.D.N.Y. 1989) (same).

12. The Debtors submit that cause exists for the relief requested herein. The Debtors are a multibillion-dollar enterprise and the issues to be addressed in these Chapter 11 Cases are novel and exceedingly complex. Since the Petition Date—a time period of less than three months—substantially all of the Debtors' and their professionals' attention and efforts have been directed toward ensuring a smooth transition into chapter 11, obtaining a preliminary injunction with respect to pending opioid-related Actions in order to rationalize claims against the Debtors and facilitate a successful reorganization, engaging in in-depth discussions with a multitude of creditor groups regarding the ultimate resolution of claims against the Debtors, providing extensive diligence in furtherance of such discussions, and addressing various additional urgent and material commercial and legal matters. Given the extraordinary number and variety of Actions, which include, but are not limited to, thousands of civil actions pending against the

Debtors and other parties in various state and federal courts and other fora across the United States relating to the Debtors' manufacture and sale of opioid medication, and the extraordinary demands on the Debtors and their professionals over the prior months, the Debtors have not been able to analyze and make a determination regarding the removal of the Actions.  Consequently, the Debtors seek an extension to allow the Debtors and their advisors the opportunity to carefully consider the possible removal of each Action.

13.     The rights of any party to the Actions will not be unduly prejudiced by the Debtors' requested extension.  Inasmuch as section 362(a) of the Bankruptcy Code automatically stays actions against the Debtors, most of the Actions will not proceed in their respective fora during these Chapter 11 Cases, even absent the relief requested herein.  Moreover, the relief requested herein does not alter any party's rights under 28 U.S.C. § 1452(b) to seek a remand.  If the Debtors ultimately were to seek to remove any action pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027, any party to such action would have the right to seek to have such action remanded pursuant to 28 U.S.C. § 1452(b), which provides that "[t]he court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground."  Accordingly, the Debtors submit that cause exists for the relief requested herein.

14.     Courts in this jurisdiction have granted removal period extensions similar to the extension requested herein. *See, e.g.*, *In re Windstream Holdings, Inc.*, No. 19-22312 (RDD) (Bankr. S.D.N.Y. May 15, 2019) (extending the removal period through the later of (a) 180 days from the deadline under Bankruptcy Rule 9027, and (b) the first day that is 30 days after entry of an order terminating the automatic stay with respect to the particular action sought to be removed); *In re Aegean Marine Petroleum Network, Inc.*, No. 18-13374 (MEW) (Bankr. S.D.N.Y. Feb. 14, 2019) (same); *In re 21st Century Oncology Holdings, Inc.*, No. 17-22770

6

(RDD) (Bankr. S.D.N.Y. Sept. 6, 2017) (extending the removal period by the later of (a) 180 days from the deadline under Bankruptcy Rule 9027, and (b) the effective date of a chapter 11 plan, and (c) the day that is 30 days after entry of an order terminating the automatic stay with respect to the particular action sought to be removed); *In re Westinghouse Electric Co., LLC*, No. 17-10751 (MEW) (Bankr. S.D.N.Y. July 25, 2017) (extending the removal period until the date an order is entered confirming the chapter 11 plan); *In re Patriot Coal Corp.*, No. 12-12900 (SCC) (Bankr. S.D.N.Y. Oct. 5, 2012) (extending removal period through effective date of plan); *In re Frontier Holdings, Inc.*, No. 08-11298 (RDD) (Bankr. S.D.N.Y. Jun. 18, 2008) (granting extension through and including the plan effective date); *In re Delta Air Lines Inc.*, No. 05-17923 (Bankr. S.D.N.Y. May 31, 2006) (granting extension through confirmation); *In re Nw. Airlines Corp.*, No. 05-17930 (ALG) (Bankr. S.D.N.Y. Nov. 29, 2005) (granting a 180-day extension of removal period); *In re Delaco Company*, No. 04-10899 (Bankr. S.D.N.Y. Apr. 21, 2004) (granting extension to 30 days after plan effective date); *In re Genuity Inc.*, No. 02-43558 (Bankr. S.D.N.Y. Feb. 26, 2003) (granting extension to 30 days after plan effective date); *In re WorldCom, Inc.*, No. 02-13533 (Bankr. S.D.N.Y. Oct. 8, 2002) (granting extension through confirmation); *In re Global Crossing Ltd.*, Nos. 02-40187 through 02-40241 (Bankr. S.D.N.Y. May 2, 2002) (granting extension through confirmation).

**Debtors' Reservation of Rights**

15.     Nothing contained herein or any action taken pursuant to such relief is intended or shall be construed as (a) an admission as to the validity or priority of any claim against the Debtors; (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors; (c) a waiver of any claims or causes of action which may exist against any creditor or interest holder or any other party; or (d) an approval, assumption, adoption or rejection of any agreement, contract, lease, program, or

7

policy between the Debtors and any third party under section 365 of the Bankruptcy Code. Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended to be and should not be construed as an admission as to the validity or priority of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

## Notice

16. Notice of this Motion will be provided to (a) the entities on the Master Service List (as defined in the *Second Amended Order Establishing Certain Notice, Case Management, and Administrative Procedures* entered on November 18, 2019 [Docket No. 498] and available on the Debtors' case website at https://restructuring.primeclerk.com/purduepharma) and (b) any person or entity with a particularized interest in the subject matter of this motion. The Debtors respectfully submit that no further notice is required.

## No Prior Request

17. The Debtors have not previously sought the relief requested herein from the Court or any other court.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully request that the Court enter the proposed form of order, substantially in the form attached hereto, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: December 5, 2019
New York, New York

DAVIS POLK & WARDWELL LLP

By: */s/ Eli J. Vonnegut*

450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut
Christopher S. Robertson

*Counsel to the Debtors
and Debtors in Possession*

**<u>Exhibit A</u>**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>PURDUE PHARMA L.P., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 19-23649 (RDD)<br><br>(Jointly Administered) |

**ORDER EXTENDING THE TIME PERIOD WITHIN
WHICH THE DEBTORS MAY REMOVE ACTIONS**

Upon the motion (the "**Motion**")[2] of Purdue Pharma L.P. and its affiliates that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**") for entry of an order (this "**Order**") extending the period within which the Debtors may remove Actions pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027, as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to such term in the Motion.

the Notice Parties, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion and held a hearing to consider the relief requested in the Motion (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and the Court having determined that the relief requested is in the best interests of the Debtors, their estates, creditors and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**

1. The relief requested in the Motion is hereby granted as set forth herein.

2. Pursuant to Bankruptcy Rule 9006(b), the time period by which the Debtors may file notices of removal in this Court with respect to the Actions is extended through and including Monday, June 15, 2020 (the "**Extended Removal Deadline**").

3. This Order is without prejudice to the Debtors' right to seek further extension of the Extended Removal Deadline.

4. This Order shall be without prejudice to any position the Debtors may take regarding whether section 362 of the Bankruptcy Code applies to stay any Action.

5. The contents of the Motion and the notice procedures set forth therein are good and sufficient notice and satisfy the Bankruptcy Rules and the Local Rules, and no other or further notice of the Motion or the entry of this Order shall be required.

6. The Debtors are authorized to take all such actions as are necessary or appropriate to implement the relief granted in this Order.

7. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

White Plains, New York
Dated: _____, 2019

                                                 THE HONORABLE ROBERT D. DRAIN
                                                 UNITED STATES BANKRUPTCY JUDGE