DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut

*Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (RDD)** |
| **Debtors.**[1] | **(Jointly Administered)** |

**NOTICE OF HEARING ON APPLICATION OF DEBTORS FOR AN ORDER**
**AUTHORIZING THEM TO RETAIN AND EMPLOY JONES DAY AS**
**SPECIAL COUNSEL, *NUNC PRO TUNC* TO THE PETITION DATE**

**PLEASE TAKE NOTICE** that on December 5, 2019, Purdue Pharma L.P. and certain of

its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases

(collectively, the "**Debtors**") filed the *Application of the Debtors for an Order Authorizing Them*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

*to Retain and Employ Jones Day as Special Counsel, Nunc Pro Tunc to the Petition Date* (the "**Application**").

PLEASE TAKE FURTHER NOTICE that the Debtors will present the Application to the Honorable Robert D. Drain, United States Bankruptcy Judge, for approval and signature on **December 19, 2019 at 2:00 p.m. (prevailing Eastern Time)**.  A copy of the Application is attached hereto as **Exhibit A**.

PLEASE TAKE FURTHER NOTICE that, unless a written objection to the Application is served and filed with proof of service with the Clerk of the Court, and a courtesy copy is delivered to the undersigned and to the chambers of the Honorable Robert D. Drain, so as to be received by **December 16, 2019 at 4:00 p.m. (Eastern Time)**, there will not be a hearing to consider such Application, and such Application may be signed and entered by the Court.

PLEASE TAKE FURTHER NOTICE that, if a written objection is timely filed and served with respect to the Application, a hearing (the "**Hearing**") will be held to consider such Application before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court, 300 Quarropas Street, White Plains, New York 10601, on **December 19, 2019 at 2:00 p.m. (prevailing Eastern Time)**.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend the Hearing and a failure to appear may result in relief being granted upon default.

PLEASE TAKE FURTHER NOTICE that copies of the Application may be obtained free of charge by visiting the website of Prime Clerk LLC at https://restructuring.primeclerk.com/purduepharma.  You may also obtain copies of any pleadings by visiting the Bankruptcy Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

2

Dated:    December 5, 2019
          New York, New York

DAVIS POLK & WARDWELL LLP

By:    */s/ Eli J. Vonnegut*

450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile:  (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut

*Counsel to the Debtors*
*and Debtors in Possession*

**<u>Exhibit A</u>**

**Application**

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut

*Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| PURDUE PHARMA L.P., *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

**APPLICATION OF THE DEBTORS FOR AN ORDER**
**AUTHORIZING THEM TO RETAIN AND EMPLOY JONES DAY**
**AS SPECIAL COUNSEL, *NUNC PRO TUNC* TO THE PETITION DATE**

The above-captioned debtors and debtors in possession (collectively, the "Debtors")

submit this application (this "Application"), pursuant to section 327(e) of title 11 of the United

States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2014-1 of the Local Bankruptcy Rules for

the Southern District of New York (the "Local Rules") and consistent with the *U.S. Trustee*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

*Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013* (the "U.S. Trustee Guidelines"), for the entry of an order, in substantially the form attached as Exhibit A (the "Proposed Order"), (a) authorizing the Debtors to retain and employ Jones Day as special counsel in these chapter 11 cases, *nunc pro tunc* to the Petition Date (as defined below) and (b) granting certain related relief.  In support of this Application, the Debtors:  (a) submit (i) the *Declaration of Marc L. Kesselman in Support of the Application of the Debtors for an Order  Authorizing Them to Retain and Employ Jones Day as Special Counsel, Nunc Pro Tunc to the Petition Date* (the "Debtors' Declaration"), a copy of which is attached hereto as Exhibit B; and (ii) the *Declaration of John J. Normile in Support of the Application of the Debtors for an Order  Authorizing Them to Retain and Employ Jones Day as Special Counsel, Nunc Pro Tunc to the Petition Date* (the "Normile Declaration"), a copy of which is attached hereto as Exhibit C; and (b) further respectfully represent as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012 (the "Amended Standing Order"). Venue for this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2.      On September 15, 2019 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Office of the United States

Trustee for the Southern District of New York (the "U.S. Trustee") appointed an official

committee of unsecured creditors on September 27, 2019 [Docket No. 131].

3.      These chapter 11 cases are being jointly administered pursuant to Bankruptcy

Rule 1015(b) and the *Order Directing Joint Administration of Chapter 11 Cases* [Docket No.

59].

4.      Additional information regarding the Debtors and these chapter 11 cases,

including the Debtors' businesses, corporate structure, financial condition and reasons for and

objectives of these cases, is set forth in the *Debtors' Informational Brief* filed on September 16,

2019 [Docket No. 17] and incorporated herein by reference.

