DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut

*Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.***,** | Case No. 19-23649 (RDD) |
| Debtors.[1] | **(Jointly Administered)** |

**NOTICE OF HEARING ON APPLICATION OF DEBTORS FOR AUTHORITY TO
RETAIN AND EMPLOY ARNOLD & PORTER KAYE SCHOLER LLP AS SPECIAL
COUNSEL TO THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE**

**PLEASE TAKE NOTICE** that on December 5, 2019, Purdue Pharma L.P. and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") filed the *Application of Debtors for Authority to Retain and Employ*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

*Arnold & Porter Kaye Scholer LLP as Special Counsel to the Debtors Nunc Pro Tunc to the Petition Date* (the "**Application**").

**PLEASE TAKE FURTHER NOTICE** that the Debtors will present the Application to the Honorable Robert D. Drain, United States Bankruptcy Judge, for approval and signature on **December 19, 2019 at 2:00 p.m. (prevailing Eastern Time)**. A copy of the Application is attached hereto as **Exhibit A**.

**PLEASE TAKE FURTHER NOTICE** that, unless a written objection to the Application is served and filed with proof of service with the Clerk of the Court, and a courtesy copy is delivered to the undersigned and to the chambers of the Honorable Robert D. Drain, so as to be received by **December 16, 2019 at 4:00 p.m. (Eastern Time)**, there will not be a hearing to consider such Application, and such Application may be signed and entered by the Court.

**PLEASE TAKE FURTHER NOTICE** that, if a written objection is timely filed and served with respect to the Application, a hearing (the "**Hearing**") will be held to consider such Application before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court, 300 Quarropas Street, White Plains, New York 10601, on **December 19, 2019 at 2:00 p.m. (prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing and a failure to appear may result in relief being granted upon default.

**PLEASE TAKE FURTHER NOTICE** that copies of the Application may be obtained free of charge by visiting the website of Prime Clerk LLC at https://restructuring.primeclerk.com/purduepharma. You may also obtain copies of any pleadings by visiting the Bankruptcy Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

Dated: December 5, 2019
New York, New York

                                                               DAVIS POLK & WARDWELL LLP

By:  */s/ Eli J. Vonnegut*

450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile:  (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut

*Counsel to the Debtors
and Debtors in Possession*

**Exhibit A**

**Application**

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut

*Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649** |
| Debtors. [1] | **(Jointly Administered)** |

### APPLICATION OF DEBTORS FOR AUTHORITY TO RETAIN AND EMPLOY ARNOLD & PORTER KAYE SCHOLER LLP AS SPECIAL COUNSEL TO THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE

Purdue Pharma L.P. ("**PPLP**") and its affiliates that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**," the "**Company**" or "**Purdue**") hereby represent in support of this application (this "**Application**"):

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P., Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

**Jurisdiction and Venue**

1.  The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Debtors consent to entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

2.  On September 15, 2019 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtors' chapter 11 cases. On September 27, 2019 the Office of the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed a an official committee of unsecured creditors (the "**Creditors' Committee**").

3.  The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Bankruptcy Rules and the *Order Directing Joint Administration of Chapter 11 Cases* [ECF No. 59] entered by the Court in each of the chapter 11 cases.

4. Additional information about the Debtors' businesses and the events leading up to the Petition Date can be found in the *Debtors' Informational Brief* [ECF No. 17].

## Relief Requested

5. By this Application, pursuant to section 327(e) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), the Debtors request authority to retain and employ Arnold & Porter Kaye Scholer LLP ("**Arnold & Porter**") as special counsel to the Debtors for the matters described herein, effective *nunc pro tunc* to the Petition Date.

6. A proposed form of order granting the relief requested in this Application is attached hereto as **Exhibit A** (the "**Proposed Order**").

7. In support of the relief requested herein, the Debtors submit the *Declaration of Rory Greiss in Support of Application of Debtors for Authority to Retain and Employ Arnold & Porter Kaye Scholer LLP as Special Counsel to the Debtors Nunc Pro Tunc to the Petition Date* (the "**Greiss Declaration**"), attached hereto as **Exhibit B** and (ii) the *Declaration of Marc L. Kesselman in Support of Application of Debtors for Authority to Retain and Employ Arnold & Porter Kaye Scholer LLP as Special Counsel to the Debtors Nunc Pro Tunc to the Petition Date* (the "**Kesselman Declaration**"), attached hereto as **Exhibit C**.

