UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

PURDUE PHARMA L.P., *et al.*,

Debtors.[1]

Chapter 11

Case No. 19-23649 (RDD)

(Jointly Administered)

AFFIDAVIT AND DISCLOSURE STATEMENT OF GUSTAVO DE FREITAS MORAIS,

ON BEHALF OF DANNEMANN SIEMSEN BIGLER & IPANEMA MOREIRA

STATE OF SÃO PAULO)
                          ) s.s.:
COUNTY OF BRAZIL)

Gustavo de Freitas Morais, being duly sworn, upon his oath, deposes and says as follows:

1.   I am a partner of Dannemann Siemsen Bigler & Ipanema Moreira, located at Avenida Indianópolis, 739, São Paulo/SP, Brazil (the "**Firm**").

2.   Purdue Pharma L.P. and its affiliates that are debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), have requested that the Firm provide services to the Debtors, and the Firm has consented to provide such services (the "**Services**").

3.   The Services include, but are not limited to, the following: technical advisory and assistance in Intellectual Property.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

4. The Firm may have performed services in the past and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties in interest in the Debtors' chapter 11 cases. As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be claimants or employees of the Debtors, or other parties in interest in these chapter 11 cases. The Firm does not perform services for any such person in connection with these chapter 11 cases. In addition, the Firm does not have any relationship with any such person, such person's attorneys, or such person's accountants that would be adverse to the Debtors or their estates with respect to the matters on which the Firm is to be retained.

5. Neither I, nor any principal of, or professional employed by the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than principals and regular employees of the Firm.

6. Neither I nor any principal of, or professional employed by the Firm, insofar as I have been able to ascertain, holds or represents any interest materially adverse to the Debtors or their estates with respect to the matters on which the Firm is to be retained.

7. As of the commencement of this chapter 11 case, the Debtors owed the Firm $ 0.00 in respect of prepetition services rendered to the Debtors.

The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of this inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Affidavit.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Affidavit and Disclosure Statement was executed on December 5, 2019, at 5:30 PM.

_____
Affiant Name

SWORN TO AND SUBSCRIBED before
Me this ___ day of _____, 2019

_____
Notary Public

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.,** *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

**RETENTION QUESTIONNAIRE**

TO BE COMPLETED BY PROFESSIONALS EMPLOYED by Purdue Pharma L.P. and its affiliates that are debtors and debtors in possession in the above-captioned cases (collectively, the "**Debtors**").

All questions **must** be answered. Please use "none," "not applicable," or "N/A," as appropriate. If more space is needed, please complete on a separate page and attach.

1.  Name and address of professional:

    Dannemann Siemsen Bigler & Ipanema Moreira_____

    Avenida Indianópolis, 739, São Paulo/SP, Brazil, 04063-000 _____

2.  Date of retention: February 26, 2018 _____

3.  Type of services to be provided:   Technical assistance and advisory in Intellectual Property.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014).  The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

_____

4. Brief description of services to be provided:

   Review of patents and patent applications related to oxycodone in Brazil  _____

   _____

   _____

5. Arrangements for compensation (hourly, contingent, etc.):

   Compensation on hourly rates  _____

   (a) Average hourly rate (if applicable): $ 500.00

   (b) Estimated average monthly compensation based on prepetition retention (if company was employed prepetition):

   $ 5,000_____

6. Prepetition claims against the Debtors held by the company:

   Amount of claim: $ 0,00

   Date claim arose: N/A_____

   Nature of claim: N/A _____

7. Prepetition claims against the Debtors held individually by any member, associate, or employee of the company:

   Name: N/A _____

   Status: N/A _____

2

    Amount of claim: $ N/A _____

    Date claim arose: N/A_____

    Nature of claim: N/A _____

    _____

    _____

    _____

8. Disclose the nature and provide a brief description of any interest adverse to the Debtors or to their estates for the matters on which the professional is to be employed:

    N/A _____

    _____

9. Disclose whether the professional currently represents any of the Debtors' existing shareholders, including trusts, beneficiaries, companies, affiliates, family members and any similar related parties (together, the "**Shareholder Parties**"), and/or any entity owned or controlled by any Shareholder Party (in each case other than any Debtor), and whether any Shareholder Party or any entity owned or controlled by any Shareholder Party (other than any Debtor) accounted for more than 1% of the professionals' annual revenue for any of the last five years. If so, describe what ethical walls or other protections are in place with regard to the concurrent representations.

    N/A _____

10. Name and title of individual completing this form: Gustavo de Freitas Morais, Partner

*[signature]*

Dated: December 5, 2019