UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>PURDUE PHARMA L.P., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 19-23649 (RDD)<br><br>(Jointly Administered) |

**AFFIDAVIT AND DISCLOSURE STATEMENT OF NADINE Y. ANDO, ON BEHALF OF PURDUE PHARMA L.P., PURDUE PHARMA, INC., AND <u>THE PURDUE FREDERICK COMPANY, INC.</u>**

STATE OF HAWAIʻI          )
                                              ) s.s.:
COUNTY OF HONOLULU  )

Nadine Y. Ando, being duly sworn, upon her oath, deposes and says as follows:

1. I am an attorney with McCorriston Miller Mukai MacKinnon LLP, located at 500 Ala Moana Boulevard, Honolulu, Hawaiʻi 96813 (the "**Firm**").

2. Purdue Pharma L.P. and its affiliates that are debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), have requested that the Firm provide services to the Debtors, and the Firm has consented to provide such services (the "**Services**").

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

403574.1

3. The Services include, but are not limited to, providing legal advice and preparation of legal documents in connection with the defense of Debtors in litigation filed in the State of Hawai'i.

4. The Firm may have performed services in the past and may perform services in the future, in matters unrelated to theses chapter 11 cases, for persons that are parties in interest in the Debtors' chapter 11 cases. As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be claimants or employees of the Debtors, or other parties in interest in these chapter 11 cases. The Firm does not perform services for any such person in connection with these chapter 11 cases. In addition, the Firm does not have any relationship with any such person, such person's attorneys, or such person's accountants that would be adverse to the Debtors or their estates with respect to the matters on which the Firm is to be retained.

5. Neither I, nor any principal of, or professional employed by the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than principals and regular employees of the Firm.

6. Neither I nor any principal of, or professional employed by the Firm, insofar as I have been able to ascertain, holds or represents any interest materially adverse to the Debtors or their estates with respect to the matters on which the Firm is to be retained.

7. As of the commencement of this chapter 11 case, the Debtors owed the Firm $507.64 in respect of prepetition services rendered to the Debtors.

8. The Firm is conducting further inquires regarding its retention by any creditors of the Debtors, and upon conclusion of this inquiry, or at any time during the period of its

employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Affidavit.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Affidavit and Disclosure Statement was executed on December 6, 2019 at Honolulu, Hawai'i.

_____
NADINE Y. ANDO

This (3) page *Affidavit and Disclosure of Nadine Y. Ando, on Behalf of Purdue Pharma L.P., Purdue Pharma, Inc., and The Purdue Frederick Company, Inc.*, dated December 6, 2019, was subscribed and sworn to before me on December 6, 2019, in the First Circuit of the State of Hawaii, by Nadine Ando.

_____
Name: Joy M. Clemente
Notary Public, State of Hawaii
My commission expires: August 7, 2021

403574.1                                3

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.**, *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

# RETENTION QUESTIONNAIRE

TO BE COMPLETED BY PROFESSIONALS EMPLOYED by Purdue Pharma L.P. and its affiliates that are debtors and debtors in possession in the above-captioned cases (collectively, the "**Debtors**").

All questions **must** be answered. Please use "none," "not applicable," or "N/A," as appropriate. If more spaces is needed, please complete on a separate page and attach.

1. Name and address of processional:

   Nadine Y. Ando
   McCorriston Miller Mukai MacKinnon LLP
   500 Ala Moana Boulevard
   Honolulu, Hawai'i 96813.

2. Date of retention:    July 2019

3. Type of services to be provided:

   Legal advice and preparation of legal documents in connection with the defense of Debtors in litigation filed in the State of Hawai'i.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

4. Brief description of services to be provided:

   Legal advice and preparation of legal documents in connection with the defense of Debtors in litigation filed in the State of Hawai'i.

5. Arrangements for compensation (hourly, contingent, etc.): Hourly

   (a) Average hourly rate (if applicable): $404.00

   (b) Estimated average monthly compensation based on prepetition retention (if company was employed prepetition):    $15,000.00

6. Prepetition claims against the Debtors held by the company:

   Amount of claim:    N/A

   Date claim arose:    N/A

   Nature of claim:    N/A

7. Prepetition claims against the Debtors held individually by any member, associate, or employee of the company:

   Name:    N/A

   Status:    N/A

   Amount of claim:    N/A

   Date claim arose:    N/A

   Nature of claim:    N/A

8. Disclose the nature and provide a brief description of any interest adverse to the Debtors or to their estates for the matters on which the processional is to be employed:    N/A

9.     Disclose whether the professional currently represents any of the Debtors' exisiting shareholders, including trusts, beneficiaries, companies, affiliates, family members and any similar related parties (together, the "**Shareholder Parties**"), and/or any entity owned or controlled by any Shareholder Party (in each case other than any Debtor), and whether any Shareholder Party or any entity owned or controlled by any Shareholder Party (other than any Debtor) accounted for more than 1% of the professionals' annual revenue for any of the last five years. If so, describe what ethical walls or other protections are in place with regard to the concurrent representations.

    N/A

10.     Name and title of individual completing this form:   Nadine Y. Ando; Partner

Dated: December 6, 2019

403575.1      3