UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **In re:**<br><br>**PURDUE PHARMA L.P.,** *et al.*,<br><br>Debtors.[1] | **Chapter 11**<br><br>**Case No. 19-23649 (RDD)**<br><br>**(Jointly Administered)** |

### ORDER AUTHORIZING PJT PARTNERS LP TO FILE UNDER SEAL CERTAIN CONFIDENTIAL INFORMATION RELATED TO PJT PARTNERS LP'S RETENTION APPLICATION

Upon the motion, dated December 5, 2019 (the "**Motion**")[2] filed by PJT Partners LP ("**PJT**"), proposed investment banker to the debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), for entry of an order (this "**Order**"), pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Rule 9018-1, authorizing PJT to file under seal certain information related to the Retention Application and to file a version of the Retention Motion on the public docket of this case that has the sealed information redacted, all as more fully set forth in the Motion; and upon the Supplemental Coleman Declaration; and this Court having jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b); and this Court having found that

---

[1]  The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

PJT's notice of the Motion and the opportunity for a hearing on the Motion, were appropriate under the circumstances, and that no other notice or a hearing is required; and this Court having reviewed the Motion and the Supplemental Coleman Declaration and having determined that the legal and factual bases set forth in the Motion establish good and sufficient cause for the relief granted herein, in that the proposed redactions comprise confidential commercial information properly protected from public disclosure under section 107(b) of the Bankruptcy Code; now, therefore, it is hereby ORDERED that the Motion is granted to the extent set forth herein.

1. PJT is authorized to file (i) the Supplemental Coleman Declaration on the public docket of these chapter 11 cases with the Confidential Client Information redacted and (ii) the unredacted version of the Supplemental Coleman Declaration under seal pursuant to section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1. In furtherance thereof, PJT shall promptly provide the Clerk of the Court, attn: Mimi Correa, a copy of (a) this Order and (b) the unredacted Supplemental Coleman Declaration in a folder (either paper or electronic) prominently labeled "TO BE FILED UNDER SEAL."

2. The Confidential Client Information shall remain confidential, shall remain under seal, and shall not be made available to anyone except (i) this Court, (ii) the U.S. Trustee, (iii) counsel for the Debtors on a professional's-eyes-only basis and (iv) such other parties as ordered by this Court or as agreed to by PJT in writing.

3. Except as ordered by this Court or as agreed to in writing by PJT, any pleadings that disclose any of the Confidential Client Information shall be filed under seal in accordance with this Order and served only on those parties authorized in paragraph 2 above.

4. Any party who receives the Confidential Client Information in accordance with this Order shall not disclose or otherwise disseminate such Confidential Client Information to any other person or entity, subject to further order of the Court.

5. PJT is authorized to take all actions as may be necessary and appropriate to effectuate the relief granted in this Order.

6. This Order is without prejudice to the rights of any party in interest to seek to unseal and make public any portion of the material filed under seal.

7. Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

8. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: December 9, 2019
      White Plains, New York      /s/ Robert D. Drain
                                                         THE HONORABLE ROBERT D. DRAIN
                                                         UNITED STATES BANKRUPTCY JUDGE