| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | Hearing Date:  December 19, 2019<br>Hearing Time:  10:00 am |

---------------------------------------------------------- x
                                                  :

In re                                              :          Chapter 11

PURDUE PHARMA L.P., *et al.*,          :          Case No. 19-23649 (RDD)

                                 Debtors.   :          Jointly Administered

---------------------------------------------------------- x

**THE UNITED STATES TRUSTEE'S (i) SUPPLEMENTAL
OBJECTION TO THE RETENTION OF PJT PARTNERS LP
AS INVESTMENT BANKER FOR THE DEBTORS (ii)
OBJECTION TO PJT's MOTION TO SEAL AND (iii)
<u>REQUEST TO UNSEAL PJT'S CLIENT INFORMATION</u>**

TO:    **THE HONORABLE ROBERT D. DRAIN,
        UNITED STATES BANKRUPTCY JUDGE:**

        William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee"), hereby submits this (i) supplemental objection to the application of the Debtors for authority to employ PJT Partners LP ("PJT") (the "Application")(ECF No. 430) and (ii) objection to PJT's Motion to Seal Client Information ("Motion to Seal") (ECF No. 589). The United States Trustee further requests that in accordance with the Order entered on December 10, 2019 (ECF No. 637), that the Court unseal PJT's client information and allow it to be made public. In support of his objection, the United States Trustee respectfully submits as follows:

## BACKGROUND

        1.      On or about November 5, 2019, PJT filed an Application seeking employment as Investment Banker for the Debtors.  ECF No. 430.

        2.      On or about November 14, 2019, the United States Trustee filed an objection to the Application (the "Objection").  ECF No. 471.  The hearing date on the Application is scheduled for December 19, 2019.

3. On or about December 9, 2019, PJT filed a Motion to Seal Client Information. ECF No. 589.  Objections to the Motion to Seal are due on or before December 16, 2019 and the hearing on the Motion to Seal is scheduled for December 19, 2019.

4. On or about December 10, 2019, the Court issued an Order Authorizing PJT Partners LP To File Under Seal Certain Confidential Information Related to PJT Partners LP's Retention Application (the "Order").  ECF 637.  The Order is without prejudice to the rights of any party in interest to seek to unseal and make public any portion of the material filed under seal.  *Id.*

## SUPPLEMENTAL OBJECTION AND OJBECTION

The United States Trustee objected to the retention of PJT as the Debtors' Investment Banker because PJT chose not to disclose the identity of a client it represents other than indicating that the client is a party-in-interest in these cases and that PJT does not represent it in any matters concerning these cases.  However, without specific information such as the identity of the client, its specific connections to these cases, and the importance of this client to PJT, it is impossible for the Court, the United States Trustee and parties-in-interest to determine if PJT meets the adverse interest and disinterestedness test of the Bankruptcy Code. *See* Objection, ECF No. 471.  The Objection also explained, however, that if PJT had reasons for shielding the identity of this client from public dissemination, that PJT should move this Court for permission to redact the name of the client in accordance with Section 107 of the Bankruptcy Code.

Although the Motion to Seal impliedly argued that the United States Trustee's failure to consent to PJT's sealing request resulted in PJT having to needlessly file a motion under Section 107, clearly the United States Trustee has no authority to grant a party's request to seal

information that the party thinks is confidential.  That authority rests with the Court alone based upon the Court's determination that the movant has met its burden of proof under section 107.

Following the filing of the Objection, PJT appropriately sought relief from this Court under Section 107 seeking authority from this Court to seal the name of its client with a connection to these debtors.  Unfortunately, the Motion to Seal was singularly uninformative and despite its length, provided no justification for the sealing of the name of its client other than representing that it had an agreement with its client to keep the client's identity confidential. This Court has previously stated at oral argument that it is not be bound by contracts entered into by professionals with clients in which the professional agreed to keep the identity of its client confidential.  *In re Sungard Availability Services Capital, Inc., et al.*, Case No. 19-22915 (RDD). As argued in the Objection, private contractual confidentiality agreements, do not and cannot supersede the ethics and disclosure requirements of the Bankruptcy Code and Rules.  *See In re Project Orange*, 431 B.R. 363 (Bankr. S.D.N.Y. 2010) (conflict waivers obtained from a creditor by a law firm do not, by contractually permitting the firm to represent the debtor on some matters adverse to creditors, trump the statutory requirements governing the estate's employment of professionals).  PJT has not met its burden of proof under Section 107.

The Order provides that it is without prejudice to the rights of parties to seek to have the sealed information unsealed.  Accordingly, for the reasons stated in his Objection and in this Supplemental Objection, and because PJT has not met its burden of proof, the United States Trustee respectfully requests that either the client information be unsealed or that the Application be denied.

WHEREFORE, the U.S. Trustee respectfully requests that the Court unseal PJT's client information or sustain his objection and deny the retention of PJT and grant such other relief as is just and proper.

Dated: New York, New York
December 11, 2019

Respectfully submitted,

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE, Region 2

By: */s/ Brian S. Masumoto*
Brian S. Masumoto
Trial Attorney
201 Varick Street, Room 1006
New York, New York 10014
Tel. (212) 510-0500