**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.,** *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

**PJT PARTNERS LP'S REPLY TO THE UNITED STATES TRUSTEE'S
(I) INITIAL AND SUPPLEMENTAL OBJECTIONS TO THE RETENTION
OF PJT PARTNERS LP AS INVESTMENT BANKER FOR THE DEBTORS,
(II) OBJECTION TO PJT'S MOTION TO SEAL AND
(III) REQUEST TO UNSEAL PJT'S CLIENT INFORMATION**

PJT Partners LP ("**PJT**"), proposed investment banker to the debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), hereby files this reply (this "**Reply**") to the objections (the "**Objections**")[2] of the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") and in further support of the *Debtors' Application to Employ PJT Partners LP as Investment Banker* Nunc Pro Tunc *to the Petition Date* [Docket No. 430] (the "**Retention Application**") and *PJT Partners LP's Motion for Entry of an Order Authorizing Certain Confidential Information Related to PJT Partners LP's Retention*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] The *Objection of the United States Trustee to Entry of Order Approving the Retention of PJT Partners LP as Investment Banker for the Debtors* [Docket No. 471] (the "**Original Retention Objection**"); and the *United States Trustee's (i) Supplemental Objection to the Retention of PJT Partners LP as Investment Banker for the Debtors, (ii) Objection to PJT's Motion to Seal and (iii) Request to Unseal PJT's Client Information* [Docket No. 646] (as applicable, the "**Supplemental Retention Objection**" and the "**Sealing Objection**").

*Application to be Filed Under Seal* [Docket No. 589] (the "**Sealing Motion**"),[3] and in support thereof respectfully submits the following:

## Background

1.  On December 5, 2019, the Debtors filed the Sealing Motion and the *Supplemental Declaration of Timothy Coleman in Support of the Debtors' Application to Employ PJT Partners LP as Investment Banker* Nunc Pro Tunc *to the Petition Date* [Docket No. 590] (the "**Supplemental Coleman Declaration**"). On December 10, 2019, this Court entered the *Order Authorizing PJT Partners LP to File Under Seal Certain Confidential Information Related to PJT Partners LP's Retention Application* [Docket No. 637] (the "**Sealing Order**").

2.  On December 11, 2019, pursuant to the Sealing Order, counsel for PJT shared the Confidential Client Information with the U.S. Trustee and with counsel for the Debtors and counsel for the Official Committee of Unsecured Creditors (the "**Committee**") on a professional's-eyes-only basis.

3.  On December 13, 2019, one day after the deadline for objections to the Retention Application,[4] and three days after this Court entered the Sealing Order, the U.S. Trustee filed the Sealing Objection and the Supplemental Retention Objection requesting that this Court unseal the Confidential Client Information or, alternatively, deny the Retention Application. The U.S. Trustee makes this untimely request despite the fact that (i) PJT's confidential client has a relatively small $130,000 pre-petition claim against the Debtors, (ii) this Court has already found PJT met its burden of proof for sealing the Confidential Client Information and (iii) the *only* basis

---

[3] All capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Sealing Motion.

[4] *See Notice of Adjournment of Hearing Regarding Debtors' Application to Employ PJT Partners LP as Investment Banker* Nunc Pro Tunc *to the Petition Date* [Docket No. 464], which provided that the deadline for any objections to the Retention Application was 4:00 pm on December 12, 2019.

2

cited in the Original Retention Objection was the nondisclosure of the Confidential Client Information, which – in addition to all of the other information disclosed in the Flanagan Declaration and Supplemental Coleman Declaration – has now been provided to this Court, the U.S. Trustee, and counsel for the Debtors and the Committee on a professional's-eyes-only basis.

4.    PJT has taken every reasonable step to ensure the appropriate parties are sufficiently informed regarding its connections to potentially interested parties, including with respect to the confidential engagement, in order to make a determination of PJT's disinterestedness for purposes of its retention under section 327 of the Bankruptcy Code.  Nevertheless, the U.S. Trustee has chosen to file its baseless and inaccurate Objections to the Sealing Motion and the Retention Application, requiring PJT to submit this Reply.

