**<u>Exhibit A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** <br><br> **PURDUE PHARMA L.P.,** *et al.*, <br><br> **Debtors.**[1] | **Chapter 11** <br><br> **Case No. 19-23649 (RDD)** <br><br> **(Jointly Administered)** |

### ORDER EXTENDING THE DEADLINE TO ASSUME OR REJECT
### UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY

Upon the motion (the "**Motion**")[2] of Purdue Pharma L.P. and its affiliates that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**") for entry of an order, pursuant to section 365(d)(4) of title 11 of the United States Code (the "**Bankruptcy Code**"), granting a 90-day extension of the current 120-day period to assume or reject unexpired leases of nonresidential real property (collectively, the "**Unexpired Leases**"); and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to such term in the Motion.

U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion and held a hearing to consider the relief requested in the Motion (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and the Court having determined that the relief requested is in the best interests of the Debtors, their estates, creditors and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**

1. The relief requested in the Motion is hereby granted as set forth herein.

2. Pursuant to section 365(d)(4) of the Bankruptcy Code, the time period by which the Debtors must assume or reject the Unexpired Leases is extended through and included file notices of removal in this Court with respect to the Actions is extended through and including Monday, April 13, 2020.

3. This Order is without prejudice to the rights of the Debtors to seek further extensions of the time to assume or reject the Unexpired Leases with the consent of the affected lessors as contemplated by section 365(d)(4)(B)(ii) of the Bankruptcy Code.

4. The contents of the Motion and the notice procedures set forth therein are good and sufficient notice and satisfy the Bankruptcy Rules and the Local Bankruptcy Rules, and no other or further notice of the Motion or the entry of this Order shall be required.

5. The Debtors are authorized to take all such actions as are necessary or appropriate to implement the relief granted in this Order.

6. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and enforcement of this Order.

White Plains, New York
Dated: _____, 2019

> THE HONORABLE ROBERT D. DRAIN
> UNITED STATES BANKRUPTCY JUDGE