**<u>Exhibit A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.,** *et al.*, | Case No. 19-23649 |
| Debtors. [1] | (Jointly Administered) |

### ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF ARNOLD & PORTER KAYE SCHOLER LLP AS SPECIAL COUNSEL FOR THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE

Upon the application, dated December 5, 2019 (ECF No. 602) (the "**Application**"),[2] of Purdue Pharma L.P. and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to section 327(e) of title 11 of the United States Code (the "**Bankruptcy Code**"), Bankruptcy Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), for entry of an order authorizing the Debtors to retain Arnold & Porter as special counsel to the Debtors with respect to the Arnold & Porter Services, effective *nunc pro tunc* to the Petition Date, all as more fully set forth in the Application; and upon the declaration of Rory Greiss, a partner of the law firm of Arnold & Porter Kaye Scholer LLP, attached to the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P., Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Capitalized terms used but not defined in this Order shall have the meanings ascribed to them in the Application.

Application as **Exhibit B** (the "**Greiss Declaration**") and the declaration of Marc L. Kesselman, attached to the Application as **Exhibit C** (the "**Kesselman Declaration**"), and this Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Application having been provided to the Notice Parties, and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and this Court having held a hearing on the Application (the "**Hearing**"); and the Court having considered the Greiss Declaration and the Kesselman Declaration, filed contemporaneously with the Application, and the Court having determined that the relief sought in the Application is in the best interests of the Debtors, their creditors, and all parties in interest, and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Application is approved as set forth herein.

2. The Debtors are authorized to retain Arnold & Porter as special counsel to the Debtors with respect to the Arnold & Porter Services, effective *nunc pro tunc* to the Petition Date, and Arnold & Porter is authorized to perform the Arnold & Porter Services described in the Application.

3. Arnold & Porter shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Arnold & Porter Services

in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court.

4. Arnold & Porter shall be compensated in accordance with, and shall file interim and final fee applications for allowance of its compensation and expenses and shall be subject to, sections 330 and 331 of the Bankruptcy Code, as well as the Bankruptcy Rules, Local Rules, and any further orders of the Court.

5. Arnold & Porter shall provide reasonable notice to the Debtors, the U.S. Trustee and any statutory committee appointed in these chapter 11 cases before implementing any increases in the rates set forth in the Application for professionals providing the Arnold & Porter Services.

6. The relief granted herein shall be binding upon any chapter 11 trustee appointed in any of the chapter 11 cases or upon any chapter 7 trustee appointed in the event of a subsequent conversion of any of the chapter 11 cases to cases under chapter 7.

7. Notice of the Application as provided therein is good and sufficient notice of such Application and the requirements of Bankruptcy Rule 6004(h) and the Local Rules are satisfied by such notice.

8. Notwithstanding any provision in the Bankruptcy Rules to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

9. The Debtors are authorized to take all reasonable actions necessary to effectuate the relief granted in this Order in accordance with the Application.

10. In the event of any inconsistency between the Application and this Order, the terms of this Order shall govern.

11. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2019
       White Plains, New York

                                              THE HONORABLE ROBERT D. DRAIN
                                              UNITED STATES BANKRUPTCY JUDGE