UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>**PURDUE PHARMA L.P.**, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 19-23649 (RDD)<br><br>(Jointly Administered) |

### AFFIDAVIT AND DISCLOSURE STATEMENT OF HAROLD H. FOX,

### ON BEHALF OF STEPTOE & JOHNSON LLP

DISTRICT OF COLUMBIA ) s.s.:

Harold H. Fox_____, being duly sworn, upon his oath, deposes and says as follows:

1.   I am a partner of Steptoe & Johnson LLP, located at 1330 Connecticut Avenue, NW, Washington, District of Columbia (the "**Firm**").

2.   Purdue Pharma L.P. and its affiliates that are debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), have requested that the Firm provide services to the Debtors, and the Firm has consented to provide such services (the "**Services**").

3.   The Services include, but are not limited to, the following: Intellectual property counseling and litigation.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

4. The Firm may have performed services in the past and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties in interest in the Debtors' chapter 11 cases. As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be claimants or employees of the Debtors, or other parties in interest in these chapter 11 cases. The Firm does not perform services for any such person in connection with these chapter 11 cases. In addition, the Firm does not have any relationship with any such person, such person's attorneys, or such person's accountants that would be adverse to the Debtors or their estates with respect to the matters on which the Firm is to be retained.

5. In the ordinary course of its business, the Firm maintains a database for purposes of performing "conflict checks." The Firm's database contains information regarding the Firm's present and past representations. Pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), I obtained a list of the entities identified in Bankruptcy Rule 2014(a) from counsel to Debtors, Exhibit 1 hereto, for purposes of searching the aforementioned database and determining the connection(s) which the Firm has with such entities. The Firm's search of the database identified the following connections:

6. The Firm has represented and continues to represent a number of the entities (or affiliates of these entities) in matters unrelated to this chapter 11 case and unrelated to the Debtors. The Firm does not believe that such representations cause any unwaivable conflicts in this chapter 11 case.

7. The Firm, and its attorneys, has previously, currently represent and in the future will likely represent debtors, creditors and equity holders and other interested parties in cases unrelated to this chapter 11 cases wherein one or more of our lawyers have provided advice and

2

other professional services. The Firm does not believe that such representation causes any unwaivable conflict in this chapter 11 case.

8. The Firm, and its attorneys, have represented, represents, and in the future will likely represent debtors, creditors and equity holders and other interested parties in cases unrelated to this chapter 11 case wherein one or more of the Bankruptcy Judges and/or U.S. Trustee employees, and/or other professionals identified on Exhibit 1 have been involved, in their capacity as such, in the matter upon which the Firm provided representation. The Firm does not believe that such representation causes any conflict in this chapter 11 case.

9. Neither I, nor any principal of, or professional employed by the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than principals and regular employees of the Firm.

10. Neither I nor any principal of, or professional employed by the Firm, insofar as I have been able to ascertain, holds or represents any interest materially adverse to the Debtors or their estates with respect to the matters on which the Firm is to be retained.

11. As of the commencement of this chapter 11 case, the Debtors owed the Firm $_____0_____ in respect of prepetition services rendered to the Debtors.

12. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of this inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Affidavit.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Affidavit and Disclosure Statement was executed on , December 18, 2019, at <u>Washington, District of Columbia</u>.

_____
Harold H. Fox, Partner
Steptoe & Johnson LLP

SWORN TO AND SUBSCRIBED before
Me this 18th day of December, 2019

_____
Notary Public

SHEILA SAXON
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires January 14, 2020



4

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

PURDUE PHARMA L.P., *et al.*,

Debtors.[4]

Chapter 11

Case No. 19-23649 (RDD)

(Jointly Administered)

## RETENTION QUESTIONNAIRE

TO BE COMPLETED BY PROFESSIONALS EMPLOYED by Purdue Pharma L.P. and its affiliates that are debtors and debtors in possession in the above-captioned cases (collectively, the "**Debtors**").

All questions **must** be answered. Please use "none," "not applicable," or "N/A," as appropriate. If more space is needed, please complete on a separate page and attach.

1. Name and address of professional:

   Harold H. Fox, Steptoe & Johnson LLP, 1330 Connecticut Avenue, NW, Washington, District of Columbia

2. Date of retention: June 25, 2013.

3. Type of services to be provided:

   Intellectual property counseling and intellectual property litigation

---

[4] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

2

4. Brief description of services to be provided:

   Representation in intellectual property disputes and related intellectual property counseling

5. Arrangements for compensation (hourly, contingent, etc.):

   Hourly

   (a) Average hourly rate (if applicable): $558.18

   (b) Estimated average monthly compensation based on prepetition retention (if company was employed prepetition):

6. Prepetition claims against the Debtors held by the company:

   Amount of claim: $ N/A

   Date claim arose:

   Nature of claim:

7. Prepetition claims against the Debtors held individually by any member, associate, or employee of the company:

   Name: N/A

   Status:

   Amount of claim: $

   Date claim arose:

   Nature of claim:

3

8. Disclose the nature and provide a brief description of any interest adverse to the Debtors or to their estates for the matters on which the professional is to be employed:

We represent Express Scripts on a matter adverse to the Debtors unrelated to our work for the Debtors and we have obtained the appropriate waivers for that representation.

9. Disclose whether the professional currently represents any of the Debtors' existing shareholders, including trusts, beneficiaries, companies, affiliates, family members and any similar related parties (together, the "**Shareholder Parties**"), and/or any entity owned or controlled by any Shareholder Party (in each case other than any Debtor), and whether any Shareholder Party or any entity owned or controlled by any Shareholder Party (other than any Debtor) accounted for more than 1% of the professionals' annual revenue for any of the last five years. If so, describe what ethical walls or other protections are in place with regard to the concurrent representations.

None

10. Name and title of individual completing this form:

Harold H. Fox, Partner

Dated: December 18, 2019