UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| PURDUE PHARMA L.P., *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

**ORDER APPROVING DEBTORS' EMPLOYMENT OF ERNST & YOUNG
AS THEIR AUDITOR, *NUNC PRO TUNC* TO THE PETITION DATE**

Upon the application (the "Application") of the Debtors[2] for entry of an order (this "Order") authorizing the retention and employment of Ernst & Young LLP ("EY LLP") as their auditors pursuant to section 327(a) of the Bankruptcy Code, effective *nunc pro tunc* to September 15, 2019 (the "Petition Date"), in accordance with the terms and conditions of the Engagement Letter; and upon the declaration of Devon M. Brady filed contemporaneously with the Application (the "Initial Brady Declaration"), the supplemental declaration of Devon M. Brady filed on November 18 [ECF No. 499] (the "First Supplemental Brady Declaration"), and the second supplemental declaration of Devon M. Brady filed on December 18 [ECF No. 673] (the "Second Supplemental Brady Declaration" and, together with the Initial Brady Declaration and the First Supplemental Brady Declaration, the "Brady Declarations"); and this Court having

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Application.

jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b); and this matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) that this Court may decide by a final order consistent with Article III of the United States Constitution; and venue of this proceeding and the Application in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and appropriate notice of and opportunity for a hearing on the Application having been given; and upon the objection of the United States Trustee to the Application (the "Objection"); and the Court having held a hearing on December 19, 2019 to consider the relief requested in the Application (the "Hearing"); and upon the Brady Declarations and the record of the Hearing; and the Court having found and determined for the reasons stated in its bench ruling at the Hearing that (i) EY LLP does not hold or represent an interest adverse to the Debtors or their estates and (ii) EY LLP is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code; and the relief requested in the Application being necessary and in the best interests of the Debtors' estates, their creditors and other parties in interest; and, therefore, the Court having determined that the legal and factual bases set forth in the Application establish good and sufficient cause for the relief granted herein; now, therefore, it is HEREBY ORDERED THAT:

**ORDERED, ADJUDGED, AND DECREED that:**

1. The Application is granted as set forth herein.

2. The Debtors are authorized to retain and employ EY LLP as their auditor in these chapter 11 cases pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1, *nunc pro tunc* to the Petition Date, on the terms and conditions set forth in the Engagement Letter, as modified by this Order.

3. The Debtors are authorized to reimburse EY LLP for its reasonable and documented out-of-pocket costs and expenses, *nunc pro tunc* to the Petition Date, including, but not limited to the reasonable, actual, documented, out-of-pocket costs, fees, disbursements, and other charges of EY LLP's external legal counsel (without the need for such legal counsel to be retained as a professional in the chapter 11 cases and without regard to whether such legal counsel's services satisfy section 330(a)(3)(C) of the Bankruptcy Code); provided, that, if EY LLP seeks reimbursement from the Debtors for attorneys' fees and expenses pursuant to the Engagement Letter, the invoices and supporting time records for the attorneys' fees and expenses shall be included in EY LLP's own applications, both interim and final, and these invoices and time records shall be subject to the US Trustee Guidelines and the approval of the Bankruptcy Court pursuant to sections 330 and 331 of the Bankruptcy Code, but without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code, and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

4. EY LLP shall file fee applications for allowance of its compensation and reimbursement of its expenses with respect to services rendered in these chapter 11 cases with this Court, in accordance with 11 U.S.C. §§ 330 and 331, as the case may be, and the applicable Bankruptcy Rules, Local Rules, and fee and expense guidelines and orders of this Court.

5. To the extent that, during the pendency of these Chapter 11 cases, the Debtors require EY LLP to perform professional services other than (a) those set forth in the Engagement Letter and (b) services related to those set forth in the Engagement Letter, the Debtors shall file such agreements with the Court and serve such agreements upon the applicable notice parties. To the extent any parties object, within ten (10) days of such new agreements being served, to the additional proposed agreements with EY LLP, the Debtors shall promptly

3

schedule a hearing before the Court. Absent a timely objection, such additional agreements and all additional services pursuant thereto shall be deemed approved by the Court (without the need for any further Court order) and be subject to the provisions of this Order. This procedure shall not abridge the Debtors' right to file ordinary applications seeking expansions of EY LLP's services, if the Debtors deem it appropriate to do so.

6. Notwithstanding anything to the contrary in the Engagement Letter, its indemnification provisions are hereby modified and restated in its entirety as follows:

   (a) All requests of EY LLP for payment of indemnity pursuant to the Engagement Letter shall be made by means of an application (interim or final as the case may be) and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Engagement Letter and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought, provided, however, that in no event shall EY LLP be indemnified in the case of its own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence or willful misconduct.

   (b) In the event that EY LLP seeks reimbursement from the Debtors for reasonable attorneys' fees in connection with a request by EY LLP for payment of indemnity pursuant to the Engagement Letter, as modified by this Order, the invoices and supporting time records from such attorneys shall be included in EY LLP's own application (both interim and final) and such invoices and time records shall be subject to the Fee Guidelines and the approval of the Court under the standards of sections 330 and 331 of the Bankruptcy Code without regard to whether such attorney has been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

7. Before implementing any increases in EY LLP's rates, as set forth in the Engagement Letter, for any individual retained by EY LLP and providing services in these cases, EY LLP shall file a supplemental declaration with the Court and provide ten business days' notice to the Debtors, the United States Trustee and any official committee. The supplemental declaration shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtors have consented to the rate increase(s). All parties in interest retain all rights to object to any rate increase on all grounds

4

including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code.

8. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, or 9014, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9. To the extent that there may be any inconsistency between the terms of the Application, the Engagement Letter, the Brady Declaration, and the express terms of this Order, the express terms of this Order shall govern.

10. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

11. During the pendency of these cases, this Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated:  December 23, 2019
        White Plains, New York

/s/ Robert D. Drain
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE