**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| PURDUE PHARMA L.P., *et al.*,[1] | ) ) ) | Case No. 19-23649 (RDD) |
| Debtors. | ) ) ) ) ) ) ) | (Jointly Administered) |

**ORDER CLARIFYING THE COMMITTEE'S REQUIREMENT TO
PROVIDE ACCESS TO CONFIDENTIAL OR PRIVILEGED
INFORMATION AND APPROVING A PROTOCOL
REGARDING CREDITOR REQUESTS FOR INFORMATION**

Upon the motion (the "Motion") of the Committee[2] for entry of an order (this "Order"), pursuant to Bankruptcy Code sections 105(a), 107(b), and 1102(b)(3)(A) and (B) and Bankruptcy Rule 9018, clarifying the requirements of the Committee to provide access to confidential or privileged information to creditors and approving a protocol regarding creditor requests for information; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference No. M-431, dated as of January 31, 2012 (Preska, C.J.); and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

final order consistent with Article III of the United States Constitution; and this Court having found that venue of this in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and, after due and sufficient notice of the Motion, there being no objections to the requested relief; and upon the record of the hearing held by the Court on the Motion on November 19, 2019 and all of the proceedings herein; and, after due deliberation, the Court having determined that the legal and factual bases set forth in the Motion establish good and sufficient cause for the relief granted herein, which relief is in the best interests of the Debtors' estates, their creditors, and other parties in interest; now, therefore, it is **HEREBY ORDERED THAT**:

1. The relief requested in the Motion is granted, effective *nunc pro tunc* to the Committee Formation Date, as set forth herein.

2. The Committee shall implement the following Creditor Information Protocol in accordance with Bankruptcy Code sections 1102(b)(3)(A) and (B):

    a. Privileged and Confidential Information: The Committee shall not be required to disseminate to any entity (all references to "entity" herein shall have the meaning as defined in Bankruptcy Code section 101(15)) (i) without further order of the Court, Confidential Information or (ii) Privileged Information. In addition, the Committee shall not be required to provide access to information for or solicit comments from any entity that has not demonstrated to the satisfaction of the Committee, in its sole discretion, or to the Court, that it holds a claim of the kind described in Bankruptcy Code section 1102(b)(3).

    b. Information Obtained through Discovery: Any information received (formally or informally) by the Committee pursuant to Bankruptcy Rule 2004 or in connection with any formal or informal discovery in any contested matter, adversary proceeding, or other litigation shall not be governed by this Order but, rather, by any order governing such discovery. Nothing herein shall obligate the Committee to provide any such information that the Committee obtains from third parties.

    c. Creditor Information Requests: If a creditor (a "Requesting Creditor") submits a written request to the Committee or the Committee Professionals for the Committee to disclose information (an "Information Request"), pursuant to Bankruptcy Code section 1102(b)(3)(A), the Committee shall, as soon as reasonably practicable, but no more than thirty (30) days after receipt of the Information Request, provide a response to the Information Request (a "Response"), including by providing access to the information requested or

stating the reason(s) why the Committee cannot disclose the information requested by such Information Request. If the Response is to deny the Information Request because the Committee believes that the Information Request implicates Confidential Information or Privileged Information that need not be disclosed, including, but not limited to, (i) pursuant to the terms of this Order or otherwise under Bankruptcy Code section 1102(b)(3)(A), (ii) because such disclosure is prohibited under applicable law, (iii) because such information was obtained by the Committee pursuant to an agreement to maintain it as confidential, or (iv) because the Information Request is unduly burdensome, the Requesting Creditor may, after a good faith effort to meet and confer with an authorized representative of the Committee (which may include the Committee Professionals) regarding the Information Request and the Response, seek to compel such disclosure for cause pursuant to a motion. Such motion to compel shall be properly served, including on the Debtors and the Committee Professionals, and the hearing on such motion to compel shall be noticed and scheduled, and any party may object to such motion. Nothing herein shall be deemed to preclude the Requesting Creditor from requesting (or the Committee or any other party from denying or objecting to such request, as applicable) that the Committee provide the Requesting Creditor with a log or other index of any information specifically responsive to the Requesting Creditor's request that the Committee deems to be Confidential Information or Privileged Information. Further, nothing herein shall be deemed to preclude the Requesting Creditor from requesting (or the Committee or any other party from denying or objecting to such request, as applicable) that the Court conduct an *in camera* review of the information subject to the Information Request.

