DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut
Christopher S. Robertson

*Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.,** *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

**NOTICE OF PRESENTMENT OF MOTION OF DEBTORS
FOR ENTRY OF AN ORDER EXTENDING TIME TO OBJECT
TO DISCHARGEABILITY OF CERTAIN DEBTS**

**PLEASE TAKE NOTICE** that on December 23, 2019, Purdue Pharma L.P. and certain

of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

(collectively, the "**Debtors**") filed the annexed *Motion of Debtors for Entry of an Order Extending Time to Object to Dischargeability of Certain Debts* (the "**Motion**").

**PLEASE TAKE FURTHER NOTICE** that, unless a written objection to the Motion is served and filed with proof of service with the Clerk of the Court, and a courtesy copy is delivered to the undersigned and to the chambers of the Honorable Robert D. Drain, so as to be received by **January 3, 2020 at 4:00 p.m. (Eastern Time)**, there will not be a hearing to consider such Motion, and an order, substantially in the form attached to the Motion as **Exhibit A** (the "**Proposed Order**"), will be presented for signature by the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court, 300 Quarropas Street, White Plains, New York 10601, on **January 6, 2020 at 10:00 a.m. (prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that, if a written objection is timely filed and served with respect to the Motion, a hearing (the "**Hearing**") will be held to consider the Motion before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court, 300 Quarropas Street, White Plains, New York 10601, on a date to be announced.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing and a failure to appear may result in relief being granted upon default.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion may be obtained free of charge by visiting the website of Prime Clerk LLC at https://restructuring.primeclerk.com/purduepharma. You may also obtain copies of any pleadings by visiting the Bankruptcy Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

Dated:   December 23, 2019
         New York, New York

          DAVIS POLK & WARDWELL LLP

          By:   */s/ Timothy Graulich*

          450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile:  (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut
Christopher S. Robertson

*Counsel to the Debtors
and Debtors in Possession*

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut
Christopher S. Robertson

*Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (RDD)** |
| Debtors.[1] | **(Jointly Administered)** |

**MOTION OF DEBTORS FOR ENTRY OF AN ORDER EXTENDING TIME
TO OBJECT TO DISCHARGEABILITY OF CERTAIN DEBTS**

Purdue Pharma L.P. ("**PPLP**") and its affiliates that are debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 proceedings (the "**Chapter 11 Cases**") respectfully submit this *Motion of Debtors for Entry of an Order Extending Time to*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

*Object to Dischargeability of Certain Debts* (the "**Motion**"). In support of this Motion, the Debtors respectfully state as follows:

### Relief Requested

1.  By this Motion, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Order**"), extending the deadline for filing a complaint to determine the dischargeability of a debt (the "**Determination Deadline**") for a period of ninety (90) days, from Monday, January 6, 2020, through and including Monday, April 6, 2020,[2] without prejudice to further extensions.

2.  Nothing in this Motion or the proposed Order is intended to constitute a determination or admission that sections 523 or 1141(d)(6) of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (as amended, the "**Bankruptcy Code**"), or Rule 4007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), apply in these Chapter 11 Cases.

### Jurisdiction and Venue

3.  The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Bankruptcy Rule 7008, the Debtors consent to entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.

4.  The legal predicates for the relief sought herein are sections 105 and 523 of the Bankruptcy Code and Bankruptcy Rule 4007.

---

[2] The 90th day after the current deadline is Sunday, April 5, 2020. Bankruptcy Rule 9006 automatically extends the deadline to the next business day, Monday, April 6, 2020

5. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

6. On September 15, 2019 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code. The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On September 26, 2019, the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed the official committee of unsecured creditors (the "**Committee**") pursuant to section 1102 of the Bankruptcy Code [Docket No. 131]. No request has been made for the appointment of a trustee or examiner in the Chapter 11 Cases.

7. These Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) and the *Order Directing Joint Administration of Chapter 11 Cases* [Docket No. 59] entered by the Court in each of the Chapter 11 Cases.

8. Additional information about the Debtors' businesses and the events leading up to the Petition Date can be found in the *Debtors' Informational Brief* [Docket No. 17].

