DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
James I. McClammy
Eli J. Vonnegut

*Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.,** *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

**NOTICE OF HEARING ON DEBTORS' MOTION FOR ENTRY OF AN ORDER
(I) ESTABLISHING DEADLINES FOR FILING PROOFS OF CLAIM AND
PROCEDURES RELATING THERETO, (II) APPROVING THE PROOF OF CLAIM
FORMS, AND (III) APPROVING THE FORM AND MANNER OF NOTICE THEREOF**

**PLEASE TAKE NOTICE** that on January 3, 2020, the above-captioned debtors and

debtors in possession (collectively, the "**Debtors**") filed the *Debtors' Motion for Entry of an*

*Order (I) Establishing Deadlines for Filing Proofs of Claim and Procedures Relating Thereto,*

*(II) Approving the Proof of Claim Forms, and (III) Approving the Form and Manner of Notice*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

*Thereof* (the "**Motion**"). A hearing on the Motion will be held on **January 24, 2020, at 10:00 a.m. (Prevailing Eastern Time)** (the "**Hearing**") before the Honorable Judge Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, at the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601 (the "**Bankruptcy Court**"), or at such other time as the Bankruptcy Court may determine.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion may be obtained free of charge by visiting the website of Prime Clerk LLC at https://restructuring.primeclerk.com/purduepharma/. You may also obtain copies of any pleadings by visiting the Bankruptcy Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the Hearing may be continued or adjourned thereafter from time to time without further notice other than an announcement of the adjourned date or dates at the Hearing or a later hearing. The Debtors will file an agenda before the Hearing, which may modify or supplement the motions to be heard at the Hearing.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the Motion shall be in writing, shall comply with the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, shall be filed with the Bankruptcy Court (a) by attorneys practicing in the Bankruptcy Court, including attorneys admitted *pro hac vice*, electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov), and (b) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399,

to the extent applicable, and shall be served in accordance with General Order M-399 and the *Second Amended Order Establishing Certain Notice, Case Management, and Administrative Procedures*, entered on November 18, 2019 [Docket No. 498], so as to be filed and received no later than **January 17, 2019 at 4:00 p.m. (Prevailing Eastern Time)** (the "**Objection Deadline**").

**PLEASE TAKE FURTHER NOTICE** that any objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted upon default.

**PLEASE TAKE FURTHER NOTICE** that if no Objections are timely filed and served with respect to the Motion, the Debtors may, after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Motion as Exhibit A, which may be entered without further notice or opportunity to be heard.

Dated:   January 3, 2020
         New York, New York

                                       DAVIS POLK & WARDWELL LLP

                                       By:   */s/ James I. McClammy*

                                       450 Lexington Avenue
                                       New York, New York 10017
                                       Telephone: (212) 450-4000
                                       Facsimile:  (212) 701-5800
                                       Marshall S. Huebner
                                       Benjamin S. Kaminetzky
                                       Timothy Graulich
                                       James I. McClammy
                                       Eli J. Vonnegut

                                       *Counsel to the Debtors*
                                       *and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.,** *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[2] | (Jointly Administered) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER
(I) ESTABLISHING DEADLINES FOR FILING PROOFS OF CLAIM AND
PROCEDURES RELATING THERETO, (II) APPROVING THE PROOF OF CLAIM
FORMS, AND (III) APPROVING THE FORM AND MANNER OF NOTICE THEREOF**

Purdue Pharma L.P. ("**PPLP**") and its affiliates that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**," the "**Company**," or "**Purdue**") respectfully represent as follows, and also simultaneously submit an accompanying Memorandum of Law in Support of Motion for Entry of an Order (I) Establishing Deadlines for Filing Proofs of Claim and Procedures Relating Thereto, (II) Approving the Proof of Claim Forms, and (III) Approving the Form and Manner of Notice Thereof (the "**Debtors' Memorandum of Law**"):

**Relief Requested**

1.      Pursuant to Sections 105(a), 501, 502, 503, 507, and 1111(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2002, 3003(c)(3), and 9008 of the Federal

