**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.,** *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

**ORDER APPROVING DEBTORS' EMPLOYMENT OF PJT PARTNERS LP
AS INVESTMENT BANKER *NUNC PRO TUNC* TO THE PETITION DATE**

Upon the application (the "**Application**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for entry of an order (this "**Order**"), pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1, for authority to employ and retain PJT Partners LP ("**PJT**") as investment banker to the Debtors in these chapter 11 cases, effective *nunc pro tunc* to the Petition Date, pursuant to the terms of the Engagement Letter, as more fully set forth in the Application; and upon the Coleman Declaration and the Flanagan Declaration and all other pleadings filed in connection with the Application; and this Court having found that the Debtors' notice of the Application, and the opportunity for a hearing on the Application, were appropriate under the circumstances, and that no other notice need be provided; and the only objection to the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings assigned to them in the Application.

#92327993v19

Application, by the United States Trustee, having been withdrawn; and after due deliberation this Court having determined that PJT does not hold or represent an adverse interest to the Debtors or their estates, is disinterested under section 101(14) of the Bankruptcy Code, and that its retention is necessary and in the best interests of the estates; and the Court having further found that the terms of PJT's compensation under the engagement letter are reasonable for purposes of section 328(a) of the Bankruptcy Code; and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED that:**

1. The Application is granted as set forth herein.

2. The Debtors are authorized to retain and employ PJT as investment banker to the Debtors in these chapter 11 cases pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1, *nunc pro tunc* to the Petition Date, on the terms and conditions set forth in the Application and the Engagement Letter as modified by this Order.

3. Except to the extent set forth herein, the Engagement Letter (together with all annexes thereto), including without limitation the Fee Structure, is approved pursuant to Bankruptcy Code sections 327(a) and 328(a), and the Debtors are authorized and directed to perform their payment, reimbursement, contribution, and indemnification obligations and their non-monetary obligations in accordance with the terms and conditions of, and at the times specified in, the Engagement Letter. Subject to paragraph 7 of this Order, all compensation and reimbursement of expenses payable under the Engagement Letter shall be subject to review only pursuant to the standards set forth in Bankruptcy Code section 328(a), and shall not be subject to any other standard of review, including but not limited to, that set forth in Bankruptcy Code section 330.

4. The Debtors are authorized to pay PJT's fees and to reimburse PJT for its reasonable costs and expenses as provided in the Engagement Letter, and, in particular, all of PJT's fees and expenses in these chapter 11 cases, subject to the terms of this Order.  For the avoidance of doubt, PJT shall be paid (a) each Capital Raising Fee as to which PJT may be entitled under the Engagement Letter as soon as such financing is approved by order of this Court (or, if such approval occurred prior to entry of this Order, immediately following entry of this Order) and with respect to amounts available to the Debtors, (b) each Transaction Fee upon consummation of the applicable Transaction, and (c) the Restructuring Fee upon consummation of a Restructuring, in each case subject to subsequent Court approval of any such Capital Raising Fee, Transaction Fee or Restructuring Fee pursuant to PJT's interim and/or final fee application, as applicable; *provided*, that the payment of any such fees may also be sought in the Debtors' motion for approval of the underlying transaction.

5. PJT shall file interim and final fee applications for the allowance of compensation for services rendered and reimbursement of expenses incurred in accordance sections 328, 330 and 331, as the case may be, and the applicable Bankruptcy Rules, Local Rules, and fee and expense guidelines and orders of this Court; *provided, however*, that the requirements of the Bankruptcy Code, the Bankruptcy Rules, and Local Rule 2016-1 are hereby modified such that PJT's restructuring professionals shall be required to maintain summary time records only in half-hour increments describing each professional's tasks on a daily basis in support of each fee application, including reasonably detailed descriptions of those services and the individuals who provided those services, and PJT will present such records to this Court; *provided, further,* that PJT's professionals shall not be required to keep time records on a project category basis or provide or conform to any schedules of hourly rates.

6. None of the fees payable to PJT shall constitute a "bonus" or fee enhancement under applicable law.

7. PJT shall be compensated in accordance with the terms of the Engagement Letter, and, in particular, all of PJT's fees and expenses in these chapter 11 cases are hereby approved pursuant to section 328(a) of the Bankruptcy Code. Notwithstanding anything to the contrary herein, the fees and expenses payable to PJT pursuant to the Engagement Letter shall be subject to review only pursuant to the standards set forth in Bankruptcy Code section 328(a) and shall not be subject to the standard of review set forth in Bankruptcy Code section 330, with the exception that the United States Trustee may object to PJT's fees based on the standard set forth in section 330 of the Bankruptcy Code. Accordingly, nothing in this Order or the record shall constitute a finding of fact or conclusion of law binding on the United States Trustee, on appeal or otherwise, with respect to the reasonableness of PJT's compensation.

8. The indemnification, contribution, and reimbursement provisions set forth in the Engagement Letter and the Indemnification Agreement are approved, subject to the next three paragraphs.

9. All requests for payment of indemnity, contribution, or otherwise pursuant to the Indemnification Agreement shall be made by means of a final fee application and shall be subject to the approval of, and review by, the Court to ensure that such payment conforms to the terms of the Indemnification Agreement, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and other orders of this Court and is reasonable based on the circumstances of the litigation or settlement in respect of which indemnity is sought.

10. In no event shall any Indemnified Parties (as defined in the Indemnification Agreement) be indemnified or receive contribution or other payment under the Indemnification

Agreement if the Debtors or a representative of the Debtors' estates asserts a claim for, and a court determines by final order that such claims primarily arose out of, the gross negligence, willful misconduct, or fraud of any Indemnified Parties.

11. In the event an Indemnified Party seeks reimbursement of attorneys' fees from the Debtors pursuant to the Indemnification Agreement, the invoices and supporting time records from such attorneys shall be attached to PJT's own interim and final fee applications, and such invoices and time records shall be subject to the United States Trustee guidelines and the approval of the Bankruptcy Court under the standards of section 330 of the Bankruptcy Code without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

12. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry hereof.

13. Notwithstanding anything to the contrary in the Application and/or Engagement Letter, PJT shall have whatever duties, fiduciary or otherwise, that are imposed upon it by applicable law.

14. Notwithstanding anything in the Application or the Engagement Letter to the contrary, PJT shall (i) to the extent that PJT uses the services of independent contractors, subcontractors, or employees of foreign affiliates or subsidiaries (collectively, the "**Contractors**") in these cases, pass through the cost of such Contractors to the Debtors at the same rate that PJT pays the Contractors; and (ii) seek reimbursement for actual costs only. The Debtors shall ensure that any such Contractors are subject to the same conflict checks as required

#92327993v19

for PJT and that they shall file with the Court such disclosures as required by Bankruptcy Rule 2014.

15. In the event of any inconsistency between the Engagement Letter, the Application, and this Order, this Order shall govern.

16. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

17. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated:  December 20, 2019          /s/ Robert D. Drain
        White Plains, New York      The Honorable Robert D. Drain
                                       United States Bankruptcy Judge

#92327993v19