UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>PURDUE PHARMA L.P., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 19-23649 (RDD)<br><br>(Jointly Administered) |

### AFFIDAVIT AND DISCLOSURE STATEMENT OF JOHN M. COVERT, ON BEHALF OF STERNE, KESSLER, GOLDSTEIN & FOX, PLLC

STATE OF _____ )
                      ) s.s.:
COUNTY OF _____ )

John M. Covert, being duly sworn, upon his oath, deposes and says as follows:

1.         I am a John M. Covert of Sterne, Kessler, Goldstein & Fox, PLLC, located at 1100 New York Ave, NW, Washington, DC 20005 (the "**Firm**").

2.         Purdue Pharma L.P. and its affiliates that are debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), have requested that the Firm provide services to the Debtors, and the Firm has consented to provide such services (the "**Services**").

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

3.  The Services include, but are not limited to, the following: providing intellectual property counseling, that typically includes preparation and prosecution of patent applications, due diligence and agreement assistance, freedom-to-operate analyses, and patentability, infringement and validity assessments and opinions.

4.  The Firm may have performed services in the past and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties in interest in the Debtors' chapter 11 cases. As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be claimants or employees of the Debtors, or other parties in interest in these chapter 11 cases. The Firm does not perform services for any such person in connection with these chapter 11 cases. In addition, the Firm does not have any relationship with any such person, such person's attorneys, or such person's accountants that would be adverse to the Debtors or their estates with respect to the matters on which the Firm is to be retained.

5.  Neither I, nor any principal of, or professional employed by the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than principals and regular employees of the Firm.

6.  Neither I nor any principal of, or professional employed by the Firm, insofar as I have been able to ascertain, holds or represents any interest materially adverse to the Debtors or their estates with respect to the matters on which the Firm is to be retained.

7.  As of the commencement of this chapter 11 case, the Debtors owed the Firm $35,421.51 in respect of prepetition services rendered to the Debtors.

8.  The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of this inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Affidavit.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Affidavit and Disclosure Statement was executed on _13 January_, 2020, at _Washington, DC_

_____
John M. Covert

SWORN TO AND SUBSCRIBED before
Me this 13th day of January, 2020

My Commission Expires
April 14, 2024

_____
Notary Public

3

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>PURDUE PHARMA L.P., *et al.*,<br><br>Debtors.[4] | Chapter 11<br><br>Case No. 19-23649 (RDD)<br><br>(Jointly Administered) |

## RETENTION QUESTIONNAIRE

TO BE COMPLETED BY PROFESSIONALS EMPLOYED by Purdue Pharma L.P. and its affiliates that are debtors and debtors in possession in the above-captioned cases (collectively, the "**Debtors**").

All questions **must** be answered. Please use "none," "not applicable," or "N/A," as appropriate. If more space is needed, please complete on a separate page and attach.

1.    Name and address of professional:

Sterne, Kessler, Goldstein & Fox, PLLC

1100 New York Avenue, NW

Washington DC 20005

Date of retention: October 11, 1999

---

[4] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

3. Type of services to be provided: <u>providing intellectual property counseling and work-product.</u>

4. Brief description of services to be provided:

<u>preparation and prosecution of patent applications, freedom-to-operate analyses, due diligence and agreement assistance, and patentability, infringement and validity assessments and opinions</u>

5. Arrangements for compensation (hourly, contingent, etc.):

Hourly with agreed upon discounts

    (a)    Average hourly rate (if applicable): **N/A**

    (b)    Estimated average monthly compensation based on prepetition retention (if company was employed prepetition):

Average monthly: **$71,000 attorney fees and $13,000 in cost disbursements**

6. Prepetition claims against the Debtors held by the company:

Amount of claim: **$35,421.51**

Date claim arose: **1/15/2019 – 9/14/2019**

Nature of claim: **Billed legal services**

7. Prepetition claims against the Debtors held individually by any member, associate, or employee of the company:

Name: **N/A**

Status: _____

Amount of claim: $ _____

2

Date claim arose: _____

Nature of claim: _____

_____

_____

_____

8. Disclose the nature and provide a brief description of any interest adverse to the Debtors or to their estates for the matters on which the professional is to be employed:

None_____

_____

_____

_____

9. Disclose whether the professional currently represents any of the Debtors' existing shareholders, including trusts, beneficiaries, companies, affiliates, family members and any similar related parties (together, the "**Shareholder Parties**"), and/or any entity owned or controlled by any Shareholder Party (in each case other than any Debtor), and whether any Shareholder Party or any entity owned or controlled by any Shareholder Party (other than any Debtor) accounted for more than 1% of the professionals' annual revenue for any of the last five years. If so, describe what ethical walls or other protections are in place with regard to the concurrent representations:

None_____

_____

_____

_____

10. Name and title of individual completing this form:

John M. Covert, Director

Dated: *13 January*, 2020

District of Columbia

Signed and sworn to (or affirmed) before me 13 January by Claire Soojin Shin

*[signature]*
Claire Soojin Shin - Notary Public
Commission Expires 04-14-2024

My Commission Expires
April 14, 2024

3