**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (RDD)** |
| **Debtors.**[1] | **(Jointly Administered)** |

**SECOND SUPPLEMENTAL FINAL ORDER AUTHORIZING (I) DEBTORS TO
(A) PAY CERTAIN PREPETITION WAGES, SALARIES, EMPLOYEE BENEFITS
AND OTHER COMPENSATION AND (B) MAINTAIN EMPLOYEE BENEFITS
PROGRAMS AND PAY RELATED ADMINISTRATIVE OBLIGATIONS,
(II) EMPLOYEES AND RETIREES TO PROCEED WITH OUTSTANDING
WORKERS' COMPENSATION CLAIMS AND (III) FINANCIAL INSTITUTIONS TO
HONOR AND PROCESS RELATED CHECKS AND TRANSFERS**

Upon the motion (the "**Motion**")[2] of Purdue Pharma L.P. and its affiliates that are debtors and debtors in possession in these cases (collectively, the "**Debtors**"), pursuant to sections 105(a), 362(d) and 363(b) of the Bankruptcy Code, for entry of an interim order and a final order (this "**Order**") authorizing (i) the Debtors to (a) pay certain prepetition wages, salaries, and other compensation owing to Employees and Retirees and (b) maintain the Employee Programs and pay related administrative obligations, (ii) permitting Employees and Retirees with claims under the Workers' Compensation Programs to proceed with such claims and insurers to continue using collateral and security under the Workers' Compensation Programs, and (iii) authorize applicable

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to such term in the Motion.

banks and other financial institutions to receive, process, honor and process related checks and transfers; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion and the Hearings (defined below) having been provided, and it appearing that no other or further notice need be provided with respect to the relief granted herein; and the Debtors having revised the relief requested in the Motion after discussion and negotiation with the Official Creditors' Committee; and the Court having reviewed the Motion and the proposed amended form of order and the second supplemental Lowne declaration filed on December 2, 2019 (the "**Second Supplemental Lowne Declaration**") and the Gartrell declaration filed on December 2, 2019, as well as all of the objections to the Motion and other related pleadings, and held an evidentiary hearing on December 5, 2019 and a hearing on January 24, 2020 to consider the relief requested in the Motion and the form of amended proposed order on a final basis (the "**Hearings**"); and upon the Lowne Declaration filed contemporaneously with the Motion at Docket No. 3, and the Second Supplemental Lowne Declaration filed at Docket No. 554, and the Gartrell declaration filed at Docket No. 555 and the record of the Hearings; and after due deliberation and for the reasons stated by the Court in its bench rulings at the Hearings the Court having determined that the legal and factual bases set forth in the Motion and at the Hearings establish good and sufficient cause for the relief granted herein under applicable law, and that such relief is a proper exercise of business judgment and in the best interests of the Debtors, their estates, creditors and all parties in interest; now, therefore,

**IT IS HEREBY ORDERED THAT**

1. The Motion is granted as to the Debtors' Chief Executive Officer on a final basis as set forth herein.

2. The Debtors are authorized, but not required, in their sole discretion, to pay amounts due to the Debtors' Chief Executive Officer on account of the 2019 Purdue AIP subject to the following: (1) the aggregate amount paid shall not exceed $1,313,250 (the "**AIP Payments**"), (2) 50% of such amount shall be paid on or about (i.e., on the regularly scheduled employee payment date closest to such date) June 1, 2020 and 50% shall be paid on or about (i.e., on the regularly scheduled employee payment date closest to such date) September 1, 2020, (3) the Debtors' Chief Executive Officer shall not take any action with respect to the AIP Payments with the intent or material effect of frustrating enforcement of any potential judgment of the Court in these chapter 11 cases or any other actions pending against him in any other court or jurisdiction with respect to such amounts, and (4) subject in all respects to paragraph 4.

3. As provided for in the Sign-On Bonus and Retention Bonus Arrangement dated March 23, 2018, as amended June 8, 2018 (the "**Retention Agreement**") between the Debtors' Chief Executive Officer and Purdue Pharma L.P., the Debtors' Chief Executive Officer shall repay $3,000,000 to the Debtors if he resigns without Good Reason[3] or is terminated for Cause[4] prior to December 31, 2020.

4. To the extent the Debtors' Chief Executive Officer is determined by a final order of this Court or any court of competent jurisdiction to have (a) knowingly participated in any

---

[3] Such term shall have the meaning ascribed to it in the Employment Agreement dated October 5, 2017 (the "**Employment Agreement**") between Purdue Pharma L.P. and the Debtors' Chief Executive Officer.

[4] Such term shall have the meaning ascribed to it in the Employment Agreement.

criminal misconduct in connection with his employment with the Debtors or (b) been aware, other than from public sources, of acts or omissions of others that he knew at the time were fraudulent or criminal with respect to the Company's commercial practices in connection with the sale of opioids and failed to report such fraudulent or criminal acts or omissions internally at the Company or to law enforcement authorities at any time during his employment with the Company, the Debtors' Chief Executive Officer shall not be eligible to receive the AIP Payments. All parties' rights, if any, to seek disgorgement of the AIP Payments following the entry of such final order are reserved.

5.  Nothing in the Motion or this Order, nor any payments made pursuant to this Order, shall be deemed to be or constitute an admission as to the validity or priority of any claim against the Debtors, or constitute an assumption or post-petition reaffirmation of any agreement, plan, practice, program, policy, executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code or a waiver of any rights of the Debtors.

6.  The contents of the Motion and the notice procedures set forth therein are good and sufficient notice and satisfy the Bankruptcy Rules and the Local Bankruptcy Rules for the Southern District of New York, and no other or further notice of the Motion or the entry of this Order shall be required.

7.  The Debtors are authorized to take all such actions as are necessary or appropriate to implement the relief granted in this Order.

8.  The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and enforcement of this Order.

Dated: White Plains, New York
　　　　January 27, 2020　　　　　　　　　　/s/Robert D. Drain
　　　　　　　　　　　　　　　　　　　　　　HONORABLE ROBERT D. DRAIN
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES BANKRUPTCY JUDGE