**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.**, *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

### ORDER ESTABLISHING (I) DEADLINES FOR FILING PROOFS OF CLAIM AND PROCEDURES RELATING THERETO, (II) APPROVING THE PROOF OF CLAIM FORMS, AND (III) APPROVING THE FORM AND MANNER OF NOTICE THEREOF

Upon the motion (the "**Motion**") of Purdue Pharma, L.P. ("**PPLP**") and its affiliates that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**," the "**Company**," or "**Purdue**"), for an order, pursuant to Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") 2002, 3003(c)(3), and 9008 fixing deadlines and establishing procedures for filing proofs of claim and approving the form and manner of service thereof;[2] and upon all pleadings filed in connection with the Motion and the record of the hearing held by the Court on the Motion on January 24, 2020; and it appearing that the relief requested and granted hereby is in the best interests of the Debtors, their estates, and creditors; and that adequate notice of the Motion has been given and that no further notice or hearing is necessary; and after due

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717), and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Capitalized terms not defined herein shall have the same meaning ascribed to them in the Motion.

deliberation and good and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT:**

1.      The Motion is granted as set forth herein.

2.      The Bar Date Notice and the Governmental Opioid Claimant Proof of Claim Form, the Personal Injury Claimant Proof of Claim Form, the General Opioid Claimant Proof of Claim Form, (together, the "**Opioid Proof of Claim Forms**"), and the Non-Opioid Claimant Proof of Claim Form (together, with the Opioid Proof of Claim Forms, the "**Proof of Claim Forms**"), in substantially the forms annexed hereto as Exhibits 1, 2, 3, 4, and 5, respectively, and the manner of providing notice of the Bar Dates proposed in the Motion, are approved in all respects pursuant to Bankruptcy Rules 2002(a)(7) and 2002(l).  The form and manner of notice of the Bar Dates approved herein are deemed to fulfill the notice requirements of the Bankruptcy Rules and the Local Rules for the Court, and notice of the Bar Dates in the form and manner as proposed by the Debtors herein is fair and reasonable and will provide good, sufficient, and due notice to all creditors of their rights and obligations in connection with claims they may assert against the Debtors' estates in these chapter 11 cases.  Accordingly, the Debtors are authorized and directed to serve and/or publish the notice of the Bar Date as set forth below.

3.      Except as otherwise provided in paragraphs 13 and 14 of this Order, all persons and entities (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, governmental units, and Native American Tribes) holding a pre-petition claim, as defined in Section 101(5) of the Bankruptcy Code, against the Debtors which arose on or prior to the filing of the chapter 11 petitions on September 15, 2019 (the "**Petition Date**"), <u>must</u> file a proof of claim in writing or electronically in accordance with the procedures below so that it is received **on or before 5:00 p.m. (Prevailing Eastern Time) on June 30, 2020** (the "**General**

Bar Date")).  All persons and entities holding an opioid-related claim against the Debtors that arose after the Petition Date may also file a proof of claim using the forms described herein.  The General Bar Date shall be identified in the Bar Date Notice.

4.    For the purposes of determining the timeliness of the filing of a proof of claim and for determining whether a claimant should use the Opioid Proof of Claim Forms, the following procedures for the filing of proofs of claim shall apply:

a.  **Governmental Opioid Claimant Proof of Claim Forms** must (i) be completed by any governmental unit or Native American Tribe, alleging a claim against the Debtors based on or involving opioids or their production, marketing and sale, including without limitation, the Debtors' production, marketing and sale of all natural, semi-synthetic or synthetic chemicals that interact with opioid receptors on nerve cells in the body and brain, and that are approved by the U.S. Food & Drug Administration (FDA) and listed by the DEA as Schedule II or III drugs pursuant to the federal Controlled Substances Act, as the following **Brand Name Medications**: OxyContin®, Hysingla ER®, Butrans®, Dilaudid®, Ryzolt, MS Contin®, MSIR®, Palladone®, DHC Plus®, OxyIR®, or OxyFast®; or the following **Generic Medications:** oxycodone extended-release tablets, buprenorphine transdermal system, hydromorphone immediate-release tablets, hydromorphone oral solution, tramadol extended-release tablets, morphine extended-release tablets, oxycodone immediate-release tablets, oxycodone and acetaminophen tablets (generic to Percocet®), hydrocodone and acetaminophen tablets (generic to Vicodin® or Norco®) (a "**Purdue Opioid**" or "**Purdue Opioids**")[3]; and (ii) conform substantially to the proof of claim form attached hereto as Exhibit 2.

