# EXHIBIT 1

# Bar Date Notice

Error! Unknown document property name.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| In re: | Chapter 11 |
|---|---|
| **PURDUE PHARMA L.P.,** *et al.*, | Case No. 19-23649 |
| Debtors.[1] | (Jointly Administered) |

### NOTICE OF DEADLINES REQUIRING FILING OF PROOFS OF CLAIM

**TO ALL PERSONS (INCLUDING LEGAL GUARDIANS OF CHILDREN AND PERSONS CLAIMING ON BEHALF OF DECEASED PERSONS) AND ENTITIES WITH CLAIMS AGAINST ANY OF THE DEBTOR ENTITIES LISTED BELOW:**

| Name of Debtor | Case Number | Tax Identification Number |
|---|---|---|
| Purdue Pharma L.P. | 19-23649 | XX-XXX7484 |
| Purdue Pharma Inc. | 19-23648 | XX-XXX7486 |
| Purdue Transdermal Technologies | 19-23650 | XX-XXX1868 |
| Purdue Pharma Manufacturing L.P. | 19-23651 | XX-XXX3821 |
| Purdue Pharmaceuticals L.P. | 19-23652 | XX-XXX0034 |
| Imbrium Therapeutics L.P. | 19-23653 | XX-XXX8810 |
| Adlon Therapeutics L.P. | 19-23654 | XX-XXX6745 |
| Greenfield BioVentures L.P. | 19-23655 | XX-XXX6150 |
| Seven Seas Hill Corp. | 19-23656 | XX-XXX4591 |
| Ophir Green Corp. | 19-23657 | XX-XXX4594 |
| Purdue Pharma of Puerto Rico | 19-23658 | XX-XXX3925 |
| Avrio Health L.P. | 19-23659 | XX-XXX4140 |
| Purdue Pharmaceutical Products L.P. | 19-13660 | XX-XXX3902 |
| Purdue Neuroscience Company | 19-23661 | XX-XXX4712 |
| Nayatt Cove Lifescience Inc. | 19-23662 | XX-XXX7805 |
| Button Land L.P. | 19-23663 | XX-XXX7502 |
| Rhodes Associates L.P. | 19-23666 | N/A |
| Paul Land Inc. | 19-23664 | XX-XXX7425 |

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

1

**Error! Unknown document property name.**

| Quicknick Land L.P. | 19-23665 | XX-XXX7584 |
| Rhodes Pharmaceuticals L.P. | 19-23667 | XX-XXX6166 |
| Rhodes Technologies | 19-23668 | XX-XXX7143 |
| UDF LP | 19-23669 | XX-XXX0495 |
| SVC Pharma LP | 19-23670 | XX-XXX5717 |
| SVC Pharma Inc. | 19-23671 | XX-XXX4014 |

The United States Bankruptcy Court for the Southern District of New York has entered an Order establishing **5:00 p.m. (Prevailing Eastern Time) on June 30, 2020** (the "**General Bar Date**") as the last date for each person or entity (including individuals (which includes legal guardians of children and persons claiming on behalf of deceased persons), partnerships, corporations, joint ventures, trusts, governmental units, and Native American Tribes) to file a proof of claim against any of the Debtors listed above (the "**Debtors**").

The General Bar Date and the procedures set forth below for filing proofs of claim apply to all claims against the Debtors that arose prior to September 15, 2019 (in other words, for claims that arise from an action that the Debtors took prior to September 15, 2019, but you may assert a claim for damages suffered by any person or entity both prior to and after that date), the date on which the Debtors commenced cases under chapter 11 of the United States Bankruptcy Code (the "**Petition Date**"), except for claims listed in Section 4 below that are specifically excluded from the General Bar Date filing requirement.

**1. WHO MUST FILE A PROOF OF CLAIM**

Unless you hold a type of claim described in Section 4(c) below or the Court orders otherwise, you MUST file a proof of claim to vote on any chapter 11 plan filed in these cases. In addition, failure to file a proof of claim may prevent you from sharing in distributions from the Debtors' bankruptcy estates if you have a claim that arose prior to Petition Date, and is not one of the types of claims described in Section 4 below. Claims based on acts or omissions of the Debtors that occurred before the Petition Date must be filed on or prior to the General Bar Date, even if such claims are not now fixed, liquidated, or certain or did not mature or become fixed, liquidated, or certain before the Petition Date.

