Hearing Date and Time: February 21, 2020 at 10:00 a.m. (prevailing Eastern Time)
Objection Deadline: February 18, 2020 at 4:00 p.m. (prevailing Eastern Time)

| | |
|---|---|
| **DAVIS POLK & WARDWELL LLP** | **AKIN GUMP STRAUSS HAUER & FELD LLP** |
| Marshall S. Huebner | Ira Dizengoff |
| Benjamin S. Kaminetzky | Arik Preis |
| Timothy Graulich | Sara Brauner |
| Eli J. Vonnegut | One Bryant Park |
| Christopher S. Robertson | New York, New York 10036 |
| 450 Lexington Avenue | Telephone: (212) 872-1000 |
| New York, New York 10017 | Facsimile: (212) 872-1002 |
| Telephone: (212) 450-4000 | |
| Facsimile: (212) 701-5800 | *Counsel to the Official Committee of Unsecured Creditors of Purdue Pharma L.P., et al.* |
| *Counsel to the Debtors and Debtors in Possession* | |

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| In re: | Chapter 11 |
| PURDUE PHARMA L.P., *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

---

# NOTICE OF HEARING ON APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF KPMG LLP AS TAX CONSULTANTS TO THE DEBTORS AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS *NUNC PRO TUNC* TO DECEMBER 23, 2019

**PLEASE TAKE NOTICE** that a hearing on the *Application for Order Authorizing Employment and Retention of KPMG LLP as Tax Consultants to the Debtors and the Official Committee of Unsecured Creditors* Nunc Pro Tunc *to December 23, 2019* (the "Application") will

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

#92833584v10

be held before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York (the "Court"), Courtroom 116, 300 Quarropas Street, White Plains, New York 10601-4140, on **February 21, 2020 at 10:00 a.m. (prevailing Eastern Time)** or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that the Hearing may be continued or adjourned thereafter from time to time without further notice other than an announcement of the adjourned date or dates at the Hearing or a later hearing.

**PLEASE TAKE FURTHER NOTICE** that any objections (each, an "Objection") to the relief requested in the Application shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, shall be filed with the Bankruptcy Court and served in accordance with the *Amended Order Establishing Certain Notice, Case Management, and Administrative Procedures*, dated as of October 24, 2019 [ECF No. 342], so as to be filed and received no later than **February 18, 2020 at 4:00 p.m. (prevailing Eastern Time)** (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no Objections are timely filed and served with respect to the Application, the Debtors and the Official Committee of Unsecured Creditors of Purdue Pharma L.P. may, on or after the Objection Deadline, submit to the Court an order substantially in the form annexed as **Exhibit A** to the Application, which order the Court may enter without further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that any objecting parties are required to attend the hearing, and failure to appear may result in relief being granted upon default.

| | |
|---|---|
| New York, New York<br>Dated: February 7, 2020 | **DAVIS POLK & WARDWELL LLP**<br><br>/s/ *Eli J. Vonnegut*<br>Marshall S. Huebner<br>Benjamin S. Kaminetzky<br>Timothy Graulich<br>Eli J. Vonnegut<br>Christopher S. Robertson<br>450 Lexington Avenue<br>New York, New York 10017<br>Telephone: (212) 450-4000<br>Facsimile: (212) 701-5800<br>marshall.huebner@davispolk.com<br>ben.kaminetzky@davispolk.com<br>eli.vonnegut@davispolk.com<br>christopher.robertson@davispolk.com<br><br>*Counsel to the Debtors*<br>*and Debtors in Possession*<br><br>-and-<br><br>**AKIN GUMP STRAUSS HAUER & FELD LLP**<br><br>/s/ *Arik Preis*<br>Ira Dizengoff<br>Arik Preis<br>Sara Brauner<br>One Bryant Park<br>New York, New York 10036<br>Telephone: (212) 972-1000<br>Facsimile: (212) 872-1002<br>idizengoff@akingump.com<br>apreis@akingump.com<br>sbrauner@akingump.com<br><br>*Counsel to the Official Committee of*<br>*Unsecured Creditors* |

