# EXHIBIT E

**Debtor Retention Declaration**

#92833584v10

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| PURDUE PHARMA L.P., *et al.*, | : | Case No. 19-23649 (RDD) |
|  | : |  |
| Debtors.[1] | : | (Jointly Administered) |
|  | : |  |

## DECLARATION OF JON LOWNE IN SUPPORT OF APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF KPMG LLP AS TAX CONSULTANTS TO THE DEBTORS AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS *NUNC PRO TUNC* TO DECEMBER 23, 2019

I, Jon Lowne, being fully sworn, hereby declare that the following is true to the best of my knowledge, information and belief:

1. I am a Senior Vice President and the Chief Financial Officer of Purdue Pharma L.P. ("**PPLP**" and, collectively with each of the other above-captioned debtors, the "**Debtors**," the "**Company**" or "**Purdue**"). I was first employed by Purdue as Senior Internal Auditor in 1995 and gained increasing responsibility in the Company's finance team over time, including as Controller from 2005 to July 2017, and then as Acting Chief Financial Officer from August 2017 to February 2018. Since March 2018, I have been the Chief Financial Officer of PPLP. I am familiar with the day-to-day operations, business and financial affairs of the Debtors.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

#92833584v10

2.      I submit this declaration (the "**Declaration**") in support of the *Application for Order Authorizing Employment and Retention of KPMG LLP as Tax Consultants to the Debtors and the Official Committee of Unsecured Creditors Nunc Pro Tunc to December 23, 2019* (the "**Application**"). All capitalized terms used but not defined herein have the meanings ascribed to them in the Application.

3.      Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge, my review of relevant documents, information provided to me by employees working under my supervision, or my opinion based upon experience, knowledge and information concerning the operations of the Debtors. If called upon to testify, I would testify competently to the facts set forth in this Declaration.

## THE DEBTORS' DETERMINATION TO RETAIN KPMG

4.      It is my strong belief that it is critical to select advisors with the utmost care to maximize the value of the Debtors' estates, while at the same time focusing on costs to ensure that the Debtors' limited resources are being appropriately utilized.

5.      The Debtors determined that they required the services of tax consultants in order to evaluate the tax implications of various potential structuring alternatives with respect to any dispositions of the assets or the stock of companies owned or controlled by shareholders of the Debtors ("**IACs**") in connection with the Debtors' chapter 11 proceedings.

6.      In order to control costs incurred by the Debtors and maximize the value of the Debtors' estates, the Debtors and the Official Committee of Unsecured Creditors (the "**Committee**") entered into discussions through their respective advisors regarding the possibility of a joint retention of a tax advisor to minimize duplicative costs. The Debtors determined that a joint tax advisor would be appropriate given the scope of the engagement and significant expected cost savings.

2

#92833584v10

7. The Debtors independently evaluated KPMG's qualifications and the proposed terms of KPMG's retention and determined that KPMG was well qualified for the role and that the proposed terms of their retention were reasonable.

8. KPMG's proposed Fee Structure is set forth below:[2]

| Out-of-Scope Services | Hourly Rate Range |
|---|---|
| Partners, Principals, or Managing Directors | $765 – $985 |
| Senior Managers | $690 – $750 |
| Managers | $650 – $730 |
| Senior Associates | $470 – $640 |
| Associates | $350 – $380 |
| Para-Professionals | $200 – $295 |

9. Based on my experience, I believe that fee structures similar to the Fee Structure are standard for accounting and tax consulting firms and that KPMG's negotiated compensation package was fair and reasonable and consistent with the market for such services.

10. For the avoidance of doubt, I have no relationship with KPMG.

### SCOPE OF KPMG'S SERVICES

18. As set forth more fully in the Engagement Letter, in consideration for the compensation contemplated therein, KPMG has and will continue rendering a broad range of tax consulting services, on behalf of the Debtors and the Committee.[3] Specifically, KPMG will perform, to the extent the Debtors or the Committee request, the following services to the Debtors and the Committee:

---

[2] To the extent there is any inconsistency between the summary of the Fee Structures set forth in this Declaration and the Fee Structures as set forth in the Engagement Letter, the terms of the Engagement Letter shall control.

[3] To the extent that this Declaration and the terms of the Engagement Letter are inconsistent, the terms of the Engagement Letter shall control.

3

#92833584v10

      i.      Tax analysis and proposal of structuring alternatives with respect to any disposition of the assets of the Debtors, their affiliates, and the IACs pursuant to the bankruptcy plan;

      j.      Quantitative analysis, including preparation and/or review of cash tax models, regarding the projection of cash taxes arising from operations, dispositions, reorganization and repatriation of funds held by the Debtors and IACs;

      k.      Diligence regarding the historical tax positions and tax attributes of the Debtors and the IACs;

      l.      Interacting with tax authorities in order to assess the impact of historical tax matters in regards to any proposed transaction;

      m.      Analysis of the tax implications of any payments made by the Debtors to settle claims;

      n.      Analysis of any proofs of claims from tax authorities;

      o.      Analysis of cancellation of debt income as applicable, including the application of Section 108 and relating to the restructuring of any related party debt and the completed capitalization/settlement of intercompany debt; and

      p.      Analysis and proposal of structuring alternatives with respect to the post-emergence tax structure of the Debtors and IACs.

11.    Should the Debtors or the Committee request KPMG to perform additional services not contemplated by the Engagement Letter (the "**Out-of-Scope Services**") the Debtors will seek to mutually agree in advance with the Committee and KPMG upon such services and fees for those services in writing. In the event the Out-of-Scope Services require an amendment to the Engagement Letter, the amendment will be subject to the Court's review upon proper application by the Debtors and the Committee.

12.    I believe that the retention of KPMG on the terms contemplated by the Engagement Letter is in the best interest of the Debtors and their estates and all stakeholders.

[*Remainder of page intentionally left blank.*]

#92833584v10

Dated: February 7, 2020
New York, New York

By: */s/ Jon Lowne*

Jon Lowne
Senior Vice President and
Chief Financial Officer
Purdue Pharma L.P.

#92833584v10