DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut
Christopher S. Robertson

*Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (RDD)** |
| Debtors.[1] | **(Jointly Administered)** |

**DEBTORS'** ***EX PARTE*** **MOTION FOR ENTRY OF AN ORDER SHORTENING NOTICE WITH RESPECT TO DEBTORS' MOTION FOR AUTHORIZATION TO ENTER INTO DEVELOPMENT AGREEMENT**

Purdue Pharma L.P. ("**PPLP**") and its affiliates that are debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 proceedings (the "**Chapter 11 Cases**") submit this *ex parte* motion (the "**Motion to Shorten**") for entry of an order,

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

substantially in the form attached hereto as **Exhibit A**, shortening the notice period with respect to the *Motion for Authorization to Enter into Development Agreement* (the "**Development Agreement Motion**"), filed contemporaneously herewith.[2]  In support of this Motion to Shorten, the Debtors respectfully state as follows:

## Relief Requested

1.      By this Motion to Shorten, the Debtors seek entry of an order shortening the notice period with respect to the Development Agreement Motion, scheduling a hearing on the Development Agreement Motion on **February 21, 2020 at 10:00 a.m. (prevailing Eastern Time)**, and scheduling an objection deadline of **February 20, 2020, at 12:00 p.m. (prevailing Eastern Time)**.

## Jurisdiction and Venue

2.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.).  This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Debtors consent to entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.

3.      The statutory bases for the relief requested herein are section 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Bankruptcy Rules 2002(a), 9006(c), and 9007, and Rule 9006-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**").

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Development Agreement Motion.

4.     Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Background

5.     On September 15, 2019 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On September 26, 2019, the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed the official committee of unsecured creditors (the "**Committee**") pursuant to section 1102 of the Bankruptcy Code [ECF No. 131].  No request has been made for the appointment of a trustee or examiner in the Chapter 11 Cases.

6.     These Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) and the *Order Directing Joint Administration of Chapter 11 Cases* [ECF No. 59] entered by the Court in each of the Chapter 11 Cases.

7.     Additional information about the Debtors' businesses and the events leading up to the Petition Date can be found in the *Debtors' Informational Brief* [ECF No. 17].

### Basis for Relief Requested

8.     Requests for relief under section 363 of the Bankruptcy Code are generally subject to Bankruptcy Rule 2002(a)(2), which provides that parties in interest must be provided with at least 21 days' notice by mail of "a proposed use, sale, or lease of property of the estate other than in the ordinary course of business, unless the court for cause shown shortens the time or directs another method of giving notice[.]"  Although Bankruptcy Rule 2002(a)(2) provides 21 days' notice as the time fixed for service of motion papers, Bankruptcy Rule 9006(c) and Local Rule 9006-1(b) provide that the Court, for cause shown, may in its discretion (with or without motion

3

or notice) reduce such a period.  In addition, pursuant to Bankruptcy Rule 9007, the Court has authority to regulate the time within which, the entities to whom, and the form and matter in which notice is provided.  Moreover, pursuant to paragraph 17 of the *Second Amended Order Establishing Certain Notice, Case Management, and Administrative Procedures* entered on November 18, 2019 [ECF No. 498] (the "**Case Management Order**"), a party's right to seek an amendment or waiver of the provisions of the Case Management Order upon showing of good cause including, without limitation, the right to file a motion seeking ex parte relief or relief upon shortened notice, was expressly preserved.  The Court thus has the authority to determine appropriate notice for conducting a hearing on the matters presented by the Development Agreement Motion.

**Cause Exists to Shorten Notice with Respect to the Development Agreement Motion**

9. As part of its commitment to advance meaningful solutions to the opioid crisis, Purdue is developing products designed to reverse opioid overdoses and treat opioid addiction, which it intends to distribute at low or no cost to communities around the country.  As explained more fully in the Development Agreement Motion, among other initiatives, Purdue is developing a new emergency opioid overdose treatment containing the opioid antagonist nalmefene, which is more potent and longer-acting than other available rescue medications and thus better able to counteract the effects of synthetic opioids such as fentanyl.  The Debtors are advancing three different injectable forms of the treatment, including an autoinjector (the "**Product**") for administration by friends, family and caregivers.

10. The Debtors have an opportunity to develop the Product with a specialty pharmaceutical company (the "**Technology Partner**") that develops and commercializes pre-loaded drug device combinations based on its proprietary autoinjector platform.  For the reasons

set forth in the Development Agreement Motion and related declaration, the Debtors believe that the Technology Partner is the company most likely to deliver a nalmefene autoinjector within the desired timeframe that can be used safely and effectively by the general public.

