DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut
Christopher S. Robertson

*Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

**DEBTORS' MOTION FOR ENTRY OF ORDER PURSUANT TO 11 U.S.C. §§ 105(A), 107(B) AND FED. R. BANKR. P. 9018 AUTHORIZING THE FILING OF CERTAIN INFORMATION AND EXHIBITS UNDER SEAL IN CONNECTION WITH THE DEBTORS' MOTION FOR AUTHORIZATION TO ENTER INTO DEVELOPMENT AGREEMENT**

Purdue Pharma L.P. ("**PPLP**") and its affiliates that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**") hereby file this *Motion of Debtors for Entry of Order Pursuant to 11 U.S.C. §§ 105(a), 107(b) and Fed. R. Bankr. P. 9018 Authorizing the*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

*Filing of Certain Information and Exhibits Under Seal in Connection with the Debtors' Motion for Authorization to Enter into Development Agreement* (this "**Motion to Seal**") pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Rule 9018 of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 9018-1 seeking entry of an order, in the form attached hereto as **Exhibit A**, for the purpose of redacting and filing under seal certain portions of their forthcoming *Debtors' Motion for Authorization to Enter into Development Agreement* (the "**Development Agreement Motion**"),[2] including the form of agreement attached as **Exhibit B** thereto (together with the exhibits thereto, the "**Development Agreement**"), and declarations in support thereof.

## Relief Requested

1. By this Motion to Seal, the Debtors request the entry of an order, pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Rule 9018 of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 9018-1, authorizing the Debtors to file under seal certain information and exhibits containing confidential information and directing that such information and exhibits remain under seal, remain confidential, and not be made available to any third party absent authorization under an order from the Court. In accordance with the Local Bankruptcy Rules and Chambers Rules, the Debtors shall provide an un-redacted copy of the Development Agreement Motion and the exhibits it seeks to seal to the Court and Clerk of Court.

2. The Debtors have provided un-redacted copies of the Development Agreement Motion, the declaration in support thereof and the Development Agreement to the Official Committee of Unsecured Creditors (the "**Committee**"), the Ad Hoc Committee of Governmental

---

[2] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to such term in the Development Agreement Motion.

2

and Other Contingent Litigation Claimants as set forth in the verified statement pursuant to Federal Rules of Bankruptcy Procedure 2019 [ECF No. 279], as may be amended from time to time (the "**Consenting Ad Hoc Committee**") and the Ad Hoc Group of Non-Consenting States as set forth in the verified statement pursuant to Federal Rule of Bankruptcy Procedure 2019 [ECF No. 296], as may be amended from time to time (the "**Ad Hoc Group of Non-Consenting States**") subject to the Protective Order [ECF No. 784] (the "**Protective Order**").  In addition, the Debtors' advisors have engaged in multiple discussions with the advisors to the Committee and the Consenting Ad Hoc Committee, and have scheduled a meeting with the Ad Hoc Group of Non-Consenting States, to provide additional information and discuss the business rationale for entering into the Development Agreement.  The Debtors will continue to engage with these constituencies and will provide un-redacted copies of the Development Agreement Motion, Development Agreement and the related declaration, together with additional supporting information, to the advisors of other stakeholders at their request, subject to the Protective Order.  The Debtors have also provided un-redacted copies of the Development Agreement Motion, the declaration in support thereof and the Development Agreement to the United States Trustee for the Southern District of New York (the "**U.S. Trustee**"), and the Debtors will engage with the U.S. Trustee to address any additional requests for information that the U.S. Trustee may have.

<u>**Jurisdiction and Venue**</u>

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicate for the relief requested herein is sections 105(a) and 107(b) of the Bankruptcy Code.  Relief is also warranted under Bankruptcy Rule 9018.

**General Background**

4.      On September 15, 2019 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On September 27, 2019, the U.S. Trustee appointed the Committee. No trustee or examiner has been appointed in these Chapter 11 Cases.

5.      Information about the Debtors' businesses and the events leading up to the Petition Date can be found in the *Debtors' Informational Brief* filed on September 16, 2019 [ECF No. 17].

6.      The Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) and the *Order Directing Joint Administration of Chapter 11 Cases* [ECF No. 59] entered by the Court on September 18, 2019 in each of the Chapter 11 Cases.

**Relief Requested and Reasons Therefor**

7.      Bankruptcy Code section 107(b) provides bankruptcy courts with the power to issue orders that will protect entities from the potential harm resulting from the disclosure of confidential or sensitive information. Specifically, section 107(b) provides that upon the "request of a party in interest," the Court shall "protect an entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b). Bankruptcy Code section 105(a) permits the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code. 11 U.S.C. § 105(a).

4

8. Bankruptcy Rule 9018 sets forth the procedure by which a party may move for relief under section 107(b). In particular, Bankruptcy Rule 9018 states that the Court "may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018. Local Bankruptcy Rule 9018-1 sets out a procedure for obtaining a sealing order by filing a motion to seal. L. Bankr. R. 9018-1.

