## Exhibit A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>**PURDUE PHARMA L.P.,** *et al.*,<br><br>Debtors.[1] | **Chapter 11**<br><br>**Case No. 19-23649 (RDD)**<br><br>**(Jointly Administered)** |

**ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF ORDER PURSUANT TO
11 U.S.C. §§ 105(A), 107(B) AND FED. R. BANKR. P. 9018 AUTHORIZING THE
FILING OF CERTAIN INFORMATION AND EXHIBITS UNDER SEAL IN
CONNECTION WITH THE DEBTORS' MOTION FOR AUTHORIZATION
TO ENTER INTO DEVELOPMENT AGREEMENT**

Upon the motion (the "**Motion**")[2] of Purdue Pharma L.P. and its affiliates that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**") for entry of an order (this "**Order**"), pursuant to 11 U.S.C. §§ 105(a), 107(b) and Fed. R. Bankr. P. 9018, as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to such term in the Motion.

the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and the Court having determined that the relief requested is in the best interests of the Debtors, their estates, creditors and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor and after due deliberation thereon, and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**

1. The relief requested in the Motion is hereby granted as set forth herein.

2. Pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Bankruptcy Rule 9018-1, the Debtors are authorized to file to the public docket of this case the redacted Development Agreement Motion, including a redacted form of the Development Agreement and any exhibits thereto and supporting declarations (the "**Redacted Documents**").

3. The Debtors are authorized to file the un-redacted Development Agreement Motion, including an un-redacted form of the Development Agreement and any exhibits thereto and supporting declarations (the "**Sealed Documents**") under seal.

4. The Sealed Documents shall remain under seal, unless otherwise ordered by the Court or disclosed in accordance with the procedures outlined in the Protective Order [ECF No. 784] or as agreed to by the Debtors and the Technology Partner under appropriate confidentiality agreements satisfactory to the Debtors and the Technology Partner.

5. Notwithstanding anything to the contrary herein, the Debtors and the Technology Partner are authorized to publicly disclose the identity of the Technology Partner at any time following entry of an order of the Court approving the Debtors' entry into and perform under the Development Agreement.

6. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

7. Entry of this Order is without prejudice to the rights of any party in interest in the Chapter 11 Cases or the U.S. Trustee to seek an order of this Court unsealing all or part of the Redacted Documents or the Sealed Documents.

8. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

9. Counsel for the Debtors shall contact the Clerk's Office regarding the return or other disposition of the Sealed Documents within 10 days at the conclusion of this matter. If the Debtors fail to do so, the Clerk of Court is authorized to destroy the Sealed Documents.

White Plains, New York
Dated: _____, 2020

                                                        THE HONORABLE ROBERT D. DRAIN
                                                        UNITED STATES BANKRUPTCY JUDGE