DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut
Christopher S. Robertson

*Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (RDD)** |
| Debtors.[1] | **(Jointly Administered)** |

**DEBTORS' MOTION FOR
ENTRY OF AN ORDER SHORTENING NOTICE WITH RESPECT TO
DEBTORS' MOTION FOR ENTRY OF AN ORDER APPOINTING MEDIATORS**

Purdue Pharma L.P. ("**PPLP**") and its affiliates that are debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 proceedings (the "**Chapter 11 Cases**") submit this motion (the "**Motion to Shorten**") for entry of an order, substantially in the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

form attached hereto as **Exhibit A**, shortening the notice period with respect to the *Debtors' Motion for Entry of An Order Appointing Mediators* (the "**Mediation Motion**"), filed contemporaneously herewith.[2] In support of this Motion to Shorten, the Debtors respectfully state as follows:

## Relief Requested

1. By this Motion to Shorten, the Debtors[3] seek entry of an order shortening the notice period with respect to the Mediation Motion, scheduling a hearing on the Mediation Motion on **March 2, 2020, at 10:00 a.m. (Prevailing Eastern Time)**, and scheduling an objection deadline of **February 28, 2020, at 12:00 p.m. (Prevailing Eastern Time)**.

## Jurisdiction and Venue

2. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Debtors consent to entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.

3. The statutory bases for the relief requested herein are sections 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Bankruptcy Rules 2002(a), 9006(c), and 9007, and Rule 9006-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**").

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Mediation Motion.

[3] The Mediation Parties (as defined in the Mediation Motion and accompanying form of proposed order) all consent to the relief requested herein.

4. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

5. On September 15, 2019 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On September 26, 2019, the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed the Creditors' Committee pursuant to section 1102 of the Bankruptcy Code [Dkt. No. 131]. No request has been made for the appointment of a trustee or examiner in the Chapter 11 Cases.

6. These Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and the *Order Directing Joint Administration of Chapter 11 Cases* [Dkt. No. 59] entered by the Court in each of the Chapter 11 Cases.

7. Additional information about the Debtors' businesses and the events leading up to the Petition Date can be found in the *Debtors' Informational Brief* filed on September 16, 2019 [Dkt. No. 17].

## Basis for Relief Requested

8. Pursuant to Bankruptcy Rule 9007, the Court has authority to regulate the time within which, the entities to whom, and the form and matter in which notice is provided. Pursuant to paragraph 19 of the *Second Amended Order Establishing Certain Notice, Case Management, and Administrative Procedures* entered on November 18, 2019 [Dkt. No. 498] (the "**Case Management Order**"), in these Chapter 11 Cases, if a request for relief is filed and served "at least fourteen (14) calendar days before the next Omnibus Hearing, the matter shall be

3

set for hearing at such Omnibus Hearing." However, Bankruptcy Rule 9006(c) and Local Rule 9006-1(b) provide that the Court, for cause shown, may in its discretion (with or without motion or notice) reduce any such notice period. Moreover, pursuant to paragraph 17 of the Case Management Order, a party's right "to seek an amendment or waiver of the provisions of the Case Management Order upon showing of good cause including, without limitation, the right to file a motion seeking . . . relief upon shortened notice," was expressly preserved. The Court, thus, has the authority to determine appropriate notice for conducting a hearing on the matters presented by the Mediation Motion.

### **Cause Exists to Shorten Notice with Respect to the Mediation Motion**

9. The Debtors are committed to emerging from these Chapter 11 Cases as quickly as possible. As this Court noted, the "preferred result" in these cases would be an agreed-upon allocation among the Debtors' creditors. Jan. 24, 2020 Omnibus Hr'g Tr. at 40:19-20. Because the resolution—consensual or otherwise—of these cases is likely to be complex and contentious, the Debtors believe that mediation provides the best next step to move these cases forward while avoiding the unnecessary expenditure of estate resources on litigating the value and validity of claims. As all parties, and the Court, are well aware, every day spent in bankruptcy represents time and resources that are not being deployed for the benefit of legitimate claimants.

10. After weeks of discussions regarding the suitability of mediation, the Debtors and the Mediation Parties have reached an agreement regarding the filing of the Mediation Motion, including the accompanying form of proposed order, the identity of the Mediation Parties and the identity of the two proposed co-mediators (all as described in the Mediation Motion). As a result, the Debtors believe it is in the best interests of the estates to commence mediation as soon as possible in order to avoid any undue delay in these Chapter 11 Cases.

11. Moreover, the Debtors do not believe that any party would be prejudiced by shortening notice with respect to the Mediation Motion. All of the proposed Mediation Parties have been aware of the Debtors' intention to file the Mediation Motion for weeks and support the relief that it seeks. In addition, as discussed above, the Debtors have spent the last few weeks negotiating with the Mediation Parties regarding the Mediation Motion and the form of the proposed order so that all were comfortable with the terms. Finally, only the Mediation Parties are required to participate in the mediation. To the extent that any other parties in interest (that are not Mediation Parties) intend to object to the requested relief, the objection deadline will be **February 28, 2020, at 12:00 p.m. (Prevailing Eastern Time)**, which is one business day before the scheduled hearing date and is consistent with the Case Management Order. Therefore, those parties will be well positioned to address the Mediation Motion on a shortened timeline. The Debtors will also continue to engage with the various constituencies regarding the Mediation Motion leading up to the March 2, 2020 hearing.

12. The Debtors therefore submit that cause exists to shorten the notice period with respect to the Mediation Motion to allow that motion to be heard at a hearing scheduled for **March 2, 2020, at 10:00 a.m. (Prevailing Eastern Time)**.

### Notice

13. Notice of this Motion will be provided to (a) the entities on the Master Service List (as defined in the Case Management Order and available on the Debtors' case website at https://restructuring.primeclerk.com/purduepharma) and (b) any person or entity with a particularized interest in the subject matter of this motion. The Debtors respectfully submit that no further notice is required.

**No Prior Request**

14.  The Debtors have not previously sought the relief requested herein from this Court or any other court.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully request that the Court enter the proposed form of order, substantially in the form attached hereto, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: February 20, 2020
New York, New York

                DAVIS POLK & WARDWELL LLP

                By: */s/ James I. McClammy*

                450 Lexington Avenue
                New York, New York 10017
                Telephone: (212) 450-4000
                Facsimile:  (212) 701-5800
                Marshall S. Huebner
                Benjamin S. Kaminetzky
                Timothy Graulich
                Eli J. Vonnegut
                Christopher S. Robertson

                *Counsel to the Debtors*
                *and Debtors in Possession*