**Exhibit A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (RDD)** |
| Debtors.[1] | **(Jointly Administered)** |

**ORDER (I) AUTHORIZING THE REJECTION OF COMMERCIAL LEASE,**
**(II) AUTHORIZING ENTRY INTO NEW HEADQUARTERS LEASE**
**AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of Purdue Pharma L.P. and its affiliates that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**") for entry of an order, pursuant to sections 105(a), 363(b) and 365 of the Bankruptcy Code, Bankruptcy Rule 6006 and Rule 6006-1 of the Local Rules, authorizing them to reject the Headquarters Wrap Lease and enter into the 2021 Headquarters Lease, as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to such term in the Motion.

provided to the Notice Parties, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion and the Lowne Declaration and held a hearing to consider the relief requested in the Motion (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and the Court having determined that the relief requested is in the best interests of the Debtors, their estates, creditors and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**

1. The relief requested in the Motion is hereby granted as set forth herein.

2. Pursuant to section 365(a) of the Bankruptcy Code, the Debtors are authorized to reject the Headquarters Wrap Lease. The Headquarters Wrap Lease is hereby rejected as of the date that the 2021 Headquarters Lease is in full force and effect.

3. Pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the Debtors are authorized to enter into the 2021 Headquarters Lease in accordance with its terms without further Court approval, and to enter into any agreements, including but not limited to the Surrender Agreement, contemplated by the 2021 Headquarters Lease and to execute, deliver, implement and fully perform any and all obligations, instruments, documents and papers, and to take any and all actions that may be reasonably necessary or appropriate to implement the 2021 Headquarters Lease.

4. Pursuant to section 365(a) of the Bankruptcy Code, the Debtors are authorized to, and hereby do, assume the Existing PPLP Lease and the UBS Sublease.

5.      Pursuant to section 365b)(1)(A) of the Bankruptcy Code, the Debtors' cure costs related to the assumption of the Existing PPLP Lease and UBS Sublease are $0.

6.      Notwithstanding anything to the contrary in the Motion, this Order, the 2021 Headquarters Lease, the Existing PPLP Lease, the UBS Sublease, the Wrap Lease or the Surrender Agreement (collectively, the "**Documentation**"), nothing herein, in the Documentation or stated on the record before the Bankruptcy Court in connection with the Motion shall be deemed to, or shall, waive, preclude or extinguish any rights or claims of any entity, including the rights and claims of the Debtors, against any entity other than the Debtors, including, but not limited to, OSR and its shareholders and affiliates, related to or arising out of: (a) the 2021 Headquarters Lease; (b) the Existing PPLP Lease; (c) the UBS Sublease; (d) the Headquarters Wrap Lease; (e) the Surrender Agreement; (f) the negotiation, execution, or implementation of any of the foregoing; or (g) the Debtors' assumption of the PPLP Lease and/or of the UBS Sublease, and all such rights and claims are hereby expressly preserved; provided, however, nothing in this reservation is intended to override the relief granted pursuant to this Order under Sections 365 and 363 of the Bankruptcy Code.

7.      Nothing in the Motion or this Order shall be deemed to, or constitute an admission as to, the validity or priority of any claim against the Debtors, or constitute an assumption or postpetition reaffirmation of any agreement, plan, practice, program, policy, executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code or a waiver of any rights of the Debtors.

8.      Any Bankruptcy Rule (including, but not limited to, Bankruptcy Rule 6004(h)) or Local Rule that might otherwise delay the effectiveness of this Order is hereby waived, and the terms and conditions of this Order shall be effective immediately and enforceable upon its entry.

9.      The contents of the Motion and the notice procedures set forth therein are good and sufficient notice and satisfy the Bankruptcy Rules and the Local Rules, and no other or further notice of the Motion or the entry of this Order shall be required.

10.     The Debtors are authorized to take all such actions as are necessary or appropriate to implement the relief granted in this Order.

11.     The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and enforcement of this Order.

White Plains, New York
Dated: _____, 2020

THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE