**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | : | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| PURDUE PHARMA L.P., *et al*., | : | Case No. 19-23649 (RDD) |
| | : | |
| Debtors.[1] | : | (Jointly Administered) |
| | : | |

---

**ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF KPMG LLP AS TAX CONSULTANT FOR THE DEBTORS AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS <u>*NUNC PRO TUNC* TO DECEMBER 23, 2019</u>**

Upon the joint application (the "<u>Joint Application</u>")[2] of the Debtors and the Official Committee of Unsecured Creditors (the "<u>Committee</u>") in the above-captioned chapter 11 cases for entry of an order authorizing the Debtors and the Committee to employ and retain KPMG LLP ("<u>KPMG</u>") as their tax consultant *nunc pro tunc* to December 23, 2019, pursuant to section 328(a) and 1103(a) of title 11 of the United States Code, Rule 2014(a) of the Federal Rules of Bankruptcy Procedure and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of New York; and upon the *Declaration of Howard Steinberg in Support of Application for Order Authorizing Employment and Retention of KPMG LLP as Tax Consultants to the Debtors and the Official Committee of Unsecured Creditors* Nunc Pro Tunc *to December 23, 2019* (the "<u>Steinberg Declaration</u>"), the *Declaration of Brendan Stuhan in Support of Application for Order Authorizing Employment and*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Capitalized terms not otherwise defined herein shall have the definitions ascribed to them in the Joint Application.

*Retention of KPMG LLP as Tax Consultants to the Debtors and the Official Committee of Unsecured Creditors Nunc Pro Tunc to December 23, 2019* (the "UCC Retention Declaration"), and the *Declaration of Jon Lowne in Support of Application for Order Authorizing Employment and Retention of KPMG LLP as Tax Consultants to the Debtors and the Official Committee of Unsecured Creditors Nunc Pro Tunc to December 23, 2019* (the "Debtor Retention Declaration," and, collectively with the UCC Retention Declaration, the "Retention Declarations") in support thereof; and the Court being satisfied based on the representations made in the Joint Application and in the Steinberg Declaration that KPMG neither holds nor represents an interest adverse to the Debtors or their estates with respect to the matters upon which they are to be engaged, that they are disinterested as that term is defined under section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and that their employment is necessary and in the best interests of the Committee, the Debtors, and their estates, their creditors, and all parties in interest; and consideration of the Joint Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(a)-(b) and 1334(b) and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Joint Application having been provided, and it appearing that no other or further notice need be provided; and the Court having reviewed the Application and held a hearing to consider the relief requested in the Application on February 21, 2020; and there being no objections to the requested relief; and, after due deliberation and the Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish good and sufficient cause for the relief granted herein, it is hereby ORDERED that:

    1.    The Joint Application is granted, as set forth herein.

2.  The Debtors and the Committee are authorized to employ and to retain KPMG as their tax consultant, *nunc pro tunc* to December 23, 2019 in accordance with the terms and conditions set forth in the Joint Application and this Order. In the event of any inconsistency between the Engagement Letter, the Joint Application, and this Order, this Order shall govern.

3.  KPMG is authorized to provide services to the Debtors and the Committee, including but not limited to the following:

   a. Tax analysis and proposal of structuring alternatives with respect to any disposition of the assets of the Debtors, their affiliates, and any IACs pursuant to any plan proposed in the Chapter 11 Cases;
   b. Quantitative analysis, including preparation and/or review of cash tax models, regarding the projection of cash taxes arising from operations, dispositions, reorganization, and repatriation of funds held by the Debtors and IACs;
   c. Diligence regarding the historical tax positions and tax attributes of the Debtors and the IACs;
   d. Interacting with tax authorities in order to assess the impact of historical tax matters in regards to any proposed transaction;
   e. Analysis of the tax implications of any payments made by the Debtors to settle claims;
   f. Analysis of any proofs of claims from tax authorities;
   g. Analysis of cancellation of debt ("COD") income as applicable, including the application of Section 108 and relating to the restructuring of any related party debt and the completed capitalization/settlement of intercompany debt; and
   h. Analysis and proposal of structuring alternatives with respect to the post-emergence tax structure of the Debtors and IACs.

