UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

PURDUE PHARMA L.P., *et al.*,

Debtors.[1]

Chapter 11

Case No. 19-23649 (RDD)

(Jointly Administered)

**ORDER (I) SHORTENING NOTICE WITH RESPECT TO DEBTORS' MOTION FOR AUTHORIZATION TO ENTER INTO DEVELOPMENT AGREEMENT AND (II) AUTHORIZING ENTRY INTO DEVELOPMENT AGREEMENT**

Upon the motion (the "**Development Agreement Motion**")[2] of Purdue Pharma L.P. and its affiliates that are debtors and debtors in possession in these cases (collectively, the "**Debtors**") for entry of an order (this "**Order**"), pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, Bankruptcy Rules 6003 and 6004 and Rule 9013-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), authorizing their entry into and performance of the Development Agreement, as more fully described in the Development Agreement Motion; and upon the motion (the "**Motion to Shorten**," and collectively with the Development Agreement Motion, the "**Motions**") of the Debtors pursuant to section 105(a) of the Bankruptcy Code, Rules 2002(a), 9006(c), and 9007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Local Rule 90006-1 for an order shortening the notice

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014).  The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to such term in the Motion.

period with respect to the Development Agreement Motion, as more fully set forth in the Motion to Shorten; and the Court having jurisdiction to consider the Motions and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motions and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motions having been provided to the Notice Parties, and it appearing that no other or further notice need be provided; and upon all of the pleadings related to the Development Agreement Motion and the record of the hearing to consider the relief requested in the Motions on February 21, 2020 (the "**Hearing**"); and there being no objections to the requested relief; and, after due deliberation and the Court having determined that the legal and factual bases set forth in the Motions and at the Hearing establish good and sufficient cause for the relief granted herein for the reasons stated in its bench ruling at the Hearing, in that the relief requested is in the best interests of the Debtors, their estates, creditors and all parties in interest and a proper exercise of business judgment; now, therefore,

**IT IS HEREBY ORDERED THAT**

1. The the Motion to Shorten and the Development Agreement Motion are granted as set forth herein.

2. Pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the Debtors are authorized to enter into and perform under the Development Agreement in accordance with its terms, including development and distribution of the Products, without further Court approval.

3. The Debtors shall maintain detailed records of all expenses incurred in connection with the Development Agreement (including, without limitation, any distribution-related

expenses) and shall provide to the Official Committee of Unsecured Creditors (the "**Committee**"), the Ad Hoc Committee of Governmental and Other Contingent Litigation Claimants as set forth in the verified statement pursuant to Federal Rules of Bankruptcy Procedure 2019 [ECF No. 279], as may be amended from time to time (the "**Ad Hoc Committee**"), and the Ad Hoc Group of Non-Consenting States as set forth in the verified statement pursuant to Federal Rule of Bankruptcy Procedure 2019 [ECF No. 296], as may be amended from time to time (the "**Ad Hoc Group of Non-Consenting States**"): (i) detailed monthly reporting regarding such expenses by no later than the fifteenth day of each month for the preceding calendar month (with the first such report due on March 15, 2020), (ii) quarterly meetings regarding the Debtors' public health initiatives, and (iii) such other information regarding the Development Agreement or the Debtors' public health initiatives upon the Committee's, the Ad Hoc Committee's or the Ad Hoc Group of Non-Consenting States' reasonable request.

4. Any Bankruptcy Rule (including, but not limited to, Bankruptcy Rule 6004(h)) or Local Rule that might otherwise delay the effectiveness of this Order is hereby waived, for cause, and the terms and conditions of this Order shall be effective immediately and enforceable upon its entry.

5. The contents of the Motions and the notice procedures set forth therein are good and sufficient notice and satisfy the Bankruptcy Rules and the Local Rules, and no other or further notice of the Motions or the entry of this Order shall be required.

6. The Debtors are authorized to take all such actions as are necessary or appropriate to implement the relief granted in this Order.

7. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and enforcement of this Order.

Dated: February 24, 2020  /s/ Robert D. Drain
White Plains, New York  THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE