DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut
Christopher S. Robertson

*Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P., *et al.*,** | **Case No. 19-23649 (RDD)** |
| **Debtors.**[1] | **(Jointly Administered)** |

**DEBTORS' MOTION FOR ENTRY OF ORDER PURSUANT TO 11 U.S.C. §§ 105(A), 107(B) AND FED. R. BANKR. P. 9018 AUTHORIZING THE FILING OF CERTAIN INFORMATION AND EXHIBITS UNDER SEAL IN CONNECTION WITH THE DEBTORS' MOTION FOR AUTHORIZATION TO ENTER INTO SUPPLY AGREEMENT**

Purdue Pharma L.P. ("**PPLP**") and its affiliates that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**") hereby file this *Motion of Debtors for Entry of Order Pursuant to 11 U.S.C. §§ 105(a), 107(b) and Fed. R. Bankr. P. 9018 Authorizing the Filing*

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

*of Certain Information and Exhibits Under Seal in Connection with the Debtors' Motion for Authorization to Enter into Supply Agreement* (this "**Motion to Seal**") pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Rule 9018 of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 9018-1 seeking entry of an order, in the form attached hereto as **Exhibit A**, for the purpose of redacting and filing under seal certain portions of their forthcoming *Debtors' Motion for Authorization to Enter into Supply Agreement* (the "**Supply Agreement Motion**"),[2] including the form of agreement attached as **Exhibit B** thereto (together with the exhibits thereto, the "**Supply Agreement**"), and declarations in support thereof.

**Relief Requested**

1. By this Motion to Seal, the Debtors request the entry of an order, pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Rule 9018 of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 9018-1, authorizing the Debtors to file under seal certain information and exhibits containing confidential information and directing that such information and exhibits remain under seal, remain confidential, and not be made available to any third party absent authorization under an order from the Court. In accordance with the Local Bankruptcy Rules and Chambers Rules, the Debtors shall provide an un-redacted copy of the Supply Agreement Motion and the exhibits it seeks to seal to the Court and Clerk of Court.

2. The Debtors have provided un-redacted copies of the Supply Agreement Motion, the declaration in support thereof and the Supply Agreement, and a summary of the key terms of the Supply Agreement, to the Official Committee of Unsecured Creditors (the "**Committee**"), the Ad Hoc Committee of Governmental and Other Contingent Litigation Claimants as set forth in the

[2] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to such term in the Supply Agreement Motion.

verified statement pursuant to Federal Rules of Bankruptcy Procedure 2019 [ECF No. 279], as may be amended from time to time (the "**Consenting Ad Hoc Committee**"), and the Ad Hoc Group of Non-Consenting States as set forth in the verified statement pursuant to Federal Rule of Bankruptcy Procedure 2019 [ECF No. 296], as may be amended from time to time (the "**Ad Hoc Group of Non-Consenting States**"), subject to the Protective Order [ECF No. 784] (the "**Protective Order**"). In addition, the Debtors' advisors have provided additional information regarding the Supply Agreement to the Committee, the Consenting Ad Hoc Committee and the Ad Hoc Group of Non-Consenting States. The Debtors will continue to engage with these constituencies and will provide un-redacted copies of the Supply Agreement Motion, Supply Agreement and the related declaration, together with additional supporting information, to the advisors of other stakeholders at their request, subject to the Protective Order. The Debtors have also provided un-redacted copies of the Supply Agreement Motion, the declaration in support thereof and the Supply Agreement to the United States Trustee for the Southern District of New York (the "**U.S. Trustee**"), and the Debtors will engage with the U.S. Trustee to address any requests for information that the U.S. Trustee may have.

**Jurisdiction and Venue**

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested herein is sections 105(a) and 107(b) of the Bankruptcy Code. Relief is also warranted under Bankruptcy Rule 9018.

## General Background

4. On September 15, 2019 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On September 27, 2019, the U.S. Trustee appointed the Committee. No trustee or examiner has been appointed in these Chapter 11 Cases.

5. Information about the Debtors' businesses and the events leading up to the Petition Date can be found in the *Debtors' Informational Brief* filed on September 16, 2019 [ECF No. 17].

6. The Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) and the *Order Directing Joint Administration of Chapter 11 Cases* [ECF No. 59] entered by the Court on September 18, 2019 in each of the Chapter 11 Cases.

## Relief Requested and Reasons Therefor

7. Bankruptcy Code section 107(b) provides bankruptcy courts with the power to issue orders that will protect entities from the potential harm resulting from the disclosure of confidential or sensitive information. Specifically, section 107(b) provides that upon the "request of a party in interest," the Court shall "protect an entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b). Bankruptcy Code section 105(a) permits the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code. 11 U.S.C. § 105(a).

