DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
James I. McClammy
Eli J. Vonnegut

*Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (RDD)** |
| **Debtors.[1]** | **(Jointly Administered)** |

**DECLARATION OF**
**KENNETH R. FEINBERG IN CONNECTION WITH THE**
**DEBTORS' MOTION FOR ENTRY OF AN ORDER APPOINTING MEDIATORS**

I, Kenneth R. Feinberg, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

**I.    Introduction**

1.    I am an attorney and leading expert in mediation and alternative dispute resolution. I have been appointed to administer numerous high-profile compensation programs.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

In particular, I was appointed and served as special master of the September 11th Victim Compensation Fund, TARP Executive Compensation, and the Agent Orange Victim Compensation Program. I was also appointed and served as administrator of the One Fund Boston Victim Relief Fund, the Aurora Victim Relief Fund, the Gulf Coast Claims Facility, and the Virginia Tech Hokie Spirit Memorial Fund.

2. I submit this declaration (the "**Declaration**") in connection with the Debtors' *Motion for Entry of an Order Appointing Mediators*, filed on February 20, 2020, Dkt. No. 855.

## II.    Disclosures

3. I have reviewed my past engagements, holdings, and interests, and I do not believe that, as a result of my past engagements, holdings, interests, or otherwise, there is anything that would prevent me from serving as a neutral mediator in these chapter 11 cases.

4. Neither I nor any entity in which I have a material interest have a claim against Purdue Pharma L.P. or its affiliates that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**," the "**Company**" or "**Purdue**") or any related parties.

5. From 2005 to 2015, I was retained by Purdue as the Company's consultant and negotiator to resolve various ongoing litigations and disputes primarily related to private and public commercial, consumer and antitrust litigations with generic manufacturers, wholesalers, distributors and purchasers of OxyContin. Between 2005 and 2006, my monthly flat fee was $250,000, and, between 2007 and 2010, my monthly flat fee was $175,000. In 2011, my monthly flat fee was $20,000, and, between 2012 and 2015, my monthly flat fee was $10,000. This engagement did not constitute a substantial percentage of my firm's revenue. This role was

limited to negotiations, and I have never represented the Company as an advocate in any litigation. I have not represented the Company in any capacity since 2015. I have never been retained by the Sackler Family for any purpose or reason.

6. From 2010 to 2017, I was retained by GlaxoSmithKline PLC, a British pharmaceutical company, as a mediator and/or negotiator strictly to help resolve commercial and products liability disputes. I am no longer retained by GlaxoSmithKline PLC.

7. From 1994 to 2016, I was retained by Pfizer Inc., an American pharmaceutical corporation, as a mediator and/or negotiator strictly to help resolve commercial and products liability disputes. I am no longer retained by Pfizer Inc.

8. In addition to the above engagements, I have worked with numerous health insurers, hospitals, public and private corporations, and other entities. In all of those cases, I acted as an independent neutral. I was not retained by these companies to represent them or act on their behalf but, instead, to serve as a neutral third party assisting the respective parties in reaching comprehensive settlements or agreements.

9. I do not believe that any of the aforementioned engagements give rise to an actual or potential conflict, or the appearance of a conflict, with respect to my appointment as co-mediator in these chapter 11 cases.

[*Remainder of page intentionally left blank*]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct.

Executed: February 27, 2020
Washington, DC

_____
Kenneth R. Feinberg, Esq.