DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
James I. McClammy
Eli J. Vonnegut

*Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.**, *et al.*, | **Case No. 19-23649 (RDD)** |
| **Debtors.[1]** | **(Jointly Administered)** |

**DECLARATION OF**
**LAYN R. PHILLIPS IN CONNECTION WITH THE**
**DEBTORS' MOTION FOR ENTRY OF AN ORDER APPOINTING MEDIATORS**

I, Layn R. Phillips, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

**I.      Introduction**

1.      I am the founder and CEO of Phillips ADR Enterprise ("**PADRE**"), a former

United States Attorney, and a former United States District Judge.  PADRE is an alternative

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014).  The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

dispute resolution firm that focuses on the mediation of complex disputes. Over the past ten years, I have presided over cases that have collectively resulted in several billion dollars in settlements annually. Notable settlements include the NFL Concussion Litigation, the Petrobras U.S. Securities Litigation, the Equifax Data Breach and Anthem Data Breach Consumer Class Actions, the Bonneville Power Administration Residential Exchange Litigation, the Bank of America Merrill Lynch Securities Litigation, the DOE Rockwell Rocky Flats Nuclear Plant Litigation, the American Realty Capital Properties Securities Litigation, the Michigan State University and University of Southern California Sexual Abuse Cases, the Merck Vioxx Securities Litigation, the Household Financial Securities Litigation, the Walmart Consolidated Wage and Hour Litigation, and numerous significant federal and state antitrust matters.

2.      I submit this declaration (the "**Declaration**") in connection with the Debtors' *Motion for Entry of an Order Appointing Mediators*, filed on February 20, 2020, Dkt. No. 855.

## II.      Disclosures

3.      I have reviewed my past engagements, holdings, and interests, and I do not believe that, as a result of my past engagements, holdings, interests, or otherwise, there is anything that would prevent me from serving as a neutral mediator in these chapter 11 cases.

4.      Neither I nor any entity in which I have a material interest have a claim against Purdue Pharma L.P. or its affiliates that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**," the "**Company**" or "**Purdue**") or any related parties.

5.      Neither I nor any entity in which I have a material interest have ever represented Purdue or its shareholders. As discussed below, however, I served as the neutral mediator in the

dispute between Purdue and the State of Oklahoma (in connection with the case of *State of Oklahoma v. TEVA Pharmaceuticals, et al.*), which resulted in a $270 million settlement.  My daily flat fee for the multiple New York City mediations held in that matter was $48,000 for the first day and $43,000 for subsequent days, which was my standard fee for all New York City alternative dispute resolution matters at that time (it has since increased to $50,000 for the first day and $45,000 for subsequent days).  My hourly rate for additional time spent on the engagement was $1,500.  This engagement did not constitute a substantial percentage of my firm's revenue.  This role was limited to the mediation, and I have never represented Purdue in any capacity.  I have never been retained by the Sackler Family for any purpose or reason.

6.    I have worked with numerous pharmaceutical or medical device manufacturers, pharmaceutical distributors and pharmacies.  In all of those cases, I have acted as a neutral mediator for the sole purpose of facilitating settlement negotiations, under circumstances where the participating parties shared the fees charged for my services.  I was not retained by these companies to represent them or act on their behalf but, instead, to serve as a neutral third party assisting the respective parties in reaching settlements.  I have served in this capacity in the following cases:  (i) *State of Oklahoma v. TEVA Pharmaceuticals, et al.*, in which Purdue was a party; (ii) *David N. Zimmerman v. Diplomat Pharmacy, Inc,. et al.*; (iii) *Ashleigh Shim v. Phillip R. Hagerman, et al.*; (iv) *In re Galena Biopharma, Inc. Securities Litigation*; (v) *In re Galena Biopharma, Inc. Derivative Litigation*; (vi) *In re ViroPharma Inc. Securities Litigation*; (vii) *In re Onyx Pharmaceuticals, Inc. Shareholder Litigation*; (viii) *In re Sanofi-Aventis Securities Litigation*; (ix) *In re Merck & Co., Inc. VIOXX Securities, Derivative & ERISA Litigation;* (x) *In re Merck & Co., Inc. VYTORIN/SETIA Securities Litigation*; (xi) *In re Akron, Inc. Securities Litigation*; (xii) *In re Akorn, Inc. Data Integrity Securities Litigation*; (xiii) *KB Partners I, LP et*

3

*al. v. Pain Therapeutics Inc. et al.*; (xiv) *In re Mannkind Corporation Securities Litigation*; (xv)

*Schueneman et al. v. Arena Pharmaceuticals Inc. et al.*; (xvi) *In re Neurontin Marketing, Sales*

*Practices, and Products Liability Litigation*; (xvii) *Jones et al. v. Pfizer Inc. et al.*; (xviii) *In re*

*Pharmacia Corporation Securities Litigation*; (xix) *Medoff v. CVS Caremark Corporation et al.*;

(xx) *In re Aggrenox Antitrust Litigation*; (xxi) *Bier v. Endo International PLC*; (xxii) *Public*

*Employees' Retirement System of Mississippi v. Endo International PLC*; and (xxiii) *In re*

*Hypodermic Products Antitrust Litigation*.

7.      In addition to the above engagements where I served as mediator, I was also

appointed and served as Special Master in *In re Merck & Co, Inc. VYOTRIN/ZETIA Securities*

*Litigation*, where my role included: (i) rendering a report and recommendation with respect to

the application for attorneys' fees and costs filed by counsel for the lead plaintiffs in the

securities class action; and (ii) allocating the awarded fee amount amongst the counsel for the

plaintiffs.

8.      I do not believe that any of the aforementioned engagements give rise to an actual

or potential conflict, or the appearance of a conflict, with respect to my appointment as co-

mediator in these chapter 11 cases.


[*Remainder of page intentionally left blank*]


4

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing

statements are true and correct.


Executed: February 27, 2020
          New York, New York


_____
Layn R. Phillips