## EXHIBIT A

## Revised Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (RDD)** |
| **Debtors.[1]** | **(Jointly Administered)** |

## ORDER APPOINTING MEDIATORS

Upon the motion (the "**Motion**") of Purdue Pharma L.P. ("**PPLP**") and its affiliates that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**," the "**Company**," or "**Purdue**"), for entry of an order (this "**Order"**) directing the appointment of the Honorable Layn Phillips and Mr. Kenneth Feinberg as co-mediators and requiring that the Mediation Parties (defined herein) attend and participate in good faith in mediation, which will involve the mediation of the issue(s) defined herein, pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated February 1, 2012;[2] and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 157(b); and it appearing that the relief requested is in the best interests of the Debtors, their

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717), and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Capitalized terms not defined herein shall have the same meaning ascribed to them in the Motion.

estates, and creditors; and that adequate notice has been given and that no further notice is

necessary; and after due deliberation and good and sufficient cause appearing therefor, it is

**HEREBY ORDERED THAT:**

1.        The Motion is granted as set forth herein.

2.        The Court authorizes and appoints the Honorable Layn Phillips and Mr. Kenneth

Feinberg, working together on the same terms (both economic and non-economic), to serve as

co-mediators in these chapter 11 cases (each a "**Mediator**," and together, the "**Mediators**") and

to conduct the mediation as set forth herein.  The Mediators will be compensated at a rate of

$500,000 per month each.  The Mediators, upon agreement between them, shall be entitled to

retain, in their sole discretion, financial, public health or other professionals or consultants to

assist them; *provided however* that the aggregate cost of all such financial or other professionals

or consultants so retained shall not exceed $250,000 without further order of this Court.

3.        The Mediators are authorized to mediate the dispute(s) between the Non-Federal

Public Claimants, on the one hand, and the Private Claimants,[3] on the other, as to the allocation

of value/proceeds available from the Debtors' estates, including, without limitation, from any

settlements, to such claimants, in each case on an aggregate basis as between them.  In doing so,

the Mediators and Mediation Parties may need to consider a variety of concepts and issues,

including, without limitation, various sources of value for the estates, various claims of persons

or entities who are not Mediation Parties and different modes and methods of allocation.  In

addition, the Mediators may, in their discretion, recommend to the Mediation Parties an

expansion to the scope of the mediation.  However, subject to the following sentence or further

---

[3] "Private Claimants" include the parties listed in paragraph 6.b.

order of this Court, the Mediators are not authorized to mediate disputes, if any, with respect to

the allocation(s) of value/proceeds among entities or persons comprising the Non-Federal Public

Claimants or among entities or persons comprising the Private Claimants. The Mediators may

also mediate any other issues that are agreed upon by all of the Mediation Parties.

4.        The Mediation Parties shall consist of the following: (i) the Debtors; (ii) the

Official Committee of Unsecured Creditors (including any *ex officio* members) (the "**Creditors'**

**Committee**"); (iii) the Ad Hoc Committee of Governmental and Other Contingent Litigation

Claimants (the "**Consenting Ad Hoc Committee**"); (iv) the Ad Hoc Committee of NAS Babies;

(v) the Ad Hoc Group of Hospitals[4]; (vi) the Ad Hoc Group of Non-Consenting States (the

"**Non-Consenting States**"); (vii) the Multi-State Governmental Entities Group (the "**MSGE**

**Group**"); (viii) the Ad Hoc Group of Individual Victims; (ix) counsel for the Blue Cross Blue

Shield Association, various third party payors and health insurance carrier plaintiffs; and (x) the

group of individual health insurance purchasers, represented by Stevens & Lee. P.C. (the

"**Insurance Purchasers**") (each, a "**Mediation Party**," and, together, the "**Mediation**

**Parties**").[5] To the extent not previously executed, the Mediation Parties shall execute and agree

to be bound by the Protective Order signed by the Court on January 27, 2020, Dkt. No. 784 (the

"**Protective Order**").

