**Hearing Date and Time: March 18, 2020, at 10:00 a.m. (prevailing Eastern Time)**
**Objection Date and Time: March 13, 2020, at 4:00 p.m. (prevailing Eastern Time)**

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut
Christopher S. Robertson

*Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.,** *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

**NOTICE OF HEARING ON MOTION OF DEBTORS FOR ENTRY OF AN ORDER
(I) AUTHORIZING THE ASSUMPTION OF A CERTAIN UNEXPIRED LEASE
AND (II) FURTHER EXTENDING THE DEBTORS' DEADLINE TO ASSUME
OR REJECT CERTAIN UNEXPIRED LEASES WITH THE PRIOR WRITTEN
<u>CONSENT OF THE LESSORS UNDER SUCH LEASES</u>**

**PLEASE TAKE NOTICE** that on March 4, 2020, the above-captioned debtors and

debtors in possession in these proceedings (collectively, the "**Debtors**") filed the *Motion of*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

*Debtors for Entry of an Order (i) Authorizing the Assumption of a Certain Unexpired Lease and (ii) Further Extending the Debtors' Deadline to Assume or Reject Certain Unexpired Leases with the Prior Written Consent of the Lessors under Such Leases* (the "**Motion**").  A hearing on the Motion will be held on **March 18, 2020 at 10:00 a.m.** (prevailing Eastern Time) (the "**Hearing**") before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, at the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601 (the "**Bankruptcy Court**"), or at such other time as the Bankruptcy Court may determine.

     **PLEASE TAKE FURTHER NOTICE** that the Hearing may be continued or adjourned thereafter from time to time without further notice other than an announcement of the adjourned date or dates at the Hearing or a later hearing.  The Debtors will file an agenda before the Hearing, which may modify or supplement the motions to be heard at the Hearing.

     **PLEASE TAKE FURTHER NOTICE** that any responses or objections (the "**Objections**") to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, shall be filed with the Bankruptcy Court (a) by attorneys practicing in the Bankruptcy Court, including attorneys admitted *pro hac vice*, electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov), and (b) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with the *Second Amended Order Establishing Certain Notice, Case Management, and Administrative*

*Procedures* entered on November 18, 2019 [Docket No. 498], so as to be filed and received no later than **March 13, 2020** at **4:00 p.m.** (prevailing Eastern Time) (the "**Objection Deadline**").

      **PLEASE TAKE FURTHER NOTICE** that any objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted upon default.

      **PLEASE TAKE FURTHER NOTICE** that if no Objections are timely filed and served with respect to the Motion, the Debtors may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Motion, which order may be entered without further notice or opportunity to be heard.

      **PLEASE TAKE FURTHER NOTICE** that copies of the Motion may be obtained free of charge by visiting the website of Prime Clerk LLC at https://restructuring.primeclerk.com/purduepharma. You may also obtain copies of any pleadings by visiting the Bankruptcy Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

*[Remainder of Page Intentionally Left Blank]*

Dated:   March 4, 2020
       New York, New York

DAVIS POLK & WARDWELL LLP

By:   */s/ Eli J. Vonnegut*
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile:  (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut
Christopher S. Robertson

*Counsel to the Debtors
and Debtors in Possession*

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut
Christopher S. Robertson

*Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | **Chapter 11** |
| **PURDUE PHARMA L.P., *et al.*,** | **Case No. 19-23649 (RDD)** |
| **Debtors.**[1] | **(Jointly Administered)** |

## MOTION OF DEBTORS FOR ENTRY OF AN ORDER (I) AUTHORIZING THE ASSUMPTION OF A CERTAIN UNEXPIRED LEASE AND (II) FURTHER  EXTENDING THE DEBTORS' DEADLINE TO ASSUME OR REJECT CERTAIN UNEXPIRED LEASES WITH THE PRIOR WRITTEN CONSENT OF THE <u>LESSORS UNDER SUCH LEASES</u>

Purdue Pharma L.P. ("**PPLP**") and its affiliates that are debtors and debtors in possession

in these proceedings (collectively, the "**Debtors**") hereby file this *Motion of Debtors for Entry of*

---

[1]  The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014).  The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

*an Order (i) Authorizing the Assumption of a Certain Unexpired Lease and (ii) Further Extending the Debtors' Deadline to Assume or Reject Certain Unexpired Leases with the Prior Written Consent of the Lessors under Such Leases* (the "**Motion**").  In support of this Motion, the Debtors respectfully state as follows:

## Jurisdiction and Venue

1.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.).  This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Debtors consent to entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.

