**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | ) Chapter 11 ) ) Case No. 19-23649 (RDD) ) ) (Jointly Administered) ) ) ) |
| PURDUE PHARMA L.P., *et al.*, | |
| Debtors.[1] | |

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

The court presiding over the prescription opioid litigation in New York state court (the "New York Litigation"), to which the Debtors are parties, has set a phase one liability-only trial on plaintiffs' public nuisance claim against defendants not subject to the automatic stay, which was scheduled to begin on March 20 but was adjourned on March 10 for a few weeks pending further notice as a result of issues with COVID-19. The moving Defendants[2] do not seek to establish any liability of the Debtors, but only request through this motion ("Motion") that this Court confirm that the automatic stay does not prohibit inclusion of the Debtors—specifically,

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Allergan Finance, LLC, AmerisourceBergen Drug Corporation, Bellco Drug Corp., American Medical Distributors, Inc., Anda, Inc., Johnson & Johnson, Janssen Pharmaceuticals, Inc., Ortho-McNeil- Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc., Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc., Cephalon Inc., Teva Pharmaceuticals USA, Inc., Watson Laboratories, Inc., Actavis Pharma, Inc., Actavis LLC, CVS Pharmacy, Inc., Cardinal Health, Inc., Kinray, LLC, Walmart Inc., McKesson Corp., PSS World Medical, Inc., Walgreen Co., Walgreen Eastern Co., Rite Aid of Maryland, Inc. and Rite Aid of New York, Inc.

Purdue Pharma L.P., Purdue Pharma Inc., and Purdue Frederick Company, Inc.—on the jury verdict form solely to apportion fault; in the alternative, they request that the Court grant relief from stay for this limited purpose.

This limited request is less than that anticipated by the New York state court, which contemplated that the parties to that litigation would seek to lift the automatic stay to permit binding adjudication of the Debtors' liability:

> The Court is aware that a suggestion of bankruptcy and subsequent determination from Bankruptcy Court, Judge Robert D. Drain has expanded the automatic bankruptcy stay to include the "Purdue parties" and certain related parties. This Court will honor any stay from that court. However, it is anticipated that counsel may petition that court for relief from the stay for the limited purpose of hearing dispositive motions (summary judgment) and participation in a trial limited to liability.
>
> Bankruptcy Judges have wide discretion in deciding to grant or deny a motion to lift the automatic stay. Those courts consider the interests of judicial economy as well as the expeditious and economical resolution of litigation; readiness of the parties to proceed, the impact of the stay on the parties and the balance of harm.

Ex. 1, *In re Opioid Litig.,* No. 400000/2017, Dkt. 1875 ("11/7/19 Order") at 6.

Defendants do not seek relief from the stay to permit an adjudication binding on the Debtors, but merely seek to ensure that any adjudication of Defendants' own alleged liability does not allocate to them liability that is properly allocable to other alleged tortfeasors, including the Debtors. Defendants' request arises under New York law, which requires a jury in determining liability to allocate fault—*including* among third parties that will not be bound by the judgment. *See*, *e.g.*, *Cabrera v. A-To-Z Signs*, 51 Misc. 3d 963, 967, 28 N.Y.S.3d 567 (Sup. Ct., Westchester Cty. 2016) ("Notably, when a nonparty tortfeasor has declared bankruptcy and, therefore, cannot be joined in a tort action, the nonparty tortfeasor's liability is considered and apportioned."); *Kharmah v Metropolitan Chiropractic Ctr.*, 288 A.D.2d 94, 94, 733 N.Y.S.2d 165, 166 (1st Dep't 2001) ("[W]hile the bankrupt [and severed] defendants will not participate in the trial, equity

2

requires that defendants-appellants have the benefit of CPLR article 16 rights, even though there is an automatic stay by virtue of the bankruptcy.").[3]

