UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PURDUE PHARMA L.P., *et al.*, | ) | Case No. 19-23649 (RDD) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |

**DEFENDANTS' MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

The Defendants[2] respectfully submit this motion (this "Motion") for entry of an order (the "Order") to shorten notice and schedule an expedited hearing on the *Motion for Relief from the Automatic Stay* (the "Lift Stay Motion"). In support of this Motion, the Defendants respectfully state as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested herein is Rule 9006(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Lift Stay Motion (as defined herein).

**Background**

2.      The Debtors are parties to the New York Litigation, which has set a phase one liability-only trial on plaintiffs' opioid-related public nuisance claim, which was scheduled to begin on March 20, 2020 but was adjourned by administrative order of the Chief Administrative Judge on March 10 for a few weeks pending further notice as a result of issues with COVID-19 (the "Trial"). Ex. 6, 3/10/20 Administrative Order. Debtors have been severed from the case set to go to trial and the proceeding is stayed as to the Debtors. As set forth in the Lift Stay Motion, the Defendants do not seek to establish any liability of the Debtors in connection with the Trial, but request only that this Court confirm that the automatic stay does not prohibit inclusion of the Debtors on the jury verdict form as third parties solely for the purpose of apportioning fault (which apportionment will not be binding on Debtors). In the alternative, the Defendants request in the Lift Stay Motion that the Court grant relief from stay for this limited purpose.

3.      On September 15, 2019, the Debtors filed voluntary bankruptcy petitions for chapter 11 relief in this Court and the New York Litigation was subsequently severed and stayed against the Debtors. See Ex. 1, *In re Opioid Litig.*, No. 400000/2017, Dkt. 1676 ("10/4/19 Order"); Ex. 2, *In re Opioid Litig.*, No. 400000/2017, Dkt. 3838 ("2/14/20 Order").

4.      Additionally, on October 11, 2019, this Court stayed actions pending against Purdue Pharma L.P. and the other Debtors. Amended Order Pursuant to 11 U.S.C. §105(a), *In re Purdue Pharma L.P.*, Adv. Pro. 19-08289 [Dkt. 89]. On November 6, 2019, this Court extended that stay through April 8, 2020. Second Amended Order Pursuant to 11 U.S.C. §105(a) [Dkt. 105]; *see also* Third Amended Order Pursuant to 11 U.S.C. §105(a) [Dkt. 115].

5.      In early November 2019, the trial court in the New York Litigation ordered that the claims brought by the plaintiffs would proceed to trial against the non-severed parties (i.e., all Defendants except Debtors) in a bifurcated fashion. That court ordered that the first phase of the trial would address only liability, and would begin on January 20, 2020. Ex. 3 at 3, *In re Opioid Litig.*, No. 400000/2017, Dkt. 1875, ("11/07/19 Order"). The trial court eventually rescinded its January 2020 trial date, and subsequently ordered a March 2020 trial. In early December 2019, the trial court announced that it "will first try the liability aspects of the 'public or common nuisance' cause of action." Ex. 5 at 1, *In re Opioid Litig.*, No. 400000/2017, 12/9/2019 Hr'g Tr. at 20:9-14, 21:2-4. At a December 9, 2019 status conference, the trial court reiterated that the trial would proceed on the plaintiffs' public nuisance claims alone. *See* Hr'g Tr. at 20:9-14, 21:2-4, *In re Opioid Litig.*, No. 400000/2017 (N.Y. Sup. Ct. Dec. 9, 2019). On March 10, 2020, the Court indicated that it the Chief Administrative Judge had ordered the Trial adjourned for a few weeks pending further notice as a result of issues with COVID-19. Ex. 6, Administrative Order. The trial court suggested that it will set a trial date within weeks if it is able to do so pending developments with COVID-19.

6.      Critically, the Defendants have sought to postpone the Trial to allow time for critical fact and expert discovery, and even sought a stay of the Trial in the Second Department appellate court. However, those motions have been denied. Although the March 20 trial date was adjourned, in light of the trial court's comments about the Administrative Order and its desire to re-set trial as soon as practical, Defendants do not expect that Trial will be adjourned for a long enough time period to allow this motion to be heard at the next omnibus hearing on April 22, 2020. Indeed, upon receiving the Administrative Order at yesterday's hearing, the New York trial court judge said: "As soon as there's a lifting, a significant move, either by the Governor's office or

3

OCA, in a New York City instant this Court is going to schedule a trial. This Court has been anxious to move this case to trial." Ex. 7, 3/10/20 Transcript. The next status hearing in the New York litigation is scheduled for April 14, 2020 and Defendants expect issues associated with the verdict form, including Debtors' inclusion on the verdict form, will be addressed at and leading up to that hearing.

## Relief Requested and Basis for Relief

7.      By this Motion, the Defendants request entry of an order to shorten notice and schedule an expedited hearing on the Lift Stay Motion for March 18, 2020, at 10:00 a.m., prevailing Eastern Time, with objections to be filed and served by March 16, 2020, at 5:00 p.m., prevailing Eastern Time, pursuant to Bankruptcy Rule 9006(c).

8.      Bankruptcy Rule 9006(c)(1) authorizes the Court to reduce the notice period "for cause shown." Because the Trial is imminent and the parties and Court are in the process of considering and finalizing the verdict form, the Defendants submit that there is "cause" for the Court to shorten notice and schedule an expedited hearing on the Lift Stay Motion. Moreover, as mentioned above, the Defendants have made efforts to postpone the Trial, even seeking a stay of the Trial in the Second Department appellate court. However, those motions have been denied, resulting in Defendants requesting shortened notice from this Court in respect of the relief Defendants now seek through the Lift Stay Motion.

9.      As discussed further in the Lift Stay Motion, absent a non-binding allocation of fault to the Debtors, the jury's liability determination will ignore a key alleged contributor to the public nuisance, potentially resulting in an unfair allocation of this missing segment to Defendants. Defendants do not seek to add the Debtors as parties, or even relief to allow a judgment against them, (let alone enforcement or execution on any judgment); Defendant ask only that this Court

4

grant the narrow relief sought so that they are not unfairly held responsible for the share of the alleged liability allegedly attributable to Debtors.

10. In light of the foregoing, it remains critical that the Defendants have the opportunity to preserve their rights prior to the start of the New York trial. The Lift Stay Motion consequently must be heard and decided on an expedited basis to ensure that there can be a final adjudication in advance of the Trial.

## Memorandum of Law

11. The Lift Stay Motion includes citations to the applicable authorities and does not raise any novel issues of law. Accordingly, the Defendants submit that no separate memorandum of law is required pursuant to Rule 9013-1 of the Local Bankruptcy Rules.

## No Prior Request

12. No prior request for the relief sought herein has been made by or granted to Defendants in this or any other court.

## Conclusion

13. For the foregoing reasons, Defendants request that this Court enter an order in substantially the form attached hereto as **Exhibit A** and grant such other relief as is appropriate under the circumstances.

******

Date: March 11, 2020

Respectfully Submitted:

/s/ Claudia Springer/s/ G. Robert Gage, Jr.
Claudia SpringerG. Robert Gage, Jr.
REED SMITH LLPGage Spencer & Fleming LLP
Three Logan Square410 Park Avenue
1717 Arch Street, Suite 3100New York, New York 10022

Philadelphia, Pennsylvania 19103
(215) 851-8100
CSpringer@ReedSmith.com

Paul E. Asfendis
GIBBONS P.C.
One Pennsylvania Plaza
New York, New York  10119
(212) 613-2000
pasfendis@gibbonslaw.com

*Attorneys for Defendants AmerisourceBergen Drug Corporation, Bellco Drug Corp., and American Medical Distributors, Inc.*


/s/ Martha A. Leibell
Martha A. Leibell
MORGAN, LEWIS & BOCKIUS LLP
200 S. Biscayne Blvd., Suite 5300
Miami, FL  33131
(305) 415-3000
martha.leibell@morganlewis.com

Harvey Bartle IV (pro hac vice forthcoming)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103-2921
(215) 963-5000
harvey.bartle@morganlewis.com

Nancy L. Patterson (pro hac vice forthcoming)
MORGAN, LEWIS & BOCKIUS LLP
1000 Louisiana Street, Suite 4000
Houston, TX 77002-5005
(713) 890-5195
nancy.patterson@morganlewis.com

Pamela C. Holly
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178-0060
(212) 309-6000
pamela.holly@morganlewis.com

Tel: 212-768-4900
Fax: 212-768-3629
grgage@gagespencer.com

*Attorneys for Allergan Finance, LLC*


/s/ Rachel E. Kramer
Rachel E. Kramer
FOLEY & LARDNER LLP
90 Park Avenue
New York, NY 10016
(212) 338-3545
rkramer@foley.com

James W. Matthews
Ana M. Francisco
Katy E. Koski
FOLEY & LARDNER LLP
111 Huntington Avenue
Boston, MA 02199
(617) 342-4000
jmatthews@foley.com
afrancisco@foley.com
kkoski@foley.com

*Counsel for Defendant Anda, Inc.*


/s/ Nathaniel Asher
Nathaniel Asher
O'MELVENY & MYERS LLP
7 Times Square
New York, NY  10036
(212) 326-2000
nasher@omm.com

*Attorneys for Johnson & Johnson, Janssen Pharmaceuticals, Inc., Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc., and Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc.*


/s/ Shawn P. Naunton

6

*Counsel for Defendants Cephalon Inc., Teva Pharmaceuticals USA, Inc., Watson Laboratories, Inc., Actavis Pharma, Inc., and Actavis LLC*

/s/ Steven M. Pyser
Enu Mainigi
Steven M. Pyser
Ashley W. Hardin
Bradley D. Masters
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
(202) 434-5000
emainigi@wc.com
spyser@wc.com
ahardin@wc.com
bmasters@wc.com

*Attorneys for Defendants Cardinal Health, Inc. and Kinray, LLC*

*/s/ Michael T. Ferruggia*
Michael T. Ferruggia
JONES DAY
250 Vesey Street
New York, NY 10281-1047
(212) 326-3939
Fax: (212) 755-7306
mferruggia@jonesday.com

Christopher Lovrien
Sarah G. Conway
JONES DAY
555 S. Flower St., 50th Floor
Los Angeles, CA 90071
(213) 243-2629
Fax: (213) 243-2539
cjlovrien@jonesday.com
sgconway@jonesday.com

*Counsel for Walmart Inc.*

Shawn P. Naunton
Devon Galloway
ZUCKERMAN SPAEDER LLP
485 Madison Avenue, 10th Floor
New York, NY 10022
(212) 704-9600
Fax: (917) 261-5864
snaunton@zuckerman.com
dgalloway@zuckerman.com

William J. Murphy
100 East Pratt Street, Suite 2240
Baltimore, MD 21202
(410) 332-0444
Fax: (410) 659-0436
wmurphy@zuckerman.com

Adam L. Fotiades
Anthony M. Ruiz
Graeme W. Bush
1800 M Street, NW, Suite 1000
Washington, DC 20036
(202) 778-1800
Fax: (202) 822-8106
afotiades@zuckerman.com
aruiz@zuckerman.com
gbush@zuckerman.com

*Counsel for CVS Pharmacy, Inc.*

*/s/ Paul W. Schmidt*
Paul W. Schmidt
David A. Luttinger, Jr.
Shailee Diwanji Sharma
Alexander Setzepfandt
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018
(212) 841-1000
pschmidt@cov.com
dluttinger@cov.com
ssharma@cov.com
asetzepfandt@cov.com

7

/s/ Carolyn Silane
Carolyn Silane
101 Park Avenue
New York, NY 10178
(212)-309-6612
Fax: (212) 309-6001
Carolyn.silane@morganlewis.com

John P. Lavelle, Jr.*
Coleen M. Meehan*
1701 Market Street
Philadelphia, PA 19103
(215) 963-4824
Fax: (215) 963-5001
John.lavelle@morganlewis.com
Coleen.meehan@morganlewis.com

*Counsel for Rite Aid of Maryland, Inc. and Rite Aid of New York, Inc.*

\* counsel who will seek pro hac vice admission

*Attorneys for Defendant McKesson Corp. and PSS World Medical, Inc.*

/s/ Joseph D. Frank
Joseph D. Frank (IL Bar No. 6216085
Jeremy C. Kleinman (IL Bar No. 6270080)
FRANKGECKER LLP
1327 W. Washington Blvd., Suite 5 G-H
Chicago, Illinois 60607
Telephone: (312) 276-1400
Facsimile:  (312) 276-0035
Email: jfrank@fgllp.com
Email: jkleinman@fgllp.com

*Counsel for Defendants Walgreen Co., and Walgreen Eastern Co.*

8

## Exhibit A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| PURDUE PHARMA L.P., *et al.*, | ) Case No. 19-23649 (RDD) |
|  | ) |
| Debtors.[1] | ) (Jointly Administered) |
|  | ) |

**ORDER TO SHORTEN NOTICE AND SCHEDULE AN EXPEDITED HEARING
ON THE DEFENDANTS MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

Upon the motion (the "Motion")[2] of Defendants for entry of an order (the "Order") to shorten notice and schedule an expedited hearing on *Motion for Relief from the Automatic Stay* (the "Lift Stay Motion"); and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED to the extent provided herein.

2. The Lift Stay Motion shall be heard on March 18, 2020, at 10:00 a.m. prevailing Eastern Time. Objections to the relief requested in the Lift Stay Motion shall be filed and served no later than March 16, 2020, at 5:00 p.m., prevailing Eastern Time.

3. The Defendants are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

4. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) are waived.

5. The requirements pursuant to Rule 9013-1 of the Local Bankruptcy Rules are deemed satisfied.

6. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and enforcement of this Order.

White Plains, New York
Dated: _____, 2020

                                                      THE HONORABLE ROBERT D. DRAIN
                                                      UNITED STATES BANKRUPTCY JUDGE