**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.**, *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

**SUMMARY STATEMENT FOR FIRST INTERIM FEE APPLICATION
OF DECHERT LLP, SPECIAL COUNSEL FOR THE DEBTORS,
FOR COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND
REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED**

| | |
|---|---|
| Name of applicant | Dechert LLP |
| Name of client | Purdue Debtors and Debtors in Possession |
| Time period covered by this application | September 15, 2019 through and including January 31, 2020 |
| Total compensation sought this period | $5,252,892.22[2] |
| Total expenses sought this period | $815,614.96[3] |
| Petition date | September 15, 2019 |
| Retention date | *nunc pro tunc* to November 21, 2019 |
| Date of order approving employment | November 21, 2019 |

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014).  The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2]    This amount reflects a reduction in fees in the amount of $1,256,235.52 on account of voluntary discounts for aggregate fees as described in the *Application of Debtors for Authority to Retain and Employ Dechert LLP as Special Counsel to the Debtors* Nunc Pro Tunc *to the Petition Date* [Docket No. 424] (the "**Retention Application**") and a voluntary discount of $1,130 for services relating to educating attorneys regarding bankruptcy billing practices.  Additionally, this amount is $1,659.10 less than the aggregate amount of the Monthly Fee Statements due to minor mistakes in use of billing rates as reflected in fns. 2-5 to Exhibit C.

[3]    This amount reflects an adjustment in meal expenses, lowering the amount sought for individual meals to $20.

| | |
|---|---|
| Total compensation approved by interim order to date | N/A |
| Total expenses approved by interim order to date | N/A |
| Total allowed compensation paid to date | $0 |
| Total allowed expenses paid to date | $0 |
| Blended rate in this application for all attorneys | $833.81 |
| Blended rate in this application for all timekeepers | $747.20 |
| Compensation sought in this application already paid (or credited against prepetition retainer) pursuant to a monthly compensation order but not yet allowed | $4,203,641.06[4] |
| Expenses sought in this application already paid (or credited against prepetition retainer) pursuant to a monthly compensation order but not yet allowed | $816,316.56[5] |
| Number of professionals included in this application | 98 |
| If applicable, number of professionals in this application not included in staffing plan approved by client | 79[6] |
| If applicable, difference between fees budgeted and compensation sought for this period | Amount Budgeted: $15,100,000 – $15,430,000 Amount Sought: $5,252,892.22 |
| Number of professionals billing fewer than 15 hours to the case during this period | 29 |
| Are any rates higher than those approved or disclosed at retention? If yes, calculate and disclose the total compensation sought in this application using the rates originally disclosed in the retention application | No. |

This is a(n):      _____Monthly      __X__Interim      _____Final application.

This application includes 324 hours with a value of $103,014 incurred in connection with the preparation of Fee Applications for the Debtors.

---

[4]    This amount assumes no objections are raised to Dechert's Fifth Monthly Fee Statement for the Period from January 1, 2020 Through January 31, 2020 [ECF No. 912].

[5]    This amount assumes no objections are raised to Dechert's Fifth Monthly Fee Statement for the Period from January 1, 2020 Through January 31, 2020 [ECF No. 912].

[6]     While the staffing plan did not accurately anticipate the volume of timekeepers for the required services, that did not adversely impact the budgeted amounts as Dechert's services were significantly below budget.

## SUMMARY OF MONTHLY FEE STATEMENTS

| Application | Total Compensation and Expenses Incurred for Period Covered | | | Total Amount Requested in Fee Statements | | Total Unpaid |
| --- | --- | --- | --- | --- | --- | --- |
| **Date Filed/Docket No.** | **Period Covered** | **Total Fees** | **Expenses** | **Fees (80%)** | **Expenses (100%)** | **Fees and Expenses** |
| 12/06/2019 Docket No. 623 | 09/15/2019- 09/30/2019 | $1,510,983.10 | $33,646.72 | $1,208,786.48 | $33,646.72 | $302,196.62 |
| 12/14/2019 Docket No. 651 | 10/01/2019- 10/31/2019 | $1,674,849.20 | $201,678.29 | $1,339,879.36 | $201,678.29 | $334,969.84 |
| 02/08/2020 Docket No. 816 | 11/01/2019- 11/30/2019 | $690,779.50 | $22,646.25 | $552,623.60 | $22,646.25 | $138,155.90 |
| 02/27/2020 Docket No. 885 | 12/01/2019- 12/31/2019 | $674,320.57 | $456,667.48 | $539,456.46 | $456,667.48 | $134,864.11 |
| 03/12/2020 Docket No. 912 | 01/01/2020- 01/31/2020 | $703,618.95 | $101,677.82 | $562,895.16 | $101,677.82 | $140,723.79 |
| **Totals:** | | **$5,254,551.32** | **$816,316.56** | **$4,203,641.06** | **$816,316.56** | **$1,050,910.26** |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | **Chapter 11** |
| **PURDUE PHARMA L.P.**, *et al.*, | **Case No. 19-23649 (RDD)** |
| Debtors.[1] | **(Jointly Administered)** |

### FIRST INTERIM FEE APPLICATION OF DECHERT LLP, AS 327(e) SPECIAL COUNSEL, FOR COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED DURING THE PERIOD SEPTEMBER 15, 2019 THROUGH JANUARY 31, 2020

Dechert LLP ("**Dechert**"), as the retained special counsel to Purdue Pharma L.P.

and its affiliated debtors ("**Purdue**" or the "**Debtors**") in the above captioned chapter 11 cases

(the "**Case**"), hereby files this application (the "**Application**") pursuant to sections 330 and 331

of chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 et seq. (the "**Bankruptcy**

**Code**") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"),

and the Order Pursuant to Section 327(e) and 328(a) of the Bankruptcy Code Authorizing the

Employment and Retention of Dechert LLP, as Special Counsel to the Debtors, *Nunc Pro Tunc*

to September 15, 2019 (the "**Petition Date**"), dated November 21, 2019 [Docket No. 525] (the

"**Retention Order**", a copy of which is annexed hereto as <u>Exhibit A</u>), for an award of

---

[1]   The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014).  The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

compensation for professional services rendered to the Debtors in the amount of $5,252,892.22[2],

incurred during the period from September 15, 2019 through January 31, 2020 (the

"**Compensation Period**"), and reimbursement of disbursements incurred during that same

period in the amount of $815,614.96[3].

## BACKGROUND

### A. The Chapter 11 Cases

1.     On or about the Petition Date, the Debtors filed voluntary cases under

chapter 11 of the Bankruptcy Code.  The Debtors' chapter 11 cases have been consolidated for

procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the

Bankruptcy Rules.  The Debtors are authorized to operate their businesses and manage their

properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy

Code.

2.     On September 27, 2019, the United States Trustee for the Southern

District of New York (the "**U.S. Trustee**") appointed the Official Committee of Unsecured

Creditors (the "**UCC**") pursuant to section 1102 of the Bankruptcy Code [Docket No. 131]. No

trustee or examiner was appointed in the Case.

---

[2]     This amount reflects a reduction in fees in the amount of $1,256,235.52 on account of voluntary discounts for aggregate fees as described in the *Application of Debtors for Authority to Retain and Employ Dechert LLP as Special Counsel to the Debtors* Nunc Pro Tunc *to the Petition Date* [Docket No. 424] (the "**Retention Application**") and a voluntary discount of $1,130 for services relating to educating attorneys regarding bankruptcy billing practices.  Additionally, this amount is $1,659.10 less than the aggregate amount of the Monthly Fee Statements due to minor mistakes in use of billing rates as reflected in fns. 2-5 to Exhibit C.

[3]     This amount reflects an adjustment in meal expenses, lowering the amount sought for individual meals to $20.

**B.  The Debtor's Business**

3.      The Debtors are pharmaceutical companies that manufactured, sold, or distributed, among other products, extended release, long-acting, abuse-deterrent opioid pain medications.

4.      Additional information about the Debtors' businesses and the events leading up to the Petition Date can be found in the *Debtors' Informational Brief* [Docket No. 17] filed on September 16, 2019.

## JURISDICTION

5.      The Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this court pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

6.      The statutory predicates for the relief requested herein are sections 330 and 331 of the Bankruptcy Code, Rule 2016 of the Bankruptcy Rules, and rule 2016-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "**Local Rules**").  By this Application, Dechert respectfully seeks Court approval and allowance of reasonable compensation for professional services rendered to the Debtors during the Compensation Period in the aggregate amount of $5,252,892.22 and for reimbursement of actual and necessary expenses incurred in connection with the rendition of such services in the amount of $815,614.96.

3

## **BASIS FOR RELIEF**

### A. **Dechert's Retention**

7.    On November 5, 2019, the Debtors filed their Application of the Debtors

Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and Rule 2014 of the Federal

Rules of Bankruptcy Procedure for Authorization to Employ and Retain Dechert LLP, as Special

Counsel to the Debtors, *Nunc Pro Tunc* to the Petition Date [Docket No. 424]. The Court

entered the Retention Order on November 21, 2019. [Docket No. 525; Exhibit A hereto].

8.    The Order Granting Motion Establishing Procedures for Interim Monthly

Compensation and Reimbursement of Expenses of Professionals [Docket No. 529] (the "**Interim**

**Compensation Order**"), entered by the court on November 21, 2019, outlines the procedures

that all professionals must follow in order to receive compensation and reimbursement of

expenses for services provided to the Debtors.

9.    Dechert is a full service law firm with well-developed practices in the

areas of product liability and mass torts, business restructuring and reorganization, corporate and

securities, complex commercial litigation, finance and real estate and financial services.

### B. **Compensation**

10.    This Application is Dechert LLP's first application for interim

compensation and reimbursement of expenses as special counsel in these chapter 11 cases.

11.    Pursuant to the Interim Compensation Order, during the Compensation

Period, Dechert filed five (5) fee statements (the "**Monthly Fee Statements**") with the Court as

follows:

>    a.    On December 6, 2019, Dechert filed its First Monthly Fee Statement for
>         the Period from September 15, 2019 Through September 30, 2019 [ECF
>         No. 623] (the "**September Fee Statement**"). The September Fee

4

Statement reflected fees in the amount of $1,510,983.10 and expenses incurred in the amount of $33,646.72.

b.  On December 14, 2019, Dechert filed its Second Monthly Fee Statement for the Period from October 1, 2019 Through October 31, 2019 [ECF No. 651] (the "**October Fee Statement**").  The October Fee Statement reflected fees in the amount of $1,674,849.20 and expenses in the amount of $201,678.29.

c.  On February 8, 2020, Dechert filed its Third Monthly Fee Statement for the Period from November 1, 2019 Through November 30, 2019 [ECF No. 816] (the "**November Fee Statement**").  The November Fee Statement reflected fees in the amount of $690,779.50 and expenses in the amount of $22,646.25.

d.  On February 27, 2020, Dechert filed its Fourth Monthly Fee Statement for the Period from December 1, 2019 Through December 31, 2019 [ECF No. 885] (the "**December Fee Statement**").  The December Fee Statement reflected fees in the amount of $674,320.57 and expenses in the amount of $456,667.48.

e.  On March 12, 2020, Dechert filed its Fifth Monthly Fee Statement for the Period from January 1, 2020 Through January 31, 2020 [ECF No. 912] (the "**January Fee Statement**").  The January Fee Statement reflected fees in the amount of $703,618.95 and expenses in the amount of $101,677.82.

12.    In total, therefore, Dechert has submitted Monthly Fee Statements during the Compensation Period for fees of $5,252,892.22 and expenses of $815,614.96.  As of the date of this Application, no party-in-interest has objected to Dechert's First, Second, Third, and Fourth Monthly Fee Statements.  Consistent with the Interim Compensation Order, Dechert applied 80% of fees and 100% of expenses for each of the Monthly Fee Statements to the Retainer and the Expense Trust Account, as these terms are defined in the Retention Application.

13.    By this Application Dechert seeks compensation for the fair and reasonable fees and expenses incurred by Dechert to the estates of the Debtors during the Compensation Period.  The compensation requested herein is based on discounted regular hourly rates consistent with discounted rates provided for complex mass tort cases generating similar

5

volume of legal fees and reflects the time, labor, and expertise brought to bear on the problems

presented, and is either in line with, or lower than the rates charged by similar firms operating in

a competitive market for legal services of the type involved in this case.

14.     This Application does not detail every correspondence, drafting session,

meeting, discussion, or conference held, all research conducted, or each of the numerous tasks

performed by Dechert.  Those matters are set forth in detail in the contemporaneous time records

filed with Dechert's Monthly Fee Statements and are incorporated herein by reference. In

addition, detail for expenses that were incurred by Dechert during the Compensation Period were

included in Dechert's Monthly Fee Statements and are incorporated herein by reference. All such

expenses are reflected in the books and records of Dechert, which are contemporaneously

maintained in the ordinary course of its business.

15.     The professional services for which compensation is sought were rendered

in the ordinary course of the Debtors' business and solely on behalf of the Debtors.

16.     By this Application, Dechert seeks allowance in full of interim

compensation for professional services rendered to the Debtors during the Compensation Period,

in the aggregate amount of $5,252,892.22 and for reimbursement of actual, necessary expenses

incurred in connection with such services in the amount of $815,614.96.  During the

Compensation Period, Dechert attorneys and paraprofessionals expended a total of 8,713.60

hours for which compensation is requested.

## C.  **Applicable Authority**

17.     Dechert LLP prepared this Application in accordance with: (a) the

Administrative Order Re: Amended Guidelines for Fees and Disbursements of Professionals in

Southern District of New York Bankruptcy Cases, adopted by the Court on January 25, 2013 and

6

effective as of February 5, 2013 (the "**Local Guidelines**"); (b) the United States Trustee

Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed

Under 11 U.S.C. § 330, adopted on May 17, 1996 and June 11, 2013 (the "**UST Guidelines**",

and together with the Local Guidelines and the Interim Compensation Order, the "**Guidelines**");

and (c) the Interim Compensation Order.  Pursuant to the Local Guidelines, a certification

regarding compliance with the Guidelines is annexed hereto as <u>Exhibit B</u>.

## SUMMARY OF PROFESSIONAL COMPENSATION
## AND REIMBURSEMENT OF EXPENSES REQUESTED

18.    Dechert believes that the fair and reasonable (and discounted) value of its

professional services rendered during the Compensation Period is $5,252,892.22.  Based upon

the total attorneys' and paraprofessionals' time expended, and a resulting blended hourly rate of

$747.20 for professionals, Dechert believes the compensation requested herein to be reasonable

and appropriate.

19.    Dechert also seeks reimbursement of its actual, reasonable, and necessary

out-of-pocket expenses in the aggregate amount of $815,614.96.  These expenses were incurred

during the course of rendering professional services on behalf of the Debtors during the

Compensation Period.

20.    Dechert has utilized its existing hourly rate structure and has calculated its

request for compensation by multiplying the hours of time spent on services rendered on behalf

of the Debtors by the discounted hourly rate assigned to each attorney or paraprofessional

rendering such services.  Dechert respectfully submits that the fees sought herein are less than

customary and based on its normal criteria in matters of this type and are discounted from the

fees that Dechert has been allowed in other chapter 11 cases, including in this District.

21.     Pursuant to the UST Guidelines, annexed hereto as <u>Exhibit C</u> is the summary sheet required by the Local Guidelines, which includes a schedule setting forth the names of all Dechert professionals and paraprofessionals who have performed services for which compensation is sought, the person's position in the firm and department, and the date of bar admission for each attorney.  In addition, the schedule sets forth for each person (a) the hourly rate(s) during the Compensation Period; (b) the total hours billed for which compensation is sought; and (c) the total compensation for such hours.

22.     Pursuant to the UST Guidelines, annexed hereto as <u>Exhibit D</u> is a summary by project category of the services performed by Dechert during the Compensation Period

23.     Annexed hereto as <u>Exhibit E</u> is a schedule specifying the categories of expenses for which Dechert in seeking reimbursement and the total amount of reimbursement requested for each such expense category.

## <u>SERVICES RENDERED BY DECHERT</u>

24.     Dechert has a longstanding relationship with the Debtors and was retained to continue to provide the litigation services the firm has provided to the Debtors over the 26 months preceding the Petition Date (as more fully described below, the "**Dechert Litigation Services**" or "**Litigation Services**").  Dechert is and has been in charge of national coordination of nearly 2,600 civil actions, including cases filed by the Attorneys General of almost every state and territory, pending in various state and federal courts across the United States and its territories.  The cases generally allege that Purdue marketed prescription opioids in violation of state common-law tort duties and consumer protection, tort, and business statutes.

8

25.     In addition to the Dechert Litigation Services, Dechert also handles certain of the Debtors' patent prosecutions and related intellectual property issues (the "**Dechert Patent Services**" or "**Patent Services**", and together with the Dechert Litigation Services, the "**Dechert Services**").  Dechert has in the past and is currently providing legal services in relation to the following patent applications: (1) application no. 15/324,528; (2) application no. 16/446,373; (3) application no. 16/446,397; (4) application no. 16/318,686; (5) application no. 16/557,937; (6) application no. 62/799,710; and (7) PCT/IB2019/050522.  Dechert will continue to provide the Dechert Patent Services to the Debtors during these chapter 11 cases.  In the ordinary course of business and consistent with past practices, Dechert expects to provide additional patent and intellectual property services as requested by the Debtors.

26.     The description of services below summarizes the primary services rendered by Dechert during the Compensation Period and highlights the benefits conferred upon the Debtors and their estates and creditors as a result of Dechert's services.  The following is a summary description of the matters for which Dechert provided legal services to the Debtors during the Compensation Period:

**L120:  Analysis and Strategy (Hours: 3,038.90 Fees: $2,815,778)**

27.     During the Compensation Period, Dechert performed a variety of services relating to the analysis and strategy in the opioid litigation, including the following:

- Dechert professionals researched and analyzed legal and factual issues regarding potential contribution, cross-claims, and indemnification claims by co-defendants in the opioid litigation.

- Dechert professionals advised and assisted the Debtors and bankruptcy counsel on the claims administration process.

- Dechert professionals reviewed and revised multiple drafts of claim forms.

9

- Together with bankruptcy counsel, Dechert professionals successfully negotiated the proposed claim forms with the various creditor constituents.

- Dechert professionals extensively reviewed and revised the bar date motion and related filings.

- Dechert professionals assisted and advised the Debtors on issues relating to current and former employee, officers, and Board of Directors' indemnification issues and related strategy.

- Dechert professionals consulted with and advised the Debtors regarding ongoing media and public communications strategies.

- Dechert professionals advised the Debtors and co-counsel regarding insurance coverage issues relating to stayed litigation claims and global settlement framework.

28.    In connection with analysis and strategy, Dechert performed a variety of services related to discovery in the opioid litigation, including the following:

- Dechert professionals negotiated and objected to efforts by litigation parties to pursue document discovery against the Debtors in the litigation in violation of the automatic stay and preliminary injunction.

- Dechert professionals responded to inquiries from various creditors regarding privilege classifications, document redactions, discovery objections, and organization of documents.

- Dechert professionals negotiated protective order agreements with various creditors to facilitate the flow of document discovery and information sharing.

- Dechert professionals negotiated and objected to efforts by certain state regulators to pursue document discovery against the Debtors in the litigation.

29.    During the Compensation Period, Dechert professionals and paraprofessionals devoted 3,038.90 hours to the Analysis and Strategy project category resulting in time charges of $2,815,778.

**L110:  Fact Investigation/Development (Hours: 456 Fees: $239,512.50)**

           30.     During the Compensation Period, Dechert performed a variety of services relating to fact investigation and development in the bankruptcy proceedings, including the following:

- Dechert professionals researched legal and factual issues regarding key defenses and legal arguments to claimants' anticipated bankruptcy claims.

- Dechert professionals conferred and consulted with the Debtors and bankruptcy counsel regarding potential valuation and expert issues concerning various claim constituencies.

- Dechert professionals engaged in extensive discussions and negotiations with the Debtors, bankruptcy counsel, consenting and dissenting States, the UCC, and other creditor constituencies regarding the formation and execution of the Emergency Relief Fund.

- Dechert professionals reviewed and revised multiple complex drafts from different constituents regarding the establishment, structure, and potential recipients of the Emergency Relief Fund.

- Dechert professionals assisted in the nationwide search for a Monitor as contemplated by the preliminary injunction, including through extensive research and analysis into monitor candidates and conversations with consenting and dissenting Attorneys General, the UCC, and others.

- Dechert professionals negotiated and assisted in drafting the Monitor agreement and related documents concerning the Monitor's selection and scope of work.

- Dechert professionals prepared select Debtors-affiliated witnesses for interviews regarding the bankruptcy, proposed settlement, and other proceedings.

- Dechert professionals tracked and analyzed over 80 new complaints against the Debtors to identify suspected or actual violations of the automatic stay and preliminary injunction.

- Dechert professionals conducted numerous in-person and telephonic trainings for the Debtors' employees and other impacted individuals on the preliminary injunction.

- Dechert professionals regularly advised the Debtors on an ongoing, often daily or weekly basis, regarding preliminary injunction compliance matters.

31.     During the Compensation Period, Dechert professionals and
paraprofessionals devoted 456 hours to the Analysis and Strategy project category resulting in
time charges of $239,512.50.

**L190:  Other Case Assessment, Development and Administration (Hours: 517.50 Fees: $409,176)**

32.     During the Compensation Period, Dechert performed a variety of services
relating to case assessment, development and administration, including the following:

- Dechert professionals negotiated and conferred with litigation plaintiffs to suspend or limit ongoing litigation activity pending the Court's ruling on the Debtors' motion for a preliminary injunction

- Where litigants sought to continue depositions before entry of the preliminary injunction over the Debtors' objections, Dechert professionals attended and defended the Debtors in fact and expert witness depositions.

- Where state courts and litigants continued hearings and conferences, over Debtors' objections, Dechert professionals attended and represented the Debtors, including at an "emergency" hearing in Illinois state court regarding the impact of Debtors' bankruptcy on the ongoing litigation.

- Dechert professionals monitored developments in the stayed litigations pending in the federal multi-district litigation ("**MDL**") proceeding and state courts around the country.

- Dechert professionals analyzed activities and developments in the state and MDL cases in order to identify, and respond to, actual or potential violations of the stay or preliminary injunction.

- Dechert professionals assessed and analyzed ongoing activities in the state and MDL cases in order to assess the potential impact of those proceedings on the Debtors' settlement activities.

- Dechert professionals monitored and analyzed developments and activities in the stayed litigations in order to assess the potential impact on bankruptcy allocation and claim valuation issues.

33.     In connection with case assessment, Dechert performed a variety of
services related to discovery in the opioid litigation, including the following:

12

- Dechert professionals responded to frequent email and telephone requests from various creditor constituencies regarding the Debtors' previous production of documents in the opioid litigation.

- Dechert professionals responded to substantial (and at some points, near-daily) requests from various creditor constituencies regarding the breadth and scope of the Debtors' past discovery productions and the parameters and methods applied to those past productions.

- Dechert professionals responded to multiple requests from various creditor constituencies regarding court rulings and orders from the opioid litigation relating to the Debtors' past discovery productions

- Dechert professionals successfully led efforts to re-produce in the bankruptcy proceeding documents the Debtors produced in the opioid litigation.

- Dechert professionals successfully led efforts to re-produce in the bankruptcy proceeding select expert reports and other relevant materials from the opioid litigation.

34.    During the Compensation Period, Dechert professionals and paraprofessionals devoted 517.50 hours to the Other Case Assessment, Development and Administration project category resulting in time charges of $409,176.

**L250:  Other Written Motions and Submissions (Hours: 649 Fees: $529,062.50)**

35.    During the Compensation Period, Dechert performed a variety of services relating to written motions and submissions including the following:

- Dechert professionals filed hundreds of pleadings in pending state court actions to notify the courts of these bankruptcy proceedings and to respond to objections from parties as well as questions from the courts.

- Dechert professionals intervened where needed in litigation cases to protect and enforce the automatic stay and preliminary injunction, including through severance and stay orders in the opioid litigation.

- Dechert professionals advised courts across the nation of the effect of the automatic stay and entry of the preliminary injunction by the Bankruptcy Court.

- Over the course of the bankruptcy proceeding, Dechert professionals provided necessary updates to courts and litigants regarding revisions to the preliminary injunction.

- Dechert professionals provided extensive legal and factual support for Debtors' motion for preliminary injunction.

13

- Dechert professionals drafted an attorney declaration expounding upon the scope and activities in the national litigation for purposes of the Debtors' motion for preliminary injunction and provided related follow-up assistance.

36.    During the Compensation Period, Dechert professionals and paraprofessionals devoted 649 hours to the Other Written Motions and Submissions, project category resulting in time charges of $529,062.50.

**L330:  Depositions (Hours: 405 Fees: $275,853.50)**

37.    During the Compensation Period, Dechert performed a variety of services relating to depositions including the following:

- Dechert professionals prepared select Purdue witnesses for anticipated depositions, including reviewing and analyzing key documents and materials, evaluating plaintiffs' allegations regarding the relevant witnesses, and conferring and coordinating with co-counsel on preparation strategy

38.    During the Compensation Period, Dechert professionals and paraprofessionals devoted 405 hours to the Depositions, project category resulting in time charges of $275,853.50.

**L130:  Experts/Consultants (Hours: 207.90 Fees: $183,568)**

39.    During the Compensation Period, Dechert performed a variety of services relating to expert analysis and evaluations including the following:

- Dechert professionals provided background support and guidance on medical and scientific issues relevant to claimants' liability and damages theories.

- Dechert professionals worked and conferred with retained consultants regarding potential valuation issues regarding various claim constituencies.

- Dechert professionals advised the Debtors and bankruptcy counsel on data developed in the underlying litigation regarding illicit and prescription opioid use.

- Dechert professionals advised the Debtors and worked with expert consultants on issues regarding effective abatement efforts.

14

- Dechert professionals assisted the Debtors and bankruptcy counsel regarding potential consulting experts who may offer opinions to help guide the allocation of Debtors' resources in the Bankruptcy process.

- Dechert professionals provided guidance to the Debtors regarding the intersection of science issues and the underlying legal issues, including analyzing how such issues may be relevant to asset allocation.

40.     During the Compensation Period, Dechert professionals and paraprofessionals devoted 207.90 hours to the Depositions, project category resulting in time charges of $183,568.

**L160:  Settlement/Non-Binding ADR (Hours: 418 Fees: $359,821.50)**

41.     During the Compensation Period, Dechert performed a variety of services relating to settlement negotiations, including the following:

- Dechert professionals worked with the Debtor, Bankruptcy counsel and other co-counsel Dechert professionals worked with the Debtors, bankruptcy counsel, and other co-counsel regarding global settlement negotiations and related strategy and settlement framework discussions.

- Dechert professionals conducted dozens of in-person and telephonic meetings with various consenting and dissenting Attorneys General, the UCC, and other creditor constituents and stakeholders to discuss the proposed settlement framework.

- Dechert professionals composed numerous summaries and presentations outlining the proposed settlement framework.

- Dechert professionals responded to dozens of information requests from the Debtors, Consenting and Dissenting Attorneys General, the UCC, and others regarding questions relating to the proposed settlement framework and negotiation process.

42.     During the Compensation Period, Dechert professionals and paraprofessionals devoted 418 hours to the Depositions, project category resulting in time charges of $359,821.50.

15

**B160:  Retention Issues and Fee Applications (Hours: 417.1 Fees: $164,545.50)**

43.      During the Compensation Period, Dechert performed a variety of services

relating to its retention and compensation including the following:

- Dechert professionals corresponded electronically and participated in conference calls with the Debtors and/or various of their professionals regarding, among other things, 327(e) retention issues and fee applications.

- Dechert professionals drafted, reviewed, and revised numerous documents including: (a) the 327(e) Retention Application; (b) the Declaration in Support of the Application; (c) the First and Second Supplemental Declarations in Support of the Application; and (d) various Fee Statements

- Dechert professionals reviewed time entries for confidentiality issues and adherence to the Guidelines.

44.      During the Compensation Period, Dechert professionals and

paraprofessionals devoted 417.1 hours to Retention Issues resulting in time charges of

$164,545.50, which includes 324 hours to Fee Application issues resulting in time charges of

$103,014.

45.      Dechert submits that for the reasons set forth above, the professional

services rendered by Dechert on behalf of the Debtors during the Compensation Period were

necessary and reasonable.

### EXPENSES INCURRED BY DECHERT

46.      Section 330 of the Bankruptcy Code authorizes "reimbursement for actual,

necessary expenses" incurred by professionals employed in a chapter 11 case.  11 U.S.C. § 330.

Accordingly, Dechert seeks reimbursement of expenses incurred in rendering services during the

Compensation Period.

16

47.     In accordance with the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Guidelines, Dechert maintains the following policies with respect to expenses for which reimbursement is sought:

a.    <u>Internal Duplicating</u>  -  Charged at $0.10 per page, based upon the cost of duplicating services, which varies due to volume;

b.    <u>Outside Duplicating</u> - Outside duplicating by third parties is charged at the actual cost billed to Dechert;

d.    <u>Computer Research Charges</u>  - Westlaw and Lexis legal research is charged according to an equation based on the flat fee charged to Dechert (approximately 50% of the estimated cost for hourly rate for Lexis; approximately 70% of the estimated cost for hourly rate for Westlaw);

g.    <u>Delivery Services</u>  -  Dechert's practice is to charge postal, overnight delivery, and courier services at actual cost;

i.    <u>Meals</u>  -  In accordance with the Guidelines, meals charged to the Debtors were either associated with (i) out-of-town travel and are limited to $40 per person; or (ii) attorneys working at least two hours beyond their normal workday on matters concerning the chapter 11 cases and are limited to $20 per person.

**AUTHORITY FOR**
**ALLOWANCE OF COMPENSATION**

48.     Bankruptcy Code section 331 allows a bankruptcy court to authorize interim compensation for "[a] trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title… not more than once every 120 days after an order for relief in a case under this title…."

49.      Section 330 of the Bankruptcy Code authorizes the bankruptcy court to award a trustee, examiner, ombudsman or professional employed pursuant to 11 U.S.C. § 327 reasonable compensation for services and reimbursement of expenses.  Specifically, section 330 of the Bankruptcy Code provides that:

17

(a)(1) After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328 and 329, the court may award to . . . a professional person employed under section 327 or 1103 –

(A) reasonable compensation for actual, necessary services rendered by . . . professional person, or attorney and by any paraprofessional person employed by any such person; and

(B) reimbursement for actual necessary expenses. . . .

(3) In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including–

A.       the time spent on such services;

B.       the rates charged for such services;

C.       whether the services were necessary to the administration of, or beneficial at the time at which the services were rendered toward the completion of, a case under this title;

D.       whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

E.       whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in case other than cases under this title.

50.       As set forth below, under the standards set forth in Bankruptcy Code

section 330(a), Dechert's representation of the Debtors warrants payment of its fees and

reimbursement of its expenses.

a.       <u>Time and labor required</u>:  As stated above, Dechert has expended 8,713.60 hours in its representation of the Debtors during the Compensation Period, with a blended average billable rate of $747.20 per hour for all timekeepers.   All of the time spent by Dechert in these cases was necessary and appropriate and benefited the Debtors, their estates, their creditors, and other parties-in-interest.   Dechert submits that it has represented the Debtors in an efficient, timely, and cost-effective manner.

18

b.      <u>Novelty and difficulty of questions presented</u>:  The issues attended to by Dechert in connection with these cases were novel, complex, and difficult, requiring thorough attention and substantial firm resources.

c.      <u>Skill required to perform legal services properly</u>:  The experience, knowledge, and expertise of the various Dechert professionals and paraprofessionals representing the Debtors in these cases have facilitated and expedited the results achieved.  Providing mass tort products liability litigation advice to large debtors is a specialized practice that requires attorneys, such as the Dechert attorneys involved in this matter, with substantial expertise in various areas of the law.

d.      <u>Preclusion of other employment</u>:  Dechert's representation of the Debtors in these cases took time and effort that was not therefore available to provide comparable services to other current or potential clients.

e.      <u>Customary fee paid for such legal services</u>:  The hourly rates charged by Dechert for the services performed in these cases are discounted from the hourly rates regularly charged by Dechert in other similar matters and representations, and Dechert submits that they are discounted to the customary charges of other professionals and paraprofessionals with similar degrees of skill and expertise.

f.      <u>Experience, reputation, and ability of attorney</u>:  Dechert believes that its professionals who performed services for the Debtors have an excellent reputation for their skill, quality, integrity, and ability in bankruptcy and other matters.  Dechert's professionals have significant experience in matters of this nature and regularly represent companies similar to the Debtors in various matters in and out of bankruptcy.

g.      <u>Allowance in similar cases</u>:  Dechert asserts that the fees and expenses for which it seeks compensation and reimbursement are lower than the compensation sought and allowed in similar cases for similar services rendered and results obtained by Dechert and by its peer law firms.

## **BUDGET AND STAFFING PLAN**

51.      In accordance with the Retention Order and the Interim Compensation Order, attached hereto as <u>Exhibit F</u> are the budget and staffing plans that Dechert provided to the Debtors for the Compensation Period.

19

## QUESTIONS REQUIRED BY U.S. TRUSTEE GUIDELINES

52.    Dechert responds to the questions presented by the U.S. Trustee

Guidelines Appendix B as follows:

Question:  Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period? If so, please explain.

Answer: Yes.  The Debtors enjoy discounted rates as well volume discounts as described in the Retention Application.

Question:  If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client?

Answer:  The fees sought by Dechert in the Final Fee Application for the Compensation Period are not more than 10% higher than the fees budgeted pursuant to the budget provided by Dechert to the Debtors.  In fact, the total amount in fees sought by Dechert for the Compensation Period is $9,845,448.68 to $10,175,448.70 less than the amount originally budgeted by Debtors.

Question:  Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case?

Answer:  No.

Question:  Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.). If so, please quantify by hours and fees.

Answer:  Yes.  This application includes 324 hours with a value of $103,014 incurred in connection with the preparation of Fee Applications for the Debtors.

Question:  Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees.

Answer:  No. Dechert's review of its time records is done to ensure compliance with the Guidelines although in the process of such review, attention is given to confidential information.

Question:  If the fee application includes any rate increases since retention:

20

Did your client review and approve those rate increases in advance?

Answer:  The fee application does not include fee increases

Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11–458?

Answer:  No. The client did not agree to accept future rate increases.

## NOTICE

53.     Notice of this Application will be provided to: (a) the entities on the

Master Service List (as defined in the Case Management Order and available on the Debtors'

case website at https://restructuring.primeclerk.com/purduepharma) and (b) any party that has

requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "**Notice Parties**").

*[Remainder of page left intentionally blank]*

21

## **CONCLUSION**

WHEREFORE, Dechert respectfully requests that the Court enter an order (i) that allowance be made to it in the sum of $5,252,892.22 as the fair and reasonable value of its actual and necessary professional services rendered by Dechert to the Debtors during the Compensation Period; (ii) that allowance be made to it in the sum of $815,614.96 as reimbursement for Dechert's actual and necessary expenses incurred during the Compensation Period; (iii) authorizing and directing the Debtors to pay to Dechert the unpaid balance of all approved fees and expenses; (iv) holding that the allowance of such interim compensation for professional services rendered and reimbursement of actual necessary expenses incurred be without prejudice to Dechert's right to seek additional compensation for services performed and expenses incurred during the Compensation Period which were not processed at the time of this Application; and (v) granting Dechert such other and further relief as it deems just and proper.

Dated: March 16, 2020                                      Respectfully submitted,

*/s/ Shmuel Vasser*
Shmuel Vasser
DECHERT LLP
1095 Avenue of the Americas
New York, New York 10036
Telephone:  (212) 698-3500
Facsimile:  (212) 698-3599

*Attorneys for Debtors and Debtors in Possession*

**<u>EXHIBIT A</u>**

**Retention Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (RDD)** |
| Debtors.[1] | **(Jointly Administered)** |

### ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF DECHERT LLP AS SPECIAL COUNSEL FOR THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE

Upon the application, dated November 5, 2019 (ECF No. 424) (the "**Application**"),[2] of Purdue Pharma L.P. and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to sections 327(e) and 328(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Bankruptcy Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), for entry of an order authorizing the Debtors to retain Dechert as special counsel to the Debtors with respect to the Dechert Services, effective *nunc pro tunc* to the Petition Date, all as more fully set forth in the Application; and upon the declaration of Hayden Coleman, a partner of the law firm of Dechert LLP, attached to the

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014).  The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2]    Capitalized terms used but not defined in this Order shall have the meanings ascribed to them in the Application.

Application as **Exhibit B** (the "**Coleman Declaration**"), and this Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Application having been provided to the Notice Parties, such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and there being no objections to the requested relief; and upon the record of the hearing held by the Court on the Application on November 19, 2019; and it appearing that Dechert does not hold or represent an adverse interest to the Debtors or their estates, is disinterested under section 101(14) of the Bankruptcy Code, and that its retention to perform the Dechert Services is necessary and in the best interests of the estates; now, therefore,

**IT IS HEREBY ORDERED THAT**:

1.      The Application is granted as set forth herein.

2.      Pursuant to sections 327(e) and 328(a) of the Bankruptcy Code the Debtors are authorized to retain Dechert as special counsel to the Debtors with respect to the Dechert Services, effective *nunc pro tunc* to the Petition Date, and Dechert is authorized to perform the Dechert Services described in the Application; provided, that Dechert shall use best efforts not to duplicate services of any of the Debtors' other professionals.

3.      Dechert shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Dechert Services in compliance with sections 330 and 331 of the Bankruptcy Code, as the case may be, and the applicable Bankruptcy Rules, Local Rules, and fee and expense guidelines and orders of the Court.

4.      Dechert shall provide at least ten (10) business days' notice to the Debtors,
the U.S. Trustee and any statutory committee appointed in these chapter 11 cases before
implementing any increases in the rates set forth in the Application for professionals providing the
Dechert Services, and such notice shall be filed with the Court.

5.      Notice of the Application as provided therein is good and sufficient notice
of such Application and the requirements of Bankruptcy Rule 6004(h) and the Local Rules are
satisfied by such notice.

6.      Notwithstanding any provision in the Bankruptcy Rules to the contrary, the
terms and conditions of this Order are immediately effective and enforceable upon its entry.

7.      The Debtors are authorized to take all reasonable actions necessary to
effectuate the relief granted in this Order in accordance with the Application.

8.      In the event of any inconsistency between the Application and this Order,
the terms of this Order shall govern.

9.      This Court shall retain jurisdiction to hear and determine all matters arising
from or related to the implementation, interpretation, and enforcement of this Order.

Dated:    November 21, 2019
          White Plains, New York


                                        /s/ Robert D. Drain
                                        THE HONORABLE ROBERT D. DRAIN
                                        UNITED STATES BANKRUPTCY JUDGE

## **EXHIBIT B**

**Certification**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (RDD)** |
| **Debtors.**[1] | **(Jointly Administered)** |

## STATEMENT PURSUANT TO
## FEDERAL RULE OF BANKRUPTCY PROCEDURE 2016(b)

I, Shmuel Vasser, Esquire, hereby declare the following under penalty of perjury:

1.      I am a Partner in the applicant firm, Dechert LLP, and have been admitted

to the bar of New York since 1991.

2.      I have personally performed some of the legal services rendered by

Dechert LLP as counsel for the Debtors, and I am familiar with all other work performed on

behalf of the Debtors by the lawyers and paraprofessionals in the firm.

3.      I have read the foregoing interim fee application of Dechert, attorneys for

Debtors, for the Compensation Period (the "Fee Application"). To the best of my knowledge,

information and belief, the statements contained in the Fee Application are true and correct. In

addition, I believe that the Fee Application complies with Local Bankruptcy Rule 2016-1 and the

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014).  The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

*Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases.*

4.    In connection therewith, I hereby certify that:

a.  to the best of my knowledge, information, and belief, formed after reasonable inquiry, the fees and disbursements sought in the Fee Application are permissible under the relevant rules, court orders, and Bankruptcy Code provisions, except as specifically set forth herein;

b.  except to the extent disclosed in the Fee Application, the fees and disbursements sought in the Fee Application are billed at rates customarily employed by Dechert and generally accepted by Dechert's clients. In addition, none of the professionals seeking compensation varied their hourly rate based on the geographic location of these chapter 11 cases;

c.  the total fees sought do not exceed the total fees budgeted in the budget and staffing plan;

d.  Dechert did not increase hourly rates from those disclosed in the Retention Application during the Interim Compensation Period;

e.  Dechert is seeking compensation with respect to the approximately 324 hours and $103,014 in fees spent reviewing or revising time records, preparing, reviewing, and revising invoices, monthly fee statements, and Dechert's retention application. Dechert concurrently revises its invoices for compliance with the Guidelines and in the process of doing so also redacts privileged and confidential information as appropriate. Accordingly Dechert did not spend any additional time associated with the redaction of privileged or confidential information;

f.  in providing a reimbursable expense, Dechert does not make a profit on that expense, whether the service is performed by Dechert in-house or through a third party;

g.  in accordance with Bankruptcy Rule 2016(a) and section 504 of the Bankruptcy Code, no agreement or understanding exists between Dechert and any other person for the sharing of compensation to be received in connection with the above cases except as authorized pursuant to the Bankruptcy Code, Bankruptcy Rules, or Local Rules;

h.  all services for which compensation is sought were professional services on behalf of Debtors and not on behalf of any other person; and

i.  the U.S. Trustee, the Debtors, and all parties required under the Interim Compensation Order have been provided with a statement of

2

the fees and disbursements for each month within the Compensation
Period.

5.       I hereby certify under 28 U.S.C. § 1746 that the foregoing is true and

correct to the best of my knowledge, information, and belief.


Dated: March 16, 2020                         Respectfully submitted,

                                              */s/ Shmuel Vasser*
                                              Shmuel Vasser
                                              DECHERT LLP
                                              1095 Avenue of the Americas
                                              New York, New York 10036
                                              Telephone:  (212) 698-3500
                                              Facsimile:  (212) 698-3599
                                              shmuel.vasser@dechert.com

                                              *Attorneys for Debtors and Debtors in Possession*

**<u>EXHIBIT C</u>**

**Summary of Fees Requested by Timekeeper**

**Compensation by Individual for Debtors for Litigation Services**

| Name of Professional Person | Position | Practice Group or Department | Year of Obtaining License to Practice (if Applicable) | Hourly Billing Rate[1] | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|---|
| Sheila L Birnbaum | Partner | Litigation | 1965 | 1,350.00 | 419.50 | 566,325.00 |
| Sheila L Birnbaum* | Partner | Litigation | 1965 | 675.00 | 20.20 | 13,635.00 |
| Timothy C. Blank | Partner | Litigation | 1986 | 1,085.00 | 81.80 | 88,753.00 |
| Mark S. Cheffo | Partner | Litigation | 1991 | 1,250.00 | 178.00 | 222,500.00 |
| Hayden A. Coleman | Partner | Litigation | 1997 | 915.00 | 442.00 | 404,430.00 |
| Hayden A. Coleman* | Partner | Litigation | 1997 | 457.50 | 8.80 | 4,026.00 |
| Hope S. Freiwald | Partner | Litigation | 1990 | 1,090.00 | 250.30 | 272,827.00 |
| Mara C. Cusker Gonzalez | Partner | Litigation | 2006 | 890.00 | 72.60 | 64,614.00 |
| Nathan E. Hoffman | Partner | Litigation | 2000 | 915.00 | 22.50 | 20,587.50 |
| Meghan Rohling Kelly | Partner | Litigation | 2006 | 915.00 | 8.30 | 7,594.50 |
| Andrew J. Levander | Partner | Litigation | 1978 | 1,425.00 | 0.30 | 427.50 |
| Angela M. Liu | Partner | Litigation | 2009 | 915.00 | 22.30 | 20,404.50 |
| Judy L. Leone | Partner | Litigation | 1984 | 990.00 | 1.80 | 1,782.00 |
| Debra L. O'Gorman | Counsel | Litigation | 1990 | 890.00 | 311.20 | 276,968.00 |
| Debra L. O'Gorman* | Counsel | Litigation | 1990 | 445.00 | 1.20 | 534.00 |
| William W. Oxley | Partner | Litigation | 1988 | 990.00 | 41.80 | 41,382.00 |
| Sara B. Roitman | Partner | Litigation | 2013 | 890.00 | 520.80 | 463,512.00 |
| Sara B. Roitman* | Partner | Litigation | 2013 | 445.00 | 7.70 | 3,426.50 |
| Friedrich-Wilhelm Sachse | Partner | Litigation | 1999 | 915.00 | 102.90 | 94,153.50 |
| Friedrich-Wilhelm Sachse* | Partner | Litigation | 1999 | 457.50 | 3.20 | 1,464.00 |
| Christina Sarchio | Partner | Litigation | 1997 | 1,085.00 | 27.00 | 29,295.00 |
| Erik W. Snapp | Partner | Litigation | 1995 | 915.00 | 77.10 | 70,546.50 |
| Erik W. Snapp* | Partner | Litigation | 1995 | 457.50 | 5.60 | 2,562.00 |
| Alex E. Spjute | Counsel | Litigation | 2004 | 890.00 | 35.70 | 31,773.00 |
| Danielle Gentin Stock | Counsel | Litigation | 2000 | 890.00 | 496.60 | 441,974.00 |
| Danielle Gentin Stock* | Counsel | Litigation | 2000 | 445.00 | 8.00 | 3,560.00 |
| Shmuel Vasser | Partner | Restructuring/ Reorganization | 1991 | 915.00 | 77.30 | 70,729.50 |

---

[1]    As described in the Retention Application, these billing rates reflect voluntary discounts of 1% to 24% for senior partners, 6% to 13% for junior partners, 1% to 5% for counsel, and 5% to 10% for associates.

5495537.10

| Name of Professional Person | Position | Practice Group or Department | Year of Obtaining License to Practice (if Applicable) | Hourly Billing Rate[1] | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|---|
| Shmuel Vasser* | Partner | Restructuring/ Reorganization | 1991 | 457.50 | 2.70 | 1,235.25 |
| Bert L. Wolff | Partner | Litigation | 1985 | 915.00 | 172.60 | 157,929.00 |
| Bert L. Wolff* | Partner | Litigation | 1985 | 475.50 | 6.70 | 3,185.85 |
| Andrew S. Wong | Partner | Litigation | 1998 | 915.00 | 30.10 | 27,541.50 |
| Christopher R. Boisvert | Counsel | Litigation | 2009 | 890.00 | 85.70 | 76,273.00 |
| Lindsey B. Cohan | Counsel | Litigation | 2010 | 855.00 | 173.20 | 148,086.00 |
| Paul A. LaFata | Counsel | Litigation | 2008 | 890.00 | 302.90 | 269,581.00 |
| Jae H. Lee | Counsel | Litigation | 2006 | 890.00 | 24.50 | 21,805.00 |
| Jonathan S. Tam | Counsel | Litigation | 2009 | 890.00 | 126.50 | 112,585.00 |
| Jonathan S. Tam* | Counsel | Litigation | 2009 | 445.00 | 4.50 | 2,002.50 |
| Michelle K. Yeary | Counsel | Litigation | 1996 | 890.00 | 54.80 | 48,772.00 |
| Meghan Agostinelli | Associate | Litigation | 2019 | 565.00 | 23.70 | 13,390.50 |
| Tomas E. Barron | Associate | Litigation | 2020 | 515.00 | 4.90 | 2,523.50 |
| Tomas E. Barron[2] | Associate | Litigation | 2020 | 490.00 | 17.50 | 8,575.00 |
| Noah Becker | Associate | Litigation | 2019 | 490.00 | 74.10 | 36,309.00 |
| Micah Brown | Associate | Litigation | 2019 | 515.00 | 8.20 | 4,223.00 |
| Micah Brown[3] | Associate | Litigation | 2019 | 490.00 | 12.50 | 6,125.00 |
| Alyssa C. Clark | Associate | Litigation | 2018 | 640.00 | 32.90 | 21,056.00 |
| Alyssa C. Clark* | Associate | Litigation | 2018 | 320.00 | 2.70 | 864.00 |
| Alison S. Cooney | Associate | Litigation | 2013 | 825.00 | 269.50 | 222,337.50 |
| Katherine E. Unger Davis | Associate | Litigation | 2011 | 855.00 | 7.20 | 6,156.00 |
| Daniel Goldberg-Gradess | Associate | Litigation | 2019 | 565.00 | 122.30 | 69,099.50 |
| Monica I. Gorny | Associate | Litigation | 2017 | 640.00 | 87.10 | 55,744.00 |
| Monica I. Gorny* | Associate | Litigation | 2017 | 320.00 | 1.50 | 480.00 |
| Negin Hadaghian | Associate | Litigation | 2014 | 800.00 | 32.00 | 25,600.00 |

[2]   Dechert billed 4.90 hours at rate of $515 for Thomas E. Barron when it should have been $490.  The mistake was not discovered until after the December Fee Statement was filed.  The difference in amount (taking into account the aggregate fee discount) is $24.50, which has been deducted from the total amount requested in this Fee Application.

[3]   Dechert billed 8.20 hours at rate of $515 for Micha Brown when it should have been $490.  The mistake was not discovered until after the December Fee Statement was filed.  The difference in amount (taking into account the aggregate fee discount) is $41, which has been deducted from the total amount requested in this Fee Application.

| Name of Professional Person | Position | Practice Group or Department | Year of Obtaining License to Practice (if Applicable) | Hourly Billing Rate[1] | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|---|
| Negin Hadaghian* | Associate | Litigation | 2014 | 400.00 | 2.00 | 800.00 |
| Jacqueline D. Harrington | Associate | Litigation | 2011 | 855.00 | 5.00 | 4,275.00 |
| Alaina R. Heine | Associate | Restructuring/ Reorganization | 2018 | 640.00 | 1.10 | 704.00 |
| Alejandro A. Herrera | Associate | Litigation | 2014 | 825.00 | 15.30 | 12,622.50 |
| Alejandro A. Herrera* | Associate | Litigation | 2014 | 412.50 | 2.40 | 990.00 |
| Justin M. Kadoura | Associate | Litigation | 2017 | 640.00 | 10.10 | 6,464.00 |
| Cara Kaplan | Associate | Restructuring/ Reorganization | 2019 | 595.00 | 66.00 | 39,270.00 |
| Cara Kaplan[4] | Associate | Restructuring/ Reorganization | 2019 | 565.00 | 121.40 | 68,591.00 |
| Mary H. Kim | Associate | Litigation | 2015 | 770.00 | 134.80 | 103,796.00 |
| Mary H. Kim* | Associate | Litigation | 2015 | 385.00 | 4.00 | 1,540.00 |
| Kelly A. Krellner | Associate | Litigation | 2011 | 855.00 | 12.60 | 10,773.00 |
| Melanie C. MacKay | Associate | Litigation | 2010 | 855.00 | 9.10 | 7,780.50 |
| Sarah Magen | Associate | Litigation | 2013 | 840.00 | 280.10 | 235,284.00 |
| Benjamin F. McAnaney | Associate | Litigation | 2008 | 855.00 | 146.30 | 125,086.50 |
| Jenna C. Newmark | Associate | Litigation | 2012 | 855.00 | 137.30 | 117,391.50 |
| Nicolas A. Novy | Associate | Litigation | 2014 | 725.00 | 136.90 | 99,252.50 |
| Nicolas A. Novy* | Associate | Litigation | 2014 | 362.50 | 3.50 | 1,268.75 |
| Margaret O'Connor | Associate | Litigation | 2017 | 640.00 | 21.30 | 13,632.00 |
| Jon E. Olsson | Associate | Litigation | 2017 | 640.00 | 55.50 | 35,520.00 |
| Jennifer J. Park | Associate | Litigation | 2017 | 725.00 | 25.40 | 18,415.00 |
| Amisha R. Patel | Associate | Litigation | 2011 | 855.00 | 10.10 | 8,635.50 |
| Caroline N. Power | Associate | Litigation | 2014 | 800.00 | 24.10 | 19,280.00 |
| Rachel M. Rosenberg | Associate | Litigation | 2016 | 725.00 | 100.70 | 73,007.50 |
| Sharon Turret | Associate | Litigation | 2019 | 565.00 | 27.70 | 15,650.50 |
| Cory A. Ward | Associate | Litigation | 2015 | 770.00 | 75.60 | 58,212.00 |
| Cory A. Ward* | Associate | Litigation | 2015 | 385.00 | 1.50 | 577.50 |
| Rebecca E. Weissman | Associate | Litigation | 2018 | 565.00 | 206.80 | 116,842.00 |

[4]   Dechert billed 66 hours at rate of $595 for Cara Kaplan when it should have been $565.  The mistake was not discovered until after the September Fee Statement and October Fee Statement were filed.  The difference in amount (taking into account the aggregate fee discount) is $1,584, which has been deducted from the total amount requested in this Fee Application.

3

| Name of Professional Person | Position | Practice Group or Department | Year of Obtaining License to Practice (if Applicable) | Hourly Billing Rate[1] | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|---|
| Theodore E. Yale | Associate | Litigation | 2017 | 640.00 | 75.60 | 48,384.00 |
| Lindsay N. Zanello | Associate | Litigation | 2016 | 770.00 | 148.90 | 114,653.00 |
| David M. Catherine | Staff Attorney | Litigation | 2008 | 365.00 | 16.50 | 6,022.50 |
| Nicholas C. Dean | Staff Attorney | Litigation | 2017 | 365.00 | 74.50 | 27,192.50 |
| Nathaniel Dison | Staff Attorney | Litigation | 2006 | 365.00 | 15.00 | 5,475.00 |
| Travis Hager | Staff Attorney | Litigation | 2004 | 365.00 | 202.70 | 73,985.50 |
| Alvin C. Knight | Staff Attorney | Litigation | 1998 | 365.00 | 14.50 | 5,292.50 |
| Stavroula Kritikos | Staff Attorney | Litigation | 2003 | 365.00 | 87.10 | 31,791.50 |
| John McGovern | Staff Attorney | Litigation | 2011 | 365.00 | 64.50 | 23,542.50 |
| Lilian Philiposian | Staff Attorney | Litigation | 2004 | 365.00 | 15.10 | 5,511.50 |
| Craig A. Rogers | Staff Attorney | Litigation | 1997 | 365.00 | 43.80 | 15,987.00 |
| Matthew B. Tate | Staff Attorney | Litigation | 1998 | 365.00 | 7.60 | 2,774.00 |
| Antonella Capobianco-Ranallo | Legal Assistant | Litigation | N/A | 200.00 | 40.40 | 8,080.00 |
| Rebecca Haneiko | Legal Assistant | Litigation | N/A | 200.00 | 52.10 | 10,420.00 |
| Mary M. Hausler | Legal Assistant | Litigation | N/A | 200.00 | 0.80 | 160.00 |
| Jefferson Holder | Legal Assistant | Litigation | N/A | 200.00 | 5.40 | 1,080.00 |
| Suchan Kim | Legal Assistant | Litigation | N/A | 200.00 | 1.00 | 200.00 |
| Luis A. Lopez | Legal Assistant | Litigation | N/A | 200.00 | 1.50 | 300.00 |
| John C. Lutrario | Legal Assistant | Litigation | N/A | 200.00 | 6.50 | 1,300.00 |
| Tyrone McBride | Legal Assistant | Litigation | N/A | 200.00 | 1.80 | 360.00 |
| Sam Rosen | Legal Assistant | Litigation | N/A | 200.00 | 417.90 | 83,580.00 |
| Danielle J. Shaw | Legal Assistant | Litigation | N/A | 200.00 | 3.00 | 600.00 |
| Matthew B. Stone | Legal Assistant | Restructuring/ Reorganization | N/A | 360.00 | 0.30 | 108.00 |
| Matthew B. Stone[5] | Legal | Restructuring/ | N/A | 200.00 | 225.10 | 45,020.00 |

---

[5]    Dechert billed 0.30 hours at rate of $360 for Matthew B. Stone when it should have been $200. The mistake was not discovered until after the September Fee Statement was filed. The difference in amount (taking into account the aggregate fee discount) is $9.60, which has been deducted from the total amount requested in this Fee Application.

| Name of Professional Person | Position | Practice Group or Department | Year of Obtaining License to Practice (if Applicable) | Hourly Billing Rate[1] | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|---|
| | Assistant | Reorganization | | | | |
| Sarah Taylor | Legal Assistant | Litigation | N/A | 200.00 | 155.00 | 31,000.00 |
| Danielle A. Torrice | Legal Assistant | Litigation | N/A | 200.00 | 166.20 | 33,240.00 |
| Kurt Vinson | Legal Assistant | Litigation | N/A | 200.00 | 13.90 | 2,780.00 |
| Brian K. Deaver | Research Analyst | Research Services | N/A | 185.00 | 0.10 | 18.50 |
| Robyn M. McAllen Broughton | Research Analyst | Research Services | N/A | 185.00 | 5.10 | 943.50 |
| Claudia Cohen | Research Analyst | Research Services | NA | 185.00 | 0.60 | 111.00 |
| Janet Peros | Lead Research Analyst | Research Services | N/A | 185.00 | 3.50 | 647.50 |
| Steven B. Singer | Research Assistant | Research Services | N/A | 185.00 | 1.30 | 240.50 |
| Taylor T. Southworth | Research Analyst | Research Services | N/A | 185.00 | 1.10 | 203.50 |
| Denise Neris | Project Assistant | Litigation | N/A | 145.00 | 9.50 | 1,377.50 |
| **Total** | | | | | **8,439.30** | **$6,339,307.85** |
| **Volume Discounts (20% & 18%)** | | | | | | **($1,251,965.99)** |
| **Discounted Total** | | | | | | **$5,087,341.86** |

*Non-working travel billed at 50%.

## Compensation by Individual for Debtors for Patent Services

| Name of Professional Person | Position of the Applicant | Practice Group or Department | Year of Obtaining License to Practice (if Applicable) | Hourly Billing Rate[6] | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|---|
| Samuel B. Abrams | Partner | Intellectual Property | 1981 | 835.00 | 103.10 | 86,088.50 |
| Blaine M. Hackman | Associate | Intellectual Property | 2014 | 690.00 | 56.60 | 39,054.00 |
| Todd Macklin | Patent Agent | Intellectual Property | N/A | 350.00 | 12.00 | 4,200.00 |
| Seth E. Snyder | Patent Agent | Intellectual Property | N/A | 545.00 | 46.20 | 25,179.00 |
| Sherrice T. Breland | Legal Assistant | Intellectual Property | N/A | 300.00 | 48.90 | 14,670.00 |
| Donna Marks | Legal Assistant | Intellectual Property | N/A | 305.00 | 7.50 | 2,287.50 |
| **Total** | | | | | **274.30** | **$171,479.00** |
| **5% Volume Discount[7]** | | | | | | **($4,269.53)** |
| **Discounted Total** | | | | | | **$167,209.47** |

---

[6]    As described in the Retention Application, these billing rates reflect voluntary discounts of 6% to 27% for partners and 11% to 22% for associates.

[7]    As described in the Retention Application, the amounts required to receive the voluntary volume-based discount do not include the amounts Mr. Abrams bills to the Debtors for his Patent Services. Accordingly, his time and rate are not subject to the volume-based discount.

6

## **EXHIBIT D**

**Summary of Fees Requested by Project Category**

**Summary of Fees Requested by Project Category**

| Code | Project Category | Total Hours | Total Fees |
|------|------------------|-------------|------------|
| B110 | Case Administration | 76.60 | 65,118.50 |
| B140 | Relief from Stay/Adequate Protection | 23.60 | 15,940.00 |
| B160 | Fee/Employment Applications[1] | 417.10 | 164,545.50 |
| B165 | Budgeting (case) | 5.60 | 4,132.00 |
| B195 | Non-Working Travel | 86.20 | 42,151.35 |
| B310 | Claims Administration and Objections | 9.80 | 8,964.50 |
| B410 | General Bankruptcy Advice/Opinions | 1.80 | 1,802.00 |
| L110 | Fact Investigation/Development | 456.00 | 239,512.50 |
| L120 | Analysis/Strategy | 3,038.90 | 2,815,778.00 |
| L130 | Experts/Consultants | 207.90 | 183,568.00 |
| L140 | Document/File Management | 327.50 | 73,881.50 |
| L150 | Budgeting | 0.30 | 274.50 |
| L160 | Settlement/Non-Binding ADR | 418.00 | 359,821.50 |
| L190 | Other Case Assessment, Development and Administration | 517.50 | 409,176.00 |
| L210 | Pleadings | 310.40 | 138,939.00 |
| L220 | Preliminary Injunctions/Provisional Remedies | 94.90 | 84,535.00 |
| L230 | Court Mandated Conferences | 125.20 | 110,483.00 |
| L240 | Dispositive Motions | 198.80 | 154,195.50 |
| L250 | Other Written Motions and Submissions | 649.00 | 529,062.50 |
| L310 | Written Discovery | 114.30 | 98,816.50 |
| L320 | Document Production | 62.30 | 27,690.00 |
| L330 | Depositions | 405.00 | 275,853.50 |
| L340 | Expert Discovery | 84.90 | 58,407.50 |
| L350 | Discovery Motions | 17.50 | 14,596.00 |
| L390 | Other Discovery | 266.80 | 78,387.50 |
| L410 | Fact Witnesses | 40.10 | 32,919.50 |
| L420 | Expert Witnesses | 163.60 | 126,211.50 |
| L430 | Written Motions and Submissions | 173.20 | 120,408.00 |
| L440 | Other Trial Preparation and Support | 184.90 | 126,722.50 |
| L450 | Trial and Hearing Attendance | 45.60 | 38,321.50 |

---

[1]    This category includes time spent preparing Dechert's Retention Application materials, including reviewing Dechert's connections with potential parties-in-interest in the Debtors' chapter 11 cases, as well as fee-related disclosures.

5495537.10

| Code | Project Category | Total Hours | Total Fees |
|------|------------------|------------:|-----------:|
| L460 | Post-Trial Motions and Submissions | 0.30 | 274.50 |
| L510 | Appellate Motions and Submissions | 4.00 | 2,895.00 |
| L520 | Appellate Briefs | 0.60 | 536.50 |
| L530 | Oral Argument | 9.50 | 8,155.00 |
| P260 | Intellectual Property | 172.90 | 96,641.00 |
| P280 | Other | 1.50 | 1,252.50 |
| P400 | Initial Document Preparation/Filing | 1.50 | 817.50 |
|  |  |  |  |
| **Total** |  | **8,713.60** | **$6,510,786.85** |

2

## **EXHIBIT E**

**Summary of Expense Reimbursement Requested by Category**

### Expense Summary for Debtors

| Expenses Category | Total Expenses |
| --- | --- |
| Air Fare | 11,086.39 |
| Binding | 13.50 |
| Car Rental Charges | 330.69 |
| Computerized Research Services | 18,845.87 |
| Consultants Fees[1] | 397,604.87 |
| Courier Services | 1,572.48 |
| Court Costs | 147.50 |
| Document Storage/Retrieval | 13.40 |
| Dues | 180.00 |
| Federal Express Charges | 450.71 |
| Filing Fees and Related | 15,065.85 |
| Hotel | 11,597.80 |
| Legal Publication Expense | 669.78 |
| Lexis/Legal Research | 52.38 |
| Local Mileage Charges | 46.40 |
| Local Parking Charges | 167.00 |
| Meals | 2,384.41 |
| Pacer Research Fees | 2,885.10 |
| Postage | 76.60 |
| Printing Charges | 5,381.01 |
| Research Fees | 457.63 |
| Staff Overtime Charges - Secretary | 832.50 |
| Subpoena | 81.00 |
| Subway | 5.50 |
| Supplies | 84.71 |
| Taxi Fare | 6,092.59 |
| Telephone | 890.53 |
| Temporary Employee Expense | 294,322.11 |
| Train Fare | 2,136.75 |
| Transcripts | 34,459.90 |
| Video and Electronic Expenses | 4,900.00 |
| Westlaw Search Fees | 2,780.00 |
|  |  |
| **Total** | **$815,614.96** |

---

[1]    These consultant fees include $352,793.21for Ankura Consulting Group, LLC, a firm that manages a document hosting platform necessary for Dechert to provide legal services to the Debtors.

## EXHIBIT F

**Budget and Staffing Plan**

**MASS TORT LITIGATION BUDGET**

**Scenario:  Bankruptcy in September; No trial; Cases, including government cases and cases again related parties, stayed**

| Category | Sep-19 | Oct-19 | Nov-19 | Dec-19 | Jan-20 |
|---|---|---|---|---|---|
| Base Rate | $8,000,000 | $6,500,000 | $3,500,000 | $3,000,000 | $1,562,500 |
| Additional Trial Fees | | | | | |
| Appeal Fees | | | | | |
| Subtotals | $8,000,000 | $6,500,000 | $3,500,000 | $3,000,000 | $1,562,500 |
| | | | | | |
| Before Discount | $8,000,000 | $6,500,000 | $3,500,000 | $3,000,000 | $1,562,500 |
| Discount | $1,600,000 | $1,300,000 | $700,000 | $600,000 | $312,500 |
| After Discount | $6,400,000 | $5,200,000 | $2,800,000 | $2,400,000 | $1,250,000 |

**BANKRUPTCY RELATED BUDGET**
**SEPTEMBER 2019-JANUARY 2020**

| CATEGORY | ESTIMATED FEES |
|---|---|
| CASE ADMINISTRATION | $75,000-$150,000 |
| BUDGETING | $25,000-$30,000 |
| FEE/EMPLOYMENT APPLICATIONS | $50,000-$100,000 |
| CLAIMS/ESTIMATION | $100,000-$300,000 |

**DECHERT STAFFING PLAN**
**SEPTEMBER 2019-JANUARY 2020**

| Years of Experience for Timekeeper (based on law school graduation) | Number of Timekeepers Expected to Work on the Matter During the Budget Period | Average Hourly Rate |
|---|---|---|
| 15+ Years | 8 | $1027.00 |
| 8-14 Years | 5 | $895.00 |
| 4-7 Years | 3 | $812.00 |
| 0-3 Years | 2 | $565.00 |
| Paralegal | 1 | $200.00 |

# EXHIBIT G

**Blended Rate Schedule**

5495537.10

**Blended Rate Schedule**

Dechert's hourly rates for bankruptcy services are comparable to the hourly rates charged in complex chapter 11 cases by comparably skilled bankruptcy attorneys. In addition, Dechert's hourly rates for bankruptcy services are comparable to the rates charged by the Firm, and by comparably skilled practitioners in other firms, for complex corporate and litigation matters, whether in court or otherwise, regardless of whether a fee application is required. By way of example, Dechert's blended hourly rates for attorneys and paraprofessionals in the Financial Services, the Finance and Real Estate, and the White Collar, Securities, and Complex Commercial Litigation practice groups of the Firm for the prior calendar year were as set forth below. Dechert believes that the services performed by those sections of the Firm are comparable to the services performed professionals who performed services during the Compensation Period. Also included below is blended hourly rate information for the past calendar year for all sections of the Firm.

| Category of Timekeeper | Blended Hourly Rate[1] | | |
|---|---|---|---|
| | **Billed** In comparable practice areas[2] for preceding calendar year | **Billed** Firm-wide for preceding calendar year | **Billed** This Application |
| Partner | $1,007.00 | $988.00 | $1,012.54 |
| Counsel | $825.00 | $756.00 | $882.52 |
| Associate | $644.00 | $629.00 | $715.52 |
| Paralegal | $276.00 | $249.00 | $204.99 |
| **Aggregated:** | **$718.00** | **$704.00** | **$776.02** |

1 - All columns reflect US information only

2 - Comparable practice areas reflect Finance and Real Estate, Financial Services, and White Collar, Securities, and Complex Commercial Litigation information only

5495537.10