**BROWN RUDNICK LLP**
David J. Molton, Esq.
Steven D. Pohl, Esq. (admitted *pro hac vice*)
7 Times Square
New York, NY  10036
Telephone:  (212) 209-4800
Facsimile:  (212) 209-4801

*Co-Counsel to the Ad Hoc Committee of*
*Governmental and Other Contingent*
*Litigation Claimants*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------X
|  |  : |  |
| In re: | : | Chapter 11 |
|  | : |  |
| PURDUE PHARMA L.P., *et al.*, | : | Case No. 19-23649 (RDD) |
|  | : |  |
| Debtors[1]. | : | (Jointly Administered) |
|  | : |  |

---------------------------------------------------------------- X

### SUMMARY COVER SHEET FOR FIRST INTERIM APPLICATION OF BROWN RUDNICK LLP, AS CO-COUNSEL TO THE AD HOC COMMITTEE OF GOVERNMENTAL AND OTHER CONTINGENT LITIGATION CLAIMANTS FOR SERVICES AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD OF SEPTEMBER 16, 2019 THROUGH JANUARY 31, 2020

---

[1]   The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584) Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

| | |
|---|---|
| **Name of Applicant:** | Brown Rudnick LLP |
| **Authorized to Provide Professional Services to:** | The Ad Hoc Committee of Governmental and Other Contingent Litigation Claimants |
| **Date of Order Approving Debtors' Payment of Fees and Expenses of Applicant:** | December 2, 2019 [Docket No. 553] |
| **Period for which compensation and reimbursement are sought:** | September 16, 2019 through January 31, 2020 |
| **Amount of Compensation sought as actual, reasonable, and necessary:** | $1,135,221.75 |
| **Current Fee Request** | $477,421.75 |
| **Amount of Compensation previously Awarded:** | $657,800.00 |
| **Amount of Expense Reimbursement sought as actual, reasonable, and necessary:** | $11,073.89 |
| **Amount of Expense Reimbursement previously awarded:** | $9,290.70 |
| **Amount of Prior Holdbacks** | $227,044.35 |
| **Total Fees and Expenses Inclusive of Holdback** | $1,146,295.64 |
| **This is a(n)**: ___ Monthly Application     _X_ Interim Application     ___Final Application | |

**BROWN RUDNICK LLP**
David J. Molton, Esq.
Steven D. Pohl, Esq. (admitted *pro hac vice*)
7 Times Square
New York, NY 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801

*Co-Counsel to the Ad Hoc Committee of*
*Governmental and Other Contingent*
*Litigation Claimants*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------X
                                                              :
In re:                                                        :    Chapter 11
                                                              :
PURDUE PHARMA L.P., *et al.*,                                 :    Case No. 19-23649 (RDD)
                                                              :
              Debtors[1].                                     :    (Jointly Administered)
                                                              :
----------------------------------------------------------- X


**FIRST INTERIM FEE APPLICATION OF BROWN RUDNICK LLP**
**AS CO-COUNSEL TO THE AD HOC COMMITTEE OF**
**GOVERNMENTAL AND OTHER CONTINGENT LITIGATION CLAIMANTS**
**FOR SERVICES AND REIMBURSEMENT OF EXPENSES INCURRED**
**FOR THE PERIOD OF SEPTEMBER 16, 2019 THROUGH JANUARY 31, 2020**

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584) Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

Pursuant to the *Order Authorizing the Debtors to Assume the Reimbursement Agreement and Pay the Fees and Expenses of the Ad Hoc Committee's Professionals* [Docket No. 553] (the "Fee Assumption Order"), and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals*, dated November 21, 2019 [Docket No. 529] (the "Interim Compensation Order"), Brown Rudnick LLP ("Brown Rudnick") Co-Counsel to the Ad Hoc Committee of Governmental and Other Contingent Litigation Claimants (the "Ad Hoc Committee") in the above-captioned case, hereby submits this First Interim Fee Application  (the "Application") for the period of September 16, 2019 through and including January 31, 2020 (the "Application Period").

## Summary of Application

1.      Brown Rudnick seeks allowance of interim compensation for professional services rendered to the Ad Hoc Committee during the Application Period in the aggregate amount of $1,135,221.75, and for reimbursement of expenses incurred and recorded in connection with the rendition of such services in the aggregate amount of $11,073.89.  During the Application Period, Brown Rudnick attorneys and paraprofessionals expended a total of 1,062.7 hours for which compensation is requested.  A schedule setting forth the number of hours expended by each of the partners, associates and paraprofessionals of Brown Rudnick who rendered services to the Ad Hoc Committee, their respective hourly rates, and the year of the bar admissions for each Brown Rudnick attorney is attached hereto as Exhibit A. A summary of time records on a project category basis is attached hereto as Exhibit B[2].  A narrative description of each project category and a schedule setting forth a description of the project category utilized in these cases with the total number of hours expended by the attorneys and paraprofessionals of

---

[2]     Copies of Brown Rudnick's invoices for the period September 16, 2019 through January 31, 2019 were previously filed with the Court.

Brown Rudnick by project category, and the aggregate fees associated with each project category, is attached hereto as Exhibit C.  Detailed descriptions of the expenses for which Brown Rudnick is seeking reimbursement are attached hereto as Exhibit D.

2.      In preparing this Application, Brown Rudnick seeks interim allowance of compensation and reimbursement of expenses pursuant to the Fee Assumption Order, Rule 2016 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), Rule 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules"), the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases (February 5, 2013) promulgated pursuant to Local Bankruptcy Rule 2016-1(a) (the "Local Guidelines"), and the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. §330 for Attorneys in Larger Chapter 11 Cases effective as of November 1, 2013 (the "U.S. Trustee Guidelines" and together with the Local Guidelines, the "Fee Guidelines"), the Interim Compensation Order and the Fee Assumption Order, together with the Fee Guidelines, the "Guidelines").  A certification regarding compliance with the Guidelines is annexed hereto.

3.      Brown Rudnick believes that all applicable time and disbursement charges for the Application Period have been included herein.  However, to the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Application Period, but were not processed prior to the preparation of this Application, Brown Rudnick reserves the right to request additional compensation for such services and reimbursement of such expenses in a future application.

**Jurisdiction and Venue**

4.    The Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1134, and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 10, 1984 (Ward, Acting CJ.). Consideration of this Application is a core proceeding pursuant to 28 U.S.C. §§ 157. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

5.    On September 15, 2019 (the "Petition Date"), Purdue Pharma L.P. ("PPLP") and its affiliates that are debtors and debtors in possession (collectively, the "Debtors") each commenced with the Court a voluntary case under chapter 11 of the title 11 of the Bankruptcy Code. The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' chapter 11 cases are being jointly administered for procedural purposed only pursuant to Bankruptcy Rule 1015(b).

6.    The Ad Hoc Committee formed prior to the Debtors' bankruptcy filings to facilitate the negotiation of a settlement structure for a comprehensive resolution of litigation concerning the Debtors' opioid businesses. Prior to the Debtors' bankruptcy filings, the Ad Hoc Committee and the Debtors and their shareholders agreed to (the "Settlement Structure"), which was reduced to writing in a Term Sheet filed on October 8, 2019 (the "Term Sheet"), and entered into a reimbursement agreement (the "Prepetition Reimbursement Agreement").

7.    On October 29, 2019, the Debtors' filed the *Motion to Assume the Prepetition Reimbursement Agreement with the Ad Hoc Committee, and to Pay the Fees and Expenses of the Ad Hoc Committee's Professionals* (the "Fee Assumption Motion") [Docket No. 394].

8. On December 2, 2019, the Court granted the Fee Assumption Motion by entering the Fee Assumption Order.

9. This is Brown Rudnick's first application for allowance of interim compensation for services rendered and for reimbursement of expenses. Brown Rudnick has previously Provided monthly fee statements covering the period from September 16, 2019 through January 31, 2020, to the Debtors, the U.S. Trustee, and other notices parties in accordance with the provisions of the Interim Compensation Order and the Fee Assumption Order and has received payment with respect thereto, as set forth below:

| Monthly Statement | Total Fees | Fees Paid | Total Expenses | Expenses Paid | 20% Holdback | Total Balance Remaining to be Paid[3] |
|---|---|---|---|---|---|---|
| 9/16/19 – 10/31/19 | $455,218.50 | $364,174.80 | $6,788.43 | $6,788.43 | $91,043.70 | $91,043.70 |
| 11/1/19 – 11/30/19 | $144,196.00 | $115,356.80 | $581.23 | $581.23 | $28,839.20 | $28,839.20 |
| 12/1/19 – 12/31/19 | $222,835.50 | $178,268.40 | $1,921.04 | $1,921.04 | $44,567.10 | $44,567.10 |
| 1/1/20 – 1/31/20 | $312,971.75 | $0 | $1,783.19 | $0 | $62,594.35 | 312,971.75 |
| Total | $1,135,221.75 | $657,800.00 | $11,073.89 | $9,290.70 | $227,044.35 | $477,421.75 |

## Services Rendered by Brown Rudnick During the Application Period

10. Brown Rudnick has recorded time charges in these chapter 11 cases separately for each matter as to which it has given attention during the Application Period. For purposes of this Application, the services rendered have been segregated into eleven (11) categories, as follows:[4]

    a.    Assets Analysis and Recovery

    b.    Assumption and Rejection of Leases

---

[3] The $477,421.75 total balance remaining to be paid for all the Monthly Statements through December 31, 2019 represents (a) the 20% percent holdbacks for the period September 16, 2019 through December 31,2019; and (b) the total fees and expenses for the period January 1, 2020 through January 31, 2020.

[4] In accordance with the Fee Assumption Order, Brown Rudnick has separately recorded work performed related to allocation of value among the Debtors' creditors, and, to the best of its knowledge, Brown Rudnick has not included time relating to such allocation in this Application.

    c.        Business Operations

    d.        Case Administration

    e.        Claims Analysis

    f.        Employment and Fee Applications

    g.        Emergency Financing

    h.        Litigation – Contested Matters, Adversary Proceedings and Automatic Stay

    i.        Meetings and Communications with Ad Hoc Committee & Creditors

    j.        Non-Working Travel

    k.        Plan and Disclosure Statement

11.    Attached hereto as <u>Exhibit C</u>  is a narrative description of each project category and a schedule setting forth a description of the project category utilized in these chapter 11 cases, which the total number of hours expended by the attorneys and paraprofessionals of Brown Rudnick by project category and aggregate fees associated with each category referenced above in paragraph 11.

## **Disbursements**

12.    Brown Rudnick has disbursed $11,073.89 as expenses incurred and recorded in providing professional services during the Application Period.  None of these expensed exceeds the maximum rate set by the Guidelines.  These charges are intended to cover Brown Rudnick's direct costs, which costs are not incorporated into Brown Rudnick's hourly fees.  Only clients who actually use services of the types for which reimbursement is sought are separately charged for such service.

13.     Brown Rudnick respectfully submits that the actual expenses incurred in providing professional services for which reimbursement is sought in this Application were reasonable and justified under the circumstances to serve the needs of the Ad Hoc Committee in accordance with the Fee Assumption Order.

## The Requested Compensation Should be Allowed

14.     The Fee Assumption Order provides that Brown Rudnick's reasonable and documented fees and expenses shall be subject *mutatis mutandis*, to the procedures with respect to the authorization of payment of the fees and expenses of the professionals of the Debtors and the UCC as set forth in the Interim Compensation Order. Therefore, while this Application is not strictly subject to sections 331 and 330 of the Bankruptcy Code, we are guided by such provisions in making this Application. Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of Section 330 to govern a court's award of such compensation. *See* 11 U.S.C. §§ 330, 331.

15.     Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extent, and the value of such services, taking into account all relevant factor, including:
>
> a.     the time spent on such services,
>
> b.     the fees charged for such services,
>
> c.     whether the services were necessary to the administration of or beneficial at the time at which the service was rendered toward the completion of a case under this title;
>
> d.     whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed, and

     e.     whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U. S. C. § 330(a)(3).

16.     As set forth in greater detail below, Brown Rudnick respectfully submits that it has satisfied the requirements of the Fee Assumption Order and section 330 of the Bankruptcy Code as they may be applied to the Application through the Fee Assumption Order.  The services for which it seeks compensation in this Application were necessary for the adequate representation of the Ad Hoc Committee, and in all respects consistent with the Reimbursement Agreement, the Fee Assumption Motion and in furtherance of the Ad Hoc Committee's duties under the Settlement Structure and Term Sheet.  Brown Rudnick's request for compensation is reflective of a reasonable and appropriate amount of time expended in performing such services commensurate with the complexity, importance and nature of the problem, issue, or task involved.  As described in the Fee Assumption Motion and in supportive filings made therewith, Brown Rudnick was and continues to be committed to performing these services without unnecessary duplication of effort by: (1) professionals employed by Brown Rudnick; or (2) other professionals employed by the Ad Hoc Committee.  The compensation sought by Brown Rudnick is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under the Bankruptcy Code.  Indeed, Brown Rudnick's monthly fees are comparable with other similarly qualified legal advisors appearing in this and other chapter 11 cases.  For all of the foregoing reasons, Brown Rudnick respectfully requests that the Court grant this Application.

**Supplemental Disclosures Required by UST Guidelines**

17.    Pursuant to Section C.3 of the UST Guidelines, Brown Rudnick's hourly rates for bankruptcy services are comparable to the hourly rates charged in complex chapter 11 cases by comparably skilled bankruptcy attorneys.    In addition, Brown Rudnick's hourly rates for bankruptcy services are comparable to the rates charged by the firm, and by comparably skilled practitioners in other firms, for complex corporate and litigation matters, whether in court or otherwise, regardless of whether a fee application is required.    By way of example, Brown Rudnick's blended hourly rates for attorneys and paraprofessionals for all sections of the firm, excluding the Restructuring section, for the prior calendar year were set forth on the attached Exhibit E.

18.    The following statements address the information required pursuant to Section C.5 of the UST Guidelines:

a.    During the Application Period, Brown Rudnick did not agree to any variations from, or alternatives to, its standard or customary billing rates, fees or terms for service pertaining to this engagement, except as described herein.

b.    The fees sought in this Application are not more than 10% higher as compared to the budget provided to the Debtors.  The budget with respect to the Application Period is discussed more fully below.

c.    None of the professionals included in this Fee Application varied their hourly rate based on the geographical location of the bankruptcy case.

d.    This Application does not include time or fees related to reviewing or revising time records or preparing, reviewing or revising invoices.

e.    This Application does not include time or fees for reviewing time records to redact any privileged or other confidential information.

19.    Additionally, on March 13. 2020 Brown Rudnick filed its *Fourth Monthly Fee Statement*, wherein it disclosed that it had increased it hourly rates charged by its professionals pursuant to its ordinary annual review process.

9

20.    With respect to the use of a budget and staffing plan as suggested in Section C.6 of the UST Guidelines, Brown Rudnick has, contemporaneous herewith, provided a general budget to the Debtors and identified the core team of professionals that worked on various projects with the assistance of other professionals as the case needs dictated.  A copy of the budget and staffing plan that provided to the Debtors is attached hereto as <u>Exhibit F</u>.  Prior to the circulation of this general budget, Brown Rudnick provided a non-itemized budget to the Debtors regarding the period covered by this Application.  Brown Rudnick confirms that the fees sought in this Application are not more than 10% higher as compared to the non-itemized budget.  A prospective estimate budget for the next interim fee period shall be provided to the Debtors.

21.    Brown Rudnick has not previously applied for payment of fees or reimbursement of any disbursement during these cases, except for the monthly fee statements it has submitted and filed with the Court.  Brown Rudnick does not hold a retainer in respect of its services as co-counsel to the Ad Hoc Committee.

22.    In accordance with Section 504 of the Bankruptcy Code and Fed. R. Bankr. P. 2016(a), no agreement or understanding exists between Brown Rudnick and any other persons for the sharing of compensation received or to be received for services rendered in or in connection with these cases.

23.    No agreement or understanding prohibited by 18 U.S.C. § 155 has been or will be made by Brown Rudnick.

24.    The undersigned has reviewed the requirements of Local Rule 2016-2 and certified that this Application complies with that Local Rule.

25.    Notice of this Application has been provided in accordance with the Interim Compensation Order.  Brown Rudnick submits that no other or further notice need be provided.

26.    Brown Rudnick reserves all rights and claims.  Without limiting the generality of the foregoing, Brown Rudnick reserves its rights to submit future monthly fee applications, interim fee applications, and final fee applications, including, without limitation, fee applications seeking final allowance of all amounts sought to be paid or reimbursed herein and in respect of any amounts held back pursuant to the Interim Compensation Order or otherwise.

WHERFORE, Brown Rudnick respectfully requests (i) interim allowance of compensation for professional services rendered as counsel for the Ad Hoc Committee in the amount of $1,135,221.75 in fees for the period of September 16, 2019 through January 31, 2020, (ii) and interim allowance of reimbursement of actual and necessary disbursements incurred and recorded by Brown Rudnick in the amount of $11,073.89.

Dated:  March 16, 2020                Respectfully submitted,

                                      BROWN RUDNICK LLP

                                      /s/ David J. Molton
                                      David J. Molton
                                      Steven D. Pohl (admitted pro hac vice)
                                      Seven Times Square
                                      New York, New York 10019
                                      Telephone:    (212) 209-4800
                                      Facsimile:    (212) 209-4801
                                      E-mail: dmolton@brownrudnick.com
                                              spohl@brownrudnick.com

                                      Co-Counsel to the Ad Hoc Committee of
                                      Governmental and Other Contingent Litigation
                                      Claimants

# EXHIBIT A

## EXHIBIT A

### SERVICES RENDERED BY
### BROWN RUDNICK LLP

### COMMENCING SEPTEMBER 16, 2019 THROUGH JANUARY 31, 2020

### Summary of Hours and Fees by Professional

| Name of Professional | Position/Year Admitted to Practice/Department | 2019 Hourly Billing Rate | 2020 Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| David J. Molton | Partner 1983<br>Bankruptcy & Corporate Restructuring | $1,340.00 | $1,405.00 | 409.9 | $550,779.00 |
| Steven D. Pohl | Partner 1989<br>Bankruptcy & Corporate Restructuring | $1,235.00 | $1,295.00 | 253.7 | $311,200.25 |
| Barbara J. Kelly | Counsel 1982<br>Corporate & Capital Markets | $1,010.00 | $1,060.00 | 23.4 | $24,804.00 |
| Cathrine M. Castaldi | Partner 1991<br>Bankruptcy & Corporate Restructuring | $950.00 | $1,000.00 | 2.4 | $2,280.00 |
| Vincent J. Guglielmotti | Partner 2005<br>Corporate & Capital Markets | $940.00 | $985.00 | 0.6 | $577.50 |
| D. George Andreson | Partner 2003<br>Dispute Resolution | $900.00 | $900.00 | 0.2 | $180.00 |
| Nicole M. Bouchard | Partner 2005<br>Corporate & Capital Markets | $825.00 | $865.00 | 10.6 | $9,169.00 |
| Kenneth Aulet | Partner 2012<br>Bankruptcy & Corporate Restructuring | $825.00 | $865.00 | 53.8 | $44,709.00 |
| Gerard T. Cicero | Associate 2015<br>Bankruptcy & Corporate Restructuring | $650.00 | $800.00 | 231.9 | $160,185.00 |
| Jessica N. Meyers | Associate 2015<br>Commercial Litigation | $650.00 | $800.00 | 0.4 | $260.00 |
| Alexander A. Fraser | Associate 2018<br>Bankruptcy & Corporate Restructuring | $585.00 | $615.00 | 0.4 | $234.00 |
| Cyavash, N. Ahmadi | Associate 2014<br>Corporate & Capital Markets | N/A | $585.00 | 1.9 | $1,111.50 |
| Honieh Udenka | Associate 2017<br>Litigation and Arbitration | $485.00 | $510.00 | 8.3 | $4,025.50 |
| Harriet Cohen | Paralegal<br>Bankruptcy & Corporate Restructuring | $395.00 | $415.00 | 0.9 | $355.50 |
| Alexandra M. Deering | Paralegal<br>Bankruptcy & Corporate Restructuring | $395.00 | $395.00 | 54.9 | $21,685.50 |
| Carol Ennis | Paralegal<br>Bankruptcy & Corporate Restructuring | $390.00 | N/A | 9.4 | $3,666.00 |
| **Total Fees Requested** | | | | **1,062.7** | **$1,135,221.75** |

# EXHIBIT B

**EXHIBIT B**

**Summary of Detailed Time Records**

| Project Category | Total Hours | Total Fees |
|---|---|---|
| 002 Asset Analysis and Recovery | 65.90 | $65,054.50 |
| 003 Assumption and Rejection of Leases and Contracts | 78.00 | $88,576.50 |
| 004 Business Operations | 124.20 | $124,783.50 |
| 005 Case Administration | 111.80 | $102,750.50 |
| 007 Claims Analysis | 40.10 | $46,111.50 |
| 008 Employment and Fee Applications | 42.80 | $22,678.00 |
| 009 Emergency Financing | 96.00 | $108,968.00 |
| 010 Litigation – Contested Matters, Adversary Proceedings and Automatic Stay | 102.80 | $119,614.50 |
| 011 Meetings and Communication with Ad Hoc Committee & Creditors | 241.10 | $283,074.00 |
| 012 Non-Working Travel (billed @50%) | 13.70 | $8,935.75 |
| 014 Plan and Disclosure Statement | 146.30 | $164,675.00 |
| **Total** | **1,062.7** | **$1,135,221.75** |
| | | |

# **<u>EXHIBIT C</u>**

<u>**EXHIBIT C**</u>

**Summary of Hours Billed by Professional by**
<u>**Project Category and Narrative Description of Each Project Category**</u>

<u>**Overview**</u>

During the period from September 16, 2019 through January 31, 2020 (the "<u>Application</u> <u>Period</u>"), as more fully set forth below, Brown Rudnick provided legal advice, representation and services to the Ad Hoc Committee within the mandate of the Ad Hoc Committee as defined in the Reimbursement Agreement (the "<u>Scope</u>").  The Ad Hoc Committee's Scope is "to negotiate and support the terms and definitive documents associated with the Settlement and to take such other actions as may be necessary or appropriate to facilitate the Settlement, and not to take positions adverse to the Settlement, engage in litigation activities, review or investigate other matters, or engage in matters in which the respective members of the Ad Hoc Committee may be in conflict."  Additionally, Brown Rudnick was focused on coordinating the advice and efforts of the Ad Hoc Committee's non-state members.  As further described in the Application, Brown Rudnick has not included, to the best of its knowledge, any time relating to the allocation of value among the Debtors' creditors.

A.    <u>**Asset Analysis and Recovery**</u>

During the Application Period, Brown Rudnick engaged with the Debtors' and shareholders' counsel on a number of initial due diligence issues.  Among other things, Brown Rudnick assisted in negotiating a confidentiality agreement to govern the bankruptcy cases and began reviewing and analyzing diligence, data, and analysis received from the shareholder parties and from the Ad Hoc Committee's financial professionals.  Because of the unique nature of these cases and challenges surrounding disclosure of information to governmental entities, it took the parties a number of weeks to reach mutually agreeable terms for confidentiality, and an

agreed to protective order, which was entered at Docket No.784. Brown Rudnick also explored the potential coordination of diligence efforts with Canadian plaintiffs. Brown Rudnick analyzed the business plans and other financial information shared by the shareholder parties regarding their Independent Associated Companies, which is a fundamental part of the Settlement Framework and Term Sheet and expended significant time reviewing tax issues and preparing advice memoranda on how to maximize tax attributes to the Debtors' estates in respect of the shareholder parties' Independent Associated Companies. Brown Rudnick strategized with its co-counsel regarding progressing the collective analysis and diligence of the Independent Associated Companies.

**Summary of Hours Billed**

| Timekeeper | Position | 2019 Rate | 2020 Rate | Hours | Amount |
|---|---|---|---|---|---|
| Molton, David J. | Partner | $1,340.00 | $1,405.00 | 6.3 | $8,507.00 |
| Pohl, Steven | Partner | $1,235.00 | $1,295.00 | 9.7 | $12,249.50 |
| Kelly, Barbara J | Partner | $1,010.00 | $1,060.00 | 19.9 | $21,094.00 |
| Guglielmotti, Vincent J. | Partner | $940.00 | $985.00 | 0.3 | $282.00 |
| Andreson, Derek | Partner | $900.00 | $900.00 | 0.2 | $180.00 |
| Bouchard, Nicole M. | Partner | $825.00 | $865.00 | 3.6 | $3,114.00 |
| Aulet, Kenneth | Partner | $825.00 | $865.00 | 7.7 | $6,616.50 |
| Cicero, Gerard T. | Associate | $650.00 | $800.00 | 16.3 | $11,900.00 |
| Ahmadi, Cyavash, N. | Associate | N/A | $585.00 | 1.9 | $1,111.50 |
| **Total Hours and Fees Billed** | | | | **65.9** | **$65,054.50** |

## B.    Assumption and Rejection of Leases

During the Application Period, Brown Rudnick spent a considerable amount of time counseling the Ad Hoc Committee on matters associated with securing the assumption of its Reimbursement Agreement. Brown Rudnick's work in connection therewith included:

strategizing with the Ad Hoc Committee on what steps were necessary to secure assumption; assisting in the drafting of a letter to the United States Trustee in support of assumption; multiple rounds of substantive revisions to the Debtors' motion to assume the Reimbursement Agreement; developing evidentiary materials in support of the Debtors' motion, to the extent it was deemed advisable; assisting in the drafting of supporting papers on behalf of the Ad Hoc Committee; working with underlying municipalities and tribes to garner support for the assumption of the Reimbursement Agreement; and working and commenting on the attendant Fee Assumption Order.

**Summary of Hours Billed**

| Timekeeper | Position | 2019 Rate | 2020 Rate | Hours | Amount |
|---|---|---|---|---|---|
| Molton, David J. | Partner | $1,340.00 | $1,405.00 | 26.5 | $35,510.00 |
| Pohl, Steven | Partner | $1,235.00 | $1,295.00 | 31.4 | $38,779.00 |
| Castaldi, Cathrine M. | Partner | $950.00 | $1,000.00 | 0.8 | $760.00 |
| Aulet, Kenneth | Partner | $825.00 | $865.00 | 7.8 | $6,435.00 |
| Cicero, Gerard T. | Associate | $650.00 | $800.00 | 10.0 | $6,500.00 |
| Deering, Alexandra, M. | Paralegal | $395.00 | $395.00 | 1.5 | $592.50 |
| **Total Hours and Fees Billed** | | | | **78.0** | **$88,576.50** |

## C.    Business Operations

During the Application Period, Brown Rudnick's attention to the Debtors' business operations primarily focused on: (1) aligning the Debtors' second day relief, and particularly, their wages motion with the goals and objectives of the Term Sheet; (2) participating in the Debtors' voluntary injunction and monitor selection program; (3) addressing tax questions in respect of the Debtors' go-forward business plan; and (4) analyzing and providing the Ad Hoc Committee advice on the Debtors' proposal to enter into a new contract in respect of an overdose

3

reversal medication. Among other things, Brown Rudnick worked closely with the Ad Hoc Committee's financial professionals to review and analyze the Debtors' proposed first and second day relief and advice the Ad Hoc Committee on the same. Brown Rudnick provided substantive edits to each of the proposed orders in respect of the second day relief and drafted pleadings in respect of the same.  Brown Rudnick coordinated closely with non-state and state members of the Ad Hoc Committee to participate in every stage of the monitor selection process and provided memoranda to the Ad Hoc Committee on the monitor candidates. Brown Rudnick's tax professionals reviewed various tax issues in order to identify for the Ad Hoc Committee areas in the potential settlement and business where tax attributes can be maximized.

### Summary of Hours Billed

| Timekeeper | Position | 2019 Rate | 2020 Rate | Hours | Amount |
|---|---|---|---|---|---|
| Molton, David J. | Partner | $1,340.00 | $1,405.00 | 37.0 | $50,470.50 |
| Pohl, Steven | Partner | $1,235.00 | $1,295.00 | 21.9 | $27,166.50 |
| Kelly, Barbara J | Partner | $1,010.00 | $1,060.00 | 3.5 | $3,710.00 |
| Bouchard, Nicole M. | Partner | $825.00 | $865.00 | 7.0 | $6,055.00 |
| Aulet, Kenneth | Partner | $825.00 | $865.00 | 0.5 | $432.50 |
| Cicero, Gerard T. | Associate | $650.00 | $800.00 | 53.9 | $36,715.00 |
| Fraser, Alexander A. | Associate | $585.00 | $615.00 | 0.4 | $234.00 |
| **Total Hours and Fees Billed** | | | | **124.2** | **$124,783.50** |

### D.    Case Administration

The fees captured in this category include fees for all services rendered by Brown Rudnick that address the general administration of the case on behalf of the Ad Hoc Committee including specific matters that are not readily classifiable into other more specific matters.  This category includes time incurred organizing the Ad Hoc Committee, monitoring the case docket,

complying with local rules and service requirements, negotiating and resolving protective order issues, and reviewing and preparing task lists and strategy for the Ad Hoc Committee. Additionally, this category includes time spent by Brown Rudnick attorneys attending certain hearings before the Bankruptcy Court and in developing, alongside, other case parties the mediation program that was ordered by the Court on March 4, 2020 [Docket No. 895].

**Summary of Hours Billed**

| Timekeeper | Position | 2019 Rate | 2020 Rate | Hours | Amount |
|---|---|---|---|---|---|
| Molton, David J. | Partner | $1,340.00 | $1,405.00 | 33.2 | $45,606.00 |
| Pohl, Steven | Partner | $1,235.00 | $1,295.00 | 23.1 | $28,528.50 |
| Castaldi, Cathrine M. | Partner | $950.00 | $1,000.00 | 0.5 | $475.00 |
| Aulet, Kenneth | Partner | $825.00 | $865.00 | 9.1 | $7,507.50 |
| Cicero, Gerard T. | Associate | $650.00 | $800.00 | 10.0 | $6,500.00 |
| Deering, Alexandra, M. | Paralegal | $395.00 | $395.00 | 26.5 | $10,467.50 |
| Ennis, Carol S. | Paralegal | $390.00 | N/A | 9.4 | $3,666.00 |
| **Total Hours and Fees Billed** | | | | **111.8** | **$102,750.50** |

**E.    Claims Analysis**

During the Application Period, Brown Rudnick spent considerable time negotiating the contents and timing of the Bar Date Order and proof of claim material for the benefit of the Ad Hoc Committee and their underlying constituents. This effort included numerous conference calls with multiple parties, including the Official Creditors' Committee and Debtors and multiple line revisions of the proposed order and materials.  Because of Brown Rudnick's efforts, the Debtors were able to achieve a largely uncontested hearing on their Bar Date.

**Summary of Hours Billed**

| Timekeeper | Position | 2019 Rate | 2020 Rate | Hours | Amount |
|---|---|---|---|---|---|
| Molton, David J. | Partner | $1,340.00 | $1,405.00 | 21.2 | $28,882.50 |
| Pohl, Steven | Partner | $1,235.00 | $1,295.00 | 5.6 | $6,994.00 |
| Cicero, Gerard T. | Associate | $650.00 | $800.00 | 12.9 | $9,975.00 |
| Meyers, Jessica N. | Associate | $650.00 | $800.00 | 0.4 | $260.00 |
| **Total Hours and Fees Billed** | | | | **40.1** | **$46,111.50** |

## F.    Employment and Fee Applications

During the Application Period, Brown Rudnick prepared and drafted Brown Rudnick's

first, second, and third monthly fee applications in accordance with the Interim Compensation

Order.

**Summary of Hours Billed**

| Timekeeper | Position | 2019 Rate | 2020 Rate | Hours | Amount |
|---|---|---|---|---|---|
| Pohl, Steven | Partner | $1,235.00 | $1,295.00 | 2.4 | $3,042.00 |
| Cicero, Gerard T. | Associate | $650.00 | $800.00 | 12.6 | $8,655.00 |
| Cohen, Harriet E. | Paralegal | $395.00 | $415.00 | 0.9 | $355.50 |
| Deering, Alexandra, M. | Paralegal | $395.00 | $395.00 | 26.9 | $10,625.50 |
| **Total Hours and Fees Billed** | | | | **42.8** | **$22,678.00** |

## G.    Emergency Financing

During the Application Period, Brown Rudnick expended considerable time and effort

assisting the Ad Hoc Committee, including its non-state members in developing and negotiating

an ERF that garnered the support of governmental entities.  Brown Rudnick participated in and

led numerous internal and external conference calls and negotiating sessions with respect to the

ERF.  Brown Rudnick coordinated comments and revisions to the Ad Hoc Committee's ERF

proposal(s) with individual Ad Hoc Committee members and coordinated external comments to the same. Brown Rudnick reviewed external proposals for the use and structure of the ERF provided by, among others, the Official Creditors' Committee and provided the Ad Hoc Committee with advice regarding the same. Brown Rudnick also worked with the Ad Hoc Committee to develop strategy on how to progress the ERF with the Debtors, Official Creditors' Committee and various other parties in interest in these cases. Brown Rudnick's work over the course of the application period included multiple in person and phone conference meetings among the Ad Hoc Committee, and subgroups thereof, as well as with other case parties.

**Summary of Hours Billed**

| Timekeeper | Position | 2019 Rate | 2020 Rate | Hours | Amount |
|---|---|---|---|---|---|
| Molton, David J. | Partner | $1,340.00 | $1,405.00 | 55.7 | $77,121.00 |
| Pohl, Steven | Partner | $1,235.00 | $1,295.00 | 5.2 | $6,692.00 |
| Cicero, Gerard T. | Associate | $650.00 | $800.00 | 35.1 | $25,155.00 |
| **Total Hours and Fees Billed** | | | | **96.0** | **$108,968.00** |

## H.    Litigation – Contested Matters, Adversary Proceedings and Automatic Stay

During the Application Period, Brown Rudnick worked with its co-counsel to appropriately address the adversary proceeding filed against the governmental entities by the Debtors and motion for a stay pursuant to section 105 of the Bankruptcy Code, in a manner consistent with the Settlement Framework and Term Sheet. To do so, among other things, Brown Rudnick attended the depositions established by the Debtors, assisted in developing the Ad Hoc Committee's strategy in respect of the stay and attended each hearing before the Court. Brown Rudnick also expended time preparing for other contested matters brought before the Court and attended Court hearings in respect of those matters.

**Summary of Hours Billed**

| Timekeeper | Position | 2019 Rate | 2020 Rate | Hours | Amount |
|---|---|---|---|---|---|
| Molton, David J. | Partner | $1,340.00 | $1,405.00 | 45.6 | $61,130.00 |
| Pohl, Steven | Partner | $1,235.00 | $1,295.00 | 29.0 | $36,067.00 |
| Castaldi, Cathrine M. | Partner | $950.00 | $1,000.00 | 0.5 | $475.00 |
| Aulet, Kenneth | Partner | $825.00 | $865.00 | 22.5 | $18,562.50 |
| Cicero, Gerard T. | Associate | $650.00 | $800.00 | 5.2 | $3,380.00 |
| **Total Hours and Fees Billed** | | | | **102.8** | **$119,614.50** |

I.    **Meetings and Communication with Ad Hoc Committee & Creditors**

During the Application Period, Brown Rudnick conducted numerous telephonic meetings with both the Ad Hoc Committee in full  as well as the with the non-state members of the Ad Hoc Committee in order to keep the Ad Hoc Committee members informed as the case progressed.  On these periodic calls, Brown Rudnick discussed the current status of these cases and elicited input from members on actions to take with respect to the outstanding diligence, pending motions, the ERF, litigation and business activities.   Additionally, Brown Rudnick conducted numerous calls and outreach to other creditor constituents regarding progressing these cases.  Finally, Brown Rudnick participated in numerous internal strategy calls and conferences prior to and in preparation for advice and communication to Ad Hoc Committee members on various case issues.  This category includes time incurred by Brown Rudnick professionals in participating in in-person and full day meetings with the Ad Hoc Committee as well as with other case parties.

**Summary of Hours Billed**

| Timekeeper | Position | 2019 Rate | 2020 Rate | Hours | Amount |
|---|---|---|---|---|---|
| Molton, David J. | Partner | $1,340.00 | $1,405.00 | 110.5 | $149,831.50 |
| Pohl, Steven | Partner | $1,235.00 | $1,295.00 | 76.4 | $95,230.00 |
| Aulet, Kenneth | Partner | $825.00 | $865.00 | 4.7 | $3,917.50 |
| Cicero, Gerard T. | Associate | $650.00 | $800.00 | 49.5 | $34,095.00 |
| **Total Hours and Fees Billed** | | | | **241.1** | **$283,074.00** |

## J.    Plan and Disclosure Statement

During the Application Period, Brown Rudnick spent considerable time and effort in negotiating and finalizing the Term Sheet on behalf of the Ad Hoc Committee in coordination with the Ad Hoc Committee's other professionals.  Brown Rudnick interfaced continually with members of the Ad Hoc Committee to incorporate their comments and provide advice to them during the course of the negotiation of the Term Sheet.  Brown Rudnick also conducted legal research into other mass tort cases in order to develop broad outlines of potential plan voting structures and exit options.  Brown Rudnick also worked with co-counsel to begin developing the documents necessary for a restructuring support agreement.  Additionally, Brown Rudnick worked with the Debtors on their exclusivity extension and worked with other case parties to familiarize them with the Term Sheet, Settlement Structure and ongoing diligence.

**Summary of Hours Billed**

| Timekeeper | Position | 2019 Rate | 2020 Rate | Hours | Amount |
|---|---|---|---|---|---|
| Molton, David J. | Partner | $1,340.00 | $1,405.00 | 67.3 | $89,214.00 |
| Pohl, Steven | Partner | $1,235.00 | $1,295.00 | 41.9 | $52,022.50 |
| Castaldi, Cathrine M. | Partner | $950.00 | $1,000.00 | 0.6 | $570.00 |
| Guglielmotti, Vincent J. | Partner | $940.00 | $985.00 | 0.3 | $295.50 |
| Aulet, Kenneth | Partner | $825.00 | $865.00 | 1.5 | $1,237.50 |
| Cicero, Gerard T. | Associate | $650.00 | $800.00 | 26.4 | $17,310.00 |
| Udenka, Honieh | Associate | $485.00 | $510.00 | 8.3 | $4,025.50 |
| **Total Hours and Fees Billed** | | | | **146.3** | **$164,675.00** |

# **EXHIBIT D**

**EXHIBIT D**

**ACTUAL AND NECESSARY COSTS INCURRED BY**
**BROWN RUDNICK LLP**

**COMMENCING SEPTEMBER 16, 2019 THROUGH JANUARY 31, 2020**

| EXPENSE | AMOUNT |
|---|---|
| | |
| Airfare | $724.80 |
| Binding-In-House | $12.00 |
| Copies (Color & B&W @ 10 cents per page) | $657.10 |
| Court Call | $146.00 |
| Court Reporting | $258.00 |
| Filing Fee | -$70.00 |
| Hotel | $4,056.53 |
| In-Flight Internet | $50.76 |
| Meals | $1,746.43 |
| Pacer | $160.20 |
| Parking and Tolls | $22.50 |
| Taxi | $708.86 |
| Teleconferencing | $241.89 |
| Train Travel | $1,629.62 |
| Travel Agent Fee | $15.00 |
| Westlaw | $714.20 |
| **Total Expenses** | **$11,073.89** |

# EXHIBIT E

## EXHIBIT E

**Customary and Comparable Compensation Disclosures**

| Category of Timekeeper | Blended Hourly Rates | |
|---|---|---|
| | **Billed**<br><br>Firm-wide for preceding calendar year[6] | **Billed**<br><br>This Application |
| Partner | **$755** | **$1,257** |
| Associate | **$489** | **$683** |
| Paraprofessional | **$340** | **$394** |
| **Aggregated:** | **$597** | **$1,068** |

---

[6]    Excluding blended hourly rates for the Restructuring section of the Brown Rudnick.

**<u>EXHIBIT F</u>**

**Budget and Staffing Plan for the
<u>Period September 16, 2019 through January 31, 2020</u>**



| Attorney Name/Description | 2019 Rate | 2020 Rate | Notes / Scope of Work | Budgeted | | Actual | | Budgeted | | Actual | | Budgeted | | Actual | | Budgeted | | Actual | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | Hours Estimate (Oct 2019) | Time Value Estimate (Oct 2019) | Hours (June 2019) | Time Value (June 2019) | Hours Estimate (Nov 2019) | Time Value Estimate (Nov 2019) | Hours (Nov 2019) | Time Value (Nov 2019) | Hours Estimate (Dec 2019) | Time Value Estimate (Dec 2019) | Hours (Dec 2019) | Time Value (Dec 2019) | Hours Estimate (Jan 2020) | Time Value Estimate (Jan 2020) | Hours (Jan 2020) | Time Value (Jan 2020) |
| Molton, David J. | $ 1,340.00 | $ 1,405.00 | Restructuring/ Litigation | 150.0 | $201,000.00 | 147.0 | $196,980.00 | 100.0 | $134,000.00 | 49.1 | $65,794.00 | 100.0 | $134,000.00 | 95.2 | $123,816.00 | 100.0 | $140,500.00 | 118.6 | $164,189.00 |
| Pohl, Steven D. | $ 1,235.00 | $ 1,295.00 | Restructuring | 100.0 | $123,500.00 | 124.1 | $153,263.50 | 75.0 | $92,625.00 | 47.5 | $56,810.00 | 75.0 | $92,625.00 | 43.6 | $52,240.50 | 75.0 | $97,125.00 | 38.5 | $48,886.25 |
| Castaldi, M. Cathrine | $ 950.00 | N/A | Restructuring/ Litigation | 5.0 | $4,750.00 | 2.4 | $2,280.00 | 0.0 | $0.00 | 0.0 | $0.00 | 0.0 | $0.00 | 0.0 | $0.00 | 0.0 | $0.00 | 0.0 | $0.00 |
| Kelly, Barbara | N/A | $ 1,060.00 | Tax | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 25.0 | $26,500.00 | 23.4 | $24,804.00 |
| Guglielmotti, Vincent J. | $ 940.00 | $ 985.00 | Tax | 0.0 | $0.00 | 0.0 | $0.00 | 0.0 | $0.00 | 0.0 | $0.00 | 10.0 | $9,400.00 | 0.3 | $282.00 | 5.0 | $4,925.00 | 0.3 | $295.50 |
| Anderson, D. George | $ 900.00 | N/A | White Collar/ Internal Investigations | 0.0 | $0.00 | 0.2 | $180.00 | 0.0 | $0.00 | 0.0 | $0.00 | 0.0 | $0.00 | 0.0 | $0.00 | 0.0 | $0.00 | 0.0 | $0.00 |
| Bouchard, Nicole M. | $ 825.00 | $ 865.00 | Tax | 0.0 | $0.00 | 0.0 | $0.00 | 0.0 | $0.00 | 0.0 | $0.00 | 10.0 | $8,250.00 | 0.0 | $0.00 | 15.0 | $12,975.00 | 10.6 | $9,169.00 |
| Aulet, Kenneth | $ 825.00 | $ 865.00 | Restructuring/ Litigation | 50.0 | $41,250.00 | 36.0 | $29,700.00 | 25.0 | $20,625.00 | 7.0 | $5,775.00 | 10.0 | $8,250.00 | 2.7 | $2,227.50 | 15.0 | $12,975.00 | 8.1 | $7,006.50 |
| Cicero, Gerard T. | $ 650.00 | $ 800.00 | Restructuring | 125.0 | $81,250.00 | 94.3 | $61,295.00 | 75.0 | $48,750.00 | 18.1 | $11,765.00 | 75.0 | $48,750.00 | 56.5 | $36,725.00 | 75.0 | $60,000.00 | 63.0 | $50,400.00 |
| Meyers, Jessica | $ 650.00 | N/A | Litigation | 0.0 | $0.00 | 0.0 | $0.00 | 0.0 | $0.00 | 0.4 | $260.00 | 0.0 | $0.00 | 0.0 | $0.00 | 0.0 | $0.00 | 0.0 | $0.00 |
| Udenka, Honieh | $ 485.00 | N/A | Restructuring/ Litigation | 0.0 | $0.00 | 8.3 | $4,025.50 | 0.0 | $0.00 | 0.0 | $0.00 | 0.0 | $0.00 | 0.0 | $0.00 | 0.0 | $0.00 | 0.0 | $0.00 |
| Fraser, Alexander | $ 585.00 | N/A | Litigation | 0.0 | $0.00 | 0.4 | $234.00 | 0.0 | $0.00 | 0.0 | $0.00 | 0.0 | $0.00 | 0.0 | $0.00 | 0.0 | $0.00 | 0.0 | $0.00 |
| Ahmadi, Cyavash N. | N/A | $ 585.00 | Tax | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 10.0 | $5,850.00 | 1.9 | $1,111.50 |
| Cohen, Harriet | $ 395.00 | N/A | Paraprofessional | 0.0 | $0.00 | 0.0 | $0.00 | 0.0 | $0.00 | 0.0 | $0.00 | 0.0 | $0.00 | 0.9 | $355.50 | 0.0 | $0.00 | 0.0 | $0.00 |
| Deering, Alexandra | $ 395.00 | $ 395.00 | Paraprofessional | 20.0 | $7,900.00 | 9.1 | $3,594.50 | 15.0 | $5,925.00 | 9.6 | $3,792.00 | 15.0 | $5,925.00 | 18.2 | $7,189.00 | 15.0 | $5,925.00 | 18.0 | $7,110.00 |
| Ennis, Carol | $ 390.00 | N/A | Paraprofessional | 5.0 | $1,950.00 | 9.4 | $3,666.00 | 0.0 | $0.00 | 0.0 | $0.00 | 0.0 | $0.00 | 0.0 | $0.00 | 0.0 | $0.00 | 0.0 | $0.00 |
| **Totals** | | | | 455.0 | $461,600.00 | 431.2 | $455,218.50 | 290.0 | $301,925.00 | 131.7 | $144,196.00 | 295.0 | $307,200.00 | 217.4 | $222,835.50 | 335.0 | $366,775.00 | 282.4 | $312,971.75 |



| Project Category | Budgeted | | Actual | | Budgeted | | Actual | | Budgeted | | Actual | | Budgeted | | Actual | |
| | Hours Estimate (Oct 2019) | Time Value Estimate (Oct 2019) | Hours (June 2019) | Time Value (June 2019) | Hours Estimate (Nov. 2019) | Time Value Estimate (Nov. 2019) | Hours (Nov. 2019) | Time Value (Nov. 2019) | Hours Estimate (Dec. 2019) | Time Value Estimate (Dec. 2019) | Hours (Dec. 2019) | Time Value (Dec. 2019) | Hours Estimate (Jan. 2020) | Time Value Estimate (Jan. 2020) | Hours (Jan. 2020) | Time Value (Jan. 2020) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Asset Analysis and Recovery | 10.0 | $10,000.00 | 9.5 | $9,364.50 | 10.0 | $10,000.00 | 3.8 | $4,336.50 | 10.0 | $10,000.00 | 6.4 | $6,132.50 | 50.0 | $60,000.00 | 46.2 | $45,221.00 |
| Assumption and Rejection of Leases and Contracts | 30.0 | $30,000.00 | 21.6 | $23,387.00 | 100.0 | $111,000.00 | 56.4 | $65,189.50 | 0.0 | $0.00 | 0.0 | $0.00 | 0.0 | $0.00 | 0.0 | $0.00 |
| Business Operations | 55.0 | $55,000.00 | 68.1 | $66,170.50 | 10.0 | $10,000.00 | 2.6 | $2,392.00 | 20.0 | $20,000.00 | 15.6 | $15,225.00 | 50.0 | $60,000.00 | 37.9 | $40,996.00 |
| Case Administration | 55.0 | $55,000.00 | 64.9 | $57,412.50 | 20.0 | $20,000.00 | 13.1 | $8,161.00 | 20.0 | $20,000.00 | 9.6 | $10,246.00 | 25.0 | $25,000.00 | 24.2 | $26,931.00 |
| Claims Analysis | 0.0 | $0.00 | 0.0 | $0.00 | 25.0 | $25,000.00 | 11.1 | $13,741.50 | 10.0 | $10,000.00 | 9.8 | $11,950.00 | 20.0 | $21,775.00 | 19.2 | $20,420.00 |
| Employment and Fee Applications | 0.0 | $0.00 | 0.0 | $0.00 | 10.0 | $10,000.00 | 2.7 | $1,755.00 | 25.0 | $25,000.00 | 24.7 | $12,414.50 | 20.0 | $20,000.00 | 15.4 | $8,508.50 |
| Emergency Financing | 0.0 | $0.00 | 0.0 | $0.00 | 15.0 | $15,000.00 | 5.0 | $6,700.00 | 50.0 | $50,000.00 | 32.7 | $30,289.50 | 70.0 | $75,000.00 | 58.3 | $71,978.50 |
| Litigation - Contested Matters, Adversary Proceedings, and Automatic Stay | 100.0 | $100,000.00 | 71.6 | $78,610.00 | 10.0 | $10,000.00 | 8.7 | $11,374.50 | 25.0 | $25,000.00 | 17.9 | $23,629.00 | 5.0 | $5,000.00 | 4.6 | $6,001.00 |
| Meetings and Communications with Ad Hoc Committee 7 Creditors | 100.0 | $110,000.00 | 83.3 | $93,681.00 | 50.0 | $50,925.00 | 22.7 | $25,697.00 | 100.0 | $110,000.00 | 79.6 | $95,608.50 | 70.0 | $75,000.00 | 55.5 | $68,087.50 |
| Non-Working Travel | 0.0 | $0.00 | 0.0 | $0.00 | 10.0 | $10,000.00 | 3.0 | $1,852.50 | 10.0 | $10,000.00 | 6.6 | $4,285.50 | 5.0 | $5,000.00 | 4.1 | $2,797.75 |
| Plan and Disclosure Statement | 100.0 | $101,600.00 | 112.2 | $126,593.00 | 30.0 | $30,000.00 | 2.6 | $2,996.50 | 25.0 | $27,200.00 | 14.5 | $13,055.00 | 20.0 | $20,000.00 | 17 | $22,030.50 |
| | | | | | | | | | | | | | | | | |
| Totals | 450.0 | $461,600.00 | 431.2 | $455,218.50 | 290.0 | $301,925.00 | 131.7 | $144,196.00 | 295.0 | $307,200.00 | 217.4 | $222,835.50 | 335.0 | $366,775.00 | 282.4 | $312,971.75 |

## <u>CERTIFICATION</u>

I, Steven D. Pohl, declare under penalties of perjury that:

a)      I am a partner with the applicant Firm, Brown Rudnick LLP, and am admitted to appear before this Court.

b)      I am familiar with the work performed by Brown Rudnick LLP on behalf of the Ad Hoc Committee.

c)      I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief.   Moreover, I have reviewed Rule 2016-1 of the Local Bankruptcy Rules and the Guidelines and submit that the Application substantially complies with such Guidelines.

*/s/ Steven D. Pohl*
Steven D. Pohl