# IN THE UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| **PURDUE PHARMA L.P., et. al**[1] ) | |
| ) | Case No. 19-23649 (RDD) |
| Debtors. ) | |
| ) | (Jointly Administered) |

## COVER SHEETS FOR INTERIM APPLICATION OF ERNST & YOUNG LLP FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM SEPTEMBER 15, 2019 THROUGH JANUARY 31, 2020

| | |
|---|---|
| Name of applicant: | Ernst & Young LLP ("EY LLP") |
| Authorized to provide professional services to: | The above-captioned debtors and debtors-in-possession |
| Date of retention order: | December 23, 2019 (*nunc pro tunc* to September 15, 2019 |
| Period for which compensation and reimbursement are sought: | September 15, 2019 through January 31, 2020 |
| Amount of compensation sought as actual, reasonable and necessary: | $200,000.00 |
| Amount of expense reimbursement sought as actual, reasonable, and necessary: | $29,161.00 |
| This is a(n): | __ monthly    X  Interim    __ final application |

**Previous Interim Fee Applications Filed:  None**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014).  The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

1

## COMPENSATION BY PROFESSIONAL

| Last Name | First Name | Title | Hours |
|---|---|---|---|
| Savell | Roger | Partner/Principal | 20.5 |
| Hartman | Bryan | Manager | 8.8 |
| Yuan | Helen | Senior | 22.1 |
| Zee | Ena | Executive Director | 8.0 |
| Brady | Devon | Partner/Principal | 14.0 |
| Fleurinord | Erlain | Staff/Assistant | 49.0 |
| Furtado | Justin | Senior | 48.4 |
| Ostling | Danita | Partner/Principal | 10.6 |
| Negron | Aitzarelys | Senior | 2.1 |
| Chun | Sung | Staff/Assistant | 16.7 |
| Redmond | Robert | Manager | 3.0 |
| Zeng | Qinglai | Senior | 3.7 |
| Mridul Jain | Jain | Staff/Assistant | 3.0 |
| D'Alessandro | Nicholas | Senior | 1.1 |
| Bellinzoni | Christopher | Senior Manager | 0.5 |
| Connors | Ryan | Senior | 27.0 |
| Fox | Nicholas | Manager | 6.0 |
| Nguyen | Jessica | Staff/Assistant | 27.0 |
| Joe Shibu Raj A | Shibu | Senior | 13.5 |
| Sciametta | Thomas | Partner/Principal | 2.0 |
| Seenarraine | Jessica | Senior Manager | 6.8 |
| Benzel | Florence | Senior Manager | 33.1 |
| Barr | Justin | Executive Director | 3.1 |
| Manbeck | Jennifer | Executive Director | 16.6 |
| Vasudevan | Sneha | Staff/Assistant | 17.0 |
| Porrazzo | John | Senior | 0.5 |
| Aznar | Tiffany | Staff/Assistant | 10.0 |
| Marinaccio | Andrew | Staff/Assistant | 0.0 |
| Hartley | Adrian | Senior Manager | 2.0 |
| Cannavina | Anthony | Executive Director | 14.4 |
| Inneo | Mary | Staff/Assistant | 15.5 |
| Biedziak | Eliza | Senior Manager | 0.5 |
| Mutlu Tepe | Serpil | Manager | 1.6 |
| Tran | Loikevin | Manager | 0.5 |
| Yang | Katrina | Staff/Assistant | 0.0 |
| Witte | Michael | Senior Manager | 1.5 |
| **Total** | | | **411.9** |

**Total Fees Sought for Fixed Fee Financial Statement Audit Services During Fee Period: $200,000.00**

## COMPENSATION BY PROJECT CATEGORY

| Time Category | Category Descriptions | Hours |
|---|---|---|
| Bankruptcy | This category includes activities associated with incremental procedures related to the bankruptcy filing | 55.8 |
| Employee Benefit Plan Audit | This category includes activities assocaited with employee benefit plan (Pension and 401(k)) audits | 144.1 |
| Independence Procedures | This category includes all activities associated with Independence Procedures | 22.4 |
| Planning Activities | This category relates to all audit planning activities. | 32.6 |
| Risk Assurance/IT Activities | This category relates to discussion, and analysis relating to application controls, IT audit progress and IT general controls. | 71.0 |
| Walkthroughs/Test of Controls | This category includes all activities associated with meetings, preparation and review of all walkthroughs and controls. | 10.6 |
| Year-End Substantive Testing | This category includes activities associated with Year-End audit procedures | 43.3 |
| Quality Review | This category includes activities associated with Quality Review of audit procedures | 30.3 |
| **Total** | | **411.9** |

3

**SUMMARY OF EXPENSES**

| Expense Category | Total Expense |
|---|---|
| Outside Counsel Fees | $29,161.00 |
| **Total Expenses Due** | **$29,161.00** |

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| **PURDUE PHARMA L.P., et. al**[2] ) | |
| ) | Case No. 19-23649 (RDD) |
| Debtors. ) | |
| ) | (Jointly Administered) |

**INTERIM APPLICATION OF ERNST & YOUNG LLP
FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES
FOR THE PERIOD FROM SEPTEMBER 15, 2019 THROUGH JANUARY 31, 2020**

Pursuant to Sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's November 21, 2019 order approving procedures for professional compensation requests in these cases, Ernst & Young LLP ("EY LLP") hereby files this monthly application for compensation as a retained professional to the above-captioned Debtors (this "Application"). By this Application, EY LLP respectfully requests allowance and payment of $200,000.00 compensation, and reimbursement of actual and necessary expenses incurred in the amount of $29,161.00 as compensation with respect to services it provided to the Debtors during the period from September 15, 2019 through January 31, 2020 (the "Fee Period").

---

[2] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

**Background**

1. On September 15, 2019 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code").

2. The Debtors' retention of EY LLP was approved by this Court's Order entered on December 23, 2019, *nunc pro tunc* to September 15, 2019.

3. EY LLP is authorized to be compensated under the terms set forth in the engagement letters between the Debtors and EY LLP, and to be reimbursed for actual and necessary out-of-pocket expenses.

**Compensation Paid and Its Source**

4. All services for which EY LLP requests compensation were performed for or on behalf of the Debtors. EY LLP has received no payment and no promises for payment from any source other than the Debtors for services rendered or to be rendered in any capacity in connection with the matters covered by this Application.

**Supporting Detail**

5. During the Fee Period, EY LLP performed services for the Debtors. The total time spent by EY LLP with respect to the services for which it requests compensation hereunder was approximately 411.9 hours. The blended average hourly rate with respect to such services during the Fee Period was approximately $485.55.

The supporting detail for this Application is attached hereto as **Exhibit A**, which contains the daily time information for each EY LLP professional during the Fee Period.

**Exhibit B** contains the time detail of EY LLP's outside counsel in connection with its retention in these Chapter 11 cases, for which EY LLP also requests reimbursement hereby.

## Applicable Law

6.  Section 330(a)(1) of the Bankruptcy Code provides, in relevant part, as follows:

(a) (1) After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a … professional person employed under section 327 or 1103 –

> (A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person; and
>
> (B) reimbursement for actual, necessary expenses.

7.  Section 330 of the Bankruptcy Code prescribes the general standards for determining the reasonableness of the amount of compensation sought by a professional. *See* 3 *Collier on Bankruptcy* ¶ 331.03 at 331-12. Congress enacted section 330 of the Bankruptcy Code to liberalize the practice of granting the allowance of compensation to professionals in bankruptcy cases in order to ensure that professionals be reasonably compensated and that future professionals not be deterred from taking bankruptcy cases due to a failure to pay adequate compensation. *See In re Ames Dep't Stores, Inc.*, 76 F.3d 66, 72 (2d Cir. 1996) (quoting *In re UNR Indus., Inc.*, 986 F.2d 207, 208-09 (7th Cir. 1993)).

8.  Section 330(a) of the Bankruptcy Code provides for the compensation of reasonable and necessary services rendered by professionals based on the time, the nature, the extent and the value of such services, and the cost of comparable services other than in a case under the Bankruptcy Code. *See* 11 U.S.C. § 330. The test for determining necessity is objective; focusing on what services a reasonable professional would have performed under the same circumstances. *See, e.g.*, *In re Angelika Films 57th, Inc.*, 227 B.R. 29, 42 (Bankr. S.D.N.Y. 1998). This test does not rely on hindsight to determine the ultimate success or failure of the professional's actions. *See id.*; *In re Keene Corp.*, 205 B.R. 690, 696 (Bankr. S.D.N.Y. 1997).

Ultimately, if the services of a professional are reasonably likely to benefit the debtor's estate, they should be compensable. *See Angelika Films*, 227 B.R. at 42.

9. EY LLP respectfully submits that the compensation sought in this Application is necessary and reasonable. The services that EY LLP rendered to the Debtors during the Fee Period required a high degree of professional competence. EY LLP performed efficiently, effectively and economically, and the results obtained have benefited the Debtors, their estates and creditors.

**WHEREFORE,** EY LLP hereby respectfully requests allowance and payment of $200,000.00 as compensation, and reimbursement of actual and necessary expenses incurred in the amount of $29,161.00 with respect to services it provided to the Debtors during the Fee Period. EY LLP also respectfully requests that it be granted such other and further relief as the Court may deem just and proper.

Dated: March 13, 2020

/s/Devon M. Brady
Devon M. Brady
Ernst & Young LLP