**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:**<br><br>**PURDUE PHARMA L.P.,** *et al.*,<br><br>Debtors.[1] | **Chapter 11**<br><br>**Case No. 19-23649 (RDD)**<br><br>**(Jointly Administered)** |

**FIRST AMENDED ORDER EXTENDING TIME TO**
**OBJECT TO DISCHARGEABILITY OF CERTAIN DEBTS**

Upon the timely motion, by notice of presentment dated December 23, 2019 (the "**Motion**")[2] of Purdue Pharma L.P. and its affiliates that are debtors and debtors in possession in these cases (collectively, the "**Debtors**") for entry of an order (this "**Order**") extending the period within which a claimant may file an adversary proceeding to determine the dischargeability of claims against the Debtors under Bankruptcy Rule 4007(c), as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to such term in the Motion.

venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion and the opportunity for a hearing thereon having been provided; and there being no objections to the requested relief; and it appearing that no further notice or a hearing is required; and, after due deliberation the Court having determined that the legal and factual bases set forth in the Motion establish good and sufficient cause for the relief granted herein; and the Court having determined such relief is in the best interests of the Debtors, their estates, creditors and all parties in interest; and the Court having entered an Order granting the Motion; and the Debtors by notice of presentment having sought entry of this First Amended Order further extending the Determination Deadline; and due and proper notice of the proposed First Amended Order and the opportunity for a hearing thereon having been provided; and it appearing that no further notice or a hearing is required; now therefore,

**IT IS HEREBY ORDERED THAT**

1.  The Motion is granted.

2.  Pursuant to Bankruptcy Rule 4007(c), the deadline, if any, by which a creditor must file a complaint to determine the dischargeability of a debt pursuant to section 523 of the Bankruptcy Code, as referenced in paragraph 6 of subsection 1141(d) of the Bankruptcy Code (the "**Determination Deadline**") is extended through and including Tuesday, June 30, 2020, without prejudice to further extensions upon the request of the Debtors.

3.  Nothing in this Order constitutes a determination regarding the nondischargeability of any debt under section 1141(d) of the Bankruptcy Code, that sections 523 or 1141(d)(6) of the Bankruptcy Code, and/or Bankruptcy Rule 4007 apply in the Chapter 11 Cases, or that the Determination Deadline applies in these Chapter 11 Cases.

4.  The contents of the Motion and the notice procedures set forth therein are good and sufficient notice and satisfy the applicable Bankruptcy Rules and Local Rules, and no other or further notice of the Motion or the entry of this Order is required.

5.  The Debtors are authorized to take all such actions as are necessary or appropriate to implement the relief granted in this Order.

6.  The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: White Plains, New York
_____, 2020

> HONORABLE ROBERT D. DRAIN
> UNITED STATES BANKRUPTCY JUDGE