# EXHIBIT A

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF SUFFOLK**

| | |
|---|---|
| **IN RE OPIOID LITIGATION** | **Index No. 400000/2017**<br>**PART 48**<br>**Motion Sequence No. __**<br>**Hon. Jerry Garguilo** |

THIS DOCUMENT RELATES TO:

| | |
|---|---|
| COUNTY OF SUFFOLK,<br><br>Plaintiff<br>-against-<br><br>PURDUE PHARMA L.P. *et al.*,<br><br>Defendants. | Index No. 400001/2017<br><br>Hon. Jerry Garguilo |
| COUNTY OF NASSAU,<br><br>Plaintiff<br>-against-<br><br>PURDUE PHARMA L.P. *et al.*,<br><br>Defendants. | Index No. 400008/2017<br><br>Hon. Jerry Garguilo |
| THE PEOPLE OF THE STATE OF NEW YORK, BY LETITIA JAMES, ATTORNEY GENERAL OF THE STATE OF NEW YORK,<br><br>Plaintiff,<br><br>-against-<br><br>PURDUE PHARMA L.P., *et al.*,<br><br>Defendants | Index No.: 400016/2018<br><br>Hon. Jerry Garguilo |

# PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE ISSUE OF JOINT AND SEVERAL LIABILITY

January 14, 2020

# TABLE OF CONTENTS

*Page*

TABLE OF AUTHORITIES .......... iii

INTRODUCTION .......... 1

LEGAL STANDARD .......... 1

ARGUMENT .......... 2

ANY DEFENDANT DETERMINED TO HAVE CREATED, CONTRIBUTED TO, OR MAINTAINED A PUBLIC NUISANCE IS JOINTLY AND SEVERALLY LIABLE UNDER NEW YORK LAW. .......... 2

CONCLUSION .......... 6

## TABLE OF AUTHORITIES

*Page*

### CASES

*Amelius v. Grand Imperial LLC*,
57 Misc. 3d 835 (Sup. Ct. 2017) ....................4

*Chipman v. Palmer*,
77 N.Y. 51 (1879) ....................4, 5, 6

*City of New York v. A-1 Jewelry & Pawn, Inc.*,
247 F.R.D. 296 (E.D.N.Y. 2007) ....................2, 5

*City of Newburgh v. Sarna*,
690 F. Supp. 2d 136 (S.D.N.Y. 2010), *affd in part, appeal dismissed in part on other grounds,* 406 Fed. Appx. 557 (2d Cir. 2011) ....................3

*Fresh Air for the Eastside, Inc. v. Waste Mgt. of New York, L.L.C.*,
405 F. Supp. 3d 408 (W.D.N.Y. 2019) ....................3

*Friends of Animals v. Associated Fur Mfrs.*,
46 N.Y.2d 1065 (1979) ....................1

*Gilbert Frank Corp. v. Federal Ins. Co.*,
70 N.Y.2d 966 (1988) ....................1, 2

*Greenidge v. HRH Constr. Corp.*,
279 A.D.2d 400 (1st Dept. 2001) ....................4

*Hoffmann v. Horn*,
157 A.D.3d 871 (2d Dept. 2018) ....................4

*Kanic Realty Assoc., Inc. v. Suffolk County Water Auth.*,
130 A.D.3d 876 (2d Dept. 2015) ....................2

*McNulty v. Ludwig & Co.*,
153 A.D. 206 (2d Dept. 1912) ....................2, 3

*Rangolan v. County of Nassau*,
96 N.Y.2d 42 (2001) ....................4

*Sahu v. Union Carbide Corp.*,
07 CIV. 2156 JFK, 2014 WL 3765556 (S.D.N.Y. July 30, 2014), *affd on other grounds,* 650 Fed. Appx. 53 (2d Cir. 2016) ....................3, 4

*Simmons v. Everson*,
124 N.Y. 319 (1891) ....................2, 5

*State of N.Y. v. Shore Realty Corp.*,
759 F.2d 1032 (2d Cir. 1985) ....................3

*State v. City of Yonkers*,
14 Misc 3d 1229(A), 2004 WL 5213504 (Sup. Ct. 2004) ....................3

*State v. Fermenta ASC Corp.*,
160 Misc. 2d 187 (Sup. Ct., Suffolk County 1994) ....................3

*State v. Schenectady Chemicals, Inc.*,
103 A.D.2d 33 (3d Dept. 1984) ....................3

*State v. Schenectady Chemicals, Inc.*,
117 Misc. 2d 960 (Sup Ct 1983), *affd as mod,* 103 A.D.2d 33 (3d Dept 1984) ....................3

*United States v. Hooker Chemicals & Plastics Corp.*,
722 F. Supp. 960 (W.D.N.Y. 1989)....................3

*Warren v. Parkhurst*,
186 N.Y. 45 (1906)....................6

*Winegrad v. N.Y. Univ. Med. Ctr.*,
64 N.Y.2d 851 (1985) ....................1

**STATUTES**

CPLR 1601 ....................4

CPLR 3212 ....................1

**OTHER AUTHORITIES**

17A Carmody-Wait 2d § 107:78 ....................3

81 N.Y. Jur. 2d Nuisances § 58....................5

Boston, Tort Law: A Proposed Restatement, 21 U. Dayton L. Rev. 267 (1996)....................5

## INTRODUCTION

At trial, Plaintiffs will demonstrate that the opioid epidemic, a systemic public health crisis, is a public nuisance and that each Defendant created, contributed to, and/or maintained that nuisance in the State of New York, including in Suffolk and Nassau Counties. New York law is clear that any defendant found liable for a public nuisance is jointly and severally liable for the wrong and resulting injury. Plaintiffs expect that Defendants will dispute this proposition and argue that each Defendant acted independently and should not be held responsible for the harm caused by other Defendants or tortfeasors. Resolving this legal question now will allow all parties to more efficiently and effectively prepare for trial, as well as provide useful guidance to any party engaged in resolution efforts. Accordingly, Plaintiffs file this motion and request that the Court enter an order stating that any Defendant found to have created, contributed to, and/or maintained a public nuisance in Suffolk County, Nassau County, and/or the State of New York, is jointly and severally liable for the harm caused to Plaintiffs by that public nuisance.[1]

## LEGAL STANDARD

CPLR 3212(e) provides that "summary judgment may be granted as to one or more causes of action, or part thereof, in favor of any one or more parties, to the extent warranted, on such terms as may be just." CPLR 3212(b) provides "[t]he motion shall be granted if … the cause of action [is] established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party." *See Gilbert Frank Corp. v. Federal Ins. Co.*, 70 N.Y.2d 966 (1988); *Friends of Animals v. Associated Fur Mfrs.*, 46 N.Y.2d 1065 (1979).

To prevail on a motion for summary judgment, the proponent must make a *prima facie* showing of entitlement to judgment as a matter of law by providing sufficient evidence to eliminate any material issues of fact. *Winegrad v. N.Y. Univ. Med. Ctr.*, 64 N.Y.2d 851, 853 (1985). Once the movant's initial burden is met, it becomes incumbent upon the party opposing the motion to "produce evidentiary

---

1 The existence and extent of Plaintiffs' harm will be adjudicated in a separate trial.

proof in admissible form sufficient to require a trial of material questions of fact upon which the opposing claim rests." *Gilbert Frank Corp.*, 70 N.Y.2d at 967.

## ARGUMENT

### ANY DEFENDANT DETERMINED TO HAVE CREATED, CONTRIBUTED TO, OR MAINTAINED A PUBLIC NUISANCE IS JOINTLY AND SEVERALLY LIABLE UNDER NEW YORK LAW.

A public nuisance

> consists of conduct or omissions which offend, interfere with or cause damage to the public in the exercise of rights common to all, in a manner such as to offend public morals, interfere with use by the public of a public place or endanger or injure the property, health, safety or comfort of a considerable number of persons.

Order, dated July 17, 2018, NYSCEF Doc. No. 468 at pp. 12-13 (citing *Copart Indus. v. Consolidated Edison Co. of N.Y.*, 41 N.Y.2d 564). *See also Kanic Realty Assoc., Inc. v. Suffolk County Water Auth.*, 130 A.D.3d 876, 878 (2d Dept. 2015) (public nuisance consists of conduct that constitutes "a substantial interference with the exercise of a common right of the public"). At trial, Plaintiffs intend to prove that the opioid epidemic is a public nuisance and that each Defendant created, contributed to, or maintained that public nuisance in Suffolk County, Nassau County, and the State of New York.

As this Court previously has recognized,[2] under New York law, anyone who creates, contributes to, or maintains a public nuisance is jointly and severally for the consequences therefrom. *See Simmons v. Everson*, 124 N.Y. 319, 323-24 (1891) ("Persons who by their several acts or omissions maintain a public or common nuisance, are jointly and severally liable for such damages as are the direct, immediate and probable consequences of it.") (citing *Irvine v. Wood*, 51 N.Y. 224, 230 (1872)). The principle of joint and several liability for nuisance has a long and firmly established pedigree in New York. *See, e.g., McNulty v. Ludwig & Co.*, 153 A.D. 206, 215 (2d Dept. 1912) ("[O]nce it is

---

[2] Decision and Order, dated Jan. 2, 2020, NYSCEF Doc. No. 2350 at p. 2 (" 'Persons who join or participate in the creation or maintenance of a public nuisance are liable jointly and severally for the wrong and resulting injury.' ") (quoting *City of New York v. A-1 Jewelry & Pawn, Inc.*, 247 F.R.D. 296, 347 (E.D.N.Y. 2007)).

established, as by the verdict in this case, that the sign constituted a nuisance, all who participated in creating or maintaining such nuisance were jointly and severally liable for it[.]"); *State v. Schenectady Chemicals, Inc.*, 103 A.D.2d 33, 38 (3d Dept. 1984) ("nuisance liability is joint and several");[3] *State v. Fermenta ASC Corp.*, 160 Misc. 2d 187, 195 (Sup. Ct., Suffolk County 1994) ("[E]veryone who creates a nuisance or participates in the creation or maintenance . . . of a nuisance are liable jointly and severally for the wrong and injury done thereby[.]") (citations and internal quotation marks omitted); *State v. City of Yonkers*, 14 Misc 3d 1229(A), 2004 WL 5213504, at *12 (Sup. Ct. 2004) ("A party is liable in nuisance even if other contributors to the nuisance are not joined for 'nuisance liability is joint and several[.]' ") (citation omitted); 17A Carmody-Wait 2d § 107:78 ("[E]veryone who creates a nuisance or participates in the creation or maintenance of a nuisance is liable, jointly and severally, for the wrong and injury done thereby. Thus, simply stated, nuisance liability is joint and several.") (internal footnotes omitted).

Federal courts applying New York law have held the same. *See State of N.Y. v. Shore Realty Corp.*, 759 F.2d 1032, 1052-53 (2d Cir. 1985) ("[I]n the public nuisance context . . . ' 'everyone who . . . participates in the . . . maintenance . . . of a nuisance are liable jointly and severally.' ' ") (citations omitted); *Fresh Air for the Eastside, Inc. v. Waste Mgt. of New York, L.L.C.*, 405 F. Supp. 3d 408, 445-46 (W.D.N.Y. 2019) ("'[E]very one who creates a nuisance or participates in the creation or maintenance of a nuisance are liable jointly and severally for the wrong and injury done thereby.' ") (citation and emphasis omitted); *City of Newburgh v. Sarna*, 690 F. Supp. 2d 136, 163 (S.D.N.Y. 2010) (same), *affd in part, appeal dismissed in part on other grounds,* 406 Fed. Appx. 557 (2d Cir. 2011); *United States v. Hooker Chemicals & Plastics Corp.*, 722 F. Supp. 960, 965, 971 (W.D.N.Y. 1989) ("I therefore find that there is no genuine issue of material fact remaining in the case as to OCC's joint and several liability under the common law of public nuisance, and hereby enter summary judgment in favor of plaintiffs on their public nuisance claim as a matter of law."); *Sahu v. Union Carbide Corp.*, 07 CIV. 2156 JFK, 2014 WL

---

[3] In *Schenectady*, the plaintiff sought abatement of the public nuisance, compensatory damages, and punitive damages. *State v. Schenectady Chemicals, Inc.*, 117 Misc. 2d 960, 963 (Sup Ct 1983), *affd as mod,* 103 A.D.2d 33 (3d Dept 1984).

3765556, at *6 (S.D.N.Y. July 30, 2014) (" '[E]veryone who creates a nuisance or participates in the creation or maintenance of a nuisance are liable jointly and severally for the wrong and injury done thereby.' ") (citation omitted), *affd on other grounds,* 650 Fed. Appx. 53 (2d Cir. 2016) (summary order).

Under New York's common-law rule of joint and several liability, a joint tortfeasor can "be held liable for the entire judgment, regardless of its share of culpability."[4] *Rangolan v. County of Nassau*, 96 N.Y.2d 42, 46 (2001). *See also Hoffmann v. Horn*, 157 A.D.3d 871, 873 (2d Dept. 2018) (" 'At common law the joint and several liability imposed on joint tort-feasors was indivisible, and any one of the joint tort-feasors was liable to the injured party for the entire damage.' ") (citation omitted); *Greenidge v. HRH Constr. Corp.*, 279 A.D.2d 400, 402 (1st Dept. 2001) ("Principles of joint and several liability require that a party with even minimal culpability be held responsible to an innocent tort victim. . . . 'An injured party is free to seek a 100% recovery against any individual wrongdoer among joint wrongdoers.' ") (citation omitted). On occasion the New York Legislature has statutorily limited joint and several liability in certain types of cases. *See, e.g.,* CPLR 1601 (limiting joint and several liability for non-economic loss in personal injury actions). Significantly, there is no statutory limitation on joint and several liability applicable in this case. *See Amelius v. Grand Imperial LLC*, 57 Misc. 3d 835, 847 (Sup. Ct. 2017) (holding CPLR 1601 has "no application" in public nuisance action).

*Chipman v. Palmer*, 77 N.Y. 51 (1879), upon which Defendants can be expected to rely in arguing against joint and several liability, is not to the contrary. In *Chipman*, the owner of a boarding-house adjacent to a stream asserted a nuisance action against another property owner for discharging sewage into that stream, resulting in a stench that caused the plaintiff to lose some of his boarders. *Id.* at 52. On appeal, the Court of Appeals held that the trial court had properly charged the jury that the defendant could not be held "liable beyond the extent of the wrong which he had committed, nor for the injury which other parties had contributed to produce[.]" *Id.* at 53. The court reasoned that, in nuisance actions for damages (as opposed to equitable actions), a tortfeasor should not be held "liable

4 For this reason (among others), Defendants' proposed jury verdict forms (*see, e.g.,* NYSCEF Doc. No. 2299 at p. 3), which would ask the jury to apportion less than the entire responsibility to various defendants, is without legal foundation.

for the act of others who have no association and do not act in concert with him." *Id.*; *see also id.* at 56.

*Chipman* does not apply to this case. In *Simmons*, decided 12 years after *Chipman*, the New York Court of Appeals expressly held that the rule set forth in *Chipman* does *not* apply in actions involving *public* nuisances:[5]

> It is urged in behalf of the defendants that at most this is but a case of several independent acts of negligence committed by each, the joint effect of which caused the accident, and for which they are not jointly liable *within the rule laid down in Shipman* [sic] *v. Palmer, 77 N. Y. 51.* The case at bar does not belong to the class of actions arising out of acts or omissions which are simply negligent, and, while the defendants did not intend by their several acts to commit the injury, *their conduct created a public nuisance, which is an indictable misdemeanor under the statutes of this state, . . . and at common law . . . . Persons who by their several acts or omissions maintain a public or common nuisance are jointly and severally liable for such damages as are the direct, immediate, and probable consequence of it.*

124 N.Y. at 323-34 (internal citations omitted) (emphasis added).[6] Significantly, the New York Court of Appeals has never overturned *Simmons*, a case decided well over a century ago.[7]

---

5 It is unclear whether the private plaintiffs in *Chipman* were asserting claims for a private or public nuisance. To the extent *Chipman* denied the availability of joint and several liability for public-nuisance damages claims, it has been overruled by *Simmons*, as discussed herein. *Simmons*, 124 N.Y. at 323-24. *See also* Boston, Apportionment of Harm in Tort Law: A Proposed Restatement, 21 U. Dayton L. Rev. 267, 378 (1996) (noting that for private nuisances, historically, defendants were only severally liable, but that "a different rule governed in cases of public nuisances where joint liability was applied against each tortfeasor because of the public nature of the wrong") (citing J.G. Sutherland, LAW OF DAMAGES § 1059, at 3939 (4th ed. 1916)).

6 *See also* 81 N.Y. Jur. 2d Nuisances § 58 (citing *Chipman* for the following proposition: "[I]f two or more persons who create or maintain a *private* nuisance act entirely independent of one another, and without any community of interest, concert of action, or common design, each is liable only so far as his or her acts contribute to the injury[.]") (emphasis added).

7 The Eastern District of New York's discussion in *A-1 Jewelry & Pawn*, 247 F.R.D. at 347, which this Court quoted in its January 2, 2020 Decision and Order (NYSCEF Doc. No. 2350 at p. 2), is not to the contrary. In that case, Judge Weinstein was discussing the types of remedies recoverable from a defendant whose contribution to the nuisance, standing alone, does *not* constitute a substantial interference with a public right. 247 F.R.D. at 336. For purposes of this motion, Plaintiffs are simply seeking a ruling that any Defendant, whose individual conduct in creating, contributing to, and/or maintaining the opioid epidemic in the relevant jurisdictions *is* found to constitute a substantial interference with a public right, will be jointly and severally liable for the harm caused to Plaintiffs by that public nuisance.

Moreover, even if *Chipman* applied to this case (which it does not), it clearly would not apply to Plaintiffs' claims for equitable remedies. 77 N.Y. at 53, 56 (acknowledging that "an equitable action will lie to restrain parties who severally contribute to a nuisance"); Decision and Order, dated Jan. 2, 2020, NYSCEF Doc. No. 2350 at p. 2. *See also Warren v. Parkhurst*, 186 N.Y. 45, 49 (1906) (allowing landowner to maintain a suit in equity against numerous defendants to restrain them from polluting creek adjacent to plaintiff's land, where the pollution by any one defendant alone would have only nominally damaged the plaintiff, but together the polluting acts of all the defendants united and concurred in creating the nuisance and producing the injurious result).

In short, the longstanding New York rule in actions for public nuisance recognizes joint and several liability for each defendant whose conduct gives rise to the nuisance. This Court should follow that principle here.

## CONCLUSION

For the foregoing reasons, this Court should rule that any Defendant determined to have created, contributed to, and/or maintained a public nuisance in Suffolk County, Nassau County, and/or the State of New York is jointly and severally liable for the harm caused to Plaintiffs by that public nuisance as a matter of law.

Dated: January 14, 2020

                                                    Respectfully submitted,

                                                    */s/ Paul J. Hanly, Jr.*
                                                    Paul J. Hanly, Jr.
                                                    Jayne Conroy
                                                    Andrea Bierstein
                                                    Thomas I. Sheridan, III
                                                    Sarah S. Burns (*pro hac vice*)
                                                    Richard Kroeger(*pro hac vice*)
                                                    SIMMONS HANLY CONROY LLC
                                                    112 Madison Avenue
                                                    New York, NY 10016
                                                    (212) 784-6401

phanly@simmonsfirm.com
jconroy@simmonsfirm.com
abierstein@simmonsfirm.com
tsheridan@simmonsfirm.com
sburns@simmonsfirm.com
rkroeger@simmonsfirm.com

*Counsel for Suffolk County*

*/s/ Paul J. Napoli*

Paul J. Napoli
Hunter J. Shkolnik
Salvatore C. Badala
Joseph L. Ciaccio
NAPOLI SHKOLNIK PLLC
400 Broadhollow Road, Suite 305
Melville, New York 11747
Phone: (212) 397-1000
Facsimile: (646) 843-7603
pnapoli@napolilaw.com
sbadala@napolilaw.com
jciaccio@napolilaw.com

*Counsel for Nassau County*

LETITIA JAMES
Attorney General of the State of New York

*/s/ David E. Nachman*

David E. Nachman
Counsel for Opioids and Impact Litigation
Office of the New York State Attorney General
28 Liberty Street
New York, New York 10005
(212) 416-8390
David.Nachman@ag.ny.gov

*Counsel for Plaintiff The People of the State of New York*