# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

|  |  |
|---|---|
| IN RE OPIOID LITIGATION | Index No. 400000/2017<br>PART 48<br>Hon. Jerry Garguilo<br>Motion Sequence No. 144 |

THIS DOCUMENT RELATES TO

| | |
|---|---|
| SUFFOLK COUNTY CASE | INDEX NO. 400001/2017 |
| NASSAU COUNTY CASE | INDEX NO. 400008/2017 |
| STATE OF NEW YORK CASE | INDEX NO. 400016/2018 |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE ISSUE OF JOINT AND SEVERAL LIABILITY**

February 24, 2020

FILED: SUFFOLK COUNTY CLERK 02/24/2020 02:43 PM
NYSCEF DOC. NO. 3946

19-23649-shl   Doc 979-2   Filed 03/24/20   Entered 03/24/20 14:46:00   Exhibit
Exhibit B   Pg 3 of 17

INDEX NO. 400000/2017
RECEIVED NYSCEF: 02/24/2020

# TABLE OF CONTENTS

*Page*

TABLE OF AUTHORITIES ................................................................................................................ II

INTRODUCTION ................................................................................................................................ 1

ARGUMENT ...................................................................................................................................... 1

I.  UNDER NEW YORK LAW, ANY DEFENDANT WHOSE CONDUCT IN CREATING, CONTRIBUTING TO, OR MAINTAINING A PUBLIC NUISANCE CONSTITUTES A SUBSTANTIAL INTERFERENCE WITH A PUBLIC RIGHT IS JOINTLY AND SEVERALLY LIABLE. ........................... 1

II. DEFENDANTS' FUNDAMENTAL UNFAIRNESS AND DUE PROCESS ARGUMENTS ARE WITHOUT MERIT. ................................................................................................................ 7

III. WHETHER A DEFENDANT THAT HAS SUBSTANTIALLY INTERFERED WITH A PUBLIC RIGHT IS JOINTLY AND SEVERALLY LIABLE IS A QUESTION OF LAW APPROPRIATE FOR RESOLUTION ON SUMMARY JUDGMENT. ............................................................................ 9

CONCLUSION ................................................................................................................................... 9

## TABLE OF AUTHORITIES

Page

**CASES**

*Bimbo v. Chromalloy Am. Corp.*,
   258 A.D.2d 609 (2d Dept. 1999) ....................................................................................3

*Cayuga Indian Nation of New York v. Pataki*,
   79 F. Supp. 2d 66 (N.D.N.Y. 1999) .............................................................................2, 7

*Cherry v. Longo*,
   175 A.D.3d 1481 (2d Dept. 2019) ..................................................................................7

*Chipman v. Palmer*,
   77 N.Y. 51 (1879) .......................................................................................................3, 4

*City of New York v. A-1 Jewelry & Pawn, Inc.*,
   247 F.R.D. 296 (E.D.N.Y. 2007) ..........................................................................4, 5, 6, 7

*City of New York v. Beretta U.S.A. Corp.*,
   315 F. Supp. 2d 256 (E.D.N.Y. 2004) ..........................................................................5, 6

*City of New York v. Gowanus Indus. Park, Inc.*,
   65 A.D.3d 1071 (2d Dept. 2009) .....................................................................................6

*City of Rochester v. Charlotte Docks Co.*,
   114 N.Y.S.2d 37 (Sup. Ct., Monroe County 1952) ........................................................4

*Copart Indus., Inc. v. Consol. Edison Co. of New York, Inc.*,
   41 N.Y.2d 564 (1977) ......................................................................................................6

*Drouin v. Ridge Lbr., Inc.*,
   209 A.D.2d 957 (4th Dept. 1994) ................................................................................3, 4

*Fresh Air for the Eastside, Inc. v. Waste Mgt. of New York, L.L.C.*,
   405 F. Supp. 3d 408, 445 (W.D.N.Y. 2019) ....................................................................6

*In re Methyl Tertiary Butyl Ether ("MTBE") Products Liab. Litig.*,
   447 F. Supp. 2d 289 (S.D.N.Y. 2006) ..........................................................................7, 8

*In re Natl. Prescription Opiate Litig.*,
   1:17-MD-2804, 2019 WL 4194272 (N.D. Ohio Sept. 4, 2019) .......................................3

*King v. Glass*,
   223 A.D.2d 708 (2d Dept. 1996) .....................................................................................9

*La Fountaine ex rel. Currie v. Franzese*,
   282 A.D.2d 935 (3d Dept. 2001) ................................................................................2

*Lenario v. Ward*,
   129 Misc. 2d 326 (Sup. Ct., New York County 1985) ................................................8

*Lindsey v. Normet*,
   405 U.S. 56 (1972) .......................................................................................................9

*Metichecchia v. Palmeri*,
   23 A.D.3d 894 (3d Dept. 2005) ...................................................................................9

*Milhau v. Sharp*,
   9 How. Prac. 102 (Sup. Ct. 1853) ............................................................................3, 4

*N.A.A.C.P. v. AcuSport, Inc.*,
   271 F. Supp. 2d 435 (E.D.N.Y. 2003) ................................................................4, 5, 6

*Parsan v. New York Breweries Co.*,
   208 N.Y. 337 (1913) ....................................................................................................4

*People v. Rafalowitz*,
   43 Misc. 3d 1232(A), 2014 N.Y. Slip. Op. 50903(U), (N.Y. Dist. Ct., Nassau County
   2014) .............................................................................................................................8

*Philip Morris USA v. Williams*,
   549 US 346 (2007) ...................................................................................................8, 9

*Rabney v. Adams*,
   16 Misc. 3d 130(A), 2007 N.Y. Slip. Op. 51310(U), (App. Term, 1st Dept. 2007) .......7

*Ravo by Ravo v. Rogatnick*,
   70 N.Y.2d 305 (1987) ...............................................................................................2, 4

*Said v. Assaad*,
   289 A.D.2d 924 (4th Dept. 2001) ................................................................................2

*Scribner v. Summers*,
   84 F.3d 554 (2d Cir. 1996) .......................................................................................3, 4

*Simmons v. Everson*,
   124 N.Y. 319 (1891) ................................................................................................3, 4

*Slomin's, Inc. v. Niranjan*,
   34 Misc. 3d 140(A), 2012 WL 149333 (App. Term, 2d Dept. 2012) ...........................7

*St. Louis, I.M. & S. Ry. Co. v. Williams*,
   251 U.S. 63 (1919) .......................................................................................................8

*State v. Fermenta ASC Corp.*,
 160 Misc. 2d 187 (Sup. Ct., Suffolk County 1994) ...................................................................3

*Timmons v. Purdue Pharma Co.*,
 8:04-CV-1479-T-26MAP, 2006 WL 263602 (M.D. Fla. Feb. 2, 2006) .........................................2

*Warren v. Parkhurst*,
 186 N.Y. 45 (1906) ...................................................................................................................5

**OTHER AUTHORITIES**

RESTATEMENT (FIRST) OF TORTS § 822 (1939) ..................................................................................6

RESTATEMENT (FIRST) OF TORTS § 825 (1939) ..................................................................................6

RESTATEMENT (SECOND) OF TORTS § 433A (1965) .......................................................................2, 4

RESTATEMENT (SECOND) OF TORTS § 840E (1979) .......................................................................6, 9

## INTRODUCTION

Ignoring the Court of Appeals' precedent to the contrary, Defendants argue that the principles governing joint and several liability in general negligence actions apply to public nuisance claims for damages. They are wrong. Rather, under New York public nuisance law, any defendant determined to have substantially interfered with a public right is automatically jointly and severally liable for the harm caused thereby as a matter of law. And this joint and several liability is not limited to damages. Such a defendant is also jointly and severally liable for equitable remedies such as abatement (an issue Defendants fail to substantively address in their response). As there are no material questions of fact precluding partial summary judgment on this issue, Plaintiffs respectfully request that the Court grant their motion.

## ARGUMENT

### I. UNDER NEW YORK LAW, ANY DEFENDANT WHOSE CONDUCT IN CREATING, CONTRIBUTING TO, OR MAINTAINING A PUBLIC NUISANCE CONSTITUTES A SUBSTANTIAL INTERFERENCE WITH A PUBLIC RIGHT IS JOINTLY AND SEVERALLY LIABLE.

In an effort to create a fact issue where none exists, Defendants argue that summary judgment must be denied because Plaintiffs provide no evidence demonstrating that "(1) the harms resulting from the alleged nuisance constitute a single injury, (2) such an injury was caused by each defendant's concurrent or concerted actions, and (3) there is no reasonable basis to apportion the injury." Def. Resp. (NYSCEF Doc. No. 3764) at p. 1. But Plaintiffs are not required to prove *any* of these elements (let alone all three) in order to hold a defendant jointly and severally liable for public nuisance in New York. Rather, as explained in Plaintiffs' motion (NYSCEF Doc. No. 2557), any Defendant whose individual conduct in creating, contributing to, or maintaining the opioid epidemic in the relevant jurisdictions is found by the trier of fact to constitute a substantial interference with a public right is jointly and severally liable for the harm caused thereby as a matter of law.

Most of the authority Defendants rely on in support of their argument addresses joint and several liability in the context of general negligence (or trespass) claims, not public nuisance, and is therefore inapposite. *See Ravo by Ravo v. Rogatnick*, 70 N.Y.2d 305, 307 (1987) (medical malpractice

1

action); *Said v. Assaad*, 289 A.D.2d 924, 924 (4th Dept. 2001) (negligence claims of passenger injured in a car accident); *La Fountaine ex rel. Currie v. Franzese*, 282 A.D.2d 935, 935-36 (3d Dept. 2001) (personal injury claims of plaintiff exposed to lead); *Cayuga Indian Nation of New York v. Pataki*, 79 F. Supp. 2d 66, 69-71 (N.D.N.Y. 1999) (determining availability of joint and several liability in trespass action brought under federal common law); *Timmons v. Purdue Pharma Co.*, 8:04-CV-1479-T-26MAP, 2006 WL 263602, at *1, 4 (M.D. Fla. Feb. 2, 2006) (addressing Florida law; product liability action by plaintiff who suffered personal injuries due to his addiction to prescription opioids; court granted summary judgment because plaintiff "failed to show any evidence of causation"); RESTATEMENT (SECOND) OF TORTS § 433A (1965) (apportionment of harm in negligence actions).[1] And even plaintiffs asserting general negligence claims are not required to prove both concurrent/concerted action and a single injury incapable of apportionment in order to hold a defendant jointly and severally liable.[2]

---

[1] Defendants reference this Court's January 28, 2020 order (NYSCEF Doc. No. 3382), which suggested the parties consult Restatement § 433A "[i]n order to assist preparation." Def. Resp. (NYSCEF Doc. No. 3764) at p. 5. This suggestion was immediately preceded by the Court's statement "grant[ing] the State's petition to allow the [NYCSA] and Executive Law claims to be heard during the March 20, 2020 trial." NYSCEF Doc. No. 3382 at p. 3. Thus, it is unclear whether the Court's suggestion related to Plaintiffs' public nuisance claims. Regardless, the particular comment the Court quotes simply rejects the arbitrary apportionment of indivisible harm, noting that joint and several liability is appropriate in those circumstances. *Id.* (quoting RESTATEMENT (SECOND) OF TORTS § 433A cmt. i). In this case, Plaintiffs certainly take the position that their indivisible harm is not capable of reasonable apportionment, but this fact is ultimately irrelevant for purposes of the current motion because, under New York law, any defendant whose conduct constitutes a substantial interference with a public right is automatically jointly and severally liable for public nuisance. *See* Plaintiffs' Motion (NYSCEF Doc. No. 2557).

[2] *See Ravo*, 70 N.Y.2d at 310 ("It is sometimes the case that tort-feasors who neither act in concert nor concurrently may nevertheless be considered jointly and severally liable. This may occur in the instance of certain injuries which, because of their nature, are incapable of any reasonable or practicable division or allocation among multiple tort-feasors."). Moreover, it is the *defendants* in such cases who bear the burden of proving the plaintiff's harm can be apportioned. *Id.* at 312 ("[T]he evidence established that plaintiff's brain damage was a single indivisible injury, and *defendant* failed to submit any evidence upon which the jury could base an apportionment of damage.") (emphasis added); *La Fountaine*, 282 A.D.2d at 938 (upholding verdict for plaintiff when "[p]laintiff conclusively proved that the lead poisoning which caused her injuries was properly attributable to the lead hazard in defendants' building and *defendants* thereafter failed to present proof which would render plaintiff's injuries 'divisible' and enable the fact finder to apportion damages to separate periods of culpability") (emphasis added).

2

The few public nuisance cases Defendants cite do not actually support their position. As predicted, Defendants rely primarily on *Chipman v. Palmer*, 77 N.Y. 51 (1879). Def. Resp. (NYSCEF Doc. No. 3764) at pp. 3-4. But, as explained in Plaintiffs' motion, the Court of Appeals later rejected *Chipman's* application in the public nuisance context and expressly held that "[p]ersons who by their several acts or omissions maintain a public or common nuisance are jointly and severally liable for such damages as are the direct, immediate, and probable consequence of it." *Simmons v. Everson*, 124 N.Y. 319, 323-24 (1891).[3]

Undaunted, Defendants attempt to sidestep the Court of Appeals' clear holding in *Simmons*. First, they claim that "Plaintiffs incorrectly contend that *Chipman's* holding does not apply in public nuisance actions[,]" arguing that *Chipman* was itself "a classic *public nuisance* case" since it involved the release of hazardous materials into the environment, and that "Plaintiffs all but concede as much" in their motion. Def. Resp. (NYSCEF Doc. No. 3764) at p. 4 & n.2 (citing *Chipman*, 77 N.Y. 51, and *State v. Fermenta ASC Corp.*, 160 Misc. 2d 187 (Sup. Ct., Suffolk County 1994)).[4] Not so. As explained in Plaintiffs' motion (NYSCEF Doc. No. 2557 at p. 5 n.5), the *Chipman* opinion gives no indication as to whether the *private* plaintiffs in that case were asserting private or public nuisance claims. 77 N.Y. 51. The mere fact that the claim involved environmental contamination does not necessarily make it one based on public nuisance.[5] Moreover, "[a] nuisance may be *both* public and private."

---

[3] For this reason, Defendants' reference to the MDL court's decision is inapposite. Def. Resp. (NYSCEF Doc. No. 3764) at pp. 1, 6. In that case, the MDL court was applying *Ohio* law, not New York law, when it stated that "the authority on which Plaintiffs rely does not support a conclusion that nuisance liability is *necessarily* joint and several as a matter of law." *In re Natl. Prescription Opiate Litig.*, 1:17-MD-2804, 2019 WL 4194272, at *4 (N.D. Ohio Sept. 4, 2019).

[4] Significantly, in *Fermenta*, the court actually reaffirmed the rule that joint and several liability applies to public nuisance claims. 160 Misc. 2d at 195 ("[E]veryone who creates a nuisance or participates in the creation or maintenance . . . of a nuisance are liable jointly and severally for the wrong and injury done thereby[.]") (citations and internal quotation marks omitted).

[5] *See, e.g., Bimbo v. Chromalloy Am. Corp.*, 258 A.D.2d 609, 609 (2d Dept. 1999) (trial court properly denied summary judgment as to plaintiffs' *private* nuisance claims based on alleged chemical contamination of plaintiffs' property); *Drouin v. Ridge Lbr., Inc.*, 209 A.D.2d 957, 959 (4th Dept. 1994) ("Plaintiffs may maintain a cause of action for *private* nuisance in their status as owners and occupants of adjoining land allegedly contaminated by the gasoline spill.") (emphasis added); *Scribner v. Summers*, 84 F.3d 554, 556, 558-59 (2d Cir. 1996) (finding defendant liable under *private* nuisance theory for its improper disposal of

*Milbau v. Sharp*, 9 How. Prac. 102, 112 (Sup. Ct. 1853) (emphasis added), *aff'd,* 7 Abb. Prac. 220 (N.Y. Gen. Term 1858), *aff'd,* 27 N.Y. 611 (1863).[6] Thus, the *Chipman* plaintiffs could have just as easily been asserting a private nuisance claim. Regardless, even if the plaintiffs in *Chipman* were asserting public nuisance claims, the Court of Appeals has since clarified that the principles set forth in *Chipman* do not apply in the public nuisance context. *Simmons*, 124 N.Y. at 323-24.

Defendants next argue that "*Simmons* is entirely consistent with *Chipman*." Def. Resp. (NYSCEF Doc. No. 3764) at p. 4. They claim that joint and several liability was only upheld in *Simmons* because it "was an 'ordinary case' of a single injury resulting from the joint negligence of multiple persons who had a joint duty . . ., and the resulting injury—death—'is the kind of harm' that, by its 'very nature, [is] normally incapable of any logical, reasonable, or practical division.'" *Id.* at pp. 4-5 (internal citation omitted).[7] But there is no indication in *Simmons* that the Court of Appeals was limiting the availability of joint and several liability to those circumstances. 124 N.Y. at 323-24. Instead, it clearly stated, without qualification, that "[p]ersons who by their several acts or omissions maintain a public or common nuisance are jointly and severally liable for such damages as are the direct, immediate, and probable consequence of it." *Id.*

Citing to two federal decisions by now-retired Judge Weinstein, Defendants argue that "*Chipman* continues to govern the availability of joint and several liability for public nuisance." Def. Resp. (NYSCEF Doc. No. 3764) at p. 4 (citing *City of New York v. A-1 Jewelry & Pawn, Inc.*, 247 F.R.D. 296 (E.D.N.Y. 2007), and *N.A.A.C.P. v. AcuSport, Inc.*, 271 F. Supp. 2d 435 (E.D.N.Y. 2003)).

---

hazardous materials that contaminated plaintiffs' property).

[6] *See also City of Rochester v. Charlotte Docks Co.*, 114 N.Y.S.2d 37, 46 (Sup. Ct., Monroe County 1952) ("'Nuisances are often classified either as public or private or both.'") (citation omitted); *Drouin*, 209 A.D.2d at 959 (plaintiff's allegations based on defendant's discharge of gasoline sufficiently stated claims for both private and public nuisance).

[7] The authority Defendants cite to support this proposition does not address public nuisance law and is therefore inapposite. *See Ravo*, 70 N.Y.2d at 307 (medical malpractice); *Parsan v. New York Breweries Co.*, 208 N.Y. 337, 339-40 (1913) (premises liability action asserted against lessee of building in which plaintiff's husband was killed when the building collapsed; no discussion of joint and several liability); RESTATEMENT (SECOND) OF TORTS § 433A (discussing apportionment of harm in negligence claims).

4

FILED: SUFFOLK COUNTY CLERK 02/24/2020 02:43 PM
NYSCEF DOC. NO. 3946

INDEX NO. 400000/2017
RECEIVED NYSCEF: 02/24/2020

19-23649-shl    Doc 979-2    Filed 03/24/20    Entered 03/24/20 14:46:00    Exhibit
Exhibit B    Pg 11 of 17

To the contrary, Judge Weinstein has repeatedly acknowledged that there is joint and several liability for public nuisance claims. *See, e.g., A-1 Jewelry*, 247 F.R.D. at 347 ("Persons who join or participate in the creation or maintenance of a public nuisance are liable jointly and severally for the wrong and resulting injury."); *City of New York v. Beretta U.S.A. Corp.*, 315 F. Supp. 2d 256, 282 (E.D.N.Y. 2004) (same). According to Judge Weinstein, however, there is one limited exception to this general rule that applies under a very particular set of circumstances:

> The question of liability of multiple actors for the creation of a public nuisance in the aggregate arises where it is difficult or impossible to separate the injury done by one contributing actor from that done by another *and where the injury imposed by each contributing actor individually does not constitute a substantial interference with a public right. Under such circumstances* contributing actors cannot be held jointly and severally liable in an action for damages, but an equitable action for injunctive relief to abate the nuisance will lie against them all.

*AcuSport*, 271 F. Supp. 2d at 493 (emphasis added); *see also A-1 Jewelry*, 247 F.R.D. at 347. In other words, a defendant who contributes to a nuisance, but whose conduct, *standing alone*, would *not* be actionable, can still be held jointly and severally liable for equitable relief, but not for damages. *See AcuSport*, 271 F. Supp. 2d at 493 ("Where multiple actors contribute to a public nuisance, equity can reach actors whose conduct standing alone might not be actionable."); *A-1 Jewelry*, 247 F.R.D. at 336 (same).

Even assuming, *arguendo*, that the New York Court of Appeals would adopt an exception to joint and several liability for public-nuisance damages in those limited circumstances,[8] this has no bearing on the relief requested by Plaintiffs in their summary judgment motion. Plaintiffs simply seek a ruling stating that any Defendant, whose individual conduct in creating, contributing to, and/or maintaining the opioid epidemic in the relevant jurisdictions is found by the trier of fact to constitute a substantial interference with a public right, be held jointly and severally liable for the harm caused

---

[8] In *Warren v. Parkhurst*, 186 N.Y. 45 (1906), the Court of Appeals recognized the availability of equitable relief in those circumstances but declined to decide whether the defendants, whose individual contributions to the nuisance only nominally damaged the plaintiff, could be held jointly and severally liable had the plaintiff solely sued for damages. *Id.* at 48-49.

5

to Plaintiffs by that public nuisance.[9] This is entirely consistent with New York law.[10] If, at trial, the trier of fact determines that a particular Defendant's contribution to the public nuisance did not, standing alone, constitute a substantial interference with a public right, the extent of that Defendant's liability for damages, if any, can be addressed and determined at a later time based on the evidence presented.

Moreover, separate and apart from the Plaintiff Counties' damages claims, all Plaintiffs in this case seek equitable relief, including abatement. *See, e.g., City of New York v. Gowanus Indus. Park, Inc.*, 65 A.D.3d 1071, 1074 (2d Dept. 2009) (recognizing abatement is a form of equitable relief). Yet, in their response, Defendants fail to substantively address, or cite any legal authority refuting, Plaintiffs' argument that a Defendant whose individual conduct is found to constitute a substantial interference with a public right is jointly and severally liable for equitable relief.[11] Accordingly, at a minimum, the

---

[9] Contrary to Defendants' assertions otherwise (Def. Resp. (NYSCEF Doc. No. 3764) at p. 12), Plaintiffs contend, and intend to prove at trial, that each Defendant's conduct in and of itself constituted a substantial interference with a public right. Defendants appear to believe that a defendant cannot have substantially interfered with a public right unless Plaintiffs can demonstrate that defendant's conduct, standing alone, caused the entirety of the opioid epidemic. *Id.* at pp. 9, 11-12. They also argue that (i) "the 'opioid epidemic' and its associated harms cannot be a nuisance under New York[,]" and (ii) Plaintiffs have not suffered a single injury, but rather a collection of "distinct and separate" injuries. *Id.* at pp. 7-8, 11-12. Plaintiffs dispute Defendants' characterization of Plaintiffs' harm, as well as their characterization of New York public nuisance law and its application to the facts in this case. *See, e.g.,* NYSCEF Doc. Nos. 3690 & 3715. Regardless, it is unnecessary to resolve these issues for purposes of this motion.

[10] Defendants argue that: (i) New York courts apply the Restatement's framework to nuisance claims (Def. Resp. (NYSCEF Doc. No. 3764) at p. 6 (citing *Copart Indus., Inc. v. Consol. Edison Co. of New York, Inc.*, 41 N.Y.2d 564 (1977)); and (ii) the Restatement rejects the automatic imposition of joint and several liability in nuisance actions (*id.* at p. 6 (citing RESTATEMENT (SECOND) OF TORTS § 840E cmt. b (1979)). But *Copart* did not reference § 840E; the specific Restatement provisions cited in that case relate to *private* nuisance claims and do not mention joint and several liability or apportionment of damages. 41 N.Y.2d at 568-71; RESTATEMENT (FIRST) OF TORTS § 822 (1939); RESTATEMENT (FIRST) OF TORTS § 825 (1939). Moreover, to the extent § 840E cmt. b stands for the proposition that joint and several liability for public nuisance is not appropriate when the harm can be apportioned, it is not consistent with New York law. *See* Plaintiffs' Motion (NYSCEF Doc. No. 2557). Notably, no New York state case cites to § 840E cmt. b. And the few New York federal cases that cite to this comment are specifically discussing the appropriateness of joint and several liability when a defendant's conduct, *standing alone*, does not constitute a substantial interference with a public right. *See Fresh Air for the Eastside, Inc. v. Waste Mgt. of New York, L.L.C.*, 405 F. Supp. 3d 408, 445 (W.D.N.Y. 2019); *A-1 Jewelry*, 247 F.R.D. at 347; *Beretta*, 315 F. Supp. 2d at 282; *AcuSport*, 271 F. Supp. 2d at 493.

[11] Defendants only mention abatement once in their response, stating: "In this unprecedented case, seeking to hold defendants—who, at most, were allegedly contributors—jointly and severally liable for damages, or for 'abatement' of the widespread harms alleged by Plaintiffs, is fundamentally unfair and improper

6

Court should grant Plaintiffs' motion as it relates to their claims for equitable relief. *See Cherry v. Longo*, 175 A.D.3d 1481, 1483 (2d Dept. 2019) (plaintiff deemed to have abandoned issues she failed to address in her opposition papers); *Slomin's, Inc. v. Niranjan*, 34 Misc. 3d 140(A), 2012 WL 149333, at *1 (App. Term, 2d Dept. 2012) (granting summary judgment on portion of plaintiff's motion that defendants failed to address in their opposition papers); *Rabney v. Adams*, 16 Misc. 3d 130(A), 2007 N.Y. Slip. Op. 51310(U), at *1 (App. Term, 1st Dept. 2007) (respondent waived challenge to particular issue "by failing to raise it in her opposition papers to petitioner's motion for summary judgment").

## II. DEFENDANTS' FUNDAMENTAL UNFAIRNESS AND DUE PROCESS ARGUMENTS ARE WITHOUT MERIT.

Defendants also argue that holding them jointly and severally liable for Plaintiffs' harm would be "fundamentally unfair and improper under New York law." Def. Resp. (NYSCEF Doc. No. 3764) at pp. 2, 10-11, 14. But the primary authority on which they rely (*Methyl*, 447 F. Supp. 2d 289),[12] is not only factually distinguishable, it does not even support their argument. *Methyl* involved the contamination of groundwater with MTBE (a gasoline additive), which is a fungible product. 447 F. Supp. 2d at 293. Because the plaintiffs *could not identify* the manufacturers of the specific MTBE that contaminated the water, they sued a group of "manufacturers that together control[led] a substantial share of the market for MTBE-containing gasoline[,]" arguing these manufacturers could be held liable "under either a theory of concurrent wrongdoing or a theory of market share liability." *Id.* at 293-94 (internal footnote omitted). The court rejected the plaintiffs' concurrent wrongdoing theory because "it would be fundamentally unfair to hold these defendants jointly and severally liable[,]" based only "on the *presumption* that every defendant's product was part of the commingled

---

under New York law." Def. Resp. (NYSCEF Doc. No. 3764) at p. 2. Notably, the case they cite in support makes no mention of abatement. *In re Methyl Tertiary Butyl Ether ("MTBE") Products Liab. Litig.*, 447 F. Supp. 2d 289 (S.D.N.Y. 2006). Indeed, Defendants fail to cite any case holding that a defendant who creates, contributes to, or maintains a public nuisance is not jointly and severally liable for equitable relief under New York law.

[12] Defendants also cite *Cayuga* and *A-1 Jewelry* (Def. Resp. (NYSCEF Doc. No. 3764) at pp. 10-11), neither of which states that holding a defendant jointly and severally liable under a public nuisance theory for conduct that itself substantially interferes with a public right is fundamentally unfair.

7

MTBE-containing gasoline that caused plaintiffs' injury." *Id.* at 303 (emphasis in original). What Defendants fail to mention in their response, however, is that the *Methyl* court expressly stated that "[t]he imposition of joint and several liability *is not unjust* when plaintiff can identify with certainty each defendant that contributed to the indivisible injury." *Id.* at 303 n.60 (emphasis added). In this case, unlike in *Methyl*, there is no question that each Defendant marketed, distributed, and/or dispensed opioids in the relevant jurisdictions.

Defendants' due process arguments are similarly without merit. Defendants first argue that "punishments 'wholly disproportioned to the offense and obviously unreasonable' violate due process." Def. Resp. (NYSCEF Doc. No. 3764) at p. 10 (quoting *St. Louis, I.M. & S. Ry. Co. v. Williams*, 251 U.S. 63 (1919)).[13] But abatement and compensatory damages are not "punishments." *See, e.g., Lenario v. Ward*, 129 Misc. 2d 326, 328 (Sup. Ct., New York County 1985) (noting statute at issue "does not punish conduct but, rather, is aimed at nuisance abatement"); *People v. Rafalowitz*, 43 Misc. 3d 1232(A), 2014 N.Y. Slip. Op. 50903(U), at *2 (N.Y. Dist. Ct., Nassau County 2014) (distinguishing abatement from criminal penalties meant to punish wrongdoers).

Defendants also argue that granting Plaintiffs' motion would be a deprivation of due process because discovery as to the apportionment of harm has not yet occurred. Def. Resp. (NYSCEF Doc. No. 3764) at p. 9 & n.5. But as explained above, whether a defendant who created, contributed to, or maintained a public nuisance is jointly and severally liable for all harm caused thereby is a question of law that does not require any additional evidence. *Supra* at § I. The cases cited by Defendants are factually distinguishable. *See Philip Morris USA v. Williams*, 549 US 346, 353 (2007) (punitive damage award that punishes a defendant for injuries it inflicts on non-parties violates due process); *Lindsey v. Normet*, 405 U.S. 56, 58 (1972) (addressing "whether Oregon's judicial procedure for eviction of tenants after nonpayment of rent violates either the Equal Protection Clause or the Due Process

---

[13] At issue in *St. Louis* was the constitutionality of an Arkansas statute that imposed monetary penalties on railroad companies that charged transportation rates exceeding statutorily-permitted rates. 251 U.S. at 63. The Supreme Court rejected the defendant's argument that this statute violated due process. *Id.* at 66-67.

8

FILED: SUFFOLK COUNTY CLERK 02/24/2020 02:43 PM
NYSCEF DOC. NO. 3946

INDEX NO. 400000/2017
RECEIVED NYSCEF: 02/24/2020

19-23649-shl    Doc 979-2    Filed 03/24/20    Entered 03/24/20 14:46:00    Exhibit
Exhibit B    Pg 15 of 17

Clause of the Fourteenth Amendment");[14] *Metichecchia v. Palmeri*, 23 A.D.3d 894, 895 (3d Dept. 2005) (defendant moved for summary judgment prior to any discovery having been completed).

### III. WHETHER A DEFENDANT THAT HAS SUBSTANTIALLY INTERFERED WITH A PUBLIC RIGHT IS JOINTLY AND SEVERALLY LIABLE IS A QUESTION OF LAW APPROPRIATE FOR RESOLUTION ON SUMMARY JUDGMENT.

Contrary to Defendants' assertions otherwise, Plaintiffs' motion does not seek an improper advisory opinion but rather a determination of the applicable law. Resolution of disputed legal issues is warranted when "the resolution would have an immediate, practical effect on the conduct of the parties." *King v. Glass*, 223 A.D.2d 708, 708 (2d Dept. 1996). In this case, granting Plaintiffs' motion would simplify and streamline the issues to be presented in the upcoming trial. For example, as is clear from their response, Defendants intend to shift the blame for the opioid crisis onto Purdue, among others. Def. Resp. (NYSCEF Doc. No. 3764) at pp. 1-2, 4, 12-14. But if a Defendant is jointly and severally liable for conduct constituting a substantial interference with a public right, as New York law states, the extent to which another third party may have contributed to the public nuisance is irrelevant to determining that Defendant's liability.[15] Resolving this legal question now avoids the needless and wasteful consumption of trial time and judicial resources that would occur from litigating whether, and the extent to which, persons other than Defendants contributed to the public nuisance.

### CONCLUSION

For the foregoing reasons, this Court should grant Plaintiffs' Motion for Partial Summary Judgment on the Issue of Joint and Several Liability and rule that any Defendant whose individual conduct in creating, contributing to, or maintaining the opioid epidemic in the relevant jurisdictions

---

[14] In *Lindsey*, the Supreme Court noted that "'[d]ue process requires that there be an opportunity to present every available defense.'" 405 U.S. at 66 (citation omitted). In this case, the ability to apportion the harm is not an available defense to joint and several liability under New York law for defendants whose conduct substantially interferes with a public right.

[15] Nor would it be relevant if Plaintiffs contributed to the nuisance as Defendants allege (which Plaintiffs dispute). Defendants argue that if Plaintiffs contributed to the nuisance and apportionment of the harm cannot be made, Plaintiffs' recovery would be barred. Def. Resp. (NYSCEF Doc. No. 3764) at p. 13 n.9. But the only authority they cite for this proposition is a comment in the Restatement. RESTATEMENT (SECOND) OF TORTS § 840E cmt. d. Defendants do not cite, and Plaintiffs have not located, any New York case that even cites to, let alone adopts, comment d to Restatement § 840E.

FILED: SUFFOLK COUNTY CLERK 02/24/2020 02:43 PM
NYSCEF DOC. NO. 3946

19-23649-shl    Doc 979-2    Filed 03/24/20    Entered 03/24/20 14:46:00    Exhibit
Exhibit B    Pg 16 of 17

INDEX NO. 400000/2017
RECEIVED NYSCEF: 02/24/2020

is found by the trier of fact to constitute a substantial interference with a public right is jointly and severally liable for the harm caused to Plaintiffs by that public nuisance as a matter of law.

Dated: February 24, 2020

    Respectfully submitted,

    */s/ Paul J. Hanly, Jr.*
    Paul J. Hanly, Jr.
    Jayne Conroy
    Andrea Bierstein
    Thomas I. Sheridan, III
    Sarah S. Burns (*pro hac vice*)
    Richard Kroeger (*pro hac vice*)
    SIMMONS HANLY CONROY LLC
    112 Madison Avenue
    New York, NY 10016
    (212) 784-6401
    phanly@simmonsfirm.com
    jconroy@simmonsfirm.com
    abierstein@simmonsfirm.com
    tsheridan@simmonsfirm.com
    sburns@simmonsfirm.com
    rkroeger@simmonsfirm.com

    *Counsel for Suffolk County*


    */s/ Paul J. Napoli*
    Paul J. Napoli
    Hunter J. Shkolnik
    Salvatore C. Badala
    Joseph L. Ciaccio
    NAPOLI SHKOLNIK PLLC
    400 Broadhollow Road, Suite 305
    Melville, New York 11747
    Phone: (212) 397-1000
    Facsimile: (646) 843-7603
    pnapoli@napolilaw.com
    sbadala@napolilaw.com
    jciaccio@napolilaw.com

    *Counsel for Nassau County*

LETITIA JAMES
Attorney General of the State of New York

*/s/ David E. Nachman*
David E. Nachman
Counsel for Opioids and Impact Litigation
Office of the New York State Attorney General
28 Liberty Street
New York, New York 10005
(212) 416-8390
David.Nachman@ag.ny.gov

*Counsel for Plaintiff The People of the State of New York*