| | |
|---|---|
| KRAMER LEVIN NAFTALIS & FRANKEL LLP | GILBERT LLP |
| Kenneth H. Eckstein | Scott D. Gilbert (admitted *pro hac vice*) |
| Rachael Ringer | Craig Litherland (admitted *pro hac vice*) |
| David E. Blabey Jr. | Kami E. Quinn (admitted *pro hac vice*) |
| 1177 Avenue of the Americas | 100 New York Ave, NW, Suite 700 |
| New York, NY 10036 | Washington, D.C. 20005 |
| Telephone: (212) 715-9100 | Telephone: (202) 772-2200 |
| | |
| BROWN RUDNICK LLP | OTTERBOURG P.C. |
| David J. Molton | Melanie L. Cyganowski |
| Steven D. Pohl (admitted *pro hac vice*) | Jennifer S. Feeney |
| 7 Times Square | 230 Park Avenue |
| New York, NY 10036 | New York, NY 10169 |
| Telephone: (212) 209-4800 | Telephone: (212) 661-9100 |

*Attorneys for the Ad Hoc Committee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------X
                                                                  :
In re:                                                            :    Chapter 11
                                                                  :
PURDUE PHARMA L.P., *et al.*,                                     :    Case No. 19-23649 (RDD)
                                                                  :
                                      Debtors.[1]                 :    (Jointly Administered)
                                                                  :
------------------------------------------------------------------ X


**AD HOC COMMITTEE'S JOINDER IN, AND STATEMENT WITH RESPECT TO,**
***EX PARTE* MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED**
**CREDITORS OF PURDUE PHARMA, *ET AL.* FOR AN ORDER AUTHORIZING**
**EXAMINATIONS PURSUANT TO FEDERAL RULES OF**
**BANKRUPTCY PROCEDURE 2004 AND 9016**

---

[1]   The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

The ad hoc committee of governmental and other contingent litigation claimants (the "**Ad Hoc Committee**"), which consists of (i) ten States, (ii) the court-appointed Plaintiffs' Executive Committee in the multi-district litigation captioned *In re National Prescription Opiate Litigation*, Case No. 17-md-02804 (N.D. Ohio), (iii) six counties, cities, parishes or municipalities, and (iv) one federally recognized American Indian Tribe, hereby submits this joinder and statement with respect to the *Ex Parte Motion of the Official Committee of Unsecured Creditors of Purdue Pharma, et al. for an Order Authorizing Examinations Pursuant to Federal Rules of Bankruptcy Procedure 2004 and 9016* [Docket No. 981] (the "**Motion**")[2] submitted by the Official Committee, and respectfully states as follows:

## JOINDER AND STATEMENT

1.      The Ad Hoc Committee joins in the Official Committee's motion seeking authority to establish mechanics for pursuing discovery of the Initial Covered Sackler Persons under Bankruptcy Rule 2004, and submits this statement to, among other things, confirm the Ad Hoc Committee's role with respect to ongoing discovery of and diligence from the Initial Covered Sackler Persons.[3]

2.      As this Court is aware, the Ad Hoc Committee reached consensus on a Settlement Framework with the Debtors and the Initial Covered Sackler Persons at the outset of the chapter 11 cases.  And while that Settlement Framework contemplates certain key terms of a chapter 11 plan, it also contemplates substantial additional diligence to be conducted by the Ad Hoc Committee in connection with the negotiation of definitive documents.  Consistent with the

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

[3] As the Ad Hoc Committee was preparing to file this Joinder and Statement, the Court entered an Order granting the Official Committee's Motion.  The Ad Hoc Committee respectfully requests that the Order be amended to include the Ad Hoc Committee among the parties authorized to participate in Rule 2004 discovery.  The Ad Hoc Committee further understands that the Non-Consenting State Group would like to be included as well, based on its joinder.  A proposed modified form of order including both parties is attached hereto as **Exhibit A**.

Settlement Framework, and with the Ad Hoc Committee's recognized role in these cases, the Ad

Hoc Committee has both monitored the progress of the investigations and diligence conducted by

the Official Committee and others, and has conducted ongoing diligence of its own, including

through additional diligence and discovery requests of the Sacklers and the IACs, and the

participation in various meetings, discovery meet-and-confers, and presentations with, *inter alia*,

representatives of the Sacklers.  To safeguard the interests of its own constituents, it is essential

that the Ad Hoc Committee continue to fulfill this role.  Only by remaining abreast of ongoing

discovery – and being permitted to supplement such requests – can the Ad Hoc Committee

appropriately adjust and react to any future developments in the case, including positions that the

Official Committee and others may take with respect to the Settlement Framework.

3.      Accordingly, the Ad Hoc Committee has a clear interest in obtaining and reviewing

documents requested by the Official Committee, the Debtors, and the Non-Consenting State

Group.  But because the Ad Hoc Committee has, and continues, to request additional information

and documents from the Initial Covered Sackler Persons, the Ad Hoc Committee likewise requests

that any order authorizing the taking of Rule 2004 discovery by the Official Committee also

authorize the participation of the Ad Hoc Committee on similar terms, and believes that

authorizing its participation in discovery in this manner is most efficient under the circumstances.

## **CONCLUSION**

For the reasons set forth above and in the Motion, the Ad Hoc Committee

respectfully requests that the Court amend its prior order to authorize the Ad Hoc Committee, in

addition to the Official Committee and the Debtors, to undertake a Bankruptcy Rule 2004

examination of the Initial Covered Sackler Persons.  Attached hereto as **Exhibit A** is a clean and

black line proposed form of order adding the Ad Hoc Committee (as well as the Non-Consenting

State Group) to the order previously entered by the Court.

Dated:  March 27, 2020                    Respectfully submitted,

                                          /s/ *Kenneth H. Eckstein*
                                          Kenneth H. Eckstein
                                          Rachael Ringer
                                          KRAMER LEVIN NAFTALIS & FRANKEL LLP
                                          1177 Avenue of the Americas
                                          New York, NY 10036
                                          Telephone: (212) 715-9100
                                          Email: keckstein@kramerlevin.com
                                                 rringer@kramerlevin.com

                                          David J. Molton
                                          Steven D. Pohl (admitted *pro hac vice*)
                                          BROWN RUDNICK LLP
                                          7 Times Square
                                          New York, NY 10036
                                          Telephone: (212) 209-4800
                                          Email: dmolton@brownrudnick.com
                                                 spohl@brownrudnick.com

                                          Scott D. Gilbert (admitted *pro hac vice*)
                                          Craig Litherland (admitted *pro hac vice*)
                                          Kami E. Quinn (admitted *pro hac vice*)
                                          GILBERT LLP
                                          100 New York Ave, NW, Suite 700
                                          Washington, D.C. 20005
                                          Telephone: (202) 772-2200
                                          Email: gilberts@gilberlegal.com
                                                 litherlandc@gilbertlegal.com
                                                 kquinn@gilbertlegal.com

                                          Melanie L. Cyganowski
                                          Jennifer S. Feeney
                                          OTTERBOURG P.C.
                                          230 Park Avenue
                                          New York, NY 10169
                                          Telephone: (212) 661-9100
                                          Email: mcyganowski@otterbourg.com
                                                 jfeeney@otterbourg.com

                                          *Attorneys for the Ad Hoc Committee*

**<u>Exhibit A</u>**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| PURDUE PHARMA L.P., *et al.*,[1] | ) | Case No. 19-23649 (RDD) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

### AMENDED ORDER PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 2004 AND 9016 AUTHORIZING EXAMINATION OF THIRD PARTIES

Upon the motion, dated March 25, 2020 (the "Committee Motion"), of the Official

Committee of Unsecured Creditors (the "Official Committee") of Purdue Pharma L.P.

("Purdue") and its affiliated debtors and debtors-in-possession (collectively, the "Debtors,")

for an order pursuant to Fed. R. Bankr. P. 2004 and 9016 authorizing the examinations and

discovery described therein; and upon the Debtors' motion joining in the Committee Motion

and for the relief set forth herein pursuant to Fed. R. Bankr. P., dated March 25, 2020 (the

"Debtors' Motion"); and upon the joinders in, and statements with respect to, the Motion (the

"Joinders"; and with the Committee Motion and the Debtors Motion, the "Motions") filed by

the Ad Hoc Group of Non-Consenting States (the "Non-Consenting States"), and the Ad Hoc

Committee of Governmental and Other Contingent Litigation Claimants (the "Ad Hoc

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

Committee"); and the Court having jurisdiction over the Motions pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b), as core proceedings pursuant to 28 U.S.C. § 157(b); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and no additional notice being required except as provided herein; and, after due deliberation and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motions are granted as provided herein.

2.      The Official Committee, the Debtors, the Non-Consenting States, and the Ad Hoc Committee are, independently of one another (but coordinating as they see fit), each authorized, pursuant to Fed. R. Bankr. P. 2004, to conduct an examination of, and the production of documents by (including electronically stored information), the Initial Covered Sackler Persons, as defined in the Motions, and to issue subpoenas therefor pursuant to Fed. R. Bankr. P. 2004(c) ("Subpoenas"), in each case with respect to the topics described in the Motions.

3.      The examinations and document production required hereby shall be subject to the assertion of applicable privilege; provided, that if a document required to be produced hereby is withheld on the basis of an asserted privilege, the party withholding such document shall provide a proper privilege log at the time of production hereunder.

4.      The Official Committee, the Debtors, the Non-Consenting States, the Ad Hoc Committee, and the Initial Covered Sackler Persons shall meet and confer not only to attempt in good faith to resolve any disputes over any Subpoenas but also to efficiently coordinate the issuance of and compliance with the Subpoenas.

5.      This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

2

Dated:  White Plains, New York

_____

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| PURDUE PHARMA L.P., *et al.*,[1] | ) | Case No. 19-23649 (RDD) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

### AMENDED ORDER PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 2004 AND 9016 AUTHORIZING EXAMINATION OF THIRD PARTIES

Upon the motion, dated March 25, 2020 (the "Committee Motion"), of the Official

Committee of Unsecured Creditors (the "Official Committee") of Purdue Pharma L.P.

("Purdue") and its affiliated debtors and debtors-in-possession (collectively, the "Debtors,")

for an order pursuant to Fed. R. Bankr. P. 2004 and 9016 authorizing the examinations and

discovery described therein; and upon the Debtors' motion joining in the Committee

Motion and for the relief set forth herein pursuant to Fed. R. Bankr. P., dated March 25,

2020 (the "Debtors' Motion"); and upon the joinders in, and statements with respect to, the

Motion (the "Joinders"; and with the Committee Motion and the Debtors Motion, the

"Motions") filed by the Ad Hoc Group of Non-Consenting States (the "Non-Consenting

States"), and the Ad Hoc Committee of Governmental and Other Contingent Litigation

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

Claimants (the "Ad Hoc Committee"); and the Court having jurisdiction over the Motions pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b), as core proceedings pursuant to 28 U.S.C. § 157(b); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and no additional notice being required except as provided herein; and, after due deliberation and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.     The ~~Committee Motion and the Debtors Motion~~Motions are granted as provided herein.

2.     The Official Committee ~~and~~, the Debtors, the Non-Consenting States, and the Ad Hoc Committee are, independently of one another (but coordinating as they see fit), each authorized, pursuant to Fed. R. Bankr. P. 2004, to conduct an examination of, and the production of documents by (including electronically stored information), the Initial Covered Sackler Persons, as defined in the Motions, and to issue subpoenas therefor pursuant to Fed. R. Bankr. P. 2004(c) ("Subpoenas"), in each case with respect to the topics described in the Motions.

3.     The examinations and document production required hereby shall be subject to the assertion of applicable privilege; provided, that if a document required to be produced hereby is withheld on the basis of an asserted privilege, the party withholding such document shall provide a proper privilege log at the time of production hereunder.

4.     The Official Committee, the Debtors, the Non-Consenting States, the Ad Hoc Committee, and the Initial Covered Sackler Persons shall meet and confer not only to attempt in good faith to resolve any disputes over any Subpoenas but also to efficiently coordinate the issuance of and compliance with the Subpoenas.

2

5.     This Court retains jurisdiction with respect to all matters arising from or related to

the implementation of this Order.

Dated: White Plains, New York
       ~~March 27, 2020~~                    ~~/s/Robert D. Drain~~

                                      THE HONORABLE ROBERT D. DRAIN
                                      UNITED STATES BANKRUPTCY JUDGE

| Summary report: Litera® Change-Pro for Word 10.8.2.11 Document comparison done on 03/27/2020 6:27:29 PM | |
|---|---|
| **Style name:** KL_Default | |
| **Intelligent Table Comparison:** Active | |
| **Original filename:** Purdue Proposed 2004 Motion.docx | |
| **Modified DMS:** dm://KL2/3175536/5 | |
| **Changes:** | |
| Add | 11 |
| Delete | 3 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 14 |