HENRICHSEN SIEGEL, PLLC
225 Broadway
Suite 1803
New York, New York  10007
(646) 378-4421 (phone)
Chiung-Hui Huang
Neil L. Henrichsen (Pro Hac Vice Admission to be applied for)
Dawn C. Stewart (Pro Hac Vice Admission to be applied for)

*Counsel to Creditor*
*Board of Chicago School District No. 299*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (RDD)** |
| **Debtors** | **(Jointly Administered)** |

**CREDITOR BOARD OF CHICAGO SCHOOL DISTRICT NO. 299'S**
**UNOPPOSED MOTION FOR EXPEDITED HEARING ON**
**MOTION TO SUBMIT CLAIM TO MEDIATION[1]**

Board of Chicago School District No. 299 ("**Chicago Public Schools**" "**CPS**"), a creditor in these proceedings, respectfully represents as follows in support of this Motion, for the relief set forth in the proposed Order attached hereto as Exhibit 1:

**Introduction**

1.  On February 20, 2020, Debtors filed a Motion to Appoint Mediators stating that "resolving disputes as to how the Debtors' assets should be allocated is a critical gating item to moving these chapter 11 cases forward to a consensual plan. These cases were commenced in the wake of the Debtors facing over 2,700 cases pending in different fora around the country on behalf

---

[1] The Motion to Submit Claim to Mediation is filed concurrent herewith.

of governmental entities and private parties, including both individuals and entities, alleging claims related to Purdue's production, marketing and sale of certain opioid medications (the "**Pending Actions**")." (Dkt. 855)

2.     On March 4, 2020 this Court entered an Order [Dkt. No. 895] granting Debtors' Motion to Appoint Mediators and providing, in pertinent part, that "Additional parties in interest other than the Mediation Parties (the **"Additional Parties"**) may participate voluntarily in the mediation in response to a request from the Mediators, or further order of this Court."

3.     On November 20, 2019, CPS filed a Class Action Complaint in the United States District Court for the Northern District of Ohio Eastern Division, Case No 1:19-op-46042-DAP, against multiple Defendants including affiliates of and/or entities related to the Debtors as well as additional distributors and manufacturers.  CPS seeks to represent a national class of independent public school districts, governmental entities whose damages claims are not included in the claims filed by other state or local governments ("the Class").

4.     On March 13, 2020, Proofs of Claim setting out the claims against the Debtors were filed.  Copies are attached as Exhibit "B" to the Motion to Submit Claim to Mediation.

5.     On March 24, 2020, CPS and the Class contacted counsel for the Debtors and inquired whether the Debtors would stipulate that CPS and the Class could join the mediation process that is already in progress.  Exhibit 2.

6.     On March 27, 2020, counsel for the Debtors rejected the request of CPS but stated it took no position with respect to the motion for expedited relief.

7.     The mediation process has commenced but is in the early stages.  Various creditors have already staked their positions and presented their arguments to the mediators. While we greatly respect the work that has been done by the Court and the various parties to date, the Claims

of CPS and the Class are too large, totaling over 8 billions of dollars, and the mediation process is early enough that the mediators and the Court can only benefit from adding CPS as an additional party. The Claims of CPS and the Class are distinct from claims by other creditors and are on behalf of government entities who have an unfunded federal mandate to address special needs of students throughout the country resulting in dramatically rising costs as a result of the opioid crisis.

8. There is urgency behind this motion because CPS would like to present its claims as soon as possible to the mediators so they can include the information in their first overall assessment of the claims and so all claims similarly situated can be included in the settlement process. It would be counter-productive to the goal of a global resolution to exclude information concerning large viable claims from the bankruptcy mediation process assessment especially when we are three months away from the deadline to file Proofs of Claim. The fact that the Claims of CPS and other independent school districts are not covered by claims of the city and county creditors, makes it particularly important to directly hear and evaluate the presentation from CPS for mediation evaluation purposes.

9. As set forth fully in the underlying Motion, CPS and the Class have substantial, important, viable claims. CPS and the Class, by counsel, have retained experts to opine on remedies to address the opioid crisis and its effect on CPS and members of the proposed Class. Attached as Exhibit "C" to the Motion to Submit Claim is the Declaration of Professor Tammy Kolbe from the University of Vermont ("Kolbe Dec."). Professor Kolbe generally opines that for children with prenatal opioid exposure, CPS and members of the Class incur tremendous costs for a wide array of special education services that they are legally obligated to provide, which can range from speech therapy and small group instruction to one-on-one dedicated staff and

3

residential school placements. In addition, Professor Kolbe opines that school districts incur additional expenses for supports provided to students who have been exposed to opioids and have academic, socioemotional, and behavioral challenges, and yet who do not formally receive special education services. Such services include social work, therapy, academic accommodations, modifications, and interventions, and other supports. *See generally* Kolbe Dec.

10. CPS and the Class, by counsel, have also retained Ira J. Chasnoff, M.D., a Professor of Clinical Pediatrics at the University of Illinois College of Medicine. Dr. Chasnoff's Declaration is attached to the Motion to Submit Claim as Exhibit "D." ("Chasnoff Dec.") Dr. Chasnoff generally opines that NAS is a significant medical condition that can lead to serious and likely permanent challenges for children and that the impact of NAS can include profound and permanent problems with focus, attention span, self-control, hyperactivity, executive functioning, emotional self-regulation, impulse control, vision, motor control, physical development, attachment and emotional stability, sensory processing, inter-personal interactions, learning, cognitive processing, and behavior. The challenges children with NAS face frequently manifest in school as a disability or disabilities that require specialized intervention through the special education system. *See generally* Chasnoff Dec. The mediation process will benefit from considering the information from these experts.

11. Preventing CPS and the Class from participating in mediation in a timely fashion could, quite possibly, preclude them from being members of the same class of creditors as those currently participating in mediation in any proposed Plan of Reorganization despite the importance of their claims to the entire public education system in this country who are expected to be saddled with billions of dollars of specials needs resources, jeopardizing the well-being and education of generations of American public school students nationwide.

12. Due to their substantial and significant claims CPS and the Class deserve to be treated equally with other Government Creditors and delaying their entry into the mediation process or preventing it altogether would be inequitable and financially devastating to public schools throughout the country who are currently expending public funds to deal with the devastation wrought by the opioid crisis. With the mediation process underway, the sooner CPS can make their presentation to the mediator the sooner it will enhance the mediation process in a fair, efficient and equitable manner.

13. Debtors do not object to an expedited hearing.

**WHEREFORE**, the CPS respectfully request that this Court enter an Order granting CPS' request for an expedited hearing on the Motion to Submit Claim to mediation to allow CPS to participate on equal footing with other similar creditors.

Dated: March 30, 2020                    Respectfully Submitted,

By: _/s/ Chiung-Hui Huang_
Chiung-Hui Huang
HENRICHSEN SIEGEL, P.L.L.C.
Attorney for Creditor Chicago Public Schools
225 Broadway, Suite 1803
New York, NY 10007
(646) 378-4421
chuang@hslawyers.com

Neil L. Henrichsen (pro hac vice to be applied for)
DC Bar No. 420277
Dawn C. Stewart (pro hac vice to be applied for)
DC Bar No. 458555
1440 G Street, NW
Washington, DC 20005
Tele: (202) 423-3649
Fax: (202) 379-9792
nhenrichsen@hslawyers.com
dstewart@hslawyers.com