PILLSBURY WINTHROP SHAW PITTMAN LLP
Andrew M. Troop
31 West 52nd Street
New York, New York 10019
212-858-1000
*Counsel to the Non-Consenting States*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | Chapter 11 |
| **PURDUE PHARMA, L.P., *et al.*,**[1] | Case No. 19-23649 (RDD) |
| **Debtors.** | (Jointly Administered) |

*EX PARTE* **MOTION OF THE AD HOC GROUP OF
NON-CONSENTING STATES FOR AN ORDER AUTHORIZING
EXAMINATIONS OF CERTAIN FINANCIAL INSTITUTIONS PURSUANT TO
RULES 2004 AND 9016 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Ad Hoc Group of Non-Consenting States[2] (the "Non-Consenting States") respectfully submits this motion ("Motion") for entry of an order authorizing the Non-Consenting States to conduct an examination of and seek discovery from certain financial institutions believed to possess important information relating to members of the Sackler family. In support of this Motion, the Non-Consenting States respectfully state as follows:

---

[1] The debtors in these chapter 11 cases ("Debtors" or "Purdue"), along with the last four digits of their federal tax identification numbers, are Purdue Pharma Manufacturing L.P. (3821), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies K.P. (1868), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (6166), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717), and SVC Pharma Inc. (4014). The Debtors' principal offices are at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] California, Colorado, Connecticut, Delaware, the District of Columbia, Hawaii, Idaho, Illinois, Iowa, Maine, Maryland, Massachusetts, Minnesota, Nevada, New Hampshire, New Jersey, New York, North Carolina, Oregon, Pennsylvania, Rhode Island, Vermont, Virginia, Washington, and Wisconsin.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

2. Venue is proper under 28 U.S.C. § 1408.

3. The bases for the relief requested herein are section 105 of title 11 of the United States Code (the "Bankruptcy Code") and Bankruptcy Rules 2004, 9006, and 9016.

## BACKGROUND

4. To assess the appropriate resolution of these cases on behalf of their respective public constituencies, the Non-Consenting States have sought and continue to seek information about the conduct and assets of members of the Sackler family. While some of that information may be obtained from the Sackler family members (and the Non-Consenting States are in the process of obtaining what they can from the Initial Covered Sackler Persons (defined below)), additional information may be obtained from certain financial institutions who have provided or currently provide banking and other financial services for members of the Sackler families or the trusts of which Sackler family members are beneficiaries. By this Motion, the Non-Consenting States seek authority under Bankruptcy Rule 2004 to serve formal discovery on (a) the following eleven financial institutions believed to possess important information regarding the Sacklers: Bank of America, N.A.; Charles Schwab & Co., Inc.; Citibank, N.A.; Goldman Sachs & Co. LLC; HSBC Bank USA, N.A.; HSBC Securities, USA Inc.; J.P. Morgan Chase Bank, N.A.; Morgan Stanley & Co. LLC; UBS Financial Services, Inc.; Wells Fargo; and UBS Bank USA (the "Initial Financial Institutions"), (b) and other financial institutions who, through investigation or discovery, are believed to have relevant data and information (together with the Initial Financial Institutions, the "Financial Institutions").

5.  This Motion builds on discovery of the Initial Financial Institutions that was underway when these cases began. In August 2019, the New York Attorney General ("New York") served subpoenas on certain of the Initial Financial Institutions. The New York action's background is explained in an affirmation filed in New York court, attached as **Exhibit A**.[3] Based on a review of documents produced by Purdue, as well as a review of public records and filings, New York identified the following specific financial institutions likely to have financial information relating to Purdue and the Sacklers: Bank of America, N.A., Charles Schwab & Co., Inc., Citibank, N.A., Goldman Sachs & Co. LLC, HSBC Bank USA, N.A., J.P. Morgan Chase Bank, N.A., Morgan Stanley & Co. LLC, UBS Financial Services, Inc., and Wells Fargo. *See* Ex. A at ¶ 4. UBS Financial Services, Inc. and HSBC Bank USA, N.A. subsequently informed New York that each institution had affiliates with ties to the Sackler and Purdue defendants in its action and requested an additional subpoena for UBS Bank USA and HSBC Securities USA, Inc., respectively. *Id.* at ¶ 5.

6.  Within days of serving the subpoenas, New York received a production from one of the Initial Financial Institutions. Ex. A at ¶¶ 15-18. That production provided substantial information about entities and financial transfers that were not already known.

7.  In September 2019, Purdue and members of the Sackler family moved to quash the subpoenas in New York court, and New York opposed the motions to quash and cross-moved to compel production. The parties' motion practice in state court did not address the propriety of financial institution discovery in the context of this or any other bankruptcy proceeding, nor the relevance of this kind of discovery to the creditors' assessment of the adequacy of any

---

[3] Exhibit A, as filed with the court in the New York action, was redacted due to the Sacklers' contention that certain information therein was subject to a protective order in that action.

3

consideration offered by Sackler family members in exchange for the releases they seek in these chapter 11 cases. In October 2019, this Court entered its preliminary injunction and New York agreed to abide by its terms, freezing the New York state action before the dispute regarding the subpoenas was resolved. *See* Adv. Pro. No. 19-08289 (RDD), Docket No. 82 (preliminary injunction).

8. The Non-Consenting States have received certain limited information regarding the Sacklers' finances. Recently, the Court entered an order providing for the formal process of Bankruptcy Rule 2004 discovery as to the "Initial Covered Sackler Persons" (as defined in the order). *See* Docket No. 1008 (order granting Bankruptcy Rule 2004 discovery). The Non-Consenting States will seek documents and information relating to the Sacklers' finances under that order. To facilitate a faster and more efficient process for obtaining documents relating to the Sacklers' finances, the Non-Consenting States also seek authorization under Bankruptcy Rule 2004 to conduct formal discovery from the Financial Institutions.

**RELIEF REQUESTED**

9. The Non-Consenting States respectfully request that the Court enter an order pursuant to Bankruptcy Rule 2004, substantially in the form of the proposed Order attached as **Exhibit B** (the "Proposed Order"), authorizing them to conduct formal discovery from the Financial Institutions. Upon entry of the Proposed Order, the Non-Consenting States intend to serve subpoenas on the Initial Financial Institutions, and any other Financial Institutions believed to have relevant data and information.

**BASIS FOR RELIEF**

10. Bankruptcy Rule 2004 provides that on motion of "any party in interest, the court may order examination of any entity." Fed. R. Bankr. P. 2004(a). The purpose of Rule 2004 is to

4

"assist a party in interest in determining the nature and extent of the bankruptcy estate, revealing assets, examining transactions and assessing whether wrongdoing has occurred." *In re Recoton Corp.*, 307 B.R. 751, 755 (Bankr. S.D.N.Y. 2004). The scope of discovery allowed under Rule 2004 is broad. *See, e.g.*, *Picard v. Marshall (In re Bernard L. Madoff Inv. Secs. LLC)*, No. 14-01840, 2014 WL 5486279, at *2 (Bankr. S.D.N.Y. Oct. 30, 2014) (Bankruptcy Rule 2004 permits "broader discovery than is available under the Federal Rules of Civil Procedure." (citing *In re Recoton Corp.*, 307 B.R. at 755)); *see also In re Hughes*, 281 B.R. 224, 226 (Bank. S.D.N.Y. 2002) (scope of discovery under Bankruptcy Rule 2004 is "very broad") (citation omitted).

11. Bankruptcy Rule 2004 permits discovery of any party, including third parties, "if they have knowledge of the debtor's affairs." *In re Ecam Publ'ns, Inc.*, 131 B.R. 556, 559 (Bankr. S.D.N.Y. 1991); *see also In re Recoton Corp.*, 307 B.R. at 755 ("Any third party who has a relationship with a debtor may be subject to a Rule 2004 investigation"); *In re Enron Corp.*, 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002) ("[T]he Court may authorize the examination of third parties that possess knowledge of the debtor's acts, conduct, liabilities or financial condition which related to the administration of the bankruptcy estate."). As long as the examination is not designed to "abuse or harass" a third party, the court will generally allow it. *In re Recoton Corp.*, 307 B.R. at 755.

12. The discovery sought in this Motion is important to the appropriate resolution of these cases. As set forth above, based on information received from one of the Initial Financial Institutions, one state already has uncovered important information relating to transfers by members of the Sackler family. The Non-Consenting States are responsible for assessing, on behalf of their respective constituencies, the circumstances, if any, under which it would be appropriate to release claims against members of the Sackler family. Understanding the conduct and assets of

the Sacklers is essential to that assessment. Moreover, it is important for the Non-Consenting States to assess the facts considering information produced directly by the Financial Institutions, as well as information produced by the Sacklers.

## COMPLIANCE WITH RULES

13.     This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this Motion. The Non-Consenting States submit that this Motion satisfies Rule 9013-1(a) of the Local Bankruptcy Rules for the Southern District of New York.

## NOTICE

14.     The Non-Consenting States are proceeding with this Motion on an *ex parte* basis. Nevertheless, the Non-Consenting States have provided informal notice of this Motion to the Initial Financial Institutions, the Debtors, the Official Unsecured Creditors Committee,[4] and counsel for members of the Sackler family.

## NO PRIOR REQUEST

15.     No prior request for the relief sought in this Motion has been made.

## RESERVATION OF RIGHTS

16.     The Non-Consenting States reserve all their respective rights, claims, defenses, and remedies, including, without limitation, the right to amend, modify, or supplement this Motion, to seek additional discovery, add additional parties, or to raise additional grounds for granting this Motion during any hearing on the Motion.

---

[4] After providing informal notice to the Official Unsecured Creditors Committee (the "UCC"), the UCC informed the Non-Consenting States (and asked the Non-Consenting States to include a statement in this motion) that the UCC also intends to file a motion under Bankruptcy Rule 2004 seeking similar information as requested in this Motion.

**CONCLUSION**

17. The Non-Consenting States respectfully request that the Court enter an Order, substantially in the form of the Proposed Order, authorizing them to conduct formal discovery from the Financial Institutions.

Dated: April 7, 2020  
       New York, New York

Respectfully submitted,

By:    */s/ Andrew M. Troop*  
PILLSBURY WINTHROP SHAW PITTMAN LLP  
Andrew M. Troop  
Andrew V. Alfano  
31 West 52nd Street  
New York, NY 10019  
Telephone: (212) 858-1000  
Email: andrew.troop@pillsburylaw.com  
       andrew.alfano@pillsburylaw.com

Jason S. Sharp, admitted *pro hac vice*  
2 Houston Center  
909 Fannin, Suite 2000  
Houston, TX 77010  
Telephone: (713) 276-7600  
Email: jason.sharp@pillsburylaw.com

*Counsel to the Ad Hoc Group of Non-Consenting States*