**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.**, *et al.*, | **Case No. 19-23649 (RDD)** |
| Debtors.[1] | **(Jointly Administered)** |

## ORDER AUTHORIZING APPOINTMENT OF INDEPENDENT FEE EXAMINER PURSUANT TO 11 U.S.C. § 105(a) AND MODIFYING INTERIM COMPENSATION PROCEDURES FOR CERTAIN PROFESSIONALS EMPLOYED PURSUANT TO 11 U.S.C. § 327

Upon the Order Authorizing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals [ECF No. 529] (the "Interim Compensation Order") entered by the Court in these cases and the Debtors' motion, by notice of presentment dated March 25, 2020 (the "Motion") with the accompanying declaration, dated March 19, 2020 of David M. Klauder, seeking entry of the form of this Order; and, after due and sufficient notice of the Motion and the opportunity for a hearing thereon, there being no objections to the Motion; and it appearing that the size and complexity of these jointly administered chapter 11 cases will result in the filing of numerous, lengthy and complex professional fee applications; and upon the Court's conclusion that the appointment of a fee examiner (the "Fee Examiner") under Bankruptcy Code section 105 appears to be in the best interests of the Debtors, their estates and

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

creditors, and other parties-in-interest; and the Court having jurisdiction over this matter

pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference

M-431, dated January 31, 2012 (Preska, C.J.); and this matter being a core proceeding under 28

U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and

1409; and good and sufficient cause appearing therefor, it is hereby

FOUND AND DETERMINED THAT:

A.      The Debtors commenced voluntary cases under chapter 11 of the Bankruptcy

Code on September 15, 2019 (the "Petition Date").

B.      The Debtors are authorized to continue to operate their businesses and manage

their properties as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

C.      The Debtors' chapter 11 cases are being jointly administered for procedural

purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure. [ECF No.

59].

D.      On September 27, 2019, the United States Trustee appointed an official

committee of unsecured creditors (the "Official Committee"). [ECF No. 131].

E.      On November 21, 2019, the Court entered the Interim Compensation Order.

F.      Given the size and complexity of the chapter 11 cases, the United States Trustee

proposed that the Court authorize the appointment of an independent Fee Examiner to review

and report on as appropriate the monthly invoices submitted in accordance with the Interim

Compensation Order and all interim and final applications for allowance of compensation and

reimbursement of expenses filed by professionals retained under Bankruptcy Code sections 105,

327, or 1103 or similar authority or otherwise requesting compensation and/or reimbursement of expenses on an interim basis pursuant to the Interim Compensation Order ("Retained Professionals") in accordance with Bankruptcy Code sections 327, 328, 330, and 331 and the Interim Compensation Order (collectively, the "Applications"), and the Debtors and the Official Committee have consented to such proposal on the terms set forth herein.

G.    For the purposes of this Order, the term "Retained Professionals" (i) shall specifically include (x) any and all professionals in these cases requesting compensation and/or reimbursement of expenses on an interim basis pursuant to Bankruptcy Code sections 327, 330, 331, or 1103, (y) each professional subject to the *Order Authorizing Debtors to Employ Professionals Used in the Ordinary Course of Business* Nunc Pro Tunc *to the Petition Date* [ECF No. 548] (as may be amended or supplemented from time to time, the "Ordinary Course Professionals Order") whose fees exceed the Case Cap (as defined in the Ordinary Course Professionals Order) applicable to such professional, solely with respect to the fees of such professional that exceed such Case Cap, and (z) any and all professionals of the Ad Hoc Committee of Governmental and Other Contingent Litigation Claimants, as set forth in the verified statement pursuant to Federal Rule of Bankruptcy Procedure 2019, as may be amended from time to time (the "Ad Hoc Committee"), to the extent such professionals seek payment of fees and expenses from the Debtors pursuant to the *Order Authorizing the Debtors to Assume the Reimbursement Agreement and Pay the Fees and Expenses of the Ad Hoc Committee's Professionals* [ECF No. 553] and shall exclude any other professional retained pursuant to section 363 of the Bankruptcy Code.

3

H.      David M. Klauder of Bielli & Klauder, LLC, the proposed Fee Examiner, is a

"disinterested person" as that term is defined in Bankruptcy Code section 101(14) and does not

hold or represent any adverse interest to the Debtors or their estates.

IT IS HEREBY ORDERED THAT:

1.      The Court hereby appoints David M. Klauder to serve as independent fee

examiner (the "Fee Examiner") in these cases, subject to the terms and conditions of this Order

and of the Interim Compensation Order, as modified herein.

2.      In the performance of his duties and powers as provided in this Order, the Fee

Examiner shall enjoy the maximum immunity permitted by law from all manner of claims,

demands, suits, or civil actions for all acts taken or omitted by him.  Without limiting the

foregoing, any and all claims, demands, suits, or civil actions not brought or asserted against the

Fee Examiner prior to the thirtieth (30th) calendar day after entry of an order determining the last

final fee Application in these cases pursuant to Bankruptcy Code section 330 shall be barred

forever and discharged, and all persons and entities shall be enjoined from prosecuting such

claims in any manner thereafter. No person or entity shall seek discovery from the Fee Examiner,

subpoena the Fee Examiner as a witness, or commence an action against the Fee Examiner in

connection with his duties or powers hereunder except in this Court and with the prior approval

of this Court, which retains exclusive jurisdiction therefor.

3.      The Fee Examiner may retain attorneys and other professionals, assistants, or

consultants to the extent he deems it necessary to discharge his duties.  The Fee Examiner's

retention of professionals shall be subject to Court approval under standards equivalent to

Bankruptcy Code section 327(a), after notice and opportunity for hearing pursuant to the Local

Rules of this Court.

4.      The fees and expenses of the Fee Examiner and any Court-approved attorneys and

professionals shall be subject to application and review pursuant to Bankruptcy Code section 330

and shall be paid from the Debtors' estates as an expense of administration under Bankruptcy

Code section 503(b)(2) and in accordance with the procedures in the Interim Compensation

Order.  The Fee Examiner's compensation shall not be contingent, dependent or based on any

element of success or result.  The Fee Examiner's fees and expenses shall be subject to the

information detail requirements set forth in Local Rule 2016-1 and the applicable United States

Trustee Appendix B Guidelines for Compensation.

5.      Except as otherwise provided herein, the scope of the Fee Examiner's duties and

responsibilities shall encompass all interim and final Applications submitted after the effective

date of this Order by the Retained Professionals.  Unless the Court orders otherwise, the scope of

the Fee Examiner's duties and responsibilities shall not extend to (1) any requests for

compensation submitted pursuant to Bankruptcy Code sections 503(b)(3) or 503(b)(4), and/or for

making a substantial contribution to these chapter 11 cases, or (2) any Applications for interim

compensation made pursuant to Bankruptcy Code section 331 that were filed before the effective

date of this Order, provided that the Fee Examiner may review such interim applications for the

purpose of performing his duties and responsibilities with regard to any final Applications for

compensation and reimbursement of expenses submitted pursuant to Bankruptcy Code section

330.

6.      Except as provided in Paragraph 5 above, the Fee Examiner shall review and
assess all Applications filed by Retained Professionals, and the fees and reimbursement of
expenses for which allowance is sought pursuant to the Applications for compliance with (1)
Bankruptcy Code sections 328, 329, 330 and 331, as applicable, (2) Rule 2016 of the Federal
Rules of Bankruptcy Procedure, (3) the Interim Compensation Order (as amended herein), and
(4) Local Bankruptcy Rule 2016-1 and the applicable Guidelines for Compensation.  The Fee
Examiner is further authorized and shall have standing before the Court:

> (a) to prepare reports (as discussed in further detail below) for the Court
> to aid in the review and approval of interim and final fee Applications,
> which may include such matters as the efficiency and reasonableness
> of staffing and expenses and the appropriateness of any increases in
> hourly rates;

> (b) to require applicants for compensation to provide him such
> supplemental information as he may reasonably require in order to
> evaluate the reasonableness of any particular fee item; *provided*,
> however, that nothing herein shall require a Retained Professional to
> provide any information that would disclose privileged information,
> work product or anything (including potential strategies) that in the
> Retained Professional's reasonable discretion could be damaging or
> prejudicial to its clients (collectively, "Privileged Information");
> *provided*, for the avoidance of doubt, that a professional's general
> discussion of projects and tasks without reference to confidential
> details shall not be considered a waiver of any privilege or discovery
> immunity; *provided further*, if a Retained Professional or its client
> does provide Privileged Information to the Fee Examiner, the Fee
> Examiner shall treat such information as confidential and the
> disclosure of such information to the Fee Examiner shall not be
> deemed to be a waiver by the disclosing party of any applicable work
> product, attorney-client, or other privilege;

> (c) to conduct such discovery as may be pertinent and necessary to the
> performance of his other duties and responsibilities after first securing
> approval of this Court, which may be granted only upon notice to all

6

interested parties and opportunity for hearing, and the Court retains exclusive jurisdiction over all matters relating to such discovery; and

(d) subject to the completion of the procedures set forth in Paragraph 7 for submission of a Preliminary and Final Report (each as defined below) with respect to the applicable fees or expenses, to object to the allowance of fees or expenses sought by any Retained Professional in a fee application on the same grounds as any party in interest in this case, including based on the reasonableness standard provided in Bankruptcy Code section 330.

Notwithstanding these enumerated powers, the Fee Examiner shall have no role in evaluating or judging the legal or factual merits of any papers filed or positions taken by parties in interest or their Retained Professionals, but this restriction shall not limit the ability of the Fee Examiner to consider the factors set forth in Bankruptcy Code sections 330(a)(3)(C) and (D) in his evaluation of Applications.

7. The Fee Examiner shall review the Applications filed by each Retained Professional. To the extent practicable, the Fee Examiner shall avoid duplicative review when reviewing (1) interim fee Applications comprised of monthly fee Applications and (2) final fee Applications comprised of interim fee Applications that have already been reviewed by the Fee Examiner. After reviewing each Retained Professional's Application, the Fee Examiner may prepare a report on each Application (each, a "Preliminary Report") for which the Fee Examiner has a potential issue or objection.

(a) The Fee Examiner shall, within fourteen (14) days after a Retained Professional files an Application (or in the case of interim fee applications filed prior to entry of this Order, 14 days following service of such interim fee applications on the Fee Examiner), serve any such Preliminary Report on the Retained Professional. The Fee Examiner's Preliminary Report shall quantify and present information relevant to whether the requested fees, disbursements, and expenses

7

meet the applicable standards of Bankruptcy Code section 330 and Local Rule 2016-1. These Preliminary Reports are to be treated as part of settlement discussions with the Retained Professionals and, as such, shall not be discoverable. The contents of the Preliminary Report shall be maintained in confidence by such parties (other than the United States Trustee) until such time as the Fee Examiner incorporates all or any content of the Preliminary Report into a Final Report in accordance with Paragraph 7(c) below.

(b) The Fee Examiner shall provide the Retained Professional with a reasonable opportunity to address and resolve, to the mutual satisfaction of the Fee Examiner and the Retained Professional, any issues identified or to amend its Application in a Preliminary Report.

(c) After a reasonable opportunity to resolve the issues identified in the Preliminary Report or amend the Application, the Fee Examiner may file a final report or objection (the "Final Report") with the Court and note any remaining objections to the Application. The Retained Professional may file a reply to the Final Report. The Final Report shall be in a format designed to quantify and present information relevant to whether the requested fees and expenses of each Retained Professional meet the applicable standards of Bankruptcy Code section 330 and Local Rule 2016-1. The Final Report shall also inform the Court of any proposed consensual resolutions of the fee or expense reimbursement request for each Retained Professional and the basis for such proposed consensual resolution.

(d) The Fee Examiner shall file his Final Report at least ten (10) days before the hearing date on the relevant Application and shall serve a copy on the United States Trustee, counsel to the Debtors, counsel to the Official Committee and all Retained Professionals.

8.      Any of the periods set forth above may be extended with the consent of the Fee Examiner and the applicable Retained Professional, subject to the Court having sufficient time to review a Final Report before any hearing related thereto.  Nothing herein shall be construed or interpreted to require the filing of Final Reports on all Applications prior to any Application and the Final Report specific thereto being considered by the Court, and the delay or adjournment of

consideration of an Application shall not affect the timing of hearings on the Applications of

other Retained Professionals.

9.      The Fee Examiner, the Retained Professionals, and the Debtors shall use best

efforts to have undisputed portions of Applications both allowed by the Court and paid as soon

as reasonably practicable, even if a Contested Amount remains disputed and subject to the

procedures set forth above.

10.      All Retained Professionals (including attorneys, financial advisors, auditors, and

claims consultants) shall cooperate with the Fee Examiner in the discharge of the Fee Examiner's

duties and shall, subject to the qualification set forth in Paragraph 6(b) above with respect to

privileged matters or work product, promptly respond to any reasonable request for information

from the Fee Examiner.

11.      Nothing contained herein shall affect the right, if any, of any party in interest in

these cases to object or otherwise respond to any interim fee Application or monthly request for

compensation and reimbursement of expenses, including those of the Fee Examiner.  Nothing

herein shall affect any party's right to request a waiver of the requirements of Local Rule 2016-1

or the applicable Guidelines for Compensation and the requirements under Bankruptcy Code

section 330, to the extent they apply.  Nothing herein shall alter or modify prior orders governing

the retention of professionals.

12.      Any communication between the Fee Examiner (or any agent thereof) and any

Application Recipient, as defined in the Interim Compensation Order, as amended by this Order

(or any agent thereof) that pertains to the fees or expenses of any Retained Professional of

9

another Application Recipient shall be in writing and copies thereof shall be sent to the Retained

Professional whose fees or expenses are the subject of such communication, at the same time and

by the same means as the communication between the Fee Examiner or the Application

Recipient.

13.    The Application Recipients, as defined in the Interim Compensation Order, as

amended by this Order, are authorized and empowered to take any and all actions necessary to

implement and effectuate the terms of this Order, but only to the extent such actions are not

inconsistent with the express terms of the Order.

14.    The Interim Compensation Order is hereby modified as follows:

(a) The Fee Examiner is designated as an additional Application
Recipient entitled to receive monthly statements, and provide
objections if appropriate, under the Compensation Procedures set
forth in the Interim Compensation Order.

(b) No later than three (3) business days after the filing of each
Application, the Retained Professional shall send to the Fee Examiner
via electronic mail the Application, including the fee detail containing
the time entries and the expense detail ("Fee Detail") in searchable
electronic format (Word, LEDES, Excel or PDF format).

(c) A Retained Professional need not send to the Fee Examiner the
electronic-formatted Fee Detail for any (i) Interim Fee Application if
such Retained Professional has previously submitted the relevant Fee
Detail with the applicable Monthly Fee Statement or otherwise or (ii)
final fee Application if such Retained Professional has previously
submitted the relevant Fee Detail with the applicable Interim Fee
Application or otherwise. If any Retained Professional cannot
reasonably convert its Fee Detail to the electronic format described
above, the Fee Examiner will work with such Retained Professional to
find an appropriate electronic format.

12.     All previously filed Applications and related Fee Details shall be provided to the Fee Examiner by each Retained Professional within 20 days of entry of this Order.  All previously filed Applications, all future Applications, and all other documents, notices or pleadings required to be sent to or served upon any Application Recipient under the Interim Compensation Order on and after the date hereof shall be served upon the Fee Examiner at the following address: David M. Klauder, Esq., Bielli & Klauder, LLC, 1204 N. King Street, Wilmington, Delaware 19801, Fax: (302) 397-2557; Email: dklauder@bk-legal.com.[2]

13.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry and shall remain in effect unless and until the Court orders otherwise.

14.     The Court retains jurisdiction to enforce, modify or vacate this Order after hearing upon not less than fourteen (14) days' notice to the Fee Examiner, the Debtors, the Official Committee, the Ad Hoc Committee and the United States Trustee.  Notwithstanding any provisions of this Order to the contrary, the Court retains ultimate authority to determine whether fees and expenses requested by any Retained Professional or the Fee Examiner are necessary and reasonable and otherwise allowable under Bankruptcy Code section 330.

Dated: White Plains, New York
       April 8, 2020

*/s/Robert D. Drain*
_____
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

---

[2] The Fee Examiner shall also be deemed to have filed a request for notice of papers filed in the chapter 11 cases under Bankruptcy Rule 2002 and the Fee Examiner shall be served with all such papers; provided that review of such papers shall be only in furtherance of the Fee Examiner's duties hereunder.