# Exhibit 1

SHORT FORM ORDER

INDEX NO. 400000/2017

SUPREME COURT - STATE OF NEW YORK
NEW YORK STATE OPIOID LITIGATION PART 48 - SUFFOLK COUNTY

PRESENT:

**HON. JERRY GARGUILO**
**SUPREME COURT JUSTICE**

ORIG. RETURN DATE: 2/26/20
FINAL SUBMITTED DATE: 2/26/20
MOTION SEQ# 144
MOTION:MOTNDECD

IN RE OPIOID LITIGATION

ALL PARTIES VIA NYSCEF
(FULL PARTICIPATION RECORDED)

Before the Court is a motion by Plaintiffs seeking partial summary judgment on an issue of Liability. The Plaintiffs ask for an order pursuant to CPLR 3212 seeking "partial summary judgment" on the issue of whether joint and several liability, as opposed to several liability, will be applicable to the prosecution and defense of the Public Nuisance claims. The Defendants oppose the application arguing that application of a joint and several liability standard is patently inappropriate.

In short, the Plaintiffs seek an order determining, as a matter of law, that upon a finding of liability on the claims sounding in Public Nuisance, any and/or all Defendants found so liable will be deemed jointly and severally responsible. The Defendants contend otherwise, urging that the application of joint and several liability depends on the evidence presented at trial.

CPLR 3212 is not available where relief if granted would not conclusively dispose in the merits of a cause of action or even a part of a cause of action. *Man Choi Chiu v Chiu*, 92 A.D.3d 922, 938 N.Y.S.2d 899 (2nd Dept. 2012). The parties are directed to all of the Court's prior short form orders and are advised that the Court affirms all finding of fact and law as set forth therein.

A Public Nuisance is defined as follows:

> Conduct or omissions which offend, interfere with or cause damage to the public in the exercise of rights common to all, in a manner such as to offend public morals, interfere with the use by the public of a public place or endanger or injure the property, health, safety or comfort of a considerable number of persons.. . (See order dated July 17, 2018, NYSCEF Doc. No. 468 at pages 12-13)

FILED: SUFFOLK COUNTY CLERK 04/16/2020 02:27 PM
NYSCEF DOC. NO. 5656
19-23649-shl    Doc 1063-1    Filed 04/19/20    Entered 04/19/20 17:07:57    Exhibit
Exhibit 1    Pg 3 of 3
INDEX NO. 400000/2017
RECEIVED NYSCEF: 04/16/2020

*IN RE OPIOID*
*INDEX NO. 400000/2017*
*PAGE 2*

Nevertheless, this Court previously has recognized generally, under New York law, anyone who creates, contributes to, or maintains a public nuisance is jointly and severally liable for the consequences thereof. *See Simmons v. Everson*, 124 N.Y. 319, 323-24 (1891). "Persons who by their several acts or omissions maintain a public or common nuisance, are jointly and severally liable for such damages as are the direct, immediate and probable consequences of it." (*id.* At 323-324 *citing Irvine v. Wood*, 51 N.Y. 224, 230 (1872)). The principle of joint and several liability for nuisance has a long and firmly established pedigree in New York. *See, e.g., McNulty v. Ludwig & Co.*, 153 A.D. 206, 215 (2d Dept. 1912) ("[O]nce it is established, as by the verdict in this case, that the sign constituted a nuisance, all who participated in creating or maintaining such nuisance were jointly and severally liable for it" (*id.* at 215).[1]

The issue presented is reserved to trial. The Petition is otherwise **DENIED**.

The foregoing constitutes the decision and **ORDER** of this Court.

**Dated: April 16, 2020**

HON. JERRY GARGUILO, JSC

---

1. See Restatement §433A, comment i, "Where two or more causes combine to produce such a single result, incapable of division on any logical or reasonable basis, and each is a substantial factor in bringing about the harm, the courts have refused to make an arbitrary apportionment for its own sake, and each of the causes is charged with responsibility for the entire harm.