**Exhibit A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PURDUE PHARMA, L.P., *et al.*,[1] | ) | Case No. 19-23649 (RDD) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**[PROPOSED] ORDER PURSUANT TO RULES 2004 AND 9016 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AUTHORIZING EXAMINATIONS OF CERTAIN FINANCIAL INSTITUTIONS**

Upon the motion, dated April 7, 2020 of the Ad Hoc Group of Non-Consenting States (the "Motion")[2] for an order pursuant to Bankruptcy Rules 2004 and 9016 authorizing the examinations and discovery described therein; and the Court having jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b), as core proceedings pursuant to 28 U.S.C. § 157(b); and upon the joinder in, and statement with respect to the Motion filed by the Official Committee; and venue being proper in this District pursuant to 28 U.S.C. § 1408; and no additional notice being required except as provided herein; and, after due deliberation and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.  The Motion is granted as provided herein.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. ( 6745), Greenfield Bio Ventures L.P. ( 6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Capitalized terms used not otherwise defined have the meaning set forth in the Motion.

2.  The Non-Consenting States and the Official Committee are authorized to (i) conduct an examination of, (ii) request the production of documents by (including electronically stored information), and (iii) issue subpoenas, substantially in the form attached as **Exhibit A**, to the Initial Financial Institutions.

3.  If, following entry of this Order, the Non-Consenting States or the Official Committee believes that an additional financial institution may have relevant data or information in respect of the topics described in the Motion, it may conduct an examination of, request the production of documents by (including electronically stored information), and issue a subpoena substantially in the form attached as Exhibit A to such additional financial institution (an "Additional Financial Institution" and together with the Initial Financial Institutions, the "Financial Institutions") on the following conditions: the Non-Consenting States or the Official Committee, as applicable, shall notify counsel to the Named Persons (as defined in the document requests attached to the subpoena) of the intent to examine and serve a subpoena on such Additional Financial Institution, and counsel to the Named Persons shall have five (5) days to indicate in writing whether it opposes such examination and, if so, on what ground. If counsel to the Named Persons does not so indicate within five (5) days, the Non-Consenting States or the Official Committee, as applicable, may proceed with its examination and service of a subpoena on the Additional Financial Institution without further order of the Court. If counsel to the Named Persons timely objects, the parties shall meet and confer in good faith, and if they are unable to reach agreement, they shall promptly seek a discovery conference with the Court.

4.  The Non-Consenting States and/or the Official Committee shall include a copy of the Amended Protective Order [Doc. 969] (the "Protective Order") (or any further amended protective orders entered by the Court) with any subpoenas issued to Financial Institutions

2

pursuant to this Order and a list of counsel for the Initial Covered Sackler Parties, the Debtors, the Official Committee, the Ad Hoc Committee and the Non-Consenting States with contact information.

5. All Discovery Material (as defined in the Protective Order) produced by Financial Institutions pursuant to subpoenas issued under this Order shall receive a preliminary designation as "Professionals' Eyes Only/Confidential Information" (as defined in the Protective Order) and producing Financial Institutions shall not be obligated to mark such Discovery Material with any confidentiality designations.

6. Any Receiving Party (as defined in the Protective Order) may submit a Challenge Notice (as defined in the Protective Order) to the counsel representing the Named Person to which the Discovery Material at issue in the Challenge Notice relates. For the purposes of production by Financial Institutions pursuant to subpoenas issued under this Order, such Named Person shall be considered the Producing Party (as defined in the Protective Order) for purposes of the Challenge Notice. Except as modified in this paragraph, the provisions in paragraph 64 of the Protective Order shall apply to Challenge Notices made pursuant to this Order.

7. Financial Institutions shall provide responsive documents to counsel for the requesting party, and counsel for the requesting party shall promptly provide copies of all documents produced by each Financial Institution to the Debtors. Upon receipt, the Debtors shall promptly publish such documents to their view-only platform used in these chapter 11 cases and provide view-only access to the View-Only Designees (as defined in the Protective Order).

8. The Non-Consenting States and/or the Official Committee and any Financial Institution disputing a subpoena authorized by this Order shall meet and confer to attempt in good faith to resolve any disputes.

9. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: White Plains, New York
      May 1, 2020

                                                        _____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

**Exhibit A**

PILLSBURY WINTHROP SHAW PITTMAN LLP
Andrew M. Troop
31 West 52nd Street
New York, New York 10019
212-858-1000

*Counsel to the Ad Hoc Group of Non-Consenting States*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PURDUE PHARMA L.P., *et al.*,[1] | ) | Case No. 19-23649 (RDD) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**THE AD HOC GROUP OF NON-CONSENTING STATES'**
**DISCOVERY REQUESTS TO [_____]**

Pursuant to Rules 26, 34, and 45 of the Federal Rules of Civil Procedure (the "Federal Rules"), as made applicable herein by Rules 7026, 7034 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), as well as Bankruptcy Rules 2004 and 9016, and Rule 7026-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), and the Order of this Court dated April \_\_ 2020 [Docket No. \_\_\_] (the "2004 Order"), the Ad Hoc Group of Non-Consenting States (the "Non-Consenting States")[2] by and through its undersigned counsel, hereby requests that "You" (as defined below)

---

[1] The debtors in these chapter 11 cases ("Debtors" or "Purdue"), along with the last four digits of their federal tax identification numbers, are Purdue Pharma Manufacturing L.P. (3821), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies K.P. (1868), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (6166), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717), and SVC Pharma Inc. (4014). The Debtors' principal offices are at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] California, Colorado, Connecticut, Delaware, the District of Columbia, Hawaii, Idaho, Illinois, Iowa, Maine, Maryland, Massachusetts, Minnesota, Nevada, New Hampshire, New Jersey, New York, North Carolina, Oregon, Pennsylvania, Rhode Island, Vermont, Virginia, Washington, and Wisconsin.

4819-1254-8537

prepare and serve answers, separately and fully, in writing and under oath, to these discovery requests and produce on a rolling basis the "Documents" (as defined below) and things requested herein for inspection and copying at the offices of Pillsbury Winthrop Shaw Pittman LLP at 31 West 52nd Street, New York, New York 10019 by April __, 2020.

## DEFINITIONS

Pursuant to Local Rule 7026-1, Local Civil Rule 26.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Civil Rules") applies to discovery requests made in cases under the Bankruptcy Code. Accordingly, the terms "concerning," document," and "person" are synonymous with the same terms in Local Civil Rule 26.3 but are set forth below for ease of reference. Additional terms not defined in Local Civil Rule 26.3 or elsewhere in this document but used in this document are ascribed the following meanings:

1. "**Accounts**" means checking, savings, NOW, Time, current, or other deposit or checking accounts; brokerage, investment, trust, or managed accounts; loans or loan accounts, lines of credit, mortgages, in all cases regardless of status, whether open or closed, outstanding or satisfied.

2. "**Concerning**" means relating to, referring to, describing, evidencing or constituting.

3. "**Document(s)**" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

> Federal Rule 34(a)(1)(A) provides "any designated documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form."

Fed. R. Civ. P. 34(a)(1)(A).

4. "**Named Person(s)**" means the Persons identified in **Attachment A**.

5. "**Person**" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

6. "**Pertaining to**" means, in whole or in part, constituting, Concerning, evidencing, containing, discussing, commenting upon, describing, analyzing, identifying, stating, relating to, referring to, forming the basis of, in preparation of, or contradicting.

7. "**Transfer**" or "**Transferred**" refers to any payment(s) made to You or by You including, but not limited to, any funds, property, or other value conveyed to You by check, wire transfer, debit, or by any other means.

8. "**You**" or "**Your**" refers to [_____] and any of its parents, subsidiaries, affiliates, and any predecessor entities, including, but not limited to, [_____], and any other Persons acting on behalf of the foregoing.

## INSTRUCTIONS

1. **Bates Stamping:** Bates-stamp all Documents and native file names with consecutive numbers. Each individual page should be separately stamped.

2. **Diligent Inquiry:** Persons answering these Requests on Your behalf are directed to make a diligent search of all records within Your possession, custody, or control including Your files, electronic mail, smartphones, and computers, and to interview and otherwise make a diligent inquiry of all of Your officers, directors, employees, and agents to identify and produce all information required hereunder.

3. **Forms of Response:** In responding to each Request, set forth the Request in full before providing the response and, if producing Documents, specify the particular Bates range responsive to each individual Request.

4. **Documents Generally:** You are required to produce the originals or legible exact copies of all Documents described in this Request in Your actual or constructive possession, custody, or control. Documents in the possession or custody of Your employees, agents, and contractors are considered to be within Your control. If there are no Documents in Your possession, custody, or control that are responsive to any particular Request, so state in writing.

5. **Claims of Privilege:** Where a claim of privilege is asserted in response to any of the following Requests, or any subpart thereof, and any information is not provided on the basis of such assertion, the following information shall be provided:

   a. the nature of the privilege being claimed;
   b. the Request to which it is responsive;
   c. the nature of information or the subject matter of the Document; and
   d. all other Persons to whom the information or copies of the Document, or any portions thereof, have been disclosed.

6. **Lost, Removed, Destroyed, or Altered Documents:** If any Document responsive to this Request has been lost, removed, destroyed, or altered prior to the service of this Request, produce for each such Document: (1) a description of the Document to the extent known, and the last time and location that the Document is known or believed to have existed; (2) the date, sender, recipient and other Person(s) to whom copies were sent, subject matter, present location, and location of any copies; and (3) the identity of any Person authorizing or participating in any removal, destruction, or alteration of the Document and the method and circumstances of such removal, destruction, or alteration.

7. **Ongoing Duty:** Should You determine that any response to these Requests contains omissions or inaccuracies, You have an ongoing duty to supplement or correct Your response.

8. **Duty to Preserve:** You are required to preserve and maintain any Documents that are related to the subject matter of this Request, regardless of whether You deem them responsive to the Requests herein. You shall instruct Your employees, contractors, and agents to do so and shall take steps to ensure that they fulfill these obligations.

9. **Relevant Time Period:** Unless specified otherwise in <u>Exhibit A</u> for a particular Named Person, the time period relevant to this Request is January 1, 2006 to the present.

10. **Construction of Terms:** Pursuant to Local Civil Rule 26.3(d), the following rules of construction apply:

   a. All/Any/Each. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

   b. And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

   c. Number. The use of the singular form of any word includes the plural and vice versa.

## INTERROGATORIES

1. During the Relevant Time Period, list all Accounts You hold or maintain (or held or maintained) Concerning each Named Person, whether held individually or jointly. For each Account listed, include the following information:

   a. Name(s) on the Account

   b. Tax I.D. number for the Persons on the Account

   c. Account Number

   d. Type of Account, *e.g.*, checking, deposit, investment, loan, mortgage, etc.

   e. Status of the Account, *e.g.*, open, closed, outstanding, satisfied, etc.

2. Identify how You communicate with each Named Person, including how, where (*e.g.*, mailing address, email address, etc.), and medium (*e.g.*, electronic mail, physical

correspondence). Describe how You maintain communications with the Named Persons, *e.g.*, communications are or are not kept in the Named Person's file or electronic storage repository, communications are or are not stored in the recipient's email account and are or are not copied to another system (and if so, identify the system).

## DOCUMENTS TO BE PRODUCED

During the Relevant Time Period, for <u>all</u> Accounts in the name of or for the benefit of any Named Person, regardless of the type of account:

**YOU ARE TO PRODUCE:**

1. All Documents reflecting or constituting all Accounts Concerning the Named Persons, including, but not limited to:

    a. Signature cards

    b. Corporate board authorization minutes or partnership resolutions

    c. Bank, brokerage, investment, trust, or managed account statements

    d. Canceled checks

    e. Deposit tickets

    f. Items deposited

    g. Credit and debit memos

    h. Form 1099, 1098, or back-up withholding Documents

    i. Loan applications

    j. Loan ledger sheets

    k. Documents (checks, debit memos, cash in tickets, wires in, etc.) reflecting the means by which loan repayments were made

    l. Documents (bank checks, credit memos, cash out tickets, wires out, etc.) reflecting disbursement of loan proceeds

    m. Loan correspondence files, including but not limited to:
        i. Letters to the bank

        ii. Letters from the bank
        iii. Notes, memoranda, etc. to the file

    n. Collateral agreements and related Documents

    o. Credit reports

    p. Financial statements

    q. Notes or other instruments reflecting the obligation to pay

    r. Real estate mortgages, chattel mortgages or other security instruments for loans

    s. Loan amortization statements

2. All Documents sufficient to identify all wire or electronic Transfers sent or received by any of the Named Persons, including but not limited to:

    a. Fed Wire, CHIPS, SWIFT, or other money Transfer or message Documents

    b. Documents (checks, debit memos, cash in tickets, wires in, etc.) reflecting the source of the funds wired or electronically Transferred out

    c. Documents (bank checks, credit memos, cash out tickets, wires out, etc.) reflecting the ultimate disposition within the bank of the funds wired in

    d. Notes, memoranda or other writings Pertaining to the sending or receipt of wire or electronic Transfers

3. All Documents sufficient to identify all current or expired safe deposit box rentals by or under the signatory authority of any of the Named Persons, including but not limited to:

    a. Contracts

    b. Entry records

4. All CTRs (Forms 4789) and CMIRs (Form 4790) filed with the Department of the Treasury, Internal Revenue Service, or United States Customs and Border Protection by You Concerning currency transactions conducted by or on behalf of the Named Persons.

Dated: April [__], 2020    PILLSBURY WINTHROP SHAW PITTMAN LLP
    New York, New York

                    By: _____

Andrew M. Troop
Andrew V. Alfano
31 West 52nd Street
New York, NY 10019
Telephone: (212) 858-1000
Email: andrew.troop@pillsburylaw.com
andrew.alfano@pillsburylaw.com

Jason S. Sharp, admitted pro hac vice
2 Houston Center
909 Fannin, Suite 2000
Houston, TX 77010
Telephone: (713) 276-7600
Email: jason.sharp@pillsburylaw.com

*Counsel to the Ad Hoc Group of Non-Consenting States*

# Attachment A
## Named Persons

Each of the following Persons are "Named Persons" as that term is used in the interrogatory and document requests to which this attachment relates.

- Benjamin J. Shack Sackler (Year of Birth: 1994)
- Beverly Feldman Sackler (Year of Birth: 1924)
- Clare E. Sackler (Year of Birth: 1985)
- David Alex Sackler (Year of Birth: 1980)
- Dylan Weston Sackler Hunt (Year of Birth: 2000)
- Ilene Sackler Lefcourt (Year of Birth: 1946)
- Jacqueline B. Sackler, aka Jacqueline B. Pugh Sackler (Year of Birth: 1976)
- James Edward Frame (Year of Birth: 1974) **(Relevant Time Period: April 2015 – Present)**
- James William Murray Dalrymple, aka Jamie Dalrymple (Year of Birth: 1981)
- Jaseleen A. Ruggles, aka Jaseleen A. Sackler, aka Joss A. Sackler (Year of Birth: 1984) **(Relevant Time Period: February 2009 – Present)**
- Jeffrey M. Lefcourt (Year of Birth: 1972)
- John Francis Weston Hunt (Year of Birth: 1963)
- Jonathan D. Sackler (Year of Birth: 1955)
- Julia H. Shack Sackler, aka Julia H. Shack (Year of Birth: 1996)
- Kathe A. Sackler (Year of Birth: 1948)
- Madeleine C. Sackler (Year of Birth: 1983)
- Marianna Rose Frame, aka Marianna Rose Sackler (Year of Birth: 1983)
- Marissa T. Sackler (Year of Birth: 1980)
- Mary Corson (Year of Birth: 1955)
- Mortimer David Alfons Sackler (Year of Birth: 1971)
- Rebecca Kate Sackler (Year of Birth: 1989)
- Richard Stephen Sackler (Year of Birth: 1945)
- Samantha Sophia Sackler, aka Samantha Sophia Hunt (Year of Birth: 1968)
- Sophie Fiona Sackler (Year of Birth: 1983)

- Susan Amalia Shack Sackler (Year of Birth: 1954)
- Theresa Elizabeth Sackler, aka Dame Theresa Elizabeth Sackler (Year of Birth: 1949)
- Cap 1, LLC, a Delaware limited liability company
- Crystal Fiduciary Company, LLC
- Summer Road LLC, a Delaware limited liability company
- Stillwater Holdings LLC f/k/a Stillwater LLC
- Banela Corporation, a British Virgin Islands company
- Linarite Holdings LLC, a Delaware limited liability company
- Perthlite Holdings LLC, a Delaware limited liability company
- The Purdue Frederick Company Inc., a New York corporation
- The P.F. Laboratories, Inc.
- Rosebay Medical Company L.P., a Delaware limited partnership
- Rosebay Medical Company LLC, a Delaware limited liability company
- Millborne Trust Company Limited
- Data LLC, a Wyoming limited liability company
- Cornice Fiduciary Management LLC, a Wyoming limited liability company
- Pharmaceutical Research Associates L.P. f/k/a Purdue Holdings L.P.
- Moonstone Holdings LLC, a Delaware limited liability company
- Roselite Holdings LLC, a Delaware limited liability company
- PLP Associates Holdings L.P., a Delaware limited partnership
- PLP Associates Holdings Inc., a New York corporation
- BR Holdings Associates Inc., a New York corporation
- BR Holdings Associates L.P., a Delaware limited partnership
- Beacon Company
- Stanhope Gate Corporation
- Rosebay Medical Company, Inc., a Delaware corporation
- MNP Consulting Limited, a Delaware corporation
- Heathridge Trust Company Limited
- Mundipharma Inc., a New York corporation
- Mundipharma LLC, a Delaware limited liability company

10

- Mundipharma Ltd., a Delaware corporation
- Mundipharma Pharmaceuticals Inc., a New York corporation
- Millsaw Realty L.P., a Delaware limited partnership
- Millsaw Realty Inc., a New York corporation
- Rhodes Technologies Inc., a Delaware corporation
- Hercules Trust
- Trust U/A dated December 23, 1989 fbo the issue of Richard S. Sackler, M.D.
- Trust U/A dated December 23, 1989 fbo the issue of Jonathan D. Sackler
- The Mortimer D. Sackler Foundation Inc.
- Raymond & Beverly Sackler Foundation, Inc.
- Sackler Foundation Inc.
- The Sackler Lefcourt Center for Child Development Inc.
- The Mortimer and Jacqueline Sackler Foundation
- Richard Sackler Family Foundation
- The Shack Sackler Foundation