**Exhibit B**

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT** | |
| **SOUTHERN DISTRICT OF NEW YORK** | |
| In re: | Chapter 11 |
| PURDUE PHARMA, L.P., *et al.*,[1] | Case No. 19-23649 (RDD) |
| Debtors. | (Jointly Administered) |

**[PROPOSED] ORDER PURSUANT TO RULES 2004 AND 9016 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AUTHORIZING EXAMINATIONS OF CERTAIN FINANCIAL INSTITUTIONS**

Upon the motion, dated April 7, 2020 of the Ad Hoc Group of Non-Consenting States (the "Motion")[2] for an order pursuant to Bankruptcy Rules 2004 and 9016 authorizing the examinations and discovery described therein; and the Court having jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b), as core proceedings pursuant to 28 U.S.C. § 157(b); and upon the joinder in, and statement with respect to the Motion filed by the Official Committee; and venue being proper in this District pursuant to 28 U.S.C. § 1408; and no additional notice being required except as provided herein; and, after due deliberation and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as provided herein.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. ( 6745), Greenfield Bio Ventures L.P. ( 6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A)*,* Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Capitalized terms used not otherwise defined have the meaning set forth in the Motion.

2. The Non-Consenting States and the Official Committee are authorized to (i) conduct an examination of, (ii) request the production of documents by (including electronically stored information), and (iii) issue subpoenas, substantially in the form attached as Exhibit A, to, the Initial Financial Institutions and other financial institutions who, through investigation or discovery, are believed to have relevant data and information, in each case with respect to the topics described in the Motion.

3. If, following entry of this Order, the Non-Consenting States or the Official Committee believes that an additional financial institution may have relevant data or information in respect of the topics described in the Motion, it may conduct an examination of, request the production of documents by (including electronically stored information), and issue a subpoena substantially in the form attached as Exhibit A to such additional financial institution (an "Additional Financial Institution" and together with the Initial Financial Institutions, the "Financial Institutions") on the following conditions: the Non-Consenting States or the Official Committee, as applicable, shall notify counsel to the Named Persons (as defined in the document requests attached to the subpoena) of the intent to examine and serve a subpoena on such Additional Financial Institution, and counsel to the Named Persons shall have five (5) days to indicate in writing whether it opposes such examination and, if so, on what ground. If counsel to the Named Persons does not so indicate within five (5) days, the Non-Consenting States or the Official Committee, as applicable, may proceed with its examination and service of a subpoena on the Additional Financial Institution without further order of the Court. If counsel to the Named Persons timely objects, the parties shall meet and confer in good faith, and if they are unable to reach agreement, they shall promptly seek a discovery conference with the Court.

4.      The Non-Consenting States and/or the Official Committee shall include a copy of the Amended Protective Order [Doc. 969] (the "Protective Order") (or any further amended protective orders entered by the Court) with any subpoenas issued to Financial Institutions pursuant to this Order and a list of counsel for the Initial Covered Sackler Parties, the Debtors, the Official Committee, the Ad Hoc Committee and the Non-Consenting States with contact information.

5.      All Discovery Material (as defined in the Protective Order) produced by Financial Institutions pursuant to subpoenas issued under this Order shall receive a preliminary designation as "Professionals' Eyes Only/Confidential Information" (as defined in the Protective Order) and producing Financial Institutions shall not be obligated to mark such Discovery Material with any confidentiality designations.

6.      Any Receiving Party (as defined in the Protective Order) may submit a Challenge Notice (as defined in the Protective Order) to the counsel representing the Named Person to which the Discovery Material at issue in the Challenge Notice relates. For the purposes of production by Financial Institutions pursuant to subpoenas issued under this Order, such Named Person shall be considered the Producing Party (as defined in the Protective Order) for purposes of the Challenge Notice. Except as modified in this paragraph, the provisions in paragraph 64 of the Protective Order shall apply to Challenge Notices made pursuant to this Order.

7.      Financial Institutions shall provide responsive documents to counsel for the requesting party, and counsel for the requesting party shall promptly provide copies of all documents produced by each Financial Institution to the Debtors. Upon receipt, the Debtors shall promptly publish such documents to their view-only platform used in these chapter 11 cases and provide view-only access to the View-Only Designees (as defined in the Protective Order).

3

8. ~~3.~~ The Non-Consenting States and<ins>/or the Official Committee and</ins> any Financial Institution disputing a subpoena authorized by this Order shall meet and confer ~~not only~~ to attempt in good faith to resolve any disputes.

9. ~~4.~~ This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: White Plains, New York
~~April~~ May 1, 2020

_____

THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

4