| | |
|---|---|
| AKIN GUMP STRAUSS HAUER & FELD LLP<br>Ira S. Dizengoff<br>Arik Preis<br>Mitchell P. Hurley<br>Joseph L. Sorkin<br>Sara L. Brauner<br>One Bryant Park<br>New York, New York 10036<br>Telephone: (212) 872-1000<br>Facsimile: (212) 872-1002<br><br>*Counsel to the Official Committee of Unsecured Creditors of Purdue Pharma L.P., et al.* | COLE SCHOTZ P.C.<br>Justin R. Alberto (admitted *pro hac vice*)<br>500 Delaware Avenue, Suite 1410<br>Wilmington, Delaware 19801<br>Tel: (302) 655-5000<br>Fax: (302) 658-6395<br>jalberto@coleschotz.com<br><br>*Efficiency Counsel to the Official Committee of Unsecured Creditors of Purdue Pharma L.P., et al.* |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Purdue Pharma L.P., *et al.*,[1] | Case No. 19-23649 (RDD) |
| Debtors. | (Jointly Administered) |

**DECLARATION OF ARIK PREIS IN SUPPORT OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' JOINDER IN, AND STATEMENT WITH RESPECT TO, REPLY IN SUPPORT OF *EX PARTE* MOTION OF THE AD HOC GROUP OF NON-CONSENTING STATES FOR AN ORDER AUTHORIZING EXAMINATIONS OF CERTAIN FINANCIAL INSTITUTIONS PURSUANT TO RULES 2004 AND 9016 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

Under 28 U.S.C. § 1746, I, Arik Preis,[2] declare under the penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. This declaration ("Declaration") is submitted in support of *The Official Committee of Unsecured Creditors Joinder in, and Statement with Respect to, Reply in Support of Ex Parte Motion of the Ad Hoc Group of Non-Consenting States for an Order Authorizing Examinations of Certain Financial Institutions Pursuant to Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure* ("Joinder").[3]

2. I am an attorney in good standing admitted to practice in the State of New York, and I am a partner in the financial restructuring group at the law firm of Akin Gump Strauss Hauer & Feld LLP ("Akin Gump"). I was admitted to the New York State Bar in 2001 and have been practicing law in the area of bankruptcy and financial restructuring since that time. I make this Declaration based on my own personal knowledge and experience.

3. On April 16, 2020, I participated in a call with Debevoise and Plimpton LLP ("Debevoise"), counsel to the Mortimer Sackler Initial Covered Sackler Persons (the "Mortimer Sackler ICSPs"). Jasmine Ball participated on the call on behalf of Debevoise. During the call, Debevoise stated that the issuance of subpoenas to Financial Institutions would harm the Mortimer Sackler ICSPs' relationships with their existing banks. I told Debevoise that the Official Committee would consider their concerns, and I asked for any available documentation concerning this statement.

4. Attached hereto as **Exhibit A** is a true and correct copy of an email I sent to Debevoise on April 17, 2020.

---

[2] My legal name is Erik Preis but for my entire life I have utilized the name Arik and not Erik.

[3] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Joinder.

2

5. Attached hereto as **Exhibit B** is a true and correct copy of an email I sent to Debevoise on April 20, 2020.

6. On April 21, 2020, Debevoise sent an email to the Non-Consenting States and the Official Committee, which attached a letter from a bank dated January 13, 2020. A true and correct copy of this letter is attached as **Exhibit C** ("Bank Letter"), and the email is included as part of **Exhibit D**.

7. Attached hereto as **Exhibit D** is a true and correct copy of correspondence between me and Debevoise (among others) that occurred between April 21, 2020 and April 29, 2020.

8. On the morning of April 29, 2020, I emailed Debevoise, asking them to provide evidence of the statements they made in their Limited Objection regarding the banks that they claim severed relationships with members of the Mortimer Sackler family. **Exhibit D**. As of the time of the filing of Declaration, Debevoise has provided no other evidence.

Dated: April 29, 2020  
       New York, NY

*/s/ Arik Preis*  
Arik Preis

# EXHIBIT A

| | |
|---|---|
| **From:** | Preis, Arik |
| **Sent:** | Friday, April 17, 2020 10:35 AM |
| **To:** | Ball, Jasmine; Monaghan, Maura Kathleen; Rosen, Jeffrey J. |
| **Cc:** | Preis, Arik; Hurley, Mitchell |
| **Subject:** | Purdue |

Jasmine, Maura, and Jeff,

Just following up on our call yesterday morning between us and you:

1. We had asked you to provide to us written documentation regarding communications from any banks that had notified the Sacklers that they would no longer be doing business with them, or would be curtailing banking relationships with them, etc – both before and since the 2004 motion filed by the Dissenting States.  You had said you would check on getting to us that documentation and would provide if you could.  Please send what you can so we can assess/analyze.
2. We had asked for the list of banks that the Sacklers have relationships with that you claim have notified the Sacklers that they would no longer be doing business with them, or would be curtailing banking relationships with them, etc.  To the extent that you are not going to provide written documentation (per #1), please provide this list, along with when such notifications occurred, what was said, what the nature of the curtailment was, etc.
3. You had said that certain banks cut off/curtailed/refused to have business relationships with two outside directors that you represent.  Please provide the names of those directors, and the written communications they received regarding such cut off/curtailment/refusal.

Obviously, these requests are separate and apart from the responses we know you owe all parties in response to the call we had yesterday at 230 pm EST regarding the Dissenting States' 2004 motion.

Thanks,
Arik

**Arik Preis**
**AKIN GUMP STRAUSS HAUER & FELD** LLP

One Bryant Park | New York, NY 10036-6745 | USA | Direct: +1 212.872.7418 | Internal: 37418
Fax: +1 212.872.1002 | apreis@akingump.com | akingump.com | Bio

1

# EXHIBIT B

| | |
|---|---|
| **From:** | Preis, Arik |
| **Sent:** | Monday, April 20, 2020 9:09 AM |
| **To:** | Ball, Jasmine; Monaghan, Maura Kathleen; Rosen, Jeffrey J. |
| **Cc:** | Hurley, Mitchell; Preis, Arik; Porter, Katherine; Brauner, Sara |
| **Subject:** | RE: Purdue |

Jasmine, Maura, and Jeff,

Just following up here.

Thanks,
Arik

Arik Preis
Akin Gump Strauss Hauer & Feld
One Bryant Park
NY, NY  10036
Office: 212-872-7418
Cell: 646-483-2957
apreis@akingump.com

---

**From:** Preis, Arik <apreis@akingump.com>
**Sent:** Friday, April 17, 2020 10:35 AM
**To:** Ball, Jasmine <jball@debevoise.com>; Monaghan, Maura Kathleen <mkmonaghan@debevoise.com>; Rosen, Jeffrey J. <jrosen@debevoise.com>
**Cc:** Preis, Arik <apreis@akingump.com>; Hurley, Mitchell <mhurley@AkinGump.com>
**Subject:** Purdue

Jasmine, Maura, and Jeff,

Just following up on our call yesterday morning between us and you:

1. We had asked you to provide to us written documentation regarding communications from any banks that had notified the Sacklers that they would no longer be doing business with them, or would be curtailing banking relationships with them, etc – both before and since the 2004 motion filed by the Dissenting States.  You had said you would check on getting to us that documentation and would provide if you could.  Please send what you can so we can assess/analyze.
2. We had asked for the list of banks that the Sacklers have relationships with that you claim have notified the Sacklers that they would no longer be doing business with them, or would be curtailing banking relationships with them, etc.  To the extent that you are not going to provide written documentation (per #1), please provide this list, along with when such notifications occurred, what was said, what the nature of the curtailment was, etc.
3. You had said that certain banks cut off/curtailed/refused to have business relationships with two outside directors that you represent.  Please provide the names of those directors, and the written communications they received regarding such cut off/curtailment/refusal.

1

Obviously, these requests are separate and apart from the responses we know you owe all parties in response to the call we had yesterday at 230 pm EST regarding the Dissenting States' 2004 motion.

Thanks,
Arik

**Arik Preis**
**AKIN GUMP STRAUSS HAUER & FELD** LLP

One Bryant Park  |  New York, NY 10036-6745  |  USA  |  Direct: +1 212.872.7418  |  Internal: 37418
Fax: +1 212.872.1002  |  apreis@akingump.com  |  akingump.com  |  Bio

# EXHIBIT C

# Redacted

# EXHIBIT D

| | |
|---|---|
| **From:** | Preis, Arik |
| **Sent:** | Wednesday, April 29, 2020 8:34 AM |
| **To:** | Ball, Jasmine; Murphy, Jack; 'Troop, Andrew M.'; Hurley, Mitchell; Porter, Katherine; Brauner, Sara; 'Sharp, Jason S.'; PURDUE AKIN LIT |
| **Cc:** | Monaghan, Maura Kathleen; Rosen, Jeffrey J.; Preis, Arik |
| **Subject:** | Purdue |
| **Attachments:** | FW: Purdue; FW: Purdue |

Jasmine:

I just wanted to follow up on my email to you from Sunday night (for reference, I have also re-attached my first two emails to you from Friday April 17 and Monday April 20, which you deleted when sending your first response to us on April 21).

I found it interesting that you included the following paragraph in your response Sunday night (I italicized the whole paragraph, and bolded/underlined certain parts, as I refer to them below):

"*There is particular reason to observe the preference for first-party discovery in this case because reversing the usual sequence of first-party discovery preceding third-party subpoenas would pose potentially significant risks to the Mortimer Sackler ICSPs' banking relationships. The New York Attorney General subpoenaed records from eleven banks in its lawsuit in New York Supreme Court. **In the ensuing months, at least six banks severed relationships with the members of the Mortimer Sackler family**, charitable foundations that they have funded, and trusts for their benefit. requiring the closure of over 200 accounts for approximately 70 entities. **The letter does not say why the bank is taking that action, but the timing is telling**. This bank had taken no action for years after the first lawsuits were filed against Purdue or even after the first lawsuits naming certain Mortimer Sackler ICSPs who had served as directors of Purdue, but within a few months of receiving the subpoena from the New York Attorney General, the bank cut off decades-long relationships. **Members of the Mortimer Sackler family have faced significant difficulties in forming and maintaining banking relationships after those subpoenas were served on those financial institutions**.*"

I was personally surprised that after we asked for evidence/proof of many of the first and third bolded items since April 17, that at the very least you would have attached something to your brief about this – letters, communications, a declaration from a Sackler, etc. I waited for the past 48 hours for you to provide examples/proof, etc. of the bolded items you mentioned in your pleading - - as we have been asking for that for now 12 days, since you first mentioned it. We would ask again that you provide. If you can't provide, we will again assume that there is none forthcoming. We would also ask again that you provide answers to any of the questions that you were asked by us or the Non-Consenting State Group in this chain.

I am also surprised that you wrote in your pleading: "**The letter does not say why the bank is taking that action, but the timing is telling** ". I contrast this with what you wrote to us in your email about the NY letter: "We were not attempting to provide proof of causality in the past or proof that a wave of third party subpoenas would cause dislocation and interruption in the future."

We look forward to you providing answers/proof/evidence, a declaration from a Sackler, etc.

Thanks,
Arik

1

Arik Preis
Akin Gump Strauss Hauer & Feld
One Bryant Park
NY, NY  10036
Office: 212-872-7418
Cell: 646-483-2957
apreis@akingump.com

---

**From:** Preis, Arik <apreis@akingump.com>
**Sent:** Sunday, April 26, 2020 9:01 PM
**To:** Ball, Jasmine <jball@debevoise.com>; Murphy, Jack <jmurphy@AKINGUMP.com>; 'Troop, Andrew M.' <andrew.troop@pillsburylaw.com>; Hurley, Mitchell <mhurley@AkinGump.com>; Porter, Katherine <kporter@akingump.com>; Brauner, Sara <sbrauner@akingump.com>; 'Sharp, Jason S.' <jason.sharp@pillsburylaw.com>; PURDUE AKIN LIT <PURDUEAKINLIT@akingump.com>
**Cc:** Monaghan, Maura Kathleen <mkmonaghan@debevoise.com>; Rosen, Jeffrey J. <jrosen@debevoise.com>; Preis, Arik <apreis@akingump.com>
**Subject:** RE: Purdue

Jasmine,

I think I am pretty clear what you were trying to convey in our discussion of 10 days ago.

You asked for a call with Mitch and me to try and talk us out of supporting the Dissenting States' request to subpoena the Sacklers' banks.  Your reasoning was that serving subpoenas on such banks will hurt the Sacklers' banking relationships, and we, as creditor fiduciaries, should not want that because it could harm the value of the settlement.

As fiduciaries, we took your request seriously, and asked you for proof that the Sacklers' banks have stopped banking relationships with them.  We didn't say "Show us proof that a subpoena leads to termination of banking relationships".  Admittedly, we did ask that question once we were provided the **one and only** letter you have provided in ten days.  But the original request is still the same – show us proof that financial institutions have been terminating banking relationships with the Sacklers, and that if such termination has occurred, that the Sacklers have been unable to find replacement financial institutions.  And given that you have provided **nothing** other than one letter (and no proof that this is a pattern of behavior by financial institutions, or that the Sacklers were not able to move their banking relationships elsewhere), we will assume you have nothing.

And your last sentence – "For that reason, we don't think it is productive to dig into what happened in the past or to argue about whether or how what happened in the past is relevant to the future." - - yes, we are clear that that is your view on a lot of things.

Thanks,
Arik


Arik Preis
Akin Gump Strauss Hauer & Feld
One Bryant Park
NY, NY  10036

2

Office: 212-872-7418
Cell: 646-483-2957
apreis@akingump.com

---

**From:** Ball, Jasmine <jball@debevoise.com>
**Sent:** Sunday, April 26, 2020 5:34 PM
**To:** Preis, Arik <apreis@akingump.com>; Murphy, Jack <jmurphy@AKINGUMP.com>; 'Troop, Andrew M.' <andrew.troop@pillsburylaw.com>; Hurley, Mitchell <mhurley@AkinGump.com>; Porter, Katherine <kporter@akingump.com>; Brauner, Sara <sbrauner@akingump.com>; 'Sharp, Jason S.' <jason.sharp@pillsburylaw.com>; PURDUE AKIN LIT <PURDUEAKINLIT@akingump.com>
**Cc:** Monaghan, Maura Kathleen <mkmonaghan@debevoise.com>; Rosen, Jeffrey J. <jrosen@debevoise.com>
**Subject:** RE: Purdue

Arik:  Thank you for your email.  We think you may have misunderstood what we were trying to convey with our discussion and our provision to you of the example letter from a bank that represented one of the family's long time and historic banking relationships.  We were not attempting to provide proof of causality in the past or proof that a wave of third party subpoenas would cause dislocation and interruption in the future.  No one would expect any bank to specify the receipt of a subpoena as the reason for termination of a banking relationship and no one can prove what will happen in the future.  We are simply saying that there is no reason to run the risk of a new round of banking difficulties given that there is a less intrusive way of getting all the banking information you seek.  For that reason, we don't think it is productive to dig into what happened in the past or to argue about whether or how what happened in the past is relevant to the future.

Keep well,

--Jasmine


**Jasmine Ball** | Partner | Debevoise & Plimpton LLP | jball@debevoise.com | +1 212 909 6845 (Tel) | +1 646 725 7471 (Mobile) | +1 212 521 7845 (Fax) | 919 Third Avenue, New York, NY 10022

---

This e-mail message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure. If you are not the intended recipient, please do not disseminate, distribute or copy this communication, by e-mail or otherwise. Instead, please notify us immediately by return e-mail (including the original message in your reply) and by telephone (you may call us collect in New York at 1-212-909-6000) and then delete and discard all copies of the e-mail. Thank you.
The latest version of our Privacy Policy, which includes information about how we collect, use and protect personal data, is at www.debevoise.com.

---

**From:** Preis, Arik [mailto:apreis@akingump.com]
**Sent:** Saturday, April 25, 2020 16:28
**To:** Murphy, Jack; Troop, Andrew M.; Ball, Jasmine; Hurley, Mitchell; Porter, Katherine; Brauner, Sara; Sharp, Jason S.; PURDUE AKIN LIT
**Cc:** Monaghan, Maura Kathleen; Rosen, Jeffrey J.; Preis, Arik
**Subject:** RE: Purdue

Jasmine-

We are going to assume by your failure to respond for a week that you have nothing else to share on this.

Thanks,
Arik


Arik Preis
Akin Gump Strauss Hauer & Feld

3

One Bryant Park
NY, NY  10036
Office: 212-872-7418
Cell: 646-483-2957
apreis@akingump.com

---

**From:** Preis, Arik <apreis@akingump.com>
**Sent:** Thursday, April 23, 2020 9:38 AM
**To:** Murphy, Jack <jmurphy@AKINGUMP.com>; Troop, Andrew M. <andrew.troop@pillsburylaw.com>; Ball, Jasmine <jball@debevoise.com>; Hurley, Mitchell <mhurley@AkinGump.com>; Porter, Katherine <kporter@akingump.com>; Brauner, Sara <sbrauner@akingump.com>; Sharp, Jason S. <jason.sharp@pillsburylaw.com>; PURDUE AKIN LIT <PURDUEAKINLIT@akingump.com>
**Cc:** Monaghan, Maura Kathleen <mkmonaghan@debevoise.com>; Rosen, Jeffrey J. <jrosen@debevoise.com>; Preis, Arik <apreis@akingump.com>
**Subject:** RE: Purdue

Jasmine –

Just following up here – you have my questions (Since last Friday, when you raised the issue with us first on Thursday), Andrew's, and Jack's.

Thanks,
Arik


Arik Preis
Akin Gump Strauss Hauer & Feld
One Bryant Park
NY, NY  10036
Office: 212-872-7418
Cell: 646-483-2957
apreis@akingump.com

---

**From:** Murphy, Jack <jmurphy@AKINGUMP.com>
**Sent:** Wednesday, April 22, 2020 11:30 AM
**To:** Troop, Andrew M. <andrew.troop@pillsburylaw.com>; Preis, Arik <apreis@akingump.com>; Ball, Jasmine <jball@debevoise.com>; Hurley, Mitchell <mhurley@AkinGump.com>; Porter, Katherine <kporter@akingump.com>; Brauner, Sara <sbrauner@akingump.com>; Sharp, Jason S. <jason.sharp@pillsburylaw.com>; PURDUE AKIN LIT <PURDUEAKINLIT@akingump.com>
**Cc:** Monaghan, Maura Kathleen <mkmonaghan@debevoise.com>; Rosen, Jeffrey J. <jrosen@debevoise.com>
**Subject:** RE: Purdue

Jasmine,

In addition to answering Andrew's question regarding where the listed accounts were transferred to, can you please also explain whether and how these accounts were described in your firm's January 15, 2020 asset presentation?  Also, kindly identify each of the account holders by full (unredacted) name.

Thank you,
Jack

**Jack Murphy**

4

AKIN GUMP STRAUSS HAUER & FELD LLP

Direct: +1 212.872.7442 | Internal: 37442

---

**From:** Troop, Andrew M. <andrew.troop@pillsburylaw.com>
**Sent:** Tuesday, April 21, 2020 10:18 PM
**To:** Preis, Arik <apreis@akingump.com>; Ball, Jasmine <jball@debevoise.com>; Hurley, Mitchell <mhurley@AkinGump.com>; Porter, Katherine <kporter@akingump.com>; Brauner, Sara <sbrauner@akingump.com>; Sharp, Jason S. <jason.sharp@pillsburylaw.com>; PURDUE AKIN LIT <PURDUEAKINLIT@akingump.com>
**Cc:** Monaghan, Maura Kathleen <mkmonaghan@debevoise.com>; Rosen, Jeffrey J. <jrosen@debevoise.com>
**Subject:** RE: Purdue

Jasmine,

We have the same questions as Arik and also a few others:

   a. What kinds of assets were in these accounts?
   b. What was the value of those assets?
   c. To the extent that the assets were not cash deposits, were they liquidated or transferred in kind (assuming no extension was granted)?
   d. To what financial institutions were accounts or assets transferred?

In addition, although we will of course honor your request for this letter from ▇▇▇▇▇▇ to be viewed only by retained professionals at this time, we do not agree that such a designation is appropriate and reserve all rights.  This letter does nothing more than support your statement (made to, among others, members of the NCSG and the Court) that banking relationships were terminated after the NY subpoenas were issued.  The letter does not, as Arik phrased it, "tie . . . to the subpoenas."  Its "sensitivity," therefore, seems farfetched, but even if the letter is "sensitive," it is not so sensitive that it cannot be shared with parties in this case with a confidentiality designation that does not restrict its disclosure to only retained professionals.

Andrew

**Andrew M. Troop** | Partner
Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street | New York, NY 10019-6131
t +1.212.858.1660 | f +1.212.973.7435 | m +1.617.710.0902
andrew.troop@pillsburylaw.com | website bio

---

**From:** Preis, Arik <apreis@akingump.com>
**Sent:** Tuesday, April 21, 2020 9:14 AM
**To:** Ball, Jasmine <jball@debevoise.com>; Hurley, Mitchell <mhurley@AkinGump.com>; Porter, Katherine <kporter@akingump.com>; Brauner, Sara <sbrauner@akingump.com>; Sharp, Jason S. <jason.sharp@pillsburylaw.com>; Troop, Andrew M. <andrew.troop@pillsburylaw.com>; PURDUE AKIN LIT <PURDUEAKINLIT@akingump.com>
**Cc:** Monaghan, Maura Kathleen <mkmonaghan@debevoise.com>; Rosen, Jeffrey J. <jrosen@debevoise.com>; Preis, Arik <apreis@akingump.com>
**Subject:** RE: Purdue

Thank you for sending Jasmine.  A few questions:

   1. You write that this is "one example".  As I have asked now for the last three business days,  please send us copies of all documentation such as this.

5

2. I have also asked for the last three days that if you don't have documentation, to please send us the list of banks that have terminated banking relationships with the Sacklers – along with when that occurred, what was said, and what the nature of the curtailment/termination was.
3. What have the Sacklers done as a result of the letter you sent us? Have they simply moved money to another bank? Or due to Covid 19, has the bank extended their time to keep the money at their bank? Same question with regard to any other banks that have terminated/curtailed banking relationships.
4. The letter is from January 2020; I believe the NY subpoenas were in the fall – isn't that right? Where is the tie in the letter to the subpoenas?

Thanks,
Arik


Arik Preis
Akin Gump Strauss Hauer & Feld
One Bryant Park
NY, NY  10036
Office: 212-872-7418
Cell: 646-483-2957
apreis@akingump.com

---

**From:** Ball, Jasmine <jball@debevoise.com>
**Sent:** Tuesday, April 21, 2020 12:23 AM
**To:** Preis, Arik <apreis@akingump.com>; Hurley, Mitchell <mhurley@AkinGump.com>; Porter, Katherine <kporter@akingump.com>; Brauner, Sara <sbrauner@akingump.com>; 'Sharp, Jason S.' <jason.sharp@pillsburylaw.com>; 'Troop, Andrew M.' <andrew.troop@pillsburylaw.com>
**Cc:** Monaghan, Maura Kathleen <mkmonaghan@debevoise.com>; Rosen, Jeffrey J. <jrosen@debevoise.com>
**Subject:** Purdue


**\*\*EXTERNAL Email\*\***

HIGHLY CONFIDENTIAL; SUBJECT TO PROTECTIVE ORDERS AND AGREEMENTS
RETAINED PROFESSIONALS EYES ONLY

Arik and Andrew:  Following up on our prior discussion, attached is one example of a termination letter that numerous of the Side A trust entities and individuals, as well as certain not-for-profit foundations, received terminating their long standing banking relationships with ████████ shortly after New York sent their subpoenas the last time.

As you can imagine, the attached is highly sensitive and as such we are only sharing the document with you (outside retained professionals) at this time.

We are available to discuss at your convenience.

Best regards,

--Jasmine


**Jasmine Ball** | Partner | Debevoise & Plimpton LLP | jball@debevoise.com | +1 212 909 6845 (Tel) | +1 646 725 7471 (Mobile) | +1 212 521 7845 (Fax) | 919 Third Avenue, New York, NY 10022


This e-mail message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure. If you are not the intended recipient, please do not disseminate, distribute or copy this communication, by e-mail or otherwise. Instead, please notify us immediately by return e-mail (including the original message in your reply) and by telephone (you may call us collect in New York at 1-212-909-6000) and then delete and discard all copies of the e-mail. Thank you.
The latest version of our Privacy Policy, which includes information about how we collect, use and protect personal data, is at www.debevoise.com.

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.