| | |
|---|---|
| KRAMER LEVIN NAFTALIS & FRANKEL LLP | GILBERT LLP |
| Kenneth H. Eckstein | Scott D. Gilbert (admitted *pro hac vice*) |
| Rachael Ringer | Craig Litherland (admitted *pro hac vice*) |
| David E. Blabey Jr. | Kami E. Quinn (admitted *pro hac vice*) |
| 1177 Avenue of the Americas | 100 New York Ave, NW, Suite 700 |
| New York, NY 10036 | Washington, D.C. 20005 |
| Telephone: (212) 715-9100 | Telephone: (202) 772-2200 |
| | |
| BROWN RUDNICK LLP | OTTERBOURG P.C. |
| David J. Molton | Melanie L. Cyganowski |
| Steven D. Pohl (admitted *pro hac vice*) | Jennifer S. Feeney |
| 7 Times Square | 230 Park Avenue |
| New York, NY 10036 | New York, NY 10169 |
| Telephone: (212) 209-4800 | Telephone: (212) 661-9100 |

*Attorneys for the Ad Hoc Committee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------X
:
In re:                                            :    Chapter 11
:
PURDUE PHARMA L.P., *et al.*,                     :    Case No. 19-23649 (RDD)
:
Debtors.[1]                        :    (Jointly Administered)
:
------------------------------------------------------------------X

**AD HOC COMMITTEE'S STATEMENT REGARDING DISCOVERY DISPUTES**

The ad hoc committee of governmental and other contingent litigation claimants (the "**Ad Hoc Committee**"), which consists of (i) ten States, (ii) the court-appointed Plaintiffs' Executive Committee in the multi-district litigation captioned *In re National Prescription Opiate Litigation*,

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

Case No. 17-md-02804 (N.D. Ohio), (iii) six counties, cities, parishes or municipalities, and (iv) one federally recognized American Indian Tribe, hereby submits this statement with respect to the discovery issues that have been identified in (a) the letter (the "**Committee Discovery Letter**") [Dkt. No. 1089], dated April 26, 2020, filed by the Official Committee of Unsecured Creditors (the "**Official Committee**"), and (b) the limited objections filed by, respectively, the Raymond Sackler family [Dkt. No. 1087] and the Mortimer Sackler family [Dkt. No. 1088] to the Rule 2004 motion filed by the Non-Consenting States on April 7, 2020 [Dkt. No. 1019].

## STATEMENT

1. As reflected in prior pleadings and Court orders[2], the Ad Hoc Committee is an active participant in the ongoing discovery of and diligence from the Sackler families. The Ad Hoc Committee submits this statement in support of the efforts of the Official Committee and the Non-Consenting States to obtain much-needed additional discovery from the Sacklers. As described in the Committee Discovery Letter, the production by the Sacklers has generally been slower than expected, and, to date, remains insufficient and incomplete. While the Ad Hoc Committee will not restate the points addressed by the Official Committee and the Non-Consenting States, it writes separately to emphasize the importance of the discovery requested by the Official Committee and the Non-Consenting States, and underscore the need for expeditious productions.

2. As the Court is aware, the Ad Hoc Committee reached consensus on a Settlement Term Sheet with the Debtors and the Sacklers at the outset of the chapter 11 cases – and as part of that consensus agreed to support a preliminary injunction of litigation against the Sacklers and other related parties. *See* Dkt. No. 257. While that Settlement Term Sheet contemplates certain

---

[2] *See, e.g.*, Ad Hoc Committee's Joinder In, and Statement With Respect To, Ex Parte Motion of the Official Committee of Unsecured Creditors of Purdue Pharma, et al., for an Order Authorizing Examinations Pursuant to Federal Rules of Bankruptcy Procedure 2004 and 9016 [Dkt. No. 993]; Amended Order Pursuant to Federal Rules of Bankruptcy Procedure 2004 and 9016 Authorizing Examination of Third Parties [Dkt. No. 1008].

key terms of a chapter 11 plan, any such chapter 11 plan was contingent on, and subject to, substantial additional diligence to be conducted by the Ad Hoc Committee. Consistent with the Settlement Term Sheet, the Ad Hoc Committee has sought such diligence from the Sacklers and participated in the ongoing investigations in these cases, including through participation on the numerous meet-and-confers between various counsel for the Sacklers, the Debtors and numerous creditor constituencies. And while the Ad Hoc Committee intends to continue to fulfill this role, in order to make real progress on a chapter 11 plan as contemplated by the Settlement Term Sheet, it needs more comprehensive diligence and discovery from the Sacklers.

3. The Ad Hoc Committee is also generally supportive of reasonable efforts by the Official Committee and the Non-Consenting States to obtain additional information from the Sacklers. Those groups have taken the position that they will be unable to evaluate the merits of the Settlement Term Sheet absent thorough discovery into, and analysis of, potential estate claims. *See, e.g.*, Committee Discovery Letter at 2. It is essential that, some eight months into these cases (and after an extension of the preliminary injunction and plan-related deadlines contained in the Settlement Term Sheet), this process not be further delayed. Indeed, the parties are in the midst of a mediation process – established at great expense and requiring near-constant attention from scores of principles and professionals – that may all be for naught if key case constituencies believe they are armed with insufficient information to evaluate their positions in the overall context of a chapter 11 plan.

4. For these reasons, and those set forth by the Official Committee and the Non-Consenting States, the Ad Hoc Committee requests that the Court authorize the discovery sought by those parties on the terms proposed (which discovery, for the avoidance of doubt and consistent with the earlier 2004 Order, should also be made available to the Ad Hoc Committee).

Dated: April 29, 2020

Respectfully submitted,

/s/ *Kenneth H. Eckstein*
Kenneth H. Eckstein
Rachael Ringer
David E. Blabey Jr.
KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, NY 10036
Telephone: (212) 715-9100
Email: keckstein@kramerlevin.com
 rringer@kramerlevin.com
 dblabey@kramerlevin.com

David J. Molton
Steven D. Pohl (admitted *pro hac vice*)
BROWN RUDNICK LLP
7 Times Square
New York, NY 10036
Telephone: (212) 209-4800
Email: dmolton@brownrudnick.com
 spohl@brownrudnick.com

Scott D. Gilbert (admitted *pro hac vice*)
Craig Litherland (admitted *pro hac vice*)
Kami E. Quinn (admitted *pro hac vice*)
GILBERT LLP
100 New York Ave, NW, Suite 700
Washington, D.C. 20005
Telephone: (202) 772-2200
Email: gilberts@gilberlegal.com
 litherlandc@gilbertlegal.com
 kquinn@gilbertlegal.com

Melanie L. Cyganowski
Jennifer S. Feeney
OTTERBOURG P.C.
230 Park Avenue
New York, NY 10169
Telephone: (212) 661-9100
Email: mcyganowski@otterbourg.com
 jfeeney@otterbourg.com

*Attorneys for the Ad Hoc Committee*