STIKEMAN ELLIOTT LLP
5300 Commerce Court West
199 Bay Street
Toronto, ON M5L 1B9 Canada
Telephone: 416 869 5697
Facsimile: 416 947 0866
David Byers
Ashley Taylor
Lee Nicholson

*Ordinary Course Professional to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (RDD)** |
| Debtors.[1] | **(Jointly Administered)** |

**COVER SHEET TO THE APPLICATION OF STIKEMAN
ELLIOTT LLP AS AN ORDINARY COURSE PROFESSIONAL FOR
COMPENSATION FOR SERVICES RENDERED IN EXCESS OF THE TIER 1 OCP CAP
FOR THE PERIOD FROM SEPTEMBER 15, 2019 THROUGH NOVEMBER 30, 2019**

In accordance with Rule 2016-1 of the Local Rules of Bankruptcy Procedure, incorporating the *Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York Bankruptcy Cases* [General Order M-447], among other guidelines (the "**Local Guidelines**") and the *Order Authorizing Debtors to Employ Professionals*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

111726795 v5

*Used in the Ordinary Course of Business* Nunc Pro Tunc *to the Petition Date* [ECF No. 548] (the "**OCP Order**"), Stikeman Elliott LLP ("**Stikeman**"), an ordinary course professional providing services as Canadian counsel for the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), submits this summary (this "**Summary**") of fees in excess of the Tier 1 OCP Cap[2] sought as actual and necessary in the fee application to which this Summary is attached (the "**Application**") for the period of September 15, 2019 through November 30, 2019 (the "**Fee Period**").

| *General Information* | |
|---|---|
| **Name of Applicant:** | Stikeman Elliott LLP |
| **Authorized to Provide Services to:** | Purdue Pharma L.P., *et al*. |
| **Petition Date:** | September 15, 2019 |
| **Retention Date:** | *Nunc pro tunc* to September 15, 2019 |
| **Date of Order Approving Employment:** | November 26, 2019 [ECF No. 548][3] |
| *Summary of Fees Requested for the Fee Period* | |
| **Time Period Covered by This Application:** | September 15, 2019 through November 30, 2019 |
| **Amount of Compensation in Excess of Tier 1 OCP Cap Requested:** | US$38,999.00 |
| *Summary of Rates and Other Related Information for the Fee Period* | |
| **Blended Rate in This Application for All Partners, of Counsel, and Associates:** | CAD$829.15 |
| **Blended Rate in This Application for All Timekeepers:** | CAD$829.15 |

---

[2] Terms used in this Summary and/or in the Application not otherwise defined shall have the meanings ascribed to them in the OCP Order.

[3] Affidavit and questionnaire filed in accordance with the OCP Order on December 3, 2019 [ECF No. 573].

| | |
|---|---|
| **Number of Professionals Included in This Application:** | 5 |
| **Difference Between Fees Budgeted and Compensation Sought for This Period:** | N/A |
| **Number of Professionals Billing Fewer Than 15 Hours During This Period:** | N/A |
| **Increase in Rates Since Date of Retention:** | N/A |

**Summary of Fees Incurred, Fees Paid and Tier 1 OCP Cap Capacity from September 15, 2019 through November 30, 2019**

| Period Covered | Fees Incurred (US$) | Total Fees Paid (US$) | Total Fees Requiring Court Approval (US$) |
|---|---|---|---|
| 9/15/2019 – 9/30/2019 | $150,879 | $150,879 | $0 |
| 10/1/2019 – 10/31/2019 | $147,317 | $147,317 | $0 |
| 11/1/2019 – 11/30/2019 | $190,803 | $151,804 | $38,999 |
| **TOTAL** | **$488,999** | **$450,000**[4] | **$38,999** |

---

[4] Pursuant to the OCP Order, the Tier 1 OCP Cap is $150,000 per month on average over a rolling three-month period. The Debtors were therefore authorized to pay up to $450,000 to Stikeman during the Fee Period pursuant to the OCP Order.

STIKEMAN ELLIOTT LLP
5300 Commerce Court West
199 Bay Street
Toronto, ON M5L 1B9 Canada
Telephone: 416 869 5697
Facsimile: 416 947 0866
David Byers
Ashley Taylor
Lee Nicholson

*Ordinary Course Professional to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.***,** | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

**APPLICATION OF STIKEMAN ELLIOTT LLP AS
AN ORDINARY COURSE PROFESSIONAL FOR COMPENSATION
FOR SERVICES RENDERED IN EXCESS OF THE TIER 1 OCP CAP
FOR THE PERIOD FROM SEPTEMBER 15, 2019 THROUGH NOVEMBER 30, 2019**

Pursuant to sections 327, 330, and 331 of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rule 2016-1 of the Local Rules of Bankruptcy Procedure, incorporating the *Amended Guidelines for Fees and Disbursements for Professionals in the Southern District*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

111726795 v5

*of New York Bankruptcy Cases* [General Order M-447], among other guidelines (the "**Local Guidelines**"), The United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases effective as of November 1, 2013 (the "**U.S. Trustee Guidelines**," and together with the Local Guidelines, the "**Fee Guidelines**"), and the *Order Authorizing Debtors to Employ Professionals Used in the Ordinary Course of Business* Nunc Pro Tunc *to the Petition Date* [ECF No. 548] (the "**OCP Order**"), Stikeman Elliott LLP ("**Stikeman**"), an ordinary course professional providing services as Canadian counsel for the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), submits this *Application of Stikeman Elliott LLP as an Ordinary Course Professional for Compensation for Services Rendered in Excess of the Tier 1 OCP Cap for the Period from September 15, 2019 Through November 30, 2019* (this "**Application**"). By this Application, Stikeman seeks allowance of compensation for actual and necessary professional services in excess of the Tier 1 OCP Cap in the amount of $38,999.00 during the period of September 15, 2019 through November 30, 2019 (the "**Fee Period**").

## Jurisdiction

1. The United States Bankruptcy Court for the Southern District of New York (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

3. On September 15, 2019 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On September 18, 2019, the Court entered an order

[ECF No. 59] authorizing the joint administration and procedural consolidation of the Debtors' chapter 11 cases pursuant to Bankruptcy Rule 1015(b). No entity has requested the appointment of a trustee or examiner in these chapter 11 cases. On September 27, 2019, the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed an official committee of unsecured creditors (the "**UCC**") pursuant to section 1102 of the Bankruptcy Code [ECF No. 131].

4. On November 26, 2019, the Court entered the OCP Order. Pursuant to the OCP Order, the retention and employment of a professional listed on the exhibits thereto will be deemed approved without further order of the Court if no objections are filed within 10 days of the filing of an OCP Affidavit and Retention Questionnaire for such professional (the "**Objection Period**"). On December 3, 2019 the *Affidavit and Disclosure Statement of Ashley Taylor, on Behalf of Stikeman Elliott LLP* [ECF No. 573] (the "**Disclosure Statement**") was filed on behalf of Stikeman. No objections to the Disclosure Statement were filed or communicated to counsel within the applicable Objection Period and therefore Stikeman's retention was deemed approved. As described in the Disclosure Statement, the Debtors employ Stikeman to provide legal services in connection with the filing and prosecution of proceedings in the Ontario Supreme Court of Justice (Commercial List) and other Canadian courts.

5. Pursuant to the OCP Order, Stikeman was retained as a Tier 1 Ordinary Course Professional. The Debtors are authorized to compensate Tier 1 Ordinary Course Professionals without formal fee applications; *provided, however*, that total fees, excluding costs and disbursements, in excess US$150,000 per month on average over a rolling three-month period are subject to Court approval in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Guidelines, the Fee Guidelines and all orders of the Court.

6.      Stikeman has complied with the terms of the OCP Order and has invoiced the Debtor directly for all services provided post-petition. However, for the month of November, 2019, payment of Stikeman's fees in full would have caused Stikeman's average fees for the Fee Period to exceed the Tier 1 OCP Cap by an average of US$13,000, which required a holdback of US$38,999 to comply with the Tier 1 OCP Cap, as shown in the table below.

| Period Covered | Fees Incurred (US$) | Total Fees Paid (US$) | Total Fees Requiring Court Approval (US$) |
|---|---|---|---|
| 9/15/2019 – 9/30/2019 | $150,879 | $150,879 | $0 |
| 10/1/2019 – 10/31/2019 | $147,317 | $147,317 | $0 |
| 11/1/2019 – 11/30/2019 | $190,803 | $151,804 | $38,999 |
| **TOTAL** | **$488,999** | **$450,000**[2] | **$38,999** |

7.      Pursuant to the OCP Order, fees incurred in excess of the Tier 1 OCP Cap require Court approval. Accordingly, by the Fee Application and in accordance with the OCP Order, Stikeman seeks approval of $38,999.00 in fees accrued during the Fee Period.

## Compensation Paid and Its Sources

8.      All services during the Fee Period for which compensation is requested by Stikeman were performed for or on behalf of the Debtors. Additionally, during the Fee Period,

---

[2] Pursuant to the OCP Order, the Tier 1 OCP Cap is $150,000 per month on average over a rolling three-month period. The Debtors were therefore authorized to pay up to $450,000 to Stikeman during the Fee Period pursuant to the OCP Order.

Stikeman has not received any payment or promises of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Fee Application. A certification confirming Stikeman's compliance with the Fee Guidelines is annexed hereto as **Exhibit A**.

9. These professional services were rendered by Stikeman's partners, associates and paraprofessionals from its various practice groups, including restructuring and litigation.

**Summary of Professional Compensation Requested in Excess of the Tier 1 OCP Cap**

10. During the Fee Period, Stikeman has been able to efficiently provide necessary services by utilizing the expertise of professionals and paraprofessionals within relevant practice groups to effectively advise the Debtors regarding discrete issues and ensuring that the level of seniority is commensurate with the assignment. Stikeman, in connection with services rendered on behalf of the Debtors, respectfully requests allowance of reasonable compensation of such services rendered in the total amount of US$38,999.00 for the Fee Period, which total represents the amount incurred in excess of the Tier 1 OCP Cap. Annexed hereto as **Exhibit B** a list of Stikeman Professionals and paraprofessionals, their position with the firm, the department in which the individual practices, the hourly rate charged for their services, the number of hours worked on this matter, and other pertinent information. **Exhibit C** annexed hereto is a list of the various categories and the total fees and total hours expended by subject matter category. Stikeman maintains computerized, detailed time records of services rendered by its professionals and paraprofessionals. The detailed records for this Fee Period are annexed hereto as **Exhibit E**.

**Summary of Services Rendered in Excess of the Tier 1 OCP Cap**

11. During the Fee Period, Stikeman provided professional advice and other services, involving matters related to ongoing actions in which the Debtors are co-defendants and Canadian matters related to these chapter 11 cases and the recognition proceedings in Canada

under the *Companies' Creditors Arrangement Act* ("**CCAA**"). Summaries of significant services described above are detailed below in accordance with Stikeman's internal system of project categories:

Class Actions
Fees: CAD$9,240.00, Total Hours: 8.8

- Matters related to ongoing class actions against the Debtors in Canada. Certain class actions have continued against parties unrelated to the Debtors and in which the Debtors are co-defendants.

Action of the Government of British Columbia
Fees: CAD$71,575.00, Total Hours: 79.2

- Matters related to the action commenced against the Debtors by the Province of British Columbia. The action is continuing against other co-defendants which are unrelated to the Debtors.

Restructuring Matters
Fees: CAD$578,938, Total Hours: 707.7

- Matters related to the chapter 11 cases and recognition proceedings under the CCAA before the Ontario Superior Court of Justice (Commercial List).

**Stikeman's Requested Compensation and Reimbursement in Excess of the Tier 1 OCP Cap Should Be Allowed**

12. Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code to govern the Court's award of such compensation. Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered … and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extent, and the value of such services, taking into account all relevant factors, including –
>
> (a)    the time spent on such services;
>
> (b)    the rates charged for such services;
>
> (c)    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (d)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
>
> (e)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

13.    The foregoing professional services were performed by Stikeman in an efficient manner, were necessary and appropriate to the administration of the Chapter 11 Cases, and were in the best interests of the Debtors, their estates, and other parties in interest. Compensation for the foregoing services as requested is commensurate with the complexity, importance, and nature of the problems, issues, and tasks involved. As required by the U.S. Trustee guidelines, annexed hereto as **Exhibit D** is a chart setting forth the comparative blended rates of the professionals and paraprofessionals who rendered services with a corresponding comparison of rates for professionals and paraprofessionals not involved in these chapter 11 cases.

## Notice

14.    The Debtors will provide notice of this Application in accordance with the OCP Order. The Debtors submit that no other or further notice be given.

[*Remainder of Page Left Blank Intentionally*]

WHEREFORE, Stikeman, in connection with services rendered on behalf of the Debtors, respectfully requests allowance of reasonable compensation of such services rendered in the total amount of US$38,999.00, which represents the amount incurred in excess of the Tier 1 OCP Cap for the Fee Period.

Dated:   May 1, 2020
         Toronto, Ontario

         STIKEMAN ELLIOTT LLP

         By:   */s/ David Byers*

         5300 Commerce Court West
         199 Bay Street
         Toronto, ON M5L 1B9 Canada
         Telephone: 416 869 5697
         Facsimile: 416 947 0866
         David Byers
         Ashley Taylor
         Lee Nicholson

         *Ordinary Course Professional to the Debtors and Debtors in Possession*

111726795 v5