# Exhibit A

# Certification of Compliance with Fee Guidelines

STIKEMAN ELLIOTT LLP
5300 Commerce Court West
199 Bay Street
Toronto, ON M5L 1B9 Canada
Telephone: 416 869 5697
Facsimile: 416 947 0866
David Byers
Ashley Taylor
Lee Nicholson

*Ordinary Course Professional to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | **(Jointly Administered)** |

**CERTIFICATION OF DAVID BYERS IN SUPPORT OF THE APPLICATION
OF STIKEMAN ELLIOTT LLP AS AN ORDINARY COURSE
PROFESSIONAL FOR COMPENSATION FOR SERVICES RENDERED IN
EXCESS OF THE TIER 1 OCP CAP FOR THE PERIOD FROM
SEPTEMBER 15, 2019 THROUGH NOVEMBER 30, 2019**

I, David R. Byers, hereby certify that:

1.  I am a partner at the law firm of Stikeman Elliott LLP ("**Stikeman**"), located at 5300 Commerce Court West, 199 Bay Street, Toronto, ON M5L 1B9, Canada. I am familiar

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

with the work performed on behalf of the above-captioned debtors and debtors in possession ("**Debtors**") by Stikeman.

2. I have reviewed the *Application of Stikeman Elliott LLP as an Ordinary Course Professional for Compensation for Services Rendered in Excess of the Tier 1 OCP Cap for the Period from September 15, 2019 Through November 30, 2019* (the "**Application**") to certify to certain matters addressed in the (i) *Order Authorizing Debtors to Employ Professionals Used in the Ordinary Course of Business* Nunc Pro Tunc *to the Petition Date* [ECF No. 548] (the "**OCP Order**"), (ii) Rule 2016-1 of the Local Rules of Bankruptcy Procedure, incorporating the *Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York Bankruptcy Cases* [General Order M-447], among other guidelines (the "**Local Guidelines**"), and (iii) The United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases effective as of November 1, 2013 (the "**U.S. Trustee Guidelines,**" and together with Local Guidelines, the "**Fee Guidelines**").[2] The Application covers the period September 15, 2019 through November 30, 2019 (the "**Fee Period**").

3. To the best of my knowledge, information and belief, the statements contained in the foregoing Application are true and accurate in all material respects and comply with the Fee Guidelines in material part. Stikeman responds to the questions identified in the U.S. Trustee Guidelines as follows:

> Question 1: Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees, or terms for services pertaining to this engagement that were provided during the application period? If so, please explain.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the OCP Order.

111726795 v5            A-3

Answer: We agreed to the Debtors' standard billing guidelines.

Question 2: If the fees sought in the Application as compared to the fees budgeted for the time period covered by the Application are higher by 10% or more, did you discuss the reasons for the variation with the client?

Answer: N/A

Question 3: Have any of the professionals included in the Application varied their hourly rate based on geographic location of the bankruptcy case?

Answer: No.

Question 4: Does the Application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices?

Answer: No.

Question 5: Does the Application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify hours and fees.

Answer: No.

Question 6: Did the Application include any rate increases since retention in these cases:

Answer: No.

Question 7: Did the client agree when retaining Stikeman to accept all future rate increases? If not, did Stikeman inform the client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11-458?

Answer: N/A

Dated:   May 1, 2020
              Toronto, Ontario

By:   */s/ David Byers*
       David R. Byers
       Partner
       Stikeman Elliott LLP