# Exhibit C

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.,** *et al.,* | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

**DECLARATION OF DAVID M. KLAUDER IN SUPPORT OF APPLICATION OF FEE
EXAMINER, PURSUANT TO SECTION 327(a) OF THE BANKRUPTCY CODE,
BANKRUPTCY RULE 2014, AND LOCAL BANKRUPTCY RULES 2014-1 AND 2016-1,
FOR THE ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND
EMPLOYMENT OF BIELLI & KLAUDER LLC AS COUNSEL
TO THE FEE EXAMINER, *NUNC PRO TUNC* TO THE APPOINTMENT DATE**

In accordance with Bankruptcy Rule 2014 and the Guidelines for Reviewing Applications

for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys

in Larger Chapter 11 Cases (the "U.S. Trustee Guidelines"), I, David M. Klauder, Esquire ("Fee

Examiner"), hereby state as follows:

1.      I am an attorney and counselor at law, admitted to practice law, and in good

standing, in the States of Pennsylvania, Delaware and Virginia.

2.      I am a partner at the law firm of Bielli & Klauder, LLC ("Bielli & Klauder"), 1204

N. King Street, Wilmington, Delaware 19801.

3.      On September 15, 2019 and September 16, 2019 (the "Petition Date"), the Debtors

commenced voluntary cases under chapter 11 of the Bankruptcy Code in the United States

Bankruptcy Court for the Eastern District of Pennsylvania (the "Court").

---

1 The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's registration number in the
applicable jurisdiction are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal
Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium
Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill
Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue
Pharmaceutical Products L.P. (3092), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805),
Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes
Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC
Pharma Inc. (4014).    The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser
Boulevard, Stamford, CT   06901.

4.      On April 8, 2020 (the "Appointment Date"), the Court entered the *Order Authorizing Appointment of Independent Fee Examiner Pursuant to 11 U.S.C. § 105(a) and Modifying Interim Compensation Procedures for Certain Professionals Employed Pursuant to 11 U.S.C. 3 2 7* [Docket No. 1023] (the "Fee Examiner Order").   The Fee Examiner Order directed the U.S. Trustee to appoint David M. Klauder to serve as the Fee Examiner in these cases.

5.      As such, in conjunction with my appointment, I have requested that the Application to employ and retain Bielli & Klauder as my counsel in these cases (the "Application").

6.      I believe that, based upon Bielli & Klauder's expertise in cases such as these, it would be cost effective for me to retain Bielli & Klauder as my counsel in this matter, and that Bielli & Klauder is well qualified to represent him generally, including, without limitation, in these proceedings.   Bielli & Klauder has extensive experience and knowledge in the field of debtors' and creditors' rights, sale transactions, business reorganizations, restructurings, and liquidations under chapter 11 of the Bankruptcy Code.

7.      In addition, Bielli & Klauder has served as counsel to me in my capacity as a fee examiner in the following large chapter 11 cases, all of which were filed in the United States Bankruptcy Court for the District of Delaware: *In re Paragon Offshore plc, et al.* chapter 11 cases (Lead Case No. 16-10386 (CSS)), *Prospector Offshore Drilling S.à r.l., et al.* chapter 11 cases (Lead Case No. 17-11572 (CSS)), *Drone LC, Inc. (f/k/a Lily Robotics, Inc.)* chapter 11 case (Case No. 17-10426), and *In re TerraVia Holdings, Inc., et al.* chapter 11 cases (Lead case No. 17-11655 (CSS)); *In re Aerogroup International Inc., et al.* chapter 11 cases (Lead Case No. 17-11962 (KJC)); *In re Forever 21, Inc., et al.* chapter 11 cases (Lead Case No. 19-12122 (MFW)).

8.      As compensation for both Bielli & Klauder and myself, I determined that a flat fee structure with a monthly, fixed rate would be the most cost-effective compensation structure in these cases.   I researched fee examiner compensation structures in other large chapter 11 cases

throughout the country.    I also reviewed the estimated fees and costs that would be incurred on

an hourly basis in these cases.    Based on this research and review, I determined that the fee

structure proposed here is appropriate and reasonable.    I also believe that the flat fee structure will

provide cost certainty for the Debtors while I perform my duties as the Fee Examiner in these cases.

     9.     The proposed fee structure is as follows:

     a.     Flat Fee of $55,000 per month for the term of this engagement;

     b.     An additional, initial one-time fee of $125,000 to cover the immediate
review of professionals' First Interim Fee Applications, which were
approved by the Court on an interim basis, but the 20% holdback was not
approved subject to the Fee Examiner's review of these fee applications[2].

     10.     As noted, the flat fees will cover the compensation and expenses for the Fee

Examiner and the professionals at Bielli & Klauder.    In addition, the flat fee will cover the costs

of Legal Decoder, Inc. ("Legal Decoder"), whose data analytics software the Fee Examiner will

use to assist in performing his analysis during this case.    Legal Decoder will charge Bielli &

Klauder the amount of $24,7500 per month for the use of its software during this case.    In

addition, with respect to the one-time fee of $125,000 for the first interim fee application review,

Legal Decoder will charge Bielli & Klauder the amount of $56,250 for the use of its software for

this period.

     11.     The flat fee compensation does not include:

     a.     Travel and related expenses for anyone other than the Fee Examiner
necessary for any court appearance requested by any party other than the

---

2  The Fee Examiner is committed to performing an expeditious review of the First Interim Fee Applications, and
will commit to completing such review within sixty (60) days of a professional's submission to the Fee Examiner
and Bielli & Klauder of electronic fee data (i.e. LEDES format) for the relevant time period.    Because of the
significant amount of work this will entail for these 60 days, including the continued review of fee applications that
are filed in this case, the Fee Examiner insists on the additional fee to complete this review.

Fee Examiner;

b.      Time spent by the Fee Examiner or anyone employed by the Fee Examiner which relates to responding to discovery requests of any type, or for any testimony, or for the preparation or of either. If such activities arise in the course of the fee examiner's appointment, they will be charged at the affected individual's then-currently hourly rate;

c.      Time spent by Legal Decoder's personnel for: preparation, normalization, reviewing, or manipulation of data or other information (both invoice data and professional biographical data) provided by professionals in non-LEDES format or not in compliance with data format and transfer requirements in the Fee Examiner protocol; attending (in person or telephonically) any conference, deposition, hearing or other meeting;

d.      If any of the activities covered by the preceding sub-paragraph are undertaken by Legal Decoder personnel in the course of the fee examiner's appointment, Legal Decoder will bill their time monthly at an hourly rate ranging from $75 to $325 per hour (based on such individual's expertise), and the aggregate total added to Bielli & Klauder's monthly flat fee, amount will then be paid directly to Legal Decoder; or

e.      time and expenses of any local counsel or other professional the Fee Examiner may hire to represent him in this matter subject to the appropriate application to be brought before this Court.

12.      I believe that use of the Legal Decoder software is necessary and appropriate in these cases.   By way of example, the fee review in these cases will encompass the review of over twenty (20) professionals billing millions of dollars on a monthly basis.

13.    Bielli & Klauder has advised me that it intends to apply to the Court for compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, including sections 330 and 331, the Bankruptcy Rules, the Local Rules, the U.S. Trustee Guidelines, and any interim compensation order entered in, or otherwise applicable to, these cases.

14.    Bielli & Klauder will file the appropriate monthly fee applications and requests that the entire monthly fee paid each month upon approval of the fee application with no 20% holdback required as set forth in the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals* [Docket No. 529].    Bielli & Klauder will also file a final fee application at the time its engagement or this case is concluded.    Finally, Bielli & Klauder will maintain detailed, contemporaneous time records in six-minute intervals and provide same with its monthly fee application.    I intend to review and approve all fee applications of Bielli & Klauder prior to filing.

15.    I only interviewed BK prior to filing the Retention Application.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: May 7, 2020                    */s/ David M. Klauder*
                                      David M. Klauder