**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PURDUE PHARMA, L.P., *et al.*,[1] | ) | Case No. 19-23649 (RDD) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER PURSUANT TO RULES 2004 AND 9016 OF THE**
**FEDERAL RULES OF BANKRUPTCY PROCEDURE AUTHORIZING**
**EXAMINATIONS OF CERTAIN FINANCIAL INSTITUTIONS**

Upon the motion, dated April 7, 2020 of the Ad Hoc Group of Non-Consenting States (the "Motion")[2] for an order pursuant to Bankruptcy Rules 2004 and 9016 authorizing the examinations and discovery described therein; and the Court having jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b), as core proceedings pursuant to 28 U.S.C. § 157(b); and upon the joinder in, and statement with respect to the Motion filed by the Official Committee; and venue being proper in this District pursuant to 28 U.S.C. § 1408; and no additional notice being required except as provided herein; and upon all pleadings submitted in response to the Motion and the hearing held by the Court thereon; and, after due deliberation and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted to the extent provided herein.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. ( 6745), Greenfield Bio Ventures L.P. ( 6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Capitalized terms used not otherwise defined have the meaning set forth in the Motion.

2.  The Non-Consenting States and the Official Committee are authorized to (i) conduct an examination of, (ii) request the production of documents by (including electronically stored information), and (iii) pursuant to Fed. R. Bankr. P. 2004(c) issue subpoenas, substantially in the form attached hereto as **Exhibit A** (each, a "Subpoena"), to the Initial Financial Institutions.

3.  If, following entry of this Order, the Non-Consenting States or the Official Committee believes that an additional financial institution may have relevant data or information in respect of the topics described in the Motion, it may conduct an examination of, request the production of documents by (including electronically stored information), and issue a Subpoena to such additional financial institution (an "Additional Financial Institution" and together with the Initial Financial Institutions, the "Financial Institutions") on the following conditions: the Non-Consenting States or the Official Committee, as applicable, shall notify counsel to the Named Persons (as defined in the document requests attached to the Subpoena) of the intent to examine and serve a Subpoena on such Additional Financial Institution, and counsel to the Named Persons shall have five (5) days to indicate in writing whether it opposes such examination and, if so, on what grounds. If counsel to the Named Persons does not so indicate within five (5) days, the Non-Consenting States or the Official Committee, as applicable, may proceed with its examination and service of a Subpoena on the Additional Financial Institution without further order of the Court. If counsel to the Named Persons timely indicates its opposition, the Non-Consenting States or the Official Committee (as applicable) shall not proceed with its examination or service of a Subpoena, and the parties shall meet and confer in good faith, and if they are unable to reach agreement, they shall promptly seek a discovery conference with the Court.

4. The Non-Consenting States and/or the Official Committee shall include with any Subpoenas issued to Financial Institutions (i) a copy of the Amended Protective Order [Doc. 969] (the "Protective Order") (or any further amended protective orders entered by the Court), (ii) a copy of this Order, and (iii) a list of counsel (with contact information) for the Initial Covered Sackler Parties, the Debtors, the Official Committee, the Ad Hoc Committee, the Non-Consenting States (collectively, the "Bankruptcy Constituents"), and the Named Persons.

5. All Discovery Material (as defined in the Protective Order) produced by Financial Institutions pursuant to Subpoenas shall receive a designation as "Outside Professionals' Eyes Only" (as defined in the Protective Order), and producing Financial Institutions shall not be obligated to mark such Discovery Material with any confidentiality designations.

6. Upon receiving Discovery Material from a Financial Institution produced in response to a Subpoena (which shall be treated at all times as Outside Professionals' Eyes Only Discovery Material), outside counsel to the Non-Consenting States or the Official Committee, as applicable, shall promptly provide such produced Discovery Material to outside counsel for all Bankruptcy Constituents and counsel for the applicable Named Person(s), who shall also receive it as Outside Professionals' Eyes Only Discovery Material. Counsel for the applicable Named Person(s) shall, within 14 days of receipt of such Discovery Material, unless agreed otherwise in writing by the party who issued the Subpoena, be entitled to redact (x) Personally Identifying Information (as defined in the Protective Order), and (y) names or other identifying information of investments or specific third-party counterparties or advisors with whom or with which the Named Person has a current third-party investment, advisory or business relationship, and convey the redacted Discovery Material to counsel for the Debtors in accordance with paragraph 7 of this Order; *provided, however*, that no redactions shall be applied to the names of any persons or other

3

4843-9352-9275

entities that have been, or should have been, previously disclosed in presentations by the Initial Covered Sackler Parties (or their representatives or advisors) pursuant to the *Amended and Restated Case Stipulation Among the Debtors, the Official Committee of Unsecured Creditors and Certain Related Parties* [ECF No. 518] to the Bankruptcy Constituents on a "Professionals' Eyes Only" basis. No redaction log shall be required so long as outside counsel for all Bankruptcy Constituents have access to un-redacted copies of the applicable redacted Discovery Material. If a party believes that confidentiality designations or redactions have been applied inconsistent with this Order, all parties' rights with respect to challenges under the Protective Order are preserved.

7.    After performing any redactions permitted by this Order, counsel for the Named Person shall provide to the Debtors copies of all Discovery Material produced in response to a Subpoena ("Redacted Discovery Material") within the time periods set forth in paragraph 6. Upon receipt, the Debtors shall promptly publish such Redacted Discovery Material to their view-only platform used in these chapter 11 cases and provide view-only access to the View-Only Designees (as defined in the Protective Order) for the Bankruptcy Constituents. All such Redacted Discovery Material shall be designated, and treated by all parties as, as "Professionals' Eyes Only/Confidential Information" (as defined in the Protective Order).

8.    Any Receiving Party (as defined in the Protective Order) who is entitled to receive such Discovery Material may submit a Challenge Notice (as defined in the Protective Order) to the counsel representing the Named Person to which the Discovery Material at issue in the Challenge Notice relates. For the purposes of production by Financial Institutions pursuant to Subpoenas, such Named Person shall be considered the Producing Party (as defined in the Protective Order) for purposes of the Challenge Notice. Except as modified in this paragraph, the

provisions in paragraph 64 of the Protective Order shall apply to Challenge Notices made pursuant to this Order.

9. The Non-Consenting States, the Official Committee, or any Financial Institution or Named Person disputing a Subpoena (as applicable) shall meet and confer to attempt in good faith to resolve any disputes, but also to efficiently coordinate the issuance of, and compliance with, the Subpoenas. In furtherance of the foregoing, on a going forward basis the Debtors, the Official Committee, the Ad Hoc Committee, and the Non-Consenting States shall record all time and expenses on this discovery matter and report the aggregate sum to each other on a weekly basis and on a weekly basis discuss any cost containment issues.

10. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: White Plains, New York
      May 12, 2020                      */s/ Robert D. Drain*
                                             THE HONORABLE ROBERT D. DRAIN
                                             UNITED STATES BANKRUPTCY JUDGE

4843-9352-9275