# Exhibit A

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>**PURDUE PHARMA L.P.**, *et al.*,<br><br>Debtors. [1] | Chapter 11<br><br>Case No. 19-19-23649 (RDD)<br><br>(Jointly Administered) |

ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT
OF CORNERSTONE RESEARCH AS CONSULTANTS
FOR THE DEBTORS *NUNC PRO TUNC* TO JANUARY 14, 2020

Upon the application (the "**Application**"),[2] of Purdue Pharma L.P. and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to section 327(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Bankruptcy Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), for entry of an order authorizing the Debtors to retain Cornerstone as consultant to the Debtors with respect to the Cornerstone Services, effective *nunc pro tunc* to January 14, 2020, all as more fully set forth in the Application; and upon the declaration of Thomas O. Powell, the associate general counsel of Cornerstone Research, attached to the Application as **Exhibit C** (the "**Powell Declaration**") and the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P., Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Capitalized terms used but not defined in this Order shall have the meanings ascribed to them in the Application.

declaration of Richard Silbert, attached to the Application as **Exhibit D** (the "**Silbert Declaration**"), and this Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Application having been provided to the Notice Parties, and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and this Court having held a hearing on the Application (the "**Hearing**"); and the Court having considered the Powell Declaration and the Silbert Declaration, filed contemporaneously with the Application, and the Court having determined that the relief sought in the Application is in the best interests of the Debtors, their creditors, and all parties in interest, and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Application is approved as set forth herein.

2. The Debtors are authorized to retain Cornerstone as consultants to the Debtors with respect to the Cornerstone Services, effective *nunc pro tunc* to January 14, 2020, and Cornerstone is authorized to perform the Cornerstone Services described in the Application.

3. Cornerstone shall file fee applications for allowance of its compensation and reimbursement of its expenses with respect to services rendered in these chapter 11 cases with this Court in accordance with 11 U.S.C. §§ 330 and 331, as the case may be, and the applicable Bankruptcy Rules, Local Rules, and fee and expense guidelines and orders of this Court.

2

3. Cornerstone shall provide reasonable notice to the Debtors, the U.S. Trustee and any statutory committee appointed in these chapter 11 cases before implementing any increases in the rates set forth in the Application for professionals providing the Cornerstone Services.

4. Notwithstanding anything to the contrary in the Engagement Letter, the indemnification provisions are hereby modified and restated in its entirety as follows:

(a) All requests by Cornerstone for payment of indemnity pursuant to the Engagement Letter shall be made by means of an application (interim or final as the case may be) and shall be subject to review by the Court to ensure payment of such indemnity conforms to the terms of the Engagement Letter and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought; <u>provided, however</u>, that in no event shall Cornerstone be indemnified in the case of its own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence or willful misconduct;

(b) In the event that Cornerstone seeks reimbursement from the Debtors for reasonable attorneys' fees in connection with a request by Cornerstone for payment of indemnity pursuant to the Engagement Letter, as modified by this Order, the invoices and supporting time records from such attorneys shall be included in Cornerstone's own application (both interim and final) and such invoices and time records shall be subject to the Fee Guidelines and the approval of the Court under the standards of sections 330 and 331 of the Bankruptcy Code without regard to whether such attorney has been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code; and

(c) Cornerstone shall not be entitled to reimbursement by the Debtors for any fees, disbursements and other charges of Cornerstone's counsel other than those incurred in connection with a request of Cornerstone for payment of indemnity.

5. The limitation of liability section in paragraph 9 of the Engagement Letter is deemed to be of no force or effect with respect to the services to be provided pursuant to this Order.

3

6. Notwithstanding anything in the Application or the Engagement Letter to the contrary, if Cornerstone terminates this engagement by giving written notice to PPLP at least 7 days before the effective date of termination in accordance with Section 5 of the Engagement Letter, Cornerstone shall remain entitled to any fees accrued but not yet paid prior to such termination, subject to Court approval of (a) such termination and (b) any fees accrued and not yet paid under the Fee Guidelines, the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of the Court.

7. Notwithstanding anything in the Application or the Engagement Letter to the contrary, during the pendency of these chapter 11 cases, this Court retains exclusive jurisdiction with respect to any matters, claims, rights or disputes arising out of and/or pertaining to Cornerstone's engagement and the implementation of this Order until such jurisdiction is relinquished.

8. The relief granted herein shall be binding upon any chapter 11 trustee appointed in any of these Chapter 11 Cases or upon any chapter 7 trustee appointed in the event of a subsequent conversion of any of the Chapter 11 Cases to cases under chapter 7.

9. Notice of the Application as provided therein is good and sufficient notice of such Application and the requirements of Bankruptcy Rule 6004(h) and the Local Rules are satisfied by such notice.

10. Notwithstanding any provision in the Bankruptcy Rules to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

11. The Debtors are authorized to take all reasonable actions necessary to effectuate the relief granted in this Order in accordance with the Application.

4

12. In the event of any inconsistency between the Application and this Order, the terms of this Order shall govern.

13. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2020
       White Plains, New York

 

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

# Exhibit B

**Engagement Letter**

# Exhibit B

**Engagement Letter**

## Exhibit C

**Declaration of Thomas O. Powell**

2

# Exhibit D

**Declaration of Richard Silbert**