**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P., *et al.*,** | **Case No. 19-23649** |
| **Debtors.**[1] | **Jointly Administered** |

**DECLARATION OF RICHARD W. SILBERT IN SUPPORT OF APPLICATION OF THE DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO RETAIN AND EMPLOY CORNERSTONE RESEARCH AS CONSULTANTS FOR THE DEBTORS *NUNC PRO TUNC* TO JANUARY 14, 2020**

I, Richard W. Silbert, being fully sworn, hereby declare that the following is true to the best of my knowledge, information and belief:

1. I am Vice President, Chief Legal Strategist of Purdue Pharma L.P. ("**PPLP**" and, collectively with each of the other above-captioned debtors, the "**Debtors**" or "**Purdue**"). I have served in several legal positions for PPLP, including Vice President, Chief Litigation Counsel, and Vice President, Associate General Counsel.

2. I submit this declaration (the "**Declaration**") in support of the *Application of Debtors for Authority to Retain and Employ Cornerstone Research as Consultants for the Debtors Nunc Pro Tunc to January 14, 2020* (the "**Application**"). All capitalized terms used but not defined herein have the meanings ascribed to them in the Application.

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

3. Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge, my review of relevant documents, information provided to me by counsel, or my opinion based upon experience, knowledge, and information concerning the operations of the Debtors. If called upon to testify, I would testify competently to the facts set forth in this Declaration.

**The Debtors' Selection of Cornerstone**

4. I believe that it is critical to select consultants with care to maximize the value of the Debtors' estates, while at the same time focusing on costs to ensure that the Debtors' limited resources are being appropriately utilized.

5. The Debtors believe that they have an obligation to assess the claims against them. To effectively assess such claims and evaluate whether any agreed-upon allocation of estate assets provides a reasonable basis for the Debtors to propose a chapter 11 plan, the Debtors determined that they required the services of consultants to evaluate, advise, assist, and/or potentially provide or assist with expert testimony with respect to, among other things, and the value of the claims against Debtors in the Debtors' chapter 11 proceedings.

6. The Debtors previously employed Cornerstone from 2017 through 2019 with respect to *In Re: National Prescription Opiate Litigation* and numerous litigations filed in state courts against Purdue. By virtue of its prior engagement, Cornerstone is familiar with the issues surrounding this matter, and Cornerstone's professionals have worked closely with the Debtors' management and advisors. If the Application is approved, Cornerstone will be able to draw on its prior work and experience with the Debtors to streamline its analysis under this engagement and minimize costs to the estate. As a result, retaining Cornerstone is both efficient and cost effective.

7. The Debtors and their advisors considered a total of three firms for this role, and engaged in discussions with two, including Cornerstone. The Debtors ultimately selected Cornerstone for this role given Cornerstone's extensive knowledge and prior experience serving as consultants for the Debtors in the underlying litigation, as well as their substantial experience in claims valuation and related services. Once the Debtors selected Cornerstone, the Debtors required Cornerstone to immediately dedicate substantial efforts to understanding and evaluating potential theories of liability and damages so that the Debtors could engage in discussions with various creditor groups with the benefit of Cornerstone's expert advice and assistance without delay.

8. I believe that, because of Cornerstone's extensive experience in claims valuation and related consulting services and familiarity with the underlying litigation, the retention of Cornerstone on the terms contemplated by the Engagement Letter is in the best interest of the Debtors and their estates and all stakeholders.

**Rate Structure and Cost Supervision**

9. The Debtors and their advisors previously negotiated Cornerstone's billing rates and the other terms of the engagement for its prepetition work in connection with the underlying litigation in a competitive, arm's length process. Cornerstone has agreed to billing rates and the other terms of this engagement that are comparable to such prior prepetition rates and other terms. In addition, Cornerstone has also confirmed to the Debtors that its billing rates and the other material engagement terms are comparable to Cornerstone's standard rates and terms for non-bankruptcy engagements.

10. The Debtors understand that it is their responsibility to track their professionals' billing practices to be sure that the fees and expenses the estates pay are fair and reasonable, and

the Debtors will review the fee statements of Cornerstone and of all of the Debtors' other professionals to ensure that continues to be the case.

11. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

May 5, 2020
Weston, CT

Richard W. Silbert
Vice President, Chief Legal Strategist
Purdue Pharma L.P.
