PILLSBURY WINTHROP SHAW PITTMAN LLP
Andrew M. Troop
31 West 52nd Street
New York, New York 10019
212-858-1000

*Counsel to the Ad Hoc Group of Non-Consenting States*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | Chapter 11 |
| **PURDUE PHARMA, L.P.,** *et al.*,[1] | Case No. 19-23649 (RDD) |
| Debtors. | (Jointly Administered) |

**MEMORANDUM/STATEMENT IN SUPPORT OF**
**THE ENTRY OF AN ORDER EXTENDING THE BAR DATE**

To the Honorable Robert D. Drain, United States Bankruptcy Judge:

**I.   INTRODUCTION**

1. The Ad Hoc Group of Non-Consenting States (the "Non-Consenting States")[2] respectfully submits this Memorandum in support of extending the bar date because of the circumstances caused by COVID-19.

---

[1] The debtors in these chapter 11 cases ("Debtors" or "Purdue"), along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] California, Colorado, Connecticut, Delaware, the District of Columbia, Hawaii, Idaho, Illinois, Iowa, Maine, Maryland, Massachusetts, Minnesota, Nevada, New Hampshire, New Jersey, New York, North Carolina, Oregon, Pennsylvania, Rhode Island, Vermont, Virginia, Washington, and Wisconsin.

1

2. During the past two weeks, people from across the country submitted letters asking the Court to extend the bar date (collectively, the "Pending Requests").[3] These leaders—Harrison Cullen, Joanne Peterson, Dr. Stephen Gelfand, Edward Bisch, Barbara Van Rooyan, Cynthia Munger, Dan Schneider, Ed Vanicky, and Maryanne Frangules—have spent decades helping communities cope with the consequences of Purdue's misconduct.[4] Many of them have experienced the tragedy of the opioid crisis in their own families.[5]

3. The Non-Consenting States support the Pending Requests. Indeed, there is good cause to extend the bar date for all creditors in these cases. For the reasons further explained below, the Court should extend the bar date for *all* claims to September 30, 2020.

## II. BACKGROUND

4. On February 3, 2020, the Court established June 30, 2020, as the bar date for the filing of proofs of claim.[6] In the discussions, briefing, and hearing leading to that Order, no one considered the effects of a viral pandemic on the claims process. Then, within weeks after that Order, the COVID-19 pandemic caused a once-in-a-century disruption to life across the Nation.

5. On March 18, the Court replaced an in-person hearing with a telephonic hearing because of the danger of the virus. Court business continues telephonically, even today. By April 6, there was a stay-at-home order, or a functionally equivalent advisory or order, in every Non-

---

[3] Docket Nos. 1133, 1142, 1145, 1149, 1153, 1157, 1158, 1160, 1168.

[4] *See* Docket No. 1133 (Harrison Cullen, Researcher and Member of Prescription Addiction Intervention Now); Docket No. 1141 (Joanne Peterson, Founder and Executive Director of Learn to Cope and witness at Purdue's criminal sentencing in 2007); Docket No. 1142 (Dr. Stephen Gelfand, Founding Member of Physicians for Responsible Opioid Prescribing); Docket No. 1145 (Edward Bisch, witness at Purdue's criminal sentencing in 2007); Docket No. 1149 (Barbara Van Rooyan, witness at Purdue's criminal sentencing in 2007), Docket No. 1153 (Cynthia Munger, parent advocate); Docket No. 1157 (Dan Schneider, the pharmacist of the Netflix docuseries *The Pharmacist*); Docket. No. 1158 (Ed Vanicky, witness at Purdue's criminal sentencing in 2007); and Docket No. 1160 (Maryanne Frangules, Executive Director of the Massachusetts Organization for Addiction Recovery).

[5] *See* Docket Nos. 1141, 1145, 1149, 1153, 1157, 1158.

[6] *Order Establishing Deadlines for Filing Proofs of Claim*, Docket No. 800.

Consenting State, urging people to isolate in their homes to save lives.[7]

6.      The creditors in this case are addressing a catastrophe in which not less than 100,000 Americans are expected to die by June 1.[8] Tens of millions of people have lost their jobs.[9] Governments have appropriately focused their resources on protecting their communities in crisis. That necessarily disrupts other work.  As early as March 20, the Nation's states, cities, and counties asked the President to pause comment periods for federal rulemaking, because state and local governments were compelled to devote their attention to the pandemic.[10] The National Governors Association, National Conference of State Legislatures, the Council of State Governments, National Association of Counties, National League of Cities, the United States Conference of Mayors, Government Finance Officers Association, International City/County Management Association, and the National Association of State Auditors, Comptrollers and Treasurers wrote: "our members are facing massive challenges in responding to, and as a result of, this global pandemic."[11] Those groups, representing many creditors in this case, asked the President to extend deadlines to "allow our state and local policymakers to focus on addressing the nation's immediate pandemic response."[12] Just as commenting on regulations requires input from state and local officials, preparing appropriate proofs of claim in this case requires the attention of public servants who should be focused on the pandemic—including particularly officials responsible for public health.

---

[7]   *See* Alicia Lee, *These States Have Implemented Stay-At-Home Orders*, CNN (Apr. 7, 2020), https://www.cnn.com/2020/03/23/us/coronavirus-which-states-stay-at-home-order-trnd/index.html.

[8]   *See* Philip Bump, *Administration Estimates Appear to Show More Than 100,000 Coronavirus Deaths Before June*, Wash. Post (May 4, 2020), https://www.washingtonpost.com/politics/2020/05/04/administration-estimates-appear-show-more-than-100000-coronavirus-deaths-before-june/.

[9]   *See* Tony Romm, *3 Million Americans Filed Jobless Claims Last Week, Pushing Eight-Week Total To 36.5 million*, Wash. Post (May 14, 2020), https://www.washingtonpost.com/business/2020/05/14/unemployment-jobless-claims-coronavirus/.

[10]  *See* Letter to President Donald J. Trump, Mar. 20, 2020, at https://www.nga.org/policy-communications/letters-nga/state-and-local-government-organizations-seek-pause-on-public-comments-on-rulemaking-processes/.

[11]  *Id.*

[12]  *Id.*

3

7. For individuals, the disruption caused by the pandemic is also extraordinary. Even for those not sickened by the virus, the burden of compliance with social distancing orders is high, especially for individuals and families battling substance use disorder or in recovery.[13] Everyone is necessarily focused on dealing with health and safety first. Access to attorneys, records, and other resources for filing claims has been made more difficult, if not impossible, by the crisis.

8. The pandemic has also undermined the effectiveness of Purdue's notice plan. For example, Purdue sought to reach individual patients by distributing a "one-page notice to all prescribers of Purdue brand name medications, to be posted or provided to their patients."[14] But much of the nation has been ordered to shelter in place, and health care professionals have discouraged patients from non-emergency visits because of the danger of the virus.[15]

9. Federal and state governments have extended hundreds of other deadlines in response to COVID-19. The deadline for federal income tax returns was extended by 91 days.[16] State courts have tolled statutes of limitations.[17] Federal courts, including bankruptcy courts, are

---

[13] *See* Kelsey C. Priest, *The COVID-19 Pandemic: Practice and Policy Considerations for Patients With Opioid Use Disorder*, Health Affairs (Apr. 3, 2020), https://www.healthaffairs.org/do/10.1377/hblog20200331.557887/full/ ("People with addiction are exceptionally vulnerable to the impacts of the COVID-19 pandemic").

[14] Finegan Decl., Docket No. 719, at 32.

[15] *See* Daniel Horn, *Primary Care Is Being Devastated By COVID-19*, Stat News (Apr. 29, 2020), https://www.statnews.com/2020/04/29/save-primary-care-devastation-covid-19/ ("To prevent the spread of Covid-19, primary care and specialty care practices are actively discouraging patients from coming into the office for routine care.")

[16] *See* Treasury Department announcement, IR-2020-58, (Mar. 21, 2020), https://www.irs.gov/newsroom/tax-day-now-july-15-treasury-irs-extend-filing-deadline-and-federal-tax-payments-regardless-of-amount-owed.

[17] For example, Connecticut suspended statutes of limitations for the duration of the public health emergency. Https://jud.ct.gov/HomePDFs/Executive-Order-No-7G.pdf. The Supreme Court of Iowa tolled statutes of limitations by 76 days. Https://www.iowacourts.gov/static/media/cms/04022020_order_4CB0361DDD678.pdf. *See also* https://courts.delaware.gov/forms/download.aspx?id=120578 (Delaware); https://www.courts.state.hi.us/wp-content/uploads/2020/03/032019_scmf-20-152_In_Re_COVID-19-deadline-extension.pdf (Hawaii); https://www.mass.gov/doc/supreme-judicial-court-order-regarding-court-operations-under-the-exigent-circumstances-created/download (Massachusetts); https://www.njcourts.gov/notices/2020/n200317d.pdf?c=rvH (New Jersey), https://www.nycourts.gov/whatsnew/pdf/EO-202.8-ocr.pdf (New York); http://www.pacourts.us/assets/files/page-1305/file-8634.pdf (Pennsylvania); https://www.courts.ri.gov/Courts/SupremeCourt/SupremeExecOrders/20-04.pdf (Rhode Island).

4

extending deadlines because the pandemic has made extensions appropriate and just.[18]

## III.   ARGUMENT

10.  Prior to the bar date, the Court may grant an extension of the bar date for cause. *See* Fed. R. Bankr. P. 3003(c)(3) and 9006(b)(1).  Cause exists to extend the bar date due to the disruption caused by the COVID-19 pandemic.  Extending the bar date will ensure that creditors are provided an appropriate opportunity to file claims in this important case.  Extending the bar date also will not negatively impact ongoing mediation in this case.  It was never understood that claims would be filed before the mediation concludes.

## IV.   CONCLUSION

11.  For the foregoing reasons, the Non-Consenting States respectfully request that the Court grant the relief requested in the Pending Requests, extend the bar date for *all* creditors to September 30, 2020, and grant other relief that the Court deems just and proper.

Dated:  May 19, 2020
        New York, New York

Respectfully submitted,

PILLSBURY WINTHROP SHAW PITTMAN LLP

By:   */s/ Andrew M. Troop*
      Andrew M. Troop
      Andrew V. Alfano
      31 West 52nd Street
      New York, NY 10019
      212-858-1000
      andrew.troop@pillsburylaw.com
      andrew.alfano@pillsburylaw.com

      Jason S. Sharp, admitted *pro hac vice*
      2 Houston Center
      909 Fannin, Suite 2000
      Houston, TX 77010
      713-276-7600
      jason.sharp@pillsburylaw.com

*Counsel to the Ad Hoc Group of Non-Consenting States*

---

[18] For example, the United States Bankruptcy Court for the District of Maryland issued orders automatically extending deadlines by as many as 84 days.  Https://www.mdb.uscourts.gov/sites/default/files/AO%2020-09.pdf.

## **CERTIFICATE OF SERVICE**

I, Andrew M. Troop, hereby certify that, on May 19, 2020, I caused true and correct copies of the foregoing document to be served (i) by the Court's Case Management/Electronic Case File (CM/ECF) System to all parties who are deemed to have consented to electronic service; (ii) by email upon the parties who provided email addresses set forth in the Master Service List maintained by the Debtors in respect of these chapter 11 cases; and (iii) by email upon the chambers of the Honorable Judge Robert D. Drain (rdd.Chambers@nysb.uscourts.gov) and the Office of the United States Trustee for the Southern District of New York (Attn: Paul K. Schwartzberg, paul.schwartzberg@usdoj.gov).

/s/ *Andrew M. Troop*
Andrew M. Troop