# EXHIBIT 2

# MONITOR AGREEMENT

## Purdue Monitor Agreement

This monitor agreement (the "Agreement") dated as February __, 2020 ("Effective Date"), is entered into between Tom Vilsack ("Monitor") and Purdue Pharma L.P. ("PPLP").

## Recitals

WHEREAS, on September 15, 2019, PPLP and its direct and indirect subsidiaries and general partner (collectively, the "Debtors" or "Purdue") each commenced a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), which cases are being jointly administered under Case No. 19-23649 (the "Chapter 11 Cases");

WHEREAS, on October 11, 2019, the Bankruptcy Court entered the *Order Pursuant to 11 U.S.C. § 105(a) Granting, in Part, Motion for a Preliminary Injunction* [ECF No. 82] in a related adversary proceeding, Adv. Pro. No. 19-08289 (the "Adversary Proceeding"), pursuant to which the Debtors are subject to the Voluntary Injunction (as modified by: *Amended Order Pursuant to 11 U.S.C. § 105(a) Granting, in Part, Motion for a Preliminary Injunction* [ECF No. 89], *Second Amended Order Pursuant to 11 U.S.C. § 105(a) Granting Motion for a Preliminary Injunction* [ECF No. 105], *Third Amended Order Pursuant to 11 U.S.C. § 105(a) Granting Motion for a Preliminary Injunction* [ECF No. 115], *Fourth Amended Order Pursuant to 11 U.S.C. § 105(a) Granting Motion for a Preliminary Injunction* [ECF No. 126], *Fifth Amended Order Pursuant to 11 U.S.C. § 105(a) Granting Motion for a Preliminary Injunction* [ECF No. 132], *Sixth Amended Order Pursuant to 11 U.S.C. § 105(a) Granting Motion for a Preliminary Injunction* [ECF No. 139], and any subsequent orders of the Bankruptcy Court, each of which shall automatically be deemed part of this Agreement upon entry of such order by the Bankruptcy Court. collectively referred to as, the "Voluntary Injunction"), each of which can be found by the references identified in Appendix 1 attached hereto; and

WHEREAS, the Voluntary Injunction provides that the Debtors shall work expeditiously to retain a Monitor on the terms set forth in the Voluntary Injunction.

NOW THEREFORE, in consideration of the mutual covenants contained herein, the parties agree as follows:

## Agreement

**Appointment and Term of Monitor.** Purdue hereby appoints the Monitor to undertake those duties and responsibilities of the Monitor set forth in the Voluntary Injunction and as may hereafter be ordered by the Bankruptcy Court. All terms in this Agreement are to be interpreted in a manner consistent with the Voluntary Injunction.

The term of the Monitor shall begin on the date that this Agreement is executed by the Monitor and Purdue and shall continue until the close of the Chapter 11 Cases or such other time as the Bankruptcy Court may hereafter order.

The Monitor may terminate his appointment under this Agreement, without cause, no earlier than ninety (90) days after the receipt of written notice of termination by Purdue's General Counsel.

**Rights, Powers and Responsibilities of the Monitor.** The Monitor shall have all of the rights, powers and responsibilities set forth in Section II.H of the Voluntary Injunction as well as any other rights, powers and responsibilities as may hereafter be ordered by the Bankruptcy Court. The Monitor acknowledges and agrees that he will abide by the terms of the Voluntary Injunction as of the Effective Date, and acknowledges and agrees that any subsequent orders entered by the Bankruptcy Court relating to the Voluntary Injunction will be incorporated herein upon entry, and that the Monitor will then have all of the rights, powers, and responsibilities set forth in the Voluntary Injunction as amended by any such subsequent order.

**Agreements of Purdue.** Purdue agrees to fully, completely and promptly cooperate with the Monitor as set forth in the Voluntary Injunction. Such cooperation shall include instructing and encouraging each of its officers, directors, employees, professional advisors and consultants to carry out such acts as are necessary for the company to fulfill its agreement to cooperate.

**Monitor Compensation and Costs.** The Monitor shall serve without bond or other security and shall be compensated by Purdue for work on this engagement at a rate of **[redacted]** per hour. In addition, Purdue shall pay all reasonable out of pocket expenses reasonably incurred by the Monitor in performance of the engagement. The Monitor will submit receipts and any other back-up documentation reasonably requested by Purdue ("Expense Documentation") for any expenses for which the Monitor seeks reimbursement hereunder, and the Monitor agrees Purdue shall not be liable for any expenses for which there is no adequate Expense Documentation. Purdue will pay the Monitor within forty-five (45) days of its receipt of a correct, undisputed invoice, provided that the Monitor's compensation is subject to final approval by the Bankruptcy Court.

**Other Consultants.** The Monitor shall have the authority to employ, upon Purdue's prior written consent, such consent not to be unreasonably withheld, delayed or conditioned, and upon the Bankruptcy Court's approval, such consultants as may be necessary to carry out his responsibilities, at Purdue's cost and expense. Requests to employ consultants should be directed to Purdue's General Counsel, and will be decided upon no later than ten (10) days from their receipt. The Monitor will work in good faith with Purdue to ensure such approved consultants will follow Purdue's policies and procedures with respect to any payments remitted directly by Purdue.

**Miscellaneous.**

Standard of Performance; Representations. The Monitor will conduct business in accordance with all applicable (i) ethical code requirements, (ii) regulatory requirements, (iii) government-issued rules and guidance, including those relating to data privacy and security, and (iv) all applicable federal, state and local laws, regulations and orders. The Monitor represents and covenants that the Monitor is, and during the term of this Agreement will remain, in compliance with all applicable federal, state and local laws, regulations and orders.

Conflict of Interest.  In the event the Monitor becomes aware that he, or any consultants working under this Agreement, has or may have a conflict of interest that may affect, or could have the appearance of affecting, the Monitor or persons working with the Monitor from performing any of the duties under this Agreement, the Monitor shall promptly inform Purdue.  If the Monitor or a consultant works for, or provides services to, the federal government, whether as a full-time or part-time federal government employee or a special federal government employee or consultant, the Monitor represents by signing this Agreement that no real or apparent conflict of interest exists by entering into this Agreement with Purdue.  Except for disclosures expressly contemplated herein, the Monitor represents and warrants that he is not required to give any notice or obtain any consent from any person or entity in connection with the execution and delivery of this Agreement.

Confidentiality.  The Monitor agrees that he will promptly sign the governing Protective Order entered by the Bankruptcy Court, and that he will cause any approved consultants to sign the Protective Order, and that he and any consultants hereinafter retained will be subject to the terms of the Protective Order and any confidentiality orders that are consistent with the Protective Order.

Choice of Law.  This Agreement is governed by and construed in accordance with the laws of the State of New York (without giving effect to the principles thereof relating to conflicts of law) applicable to contracts negotiated, executed and performed entirely.

Waiver amendment modification.  This Agreement sets forth all terms of engagement between the Monitor and Purdue.  No waiver, amendment or other modification of this Agreement shall be effective unless in writing and signed by each party to be bound thereby.

Independent Contractor.  The Monitor is an independent contractor and not an agent, employee, joint venturer or partner of Purdue for income tax purposes or otherwise.  No life, casualty, or disability insurance, workers' compensation, or health, retirement or any other employment benefits shall be paid by Purdue to or for the benefit of the Monitor.

Counterparts.  This Agreement may be executed in counterparts each of which shall be considered effective as an original signature.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the Effective Date.

BY:

**PURDUE PHARMA L.P.**                                              **MONITOR**

_____                        _____
MARC L. KESSELMAN                                              TOM VILSACK
Senior Vice President,
General Counsel & Corporate Secretary

# **Appendix I**

*Order Pursuant to 11 U.S.C. § 105(a) Granting, in Part, Motion for a Preliminary Injunction* [ECF No. 82]

*Amended Order Pursuant to 11 U.S.C. § 105(a) Granting, in Part, Motion for a Preliminary Injunction* [ECF No. 89]

*Second Amended Order Pursuant to 11 U.S.C. § 105(a) Granting Motion for a Preliminary Injunction* [ECF No. 105]

*Third Amended Order Pursuant to 11 U.S.C. § 105(a) Granting Motion for a Preliminary Injunction* [ECF No. 115]

*Fourth Amended Order Pursuant to 11 U.S.C. § 105(a) Granting Motion for a Preliminary Injunction* [ECF No. 126]

*Fifth Amended Order Pursuant to 11 U.S.C. § 105(a) Granting Motion for a Preliminary Injunction* [ECF No. 132]

*Sixth Amended Order Pursuant to 11 U.S.C. § 105(a) Granting Motion for a Preliminary Injunction* [ECF No. 139]

*Seventh Amended Order Pursuant to 11 U.S.C. § 105(a) Granting Motion for a Preliminary Injunction* [ECF No. 145]

*Eighth Amended Order Pursuant to 11 U.S.C. § 105(a) Granting Motion for a Preliminary Injunction* [ECF No. 168]

*Ninth Amended Order Pursuant to 11 U.S.C. § 105(a) Granting Motion for a Preliminary Injunction* [ECF No. 175]