**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.,** *et al.,* | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

### ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF BIELLI & KLAUDER, LLC AS COUNSEL TO THE FEE EXAMINER, *NUNC PRO TUNC* TO THE APPOINTMENT DATE

Upon the application, dated May 7, 2020 (the "Application")[2] of David M. Klauder, the appointed fee examiner (the "Fee Examiner") in the above-captioned chapter 11 cases of Purdue Pharma L.P., *et al.,* (collectively, the "Debtors"), for entry of an order, pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rules 2014-1 and 2016-1, authorizing the retention and employment of Bielli & Klauder, LLC ("Bielli & Klauder") as counsel to the Fee Examiner, effective as of the Appointment Date, as more fully described in the Application, and upon consideration of the Bielli Declaration and the Fee Examiner Declaration; and this Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3092), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Capitalized terms used but not defined herein shall have meaning given to them in the Application.

157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application and the opportunity for a hearing thereon having been provided; and there being no objections to the Application, and no additional notice or a hearing being required; and this Court finding that Bielli & Klauder does not hold or represent an adverse interest to the Debtors or their estates, is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code, and that its retention is necessary and in the best interests of the Debtors' estates; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1. The Application is granted as provided herein.

2. In accordance with section 327(a) of Bankruptcy Code, the Fee Examiner is authorized to retain and employ Bielli & Klauder as his counsel, effective *nunc pro tunc*, as of the Appointment Date.

3. Bielli & Klauder shall apply for and be paid compensation and reimbursement in accordance with sections 330 and 331 of the Bankruptcy Code, as the case may be, and the applicable Bankruptcy Rules, Local Rules, and fee and expense guidelines and orders of the Court, including, without limitation, the Court's Interim Compensation Procedures Order in these cases.[3]

4. The Fee Examiner and Bielli & Klauder are authorized to take all actions they deem necessary and appropriate to effectuate the relief granted pursuant to this Order in accordance with the Application, the Bielli Declaration and the Fee Examiner Declaration.

---

[3] The Court is not at this time approving the monthly compensation proposal set forth in the Application, not having an estimate of the monthly time proposed to be spent by counsel and having some doubt that such time would materially exceed the approximately one hundred hours per month that based on the firm's average blended hourly rate would warrant the proposal's adoption.

5. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

6. The Court shall retain jurisdiction over any and all matters arising from or related to the interpretation or implementation of this Order.

Dated: White Plains, New York
       May 26, 2020                 */s/ Robert D. Drain*
                                           UNITED STATES BANKRUPTCY JUDGE