Eisenberg & Baum, LLP
Michael S. Quinn
Eric Baum
Paul A. Rachmuth
24 Union Square East, Fourth Floor
New York, New York 10003
(212) 353-8700
Counsel to the Ad Hoc Committee on Accountability

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In Re: | Chapter 11 |
| PURDUE PHARMA L.P., *et al.* [1] | Case No. 19-23649 (RDD) |
| Debtors. | (Jointly Administered) |

**LIMITED OBJECTION OF THE AD HOC COMMITTEE ON
ACCOUNTABILITY TO THE DEBTORS' MOTION FOR ENTRY OF
AN ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 501
AND FED. R. BANKR. P. 2002 AND 3003(c)(3) FOR ENTRY OF AN
ORDER (I) EXTENDING THE GENERAL BAR DATE FOR A
LIMITED PERIOD AND (II) APPROVING THE FORM AND
<u>MANNER OF NOTICE THEREOF</u>**

The Ad Hoc Committee on Accountability[2] (the "**Ad Hoc Committee**"), by its undersigned counsel, objects to the Debtors' Motion for Entry of an Order Pursuant to 11 U.S.C. §§ 105(A) and 501 and Fed. R. Bankr. P. 2002 and 3003(C)(3) for Entry of an Order (I) Extending the General

---

[1] The debtors in these chapter 11 cases ("**Debtors**" or "**Purdue**"), along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014) (collectively, the "**Bankruptcy Cases**").

[2] The Ad Hoc Committee consists of those entities or individuals set forth on the Ad Hoc Committee's Verified Statement Pursuant to Bankruptcy Rule 2019 as may be amended.

Bar Date for a Limited Period and (II) Approving the Form and Manner of Notice Thereof (the "**Motion**") to the extent set forth herein and respectfully states as follows:

1.  This Court has fixed the General Bar Date for filing claims against the Debtors' estates of Tuesday, June 30, 2020 at 5:00 p.m. The Motion seeks to extend the General Bar Date to Thursday, July 30, 2020 at 5:00 p.m.

2.  The Ad Hoc Committee agrees with the Debtors that the General Bar Date needs to be extended to allow time for additional notice to be provided to potential claimants against the Debtors' estates. However, for the reasons set forth in the Ad Hoc Committee's Memorandum of Points and Authorities, filed contemporaneously herewith (the "**Memorandum**"), the Ad Hoc Committee objects to a 30-day extension to the General Bar Date and, instead, advocates for a 90-day extension so as to give adequate time for the Debtors to provide notice to potential claimants (the "**EHR Creditors**") who were injured by the Debtors and whose names are either known by the Debtors or easily ascertained from the third-party electronic health record vendor, Practice Fusion, Inc.

3.  Further, for the reasons set forth in the Memorandum, the Ad Hoc Committee objects to the Extended Notice Plan (as such term is defined in the Motion) to the extent it does not provide actual direct notice to the EHR Creditors and inform the EHR Creditors of their potential claims against the Debtors for the harms caused to them by the Debtors participation in an illegal kickback scheme.

WHEREFORE, the Ad Hoc Committee respectfully requests this Court extend the General Bar Date for 90 days, to Monday, September 28, 2020 at 5:00 p.m., require the Debtors to provide actual direct notice to the EHR Creditors, to amend the Extended Notice Plan to provide actual notice to EHR Creditors, and inform the EHR Creditors of their potential claims against the

Debtors for the Debtors' harms caused to them by its participation in an illegal kickback scheme, and to grant such other relief as it deems just and appropriate.

Dated: May 28, 2020
      New York, NY

Respectfully Submitted,

Eisenberg & Baum, LLP

By:   <u>/s/ Michael S. Quinn</u>
      Michael S. Quinn (mq-1640)
      Eric Baum (eb-5493)
      Paul A. Rachmuth (pr-1566)
24 Union Square East, Fourth Floor
New York, New York 10003
(212) 353-8700
mquinn@eandblaw.com
prachmuth@eandblaw.com
ebaum@eandblaw.com

*Counsel to Ad Hoc Committee on Accountability*