Kevin C. Maclay, Esq. (admitted *pro hac vice*)
James P. Wehner, Esq.
Todd E. Phillips, Esq.
George M. O'Connor, Esq. (admitted *pro hac vice*)
CAPLIN & DRYSDALE, CHARTERED
One Thomas Circle, NW, Suite 1100
Washington, DC 20005

*Counsel for the Multi-State Governmental Entities Group*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>PURDUE PHARMA L.P., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 19-23649 (RDD)<br><br>(Jointly Administered) |

**THE MULTI-STATE GOVERNMENTAL ENTITIES GROUP'S**
**STATEMENT IN SUPPORT OF THE DEBTORS' MOTION FOR**
**ENTRY OF AN ORDER EXTENDING THE GENERAL BAR DATE FOR**
**A LIMITED PERIOD AND APPROVING THE FORM OF NOTICE THEREOF**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

The Multi-State Governmental Entities Group (the "**MSGE Group**"), which counts among its members hundreds of cities, counties, tribes and other governmental entities collectively representing more than sixty million individuals across the United States, respectfully submits this statement in support of the Debtors' *Motion Pursuant to 11 U.S.C. §§ 105(a) and 501 and Fed. R. Bankr. P. 2002 and 3003(c)(3) for Entry of an Order (i) Extending the General Bar Date for a Limited Period and (ii) Approving the Form and Manner of Notice Thereof* (ECF No. 1178) (the "**Motion**").

**Statement**

1. The MSGE Group joins in the Debtors' request for entry of an order authorizing a one-time, thirty (30) day extension of the General Bar Date for all claimants, from Tuesday, June 30, 2020, at 5:00 p.m. (prevailing Eastern Time)[2] to Thursday, July 30, 2020, at 5:00 p.m. (prevailing Eastern Time) (the "**30-Day Extension**").

2. Between May 7 and May 20, 2020, twelve letters were filed on this Court's docket requesting an extension of time to file claims in view of the COVID-19 pandemic. On May 19, 2020, the Ad Hoc Group of Non-Consenting States (the "**Non-Consenting States**") filed a statement on the docket seeking an extension of the General Bar Date until September 30, 2020, ninety days in total.[3]

3. The letter writers and the Non-Consenting States are correct to recognize and draw attention to the potential unfairness that would result if creditors, including both governmental and private creditors, were barred from recovery due simply to the unforeseen and unprecedented

---

[2] Per the Court's *Order (I) Establishing Deadlines for Filing Proofs of Claim and Procedures Relating Thereto, (II) Approving the Proof of Claim Forms, and (III) Approving the Form and Manner of Notice Thereof*, Feb. 3, 2020, ECF No. 800.

[3] *See Memorandum/Statement in Support of the Entry of an Order Extending the Bar Date*, May 19, 2020, ECF No. 1173.

disruption effected by COVID-19. But the MSGE Group believes that, under the circumstances present in this case, an additional 30-day period should be sufficient to address that concern, while recognizing that specific creditors will remain free to seek additional relief in the event that such relief is required in submitting proofs of claim. The Motion expressly acknowledges this. Motion ¶ 26 ("To the extent that there exists more particularized cases of hardship, there are avenues for claimants to pursue appropriate relief on an individual basis. . . .").

4. And there are countervailing concerns. As the Debtors noted in the Motion, the 30-Day Extension will bring the bar date period to 178 days, which, even in view of the complexity of this case, well exceeds such periods in other mass tort bankruptcies. Motion ¶ 28. According to the Debtors, the additional cost of notice alone will triple if the 90-day extension is granted, totaling more than two million dollars, a figure the MSGE Group has no basis to question. Motion ¶ 28.

5. Even more importantly, the MSGE Group believes that an extension of the bar date period will inevitably prolong the negotiations currently underway through the mediation process and otherwise, and that this in turn will significantly prolong the case and the accumulation of associated heavy costs thereof. It will also necessarily delay the abatement of the harms caused by the Debtors and the opioid crisis, harms that are all the more pressing given the unfortunate failure of the earlier-proposed Emergency Relief Fund to come to fruition.

6. Given the foregoing, the MSGE Group believes that the Debtors' requested 30-Day Extension strikes the appropriate balance here, and supports that extension. If circumstances change, or if additional information comes to light demonstrating good cause for a further extension, this Court will of course have the ability to further extend the period if necessary.

**Reservation of Rights**

7.      The MSGE Group reserves all of its respective rights, claims, defenses, and remedies, including, without limitation, the right to amend, modify, or supplement this Statement in accordance with applicable rules and the Court's *Second Amended Order Establishing Certain Notice, Case Management, and Administrative Procedures* (ECF No. 498).

**Conclusion**

8.      For the foregoing reasons, the MSGE Group respectfully requests that the Court grant the Debtors' requested 30-day extension of the General Bar Date for all creditors, to Thursday, July 30, 2020, at 5:00 p.m. (prevailing Eastern Time).

Dated: May 31, 2020

Respectfully submitted,

*/s/ Kevin C. Maclay*
Kevin C. Maclay, Esq. (admitted *pro hac vice*)
James P. Wehner, Esq.
Todd E. Phillips, Esq.
George M. O'Connor, Esq. (admitted *pro hac vice*)
Caplin & Drysdale, Chartered
One Thomas Circle, NW, Suite 1100
Washington, DC 20005
Tel: (202) 862-5000
Fax: (202) 429-3301
kmaclay@capdale.com
jwehner@capdale.com
jliesemer@capdale.com
tphillips@capdale.com

*Counsel for the Multi-State Governmental Entities Group*

**CERTIFICATE OF SERVICE**

      I certify that on May 31, 2020, I caused true and correct copies of the foregoing document to be served (i) by the Court's Case Management/Electronic Case File (CM/ECF) system to all parties who are deemed to have consented to electronic service; (ii) by email upon the parties who provided email addresses set forth in the Master Service List maintained by the Debtors in respect of these chapter 11 cases; and (iii) by email upon the chambers of the Honorable Judge Robert D. Drain (rdd.Chambers@nysb.uscourts.gov) and the Office of the United States Trustee for the Southern District of New York (Attn: Paul K. Schwartzberg, paul.schwartzberg@usdoj.gov).

                                                */s/ Cecilia Guerrero*
                                                Cecilia Guerrero