PILLSBURY WINTHROP SHAW PITTMAN LLP
Andrew M. Troop
31 West 52nd Street
New York, New York 10019
212-858-1000

*Counsel to the Ad Hoc Group of Non-Consenting States*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA, L.P.,** *et al.*,[1] | Case No. 19-23649 (RDD) |
| **Debtors.** | (Jointly Administered) |

**LIMITED OBJECTION OF THE NON-CONSENTING STATES
TO DEBTORS' MOTION PURSUANT TO 11 U.S.C. §§ 105(a) AND 501
AND FED. R. BANKR. P. 2002 AND 3003(c)(3) FOR ENTRY OF AN ORDER
(I) EXTENDING THE GENERAL BAR DATE FOR A LIMITED PERIOD AND (II)
APPROVING THE FORM AND MANNER OF NOTICE THEREOF**

To the Honorable Robert D. Drain, United States Bankruptcy Judge:

The Ad Hoc Group of Non-Consenting States (the "**Non-Consenting States**")[2] respectfully submits this limited objection (the "**Limited Objection**") to the *Debtors' Motion Pursuant to 11 U.S.C. §§ 105(a) and 501 and Fed. R. Bankr. P. 2002 and 3003(c)(3) for Entry of an Order (I) Extending the General Bar Date for a Limited Period and (II) Approving the Form*

---

[1] The debtors in these chapter 11 cases ("**Debtors**"), along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] California, Colorado, Connecticut, Delaware, the District of Columbia, Hawaii, Idaho, Illinois, Iowa, Maine, Maryland, Massachusetts, Minnesota, Nevada, New Hampshire, New Jersey, New York, North Carolina, Oregon, Pennsylvania, Rhode Island, Vermont, Virginia, Washington, and Wisconsin.

*and Manner of Notice Thereof* [Docket No. 1178] (the "**Motion**"). For the reasons set forth below, and in the Non-Consenting States' *Memorandum/Statement in Support of the Entry of an Order Extending the Bar Date* [Docket No. 1173] (the "**Memorandum in Support**"), which was filed in response to other requests to extend the bar date (the "**Other Requests**"),[3] the Non-Consenting States support an extension of the Bar Date, but for longer than the thirty (30) days proposed by the Debtors. Current circumstances make such a short extension insufficient and, as a result, may unfairly burden thousands of Americans, waste estate resources and taint the perception of the fairness of this process.

In further support of this Limited Objection, the Non-Consenting States state as follows:

1. On February 3, 2020, the Court established June 30, 2020 as the bar date (the "**Bar Date**") for proofs of claim (the "**Bar Date Order**").[4] The Bar Date Order authorized a widespread and, expensive, noticing process that was predicated on conditions that existed before the COVID-19 pandemic caused unparalleled disruption in the United States and around the world.

2. As set forth in more detail in the Memorandum in Support, which is incorporated herein by reference, within weeks of entry of the Bar Date Order, the assumptions on which the Bar Date Order was predicated changed radically. States issued emergency orders closing businesses and courts, extended statutes of limitations, and required residents to shelter in place, in recognition of the threat to life that the pandemic has brought with it. During this time, individuals, lawyers and legal clinic's access to medical records has been limited. Furthermore, the state agencies and various personnel responsible for providing the necessary information to prepare proofs of claim became, and continue to be, overwhelmed with addressing the COVID-19

---

[3] Docket Nos. 1133, 1141, 1142, 1145, 1149, 1153, 1157, 1158, 1160, 1168, and 1174. These requests are scheduled for hearing simultaneously with the hearing on this Motion. *See* Docket No. 1185.
[4] *Order Establishing (I) Deadlines for Filing Proofs of Claim and Procedures Relating Thereto, (II) Approving the Proof of Claim Forms, and (III) Approving the Form and Manner of Notice Thereof*, Docket No. 800.

pandemic, from providing services and developing policies to save lives, to coping with the economic fallout of the pandemic on their citizens and their own budgets, all in the context of stay-at-home orders, disruptions, and unprecedented needs.

3. Accepting that relief from the Bar Date Order is required and a uniform extension for all creditors is appropriate, the Debtors filed the Motion after receiving the Other Requests and informal requests made by, at least, the Non-Consenting States to extend the Bar Date to September 30, 2020. The Motion, however, does not go far enough. Indeed, the Debtors' offer of thirty (30) days is ephemeral at best. Even assuming, as some have suggested,[5] that much of the country will start seriously lifting restrictions in July, it is inconceivable that life, for individuals and states, will return to "normal" within the thirty (30) day extension proposed by the Debtors. The Debtors' reliance, therefore, on "hits" or "views" to justify its requested short extension misses the point, as it is the impact on creditors' ability to respond in light of an unforeseen, but very real challenge that is at issue at this time.

4. In contrast, extending the Bar Date to September 30, 2020, at least has the potential to permit life to return sufficiently to normal to enhance the likelihood that the proof of claim process will achieve its intended goals, notwithstanding the changed world since the Bar Date Order entered and the pandemic turned lives upside down. These goals include, without limitation:

   a. Providing all creditors with a fair opportunity under these unprecedented conditions to submit a meaningful proof of claim;

   b. Minimizing the likelihood of requests for additional blanket extensions of the Bar Date; and

---

[5] *See* John Haltwanger, *Trump Said the US Is Hoping to 'Hold the Death Down' From Coronavirus to a Level That Lets Things Go Back to Normal by July or August, Business Insider* (Mar. 16, 2020), https://www.businessinsider.com/coronavirus-trump-us-hoping-return-to-normal-by-july-august-2020-3.

      c.      Minimizing the foreseeable costs and expenses to the estate associated with reviewing, analyzing and objecting to late filed claims.

5.      Furthermore, extending the Bar Date to September 30 will not only add credibility to the proof of claim process, it will do so, based on the Debtors' own estimates, with a relatively small increase in the budget originally proposed to the Court, and not unduly prejudice any party. In connection with the original request for a bar date, the Debtors sought authority to spend $23,750,000 on the process. *See* Finegan Decl. ¶ 23, Docket No. 719. In the Motion and the Supplemental Declaration of Jeanne C. Finegan [Docket No. 1179] filed in support of the Motion, the Debtors report that the actual cost of its notice procedure, including its proposed thirty (30) day extension, is likely to total $24,450,000, and extending the process to September 30, will likely cost an additional approximately $1.4 million more than that. *See* Motion at ¶ 28; Finegan Suppl. Decl.¶ 23 n.16.

6.      With more than $1 billion on hand, an amount that essentially has not changed notwithstanding the legal expense of this case (*Compare* October Monthly Operating Report, Docket No. 520 *with* March Monthly Operating Report, Docket No. 1117), spending an additional $1.4 million is appropriate to enhance not only the fairness, but the perception of fairness, of this process in response to the COVID-19 pandemic. Indeed, this limited additional expense pales in comparison to the consequences to claimants and likely estate costs if the Bar Date is only extended thirty (30) days.

7.      Regarding the separate arguments raised in the Limited Objection of the Ad Hoc Committee on Accountability [Docket No. 1187], the Non-Consenting States agree that the individuals described in that Objection should receive notice.[6]

---

[6] The States' experience in the related context of data breach laws suggests that notice to affected individuals is feasible and important. *See, e.g.*, Digital Guardian, *The Definitive Guide to U.S. State Data Breach Laws*,

WHEREFORE, the Non-Consenting States requests that this Court approve the Motion, but extend the Bar Date to September 30, and not the thirty (30) days requested by the Debtors.

Dated: May 31, 2020  
      New York, New York

Respectfully submitted,

PILLSBURY WINTHROP SHAW PITTMAN LLP

By:    /s/ Andrew M. Troop  
Andrew M. Troop  
Andrew V. Alfano  
31 West 52nd Street  
New York, NY 10019  
Telephone: (212) 858-1000  
Email: andrew.troop@pillsburylaw.com  
       andrew.alfano@pillsburylaw.com

Jason S. Sharp, admitted *pro hac vice*  
2 Houston Center  
909 Fannin, Suite 2000  
Houston, TX 77010  
Telephone: (713) 276-7600  
Email: jason.sharp@pillsburylaw.com

*Counsel to the Ad Hoc Group of Non-Consenting States*

---

https://info.digitalguardian.com/rs/768-OQW-145/images/the-definitive-guide-to-us-state-data-breach-laws.pdf ("[L]egislation has been enacted by all 50 states, the District of Columbia, Puerto Rico, and the U.S. Virgin Islands that requires private entities or government agencies to notify individuals who have been impacted by security breaches that may compromise their personally identifiable information.")

## **CERTIFICATE OF SERVICE**

      I, Andrew V. Alfano, hereby certify that, on May 31, 2020, I caused true and correct copies of the foregoing document to be served (i) by the Court's Case Management/Electronic Case File (CM/ECF) System to all parties who are deemed to have consented to electronic service; (ii) by email upon the parties who provided email addresses set forth in the Master Service List maintained by the Debtors in respect of these chapter 11 cases; and (iii) by email upon the chambers of the Honorable Judge Robert D. Drain (rdd.Chambers@nysb.uscourts.gov) and the Office of the United States Trustee for the Southern District of New York (Attn: Paul K. Schwartzberg, paul.schwartzberg@usdoj.gov).

                                                /s/ *Andrew V. Alfano*
                                                Andrew V. Alfano