WHITE & CASE LLP
Southeast Financial Center, Suite 4900
200 South Biscayne Boulevard
Miami, Florida 33131
Tel: (305) 371-2700
Fax: (305) 358-5744
Thomas E Lauria (*pro hac vice*)

1221 Avenue of the Americas
New York, New York 10020
Tel: (212) 819-8200
Fax: (212) 354-8113
J. Christopher Shore
Michele J. Meises
Alice Tsier
Ashley R. Chase

*Co-Counsel for Ad Hoc Group of Individual Victims
of Purdue Pharma L.P., et al.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| PURDUE PHARMA L.P., *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

## STATEMENT OF THE AD HOC GROUP OF INDIVIDUAL VICTIMS (I) IN SUPPORT OF THE DEBTORS' MOTION FOR ENTRY OF AN ORDER EXTENDING THE GENERAL BAR DATE FOR A LIMITED PERIOD AND (II) OBJECTING TO REQUESTS FOR ENTRY OF ORDER EXTENDING BAR DATE BY NINETY DAYS

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

The Ad Hoc Group of Individual Victims (the "**Ad Hoc Group**") of Purdue Pharma L.P., *et al.* (collectively, the "**Debtors**" or "**Purdue**"), by and through its undersigned counsel, submits this statement (the "**Statement**") (i) in support of the *Debtors' Motion Pursuant to 11 U.S.C. §§ 105(a) and 501 and Federal Rules of Bankruptcy Procedure 2002 and 3003(c)(3) for Entry of an Order (I) Extending the General Bar Date for a Limited Period and (II) Approving the Form and Manner of Notice Thereof* (the "**Debtors' Motion**") [Dkt. No. 1178] and (ii) objecting to the Requests by the Ad Hoc Group of Non-Consenting States and certain individuals for a ninety (90) day extension of the General Bar Date[2] (collectively, the "**90 Day Extension Requests**").[3]

## STATEMENT IN SUPPORT OF DEBTORS' MOTION

1. The Debtors' manufacturing and misleading marketing of opioid products has caused many individuals (the "**Personal Injury Victims**") to suffer direct injuries as a result of their (or their family members') exposure to the Debtors' opioid products. The Ad Hoc Group presently speaks for more than 40,000 Personal Injury Victims (the "**AHG Personal Injury Victims**").

2. Many Personal Injury Victims are homeless or incarcerated, continue to struggle with addiction, or are unable to work or function productively in society. Under the best of circumstances, these individuals face steep challenges in accessing information regarding their right to file a proof of claim—let alone their ability to act on that information in order to properly file the proof of claim. For many, the onset of the COVID-19 pandemic has only made those challenges more daunting.

---

[2] Capitalized terms not otherwise defined herein have the meaning ascribed thereto in the Debtors' Motion.
[3] *See* Docket Nos. 1133, 1141, 1142, 1145, 1149, 1153, 1157, 1158, 1160, 1168, 1173, 1174, 1187, 1188.

2

3.  Over the last month, the Ad Hoc Group has learned, through its contacts in the addiction and recovery community, that the closures associated with the COVID-19 pandemic have prevented, or will prevent, some Personal Injury Victims from filing proofs of claim in these cases by the June 30 General Bar Date. Many Personal Injury Victims depend on libraries, community centers, and other public spaces to access information and utilize modes of communication such as e-mail. When these public spaces were ordered to close because of the pandemic, many Personal Injury Victims may have been cut off from a meaningful opportunity to learn about the process for filing proofs of claim in these chapter 11 cases, to contact and retain counsel to assist them, or to have the means to file their respective proofs of claim. Furthermore, the necessary closures of recovery houses and treatment centers have directly and adversely impacted Personal Injury Victims recovering from addiction. Indeed, opioid overdoses have increased at an alarming rate since the beginning of the pandemic, with overdose deaths in some counties now reaching numbers comparable to the height of the opioid epidemic. Some Personal Injury Victims have died, others have been hospitalized, while still others are struggling to find their next meal. By April it became clear to the Ad Hoc Group that the closures caused by the pandemic would prevent some number of Personal Injury Victims from meeting the June 30 General Bar Date and that a solution needed to be found.

4.  In the interest of finding that solution while moving these chapter 11 cases towards a speedy resolution, the Ad Hoc Group approached the Debtors in early May to discuss a targeted response.[4] The Ad Hoc Group opposed a blanket extension of the General Bar Date for all creditors, because any fixed extension, regardless of the number of days, would not address the

---

[4] Although counsel for the Ad Hoc Group will be timely filing an aggregated proof of claim on behalf of the AHG Personal Injury Victims, members of the Ad Hoc Group recognize that there may be other Personal Injury Victims who may be unable to timely file their respective proofs of claim in light of the COVID-19 pandemic.

3

main problem faced by many Personal Injury Victims: As many places remain shut down and different jurisdictions re-open at an uneven pace, some places likely would not open before any extended bar date has passed, resulting in some Personal Injury Victims remaining unable to file proofs of claim in a timely manner. As such, the Ad Hoc Group initially favored a process whereby the Debtors would retain the June 30 General Bar Date, but agree in advance, as a show of mercy, to accept late filed proofs of claim from those Personal Injury Victims who could affirm that the COVID-19 pandemic prevented them from timely filing their proofs of claim. Moreover, in the Ad Hoc Group's view, an extension of the General Bar Date for all creditors, including States, Municipalities, and corporate claimants which do not face the unique impediments faced by Personal Injury Victims, would unnecessarily delay the resolution of these chapter 11 cases.

5. After consulting with the Ad Hoc Group and other creditor constituencies, the Debtors instead proposed a one-time, thirty (30) day extension of the General Bar Date (the "**Extended General Bar Date**") for all creditors. At the same time, the Debtors agreed that they would endeavor to give appropriate consideration to the unique circumstances of Personal Injury Victims, who file proofs of claim after the Extended General Bar Date pursuant to Bankruptcy Rule 9006, and who affirm that they failed to comply with the Extended General Bar Date because of hardships occasioned by COVID-19.

6. Although a general 30 day extension was not the Ad Hoc Group's first choice, in the spirit of cooperation the Ad Hoc Group ultimately agreed to support the Debtors' proposal with the Debtors' attendant commitment to not take a hard line position with respect to late-filed claims of Personal Injury Victims affected by COVID-19. Ultimately, the "one-time, limited, thirty (30) day extension of the General Bar Date"[5] sought in the Debtors' Motion balances the need to

---

[5] Debtors' Motion ¶ 2.

4

ameliorate the Personal Injury Victims' difficulties with filing proofs of claim timely in light of the pandemic with the need to come to a speedy resolution of these chapter 11 cases so that distributions can be made to Personal Injury Victims.[6] Moreover, the Debtors' commitment to take into account the effects of the pandemic on individual late-filed claims will reduce the risk that this Court will have to resolve an unwieldy number of motions regarding late-filed claims. In short, the Ad Hoc Group requests that the Court grant the Debtors' Motion.

7. Furthermore, the Ad Hoc Group respectfully submits that a blanket ninety (90) day extension of the General Bar Date is not warranted and, therefore, the Court should deny the 90 Day Extension Requests.

8. *First*, the Non-Consenting States do not need any extension of the General Bar Date. In its memorandum/statement in support of the 90 Day Extension Requests, the Ad Hoc Group of Non-Consenting States has failed to articulate any rationale justifying why these particular States would be unable to timely file a proof of claim by the Extended General Bar Date. Notably, the rest of the States in this country have not sought to extend the General Bar Date.

9. *Second,* the Ad Hoc Group of Non-Consenting States purports to speak on behalf of Personal Injury Victims (including, by logical extension, the AHG Personal Injury Victims).[7] However, it is unclear under what authority the Ad Hoc Group of Non-Consenting States can do so.

10. *Third*, extending the General Bar Date beyond an additional 30 days actually harms the AHG Personal Injury Victims by further delaying the resolution of these cases. The speedy resolution of these chapter 11 cases is a matter of great urgency for the AHG Personal Injury

---

[6] The Ad Hoc Group believes that all creditors (including individuals) should file proofs of claim as soon as possible, and that this 30 day extension should not be taken as an open invitation for all potential claimants to delay filing their respective proofs of claim.

[7] *Memorandum/Statement in Support of the Entry of an Order Extending the Bar Date* ¶¶ 2, 7, 8.

5

AMERICAS 102894438

Victims. Now in particular, many of the AHG Personal Injury Victims live on the edge of poverty, facing risks such as the risk of eviction or of having their cars repossessed. Unlike the Non-Consenting States, the AHG Personal Injury Victims cannot afford undue delay. The Non-Consenting States ignore (and the other parties filing 90 Day Extension Requests may not be aware of) the deleterious and asymmetrical effects of a delay on Personal Injury Victims. Indeed, there is some concern here that the Non-Consenting States are seeking to use the plight of Personal Injury Victims to further the Non-Consenting States' goals of undermining settlement negotiations, thereby putting the sole source of recovery for Personal Injury Victims further out of reach.

11. As the Non-Consenting States are undoubtedly aware, these chapter 11 cases are unique insofar as they do not involve a defined creditor body consisting of prepetition funded debt and trade claims. Rather, almost the entirety of the claims pool consists of tort creditors affected by the Debtors' opioid products and conduct. Accordingly, until the Extended General Bar Date occurs, meaningful negotiations regarding allocation of estate assets amongst this unique body cannot move to closure. The Ad Hoc Group submits that the Court should not take up the invitation to provide an extension that would hinder negotiations and facilitate ever-expanding discovery and litigation.

12. For all these reasons, the Ad Hoc Group believes that it is critical that the General Bar Date not be extended beyond the 30 day Extended General Bar Date sought in the Debtors' Motion. The Extended General Bar Date is important to fostering productive negotiations among the parties, and the Ad Hoc Group looks forward to engaging with the Debtors so that discussions can progress without further delay.

AMERICAS 102894438

## **CONCLUSION**

WHEREFORE, for the reasons set forth herein, the Ad Hoc Group of Individual Victims respectfully requests that the Court (i) grant the Debtors' Motion, (ii) deny the 90-Day-Extension Requests, and (iii) grant such other and further relief as is just and proper.

Dated: May 31, 2020  
      New York, New York

WHITE & CASE LLP

By: */s/   J. Christopher Shore*

Thomas E Lauria (*pro hac vice*)  
Southeast Financial Center, Suite 4900  
200 South Biscayne Boulevard  
Miami, Florida 33131  
Tel: (305) 371-2700  
Fax: (305) 358-5744  
tlauria@whitecase.com

J. Christopher Shore  
Michele J. Meises  
Alice Tsier  
Ashley R. Chase

1221 Avenue of the Americas  
New York, New York 10020  
Tel: (212) 819-8200  
Fax: (305) 358-5744  
cshore@whitecase.com  
michele.meises@whitecase.com  
alice.tsier@whitecase.com  
ashley.chase@whitecase.com

*Co-Counsel for Ad Hoc Group of Individual Victims of Purdue Pharma L.P., et al.*

AMERICAS 102894438