DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
James I. McClammy
Eli J. Vonnegut

*Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (RDD)** |
| **Debtors.**[1] | **(Jointly Administered)** |

## LIMITED OBJECTION OF THE
## DEBTORS TO PENDING REQUESTS REGARDING EXTENSION OF THE BAR DATE

Purdue Pharma L.P. ("**PPLP**") and its affiliates that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**," the "**Company**," or "**Purdue**") submit this limited objection to the *Pending Requests Regarding Extension of the Bar Date* (the "**Letter**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717), and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

Requests" or "**Pending Requests**") submitted by certain claimants[2] (the "**Letter Request Claimants**") and the *Memorandum/Statement in Support of the Entry of an Order Extending the Bar Date* (the "**Non-Consenting States Statement**") submitted by the Ad Hoc Group of Non-Consenting States (the **"Non-Consenting States"**) and respectfully state as follows:

### Preliminary Statement

1.  The Debtors were aware of the Letter Requests and the Non-Consenting States Statement when the Debtors filed their *Motion Pursuant to 11 U.S.C. §§ 105(a) and 501 and Fed. R. Bankr. P. 2002 and 3003(c)(3) for entry of an Order (I) Extending the General Bar Date For a Limited Period and (II) Approving the Form and Manner of Notice Thereof* (May 20, 2020), Dkt. No. 1178 (the "**Bar Date Extension Motion**"). The Debtors believe that the Bar Date Extension Motion and the *Supplemental Declaration of Jeanne C. Finegan* (May 20, 2020), Dkt. No. 1179 (the "**Supplemental Finegan Declaration**"), filed contemporaneously therewith, adequately address the concerns and arguments raised in the Letter Requests and the Non-Consenting States Statement.

2.  As noted in the Bar Date Extension Motion, the Debtors believe that a one-time, thirty (30) day extension of the General Bar Date strikes the appropriate balance in the face of the unprecedented circumstances presented by the COVID-19 pandemic, the varying requests for and objections to an extension of the General Bar Date, and the need to avoid the substantial costs of delay of these chapter 11 cases. For all of the reasons set forth below, in the Bar Date Extension Motion, and in the Supplemental Finegan Declaration, the Letter Requests and the

---

[2] Harrison Cullen, Joanne Peterson, Dr. Stephen Gelfand, Edward Bisch, Barbara Von Rooyan, Cynthia Munger, Dan Schneider, Ed Vanicky, Maryanne Frangules, Barbara Farash, and Leona Nuss. *See* Dkt. Nos. 1133, 1141, 1142, 1145, 1149, 1153, 1157, 1158, 1160, 1168, 1174.

Non-Consenting States Statement, to the extent it can be construed as seeking relief, should be denied.

**Background**

3. Between May 7, 2020, and May 20, 2020, the Letter Request Claimants filed the Letter Requests requesting an extension of time to file personal injury claims for at least ninety (90) days until September 30, 2020, in light of the COVID-19 pandemic. (*See, e.g.*, Ltr. from Harrison Cullen to the Hon. Robert D. Drain Regarding Request for Extension of the Bar Date (May 7, 2020), Dkt. No. 1133; *see also* Dkt. Nos. 1141, 1142, 1145, 1149, 1153, 1157, 1158, 1160, 1168, 1174.) On May 19, 2020, despite multiple discussions with the Debtors and being fully advised that the Debtors were about to file a motion seeking to extend the bar date, the Non-Consenting States filed their "Statement" in support of the Letter Requests and a ninety (90) day extension of the General Bar Date for all creditors nineteen (19) hours before the Debtors' Bar Date Extension Motion was filed. (Non-Consenting States Statement (May 19, 2020), Dkt. No. 1173.)

4. On May 20, 2020, the Debtors filed the Bar Date Extension Motion and Supplemental Finegan Declaration. As stated therein, the Official Committee of Unsecured Creditors supports the relief requested in the Bar Date Extension Motion.

5. On May 26, 2020, the Non-Consenting States filed a notice on behalf of the Letter Request Claimants for a June 3, 2020 hearing on the Letter Requests. (Notice of Telephonic Hr'g on Requests for Entry of an Order Extending the Bar Date by Ninety Days (May 26, 2020), Dkt. No. 11185.)

**Objection**

6.     As stated, the Debtors believe that a one-time, thirty (30) day extension of the General Bar Date is reasonable and satisfies the cause standard set forth in Federal Rule of Bankruptcy Procedure 3003(c)(3) in light of the unique circumstances of these cases and the COVID-19 pandemic.  A thirty (30) day extension takes into account the various requests and will further solidify the effectiveness of the Debtors' far-reaching noticing program.  However, anything more than a one-time, thirty (30) day extension of the General Bar Date is unnecessary and risks incurring unnecessary costs and delays to the detriment of these chapter 11 cases and, ultimately, the Debtors' allowed creditors.

7.     First, as discussed in the Bar Date Extension Motion, and demonstrated in the Supplemental Finegan Declaration, the Debtors' Supplemental Notice Plan is unprecedented, broad, multifaceted, and has and will continue to provide adequate notice to all potential claimants. (Bar Date Extension Mot. ¶¶ 19-25.)  In fact, even when accounting for the impact of COVID-19, the Supplemental Notice Plan is on track to be completed on June 30, 2020, and is anticipated to outperform planned noticing across several metrics, with reach and frequency likely to exceed ninety-five (95) percent of adults in the United States with an average frequency of six (6) times, and eighty (80) percent of adults in Canada with an average frequency of three (3) times. (*Id.* ¶ 19.)  Moreover, to the extent that a thirty (30) day extension of the General Bar Date is granted, the Extended Notice Plan has been designed to ensure that potential claimants continue to receive adequate notice, including information regarding the Extended General Bar Date. (*Id.* ¶ 31.)

8.  Second, neither the Letter Requests nor the Non-Consenting States Statement assert, with any support, that adequate notice of the General Bar Date has not been provided. (*Id.* ¶ 18.) Rather, the filings take issue with the purported difficulty of filing a proof of claim. (*Id.*) However, given the ability of claimants to receive and file a proof of claim by mail, in addition to through online platforms, and submit supporting documentation or amend or supplement their claim at a later time, coupled with the simplicity of the proof of claims forms, these assertions are unfounded. (*Id.* ¶ 26.) Importantly, and as discussed below, generalized claims of difficulties cannot justify the costs to these cases of a prolonged delay.

9.  Third, with the Debtors' proposed thirty (30) day extension, the bar date period in this case will have run for 178 days, much longer than the bar date periods in other mass tort bankruptcy cases. (*Id.* ¶ 28.) As of the filing of this Limited Objection, creditors have 60 days (in the event the Debtors' thirty (30) day extension is granted) to fill in a form that the various estate fiduciaries worked hard to make as accessible as possible. A further extension simply is not warranted.

10. Finally, a ninety (90) day extension of the General Bar Date will cause the Debtors' estates to incur significant, unnecessary costs—a loss of value that negatively impacts all claimants and, ultimately, the American people. In addition to substantial administrative and professional fees paid by the estates, the Supplemental Notice Plan is on track to cost the Debtors' estates approximately $23,750,000, and a thirty (30) day extension of the notice plan is estimated to cost the Debtors' estates an additional $700,000. A ninety (90) day extension of the noticing program will likely triple that cost. (*Id.*) More importantly, however, a ninety (90) day extension could result in soft and hard costs—all to the detriment of the Debtors' stakeholders—

5

that could run into the tens of millions of dollars as a result of incremental professional fees and the risk and pressure of further delay on the Debtors' operations.

## Conclusion

For the reasons set forth above, in the Bar Date Extension Motion, and in the Supplemental Finegan Declaration, the Debtors respectfully request that the Court deny the requests to extend the bar date by ninety days and enter the Proposed Order attached to the Bar Date Extension Motion as Exhibit A, extending the General Bar Date by thirty (30) days and approving the extended notice plan described in the Supplemental Finegan Declaration.

Dated: May 31, 2020
      New York, New York

                                         */s/ James I. McClammy*
                                         DAVIS POLK & WARDWELL LLP
                                         450 Lexington Avenue
                                         New York, New York 10017
                                         Telephone: (212) 450-4000
                                         Facsimile: (212) 701-5800
                                         Marshall S. Huebner
                                         Benjamin S. Kaminetzky
                                         Timothy Graulich
                                         James I. McClammy
                                         Eli J. Vonnegut

                                         *Counsel to the Debtors*
                                         *and Debtors in Possession*