KRAMER LEVIN NAFTALIS
& FRANKEL LLP
Kenneth H. Eckstein
David E. Blabey Jr.
Rachael Ringer
1177 Avenue of the Americas
New York, NY 10036
Telephone: (212) 715-9100

GILBERT LLP
Scott D. Gilbert, admitted *pro hac vice*
Craig Litherland, admitted *pro hac vice*
Kami E. Quinn, admitted *pro hac vice*
100 New York Ave, NW, Suite 700
Washington, D.C. 20005
Telephone: (202) 772-2200

BROWN RUDNICK LLP
David J. Molton
Steven D. Pohl
7 Times Square
New York, NY 10036
Telephone: (212) 209-4800

OTTERBOURG P.C.
Melanie L. Cyganowski
Jennifer S. Feeney
230 Park Avenue
New York, NY 10169
Telephone: (212) 661-9100

*Attorneys for the Ad Hoc Committee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------X
: 
In re:                                                                              :   Chapter 11
                                                                                         :
PURDUE PHARMA L.P., *et al.*,                                      :   Case No. 19-23649 (RDD)
                                                                                         :
      Debtors.                     :   (Jointly Administered)
                                                                                         :
------------------------------------------------------------ X

**AD HOC COMMITTEE'S OBJECTION TO REQUESTS**
**TO EXTEND THE BAR DATE**

The ad hoc committee of governmental and other contingent litigation claimants (the "**Ad Hoc Committee**"), which consists of (i) ten States, (ii) the court-appointed Plaintiffs' Executive Committee in the multi-district litigation captioned *In re National Prescription Opiate Litigation*, Case No. 17-md-02804, MDL No. 2804 (N.D. Ohio) (the "**PEC**"), (iii) six political subdivisions of States, and (iv) one federally recognized American Indian tribe, hereby submits this objection (the "**Objection**") to the Debtors' Motion Pursuant to §§ 105(a) and 501 and Fed. R. Bankr. P. 2002 and 3003(c)(3) for entry of an Order (i) Extending the General Bar Date for a Limited Period and (ii) Approving the Form and Manner of Notice Thereof (the "**Debtors' Motion**") [Dkt. No. 1178] and the Non-Consenting States' Memorandum/Statement in Support of the Entry of an Order Extending the Bar Date (the "**Non-Consenting States' Statement**") [Dkt. No. 1173]. In support of the Objection, the Ad Hoc Committee respectfully states as follows:

## PRELIMINARY STATEMENT

1.    The Ad Hoc Committee members, several of whom have been at the forefront of the COVID-19 response in their respective communities, are sensitive to the unprecedented challenges imposed by the pandemic.  Indeed, for the past 11 weeks, certain Ad Hoc Committee members have been working around the clock in constructing solutions to address the various issues relating to COVID-19, and remain committed to leading the response as the country navigates these uncertain times.  The Ad Hoc Committee does not dispute that the widespread stay-at-home orders, the closures of non-essential business, and the implementation of other social distancing measures have had profound impacts on many potential claimants in these chapter 11 cases.

2.    Notwithstanding these undeniable challenges, however, the Ad Hoc Committee does not believe that a 30-day extension of the bar date is warranted.  Simply put, there is no

evidence, nor reason to believe, that the current public health crisis has prevented any material number of potential claimants from either receiving notice of the bar date or filing timely proofs of claim.  The Court entered the Bar Date Order[1] some six weeks before the first State implemented a stay-at-home order[2] and nearly all States have already begun lifting such restrictions.[3]  Even New York City, the hardest hit region in the country, has announced plans to begin a phased reopening on June 8, 2020[4] (and in advance of the June 30, 2020 bar date).  Several individuals and nonprofit organizations began filing letters (the "**Extension Request Letters**") on the docket requesting 90-day bar date extensions as early as May 7, 2020 – nearly two months before the Bar Date.  Notably though, neither the Extension Request Letters nor the Non-Consenting States' Statement argue that notice provided to date was insufficient.  Finally, the Bankruptcy Code and Rules provide the Court the necessary discretion to make individual exceptions to the finality of the Bar Date.  The targeted, individualized approach already available under the Bankruptcy Code and Rules for those claimants where an extension is specifically needed fully addresses the alleged problem.

3.  While the Ad Hoc Committee appreciates that adjustments to these chapter 11 cases have been, and will continue to be, made to address the new realities created by COVID-19, the Ad Hoc Committee also remains committed to addressing the other public health emergency that these chapter 11 cases are intended to address – the opioid crisis.  The Ad Hoc Committee is cognizant that any delay in these chapter 11 cases will not only prolong the amount of time it takes for the Debtors' estates to be deployed to abate the ongoing opioid crisis, but will leave the parties

---

[1] Capitalized terms used herein but not otherwise defined shall have the meaning ascribed to them in the Debtors' Motion.

[2] California implemented its stay at home order on March, 19, 2020.  *See* https://www.kff.org/other/slide/when-state-stay-at-home-orders-due-to-coronavirus-went-into-effect/.

[3] *See* https://www.wsj.com/articles/a-state-by-state-guide-to-coronavirus-lockdowns-11584749351.

[4] *See* https://www.nytimes.com/2020/05/29/nyregion/coronavirus-new-york-live-updates.html.

with anywhere from $700,000 to over $2 million less to accomplish that task. Thus, in light of the widespread notice that has been provided to date, the absence of any specifically-identified problems, the fact that four weeks remain before the June 30, 2020 bar date, and the costs and delay associated with the Debtors' requested extension, the Ad Hoc Committee submits that the Debtors' Motion should be denied, as should requests for even longer extensions.

## BACKGROUND

4. On February 3, 2020, this Court entered the Bar Date Order, setting the general bar date for claims to be filed in these chapter 11 cases as 5:00 p.m. (ET) on June 30, 2020.

5. On February 24, 2020, the Debtors' commenced their Supplemental Notice Plan.

6. On March 3, 2020, this Court entered the Mediation Order appointing the Honorable Layn Phillips and Mr. Kenneth Feinberg as co-mediators and requiring that the Mediation Parties participate in mediation to resolve disputes between the Non-Federal Public Claimants, on the one hand, and the Private Claimants, on the other, as to the allocation of value/proceeds available from the Debtors' estates (the "**Mediation**").

7. On March 19, 2020, California became the first state to implement a stay-at-home order, and a majority of states followed with similar stay-at-home orders and widespread social distancing measures shortly thereafter.

## OBJECTION

**A.    A Bar Date Extension is Costly and is Unlikely to Benefit Potential Claimants**

8. The Supplemental Notice Plan implemented in these cases constitutes "one of the most robust noticing in chapter 11 history." *See* Debtors' Motion ¶ 11. The Debtors have touted the success of the Supplemental Notice Plan to date, noting that it is on track to exceed its intended reach and frequency by the bar date, notwithstanding COVID-19. *See* Debtors' Motion ¶ 11.

3

Whatever its successes, however, it is undeniable that the plan has come at a substantial cost to the Debtors' estate, bearing a price tag of approximately $23,750,000. *See* Debtors' Motion ¶ 28. The Ad Hoc Committee was initially skeptical that these costs were warranted – as, indeed, was the Court. *See* Hr'g Tr., Jan. 24, 2020 at 63:1-63:4 ("It's 23 plus million dollars estimated. But I agree with all parties, including those who thought about it and had reservations about it, which I did to some extent too . . ."). Nevertheless, the Ad Hoc Committee, despite its reservations, committed to working constructively with the Debtors in implementing a bar date. Now, however, after the successful implementation of the Supplemental Notice Plan, the Debtors are seeking to expend another $700,000 – additional dollars that would not be used to address the opioid crisis – in order to extend the bar date to July 30, 2020. This dollar amount would likely be tripled in the event of a 90-day extension (as the Non-Consenting States have requested), to September 30, 2020. *See* Debtors' Motion ¶ 28.

9. While COVID-19 continues to interrupt lives across the nation, an arbitrary 30-day bar date extension does little to ease the burden on potential claimants. Notably absent from the Debtors' Motion is an explanation of how their proposed Extended Notice Plan will alleviate any COVID-19-related difficulties claimants may be facing in filing their proof of claims. In fact, the Debtors acknowledge that the notice provided to date already includes several mechanisms that assuage the difficulties caused by COVID-19, including the ability for claimants to request to receive proof of claim forms by mail in the event that they cannot access a printer. *See* Debtors' Motion ¶ 26. The additional Extended Notice Plan the Debtors are now proposing would thus be unlikely to reach any potential claimants who have not already received notice of the June 30, 2020 bar date, and does nothing to advance potential claimants' abilities to file claims.

10. During the pandemic, these chapter 11 cases have continued to progress without delay in all other respects, including, as the Debtors have acknowledged, with respect to the Mediation. *See* Hr'g Tr., Apr. 22, 2020 at 17:1-17:9 ("I very much hope that everyone in their various venues is safe and well and healthy with their families in these continuing unprecedented times . . . While many things are going on, including the mediation which is proceeding at pace . . ."). Indeed, the Mediation Parties have remained fully engaged and committed to reaching an agreed allocation – including the Non-Consenting States (notwithstanding their assertions regarding the diversion of governmental resources and disruption of other work). *See* Non-Consenting States' Statement ¶ 6. The Ad Hoc Committee is concerned that a further extension of the bar date at this point could delay the mediation to the extent that the parties need to rely on a structure that is premised on the size of the claims pool for a specific class or classes.

B.  **Other Avenues are Available to Claimants Who Cannot Meet the Bar Date**

11. The Ad Hoc Committee does not dispute that COVID-19 has interrupted the lives of *all* potential claimants in these chapter 11 cases – but certain claimants have undoubtedly been disproportionately impacted by COVID-19. Those claimants who may have unavoidable obstacles to timely filing a proof of claim have other avenues of relief. First, individual claimants may file unliquidated or estimated claims to preserve their rights, and may do so electronically or by requests for mailings, as discussed above. And the Bar Date Order provides for the ability to amend proofs of claim post-filing, if needed. If circumstances prevent a claimant from filing even an unliquidated or estimated proof of claim, that claimant may petition this Court for an extension of the bar date. The Ad Hoc Committee believes that narrowly tailored exceptions for claimants whom this Court finds meet their burden of demonstrating that an extension is warranted more appropriately addresses the COVID-19 crisis, without unduly delaying these chapter 11 cases.

5

**C.     If the Bar Date is Extended, the Extension Should Be Limited to 30 Days**

12.     The Ad Hoc Committee appreciates that the Debtors requested a 30-day extension across-the-board in an effort to balance the competing views of certain key stakeholders. If the Court ultimately finds that a bar date extension is warranted under the circumstances, the Ad Hoc Committee respectfully requests that a 30-day extension (rather than a 90-day extension) be implemented. As is, the Supplemental Notice Period will run for 148 days, which is far longer than the notice period in comparable cases. The Non-Consenting States now seek a 90-day bar date extension, which would bring the notice period to 238 days, and further delay these chapter 11 cases, diverting millions-of-dollars away from the opioid crisis which they, too, are committed to abating. Like the Debtors, the Non-Consenting States offer no explanation as to why, as many States have begun reopening and easing social distancing restrictions, a bar date extension of this duration is necessary. Any bar date extension at this juncture (especially a 90-day extension) is an unnecessary drain on estate resources.

13.     Moreover, the Debtors have indicated their desire to file a proposed plan of reorganization by the fall of 2020. The Ad Hoc Committee supports this goal, but believes it may be difficult to obtain if the universe of claimants is not fixed until September 30, 2020. Thus, the Ad Hoc Committee submits that a 90-day extension has the potential to derail these chapter 11 cases – fixing the bar date some 12 months after the initial filing – and further drain the estate to the tune of over $2,100,000. Therefore, to the extent the Court entertains any bar date extension notwithstanding the arguments set forth herein, that extension should be limited to no more than 30 days.

**CONCLUSION**

WHEREFORE, for the foregoing reasons, the Ad Hoc Committee respectfully requests that the Court deny the requests for an extension of the bar date.

Dated: May 31, 2020                    Respectfully submitted,

/s/     *Kenneth H. Eckstein*
Kenneth H. Eckstein
David E. Blabey Jr.
Rachael Ringer
KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, NY 10036
Telephone: (212) 715-9100
Email: keckstein@kramerlevin.com
       dblabey@kramerlevin.com
       rringer@kramerlevin.com

Scott D. Gilbert, admitted *pro hac vice*
Craig Litherland, admitted *pro hac vice*
Kami E. Quinn, admitted *pro hac vice*
GILBERT LLP
100 New York Ave, NW, Suite 700
Washington, D.C. 20005
Telephone: (202) 772-2200
Email: gilberts@gilberlegal.com
       litherlandc@gilbertlegal.com
       quinnk@gilbertlegal.com

David J. Molton
Steven D. Pohl
BROWN RUDNICK LLP
7 Times Square
New York, NY 10036
Telephone: (212) 209-4800
Email: dmolton@brownrudnick.com
       spohl@brownrudnick.com

Melanie L. Cyganowski
Jennifer S. Feeney
OTTERBOURG P.C.
230 Park Avenue
New York, NY 10169
Telephone: (212) 661-9100
Email: mcyganowski@otterbourg.com
       jfeeney@otterbourg.com

*Attorneys for the Ad Hoc Committee*

7