# EXHIBIT D

# DECLARATION OF DR. JENNIFER NORRELL IN SUPPORT OF MOTION BY PUBLIC SCHOOL DISTRICTS FOR AN ORDER ALLOWING THEM TO PROCEED WITH A CLASS PROOF OF CLAIM AND CERTIFYING A CLASS

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the following is true and correct:

1. My name is Dr. Jennifer Norrell. I have been the Superintendent of East Aurora Public School District 131, Kane County, Illinois, since July 1, 2018. I hold a doctorate in education, and I have more than twenty years of experience in public school administration. I have led district, state, and federal partnerships and managed numerous complex multi-year state and federal grant programs, led implementation of new teacher and student metrics, and evaluated district principals and coordinators. I taught middle school science and led curriculum teams for multiple grade levels and subjects. I also have taught university courses in assessment, curriculum, educational psychology, leadership, and research design/development.

2. As a result of my considerable experience in public school administration, I am intimately familiar with the legal issues and management concerns that public schools prioritize and how they focus their very limited resources.

3. East Aurora Public School District 131 did not receive written notice of the bar date (the "Notice of Deadlines Requiring Filing of Proofs of Claim") in these Purdue bankruptcy proceedings.

4. Until I consulted with counsel for the proposed class of public school districts, East Aurora Public School District 131 had not identified claims against the Debtors for the

cost of providing education supports and services, including special education, to students who were exposed to opioids *in utero*.

5. In particular, East Aurora Public School District 131 had not identified that it could seek to recover special education, supplemental education, and other expenses related to educating students exposed to opioids *in utero* from the Debtors. Public school districts, including East Aurora, do not have expertise in neuroscience or the developing research and literature on the impact of prenatal opioid exposure on the brain. Further, due to privacy laws, schools do not generally have access to the medical records of students (or their parents) that would identify students who were exposed to opioids before birth or were diagnosed with neonatal abstinence syndrome.

6. East Aurora Public School District 131, like other all other school districts, is preoccupied right now with contingency plans in light of COVID-19, including how and whether to open schools next fall. In addition, while I understand that public school districts' injuries from the opioid crisis are large in the aggregate, I also understand that a single district's recovery in this bankruptcy proceeding may be more modest. For these reasons, a class action proceeding that can address the claims of public school districts as a whole is needed to allow school districts, including East Aurora, to have a meaningful opportunity to share in the recovery from the Debtors' estates. As a result of these circumstances, other steps without a class action proceeding--for example, providing notice to public schools and extending the deadline for filing proofs of claim--would likely not be sufficient as a practical matter to enable the thousands of public school

districts nationwide to meaningfully learn about and effectively assert their rights as creditors in these proceedings.

_____
Dr. Jennifer Norrell    5/29/2020

## Sworn Declaration of Jesse Bacon, Ed.D.
## Superintendent of Bullitt County Public Schools

Comes the Declarant, Jesse Bacon, Ed.D., and for his sworn declaration, states as follows:

- I am the Superintendent of Bullitt County Public Schools, which serves the entirety of Bullitt County, Kentucky;

- Bullitt County Public Schools did not receive written notice of the bar date in the Purdue bankruptcy;

- Prior to consulting with counsel for the proposed class of public school districts, Bullitt County Public Schools had not identified claims against the Debtors for the cost of providing special education services to students who were exposed to opioids *in utero*;

- In particular, Bullitt County Public Schools had not identified recovery of increased special education, supplemental education and other funding due to the effects on students of exposure to opioids *in utero* as a basis for claims against the Debtors;

- School districts, including this school district, have not had the resources or ability to identify the value and extent of such a claim because the district does not employ or retain neuroscientists, epidemiologists, or other experts qualified to make a determination of these damages to the school district;

- Because Bullitt County Public Schools is committed to providing full and complete special education services to all students based on need and regardless of the cause, coupled with privacy laws, this district has not accessed students' birth records to identify particular students born with neonatal abstinence syndrome;

- Bullitt County Public Schools, like other school districts, is fully consumed at this time with contingency plans for the 2020 school year and how to open schools next fall, in light of the COVID 19 pandemic. Additionally, while I understand that public school districts' damages on this claim are large in the aggregate, there are likely significant disparities between districts around the country with regard to the impact of the expense of providing special education

and related services to children with disabilities caused or exacerbated by exposure to opioids *in utero*;

- Providing Bullitt County Public Schools, and other school districts, with a meaningful opportunity to share in the recovery from the Debtors' estates will require allowing the individual districts to proceed as a class, rather than through individual proofs of claim. Alternative relief, such as providing notice and extending the deadline for filing proofs of claim, would not provide adequate protection for each public school district's right as a creditor in these proceedings. In fact, anything less than a class claim for school districts would virtually guarantee that deserving and severely impacted districts would be left out of the recovery.

*Jesse Bacon*
Jesse Bacon, Ed.D

COMMONWEALTH OF KENTUCKY

COUNTY OF BULLITT

SUBSCRIBED AND SWORN TO before me by Jesse Bacon, this the 28th day of May, 2020.

My Commission Expires: 10/26/2020 .

*Betsy L. Owen-Nutt*
NOTARY PUBLIC   #565918



## Sworn Declaration of Larry James
## Superintendent of Martin County Public Schools

Comes the Declarant, Larry James, and for his sworn declaration, states as follows:

- I am the Superintendent of Martin County Public Schools, which serves the entirety of Martin County, Kentucky;

- Martin County Public Schools did not receive written notice of the bar date in the Purdue bankruptcy;

- Prior to consulting with counsel for the proposed class of public school districts, Martin County Public Schools had not identified claims against the Debtors for the cost of providing special education services to students who were exposed to opioids *in utero*;

- In particular, Martin County Public Schools had not identified recovery of increased special education, supplemental education and other funding due to the effects on students of exposure to opioids *in utero* as a basis for claims against the Debtors;

- School districts, including this school district, have not had the resources or ability to identify the value and extent of such a claim because the district does not employ or retain neuroscientists, epidemiologists, or other experts qualified to make a determination of these damages to the school district;

- Because Martin County Public Schools is committed to providing full and complete special education services to all students based on need and regardless of the cause, coupled with privacy laws, this district has not accessed students' birth records to identify particular students born with neonatal abstinence syndrome;

- Martin County Public Schools, like other school districts, is fully consumed at this time with contingency plans for the 2020 school year and how to open schools next fall, in light of the COVID 19 pandemic. Additionally, while I understand that public school districts' damages on this claim are large in the aggregate, there are likely significant disparities between districts around the country with regard to the impact of the expense of providing special education

and related services to children with disabilities caused or exacerbated by exposure to opioids *in utero*;

- Providing Martin County Public Schools, and other school districts, with a meaningful opportunity to share in the recovery from the Debtors' estates will require allowing the individual districts to proceed as a class, rather than through individual proofs of claim. Alternative relief, such as providing notice and extending the deadline for filing proofs of claim, would not provide adequate protection for each public school district's right as a creditor in these proceedings. In fact, anything less than a class claim for school districts would virtually guarantee that deserving and severely impacted districts would be left out of the recovery.

_____
Larry James

COMMONWEALTH OF KENTUCKY

COUNTY OF MARTIN

SUBSCRIBED AND SWORN TO before me by Larry James, this the 28th day of May, 2020.

My Commission Expires: __10/20/21__.

_____
NOTARY PUBLIC

## Sworn Declaration of Nathan Smith
## Superintendent of Hart County Public Schools

Comes the Declarant, Nathan Smith, and for his sworn declaration, states as follows:

- I am the Superintendent of Hart County Public Schools, which serves the entirety of Hart County, Kentucky;

- Hart County Public Schools did not receive written notice of the bar date in the Purdue bankruptcy;

- Prior to consulting with counsel for the proposed class of public school districts, Hart County Public Schools had not identified claims against the Debtors for the cost of providing special education services to students who were exposed to opioids *in utero*;

- In particular, Hart County Public Schools had not identified recovery of increased special education, supplemental education and other funding due to the effects on students of exposure to opioids *in utero* as a basis for claims against the Debtors;

- School districts, including this school district, have not had the resources or ability to identify the value and extent of such a claim because the district does not employ or retain neuroscientists, epidemiologists, or other experts qualified to make a determination of these damages to the school district;

- Because Hart County Public Schools is committed to providing full and complete special education services to all students based on need and regardless of the cause, coupled with privacy laws, this district has not accessed students' birth records to identify particular students born with neonatal abstinence syndrome;

- Hart County Public Schools, like other school districts, is fully consumed at this time with contingency plans for the 2020 school year and how to open schools next fall, in light of the COVID 19 pandemic. Additionally, while I understand that public school districts' damages on this claim are large in the aggregate, there are likely significant disparities between districts around the country with regard to the impact of the expense of providing special education

and related services to children with disabilities caused or exacerbated by exposure to opioids *in utero*;

- Providing Hart County Public Schools, and other school districts, with a meaningful opportunity to share in the recovery from the Debtors' estates will require allowing the individual districts to proceed as a class, rather than through individual proofs of claim. Alternative relief, such as providing notice and extending the deadline for filing proofs of claim, would not provide adequate protection for each public school district's right as a creditor in these proceedings. In fact, anything less than a class claim for school districts would virtually guarantee that deserving and severely impacted districts would be left out of the recovery.

_____
Nathan Smith

COMMONWEALTH OF KENTUCKY

COUNTY OF HART

SUBSCRIBED AND SWORN TO before me by Nathan Smith, this the 28th day of May, 2020.

My Commission Expires: 7-30-23.

_____
Chris Russell
NOTARY PUBLIC

## Sworn Declaration of David Raleigh
## Superintendent of Larue County Public Schools

Comes the Declarant, David Raleigh, and for his sworn declaration, states as follows:

- I am the Superintendent of Larue County Public Schools, which serves the entirety of Larue County, Kentucky;

- Larue County Public Schools did not receive written notice of the bar date in the Purdue bankruptcy;

- Prior to consulting with counsel for the proposed class of public school districts, Larue County Public Schools had not identified claims against the Debtors for the cost of providing special education services to students who were exposed to opioids *in utero*;

- In particular, Larue County Public Schools had not identified recovery of increased special education, supplemental education and other funding due to the effects on students of exposure to opioids *in utero* as a basis for claims against the Debtors;

- School districts, including this school district, have not had the resources or ability to identify the value and extent of such a claim because the district does not employ or retain neuroscientists, epidemiologists, or other experts qualified to make a determination of these damages to the school district;

- Because Larue County Public Schools is committed to providing full and complete special education services to all students based on need and regardless of the cause, coupled with privacy laws, this district has not accessed students' birth records to identify particular students born with neonatal abstinence syndrome;

- Larue County Public Schools, like other school districts, is fully consumed at this time with contingency plans for the 2020 school year and how to open schools next fall, in light of the COVID 19 pandemic. Additionally, while I understand that public school districts' damages on this claim are large in the aggregate, there are likely significant disparities between districts around the country with regard to the impact of the expense of providing special education

and related services to children with disabilities caused or exacerbated by exposure to opioids *in utero*;

- Providing Larue County Public Schools, and other school districts, with a meaningful opportunity to share in the recovery from the Debtors' estates will require allowing the individual districts to proceed as a class, rather than through individual proofs of claim. Alternative relief, such as providing notice and extending the deadline for filing proofs of claim, would not provide adequate protection for each public school district's right as a creditor in these proceedings. In fact, anything less than a class claim for school districts would virtually guarantee that deserving and severely impacted districts would be left out of the recovery.

_____
David Raleigh

COMMONWEALTH OF KENTUCKY

COUNTY OF LARUE

SUBSCRIBED AND SWORN TO before me by David Raleigh, this the 28th day of May, 2020.

My Commission Expires: 9-9-2023 .

_____
NOTARY PUBLIC