# EXHIBIT E

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>**PURDUE PHARMA L.P.,** *et al.,*<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 19-23649 (RDD)<br><br>(Jointly Administered) |

## ORDER CERTIFYING A CLASS

Upon the motion (the **"Motion"**) of Miami-Dade County Public Schools in Florida; Bullitt County School District, Hart County Schools, LaRue County Schools, Martin County Schools, and Owsley County School District in Kentucky; East Aurora School District 131, Thornton Township High School District 205, Thornton Fractional High School District 215, and Joliet Township High School District 204 in Illinois; and Gallup-McKinley County School District and Eunice Public Schools in New Mexico to allow them to proceed with a class proof of claim and to certify a class, and it appearing that the relief requested is in the best interests of the Debtors, their estates, and creditors;

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717), and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

and that adequate notice has been given; and that no further notice is necessary; and after due deliberation, and good and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. Pursuant to Bankruptcy Rules 9014 and 7023, the Court exercises its discretion to extend the application of Rule 23 of the Federal Rules of Civil Procedure to the class proofs of claim filed by the movants.

3. Pursuant to Rule 23(b)(1)(B) of the Federal Rules of Civil Procedure, the Court certifies a limited fund class of "all public school districts nationwide that are independent governmental entities."

4. The Court finds that the class, thus defined, satisfies the requirements of Rule 23(a)(1) through Rule (a)(4), in that: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. The questions of law or fact common to the class include:

    (a) Whether the Debtors conspired to violate RICO in the marketing and dissemination of prescription opioids;

    (b) Whether the Debtors were, or reasonably should have been, aware that

2

prescription opioids were causing an addiction epidemic among pregnant women, are highly addictive, are not proper for long-term treatment, and were being over-prescribed; and

(c) Whether the Debtors were, or reasonably should have been, aware that opioid exposure *in utero* leads to Neonatal Abstinence Syndrome (NAS) and other complications;

(d) Whether children exposed to opioids *in utero* exhibit higher rates of behavioral and emotional disorders and cognitive disabilities and disproportionately require and qualify for mandated enhanced educational services, including special education services;

(e) Whether the Debtors misrepresented that prescription opioids were not highly addictive and were in fact proper for long term use; and

(f) Whether the Debtors took reasonable steps to warn pregnant women, doctors, pharmacists, and the public of the highly addictive qualities of prescription opioids and the potentially catastrophic results of opioid use during pregnancy.

5. Pursuant to Rule 23(b)(1)(B) of the Federal Rules of Civil Procedure, the Court finds that that the Debtors' estates, including assets provided by Sackler family members, constitute a "limited fund," with an upper bound of $_____, which will be insufficient to pay all claimants' claims; that the whole of those funds will be distributed to satisfy claimants' claims; and that class members will be treated equitably among themselves. See generally, *Ortiz v. Fibreboard Corp.*, 527 U.S. 815 (1999).

6. The Court appoints the following school districts to serve as Representatives of the Class: Miami-Dade County Public Schools in Florida; Bullitt County School District, Hart County Schools, LaRue County Schools, Martin County Schools, and Owsley

3

County School District in Kentucky; East Aurora School District 131, Thornton Township High School District 205, Thornton Fractional High School District 215, and Joliet Township High School District 204 in Illinois; and Gallup-McKinley County School District and Eunice Public Schools in New Mexico.

7. The Court appoints the following lawyers as Class Counsel, after considering their: (i) work in identifying or investigating potential claims in the action; (ii) experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) knowledge of the applicable law; and (iv) resources, which they will commit to representing the class: Neil Henrichsen and Dawn Stewart of Henrichsen Siegel, PLLC; Cyrus Mehri, Steven Skalet, Joshua Karsh, and Aisha Rich of Mehri & Skalet, PLLC; Matthew Piers, Charlie Wysong, Margaret Truesdale, Emily Brown, and Mark Dym, of Hughes Socol Piers Resnick & Dym, Ltd.; Justino Petrarca of Himes, Petrarca & Fester, Chtd.; and Wayne Hogan and Leslie Goller of Terrell Hogan, P.A.

Dated: _____
       White Plains, New York

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE