AKIN GUMP STRAUSS HAUER & FELD LLP
Ira S. Dizengoff
Arik Preis
Mitchell Hurley
Sara L. Brauner
One Bryant Park
New York, New York 10036
Telephone:  (212) 872-1000
Facsimile:  (212) 872-1002

*Counsel to the Official Committee of Unsecured Creditors of Purdue Pharma L.P.,* et al.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| PURDUE PHARMA L.P., *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

**STATEMENT OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS IN SUPPORT OF DEBTORS' MOTION PURSUANT TO 11 U.S.C. §§ 105(A) AND 501 AND FED. R. BANKR. P. 2002 AND 3003(C)(3) FOR ENTRY OF AN ORDER (I) EXTENDING THE GENERAL BAR DATE FOR A LIMITED PERIOD AND (II) APPROVING THE FORM AND MANNER OF NOTICE THEREOF**

The Official Committee of Unsecured Creditors (the "Official Committee") of Purdue Pharma L.P., *et al*. (collectively, the "Debtors") in the above captioned cases (the "Chapter 11 Cases"), by and through its undersigned counsel, hereby submits this statement (the "Statement")

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014).

in support of the relief requested by the *Debtors' Motion Pursuant to 11 U.S.C. §§ 105(a) and 501 and Fed. R. Bankr. P. 2002 and 3003(c)(3) for Entry of an Order (I) Extending the General Bar Date for a Limited Period and (II) Approving the Form and Manner of Notice Thereof* [ECF No. 1178] (the "Motion")[2] and respectfully states as follows.

## STATEMENT

1. As the fiduciary for all unsecured creditors (who stand to receive the entire value of the Debtors' estates), the Official Committee is keenly aware of the variety and complexity of the claims that have been, and will continue to be, filed against the Debtors in these Chapter 11 Cases. The Official Committee, in light of its composition, is also uniquely positioned to understand the impact that the COVID-19 pandemic is having on victims of the opioid crisis.

2. The Debtors' products have caused staggering damage to the lives of millions of individuals. Unfortunately, many of these individuals—who are the most vulnerable among the Debtors' creditors—have also been disproportionately impacted by the COVID-19 pandemic, particularly those for whom electronic access to the Court's docket and claim forms may be limited during this time. In addition, numerous public and private entities, including hospitals, third party insurance providers and state and local governments, have been focused on myriad issues arising from the COVID-19 pandemic and, therefore, similarly could benefit from additional time to complete proof of claim forms and gather relevant documentation. It is because of these unprecedented circumstances and their impact on these already highly unique Chapter 11 Cases that the Official Committee supports the Debtors' request for a 30-day extension of the General

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

Bar Date, namely to ensure that *all* of the Debtors' creditors have adequate and equal opportunity to submit claims against the Debtors.[3]

3.  Prior to the filing of any request for an extension of the General Bar Date, and for the past several weeks since such filings began, the Official Committee and its advisors have spent significant time discussing among themselves, with their various creditor constituents (both public and private) and with the Debtors the impact that the COVID-19 pandemic could have on creditors' ability to timely file proofs of claim.[4] Chief among the Official Committee's concerns was how to balance protecting the rights of creditors to file proofs of claim, on the one hand, with ensuring that the trajectory, basic fairness and pace of these cases were not impacted unnecessarily by an extension of the General Bar Date, on the other.

4.  Among the possibilities discussed by the Official Committee and other parties in interest was a "surgical" approach that would extend the General Bar Date on a case-by-case basis for those creditors who could demonstrate, by sworn affidavit (perhaps on a click-through page on the proof of claim website), that they were negatively impacted by the COVID-19 pandemic in a way that merited an extension of the time to file claims. After numerous discussions with various creditor constituencies and after thoroughly analyzing the issue, however, the Official Committee came to the conclusion that requiring the holder of a late-filed claim to show that he or she was affected by the pandemic could be both overly complex and difficult to adjudicate for any claims administrator. In addition, the Official Committee recognized that many creditors whose ability

---

[3] The Official Committee does not agree with certain of the statements the Debtors have made in the Motion. Thus, and for the avoidance of doubt, the Official Committee does not support the Motion as such. Nevertheless, it is the Official Committee's belief that a limited, 30-day extension of the General Bar Date is warranted.

[4] Indeed, prior to the filing of the Motion, the Official Committee was well aware of the spectrum of views held by various creditor constituencies regarding the General Bar Date. The Official Committee's decision to support the Motion, as set forth therein, was based, in part, upon a balancing of those positions.

3

to timely file a proof of claim was most likely to be affected by the pandemic likely would also have the greatest difficulty demonstrating such impact.

5.  In keeping with its fiduciary obligation to all unsecured creditors in the Chapter 11 Cases, the Official Committee ultimately determined that a 30-day extension—for *all creditors*—struck the right balance between respecting the impact that the COVID-19 crisis has had on Purdue's opioid claimants and upholding the core chapter 11 principles noted above. The Official Committee has reviewed carefully each of the numerous filings made by creditors in respect of the General Bar Date, conferred with many of the parties in interest and endeavored to understand the rationale for the dramatic spectrum of views.[5] The vastly divergent positions—not only between public and private creditors, but also *inter se* among public and private (and sometimes even overlapping) creditor constituencies—have only solidified the Official Committee's position that a 30-day extension of the General Bar Date is the most appropriate resolution to balance the various

---

[5] From May 7, 2020 to May 20, 2020, various concerned parties filed letter briefs requesting an extension of the General Bar Date. *See* Letter from Harrison Cullen [ECF No. 1133] (requesting a 90-day extension to September 30); Letter from Joanne Peterson on behalf of Learn to Cope [ECF No. 1141] (same); Letter from Stephen G. Gelfand [ECF No. 1142] (same); Letter from Barbara Van Rooyan [ECF No. 1149] (same); Letter from Cynthia Munger, Parent Advocate for Justice [ECF No. 1153] (same); Letter from Maryanne Frangules on behalf of Massachusetts Organization for Addiction Recovery [ECF No. 1160] (same); Letter from Dan Schneider RPh [ECF No. 1157] (same); Letter from Leona Nuss [ECF No. 1174] (same); Letter from Ed Vanicky [ECF No. 1158] (requesting 90 to 180 days); Letter from Barbara Farash [ECF No. 1168] (requesting "a minimum of 90 days") (collectively, the "Letter Requests"). On May 19, 2020, the ad hoc group of non-consenting states filed the Memorandum/Statement in Support of the Entry of an Order Extending the Bar Date [ECF No. 1173] (the "Non-Consenting States" and such statement, the "Non-Consenting States' Statement"). Thereafter, three of the individuals and organizations that submitted Letter Requests joined with two other victim advocates to form an ad hoc group (the "Ad Hoc Committee on Accountability" or "AHCA") and have submitted a separate filing requesting a 90-day extension on other grounds. *See Verified Statement of the Ad Hoc Committee on Accountability Pursuant to Rule 2019 of the Federal Rules of Bankruptcy Procedure* [ECF No. 1186] at Exh. A (listing as members Barbara Van Rooyan [Letter Request at ECF No. 1149], Cynthia Munger [Letter Request at ECF No. 1153] and Nan Goldin, the founder of the PAIN organization [Letter Request at ECF No. 1133]); *Memorandum of Points and Authorities in Support of the Ad Hoc Committee on Accountability's Objection to Debtors' Motion* [ECF No. 1188] (the "AHCA Objection"). Numerous parties in interest filed statements or objections in response to the Motion as well, including the Ad Hoc Group of Individual Victims [ECF No. 1198] (the "Individual Victims Ad Hoc Group" and such statement, the "Individual Victims' Statement"), the Multi-State Governmental Entities Group [ECF No. 1196] (the "Multi-State Governmental Entities" or "MSGE" and such statement, the "MSGE Statement"), the Non-Consenting States [ECF No. 1197] (the "Non-Consenting States' Limited Objection") and the Ad Hoc Group of Governmental and Other Contingent Litigation Claimants [ECF No. 1202] (the "Consenting Ad Hoc Committee," and such objection, the "CAHC Objection").

concerns at issue, both stated and not. Indeed, the filings made in respect of the Bar Date run the gamut from objecting to any extension at all to requesting a 180-day extension. For ease of reference, a chart setting forth the position of each party is provided below.

| Party | ECF Nos. | Date | Position |
|---|---|---|---|
| Letter Requests | 1133, 1141, 1142, 1149, 1153, 1160, 1157, 1174, 1158, 1168 | 5/7/2020–5/20/2020 | General Bar Date should be extended by 90–180 days. |
| Ad Hoc Committee on Accountability | 1188 | 5/28/2020 | General Bar Date should be extended by 90 days, with additional notice requirements. |
| Non-Consenting States | 1173 (Statement) 1197 (Objection) | 5/19/2020 (Statement) 5/31/2020 (Objection) | General Bar Date should be extended by 90 days. |
| Debtors | 1178 | 5/20/2020 | General Bar Date should be extended by 30 days. |
| Official Committee | 1200 | 5/31/2020 | General Bar Date should be extended by 30 days. |
| Multi-State Governmental Entities | 1196 | 5/31/2020 | General Bar Date should be extended by 30 days |
| Individual Victims Ad Hoc Group | 1198 | 5/31/2020 | General Bar Date should be extended by 30 days, limited to personal injury victims. |
| Consenting Ad Hoc Committee | 1202 | 5/31/2020 | There should be no extension of the General Bar Date. |

6.  Admittedly, the Official Committee struggles to comprehend certain of the rationales articulated by various creditor groups—both public and private—and fears that some of the divisions reflected in the filings are rooted in issues unrelated to ensuring that *all* creditors have adequate time to file claims.

7.  For example, the Letter Requests seek extensions between 90 and 180 days, primarily on the grounds that additional time is needed for individual victims of the opioid crisis, who are also disproportionately impacted by the COVID-19 pandemic, to file claims. By contrast, the ACHA, whose members overlap in part with the authors of the Letter Requests, offer an entirely different rationale for their 90-day extension request. Specifically, the AHCA argues that the need for a 90-day extension of the General Bar Date derives primarily from the harm inflicted upon the victims of a scheme purportedly carried out by the Debtors and a third party, Practice Fusion, Inc.

("Practice Fusion") to increase sales of extended release opioids. AHCA Objection at 11. It is also worth noting that (i) the AHCA Objection is premised upon allegations that have been public knowledge for approximately four months—before the entry of the original Bar Date Order[6] and (ii) to the extent the individuals making up the ACHA had concerns regarding notice to individuals harmed by Practice Fusion, they had ample opportunity to raise these concerns with either the Debtors or the Official Committee over the past four months, but declined to do so. Moreover, the Official Committee fails to see the categorical distinction for purposes of the Bar Date Order between a consumer who took a Purdue opioid as a result of Practice Fusion and all other individuals who took Purdue opioids, such that separate notice to the former is required.[7]

8.  Next, the Individual Victims Ad Hoc Group—that speaks for more than 40,000 personal injury claimants with claims similar to those of the authors of the Letter Requests and the members of the ACHA—*opposes* the 90-day extension requested by numerous similarly situated individual creditors in favor of a shorter 30-day extension. As such, the Individual Victims Ad Hoc Group supports the Debtors' Motion, but also clearly states that **the extension should not apply to creditors other than individual personal injury victims**. *See* Individual Victims'

---

[6] *See e.g.*, Mike Spector, Tom Hals, *OxyContin Maker Purdue is 'Pharma Co X' in U.S. Opioid Kickback Probe*, Reuters, Jan. 28, 2020, available at https://www.reuters.com/article/us-purdue-pharma-investigation-opioids-e/exclusive-oxycontin-maker-purdue-is-pharma-co-x-in-us-opioid-kickback-probe-sources-idUSKBN1ZR2RY.

[7] Certain of the parties that have petitioned this Court to extend the General Bar Date have cited, among other things, perceived deficiencies in the Debtors' noticing strategy. *E.g.*, AHCA Statement at 11 ("[T]he instant Court should seize this opportunity to proactively extend and expand notice requirements."); Letter from Ed Vanicky [ECF No. 1158] ("I truly do not believe Purdue's announcing of the claims process was sufficient enough to alert the American public to the claims process."). To be clear, the Official Committee believes that the Debtors' noticing strategy—which the Official Committee and its members helped to formulate, and which is virtually unprecedented in scope and cost—has been exceedingly successful in *notifying* potential claimants of their ability to file proofs of claim in these Chapter 11 Cases. Indeed, the noticing strategy was designed to reach approximately ninety-five (95) percent of all adults in the United States at an average frequency of message exposure of six (6) times, and eighty (80) percent of all adults in Canada at an average frequency of three (3) times, and currently is on track to meet, if not exceed, these targets. See Motion ¶ 19. As such, it is not the Official Committee's position that an extension of the General Bar Date is required to provide constitutionally adequate notice to the Debtors' creditors.

Statement ¶ 8. The Official Committee disagrees with this position and submits that any extension should apply equally to all creditor constituencies.

9. The positions taken by the public-side creditors also evidence disagreements *inter se*. The Non-Consenting States believe a 90-day extension is appropriate, at least in part because individual victims of the opioid crisis may have been severely impacted by the COVID-19 pandemic. *See* Non-Consenting States' Statement ¶ 7; Non-Consenting States' Objection ¶ 2. They also argue, however, that an across-the-board extension, rather than a targeted approach that benefits only certain creditors, is most appropriate. *See id.* ¶ 11. As noted above, the Official Committee agrees that any extension of the General Bar Date should apply equally to all creditors, but has concerns regarding the interplay between the Non-Consenting States' position with respect to a 90-day extension of the General Bar Date and other statements they have made in these Chapter 11 Cases regarding how the estates' assets may ultimately be allocated.[8]

10. The MSGE, also representing the interests of governmental creditors, supports an extension of the General Bar Date, but believes that the 30-day extension favored by the Debtors and the Official Committee is most appropriate. MSGE Statement ¶ 6.

11. Finally, the Consenting Ad Hoc Committee **objects to any extension** of the General Bar Date, arguing that even a 30-day extension will delay the ongoing mediation. CAHC Statement ¶ 10. In response to this concern, the Official Committee notes that the parties in interest never intended to link the mediation to the deadline to file claims in these cases. Indeed, the

---

[8] *See, e.g.*, *The States' Notice of Public Health Information to Protect Purdue Patients* [ECF No. 630] at 7 ("Protecting patients is the highest priority because it saves lives. It is also appropriate to act because, if thousands more patients are injured and die, Purdue may face post-petition claims by States and others for administrative expense liability that wipes out assets available for existing claims."); *see also* Transcript of October 11, 2019 Hearing 122:11-17 (Counsel for the Dissenting States) ("So, Your Honor, obviously the attorney generals in our group look at this calculus with regard to economics differently than you. I think that they agree with you that whatever, in terms of dollar amounts, comes out of Purdue, or comes out of the Sacklers, will be pennies on the dollar, in terms of what is required to abate this opioid crisis.")

General Bar Date was set to occur nearly four months after the mediation commenced. Had the parties believed that the timing of the General Bar Date would somehow interfere with mediation, presumably they would have postponed all discussions until such deadline had passed (or, at the very least, would not have started the mediation in early March).

12. Critically, and notwithstanding these dramatically different views, most parties that requested an extension of the General Bar Date articulated a common goal: to ensure that the victims of the opioid crisis—*i.e.*, those harmed by the Debtors' products—have an adequate opportunity to file proofs of claim, and thereby safeguard a complete, fair and transparent process.[9] The Official Committee finds this commonality encouraging. This objective, however, must go hand in hand with ensuring that all claimants are compensated appropriately for their claims and damages, which requires that these cases continue to move forward towards a hopeful consensual resolution. As such, the Official Committee believes that a 30-day extension of the General Bar Date is sufficient to provide all creditors with adequate time to submit claims, while also ensuring that these highly complex Chapter 11 Cases are conducted fairly and continue at pace so that the value of the estates is distributed to creditors as expeditiously as possible. This is particularly true in light of the Extended Notice Program, which is designed to give all parties who may not have had access to the proof of claim form over the past few months an opportunity to submit a claim,

---

[9] *See, e.g.*, Motion ¶ 17 (quoting remarks by the Court regarding the importance of "know[ing] who the individuals are who say they have a material claim") (internal alterations omitted); Letter from Harrison Cullen [ECF No. 1133] ("Those who use drugs or are in recovery are the primary stakeholders in this bankruptcy case, and their particular circumstances must be considered."); Non-Consenting States' Statement ¶ 7 ("Even for those not sickened by the virus, the burden of compliance with social distancing orders is high, especially for individuals and families battling substance use disorder or in recovery. . . . Access to attorneys, records, and other resources for filing claims has been made more difficult, if not impossible, by the crisis."); Individual Victims' Statement ¶ 2 ("Many Personal Injury Victims are homeless or incarcerated, continue to struggle with addiction, or are unable to work or function productively in society. Under the best of circumstances, these individuals face steep challenges in accessing information regarding their right to file a proof of claim—let alone their ability to act on that information in order to properly file the proof of claim. For many, the onset of the COVID-19 pandemic has only made those challenges more daunting.").

while also reminding all parties who had previously intended to file claims of a deadline that—justifiably—could have slipped their minds as they attempt to grapple with the devastating convergence of the COVID-19 pandemic and the alleged harm inflicted upon them by the Debtors and their shareholders.

13. Therefore, in view of the foregoing, the Official Committee supports the Debtors' request for entry of an order authorizing a 30-day extension of the General Bar Date for all creditors, as both reasonable in light of the unprecedented facts and circumstances of these Chapter 11 Cases and an appropriate middle ground among the starkly divided creditor constituencies.

## CONCLUSION

14. For the foregoing reasons, and without adopting any specific positions asserted in the Motion, the Official Committee respectfully requests that the Motion be granted. The Official Committee also reserves all rights with respect to the Motion, including the right to amend or supplement this Statement, submit additional briefing, participate in any discovery and be heard at any hearing related to the Motion.

[*Remainder of Page Intentionally Left Blank*]

| | |
|---|---|
| Dated: New York, New York<br>June 2, 2020 | AKIN GUMP STRAUSS HAUER & FELD LLP<br><br>By: /s/ *Arik Preis*<br>Ira S. Dizengoff<br>Arik Preis<br>Mitchell Hurley<br>Sara L. Brauner<br>One Bryant Park<br>New York, New York 10036<br>Tel: (212) 872-1000<br>Fax: (212) 872-1002<br>idizengoff@akingump.com<br>apreis@akingump.com<br>mhurley@akingump.com<br>sbrauner@akingump.com<br><br>*Counsel to the Official Committee of Unsecured Creditors of Purdue Pharma L.P.,* et al. |