KRAMER LEVIN NAFTALIS & FRANKEL LLP
Kenneth H. Eckstein
Rachael Ringer
David E. Blabey Jr.
1177 Avenue of the Americas
New York, NY 10036
Telephone: (212) 715-9100

GILBERT LLP
Scott D. Gilbert (admitted *pro hac vice*)
Craig Litherland (admitted *pro hac vice*)
Kami E. Quinn (admitted *pro hac vice*)
100 New York Ave, NW, Suite 700
Washington, D.C. 20005
Telephone: (202) 772-2200

BROWN RUDNICK LLP
David J. Molton
Steven D. Pohl (admitted *pro hac vice*)
7 Times Square
New York, NY 10036
Telephone: (212) 209-4800

OTTERBOURG P.C.
Melanie L. Cyganowski
Jennifer S. Feeney
230 Park Avenue
New York, NY 10169
Telephone: (212) 661-9100

*Attorneys for the Ad Hoc Committee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------X
|                                            | :  |                          |
|--------------------------------------------|----|--------------------------|
| In re:                                     | :  | Chapter 11               |
|                                            | :  |                          |
| PURDUE PHARMA L.P., *et al.*,              | :  | Case No. 19-23649 (RDD)  |
|                                            | :  |                          |
|                    Debtors.[1]             | :  | (Jointly Administered)   |
|                                            | :  |                          |
-----------------------------------------------------------------X

### AD HOC COMMITTEE'S STATEMENT WITH RESPECT TO THE AMENDED MOTION OF DEBTORS FOR AUTHORIZATION TO ENTER INTO FUNDING AGREEMENT

The ad hoc committee of governmental and other contingent litigation claimants (the "**Ad Hoc Committee**"), which consists of (i) ten States, (ii) the court-appointed Plaintiffs' Executive

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

Committee (the "**PEC**") in the multi-district litigation captioned *In re National Prescription Opiate Litigation*, Case No. 17-md-02804, MDL No. 2804 (N.D. Ohio) (the "**MDL**"), (iii) six counties, cities, parishes or municipalities, and (iv) one federally recognized American Indian Tribe,[2] hereby submits this statement in response to the *Amended Motion of the Debtors for Authorization to Enter into Funding Agreement* (the "**Amended Motion**") [Dkt. No. 1249],[3] and respectfully states as follows:

## STATEMENT

1.      The Ad Hoc Committee supports the relief requested in the Amended Motion, as limited and revised (with all rights regarding future funding requests by the Debtors or any post-emergence entity expressly reserved).  When the Debtors originally filed the motion seeking authority to enter into the Funding Agreement, the Ad Hoc Committee had a number of questions, some concerns, and substantial diligence to conduct.  As an important part of that diligence, the Ad Hoc Committee reviewed an analysis performed by an expert regarding the merits of the development of OTC naloxone, and both the members and professionals of the Ad Hoc Committee interviewed this expert regarding his findings and recommendations.  The Ad Hoc Committee found the views of this expert helpful, with the expert ultimately determining that there could be promising, public benefits from the development of OTC naloxone.  Nevertheless, the Ad Hoc Committee still had concerns about the breadth of the original relief requested, as well as certain terms of the Funding Agreement.  Through negotiations, the relief was more narrowly tailored (now limited to just the first two milestone payments for a total of $6.5 million, with any suggestion of other fees, charges, and covered expenses eliminated), reporting to the Ad Hoc Committee and

---

[2] The members of the Ad Hoc Committee are set forth in the statement filed at Dkt. No. 279 (the "**AHC 2019**").

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Amended Motion.

other case constituents was added, and modifications were made to the Funding Agreement to provide additional protection for the estates in the event funding from another source is identified and procured (or in the event HRT becomes a for profit entity). Weighing the potential benefit of the development of OTC naloxone against the more tailored nature of the relief requested in the context of this case, the Ad Hoc Committee determined to support the Amended Motion.

2.      It is important to note, however, that the Ad Hoc Committee's support is not an indication that the Ad Hoc Committee is endorsing any "public health initiative" that the Company may undertake (and the Debtors have clarified in the Amended Motion that the Funding Agreement is *not* in furtherance of such an initiative), nor does the Settlement Framework to which the Ad Hoc Committee has agreed render this a foregone conclusion. Indeed, the Settlement Framework specifically contemplates that the structure of the post-emergence entity will be negotiated in connection with the definitive documentation of a chapter 11 plan – a process that is ongoing.  And any post-emergence entity controlled by the creditors will need to make a determination about future involvement in such issues.

3.      The Ad Hoc Committee also feels compelled to clarify certain of the statements made in the filing by the Creditors' Committee with respect to the Amended Motion (the "**Committee Statement**"), given the apparent implications of those statements on the claims of Ad Hoc Committee members (and other private claimants) and distributions on those claims. *First*, the "public side" claims are not limited to claims for abatement and other "forward looking" remedies. In relegating the "other types of claims" and "other types of damages" asserted by the public claimants to a footnote, the Creditors' Committee downplays substantial components of the public side claims.[4] The public side claims will undoubtedly be based both on past damages and

---

[4] Indeed, the unique role of the governmental creditors in this case was underscored by the Court's recognition of the Ad Hoc Committee through the assumption of the reimbursement agreement by the Debtors early on in the chapter

future abatement costs –remedies that are *uniquely available to public side creditors*. *Second,* the choice by the Ad Hoc Committee or its members to focus on facilitating an abatement plan in the chapter 11 cases or in the mediation is just that – a choice, indeed a commendable choice – based both on limited estate assets and the overall goals the Court (and others) established early on in the chapter 11 cases. This should not be, and is not, a basis for the Creditors' Committee or any other party to suggest that the public side creditors should accept any value delivered through OTC naloxone or any public health initiative of the Debtors as recoveries in respect of their claims. The Ad Hoc Committee expects to continue to have an active and meaningful role in negotiating the appropriate treatment of creditors' claims through a chapter 11 plan, and ensuring that the Debtors ultimately make the proper decisions with respect to any future initiatives relating to OTC naloxone or otherwise.

Dated:  June 22, 2020

Respectfully submitted,

/s/ *Kenneth H. Eckstein*
Kenneth H. Eckstein
Rachael Ringer
David E. Blabey Jr.
KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, NY 10036
Telephone: (212) 715-9100
Email: keckstein@kramerlevin.com
        rringer@kramerlevin.com
        dblabey@kramerlevin.com

David J. Molton
Steven D. Pohl (admitted *pro hac vice*)
BROWN RUDNICK LLP
7 Times Square
New York, NY 10036
Telephone: (212) 209-4800

---

11 cases. The Ad Hoc Committee intends to continue to further the role of governmental claimants going forward, in an effort to bring this case to a successful conclusion, and intends to continue interacting with the Creditors' Committee in its efforts to achieve that result.

Email: dmolton@brownrudnick.com
        spohl@brownrudnick.com

Scott D. Gilbert (admitted *pro hac vice*)
Craig Litherland (admitted *pro hac vice*)
Kami E. Quinn (admitted *pro hac vice*)
GILBERT LLP
100 New York Ave, NW, Suite 700
Washington, D.C. 20005
Telephone: (202) 772-2200
Email: gilberts@gilberlegal.com
        litherlandc@gilbertlegal.com
        kquinn@gilbertlegal.com

Melanie L. Cyganowski
Jennifer S. Feeney
OTTERBOURG P.C.
230 Park Avenue
New York, NY 10169
Telephone: (212) 661-9100
Email: mcyganowski@otterbourg.com
        jfeeney@otterbourg.com

*Attorneys for the Ad Hoc Committee*