AKIN GUMP STRAUSS HAUER & FELD LLP
Ira Dizengoff
Arik Preis
Mitchell Hurley
Joseph L. Sorkin
Sara L. Brauner
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002

*Counsel to the Official Committee of Unsecured
Creditors of Purdue Pharma L.P.,* et al.

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PURDUE PHARMA L.P., *et al.*, | ) | Case No. 19-23649 (RDD) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF FILING OF STIPULATIONS AND AGREED ORDERS AMONG THE
OFFICIAL COMMITTEE AND (I) THE MORTIMER SIDE COVERED PARTIES,
(II) CERTAIN RAYMOND SIDE COVERED PARTIES AND (III) THE IACS
REGARDING DISCOVERY IN THE CHAPTER 11 CASES**

   **PLEASE TAKE NOTICE** that, on June 2, 2020 the Official Committee of Unsecured

Creditors (the "Official Committee") appointed in the above-captioned chapter 11 cases (the

"Chapter 11 Cases") of Purdue Pharma L.P. and certain of its affiliates that are debtors in

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014).

possession (collectively, the "<u>Debtors</u>"), submitted to the Court a letter (the "<u>Committee Letter</u>")

raising certain issues regarding discovery in the Chapter 11 Cases.

**PLEASE TAKE FURTHER NOTICE** that, on June 5, 2020, various parties submitted

letters (the "<u>Response Letters</u>") to the Court responding to the issues raised in the Committee Letter.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Court's direction on June 8,

2020, the parties resumed their meet and confer efforts, including with respect to certain points

discussed in the Committee Letter and/or raised in the Response Letters.

**PLEASE TAKE FURTHER NOTICE** that the Official Committee and the Mortimer

Side Covered Parties,[2] have agreed to the terms of a stipulation and agreed order, attached hereto

as **<u>Exhibit A</u>**.

**PLEASE TAKE FURTHER NOTICE** that the Official Committee, the Raymond Side

Initial Covered Sackler Persons and certain Additional Covered Sackler Persons have agreed to

the terms of a stipulation and agreed order, attached hereto as **<u>Exhibit B</u>**.

**PLEASE TAKE FURTHER NOTICE** that the Official Committee and the Independent

Associated Companies party thereto, by and through their undersigned counsel, have agreed to the

terms of a stipulation and agreed order, attached hereto as **<u>Exhibit C</u>**.

*[The remainder of this page has been left blank intentionally.]*

---

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the attached stipulations.

Dated: New York, New York
June 22, 2020

AKIN GUMP STRAUSS HAUER & FELD LLP

By: */s/Mitchell Hurley*
    Ira Dizengoff
    Arik Preis
    Mitchell Hurley
    Joseph L. Sorkin
    Sara L. Brauner
    One Bryant Park
    New York, New York 10036
    Telephone: (212) 872-1000
    Facsimile: (212) 872-1002
    idizengoff@akingump.com
    apreis@akingump.com
    mhurley@akingump.com
    jsorkin@akingump.com
    sbrauner@akingump.com

    *Counsel to the Official Committee of*
    *Unsecured Creditors Purdue Pharma L.P.,* et al.

**<u>EXHIBIT A</u>**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| PURDUE PHARMA L.P., *et al.*, | ) | Case No. 19-23649 (RDD) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |

## STIPULATION AND AGREED ORDER AMONG THE OFFICIAL COMMITTEE AND THE MORTIMER SIDE COVERED PARTIES REGARDING DISCOVERY DEADLINES IN THE CHAPTER 11 CASES

The Official Committee of Unsecured Creditors (the "Official Committee") appointed in the above-captioned chapter 11 cases (the "Chapter 11 Cases") of Purdue Pharma L.P. and certain of its affiliates that are debtors in possession (collectively, the "Debtors"), and the Mortimer Side Covered Parties[2] (together, the "Parties"), by and through their undersigned counsel, hereby stipulate and agree as set forth below in this stipulation and agreed order (the "Stipulation").[3]

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014).

[2] The Mortimer Side Covered Parties that are party to this Stipulation are the parties identified on the list of "A Side ICSPs and ACSPs" provided to the Official Committee by Debevoise & Plimpton LLP ("Debevoise") on June 5, 2020, for whom Debevoise is listed as being authorized to accept service. The Mortimer Side Covered Parties preserve, and do not waive, all defenses, including without limitation defenses based on lack of personal jurisdiction and have agreed to voluntarily comply with this Stipulation and the orders of this Court related to this Stipulation, and the Official Committee preserves, and does not waive, all of its claims and arguments, including without limitation, its right to argue that the Mortimer Side Covered Parties are subject to this Court's personal jurisdiction.

[3] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to such terms in the *Case Stipulation Among the Debtors, the Official Committee of Unsecured Creditors and Certain Related Parties* [ECF No. 291] (as subsequently amended by the *Amended and Restated Case Stipulation Among the Debtors, the Official Committee of Unsecured Creditors and Certain Related Parties*, dated November 20, 2019 [ECF No. 518]) (the "Case Stipulation").

## **Recitals**

A.      On September 15, 2019 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York (the "Court").

B.      On September 26, 2019, the Office of the United States Trustee for Region 2 appointed the Official Committee pursuant to Bankruptcy Code section 1102(a) to act as a fiduciary for and represent the interests of all unsecured creditors in the Chapter 11 Cases.  *See Notice of Appointment of Official Committee of Unsecured Creditors*, dated September 27, 2019 [ECF No. 131].

C.      On March 25, 2020, the Official Committee filed the *Ex Parte Motion of the Official Committee of Unsecured Creditors of Purdue Pharma, et al. for an Order Authorizing Examinations Pursuant to Federal Rules of Bankruptcy Procedure 2004 and 9006* [ECF No. 981], which motion was granted by order of the Court on March 27, 2020 [ECF No. 992] (as amended by the *Amended Order Pursuant to Federal Rules of Bankruptcy Procedure 2004 and 9006 Authorizing Examination of Third Parties*, dated April 14, 2020 [ECF No. 1008], the "Official Committee Rule 2004 Order").  By the Official Committee Rule 2004 Order, the Court authorized the Official Committee (and certain other parties) to conduct an examination of and obtain documents (including electronically stored information, ("ESI")) from the Initial Covered Sackler Persons.  Following entry of the Official Committee Rule 2004 Order, the Official Committee issued a subpoena to the Mortimer Side Initial Covered Sackler Persons on March 31, 2020 (the "Subpoena").

2

D.      On April 26, 2020, the Official Committee, through its counsel Akin Gump Strauss Hauer & Feld LLP ("Akin Gump"), submitted a letter to the Court seeking resolution of certain discovery disputes, which the Court addressed during a hearing on May 1, 2020.

E.      On June 2, 2020, the Official Committee submitted a letter to the Court further addressing discovery disputes, including disputes concerning what was required of the Mortimer Side Covered Parties based on the Court's May 1 instructions, and the Mortimer Side Covered Parties responded by letter to the Court dated June 5, 2020.

F.      Pursuant to the Court's instruction on June 8, 2020, the Parties resumed their meet and confer efforts and have reached the agreements set forth below.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED AS FOLLOWS:**

1.      The parties acknowledge, stipulate and agree that "ESI" shall mean all forms and means of electronic communication (as defined in Local Rule 26.3, as adopted by Local Bankruptcy Rule 7026-1) or information transmitted electronically used by any ESI custodian, including, without limitation: e-mail messages; text messages; other forms of electronic messages hosted by any application or service, including but not limited to Whatsapp, Instant Bloomberg, Facebook, or Groupme; or any other form of electronic communication any such ESI custodian indicates he or she may have used.  The foregoing shall include electronic communications whether from imaged phones, or as retrieved from any cloud sharing service, or any other storage service, database, or archive maintained by such ESI custodian, the phone provider, application or hosting service; and all available attachments to and metadata regarding such communications.  Each ESI custodian and his, her, or its counsel shall make a good faith

3

inquiry to identify and collect ESI from all means of electronic communication used by such custodian, and any cloud sharing service, storage service, database, or archive that may contain such ESI. The Mortimer Side Covered Parties' counsel shall engage in reasonable searches to obtain such ESI, including by imaging and searching phones and attempting to retrieve deleted messages from cloud sharing services and from phone companies or other service providers, to the extent necessary.

2.      The schedule for the production of documents from Mortimer D.A. Sackler, Ilene Sackler, Kathe Sackler, Theresa Sackler, and Samantha Hunt (collectively, the "Initial Custodians"), will be as follows. Initial Custodians shall produce on a rolling basis all ESI responsive to the Subpoena ("Responsive ESI") that is not privileged and that is returned by the search terms Akin Gump proposed on April 17, 2020 for the period of January 1, 1995, or the earliest date for which ESI is available for each Initial Custodian, through the Petition Date. All Initial Custodians, with the exception of Samantha Hunt, shall complete such production on or before July 2, 2020. Samantha Hunt shall complete such production on or before July 16, 2020.

3.      Each of Marissa Sackler, Sophie Dalrymple, Michael Sackler, Karen Lefcourt-Taylor, Jeffrey Lefcourt, Susan Shack Sackler, and Jaqueline Sackler (collectively, the "M-ACSP Individuals"), shall produce on a rolling basis all non-privileged Responsive ESI returned by applying search terms selected in the manner and on the schedule set forth in Paragraph 6 hereof to the ESI of the M-ACSP Individuals ("M-ACSP ESI") for the period between January 1, 2006 (or (i) when such M-ACSP Individual reached 21 years of age, or (ii) when such M-ACSP Individual was married to an Initial Custodian, in each case, if later) through the Petition Date.

4

4.    The Mortimer Side Covered Parties will seek agreement from the representatives of Mortimer D. Sackler[4] to recover, gather and produce non-privileged Responsive ESI from the account mortimer.sackler@mdsackler.co.uk, an email address of Mortimer D. Sackler ("Mortimer D. Sackler Email Account"), and use reasonable best efforts to recover, gather and produce any such non-privileged ESI to the extent such emails can be recovered from any electronic archive, including back-up tapes or other reasonably accessible source.  The Mortimer Side Covered Parties will provide the Official Committee with information related to whether ESI can be retrieved from the Mortimer D. Sackler Email Account by June 25, 2020, after which time the Parties will meet and confer on a production schedule of ESI from the Mortimer D. Sackler Email Account.  To the extent the Mortimer Side Covered Parties contend that ESI cannot be retrieved from the Mortimer D. Sackler Email Account, the Mortimer Side Covered Parties shall provide the Official Committee with an explanation of the efforts taken to retrieve such ESI.

5.    For the avoidance of doubt, the Official Committee reserves its right to seek additional documents and information, including ESI, from these and/or other Mortimer Side Covered Parties, including based on information that may be produced in accordance with this Stipulation, and the Mortimer Side Covered Parties reserve their right to oppose any such additional searches and productions, except on the ground that the Official Committee relinquished its right to seek such additional material as a result of entering into this Stipulation.

6.    The collection and production of M-ACSP ESI shall proceed as follows:

---

[4]    Any such agreement shall be without waiver of any defenses by the estate of Mortimer D. Sackler or any representatives thereof, including without limitation defenses based on the lack of personal jurisdiction.

a.  On or before July 3, 2020 ("Initial Search Date"), all M-ACSP ESI shall have been gathered such that search criteria can be run against it on or before the Initial Search Date;

b.  On or before the Initial Search Date, Akin Gump shall supply search terms to counsel for the M-ACSP ESI ("Initial Search Terms") and counsel shall run the Initial Search Terms as drafted and supplied by Akin Gump against the M-ACSP ESI as promptly as possible, but not later than the Initial Search Date (the "Initial Run Date"), *provided* that if the Initial Search Terms are provided to counsel for the M-ACSP Individuals on the Initial Run Date, counsel for the M-ACSP Individuals shall run such Initial Search Terms within three (3) business days of the Initial Run Date, which date shall be considered the Initial Run Date for the purposes of this Stipulation;

c.  Within three business days of the Initial Run Date, counsel for the M-ACSP Individuals shall generate and provide to Akin Gump search term hit reports that control for overlap and detail the number of documents returned, after utilizing, to the extent possible, de-duplication, threading, and OCR-text recognition to de-duplicate only true duplicates ("Hit Reports"), by the Initial Search Terms.  M-ACSP Individuals' counsel shall not remove "near" duplicates.  For the avoidance of doubt, threading means the identification of emails and attachments containing unique content in the parent email and/or attachments to optimize removal of overlapping content; threading does not mean limiting production to the most mature/last email in an email conversation or the most inclusive email chains.

6

   d.   Thereafter, counsel shall provide to Akin Gump Hit Reports for any revisions to the Initial Search Terms that Akin Gump may from time to time propose ("<u>Revised Search Terms</u>") within three business days of receiving such Revised Search Terms from Akin Gump;

   e.   If the Initial Search Terms or any of the Revised Search Terms for the M-ACSP Individuals return 200,000 documents or fewer after utilization of de-duplication, threading, and OCR-text recognition to remove only true duplicates, the M-ACSP Individuals shall complete the review and production of such documents within 30 calendar days of the Official Committee's written request, which may be in the form of an email, for the M-ACSP Individuals to commence their review and production;

   f.   If the Official Committee requests that the M-ACSP Individuals review more than 200,000 documents of M-ACSP ESI, the Parties shall meet and confer concerning that request, and concerning timing for completion of the associated review and production.  If the Parties are unable to reach agreement on any matter concerning such search, review, and production of M-ACSP ESI by July 10, 2020, the Parties may seek the assistance of the Court for resolution; and

   g.   The M-ACSP Individuals shall complete production of all responsive, non-privileged M-ACSP ESI by any deadline required, agreed to or ordered pursuant to this Paragraph 5 of this Stipulation ("<u>Required, Agreed or Ordered Deadline</u>").

7.    The production of privilege logs shall proceed as follows:

a.  On or before June 15, 2020, the Mortimer Side Covered Parties shall provide a proposed form of privilege log, which shall include at least 100 documents and which shall indicate the format in which the Mortimer Side Covered Parties propose to identify privilege claims and any other purported basis for withholding or redacting documents.  The Mortimer Side Covered Parties agree they will meet and confer in good faith with the Official Committee on and after June 15, 2020 to the extent the Official Committee has concerns about the proposed format;

b.  To the extent any redaction is applied in the non-Outside Professionals' Eyes Only production, but not in the Outside Professionals' Eyes Only production, such redaction need not be logged;

c.  On or before July 21, 2020, the Mortimer Side Covered Parties shall produce their initial privilege log detailing all Responsive ESI that were withheld from their productions or redacted on or before July 2, 2020, based on an actual or potential claim of privilege, work product or other grounds, and shall simultaneously produce any Responsive ESI determined not to be privileged in the course of making the log;

d.  Within 15 days of the Required, Agreed or Ordered Deadline, the Mortimer Side Covered Parties shall produce their second privilege log, which shall include all Responsive ESI withheld or redacted from productions since July 2, 2020 and through the date of the Required, Agreed or Ordered Deadline, and shall simultaneously produce any Responsive ESI determined not to be privileged in the course of making the log;

8

e.  To the extent other production phases are ordered or agreed, the Mortimer Side Covered Parties shall produce privilege logs within 15 days of the ordered or agreed deadline, and shall simultaneously produce any Responsive ESI determined not to be privileged in the course of making the log; and

f.  Within 15 days of the final production, the Mortimer Side Covered Parties shall produce their final privilege log, which shall log all Responsive ESI that could not have been logged on previous privilege logs because they were not identified, withheld or redacted by the Mortimer Side Covered Parties until after the last such log was produced, and shall simultaneously produce any Responsive ESI determined not to be privileged in the course of making the log.

8.    Any productions made pursuant to this Stipulation and any privilege logs produced pursuant to this Stipulation will be contemporaneously produced to the Debtors, the Ad Hoc Group of Consenting States and the Ad Hoc Group of Non-Consenting States.

9.    The Parties may agree to modification of any deadlines in this Stipulation without further order of the Court provided they do so in writing, which may take the form of an email.

[*The remainder of this page has been left blank intentionally.*]

9

**STIPULATED AND AGREED:**

Dated:    June 22, 2020
          New York, New York

/s/ Mitchell Hurley                              /s/ Jasmine Ball
AKIN GUMP STRAUSS HAUER             DEBEVOISE & PLIMPTON LLP
& FELD LLP                          Jasmine Ball
Ira S. Dizengoff                    M. Natasha Labovitz
Arik Preis                          Maura Kathleen Monaghan
Mitchell P. Hurley                  Jeffery J. Rosen
Joseph L. Sorkin                    919 Third Avenue
Sara L. Brauner                     New York, NY 10022
One Bryant Park                     Telephone: (212) 909-6000
New York, New York 10036
Telephone: (212) 872-1000
                                    *Counsel to the Mortimer Side Covered
                                    Parties*

*Counsel to the Official Committee of
Unsecured Creditors*

10

**SO ORDERED.**

White Plains, New York
Dated: _____, 2020

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT B**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| PURDUE PHARMA L.P., *et al.*, | ) | Case No. 19-23649 (RDD) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |

### STIPULATION AND AGREED ORDER AMONG THE OFFICIAL COMMITTEE AND RAYMOND SIDE COVERED PARTIES REGARDING DISCOVERY DEADLINES IN THE CHAPTER 11 CASES

The Official Committee of Unsecured Creditors (the "Official Committee") appointed in the above-captioned chapter 11 cases (the "Chapter 11 Cases") of Purdue Pharma L.P. and its affiliated debtors in possession (collectively, the "Debtors"), and the Raymond Side Initial Covered Sackler Persons on whose behalf Milbank LLP and Joseph Hage Aaronson LLC accepted service of the Official Committee's March 31, 2020 subpoena (the "Responding R-ICSPs") and seven Additional Covered Sackler Persons[2] (the "Additional Custodians," together with the Responding R-ICSPs, the "Producing Parties," and collectively with the Official Committee, the "Parties"), by and through their undersigned counsel, hereby stipulate and agree as set forth below in this stipulation and agreed order (the "Stipulation").[3]

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014).

[2] The Additional Custodians are: Madeleine Sackler, Clare Sackler, Miles Sackler, Marianna Sackler Frame, Rebecca Sackler, Mary Corson and Jaseleen Sackler.

[3] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to such terms in the *Case Stipulation Among the Debtors, the Official Committee of Unsecured Creditors and Certain Related Parties* [ECF No. 291] (as subsequently amended by the *Amended and Restated Case Stipulation Among the Debtors, the*

## Recitals

A.        On September 15, 2019 (the "Petition Date"), each Debtor filed a voluntary petition

for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy

Court for the Southern District of New York (the "Court").

B.        On September 26, 2019, the Office of the United States Trustee for Region 2

appointed the Official Committee pursuant to Bankruptcy Code section 1102(a) to act as a

fiduciary for and represent the interests of all unsecured creditors in the Chapter 11 Cases.  *See*

*Notice of Appointment of Official Committee of Unsecured Creditors*, dated September 27, 2019

[ECF No. 131].

C.        On March 25, 2020, the Official Committee filed the *Ex Parte Motion of the*

*Official Committee of Unsecured Creditors of Purdue Pharma, et al. for an Order Authorizing*

*Examinations Pursuant to Federal Rules of Bankruptcy Procedure 2004 and 9006* [ECF No. 981],

which motion was granted by order of the Court on March 27, 2020 [ECF No. 992] (as amended

by the *Amended Order Pursuant to Federal Rules of Bankruptcy Procedure 2004 and 9006*

*Authorizing Examination of Third Parties*, dated April 14, 2020 [ECF No. 1008], the "Official

Committee Rule 2004 Order").  By the Official Committee Rule 2004 Order, the Court authorized

the Official Committee (and certain other parties) to conduct an examination of and obtain

documents (including electronically stored information ("ESI")) from the Initial Covered Sackler

Persons, as that term is defined in the Case Stipulation.  Following entry of the Official Committee

Rule 2004 Order, the Official Committee issued subpoenas to the Initial Covered Sackler Persons

---

*Official Committee of Unsecured Creditors and Certain Related Parties*, dated November 20, 2019 [ECF No. 518])
(the "Case Stipulation").

on March 31, 2020 (the "Subpoena").  Milbank and Joseph Hage Aaronson LLC accepted service

on behalf of the Responding R-ICSPs, who are specifically identified in Milbank's letter to the

Official Committee of April 9, 2020.

D.    In April 2020, the Parties met and conferred regarding production in response to

the Subpoena.  As part of these negotiations, the Responding R-ICSPs agreed to produce to the

Official Committee non-privileged ESI that is responsive to the Official Committee's Subpoena

from the custodial files of Richard Sackler, Jonathan Sackler, and David Sackler, who are

Raymond Side Initial Covered Sackler Persons, and Stephen A. Ives.

E.    On April 26, 2020, the Official Committee, through its counsel Akin Gump Strauss

Hauer & Feld LLP ("Akin Gump"), submitted a letter to the Court seeking resolution of certain

discovery disputes, which the Court addressed during a hearing on May 1, 2020.

F.    On June 2, 2020, the Official Committee submitted a letter to the Court further

addressing discovery disputes, including disputes concerning what was required of the Raymond

Side Covered Parties based on the Court's May 1 instructions, and the Responding R-ICSPs

responded by letter to the Court dated June 5, 2020.

G.    Pursuant to the Court's instruction on June 8, 2020, the Parties resumed their meet

and confer efforts.

H.    The Parties' agreements with respect to certain discovery matters are set forth

below.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED AS FOLLOWS:**

1.      For the purposes of this Stipulation, ESI shall mean emails, text messages, iMessages, WhatsApp messages and any other forms of electronic messaging or any other form of electronic messaging communication, to the extent in the possession, custody or control of the Producing Parties, that a Producing Party indicates he, she or it used, including all available attachments to and metadata regarding such communications.  Counsel for the Producing Parties shall (i) make a good faith inquiry to identify and (ii) shall engage in reasonable searches to collect ESI from all means of electronic communication used by the ESI custodians, including by imaging and searching phones; cloud sharing services; or any other storage service, database, or archive maintained by or reasonably accessible to such ESI custodian; and attempting to retrieve deleted messages from cloud sharing services or other reasonably accessible repositories of deleted messages.

2.      For the avoidance of doubt, the Official Committee reserves its right to seek additional documents and information, including ESI, from the custodial files of the Additional Custodian or other Raymond Side Covered Parties, whether based on information that may be produced in accordance with this Stipulation or otherwise, and the Additional Custodians and other Raymond Side Covered Parties reserve their right to oppose any such request for additional searches and productions.  If the Parties cannot reach agreement on any such supplemental request by the Official Committee, they may raise their dispute with the Court in accordance with paragraph 15 or by any other method available to them under the Federal Rules of Bankruptcy Procedure or otherwise.

4

## I.    **INITIAL CUSTODIAN DISCOVERY**

3.    The following schedule shall govern productions from the custodial files of Richard

Sackler, Jonathan Sackler, and David Sackler (collectively, the "Initial Custodians")[4]:

a.    **July 1, 2020**: Substantial completion date for rolling production of
responsive, non-privileged ESI returned by applying (i) the MDL search
terms and (ii) the additional search terms Akin Gump proposed on April 17,
2020, as amended on May 25, 2020 ("Additional Search Terms"), to the
custodial files of the Initial Custodians for the period of January 1, 1995,
through the date on which each Initial Custodian resigned from the board of
directors of the Debtors ("Resignation Date")[5].

b.    **August 14, 2020**: Substantial completion date for rolling production of
responsive, non-privileged ESI returned by applying the MDL search terms
and the Additional Search Terms to the custodial files of the Initial
Custodians for the period beginning the day after each Initial Custodian's
Resignation Date to the Petition Date.

4.    **Moab Documents:** Counsel for the Producing Parties will use good faith efforts to

collect the ESI of David Sackler, to the extent it is returned by the application for the MDL search

terms and the Additional Search Terms, that is in the sole possession, custody, and control of Moab

Capital Partners LLC (the "Moab Sackler ESI").   Upon receipt of any such ESI from Moab,

---

[4] This paragraph 3 does not apply to David Sackler's ESI that is in the sole custody of Moab Capital Partners LLC,
which is addressed in paragraph 4.
[5] The board resignation dates for Richard, Jonathan and David Sackler are, respectively: July 24, 2018, December 8,
2018, and August 14, 2018.

counsel for the Producing Parties will promptly inform the Official Committee of receipt and the volume of documents for review, and will work promptly and in good faith to negotiate a substantial completion date for the production of responsive, non-privileged Moab Sackler ESI that is collected.  If the Parties cannot agree on such a date, they may raise their dispute with the Court in accordance with paragraph 15.  For the avoidance of doubt, the Official Committee reserves its right to seek authorization to serve a Rule 2004 subpoena on Moab.

## II.    IVES DISCOVERY

5.    The following schedule shall govern the production from the custodial files of Stephen A. Ives ("Ives ESI"):

      a.    **August 14, 2020:**  Substantial completion date for rolling production of responsive, non-privileged ESI returned by applying the search terms Akin Gump proposed on May 14, 2020, as amended on May 25, 2020, to Ives ESI for the period of January 1, 2008, to the Petition Date.

      b.    **September 1, 2020:**  Substantial completion date for rolling production of responsive, non-privileged ESI returned by applying the search terms Akin Gump proposed on May 14, 2020, as amended on May 25, 2020, to the Ives ESI for the period of January 1, 1995, through December 31, 2007.

## III.    ADDITIONAL CUSTODIAN DISCOVERY

6.    Non-privileged ESI responsive to the Subpoena served on the Raymond Side Initial Covered Sackler Persons on March 31, 2020 and returned by applying search terms to the custodial files of the Additional Custodians shall be produced on the terms set forth in this section.  The dates for collection of ESI shall be January 1, 2006 (or when such person reached 21 years of age,

6

if later) to the Petition Date for all Additional Custodians, except that for any Additional Custodian

who became part of the Raymond Sackler family by marriage after January 1, 2006, the dates for

collection of ESI shall be the first day of the month in which that Additional Custodian joined the

Raymond Sackler family by marriage to the Petition Date.

       7.    The following schedule shall govern the collection and search of Additional

Custodian ESI.  On or before:

       a.    **July 1, 2020**:  Counsel for the Producing Parties shall substantially

complete collection of all Additional Custodians' ESI by July 1, 2020,

unless counsel timely provides an ACSP Notice (defined below).  On or

before June 26, 2020, counsel for the Producing Parties will notify the

Official Committee in writing if the Producing Parties believe they will be

unable to substantially complete collection of all Additional Custodians'

ESI by July 1, 2020, which notice shall explain in detail the reasons for the

Producing Parties' inability to complete the collection of all Additional

Custodians ESI by July 1, 2020 (an "<u>ACSP Notice</u>").  If an ACSP Notice is

timely delivered, the Parties shall meet and confer on or before June 28,

2020, concerning whether a new deadline by which all Additional

Custodians' ESI must be gathered by counsel for the Additional Custodians

should be established, and, if so, the date for such new deadline.  If the

Parties are unable to reach agreement by July 1, 2020, either Party may seek

relief from the Court in accordance with paragraph 15 on or before July 1,

2020 and in such event the July 1, 2020 deadline shall be stayed until the

7

Parties' dispute is resolved.  Any new date by which counsel for the Producing Parties must gather all Additional Custodians' ESI that is agreed or ordered by the Court shall be referred to in this Stipulation as the "New ACSP Deadline".  Notwithstanding the foregoing, the Parties agree that the New ACSP Deadline shall occur before July 15, 2020.

b.    **July 1, 2020, or the New ACSP Deadline, as applicable**: Akin Gump shall supply proposed search terms for the Additional Custodians (the "Initial ACSP Search Terms").

c.    **July 6, 2020, or within five calendar days of the New ACSP Deadline, as applicable**: Counsel for the Additional Custodians shall generate and provide to Akin Gump a search term hit report for the Initial ACSP Search Terms that details the number of documents returned, after using electronic deduplication methods that eliminate only true duplicates.

d.    **July 7, 2020 – July 17, 2020, or the period that is six to ten calendar days after the New ACSP Deadline, as applicable:** Counsel for the Parties will meet and confer regarding search terms for the Additional Custodians. Unless the parties otherwise agree in writing (which may be in the form of an email exchange) counsel to the Additional Custodians shall provide to Akin Gump hit reports for any revisions to the Initial ACSP Search Terms that Akin Gump may propose within three calendar days of receiving such revised search terms from Akin Gump.

8

e.    **On or before July 22, 2020 or within ten calendar days of the New ACSP Deadline, as applicable (the "<u>ACSP Start Date</u>")**:  Search terms for the Additional Custodians shall be agreed among the parties or determined by the Court ("<u>ACSP Search Terms</u>").  Notwithstanding the foregoing, the Parties agree that the ACSP Start Date shall occur on or before August 5, 2020.

8.    If ACSP Search Terms are identified returning fewer than 100,000 unique documents for review (inclusive of all Additional Custodians), and if the Official Committee has indicated in writing that such terms are satisfactory to it (which may be in the form of an email),[6] responsive, non-privileged documents from the ESI of the Additional Custodians shall be produced on a rolling basis, and shall be substantially complete by September 1, 2020.

9.    If ACSP Search Terms are identified returning more than 100,000 documents but fewer than 300,000 unique documents for review (inclusive of all Additional Custodians), and if the Official Committee has indicated in writing that such terms are satisfactory to it (which may be in the form of an email), responsive, non-privileged documents from the ESI of the Additional Custodians shall be produced on a rolling basis, and shall be substantially complete by October 1, 2020.  In this event, counsel for the Additional Custodians shall make good faith efforts to substantially complete review of at least 100,000 documents by September 1, 2020; to substantially

---

[6] ACSP Search Terms approved by the Official Committee that return documents within the thresholds identified in paragraphs 8 and 9 (under 300,000 unique documents) shall be presumptively acceptable to the Parties.  However, the Producing Parties reserve the right to seek relief from the Court pursuant to paragraph 15 if they object to using any such ACSP Search Terms on any grounds.  Provided that the Producing Parties raise their objection to the Court within three calendar days of notification that the Official Committee consents to the use of particular ACSP Search Terms, all deadlines respecting the review and production of Additional Custodians' ESI shall be automatically stayed until the Court has resolved the Producing Parties' objection.

9

complete review of up to an additional 100,000 documents by September 15, 2020; to substantially complete review of any remaining documents by October 1, 2020; and to make regular, rolling productions throughout this period.

10.     The Parties will work in good faith to attempt to agree to ACSP Search Terms returning fewer than 300,000 documents.  The Parties acknowledge, however, that information concerning the total volume of Additional Custodian ESI (to which the ACSP Search Terms will be applied) is not yet available.  If the Parties agree to ACSP Search Terms returning more than 300,000 unique documents for review (inclusive of all Additional Custodians), the Parties shall meet and confer to try to agree to a date for substantial completion of rolling productions of Additional Custodians ESI in excess of 300,000 unique documents.  If the Official Committee requests the use of Search Terms that return in excess of the 300,000 unique documents and if the Producing Parties do not agree on such terms, or if the Producing Parties do agree on such terms but the Parties cannot agree on a date for completion of the ESI in excess of 300,000 unique documents, they may raise their dispute promptly to the Court in accordance with paragraph 15.

## IV.    **Privilege Logs**

11.     Responsive documents that are withheld or redacted for privilege or similar reasons shall be logged in accordance with Federal Rule of Bankruptcy Procedure 7026(b)(5), except that a document that is redacted for confidentiality reasons and that is provided in unredacted form under an Outside Professionals' Eyes Only designation need not be included.  The Parties agree to meet and confer regarding the format and contents of privilege logs during the week of June 22 to June 26, 2020.

10

12.     The following schedule shall govern the production of privilege logs:

a.  **July 22, 2020**: Privilege log identifying all documents redacted or withheld from production prior to July 1, 2020 based on a claim of privilege or other alleged immunity from production.  For the avoidance of doubt, the Producing Parties shall finally determine whether they intend to assert a claim of privilege or other immunity from production with respect to all documents redacted or withheld from production prior to July 1, 2020 and shall include all such documents on the log to be produced by July 22, 2020, provided, however, that to the extent any responsive documents, initially withheld or redacted from production on or before July 1, 2020 are determined not to be privileged (or otherwise protected from disclosure) during the finalization of the privilege log, such documents will be produced on or before July 26, 2020.

b.  **September 4, 2020**: Privilege log identifying all documents redacted or withheld from production between July 1 and August 14, 2020 based on a claim of privilege or other alleged immunity from production.  For the avoidance of doubt, the Producing Parties shall finally determine whether they intend to assert a claim of privilege or other immunity from production with respect to all documents redacted or withheld from production between July 1 and August 14, 2020 and shall include all such documents on the log to be produced by September 4, 2020, provided, however, that to the extent any responsive documents, initially withheld or redacted from production between July 1 and August 14, 2020, are determined not to be

11

privileged (or otherwise protected from disclosure) during the finalization of the privilege log, such documents will be produced on or before September 8, 2020.

c. **September 22, 2020**: Privilege log identifying all documents redacted or withheld from production between August 14 and September 1, 2020 based on a claim of privilege or other alleged immunity from production.  For the avoidance of doubt, the Producing Parties shall finally determine whether they intend to assert a claim of privilege or other immunity from production with respect to all documents redacted or withheld from production between August 14 and September 1, 2020 and shall include all such documents on the log to be produced by September 22, 2020, provided, however, that to the extent any responsive documents, initially withheld or redacted from production between August 14 and September 1, 2020, are determined not to be privileged (or otherwise protected from disclosure) during the finalization of the privilege log, such documents will be produced on or before September 26, 2020.

d. **October 22, 2020** (if needed):  Privilege log identifying all documents redacted or withheld from production between September 1 and October 1, 2020 based on a claim of privilege or other alleged immunity from production.  For the avoidance of doubt, the Producing Parties shall finally determine whether they intend to assert a claim of privilege or other immunity from production with respect to all documents redacted or withheld from production between September 1 and October 1, 2020 and shall include all such documents on the log to be produced by October 22, 2020, provided, however, that to the extent any responsive documents, initially

12

withheld or redacted from production between September 1 and October 1, 2020,

are determined not to be privileged (or otherwise protected from disclosure) during

the finalization of the privilege log, such documents will be produced on or before

October 26, 2020.

13.     To the extent other production phases are ordered or agreed, privilege logs shall be

provided within 21 calendar days of the ordered or agreed substantial completion date for each

such production and shall include all documents identified as privileged or potentially privileged

and withheld from production or redacted on that or any other basis up to such ordered or agreed

substantial completion date.

## V.    **Miscellaneous**

14.     Productions of documents and privilege logs in accordance with this Stipulation

shall be made simultaneously to the Official Committee, the Debtors, the Ad Hoc Group of Non-

Consenting States (as set forth in the verified statement pursuant to Bankruptcy Rule 2019 [ECF

No. 296]), and the ad hoc committee of governmental and other contingent litigation claimants (as

set forth in the verified statement pursuant to Bankruptcy Rule 2019 [ECF No. 279]), consistent

with past practice in the Chapter 11 Cases.  For the avoidance of doubt, nothing in this Stipulation

shall affect, change, or prejudice any Party's rights or obligations under any protective order

governing the materials produced, including any Party's right to seek to amend the protective order

or otherwise obtain authorization to provide information supplied pursuant to this Stipulation to

persons other than those listed in this paragraph 14.  Nor shall anything in this Stipulation affect,

change or prejudice any Party's rights or obligations under Rule 7026(b)(5)(B) of the Federal

Rules of Bankruptcy Procedure.

15.     In the event the Parties have disputes concerning the matters addressed in this Stipulation, they may seek a discovery conference by submitting a letter to the Court, not to exceed three single-spaced pages, containing a representation to the Court of the kind described in Rule 7001-7 of the Local Bankruptcy Rules.  The opposing Party may respond within three calendar days with a letter not to exceed three single-spaced pages.  In addition, the Parties agree that any dispute may be heard on an emergency basis, subject to Court availability.

16.     The Parties may agree to modification of any deadlines in this Stipulation without further order of the Court provided they do so in writing, which may take the form of an email.

*[The remainder of this page has been left blank intentionally.]*

14

**STIPULATED AND AGREED:**

Dated:    June 22, 2020
          New York, New York

/s/ Mitchell Hurley
AKIN GUMP STRAUSS HAUER
& FELD LLP
Ira S. Dizengoff
Arik Preis
Mitchell P. Hurley
Joseph L. Sorkin
Sara L. Brauner
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000

*Counsel to the Official Committee
of Unsecured Creditors*

/s/ Alexander Lees
MILBANK LLP
Gerard Uzzi
Alexander B. Lees
55 Hudson Yards
New York, NY 10001
Telephone: (212) 530-5000

/s/ Mara Leventhal
JOSEPH HAGE AARONSON LLC
Gregory P. Joseph
Mara Leventhal
485 Lexington Avenue, 30th Floor
New York, New York 10017
New York, NY 10017
Telephone: (212) 407-1200

*Counsel to the Producing Parties*

15

**SO ORDERED.**

White Plains, New York
Dated: _____, 2020

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT C**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| PURDUE PHARMA L.P., *et al.*, | ) | Case No. 19-23649 (RDD) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |

## STIPULATION AND AGREED ORDER AMONG THE
## OFFICIAL COMMITTEE AND THE STIPULATING IACS
## REGARDING DISCOVERY DEADLINES IN THE CHAPTER 11 CASES

The Official Committee of Unsecured Creditors (the "Official Committee") appointed in

the above-captioned chapter 11 cases (the "Chapter 11 Cases") of Purdue Pharma L.P. and certain

of its affiliates that are debtors in possession (collectively, the "Debtors"), and the IACs[2] party

hereto (the "Stipulating IACs"), by and through their undersigned counsel, hereby stipulate and

agree as set forth below in this stipulation and agreed order (the "Stipulation").

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014).

[2] Capitalized terms used and not otherwise defined herein, including "IACs" shall have the meanings ascribed to such terms in the *Case Stipulation Among the Debtors, the Official Committee of Unsecured Creditors and Certain Related Parties* [ECF No. 291] (as subsequently amended by the *Amended and Restated Case Stipulation Among the Debtors, the Official Committee of Unsecured Creditors and Certain Related Parties*, dated November 20, 2019 [ECF No. 518]).

## Recitals

A.     On September 15, 2019, each Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York (the "Court").

B.     On September 26, 2019, the Office of the United States Trustee for Region 2 appointed the Official Committee pursuant to Bankruptcy Code section 1102(a) to act as a fiduciary for and represent the interests of all unsecured creditors in the Chapter 11 Cases.  *See Notice of Appointment of Official Committee of Unsecured Creditors*, dated September 27, 2019 [ECF No. 131].

C.     On March 25, 2020, the Official Committee filed the *Ex Parte Motion of the Official Committee of Unsecured Creditors of Purdue Pharma, et al. for an Order Authorizing Examinations Pursuant to Federal Rules of Bankruptcy Procedure 2004 and 9006* [ECF No. 981], which motion was granted by order of the Court on March 27, 2020 [ECF No. 992] (as amended by the *Amended Order Pursuant to Federal Rules of Bankruptcy Procedure 2004 and 9006 Authorizing Examination of Third Parties*, dated April 14, 2020 [ECF No. 1008], the "Official Committee Rule 2004 Order").  By the Official Committee Rule 2004 Order, the Court authorized the Official Committee (and certain other parties), to conduct an examination of, and obtain documents (including electronically stored information ("ESI")) from the Initial Covered Sackler Persons ("ICSPs").  Following entry of the Official Committee Rule 2004 Order, the Official Committee issued subpoenas to the ICSPs on March 31, 2020.

D.     On April 26, 2020, the Official Committee, through its counsel Akin Gump Strauss Hauer & Feld LLP ("Akin Gump"), submitted a letter to the Court seeking resolution of certain discovery disputes, including disputes relating to production of documents relating to the IACs.

2

E.      During a hearing on May 1, 2020, the Court directed counsel for the ICSPs to instruct the IACs, entities which the ICSPs directly or indirectly own, to appoint counsel to coordinate with the Official Committee regarding discovery in these cases, and to instruct each to accept service of a subpoena or explain why they cannot. Hearing Tr. at 87-88.

F.      On or around May 5, 2020, the ICSPs relayed the Court's instructions to Bryan Lea, who is employed by Mundipharma International Limited, one of the IACs, and acts as global (ex-United States) General Counsel for other IACs.

G.      Royer Cooper Cohen Braunfeld LLC ("RCCB") advises that on or about May 10, 2020 and continuing thereafter it was retained by one-hundred sixty (160) IACs in connection with discovery in these cases pursuant to the Court's May 1 instructions, and since that time RCCB has sought to identify all IACs and to be retained by each IAC that has the capacity to retain RCCB or is not already represented by other counsel.

H.      As of June 15 2020, RCCB advises that it has been authorized by one-hundred and thirty seven (137) IACs to accept service of subpoenas on their behalf.

I.      The Parties have conferred, and will continue to confer, in good faith on a variety of matters with respect to the Chapter 11 Cases and, in view of the foregoing concerns, have reached the agreements set forth below.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED AS FOLLOWS:**

1.      By no later than June 24, 2020, RCCB will provide the Official Committee with a single list identifying all entities that are IACs, including without limitation, to the extent they exist, any IACs that were not identified in the exhibits attached to RCCB's June 5 letter to the

3

Court and which RCCB has been able to identify through the exercise of reasonable diligence since it prepared those exhibits (the "Master IAC List").

2.      The Master IAC List will include, for each listed IAC, columns providing the following information:

   a.  Counsel for the IAC appointed to coordinate with the Official Committee in discovery in these cases;

   b.  If an IAC lacks counsel, the reason it lacks counsel;

   c.  Whether the IAC has authorized its counsel to accept service of a subpoena in these cases; and

   d.  If the IAC has not authorized its counsel to accept service of a subpoena in these cases, an explanation for why it cannot in accordance with the Court's instruction at the May 1 hearing.

3.      Between the date of this stipulation and June 30, 2020, RCCB will complete whatever diligence may be reasonably necessary to identify all entities that are IACs, and on June 30, 2020, shall supply the UCC with either (i) an updated Master IAC List that adds any IACs that were not included on the June 24 Master IAC List (together with the information required by Paragraph 2 hereof for each such added IAC); or (ii) written confirmation, which may be in the form of an email, that based on RCCB's good faith investigation, it has concluded no IACs exist other than those identified in the original June 24 Master IAC List.  The Official Committee shall notify RCCB of the name of any entity or entities not included on the Master IAC List that the Official Committee comes to believe may be an IAC, and will use its reasonable good faith efforts to provide such notice within three (3) calendar days after the Official Committee comes to believe that such entity or entities may be an IAC, and RCCB agrees it will work with the Official

4

Committee and other parties in interest in these Chapter 11 Cases in good faith to determine whether such entity or entities so identified is an IAC and belongs on the Master IAC List, and, if RCCB concludes it or they should be added, will promptly supply an amended Master IAC List including such entity or entities (together with the information required by Paragraph 2 hereof to reach such added IAC).  Any entity added to the Master IAC List pursuant to this paragraph and which has retained RCCB as its counsel shall be deemed a Stipulating IAC.

4.      Each Stipulating IAC that is not served with a subpoena in these cases (if any) stipulates and agrees that it will provide any disclosures that may be agreed among RCCB and counsel for the Official Committee.

5.      A Stipulating IAC's willingness to enter into this Stipulation and to accept service of a subpoena and/or comply with the Official Committee's discovery requests and the Court's rulings or instructions concerning discovery disputes with the Official Committee shall not be, and shall not be construed as, (a) consent by a Stipulating IAC, to jurisdiction in the Bankruptcy Court or any other forum in the United States for any purpose other than enforcement of such subpoena and this Stipulation; (b) an agreement regarding the admissibility of any materials produced; or (c) a waiver by a Stipulating IAC of jurisdictional defenses or objections to the service of any subpoena or other documents or process, provided, however, that a Stipulating IAC that consents to service of a subpoena pursuant to the Court's May 1 instructions and as identified on the Master IAC List waives its right to object on the grounds of improper service to any subpoena delivered by counsel to the Official Committee to such Stipulating IAC's counsel.  For the avoidance of doubt, the Official Committee does not waive or otherwise relinquish its right to argue that a Stipulating IAC is subject to jurisdiction in any forum in the United States for any purpose,

5

including the Bankruptcy Court, on any grounds other than such Stipulating IAC's consent to the terms of this stipulation and/or agreement to accept service of a subpoena as set forth herein.

6.      On a date that is on or before June 30, 2020 (the "Delivery Date"), the Official Committee will provide RCCB with a draft of the subpoena (the "Draft Subpoena") that the Official Committee intends to serve on Stipulating IACs that have agreed to accept service.  The Draft Subpoena shall consist primarily, but not exclusively, of a subset of the items of the subpoena served by the Official Committee on the ICSPs on March 31, 2020 that previously were highlighted for consideration by the IACs in correspondence from counsel for the ICSPs on April 30, 2020 and counsel for the Official Committee on May 25, 2020.

7.      On the Delivery Date, the Official Committee will further identify for RCCB the items of the Draft Subpoena that the Official Committee considers to be priority requests, which shall not be more than 20 in number (the "Priority Requests"), without waiving or withdrawing any other requests including the balance of the requests in the Draft Subpoena (the "Remaining Requests").

8.      Commencing on the day that this Stipulation is "so ordered" by the Court, or within seven (7) calendar days of the Delivery Date, whichever is earlier, RCCB and counsel for the Official Committee shall meet and confer on a discovery schedule (the "Discovery Schedule") that, inter alia, will provide deadlines for: (i); identification of Stipulating IAC entities and custodians reasonably likely to have documents and information responsive to the Priority Requests; (ii) identification of Stipulating IACs and custodians reasonably likely to have documents and information responsive to the Remaining Requests; (iii) gathering electronically stored information of the Stipulating IACs as may be agreed among the parties and search criteria for identifying and producing relevant ESI; (iv) the rolling production of documents and information

6

from the Stipulating IACs to the Official Committee and a final discovery cut-off date; (v) the

provision of a form of privilege log and subsequent production thereof and other related matters.

The terms of this Paragraph 8 shall not apply to three (3) Stipulating IACs identified to counsel

for the Official Committee by RCCB in a separate writing.  For the avoidance of doubt, nothing

herein shall be deemed to limit the Official Committee's right to seek further relief respecting

those three entities or any other Stipulating IAC, including an instruction requiring additional

Stipulating IACs to submit to service of subpoenas in these cases, and nothing herein shall limit

the Stipulating IACs' right to oppose such relief.

9.      Upon agreement by the parties to the Discovery Schedule and in no event later than

ten (10) calendar days after the Delivery Date (the "Discovery Schedule Deadline"), the Official

Committee and the Stipulating IACs shall submit to the Court either (i) an agreed-upon Discovery

Schedule to the Court in the form of a stipulation (the "Scheduling Stipulation") to be "so ordered"

by the Court or (ii) in the event they cannot agree on a schedule, preferably in a single letter, their

competing proposals for a discovery schedule, together with a request that the Court convene a

discovery conference within three days of the Discovery Schedule Deadline or as soon thereafter

as the Court is available.

10.     Notwithstanding the foregoing, on or before July 8, 2020, for all individuals listed

in Exhibit A to the Official Committee's June 14, 2020 email to RCCB (attached hereto as Exhibit

1), the Stipulating IACs will, to the extent the information is available to or reasonably obtainable

by the Stipulating IACs: (i) identify which individuals have IAC-hosted email addresses and (ii)

provide any IAC-hosted email addresses for those persons.  The Stipulating IACs shall on the same

basis identify any executive or other role held by the individuals identified on Exhibit A to the

Official Committee's June 14, 2020 email to RCCB at any IAC, but to the extent they need more

time to do so, the Stipulating IACs need not include that information along with the information supplied on July 8, 2020, provided the Stipulating IACs do so on or before July 13, 2020.

11.      The parties hereto agree to carry out the obligations set forth herein pending approval of this Stipulation by the Court, but if the Stipulation is not approved by the Court within 15 business days of the date hereof, this Stipulation shall be null and void and of no force or effect unless the parties otherwise agree in writing.

12.      The Parties may agree to modification of any deadlines in this Stipulation without further order of the Court provided they do so in writing, which may take the form of an email.

[*The remainder of this page has been left blank intentionally.*]

**STIPULATED AND AGREED:**

Dated:    June 22, 2020
          New York, New York

/s/ Mitchell Hurley

AKIN GUMP STRAUSS HAUER
& FELD LLP
Ira S. Dizengoff
Arik Preis
Mitchell P. Hurley
Joseph L. Sorkin
Sara L. Brauner
One Bryant Park
Bank of America Tower
New York, New York 10036
Telephone: (212) 872-1000

*Counsel to the Official Committee of
Unsecured Creditors*

/s/ Marc E. Hirschfield

ROYER COOPER COHEN BRAUNFELD
LLC
Marc E. Hirschfield
Marc Skapof
1120 Avenue of the Americas, 4th FL
New York, NY 10036
Telephone: (212) 994-0451

*Counsel to the Stipulating IACs*

**SO ORDERED.**

White Plains, New York
Dated: _____, 2020

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

**<u>EXHIBIT 1</u>**

| | |
|---|---|
| **From:** | Richards, Jillie |
| **Sent:** | Sunday, June 14, 2020 11:08 PM |
| **To:** | Marc Hirschfeld |
| **Cc:** | Marc Skapof; Hurley, Mitchell; Preis, Arik; PPLP Group |
| **Subject:** | Purdue- Information Relevant to IAC Custodians |
| **Attachments:** | Exhibit A.pdf; 2020.01.09 M. Hurley Letter to Norton Rose Fulbright re Supplemental Information Requests.pdf; 2020.01.31 Norton Rose Letter re IAC searches and document preservation.pdf; 2020.04.24 Norton Rose Email to UCC re IAC email addresses.pdf |

Marc,

As discussed previously, we need to rely on Royer Cooper to identify a complete group of IAC custodians likely to have documents responsive to the items previously highlighted for you in the Official Committee's March 31, 2020 subpoenas, and we certainly hope you are and have been engaged in identifying those custodians.  We want to be helpful where we can, of course.  To that end, we ask you to advise which members of the Sackler family and which of the other individuals identified on the attached Exhibit A had IAC-hosted email or other ESI (and please include the actual email address or other information), and if any of them had an executive or other role at an IAC to please identify that role.

We provided Norton Rose with the names of some of these individuals on January 9, 2020. On January 31, 2020, Norton Rose informed us that they had "conducted a review of IAC-hosted and IAC-domain email addresses (and other IAC-maintained electronic or hard copy files) pertaining to members of the Sackler family and the Additional Custodians (as defined in [the UCC's] January 2, 2020 letter)" and "[t]his review identified eight individuals among those two groups with IAC-hosted or IAC-domain e-mail addresses (or other IAC-maintained electronic or hard copy files)."  However, Norton Rose never identified the eight individuals. In a meet and confer on February 24, 2020, Norton  Rose informed us that David and Theresa Sackler had IAC email address and that Paulo Costa, one of the identified Additional Custodians in our January 2, 2020 letter, had an IAC-hosted email account with several thousand documents. In addition, on April 24, 2020 Norton Rose provided us with the IAC-hosted email addresses for David Sackler, Samantha Sackler Hunt, and Mortimer D.A. Sackler, but did not include one for Theresa.  For the avoidance of doubt, when you provide the information requested above for the Sacklers and the other individuals listed in Exhibit A, we of course ask that you also include the eight persons previously referenced by Norton Rose, which apparently includes David, Samantha, Mortimer, Theresa and Paulo Costa, plus three others.   We attach the referenced correspondence for your convenience.

**Jillie B. Richards**
**AKIN GUMP STRAUSS HAUER & FELD** LLP
2001 K Street N.W.  |  Washington, DC 20006  |  USA  |  Direct: +1 202.887.4077  |  Internal: 24077
Fax: +1 202.887.4288  |  richardsj@akingump.com  |  akingump.com  |  Bio

Exhibit A

**Sacklers**

| Name | Name |
|---|---|
| Ilene Sackler Lefcourt | Richard Sackler |
| Kathe Sackler | Jonathan Sackler |
| Mortimer D. Sackler | David Sackler |
| Mortimer D.A. Sackler | Beverly Sackler |
| Theresa Sackler | Raymond Sackler |
| Susan Shack Sackler | Marianna Sackler Frame |
| Jaqueline Sackler | Rebecca Sackler |
| Samantha Hunt | Madeleine Sackler |
| John Hunt | Clare Sackler |
| Marissa Sackler | Miles Sackler |
| Sophia Dalrymple | Mary Corson |
| Jamie Dalrymple | Jaseleen Sackler |
| Michael Sackler | James Frame |
| Lucero Inhara Ortiz Toledo | Jeffrey Selikoff |
| Karen Lefcourt-Taylor | Scott Bulua |
| Benjamin Taylor | Molly Johnson |
| Jeffrey Lefcourt | |
| Heather Lefcourt | |
| Benjamin Shack Sackler | |
| Julia Shack Sackler | |
| Tara Hunt | |
| Jasper Hunt | |
| Dylan Hunt | |
| Beth Cohen | |

Exhibit A

**Other Individuals**

| Name | Name |
| --- | --- |
| Corey Adams | William Mallin |
| Stuart Baker | Kelly Martin |
| Rami Batal | Alberto Martinez |
| Todd Baumgartner | Antony Mattessich |
| Peter Boer | Patrik Maurer |
| Helen Bonneau | Christian Mazzi |
| Kenneth Buckfire | Ian McClatchey |
| Alan Butcher | Peter McGowan |
| Marc Cataldo | Paul Medeiros |
| Gail Cawkwell | Thomas Mehrling |
| JJ Charhon | Brian Meltzer |
| Sok Chough | Steve Miller |
| David Colpman | David Lundie |
| Michael Cola | Jim MacDonald-Clink |
| Michael Collins | Edward Mahony |
| Rachel Corder | Robert S. Miller |
| Paulo Costa | Christopher Mitchell |
| Christian Darland | Saeed Mothari |
| Amy D'Agastino | Eckhard Mullhauser |
| Chris Davie | Linda Park |
| Louis DeBone | Zach Perlman |
| Douglas Docherty | Cecil Pickett |
| James Dolan | David Pidduck |
| Allen Downs | Lena Poulsen |
| John S. Dubel | Jennifer Quinn-Felice |
| Julie Ducharme | Karen Reimer |
| Alan Dunton | Tim Reiner |
| Lale Faheem | Steven Ripa |
| Henrik Glarbo | Lois Rogers |
| Kathryn Gregory | Anthony Roncalli |
| Carl Graf | Fred Sexton |
| Amaury Guerrero | Raman Singh |
| David J. Haddox | Tejash Shah |
| Hal Holbrook | Robert Shapiro |
| Cornelia Hentzsch | Ralph Snyderman |
| Anneke Hooiveld | John Stewart |
| Stephen Ives | Gary Stiles |
| Steve Jamieson | Philip Strassburger |
| Hans-Peter Kirschgaessner | Subhanu Saxena |
| Stephen Knott | Chris Surridge |
| Alan Koller | Alex Taub |
| Tom Koutsavlis | Mark Timney |

Exhibit A

| | |
|---|---|
| Ann Kraft | Jacques Theurillat |
| Don Kyle | Karen Trayer |
| Craig Landau | Neil Trueman |
| Brian Lea | Brianne Weingarten |
| David Levine | Elizabeth Weiss |
| Judy Lewent | Jonathan White |
| William Loomis | Ake Wikstrom |
| Jon Lowne | Kurt Wuest |