UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>**PURDUE PHARMA L.P.**, *et al.*,<br><br>      Debtors.[1] | Chapter 11<br><br>Case No. 19-23649 (RDD)<br><br>(Jointly Administered) |

**ORDER AUTHORIZING DEBTORS TO
ENTER INTO FUNDING AGREEMENT**

Upon the amended motion (the "**Motion**")[2] of Purdue Pharma L.P. and its affiliates that are debtors and debtors in possession in these cases (collectively, the "**Debtors**") for entry of an order, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, Bankruptcy Rules 6003 and 6004 and Rule 9013-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), authorizing the Debtors to enter into a funding agreement with HRT, as more fully described in the Motion (the "**Agreement**") and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to such term in the Motion.

1

1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion and the statements filed in response and held a hearing to consider the relief requested in the Motion on June 23, 2020 (the "**Hearing**"); and it appearing that the proposed funding agreement was negotiated and entered into at arms-length and in good faith; and, after due deliberation, the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish good and sufficient cause for the relief granted herein, that entry into the funding agreement is a proper exercise of business judgment in the context of these cases, and that the relief requested is in the best interests of the Debtors and their estates; now, therefore,

**IT IS HEREBY ORDERED THAT**

1. The Motion is hereby granted as set forth herein.

2. Pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the Debtors are authorized to make the $2.5 million Milestone Payment in respect of the First Milestone Event and the $4 million Milestone Payment in respect of the Second Milestone Event, in each case in accordance with the terms of the Agreement; *provided* that, prior to the approval thereof by further order of the Court, the Debtors shall not make the Third Milestone Payment.

3. Within 20 days of the end of each month, the Debtors shall provide each of the Committee, the Ad Hoc Committee and the Non-Consenting States Group with a copy of the monthly written report provided by HRT to PPLP pursuant to Section 2.5 of the Agreement.

4. Any Bankruptcy Rule (including, but not limited to, Bankruptcy Rule 6004(h)) or Local Rule that might otherwise delay the effectiveness of this Order is hereby waived, and the terms and conditions of this Order shall be effective immediately and enforceable upon its entry.

5. The contents of the Motion and the notice procedures set forth therein are good and sufficient notice and satisfy the Bankruptcy Rules and the Local Rules, and no other or further notice of the Motion or the entry of this Order shall be required.

6. In the event that the Debtors seek future authorization to make additional payments to HRT not authorized under this Order, nothing herein shall limit or otherwise modify any party's right to object to the granting of such relief on any ground or the Court's evaluation of any such objection.

7. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and enforcement of this Order.

Dated:  June 25, 2020                    /s/ Robert D. Drain
      White Plains, New York            THE HONORABLE ROBERT D. DRAIN
                                                            UNITED STATES BANKRUPTCY JUDGE