UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>**PURDUE PHARMA L.P.,** *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 19-23649 (RDD)<br><br>(Jointly Administered) |

**ORDER GRANTING THE APPLICATION OF STIKEMAN ELLIOTT LLP AS AN ORDINARY COURSE PROFESSIONAL FOR COMPENSATION FOR SERVICES RENDERED IN EXCESS OF THE TIER 1 OCP CAP FOR THE PERIOD FROM SEPTEMBER 15, 2019 THROUGH NOVEMBER 30, 2019**

Upon consideration of the application (the "**Application**") filed by Stikeman Elliott LLP ("**Stikeman**") pursuant to section 331 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and the *Order Authorizing Debtors to Employ Professionals Used in the Ordinary Course of Business Nunc Pro Tunc to the Petition Date* [ECF No. 548] (the "**OCP Order**"), seeking allowance of compensation for actual and necessary professional services in excess of the Tier 1 OCP Cap[2] in the amount of $38,999.00 during the period of September 15, 2019 through November 30, 2019 (the "**Fee Period**"); and an independent fee examiner (the "**Fee Examiner**") having been appointed in these cases in accordance with the *Order Authorizing Appointment of*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the OCP Order

*Independent Fee Examiner Pursuant to 11 U.S.C. § 105(a) and Modifying Interim Compensation Procedures for Certain Professionals Employed Pursuant to 11 U.S.C. § 327* [ECF No. 1023] (the "**Fee Examiner Order**"); and the Fee Examiner having reviewed the Application in accordance with the Fee Examiner Order and filed a Final Report (as defined in the Fee Examiner Order) with the Court in respect of the Application [ECF No. 1292]; and Stikeman and the Fee Examiner having agreed to a recommended fee reduction of $754.00, as set forth on **Schedule A** hereto; and the Fee Examiner having no objection to payment of Stikeman's fees in the amount set forth on **Schedule A** hereto under the column heading "Amount of Fees in Excess of Tier 1 OCP Cap Allowed"; and due and proper notice having been provided pursuant to Bankruptcy Rules 2002(a)(6) and (c)(2) and the OCP Order, and it appearing that no other or further notice need be provided; and there being no objections to the relief granted herein; and a hearing having been held on June 23, 2020 to consider the Application (the "**Hearing**"); and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and this matter being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and upon the record of all of the proceedings had before the Court; and it appearing that the amount set forth on **Schedule A** for which compensation is allowed hereby was actual, reasonable, and necessary; and good and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Application is granted as set forth herein.

2. Stikeman is awarded interim compensation for professional services rendered

during the Fee Period in excess of the Tier 1 OCP Cap in the amount set forth on **Schedule A** hereto under the column heading "Amount of Fees in Excess of Tier 1 OCP Cap Allowed."

3. The Debtors are authorized and directed to pay Stikeman promptly the amounts of fees approved by this Order, to the extent such amounts have not previously been paid.

4. This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: June 26, 2020
      White Plains, New York

                                              */s/Robert D. Drain*
                                              HONORABLE ROBERT D. DRAIN
                                              UNITED STATES BANKRUPTCY JUDGE

## Schedule A

### Application for Fees in Excess of the Tier 1 OCP Cap

**Case No:** 19-23649 (RDD)
**Case Name:** In re Purdue Pharma L.P., *et al.*

| Applicant | Date and Docket Number of Application | Time Period Covered by Application | Amount of Fees in Excess of Tier 1 OCP Cap Requested | Voluntary Reduction of Fees | Amount of Fees in Excess of Tier 1 OCP Cap Allowed |
|---|---|---|---|---|---|
| Stikeman Elliott LLP | May 1, 2020<br>ECF No. 1126 | 9/15/2019 – 11/30/2019 | $38,999.00 | $754.00 | $38,245.00 |

Date Order Signed:  6/26/2020                                                                 Initials:  RDD   USBJ