19-23649-shl    Doc 1308-2    Filed 06/27/20    Entered 06/27/20 21:34:39    Exhibit B-
Engagement Agreement    Pg 1 of 5

**Exhibit B**

**Engagement Agreement**

# CADWALADER

Cadwalader, Wickersham & Taft LLP
700 Sixth Street, N.W., Washington, DC 20001
Tel +1 202 862 2200  Fax +1 202 862 2400
www.cadwalader.com

April 24, 2020

**VIA EMAIL TO VILSACK.TOM@GMAIL.COM**

Honorable Tom Vilsack
31169 Napa Valley Crest
Waukee, IA 50263

Dear Mr. Vilsack:

  This engagement letter agreement ("Agreement") confirms that you, in your role as court-appointed monitor (the "Monitor") in the bankruptcy matter of *In Re Purdue Pharma,* 19-08289 (SDNY), has agreed to retain Cadwalader, Wickersham & Taft, LLP ("Cadwalader" or the "Firm") and Jodi Avergun ("Consultant") to render expert legal and consulting services to the Monitor in connection with certain obligations undertaken by Purdue Pharma as outlined in a voluntary injunction filed with the court in the matter listed above (the "Matter"). Our engagement is effective as of the date this letter is signed by you.

  **I.**  **Engagement and Performance**

  The Monitor has retained Consultant to render expert and legal services pertaining to the Monitor's duty to evaluate and report on certain obligations voluntary agreed to by Purdue Pharma relating to the Controlled Substances Act and regulations thereunder in connection with Matter. My work will be necessary adjunct to Counsel's legal services, and may include:

  (1) Consulting with and evaluating evidence and information relevant to the Matter, as outlined in Section II.G of the Voluntary injunction to render an opinion and advice based on my knowledge and expertise in the area of state and federal Controlled Substances Act compliance, laws, the responsibilities of DEA registrants and the controlled substance manufacturing and distribution industries;

  (2) Preparation of one or more written reports regarding such opinions. I am permitted to use associates of my firm to assist in the preparation of any written materials Counsel asks me to prepare.

  I shall use best efforts to meet all schedules, timetables, and deadlines that we may set and agree to.

  By signing this Agreement, I confirm that the Monitor has explained the nature of the Matter, the relevant parties, and the issues involved in it, and that: (i) I have no conflict of interest in

CADWALADER

providing my services to the Monitor; (ii) I believe that I have the necessary expertise, as a result of my education, training, and experience, and know of no reason why I cannot complete the work described above, including if necessary and agreed by the Parties hereto, and preparing written materials regarding my opinions; (iii) I can, consistent with my other obligations, devote sufficient time and attention to this matter to assist the Monitor.

## II.     Fees and Charges

### (a) General Rates.

The Parties agree that I shall be compensated at my standard rate of $1,300 per hour for my work. The Parties agree and acknowledge that my fee is in no way contingent upon the nature of my findings or opinions, presentation of these findings or opinions in testimony, or the outcome of any proceeding. The parties agree that my associates or support staff will also be compensated at their normal hourly rates, which range from $500 to $1,025 per hour. I understand that the Monitor will seek reimbursement of any charges that Cadwalader incurs from the bankruptcy estate. However, by signing this letter, the Monitor acknowledges that the Monitor will be solely responsible for payment of my fees and expenses.

### (b) Other Charges and Expenses.

I shall be entitled to reimbursement for any reasonable and necessary out-of-pocket costs that may incur in connection with this Agreement, subject to the following limitations applicable to travel, if any, in connection with the Matter:

- Airfare: I shall be reimbursed at cost for full fare coach tickets for flights.
- Hotel: I shall be reimbursed at cost for hotel accommodations totaling $450.00 or less per night.
- Meals: I shall be reimbursed at cost for meals totaling $20 or less for breakfast, $45 or less for lunch or dinner.

### (c) Billing Practices.

All bills, which shall include a reasonable description of tasks performed, shall be emailed to the Monitor (at vilsack.tom@gmail.com) on or before the 1st day of each month, commencing on June 1, 2020. The Monitor will review such bills and, absent any issues with the bills warranting further discussion, payment is due 75 days from submission.

## III.     Confidentiality

In the course of my work, the Monitor may supply me with certain confidential information and documents[1] in connection with the Matter. In addition, I may also generate certain confidential documents. All communications and transmission of documents between or among the Monitor and me (and any agents working for or retained by or for any of the

---

[1] For the purpose of this Agreement, "documents" shall refer to any correspondence, memoranda, reports, recordings, notes, drafts, data compilations, other writings, drawings, charts, or graphs, including all documents stored electronically.

CADWALADER

foregoing), as well as any information or documents developed by me, in connection with the Matter are solely for the purpose of assisting and vising the Monitor. These communications and documents are or may be subject to privilege or other protections, including, but not limited to, the attorney-client and work-product privileges, and must, therefore, be treated with the strictest confidentiality.

### IV.   Conflicts

The undersigned agree that during the pendency of this engagement, Cadwalader is not acting as counsel to Purdue Pharma, and there is no attorney-client relationship between Ms. Avergun and Purdue Pharma.

### V.   Resolution of Disputes - Mediation and Arbitration

Although we do not expect that differences will arise between us, as lawyers we recognize that disagreements can happen and it is therefore wise to agree upon a procedure for resolving them fairly and expeditiously. Accordingly, other than with respect to any dispute arising during the bankruptcy matter of Purdue Pharma as to which the presiding court has jurisdiction, including with respect to the approval of our fees, disbursements and charges any dispute arising out of or relating to our rendering professional services to you will first be submitted to private, confidential non-binding mediation with a mediator jointly selected by you and the Firm, or failing a joint selection with a mediator selected by the New York office of JAMS.

If resolution through mediation is not achieved, any such dispute will be finally resolved by private, confidential binding arbitration. If the New York Fee Dispute Resolution Program (Part 137 of 22 NYCRR) applies, the arbitration will be conducted in accordance with that Program (copy available upon request). Otherwise, the arbitration will be conducted in New York City in accordance with the procedures in this letter and the CPR Institute Rules for Non-Administered Arbitration ("Rules") in effect on the date of this letter, or such other rules and procedures as the parties may agree. In the event of a conflict between the Rules and the provisions of this letter, the latter will control. The arbitration will be conducted before a panel of three arbitrators of whom each party shall select one, and the third shall be selected by the two party selected arbitrators. No potential arbitrator may be appointed unless he or she has agreed in writing to these procedures. Any issue concerning the extent to which any dispute is subject to arbitration, or concerning the applicability, interpretation or enforceability of any of these procedures shall be governed by the Federal Arbitration Act and resolved by the arbitrators. Discovery shall be permitted only to the extent expressly authorized by the arbitration panel upon a showing of substantial need by the party seeking discovery. The arbitration panel shall have no power to award non-monetary or equitable relief or to award damages in the nature of punitive, exemplary, statutory, consequential or other damages in excess of compensatory damages. The arbitrators shall issue a final award in writing as promptly as practicable which shall be binding on each of us. Judgment on an award may be entered in any court having jurisdiction. All information concerning the fact, substance or result of the arbitration shall remain confidential and not disclosed except to the extent necessary to enforce the award or as otherwise required by law. The arbitrators' fees and expenses shall be borne equally by the parties. Each party shall bear the fees and expenses of its counsel.

# C A D W A L A D E R

### VI.    Governing Law and Entire Agreement.

This Agreement shall be governed by the laws of the State of New York without regard to the principles of conflicts of law. The Parties hereby consent to submit themselves to the personal jurisdiction of the federal or state courts located in the State of New York in any suit, action, or proceeding arising out of or relating to this Agreement.

This Agreement sets forth the entire agreement and understanding of the parties relating to the subject matter hereof and supersedes all prior agreements, arrangements, and understandings, written or oral, relating thereto. No representation, promise, or inducement has been made by either party that is not embodied in this Agreement and neither party shall be bound by or liable for any alleged representation, promise, or inducement not so set forth.

### V.    Termination

You may terminate this relationship at any time by giving us written notice, subject to the obligation of paying us according to the terms of this agreement. We, in turn, may withdraw from the representation upon reasonable notice for any reason, provided that we determine in our reasonable discretion that termination is permissible under the applicable rules of professional responsibility.

*     *     *

Please contact us should you require clarification of anything in this letter agreement. Please confirm your agreement to these terms by signing and returning the enclosed copy of this letter agreement at your earliest convenience.

Sincerely,

CADWALADER, WICKERSHAM & TAFT LLP

Dated: _____    _____

Jodi Avergun
Partner


**TOM VILSACK**

Dated: _____    _____