## Exhibit A

### Stipulation

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut
James I. McClammy

*Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (RDD)** |
| **Debtors.**[1] | **(Jointly Administered)** |

**STIPULATION AND ORDER PERMITTING THE FILING OF A CLASS PROOF OF CLAIM SOLELY FOR ADMINISTRATIVE CONVENIENCE IN ORDER TO EFFECTUATE A POTENTIAL SETTLEMENT IN RESPECT OF CERTAIN CANADIAN LITIGATION**

Purdue Pharma L.P. ("**PPLP**") and certain of its affiliates, as debtors and debtors in

possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter**

**11 Cases**"), and the Plaintiffs (as defined below), by and through their undersigned counsel, hereby

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

enter into this stipulation and order (this "**Stipulation**").  The Debtors and the Plaintiffs are

individually referred to herein as a "**Party**" and are collectively referred to herein as the "**Parties**."

**Recitals**

A.    On September 15, 2019 (the "**Petition Date**"), the Debtors each filed a voluntary

petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101, et seq.

(as amended or modified, the "**Bankruptcy Code**") in the United States Bankruptcy Court for the

Southern District of New York (the "**Bankruptcy Court**").  The Debtors are authorized to operate

their businesses and manage their properties as debtors in possession pursuant to sections 1107(a)

and 1108 of the Bankruptcy Code.  No trustee of examiner has been appointed.  On September 27,

2019, the United States Trustee for the Southern District of New York appointed the official

committee of unsecured creditors.  The Chapter 11 Cases are being jointly administered pursuant

to Rule 1015(b) of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**").

B.    On February 3, 2020, the Bankruptcy Court entered the *Order Establishing (I)*

*Deadlines for Filing Proofs of Claim and Procedures Relating Thereto, (II) Approving the Proof*

*of Claim Forms, and (III) Approving the Form and Manner of Notice Thereof* [ECF No. 800] (the

"**Initial Bar Date Order**") establishing 5:00 p.m. (Prevailing Eastern Time) on June 30, 2020 (the

"**General Bar Date**") as the deadline for all persons and entities (including, without limitation,

individuals, partnerships, corporations, joint ventures, trusts, governmental units, and Native

American Tribes), holding a pre-petition claim, as defined in Section 101(5) of the Bankruptcy

Code (a "**Claim**"), against the Debtors which arose on or prior to the Petition Date, to file a proof

of claim.  On June 3, 2020, the Bankruptcy Court entered the *Order (I) Extending the General Bar*

*Date for a Limited Period and (II) Approving the Form and Manner of Notice Thereof* [ECF No.

1221] (the "**Bar Date Extension Order**") extending the General Bar Date to July 30, 2020 at 5:00 p.m. (Prevailing Eastern Time).

  C.  On February 10, 2020, the Ontario Superior Court of Justice (Commercial List) (the "**CCAA Court**") entered the *Recognition Order Regarding Bar Date Order and Other Relief*, recognizing the Initial Bar Date Order, in the Debtors' foreign proceeding under Canada's *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended (the "**CCAA Proceeding**"). The Debtors will seek an order of the CCAA Court recognizing the Bar Date Extension Order.

  D.  Ten class actions (the "**Canadian Class Actions**") were commenced in each province of Canada (except Manitoba) between May 11, 2007 and June 22, 2012. The Canadian Class Actions, the lead plaintiffs in each Canadian Class Action (each, a "**Plaintiff**" and, collectively, the "**Plaintiffs**"), and the defendants in the Canadian Class Actions are set out on **Schedule 1** hereto.  The Canadian Class Actions relate to the manufacture, marketing, sale, distribution, labelling, prescription and use of OxyContin® and OxyNEO® in Canada.

  E.  The Canadian Class Actions are subject to a conditional national class action settlement agreement (the "**Settlement Agreement**"), attached hereto as **Schedule 2**, that has received requisite approval from the Ontario Superior Court of Justice, Superior Court of Quebec, Supreme Court of Nova Scotia, but has yet to receive requisite approval from the Court of Queen's Bench for Saskatchewan (the "**Saskatchewan Court**").

  F.  Under the Settlement Agreement, the defendants in the Canadian Class Actions consented to conditional certification of the Canadian Class Actions for settlement purposes only. In connection therewith, the Ontario Superior Court of Justice, Superior Court of Quebec, Supreme

Court of Nova Scotia and the Saskatchewan Court have entered orders certifying certain Classes in the Canadian Class Actions solely for purposes of approving the Settlement Agreement.

G.      The Settlement Agreement provides for the payment of CAD $18 million to class members, less legal fees and other costs, plus a payment of CAD $2 million less legal fees to satisfy subrogated claims of provincial health insurers, for a total of CAD $20 million.  Prior to the Petition Date, Non-Debtor Purdue Pharma (Canada), an independent associated company beneficially owned by the Debtors' shareholders, settled a trust for the full amount of the Settlement Payment (the "**Settlement Trust**").  The funds in the Settlement Trust are held in trust for the benefit of the Settlement Claimants (as defined below) and will be distributed in accordance with the Settlement Agreement if the Settlement Agreement is approved by the Saskatchewan Court.  Establishment of this Settlement Trust, which holds the full amount of the Settlement Payment, does not affect the proposed settlement framework in these Chapter 11 Cases, as described in the summary term sheet filed with the Bankruptcy Court [ECF No. 257].

H.      The purpose of this stipulation is to permit the Plaintiffs to file a proof of claim on behalf of the class of claimants in the Canadian Class Actions solely for effectuating the Settlement Agreement, and not for any other purpose. To the extent that the Settlement Agreement is not approved by the Saskatchewan Court, any proof of claim filed on behalf of the class of claimants shall be null and void and of no further force and effect. Therefore, all potential class claimants in the Canadian Class Actions will need to file a proof of claim in the Debtors' cases to preserve their claims, which claims will be disallowed if and to the extent that the Settlement Agreement is effectuated.

I.      Capitalized terms not otherwise defined herein have the meaning ascribed to them in the Settlement Agreement.

NOW, THEREFORE, in consideration of the mutual promises and covenants contained herein, and other good and valuable consideration, the Parties, intending to be legally bound, stipulate and agree as follows:

1.      On behalf of all potential holders (the "**Settlement Claimants**") of Settled Claims (as defined in the Settlement Agreement), the undersigned class counsel ("**Class Counsel**") may file a class proof of claim (a "**Class Proof of Claim**") in the amount of the Settlement Payment aggregating the Settlement Claimants' respective Settled Claims against each Debtor named as a defendant in the Canadian Class Actions.  Notwithstanding anything in this Stipulation to the contrary, a Class Proof of Claim shall only state a claim for Settled Claims held by the Settlement Claimants in the amount of the Settlement Payment and no other claims may be asserted against any Debtor in any Class Proof of Claim.

2.      Class Counsel, by filing the Class Proof of Claim, consents to and hereby is deemed to be the claimant under the Class Proof of Claim for the purpose of receiving notices and distributions, if any, except as otherwise provided in a confirmation order related to a chapter 11 plan filed in the Chapter 11 Cases, and may respond to any objections to any claims asserted in the Class Proof of Claim.  Notice to Class Counsel shall be sufficient notice to the Settlement Claimants.

3.      The Plaintiffs and Class Counsel acknowledge and agree that, if approved by the Saskatchewan Court: (i) the Settlement Agreement and Class Proof of Claim is the exclusive remedy for all Settled Claims in the Chapter 11 Cases; (ii) the Settlement Agreement and Class Proof of Claim shall supersede and replace any other proof of claim or portion thereof filed by any of the Plaintiffs, Settlement Claimants, or counsel to any of the foregoing, in the Chapter 11 Cases in respect of Settled Claims; (iii) that upon the Effective Date (as defined in the Settlement

Agreement) the Debtors shall be deemed to have been completely and unconditionally released, forever discharged, and acquitted from any and all Settled Claims against the Debtors and from any other proof of claim or portion thereof in respect of any Settled Claim filed against any Debtor; and (iv) the Chapter 11 Debtors shall apply for an Order of the CCAA Court, and Class Counsel shall support such requested Order, requiring the Claims Administrator to provide the Debtors or any successor to the Debtors, including without limitation any plan administrator, a list of the names and addresses of all Approved Claimants within 120 days of the Effective Date, and updated lists no less frequently than every 120 days thereafter or as otherwise reasonably requested by the Debtors or any successor to the Debtors.

4.    The Debtors acknowledge and agree that the Class Proof of Claim shall not otherwise prejudice any proof of claim filed in respect of (a) claims against the Debtors arising on or before the Petition Date other than Settled Claims or any other claims of the Settlement Claimants; or (b) Settled Claims or any other claims of the Settlement Claimants in the event the Settlement Agreement is not approved by the Saskatchewan Court or the Effective Date does not otherwise occur under the Settlement Agreement (the "**Contingent Claims**"). For the avoidance of doubt, the Contingent Claims shall be subject to the General Bar Date and any Contingent Claim filed after the General Bar Date shall be considered untimely.

5.    The Parties acknowledge and agree that, if the Settlement Agreement is approved by the Saskatchewan Court and the funds in the Settlement Trust are released for the benefit of the Settlement Claimants: (i) no Settlement Claimant that filed a proof of claim in the Chapter 11 Cases shall receive a recovery in respect of a Settled Claim from any source other than the Settlement Payment made from the Settlement Trust; and (ii) any Settlement Claimant that filed a proof of claim in the Chapter 11 Cases shall have the burden of proving that such proof of claim

is not in respect of a Settled Claim that was released and discharged pursuant to this Stipulation.

Any chapter 11 plan in the Chapter 11 Cases and any order confirming such plan will provide that

(i) no distributions will be made on account of any claims that may constitute Settled Claims unless

and until (x) the Saskatchewan Court approves the Settlement Agreement and all funds in the

Settlement Trust have been distributed to Settlement Claimants in accordance with the Settlement

Agreement, or (y) the Saskatchewan Court denies the Settlement Agreement.  Any chapter 11 plan

in the Chapter 11 Cases and any order confirming such plan will further provide that, in the case

of clause (x) in the immediately preceding sentence, a Settlement Claimant may subsequently seek

a recovery in the Chapter 11 Cases but only with regard to claims that are not Settled Claims, and

only if such Settlement Claimant can demonstrate that they have not received any recovery from

the Settlement Trust on account of such claim and that such claim is not otherwise a Settled Claim

from which the Debtors were discharged under the Settlement Agreement.

6.      The Debtors' agreement herein to permit the filing of the Class Proof of Claim is

intended solely for the purpose of administrative convenience and neither this Stipulation nor the

filing of any Class Proof of Claim shall constitute an admission of any fact or of liability with

respect to any claim, including any Contingent Claim, or in any way prejudice the right of any

Debtor or any other party in interest to object to the allowance, amount and/or priority of any

claim, including the Class Proof of Claim or any Contingent Claim.

7.      The Parties agree that in the event the Saskatchewan Court does not approve the

Settlement Agreement, this Stipulation shall be deemed withdrawn and any Class Proof of Claim

shall be rescinded and deemed null and void.

8.      The Bankruptcy Court shall have exclusive jurisdiction to resolve any and all

disputes related to this Stipulation.  Each of the Parties irrevocably consents for all purposes of

this Stipulation to the jurisdiction of the Bankruptcy Court and agrees that venue is proper in the Bankruptcy Court.

9.      This Stipulation is subject to the approval of this Court and shall become effective and enforceable immediately upon entry of an order by the Court approving this Stipulation.  If this Stipulation is not approved by the Court, then this Stipulation shall be deemed null and void, and shall not be referred to or used for any purpose by any of the Parties in either the Chapter 11 Cases or in any other forum.

10.      Nothing in this Stipulation, whether express or implied, shall be construed to give to any person or entity other than the Parties any legal or equitable right, remedy, interest, or claim under or in respect of this Stipulation.

11.      The Parties represent and warrant to each other that the signatories to this Stipulation have full power and authority to enter into this Stipulation.

12.      This Stipulation represents the Parties' mutual understandings and supersedes all prior agreements whether in oral or written form with respect to the matters addressed herein and is intended to be the complete and exclusive statement of the terms thereof and may not be modified or amended except by a writing signed by the Parties or their counsel.

IN WITNESS WHEREOF, and in agreement herewith, the Parties have executed

and delivered this Stipulation as of the date first set forth below.


Dated:    June 30, 2020
       New York, New York


               DAVIS POLK & WARDWELL LLP

               By:   */s/ James I. McClammy*
               450 Lexington Avenue
               New York, New York 10017
               Telephone: (212) 450-4000
               Facsimile:  (212) 701-5800
               Marshall S. Huebner
               Benjamin S. Kaminetzky
               Timothy Graulich
               Eli J. Vonnegut
               James I. McClammy

               *Counsel to the Debtors*
               *and Debtors in Possession*

Dated:    June 29, 2020
          Halifax, Nova Scotia

WAGNERS

By:_____
1869 Upper Water Street
Suite PH301
Halifax, NS B3J 1S9
Telephone: (902) 425-7330
Facsimile: (902) 422-1233
Raymond Wagner, Q. C.

*Class Counsel*


ROCHON GENOVA LLP

By:_____
121 Richmond Street West
Suite 900
Toronto, ON M5H 2K1
Telephone: (416) 548-9874
Joel P. Rochon

*Class Counsel*


SISKINDS LLP

By:_____
680 Waterloo Street
P.O. Box 2520
London, ON N6A 3V8
Telephone: (519) 672-2121
Michael G. Robb

*Class Counsel*

MERCHANT LAW GROUP LLP

By:_____
501 – 224 4th Avenue S.
Saskatoon, SK S7K 5M5
Telephone: 306-653-777
Raymond Wagner, Q.C. *for* Tony Merchant, Q.C.

*Class Counsel*