PILLSBURY WINTHROP SHAW PITTMAN LLP
Andrew M. Troop
31 West 52nd Street
New York, New York 10019
212-858-1000

*Counsel to the Ad Hoc Group of Non-Consenting States*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | Chapter 11 |
| **PURDUE PHARMA, L.P.,** *et al.*,[1] | Case No. 19-23649 (RDD) |
| **Debtors.** | (Jointly Administered) |

**THE AD HOC GROUP OF NON-CONSENTING STATES' JOINDER IN, AND STATEMENT WITH RESPECT TO, *EX PARTE* MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF PURDUE PHARMA, *ET AL*. FOR AN ORDER AUTHORIZING EXAMINATIONS PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 2004 AND 9016**

To the Honorable Robert D. Drain, United States Bankruptcy Judge:

The Ad Hoc Group of Non-Consenting States (the "**Non-Consenting States**")[2] submits

this joinder in, and statement with respect to, the *Ex Parte Motion of the Official Committee of*

*Unsecured Creditors of Purdue Pharma, et al. for an Order Authorizing Examinations Pursuant*

---

[1] The debtors in these chapter 11 cases ("**Debtors**" or "**Purdue**"), along with the last four digits of their federal tax identification numbers, are Purdue Pharma Manufacturing L.P. (3821), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies K.P. (1868), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (6166), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717), and SVC Pharma Inc. (4014). The Debtors' principal offices are at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] California, Colorado, Connecticut, Delaware, the District of Columbia, Hawaii, Idaho, Illinois, Iowa, Maine, Maryland, Massachusetts, Minnesota, Nevada, New Hampshire, New Jersey, New York, North Carolina, Oregon, Pennsylvania, Rhode Island, Vermont, Virginia, Washington, and Wisconsin.

*to Federal Rules of Bankruptcy Procedure 2004 and 9016* [Docket No. 1317] (the "**Motion**")[3] submitted by the Official Committee and respectfully state as follows:

## STATEMENT AND JOINDER

1.    The Non-Consenting States join the Official Committee in its Motion to establish the mechanics required for obtaining discovery under Bankruptcy Rule 2004 from the IACs, Stuart Baker, Other II Way Entities or OTWs, and Moab Capital.

2.    In addition to having an interest in obtaining and reviewing documents requested by the Official Committee, the Non-Consenting States, directly and working with the Official Committee, have also requested information and documents from the IACs, Stuart Baker and OTWs. These requests relate to ongoing work of the Non-Consenting States with their review of the liability of the Initial Covered Sackler Persons and their offer under the proposed Settlement Framework. The Non-Consenting States have participated in numerous meet and confers with the Official Committee and counsel for the IACs and others and continue to work through and attempt to resolve discovery issues informally.

3.    In light of the Motion, to reduce the burden on the Court of addressing multiple Bankruptcy Rule 2004 motions for discovery of the IACs, Stuart Baker, OTWs, and Moab Capital, the Non-Consenting States join the Motion and respectfully request that they be permitted to take discovery under any order authorizing discovery of the IACs, Stuart Baker, OTWs, and Moab Capital, for the reasons set forth in the Motion.

---

[3] Capitalized terms used herein not otherwise defined have the meaning ascribed to them in the Motion.

## RESERVATION OF RIGHTS

4. The Non-Consenting States reserve all of their respective rights, claims, defenses, and remedies, including without limitation, the right to seek additional discovery (including depositions) from the IACs, Stuart Baker, OTWs, and Moab Capital and others.

## CONCLUSION

5. For the reasons set forth above and in the Official Committee's Motion, the Non-Consenting States respectfully request that the Court enter an order that authorizes the Official Committee and the Non-Consenting States to undertake a Bankruptcy Rule 2004 examination of the IACs, Stuart Baker, OTWs, and Moab Capital. Attached as **Exhibit A** is a clean and black line proposed form of order adding the Non-Consenting States to the proposed order attached to the Motion.

Dated: July 1, 2020  
      New York, New York

Respectfully submitted,

PILLSBURY WINTHROP SHAW PITTMAN LLP

By:   /s/ *Andrew M. Troop*  
      Andrew M. Troop  
      Andrew V. Alfano  
      31 West 52nd Street  
      New York, NY 10019  
      Telephone: (212) 858-1000  
      Email: andrew.troop@pillsburylaw.com  
      andrew.alfano@pillsburylaw.com

      Jason S. Sharp, admitted *pro hac vice*  
      2 Houston Center  
      909 Fannin, Suite 2000  
      Houston, TX 77010  
      Telephone: (713) 276-7600  
      Email: jason.sharp@pillsburylaw.com

*Counsel to the Ad Hoc Group of Non-Consenting States*

## **CERTIFICATE OF SERVICE**

      I, Andrew M. Troop, hereby certify that, on July 1, 2020, I caused true and correct copies of the foregoing document to be served (i) by the Court's Case Management/Electronic Case File (CM/ECF) System to all parties who are deemed to have consented to electronic service; and (ii) by email upon the parties set forth in the Master Service List maintained by the Debtors in respect of these chapter 11 cases.

      /s/ *Andrew M. Troop*
      Andrew M. Troop

# **EXHIBIT A**

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| **PURDUE PHARMA, L.P.,** *et al.*,[1] ) | Case No. 19-23649 (RDD) |
| ) | |
| **Debtors.** ) | (Jointly Administered) |
| ) | |

**ORDER PURSUANT TO FEDERAL RULES OF BANKRUPTCY
PROCEDURE 2004 AND 9016 AUTHORIZING
EXAMINATIONS OF THIRD PARTIES**

Upon the motion, dated June 30, 2020 (the "Motion"), of the Official Committee of Unsecured Creditors (the "Official Committee") of Purdue Pharma L.P. ("Purdue") and its affiliated debtors and debtors-in-possession (collectively, the "Debtors,") for an order pursuant to Fed. R. of Bankr. P. 2004 and 9016 authorizing the examinations and discovery described therein; and the joinder and statement ("Joinder")of the Ad Hoc Committee of Non-Consenting States (the "Non-Consenting States") with respect to the Motion; and the Court having jurisdiction over the Motion and Joinder pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b), as a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this District pursuant

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

2

to 28 U.S.C. §§ 1408 and 1409; and no additional notice being required except as provided herein; and, after due deliberation and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion, as modified by the Joinder, is granted as provided herein.

2. The Official Committee and Non-Consenting States are authorized, pursuant to Fed. R. Bankr. P. 2004, to conduct examinations of, including, without limitation, by seeking electronically stored information and other documents from, (i) the IACs, defined in the Motion by reference to the Amended Case Stipulation as all ex-U.S. pharmaceutical entities, related businesses, joint ventures, or other holdings directly or indirectly owned or controlled by any Shareholder Party and that are included in the financial information provided in the investment banker presentation made available to certain parties prior to the petition date, (ii) Stuart Baker, (iii) the Other II Way Entities, defined in the Motion as all entities jointly owned or controlled, directly or indirectly, by the two sides of the Sackler family that are not IACs, and (iv) the investment firm Moab Capital (collectively, the "Producing Parties"), and to issue subpoenas in connection with such examinations pursuant to Fed. R. Bankr. P. 2004(c) (the "Subpoenas").

3. The examinations and document production required hereby shall be subject to the assertion of applicable privilege; provided, that if a document required to be produced hereby is withheld on the basis of an asserted privilege, the Party withholding such document shall provide a proper privilege log at the time of production hereunder.

4. The Official Committee, the Debtors, the Ad Hoc Group of Non-Consenting States, the Ad Hoc Committee of Governmental and Other Contingent Litigation Claimants, and the Producing Parties shall meet and confer not only to attempt in good faith to resolve any disputes over any Subpoenas but also to efficiently coordinate the issuance of and compliance

3

with the Subpoenas. In furtherance of the foregoing, on a going forward basis these Parties shall record all time and expenses on this discovery matter and report the aggregate sum to each other on a weekly basis and also on a weekly basis discuss any cost containment issues.

5.   This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: July __, 2020
      White Plains, New York

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE