AKIN GUMP STRAUSS HAUER & FELD LLP
Ira Dizengoff
Arik Preis
Mitchell Hurley
Joseph L. Sorkin
Sara L. Brauner
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002

*Counsel to the Official Committee of Unsecured*
*Creditors of Purdue Pharma L.P.,* et al.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| PURDUE PHARMA L.P., *et al.*, | ) ) ) | Case No. 19-23649 (RDD) |
| Debtors.[1] | ) ) ) | (Jointly Administered) |

**NOTICE OF FILING OF STIPULATION AND AGREED ORDER BETWEEN THE OFFICIAL COMMITTEE AND BETH COHEN, A RAYMOND SIDE ADDITIONAL COVERED SACKLER PERSON, REGARDING DISCOVERY IN THESE CASES**

**PLEASE TAKE NOTICE** that, on June 2, 2020 the Official Committee of Unsecured Creditors (the "Official Committee") appointed in the above-captioned chapter 11 cases (the "Chapter 11 Cases") of Purdue Pharma L.P. and certain of its affiliates that are debtors in

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014).

possession, submitted to the Court a letter (the "Committee Letter") raising certain issues regarding discovery in the Chapter 11 Cases.

**PLEASE TAKE FURTHER NOTICE** that, on June 5, 2020, various parties submitted letters (the "Response Letters") to the Court responding to the issues raised in the Committee Letter.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Court's direction on June 8, 2020, the parties resumed their meet and confer efforts, including with respect to certain points discussed in the Committee Letter and/or raised in the Response Letters.

**PLEASE TAKE FURTHER NOTICE** that the Official Committee and Beth Cohen, a Raymond Side Additional Covered Sackler Person represented by Schulte Roth & Zabel LLP,[2] have agreed to the terms of a stipulation and agreed order, attached hereto as **Exhibit A**.

[*The remainder of this page has been left blank intentionally.*]

---

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the attached stipulation.

Dated: New York, New York  AKIN GUMP STRAUSS HAUER & FELD LLP
July 1, 2020

By: */s/ Mitchell Hurley*
   Ira Dizengoff
   Arik Preis
   Mitchell Hurley
   Joseph L. Sorkin
   Sara L. Brauner
   One Bryant Park
   New York, New York 10036
   Telephone: (212) 872-1000
   Facsimile: (212) 872-1002
   idizengoff@akingump.com
   apreis@akingump.com
   mhurley@akingump.com
   jsorkin@akingump.com
   sbrauner@akingump.com

   *Counsel to the Official Committee of*
   *Unsecured Creditors Purdue Pharma L.P.*, et al.

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| PURDUE PHARMA L.P., *et al.*, | ) ) | Case No. 19-23649 (RDD) |
| Debtors.[2] | ) ) ) | (Jointly Administered) |

**STIPULATION AND AGREED ORDER
BETWEEN THE OFFICIAL COMMITTEE AND BETH COHEN,
AS TRUSTEE FOR CERTAIN COVERED SACKLER PERSON TRUSTS,
REGARDING DISCOVERY DEADLINES IN THE CHAPTER 11 CASES**

The Official Committee of Unsecured Creditors (the "Official Committee") appointed in the above-captioned chapter 11 cases (the "Chapter 11 Cases") of Purdue Pharma L.P. and its affiliated debtors in possession (collectively, the "Debtors") and Beth Cohen, in her capacity as a trustee for certain Covered Sackler Person[3] trusts, who is a Covered Sackler Person in that capacity only (the "Producing Party," and collectively with the Official Committee, the "Parties"), by and

---

[2] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014).

[3] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to such terms in the *Case Stipulation Among the Debtors, the Official Committee of Unsecured Creditors and Certain Related Parties* [ECF No. 291] (as subsequently amended by the *Amended and Restated Case Stipulation Among the Debtors, the Official Committee of Unsecured Creditors and Certain Related Parties*, dated November 20, 2019 [ECF No. 518]) (the "Case Stipulation").

2

through their undersigned counsel, hereby stipulate and agree as set forth below in this stipulation and agreed order (the "Stipulation").

**Recitals**

A. On May 13, 2020, counsel for the Producing Party confirmed, by telephone call with counsel for the Official Committee, that the Producing Party would participate in certain document discovery from Covered Sackler Persons that was discussed with the Court during a hearing on May 1, 2020, without requiring the Official Committee to serve the Producing Party with a subpoena.

B. On June 17, 2020, counsel for the Official Committee sent counsel for the Producing Party an e-mail asking if the Producing Party would join a discovery stipulation negotiated between the Official Committee and certain other individuals and entities. The Parties have, since that time, negotiated the terms set forth in this Stipulation.

C. The Parties' agreements with respect to certain discovery matters are set forth below.

D. By entering this Stipulation, the Producing Party is not representing, admitting or acknowledging that she has, or at any time has had, possession, custody or control over any of the documents sought by the Official Committee.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED AS FOLLOWS:**

1. For the purposes of this Stipulation, electronically-stored information, or ESI, shall mean emails, text messages, iMessages, WhatsApp messages and any other forms of electronic

messaging or any other form of electronic messaging communication, to the extent in the possession, custody or control of the Producing Party, that she indicates she has used, including all available attachments to and metadata regarding such communications. Counsel for the Producing Party shall (i) make a good faith inquiry to identify and (ii) shall engage in reasonable searches to collect ESI from all means of electronic communication used by the Producing Party, including by imaging and searching phones; cloud sharing services; or any other storage service, database, or archive maintained by or reasonably accessible to such Producing Party; and attempting to retrieve deleted messages from cloud sharing services or other reasonably accessible repositories of deleted messages, to the extent necessary.

2. For the avoidance of doubt, the Official Committee reserves its right to seek additional documents and information, including ESI, from the custodial files of the Producing Party, whether based on information that may be produced in accordance with this Stipulation or otherwise, and the Producing Party reserves her right to oppose any such request for additional searches and productions. If the Parties cannot reach agreement on any such supplemental request by the Official Committee, they may raise their dispute with the Court in accordance with paragraph 12 or by any other method available to them under the Federal Rules of Bankruptcy Procedure or otherwise.

I. **PRODUCING PARTY DISCOVERY**

3. The Producing Party agrees to conduct searches for all documents, communications and other ESI in her possession, custody or control, regardless of the capacity in which the Producing Party maintains, sent, received or created the ESI, during the time period January 1,

2006 through September 15, 2019 relating to, concerning, involving, reflecting, or arising out of (the "Responsive Documents"):

    a.    Purdue Pharma L.P., any of its affiliated debtors in possession, or any IACs;

    b.    opioids; or

    c.    (i) asset and/or estate planning for any Covered Sackler Person trust(s) for which the Producing Party serves, or has at any time during the relevant period served, as a trustee, or (ii) asset and/or estate planning involving any proceeds of the Debtors or IACs, or (iii) asset and/or estate planning involving any Covered Sackler Person, provided however that asset and estate planning information need not be produced if it relates solely to the affairs of the Producing Party, and does not relate to any other Covered Sackler Person, and does not concern any proceeds of any Debtors or IACs.

4. The Producing Party will search for and produce non-privileged Responsive Documents pursuant to the protocols set forth herein. For the avoidance of doubt, the Producing Party's production of non-privileged Responsive Documents shall not be limited to, documents maintained, sent, received, created or related to the Producing Party's role as a trustee for certain Covered Sackler Person trusts and shall include Responsive Documents maintained, sent, received or created in any capacity, including her personal capacity

5. The following schedule shall govern the collection and search of ESI. On or before:

    a.    **July 1, 2020**: Counsel for the Producing Party shall substantially complete collection of the Producing Party's ESI by July 1, 2020.

b. **July 1, 2020**: Counsel for the Official Committee, Akin Gump Strauss Hauer & Feld LLP ("Akin Gump"), shall supply proposed search terms for the Producing Party (the "Initial Search Terms").

c. **July 6, 2020**: Counsel for the Producing Party shall either (i) generate and provide to Akin Gump a search term hit report for the Initial Search Terms that details the number of documents returned, after using electronic deduplication methods that eliminate only true duplicates; or (ii) confirm that it will apply the Initial Search Terms to the Producing Party's ESI to identify Responsive Documents.

d. **July 7, 2020 – July 17, 2020**: Unless the parties otherwise agree in writing (which may be in the form of an email exchange), counsel to the Producing Party shall provide to Akin Gump hit reports for any revisions to the Initial Search Terms that Akin Gump may propose within three calendar days of receiving such revised search terms from Akin Gump, provided that Akin Gump shall use reasonable good faith efforts to submit revisions to the Initial Search Terms on no more than three occasions, and not to submit any revisions after July 17, 2020.

e. **On or before July 22, 2020 (the "Start Date")**: Search terms for the Producing Party shall be agreed among the Parties or the Parties will seek to have them determined by the Court (the "Search Terms").

6. If Search Terms are identified returning fewer than 30,000 unique documents for review, and if the Official Committee has indicated in writing that such terms are satisfactory to it (which may be in the form of an email),[4] Responsive Documents from the ESI of the Producing Party shall be produced on a rolling basis, and shall be substantially complete by August 22, 2020.

7. If Search Terms are identified returning more than 30,000 but fewer than 60,000 unique documents for review, and if the Official Committee has indicated in writing that such terms are satisfactory to it (which may be in the form of an email), Responsive Documents from the ESI of the Producing Party shall be produced on a rolling basis, and shall be substantially complete by September 22, 2020.  In this event, counsel for the Producing Party shall make good faith efforts to substantially complete review of at least 30,000 documents by August 22, 2020; to substantially complete review of all remaining documents by September 22, 2020; and to make regular, rolling productions throughout this period.

8. The Parties will work in good faith to attempt to agree to Search Terms returning fewer than 60,000 documents.  The Parties acknowledge, however, that information concerning the total volume of the Producing Party's ESI (to which the Search Terms will be applied) is not yet available.  If the Parties agree to Search Terms returning more than 60,000 unique documents for review, the Parties shall meet and confer to try to agree to a date for substantial completion of

---

[4] Search Terms approved by the Official Committee that return documents within the thresholds identified in paragraphs 5 and 6 (under 60,000 unique documents) shall be presumptively acceptable to the Parties.  However, the Producing Party reserves the right to seek relief from the Court pursuant to paragraph 12 if she objects to using any such Search Terms on any grounds.  Provided that the Producing Party raises her objection to the Court within three calendar days of notification that the Official Committee consents to the use of particular Search Terms, all deadlines respecting the review and production of the Producing Party's ESI shall be automatically stayed until the Court has resolved the Producing Party's objection.

7

rolling production of the Producing Party's ESI in excess of 60,000 unique documents. If the Official Committee requests the use of Search Terms that return in excess of the 60,000 unique documents and if the Producing Party does not agree on such terms, or if the Producing Party does agree on such terms but the Parties cannot agree on a date for completion of the ESI in excess of 60,000 unique documents, they may raise their dispute promptly to the Court in accordance with paragraph 12.

### IV.    Privilege Logs

9.    Responsive documents that are withheld or redacted for privilege or similar reasons shall be logged in accordance with Federal Rule of Bankruptcy Procedure 7026(b)(5), except that a document that is redacted for confidentiality reasons and that is provided in unredacted form under an Outside Professionals' Eyes Only designation need not be included. The Parties agree to meet and confer regarding the format and contents of privilege logs during the week of June 29 to July 3, 2020.

10.    The following schedule shall govern the production of rolling privilege logs:

a. **September 11, 2020**: Privilege log identifying all documents redacted or withheld from production on or before August 22, 2020 based on a claim of privilege or other alleged immunity from production. For the avoidance of doubt, the Producing Party shall finally determine whether she intends to assert a claim of privilege or other immunity from production with respect to all documents that were redacted or withheld from production on or before August 22, 2020 and shall include all such documents on the log to be produced by September 11, 2020, provided,

however, that to the extent any responsive documents, initially withheld or redacted from production on or before August 22, 2020, are determined not to be privileged (or otherwise protected from disclosure) during the finalization of the privilege log, such documents will be produced on or before September 15, 2020.

    **b. October 8, 2020**: Privilege log identifying all documents redacted or withheld from production between August 23 and September 22, 2020 based on a claim of privilege or other alleged immunity from production. For the avoidance of doubt, the Producing Party shall finally determine whether she intends to assert a claim of privilege or other immunity from production with respect to all documents redacted or withheld from production between August 23 and September 22, 2020 and shall include all such documents on the log to be produced by October 8, 2020, provided, however, that to the extent any responsive documents, initially withheld or redacted from production between August 23 and September 22, 2020, are determined not to be privileged (or otherwise protected from disclosure) during the finalization of the privilege log, such documents will be produced on or before October 12, 2020.

11. To the extent other production phases are ordered or agreed, privilege logs shall be provided within 15 calendar days of the ordered or agreed substantial completion date for each such production and shall include all documents identified as privileged or potentially privileged and withheld from production or redacted on that or any other basis up to such ordered or agreed substantial completion date.

9

**V.      Miscellaneous**

12.     Productions of documents and privilege logs in accordance with this Stipulation shall be made to Akin Gump.  Akin Gump may share the Producing Party's documents and privilege logs with the Debtors, the Ad Hoc Group of Non-Consenting States (as set forth in the verified statement pursuant to Bankruptcy Rule 2019 [ECF No. 296]), and the ad hoc committee of governmental and other contingent litigation claimants (as set forth in the verified statement pursuant to Bankruptcy Rule 2019 [ECF No. 279]).  For the avoidance of doubt, nothing in this Stipulation shall affect, change, or prejudice any Party's rights or obligations under any protective order governing the materials produced, including any Party's right to seek to amend the protective order or otherwise obtain authorization to provide information supplied pursuant to this Stipulation to persons other than those listed in this paragraph 11.  Nor shall anything in this Stipulation affect, change or prejudice any Party's rights or obligations under Rule 7026(b)(5)(B) of the Federal Rules of Bankruptcy Procedure.

13.     In the event the Parties have disputes concerning the matters addressed in this Stipulation, they may seek a discovery conference by submitting a letter to the Court, not to exceed three single-spaced pages, containing a representation to the Court of the kind described in Rule 7001-7 of the Local Bankruptcy Rules.  The opposing Party may respond within three calendar days with a letter not to exceed three single-spaced pages.  In addition, the Parties agree that any dispute may be heard on an emergency basis, subject to Court availability.

14.     The Parties may agree to modification of any deadlines in this Stipulation without further order of the Court provided they do so in writing, which may take the form of an email.

[*The remainder of this page has been left blank intentionally.*]

**STIPULATED AND AGREED:**

Dated:   July 1, 2020
         New York, New York

| | |
|---|---|
| */s/ Mitchell P. Hurley* <br> AKIN GUMP STRAUSS HAUER & FELD LLP <br> Ira S. Dizengoff <br> Arik Preis <br> Mitchell P. Hurley <br> Joseph L. Sorkin <br> Sara L. Brauner <br> One Bryant Park <br> New York, New York 10036 <br> Telephone: (212) 872-1000 <br><br> *Counsel to the Official Committee of Unsecured Creditors* | */s/ Taleah E. Jennings* <br> SCHULTE ROTH & ZABEL LLP <br> Taleah E. Jennings <br> Abigail F. Coster <br> 919 Third Avenue <br> New York, New York 10022 <br> Telephone: (212) 756-2000 <br><br> *Counsel to the Producing Party* |

**SO ORDERED.**

White Plains, New York
Dated: _____, 2020

                                                    THE HONORABLE ROBERT D. DRAIN
                                                    UNITED STATES BANKRUPTCY JUDGE