PILLSBURY WINTHROP SHAW PITTMAN LLP
Andrew M. Troop
31 West 52nd Street
New York, New York 10019
212-858-1000

*Counsel to the Ad Hoc Group of Non-Consenting States*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | Chapter 11 |
| **PURDUE PHARMA, L.P.,** *et al.*,[1] | Case No. 19-23649 (RDD) |
| **Debtors.** | (Jointly Administered) |

**SUPPLEMENT TO THE AD HOC GROUP OF NON-CONSENTING STATES' JOINDER IN, AND STATEMENT WITH RESPECT TO,** ***EX PARTE*** **MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF PURDUE PHARMA,** ***ET AL.*** **FOR AN ORDER AUTHORIZING EXAMINATIONS PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 2004 AND 9016**

To the Honorable Robert D. Drain, United States Bankruptcy Judge:

On July 1, 2020, the Ad Hoc Group of Non-Consenting States (the "**Non-Consenting States**")[2] filed its joinder (the "**Joinder**") [Docket No. 1318] with respect to the *Ex Parte Motion of the Official Committee of Unsecured Creditors of Purdue Pharma, et al. for an Order Authorizing Examinations Pursuant to Federal Rules of Bankruptcy Procedure 2004 and 9016*

---

[1] The debtors in these chapter 11 cases (the "**Debtors**"), along with the last four digits of their federal tax identification numbers, are Purdue Pharma Manufacturing L.P. (3821), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies K.P. (1868), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (6166), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717), and SVC Pharma Inc. (4014). The Debtors' principal offices are at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] California, Colorado, Connecticut, Delaware, the District of Columbia, Hawaii, Idaho, Illinois, Iowa, Maine, Maryland, Massachusetts, Minnesota, Nevada, New Hampshire, New Jersey, New York, North Carolina, Oregon, Pennsylvania, Rhode Island, Vermont, Virginia, Washington, and Wisconsin.

[Docket No. 1317] (the "**Motion**").  Inadvertently, the black line of the proposed form of order submitted by the Non-Consenting States comparing it to the proposed order attached to the Motion, which was intended to be attached as part of Exhibit A to the Joinder, was not.  It is attached here as **Exhibit 1**, and it is filed as a supplement to the Joinder.

| | |
|---|---|
| Dated: July 2, 2020<br>　　　　New York, New York | Respectfully submitted,<br><br>PILLSBURY WINTHROP SHAW PITTMAN LLP<br><br>By:　　_/s/ Andrew M. Troop_<br>　　　　Andrew M. Troop<br>　　　　Andrew V. Alfano<br>　　　　31 West 52nd Street<br>　　　　New York, NY 10019<br>　　　　Telephone: (212) 858-1000<br>　　　　Email: andrew.troop@pillsburylaw.com<br>　　　　andrew.alfano@pillsburylaw.com<br><br>　　　　Jason S. Sharp, admitted *pro hac vice*<br>　　　　2 Houston Center<br>　　　　909 Fannin, Suite 2000<br>　　　　Houston, TX 77010<br>　　　　Telephone: (713) 276-7600<br>　　　　Email: jason.sharp@pillsburylaw.com<br><br>　　　　*Counsel to the Ad Hoc Group of Non-Consenting States* |

**CERTIFICATE OF SERVICE**

      I, Andrew V. Alfano, hereby certify that, on July 2, 2020, I caused true and correct copies of the foregoing document to be served (i) by the Court's Case Management/Electronic Case File (CM/ECF) System to all parties who are deemed to have consented to electronic service; and (ii) by email upon the parties set forth in the Master Service List maintained by the Debtors in respect of these chapter 11 cases.

                                            /s/ *Andrew V. Alfano*
                                            Andrew V. Alfano

# **EXHIBIT 1**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **In re:** | Chapter 11 |
| **PURDUE PHARMA, L.P.,** *et al.*,[3] | Case No. 19-23649 (RDD) |
| **Debtors.** | (Jointly Administered) |

**ORDER PURSUANT TO FEDERAL RULES OF BANKRUPTCY
PROCEDURE 2004 AND 9016 AUTHORIZING
EXAMINATIONS OF THIRD PARTIES**

Upon the motion, dated June 30, 2020 (the "Motion"), of the Official Committee of Unsecured Creditors (the "Official Committee") of Purdue Pharma L.P. ("Purdue") and its affiliated debtors and debtors-in-possession (collectively, the "Debtors,") for an order pursuant to Fed. R. of Bankr. P. 2004 and 9016 authorizing the examinations and discovery described therein; and the joinder and statement ("Joinder") of the Ad Hoc Committee of Non-Consenting States (the "Non-Consenting States") with respect to the Motion; and the Court having jurisdiction over the Motion and Joinder pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b), as a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this District pursuant

---

[3] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

to 28 U.S.C. §§ 1408 and 1409; and no additional notice being required except as provided herein; and, after due deliberation and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. ~~1.~~ The Motion, as modified by the Joinder, is granted as provided herein.

2. ~~2.~~ The Official Committee ~~is~~and Non-Consenting States are authorized, pursuant to Fed. R. Bankr. P. 2004, to conduct examinations of, including, without limitation, by seeking electronically stored information and other documents from, (i) the IACs, defined in the Motion by reference to the Amended Case Stipulation as all ex-U.S. pharmaceutical entities, related businesses, joint ventures, or other holdings directly or indirectly owned or controlled by any Shareholder Party and that are included in the financial information provided in the investment banker presentation made available to certain parties prior to the petition date, (ii) Stuart Baker, (iii) the Other II Way Entities, defined in the Motion as all entities jointly owned or controlled, directly or indirectly, by the two sides of the Sackler family that are not IACs, and (iv) the investment firm Moab Capital (collectively, the "Producing Parties"), and to issue subpoenas in connection with such examinations pursuant to Fed. R. Bankr. P. 2004(c) (the "Subpoenas").

3. ~~3.~~ The examinations and document production required hereby shall be subject to the assertion of applicable privilege; provided, that if a document required to be produced hereby is withheld on the basis of an asserted privilege, the Party withholding such document shall provide a proper privilege log at the time of production hereunder.

4. ~~4.~~ The Official Committee, the Debtors, the Ad Hoc Group of Non-Consenting States, the Ad Hoc Committee of Governmental and Other Contingent Litigation

Claimants, and the Producing Parties shall meet and confer not only to attempt in good faith to resolve any disputes over any Subpoenas but also to efficiently coordinate the issuance of and compliance with the Subpoenas. In furtherance of the foregoing, on a going forward basis these Parties shall record all time and expenses on this discovery matter and report the aggregate sum to each other on a weekly basis and also on a weekly basis discuss any cost containment issues.

5. ~~5.~~ This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: July __, 2020
      White Plains, New York

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

~~Dated: White Plains, New York~~

~~_____~~
~~THE HONORABLE ROBERT D. DRAIN~~
~~UNITED STATES BANKRUPTCY JUDGE~~