Hearing Date and Time: July 23, 2020, at 2:00 p.m. (prevailing Eastern Time)
Objection Date and Time: July 16, 2020, at 4:00 p.m. (prevailing Eastern Time)

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut
Christopher S. Robertson

*Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.**, *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

**NOTICE OF HEARING ON MOTION OF DEBTORS FOR ENTRY OF AN ORDER
(I) APPROVING THE DISMISSAL AGREEMENT BY AND AMONG THE DEBTORS
AND INTELLIPHARMACEUTICS AND (II) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE** that on July 2, 2020, the above-captioned debtors and debtors in possession in these proceedings (collectively, the "**Debtors**") filed the *Motion of Debtors for*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

*Entry of an Order (I) Approving the Dismissal Agreement by and among the Debtors and Intellipharmaceutics and (II) Granting Related Relief* (the "**Motion**"). A hearing on the Motion will be held on **July 23, 2020** at **2:00 p.m.** (prevailing Eastern Time) (the "**Hearing**") before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, at the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601 (the "**Bankruptcy Court**"), or at such other time as the Bankruptcy Court may determine.

**PLEASE TAKE FURTHER NOTICE** that the Hearing may be continued or adjourned thereafter from time to time without further notice other than an announcement of the adjourned date or dates at the Hearing or a later hearing. The Debtors will file an agenda before the Hearing, which may modify or supplement the motions to be heard at the Hearing.

**PLEASE TAKE FURTHER NOTICE** that pursuant to General Order M-543, dated March 20, 2020 (Morris, C.J.) ("**General Order M-543**"), the Hearing will be conducted telephonically.[2] Parties wishing to appear at, or attend, the Hearing must refer to and comply with the Bankruptcy Court's guidelines for telephonic appearances[3] and make arrangements with Court Solutions LLC by telephone at (917) 746-7476.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections (the "**Objections**") to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, shall be filed with the Bankruptcy Court (a) by attorneys practicing in the Bankruptcy Court, including attorneys

---

[2] A copy of General Order M-543 can be obtained by visiting http://www.nysb.uscourts.gov/news/court-operations-under-exigent-circumstances-created-covid-19.

[3] The Bankruptcy Court's procedures for telephonic appearances are available at: http://www.nysb.uscourts.gov/telephonic-appearances-white-plains.

-2-

admitted *pro hac vice*, electronically in accordance with General Order M-399 (which can be found at http://www.nysb.uscourts.gov), and (b) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with the *Second Amended Order Establishing Certain Notice, Case Management, and Administrative Procedures* entered on November 18, 2019 [Docket No. 498], so as to be filed and received no later than **July 16, 2020** at **4:00 p.m.** (prevailing Eastern Time) (the "**Objection Deadline**").

**PLEASE TAKE FURTHER NOTICE** that any objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted upon default; *provided* that objecting parties shall attend the Hearing telephonically so long as General Order M-543 is in effect or unless otherwise ordered by the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE** that if no Objections are timely filed and served with respect to the Motion, the Debtors may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Motion, which order may be entered without further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion may be obtained free of charge by visiting the website of Prime Clerk LLC at https://restructuring.primeclerk.com/purduepharma. You may also obtain copies of any pleadings by visiting the Bankruptcy Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

Dated: July 2, 2020
       New York, New York

                    DAVIS POLK & WARDWELL LLP

                    By: */s/ Eli J. Vonnegut*
                    DAVIS POLK & WARDWELL LLP
                    450 Lexington Avenue
                    New York, New York 10017
                    Telephone: (212) 450-4000
                    Facsimile: (212) 701-5800
                    Marshall S. Huebner
                    Benjamin S. Kaminetzky
                    Timothy Graulich
                    Eli J. Vonnegut
                    Christopher S. Robertson

                    *Counsel to the Debtors*
                    *and Debtors in Possession*

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut
Christopher S. Robertson

*Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.,** *et al.*, | Case No. 19-23649 (RDD) |
| **Debtors.**[1] | (Jointly Administered) |

**MOTION OF DEBTORS FOR ENTRY OF AN ORDER**
**(I) APPROVING THE DISMISSAL AGREEMENT BY AND AMONG THE DEBTORS**
**AND INTELLIPHARMACEUTICS AND (II) GRANTING RELATED RELIEF**

  Purdue Pharma L.P. ("**PPLP**") and its affiliates that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**") respectfully state as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

**Relief Requested**

1.  By this Motion, and pursuant to sections 105(a) and 363(b) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Debtors seek entry of an order, substantially in the form attached hereto as Exhibit B (the "**Order**"), approving (a) the Debtors' entry into and performance under the Stipulated Dismissal Agreement attached hereto as Exhibit A (the "**Dismissal Agreement**") by and among certain of the Debtors and Intellipharmaceutics International Inc. and its affiliates, including Intellipharmaceutics Corporation and Intellipharmaceutics Ltd. (collectively, "**IPCI**") and (b) granting related relief.

**Jurisdiction and Venue**

2.  The United States Bankruptcy Court for the Southern District of New York (the "**Court**") has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and, pursuant to Bankruptcy Rule 7008, the Debtors consent to entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.

3.  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**General Background**

4.  On September 15, 2019 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case (collectively, the "**Cases**") under chapter 11 of the Bankruptcy Code. The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On September 27,

2019, the United States Trustee for the Southern District of New York appointed the official committee of unsecured creditors. No trustee or examiner has been appointed in these Cases.

5. These Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) and the *Order Directing Joint Administration of Chapter 11 Cases* [ECF No. 59] entered by the Court in each of the Cases.

6. Additional information about the Debtors' businesses and the events leading up to the Petition Date can be found in the *Debtors' Informational Brief* filed on September 16, 2019 [ECF No. 17].

## The Patent Litigations

7. IPCI is seeking approval from the Food and Drug Administration (the "**FDA**") of a 505(b)(2) new drug application ("**NDA**") for extended-release oxycodone prior to the expiration of the Debtors' Orange Book-listed OxyContin patents. The NDA contains "Paragraph IV" certifications under 21 U.S.C. § 355(b)(2)(A)(iv) and 21 C.F.R. § 314.50(i)(1)(*i*)(A)(4) alleging that certain of the Debtors' patents are invalid, unenforceable and/or not infringed by IPCI's manufacture, use or sale of products pursuant to the NDA. On April 7, 2017, March 14, 2018, and April 15, 2020, the Debtors commenced litigations against IPCI in the United States District Court for the District of Delaware (the "**District Court**") (Case Nos. 17-cv-392-RGA, 18-cv-404-RGA and 20-cv-515-RGA) alleging, *inter alia*, that IPCI's request for approval of the NDA infringes, and the commercial sale, offer for sale, use, importation, and/or manufacture of IPCI's products pursuant to such NDA would infringe, one or more claims of the Debtors' patents (collectively, the "**Patent Litigations**"). IPCI has asserted counterclaims in the Patent Litigations seeking to invalidate the Debtors' patents (the "**Counterclaims**") which, if successful, would preclude the Debtors from pursuing their

infringement claims against IPCI.  On October 3, 2019, the District Court entered an order staying the Patent Litigations.  The parties have agreed that this stay is continued through July 31, 2020.

### The Dismissal Agreement

8. The Debtors estimate that continuing to prosecute the Patent Litigations, including to defend the Counterclaims, would result in at least ▇▇▇▇▇ of legal expenses in 2020-2022 and desire to avoid these future litigation expenses.  Moreover, if FDA approval is granted for IPCI's NDA and the Debtors and IPCI are unable to amicably resolve outstanding disputes, the Dismissal Agreement is designed to reduce litigation expenses in any potential future action by ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.  The Debtors believe that an agreed dismissal of the Patent Litigations on the terms set forth in the Dismissal Agreement and summarized below is an efficient solution that will confer a benefit on the Debtors' estates.

9. Under the Dismissal Agreement, the Debtors will pay ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ provided that IPCI remains in compliance with the terms of the Dismissal Agreement at such time (such payments, collectively, the "**Dismissal Payments**").  The Debtors and IPCI will dismiss all claims against the other party asserted in the Patent Litigations (including the Counterclaims), without prejudice, on the Effective Date.  In the event that IPCI obtains final FDA approval of its product, the Dismissal Agreement contains a framework for the commencement of new patent litigation in an orderly and expedited manner.

10. The material terms of the Dismissal Agreement include the following:[2]

   a. The parties will enter into the Dismissal Agreement and stipulations of dismissal (the "**Stipulated Dismissals**") and will file the Stipulated Dismissals with the District Court within two business days following the Effective Date, terminating the Patent Litigations without prejudice.

   b. In order to avoid litigation expenses from the Patent Litigations and avoid or reduce future litigation expenses, (x) within three (3) business days after the Effective Date, one of the Purdue Parties will pay to IPCI an amount equal to ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ and (y) on or before ▇▇▇▇▇▇▇▇, one of the Purdue Parties will pay to IPCI ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇; provided that the second payment will only be made if IPCI and its Associated Companies are in compliance with the terms of the Dismissal Agreement.

   c. 

   d. Following final approval by the FDA of a Product, the parties will meet and confer in an attempt to resolve any potential patent infringement claims relating to the Product. IPCI agrees that it will deliver the complete approved IPCI NDA to the Purdue Parties within three (3) business days after the final approval date, which shall include copies of any amendment or supplement to the IPCI NDA. If the parties have failed to resolve all such claims during a period of thirty (30) days following such final approval, such thirty (30)-day period to be extended on a day to day basis for each day IPCI fails to deliver the complete approved IPCI NDA after the three (3) business day period referred to above (the "**Meet and Confer Period**"), the Relevant Purdue Parties, collectively and not individually, may pursue an infringement action against IPCI and its Associated Companies, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

---

[2] The below description of the Dismissal Agreement is for illustrative purposes only. In the event of any inconsistency between the description set forth herein or the Dismissal Agreement, the terms of the Dismissal Agreement shall govern. Capitalized terms used but not otherwise defined in this section shall have the meanings ascribed to such terms in the Dismissal Agreement.



e. [redacted]

f. [redacted]

**Basis for Relief Requested**

A.    **The Dismissal Agreement Should Be Approved Pursuant to Bankruptcy Rule 9019**

11.    The Dismissal Agreement represents a compromise between the Debtors and IPCI in the context of the Patent Litigations. Bankruptcy Rule 9019 permits a debtor in possession to enter into compromises and settlements, subject to approval by the Bankruptcy Court. Fed. R. Bankr. P. 9019(a). Compromises are "a normal part of the process of reorganization." *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968) (quoting *Case v. Los Angeles Lumber Prods. Co.*, 308 U.S. 106, 130 (1939)). In order to merit the approval of the bankruptcy court, a settlement must be "both fair and equitable and in the best interests of the estate." *In re Ashford Hotels, Ltd.*, 235 B.R. 734, 740 (S.D.N.Y. 1999); *see also In re Enron Corp.*, No. 02 CIV 8489, 2003 U.S. Dist. LEXIS 1383, at *4-5 (S.D.N.Y. Jan. 31, 2003). In reviewing a proposed settlement, however, a court should not substitute its own judgment for that of the debtor, *see In re Neshaminy Office Bldg. Assocs.*, 62 B.R. 798, 803 (E.D. Pa. 1986), nor conduct a "mini-trial" on the merits of the underlying litigation, but rather must merely canvass the issues and see whether the settlement falls within a range of reasonableness. *In re Frost Bros*, No. 91 CIV. 5244, 1992 U.S. Dist. LEXIS 18301, at *16 (S.D.N.Y. Nov. 30, 1992) (citations omitted). This standard "reflect[s] the considered judgment that little would be saved by the settlement process if bankruptcy courts could approve settlements only after an exhaustive investigation and determination of the underlying claims," *In re Purofied Down Prods. Corp.*, 150 B.R. 519, 522-23 (S.D.N.Y. 1993), and the fact that settlements are "are favored in bankruptcy and, in fact, encouraged." *In re Adelphia Commc'ns Corp.*, 368 B.R. 140, 226 (Bankr. S.D.N.Y. 2007). It is well-established that a settlement proponent need not convince the court that the settlement is the best possible compromise, but

only that the settlement does not "fall below the lowest point in the range of reasonableness." *E.g., In re Drexel Burnham Lambert Grp., Inc.*, 134 B.R. 493, 497 (Bankr. S.D.N.Y. 1991).

12. Courts in the Second Circuit have described several factors that a bankruptcy court should consider in exercising its discretion under Rule 9019: (a) the balance between the litigation's possibility of success and the settlement's future benefits; (b) the likelihood of complex and protracted litigation, with its attendant expense, inconveniences, and delay; (c) the paramount interest of the creditors; (d) whether other parties in interest affirmatively support the proposed settlement; (e) the nature and breadth of releases to be obtained by officers and directors; (f) whether the competency and experience of counsel support the settlement; and (g) the extent to which the settlement is the product of arm's-length bargaining. *See In re Iridium Operating LLC*, 478 F.3d 452, 462 (2d Cir. 2007); *see also Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 292 (2d Cir. 1992); *In re Ionosphere Clubs, Inc.*, 156 B.R. 414, 427 (S.D.N.Y. 1993), *aff'd*, 17 F.3d 600 (2d Cir. 1994).

13. Based on the foregoing considerations, the Debtors respectfully submit that the Dismissal Agreement is fair and reasonable and in the best interest of the Debtors' estates. The Debtors estimate that dismissal of the Patent Litigation will save the estates at least ███████ ███████████, net of the payments under the Dismissal Agreement. The Dismissal Agreement was negotiated by sophisticated and experienced counsel at arm's length. Accordingly, the Debtors respectfully request that the Court approve the Dismissal Agreement as a reasonable exercise of the Debtors' business judgment.

**B.    The Debtors Should Be Authorized to Make the Dismissal Payments**

14. Bankruptcy Code section 363(b)(1) empowers the Court to authorize a debtor to "use, sell, or lease, other than in the ordinary course of business, property of the estate." To

approve the use of estate property under section 363(b)(1) of the Bankruptcy Code, the Second Circuit requires a debtor to show that the decision to use the property outside of the ordinary course of business was based on the debtor's sound business judgment in light of "all salient factors" relating to the bankruptcy case. *Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1070-71 (2d Cir. 1983) ("The rule we adopt requires that a judge determining a § 363(b) application expressly find from the evidence presented before him at the hearing a good business reason to grant such an application."); *In re Ionosphere Clubs, Inc.*, 100 B.R. 670, 675 (Bankr. S.D.N.Y. 1989); *see also In re MF Global Inc.*, 467 B.R. 726, 730 (Bankr. S.D.N.Y. 2012) ("Although not specified by section 363, the Second Circuit requires that transactions under section 363 be based on the sound business judgment of the debtor or trustee.").

15. For the reasons set forth above, the Debtors believe that entry into and performance under the Dismissal Agreement is in the best interest of their estates. The Debtors therefore request authorization to make the Dismissal Payments as set forth in the Dismissal Agreement.

### Waiver of Bankruptcy Rules 6004(a) and 6004(h)

16. To implement the foregoing successfully, the Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a).

17. The Debtors also request that, to the extent applicable to the relief requested in this Motion, the Court waive the stay imposed by Bankruptcy Rule 6004(h), which provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R.

Bankr. P. 6004(h). Accordingly, the Debtors respectfully request that the Court waive the 14-day stay imposed by Bankruptcy Rule 6004(h).

### Notice

18.  Notice of this Motion will be provided as to (a) the entities on the Master Service List (as defined in the *Second Amended Order Establishing Certain Notice, Case Management, and Administrative Procedures* entered on November 18, 2019 [ECF No. 498] and available on the Debtors' case website at https://restructuring.primeclerk.com/purduepharma) and (b) any person or entity with a particularized interest in the subject matter of this motion (the "**Notice Parties**"). The Debtors respectfully submit that no further notice is required.

### No Previous Request

19.  No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter the proposed form of order, substantially in the form attached hereto, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: July 2, 2020
       New York, New York

                DAVIS POLK & WARDWELL LLP

                By: */s/ Eli J. Vonnegut*
                DAVIS POLK & WARDWELL LLP
                450 Lexington Avenue
                New York, New York 10017
                Telephone: (212) 450-4000
                Facsimile: (212) 701-5800
                Marshall S. Huebner
                Benjamin S. Kaminetzky
                Timothy Graulich
                Eli J. Vonnegut
                Christopher S. Robertson

                *Counsel to the Debtors*
                *and Debtors in Possession*