Hearing Date and Time: July 23, 2020, at 2:00 p.m. (prevailing Eastern Time)
Objection Date and Time: July 16, 2020, at 4:00 p.m. (prevailing Eastern Time)

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut
Christopher S. Robertson

*Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.,** *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

**NOTICE OF HEARING ON DEBTORS' MOTION FOR ORDER MODIFYING THE
AUTOMATIC STAY TO PERMIT THE DEBTORS TO PROSECUTE CERTAIN
<u>PENDING PATENT LITIGATION</u>**

**PLEASE TAKE NOTICE** that on July 2, 2020, the above-captioned debtors and debtors in possession in these proceedings (collectively, the "**Debtors**") filed the *Debtors' Motion for*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014).  The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

*Order Modifying the Automatic Stay to Permit the Debtors to Prosecute Certain Pending Patent Litigation* (the "**Motion**"). A hearing on the Motion will be held on **July 23, 2020** at **2:00 p.m.** (prevailing Eastern Time) (the "**Hearing**") before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, at the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601 (the "**Bankruptcy Court**"), or at such other time as the Bankruptcy Court may determine.

      **PLEASE TAKE FURTHER NOTICE** that the Hearing may be continued or adjourned thereafter from time to time without further notice other than an announcement of the adjourned date or dates at the Hearing or a later hearing. The Debtors will file an agenda before the Hearing, which may modify or supplement the motions to be heard at the Hearing.

      **PLEASE TAKE FURTHER NOTICE** that pursuant to General Order M-543, dated March 20, 2020 (Morris, C.J.) ("**General Order M-543**"), the Hearing will be conducted telephonically.[2] Parties wishing to appear at, or attend, the Hearing must refer to and comply with the Bankruptcy Court's guidelines for telephonic appearances[3] and make arrangements with Court Solutions LLC by telephone at (917) 746-7476.

      **PLEASE TAKE FURTHER NOTICE** that any responses or objections (the "**Objections**") to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, shall be filed with the Bankruptcy Court (a) by attorneys practicing in the Bankruptcy Court,

---

[2] A copy of General Order M-543 can be obtained by visiting http://www.nysb.uscourts.gov/news/court-operations-under-exigent-circumstances-created-covid-19.

[3] The Bankruptcy Court's procedures for telephonic appearances are available at: http://www.nysb.uscourts.gov/telephonic-appearances-white-plains.

2

including attorneys admitted *pro hac vice*, electronically in accordance with General Order M-399 (which can be found at http://www.nysb.uscourts.gov), and (b) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with the *Second Amended Order Establishing Certain Notice, Case Management, and Administrative Procedures* entered on November 18, 2019 [Docket No. 498], so as to be filed and received no later than **July 16, 2020** at **4:00 p.m.** (prevailing Eastern Time) (the "**Objection Deadline**").

**PLEASE TAKE FURTHER NOTICE** that any objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted upon default; *provided* that objecting parties shall attend the Hearing telephonically so long as General Order M-543 is in effect or unless otherwise ordered by the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE** that if no Objections are timely filed and served with respect to the Motion, the Debtors may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Motion, which order may be entered without further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion may be obtained free of charge by visiting the website of Prime Clerk LLC at https://restructuring.primeclerk.com/purduepharma. You may also obtain copies of any pleadings by visiting the Bankruptcy Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

3

Dated:   July 2, 2020
        New York, New York

                                DAVIS POLK & WARDWELL LLP

                                By:   */s/ Eli J. Vonnegut*
                                DAVIS POLK & WARDWELL LLP
                                450 Lexington Avenue
                                New York, New York 10017
                                Telephone: (212) 450-4000
                                Facsimile:  (212) 701-5800
                                Marshall S. Huebner
                                Benjamin S. Kaminetzky
                                Timothy Graulich
                                Eli J. Vonnegut
                                Christopher S. Robertson

                                *Counsel to the Debtors*
                                *and Debtors in Possession*

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut
Christopher S. Robertson

*Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.,** *et al.*, | Case No. 19-23649 (RDD) |
| **Debtors.**[1] | **(Jointly Administered)** |

**DEBTORS' MOTION FOR ORDER MODIFYING THE AUTOMATIC STAY TO PERMIT THE DEBTORS TO PROSECUTE CERTAIN
<u>PENDING PATENT LITIGATION</u>**

Purdue Pharma L.P. ("**PPLP**") and its affiliates that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**") respectfully state as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

**Relief Requested**

1. By this Motion (the "**Motion**"), and pursuant to sections 105(a) and 362(d)(1) of the United States Code, 11 U.S.C. § 101, *et seq.* (as amended or modified, the "**Bankruptcy Code**"), the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Order**"), modifying the automatic stay to allow the Debtors to prosecute certain pending patent litigations as described below.

**Jurisdiction and Venue**

2. The United States Bankruptcy Court for the Southern District of New York (the "**Court**") has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), the Debtors consent to entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.

3. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**General Background**

4. On September 15, 2019 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case (collectively, the "**Chapter 11 Cases**") under chapter 11 of the Bankruptcy Code. The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On September 27, 2019, the United States Trustee for the Southern District of New York

appointed the official committee of unsecured creditors (the "**Committee**"). No trustee or examiner has been appointed in these Chapter 11 Cases.

5. Additional information about the Debtors' businesses and the events leading up to the Petition Date can be found in the *Debtors' Informational Brief* filed on September 16, 2019 [ECF No. 17].

### The Patent Litigation

6. Prior to the Petition Date, Debtors Purdue Pharma L.P., Purdue Pharmaceuticals L.P. and Rhodes Technologies and non-Debtor The P.F. Laboratories Inc. commenced certain patent infringement actions (collectively, the "**Patent Litigation**") in the United States District Court for the District of Massachusetts (the "**District Court**") against Collegium Pharmaceutical, Inc. ("**Collegium**"), including consolidated Case No. 15-13099 (FDS) and Case No. 17-11814 (FDS), which has been consolidated under lead docket Case No. 15-13099 (FDS) for case management and discovery purposes only [Case No. 17-11814, ECF No. 29]. In the Patent Litigation, the Debtors assert that Collegium's manufacture and sale of Xtampza® ER, an extended-release oxycodone-based pain medication, infringes certain of the Debtors' patents.

7. On September 20, 2019, upon receiving notice of the Debtors' bankruptcy proceedings, the District Court stayed the Patent Litigation [Case No. 15-13099, ECF No. 219]. The District Court gave the parties permission to advise the court of developments and seek leave to lift or modify the stay pending further developments in the bankruptcy. In its order staying the Patent Litigation, the District Court stated that it was "unclear" whether the District Court's approval of a pending stipulation and proposed order in the Patent Litigation would violate the automatic stay imposed upon the filing of these Chapter 11 Cases. *Id*.

8. The Debtors believe that it is in the best interest of their estates to resume the Patent Litigation at this time. Xtampza ER competes with the Debtors' OxyContin® extended-

release pain medication. Collegium's marketing and sale of Xtampza ER, which the Debtors assert infringes a number of their patents, is causing the Debtors ongoing economic harm, which will continue unless and until the Debtors are successful in the Patent Litigation. Accordingly, the Debtors are requesting a formal order from this Court granting relief from the automatic stay imposed by section 362 of the Bankruptcy Code to allow the Debtors to continue to prosecute the Patent Litigation.

### Basis for Relief Requested

9. The automatic stay may be lifted or modified for cause pursuant to section 362(d)(1) of the Bankruptcy Code. "It is well settled that, since the purpose of the automatic stay is to protect creditors as well as the debtor, the debtor may not waive the stay [without Bankruptcy Court approval]." *Commerzanstalt v. Telewise Sys., Inc.*, 790 F.2d 206, 207 (2d Cir. 1986).

10. Courts in the Second Circuit consider twelve factors, set forth in *Sommax Indus., Inc. v. Tri-Component Prod. Corp. (In re Sommax Indus., Inc.)*, 907 F.2d 1280 (2d Cir. 1990), to determine on a case-by-case basis whether cause exists under section 362(d)(1) to lift the automatic stay to allow a stayed proceeding to continue. The twelve *Sommax* factors are:

1) Whether relief would result in a partial or complete resolution of the issues;
2) Lack of any connection with or interference with the bankruptcy case;
3) Whether the other proceeding involves the debtor as a fiduciary;
4) Whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;
5) Whether the debtor's insurer has assumed full responsibility for defending it;
6) Whether the action primarily involves third parties;
7) Whether the litigation in another forum would prejudice the interests of other creditors;
8) Whether the judgment claim arising from the other action is subject to equitable subordination;

    9) Whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;

    10) The interests of judicial economy and the expeditious and economical resolution of litigation;

    11) Whether the parties are ready for trial in the other proceeding; and

    12) Impact of the stay on the parties and the balance of harms.

*Sommax*, 907 F.2d at 1286.

11.    A movant need not satisfy every one of the twelve factors. *E.g., In re Kolnberger*, 603 B.R. 253, 268 (Bankr. E.D.N.Y. 2019) (collecting cases).

12.    Here, only the first, second, seventh, eleventh, and twelfth factors are relevant to the Motion, and all five weigh in favor of the relief sought herein.

*Factor One: Whether Relief Would Result in a Partial or Complete Resolution of the Issues*

13.    Factor one weighs heavily in favor of modifying the automatic stay, to the extent the stay applies to the Patent Litigation. As discussed above, Collegium's infringement of the Debtors' patents is causing the Debtors ongoing harm. The Debtors cannot resolve this issue without prosecuting the Patent Litigation.

*Factor Two: Lack of Any Connection With or Interference With the Bankruptcy*

14.    The Debtors have ample cash on hand to fund any incremental litigation expenses. In addition, Jones Day represents the Debtors in connection with intellectual property prosecution and litigation, including in connection with the Patent Litigation. Jones Day is not responsible for the day-to-day administration and prosecution of these Chapter 11 Cases or for the resolution of opioid-related claims against the Debtors. Continuation of the Patent Litigation will therefore not interfere with the administration of the Debtors' estates.

*Factor Seven: Whether the Litigation in Another Forum would Prejudice the Interests of Other Creditors*

15.  Prosecution of the Patent Litigation does not prejudice the interests of other creditors. The Debtors assert that Collegium is currently infringing certain of the Debtors' patents. If the Debtors are successful in the Patent Litigation, the result would benefit the Debtors' estates and all of their stakeholders.

*Factor Eleven: Whether the Parties are Ready for Trial in the Other Proceeding*

16.  The Patent Litigation was active as of the Petition Date, and Jones Day has been representing the Debtors in connection with this matter since November 2015. The Debtors are prepared to resume the action at any time.

*Factor Twelve: Impact of the Stay on the Parties and the Balance of Harms*

17.  Finally, factor twelve weighs in favor of the relief requested herein. As discussed above, prosecuting the Patent Litigation will not interfere with these Chapter 11 Cases. The Debtors believe that it is in their best interests to resume prosecution of the Patent Litigation at this time.

18.  Courts in this district and other districts routinely grant similar relief as requested in this Motion. *See, e.g.*, *In re Frontier Comms. Corp.*, Case No. 20-22476 (RDD) (Bankr. S.D.N.Y. May 8, 2020) (granting Debtors' request to modify automatic stay to participate in pending appeal); *In re Windstream Holdings, Inc.*, Case No. 19-22312 (RDD) (Bankr. S.D.N.Y. Apr. 22, 2019) (same); *In re The Great Atlantic & Pacific Tea Co., Inc.*, Case No. 15-23007 (RDD) (Bankr. S.D.N.Y. Aug. 17, 2016) (same); *In re Orexigen Therapeutics, Inc.*, Case No. 18-10518 (KG) (Bankr. D. Del. Jul. 23, 2018) (granting stipulated order modifying automatic stay to continue appeal of patent infringement litigation); *In re W.R. Grace & Co.*, Case No. 01-01139

(JJF) (Bankr. D. Del. Nov. 3, 2001 (granting Debtors' request to modify automatic stay to continue appeal of patent infringement litigation).

### Debtors' Reservation of Rights

19.     Nothing contained herein or any action taken pursuant to such relief is intended or shall be construed as (a) an admission as to the validity or priority of any claim against the Debtors; (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for or validity of any claim against the Debtors; (c) a waiver of any claims or causes of action that may exist against any creditor or interest holder or any other party; or (d) an approval, assumption, adoption or rejection of any agreement, contract, lease, program or policy between the Debtors and any third party under section 365 of the Bankruptcy Code.  Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended to be and should not be construed as an admission as to the validity or priority of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

### Waiver of Stay Under Bankruptcy Rule 4001(a)(3)

20.     Pursuant to Bankruptcy Rule 4001(a)(3), an order granting relief from the automatic stay "is stayed until the expiration of fourteen (14) days after the entry of the order, unless the Court orders otherwise." Fed. R. Bankr. P. 4001(a)(3).  Given the nature of the relief requested herein, the Debtors submit that it is appropriate that the 14-day stay of Bankruptcy Rule 4001(a)(3) be waived.

### Notice

21.     Notice of this Motion will be provided as to (a) the entities on the Master Service List (as defined in the *Second Amended Order Establishing Certain Notice, Case Management, and Administrative Procedures* entered on November 18, 2019 [ECF No. 498] and available on the Debtors' case website at https://restructuring.primeclerk.com/purduepharma) and (b) any

11

person or entity with a particularized interest in the subject matter of this motion (the "**Notice Parties**"). The Debtors respectfully submit that no further notice is required.

## No Prior Request

22.    The Debtors have not previously sought the relief requested herein from the Court or any other court.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully request that the Court enter the proposed form of order, substantially in the form attached hereto, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: July 2, 2020
       New York, New York

                                        DAVIS POLK & WARDWELL LLP

                                        By:  */s/ Eli J. Vonnegut*
                                        DAVIS POLK & WARDWELL LLP
                                        450 Lexington Avenue
                                        New York, New York 10017
                                        Telephone: (212) 450-4000
                                        Facsimile:  (212) 701-5800
                                        Marshall S. Huebner
                                        Benjamin S. Kaminetzky
                                        Timothy Graulich
                                        Eli J. Vonnegut
                                        Christopher S. Robertson

                                        *Counsel to the Debtors*
                                        *and Debtors in Possession*