# **Exhibit B**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| In re: | Chapter 11 |
|---|---|
| PURDUE PHARMA L.P., *et al.*, | Case No. 19-23649 (RDD) |
| Debtors. | (Jointly Administered) |

# General Opioid Claimant Proof of Claim Form

**You may file your claim electronically at PurduePharmaClaims.com via the link entitled "Submit a Claim."**

**For questions regarding this Proof of Claim Form, please call Prime Clerk at (844) 217-0912 or visit PurduePharmaClaims.com.**

Read the instructions at the end of this document before filling out this form. This form is for any person or entity, other than a governmental unit or Native American Tribe, to assert a general unsecured claim against the Debtors based on or involving opioids or their production, marketing and sale, including without limitation, the Debtors' production, marketing and sale of Purdue Opioids, excluding claims for personal injury.

**Do not** use this form to assert a claim against the Debtors seeking damages based on personal injury related to the taking of a Purdue Opioid and/or the taking of another opioid for which You believe Purdue is responsible for Your damages. File such claims on a Personal Injury Claimant Proof of Claim Form.

**Do not** use this form to assert any other pre-petition claims, including secured claims or claims entitled to priority under 11 U.S.C. § 507(a). Secured claims, claims entitled to priority under 11 U.S.C. § 507(a), and non-opioid related claims should be filed on a Non-Opioid Claimant Proof of Claim Form (Form 410). However, if You have a claim against the Debtors based on non-opioid-related injuries or harm, in addition to Your claim based on or involving the Debtors' production, marketing and sale of Purdue Opioids, You may include information related to that claim on the General Opioid Claimant Proof of Claim Form by completing Part 4 of this form.

Creditor (also referred to as "You" throughout) shall provide information responsive to the questions set forth below. Instructions and Definitions are provided at the end of this document. You shall provide information reasonably available to You and are not excused from providing the requested information for failure to appropriately investigate Your claim. Creditor shall supplement its responses if it learns that they are incomplete or incorrect in any material respect.

**You must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim. **Do not send original documents** as they will not be returned, and they may be destroyed after scanning.

**Fill in all the information about the claim as of September 15, 2019, the Petition Date.** You may also fill in information regarding any claims You believe You may have after September 15, 2019 on this form. This form should be completed to the best of Your ability with the information available to You. If You are unable to answer certain questions at this time, the absence of an answer, by itself, will not result in the denial of Your claim, though You may be asked or required to provide additional information at a later date. You may also amend or supplement Your claim after it is filed.

## Part 1: Identify the Claim

| 1. | Who is the current creditor? | Four hospitals, identified on the attached Exhibit 1, bringing claims on their own behalf, and on behalf of a putative class of similarly situated hospitals. |
|---|---|---|
| | | Name of the individual or entity to be paid for this claim. If the creditor is a minor (under 18), please provide only the minor's initials. |
| | | Other names the creditor used with the debtor, including maiden, d/b/a/, or other names used: |
| 2. | Describe the creditor making the claim. | ☐ Individual   ☐ Retirement or Pension Fund Administrator<br>☒ Hospital   ☐ Pharmacy Benefit Manager<br>☐ Third Party Payor   ☐ Other (describe): _____ |
| 3. | Has this claim been acquired from someone else or some other entity? | ☒ No<br>☐ Yes. From whom? _____ |
| 4. | Where should notices and payments to the creditor be sent?<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?**<br><br>Nancy Taylor-Maddux, Barrett Law Group, P.A.<br>Name<br><br>P.O. Box 927<br>Number    Street<br><br>Lexington         MS        39095<br>City         State      ZIP Code<br><br>Contact phone  662.834.7107<br>Contact email  ntmaddux@barrettlawgroup.com | **Where should payments to the creditor be sent?** (if different)<br><br>_____<br>Name<br><br>_____<br>Number    Street<br><br>_____<br>City    State    ZIP Code<br><br>Contact phone _____<br>Contact email _____ |

| 5. | **Does this claim amend one already filed?** | ☒ No<br>☐ Yes. Claim number on court claims registry (if known)_____ | Filed on ___/___/_____<br>MM / DD / YYYY |
|---|---|---|---|
| 6. | **Do you know if anyone else has filed a proof of claim for this claim?** | ☒ No<br>☐ Yes. Who made the earlier filing? _____ | |

**Part 2:    Attorney Information (Optional)**

| 7. | **Are you represented by an attorney in this matter?**<br><br>You do not need an attorney to file this form. | ☐ No.<br>☒ Yes. If yes, please provide the following information:<br><br>Barrett Law Group, P.A.<br>Law Firm Name<br><br>Don Barrett<br>Attorney Name<br><br>P.O. Box 927<br>Address<br><br>Lexington                                    MS                                    39095<br>City                                            State                                        ZIP Code<br><br>(662) 380-5018                          donbarrettpa@gmail.com<br>Contact phone                          Contact email |
|---|---|---|

**Part 3:    Information as of September 15, 2019, the Petition Date, About Your Claim**

| 8. | **Do you have any number you use to identify the debtor?** | ☒ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____ |
|---|---|---|
| 9. | **How much is the claim?** | $ __$598,603,712,003_____ or<br>☐ Unknown. |
| 10. | **When do You allege You were first injured as a result of the Debtors' alleged conduct?** | 05 / 1996<br>Month    Year |
| 11. | **Describe the conduct of the Debtors You allege resulted in injury or damages to You.**<br><br>Attach additional sheets if necessary. | *See* Continuation Statement, attached as Exhibit 1, ¶ 2. |

| | |
|---|---|
| 12. **Describe all alleged causes of action, sources of damages, legal theories of recovery, etc. that You are asserting against the Debtors.**<br><br>Attach additional sheets if necessary. | Claimants have brought claims against Debtors and their co-conspirators under the federal RICO statute, state RICO statutes, state statutes proscribing unfair and deceptive acts in commerce, and the state common law of nuisance, negligence, fraud and deceit, and unjust enrichment. A copy of Claimants' First Amended Complaint is attached hereto as Exhibit 2. |
| 13. **Please identify and quantify each category of damages or monetary relief that You allege, including all injunctive relief that You seek (for example, actual damages, compensatory damages, punitive damages, and/or penalty damages).**<br><br>Please attach all supporting documentation including, but not limited to, any records supporting Your claims of damages, if You would like (but You are not required), to supplement this proof of claim. <u>Do not</u> include medical records. | At this time, Claimants seek to recover the cost of abating the nuisance caused by the conduct of Debtors and their co-conspirators, including the cost of adapting their operations in response to the opioid crisis, and for prospective costs of providing unreimbursed treatment related to opioid use. |
| 14. **Have you ever filed a lawsuit against any of the Debtors at any time?** | ☐ No<br>☒ Yes. If yes, please provide the following information and attach supporting documentation:<br><br>**Case Caption:** St. Vincent Medical Center, et al. v. Amerisource Bergen Drug Corp.<br>**Court and Case/Docket Number:** No. 1:17-op-45175 (N.D. Ohio)<br><br>**Attorney Information:**<br>Barrett Law Group, P.A.<br>Law Firm Name<br>Don Barrett<br>Attorney Name<br>P.O. Box 927<br>Address<br>Lexington          MS          39095<br>City                State          ZIP Code<br>Contact phone (662) 380-5018    Contact email donbarrettpa@gmail.com |

| Part 4: | **Non-Opioid-Related Claims** |
|---|---|

**15.** **Do You believe You have any claims against the Debtors based on <u>non-opioid-related</u> claims or harm?**

☒ No.

☐ Yes. If yes, please describe the nature of the claim(s) (Attach additional sheets if necessary).

_____
_____
_____
_____
_____

**16.** **How much is the claim?**

$ _____ or

☐ Unknown.

| Part 5: | **Sign Below** |
|---|---|

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☒ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   06/30/2020   (mm/dd/yyyy)

_____
Signature

**Print the name of the person who is completing and signing this claim:**

Name: Don     Barrett
First name    Middle name    Last name

Title: Attorney

Company: Barrett Law Group, P.A.
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address: P.O. Box 927
Number   Street

Lexington     MS     39095
City     State     ZIP Code

# Instructions for General Opioid Proof of Claim Form

These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.

> **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- **Fill in all of the information about the claim as of the date the bankruptcy case was filed, September 15, 2019. You may also fill in information regarding any claims You believe You may have after September 15, 2019 on this form.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.** Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because they will not be returned and may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

- **Each question in this proof of claim form should be construed independently, unless otherwise noted. No question should be construed by reference to any other question if the result is a limitation of the scope of the answer to such question.**

- **The questions herein do not seek the discovery of information protected by the attorney-client privilege.**

- **The words "and" and "or" should be construed as necessary to bring within the scope of the request all responses and information that might otherwise be construed to be outside its scope**.

- **After reviewing this form and any supporting documentation submitted with this form, additional information and documentation may be requested.**

- **Purdue Pharma (Canada) is not a debtor in this case. If Your claim is against only Purdue Pharma (Canada), You do not have a claim in this case and should not file and submit this form.**

### Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, enclose a stamped self-addressed envelope and a copy of this form. You may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at PurduePharmaClaims.com.

### Understand the terms used in this form

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. § 101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. § 507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Purdue Opioid** means all natural, semi-synthetic or synthetic chemicals that interact with opioid receptors on nerve cells in the body and brain, and that are approved by the U.S. Food & Drug Administration (FDA) and listed by the DEA as Schedule II or III drugs pursuant to the federal Controlled Substances Act, produced, marketed or sold by the Debtors as (i) the following **Brand Name Medications:** OxyContin®, Hysingla ER®, Butrans®, Dilaudid®, Ryzolt, MS Contin®, MSIR®, Palladone®, DHC Plus®, OxyIR®, and OxyFast®, and (ii) the following **Generic Medications:** oxycodone extended-release tablets, buprenorphine transdermal system, hydromorphone immediate-release tablets, hydromorphone oral solution, tramadol extended-release tablets, morphine extended-release tablets, oxycodone immediate-release tablets, oxycodone and acetaminophen tablets (generic to Percocet®), hydrocodone and acetaminophen tablets (generic to Vicodin® or Norco®). The term "Purdue Opioid(s)" shall not mean: (i) medications and other substances to treat opioid or other substance use disorders, abuse, addiction or overdose; (ii) raw materials and/or immediate precursors used in the manufacture or study of opioids or opioid products, but only when such materials and/or immediate precursors are sold or marketed exclusively to DEA-licensed manufacturers or DEA-licensed researchers; or (iii) opioids listed by the DEA as Schedule IV drugs pursuant to the federal Controlled Substances Act.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. § 506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of § 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

## Please send completed Proof(s) of Claim to:

**If by first class mail:**
Purdue Pharma Claims Processing Center
c/o Prime Clerk LLC
Grand Central Station, PO Box 4850
New York, NY 10163-4850

**If by overnight courier or hand delivery:**
Purdue Pharma Claims Processing Center
c/o Prime Clerk LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

**You may also file your claim electronically at PurduePharmaClaims.com via the link entitled "Submit a Claim."**

**Do not file these instructions with your form**

**EXHIBIT 1**

**TO**

**PROOF OF CLAIM FILED BY HOSPITAL CLASS CLAIMANTS**

This claim is filed on behalf of:

St. Vincent Charity Medical Center ("St. Vincent") (at times d/b/a Rosary Hall), Southwest Mississippi Regional Medical Center, Infirmary Health Hospitals, Inc., Monroe County Healthcare Authority, d/b/a Monroe County Hospital and all others similarly situated.

**CONTINUATION STATEMENT**

*In re Purdue Pharma, L.P., et al. Case No. 19-23649 (Bankr. S.D.N.Y. 2019) (RDD)*

1.  St. Vincent Charity Medical Center ("St. Vincent") (at times d/b/a Rosary Hall), Southwest Mississippi Regional Medical Center, Infirmary Health Hospitals, Inc., Monroe County Healthcare Authority, d/b/a Monroe County Hospital, on behalf of themselves and all others similarly situated ("Hospital Claimants"), file this Proof of Claim evidencing Claimants' claims against debtors Purdue Pharma, L.P. *et al.* ("Debtors") in the above-referenced administered Chapter 11 cases filed on September 15, 2019 (the "Petition Date"). Claimants brought class claims against Debtors and their co-conspirators under the federal RICO statute, state RICO statutes, state statutes proscribing the use of unfair and deceptive conduct in commerce, as well as state common law of nuisance, negligence, fraud and deceit, civil conspiracy, and unjust enrichment. A copy of Claimants' operative complaint is attached to the Proof of Claim as **Exhibit B**.

2.  Claimants allege, without limitation, that the Debtors developed a well-funded, sophisticated, and false marketing and distribution scheme targeted at consumers and medical providers. Debtors used direct marketing, as well as veiled advertising by seemingly independent

third parties to spread misrepresentations about the risks and benefits of long-term opioid use - statements that created a new market for prescription opioids, and upended the standard medical practice. These statements were unsupported by and contrary to the scientific evidence and targeted susceptible prescribers and vulnerable patient populations. Debtors spread their false statements by marketing their branded opioids directly to medical providers and patients. Debtors also deployed seemingly unbiased and independent third parties that they controlled to spread their false and negligent statements about the risks and benefits of opioids for the treatment of chronic pain throughout geographic areas and patient demographics of the communities served by hospitals. Debtors' conduct directly caused a flood of uninsured and underinsured patients to enter hospitals' emergency rooms, with the vast majority of these encounters involving longer hospital stays and more complex medical care than their non-opioid-related counterparts. Debtors' systemic fraud was successful, as Debtors intended, and led patients and physicians to believe that opioids were safe and non-addictive. As Debtors knew, this was not true, but hospitals had to deal with the fallout. Debtors also conspired with others to underreport the widespread distribution of opioids. More detail on Debtors' conduct is set forth in Claimants' First Amended Complaint, attached as Exhibit B to the Proof of Claim.

3. At this time, Claimants seek to recover the cost of abating the nuisance caused by the conduct of Debtors and their co-conspirators, including the cost of adapting their operations in response to the opioid crisis, and for prospective costs of providing unreimbursed treatment relating to opioid use.. Claimants, in addition to securing their own claim, are seeking class treatment of their claim pursuant to Fed. R. Bankr. P. 9014 and 7023.

4. Claimants' damages expert estimates total provable costs of abating the nuisance to be incurred by the putative class to be $598,603,712,003.

5.      Claimants reserve the right to amend this proof of claim to narrow or expand the claims asserted, including but not limited to (i) specifying different debtor(s) against which all or any portion of the Claims are asserted, (ii) increasing, including but not limited to adding interest, penalties, attorneys' fees, and charges, in connection with any of the Claims asserted herein or the contracts underlying such Claims, (iii) adding any additional claims that may arise after the Petition Date, including but not limited to pursuant to 11 U.S.C. § 502(h), (iv) modifying the priority asserted in connection with any of the Claims, including but not limited to administrative expense priority in accordance with 11 U.S.C. § 503, and/or (v) asserting any lien or security interest on property of the Debtors purporting to secure any Claims.

6.      The filing of this proof of claim is not intended to waive any rights under applicable non-bankruptcy law, including but not limited to consenting to the jurisdiction of this Court or of any court administering this insolvency proceeding.  Claimants do not consent to the personal jurisdiction of this court or service of process in connection with any proceeding other than the assertion and defense of the within claims.  To the extent otherwise available under applicable non-bankruptcy law and/or any agreements between the parties, Claimants do not waive, and hereby expressly reserve, (i) any and all rights to demand a jury trial in accordance with applicable law in connection with each of the Claims, and (ii) any and all rights to demand a resolution of the Claims or any other claims between Claimant and the Debtors' bankruptcy estate by arbitration or other means of alternative dispute resolution.