IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>PURDUE PHARMA L.P., et al.,<br><br><br>Debtors.[1] | Chapter 11<br>Case No. 19-23649 (RDD)<br>Administratively Consolidated |

### ORDER MAKING FED. R. CIV. P. 23 APPLICABLE TO THESE PROCEEDINGS, PERMITTING HOSPITAL CLAIMANTS TO FILE A CLASS PROOF OF CLAIM AND GRANTING RELATED RELIEF

Upon the motion (the "Motion") of the Hospital Claimants,[2] on behalf of themselves and a proposed class of similarly situated persons ("Hospital Class"), by and through their counsel, for the entry of an order making Fed. R. Civ. P. 23 applicable to the "Hospitals' Class Proof of Claim" (hereinafter "Class Proof of Claim" or "Class Claim"), permitting them to file the Class Proof of Claim and granting related relief pursuant to Fed. R. Bankr. P. 9014 and 7023; and it appearing that good and sufficient notice of the Motion has been given and that no further notice is necessary; and the Court having considered the Motion, the Declaration of Shannon Jerse in support thereof

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Life Science Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717), and SVC Pharma Inc. (4014).

[2] As used herein, the "Hospital Claimants" or "Hospitals" are: Infirmary Health Hospitals, Inc., Mobile, Alabama; St. Vincent Charity Medical Center (at times d/b/a Rosary Hall), Cleveland, Ohio; Southwest Mississippi Regional Medical Center, McComb, Mississippi; and Monroe County Healthcare Authority, d/b/a Monroe County Hospital, Monroeville, Alabama.

and any other evidenced adduced at the hearing on the Motion; and after due deliberation, and good and sufficient cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A.  **Jurisdiction and Venue**. This Court has jurisdiction to decide the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the Southern District of New York, dated January 31, 2012. This matter is a core proceeding pursuant to 28 U. S.C. § 157.

B.  **Fed. R. Civ. P. 23(a)**.  All threshold requirements of Federal Rule of Civil Procedure 23(a) are satisfied because:

1. Numerosity.  The Hospital Class, which includes greater than 5000 hospitals, is so numerous that individual joinder of all such claimants is impractical.

2. Commonality.  Common questions of fact or law exist. The claims asserted by the Hospital Class against the Debtors and their co-conspirators are based on the conduct of the Debtors and their co-conspirators, and there are no individual differences among the claims possessed by members of the Hospital Class.

    a. Did Debtors and their co-conspirators use false and deceptive statements and omissions to market opioids?

    b. Did Debtors and their co-conspirators market opioids by misrepresenting the risks and benefits of opioids?

    c. Did Debtors and their co-conspirators fail to monitor, detect, investigate, refuse to fill, and report suspicious orders of prescription

opioids?

d. Did Debtors and their co-conspirators fail to monitor, detect, investigate, refuse to fill, and report orders of prescription opioids which they knew or should have known were likely to be diverted for nonmedical purposes?

e. Did Debtors and their co-conspirators conduct the affairs of an enterprise through a pattern of unlawful or otherwise prohibited activity?

f. Did Debtors and their co-conspirators conspire to conduct the affairs of an enterprise through a pattern of unlawful or otherwise prohibited activity?

g. Did Debtors and their co-conspirators negligently manufacture, market, and sell opioids?

h. Did Debtors and their co-conspirators negligently sell opioids?

i. Did Debtors and their co-conspirators wantonly, recklessly, or with gross negligence manufacture, market, and sell opioids?

j. Did Debtors and their co-conspirators commit common-law fraud or violate state statutes proscribing unfair and deceptive conduct in commerce by making false representations of material fact and by concealing material facts about opioids?

k. Are the remediation costs incurred by the Hospital Class the direct and proximate result of Debtors' and their co-conspirators' acts and omissions?

3. <u>Typicality</u>.  The claims of the Hospital Claimants are typical of the claims of the Class. The claims and legal theories of the representative

3

claimant and the class members are precisely the same and focus on the conduct of Debtors and other opioid manufacturers and distributors and not on the conduct of the claimants, *e.g.:* whether Debtors and their co-conspirators made misrepresentations concerning their opioid products and their proper applications, and whether Debtors and their co-conspirators failed to report suspicious orders and otherwise failed to report or address irregularities in distribution channels.

4. <u>Adequacy</u>. Rule 23(a)(4)'s requirement that the class representative and counsel fairly and adequately protect the interests of the class is satisfied because:

   a. Class Counsel are experienced in class action litigation in general and class action litigation. Moreover, Class Counsel represent hospitals in a related class action pending in a federal MDL proceeding and in various state court actions.

   b. The Hospital Claimants sought out class counsel to initiate court proceedings, have monitored the litigation, and agreed to act as a representative for the class, and one of the Hospital Claimants, West Boca Medical Center, serves as a member of the Official Committee of Unsecured Creditors in these cases. The Hospital Claimants are adequate representatives.

   c. There are no known conflicts between the Hospital Claimants and the Hospital Class. They assert the same claims as other members of the Hospital Class and are adequate class representatives.

C. **Fed. R. Civ. P. 23(b).** In addition to Rule 23(a), at least one provision of Rule 23(b) must be satisfied. Here, the Rule 23(b)(3) requirements are met in that (i) common questions predominate over any questions affecting only individual members, and (ii) class treatment is superior to other available methods.

**NOW THEREFORE, IT IS ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. Pursuant to Bankruptcy Rules 9014 and 7023, the Court exercises its discretion to extend the application of Rule 23 of the Federal Rules of Civil Procedure to the Class Proof of Claim and hereby authorizes the Hospital Claimants to file the Class Proof of Claim.

3. The Court hereby certifies the following Hospital Class for purposes of the Class Proof of Claim:

> All acute care hospitals in the United States which treated, for opioid conditions, patients who have been prescribed prescription opioids. "Opioid conditions" are defined as opioid overdose; opioid addiction (including that of babies born opioid addicted); related mental health treatment programs; and any other opioid co-morbidities noted in the patient's record. Excluded from the Class are any hospitals (1) that file their own claim, and/or (2) are directly or indirectly owned or operated by (a) Debtors or Debtors' affiliated entities, or (b) the federal government.

4. The Court appoints the following hospitals to serve as representatives of the Hospital Class: Infirmary Health Hospitals, Inc., Mobile, Alabama; St. Vincent Charity Medical Center (at times d/b/a Rosary Hall), Cleveland, Ohio; Southwest Mississippi Regional Medical Center, McComb, Mississippi; and Monroe County Healthcare Authority, d/b/a Monroe County Hospital, Monroeville, Alabama.

5. After considering their: (i) work in identifying or investigating potential claims in the action; (ii) experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) knowledge of the applicable law; and (iv) resources, which they

5

will commit to representing the class, the Court appoints the following lawyers as Class Counsel: Barrett Law Group, P.A. and Cuneo, Gilbert & LaDuca, LLP, as primary counsel, and McGrail & Bensinger LLP, as local counsel.

6. The Court retains jurisdiction to interpret, implement and enforce the terms of this Order.

Dated:_____
      White Plains, New York

                                       _____
                                       THE HONORABLE ROBERT D. DRAIN
                                       UNITED STATES BANKRUPTCY JUDGE