**AKIN GUMP STRAUSS HAUER & FELD LLP**
Ira S. Dizengoff
Arik Preis
Mitchell Hurley
Sara L. Brauner
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002

*Counsel to the Official Committee of Unsecured Creditors of Purdue Pharma L.P.,* et al.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| PURDUE PHARMA L.P., *et al.*,[1] | Case No. 19-23649 (RDD) |
| | Jointly Administered |
| Debtors. | |

**STATEMENT OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF PURDUE PHARMA L.P., *ET AL.*, REGARDING THE CASE STIPULATION AMONG THE DEBTORS, THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND CERTAIN RELATED PARTIES**

The Official Committee of Unsecured Creditors (the "Official Committee") of Purdue Pharma L.P. and its affiliated debtors and debtors in possession (collectively, the "Debtors"), by and through its undersigned counsel, hereby files this statement (the "Statement") in respect of the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

*Case Stipulation Among the Debtors, the Official Committee of Unsecured Creditors and Certain Related Parties* [ECF No. 291] (as subsequently amended by the *Amended and Restated Case Stipulation Among the Debtors, the Official Committee of Unsecured Creditors and Certain Related Parties*, dated November 20, 2019 [ECF No. 518], the "Case Stipulation").[2] On June 30, 2019, the Official Committee became aware that Jonathan Sackler had passed away. The Official Committee extends its sincere condolences to the Sackler family. Notwithstanding the unfortunate nature of these circumstances, however, the Official Committee is compelled to file this Statement to highlight certain provisions of the Case Stipulation and ensure that the rights and obligations set forth therein are respected.

## STATEMENT

1. On September 18, 2019, three days after the commencement of these chapter 11 cases, the Debtors filed the *Motion for a Preliminary Injunction*, Adv. Pro. No. 19-08289 [ECF No. 2] (the "PI Motion").

2. On October 11, 2019, the Debtors, the Official Committee and certain other parties in interest entered into the Case Stipulation. Pursuant to the terms of the Case Stipulation and in consideration of the Official Committee's agreement to support the PI Motion, prior to the date that is 30 days after the expiration of the Stay Period, no Covered Party (which includes Mr. Sackler) shall "take any action with respect to any material amount of . . . his . . . property that is located inside or outside the United States with the intent or material effect of frustrating any

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Case Stipulation.

2

potential judgment of this Court in these chapter 11 cases or any other actions pending against [him] in any other court or jurisdiction." Case Stipulation ¶ 13 (the "<u>Anti-Secretion Provision</u>").[3]

3. On October 11, 2019, the Court issued the *Order Pursuant to 11 U.S.C. § 105(a) Granting Motion for a Preliminary Injunction* [Adv. Pro. ECF No. 82], which granted in part the relief sought by the PI Motion, and on November 6, 2019, issued the *Second Amended Order Pursuant to 11 U.S.C. § 105(a) Granting Motion for a Preliminary Injunction* [Adv. Pro. ECF No. 105]. The Preliminary Injunction was further amended by subsequent orders of the Court dated November 20, 2019, December 9, 2019, January 2, 2020, February 17, 2020, March 4, 2020, March 30, 2020, April 14, 2020, and May 18, 2020. Pursuant to the *Tenth Amended Order Pursuant to 11 U.S.C. § 105(a) Granting Motion for Preliminary Injunction*, dated May 18, 2020 [Adv. Pro. ECF No. 185], the Stay Period has been extended through and including October 5, 2020.

---

[3] Mr. Sackler was an "Initial Covered Person" and a "Covered Party" under the Case Stipulation. *See* Case Stipulation ¶¶ 1, 5. As such, Mr. Sackler is expressly bound by the terms of the Anti-Secretion Provision. Specifically, the Case Stipulation provides as follows:

> Each Covered Party consents, or shall be deemed to have consented, to Paragraph 13 hereof and to the jurisdiction of the Bankruptcy Court for the sole purpose of enforcing (1) all provisions hereof that are expressly applicable to such Covered Party and (2) all provisions of the order granting the Preliminary Injunction Motion expressly applicable to such Covered Party, including, in each case, the enforcement of any sanctions, penalties or any other remedies imposed by the Bankruptcy Court in each case in connection with a violation of Paragraph 13 or other applicable provision hereof or thereof that are expressly applicable to such Covered Party. For the avoidance of doubt, (i) no Initial Sackler Covered Person shall have any right to opt out, and all such persons shall be bound by the provisions of this Stipulation expressly applicable to them, and (ii) the Debtors and the UCC reserve all of their rights with respect to each Additional Covered Sackler Person that has delivered an opt-out notice, including without limitation, discovery pursuant to Bankruptcy Rule 2004 or otherwise, and prejudgment attachment under applicable law.

*Id.* ¶ 16.

4. Thereafter, on June 30, 2020, former counsel to Mr. Sackler provided notice of his death on the date thereof. *Suggestion of Death* [ECF No. 1316].

5. Pursuant to the terms of the Case Stipulation and in accordance with applicable law, all assets comprising Mr. Sackler's estate are subject to the Anti-Secretion Provision and, as such, may not be removed from Mr. Sackler's estate for any purpose.[4] Case Stipulation ¶¶ 13, 16; *see* CONN. GEN. STAT. §§ 45a-359 (claims against a decedent, including contingent contractual obligations, remain binding as charges against the decedent's estate which must be reserved from testamentary distributions); *see also* N.Y. SURR. CT. PROC. ACT § 1804(1) (same); G. Wilhelm, *et al.*, SETTLEMENT OF ESTATES IN CONNECTICUT § 7.3 (3d ed. Rev. 2019) ("Instead of positing the estate as a legal entity . . . the law places the executor or administrator in direct succession to the deceased . . . ."); 1 Page on Wills § 16.2 ("A devisee or legatee . . . acquires no greater right than his testator had. . . . The testator, of course, cannot dispose of a greater interest than he has."); *Entrekin v. Internal Medicine Assocs. of Dothan, P.A.*, 689 F.3d 1248, 1254 (11th Cir. 2012) ("For the same reason the powers of an executor or an administrator encompasses all of those formerly held by the decedent, those powers must likewise be restricted in the same manner and to the same extent as the powers of the decedent would have been.") (quoting *Briarcliff Nursing Home, Inc. v. Turcotte*, 894 So. 2d 661, 665 (Ala. 2004)) (internal alterations omitted); *In re Greater Se. Community Hosp. Corp. I*, 353 B.R. 324, 364 (Bankr. D.D.C. 2006) ("[T]he executor stands in the shoes of the deceased and can have no greater rights than the deceased himself."). Moreover, Mr. Sackler's estate is subject to the jurisdiction of the Bankruptcy Court for the purpose of enforcing the provisions of the Case Stipulation. Case Stipulation ¶ 16.

---

[4] Upon information and belief, Mr. Sackler was a resident of Connecticut and, therefore, his decedent estate will be probated in and subject to the laws of Connecticut.

6. Upon learning of Mr. Sackler's death, counsel to the Official Committee reached out to his former counsel to confirm that all parties in interest were aware of—and would abide by—the terms of the Case Stipulation, including the Anti-Secretion Provision, such that no assets would be removed from Mr. Sackler's estate absent further order of this Court. In response to this request, counsel for the Official Committee received correspondence from counsel to the Sacklers confirming this understanding of the terms of the Case Stipulation. The Official Committee appreciates this verification and, therefore, files this Statement only out of an abundance of caution.

7. Specifically, the Official Committee provides notice that, notwithstanding the correspondence that the Official Committee received from counsel to the Sacklers, to the extent the Official Committee believes at any point in the future that the executor(s) of Mr. Sackler's decedent estate are not complying with or do not intend to comply with terms of the Case Stipulation, including the Anti-Secretion Provision, the Official Committee intends to move before this Court to enforce the terms of the Case Stipulation and preserve its rights thereunder.

8. The Official Committee expressly reserves all rights, including the right to amend or supplement this Statement and seek additional relief from the Court as set forth herein. Nothing contained herein shall constitute a waiver of any rights or remedies of the Official Committee, each of which is expressly reserved.

| | |
|---|---|
| Dated: July 3, 2020<br>New York, NY | **AKIN GUMP STRAUSS HAUER & FELD LLP**<br>By:  /s/ *Arik Preis*<br>Ira S. Dizengoff<br>Arik Preis<br>Mitchell Hurley<br>Sara L. Brauner<br>One Bryant Park<br>New York, New York 10036<br>Telephone: (212) 872-1000<br>Facsimile: (212) 872-1002<br>idizengoff@akingump.com<br>apreis@akingump.com<br>mhurley@akingump.com<br>sbrauner@akingump.com<br><br>*Counsel to the Official Committee of Unsecured Creditors of Purdue Pharma L.P.,* et al. |