**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

PURDUE PHARMA L.P., *et al.*,

Debtors.[1]

Chapter 11

Case No. 19-23649 (RDD)

(Jointly Administered)

**ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 107(b) AND FED. R. BANKR. P. 9018 AUTHORIZING THE FILING OF CERTAIN INFORMATION AND EXHIBITS UNDER SEAL IN CONNECTION WITH DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) APPROVING THE DISMISSAL AGREEMENT BY AND AMONG THE DEBTORS AND INTELLIPHARMACEUTICS, AND (II) GRANTING RELATED RELIEF**

Upon the motion, dated July 2, 2020 (the "**Motion**")[2] of Purdue Pharma L.P. and its affiliates that are debtors and debtors in possession in these cases (collectively, the "**Debtors**") for entry of an order (this "**Order**"), pursuant to 11 U.S.C. §§ 105(a) and 107(b) and Fed. R. Bankr. P. 9018, authorizing the Debtors to file under seal their motion for entry of an order approving the Dismissal Agreement by and among the Debtors and Intellipharmaceutics (the "**Dismissal Agreement Motion**"), and to file a redacted version of the Dismissal Agreement Motion on the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to such term in the Motion.

public docket of these cases, and for related relief, all as described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and no other or further notice of the Motion being required; and, after due deliberation, the Court having determined that the legal and factual bases set forth in the Motion establish good and sufficient cause for the relief granted herein, in that the proposed redacted information constitutes commercial information properly protected under 11 U.S.C. § 107(b) on the terms of this Order; and such relief being in the best interests of the Debtors, their estates, creditors and all parties in interest; now, therefore,

**IT IS HEREBY ORDERED THAT**

1. The Motion is hereby granted as set forth herein.

2. Pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Bankruptcy Rule 9018-1, the Debtors are authorized to file on the public docket of these cases the redacted Dismissal Agreement Motion as submitted to the Court with the Motion, including a redacted form of the Dismissal Agreement and any exhibits and schedules thereto and any supporting declarations, as set forth in the versions submitted to the Court in connection with the Motion (the "**Redacted Documents**").

3. The Debtors are authorized to file the un-redacted Dismissal Agreement Motion, including an un-redacted form of the Dismissal Agreement and any exhibits and schedules thereto and any supporting declarations (the "**Sealed Documents**") under seal, by submitting the Sealed Documents by email to the Clerk of the Court in a PDF File format to

undersealbg@nysb.uscourts.gov in accordance with the Court's interim under seal filing procedures.  The Sealed Documents shall remain under seal, unless otherwise ordered by the Court or disclosed in accordance with the procedures outlined in the Protective Order [ECF No. 784] or as agreed to by the Debtors under appropriate confidentiality agreements satisfactory to the Debtors and IPCI.

4. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

5. Entry of this Order is without prejudice to the rights of any party in interest in the Chapter 11 Cases or the U.S. Trustee to seek an order of this Court unsealing all or part of the Redacted Documents or the Sealed Documents.

6. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

7. Counsel for the Debtors shall contact the Clerk's Office regarding the return or other disposition of the Sealed Documents within 10 days after the determination by final order of the Dismissal Agreement Motion.  If the Debtors fail to do so, the Clerk of Court is authorized to destroy the Sealed Documents.

Dated: July 6, 2020  /s/ Robert D. Drain
      White Plains, New York  THE HONORABLE ROBERT D. DRAIN
                                                        UNITED STATES BANKRUPTCY JUDGE