**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| PURDUE PHARMA L.P., *et al.*, | ) | Case No. 19-23649 (RDD) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |

**STIPULATION AND AGREED ORDER AMONG THE**
**OFFICIAL COMMITTEE AND THE STIPULATING IACS**
**REGARDING DISCOVERY DEADLINES IN THE CHAPTER 11 CASES**

The Official Committee of Unsecured Creditors (the "Official Committee") appointed in

the above-captioned chapter 11 cases (the "Chapter 11 Cases") of Purdue Pharma L.P. and certain

of its affiliates that are debtors in possession (collectively, the "Debtors"), and the IACs[2] party

hereto (the "Stipulating IACs"), by and through their undersigned counsel, hereby stipulate and

agree as set forth below in this stipulation and agreed order (the "Stipulation").

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014).

[2] Capitalized terms used and not otherwise defined herein, including "IACs" shall have the meanings ascribed to such terms in the *Case Stipulation Among the Debtors, the Official Committee of Unsecured Creditors and Certain Related Parties* [ECF No. 291] (as subsequently amended by the *Amended and Restated Case Stipulation Among the Debtors, the Official Committee of Unsecured Creditors and Certain Related Parties*, dated November 20, 2019 [ECF No. 518]).

**Recitals**

A.       On September 15, 2019, each Debtor filed a voluntary petition for relief under

chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the

Southern District of New York (the "Court").

B.       On September 26, 2019, the Office of the United States Trustee for Region 2

appointed the Official Committee pursuant to Bankruptcy Code section 1102(a) to act as a

fiduciary for and represent the interests of all unsecured creditors in the Chapter 11 Cases. *See*

*Notice of Appointment of Official Committee of Unsecured Creditors*, dated September 27, 2019

[ECF No. 131].

C.       On March 25, 2020, the Official Committee filed the *Ex Parte Motion of the*

*Official Committee of Unsecured Creditors of Purdue Pharma, et al. for an Order Authorizing*

*Examinations Pursuant to Federal Rules of Bankruptcy Procedure 2004 and 9006* [ECF No. 981],

which motion was granted by order of the Court on March 27, 2020 [ECF No. 992] (as amended

by the *Amended Order Pursuant to Federal Rules of Bankruptcy Procedure 2004 and 9006*

*Authorizing Examination of Third Parties*, dated April 14, 2020 [ECF No. 1008], the "Official

Committee Rule 2004 Order").  By the Official Committee Rule 2004 Order, the Court authorized

the Official Committee (and certain other parties), to conduct an examination of, and obtain

documents (including electronically stored information ("ESI")) from the Initial Covered Sackler

Persons ("ICSPs").  Following entry of the Official Committee Rule 2004 Order, the Official

Committee issued subpoenas to the ICSPs on March 31, 2020.

D.       On April 26, 2020, the Official Committee, through its counsel Akin Gump Strauss

Hauer & Feld LLP ("Akin Gump"), submitted a letter to the Court seeking resolution of certain

discovery disputes, including disputes relating to production of documents relating to the IACs.

E.        During a hearing on May 1, 2020, the Court directed counsel for the ICSPs to

instruct the IACs, entities which the ICSPs directly or indirectly own, to appoint counsel to

coordinate with the Official Committee regarding discovery in these cases, and to instruct each to

accept service of a subpoena or explain why they cannot. Hearing Tr. at 87-88.

F.        On or around May 5, 2020, the ICSPs relayed the Court's instructions to Bryan Lea,

who is employed by Mundipharma International Limited, one of the IACs, and acts as global (ex-

United States) General Counsel for other IACs.

G.        Royer Cooper Cohen Braunfeld LLC ("RCCB") advises that on or about May 10,

2020 and continuing thereafter it was retained by one-hundred sixty (160) IACs in connection with

discovery in these cases pursuant to the Court's May 1 instructions, and since that time RCCB has

sought to identify all IACs and to be retained by each IAC that has the capacity to retain RCCB or

is not already represented by other counsel.

H.        As of June 15, 2020, RCCB advises that it has been authorized by one-hundred and

thirty seven (137) IACs to accept service of subpoenas on their behalf.

I.        The Parties have conferred, and will continue to confer, in good faith on a variety

of matters with respect to the Chapter 11 Cases and, in view of the foregoing concerns, have

reached the agreements set forth below.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED AS
FOLLOWS:**

1.        By no later than June 24, 2020, RCCB will provide the Official Committee with a

single list identifying all entities that are IACs, including without limitation, to the extent they

exist, any IACs that were not identified in the exhibits attached to RCCB's June 5 letter to the

3

Court and which RCCB has been able to identify through the exercise of reasonable diligence since it prepared those exhibits (the "Master IAC List").

      2.      The Master IAC List will include, for each listed IAC, columns providing the following information:

    a. Counsel for the IAC appointed to coordinate with the Official Committee in discovery in these cases;

    b. If an IAC lacks counsel, the reason it lacks counsel;

    c. Whether the IAC has authorized its counsel to accept service of a subpoena in these cases; and

    d. If the IAC has not authorized its counsel to accept service of a subpoena in these cases, an explanation for why it cannot in accordance with the Court's instruction at the May 1 hearing.

      3.      Between the date of this stipulation and June 30, 2020, RCCB will complete whatever diligence may be reasonably necessary to identify all entities that are IACs, and on June 30, 2020, shall supply the UCC with either (i) an updated Master IAC List that adds any IACs that were not included on the June 24 Master IAC List (together with the information required by Paragraph 2 hereof for each such added IAC); or (ii) written confirmation, which may be in the form of an email, that based on RCCB's good faith investigation, it has concluded no IACs exist other than those identified in the original June 24 Master IAC List.  The Official Committee shall notify RCCB of the name of any entity or entities not included on the Master IAC List that the Official Committee comes to believe may be an IAC, and will use its reasonable good faith efforts to provide such notice within three (3) calendar days after the Official Committee comes to believe that such entity or entities may be an IAC, and RCCB agrees it will work with the Official

Committee and other parties in interest in these Chapter 11 Cases in good faith to determine whether such entity or entities so identified is an IAC and belongs on the Master IAC List, and, if RCCB concludes it or they should be added, will promptly supply an amended Master IAC List including such entity or entities (together with the information required by Paragraph 2 hereof to reach such added IAC). Any entity added to the Master IAC List pursuant to this paragraph and which has retained RCCB as its counsel shall be deemed a Stipulating IAC.

4. Each Stipulating IAC that is not served with a subpoena in these cases (if any) stipulates and agrees that it will provide any disclosures that may be agreed among RCCB and counsel for the Official Committee.

5. A Stipulating IAC's willingness to enter into this Stipulation and to accept service of a subpoena and/or comply with the Official Committee's discovery requests and the Court's rulings or instructions concerning discovery disputes with the Official Committee shall not be, and shall not be construed as, (a) consent by a Stipulating IAC, to jurisdiction in the Bankruptcy Court or any other forum in the United States for any purpose other than enforcement of such subpoena and this Stipulation; (b) an agreement regarding the admissibility of any materials produced; or (c) a waiver by a Stipulating IAC of jurisdictional defenses or objections to the service of any subpoena or other documents or process, provided, however, that a Stipulating IAC that consents to service of a subpoena pursuant to the Court's May 1 instructions and as identified on the Master IAC List waives its right to object on the grounds of improper service to any subpoena delivered by counsel to the Official Committee to such Stipulating IAC's counsel. For the avoidance of doubt, the Official Committee does not waive or otherwise relinquish its right to argue that a Stipulating IAC is subject to jurisdiction in any forum in the United States for any purpose,

5

including the Bankruptcy Court, on any grounds other than such Stipulating IAC's consent to the terms of this stipulation and/or agreement to accept service of a subpoena as set forth herein.

6.      On a date that is on or before June 30, 2020 (the "Delivery Date"), the Official Committee will provide RCCB with a draft of the subpoena (the "Draft Subpoena") that the Official Committee intends to serve on Stipulating IACs that have agreed to accept service.  The Draft Subpoena shall consist primarily, but not exclusively, of a subset of the items of the subpoena served by the Official Committee on the ICSPs on March 31, 2020 that previously were highlighted for consideration by the IACs in correspondence from counsel for the ICSPs on April 30, 2020 and counsel for the Official Committee on May 25, 2020.

7.      On the Delivery Date, the Official Committee will further identify for RCCB the items of the Draft Subpoena that the Official Committee considers to be priority requests, which shall not be more than 20 in number (the "Priority Requests"), without waiving or withdrawing any other requests including the balance of the requests in the Draft Subpoena (the "Remaining Requests").

8.      Commencing on the day that this Stipulation is "so ordered" by the Court, or within seven (7) calendar days of the Delivery Date, whichever is earlier, RCCB and counsel for the Official Committee shall meet and confer on a discovery schedule (the "Discovery Schedule") that, *inter alia*, will provide deadlines for: (i); identification of Stipulating IAC entities and custodians reasonably likely to have documents and information responsive to the Priority Requests; (ii) identification of Stipulating IACs and custodians reasonably likely to have documents and information responsive to the Remaining Requests; (iii) gathering electronically stored information of the Stipulating IACs as may be agreed among the parties and search criteria for identifying and producing relevant ESI; (iv) the rolling production of documents and information

from the Stipulating IACs to the Official Committee and a final discovery cut-off date; (v) the

provision of a form of privilege log and subsequent production thereof and other related matters.

The terms of this Paragraph 8 shall not apply to three (3) Stipulating IACs identified to counsel

for the Official Committee by RCCB in a separate writing.  For the avoidance of doubt, nothing

herein shall be deemed to limit the Official Committee's right to seek further relief respecting

those three entities or any other Stipulating IAC, including an instruction requiring additional

Stipulating IACs to submit to service of subpoenas in these cases, and nothing herein shall limit

the Stipulating IACs' right to oppose such relief.

9.      Upon agreement by the parties to the Discovery Schedule and in no event later than

ten (10) calendar days after the Delivery Date (the "Discovery Schedule Deadline"), the Official

Committee and the Stipulating IACs shall submit to the Court either (i) an agreed-upon Discovery

Schedule to the Court in the form of a stipulation (the "Scheduling Stipulation") to be "so ordered"

by the Court or (ii) in the event they cannot agree on a schedule, preferably in a single letter, their

competing proposals for a discovery schedule, together with a request that the Court convene a

discovery conference within three days of the Discovery Schedule Deadline or as soon thereafter

as the Court is available.

10.      Notwithstanding the foregoing, on or before July 8, 2020, for all individuals listed

in Exhibit A to the Official Committee's June 14, 2020 email to RCCB (attached hereto as Exhibit

1), the Stipulating IACs will, to the extent the information is available to or reasonably obtainable

by the Stipulating IACs: (i) identify which individuals have IAC-hosted email addresses and (ii)

provide any IAC-hosted email addresses for those persons.  The Stipulating IACs shall on the same

basis identify any executive or other role held by the individuals identified on Exhibit A to the

Official Committee's June 14, 2020 email to RCCB at any IAC, but to the extent they need more

time to do so, the Stipulating IACs need not include that information along with the information

supplied on July 8, 2020, provided the Stipulating IACs  do so on or before July 13, 2020.

11.     The parties hereto agree to carry out the obligations set forth herein pending

approval of this Stipulation by the Court, but if the Stipulation is not approved by the Court within

15 business days of the date hereof, this Stipulation shall be null and void and of no force or effect

unless the parties otherwise agree in writing.

12.     The Parties may agree to modification of any deadlines in this Stipulation without

further order of the Court provided they do so in writing, which may take the form of an email.

[*The remainder of this page has been left blank intentionally.*]

**STIPULATED AND AGREED:**

Dated:   June 22, 2020
         New York, New York

| | |
|---|---|
| */s/ Mitchell Hurley* | */s/ Marc E. Hirschfield* |
| AKIN GUMP STRAUSS HAUER & FELD LLP | ROYER COOPER COHEN BRAUNFELD LLC |
| Ira S. Dizengoff | Marc E. Hirschfield |
| Arik Preis | Marc Skapof |
| Mitchell P. Hurley | 1120 Avenue of the Americas, 4th FL |
| Joseph L. Sorkin | New York, NY 10036 |
| Sara L. Brauner | Telephone: (212) 994-0451 |
| One Bryant Park | |
| Bank of America Tower | *Counsel to the Stipulating IACs* |
| New York, New York 10036 | |
| Telephone: (212) 872-1000 | |

*Counsel to the Official Committee of
Unsecured Creditors*

**SO ORDERED.**

White Plains, New York
Dated:  July 7, 2020

                              */s/ Robert D. Drain*
                              THE HONORABLE ROBERT D. DRAIN
                              UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT 1**

| | |
|---|---|
| **From:** | Richards, Jillie |
| **Sent:** | Sunday, June 14, 2020 11:08 PM |
| **To:** | Marc Hirschfield |
| **Cc:** | Marc Skapof; Hurley, Mitchell; Preis, Arik; PPLP Group |
| **Subject:** | Purdue- Information Relevant to IAC Custodians |
| **Attachments:** | Exhibit A.pdf; 2020.01.09 M. Hurley Letter to Norton Rose Fulbright re Supplemental Information Requests.pdf; 2020.01.31 Norton Rose Letter re IAC searches and document preservation.pdf; 2020.04.24 Norton Rose Email to UCC re IAC email addresses.pdf |

Marc,

As discussed previously, we need to rely on Royer Cooper to identify a complete group of IAC custodians likely to have documents responsive to the items previously highlighted for you in the Official Committee's March 31, 2020 subpoenas, and we certainly hope you are and have been engaged in identifying those custodians.  We want to be helpful where we can, of course.  To that end, we ask you to advise which members of the Sackler family and which of the other individuals identified on the attached Exhibit A had IAC-hosted email or other ESI (and please include the actual email address or other information), and if any of them had an executive or other role at an IAC to please identify that role.

We provided Norton Rose with the names of some of these individuals on January 9, 2020. On January 31, 2020, Norton Rose informed us that they had "conducted a review of IAC-hosted and IAC-domain email addresses (and other IAC-maintained electronic or hard copy files) pertaining to members of the Sackler family and the Additional Custodians (as defined in [the UCC's] January 2, 2020 letter)" and "[t]his review identified eight individuals among those two groups with IAC-hosted or IAC-domain e-mail addresses (or other IAC-maintained electronic or hard copy files)."  However, Norton Rose never identified the eight individuals. In a meet and confer on February 24, 2020, Norton Rose informed us that David and Theresa Sackler had IAC email address and that Paulo Costa, one of the identified Additional Custodians in our January 2, 2020 letter, had an IAC-hosted email account with several thousand documents. In addition, on April 24, 2020 Norton Rose provided us with the IAC-hosted email addresses for David Sackler, Samantha Sackler Hunt, and Mortimer D.A. Sackler, but did not include one for Theresa.  For the avoidance of doubt, when you provide the information requested above for the Sacklers and the other individuals listed in Exhibit A, we of course ask that you also include the eight persons previously referenced by Norton Rose, which apparently includes David, Samantha, Mortimer, Theresa and Paulo Costa, plus three others.   We attach the referenced correspondence for your convenience.

**Jillie B. Richards**
**AKIN GUMP STRAUSS HAUER & FELD** LLP
2001 K Street N.W. | Washington, DC 20006 | USA | Direct: +1 202.887.4077 | Internal: 24077
Fax: +1 202.887.4288 | richardsj@akingump.com | akingump.com | Bio

   
Exhibit A

**Sacklers**

| Name | Name |
|---|---|
| Ilene Sackler Lefcourt | Richard Sackler |
| Kathe Sackler | Jonathan Sackler |
| Mortimer D. Sackler | David Sackler |
| Mortimer D.A. Sackler | Beverly Sackler |
| Theresa Sackler | Raymond Sackler |
| Susan Shack Sackler | Marianna Sackler Frame |
| Jaqueline Sackler | Rebecca Sackler |
| Samantha Hunt | Madeleine Sackler |
| John Hunt | Clare Sackler |
| Marissa Sackler | Miles Sackler |
| Sophia Dalrymple | Mary Corson |
| Jamie Dalrymple | Jaseleen Sackler |
| Michael Sackler | James Frame |
| Lucero Inhara Ortiz Toledo | Jeffrey Selikoff |
| Karen Lefcourt-Taylor | Scott Bulua |
| Benjamin Taylor | Molly Johnson |
| Jeffrey Lefcourt | |
| Heather Lefcourt | |
| Benjamin Shack Sackler | |
| Julia Shack Sackler | |
| Tara Hunt | |
| Jasper Hunt | |
| Dylan Hunt | |
| Beth Cohen | |

Exhibit A

## Other Individuals

| Name | Name |
|------|------|
| Corey Adams | William Mallin |
| Stuart Baker | Kelly Martin |
| Rami Batal | Alberto Martinez |
| Todd Baumgartner | Antony Mattessich |
| Peter Boer | Patrik Maurer |
| Helen Bonneau | Christian Mazzi |
| Kenneth Buckfire | Ian McClatchey |
| Alan Butcher | Peter McGowan |
| Marc Cataldo | Paul Medeiros |
| Gail Cawkwell | Thomas Mehrling |
| JJ Charhon | Brian Meltzer |
| Sok Chough | Steve Miller |
| David Colpman | David Lundie |
| Michael Cola | Jim MacDonald-Clink |
| Michael Collins | Edward Mahony |
| Rachel Corder | Robert S. Miller |
| Paulo Costa | Christopher Mitchell |
| Christian Darland | Saeed Mothari |
| Amy D'Agastino | Eckhard Mullhauser |
| Chris Davie | Linda Park |
| Louis DeBone | Zach Perlman |
| Douglas Docherty | Cecil Pickett |
| James Dolan | David Pidduck |
| Allen Downs | Lena Poulsen |
| John S. Dubel | Jennifer Quinn-Felice |
| Julie Ducharme | Karen Reimer |
| Alan Dunton | Tim Reiner |
| Lale Faheem | Steven Ripa |
| Henrik Glarbo | Lois Rogers |
| Kathryn Gregory | Anthony Roncalli |
| Carl Graf | Fred Sexton |
| Amaury Guerrero | Raman Singh |
| David J. Haddox | Tejash Shah |
| Hal Holbrook | Robert Shapiro |
| Cornelia Hentzsch | Ralph Snyderman |
| Anneke Hooiveld | John Stewart |
| Stephen Ives | Gary Stiles |
| Steve Jamieson | Philip Strassburger |
| Hans-Peter Kirschgaessner | Subhanu Saxena |
| Stephen Knott | Chris Surridge |
| Alan Koller | Alex Taub |
| Tom Koutsavlis | Mark Timney |

Exhibit A

| | |
|---|---|
| Ann Kraft | Jacques Theurillat |
| Don Kyle | Karen Trayer |
| Craig Landau | Neil Trueman |
| Brian Lea | Brianne Weingarten |
| David Levine | Elizabeth Weiss |
| Judy Lewent | Jonathan White |
| William Loomis | Ake Wikstrom |
| Jon Lowne | Kurt Wuest |