**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PURDUE PHARMA L.P., *et al.*, | ) | Case No. 19-23649 (RDD) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |

**STIPULATION AND AGREED ORDER AMONG THE OFFICIAL COMMITTEE AND THE MORTIMER SIDE COVERED PARTIES REGARDING DISCOVERY DEADLINES IN THE CHAPTER 11 CASES**

The Official Committee of Unsecured Creditors (the "Official Committee") appointed in the above-captioned chapter 11 cases (the "Chapter 11 Cases") of Purdue Pharma L.P. and certain of its affiliates that are debtors in possession (collectively, the "Debtors"), and the Mortimer Side Covered Parties[2] (together, the "Parties"), by and through their undersigned counsel, hereby stipulate and agree as set forth below in this stipulation and agreed order (the "Stipulation").[3]

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014).

[2] The Mortimer Side Covered Parties that are party to this Stipulation are the parties identified on the list of "A Side ICSPs and ACSPs" provided to the Official Committee by Debevoise & Plimpton LLP ("Debevoise") on June 5, 2020, for whom Debevoise is listed as being authorized to accept service. The Mortimer Side Covered Parties preserve, and do not waive, all defenses, including without limitation defenses based on lack of personal jurisdiction and have agreed to voluntarily comply with this Stipulation and the orders of this Court related to this Stipulation, and the Official Committee preserves, and does not waive, all of its claims and arguments, including without limitation, its right to argue that the Mortimer Side Covered Parties are subject to this Court's personal jurisdiction.

[3] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to such terms in the *Case Stipulation Among the Debtors, the Official Committee of Unsecured Creditors and Certain Related Parties* [ECF No. 291] (as subsequently amended by the *Amended and Restated Case Stipulation Among the Debtors, the Official Committee of Unsecured Creditors and Certain Related Parties*, dated November 20, 2019 [ECF No. 518]) (the "Case Stipulation").

**Recitals**

A.      On September 15, 2019 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York (the "Court").

B.      On September 26, 2019, the Office of the United States Trustee for Region 2 appointed the Official Committee pursuant to Bankruptcy Code section 1102(a) to act as a fiduciary for and represent the interests of all unsecured creditors in the Chapter 11 Cases. *See Notice of Appointment of Official Committee of Unsecured Creditors*, dated September 27, 2019 [ECF No. 131].

C.      On March 25, 2020, the Official Committee filed the *Ex Parte Motion of the Official Committee of Unsecured Creditors of Purdue Pharma, et al. for an Order Authorizing Examinations Pursuant to Federal Rules of Bankruptcy Procedure 2004 and 9006* [ECF No. 981], which motion was granted by order of the Court on March 27, 2020 [ECF No. 992] (as amended by the *Amended Order Pursuant to Federal Rules of Bankruptcy Procedure 2004 and 9006 Authorizing Examination of Third Parties*, dated April 14, 2020 [ECF No. 1008], the "Official Committee Rule 2004 Order"). By the Official Committee Rule 2004 Order, the Court authorized the Official Committee (and certain other parties) to conduct an examination of and obtain documents (including electronically stored information, ("ESI")) from the Initial Covered Sackler Persons. Following entry of the Official Committee Rule 2004 Order, the Official Committee issued a subpoena to the Mortimer Side Initial Covered Sackler Persons on March 31, 2020 (the "Subpoena").

D.    On April 26, 2020, the Official Committee, through its counsel Akin Gump Strauss Hauer & Feld LLP ("Akin Gump"), submitted a letter to the Court seeking resolution of certain discovery disputes, which the Court addressed during a hearing on May 1, 2020.

E.    On June 2, 2020, the Official Committee submitted a letter to the Court further addressing discovery disputes, including disputes concerning what was required of the Mortimer Side Covered Parties based on the Court's May 1 instructions, and the Mortimer Side Covered Parties responded by letter to the Court dated June 5, 2020.

F.    Pursuant to the Court's instruction on June 8, 2020, the Parties resumed their meet and confer efforts and have reached the agreements set forth below.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED AS FOLLOWS:**

1.    The parties acknowledge, stipulate and agree that "ESI" shall mean all forms and means of electronic communication (as defined in Local Rule 26.3, as adopted by Local Bankruptcy Rule 7026-1) or information transmitted electronically used by any ESI custodian, including, without limitation: e-mail messages; text messages; other forms of electronic messages hosted by any application or service, including but not limited to Whatsapp, Instant Bloomberg, Facebook, or Groupme; or any other form of electronic communication any such ESI custodian indicates he or she may have used.  The foregoing shall include electronic communications whether from imaged phones, or as retrieved from any cloud sharing service, or any other storage service, database, or archive maintained by such ESI custodian, the phone provider, application or hosting service; and all available attachments to and metadata regarding such communications. Each ESI custodian and his, her, or its counsel shall make a good faith inquiry to identify and

collect ESI from all means of electronic communication used by such custodian, and any cloud sharing service, storage service, database, or archive that may contain such ESI. The Mortimer Side Covered Parties' counsel shall engage in reasonable searches to obtain such ESI, including by imaging and searching phones and attempting to retrieve deleted messages from cloud sharing services and from phone companies or other service providers, to the extent necessary.

2. The schedule for the production of documents from Mortimer D.A. Sackler, Ilene Sackler, Kathe Sackler, Theresa Sackler, and Samantha Hunt (collectively, the "Initial Custodians"), will be as follows. Initial Custodians shall produce on a rolling basis all ESI responsive to the Subpoena ("Responsive ESI") that is not privileged and that is returned by the search terms Akin Gump proposed on April 17, 2020 for the period of January 1, 1995, or the earliest date for which ESI is available for each Initial Custodian, through the Petition Date. All Initial Custodians, with the exception of Samantha Hunt, shall complete such production on or before July 2, 2020. Samantha Hunt shall complete such production on or before July 16, 2020.

3. Each of Marissa Sackler, Sophie Dalrymple, Michael Sackler, Karen Lefcourt-Taylor, Jeffrey Lefcourt, Susan Shack Sackler, and Jaqueline Sackler (collectively, the "M-ACSP Individuals"), shall produce on a rolling basis all non-privileged Responsive ESI returned by applying search terms selected in the manner and on the schedule set forth in Paragraph 6 hereof to the ESI of the M-ACSP Individuals ("M-ACSP ESI") for the period between January 1, 2006 (or (i) when such M-ACSP Individual reached 21 years of age, or (ii) when such M-ACSP Individual was married to an Initial Custodian, in each case, if later) through the Petition Date.

4. The Mortimer Side Covered Parties will seek agreement from the representatives of Mortimer D. Sackler[4] to recover, gather and produce non-privileged Responsive ESI from the account mortimer.sackler@mdsackler.co.uk, an email address of Mortimer D. Sackler ("Mortimer D. Sackler Email Account"), and use reasonable best efforts to recover, gather and produce any such non-privileged ESI to the extent such emails can be recovered from any electronic archive, including back-up tapes or other reasonably accessible source. The Mortimer Side Covered Parties will provide the Official Committee with information related to whether ESI can be retrieved from the Mortimer D. Sackler Email Account by June 25, 2020, after which time the Parties will meet and confer on a production schedule of ESI from the Mortimer D. Sackler Email Account. To the extent the Mortimer Side Covered Parties contend that ESI cannot be retrieved from the Mortimer D. Sackler Email Account, the Mortimer Side Covered Parties shall provide the Official Committee with an explanation of the efforts taken to retrieve such ESI.

5. For the avoidance of doubt, the Official Committee reserves its right to seek additional documents and information, including ESI, from these and/or other Mortimer Side Covered Parties, including based on information that may be produced in accordance with this Stipulation, and the Mortimer Side Covered Parties reserve their right to oppose any such additional searches and productions, except on the ground that the Official Committee relinquished its right to seek such additional material as a result of entering into this Stipulation.

6. The collection and production of M-ACSP ESI shall proceed as follows:

---

[4] Any such agreement shall be without waiver of any defenses by the estate of Mortimer D. Sackler or any representatives thereof, including without limitation defenses based on the lack of personal jurisdiction.

a. On or before July 3, 2020 ("Initial Search Date"), all M-ACSP ESI shall have been gathered such that search criteria can be run against it on or before the Initial Search Date;

b. On or before the Initial Search Date, Akin Gump shall supply search terms to counsel for the M-ACSP ESI ("Initial Search Terms") and counsel shall run the Initial Search Terms as drafted and supplied by Akin Gump against the M-ACSP ESI as promptly as possible, but not later than the Initial Search Date (the "Initial Run Date"), *provided* that if the Initial Search Terms are provided to counsel for the M-ACSP Individuals on the Initial Run Date, counsel for the M-ACSP Individuals shall run such Initial Search Terms within three (3) business days of the Initial Run Date, which date shall be considered the Initial Run Date for the purposes of this Stipulation;

c. Within three business days of the Initial Run Date, counsel for the M-ACSP Individuals shall generate and provide to Akin Gump search term hit reports that control for overlap and detail the number of documents returned, after utilizing, to the extent possible, de-duplication, threading, and OCR-text recognition to de-duplicate only true duplicates ("Hit Reports"), by the Initial Search Terms. M-ACSP Individuals' counsel shall not remove "near" duplicates. For the avoidance of doubt, threading means the identification of emails and attachments containing unique content in the parent email and/or attachments to optimize removal of overlapping content; threading does not mean limiting production to the most mature/last email in an email conversation or the most inclusive email chains.

    d. Thereafter, counsel shall provide to Akin Gump Hit Reports for any revisions to the Initial Search Terms that Akin Gump may from time to time propose ("<u>Revised Search Terms</u>") within three business days of receiving such Revised Search Terms from Akin Gump;

    e. If the Initial Search Terms or any of the Revised Search Terms for the M-ACSP Individuals return 200,000 documents or fewer after utilization of de-duplication, threading, and OCR-text recognition to remove only true duplicates, the M-ACSP Individuals shall complete the review and production of such documents within 30 calendar days of the Official Committee's written request, which may be in the form of an email, for the M-ACSP Individuals to commence their review and production;

    f. If the Official Committee requests that the M-ACSP Individuals review more than 200,000 documents of M-ACSP ESI, the Parties shall meet and confer concerning that request, and concerning timing for completion of the associated review and production. If the Parties are unable to reach agreement on any matter concerning such search, review, and production of M-ACSP ESI by July 10, 2020, the Parties may seek the assistance of the Court for resolution; and

    g. The M-ACSP Individuals shall complete production of all responsive, non-privileged M-ACSP ESI by any deadline required, agreed to or ordered pursuant to this Paragraph 5 of this Stipulation ("<u>Required, Agreed or Ordered Deadline</u>").

7. The production of privilege logs shall proceed as follows:

a. On or before June 15, 2020, the Mortimer Side Covered Parties shall provide a proposed form of privilege log, which shall include at least 100 documents and which shall indicate the format in which the Mortimer Side Covered Parties propose to identify privilege claims and any other purported basis for withholding or redacting documents. The Mortimer Side Covered Parties agree they will meet and confer in good faith with the Official Committee on and after June 15, 2020 to the extent the Official Committee has concerns about the proposed format;

b. To the extent any redaction is applied in the non-Outside Professionals' Eyes Only production, but not in the Outside Professionals' Eyes Only production, such redaction need not be logged;

c. On or before July 21, 2020, the Mortimer Side Covered Parties shall produce their initial privilege log detailing all Responsive ESI that were withheld from their productions or redacted on or before July 2, 2020, based on an actual or potential claim of privilege, work product or other grounds, and shall simultaneously produce any Responsive ESI determined not to be privileged in the course of making the log;

d. Within 15 days of the Required, Agreed or Ordered Deadline, the Mortimer Side Covered Parties shall produce their second privilege log, which shall include all Responsive ESI withheld or redacted from productions since July 2, 2020 and through the date of the Required, Agreed or Ordered Deadline, and shall simultaneously produce any Responsive ESI determined not to be privileged in the course of making the log;

    e. To the extent other production phases are ordered or agreed, the Mortimer Side Covered Parties shall produce privilege logs within 15 days of the ordered or agreed deadline, and shall simultaneously produce any Responsive ESI determined not to be privileged in the course of making the log; and

    f. Within 15 days of the final production, the Mortimer Side Covered Parties shall produce their final privilege log, which shall log all Responsive ESI that could not have been logged on previous privilege logs because they were not identified, withheld or redacted by the Mortimer Side Covered Parties until after the last such log was produced, and shall simultaneously produce any Responsive ESI determined not to be privileged in the course of making the log.

8. Any productions made pursuant to this Stipulation and any privilege logs produced pursuant to this Stipulation will be contemporaneously produced to the Debtors, the Ad Hoc Group of Consenting States and the Ad Hoc Group of Non-Consenting States.

9. The Parties may agree to modification of any deadlines in this Stipulation without further order of the Court provided they do so in writing, which may take the form of an email.

[*The remainder of this page has been left blank intentionally.*]

**STIPULATED AND AGREED:**

Dated:   June 22, 2020
         New York, New York

| | |
|---|---|
| */s/ Mitchell Hurley* | */s/ Jasmine Ball* |
| AKIN GUMP STRAUSS HAUER & FELD LLP | DEBEVOISE & PLIMPTON LLP |
| Ira S. Dizengoff | Harold W. Williford |
| Arik Preis | Jasmine Ball |
| Mitchell P. Hurley | M. Natasha Labovitz |
| Joseph L. Sorkin | Maura Kathleen Monaghan |
| Sara L. Brauner | Jeffery J. Rosen |
| One Bryant Park | 919 Third Avenue |
| New York, New York 10036 | New York, NY 10022 |
| Telephone: (212) 872-1000 | Telephone: (212) 909-6000 |
| | |
| *Counsel to the Official Committee of Unsecured Creditors* | *Counsel to the Mortimer Side Covered Parties* |

**SO ORDERED.**

White Plains, New York
July 7, 2020

*/s/Robert D. Drain*
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE