**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PURDUE PHARMA L.P., *et al.*, | ) | Case No. 19-23649 (RDD) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |

**STIPULATION AND AGREED ORDER AMONG THE OFFICIAL
COMMITTEE AND RAYMOND SIDE COVERED PARTIES
REGARDING DISCOVERY DEADLINES IN THE CHAPTER 11 CASES**

The Official Committee of Unsecured Creditors (the "Official Committee") appointed in the above-captioned chapter 11 cases (the "Chapter 11 Cases") of Purdue Pharma L.P. and its affiliated debtors in possession (collectively, the "Debtors"), and the Raymond Side Initial Covered Sackler Persons on whose behalf Milbank LLP and Joseph Hage Aaronson LLC accepted service of the Official Committee's March 31, 2020 subpoena (the "Responding R-ICSPs") and seven Additional Covered Sackler Persons[2] (the "Additional Custodians," together with the Responding R-ICSPs, the "Producing Parties," and collectively with the Official Committee, the "Parties"), by and through their undersigned counsel, hereby stipulate and agree as set forth below in this stipulation and agreed order (the "Stipulation").[3]

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014).

[2] The Additional Custodians are: Madeleine Sackler, Clare Sackler, Miles Sackler, Marianna Sackler Frame, Rebecca Sackler, Mary Corson and Jaseleen Sackler.

[3] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to such terms in the *Case Stipulation Among the Debtors, the Official Committee of Unsecured Creditors and Certain Related Parties*

**Recitals**

A.  On September 15, 2019 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York (the "Court").

B.  On September 26, 2019, the Office of the United States Trustee for Region 2 appointed the Official Committee pursuant to Bankruptcy Code section 1102(a) to act as a fiduciary for and represent the interests of all unsecured creditors in the Chapter 11 Cases. *See Notice of Appointment of Official Committee of Unsecured Creditors*, dated September 27, 2019 [ECF No. 131].

C.  On March 25, 2020, the Official Committee filed the *Ex Parte Motion of the Official Committee of Unsecured Creditors of Purdue Pharma, et al. for an Order Authorizing Examinations Pursuant to Federal Rules of Bankruptcy Procedure 2004 and 9006* [ECF No. 981], which motion was granted by order of the Court on March 27, 2020 [ECF No. 992] (as amended by the *Amended Order Pursuant to Federal Rules of Bankruptcy Procedure 2004 and 9006 Authorizing Examination of Third Parties*, dated April 14, 2020 [ECF No. 1008], the "Official Committee Rule 2004 Order").  By the Official Committee Rule 2004 Order, the Court authorized the Official Committee (and certain other parties) to conduct an examination of and obtain documents (including electronically stored information ("ESI")) from the Initial Covered Sackler Persons, as that term is defined in the Case Stipulation.  Following entry of the Official Committee Rule 2004 Order, the Official Committee issued subpoenas to the Initial Covered Sackler Persons

---

[ECF No. 291] (as subsequently amended by the *Amended and Restated Case Stipulation Among the Debtors, the Official Committee of Unsecured Creditors and Certain Related Parties*, dated November 20, 2019 [ECF No. 518]) (the "Case Stipulation").

on March 31, 2020 (the "Subpoena").  Milbank and Joseph Hage Aaronson LLC accepted service on behalf of the Responding R-ICSPs, who are specifically identified in Milbank's letter to the Official Committee of April 9, 2020.

D. In April 2020, the Parties met and conferred regarding production in response to the Subpoena.  As part of these negotiations, the Responding R-ICSPs agreed to produce to the Official Committee non-privileged ESI that is responsive to the Official Committee's Subpoena from the custodial files of Richard Sackler, Jonathan Sackler, and David Sackler, who are Raymond Side Initial Covered Sackler Persons, and Stephen A. Ives.

E. On April 26, 2020, the Official Committee, through its counsel Akin Gump Strauss Hauer & Feld LLP ("Akin Gump"), submitted a letter to the Court seeking resolution of certain discovery disputes, which the Court addressed during a hearing on May 1, 2020.

F. On June 2, 2020, the Official Committee submitted a letter to the Court further addressing discovery disputes, including disputes concerning what was required of the Raymond Side Covered Parties based on the Court's May 1 instructions, and the Responding R-ICSPs responded by letter to the Court dated June 5, 2020.

G. Pursuant to the Court's instruction on June 8, 2020, the Parties resumed their meet and confer efforts.

H. The Parties' agreements with respect to certain discovery matters are set forth below.

3

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED AS FOLLOWS:**

1. For the purposes of this Stipulation, ESI shall mean emails, text messages, iMessages, WhatsApp messages and any other forms of electronic messaging or any other form of electronic messaging communication, to the extent in the possession, custody or control of the Producing Parties, that a Producing Party indicates he, she or it used, including all available attachments to and metadata regarding such communications.  Counsel for the Producing Parties shall (i) make a good faith inquiry to identify and (ii) shall engage in reasonable searches to collect ESI from all means of electronic communication used by the ESI custodians, including by imaging and searching phones; cloud sharing services; or any other storage service, database, or archive maintained by or reasonably accessible to such ESI custodian; and attempting to retrieve deleted messages from cloud sharing services or other reasonably accessible repositories of deleted messages.

2. For the avoidance of doubt, the Official Committee reserves its right to seek additional documents and information, including ESI, from the custodial files of the Additional Custodian or other Raymond Side Covered Parties, whether based on information that may be produced in accordance with this Stipulation or otherwise, and the Additional Custodians and other Raymond Side Covered Parties reserve their right to oppose any such request for additional searches and productions.  If the Parties cannot reach agreement on any such supplemental request by the Official Committee, they may raise their dispute with the Court in accordance with paragraph 15 or by any other method available to them under the Federal Rules of Bankruptcy Procedure or otherwise.

I. **INITIAL CUSTODIAN DISCOVERY**

3. The following schedule shall govern productions from the custodial files of Richard Sackler, Jonathan Sackler, and David Sackler (collectively, the "Initial Custodians")[4]:

a. **July 1, 2020**: Substantial completion date for rolling production of responsive, non-privileged ESI returned by applying (i) the MDL search terms and (ii) the additional search terms Akin Gump proposed on April 17, 2020, as amended on May 25, 2020 ("Additional Search Terms"), to the custodial files of the Initial Custodians for the period of January 1, 1995, through the date on which each Initial Custodian resigned from the board of directors of the Debtors ("Resignation Date")[5].

b. **August 14, 2020**: Substantial completion date for rolling production of responsive, non-privileged ESI returned by applying the MDL search terms and the Additional Search Terms to the custodial files of the Initial Custodians for the period beginning the day after each Initial Custodian's Resignation Date to the Petition Date.

4. **Moab Documents:** Counsel for the Producing Parties will use good faith efforts to collect the ESI of David Sackler, to the extent it is returned by the application for the MDL search terms and the Additional Search Terms, that is in the sole possession, custody, and control of Moab Capital Partners LLC (the "Moab Sackler ESI"). Upon receipt of any such ESI from Moab,

---

[4] This paragraph 3 does not apply to David Sackler's ESI that is in the sole custody of Moab Capital Partners LLC, which is addressed in paragraph 4.

[5] The board resignation dates for Richard, Jonathan and David Sackler are, respectively: July 24, 2018, December 8, 2018, and August 14, 2018.

counsel for the Producing Parties will promptly inform the Official Committee of receipt and the volume of documents for review, and will work promptly and in good faith to negotiate a substantial completion date for the production of responsive, non-privileged Moab Sackler ESI that is collected. If the Parties cannot agree on such a date, they may raise their dispute with the Court in accordance with paragraph 15. For the avoidance of doubt, the Official Committee reserves its right to seek authorization to serve a Rule 2004 subpoena on Moab.

## II.    IVES DISCOVERY

5.    The following schedule shall govern the production from the custodial files of Stephen A. Ives ("Ives ESI"):

    a.    **August 14, 2020:** Substantial completion date for rolling production of responsive, non-privileged ESI returned by applying the search terms Akin Gump proposed on May 14, 2020, as amended on May 25, 2020, to Ives ESI for the period of January 1, 2008, to the Petition Date.

    b.    **September 1, 2020:** Substantial completion date for rolling production of responsive, non-privileged ESI returned by applying the search terms Akin Gump proposed on May 14, 2020, as amended on May 25, 2020, to the Ives ESI for the period of January 1, 1995, through December 31, 2007.

## III.    ADDITIONAL CUSTODIAN DISCOVERY

6.    Non-privileged ESI responsive to the Subpoena served on the Raymond Side Initial Covered Sackler Persons on March 31, 2020 and returned by applying search terms to the custodial files of the Additional Custodians shall be produced on the terms set forth in this section. The dates for collection of ESI shall be January 1, 2006 (or when such person reached 21 years of age,

if later) to the Petition Date for all Additional Custodians, except that for any Additional Custodian who became part of the Raymond Sackler family by marriage after January 1, 2006, the dates for collection of ESI shall be the first day of the month in which that Additional Custodian joined the Raymond Sackler family by marriage to the Petition Date.

7. The following schedule shall govern the collection and search of Additional Custodian ESI. On or before:

    a. **July 1, 2020**: Counsel for the Producing Parties shall substantially complete collection of all Additional Custodians' ESI by July 1, 2020, unless counsel timely provides an ACSP Notice (defined below). On or before June 26, 2020, counsel for the Producing Parties will notify the Official Committee in writing if the Producing Parties believe they will be unable to substantially complete collection of all Additional Custodians' ESI by July 1, 2020, which notice shall explain in detail the reasons for the Producing Parties' inability to complete the collection of all Additional Custodians ESI by July 1, 2020 (an "ACSP Notice"). If an ACSP Notice is timely delivered, the Parties shall meet and confer on or before June 28, 2020, concerning whether a new deadline by which all Additional Custodians' ESI must be gathered by counsel for the Additional Custodians should be established, and, if so, the date for such new deadline. If the Parties are unable to reach agreement by July 1, 2020, either Party may seek relief from the Court in accordance with paragraph 15 on or before July 1, 2020 and in such event the July 1, 2020 deadline shall be stayed until the

7

Parties' dispute is resolved. Any new date by which counsel for the Producing Parties must gather all Additional Custodians' ESI that is agreed or ordered by the Court shall be referred to in this Stipulation as the "<u>New ACSP Deadline</u>". Notwithstanding the foregoing, the Parties agree that the New ACSP Deadline shall occur before July 15, 2020.

b. **July 1, 2020, or the New ACSP Deadline, as applicable**: Akin Gump shall supply proposed search terms for the Additional Custodians (the "<u>Initial ACSP Search Terms</u>").

c. **July 6, 2020, or within five calendar days of the New ACSP Deadline, as applicable**: Counsel for the Additional Custodians shall generate and provide to Akin Gump a search term hit report for the Initial ACSP Search Terms that details the number of documents returned, after using electronic deduplication methods that eliminate only true duplicates.

d. **July 7, 2020 – July 17, 2020, or the period that is six to ten calendar days after the New ACSP Deadline, as applicable:** Counsel for the Parties will meet and confer regarding search terms for the Additional Custodians. Unless the parties otherwise agree in writing (which may be in the form of an email exchange) counsel to the Additional Custodians shall provide to Akin Gump hit reports for any revisions to the Initial ACSP Search Terms that Akin Gump may propose within three calendar days of receiving such revised search terms from Akin Gump.

      e.    **On or before July 22, 2020 or within ten calendar days of the New ACSP Deadline, as applicable (the "ACSP Start Date")**: Search terms for the Additional Custodians shall be agreed among the parties or determined by the Court ("ACSP Search Terms"). Notwithstanding the foregoing, the Parties agree that the ACSP Start Date shall occur on or before August 5, 2020.

8.    If ACSP Search Terms are identified returning fewer than 100,000 unique documents for review (inclusive of all Additional Custodians), and if the Official Committee has indicated in writing that such terms are satisfactory to it (which may be in the form of an email),[6] responsive, non-privileged documents from the ESI of the Additional Custodians shall be produced on a rolling basis, and shall be substantially complete by September 1, 2020.

9.    If ACSP Search Terms are identified returning more than 100,000 documents but fewer than 300,000 unique documents for review (inclusive of all Additional Custodians), and if the Official Committee has indicated in writing that such terms are satisfactory to it (which may be in the form of an email), responsive, non-privileged documents from the ESI of the Additional Custodians shall be produced on a rolling basis, and shall be substantially complete by October 1, 2020. In this event, counsel for the Additional Custodians shall make good faith efforts to substantially complete review of at least 100,000 documents by September 1, 2020; to substantially

---

[6] ACSP Search Terms approved by the Official Committee that return documents within the thresholds identified in paragraphs 8 and 9 (under 300,000 unique documents) shall be presumptively acceptable to the Parties. However, the Producing Parties reserve the right to seek relief from the Court pursuant to paragraph 15 if they object to using any such ACSP Search Terms on any grounds. Provided that the Producing Parties raise their objection to the Court within three calendar days of notification that the Official Committee consents to the use of particular ACSP Search Terms, all deadlines respecting the review and production of Additional Custodians' ESI shall be automatically stayed until the Court has resolved the Producing Parties' objection.

complete review of up to an additional 100,000 documents by September 15, 2020; to substantially complete review of any remaining documents by October 1, 2020; and to make regular, rolling productions throughout this period.

10. The Parties will work in good faith to attempt to agree to ACSP Search Terms returning fewer than 300,000 documents. The Parties acknowledge, however, that information concerning the total volume of Additional Custodian ESI (to which the ACSP Search Terms will be applied) is not yet available. If the Parties agree to ACSP Search Terms returning more than 300,000 unique documents for review (inclusive of all Additional Custodians), the Parties shall meet and confer to try to agree to a date for substantial completion of rolling productions of Additional Custodians ESI in excess of 300,000 unique documents. If the Official Committee requests the use of Search Terms that return in excess of the 300,000 unique documents and if the Producing Parties do not agree on such terms, or if the Producing Parties do agree on such terms but the Parties cannot agree on a date for completion of the ESI in excess of 300,000 unique documents, they may raise their dispute promptly to the Court in accordance with paragraph 15.

**IV.  Privilege Logs**

11. Responsive documents that are withheld or redacted for privilege or similar reasons shall be logged in accordance with Federal Rule of Bankruptcy Procedure 7026(b)(5), except that a document that is redacted for confidentiality reasons and that is provided in unredacted form under an Outside Professionals' Eyes Only designation need not be included. The Parties agree to meet and confer regarding the format and contents of privilege logs during the week of June 22 to June 26, 2020.

12. The following schedule shall govern the production of privilege logs:

    a. **July 22, 2020**: Privilege log identifying all documents redacted or withheld from production prior to July 1, 2020 based on a claim of privilege or other alleged immunity from production. For the avoidance of doubt, the Producing Parties shall finally determine whether they intend to assert a claim of privilege or other immunity from production with respect to all documents redacted or withheld from production prior to July 1, 2020 and shall include all such documents on the log to be produced by July 22, 2020, provided, however, that to the extent any responsive documents, initially withheld or redacted from production on or before July 1, 2020 are determined not to be privileged (or otherwise protected from disclosure) during the finalization of the privilege log, such documents will be produced on or before July 26, 2020.

    b. **September 4, 2020**: Privilege log identifying all documents redacted or withheld from production between July 1 and August 14, 2020 based on a claim of privilege or other alleged immunity from production. For the avoidance of doubt, the Producing Parties shall finally determine whether they intend to assert a claim of privilege or other immunity from production with respect to all documents redacted or withheld from production between July 1 and August 14, 2020 and shall include all such documents on the log to be produced by September 4, 2020, provided, however, that to the extent any responsive documents, initially withheld or redacted from production between July 1 and August 14, 2020, are determined not to be

11

privileged (or otherwise protected from disclosure) during the finalization of the privilege log, such documents will be produced on or before September 8, 2020.

    c. **September 22, 2020**: Privilege log identifying all documents redacted or withheld from production between August 14 and September 1, 2020 based on a claim of privilege or other alleged immunity from production. For the avoidance of doubt, the Producing Parties shall finally determine whether they intend to assert a claim of privilege or other immunity from production with respect to all documents redacted or withheld from production between August 14 and September 1, 2020 and shall include all such documents on the log to be produced by September 22, 2020, provided, however, that to the extent any responsive documents, initially withheld or redacted from production between August 14 and September 1, 2020, are determined not to be privileged (or otherwise protected from disclosure) during the finalization of the privilege log, such documents will be produced on or before September 26, 2020.

    d. **October 22, 2020** (if needed): Privilege log identifying all documents redacted or withheld from production between September 1 and October 1, 2020 based on a claim of privilege or other alleged immunity from production. For the avoidance of doubt, the Producing Parties shall finally determine whether they intend to assert a claim of privilege or other immunity from production with respect to all documents redacted or withheld from production between September 1 and October 1, 2020 and shall include all such documents on the log to be produced by October 22, 2020, provided, however, that to the extent any responsive documents, initially

       withheld or redacted from production between September 1 and October 1, 2020, are determined not to be privileged (or otherwise protected from disclosure) during the finalization of the privilege log, such documents will be produced on or before October 26, 2020.

13.     To the extent other production phases are ordered or agreed, privilege logs shall be provided within 21 calendar days of the ordered or agreed substantial completion date for each such production and shall include all documents identified as privileged or potentially privileged and withheld from production or redacted on that or any other basis up to such ordered or agreed substantial completion date.

**V.**     **Miscellaneous**

14.     Productions of documents and privilege logs in accordance with this Stipulation shall be made simultaneously to the Official Committee, the Debtors, the Ad Hoc Group of Non-Consenting States (as set forth in the verified statement pursuant to Bankruptcy Rule 2019 [ECF No. 296]), and the ad hoc committee of governmental and other contingent litigation claimants (as set forth in the verified statement pursuant to Bankruptcy Rule 2019 [ECF No. 279]), consistent with past practice in the Chapter 11 Cases.  For the avoidance of doubt, nothing in this Stipulation shall affect, change, or prejudice any Party's rights or obligations under any protective order governing the materials produced, including any Party's right to seek to amend the protective order or otherwise obtain authorization to provide information supplied pursuant to this Stipulation to persons other than those listed in this paragraph 14.  Nor shall anything in this Stipulation affect, change or prejudice any Party's rights or obligations under Rule 7026(b)(5)(B) of the Federal Rules of Bankruptcy Procedure.

15. In the event the Parties have disputes concerning the matters addressed in this Stipulation, they may seek a discovery conference by submitting a letter to the Court, not to exceed three single-spaced pages, containing a representation to the Court of the kind described in Rule 7001-7 of the Local Bankruptcy Rules. The opposing Party may respond within three calendar days with a letter not to exceed three single-spaced pages. In addition, the Parties agree that any dispute may be heard on an emergency basis, subject to Court availability.

16. The Parties may agree to modification of any deadlines in this Stipulation without further order of the Court provided they do so in writing, which may take the form of an email.

[*The remainder of this page has been left blank intentionally.*]

**STIPULATED AND AGREED:**

Dated:   June 22, 2020
         New York, New York

*/s/ Mitchell Hurley*
AKIN GUMP STRAUSS HAUER
& FELD LLP
Ira S. Dizengoff
Arik Preis
Mitchell P. Hurley
Joseph L. Sorkin
Sara L. Brauner
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000

*Counsel to the Official Committee
of Unsecured Creditors*

*/s/ Alexander Lees*
MILBANK LLP
Gerard Uzzi
Alexander B. Lees
55 Hudson Yards
New York, NY 10001
Telephone: (212) 530-5000

*/s/ Mara Leventhal*
JOSEPH HAGE AARONSON LLC
Gregory P. Joseph
Mara Leventhal
485 Lexington Avenue, 30th Floor
New York, New York 10017
New York, NY 10017
Telephone: (212) 407-1200

*Counsel to the Producing Parties*

**SO ORDERED.**

White Plains, New York
Dated:  July 7, 2020

*/s/ Robert D. Drain*
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

15