**EXHIBIT J**

**TARTER KRINSKY & DROGIN**
*Counsel Ad Hoc Committee for NAS Children*
1350 Broadway, 11th Floor
New York, NY 10018
Tel: (212) 216-8000
Scott S. Markowitz, Esq.
Rocco A. Cavaliere, Esq.
Michael Z. Brownstein, Esq.
Email: smarkowitz@tarterkrinsky.com
Email: rcavaliere@tarterkrinsky.com
Email: mbrownstein@tarterkrinsky.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>PURDUE PHARMA, L.P., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case Nos.19-23649 (RDD)<br><br>(Jointly Administered) |

**DECLARATION OF HAROLD D. ISRAEL IN SUPPORT OF MOTION BY NAS GUARDIANS ON BEHALF OF THE NAS CHILDREN'S ABATEMENT CLASS ACTION CLAIMANTS FOR ENTRY OF AN ORDER PURSUANT TO FED. BANKR. P. 9014 AND 7023 PERMITTING THEM TO FILE A CLASS PROOF OF CLAIM AND <u>GRANTING RELATED RELIEF</u>**

I, Harold D. Israel, being duly sworn, state the following under penalty of perjury.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Adlon Therapeutics L.P. (6745), Greenfield Bio Ventures L.P. (6150), Imbrium Therapeutics L.P. (8810) Seven Seas Hill Corp. (4591), Ophir Green Corp (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' mailing address is One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

LP 15135350.1 \ 43477-116840.001


EXHIBIT J

1. I am a partner in the law firm of Levenfeld Pearlstein, LLC.

2. I am one of the attorneys working the NAS Ad Hoc in the above-captioned case and have been actively engaged in communications with the Debtors related to their Noticing Plan.[2]

3. On December 3, 2019, I sent an email to Debtors' counsel which stated as follows:

> "We think that we can all agree that constructive notice in this case will not reach all potential claimants. Therefore, we need to protect the rights of those who do not file proofs of claim due to (i) not receiving notice; (ii) initially not diagnosed with NAS due to poor medical care; and (iii) NAS Children that are being carried now and will not be delivered until after the bar date."

A true and correct copy of the December 3, 2019 email is attached hereto as **Exhibit A**.

Executed this 9th day of July, 2020.

                                              /s/ Harold D. Israel
                                              Harold D. Israel

---

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion by NAS Guardians on behalf of the NAS Children's Abatement Class Action Claimants for Entry of an Order Pursuant to Fed. Bankr. P. 9014 and 7023 Permitting them to File a Class Proof of Claim and Granting Related Relief.

**From:** Harold D. Israel
**Sent:** Tuesday, December 3, 2019 3:02 PM
**To:** james.mcclammy@davispolk.com; jacquelyn.swanner@davispolk.com; timothy.graulich@davispolk.com
**Cc:** donald@creadorelawfirm.com; Spencer R. Doody <sdoody@mbfirm.com>; Kent Harrison Robbins - KHR Law Offices <khr@khrlawoffices.com>; Bickford' 'Scott <sbickford@mbfirm.com>
**Subject:** Purdue - NAS Children Comments to Proof of Claim Form/ Notice Plan [LPLEGAL-Emails.FID1245006]
**Importance:** High

All:

Thank you for taking the time to speak to us today. Subject to continued review, the following are our comments:

1-15:  Redacted
   16. Other issues that we would like to raise:
       a. We need to establish a protocol that protects the due process of minors. Not sure the asbestos type channeling injunction can fully bind the rights of minors
       b. We need to establish a protocol that protects the due process of legally incompetent people. Not sure the asbestos type channeling injunction can fully bind the rights of those who are legally incompetent due to opioid addiction.
       c. We think that we can all agree that constructive notice in this case will not reach all potential claimants. Therefore, we need to protect the rights of those who do not file proofs of claim due to (i) not receiving notice; (ii) initially not diagnosed with NAS due to poor medical care; and (iii) NAS Children that are being carried now and will not be delivered until after the bar date. We thinking that a future claims type class could be created to address these issues. An added benefit would be the avoidance of late claims litigation.
       d. Notice issues:
          i. We would like the Debtors to take steps to notify NAS Children – information is reasonably ascertainable from State Health Department records, assuming no HIPAA issues
          ii. National Magazines should be expanded to include parent, new mother and pediatric publications
          iii. Which states are the 11 states referred to in the Notice plan
          iv. Information letters to OB-GYN and pediatrician offices

Please feel free to contact me to discuss.

Thank you in advance for your consideration.

Harold

EXHIBIT A