**Exhibit A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.**, *et al.*, | Case No. 19-23649 |
| Debtors. [1] | (Jointly Administered) |

**ORDER AUTHORIZING APPLICATION OF DEBTORS FOR AUTHORITY TO SUPPLEMENT RETENTION AND EMPLOYMENT OF SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP AS SPECIAL COUNSEL TO THE DEBTORS *NUNC PRO TUNC* TO MARCH 6, 2020**

Upon the supplemental application, dated July 10, 2020 (ECF No. [__]) (the "**Supplemental Application**"),[2] of Purdue Pharma L.P. and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to section 327(e) of title 11 of the United States Code (the "**Bankruptcy Code**"), Bankruptcy Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), for entry of an order authorizing the Debtors to supplement the retention of Skadden, Arps, Slate, Meagher & Flom LLP ("**Skadden**") as special counsel to the Debtors with respect to the Supplemental Services, effective *nunc pro tunc* to March 6, 2020, all as more fully set forth in the Supplemental Application; and upon the Third

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P., Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Capitalized terms used but not defined in this Order shall have the meanings ascribed to them in the Application.

Supplemental Fitzgerald Declaration, attached to the Application as <u>Exhibit B</u> (the "**Fitzgerald Declaration**"); and this Court have entered the *Order Authorizing The Retention and Employment of Skadden, Arps, Slate, Meagher & Flom LLP as Special Counsel For the Debtors Nunc Pro Tunc to the Petition Date* [D.I. 545] (the "**Initial Retention Order**"); and this Court having jurisdiction to consider the Supplemental Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Supplemental Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Supplemental Application having been provided to the Notice Parties, and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and the Court having considered the Third Supplemental Fitzgerald Declaration, filed contemporaneously with the Supplemental Application, and the Court having determined that the relief sought in the Supplemental Application is in the best interests of the Debtors, their creditors, and all parties in interest, and that Skadden does not hold or represent any interest adverse to the Debtors or to their estates with respect to the matters on which Skadden is being employed, and that the legal and factual bases set forth in the Supplemental Application establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

    **IT IS HEREBY ORDERED THAT**:

    1. The Supplemental Application is approved as set forth herein.

    2. The Debtors are authorized to supplement the retention and employment of Skadden as special counsel to the Debtors with respect to the Transaction Matters and Corporate

Matters, effective *nunc pro tunc* to March 6, 2020, and Skadden is authorized to perform the Supplemental Services described in the Application.

3. Skadden shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Supplemental Services in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court.

4. Skadden shall be compensated in accordance with, and shall file interim and final fee applications for allowance of its compensation and expenses and shall be subject to, sections 330 and 331 of the Bankruptcy Code, as well as the Bankruptcy Rules, Local Rules, and any further orders of the Court.

5. The relief granted herein shall be binding upon any chapter 11 trustee appointed in any of the Chapter 11 Cases or upon any chapter 7 trustee appointed in the event of a subsequent conversion of any of the Chapter 11 Cases to cases under chapter 7.

6. Notwithstanding the entry of this Order, the Retention Order and all related agreements approved thereunder shall remain in full force and effect and shall apply to the Supplemental Services except as otherwise set forth herein.

7. Notice of the Supplemental Application as provided therein is good and sufficient notice of such Supplemental Application and the requirements of Bankruptcy Rule 6004(h) and the Local Rules are satisfied by such notice.

8. Notwithstanding any provision in the Bankruptcy Rules to the contrary, the terms and conditions of this Order are immediately effective and enforceable immediately upon its entry.

9. The Debtors are authorized to take all reasonable actions necessary to effectuate the relief granted in this Order in accordance with the Application.

10. In the event of any inconsistency between the Supplemental Application and this Order, the terms of this Order shall govern.

11. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2020
       White Plains, New York

                                    THE HONORABLE ROBERT D. DRAIN
                                    UNITED STATES BANKRUPTCY JUDGE