AKIN GUMP STRAUSS HAUER & FELD LLP
Ira S. Dizengoff
Arik Preis
Mitchell Hurley
Sara L. Brauner
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002

*Counsel to the Official Committee of Unsecured
Creditors of Purdue Pharma L.P.,* et al.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| | ) | Case No. 19-23649 (RDD) |
| PURDUE PHARMA L.P., *et al.*,[1] | ) | |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |
| | ) | |

**MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
**TO SHORTEN THE NOTICE PERIOD WITH RESPECT TO THE MOTION**
**OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR**
**ENTRY OF AN ORDER CLARIFYING THE DEBTORS' OBLIGATIONS**
**WITH REGARD TO POLITICAL CONTRIBUTIONS**

The Official Committee of Unsecured Creditors (the "Official Committee") of Purdue

Pharma L.P. and its affiliated debtors and debtors in possession (collectively, the "Debtors"), by

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

and through its undersigned counsel, respectfully submits this motion (this "Motion") and respectfully states as follows.

## RELIEF REQUESTED

1.        By this Motion, the Official Committee seeks entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), shortening the notice period with respect to the *Motion of the Official Committee of Unsecured Creditors for Entry of an Order Clarifying the Debtors' Obligations with Regard to Political Contributions* (the "Clarification Motion") filed contemporaneously herewith.[2]  Consistent with paragraphs 20 and 25(c) of the Case Management Procedures (the "Case Management Procedures") attached as Exhibit A to the *Second Amended Order Establishing Certain Notice, Case Management, and Administrative Procedures* [ECF No. 498], the Official Committee respectfully requests that the Court authorize the Clarification Motion to be heard at the omnibus hearing currently scheduled for **July 23, 2020, at 2:00 p.m.** (prevailing Eastern Time) and set **July 22, 2020, at 12:00 p.m.** (prevailing Eastern Time) as the deadline to object to the Clarification Motion (the "Objection Deadline").

## JURISDICTION AND VENUE

2.        This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and this Court may enter a final order with respect to this Motion consistent with Article III of the United States Constitution.  Venue of this proceeding and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Clarification Motion.

## BASIS FOR RELIEF

3.       Pursuant to Rule 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Court has authority to regulate the form and manner in which notice is provided.  The Case Management Procedures provide that if a request for relief is filed and served "at least fourteen (14) calendar days before the next Omnibus Hearing, the matter shall be set for hearing at such Omnibus Hearing."  Case Management Procedures ¶ 19.  However, the Case Management Procedures allow parties to seek expedited relief upon a showing of cause.  *Id.* ¶ 20; *see also* Bankruptcy Rule 9006(c)(1) ("when an act is required or allowed to be done at or within a specified time . . . the court for cause shown may in its discretion with or without motion or notice order the period reduced.").

4.       The Clarification Motion seeks limited relief in respect of certain postpetition contributions made by the Debtors to political organizations (the "Political Contributions").  The Official Committee first learned of the Political Contributions on Tuesday, July 7, 2020—two days before the July 9, 2020 deadline under the Case Management Procedures for filing requests for relief to be heard at the July omnibus hearing on regular notice.  The Official Committee's advisors immediately began conducting diligence with respect to the Political Contributions and engaging in discussions with the members of the Official Committee, the Debtors and other parties in interest with respect thereto.  Ultimately, on July 9, the Official Committee determined to seek the relief requested in the Clarification Motion and began preparing materials in connection with the same as expeditiously as possible, while ensuring the information set forth in the Clarification Motion was accurate and reflected adequate analysis of the complex issues raised therein.  Absent the relief requested by this Motion, the earliest the Clarification Motion can be heard under the Case Management Procedures is the omnibus hearing presently scheduled for August 26, 2020.  *See* Case Management Procedures ¶ 19.

3

5.       Due the significance of the issued raised in the Clarification Motion, the Official Committee believes that such issues should be addressed by the Court as soon as possible, and that waiting 47 days to hear the motion would result in unnecessary delay and distraction.  The Official Committee respectfully submits that a reduction of the notice period by one day from 14 days to 13 days is reasonable in light of the limited nature of the relief requested in the Clarification Motion, the limited prejudice that would result to other parties in interest due to the shortened notice period, and the exigent circumstances under which the Official Committee's advisors had to prepare and file the Clarification Motion.  Furthermore, in accordance with the Case Management Procedures, counsel to the Official Committee notified counsel to the Debtors and the United States Trustee on July 9, 2020 of the Official Committee's intent to seek a shortened notice period for the Clarification Motion, and counsel to the Debtors and the United States Trustee consented to the shortened notice period.  Accordingly, the Official Committee submits that sufficient cause exists for the Court to shorten notice and hold an expedited hearing to consider the approval of the Clarification Motion.

## **CONCLUSION**

For the foregoing reasons, the Official Committee respectfully requests that the Court: (a) shorten the notice period required under the Case Management Procedures with respect to the Clarification Motion; (b) schedule the Clarification Motion to be heard at the July 23, 2020 omnibus hearing; and (c) establish July 22, 2020 at 12:00 p.m. as the deadline for parties in interest to object to the Clarification Motion.

Dated:  July 10, 2020
New York, NY

**AKIN GUMP STRAUSS HAUER & FELD LLP**

By:  _/s/ Arik Preis_____

Ira S. Dizengoff
Arik Preis
Mitchell Hurley
Sara L. Brauner
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
idizengoff@akingump.com
apreis@akingump.com
mhurley@akingump.com
sbrauner@akingump.com

_Counsel to the Official Committee of Unsecured
Creditors of Purdue Pharma L.P., et al._

**<u>Exhibit A</u>**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| PURDUE PHARMA L.P., *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

**ORDER SHORTENING THE NOTICE PERIOD WITH RESPECT TO THE
MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR
ENTRY OF AN ORDER CLARIFYING THE DEBTORS' OBLIGATIONS
WITH REGARD TO POLITICAL CONTRIBUTIONS**

Upon the motion (the "Motion")[2] of the Official Committee of Unsecured Creditors (the

"Official Committee") of Purdue Pharma L.P. and its affiliated debtors and debtors in possession

(collectively, the "Debtors") for entry of an order (this "Order") shortening the notice period with

respect to the Clarification Motion, as more fully set forth in the Motion; and this Court having

jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended

Standing Order of Reference from the United States District Court for the Southern District of

New York*, dated January 31, 2012 (Preska, C.J.); and venue of this proceeding and the Motion in

this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and consideration of the Motion

and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

Court having authority to enter a final order on the Motion consistent with Article III of the United States Constitution; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor; now, therefore, it is **HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

1.      The Motion is granted as set forth herein.

2.      Notice of the Clarification Motion as provided herein shall be deemed good and sufficient notice of such motion.

3.      A hearing (the "Hearing") to consider the relief requested in the Clarification Motion will be held before the Honorable Robert D. Drain, United States Bankruptcy Judge, 300 Quarropas Street, White Plains, New York 10601 on **July 23, 2020, at 2:00 p.m.** (prevailing Eastern Time).

4.      Responses or objections to the Clarification Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the *Second Amended Order Establishing Certain Notice, Case Management, and Administrative Procedures*, dated November 18, 2019 [ECF No. 498] (the "Case Management Order"), and shall be filed with the Court and served in accordance with the Case Management Order so as to be actually received no later than **July 22, 2020, at 12:00 p.m.** (prevailing Eastern Time) .

5.      The Official Committee is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

2

6.      This Court retains exclusive jurisdiction with respect to all matters arising from or

related to the implementation, interpretation, and enforcement of this Order.


Dated: July __, 2020
        White Plains, New York


_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE