**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:**<br><br>**PURDUE PHARMA L.P.,** *et al.*,<br><br>Debtors.[1] | **Chapter 11**<br><br>**Case No. 19-23649 (RDD)**<br><br>**(Jointly Administered)** |

**ORDER PERMITTING THE MONITOR TO EMPLOY LEGAL CONSULTANT AT THE COST AND EXPENSE OF THE DEBTORS**

Upon the motion, dated June 27, 2020 (the "**Motion**")[2] of Purdue Pharma L.P. and its affiliates that are debtors and debtors in possession in these cases (collectively, the "**Debtors**") for entry of an order (this "**Order**") permitting the Monitor to employ Jodi Avergun ("**Avergun**"), a partner of Cadwalader, Wickersham & Taft LLP ("**Cadwalader**"), at the cost and expense of the Debtors, as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to such term in the Motion.

U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion and the opportunity for a hearing thereon having been provided to the Notice Parties; and there being no objections to the requested relief; and it appearing that no other or further notice need be provided or that a hearing is required; and, after due deliberation, the Court having determined that the legal and factual bases set forth in the Motion establish good and sufficient cause for the relief granted herein, which is consistent with the Court's Order appointing the Monitor, and that such relief is in the best interests of the Debtors, their estates, creditors and all parties in interest; now, therefore,

**IT IS HEREBY ORDERED THAT**

1. The Motion is granted

2. The Monitor is authorized to employ Avergun to assist the Monitor in carrying out its responsibilities under the Voluntary Injunction, as set forth in the Motion.

3. The Monitor is authorized to retain Cadwalader to render the services described in the Engagement Agreement.

4. The Debtors are authorized pursuant to 11 U.S.C. § 363(b) to compensate Avergun and Cadwalader in accordance with the terms of the Engagement Agreement upon the receipt by the Debtors of reasonably detailed invoices setting forth the services provided by Avergun and/or Cadwalader to the Monitor, and to reimburse Avergun and Cadwalader for all reasonable and necessary expenses they may incur, upon the presentation to the Debtors of appropriate documentation, without the need for Avergun or Cadwalader to file fee applications or otherwise seek Court approval for the compensation of their services to the Monitor and reimbursement of expenses; *provided* that Avergun's and Cadwalader's fees and expenses shall be subject to final approval of the Court after notice and the opportunity for a hearing.

5. The Debtors are authorized to take all such actions as are necessary or appropriate to implement the relief granted in this Order.

6. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: July 14, 2020　　　　　　　　　　/s/Robert D. Drain
　　　　　White Plains, New York　　　　THE HONORABLE ROBERT D. DRAIN
　　　　　　　　　　　　　　　　　　　　UNITED STATES BANKRUPTCY JUDGE