Thomas D. Bielli, Esquire (Admitted *Pro Hac Vice*)
Bielli & Klauder, LLC
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
Telephone: (215) 642-8217
Facsimile: (215) 754-4177

*Counsel to Fee Examiner David M. Klauder, Esquire*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.,** *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

**COVER SHEET TO THE FIRST INTERIM APPLICATION OF
BIELLI & KLAUDER, LLC FOR COMPENSATION FOR SERVICES RENDERED
AND REIMBURSEMENT OF EXPENSES INCURRED AS COUNSEL
TO THE FEE EXAMINER, DAVID M. KLAUDER, ESQUIRE,
FOR THE PERIOD FROM APRIL 8, 2020 THROUGH MAY 31, 2020**

In accordance with Rule 2016-1 of the Local Rules of Bankruptcy Procedure, incorporating the *Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York Bankruptcy Cases* [General Order M-985], among other guidelines (the "**Local Guidelines**") and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals* [ECF No. 529] (the "**Interim Compensation Order**"), Bielli & Klauder, LLC ("**B&K**"), counsel to the Fee

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3092), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

Examiner, David M. Klauder, Esquire, (the "**Fee Examiner**"), submits this summary (this "**Summary**") of fees and expenses sought as actual and necessary in the fee application to which this Summary is attached (the "**Application**") for the period of April 8, 2020 through May 31, 2020 (the "**Fee Period**").

| *General Information* | |
|---|---|
| Name of Applicant | Bielli & Klauder, LLC |
| | Counsel to the Fee Examiner, David M. Klauder Esquire |
| Authorized to Provide Services to: | Fee Examiner |
| Petition Date: | September 15, 2019 |
| Retention Date: | May 26, 2020 *nunc pro tunc* to April 8, 2020 |
| Date of Order Approving Retentions: | April 8, 2020 [ECF No. 542] |
| *Summary of Fees and Expenses Requested for the Compensation Period* | |
| Time Period Covered by this Application: | April 8, 2020 through May 31, 2020 |
| Total Compensation and Expenses Requested: | $83,375.00 |
| *Summary of Past Requests for Compensation and Prior Payments* | |
| Compensation Sought in This Application Already Paid Pursuant to a Compensation Order but Not yet Allowed: | $0.00 |
| Expenses Sought in This Application Already Paid Pursuant to a Compensation Order but Not yet Allowed: | $0.00 |
| Total Compensation and Expenses Sought in This Application Already Paid Pursuant to a Compensation Order but Not yet Allowed: | $0.00 |

This is a(n)        ___monthly        _x_ interim        __final application

Thomas D. Bielli, Esquire (Admitted *Pro Hac Vice*)
Bielli & Klauder, LLC
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
Telephone: (215) 642-8217
Facsimile: (215) 754-4177

*Counsel to Fee Examiner David M. Klauder, Esquire*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.,** *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[2] | (Jointly Administered) |

**FIRST INTERIM APPLICATION OF BIELLI & KLAUDER, LLC
FOR COMPENSATION FOR SERVICES RENDERED AND
REIMBURSEMENT OF EXPENSES INCURRED AS COUNSEL TO
THE FEE EXAMINER DAVID M. KLAUDER, ESQUIRE FOR
THE PERIOD FROM APRIL 8, 2020 THROUGH MAY 31, 2020**

Pursuant to sections 327, 330, and 331 of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rule 2016-1 of the Local Rules of Bankruptcy Procedure, incorporating the *Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York Bankruptcy Cases* [General Order M-447], among other guidelines (the "**Local Guidelines**"), The United States Trustee's Guidelines for Reviewing Applications for

---

[2] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3092), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases effective as of November 1, 2013 (the "**U.S. Trustee Guidelines**," and together with the Local Guidelines, the "**Fee Guidelines**"), and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals* [ECF No. 529] (the "**Interim Compensation Order**"), Bielli & Klauder, LLC ("**B&K**"), counsel for the Fee Examiner, David M. Klauder, Esquire (the "**Fee Examiner**"), submits this *First Interim Application for Compensation for Services Rendered and Reimbursement of Expenses Incurred for the Period from April 8, 2020 Through May 31, 2020* (this "**Application**"). By this Application, B&K seeks allowance of compensation for actual and necessary professional services rendered for the Fee Examiner in the total amount of $83,375.00 during the period of April 8, 2020 through May 31, 2020 (the "**Fee Period**").

## Jurisdiction

1. The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

3. On September 15, 2019 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

4. Pursuant to Order of this Court dated April 8, 2020 [D.I. 1023], David M. Klauder was appointed as the Fee Examiner for these cases.

## The Fee Examiner's Retention of B & K

5.  On May 26, 2020 the Court entered the *Order Authorizing the Retention and Employment of Bielli & Klauder, LLC as Counsel to the Fee Examiner Nunc Pro Tunc to the Appointment Date* [ECF No. 1182] (the "**Retention Order**"), authorizing B&K's retention by the Fee Examiner. The Retention Order is attached hereto as **Exhibit A** and incorporated by reference.

6.  The Retention Order also authorizes the Debtors to compensate and reimburse B&K in accordance with section 330 and 331 of the Bankruptcy Code, as the case may be, and the applicable Bankruptcy Rules, Local Rules, and fee and expense guidelines and orders of the Court. Among other things, it permits B&K to render the following services:

   a. reviewing with the Fee Examiner fee applications and related invoices for compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the U.S. Trustee Guidelines, and the Local Rules and Orders of the Court;

   b. assisting the Fee Examiner in any hearings or other proceedings before the Court to consider fee applications, including, without limitation, advocating positions asserted in the reports filed by the Fee Examiner;

   c. assisting the Fee Examiner with legal issues raised by inquiries to and from the professionals retained or proposed to be retained in these cases and related adversary proceedings by the Debtors, the Creditors' Committee, or otherwise retained with Court approval (collectively, the "Retained Professionals") and any other professional services provider retained by the Fee Examiner;

   d. where necessary, attending meetings between the Fee Examiner and

        Retained Professionals;

    e. assisting the Fee Examiner with the preparation of preliminary and final reports regarding professional fees and expenses;

    f. assisting the Fee Examiner in developing protocols and making reports and recommendations;

    g. assisting the Fee Examiner in conducting such discovery as may be pertinent and necessary to the performance of his other duties and responsibilities after first securing approval of the Court;

    h. assisting the Fee Examiner in communicating concerns regarding any application to the Retained Professionals to whom such application pertains and to provide him such supplemental information as he may reasonably require in order to evaluate the reasonableness of any particular fee item; and

    i. providing such other services as the Fee Examiner may request

### Compensation Paid and Its Sources

7. All services during the Fee Period for which compensation is requested by B&K were performed for or on behalf of the Bankruptcy Estates. Additionally, B&K has not received any payment or promises of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with matters covered by this Fee Application. A certification confirming B&K's compliance with the Fee Guidelines is annexed hereto as **Exhibit B**.

8. To the extent that billable time or disbursement charges for services rendered or expenses incurred relate to the Fee Period but were not processed prior to the preparation of this

Fee Application, B&K reserves the right to request compensation for such services and reimbursement of such expenses in a future fee application.

### Summary of Professional Compensation and Reimbursement of Expenses Requested

9.  Attached hereto as **Exhibit C** is a chart of the number of hours expended by B&K partners, associates, law clerks and paraprofessionals during the Fee Period with respect to each of the project categories B&K established in accordance with its internal billing procedures.

10. Attached hereto as **Exhibit D** is a chart of B&K professionals and paraprofessionals, including the standard hourly rate for each attorney and paraprofessional who rendered services to the Fee Examiner in connection with these chapter 11 cases during the Fee Period and the title, hourly rate, and aggregate hours worked.

11. Attached hereto as **Exhibit E** is a summary chart explaining B&K's fee and expense calculation for the Fee Period. As set forth in the Retention Application, B&K, on behalf of itself and the Fee Examiner, is charging a monthly flat fee of $55,000.00 for the services rendered in this case, which includes the fees incurred by the Fee Examiner and B&K including the monthly costs of data analytics software being used by the Fee Examiner, which is furnished by Legal Decoder, Inc., ("**Legal Decoder**"). Because of the circumstances of this case, neither B&K nor Legal Decoder is requesting a monthly fee for April 2020. B&K is also not seeking any additional fee for the retrospective lookback for professionals for the First Interim Application Period,[3] but B&K seeks payment of the cost of Legal Decoder for that additional, expedited work at 50% of the invoiced amount. The specifics of the fees and costs are set forth on **Exhibit E**.

---

[3] As set forth in the Retention Application, B&K sought an additional one-time fee of $125,000.00 to complete the First Interim Fee Application review in an expedited fashion.

12. Attached hereto as **Exhibit F** are the time records of B&K for the Fee Period organized by project category with a daily time log describing the time spent by each attorney and other professional during the Fee Period and invoices from Legal Decoder.

### Fee Review Status

13. The Fee Examiner was appointed on April 8, 2020 and B&K's retention was approved May 26, 2020. At that time, the case had been pending for approximately eight (8) months and the Retained Professionals First Interim Fee Applications had been filed and approved, but the 20% holdback fees for this fee period was reserved pending the Fee Examiner's review and approval of the First Interim Fee Applications.

14. In the First Interim Fee Applications, the Fee Examiner was tasked with reviewing the interim fee applications for twenty-one (21) Retained Professionals for an approximate total fee amount of $75 million.

15. The Fee Examiner and B&K, with the critical assistance of the analytic software licensed by Legal Decoder, were then able process the fee data from the 21 Retained Professionals for the First Interim Applications, and then began a process of issuing interim reports to the Retained Professionals on a rolling basis.

16. The Fee Examiner and B&K were able to then discuss and consensually resolve the issues raised in the Fee Examiner's interim reports for all but one of the Retained Professionals[4] leading to consensual orders [Docket Nos. 1306 & 1371], which approved the holdback amounts for the Retained Professionals minus any consensual reductions agreed to by the Fee Examiner and the Retained Professionals.

---

[4] The Fee Examiner and Bayard, P.A. agreed to defer all of the issues raised by the Fee Examiner in his report to the final fee application stage. Bayard, P.A. is expected to soon file a final fee application in this case.

17. The Fee Examiner and B&K, with the use of Legal Decoder software, were able to conduct their review, issue recommended reductions, resolve all issues with the Retained Professionals in an expeditious matter. Additionally, these efforts lead to a reduction of aggregate professional fees of approximately $540,000.00.

### Summary of Services Rendered

18. The services rendered by B&K during the Fee Period can be grouped into the categories set forth below. These categories are generally described as follows:

    a.     BK/Fee Examiner – Retention and Fee Applications

Total Hours: 19.6

This category includes time spent regarding preparation of employment and fee applications for Bielli & Klauder, LLC.

    b.     Case Administration

Total Hours: 74.5

This category includes time spent regarding coordination and compliance activities, and general case review.

    c.     Fee/Employment Applications- Retained Professionals

Total Hours: 127.5

This category includes time spent regarding review, analysis, discussions and negotiations regarding the fee applications for Retained Professionals.

### B&K's Requested Compensation and Reimbursement Should Be Allowed

19. Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code to govern the Court's award of such compensation. Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code

"reasonable compensation for actual necessary services rendered … and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement. In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extent, and the value of such services, taking into account all relevant factors, including:

    a. the time spent on such services;
    b. the rates charged for such services;
    c. whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
    d. whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
    e. whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

    20.    The foregoing professional services were performed by B&K in an efficient manner were necessary and appropriate to the administration of the Chapter 11 Cases, and were in the best interests of the Debtors, their estates, and other parties in interest. Compensation for the foregoing services as requested is commensurate with the complexity, importance, and nature of the problems, issues, and tasks involved.

    21.    B&K asserts that the fees it is charging for this engagement, which equals a monthly fee of $55,000.00, plus the one time additional amount for the cost of Legal Decoder to expeditiously complete the First Interim Fee Application review[5], are reasonable and beneficial to the bankruptcy estate. As described herein, the Fee Examiner and B&K spent considerable

---

[5] As set forth herein reimbursement is sought for 50% of the amount that Legal Decoder invoiced B&K for the "look back" period.

time during the Fee Period preparing for the significant and complex fee review in this case. In particular, the Fee Examiner and B&K, with the critical assistance of the analytic software licensed by Legal Decoder, were then able process the fee data from the 21 Retained Professionals for the First Interim Applications, and then began a process of issuing interim reports to the Retained Professionals on a rolling basis. As such, B&K asserts that the fees charged for the Fee Period are necessary, reasonable, and commensurate with the work performed.

## Notice

22.     B&K will provide notice of this Application in accordance with the Interim Compensation Order. B&K submit that no other or further notice be given.

WHEREFORE, B&K, in connection with services rendered on behalf of the Fee Examiner, respectfully requests approval of compensation in the total amount of $83,375.00, inclusive of any holdbacks not yet paid to B&K, for actual, necessary legal service and expenses that B&K incurred in connection with such services during the Fee Period.

Dated: July 15, 2020                                **BIELLI & KLAUDER LLC**

*/s/ Thomas D. Bielli*
Thomas D. Bielli, Esquire (Admitted *Pro Hac Vice*)
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
Phone: (215) 642-8271
Fax: (215) 754-4177
tbielli@bk-legal.com

*Counsel to Fee Examiner*
*David M. Klauder, Esquire*