**Exhibit B**

**Certification of Compliance with Fee Guidelines**

Thomas D. Bielli, Esquire (Admitted *Pro Hac Vice*)
Bielli & Klauder, LLC
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
Telephone: (215) 642-8217
Facsimile: (215) 754-4177
*Counsel to Fee Examiner David M. Klauder, Esquire*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.**, *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[6] | (Jointly Administered) |

**CERTIFICATION OF THOMAS D. BIELLI IN SUPPORT OF THE FIRST INTERIM APPLICATION OF BIELLI & KLAUDER, LLC FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS COUNSEL TO THE FEE EXAMINER DAVID M. KLAUDER, ESQUIRE**
<u>**FOR THE PERIOD FROM APRIL 8, 2020 THROUGH MAY 31, 2020**</u>

I, Thomas D. Bielli, hereby certify that:

1.      I am an attorney admitted into practice in the State of Pennsylvania and a partner at the law firm of Bielli & Klauder, LLC ("B&K), located at 1500 Walnut Street, Suite 900, Philadelphia, Pennsylvania. I am familiar with the work performed on behalf of the Fee Examiner, David M. Klauder, Esquire (the "Fee Examiner") by B&K.

---

[6] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3092), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014).  The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT  06901.

2.     I have reviewed the *First Interim Application of Bielli & Klauder, LLC for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Counsel to the the Fee Examiner, David M. Klauder, Esquire, for the Period from April 8, 2020 Through May 31, 2020* (the "**Application**") to certify to certain matters addressed in the (i) *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* entered on November 21, 2019 [ECF No. 529] (the "**Interim Compensation Order**"), (ii) Rule 2016-1 of the Local Rules of Bankruptcy Procedure, incorporating the *Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York Bankruptcy Cases* [General Order M-447], among other guidelines (the "**Local Guidelines**"), and (iii) The United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases effective as of November 1, 2013 (the "**U.S. Trustee Guidelines**," and together with Local Guidelines, the "**Fee Guidelines**").[2] The Application covers the period April 8, 2020 through May 31, 2020 (the "**Fee Period**").

3.     To the best of my knowledge, information and belief, the statements contained in the foregoing Application are true and accurate in all material respects and comply with the Fee Guidelines in material part. B&K responds to the questions identified in the U.S. Trustee Guidelines as follows:

> Question 1: Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees, or terms for services pertaining to this engagement that were provided during the application period? If so, please explain.
>
> > Answer: Yes. The monthly rate structure as set forth herein is different than B&K's customary billing arrangements for similar engagements, however the monthly rate structure is necessitated by the significant size and complexity of the fee review in this case.

Question 2: If the fees sought in the Application as compared to the fees budgeted for the time period covered by the Application are higher by 10% or more, did you discuss the reasons for the variation with the client?

>Answer: B&K has provided the client with the actual amount of fees incurred on a monthly basis and engages in ongoing discussions with the client regarding fees and expenses generally but did not prepare an itemized budget for the Fee Period.

Question 3: Have any of the professionals included in the Application varied their hourly rate based on geographic location of the bankruptcy case?

>Answer: As disclosed in the Retention Application, no.

Question 4: Does the Application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices?

>Answer: No.

Question 5: Does the Application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify hours and fees.

>Answer: No.

Question 6: Did the Application include any rate increases since retention in these cases:

>Answer: No.

Question 7: Did the client agree when retaining B&K to accept all future rate increases? If not, did B&K inform the client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11-458?

>Answer: The client was informed regarding B&K's rates and future rate increases as part of its approval of B&K's retention application.

Dated: July 15, 2020
Philadelphia, Pennsylvania

By: /s/ *Thomas D. Bielli*
    Thomas D. Bielli