IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| **PURDUE PHARMA L.P., et. al**[1] | ) |
| | ) Case No. 19-23649 (RDD) |
| Debtors. | ) |
| _____ | ) (Jointly Administered) |

**SECOND INTERIM APPLICATION OF ERNST & YOUNG LLP FOR
COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED
AS AUDITORS FOR THE DEBTORS FOR THE PERIOD FROM
<u>FEBRUARY 1, 2020 THROUGH MAY 31, 2020</u>**

*General Information*

| | |
|---|---|
| **Name of Applicant:** | Ernst & Young LLP ("EY LLP") |
| | Auditors to the Debtors and Debtors in Possession |
| **Authorized to Provide Services to:** | Purdue Pharma L.P., *et al*. |
| **Petition Date:** | September 15, 2019 |
| **Retention Date:** | December 23, 2019 *nunc pro tunc* to September 15, 2019 |
| **Date of Order Approving Retention:** | December 23, 2019 [ECF No. 698] |

*Summary of Fees and Expenses Requested for the Compensation Period*

| | |
|---|---|
| **Time Period Covered by This Application:** | February 1, 2020 through May 31, 2020 |
| **Total Compensation Requested:** | $595,000.00 |
| **Total Expenses Requested:** | $3,373.18 |
| **Total Compensation and Expenses Requested:** | $598,373.18 |

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

*Summary of Past Requests for Compensation and Prior Payments*

| | |
|---|---|
| **Compensation Sought in This Application Already Paid Pursuant to a Compensation Order but Not yet Allowed:** | $400,000.00 |
| **Expenses Sought in This Application Already Paid Pursuant to a Compensation Order but Not yet Allowed:** | $3,378.18 |
| **Total Compensation and Expenses Sought in This Application Already Paid Pursuant to a Compensation Order but Not yet Allowed:** | $403,378.18 |

*Summary of Rates and Other Related Information for the Compensation Period*

| | |
|---|---|
| **Blended Rate in This Application for All Timekeepers** | $187.85 |
| **Number of Professionals Included in This Application:** | 54 |
| **Difference Between Fees Budgeted and Compensation Sought for This Period:** | N/A |
| **Number of Professionals Billing Fewer Than 15 Hours During This Period:** | 26 |
| **Increase in Rates Since Date of Retention:** | N/A. |

This is a(n):    ____monthly    _x_ interim    ____final application

## SUMMARY BY PROFESSIONAL

| Last Name | First Name | Title | Hours |
|---|---|---|---|
| Allinson | Dana | Staff/Assistant | 2.2 |
| Aznar | Tiffany | Staff/Assistant | 159.5 |
| Bajaj | Mnishitta | Staff/Assistant | 18.0 |
| Bellinzoni | Christopher | Senior Manager | 0.5 |
| Benzel | Florence | Senior Manager | 10.3 |
| Bhardwaj | Silky | Senior | 3.0 |
| Biedziak | Eliza | Senior Manager | 46.5 |
| Bonelli | Alexandra | Partner/Principal | 4.0 |
| Brady | Devon | Partner/Principal | 17.6 |
| Bybee | Ashley | Staff/Assistant | 26.2 |
| Connors | Ryan | Senior | 255.0 |
| Coyle | Robert | Staff/Assistant | 6.0 |
| D'Alessandro | Nicholas | Senior | 205.0 |
| Dixit | Sakshi | Staff/Assistant | 9.5 |
| Fan | Wenhan | Staff/Assistant | 158.4 |
| Furtado | Justin | Senior | 86.6 |
| Garg | Raghav | Senior | 23.0 |
| Girdhar | Divya | Staff/Assistant | 268.0 |
| Gogia | Monika | Client Serving Contractor | 4.5 |
| Grover | Ankit | Senior | 45.0 |
| Gupta | Gauri | Staff/Assistant | 10.0 |
| Hartman | Bryan A | Manager | 2.0 |
| Himani J | Himani | Staff/Assistant | 1.0 |
| Inneo | Mary | Staff/Assistant | 3.7 |
| Ives | Caroline | Manager | 48.8 |
| Jain | Shilpi | Senior Associate | 3.0 |
| Jones | Jill R. | Senior Manager | 1.0 |
| Kimmi . | Kimmi | Client Serving Contractor | 19.0 |
| Laver | Johan | Partner/Principal | 24.2 |
| Motyl | Ewelina | Associate | 4.5 |
| Mutlu Tepe | Serpil | Manager | 58.0 |
| Nayyar | Deepankar | Senior | 239.0 |
| Nguyen | Jessica | Staff/Assistant | 200.0 |
| Ostling | Danita | Partner/Principal | 1.0 |
| Piotroski | Edmund | Staff/Assistant | 144.6 |
| Porrazzo | John | Senior | 100.8 |
| Redmond | Robert | Manager | 58.5 |
| Saluja | Kanika | Senior | 12.0 |

| Last Name | First Name | Title | Hours |
|---|---|---|---|
| Savell | Roger | Partner/Principal | 1.0 |
| Sciametta | Thomas | Partner/Principal | 1.0 |
| Sharma | Manisha | Senior | 5.5 |
| Simbach | John | Executive Director | 0.5 |
| Singla | Himanshu | Staff/Assistant | 72.0 |
| Sonika | Avinash | Senior Manager | 11.6 |
| Squitieri | Johnna | Staff/Assistant | 264.2 |
| Syed Zuhaib-Ur Rahman | Syed | Senior | 1.0 |
| Tran | Loikevin | Manager | 25.2 |
| Tsui | Rochelle | Senior | 84.2 |
| Ulman | Matthew | Staff/Assistant | 241.5 |
| Voutsinas | Gregory | Senior | 145.0 |
| Wagner | Jeremy | Manager | 1.8 |
| Wasyluk | Magdalena | Associate | 12.7 |
| Yuan | Helen | Senior | 20.1 |
| Zee | Ena | Partner/Principal | 0.2 |
| **Total** | | | **3,167.4** |

**Total Fees Sought for Fixed Fee Financial Statement Audit Services During Fee Period: $595,000.00**

**SUMMARY BY PROJECT CATEGORY**

| Time Category | Category Descriptions | Hours |
|---|---|---|
| Bankruptcy | This category includes activities associated with incremental procedures related to the bankruptcy filing | 3.6 |
| Employee Benefit Plan Audit | This category includes activities associated with employee benefit plan (Pension and 401(k)) audits | 9.4 |
| Independence Procedures | This category includes all activities associated with Independence Procedures | 21.9 |
| Planning Activities | This category relates to all audit planning activities. | 232.5 |
| Risk Assurance/IT Activities | This category relates to discussion, and analysis relating to application controls, IT audit progress and IT general controls. | 603.4 |
| Walkthroughs/Test of Controls | This category includes all activities associated with meetings, preparation and review of all walkthroughs and controls. | 49.0 |
| Year-End Substantive Testing | This category includes activities associated with Year-End audit procedures | 2245.1 |
| Quality Review | This category includes activities associated with Quality Review of audit procedures | 2.5 |
| **Total** | | **3,167.4** |

## SUMMARY OF EXPENSES

| Expense Category | Expense Amount |
|---|---:|
| Ground | $68.50 |
| Meals | $966.42 |
| Other | $2,035.76 |
| Outside Counsel Fees | $302.50 |
| **Total** | **$3,373.18** |

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| **PURDUE PHARMA L.P., et. al**[2] ) | |
| ) | Case No. 19-23649 (RDD) |
| Debtors. ) | |
| ) | (Jointly Administered) |

**INTERIM APPLICATION OF ERNST & YOUNG LLP**
**FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES**
**FOR THE PERIOD FROM FEBRUARY 1, 2020 THROUGH MAY 31, 2020**

Pursuant to Sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's November 21, 2019 order approving procedures for professional compensation requests in these cases, Ernst & Young LLP ("EY LLP") hereby files this interim application for compensation as a retained professional to the above-captioned Debtors (this "Application"). By this Application, EY LLP respectfully requests allowance and payment of $595,000.00 compensation, and reimbursement of actual and necessary expenses incurred in the amount of $3,373.18 as compensation with respect to services it provided to the Debtors during the period from February 1, 2020 through May 31, 2020 (the "Fee Period").

---

[2] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

**Background**

1. On September 15, 2019 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code").

2. The Debtors' retention of EY LLP was approved by this Court's Order entered on December 23, 2019, *nunc pro tunc* to September 15, 2019.

3. EY LLP is authorized to be compensated under the terms set forth in the engagement letters between the Debtors and EY LLP, and to be reimbursed for actual and necessary out-of-pocket expenses.

**Compensation Paid and Its Source**

4. All services for which EY LLP requests compensation were performed for or on behalf of the Debtors. EY LLP has received no payment and no promises for payment from any source other than the Debtors for services rendered or to be rendered in any capacity in connection with the matters covered by this Application.

**Supporting Detail**

5. During the Fee Period, EY LLP performed services for the Debtors. The total time spent by EY LLP with respect to the services for which it requests compensation hereunder was approximately 3,167.4 hours. The blended average hourly rate with respect to such services during the Fee Period was approximately $187.85.

The supporting detail for this Application is attached hereto as **Exhibit A**, which contains the daily time information for each EY LLP professional during the Fee Period.

**Exhibit B** contains the detail of the expenses for which EY LLP hereby seeks reimbursement during the Fee Period.

**Exhibit C** contains the time detail of EY LLP's outside counsel in connection with its retention in these Chapter 11 cases, for which EY LLP also requests reimbursement hereby.

## Applicable Law

6. Section 330(a)(1) of the Bankruptcy Code provides, in relevant part, as follows:

(a) (1) After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a … professional person employed under section 327 or 1103 –

(A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person; and

(B) reimbursement for actual, necessary expenses.

7. Section 330 of the Bankruptcy Code prescribes the general standards for determining the reasonableness of the amount of compensation sought by a professional. *See* 3 *Collier on Bankruptcy* ¶ 331.03 at 331-12. Congress enacted section 330 of the Bankruptcy Code to liberalize the practice of granting the allowance of compensation to professionals in bankruptcy cases in order to ensure that professionals be reasonably compensated and that future professionals not be deterred from taking bankruptcy cases due to a failure to pay adequate compensation. *See In re Ames Dep't Stores, Inc.*, 76 F.3d 66, 72 (2d Cir. 1996) (quoting *In re UNR Indus., Inc.*, 986 F.2d 207, 208-09 (7th Cir. 1993)).

8. Section 330(a) of the Bankruptcy Code provides for the compensation of reasonable and necessary services rendered by professionals based on the time, the nature, the extent and the value of such services, and the cost of comparable services other than in a case under the Bankruptcy Code. *See* 11 U.S.C. § 330. The test for determining necessity is objective; focusing on what services a reasonable professional would have performed under the same circumstances. *See, e.g.*, *In re Angelika Films 57th, Inc.*, 227 B.R. 29, 42 (Bankr. S.D.N.Y.

1998). This test does not rely on hindsight to determine the ultimate success or failure of the professional's actions. *See id.*; *In re Keene Corp.*, 205 B.R. 690, 696 (Bankr. S.D.N.Y. 1997). Ultimately, if the services of a professional are reasonably likely to benefit the debtor's estate, they should be compensable. *See Angelika Films*, 227 B.R. at 42.

9.   EY LLP respectfully submits that the compensation sought in this Application is necessary and reasonable. The services that EY LLP rendered to the Debtors during the Fee Period required a high degree of professional competence. EY LLP performed efficiently, effectively and economically, and the results obtained have benefited the Debtors, their estates and creditors.

**WHEREFORE,** EY LLP hereby respectfully requests allowance and payment of $595,000.00 as compensation, and reimbursement of actual and necessary expenses incurred in the amount of $3,373.18 with respect to services it provided to the Debtors during the Fee Period. EY LLP also respectfully requests that it be granted such other and further relief as the Court may deem just and proper.

Dated: July 15, 2020

>   */s/Devon M. Brady*
>   Devon M. Brady
>   Ernst & Young LLP

## **VERIFICATION**

I hereby certify that:

1.  I am a partner with the firm of Ernst & Young LLP ("EY LLP"). This certification is made pursuant to the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York* (the "Amended Guidelines"), in support of the foregoing fee application of EY LLP (the "Application").

2.  I hereby certify as follows: (a) I have read the Application; (b) to the best of my knowledge, information and belief formed after reasonable inquiry, the fees and disbursements sought in the Application fall within the Amended Guidelines, except as specifically noted herein or in the Application; (c) except to the extent that fees or disbursements are prohibited by the Amended Guidelines, the fees and disbursements sought are billed at rates and in accordance with practices customarily employed by EY LLP and generally accepted by EY LLP's clients; and (d) in providing a service for which EY LLP seeks reimbursement of expenses, EY LLP does not make a profit on the service, whether the service is performed by EY LLP in-house or through a third party.

Dated: July 15, 2020

                       */s/Devon M. Brady*
                       Devon M. Brady
                       Ernst & Young LLP