AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel:  (212) 872-1000
Fax:  (212) 872-1002
Ira S. Dizengoff
Arik Preis
Mitchell Hurley
Sara L. Brauner

*Counsel to the Official Committee of*
*Unsecured Creditors of Purdue Pharma L.P., et al*

COLE SCHOTZ P.C.
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Tel: (302) 655-5000
Fax: (302) 658-6395
Justin R. Alberto (admitted *pro hac vice*)

*Efficiency Counsel to the Official Committee of*
*Unsecured Creditors of Purdue Pharma L.P., et al.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| PURDUE PHARMA L.P., *et al.*, | : | Case No. 19-23649 (RDD) |
|  | : |  |
| Debtors.[1] | : | (Jointly Administered) |
|  | : |  |

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc.  (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp.  (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc.  (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc.  (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc.  (4014).  The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

**SUMMARY COVER SHEET TO THE FIRST INTERIM FEE APPLICATION OF
COLE SCHOTZ P.C. AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF PURDUE PHARMA L.P., ET AL., FOR
ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED
AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD OF
FEBRUARY 24, 2020 THROUGH AND INCLUDING MAY 31, 2020**

In accordance with the Local Bankruptcy Rules for the Southern District of New York, Cole Schotz P.C. ("Cole Schotz"), co-counsel to the Official Committee of Unsecured Creditors of Purdue Pharma L.P. and its affiliated debtors and debtors in possession submits this summary (the "Summary") of fees and expenses sought as actual, reasonable and necessary in the fee application to which the Summary is attached (the "Application")[2] for the period from September 24, 2020 through and including May 31, 2020 (the "Compensation Period").

Cole Schotz submits the Application as its first interim fee application in accordance with the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals*, dated November 21, 2019 [ECF No. 529] (the "Interim Compensation Order").

| *General Information* | |
|---|---|
| Name of Applicant: | Cole Schotz P.C. |
| Authorized to Provide Services to: | The Official Committee of Unsecured Creditors of Purdue Pharma L.P., *et al.* |
| Petition Date: | September 15, 2019 |
| Retention Date: | April 22, 2020, *nunc pro tunc* to February 24, 2020 |
| Prior Applications: | 0 |

---

[2] Capitalized terms used but not defined in the Summary shall have the meanings ascribed to such terms in the Application.

| *Summary of Fees and Expenses Sought in this Application* | |
|---|---|
| Time Period Covered by this Application: | February 24, 2020 through and including May 31, 2020 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary for the Compensation Period: | $2,535,250.50 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary for the Compensation Period: | $310.50 |
| Total Compensation and Expenses Requested for the Compensation Period: | $2,535,561.00 |

| *Summary of Fees, Professionals, Rates and Budget in this Application* | |
|---|---|
| Total Compensation Approved by Interim Order to Date: | N/A |
| Total Expenses Approved by Interim Order to Date: | N/A |
| Total Allowed Compensation Paid to Date: | N/A |
| Total Allowed Expenses Paid to Date: | N/A |
| Compensation Sought in this Application Already Paid Pursuant to the Interim Compensation Order But Not Yet Allowed (80% of Fees for the period from February 24, 2020 through and including May 31, 2020): | $2,028,200.40 |
| Expenses Sought in this Application Already Paid Pursuant to the Interim Compensation Order But Not Yet Allowed (100% of Expenses for the period from February 24, 2020 through and including May 31, 2020): | $310.50 |
| Total Compensation and Expenses Sought in this Application Already Paid Pursuant to the Interim Compensation Order But Not Yet Allowed: | $2,028,510.90 |
| Total Compensation and Expenses Sought in this Application Not Yet Paid: | $507,050.10 |

iii

Voluntary Fee Waiver and Expense Reduction in this Compensation Period: $0.00

| *Summary of Fees and Expenses Sought in this Application* | |
|---|---|
| Blended Rate in this Application for All Attorneys: | $478.23 |
| Blended Rate in this Application for All Timekeepers: | $474.67 |
| Number of Timekeepers Included in this Application: | 52 (48 attorneys; 4 paraprofessionals and other non-legal staff) |
| Number of Attorneys Billing Fewer than 15 Hours to the Case During the Compensation Period: | 8 |
| Increase in Rates Since Date of Retention: | None |
| Interim or Final Application: | Interim |

## SUMMARY OF MONTHLY FEE STATEMENTS

| ECF Number | Period Covered | Fees Requested | Expenses Requested | Fees Paid | Expenses Paid | Total Unpaid |
|---|---|---|---|---|---|---|
| 1103 | 2/24/20 – 3/31/20 | $330,323.00 | $151.05 | $264,258.40 | $151.05 | $66,064.60 |
| 1162 | 4/1/20 – 4/30/20 | $557,959.50 | $47.72 | $446,367.60 | $47.72 | $111,591.90 |
| 1270 | 5/1/20 – 5/31/20 | $1,646,968.00 | $111.73 | $1,317,574.40 | $111.73 | $329,393.60 |
| **Totals** | | **$2,535,250.50** | **$310.50** | **$2,028,200.40** | **$310.50** | **$507,050.10** |

Summary of Any Objections to Monthly Fee Statements: None

Compensation and Expenses Sought in This Application Not Yet Paid: $507,050.10

## COMPENSATION BY PROFESSIONAL
## <u>FEBRUARY 24, 2020 THROUGH AND INCLUDING MAY 31, 2020</u>

| Name of Professional Person | Date of Bar Admission | Position with the Applicant and Number of Years in that Position | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|
| Justin R. Alberto | 2008 | Member (Bankruptcy) (since 2020) | $625.00 | 197.2 | $123,250.00 |
| Cameron A. Welch | 2006 | Member (Litigation) (since 2013) | $575.00 | 77.7 | $44,677.50 |
| Jamie P. Clare | 1988 | Member (Litigation) (since 2005) | $610.00 | 60.6 | $36,966.00 |
| Jason R. Melzer | 2003 | Member (Litigation) (since 2009) | $625.00 | 312.5 | $195,312.50 |
| Jed M. Weiss | 2003 | Member (Litigation) (since 2013) | $600.00 | 195.7 | $117,420.00 |
| Lauren M. Manduke | 2009 | Member (Litigation) (since 2017) | $495.00 | 147.6 | $73,062.00 |
| Nolan E. Shanahan | 2000 | Member (Litigation) (since 2013) | $610.00 | 105.9 | $64,599.00 |
| Patrick J. Reilley | 2003 | Member (Bankruptcy) (since 2011) | $620.00 | 117.7 | $72,974.00 |
| Steven Klepper | 1993 | Member (Litigation) (since 2015) | $700.00 | 148.0 | $103,600.00 |
| Susan Usatine | 1998 | Member (Litigation) (since 2006) | $615.00 | 41.3 | $25,399.50 |
| Arnold M. Zipper | 2005 | Member (Corporate) (since 2019) | $600.00 | 111.5 | $66,900.00 |
| Christopher Kula | 2003 | Member (Corporate) (since 2015) | $600.00 | 63.0 | $37,800.00 |

| | | | | | |
|---|---|---|---|---|---|
| Emily M. Lamond | 2004 | Member (Environmental) (since 2019) | $550.00 | 148.4 | $81,620.00 |
| Jill B. Richardson | 2010 | Member (Environmental) (since 2020) | $485.00 | 122.2 | $59,267.00 |
| Matthew S. Schneid | 2010 | Member (Real Estate) (since 2018) | $500.00 | 86.2 | $43,100.00 |
| Robyn A. Pellegrino | 1996 | Member (Real Estate) (since 2020) | $555.00 | 149.5 | $82,972.50 |
| W. John Park | 1994 | Member (Real Estate) (since 2001) | $625.00 | 179.3 | $112,062.50 |
| Adam J. Sklar | 1996 | Member (Litigation) (since 2009) | $615.00 | 44.9 | $27,613.50 |
| Alan Rubin | 1982 | Member (Corporate) (since 1995) | $765.00 | 107.3 | $82,084.50 |
| Arianna Christopher | 1999 | Member (Litigation) (since 2010) | $655.00 | 5.7 | $3,733.50 |
| Christopher J. Caslin | 2000 | Member (Real Estate) (since 2007) | $600.00 | 41.4 | $24,840.00 |
| Danielle M. Pasquariello | 2011 | Member (Real Estate) (since 2020) | $470.00 | 62.5 | $29,375.00 |
| David A. Rubenstein | 1994 | Member (Real Estate) (since 2015) | $595.00 | 50.5 | $30,047.50 |
| Donald A. Ottaunick | 1984 | Member (Litigation) (since 2000) | $715.00 | 133.1 | $95,166.50 |
| Mary R. Browning | 2002 | Member (Tax, Trust & Estates) (since 2012) | $575.00 | 1.3 | $747.50 |
| Paul W. Kim | 1998 | Member (Litigation) (since 2016) | $600.00 | 67.5 | $40,500.00 |
| Wendy M. Berger | 1979 | Member (Real Estate) (since 1990) | $600.00 | 71.8 | $43,080.00 |
| Catherine Bostock | 1994 | Member (Environmental) (since 1998) | $660.00 | 1.10 | $726.00 |

| Jordan Fisch | 1995 | Member (Real Estate) (since 2000) | $740.00 | 1.20 | $888.00 |
|---|---|---|---|---|---|
| Andrew L. Cole | 1999 | Member (Litigation) (since 2019) | $600.00 | 7.20 | $4,032.00 |
| Gerard Giordano | 1998 | Special Counsel (Environmental) (since 2005) | $550.00 | 177.3 | $97,515.00 |
| Bradley P. Pollina | 2014 | Associate (Litigation) (since 2019) | $435.00 | 89.5 | $38,932.50 |
| Leo D. Bronshteyn | 2020 | Associate (Litigation) (since 2020) | $275.00 | 77.0 | $21,175.00 |
| Jeffrey Sauer | 2018 | Associate (Bankruptcy) (since 2019) | $290.00 | 312.2 | $90,538.00 |
| Aaron Brotman | 2016 | Associate (Real Estate) (since 2020) | $340.00 | 129.9 | $44,166.00 |
| Eric J. Reisman | 2010 | Associate (Real Estate) (since 2017) | $385.00 | 150.0 | $57,750.00 |
| Isabelle R. Jacobs | 2018 | Associate (Corporate) (since 2019) | $285.00 | 86.4 | $24,624.00 |
| Jullee Kim | 2013 | Associate (Environmental) (since 2019) | $405.00 | 173.2 | $70,146.00 |
| Rimma Tsvasman | 2011 | Associate (Corporate) (since 2019) | $420.00 | 85.5 | $35,910.00 |
| Samantha B. Epstein | 2015 | Associate (Corporate) (since 2016) | $350.00 | 105.9 | $37,065.00 |
| Patrick E. Parrish | 2019 | Associate (Real Estate) (since 2018) | $290.00 | 154.1 | $44,689.00 |
| Nicole Dlugosz | 2020 | Associate (Real Estate) (since 2020) | $275.00 | 163.3 | $44,907.50 |
| Drew F. Barone | 2018 | Associate (Real Estate) | $360.00 | 78.5 | $28,260.00 |

| | | (since 2018) | | | |
|---|---|---|---|---|---|
| David B. Borsack | 2019 | Associate (Corporate) (since 2019) | $285.00 | 114.8 | $32,718.00 |
| Bradley P. Lehman | 2013 | Associate (Litigation) (since 2018) | $390.00 | 2.20 | $858.00 |
| Adam Horowitz | 2015 | Associate (Litigation) (since 2019) | $355.00 | 132.4 | $47,664.00 |
| Madeline Stein | N/A | Law Clerk (Bankruptcy) (since 2019) | $195.00 | 155.2 | $30,264.00 |
| Peter Strom | N/A | Law Clerk (Bankruptcy) (since 2019) | $195.00 | 202.2 | $39,429.00 |
| Larry Morton | N/A | Paralegal (Bankruptcy) (since 2020) | $305.00 | 20.3 | $6,191.50 |
| Pauline Z. Ratkowiak | N/A | Paralegal (Bankruptcy) (since 2008) | $305.00 | 0.70 | $213.50 |
| Anastasia Bellisari | N/A | Paralegal (Environmental) (since 2019) | $260.00 | 70.3 | $18,278.00 |
| Patt Feuerbach | N/A | Litigation Support (Litigation) (since 2019) | $350.00 | 0.4 | $140.00 |
| **TOTAL** | | | | **5,341.1** | **$2,535,250.50** |

## TOTAL FEES FOR THE COMPENSATION PERIOD

| Professionals | Blended Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|
| Members | $602.78 | 2,859.8 | $1,723,816.50 |
| Senior Counsel & Counsel | $550.00 | 177.3 | $97,515.00 |
| Associates | $311.48 | 2,212.3 | $689,096.00 |
| Staff Attorneys & Paraprofessionals | $270.70 | 91.7 | $24,823.00 |
| **Blended Attorney Rate** | **$478.23** | | |
| **Blended Rate for All Timekeepers** | **$474.67** | | |
| **Total Hours / Fees Requested:** | | **5,341.10** | **$2,535,561.00** |

x

## COMPENSATION BY PROJECT CATEGORY
### FEBRUARY 24, 2020 THROUGH AND INCLUDING MAY 31, 2020

| Matter | Total Hours Billed | Total Value ($) |
|---|---|---|
| Asset Dispositions, Sale, Uses, and Leases | 3.7 | $2,312.50 |
| Automatic Stay Matters/Litigation | 1.8 | $1,125.00 |
| Case Administration | 5.0 | $3,110.00 |
| Claims Analysis, Administration and Objections | 13.8 | $8,625.00 |
| Committee Matters and Creditor Meetings | 57.8 | $35,995.50 |
| Court (Appearance) | 4.7 | $2,937.50 |
| Creditor Inquiries | 5.2 | $3,250.00 |
| Document Review (Committee Investigation) | 5,142.1 | $2,418,655.50 |
| Fee Application Matters/Objections | 29.6 | $12,196.00 |
| General | 6.5 | $3,828.00 |
| Leases (Real Property) | 0.7 | $437.50 |
| Litigation/Gen. (Except Automatic Stay Relief) | 53.2 | $32,569.50 |
| Preparation for and Attendance at Hearings | 14.1 | $8,620.50 |
| Retention Matters | 1.3 | $588.50 |
| Rule 2004 Motions and Subpoenas | 0.7 | $437.00 |
| Press/Public Affairs | 0.6 | $375.00 |
| Reports; Statement and Schedules | 0.3 | $187.50 |
| **Total Fees Requested:** | **5,341.1** | **$2,535,280.50** |

**EXPENSE SUMMARY**
**FEBRUARY 24, 2020 THROUGH AND INCLUDING MAY 31, 2020**

| Disbursement Activity | Amount ($) |
|---|---|
| Conference Calls | $131.39 |
| Computerized Legal Research - Other | $18.20 |
| Courier Service/Messenger Service – Parcels, Inc. | $50.11 |
| Photocopy/Printing/Scanning | $110.80 |
| **Total Expenses Requested:** | **$310.50** |

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel:  (212) 872-1000
Fax:  (212) 872-1002
Ira S. Dizengoff
Arik Preis
Mitchell Hurley
Sara L. Brauner
Edan Lisovicz

*Counsel to the Official Committee of Unsecured
Creditors of Purdue Pharma L.P., et al.*

COLE SCHOTZ P.C.
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Tel: (302) 655-5000
Fax: (302) 658-6395
Justin R. Alberto (admitted *pro hac vice*)

*Efficiency Counsel to the Official Committee of
Unsecured Creditors of Purdue Pharma L.P., et al.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | : | |
| In re: | : | Chapter 11 |
| | : | |
| PURDUE PHARMA L.P., *et al.*, | : | Case No. 19-23649 (RDD) |
| | : | |
| Debtors.[3] | : | (Jointly Administered) |
| | : | |

---

[3] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014).  The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

**FIRST INTERIM FEE APPLICATION OF COLE SCHOTZ P.C. AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF PURDUE PHARMA L.P., ET AL., FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD OF FEBRUARY 24, 2020 THROUGH AND INCLUDING MAY 31, 2020**

Cole Schotz P.C. ("Cole Schotz"), co-counsel to the Official Committee of Unsecured Creditors (the "Committee") of Purdue Pharma, L.P. and its affiliated debtors and debtors in possession (collectively, the "Debtors"), hereby submits its first application (the "Application"), pursuant to sections 330(a) and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules"), requesting interim allowance of compensation for services rendered to the Committee for the period of February 24, 2020 through and including May 31, 2020 (the "Compensation Period") and for reimbursement of expenses incurred in connection therewith. In support of this Application, Cole Schotz submits the declaration of Justin R. Alberto, a member of Cole Schotz (the "Alberto Declaration"), which is attached hereto as **Exhibit A** and incorporated by reference into this Application. In further support of this Application, Cole Schotz respectfully states as follows.

## INTRODUCTION

1.      By this Application, Cole Schotz seeks: (i) interim allowance of compensation for the professional services rendered by Cole Schotz during the Compensation Period in the amount of $2,535,280.50, representing 5,258.5 hours of professional services and 91.7 hours of paraprofessional and other non-legal services; and (ii) reimbursement of actual and necessary expenses incurred by Cole Schotz during the Compensation Period in the amount of $310.50.

2.      This Application has been prepared in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals*, dated November 21, 2019 [ECF No. 529] (the "Interim Compensation Order"), the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York (June 17, 2013) promulgated pursuant to Local Bankruptcy Rule 2016-1(a) (the "Local Guidelines") and the United States Trustee's *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases*, 78 Fed. Reg. 36248, effective as of November 1, 2013 (the "U.S. Trustee Guidelines" and, together with the Local Guidelines, the "Fee Guidelines").

3.      The Committee has been given the opportunity to review this Application and the Co-Chairs (as defined below) have approved the compensation and reimbursement of expenses requested herein.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334. Approval of this Application is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

5.      Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6.      The statutory bases for the relief requested herein are Bankruptcy Code sections 330 and 331, Bankruptcy Rule 2016 and Local Bankruptcy Rule 2016-1.

## BACKGROUND

**A.      The Debtors' Chapter 11 Cases**

7.      On September 15, 2019 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their

businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. The Debtors' chapter 11 cases (the "Chapter 11 Cases") are jointly administered for procedural purposes only. No trustee or examiner has been appointed in the Chapter 11 Cases.

8.    On September 26, 2019 (the "Formation Date"), the Office of the United States Trustee for Region 2 (the "U.S. Trustee") appointed the Committee pursuant to Bankruptcy Code section 1102(a). *See Notice of Appointment of Official Committee of Unsecured Creditors*, dated September 27, 2019 [ECF No. 131]; and *Second Amended Verified Statement of the Official Committee of Unsecured Creditors of Purdue Pharma L.P., et al. Pursuant to Bankruptcy Rule 2019 to Disclosure Addition of Third* Ex Officio Member [ECF No. 1294]. The Committee currently comprises nine members and three *ex officio* members.[4] Blue Cross and Blue Shield Association and Ryan Hampton serve as co-chairs of the Committee (the "Co-Chairs").

**B.    Retention of Cole Schotz**

9.    On April 3, 2020, the Committee filed the *Application of the Official Committee of Unsecured Creditors of Purdue Pharma L.P. to Retain and Employ Cole Schotz P.C. as Co-Counsel, Nunc Pro Tunc to February 24, 2020* [ECF No. 1013] (the "Cole Schotz Retention Application"), which was granted by an order of this Court dated April 24, 2020 [ECF No. 1084] (the "Cole Schotz Retention Order").[5]

---

[4] The Committee comprises the following members:  (i) Blue Cross and Blue Shield Association; (ii) CVS Caremark Part D Services L.L.C. and CaremarkPCS Health L.L.C.; (iii) Cheryl Juaire; (iv) Kara Trainor; (v) LTS Lohmann Therapy Systems Corporation; (vi) Pension Benefit Guaranty Corporation; (vii) Ryan Hampton; (viii) Walter Lee Salmons; and (ix) West Boca Medical Center, plus two *ex officio* members, Cameron County, Texas on behalf of the Multi-State Governmental Entities Group, the Cheyenne and Arapaho Tribes, on behalf of certain Native American Tribes and Native American-affiliated creditors and Thornton Township High School District 205 on behalf of certain public school districts.

[5] The Committee selected Akin Gump Strauss Hauer & Feld LLP ("Akin Gump") to serve as its lead counsel, Bayard, P.A ("Bayard") to serve as its "efficiency" counsel, Province, Inc. ("Province") to serve as its financial advisor, Jefferies LLC ("Jefferies") to serve as its investment banker, Kurtzman Carson Consultants LLC ("KCC") to serve as its information agent, and KPMG LLP ("KPMG") to serve as joint tax consultant to the Committee and the Debtors on September 29, 2019, October 1, 2019 and October 4, 2019, November 1, 2019, and December 23, 2019, respectively.  Orders authorizing the retention of Bayard [ECF No. 523], Province [ECF No. 524], Jefferies [ECF No. 526] and KCC [ECF No. 527] were entered on November 21, 2019, and an order authorizing the retention of KPMG

10.     The Cole Schotz Retention Order authorizes the Committee to retain and employ Cole Schotz as its co-counsel in the Chapter 11 Cases in accordance with Cole Schotz's normal hourly rates and disbursement policies, *nunc pro tunc* to February 24, 2020, all as contemplated by the Cole Schotz Retention Application.  The Cole Schotz Retention Order further authorizes Cole Schotz to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.

## C.     Monthly Fee Statements

11.     On April 29, 2020, Cole Schotz filed and served the *First Monthly Fee Statement of Cole Schotz P.C. for Professional Services Rendered and Disbursements Incurred as Co-Counsel to the Official Committee of Unsecured Creditors for the Period of February 24, 2020 Through March 31, 2020* [ECF No. 1103] (the "First Monthly Fee Statement"),[6] pursuant to which Cole Schotz sought payment of (i) $330,323.00 as compensation for professional services rendered and (ii) $151.05 for reimbursement of expenses.  Cole Schotz did not receive any objections to its First Monthly Fee Statement and received payment in respect thereof on May 28, 2020.

12.     On May 18, 2020, Cole Schotz filed and served the *Second Monthly Fee Statement of Cole Schotz for Professional Services Rendered and Disbursements Incurred as Co-Counsel to the Official Committee of Unsecured Creditors for the Period of April 1, 2020 Through April 30, 2020* [ECF No. 1162] (the "Second Monthly Fee Statement"),[7] pursuant to which Cole Schotz sought payment of (i) $557,959.50 as compensation for professional services rendered and

---

was entered on February 24, 2020 [ECF No. 867].  As disclosed in the *Notice of Change of Firm and Substitution of Counsel*, dated March 6, 2020 [ECF No. 900], on February 24, 2020, the Committee engaged Cole Schotz as substitute efficiency counsel.

[6] A copy of the First Monthly Fee Statement can be accessed on the docket or on the Debtors' case website at: https://restructuring.primeclerk.com/purduepharma.

[7] A copy of the Second Monthly Fee Statement can be accessed on the docket or on the Debtors' case website at: https://restructuring.primeclerk.com/purduepharma.

(ii) $47.72 for reimbursement of expenses.  Cole Schotz did not receive any objections to the Second Monthly Fee Statement and received payment in respect thereof on June 11, 2020.

13.    On June 15, 2020, Cole Schotz filed and served the *Third Monthly Fee Statement of Cole Schotz P.C. for Professional Services Rendered and Disbursements Incurred as Co-Counsel to the Official Committee of Unsecured Creditors for the Period of May 1, 2020 Through May 31, 2020* [ECF No. 1270] (the "Third Monthly Fee Statement"),[8] pursuant to which Cole Schotz sought payment of (i) $1,646,968.00 as compensation for professional services rendered and (ii) $111.73 for reimbursement of expenses.  Cole Schotz did not receive any objections to its Third Monthly Fee Statement and received payment in respect thereof on July 6, 2020.

### SUMMARY OF PROFESSIONAL COMPENSATION
### AND REIMBURSEMENT OF EXPENSES REQUESTED

14.    By this Application, Cole Schotz requests allowance of interim compensation for professional services rendered to the Committee during the Compensation Period in the amount of $2,535,280.50 and expense reimbursements of $310.50. During the Compensation Period, Cole Schotz professionals and paraprofessionals expended a total of 5,341.1 hours for which compensation is sought.

15.    The fees charged by Cole Schotz in the Chapter 11 Cases are billed in accordance with Cole Schotz's existing billing rates and procedures in effect during the Compensation Period. The rates Cole Schotz charges for the services rendered by its professionals and paraprofessionals in the Chapter 11 Cases are the same rates Cole Schotz charges for professional and paraprofessional services rendered in comparable non-bankruptcy related matters.  Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in

---

[8] A copy of the Third Monthly Fee Statement can be accessed on the docket or on the Debtors' case website at: https://restructuring.primeclerk.com/purduepharma.

comparable non-bankruptcy cases in a competitive national legal market.  The disclosures required by the U.S. Trustee Guidelines regarding the customary and comparable compensation are annexed hereto as **Exhibit B**.

16.     Cole Schotz maintains computerized records of the time spent by all Cole Schotz professionals and paraprofessionals in connection with its representation of the Committee in the Chapter 11 Cases.  A summary of compensation by timekeeper is attached hereto in **Exhibit C**, and a summary of fees by task code against budgeted fees and hours is attached hereto in **Exhibit D**.  The itemized time records for Cole Schotz professionals and paraprofessionals performing services for the Committee during the Compensation Period have been filed and served with the Monthly Fee Statements in accordance with the Interim Compensation Order.

17.     Cole Schotz also maintains records of all actual and necessary out-of-pocket expenses incurred in connection with the rendition of its professional services.  A summary of the categories of expenses and amounts for which reimbursement is requested by this Application is attached hereto as **Exhibit E**.

18.     Cole Schotz's staffing plan for the Compensation Period is attached hereto as **Exhibit F**.

### SUMMARY OF SERVICES PERFORMED BY COLE SCHOTZ DURING THE COMPENSATION PERIOD

19.     The services provided by Cole Schotz during the Compensation Period were actual and necessary for the administration of the Chapter 11 Cases, performed at the request of Akin Gump and the Committee and commensurate with the complexity and significance of the matter.  Moreover, the variety and complexity of the issues in the Chapter 11 Cases and the need to act or respond to such issues on an expedited basis in furtherance of the Committee's needs and the interests of the Debtors' unsecured creditors required the expenditure of significant time by Cole

Schotz professionals and paraprofessionals from numerous legal disciplines during the Compensation Period.

20.    The following is a summary of the professional services rendered by Cole Schotz during the Compensation Period.  This summary is organized in accordance with Cole Schotz's internal system of task codes established at the outset of the Chapter 11 Cases based on the Fee Guidelines.  In classifying services into task codes, Cole Schotz attempted to place the services performed in the category that most closely related to the services provided.  The below does not include summaries for certain task codes for which a *de minimis* amount of time was billed during the Compensation Period.

21.    Moreover, the following summary of services rendered during the Compensation Period is not intended to be a detailed description of the work performed.  Rather, it merely is an attempt to highlight certain of those areas in which services were rendered to the Committee, as well as to identify some of the matters and issues that Cole Schotz was required to address during the Compensation Period.

A.    **Case Administration**

| Total Hours | Fees |
|:---:|:---:|
| 5.0 | $3,110.00 |

22.    This category includes time spent by Cole Schotz professionals and paraprofessionals performing various general administrative tasks necessary to the Committee's involvement in the Chapter 11 Cases, including among other things: (i) maintaining service and distribution lists; (ii) monitoring the docket for these Chapter 11 Cases to track filings and to remain apprised of critical dates; (iii) reviewing and analyzing pleadings and other documents filed by the Debtors and other parties in interest; (iv) ensuring that the appropriate parties are notified of filed documents, relevant objection and response deadlines, hearing dates and other critical

dates; (v) communicating with the members of the Committee, the Debtors' advisors and other parties in interest regarding general case administration and related matters; and (iv) performing other necessary general administrative tasks.

**B.    Cole Schotz Fee Application Matters/Objections**

| Total Hours | Fees |
|:---:|:---:|
| 29.6 | $12,196.00 |

23.    This category includes time spent by Cole Schotz professionals and paraprofessionals in connection with the preparation of Cole Schotz's monthly fee statements and fee applications.  During the compensation period, these efforts included ensuring that the schedules attached to the monthly fee statements complied with the Fee Guidelines, and that such schedules did not contain information that was privileged, confidential or subject to attorney work product protection.  To minimize costs in connection with this time-intensive process, Cole Schotz relied on paraprofessionals to prepare the initial drafts of the monthly fee statements, thereby limiting the time spent by professionals on the review of fees, where reasonably practicable.

**C.    Retention Matters**

| Total Hours | Fees |
|:---:|:---:|
| 1.3 | $588.50 |

24.    This category includes time spent by Cole Schotz professionals and paraprofessionals in connection with various professional retention matters.

**D.    Committee Matters and Creditor Meetings**

| Total Hours | Fees |
|:---:|:---:|
| 57.8 | $35,995.50 |

25.    This category includes time spent by Cole Schotz professionals and paraprofessionals: (i) preparing for and participating in meetings and conference calls with the Committee as a whole or with individual members of the Committee, including bi-weekly

21

conference calls with the full Committee; (ii) communicating with the Committee's other advisors on a day-to-day basis regarding pending matters and case strategy; (iii) responding to inquiries from individual unsecured creditors; and (iv) attending to other general Committee matters.

**E.    Claims Analysis, Administration and Objections**

| Total Hours | Fees |
|---|---|
| 13.8 | $8,625.00 |

26.    This task code includes time spent by Cole Schotz professionals evaluating both the merits of the vast universe of claims against the Debtors and potential approaches to addressing such claims in the Chapter 11 Cases.  This task code also includes time spent by Cole Schotz professionals evaluating various extension requests related to the timing for the submission of claims against the Debtors pursuant to the *Debtors' Motion for Entry of an Order (I) Establishing Deadlines for Filing Proofs of Claim and Procedures Related Thereto, (II) Approving the Proof of Claim Forms, and (III) Approving the Form and Manner of Notice Thereof*, dated January 3, 2020.

**F.    Automatic Stay Matters/Litigation**

| Total Hours | Fees |
|---|---|
| 1.8 | $1,125.00 |

27.    This category includes time spent by Cole Schotz professionals addressing matters related to the automatic stay, including primarily with respect to that certain *Motion for Relief From the Automatic Stay* [ECF No. 909] filed by certain defendants in a New York state court litigation.

**G.    Litigation/Gen. (Except Automatic Stay Relief)**

| Total Hours | Fees |
|---|---|
| 53.2 | $32,569.50 |

28.    This category includes time spent by Cole Schotz professionals and paraprofessionals in connection with certain litigation matters, most notably the Committee's

investigation into the Debtors' shareholders and related entities.  This category also includes time spent by Cole Schotz professionals analyzing potential legal theories and causes of action relevant to Cole Schotz's findings.

**H.    Asset Deposition, Sales, Uses, and Leases**

| Total Hours | Fees |
|:---:|:---:|
| 3.7 | $2,312.50 |

29.    This category includes time spent by Cole Schotz professionals reviewing and analyzing various proposals related to the emergency relief fund and the Committee's analysis thereof.

**I.    Creditor Inquiries**

| Total Hours | Fees |
|:---:|:---:|
| 5.2 | $3,250.00 |

30.    This category includes time spent by Cole Schotz professionals in connection with creditor issues that have arisen in the Chapter 11 Cases, which primarily relate to the procedures and timing for filing claims against the Debtors.

**J.    Document Review (Committee Investigation)**

| Total Hours | Fees |
|:---:|:---:|
| 5,142.1 | $2,418,655.50 |

31.    This category includes time spent by Cole Schotz professionals reviewing records for the purpose of investigating and analyzing potential claims against the Sackler family and certain related entities.  Specifically, and among other things, Cole Schotz professionals reviewed an expansive database of documents and communications relevant to the Committee's analysis of potential estate claims.  The database is currently comprised of over ten million records and continues to grow as additional productions of documents are made.  In addition to reporting on productivity, Cole Schotz professionals regularly communicated with attorneys at Akin Gump to

inform them of trends and issues that warrant particular attention in connection with the Committee's investigation and the development of potential claims against the Debtors' shareholders and certain related entities.

## K.    General

| Total Hours | Fees |
|:---:|:---:|
| 6.5 | $3,828.00 |

32.    This category includes time spent by Cole Schotz attorneys and paraprofessionals in connection with general diligence matters, including monitoring compliance under the Protective Order.

## L.    Preparation for and Attendance at Hearings

| Total Hours | Fees |
|:---:|:---:|
| 14.1 | $8,620.50 |

33.    This category includes time spent by Cole Schotz professionals and paraprofessionals in connection with the court hearings and status conferences held during the Compensation Period.  Cole Schotz professionals participated in certain hearings held before the Court during the Compensation Period that related to tasks performed by Cole Schotz during the Compensation Period.  In an effort to limit the fees incurred, Cole Schotz did not participate in hearings held before the Court during the Compensation Period unless there was a matter under consideration for which Cole Schotz was assigned by the Committee.

## <u>ACTUAL AND NECESSARY DISBURSEMENTS</u>

34.    Cole Schotz seeks allowance of reimbursement in the amount of $310.50 for expenses incurred during the Compensation Period in the course of providing professional services to the Committee.  Cole Schotz's disbursement policies pass through all out of pocket expenses at actual cost or an estimated actual cost when the actual cost is difficult to determine.  For example, as it relates to computerized research, Cole Schotz believes that it does not make a profit on that

service as a whole although the cost of any particular search is difficult to ascertain.  Other

reimbursable expenses (whether the service is performed by Cole Schotz in-house or through a

third party vendor) include, but are not limited to, long-distance calls, overtime meals, deliveries,

court costs, transcript fees, discovery and temporary legal staffing services, travel and clerk fees.

**<u>FACTORS TO BE CONSIDERED IN AWARDING ATTORNEYS' FEES</u>**

35.    Bankruptcy Code section 330 provides, in relevant part, that the Court may award

to a professional person "reasonable compensation for actual, necessary services rendered[.]" *See*

11 U.S.C. § 330(a)(1).  In turn, Bankruptcy Code section 330 provides as follows:

> In determining the amount of reasonable compensation to be awarded, the
> court shall consider the nature, the extent, and the value of such services,
> taking into account all relevant factors, including –
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of,
> or beneficial at the time at which the service was rendered
> toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable
> amount of time commensurate with the complexity,
> importance, and nature of the problem, issue, or task
> addressed; and
>
> (E) with respect to a professional person, whether the person is
> board certified or otherwise has demonstrated skill and
> experience in the bankruptcy field; and
>
> (F) whether the compensation is reasonably based on the
> customary compensation charged by comparably skilled
> practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

36.    The clear congressional intent and policy expressed in Bankruptcy Code section

330 is to provide for adequate compensation in order to continue to attract qualified and competent

bankruptcy practitioners to bankruptcy cases. *In re Drexel Burnham Lambert Grp., Inc.*, 133 B.R. 13, 20 (Bankr. S.D.N.Y. 1991) ("Congress' objective in requiring that the market, not the Court, establish attorneys' rates was to ensure that bankruptcy cases were staffed by appropriate legal specialists."); *see also In re Busy Beaver Bldg. Ctrs., Inc.*, 19 F.3d 833, 850 (3d. Cir. 1994) ("Congress rather clearly intended to provide sufficient economic incentive to lure competent bankruptcy specialists to practice in the bankruptcy courts.") (citations and internal quotation marks omitted).

37.    In assessing the "reasonableness" of the fees requested, the Second Circuit has stated that courts should consider the factors enumerated in *Johnson v. Ga. Highway Express, Inc.*, while also incorporating the "lodestar method." *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany and Albany County Bd. of Elections,* 522 F.3d 182, 190 (2d Cir. 2007) (citing *Johnson v. Ga. Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974), *abrogated on other grounds by Blanchard v. Bergeron,* 489 U.S. 87, 92–93, 96 (1989)).  The "lodestar method" of calculating the reasonable fee contemplates "the number of hours reasonably expended . . . multiplied by a reasonable hourly rate." *See Hensley v. Eckerhart et al.*, 461 U.S. 424, 433 (1983); *Gisbrecht v. Barnhart*, 535 U.S. 789, 801 (2002); *Perdue v. Kenny A*., 130 S.Ct. 1662, 1672 (2010); *In re Drexel Burnham Lambert Grp., Inc.* 133 B.R. 13 (Bankr. S.D. N.Y. 1991).  The factors set forth in *Johnson* and *In re First Colonial Corp. of Am.*, 544 F.2d 1291, 1298–99 (5th Cir. 1977) have been adopted by most courts.[9]  *See In re Nine Assocs., Inc.*, 76 B.R. 943, 945 (S.D.N.Y. 1987) (adopting *First Colonial/Johnson* analysis); *In re Cuisine Magazine, Inc.*, 61 B.R. 210, 212–13 (Bankr. S.D.N.Y 1986) (same); *Green v. City of New York*, 403 Fed. Appx. 626, 629 (2d Cir. 2010)

---

[9] The factors articulated by the Fifth Circuit in *First Colonial* were first articulated by the Fifth Circuit in *Johnson,* with the *First Colonial* court adding the factor of the "spirit of economy," which was later rejected by Congress. *See Stroock & Stroock & Lavan v. Hillsborough Holdings Corp. (In re Hillsborough Holdings Corp.)*, 127 F.3d 1398, 1403 (11th Cir. 1997).

(summary order); *see generally* 3 COLLIER ON BANKRUPTCY ¶ 330.03[9] (Lawrence P. King ed., 16th ed. 2016) (describing *First Colonial* and *Johnson* as the "leading cases to be considered in determining a reasonable allowance of compensation").

38.     Cole Schotz respectfully submits that a consideration of these factors should result in the Court's allowance of the full compensation sought in this Application.

a.  <u>Time and Labor Required</u>. Cole Schotz billed a total of 5,249.4 hours of professional services and 91.7 hours of paraprofessional and other non-legal services during the Compensation Period.  As evidenced by this Application, Cole Schotz professionals and paraprofessionals worked diligently and efficiently without unnecessary duplication of efforts throughout the Compensation Period.  Cole Schotz's representation of the Committee has required it to balance the need to provide quality services with the need to act quickly and represent the Committee in an effective, efficient and timely manner.  Cole Schotz submits that the hours spent were reasonable given the size and complexity of the Chapter 11 Cases, the significant—and often urgent—legal and business issues raised and the numerous pleadings filed in the Chapter 11 Cases.

b.  <u>Novelty and Difficulty of the Questions</u>.  Cole Schotz tasked knowledgeable attorneys to research, analyze and provide advice on difficult and complex bankruptcy, litigation, tax, trusts and estates, insurance and other issues, most notably of which is the Committee's investigation into potential claims and causes of action against the Sackler family.

c.  <u>Skill Requisite to Perform the Legal Services Properly</u>.  Cole Schotz believes that its recognized expertise in the area of corporate reorganization, its ability to draw from highly experienced professionals in other areas of Cole Schotz's practice and its creative approach to the resolution of issues has contributed to the administration of the Chapter 11 Cases and benefited the Debtors and the Committee.  Due to the nature and complexity of the legal issues presented by the Chapter 11 Cases, Cole Schotz was required to exhibit a high degree of legal skill in areas related to, *inter alia*, bankruptcy, litigation, trusts, and tax.  Additionally, Cole Schotz's strong working relationship with the legal and financial advisors to other parties in interest enabled Cole Schotz to work with such advisors towards a swift, consensual resolution of many of the salient issues in the Chapter 11 Cases.

d.  <u>Preclusion of Other Employment by Applicant Due to Acceptance of the Case</u>. Due to the size of Cole Schotz's financial restructuring and litigation departments, Cole Schotz's representation of the Committee did not preclude

27

its acceptance of new clients, but the demands for immediate and substantive action in the Chapter 11 Cases imposed significant burdens on Cole Schotz professionals and paraprofessionals working concurrently on other matters.

e.  <u>Customary Fee</u>.  The rates Cole Schotz charges for the services rendered by its professionals and paraprofessionals in the Chapter 11 Cases are the same rates Cole Schotz charges for professional and paraprofessional services rendered in comparable nonbankruptcy matters.  Cole Schotz's fee structure also is equivalent to the fee structure used by Cole Schotz for restructuring, workout, bankruptcy, insolvency and comparable matters, as well as similar complex corporate and litigation matters, whether in-court or otherwise, regardless of whether a fee application is required.  The firm's customary hourly rates and rate structure reflect that restructuring and related matters typically involve great complexity, numerous tasks requiring a high level of expertise and severe time pressures, as is the case here.  Cole Schotz's rate structure is similar to the rate structure used by other, similar law firms that work on other, similar matters.

f.  <u>Whether the Fee Is Fixed or Contingent</u>.  Pursuant to Bankruptcy Code sections 330 and 331, all fees sought by professionals employed under Bankruptcy Code section 1103 are contingent pending final approval by the Court, and are subject to adjustment depending upon the services rendered and the results obtained. The contingency of full and actual compensation to Cole Schotz increased the risk Cole Schotz was assuming by representing the Committee in the Chapter 11 Cases.

g.  <u>Time Limitations Imposed by the Client or Other Circumstances</u>.  As previously set forth herein, Cole Schotz was required to attend to certain issues arising in the Chapter 11 Cases under compressed timelines.  For example, Cole Schotz and the Committee's other advisors were faced with limited time in which to evaluate the Debtors' approach to these unprecedented Chapter 11 Cases, including the need to evaluate potentially valuable claims and causes of action. The tremendous efforts of Cole Schotz professionals and paraprofessionals in completing this work permitted the Committee to address effectively various issues for the benefit of the Debtors' unsecured creditors.

h.  <u>Amount Involved and Results Obtained</u>.  Cole Schotz professionals and paraprofessionals worked diligently to maximize value for the Debtors' estates and creditors.  During the Compensation Period, and as described in the summary of services herein, Cole Schotz was instrumental in analyzing potential sources of recovery for the benefit of unsecured creditors.  In particular, Cole Schotz's efforts in connection with, among other things, the Committee's investigation into the Sackler family, has been instrumental in ultimately preserving value for the benefit of all creditor constituencies.  Cole Schotz submits that the fees requested in this Application are reasonable and appropriate.

i.  <u>Experience, Reputation and Ability of Attorneys</u>.  Cole Schotz is an law firm that consistently is recognized as a top tier law firm in the field of creditors' rights, business reorganizations and liquidations under chapter 11 of the Bankruptcy Code.  During the Compensation Period, Cole Schotz solicited the skill and expertise of its professionals and paraprofessionals.  Cole Schotz professionals have actively represented creditors and creditors' committees, as well as other parties in interest, in a number of the nation's largest chapter 11 cases.  Cole Schotz's extensive experience enables it to perform the services described herein competently and expeditiously.  In addition to its expertise in the area of corporate reorganization, Cole Schotz has called upon the expertise of its members and associates in other practice areas to perform the wide-ranging scope of the legal work necessitated by the Chapter 11 Cases, as described above.

j.  <u>"Undesirability" of the Cases</u>.  This factor is not applicable to the Chapter 11 Cases.

k.  <u>Nature and Length of Professional Relationship</u>.  Cole Schotz has been rendering professional services to the Committee since it was selected as counsel to the Committee on February 24, 2020.

39.  For the reasons set forth above, the services rendered by Cole Schotz were necessary and beneficial to the Committee and consistently performed in a timely manner.  The compensation sought in this Application is reasonable in light of the value of such services to the Committee and all unsecured creditors, Cole Schotz's demonstrated skill and expertise in the bankruptcy field (as well as other areas of expertise relevant to the Chapter 11 Cases) and the customary compensation charged by comparably skilled practitioners at Cole Schotz.  Accordingly, Cole Schotz respectfully submits that the Court should approve the compensation for professional services and reimbursement of expenses sought herein.

40.  No agreement or understanding exists between Cole Schotz and any other person for the sharing of any compensation to be received for professional services rendered or to be rendered in connection with the Chapter 11 Cases.  No prior application has been made in this Court or in any other court for the relief requested herein as it relates to the Compensation Period.

## ATTORNEY STATEMENT PURSUANT TO U.S. TRUSTEE GUIDELINES

41.     The following is provided in response to the request for additional information set

forth in ¶ C.5 of the U.S. Trustee Guidelines.

**Question**:     Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period? If so, please explain.

Response:     Yes.  Upon its selection as substitute efficiency counsel on February 24, 2020, Cole Schotz agreed to write off all fees related to the retention of Cole Schotz.

**Question**:     If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client?

Response:     Not applicable.

**Question**:     Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case?

Response:     No.

**Question**:     Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.).  If so, please quantify by hours and fees.

Response:     Yes.  During the Compensation Period, 4.6 hours and $2,875.00 in fees were spent reviewing time records for compliance with the Fee Guidelines.

**Question**:     Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees.

Response:     See above.

**Question**:     If the fee application includes any rate increases since retention:  (i) Did your client review and approve those rate increases in advance?  (ii) Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11-458?

Response:     Not applicable.

## **RESERVATION OF RIGHTS**

To the extent that there are services rendered or expenses incurred that relate to the Compensation Period but were not processed prior to the preparation of the Application, Cole Schotz reserves the right to request additional compensation for such services and reimbursement of such expenses in a future application.

*[Remainder of Page Left Blank Intentionally]*

## CONCLUSION

WHEREFORE, Cole Schotz respectfully requests: (i) an interim allowance of compensation for professional services rendered during the Compensation Period in the amount of $2,535,250.50 and expense reimbursement in the amount of $310.50; (ii) the allowance of such compensation for professional services rendered and reimbursement of actual and necessary expenses incurred be without prejudice to Cole Schotz's right to seek additional compensation for services performed and expenses incurred during the Compensation Period which were not processed at the time of the Application; and (iii) such other and further relief as the Court deems just, proper and equitable.

Dated: July 15, 2020
Wilmington, Delaware

**AKIN GUMP STRAUSS HAUER & FELD LLP**

/s/      *Arik Preis*
Ira Dizengoff
Arik Preis
Mitchell Hurley
Sara Brauner
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
idizengoff@akingump.com
apreis@akingump.com
mhurley@akingump.com
sbrauner@akingump.com

*- and –*

**COLE SCHOTZ P.C.**

Justin R. Alberto (No. 5126)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117
jalberto@coleschotz.com

*Co-Counsel to the Official Committee of Unsecured Creditors of Purdue Pharma L.P.,* et al.

## EXHIBIT A

### CERTIFICATION OF JUSTIN R. ALBERTO

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| | : | |
| In re: | : | Chapter 11 |
| | : | |
| PURDUE PHARMA L.P., *et al.*, | : | Case No. 19-23649 (RDD) |
| | : | |
| Debtors.[1] | : | (Jointly Administered) |
| | : | |

**CERTIFICATION UNDER THE FEE GUIDELINES IN RESPECT OF THE**
**FIRST INTERIM FEE APPLICATION OF COLE SCHOTZ AS CO-COUNSEL TO THE**
**OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ALLOWANCE OF**
**COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF**
**EXPENSES FOR THE PERIOD OF FEBRUARY 24, 2020**
<u>**THROUGH AND INCLUDING MAY 31, 2020**</u>

I, Justin R. Alberto, hereby certify that:

1.      I am a member with Cole Schotz,[2] with responsibility for the Chapter 11 Cases of

the above captioned Debtors.  Cole Schotz is co-counsel to Official Committee of Unsecured

Creditors of Purdue Pharma, L.P. and its affiliated debtors and debtors in possession (collectively,

the "<u>Debtors</u>").

2.      In accordance with the Fee Guidelines, this certification is made with respect to the

Application for interim allowance of compensation and reimbursement of expenses incurred

during the Compensation Period.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc.  (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014).  The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Capitalized terms used herein but otherwise not defined shall have the meanings ascribed to such terms in the Application.

3.    In respect of section B.1 of the Local Guidelines, I certify that:

    a.    I have read the Application;

    b.    to the best of my knowledge, information and belief formed after reasonable inquiry, the fees and disbursements sought fall within the Fee Guidelines;

    c.    the fees and disbursements sought are billed at rates in accordance with those customarily charged by Cole Schotz and generally accepted by Cole Schotz's clients; and

    d.    in providing a reimbursable service, Cole Schotz does not make a profit on that service, whether the service is performed by Cole Schotz in-house or through a third party.

4.    In accordance with section B.2 of the Local Guidelines and as required by the Interim Compensation Order, I certify that Cole Schotz has complied with those provisions requiring it to provide the Debtors and the Committee with a statement of Cole Schotz's fees and disbursements accrued during the previous month, although, due to administrative limitations, such statements were not always provided within the timeframe set forth in the Local Guidelines or the Interim Compensation Order.

5.    In respect of section B.3 of the Local Guidelines, I certify that the Debtors, the U.S. Trustee and the members of the Committee are each being provided with a copy of the Application.

Dated: Wilmington, Delaware
      July 15, 2020

By: */s/ Justin R. Alberto*       
    Justin R. Alberto

## **EXHIBIT B**

**CUSTOMARY AND COMPARABLE COMPENSATION DISCLOSURE**

The aggregate hourly rate for all Cole Schotz Delaware and New York non-bankruptcy timekeepers (including both attorneys and paralegals) (the "Non-Bankruptcy Blended Rate") for the year ending December 31, 2019 (the "Comparable Period") was $487.00 per hour, and the aggregate hourly rate for all Cole Schotz Delaware and New York bankruptcy timekeepers (including both attorneys and paralegals) (the "Bankruptcy Blended Rate") for the Comparable Period was $523.00 per hour.

The blended hourly rate for all Cole Schotz timekeepers (including both attorneys and paralegals) who provided services to the Debtors during the Fee Period was approximately $478.44 per hour.

| Blended Hourly Rates | | | |
|---|---|---|---|
| Category of Timekeeper | 2019 Bankruptcy Blended Rate | 2019 Non-Bankruptcy Blended Rate | Application Period Blended Rate |
| Member | $608.00 | $601.00 | $602.83 |
| Special Counsel | $685.00 | $495.00 | $550.00 |
| Associate | $343.00 | $351.00 | $311.48 |
| Paralegal | $286.00 | $256.00 | $270.70 |
| **Aggregate** | **$523.00** | **$487.00** | **$478.44** |

## <u>EXHIBIT C</u>

## SUMMARY OF COMPENSATION BY TIMEKEEPER

| Name of Professional Person | Date of Bar Admission | Position with the Applicant and Number of Years in that Position | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|
| Justin R. Alberto | 2008 | Member (Bankruptcy) (since 2020) | $625.00 | 197.2 | $123,250.00 |
| Cameron A. Welch | 2006 | Member (Litigation) (since 2013) | $575.00 | 77.7 | $44,677.50 |
| Jamie P. Clare | 1988 | Member (Litigation) (since 2005) | $610.00 | 60.6 | $36,966.00 |
| Jason R. Melzer | 2003 | Member (Litigation) (since 2009) | $625.00 | 312.5 | $195,312.50 |
| Jed M. Weiss | 2003 | Member (Litigation) (since 2013) | $600.00 | 195.7 | $117,420.00 |
| Lauren M. Manduke | 2009 | Member (Litigation) (since 2017) | $495.00 | 147.6 | $73,062.00 |
| Nolan E. Shanahan | 2000 | Member (Litigation) (since 2013) | $610.00 | 105.9 | $64,599.00 |
| Patrick J. Reilley | 2003 | Member (Bankruptcy) (since 2011) | $620.00 | 117.7 | $72,974.00 |
| Steven Klepper | 1993 | Member (Litigation) (since 2015) | $700.00 | 148.0 | $103,600.00 |
| Susan Usatine | 1998 | Member (Litigation) (since 2006) | $615.00 | 41.3 | $25,399.50 |
| Arnold M. Zipper | 2005 | Member (Corporate) (since 2019) | $600.00 | 111.5 | $66,900.00 |
| Christopher Kula | 2003 | Member (Corporate) (since 2015) | $600.00 | 63.0 | $37,800.00 |
| Emily M. Lamond | 2004 | Member (Environmental) (since 2019) | $550.00 | 148.4 | $81,620.00 |

| | | | | | |
|---|---|---|---|---|---|
| Jill B. Richardson | 2010 | Member (Environmental) (since 2020) | $485.00 | 122.2 | $59,267.00 |
| Matthew S. Schneid | 2010 | Member (Real Estate) (since 2018) | $500.00 | 86.2 | $43,100.00 |
| Robyn A. Pellegrino | 1996 | Member (Real Estate) (since 2020) | $555.00 | 149.5 | $82,972.50 |
| W. John Park | 1994 | Member (Real Estate) (since 2001) | $625.00 | 179.3 | $112,062.50 |
| Adam J. Sklar | 1996 | Member (Litigation) (since 2009) | $615.00 | 44.9 | $27,613.50 |
| Alan Rubin | 1982 | Member (Corporate) (since 1995) | $765.00 | 107.3 | $82,084.50 |
| Arianna Christopher | 1999 | Member (Litigation) (since 2010) | $655.00 | 5.7 | $3,733.50 |
| Christopher J. Caslin | 2000 | Member (Real Estate) (since 2007) | $600.00 | 41.4 | $24,840.00 |
| Danielle M. Pasquariello | 2011 | Member (Real Estate) (since 2020) | $470.00 | 62.5 | $29,375.00 |
| David A. Rubenstein | 1994 | Member (Real Estate) (since 2015) | $595.00 | 50.5 | $30,047.50 |
| Donald A. Ottaunick | 1984 | Member (Litigation) (since 2000) | $715.00 | 133.1 | $95,166.50 |
| Mary R. Browning | 2002 | Member (Tax, Trust & Estates) (since 2012) | $575.00 | 1.3 | $747.50 |
| Paul W. Kim | 1998 | Member (Litigation) (since 2016) | $600.00 | 67.5 | $40,500.00 |
| Wendy M. Berger | 1979 | Member (Real Estate) (since 1990) | $600.00 | 71.8 | $43,080.00 |
| Catherine Bostock | 1994 | Member (Environmental) (since 1998) | $660.00 | 1.10 | $726.00 |
| Jordan Fisch | 1995 | Member (Real Estate) (since 2000) | $740.00 | 1.20 | $888.00 |

| Andrew L. Cole | 1999 | Member (Litigation) (since 2019) | $600.00 | 7.20 | $4,032.00 |
|---|---|---|---|---|---|
| Gerard Giordano | 1998 | Special Counsel (Environmental) (since 2005) | $550.00 | 177.3 | $97,515.00 |
| Bradley P. Pollina | 2014 | Associate (Litigation) (since 2019) | $435.00 | 89.5 | $38,932.50 |
| Leo D. Bronshteyn | 2020 | Associate (Litigation) (since 2020) | $275.00 | 77.0 | $21,175.00 |
| Jeffrey Sauer | 2018 | Associate (Bankruptcy) (since 2019) | $290.00 | 312.2 | $90,538.00 |
| Aaron Brotman | 2016 | Associate (Real Estate) (since 2020) | $340.00 | 129.9 | $44,166.00 |
| Eric J. Reisman | 2010 | Associate (Real Estate) (since 2017) | $385.00 | 150.0 | $57,750.00 |
| Isabelle R. Jacobs | 2018 | Associate (Corporate) (since 2019) | $285.00 | 86.4 | $24,624.00 |
| Jullee Kim | 2013 | Associate (Environmental) (since 2019) | $405.00 | 173.2 | $70,146.00 |
| Rimma Tsvasman | 2011 | Associate (Corporate) (since 2019) | $420.00 | 85.5 | $35,910.00 |
| Samantha B. Epstein | 2015 | Associate (Corporate) (since 2016) | $350.00 | 105.9 | $37,065.00 |
| Patrick E. Parrish | 2019 | Associate (Real Estate) (since 2018) | $290.00 | 154.1 | $44,689.00 |
| Nicole Dlugosz | 2020 | Associate (Real Estate) (since 2020) | $275.00 | 163.3 | $44,907.50 |
| Drew F. Barone | 2018 | Associate (Real Estate) (since 2018) | $360.00 | 78.5 | $28,260.00 |
| David B. Borsack | 2019 | Associate (Corporate) (since 2019) | $285.00 | 114.8 | $32,718.00 |
| Bradley P. Lehman | 2013 | Associate (Litigation) (since 2018) | $390.00 | 2.20 | $858.00 |

| | | | | | |
|---|---|---|---|---|---|
| Adam Horowitz | 2015 | Associate (Litigation) (since 2019) | $355.00 | 132.4 | $47,664.00 |
| Madeline Stein | N/A | Law Clerk (Bankruptcy) (since 2019) | $195.00 | 155.2 | $30,264.00 |
| Peter Strom | N/A | Law Clerk (Bankruptcy) (since 2019) | $195.00 | 202.2 | $39,429.00 |
| Larry Morton | N/A | Paralegal (Bankruptcy) (since 2020) | $305.00 | 20.3 | $6,191.50 |
| Pauline Z. Ratkowiak | N/A | Paralegal (Bankruptcy) (since 2008) | $305.00 | 0.70 | $213.50 |
| Anastasia Bellisari | N/A | Paralegal (Environmental) (since 2019) | $260.00 | 70.3 | $18,278.00 |
| Patt Feuerbach | N/A | Litigation Support (Litigation) (since 2019) | $350.00 | 0.4 | $140.00 |
| **TOTAL** | | | | **5,341.1** | **$2,535,250.50** |

## **EXHIBIT D**

### SUMMARY OF COMPENSATION BY TASK CODE AGAINST BUDGETED HOURS AND FEES

| Project Category | Budgeted Hours | Budgeted Fees | Total Hours | Total Fees |
|---|---|---|---|---|
| Asset Analysis and Recovery | 10 | $5,000.00 | 3.7 | $2,312.50 |
| Automatic Stay Matters/Litigation | 10 | $5,000.00 | 1.8 | $1,125.00 |
| Case Administration | 50 | $25,000.00 | 5.0 | $3,110.00 |
| Claims Administration and Objections | 75 | $37,500.00 | 13.8 | $8,625.00 |
| Committee Matters and Creditor Matters | 150 | $75,000.00 | 57.8 | $35,995.50 |
| Court Appearances | 5 | $2,500.000 | 4.7 | $2,937.50 |
| Creditor Inquiries | 50 | $25,000.00 | 5.2 | $3,250.00 |
| Document Review (Committee Investigation) | 6000 | $3,000,000.00 | 5,142.1 | $2,418,655.50 |
| Fee Application Matters/Objections | 35 | $17,500.00 | 29.6 | $12,196.00 |
| General | 10 | $5,000.00 | 6.5 | $3,828.00 |
| Leases (Real Property) | 5 | $2,500.00 | 0.7 | $437.50 |
| Litigation/Gen. (Except Automatic Stay Relief) | 100 | $50,000.00 | 53.2 | $32,569.50 |
| Preparation for an Attendance at Hearings | 50 | $50,000.00 | 14.1 | $8,620.50 |
| Rule 2004 Motions and Subpoenas | 10 | $5,000.00 | 1.3 | $588.50 |
| Press/Public Affairs | 10.0 | $5,000.00 | 0.7 | $437.00 |
| Retention Matters | 5 | $2,500.00 | 0.6 | $375.00 |
| Reports; Statement and Schedules | 10 | $7,750.00 | 0.3 | $187.50 |
| **TOTALS** | **6,580** | **$3,317,750.00** | **5,341.1** | **$2,535,280.50** |

**<u>EXHIBIT E</u>**

**SUMMARY OF EXPENSES BY CATEGORY**

| Disbursement Activity | Amount ($) |
|---|---:|
| Conference Calls | $131.39 |
| Computerized Legal Research - Other | $18.20 |
| Courier Service/Messenger Service – Parcels, Inc. | $50.11 |
| Photocopy/Printing/Scanning | $110.80 |
| **Total Expenses Requested:** | **$310.50** |

**<u>EXHIBIT F</u>**

**STAFFING PLAN**

| Category of Timekeeper | Number of Timekeepers Expected to Work on Matter During the Compensation Period | Average Hourly Rate |
|---|---|---|
| Member | 30 | $440.00 to $990.00 |
| Senior Counsel and Counsel | 5 | $440.00 to $990.00 |
| Associate | 20 | $285.00 to $535.00 |
| Staff Attorneys and Paraprofessionals | 10 | $210.00 to $330.00 |