AKIN GUMP STRAUSS HAUER & FELD LLP
Ira S. Dizengoff
Arik Preis
Mitchell Hurley
Sara L. Brauner
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
idizengoff@akingump.com
apreis@akingump.com
mhurley@akingump.com
sbrauner@akingump.com

*Counsel to the Official Committee of Unsecured
Creditors of Purdue Pharma L.P., et al.*

BEDELL CRISTIN JERSEY PARTNERSHIP
Edward Drummond
26 New Street
Saint Helier, Jersey JE2 3RA
Tel: +44 (0)1534 814814
edward.drummond@bedellcristin.com

*Special Foreign Counsel to the Official Committee of Unsecured
Creditors of Purdue Pharma L.P.,* et al.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| PURDUE PHARMA L.P., *et al.*, | : | Case No. 19-23649 (RDD) |
|  | : |  |
| Debtors.[1] | : | (Jointly Administered) |
|  | : |  |

---------------------------------------------------------------

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

**SUMMARY COVER SHEET TO THE FIRST INTERIM FEE APPLICATION OF
BEDELL CRISTIN JERSEY PARTNERSHIP
AS SPECIAL FOREIGN COUNSEL TO THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF PURDUE PHARMA L.P., ET AL.,
FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED FOR
THE PERIOD OF 27 FEBRUARY 2020 THROUGH 31 MAY 2020**

In accordance with the Local Bankruptcy Rules for the Southern District of New York, Bedell Cristin Jersey Partnership ("Bedell Cristin"), special foreign counsel to the Official Committee of Unsecured Creditors of Purdue Pharma L.P. and its affiliated debtors and debtors in possession submits this summary (the "Summary") of fees and expenses sought as actual, reasonable and necessary in the fee application to which the Summary is attached (the "Application")[2] for the period from 27 February 2020 through and including 31 May 2020 (the "Compensation Period").

Bedell submits the Application as its first interim fee application in accordance with the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals*, dated November 21, 2019 [ECF No. 529] (the "Interim Compensation Order").

| *General Information* | |
|---|---|
| Name of Applicant: | Bedell Cristin Jersey Partnership |
| Authorized to Provide Services to: | The Official Committee of Unsecured Creditors of Purdue Pharma L.P., *et al.* |
| Petition Date: | September 15, 2019 |
| Retention Date: | 29 June 2020, *nunc pro tunc* to 27 February 2020 |
| Prior Applications: | 0 |

---

[2] Capitalized terms used but not defined in the Summary shall have the meanings ascribed to such terms in the Application.

| Summary of Fees and Expenses Sought in this Application | |
|---|---|
| Time Period Covered by this Application: | 27 February 2020 through and including 31 May 2020 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary for the Compensation Period: | $30,288.00 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary for the Compensation Period: | $0.00 |
| Total Compensation and Expenses Requested for the Compensation Period: | $30,288.00 |

| Summary of Past Requests for Compensation and Payments | |
|---|---|
| Total Compensation Approved by Interim Order to Date: | N/A |
| Total Expenses Approved by Interim Order to Date: | N/A |
| Total Allowed Compensation Paid to Date: | N/A |
| Total Allowed Expenses Paid to Date: | N/A |
| Total Compensation and Expenses Sought in this Application Not Yet Paid: | $30,288.00[3] |
| Voluntary Fee Waiver and Expense Reduction in this Compensation Period: | $N/A |

| Summary of Rates and Other Related Information for the Compensation Period | |
|---|---|
| Blended Rate in this Application for All Attorneys: | $642.65 |
| Blended Rate in this Application for All Timekeepers: | $627.10 |

---

[3] As of the date of the filing of this Application, Bedell Cristin has not received any sums in relation to its First Consolidated Monthly Fee Statement, which was filed with the Court on 14 July 2020. However, assuming there are no objections to the First Consolidated Monthly Fee Statement by 28 July 2020 (the objection deadline under the Interim Compensation Order), Bedell Cristin expects that it will have received payment in respect of 80% of its fees in the sum of $24,230.40 by the time this Application is heard.

| | |
|---|---|
| Number of Timekeepers Included in this Application: | 6 (5 attorneys; 1 paraprofessionals and other non-legal staff) |
| Number of Attorneys Billing Fewer than 15 Hours to the Case During the Compensation Period: | 4 |
| Increase in Rates Since Date of Retention: | N/A |
| Interim or Final Application: | Interim |

## SUMMARY OF MONTHLY FEE STATEMENTS

| ECF Number | Period Covered | Fees Requested | Expenses Requested | Fees Paid | Expenses Paid | Total Unpaid |
|---|---|---|---|---|---|---|
| 1384 | 27/02/2020 – 31/05/2020 | $30,288.00 | $0.00 | $0.00 | $0.00 | $30,288.00 |
| **Totals** | | **$30,288.00** | **$0.00** | **$0.00** | **$0.00** | **$30,288.00** |

Summary of Any Objections to Monthly Fee Statements: None

Compensation and Expenses Sought in This Application Not Yet Paid: $30,288.00[4]

---

[4] *See* footnote 3 above.

## COMPENSATION BY PROFESSIONAL
### 27 FEBRUARY 2020 THROUGH AND INCLUDING 31 MAY 2020

| Partner | Department | Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Advocate E. Drummond | Litigation | $750.00 | 22.2 | $16,650.00 |
| Advocate M.H.D Taylor | Litigation | $750.00 | 8 | $6,000.00 |
| Advocate A. Hunter | Financial Services Law | $750.00 | 0.5 | $375.00 |
| Advocate D.M Cadin | Litigation | $750.00 | 0.2 | $150.00 |
| **Partner Total** | | | **30.9** | **$23,175.00** |
| **Associates** | **Department** | **Rate** | **Total Hours Billed** | **Total Compensation** |
| Mrs C. C. Young | Litigation | $430.00 | 15.6 | $6,708.00 |
| **Associate Total** | | | **15.6** | **$6,708.00** |
| **Staff Attorneys and Paraprofessionals** | **Department** | **Rate** | **Total Hours Billed** | **Total Compensation** |
| Library Research | Admin | $225.00 | 1.8 | $405.00 |
| **Staff Attorneys and Paraprofessional Total** | | | **1.8** | **$405.00** |
| **Total Hours / Fees Requested** | | | **48.3** | **$30,288.00** |

## TOTAL FEES FOR THE COMPENSATION PERIOD

| Professionals | Blended Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|
| Partners | $750 | 30.9 | $23,175.00 |
| Associates | $430 | 15.6 | $6,708.00 |
| Staff Attorneys & Paraprofessionals | $225 | 1.8 | $405 |
| **Blended Attorney Rate** | **$642.65** | | |
| **Blended Rate for All Timekeepers** | **$627.10** | | |
| **Total Hours / Fees Requested:** | | **48.3** | **$30,288.00** |

**COMPENSATION BY PROJECT CATEGORY**
**27 FEBRUARY THROUGH AND INCLUDING 31 MAY 2020**

| Task Code | Matter | Total Hours Billed | Total Value ($) |
|---|---|---|---|
| 6 | Retention of Professionals | 39.5 | $25,241.00 |
| 13 | Analysis of Pre-Petition Transactions | 8.8 | $5,047.00 |
| | **Total Fees Requested:** | **48.3** | **$30,288.00** |

AKIN GUMP STRAUSS HAUER & FELD LLP
Ira S. Dizengoff
Arik Preis
Mitchell Hurley
Sara L. Brauner
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
idizengoff@akingump.com
apreis@akingump.com
mhurley@akingump.com
sbrauner@akingump.com
*Counsel to the Official Committee of Unsecured
Creditors of Purdue Pharma L.P., et al.*

BEDELL CRISTIN JERSEY PARTNERSHIP
Edward Drummond
26 New Street
Saint Helier, Jersey JE2 3RA
Tel: +44 (0)1534 814814
edward.drummond@bedellcristin.com

*Special Foreign Counsel to the Official Committee of Unsecured
Creditors of Purdue Pharma L.P.,* et al.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------
|  | : |  |
| In re: | : | Chapter 11 |
|  | : |  |
| PURDUE PHARMA L.P., *et al.*, | : | Case No. 19-23649 (RDD) |
|  | : |  |
| Debtors.[5] | : | (Jointly Administered) |
|  | : |  |
-----------------------------------------------------------------

[5] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

**FIRST INTERIM FEE APPLICATION OF BEDELL CRISTIN JERSEY PARTNERSHIP**
**AS SPECIAL FOREIGN COUNSEL TO THE OFFICIAL COMMITTEE OF**
**UNSECURED CREDITORS OF PURDUE PHARMA L.P., ET AL.,**
**FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED**
**FOR THE PERIOD OF 27 FEBRUARY 2020 THROUGH 31 MAY 2020**

Bedell Cristin Jersey Partnership ("Bedell Cristin"), special foreign counsel to the Official Committee of Unsecured Creditors (the "Committee") of Purdue Pharma, L.P. and its affiliated debtors and debtors in possession (collectively, the "Debtors"), hereby submits its first application (the "Application"), pursuant to sections 330(a) and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules"), requesting interim allowance of compensation for services rendered to the Committee for the period of 27 February 2020 through and including 31 May 2020 (the "Compensation Period").   In support of this Application, Bedell Cristin submits the certification of Edward Drummond, a partner at Bedell Cristin (the "Drummond Certification"), which is attached hereto as **Exhibit A** and incorporated by reference into this Application.  In further support of this Application, Bedell Cristin respectfully states as follows.

## INTRODUCTION

1.      By this Application Bedell Cristin seeks interim allowance of compensation for the professional services rendered by Bedell Cristin during the Compensation Period in the amount of $30.288.00, representing 46.5 hours of professional services and 1.8 hours of paraprofessional and other non-legal services. No disbursements or expenses have been incurred by Bedell Cristin during the Compensation Period.

2.      This Application has been prepared in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals*, dated November 21, 2019 [ECF No. 529] (the "Interim Compensation Order"), the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York (June 17, 2013) promulgated pursuant to Local Bankruptcy Rule 2016-1(a) (the "Local Guidelines") and the United States Trustee's *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases*, 78 Fed. Reg. 36248, effective as of November 1, 2013 (the "U.S. Trustee Guidelines" and, together with the Local Guidelines, the "Fee Guidelines").

3.      The Committee has been given the opportunity to review this Application and the Co-Chairs (as defined below) have approved the compensation and reimbursement of expenses requested herein.

### JURISDICTION AND VENUE

4.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334. Approval of this Application is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

5.      Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6.      The statutory bases for the relief requested herein are Bankruptcy Code sections 330 and 331, Bankruptcy Rule 2016 and Local Bankruptcy Rule 2016-1.

### BACKGROUND

**A.      The Debtors' Chapter 11 Cases**

7.      On September 15, 2019 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  The

Debtors' chapter 11 cases (the "Chapter 11 Cases") are jointly administered for procedural purposes only.  No trustee or examiner has been appointed in the Chapter 11 Cases.

8.      On September 26, 2019 (the "Formation Date"), the Office of the United States Trustee for Region 2 (the "U.S. Trustee") appointed the Committee pursuant to Bankruptcy Code section 1102(a).  *See Notice of Appointment of Official Committee of Unsecured Creditors*, dated September 27, 2019 [ECF No. 131].  The Committee currently comprises nine members and three *ex officio* members.[6]  Blue Cross and Blue Shield Association and Ryan Hampton serve as co-chairs of the Committee (the "Co-Chairs").

**B.      Retention of Bedell Cristin**

9.      On 27 February 2020, the Committee selected Bedell Cristin as its special foreign legal counsel.  On 9 June 2020, the Committee filed the *Application of the Official Committee of Unsecured Creditors for entry of an order authorizing retention and employment of Bedell Cristin Jersey Partnership as special foreign counsel, nunc pro tunc to February 27, 2020* [ECF No. 1244] (the "Bedell Retention Application"), which was granted by an order of this Court dated 29 June 2020 [ECF No. 1276] (the "Bedell Retention Order").

10.      The Bedell Retention Order authorizes the Committee to retain and employ Bedell Cristin as its counsel in the Chapter 11 Cases in accordance with Bedell Cristin's normal hourly rates and disbursement policies, *nunc pro tunc* to 27 February 2020, all as contemplated by the Bedell Retention Application.  The Bedell Retention Order further authorizes Bedell Cristin to be

---

[6] The Committee comprises the following members:  (i) Blue Cross and Blue Shield Association; (ii) CVS Caremark Part D Services L.L.C. and CaremarkPCS Health L.L.C.; (iii) Cheryl Juaire; (iv) Kara Trainor; (v) LTS Lohmann Therapy Systems Corporation; (vi) Pension Benefit Guaranty Corporation; (vii) Ryan Hampton; (viii) Walter Lee Salmons; and (ix) West Boca Medical Center, plus three *ex officio* members, Cameron County, Texas on behalf of the Multi-State Governmental Entities Group, the Cheyenne and Arapaho Tribes, on behalf of certain Native American Tribes and Native American-affiliated creditors and Thornton Township High School District 205, on behalf of certain public school districts.

compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.

**C.    Monthly Fee Statements**

11.    On 14 July 2020, Bedell Cristin filed and served the *First Consolidated Monthly Fee Statement of Bedell Cristin Jersey Partnership for Professional Services Rendered as Special Foreign Counsel to the Official Committee of Unsecured Creditors for the Period of 27 February 2020 through 31 May 2020* [ECF No. 1384] (the "First Consolidated Monthly Fee Statement") pursuant to which Bedell Cristin sought payment of $24,230.40 (80% of $30,288) as compensation for professional services rendered. For the avoidance of doubt, as of the date of this Application, Bedell Cristin has not received any sums in relation to its First Consolidated Monthly Fee Statement. However, assuming no objections are filed by the objection deadline under the Interim Compensation Order of 28 July 2020 (and to date, Bedell Cristin has not yet received any such objections), it is expected that Bedell Cristin will have received 80% of its fees in respect of its First Consolidated Monthly Fee Statement by the time this Application is heard.

**SUMMARY OF PROFESSIONAL COMPENSATION
AND REIMBURSEMENT OF EXPENSES REQUESTED**

12.    By this Application, Bedell Cristin requests allowance of interim compensation for professional services rendered to the Committee during the Compensation Period in the amount of $30,288.00. During the Compensation Period, Bedell Cristin professionals and paraprofessionals expended a total of 48.3 hours for which compensation is sought.

13.    The fees charged by Bedell Cristin in the Chapter 11 Cases are billed in accordance with Bedell Cristin's existing billing rates and procedures in effect during the Compensation Period. The rates Bedell Cristin charges for the services rendered by its professionals and paraprofessionals in the Chapter 11 Cases are the same rates Bedell Cristin charges for professional

and paraprofessional services rendered in comparable non-bankruptcy related matters. Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable non-bankruptcy cases in a competitive national legal market. The disclosures required by the U.S. Trustee Guidelines regarding the customary and comparable compensation are annexed hereto as **Exhibit B**.

14. Bedell Cristin maintains computerized records of the time spent by all Bedell Cristin professionals and paraprofessionals in connection with its representation of the Committee in the Chapter 11 Cases. A summary of compensation by timekeeper is attached hereto in **Exhibit C**, and a summary of fees by task code against budgeted fees and hours is attached hereto in **Exhibit D**. The itemized time records for Bedell Cristin professionals and paraprofessionals performing services for the Committee during the Compensation Period have been filed and served with the Monthly Fee Statements in accordance with the Interim Compensation Order.

15. Bedell Cristin's staffing plan for the Compensation Period is attached hereto as **Exhibit E**.

### SUMMARY OF SERVICES PERFORMED BY
### BEDELL CRISTIN DURING THE COMPENSATION PERIOD

16. The services provided by Bedell Cristin during the Compensation Period were necessary for the administration of the Chapter 11 Cases, performed at the request of the Committee and commensurate with the complexity and significance of the matter. The following is a summary of the professional services rendered by Bedell Cristin during the Compensation Period. This summary is organized in accordance with a system of task codes established based on the Fee Guidelines. In classifying services into task codes, Bedell Cristin attempted to place the services performed in the category that most closely related to the services provided.

17.    Moreover, the following summary of services rendered during the Compensation Period is not intended to be a detailed description of the work performed.  Rather, it merely is an attempt to highlight certain of those areas in which services were rendered to the Committee, as well as to identify some of the matters and issues that Bedell Cristin was required to address during the Compensation Period.

**A.    Retention of Professionals (Task Code 6)**

| Total Hours | Fees |
|:---:|:---:|
| 39.5 | $25,241.00 |

18.    This category includes time spent by Bedell Cristin professionals and paraprofessionals in connection with various professional retention matters, including preparing the Bedell Retention Application and running conflict checks against over 4,000 interested parties.

**B.    Pre-petition Transactions (Task Code 13)**

| Total Hours | Fees |
|:---:|:---:|
| 8.8 | $5,047.00 |

19.    This category includes time spent by Bedell Cristin professionals and paraprofessionals in connection with the evaluation of prepetition transactions and potential estate causes of action, including reviewing background materials relevant to the matters Bedell Cristin has been retained to analyze in the Chapter 11 Cases.  Specifically, this category includes time related to analyzing Jersey law issues related to potential litigation and collection activities in Jersey, including any potential tolling agreements related thereto, as well as communicating with attorneys at Akin Gump Strauss Hauer & Feld LLP ("Akin Gump"), lead counsel to the Committee, and Davis Polk & Wardwell LLP ("Davis Polk"), counsel to the Debtors, in connection with the foregoing.

20.     Bedell Cristin's efforts on behalf of the Committee with respect to analysis of pre-petition transactions and related claims remains ongoing.

**FACTORS TO BE CONSIDERED IN AWARDING ATTORNEYS' FEES**

21.     Bankruptcy Code section 330 provides, in relevant part, that the Court may award to a professional person "reasonable compensation for actual, necessary services rendered[.]" *See* 11 U.S.C. § 330(a)(1).  In turn, Bankruptcy Code section 330 provides as follows:

> In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
>
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F) whether the compensation is reasonably based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

22.     The clear congressional intent and policy expressed in Bankruptcy Code section 330 is to provide for adequate compensation in order to continue to attract qualified and competent bankruptcy practitioners to bankruptcy cases.  *In re Drexel Burnham Lambert Grp., Inc.*, 133 B.R. 13, 20 (Bankr. S.D.N.Y. 1991) ("Congress' objective in requiring that the market, not the Court,

8

establish attorneys' rates was to ensure that bankruptcy cases were staffed by appropriate legal specialists."); *see also In re Busy Beaver Bldg. Ctrs., Inc.*, 19 F.3d 833, 850 (3d. Cir. 1994) ("Congress rather clearly intended to provide sufficient economic incentive to lure competent bankruptcy specialists to practice in the bankruptcy courts.") (citations and internal quotation marks omitted).

23.      In assessing the "reasonableness" of the fees requested, the Second Circuit has stated that courts should consider the factors enumerated in *Johnson v. Ga. Highway Express, Inc.*, while also incorporating the "lodestar method." *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany and Albany County Bd. of Elections,* 522 F.3d 182, 190 (2d Cir. 2007) (citing *Johnson v. Ga. Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974), *abrogated on other grounds by Blanchard v. Bergeron,* 489 U.S. 87, 92–93, 96 (1989)). The "lodestar method" of calculating the reasonable fee contemplates "the number of hours reasonably expended . . . multiplied by a reasonable hourly rate." *See Hensley v. Eckerhart et al.*, 461 U.S. 424, 433 (1983); *Gisbrecht v. Barnhart*, 535 U.S. 789, 801 (2002); *Perdue v. Kenny A.*, 130 S.Ct. 1662, 1672 (2010); *In re Drexel Burnham Lambert Grp., Inc.* 133 B.R. 13 (Bankr. S.D. N.Y. 1991). The factors set forth in *Johnson* and *In re First Colonial Corp. of Am.*, 544 F.2d 1291, 1298–99 (5th Cir. 1977) have been adopted by most courts.[7] *See In re Nine Assocs., Inc.*, 76 B.R. 943, 945 (S.D.N.Y. 1987) (adopting *First Colonial/Johnson* analysis); *In re Cuisine Magazine, Inc.*, 61 B.R. 210, 212–13 (Bankr. S.D.N.Y 1986) (same); *Green v. City of New York*, 403 Fed. Appx. 626, 629 (2d Cir. 2010) (summary order); *see generally* 3 COLLIER ON BANKRUPTCY ¶ 330.03[9] (Lawrence P. King ed., 16th

---

[7] The factors articulated by the Fifth Circuit in *First Colonial* were first articulated by the Fifth Circuit in *Johnson,* with the *First Colonial* court adding the factor of the "spirit of economy," which was later rejected by Congress. *See Stroock & Stroock & Lavan v. Hillsborough Holdings Corp. (In re Hillsborough Holdings Corp.)*, 127 F.3d 1398, 1403 (11th Cir. 1997).

9

ed. 2016) (describing *First Colonial* and *Johnson* as the "leading cases to be considered in determining a reasonable allowance of compensation").

24.    Bedell Cristin respectfully submits that a consideration of these factors should result in the Court's allowance of the full compensation sought in this Application.

  a. <u>Time and Labor Required</u>.  Bedell Cristin billed a total of 46.5 hours of professional services and 1.8 hours of paraprofessional and other non-legal services during the Compensation Period.  As evidenced by this Application, Bedell Cristin professionals and paraprofessionals worked diligently and efficiently without unnecessary duplication of efforts throughout the Compensation Period.  Bedell Cristin's representation of the Committee has required it to balance the need to provide quality services with the need to act quickly and represent the Committee in an effective, efficient and timely manner.  Bedell Cristin submits that the hours spent were reasonable given the size and complexity of the Chapter 11 Cases, the significant legal and business issues raised in the Chapter 11 Cases.

  b. <u>Novelty and Difficulty of the Questions</u>.  Bedell Cristin tasked knowledgeable attorneys to research, analyze and provide advice on difficult and complex bankruptcy, litigation, trusts and estates and other issues.  As further described herein, Bedell Cristin's teams of skilled practitioners assisted the Committee in evaluating, among other things, potential estate causes of action.

  c. <u>Skill Requisite to Perform the Legal Services Properly</u>.  Bedell Cristin believes that its recognized expertise in the area of Jersey law, litigation and corporate reorganization, its ability to draw from highly experienced professionals in other areas of Bedell Cristin's practice and its creative approach to the resolution of issues has contributed to the administration of the Chapter 11 Cases and benefited the Committee and the Debtors' estates.  Due to the nature and complexity of the legal issues presented by the Chapter 11 Cases, Bedell Cristin was required to exhibit a high degree of legal skill in areas related to, *inter alia*, bankruptcy, litigation and trusts and estates.

  d. <u>Preclusion of Other Employment by Applicant Due to Acceptance of the Case</u>.  Bedell Cristin's representation of the Committee did not preclude its acceptance of new clients.

  e. <u>Customary Fee</u>.  The rates Bedell Cristin charges for the services rendered by its professionals and paraprofessionals in the Chapter 11 Cases are the same rates Bedell Cristin charges for professional and paraprofessional services rendered in comparable non-bankruptcy matters.  Bedell Cristin's fee structure also is equivalent to the fee structure used by Bedell Cristin for restructuring,

workout, bankruptcy, insolvency and comparable matters, as well as similar complex corporate and litigation matters, whether in-court or otherwise, regardless of whether a fee application is required. The firm's customary hourly rates and rate structure reflect that restructuring and related matters typically involve great complexity, numerous tasks requiring a high level of expertise and time pressures, as is the case here. Bedell Cristin's rate structure is similar to the rate structure used by other, similar law firms that work on other, similar matters.

f.  <u>Whether the Fee Is Fixed or Contingent</u>.  Pursuant to Bankruptcy Code sections 330 and 331, all fees sought by professionals employed under Bankruptcy Code section 1103 are contingent pending final approval by the Court, and are subject to adjustment depending upon the services rendered and the results obtained. The contingency of full and actual compensation to Bedell Cristin increased the risk Bedell Cristin was assuming by representing the Committee in the Chapter 11 Cases.

g.  <u>Time Limitations Imposed by the Client or Other Circumstances</u>.  As previously set forth herein, Bedell Cristin was required to attend to certain issues arising in the Chapter 11 Cases under compressed timelines, including with respect to analysis of potential estate causes of action and any potential tolling agreements related thereto and related communications with Akin Gump and Davis Polk. The efforts of Bedell Cristin professionals and paraprofessionals in completing this work permitted the Committee to address effectively various issues for the benefit of the Debtors' unsecured creditors.

h.  <u>Amount Involved and Results Obtained</u>.  Bedell Cristin professionals and paraprofessionals worked diligently to maximize value for the Debtors' estates and creditors. During the Compensation Period, and as described in the summary of services herein, Bedell Cristin expended efforts in connection with, among other things, analyzing issues under Jersey law to preserve value for the benefit of the Debtors' estates. Bedell Cristin submits that the fees requested in this Application are reasonable and appropriate when considering the results sought to be obtained on behalf of unsecured creditors as more fully described in the summary of services.

i.  <u>Experience, Reputation and Ability of Attorneys</u>. Bedell Cristin is an international law firm that is consistently recognized as a top tier law firm in the field of Jersey law for *inter alia*, dispute resolution and insolvency. During the Compensation Period, Bedell Cristin solicited the skill and expertise of its professionals and paraprofessionals. Bedell Cristin's extensive experience enables it to perform the services described herein competently and expeditiously.

11

    j.   <u>"Undesirability" of the Cases</u>.  This factor is not applicable to the Chapter 11 Cases.

    k.   <u>Nature and Length of Professional Relationship</u>.  Bedell Cristin has been rendering professional services to the Committee since it was selected as special foreign counsel to the Committee on 27 February, 2020.

25.    For the reasons set forth above, the services rendered by Bedell Cristin were necessary and beneficial to the Committee and consistently performed in a timely manner.  The compensation sought in this Application is reasonable in light of the value of such services to the Committee and all unsecured creditors, Bedell Cristin's demonstrated skill and expertise in the bankruptcy field (as well as other areas of expertise relevant to the Chapter 11 Cases) and the customary compensation charged by comparably skilled practitioners at Bedell Cristin. Accordingly, Bedell Cristin respectfully submits that the Court should approve the compensation for professional services and reimbursement of expenses sought herein.

26.    No agreement or understanding exists between Bedell Cristin and any other person for the sharing of any compensation to be received for professional services rendered or to be rendered in connection with the Chapter 11 Cases.  No prior application has been made in this Court or in any other court for the relief requested herein as it relates to the Compensation Period.

## ATTORNEY STATEMENT PURSUANT TO U.S. TRUSTEE GUIDELINES

27.    The following is provided in response to the request for additional information set forth in ¶ C.5 of the U.S. Trustee Guidelines.

<u>**Question**</u>:    Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period? If so, please explain.

<u>Response</u>:    Not in relation to fees, but in relation to disbursements, Bedell Cristin normally charges clients a "standard disbursement charge" of 5% of fees to cover printing, scanning and bundling.  In this case, we have agreed to charge $0.10 per page in accordance with the Local Guidelines.

**Question**:     If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client?

Response:     Not applicable.

**Question**:     Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case?

Response:     Yes, all Jersey based attorneys have charged their time at Bedell Cristin's US dollar rates to take account of the location of the client.

**Question**:     Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.).  If so, please quantify by hours and fees.

Response:     No.

**Question**:     Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees.

Response:     No.

**Question**:     If the fee application includes any rate increases since retention:  (i) Did your client review and approve those rate increases in advance? (ii) Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11-458?

Response:     Not applicable. There has been no increase in rates since retention *nunc pro tunc* to 27 February 2020.

## **RESERVATION OF RIGHTS**

To the extent that there are services rendered or expenses incurred that relate to the Compensation Period but were not processed prior to the preparation of the Application, Bedell Cristin reserves the right to request additional compensation for such services and reimbursement of such expenses in a future application.

13

## **CONCLUSION**

WHEREFORE, Bedell Cristin respectfully requests: (i) an interim allowance of compensation for professional services rendered during the Compensation Period in the amount of $30,288.00; (ii) the allowance of such compensation for professional services rendered and reimbursement of actual and necessary expenses incurred be without prejudice to Bedell Cristin's right to seek additional compensation for services performed and expenses incurred during the Compensation Period which were not processed at the time of the Application; and (iii) such other and further relief as the Court deems just, proper and equitable.

Dated: New York, New York
July 15, 2020

AKIN GUMP STRAUSS HAUER & FELD LLP

By: */s/   Arik Preis*
Ira S. Dizengoff
Arik Preis
Mitchell Hurley
Sara L. Brauner
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
idizengoff@akingump.com
apreis@akingump.com
mhurley@akingump.com
sbrauner@akingump.com

*- and -*

BEDELL CRISTIN JERSEY PARTNERSHIP
Edward Drummond
26 New Street
Saint Helier, Jersey JE2 3RA
Tel: +44 (0)1534 814814
edward.drummond@bedellcristin.com

*Counsel and Special Foreign Counsel to the Official Committee of Unsecured Creditors of Purdue Pharma L.P.,* et al.

14

**<u>EXHIBIT A</u>**

**CERTIFICATION OF EDWARD DRUMMOND**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------------

|                          |   |                          |
|--------------------------|---|--------------------------|
| In re:                   | : | Chapter 11               |
|                          | : |                          |
| PURDUE PHARMA L.P., *et al.*, | : | Case No. 19-23649 (RDD)  |
|                          | : |                          |
| Debtors.[1]              | : | (Jointly Administered)   |
|                          | : |                          |

--------------------------------------------------------------------

### CERTIFICATION UNDER THE FEE GUIDELINES IN RESPECT OF THE FIRST INTERIM FEE APPLICATION OF BEDELL CRISTIN JERSEY PARTNERSHIP AS SPECIAL FOREIGN COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD OF 27 FEBRUARY 2020 THROUGH AND INCLUDING 31 MAY 2020

I, Edward Drummond, hereby certify that:

1.    I am a partner with Bedell Cristin Jersey Partnership ("Bedell Cristin"),[2] with responsibility for the Chapter 11 Cases of the above captioned Debtors. Bedell Cristin is special foreign counsel to Official Committee of Unsecured Creditors (the "Committee") of Purdue Pharma, L.P. and its affiliated debtors and debtors in possession (collectively, the "Debtors").

2.    In accordance with the Fee Guidelines, this certification is made with respect to the Application for interim allowance of compensation and reimbursement of expenses incurred during the Compensation Period.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc.   (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Capitalized terms used herein but otherwise not defined shall have the meanings ascribed to such terms in the Application.

3.      In respect of section B.1 of the Local Guidelines, I certify that:

a.      I have read the Application;

b.      to the best of my knowledge, information and belief formed after reasonable inquiry, the fees and disbursements sought fall within the Fee Guidelines;

c.      the fees and disbursements sought are billed at rates in accordance with those customarily charged by Bedell Cristin and generally accepted by Bedell Cristin's clients; and

d.      in providing a reimbursable service, Bedell Cristin does not make a profit on that service, whether the service is performed by Bedell Cristin in-house or through a third party.

4.      In accordance with section B.2 of the Local Guidelines and as required by the Interim Compensation Order, due to fact that Bedell Cristin's retention by the Committee was only approved by the Court on 29 June 2020, Bedell Cristin's First Consolidated Monthly Fee Statement setting out Bedell Cristin's fees and disbursements accrued during the period 27 February 2020 to 31 May 2020 was provided to the Committee on 9 July 2020 and to the Debtors on July 14, 2020.

5.      In respect of section B.3 of the Local Guidelines, I certify that the Debtors, the U.S. Trustee and the members of the Committee are each being provided with a copy of the Application.

Dated: St. Helier, Jersey
       15 July 2020

By: */s/ Edward Drummond*
    Edward Drummond

**EXHIBIT B**

**CUSTOMARY AND COMPARABLE COMPENSATION DISCLOSURE**

| Blended Hourly Rates | | |
|---|---|---|
| **Category of Timekeeper** | **Billed by Jersey office for preceding year** | **Billed in this application** |
| Partner | $746.87 | $750 |
| Senior Counsel and Counsel | N/A | N/A |
| Associate | N/A | $430 |
| Staff Attorneys and Paraprofessional | N/A | $225 |
| **All Timekeepers Aggregated** | **$746.87** | **$627.10** |

Bedell Cristin confirms that in the period leading up to 31 October 2019, the standard chargeable rate for a partner in the litigation department was £570 an hour in the Jersey office. From 1 November 2019 onwards the chargeable rate for a litigation partner in Jersey increased to £590. Exchange rates fluctuate, but as of 1 November 2019 (and also of 27 February 2020, the *nunc pro tunc* date of Bedell Cristin's retention), £590 equaled approximately $763.  The blended hourly rate for Edward Drummond for the calendar year 2019 was £569.43, which as of 31 December 2019 equaled approximately $746.87.

In this matter Bedell Cristin has applied a standard hourly rate of $750 for a partner in the litigation department for the Jersey Office. It has applied a US dollar rate to take account of the location of the client. That rate also mirrors the standard hourly rate of $750 for its litigation partners in its BVI office (the office where the Senior Counsel in this case is located).

In respect of its associates, Mrs C.C. Young joined Bedell Cristin in February 2020. Accordingly, there is no applicable chargeable rate of comparison for her applicable chargeable rates in the Jersey office for the preceding year.

## <u>EXHIBIT C</u>

## SUMMARY OF COMPENSATION BY TIMEKEEPER

| Partners | Department | Rate | Total Hours Bill | Total Compensation ($) |
|---|---|---|---|---|
| Advocate E. Drummond | Litigation | $750.00 | 22.2 | $16,650.00 |
| Advocate M.H.D Taylor | Litigation | $750.00 | 8 | $6,000.00 |
| Advocate A. Hunter | Financial Services Law | $750.00 | 0.5 | $375.00 |
| Advocate D.M Cadin | Litigation | $750.00 | 0.2 | $150.00 |
| **Partner Total** | | | **30.9** | **$23,175.00** |
| Associates | Department | Rate | Total Hours Bill | Total Compensation ($) |
| Mrs C. C. Young | Litigation | $430.00 | 15.6 | $6,708.00 |
| **Associate Total** | | | **15.6** | **$6,708.00** |
| **Staff Attorneys and Paraprofessionals** | Department | Rate | Total Hours Bill | Total Compensation ($) |
| Library Research | Admin | $225.00 | 1.8 | $405.00 |
| **Staff Attorneys and Paraprofessional Total** | | | **1.8** | **$405.00** |
| **Total Hours / Fees Requested** | | | **48.3** | **$30,288.00** |

**EXHIBIT D**

**SUMMARY OF COMPENSATION BY TASK CODE AGAINST BUDGETED HOURS
AND FEES**

| Task Code | Category | Actual Hours | Actual Amount |
|---|---|---|---|
| 6 | Retention of Professionals | 39.5 | $25,241.00 |
| 13 | Analysis of Pre-Petition Transactions | 8.8 | $5,047.00 |
| | **TOTAL:** | **48.3** | **$30,288.00** |

## EXHIBIT E

### STAFFING PLAN

| Category of Timekeeper | Number of Timekeepers Expected to Work on Matter During the Compensation Period | Average Hourly Rate |
|---|---|---|
| Partner | 2 | $750.00 |
| Senior Counsel and Counsel | 1 | $550.00 |
| Associate | 1 | $430.00 |
| Staff Attorneys and Paraprofessionals | 1 | $225.00 |