WHITE & CASE LLP
Southeast Financial Center, Suite 4900
200 South Biscayne Boulevard
Miami, Florida 33131
Tel: (305) 371-2700
Fax: (305) 358-5744
Thomas E Lauria (*pro hac vice*)

1221 Avenue of the Americas
New York, New York 10020
Tel: (212) 819-8200
Fax: (212) 354-8113
J. Christopher Shore
Michele J. Meises
Alice Tsier
Ashley R. Chase

*Co-Counsel for Ad Hoc Group of Individual Victims
of Purdue Pharma L.P., et al.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| PURDUE PHARMA L.P., *et al.*, | : | Case No. 19-23649 (RDD) |
| | : | |
| Debtors.[1] | : | (Jointly Administered) |
| | : | |

# THE AD HOC GROUP OF INDIVIDUAL VICTIMS' STATEMENT IN SUPPORT OF DEBTORS' OMNIBUS OBJECTION TO MOTIONS BY CERTAIN CLAIMANTS FOR AN ORDER ALLOWING THEM TO PROCEED WITH A CLASS PROOF OF CLAIM AND CERTIFYING A CLASS

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

The Ad Hoc Group of Individual Victims (the "**Ad Hoc Group**") of Purdue Pharma L.P., *et al.* (collectively, the "**Debtors**" or "**Purdue**"), by and through its undersigned counsel, submits this statement in support of the *Debtors' Omnibus Objection to Motions by Certain Claimants for an Order Allowing Them to Proceed with a Class Proof of Claim and Certifying a Class* (the "**Debtors' Omnibus Objection**").

1.  The Ad Hoc Group objects to the relief requested in the five motions seeking to proceed with a class proof of claim and certify a class (collectively, the "**Class Certification Motions**").[2] The Ad Hoc Group agrees with many of the reasons articulated in the Debtors' Omnibus Objection as to why certification should be denied and will not repeat them here. Rather, the Ad Hoc Group, which speaks for over 40,000 individual victims of Purdue (the "**AHG Victims**"), submits this statement to provide the Court with its perspective on why the Court should deny the Class Certification Motions.

2.  *First,* after this Court approved the Debtors' noticing program and established the bar date on February 3, 2020, counsel for the Ad Hoc Group have worked diligently to prepare and file more than 33,000 proofs of claim to date. The Ad Hoc Group and its counsel have always understood the importance of the bar date in order to provide certainty with respect to the size of the creditor body in these cases, and took seriously the fact that claimants who miss the bar date

---

[2] Class Certification Motions were filed by: (1) Miami-Dade County Public Schools in Florida; Bullitt County School District, Hart County Schools, LaRue County Schools, Martin County Schools, and Owsley County School District in Kentucky; East Aurora School District 131, Thornton Township High School District 205, Thornton Fractional High School District 215, and Joliet Township High School District 204 in Illinois; and Gallup-McKinley County School District and Eunice Public Schools in New Mexico (the "**School Districts**") (School Districts Mot., Dkt. No. 1211); (2) Eric Hestrup, et al. ("**Private Insurance Plaintiffs**") (Private Insurance Mot., Dkt. No. 1321); (3) Infirmary Health Hospitals, Inc., Mobile, Alabama; St. Vincent Charity Medical Center (at times d/b/a Rosary Hall), Cleveland, Ohio; Southwest Mississippi Regional Medical Center, McComb, Mississippi; and Monroe County Healthcare Authority, d/b/a Monroe County Hospital, Monroeville, Alabama (the "**Hospitals**") (Hospitals Mot., Dkt. No. 1330); (4) Legal Guardians of Neonatal Abstinence Syndrome Children (the "**NAS Children**") (NAS Children Mot., Dkt. No. 1362); and (5) Cheyenne and Arapaho Tribes, joined by other Indian Tribes (the "**Indian Tribes**") (Indian Tribes Mot., Dkt. No. 1363).

AMERICAS 103028862

stand to have their claims disallowed. Accordingly, the Ad Hoc Group and its counsel have invested significant resources to ensure that all of the AHG Victims timely file their proofs of claim. The Ad Hoc Group submits that everyone in these cases – including Movants – should play by the same rules, and thus, opposes the notion that Movants should be allowed to sidestep the regular claims-filing process by seeking class certification at the last minute.

3.  *Second,* as set forth in the *Statement of the Ad Hoc Group of Individual Victims (I) in Support of the Debtors' Motion for Entry of an Order Extending the General Bar Date for a Limited Period and (II) Objecting to Requests for Entry of Order Extending Bar Date by Ninety Days*, the bar date in these cases is uniquely important. (Dkt. No. 1198). As this Court has noted, these cases do not have a defined creditor body consisting of prepetition funded debt and trade claims. Until the bar date occurs and provides some certainty about who the creditors of the estates are and what claims they are asserting, there can be no significant progress towards a workable chapter 11 plan. For that reason, the Ad Hoc Group views the bar date, which will define the allowed claims pool, as essential for building on the parties' hard-won progress and moving these cases to a consensual resolution. Movants, through the Class Certification Motions, however, essentially seek to prolong indefinitely the lack of definition to the claims pool. The Court should not aid them in their endeavor.

4.  *Third and finally*, the Court has repeatedly encouraged the parties to engage seriously in the mediation process, and the Ad Hoc Group, like other parties, has complied at considerable effort and expense. Certifying five separate classes months into the mediation creates a material risk of undermining the progress that has been made to date. Indeed, the mediation does not get easier if the Court opens a back door to the bar date and prolongs uncertainty about who the parties in the mediation are, and for whom they are speaking.

3

## **CONCLUSION**

WHEREFORE, for the reasons set forth herein and in the Debtors' Objection, the Ad Hoc Group of Individual Victims respectfully requests that the Court deny each of the Class Certification Motions and grant such other and further relief as is just and proper.

Dated: July 16, 2020
       New York, New York

WHITE & CASE LLP

By:  /s/ J. Christopher Shore

Thomas E Lauria (*pro hac vice*)
Southeast Financial Center, Suite 4900
200 South Biscayne Boulevard
Miami, Florida 33131
Tel: (305) 371-2700
Fax: (305) 358-5744
tlauria@whitecase.com

J. Christopher Shore
Michele J. Meises
Alice Tsier
Ashley R. Chase

1221 Avenue of the Americas
New York, New York 10020
Tel: (212) 819-8200
Fax: (305) 358-5744
cshore@whitecase.com
michele.meises@whitecase.com
alice.tsier@whitecase.com
ashley.chase@whitecase.com

*Co-Counsel for Ad Hoc Group of Individual Victims of Purdue Pharma L.P., et al.*

AMERICAS 103028862