DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Frances E. Bivens
Benjamin S. Kaminetzky
Timothy Graulich
James I. McClammy

*Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.,** *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

**DEBTORS' OBJECTION TO MOTION TO SHORTEN THE NOTICE PERIOD
WITH RESPECT TO THE MOTION TO PERMIT THE FILING OF
A CLASS PROOF OF CLAIM**

Purdue Pharma L.P. and its affiliated debtors in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, "**Debtors**"), submit this objection to the *Motion to Shorten the Notice Period with Respect to the Motion to Permit the Filing of a Class Proof of Claim* [Dkt. No. 1409] ("**Motion to Shorten**") submitted by Tiffany Dunford as Next Friend of T.N. Dunford ("**Movant**") and respectfully state as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

## ARGUMENT

No fewer than five other movants—*including a group represented by proposed class counsel her*e—have managed to file eleventh and twelfth-hour collateral attacks on the Court-imposed bar date and the Debtors' robust noticing program.[2] Those movants have asked the Court to permit them to proceed with class proofs of claim, all in time to be heard at the July 23, 2020 omnibus hearing. The Debtors opposed these motions on July 16, 2020. (*See* Debtors' Omnibus Objection to Motions by Certain Claimants for an Order Allowing Them to Proceed with a Class Proof of Claim and Certifying a Class (July 16, 2020), Dkt. No. 1421.)

Now, Movant and proposed class counsel have filed a thirteenth-hour motion seeking certification of a putative class of children born in the State of West Virginia on or after October 1, 2016, who have been allegedly identified in a confidential database maintained by the West Virginia Department of Health and Human Resources as having been diagnosed with neonatal abstinence syndrome ("**NAS**"). (*See* Motion to Permit the Filing of a Class Proof of Claim at 7 (July 15, 2020), Dkt. No. 1408 ("**Class Proof of Claim Motion**").) Because they filed their class certification motion *six days after* the last day on which they otherwise would have had to file to be heard at the July 23 omnibus hearing (Second Amended Order Establishing Certain Notice, Case Management, and Administrative Procedures at ¶ 19 (Nov. 18, 2019), Dkt. No. 498 ("**Case Management Order**")), they also concurrently moved to shorten notice.

---

[2] *See* Motion by Public School Districts for an Order Allowing Them to Proceed with a Class Proof of Claim and Certifying a Class (June 1, 2020), Dkt. No. 1211; Motion of the Private Insurance Class Claimants for Leave to File Class Proofs of Claim (July 2, 2020), Dkt. No. 1321, *as amended* (July 3, 2020), Dkt. No. 1334; Hospital Claimants' Motion Pursuant to Fed. Bankr. P. 9014 and 7023 for an Order Making Fed. R. Civ. P. 23 Applicable to These Proceedings, Permitting Them to File a Class Proof of Claim and Granting Related Relief (July 2, 2020), Dkt. No. 1330-1; NAS Guardians on Behalf of the NAS Children's Abatement Class Action Claimants Motion for Entry of an Order Pursuant to Fed. Bankr. P 9014 and 7023 Permitting Them to File a Class Proof of Claim and Granting Related Relief (July 9, 2020), Dkt. No. 1362-1; Motion by Cheyenne & Arapaho Tribes and Certain Other Indian Tribes Claimants Pursuant to Fed. R. Bankr. P. 9014 and 7023 to Permit the Filing of a Class Proof of Claim (July 9, 2020), Dkt. No. 1363 ("**Tribes' Motion**").

The Motion to Shorten should be denied. The Case Management Order requires that a party seeking shortened notice demonstrate "good cause" before such relief may be granted. (*See* Case Management Order at ¶ 17.) Whether good cause exists, in turn, depends "on the diligence of the moving party." *See, e.g.*, *Adelphia Recovery Tr. v. FPL Grp., Inc. (In re Adelphia Commc'ns Corp.)*, 452 B.R. 484, 491 (Bankr. S.D.N.Y. 2011) (quoting *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009)).

Movant and proposed class counsel have not demonstrated any, much less sufficient, diligence to excuse their delay in filing the Class Proof of Claim Motion so as to permit it to be heard at the July 23, 2020 omnibus hearing. Counsel filed a notice of appearance in these chapter 11 cases on October 7, 2019, over ten months ago, and has received notice of every action to be taken in these cases since. (*See* Notice of Appearance and Request for Service of Papers by Counsel to Certain Native American Tribes and Other Represented Parties (Oct. 7, 2019), Dkt. No. 223.) Counsel has most assuredly been aware of the bar date since it was first entered in February. Counsel has also seemingly been aware of the existence of the confidential data upon which the Class Proof of Claim Motion is largely predicated for some time. (Mot. to Shorten at ¶ 4 ("Counsel to Movant . . . have been diligently trying to obtain the data . . . but ha[ve] been met with bureaucratic resistance and overall delays caused by the pandemic."); *see also* Class Proof of Claim Motion at 4 ("Movant's counsel's efforts to obtain this data have met with regulatory roadblocks and bureaucratic slowdowns caused by the Covid-19 pandemic.").) And counsel filed a class certification motion on behalf of other claimants in time to be heard on July 23. (*See* Tribes' Motion (July 9, 2020), Dkt. No. 1363.)

Simply put, Movant and proposed class counsel have provided no reason why the Court should entertain, much less grant, the Motion to Shorten. It is patently unreasonable for Movant

and counsel to expect the parties in interest here to immediately litigate the Class Proof of Claims Motion when it was filed, without any reasonable prior notice, a mere eight days before a hearing in which numerous motions were already scheduled to be heard, and only a single day before objections to the timely filed motions were filed. The Movant's rights, whatever they might be, are adequately protected by simply filing a proof of claim in compliance with the bar date. Granting the Motion to Shorten will not only deprive the Debtors and other parties in interest the time afforded under the Case Management Order to object, but may also encourage others to file their own motions (along with accompanying motions to shorten) seeking certification of yet further dubious classes, with an attendant drain on estate resources. Accordingly, the Motion should be denied.[3]

---

[3] The Debtors do not here respond to the Movant's contention that its noticing program was somehow deficient, other than to note their strong disagreement and that this Court has previously rejected similar arguments. *See* June 3, 2020 Hr'g Tr. 88:5–90:6, 93:22–94:2 (granting Debtors' motion for a 30-day extension of the Debtors' "extraordinary" noticing program in order to address the COVID-19 pandemic, explaining no extension would have been "warranted based on any deficiencies in the notice program," and overruling an objection arguing Debtors should have provided actual notice to persons identified in a third-party database).

4

## **CONCLUSION**

For the foregoing reasons, the Debtors respectfully request that the Court deny the Motion to Shorten in its entirety.

Dated: July 17, 2020　　　　　　　　　　　Respectfully Submitted,
　　　　New York, New York

　　　　　　　　　　　　　　　　　　　　　　*/s/ James I. McClammy*
　　　　　　　　　　　　　　　　　　　　　　DAVIS POLK & WARDWELL LLP
　　　　　　　　　　　　　　　　　　　　　　450 Lexington Avenue
　　　　　　　　　　　　　　　　　　　　　　New York, New York 10017
　　　　　　　　　　　　　　　　　　　　　　Telephone: (212) 450-4000
　　　　　　　　　　　　　　　　　　　　　　Facsimile: (212) 701-5800
　　　　　　　　　　　　　　　　　　　　　　Marshall S. Huebner
　　　　　　　　　　　　　　　　　　　　　　Frances E. Bivens
　　　　　　　　　　　　　　　　　　　　　　Benjamin S. Kaminetzky
　　　　　　　　　　　　　　　　　　　　　　Timothy Graulich
　　　　　　　　　　　　　　　　　　　　　　James I. McClammy

　　　　　　　　　　　　　　　　　　　　　　*Counsel to the Debtors*
　　　　　　　　　　　　　　　　　　　　　　*and Debtors in Possession*