KURTZMAN CARSON CONSULTANTS LLC
222 N. Pacific Coast Highway
3rd Floor
El Segundo, CA 90245
Telephone: (310) 823-9000
Drake D. Foster
Sarah Harbuck

*Information Agent for the Committee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
:
In re: : Chapter 11
:
PURDUE PHARMA L.P., *et al.* : Case No. 19-23649 (RDD)
:
Debtors.[1] : (Jointly Administered)
-----------------------------------------------------------------x

**SUMMARY SHEET FOR THE SECOND INTERIM FEE APPLICATION**
**OF KURTZMAN CARSON CONSULTANTS LLC AS INFORMATION**
**AGENT TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
**FOR ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES**
**RENDERED AND FOR REIMBURSEMENT OF ACTUAL AND**
**NECESSARY EXPENSES INCURRED FROM**
**FEBRUARY 1, 2020 THROUGH AND INCLUDING MAY 31, 2020**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

| General Information | |
|---|---|
| Name of Applicant: | Kurtzman Carson Consultants LLC |
| Authorized to Provide Services to: | The Official Committee of Unsecured Creditors |
| Date of Retention Order: | November 21, 2019, *nunc pro tunc* to November 1, 2019 |
| Type of Application: | Interim |

| Summary of Fees and Expenses Sought in the Fee Application | |
|---|---|
| Period for Which Compensation and Reimbursement is Sought in the Fee Application: | February 1, 2020 through May 31, 2020 |
| Amount of Compensation Sought as Actual, Reasonable, and Necessary for the Fee Period: | $222,215.06 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary for the Fee Period: | $15,629.35[2] |
| Total Compensation and Expense Reimbursement Request for the Fee Period: | $237,147.58[3] |

| Summary of Past Requests for Compensation and Prior Payments | |
|---|---|
| Total Compensation Approved by Interim Order to Date: | $10,792.22 |
| Total Expenses Approved by Interim Order to Date: | $10,416.74 |

---

[2]    This amount is $24.00 less than the amount requested in the monthly applications to reflect a reduction in Storage Rental costs as agreed to in connection with KCC's First Interim Fee Application.

[3]    This amount includes $344.67 in sales tax and additionally reflects a reduction in the amount of $1,041.50 that KCC was overpaid with respect to its First Interim Fee Application after agreed reductions with the Fee Examiner.

## SUMMARY OF MONTHLY FEE STATEMENTS INCLUDED IN THIS APPLICATION

| ECF Number | Period Covered | Fees Requested | Expenses Requested | Fees Paid | Expenses Paid | Total Unpaid |
|---|---|---|---|---|---|---|
| 1104 | 2/1/20 – 2/29/20 | $5,878.42 (80% of $7,348.02) | $1,582.84 | $5,878.42 | $1,582.84 | $1,508.37[4] |
| 1163 | 3/1/20 – 3/31/20 | $14,547.30 (80% of $18,184.12) | $5,519.69 | $14,547.30 | $5,519.69 | $3,810.18[5] |
| 1272 | 4/1/20 – 4/30/20 | $60,090.82 (80% of $75,113.52) | $6,006.79 | $0.00 | $0.00 | $81,228.85[6] |
| 1386 | 5/1/20 – 5/31/20 | $97,255.52 (80% of $121,569.40) | $2,544.03 | $0.00 | $0.00 | $124,113.43 |
| **Totals** | | | | **$20,425.72** | **$7,102.53** | **$209,619.33**[7] |

Summary of Any Objections to Monthly Fee Statements: None
Compensation and Expenses Sought in This Application Not Yet Paid: $209,619.33

---

[4]    This includes an $8.00 reduction for storage rental fees.

[5]    This includes an $8.00 reduction for storage rental fees.

[6]    This includes an $8.00 reduction for storage rental fees.

[7]    This includes a reduction of $1,041.50 as a result of overpayment on KCC's First Interim Fee Application due to reductions agreed to with the fee examiner.

## BILLING SUMMARY FOR THE FEE PERIOD

| Initials | Name | Position | Hours | Rate | Total |
|---|---|---|---|---|---|
| ACY | Aiesha Clay | Consultant | 66.9 | $188.10 | $12,583.89 |
| AMG | Ana Garcia | Consultant | 0.6 | $182.60 | $109.56 |
| AOP | Alfredo Pastor | Consultant | 3.7 | $182.60 | $675.62 |
| ATE | Ana Arias | Consultant | 2.5 | $182.60 | $456.50 |
| BIF | Bianca Flores | Consultant | 1.4 | $182.60 | $255.64 |
| BSR | Brian Schauer | Consultant | 0.2 | $128.50 | $25.70 |
| BSZ | Bobbie Szlembarska | Consultant | 0.8 | $136.56 | $109.25 |
| BYH | Bryanna Hensley | Consultant | 90.3 | $182.60 | $16,488.78 |
| CCE | Cerene Credo | Consultant | 5.7 | $135.84 | $774.32 |
| CET | Christopher Estes | Consultant | 67.9 | $184.80 | $12,547.92 |
| CHD | Christopher Do | Senior Consultant | 8.2 | $188.10 | $1,542.42 |
| CHT | Cheryl Tracey | Consultant | 0.3 | $182.60 | $54.78 |
| CJC | Caitlin Corrie | Consultant | 4.8 | $113.85 | $546.47 |
| DAK | Dayna Kosinski | Consultant | 0.6 | $141.35 | $84.81 |
| DIM | Diana Mauricio | Consultant | 2.3 | $182.60 | $419.98 |
| DIP | Diego Paranhos | Clerk | 0.1 | $49.00 | $4.90 |
| EAG | Esmeralda Aguayo | Consultant | 5.3 | $182.60 | $967.78 |
| EGA | Ellis Gatlin | Clerk | 0.4 | $49.00 | $19.58 |
| EJG | Evan Gershbein | Senior Managing Consultant | 6.4 | $210.49 | $1,347.09 |
| ESI | Elliser Silla | Consultant | 11.1 | $182.60 | $2,026.86 |
| FGZ | Francisco Gonzalez | Clerk | 0.2 | $48.95 | $9.79 |
| FRO | Francisco Rodriquez | Consultant | 0.4 | $141.40 | $56.55 |
| FTA | Frank Taylor | Clerk | 0.3 | $49.00 | $14.70 |
| GYC | Gregory Crosby | Consultant | 105 | $182.60 | $19,173.00 |
| HBU | Hannah Bussey | Consultant | 43.4 | $182.60 | $7,924.84 |
| HUM | Hugo Morales | Clerk/Consultant | 0.5 | $141.40 | $70.70 |
| ICO | Ignacio Corona | Clerk | 0.8 | $48.95 | $39.16 |
| IPA | Isabel Padilla | Consultant | 11.2 | $182.60 | $2,058.87 |
| IRJ | Ivan Rios Jimenez | Consultant | 0.9 | $130.35 | $117.32 |
| JBU | Joseph Bunning | Senior Consultant | 178.2 | $188.10 | $33,519.42 |
| JCC | Janece Carr | Consultant | 112.7 | $182.60 | $20,579.02 |
| JDG | Jennifer Grageda | Consultant | 0.4 | $182.60 | $73.04 |
| JHM | Joetta Thomas | Consultant | 111.8 | $182.60 | $20,414.68 |
| JHT | James Hunt | Clerk | 0.1 | $49.00 | $4.90 |
| JKS | Jake Sulpice | Consultant | 1.7 | $113.80 | $193.52 |
| KDT | Keith Taylor | Clerk | 0.7 | $49.00 | $34.27 |
| KYF | Kimberly Foree | Consultant | 55.7 | $182.60 | $10,170.82 |

| LUG | Luis Gonzales | Clerk | 0.8 | $49.00 | $39.20 |
|-----|---------------|-------|-----|--------|--------|
| MAP | Manuel Pastor | Consultant | 6.4 | $182.60 | $1,168.64 |
| MCL | Mikayla Cleary | Consultant | 1.8 | $182.60 | $328.68 |
| MDO | Matthew Orr | Consultant | 7.9 | $182.60 | $1,442.54 |
| MFM | Melissa Membrino | Senior Managing Consultant | 0.2 | $190.80 | $38.16 |
| MVZ | Michael Valadez | Consultant | 6 | $182.60 | $1,095.60 |
| PS | Other Project Specialist | Project Specialist | 12.6 | $100.00 | $1,260.00 |
| RHR | Robert Harrison | Consultant | 94.5 | $182.60 | $17,255.70 |
| RIO | Rosemary Ibarra | Clerk | 1 | $49.00 | $48.97 |
| SEB | Senayt Berhe | Consultant | 5.7 | $135.85 | $774.34 |
| SEP | Stephanie Paranhos | Consultant | 1 | $182.60 | $182.60 |
| SMC | Shanice Mitchell | Consultant | 0.1 | $113.80 | $11.38 |
| SPI | Sophia Brown | Consultant | 85.2 | $182.60 | $15,557.52 |
| STP | Stephanie Paul | Consultant | 44 | $114.48 | $5,037.20 |
| SYU | Susan Yu | Consultant | 36.7 | $184.80 | $6,782.16 |
| SZA | Sonia Zapien | Consultant | 2.3 | $182.60 | $419.98 |
| TFL | Teresa Flores | Consultant | 22.5 | $113.84 | $2,561.61 |
| THA | Tori Harris | Consultant | 6 | $182.60 | $1,095.60 |
| TPE | Thomas Peterson | Consultant | 2.4 | $182.60 | $438.24 |
| TRI | Thomas Richmond | Consultant | 0.1 | $118.50 | $11.85 |
| VTM | Vien Marquez | Consultant | 6.4 | $182.60 | $1,168.64 |
|  |  |  |  |  |  |
|  |  |  | 1,247.10 |  | $222,215.06 |

| Total Incurred: | $222,215.06 |
|-----------------|-------------|
| Blended Rate: | $178.19 |

## SUMMARY OF EXPENSES BY CATEGORY

| Category | Units | Rate | Amount |
|---|---|---|---|
| Electronic Imaging | 94 | $0.11 | $10.34 |
| First Class Mail | | | $1,368.44 |
| Photocopies | 106 | $0.11 | $11.66 |
| Printing and Mailing Expenses | | | $9,007.33 |
| Reimbursement of case related phone costs | | | $5,231.58 |
| | | | |
| **TOTAL** | | | **$15,629.35** |

KURTZMAN CARSON CONSULTANTS LLC
222 N. Pacific Coast Highway
3rd Floor
El Segundo, CA 90245
Telephone: (310) 823-9000
Drake D. Foster
Sarah Harbuck

*Information Agent for the Committee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------x
                                                          :
In re:                                                    :        Chapter 11
                                                          :
PURDUE PHARMA L.P., *et al.*                              :        Case No. 19-23649 (RDD)
                                                          :
            Debtors.[1]                                   :        (Jointly Administered)
----------------------------------------------------------x

**SECOND INTERIM FEE APPLICATION OF KURTZMAN CARSON
CONSULTANTS LLC AS INFORMATION AGENT TO THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS FOR ALLOWANCE OF
COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND FOR
REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED
FROM FEBRUARY 1, 2020 THROUGH AND INCLUDING MAY 31, 2020**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

Kurtzman Carson Consultants LLC ("KCC"), hereby submits its second interim fee application (the "Application") for an award of interim compensation for professional services rendered as Information Agent to the Official Committee of Unsecured Creditors (the "Committee"), and reimbursement for actual and necessary expenses incurred in connection with such services, for the period February 1, 2020 through and including May 31, 2020 (the "Fee Period"), and respectfully represents:

## I.    JURISDICTION

1.    The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.

2.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (O).

## II.    FEES AND EXPENSES FOR WHICH ALLOWANCE IS SOUGHT

3.    This Application is made pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), Administrative Order M-447, Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases (the "Local Guidelines"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses (the "UST Guidelines" and, together with the Local Guidelines, the "Guidelines"), the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals,* dated November 21, 2019 (the "Interim Compensation Order") [Docket No. 529], and the *Order Authorizing the Official Committee of Unsecured Creditors of Purdue Pharma L.P., et al. to Retain and Employ Kurtzman Carson Consultants LLC as Information Agent, Nunc Pro Tunc to November 1, 2019* (the "Retention Order") [Docket No. 527], for an interim award of compensation

for services rendered to the Committee during the Fee Period in the amount of $222,215.06 and for reimbursement of expenses in the amount of $15,629.35 incurred in connection with the rendition of such services.

4.      During the Fee Period, KCC's professionals expended a total of 1,247.10 hours for which compensation is requested. The blended hourly rate for the KCC during the Fee Period was $178.19.

5.      A schedule setting forth the number of hours expended by the professionals of KCC, and their respective hourly rates is attached hereto in **Exhibit A**.

6.      A schedule setting forth the expenses incurred by category is attached hereto as **Exhibit B**.

7.      KCC maintains computerized records of the daily time entries completed by all the KCC professionals. Preceding the time entries is a chart listing the names, billing rates, and time spent by each of the professionals rendering services on behalf of the Committee. These computerized records are included in the invoices attached to the Monthly Fee Statements (as defined below) filed with the Court.

8.      As set forth in the Certification of Sarah Harbuck, Corporate Counsel of KCC, attached hereto as **Exhibit C**, all of the services for which interim compensation is sought herein were rendered for and on behalf of the Committee in connection with these chapter 11 cases.

### III.      **BACKGROUND**

9.      On September 15, 2019 (the "Petition Date") and September 16, 2019, each of the Debtors filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code in the United States Bankruptcy court for the Southern District of New York (the "Chapter 11 Cases").

10.     The Debtors continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

11.     On September 26, 2019, the United States Trustee for Region 2 appointed the

Committee pursuant to Bankruptcy Code section 1102. *See Notice Appointing Creditors Committee* [Docket No. 131]. On November 1, 2019, the Committee selected KCC to serve as Information Agent to the Committee in the Chapter 11 Cases.

12.    On November 5, 2019, the Committee filed the *Application of the Official Committee of Unsecured Creditors of Purdue Pharma, L.P., et al. to Retain and Employ Kurtzman Carson Consultants LLC as Information Agent, Nunc Pro Tunc to November 1, 2019* (the "Information Agent Application") [Docket No. 426], which was granted by the Retention Order.

## IV.    MONTHLY FEE STATEMENTS

13.    On April, 2020, KCC filed and served the *Third Monthly Fee Statement of Kurtzman Carson Consultants LLC for Compensation for Services Rendered and Expenses Incurred as Information Agent for the Official Committee of Unsecured Creditors for the Period February 1, 2020 through February 28, 2020*, [ECF No. 1104] (the "Third Monthly Fee Statement"), pursuant to which KCC sought payment of (i) $5,878.42 (80% of $7,348.02) as compensation for professional services rendered and (ii) $1,582.84 for reimbursement of expenses.[2] KCC did not receive any objections to its Third Monthly Fee Statement and received payment in the amount of $7,508.03.[3]

14.    On May 18, 2020, KCC filed and served the *Fourth Monthly Fee Statement of Kurtzman Carson Consultants LLC for Compensation for Services Rendered and Expenses Incurred as Information Agent for the Official Committee of Unsecured Creditors for the Period March 1, 2020 through March 31, 2020*, [ECF No. 1163] (the "Fourth Monthly Fee Statement"), pursuant to which KCC sought payment of (i) $14,547.30 (80% of $18,184.12) as compensation

---

[2] A copy of the Third Monthly Fee Statement can be accessed on the docket or on the Debtors' case website at: https://restructuring.primeclerk.com/purduepharma/Home-DownloadPDF?id1=MzcyNzY0&id2=0

[3] This amount includes $46.77 in sales tax.

for professional services rendered and (ii) $5,519.69 for reimbursement of expenses.[4]  KCC did

not receive any objections to its Fourth Monthly Fee Statement and received payment in the amount

of $20,248.35.[5]

15.    On June 15, 2020, KCC filed and served the *Fifth Monthly Fee Statement of*

*Kurtzman Carson Consultants LLC for Compensation for Services Rendered and Expenses*

*Incurred as Information Agent for the Official Committee of Unsecured Creditors for the Period*

*April 1, 2020 through April 30, 2020*, [ECF No. 1272] (the "Fifth Monthly Fee Statement"),

pursuant to which KCC sought payment of (i) $60,090.82 (80% of $75,113.52) as compensation

for professional services rendered and (ii) $6,006.79 for reimbursement of expenses.[6]  KCC did

not receive any objections to its Fifth Monthly Fee Statement but has not yet been paid these

amounts.

16.    On July 14, 2020, KCC filed and served the *Sixth Monthly Fee Statement of*

*Kurtzman Carson Consultants LLC for Compensation for Services Rendered and Expenses*

*Incurred as Information Agent for the Official Committee of Unsecured Creditors for the Period*

*May 1, 2020 through May 31, 2020*, [ECF No. 1386] (the "Sixth Monthly Fee Statement," and

collectively with the Third Monthly Fee Statement, Fourth Monthly Fee Statement and Fifth

Monthly Fee Statement, the "Monthly Fee Statements"), pursuant to which KCC sought payment

of (i) $97,255.52 (80% of $121,569.40) as compensation for professional services rendered and (ii)

$2,544.03 for reimbursement of expenses.[7]  As of the date of this Application, KCC did not receive

---

[4] A copy of the Fourth Monthly Fee Statement can be accessed on the docket or on the Debtors' case website at:
https://restructuring.primeclerk.com/purduepharma/Home-DownloadPDF?id1=Mzk4MjU3&id2=0

[5] This amount includes $181.36 in sales tax.

[6] A copy of the Fifth Monthly Fee Statement can be accessed on the docket or on the Debtors' case website at:
https://restructuring.primeclerk.com/purduepharma/Home-DownloadPDF?id1=NDIzNTU5&id2=0

[7] A copy of the Sixth Monthly Fee Statement can be accessed on the docket or on the Debtors' case website at:
https://restructuring.primeclerk.com/purduepharma/Home-DownloadPDF?id1=NDc2MDI0&id2=0

any objections to its Sixth Monthly Fee Statement.

## V.     SUMMARY OF ADMINISTRATIVE SERVICES RENDERED

17.     The following is a summary description of the primary services rendered by KCC during the Fee Period that highlights the benefits conferred upon the Committee. All of the professional services rendered by the KCC are set forth in the computerized time records maintained by KCC and in the invoices annexed to the Monthly Fee Statements, and the Court is respectfully referred to those records for detail of all work performed by the Applicant.

18.     KCC rendered extensive administrative services on behalf of the Committee during the Fee Period. KCC's services included assisting the Committee with setting up and preparing the Committee website, updating the website, and assisting with the service of Committee filings.

## VI.     COMPENSATION REQUESTED

19.     There are numerous factors to be considered by the Court in determining allowances of compensation. *See, e.g., In re First Colonial Corp. of Am.*, 544 F.2d 1291 (5th Cir.), *cert. denied*, 431 U.S. 904 (1977); *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974); *In re Drexel Burnham Lambert Grp., Inc.*, 133 B.R. 13 (Bankr. S.D.N.Y. 1991). *See also In re Nine Assocs., Inc.*, 76 B.R. 943 (S.D.N.Y. 1987); *In re Cuisine Magazine, Inc.*, 61 B.R. 210 (Bankr. S.D.N.Y. 1986).

20.     The perspective from which an application for an allowance of compensation should be viewed in a bankruptcy case was aptly stated by Congressman Edwards on the floor of the House of Representatives on September 28, 1978, when he made the following statement in relation to section 330 of the Bankruptcy Code:

> [B]ankruptcy legal services are entitled to command the same competency of counsel as other cases. In that light, the policy of this section is to compensate attorneys and other professionals serving in a case under title 11 at the same rate as the attorney or other professional would be compensated for performing comparable services other than in a case under title 11. Contrary language in the Senate report accompanying S.2266 is rejected, and Massachusetts

> Mutual Life Insurance Company v. Brock, 405 F.2d 429, 432 (5th Cir.
> 1968) is overruled. Notions of economy of the estate in fixing fees are
> outdated and have no place in a bankruptcy code.

124 Cong. Rec. H11,092 (daily ed. Sept. 28, 1978) (emphasis added); *see also In re McCombs*,

751 F.2d 286 (8th Cir. 1984); *In re Drexel Burnham Lambert Grp., Inc.*, 133 B.R. 13 (Bankr.

S.D.N.Y. 1991) *("Drexel Burnham"); In re Carter*, 101 B.R. 170 (Bankr. D.S.D. 1989); *In re Pub.*

*Serv. Co. of New Hampshire*, 93 B.R. 823, 830 (Bankr. D.N.H. 1988); *In re White Motor Credit*

*Corp.*, 50 B.R. 885 (Bankr. N.D. Ohio 1985).

21.    In awarding compensation pursuant to section 330 of the Bankruptcy Code to

professional persons employed under section 327 of the Bankruptcy Code, the Court must take into

account, among other factors, the cost of comparable non-bankruptcy services. Section 330 of the

Bankruptcy Code provides, in pertinent part, for payment of:

> (A)    reasonable compensation for actual, necessary
> services rendered by the trustee, examiner, professional
> person, or attorney and by any paraprofessional persons
> employed by such person;  and
>
> (B)    reimbursement for actual, necessary expenses. 11
> U.S.C. § 330(a)(1).

22.    As the court in *Drexel Burnham* stated:

> With due recognition of the historical position
> of Bankruptcy Courts in compensation matters, we recognize
> that creditors have agreed to pay rates for retained counsel of
> their choice because of the needs of the particular case. One
> could posit other situations or cases where a presumption of
> prior informed judgment might not be as strong. Here,
> however, we have a multi-debtor, multi-committee case
> involving sophisticated creditors who have determined that the
> rates charged and tasks undertaken by attorneys are
> appropriate. We should not, and will not, second guess the
> determination of those parties, who are directed by Congress,
> under the Bankruptcy Code, to shape and resolve the case, and
> who are in fact bearing the cost. To do so, of course, would be
> to continue what Congress specifically intended to stop in
> 1978: Courts, instead of markets, setting rates, with the
> inevitable consequence that all the legal specialists required by
> the debtor or official committees would demur to participate.

*Drexel Burnham*, 133 B.R. at 20-21.

23.    The professional services rendered by KCC have required substantial time and effort. During the Fee Period, KCC's professionals recorded 1,247.1 hours providing the required professional services. KCC will continue to perform those services necessary to the Committee.

24.    Time and labor devoted is only one of the many factors to be considered in awarding compensation. The number of hours expended must be considered in light of (i) the amount of work involved and the results achieved to date; (ii) the novelty and difficulty of the questions presented; (iii) the skill requisite to properly perform the legal services; (iv) the preclusion of other employment on behalf of other clients; (v) the customary fee charged to a private client for the services rendered; (vi) awards in similar cases; (vii) time constraints required by the exigencies of the case, including the frequency and amount of time required to be devoted other than during regular business hours; (viii) the experience, reputation, and ability of the attorneys rendering services; and (ix) the nature and length of the professional relationship with the client (the "Johnson Factors"). *See Johnson v. Georgia Highway Express*, 488 F.2d at 717-19 (enumerating factors to be considered in awarding attorneys' fees in equal employment opportunities cases under Title VII); *In re First Colonial Corp. of Am.*, 544 F.2d at 1294 (applying the Johnson Factors in bankruptcy cases).

25.    The majority of the *Johnson* Factors are codified in section 330(a) of the Bankruptcy Code, and have been applied by various courts in making determinations that requested fees constitute reasonable compensation. It is well settled that the "lodestar method,"[8] as opposed to an application solely of the *Johnson* Factors, is the best means of determining fees in bankruptcy

---

[8] Application of the "lodestar method" involves multiplying the number of hours reasonably    expended on the case by the reasonable hourly rate of compensation for each attorney. *Shaw v. Travelers Indem. Co.* (*In re Grant Assocs.*), 154 B.R. 836, 843 (S.D.N.Y. 1993). This method of calculating attorney fees is appropriate in light of section 330(a) of the Bankruptcy Code, which serves as a starting point, permitting bankruptcy courts, in their own discretion, to consider other factors, such as the novelty and difficulty of the issues, the special skills of counsel, and their results obtained. *In re Copeland*, 154 B.R. 693, 698 (Bankr. W.D. Mich. 1993).

cases.[9] The Supreme Court, however, has clearly articulated that the "lodestar method" is presumed to subsume the *Johnson* Factors, as does section 330(a) of the Bankruptcy Code. *Delaware Valley I*, 478 U.S. at 563; *Cena's Fine Furniture*, 109 B.R. at 581.

26.    In the instant case, KCC respectfully submits that the services for which it seeks compensation in this Application were necessary for and beneficial to the Committee during the pendency of these Chapter 11 Cases. KCC respectfully submits that the services rendered to the Committee were performed economically, effectively and efficiently and the results obtained have benefited not only the Committee, but also creditors and parties in interest as a whole. KCC further submits that the compensation requested herein is reasonable in light of the nature, extent and value of such services to the Committee

27.    In sum, the services rendered by KCC were necessary and beneficial to the Committee and were consistently performed in a timely manner commensurate with the complexity, importance, novelty and nature of the issues involved. Accordingly, approval of the compensation sought herein is warranted.

28.    In view of the foregoing, KCC respectfully requests that it be allowed interim compensation in the amount of $222,215.06 for services rendered and reimbursement of expenses in the amount of $15,653.35 during the Fee Period.

## VII.  <u>CONCLUSION</u>

29.    The administrative services summarized by this Application and rendered by KCC to the Committee during the Fee Period were substantial, professional, and beneficial to the

---

[9] *See e.g.*, *Pennsylvania v. Del. Valley Citizens' Counsel for Clean Air*, 483 U.S. 711 ("*Delaware Valley II*"), on remand, 826 F.2d 238 (3d Cir. 1987); *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546 (1986) ("*Delaware Valley I*"); *United States Football League v. Nat'l Football League*, 887 F.2d 408, 413 (2d Cir. 1989), *cert. denied*, 493 U.S. 1071 (1990); *Lindy Bros. Builders, Inc. of Phila. v. Am. Radiator & Standard Sanitary Corp.*, 487 F.2d 161 (3d Cir. 1973), *vacated on other grounds,* 540 F.2d 102 (3d Cir. 1976); *In re Cena's Fine Furniture, Inc.*, 109 B.R. 575 (E.D.N.Y. 1990); *In re Drexel Burnham Lambert Grp., Inc.*, 133 B.R. 13, 21 (Bankr. S.D.N.Y. 1991).

Committee.

30.      As demonstrated throughout this Application, the other factors typically considered in determining compensation -- including complexity, results achieved, special expertise, magnitude of the matter, and professional standing -- all militate toward the conclusion that the amount of compensation requested by KCC is necessary, fair, and reasonable.

31.      All services for which compensation is sought were performed for and on behalf of the Committee. KCC is charging its standard hourly rate for professionals performing services. KCC has not entered into any agreement, express or implied, with any other party in interest for the purpose of fixing or sharing fees or other compensation to be paid for professional services rendered in these Chapter 11 Cases.

**WHEREFORE**, KCC respectfully requests that this Court enter an order: (a) awarding KCC interim compensation and reimbursement of expenses for the Fee Period in the total amount of $238,213.08; (b) authorizing and directing payment by the Debtors of any amounts remaining unpaid; and (c) granting such other and further relief as this Court deems just and proper.

Dated:  July 15, 2020
      El Segundo, California

/s/ *Sarah Harbuck*
**KURTZMAN CARSON CONSULTANTS LLC**
Sarah Harbuck
Drake D. Foster
222 N. Pacific Coast Highway
3rd Floor
El Segundo, California 90403
Tel: (310) 823-9000

**Exhibit A**

**Summary of Compensation by Individual**

| Initials | Name | Position | Hours | Rate | Total |
|----------|------|----------|-------|------|-------|
| ACY | Aiesha Clay | Consultant | 66.9 | $188.10 | $12,583.89 |
| AMG | Ana Garcia | Consultant | 0.6 | $182.60 | $109.56 |
| AOP | Alfredo Pastor | Consultant | 3.7 | $182.60 | $675.62 |
| ATE | Ana Arias | Consultant | 2.5 | $182.60 | $456.50 |
| BIF | Bianca Flores | Consultant | 1.4 | $182.60 | $255.64 |
| BSR | Brian Schauer | Consultant | 0.2 | $128.50 | $25.70 |
| BSZ | Bobbie Szlembarska | Consultant | 0.8 | $136.56 | $109.25 |
| BYH | Bryanna Hensley | Consultant | 90.3 | $182.60 | $16,488.78 |
| CCE | Cerene Credo | Consultant | 5.7 | $135.84 | $774.32 |
| CET | Christopher Estes | Consultant | 67.9 | $184.80 | $12,547.92 |
| CHD | Christopher Do | Senior Consultant | 8.2 | $188.10 | $1,542.42 |
| CHT | Cheryl Tracey | Consultant | 0.3 | $182.60 | $54.78 |
| CJC | Caitlin Corrie | Consultant | 4.8 | $113.85 | $546.47 |
| DAK | Dayna Kosinski | Consultant | 0.6 | $141.35 | $84.81 |
| DIM | Diana Mauricio | Consultant | 2.3 | $182.60 | $419.98 |
| DIP | Diego Paranhos | Clerk | 0.1 | $49.00 | $4.90 |
| EAG | Esmeralda Aguayo | Consultant | 5.3 | $182.60 | $967.78 |
| EGA | Ellis Gatlin | Clerk | 0.4 | $49.00 | $19.58 |
| EJG | Evan Gershbein | Senior Managing Consultant | 6.4 | $210.49 | $1,347.09 |
| ESI | Elliser Silla | Consultant | 11.1 | $182.60 | $2,026.86 |
| FGZ | Francisco Gonzalez | Clerk | 0.2 | $48.95 | $9.79 |
| FRO | Francisco Rodriquez | Consultant | 0.4 | $141.40 | $56.55 |
| FTA | Frank Taylor | Clerk | 0.3 | $49.00 | $14.70 |
| GYC | Gregory Crosby | Consultant | 105 | $182.60 | $19,173.00 |
| HBU | Hannah Bussey | Consultant | 43.4 | $182.60 | $7,924.84 |
| HUM | Hugo Morales | Clerk/Consultant | 0.5 | $141.40 | $70.70 |
| ICO | Ignacio Corona | Clerk | 0.8 | $48.95 | $39.16 |
| IPA | Isabel Padilla | Consultant | 11.2 | $182.60 | $2,058.87 |
| IRJ | Ivan Rios Jimenez | Consultant | 0.9 | $130.35 | $117.32 |
| JBU | Joseph Bunning | Senior Consultant | 178.2 | $188.10 | $33,519.42 |
| JCC | Janece Carr | Consultant | 112.7 | $182.60 | $20,579.02 |
| JDG | Jennifer Grageda | Consultant | 0.4 | $182.60 | $73.04 |
| JHM | Joetta Thomas | Consultant | 111.8 | $182.60 | $20,414.68 |
| JHT | James Hunt | Clerk | 0.1 | $49.00 | $4.90 |

| JKS | Jake Sulpice | Consultant | 1.7 | $113.80 | $193.52 |
|-----|--------------|------------|-----|---------|---------|
| KDT | Keith Taylor | Clerk | 0.7 | $49.00 | $34.27 |
| KYF | Kimberly Foree | Consultant | 55.7 | $182.60 | $10,170.82 |
| LUG | Luis Gonzales | Clerk | 0.8 | $49.00 | $39.20 |
| MAP | Manuel Pastor | Consultant | 6.4 | $182.60 | $1,168.64 |
| MCL | Mikayla Cleary | Consultant | 1.8 | $182.60 | $328.68 |
| MDO | Matthew Orr | Consultant | 7.9 | $182.60 | $1,442.54 |
| MFM | Melissa Membrino | Senior Managing Consultant | 0.2 | $190.80 | $38.16 |
| MVZ | Michael Valadez | Consultant | 6 | $182.60 | $1,095.60 |
| PS | Other Project Specialist | Project Specialist | 12.6 | $100.00 | $1,260.00 |
| RHR | Robert Harrison | Consultant | 94.5 | $182.60 | $17,255.70 |
| RIO | Rosemary Ibarra | Clerk | 1 | $49.00 | $48.97 |
| SEB | Senayt Berhe | Consultant | 5.7 | $135.85 | $774.34 |
| SEP | Stephanie Paranhos | Consultant | 1 | $182.60 | $182.60 |
| SMC | Shanice Mitchell | Consultant | 0.1 | $113.80 | $11.38 |
| SPI | Sophia Brown | Consultant | 85.2 | $182.60 | $15,557.52 |
| STP | Stephanie Paul | Consultant | 44 | $114.48 | $5,037.20 |
| SYU | Susan Yu | Consultant | 36.7 | $184.80 | $6,782.16 |
| SZA | Sonia Zapien | Consultant | 2.3 | $182.60 | $419.98 |
| TFL | Teresa Flores | Consultant | 22.5 | $113.84 | $2,561.61 |
| THA | Tori Harris | Consultant | 6 | $182.60 | $1,095.60 |
| TPE | Thomas Peterson | Consultant | 2.4 | $182.60 | $438.24 |
| TRI | Thomas Richmond | Consultant | 0.1 | $118.50 | $11.85 |
| VTM | Vien Marquez | Consultant | 6.4 | $182.60 | $1,168.64 |
| | | | | | |
| | | | 1,247.10 | | $222,215.06 |

**Exhibit B**

**Summary of Expenses by Category**

| Category | Units | Rate | Amount |
|---|---|---|---|
| Electronic Imaging | 94 | $0.11 | $10.34 |
| First Class Mail | | | $1,368.44 |
| Photocopies | 106 | $0.11 | $11.66 |
| Printing and Mailing Expenses | | | $9,007.33 |
| Reimbursement of case related phone costs | | | $5,231.58 |
| | | | |
| **TOTAL** | | | **$15,629.35** |

**Exhibit C**

Certification

**<u>CERTIFICATION</u>**

I, Sarah Harbuck, pursuant to 28 U.S.C. § 1746, state as follows:

      a)      I am Corporate Counsel of the applicant firm, Kurtzman Carson Consultants LLC.

      b)      I am familiar with the work performed by Kurtzman Carson Consultants LLC on behalf of the Committee.

      c)      I have reviewed the foregoing Fee Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief.  Moreover, I have reviewed Local Rule 2016-1, and submit that the Fee Statement substantially complies with such rule.

I certify, under penalty of perjury, that the foregoing statements are true to the best of my knowledge, information, and belief.


Dated:  July 15, 2020
      El Segundo, California


                                           */s/ Sarah Harbuck*

                                           Sarah Harbuck