**Hearing Date: TBD**
**Objection Deadline: August 5, 2020 at 4:00 p.m. (ET)**

Kami E. Quinn
Gilbert LLP
700 Pennsylvania Avenue, SE
Suite 400
Washington, DC 20003
Tel: 202.772.2200
Fax: 202.772.3333
E-mail: quinnk@gilbertlegal.com

*Co-Counsel to the Ad Hoc Committee of*
*Governmental and Other Contingent*
*Litigation Claimants*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | : | |
| *In re:* | : | |
| | : | Chapter 11 |
| PURDUE PHARMA L.P., *et al*., | : | |
| | : | Case No. 19-23649 (RDD) |
| | : | |
| Debtors.[1] | : | (Jointly Administered) |
| | : | |

**SECOND INTERIM APPLICATION OF GILBERT LLP, FOR ALLOWANCE OF**
**COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF**
**EXPENSES INCURRED AS CO-COUNSEL TO THE AD HOC COMMITTEE OF**
**GOVERNMENTAL AND OTHER CONTINGENT LITIGATION CLAIMANTS**
**FOR THE PERIOD FEBRUARY 1, 2020 THROUGH MAY 31, 2020**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

Name of Applicant:

Gilbert LLP

Authorized to Provide Professional Services to:

Co-Counsel to the Ad Hoc of
Committee of Governmental and
Other Contingent Litigation
Claimants

Interim Fee Period:

February 1, 2020 through
May 31, 2020

Fees Requested for this Interim Fee Period:

**$1,078,669.00**

Expenses Requested for this Interim Fee Period:

**$23,191.60**

Total Amount Requested for this Interim Fee Period:

**$1,101,860.60**

Less Amount Paid to Date for this Interim Fee Period:

**$90,734.33**

Net Amount to be Paid for this Interim Fee Period
(20% Holdback of Fees and any unpaid amounts)

**$1,011,126.27**

Blended Attorney Rate:

**$701.03**

Blended Rate of All Timekeepers:

**$580.62**

Number of Professionals Included in this Application:

**24**

Number of Professionals Billing Fewer than 15 Hours
To the Case During this Period:

**3**

If applicable, number of professionals in this application
not included in staffing plan:

N/A

If applicable, difference between fees budgeted and
compensation sought for this period:

Fees incurred were less than
budgeted for the period

Are any rates higher than those approved or disclosed
at retention?  If yes, calculate and disclose the total
compensation sought in this application using the
rate originally disclosed in the retention application.

N/A

This is an __X__ Interim or _____ Final Fee Application

## SUMMARY OF MONTHLY FEE STATEMENTS

| Date Filed / Docket No. | Period Covered | Total Fees | Total Expenses | Fees Paid (80%) | Expenses Paid (100%) | Total Paid |
|---|---|---|---|---|---|---|
| 04/22/2020 / Dkt No. 1082 | February 1, 2020 thru February 29, 2020 | $104,383.50 | $7,227.53 | $83,506.80 | $7,227.53 | $90,734.33 |
| 05/20/2020 / Dkt No. 1176 | March 1, 2020 thru March 31, 2020 | $218,342.50 | $1,577.50 | $0.00 | $0.00 | $0.00 |
| 06/12/2020 / Dkt No. 1262 | April 1, 2020 thru April 30. 2020 | $535,523.50 | $7,847.00 | $0.00 | $0.00 | $0.00 |
| 07/13/2020 / Dkt No. 1378 | May 1, 2020 thru May 31, 2020 | $220,419.50 | $6,539.57 | $0.00 | $0.00 | $0.00 |
| | | **$1,078,669.00** | **$23,191.60** | **$83,506.80** | **$7,227.53** | **$90,734.33** |

## PRIOR INTERIM FEE APPLICATIONS

| Date Filed / Docket No. | Application / Period Covered | Total Fees Requested | Total Expenses Requested | Total Fees Allowed | Total Expenses Allowed |
|---|---|---|---|---|---|
| 03/16/2020 / Dkt No. 956 | 1st Interim Application / September 16, 1029 thru January 31, 2020 | $946,935.75 | $22,218.14 | $929,346.50 | $20,745.57 |

Kami E. Quinn
Gilbert LLP
700 Pennsylvania Avenue, SE
Suite 400
Washington, DC 20003
Tel:  202.772.2200
Fax:  202.772.3333
E-mail:  quinnk@gilbertlegal.com

*Co-Counsel to the Ad Hoc Committee of
Governmental and Other Contingent
Litigation Claimants*

**UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| *In re:* | : | |
| | : | |
| | : | Chapter 11 |
| PURDUE PHARMA L.P., *et al.*, | : | |
| | : | Case No. 19-23649 (RDD) |
| | : | |
| Debtors.[1] | : | (Jointly Administered) |
| | : | |

**SECOND INTERIM APPLICATION OF GILBERT LLP, FOR ALLOWANCE OF
COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF
EXPENSES INCURRED AS CO-COUNSEL TO THE AD HOC COMMITTEE OF
GOVERNMENTAL AND OTHER CONTINGENT LITIGATION CLAIMANTS
FOR THE PERIOD FEBRUARY 1, 2020 THROUGH MAY 31, 2020**

TO:    THE HONORABLE ROBERT D. DRAIN
       UNITED STATES BANKRUPTCY JUDGE

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows:  Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014).  The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

Gilbert LLP (the "Applicant" or "Gilbert"), co-counsel to the Ad Hoc Committee of

Governmental and Other Contingent Litigation Claimants (the "AHC") in the above-captioned

bankruptcy proceeding, hereby submits its Second Interim Application for Allowance of

Compensation for Professional Services Rendered and for Reimbursement of Actual and Necessary

Expenses Incurred for the Period February 1, 2020 through May 31, 2020 (the "Application"),

pursuant to title 11 of the United States Bankruptcy Code (the "Bankruptcy Code"), §§ 330(a) and

331, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") Rule 16, and the Local

Bankruptcy Rules of the Southern District of New York (the "Local Bankruptcy Rules") Rule 2016-

1, for the interim allowance of compensation for professional services performed by Gilbert for and

on behalf of the AHC for the period commencing February 1, 2020 through and including May 31,

2020 (the "Second Interim Period"), for reimbursement of actual and necessary expenses incurred

during the Second Interim Period.  In support of the Application, Gilbert respectfully represents as

follows:

## JURISDICTION AND STATUTORY GROUNDS

1.      This United States Bankruptcy Court for the Southern District of New York (the

"Bankruptcy Court") has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.

2.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a

core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

## SUMMARY OF PROFESSIONAL COMPENSATION
## AND REIMBURSEMENT OF EXPENSES REQUESTED

3.      This Application has been prepared in accordance with the Amended Guidelines for

Fees and Disbursements for Professionals in the Southern District of New York Bankruptcy Cases

adopted by the Court on January 23, 2013 (the "Local Guidelines"), as amended, and the United

States Trustee for the Southern District of New York (the "UST") Guidelines for Reviewing

Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330,

adopted on January 30, 1996 (the "UST Guidelines") and the *Order Authorizing the Debtors to*

*Assume the Reimbursement Agreement and Pay the Fees and Expenses of the Ad Hoc Committee's*

*Professionals* entered by this Court on December 2, 2019 [Docket No. 553] (the "Reimbursement

Order"), the *Order Establishing Procedures for Interim Compensation and Reimbursement of*

*Expenses for Retained Professionals* [Docket No. 529] (the "Interim Compensation Order")

(collectively with the Local Guidelines and UST Guidelines, the "Guidelines"), and the *Order*

*Authorizing the Debtors to Assume the Reimbursement Agreement and Pay the Fees and Expenses of*

*the Ad Hoc Committee's Professionals* [Docket No. 553] (the "Fee Assumption Order").  Pursuant to

the Local Guidelines, a certification of Kami E. Quinn regarding compliance with the same is

attached as Exhibit "A" hereto.

4.      Gilbert seeks the interim allowance of fees for professional services rendered during

the Second Interim Period in the amount of $1,078,669.00 (the "Second Interim Fees") and

reimbursement of expenses incurred in connection with the rendition of these services in the

aggregate amount of $23,191.60 (the "Second Interim Expenses").  During the Second Interim

Period, Gilbert's attorneys and paraprofessionals expended a total of approximately 1,857.8 hours

for which compensation is requested.

5.      There is no agreement or understanding between Gilbert and any other person, other

than partners of Gilbert, for the sharing of compensation to be received for services rendered in these

Chapter 11 cases.

6.      The fees charged by Gilbert in these Chapter 11 cases are billed in accordance with

its existing billing rates and procedures.

7.      During the course of these Chapter 11 cases, Gilbert exercised its billing discretion
and, as discussed in more detail below, voluntarily wrote off certain fees and expenses in connection
with the Monthly Fee Statements (defined below).

8.      Gilbert's rates for the services rendered by its attorneys and paraprofessionals in these
Chapter 11 cases are the same rates that Gilbert charges for professional and paraprofessional
services rendered in comparable non-bankruptcy matters.  Such fees are reasonable based on the
customary compensation charged by comparably skilled practitioners in comparable non-bankruptcy
cases in a competitive national legal market.

9.      Pursuant to the UST Guidelines, annexed hereto as Exhibit "B" is a schedule setting
forth all attorneys and paraprofessionals employed by Gilbert who have performed services in these
Chapter 11 cases during the Second Interim Period, the capacities in which each individual is
employed by Gilbert, the year in which the individual was licensed to practice law, the hourly billing
rate charged by Gilbert for services performed by each individual, and the aggregate numbers of
hours expended and fees billed.

10.     Annexed hereto as Exhibit "C" is a schedule specifying the categories of expense for
which Gilbert is seeking reimbursement and the total amount for each such expense category.

11.     Pursuant to UST Guidelines, annexed hereto as Exhibit "D" is a summary of Gilbert's
time billed during the Second Interim Period, broken down by project category as hereinafter
defined.

12.     Gilbert maintains computerized records of the time spent by all of Gilbert's attorneys
and paraprofessionals in connection with its representation of the AHC.  These records were used to
prepare detailed time descriptions in accordance with the UST Guidelines, organized by project
code, and summarized in Exhibit "D."  These detailed time records, along with the detailed expenses

4

incurred in connection with the services rendered, were submitted to the "Notice Parties" specified in

the Interim Compensation Order as part of the Monthly Fee Statements (defined below).  Subject to

the redaction for attorney-client or other privilege(s), copies of the final detailed time records and

expenses for the Second Interim Period are being provided herewith to the Court and the Notice

Parties.

13.     Gilbert has provided the appropriate Notice Parties with Monthly Fee Statement for

each month for which compensation was sought pursuant to the Interim Compensation Order

established in these Chapter 11 cases.  During the Second Interim Period, Gilbert provided the

appropriate Notice Parties with the following monthly fee statements:

a.     February 1, 2020 through February 29, 2020, fees of $104,383.50 and
       expenses of $7,227.53 (the "February Fee Statement");

b.     March 1, 2020 through March 31, 2020, fees of $218,342.50 and expenses of
       $1,577.50 (the "March Fee Statement");

c.     April 1, 2020 through April 30, 2020, fees of $535,523.50 and expenses of
       $7,847.00 (the "April Fee Statement"); and

d.     May 1, 2020 through May 31, 2020, fees of $220,419.50 and expenses of
       $6,539.57 (the "May Fee Statement") (collectively the "Monthly Fee
       Statements").

14.     In total, Gilbert has submitted Monthly Fee Statements during the Second Interim

Period for fees of $1,078,669.00 and expenses of $23,191.60 and is seeking approval of 100% of

fees.  As of the date of this Application, no Notice Party has objected to Gilbert's Monthly Fee

Statements.

15.    Gilbert hereby seeks allowance of fees in the amount of $1,078,669.00 and the

reimbursement of actual and necessary expenses incurred in the amount of $23,191.60 during the

Second Interim Period, in the total amount of $1,101,860.60.

16.    In accordance with the Interim Compensation Order, Gilbert sought payment of 80%

of fees and 100% of expenses incurred, pursuant to each Monthly Fee Statement filed with the Court.

Gilbert has received payments with respect to the Monthly Fee Statements as reflected below:

| Monthly Fee Statement | Fees Requested | Fees Paid @ 80% | Fees Held Back (20%) | Expenses Requested | Expenses Paid @ 100% |
|---|---|---|---|---|---|
| February 2020 | $104,383.50 | $83,506.80 | $20,876.70 | $7,227.53 | $7,227.53 |
| March 2020 | $218,342.50 | $0.00 | $43,668.50 | $1,577.50 | $0.00 |
| April 2020 | $535,523.50 | $0.00 | $107,104.70 | $7,847.00 | $0.00 |
| May 2020 | $220,419.50 | $0.00 | $44,083.90 | 6,539.57 | $0.00 |
| | $1,078,669.00 | $83,506.80 | $215,733.80 | $23,191.60 | $7,227.53 |

17.    By this Application, Gilbert respectfully requests that the Court enter an order

awarding Gilbert, on an interim basis, fees in the amount of $1,078,669.00 and the reimbursement of

actual and necessary expenses in the amount of $23,191.60.  Gilbert requests payment of the 20%

holdback of fees in the amount of $215,733.80, unpaid fees of 80% in the amount of $779,428.40,

and unpaid expenses of 100% in the amount of $15,964.07, which were requested pursuant to

Monthly Fee Statements.

18.    In the case that any time or expenses incurred for the Second Interim Period were not

processed prior to the preparation of this Application, Gilbert reserves the right to request

compensation for such services and reimbursement of such expenses in a future application.

## **BACKGROUND**

19.    On September 15, 2019 (the "Petition Date"), the Debtors filed a voluntary Chapter

11 proceeding under the Bankruptcy Code.  The Debtors are authorized to operate their businesses

6

and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the

Bankruptcy Code.  The Debtors' Chapter 11 cases are being jointly administered for procedural

purposes only pursuant to Bankruptcy Rule 1015(b).

20.    On September 26, 2019, the UST appointed a statutory committee of unsecured

creditors (the "UCC").  No trustee or examiner has been appointed in these Chapter 11 cases.

21.    Prior to the Petition Date, the Debtors reached an agreement in principle with: (i) 24

states;[2] (ii) five U.S. territories, including Puerto Rico; (iii) the plaintiffs' executive committee

("PEC") of the multidistrict litigation pending in the United States District Court for the Northern

District of Ohio, *In re National Prescription Opiate Litigation*, No. 1:17-md-02804-DAP (the

"MDL"), which represents over 2,250 counties, municipalities, Native American and Alaska Native

tribes, individuals, and third-party payors; and (iv) certain major U.S. cities and counties in

connection with a comprehensive settlement framework to settle the claims relating to the Debtors'

opioid business (the "Settlement Framework").  In September 2019, and at the request of the

Debtors, representatives of these settling states, the PEC, and other MDL and non-MDL litigants

formed the AHC.[3]

22.    On September 15, 2019 and prior to the commencement of these Chapter 11 cases,

the Debtors and the Ad Hoc Committee executed a reimbursement agreement (the "Reimbursement

Agreement") under which the Debtors agreed to pay the reasonable and documented fees and

expenses of the following professionals of the Ad Hoc Committee:  (i) Brown Rudnick LLP;

(ii) Gilbert LLP; (iii) Kramer Levin Naftalis & Frankel LLP; (iv) Otterbourg PC; (v) a financial

---

[2] Since that time, the State of Arizona has withdrawn from the Ad Hoc Committee.

[3] The Bankruptcy Rule 2019 statement for the Ad Hoc Committee is filed at Docket No. 279.  The Ad Hoc
Committee currently consists of:  (i) 10 states; (ii) the PEC; (iii) six political subdivisions of states; and (iv) one
federally recognized American Indian Tribe.

advisory firm (FTI Consulting, Inc.); (vi) an investment banker firm; and (vii) economic consultants Compass Lexecon and Coulter & Justice (collectively, the "Professionals") on the terms set forth therein.  On October 7, 2019, the Debtors, the AHC, and the Shareholder Parties (as defined in the Settlement Term Sheet) agreed to a Summary Term Sheet (the "Settlement Term Sheet") [Docket No. 257] that memorializes the key terms of the Settlement Framework.  As a part of the Settlement Framework and Settlement Term Sheet, the Debtors agreed to file a motion to assume the Reimbursement Agreement and for authority to pay the reasonable and documented fees and expenses of the Professionals in accordance with the terms of the Reimbursement Agreement. Pursuant to the Settlement Term Sheet, each member of the AHC agreed to support the Debtors' efforts to stay pending litigation against Purdue and related parties, for a period of 180 days.  In accordance with this agreement, the AHC supported the Debtors' motion requesting a stay of such actions (as reflected in the filed statement [Docket. No. 62, Adv. Pro. 19-08289]), further solidifying the Debtors' reliance upon the existence of the Settlement Structure in advocating for a stay.

23.    On October 29, 2019, the Debtors filed a motion for reimbursement of the AHC [Docket No. 394].  On December 2, 2019, the Reimbursement Order [Docket No. 553] was entered by the Court allowing the AHC to seek allowance of fees and reimbursement of actual and necessary expenses on a monthly and interim basis in these Chapter 11 cases.

## SUMMARY OF SERVICES RENDERED

24.    During the Second Interim Period, the AHC worked with the Debtors and other parties in interest to implement the Settlement Framework as part of a chapter 11 plan.

25.    Gilbert submits that its services throughout the Second Interim Period warrant this Court's approval of (i) the requested fees and expenses being sought for approval, and (ii) the

8

requested expenses being sought for payment, including the 20% holdback of fees during the Second Interim Period.

26.    The legal services rendered by Gilbert during the Second Interim Period are summarized below.  The detailed description of the work performed on a day-to-day basis and the time expended in performing such services are fully set forth in the time records previously submitted to the Bankruptcy Court and the Notice Parties.  In compliance with the UST Guidelines, the summary below highlights certain areas in which services were rendered by Gilbert to and for the benefit of the AHC and identifies some of the issues to which Gilbert devoted significant time and effort during the Second Interim Period.

27.    The summary is divided among the project billing codes that Gilbert created to best reflect the categories of tasks that were required to provide services to the AHC in connection with these Chapter 11 cases.  Given the connections among of the issues in these Chapter 11 cases, there are overlaps among certain categories.  Descriptions of the services generally provided in the categories of tasks is as follows:

A.    **Asset Analysis & Recovery (A001)**
       (Fees: $760,658.00; Hours Billed: 1,395.3)

During the Second Interim Period, Gilbert provided services in this category that included analyzing the Debtors' insurance policies to determine the coverage available and the value of such policies, performed research and drafted memoranda to provide recommendations to the AHC related to insurance, developed strategies for recovery of insurance, and communicated with the Debtors, the AHC, AHC professionals, and others, including other parties in interest with a common interest in the insurance coverage, regarding insurance coverage issues.

B.     **Business Operations (A003)**
(Fees: $665.00; Hours Billed: 0.7)

During the Second Interim Period, Gilbert analyzed the tax analysis prepared by

Brown Rudnick and other business issues of the Debtors.

C.     **Case Administration (A004)**
(Fees: $34,329.50; Hours Billed: 87.9)

The services provided in this category included, but were not limited to, the review of

motions filed, attending hearings, reviewing dockets, tracking filings, and other general case

administration.

D.     **Claims Analysis (A005)**
(Fees: $3,614.00; Hours Billed: 4.5)

The services included in this project category included analyzing bar date issues,

proof of claim issues, and communications with the Debtors.

E.     **Fee Applications / Employment (A006)**
(Fees: $9,527.50; Hours Billed: 23.8)

During the Second Interim Period, Gilbert professionals drafted the Monthly Fee

Statements that are covered by this Application, provided the US Trustee and the Fee Examiner with

LEDES files in support of the Monthly Fee Statements, and communicated with co-counsel re

coordination of effort related to fee filings.

F.     **Emergency Relief Fund (A007)**
(Fees: $51,335.00; Hours Billed: 61.3)

The services provided in this project category include, but are not limited to,

negotiating an emergency relief fund proposal with the Debtors and the other parties in interest in

this case.

**G.** **Litigation:  Contested Matters / Adversary Proceedings / Automatic Stay (A008)**
(Fees: $13,863.00; Hours Billed: 13.6)

The services provided in this category included, but were not limited to, reviewing a

motion for extension of preliminary injunction, a motion to lift the automatic stay filed by Allergan,

advised the Committee regarding such issues, and attended hearings on such motions.

**H.** **Meetings / Communications with AHC & Creditors (A009)**
(Fees: $72,068.00; Hours Billed: 70.3)

The services provided in this category include meetings and/or communication with

the AHC, the AHC professionals, the non-state group, and other creditors regarding status of

discussions with the Debtors, strategy, and planning sessions.

**I.** **Non-Working Travel (Billed @ 50%) (A015)**
(Fees: $12,470.00; Hours Billed: 21.9)

During the Second Interim Period, Gilbert attorneys traveled to/from New York, NY

to participate in meetings with the AHC, the AHC professionals, the Debtors, and others, including a

meeting regarding the ERF.

**J.** **Plan of Reorganization / Disclosure Statement (A019)**
(Fees: $120,139.00; Hours Billed: 178.5)

During the Second Interim Period, Gilbert provided services in this category that

related to discussions and drafting of trust distribution procedures, and meetings with creditor

constituencies regarding plan strategy.

## COMPENSATION REQUESTED

28.     The foregoing professional services performed by Gilbert were appropriate and

necessary.  The professional services were in the best interests of the AHC, the creditors, the

Debtors' estates, and other parties in interest.  Compensation for the foregoing professional services

as requested is commensurate with the complexity, importance, and nature of the problems, issues,

or tasks involved.  The professional services were performed in an appropriately expeditious and efficient manner.

29.     The professional services performed by Gilbert on behalf of the AHC during the Second Interim Period required approximately 1,857.8 recorded hours by Gilbert partners, of counsel, associates, law clerk, and paraprofessionals.  A breakdown of the hours expended by Gilbert's professionals: (i) partners expended 550.8 hours; (ii) of counsel expended 129.5 hours; (iii) associates expended 656.7 hours; (iv) law clerk expended 179.1 hours; and (v) paraprofessionals expended 341.7 hours during the Second Interim Period.

30.     During the Second Interim Period, Gilbert's hourly billing rates for attorneys ranged from $290 to $1,500 per hour.  Non-working travel time was billed at 50% of the regular hourly rate. Allowance of compensation in the amount requested would result in a blended hourly rate bill for attorneys of approximately $701.03 per hour (based upon 1,337.0 recorded hours for Gilbert's attorneys regular billing rates in effect at the time of the services rendered), and a total blended hourly rate for Gilbert's attorneys and paraprofessionals of $580.62.

31.     Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable bankruptcy cases in a competitive national legal market.  As noted, attached hereto as Exhibit "B" is a schedule listing each Gilbert attorney and paraprofessional who performed services in these Chapter 11 cases during the Second Interim Period, the hourly rate charged by Gilbert for services performed by each individual, and the total hours and charges by each individual.  Gilbert provided a copy of the Application to the AHC and received no objection to this filing.

## ACTUAL AND NECESSARY EXPENSES

32.     As set forth on Exhibit "C" attached hereto, Gilbert has disbursed $23,191.60 as

expenses incurred in providing professional services during the Second Interim Period.  It is

Gilbert's policy to charge its clients in all areas of practice for expenses incurred in connection with

the client's case.  The expenses charged to clients include, but are limited to, conference call charges,

major photocopying charges, courier and overnight delivery charges, travel-related charges

(including mileage, parking, air or train fare, lodging, meals, and ground transportation),

computerized research charges, filing fees, and any third-party costs incurred related to a

representation.  Gilbert charges for these expenses in a manner and at rates consistent with charges

made generally to Gilbert's other clients and the Local Rules, i.e. on-line/computer research charges

are passed on to clients on an exact cost basis and train and air travel are billed at coach fare.  The

expenses incurred are actual, necessary, and reasonable in Gilbert's representation of the AHC.

## RELIEF REQUESTED

33.     The Fee Assumption Order provides that Gilbert's reasonable and documented fees

and expenses shall be subject, *mutatis mutandis*, to the procedures with respect to the authorization

of payment of the fees and expenses of the professionals of the Debtors and the UCC as set forth in

the Interim Compensation Order. Therefore, while this Application is not strictly subject to sections

331 and 330 of the Bankruptcy Code, we are guided by such provisions in making this Application.

Section 331 of the Bankruptcy Code provides for interim compensation of professionals and

incorporates the substantive standards of 11 U.S.C. § 330 to govern the Bankruptcy Court's award of

such compensation.

34.     Section 330 also sets forth the criteria for the award of such compensation and

reimbursement:

In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including:

(A)    the time spent on such services;

(B)    the rates charged for such services;

(C)    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E)    with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

35.    Gilbert respectfully submits that the services for which it seeks compensation in this Application were, at the time rendered, believed to be necessary for, beneficial to, and in the best interests of the AHC.  Gilbert further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the AHC.  The services rendered by Gilbert were consistently performed in a timely and efficient manner commensurate with the complexity, importance, and nature of the issues involved.  Gilbert respectfully submits that approval of the compensation sought herein is warranted.

**NOTICE**

36.      Notice of this Application has been provided in accordance with the Guidelines and

Interim Compensation Order.  Gilbert believes that the notice is sufficient, and no further notice of

the relief requested in this Application is needed.

**STATEMENT OF GILBERT LLP**

37.      Pursuant to the Appendix B Guidelines for Reviewing Application for Compensation

and Reimbursement of Expenses Filed Under United States Code by Attorneys in Larger Chapter 11

Cases, Gilbert responds to the following questions regarding the Application:

| **Question** | **Yes** | **No** | **Additional Explanation or Clarification** |
|---|---|---|---|
| Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period? If so, please explain. | | No | |
| If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client? | | No | |
| Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case? | | No | |
| Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? | | No | |

| | |
|---|---|
| Does this fee application include time or Fees for reviewing time records to redact Any privileged or other confidential information? If so, please quantify by hours and fees. | No |

If the fee application includes any rate increases since retention in these Cases:

|  |  |  |
|---|---|---|
| i. | Did your client review and approve those rate increases in advance? | N/A |
| ii. | Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need to agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11-458? | N/A |

WHEREFORE, Gilbert respectfully requests that the Bankruptcy Court enter an order:

(i) awarding Gilbert the interim allowance of fees for the Second Interim Period in the amount of

$1,078,669.00 and reimbursement of actual and necessary expenses incurred during the Second

Interim Period in the amount of $23,191.60; (ii) authorizing the Debtors to pay Gilbert the 20%

holdback of allowed fees for the Second Interim Period; (iii) authorizing the Debtors to pay Gilbert

[Intentionally Left Blank]

the allowed fees that any unpaid amounts that have not yet been paid for the Second Interim Period;

and (iv) for such other and further relief as this Court deems just and appropriate.

Respectfully submitted,

**GILBERT LLP**

 /s/ Kami E. Quinn
Kami E. Quinn (Admitted *Pro Hac Vice*)
700 Pennsylvania Avenue, SE
Suite 400
Washington, DC  20003
Tel:  202.772.2200
Fax:  202.772.3333
E-mail:  quinnk@gilbertlegal.com

*Co-Counsel to the Ad Hoc Committee of*
*Governmental and Other Contingent*
*Litigation Claimants*

Dated:  July 15, 2020

## EXHIBIT A

**Certification**

Kami E. Quinn
Gilbert LLP
700 Pennsylvania Avenue, SE
Suite 400
Washington, DC 20003
Tel:  202.772.2200
Fax:  202.772.3333
E-mail:  quinnk@gilbertlegal.com

*Co-Counsel to the Ad Hoc Committee of*
*Governmental and Other Contingent*
*Litigation Claimants*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| *In re:* | : | |
| | : | Chapter 11 |
| PURDUE PHARMA L.P., *et al.*, | : | |
| | : | Case No. 19-23649 (RDD) |
| | : | |
| Debtors.[1] | : | (Jointly Administered) |
| | : | |

**CERTIFICATION UNDER GUIDELINES FOR FEES AND DISBURSEMENTS FOR**
**PROFESSIONALS IN RESPECT TO SECOND INTERIM APPLICATION OF GILBERT**
**LLP, FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND**
**REIMBURSEMENT OF EXPENSES INCURRED AS CO-COUNSEL TO THE AD HOC**
**COMMITTEE OF GOVERNMENTAL AND OTHER CONTINGENT LITIGATION**
**<u>CLAIMANTS FOR THE PERIOD FEBRUARY 1, 2020 THROUGH MAY 31, 2020</u>**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows:  Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014).  The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

I, Kami E. Quinn, hereby certify that:

1.        I am partner of Gilbert LLP (the "Applicant" or "Gilbert") and Co-Counsel to the Ad Hoc Committee of Governmental and Other Contingent Litigation Claimants (the "AHC") in the above-captioned Chapter 11 case.  Gilbert submits this second application for interim compensation and reimbursement of expenses in compliance with the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York adopted by the Bankruptcy Court on January 23, 2013 (the "Local Guidelines"), as amended, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed Under 11 U.S.C. § 330, adopted on January 30, 1996 (the "UST Guidelines"), and the Order, Pursuant to Sections 105(a) and 331 of the Bankruptcy Code, Bankruptcy Rule 2016(a) and Local Bankruptcy Rules 2016-1, Establishing Procedures for Interim Monthly Compensation for Professionals [Docket No. 212] (the "Interim Compensation Order") (collectively with the Local Guidelines and UST Guidelines, the "Guidelines").

2.        This certification is made in respect to Gilbert's application, dated July 15, 2020 (the "Application"), for interim compensation and reimbursement for the period commencing February 1, 2020 through and including May 31, 2020 (the "Second Interim Period") in accordance with the Guidelines.

3.        In respect to Section B.1of the Local Guidelines, I certify that:

    a.        I have read the Application;

    b.        to the best of my knowledge, information, and belief formed after reasonable inquiry, the fees and disbursements sought fall within the Local Guidelines and the UST Guidelines;

2

c.      the fees and disbursements sought are billed at rates in accordance

with the practices customarily employed by Gilbert and generally

accepted by Gilbert's clients; and

d.      in providing a reimbursable service, Gilbert does not make a profit

on that service, whether the service is performed by Gilbert in-house

or through a third party.

4.      In respect of Section B.2 of the Local Guidelines and as required by the Interim

Compensation Order, I certify that Gilbert has complied with the provision requiring it to provide

the appropriate notice parties with a monthly fee statement accompanied by a statement of Gilbert's

fees and disbursements accrued during the month.  Gilbert filed monthly fee statements for February

2020, March 2020, April 2020, and May 2020.

5.      In respect of Section B.3 of the Local Guidelines, I certify that Gilbert has complied

with the provision requiring it to provide the appropriate notice parties with a copy of the

Application by the required date.

Dated: July 15, 2020
        Washington, DC


                                    _/s/ Kami E. Quinn_____
                                    Kami E. Quinn

3

## EXHIBIT B

### Summary of Hours and Fees by Professional

| Name | Position | Year Admitted to Bar | Hourly Rate | Hours[1] Billed | Fees |
|---|---|---|---|---|---|
| Scott D. Gilbert | Partner | 1979 | $1,500.00<br>$750.00 | 91.8<br>10.0 | $137,700.00<br>$7,500.00 |
| Richard Leveridge | Partner | 1981 | $1,250.00 | 11.1 | $13,875.00 |
| Craig J. Litherland | Partner | 1983 | $1,250.00 | 5.1 | $6,375.00 |
| Richard Shore | Partner | 1988 | $1,200.00 | 100.1 | $120,120.00 |
| Kami E. Quinn | Partner | 2000 | $950.00<br>$475.00 | 111.2<br>8.0 | $105,640.00<br>$3,800.00 |
| Jenna Hudson | Partner | 2010 | $675.00 | 213.5 | $144,122.50 |
| Mike Rush | Of Counsel | 2007 | $640.00 | 19.9 | $12,736.00 |
| Monique Abrishami | Of Counsel | 2009 | $640.00 | 109.6 | $70,144.00 |
| Emily Grim | Associate | 2010 | $600.00<br>$300.00 | 138.0<br>3.9 | $82,800.00<br>$1,170.00 |
| Daniel Wolf | Associate | 2011 | $600.00 | 130.9 | $12,736.00 |
| Adam Farra | Associate | 2011 | $570.00 | 41.7 | $23,769.00 |
| Benjamin Massarsky | Associate | 2011 | $500.00 | 50.8 | $25,400.00 |
| Allison Gaske | Associate | 2016 | $450.00 | 16.3 | $7,335.00 |
| Sarah Sraders | Associate | 2016 | $380.00 | 139.1 | $52,858.00 |
| Tarsha Jones | Staff Attorney | 2001 | $290.00 | 15.2 | $4,408.00 |
| John Girgenti | Staff Attorney | 2002 | $335.00 | 71.5 | $23,952.50 |
| Rachael Lyle | Staff Attorney | 2017 | $305.00 | 49.3 | $15,036.50 |

[1] Non-Working travel is billed at 50%.

| Name | Position | Year Admitted to Bar | Hourly Rate | Hours[1] Billed | Fees |
|---|---|---|---|---|---|
| Christian Carey | Law Clerk | N/A | $325.00 | 179.1 | $58,207.50 |
| Lauren Fastenau | Paralegal | N/A | $300.00 | 67.2 | $20,160.00 |
| Stephanie Colcock | Paralegal | N/A | $300.00 | 5.5 | $1,650.00 |
| Alyssa Bonesteel | Paralegal | N/A | $225.00 | 93.8 | $21,105.00 |
| Katherine Johnson | Paralegal | N/A | $225.00 | 110.2 | $24,795.00 |
| Sherley Martinez | Paralegal | N/A | $225.00 | 47.9 | $10,777.50 |
| Peggy Holland | Litigation Specialist | N/A | $275.00 | 17.1 | $4,702.50 |
| | | | | **1,857.8** | **$1,078.699.00** |

## **EXHIBIT C**

### **Summary of Expenses/Disbursements**

| Description | Total Expenses |
|---|---:|
| Pacer | $707.90 |
| Lexis | $20.87 |
| Westlaw | $15,232.23 |
| Business Meals | $330.50 |
| Conference Calls – CourtCall | $70.00 |
| Contracted Professional Fees | $930.15 |
| Travel – Train Fare (Coach Fare) | $1,317.00 |
| Travel – Lodging | $3,920.48 |
| Travel – Taxi Fare | $24.69 |
| Travel – Meals | $637.78 |
| | **$23,191.60** |

## EXHIBIT D

### Summary of Services by Project Category

| Project Code | Project Category | Hours Billed | Fees Billed |
|---|---|---|---|
| A001 | Asset Analysis & Recovery | 1,395.3 | $760,658.00 |
| A002 | Assumption / Rejection of Leases & Contracts | 0.0 | $0.00 |
| A003 | Business Operations | 0.7 | $665.00 |
| A004 | Case Administration | 87.9 | $34,329.50 |
| A005 | Claims Analysis | 4.5 | $3,614.00 |
| A006 | Employment / Fee Applications | 23.8 | $9,527.50 |
| A007 | Emergency Relief Fund | 61.3 | $51,335.00 |
| A008 | Litigation: Contested Matters / Adversary Proceedings / Automatic Stay | 13.6 | $13,863.00 |
| A009 | Meetings / Communications with AHC & Creditors | 70.3 | $72,068.00 |
| A015 | Non-Working Travel Time (Billed @ 50%) | 21.9 | $12,470.00 |
| A019 | Plan of Reorganization / Disclosure Statement | 178.5 | $120,139.00 |
| | | **1,857.8** | **$1,078,669.00** |

### Budgeted Fees v Actual Fees

| Project Code | Project Category | Hours Budgeted | Fees Budgeted | Actual Hours Billed | Actual Fees Sought |
|---|---|---|---|---|---|
| A001 | Asset Analysis & Recovery | 1,200.0 | $700,000.00 | 1,395.3 | $760,658.00 |
| A002 | Assumption / Rejection of Leases & Contracts | 8.0 | $4,000.00 | 0.0 | $0.00 |
| A003 | Business Operations | 10.0 | $5,000.00 | 0.7 | $665.00 |
| A004 | Case Administration | 125.0 | $60,000.00 | 87.9 | $34,329.50 |
| A005 | Claims Analysis | 25.0 | $12,000.00 | 4.5 | $3,614.00 |
| A006 | Employment / Fee Applications | 25.0 | $12,000.00 | 23.8 | $9,527.50 |
| A007 | Emergency Relief Fund | 100.0 | $50,000.00 | 61.3 | $51,335.00 |
| A008 | Litigation: Contested Matters / Adversary Proceedings / Automatic Stay | 25.0 | $12,000.00 | 13.6 | $13,863.00 |
| A009 | Meetings / Communications with AHC & Creditors | 150.0 | $70,000.00 | 70.3 | $72,068.00 |
| A015 | Non-Working Travel Time (Billed @ 50%) | 100.0 | $50,000.00 | 21.9 | $12,470.00 |
| A019 | Plan of Reorganization / Disclosure Statement | 500.0 | $225,000.00 | 178.5 | $120,139.00 |
| | | **2,268.0** | **$1,200,000.00** | **1,857.8** | **$1,078,669.00** |