**ROBINS KAPLAN LLP**
Scott F. Gautier (*pro hac vice* pending)
2049 Century Park East, Suite 3400
Los Angeles, CA 90067
Telephone: (310) 552-0130
Facsimile: (310) 229-5800
Emails:    sgautier@robinskaplan.com

*Counsel to Collegium Pharmaceuticals, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| PURDUE PHARMA L.P., *et al.*, | Case No. 19-23649 (RDD) |
| Debtors. | (Jointly Administered) |

### *EX PARTE* MOTION FOR ENTRY OF AN ORDER SHORTENING NOTICE WITH RESPECT TO COLLEGIUM'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO PERMIT THE PTAB ACTION TO PROCEED

Collegium Pharmaceuticals, Inc. ("**Collegium**"), hereby submits this *ex parte* motion (the "**Motion to Shorten**") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Order**"), pursuant to Rule 9006(c) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rules 9006-1 and 9077-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), for an order scheduling an expedited hearing and shortening the notice period with respect to *Collegium's Motion for Relief from the Automatic Stay to Permit the PTAB Action to Proceed* (the "**Collegium Relief from Stay Motion**") filed contemporaneously herewith, and respectfully represents:

### I.    JURISDICTION AND VENUE

1.    The above-referenced court (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

1

2.      Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory and legal predicates for the relief requested herein are Bankruptcy Rule 9006(c) and Local Rules 9006-1(b) and 9077-1.

## II.    FACTUAL BACKGROUND

4.      On September 21, 2017, debtors Purdue Pharma, L.P., Purdue Pharmaceuticals, L.P., and P.F. Laboratories, Inc. filed a complaint in the United States District Court for the District of Massachusetts (the "**District Court**"), alleging that Collegium's New Drug Application for its Xtampza® ER product ("**Xtampza**") product infringed on the Debtors' patents, including U.S. Patent No. 9,693,961 ("**the '961 Patent**"), thereby commencing patent infringement lawsuits against Collegium (the "**Infringement Action**").

5.      On March 13, 2018, Collegium filed a petition for Post Grant Review of the '961 Patent before the Patent Trial and Appeal Board (the "**PTAB**"), seeking a determination that the '961 Patent was invalid (the "**PTAB Action**"). The PTAB Action is styled *Collegium Pharm., Inc.* v. *Purdue Pharma, L.P. et al.,* Case No. PGR2018-00048.

6.      Two weeks before the PTAB was required to issue its determination as to the validity of the '961 Patent pursuant to 35 U.S.C. § 326(a)(11), which would narrow issues in the Infringement Action, the Debtors filed above-captioned chapter 11 cases (the "**Bankruptcy Cases**") and sought the imposition of an automatic stay in the PTAB Action pursuant to section 362(a) of the Bankruptcy Code. The PTAB subsequently entered an order staying the PTAB Action as a result of the Bankruptcy Cases.

7.      On July 2, 2020, the Debtors filed their *Motion for Order Modifying the Automatic Stay to Permit the Debtors to Prosecute Certain Pending Patent Litigation* [*see* Docket No. 1328] (the "**Purdue Relief from Stay Motion**"). By their motion, the Debtors seek an order lifting the automatic stay to permit the Debtors to continue their prosecution of the Infringement Action. The motion, however, fails to reference the related PTAB Action, or explain why the Infringement Action, but not the PTAB Action, should proceed.

8. Contemporaneously with the filing of this Motion to Shorten, Collegium filed its Motion requesting an order lifting the automatic stay as to the PTAB Action to permit the PTAB to render its decision. As set forth in the Collegium Relief from Stay Motion, Collegium proposes that it makes sense for both of the related matters—the Infringement Action and the PTAB Action—to either remain stayed or for each to go forward. Indeed, it would be inefficient for the Infringement Action to go forward without the PTAB Action because the PTAB Action will likely be decided in a matter of days after the stay is lifted and, should the '961 Patent be determined invalid, will render much of the Infringement Action moot. It would be inefficient for the courts, the estate, and Collegium to be forced to spend significant resources on the Infringement Action only to have any proceedings or decisions later rendered moot.

### III. RELIEF REQUESTED

9. Contemporaneously with the filing of this Motion to Shorten, Collegium filed the Collegium Relief from Stay Motion. By and through this Motion to Shorten, pursuant to Bankruptcy Code sections 362 and 553, Bankruptcy Rule 4001, and Local Rule 4001-1, Collegium requests that the Court shorten notice required for the Collegium Relief from Stay Motion such that the hearing on the motion take place on **July 23, 2020, at 2:00 p.m.** (prevailing Eastern Time)—the same date and time as the hearing on the Purdue Relief from Stay Motion — and that any and all objections or responses to the Collegium Relief from Stay Motion be filed with the Court and served so as to be received by counsel to Collegium by no later than **July 23, 2020, at 2:00 p.m.** (prevailing Eastern Time), or may be delivered orally at that time.

10. Bankruptcy Rule 9006(c)(1) authorizes this Court, for cause shown, to reduce the notice period for consideration and approval of the Collegium Relief from Stay Motion. Collegium respectfully submits that cause exists to reduce the notice period for the Collegium Relief from Stay Motion such that the hearing on the motion takes places at the same time as the Purdue Relief from Stay Motion. The relief sought in the Collegium Relief from Stay Motion— relief from stay so that the PTAB Action can proceed along with the Infringement Action—is closely related to the relief requested in the Purdue Relief from Stay Motion seeking relief from

stay as to the Infringement Action. Accordingly, it would serve judicial economy and the efficient use of the Debtors' limited resources for the notice period on the Collegium Relief from Stay Motion to be shortened and the hearing take place on the same date and time as the Purdue Relief from Stay.

11.     Additionally, there are no creditors or parties in interest that are expected to have an interest or objection to Collegium Relief from Stay Motion. Moreover, Collegium has discussed the relief requested in its motion with counsel to the Debtors and the Committee and is informed that neither the Debtors nor the Committee opposes this relief. The relief sought is not complex and any arguments that any entity may wish to raise can easily be raised within a short period of time or at the omnibus hearing that has already been scheduled. No party will be prejudiced by the granting of this Motion to Shorten, and Collegium submits that this Motion to Shorten will not offend notions of due process.

12.     Accordingly, for the reasons described herein, Collegium submits that sufficient cause and exigencies exist to reduce the notice period for consideration of the Motion and grant this Motion to Shorten.

## IV.     NOTICE

13.     Pursuant to Bankruptcy Rule 9006(c)(1), the Court may shorten time without notice. Accordingly, no notice of this Motion to Shorten is required. Notwithstanding, Collegium will provide notice of this Motion to Shorten to the Rule 2002 Parties. Contemporaneously with the filing of this Motion to Shorten, Collegium will also serve copies of the Motion on the Rule 2002 Parties. In light of the nature of the relief requested, Collegium respectfully submits that no further notice is necessary.

## V.     NO PRIOR REQUEST

14.     No prior request for the relief sought in this Motion to Shorten has been made to this or any other court.

## VI. CONCLUSION

WHEREFORE, Collegium respectfully requests that the Court enter the Order Shortening Time, substantially in the form attached hereto as **Exhibit A**, and grant such other relief as is just and proper.

Dated: July 20, 2020
       Los Angeles, California

**ROBINS KAPLAN LLP**

By: /s/ Scott F. Gautier
    Scott F. Gautier (*pro hac vice* pending)
    2049 Century Park East, Suite 3400
    Los Angeles, CA 90067
    Telephone: (310) 552-0130
    Facsimile: (310) 229-5800

*Counsel to Collegium Pharmaceuticals, Inc.*

**Exhibit A – Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------  X
                                      :
In re:                                :  Chapter 11
                                      :
PURDUE PHARMA L.P., et al.,           :  Case No. 19-23649 (RDD)
                                      :
                Debtors.              :  (Jointly Administered)
                                      :
------------------------------------  X
```

## ORDER SHORTENING NOTICE WITH RESPECT TO COLLEGIUM'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO PERMIT THE PTAB ACTION TO PROCEED

Upon the *ex parte* motion (the "**Motion to Shorten**")[1] of Collegium Pharmaceuticals, Inc. ("**Collegium**") for entry of an order pursuant to Rule 9006(c) of the Federal Rules of Bankruptcy Procedure and Rule 9077-1 of the Local Bankruptcy Rules for the Southern District of New York shortening time for notice of the consideration of Collegium's Motion for Relief from Stay (the "**Motion**"); and it appearing that the Court has jurisdiction over the Motion to Shorten pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and no notice of the Motion to Shorten being necessary but, nonetheless, good and sufficient notice of the Motion to Shorten having been given; and upon all prior proceedings herein; and the Court having found and determined that the relief sought in the Motion to Shorten is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and that just cause exists for the relief granted herein; and after due deliberation and sufficient cause appearing therefor; it is hereby

**IT IS HEREBY ORDERED THAT**

1. The Motion to Shorten is granted to the extent provided herein.

---

[1] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to such term in the Motion to Shorten.

2. The hearing on the Collegium Relief from Stay Motion shall take place on **July 23, 2020, 2:00 p.m.** (prevailing Eastern Time)—the same date and time as the hearing on the Purdue Relief from Stay Motion.

3. The deadline to file and serve any objection or response to the Collegium Relief from Stay Motion shall be **July 23, 2020, at 2:00 p.m.** (prevailing Eastern Time), or may be delivered orally at that time.

4. The terms and conditions of this Order are effective immediately upon its entry.

5. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

New York, New York
Dated: _____, 2020

THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE