**Proposed Hearing Date and Time: July 23, 2020, at 2:00 p.m. (prevailing Eastern Time)**
**Proposed Objection Date and Time: July 23, 2020, at 2:00 p.m. (prevailing Eastern Time)**

**ROBINS KAPLAN LLP**
Scott F. Gautier (*pro hac vice* pending)
2049 Century Park East, Suite 3400
Los Angeles, CA 90067
Telephone: (310) 552-0130
Facsimile: (310) 229-5800
Emails:     sgautier@robinskaplan.com

*Counsel to Collegium Pharmaceutical, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| PURDUE PHARMA L.P., *et al.*, | Case No. 19-23649 (RDD) |
| Debtors. | (Jointly Administered) |

**MOTION OF COLLEGIUM PHARMACEUTICAL, INC. FOR RELIEF**
**FROM THE AUTOMATIC STAY**

1

## TABLE OF CONTENTS

**Page**

I. JURISDICTION AND VENUE ................................................................................................ 1
II. FACTUAL BACKGROUND .................................................................................................... 1
III. RELIEF REQUESTED ............................................................................................................. 3
IV. ARGUMENT ............................................................................................................................. 3
V. CONCLUSION .......................................................................................................................... 6

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Collegium Pharm., Inc.* v. *Purdue Pharma, L.P. et al.*,
  Case No. PGR2018-00048 .................................................................................................... 5

*In re* 2300 *Xtra Wholesalers, Inc.*, 445 B.R. 113 (S.D.N.Y. 2011) ................................................. 7

*In re Sonnax Industries, Inc.*,
  907 F.2d 1280 (2d Cir. 1990) ................................................................................................ 7

*In re Touloumis*,
  170 B.R. 825 (Bankr. S.D.N.Y. 1994) ................................................................................... 7

*Personalweb Technologies, LLC v. Google Inc.*,
  No. 5:13–CV–01317–EJD, 2014 WL 4100743 (N.D. Cal. Aug. 20, 2014) .......................... 8

*Purdue Pharma, L.P., et al. v. Collegium Pharm., Inc.*,
  Case No. 1:15-cv-13099-FDS ............................................................................................... 4

**Statutes**

35 U.S.C. § 326(a)(11) ................................................................................................................... 5

**Rules**

Fed. R. Bankr. P. § 4001 ............................................................................................................... 4

Loc. Bankr. R. § 4001-1 ............................................................................................................ 4, 6

**Other Authorities**

37 C.F.R. § 42.200(c) ................................................................................................................ 5, 6

U.S. Patent No. 9,693,961 ............................................................................................ 4, 5, 6, 8, 9

Collegium Pharmaceutical, Inc. ("**Collegium**") hereby files this motion (the "**Motion**") for relief from the automatic stay to allow certain pending actions, as described below, to proceed.

## I.    JURISDICTION AND VENUE

1. The above-referenced court (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Collegium confirms its consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and legal predicates for the relief requested herein are sections 362 and 553 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 4001-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**").

## II.    FACTUAL BACKGROUND

4. On September 21, 2017, debtors Purdue Phama, L.P., Purdue Pharmaceuticals, L.P., and P.F. Laboratories, Inc. filed a complaint in the United States District Court for the District of Massachusetts (the "**District Court**"), alleging that Collegium's New Drug Application for its Xtampza® ER product ("**Xtampza**") product infringed on the Debtors' patents, including U.S. Patent No. 9,693,961 ("**the '961 Patent**"), thereby commencing patent infringement lawsuits against Collegium (the "**Infringement Action**").

5. On December 13, 2017, the District Court consolidated the Infringement Action into the lead action where the Debtors had asserted other patents-in-suit against the Collegium. The consolidated action is styled *Purdue Pharma, L.P., et al. v. Collegium Pharm., Inc.*, Case No. 1:15-cv-13099-FDS.

6. On March 13, 2018, Collegium filed a petition for Post Grant Review of the '961 Patent before the Patent Trial and Appeal Board (the "**PTAB**"), seeking a determination that

1

the '961 Patent was invalid (the "**PTAB Action**"). The PTAB Action is styled *Collegium Pharm., Inc.* v. *Purdue Pharma, L.P. et al.,* Case No. PGR2018-00048.

7.   On October 3, 2018, Collegium moved to stay the Infringement Action in view of the related PTAB proceedings related to the '961 patent. The court took no further action with respect to the '961 patent and did not set any schedule for proceedings on the '961 patent following Collegium's motion, allowing the PTAB to complete the trial of the validity of the '961 Patent.

8.   On October 4, 2018, the PTAB issued its decision finding that the '961 Patent is eligible for post-grant review, and that Collegium had demonstrated that the '961 Patent was likely unpatentable based on the lack of written description and anticipation grounds set forth in the Petition (the "**Oct. 4 Decision**").

9.   Pursuant to 35 U.S.C. § 326(a)(11), the Oct. 4 Decision triggered a one-year deadline for the PTAB to issue its Final Written Decision (i.e. October 4, 2019), which deadline may not be extended by the Chief Administrative Patent Judge for more than six months (i.e., April 4, 2020), pursuant to 37 C.F.R. § 42.200(c) (the "**Statutory Deadline**").

10.  On September 15, 2019, the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, thereby commencing the Bankruptcy Cases.

11.  On September 24, 2019, the Debtors filed a *Notice of Bankruptcy and Imposition of Automatic Stay* in the PTAB Action alerting the PTAB that the PTAB Action was stayed pursuant to section 362(a) of the Bankruptcy Code (the "**PTAB Stay Notice**").

12.  On October 2, 2019—two days before the PTAB was required under 35 U.S.C. § 326(a)(11) to render its decision as to the validity of the '961 Patent—the PTAB entered its Order recognizing that the PTAB Action was subject to the automatic stay (the "**PTAB Stay Order**").

13.  On July 2, 2020, the Debtors filed their motion seeking relief from the automatic stay to permit the Infringement Action (but not the PTAB Action) to proceed (the "**Debtors' Relief From Stay Motion**"). The hearing on the Debtors' Relief from Stay Motion is scheduled

2

90809451.1

for July 23, 2020, at 2:00 p.m. (prevailing Eastern Time). Concurrently herewith, Collegium filed its application requesting that the hearing on its Motion take place on the same date and time as the Debtors' Relief from Stay Motion.

14. In an effort to avoid filing a motion to lift the stay as to the PTAB Action, or respond to the Debtor's motion, Collegium contacted the Debtors to request that they stipulate to lifting the automatic stay as to the PTAB Action in addition to the Infringement Action.

15. The Debtors indicated that they are not opposed to Collegium's request, but want to preserve the argument, that they raised for the first time, that the PTAB action "no longer exists" because the PTAB observed the Automatic Stay and did not issue a final written decision as to the validity of the '961 Patent within what would have been, but for the automatic stay, the Statutory Deadline.

### III.    RELIEF REQUESTED

16. By this Motion, pursuant to Bankruptcy Code sections 362 and 553, Bankruptcy Rule 4001, and Local Rule 4001-1, Collegium requests that the Court lift the automatic stay to permit Collegium to permit the PTAB action to proceed. A proposed form of order granting the relief requested herein is attached hereto as **Exhibit A**.

17. As of the filing of this Motion, Collegium does not intend to seek a hearing and relief within the time periods required under Bankruptcy Code section 362(e)(1). The relief sought in this Motion, is closely intertwined with the *Debtors' Motion for Order Modifying the Automatic Stay to Permit the Debtors to Prosecute Certain Pending Patent Litigation*, and Collegium requests that this Motion be heard concurrently with the Debtors' motion.

### IV.    ARGUMENT

18. The automatic stay may be lifted or modified for cause pursuant to section 362(d)(1) of the Bankruptcy Code. *In re* 2300 *Xtra Wholesalers, Inc.*, 445 B.R. 113, 118 (S.D.N.Y. 2011)

19. In *Sonnax*, the Second Circuit adopted twelve factors, which are weighed to determine whether to modify the automatic stay to permit an action to proceed in another forum.

3

*In re Sonnax Industries, Inc.*, 907 F.2d 1280, 1286 (2d Cir. 1990). The twelve *Sonnax* factors are as follows:

> (1) whether relief would result in a partial or complete resolution of the issues;
> (2) lack of any connection with or interference with the bankruptcy case;
> (3) whether the other proceeding involves the debtor as a fiduciary;
> (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;
> (5) whether the debtor's insurer has assumed full responsibility for defending it;
> (6) whether the action primarily involves third parties;
> (7) whether litigation in another forum would prejudice the interests of other creditors;
> (8) whether the judgment claim arising from the other action is subject to equitable subordination;
> (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;
> 10) the interests of judicial economy and the expeditious and economical resolution of litigation;
> (11) whether the parties are ready for trial in the other proceeding; and
> (12) impact of the stay on the parties and the balance of harms.

*Sonnax*, 907 F.2d at 1286.

20. A movant need not satisfy every one of the twelve factors. *In re Touloumis*, 170 B.R. 825, 828 (Bankr. S.D.N.Y. 1994) ("Only those factors relevant to a particular case need be considered... and the Court need not assign them equal weight.").

21. Here, the first, second, seventh, tenth, eleventh, and twelfth factors are relevant to the Motion, and all six weigh in favor of the relief sought herein.

<u>Judicial Economy and the Complete Resolution of the Issues</u>. The first factor weighs heavily in favor of lifting the stay to permit the PTAB Action to proceed. As discussed above, allowing the PTAB Action to proceed will facilitate the complete resolution of disputed matters in the Infringement Action. On the Petition Date, the PTAB Action was fully briefed and heard, and only days away from the deadline by which the PTAB was scheduled to submit its final decision as to the validity of the '961 Patent. We expect that the PTAB's determination will be rendered soon after the stay is lifted (unlike the Infringement Action, which is still in its early

4

discovery stages), and will resolve the critical issue of whether the '961 Patent is valid—which may render much of the Infringement Action moot. Accordingly, interests of judicial economy and the complete resolution of the Parties' dispute are served by lifting the stay as to the PTAB Action. Conversely, not lifting the stay to permit the PTAB Action to proceed, while allowing the Infringement Action to proceed, will unduly delay the resolution of a key issue and will result in greater expense to the Debtors' Estates as well as Collegium.

22. <u>Interference with Bankruptcy Case</u>. The second factor also weighs in favor of lifting the stay as the PTAB Action. As noted above, the PTAB's decision, which is expected to be released soon after the stay is lifted, will resolve the critical issue of whether the '961 Patent is valid—thus narrowing the disputed issues in the Infringement Action. Accordingly, rather than interfering with the Bankruptcy Cases, lifting the stay to permit the PTAB Action to proceed will promote the efficient use of the Debtors' limited assets.

23. <u>Prejudice</u>. The seventh factor weighs in favor of the relief requested herein. Proceeding in the PTAB Action will not prejudice the interests of other creditors. In fact, lifting the stay to permit the PTAB Action to proceed will conserve the Estates' resources, serve judicial economy, and facilitate the complete resolution of the parties' disputes, thus benefitting all creditors. District courts often stay patent infringement litigation on their own when there is a PTAB proceeding pending, in the interests of judicial economy. *Personalweb Technologies, LLC v. Google Inc.*, No. 5:13–CV–01317–EJD, 2014 WL 4100743, at *5 (N.D. Cal. Aug. 20, 2014) ("Indeed, allowing these invalidity arguments to be determined once, employing the specialized expertise of the PTAB, produces the exact results—avoiding duplicative costs and efforts and averting the possibility of inconsistent judgments—intended by the AIA and previous procedures."). Conversely, not lifting the stay to permit the PTAB Action to proceed, while allowing the Infringement Action to proceed, will unduly delay the resolution of a key issue in the matter—the validity of the '961 Patent—and may result in significantly greater expense to the Debtors and Collegium.

5

24. <u>Readiness for Trial</u>.  The eleventh factor weighs in favor of the relief requested herein. As mentioned above, the PTAB Action is fully briefed, and the parties are simply waiting for the PTAB to render its decision—which is expected to occur shortly after the stay is lifted.

25. <u>Balance of Harm</u>.  Based on the above, the "balance of harm" favors lifting the stay to permit the PTAB Action to proceed. Lifting the stay as to only the Infringement Action will be inefficient and expensive to the Estates, their creditors, and Collegium. Conversely, lifting the stay as to the PTAB Action will benefit the Debtors and Collegium with a decision that will narrow the issues of the Infringement Action.

26. In sum, the application of the *Sonnax* factors overwhelmingly supports relief from the automatic stay to permit the PTAB Action to proceed, and the PTAB to quickly render its decision.

## V.    CONCLUSION

WHEREFORE, Collegium respectfully requests that the Court enter an Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein, and such other and further relief as may be just and proper.

Dated:   July 20, 2020
        Los Angeles, California

**ROBINS KAPLAN LLP**

By: /s/ Scott F. Gautier
    Scott F. Gautier (*pro hac vice* pending)
    2049 Century Park East, Suite 3400
    Los Angeles, CA 90067
    Telephone: (310) 552-0130
    Facsimile: (310) 229-5800

*Counsel to Collegium Pharmaceutical, Inc.*

**Exhibit A – Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- X
                                                                                                                                                                           :

In re:                                                                                    :                                   Chapter 11

PURDUE PHARMA L.P., *et al.*,                :                                   Case No. 19-23649 (RDD)

                                                                                     :

                                Debtors.                            :                                   (Jointly Administered)

                                                                                     :
------------------------------------- X

## ORDER GRANTING COLLEGIUM PHARMACEUTICAL INC.'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Upon the motion (the "**Motion**")[1] of Collegium Pharmaceutical, Inc. ("**Collegium**") for entry of an order, pursuant to sections 105(a) and 362(d)(1) of the Bankruptcy Code modifying the automatic stay to permit the PTAB Action to proceed, as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion and held a hearing to consider the relief requested in the Motion (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and the Court having determined that the relief requested is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**

        1.        The Motion is hereby granted as set forth herein.

---

[1] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to such term in the Motion.

1

2

      2.      The automatic stay is lifted for the purpose of allowing the PTAB Action to proceed.

      3.      Any Bankruptcy Rule (including, but not limited to, Bankruptcy Rules 4001(a)(3) or 6004(h)) or Local Rule that might otherwise delay the effectiveness of this Order is hereby waived, and the terms and conditions of this Order shall be effective immediately and enforceable upon its entry.

      4.      The contents of the Motion and the notice procedures set forth therein are good and sufficient notice and satisfy the Bankruptcy Rules and the Local Rules, and no other or further notice of the Motion or the entry of this Order shall be required.

      5.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

      6.      The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and enforcement of this Order.

New York, New York
Dated: _____, 2020

                                                                                                 THE HONORABLE ROBERT D. DRAIN
                                                                               UNITED STATES BANKRUPTCY JUDGE