| | |
|---|---|
| KRAMER LEVIN NAFTALIS & FRANKEL LLP<br>Kenneth H. Eckstein<br>Rachael Ringer<br>David E. Blabey Jr.<br>1177 Avenue of the Americas<br>New York, NY 10036<br>Telephone: (212) 715-9100 | GILBERT LLP<br>Scott D. Gilbert (admitted *pro hac vice*)<br>Craig Litherland (admitted *pro hac vice*)<br>Kami E. Quinn (admitted *pro hac vice*)<br>100 New York Ave, NW, Suite 700<br>Washington, D.C. 20005<br>Telephone: (202) 772-2200 |
| BROWN RUDNICK LLP<br>David J. Molton<br>Steven D. Pohl<br>7 Times Square<br>New York, NY 10036<br>Telephone: (212) 209-4800 | OTTERBOURG P.C.<br>Melanie L. Cyganowski<br>Jennifer S. Feeney<br>230 Park Avenue<br>New York, NY 10169<br>Telephone: (212) 661-9100 |
| *Attorneys for the Ad Hoc Committee* | |
| PILLSBURY WINTHROP SHAW PITTMAN LLP<br>Andrew M. Troop<br>31 West 52nd Street<br>New York, New York 10019<br>212-858-1000 | CAPLIN & DRYSDALE, CHARTERED<br>Kevin C. Maclay (admitted *pro hac vice*)<br>James P. Wehner<br>Jeffrey A. Liesemer (admitted *pro hac vice*)<br>George M. O'Connor (admitted *pro hac vice*)<br>One Thomas Circle, NW, Suite 1100<br>Washington, DC 20005 |
| *Attorneys for the Ad Hoc Group of Non-Consenting States* | *Attorneys for the Multi-State Governmental Entities Group* |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X
:
In re:                                    :   Chapter 11
:
PURDUE PHARMA L.P., *et al.*,            :   Case No. 19-23649 (RDD)
:
              Debtors.                    :   (Jointly Administered)
:
--------------------------------------------------------- X

**PUBLIC CLAIMANTS' STATEMENT IN SUPPORT OF THE MOTION
OF THE DEBTORS FOR ENTRY OF A SECOND ORDER EXTENDING
THE EXCLUSIVE PERIODS WITHIN WHICH TO FILE A
<u>CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF</u>**

The (i) Ad Hoc Committee of Governmental and Other Contingent Litigation Claimants (the "**Ad Hoc Committee**"), (ii) Ad Hoc Group of Non-Consenting States (the "**Non-Consenting States**"), and (iii) Multi-State Governmental Entities Group (the "**MSGE Group**," and, together with the Ad Hoc Committee and the Non-Consenting States, the "**Public Claimants**"[1]), by and through their undersigned counsel, hereby submit this statement in support of the *Motion of the Debtors for Entry of a Second Order Extending the Exclusive Periods Within Which to File a Chapter 11 Plan and Solicit Acceptances Thereof* [Dkt. No. 1365] (the "**Exclusivity Motion**") and respectfully state as follows:[2]

## STATEMENT

1. The Public Claimants support the relief requested in the Exclusivity Motion. As set forth therein, the Debtors are seeking extensions of the Exclusive Periods to "preserve and build upon the progress made to date," and have pledged to do "everything in their power to avoid having to seek another extension." Exclusivity Motion, ¶ 1. It is on the basis of these representations and others, made in good faith by the Debtors, that the Public Claimants are supportive of the requested extensions. The Public Claimants hope and expect that the Debtors will propose a confirmable plan in advance of the expiration of the proposed Exclusive Filing Period on December 10, 2020, but they also understand that doing so requires certain parties in interest to accelerate their engagement and, in some cases, discovery and diligence.

2. As fiduciaries for the citizens of their respective states, localities, and tribes, the Public Claimants are united in their commitment to implementing an abatement plan for the benefit

---

[1] The members of the Ad Hoc Committee, the Non-Consenting States, and the MSGE Group are set forth in the 2019 statements filed, respectively, at Docket Numbers 279, 296, and 409.

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Exclusivity Motion.

2

of all creditors, and are eager to see that abatement structure incorporated into a chapter 11 plan as soon as is reasonably possible. However, in light of the complexities of these cases, including the magnitude and diversity of creditor claims, the ongoing Mediation among Private Claimants and Public Claimants (excluding the United States and the Sacklers) over an allocation among them, and the Debtors' efforts to provide comprehensive and, indeed, virtually unprecedented, notice of the bar date to potential claimants, the Public Claimants believe that a second exclusivity extension is necessary to position the Debtors to propose a confirmable chapter 11 plan that effectively implements such an abatement structure. The Public Claimants recognize it is simply unrealistic to expect that the Debtors will be in a position to file a confirmable chapter 11 plan at the end of this month. And, in view of the work that remains to be done before the Debtors can propose a confirmable abatement plan, the Public Claimants have chosen to support a 150-day extension rather than a shorter one that could result in the additional expense of the Debtors coming back to this Court seeking a third extension.

3. The Public Claimants' support for the Exclusivity Motion is paired with a commitment to advance the work of these cases. The expenses of these chapter 11 cases are mounting dramatically on a monthly basis, and every day that passes is another day by which much-needed abatement relief is delayed. Thus, consistent with the Court's admonitions to move this case forward promptly, the Public Claimants hope and expect that the Debtors will be able to file a plan before the end of the extended Exclusive Filing Period. Though the Public Claimants acknowledge that progress has been made to date, and do not dispute that the Debtors (indeed all Public and Private Claimants who are Mediation Parties as defined in the Mediation Order) are working in good faith to bring these cases to a speedy resolution, the Public Claimants urge the

3

Debtors to identify and follow through with defined benchmarks for resolving the open issues necessary to formulate and file a chapter 11 plan, and for all parties to cooperate in that effort.

        4.        In particular, consistent with the Court's stated expectation, the Public Claimants are hopeful that the ongoing Mediation among Public and Private Claimants regarding allocation of value will conclude within the next few weeks, and the Public Claimants are committed to working in unison to accomplish that task. During this time, however, much more also needs to be accomplished to be positioned to file a confirmable plan of reorganization in advance of the extended exclusivity period. The Sacklers, who are not parties to the Mediation and currently have until October 26, 2020, to complete document production and provide final privilege logs, will have to do so more quickly so documents can be appropriately analyzed and discovery, diligence, and negotiations with the Sacklers completed. Similarly, the claims of the United States Government (which is not a party to the Mediation, but which has been kept apprised of the Mediation), and their treatment in an abatement-based plan of reorganization, will have to be resolved. With these challenges clearly identified, the Public Claimants expect that the Debtors, and know that the Public Claimants, will (i) work diligently to complete diligence and discovery and bring negotiations with the Department of Justice, the Sacklers, and other key parties to a resolution with applicable parties and case constituents, and (ii) memorialize these resolutions into a confirmable chapter 11 plan and disclosure statement. So long as these necessary steps to resolve the open issues and implement a confirmable plan are being pursued diligently, it is not in the interest of any party in these cases to modify exclusivity and create the dislocation that undoubtedly would result. On that basis, the Public Claimants are supportive of the Debtors' requested extension of exclusivity.

## **CONCLUSION**

The Public Claimants respectfully request that the Court (i) grant the Exclusivity Motion (ii) such other and further relief as this Court deems just and proper.

Dated:  July 20, 2020                Respectfully submitted,

/s/ *Kenneth H. Eckstein*
Kenneth H. Eckstein
Rachael Ringer
David E. Blabey Jr.
KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, NY 10036
Telephone: (212) 715-9100
Email: keckstein@kramerlevin.com
           dblabey@kramerlevin.com
           rringer@kramerlevin.com

Scott D. Gilbert (admitted *pro hac vice*)
Craig Litherland (admitted *pro hac vice*)
Kami E. Quinn (admitted *pro hac vice*)
GILBERT LLP
100 New York Ave, NW, Suite 700
Washington, D.C. 20005
Telephone: (202) 772-2200
Email: gilberts@gilberlegal.com
           litherlandc@gilbertlegal.com
           quinnk@gilbertlegal.com

David J. Molton
Steven D. Pohl
BROWN RUDNICK LLP
7 Times Square
New York, NY 10036
Telephone: (212) 209-4800
Email: dmolton@brownrudnick.com
           spohl@brownrudnick.com

Melanie L. Cyganowski
Jennifer S. Feeney
OTTERBOURG P.C.
230 Park Avenue
New York, NY 10169
Telephone: (212) 661-9100
Email: mcyganowski@otterbourg.com
jfeeney@otterbourg.com

*Attorneys for the Ad Hoc Committee*

/s/ *Andrew M. Troop*
Andrew M. Troop
PILLSBURY WINTHROP SHAW PITTMAN LLP
31 West 52nd Street
New York, New York 10019
Telephone: (212) 858-1000
Email: andrew.troop@pillsburylaw.com

*Attorneys for the Ad Hoc Group of Non Consenting States*

/s/ *Kevin C. Maclay*
Kevin C. Maclay (admitted *pro hac vice*)
James P. Wehner
Jeffrey A. Liesemer (admitted *pro hac vice*)
George M. O'Connor (admitted *pro hac vice*)
CAPLIN & DRYSDALE, CHARTERED
One Thomas Circle
NW, Suite 1100 Washington, DC 20005
Telephone: (202) 862-5000
Email: kmaclay@capdale.com
jwehner@capdale.com
jliesemer@capdale.com
goconnor@capdale.com

*Attorneys for the Multi-State Governmental Entities Group*