KRAMER LEVIN NAFTALIS
& FRANKEL LLP
Kenneth H. Eckstein
David E. Blabey Jr.
Rachael Ringer
1177 Avenue of the Americas
New York, NY 10036
Telephone: (212) 715-9100

GILBERT LLP
Scott D. Gilbert (admitted *pro hac vice*)
Craig Litherland (admitted *pro hac vice*)
Kami E. Quinn (admitted *pro hac vice*)
100 New York Ave, NW, Suite 700
Washington, D.C. 20005
Telephone: (202) 772-2200

BROWN RUDNICK LLP
David J. Molton
Steven D. Pohl
7 Times Square
New York, NY 10036
Telephone: (212) 209-4800

OTTERBOURG P.C.
Melanie L. Cyganowski
Jennifer S. Feeney
230 Park Avenue
New York, NY 10169
Telephone: (212) 661-9100

*Attorneys for the Ad Hoc Committee*

PILLSBURY WINTHROP SHAW
PITTMAN  LLP
Andrew M. Troop
31 West 52nd Street
New York, New York 10019
212-858-1000

CAPLIN & DRYSDALE, CHARTERED
Kevin C. Maclay (admitted *pro hac vice*)
James P. Wehner
Jeffrey A. Liesemer (admitted *pro hac vice*)
George M. O'Connor (admitted *pro hac vice*)
One Thomas Circle, NW, Suite 1100
Washington, DC 20005

*Attorneys for the Ad Hoc Group of
Non-Consenting States*

*Attorneys for the Multi-State Governmental
Entities Group*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X
:
In re:                                              :    Chapter 11
                                                    :
PURDUE PHARMA L.P., *et al.*,                       :    Case No. 19-23649 (RDD)
                                                    :
                          Debtors.                  :    (Jointly Administered)
                                                    :
--------------------------------------------------------------- X

**PUBLIC CLAIMANTS' JOINT OBJECTION TO TIFFANY DUNFORD'S
MOTION TO PERMIT THE FILING OF A CLASS PROOF OF CLAIM**

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ......................................................................................... ii

PRELIMINARY STATEMENT .....................................................................................1

BACKGROUND OF THE DUNFORD MOTION ........................................................2

OBJECTION....................................................................................................................3

I.      THE COURT SHOULD NOT EXERCISE DISCRETION
        TO APPLY RULE 7023 ......................................................................................4

        A.      A Class Has Not Been Certified – Nor Has a Class Complaint Been Filed ...........4

        B.      The Claimants Received Actual or Constructive Notice of the Bar Date...............4

        C.      Class Certification Will Adversely Impact the Administration of the Estate .........5

        D.      Grant of the Dunford Motion Will Not Improve the Debtors' Fresh Start.............7

II.     THE PROPOSED CLASS FAILS TO SATISFY FRCP 23 ...............................8

        A.      The Proposed Class Does Not Satisfy Rule 23(a) ...................................................9

        B.      The Proposed Class Does Not Satisfy Rule 23(b) ...................................................9

<u>**TABLE OF AUTHORITIES**</u>

**Page(s)**

**Cases**

*In re BGI, Inc.*,
    476 B.R. 812 (Bankr. S.D.N.Y. 2012).................................................................................8

*Carrera v. Bally Total Fitness (In re Bally Total Fitness of Greater N.Y., Inc.)*,
    411 B.R. 142 (S.D.N.Y. 2009)...........................................................................................4

*Chemetron Corp. v. Jones*,
    72 F.3d 341 (3d Cir. 1995).................................................................................................8

*Glatt v. Fox Searchlight Pictures, Inc.*,
    811 F.3d 528 (2d Cir. 2016)...............................................................................................8

*In re Musicland Holding Corp.*,
    362 B.R. 644 (Bankr. S.D.N.Y. 2007) ......................................................................*passim*

*In re Pacific Sunwear of Cal, Inc.*,
    No. 16-10882 (LSS), 2016 WL 3564484 (Bankr. D. Del. June 22, 2016) ..............................7

*William F. Shea, LLC v. Bonutti Research, Inc.*,
    No. 2:10-cv-615, 2014 WL 4494248 (S.D. Ohio Sept. 12, 2014) ...........................................6

**Statutes**

W. Va. Code § 16A-12-7 ............................................................................................................6

W. Va. Code R. § 115-7-12 ........................................................................................................6

**Other Authorities**

Fed. R. Civ. P. 23 .............................................................................................................*passim*

Fed. R. Bankr. P. 7023 .............................................................................................................3-5

The (i) Ad Hoc Committee of Governmental and Other Contingent Litigation Claimants (the "**Ad Hoc Committee**"), (ii) Ad Hoc Group of Non-Consenting States (the "**Non-Consenting States**"), and (iii) Multi-State Governmental Entities Group (the "**MSGE Group**," and, together with the Ad Hoc Committee and the Non-Consenting States, the "**Public Claimants**"[1]), hereby submit this joint objection (the "**Objection**") to the motion by Tiffany Dunford, as Next Friend of T.N. Dunford, for permission to file a class proof of claim (the "**Dunford Motion**") [Dkt. No. 1408]. In support of the Objection, the Public Claimants state as follows:

### PRELIMINARY STATEMENT

1.     The Dunford Motion is the fifth class claim motion to be noticed for a hearing on July 23 – and the only one to be filed on shortened notice. The Public Claimants have separately objected to the other motions on July 16 in the *Public Claimants' Omnibus Objection to Motions for Leave to File Class Proofs of Claim* [Dkt. No. 1431] (the "**Omnibus Objection**").[2]  The Dunford Motion suffers from many of the same deficiencies as the other class certification motions and should be denied for substantially the same reasons articulated in the Omnibus Objection. But, the flaws in the Dunford Motion run much deeper:  the Dunford Motion was *not* timely filed and seeks to certify *a non-existent class*.  In short, it satisfies *none* of the three *Musicland* Factors. And even if it did, the absence of a class complaint makes it impossible for the Court to evaluate the (hypothetical) complaint's satisfaction of the Rule 23 standards. For these and other reasons discussed below, the Dunford Motion should be denied.

---

[1] The members of the Ad Hoc Committee, the Non-Consenting States, and the MSGE Group are set forth in the 2019 statements filed, respectively, at Docket Numbers 279, 296, and 409.  The State of Washington takes no position on the Dunford Motion.

[2] The Public Claimants have also objected to Ms. Dunford's request to have her motion heard on shortened notice. *See Public Claimants' Joinder to Debtors' Objection to Tiffany Dunford's Motion to Shorten the Notice Period With Respect to the Motion to Permit the Filing of a Class Proof of Claim* [Dkt. No. 1448].

## **BACKGROUND OF THE DUNFORD MOTION**

2.      The Dunford Motion alleges that the West Virginia Department of Health and Human Resources (the "**WVDHHR**"), under the auspices of the West Virginia Birth Score/Project WATCH program, maintains a list "identifying an estimated 4,000 infants born after October 2016 with Neonatal Abstinence Syndrome." Dunford Motion at 1, 3. On the basis of this premise, the Dunford Motion seeks to certify a class defined as:

> All children born in the State of West Virginia on or after October 1, 2016, who have been identified by the Birth Score/Project WATCH program as having been diagnosed with Neonatal Abstinence Syndrome.

Dunford Motion at 7.

3.      Ms. Dunford's counsel assert that they represent some 111 of the estimated 4,000 infants in the proposed class, and it is alleged in general terms that at least certain class members have sued Purdue. Dunford Motion ¶¶ 15-16. However, Ms. Dunford does *not* allege that a class action complaint has been filed in any forum and does *not* attach any class action complaint filed on behalf of the putative class to her motion. Indeed, she concedes that "almost all of the complaints or claims filed so far by those who would be included in the [c]lass have been brought on an individual basis." Dunford Motion ¶ 16.

4.      The Dunford Motion was filed on July 15, 2020, just eight days before the July 23 omnibus hearing at which four other class certification motions are to be heard. The July 23 hearing is the last omnibus hearing before the Court-ordered bar date of July 30, 2020. Notably, while the Dunford Motion was filed on shortened notice (and the Public Claimants have objected to it being heard on July 23), the same counsel that represents Ms. Dunford also filed a separate class certification motion on behalf of other clients on July 9, on regular notice. *See Motion by*

2

*Cheyenne & Arapaho Tribes and Certain Other Indian Tribes Claimants Pursuant to Fed. R. Bankr. P. 9014 and 7023 to Permit the Filing of a Class Proof of Claim* [Dkt. No. 1363].[3]

## **OBJECTION**

5.    The standards governing the application of Bankruptcy Rule 7023 are set forth in the Omnibus Objection and will not be repeated here in full.  In short, courts generally do *not* exercise their discretion to consider certifying a class for filing a proof of claim under Rule 7023 where: (1) the class was not certified pre-petition; (2) putative class members received notice of the general bar date; and (3) class certification would adversely affect the administration of the case.  *In re Musicland Holding Corp.*, 362 B.R. 644, 654 (Bankr. S.D.N.Y. 2007).  In the atypical situation where discretion to consider class certification is exercised by a Bankruptcy Court, a putative class must then *also* satisfy (a) the four threshold requirements under FRCP 23(a) to achieve class certification, typically known as "numerosity," "commonality," "typicality," and "representation" and (b) the requirements of FRCP 23(b), including, as applicable, "predominance" and "superiority."  These requirements must be considered in the context of a bankruptcy case already tailored to expedite the processing of large numbers of claims.

6.    Here, where none of the three *Musicland* factors are satisfied and it is virtually impossible to evaluate the proposed class's compliance with Rule 23 in light of the absence of a class action complaint, the Dunford Motion should be denied.

---

[3] This motion was subsequently withdrawn pursuant to the *Notice of Withdrawal Without Prejudice of Motion by Cheyenne & Arapaho Tribes and Certain Other Indian Tribes Claimants Pursuant to Fed. Bankr. P. 9014 and 7023to Permit the Filing of a Class Proof of Claim* [Dkt. No. 1451].

## I.      THE COURT SHOULD NOT EXERCISE DISCRETION TO APPLY RULE 7023

### A.      A Class Has Not Been Certified – Nor Has a Class Complaint Been Filed

7.      Bankruptcy courts generally give substantial weight to whether a class was certified prepetition in evaluating whether to exercise their discretion to allow a Bankruptcy Rule 7023 motion.  *See, e.g.*, *Carrera v. Bally Total Fitness (In re Bally Total Fitness of Greater N.Y., Inc.)*, 411 B.R. 142, 145 (S.D.N.Y. 2009) (upholding a bankruptcy court's decision to deny class certification, in part, because the class was not certified pre-petition); *Musicland Holding Corp.*, 362 B.R. at 655 (characterizing pre-petition certification as "critical").  Here, the proposed class was not certified prepetition, *nor has a class complaint ever been filed in any forum*.  The Public Claimants are unaware of any case in which a class claim has been certified in the absence of a class complaint.  This first *Musicland* factor thus weighs heavily against application of Rule 7023.[4]

### B.      The Claimants Received Actual or Constructive Notice of the Bar Date

8.      The second *Musicland* factor – whether members of a putative class received notice of the bar date – also weighs strongly against application of Rule 7023.  As discussed at length in the Omnibus Objection, the bar date notice in these cases has been extraordinary, if not unprecedented.  *See, e.g.*, Hr'g Tr., June 3, 2020 at 88:15-89:4 ("*The notice here is indeed extraordinary*." (emphasis added)).  The bar date process, when all is said and done, will have cost the Debtors over $23 million, will have spanned six months, will have incorporated a COVID-related extension, and will have reached, by the Debtors' estimate, 95 percent of all adults in the United States.  *See* Omnibus Objection ¶¶ 23-24, 43 (citations omitted).  Under the circumstances, each of the putative class members has, at a bare minimum, constructive notice of the bar date.

---

[4] Ms. Dunford, like the other Movants, cites a handful of cases applying Bankruptcy Rule 7023 notwithstanding the absence of pre-petition certification.  Dunford Motion ¶ 16.  These cases are distinguished in the Omnibus Objection. For the avoidance of doubt, none of the cases involved facts like these, where a class complaint has never been filed.

9.      Ms. Dunford, like the other Movants, complains that the notice may not have been effective to reach certain potential claimants.  Like the other Movants, however, Ms. Dunford did not object to the Debtors' noticing plan or bar date, despite her counsel's long involvement in, and awareness of, these cases.  Moreover, Ms. Dunford's self-serving and anecdotal assertion that none of the 111 claimants represented by proposed class counsel received actual notice of the bar date is irrelevant.  *See* Dunford Motion at 5 & n.2.  As even Ms. Dunford's own case cite makes clear, constructive notice is sufficient for purposes of the second *Musicland* factor.  *See* Dunford Motion ¶ 18 (citing *In re MF Global Inc.*, 512 B.R. 752, 763 (Bankr. S.D.N.Y. 2014) for the proposition that a class claim is permissible where, inter alia, "there has been no actual *or constructive* notice" of the bar date (emphasis added)); *see also* Omnibus Objection ¶ 40 (citing cases).

### C.    Class Certification Will Adversely Impact the Administration of the Estate

10.      As with the other motions (*see* Omnibus Objection ¶¶ 44-47), class certification will adversely impact the administration of these cases.  Indeed, the risk of cost and delay is even greater in the case of the Dunford Motion, where the putative class remains largely unknown and there is not even a class complaint.  Under the circumstances, a determination to apply Bankruptcy Rule 7023 would be but the beginning of a lengthy process.  Following such a determination, proposed class counsel would then have to resort to legal process to obtain the list of alleged victims maintained by the WVDHHR; there is no telling how long that process would take, or even how and whether it could be accomplished.  Second, proposed class counsel would have to prepare a class complaint, which would then be reviewed by the Court and the parties for compliance with Rule 23.  This unwieldy process would have been inappropriate even if initiated months ago – it is entirely misguided at this late stage of the case on the eve of the bar date.

11.      In arguing to the contrary, Ms. Dunford contends that (i) the list of putative claimants "can be obtained by the Class Representative, or her counsel, upon this Court's approval

of the filing of the Class Claim and order to release that information," and (ii) "class treatment would streamline the resolution of any disputes over the claims of the proposed Class." Dunford Motion ¶ 14. Neither argument is persuasive.

12.     *First*, it is entirely unclear that the order requested by Ms. Dunford would actually be sufficient to obtain a list of alleged victims from the WVDHHR. The proposed Order itself says nothing about the release of information. Even if it did, the West Virginia regulation on which Ms. Dunford places her hopes of obtaining the list provides only that the information can be disclosed "to reporting sources, persons demonstrating a need essential to health related research or care of the newborn infant, *or as required by law*." Dunford Motion at 4 (quoting West Virginia Code of State Regulations § 64-83-7.1) (emphasis added). Whether the critical language "as required by law" encompasses a court order is unclear (and Ms. Dunford cites no authority holding that it does). By way of comparison, other West Virginia statutes/regulations use the phrase "required by law or by court order," suggesting that the omission of the latter in the regulation relied upon by Ms. Dunford was intentional. *Compare, e.g.*, W. Va. Code R. § 115-7-12 ("To the extent required by law *or by court order*, the agency shall maintain as confidential and exempt from disclosure personal or medical information regarding the claimant." (emphasis added)); W. Va. Code § 16A-12-7 ("Subsection (a) of this section shall not apply where disclosure is permitted or required by law *or by court order*." (emphasis added)).[5]

13.     *Second*, class treatment is highly unlikely to "streamline" the resolution of disputes over the claims that comprise the putative class. As discussed at length in the Omnibus Objection, the bankruptcy process itself is specifically and uniquely designed to handle the resolution of large

---

[5] *See, e.g.*, *William F. Shea, LLC v. Bonutti Research, Inc.*, No. 2:10-cv-615, 2014 WL 4494248, at *1 (S.D. Ohio Sept. 12, 2014) (holding that the "obvious meaning" of the phrase "otherwise required by law" was to encompass "statutory or common law mandates that would necessitate disclosure," and not a court order); *accord W.Va. Dep't of Health and Human Resources*, 778 S.E.2d 728, 738-39 (W. Va. 2015).

6

numbers of claims.  *See* Omnibus Objection ¶ 48.  A class claim is simply not needed where an omnibus objection is just as likely to result in resolution of the claims – with much greater efficiency and at substantially lower cost.[6]

14.    *Third,* class treatment here is likely to proliferate requests for even more classes and class claims.  Not only is Ms. Dunford's request apparently already covered by the NAS Guardian Motion, but if allowed, there would be no principled reason not to certify a separate class for NAS Guardians in every other State.  Under these circumstances, relying on the proof of claim process in this case for these primarily personal injury claims is undoubtedly the least likely to negatively impact administration of these estates.[7]

### D.    Grant of the Dunford Motion Will Not Improve the Debtors' Fresh Start

15.    Finally, Ms. Dunford suggests that grant of the Dunford Motion will "improve the Debtors' fresh start."  Dunford Motion ¶ 4.  According to Ms. Dunford, the individuals on the list allegedly maintained by the WVDHHR are "known" creditors who were required to be given actual notice of the bar date.  *Id*. ¶ 2.  Grant of the Dunford Motion is thus necessary, she contends, to "avert the judicial nightmare of an avalanche of case-by-case due process analyses required for individual claimants who, but for lack of notice, may have filed individual proofs of claim."  *Id*. ¶ 20.

---

[6] Ms. Dunford's reliance on *In re Pacific Sunwear of Cal, Inc.*, No. 16-10882 (LSS), 2016 WL 3564484 (Bankr. D. Del. June 22, 2016), is misplaced.  As an initial matter, in her citation to *Pacific Sunwear*, as with other authorities, Ms. Dunford repeatedly refers to the Delaware bankruptcy court as "this Court" – wrongly suggesting that this Court has held things it has not.  In any event, the facts of *Pacific Sunwear* are quite different.  There, the class was certified prepetition and the debtors failed to give any notice to the putative class members.  *Id*. at *2, *6.  *Pacific Sunwear* was the easy case, where two of the three *Musicland* factors were indisputably satisfied.

[7] Other movants have wrongly suggested that the impending bar date makes it unlikely that grant of the pending certification motions will encourage the filing of additional ones.  To the contrary, history has shown that claimants will file class proofs of claim even after the bar date.  *See, e.g.*, *In re Musicland Holding Corp.*, 362 B.R. 644, 647, 649 (Bankr. S.D.N.Y. 2007) (denying a request for permission to file a class proof of claim made seven months after the bar date).

16.    These fears (or threats) are misplaced.  Ms. Dunford cites to *Chemetron Corp. v. Jones*, 72 F.3d 341 (3d Cir. 1995) for the proposition that a "creditor's identity is reasonably ascertainable if that creditor can be identified through reasonably diligent efforts."  Dunford Motion ¶ 1.  But that case goes on to say that precedent does *not* require a "vast, open-ended investigation," and the "requisite search instead focuses on the debtor's own books and records." *Chemetron*, 72 F.3d at 346-47.  Here, the alleged records are maintained in a confidential government repository that proposed class counsel itself only "recently" learned of (Dunford Motion at 3) and there is no indication that the Debtors themselves were aware of this database, nor that they could have accessed it under applicable regulations.  Under the circumstances, due process was satisfied by the Debtors' extensive noticing program and did not require the virtually impossible standard Ms. Dunford would instead seek to impose.  *See, e.g.*, *In re BGI, Inc.*, 476 B.R. 812, 822 (Bankr. S.D.N.Y. 2012) (rejecting contention that Borders should have attempted to obtain gift card holders' contact information from Amazon, the third party that ran the Borders' website).

17.    In sum, there is little risk of the "judicial nightmare" posited by Ms. Dunford, since the alleged due process concerns identified in the Motion appear to be de minimis.

## II.    THE PROPOSED CLASS FAILS TO SATISFY FRCP 23

18.    The Court should also deny the Dunford Motion because Ms. Dunford, who bears the burden of proof,[8] has not shown that the proposed class meets the requirements of FRCP 23.

---

[8] *Glatt v. Fox Searchlight Pictures, Inc.*, 811 F.3d 528, 538 (2d Cir. 2016) ("[The plaintiff] bore the burden of showing . . . proposed class satisfied [the FRCP] requirements of: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation").

### A.    The Proposed Class Does Not Satisfy Rule 23(a)

19.    Ms. Dunford's efforts to certify a class fail at the threshold, since neither she, nor any other putative class member, has filed a class complaint.  In the absence of such a complaint, and with only hypothetical or conjectural knowledge of the identities and individual circumstances of the 4,000 members of the putative class, it is impossible to evaluate or ascertain whether the complaint satisfies the Rule 23(a) requirements of numerosity, commonality, typicality, and adequacy of representation.[9]  Indeed, in addition to this practical impediment, the requirement of a class complaint is embodied in Rule 23 itself, which allows for issuance of a certification order "[a]t an early practicable time after a person sues or is sued *as a class representative*."  Fed. R. Civ. P. 23(c)(1)(A) (emphasis added).  Here, where no party has sued as a class representative, certification is both legally and factually impossible.

### B.    The Proposed Class Does Not Satisfy Rule 23(b)

20.    Ms. Dunford, who seeks certification under subsections (b)(1) and (b)(3) of FRCP 23, also fails to satisfy the requirements of those sections.  As discussed in the Omnibus Objection, the Second Circuit has made clear that certification as a "limited fund" under Rule 23(b)(1) is generally not appropriate in bankruptcy.  *See* Omnibus Objection ¶ 68 (citing, inter alia, *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 292 (2d Cir. 1992)).  Certification under Rule 23(b)(3) is also unwarranted:  just as her failure to file a class complaint precludes a Rule 23(a) analysis, it also prevents the Court from analyzing whether Ms. Dunford has satisfied the Rule 23(b)(3) requirements of predominance and superiority.  In addition, as discussed in the Omnibus Objection, when the class members' claims can be addressed by the bankruptcy court

---

[9] The one declaration provided about the list allegedly maintained by the WVDHHR does not overcome this deficiency and itself is a thin reed upon which to conclude that a useful list exists (and is accessible).

through the bankruptcy claims reconciliation process, it cannot be that a class action is "superior"

to that already established and longstanding practice. *See* Omnibus Objection ¶ 69 (citing cases).

WHEREFORE, for the foregoing reasons, the Public Claimants respectfully requests that

the Court deny the Dunford Motion.

Dated:  July 22, 2020                    Respectfully submitted,

/s/ *Kenneth H. Eckstein*
Kenneth H. Eckstein
David E. Blabey Jr.
Rachael Ringer
KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, NY 10036
Telephone: (212) 715-9100
Email: keckstein@kramerlevin.com
        dblabey@kramerlevin.com
        rringer@kramerlevin.com

Scott D. Gilbert (admitted *pro hac vice*)
Craig Litherland (admitted *pro hac vice*)
Kami E. Quinn (admitted *pro hac vice*)
GILBERT LLP
100 New York Ave, NW, Suite 700
Washington, D.C. 20005
Telephone: (202) 772-2200
Email: gilberts@gilberlegal.com
        litherlandc@gilbertlegal.com
        quinnk@gilbertlegal.com

David J. Molton
Steven D. Pohl
BROWN RUDNICK LLP
7 Times Square
New York, NY 10036
Telephone: (212) 209-4800
Email: dmolton@brownrudnick.com
        spohl@brownrudnick.com

Melanie L. Cyganowski
Jennifer S. Feeney
OTTERBOURG P.C.
230 Park Avenue
New York, NY 10169
Telephone: (212) 661-9100
Email: mcyganowski@otterbourg.com
        jfeeney@otterbourg.com

*Attorneys for the Ad Hoc Committee*

/s/ *Andrew M. Troop*
Andrew M. Troop
PILLSBURY WINTHROP SHAW PITTMAN
LLP
31 West 52nd Street
New York, New York 10019
Telephone: (212) 858-1000
Email: andrew.troop@pillsburylaw.com

*Attorneys for the Ad Hoc Group of
Non Consenting States*

/s/ *Kevin C. Maclay*
Kevin C. Maclay (admitted *pro hac vice*)
James P. Wehner
Jeffrey A. Liesemer (admitted *pro hac vice*)
George M. O'Connor (admitted *pro hac vice*)
CAPLIN & DRYSDALE, CHARTERED
One Thomas Circle
NW, Suite 1100 Washington, DC 20005
Telephone: (202) 862-5000
Email: kmaclay@capdale.com
        jwehner@capdale.com
        jliesemer@capdale.com
        goconnor@capdale.com

*Attorneys for the Multi-State
Governmental Entities Group*