Gerard Uzzi
Alexander B. Lees
MILBANK LLP
55 Hudson Yards
New York, New York 10001
Telephone: (212) 530-5000
Facsimile: (212) 530-5219

Gregory P. Joseph
Mara Leventhal
JOSEPH HAGE AARONSON LLC
485 Lexington Avenue, 30th Floor
New York, New York 10017
Telephone: (212) 407-1200
Facsimile: (212) 407-1280

*Counsel for the Raymond Sackler Family*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| PURDUE PHARMA L.P., *et al*., | Case No. 19-23649 (RDD) |
| Debtors.[1] | Jointly Administered |

**STATEMENT OF THE RAYMOND SACKLER FAMILY IN RESPECT
OF THE DEBTORS' SECOND EXCLUSIVITY MOTION**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

The Raymond Sackler Family,[2] by and through its undersigned counsel, hereby submits this statement in respect of the Debtors' *Motion of Debtors for Entry of a Second Order Extending the Exclusive Period Within Which To File A Chapter 11 Plan and Solicit Acceptances Thereof* [ECF 1365] (the "Motion"),[3] and respectfully states as follows:

## STATEMENT

1. The Raymond Sackler Family is encouraged by the progress that is reportedly being made by other parties in their mediation process as set forth in the Public Claimants' statement [ECF 1471]. The Raymond Sackler Family shares the goal of bringing these cases to a close as soon as possible and in a way that ensures, as the settlement framework contemplates, that the value of Purdue and the proposed substantial family contribution are used to help abate the opioid crisis and help suffering communities. The Raymond Sackler Family is making extraordinary efforts to do its part to move these cases along expeditiously in service of that goal.

2. The Raymond Sackler Family is concerned by a comment made in the Public Claimants' statement, however, which may leave the inaccurate impression that the Sackler families are not making disclosures as fast as is possible and will take until October 26 to make meaningful progress in discovery. *See* Public Claimants' statement [ECF 1471] ¶ 4. The opposite is true. The staggering scope of the examination led by the Official Committee of Unsecured Creditors (the "UCC") has required the collection, review, and production of enormous quantities of data, and has required extraordinary amounts of work by the family's advisors, which unavoidably takes time. But the Raymond Sackler Family has produced substantial volumes to parties in interest already and it will be producing more at a rapid speed according to a schedule

---

[2] The Raymond Sackler Family includes Richard Sackler, David Sackler, and the estates of the late Jonathan Sackler and Beverly Sackler.

[3] Capitalized terms not defined herein have the same meanings as in the Motion.

2

expressly agreed upon with the UCC and so-ordered by the Court. In fact, as discussed below, the most significant substantial completion deadline of July 1, 2020, has already been timely met.

3. At the outset of these cases, the Raymond Sackler Family began providing extensive discovery to the UCC and other parties in interest on a voluntary basis, as has been detailed in previous filings. *See Response of the Raymond Sackler Family to the Official Committee's April 26 Discovery Letter and Objection to Relief Requested Therein* [ECF 1112] at 4-6. In response to the subpoena served by the UCC on March 31 (which contained more than 120 document requests, counting subparts), members of the Raymond Sackler Family as well as dozens of related entities and trusts (collectively, the "Raymond-side responding parties") undertook to collect an enormous additional volume of electronically stored data – in many instances dating back more than 25 years. Together, the documents were sourced from no fewer than 84 email boxes, social media accounts, and other communication platforms, as well as 53 personal devices and computers. The total data collected amounts to 7.657 terabytes which, by some measures, equates to **more than 50% of the total volume of the Library of Congress**.[4]

4. The Raymond-side responding parties have a document review team of over 90 attorneys sorting through the approximately *one million* documents – comprising multiple millions of pages – returned by the UCC's expansive search parameters. The Raymond-side responding parties have consistently made rolling productions of documents from this dataset since the UCC served its subpoena on March 31, including on April 19; May 7; May 19; June 2; June 17; July 1; and July 22. As of this filing, the Raymond-side responding parties have

---

[4] *See, e.g.*, https://blogs.loc.gov/thesignal/2012/04/a-library-of-congress-worth-of-data-its-all-in-how-you-define-it/ (citing sources estimating that "[a]ll the data in the American Library of Congress amounts to 15 TB"); https://www.smh.com.au/national/optimism-shines-through-experts-view-of-the-future-20120323-1vpas.html (same).

produced a total of more than 110,000 documents, comprising approximately 470,000 pages of materials.

5. The Raymond-side responding parties entered into a stipulation with the UCC on June 22 laying out the expedited schedule to which they would adhere for productions throughout the rest of these cases. [ECF 1295]. On July 1, the Raymond-side responding parties reached the most significant substantial completion deadline, which corresponded to productions from the personal files of Richard Sackler, Jonathan Sackler, and David Sackler dating back at least to 1995 and extending through each such person's date of service on the Purdue board. Additional substantial completion deadlines are scheduled for August 14 and September 1.[5] In the month of August, moreover, the Raymond Sackler Family also expects to produce bank records, financial statements, audit materials, and tax returns for numerous individuals, entities, and trusts dating back to 2008. At the same time, financial institutions have separately been responding to third-party subpoenas calling for the production of bank records for many Raymond-side responding parties (and others): to date, 7 out of the 11 subpoenaed banks have made productions.[6]

6. The UCC and other examining parties therefore already have, or shortly will have, the vast majority of the information they demanded in respect of the Raymond Sackler Family. The final substantial completion deadline applicable to the Raymond-side responding parties is October 1, but that is the date applicable to productions from the personal files of 7 family

---

[5] The July 1 substantial completion deadline corresponded to a review set of approximately 535,000 documents. The August 14 and September 1 deadlines relate to documents collected from Richard Sackler, Jonathan Sackler, and David Sackler for time periods post-dating their directorships, as well as documents collected from another individual who serves as the manager of the family office.

[6] The Raymond Sackler Family has been complying with paragraph 6 of the Court's May 12 order regarding financial institutions discovery [ECF 1143] and has produced redacted copies of these documents within 14 days of any production to outside professionals. To date, the Raymond Sackler Family has timely made 6 such productions, consisting of 2,158 documents and 42,524 pages.

4

members who had no meaningful roles at Purdue – i.e., documents that will be tangentially relevant at best.

7.      The history of the Raymond Sackler Family's good-faith cooperation in discovery throughout these cases, as well as the aggressive schedule to which it has committed to complete discovery, should dispel any notion that it is causing the cases to move more slowly than they should.  The Raymond Sackler Family will continue to abide by its discovery commitments, and remains confident that the unprecedented disclosures it has made already and will continue to make will demonstrate that implementing the proposed settlement structure is in the best interests of the Debtors, their estates, other parties in interest, and the U.S. public generally.

## **CONCLUSION**

8.      The Raymond Sackler Family respectfully requests that the Court grant such relief as is just and proper.

Dated:   July 22, 2020
         New York, New York

                                               /s/ Gerard Uzzi
                                               Gerard Uzzi
                                               Alexander B. Lees
                                               **MILBANK LLP**
                                               55 Hudson Yards
                                               New York, NY 10001
                                               Telephone: (212) 530-5000

                                               /s/ Gregory P. Joseph
                                               Gregory P. Joseph
                                               Mara Leventhal
                                               **JOSEPH HAGE AARONSON LLC**
                                               485 Lexington Avenue, 30th Floor
                                               New York, New York 10017
                                               Telephone: (212) 407-1200

                                               *Counsel for the Raymond Sackler Family*