**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PURDUE PHARMA L.P., *et al.*, | ) | Case No. 19-23649 (RDD) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |

## ORDER ADJOURNING CLASS CLAIM MOTIONS

Upon the motions (collectively, the "Class Claim Motions") of the Public School Districts [ECF No. 1211],[2] the Private Insurance Class Claimants [ECF No. 1321], the Hospital Claimants [ECF No. 1330], the NAS Guardians [ECF No. 1362] and Tiffany Dunford as Next Friend of T.N. Dunford [ECF No. 1408] (collectively, the "Movants") for an order, pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") 9014 and 7023, making Bankruptcy Rule 7023 applicable to the contested matters and certifying classes pursuant to Federal Rule of Civil Procedure 23(b)(1)(B); and the Court having jurisdiction to consider the Class Claim Motions pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012 (Preska, C.J.), and venue being proper in this District and this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and upon all pleadings filed in connection with the Class Claim Motions; and upon the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014).

[2] Capitalized terms used but not defined in this Order shall have the meanings ascribed to such terms in the respective Class Claim Motions.

record of the hearing held by the Court on the Class Claim Motions on July 23, 2020 and all of the proceedings herein; and after due deliberation and for the reasons stated by the Court in its bench ruling on the record of the hearing, good and sufficient cause appearing for the entry of this Order; now, therefore, it is **HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The hearing on the Class Claim Motions is adjourned until the first possible hearing date under the Case Management Order that is at least 3 days after the Termination Date (as defined in the *Order Appointing Mediators* [ECF No. 895] (the "Mediation Order")) (such omnibus hearing date, the "Renewed Hearing Date").

2. If a Class Claim Motion is granted following the Renewed Hearing Date, then, notwithstanding anything to the contrary in the *Order Establishing (I) Deadlines for Filing Proofs of Claim and Procedures Relating Thereto, (II) Approving the Proof of Claim Forms, and (III) Approving the Form and Manner of Notice Thereof* [ECF No. 800] (the "Bar Date Order"), the applicable Movant shall be permitted to file a class proof of claim, and such proof of claim shall not be considered untimely solely due to the passage of the General Bar Date (as defined in the Bar Date Order), until the date that is seven days after the entry of the order granting such Class Claim Motion.

3. Notwithstanding anything else in this Order, the pendency or denial of a Class Claim Motion or any other motion of a similar kind or nature shall not be deemed to toll the General Bar Date with respect to any individual proof of claim, whether or not such individual proof of claim asserts a claim that would have been encompassed by a class proof of claim filed pursuant to the preceding paragraph or contemplated by a Class Claim Motion.

2

4.         For the avoidance of doubt, nothing in this Order shall affect in any way the right of any party to appeal, or to participate in an appeal of, any future order of this Court with respect to any Class Claim Motion.

Dated:  July 24, 2020
       White Plains, New York

*/s/ Robert D. Drain*
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE