DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut
James I. McClammy

*Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (RDD)** |
| **Debtors.**[1] | **(Jointly Administered)** |

**AMENDED AND RESTATED STIPULATION AND ORDER PERMITTING THE
FILING OF A CLASS PROOF OF CLAIM SOLELY FOR ADMINISTRATIVE
CONVENIENCE IN ORDER TO EFFECTUATE A POTENTIAL SETTLEMENT IN
RESPECT OF CERTAIN CANADIAN PATIENT LITIGATION**

Purdue Pharma L.P. ("**PPLP**") and certain of its affiliates, as debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), and the Patient Plaintiffs (as defined below), by and through their undersigned counsel, hereby enter into this amended and restated stipulation and order (this "**Stipulation**"). The Debtors

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

and the Patient Plaintiffs are individually referred to herein as a "**Party**" and are collectively referred to herein as the "**Parties**."

### Recitals

A.  On September 15, 2019 (the "**Petition Date**"), the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101, et seq. (as amended or modified, the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee of examiner has been appointed.  On September 27, 2019, the United States Trustee for the Southern District of New York appointed the official committee of unsecured creditors.  The Chapter 11 Cases are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**").

B.  On February 3, 2020, the Bankruptcy Court entered the *Order Establishing (I) Deadlines for Filing Proofs of Claim and Procedures Relating Thereto, (II) Approving the Proof of Claim Forms, and (III) Approving the Form and Manner of Notice Thereof* [ECF No. 800] (the "**Initial Bar Date Order**") establishing 5:00 p.m. (Prevailing Eastern Time) on June 30, 2020 (the "**General Bar Date**") as the deadline for all persons and entities (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, governmental units, and Native American Tribes), holding a pre-petition claim, as defined in Section 101(5) of the Bankruptcy Code (a "**Claim**"), against the Debtors which arose on or prior to the Petition Date, to file a proof of claim.  On June 3, 2020, the Bankruptcy Court entered the *Order (I) Extending the General Bar Date for a Limited Period and (II) Approving the Form and Manner of Notice Thereof* [ECF No.

1221] (the "**Bar Date Extension Order**") extending the General Bar Date to July 30, 2020 at 5:00 p.m. (Prevailing Eastern Time).

C. On February 10, 2020, the Ontario Superior Court of Justice (Commercial List) (the "**CCAA Court**") entered the *Recognition Order Regarding Bar Date Order and Other Relief*, recognizing the Initial Bar Date Order, in the Debtors' foreign proceeding under Canada's *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended (the "**CCAA Proceeding**"). The Debtors will seek an order of the CCAA Court recognizing the Bar Date Extension Order.

D. Ten class actions (the "**Canadian Patient Class Actions**") were commenced in each province of Canada (except Manitoba) between May 11, 2007 and June 22, 2012. The Canadian Patient Class Actions, the lead plaintiffs in each Canadian Class Action (each, a "**Patient Plaintiff**" and, collectively, the "**Patient Plaintiffs**"), and the defendants in the Canadian Patient Class Actions are set out on **Schedule 1** hereto. The Canadian Patient Class Actions relate to the manufacture, marketing, sale, distribution, labelling, prescription and use of OxyContin® and OxyNEO® in Canada, but do not purport to advance claims on behalf of those who acquired and ingested either OxyContin or OxyNEO® other than through a legitimate prescription.

E. Prior to the Petition Date, the Patient Plaintiffs and the defendants in the Canadian Patient Class Actions entered into a conditional national class action settlement agreement (as amended, modified and/or supplemented, the "**Patient Settlement Agreement**"), attached hereto as **Schedule 2**. Pursuant to its own terms and Canadian class action legislation, the Patient Settlement Agreement had to be approved by the Ontario Superior Court of Justice, Superior Court of Quebec, Supreme Court of Nova Scotia and the Saskatchewan Court of Queen's Bench (the

3

"**Requisite Courts**") in order to become effective. The Patient Settlement Agreement has yet to receive the approval of the Saskatchewan Court of Queen's Bench (the "**Saskatchewan Court**").

F.   The Canadian Provincial Health Insurers (the "**PHIs**") oppose approval of the Patient Settlement Agreement in the Saskatchewan Court, insofar as it purports to affect their rights and obligations.

G.   Under the Patient Settlement Agreement, the defendants in the Canadian Patient Class Actions consented to conditional certification of the Canadian Patient Class Actions for settlement purposes only. In connection therewith, the Requisite Courts have entered conditional orders certifying certain Classes in the Canadian Patient Class Actions (collectively, the "**Patient Class**") solely for purposes of approving the Patient Settlement Agreement. The PHIs are not members of the Patient Class.

H.   Prior to the Petition Date, non-Debtor Purdue Pharma (Canada), an independent associated company beneficially owned by the Debtors' shareholders, settled a trust for CAD $20 million (the "**Settlement Trust**"), which is the full amount of the Settlement Payment. The funds in the Settlement Trust are held in trust and are sufficient to make payment of the claims of the Patient Plaintiffs and will be distributed in accordance with the Patient Settlement Agreement if the Patient Settlement Agreement is approved by the Saskatchewan Court. Establishment of this Settlement Trust does not affect the proposed settlement framework in these Chapter 11 Cases, as described in the summary term sheet filed with the Bankruptcy Court [ECF No. 257].

I.   The purpose of this stipulation is to permit the Patient Plaintiffs to file a proof of claim on their own behalf, and on behalf of the Patient Class in the Canadian Patient Class Actions solely for protecting their claims pursuant to the terms of the Patient Settlement Agreement and not for any other purpose. For greater certainty, this stipulation does not impact or affect the rights

4

of the PHIs, including the right to oppose the Patient Settlement Agreement in the Saskatchewan Court, as described above in F, and to file their own proofs of claim, even if those claims are subrogated to the claims of the Patient Plaintiffs. To the extent that the Patient Settlement Agreement is not approved by the Saskatchewan Court, the Parties agree that the Patient Class Proof of Claim (as defined below) shall be null and void and of no further force and effect. Therefore, all potential claimants who are members of the Patient Class in the Canadian Patient Class Actions will need to file a proof of claim in the Debtors' cases to preserve their claims, which claims stated in such proofs of claim of the members of the Patient Class will be disallowed if and to the extent that the Patient Settlement Agreement is approved by the Saskatchewan Court.

J.    Capitalized terms not otherwise defined herein have the meaning ascribed to them in the Patient Settlement Agreement.

NOW, THEREFORE, in consideration of the mutual promises and covenants contained herein, and other good and valuable consideration, the Parties, intending to be legally bound, stipulate and agree as follows:

1.    On behalf of all potential holders (the "**Settlement Patient Claimants**") of the Patient Class' Settled Patient Claims (which means the Settled Claims, as defined in the Patient Settlement Agreement but expressly excluding any and all claims of PHIs, whether direct or subrogated to the claims of the Patient Plaintiffs and of the other members of the Patient Class), the undersigned class counsel ("**Class Counsel**") may file a class proof of claim (a "**Patient Class Proof of Claim**") in the amount of CAD $18 million (the "**Patient Settlement Payment**") aggregating the Settlement Patient Claimants' respective Settled Patient Claims against each Debtor named as a defendant in the Canadian Patient Class Actions.  Notwithstanding anything in this Stipulation to the contrary, a Patient Class Proof of Claim shall only state a claim for Settled

5

Patient Claims held by the Settlement Patient Claimants in the amount of the Patient Settlement Payment and no other claims may be asserted against any Debtor in any Patient Class Proof of Claim.

2. Class Counsel, by filing the Patient Class Proof of Claim, consents to and hereby is deemed to be the claimant under the Patient Class Proof of Claim for the purpose of receiving notices and distributions, if any, except as otherwise provided in a confirmation order related to a chapter 11 plan filed in the Chapter 11 Cases, and may respond to any objections to any claims asserted in the Patient Class Proof of Claim. Notice to Class Counsel shall be sufficient notice to the Settlement Patient Claimants.

3. The Patient Plaintiffs and Class Counsel acknowledge and agree that, if approved by the Saskatchewan Court: (i) the Patient Settlement Agreement and Patient Class Proof of Claim is the exclusive remedy for all Settled Patient Claims in the Chapter 11 Cases; (ii) the Patient Settlement Agreement and Patient Class Proof of Claim shall supersede and replace any other proof of claim or portion thereof filed by any of the Patient Plaintiffs, Settlement Patient Claimants, or counsel to any of the foregoing, in the Chapter 11 Cases in respect of Settled Patient Claims; (iii) that upon the Effective Date (as defined in the Patient Settlement Agreement) the Debtors shall be deemed to have been completely and unconditionally released, forever discharged, and acquitted from any and all Settled Patient Claims against the Debtors and from any other proof of claim or portion thereof in respect of any Settled Patient Claim filed against any Debtor; and (iv) the Debtors shall apply for an Order of the CCAA Court, and Class Counsel shall support such requested Order, requiring the Claims Administrator to provide the Debtors or any successor to the Debtors, including without limitation any plan administrator, a list of the names and addresses of all Approved Claimants within 120 days of the Effective Date, and updated lists no less

6

frequently than every 120 days thereafter or as otherwise reasonably requested by the Debtors or any successor to the Debtors.

4.   The Debtors acknowledge and agree that the Patient Class Proof of Claim shall not otherwise prejudice any proof of claim filed in respect of (a) claims against the Debtors arising on or before the Petition Date other than Settled Patient Claims or any other claims of the Settlement Claimants; (b) Settled Patient Claims or any other claims of the Settlement Claimants in the event the Patient Settlement Agreement is not approved by the Saskatchewan Court or the Effective Date does not otherwise occur under the Patient Settlement Agreement; or (c) any claims of the PHIs, whether direct or subrogated to claims of the Patient Plaintiffs and other members of the Patient Class (the "**Contingent Claims**"). For the avoidance of doubt, the Contingent Claims shall be subject to the General Bar Date and any Contingent Claim filed after the General Bar Date shall be considered untimely.

5.   The Parties acknowledge and agree that, if the Patient Settlement Agreement is approved by the Saskatchewan Court and the funds in the Settlement Trust are released for the benefit of the Settlement Patient Claimants: (i) no Settlement Patient Claimant that filed a proof of claim in the Chapter 11 Cases shall receive a recovery in respect of a Settled Patient Claim from any source other than the Settlement Payment made from the Settlement Trust; and (ii) any Settlement Patient Claimant that filed a proof of claim in the Chapter 11 Cases shall have the burden of proving that such proof of claim is not in respect of a Settled Patient Claim that was released and discharged pursuant to this Stipulation. Any chapter 11 plan in the Chapter 11 Cases and any order confirming such plan will provide that no distributions will be made on account of any claims that may constitute Settled Patient Claims unless and until (x) the Saskatchewan Court approves the Patient Settlement Agreement and all funds in the Settlement Trust have been

distributed to Settlement Patient Claimants in accordance with the Patient Settlement Agreement, or (y) the Saskatchewan Court denies the Patient Settlement Agreement. Any chapter 11 plan in the Chapter 11 Cases and any order confirming such plan will further provide that, in the case of clause (x) in the immediately preceding sentence, a Settlement Patient Claimant may subsequently seek a recovery in the Chapter 11 Cases but only with regard to claims that are not Settled Patient Claims, and only if such Settlement Patient Claimant can demonstrate that they have not received any recovery from the Settlement Trust on account of such claim and that such claim is not otherwise a Settled Patient Claim from which the Debtors were discharged under the Patient Settlement Agreement.

6. The Debtors' agreement herein to permit the filing of the Patient Class Proof of Claim is intended solely for the purpose of administrative convenience and neither this Stipulation nor the filing of any Patient Class Proof of Claim shall constitute an admission of any fact or of liability with respect to any claim, including any Contingent Claim, or in any way prejudice the right of any Debtor or any other party in interest to object to the allowance, amount and/or priority of any claim, including the Patient Class Proof of Claim or any Contingent Claim.

7. The Parties agree that in the event the Saskatchewan Court does not approve the Patient Settlement Agreement, this Stipulation shall be deemed withdrawn and any Patient Class Proof of Claim shall be rescinded and deemed null and void.

8. The Bankruptcy Court shall have exclusive jurisdiction to resolve any and all disputes related to this Stipulation. Each of the Parties irrevocably consents for all purposes of this Stipulation to the jurisdiction of the Bankruptcy Court and agrees that venue is proper in the Bankruptcy Court. For greater certainty, approval of the Patient Settlement Agreement remains within the exclusive jurisdiction of the Requisite Courts.

9. This Stipulation is subject to the approval of this Court and shall become effective and enforceable immediately upon entry of an order by the Court approving this Stipulation. If this Stipulation is not approved by the Court, then this Stipulation shall be deemed null and void, and shall not be referred to or used for any purpose by any of the Parties in either the Chapter 11 Cases or in any other forum.

10. Nothing in this Stipulation, whether express or implied, shall be construed to give to any person or entity other than the Parties any legal or equitable right, remedy, interest, or claim under or in respect of this Stipulation.

11. Nothing in this Stipulation, whether express or implied, shall be construed to limit the rights of the PHIs to advance their claims as against the Debtors in the Chapter 11 Cases or in any other forum, including with respect to claims that are subrogated to the claims of the Patient Plaintiffs or other members of the Patient Class, or predicated upon wrongdoing directed at the Patient Class and other members of the Patient Class.

12. The Parties represent and warrant to each other that the signatories to this Stipulation have full power and authority to enter into this Stipulation. For greater certainty, Class Counsel do not represent the PHIs and are not entering into the stipulation on behalf of the PHIs.

13. This Stipulation represents the Parties' mutual understandings and supersedes all prior agreements whether in oral or written form with respect to the matters addressed herein and is intended to be the complete and exclusive statement of the terms thereof and may not be modified or amended except by a writing signed by the Parties or their counsel.

IN WITNESS WHEREOF, and in agreement herewith, the Parties have executed and delivered this Stipulation as of the date first set forth below.

Dated: July 22, 2020
       New York, New York

                DAVIS POLK & WARDWELL LLP

                By:  */s/ James I. McClammy*
                450 Lexington Avenue
                New York, New York 10017
                Telephone: (212) 450-4000
                Facsimile:  (212) 701-5800
                Marshall S. Huebner
                Benjamin S. Kaminetzky
                Timothy Graulich
                Eli J. Vonnegut
                James I. McClammy

                *Counsel to the Debtors*
                *and Debtors in Possession*

Dated: July 22, 2020
Halifax, Nova Scotia

WAGNERS

By: _____
1869 Upper Water Street
Suite PH301
Halifax, NS B3J 1S9
Telephone: (902) 425-7330
Facsimile: (902) 422-1233
Raymond Wagner, Q. C.

*Class Counsel*


ROCHON GENOVA LLP

By: _____
121 Richmond Street West
Suite 900
Toronto, ON M5H 2K1
Telephone: (416) 548-9874
Joel P. Rochon

*Class Counsel*


SISKINDS LLP

By: _____
680 Waterloo Street
P.O. Box 2520
London, ON N6A 3V8
Telephone: (519) 672-2121
Michael G. Robb

*Class Counsel*

MERCHANT LAW GROUP LLP

By: _____
501 – 224 4th Avenue S.
Saskatoon, SK S7K 5M5
Telephone: 306-653-777
Raymond Wagner, Q.C. *for* Tony Merchant, Q.C.

*Class Counsel*

SO ORDERED, there being no objections to entry hereof after due and sufficient notice and a hearing thereon on July 23, 2020:

White Plains, New York
Dated:  July 24, 2020

*/s/ Robert D. Drain*

THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

## **Schedule 1**

| Jurisdiction | File Date & Court File No. | Plaintiff(s) | Debtor Defendant(s) | U.S. Associated Entities Defendant(s) | Canadian Associated Entities Defendant(s) |
|---|---|---|---|---|---|
| Ontario | June 8, 2007 and June 26, 2007; 070CV-343201CP | Colin MacKay, Steven Ground, Harold Ground, Tim Reid and Sabine Reid and Darrell Rockwood and Marilyn Rockwood | Purdue Pharma L.P. | The Purdue Frederick Company Inc. The P.F. Laboratories Inc. | Purdue Pharma Inc. Purdue Frederick Inc. Purdue Pharma |
| Nova Scotia | September 26, 2007; 285995 (Halifax) | George Bellefontaine and Stephen MacGillivray | Purdue Pharma L.P., Purdue Pharmaceuticals L.P. | The Purdue Frederick Company Inc. The P.F. Laboratories Inc. Purdue Pharma Company Purdue Pharma Company Inc. | Purdue Pharma Inc. Purdue Frederick Inc. Purdue Pharma |
| Quebec | May 11, 2007; 200-06-000080-070 | Claude Larose, Francois Michaud and Leo Michaud | Purdue Pharma L.P., | The Purdue Frederick Company Inc. The P.F. Laboratories Inc. | Purdue Pharma Inc. Purdue Frederick Inc. Purdue Pharma |
| Saskatchewan | June 22, 2012; Q.B.G. 1073/2012 | Demetrios Perdikaris | Purdue Pharma L.P. | The Purdue Frederick Company Inc. The P.F. Laboratories Inc. | Purdue Pharma Inc. Purdue Frederick Inc. Purdue Pharma |
| British Columbia | October 21, 2008; 07586 | Laurie Jayne Newton | Purdue Pharma L.P. | The Purdue Frederick Company Inc. | Purdue Pharma Inc. Purdue Frederick Inc. Purdue Pharma |
| New Brunswick | April 30, 2009; W/C/44/09 | Gary Melanson | Purdue Pharma L.P., Purdue Pharmaceuticals L.P. | The Purdue Frederick Company Inc. The P.F. Laboratories Inc. Purdue Pharma Company Purdue Pharma Company Inc. | Purdue Pharma Inc. Purdue Frederick Inc. Purdue Pharma |

| Jurisdiction | File Date & Court File No. | Plaintiff(s) | Debtor Defendant(s) | U.S. Associated Entities Defendant(s) | Canadian Associated Entities Defendant(s) |
|---|---|---|---|---|---|
| Newfoundland and Labrador | April 29, 2009; 2009 01T/2102 CP | George Critchley | Purdue Pharma L.P., Purdue Pharmaceuticals L.P. | The Purdue Frederick Company Inc. The P.F. Laboratories Inc. Purdue Pharma Company Inc. Purdue Pharma Company | Purdue Pharma Inc. Purdue Frederick Inc. |
| Prince Edward Island | May 1, 2009; S1-GS 23185 | L. Annette Stewart | Purdue Pharma L.P., Purdue Pharmaceuticals L.P. | The Purdue Frederick Company Inc. The P.F. Laboratories Inc. Purdue Pharma Company Purdue Pharma Company Inc. | Purdue Pharma Inc. Purdue Frederick Inc. Purdue Pharma |
| Saskatchewan | September 30, 2008; 1163 of 2008 (Q.B.) | Adolph Stan Juchacz | Purdue Pharma L.P. | The Purdue Frederick Company Inc. | Purdue Pharma Inc. Purdue Frederick Inc. Purdue Pharma |
| Alberta | July 23, 2008; 0801-08779 | Lindsay Black | Purdue Pharma L.P. | The Purdue Frederick Company Inc. | Purdue Pharma Inc. Purdue Frederick Inc. Purdue Pharma |

## Schedule 2

**Patient Settlement Agreement**