UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| PURDUE PHARMA L.P., *et al.*, | ) ) | Case No. 19-23649 (RDD) |
| Debtors.[1] | ) ) ) | (Jointly Administered) |

**AGREED ORDER RESOLVING THE MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER CLARIFYING THE DEBTORS' OBLIGATIONS WITH REGARD TO POLITICAL CONTRIBUTIONS**

Upon the motion (the "Motion") of the Official Committee of Unsecured Creditors (the "Official Committee") of Purdue Pharma L.P. and its affiliated debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), for an order, pursuant to section 363(b) of title 11 of the United States Code (the "Bankruptcy Code"), clarifying the Debtors' obligations with regard to political contributions; and the Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. § 1334(a) and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012 (Preska, C.J.), as a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having authority to enter a final order with respect to the Motion consistent with Article III of the United States Constitution; and venue being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and there being due and sufficient notice of the Motion; and there being no

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014).

written objections or other responses to the Motion; and upon the record of the hearing held by the Court on the Motion on July 23, 2020, at which it was represented that the Debtors and the Official Committee have agreed to the entry of this Order; and after due deliberation and good and sufficient cause appearing therefor, it is **HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.     For the duration of the Chapter 11 Cases, the Debtors will not make any payments to the Democratic Attorneys General Association ("DAGA"), the Republican Attorneys General Association ("RAGA") or any other organization the primary membership of which consists of, or the primary function of which concerns the activities of, attorneys general, regardless of whether such organization is subject to 26 U.S.C. § 527 (such organizations, together with RAGA and DAGA, the "AG Organization Recipients").

2.     The Debtors are authorized, but not directed, to make one yearly payment to each of the Democratic Governors Association, the Republican Governors Association, the Republican State Leadership Committee and the Democratic Legislative Campaign (collectively, the "Identified Recipients") pursuant to their customary schedule for renewal payments to such organizations, which payments shall be made no earlier than November 1, 2020.

3.     Not less than 30 days before any direct or indirect transfer by the Debtors of an interest in property to or for the benefit of any entity organized under 26 U.S.C. § 527 that is not an AG Organization Recipient or an Identified Recipient (an "Additional Recipient"), the Debtors shall file with this Court a notice identifying (a) the proposed recipient of such transfer, (b) the proposed date of such transfer, and (c) the proposed amount of such transfer. Once 30 days have elapsed from the time of the filing of such notice, the Debtors may make the identified transfer without further order of the Court.

4. Notwithstanding anything to the contrary in this Order, the Debtors shall not transfer more than $25,000.00 in the aggregate, plus *de minimis* incidental costs, such as conference registration fees, to any Identified Recipient or Additional Recipient for the duration of the Chapter 11 Cases absent further order of the Court.

5. Notwithstanding anything to the contrary in this Order, the aggregate total amount of all transfers of property to Identified Recipients and Additional Recipients shall not exceed $125,000.00, plus *de minimis* incidental costs, such as conference registration fees, for the duration of the Chapter 11 Cases absent further order of the Court.

6. For the avoidance of doubt, nothing in this Order limits, expands or otherwise alters the authority of the Debtors to make transfers to or for the benefit of any entity that is not an AG Organization Recipient, an Identified Recipient or an Additional Recipient.

7. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Order.

Dated: July 28, 2020
      White Plains, New York

                                                */s/ Robert D. Drain*
                                                THE HONORABLE ROBERT D. DRAIN
                                                UNITED STATES BANKRUPTCY JUDGE