July 15, 2020

Honorable Robert D. Drain
United States Bankruptcy Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601-4140

Re: *Purdue Pharma, LP, et al.*, case no. 19-23649 (Bankr. S.D.N.Y.)

Dear Judge Drain,

I write to ask this Court to appoint an examiner, pursuant to Section 1104 of the United
States Bankruptcy Code, to investigate all Purdue Pharma documents and the role of the
Sackler family in the marketing, labeling and sale of OxyContin.  Unfortunately, I am a
creditor of Purdue Pharma because my daughter, Emily Jackson, died of an overdose on
August 18, 2006, after ingesting one OxyContin pill.  She was 18 years old.

In 2007, I testified at the Purdue sentencing hearing before the Honorable James P.
Jones, a federal District Court judge in West Virginia.  At that time, I was unaware of
the role the Sackler family had played in the misbranding of OxyContin.  Sadly, I was
not the only bereaved parent in the courtroom and I was not the only one who was still in
the dark.

Since 2007, I have learned that much information was withheld from the public view,
both related to Purdue and to the role of the Sacklers who, I now understand, apparently
made many of the decisions that led to this crisis.  Your Honor, this made me feel as
though we were being used as part of a scheme to make it look like the government was

taking bold action, while in reality many pertinent facts as to Purdue's conduct and the involvement of the Sacklers were hidden from view. When I learned that this bankruptcy proceeding could result in immunity from civil lawsuits for the Sackler family, I hoped and expected that the Court would understand the importance of making the truth known. For my family, the truth is the only thing that matters. No amount of money could ever fill the hole in my life created by the loss of my sweet daughter.

The best outcome to this bankruptcy proceeding for the many families that have been shattered by this company's aggressive and illegal marketing strategies is a fair, comprehensive and public review of all available evidence as to what exactly this company and the Sackler family have done. It is particularly important to shine a bright light on all available evidence so that the American public can understand, once and for all, exactly how this company and their owners conducted themselves and how their actions sparked the epidemic that continues to harm Americans.

If we are to avoid repeating the same mistakes made in the past, and if we are to learn from mistakes that have been made by our government in allowing this company to conduct itself in a manner detrimental to the public health, the secrecy must end – here and now. Your Honor, we know that this is our last chance.

As one of the many thousands of parents who have had their families ripped apart by the fraudulent marketing of OxyContin and the ensuing opioid epidemic, I believe it is critical that an independent examiner be appointed to credibly report the evidence in this case. Additionally, as someone who testified at the 2007 sentencing hearing, I would like to know how it is possible for Purdue Pharma and the Sacklers to have caused even more damage after a federal criminal prosecution and guilty plea.

Your Honor, I am not an attorney, I am not represented by an attorney in this case and I do not have access to the legal resources available to Purdue Pharma or the Sacklers. I

respectfully ask the Court to give my request the consideration due to a creditor's motion.

Sincerely,

Peter W. Jackson