AKIN GUMP STRAUSS HAUER & FELD LLP
Ira S. Dizengoff
Arik Preis
Mitchell P. Hurley
Joseph L. Sorkin
Sara L. Brauner
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
idizengoff@akingump.com
apreis@akingump.com
mhurley@akingump.com
jsorkin@akingump.com
sbrauner@akingump.com

*Counsel to the Official Committee of*
*Unsecured Creditors of Purdue Pharma L.P.*, et al.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Purdue Pharma L.P., *et al.*,[1] | Case No. 19-23649 (RDD) |
| Debtors. | (Jointly Administered) |

***EX PARTE* MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF PURDUE PHARMA, *ET AL.*, AND THE AD HOC GROUP OF NON-CONSENTING STATES FOR ENTRY OF AN ORDER AUTHORIZING EXAMINATIONS OF CERTAIN INSURANCE BROKERS PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 2004 AND 9006**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

# **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ...........................................................................................................1

JURISDICTION AND VENUE ..........................................................................................................2

RELEVANT BACKGROUND ...........................................................................................................2

RELIEF REQUESTED........................................................................................................................3

BASIS FOR RELIEF..........................................................................................................................4

CONCLUSION...................................................................................................................................7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Drexel Burnham Lambert Grp., Inc.*,
  123 B.R. 702 (Bankr. S.D.N.Y. 1991) ...................................................................................6

*In re Ecam Publ'ns, Inc.*,
  131 B.R. 556 (Bankr. S.D.N.Y. 1991) ...................................................................................6

*In re Enron Corp.*,
  281 B.R. 836 (Bankr. S.D.N.Y. 2002) ...................................................................................7

*In re Hughes*,
  281 B.R. 224 (Bankr. S.D.N.Y. 2002) ...................................................................................6

*Keene Corp. v. Johns-Manville Corp. (In re Johns-Manville Corp.)*,
  42 B.R. 362, 364 (S.D.N.Y. 1984) .........................................................................................6

*In re Madison Williams & Co., LLC*,
  No. 11-15896, 2014 WL 56070 (Bankr. S.D.N.Y. Jan. 7, 2014) ............................................6

*In re Metiom, Inc.*,
  318 B.R. 263 (S.D.N.Y. 2004) ...............................................................................................8

*In re Recoton Corp.*,
  307 B.R. 751 (Bankr. S.D.N.Y. 2004) ............................................................................6, 7, 8

*Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re: Bernard L. Madoff)*,
  No. 09-11893 (SMB), 2014 WL 5486279 (Bankr. S.D.N.Y. Oct. 30, 2014) .........................6

*In re Wilcher*,
  56 B.R. 428 (Bankr. N.D. Ill. 1985) .......................................................................................6

**Statutes**

11 U.S.C. § 1103 ..............................................................................................................................7

11 U.S.C. § 105 ................................................................................................................................3

28 U.S.C. § 157 ................................................................................................................................3

28 U.S.C. § 1334 ..............................................................................................................................3

28 U.S.C. § 1408 ..............................................................................................................................3

**Other Authorities**

Fed. R. Bankr. P. 2004 ................................................................................................1, 5, 7

Fed. R. Bankr. P. 9006 ............................................................................................................3

Fed. R. Bankr. P. 9016 ............................................................................................................3

Bankr. S.D.N.Y. Rule 9013-1(a) ..............................................................................................7

Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Official Committee of Unsecured Creditors (the "Official Committee") of Purdue Pharma L.P. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors," and together with their non-Debtor affiliates, the "Company" or "Purdue"), and the Ad Hoc Committee of Non-Consenting States (the "NCSG," and with the Official Committee, the "Moving Parties"), by and through each of their respective undersigned counsel, hereby submit this *ex parte* motion (the "Motion") for entry of an order authorizing the Moving Parties to conduct an examination of and seek discovery from certain of the Debtors' insurance brokers.

## PRELIMINARY STATEMENT

1.  The Moving Parties seek authority under Bankruptcy Rule 2004 to serve formal discovery on the following two insurance brokers believed to possess information regarding the Debtors' insurance coverage: (a) Aon Risk Services Northeast, Inc. and its predecessors, successors, affiliates and subsidiaries, including but not limited to Aon Risk Services, Inc. of Connecticut; Aon Group Limited; Aon (Bermuda) Ltd.; and Aon Intermediaries (Bermuda) Ltd. ("Aon"), and (b) Marsh USA Inc. and its predecessors, successors, affiliates and subsidiaries ("Marsh," and together with Aon, the "Insurance Brokers"). In accordance with the stipulation among the Official Committee, the NCSG and other creditor groups, the Moving Parties will coordinate with other creditors groups with respect to this discovery request, including sharing documents received in response, and on any related motion practice where possible, in an effort to minimize cost and expense to the estates. *See* Notice of Filing of Amended Stipulation and Agreed Order Among the Official Committee and Other Parties in Interest Regarding Discovery and the Sharing of Information in the Chapter 11 Cases dated July 17, 2020 [Docket No. 1440] (the "Creditor Party Stipulation").

1

2.  The Official Committee has sought and continues to seek informally from the Debtors information about the Debtors' insurance coverage, including the nature and scope of the Debtors' insurance applicable or potentially applicable to opioid-related liabilities. While some of this information has been obtained from the Debtors, the Official Committee has identified the brokers subject to this Motion as parties that are likely to have additional and potentially more complete information critical to the Official Committee's ongoing investigation and to the NCSG and other parties to the Creditor Party Stipulation. Because an insurance broker acts as a specialized intermediary between an insurer and an insured, the Debtors' Insurance Brokers likely have directly relevant documents and information, including the complete underwriting files related to the Debtors' insurance policies, insurance applications, notices of claims, and communications with insurers. This information could be important to the Moving Parties' investigation of Debtor assets.

## JURISDICTION AND VENUE

3.  This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

4.  Venue is proper under 28 U.S.C. § 1408.

5.  The bases for the relief requested herein are Bankruptcy Code section 105 and Bankruptcy Rules 2004, 9006, and 9016.

## RELEVANT BACKGROUND

6.  The Moving Parties seek permission to serve 2004 discovery on Aon and Marsh. Aon served as Purdue's insurance broker through approximately 2001. In October 2001 Marsh took over as Purdue's insurance broker. Both brokers were tasked with securing insurance coverage to protect Purdue from risks arising out of its pharmaceutical business. Purdue's insurance provides substantial coverage applicable to the Debtors' opioid-related liabilities. This

insurance coverage collectively represents one of the major assets of the Debtors' estate to satisfy creditor claims.

7.      The Official Committee has served formal and informal requests on parties, including the Debtors, seeking documents and communications relating to the Debtors' insurance programs, including risk management and underwriting files and broker communications with insurers.  The Official Committee has received some responsive information, but the Debtors do not appear to have access to complete underwriting files and broker communications and therefore have been unable to produce all requested materials.  To facilitate a faster and more efficient process for obtaining documents relating to the Debtors' insurance coverage, including communications that the Insurance Brokers had with insurers, the Moving Parties now seek authorization under Bankruptcy Rule 2004 to conduct formal discovery directly from the Insurance Brokers.

8.      Specifically, the Moving Parties request permission to seek responsive documents directly from the Insurance Brokers, including documents that comprise underwriting files and/or concern underwriting activities related to the Debtors' insurance programs.  The discovery the Moving Parties will seek will allow them to better understand the nature and extent of the Debtors' assets.

## RELIEF REQUESTED

9.      The Moving Parties respectfully request that the Court enter an order pursuant to Bankruptcy Rule 2004, substantially in the form of the Proposed Order attached to this Motion as **Exhibit A**, authorizing them to conduct formal discovery from the Insurance Brokers.  Upon entry of the Rule 2004 order, the Moving Parties intend to serve subpoenas (the "Requests") on the Insurance Brokers pursuant to Rule 2004.

**BASIS FOR RELIEF**

**I.     Examinations Are Warranted Under Bankruptcy Rule 2004.**

10.     Bankruptcy Rule 2004(a) provides, in relevant part, that "[o]n motion of any party in interest, the court may order examination of any entity." Under Bankruptcy Rule 2004, a party-in-interest like the Moving Parties may request discovery related to "acts, conduct, or property, or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." Fed. R. Bankr. P. 2004(b).

11.     The purpose of Bankruptcy Rule 2004 is to "assist a party in interest in determining the nature and extent of the bankruptcy estate, revealing assets, examining transactions and assessing whether wrongdoing has occurred." *In re Recoton Corp.*, 307 B.R. 751, 755 (Bankr. S.D.N.Y. 2004). Rule 2004 permits discovery "to determine the extent of the estate's assets and recover those assets for the benefit of creditors." *In re Madison Williams & Co., LLC*, No. 11-15896, 2014 WL 56070, at *3 (Bankr. S.D.N.Y. Jan. 7, 2014); *see also Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re: Bernard L. Madoff)*, No. 09-11893 (SMB), 2014 WL 5486279, at *2 (Bankr. S.D.N.Y. Oct. 30, 2014) ("The underlying purpose of Rule 2004 is to 'allow the court to gain a clear picture of the condition and whereabouts of the bankrupt's estate.'") (quoting *Keene Corp. v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 42 B.R. 362, 364 (S.D.N.Y. 1984)).

12.     The scope of discovery allowed under Bankruptcy Rule 2004 is "'very broad and great latitude of inquiry is ordinarily permitted.'" *In re Madison Williams*, 2014 WL 56070, at *3 (quoting *In re Wilcher*, 56 B.R. 428, 433 (Bankr. N.D. Ill. 1985)). Courts repeatedly have recognized that discovery provided for under Rule 2004 encompasses "broader discovery than is available under the Federal Rules of Civil Procedure." *In re: Bernard L. Madoff*, 2014 WL

4

5486279, at *2 (citing *In re Recoton Corp.*, 307 B.R. at 755); *see also In re Hughes*, 281 B.R. 224, 226 (Bankr. S.D.N.Y. 2002) ("[T]he scope of examination allowed under Rule 2004 is broader than discovery allowed under the Federal Rules of Civil Procedure and may be in the nature of a "'fishing expedition.'"); *In re Drexel Burnham Lambert Grp., Inc.*, 123 B.R. 702, 711 (Bankr. S.D.N.Y. 1991) (same).

13.  Bankruptcy Rule 2004 permits discovery of any party, including third parties, "if they have knowledge of the debtor's affairs." *In re Ecam Publ'ns, Inc.*, 131 B.R. 556, 559 (Bankr. S.D.N.Y. 1991); *see also In re Recoton Corp.*, 307 B.R. at 755 ("Any third party who has a relationship with a debtor may be made subject to a Rule 2004 investigation"); *In re Enron Corp.*, 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002) ("[T]he Court may authorize the examination of third parties that possess knowledge of the debtor's acts, conduct, liabilities or financial condition which relate to the administration of the bankruptcy estate.").

14.  Bankruptcy Code section 1103 expressly authorizes the Official Committee "to investigate the acts, conduct, assets, liabilities and financial condition of the Debtors." *In re Recoton Corp.*, 307 B.R. at 755. The Official Committee requires the discovery requested in this Motion, which "may affect the administration of the debtor[s'] estate[s]," in order to investigate potential estate claims. Fed. R. Bankr. P. 2004(b).

15.  The discovery sought in this motion is critical for the Moving Parties' ongoing investigation of the resources of the Debtors' estate. Upon information and belief, the discovery sought will be probative concerning important issues in these cases, including the nature and extent of the insurance secured by the Debtors. The Discovery sought will aid the Moving Parties' evaluation of the Debtors' assets and resources.

16. The information sought through this Motion therefore relates directly to the "acts, conduct, or property or to the liabilities and financial condition" of the Debtors and bears directly on the potential estate claims. *See* Fed. R. Bankr. P. 2004(b). Thus, the discovery requested in this Motion is "*prima facie* consistent with the Rule's . . . purposes of allowing the Committee to obtain information necessary to determine whether claims beneficial to the estates exist and whether to pursue such claims." *See In re Recoton Corp.*, 307 B.R. at 756.

17. For the reasons set forth herein, an investigation into the Debtors' insurance coverage is necessary and appropriate here. Accordingly, good cause exists to grant this Motion. *See In re Metiom, Inc.*, 318 B.R. 263, 268-270 (S.D.N.Y. 2004) (internal citations and quotations omitted) (affirming bankruptcy court's order granting Bankruptcy Rule 2004 examination).

## COMPLIANCE WITH RULES

18. This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this Motion. The Moving Parties submit that this Motion satisfies Rule 9013-1(a) of the Local Bankruptcy Rules for the Southern District of New York.

## NOTICE

19. The Moving Parties are proceeding with this Motion on an *ex parte* basis. Nevertheless, the Official Committee has provided informal notice of this Motion to the Debtors.

## NO PRIOR REQUEST

20. No prior request for the relief sought in this Motion has been made.

## RESERVATION OF RIGHTS

21. The Official Committee and its members, and the NCSG and its members, each reserve all of their respective rights, claims, defenses, and remedies, including, without limitation, the right to amend, modify, or supplement this Motion, to seek additional discovery,

6

add additional parties, or to raise additional grounds for granting this Motion during any hearing on the Motion.

## **CONCLUSION**

22.    The Moving Parties respectfully request that the Court enter an order, substantially in the form of **Exhibit A** that authorizes the Moving Parties to undertake a Rule 2004 examination of the Insurance Brokers.

New York, New York  
Dated:  August 12, 2020

AKIN GUMP STRAUSS HAUER & FELD LLP

By: /s/ *Mitchell P. Hurley*

    Ira S. Dizengoff  
    Arik Preis  
    Mitchel P. Hurley  
    Joseph L. Sorkin  
    Sara L. Brauner  
    One Bryant Park  
    New York, New York 10036  
    Telephone: (212) 872-1000  
    Facsimile: (212) 872-1002  
    idizengoff@akingump.com  
    apreis@akingump.com  
    mhurley@akingump.com  
    jsorkin@akingump.com  
    sbrauner@akingump.com

*Counsel to the Official Committee of Unsecured Creditors of Purdue Pharma, L.P., et al.*

PILLSBURY WINTHROP SHAW PITTMAN LLP

By: /s/ *Andrew M. Troop*  
    Andrew M. Troop  
    31 West 52nd Street  
    New York, NY 10019  
    Telephone: (212) 858-1000

andrew.troop@pillsburylaw.com

*Counsel to the Ad Hoc Group of Non-Consenting States*

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PURDUE PHARMA L.P., *et al.*,[1] | ) | Case No. 19-23649 (RDD) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER PURSUANT TO FEDERAL RULES OF BANKRUPTCY**
**PROCEDURE 2004 AND 9016 AUTHORIZING**
**EXAMINATIONS OF THIRD PARTIES**

Upon the motion, dated August 12, 2020 (the "Motion"), of the Official Committee of Unsecured Creditors (the "Official Committee") of Purdue Pharma L.P. ("Purdue") and its affiliated debtors and debtors-in-possession (collectively, the "Debtors,"), and the Ad Hoc Committee of Non-Consenting States (the "NCSG," and with the Official Committee, the "Moving Parties") for an order pursuant to Fed. R. of Bankr. P. 2004 and 9016 authorizing the examinations and discovery described therein; and the Court having jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b), as a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and no additional notice being required except as provided herein; and, after due deliberation and good and sufficient cause appearing therefor,

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

1

**IT IS HEREBY ORDERED THAT:**

1.  The Motion is granted as provided herein.

2.  The Official Committee and NCSG are authorized, pursuant to Fed. R. Bankr. P. 2004, to conduct examinations of, including, without limitation, by seeking electronically stored information and other documents from, the Insurance Brokers, defined in the Motion as Marsh and Aon (collectively, the "Producing Parties"), and to issue subpoenas in connection with such examinations pursuant to Fed. R. Bankr. P. 2004(c) (the "Subpoenas").

3.  The examinations and document production required hereby shall be subject to the assertion of applicable privilege; provided, that if a document required to be produced hereby is withheld on the basis of an asserted privilege, the Party withholding such document shall provide a proper privilege log at the time of production hereunder.

4.  The Official Committee, the Debtors, the Ad Hoc Group of Non-Consenting States, the Ad Hoc Committee of Governmental and Other Contingent Litigation Claimants, and the Producing Parties shall meet and confer not only to attempt in good faith to resolve any disputes over any Subpoenas but also to efficiently coordinate the issuance of and compliance with the Subpoenas. In furtherance of the foregoing, on a going forward basis these Parties shall record all time and expenses on this discovery matter and report the aggregate sum to each other on a weekly basis and also on a weekly basis discuss any cost containment issues.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

5. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____

White Plains, New York

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE