PILLSBURY WINTHROP SHAW PITTMAN LLP
Andrew M. Troop
31 West 52nd Street
New York, New York 10019
212-858-1000

*Counsel to the Ad Hoc Group of Non-Consenting States*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------X
: 
In re: : Chapter 11
: 
PURDUE PHARMA L.P., *et al.*,[1] : Case No. 19-23649 (RDD)
: 
Debtors. : (Jointly Administered)
: 
------------------------------------------------------------------ X

### THE NON-CONSENTING STATES' STATEMENT IN SUPPORT OF THE MOTION TO INTERVENE BY <u>NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE</u>

To the Honorable Robert D. Drain, United States Bankruptcy Judge:

The Ad Hoc Group of Non-Consenting States (the "**Non-Consenting States**")[2] supports the motion to intervene by the National Association for the Advancement of Colored People [Dkt. No. 1555], stating as follows:

---

[1] The debtors in these chapter 11 cases ("**Debtors**" or "**Purdue**"), along with the last four digits of their federal tax identification numbers, are Purdue Pharma Manufacturing L.P. (3821), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies K.P. (1868), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (6166), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717), and SVC Pharma Inc. (4014). The Debtors' principal offices are at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] The members of the group are California, Colorado, Connecticut, Delaware, the District of Columbia, Hawaii, Idaho, Illinois, Iowa, Maine, Maryland, Massachusetts, Minnesota, Nevada, New Hampshire, New Jersey, New York, North Carolina, Oregon, Pennsylvania, Rhode Island, Vermont, Virginia, Washington, and Wisconsin. While the States of Idaho and Hawaii do not join in this Statement, they do not object to the NAACP's motion.

1.     It is imperative that Black Americans be participants, advocates, and beneficiaries in this bankruptcy.  Before the bankruptcy, the Non-Consenting States sued Purdue and the Sacklers, on behalf of the public, to protect the public from their dangerous illegal conduct, and to recover money to be used for the public good.  During the bankruptcy, the Non-Consenting States have committed that, as the foundation for an acceptable plan of reorganization, 100% of their net recoveries should be dedicated to serving the public by abating the opioid crisis.  Decisions in this case should consider the perspectives and needs of the people we serve.

2.     The NAACP stands for and speaks for individuals whose concerns must be addressed.  The NAACP's record of advocacy speaks for itself.[3]

For the foregoing reasons, the Non-Consenting States respectfully submit that the motion should be granted.

Dated:  August 18, 2020            Respectfully submitted,

*/s/ Andrew. M. Troop*
Andrew M. Troop
PILLSBURY WINTHROP SHAW PITTMAN LLP
31 West 52nd Street
New York, New York 10019
212-858-1000
andrew.troop@pillsburylaw.com

*Counsel to the Ad Hoc Group of Non-Consenting States*

---

[3] Courts in this district and elsewhere have granted the NAACP's motions to intervene in cases of public significance.  *E.g.*, *United States v. Yonkers Bd. of Educ.*, 518 F. Supp. 191, 203 (S.D.N.Y. 1981) (granting permissive intervention and noting the importance of taking into consideration "the position of the NAACP and of the minority residents of Yonkers for whom they purport to speak"); *Johnson v. Mortham*, 915 F. Supp. 1529, 1538-39 (N.D. Fla. 1995) (recognizing value of the NAACP's perspective and granting permissive intervention because NAACP's participation would aid the court); *Mississippi State Democratic Party v. Barbour*, Civil Action No. 4:06CV29–P–B, 2007 WL 2071800, at *7 (N.D. Miss. July 17, 2007) (granting permissive intervention by NAACP as a "non-aligned party to intervene in the remedial stages of a lawsuit"); *Donald J. Trump for President, Inc. v. Boockvar*, Case 2:20-cv-00966-NR (W.D. Penn. Aug. 3, 2020), Docket No. 309 (granting permissive intervention by NAACP Pennsylvania State Conference).  It has been "the traditional attitude of the federal courts to allow intervention 'where no one would be hurt and greater justice would be attained.'"  *McDonald v. E. J. Lavino Co.*, 430 F.2d 1065, 1074 (5th Cir. 1970).

## **Certificate of Service**

      I, Melissa S. Pettit, certify that, on August 18, 2020, I caused true and correct copies of the foregoing document to be served (i) by the Court's Case Management/Electronic Case File (CM/ECF) System to all parties who are deemed to have consented to electronic service; and (ii) by email upon the parties set forth in the Master Service List maintained by the Debtors in respect of these chapter 11 cases.

                                                      */s/ Melissa S. Pettit*
                                                      Melissa S. Pettit