# Exhibit A

# Stay Order

Trials@uspto.gov                                                        Paper 45
571-272-7822                                                Entered: October 2, 2019

# UNITED STATES PATENT AND TRADEMARK OFFICE

_____

## BEFORE THE PATENT TRIAL AND APPEAL BOARD

_____

COLLEGIUM PHARMACEUTICAL, INC.,
Petitioner,

v.

PURDUE PHARMA L.P., PURDUE PHARMACEUTICALS L.P.,
AND THE P.F. LABORATORIES INC.,
Patent Owner.

_____

Case PGR2018-00048
Patent 9,693,961 B2

_____

Before CHRISTOPHER G. PAULRAJ, JACQUELINE T. HARLOW, and KRISTI L. R. SAWERT, *Administrative Patent Judges.*

PAULRAJ, *Administrative Patent Judge.*

ORDER
Stay of Proceeding Due to Notice of Bankruptcy Filing and Imposition of Automatic Stay
Extending One-Year Pendency for Good Cause
*37 C.F.R. § 42.5; 37 C.F.R. § 42.200(c); 35 U.S.C. § 326(a)(11)*

PGR2018-00048
Patent 9,693,961 B2

On September 24, 2019, Purdue Pharma L.P., Purdue Pharmaceuticals L.P., and The P.F. Laboratories, Inc. (collectively, "Patent Owner") filed a Notice of Bankruptcy and Imposition of Automatic Stay in this proceeding. *See* Paper 43 ("Notice"). As set forth in the Notice, Purdue Pharma L.P. and its debtor affiliates, as debtors and debtors in possession (collectively, the "Debtors"), each commenced a voluntary case (the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (11 U.S.C. § 101 et seq.) in the United States Bankruptcy Court for the Southern District of New York. *Id.* at 2.

The Notice states that, pursuant to section 362(a) of the Bankruptcy Code (the "Automatic Stay"), the filing of a bankruptcy petition "operates as a stay, applicable to all entities," of, among other things "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under [the Bankruptcy Code], or to recover a claim against the debtor that arose before the commencement of the [bankruptcy] case" and "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." *Id.* (citing 11 U.S.C. § 362(a)(1), (3)). The Notice further states that "any action taken against the Debtors without obtaining, from the Bankruptcy Court, relief from the Automatic Stay is void *ab initio* and may result in a finding of contempt for violation of the Automatic Stay." *Id.* at 2–3.

Following receipt of the Notice, we held a conference call on September 27, 2019, in which the judges of this panel, as well as counsel for Petitioner, Patent Owner, and Debtors participated. During the call, Patent Owner and Debtors took the position that the filing of the bankruptcy case required the Board to stay this proceeding, and that no order from the Bankruptcy Court was required for the

2

PGR2018-00048
Patent 9,693,961 B2

Automatic Stay provision to go into effect. Petitioner took the position that the Automatic Stay provision was not applicable to Board proceedings, as they are not proceedings "against the debtor," or "to obtain possession . . . or to exercise control over property of the estate." 11 U.S.C. § 362(a)(1), (3). In support, Petitioner cited to the Supreme Court's decision in *Oil States Energy Servs., LLC v. Greene's Energy Grp., LLC*, 138 S. Ct. 1365 (2018), and emphasized the error-correction function of AIA trial proceedings. Petitioner, however, acknowledged during the call that it could not identify any prior case in which the Automatic Stay provision was specifically determined not to apply to Board proceedings.

Under the circumstances, we determine that the disagreement as to whether the Automatic Stay provision applies to this proceeding is best addressed in the Bankruptcy Court. As such, Petitioner should seek any relief it deems appropriate from the Bankruptcy Court. The Board has taken a similar approach in prior cases involving a patent owner that has filed for bankruptcy during a trial proceeding. *See Mylan Pharms. Inc. v. Pozen Inc. and Horizon Pharma USA, Inc.*, IPR2017-01995, Paper 51 (PTAB Aug. 31, 2018) (suspending deadlines due to suggestion of bankruptcy); *Twitter, Inc. v. Youtoo Technologies, LLC*, IPR2017-00829, Paper 23 at 2 (PTAB Dec. 27, 2017) (extending deadlines to provide petitioner an opportunity to seek relief from the automatic stay (or a determination that it does not apply) by the bankruptcy court).

Our Final Written Decision in this proceeding is currently due October 4, 2019. Pursuant to 35 U.S.C. § 326(a)(11), "the final determination in any post-grant review [will] be issued not later than 1 year after the date on which the Director notices the institution of a proceeding under this chapter, except that the Director may, for good cause shown, extend the 1-year period by not more than 6 months." The Director has delegated the authority to extend the one-year period

3

PGR2018-00048
Patent 9,693,961 B2

to the Chief Administrative Patent Judge. *See* 37 C.F.R. § 42.200(c). In particular, 37 C.F.R. § 42.200(c) provides:

> A post-grant review proceeding shall be administered such that pendency before the Board after institution is normally no more than one year. The time can be extended by up to six months for good cause by the Chief Administrative Patent Judge.

In accordance with 37 C.F.R. § 42.200(c), the Chief Judge has determined that good cause exists to extend the one-year period for issuing a Final Written Decision here. *See* Paper 44. Accordingly, the time to administer the present proceeding is extended by up to six months. The extension will provide additional time for the Bankruptcy Court to address the applicability of the Automatic Stay provision to this proceeding.

Accordingly, it is

ORDERED that this proceeding is hereby stayed pursuant to the Automatic Stay provision of 11 U.S.C. § 362(a)(1), (3);

FURTHER ORDERED that good cause exists to extend the time of pendency in this proceeding; and

FURTHER ORDERED that this proceeding is extended by up to six months.

PGR2018-00048
Patent 9,693,961 B2

For Petitioner:

Cyrus Morton
cmorton@robinskaplan.com

Christopher Pinahs
cpinahs@robinskaplan.com

Kelsey Thorkelson
kthorkelson@robinskaplan.com


For Patent Owner:

Pablo Hendler
phendler@jonesday.com

Kelsey Nix
knix@jonesday.com

Gasper LaRosa
gjlarosa@jonesday.com

Kenneth Canfield
kcanfield@jonesday.com

Sarah Geers
sgeers@jonesday.com

5