## Exhibit B

**Grant of Good Cause Extension**

Trials@uspto.gov                                                    Paper 44
571-272-7822                                        Entered: October 2, 2019

UNITED STATES PATENT AND TRADEMARK OFFICE

BEFORE THE PATENT TRIAL AND APPEAL BOARD

COLLEGIUM PHARMACEUTICAL, INC.,
Petitioner,

v.

PURDUE PHARMA L.P., PURDUE PHARMACEUTICALS L.P.,
AND THE P.F. LABORATORIES INC.,
Patent Owner.

Case PGR2018-00048
Patent 9,693,961 B2

GRANT OF GOOD CAUSE EXTENSION
*35 U.S.C. § 326(a)(11) and 37 C.F.R. § 42.200(c)*

Pursuant to 35 U.S.C. § 326(a)(11), "the final determination in any post-grant review [shall] be issued not later than 1 year after the date on which the Director notices the institution of a proceeding under this chapter, except that the Director may, for good cause shown, extend the 1-year period by not more than 6 months." The Director has delegated the authority to extend the one-year period to the Chief Administrative Patent Judge. *See* 37 C.F.R. § 42.200(c). In particular, 37 C.F.R. § 42.200(c) provides:

> A post-grant review proceeding shall be administered such that pendency before the Board after institution is normally no more than

PGR2018-00048
Patent 9,693,961 B2

one year.  The time can be extended by up to six months for good
cause by the Chief Administrative Patent Judge . . . .

In accordance with 37 C.F.R. § 42.200(c), the Chief Administrative Patent Judge
has determined that good cause exists to extend the one-year period for issuing a
Final Written Decision in this proceeding.

On September 24, 2019, Purdue Pharma L.P., Purdue Pharmaceuticals L.P.,
and The P.F. Laboratories, Inc. (collectively, "Patent Owner") filed a Notice of
Bankruptcy and Imposition of Automatic Stay in this proceeding.  *See* Paper 43
("Notice").  As set forth in the Notice, Purdue Pharma L.P. and its debtor affiliates,
as debtors and debtors in possession (collectively, the "Debtors"), each
commenced a voluntary case (the "Chapter 11 Cases") under chapter 11 of title 11
of the United States Code (11 U.S.C. § 101 et seq.) in the United States
Bankruptcy Court for the Southern District of New York.  *Id.* at 2.

The Final Written Decision in this proceeding is currently due October 4,
2019.  An extension of the one-year period will provide additional time for the
Bankruptcy Court to address the applicability of the Automatic Stay provision of
the Bankruptcy Code, 11 U.S.C. § 362(a)(1), (3), to this proceeding.  Accordingly,
under the unique circumstances of this case, the Chief Administrative Patent Judge
has determined that good cause exists to extend the one-year period for issuing a
Final Written Decision.


Scott R. Boalick
Chief Administrative Patent Judge

2

PGR2018-00048
Patent 9,693,961 B2

For Petitioner:

Cyrus Morton
cmorton@robinskaplan.com

Christopher Pinahs
cpinahs@robinskaplan.com

Kelsey Thorkelson
kthorkelson@robinskaplan.com


For Patent Owner:

Pablo Hendler
phendler@jonesday.com

Kelsey Nix
knix@jonesday.com

Gasper LaRosa
gjlarosa@jonesday.com

Kenneth Canfield
kcanfield@jonesday.com

Sarah Geers
sgeers@jonesday.com