UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| PURDUE PHARMA L.P., *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

**SUPPLEMENTAL ORDER AUTHORIZING THE DEBTORS TO ASSUME THE REIMBURSEMENT AGREEMENT AND PAY THE FEES AND EXPENSES OF THE AD HOC COMMITTEE'S PROFESSIONALS**

On the Debtors' request for the entry of an order (this "**Supplemental Order**") supplementing the order (the "**Reimbursement Assumption Order**")[2] entered by the Court [Dkt. No. 553] (a) authorizing Purdue Pharma L.P. and its affiliates that are debtors and debtors in possession in these cases (collectively, the "**Debtors**"), pursuant to sections 105(a), 363(b) and 365 of title 11 of the United States Code (the "**Bankruptcy Code**"), to assume the Reimbursement Agreement, and (b) authorizing but not directing the Debtors to pay the reasonable and documented fees and expenses under the Reimbursement Agreement, without the need for further motion, fee application or order of the Court; and the Court having jurisdiction to enter this Supplemental Order and the relief requested in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska,

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Reimbursement Assumption Order.

C.J.); and consideration of the Supplemental Order and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Supplemental Order having been provided; and there being no objections to the requested relief; and it appearing that no other or further notice or a hearing is required; and after due deliberation the Court having determined that there is good and sufficient cause for the relief granted herein and that such relief is in the best interests of the Debtors, their estates, their creditors and all parties in interest,

**IT IS HEREBY ORDERED THAT:**

1. In accordance with paragraph 5 of the Reimbursement Assumption Order, the Reimbursement Assumption Order is supplemented to authorize the engagement of Houlihan Lokey Capital, Inc. ("**Houlihan Lokey**") as financial advisor and investment banker to the Ad Hoc Committee, on the terms and conditions set forth in the Engagement Letter attached hereto as **Exhibit A**, with the agreement of the Debtors and the Creditors' Committee. The Debtors are authorized to compensate and reimburse Houlihan Lokey pursuant to the terms of the Engagement Letter, subject to the terms of the Reimbursement Assumption Order.

2. None of the fees payable to Houlihan Lokey shall constitute a "bonus" or fee enhancement under applicable law.

3. The Debtors shall be bound by the indemnification, contribution, reimbursement and exculpation provisions set forth in the Engagement Letter, subject during the pendency of these cases subject to the following:

   a. All requests by Indemnified Parties for the payment of indemnification, contribution, or otherwise as set forth in the Engagement Letter during the pendency of these chapter 11 cases shall be made by means of an application to the Court and shall be subject to review by the Court to ensure that payment of such indemnity, contribution, or other payment conforms to the terms of the Engagement Letter and is reasonable under the circumstances of the litigation or settlement in respect of which indemnity, contribution, or other payment is

sought; <u>provided</u> that in no event shall any Indemnified Party be indemnified in the case of its own bad-faith, actual fraud, gross negligence, or willful misconduct. In no event shall an Indemnified Party be indemnified if the Debtors or a representative of the estate asserts a claim for, and the Court determines by final order that such claim arose out of, such Indemnified Party's own bad-faith, actual fraud, gross negligence, or willful misconduct.

b. In the event an Indemnified Party seeks reimbursement from the Debtors for attorneys' fees and expenses in connection with the payment of an indemnity, contribution or other claim pursuant to the Engagement Letter, the invoices and supporting time records from such attorneys shall be included in Houlihan Lokey's own applications, both interim and final, and such invoices and time records shall be subject to the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, dated January 29, 2013 (General Order M-447), and the approval of the Court pursuant to sections 330 and 331 of the Bankruptcy Code without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

4. In the event that Houlihan Lokey's services are terminated at any point during the pendency of these chapter 11 cases in accordance with the Engagement Letter, Houlihan Lokey shall still file a final application for compensation in the chapter 11 cases, and such application shall include notice of any such termination.

5. In accordance with the Reimbursement Assumption Order, Houlihan Lokey shall file interim and final fee applications for the allowance of compensation for services rendered and reimbursement of expenses incurred, *provided however*, that notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable procedures and orders of the Court or the United States Trustee Fee Guidelines, the Houlihan Lokey professionals shall be required only to maintain reasonably detailed time records in 0.5 hour increments containing descriptions of those services rendered for the Ad Hoc Committee, and the individuals who provided those services, and will present such records together with its fee applications filed with the Court.

6. The fees incurred by FTI Consulting, as financial advisor to the Ad Hoc Committee for the period commencing January 1, 2020 and ending December 31, 2020, shall be limited to $5.8 million in the aggregate.

7. Except as expressly set forth herein, all other terms of the Reimbursement Assumption Order shall remain valid and fully enforceable.

8. The Debtors are authorized to take all actions necessary to perform their obligations set forth in the Engagement Letter, except as expressly modified herein, and to effectuate the relief granted pursuant to this Order in accordance with the Motion.

9. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry, notwithstanding the possible applicability of Bankruptcy Rule 6004, 7062, or 9014.

10. The relief granted herein shall be binding upon any chapter 11 trustee appointed in any of these chapter 11 cases or upon any chapter 7 trustee appointed in the event of a subsequent conversion of any of these chapter 11 cases to cases under chapter 7.

11. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: August 26, 202
      White Plains, New York

*/s/Robert D. Drain*
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

4

**<u>Exhibit A</u>**

**Engagement Letter**