UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>**PURDUE PHARMA L.P.**, *et al.*,<br><br>Debtors.[1] | **Chapter 11**<br><br>**Case No. 19-23649 (RDD)**<br><br>**(Jointly Administered)** |

## ORDER PERMITTING THE MONITOR TO EMPLOY DATA ANALYTICS CONSULTANT AT THE COST AND EXPENSE OF THE DEBTORS

Upon the motion, dated August 12, 2020 (the "**Motion**")[2] of Purdue Pharma L.P. and its affiliates that are debtors and debtors in possession in these cases (collectively, the "**Debtors**") for entry of an order (this "**Order**") permitting the Monitor to employ HealthPlan Data Solutions, Inc. ("**HDS**") at the cost and expense of the Debtors, as more fully described in the Motion and as set forth in the Engagement Agreement attached as an exhibit to the Motion (the "Engagement Agreement"); and the Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and venue being proper

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to such term in the Motion.

before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion and the opportunity for a hearing thereon having been provided to the Notice Parties; and there being no objections to the requested relief; and it appearing that no other or further notice need be provided or that a hearing is required; and, after due deliberation, the Court having determined that the legal and factual bases set forth in the Motion establish good and sufficient cause for the relief granted herein, which is consistent with the Court's Order appointing the Monitor, and that such relief is in the best interests of the Debtors, their estates, creditors and all parties in interest; now, therefore,

**IT IS HEREBY ORDERED THAT**

1. The Motion is granted as provided herein.

2. The Monitor is authorized to retain HDS to assist the Monitor in carrying out its responsibilities under the Voluntary Injunction, as set forth in the Motion, and to render the services described in the Engagement Agreement.

3. The Debtors are authorized to compensate HDS in accordance with the terms of the Engagement Agreement upon the receipt by the Debtors of reasonably detailed invoices setting forth the services provided by HDS to the Monitor, and to reimburse HDS for all reasonable and necessary expenses they may incur, upon the presentation to the Debtors of appropriate documentation, without the need for HDS to file fee applications or otherwise seek Court approval for the compensation of HDS' services to the Monitor and reimbursement of reasonable and necessary expenses; *provided* that HDS's fees and expenses shall be subject to final approval of the Court under the standard set forth in 11 U.S.C. § 330 (and counsel for the Debtors shall promptly so inform HDS).

4. Notwithstanding anything to the contrary in the Engagement Letter, the indemnification provisions thereof are modified and restated in its entirety as follows:

    (a) All requests by HDS for payment of indemnity pursuant to the Engagement Letter shall be made by means of an application (interim or final as the case may be) and shall be subject to review by the Court to ensure payment of such indemnity conforms to the terms of the Engagement Letter and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought; <u>provided, however</u>, that in no event shall HDS be indemnified in the case of its own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence or willful misconduct;

    (b) In the event that HDS seeks reimbursement from the Debtors for reasonable attorneys' fees in connection with a request by HDS for payment of indemnity pursuant to the Engagement Letter, as modified by this Order, the invoices and supporting time records from such attorneys shall be included in HDS's own application (both interim and final) and such invoices and time records shall be subject to the Fee Guidelines and the approval of the Court under the standards of sections 330 and 331 of the Bankruptcy Code without regard to whether such attorney has been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code; and

    (c) HDS shall not be entitled to reimbursement by the Debtors for any fees, disbursements and other charges of HDS's counsel other than those incurred in connection with a request of HDS for payment of indemnity.

5. The contents of the Motion and the notice procedures set forth therein are good and sufficient notice and satisfy the Bankruptcy Rules and the Local Rules, and no other or further notice of the Motion or the entry of this Order shall be required.

6. The Debtors are authorized to take all such actions as are necessary or appropriate to implement the relief granted in this Order.

7. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: August 26, 2020                */s/Robert D. Drain*
White Plains, New York            United States Bankruptcy Judge