**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| PURDUE PHARMA L.P., *et al.*, | ) | Case No. 19-23649 (RDD) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |

**STIPULATION AND AGREED ORDER AMONG THE OFFICIAL
COMMITTEE, THE NON-CONSENTING STATES GROUP AND THE
DEBTORS REGARDING DISCOVERY IN THE CHAPTER 11 CASES**

The Official Committee of Unsecured Creditors (the "Official Committee") appointed in

the above-captioned chapter 11 cases (the "Chapter 11 Cases") of Purdue Pharma L.P. and certain

of its affiliates that are debtors in possession (collectively, the "Debtors"), the Ad Hoc Group of

Non-Consenting States (the "Non-Consenting States Group") and the Debtors (together, the

"Parties"), by and through their undersigned counsel, hereby stipulate and agree as set forth below

in this stipulation (the "Stipulation") and the exhibits (the "Exhibits")[2] referenced herein.[3]

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014).

[2] Prior to the filing of this Stipulation, the Parties exchanged, and agreed on, the Exhibits.

[3] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to such terms in the *Case Stipulation Among the Debtors, the Official Committee of Unsecured Creditors and Certain Related Parties* [ECF No. 291] (as subsequently amended by the *Amended and Restated Case Stipulation Among the Debtors, the Official Committee of Unsecured Creditors and Certain Related Parties*, dated November 20, 2019 [ECF No. 518]) (the "Case Stipulation").

**<u>Recitals</u>**

A.      On September 15, 2019 (the "<u>Petition Date</u>"), each Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York (the "<u>Court</u>").

B.      On September 26, 2019, the Office of the United States Trustee for Region 2 appointed the Official Committee pursuant to Bankruptcy Code section 1102(a) to act as a fiduciary for and represent the interests of all unsecured creditors in the Chapter 11 Cases.  *See Notice of Appointment of Official Committee of Unsecured Creditors*, dated September 27, 2019 [ECF No. 131].

C.      The Official Committee has made ongoing informal requests for information to the Debtors on various dates, including on October 18, 2019, and March 11, 2020, and provided a draft set of document requests to the Debtors on May 1, 2020 (the "<u>May 1 Document Requests</u>" and together with the informal requests for information, collectively the "<u>Official Committee's Informal Requests</u>").  The Non-Consenting States Group also has presented informal requests for information to the Debtors during the course of this case (the "<u>Non-Consenting State Group's Requests</u>," and together with the Official Committee's Informal Requests, the "<u>Informal Requests</u>").

D.      To facilitate the production of electronically stored information in the possession, custody or control of the Debtors, as set forth in Paragraphs 1 through 4 of this Stipulation, ("<u>ESI</u>") that is responsive to the Informal Requests ("<u>Responsive ESI</u>"), the Official Committee (working with the Non-Consenting States Group) and the Debtors have negotiated custodians, time frames and search terms as explained in this Stipulation (the "<u>Agreed Upon Search Criteria</u>") to reduce

2

the burden on the Debtors' estates in identifying and producing Responsive ESI. Debtors commenced rolling productions of Responsive ESI on May 19, 2020 and are working diligently to complete such productions by the dates set forth in Paragraph 3 below.

E.      On July 16, 2020, the Non-Consenting States Group (working with the Official Committee) and the Debtors also reached an agreement in principle for the production by the Debtors of documents previously produced (as of the date hereof) to the United States Department of Justice ("DOJ") in connection with its ongoing investigation of the Debtors ("DOJ Production").

F.      In addition to the documents and information the Debtors have already produced and agree to produce, as set forth herein, the Debtors are continuing, and agree to continue, separately to respond to the Official Committee and Non-Consenting States Group's Informal Requests, to produce known documents responsive to the Informal Requests that are not captured by this Stipulation's provisions on ESI, and to work with the Official Committee and Non-Consenting States Group to provide additional information as necessary. The Official Committee and Non-Consenting States Group reserve their rights to request additional information, including additional information collected electronically based on their ongoing review. The Debtors, the Official Committee, and the Non-Consenting State Group recognize that there may be disputes that arise between the parties regarding such requests or discovery generally that may require this Court's intervention.

G.      In an effort to complete discovery in these Chapter 11 Cases, this Stipulation sets out the Agreed Upon Search Criteria and deadlines for production, the agreement regarding the DOJ Production, and a mechanism to resolve future disputes.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED AS FOLLOWS:**

**Debtor Production of ESI based on Official Committee's Search Terms, Date Ranges, and Custodians**

1.      For the individuals listed in <u>Exhibit A</u> (the "<u>Exhibit A Custodians</u>"), Debtors have collected ESI created, sent, received or otherwise circulated using a Purdue email account during the time-period indicated for each listed Exhibit A Custodian.  The periods during which the Exhibit A Custodians held positions at Purdue or maintained Purdue email/electronic records accounts vary depending on the dates of their service and the existence of such accounts. Documents collected for the Exhibit A Custodians as indicated in Exhibit A constitute the agreed upon custodial collection ("<u>Agreed Upon Custodial Collection</u>").[4]

2.      Debtors will apply the following sets of search terms to the Agreed Upon Custodial Collection for the following periods:

a.   Search terms listed in <u>Exhibit B</u> for the period of June 30, 2001, or the earliest date for which ESI is available, through the earlier of the Petition Date or the latest date for which ESI is available;

---

[4] Debtors agree to produce non-privileged documents, subject to the Protective Order entered in these chapter 11 cases, as well threading and de-duplication across prior productions provided to the Official Committee and Non-Consenting States Group.  The Debtors, however, have implemented a process to ensure that any family member of a previously produced document that was withheld as Not Responsive, Nonresponsive, or some similar designation will not be de-duplicated, and shall be included in the Debtors' current document collection, review and production, in accordance with the criteria set forth herein.

4

      b.   Search terms listed in <u>Exhibit C</u> from the earliest date for which ESI is available, through the earlier of the Petition Date or the latest date for which ESI is available; and

      c.   Search terms listed in <u>Exhibit D</u> for the period of January 1, 2012, or the earliest date for which ESI is available, through the earlier of the Petition Date or the latest date for which ESI is available.

3.    Debtors will substantially complete a review and production of Responsive ESI consistent with the parameters set forth in this Stipulation on a rolling basis on or before September 1, 2020.

4.    The Debtors will use reasonable efforts to recover, gather, and produce non-privileged Responsive ESI from e-mail accounts in the possession, custody, and/or control of the Debtors, as set forth in Paragraph 1 above, to the extent such emails can be recovered from any electronic archive, including back-up tapes or other reasonably accessible source. To the extent the Debtors cannot retrieve ESI from such email accounts, the Debtors shall provide the Official Committee with an explanation of the efforts taken to retrieve such ESI.

5.    For the avoidance of doubt, the Official Committee and the Non-Consenting States Group each reserves its right to seek additional documents and information, including ESI, from the Debtors, including based on information that may be produced in accordance with this Stipulation, and the Debtors reserve their right to oppose any such additional searches and productions, except on the ground that the Official Committee or the Non-Consenting States Group relinquished its right to seek such additional material as a result of entering into this Stipulation.

5

6.      Responsive documents that are withheld or redacted for privilege or similar reasons shall be logged.  Debtors shall prepare and produce, on a rolling basis, privilege logs for any documents withheld in whole or in part on the basis of an applicable privilege or alleged immunity from disclosure, with the Debtors' initial privilege log produced on or before August 7, 2020, which log shall include a substantial volume of entries, agreed to by the Parties in advance and representative of the time period and types of documents the Debtors anticipate withholding from production based on a claim of privilege in these cases, through July 31, 2020.  A second log will be produced on or before August 14, 2020, which log shall include substantially all of the remaining documents withheld by the Debtors from production based on a claim of privilege through July 31, 2020.

7.      The Debtors shall produce a third log on or before September 15, 2020, which log shall include all documents withheld by the Debtors from production based on a claim of privilege from July 31, 2020 through September 1, 2020, and which shall be revised on or before September 30, 2020 to include all documents withheld by the Debtors from production based on a claim of privilege through September 15, 2020.  If the Debtors produce documents after September 15, 2020, the Debtors also shall produce a final log within 15 days of the date of completion of such additional production, which log shall include all documents withheld by the Debtors from production based on a claim of privilege not previously logged for productions made to the date of such final log.  Debtors shall simultaneously produce any Responsive ESI determined not to be privileged in the course of making the logs.

8.      Any productions of Responsive ESI made pursuant to this Stipulation and any corresponding privilege logs produced pursuant to this Stipulation will be contemporaneously

6

produced to all parties who are signatories to the *Notice of Filing of Stipulation and Agreed Order Among the Official Committee and Other Parties in Interest Regarding Discovery and the Sharing of Information in the Chapter 11 Cases* [ECF No. 1231].

**Debtor Production of Documents Produced to the DOJ**

9.    Debtors agree to produce the DOJ Production on a rolling basis, which production in fact began on July 23, 2020, as follows:

    a.  all non-privileged documents in the DOJ Production, which production does not require additional review by the Debtors, excepting those in Paragraph b below;

    b.  any documents determined to be not privileged after a limited privilege review of approximately 300,000 documents; and

    c.  a privilege log of all withheld documents.

10.    Debtors will complete the production of non-privileged documents, pursuant to Paragraph 9a above, provided, that, if the Debtors cannot complete this part of the production by August 15, 2020, for reasons reasonably beyond the Debtors' control, the requesting Parties will consent to a completion date of August 31, 2020, which consent shall not be unreasonably withheld. Debtors will complete the production of non-privileged documents, pursuant to Paragraph 9b above, by August 25, 2020, provided, that, if the Debtors cannot complete this part of the production by August 25, 2020, for reasons reasonably beyond the Debtors' control, the Parties will consent to a completion date of September 1, 2020, which consent shall not be unreasonably withheld.  The Debtors will provide a privilege log of all withheld documents, pursuant to Paragraph 9c above, by September 1, 2020, provided, that, if the Debtors cannot complete their privilege log by September 1, 2020, for reasons reasonably beyond the Debtors' control, the Parties

7

will consent to a completion date of September 15, 2020, which consent shall not be unreasonably withheld.

11.    For the avoidance of doubt, the Debtors' agreement constitutes an on-going obligation to produce such materials to the extent that the Debtors produce any materials to the DOJ after the date hereof, and any such documents will be a part of the DOJ Production.

12.    Pursuant to the agreement between Debtors and the Non-Consenting States Group, all produced documents will be designated as Highly Confidential pursuant to the Amended Protective Order filed March 20, 2020 (and as amended or restated from time to time) in *In re Purdue Pharma L.P.*, No. 19-23649 (RDD), Dkt. 969 (Bankr. S.D.N.Y.), and produced via hard drive or FTP to all states that sign the acknowledgment at <u>Exhibit E</u> confirming that in the event such state receives a request or demand for documents, including a FOIA or other public information request, they will not produce the documents without either (1) Debtors' written consent or (2) a court order directing production.  Any states unwilling or unable to sign the acknowledgment can receive access to the produced documents via the view-only platform.

13.    Given the expedited nature of the limited privilege review, Debtors reserve their rights to use the claw back provisions of the Amended Protective Order, understanding that the Official Committee and Non-Consenting States Group similarly reserve their respective rights to object.

14.    Any DOJ Production made pursuant to this Stipulation and any corresponding privilege logs produced pursuant to this Stipulation will be contemporaneously produced to the Ad Hoc Committee of Governmental and Other Contingent Litigation Claimants, subject to the provisions of Paragraph 12 above.

**Confidential/Non-Responsive Documents or Information**

15.    Notwithstanding the foregoing, Debtors may redact information subject to the Debtors' confidentiality obligations to third parties ("Third Parties") solely to the extent that:

    a.    notice has been, or will be prior to August 10, 2020, provided to the Third Party of the requests for information in these proceedings that may be covered by the Debtors' confidentiality obligations and the Third Party has not provided its consent to disclosure of such confidential information; and

    b.    in the Debtors' good faith judgment, the information to be redacted is not material to the investigation being undertaken by the Official Committee and the Non-Consenting States Group.

16.    The Debtors shall identify any such redactions on the logs described in Paragraphs 6–8 hereof, and on the schedule set forth in those Paragraphs with the first such log being produced on or before August 14, and the Official Committee and the Non-Consenting States Group reserve their respective rights to challenge any such redactions on any and all grounds.  For the avoidance of doubt, no information will be redacted pursuant to this Paragraph 16 from any document based on a contractual confidentiality obligation of the Debtors to any member of the Sackler family, or to any trust or other entity affiliated with or owned, directly or indirectly, by any member of the Sackler family.

17.    Debtors also reserve the right to withhold or redact documents or information based on a determination that a particular document is *both* (i) not responsive to any Informal Requests *and* (ii) that production would be inappropriate or is otherwise unwarranted, because, for example,

9

such documents or information may be of a personal nature.  The Debtors agree to disclose to the Official Committee, in their capacity as co-fiduciary, and on an attorneys'-eyes-only basis (for the avoidance of doubt, solely to counsel for the Official Committee), the documents withheld or redacted on these grounds and the basis  for the determination that the production of the document or information is inappropriate or unwarranted.  Debtors further agree to meet and confer, if necessary, regarding whether the document or information is, in fact, responsive, and whether its production would, in fact, be inappropriate or otherwise unwarranted.

18.      The Official Committee and Non-Consenting States Group reserve their rights to dispute the withholding or redaction of documents or information by the Debtors pursuant to Paragraphs 15–17 above.

**Dispute Resolution**

19.      While the Parties have reached voluntary agreement with respect to many issues involving the scope of discovery, there are still unresolved items, including but not limited to whether Debtors must produce documents that are subject to an applicable legal privilege due to waiver or otherwise.  The Parties will continue to meet and confer with respect to any unresolved issues.

20.      The Parties agree that they will use reasonable efforts to identify any unresolved discovery disputes that may require Court resolution on or before August 5, 2020 ("August 5 Discovery Disputes").  If the Parties are unable to resolve any or all of the August 5 Discovery Disputes by August 9, 2020, any Party seeking to have an unresolved August 5 Discovery Dispute resolved by the Court may file a motion (each such motion, an "August 5 Discovery Dispute Motion") on notice on or before August 12, 2020 (but not earlier than August 10, 2020).  Any

10

opposition to an August 5 Discovery Dispute Motion shall be filed by August 20, 2020, in order to have such dispute heard at the August 26 hearing.  Any reply shall be filed by August 24, 2020. Any August 5 Discovery Dispute Motion will be heard on August 26, 2020, or as soon thereafter as the Court is available.  The Parties agree that for all purposes, including for purposes of an August 5 Discovery Dispute Motion (or other discovery motion pursuant to this Stipulation) the Informal Requests shall be deemed to have been properly and timely served as formal discovery, subject to a full reservation of all objections by the Debtors, except any objection or argument that a request for disclosure or motion to compel should be denied because the Informal Requests were not formally served on the Debtors.

21.    For the avoidance of doubt, nothing limits a Party's ability to raise, or seek Court resolution of, a discovery dispute after the filing of an August 5 Discovery Dispute Motion.  Any further motion on a discovery dispute shall be presented to the Court only following a good faith attempt to meet and confer and, then in the absence of resolution, by seeking a discovery conference with the Court.  The request for the conference with the Court will be accompanied by a letter, not to exceed three single-spaced pages, containing a representation to the Court of the kind described in Rule 7007-1 of the Local Bankruptcy Rules. The opposing Party may respond within three calendar days with a letter not to exceed three single-spaced pages.  In addition, the Parties agree that any such dispute may be heard on an emergency basis, subject to Court availability.

22.    Upon execution of this Stipulation, the obligations set forth herein are enforceable to the same extent as a subpoena or formal requests for production under the Federal Rules of Civil Procedure as made applicable by the Federal Bankruptcy Rules.

23.     The Parties may agree to modification of any deadlines in this Stipulation without

further order of the Court provided they do so in writing, which may take the form of an email.

[*The remainder of this page has been left blank intentionally.*]

**STIPULATED AND AGREED:**

Dated:       August 6, 2020
                 New York, New York

/s/ Mitchell P. Hurley_____          /s/ Benjamin S. Kaminetzky_____

AKIN GUMP STRAUSS                              DAVIS POLK & WARDWELL LLP
HAUER & FELD LLP

Ira S. Dizengoff                               Marshall S. Huebner
Arik Preis                                     Benjamin S. Kaminetzky
Mitchell P. Hurley                             Timothy Graulich
Joseph L. Sorkin                               Eli J. Vonnegut
Sara L. Brauner                                Christopher S. Robertson
One Bryant Park                                450 Lexington Avenue
New York, New York 10036                       New York, New York 10017
Telephone: (212) 872-1000                      Telephone: (212) 450-4000

*Counsel to the Official*                      *Counsel to the Debtors*
*Committee of Unsecured*
*Creditors*

/s/ Andrew M. Troop_____

PILLSBURY WINTHROP
SHAW PITTMAN LLP

Andrew Troop
Jason Sharp
31 West 52nd Street | New
York, NY 10019-6131
Telephone: (212) 858-1000

*Counsel to the Ad Hoc Group of*
*Non-Consenting States*

**SO ORDERED.**                                /s/Robert D. Drain_____

White Plains, New York                         THE HONORABLE ROBERT D. DRAIN
Dated: August 26, 2020                         UNITED STATES BANKRUPTCY JUDGE

14