UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>**PURDUE PHARMA L.P.,** *et al.*,<br><br>Debtors.[1] | **Chapter 11**<br><br>**Case No. 19-23649 (RDD)**<br><br>**(Jointly Administered)** |

### ORDER GRANTING MOTIONS FOR RELIEF FROM THE AUTOMATIC STAY

Upon (i) the motion, dated July 2, 2020 (the "**Debtors' Motion**")[2] of Purdue Pharma L.P. and its affiliates that are debtors and debtors in possession in these cases (collectively, the "**Debtors**") for entry of an order, pursuant to sections 105(a) and 362(d)(1) of the Bankruptcy Code modifying the automatic stay to permit the Debtors to prosecute certain pending patent litigation, and (ii) the motion, dated July 20, 2020 (the "**Collegium Motion**" and, together with the Debtors' Motion, the "**Motions**") of Collegium Pharmaceutical, Inc. ("**Collegium**") for entry of an order, pursuant to sections 105(a) and 362(d)(1) of the Bankruptcy Code modifying the automatic stay to permit the PTAB Action to proceed, in each case as more fully described in the Motions; and upon all objections to the Motions and other related pleadings; and the Court having jurisdiction to consider the Motions and the relief requested therein pursuant to 28 U.S.C. §§

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to such term in the Debtors' Motion.

157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motions and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motions having been provided to the Notice Parties, and it appearing that no other or further notice need be provided; and upon the record of the hearing held by the Court on the Motions (the "**Hearing**"); and, after due deliberation and for the reasons stated by the Court in its bench rulings at the Hearing, the Court having determined that the legal and factual bases set forth in the Motions and at the Hearing establish good and sufficient cause for the relief granted herein; and the Court having determined that such relief is in the best interests of the Debtors, their estates, their creditors and all other parties in interest,

**IT IS HEREBY ORDERED THAT**

1. The Motions are granted to the extent set forth herein and the objections to the Motions are denied except to the extent set forth herein.

2. The automatic stay under section 362(a) of the Bankruptcy Code is lifted and modified pursuant to section 362(d)(1) of the Bankruptcy Code for the purpose of allowing the Patent Litigation (as defined in the Debtors' Motion) and the PTAB Action (as defined in the Collegium Motion) to proceed through final judgment, but not enforcement.

3. Notwithstanding anything to the contrary herein or otherwise, (i) Collegium is barred from contending in any non-bankruptcy forum that the automatic stay under section 362(a) of the Bankruptcy Code has tolled, extended or precludes the imposition of any deadline imposed upon Collegium or upon the PTAB in the PTAB Action, and (ii) section 108(c)(2) of the Bankruptcy Code does not apply to extend any deadline in the PTAB Action unless it is determined

in a non-bankruptcy forum that the PTAB Action is a "civil action" and that the PTAB is a "court" for purposes of section 108(c) of the Bankruptcy Code and the other conditions of such section have been satisfied.

4. The Court makes no determination as to (i) the nature and effect of the deadline under 35 U.S.C. § 326(a)(11), (ii) whether the PTAB imposed a deadline on Collegium or the effect of any deadline so imposed, and (iii) whether the PTAB Action is a "civil action" before a "court" as those terms are used in 11 U.S.C. § 108(c). Such determinations, if any, should be made by the PTAB and any appellate court upon review of the PTAB's determinations.

5. Any Bankruptcy Rule (including, but not limited to, Bankruptcy Rules 4001(a)(3) or 6004(h)) or Local Bankruptcy Rule that might otherwise delay the effectiveness of this Order is waived, for cause, and the terms and conditions of this Order shall be effective immediately and enforceable upon its entry.

6. The contents of the Motions and the notice procedures set forth therein are good and sufficient notice and satisfy the Bankruptcy Rules and the Local Rules, and no other or further notice of the Motions or the entry of this Order shall be required.

7. The Debtors and Collegium, as applicable, are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motions.

8. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and enforcement of this Order.

Dated: White Plains, New York
      September 1, 2020                */s/ Robert D. Drain*
                                                 THE HONORABLE ROBERT D. DRAIN
                                                 UNITED STATES BANKRUPTCY JUDGE