COXWELL & ASSOCIATES, PLLC
Merrida Coxwell (*pro hac vice*)
Post Office Box 1337
Jackson, Mississippi 39215-1337
Phone: (601) 948-1600
Email: merridac@coxwelllaw.com

*Attorney for Scott County, Mississippi*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: | Bankruptcy Case No. 19-23649 (RDD) |
| PURDUE PHARMA L.P., *et al.*, | Chapter 11 |
| Debtor | Date: September 30, 2020 Time: 10:00 a.m. (EASTERN) |
| Affects all Debtors | Place: U.S. Bankruptcy Court, Southern District of NY 300 Quarropas Street, White Plains, NY 10601 |
| | Objection Deadline: Friday, September 25, 2020 @ 4:00 p.m. |

### MOTION TO ALLOW/DEEM TIMELY LATE FILING OF PROOF OF CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MÉRRIDA COXWELL

TO THE HONORABLE JUDGE ROBERT D. DRAIN, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES:

Coxwell & Associates, PLLC represents Scott County, Mississippi in a potential Opioid cause of action. A civil action was filed August 18, 2020 in the United States District Court, Northern District of Ohio, Eastern Division, cause number. 1:20-op-45238-DAP. Coxwell & Associates, PLLC respectfully files this motion on behalf of Scott County, Mississippi ("Movant")

- 1 -

to deem timely late filing of proof of claim ("Motion").

## I. SUMMARY OF ARGUMENT

A proof of claim may be deemed timely upon a showing of excusable neglect and lack of prejudice. In this case, due to a variety of stressors which involve the National COVID-19 pandemic, Movant was unable to timely file its proof of claim. Because there is no danger of prejudice to the Debtors, the Motion should be granted to allow this governmental entity to have its claim deemed timely. This Court must determine whether to grant the Motion.

## II. FACTUAL BACKGROUND

### A. Movant's Claim Arising from Opioid Litigation[1]

Creditor, Scott County, Mississippi has a potential unsecured claim against the Debtors. Scott County is a relatively small county with a population of approximately twenty-eight thousand, two hundred and eighty-seven (28,287). It would generally be considered a "rural" county, with the largest town-Forest-having a population of five thousand four hundred twenty (5,420). Coxwell & Associates, PLLC is attorney for Scott County. On or around March 11, 2020, the Mississippi Governor signed the first State of Emergency Declaration due to a COVID-19. Since the first Order, the Mississippi Governor has issues over fifty Executive Orders, the latest being on August 4th, 2020. Sometime around the time of initial Executive Order the office of Coxwell & Associates, PLLC began working from home, which caused systemic disruption in all its affairs. As stated above, the Governor issued numerous additional "Stay at Home" and "Stay Safe Orders" for the workplace. Within the small firm of Coxwell & Associates, PLLC, two essential staff/legal assistances and paralegals were infected by the Coronavirus as well as one of Merrida Coxwell' s children.

---

[1] *See* Ex. 2, Declaration of Mérrida P. Coxwell, Jr.

Attached is a true and correct copy of the Subject Proof of Claim, Exhibit "1" and the Mérrida Coxwell Declaration as Exhibit "2".

**B.     General Procedural Background**

On September 15, 2019 and September 16, 2019, Purdue Pharma L.P. and its 23 affiliated companies/debtors commenced with the Court voluntary cases ("Chapter 11 Cases") under chapter 11 of the United States Code ("Bankruptcy Code"). Purdue Pharma L.P.'s and its affiliates' chapter 11 filings were necessitated by a confluence of factors resulting from the catastrophic nationwide Opioid crisis. Orders were entered allowing the joint administration of all the Bankruptcy cases.

Since the Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to 11 U.S.C. §§ 1107 (a) & 1108, the Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure ("FRBP").

**C.     Plan, Disclosure Statement, and the Solicitation Procedures Motion**

The Bankruptcy proceedings of Purdue Pharma, L.P. and it 23 affiliates continued forward. The many proceeding filed in the United States Bankruptcy Court for the Southern District of New York are not otherwise relevant for purposes of this motion.

**D.     Extended Bar Date for Creditors**

The deadline for filing proofs of claim with respect to any prepetition claim including, but not limited to, all claims of individuals, governmental of individuals, governmental entities, and for the avoidance of doubt, including all secured claims and priority claims, against either of the Debtors was June 30, 2020 at 5:00 p.m. ("General Bar Date").

The deadline for filing claims was extended to July 30, 2020 ("Extended Bar Date").

### III. Legal Argument

In a Chapter 11 case, the time to file a proof of claim may be extended under certain circumstances. *Fed. R. Bank. Pro.* 3003 (c)(3); *Fed. R. Bank. Pro.* 9006(b)(1). The bankruptcy court has "broad equitable powers" in a Chapter 11 case with respect to the timing requirement for proofs of claim. *Pioneer Inventory Services v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 389 (1993). All in all, *Rule* 9006(b)(1) allows "late filings caused by inadvertence, mistake, or carelessness, not just those caused by intervening circumstances beyond the party's control." *Id.*, at 381. Even a creditor that did in fact receive notice may file a proof of claim notwithstanding the expiration of a claims bar date in a Chapter 11 case upon a showing of "excusable neglect." *Id.* At 394-95 ("Had respondents here been prevented from complying with the bar date by an act of God or some other circumstance beyond their control, the Bankruptcy Court plainly would have been permitted to find 'excusable neglect' [under *FRBP* 9006].").

In the present case, the claim of Scott County is very small. The 'prejudice' written about in *Pioneer* will be nonexistent. The claim of Scott County, Mississippi will have no disruptive effect upon the plan or any economic model upon which the plan might be based. The claim of a county the size of Scott County will be no more than a pebble dropped into a raging ocean. *See, e.g., In re Eagle Bus Mfg., Inc.*, 62 F.3d at 737-38; *Manousoff v.Macy's Northeast, Inc. (In re R.H. Macy & Co.)*, [**18]_ 166 Bankr. 799, 802 (S.D.N.Y. 1994)." Furthermore, there is no 'bad faith' on the part of the creditor Scott County, Mississippi, or by its counsel. It should be noted in counsel's Declaration that both of his legal assistants were out of his office with coronavirus infections. His personal assistant and officer manager for over 30 years was out from July 19,

2020, until August 03, 2020. His paralegal who filed claims was out from July 24, 2020 and did not return to work due to her illness until August 21, 2020.

Again, a late-filed proof of claim is allowable where a creditor had actual notice of the bankruptcy but, due to some external reason, failed to file a proof of claim or did not realize that she had to, before the bar date. All in all, *Rule* 9006(b)(1) allows "late filings caused by inadvertence, mistake, or carelessness, not just those caused by intervening circumstances beyond the party's control." *Pioneer,* 507 U.S. at 381. Here, consideration of all four *Pioneer* factors – as well as a fifth engrafted onto the *Pioneer* analysis by some courts – weighs in favor of Movants.

Because in this case there is no danger of prejudice to the Debtors, the first *Pioneer* factor weighs overwhelmingly in Movant's favor. *See, e.g., In re Best Payphones, Inc.,* 523 B.R. 54, 75-6 (Bankr. S.D.N.Y. 2015) and *In re Sheehan Mem'l Hosp.,* 507 B.R. 802, 803 (Bankr. W.D.N.Y. 2014) (where the chapter 11 estate is solvent, "the proper remedy for a late filing is not the expungement of a claim, but its allowance as a tardily filed claim only.). Secondly, immediately, upon receiving all the necessary information the Subject Proofs of Claims were filed. Thirdly, the delay in filing the Subject Proofs of Claims is reasonable considering the nationwide Coronavirus epidemic. Lastly, any prospect of prejudice beyond solvency is unlikely given (a) distributions have not been made; and (b) the value of Movants' claims relative to the value of Debtors' estates is very low. *See, e.g., In re Keene Corp.,* 188 B.R. 903 (Bankr. S.D.H.Y. 1995) (size of the late claim in relation to the estate is a consideration in determining prejudice).

## IV. CONCLUSION

For the reasons set forth above, the Movants respectfully request that this Court enter an order pursuant to *Bankruptcy Rule* 9006(b)(1) as follows:

1. Granting the Motion;

2.    Finding that Subject Proofs of Claims filed by Movant is to be allowed as having been timely filed;

3.    Granting such other or further relief as the Court deems just and proper.

Dated: August, 28, 2020.

        Respectfully submitted,
        COXWELL & ASSOCIATES, PLLC

BY:    */s/ Mérrida Coxwell*
        MÉRRIDA COXWELL