

Page 1

1    UNITED STATES BANKRUPTCY COURT

2    SOUTHERN DISTRICT OF NEW YORK

3    Case No. 19-23649-rdd

4    - - - - - - - - - - - - - - - - - - - - - - - - - - - x

5    In the Matter of:

6

7    PURDUE PHARMA L.P.,

8

9           Debtor.

10   - - - - - - - - - - - - - - - - - - - - - - - - - - - x

11

12                    United States Bankruptcy Court

13                    300 Quarropas Street, Room 248

14                    White Plains, NY 10601

15

16                    August 26, 2020

17                    10:05 AM

18

19

20

21   B E F O R E :

22   HON ROBERT D. DRAIN

23   U.S. BANKRUPTCY JUDGE

24

25   ECRO: UNKNOWN

Page 2

1  HEARING re Notice of Agenda / Agenda for August 26, 2020

2  Hearing

3

4  HEARING re Notice of Hearing / Notice of Second Interim Fee

5  Hearing

6

7  HEARING re Second Interim Fee Application of PJT Partners LP

8  as Investment Banker to the Debtors and Debtors-In-

9  Possession for Allowance of Compensation for Services

10  Rendered and for the Reimbursement of All Actual and

11  Necessary Expenses Incurred for the Period: 2/1/2020 to

12  5/31/2020, fee:$900,000.00, expenses: $14,563.51. filed by

13  PJT Partners LP. (ECF #1356)

14

15  HEARING re First Interim Application of Cornerstone Research

16  for Compensation for Services Rendered and Reimbursement of

17  Expenses Incurred as Consultant to the Debtors for

18  the Period : 1/14/2020 to 5/31/2020, fee:$483,554.00,

19  expenses: $0.00. filed by Cornerstone Research (ECF #1360)

20

21  HEARING re Second Interim Application of Davis Polk &

22  Wardwell LLP for Compensation for Services Rendered and

23  Reimbursement of Expenses Incurred as Counsel to the Debtors

24  and Debtors In Possession for the Period: 2/1/2020 to

25  5/31/2020, fee:$19,433,107.7, expenses: $97,640.46. filed by

Page 3

1   Davis Polk & Wardwell LLP (ECF #1390)

2

3   HEARING re Application for Interim Professional Compensation

4   AlixPartners, LLPs Second Interim Application as Financial

5   Advisor to the Chapter 11 Debtors for the Period: 2/1/2020

6   to 5/31/2020, fee:$6,093,040.50, expenses: $112,995.42 filed

7   by AlixPartners LLP (ECF #1391)

8

9   HEARING re Second Application for Interim Professional

10  Compensation for Arnold & Porter Kaye Scholer LLP, Debtor's

11  Attorney, period: 2/1/2020 to 5/31/2020, fee:$543,466.74,

12  expenses: $70.00. filed by Arnold & Porter Kaye Scholer LLP

13  (ECF #1392)

14

15  HEARING re Second Fee Application of King & Spalding LLP for

16  Compensation for Services Rendered and Reimbursement of

17  Expenses Incurred as Special Counsel to the Debtors

18  and Debtors in Possession for the Period: 2/1/2020 to

19  5/31/2020, fee:$4,636,674.50, expenses: $35.25. filed by

20  Scott I. Davidson, KING & SPALDING LLP (ECF #1394)

21

22  HEARING re Second Application for Interim Professional

23  Compensation for Wilmer Cutler Pickering Hale and Dorr LLP,

24  Debtor's Attorney, period: 2/1/2020 to 5/31/2020,

25  fee:$294,865.56, expenses: $2,416.88. filed by George W.

Page 4

1    Shuster Jr. (ECF #1395)

2

3    HEARING re Second Joint Interim Fee Application of KPMG LLP

4    as Tax Consultant to the Debtors and the Official Committee

5    of Unsecured Creditors for Allowance of Compensation for

6    Services Rendered and Reimbursement of Expenses for the

7    Period: 2/1/2020 to 5/31/2020, fee:$2,000,637.75, expenses:

8    $592.22. filed by KPMG LLP (ECF #1396)

9

10   HEARING re Second Interim Application of Ernst & Young LLP

11   for Compensation and Reimbursement of Expenses Incurred as

12   Auditors for the Debtors for the Period: 2/1/2020 to

13   5/31/2020, fee:$595,000.00, expenses: $3,373.18. filed by

14   Ernst & Young LLP (ECF #1400)

15

16   HEARING re Second Interim Fee Application of Jones Day for

17   Compensation for Services Rendered and Reimbursement of

18   Actual and Necessary Expenses Incurred as Special Counsel to

19   the Debtors for the Retention Period: 2/1/2020 to 5/31/2020,

20   fee:$735002.54, expenses: $40243.35 (ECF #1406)

21

22

23

24

25

Page 5

1    HEARING re Response to Motion for Order Modifying the

2    Automatic Stay to Permit the Debtors to Prosecute Certain

3    Pending Patent Litigation (related document(s)1328) filed by

4    Scott F. Gautier on behalf of Collegium Pharmaceutical, Inc.

5    (ECF #1463)

6

7    HEARING re Second Interim Fee Application Of Skadden, Arps,

8    Slate, Meagher & Flom LLP For Compensation For Services

9    Rendered And Reimbursement Of Expenses As Special

10   Counsel To The Debtors For The Period: 2/1/2020 to

11   5/30/2020, fee:$5,021,610.48, expenses: $19,770.49

12   (ECF #1411)

13

14   HEARING re Notice of Amended Summary Statement for Second

15   Interim Fee Application of Dechert LLP, Special Counsel for

16   the Debtors, for Compensation for Professional

17   Services Rendered and Reimbursement of Actual and Necessary

18   Expenses Incurred (related document(s)1399) filed by Shmuel

19   Vasser on behalf of Dechert LLP (ECF #1439)

20

21   HEARING re Second Interim Fee Application of Dechert LLP, as

22   327(e) Special Counsel, for Compensation for Professional

23   Services Rendered and Reimbursement of Actual and

24   Necessary Expenses Incurred During the Period: 2/1/2020 to

25   5/31/2020, fee: $3,434,410.64, expenses: $408,656.15. filed

Page 6

1    by Dechert LLP (ECF #1399)

2

3    HEARING re Second Interim Fee Application of Akin Gump

4    Strauss Hauer & Feld LLP as Counsel to The Official

5    Committee of Unsecured Creditors of Purdue Pharma L.P., et

6    al., for Allowance of Compensation for Services Rendered and

7    Reimbursement of Expenses for the Period: 2/1/2020 to

8    5/31/2020, fee:$17,563,479, expenses: $236,045.74.(related

9    document(s)1407) filed by Akin Gump Strauss Hauer & Feld

10   LLP. (ECF #1441)

11

12   HEARING re First Interim Fee Application of Bedell Cristin

13   Jersey Partnership as Special Foreign Counsel to The

14   Official Committee of Unsecured Creditors of Purdue Pharma

15   L.P., et al., for Allowance of Compensation for Services

16   Rendered for the Period : 2/27/2020 to 5/31/2020,

17   fee:$30,288.00, expenses: $0.00.(related document(s)1405)

18   filed by Bedell Cristin Jersey Partnership (ECF #1442)

19

20   HEARING re First Interim Fee Application of Cole Schotz P.C.

21   as Co-Counsel to The Official Committee of Unsecured

22   Creditors of Purdue Pharma L.P., et al., for Allowance of

23   Compensation for Services Rendered and Reimbursement of

24   Expenses for the Period: 2/24/2020 to 5/31/2020,

25   fee:$2,535,250.50, expenses: $310.50. (related

Page 7

1   document(s)1404) filed by Cole Schotz P.C. (ECF #1443)

2

3   HEARING re Second Interim Application of Jefferies LLC for

4   Allowance of Compensation for Services Rendered and

5   Reimbursement of Expenses Incurred as Investment Banker for

6   The Official Committee of Unsecured Creditors for the Period

7   : 2/1/2020 to 5/31/2020, fee:$900,000.00, expenses:

8   $35,964.54. (related document(s)1402) filed by Jefferies

9   LLC. (ECF #1444)

10

11   HEARING re Second Interim Fee Application of Kurtzman Carson

12   Consultants LLC as Information Agent to The Official

13   Committee of Unsecured Creditors for Allowance of

14   Compensation for Professional Services Rendered and for

15   Reimbursement of Actual and Necessary Expenses Incurred,

16   period: 2/1/2020 to 5/31/2020, fee:$222,215.06,

17   expenses: $15,629.35.(related document(s)1401) filed by

18   Kurtzman Carson Consultants LLC. (ECF #1445)

19

20   HEARING re Second Interim Application of Province, Inc.,

21   Financial Advisor to The Official Committee of Unsecured

22   Creditors of Purdue Pharma L.P., et al., for Compensation

23   and Reimbursement of Expenses for the Interim Period :

24   2/1/2020 to 5/31/2020, fee: $4,537,231.50, expenses:

25   $7,777.02.(related document(s)1403) filed by Province,

Page 8

1    Inc. (ECF #1446)

2

3    HEARING re Application of Otterbourg P.C. as Co-Counsel to

4    the Ad Hoc Committee of Governmental and Other Contingent

5    Claimants for Second Interim Allowance of Compensation for

6    Services Rendered and Reimbursement of Expenses Incurred

7    period: 2/1/2020 to 5/31/2020, fee:$336,192.00, expenses:

8    $1,604.92.(related document(s)1414) filed by Otterbourg P.C.

9    (ECF #1456)

10

11   HEARING re Second Interim Fee Application of FTI Consulting,

12   Inc. for Compensation Earned and Expenses Incurred for the

13   Period: 2/1/2020 to 5/31/2020, fee:$1,908,622.50, expenses:

14   $12,265.84.(related document(s)1416) filed by FTI

15   Consulting, Inc. (ECF #1457)

16

17   HEARING re Second Interim Application of Gilbert LLP, for

18   Allowance of Compensation for Services Rendered and

19   Reimbursement of Expenses Incurred as Co-Counsel to the Ad

20   Hoc Committee of Governmental and Other Contingent

21   Litigation Claimants for the Period: 2/1/2020 to 5/31/2020,

22   fee:$1,078,669.00, expenses: $23,191.60.(related

23   document(s)1417) filed by Gilbert LLP (ECF #1458)

24

25

Page 9

1   HEARING re Second Interim Application of Kramer Levin

2   Naftalis & Frankel LLP, as Co-Counsel to the Ad Hoc

3   Governmental and Other Contingent Litigation Claimants, for

4   Allowance of Compensation for Professional Services Rendered

5   and for Reimbursement of Actual and Necessary Expenses

6   Incurred for the Period: 2/1/2020 to 5/31/2020, fee:

7   $1,568,914.50, expenses: $92,717.65.(related

8   document(s)1418) filed by Kramer Levin Naftalis & Frankel

9   LLP (ECF #1459)

10

11   HEARING re First Interim Application of Bielli & Klauder,

12   LLC for Compensation for Services Rendered and Reimbursement

13   of Expenses Incurred as Counsel to the Fee Examiner,

14   David M. Klauder, Esquire for the Period: 4/8/2020 to

15   5/31/2020, fee: $83,375.00, expenses: $. filed by Bielli &

16   Klauder, LLC, David M. Klauder (ECF #1447)

17

18   HEARING re Motion to Intervene on behalf of The National

19   Association for the Advancement of Colored People

20   (ECF #1555)

21

22   HEARING re THE NON-CONSENTING STATES' STATEMENT IN SUPPORT

23   OF THE MOTION TO INTERVENE (related document(s)1555) filed

24   by Andrew M. Troop on behalf of Ad Hoc Group of Non-

25   Consenting States (ECF #1585)

1   HEARING re Response to Motion Filed by the NAACP and their

2   Supporting Memorandum, 08/07/20 (related document(s)1555)

3   filed by Ronald Bass Sr. (ECF #1587)

4

5   HEARING re The Multi-State Governmental Entities Group's

6   Statement in Support of the NAACP's Motion to Intervene

7   (related document(s)1555) filed by Kevin C. Maclay on behalf

8   of Multi-State Governmental Entities Group (ECF #1589)

9

10   HEARING re Debtors' Statement in Support of the Motion to

11   Intervene on Behalf of the NAACP (related document(s)1555)

12   filed by James I. McClammy on behalf of Purdue Pharma

13   L.P. (ECF #1596)

14

15   HEARING re Statement / Ad Hoc Committees Statement in

16   Support of the Motion to Intervene of the National

17   Association for the Advancement of Colored People (related

18   document(s)1555) (ECF #1599)

19

20   HEARING re Debtors Motion for Order Modifying the Automatic

21   Stay to Permit the Debtors to Prosecute Certain Pending

22   Patent Litigation (ECF #1328)

23

24   HEARING re Response to Motion for Order Modifying the

25   Automatic Stay to Permit the Debtors to Prosecute Certain

Page 11

1    Pending Patent Litigation (related document(s)1328) filed by

2    Scott F. Gautier on behalf of Collegium Pharmaceutical, Inc.

3    (ECF #1463)

4

5    HEARING re Omnibus Objection and Reply in Support of

6    Debtors' Motion for Order Modifying the Automatic Stay to

7    Permit the Debtors to Prosecute Certain Pending Patent

8    Litigation [related document 1465] (related document(s)1465)

9    filed by Eli J. Vonnegut on behalf of Purdue Pharma L.P.d

10   (ECF #1592)

11

12   HEARING re Motion for Relief from Stay filed by Scott F.

13   Gautier on behalf of Collegium Pharmaceutical, Inc.

14   (ECF #1465)

15

16   HEARING re Response to Debtors Omnibus Objection to

17   Collegium Pharmaceutical, Inc's Motion for Relief from the

18   Automatic Stay and Debtors Reply in Support of Debtors

19   Motion for Order Modifying the Automatic Stay to Permit the

20   Debtors to Prosecute Certain Pending Patent Litigation

21   (related document(s)1592)

22

23   HEARING re Response to Debtors' Omnibus Objection to

24   Collegium Pharmaceutical, Inc.'s Motion for Relief from the

25   Automatic Stay and Debtors' Reply in Support of Debtors'

1  Motion for Order Modifying the Automatic Stay to Permit the

2  Debtors to Prosecute Certain Pending Patent Litigation

3  (related document(s)1592) filed by Scott F. Gautier on

4  behalf of Collegium Pharmaceutical, Inc. (ECF #1601)

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25  Transcribed by:  Sonya Ledanski Hyde

```
 1    A P P E A R A N C E S :

 2

 3    DAVIS POLK & WARDWELL LLP

 4         Attorneys for

 5         450 Lexington Avenue

 6         New York, NY 10017

 7

 8    BY:  MARSHALL HUEBNER

 9         GREGORY JOSEPH

10         CHRISTOPHER ROBERTSON

11

12    ORTIZ & ORTIZ

13         Attorneys for the NAACP

14         3272 Steinway Street, Suite 402

15         Astoria, NY 11103

16

17    BY:  NORMA ORTIZ

18

19    SOUTHERN MED LAW

20         Attorneys for the NAACP

21         2224 First Avenue North

22         Birmingham, AL 35203

23

24    BY:  FRANCOIS BLAUDEAU

25
```

Page 14

```
 1   ROBINS KAPLAN

 2         Attorneys for

 3         2049 Century Park East

 4         Los Angeles, CA 90067

 5

 6   BY:  SCOTT GAUTIER

 7         JAKE HOLDREITH

 8

 9   ALSO PRESENT TELEPHONICALLY:

10   EDWARD DRUMMOND

11   JOSEPH STEINFELD

12   LOWELL FINSON

13   LAWRENCE FOGELMAN

14   SHMUEL VASSER

15   SHEILA BIRNBAUM

16   SARA BRAUNER

17   HAYDEN COLEMAN

18   SCOTT DAVIDSON

19   ARTEM SKOROSTENSKY

20   ALICE TSIER

21   JASMINE BALL

22   NATASHA LABOVITZ

23   MAURA MONAGHAN

24   DANIEL E. STOIK

25   HAROLD WILLIFORD
```

Page 15

1   THOAS BIELI

2   ADAM HABERKORN

3   SARAH HARBUCK

4   CHRISTOPHER ROBERTSON

5   MARC SKAPOF

6   DANIELLE EVEIN

7   BROOKS BARKER

8   MICHELLE P. HURLEY

9   ANN LANGLEY

10   ARIK PREIS

11   NICHOLAS KAJON

12   MELANIE CYGANOWSKI

13   SALLY WOODHOUSE

14   JUSTIN ALBERTO

15   EMILY F. MACKAY

16   JUSTIN ALBERTO

17   JENNIFER CHRISTIAN

18   TAYLOR HARRISON

19   GREGORY JOSEPH

20   ALEX LEES

21   EDWARD NEIGER

22   CONSTANTINE DEAN POURAKIS

23   NICHOLAS PRETY

24   GERARD UZZI

25   DONALD CREADORE

```
 1   HARRISON CULLEN

 2   KENNETH H. ECKSTEIN

 3   CAROLINE GANGE

 4   BRIAN GARCIA

 5   RORY GREISS

 6   ANNA KORDAS

 7   KAREN NEWBURY

 8   RACHAEL RINGER

 9   M. VIOLA SO

10   KATIE STADER

11   EDWARD BISCH

12   CATRINA SHEA

13   JESSE DELCONTE

14   GEORGE SHUSTER

15   MATT DIAZ

16   FRANCOIS BLAUDEAU

17   MICHAEL ATKINSON

18   DENNIS CHU

19   DENNIS CHU

20   BENJAMIN KAMINETZKY

21   DAVID MOLTON

22   BARBARA VAN ROOYAN

23   DEVON BRADY

24   MARA LEVENTHAL

25   CYNTHAI MUNGER
```

1    JOHN NORMILE

2    JAKE HOLDREITH

3    RONALD BASS

4    JEFFREY GARFINKLE

5    BRANDAN MONTMINY

6    HAYLEY THEISEN

7    PAUL SCHWARTZBERG

8    TIMOTHY GRAULICH

9    DAVID ZWALLY

10   KAMI QUINN

11   ANDREW TROOP

12   DAVID KLAUDER

13   SHIRLEY KUHLMANN

14   CYRUS MEHRI

15   STEVEN SKALET

16   AISHA RICH

17

18

19

20

21

22

23

24

25

1                       P R O C E E D I N G S

2               THE COURT:  Good morning.  This is Judge Drain.

3       We're here on in re:  Purdue Pharma, L.P., et al.  This is

4       an entirely telephonic hearing.  I'll ask you to identify

5       yourself and your client the first time you speak.  I may do

6       so later if I think the court reporter can't put together

7       your voice with your name and client.

8               There's one authorized recording of this hearing.

9       It's taken by Court Solutions.  Court Solutions provides a

10      copy on a daily basis to our clerk's office.  If you want to

11      obtain a transcript of the hearing, you should contact our

12      clerk's office to arrange for the production of one.

13              With that introduction, I have the Debtor's

14      amended agenda for today's hearing, and I'm happy to go down

15      the agenda, as stated, unless someone wants to proceed in

16      some other fashion and I'll hear them on that.

17              MR. HUEBNER:  Thank you, Your Honor.  It's

18      Marshall Huebner for the record, of Davis Polk & Wardwell

19      for the Debtors.  Can the Court hear me clearly?

20              THE COURT:  Yes, I can, thanks.

21              MR. HUEBNER:  Okay, terrific.  Well, good morning,

22      Your Honor.  So, happily, today's agenda is very brief and I

23      actually don't really have any extra agenda items. Just two

24      very quick notes at the outset.  Number one, although

25      obviously the rest of the journey -- we still have a few

Page 19

1   days left ahead of us but I think it was essentially my

2   request, to which the Court agreed or acceded at the last

3   hearing, to set an August 31 end date for mediation barring

4   extraordinary circumstance does appear to, in fact, have

5   been a very important move for the progress of these cases.

6   Because, obviously, the mediation is confidential, I'm very

7   limited in what it would be appropriate to say, except to

8   say that many people are working very, very, very hard in

9   the re-pressurized or extra-pressurized situation and

10  hopefully that deadline will sub in, as I said at the last

11  hearing, for the fact that many of the tools the mediators

12  often employ to help pressurized situations and bring people

13  to deals are not available in light of the many crises that

14  are racking our country at present.

15          The other brief note, Your Honor, as the Court no

16  doubt saw because the Court reads everything, the creditors

17  committee filed a brief discovery update letter last night -

18  - speaking with Akin Gump about it.  I think they did that

19  for salutary purposes, which is to avoid the need for sort

20  of saying, let me give you an update, Your Honor, and then

21  lots of other people sort of express their views, and then

22  we end up having an unplanned hour and 20 minutes about

23  discovery.  They thought that a brief letter setting forth

24  their view of where things are would actually be a

25  substitute for the need to make oral remarks.

Page 20

1          You know, it goes without saying that, obviously,

2    there are people, including the Debtors on some of the

3    issues, who have somewhat different views about where things

4    are or might best be going, but to get the whole point was

5    to avoid dialogue at this hearing about that since there's

6    nothing ripe for the Court.  There also I should say many,

7    many things are going on in many corners, as the Court might

8    expect.  And if and as there are things that need the

9    Court's intervention, everybody knows where to find you.

10          So, with that, I think I have nothing more to say

11   about that topic either.  And, in fact, I'm ready to move to

12   our hopefully pretty limited agenda.  So, item number --

13          THE COURT:  Can I just interrupt you for a second?

14   I did have a chance to read that letter and I agree with

15   you, I don't think it would be productive to discuss the

16   discovery process further in light of the fact that the

17   stipulations have been entered pertaining to discovery.  And

18   I have time available, of course, if there are further

19   disputes, including with respect to privilege issues in the

20   month of September.  And I agree again for a discovery

21   conference in the interim if someone believes that that's

22   important and they've not been able to work it out after

23   even their best efforts to do so with the other side or

24   sides.

25          So, I didn't see the letter as raising any

Page 21

```
 1   particular issue, and I don't think there's any need to have

 2   anyone respond to it at this point, particularly given the

 3   orders that are on file with the Court.  So, I agree with

 4   you.  I think we should proceed with the agenda.

 5              MR. JOSEPH:  Your Honor, Gregory Joseph.  If I may

 6   just say one thing -- and I will not address anything you

 7   don't want addressed.  The attached stipulation purports to

 8   bind at least a half a dozen parties that were not involved

 9   in the stipulation process to a schedule which we need to

10   address.  But I won't do it at this hearing if Your Honor

11   would prefer we do it in writing or otherwise.

12              THE COURT:  Okay, that's fine.

13              MR. JOSEPH:  It's an unworkable schedule.  Okay,

14   thank you, Your Honor.

15              MR. HUEBNER:  So, Your Honor, on to the agenda.

16   The first set of items -- the fee examiner, like many other

17   people on this case, has been hard and fast at work.  They

18   sent out reports, I believe, to all the professionals

19   requesting reductions.  My understanding is that all the

20   professional firms then interfaced with the fee examiner and

21   reached a set of resolutions as to each one.  We have

22   prepared, as we did last time, a form of omnibus order that

23   reflects all those reductions.  (indiscernible) I actually

24   believe they're all done as of today, so we won't need the

25   second order for the firms that are not quite done yet.
```

Page 22

1    People all hustled in order to meet the needs of the hearing

2    at the fee examiner's request and worked through them and,

3    hopefully, that can come and go in (indiscernible) as much

4    time so say that I think that is now resolved.

5            THE COURT:  Well, let me make sure I just

6    understand.  I have -- oh, probably about 20 fee

7    applications for the Debtors committee and the ad hoc

8    committee of governmental and other contingent litigation

9    claims that professional, and they're all in specific

10   amounts.  Some of them reflect voluntary reductions.

11           I'm just not clear from what you just said -- are

12   -- do those applications reflect already the discussions

13   with the fee examiner?  Or are there ongoing discussions at

14   least with regard to some of them where the amounts might be

15   further reduced?

16           MR. HUEBNER:  Apologies, Your Honor.  The answer

17   is actually neither.

18           THE COURT:  Okay.

19           MR. HUEBNER:  The volunteered reductions that were

20   reflected in the applications were reductions -- I'll speak

21   for Davis Polk -- we often take a bunch of things off

22   ourselves long before we file them, just because we figure

23   that's the right thing to do based on (indiscernible).

24           The fee examiner, several weeks ago, sent his

25   proposed reductions to all of the professionals.  And those

Page 23

1    issues have now all been worked out and we have a revised

2    form of order that chambers advised us not to send in in

3    advance of the hearing that reflects the additional

4    reductions that have been agreed to between every one of the

5    professionals and the fee examiner.  So, there is no ongoing

6    dialogue because the dialogue concluded successfully.  So,

7    there is a form of order that we're ready to send in that

8    reflects additional reductions and is extremely precise

9    about initial request, fee examiner agreed reductions, you

10   know, approved amount to be paid, as it did last time --

11             THE COURT:  Yes.

12             MR. HUEBNER:  It follows a similar grid.  But

13   they're all done now and we're just ready to send in the

14   order.

15             THE COURT:  Okay.

16             MR. HUEBNER:  As long as it meets the Court's

17   pleasure.

18             THE COURT:  All right, so I have reviewed each of

19   the applications and I have my own views on them.  I think

20   probably what it makes sense to do is, in going through each

21   of them, to state what the agreed amount is or even, if you

22   can do this, the agreed reduction is, and then I can decide

23   whether that's within what I would've ordered or not.

24             MR. HUEBNER:  Yeah, exactly.  And the proposed

25   order does exactly that, Your Honor, on a firm by firm

Page 24

1    basis.  It's like a big grid.  And so what we'll do is we'll

2    end it in to chambers after the hearing and, hopefully, what

3    the fee examiner asked for and people agreed to is in line

4    with what Your Honor had noticed or was thinking.  And, if

5    not, obviously, each of the relevant firms stands ready to

6    address it in whatever way is appropriate.

7                THE COURT:  Well, if we're going to do it that

8    way, then if I have a problem and think that there should be

9    a greater reduction, then we'll just contact that firm and

10   say that, and they have the option, I guess, of either

11   agreeing to that or we'll have a hearing on it.

12               MR. HUEBNER:  Yeah, understood.  And, obviously,

13   as always, Your Honor, Davis Polk, of course, has been doing

14   the coordinating (indiscernible) of all the professionals

15   here, and we'll clearly proceed in whatever way the Court

16   thinks best.  And if you'd like us to help coordinate that

17   with chambers so chambers doesn't have to call two, or

18   three, or four, or five firms, please just let just know.

19   We're obviously standing by in a coordination role to help

20   send everything.

21               THE COURT:  Okay.  That's fine.  So, I guess the

22   only point I'll make then, given the uncontested nature of

23   these applications, is to point out three issues that I have

24   noticed -- maybe the fee examiner has too.  It may be that

25   he's found things that I didn't find and it all comes out in

Page 25

1      the wash.  But I will note them anyway.  First, some firms

2      have spent what appears to me to be an inordinate amount of

3      time on fee application and monthly billing.  Obviously, fee

4      application preparation is compensable under the Bankruptcy

5      Code, and it may be that some of the time by some of the

6      professionals, namely, the committee of Debtor main counsel

7      is spent not on their own billing and fee application time

8      but looking at others.

9              But, nevertheless, it appears to me that the time

10     for many of the firms is excessive in this category.  And

11     maybe that's attributable to the monthly billing, which

12     normally wouldn't, I think, be that clearly covered by

13     Section 330, but it's hard for me to tell.

14             The second point is it does appear to me that the

15     parties are coordinating with each other to avoid

16     duplication in the investigation and discovery.  But I will

17     note it's a very expensive process.  And I just think it's

18     important for the bankruptcy lawyers to keep an eye on the

19     litigators and make sure that they understand the difference

20     between doing due diligence and an examination and taking

21     discovery for purposes of a trial.

22             The last point is there are some timekeepers who

23     seem to be billing a set amount of time every day, and that

24     set amount of time is, in one instance, ten hours a day,

25     every day of the week, every month.  I'm sure this is the

Page 26

```
1    type of thing examiners catch but, again, I think it's

2    important for the bankruptcy lawyers to keep an eye on their

3    colleagues in other departments to make sure that things

4    like that don't happen.

5              So, I trust that the examiner's caught those sorts

6    of things and probably other things as well, including

7    things like transitory time.  You know, people who bill one

8    hour or half an hour and normally one looks carefully at

9    those things.  Sometimes that half hour is incredibly

10   important, sometimes it isn't.  But I -- the main message

11   I'm sending out here is that the -- someone fairly senior on

12   the bankruptcy side for each professional should make sure

13   that the non-bankruptcy lawyers are doing this work

14   recognizing the Chapter 11 context of it.

15             But with that said, I'm happy to go by the process

16   that you suggested, Mr. Huebner.  And I, in all likelihood,

17   will conclude once I see your grid for all the professionals

18   that the agreed further reductions in light of the

19   examiner's review are in line with what I had in mind.  And

20   I probably will not reach out to any particular professional

21   but -- of course, if that doesn't happen, I will.

22             MR. HUEBNER:  Yeah, Your Honor, I guess I should

23   also note -- and, obviously, I'm extemporizing a little bit

24   here -- of course, we do have a fee examiner.

25             THE COURT:  Right.
```

1          MR. HUEBNER:  And so I'm sure the fee examiner

2     would be delighted to talk to the Court directly.  For

3     example, you know, without (indiscernible) the professional

4     on the record, if there actually is some lawyer at some firm

5     who is billing exactly ten hours to Purdue six days every

6     single week, there certainly -- that would be an anomaly, it

7     would be extremely difficult to justify.  And so that may be

8     what's happening (indiscernible) the Court wants to talk to

9     the fee examiner about directly and tell them who it is and

10    have them --

11         THE COURT:  Well, I -- I'm not -- I -- he acts

12    independently and I have no reason to believe that he's not

13    acting properly.  So, he's probably catching those sorts of

14    things.

15         MR. HUEBNER:  Yes.  I can certainly say it to

16    Davis Polk, Your Honor, just to give one example just in the

17    interest of candor and helping -- some of those issues like

18    transitory timekeepers we definitely have discussed.  And so

19    the Court knows, A, we write off a bunch of them ourselves

20    before we ever file the bills.  B, some of them are, in

21    fact, specialists who we actually need for a highly limited

22    purpose, and they're the best person in the firm.  Some of

23    them where it's ramp up, ramp off, vacation covers and the

24    like -- we often do write them off just because, you know,

25    that sort of business continuity is something the client

Page 28

1   shouldn't pay extra for.  So, those are definitely the types

2   of issues that have been raised.  They have software that is

3   actually quite precise in catching things.  You know, the

4   number of people at hearings, transitory timekeepers, you

5   know, things like that.  And so, hopefully, the reductions

6   that the Court sees will be in line with the many tape flags

7   that Your Honor always has on your black binders.

8           THE COURT:  Okay, very well.  Thank you.

9           MR. HUEBNER:  So, Your Honor, that brings us to

10  the second item of the agenda, which is actually the NAACP's

11  motion, not the Debtor's motion.  And so I think probably

12  the right thing to do is to turn the podium over to counsel

13  for the NAACP.  There is a resolution, of course, that the

14  Debtors helped shepherd among several parties but it's not

15  my motion.  So I will go on mute and turn over the podium.

16          THE COURT:  Okay.

17          MS. ORTIZ:  Good morning, Your Honor.  This is

18  Norma Ortiz, I'm local counsel to the NAACP.

19          THE COURT:  Good morning.

20          MR. BLAUDEAU:  Judge, this is Francois Blaudeau.

21  I'm complex litigation counsel for the NAACP.  Appreciate

22  the opportunity to be put on this motion (indiscernible).

23  And I note that a number of the parties have filed motions

24  in support.  And as it stands right now, I don't think that

25  a motion's contested from any of the parties.  We believe

Page 29

1    that -- this is an important step in trying to place some

2    safeguards through the process and ensure that communities

3    of color and at-risk communities have a -- more attention

4    through the process to try to ensure that we get better

5    outcomes than what we historically have seen in the past.

6           I can go on ad nauseam about many of the different

7    national settlements going as far back as the tobacco

8    settlement in 1998, where the trickledown effect to

9    communities of color and at-risk (indiscernible) was very

10   poor.  Studies have been done showing that as low as 10

11   percent of funds that were supposedly going to those

12   communities made it to those communities.

13          And so this is -- the opioid crisis is a crisis

14   that affects large areas of the country and affects certain

15   areas differently.  And so we think this is a very important

16   process -- we think it's very important for the NAACP, which

17   has a national footprint, to be able to come in and at least

18   participant in giving some ideas in trying to push the

19   parties to have a better overall agreement.  And we look

20   forward to the opportunity to help impact or influence the

21   negation process, which we're actively in the process of

22   doing now.  And also the opportunity to talk to the Court

23   down the road about some of the issues that we think are

24   important.  And I'm glad to answer any questions that you

25   may have of us.  And I'll leave it at that.

Page 30

1          THE COURT:  Okay.  And I have reviewed the

2   stipulation and proposed order -- the proposed order

3   stipulation, which would resolve this motion.  That would be

4   the only order that would be submitted, correct?

5          MR. BLAUDEAU:  Yes, sir, Judge, I think that's the

6   only order that's due to be submitted.  And we've all been

7   working hard with the parties, and I want to commend the

8   parties that are involved through the process.  They have

9   been collaborative with our (indiscernible) supported.  And

10  I do think this is an important step in the right direction.

11  So, you're actually correct, Judge, this is -- it's my

12  understanding this is the only motion to deal with it -- the

13  only documented stipulation to deal with all of the issues

14  related to the NAACP.

15          THE COURT:  Okay.  All right.  I have reviewed the

16  statement filed in connection with this motion.  There's no

17  opposition to the motion.  The stipulation would resolve it

18  on the terms laid out in the stipulation and I'm prepared to

19  so order the stipulation, which, in a focused way, which is

20  certainly what I would expect from the NAACP and the other

21  parties to the stipulation, provides for the NAACP's

22  participation in the ongoing mediation.

23          It also makes it clear that it wouldn't delay the

24  mediation but, again, given the resources available to the

25  NAACP and the already -- the preliminary information showing

Page 31

1    that the stipulation provides for, I think that there's

2    sufficient time for the NAACP to make it known to the

3    parties and the mediators.  So, I'll ask the Debtors to

4    email the stipulation to chambers.

5                MR. BLAUDEAU:  Thank you, Judge, we appreciate it.

6    And we look forward to looking with all the parties to get a

7    really good solution for everyone.

8                THE COURT:  Okay.

9                MS. ORTIZ:  Thank you, Your Honor.

10               THE COURT:  All right, very well.

11               MR. HUEBNER:  So, Your Honor, that brings us to

12   the third item on the agenda, which is the Collegium, which

13   as the Court may remember was (indiscernible) from the last

14   hearing.

15               I should apologize.  There is a lot of background

16   noise and feedback, so if people wouldn't mind terribly

17   checking their mute buttons I think that would be wonderful.

18   Let me turn the podium over to Chris Robertson.

19               THE COURT:  Okay.

20               MR. ROBERTSON:  Thank you, Marshall, and thank

21   you, Your Honor.  For the record, Christopher Robertson,

22   Davis Polk & Wardwell, on behalf of the Debtors.  Can the

23   Court hear me clearly?

24               THE COURT:  Yes, fine, thanks.

25               MR. ROBERTSON:  Thank you, Your Honor.  The final

Page 32

1   items on today's agenda are two motions for relief from the

2   automatic stay.  Item number 3 is the Debtor's motion for a

3   stay relief to continue a pending patent infringement

4   lawsuit in the Massachusetts District Court.  Item number 4

5   is the motion of Collegium Pharmaceutical, Inc.  for relief

6   from the automatic stay with respect to an action before the

7   Patent Trial and Appeal Board, the PTAB, seeking

8   determination that one of the patents at issue in the

9   Massachusetts litigation is invalid.  Because the matters

10  are closely related, we propose to address these two motions

11  concurrently.

12          At a high level, Collegium requests that this

13  Court either lift the automatic stay with respect to both

14  the Massachusetts action and the PTAB action or neither,

15  while the Debtors seek to relief -- to lift the stay on the

16  Massachusetts action but object the stay relief with respect

17  to the PTAB action.

18          The Debtors disagree with Collegium because they

19  believe that the PTAB action is terminated based on the

20  passage of the deadline for the PTAB to issue any final

21  decision.  In other words, there is no live PTAB action.

22  Collegium suggested that the stay should be lifted to allow

23  the PTAB to address the question of whether the action

24  terminated or not.  The Debtors believe this would be

25  inefficient.

1          If the PTAB is asked to consider whether the PTAB

2     action is terminated, its decision will likely hinge on the

3     matters of bankruptcy law and, in particular, the

4     application of sections 362(a) and 108(c) and may be unable

5     or unwilling to decide the matter without input from this

6     Court.

7          The Debtors believe that this Court may and should

8     consider the merits of the parties' bankruptcy law arguments

9     in ruling on the merits of the list they request and submit

10    that even in the event that this Court is inclined to permit

11    the PTAB action to proceed, this Court's views on -- this

12    Court's views on what the dispositive questions of

13    bankruptcy law could assist the PTAB in efficiently reaching

14    a decision regarding the continued existence of the PTAB

15    action without referring the matter back to the Bankruptcy

16    Court.

17         Your Honor, I would like to very briefly summarize

18    why the Debtors believe the PTAB action is terminated and

19    address four points raised in Collegium's response to the

20    Debtor's objection.  I am, of course, more than happy to

21    address any questions at any time.

22         So, fundamentally, the PTAB action terminated

23    because Collegium failed to seek relief from the automatic

24    stay from this Court before the expiration of the deadline

25    set by the PTAB to issue its final written decision.

Page 34

1     Collegium was not barred from seeking this relief by the

2     automatic stay, of course.  It simply chose not to follow

3     the direction of the PTAB.  Generally, under its governing

4     statute, referred to as the AIA, the PTAB must issue a final

5     written decision within one year of instituting post-grant

6     review so that period may be extended by up to six months

7     for good cause shown.

8              Collegium initially took the view that the PTAB

9     action was not subject to the automatic stay.  However, the

10    PTAB issued -- instituted its own temporary stay at Perdue's

11    request.  When the PTAB issued its order staying the PTAB

12    action on October 2, 2019, the statutory deadline for the

13    PTAB to issue the final written decision was two days away.

14    The stay order extended that deadline by six months to April

15    6th, which was the maximum extension permitted under the

16    AIA.

17             The PTAB was very clear as to what this extension

18    meant.  It was an extension of the time to administer the

19    present proceeding.  And also about why the extension was

20    warranted -- so that Collegium could seek relief from the

21    Bankruptcy Court to determine whether the automatic stay

22    applied.

23             Whether the PTAB was instructing Collegium to seek

24    stay relief or simply laying out the consequences of

25    inaction is of no moment.  Collegium failed to act.  The

Page 35

1   April 6, 2020 PTAB deadline passed.  And the time to

2   administer the PTAB action under the AIA expired.  Again,

3   Collegium was not stayed from taking the one key step it was

4   required to take to maintain the PTAB action:  Seeking

5   relief from the automatic stay from this Court.  So, the

6   Debtor's fundamental theory of why the PTAB action

7   terminated is quite simple, and is grounded in the text of

8   the PTAB stay order and the AIA.

9           Here, Your Honor, I would turn to Collegium's

10  reply to the Debtor's objection to the pleading filed on

11  Monday to address just four points.  At the risk of burying

12  the lead, the interplay between the PTAB deadline and

13  sections 362(a) and 108(c) of the Bankruptcy Code is the

14  fourth and final point, Your Honor.

15          First.  The Debtors are not, as Collegium alleges

16  in paragraph 6 of their reply, implying that the stay did

17  not apply, nor are the Debtors somehow prevented, as

18  Collegium suggests in paragraph 7, from arguing that

19  Collegium should have sought relief from the automatic stay

20  before the April 6 PTAB deadline.  The Debtors are simply

21  expressing their understanding of the stay order.

22          Second.  Collegium believed that lifting the stay

23  with respect to the District Court litigation and not the

24  PTAB action is, quote, "The least efficient outcome." The

25  Debtors agree that it would be proper to lift the stay with

Page 36

1    respect to both proceedings if the PTAB action still

2    existed.  But this Court might also determine that the

3    likelihood of the PTAB action continuing to exist is so low

4    that the District Court litigation should move forward, and

5    litigating the existence of the PTAB action at this juncture

6    would only cause unnecessary distraction and expense.

7            In that case, lifting the stay with respect to the

8    PTAB action would not satisfy certain of the Sonnax factors,

9    most notably the 10th factor, whether in the interest of

10   judicial economy and the expeditious and economical

11   resolution of litigation would be served.

12           Third.  Collegium argues that the PTAB and not

13   this Court should consider and decide whether the PTAB

14   action still exists.  Indeed, Collegium does not address the

15   substance of the Debtor's stay order argument at all.

16   Respectfully, the Debtors believe that this Court may

17   consider the merits of all of the arguments advanced in

18   support of or against the existence of the PTAB action and

19   that they, at the very least, inform any decision regarding

20   whether lifting the automatic stay with respect to the PTAB

21   action at this time is in the interest of judicial economy.

22           More importantly, as mentioned earlier, were it to

23   take up the question of whether its proceeding has or has

24   not terminated, the PTAB would almost certainly seek the

25   guidance of this Court as to the dispositive questions of

Page 37

1    bankruptcy law, as it did when the question of the

2    applicability of the automatic stay was raised.

3            Fourth and finally, Collegium argues that because

4    the PTAB action was stayed under 362(a), any deadline by

5    which the PTAB had to issue its final written decision,

6    whether under its own stay order or under 326(a)(11) of the

7    AIA, was told, interestingly, in its initial response to the

8    Debtor's lift-stay motion, the response at docket number

9    1463 -- Collegium argued that section 362(a) and section

10   108(c) of the Bankruptcy Code together operate the total and

11   extend all deadlines in all matters subject to the stay.

12           Collegium is correct that section 108(c) generally

13   extends statutory deadlines in matters subject to the 362(a)

14   stay, however, as the Debtors argue in detail in their

15   objection, section 108(c) does not apply to administrative

16   proceedings such as the PTAB, and does not apply to a

17   deadline established to seek relief from the automatic stay

18   from this Court.

19           In paragraph 22 of the subsequent replay,

20   Collegium dismisses the Debtor's argument that 108(c) does

21   not apply to PTAB as an appeal to the, quote, "legislative

22   history".  But, of course, it is nothing of the sort.  It is

23   a straightforward analysis of the plain text of the statute.

24           Collegium further attempts to pivot away from its

25   own reliance on section 108(c), calling it a, quote, "red

Page 38

1    herring" and arguing that the word continue in section

2    108(c) means commencing an appeal.  Collegium offers no

3    support for such an unnaturally narrow understanding of the

4    word continue, a word that has a naturally broad meaning.

5              Rather, Collegium argues now that because the

6    purpose of section -- of section -- because the purpose of

7    section 362(a)(1) is to, quote, "Preserve the status quote

8    in a state matter," section 362(a) itself totals any and all

9    deadlines, quote, "Both statutory and non-statutory" in such

10   a proceeding.

11             Collegium offers no support for this position

12   because there is none.  Section 362 itself is not called

13   statutory deadlines.  If it did, section 108(c), which

14   again, does not apply here, would be entirely superfluous.

15   It is certainly true that the imposition of the stay

16   generally preserves the status quo and suspends activity.

17   As Collegium notes in the example they provide in their

18   reply, the imposition of the stay would, for instance,

19   suspend the obligation of a Debtor to file an answer.

20             However, that section 362(a) might reset a case

21   calendar does not mean that it operates in total statutory

22   deadlines or the total deadlines established to seek relief

23   from the automatic stay.  It does not, and Collegium offers

24   no authority to the contrary.

25             As discussed previously, the Debtors believe that

Page 39

```
 1   this Court can evaluate the application of the Bankruptcy

 2   Codes PTAB when evaluating whether granting the relief

 3   requested by Collegium furthers the interest of judicial

 4   economy.  In addition, even if this Court finds that lifting

 5   the automatic stay with respect to the PTAB action is

 6   warranted, the Debtors believe that the PTAB would benefit

 7   from this Court's views with respect to section 362(a) and

 8   108(c) in the context of such a ruling.

 9           The Debtors believe that it would be in no party's

10   interest to have the matter sent to the PTAB only to have

11   that panel send questions of bankruptcy law back to this

12   Court, much as the PTAB attempted to do in the context of

13   the stay order.

14           At this time, Your Honor, I would ask Your Honor

15   if Your Honor has any questions.  Otherwise, I will cede the

16   podium to Mr. Gautier.

17           THE COURT:  Okay.  Very well.  That's fine,

18   thanks.

19           MR. ROBERTSON:  Thank you.  Thank you, Your Honor.

20           MR. GAUTIER:  Your Honor, this is Scott Gautier

21   with the rep firm of Robins Kaplan.  I would note that my

22   partner Jake Holdreith, also with Robins Kaplan, is also on

23   the line.  I'll give the main arguments but I will note that

24   -- I guess if I slip in terms of patent law, Mr. Holdreith

25   will maybe come in and correct me.
```

1          I would (indiscernible) a very brief rebuttal

2    before I get into my main arguments with respect to some of

3    the things that Mr. Robertson presented.  The Debtor here

4    tries to get the Court to interpret the PTAB order, and I

5    think that we can all, as seasoned lawyers, accept the fact

6    that the PTAB will interpret its own order.  Certainly if

7    it's instructive, this Court will look at it and draw

8    conclusions.  But I would certainly argue, Your Honor, if

9    you'd like, at the end of this as to whether or not this

10   Court should take steps to interpret the PTAB's order.

11          The Debtor suggests, in its argument this morning

12   as well as in its paper, that there is some deadline for

13   Collegium to act.  And as we'll get into and we'll talk

14   about throughout our comments and our papers, 35 -- the

15   statute that we're talking about here is 35 USC 326(a)(11).

16   That's the statute that provides a deadline for the PTAB to

17   act.  And I want us to keep that point clear in our minds.

18   That 35 USC 326(a)(11) sets a deadline for the PTAB to take

19   action.

20          This notion that after the automatic stay came

21   into being on the petition date, and having given notice of

22   the stay and compelled all parties to comply with the

23   automatic stay, the Debtors certainly cannot argue that the

24   automatic stay does not apply, and I would say that all we

25   need to do is look at 362(a)(1) and we all know that the

Page 41

1    automatic stay applies to stop the employment of the process

2    in the administrative proceeding, which was the PTAB action.

3            So, that employment process stopped by its own

4    terms on the petition date.  Now, not every court is as

5    savvy as the Bankruptcy Court or the bankruptcy lawyers that

6    are here, and courts sometimes hold proceedings and question

7    people and parties in connection with those proceedings

8    after they're given notice of the automatic stay.  As we all

9    know as bankruptcy lawyers, those proceedings are mostly

10   irrelevant and superfluous.

11           Those courts do not need to pass on whether or not

12   the automatic stay applies.  And the stay, having been

13   applied, those courts lack any power to require the parties

14   to do anything -- not only under the automatic stay, but the

15   PTAB doesn't have the authority -- any authority to require

16   Collegium to come to this court, and it can't set a deadline

17   for Collegium to come to this court and take action.  Okay?

18           So, we have this illusory deadline that, by the

19   way, does not appear on the face of the PTAB order, and that

20   the Debtors would like to say the PTAB set for Collegium.

21   The PTAB can let us know when we get over to the PTAB

22   whether or not they intended to set it, and we'll let them

23   know that they didn't have the power to act under 362(a) --

24   the power to set deadlines.  Not only that, they didn't have

25   the power to set deadlines to require Collegium to do things

Page 42

1    with the Bankruptcy Court.

2           So, what we're left with is the deadline that

3    arises under 35 USC 326(a)(11) and by (indiscernible)

4    deadline, the Debtors want to make an argument that somehow

5    the PTAB action terminated, and that is the second big

6    (indiscernible) in all of this argument by the Debtors.

7    There is no basis for the Debtor's false argument, which

8    appears in other places as well as implied in other places,

9    but appears quite clearly on page 6 and 7 -- it's on the

10   bottom of 6 and 7 of its reply -- that the PTAB would be

11   acting contrary to statute if it issued a final written

12   decision after the expiration of the PTAB deadline.

13          And the statement is sort of buried in the reply

14   but it's implied throughout and it's false.  And that very

15   falseness is why we have to recognize that the stay applies

16   for the benefit of the people, right?  The PTAB may not

17   extinguish an action once institute, and there's nothing in

18   35 USC section 326(a)(11) to even suggest that the passing

19   of the deadline would terminate the actions.  And it would

20   be absurd and unfair to interpret a statutory deadline that

21   creates an obligation for the PTAB to act and then to say

22   that the consequence of the PTAB to act would be to relieve

23   the PTAB of that very obligation for the Debtors and parties

24   of interest.  No.

25          The statutory decision, what we call the decision

Page 43

1    date, right, has no substantive effect on the PTAB's mandate

2    or on the continuation of its proceeding.  It doesn't apply

3    anywhere textually or impliedly in the statute, and for

4    those familiar with PTAB actions, they tell me that it

5    doesn't apply anywhere -- or it doesn't exist anywhere.

6           The passage of the deadline nor anything

7    terminates a PTAB action.  Rather, the only effect of the

8    passage of the decision date is to create a right for the

9    parties in interest to bring an action in the District Court

10   to (indiscernible) PTAB to issue a decision on and after

11   that decision date.  And this is the point, Your Honor, that

12   was illustrated very clearly in our initial (indiscernible)

13   by the Forest Guardian case, which (indiscernible) Debtors

14   strongly feel that the Debtors misconstrue that case in

15   their reply.

16          We would've loved to cite a PTAB decision that

17   illustrated the fact that once you pass the deadline, you

18   compel the PTAB to act, but the PTAB, to the best of our

19   knowledge, from everything we've seen, has never failed to

20   issue a decision by the decision date and so there is no

21   cases that we can cite to.  But the relevance of Forest

22   Guardian is clear.  It highlights the effect of an agency

23   missing its statutory deadline.

24          The statute in Forest Guardian is exactly parallel

25   to the PTAB (indiscernible).  It creates a deadline, it

Page 44

1    compels action by a date certain of the government agencies

2    that's been given a particular statutory obligation.  Now,

3    in Forest Guardian, that was the Secretary of the Interior,

4    right?  But the statute (indiscernible) parallel and it

5    serves the same purpose and it has the same effect.  Prior

6    to the deadline, the agency may -- or any extension that the

7    agency may grant itself, the parties in interest may not

8    compel immediate action.

9             Hence, in the absence of the automatic stay, if

10   the PTAB had failed to issue a written decision, Collegium

11   could have compelled the PTAB to act.  Really, what the

12   Debtors are -- maybe not what they're arguing for, but the

13   effect of their argument would be to say that the PTAB had

14   no power to act but that the deadline still existed and,

15   therefore, Collegium or the Debtors could (indiscernible)

16   held the PTAB date.

17            So, when we talk about a deadline, we refer to a

18   temporal component of an obligation, right?  A deadline

19   indicates that someone has to do something by a date certain

20   and implies some consequence, even if not expressly stated.

21   And here, that deadline required the PTAB to act.  So the

22   Debtors can't say, which they do in their papers, that the

23   PTAB was relieved from action by 362(a)(1) but that the

24   deadline, which is the temporal component of that

25   obligation, was not suspended.  That is a semantical

1    nonsensical argument.  If you are stopped from acting, if

2    the stay has the power to stop you from taking action, then

3    the stay has the power to say that you don't have to act by

4    a time certain.

5           So, we don't disagree with the Debtors, and I

6    don't think anybody could disagree with the Debtors.  Now,

7    the PTAB was foreclosed from action.  The deadline applies

8    to the PTAB, the deadline requires the PTAB to act by a date

9    certain, and the automatic stay relieved them of that

10   obligation to act by a date certain.

11          I would note that, while I don't want to get into

12   it, I don't think this Court should interpret the PTAB's

13   order.  We'll let the PTAB do that itself.  But what the

14   PTAB order did was to extend its own deadline.  That may

15   very well have been actually in violation of the stay, and

16   it was mostly superfluous because the stay already relieved

17   the PTAB of its obligation to act.

18          But in any event, it gave Collegium the

19   opportunity to seek relief from the stay if it wanted to,

20   and if it wanted to get a decision and be able to compel a

21   decision before the extended date.  But, again, there is

22   nothing in PTAB's statutes, there's certainly nothing in 35

23   USC 326(a)(11) that terminates a proceeding.  And I think

24   that the Court making any hint that the proceeding is

25   terminated would interfere with and would (indiscernible)

Page 46

```
 1    PTAB and it would be inventing cause and it would be writing

 2    statutes that simply don't exist.

 3            The PTAB will interpret its own order.  There's no

 4    support -- but there's no support for the argument that the

 5    PTAB created some obligation or some deadline that didn't

 6    previously exist because of the Debtor's bankruptcy.  The

 7    PTAB has no authority to require Collegium to remove the

 8    stay.  The PTAB has no authority to (indiscernible) its own

 9    proceedings for any reason.  The sole effect (indiscernible)

10    it's deadline is the creation of a right to compel in the

11    parties in interest.

12            We strongly also disagree with the Debtors, Your

13    Honor, that the PTAB would want this Court to interpret the

14    effect of the automatic stay on deadlines that require the

15    PTAB to act.  We're not talking (indiscernible) lines, as we

16    do in a lot of these cases where we would -- Collegium would

17    come and say, Your Honor, we want to define that the

18    automatic stay relieve Collegium of its obligation to act.

19    There is no obligation to act.  There's nothing in the

20    Bankruptcy Code that requires a creditor to move for relief

21    from stay.  In fact, as we go to some lengths in our reply

22    to the state, Bankruptcy Courts and the bankruptcy system as

23    a whole would prefer that creditors comply with the stay,

24    which is what Collegium did here.

25            The deadline at issue compels the PTAB to act
```

Page 47

```
 1   (indiscernible) the automatic stay prohibits

 2   (indiscernible).  If the Bankruptcy Court rules that the

 3   PTAB, that the deadline was not suspended, that's saying

 4   that PTAB had this obligation -- that's what the deadline

 5   means -- but was powerless to meet the deadline.  I think

 6   the PTAB would be confused by any such order and I don't

 7   believe that the PTAB would ask the Bankruptcy Court to find

 8   that it was both powerless to act and had an obligation to

 9   act by a date certain.

10         What the Debtors are asking this Court to do in

11   reality is to find that Collegium somehow had an obligation

12   to seek relief from stay.  And while they're -- and they're

13   going about it in this end run by saying, well, you're just

14   interpreting the Bankruptcy Court, you're doing a favor for

15   PTAB, but that's not true.  I think it's a little

16   disingenuous.  I don't want to be uncivil, but I think it's

17   a bit disingenuous.  Because the effect of any such advisory

18   opinion that this Court clearly (indiscernible)...

19         As well, Your Honor, as I've said a thousand times

20   now, the deadline in 35 USC creates an obligation for the

21   PTAB.  If the Court is to (indiscernible) on whether the

22   PTAB remains subject to that deadline, I think, if anything,

23   the PTAB would like to be here to speak for itself as to

24   whether the deadline is (indiscernible).  But that's really

25   unnecessary.  Because all that's necessary -- and this is
```

1    very simple -- is there's two actions, they are connected,

2    the District action and the PTAB action, the PTAB acts and

3    exists for the judicial efficiency of the District Court,

4    right?  The District Court has, in effect, stayed its

5    proceedings waiting for the PTAB to act.  If the PTAB

6    doesn't act, the District Court has to do what the PTAB

7    doesn't do, which is rule upon the validity of the patent.

8    It's an issue that's a necessary (indiscernible)...

9         And so there's no benefit to keeping the PTAB

10   action to date.  I don't think that it would be appropriate

11   under the doctrine applied to the automatic stay to keep one

12   action stayed and another necessary part of that action not

13   stayed.  And it is the simplest thing for the PTAB to

14   determine what to do with respect to its opinion.  There's

15   nothing that would permit the PTAB to terminate its own

16   proceeding.  There's nothing that would permit the PTAB not

17   to issue a decision whether the parties want to go to the

18   District Court and try to enforce the deadline.  If the

19   Debtors don't believe the deadline was suspended, they can

20   go to District Court and enforce the deadline.  They can go

21   to District Court and say, Your Honor -- you know, District

22   Court, PTAB didn't act by the deadline.  We now have the

23   right to compel them to act.

24        What the Debtor (indiscernible) do is go to the

25   District Court and say -- I mean, they (indiscernible) --

Page 49

1    but there would be no (indiscernible) for it -- is to say

2    that the proceeding is terminated.  There's no basis to say

3    that the PTAB action is terminated.  Being very redundant, I

4    will end my comments there, Your Honor, but I'm happy to

5    answer any questions regarding the briefs or

6    (indiscernible)...

7              THE COURT:  Well, let me ask you, do you agree

8    that if it were determined that the PTAB did set a deadline

9    for Collegium to act and that deadline has passed, that the

10   mere fact of the automatic stay would not relieve Collegium

11   of the deadline imposed on Collegium?  I'm not asking you to

12   accept that such a deadline was imposed on Collegium but do

13   you agree that if it had been, that the automatic stay would

14   not toll that deadline?

15             MR. GAUTIER:  I think the answer is no, I would

16   not agree, Your Honor.  And I would not agree because as of

17   the petition date, the employment of process in the

18   administrative action was stayed.  The PTAB did not have --

19   not only does the PTAB not have authority, which is not the

20   question you're asking -- the PTAB doesn't have authority to

21   put deadlines or to require Collegium to do anything.

22   However, even if it did, it would not be permitted after the

23   petition date to employ process in the case and require

24   either the Debtors or the other parties to the action.

25             I'm sure this Court would find that if PTAB, after

Page 50

1    the petition date, ordered the Debtors to do anything --

2    cross the road, you know, I'm being...  But if they ordered

3    the Debtors to do anything, that would be a violation of the

4    stay and it would be void.  By the same token, if the PTAB

5    purported to force Collegium to do anything, it would be a

6    violation of the stay and it would be void.  So, I would

7    disagree that there could be any deadline set by the PTAB

8    for Collegium to act (indiscernible) ...for Collegium to act

9    (indiscernible) ...petition date.

10           THE COURT:  Okay.  All right.  Anything else from

11   either side?

12           (Overlapping)

13           MR. BASS:  I apologize.  Go ahead.

14           MAN 1:  No, no, apologies.  Go ahead.

15           MR. BASS:  No, I should've came in a little

16   earlier with the NAACP.  My name is Ronald Bass and I'm --

17           THE COURT:  Well, Mr. Bass, I've already ruled on

18   that and I'm deep in the middle of another matter that's on

19   the calendar.

20           MR. BASS:  Oh, I'm sorry.

21           THE COURT:  I granted the motion on a stipulated

22   basis, so an order will be entered that the parties have all

23   agreed to with respect to that motion.

24           MR. BASS:  Oh, okay.  So when should I --

25           THE COURT:  Including the NAACP.

Page 51

1              MR. BASS:  Okay, so should I wait for the NAACP to

2      make a motion of filing the other paperwork or shall I --

3              THE COURT:  No, they don't need to make -- they

4      don't need to make any further motion.  I have an order that

5      I will be signing that they agreed to, along with the

6      Debtors and other parties in the case, that resolves that

7      motion and lets the NAACP participate in the mediation.

8              MR. BASS:  Okay, that's -- the mediation -- you'll

9      set a date -- when will the date be for that?

10             THE COURT:  It's all -- it's all covered -- if you

11     look on the docket, it'll probably be entered today or

12     tomorrow.  So, you can read the stipulation then and see the

13     timing.

14             MR. BASS:  Okay.  And I apologize for interjecting

15     but I should've spoke up then when they spoke after the --

16     Ms. Ortiz.  All right, so should I just --

17             THE COURT:  Just go online and --

18             MR. BASS:  Okay, then thank you.

19             THE COURT:  Okay.  All right.  So, anyway, I was

20     asking the parties on the Collegium matter if they had

21     anything more to say on this matter.

22             MR. ROBERTSON:  Your Honor, Christopher Robertson

23     on behalf of the Debtors.  Just very briefly.  I think Mr.

24     Gautier suggested that the PTAB could not set the PTAB

25     deadline.  You know, that it would be antithetical to the

1    automatic stay to do so.  We think that the PTAB did have

2    the authority to set a firm deadline under the AIA

3    especially in light of the fact that it was -- as we say in

4    our papers, it was unclear if there was a dispute as to

5    whether the automatic stay existed at all.

6         You know, I think there's been a lot of discussion

7    about whether the PTAB could then instruct Collegium to go

8    back to the Bankruptcy Court.  I think that's a bit of a red

9    herring, as it were.  I think the PTAB could certainly lay

10   out the consequences if Collegium chose not to go back to

11   the Bankruptcy Court to seek stay relief.  And, again,

12   Collegium was not stayed from seeking that relief from the

13   Court.

14        You know, likewise, we think that the passage of

15   the PTAB deadline did cause the PTAB to terminate.  We agree

16   with Collegium that this is an issue (indiscernible) first

17   impression.  We're not aware of cases either where the PTAB

18   failed to issue an opinion with an 18-month statutory

19   period.  However, we think the Forest Guardian case is not

20   directly applicable because the failure to issue the opinion

21   would not be in violation of the AIA.

22        And then, finally, the last thing I would say is

23   there are a lot of bankruptcy law issues wrapped up in this

24   matter.  Whether 362 or 108 would extend the PTAB deadline

25   and, frankly, whether 362 would have affected the PTAB's

1    ability to issue the stay order and the form that it did in

2    the first instance, we think it is entirely possible and

3    likely that the PTAB would seek this Court's guidance.  In

4    fact, they already did it or attempted to do it once in the

5    context of the stay order, and so, you know, that is one of

6    the reasons why we're putting this matter before you today.

7    And with that, I would -- I would stop speaking.

8            THE COURT:  Okay.  Very well.  All right, I have

9    two motions before me.  The first is a motion by the Debtors

10   in this case for relief from the automatic stay under

11   section 362(b) of the Bankruptcy Code to pursue prepetition

12   patent litigation in District Court in Massachusetts.

13           The other parties of that litigation, Collegium,

14   objected to the motion in part contending that the stay, if

15   it were to be lifted, should also be lifted with respect to

16   a proceeding that also commenced prepetition pertaining to

17   one of the patents that was covered in the District Court

18   litigation, which proceeding was pending before the Patent

19   Trial Appeal Board or the PTAB.

20           The opposition by Collegium did not end with its

21   objection to the Debtor's motions.  Collegium then filed its

22   own motion for relief from the stay to permit the PTAB

23   proceeding to continue, including the issuance of a decision

24   by the PTAB which had -- it appears, would be ready to be

25   issued without taking into account any issues created by the

Page 54

1  bankruptcy case or the automatic stay.

2          The Debtor agrees that, under normal circumstances

3  but for the issue that I will discuss in a moment, its stay,

4  in fact, should be lifted or would be properly lifted not

5  only with respect to the District Court patent litigation

6  but also to the PTAB proceedings.  And I agree with that

7  view under the controlling case in this circuit, in re:

8  Sonnax, 907F2d, 1280 (2d Cir. 1990).  The overarching

9  consideration of the -- Sonnax factors pertaining to a

10 special tribunal with necessary expertise established to

11 hear the cause of action -- the interests of judicial

12 economy and the expeditious and economical resolution of

13 litigation, including the well-developed status of the PTAB

14 proceeding and the lack of interference with the bankruptcy

15 case.  Normally one would lift the stay not only with

16 respect to the District Court action but also the PTAB

17 action.

18          And that reflects also Congress' determination to

19 permit, as was the case here, the District Courts to stay

20 their patent litigation pending the prompt determination

21 within the timeline set by Congress of discrete patent

22 issues by the Patent Trial and Appeal Board.

23          The reason that the Debtors argue that,

24 notwithstanding all of the foregoing, I should not lift the

25 automatic stay pertaining to the -- or as it applies to the

Page 55

1    PTAB proceeding, is the Debtor's view that given the

2    applicable statute and, more specifically, 35 USC section

3    326(a)(11), which has a time limitation in it; and as,

4    importantly, the order of the PTAB itself dated October 2,

5    2019, the Debtors contend that as a condition to extending

6    its own 12-month deadline, the additional permitted six

7    months under the relevant statute and regulations, PTAB

8    contemplated that well within that deadline so as to enable

9    it to issue a decision on the merits by the expiration of

10   its statutory deadline for doing so -- Collegium would

11   obtain relief from the automatic stay so that the PTAB

12   could, in fact, act.  It's undisputed that PTAB did not

13   actually seek relief from the automatic stay to do so until

14   after that period ran.

15         Thus, the Debtors contend that there would be no

16   purpose served in lifting the automatic stay because, as

17   they contend, the PTAB's ability or authority to issue a

18   decision now that it is outside the deadline would have

19   terminated or, alternatively, Collegium would be precluded

20   since it acted outside of a deadline set by the PTAB from

21   obtaining any result before the PTAB on this matter, and

22   therefore lifting the stay would be wasteful and unwarranted

23   because it would lead to no result other than enabling

24   Collegium to argue that no deadline applied or it is

25   relieved of its deadline.

Page 56

1            Collegium argues to the contrary that, first, no

2     deadline was set by the Patent Trial Appeal Board and,

3     moreover, no deadline applies to the Patent Trial Appeal

4     Board that would preclude it from actually issuing a ruling.

5     In essence, the motion for relief of the stay and the

6     objection to the Debtor's motion, both argue that, to the

7     contrary, the PTAB didn't set a deadline and as a statutory

8     matter, PTAB has authority under the statute to issue a

9     decision and, in fact, is required to do so even if the time

10    for issuing a decision as laid out in the statute has

11    expired.

12            The Debtors have a fallback position, which is

13    that if I did lift the stay, I should at least rule on

14    bankruptcy related issues raised by Collegium in its motion

15    and in its objection to the Debtor's motion.  Namely,

16    Collegium contends that the automatic stay suspended or

17    tolled the running of any deadline under the applicable non-

18    bankruptcy statute.  And, further, that because of the

19    automatic stay the PTAB did not have the authority, without

20    either it or some entity obtaining relief from the automatic

21    stay, to impose a deadline as a condition to extending its

22    own deadline on Collegium to act.

23            It is clear to me from reading the parties'

24    pleadings and from oral argument today that there are

25    certain issues that the Debtor would wish me to decide that

Page 57

1    pertain to the so-called bankruptcy issues raised in its

2    pleadings; that I should instead defer to the PTAB to

3    decide.  On the other hand, I believe that, particularly

4    given the answer I was given in oral argument to my question

5    as Collegium's counsel I should make it clear upon which

6    condition I am lifting the automatic stay to permit the PTAB

7    proceeding to go forward.  And that is a couple of issues

8    that clearly are not the two issues in my decision -- would

9    not tread on the toes of PTAB in interpreting its own

10   statute and the nature of its own authority as either a

11   court or acting in a civil action or, alternatively, as an

12   administrative body that would not fit into those two

13   concepts.

14          Let me be a little more clear on that.  First,

15   I've reviewed PTAB's orders on this matter.  It is clear to

16   me that, first, PTAB did extend, as it has authority to do

17   under its statute, its time to rule in order for there to be

18   clarification as to whether it has authority to rule under

19   the Bankruptcy Code.  However, it also determined -- and

20   this was the safest course for it to do so -- that because

21   it would be ruling with regard to whether the Debtor had an

22   interest in the patent or not that was enforceable, that

23   section 362(a)(1) and (a)(3) of the Bankruptcy Code applied

24   to the issuance of its decision on the merits.

25          It had jurisdiction to do so.  The Bankruptcy

Page 58

1    Court does not have exclusive jurisdiction to determine

2    whether the automatic stay applies to a particular matter.

3    What it does have jurisdiction to decide is whether the

4    other non-bankruptcy forums' decision that the automatic

5    stay doesn't apply was, in fact, itself correct or a

6    violation of the automatic stay, in which case the

7    Bankruptcy Court can determine that it was void ab initio.

8    But, of course, here when one reads the PTAB's decisions, it

9    was clear that PTAB concluded that the automatic stay did

10   apply to the issuance of its decision under 362 (a)(1) and

11   (a)(3) and, therefore, it extended the time for it to grant

12   that decision or issue that decision the full amount of time

13   that it is authorized to do so under its statute.  The clear

14   implication being that that would give the parties, likely

15   Collegium but either party, opportunity to get relief from

16   the automatic stay in the Bankruptcy Court.  Again, that

17   request did not happen until after the extension of the

18   deadline expired.

19          The Debtors contend that given the foregoing, the

20   expiration of the deadline would render my lifting the

21   automatic stay and the PTAB proceeding an unnecessary or

22   useless act because there would be no relief that could be

23   obtained by Collegium in that proceeding.  They correctly

24   point to the underlying proposition that it is clear in the

25   Second Circuit and, frankly, this is the vast majority view

Page 59

1      throughout the country, that the automatic stay itself does

2      not suspend or toll the running of non-bankruptcy law

3      deadlines or statutes of limitation except in one specific

4      way, as set forth in 11 USC section 108(c).  See Aslandis v.

5      U.S. Lines., Inc., 7F.3d, 1067, 1073, 274 (2d Cir., 1993).

6      See also an excellent recent discussion in Mercari v.

7      Deutsche Bank AG, 408 P.3d 1140 (Wash. Court App. 2018)

8              Instead -- and, again, the proposition, and it's a

9      clear legal proposition, that the automatic stay does not

10     suspend or toll non -- or state law or non-bankruptcy law

11     time periods -- the Bankruptcy Code provides a 30-day

12     statutory window after relief from the automatic stay to

13     pursue such a right, notwithstanding its expiration under

14     applicable non-bankruptcy law.

15             Section 108(c), however, the Debtors argue, would

16     not apply here because by its plain terms, it provides, if

17     applicable, non-bankruptcy law and order entered in a non-

18     bankruptcy proceeding or an agreement, fixes a period for

19     commencing or continuing a civil action in a court other

20     than a bankruptcy court on a claim against the Debtor, and

21     such period is not expired before the date of the filing of

22     the petition, then such period does not expire until the

23     later of the end of such period, including any suspension of

24     such period, occurring on or after the commencement of the

25     case or to 30 days after notice of the termination or

Page 60

1    expiration of the automatic stay.

2            The Debtors point out that in Section 108(c),

3    Congress used the term "a civil action" and "in a court" and

4    argue that the PTAB proceeding is not a civil action in a

5    court but, rather, an administrative action before an

6    administrative body.  And, therefore, Collegium would not

7    have the benefit with respect to any deadline that pertained

8    to it either directly or indirectly by it pertaining to PTAB

9    confirmed by the extra 30 days tolling in 108 (c)(2).

10           PTAB appears to argue, notwithstanding the clear

11   state of the law, that the mere coming into existence of the

12   automatic stay tolls or suspends any deadline under the non-

13   bankruptcy statute or as set by PTAB.  This is clearly not

14   the law.  And my decision to lift the automatic stay here is

15   conditioned upon there being no argument to the contrary of

16   this whole PTAB or any other tribunal.

17           On the other hand, I am not prepared to decide the

18   following issues:  First, I am not prepared to decide

19   whether the proceeding before PTAB is a civil action in a

20   court.  My review of that issue makes it clear that, first,

21   the statute under which PTAB is acting, as amended, is

22   fairly recent.  And it appears that the amendment was

23   intended to make PTAB's determination more adjudicatory.

24   More importantly, it appears to me that not I, but PTAB, and

25   then of course any Appellate Court, should be the

Page 61

1    adjudicatory body to determine the nature of PTAB's

2    authority and whether actions before it are properly viewed

3    as civil actions in a court or not.  However, if the

4    ultimate determination in the non-bankruptcy forum is that

5    they are not civil actions or that this action is not a

6    civil action in a court, then clearly section 108(c)(2)

7    would not toll for 30 days, upon lifting of the automatic

8    stay, any applicable deadline imposed.

9          The second issue that I'm not prepared to decide

10   is the nature of the deadline at issue here.  It is a non-

11   bankruptcy deadline.  I believe it would be appropriate for

12   the non-bankruptcy forum to determine the nature of that

13   deadline.  The Debtors contend that the 12-month -- subject

14   to extension and the full extension was granted here --

15   deadline for PTAB to rule is in the nature of a conclusively

16   operative deadline so that if the ruling doesn't occur

17   within that time, PTAB loses its authority to rule at all.

18   In some ways it's even more of a serious deadline than a

19   statute of limitations, which most courts would say is a

20   defense as opposed to here, I believe one could argue that

21   the Debtor's view is almost one of a substantive limitation

22   on PTAB's ability to act.

23         Secondly, it is not clear to me that PTAB actually

24   imposed a specific deadline on Collegium to act -- for

25   Collegium to act to get relief from the automatic stay and,

Page 62

1    therefore, fit itself within section 108(c)(2), at least for

2    the 30-day period to come back to the PTAB and ask it to

3    rule.  There's no specific declaration by PTAB directing

4    Collegium to seek relief from the automatic stay on pain of

5    losing its ability to proceed in the PTAB proceeding.  On

6    the other hand, one could reasonably infer that that was, in

7    fact, PTAB's intention because it was the whole purpose of

8    the extension, it appears to me.  But that issue I believe

9    also should be decided by PTAB.

10           However -- and this is the second aspect of my

11   ruling on the bankruptcy issues -- the automatic stay would

12   not have prevented PTAB from imposing a deadline on

13   Collegium to act, just as it would not extend the time for

14   any deadline other than as set forth in section 108(c),

15   i.e., the 30 days after stay relief, to the extent 108(c)

16   applies.

17           So if, in fact, PTAB concludes that it imposed a

18   deadline upon Collegium that, if Collegium missed, would

19   preclude Collegium from proceeding in the PTAB

20   (indiscernible), then there is no provision of the

21   Bankruptcy Code that would save Collegium from the

22   consequences of missing that deadline.  Neither 362(a) of

23   the Bankruptcy Code nor 108(c) would protect it.  But,

24   again, the underlying determination as to whether that

25   deadline was imposed and the consequences for missing the

Page 63

1    deadline should be determined by PTAB and any Appellate

2    Court that would have a review of PTAB's determinations.

3            So, I will ask the Debtors to prepare an order

4    granting the Debtor's motion and Collegium's motion on the

5    condition, however, that Collegium is barred from contending

6    in any non-bankruptcy forum that the automatic stay toll

7    extended or precluded the imposition of any deadline imposed

8    upon it or upon PTAB in the PTAB proceeding.  And, secondly,

9    that section 108(c)(2) would not apply to extend such a

10   deadline if it is determined in the non-bankruptcy forum

11   that the PTAB action is not a civil action and/or that PTAB

12   is not a court for purposes of section 108(c).

13           I hope that's clear.  If not, you can get the

14   transcript, but the order should provide for that.  It is

15   clear to me that the plain language of the statute is

16   limited to civil actions and courts.  In all likelihood, one

17   should not have to go beyond that.  However, it is also the

18   case that the case law has not extended those plain terms to

19   actions where there are deadlines that are not either

20   deadlines pertaining to court or civil action actions, or in

21   a civil action or set by a court.  See, for example, Sywilok

22   v. IRS, in re:  Ginnito 529 B.R. 452, 460-61, (Bankr. D. NJ)

23   and in re:  Vassilowitch, 72 B.R. 803, 806-07, (Bankr. D.

24   Mass.), and finally, in re:  RDR Systems Development, Inc.,

25   57 B.R. 540 (Bankr. M.D. La. 1986).  See also 2 Collier on

Page 64

1    Bankruptcy, paragraph 108.04 [1 16th Ed. 2020].

2            Distinguished from those cases are in re:  Shamus

3    Holdings, LLC., 642 F.3d 263 266-267 (1st Cir. 2011), in re:

4    Hoffinger Industries, Inc., 329 B.R. 948, in re:  APC

5    Construction, Inc., 112 B.R. 89, 118-120, Bankr.

6    (indiscernible) 1990).  And, finally, in re:  William Bond

7    Ventures, LLC, 603 B.R. 293, (Bankr. E.D. La. 2019)

8            In each of those cases, although an action that

9    would appear to be a non-court related action was determined

10   to be told for 30 days under section 108(c), it's clear from

11   the discussion that in each case the action was to be taken

12   in connection with a court action -- a civil proceeding,

13   namely, a foreclosure action and the enforcement of a

14   mortgage.

15           And, again, I'm leaving it up to the Patent Trial

16   and Appeal Board to determine whether it is a court in a

17   civil action under the statute, and the proceeding before it

18   is a civil action under its statute.  And, of course, that

19   would apply to any courts that have an appeal on that

20   decision.

21           So, are there any questions?

22           MR. GAUTIER:  Your Honor, this is Scott Gautier

23   with Robins Kaplan.  First, thank you very much for that

24   very lengthy and detailed decision this morning.  I want to

25   make sure as we go forward just to alleviate any -- you

Page 65

1    know, coming back over any sort of misinterpretation.  But

2    the last point, Your Honor, that you made as I understand it

3    -- the order will reflect that Collegium is barred from

4    contending in any non-bankruptcy forum that the imposition

5    of any deadline is tolled under 108(c) unless the PTAB

6    decides that it is both a civil action and that the PTAB is

7    a court.  Is that correct, Your Honor?

8            THE COURT:  Right.  With regard to the -- for this

9    pending action.

10           MR. GAUTIER:  Right.  I just want to make sure

11   that the bar --

12           THE COURT:  That's correct.  And, of course, PTAB

13   may not be the last word on that.  It may go to, you know,

14   the District Court, Appellate Court, anybody that has

15   authority to review its decisions.  But that would be a non-

16   Bankruptcy Court chain of determination.

17           MR. GAUTIER:  Thank you again, Your Honor.

18           THE COURT:  Yeah.  And, of course, you can appeal

19   me in my ruling, but you can't make that argument outside of

20   the Appellate process in front of me.

21           MR. GAUTIER:  You know, it occurs to me that

22   Collegium -- I don't know what the client will want to do --

23   but Collegium may want to appeal this Court's decision.  But

24   the issue here now is one of timing, right?  First, I think

25   it makes sense to go back to the PTAB, and then if PTAB

Page 66

1    rules that it wasn't, then coming back and saying that the

2    stay didn't apply would probably be too late.  I guess we'll

3    have to consider that.

4            THE COURT:  Well, the PTAB's already determined

5    that the stay did apply.  So, I -- that's -- so, it's only

6    if they determined that it didn't apply and they were wrong

7    that their action would've been void.

8            MR. GAUTIER:  I'm wondering whether or not there

9    could be some relief that permits everyone to go back to the

10   PTAB and then suspend the time to appeal --

11           THE COURT:  That's -- I -- I'm going to leave that

12   up to you all to think about.  I am not going to touch that

13   today.

14           MR. GAUTIER:  Okay, thank you, Your Honor.

15           THE COURT:  Okay.  All right, so I think that

16   concludes today's calendar.  And hearing from no one on that

17   point, I will ring off.

18           MR. HUEBNER?:  Your Honor, thank you very much, as

19   always, for all that you do for us and others and I hope

20   everyone's being safe, healthy and --

21           THE COURT:  Okay.  And for those of you who are

22   still on the line, please do everything you can to close the

23   loop before the end of the month.  There are still a few

24   days left.  I know people are working very hard on it.  You

25   have two excellent mediators.  And all of your constituents

Page 67

1   would be well-served by your doing everything you can and

2   speaking to your constituents to do everything they can to

3   reach consensus on how the value in this case is to be

4   distributed.  So, I will ring off at this point.  Thanks

5   very much.

6           AUTOMATED VOICE:  The judge has left the call.  If

7   this was an accident or you were instructed by the judge to

8   rejoin the call, please call back.  Thank you for using

9   Court Solutions.  Goodbye.

10      (Whereupon these proceedings were concluded at 0:00 PM)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 68

1                      C E R T I F I C A T I O N

2

3         I, Sonya Ledanski Hyde, certified that the foregoing

4    transcript is a true and accurate record of the proceedings.

5

6

7

8    Sonya Ledanski Hyde

9

10

11

12

13

14

15

16

17

18

19

20    Veritext Legal Solutions

21    330 Old Country Road

22    Suite 300

23    Mineola, NY 11501

24

25    Date:  August 27, 2020

[& - 35203]                                                                                      Page 1

| & |
| --- |
| **&**  2:21 3:1,10,12 3:15,20 4:10,14 5:8 6:4,9 9:2,8,11 9:15 13:3,12 18:18 31:22 |

| 0 |
| --- |
| **0.00.**  2:19 6:17 |
| **08/07/20**  10:2 |
| **0:00**  67:10 |

| 1 |
| --- |
| **1**  38:7 40:25 44:23 50:14 57:23 58:10 64:1 |
| **1,078,669.00**  8:22 |
| **1,568,914.50**  9:7 |
| **1,604.92.**  8:8 |
| **1,908,622.50**  8:13 |
| **1/14/2020**  2:18 |
| **10**  29:10 |
| **10017**  13:6 |
| **10601**  1:14 |
| **1067**  59:5 |
| **1073**  59:5 |
| **108**  33:4 35:13 37:10,12,15,20,25 38:2,13 39:8 52:24 59:4,15 60:2,9 61:6 62:1 62:14,15,23 63:9 63:12 64:10 65:5 |
| **108.04**  64:1 |
| **10:05**  1:17 |
| **10th**  36:9 |
| **11**  3:5 26:14 37:6 40:15,18 42:3,18 45:23 55:3 59:4 |
| **11103**  13:15 |
| **112**  64:5 |
| **112,995.42**  3:6 |
| **1140**  59:7 |

| **11501**  68:23 |
| **118-120**  64:5 |
| **12**  55:6 61:13 |
| **12,265.84.**  8:14 |
| **1280**  54:8 |
| **1328**  5:3 10:22 11:1 |
| **1356**  2:13 |
| **1360**  2:19 |
| **1390**  3:1 |
| **1391**  3:7 |
| **1392**  3:13 |
| **1394**  3:20 |
| **1395**  4:1 |
| **1396**  4:8 |
| **1399**  5:18 6:1 |
| **14,563.51.**  2:12 |
| **1400**  4:14 |
| **1401**  7:17 |
| **1402**  7:8 |
| **1403**  7:25 |
| **1404**  7:1 |
| **1405**  6:17 |
| **1406**  4:20 |
| **1407**  6:9 |
| **1411**  5:12 |
| **1414**  8:8 |
| **1416**  8:14 |
| **1417**  8:23 |
| **1418**  9:8 |
| **1439**  5:19 |
| **1441**  6:10 |
| **1442**  6:18 |
| **1443**  7:1 |
| **1444**  7:9 |
| **1445**  7:18 |
| **1446**  8:1 |
| **1447**  9:16 |
| **1456**  8:9 |
| **1457**  8:15 |
| **1458**  8:23 |
| **1459**  9:9 |

| **1463**  5:5 11:3 37:9 |
| **1465**  11:8,8,14 |
| **15,629.35.**  7:17 |
| **1555**  9:20,23 10:2 10:7,11,18 |
| **1585**  9:25 |
| **1587**  10:3 |
| **1589**  10:8 |
| **1592**  11:10,21 12:3 |
| **1596**  10:13 |
| **1599**  10:18 |
| **1601**  12:4 |
| **16th**  64:1 |
| **17,563,479**  6:8 |
| **18**  52:18 |
| **19,433,107.7**  2:25 |
| **19,770.49**  5:11 |
| **19-23649**  1:3 |
| **1986**  63:25 |
| **1990**  54:8 64:6 |
| **1993**  59:5 |
| **1998**  29:8 |
| **1st**  64:3 |

| 2 |
| --- |
| **2**  34:12 55:4 60:9 61:6 62:1 63:9,25 |
| **2,000,637.75**  4:7 |
| **2,416.88.**  3:25 |
| **2,535,250.50**  6:25 |
| **2/1/2020**  2:11,24 3:5,11,18,24 4:7 4:12,19 5:10,24 6:7 7:7,16,24 8:7 8:13,21 9:6 |
| **2/24/2020**  6:24 |
| **2/27/2020**  6:16 |
| **20**  19:22 22:6 |
| **2011**  64:3 |
| **2018**  59:7 |
| **2019**  34:12 55:5 64:7 |

| **2020**  1:16 2:1 35:1 64:1 68:25 |
| **2049**  14:3 |
| **22**  37:19 |
| **222,215.06**  7:16 |
| **2224**  13:21 |
| **23,191.60.**  8:22 |
| **236,045.74.**  6:8 |
| **248**  1:13 |
| **26**  1:16 2:1 |
| **263**  64:3 |
| **266-267**  64:3 |
| **27**  68:25 |
| **274**  59:5 |
| **293**  64:7 |
| **294,865.56**  3:25 |
| **2d**  54:8 59:5 |

| 3 |
| --- |
| **3**  32:2 57:23 58:11 |
| **3,373.18.**  4:13 |
| **3,434,410.64**  5:25 |
| **30**  59:11,25 60:9 61:7 62:2,15 64:10 |
| **30,288.00**  6:17 |
| **300**  1:13 68:22 |
| **31**  19:3 |
| **310.50.**  6:25 |
| **326**  37:6 40:15,18 42:3,18 45:23 55:3 |
| **327**  5:22 |
| **3272**  13:14 |
| **329**  64:4 |
| **330**  25:13 68:21 |
| **336,192.00**  8:7 |
| **35**  40:14,15,18 42:3,18 45:22 47:20 55:2 |
| **35,964.54.**  7:8 |
| **35.25.**  3:19 |
| **35203**  13:22 |

**362**   33:4 35:13
37:4,9,13 38:7,8
38:12,20 39:7
40:25 41:23 44:23
52:24,25 53:11
57:23 58:10 62:22

**4**

**4**   32:4
**4,537,231.50**   7:24
**4,636,674.50**   3:19
**4/8/2020**   9:14
**402**   13:14
**40243.35**   4:20
**408**   59:7
**408,656.15.**   5:25
**450**   13:5
**452**   63:22
**460-61**   63:22
**483,554.00**   2:18

**5**

**5,021,610.48**   5:11
**5/30/2020**   5:11
**5/31/2020**   2:12,18
2:25 3:6,11,19,24
4:7,13,19 5:25 6:8
6:16,24 7:7,16,24
8:7,13,21 9:6,15
**529**   63:22
**540**   63:25
**543,466.74**   3:11
**57**   63:25
**592.22.**   4:8
**595,000.00**   4:13

**6**

**6**   35:1,16,20 42:9
42:10
**6,093,040.50**   3:6
**603**   64:7
**642**   64:3
**6th**   34:15

**7**

**7**   35:18 42:9,10
**7,777.02.**   7:25
**70.00.**   3:12
**72**   63:23
**735002.54**   4:20
**7f.3d**   59:5

**8**

**803**   63:23
**806-07**   63:23
**83,375.00**   9:15
**89**   64:5

**9**

**900,000.00**   2:12
7:7
**90067**   14:4
**907f2d**   54:8
**92,717.65.**   9:7
**948**   64:4
**97,640.46.**   2:25

**a**

**ab**   58:7
**ability**   53:1 55:17
61:22 62:5
**able**   20:22 29:17
45:20
**absence**   44:9
**absurd**   42:20
**acceded**   19:2
**accept**   40:5 49:12
**accident**   67:7
**account**   53:25
**accurate**   68:4
**act**   34:25 40:13,17
41:23 42:21,22
43:18 44:11,14,21
45:3,8,10,17
46:15,18,19,25
47:8,9 48:5,6,22
48:23 49:9 50:8,8
55:12 56:22 58:22
61:22,24,25 62:13

**acted**   55:20
**acting**   27:13
42:11 45:1 57:11
60:21
**action**   32:6,14,14
32:16,17,19,21,23
33:2,11,15,18,22
34:9,12 35:2,4,6
35:24 36:1,3,5,8
36:14,18,21 37:4
39:5 40:19 41:2
41:17 42:5,17
43:7,9 44:1,8,23
45:2,7 48:2,2,10
48:12,12 49:3,18
49:24 54:11,16,17
57:11 59:19 60:3
60:4,5,19 61:5,6
63:11,11,20,21
64:8,9,11,12,13
64:17,18 65:6,9
66:7
**actions**   42:19 43:4
48:1 61:2,3,5
63:16,19,20
**actively**   29:21
**activity**   38:16
**acts**   27:11 48:2
**actual**   2:10 4:18
5:17,23 7:15 9:5
**ad**   8:4,19 9:2,24
10:15 22:7 29:6
**adam**   15:2
**addition**   39:4
**additional**   23:3,8
55:6
**address**   21:6,10
24:6 32:10,23
33:19,21 35:11
36:14
**addressed**   21:7
**adjudicatory**
60:23 61:1

**acted**   55:20

**administer**   34:18
35:2
**administrative**
37:15 41:2 49:18
57:12 60:5,6
**advance**   23:3
**advanced**   36:17
**advancement**
9:19 10:17
**advised**   23:2
**advisor**   3:5 7:21
**advisory**   47:17
**ag**   59:7
**agencies**   44:1
**agency**   43:22 44:6
44:7
**agenda**   2:1,1
18:14,15,22,23
20:12 21:4,15
28:10 31:12 32:1
**agent**   7:12
**ago**   22:24
**agree**   20:14,20
21:3 35:25 49:7
49:13,16,16 52:15
54:6
**agreed**   19:2 23:4
23:9,21,22 24:3
26:18 50:23 51:5
**agreeing**   24:11
**agreement**   29:19
59:18
**agrees**   54:2
**ahead**   19:1 50:13
50:14
**aia**   34:4,16 35:2,8
37:7 52:2,21
**aisha**   17:16
**akin**   6:3,9 19:18
**al**   6:6,15,22 7:22
13:22 18:3
**alberto**   15:14,16

**alex** 15:20
**alice** 14:20
**alixpartners** 3:4,7
**alleges** 35:15
**alleviate** 64:25
**allow** 32:22
**allowance** 2:9 4:5
6:6,15,22 7:4,13
8:5,18 9:4
**alternatively**
55:19 57:11
**amended** 5:14
18:14 60:21
**amendment** 60:22
**amount** 23:10,21
25:2,23,24 58:12
**amounts** 22:10,14
**analysis** 37:23
**andrew** 9:24
17:11
**angeles** 14:4
**ann** 15:9
**anna** 16:6
**anomaly** 27:6
**answer** 22:16
29:24 38:19 49:5
49:15 57:4
**antithetical** 51:25
**anybody** 45:6
65:14
**anyway** 25:1
51:19
**apc** 64:4
**apologies** 22:16
50:14
**apologize** 31:15
50:13 51:14
**app** 59:7
**appeal** 32:7 37:21
38:2 53:19 54:22
56:2,3 64:16,19
65:18,23 66:10

**appear** 19:4 25:14
41:19 64:9
**appears** 25:2,9
42:8,9 53:24
60:10,22,24 62:8
**appellate** 60:25
63:1 65:14,20
**applicability** 37:2
**applicable** 52:20
55:2 56:17 59:14
59:17 61:8
**application** 2:7,15
2:21 3:3,4,9,15,22
4:3,10,16 5:7,15
5:21 6:3,12,20 7:3
7:11,20 8:3,11,17
9:1,11 25:3,4,7
33:4 39:1
**applications** 22:7
22:12,20 23:19
24:23
**applied** 34:22
41:13 48:11 55:24
57:23
**applies** 41:1,12
42:15 45:7 54:25
56:3 58:2 62:16
**apply** 35:17 37:15
37:16,21 38:14
40:24 43:2,5 58:5
58:10 59:16 63:9
64:19 66:2,5,6
**appreciate** 28:21
31:5
**appropriate** 19:7
24:6 48:10 61:11
**approved** 23:10
**april** 34:14 35:1
35:20
**areas** 29:14,15
**argue** 37:14 40:8
40:23 54:23 55:24
56:6 59:15 60:4

60:10 61:20
**argued** 37:9
**argues** 36:12 37:3
38:5 56:1
**arguing** 35:18
38:1 44:12
**argument** 36:15
37:20 40:11 42:4
42:6,7 44:13 45:1
46:4 56:24 57:4
60:15 65:19
**arguments** 33:8
36:17 39:23 40:2
**arik** 15:10
**arises** 42:3
**arnold** 3:10,12
**arps** 5:7
**arrange** 18:12
**artem** 14:19
**asked** 24:3 33:1
**asking** 47:10
49:11,20 51:20
**aslandis** 59:4
**aspect** 62:10
**assist** 33:13
**association** 9:19
10:17
**astoria** 13:15
**atkinson** 16:17
**attached** 21:7
**attempted** 39:12
53:4
**attempts** 37:24
**attention** 29:3
**attorney** 3:11,24
**attorneys** 13:4,13
13:20 14:2
**attributable**
25:11
**auditors** 4:12
**august** 1:16 2:1
19:3 68:25

**authority** 38:24
41:15,15 46:7,8
49:19,20 52:2
55:17 56:8,19
57:10,16,18 61:2
61:17 65:15
**authorized** 18:8
58:13
**automated** 67:6
**automatic** 5:2
10:20,25 11:6,18
11:19,25 12:1
32:2,6,13 33:23
34:2,9,21 35:5,19
36:20 37:2,17
38:23 39:5 40:20
40:23,24 41:1,8
41:12,14 44:9
45:9 46:14,18
47:1 48:11 49:10
49:13 52:1,5
53:10 54:1,25
55:11,13,16 56:16
56:19,20 57:6
58:2,4,6,9,16,21
59:1,9,12 60:1,12
60:14 61:7,25
62:4,11 63:6
**available** 19:13
20:18 30:24
**avenue** 13:5,21
**avoid** 19:19 20:5
25:15
**aware** 52:17

**b**

**b** 1:21 27:20
53:11
**b.r.** 63:22,23,25
64:4,5,7
**back** 29:7 33:15
39:11 52:8,10
62:2 65:1,25 66:1
66:9 67:8

**background**
31:15
**ball** 14:21
**bank** 59:7
**banker** 2:8 7:5
**bankr** 63:22,23
63:25 64:5,7
**bankruptcy** 1:1
1:12,23 25:4,18
26:2,12,13 33:3,8
33:13,15 34:21
35:13 37:1,10
39:1,11 41:5,5,9
42:1 46:6,20,22
46:22 47:2,7,14
52:8,11,23 53:11
54:1,14 56:14,18
57:1,19,23,25
58:4,7,16 59:2,10
59:11,14,17,18,20
60:13 61:4,11,12
62:11,21,23 63:6
63:10 64:1 65:4
65:16
**bar** 65:11
**barbara** 16:22
**barker** 15:7
**barred** 34:1 63:5
65:3
**barring** 19:3
**based** 22:23 32:19
**basis** 18:10 24:1
42:7 49:2 50:22
**bass** 10:3 17:3
50:13,15,16,17,20
50:24 51:1,8,14
51:18
**bedell** 6:12,18
**behalf** 5:4,19 9:18
9:24 10:7,11,12
11:2,9,13 12:4
31:22 51:23

**believe** 21:18,24
27:12 28:25 32:19
32:24 33:7,18
36:16 38:25 39:6
39:9 47:7 48:19
57:3 61:11,20
62:8
**believed** 35:22
**believes** 20:21
**benefit** 39:6 42:16
48:9 60:7
**benjamin** 16:20
**best** 20:4,23 24:16
27:22 43:18
**better** 29:4,19
**beyond** 63:17
**bieli** 15:1
**bielli** 9:11,15
**big** 24:1 42:5
**bill** 26:7
**billing** 25:3,7,11
25:23 27:5
**bills** 27:20
**bind** 21:8
**binders** 28:7
**birmingham**
13:22
**birnbaum** 14:15
**bisch** 16:11
**bit** 26:23 47:17
52:8
**black** 28:7
**blaudeau** 13:24
16:16 28:20,20
30:5 31:5
**board** 32:7 53:19
54:22 56:2,4
64:16
**body** 57:12 60:6
61:1
**bond** 64:6
**bottom** 42:10

**brady** 16:23
**brandan** 17:5
**brauner** 14:16
**brian** 16:4
**brief** 18:22 19:15
19:17,23 40:1
**briefly** 33:17
51:23
**briefs** 49:5
**bring** 19:12 43:9
**brings** 28:9 31:11
**broad** 38:4
**brooks** 15:7
**bunch** 22:21
27:19
**buried** 42:13
**burying** 35:11
**business** 27:25
**buttons** 31:17

**c**

**c** 10:7 13:1 18:1
33:4 35:13 37:10
37:12,15,20,25
38:2,13 39:8 59:4
59:15 60:2,9 61:6
62:1,14,15,23
63:9,12 64:10
65:5 68:1,1
**ca** 14:4
**calendar** 38:21
50:19 66:16
**call** 24:17 42:25
67:6,8,8
**called** 38:12 57:1
**calling** 37:25
**candor** 27:17
**can't** 18:6 41:16
44:22 65:19
**carefully** 26:8
**caroline** 16:3
**carson** 7:11,18
**case** 1:3 21:17
36:7 38:20 43:13

43:14 49:23 51:6
52:19 53:10 54:1
54:7,15,19 58:6
59:25 63:18,18
64:11 67:3
**cases** 19:5 43:21
46:16 52:17 64:2
64:8
**catch** 26:1
**catching** 27:13
28:3
**category** 25:10
**catrina** 16:12
**caught** 26:5
**cause** 34:7 36:6
46:1 52:15 54:11
**cede** 39:15
**century** 14:3
**certain** 5:2 10:21
10:25 11:7,20
12:2 29:14 36:8
44:1,19 45:4,9,10
47:9 56:25
**certainly** 27:6,15
30:20 36:24 38:15
40:6,8,23 45:22
52:9
**certified** 68:3
**chain** 65:16
**chambers** 23:2
24:2,17,17 31:4
**chance** 20:14
**chapter** 3:5 26:14
**checking** 31:17
**chose** 34:2 52:10
**chris** 31:18
**christian** 15:17
**christopher** 13:10
15:4 31:21 51:22
**chu** 16:18,19
**cir** 54:8 59:5 64:3
**circuit** 54:7 58:25

[circumstance - continue]   Page 5

circumstance
  19:4
circumstances
  54:2
cite   43:16,21
civil   57:11 59:19
  60:3,4,19 61:3,5,6
  63:11,16,20,21
  64:12,17,18 65:6
claim   59:20
claimants   8:5,21
  9:3
claims   22:9
clarification
  57:18
clear   22:11 30:23
  34:17 40:17 43:22
  56:23 57:5,14,15
  58:9,13,24 59:9
  60:10,20 61:23
  63:13,15 64:10
clearly   18:19
  24:15 25:12 31:23
  42:9 43:12 47:18
  57:8 60:13 61:6
clerk's   18:10,12
client   18:5,7
  27:25 65:22
close   66:22
closely   32:10
code   25:5 35:13
  37:10 46:20 53:11
  57:19,23 59:11
  62:21,23
codes   39:2
cole   6:20 7:1
coleman   14:17
collaborative   30:9
colleagues   26:3
collegium   5:4
  11:2,13,17,24
  12:4 31:12 32:5
  32:12,18,22 33:23

34:1,8,20,23,25
35:3,15,18,19,22
36:12,14 37:3,9
37:12,20,24 38:2
38:5,11,17,23
39:3 40:13 41:16
41:17,20,25 44:10
44:15 45:18 46:7
46:16,18,24 47:11
49:9,10,11,12,21
50:5,8,8 51:20
52:7,10,12,16
53:13,20,21 55:10
55:19,24 56:1,14
56:16,22 58:15,23
60:6 61:24,25
62:4,13,18,18,19
62:21 63:5 65:3
65:22,23
collegium's   33:19
  35:9 57:5 63:4
collier   63:25
color   29:3,9
colored   9:19
  10:17
come   22:3 29:17
  39:25 41:16,17
  46:17 62:2
comes   24:25
coming   60:11
  65:1 66:1
commenced   53:16
commencement
  59:24
commencing   38:2
  59:19
commend   30:7
comments   40:14
  49:4
committee   4:4 6:5
  6:14,21 7:6,13,21
  8:4,20 19:17 22:7
  22:8 25:6

committees   10:15
communities   29:2
  29:3,9,12,12
compel   43:18 44:8
  45:20 46:10 48:23
compelled   40:22
  44:11
compels   44:1
  46:25
compensable   25:4
compensation   2:9
  2:16,22 3:3,10,16
  3:23 4:5,11,17 5:8
  5:16,22 6:6,15,23
  7:4,14,22 8:5,12
  8:18 9:4,12
complex   28:21
comply   40:22
  46:23
component   44:18
  44:24
concepts   57:13
conclude   26:17
concluded   23:6
  58:9 67:10
concludes   62:17
  66:16
conclusions   40:8
conclusively
  61:15
concurrently
  32:11
condition   55:5
  56:21 57:6 63:5
conditioned   60:15
conference   20:21
confidential   19:6
confirmed   60:9
confused   47:6
congress   54:21
  60:3
congress'   54:18

connected   48:1
connection   30:16
  41:7 64:12
consensus   67:3
consenting   9:22
  9:25
consequence
  42:22 44:20
consequences
  34:24 52:10 62:22
  62:25
consider   33:1,8
  36:13,17 66:3
consideration
  54:9
constantine   15:22
constituents
  66:25 67:2
construction   64:5
consultant   2:17
  4:4
consultants   7:12
  7:18
consulting   8:11
  8:15
contact   18:11
  24:9
contemplated
  55:8
contend   55:5,15
  55:17 58:19 61:13
contending   53:14
  63:5 65:4
contends   56:16
contested   28:25
context   26:14
  39:8,12 53:5
contingent   8:4,20
  9:3 22:8
continuation   43:2
continue   32:3
  38:1,4 53:23

[continued - debtors]                                                          Page 6

continued   33:14
continuing   36:3
  59:19
continuity   27:25
contrary   38:24
  42:11 56:1,7
  60:15
controlling   54:7
coordinate   24:16
coordinating
  24:14 25:15
coordination
  24:19
copy   18:10
corners   20:7
cornerstone   2:15
  2:19
correct   30:4,11
  37:12 39:25 58:5
  65:7,12
correctly   58:23
counsel   2:23 3:17
  4:18 5:10,15,22
  6:4,13,21 8:3,19
  9:2,13 25:6 28:12
  28:18,21 57:5
country   19:14
  29:14 59:1 68:21
couple   57:7
course   20:18
  24:13 26:21,24
  28:13 33:20 34:2
  37:22 57:20 58:8
  60:25 64:18 65:12
  65:18
court   1:1,12 18:2
  18:6,9,9,19,20
  19:2,15,16 20:6,7
  20:13 21:3,12
  22:5,18 23:11,15
  23:18 24:7,15,21
  26:25 27:2,8,11
  27:19 28:6,8,16

28:19 29:22 30:1
30:15 31:8,10,13
31:19,23,24 32:4
32:13 33:6,7,10
33:16,24 34:21
35:5,23 36:2,4,13
36:16,25 37:18
39:1,4,12,17 40:4
40:7,10 41:4,5,16
41:17 42:1 43:9
45:12,24 46:13
47:2,7,10,14,18
47:21 48:3,4,6,18
48:20,21,22,25
49:7,25 50:10,17
50:21,25 51:3,10
51:17,19 52:8,11
52:13 53:8,12,17
54:5,16 57:11
58:1,7,16 59:7,19
59:20 60:3,5,20
60:25 61:3,6 63:2
63:12,20,21 64:9
64:12,16 65:7,8
65:12,14,14,16,18
66:4,11,15,21
67:9
courts   41:6,11,13
  46:22 54:19 61:19
  63:16 64:19
court's   20:9 23:16
  33:11,12 39:7
  53:3 65:23
covered   25:12
  51:10 53:17
covers   27:23
creadore   15:25
create   43:8
created   46:5
  53:25
creates   42:21
  43:25 47:20

creation   46:10
creditor   46:20
creditors   4:5 6:5
  6:14,22 7:6,13,22
  19:16 46:23
crises   19:13
crisis   29:13,13
cristin   6:12,18
cross   50:2
cullen   16:1
cutler   3:23
cyganowski   15:12
cynthai   16:25
cyrus   17:14

**d**

d   1:22 18:1 63:22
  63:23
daily   18:10
daniel   14:24
danielle   15:6
date   19:3 40:21
  41:4 43:1,8,11,20
  44:1,16,19 45:8
  45:10,21 47:9
  48:10 49:17,23
  50:1,9 51:9,9
  59:21 68:25
dated   55:4
david   9:14,16
  16:21 17:9,12
davidson   3:20
  14:18
davis   2:21 3:1
  13:3 18:18 22:21
  24:13 27:16 31:22
day   4:16 25:23,24
  25:25 59:11 62:2
days   19:1 27:5
  34:13 59:25 60:9
  61:7 62:15 64:10
  66:24
deadline   19:10
  32:20 33:24 34:12

34:14 35:1,12,20
37:4,17 40:12,16
40:18 41:16,18
42:2,4,12,19,20
43:6,17,23,25
44:6,14,17,18,21
44:24 45:7,8,14
46:5,10,25 47:3,4
47:5,20,22,24
48:18,19,20,22
49:8,9,11,12,14
50:7 51:25 52:2
52:15,24 55:6,8
55:10,18,20,24,25
56:2,3,7,17,21,22
58:18,20 60:7,12
61:8,10,11,13,15
61:16,18,24 62:12
62:14,18,22,25
63:1,7,10 65:5
deadlines   37:11
  37:13 38:9,13,22
  38:22 41:24,25
  46:14 49:21 59:3
  63:19,20
deal   30:12,13
deals   19:13
dean   15:22
debtor   1:9 25:6
  38:19 40:3,11
  48:24 54:2 56:25
  57:21 59:20
debtor's   3:10,24
debtors   2:8,8,17
  2:23,24 3:5,17,18
  4:4,12,19 5:2,10
  5:16 10:10,20,21
  10:25 11:6,7,16
  11:18,18,20,23,25
  11:25 12:2 18:19
  20:2 22:7 28:14
  31:3,22 32:15,18
  32:24 33:7,18

35:15,17,20,25
36:16 37:14 38:25
39:6,9 40:23
41:20 42:4,6,23
43:13,14 44:12,15
44:22 45:5,6
46:12 47:10 48:19
49:24 50:1,3 51:6
51:23 53:9 54:23
55:5,15 56:12
58:19 59:15 60:2
61:13 63:3
**debtor's** 18:13
28:11 32:2 33:20
35:6,10 36:15
37:8,20 42:7 46:6
53:21 55:1 56:6
56:15 61:21 63:4
**dechert** 5:15,19
5:21 6:1
**decide** 23:22 33:5
36:13 56:25 57:3
58:3 60:17,18
61:9
**decided** 62:9
**decides** 65:6
**decision** 32:21
33:2,14,25 34:5
34:13 36:19 37:5
42:12,25,25 43:8
43:10,11,16,20,20
44:10 45:20,21
48:17 53:23 55:9
55:18 56:9,10
57:8,24 58:4,10
58:12,12 60:14
64:20,24 65:23
**decisions** 58:8
65:15
**declaration** 62:3
**deep** 50:18
**defense** 61:20

**defer** 57:2
**define** 46:17
**definitely** 27:18
28:1
**delay** 30:23
**delconte** 16:13
**delighted** 27:2
**dennis** 16:18,19
**departments** 26:3
**detail** 37:14
**detailed** 64:24
**determination**
32:8 54:18,20
60:23 61:4 62:24
65:16
**determinations**
63:2
**determine** 34:21
36:2 48:14 58:1,7
61:1,12 64:16
**determined** 49:8
57:19 63:1,10
64:9 66:4,6
**deutsche** 59:7
**developed** 54:13
**development**
63:24
**devon** 16:23
**dialogue** 20:5
23:6,6
**diaz** 16:15
**didn't** 20:25
24:25 41:23,24
46:5 48:22 56:7
66:2,6
**difference** 25:19
**different** 20:3
29:6
**differently** 29:15
**difficult** 27:7
**diligence** 25:20
**directing** 62:3

**direction** 30:10
34:3
**directly** 27:2,9
52:20 60:8
**disagree** 32:18
45:5,6 46:12 50:7
**discovery** 19:17
19:23 20:16,17,20
25:16,21
**discrete** 54:21
**discuss** 20:15 54:3
**discussed** 27:18
38:25
**discussion** 52:6
59:6 64:11
**discussions** 22:12
22:13
**disingenuous**
47:16,17
**dismisses** 37:20
**dispositive** 33:12
36:25
**dispute** 52:4
**disputes** 20:19
**distinguished**
64:2
**distraction** 36:6
**distributed** 67:4
**district** 1:2 32:4
35:23 36:4 43:9
48:2,3,4,6,18,20
48:21,21,25 53:12
53:17 54:5,16,19
65:14
**docket** 37:8 51:11
**doctrine** 48:11
**document** 5:3,18
6:9,17 7:1,8,17,25
8:8,14,23 9:8,23
10:2,7,11,18 11:1
11:8,8,21 12:3
**documented**
30:13

**doesn't** 24:17
26:21 41:15 43:2
43:5,5 48:6,7
49:20 58:5 61:16
**doing** 24:13 25:20
26:13 29:22 47:14
55:10 67:1
**donald** 15:25
**don't** 18:23 20:15
21:1,7 26:4 28:24
45:3,5,6,11,12
46:2 47:6,16
48:10,19 51:3,4
65:22
**dorr** 3:23
**doubt** 19:16
**dozen** 21:8
**drain** 1:22 18:2
**draw** 40:7
**drummond** 14:10
**due** 25:20 30:6
**duplication** 25:16

**e**

**e** 1:21,21 5:22
13:1,1 14:24 18:1
18:1 68:1
**e.d.** 64:7
**earlier** 36:22
50:16
**earned** 8:12
**east** 14:3
**ecf** 2:13,19 3:1,7
3:13,20 4:1,8,14
4:20 5:5,12,19 6:1
6:10,18 7:1,9,18
8:1,9,15,23 9:9,16
9:20,25 10:3,8,13
10:18,22 11:3,10
11:14 12:4
**eckstein** 16:2
**economical** 36:10
54:12

[economy - file]                                                    Page 8

economy  36:10,21
  39:4 54:12
ecro  1:25
ed  64:1
edward  14:10
  15:21 16:11
effect  29:8 43:1,7
  43:22 44:5,13
  46:9,14 47:17
  48:4
efficiency  48:3
efficient  35:24
efficiently  33:13
efforts  20:23
either  20:11 24:10
  32:13 49:24 50:11
  52:17 56:20 57:10
  58:15 60:8 63:19
eli  11:9
email  31:4
emily  15:15
employ  19:12
  49:23
employment  41:1
  41:3 49:17
enable  55:8
enabling  55:23
enforce  48:18,20
enforceable  57:22
enforcement
  64:13
ensure  29:2,4
entered  20:17
  50:22 51:11 59:17
entirely  18:4
  38:14 53:2
entities  10:5,8
entity  56:20
ernst  4:10,14
especially  52:3
esquire  9:14
essence  56:5

essentially  19:1
established  37:17
  38:22 54:10
et  6:5,15,22 7:22
  18:3
evaluate  39:1
evaluating  39:2
evein  15:6
event  33:10 45:18
everybody  20:9
everyone's  66:20
exactly  23:24,25
  27:5 43:24
examination
  25:20
examiner  9:13
  21:16,20 22:13,24
  23:5,9 24:3,24
  26:24 27:1,9
examiners  26:1
examiner's  22:2
  26:5,19
example  27:3,16
  38:17 63:21
excellent  59:6
  66:25
excessive  25:10
exclusive  58:1
exist  36:3 43:5
  46:2,6
existed  36:2 44:14
  52:5
existence  33:14
  36:5,18 60:11
exists  36:14 48:3
expect  20:8 30:20
expeditious  36:10
  54:12
expense  36:6
expenses  2:11,12
  2:17,19,23,25 3:6
  3:12,17,19,25 4:6
  4:7,11,13,18,20

5:9,11,18,24,25
  6:7,8,17,24,25 7:5
  7:7,15,17,23,24
  8:6,7,12,13,19,22
  9:5,7,13,15
expensive  25:17
expertise  54:10
expiration  33:24
  42:12 55:9 58:20
  59:13 60:1
expire  59:22
expired  35:2
  56:11 58:18 59:21
express  19:21
expressing  35:21
expressly  44:20
extemporizing
  26:23
extend  37:11
  45:14 52:24 57:16
  62:13 63:9
extended  34:6,14
  45:21 58:11 63:7
  63:18
extending  55:5
  56:21
extends  37:13
extension  34:15
  34:17,18,19 44:6
  58:17 61:14,14
  62:8
extent  62:15
extinguish  42:17
extra  18:23 19:9
  28:1 60:9
extraordinary
  19:4
extremely  23:8
  27:7
eye  25:18 26:2

f

f  1:21 5:4 11:2,12
  12:3 15:15 68:1
f.3d  64:3
face  41:19
fact  19:4,11 20:11
  20:16 27:21 40:5
  43:17 46:21 49:10
  52:3 53:4 54:4
  55:12 56:9 58:5
  62:7,17
factor  36:9
factors  36:8 54:9
failed  33:23 34:25
  43:19 44:10 52:18
failure  52:20
fairly  26:11 60:22
fallback  56:12
false  42:7,14
falseness  42:15
familiar  43:4
far  29:7
fashion  18:16
fast  21:17
favor  47:14
fee  2:4,7,12,18,25
  3:6,11,15,19,25
  4:3,7,13,16,20 5:7
  5:11,15,21,25 6:3
  6:8,12,17,20,25
  7:7,11,16,24 8:7
  8:11,13,22 9:6,13
  9:15 21:16,20
  22:2,6,13,24 23:5
  23:9 24:3,24 25:3
  25:3,7 26:24 27:1
  27:9
feedback  31:16
feel  43:14
feld  6:4,9
figure  22:22
file  21:3 22:22
  27:20 38:19

filed  2:12,19,25
 3:6,12,19,25 4:8
 4:13 5:3,18,25 6:9
 6:18 7:1,8,17,25
 8:8,14,23 9:8,15
 9:23 10:1,3,7,12
 11:1,9,12 12:3
 19:17 28:23 30:16
 35:10 53:21
filing  51:2 59:21
final  31:25 32:20
 33:25 34:4,13
 35:14 37:5 42:11
finally  37:3 52:22
 63:24 64:6
financial  3:4 7:21
find  20:9 24:25
 47:7,11 49:25
finds  39:4
fine  21:12 24:21
 31:24 39:17
finson  14:12
firm  23:25,25
 24:9 27:4,22
 39:21 52:2
firms  21:20,25
 24:5,18 25:1,10
first  2:15 6:12,20
 9:11 13:21 18:5
 21:16 25:1 35:15
 52:16 53:2,9 56:1
 57:14,16 60:18,20
 64:23 65:24
fit  57:12 62:1
five  24:18
fixes  59:18
flags  28:6
flom  5:8
focused  30:19
fogelman  14:13
follow  34:2
following  60:18

follows  23:12
footprint  29:17
force  50:5
foreclosed  45:7
foreclosure  64:13
foregoing  54:24
 58:19 68:3
foreign  6:13
forest  43:13,21,24
 44:3 52:19
form  21:22 23:2,7
 53:1
forth  19:23 59:4
 62:14
forum  61:4,12
 63:6,10 65:4
forums'  58:4
forward  29:20
 31:6 36:4 57:7
 64:25
found  24:25
four  24:18 33:19
 35:11
fourth  35:14 37:3
francois  13:24
 16:16 28:20
frankel  9:2,8
frankly  52:25
 58:25
front  65:20
fti  8:11,14
full  58:12 61:14
fundamental  35:6
fundamentally
 33:22
funds  29:11
further  20:16,18
 22:15 26:18 37:24
 51:4 56:18
furthers  39:3

g

g  18:1
gange  16:3
garcia  16:4
garfinkle  17:4
gautier  5:4 11:2
 11:13 12:3 14:6
 39:16,20,20 49:15
 51:24 64:22,22
 65:10,17,21 66:8
 66:14
generally  34:3
 37:12 38:16
george  3:25 16:14
gerard  15:24
gilbert  8:17,23
ginnito  63:22
give  19:20 27:16
 39:23 58:14
given  21:2 24:22
 30:24 40:21 41:8
 44:2 55:1 57:4,4
 58:19
giving  29:18
glad  29:24
go  18:14 22:3
 26:15 28:15 29:6
 46:21 48:17,20,20
 48:24 50:13,14
 51:17 52:7,10
 57:7 63:17 64:25
 65:13,25 66:9
goes  20:1
going  20:4,7
 23:20 24:7 29:7
 29:11 47:13 66:11
 66:12
good  18:2,21
 28:17,19 31:7
 34:7
goodbye  67:9
governing  34:3

government  44:1
governmental  8:4
 8:20 9:3 10:5,8
 22:8
grant  34:5 44:7
 58:11
granted  50:21
 61:14
granting  39:2
 63:4
graulich  17:8
greater  24:9
gregory  13:9
 15:19 21:5
greiss  16:5
grid  23:12 24:1
 26:17
grounded  35:7
group  9:24 10:8
group's  10:5
guardian  43:13
 43:22,24 44:3
 52:19
guess  24:10,21
 26:22 39:24 66:2
guidance  36:25
 53:3
gump  6:3,9 19:18

h

h  16:2
haberkorn  15:2
hale  3:23
half  21:8 26:8,9
hand  57:3 60:17
 62:6
happen  26:4,21
 58:17
happening  27:8
happily  18:22
happy  18:14
 26:15 33:20 49:4
harbuck  15:3

**hard**  19:8 21:17
  25:13 30:7 66:24
**harold**  14:25
**harrison**  15:18
  16:1
**hauer**  6:4,9
**hayden**  14:17
**hayley**  17:6
**healthy**  66:20
**hear**  18:16,19
  31:23 54:11
**hearing**  2:1,2,4,4
  2:5,7,15,21 3:3,9
  3:15,22 4:3,10,16
  5:1,7,14,21 6:3,12
  6:20 7:3,11,20 8:3
  8:11,17 9:1,11,18
  9:22 10:1,5,10,15
  10:20,24 11:5,12
  11:16,23 18:4,8
  18:11,14 19:3,11
  20:5 21:10 22:1
  23:3 24:2,11
  31:14 66:16
**hearings**  28:4
**held**  44:16
**help**  19:12 24:16
  24:19 29:20
**helped**  28:14
**helping**  27:17
**herring**  38:1 52:9
**he's**  24:25 27:12
  27:13
**high**  32:12
**highlights**  43:22
**highly**  27:21
**hinge**  33:2
**hint**  45:24
**historically**  29:5
**history**  37:22
**hoc**  8:4,20 9:2,24
  10:15 22:7

**hoffinger**  64:4
**hold**  41:6
**holdings**  64:3
**holdreith**  14:7
  17:2 39:22,24
**hon**  1:22
**honor**  18:17,22
  19:15,20 21:5,10
  21:14,15 22:16
  23:25 24:4,13
  26:22 27:16 28:7
  28:9,17 31:9,11
  31:21,25 33:17
  35:9,14 39:14,14
  39:15,19,20 40:8
  43:11 46:13,17
  47:19 48:21 49:4
  49:16 51:22 64:22
  65:2,7,17 66:14
  66:18
**hope**  63:13 66:19
**hopefully**  19:10
  20:12 22:3 24:2
  28:5
**hour**  19:22 26:8,8
  26:9
**hours**  25:24 27:5
**huebner**  13:8
  18:17,18,21 21:15
  22:16,19 23:12,16
  23:24 24:12 26:16
  26:22 27:1,15
  28:9 31:11 66:18
**hurley**  15:8
**hustled**  22:1
**hyde**  12:25 68:3,8

**i**

**i.e.**  62:15
**ideas**  29:18
**identify**  18:4
**illusory**  41:18
**illustrated**  43:12
  43:17

**immediate**  44:8
**impact**  29:20
**implication**  58:14
**implied**  42:8,14
**impliedly**  43:3
**implies**  44:20
**implying**  35:16
**important**  19:5
  20:22 25:18 26:2
  26:10 29:1,15,16
  29:24 30:10
**importantly**
  36:22 55:4 60:24
**impose**  56:21
**imposed**  49:11,12
  61:8,24 62:17,25
  63:7
**imposing**  62:12
**imposition**  38:15
  38:18 63:7 65:4
**impression**  52:17
**inaction**  34:25
**inc.'s**  11:24
**inclined**  33:10
**including**  20:2,19
  26:6 50:25 53:23
  54:13 59:23
**incredibly**  26:9
**incurred**  2:11,17
  2:23 3:17 4:11,18
  5:18,24 7:5,15 8:6
  8:12,19 9:6,13
**inc's**  11:17
**independently**
  27:12
**indicates**  44:19
**indirectly**  60:8
**indiscernible**
  21:23 22:3,23
  24:14 27:3,8
  28:22 29:9 30:9
  31:13 40:1 42:3,6
  43:10,12,13,25

**immediate**  44:8
**impact**  29:20

44:4,15 45:25
  46:8,9,15 47:1,2
  47:18,21,24 48:8
  48:24,25 49:1,6
  50:8,9 52:16
  62:20 64:6
**industries**  64:4
**inefficient**  32:25
**infer**  62:6
**influence**  29:20
**inform**  36:19
**information**  7:12
  30:25
**infringement**  32:3
**initial**  23:9 37:7
  43:12
**initially**  34:8
**initio**  58:7
**inordinate**  25:2
**input**  33:5
**instance**  25:24
  38:18 53:2
**institute**  42:17
**instituted**  34:10
**instituting**  34:5
**instruct**  52:7
**instructed**  67:7
**instructing**  34:23
**instructive**  40:7
**intended**  41:22
  60:23
**intention**  62:7
**interest**  27:17
  36:9,21 39:3,10
  42:24 43:9 44:7
  46:11 57:22
**interestingly**  37:7
**interests**  54:11
**interfaced**  21:20
**interfere**  45:25
**interference**
  54:14

interim  2:4,7,15
  2:21 3:3,4,9,22
  4:3,10,16 5:7,15
  5:21 6:3,12,20 7:3
  7:11,20,23 8:5,11
  8:17 9:1,11 20:21
interior  44:3
interjecting  51:14
interplay  35:12
interpret  40:4,6
  40:10 42:20 45:12
  46:3,13
interpreting
  47:14 57:9
interrupt  20:13
intervene  9:18,23
  10:6,11,16
intervention  20:9
introduction
  18:13
invalid  32:9
inventing  46:1
investigation
  25:16
investment  2:8
  7:5
involved  21:8
  30:8
irrelevant  41:10
irs  63:22
isn't  26:10
issuance  53:23
  57:24 58:10
issue  21:1 32:8,20
  33:25 34:4,13
  37:5 43:10,20
  44:10 46:25 48:8
  48:17 52:16,18,20
  53:1 54:3 55:9,17
  56:8 58:12 60:20
  61:9,10 62:8
  65:24

issued  34:10,11
  42:11 53:25
issues  20:3,19
  23:1 24:23 27:17
  28:2 29:23 30:13
  52:23 53:25 54:22
  56:14,25 57:1,7,8
  60:18 62:11
issuing  56:4,10
item  20:12 28:10
  31:12 32:2,4
items  18:23 21:16
  32:1
it'll  51:11
it's  18:9,17 21:13
  24:1 25:13,17,17
  26:1 27:23 28:14
  29:16 30:11 40:7
  42:9,14,14 46:10
  47:15,16 48:8
  51:10,10 55:12
  59:8 61:18 64:10
  66:5
i'll  18:4,16 22:20
  24:22 29:25 31:3
  39:23
i'm  18:14 19:6
  20:11 22:11 25:25
  26:11,15,23 27:1
  27:11 28:18,21
  29:24 30:18 49:4
  49:11,25 50:2,16
  50:18,20 61:9
  64:15 66:8,11
i've  47:19 50:17
  57:15

j

j  11:9
jake  14:7 17:2
  39:22
james  10:12
jasmine  14:21

jefferies  7:3,8
jeffrey  17:4
jennifer  15:17
jersey  6:13,18
jesse  16:13
john  17:1
joint  4:3
jones  4:16
joseph  13:9 14:11
  15:19 21:5,5,13
journey  18:25
jr  4:1
judge  1:23 18:2
  28:20 30:5,11
  31:5 67:6,7
judicial  36:10,21
  39:3 48:3 54:11
juncture  36:5
jurisdiction  57:25
  58:1,3
justify  27:7
justin  15:14,16

k

kajon  15:11
kami  17:10
kaminetzky  16:20
kaplan  14:1 39:21
  39:22 64:23
karen  16:7
katie  16:10
kaye  3:10,12
keep  25:18 26:2
  40:17 48:11
keeping  48:9
kenneth  16:2
kevin  10:7
key  35:3
king  3:15,20
klauder  9:11,14
  9:16,16 17:12
know  20:1 23:10
  24:18 26:7 27:3
  27:24 28:3,5

40:25 41:9,21,23
  48:21 50:2 51:25
  52:6,14 53:5 65:1
  65:13,21,22 66:24
knowledge  43:19
known  31:2
knows  20:9 27:19
kordas  16:6
kpmg  4:3,8
kramer  9:1,8
kuhlmann  17:13
kurtzman  7:11,18

l

l.p.  1:7 6:5,15,22
  7:22 10:13 18:3
l.p.d  11:9
la  63:25 64:7
labovitz  14:22
lack  41:13 54:14
laid  30:18 56:10
langley  15:9
language  63:15
large  29:14
late  66:2
law  13:19 33:3,8
  33:13 37:1 39:11
  39:24 52:23 59:2
  59:10,10,14,17
  60:11,14 63:18
lawrence  14:13
lawsuit  32:4
lawyer  27:4
lawyers  25:18
  26:2,13 40:5 41:5
  41:9
lay  52:9
laying  34:24
lead  35:12 55:23
leave  29:25 66:11
leaving  64:15
ledanski  12:25
  68:3,8

lees 15:20
left 19:1 42:2
  66:24 67:6
legal 59:9 68:20
legislative 37:21
lengths 46:21
lengthy 64:24
letter 19:17,23
  20:14,25
level 32:12
leventhal 16:24
levin 9:1,8
lexington 13:5
lift 32:13,15 35:25
  37:8 54:15,24
  56:13 60:14
lifted 32:22 53:15
  53:15 54:4,4
lifting 35:22 36:7
  36:20 39:4 55:16
  55:22 57:6 58:20
  61:7
light 19:13 20:16
  26:18 52:3
likelihood 26:16
  36:3 63:16
likewise 52:14
limitation 55:3
  59:3 61:21
limitations 61:19
limited 19:7 20:12
  27:21 63:16
line 24:3 26:19
  28:6 39:23 66:22
lines 46:15 59:5
list 33:9
litigating 36:5
litigation 5:3 8:21
  9:3 10:22 11:1,8
  11:20 12:2 22:8
  28:21 32:9 35:23
  36:4,11 53:12,13
  53:18 54:5,13,20

litigators 25:19
little 26:23 47:15
  50:15 57:14
live 32:21
llc 7:3,9,12,18
  9:12,16 64:3,7
llp 2:22 3:1,7,10
  3:12,15,20,23 4:3
  4:8,10,14 5:8,15
  5:19,21 6:1,4,10
  8:17,23 9:2,9 13:3
llps 3:4
local 28:18
long 22:22 23:16
look 29:19 31:6
  40:7,25 51:11
looking 25:8 31:6
looks 26:8
loop 66:23
los 14:4
loses 61:17
losing 62:5
lot 31:15 46:16
  52:6,23
lots 19:21
loved 43:16
low 29:10 36:3
lowell 14:12
lp 2:7,13

|          m          |
| m 9:14,16,24 16:9 |
m.d. 63:25
mackay 15:15
maclay 10:7
main 25:6 26:10
  39:23 40:2
maintain 35:4
majority 58:25
making 45:24
man 50:14
mandate 43:1
mara 16:24

marc 15:5
marshall 13:8
  18:18 31:20
mass 63:24
massachusetts
  32:4,9,14,16
  53:12
matt 16:15
matter 1:5 33:5
  33:15 38:8 39:10
  50:18 51:20,21
  52:24 53:6 55:21
  56:8 57:15 58:2
matters 32:9 33:3
  37:11,13
maura 14:23
maximum 34:15
mcclammy 10:12
meagher 5:8
mean 38:21 48:25
meaning 38:4
means 38:2 47:5
meant 34:18
med 13:19
mediation 19:3,6
  30:22,24 51:7,8
mediators 19:11
  31:3 66:25
meet 22:1 47:5
meets 23:16
mehri 17:14
melanie 15:12
memorandum
  10:2
mentioned 36:22
mercari 59:6
mere 49:10 60:11
merits 33:8,9
  36:17 55:9 57:24
message 26:10
michael 16:17
michelle 15:8

middle 50:18
mind 26:19 31:16
minds 40:17
mineola 68:23
minutes 19:22
misconstrue
  43:14
misinterpretation
  65:1
missed 62:18
missing 43:23
  62:22,25
modifying 5:1
  10:20,24 11:6,19
  12:1
molton 16:21
moment 34:25
  54:3
monaghan 14:23
monday 35:11
month 20:20
  25:25 52:18 55:6
  61:13 66:23
monthly 25:3,11
months 34:6,14
  55:7
montminy 17:5
morning 18:2,21
  28:17,19 40:11
  64:24
mortgage 64:14
motion 5:1 9:18
  9:23 10:1,6,10,16
  10:20,24 11:6,12
  11:17,19,24 12:1
  28:11,11,15,22
  30:3,12,16,17
  32:2,5 37:8 50:21
  50:23 51:2,4,7
  53:9,14,22 56:5,6
  56:14,15 63:4,4
motions 28:23
  32:1,10 53:9,21

motion's 28:25
move 19:5 20:11
  36:4 46:20
multi 10:5,8
munger 16:25
mute 28:15 31:17

**n**

n 13:1 18:1 68:1
naacp 10:1,11
  13:13,20 28:13,18
  28:21 29:16 30:14
  30:20,25 31:2
  50:16,25 51:1,7
naacp's 10:6
naacp's 28:10
  30:21
naftalis 9:2,8
name 18:7 50:16
narrow 38:3
natasha 14:22
national 9:18
  10:16 29:7,17
naturally 38:4
nature 24:22
  57:10 61:1,10,12
  61:15
nauseam 29:6
necessary 2:11
  4:18 5:17,24 7:15
  9:5 47:25 48:8,12
  54:10
need 19:19,25
  20:8 21:1,9,24
  27:21 40:25 41:11
  51:3,4
needs 22:1
negation 29:21
neiger 15:21
neither 22:17
  32:14 62:22
never 43:19
nevertheless 25:9

new 1:2 13:6
newbury 16:7
nicholas 15:11,23
night 19:17
nj 63:22
noise 31:16
non 9:22,24 26:13
  38:9 56:17 58:4
  59:2,10,10,14,17
  59:17 60:12 61:4
  61:10,12 63:6,10
  64:9 65:4,15
nonsensical 45:1
norma 13:17
  28:18
normal 54:2
normally 25:12
  26:8 54:15
normile 17:1
north 13:21
notably 36:9
note 19:15 25:1
  25:17 26:23 28:23
  39:21,23 45:11
notes 18:24 38:17
notice 2:1,4,4 5:14
  40:21 41:8 59:25
noticed 24:4,24
notion 40:20
notwithstanding
  54:24 59:13 60:10
number 18:24
  20:12 28:4,23
  32:2,4 37:8
ny 1:14 13:6,15
  68:23

**o**

o 1:21 18:1 68:1
object 32:16
objected 53:14
objection 11:5,16
  11:23 33:20 35:10
  37:15 53:21 56:6

56:15
obligation 38:19
  42:21,23 44:2,18
  44:25 45:10,17
  46:5,18,19 47:4,8
  47:11,20
obtain 18:11
  55:11
obtained 58:23
obtaining 55:21
  56:20
obviously 18:25
  19:6 20:1 24:5,12
  24:19 25:3 26:23
occur 61:16
occurring 59:24
occurs 65:21
october 34:12
  55:4
offers 38:2,11,23
office 18:10,12
official 4:4 6:4,14
  6:21 7:6,12,21
oh 22:6 50:20,24
okay 18:21 21:12
  21:13 22:18 23:15
  24:21 28:8,16
  30:1,15 31:8,19
  39:17 41:17 50:10
  50:24 51:1,8,14
  51:18,19 53:8
  66:14,15,21
old 68:21
omnibus 11:5,16
  11:23 21:22
once 26:17 42:17
  43:17 53:4
ongoing 22:13
  23:5 30:22
online 51:17
operate 37:10
operates 38:21

operative 61:16
opinion 47:18
  48:14 52:18,20
opioid 29:13
opportunity
  28:22 29:20,22
  45:19 58:15
opposed 61:20
opposition 30:17
  53:20
option 24:10
oral 19:25 56:24
  57:4
order 5:1 10:20
  10:24 11:6,19
  12:1 21:22,25
  22:1 23:2,7,14,25
  30:2,2,4,6,19
  34:11,14 35:8,21
  36:15 37:6 39:13
  40:4,6,10 41:19
  45:13,14 46:3
  47:6 50:22 51:4
  53:1,5 55:4 57:17
  59:17 63:3,14
  65:3
ordered 23:23
  50:1,2
orders 21:3 57:15
ortiz 13:12,12,17
  28:17,18 31:9
  51:16
otterbourg 8:3,8
outcome 35:24
outcomes 29:5
outset 18:24
outside 55:18,20
  65:19
overall 29:19
overarching 54:8
overlapping
  50:12

**p**

p   13:1,1 15:8 18:1
p.3d   59:7
p.c.   6:20 7:1 8:3,8
page   42:9
paid   23:10
pain   62:4
panel   39:11
paper   40:12
papers   40:14
  44:22 52:4
paperwork   51:2
paragraph   35:16
  35:18 37:19 64:1
parallel   43:24
  44:4
park   14:3
part   48:12 53:14
participant   29:18
participate   51:7
participation
  30:22
particular   21:1
  26:20 33:3 44:2
  58:2
particularly   21:2
  57:3
parties   21:8 25:15
  28:14,23,25 29:19
  30:7,8,21 31:3,6
  40:22 41:7,13
  42:23 43:9 44:7
  46:11 48:17 49:24
  50:22 51:6,20
  53:13 58:14
parties'   33:8
  56:23
partner   39:22
partners   2:7,13
partnership   6:13
  6:18
party   58:15

party's   39:9
pass   41:11 43:17
passage   32:20
  43:6,8 52:14
passed   35:1 49:9
passing   42:18
patent   5:3 10:22
  11:1,7,20 12:2
  32:3,7 39:24 48:7
  53:12,18 54:5,20
  54:21,22 56:2,3
  57:22 64:15
patents   32:8
  53:17
paul   17:7
pay   28:1
pending   5:3 10:21
  11:1,7,20 12:2
  32:3 53:18 54:20
  65:9
people   9:19 10:17
  19:8,12,21 20:2
  21:17 22:1 24:3
  26:7 28:4 31:16
  41:7 42:16 66:24
percent   29:11
perdue's   34:10
period   2:11,18,24
  3:5,11,18,24 4:7
  4:12,19 5:10,24
  6:7,16,24 7:6,16
  7:23 8:7,13,21 9:6
  9:14 34:6 52:19
  55:14 59:18,21,22
  59:23,24 62:2
periods   59:11
permit   5:2 10:21
  10:25 11:7,19
  12:1 33:10 48:15
  48:16 53:22 54:19
  57:6
permits   66:9

permitted   34:15
  49:22 55:6
person   27:22
pertain   57:1
pertained   60:7
pertaining   20:17
  53:16 54:9,25
  60:8 63:20
petition   40:21
  41:4 49:17,23
  50:1,9 59:22
pharma   1:7 6:5
  6:14,22 7:22
  10:12 11:9 18:3
pharmaceutical
  5:4 11:2,13,17,24
  12:4 32:5
pickering   3:23
pivot   37:24
pjt   2:7,13
place   29:1
places   42:8,8
plain   37:23 59:16
  63:15,18
plains   1:14
pleading   35:10
pleadings   56:24
  57:2
please   24:18
  66:22 67:8
pleasure   23:17
pm   67:10
podium   28:12,15
  31:18 39:16
point   20:4 21:2
  24:22,23 25:14,22
  35:14 40:17 43:11
  58:24 60:2 65:2
  66:17 67:4
points   33:19
  35:11
polk   2:21 3:1 13:3
  18:18 22:21 24:13

27:16 31:22
poor   29:10
porter   3:10,12
position   38:11
  56:12
possession   2:9,24
  3:18
possible   53:2
post   34:5
pourakis   15:22
power   41:13,23
  41:24,25 44:14
  45:2,3
powerless   47:5,8
precise   23:8 28:3
preclude   56:4
  62:19
precluded   55:19
  63:7
prefer   21:11
  46:23
preis   15:10
preliminary
  30:25
preparation   25:4
prepare   63:3
prepared   21:22
  30:18 60:17,18
  61:9
prepetition   53:11
  53:16
present   14:9
  19:14 34:19
presented   40:3
preserve   38:7
preserves   38:16
pressurized   19:9
  19:9,12
pretty   20:12
prety   15:23
prevented   35:17
  62:12

**previously** 38:25
  46:6
**prior** 44:5
**privilege** 20:19
**probably** 22:6
  23:20 26:6,20
  27:13 28:11 51:11
  66:2
**problem** 24:8
**proceed** 18:15
  21:4 24:15 33:11
  62:5
**proceeding** 34:19
  36:23 38:10 41:2
  43:2 45:23,24
  48:16 49:2 53:16
  53:18,23 54:14
  55:1 57:7 58:21
  58:23 59:18 60:4
  60:19 62:5,19
  63:8 64:12,17
**proceedings** 36:1
  37:16 41:6,7,9
  46:9 48:5 54:6
  67:10 68:4
**process** 20:16
  21:9 25:17 26:15
  29:2,4,16,21,21
  30:8 41:1,3 49:17
  49:23 65:20
**production** 18:12
**productive** 20:15
**professional** 3:3,9
  3:22 5:16,22 7:14
  9:4 21:20 22:9
  26:12,20 27:3
**professionals**
  21:18 22:25 23:5
  24:14 25:6 26:17
**progress** 19:5
**prohibits** 47:1
**prompt** 54:20

**proper** 35:25
**properly** 27:13
  54:4 61:2
**propose** 32:10
**proposed** 22:25
  23:24 30:2,2
**proposition** 58:24
  59:8,9
**prosecute** 5:2
  10:21,25 11:7,20
  12:2
**protect** 62:23
**provide** 38:17
  63:14
**provides** 18:9
  30:21 31:1 40:16
  59:11,16
**province** 7:20,25
**provision** 62:20
**ptab** 32:7,14,17
  32:19,20,21,23
  33:1,1,11,13,14
  33:18,22,25 34:3
  34:4,8,10,11,11
  34:13,17,23 35:1
  35:2,4,6,8,12,20
  35:24 36:1,3,5,8
  36:12,13,18,20,24
  37:4,5,16,21 39:2
  39:5,6,10,12 40:4
  40:6,16,18 41:2
  41:15,19,20,21,21
  42:5,10,12,16,21
  42:22,23 43:4,7
  43:10,16,18,18,25
  44:10,11,13,16,21
  44:23 45:7,8,8,13
  45:14,17 46:1,3,5
  46:7,8,13,15,25
  47:3,4,6,7,15,21
  47:22,23 48:2,2,5
  48:5,6,9,13,15,16
  48:22 49:3,8,18

**proposed**
49:19,20,25 50:4
50:7 51:24,24
52:1,7,9,15,15,17
52:24 53:3,19,22
53:24 54:6,13,16
55:1,4,7,11,12,20
55:21 56:7,8,19
57:2,6,9,16 58:9
58:21 60:4,8,10
60:13,16,19,21,24
61:15,17,23 62:2
62:3,5,9,12,17,19
63:1,8,8,11,11
65:5,6,12,25,25
66:10
**ptab's** 40:10 43:1
  45:12,22 52:25
  55:17 57:15 58:8
  60:23 61:1,22
  62:7 63:2 66:4
**purdue** 1:7 6:5,14
  6:22 7:22 10:12
  11:9 18:3 27:5
**purported** 50:5
**purports** 21:7
**purpose** 27:22
  38:6,6 44:5 55:16
  62:7
**purposes** 19:19
  25:21 63:12
**pursue** 53:11
  59:13
**push** 29:18
**put** 18:6 28:22
  49:21
**putting** 53:6

## q

**quarropas** 1:13
**question** 32:23
  36:23 37:1 41:6
  49:20 57:4
**questions** 29:24
  33:12,21 36:25

39:11,15 49:5
  64:21
**quick** 18:24
**quinn** 17:10
**quite** 21:25 28:3
  35:7 42:9
**quo** 38:16
**quote** 35:24 37:21
  37:25 38:7,7,9

## r

**r** 1:21 13:1 18:1
  68:1
**rachael** 16:8
**racking** 19:14
**raised** 28:2 33:19
  37:2 56:14 57:1
**raising** 20:25
**ramp** 27:23,23
**ran** 55:14
**rdd** 1:3
**rdr** 63:24
**reach** 26:20 67:3
**reached** 21:21
**reaching** 33:13
**read** 20:14 51:12
**reading** 56:23
**reads** 19:16 58:8
**ready** 20:11 23:7
  23:13 24:5 53:24
**reality** 47:11
**really** 18:23 31:7
  44:11 47:24
**reason** 27:12 46:9
  54:23
**reasonably** 62:6
**reasons** 53:6
**rebuttal** 40:1
**recognize** 42:15
**recognizing** 26:14
**record** 18:18 27:4
  31:21 68:4
**recording** 18:8

[red - saw]

red 37:25 52:8
reduced 22:15
reduction 23:22
 24:9
reductions 21:19
 21:23 22:10,19,20
 22:25 23:4,8,9
 26:18 28:5
redundant 49:3
refer 44:17
referred 34:4
referring 33:15
reflect 22:10,12
 65:3
reflected 22:20
reflects 21:23
 23:3,8 54:18
regard 22:14
 57:21 65:8
regarding 33:14
 36:19 49:5
regulations 55:7
reimbursement
 2:10,16,23 3:16
 4:6,11,17 5:9,17
 5:23 6:7,23 7:5,15
 7:23 8:6,19 9:5,12
rejoin 67:8
related 5:3,18 6:8
 6:17,25 7:8,17,25
 8:8,14,22 9:7,23
 10:2,7,11,17 11:1
 11:8,8,21 12:3
 30:14 32:10 56:14
 64:9
relevance 43:21
relevant 24:5 55:7
reliance 37:25
relief 11:12,17,24
 32:1,3,5,15,16
 33:23 34:1,20,24
 35:5,19 37:17
 38:22 39:2 45:19

46:20 47:12 52:11
 52:12 53:10,22
 55:11,13 56:5,20
 58:15,22 59:12
 61:25 62:4,15
 66:9
relieve 42:22
 46:18 49:10
relieved 44:23
 45:9,16 55:25
remains 47:22
remarks 19:25
remember 31:13
remove 46:7
render 58:20
rendered 2:10,16
 2:22 3:16 4:6,17
 5:9,17,23 6:6,16
 6:23 7:4,14 8:6,18
 9:4,12
rep 39:21
replay 37:19
reply 11:5,18,25
 35:10,16 38:18
 42:10,13 43:15
 46:21
reporter 18:6
reports 21:18
request 19:2 22:2
 23:9 33:9 34:11
 58:17
requested 39:3
requesting 21:19
requests 32:12
require 41:13,15
 41:25 46:7,14
 49:21,23
required 35:4
 44:21 56:9
requires 45:8
 46:20
research 2:15,19

reset 38:20
resolution 28:13
 36:11 54:12
resolutions 21:21
resolve 30:3,17
resolved 22:4
resolves 51:6
resources 30:24
respect 20:19 32:6
 32:13,16 35:23
 36:1,7,20 39:5,7
 40:2 48:14 50:23
 53:15 54:5,16
 60:7
respectfully 36:16
respond 21:2
response 5:1 10:1
 10:24 11:16,23
 33:19 37:7,8
rest 18:25
result 55:21,23
retention 4:19
review 26:19 34:6
 60:20 63:2 65:15
reviewed 23:18
 30:1,15 57:15
revised 23:1
rich 17:16
right 22:23 23:18
 26:25 28:12,24
 30:10,15 31:10
 42:16 43:1,8 44:4
 44:18 46:10 48:4
 48:23 50:10 51:16
 51:19 53:8 59:13
 65:8,10,24 66:15
ring 66:17 67:4
ringer 16:8
ripe 20:6
risk 29:3,9 35:11
road 29:23 50:2
 68:21

robert 1:22
robertson 13:10
 15:4 31:18,20,21
 31:25 39:19 40:3
 51:22,22
robins 14:1 39:21
 39:22 64:23
role 24:19
ronald 10:3 17:3
 50:16
room 1:13
rooyan 16:22
rory 16:5
rule 48:7 56:13
 57:17,18 61:15,17
 62:3
ruled 50:17
rules 47:2 66:1
ruling 33:9 39:8
 56:4 57:21 61:16
 62:11 65:19
run 47:13
running 56:17
 59:2

s

s 5:3,18 6:9,17 7:1
 7:8,17,25 8:8,14
 8:23 9:8,23 10:2,7
 10:11,18 11:1,8
 11:21 12:3 13:1
 18:1
safe 66:20
safeguards 29:2
safest 57:20
sally 15:13
salutary 19:19
sara 14:16
sarah 15:3
satisfy 36:8
save 62:21
savvy 41:5
saw 19:16

saying  19:20 20:1
  47:3,13 66:1
schedule  21:9,13
scholer  3:10,12
schotz  6:20 7:1
schwartzberg
  17:7
scott  3:20 5:4 11:2
  11:12 12:3 14:6
  14:18 39:20 64:22
seasoned  40:5
second  2:4,7,21
  3:4,9,15,22 4:3,10
  4:16 5:7,14,21 6:3
  7:3,11,20 8:5,11
  8:17 9:1 20:13
  21:25 25:14 28:10
  35:22 42:5 58:25
  61:9 62:10
secondly  61:23
  63:8
secretary  44:3
section  25:13 37:9
  37:9,12,15,25
  38:1,6,6,7,8,12,13
  38:20 39:7 42:18
  53:11 55:2 57:23
  59:4,15 60:2 61:6
  62:1,14 63:9,12
  64:10
sections  33:4
  35:13
see  20:25 26:17
  51:12 59:4,6
  63:21,25
seek  32:15 33:23
  34:20,23 36:24
  37:17 38:22 45:19
  47:12 52:11 53:3
  55:13 62:4
seeking  32:7 34:1
  35:4 52:12

seen  29:5 43:19
sees  28:6
semantical  44:25
send  23:2,7,13
  24:20 39:11
sending  26:11
senior  26:11
sense  23:20 65:25
sent  21:18 22:24
  39:10
september  20:20
serious  61:18
served  36:11
  55:16 67:1
serves  44:5
services  2:9,16,22
  3:16 4:6,17 5:8,17
  5:23 6:6,15,23 7:4
  7:14 8:6,18 9:4,12
set  19:3 21:16,21
  25:23,24 33:25
  41:16,20,22,24,25
  49:8 50:7 51:9,24
  52:2 54:21 55:20
  56:2,7 59:4 60:13
  62:14 63:21
sets  40:18
setting  19:23
settlement  29:8
settlements  29:7
shamus  64:2
shea  16:12
sheila  14:15
shepherd  28:14
shirley  17:13
shmuel  5:18 14:14
shouldn't  28:1
should've  50:15
  51:15
showing  29:10
  30:25
shown  34:7

shuster  4:1 16:14
side  20:23 26:12
  50:11
sides  20:24
signing  51:5
similar  23:12
simple  35:7 48:1
simplest  48:13
simply  34:2,24
  35:20 46:2
single  27:6
sir  30:5
situation  19:9
situations  19:12
six  27:5 34:6,14
  55:6
skadden  5:7
skalet  17:15
skapof  15:5
skorostensky
  14:19
slate  5:8
slip  39:24
software  28:2
sole  46:9
solution  31:7
solutions  18:9,9
  67:9 68:20
somewhat  20:3
sonnax  36:8 54:8
  54:9
sonya  12:25 68:3
  68:8
sorry  50:20
sort  19:19,21
  27:25 37:22 42:13
  65:1
sorts  26:5 27:13
sought  35:19
southern  1:2
  13:19
spalding  3:15,20

speak  18:5 22:20
  47:23
speaking  19:18
  53:7 67:2
special  3:17 4:18
  5:9,15,22 6:13
  54:10
specialists  27:21
specific  22:9 59:3
  61:24 62:3
specifically  55:2
spent  25:2,7
spoke  51:15,15
sr  10:3
stader  16:10
standing  24:19
stands  24:5 28:24
state  10:5,8 23:21
  38:8 46:22 59:10
  60:11
stated  18:15 44:20
statement  5:14
  9:22 10:6,10,15
  10:15 30:16 42:13
states  1:1,12 9:22
  9:25
status  38:7,16
  54:13
statute  34:4 37:23
  40:15,16 42:11
  43:3,24 44:4 55:2
  55:7 56:8,10,18
  57:10,17 58:13
  60:13,21 61:19
  63:15 64:17,18
statutes  45:22
  46:2 59:3
statutory  34:12
  37:13 38:9,9,13
  38:21 42:20,25
  43:23 44:2 52:18
  55:10 56:7 59:12

**stay** 5:2 10:21,25
11:6,12,18,19,25
12:1 32:2,3,6,13
32:15,16,22 33:24
34:2,9,10,14,21
34:24 35:5,8,16
35:19,21,22,25
36:7,15,20 37:2,6
37:8,11,14,17
38:15,18,23 39:5
39:13 40:20,22,23
40:24 41:1,8,12
41:12,14 42:15
44:9 45:2,3,9,15
45:16,19 46:8,14
46:18,21,23 47:1
47:12 48:11 49:10
49:13 50:4,6 52:1
52:5,11 53:1,5,10
53:14,22 54:1,3
54:15,19,25 55:11
55:13,16,22 56:5
56:13,16,19,21
57:6 58:2,5,6,9,16
58:21 59:1,9,12
60:1,12,14 61:8
61:25 62:4,11,15
63:6 66:2,5
**stayed** 35:3 37:4
48:4,12,13 49:18
52:12
**staying** 34:11
**steinfeld** 14:11
**steinway** 13:14
**step** 29:1 30:10
35:3
**steps** 40:10
**steven** 17:15
**stipulated** 50:21
**stipulation** 21:7,9
30:2,3,13,17,18
30:19,21 31:1,4
51:12

**stipulations** 20:17
**stoik** 14:24
**stop** 41:1 45:2
53:7
**stopped** 41:3 45:1
**straightforward**
37:23
**strauss** 6:4,9
**street** 1:13 13:14
**strongly** 43:14
46:12
**studies** 29:10
**sub** 19:10
**subject** 34:9 37:11
37:13 47:22 61:13
**submit** 33:9
**submitted** 30:4,6
**subsequent** 37:19
**substance** 36:15
**substantive** 43:1
61:21
**substitute** 19:25
**successfully** 23:6
**sufficient** 31:2
**suggest** 42:18
**suggested** 26:16
32:22 51:24
**suggests** 35:18
40:11
**suite** 13:14 68:22
**summarize** 33:17
**summary** 5:14
**superfluous** 38:14
41:10 45:16
**support** 9:22 10:6
10:10,16 11:5,18
11:25 28:24 36:18
38:3,11 46:4,4
**supported** 30:9
**supporting** 10:2
**supposedly** 29:11
**sure** 22:5 25:19
25:25 26:3,12

27:1 49:25 64:25
65:10
**suspend** 38:19
59:2,10 66:10
**suspended** 44:25
47:3 48:19 56:16
**suspends** 38:16
60:12
**suspension** 59:23
**system** 46:22
**systems** 63:24
**sywilok** 63:21

**t**

**t** 68:1,1
**take** 22:21 35:4
36:23 40:10,18
41:17
**taken** 18:9 64:11
**talk** 27:2,8 29:22
40:13 44:17
**talking** 40:15
46:15
**tape** 28:6
**tax** 4:4
**taylor** 15:18
**telephonic** 18:4
**telephonically**
14:9
**tell** 25:13 27:9
43:4
**temporal** 44:18
44:24
**temporary** 34:10
**ten** 25:24 27:5
**term** 60:3
**terminate** 42:19
48:15 52:15
**terminated** 32:19
32:24 33:2,18,22
35:7 36:24 42:5
45:25 49:2,3
55:19

**terminates** 43:7
45:23
**termination** 59:25
**terms** 30:18 39:24
41:4 59:16 63:18
**terribly** 31:16
**terrific** 18:21
**text** 35:7 37:23
**textually** 43:3
**thank** 18:17 21:14
28:8 31:5,9,20,20
31:25 39:19,19
51:18 64:23 65:17
66:14,18 67:8
**thanks** 18:20
31:24 39:18 67:4
**that's** 20:21 21:12
22:23 23:23 24:21
25:11 30:5,6
39:17 40:16 44:2
47:3,4,15,24,25
48:8 50:18 51:8
52:8 63:13 65:12
66:5,11
**theisen** 17:6
**theory** 35:6
**there's** 18:8 20:5
21:1 30:16 31:1
42:17 45:22 46:3
46:4,19 48:1,9,14
48:16 49:2 52:6
62:3
**they're** 21:24 22:9
23:13 27:22 41:8
44:12 47:12,12
**they've** 20:22
**thing** 21:6 22:23
26:1 28:12 48:13
52:22
**things** 19:24 20:3
20:7,8 22:21
24:25 26:3,6,6,7,9
27:14 28:3,5 40:3

41:25
think 18:6 19:1,18
20:10,15 21:1,4
22:4 23:19 24:8
25:12,17 26:1
28:11,24 29:15,16
29:23 30:5,10
31:1,17 40:5 45:6
45:12,23 47:5,15
47:16,22 48:10
49:15 51:23 52:1
52:6,8,9,14,19
53:2 65:24 66:12
66:15
thinking 24:4
thinks 24:16
third 31:12 36:12
thoas 15:1
thought 19:23
thousand 47:19
three 24:18,23
time 18:5 20:18
21:22 22:4 23:10
25:3,5,7,9,23,24
26:7 31:2 33:21
34:18 35:1 36:21
39:14 45:4 55:3
56:9 57:17 58:11
58:12 59:11 61:17
62:13 66:10
timekeepers
25:22 27:18 28:4
timeline 54:21
times 47:19
timing 51:13
65:24
timothy 17:8
tobacco 29:7
today 21:24 51:11
53:6 56:24 66:13
today's 18:14,22
32:1 66:16

toes 57:9
token 50:4
told 37:7 64:10
toll 49:14 59:2,10
61:7 63:6
tolled 56:17 65:5
tolling 60:9
tolls 60:12
tomorrow 51:12
tools 19:11
topic 20:11
total 37:10 38:21
38:22
totals 38:8
touch 66:12
transcribed 12:25
transcript 18:11
63:14 68:4
transitory 26:7
27:18 28:4
tread 57:9
trial 25:21 32:7
53:19 54:22 56:2
56:3 64:15
tribunal 54:10
60:16
trickledown 29:8
tries 40:4
troop 9:24 17:11
true 38:15 47:15
68:4
trust 26:5
try 29:4 48:18
trying 29:1,18
tsier 14:20
turn 28:12,15
31:18 35:9
two 18:23 24:17
32:1,10 34:13
48:1 53:9 57:8,12
66:25
type 26:1

types 28:1

**u**

u.s. 1:23 59:5
ultimate 61:4
unable 33:4
uncivil 47:16
unclear 52:4
uncontested
24:22
underlying 58:24
62:24
understand 22:6
25:19 65:2
understanding
21:19 30:12 35:21
38:3
understood 24:12
undisputed 55:12
unfair 42:20
united 1:1,12
unknown 1:25
unnaturally 38:3
unnecessary 36:6
47:25 58:21
unplanned 19:22
unsecured 4:5 6:5
6:14,21 7:6,13,21
unwarranted
55:22
unwilling 33:5
unworkable
21:13
update 19:17,20
usc 40:15,18 42:3
42:18 45:23 47:20
55:2 59:4
useless 58:22
uzzi 15:24

**v**

v 59:4,6 63:22
vacation 27:23
validity 48:7

value 67:3
van 16:22
vasser 5:19 14:14
vassilowitch
63:23
vast 58:25
ventures 64:7
veritext 68:20
view 19:24 34:8
54:7 55:1 58:25
61:21
viewed 61:2
views 19:21 20:3
23:19 33:11,12
39:7
viola 16:9
violation 45:15
50:3,6 52:21 58:6
voice 18:7 67:6
void 50:4,6 58:7
66:7
voluntary 22:10
volunteered 22:19
vonnegut 11:9

**w**

w 3:25
wait 51:1
waiting 48:5
want 18:10 21:7
30:7 40:17 42:4
45:11 46:13,17
47:16 48:17 64:24
65:10,22,23
wanted 45:19,20
wants 18:15 27:8
wardwell 2:22 3:1
13:3 18:18 31:22
warranted 34:20
39:6
wash 25:1 59:7
wasn't 66:1
wasteful 55:22

| | |
|---|---|
| **way**   24:6,8,15 | **wrong**   66:6 |
|    30:19 41:19 59:4 | **x** |
| **ways**   61:18 | **x**   1:4,10 |
| **week**   25:25 27:6 | **y** |
| **weeks**   22:24 | **yeah**   23:24 24:12 |
| **we'll**   24:1,1,9,11 |    26:22 65:18 |
|    24:15 40:13,13 | **year**   34:5 |
|    41:22 45:13 66:2 | **york**   1:2 13:6 |
| **we're**   18:3 23:7 | **young**   4:10,14 |
|    23:13 24:7,19 | **you'd**   24:16 40:9 |
|    29:21 40:15 42:2 | **you'll**   51:8 |
|    46:15 52:17 53:6 | **you're**   30:11 |
| **we've**   30:6 43:19 |    47:13,14 49:20 |
| **what's**   27:8 | **z** |
| **white**   1:14 | **zwally**   17:9 |
| **william**   64:6 | |
| **williford**   14:25 | |
| **wilmer**   3:23 | |
| **window**   59:12 | |
| **wish**   56:25 | |
| **wonderful**   31:17 | |
| **wondering**   66:8 | |
| **won't**   21:10,24 | |
| **woodhouse**   15:13 | |
| **word**   38:1,4,4 | |
|    65:13 | |
| **words**   32:21 | |
| **work**   20:22 21:17 | |
|    26:13 | |
| **worked**   22:2 23:1 | |
| **working**   19:8 30:7 | |
|    66:24 | |
| **wouldn't**   25:12 | |
|    30:23 31:16 | |
| **would've**   23:23 | |
|    43:16 66:7 | |
| **wrapped**   52:23 | |
| **write**   27:19,24 | |
| **writing**   21:11 | |
|    46:1 | |
| **written**   33:25 | |
|    34:5,13 37:5 | |
|    42:11 44:10 | |