DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut
Christopher S. Robertson

*Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (RDD)** |
| Debtors.[1] | **(Jointly Administered)** |

***EX PARTE* MOTION OF THE DEBTORS FOR
ENTRY OF AN ORDER SHORTENING NOTICE WITH RESPECT TO
MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER (I) APPROVING SALE OF
DEBTORS' COVENTRY FACILITY AND RELATED ASSETS FREE AND CLEAR OF
LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES, (II) APPROVING DEBTORS'
ENTRY INTO A LONG-TERM API SUPPLY AGREEMENT, (III) AUTHORIZING
ASSUMPTION AND ASSIGNMENT OR ASSIGNMENT, AS APPLICABLE, OF
EXECUTORY CONTRACTS AND UNEXPIRED LEASES
<u>AND (IV) GRANTING RELATED RELIEF</u>**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

Purdue Pharma L.P. ("**PPLP**") and its affiliates that are debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 proceedings (the "**Chapter 11 Cases**") submit this *ex parte* motion (the "**Motion to Shorten**") for entry of an order, substantially in the form attached hereto as **Exhibit A**, shortening the notice period with respect to the *Motion of the Debtors for Entry of an Order (I) Approving Sale of Debtors' Coventry Facility and Related Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (II) Approving Debtors' Entry into a Long-Term API Supply Agreement, (III) Authorizing Assumption and Assignment or Assignment, as Applicable, of Executory Contracts and Unexpired Leases and (IV) Granting Related Relief* (the "**Sale Motion**"), filed contemporaneously herewith.[2] In support of this Motion to Shorten, the Debtors respectfully state as follows:

### Relief Requested

1. By this Motion to Shorten, the Debtors seek entry of an order shortening the notice period with respect to the Sale Motion, scheduling a hearing on the Sale Motion on **September 30, 2020, at 10:00 a.m. (prevailing Eastern Time)**, and scheduling an objection deadline of **September 25, 2020, at 4:00 p.m. (prevailing Eastern Time)**.

### Jurisdiction and Venue

2. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Debtors consent to entry of a final order by the Court in connection with this Motion to the extent that it

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Sale Motion.

2

is later determined that the Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.

3. The statutory bases for the relief requested herein are section 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Bankruptcy Rules 2002(a), 9006(c), and 9007, and Rule 9006-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**").

4. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

5. On September 15, 2019 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On September 26, 2019, the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed the official committee of unsecured creditors (the "**Committee**") pursuant to section 1102 of the Bankruptcy Code [ECF 131]. No trustee or examiner has been appointed in these Chapter 11 Cases.

6. These Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and the *Order Directing Joint Administration of Chapter 11 Cases* [ECF 59] entered by the Court in each of the Chapter 11 Cases.

7. Additional information about the Debtors' businesses and the events leading up to the Petition Date can be found in the *Debtors' Informational Brief* filed on September 16, 2019 [ECF 17].

3

**Basis for Relief Requested**

8. Requests for relief under section 363 of the Bankruptcy Code are generally subject to Bankruptcy Rule 2002(a)(2), which provides that parties in interest must be provided with at least 21 days' notice by mail of "a proposed use, sale, or lease of property of the estate other than in the ordinary course of business, unless the court for cause shown shortens the time or directs another method of giving notice[.]" Although Bankruptcy Rule 2002(a)(2) provides 21 days' notice as the time fixed for service of motion papers, Bankruptcy Rule 9006(c) and Local Rule 9006-1(b) provide that the Court, for cause shown, may in its discretion (with or without motion or notice) reduce such a period. In addition, pursuant to Bankruptcy Rule 9007, the Court has authority to regulate the time within which, the entities to whom, and the form and matter in which notice is provided. Moreover, pursuant to paragraph 17 of the *Second Amended Order Establishing Certain Notice, Case Management, and Administrative Procedures* entered on November 18, 2019 [ECF 498] (the "**Case Management Order**"), a party's right to seek an amendment or waiver of the provisions of the Case Management Order upon showing of good cause including, without limitation, the right to file a motion seeking ex parte relief or relief upon shortened notice, was expressly preserved. The Court thus has the authority to determine appropriate notice for conducting a hearing on the matters presented by the Sale Motion.

**Cause Exists to Shorten Notice with Respect to the Sale Motion**

9. As described in more detail in the Sale Motion, the consummation of the Transaction, including the sale of the Coventry Facility to the Purchaser pursuant to the APA and entry into the Supply Agreement, will provide a material benefit to the Debtors and will maximize the value of the Debtors' estates. The Debtors and their advisors have been working diligently with the Purchaser and its advisors to negotiate the terms of the APA, Supply

4

Agreement and associated transaction documents since the conclusion of the Debtors' thorough marketing process. While the Debtors and Purchaser had prepared a near-final draft of the APA and form of Supply Agreement by the September 9, 2020 deadline to file the Sale Motion to be heard on standard notice at the September 30, 2020 omnibus hearing (the "**Standard Notice Deadline**"), certain terms remained under discussion and certain supporting documents were not finalized. The Debtors and Purchaser did not complete the process of finalizing the APA and addressing the other related issues until September 14, 2020.

10. The Debtors believe that obtaining approval of the APA and thereby securing the Purchaser's agreement to consummate the Transaction is in the best interest of the Debtors and their estates. In addition, the Purchaser negotiated for a termination right under the APA in the event that the Sale Order is not entered by October 5, 2020. The Debtors submit that no party would benefit from putting the Transaction—and the material opportunity to protect and increase the value of the Debtors' estates that it represents—at risk by such a delay.

11. Moreover, the Debtors do not believe that any party would be prejudiced by shortening the notice period with respect the Sale Motion. The advisors to the Committee, Ad Hoc Committee of Governmental and Other Contingent Litigation Claimants as set forth in the verified statement pursuant to Federal Rules of Bankruptcy Procedure 2019 [ECF 279], as may be amended from time to time (the "**Consenting Ad Hoc Committee**"), and the Ad Hoc Group of Non-Consenting States as set forth in the verified statement pursuant to Federal Rule of Bankruptcy Procedure 2019 [ECF 296], as may be amended from time to time (the "**Ad Hoc Group of Non-Consenting States**"), have received periodic updates regarding the potential Transaction and received near-final drafts of the APA and Supply Agreement before the Standard Notice Deadline. Those parties will be well-positioned to address the Sale Motion on a

shortened timeline. In addition, the Debtors will continue to engage with various constituencies regarding the Sale Motion leading up to the September 30, 2020 hearing.

12. To the extent that any parties in interest intend to object to the requested relief, the Debtors propose that the objection deadline be **September 25, 2020, at 4:00 p.m. (prevailing Eastern Time)**, which is consistent with the provisions of the Case Management Order with respect to motions filed at least 14 days, but less than 21 days, before the applicable hearing date.

13. The Debtors therefore submit that cause exists to shorten the notice period with respect to the Sale Motion to allow that motion to be heard at a hearing scheduled for **September 30, 2020, at 10:00 a.m. (prevailing Eastern Time)**.

## Notice

14. Notice of this Motion will be provided to (a) the entities on the Master Service List (as defined in the *Second Amended Order Establishing Certain Notice, Case Management, and Administrative Procedures* entered on November 18, 2019 [Docket No. 498] and available on the Debtors' case website at https://restructuring.primeclerk.com/purduepharma); (b) all counterparties to each Eligible Contract that may or will be an Assigned Contract; (c) the Internal Revenue Service; (d) the Department of Justice; (e) the Food and Drug Administration; (f) the Department of Health and Human Services; (g) any other local, state and federal agencies that have issued licenses or permits to the Seller with respect to the operation and use of the Purchased Assets; (h) all entities known to have expressed an interest to the Debtors in a transaction involving any material portion of the Purchased Assets during the past six (6) months; and (i) any person or entity with a particularized interest in the subject matter of this Motion (collectively, the "**Notice Parties**").

## No Prior Request

15.   The Debtors have not previously sought the relief requested herein from this Court or any other court.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully request that the Court enter the proposed form of order, substantially in the form attached hereto, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: September 14, 2020
       New York, New York

    DAVIS POLK & WARDWELL LLP

    By: */s/ Eli J. Vonnegut*

    450 Lexington Avenue
    New York, New York 10017
    Telephone: (212) 450-4000
    Facsimile: (212) 701-5800
    Marshall S. Huebner
    Benjamin S. Kaminetzky
    Timothy Graulich
    Eli J. Vonnegut
    Christopher S. Robertson

    *Counsel to the Debtors*
    *and Debtors in Possession*