AKIN GUMP STRAUSS HAUER & FELD LLP
Ira S. Dizengoff
Arik Preis
Mitchell Hurley
Sara L. Brauner
One Bryant Park
New York, New York 10036
Telephone:  (212) 872-1000
Facsimile:  (212) 872-1002

*Counsel to the Official Committee of Unsecured
Creditors of Purdue Pharma L.P.,* et al.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PURDUE PHARMA L.P., *et al.*, | ) | Case No. 19-23649 (RDD) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |

**RESPONSE OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO
MOVANT INDEPENDENT EMERGENCY ROOM PHYSICIAN'S MOTION FOR
CLASS TREATMENT PURSUANT TO FED. BANKR. P. 9014 AND 7023 FOR
AN ORDER MAKING FED. R. CIV. P. 23 APPLICABLE TO THESE
PROCEEDINGS, AND GRANTING RELATED RELIEF**

The Official Committee of Unsecured Creditors (the "Official Committee") of Purdue

Pharma L.P., *et al.* (collectively, the "Debtors"), by and through its undersigned counsel, hereby

submits this response (the "Response") to the *Movant Independent Emergency Room Physician's*

(the "Movant") *Motion for Class Treatment Pursuant to Fed. Bankr. P. 9014 and 7023 for an Order*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014).

*Making Fed. R. Civ. P. 23 Applicable to These Proceedings, and Granting Related Relief* (the "Motion") [ECF No. 1629].  In support of this Response, the Official Committee respectfully states as follows.

## RESPONSE

1.        As demonstrated by its actions throughout these cases, the Official Committee is committed to ensuring that all creditors that have been adversely impacted by the Debtors' conduct have—to the extent consistent with the Bankruptcy Code—a fair opportunity to participate in these proceedings.[2]  The Official Committee also takes seriously its fiduciary obligation to maximize the value of the Debtors' estates for the benefit of ***all*** legitimate creditors through a transparent and orderly process.  Against the backdrop of these sometimes competing aims, the Motion presented the Official Committee with a difficult question.[3]  On the one hand, the Official Committee is sympathetic to the Movant and similarly situated parties and, in a perfect world, would have preferred to have seen such claims addressed in the Mediation (as defined below).[4]  On the other hand, the Official Committee must balance this desire to ensure all creditors' voices are heard against the need to safeguard an orderly process to maximize creditor recoveries, including by preserving the integrity of the Bar Date and the Mediation.  Taking all of these considerations into

---

[2] *See, e.g.*, *The Official Committee of Unsecured Creditors' Response to and Request for Adjournment of Class Claim Motions Until Conclusion of Mediation* [ECF No. 1425] (the "UCC Response to Prior Class Claim Motions"); *Stipulation and Agreed Order Resolving Motion of The Board of Education of Thornton Township High Schools, Illinois District No. 205, the Board of Education of Thornton Fractional Township High Schools, Illinois District No. 215, and the Board of Education of East Aurora, Illinois School District No. 131's to Submit Claims to Mediation* [ECF No. 1073]; *Second Amended Verified Statement of the Official Committee of Unsecured Creditors of Purdue Pharma L.P.,* et al, *Pursuant to Bankruptcy Rule 2019 to Disclose Addition of Third* Ex Officio *Member* [ECF No. 1294].

[3] The Motion requests, among other things: (i) entry of an order, pursuant to Rules 9014 and 7023 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the application of Rule 23 of the Federal Rules of Civil Procedure to its proof of claim; (ii) relief from the July 30, 2020 bar date (the "Bar Date") "to whatever extent it is necessary" for class treatment, *id.* ¶ 67; and (iii) inclusion of the Movant in the Mediation, *id.* ¶ 73.

[4] As set forth in the *Mediators' Report* [ECF No. 1716], the Mediation recently resulted in a number of agreements in principle among certain of the Mediation parties.

2

account, and without addressing the underlying merits of the Motion, the Official Committee

believes that the Court should decline to exercise its discretion to consider the Motion under

Bankruptcy Rule 7023.[5]

2.      As this Court is aware, the parties in these cases—including the Debtors, the

Official Committee and other creditor constituencies—have worked tirelessly to establish a

framework to resolve the numerous complex issues raised by the staggering number of claims

(both litigation and otherwise) that have been filed against the Debtors and their shareholders,

while simultaneously enabling the Debtors to emerge from chapter 11 as soon as practicable.  This

framework includes, among other things, (i) one of the largest and most expensive Bar Date

noticing programs in history, (ii) an extensive mediation process involving numerous parties to

resolve allocation issues between public and private creditor groups (the "Mediation")[6] and (iii)

---

[5] Because Bankruptcy Rule 7023 does not apply by default to a contested matter, a court has discretion to determine whether to apply such rule to a proof of claim.  Bankruptcy Rule 9014(c); *see also In re Musicland Holding Corp.*, 362 B.R. 644, 654 (Bankr. S.D.N.Y. 2007).

[6] The parties currently participating in the Mediation are: (i) the Debtors; (ii) the Official Committee; (iii) the Ad Hoc Committee of Governmental and Other Contingent Litigation Claimants, the members of which are identified in a *Verified Statement Pursuant to Bankruptcy Rule 2019* [ECF No. 279]; (iv) the Ad Hoc Committee of NAS Babies, the members of which are identified in the *First Amended Verified Statement of the Ad Hoc Committee of NAS Babies Pursuant to Federal Rule of Bankruptcy Procedure 2019* [ECF No. 1582]; (v) the Ad Hoc Group of Hospitals, the members of which are identified in the *Second Amended Verified Statement of the Ad Hoc Group of Hospitals Pursuant to Bankruptcy Rule 2019* [ECF No. 1536]; (vi) the Ad Hoc Group of Non-Consenting States, the members of which are identified in the *Verified Statement of the Ad Hoc Group of Non-Consenting States Pursuant to Bankruptcy Rule 2019* [ECF No. 296]; (vii) the Multi-State Governmental Entities Group, the members of which are identified in the *Amended Verified Statement of the Multi-State Governmental Entities Group Pursuant to Rule 2019 of the Federal Rules of Bankruptcy Procedure* [ECF No. 1527]; (viii) the Ad Hoc Group of Individual Victims, the members of which are identified in the *Amended Verified Statement of the Ad Hoc Group of Individual Victims of Purdue Pharma L.P., et al., Pursuant to Bankruptcy Rule 2019* [ECF No. 1480]; (ix) the Blue Cross Blue Shield Association and various other third party payors and health insurance carrier plaintiffs; and (x) the lead plaintiffs in 28 putative class actions filed on behalf of individual health insurance purchasers, as identified in the *Second Amended Verified Statement of Stevens & Lee. P.C. Pursuant to Bankruptcy Rule 2019* [ECF No. 1181].  In addition, certain public school districts and the NAACP are participating in the Mediation pursuant to consent orders.  *See Stipulation and Agreed Order Resolving Motion of The Board of Education of Thornton Township High Schools, Illinois District No. 205, the Board of Education of Thornton Fractional Township High Schools, Illinois District No. 215, and the Board of Education of East Aurora, Illinois School District No. 131's to Submit Claims to Mediation* [ECF No. 1073]; *Stipulation and Agreed Order Resolving the Motion of the National Association for the Advancement of Colored People to Intervene in Chapter 11 Case* [ECF No. 1614].  The Federal Government is participating in a more limited capacity.  *See Order Appointing Mediators* [ECF No. 895] ¶¶ 6(a), 8.

an investigation of claims and causes of action against the Debtors' ultimate shareholders in order to assess the proposed settlement framework agreed upon by the Debtors and certain public creditors prepetition.

3.      Parties in interest have been participating diligently in, and relying upon, this process for months and, in turn, it has led to, among other things, (i) the filing of hundreds of thousands of claims, (ii) five motions to approve class proofs of claim that were filed prior to the Bar Date[7] and (iii) a mediation process that has progressed significantly towards resolution.  *See Mediators' Report*.  In order for this process to continue to be successful, however, parties must be assured that outcomes are final and not subject to renegotiation or modification by subsequent unforeseen circumstances.    Indeed, in considering and ultimately adopting the Official Committee's proposal to adjourn consideration of the Prior Class Claim Motions until after the conclusion of Mediation, the Court expressly noted the importance of the finality of the Bar Date not just to the claims resolution process, but to these cases as a whole.  *See* Transcript of July 23, 2020 Hearing 132:18-20 ("A bar date, unlike a statute of limitations, is not just for the benefit of the defendant, but is for the benefit of all of the parties in a case."); *id.* at 127:5-9 ("The only other factor that I believe would be unduly unfair, is if other parties jumped in now, after today's hearing, and frankly, although this does not need to be in the order, I would view that as being too late.").

---

[7] *See* (i) the *Motion by Public School Districts for an Order Allowing them to Proceed with a Class Proof of Claim and Certifying a Class* [ECF No. 1211]; (ii) the *Motion of the Private Insurance Class Claimants for Leave to File Class Proofs of Claim* [ECF No. 1321]; (iii) the *Hospital Claimants' Motion Pursuant to Fed. Bankr. P. 9014 and 7023 for an Order Making Fed. R. Civ. P. 23 Applicable to These Proceedings and Permitting Them to File a Class Proof of Claim* [ECF No. 1330]; (iv) the *NAS Guardians on Behalf of the NAS Children's Abatement Class Action Claimants Motion for Entry of an Order Pursuant to Fed. R. Bankr. P. 9014 and 7023 Permitting them to File a Class Proof of Claim and Granting Related Relief* [ECF No. 1362]; (v) the *Motion by Cheyenne & Arapaho Tribes and Certain Other Indian Tribes Claimants Pursuant to Fed. R. Bankr. P. 9014 and 7023 to Permit the Filing of a Class Proof of Claim* [ECF No. 1363]; and (v) the *Motion to Permit the Filing of a Class Proof of Claim* filed by Tiffany Dunford as Next Friend of T.N. Dunford [ECF No. 1408] (collectively, the "Prior Class Claim Motions").

4.      In an effort to balance the foregoing concerns and obtain feedback from its constituents, counsel to the Official Committee engaged in discussions with the advisors to the Debtors, various creditor groups and the Movant regarding the Motion.  In light of these discussions and overarching case objectives, the Official Committee has determined that, absent agreement by *all* Mediation parties that the claims underlying the Motion can (and should) be resolved in connection with the Mediation and that the Movant should receive the benefit of the adjournment ordered by the Court during the July 23 hearing, it would be inappropriate and prejudicial to other parties in interest to permit the Motion to move forward.

5.      Furthermore, the Motion was filed on August 26, 2020, nearly a month after the Bar Date, which had already been extended, and just three days prior to the originally scheduled termination of the Mediation.  As such, litigating the Motion on the merits now could require the Court to make precisely the determinations the Official Committee cautioned against with respect to the Prior Class Claim Motions—namely, determinations that would not only impact the Movant, but also potentially impact parties' views of the strengths and weaknesses of other claimants and the upset the delicate compromises achieved in the Mediation.  *See UCC Response to Prior Class Claim Motions* ¶¶ 14-15.

6.      Thus, after taking into consideration (i) the views of its constituents, (ii) the timing of the Motion, (iii) the current stage of the chapter 11 cases, (iv) the Court's comments at the July 23 hearing and (v) the need to provide assurance that the resolutions achieved in these complex cases will not be subject to future modification, the Official Committee submits the Court should decline to exercise its discretion to apply Bankruptcy Rule 7023 to the Motion.

## CONCLUSION

For the avoidance of doubt, the Official Committee takes no position on the merits of the Motion, the Movant's claims or any possible objection thereto, but rather submits that that the Court should decline to exercise its discretion to apply Bankruptcy Rule 7023 to the Motion for the reasons set forth above.

Dated: New York, New York          AKIN GUMP STRAUSS HAUER & FELD LLP
          September 23, 2020

                    By:  /s/ *Arik Preis*
                         Ira S. Dizengoff
                         Arik Preis
                         Mitchell Hurley
                         Sara L. Brauner
                         One Bryant Park
                         New York, New York 10036
                         Tel: (212) 872-1000
                         Fax: (212) 872-1002
                         idizengoff@akingump.com
                         apreis@akingump.com
                         mhurley@akingump.com
                         sbrauner@akingump.com

                         *Counsel to the Official Committee of Unsecured*
                         *Creditors of Purdue Pharma L.P.,* et al.