UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>PURDUE PHARMA L.P., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 19-23649 (RDD)<br><br>Jointly Administered |

### SECOND SUPPLEMENTAL DECLARATION OF TIMOTHY COLEMAN IN CONNECTION WITH THE EMPLOYMENT AND RETENTION OF PJT PARTNERS LP AS INVESTMENT BANKER TO THE DEBTORS AND DEBTORS IN POSSESSION

I, Timothy Coleman, hereby declare:

1. I am a Partner in and the Global Chairman of the Restructuring and Special Situations Group at PJT Partners LP ("**PJT**"). PJT has been engaged as the investment banker to the above-captioned debtors and debtors in possession (collectively, the "**Debtors**").

2. On November 5, 2019, the Debtors filed the *Debtors' Application to Employ PJT Partners LP as Investment Bankers* Nunc Pro Tunc *to the Petition Date* [Docket No. 430] (the "**Application**").[2]

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

3. In connection with the Application, I submitted my initial declaration (the "**Initial Declaration**") describing PJT's connections to the Debtors and other potential parties in interest (the "**PII**"). The Initial Declaration was appended to the Application as Exhibit B.

4. On December 5, 2019, I submitted my *Supplemental Declaration of Timothy Coleman in Support of the Debtors' Application to Employ PJT Partners LP as Investment Banker* Nunc Pro Tunc *to the Petition Date* [Docket No. 590]. On December 17, 2019, I submitted my *Amended Supplemental Declaration of Timothy Coleman in Support of the Debtors' Application to Employ PJT Partners LP as Investment Banker* Nunc Pro Tunc *to the Petition Date* [Docket No. 657].

5. On January 9, 2020, this Court entered the *Order Approving the Debtors' Employment of PJT Partners LP as Investment Bankers* Nunc Pro Tunc *to the Petition Date* [Docket No. 728].

6. I hereby submit this supplemental declaration to describe the below additional connections of PJT to the PII:

   a. PJT has been engaged to provide advisory services to an affiliate of Comdata Inc., one of the PII, in a confidential matter. This engagement is wholly unrelated to the Debtors and these chapter 11 cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by such engagement.

   b. PJT has been engaged to provide financial advisory services to a group of creditors of a company in a confidential matter. The member of such group include Goldman Sachs, one of the PII. This engagement is wholly unrelated to the Debtors and these chapter 11 cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by this engagement.

   c. An affiliate of PJT has been engaged to provide financial advisory services to an affiliate of Jefferies Group LLC, one of the PII, in a confidential matter. This engagement is wholly unrelated to the Debtors and these chapter 11 cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by such engagement.

   d. PJT has been engaged to provide financial advisory services to JP Morgan Chase Bank, one of the PII, in the chapter 11 case of The Boy Scouts of

America. This engagement is wholly unrelated to the Debtors and these chapter 11 cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by this engagement.

e. PJT has been engaged to provide financial advisory services to a group of lenders to a company in a confidential matter. The members of such group include JP Morgan Chase Bank, one of the PII. This engagement is wholly unrelated to the Debtors and these chapter 11 cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by this engagement.

f. PJT has been engaged to provide financial advisory services to a group of creditors of Frontier Communications Corporation in connection with its chapter 11 case. The members of such group include an affiliate of JP Morgan Chase Bank, one of the PII. This engagement is wholly unrelated to the Debtors and these chapter 11 cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by this engagement.

g. An affiliate of PJT has been engaged to provide financial advisory services to a group of creditors of a company in a confidential matter. The member of such group include JP Morgan Chase Bank, one of the PII. This engagement is wholly unrelated to the Debtors and these chapter 11 cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by this engagement.

h. PJT has been engaged to provide financial advisory services to JP Morgan Chase Bank, one of the PII, as administrative agent to certain lenders under a credit agreement with a company in a confidential matter. Such lenders include JP Morgan Chase Bank and Wells Fargo Bank, each of which is a PII. This engagement is wholly unrelated to the Debtors and these chapter 11 cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by this engagement.

i. PJT has been engaged to provide financial advisory services to Revlon, Inc., an affiliate of Revlon Pakistan Private Limited, one of the PII, in connection with its transformation plan. This engagement is wholly unrelated to the Debtors and these chapter 11 cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by such engagement.

j. An affiliate of PJT has been engaged to provide financial advisory services to Sprint, one of the PII, in a confidential matter. This engagement is wholly unrelated to the Debtors and these chapter 11 cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by such engagement.

k.     PJT has been engaged to provide financial advisory services to T-Mobile, an affiliate of Sprint, one of the PII, in connection with Softbank's monetization of its stockholding in T-Mobile. This engagement is wholly unrelated to the Debtors and these chapter 11 cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by such engagement.

l.     PJT has been engaged to provide advisory services to an affiliate of US Specialty Insurance, one of the PII, in a confidential matter. This engagement is wholly unrelated to the Debtors and these chapter 11 cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by such engagement.

*[Remainder of Page Intentionally Left Blank]*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge, and belief.

Dated: September 23, 2020
New York, New York

/s/ *Timothy Coleman*
Timothy Coleman
Partner
PJT Partners LP

5