| | |
|---|---|
| KRAMER LEVIN NAFTALIS<br>& FRANKEL LLP<br>Kenneth H. Eckstein<br>David E. Blabey Jr.<br>Rachael Ringer<br>1177 Avenue of the Americas<br>New York, NY 10036<br>Telephone: (212) 715-9100 | GILBERT LLP<br>Scott D. Gilbert (admitted *pro hac vice*)<br>Craig Litherland (admitted *pro hac vice*)<br>Kami E. Quinn (admitted *pro hac vice*)<br>100 New York Ave, NW, Suite 700<br>Washington, D.C. 20005<br>Telephone: (202) 772-2200 |
| BROWN RUDNICK LLP<br>David J. Molton<br>Steven D. Pohl<br>7 Times Square<br>New York, NY 10036<br>Telephone: (212) 209-4800 | OTTERBOURG P.C.<br>Melanie L. Cyganowski<br>Jennifer S. Feeney<br>230 Park Avenue<br>New York, NY 10169<br>Telephone: (212) 661-9100 |
| *Attorneys for the Ad Hoc Committee* | |
| PILLSBURY WINTHROP SHAW<br>PITTMAN LLP<br>Andrew M. Troop<br>31 West 52nd Street<br>New York, New York 10019<br>212-858-1000 | CAPLIN & DRYSDALE, CHARTERED<br>Kevin C. Maclay (admitted *pro hac vice*)<br>Todd E. Phillips<br>Ann Weber Langley (admitted *pro hac vice*)<br>George M. O'Connor (admitted *pro hac vice*)<br>One Thomas Circle, NW, Suite 1100<br>Washington, DC 20005 |
| *Attorneys for the Ad Hoc Group of*<br>*Non-Consenting States* | *Attorneys for the Multi-State Governmental*<br>*Entities Group* |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------X
: 
In re: : Chapter 11
: 
PURDUE PHARMA L.P., *et al.*, : Case No. 19-23649 (RDD)
: 
Debtors. : (Jointly Administered)
: 
------------------------------------------------------------X

**PUBLIC CLAIMANTS' JOINT OBJECTION TO INDEPENDENT**
**EMERGENCY ROOM PHYSICIANS' MOTION TO PERMIT**
<u>**THE FILING OF A CLASS PROOF OF CLAIM**</u>

# TABLE OF CONTENTS

**Page**

**PRELIMINARY STATEMENT** ...................................................................................................1

**BACKGROUND OF THE ER PHYSICIANS MOTION**...................................................................2

**OBJECTION**.............................................................................................................................3

I.  THE COURT SHOULD NOT EXERCISE DISCRETION TO APPLY RULE 7023.................................................................................................................................4

    A.  The Class Was Not Certified Pre-Petition ................................................4

    B.  The Claimants Received Actual or Constructive Notice of the Bar Date................5

    C.  Class Certification Will Adversely Impact the Administration of the Estate..........7

    D.  Grant of the ER Physicians Motion Will Prejudice ER Physicians with Timely Filed Claims ...............10

II.  THE PROPOSED CLASS FAILS TO SATISFY FRCP 23 ............................................11

    A.  The Proposed Class is Not Sufficiently Defined .....................................11

    B.  The Proposed Class Does Not Satisfy Rule 23(a) ...................................12

    C.  The Proposed Class Does Not Satisfy Rule 23(b) ...................................12

III.  THE ER PHYSICIANS CANNOT BE INCLUDED IN FUTURE MEDIATION ..........13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Bally Total Fitness of Greater N.Y., Inc.*,
    402 B.R. 616 (Bankr. S.D.N.Y. 2009) ............................................................................... 3

*Carrera v. Bally Total Fitness (In re Bally Total Fitness of Greater N.Y., Inc.)*,
    411 B.R. 142 (S.D.N.Y. 2009) ......................................................................................... 4

*In re Ephedra Prods. Liability Litig.*,
    329 B.R. 1 (S.D.N.Y. 2005) ............................................................................................. 6

*Glatt v. Fox Searchlight Pictures, Inc.*,
    811 F.3d 528 (2d Cir. 2016) ........................................................................................... 11

*In re Musicland Holding Corp.*,
    362 B.R. 644 (Bankr. S.D.N.Y. 2007) .......................................................................... 3-4

*In re Spring Ford Indus.*,
    No. 02-15015 DWS, 2003 WL 21785960 (Bankr. E.D. Pa. July 25, 2003) ................... 7

*In re Verity Health*,
    No. 2:18-bk-20151-ER, 2019 WL 2461688 (Bankr. C.D. Cal. June 11, 2019) ........... 12

**Rules**

Fed R. Civ. P. 23 ................................................................................................................ 4, 11

Fed. R. Bankr. P. 7023 ..................................................................................................... 3, 4, 5

Fed. R. Bankr. P. 9014 ........................................................................................................... 3

The (i) Ad Hoc Committee of Governmental and Other Contingent Litigation Claimants (the "**Ad Hoc Committee**"), (ii) Ad Hoc Group of Non-Consenting States (the "**Non-Consenting States**"), and (iii) Multi-State Governmental Entities Group (the "**MSGE Group**," and, together with the Ad Hoc Committee and the Non-Consenting States, the "**Public Claimants**"[1]), hereby submit this joint objection (the "**Objection**") to the motion by the Independent Emergency Room Physicians (the "**ER Physicians**"), for permission to file a class proof of claim (the "**ER Physicians Motion**") [Dkt. No. 1629]. In support of the Objection, the Public Claimants state as follows:

## PRELIMINARY STATEMENT

1. The ER Physicians' counsel filed a motion seeking permission to proceed with a class proof of claim 28 days after the July 30 bar date, 35 days after the initial hearing on class claims motions, and nearly 7 months after the Bar Date Order was entered – an order to which the ER Physicians did not object. The Public Claimants have separately objected to several other class claims motions filed in these cases by pleading dated July 16, 2020. *See Public Claimants' Omnibus Objection to Motions for Leave to File Class Proofs of Claim* [Dkt. No. 1431] (the "**Omnibus Objection**").[2] The ER Physicians Motion should be denied for substantially all the reasons set forth therein, but there are additional and more significant deficiencies in the ER Physicians Motion. Among other things, one ER Physician seeks to certify and allow a class claim for a group of emergency room physicians, where few, if any, chose to file proofs of claim, notwithstanding the Debtors' far reaching notice of both the bar date and extended bar date. And while there are a number of reasons why the ER Physicians Motion does not warrant an exercise

---

[1] The members of the Ad Hoc Committee, the Non-Consenting States, and the MSGE Group are set forth in the 2019 statements filed, respectively, at Docket Numbers 279, 296, and 409.

[2] Capitalized terms used in this objection shall have the meanings ascribed to them in the Omnibus Objection.

of discretion to allow a class claim here (nor are the requirements for class certification met), allowing a class of emergency room physicians under the circumstances could create a slippery slope, raising the question of where in the emergency room, hospital, or healthcare delivery service class claims should cease.[3]

2.  Not only is the ER Physicians Motion substantively insufficient to warrant the exercise of this Court's discretion to even consider the request, it fails procedurally because it is "too late." *See* Hr'g Tr., July 23, 2020 at 127:3-9 ("I'll certainly be able to rule on all of those [class claim] issues well before any further plan negotiations that are not resolved by the mediation. The only other factor that I believe would be unduly unfair, is if other parties jumped in now, after today's hearing, and frankly, although this does not need to be in the order, I would view that as being too late.").

3.  Accordingly, for the reasons set forth in the Omnibus Objection and here, the ER Physicians Motion should be denied. To avoid unnecessary repetition, the Public Claimants incorporate the arguments set forth in the Omnibus Objection as if fully set forth herein, and instead focus on flaws specific to the ER Physicians Motion.

## BACKGROUND OF THE ER PHYSICIANS MOTION

4.  On July 25, 2018, Michael Masiowski, M.D., an emergency room physician, filed a class action complaint (the "**ER Physicians Complaint**") on behalf of himself and "all others similarly situated" naming the Debtors and over a dozen other manufacturers and distributors of opioids as defendants. The ER Physicians Complaint alleged claims under the federal RICO statute, state RICO statutes, and state statutes proscribing unfair and deceptive acts in commerce,

---

[3] As the Court is aware, hospitals have played an active role in these Chapter 11 Cases, and their claims have been largely settled and addressed through the mediation process. *See Mediators' Report* [Dkt. No. 1716].

2

as well as state law claims of nuisance, negligence, fraud and deceit, civil conspiracy, and unjust enrichment. On June 12, 2020 – over two months *before* the ER Physicians filed the instant motion – the ER Physicians submitted a class proof of claim on behalf of their proposed class, without seeking authority to do so. On August 27, 2020 – over two months *after* submitting their claim, nearly one month after the bar date, and on the eve of the scheduled termination of the Mediation, the ER Physicians' counsel filed the instant motion seeking permission to file a class proof of claim.

     5.     In the ER Physicians Motion, the class is limited to:

> all independent emergency room physicians in the United States which treated patients with opioid-related conditions specifically, opioid overdose and opioid misuse disorders within the applicable statute of limitations

ER Physicians Motion ¶ 33. Excluded from the proposed class are ER Physicians (if any) that submitted their own claims and/or are directly or indirectly owned or operated by the Debtors or their affiliates or the federal government. *Id.*

     6.     The putative class of ER Physicians was not certified pre-petition.

## **OBJECTION**

     7.     The standards governing the application of Bankruptcy Rule 7023 are set forth in the Omnibus Objection and are not repeated herein. Simply put, there is no "absolute" right to file a class proof of claim in bankruptcy. *E.g. In re Bally Total Fitness of Greater N.Y., Inc.*, 402 B.R. 616, 619 (Bankr. S.D.N.Y. 2009); *In re Musicland Holding Corp.*, 362 B.R. 644, 650 (Bankr. S.D.N.Y. 2007) (internal citations omitted). Bankruptcy courts generally *do not* exercise discretion under Bankruptcy Rule 9014 to apply FRCP 23 in situations where (1) the class was not certified pre-petition; (2) putative class members received notice of the general bar date; and (3) class certification would adversely affect the administration of the case. *Musicland Holding Corp.,*

3

*362 B.R. at 654.*  In the atypical situation where discretion to consider class certification is exercised by a Bankruptcy Court, a putative class must then *also* satisfy (a) the four threshold requirements under FRCP 23(a) to achieve class certification, typically known as "numerosity," "commonality," "typicality," and "representation" and (b) the requirements of FRCP 23(b), including, as applicable, "predominance" and "superiority."  Fed R. Civ. P. 23 (a)-(b).  These requirements must be considered in the context of a bankruptcy case already tailored to expedite the processing of large numbers of claims.

8.  Here, where none of the three *Musicland* factors are satisfied, the bar date has passed, and the Mediation has reached a successful resolution, class certification should be denied.

## I.  THE COURT SHOULD NOT EXERCISE DISCRETION TO APPLY RULE 7023

### A.  The Class Was Not Certified Pre-Petition

9.  Bankruptcy courts generally give substantial weight to whether a class was certified pre-petition in evaluating whether to exercise their discretion to allow a Bankruptcy Rule 7023 motion.  *See, e.g.*, *Carrera v. Bally Total Fitness (In re Bally Total Fitness of Greater N.Y., Inc.)*, 411 B.R. 142, 145 (S.D.N.Y. 2009) (upholding a bankruptcy court's decision to deny class certification, in part, because the class was not certified pre-petition); *Musicland Holding Corp.*, 362 B.R. at 655 (characterizing pre-petition certification as "critical").  Here, the ER Physicians acknowledge that their proposed class was not certified pre-petition, but nonetheless argue that the lack of pre-petition certification is not a sufficient basis on its own for this Court to decline to exercise its discretion to permit a class claim and effectively concede that this factor cuts against class certification.

10.  The ER Physicians, like the other Movants, cite a handful of cases applying Bankruptcy Rule 7023 notwithstanding the absence of pre-petition certification.  *See* ER Physicians Motion ¶27. Each of these cases is distinguished in the Omnibus Objection.  *See*

4

Omnibus Objection ¶ 36. Likewise, the ER Physicians also suggest that a stay in the MDL prevented pre-petition certification (*see* ER Physicians Motion ¶ 26), an argument likewise debunked in the Omnibus Objection. *See* Omnibus Objection ¶ 37. It is worth noting in particular that, given the lack of pre-petition class certification of any class of ER Physicians, no ER Physician could have reasonably believed that a class representative would be filing a proof of claim on their behalf in these bankruptcy cases.

11.  Thus, while the Public Claimants believe there is a strong basis to deny the filing of class claims based on the failure to certify the class prepetition – even if, as the ER Physicians suggest, this factor alone was insufficient to deny the ER Physicians Motion – all other factors weigh even more heavily against a class proof of claim, requiring denial of their motion.

### B.  The Claimants Received Actual or Constructive Notice of the Bar Date

12.  The second *Musicland* factor – whether members of a putative class received notice of the bar date – weighs against application of Rule 7023. As discussed in the Omnibus Objection, the bar date notice in these cases has been extraordinary, if not unprecedented. *See, e.g.*, Hr'g Tr., June 3, 2020 at 88:15-89:4 ("*The notice here is indeed extraordinary.*") (emphasis added). All told, the bar date notice plan is estimated to have cost the Debtors over $23 million, has spanned six months (with one COVID-related extension), and, by the Debtors' estimate, has reached 95 percent of all adults in the United States. *See* Omnibus Objection ¶¶ 23-24, 43 (citations omitted). It is undisputed that, each of the putative class members has received, at a bare minimum, constructive notice of the bar date.

13.  The ER Physicians do not dispute the breadth of this notice or that, at the very least, ER Physicians received adequate constructive notice of the Bar Date. *See* ER Physicians Motion ¶ 28 ("Admittedly, the Debtors attempted to cast a wide net with respect to notice of the Bar Date."). Instead, they contend that many members of their proposed class "most likely did not

5

file proofs of claims even if they *did* receive actual notice of the Bar Date." *See* ER Physicians Motion ¶ 28 (emphasis in original). This admission is puzzling. If particular physicians received notice yet did not file a proof of claim, their recourse (if any) is not to file a *class* proof of claim but instead to file *late* proofs of claim and seek to justify their tardiness under the applicable standard.

14. In any event, the various rationales offered in the ER Physicians Motion lack merit. *First*, the ER Physicians argue that the basis of their claims requires "sophisticated legal analysis." This argument, which is really a belated bar date objection, is belied by the litany of safeguards implemented by this Court's Bar Date Order to ensure a straightforward claims filing process, including the *absence* of a requirement to submit any support documentation. *See* Omnibus Objection ¶ 48. *Second*, the ER Physicians assert that certain of their class members' damages may be "modest" and the task of calculating them "prohibitively difficult." *See* ER Physicians Motion ¶ 28. But class claims should not be used as a tool to preserve small claims that would not otherwise be asserted. Indeed, the bankruptcy process itself inherently protects small claims. *E.g. E.g. In re Ephedra Prods. Liability Litig.*, 329 B.R. 1, 9 (S.D.N.Y. 2005) ("In efficiency, bankruptcy is superior to a class action because in practice small claims are often 'deemed allowed' under § 502(a) for want of objection, in which case discovery and fact-finding are avoided altogether."). *Third*, the ER Physicians argue that COVID-19 prevented many of their class members from timely filing a proof of claim, notwithstanding the extension of the Bar Date in substantial part because of COVID-19. Like other Movants, the ER Physicians had an opportunity to file a statement or appear at the bar date extension hearing – the appropriate forum for addressing

6

challenges with timely filing proof of claims in light of the current pandemic – but did not do so.[4] There is no evidence or reason to believe that COVID-19 imposed challenges on ER Physicians that were not overcome by the more than 613,000 claimants who timely filed proofs of claims. *See Decl. of Benjamin S. Kaminetzky* ¶ 17 [Adv. Dkt. No. 199].

### C. Class Certification Will Adversely Impact the Administration of the Estate

15.    As with the other motions (*see* Omnibus Objection ¶¶ 44-47), class certification will adversely impact the administration of these cases by creating additional uncertainties and unnecessary costs. Yet here, the risk of delay runs even deeper. The ER Physicians Motion was filed *after* the initial hearing on class certification motions, *after* the bar date, and on the eve of the termination of a lengthy and expensive Mediation. Allowing the ER Physicians to proceed with a class claim at this late date would risk a flood of other subsets of claimants seeking similar requests. This Court has unequivocally stated that any class certification motions filed after the July 23 hearing would be "too late." *See* Hr'g Tr., July 23, 2020 at 127:3-9 ("I'll certainly be able to rule on all of those [class claim] issues well before any further plan negotiations that are not resolved by the mediation. The only other factor that I believe would be unduly unfair, is if other parties jumped in now, after today's hearing, and frankly, although this does not need to be in the order, I would view that as being too late."). Notwithstanding this Court's unambiguous statement, the ER Physicians assert that their motion is "timely."[5] In so doing, they note that they filed their motion "just one month after the Bar Date, before any Class Claims Motions have been decided,

---

[4] The ER Physicians also did not appear or file any pleading raising any concerns with respect to the entry of the Bar Date Order. Thus, any critiques or assertions that their proposed class members would have undue difficulties understanding the notice provided filing a proof of claim are untimely. *See* Omnibus Objection ¶ 42.

[5] The ER Physicians' reliance on *In re Spring Ford Indus.*, No. 02-15015 DWS, 2003 WL 21785960, at *5 (Bankr. E.D. Pa. July 25, 2003) is misplaced. *Spring Ford* involved a claimant who did not receive notice of the bar date and filed a late proof of claim. It has no bearing on the situation at hand. And, even if this situation were analogous, in *Spring Ford*, the court found the late filed claim would not damage the debtor. Here, however, allowance of a class claim would have numerous adverse effects on the Debtors, as described in detail herein and in the Omnibus Objection.

7

before Debtor has submitted a Chapter 11 plan, and while mediation is still ongoing." *See* ER Physicians Motion ¶ 22. None of these assertions support the "timeliness" of their motion.

16. *First,* the ER Physicians provide no explanation as to why they waited until roughly one month after the bar date (and the initial hearing on class claims motions) and over two months after submitting their class proof of claim to seek class certification other than "Prime Clerk personnel never indicated that a class claim would not be valid without court approval . . . ." *See* ER Physicians Motion ¶ 61. The notion that Prime Clerk, as claims agent, is responsible for opining on the validity of any proof of claim, let alone a purported class proof of claim is absurd on its face, and provides no justification for an after-the-bar-date class certification motion. Indeed, the Bar Date Order and Notice undermine this assertion or any alleged reliance on Prime Clerk entirely. *See* Bar Date Order ¶ 10 [Dkt. No. 800] ("Absent further order of the Court, Consolidated Claims . . . shall not be construed, submitted, or allowed as class proofs of claim (or as motions to approve class proofs of claim), nor shall the allowance of filing of the Consolidated Claims . . . be construed in any way as a determination that any claims in these chapter 11 cases may be submitted as class claims . . . ."); Bar Date Order, Ex.1 (Bar Date Notice) at 9 ("**Please note that Prime Clerk cannot provide legal advice** . . . .") (emphasis in original).

17. Regardless, it is clear from the ER Physicians Motion that their communications with Prime Clerk resulted in no advice given about the propriety of filing a class proof of claim or advice regarding the impact of having done so on the legal import of promptly filing a subsequent motion for class certification before the Bar Date. *See* ER Physicians Motion ¶ 61. The ER Physicians had retained counsel in 2018, first submitted their class claim motion on June 12, 2020, well in advance of the original bar date, and admit to having "several communications" with Prime Clerk throughout June and July, while multiple other parties were filing motions seeking class

8

certification. Silence by Prime Clerk (even assuming – unreasonably – that it had some obligation to opine) does not abrogate the ER Physicians' independent obligation to understand the legal and timing requirements imposed on it for a motion it had to file. Ignorance of or disregard for the Bankruptcy Rules is not an appropriate justification for allowing class certification.

18.     *Second,* the ER Physicians attempt to support the timeliness of their motion by noting that it was filed before the other class claims motions have been decided. But as noted above, not only did this Court indicate that class claims motions filed after July 23rd would *not* be considered timely; the reason for the adjournment of the prior class claims motions was the belief that the Mediation would obviate the need for any consideration of the class claims motions – which, in many cases, it did. *See* Hr'g Tr., July 23, 2020 at 127:23 6-128:4 ("I assume . . . they're engaging in a mediation that can be a win-win type of mediation outcome, which might well obviate the need for any consideration of this [class claim] motion . . . In any event, I would rather consider it in light of the facts after the conclusion of the mediation and not before.").

19.     *Third*, the ER Physicians assert that the Debtors have not filed a chapter 11 plan "and, by all accounts, are not close to doing so." *See* ER Physicians Motion ¶ 23. This statement ignores the Court's mandate that parties should be working toward the filing of plan this calendar quarter. *See* Hr'g Tr., July 23, 2020, at 69:23-70:11 ("I don't want to see plan confirmation any later than February . . . with a plan being filed in November or early December, if not before.").

20.     Towards this end, key stakeholders (including the Public Claimants) have been engaged in around-the-clock discovery and mediation over the past several months, and indeed were able to successfully resolve many critical allocation issues among claimants through the Mediation process. *See Mediators' Report* [Dkt. No. 1716]. Granting the ER Physicians Motion

9

will needlessly introduce a new layer of added complexity and costs to these already complex and expensive chapter 11 cases where so many critical issues have been resolved in principle.

21.     *Fourth*, the fact that the ER Physicians filed their motion while the Mediation was "ongoing" does not suggest it was timely. Indeed, the ER Physicians filed their motion on August 27th – at which time the Mediation was scheduled to conclude in four days (on August 31). One day before the ER Physicians filed their motion, on August 26th, this Court held a hearing where the Debtors reported that the Mediation Parties had made substantial progress towards reaching a resolution. *See* Hr'g Tr. Aug. 26, 2020, at 19:1-5 (Setting "an August 31 end date for mediation barring extraordinary circumstances does appear to, in fact, have been a very important move for the progress of these cases."). It was not until September 1st, and after the ER Physicians Motion was filed, that this Court signed an order extending the Mediation for a mere eleven calendar days to September 11th. *See Order Extending Mediation Termination Date* [Dkt. No. 1642]. Thus, the ER Physicians filed a motion seeking permission to file a class claim with knowledge that the Mediation was about to conclude. They point to no reason to why they waited until the eve of the Mediation's termination date to file their motion.

### D.     Grant of the ER Physicians Motion Will Prejudice ER Physicians with Timely Filed Claims

22.     Finally, the ER Physicians assert that because "few, if any" ER Physicians filed proofs of claims, allowing a class claim now would not be prejudicial to them. *See* ER Physicians Motion ¶ 24. Further, the ER Physicians argue that class treatment would streamline the resolution of ER Physicians Claims. These arguments are flawed for several reasons. To the extent that ER Physicians did timely file individual proofs of claims, allowing a class claim would both prejudice those claimants who diligently filed timely proofs of claim by, among other things, diluting them,

10

and create confusion as to how those individuals are to be treated.[6] Moreover, arguing that a class proof of claim is necessary to streamline resolving the Debtors' potential objections claims of ER Physicians that were never filed is nonsensical and not a legitimate basis for this Court to exercise its discretion to allow the class proof of claim. Indeed, allowing an ER Physicians class proof of claim would do just the opposite by causing the Debtors to expend further time and resources objecting to claims and interfere with an orderly claims reconciliation process.

## II.    THE PROPOSED CLASS FAILS TO SATISFY FRCP 23

23.    Even if this Court were inclined to exercise its discretion to allow a class proof of claim, the ER Physicians Motion should be denied because the ER Physicians' failure to satisfy FRCP 23 provides a separate and independent reason to deny the motion.[7]

### A.    The Proposed Class is Not Sufficiently Defined

24.    The ER Physicians' proposed class consists of a vaguely defined class whose members are not readily discernible. The ER Physicians Complaint includes a very broad definition – "Michael Masiowski, M.D., an emergency room physician . . . and all others similarly situated," leaving virtually no ability to ascertain the parameters of the class. While the ER Physicians define their class more narrowly in their motion, the definition is not without deficiencies – they describe "independent" ER Physicians as "physicians whose billing and revenue collection were entirely separate from the medical facility billing practice." *See* ER

---

[6] The ER Physicians' concession that "few, if any" ER Physicians filed individual class proofs of claim cuts against their argument that a class claim is warranted. The fact that few – and possibly no – ER Physicians felt their claims compelling enough to warrant individual proofs of claims demonstrates that an ER Physician class claim would create claims that would not otherwise exist and dilute other valid and timely filed claims. Because the ER Physicians Motion was filed 28 days after the bar date, and the class was never certified pre-petition, the ER Physicians' purported class members cannot credibly argue that they expected that their rights would be preserved by the class proof of claim filed in June.

[7] The ER Physicians bear the burden of proof that they satisfy FRCP 23. *Glatt v. Fox Searchlight Pictures, Inc.*, 811 F.3d 528, 538 (2d Cir. 2016) ("[The plaintiff] bore the burden of showing . . . proposed class satisfied [the FRCP] requirements of: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation").

11

Physicians Motion ¶ 1 n.2. The ER Physicians also indicate that their proposed class includes "independent emergency room physicians . . . which treated patients with opioid-related conditions specifically, overdose and opioid misuse disorders . . ." *See* ER Physicians Motion ¶ 3. But it is unclear if the purported class is meant to encompass ER Physicians who treated all opioid-related conditions or a specific subset of overdose or misuse disorders, and impossible to analyze the size and constituency of the purported class.

        **B.**        **The Proposed Class Does Not Satisfy Rule 23(a)**

25.      Because the allegations set forth in the ER Physicians Complaint are, in large part, grounded in state law, and the damages almost certainly turn on various funding and reimbursement structures, the ER Physicians fail both the "commonality" and "typicality" tests for many of the reasons set forth in the Omnibus Objection. *See* Omnibus Objection ¶¶ 59-65.

        **C.**        **The Proposed Class Does Not Satisfy Rule 23(b)**

26.      The ER Physicians argue that common questions predominate over individual issues and class resolution is superior to all other methods for fair and efficient adjudication of the controversy. However, because the ER Physicians cannot satisfy the "commonality" and "typicality" requirements, they cannot demonstrate that common questions predominate. *E.g. In re Verity Health*, No. 2:18-bk-20151-ER, 2019 WL 2461688, at *15 (Bankr. C.D. Cal. June 11, 2019) (citing *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591 (1997)) (finding that lack of commonality and typicality meant lack of predominance). And, even if there were common issues, common issues plainly do not predominate here; liability to an ER Physician, if any, will depend on individualized state law and individualized facts.

27.      In sum, not only are class actions an inefficient method for resolving claims in the bankruptcy context for the reasons discussed in the Omnibus Objection – but here, the bar date has passed, and the ER Physicians admit that their proposed class members would not have

12

independently submitted proofs of claims. Because, among other reasons, common questions do not predominate, class certification is hardly a "superior" method to the straightforward proof of claim process for ER Physicians to have advanced their claims, even small claims.

### III.   THE ER PHYSICIANS CANNOT BE INCLUDED IN FUTURE MEDIATION

28.    The ER Physicians Motion also appears to include a request to be included in future Mediation as a "commonly interested party." Putting aside the ER Physicians' failure to articulate any standing to make such a request or any explanation as to what they envision their role as a "commonly interested party" to be, the Mediation as between the Public Claimants and private claimants has concluded with agreements in principle having been reached. The ER Physicians failed to press for relief before the Mediation concluded, knowing that this Court had adjourned the hearing on other class claims motions until *after* the conclusion of an unsuccessful Mediation. *See* ER Physicians Motion ¶ 70. These circumstances highlight that the ER Physicians' request does little more than demonstrate the ER Physicians' intent to upend the significant progress made by the parties to date. This request is moot and must therefore be denied.

WHEREFORE, for the foregoing reasons, the Public Claimants respectfully request that the Court deny the ER Physicians Motion.

Dated: September 23, 2020                        Respectfully submitted,

                                                 */s/ Kenneth H. Eckstein*
                                                 Kenneth H. Eckstein
                                                 David E. Blabey Jr.
                                                 Rachael Ringer
                                                 KRAMER LEVIN NAFTALIS & FRANKEL LLP
                                                 1177 Avenue of the Americas
                                                 New York, NY 10036
                                                 Telephone: (212) 715-9100
                                                 Email:  keckstein@kramerlevin.com
                                                         dblabey@kramerlevin.com
                                                         rringer@kramerlevin.com

13

Scott D. Gilbert (admitted *pro hac vice*)
Craig Litherland (admitted *pro hac vice*)
Kami E. Quinn (admitted *pro hac vice*)
GILBERT LLP
100 New York Ave, NW, Suite 700
Washington, D.C. 20005
Telephone: (202) 772-2200
Email:  gilberts@gilberlegal.com
          litherlandc@gilbertlegal.com
          quinnk@gilbertlegal.com

David J. Molton
Steven D. Pohl
BROWN RUDNICK LLP
7 Times Square
New York, NY 10036
Telephone: (212) 209-4800
Email: dmolton@brownrudnick.com
         spohl@brownrudnick.com

Melanie L. Cyganowski
Jennifer S. Feeney
OTTERBOURG P.C.
230 Park Avenue
New York, NY 10169
Telephone: (212) 661-9100
Email: mcyganowski@otterbourg.com
         jfeeney@otterbourg.com

*Attorneys for the Ad Hoc Committee*

/s/ *Andrew M. Troop*
Andrew M. Troop
PILLSBURY WINTHROP SHAW PITTMAN LLP
31 West 52nd Street
New York, New York 10019
Telephone: (212) 858-1000
Email: andrew.troop@pillsburylaw.com

*Attorneys for the Ad Hoc Group of
Non Consenting States*

/s/ *Kevin C. Maclay*

14

        Kevin C. Maclay (admitted *pro hac vice*)
        Todd E. Phillips
        Ann Weber Langley (admitted *pro hac vice*)
        George M. O'Connor (admitted *pro hac vice*)
        CAPLIN & DRYSDALE, CHARTERED
        One Thomas Circle
        NW, Suite 1100 Washington, DC 20005
        Telephone: (202) 862-5000
        Email: kmaclay@capdale.com
              tphillips@capdale.com
              alangley@capdale.com
              goconnor@capdale.com

        *Attorneys for the Multi-State*
        *Governmental Entities Group*

15