IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>PURDUE PHARMA L.P., et al.,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 19-23649 (RDD)<br><br>Administratively Consolidated |

**MOVANT INDEPENDENT EMERGENCY ROOM PHYSICIAN'S OMNIMBUS[2]
REPLY REGARDING MOVANT'S MOTION FOR CLASS TREATMENT PURSUANT
TO FED. BANKR. P. 9014 AND 7023 FOR AN ORDER MAKING FED. R. CIV. P. 23
APPLICABLE TO THESE PROCEEDINGS, AND
<u>GRANTING RELATED RELIEF</u>**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Life Science Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717), and SVC Pharma Inc. (4014).

[2] Independent Emergency Room Physicians make this reply as to Debtors' Objection to Movant Independent Emergency Room Physician's Motion for Class Treatment Pursuant to Fed. Bankr. P. 9014 and 7023 for an Order Making Fed. R. Civ. P 23 Applicable to These Proceedings, and Granting Related Relief [1717]; Response of the Official Committee of Unsecured Creditors to Movant Independent Emergency Room Physician's Motion for Class Treatment Pursuant to Fed. Bankr. P. 9014 and 7023 for an Order Making Fed. R. Civ. P 23 Applicable to These Proceedings, and Granting Related Relief [1718]; and Public Claimants' Joint Objection to Movant Independent Emergency Room Physician's Motion to Permit the Filing of a Class Proof of Claim [1720].

1

Movant Independent ER Physician[3], on behalf of himself and a proposed class of similarly situated persons (the "Independent ER Physicians" or the "ER Physicians" or the "Class"), by and through their undersigned counsel, hereby Reply and state:

1. The Bankruptcy Court is first and foremost a court of equity. *See, e.g.*, 11 U.S.C. 105(d)(2). Equitable principles infuse the rationale and decisions that are rendered in these proceedings. Here, we have competing interests of equity that the Court must weigh in evaluating the allocation of a set of resources. Notwithstanding an unprecedented pandemic, this Court, guided by principles of fairness, must decide whether the facts of this case impel the Court to relax a strict interpretation of certain court set deadlines. The Debtors and the Public Claimant Objectors[4] demand that the Court maintain the strict interpretation and reject relief requested by ER Physicians. The Official Committee of Unsecured Creditors (the "Official Committee") takes a more nuanced approach. Admittedly, in their Response, they recommend that "the Court should not exercise its discretion to apply Bankruptcy Rule 7023." [Dkt. 1718, p.6]. However, the Official Committee "takes no position on the merits of the Motion," but concedes, in candor, ER Physicians' Motion "presented the Official Committee with a difficult question…. [and they] would have preferred to have seen such claims addressed in the Mediation." *Id.*, p. 1.

---

[3] As used herein, the "Independent ER Physicians" or "ER Physicians" are: Michael Masiowski, M.D. and all other similarly situated. Independent emergency room physicians refer to those emergency room physicians whose billing and revenue collection were entirely separate from the medical facility billing practices. I was an owner and member of a group of emergency room physicians that were not employees of the hospital and performed our own billing and revenue collection.

[4] The members of the Ad Hoc Committee, the Non-Consenting States, and the MSGE Group are set forth in the 2019 statements filed, respectively, at Docket Numbers 279, 296, and 409.

2. Movant is sensitive to the Court's concerns regarding timing and progress of this complicated matter. While the Court has previously expressed concern about parties coming to the table after the July 23, 2020 hearing (July 23, 2020 Omnibus Hr'g Tr. 127:6-7)– Independent ER Physicians had already filed their putative Class Proof of Claim on June 12, 2020, prior to the Court's expressed concerns. [*Appearing at* Dkt. 1629-2]. This is not an instance where a claimant is attempting to use adjournment of a class motion to toll the Bar Date to otherwise introduce his independent claim. Instead, Movant complied with the instructions set forth by the Ad Hoc Committee for filing a claim, which makes no reference to the procedure for filing a class claim. *See* Exhibit A, Letter from Brown Rudnick LLP, dated February 27, 2020 and relevant attachments.

3. At its hearing on July 23, 2020, the Court adjourned all other pending class claim motions until the conclusion of mediation. The Official Committee presented the adjournment motion only one week before the scheduled hearing. [Dkt.1425]

4. ER Physicians, in their motion papers, referenced, a request for, adjournment of a decision on class treatment. [Dkt. 1629, ¶71]. The adjournment sought would continue until after the conclusion of mediation and consistent with the Order entered regarding the five (5) other pending class claims. [Dkt.1514]. Specifically, delaying a hearing on ER Physicians' Motion until after it is known whether matters have been fully resolved related to paragraph 7 of the Mediator's Report. [Dkt.1716, p.3]. That paragraph provides:

> The term sheets for the Hospitals, TPPs, and NAS Committee (with regard to abatement) require each private creditor group to use substantially all of their respective allocations to fund mutually agreeable programs designed to

> abate the opioid crisis (including treatments), pursuant to commitments embodied in a confirmed plan of reorganization.
>
> *Id.*

5. The requested relief does not differ markedly from the participation recently granted to the NAACP. After the July 23, 2020 hearing, the Bar Date, and without having filed any proof of claim, the NAACP, on August 7, 2020, filed a Motion to Intervene. [Dkt. 1555]. The Parties, by stipulation and approval of this Court, allowed the intervention [Dkt. 1614]. At a minimum, the granting of intervention by the Court and participation in the Mediation by the NAACP established a precedent that under appropriate circumstances, the Court will expand the roster.

6. The NAACP, in their motion, represented that "Here, the NAACP recognizes that the states already have legal representation. The NAACP does not seek to usurp the role of said counsel or otherwise dispute the total amount of the monetary awards already agreed upon." *Id.* p.8. Similarly, ER Physicians are not seeking to disturb agreed upon allocations reached in the mediation. ER Physicians request an analogous voice in a separate group of claimants – after having filed a proof of claim before the Bar Date and after unsuccessful efforts to reach a resolution. As Debtors note in their objection, this case involves approximately 613,000 claimants – of that, only Debtors and Public Claimants[5] objected to ER Physician's request, with the Official Committee offering a response. A review of the Mediator's report leads to placing ER

---

[5] The members of the Ad Hoc Committee, the Non-Consenting States, and the MSGE Group are set forth in the 2019 statements filed, respectively, at Docket Numbers 279, 296, and 409.

physicians into the category of parties with the Hospital claimants.[6] ER Physicians, like the Hospitals have separate and distinct interests than those of the Public Claimants. The Hospital claimants did not object or respond to the ER Physician's motion.

7. ER Physicians are uniquely positioned to provide substantive, meaningful and unparalleled input into maximizing the potential to achieve the objectives set forth in the Mediator's Report. ER Physicians have been frontline health care providers in the devastation from the opioid crisis.

   Specifically, Dr. Michael Masiowski, as a long-time practicing ER doctor, has been on the front line for treating abuse of opioid related conditions. He fully understands that Judge Drain and Mediation sessions are focused on going forward (i.e. how to help us provide relief to those directly dealing with the consequences of the opioid epidemic). Dr. Masiowski will knowledgeably evaluate programs presented for fund allocation, offering his perspective on effectiveness in terms of resource allocation for treatments and rehabilitation. Dr. Masiowski practices where the rubber meets the road, his personal experiences as a treating physician will help increase the efficiency of the program while avoiding common disconnects between administrators and medical providers.

8. ER Physicians request adjournment and participation in the ongoing mediation to ensure that the interests of all legitimate creditors are represented and to administer, in a meaningful and sensible way, the complex relief likely to be granted for the

---

[6] The Mediation Report groups Non-Federal Public Claimants into one category and Private Claimants into another. Of the Private Claimants are further categorized as Personal Injury Claimants, Hospitals, TPPs and NAS Committee. [Dkt. 1716].

benefit of such creditors. Independent ER Physicians submit that adjudication of any issue that currently is the subject of the Mediation, including those raised by the Class Claim Motion, is premature while the Mediation is ongoing. The adjournment and good faith inclusion of all claims in mediation is critical to the effective resolution of this case as any determination made by the Court in respect of the Class Claim Motions will be subject to appeal, which could cause additional delays in the Mediation and the cases overall.

9. As the Official Committee noted in the July 23, 2020 – ultimately adjourning the pending class motions – a ruling on the merits of any class claims would be detrimental to the progress of the mediation. [July 23, 2020 Omnibus Hr'g Tr. 110:20-22]. A ruling on ER Physician's instant motion, may have a disruptive impact on the remaining issues left for mediation. While aggregate distribution amounts have been settled among the various parties, apparently, the earmarking of those resources will require continued participation. If the Court were to rule or otherwise provide any indication on the propriety of class treatment, such a decision may impede resolution of remaining issues.

10. ER Physicians adopt and incorporate documents and arguments proffered by Hospital Claimants for purposes of this Reply. [Dkt. 1424[7], 1461[8] and 1462[9]].

WHEREFORE, ER Physicians request that this Court enter an Order granting the following relief:

A. Adjourn ER Physician's Motion for Class Treatment Pursuant to Fed. Bankr. P. 9014 and 7023 for an Order Making Fed. R. Civ. P 23 Applicable to These Proceedings, and Granting Related Relief until conclusion of all material matters related to paragraph number 7 of the Mediator's Report;

B. Adjourn the hearing on ER Physician's Motion for Class Treatment Pursuant to Fed. Bankr. P. 9014 and 7023 for an Order Making Fed. R. Civ. P 23 Applicable to These Proceedings, and Granting Related Relief until the hearing of other class claim motions on the Renewed Hearing Date as defined in the Court's Order dated July 24, 2020. [Dkt. 1514];

C. If a Class Claim Motion is granted following the Renewed Hearing Date, then, notwithstanding anything to the contrary in the *Order Establishing (I) Deadlines*

---

[7] SUPPLEMENT TO HOSPITAL CLAIMANTS' MOTION PURSUANT TO FED. BANKR. P. 9014 AND 7023 FOR AN ORDER MAKING FED. R. CIV. P. 23 APPLICABLE TO THESE PROCEEDINGS, PERMITTING THEM TO FILE A CLASS PROOF OF CLAIM AND GRANTING RELATED RELIEF

[8] HOSPITAL CLAIMANTS' OMNIBUS REPLY TO THE OBJECTIONS/RESPONSES FILED AT DOCKET NOS. 1415, 1421, 1423, 1425, AND 1431 TO HOSPITAL CLAIMANTS' MOTION PURSUANT TO FED. BANKR. P. 9014 AND 7023 FOR AN ORDER MAKING FED. R. CIV. P. 23 APPLICABLE TO THESE PROCEEDINGS, PERMITTING THEM TO FILE A CLASS PROOF OF CLAIM AND GRANTING RELATED RELIEF

[9] SUPPLEMENT TO HOSPITAL CLAIMANTS' OMNIBUS REPLY TO THE OBJECTIONS/RESPONSES FILED AT DOCKET NOS. 1415, 1421, 1423, 1425, AND 1431 TO HOSPITAL CLAIMANTS' MOTION PURSUANT TO FED. BANKR. P. 9014 AND 7023 FOR AN ORDER MAKING FED. R. CIV. P. 23 APPLICABLE TO THESE PROCEEDINGS, PERMITTING THEM TO FILE A CLASS PROOF OF CLAIM AND GRANTING RELATED RELIEF

*for Filing Proofs of Claim and Procedures Relating Thereto, (II) Approving the Proof of Claim Forms, and (III) Approving the Form and Manner of Notice Thereof* [Dkt. 800] (the "Bar Date Order"), the applicable Movant shall be permitted to file a class proof of claim, and such proof of claim shall not be considered untimely solely due to the passage of the General Bar Date (as defined in the Bar Date Order), until the date that is seven days after the entry of the order granting such Class Claim Motion;

D. Permit ER Physicians to participate fully in the implementation of paragraph 7 of the Mediator's Report;

E. If the Court rejects Movant's requested participation in the Mediation and the adjournment of his Motion, then Movant requests that the Court adjourn his Motion until the October Omnibus Hearing. If the Court decides that no adjournment will be granted, then Movant rests on his filed papers including but not limited to his adoption through this Reply of Docket Numbers 1424, 1461 and 1462; and

F. Grant whatever other relief this Court deems appropriate.

Dated: September 28, 2020

Respectfully submitted,
PAUL S. ROTHSTEIN, P.A.

*/s/ Paul S. Rothstein*
Paul S. Rothstein (*Pro Haec Vice Granted*)
Florida Bar No.: 310123
626 NE 1st Street
Gainesville, FL 32601
Ph: (352)376-7650
PSR@RothsteinForJustice.com

*Attorneys for the ER Physicians*