**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| PURDUE PHARMA L.P., *et al.*, | ) ) | Case No. 19-23649 (RDD) |
| Debtors.[1] | ) ) ) | (Jointly Administered) |

**AMENDED STIPULATION AND AGREED ORDER REGARDING DISCOVERY**
**DEADLINES AND BRIEFING SCHEDULING IN THE CHAPTER 11 CASES**

The Official Committee of Unsecured Creditors (the "Official Committee") appointed in the above-captioned chapter 11 cases (the "Chapter 11 Cases") of Purdue Pharma L.P. and certain of its affiliates that are debtors in possession (collectively, the "Debtors"), the Ad Hoc Group of Non-Consenting States (the "Non-Consenting States"), the Ad Hoc Committee of Consenting Governmental and Other Contingent Litigation Claimants (the "Ad Hoc Committee"), and the Debtors, by and through their undersigned counsel, hereby stipulate and agree as set forth below in this stipulation and agreed order (the "Stipulation"). Certain Raymond Side Initial Covered Sackler Persons[2] (the "R-ICSPs") and Additional Custodians[3] (together, the "Raymond

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014).

[2] The R-ICSPs that are party to this Stipulation are the parties identified on the list of "Initial Covered Sackler Persons" provided to the Official Committee by Milbank LLP ("Milbank") in its letter dated April 9, 2020, and include Richard Sackler, the estate of Jonathan Sackler, David Sackler, the Estate of Beverly Sackler, and certain trusts and entities.

[3] "Additional Custodians" has the meaning set forth in the Stipulation and Agreed Order Among the Official Committee and Raymond Side Covered Parties Regarding Discovery Deadlines in the Chapter 11 Cases filed on July 7, 2020 [ECF No. 1348].

Custodians"), and certain Mortimer Side Covered Parties[4] (the "M-ICSPs," and together with the Raymond Custodians, the "CSPs") join the Stipulation solely as to Paragraphs 7–10.

### Recitals

A.     On September 15, 2019, each Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York (the "Court").

B.     On September 26, 2019, the Office of the United States Trustee for Region 2 appointed the Official Committee pursuant to Bankruptcy Code section 1102(a) to act as a fiduciary for and represent the interests of all unsecured creditors in the Chapter 11 Cases. *See Notice of Appointment of Official Committee of Unsecured Creditors*, dated September 27, 2019 [ECF No. 131].

C.     On October 8, 2019, the Debtors filed the *Notice of Filing of Term Sheet with Ad Hoc Committee* [ECF No. 257], which called for, among other things, diligence from the Sackler family and the Debtors.

D.     Beginning in November 2019, (i) the Official Committee, the Non-Consenting States, the Ad Hoc Committee, and the Debtors among others have sought informal document discovery from the Sackler family and their respective trusts and affiliates (the "Sackler Parties"), and (ii) the Official Committee, the Non-Consenting States, and the Ad Hoc Committee among others have sought informal document discovery from the Debtors.

---

[4] "Mortimer Side Covered Parties" has the meaning set forth in the Stipulation and Agreed Order Among the Official Committee and Mortimer Side Covered Parties Regarding Discovery Deadlines in the Chapter 11 Cases filed on July 7, 2020 [ECF No. 1347]. The Mortimer Side Covered Parties preserve, and do not waive, all defenses, including without limitation defenses based on lack of personal jurisdiction and have agreed to voluntarily comply with this Stipulation and the orders of this Court related to this Stipulation, and the Official Committee preserves, and does not waive, all of its claims and arguments, including without limitation, its right to argue that the Mortimer Side Covered Parties are subject to this Court's personal jurisdiction.

E.  The Official Committee was required pursuant to the Case Stipulation[5] to permit the Sackler Parties to make disclosures on an informal basis for the first several months of these cases, and served formal document subpoenas pursuant to Bankruptcy Rule 2004 on the R-ICSPs and M-ICSPs on or around March 31, 2020 (the "March 31 Subpoenas"), which sought document discovery from all of the Sackler Parties. The Official Committee, the Non-Consenting States, and the Ad Hoc Committee have continued to work outside of the Rule 2004 framework on informal document discovery from the Debtors, and the Debtors have cooperated in such efforts, although some disputes still exist.

F.  On July 31, 2020, the Official Committee, the Non-Consenting States and certain other creditor groups[6] filed the *Amended Stipulation and Agreed Order Among the Official Committee and Other Parties in Interest Regarding Discovery and the Sharing of Information in the Chapter 11 Cases*, which was so-ordered by the Court [ECF No. 1543] (the "Discovery Coordination Stipulation"). The Discovery Coordination Stipulation provides, among other things, that the parties to that stipulation would coordinate their discovery efforts to ensure that any discovery with respect to the Estate Claims Investigation and Estate Causes of Action, as those terms are defined therein, is carried out as efficiently as is practicable.

G.  The Official Committee, the Non-Consenting States, the Ad Hoc Committee, the Sackler Parties, and the Debtors among others have engaged and continue to engage at length in negotiations over the proper scope of document discovery, including the identity of custodians,

---

[5] *Case Stipulation Among the Debtors, the Official Committee of Unsecured Creditors and Certain Related Parties* [ECF No. 291] (as subsequently amended by the *Amended and Restated Case Stipulation Among the Debtors, the Official Committee of Unsecured Creditors and Certain Related Parties*, dated November 20, 2019 [ECF No. 518]).
[6] These creditor groups consist of the ad hoc group of hospitals, Blue Cross Blue Shield of Louisiana, United HealthCare Services, Inc., the ad hoc group of proposed representatives of classes of privately insured parties who are plaintiffs and proposed class representatives in actions against the Debtors and other affiliated defendants, the ad hoc group of NAS children and their next of kin, and certain independent school districts.

time frames and search terms for use in gathering and producing electronically stored information ("ESI"), and the Official Committee made two separate letter-applications to the Court for related relief on April 26, 2020 and June 2, 2020, respectively.

H. The Official Committee entered into stipulations calling for the production of ESI and other information on schedules set forth in the stipulations with (i) the CSPs on June 22, 2020 [ECF No. 1295 Exs. A–B], (ii) Beth Cohen on July 1, 2020 [ECF No. 1319 Ex. A], (iii) the IACs (as defined below) on July 22, 2020 [ECF No. 1490], and (iv) the Debtors (along with the Non-Consenting States) on August 6, 2020. The stipulations with the CSPs and Beth Cohen were so-ordered by the Court on July 7, 2020 [ECF Nos. 1345, 1347 & 1348], and the stipulation with the IACs was so-ordered by the Court on July 24, 2020 [ECF No. 1518], while the stipulation with the Debtors remains pending before the Court.

I. The Official Committee also agreed with the Raymond-Side Sackler Family on a schedule for the production of ESI of David Sackler in the immediate possession, custody, or control of an investment fund he co-founded, Moab Capital, and related privilege logs from Moab and the Raymond-Side Sackler Family.

J. The Official Committee continues to negotiate, among other things, over deadlines for (i) the production of documents responsive to subpoenas served on the Independent Associated Companies (the "IACs")[7] and on the Other II Way Entities,[8] and (ii) the production of documents in the immediate possession of Mortimer Sackler and Norton Rose Fulbright LLP and its merger

---

[7] Defined in the Official Committee's Rule 2004 motion "by reference to the Amended Case Stipulation as all ex-U.S. pharmaceutical entities, related businesses, joint ventures, or other holdings directly or indirectly owned or controlled by any Shareholder Party and that are included in the financial information provided in the investment banker presentation made available to certain parties prior to the petition date." [ECF No. 1340] ¶ 2.

[8] Defined in the Official Committee's Rule 2004 motion as "all entities jointly owned or controlled, directly or indirectly, by the two sides of the Sackler family that are not IACs." [ECF No. 1340] ¶ 2.

partner Chadbourne & Parke LLP (together, "NRF") that are responsive to the March 31 Subpoenas, the IAC and Other II Way Entity subpoenas, the Official Committee's informal requests to the Debtors, and a subpoena served on NRF partner Stuart Baker pursuant to Rule 2004 on or around July 7, 2020. *See generally Order Pursuant to Federal Rules of Bankruptcy Procedure 2004 and 9016 Authorizing Examinations of and Document Production by Third Parties* [ECF No. 1340].

K.     The Disclosing Parties (defined herein as all parties that have been or will be making productions in response to the Official Committee's formal and informal document requests pursuant to existing stipulations or in connection with negotiations now underway) plan to produce documents on a rolling basis, and in some cases have made portions of their productions responsive to the Official Committee's requests already, but productions pursuant even to existing stipulations and agreement are not due to be completed until October 26, 2020, and agreements have not yet been reached on the production of documents from the IACs, NRF, and Stuart Baker, which may include information relevant to the investigation by the Official Committee, the Non-Consenting States, the Ad Hoc Committee, and other parties-in-interest in the Chapter 11 Cases.

L.     Certain of the Disclosing Parties also have agreed to produce privilege logs on a rolling basis, and each of the Debtors, the Mortimer-Side Sackler Family and the Raymond-Side Sackler Family have produced several privilege logs. Further logs are due from these parties in September and October 2020, and other privilege logs are expected to be produced by the IACs, the Other II Way Entities, Moab, NRF, and Beth Cohen, and the Official Committee and the Non-

Consenting States anticipate that court intervention may be necessary in the event that disputes relating to these privilege logs arise.[9]

M.     The Debtors, the Official Committee, the Non-Consenting States, and the Ad Hoc Committee are cognizant of the timeline of these Chapter 11 Cases, and would like to set a schedule to proceed with document and deposition discovery in an orderly fashion and as expeditiously as is reasonably possible, while ensuring that privilege and other disputes are resolved on a timely basis and that document productions are available for witness depositions, either during initial examinations or, if necessary, for resumed examinations following completion of document discovery.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED AS FOLLOWS:**

**I.     Document Discovery and Privilege Logs**

1.     Nothing in this Stipulation and Order is intended to alter the deadlines embodied in the existing stipulations and agreements with the Disclosing Parties, including deadlines for the production of documents and privilege logs agreed therein.

2.     The Official Committee and the Non-Consenting States will continue to work in good faith to negotiate further stipulations and agreements relating to the production of ESI and other documents and associated privilege logs, including with respect to negotiations underway concerning production by the IACs and Other II Way Entities, and the production of documents responsive to outstanding subpoenas and other requests in the immediate possession of NRF, and to seek in good faith to cause those productions to be completed in a manner consistent with the orderly and reasonably expedited completion of deposition discovery in connection with the

---

[9] Exhibit A attached hereto identifies current deadlines for the production of privilege logs and completion of key document discovery by the various Disclosing Parties.

6

ongoing Rule 2004 examinations.

## II. Deposition Scheduling

3.     The Official Committee, the Non-Consenting States, the Ad Hoc Committee, and the Debtors shall work together in good faith to schedule depositions related to the Estate Claims Investigation and/or Estate Causes of Action, as those terms are defined in the Discovery Coordination Stipulation, and claims of the Non-Consenting States and the Ad Hoc Committee that do not fall within the Estate Claims Investigation and/or Estate Causes of Action relating to the Mortimer-Side Sackler Family, the Raymond-Side Sackler Family, the IACs, the Other II Way Entities, Moab, NRF, and Beth Cohen, including without the need for the issuance of formal testimonial subpoenas pursuant to Federal Rule of Civil Procedure ("FRCP") 45 as incorporated by Federal Rule of Bankruptcy Procedure ("FRBP") 9016.

4.     The Official Committee, the Non-Consenting States, the Ad Hoc Committee and the Debtors stipulate and agree that they will work in good faith to take initial depositions in these cases beginning in the last week of August 2020 or the first week of September 2020 and to work diligently and in good faith to seek to conclude such depositions by the end of November 2020, and to complete as many of such depositions as may be reasonably practicable before the end of October 2020, taking into account the timing of production of documents and privilege logs that the Committee and the Non-Consenting States believe may be significant to such depositions.

5.     The above-referenced depositions will begin, in some instances, prior to substantial completion of document disclosure by the Disclosing Parties in these cases (including but not limited to the disclosures and associated deadlines set forth in Exhibit A), with the understanding that each party to this Stipulation reserves the right to assert that certain depositions may need to be resumed after additional discovery has been received by the Official Committee, the Non-

Consenting States, the Ad Hoc Committee and the Debtors (and any party has the right to object to any such request). *See* July 23, 2020 Hr'g Tr. at 69.

6.  The parties taking depositions in these cases agree that they shall in good faith seek to avoid unnecessary duplication and to reasonably allocate among themselves time for questioning witnesses, ***provided however*** that nothing herein shall prevent any party from applying to the Court for relief from any limitation on the number or duration of such depositions, to the extent any such limitations may apply, or pursuant to FRCP 45(d)(1), as incorporated by FRBP 9016, to the extent such party believes a deposition or its continuation will impose an undue burden or expense on any witness or party. Nothing herein shall limit any party's right to raise any objection with respect to the appropriateness, scope or topics of any requested deposition.

### III.    Privilege Disputes and Briefing Schedules

7.  Based on communications with representatives of the CSPs, to the extent the Official Committee moves to compel production of documents or otherwise challenge claims of privilege or similar doctrines asserted by (i) the Debtors based on the fiduciary, crime fraud and/or at-issue exceptions to the privilege or (ii) the CSPs based on the crime fraud and/or at-issue exceptions to the privilege (collectively, the "Exceptions") and on grounds other than the Exceptions, including general challenges to the logs produced by the Debtors and/or the CSPs (to the extent such disputes are ripe and not otherwise resolved, the "General Challenges"), the Official Committee shall proceed by two separate motions (the "Privilege Exceptions Motion" and the "General Challenges Motion" and together, the "Privilege Motions").

   a.  The Official Committee may defer the Privilege Motions until the October 28, 2020 omnibus hearing pending production of additional privilege logs by the Debtors and the CSPs and to permit the parties to meet and confer

        regarding as many of the identified documents or categories of documents that may be subject to the Official Committee's motions as is practicable.

    b.    The Official Committee plans to make the Privilege Motions before completion of production of all privilege logs in light of the Court's admonition at the July 23, 2020 Hearing to surface important privilege issues promptly, *see* July 23, 2020 Hr'g Tr. at 69, and may seek to renew aspects of the Privilege Motions with respect to additional claims of privilege that may be asserted after the date the Privilege Motions are made or heard.

8.    In the event the Official Committee elects to seek to have the Privilege Exceptions Motion heard during the October 28, 2020 omnibus hearing, the Privilege Exceptions Motion shall be briefed and heard as follows:

    a.    On or before September 29, 2020, the Official Committee shall file its opening brief, which shall be limited to 50 pages.

    b.    On or before October 14, 2020, any opposition briefs shall be filed, which shall be limited to 50 pages each.

    c.    On or before October 25, 2020, the Official Committee shall file its reply brief, which shall be limited to 50 percent of the total number of pages submitted by all parties opposing the Privilege Exceptions Motion.

    d.    The Privilege Exceptions Motion will be heard at the October 28, 2020 omnibus hearing.

    e.    For the avoidance of doubt, fiduciary good cause exception arguments, if any, shall be addressed to documents withheld on the grounds of any alleged

>   privilege belonging to the Debtors, not to documents withheld on grounds of any alleged privilege belonging to the CSPs.

9.  In the event the Official Committee elects to seek to have the General Challenges Motion heard during the October 28, 2020 omnibus hearing, the General Challenges Motion shall be briefed and heard as follows:

>   a.  On or before September 29, 2020, the Official Committee shall file its opening brief, which shall be limited to 40 pages.
>
>   b.  On or before October 14, 2020, any opposition briefs shall be filed, which shall be limited to 40 pages each.
>
>   c.  On or before October 25, 2020, the Official Committee shall file its reply brief, which shall be limited to 50 percent of the total number of pages submitted by all parties opposing the General Challenges Motion.
>
>   d.  The General Challenges Motion will be heard at the October 28, 2020 omnibus hearing.

10. For the avoidance of doubt, nothing herein shall limit the right of the Official Committee, the Non-Consenting States, the Ad Hoc Committee, the CSPs or any other party to raise any privilege or other discovery dispute of any kind at any time pursuant to the rules applicable in this Court, and nothing herein shall limit, constrain or modify in any way the Debtors' or the CSPs' privilege assertions under applicable law or arguments in opposition to any challenge to any assertions of privilege or discovery disputes.

11. The mediators are authorized to assist the parties in reaching agreement on their informational needs as part of facilitating an overall resolution, it being understood that the parties reserve their rights to present any discovery dispute to the Court and nothing in connection with

the mediation shall impinge on the Court's role in deciding any discovery issues presented to the Court for resolution or modify in any way Paragraphs 7 through 10, including the briefing schedule provided therein.

**IV.    Miscellaneous**

12.    The parties may adjust any deadlines set forth herein by mutual written stipulation of the parties without need for a further order of the Court, except the parties may not shorten the Privilege Motions briefing schedule absent written agreement of the Official Committee, and the Debtors and any other party whose privilege assertions may be subject to challenge in connection with the Privilege Motions, or further order of the Court.

13.    Nothing herein shall prevent any party from seeking a modification of this order, and the Court may enter a further or amended scheduling order as may be necessary at an appropriate juncture setting deadlines and otherwise addressing matters not addressed herein.

14.    Nothing herein shall affect or constrain in any way any party's ability to take any action not specifically addressed by this Stipulation including objecting as to the scope of appropriate discovery.

**STIPULATED AND AGREED:**

Dated: September 28, 2020
New York, New York

*/s/ Mitchell P. Hurley*

AKIN GUMP STRAUSS
HAUER & FELD LLP

Ira Dizengoff
Arik Preis
Mitchell Hurley
Joseph L. Sorkin
Sara L. Brauner
One Bryant Park
Bank of America Tower
New York, New York 10036
Telephone: (212) 872-1000

*Counsel to the Official Committee of Unsecured Creditors*

*/s/ Benjamin S. Kaminetzky*

DAVIS POLK & WARDWELL LLP

Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut
Christopher S. Robertson
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000

*Counsel to the Debtors*

*/s/ Andrew M. Troop*

PILLSBURY WINTHROP SHAW
PITTMAN LLP

Andrew M. Troop
Jason Sharp
31 West 52nd Street
New York, New York 10019
Telephone: (212) 858-1000

*Counsel to the Ad Hoc Group of Non-Consenting States*

*/s/ Rachael Ringer*

| | |
|---|---|
| KRAMER LEVIN NAFTALIS & FRANKEL LLP<br>Kenneth H. Eckstein<br>David E. Blabey Jr.<br>Rachael Ringer<br>1177 Avenue of the Americas<br>New York, NY 10036<br>Telephone: (212) 715-9100 | GILBERT LLP<br>Scott D. Gilbert (admitted *pro hac vice*)<br>Craig Litherland (admitted *pro hac vice*)<br>Kami E. Quinn (admitted *pro hac vice*)<br>100 New York Ave, NW, Suite 700<br>Washington, D.C. 20005<br>Telephone: (202) 772-2200 |
| BROWN RUDNICK LLP<br>David J. Molton<br>Steven D. Pohl<br>7 Times Square<br>New York, NY 10036<br>Telephone: (212) 209-4800 | OTTERBOURG P.C.<br>Melanie L. Cyganowski<br>Jennifer S. Feeney<br>230 Park Avenue<br>New York, NY 10169<br>Telephone: (212) 661-9100 |

*Counsel to the Ad Hoc Committee*

**SOLELY AS TO PARAGRAPHS 7 TO 10**

*/s/ Alexander B. Lees*

MILBANK LLP
Gerard Uzzi
Alexander B. Lees
55 Hudson Yards
New York, NY 10001
Telephone: (212) 530-5000

*/s/ Mara Leventhal*

JOSEPH HAGE AARONSON LLC
Gregory P. Joseph
Mara Leventhal
485 Lexington Avenue, 30th Floor
New York, New York 10017
New York, NY 10017
Telephone: (212) 407-1200

*Counsel to the Raymond Side Covered Parties*

*/s/ Jasmine Ball*

DEBEVOISE & PLIMPTON LLP
Harold W. Williford
Jasmine Ball
M. Natasha Labovitz
Maura Kathleen Monaghan
Jeffery J. Rosen
919 Third Avenue
New York, NY 10022
Telephone: (212) 909-6000

*Counsel to the Mortimer Side Covered Parties*

**SO ORDERED.**

Dated: September 28, 2020           /s/Robert D. Drain
White Plains, New York              THE HONORABLE ROBERT D. DRAIN
                                    UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT A

*In re Purdue Pharma L.P., et al.*, No. 19-23649 (RDD) (Bankr. S.D.N.Y.)
**Discovery Schedule**

| Date | Description |
|---|---|
| August 21, 2020 | Deadline for Todd & Levi to produce privilege log for David Sackler Moab ESI. |
| August 22, 2020 | Deadline for production of Beth Cohen ESI for first set of documents reviewed. [ECF No. 1345] ¶ 6. |
| August 25, 2020 | Deadline for production of non-privileged DOJ documents after limited privilege review conducted by Debtors unless the Debtors cannot complete production for reasons beyond their control. [ECF No. 1553] ¶ 10. |
| August 28, 2020 | Deadline for Side A's second privilege log [15 days from the Required, Agreed or Ordered Deadline]. [ECF No. 1347] ¶ 7(d), as confirmed by email on July 9, 2020. |
| August 31, 2020 | Deadline for production of non-privileged DOJ documents that do not require additional review from Debtors. [ECF No. 1553] ¶ 10. |
| September 1, 2020 | • Deadline for Debtors to substantially complete review and production of ESI responsive to search terms applied to Agreed Upon Custodial Collection. [ECF No. 1553] ¶ 3.<br><br>• Deadline for production of non-privileged DOJ documents after limited privilege review conducted by Debtors. [ECF No. 1553] ¶ 10.<br><br>• Deadline for Debtors' privilege log in connection with DOJ documents unless the Debtors cannot provide the privilege log for reasons beyond their control. [ECF No. 1553] ¶ 10.<br><br>• Side B required to use good faith efforts to complete review of first 100,000 unique ACSP documents. [ECF No. 1348] ¶ 8.<br><br>• Deadline for production of Stephen Ives ESI from 1/1/95 through 12/31/07 [Side B]. [ECF No. 1348] ¶ 5(b).[1] |

---

[1] By letter dated August 7, 2020, Side B advised through its counsel that it had completed production of all Stephen Ives ESI contemplated by the parties' stipulation.

1

|  |  |
|---|---|
|  | • Deadline for production of David Sackler Moab ESI from Milbank.[2] |
| September 4, 2020 | Deadline for Side B's second privilege log.  [ECF No. 1348] ¶ 12(b). |
| September 8, 2020 | Deadline for production of documents withheld from production between 7/1 and 8/14 that Side B determines in connection with preparing its second privilege log should have been produced.  [ECF No. 1348] ¶ 12(b). |
| September 11, 2020 | Deadline for Beth Cohen's first privilege log.  [ECF No. 1345] ¶ 10(a). |
| September 15, 2020 | • Deadline for Debtors' third privilege log.  [ECF No. 1553] ¶ 7.<br><br>• Deadline for Debtors' privilege log in connection with DOJ documents.  [ECF No. 1553] ¶ 10.<br><br>• Deadline for production of responsive, non-privileged ESI from second set of 100,000 unique documents reviewed from Side B ACSPs.  [ECF No. 1348] ¶ 9.<br><br>• Deadline for production of Beth Cohen documents that were initially withheld or redacted from 8/22 production.  [ECF No. 1345] ¶ 10(a). |
| September 18, 2020 | • Deadline for substantial completion of production of non-ESI IAC documents.  [ECF No. 1518] ¶ 28. |
| September 19, 2020 | • Deadline for production of first set of documents from IAC Phase I Custodians [37 days from the Official Committee's written request].  [ECF No. 1518] ¶ 16, as amended by email on August 14, 2020. |
| September 22, 2020 | • Deadline for Side B's third privilege log.  [ECF No. 1348] ¶ 12(c).<br><br>• Deadline for final privilege log from Milbank re David Sackler Moab ESI. |
| September 26, 2020 | Deadline for production of documents withheld from production between 8/14 and 9/1 that Side B determines in connection with preparing its third privilege log should have been produced.  [ECF No. 1348] ¶ 12(c). |

---

[2] Side B indicated in an August 10, 2020 letter that it would "use best efforts to substantially compete production of the Moab documents on or before August 24," but is bound by the September 1, 2020 deadline.

| | |
|---|---|
| September 30, 2020 | Deadline for revised third privilege log from Debtors. [ECF No. 1553] ¶ 7. |
| October 1, 2020 | Deadline for production of remaining documents from Side B ACSPs (in the event Side B reviews more than 100,000 documents but fewer than 300,000 documents). [ECF No. 1348] ¶ 9. |
| October 4, 2020 | • Deadline for production of second set of documents from IAC Phase I Custodians [52 days from the Official Committee's written request]. [ECF No. 1518] ¶ 16, as amended by email on August 14, 2020.<br><br>• Deadline for IAC privilege log re Non-ESI production and first 300,000 Phase I Custodian ESI documents reviewed [15 days from substantial completion date]. [ECF No. 1518] ¶ 33, as amended by email on August 14, 2020. |
| October 8, 2020 | Deadline for Beth Cohen's second privilege log. [ECF No. 1345] ¶ 10(b). |
| October 12, 2020 | Deadline for production of responsive Beth Cohen documents that were initially withheld or redacted from production between 8/23 and 9/22. [ECF No. 1345] ¶ 10(b). |
| October 15, 2020 | Deadline for production of documents from IAC Phase II Custodians. [ECF No. 1518] ¶ 24. |
| October 19, 2020 | • Deadline for production of third set of documents from IAC Phase I Custodians [67 days from the Official Committee's written request]. [ECF No. 1518] ¶ 17, as amended by email on August 14, 2020.<br><br>• Deadline for IAC privilege log re second ESI production [15 days from substantial completion date]. [ECF No. 1518] ¶ 33, as amended by email on August 14, 2020. |
| October 22, 2020 | Deadline for Side B's fourth privilege log (if needed). [ECF No. 1348] ¶ 12(d). |
| October 26, 2020 | Deadline for production of documents withheld from production between 9/1 and 10/1 that Side B determines in connection with preparing its fourth privilege log should have been produced (if needed). [ECF No. 1348] ¶ 12(d). |
| October 30, 2020 | Deadline for final IAC privilege log [15 days from substantial completion date]. [ECF No. 1518] ¶ 33. |

**Discovery and Deadlines Still Subject to Negotiation**

- Production of documents in the immediate possession of Norton Rose Fulbright LLP/Chadbourne & Parke LLP responsive to subpoenas and informal requests served on Side A, Side B, the Debtors, the IACs, the II Way Entities and Stuart Baker.

- Deadlines for certain IAC productions.

- Production of responsive documents from Mortimer D. Sackler's UK-based email account.  [ECF No. 1347] ¶ 4.

- Production of responsive documents from the Other II Way Entities.