DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Frances E. Bivens
Benjamin S. Kaminetzky
Timothy Graulich
James I. McClammy

*Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (RDD)** |
| **Debtors.**[1] | **(Jointly Administered)** |

**JOINT STATEMENT OF DEBTORS AND PUBLIC CLAIMANTS
IN RESPONSE TO MOVANT INDEPENDENT EMERGENCY ROOM
PHYSICIAN'S REQUEST TO ADJOURN**

Purdue Pharma L.P. and its affiliated debtors in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, "**Debtors**"), the Ad Hoc Committee of Governmental and Other Contingent Litigation Claimants ("**Ad Hoc Committee**"), the Ad Hoc Group of Non-Consenting States ("**Non-Consenting States**"), and the Multi-State Governmental Entities Group ("**MSGE Group**," and together with the Ad Hoc Committee and the Non-Consenting States, the "**Public Claimants**") submit this objection ("**Objection**") to *Movant*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

1

*Independent Emergency Room Physician's Omnibus Reply Regarding Movant's Motion for Class Treatment Pursuant to Fed. Bankr. P. 9014 and 7023 for an Order Making Fed. R. Civ. P. 23 Applicable to These Proceedings, and Granting Related Relief* [Dkt. No. 1731] ("**Request to Adjourn**") filed by Independent Emergency Room Physician Michael Masiowski ("**Movant**") and respectfully state as follows:

1.  Having first sought to expedite a hearing on the Motion,[2] the Movant now seeks to avoid a hearing on the merits. The Debtors and Public Claimants have already submitted their responses demonstrating that the Motion is entirely devoid of merit and disruptive. (*See generally* Debtors' Obj. to Movant Independent Emergency Room Physician's Mot. for Class Treatment (Sept. 23, 2020), Dkt. No. 1717 ("**Debtors' Objection**"); Public Claimants' Joint Obj. to Independent Emergency Room Physician's Mot. to Permit the Filing of a Class Proof of Claim (Sept. 23, 2020), Dkt. No. 1720 ("**Public Claimants' Objection**").) The UCC too ultimately takes the position that "the Court should decline to exercise its discretion to apply Bankruptcy Rule 7023 to the Motion." (*See* Resp. of the Official Comm. of Unsecured Creditors to Movant Independent Emergency Room Physician's Mot. for Class Treatment ¶ 6 (Sept. 23, 2020), Dkt. No. 1718.) It is unsurprising, then, that the Request to Adjourn largely abandons any pretense of defending the Movant's Motion on the merits and rests on a number of mistaken legal and factual premises. It should also be rejected.

2.  First, the Request to Adjourn is seemingly predicated on the notion that the only issue with respect to the Movant's class claim motion is its late timing, which, in the Movant's view, should be excused in the interest of equity and fairness. (Req. to Adj. ¶¶ 1-2.) To be sure,

---

[2] "Motion" refers to *Movant Independent Emergency Room Physician's Motion for Class Treatment Pursuant to Fed. Bankr. P. 9014 and 7023 for an Order Making Fed. R. Civ. P. 23 Applicable to These Proceedings, and Granting Related Relief* (Aug. 27, 2020) [Dkt. No. 1629].

2

the late hour at which the Movant filed the Motion is a problem that is both fundamental and fatal to the requested relief. (Debtors' Obj. ¶¶ 1, 16-19; Public Claimants' Obj. ¶ 2.) But it is far from the only one. As the Debtors and Public Claimants established in their respective objections, the Movant does not satisfy a *single one* of the factors courts commonly consider in determining whether to extend Rule 23 to the proof of claim context and falls woefully short of satisfying the basic requirements of Rule 23. (*See generally* Debtors' Obj.; Public Claimants' Obj.)

3. Second, the troubles inherent in the Request to Adjourn are obvious. The Movant appears to understand that the long-running mediation on allocation issues which he seeks to join, and which he contends his class motion should be adjourned in deference to, has all but concluded. (*See* Mediator's Report (Sept. 23, 2020), Dkt. No. 1716.) In light of this, the Movant asks for an opportunity to weigh in on *other parties'* agreements with respect to abatement, claiming that "ER Physicians are uniquely positioned to provide substantive, meaningful and unparalleled input into maximizing the potential to achieve the objections set forth in the Mediators' Report." (Req. to Adj. ¶¶ 4, 7-8.) Not only is such a request wholly inappropriate but it also would open Pandora's box, as all manner of other individuals would no doubt line up to offer their own perspectives and personal experiences—almost assuredly not for the public or estates' benefit but for a price. If the Movant truly believed he was deserving of a seat at the mediation table, the timely and appropriate time to move for such relief was six months ago when mediation was kicking off, not now as it is concluding.

4. Finally, the Movant's comparison to the recent stipulation and order permitting the National Association for the Advancement of Colored People ("**NAACP**") to participate in the mediation is entirely unavailing. The NAACP has a long and successful record of advocacy on issues of import to communities of color and under-served communities, and the Debtors, the

3

UCC, and the Public Claimants support engaging in continuing discussions with the NAACP regarding the equitable implementation of the abatement program in each state. (*See* Stip. & Agreed Order Resolving Mot. of the National Association for the Advancement of Colored People to Intervene In Chapter 11 Case (Aug. 26, 2020), Dkt. No. 1614.) And unlike the Movant, the NAACP does not seek an allocation for itself. (*Id.* ¶ 1.) The inclusion of this widely respected organization by no means "established a precedent that . . . the Court will expand the [mediation] roster" to include individuals like the Movant here.

5. For all of these reasons, the Debtors and Public Claimants respectfully submit that this Court should deny the Movant's Request to Adjourn in its entirety; hear argument on the Movant's class claim motion as currently scheduled on September 30, 2020; and deny that Motion for the reasons set forth in the Debtors' Objection and the Public Claimants' Objection.

Dated: September 29, 2020
   New York, New York

               */s/ James I. McClammy*
               DAVIS POLK & WARDWELL LLP
               450 Lexington Avenue
               New York, New York 10017
               Telephone: (212) 450-4000
               Facsimile: (212) 701-5800
               Marshall S. Huebner
               Frances E. Bivens
               Benjamin S. Kaminetzky
               Timothy Graulich
               James I. McClammy

               *Counsel to the Debtors*
               *and Debtors in Possession*

| | |
|---|---|
| PILLSBURY WINTHROP SHAW PITTMAN LLP<br><br>By: /s/ *Andrew Troop*<br>31 West 52nd Street<br>New York, New York 10019<br>Telephone: (212) 858-1000<br>Andrew M. Troop<br>Jason S. Sharp (admitted pro hac vice)<br>Andrew A. Alfano<br><br>*Counsel to Ad Hoc Group of Non-Consenting States* | CAPLIN & DRYSDALE, CHARTERED<br><br>By: /s/ *Kevin Maclay*<br>One Thomas Circle, NW, Suite 1100<br>Washington, DC 20005<br>Telephone: (202) 862-5000<br>Facsimile: (202) 429-3301<br>Kevin C. Maclay, Esq. (admitted pro hac vice)<br>Todd E. Phillips, Esq.<br>Ann Weber Langley, Esq. (admitted pro hac vice )<br>George M. O'Connor, Esq. (admitted pro hac vice)<br><br>*Counsel for the Multi-State Governmental Entities Group* |
| KRAMER LEVIN NAFTALIS & FRANKEL LLP<br><br>By: /s/ *Kenneth H. Eckstein*<br>1177 Avenue of the Americas<br>New York, NY 10036<br>Telephone: (212) 715-9100<br>Kenneth H. Eckstein<br>David E. Blabey Jr.<br>Rachael Ringer<br><br>-and-<br><br>GILBERT LLP<br><br>100 New York Avenue, NW, Suite 700<br>Washington, D.C. 20005<br>Telephone: (202) 772-2200<br>Scott D. Gilbert (admitted *pro hac vice*)<br>Craig Litherland (admitted *pro hac vice*)<br>Kami E. Quinn (admitted *pro hac vice*)<br><br>-and- | BROWN RUDNICK LLP<br><br>7 Time Square<br>New York, NY 10036<br>Telephone: (212) 209-4800<br>David J. Molton<br>Steven D. Pohl<br><br>-and-<br><br>OTTERBOURG P.C.<br>230 Park Avenue<br>New York, NY 10169<br>Telephone: (212) 661-9100<br>Melanie L. Cyganowski<br>Jennifer S. Feeney<br><br>*Counsel to the Ad Hoc Committee of Governmental and other Contingent Litigation Claimants* |

5