**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------X
                                                                  :
In re:                                                            :    Chapter 11
                                                                  :
PURDUE PHARMA L.P., *et al.*,                                     :    Case No. 19-23649 (RDD)
                                                                  :
                              Debtors.                            :    (Jointly Administered)
                                                                  :
------------------------------------------------------------------X

## ORDER EXPANDING SCOPE OF MEDIATION

Entry of an order (this "Supplemental Mediation Order") supplementing the order (the "Mediation Order")[1] entered by the Court on March 4, 2020 [Dkt. No. 895] directing the appointment of the Honorable Layn Phillips and Mr. Kenneth Feinberg (the "Mediators") to serve as co-mediators in these chapter 11 cases as set forth therein being in the estates' best interests; and the Court having jurisdiction to consider such request pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Supplemental Mediation Order being a core proceeding under 28 U.S.C. § 157(b) that this Court may decide by a final order consistent with Article III of the United States Constitution; and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that no other or further notice or a hearing is required; and after due deliberation the Court having determined that such relief is in the best interests of the Debtors, their estates, their creditors and all parties in interest,

IT IS HEREBY ORDERED THAT:

---

[1] Unless the context requires otherwise, capitalized terms not defined in this Order have the meanings given them in the Mediation Order.

1.       This Supplemental Mediation Order supplements the Mediation Order, as set forth herein, and all provisions of the Mediation Order not expressly amended hereby remain in full force and effect.

2.       In accordance with paragraph 3 of the Mediation Order, the Mediators are authorized to continue the existing mediation to resolve open issues referenced in the *Mediators' Report* [Dkt. No. 1716]; *provided* that the Non-Federal Public Claimants and the Private Claimants shall not reopen or renegotiate issues that have already been resolved in the mediation as of such date.

3.       In accordance with paragraph 3 of the Mediation Order, the scope of the Mediators' authority shall be expanded to authorize the Mediators to mediate any and all potential claims or causes of action that may be asserted by the estate or any of the Non-Federal Public Claimants against the Covered Parties (as defined in the *Amended and Restated Case Stipulation Among the Debtors, the Official Committee of Unsecured Creditors and Certain Related Parties* [Dkt. No. 518]) or that may otherwise become the subject of releases potentially granted to the Covered Parties in these chapter 11 cases (the "Shareholder Claims").

4.       With respect to the mediation of Shareholder Claims as set forth herein, the Mediation Parties shall consist solely of the (i) Debtors, (ii) Creditors' Committee, (iii) Consenting Ad Hoc Committee, (iv) Non-Consenting States, (v) MSGE Group, and (vi) representatives of the Covered Parties.  To the extent not previously executed, the Mediation Parties shall execute and agree to be bound by the Protective Order.  The Federal Government shall be entitled, without further order of the Court, to participate in mediation sessions as an observer.  The advisors to the Mediation Parties listed in this paragraph 4 shall be permitted to disclose information, including, without limitation, discussions, proposals, agreements, and written materials but expressly

excluding any proposal, mediation position, analysis, agreement or similar information from or with a mediation party who has not consented to its disclosure under this paragraph regarding the mediation of Shareholder Claims to counsel to any party that is bound both by the Protective Order and the Mediation Order (including, as applicable for such party, so long as such counsel is included within the designated counsel pursuant to paragraph 44 of the Protective Order), which counsel shall continue to be bound by the Protective Order in connection with the receipt of any such information.

5. The mediation with respect to the Shareholder Claims authorized hereby shall continue until terminated by the Mediators or by further order of this Court.

6. Paragraph 14 of the Mediation Order is hereby amended and restated as follows: To the extent that any Mediation Party is in possession of privileged or confidential documents and/or information provided to such Mediation Party pursuant to the terms and conditions of the Protective Order, such information may (with the written consent of the party that owns such privilege), but shall not be required to, be disclosed to the Mediators and other Mediation Parties, but shall otherwise remain privileged and confidential. Any Mediation Party may provide documents and/or information to the Mediators that are subject to a privilege or other protection from discovery, including the attorney-client privilege, the work product doctrine, or any other privilege, right, or immunity the parties may be entitled to claim or invoke (the "Privileged Information"). By providing the Privileged Information to the Mediators or by consenting in writing to the Mediators providing such Privileged Information to another party, no Mediation Party nor its respective professionals intends to, nor shall, waive, in whole or in part, the attorney-client privilege, the work-product doctrine, or any other privilege, right or immunity they may be entitled to claim or invoke with respect to any Privileged Information or otherwise. Any work product, materials, or information shared or produced by a Mediation Party with the Mediators, including Privileged Information, shall be subject to all applicable

mediation privileges and shall not be shared by the Mediators with any other Mediation Parties without the consent of the sharing or producing Mediation Party.

7. References to "Mediation Parties" in paragraphs 5, 9, 10, 11, 12, and 13 of the Mediation Order shall be construed, for purposes of mediation of the Shareholder Claims, to apply to the Mediation Parties listed in paragraph 4 hereof.

8. Participation in the mediation does not waive any jurisdictional defenses that otherwise would apply to any party, all of which defenses are reserved.

9. Except as expressly set forth herein, the Mediation Order shall remain in full force and effect.

10. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: September 30, 2020  
      White Plains, New York

*/s/Robert D. Drain*
THE HONORABLE ROBERT D. DRAIN
1. UNITED STATES BANKRUPTCY JUDGE