UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re:<br><br>PURDUE PHARMA L.P., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 19-23649 (RDD)<br><br>(Jointly Administered) |

## ORDER AUTHORIZING THE DEBTORS TO IMPLEMENT
## A KEY EMPLOYEE RETENTION PLAN

Upon the motion (the "**Motion**")[2] of Purdue Pharma L.P. and its affiliates that are debtors

and debtors in possession in these cases (collectively, the "**Debtors**") for entry of an order (this

"**Order**") approving and authorizing the KEIP and the KERP, as more fully set forth in the

Motion; and upon the Lowne Declaration and the Willis Towers Watson Declaration; and the

Court having jurisdiction to consider the matters raised in this Motion pursuant to 28 U.S.C.

§§ 156(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January

31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a

core proceeding under 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to

28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to

the Notice Parties, and it appearing that no other or further notice need be provided; and upon the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014).  The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Capitalized terms used but otherwise not defined herein will have the meanings set forth in the Motion.

two objections to the Motion; and the hearing on the Motion's request for relief with respect to the KEIP having been adjourned to October 28, 2020 at 10:00 a.m. (prevailing Eastern Time), and the Debtors having agreed to defer the hearing on a portion of the Motion's request for relief with respect to the KERP and to amend the remaining portion of the Motion's request for relief with respect to the KERP as set forth in the Debtor's Reply Brief (as defined herein) as agreed to by the Debtors, the UCC, the NCSG, the AHC, and the MSGE; and upon the record of the hearing held by the Court on the Motion's amended request for approval of the KERP on September 30, 2020 (the "**Hearing**"); and, after due deliberation and for the reasons stated by the Court in its bench ruling at the Hearing, the Court having determined that the legal and factual bases set forth in the Motion, as amended, and at the Hearing establish just cause for the relief granted herein under section 503(c)(3) of the Bankruptcy Code, which relief is in the best interests of the Debtors, their creditors, their estates, and all other parties in interest, and that the objections to the Motion with respect to the KERP should be denied; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor;

   **IT IS HEREBY ORDERED THAT:**

   1.     Pursuant to sections 105(a), 363, and 503(c)(3) of the Bankruptcy Code, the Motion is granted as set forth herein.

   2.     For the avoidance of doubt, the hearing on the relief requested in the Motion with respect to the KEIP is adjourned to October 28, 2020 at 10:00 a.m. (prevailing Eastern Time).

   3.     The KERP is approved in its entirety in the modified form set forth in the *Debtors' Omnibus Reply in Support of Motion of Debtors for Entry of an Order Authorizing Implementation of a Key Employee Incentive Plan and a Key Employee Retention Plan* [ECF

No. 1742] (the "**Reply Brief**"); provided that, with respect to eight KERP Participants (the "**Specified Participants**") identified by the Debtors, the UCC, the NCSG, the Ad Hoc Committee and the MSGE, payments under the KERP to each such Specified Participant shall be made only upon either (a) agreement to such payments by the UCC, the NCSG, the Ad Hoc Committee and the MSGE or (b) further order of the Court authorizing such payments (which order may not be sought prior to the October omnibus hearing).  The UCC, the NCSG, the Ad Hoc Committee and the MSGE will be deemed to have agreed to such payments unless they file an objection to the approval of the KERP with respect to any Specified Participant prior to October 21, 2020 at 4:00 p.m. (prevailing Eastern Time), which objection deadline may be extended with the consent of the Debtors without order of the Court, which consent may be granted via email. Any such objections shall be heard at the omnibus hearing on October 28, 2020 at 10:00 a.m. (prevailing Eastern Time) or a subsequent hearing noticed by the Debtors.

4.      The Debtors are authorized, but not directed, to take all actions necessary to implement the KERP on the terms and conditions set forth in the Motion, but solely as modified by the Reply Brief, including making any payments pursuant to the terms of the KERP (as modified by the Reply Brief).

5.      Once earned, the Debtors' obligations to pay amounts that become due and owing under the KERP shall constitute administrative expenses pursuant to section 503(b) of the Bankruptcy Code, thereby entitled to priority payment pursuant to section 507(a)(2) of the Bankruptcy Code.

6.      Nothing in this Order or any action taken by the Debtors in furtherance of the implementation hereof shall be deemed to constitute an assumption or rejection of any executory

contract or unexpired lease pursuant to section 365 of the Bankruptcy Code, and all of the Debtors' rights with respect to such matters are expressly reserved.

7.      Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall (a) create, nor is it intended to create, any rights in favor of, or enhance the status of any claim held by, any person or entity or (b) be deemed to convert the priority of any claim from a prepetition claim into an administrative expense claim.

8.      Nothing in this Order nor the Debtors' payment of claims pursuant to this Order shall be construed as or deemed to constitute (a) an agreement or admission by the Debtors as to the validity of any claim against the Debtors on any ground, (b) a grant of third-party beneficiary status or bestowal of any additional rights on any third party, (c) a waiver or impairment of any rights, claims, or defenses of the Debtors' rights to dispute any claim on any ground, (d) a promise by the Debtors to pay any claim, or (e) an implication or admission by the Debtors that such claim is payable pursuant to this Order.

9.      Nothing in this Order or its approval is intended to be (a) an agreement by any creditor with the Debtors' assessment of the current compensation market or (b) an agreement or endorsement by any creditor of the contours of any specific plan of reorganization for the Debtors.

10.     For the avoidance of doubt, to the extent that any KERP Participant is determined by a final order of this Court or any court of competent jurisdiction to have (a) knowingly participated in any criminal misconduct in connection with his or her employment with the Debtors or (b) been aware, other than from public sources, of acts or omissions of others that such participant knew at the time were fraudulent or criminal with respect to the Company's commercial practices in connection with the sale of opioids and failed to report such fraudulent

or criminal acts or omissions internally at the Company or to law enforcement authorities at any time during his or her employment with the Company, such participant shall not be eligible to receive any payments approved by this Order. All parties' rights, if any, to seek disgorgement of payments following the entry of such final order are reserved.

11.     Any Bankruptcy Rule (including, but not limited to, Bankruptcy Rule 6004(h)) or Local Rule that might otherwise delay the effectiveness of this Order is hereby waived, for cause shown, and the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

12.     The contents of the Motion and the notice procedures set forth therein are good and sufficient notice and satisfy the Bankruptcy Rules and the Local Bankruptcy Rules for the Southern District of New York, and no other or further notice of the Motion or the entry of this Order shall be required.

13.     The Debtors are authorized to take all such actions as are necessary or appropriate to implement the terms of this Order.

14.     The Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.


Dated:  White Plains, New York          /s/ Robert D. Drain
        October 1, 2020          THE HONORABLE ROBERT D. DRAIN
                                   UNITED STATES BANKRUPTCY JUDGE