**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re:<br><br>**PURDUE PHARMA L.P.**, *et al.*,<br><br>Debtors.[1] | **Chapter 11**<br><br>**Case No. 19-23649 (RDD)**<br><br>**(Jointly Administered)** |

**ORDER GRANTING MOTION FOR ENTRY OF ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 107(b) AND FED. R. BANKR. P. 9018 AUTHORIZING THE FILING OF CERTAIN INFORMATION AND EXHIBITS UNDER SEAL IN CONNECTION WITH THE MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER (I) APPROVING SALE OF DEBTORS' COVENTRY FACILITY AND RELATED ASSETS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES, (II) APPROVING DEBTORS' ENTRY INTO A LONG-TERM API SUPPLY AGREEMENT, (III) AUTHORIZING ASSUMPTION AND ASSIGNMENT OR ASSIGNMENT, AS APPLICABLE, OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND (IV) GRANTING RELATED RELIEF**

Upon the motion, dated September 14, 2020 (the "**Motion**")[2] of Purdue Pharma L.P. and its affiliates that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**") for entry of an order (this "**Order**"), pursuant to 11 U.S.C. §§ 105(a) and 107(b) and

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to such term in the Motion.

Fed. R. Bankr. P. 9018, authorizing the Debtors to file under seal the Sale Motion, including the exhibits attached thereto, and declaration in support thereof, and to file a redacted version of such documents on the public docket of these cases, and for related relief, all as described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and no other or further notice of the Motion being required; and there being no objections to the Motion; and upon the record of the hearing held by the Court on the Motion on September 30, 2020 (the "**Hearing**"); and, after due deliberation, the Court having determined that the legal and factual bases set forth in the Motion establish good and sufficient cause for the relief granted herein, in that the proposed redacted information constitutes commercial information properly protected under 11 U.S.C. § 107(b) on the terms of this Order; and such relief being in the best interests of the Debtors, their estates, creditors and all parties in interest; now, therefore,

**IT IS HEREBY ORDERED THAT**

1. The Motion is hereby granted as set forth herein.

2. Pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Bankruptcy Rule 9018-1, the Debtors are authorized to file on the public docket of these cases the redacted Sale Motion and exhibits thereto, including a redacted form of the APA and any exhibits and schedules thereto, and supporting declarations, in each case as set forth in the versions submitted to the Court in connection with the Motion (the "**Redacted Documents**").

3. The Debtors are authorized to file the un-redacted Sale Motion and exhibits thereto, including an un-redacted form of the APA and any exhibits and schedules thereto, and supporting declarations (the "**Sealed Documents**") under seal, by providing the Sealed Documents, with a copy of this Order to the Clerk of the Court, Attn.: Mimi Correa, in an envelope, either paper or electronic, prominently marked TO BE FILED UNDER SEAL. The Sealed Documents shall remain under seal, unless otherwise ordered by the Court or disclosed in accordance with the procedures outlined in the Protective Order [ECF 784] or as agreed to by the Debtors and the Purchaser under appropriate confidentiality agreements satisfactory to the Debtors and the Purchaser.

4. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

5. Entry of this Order is without prejudice to the rights of any party in interest in the Chapter 11 Cases or the U.S. Trustee to seek an order of this Court unsealing all or part of the Redacted Documents or the Sealed Documents.

6. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

7. Counsel for the Debtors shall contact the Clerk's Office regarding the return or other disposition of the Sealed Documents within 10 days after the determination by final order of the Sale Motion. If the Debtors fail to do so, the Clerk of Court is authorized to destroy the Sealed Documents.

Dated: White Plains, New York  /s/Robert D. Drain
      October 1, 2020  THE HONORABLE ROBERT D. DRAIN
                                                            UNITED STATES BANKRUPTCY JUDGE