UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (RDD)** |
| Debtors.[1] | **(Jointly Administered)** |

**STIPULATION AND AGREED ORDER FOR THE WITHDRAWAL
WITHOUT PREJUDICE OF SCOTT COUNTY, MISSISSIPPI'S
MOTION TO ALLOW/DEEM TIMELY LATE FILING OF PROOF OF CLAIM**

This Stipulation and Order (the "**Stipulation and Order**") is entered into as of September 22, 2020 by and between Purdue Pharma L.P. and the other debtors in its above-captioned chapter 11 cases (collectively, the "**Debtors**" and the "**Bankruptcy Cases**") and Scott County, Mississippi ("**Scott County**") (each a "**Party**" and, collectively, the "**Parties**"). The Parties agree, subject to the approval of the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), as follows:

**RECITALS**

A.    The Debtors commenced the above-captioned chapter 11 cases under title 11 of the United States Code (the "**Bankruptcy Code**") on September 15, 2019 (the "**Petition Date**").

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

B. The Bankruptcy Court established June 30, 2020, as the deadline for each person, entity, governmental unit, and Native American Tribe to file a proof of claim against the Debtors which arose on or prior to the Petition Date (the "**General Bar Date**") [*See* Dkt. No. 800].

C. By order dated June 3, 2020, the General Bar Date was extended to Thursday, July 30, 2020 at 5:00 p.m. (Prevailing Eastern Time) (the "**Extended General Bar Date**") [*See* Dkt No. 1221].

D. On August 17, 2020, Scott County submitted a proof of claim after the Extended General Bar Date (the "**Late Filed Claim**") and filed the *Motion to Allow/Deem Timely Late Filing of Proof of Claim; Memorandum of Points and Authorities; Declaration of Merrida Coxwell* (the "**Motion**") [Dkt No. 1645] seeking to treat the Late Filed Claim as a timely filed proof of claim for all purposes in these Bankruptcy Cases.

E. Given the status of the Bankruptcy Cases, and, particularly, the manner in which the non-federal public side opioid claimants currently contemplate treating municipalities in a plan of reorganization, the Parties agree that the issue raised in the Motion does not need to be resolved now, and it is further agreed that any delay in resolution of the Motion will not prejudice Scott County.

**NOW, THEREFORE**, the following is hereby stipulated and agreed to, subject to the approval of the Bankruptcy Court:

1. The preceding recitals are incorporated into this Stipulation and Order by this reference.

2. The Motion is withdrawn without prejudice.

3. Notwithstanding the Late Filed Claim, Scott County shall receive notice and service of the following pleadings in the same manner as other similarly situated creditors that filed a proof

of claim on or before the Extended General Bar Date: notice of any proposed disclosure statement, as may be revised and amended, any proposed plan of reorganization, as may be revised and amended, and solicitation material thereof.

4. Scott County is authorized, but not directed, to refile the Motion only after the following conditions are satisfied: (i) Scott County has been served with a proposed plan of reorganization filed by the Debtors and (ii) the Bankruptcy Court has approved a disclosure statement and set forth a voting deadline for acceptance or rejection of the proposed plan.

5. If Scott County decides to refile the Motion, the refiled Motion shall be scheduled and heard on or before the plan voting deadline established by the Bankruptcy Court.

6. Scott County shall be authorized, but not directed, to vote to accept or reject the plan and such vote may be transmitted on or before the voting deadline, which vote shall be held in abeyance pending decision by the Bankruptcy Court on the refiled Motion. For the avoidance of doubt, a vote by Scott County to accept or reject the plan will only be valid upon the Bankruptcy Court's granting of the refiled Motion.

7. No party in interest in these cases, including the Debtors, may object to the refiled Motion on the basis of delay between the filing of the Motion and the hearing on the refiled Motion, but any party in interest in these cases may object to the refiled Motion on any other basis. The Parties', and every party in interests', rights and defenses are otherwise reserved.

8. This Stipulation and Order may be executed in counterparts, and each counterpart, when so executed and delivered, shall be deemed an original, and all counterparts, taken together, shall constitute one and the same Stipulation and Order.

9. Except as expressly set forth in this Stipulation, nothing contained herein shall be an admission or waiver of the substantive or procedural rights, remedies, claims, or defenses of any of the Parties in these chapter 11 cases, whether at law or equity.

10. The headings used in this Stipulation and Order are for convenience of reference only and shall not be used or deemed to explain or modify the terms of any provision hereof.

11. The undersigned represent that they are fully authorized to enter into this Stipulation and Order on behalf of their respective client(s).

12. The Bankruptcy Court shall retain exclusive jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation and Order.

**IN WITNESS WHEREOF**, the Parties have executed this Stipulation and Order on this 22 day of September, 2020.

| COXWELL & ASSOCIATES PLLC | DAVIS POLK & WARDWELL LLP |
|---|---|
| By: /s/ *Merrida Coxwell* | By: /s/ *James I. McClammy* |
| 500 North State Street<br>Jackson, MS 39201<br>Telephone: (601) 948-16000<br>Merrida Coxwell | 450 Lexington Avenue<br>New York, NY 10017<br>Telephone: (212) 450-4000<br>Facsimile: (212) 701-5800<br>Marshall S. Huebner<br>Benjamin S. Kaminetzky<br>Timothy Graulich<br>Eli J. Vonnegut<br>James I. McClammy |
| *Counsel to Scott County, Mississippi* | *Counsel to the Debtors and Debtors in Possession* |

So Ordered

Dated: White Plains, New York      /s/ Robert D. Drain
        October 1, 2020                THE HONORABLE ROBERT D. DRAIN
                                            UNITED STATES BANKRUPTCY JUDGE