## Exhibit B

## Blackline Against Third Amended Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**In re:**

**PURDUE PHARMA L.P.,** *et al.*,

**Debtors.**[1]

**Chapter 11**

**Case No. 19-23649 (RDD)**

**(Jointly Administered)**

---

### ~~THIRD~~FOURTH AMENDED ORDER EXTENDING TIME TO OBJECT TO DISCHARGEABILITY OF CERTAIN DEBTS

Upon the timely motion, by notice of presentment dated December 23, 2019 (the "**Motion**")[2] of Purdue Pharma L.P. and its affiliates that are debtors and debtors in possession in these cases (collectively, the "**Debtors**") for entry of an order (this "~~Third~~Fourth **Amended Order**") extending the period within which a claimant may file an adversary proceeding to determine the dischargeability of claims against the Debtors under Bankruptcy Rule 4007(c), as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to such term in the Motion.

the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b);

and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and

proper notice of the Motion and the opportunity for a hearing thereon having been provided; and

there being no objections to the requested relief; and it appearing that no further notice or a

hearing is required; and, after due deliberation the Court having determined that the legal and

factual bases set forth in the Motion establish good and sufficient cause for the relief granted

herein; and the Court having determined such relief is in the best interests of the Debtors, their

estates, creditors and all parties in interest; and the Court having entered an Order granting the

Motion; and the Court having previously extended the Determination Deadline through and

including ~~July 30~~November 2, 2020, and the Debtors by notice of presentment dated ~~July~~

~~13~~October 7, 2020 having sought entry of this ~~Third~~Fourth Amended Order further extending the

Determination Deadline; and due and proper notice of the proposed ~~Third~~Fourth Amended Order

and the opportunity for a hearing thereon having been provided; and there being no objections to

the requested relief; and it appearing that no further notice or a hearing is required; and good and

sufficient cause appearing; now therefore,

**IT IS HEREBY ORDERED THAT**

     1.     The Motion is granted.

     2.     Pursuant to Bankruptcy Rule 4007(c), the deadline, if any, by which a creditor

must file a complaint to determine the dischargeability of a debt pursuant to section 523 of the

Bankruptcy Code, as referenced in paragraph 6 of subsection 1141(d) of the Bankruptcy Code

(the "**Determination Deadline**") is extended through and including Monday, ~~November~~

~~2~~February 1, ~~2020~~2021, without prejudice to further extensions upon the request of the Debtors.

3.      Nothing in this ~~Third~~Fourth Amended Order constitutes a determination regarding

the nondischargeability of any debt under section 1141(d) of the Bankruptcy Code, that sections

523 or 1141(d)(6) of the Bankruptcy Code, and/or Bankruptcy Rule 4007 apply in the Chapter 11

Cases, or that the Determination Deadline applies in these Chapter 11 Cases.

4.      The contents of the Motion and the notice procedures set forth therein are good

and sufficient notice and satisfy the applicable Bankruptcy Rules and Local Rules, and no other

or further notice of the Motion or the entry of this ~~Third~~Fourth Amended Order is required.

5.      The Debtors are authorized to take all such actions as are necessary or appropriate

to implement the relief granted in this ~~Third~~Fourth Amended Order.

6.      The Court shall retain jurisdiction to hear and determine all matters arising from

or related to the implementation, interpretation, and enforcement of this ~~Third~~Fourth Amended

Order.


Dated:  White Plains, New York
        _____, 2020


_____
HONORABLE ROBERT D. DRAIN UNITED
STATES BANKRUPTCY JUDGE

| Summary report: Litera® Change-Pro for Word 10.7.0.7 Document comparison done on 10/7/2020 7:59:57 PM | |
|---|---|
| **Style name:** Color Legislative Moves+Images | |
| **Intelligent Table Comparison:** Active | |
| **Original DMS:** iw://DMS/AmericasActive/93426229/2 | |
| **Modified DMS:** iw://DMS/AmericasActive/93719321/1 | |
| **Changes:** | |
| Add | 12 |
| Delete | 12 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 24 |