## RELIEF REQUESTED

5.      The Debtors request entry of an order, substantially in the form of the Proposed

Order, (a) authorizing them to retain and employ Jones Day as special counsel with respect to the

matters discussed below and consistent with the terms of the Engagement Letter, *nunc pro tunc*

to the Petition Date, and (b) granting certain related relief.

## BASIS FOR RELIEF REQUESTED

### A.      Jones Day's Qualifications

6.      Jones Day was initially engaged by the Debtors in 2004 to represent the Debtors

in connection with intellectual property prosecution and litigation, including Hatch-Waxman

patent litigation and related matters.  Additionally, over the years Jones Day has provided the

Debtors with general intellectual property related counseling and opinion work.  Over the course

of the engagement, Jones Day attorneys have worked closely with the Debtors' management and

in-house counsel and, as a result, have acquired extensive knowledge of the Debtors' history,

intellectual property portfolio, litigation needs and related matters.

-3-

7.      Jones Day is one of the largest law firms in the world, with a national and international practice, and has substantial experience in intellectual property and patent litigation. Its intellectual property group consists of more than 220 professionals, including more than 200 attorneys, each playing a significant role in a wide array of offensive and defensive litigation facing clients in various industries. Jones Day regularly plays a leading role in significant patent litigation matters, including those involving pharmaceutical companies.

8.      Accordingly, Jones Day is well qualified to serve as the Debtors' special counsel in connection with intellectual property related litigation and counseling matters in these chapter 11 cases.

**B.      Jones Day Services**

9.      As of the Petition Date, Jones Day represented the Debtors in several active patent litigation matters, including:

(a)      *Purdue Pharma, L.P. v. Collegium Pharmaceutical, Inc.*, No. 15-13099 (FDS) (D. Mass.);

(b)      *Purdue Pharma L.P. et al. v. Intellipharmaceutics Corp.*, No. 18-00404 (RGA) (D. Del); and

(c)      *Purdue Pharma L.P. et al. v. Intellipharmaceutics Corp.*, No. 17-00392 (RGA) (D. Del).

(d)      *Collegium Pharmaceutical, Inc. v. Purdue Pharma L.P. et al.,* PGR2018-00048 (P.T.A.B.).

10.     Jones Day also intends to file a petition for writ of certiorari seeking review of *Purdue Pharma L.P. v. Iancu*, 767 F. App'x 918 (Fed. Cir. 2019). In addition to the aforementioned litigation, Jones Day provides the Debtors with general intellectual property related counseling and opinion work.

11.     All of the Debtors' active patent litigation matters are currently stayed in light of the Debtors' ongoing bankruptcy proceedings. On September 20, 2019, Judge Saylor issued a

-4-

stay of District of Massachusetts case No. 15-13099.  Judge Saylor gave the parties permission to

advise the court of developments and to seek leave to lift or modify the stay pending further

developments in the bankruptcy.

12.     On October 2, 2019, the P.T.A.B. issued a stay of PGR2018-00048 and extended

the time to administer the proceeding by six months.

13.     On October 3, 2019, Judge Andrews issued a stay of District of Delaware

litigations Nos. 18-00404 and 17-00392.  The court instructed the parties to provide a status

report update no later than December 15, 2019.  Subsequent to receiving the status report, Judge

Andrews will determine whether the stay should continue, or if these cases should proceed to

trial.

14.     The terms and conditions of Jones Day's retention and its compensation as part of

the Debtors' chapter 11 cases are set forth in the engagement letter between the Debtors and

Jones Day (the "Engagement Letter"), copy of which is attached as Exhibit 1 to the Proposed

Order.[2]  The Debtors propose that, subject to the Court's approval, Jones Day will continue to

provide legal services to the Debtors with respect to the matters described above and in the

Engagement Letter.  Should the scope of Jones Day's services expand beyond the scope

discussed herein and in the Engagement Letter, Jones Day will file a supplemental retention

application with the Court.

15.     Due to Jones Day's experience and knowledge in the areas for which legal

services will be provided, as well as the firm's long-standing relationship with the Debtors in

connection therewith, the Debtors respectfully submit that Jones Day is uniquely qualified to

---

[2]     Any references to, or descriptions of, the Engagement Letter herein are qualified by the express terms of the Engagement Letter, which shall govern if there is any conflict between the Engagement Letter and the descriptions provided herein.

represent the Debtors in connection with their intellectual property needs during the course of

these chapter 11 cases.

### C.    Compensation and Fee Applications

16.    Pursuant to the terms of the Engagement Letter, and subject to this Court's

approval of this Application, Jones Day intends to: (a) charge for its legal services on an hourly

basis in accordance with the ordinary and customary hourly rates in effect on the date services

are rendered, and (b) seek reimbursement of actual and necessary out-of-pocket expenses.[3]

17.    Prior to the Petition Date, the Debtors and Jones Day agreed to a discounted fee

arrangement.  Jones Day's standard hourly rates are based on the professionals' level of

experience and are subject to review and adjustment – typically, on an annual basis.  As part of

the discounted fee arrangement, Jones Day agreed to charge the Debtors previous year's billable

rates (*i.e.*, for 2019, Jones Day used 2018 billable rates in calculating amounts due for legal

services performed).  The total invoices were also subject to a ten percent (10%) discount.

Additionally, Jones Day and the Debtors agreed to an arrangement that allowed the Debtors to

take an additional four percent (4%) discount on fees only, if paid in full within ten (10) days of

the date of the invoice, and three percent (3%) discount on fees only, if paid in full within fifteen

(15) days of the date of the invoice.  Jones Day and the Debtors agreed to maintain this

discounted fee arrangement following the Petition Date.

18.    The names, positions, resident offices and current hourly rates of those Jones Day

lawyers currently expected to continue providing services to the Debtors are attached as

Schedule 1 to the Normile Declaration.  Jones Day's hourly fees are comparable to those charged

---

[3]    The hourly rates charged by Jones Day professionals differ based on, among other things, the professional's level of experience and the rates normally charged in the specific office in which the professional is resident. Jones Day does not adjust the billing rates of its professionals based on the geographic location of a bankruptcy case or other matter.

by attorneys of similar experience and expertise for engagements of the scope and complexity similar to the patent litigation and intellectual property matters handled by Jones Day. Further, these Jones Day professionals are subject to the same client-driven market forces, scrutiny and accountability as its professionals in non-bankruptcy engagements. For all of these reasons, Jones Day's rates are reasonable.

19.    As referenced above, Jones Day's hourly billing rates are subject to periodic review and adjustments. Jones Day's practice of periodically adjusting its billing rates was disclosed to the Debtors in the Engagement Letter, and the Debtors have agreed to pay these modified rates pursuant to the Engagement Letter. According to section B(2)(d) of the U.S. Trustee Guidelines, Jones Day will provide justification of the reasonableness of any rate increase in the applicable fee application.[4]

20.    Jones Day will maintain detailed, contemporaneous time records in six (6) minute intervals and apply to this Court for payment of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Rules, the Local Rules, the U.S. Trustee Guidelines and any additional procedures that may be established by this Court in these chapter 11 cases.

21.    Furthermore, Jones Day contemplates billing for its incurred expenses in the following expense categories: (a) copies; (b) outside printing; (c) telephone; (d) facsimile; (e) online research; (f) delivery services/couriers; (g) postage; (h) local travel; (i) out-of-town travel (including subcategories for transportation, hotel, meals, ground transportation, other); (j) meals (local); (k) court fees; (l) subpoena fees; (m) witness fees; (n) deposition transcripts;

---

[4]    Like many of its peer law firms, Jones Day increases the hourly billing rate of attorneys and para-professionals periodically in the form of step increases in the ordinary course on the basis of advancing seniority and promotion. The step increases do not constitute "rate increases" (as the term is used in the U.S. Trustee Guidelines). Accordingly, Jones Day does not intend to provide a separate justification for such step increases.

(o) trial transcripts; (p) trial exhibits; (q) litigation support vendors; (r) experts; (s) investigators; (t) arbitrators/mediators; and (u) other.

22.    Jones Day will consult with the U.S. Trustee regarding any suggested alterations to these fee and expense categories.

### D.    Jones Day's Disclosures

23.    The Normile Declaration, incorporated herein by reference, discloses Jones Day's connections to the Debtors and parties in interest in these chapter 11 cases.  In reliance on the Normile Declaration, and except as set forth therein, the Debtors believe that Jones Day does not:  (a) represent or hold any interest adverse to the Debtors or their estates with respect to the matters on which Jones Day seeks to be employed and Jones Day will not represent any interest adverse to the Debtors in these chapter 11 cases; or (b) have any connection with the Debtors, any creditors or other parties in interest, their respective attorneys and accountants, or the United States Trustee or any of its employees.

### E.    Professional Compensation

24.    The Debtors from time to time have provided Jones Day with advance payments to maintain a retainer for professional services to be rendered and expenses to be incurred by Jones Day.  Most recently, on August 5, 2019, the Debtors provided Jones Day with an advance payment of $750,000 (the "Retainer").  Subsequent thereto, Jones Day (a) issued invoices to the Debtors and (b) applied the Retainer to outstanding pre-petition invoices.[5]

25.    Jones Day requests that it is permitted to treat the Retainer as an evergreen retainer and held by Jones Day as security throughout these chapter 11 cases.  Jones Day will not

---

[5]    Specifically, Jones Day applied a portion of the Retainer in the amount of $84,851.08 to outstanding pre-petition invoices.  The Retainer balance is being held in an escrow account.  As of the date of this Application, the Retainer balance was $665,148.92.

receive any further Retainers unless pursuant to Court order, and will not draw upon the Retainer

except pursuant to the Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy Local Rules.

## **STATEMENT REGARDING U.S. TRUSTEE GUIDELINES**

26.     Jones Day intends to apply for compensation for professional services rendered

and reimbursement of expenses incurred in connection with these chapter 11 cases in compliance

with applicable provisions of the Bankruptcy Code, Bankruptcy Rules, Local Rules, the

U.S. Trustee Guidelines and any other applicable procedures and orders of this Court.

27.     The following information is provided in response to the request for additional

information set forth in Paragraph D.1 of the U.S. Trustee Guidelines:

| | | |
|---|---|---|
| 1. | **Question:** | Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement? |
| | Response: | Prior to the Petition Date, the Debtors and Jones Day agreed to a discounted fee arrangement.  Jones Day and the Debtors agreed to maintain this discounted fee arrangement following the Petition Date. |
| 2. | **Question** | Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case? |
| | Response: | No. |
| 3. | **Question:** | If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition.  If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference. |
| | Response: | Since its representation of the Debtors began, Jones Day has not changed its billing rates or material financial terms for the engagement, other than (a) regular, annual Firm-wide adjustments to its standard rates and (b) Jones Day's agreement to set rates as described above.  Jones |

-9-

Day's rates and the financial terms of the engagement have been the same prepetition and postpetition.

4. **Question:**   Has your client approved your prospective budget and staffing plan, and, if so for what budget period?

Response   The Debtors and Jones Day have discussed Jones Day's estimated fees and expenses and staffing related to these chapter 11 cases. Jones Day and the Debtors developed a budget and staffing plan for 2019 and 2020. The Debtors and Jones Day, however, recognize that there may be unforeseeable fees and expenses that will need to be addressed by the Debtors and Jones Day.

## LEGAL BASIS FOR RELIEF REQUESTED

28.    Section 327(e) of the Bankruptcy Code authorizes a debtor in possession to employ one or more attorneys to represent the debtor on specified matters so long as those attorneys do not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which they are to be employed. *See* 11 U.S.C. § 327(e). Moreover, section 1107(b) of the Bankruptcy Code provides that "a person is not disqualified for employment under section 327 of [the Bankruptcy Code] by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case." 11 U.S.C. § 1107(b).

29.    As required by Rule 2014(a) of the Bankruptcy Rules,[6] the above-described facts set forth in this Application and the information in the Exhibits attached hereto set forth: (a) the

---

[6]    Rule 2014(a) of the Bankruptcy Rules provides that an application seeking the employment of professional persons pursuant to section 327 of the Bankruptcy Code:

> shall state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee. The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, any other party in interest, their respective attorneys

specific facts showing the necessity for Jones Day's continued employment; (b) the reasons for

the Debtors' selection of Jones Day as their special counsel in connection with these chapter 11

cases; (c) the professional services proposed to be provided by Jones Day; (d) the arrangement

between the Debtors and Jones Day with respect to Jones Day's compensation, including

information on retainers and hourly fees and the reasonableness thereof; and (e) to the best of the

Debtors' knowledge, the extent of Jones Day's connections, if any, to certain parties in interest in

these matters.  Accordingly, Jones Day's retention by the Debtors should be approved.

## NOTICE

30.    The Debtors will provide notice of this Application to:  (a) the entities on the

Master Service List (as defined in the Case Management Order and available on the Debtors'

case website at https://restructuring.primeclerk.com/purduepharma) and (b) any person or entity

with a particularized interest in the subject matter of this motion.  The Debtors respectfully

submit that no further notice is required.

## NO PRIOR REQUEST

31.    No prior request for the relief sought herein has been made to this Court or any

other court.

[*Remainder of page left blank intentionally*]

---

(continued…)

and accountants, the United States trustee, or any person employed in the office
of the United States trustee.

Bankruptcy Rule 2014(a).

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order and granting such other and further relief as may be appropriate.

Dated:  December 5, 2019
        New York, New York

Respectfully submitted,

**PURDUE PHARMA L.P.**
(for itself and on behalf of its affiliates that are debtors and debtors in possession)

_____
Marc L. Kesselman
Senior Vice President, General Counsel & Corporate Secretary
Purdue Pharma L.P.