## Scope of Arnold & Porter's Services

8. Arnold & Porter has a longstanding relationship with the Debtors and is being retained to continue to provide the services the firm has provided to the Debtors over the past fifteen (15) years. Arnold & Porter has provided and, if retained as special counsel, will continue to provide the following services to the Debtors during these chapter 11 cases

3

(collectively, the "**Arnold & Porter Services**"), including but not limited to advice in connection with intellectual property disputes, intellectual property licensing, supply and distribution arrangements, corporate transactions including development of pharmaceutical products, collaboration arrangements, mergers and acquisitions and work related to the foregoing.

9. The Debtors require, and will continue to require, the Arnold & Porter Services during these chapter 11 cases, including with respect to new matters that may arise. In addition, Arnold & Porter's history and familiarity with the Debtors will enable the firm to provide the Debtors and their restructuring advisors with knowledge and expertise about historical matters and issues that may affect the Debtors' chapter 11 cases. Arnold & Porter will not serve as the Debtors' general or special bankruptcy counsel and will not advise the Debtors or their estates with respect to their duties under the Bankruptcy Code.

10. Subject to approval of this Application, Arnold & Porter has informed the Debtors that it is willing to serve as the Debtors' special counsel and to perform the Arnold & Porter Services on matters arising during these chapter 11 cases.

### Arnold & Porter's Qualifications

11. The Debtors selected Arnold & Porter to provide the Arnold & Porter Services due to the firm's reputation and expertise in the relevant fields of law. In addition, the Debtors have relied on Arnold & Porter to provide counsel to the Debtors for approximately fifteen years. By virtue of the firm's prior engagement, Arnold & Porter is intimately familiar with the facts and history of the Debtors' business. As such, the retention of Arnold & Porter as special counsel will promote the efficient administration of these chapter 11 cases. Conversely, if required to retain different counsel to provide the Arnold & Porter Services, the Debtors will be forced to expend significant resources and expense to make such new counsel familiar with the

4

Debtors' business and to familiarize such counsel with the legal issues and status of matters that Arnold & Porter has handled or is handling for the Debtors.

12. In light of the foregoing, Arnold & Porter is well qualified and uniquely able to represent the Debtors as special counsel pursuant to section 327(e) of the Bankruptcy Code, and Arnold & Porter's retention would be in the best interest of the Debtors' estates, creditors, and other parties in interest.

### Arnold & Porter's Disclosures

13. To the best of the Debtors' knowledge, information, and belief, except as disclosed in the Greiss Declaration, Arnold & Porter has represented that it neither holds nor represents any interest that is materially adverse to the Debtors' estates in connection with any of the Arnold & Porter Services for which Arnold & Porter will be employed.

14. The Debtors have been informed that Arnold & Porter will supplement the Greiss Declaration if any facts or circumstances are discovered that require additional disclosure.

### Arnold & Porter's Compensation

15. The current hourly billing rates for Arnold & Porter professionals expected to spend significant time on the Arnold & Porter Services range from $850 to $1,330 for partners, $550 to $950 for associates and special counsel, and $280 to $380 for paralegals.[2] All of the aforementioned hourly billing rates reflect a previously agreed-upon voluntary fifteen percent (15%) discount from one-year trailing rates (e.g., 2019 rates charged in 2020). Other Arnold & Porter professionals (with different billing rates) may provide services to the Debtors in connection with the Arnold & Porter Services from time to time, as required. In addition to the hourly billing rates set forth herein, Arnold & Porter customarily charges its clients for all

---

[2] Arnold & Porter's hourly rates are subject to change from time to time in the regular course of Arnold & Porter's business.

5

reimbursable expenses incurred, including photocopying charges, messengers, courier mail, overtime, overtime meals, late night transportation, travel, lodging, meal charges for business meetings, postage, printing, transcripts, filing fees, computer research, and similar items. The Debtors respectfully submit that Arnold & Porter's rates and policies, as stated in the Greiss Declaration, are reasonable and customary.

16. Arnold & Porter does not hold any retainer from the Debtors. The Debtors understand that Arnold & Porter will apply to the Court for allowance of compensation and reimbursement of expenses for all professional services performed and expenses incurred after the Petition Date in accordance with General Order M-412 (*Order Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals*, dated December 21, 2010 (Gonzalez, C.J.)), Administrative Order M-447 (*Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, dated January 29, 2013 (Morris, C.J.)), and the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (collectively, the "**Fee Guidelines**"), the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of the Court.

17. As set forth in the Greiss Declaration, Arnold & Porter received total payments in the amount of $612,817.59 during the ninety (90) day period prior to the Petition Date for services performed and expenses incurred.

18. To the best of the Debtors' knowledge, neither Arnold & Porter nor any partner or associate thereof, has received or been promised any compensation for legal services rendered or to be rendered in any capacity in connection with the Debtors' chapter 11 cases, other than as

permitted by the Bankruptcy Code. Arnold & Porter has agreed not to share compensation received in connection with the Debtors' chapter 11 cases with any other person, except as permitted by section 504(b) of the Bankruptcy Code and Bankruptcy Rule 2016(b) in respect of sharing of compensation among Arnold & Porter's partners.

### No Duplication of Services

19.     The Debtors intend that the Arnold & Porter Services will complement, and not duplicate, the services being rendered by any other professional retained in these chapter 11 cases. Arnold & Porter understands that the Debtors have retained and may retain additional professionals during the term of their engagement and agrees to work cooperatively with such professionals to avoid any duplication of services.

### The Relief Requested Should Be Granted

20.     Section 327(e) of the Bankruptcy Code provides that a debtor, subject to Court approval:

> [M]ay employ, for a specified special purpose, other than to represent the [debtor in possession] in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e). Bankruptcy Rule 2014 requires that applications for retention of professionals include, among other things:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm]'s connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).

21.     In light of the size and complexity of these chapter 11 cases, the Debtors respectfully submit that retaining and employing Arnold & Porter pursuant to the terms of this Application is necessary and in the best interests of the Debtors' estates and all parties in interest in these chapter 11 cases.  As set forth in the Greiss  Declaration, Arnold & Porter has represented the Debtors for approximately fifteen (15) years and has in-depth knowledge of the Debtors' business, their intellectual property portfolio and the regulatory framework in which the Debtors operate.  The Arnold & Porter  Services will not overlap, but rather will complement, the services to be provided by the Debtors' general bankruptcy counsel, Davis Polk & Wardwell LLP.  Arnold & Porter has also represented to the Debtors that it neither holds nor represents any interest that is materially adverse to the Debtors' estates in connection with any matter for which it will be employed.

### *Nunc Pro Tunc* Relief is Warranted

22.     The Debtors believe that the employment of Arnold & Porter effective *nunc pro tunc* to the Petition Date is warranted under the circumstances of these chapter 11 cases so that Arnold & Porter may be compensated for its services prior to entry of an order approving Arnold & Porter's retention.  Further, the Debtors believe that no party-in-interest will be prejudiced by the granting of the *nunc pro tunc* employment because Arnold & Porter has provided, and will continue to provide, valuable services to the Debtors' estates in the interim period.

### Notice

23.     Notice of this Application will be provided to: (a) the entities on the Master Service List (as defined in the Case Management Order and available on the Debtors' case website at https://restructuring.primeclerk.com/purduepharma) and (b) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "**Notice Parties**").

24. A copy of this Application and any order approving it will also be made available on the Debtors' Case Information Website located at https://restructuring.primeclerk.com/purduepharma. Based on the circumstances surrounding this Application and the nature of the relief requested herein, the Debtors respectfully submit that no further notice is required.

## No Previous Request

25. No previous request for the relief sought herein has been made by the Debtors to this Court or any other court.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, the Debtors respectfully request entry of the Proposed Order and such other and further relief as is just.

December 5, 2019
New York, NY

**PURDUE PHARMA L.P.**
(for itself and on behalf of its affiliates
that are debtors and debtors in possession)

_____
Marc L. Kesselman
Senior Vice President, General Counsel & Corporate Secretary
Purdue Pharma L.P.

10