## Argument

### A.  The Confidential Client Information Should Remain Sealed.

5.    The Sealing Motion set forth the relevant law and legal standards governing a motion to seal pursuant to section 107 of the Bankruptcy Code, provided all of the information that is required by the Local Rules, and specified *multiple* justifications for sealing the Confidential Client Information that are routinely found by courts to warrant such sealing.  The U.S. Trustee reduces PJT's reasons for sealing to solely the fact that PJT has a confidentiality agreement with the confidential client, apparently ignoring the majority of the Sealing Motion and the Supplemental Coleman Declaration, which also provide that (i) the confidential information as to which PJT seeks protection under section 107 includes information that could cause commercial harm, (ii) maintaining the confidentiality of information such as the Confidential Client Information is an essential component of PJT's business and (iii) the premature disclosure of the Confidential Client Information can disrupt the non-public deal that PJT is working on, give PJT's competitors an unfair advantage, jeopardize the interests of PJT's client, strain PJT's relationship

3

with its existing client and discourage future clients from engaging PJT.  Moreover, as set forth in the Sealing Motion and further addressed below, PJT disclosed in the Flanagan Declaration over 70 connections to potential parties in interest, including certain details regarding the confidential engagement, and narrowly tailored the relief requested in the Sealing Motion to protect only the most commercially sensitive information that is entitled to protection under section 107 of the Bankruptcy Code.

6. This Court already reviewed the Sealing Motion and the Supplemental Coleman Declaration and found that PJT met its burden and sealing the Confidential Client Information was warranted under these circumstances.  For all of these reasons, PJT respectfully requests that this Court deny the Sealing Objection, uphold the Sealing Order and approve the Retention Application.

**B. The U.S. Trustee's Original Retention Objection and Supplemental Retention Objection Should Be Denied, and the Retention Application Should Be Granted.**

7. The U.S. Trustee similarly attempts to inaccurately diminish the disclosures PJT has made with respect to the confidential engagement and argue that the failure to publicly disclose the Confidential Client Information warrants the denial of the Retention Application.  Between the Flanagan Declaration and the Supplemental Coleman Declaration, PJT has publicly disclosed that (i) the confidential client is a party in interest in the Debtors' chapter 11 cases only because it holds an outstanding pre-petition claim against the Debtors for approximately $130,000; (ii) the confidential client is an opioid manufacturer or distributer of opioid-related products that is or may become involved in opioid-related litigation, and (iii) the confidential engagement is unrelated to the Debtors or their chapter 11 cases.

8. With the exception of the actual identity of the client (which, as described above and in the Sealing Motion, is commercially sensitive information that is entitled to protection under

4

section 107 of the Bankruptcy Code), this information is all a professional advisor would reasonably disclose in connection with a retention application pursuant to section 327 of the Bankruptcy Code. However, in this case, the client's identity is in no way necessary to facilitate any party-in-interest's determination regarding PJT's disinterestedness given all of the information regarding this engagement that PJT has already disclosed, and there is sufficient cause to maintain its confidentiality. Furthermore, in accordance with the Sealing Order, PJT has disclosed the client's identity to this Court, the U.S. Trustee, and counsel for the Debtors and counsel for the Committee on a professional's-eyes-only basis. Therefore, together with all of the other information disclosed in the Flanagan Declaration and the Supplemental Coleman Declaration, the parties are undoubtedly in a position to make a determination that the confidential engagement does not preclude PJT from meeting the disinterestedness standard under section 327 of the Bankruptcy Code.

9.    For all of the aforementioned reasons, PJT respectfully requests that this Court deny the U.S. Trustee's Objections to the Retention Application.

WHEREAS, PJT respectfully requests that the Court deny the Objections in their entirety, uphold the Sealing Order, grant the Retention Application and grant such other relief as the Court deems just and proper.

Dated: December 17, 2019
New York, New York

/s/  *Elisha D. Graff*
**SIMPSON THACHER & BARTLETT LLP**
Elisha D. Graff
Jamie J. Fell
425 Lexington Avenue
New York, New York 10017
Telephone: (212) 455-2000
Facsimile:  (212) 455-2502
Email:  egraff@stblaw.com
　　　　jamie.fell@stblaw.com

*Counsel for PJT Partners LP*