d. <u>Release of Confidential Information of Third Parties</u>: If the Information Request implicates Confidential Debtor Information or Confidential Non-Debtor Information and the Committee agrees that such request should be satisfied, or if the Committee without a third party request wishes to disclose such Confidential Information to creditors, the Committee may demand such disclosure (a "<u>Demand</u>") for the benefit of the Debtors' creditors: (i) if the Confidential Information is Confidential Debtor Information, by submitting a written request to counsel for the Debtors requesting that such information be disclosed, and (ii) if the Confidential Information is Confidential Non-Debtor Information, by submitting a written request to such third party and its counsel of record (if any), with a copy to the Debtors' counsel, requesting that such information be disclosed. If the Debtors or such other entity do not agree in writing within ten (10) days after receipt of the Demand to disclose such information, the Committee or the Requesting Creditor may file a motion seeking a ruling with respect to the Demand, and the Debtors or such other entity, as applicable, may file an objection to such motion. Demands submitted to counsel to the Debtors pursuant to this clause (d) shall be submitted by email to: Marshall S. Huebner (marshall.huebner@davispolk.com), Benjamin S. Kaminetzky (benjamin.kaminetzky@davispolk.com), Timothy Graulich (timothy.graulich@davispolk.com), and Eli J. Vonnegut (eli.vonnegut@davispolk.com). The Committee will not be authorized to disclose

3

        Confidential Debtor Information or Confidential Non-Debtor Information absent an agreement in writing from the Debtors (or their professional advisors) or such other party, as applicable, or further order of the Court. For the avoidance of doubt, this paragraph (d) is subject to paragraph (b) above.

    e. The Committee (or its members and representatives) will not be precluded from discussing commonly-received Confidential Information (and sharing analyses or other documents generated by the Committee based on such commonly-received Confidential Information) with any other party in interest in the Debtors' chapter 11 cases and/or its advisor(s) that have signed a confidentiality agreement similar to the confidentiality agreement entered into between the Committee and the Debtors or any other party.

3. The Committee shall be permitted (solely to the extent set forth in this Order or any other order of the Court or the Bankruptcy Code), but is not required, pursuant to Bankruptcy Code section 1102(b)(3)(A) to provide access to any Confidential Information to any creditor with a claim of the kind represented by the Committee.

4. The Committee shall not be required pursuant to Bankruptcy Code section 1102(b)(3)(A) to provide access to any Privileged Information to any creditor with a claim of the kind represented by the Committee. Nonetheless, the Committee shall be permitted, but not required, to provide access to Privileged Information or Confidential Committee Information to any party so long as (a) such Privileged Information or Confidential Committee Information does not include any Confidential Debtor Information or Confidential Non-Debtor Information and (b) any relevant privilege is held and controlled solely by the Committee.

5. Nothing in this Order shall diminish or modify any rights or obligations of the Committee or its members and representatives with respect to the protection of Confidential Information or any confidentiality agreement entered into with the Debtors or any other party (including the Committee's or its members' and representatives' rights to disclose Confidential Information as permitted under any such confidentiality agreement), which rights or obligations shall remain in full force and effect notwithstanding any provision of this Order.

6. None of the Debtors, the Committee, or any of their respective directors, officers, employees, members, attorneys, consultants, advisors, or agents (acting in such capacity) (collectively, the "Exculpated Parties"), shall have to incur any liability to any entity (including the Debtors or their affiliates) for any act taken or omitted to be taken pursuant to the Creditor Information Protocol set forth herein; *provided*, *however*, that the foregoing shall not affect the liability of any Exculpated Party protected pursuant to this paragraph that otherwise would result from any such act or omission to the extent that such act or omission is determined in a final non-appealable order to have constituted gross negligence or willful misconduct. Without limiting the foregoing, the exculpation provided in this paragraph shall be coextensive with any Exculpated Party's qualified immunity under applicable law.

7. The Committee is hereby authorized to establish and maintain the Creditor Website as described in the Motion.

8. The Committee is authorized to use Kurtzman Carson Consultants LLC ("KCC") to maintain the Creditor Website and provide other services, subject to the Court's approval of the Committee's application to retain KCC.

9. Nothing in this Order shall expand, restrict, affirm, or deny the right or obligation, if any, of the Committee to provide access or not provide access to any information of the Debtors to any party except as explicitly provided herein.

10. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: White Plains, New York
      December 23, 2019

                                          /s/ Robert D. Drain
                                          HONORABLE ROBERT D. DRAIN
                                          UNITED STATES BANKRUPTCY JUDGE