9. The meeting of creditors pursuant to section 341 of the Bankruptcy Code was held on November 5, 2019 (the "**Meeting of Creditors**").

## Basis for Relief Requested

6. Section 1141(d)(6) of the Bankruptcy Code provides that "the confirmation of a plan does not discharge a debtor that is a corporation from any debt . . . of a kind specified in paragraph 2(A) or 2(B) of section 523(a) that is owed to a domestic governmental unit . . . ." 11 U.S.C. § 1141(d)(6).

7. Section 523(a)(2)(A) exempts debts based on "false pretenses, a false representation, or actual fraud, other than a statement respecting a debtor's or an insider's

3

financial condition." 11 U.S.C. § 523(a)(2)(A). Section 523(a)(2)(B) pertains to fraudulent statements in writing respecting the debtor's or an insider's financial condition. 11 U.S.C. § 523(a)(2)(B).

8. Section 523(c) of the Bankruptcy Code provides, in relevant part, that "the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), or (6) of subsection (a) of this section, unless, on the request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), or (6), as the case may be, of subsection (a) of this section." 11 U.S.C. § 523(c). Bankruptcy Rule 4007(c) provides that, in a chapter 11 case, "[A] complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)." Bankruptcy Rule 4007(c) further permits the deadline to be extended for cause upon motion and a hearing.

9. The Meeting of Creditors was held on November 5, 2019. To the extent applicable in these Chapter 11 Cases, the Determination Deadline is therefore January 6, 2020,[3] subject to extension for cause.

6. The applicability of the Rule 4007 Determination Deadline in these Chapter 11 Cases is disputed, and there is no controlling caselaw in this Circuit to resolve the dispute. This Court's holding in *Hawker Beechcraft* suggests that the Rule 4007 Determination Deadline should apply in these Chapter 11 Cases, *In re Hawker Beechcraft, Inc.*, 493 B.R. 696 (Bankr. S.D.N.Y. 2013), rev'd, in part, remanded, *In re Hawker Beechcraft, Inc.*, 515 B.R. 416, 425-26 (S.D.N.Y. 2014), but that determination was reversed by the District Court. *In re Hawker Beechcraft, Inc.*, 515 B.R. at 425-26. Of course, neither this Court's prior rulings, nor those of

---

[3] The 60th day after the Meeting of Creditors is Saturday, January 5, 2020. *See supra*, fn. 2. Pursuant to Local Rule 9006-2, the Determination Deadline shall automatically be extended until the Court acts on this Motion, without the necessity for the entry of a bridge order.

4

the District Court, compel the outcome in these Chapter 11 Cases. *See, e.g., In re Jamesway Corp.*, 235 B.R. 329, 336 n.1 (Bankr. S.D.N.Y. 1999) ("[W]here the bankruptcy court sits in a multi-judge district, it is not bound by the principles of stare decisis by the decision of a district judge in that district."); *In re 400 Madison Ave. Ltd. P'ship*, 213 B.R. 888, 890 n.2 (Bankr. S.D.N.Y. 1997) ("Thus, in this district, which has both a multi-judge bankruptcy court and a multi-judge district court, only decisions of the Second Circuit Court of Appeals are controlling.").

7. In light of the ambiguity regarding the application of section 523 of the Bankruptcy Code and Bankruptcy Rule 4007 to these Chapter 11 Cases, the Debtors submit that it is appropriate for the Court to grant the relief requested herein. Certain of the Debtors have been named in more than 2,700 lawsuits filed throughout the state and federal court systems relating to the Debtors' manufacture and sale of opioid medication. A number of these pending actions involve allegations of fraud by domestic governmental units, which may be subject to the exception to dischargeability set forth in section 1141(d)(6) of the Bankruptcy Code, through that section's reference to section 523(a)(2)(A) of the Bankruptcy Code. In any number of these cases, plaintiffs may bring adversary proceedings to determine the dischargeability of their claims prior to the Determination Deadline.

8. The Debtors wish to avoid dedicating estate resources to addressing any such complaints at this time. Under the settlement framework currently under discussion among the Debtors and their creditors, including various domestic governmental units, the question of whether the claims at issue are dischargeable may not be a material issue for the Debtors or the reorganized business. Moreover, to the extent relevant, those issues should be joined closer to the chapter 11 plan process. The Debtors therefore propose that the Determination Deadline be

5

extended by ninety (90) days, without prejudice to further extension by the Debtors. This proposal will enable the Debtors to avoid a potential flood of adversary complaints at this time while allowing them to reevaluate the extension later in the Chapter 11 Cases. An extension of the Determination Deadline is therefore in the best interests of the Debtors and all parties in interest because it will facilitate the advancement of the Chapter 11 Cases by avoiding unnecessary distraction and expense.

9.   Courts in this District routinely approve extensions of the deadline for filing a complaint to determine the dischargeability of a debt. *See, e.g.*, *In re Fusion Connect, Inc.*, Case No. 19-11811 (SMB), Docket No. 453 (Bankr. S.D.N.Y. Oct. 3, 2019) (extending applicable deadline with respect to the Federal Communications Commission to the deadline to object or respond to confirmation of the debtors' plan of reorganization); *In re Aegerion Pharmaceuticals, Inc.*, Case No. 19-11632 (MG), Docket No. 319 (Bankr. S.D.N.Y. Sept. 13, 2019) (extending applicable deadline with respect to governmental units by 45 days); *In re Ditech Holding Corp.*, Case No. 19-10412 (JLG), Docket No. 480 (Bankr. S.D.N.Y. Apr. 30, 2019) (extending applicable deadline with respect to False Claims Act relator to the deadline to object or respond to confirmation of the debtors' plan of reorganization); *In re 21st Century Oncology Holdings, Inc.*, Case No. 17-22770 (RDD), Docket No. 433 (Bankr. S.D.N.Y. Sept. 18, 2017) (extending applicable deadline with respect to United States by 57 days, four days after the governmental bar date).

### Debtors' Reservation of Rights

10.  Nothing contained herein or any action taken pursuant to such relief is intended or shall be construed as (a) an admission as to the validity or priority of any claim against the Debtors; (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the

amount of, basis for, or validity of any claim against the Debtors; (c) a waiver of any claims or causes of action which may exist against any creditor or interest holder or any other party; (d) an approval, assumption, adoption or rejection of any agreement, contract, lease, program, or policy between the Debtors and any third party under section 365 of the Bankruptcy Code; (e) a determination regarding the nondischargeability of any debt under section 1141(d) of the Bankruptcy Code; (f) a determination that sections 523 or 1141(d)(6) of the Bankruptcy Code and/or Bankruptcy Rule 4007 apply in these Chapter 11 Cases; or (g) a determination that the Determination Deadline applies in these Chapter 11 Cases.

### Automatic Extension under Local Rule 9006-2

11. Pursuant to Local Rule 9006-2, the Determination Deadline shall automatically be extended until the Court acts on this Motion, without the necessity for the entry of a bridge order.

### Notice

12. Notice of this Motion will be provided to (a) the entities on the Master Service List (as defined in the *Second Amended Order Establishing Certain Notice, Case Management, and Administrative Procedures* entered on November 18, 2019 [Docket No. 498] (the "**Case Management Order**") and available on the Debtors' case website at https://restructuring.primeclerk.com/purduepharma) and (b) any person or entity with a particularized interest in the subject matter of this motion. The Debtors respectfully submit that no further notice is required.

### No Prior Request

13. The Debtors have not previously sought the relief requested herein from the Court or any other court.

7

WHEREFORE, the Debtors respectfully request that the Court enter the proposed form of order, substantially in the form attached hereto, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: December 23, 2019
       New York, New York

                        DAVIS POLK & WARDWELL LLP

                        By: */s/ Timothy Graulich*

                        450 Lexington Avenue
                        New York, New York 10017
                        Telephone: (212) 450-4000
                        Facsimile: (212) 701-5800
                        Marshall S. Huebner
                        Benjamin S. Kaminetzky
                        Timothy Graulich
                        Eli J. Vonnegut
                        Christopher S. Robertson

                        *Counsel to the Debtors*
                        *and Debtors in Possession*