---

[2] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717), and SVC Pharma Inc. (4014).  The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

4

Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rule 3003-1 of the Local Bankruptcy Rules for the Southern District of New York, and the United States Bankruptcy Court for the Southern District of New York Procedural Guidelines for Filing Requests for Orders to Set the Last Date for Filing Proofs of Claim (the "**Guidelines**"), the Debtors request entry of an order, substantially in the proposed form attached hereto as Exhibit A (the "**Bar Date Order**"):[3]

a. establishing **5:00 p.m. (Prevailing Eastern Time) on June 30, 2020,** as the deadline for each person (as defined in section 101(41) of the Bankruptcy Code), governmental unit (as defined in section 101(27) of the Bankruptcy Code), and Native American Tribe to file a proof of claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtors which arose on or prior to September 15, 2019 (the "**Petition Date**," and such deadline, the "**General Bar Date**");

b. establishing **the later of: (i) the General Bar Date; or (ii) thirty (30) days after entry of any order authorizing the rejection of such executory contract or unexpired lease of the Debtors** as the deadline by which claimants asserting claims resulting from the Debtors' rejection of an executory contract or unexpired lease must file proofs of claim for damages arising from such rejection (such deadline, the "**Rejection Damages Bar Date**");

c. establishing **the later of: (i) the General Bar Date; or (ii) thirty (30) days after the holder of a claim is served with notice of the amendment or supplement to the Debtors' Schedules of Assets and Liabilities and/or Statements of Financial Affairs** (collectively, the "**Schedules**") as the deadline by which claimants holding claims affected by such amendment or supplement must file proofs of claim with respect to such claim (such deadline, the "**Amended Schedules Bar Date**," and together with the General Bar Date and the Rejection Damages Bar Date, the "**Bar Dates**");

d. approving the proposed procedures for filing proofs of claim;

---

[3] Both the Official Committee of Unsecured Creditors appointed in these chapter 11 cases (the "**Creditors' Committee**" or the "**UCC**") and the Multi-State Governmental Entities Group are in support of the Debtors' Motion to establish the Bar Dates and commence the notice program.

5

    e. approving the proposed procedures for notice of the Bar Dates, including the form of notice substantially in the form annexed as Exhibit 1 (the "**Bar Date Notice**") to the Bar Date Order and the comprehensive plan for providing publication notice to unknown claimants (the "**Supplemental Notice Plan**"), as further described in the Declaration of Jeanne C. Finegan filed contemporaneously herewith (the "**Finegan Declaration**"); and

    f. approving the four proposed proof of claim forms, substantially in the form annexed as Exhibits 2, 3, 4, and 5, respectively, to the Bar Date Order (together, the "Proof of Claim Forms"):

        i. the opioid proof of claim form for governmental units and Native American Tribes (the "**Governmental Opioid Claimant Proof of Claim Form**");

        ii. the proof of claim form for personal injury claimants (the "**Personal Injury Claimant Proof of Claim Form**");

        iii. the opioid proof of claim form for claimants other than governmental units, Native American Tribes, and personal injury claimants (the "**General Opioid Claimant Proof of Claim Form**," and together with the Governmental Opioid Claimant Proof of Claim Form and the Personal Injury Claimant Proof of Claim Form, the "**Opioid Proof of Claim Forms**"); and

        iv. the proof of claim form for non-opioid claimants (the "**Non-Opioid Claimant Proof of Claim Form**").

## Jurisdiction

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Rule 7008 of the Bankruptcy Rules, the Debtors consent to entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**The Bar Dates and Procedures for Filing Proofs of Claim**

**A. The Proposed Bar Dates**

3. All parties whose claims are "not scheduled or scheduled as disputed, contingent, or unliquidated" must file a proof of claim by the bar date in order to "be treated as a creditor with respect to such claim for the purposes of voting and distribution." Fed. R. Bankr. P. 3003(c)(2). This Court has the authority to set the bar dates for the filing of proofs of claim. Specifically, Bankruptcy Rule 3003(c)(3) provides that "[t]he court shall fix . . . the time within which proofs of claim or interest may be filed." *Id.* at 3003(c)(3).

4. The Debtors request that this Court enter an order establishing **5:00 p.m. (Prevailing Eastern Time) on June 30, 2020,** as the General Bar Date—the bar date for the filing of all claims in the case, including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, governmental units, and Native American Tribes.

5. Certain persons and entities may assert claims in connection with the Debtors' rejection of executory contracts and/or unexpired leases pursuant to Section 365 of the Bankruptcy Code. The Debtors request that any person or entity that asserts such a claim must file a proof of claim **on or before the later of: (i) the General Bar Date; or (ii) thirty (30) days after entry of any order authorizing the rejection of such executory contract or unexpired lease**.

6. The Debtors may, during the course of these chapter 11 cases, amend their Schedules so as to add an entity not currently listed therein or to alter the amount, priority, classification, or other status of a listed claim. The holder of claims affected by the Debtors'

7

amendments may be entitled to file amended or original proofs of claim to take into account the amendment(s) to the Schedules. The Debtors, therefore, request that the Court establish the deadline for filing such claims as **the later of: (i) the General Bar Date; or (ii) thirty (30) days after the holder of a claim is served with notice that the Debtors amended their Schedules to identify, reduce, delete, or change the amount, priority, classification, or other status of such a claim**.

7.   The General Bar Date is consistent with Section 502(b)(9) of the Bankruptcy Code, which provides that the "claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief or such later time as the Federal Rules of Bankruptcy Procedure may provide," 11 U.S.C. § 502(b)(9), and will give all claimants ample time to prepare and file proofs of claim. Moreover, fixing Bar Dates will enable the Debtors to receive, process, and begin their analysis of the claims in a timely and efficient manner and proceed to expeditiously conclude the administration of these chapter 11 cases.

**B.   The Proposed Procedures for Filing Proofs of Claim**

8.   The Debtors propose that the following procedures be used for filing proofs of claim in these chapter 11 cases. Pursuant to the Bar Date Order, all persons and entities (including, without limitation, each individual, partnership, joint venture, corporation, estate, trust, or governmental unit) that assert a claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtors that arose prior to the Petition Date <u>must</u> file an original, written proof of such claim that substantially conforms to the appropriate form (either the Governmental Opioid Claimant Proof of Claim Form, the Personal Injury Claimant Proof of Claim Form, the General Opioid Claimant Proof of Claim Form, or the Non-Opioid Claimant Proof of Claim

Form), so as to be received on or before the appropriate Bar Date by Prime Clerk LLC ("**Prime Clerk**") or the Court. All persons and entities holding a claim against the Debtors which arose after the Petition Date may also file a proof of claim using the forms described herein. The original proof of claim form must be electronically filed on Prime Clerk's proof of claim website for these cases (https://restructuring.primeclerk.com/purduepharma/) via the link entitled "Submit a Claim" or sent or hand-delivered to the following address:

| If by Overnight Mail:<br><br>Purdue Pharma Claims Processing Center<br>c/o Prime Clerk LLC<br>850 Third Avenue, Suite 412<br>Brooklyn, NY 11232 | If by First-Class Mail:<br><br>Purdue Pharma Claims Processing Center<br>c/o Prime Clerk LLC<br>Grand Central Station, PO Box 4850<br>New York, NY 10163-4850 |
|---|---|
| If Delivered by Hand:<br><br>Purdue Pharma Claims Processing Center<br>c/o Prime Clerk LLC<br>850 Third Avenue, Suite 412<br>Brooklyn, NY 11232<br><br>   or<br><br>United States Bankruptcy Court<br>Southern District of New York<br>One Bowling Green, Room 614<br>New York, NY 10004-1408 | |

The Debtors request that the Bar Date Order provide that (i) Prime Clerk and the Court will not accept proofs of claim sent by facsimile, telecopy, or electronic mail transmission; and (ii) proofs of claim shall be deemed filed only when <u>received</u> through Prime Clerk's website or at one of the addresses listed above on or before the appropriate Bar Date.

9. The Bar Date Order provides that each proof of claim must: (i) be written in the English language; (ii) be denominated in lawful currency of the United States as of the Petition

Date; (iii) conform substantially with the appropriate proof of claim form, attached annexed hereto as Exhibits 2, 3, 4, and 5; (iv) set forth with specificity the legal and factual basis for the alleged claims; and (v) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant. If a claimant completing an Opioid Proof of Claim Form is unable to answer certain questions or attach supporting documentation at the time of filing a claim, the absence of an answer or supporting documentation, by itself, will not result in the denial of the claim, though the claimant may be asked or required to provide additional information or supporting documentation at a later date. A claimant may also amend or supplement a claim after it is filed. In addition, Non-Opioid Claimant Proof of Claim Forms must state the name and case number of the specific Debtor against which it is filed.

*No Requirement to File Proofs of Claim*

10.     The Debtors propose that the following persons or entities need not file a proof of claim on or prior to the appropriate Bar Date:

> a. the Office of the United States Trustee for the Southern District of New York on account of claims for fees and applicable interests payable pursuant to 28 U.S.C. § 1930;
>
> b. any person or entity alleging a claim against the Debtors that has already filed a proof of claim in the above-captioned case in a form substantially similar to Official Bankruptcy Form 410;
>
> c. any person or entity whose claim is listed on the Schedules filed by the Debtors, provided that (i) the claim is *not* scheduled as "disputed," "contingent," or "unliquidated;" *and* (ii) the claimant does not disagree with the amount, nature, and priority of the claim as set forth in the Schedules;
>
> d. any holder of a claim that heretofore has been allowed by Order of this Court entered on or before the applicable Bar Date;
>
> e. any person or entity whose claim has been paid in full by any of the Debtors;

 f. any holder of a claim for which a separate deadline has been fixed by this Court;

 g. any party that is exempt from filing a proof of claim pursuant to an order of the Court in these chapter 11 cases;

 h. any Debtor having a claim against another Debtor;

 i. any holder of a claim allowable under § 503(b) and § 507(a)(2) of the Bankruptcy Code as an expense of administration (other than any claim allowable under section 503(b)(9) of the Bankruptcy Code), including any professionals retained pursuant to orders of the Court who assert administrative claims for fees and expenses subject to the Court's approval pursuant to sections 330 and 331 of the Bankruptcy Code;

 j. current or former employees of the Debtors who assert claims for indemnification and/or contribution arising as a result of such individuals' services to the Debtors; and

 k. a current or former employee of the Debtors, if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business as a wage, commission or benefit, including any order of this Court approving the *Motion of Debtors for Entry of an Order Authorizing (I) Debtors to (A) Pay Prepetition Wages, Salaries, Employee Benefits and Other Compensation and (B) Maintain Employee Benefits Programs and Pay Related Administrative Obligations, (II) Employees and Retirees to Proceed with Outstanding Workers' Compensation Claims and (III) Financial Institutions to Honor and Process Related Checks and Transfers* [D.I. 6]; *provided* that a current or former employee must submit a Proof of Claim by the General Bar Date for all other claims arising on or before the Petition Date, including claims for benefits not provided for pursuant to an order of the Court, wrongful termination, discrimination, harassment, hostile work environment, and/or retaliation.

*Consequences of Failure to File a Proof of Claim*

 11. According to Bankruptcy Rule 3003(c)(2), any creditor whose claim is not scheduled or is scheduled as disputed, contingent, or unliquidated that fails to file a proof of claim by the appropriate bar date "shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution." Fed. R. Bankr. P. 3003(c)(2). Accordingly, the Debtors request that any holder of a claim against the Debtors that is required to file a proof of claim in accordance with the Bar Date Order, but fails to do so on or before the appropriate Bar Date, be

11

forever barred, estopped, and enjoined from asserting that claim against the Debtors, their property, or their estates (or submitting a proof of claim with respect thereto), and voting upon, or receiving distributions under, any plan or plans of reorganization in these chapter 11 cases with respect to such claim. Such claim will remain subject to discharge under any chapter 11 plan filed in these cases, and the holder thereof shall be subject to all applicable releases, injunctions, and other terms of such chapter 11 plan.

### Notice of the Bar Dates

12.     The Debtors' proposed notice program will provide actual notice of the Bar Dates to known claimants and publication notice to unknown claimants, i.e., claimants whose identities and/or addresses are not presently known or reasonably ascertainable by the Debtors. The notice program employs seven primary methods of providing notice: (i) direct mailings to known claimants; (ii) paid media (e.g., television, radio, magazine, and newspaper); (iii) online displays across multiple devices and videos (e.g., YouTube); (iv) social media campaigns (e.g., Facebook, Twitter); (v) out of home advertising (e.g., billboards, movie theaters); (vi) earned media (e.g., press releases, blogs); and (vii) community outreach. *See* Finegan Decl. ¶¶ 18-19, 37-74.

13.     The Debtors respectfully request that their suggested form and manner of notice, discussed further below, in the Debtors' Memorandum of Law, and in the Finegan Declaration be approved.

**A. Actual Notice to Known Claimants**

14.     The Debtors will provide actual notice of the Bar Dates to all known claimants by serving them with the following: (a) the Bar Date Notice and (b) the appropriate proof of claim

12

form(s) and instructions (collectively, the "**Bar Date Notice Package**"). The Debtors identified all of their known claimants by undertaking a careful examination of their books and records. The Debtors believe they have identified all claimants that are reasonably ascertainable and therefore, all known claimants.

15. The Bar Date Notice substantially conforms to the form annexed to the Guidelines. Specifically, the Bar Date Notice notifies claimants of the Bar Dates, who must file a proof of claim, the procedures for filing a proof of claim, and the consequences of failing to timely file a proof of claim. It states that for a claim to be validly and properly filed, a signed original of the proof of claim form, together with any accompanying documentation, must be filed with Prime Clerk or the Court on or before the appropriate Bar Date. As soon as practicable, but in any event no later than ten (10) business days after the date that the Court enters the Bar Date Order, the Debtors will mail the Bar Date Notice Package by first class United States mail, postage prepaid, to all known claimants.

16. The Debtors propose to mail the Bar Date Notice Package to the following parties:

   a. the U.S. Trustee;

   b. counsel to the official committee of unsecured creditors in these chapter 11 cases;

   c. all persons or entities that have filed proofs of claim as of the Bar Date Order;

   d. all creditors and other known holders of claims as of the date of the Bar Date Order, including all persons or entities listed in the Schedules as holding claims, at the addresses stated therein;

   e. all counterparties to the Debtors' executory contracts and unexpired leases listed on the Schedules at the addresses stated therein;

Pg 14 of 20

  f. all parties to litigation with the Debtors or their counsel (as of the date of entry of the Bar Date Order);

  g. all regulatory authorities that regulate the Debtors' businesses;

  h. all (i) current employees of the Debtors, (ii) all former employees of the Debtors terminated on or after January 1, 2016, and (iii) all of the Debtors' retirees (to the extent that contact information for former employees and retirees is available in the Debtors' records);

  i. all parties known to the Debtors as having potential claims against the Debtors' estates (including: (i) prescribers of Purdue brand name medications; (ii) Purdue Opioid users who are included in an adverse event report or who have filed a product complaint and provided contact information; (iii) callers to Purdue who have threatened, but not filed, litigation and provided contact information; and (iv) entities and individuals, other than current, former, and retired employees, officers, and directors, that have requested indemnification);

  j. the Internal Revenue Service for the district in which the case is pending and, if required by Bankruptcy Rule 2002(j), the Securities and Exchange Commission, and any other required governmental units (a list of such agencies is available from the Office of the Clerk of the Court);

  k. all other taxing authorities for the jurisdictions in which the Debtors maintain or conduct business or own property; and

  l. all parties who have requested notice pursuant to Bankruptcy Rule 2002.

**B. Publication Notice for Unknown Claimants**

  17. Notice to unknown claimants will be provided by publication notice in lieu of actual notice. Within twenty-one (21) days after entry of the Bar Date Order, the Debtors will implement the Supplemental Notice Plan, as described in the Finegan Declaration, which was designed with the help of Prime Clerk, a leader in bankruptcy administration. Finegan Decl. ¶¶ 3-6. The Supplemental Notice Plan will run for sixty (60) days, cost approximately $23.75 million, and reach an estimated ninety-five (95) percent of the adult U.S. population and over eighty (80) percent of the adult Canadian population. *Id.* ¶¶ 4, 6.

18. The Supplemental Notice Plan will provide notice to areas where claims have arisen or where potential claimants may now be located, including the United States and the U.S. Territories of Guam, U.S. Virgin Islands, Marianas, American Samoa, and Puerto Rico, using the following: (a) broadcast and cable television, radio (terrestrial and streaming), and traditional print media such as magazines and newspapers; (b) various online displays and videos on websites such as YouTube and Google; (c) social media, networking and engaging influencers on websites such as Facebook, Instagram, Twitter, and LinkedIn; (d) static and digital billboards located in high traffic areas and cinema ads in certain movie theaters; (e) press releases; and (f) community outreach via a one-page notice to (x) all prescribers of Purdue brand name medications, (y) U.S. pharmacies and institutions that received the following **Brand Name Medications**: OxyContin®, Hysingla ER®, Butrans®, Dilaudid®, Ryzolt, MS Contin®, MSIR®, Palladone®, DHC Plus®, OxyIR®, or OxyFast®; or the following **Generic Medications:** oxycodone extended-release tablets, hydrocodone extended-release tablets, buprenorphine transdermal system, hydromorphone immediate-release tablets, hydromorphone injectable solution, hydromorphone oral solution, tramadol extended-release tablets, morphine extended-release tablets, morphine immediate-release tablets, hydromorphone extended-release capsules, dihydrocodeine acetaminophen and caffeine tablets, oxycodone immediate-release tablets (generic to Percocet®), oxycodone solution, or hydrocodone and acetaminophen tablets (generic to Vicodin®) (a "**Purdue Opioid**" or "**Purdue Opioids**"), including those that received Purdue Opioids under the Federal Supply Schedule and 340B Drug Pricing Program, and (z) various third-party organizations. *Id.* ¶¶ 19, 37-74. In addition, the Debtors' dedicated case website hosted by Prime Clerk (the "**Case Website**") at https://restructuring.primeclerk.com/purduepharma/ and a toll-free number will be available in

15

English, Spanish, and French for claimants to access case information and obtain Court-approved proof of claim forms. *Id.* ¶ 85.

19. The Supplemental Notice Plan also includes publication notice in Canada using the following: (a) traditional print media such as magazines and newspapers; (b) online and social media, including Google, Facebook, Instagram, and YouTube; and (c) press releases. *Id.* ¶¶ 77-84. The Canadian portion of the Supplemental Notice Plan will provide notice in both French and English. *Id.*

20. The Finegan Declaration, which describes the Supplemental Notice Plan, includes: (i) a list of proposed national cable channels that will air commercials and a summary of radio networks that will air radio ads, annexed thereto as Exhibit B; (ii) a list of the local U.S. newspapers in which a summary of the Bar Date Notice will be published, annexed thereto as Exhibit C; (iii) a list of the Native American newspapers to be used in the plan, annexed thereto as Exhibit D; (iv) a list of news media that will be used to distribute notice in the U.S. Territories, annexed thereto as Exhibit E; and (v) a partial list of media outlets and contacts that will be used to distribute press releases, annexed thereto as Exhibit F. The Finegan Declaration also describes the adequacy of the plan (effective reach measured as a percentage of the target audience and frequency of message exposure), as well as a variety of other details regarding the scope and manner in which the Supplemental Notice Plan will be implemented. *Id.* at ¶¶ 4-7, 21-90.

### The Proof of Claim Forms

21. The Debtors seek approval of four proof of claim forms: a Non-Opioid Claimant Proof of Claim Form that conforms to Official Form 410 without substantive modifications and

three opioid proof of claim forms. The opioid proof of claim forms include: (i) the Governmental Opioid Claimant Proof of Claim form; (ii) the Personal Injury Claimant Proof of Claim Form; and (iii) the General Opioid Claimant Proof of Claim Form.

22. Due to the sensitive nature of information requested in the Personal Injury Claimant Proof of Claim Form, including information protected by the Health Insurance Portability and Accountability Act of 1996 ("**HIPAA**"), the Debtors request that all Personal Injury Claimant Proof of Claim Forms and any supporting documentation submitted with the forms, remain confidential and not be made available to the public. For the avoidance of doubt, the Debtors request that only the claim number, claim amount, and the total number of the personal injury claims, including any subcategories thereof (such as claims on behalf of minors with Neonatal Abstinence Syndrome), be made publicly available on the Case Website and only such information be included in the publicly available Claims Register. Copies of Personal Injury Claimant Proof of Claim Forms and supporting documentation shall be treated as Confidential and, as applicable, as Information Protected Pursuant to HIPAA as set forth in the Protective Order to be submitted for entry by the Court, and made available only to the Court and to those that agree to be bound by the Protective Order.

23. Notwithstanding that potential claimants may complete the wrong forms, all claim forms that are not Personal Injury Claimant Proof of Claim Forms will be made publicly available on the Case Website in their entirety (unless Prime Clerk, in its discretion, determines that a personal injury claimant mistakenly filled out a different proof of claim form). For the avoidance of doubt, the Governmental Opioid Claimant Proof of Claim Forms, the General Opioid Proof of Claim Forms, and the Non-Opioid Proof of Claim Forms will be made publically available on the Case Website in their entirety. Prime Clerk shall be exculpated from

liability for, and shall be under no obligation or duty to advise claimants and/or make determinations as to whether the appropriate Proof of Claim Form was used. To the extent that a claimant seeks such advice, Prime Clerk shall refer the claimant to the instructions detailing the proof of claim forms in the Bar Date Notice and to Prime Clerk's proof of claim website for these cases at https://restructuring.primeclerk.com/purduepharma/. However, in no event shall Prime Clerk be exculpated in the case of its own bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct.

24.    Notwithstanding and in addition to any prior agreements by the Debtors to indemnify the Indemnified Parties (as defined below), the Debtors will indemnify, defend, and hold harmless Prime Clerk and its members, directors, officers, employees, representatives, affiliates, consultants, subcontractors, and agents (collectively, the "**Indemnified Parties**") from and against any and all losses, claims, damages, judgments, liabilities, and expenses, whether direct or indirect (including, without limitation, counsel fees and expenses) (collectively, "**Losses**") resulting from, arising out of, or related to information made publicly available on the Case Website, except in the instance of its own bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or will misconduct. Without limiting the generality of the foregoing, Losses include any liabilities resulting from claims by any third parties against any Indemnified Party.

25.    To the extent that the Debtors, with the consent of the Creditor's Committee, seek to extend the General Bar Date, the Debtors may do so upon notice including a statement that the relief requested therein may be granted, pursuant to Local Rule 9074-1, without a hearing if no objection is timely filed and served in accordance with the *Second Amended Order Establishing*

*Certain Notice, Case Management, and Administrative Procedures*, entered on November 18, 2019 [Dkt. No. 498].

**Notice**

26.     Notice of this Motion will be provided to: (a) the U.S. Trustee; (b) each of the Debtors' fifty largest unsecured creditors on a consolidated basis; (c) each of the Debtors' three largest secured creditors on a consolidated basis; (d) the Internal Revenue Service; (e) the United States Department of Justice; (f) the United States Attorney's Office for the Southern District of New York; (g) the attorneys general for all fifty states and the District of Columbia; and (h) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors respectfully submit that no further notice is required.

**No Previous Request**

27.     No previous request for the relief sought herein has been made by the Debtors to this Court or any other court.

**WHEREFORE**, the Debtors respectfully request that this Court enter the attached Order, granting the relief requested herein.

Dated: January 3, 2020
New York, New York

*/s/ James I. McClammy*
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
James I. McClammy
Eli J. Vonnegut

*Counsel to the Debtors
and Debtors in Possession*