b.  **Personal Injury Claimant Proof of Claim Forms** must (i) be completed by any claimant seeking damages based on personal injury to the claimant or another individual related to the taking of Purdue Opioids; and/or the taking of another opioid for which the claimant believes Purdue is responsible for their damages; and (ii) conform substantially to the proof of claim form attached hereto as Exhibit 3;

c.  **General Opioid Claimant Proof of Claim Forms** must (i) be completed by any individual or entity, other than a governmental unit or Native American

---

[3] The term "Purdue Opioid(s)" shall not mean: (i) medications and other substances to treat opioid or other substance use disorders, abuse, addiction or overdose; (ii) raw materials and/or immediate precursors used in the manufacture or study of opioids or opioid products, but only when such materials and/or immediate precursors are sold or marketed exclusively to DEA-licensed manufacturers or DEA-licensed researchers; or (iii) opioids listed by the DEA as Schedule IV drugs pursuant to the federal Controlled Substances Act.

Tribe, alleging a claim against the Debtors based on or involving opioids or their production, marketing and sale, including without limitation, the Debtors' production, marketing and sale of Purdue Opioids, excluding claims for personal injury; and (ii) conform substantially to the proof of claim form attached hereto as Exhibit 4;

d. **Non-Opioid Claimant Proof of Claim Form** must (i) be completed by any person or entity alleging claims against the Debtors based on non-opioid-related injuries or harm; and (ii) conform substantially to the proof of claim form attached hereto as Exhibit 5.  Non-Opioid Claimant Proof of Claim Forms must specify by name and case number the Debtor against which the claim is filed.  If the holder asserts a claim for non-opioid related injuries or harm against more than one Debtor or has such claims against different Debtors, a separate proof of claim form must be filed with respect to each Debtor;

e. For the avoidance of doubt, holders asserting claims on any of the Opioid Proof of Claim Forms and the Federal Government (as defined herein) are not required to file separate proofs of claim against each Debtor with respect to which any such holder has or may have a claim or specify by name the Debtor against which the claim is filed or the case number of such Debtor's bankruptcy case.  All Opioid Proof of Claim Forms, as well as claims filed by the Federal Government, will be docketed against the lead case, *In re Purdue Pharma L.P., et al.*, No. 19-23649 (RDD), without the need for further designation by a holder, and shall be deemed filed as against each of the Debtors in each of the Debtors' chapter 11 cases and in any of their successor cases;

f. Proofs of claim must be filed either (i) electronically through Prime Clerk's proof of claim website for these cases at https://restructuring.primeclerk.com/purduepharma/ (the "**Case Website**") by following instructions for filing proofs of claim electronically; (ii) by mailing the original proof of claim by First-Class mail to Prime Clerk's Claim Processing Center for the Debtors at Purdue Pharma Claims Processing Center, c/o Prime Clerk LLC, Grand Central Station, PO Box 4850, New York, NY 10163-4850; (iii) by mailing the original proof of claim by overnight mail to Prime Clerk's Claim Processing Center for the Debtors at Purdue Pharma Claims Processing Center, c/o Prime Clerk LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232; or (iv) by delivering the original proof of claim by hand to (x) the United States Bankruptcy Court for the Southern District of New York at 300 Quarropas Street, White Plains, NY 10601; provided, that if the proof of claim contains confidential information as provided in this Order, the proof of claim be delivered in an envelope marked "CONFIDENTIAL"; or (y) Prime Clerk's Claims Processing Center for the Debtors at Purdue Pharma Claims Processing Center, c/o Prime Clerk LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232;

4

g.  Proofs of claim will be deemed filed only when **received** by the Clerk of the Bankruptcy Court or by Prime Clerk on or before the General Bar Date;

h.  Proofs of claim must (i) be signed; (ii) be in the English language; and (iii) be denominated in United States currency;

i.  If a claimant is unable to answer certain questions or elects not to supplement their proof of claim by attaching supporting documentation at the time of filing a claim, the absence of an answer or supporting documentation, by itself, will not result in the denial of the claim, though the claimant may be asked or required to provide additional information or supporting documentation at a later date.  A claimant may also amend or supplement a proof of claim after it is filed, including, for the avoidance of doubt, after the applicable Bar Date, but not, without leave of Court, to assert a new or additional claim;

j.  Timely filed claims that satisfy the requirements of the Bankruptcy Code, the Bankruptcy Rules, and/or this Order shall not be disallowed solely by reason of a lack of detail or specificity in response to questions asked in the forms approved by this Order; and

k.  Proofs of claim sent by facsimile, telecopy, or electronic mail transmission **will not** be accepted.

5.    All Personal Injury Claimant Proof of Claim Forms and any supporting documentation submitted with the forms, shall remain highly confidential and shall not be made available to the public.  For the avoidance of doubt, only the claim number, claim amount, and the total number of the personal injury claims, including any subcategories thereof (such as claims on behalf of minors with Neonatal Abstinence Syndrome), will be made publicly available on the Case Website and only such information will be included in the publicly available Claims Register.  Copies of Personal Injury Claimant Proof of Claim Forms and supporting documentation shall be treated as Professionals' Eyes Only/Confidential Information and, as applicable, as Information Protected Pursuant to the Health Insurance Portability and Accountability Act of 1996 as set forth in the Protective Order entered by the Court on January 28, 2020 [Dkt. No. 784] (the "**Protective Order**"), and made available only to the Court and to those that agree to be bound by the Protective Order.

6.      All claim forms that are <u>not</u> Personal Injury Claimant Proof of Claim Forms will
be made publicly available on the Case Website in their entirety (unless Prime Clerk, in its
discretion, determines that a personal injury claimant mistakenly filled out a different proof of
claim form).  For the avoidance of doubt, the Governmental Opioid Claimant Proof of Claim
Forms, the General Opioid Proof of Claim Forms, and the Non-Opioid Proof of Claim Forms
will be made publicly available on the Case Website in their entirety.  Prime Clerk shall be
exculpated from liability[4] for, and shall be under no obligation or duty to advise claimants and/or
make determinations as to whether the appropriate Proof of Claim Form was used; *provided
however*, to the extent that a claimant seeks such advice, Prime Clerk shall refer the claimant to
the instructions detailing the Proof of Claim Forms in the Bar Date Notice and to Prime Clerk's
proof of claim website for these cases at   https://restructuring.primeclerk.com/purduepharma/;
*further provided however*, that in no event shall Prime Clerk be exculpated in the case of its own
bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence or willful misconduct.

7.      Notwithstanding anything to the contrary in this Order, the Motion, any provision
of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules for the Southern
District of New York, the Guidelines, any other order of this Court, any proof of claim form or
notice of a bar date, for administrative purposes, (i) any member of an ad hoc committee or ad
hoc group delineated in this Order, specifically the Ad Hoc Committee of Governmental and
Other Contingent Litigation Claimants (other than the PEC[5]) (the "**Consenting Ad Hoc**

---

[4] Whenever Prime Clerk is acting on behalf of the Clerk of the Court, the exculpation and indemnification
provisions in this Order shall also apply to the Clerk of the Court.

[5] The PEC or Plaintiffs' Executive Committee is the sixteen-member court-appointed committee in *In re National
Prescription Opiate Litigation*, Case No. 17-md-02804, MDL No. 2804.

6

Committee"), the Ad Hoc Committee of NAS Babies, the Ad Hoc Group of Hospitals,[6] the Ad Hoc Group of Non-Consenting States (the "**Non-Consenting States**"), the Multi-State Governmental Entities Group, and the Ad Hoc Group of Individual Victims (each, an "**Ad Hoc Committee**" or "**Ad Hoc Group**"), that have filed verified statements pursuant to Bankruptcy Rule 2019 in these cases as of the date of this Order (as each such statement may be amended, modified or supplemented from time to time, each, a "**Rule 2019 Statement,**" and as such membership may change from time to time, each, a **"Member"** and, collectively the "**Members**"), and (ii) any individual or entity (including any governmental entity, territory or Native American Tribe) that provides requisite authorization to counsel for the applicable Ad Hoc Group or Ad Hoc Committee—provided such authorization is reasonably acceptable to the Debtors and the Creditors' Committee (each, a "**Consenting Claimant**" and, collectively, the "**Consenting Claimants**")—is authorized and entitled, but not required, to file, amend, modify and/or supplement one or more consolidated proof(s) of claim, including, in each case, through counsel or other authorized agent (together with any amendments, modifications or supplements thereto, each a "**Consolidated Claim**" and, collectively, the "**Consolidated Claims**"), using the appropriate Opioid Proof of Claim Form,[7] on behalf of each and every Member of the applicable Ad Hoc Group or Ad Hoc Committee and Consenting Claimant, or any subgroup thereof, that elects to be included in the applicable Consolidated Claim for any and all claims such applicable Members and/or Consenting Claimants have or may have against any or all of the Debtors;

---

[6] "Ad Hoc Group of Hospitals" shall have the meaning set forth in the *Verified Statement of the Ad Hoc Group of Hospitals Pursuant to Bankruptcy Rule 2019* [Docket No. 577] (as the same may be amended, modified or supplemented from time to time).

[7] For the avoidance of doubt, the Members of the Ad Hoc Group of Hospitals are authorized and entitled, but not required, to file, amend, modify and/or supplement a Consolidated Claim using the General Opioid Claimant Proof of Claim Form for any and all claims the Members of the Ad Hoc Group of Hospitals have or may have against any or all of the Debtors.

*provided that* such Consolidated Claim has attached either (y) individual proof of claim forms for each such applicable Member of the applicable Ad Hoc Group or Ad Hoc Committee and/or Consenting Claimant, or (z) a spreadsheet or other form of documentation that lists each such applicable Member of the applicable Ad Hoc Group or Ad Hoc Committee and/or Consenting Claimant and provides individualized information that substantially conforms to information requested in the applicable Opioid Proof of Claim From.[8]

8.      In the case of (a) states, federal districts, or territories that are Members or Consenting Claimants, nothing shall preclude counsel for the Consenting Ad Hoc Committee and/or counsel for the Non-Consenting States from filing a Consolidated Claim on behalf of all such states, federal districts, and territories, and (b) cities, counties, other municipalities or Native American Tribes that are Members or Consenting Claimants, nothing shall preclude counsel for the Consenting Ad Hoc Committee from filing a Consolidated Claim on behalf of all such cities, counties, other municipalities or Native American Tribes; *provided that* the Consolidated Claim has attached either (i) individual proofs of claim for each governmental entity, or (ii) a summary describing the collective claims/theories, any claims/theories specific to an individual state, federal district, or territory, and the amount of the claim (which may include unliquidated claim amounts), and such counsel is hereby authorized to file a Consolidated Claim (subject to receiving the requisite authority from the Members and/or Consenting Claimants in accordance with paragraph 7).

---

[8] In responding to the questions, or providing the information requested, in the applicable Opioid Proof of Claim Form, the applicable Member of the applicable Ad Hoc Group or Ad Hoc Committee and/or Consenting Claimant may refer to and rely on the statements made in a complaint that such Member and/or Consenting Claimants has filed against the Debtor(s) (which complaint will be attached).

9.      Any health plan, health insurer, health plan administrator, or other third party payor of relevant claims (each a "**TPP**"), is authorized and entitled, but not required, to file a Consolidated Claim on account of any or all plan sponsors, employer groups, fully insured, or self-funded programs administered by such TPP (a "**TPP Consolidated Claim**").  Such TPP may use the General Opioid Claimant Proof of Claim Form for these (or any other) TPP claims. A TPP Consolidated Claim must provide a spreadsheet or other form of documentation reasonably acceptable to the Debtors and Creditors' Committee that lists the employer group or plan sponsor of each self-funded program administered by the TPP, the amount of such sponsor's claim, and a description of the claim basis.  Such TPP may, but need not, include any of its other claims, including but not limited to fully insured, at risk, and direct claims, in the same claim form.  Any supporting information provided by a TPP in connection with any Proof of Claim Form filed, whether provided with the initial filing, or provided later as contemplated pursuant to paragraph 4 above, shall be treated as Professionals' Eyes Only/Confidential Information and, as applicable, as Information Protected Pursuant to the Health Insurance Portability and Accountability Act of 1996 as set forth in the Protective Order, and made available only to the Court and to those that agree to be bound by the Protective Order.

10.      Notwithstanding anything to the contrary in this Order, the Motion, any provision of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules for the Southern District of New York, the Guidelines, any other order of this Court, any Proof of Claim Form or notice of the Bar Dates, the Consolidated Claim(s) and the TPP Consolidated Claims shall have the same effect as if each Member of the applicable Ad Hoc Group or Ad Hoc Committee or Consenting Claimant (or sponsor in the case of a TPP) had individually filed its own proof of claim against each of the Debtors in each of the Debtors' chapter 11 cases and in any of their

successor cases.   No Consolidated Claim or TPP Consolidated Claim shall be disallowed, reduced or expunged solely on the basis that such Consolidated Claim is filed collectively by the Members and/or Consenting Claimants, or sponsor, as applicable, rather than by each Member or Consenting Claimant, or sponsor, individually.   By filing a Consolidated Claim, or a TPP Consolidated Claim, the Members, Consenting Claimants and sponsor are deemed to have satisfied the applicable Bankruptcy Rules, including, without limitation, Bankruptcy Rule 3001. Filing of Consolidated Claims or TPP Consolidated Claims in this manner is intended solely for the purpose of administrative convenience.   Absent further order of the Court, Consolidated Claims or TPP Consolidated Claims shall not be construed, submitted, or allowed as class proofs of claim (or as motions to approve class proofs of claim), nor shall the allowance of the filing of the Consolidated Claims or TPP Consolidated Claims be construed in any way as a determination that any claims in these chapter 11 cases may be submitted as class claims, the rights of all parties being reserved in that regard.

11.     Notwithstanding anything to the contrary in this Order, the Motion, any other order of this Court, any proof of claim form or notice of a bar date, the federal government of the United States, including any agency, department, or instrumentality of the federal government, including, for the avoidance of doubt, Pension Benefit Guaranty Company (the "**Federal Government**"), is authorized to file, amend, modify and/or supplement proofs of claim using the Non-Opioid Claimant Proof of Claim Form, instead of the Governmental Opioid Claimant Proof of Claim Form, for any and all claims the Federal Government has or may have against any of the Debtors, including claims against the Debtors based on the Debtors' production, marketing and sale of Purdue Opioids.   Claims filed by the Federal Government shall not be disallowed,

reduced or expunged solely on the basis that the claim is filed on the Non-Opioid Claimant Proof
of Claim Form instead of the Governmental Opioid Claimant Proof of Claim Form.

12.     Notwithstanding and in addition to any prior agreements by the Debtors to
indemnify the Indemnified Parties (as defined below), the Debtors shall indemnify, defend and
hold Prime Clerk and its members, directors, officers, employees, representatives, affiliates,
consultants, subcontractors, and agents (collectively, the "**Indemnified Parties**") from and
against any and all losses, claims, damages, judgments, liabilities, and expenses, whether direct
or indirect (including, without limitation, counsel fees and expenses) (collectively, "**Losses**")
resulting from, arising out of or related to information made publicly available on the Case
Website; *provided however*, that in no event shall Prime Clerk be indemnified in the case of its
own bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence or willful
misconduct.   Without limiting the generality of the foregoing, Losses include any liabilities
resulting from claims by any third parties against any Indemnified Party.

13.     Any person or entity that holds a claim that arises from the rejection of an
executory contract or unexpired lease pursuant to Section 365 of the Bankruptcy Code, must file
a proof of claim based on such rejection on or before the later of the (i) General Bar Date; and
(ii) thirty (30) days after entry of any order authorizing the rejection of such executory contract
or unexpired lease (together, the "**Rejection Damages Bar Date**").

14.     If the Debtors amend or supplement their Schedules subsequent to the date hereof,
the Debtors shall give notice of such amendment or supplement to the holders of claims affected
thereby, and such holders must file amended or original claims to take into account such
amendment(s) to the Schedules on or before the later of: (i) the General Bar Date; and (ii) thirty
(30) days after the date such holders of affected claims are served with notice that the Debtors

amended their Schedules to identify, reduce, delete, or change the amount, priority,

classification, or other status of such a claim (together, the "**Amended Schedules Bar Date**").

15.    Nothing in this Order shall prejudice the right of the Debtors or any other party in

interest to dispute or assert offsets or defenses to any claim reflected in the Schedules.

16.    The following persons or entities need not file a proof of claim on or prior to the

applicable Bar Date:

    a.  the Office of the United States Trustee for the Southern District of New York on account of claims for fees and applicable interests payable pursuant to 28 U.S.C. § 1930;

    b.  any person or entity alleging a claim against the Debtors that has already filed a proof of claim in the above-captioned case in a form substantially similar to Official Bankruptcy Form 410;

    c.  any person or entity whose claim is listed on the Schedules filed by the Debtors, provided that (i) the claim is <u>not</u> scheduled as "disputed," "contingent," or "unliquidated;" <u>and</u> (ii) the claimant does not disagree with the amount, nature, and priority of the claim as set forth in the Schedules;

    d.  any holder of a claim that heretofore has been allowed by Order of this Court entered on or before the applicable Bar Date;

    e.  any person or entity whose claim has been paid in full by any of the Debtors;

    f.  any holder of a claim for which a separate deadline has been fixed by this Court;

    g.  any party that is exempt from filing a proof of claim pursuant to an order of the Court in these chapter 11 cases;

    h.  any Debtor having a claim against another Debtor;

    i.  any holder of a claim allowable under § 503(b) and § 507(a)(2) of the Bankruptcy Code as an expense of administration (other than any claim allowable under section 503(b)(9) of the Bankruptcy Code), including any professionals retained pursuant to orders of the Court who assert administrative claims for fees and expenses subject to the Court's approval pursuant to sections 330 and 331 of the Bankruptcy Code;

    j.  current or former employees of the Debtors and current or former officers and directors of the Debtors who are not parties to currently pending litigation arising from or related to the Debtors' production, marketing and sale of

Purdue Opioids who assert claims for indemnification and/or contribution arising as a result of such individuals' services to the Debtors; and

k. a current or former employee of the Debtors, if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business as a wage, commission or benefit, including any order of this Court approving the *Motion of Debtors for Entry of an Order Authorizing (I) Debtors to (A) Pay Prepetition Wages, Salaries, Employee Benefits and Other Compensation and (B) Maintain Employee Benefits Programs and Pay Related Administrative Obligations, (II) Employees and Retirees to Proceed with Outstanding Workers' Compensation Claims and (III) Financial Institutions to Honor and Process Related Checks and Transfers* [D.I. 6]; *provided* that a current or former employee must submit a Proof of Claim by the General Bar Date for all other claims arising on or before the Petition Date, including claims for benefits not provided for pursuant to an order of the Court, wrongful termination, discrimination, harassment, hostile work environment, and/or retaliation.

17.     Pursuant to Bankruptcy Rule 3003(c)(2), all holders of claims that fail to comply with this Order by timely filing a proof of claim in appropriate form shall (i) be forever barred, estopped, and enjoined form asserting such claims against the Debtors, their property, or their estates (or submitting a proof of claim with respect thereto) and (ii) not treated as a creditor with respect to such claim for the purposes of voting and distribution with respect to any chapter 11 plan or plans of reorganization that may be filed in these cases.

18.     The Debtors shall cause to be mailed (i) the appropriate proof of claim form and (ii) a copy of the Bar Date Notice substantially in the form attached hereto as Exhibit 1, which shall be deemed adequate and sufficient if served by first-class mail no later than ten (10) business days after the date of entry of this Order upon:

a. the U.S. Trustee;

b. counsel to the Creditors' Committee;

c. all persons or entities that have filed proofs of claim as of the Bar Date Order;

13

d.  all creditors and other known holders of claims as of the date of the Bar Date Order, including all persons or entities listed in the Schedules as holding claims, at the addresses stated therein;

e.  all counterparties to the Debtors' executory contracts and unexpired leases listed on the Schedules at the addresses stated therein;

f.  all current parties to litigation with the Debtors or their counsel (as of the date of entry of the Bar Date Order);

g.  all regulatory authorities that regulate the Debtors' businesses;

h.  all (i) current employees of the Debtors, (ii) all former employees of the Debtors terminated on or after January 1, 2016, and (iii) all of the Debtors' retirees (to the extent that contact information for former employees and retirees is available in the Debtors' records);

i.  all parties known to the Debtors as having potential claims against the Debtors' estates (including: (i) prescribers of Purdue brand name medications; (ii) Purdue Opioid users who are included in an adverse event report or who have filed a product complaint and provided contact information; (iii) callers to Purdue who have threatened, but not filed, litigation and provided contact information; and (iv) entities and individuals, other than current, former, and retired employees, officers, and directors, that have requested indemnification);

j.  the Internal Revenue Service for the district in which the case is pending and, if required by Bankruptcy Rule 2002(j), the Securities and Exchange Commission and any other required governmental units (a list of such agencies is available from the Office of the Clerk of the Court);

k.  all other taxing authorities for the jurisdictions in which the Debtors maintain or conduct business or own property; and

l.  all parties who have requested notice pursuant to Bankruptcy Rule 2002.

19.    The Supplemental Notice Plan, as described in the declaration of Jeanne C. Finegan (the "**Finegan Declaration**"), is hereby approved and shall be deemed good, adequate, and sufficient publication notice of the Bar Dates and the procedures for filing proofs of claim in these chapter 11 cases.  The Debtors are authorized to implement the components of the Supplemental Notice Plan as set forth in the Motion, the Memorandum of Law in Support of Motion for Entry of an Order (I) Establishing Deadlines for Filing Proofs of Claim and

14

Procedures Relating Thereto, (II) Approving the Proof of Claim Forms, and (III) Approving the Form and Manner of Notice Thereof (the "**Memorandum of Law**"), and the Finegan Declaration.  Prime Clerk will provide weekly reports to the Debtors and the Creditors' Committee regarding the Supplemental Notice plan, outlining:  (i) website traffic; (ii) television ads that have aired and to be aired (including proposed schedules, to the extent known); (iii) radio aids aired and to be aired (including proposed schedules, to the extent known); (iv) impressions served; (v) social impressions; (vi) engagement (e.g., shares, comments, likes); (vii) online display ads served; (viii) ads that have been published in print (including proposed schedules, to the extent known); (ix) out of home advertising that has run (including proposed schedules, to the extent known); (x) media contacts (including specific names, if known); (xi) bar date notices mailed; and (xii) claims filed and preliminarily processed.

20.     In addition to the other provisions of the Supplemental Notice Plan, and pursuant to Bankruptcy Rule 2002(l) and the Guidelines, the Debtors shall publish a summary of the Bar Date Notice (i) once in the national editions of each of *The Wall Street Journal*, *The New York Times*, and *USA Today*, and (ii) once in each of the following magazines:  *People Magazine*, *Sports Illustrated*, *People En Espanol*, *National Geographic*, *Men's Health*, *Good Housekeeping*, *Parents*, and *Parents Latina*.

21.     The Debtors shall publish a summary of the Bar Date Notice (i) once in the weekday and Saturday editions of *The Globe & Mail, National Post, and Le Journal de Montreal*; and (ii) once in the national publications of each of *Canadian Geographic*, *Canadian Living*, *Chatelaine* (English and French Editions), *Maclean's*, *Reader's Digest* (English and French Editions*), Coup de Pouce*, and *L'actualite*.

22.     Nothing contained in this Order, the Motion, the Memorandum of Law, or any proof of claim or notice of the Bar Dates is intended to be or shall be construed as an admission of the Debtors' liability, an admission as to the validity of any claim against the Debtors, or a waiver of the Debtors' or any appropriate party in interest's rights to dispute any claim.

23.     The Debtors and Prime Clerk are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order.

24.     Entry of this Order is without prejudice to the right of the Debtors to seek a further order of this Court fixing a date by which holders of claims or interests not subject to the Bar Dates established herein must file such proofs of claim or interest or be barred from doing so.

25.     To the extent that the Debtors, with the consent of the Creditor's Committee, seek to extend the General Bar Date, the Debtors may do so upon notice including a statement that the relief requested therein may be granted, pursuant to Local Rule 9074-1, without a hearing if no objection is timely filed and served in accordance with the *Second Amended Order Establishing Certain Notice, Case Management, and Administrative Procedures*, entered on November 18, 2019 [Dkt. No. 498].

Dated:  February 3, 2020
            White Plains, New York

                                                    /s/Robert D. Drain
                                                    _____
                                                    THE HONORABLE ROBERT D DRAIN
                                                    UNITED STATES BANKRUPTCY JUDGE