Under Section 101(5) of the Bankruptcy Code and as used in this Notice, the word "claim" means: (a) **a right to payment**, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) **a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment**, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

**This Notice is being sent to many persons and entities that have had some relationship with or have done business with the Debtors but may not have an unpaid claim against the Debtors. The fact that you have received this Notice does not mean that you have a claim or that the Debtors or the Court believe that you have a claim against the Debtors.**

2

## 2. WHICH FORM TO FILE

Your filed proof of claim must conform substantially to the appropriate case-specific proof of claim form that accompanies this Notice.

For the purpose of this Notice and the accompanying proof of claim forms, "**Purdue Opioid**" means all natural, semi-synthetic or synthetic chemicals that interact with opioid receptors on nerve cells in the body and brain, and that are approved by the U.S. Food & Drug Administration (FDA) and listed by the DEA as Schedule II or III drugs pursuant to the federal Controlled Substances Act, produced, marketed, or sold by the Debtors as: (i) the following **Brand Name Medications**: OxyContin®, Hysingla ER®, Butrans®, Dilaudid®, Ryzolt, MS Contin®, MSIR®, Palladone®, DHC Plus®, OxyIR®, or OxyFast®; and (ii) the following **Generic Medications:** oxycodone extended-release tablets, buprenorphine transdermal system, hydromorphone immediate-release tablets, hydromorphone oral solution, tramadol extended-release tablets, morphine extended-release tablets, oxycodone immediate-release tablets, oxycodone and acetaminophen tablets (generic to Percocet®), hydrocodone and acetaminophen tablets (generic to Vicodin® or Norco®).[2]

Personal Injury Claimant Proof of Claim Form:

If you have a claim against the Debtors based on your own personal injury or another person's personal injury (for example, you are filing on behalf of a deceased or incapacitated individual or a minor) related to the taking of a Purdue Opioid and/or the taking of another opioid for which you believe Purdue is responsible for your damages, you must file a proof of claim form that is (or is substantially similar to) the Personal Injury Claimant Proof of Claim Form.

For example, individuals seeking damages for death, addiction or dependence, lost wages, loss of consortium, or Neonatal Abstinence Syndrome ("**NAS**"), regardless of the legal cause of action (fraud, negligence, misrepresentation, conspiracy, etc.), must file the Personal Injury Claimant Proof of Claim Form.

If you have a claim against the Debtors based on the Debtors' production, marketing and sale of Purdue Opioids, in addition to your claim based on personal injury as a result of taking a Purdue Opioid or another opioid, you may include those claims on the Personal Injury Claimant Proof of Claim Form by completing Part 5 of the Personal Injury Claimant Proof of Claim Form.

**Confidentiality of Forms:** All Personal Injury Claimant Proof of Claim Forms and any supporting documentation submitted with those forms, shall remain <u>highly confidential</u> and shall not be made available to the public. For the avoidance of doubt, only the claim number, claim amount, and the total number of the personal injury claims, including any subcategories thereof (such as claims on behalf of minors with NAS) will be made publicly available on the Debtors' case website hosted by Prime Clerk (the "**Case Website**") and only such information will be included in the publicly available Claims Register. Copies of Personal Injury Claimant Proof of

---

[2] The term "Purdue Opioid(s)" shall not mean: (i) medications and other substances to treat opioid or other substance use disorders, abuse, addiction or overdose; (ii) raw materials and/or immediate precursors used in the manufacture or study of opioids or opioid products, but only when such materials and/or immediate precursors are sold or marketed exclusively to DEA-licensed manufacturers or DEA-licensed researchers; or (iii) opioids listed by the DEA as Schedule IV drugs pursuant to the federal Controlled Substances Act.

3

**Error! Unknown document property name.**

Claim Forms and supporting documentation shall be treated as Professionals' Eyes Only/Confidential and, as applicable, as Information Protected Pursuant to the Health Insurance Portability and Accountability Act of 1996 as set forth in the Protective Order entered by the Court on January 28, 2020 [Dkt. No. 784], and made available only to the Court and to those that agree to be bound by the Protective Order.

Governmental Opioid Claimant Proof of Claim Form:

If you are a governmental unit or a Native American Tribe, and you have a claim against the Debtors based on or involving opioids or their production, marketing and sale, including without limitation, the Debtors' production, marketing and sale of Purdue Opioids, you must file a proof of claim form that is (or is substantially similar to) the Governmental Opioid Claimant Proof of Claim Form.

General Opioid Claimant Proof of Claim Form:

If you are a person or entity, other than a governmental unit or Native American Tribe, and you have a claim against the Debtors based on or involving opioids or their production, marketing and sale, including without limitation, the Debtors' production, marketing and sale of Purdue Opioids, excluding claims for personal injury, you must file a proof of claim form that is (or is substantially similar to) the General Opioid Claimant Proof of Claim Form.

For example, hospitals, insurers, third-party payors, or insureds seeking damages for an injury other than a personal injury—a financial or economic injury, for instance—must file the General Opioid Claimant Proof of Claim Form.

If you have a claim against the Debtors based on non-opioid-related injuries or harm, in addition to your claim based on the Debtors' production, marketing and sale of Purdue Opioids, you may include those claims on the General Opioid Claimant Proof of Claim Form by filling out Part 4 on the General Opioid Claimant Proof of Claim Form.

Non-Opioid Claimant Proof of Claim Form (Official Form 410):

If you are a person or entity and you have a claim against the Debtors based on non-opioid related injuries or harm, you must file a proof of claim form that is (or is substantially similar to) the Non-Opioid Claimant Proof of Claim Form (Official Form 410).

For example, trade creditors seeking outstanding payments or governmental units asserting tax claims must file the Non-Opioid Claimant Proof of Claim Form.

Any holder of a claim against more than one Debtor for non-opioid related injuries or harm must file a separate proof of claim with respect to each such Debtor, and all holders of such claims must identify on their proof of claim the specific Debtor against which their claim is asserted and the case number of that Debtor's bankruptcy case. A list of the names of the Debtors and their case numbers is set forth in the table on the first page of this Notice.

Applicable to All Proof of Claim Forms:

The Debtors are enclosing the appropriate proof of claim form for use in these cases; if your claim is scheduled by the Debtors, the form also sets forth the amount of your claim as scheduled by the Debtors, the specific Debtor against which the claim is scheduled, and whether

**Error! Unknown document property name.**

the claim is scheduled as disputed, contingent, or unliquidated.  You will receive a different proof of claim form for each claim scheduled in your name by the Debtors.  Additional proof of claim forms may be obtained at the website established by Prime Clerk, located at http://PurduePharmaClaims.com/.

All proof of claim forms must be **signed** by the claimant or such individual authorized to act on behalf of the claimant.  If the claimant is not an individual, an authorized agent of the claimant (such as the claimant's lawyer) must sign the claim form.  It must be written in English and be denominated in United States currency.

**You may attach to your completed proof of claim any documents on which the claim is based (if voluminous, a summary may be attached) if you would like, but you are not required to do so, and failure to attach any such documents will not affect your ability to submit a proof of claim form or result in the denial of your claim.  You may be required, in the future, to provide supporting documents for your claim.  You may also amend or supplement your proof of claim after it is filed, including, for the avoidance of doubt, after the applicable Bar Date, but not, without permission from the Court, to assert a new or additional claim.  Do not send original documents with your proof of claim, as they will not be returned to you and may be destroyed after they are processed and reviewed.**

Your proof of claim form must **not** contain complete social security numbers or taxpayer identification numbers (only the last four digits), a complete birth date (only the year), the name of a minor (only the minor's initials), or a financial account number (only the last four digits of such financial account).

All proof of claim forms that are not Personal Injury Claimant Proof of Claim Forms will be made publicly available on the Case Website in their entirety.  For the avoidance of doubt, the Governmental Opioid Claimant Proof of Claim Forms, the General Opioid Proof of Claim Forms, and the Non-Opioid Proof of Claim Forms will be made publicly available on the Case Website in their entirety.

### 3. WHEN AND WHERE TO FILE

All proofs of claim must be filed so as to be received on or before **June 30, 2020, at 5:00 p.m. (Prevailing Eastern Time)** as follows:

IF BY U.S. POSTAL SERVICE MAIL:

Purdue Pharma Claims Processing Center
c/o Prime Clerk LLC
Grand Central Station, PO Box 4850
New York, NY 10163-4850

5

**Error! Unknown document property name.**

<u>IF BY OVERNIGHT MAIL</u>

Purdue Pharma Claims Processing Center
c/o Prime Clerk LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

<u>IF DELIVERED BY HAND</u>

Purdue Pharma Claims Processing Center
c/o Prime Clerk LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

<u>OR</u>

United States Bankruptcy Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601[3]

<u>IF ELECTRONICALLY</u>

The website established by Prime Clerk, via the link entitled "Submit a Claim" on such website located at http://PurduePharmaClaims.com/ and following the instructions provided.

Proofs of claim will be deemed filed only when <u>received</u> at the addresses listed above or filed electronically on or before the General Bar Date. Proofs of claim may not be delivered by facsimile, telecopy, or electronic mail transmission.

**4. CLAIMS FOR WHICH PROOFS OF CLAIM NEED NOT BE FILED**

You do **not** need to file a proof of claim on behalf of a claim on or prior to the General Bar Date if the claim falls into one of the following categories:

a. the Office of the United States Trustee for the Southern District of New York on account of claims for fees and applicable interests payable pursuant to 28 U.S.C. § 1930;

b. any person or entity alleging a claim against the Debtors that has already filed a proof of claim in the above-captioned case in a form substantially similar to Official Bankruptcy Form 410 (unless you wish to assert the claim against a Debtor not mentioned in the prior proof of claim, in which case an additional proof of claim must be filed);

---

[3] Proofs of claim delivered by hand to the Clerk's Office that contain confidential information as permitted hereby must be delivered in an envelope marked "CONFIDENTIAL".

6

c. any person or entity whose claim is listed on the Schedules filed by the Debtors, provided that (i) the claim is <u>not</u> scheduled as "disputed", "contingent", or "unliquidated"; <u>and</u> (ii) the claimant does not disagree with the amount, nature and priority of the claim as set forth in the Schedules;

d. any holder of a claim that heretofore has been allowed by Order of this Court;

e. any person or entity whose claim has been paid in full by any of the Debtors;

f. any holder of a claim for which specific deadlines have previously been fixed by this Court;

g. any party that is exempt from filing a proof of claim pursuant to an order of the Court in these chapter 11 cases;

h. any Debtor having a claim against another Debtor;

i. any holder of a claim allowable under § 503(b) and § 507(a)(2) of the Bankruptcy Code as an expense of administration (other than any claim allowable under section 503(b)(9) of the Bankruptcy Code), including any professionals retained by the Debtors pursuant to orders of the Court who assert administrative claims for fees and expenses subject to the Court's approval pursuant to sections 330 and 331 of the Bankruptcy Code;

j. current or former employees of the Debtors and current and former officers and directors of the Debtors who are not parties to currently pending litigation arising from or related to the Debtors' production, marketing and sale of Purdue Opioids who assert claims for indemnification and/or contribution arising as a result of such individuals' services to the Debtors; and

k. a current or former employee of the Debtors, if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business as a wage, commission or benefit, including any order of this Court approving the *Motion of Debtors for Entry of an Order Authorizing (I) Debtors to (A) Pay Prepetition Wages, Salaries, Employee Benefits and Other Compensation and (B) Maintain Employee Benefits Programs and Pay Related Administrative Obligations, (II) Employees and Retirees to Proceed with Outstanding Workers' Compensation Claims and (III) Financial Institutions to Honor and Process Related Checks and Transfers* [D.I. 6]; *provided* that a current or former employee must submit a Proof of Claim by the General Bar Date for all other claims arising on or before the Petition Date, including claims for benefits not provided for pursuant to an order of the Court, wrongful termination, discrimination, harassment, hostile work environment, and/or retaliation.

**5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

The Bankruptcy Code provides that the Debtors may, at any time before a plan of reorganization or liquidation is confirmed by the Court, choose to reject certain executory contracts or unexpired leases. If your contract or lease is rejected, you may have a claim resulting from that rejection. The deadline to file a Proof of Claim for damages relating to the rejection of the contract or lease is **the later of (i) the General Bar Date and (ii) thirty (30) days after entry of any order authorizing the rejection of the contract or lease**.

7

**Error! Unknown document property name.**

## 6. CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE APPLICABLE BAR DATE

ANY HOLDER OF A CLAIM THAT IS NOT EXEMPTED FROM THE REQUIREMENTS OF THIS ORDER, AS SET FORTH IN SECTION 4 ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR THE PURPOSES OF VOTING ON ANY PLAN OF REORGANIZATION FILED IN THESE CASES AND PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CASES ON ACCOUNT OF SUCH CLAIM.

## 7. THE DEBTORS' SCHEDULES AND ACCESS THERETO

You may be listed as the holder of a claim against one or more of the Debtors in the Debtors' Schedules of Assets and Liabilities and/or Schedules of Executory Contract and Unexpired Leases (collectively, the "**Schedules**").

To determine if and how you are listed on the Schedules, please refer to the descriptions set forth on the enclosed proof of claim forms regarding the nature, amount, and status of your claim(s). If you received post-petition payments (i.e., after September 15, 2019) from the Debtors (as authorized by the Court) on account of your claim, the enclosed proof of claim form will reflect the net amount of your claims. If the Debtors believe that you hold claims against one or more than one Debtor, you will receive multiple proof of claim forms, each of which will reflect the nature and amount of your claims against one Debtor, as listed in the Schedules.

As set forth above, if you agree with the nature, amount, and status of your claim as listed in the Debtors' Schedules, and if you do not dispute that your claims is only against the Debtor specified by the Debtors, and if you clam is not described as "disputed," "contingent," or "unliquidated," you need not file a proof of claim. Otherwise, or if you decide to file a proof of claim, you must do so before the General Bar Date in accordance with the procedures set forth in this Notice.

In the event that the Debtors amend or supplement their Schedules, the holder of claim affected by the Debtors' amendment(s) or supplement(s) shall have until **the later of (i) the General Bar Date and (ii) thirty (30) days after the holder of a claim is served with notice that the Debtors amended or supplemented their Schedules**.

Copies of Debtors' schedules are available for inspection on the Bankruptcy Court's electronic docket for the Debtors' chapter 11 cases, which is posted on (a) the website established by Prime Clerk for the Debtors at http://PurduePharmaClaims.com/ and (b) on the Courts website at http://www.nysb.uscourts.gov. A login and password to the Court's Public access to Electronic Court Records ("**PACER**") are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.gov. Copies of the Schedules may also be examined between the hours of 9:00 a.m. and 4:30 p.m., Monday through Friday at the Office of the Clerk of the Bankruptcy Court, 300 Quarropas Street, White Plains, NY 10601. Copies of the Debtors' Schedules may also be obtained by request to Prime Clerk at the following address, telephone number, and email address:

8

**Error! Unknown document property name.**

Purdue Pharma L.P., Claims Processing Center
c/o Prime Clerk LLC
850 Third Avenue, Suite 412, Brooklyn, NY 11232
Toll Free: (844) 217-0912     Email: purduepharmainfo@primeclerk.com

**Please note that Prime Clerk cannot provide legal advice, nor can it advise you as to whether you should file a proof of claim. A holder of a possible claim against the Debtors should consult an attorney regarding any matters not covered by this Notice, such as whether the holder should file a proof of claim.**

Dated: February 3, 2020            **BY ORDER OF THE COURT**
       White Plains, New York

**Error! Unknown document property name.**