#92833584v10

| | |
|---|---|
| **DAVIS POLK & WARDWELL LLP** | **AKIN GUMP STRAUSS HAUER & FELD LLP** |
| Marshall S. Huebner | Ira Dizengoff |
| Benjamin S. Kaminetzky | Arik Preis |
| Timothy Graulich | Sara Brauner |
| Eli J. Vonnegut | One Bryant Park |
| Christopher S. Robertson | New York, New York 10036 |
| 450 Lexington Avenue | Telephone: (212) 872-1000 |
| New York, New York 10017 | Facsimile: (212) 872-1002 |
| Telephone: (212) 450-4000 | |
| Facsimile: (212) 701-5800 | *Counsel to the Official Committee of Unsecured Creditors of Purdue Pharma L.P., et al.* |
| *Counsel to the Debtors and Debtors in Possession* | |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| PURDUE PHARMA L.P., *et al.*, | : | Case No. 19-23649 (RDD) |
| | : | |
| Debtors.[1] | : | (Jointly Administered) |
| | : | |

## APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF KPMG LLP AS TAX CONSULTANTS TO THE DEBTORS AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS *NUNC PRO TUNC* TO DECEMBER 23, 2019

The Official Committee of Unsecured Creditors (the "Committee") of Purdue Pharma L.P., *et al.* (collectively, the "Debtors") and the Debtors by this application (this "Application") respectfully state as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

#92833584v10

**RELIEF REQUESTED**

1. By this Application, the Debtors and the Committee seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"): (a) authorizing the retention and employment of KPMG LLP ("KPMG") *nunc pro tunc* to December 23, 2019, as the tax consultants to the Debtors and the Committee pursuant to that certain engagement letter between KPMG, the Debtors, and the Committee dated as of December 23, 2019 (the "Engagement Letter"), a copy of which is attached hereto as **Exhibit B**; (b) modifying certain time-keeping requirements of rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"); and (c) granting related relief. The Engagement Letter describes (i) the various services that the Debtors and the Committee seek to have KPMG perform on their behalf, and (ii) the terms and conditions of KPMG's proposed engagement by the Debtors and the Committee. KPMG's services to the Debtors and the Committee are conditioned upon, and subject to, the Court's approval of KPMG's retention under sections 327(a), 328(a) and 1103(a) of the Bankruptcy Code (as defined below).

**JURISDICTION**

2. This Court has jurisdiction to consider this Application under 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of these cases and this Application in this district is proper under 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief requested herein are sections 327(a), 328(a) and 1103 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016 and Local Rules 2014-1 and 2016.

**BACKGROUND**

3. On September 15, 2019 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

#92833584v10

Since the Petition Date, the Debtors have remained in possession of their assets and have continued to operate and manage their businesses as debtors in possession under sections 1107(a) and 1108 of the Bankruptcy Code.

4.    On September 26, 2019, the U.S. Trustee appointed a committee of unsecured creditors pursuant to section 1102(a)(1) of the Bankruptcy Code. The U.S. Trustee constituted the Committee to comprise of the following members: Blue Cross and Blue Shield Association; CVS Caremark Part D Services, L.L.C. and Caremark PCS Health, L.L.C.; Cheryl Juaire; Kara Trainor; LTS Lohmann Therapy Systems Corporation; Pension Benefit Guaranty Corporation; Ryan Hampton; Walter Lee Salmons; and West Boca Medical Center.[2]

5.    On December 20, 2019, the Committee initially selected KPMG to serve as its tax consultants. Following further communications between the Debtors' professionals and the Committee's professionals, the Debtors and the Committee determined that it would be beneficial to the Debtors and their estates for KPMG to be retained to provide tax consulting services to the Debtors and the Committee collectively, rather than solely for the Committee.

6.    In support of this Application, the Debtors and the Committee rely upon and fully incorporate herein by reference the *Declaration of Howard Steinberg in Support of Application for Order Authorizing Employment and Retention of KPMG LLP as Tax Consultants to the Debtors and the Official Committee of Unsecured Creditors* Nunc Pro Tunc *to December 23, 2019*

---

[2] On October 9, 2019, the Committee received a letter from counsel to a multi-state group comprising approximately 1,222 entities, including 1,172 cities, counties and other governmental entities, seven Native American tribal nations, six hospitals, two districts, 34 medical groups, two funds, and one veterans' class across 36 states, representing approximately 60,000,000 individuals (the "Multi-State Group"), requesting the opportunity to join the Committee in an *ex officio* capacity. After careful consideration, on October 21, 2019, the Committee determined to grant the Multi-State Group's request and Cameron County, Texas (the "Ex Officio Member") joined the Committee. On October 30, 3019, the Multi-State Group filed the *Verified Statement of the Multi-State Governmental Entities Group Pursuant to Rule 2019 of the Federal Rules of Bankruptcy Procedure* [ECF No. 409] disclosing the identity of each member of such group. For the avoidance of doubt, the Ex Officio Member is a non-voting member of the Committee and does not owe fiduciary duties to unsecured creditors as a result of its *ex officio* seat on the Committee.

3

#92833584v10

(the "Steinberg Declaration"), attached hereto as **Exhibit C**, the *Declaration of Brendan Stuhan in Support of Application for Order Authorizing Employment and Retention of KPMG LLP as Tax Consultants to the Debtors and the Official Committee of Unsecured Creditors Nunc Pro Tunc to December 23, 2019* (the "UCC Retention Declaration"), attached hereto as **Exhibit D**, and the *Declaration of Jon Lowne in Support of Application for Order Authorizing Employment and Retention of KPMG LLP as Tax Consultants to the Debtors and the Official Committee of Unsecured Creditors Nunc Pro Tunc to December 23, 2019* (the "Debtor Retention Declaration," and collectively with the UCC Retention Declaration, the "Retention Declarations"), attached hereto as **Exhibit E**.

## KPMG'S QUALIFICATIONS AND THE NEED FOR KPMG'S SERVICES

6. The Debtors and the Committee submit this Application because of the need to retain qualified tax consultants to assist the both the Debtors and the Committee with certain critical tasks associated with guiding the parties through these chapter 11 cases (the "Chapter 11 Cases"), which require accounting and tax expertise. Specifically, the Debtors and the Committee believe that tax consultants are needed to evaluate, advise, assist, and provide expert testimony, as required, with respect to, among other things, tax analysis and proposal of structuring alternatives with respect to any disposition of the assets of the Debtors, their affiliates, and any companies owned or controlled by shareholders of the Debtors ("IACs"). As set forth in the Retention Declarations, the Debtors and the Committee believe that their retention of tax consultants is necessary and appropriate to enable them to evaluate these and the other accounting and tax issues raised by the Chapter 11 Cases and effectively fulfill their respective statutory duties.

7. The Debtors and the Committee have selected KPMG as their tax consultants in these Chapter 11 Cases based upon KPMG's extensive experience in matters involving complex

#92833584v10

financial restructurings and KPMG's excellent reputation for the services that it has rendered in chapter 11 cases on behalf of debtors and creditor constituencies throughout the United States.

8.  As set forth in the Steinberg Declaration, KPMG has extensive experience in delivering tax consulting services in chapter 11 cases, including, AMR Corporation, Basic Energy Services, Inc., Caesars Entertainment Operating Company, Inc., Eddie Bauer Holdings, Inc., Modular Space Corporation, RCS Capital Corporation, Walter Energy, Inc., and many others.

## SCOPE OF SERVICES

9.  Subject to the Court's approval, and as set forth more fully in the Engagement Letter, in consideration for the compensation contemplated therein, KPMG has and will continue rendering a broad range of tax consulting services (the "Tax Consulting Services"), on behalf of the Debtors and the Committee.[3] Specifically, KPMG will perform, to the extent the Debtors or the Committee request, the following services to the Debtors and the Committee:

   a. Tax analysis and proposal of structuring alternatives with respect to any disposition of the assets of the Debtors, their affiliates, and any IACs pursuant to any plan proposed in the Chapter 11 Cases;

   b. Quantitative analysis, including preparation and/or review of cash tax models, regarding the projection of cash taxes arising from operations, dispositions, reorganization, and repatriation of funds held by the Debtors and IACs;

   c. Diligence regarding the historical tax positions and tax attributes of the Debtors and the IACs;

   d. Interacting with tax authorities in order to assess the impact of historical tax matters in regards to any proposed transaction;

   e. Analysis of the tax implications of any payments made by the Debtors to settle claims;

   f. Analysis of any proofs of claims from tax authorities;

---

[3] To the extent that this Application and the terms of the Engagement Letter are inconsistent, the terms of the Engagement Letter shall control.

5

#92833584v10

      g.      Analysis of cancellation of debt ("COD") income as applicable, including the application of Section 108 and relating to the restructuring of any related party debt and the completed capitalization/settlement of intercompany debt; and

      h.      Analysis and proposal of structuring alternatives with respect to the post-emergence tax structure of the Debtors and IACs.

10. Should the Debtors or the Committee request KPMG to perform additional services not contemplated by the Engagement Letter (the "Out-of-Scope Services"), the Debtors or Committee and KPMG will mutually agree in advance upon such services and fees for those services in writing. In the event the Out-of-Scope Services require an amendment to the Engagement Letter, the amendment will be subject to the Court's review upon proper application.

11. The Debtors and the Committee respectfully request that KPMG's retention be made effective *nunc pro tunc* to December 23, 2019 (the "Engagement Date"), so that KPMG may be compensated for the Tax Consulting Services it has provided prior to this Application being heard by the Court. KPMG has provided services to the Debtors and the Committee in advance of approval of this Application in anticipation that its retention would be approved *nunc pro tunc* to the Engagement Date. The Debtors and the Committee submit that these circumstances are of a nature warranting retroactive approval.

12. The Debtors and the Committee intend that the services of KPMG will complement and not duplicate the services rendered by any other professional retained by the Debtors and Committee in the Chapter 11 Cases. KPMG understands that the each of the Debtors and the Committee has retained and may retain additional professionals during the term of their engagement and agrees to work cooperatively with such professionals to seek to avoid duplicative work conducted by the professionals on behalf of the Debtors and the Committee. The Debtors and the

6

#92833584v10

Committee firmly believe that KPMG will provide these necessary services in a cost-effective, efficient, and expert manner.

### KPMG'S DISINTERESTEDNESS

13. KPMG has informed the Debtors and the Committee that, as of the date hereof, except as set forth in the Steinberg Declaration, (a) KPMG has no connection with the Debtors, their creditors, equity security holders, or other parties in interest in these Chapter 11 Cases; (b) KPMG does not hold or represent any entity having an interest adverse to the interests of the Debtors' estates or of any class of creditors or equity security holders; and (c) KPMG (i) is not a creditor, equity security holder, or an insider of the Debtors, and (ii) is not or was not, within two years before the Petition Date, a director, officer, or employee of any of the Debtors. In addition, none of the KPMG professionals expected to assist the Debtors and the Committee in these Chapter 11 Cases are related or connected to any United States Bankruptcy Judge for the Southern District of New York, the U.S. Trustee, or any person employed in the office of the U.S. Trustee.

14. The Debtors and the Committee have been advised that KPMG has agreed not to share and will not share with any other person or entity the compensation to be received for professional services rendered in connection with these Chapter 11 Cases in accordance with section 504(a) of the Bankruptcy Code.

15. Additionally, in light of the joint representation proposed by this Application, the Debtors, the Committee, and KPMG have agreed that if KPMG agrees to provide services on behalf of the Debtors and/or the Committee in the Chapter 11 Cases for matters that are the subject of the Engagement Letter, KPMG will do so pursuant to a separate engagement letter. Additionally, the Debtors' and the Committee's respective counsel have agreed to work in good

7

#92833584v10

faith in an expeditious manner to develop additional, mutually acceptable protocols and procedures that will govern the provision of services by KPMG jointly to the Debtors and the Committee.

16. Based on the foregoing, the Debtors and the Committee believe that KPMG is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

## PROFESSIONAL COMPENSATION

17. As set forth in the Steinberg Declaration, the Debtors and the Committee understand and have agreed that KPMG will apply to the Court for allowances of compensation and reimbursement of expenses in accordance with General Order M-412 (Order Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals, dated December 21, 2010 (Gonzalez, C.J.)), Administrative Order M-447 (Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases, dated January 29, 2013 (Morris, C.J.)), and the U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 (Appendix A to 28 C.F.R. § 58) (collectively, the "Fee Guidelines"), the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of the Court. Moreover, the Debtors and the Committee are advised that KPMG intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the Fee Guidelines.

18. KPMG's retention by the Debtors and the Committee is conditioned upon its ability to be retained in accordance with its customary terms and conditions of employment, including the proposed compensation arrangements set forth in the Engagement Letter (collectively, the "Fee Structure"). The Fee Structure is consistent with, and typical of, arrangements entered into by KPMG and other professional services firms of comparable expertise and experience for

engagements of similar size and complexity.  The Debtors and the Committee believe that the Fee Structure is market-based and reasonable considering KPMG's knowledge and experience.

19.     The majority of the fees to be charged for the Tax Consulting Services reflect a reduction of as much as 38% from KPMG's normal and customary rates, depending on the types of services to be rendered and the level of the professional providing the services.[4]  KPMG will charge the following hourly rates set forth in the table below for any of the Tax Consulting Services in the Chapter 11 Cases:

| Out-of-Scope Services | Hourly Rate Range |
|---|---|
| Partners, Principals, or Managing Directors | $765 – $985 |
| Senior Managers | $690 – $750 |
| Managers | $650 – $730 |
| Senior Associates | $470 – $640 |
| Associates | $350 – $380 |
| Para-Professionals | $200 – $295 |

20.     These hourly rates are revised periodically in the ordinary course of KPMG's business.  KPMG shall advise the Debtors and the Committee of any new rates should it institute a rate-change during the Chapter 11 Cases.  Changes in applicable hourly rates will be noted on the invoices for the first time period in which the revised rates become effective.

21.     In addition to the rates set forth above, the Debtors shall reimburse KPMG for all reasonable and necessary expenses incurred by KPMG in connection with the Tax Consulting Services and Out-of-Scope Services provided under the Engagement Letter, including, expenses incurred on account of meals, travel and lodging, data processing and communications charges,

---

[4] If in connection with any subsequent engagement letters, KPMG is retained to perform additional services at different rates, such rates will be disclosed in connection with the relevant engagement letters.  As stated above, KPMG, the Debtors and the Committee do not intend to seek separate retention orders with regard to any such engagement letters.

#92833584v10

courier services, and other similar expenses incurred on behalf of the Debtors and the Committee, including technology fees associated with software related costs that KPMG incurs in connection with services provided to the Debtors and the Committee.

22.  KPMG will maintain records in support of any actual necessary costs and expenses incurred in connection with rendering the Tax Consulting Services in the Chapter 11 Cases. However, because: (a) it is not the general practice of firms like KPMG to keep detailed time records similar to those customarily kept by attorneys; and (b) KPMG does not ordinarily keep time records on a "project category" basis, the Debtors and the Committee respectfully request that KPMG's professionals only be required to maintain records of the services rendered for the Debtors and the Committee, that include reasonably detailed summary descriptions of those services, the approximate time expended in providing those services (in 0.1 hour increments), and the identity of the professionals who provided those services.  KPMG will present such records to the Court in its fee applications.  To the extent that KPMG would otherwise be required to submit more detailed time records for its professionals under the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, or other applicable procedures and orders of the Court, the Debtors and the Committee respectfully request that the Court waive such requirements.

23.  The Debtors and Committee submit that, given the nature of the Tax Consulting Services to be provided by KPMG, such billing format and associated time details will be sufficient for the Debtors, the Committee, and other parties in interest to make informed judgments regarding the nature and appropriateness of KPMG's fees and expenses.

24.  The Debtors and the Committee believe that the Fee Structure is reasonable.  The Fee Structure appropriately reflects the nature of the services to be provided by KPMG and the fee structures typically utilized by leading tax consulting firms of similar stature to KPMG for

comparable engagements, both in and out of court. The Fee Structure is consistent with KPMG's normal and customary billing practices for cases of this size and complexity that require the level of scope and services outlined herein. Moreover, the Fee Structure is reasonable in light of (a) industry practice, (b) market rates charged for comparable services both in and out of the chapter 11 context, (c) KPMG's substantial experience with respect to accounting and tax services, and (d) the nature and scope of work to be performed by KPMG in these Chapter 11 Cases.

## INDEMNIFICATION OF KPMG

25. As part of the overall compensation payable to KPMG under the terms of the Engagement Letter, the Engagement Letter provides for certain indemnification obligations to KPMG and its affiliates, and each of their respective officers, directors, managers, members, partners, employees and agents, and any other persons controlling KPMG or any of its affiliates and their successors and permitted assigns, to the fullest extent lawful, from and against any and all claims, liabilities, losses, actions, suits, proceedings, third party subpoenas, damages, costs and expenses, as incurred, related to or arising out of or in connection with KPMG's services under the Engagement Letter.[5] Such terms of indemnification, as modified by the Proposed Order, reflect the customary qualifications and limits on such terms for tax consultants such as KPMG in chapter 11 cases.

## BASIS FOR RELIEF

26. The Debtors and the Committee request entry of an order authorizing them to retain and employ KPMG pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code.

---

[5] To the extent there is any inconsistency between the summary of the indemnification provisions set forth in this Application and the indemnification set forth in the Engagement Letter, the terms of the Engagement Letter shall control.

11

#92833584v10

27. With respect to the Debtors, section 327(a) of the Bankruptcy Code provides, in relevant part, that the Debtors, with the Court's approval, "may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons…to represent or assist the [debtor] in carrying out the [debtor's] duties under this title." 11 U.S.C. § 327(a).

28. Likewise, with respect to the Committee, section 1103(a) of the Bankruptcy Code provides, in relevant part, that the Committee, with the Court's approval, "may select and authorize the employment . . . of one or more attorneys, accountants, or other agents, to represent or perform services" for the Committee. 11 U.S.C. § 1103(a). Section 328(a) of the Bankruptcy Code provides, in relevant part, that the Committee, with the Court's approval, "may employ or authorize the employment of a professional person under section . . . 1103 . . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a). Given the numerous issues that KPMG may be required to address in performing its services for the Debtors and Committee, KPMG's commitment to the variable time requirements and effort necessary to address all such issues as they arise, and the market prices for KPMG's services for engagements of this nature, the Debtors and the Committee submit that the terms and conditions of the Engagement Letter are fair, reasonable, and market-based under the standards set forth in sections 327(a) and 328(a) of the Bankruptcy Code. The Debtors and the Committee also believe that the Fee Structures appropriately reflect (a) the nature and scope of KPMG's services, (b) KPMG's substantial experience with respect to tax consulting services, and (c) the fee structures typically utilized by KPMG and other tax consultants in bankruptcy or otherwise.

29. As set forth above, and notwithstanding approval of KPMG's engagement under sections 327(a) and 328(a) of the Bankruptcy Code, KPMG intends to apply for compensation for

12

#92833584v10

professional services rendered and reimbursement of expenses incurred in connection with these Chapter 11 Cases, subject to the Court's approval and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and any other applicable procedures and orders of this Court, with certain limited modifications as set forth herein.  Notwithstanding the foregoing, KPMG has agreed that the U.S. Trustee may review KPMG's compensation under section 330 of the Bankruptcy Code.

30. In light of the foregoing, the Debtors and the Committee submit that the retention of KPMG is in the best interests of the Debtors, the Committee, and the Debtors' estates and creditors.

## NO PRIOR REQUEST

31. No prior application for the relief requested herein has been made to this Court or any other court.

## NOTICE

32. In accordance with the *Second Amended Order Establishing Certain Notice, Case Management, and Administrative Procedures* [Docket No. 498] (the "Case Management Order"), notice of this application has been given to all parties listed on the Master Service List (as defined in the Case Management Order.  The Debtors and the Committee submit that, under the circumstances, no other or further notice is required.

**WHEREFORE**, the Debtors and Committee respectfully request that the Court enter the Proposed Order, granting the relief requested in this Application and such other and further relief as may be just and proper.

Dated: February 7, 2020
New York, New York

Respectfully Submitted,

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF PURDUE PHARMA L.P. *ET AL*.**

By:_____

Name: Brendan Stuhan, not in his individual capacity but solely on behalf of Blue Cross and Blue Shield Association, in its capacity as co-chair of the official Committee of Unsecured Creditors of Purdue Pharma L.P., *et al*.

**PURDUE PHARMA L.P., et al.**

By:  */s/ Jon Lowne*_____

Name: Jon Lowne
Senior Vice President and
Chief Financial Officer
Purdue Pharma L.P.

14

#92833584v10

WHEREFORE, the Debtors and Committee respectfully request that the Court enter the Proposed Order, granting the relief requested in this Application and such other and further relief as may be just and proper.

Dated: _____, 2020
       New York, New York

Respectfully Submitted,

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF PURDUE PHARMA L.P. *ET AL.***

By: *[signature]*

Name: Brendan Stuhan, not in his individual capacity but solely on behalf of Blue Cross and Blue Shield Association, in its capacity as co-chair of the official Committee of Unsecured Creditors of Purdue Pharma L.P., *et al.*

**PURDUE PHARMA L.P., et al.**

By:_____

Name: Jon Lowne
Senior Vice President and
Chief Financial Officer
Purdue Pharma L.P.