11. The Debtors and the Technology Partner reached agreement on the principal terms of the Development Agreement on January 27, 2020, just five days before the January 31, 2020 deadline to file the Development Agreement Motion on standard notice to be heard at the February 21, 2020 omnibus hearing (the "**Standard Notice Deadline**"). The Debtors' advisors prepared a draft of the Development Agreement Motion in advance of the Standard Notice Deadline and also began discussing the proposed transaction with advisors to the Committee and the Ad Hoc Committee of Governmental and Other Contingent Litigation Claimants as set forth in the verified statement pursuant to Federal Rules of Bankruptcy Procedure 2019 [ECF No. 279], as may be amended from time to time (the "**Consenting Ad Hoc Committee**"). However, the Debtors and the Technology Partner had not yet finalized the form of Development Agreement or confirmed agreement regarding the sealing motion filed contemporaneously herewith by the Standard Notice Deadline, and the Debtors were just commencing the process of providing supporting diligence to their major creditor constituencies at that time. Filing the Development Agreement Motion by the Standard Notice Deadline would therefore have been premature.

12. With the form of Development Agreement now finalized and the February 21, 2020 omnibus hearing fast approaching, the Debtors cannot afford further delay in filing the Development Agreement Motion. There is a material risk that the Technology Partner could pursue other opportunities if the Debtors delays seeking court approval. More importantly, however, delay would mean sitting still and doing nothing to address the serious ongoing public

health crisis. Shortening notice is necessary for the Development Agreement Motion to be heard as expeditiously as possible.

13. Moreover, the Debtors do not believe that any party would be prejudiced by shortening notice with respect to the Development Agreement Motion. On February 1, 2020, the Debtors provided un-redacted drafts of the Development Agreement Motion to the United States Trustee and to the advisors to the Committee, the Consenting Ad Hoc Committee, and the Ad Hoc Group of Non-Consenting States as set forth in the verified statement pursuant to Federal Rule of Bankruptcy Procedure 2019 [ECF No. 296], as may be amended from time to time (the "**Ad Hoc Group of Non-Consenting States**"). The Debtors subsequently shared an unredacted copy of the final form of Development Agreement and provided substantial supporting diligence information to the Committee, the Consenting Ad Hoc Committee, and the Ad Hoc Group of Non-Consenting States, subject to the Protective Order [ECF No. 784]. As a result, representatives of the Debtors' major creditor constituencies have in fact received ample notice of the Development Agreement Motion. In addition, the Debtors' attorneys and financial advisors have had or have scheduled multiple discussions with the advisors to the Committee, the Consenting Ad Hoc Committee and the Ad Hoc Group of Non-Consenting States to provide additional information and discuss the business rationale for the relief requested in the Development Agreement Motion. The Debtors will continue to engage with their stakeholders to address additional questions or concerns.

14. Lastly, because the motion is being filed on 10 days' notice, the Debtors are also proposing that the objection deadline should be February 20, 2020, which is one day before the February 21, 2020 omnibus hearing date and is consistent with the objection deadline for

motions filed fewer than 14 days before the applicable hearing under the Case Management Order.

15. The Debtors therefore submit that cause exists to shorten the notice period with respect to the Development Agreement Motion to allow that motion to be heard at the omnibus hearing currently scheduled for **February 21, 2020, at 10:00 a.m. (prevailing Eastern Time).**

## Notice

16. Notice of this Motion will be provided to (a) the entities on the Master Service List (as defined in the Case Management Order and available on the Debtors' case website at https://restructuring.primeclerk.com/purduepharma) and (b) any person or entity with a particularized interest in the subject matter of this motion. The Debtors respectfully submit that no further notice is required.

## No Prior Request

17. The Debtors have not previously sought the relief requested herein from the Court or any other court.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully request that the Court enter the proposed form of order, substantially in the form attached hereto, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: February 11, 2020
New York, New York

                              DAVIS POLK & WARDWELL LLP

                              By:  */s/ Eli J. Vonnegut*

                              450 Lexington Avenue
                              New York, New York 10017
                              Telephone: (212) 450-4000
                              Facsimile: (212) 701-5800
                              Marshall S. Huebner
                              Benjamin S. Kaminetzky
                              Timothy Graulich
                              Eli J. Vonnegut
                              Christopher S. Robertson

                              *Counsel to the Debtors*
                              *and Debtors in Possession*