9. Based upon these provisions, bankruptcy courts have restricted access to filed documents where parties have demonstrated good cause. *See, e.g.*, *In re MF Glob., Inc.*, 2012 WL 3260393, at *3 (Bankr. S.D.N.Y. Aug. 8, 2012) (granting debtor's motion to file exhibit to a settlement agreement under seal); *In re Borders Group, Inc.*, 462 B.R. 42, 48 (Bankr. S.D.N.Y. 2011) (granting debtor's motion to file a share purchase agreement under seal); *In re 1031 Tax Grp., LLC*, 2007 WL 1836525, at *3 (Bankr. S.D.N.Y. June 22, 2007) (granting non-debtor's motion to file exhibit to stipulation and order under seal); *In re Global Crossing Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003) (noting that the purpose of Fed. R. Bankr. P. 9018 is to protect entities "from disclosure of information that could reasonably be expected to cause the entity commercial injury").

10. Whether a document falls within the scope of section 107(b) is ultimately the Court's decision. *In re Barney's, Inc.*, 201 B.R. 703, 707 (Bankr. S.D.N.Y. 1996). However, if the Court determines that a party in interest is seeking protection of information that falls within one of the categories protected by section 107(b), "the court is required to protect a requesting interested party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994).

11. Commercial information protected by section 107(b) includes "information which would cause an unfair advantage to competitors by providing them information as to the commercial operations of the debtor." *Id.* at 28 (internal quotations omitted). Courts have recognized that the term "commercial information" is broad, including information that could "have a chilling effect on negotiations, ultimately affecting the viability of the Debtors." *In re Lomas Fin. Corp.*, No. 90 Civ. 7827 (LLS), 1991 WL 21231, at *2 (S.D.N.Y. Feb. 11, 1991); *accord Barney's*, 201 B.R. at 707-08. Commercial information need not be equivalent to a trade secret to be protected. *In re Orion*, 21 F.3d at 28; *see also In re Borders Grp., Inc.*, 462 B.R. 42, 47 (Bankr. S.D.N.Y. 2011) ("Commercial information need not rise to the level of a trade secret to qualify for protection under 107(b) [of the Bankruptcy Code].").

12. Sufficient cause exists for the Court to grant the relief requested. The Development Agreement Motion, the declaration in support thereof, and the Development Agreement for which it seeks authorization, describe a commercial opportunity in which the Debtors will partner with a supplier of autoinjector technology (the "**Technology Partner**") to develop, market and distribute a nalmefene autoinjector product (the "**Product**"). The Technology Partner is a publicly-traded company that is not affiliated with the Debtors or their shareholders.

13. The Development Agreement Motion, the declaration in support thereof and the Development Agreement contain confidential commercial information, including the anticipated amount and timing of development costs and milestone payments, supply terms, termination rights, dispute resolution provisions, indemnification provisions, and other commercial terms. Both the Debtors and the Technology Partner routinely negotiate agreements containing provisions of a similar nature, and these agreements are rarely (if ever) disclosed to the public or

made available to competitors.  Disclosure of this commercially sensitive information would substantially impair the Debtors' and the Technology Partner's ability to negotiate more favorable economic and other legal terms in future agreements.  The Debtors seek to keep this information under seal in order to prevent the deleterious effects of disclosure.

14.    The Technology Partner has required that its identity be treated as confidential commercial information and remain under seal pending approval of the Development Agreement Motion.  The Technology Partner's concern extends beyond a mere desire to avoid negative publicity.  The Technology Partner is a publicly-traded company.  If the Technology Partner is named upon filing of the Development Agreement Motion and the Development Agreement is ultimately not approved, there is a risk that investors will view the failed transaction negatively and question the Technology Partner's ability to identify and foster attractive development relationships, and its share price may suffer accordingly.  A significant drop in the Technology Partner's share price as a result of the failed transaction could potentially lead to shareholder litigation resulting in further economic harm to the Technology Partner.  Additionally, because the Technology Partner funds its operations from time to time through sales of its common stock in public offerings, such an outcome could negatively impact its business and limit its ability to invest in growth opportunities.  In addition, the Technology Partner operates in an intensely competitive industry.  There is a risk that a high-profile, public failed transaction could cause future potential customers to instead choose to work with the Technology Partner's more established competitors.  In other words, public knowledge of a failed transaction would likely cause the Technology Partner to suffer a commercial injury.  It is therefore important to the Technology Partner to mitigate the risk of negative shareholder reaction resulting in potential

7

litigation and ability to continue to attract and retain new business that its identity not be disclosed unless and until the Development Agreement Motion is granted.

15.  The Debtors therefore respectfully request that the Court, pursuant to section 107(b) of the Bankruptcy Code, authorize the Debtors to redact commercially sensitive terms in the Development Agreement Motion, the declaration in support thereof and the Development Agreement and any replies filed in further support thereof, because of the harm that would occur if the commercially sensitive and confidential information contained in the Development Agreement became public information.

### Notice

16.  Bankruptcy Rule 9018 provides that "[o]n motion, with or without notice, the court may make any order which justice requires to . . . protect the estate or any entity in respect of . . . confidential . . . commercial information." Fed. R. Bankr. P. 9018.

17.  No prior request for the relief sought herein has been made by the Debtors to this or any other court.

### Conclusion

18.  For the foregoing reasons, the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: February 11, 2020
       New York, New York

                DAVIS POLK & WARDWELL LLP

                By:  */s/ Eli J. Vonnegut*

                450 Lexington Avenue
                New York, New York 10017
                Telephone: (212) 450-4000
                Facsimile: (212) 701-5800
                Marshall S. Huebner
                Benjamin S. Kaminetzky
                Timothy Graulich
                Eli J. Vonnegut
                Christopher S. Robertson

                *Counsel to the Debtors*
                *and Debtors in Possession*