4.  KPMG will file fee applications in accordance with sections 330 and 331 of the Bankruptcy Code, as the case may be, and the applicable Bankruptcy Rules, Local Rules, and any other fee and expense guidelines and orders of this Court and consistent with the proposed compensation set forth in the Joint Application and Engagement Letter; *provided, however*, that the requirements of the Bankruptcy Code, the Bankruptcy Rules, and Local Rule 2016-1 are hereby modified such that KPMG's professionals shall be required only to maintain records of the services rendered for the Debtors and the Committee that include reasonably detailed summary descriptions

2

of those services, the approximate time expended in providing those services (in 0.1 hour increments) and the identity of the professionals who provided those services. KPMG understands that interim and final fee awards are subject to approval by this Court. KPMG shall use its reasonable efforts to avoid duplication of services provided to any of the Debtors' or the Committee's other retained professionals in these chapter 11 cases. KPMG shall also make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures in connection with the Joint Application and any fee applications filed by KPMG.

5. The terms and conditions of the Engagement Letter between KPMG, the Debtors and the Committee, as modified by this Order, are approved.

6. To the extent the Debtors, the Committee and KPMG enter into any additional engagement letter(s), the Debtors and the Committee will file such engagement letter(s) with the Bankruptcy Court and serve such engagement letter(s) upon the United States Trustee. If within 10 days of such new engagement letter(s) being served, any parties-in-interest object to the additional services to be provided by KPMG, a hearing before the Court will promptly be scheduled. All additional services will be subject to the provisions of this Order.

7. The Engagement Letter's indemnification provisions are hereby modified and restated in their entirety as follows:

    (a) All requests by KPMG for payment of indemnity pursuant to the Engagement Letter shall be made by means of an application (interim or final as the case may be) and shall be subject to review by the Court to ensure payment of such indemnity conforms to the terms of the Engagement Letter and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought; *provided, however*, that in no event shall KPMG be indemnified in the case of its own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence or willful misconduct;

    (b) In the event that KPMG seeks reimbursement from the Debtors or the Committee for reasonable attorneys' fees in connection with a request by KPMG for payment of indemnity pursuant to the Engagement Letter, as

3

        modified by this Order, the invoices and supporting time records from such attorneys shall be included in KPMG's own application (both interim and final) and such invoices and time records shall be subject to the Fee Guidelines and the approval of the Court under the standards of sections 330 and 331 of the Bankruptcy Code without regard to whether such attorney has been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code; and

    (c)    KPMG shall not be entitled to reimbursement by the Debtors for any fees, disbursements and other charges of KPMG's counsel other than those incurred in connection with a request of KPMG for payment of indemnity.

8.    Before implementing any increases in KPMG's rates for any individual retained by KPMG and providing services in these cases, KPMG shall file a supplemental affidavit with this Court and provide at least 10 business days' notice to the Debtors, the Committee, and the United States Trustee. The supplemental affidavit shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtors and the Committee have consented to the rate increases. All parties in interest retain all rights to object to any rate increase on all grounds including the reasonableness standard provided for in section 330 of the Bankruptcy Code.

9.    During the pendency of the Chapter 11 Cases, this Court retains exclusive jurisdiction with respect to any matters, claims, rights or disputes arising out of and/or pertaining to KPMG's engagement and the implementation of this Order until such jurisdiction is relinquished.

10.    KPMG shall (i) to the extent that KPMG uses the services of independent contractors, subcontractors, or employees of foreign or domestic affiliates or subsidiaries (collectively, the "Contractors") in these cases, KPMG shall pass-through the cost of such Contractors to the Debtors at the same rate that KPMG pays the Contractors, (ii) seek reimbursement for actual costs only, (iii) ensure that the Contractors are subject to the same

4

conflict checks as required for KPMG, and (iv) file with the Court such disclosures required by Bankruptcy Rule 2014.

11. The Debtors and the Committee shall comply with the notice requirement set forth in paragraph 4(c) of KPMG's Standard Terms and Conditions for Advisory and Tax Services (the "Standard Terms and Conditions"), including providing the written notice required prior to disseminating or advancing any of KPMG's advice, recommendations, information, or work product to third parties.

12. During the pendency of these Chapter 11 Cases, paragraph 6 of the Standard Terms and Conditions is deleted.

13. Any Bankruptcy Rule (including but not limited to Bankruptcy Rule 6004(h)) or Local Rule that might otherwise delay the effectiveness of this Order is hereby waived, for cause, and the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

14. The Debtors, the Committee, and KPMG are authorized to take all such actions as are necessary and appropriate to implement the terms of this Order.

Dated: February 24, 2020
      White Plains, New York

                                              */s/Robert D. Drain*
                                          THE HONORABLE ROBERT D. DRAIN
                                          UNITED STATES BANKRUPTCY JUDGE