8. Bankruptcy Rule 9018 sets forth the procedure by which a party may move for relief under section 107(b). In particular, Bankruptcy Rule 9018 states that the Court "may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret

or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018. Local Bankruptcy Rule 9018-1 sets out a procedure for obtaining a sealing order by filing a motion to seal. L. Bankr. R. 9018-1.

9. Based upon these provisions, bankruptcy courts have restricted access to filed documents where parties have demonstrated good cause. *See, e.g.*, *In re MF Glob., Inc.*, 2012 WL 3260393, at *3 (Bankr. S.D.N.Y. Aug. 8, 2012) (granting debtor's motion to file exhibit to a settlement agreement under seal); *In re Borders Group, Inc.*, 462 B.R. 42, 48 (Bankr. S.D.N.Y. 2011) (granting debtor's motion to file a share purchase agreement under seal); *In re 1031 Tax Grp., LLC*, 2007 WL 1836525, at *3 (Bankr. S.D.N.Y. June 22, 2007) (granting non-debtor's motion to file exhibit to stipulation and order under seal); *In re Global Crossing Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003) (noting that the purpose of Fed. R. Bankr. P. 9018 is to protect entities "from disclosure of information that could reasonably be expected to cause the entity commercial injury").

10. Whether a document falls within the scope of section 107(b) is ultimately the Court's decision. *In re Barney's, Inc.*, 201 B.R. 703, 707 (Bankr. S.D.N.Y. 1996). However, if the Court determines that a party in interest is seeking protection of information that falls within one of the categories protected by section 107(b), "the court is required to protect a requesting interested party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994).

11. Commercial information protected by section 107(b) includes "information which would cause an unfair advantage to competitors by providing them information as to the commercial operations of the debtor." *Id.* at 28 (internal quotations omitted). Courts have recognized that the term "commercial information" is broad, including information that could

"have a chilling effect on negotiations, ultimately affecting the viability of the Debtors." *In re Lomas Fin. Corp.*, No. 90 Civ. 7827 (LLS), 1991 WL 21231, at *2 (S.D.N.Y. Feb. 11, 1991); *accord Barney's*, 201 B.R. at 707-08. Commercial information need not be equivalent to a trade secret to be protected. *In re Orion*, 21 F.3d at 28; *see also In re Borders Grp., Inc.*, 462 B.R. 42, 47 (Bankr. S.D.N.Y. 2011) ("Commercial information need not rise to the level of a trade secret to qualify for protection under 107(b) [of the Bankruptcy Code].").

12. Sufficient cause exists for the Court to grant the relief requested. The Supply Agreement Motion, the declaration in support thereof, and the Supply Agreement for which it seeks authorization, describe a commercial opportunity in which the Debtors will manufacture and supply certain products to Purdue Canada. The Supply Agreement Motion, the declaration in support thereof and the Supply Agreement contain confidential commercial information, including pricing and supply terms, strategic business plans and other commercial terms. Disclosure of pricing and cost information and other supply terms would be highly valuable to competitors, which could seek to use such information to gain a competitive advantage against the Debtors and Purdue Canada. Further, both the Debtors and Purdue Canada routinely negotiate agreements of a similar nature, and these agreements are rarely (if ever) disclosed to the public or made available to competitors. Disclosure of this commercially sensitive information would substantially impair the Debtors' and Purdue Canada's ability to negotiate more favorable economic terms in future agreements. Moreover, the identity of the products at issue is competitively sensitive because certain technology necessary to produce the products is currently sole-sourced from a competitor contract manufacturer. The Debtors believe that it is necessary to keep the identity of the products confidential to ensure continued full engagement of the current supplier unless and until the Debtors are able to produce this technology in-house, which could take up to two years. The

Debtors seek to keep this information under seal in order to prevent the deleterious effects of disclosure.

13. The Debtors therefore respectfully request that the Court, pursuant to section 107(b) of the Bankruptcy Code, authorize the Debtors to redact commercially sensitive terms in the Supply Agreement Motion, the declaration in support thereof and the Supply Agreement and any replies filed in further support thereof, because of the harm that would occur if the commercially sensitive and confidential information contained in the Supply Agreement became public information.

**Notice**

14. Bankruptcy Rule 9018 provides that "[o]n motion, with or without notice, the court may make any order which justice requires to . . . protect the estate or any entity in respect of . . . confidential . . . commercial information." Fed. R. Bankr. P. 9018.

15. No prior request for the relief sought herein has been made by the Debtors to this or any other court.

**Conclusion**

16. For the foregoing reasons, the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: February 26, 2020
New York, New York

DAVIS POLK & WARDWELL LLP

By: */s/ Eli J. Vonnegut*

450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut
Christopher S. Robertson

*Counsel to the Debtors*
*and Debtors in Possession*