5.        Unless otherwise directed by the Mediators, each of the Mediation Parties,

including a representative subset of their respective principals, attorneys, and advisors who are

---

[4] "Ad Hoc Group of Hospitals" shall have the meaning set forth in the *Verified Statement of the Ad Hoc Group of Hospitals Pursuant to Bankruptcy Rule 2019* [Dkt. No. 577] (as the same may be amended, modified or supplemented from time to time).

[5] Nothing in this Order is intended to or shall compel trade claimants (independently of their fiduciary, the UCC), the Debtors' current or former employees, officers and directors, the Federal Government or the shareholders to participate in the mediation at this time.

able to participate and make recommendations on behalf of the applicable Mediation Party shall

attend and participate in the mediation sessions.  For the avoidance of doubt, nothing in this

Order seeks to delegate the ultimate decision-making authority on any potential resolution of the

mediation from a particular Non-Federal Public or Private Claimant to a representative subset;

*provided however*, that any settlement agreement(s) involving any Mediation Party reached

through mediation shall be subject to the provisions of paragraph 10.  The Mediators, after

consultation with the Mediation Parties, may request each Mediation Party participating in a

mediation session to appear with at least one principal, although, for the avoidance of doubt, the

selection of that principal shall be left to the discretion of each Mediation Party and nothing in

this Order requires, or is intended to require—even at the request of the Mediators—the direct

participation or attendance at the Mediation by, any particular individual or any individual

holding a particular title or rank.

6.    For the avoidance of doubt:

a. "Non-Federal Public Claimants," as defined in the Motion and used in this
Order in connection with the mediation, includes only the states, federal
districts and U.S. territories, political subdivisions of the states and Native
American Tribes, and does not include the federal government of the United
States, or any agency, department, or instrumentality of the federal
government (the "**Federal Government**").  The Federal Government is not
required to participate in the mediation at this time.  All rights of the Federal
Government—and, indeed, all of the parties—with respect to the valuation
and ultimate plan treatment of any claims of the Federal Government are fully
reserved.  Notwithstanding any other provision of this Order, the Federal

4

Government shall be entitled, without further order of the Court, to send

representatives to observe mediation sessions, in a manner to be specified

further under the Mediation Procedures (defined below).

b. "Private Claimants" as defined in this Motion and used in the Proposed Order

in connection with the mediation includes only certain private parties,

including, hospitals; health insurance carrier plaintiffs and third party payors;

purchasers of private health insurance; various individuals and estates alleging

personal injury or wrongful death claims, including guardian claimants

asserting claims on behalf of minors born with NAS due to exposure to

opioids in utero; and claimants comprising a putative class of NAS children

seeking medical monitoring funding, and does not include trade claimants

(except to the extent represented by their fiduciary, the UCC), current or

former employees, officers or directors of the Debtors, or members of the

Sackler family (in any capacity).  All rights of these parties—and, indeed, of

all parties in interest—with respect to the valuation and ultimate plan

treatment of any claims of, or against, these parties not currently in the

mediation are fully reserved.

7.        Additional parties in interest other than the Mediation Parties (the "**Additional

Parties**") may participate voluntarily in the mediation in response to a request from the

Mediators, or further order of this Court.  The Mediators may request that the Court order any

Additional Parties to attend the mediation, and nothing herein limits any Mediation Party's rights

with respect to the ability to make such a request of the Court.  In such event, appropriate notice

and a hearing shall be provided.  All Additional Parties shall become subject to all of the

provisions of this Order and shall agree to be bound by the Protective Order.

8.    No later than three business days following the entry of this Order, or as soon

thereafter as the Mediators are available, the Mediators shall meet and confer with the Mediation

Parties and the Federal Government to commence discussions regarding mediation procedures

and a schedule for mediation, which shall be consistent with the terms of this Order in all

material respects (collectively, the "**Mediation Procedures**").  The Mediators will ultimately

determine the Mediation Procedures, in their sole discretion, so long as such procedures are

consistent with the terms of this Order in all material respects.

9.    Except as provided in paragraphs 7 and 17, the Mediators shall have no

communication with the Court relating to the substance of the mediation or matters occurring

during the mediation.  Further, the Mediators shall not disclose whether a verbal agreement was

reached or a Mediation Party has refused to execute a definitive written settlement agreement.

The Mediators shall have no obligation to make written comments or recommendations.  Except

as provided in paragraph 17, the Mediators shall not be compelled to testify or disclose any

information concerning the mediation in any forum or proceeding, nor shall any Mediation Party,

any Additional Party, or any other party in interest: (a) call or subpoena the Mediators as a

witness or expert in any proceeding relating to the mediation, the subject matter of the mediation,

or any thoughts or impressions that the Mediators may have about the Mediation Parties, or their

respective positions, in the mediation; (b) subpoena any notes, documents or other materials

prepared by the Mediators in connection with the mediation; or (c) offer any statements, views or

opinions of the Mediators in connection with any proceeding, including, without limitation, any

pleading or other submission to any court.

10.      Subject to paragraph 5: (a) no party shall be bound by anything said or done during the mediation, unless a Mediation Party voluntarily agrees to be so bound by a written and signed stipulation submitted to the Mediators and the Mediation Parties; and (b) the results of the mediation are non-binding unless the Mediation Parties that agree to be so bound otherwise agree; *provided however*, that any settlement agreement(s) reached through mediation reduced to writing and signed shall be as binding against each signatory as those reached through litigation, and this Court will retain jurisdiction to enforce any such settlement agreement(s).

11.      All communications made by and all submissions prepared by a Mediation Party in connection with the mediation, including but not limited to: (a) discussions among any of the Mediation Parties during the course of the mediation, including discussions with or in the presence of the Mediators; (b) mediation statements and any other documents or information provided to the Mediators or the Mediation Parties in the course of the mediation; and (c) all correspondence, settlement proposals, counterproposals, term sheets, and offers of compromise produced for, as a result of, or in connection with the mediation (collectively, the "**Settlement Proposals**") shall remain confidential, shall not be made available to the public and, as applicable, shall be subject to the Protective Order; *provided however*, that (i) the party making any such Settlement Proposal may agree to the disclosure of such Settlement Proposal pursuant to a confidentiality agreement or otherwise; and (ii) nothing in this Order limits the ability of any Mediation Party to (x) speak publicly (whether through court pleadings, court statements or otherwise) regarding issues in these cases, provided that doing so does not disclose confidential mediation exchanges, data or discussions regarding Settlement Proposals or responses thereto, or (y) comment on the opioid crisis and those involved in it, these Debtors or these cases, provided that doing so does not, independently of this Order, violate the Protective Order.  The materials

7

described in each of the foregoing clauses (a) through (c): (i) shall be protected from disclosure (and shall not be disclosed) to any other Mediation Party or to any other person or party who is not a Mediation Party (including holders of claims for which the Mediation Party is acting in a representative, agent or trustee capacity to the extent such holders are not themselves Mediation Parties) except in accordance with this Order or an applicable confidentiality agreement; (ii) shall not constitute a waiver of any existing privileges and immunities; (iii) shall not be used for any purpose other than the mediation; (iv) shall be subject to protection under Rule 408 of the Federal Rules of Evidence and any equivalent or comparable state law; and (v) except for the sole purpose of enforcing in the Court a settlement agreement reached in this mediation, shall not be admissible for any purpose in any judicial or administrative proceeding.  For the avoidance of doubt, if no such settlement agreement is reached, then the foregoing materials shall not be admissible anywhere.  The terms of the Protective Order and this Order shall govern any issues with respect to any Mediation Party's disclosure of any Settlement Proposals.

12.    The Mediation Parties and their counsel and advisors shall not in any way disclose to any non-party or to any court, including, without limitation, in any pleading or other submission to any court, any such discussion, mediation statement, other document or information, correspondence, resolution, or Settlement Proposal (subject to paragraph 11) that may be made or provided in connection with the mediation; *provided however*, that nothing in this Order shall prevent a Mediation Party from sharing with the Mediators, and thereafter disclosing, to the extent not prohibited by a separate confidentiality agreement or the Protective Order, any draft objections, any potential legal arguments such Mediation Party may raise in the chapter 11 cases, reports of its own experts, any document produced or obtained in discovery, any information that is, was, or becomes available to a Mediation Party outside of the mediation,

such Mediation Party's own work product or materials, or other pleadings filed or to be filed by such Mediation Party with a court of competent jurisdiction.

13.    Notwithstanding anything in this Order to the contrary, nothing in this Order other than compliance with the Protective Order shall prevent a Mediation Party from disclosing information revealed during the mediation to the extent such disclosure is required, or as may be required or requested by a governmental or regulatory entity with oversight or other authority over such Mediation Party, that is within the oversight or other authority of such governmental or regulatory entity, or required by statute or court order or other legal or regulatory requirements applicable to such Mediation Party; *provided however*, that if such Mediation Party is requested or required to disclose any information to any third party or governmental or regulatory authority, such Mediation Party shall, to the extent not legally prohibited, provide the disclosing party with prompt written notice of such requirement prior to any disclosure and shall furnish only that portion of such information or take only such action as is legally required.

14.    To the extent that any Mediation Party is in possession of privileged or confidential documents and/or information provided to such Mediation Party pursuant to the terms and conditions of the Protective Order, such information may, but shall not be required to, be disclosed to the Mediators and other Mediation Parties, but shall otherwise remain privileged and confidential.    Any Mediation Party may provide documents and/or information to the Mediators that are subject to a privilege or other protection from discovery, including the attorney-client privilege, the work-product doctrine, or any other privilege, right, or immunity the parties may be entitled to claim or invoke (the "**Privileged Information**").    By providing the Privileged Information solely to the Mediators and no other party, no Mediation Party nor its respective professionals intends to, nor shall, waive, in whole or in part, the attorney-client

9

privilege, the work-product doctrine, or any other privilege, right or immunity they may be

entitled to claim or invoke with respect to any Privileged Information or otherwise.  Any work

product, materials, or information shared or produced by a Mediation Party with the Mediators,

including Privileged Information, shall be subject to all applicable mediation privileges and shall

not be shared by the Mediators with any other Mediation Parties without the consent of the

sharing or producing Mediation Party.

15.    Nothing in this Order is intended to, nor shall it, waive, release, compromise, or

impair in any way whatsoever, any claims or defenses that a party has or may have, whether

known or unknown, in connection with or relating to acts or omissions that took place prior to

entry of this Order.

16.    Nothing in this Order is intended to, nor shall it operate as, granting relief from

the automatic stay in the chapter 11 cases, or the Preliminary Injunction, as amended from time

to time, entered by the Court in the adversary proceeding styled, *Purdue Pharma L.P. et al. v.*

*Commonwealth of Massachusetts et al.*, Adv. Proc. No. 19-08289 (Bankr. S.D.N.Y. Nov. 6,

2019) (RDD), Dkt. No. 105.

17.    Promptly following the termination of the mediation in accordance with the

Mediation Procedures (such date, the "**Termination Date**"), but no later than two (2) business

day after the Termination Date, the Mediators shall file a notice with the Court setting forth the

following: (a) that the Mediators have conducted the mediation; (b) the names of the participants

in the mediation; (c) whether the participants in the mediation acted in good faith; and (d)

whether and to what extent the mediation was successful.

18.      The Debtors are authorized to take all actions necessary or appropriate to
effectuate the relief granted in this Order in accordance with the Motion.

19.      For the avoidance of doubt, to the extent any part of this Order shall conflict with
Local Rule 9019-1 or the General Order, the terms and provisions of this Order shall govern.

20.      This Court retains exclusive jurisdiction to enter supplemental orders concerning
all matters arising from or related to the implementation, interpretation, and enforcement of this
Order, and to enter such orders at continued hearings on this Motion.


Dated:      _____, 2020
              White Plains, New York


_____
THE HONORABLE ROBERT D DRAIN
UNITED STATES BANKRUPTCY JUDGE