2.      Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## General Background

3.      On September 15, 2019 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case (collectively, the "**Chapter 11 Cases**") under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101, et seq. (as amended or modified, the "**Bankruptcy Code**").  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.   On September 27, 2019, the United States Trustee for the Southern District of New York appointed the official committee of unsecured creditors (the "**Creditors' Committee**").  No trustee or examiner has been appointed in these Chapter 11 Cases.

2

4.    Additional information about the Debtors' businesses and the events leading up to the Petition Date can be found in the *Debtors' Informational Brief* filed on September 16, 2019 [Docket No. 17].

### The Deadline to Assume or Reject Unexpired Leases of Nonresidential Real Property

5.    Section 365(d)(4) of the Bankruptcy Code provides, in part, that an unexpired lease of nonresidential real property under which a debtor is the lessee shall be deemed rejected, and the debtor shall immediately surrender that nonresidential real property to the lessor, if the debtor does not assume or reject the unexpired lease by the earlier of (i) the date that is 120 days after the commencement of the chapter 11 case; or (ii) the date of the entry of an order confirming a chapter 11 plan.  *See* 11 U.S.C. § 365(d)(4)(A).

6.    The Court, however, may extend the 120-day deadline before its expiration for an additional 90 days "for cause" and "may grant a subsequent extension only upon prior written consent of the lessor in each instance.  *See* 11 U.S.C. § 365(d)(4)(B).  On December 20, 2019, the Court entered an *Order Extending the Deadline to Assume or Reject Unexpired Leases of Nonresidential Real Property* [Docket No. 686] (the "**Extension Order**"), extending the initial deadline under section 365(d)(4) through and including April 13, 2020 (the "**Current 365(d)(4) Deadline**").  As a result, any further extension of the Current 365(d)(4) Deadline must be with the prior written consent of the lessor under section 365(d)(4)(B)(ii) of the Bankruptcy Code.

### Relief Requested

7.    By this Motion, the Debtors seek entry of an order pursuant to sections 105(a) and 365 of title 11 of the Bankruptcy Code and Rule 6006 of the Bankruptcy Rules, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), (i) authorizing the Debtors to assume that certain lease agreement, dated May 28, 2019 (including, without limitation, any and

3

all amendments, modifications, side letters, memoranda of understanding, documents incorporated by reference, attachments and exhibits thereto, the "**Avrio Lease**"),[2] by and between 65 W 36 LLC (the "**Avrio Lessor**") and Avrio Health L.P. ("**Avrio**"), a copy of which is attached hereto as **Exhibit B**, and (ii) extending the Current 365(d)(4) Deadline with respect to certain Extended Deadline Leases (as defined below), with the prior written consent of the lessors thereunder, through and including the date identified for such Extended Deadline Lease on Exhibit 1 to the Proposed Order.

**Assumption of the Avrio Lease Reflects the Debtors' Sound Business Judgment**

8.      Avrio, a wholly owned subsidiary of PPLP, engages in the marketing, sale, and distribution of over-the-counter products in the U.S.  Avrio maintains offices at 65 West 36th Street, New York, N.Y. 10018.  Pursuant to the Avrio Lease, Avrio leases one floor of the building, comprising approximately 5,850 rentable square feet.  The Avrio Lease commenced in June 2019 and has a lease term of five years and two months.  Monthly rent under the Avrio Lease averages approximately $26,400 over its full term.  The Debtors have determined that the amount necessary to cure the Avrio Lease is $26,216.13 (the "**Cure Amount**").

9.      The Debtors requested an extension of the Current 365(d)(4) Deadline with respect to the Avrio Lease, but the Avrio Lessor denied this request.  The Debtors have therefore determined, in their business judgment and to the best of their ability based on the information currently available, that the assumption of the Avrio Lease at this time is appropriate and represents the best available alternative under the circumstances.  The Debtors believe that the Avrio Lease is appropriate for the Avrio business, given the size of its employee base and the nature of its operations.  Moreover, rejecting the Avrio Lease on or before the Current 365(d)(4)

---

[2] Any description of the Avrio Lease herein is qualified in its entirety by reference to the copy of the Avrio Lease attached hereto as Exhibit B.

Deadline and attempting to find replacement office space on short notice would be highly disruptive to operations and would needlessly destroy value. Given that the Debtors face a statutory deadline to either assume or reject the Avrio Lease and their assessment of the costs and benefits of the two available options, the Debtors believe that assumption at this time is the only viable course of action. Assumption of the Avrio Lease therefore should be approved pursuant to section 365 of the Bankruptcy Code.

### The Consensual Extension of the Deadline to Assume or Reject the Debtors' Remaining Leases of Nonresidential Real Property Is in the Best Interest of the Debtors' Estates

10.     The Debtors are lessees under various unexpired leases of nonresidential real property identified on <u>Exhibit 1</u> to the Proposed Order (collectively, the "**Extended Deadline Leases**"). As of the date hereof, each of the Extended Deadline Leases are prepetition leases that remain subject to assumption or rejection pursuant to section 365 of the Bankruptcy Code.

11.     Since the Court's entry of the Extension Order, the Debtors, with the assistance of their professional advisors, have diligently continued their strategic review of the Extended Deadline Leases in connection with their efforts to determine whether to assume or reject certain leases and executory contracts in order to preserve and maximize value through these Chapter 11 Cases. In connection with this review process, the Debtors have determined, in an exercise of their sound business judgment, that an extension of the Current 365(d)(4) Deadline with respect to the Extended Deadline Leases is in the best interests of the Debtors and their estates. To that end, the Debtors requested, and the applicable lessors have consented in writing to, extensions of the Current 365(d)(4) Deadline, through and including the date identified for such Extended Deadline Lease on <u>Exhibit 1</u> to the Proposed Order (as applicable, the "**Consensual Deadline**"). Absent the requested relief, the Debtors may be forced to make premature and less than fully-informed decisions regarding the assumption or rejection of the Extended Deadline Leases,

which may have a detrimental impact on the Chapter 11 Cases and the Debtors' business operations.

12.    The Debtors expect to seek authority to assume or reject each of the Extended Deadline Leases before the applicable Consensual Deadline or, in the alternative, to consensually agree to further extend such Consensual Deadline.    The Debtors further request that any Extended Deadline Lease proposed to be assumed by the Debtors by a motion filed on or before the Consensual Deadline not be deemed rejected under section 365(d)(4) of the Bankruptcy Code prior to the Court entering an order granting or denying such motion, irrespective of whether the Court has entered such order prior to the applicable Consensual Deadline.

**Legal Standard for Assumption or Rejection of Executory Contracts and Unexpired Leases**

13.    Section 365(a) of the Bankruptcy Code provides that a debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a).  In determining whether to permit the debtor to assume or reject a contract, "the debtor's interests are paramount."  *COR Route 5 Co., LLC v. Penn Traffic Co. (In re Penn Traffic Co.)*, 524 F.3d 373, 383 (2d Cir. 2008).

14.    The decision to assume or reject is governed by the business judgment rule. *See Grp. of Institutional Inv'rs v. Chicago, Milwaukee, St. Paul & Pac. R.R. Co.*, 318 U.S. 523, 550 (1943) ("[T]he question of whether a lease should be rejected and, if not, on what terms it should be assumed is one of business judgment."); *In re Penn Traffic Co.*, 524 F.3d at 383; *In re Old Carco LLC*, 406 B.R. 180, 188 (Bankr. S.D.N.Y. 2009); *In re Helm*, 335 B.R. 528, 538 (Bankr. S.D.N.Y. 2006); *see also Sharon Steel Corp. v. Nat'l Fuel Gas Distrib. Corp.*, 872 F.2d 36, 39–40 (3d Cir. 1989).  "[T]he process of deciding a motion to assume is one of the bankruptcy court placing itself in the position of the . . . debtor-in-possession and determining

6

whether assuming the contract would be a good business decision or a bad one." *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1099 (2d Cir. 1993); *see also In re The Great Atl. & Pac. Tea Co. Inc.*, 544 B.R. 43, 48 (Bankr. S.D.N.Y. 2016) (same).

15.     A debtor exercises sound business judgment with respect to its decision to assume or reject an executory contract or unexpired lease where it determines, in good faith, that the proposed action will benefit the estate. *See In re MF Global Inc.*, No. 11-2790 (MG), 2011 WL 6792758, at *2 (Bankr. S.D.N.Y. Dec. 20, 2011) ("The assumption or rejection of an executory contract may be approved if such action would benefit the debtor's estate and is an exercise of sound business judgment."). The party opposing a debtor's exercise of its business judgment has the burden of rebutting the presumption of validity. *Official Comm. of Subordinated Bondholders v. Integrated Res., Inc. (In re Integrated Res., Inc.)*, 147 B.R. 650, 656 (S.D.N.Y. 1992), *appeal dismissed*, 3 F.3d 49 (2d Cir. 1993).

16.     Upon finding that the debtor has exercised its sound business judgment in determining that the assumption or rejection of an executory contract or unexpired lease is in the best interests of the debtor, its creditors and all parties in interest, the court should approve such assumption or rejection under section 365(a) of the Bankruptcy Code. *See In re Old Carco*, 406 B.R. at 196 (debtor's decision to assume an unexpired lease or executory contract is a proper exercise of its business judgment if it is "rational" and does not "demonstrate bad faith or whim or caprice"); *Comp. Sales Int'l, Inc. v. Fed. Mogul Global, Inc. (In re Fed. Mogul Global, Inc.)*, 293 B.R. 124, 126 (D. Del. 2003) ("The business judgment test dictates that a court should approve a debtor's decision to reject a contract unless that decision is the product of bad faith or gross abuse of discretion."). Furthermore, "[s]ection 365 enables the trustee [or debtor in

possession] to maximize the value of the debtor's estate by assuming executory contracts and unexpired leases that benefit the estate and rejecting those that do not." *L.R.S.C. Co. v. Rickel Home Ctrs., Inc.* (*In re Rickel Home Ctrs., Inc.*), 209 F.3d 291, 298 (3d Cir. 2000).

### The Requirements of Section 365(b) of the Bankruptcy Code are Satisfied

17.    Pursuant to sections 365(b)(l)(A) and (B) of the Bankruptcy Code, if there has been a default in an unexpired lease, the debtor may not assume such lease unless, at the time of assumption of such lease, the debtor (i) cures or provides adequate assurance that it will promptly cure the default and (ii) compensates or provides adequate assurance of prompt future compensation for actual pecuniary losses resulting from such default.    *See* 11 U.S.C. § 365(b)(l)(A)-(B).

18.    The Debtors will pay the Cure Amount in connection with the assumption of the Avrio Lease, which will satisfy the Debtors' obligations under section 365(b)(1)(A) and (B) of the Bankruptcy Code related to the Avrio Lease.

19.    If there has been a default in an unexpired lease, a debtor must, at the time of assumption, provide adequate assurance of future performance under such lease. *See* 11 U.S.C. § 365(b)(1)(C).  The Avrio Lessor will be paid the Cure Amount upon assumption of the Avrio Lease in full and final satisfaction of all amounts that were payable under the Avrio Lease as of the Petition Date.  In addition, the Debtors respectfully submit that the Debtors' ample liquidity to satisfy future payments and history of timely performance thereunder provides adequate assurance of future performance under the assumed Avrio Lease.

### Debtors' Reservation of Rights

20.    Nothing contained herein or any action taken pursuant to such relief is intended or shall be construed as (a) an admission as to the validity or priority of any claim against the Debtors; (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the

amount of, basis for or validity of any claim against the Debtors; or (c) a waiver of any claims or causes of action which may exist against any creditor or interest holders or any other party. Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended to be and should not be construed as an admission as to the validity or priority of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

## Notice

21.     Notice of this Motion will be provided as to (a) the entities on the Master Service List (as defined in the *Second Amended Order Establishing Certain Notice, Case Management, and Administrative Procedures* entered on November 18, 2019 [Docket No. 498] and available on the Debtors' case website at https://restructuring.primeclerk.com/purduepharma) and (b) any person or entity with a particularized interest in the subject matter of this motion.  The Debtors respectfully submit that no further notice is required.

## No Prior Request

22.     The Debtors have not previously sought the relief requested herein from the Court or any other court.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully request that the Court enter the proposed form

of order, substantially in the form attached hereto, granting the relief requested herein and such

other relief as the Court deems appropriate under the circumstances.


Dated:    March 4, 2020
          New York, New York


DAVIS POLK & WARDWELL LLP

By:   */s/ Eli J. Vonnegut*
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile:  (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut
Christopher S. Robertson

*Counsel to the Debtors
and Debtors in Possession*

10