Absent allocation to the Debtors, the jury's liability determination will ignore a key segment, resulting in an unfair allocation of this missing segment to Defendants. The automatic stay does not prevent the jury from apportioning fault among all alleged tortfeasors and responsible third parties. Even if it did, equity would demand relief so that the Defendants do not step in for the Debtors. Plaintiffs have alleged Debtors to be the "[t]he taproot of the opioid epidemic" and the "trigger[]" for the "[t]he second wave of the opioid crisis." Ex. 2, *State of New York v. Purdue Pharma, L.P.*, No. 400016/2018, Dkt. 101 ("N.Y. 1st Am. Compl.") ¶¶ 5, 12. Allowing a jury to apportion fault to Defendants for the alleged opioid crisis without considering the fault of the entities plaintiffs themselves have identified as the "taproot" of the epidemic would plainly be unfair and prejudicial to Defendants. Defendants' rights (and likely prejudice thereto absent this requested narrow relief from the automatic stay) should be given great weight here, especially because Defendants do not seek to add the Debtors as parties, or even relief to allow a judgment against them (let alone enforcement or execution on any judgment); Defendants ask only that this Court grant the narrow relief sought so that they are not unfairly held responsible for the share of the alleged liability allegedly attributable to Debtors.

In support of this Motion, Defendants respectfully state as follows:

---

[3] *See also*, *N.Y. City Asbestos Litig. V. A.C. & S.*, 750 N.Y.S.2d 469, 479 (Sup. Ct. N.Y. Cty. 2003) ("'[J]urisdiction' in CPLR 1601 (1) means 'personal jurisdiction,' and . . . the culpability of a bankruptcy, nonparty tortfeasor will be included when calculating the defendant tortfeasors' exposure under CPLR 1601 (1) . . . ."); *Bifaro v. Rockwell Automation*, 269 F. Supp. 143, 149 (W.D.N.Y. 2003) ("[T]he prevailing rule of law in New York would allow the jury to consider the relative culpability of [a bankrupt tortfeasor] in apportioning non-economic damages under CPLR Article 16 . . . .").

3

**Jurisdiction**

1.  This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(G). The statutory predicates for the relief requested herein are 11 U.S.C. §§ 105(a) and 362(d).

**Background**

2.  State and local governments—including in New York—have brought thousands of lawsuits against manufacturers, distributors, and pharmacies concerning the alleged improper sale and distribution of FDA-approved opioid medications. The New York Litigation Coordinating Panel transferred all New York opioid-related actions against the Defendants and Debtors to the Suffolk County Supreme Court for coordination before the Honorable Jerry Garguilo. Ex. 3, *County of Suffolk v. Purdue Pharma, L.P.*, No. 613760/2016, Dkt. 300 ("Consol. Order").

3.  Suffolk County and Nassau County (the "Counties") were among the first New York counties to file suit in the coordinated proceedings. In October 2017, the Counties (and others) filed a Master Long Form Complaint against various manufacturer, distributor, and individual defendants. Purdue was the first named defendant. Ex. 4, *In re Opioid Litig.*, No. 400000/2017, Dkt. 11 ("Master Compl."). In August 2018, the State of New York (together with the Counties, the "Plaintiffs") filed its own lawsuit, naming only one defendant: the Debtors. Ex. 5, *State of New York v. Purdue Pharma, L.P.*, No. 400016/2018, Dkt. 2 ("N.Y. Org. Compl.").

4.  From the outset of the New York Litigation, Plaintiffs have zeroed in on the Debtors as the primary cause of the alleged harms. Plaintiffs identified the Debtors as "[t]he taproot of the opioid epidemic" and the "trigger[]" for the "[t]he second wave of the opioid crisis" in August 2010 when it "released a purportedly 'abuse deterrent' version of OxyContin." Ex. 2, N.Y. 1st

Am. Compl. ¶¶ 5, 12; *see also id.* ¶ 158 (alleging that "Purdue implemented the most pervasive opioids detailing program"). Similarly, the Counties alleged that "Purdue's OxyContin was the clear market leader in prescription opioid therapy." Ex. 4, Master Compl. ¶ 203.

5.   The Counties and the State have since amended their complaints. Ex. 2, N.Y. 1st Am. Compl; *see also* Ex. 6, *County of Suffolk v. Purdue Pharma, L.P.*, No. 400001/2017, Dkt. 332 ("Suffolk Am. Compl."), Ex. 7, *County of Nassau v. Purdue Pharma, L.P.*, No. 400008/2017, Dkt. 69 ("Nassau Am. Compl."). In the amended complaints, the Plaintiffs' allegations remain focused on Purdue as having created a "paradigm shift" in prescribing of opioids that resulted in their alleged harms.

6.   On September 15, 2019, Purdue and its affiliated debtors filed voluntary bankruptcy petitions for chapter 11 relief in this Court and the New York Litigation was subsequently severed and stayed against the Debtors. *See* Ex. 8, *In re Opioid Litig.,* No. 400000/2017, Dkt. 1676 ("10/4/19 Order"); Ex. 9, *In re Opioid Litig.,* No. 400000/2017, Dkt. 3838 ("2/14/20 Order").

7.   Additionally, on October 18, 2019, this Court stayed actions pending against Purdue Pharma L.P. and the other Debtors. Amended Order Pursuant to 11 U.S.C. §105(a), *In re Purdue Pharma L.P.*, Adv. Pro. 19-08289, [Dkt. 89]. On November 6, 2019, this Court extended that stay through April 8, 2020. Second Amended Order Pursuant to 11 U.S.C. §105(a), [Dkt. 105]; *see also* Third Amended Order Pursuant to 11 U.S.C. §105(a), [Dkt. 115].

8.   In early November 2019, the trial court ordered that the claims brought by the Plaintiffs would proceed to trial in a bifurcated fashion. The court ordered that the first phase of the trial would address only liability and would begin on January 20, 2020. Ex. 1, 1/7/19 Order at 3. The trial court eventually rescinded its January 2020 trial date and subsequently ordered a March 2020 trial. In early December 2019, the trial court announced that it "will first try the

5

liability aspects of the 'public or common nuisance' cause of action." Ex. 10, *In re Opioid Litig.*, No. 400000/2017, Dkt.2087 ("Agenda") at 1. At a December 9, 2019 status conference, the trial court reiterated that the trial would proceed on Plaintiffs' public nuisance claims alone. *See* Ex. 11, *In re Opioid Litig.*, No. 400000/2017, 12/9/2019 Hr'g Tr. at 20:9-14, 21:2-4. On March 10, 2020, the Court indicated that it would adjourn the trial for a few weeks pending further notice as a result of issues with COVID-19.

9.      Defendants have sought to postpone the trial to allow time for critical fact and expert discovery, and sought a stay of the trial in the Second Department appellate court, but those motions have been denied.

### Relief Requested

10.     By this Motion, Defendants seek alternatively: (1) a determination that the automatic stay under Section 362(a) of the Bankruptcy Code does not bar Defendants or other parties from including the Debtors on the verdict form as third parties in the New York Litigation for the limited purpose of (i) determining whether any single injury allegedly caused by the Debtors and/or certain Defendants is capable of reasonable apportionment of liability and (ii) apportioning fault; or, in the alternative, (2) relief under Section 362(d), Bankruptcy Rule 4001(a), and Local Bankruptcy Rule 4001-1 to do so.

### Basis for Relief Requested

**I.    The Automatic Stay Does Not Prohibit the Moving Defendants from Including the Debtors on the Verdict Form.**

11.     Including the Debtors on the verdict form would not implicate the automatic stay because the New York trial court has already severed the Debtors from the New York Litigation and ordered that the Debtors' liability will not be determined at the upcoming trial. *See* Ex. 8, 10/4/19 Order at ¶ 1 (severing Purdue Pharma L.P., Purdue Pharma Inc., Rhodes Pharmaceuticals

6

L.P., and Rhodes Technologies from the action); Ex. 9, 2/14/20 Order at 1 (ruling that "the issue as to the liability of all defendants, *except the Purdue and Sackler defendants*, … shall be tried first, in accordance with the prior direction of the court") (emphasis added).

12. The automatic stay prohibits the "continuation … of a judicial, administrative, or other action or proceeding *against the debtor* that was or could have been commenced" before the Petition Date. 11 U.S.C. § 362(a)(1) (emphasis added). But the liability trial is not an action or proceeding against the (severed) Debtors. It will not determine the Debtors' liability, nor will it result in a judgment against the Debtors. Rather, the jury will apportion the Debtors' degree of fault solely to determine the *non*-debtor Defendants' liability. Even if the jury made findings regarding the Debtor's misconduct, that still would not bring the proceeding within the scope of the automatic stay. *See*, *e.g.*, *Variable–Parameter Fixture Dev. Corp. v. Morpheus Lights, Inc.*, 945 F. Supp. 603, 606 (S.D.N.Y. 1996) (holding that magistrate's issuance of report and recommendation, which discussed severed bankruptcy debtor's misconduct when ordering sanctions against non-debtor defendant, did not violate the automatic stay, and that "[d]efendants offer no support for the proposition that a recommendation alone, having no binding legal effect, could violate the automatic stay provisions of the Bankruptcy Code"); *In re Adler*, 395 B.R. 827, 839 (E.D.N.Y. 2008) (holding that state court's findings of fraud by a Chapter 11 debtor severed from the action "did not violate the automatic stay"; rather, stay would be violated only if state court's findings were subsequently "found to be binding against Debtor").

13. Use of a verdict form including the Debtors as allegedly responsible third parties for allocation purposes will not result in a judgment against the Debtors or a binding determination of their liability. Nor will it adversely affect Debtors' creditors for the same reasons. It does not constitute the initiation or continuation of any process against the Debtors, an effort to enforce any

7

judgment against the Debtors, or any effort to create, enforce, or execute on any lien. Nor is it an effort to exercise control over any property of the Debtors. Thus, the automatic stay does not prohibit its use in the New York Litigation.

II. **Cause Exists to Grant Relief from the Automatic Stay for the Limited Purpose of Including Debtors as Third Parties on the Verdict Form in the New York Litigation.**

14. "To prevail on a public nuisance claim under New York law, a plaintiff must show that the defendant's conduct 'amounts to a substantial interference with the exercise of a common right of the public,' thereby 'endangering or injuring the property, health, safety or comfort of a considerable number of persons.'" *In re MTBE Products Liab. Litig.*, 725 F.3d 65, 121 (2d Cir. 2013) (quoting *532 Madison Ave. Gourmet Foods v. Finlandia Ctr., Inc.*, 750 N.E.2d 1097, 727 N.Y.S.2d 49, 56 (2001)). To satisfy the causation requirement in a public nuisance action, a plaintiff must first prove cause-in-fact: "that a defendant, alone or with others, created, contributed to, or maintained the alleged interference with the public right." *City of New York v. A-1 Jewelry & Pawn, Inc.*, 247 F.R.D. 296, 346 (E.D.N.Y. 2007). To show that a defendant "created, contributed to, or maintained" the alleged nuisance, a plaintiff must prove that the defendant "set[] in motion" or was "a force in the sequence of events resulting in injury to the public." *Id.* at 347.

15. Plaintiffs seek to impose joint and several liability on all Defendants. *See* Ex. 12 *In re Opioid Litig.*, No. 400000/2017, Dkt.2087 ("Plt. MSJ"). Whether joint and several liability can apply under New York law depends on certain threshold inquiries, including whether Plaintiffs' alleged harms constitute a single injury and, if so, whether that injury is divisible among the various tortfeasors who caused that single injury. *See Ravo by Ravo v. Rogatnick*, 514 N.E.2d 1104, 1106–08, 520 N.Y.S.2d 533, 535-537 (1987) (even where liability involves a single injury, multiple defendants can be held jointly and severally liable for their "separate acts" only if the injury is "*incapable* of any reasonable or practicable division or allocation" given "their nature")

8

(emphasis added); *see also La Fountaine ex rel. Currie v. Franzese*, 282 A.D.2d 935, 938, 724 N.Y.S.2d 514, 517 (3d Dep't 2001) (apportionment only requires "proof which would provide the jury a nonspeculative basis upon which to make a practical division of plaintiff's injuries").

16. Given the centrality of Debtors' conduct to Plaintiffs' theory of their case, Debtors must be included on the verdict form to ensure that Defendants have the ability to prove that there is a reasonable basis to allocate any single injury amongst the various parties alleged to have caused such an injury, including the Debtors. Apportionment is critical to ensure Defendants are not unfairly allocated fault for harms allegedly caused by the Debtors. "[T]he Court of Appeals has rightly said that 'apportionment of fault is a component of the liability determination." *Schipani v. McLeod*, 541 F.3d 158, 163 (2d Cir. 2008) (quoting *Bryant v. State*, 850 N.E.2d 1161, 7 N.Y.3d 732, 733 (2006)). Thus, apportionment to the Debtors needs to occur in the upcoming trial in all events to prevent the manifest injustice of apportioning fault to Defendants for injuries allegedly caused by Debtors, not Defendants.

17. Section 362(d)(1) of the Bankruptcy Code provides that "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay … for cause, including the lack of adequate protection of an interest in property of such party in interest ...." 11 U.S.C. § 362(d)(1).

18. The United States Court of Appeals for the Second Circuit has identified twelve factors to be considered in determining whether "cause" exists to grant the relief from the automatic stay to continue litigation in another forum: (a) whether relief would result in a partial or complete resolution of the issues; (b) lack of connection with or interference with the bankruptcy case; (c) whether the other proceeding involves the debtor as a fiduciary; (d) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (e) whether

9

the debtor's insurer has assumed full responsibility for defending it; (f) whether the action primarily involves third parties; (g) whether litigation in another forum would prejudice the interests of other creditors; (h) whether the judgment claim arising from the other action is subject to equitable subordination; (i) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (j) the interests of judicial economy and the expeditious and economical resolution of litigation; (k) whether the parties are ready for trial in the other proceeding; and (l) impact of the stay on the parties and the balance of harms.[4]

19.     In light of the *Sonnax* factors, cause exists to grant Defendants relief from the automatic stay to include Debtors Purdue Pharma L.P., Purdue Pharma Inc., and Purdue Frederick Company, Inc. on the verdict form as third parties in the New York Litigation. In particular:

- *lack of connection with or interference with the bankruptcy case* -- This factor weighs dispositively in favor of lifting the stay because Defendants do not seek to bring Debtors into the trial as active defendants, but instead to include them as third parties on the verdict form solely for purposes of determining what portion of the potential liability may not be allocable to Defendants, with no binding liability determination against the Debtors.

- *whether the parties are ready for trial in the other proceeding* -- Although Defendants strongly object to the schedule imposed by the New York trial court because critical fact discovery is incomplete and was not able to be considered in expert discovery, and do not believe the case is trial ready, the state trial court scheduled trial to begin in late March (which was adjourned for a few weeks pending further notice as a result of COVID-19) and refused multiple requests to move the trial date.  Thus, this factor weighs heavily in favor of relief.

- *impact of the stay on the parties and the balance of harms* -- This factor overwhelmingly demands relief from stay.  As noted, the Debtors will not be bound by any apportionment of potential liability as they are not parties to the action.  There is no harm to them from relief.  On the other hand, Defendants will be greatly damaged if they must go to trial with a verdict form that omits the Debtors.  Under New York law, Defendants are not responsible for any

---

[4]     *In re Sonnax Indus., Inc.,* 907 F.2d 1280, 1286 (2d Cir. 1990) (*quoting In re Curtis*, 40 B.R. 795, 799-800 (Bankr. D. Utah 1984)).

10

> share of the liability reasonably apportionable to other parties, including the Debtors. Denying the jury the ability to apportion Defendants' shares of the alleged liability in accordance with New York law would be patently unfair and inequitable. Under New York law, the Defendants cannot be subjected to liability for the Debtors' share of the fault merely because the action against the Debtors is stayed. For this reason, the rights of the Defendants, and potential for significant prejudice thereto, should be given great weight in resolving this motion.

- The remaining factors are largely inapplicable, or greatly outweighed under the circumstances present here. The above factors demonstrate that the automatic stay should be lifted, to the extent necessary, to permit Defendants to include Debtors Purdue Pharma L.P., Purdue Pharma Inc., and Purdue Frederick Company, Inc. on the verdict form as third parties in the action pending against the Defendants in the Supreme Court in the State of New York for the purpose of apportionment.

20. Defendants' requested relief is consistent with decisions reached by courts across the country addressing motions for relief from the automatic stay even for the purpose of establishing the debtor's liability in litigation where debtors are one of multiple alleged wrongdoers. *See*, *e.g.*, *In re Paone*, 401 B.R. 151 (Bankr. M.D. Pa. 2009) (lifting the automatic stay applicable to alleged joint tortfeasor "for the purpose of apportioning liability only"); *In re Dorner*, 125 B.R. 198 (Bankr. N.D. Ohio 1991).

21. In a similar circumstance in *Dorner*, the court held that "[c]onsideration of the relevant equities, however, mandates modification of the injunction. Without it Copper Kettle is precluded from obtaining possible apportionment of liability in the lawsuits. Without apportionment, Kettle is denied the right to setoff the non-economic portion of damages attributable to Debtor's conduct. If the Debtor is not a party to the various lawsuits, Kettle is deprived of its statutory right afforded by Ohio Revised Code Section 2315.19 to have Debtor's liability severed." 125 B.R. at 202.

22. Unlike in *Copper Kettle*, Defendants do not believe it is necessary to include Debtors as active defendants in the trial in order to (i) preserve their apportionment rights and (ii)

11

argue that Debtors' conduct renders joint and several liability inappropriate. And because Debtors would not be defendants in the New York trial, the jury's findings (including those on apportionment) would have no binding effect on Debtors or any parties with claims against them. *See, e.g.*, *Buechel v. Bain*, 766 N.E.2d 914, 919, 740 N.Y.S.2d 252, 303 (2001) ("Collateral estoppel precludes a party from relitigating in a subsequent action or proceeding an issue raised in a prior action or proceeding and decided against that party or those in privity."); *N. Assur. Co. of Am. v. Square D Co.*, 201 F.3d 84, 88 (2d Cir. 2000) ("NYSEG and Square D allegedly are joint tortfeasors and are not in privity…. [F]or preclusion purposes the claim against others who are liable for the same harm is regarded as separate." (quotation marks omitted)). *Compare Zois v. Cooper*, 268 B.R. 890, 893–94 (S.D.N.Y. 2001) (holding preclusion against non-party appropriate because privity did exist between members of partnership where "the interests of the [non-party partner] and [the party partner] were perfectly aligned during" the prior action, and the non-party partner "did participate in the action" even though he "was not a named party"), *aff'd sub nom. In re Zois*, 73 F. App'x 509 (2d Cir. 2003).

23.     But Defendants do need to include Debtors on the verdict form to effectuate their right to apportionment. Thus, as in *Dorner*, the "relevant equities" mandate Defendants' requested relief from the automatic stay.

## Notice

24.     Contemporaneously herewith, Defendants have filed a motion seeking to shorten notice and for an expedited hearing on the Motion, such that the Motion may be heard on March 18, 2020 at 10:00 a.m. (Eastern Time).

## No Prior Request

25.     No prior request for the relief sought herein has been made by or granted to Defendants in this or any other court.

12

**Conclusion**

26.    For the foregoing reasons, Defendants request that this Court enter an order in substantially the form attached hereto as **Exhibit A** and grant such other relief as is appropriate under the circumstances.

Date: March 11, 2020

Respectfully Submitted:

/s/ Claudia Springer
Claudia Springer
REED SMITH LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, Pennsylvania 19103
(215) 851-8100
CSpringer@ReedSmith.com

Paul E. Asfendis
GIBBONS P.C.
One Pennsylvania Plaza
New York, New York  10119
(212) 613-2000
pasfendis@gibbonslaw.com

*Attorneys for Defendants AmerisourceBergen Drug Corporation, Bellco Drug Corp., and American Medical Distributors, Inc.*

/s/ Martha A. Leibell
Martha A. Leibell
MORGAN, LEWIS & BOCKIUS LLP
200 S. Biscayne Blvd., Suite 5300
Miami, FL  33131
(305) 415-3000
martha.leibell@morganlewis.com

Harvey Bartle IV (pro hac vice forthcoming)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103-2921
(215) 963-5000
harvey.bartle@morganlewis.com

/s/ G. Robert Gage, Jr.
G. Robert Gage, Jr.
Gage Spencer & Fleming LLP
410 Park Avenue
New York, New York 10022
Tel: 212-768-4900
Fax: 212-768-3629
grgage@gagespencer.com

*Attorneys for Allergan Finance, LLC*

/s/ Rachel E. Kramer
Rachel E. Kramer
FOLEY & LARDNER LLP
90 Park Avenue
New York, NY 10016
(212) 338-3545
rkramer@foley.com

James W. Matthews
Ana M. Francisco
Katy E. Koski
FOLEY & LARDNER LLP
111 Huntington Avenue
Boston, MA 02199
(617) 342-4000
jmatthews@foley.com
afrancisco@foley.com
kkoski@foley.com

*Counsel for Defendant Anda, Inc.*

/s/ Nathaniel Asher

13

Nancy L. Patterson (pro hac vice forthcoming)
MORGAN, LEWIS & BOCKIUS LLP
1000 Louisiana Street, Suite 4000
Houston, TX 77002-5005
(713) 890-5195
nancy.patterson@morganlewis.com

Pamela C. Holly
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178-0060
(212) 309-6000
pamela.holly@morganlewis.com

*Counsel for Defendants Cephalon Inc., Teva Pharmaceuticals USA, Inc., Watson Laboratories, Inc., Actavis Pharma, Inc., and Actavis LLC*


/s/ Steven M. Pyser
Enu Mainigi
Steven M. Pyser
Ashley W. Hardin
Bradley D. Masters
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
(202) 434-5000
emainigi@wc.com
spyser@wc.com
ahardin@wc.com
bmasters@wc.com

*Attorneys for Defendants Cardinal Health, Inc. and Kinray, LLC*


*/s/ Michael T. Ferruggia*
Michael T. Ferruggia
JONES DAY
250 Vesey Street
New York, NY 10281-1047
(212) 326-3939

Nathaniel Asher
O'MELVENY & MYERS LLP
7 Times Square
New York, NY 10036
(212) 326-2000
nasher@omm.com

*Attorneys for Johnson & Johnson, Janssen Pharmaceuticals, Inc., Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc., and Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc.*


/s/ Shawn P. Naunton
Shawn P. Naunton
Devon Galloway
ZUCKERMAN SPAEDER LLP
485 Madison Avenue, 10th Floor
New York, NY 10022
(212) 704-9600
Fax: (917) 261-5864
snaunton@zuckerman.com
dgalloway@zuckerman.com

William J. Murphy
100 East Pratt Street, Suite 2240
Baltimore, MD 21202
(410) 332-0444
Fax: (410) 659-0436
wmurphy@zuckerman.com

Adam L. Fotiades
Anthony M. Ruiz
Graeme W. Bush
1800 M Street, NW, Suite 1000
Washington, DC 20036
(202) 778-1800
Fax: (202) 822-8106
afotiades@zuckerman.com
aruiz@zuckerman.com
gbush@zuckerman.com

*Counsel for CVS Pharmacy, Inc.*

Fax: (212) 755-7306
mferruggia@jonesday.com

Christopher Lovrien
Sarah G. Conway
JONES DAY
555 S. Flower St., 50th Floor
Los Angeles, CA 90071
(213) 243-2629
Fax: (213) 243-2539
cjlovrien@jonesday.com
sgconway@jonesday.com

*Counsel for Walmart Inc.*


/s/ Carolyn Silane
Carolyn Silane
101 Park Avenue
New York, NY 10178
(212)-309-6612
Fax: (212) 309-6001
Carolyn.silane@morganlewis.com

John P. Lavelle, Jr.*
Coleen M. Meehan*
1701 Market Street
Philadelphia, PA 19103
(215) 963-4824
Fax: (215) 963-5001
John.lavelle@morganlewis.com
Coleen.meehan@morganlewis.com

*Counsel for Rite Aid of Maryland, Inc. and Rite Aid of New York, Inc.*

\* counsel who will seek pro hac vice admission

*/s/ Paul W. Schmidt*
Paul W. Schmidt
David A. Luttinger, Jr.
Shailee Diwanji Sharma
Alexander Setzepfandt
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018
(212) 841-1000
pschmidt@cov.com
dluttinger@cov.com
ssharma@cov.com
asetzepfandt@cov.com

*Attorneys for Defendant McKesson Corp. and PSS World Medical, Inc.*


/s/ Joseph D. Frank
Joseph D. Frank (IL Bar No. 6216085
Jeremy C. Kleinman (IL Bar No. 6270080)
FRANKGECKER LLP
1327 W. Washington Blvd., Suite 5 G-H
Chicago, Illinois 60607
Telephone: (312) 276-1400
Facsimile:  (312) 276-0035
Email: jfrank@fgllp.com
Email: jkleinman@fgllp.com

*Counsel for Defendants Walgreen Co., and Walgreen Eastern Co.*

## Exhibit A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| PURDUE PHARMA L.P., *et al.*, | ) | Case No. 19-23649 (RDD) |
|  | ) |  |
| Debtors.[1] | ) | (Jointly Administered) |
|  | ) |  |
|  | ) |  |
|  | ) |  |

**ORDER GRANTING**
**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

Upon the motion (the "Motion")[2] of Defendants for entry of an order (the "Order") granting Defendants relief from the automatic stay to permit the Defendants to include Debtors Purdue Pharma, L.P., Purdue Pharma Inc., and Purdue Frederick Company, Inc. on the verdict form as third parties in the action pending against the Defendants in the Supreme Court in the State of New York for the purpose of apportionment; and the Court having held a hearing on [●], 2020 (the "Hearing") on the Motion and having considered the arguments of counsel made, and the evidence submitted, proffered or adduced at the Hearing; and the Court finding that: (a) it has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C. J.), (b) venue

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

of these cases and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 140, (c) this is a core proceeding pursuant to 28 U.S.C. § 157(b) and the Court may decide by a final order consistent with Article III of the United States Constitution, (d) proper and adequate notice of the Motion and the Hearing has been given and no other or further notice is necessary, and (e) the relief requested in the Motion as modified hereby is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and the Court having determined that the factual and legal bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The Court finds that the automatic stay pursuant to Section 362 of the Bankruptcy Code does not prevent Movants or other parties from including Debtors Purdue Pharma L.P., Purdue Pharma Inc., and Purdue Frederick Company, Inc. as third parties on the verdict form in the action pending against the Defendants in the New York Litigation for the purpose of apportionment of liability.

3. To the extent it applies, the automatic stay pursuant to section 362 of the Bankruptcy Code, is hereby lifted with regard to granting Defendants relief from the automatic stay to include Debtors Purdue Pharma L.P., Purdue Pharma Inc., and Purdue Frederick Company, Inc. as third parties on the verdict form in the action pending against the Defendants in the New York Litigation for the purpose of apportionment of liability.

4. Defendants are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

5.    Notwithstanding the relief granted in this Order and any actions taken pursuant to this Order, nothing in this Order shall (a) be deemed an admission by Defendants as to the validity or enforceability of any claim against the other or (b) create, or is intended to create, any rights in favor of, or enhance the status of, any claim held by any person or entity.

6.    Notwithstanding any applicability of any Bankruptcy Rules, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7.    Notwithstanding Bankruptcy Rule 4001(a)(3), the provisions of this Order shall take effect immediately upon its entry.

8.    The requirements pursuant to Rule 9013-1(b) of the Local Bankruptcy Rules are deemed satisfied.

9.    This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and enforcement of this Order.

White Plains, New York
Dated: _____, 2020

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE