UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.***,** | **Case No. 19-23649 (RDD)** |
| Debtors.[1] | **(Jointly Administered)** |

**STIPULATION AND AGREED ORDER
FOR THE WITHDRAWAL WITHOUT PREJUDICE OF THE CITY OF
BELLEFONTAINE NEIGHBORS, MISSOURI'S MOTION TO ALLOW LATE
FILED PROOF OF CLAIM TO BE TREATED AS TIMELY FILED PROOF OF CLAIM**

This Stipulation and Order (the "**Stipulation and Order**") is entered into as of October 6, 2020, by and between Purdue Pharma L.P. and the other debtors in its above-captioned chapter 11 cases (collectively, the "**Debtors**" and the "**Bankruptcy Cases**") and the City of Bellefontaine Neighbors, Missouri (the "**City of Bellefontaine Neighbors**") (each a "**Party**" and collectively the "**Parties**"). The Parties agree, subject to the approval of the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

## **RECITALS**

A.	The Debtors commenced the above-captioned chapter 11 cases under title 11 of the United States Code (the "**Bankruptcy Code**") on September 15, 2019 (the "**Petition Date**").

B.	The Bankruptcy Court established June 30, 2020, as the deadline for each person, entity, governmental unit, and Native American Tribe to file a proof of claim against the Debtors which arose on or prior to the Petition Date (the "**General Bar Date**") [*See* Dkt. No. 800].

C.	By order dated June 3, 2020, the General Bar Date was extended to Thursday, July 30, 2020 at 5:00 p.m. (Prevailing Eastern Time) (the "**Extended General Bar Date**") [*See* Dkt. No. 1221].

D.	On August 17, 2020, the City of Bellefontaine Neighbors submitted a proof of claim after the Extended General Bar Date (the "**Late Filed Claim**") and filed the *City Of Bellefontaine Neighbors, Missouri's Motion To Allow Late Filed Proof Of Claim To Be Treated As Timely Filed Proof Of Claim* (the "**Motion**") [Dkt. No. 1580] seeking to treat the Late Filed Claim as a timely filed proof of claim for all purposes in these Bankruptcy Cases.

E.	On October 2, 2020, the City of Bellefontaine Neighbors filed its *Motion for Leave to Amend Its Motion to Allow Late Filed Proof of Claim to be Treated as Timely Filed Proof of Claim* seeking to file a supplemental Proof of Claim attached thereto as Exhibit B (the "**Amended Motion**") [Dkt. No. 1775].

F.	Given the status of the Bankruptcy Cases, and, particularly, the manner in which the non-federal public side opioid claimants currently contemplate treating municipalities in a plan of reorganization, the Parties agree that the issue raised in the Motion does not need to be resolved

now, and it is further agreed that any delay in resolution of the Motion will not prejudice the City of Bellefontaine Neighbors.

**NOW, THEREFORE**, the following is hereby stipulated and agreed to, subject to the approval of the Bankruptcy Court:

1. The preceding recitals are incorporated into this Stipulation and Order by this reference.

2. The Motion and the Amended Motion are withdrawn without prejudice.

3. Notwithstanding the Late Filed Claim, the City of Bellefontaine Neighbors shall receive notice and service of the following pleadings in the same manner as other similarly situated creditors that filed a proof of claim on or before the Extended General Bar Date: notice of any proposed disclosure statement, as may be revised and amended, any proposed plan of reorganization, as may be revised and amended, and solicitation material thereof.

4. The City of Bellefontaine Neighbors is authorized, but not directed, to refile the Motion only after the following conditions are satisfied: (i) the City of Bellefontaine Neighbors has been served with a proposed plan of reorganization filed by the Debtors and (ii) the Bankruptcy Court has approved a disclosure statement and set forth a voting deadline for acceptance or rejection of the proposed plan.

5. If the City of Bellefontaine Neighbors decides to refile the Motion, the refiled Motion shall be scheduled and heard on or before the plan voting deadline established by the Bankruptcy Court.

6. The City of Bellefontaine Neighbors shall be authorized, but not directed, to vote to accept or reject the plan and such vote may be transmitted on or before the voting deadline,

which vote shall be held in abeyance pending decision by the Bankruptcy Court on the refiled Motion.  For the avoidance of doubt, a vote by the City of Bellefontaine Neighbors to accept or reject the plan will only be valid upon the Bankruptcy Court's granting of the refiled Motion.

7. No party in interest in these cases, including the Debtors, may object to the refiled Motion on the basis of delay between the filing of the Motion and the hearing on the refiled Motion, but any party in interest in these cases may object to the refiled Motion on any other basis.  The Parties', and every party in interests', rights and defenses are otherwise reserved.

8. This Stipulation and Order may be executed in counterparts, and each counterpart, when so executed and delivered, shall be deemed an original, and all counterparts, taken together, shall constitute one and the same Stipulation and Order.

9. Except as expressly set forth in this Stipulation, nothing contained herein shall be an admission or waiver of the substantive or procedural rights, remedies, claims, or defenses of any of the Parties in these chapter 11 cases, whether at law or equity.

10. The headings used in this Stipulation and Order are for convenience of reference only and shall not be used or deemed to explain or modify the terms of any provision hereof.

11. The undersigned represent that they are fully authorized to enter into this Stipulation and Order on behalf of their respective client(s).

12. The Bankruptcy Court shall retain exclusive jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation and Order.

**IN WITNESS WHEREOF**, the Parties have executed this Stipulation and Order on this 6 day of October, 2020.

| | |
|---|---|
| WHITE COLEMAN & ASSOCIATES, LLC<br><br>Dated: _____, 2020<br>White Plains, New York<br><br><br>By: /s/ *Dorothy White-Coleman*<br>500 North Broadway, Suite 1300<br>St. Louis, MO 63102<br>Telephone: (314) 621-7676<br>Dorothy White-Coleman<br><br>*Counsel to City of Bellefontaine Neighbors, Missouri* | DAVIS POLK & WARDWELL LLP<br><br><br><br><br>THE HONORABLE ROBERT D DRAIN<br>UNITED STATES BANKRUPTCY JUDGE<br><br>By: /s/ *James I. McClammy*<br>450 Lexington Avenue<br>New York, NY 10017<br>Telephone: (212) 450-4000<br>Facsimile: (212) 701-5800<br>Marshall S. Huebner<br>Benjamin S. Kaminetzky<br>Timothy Graulich<br>Eli J. Vonnegut<br>James I. McClammy<br><br>*Counsel to the Debtors and Debtors in Possession* |

SO ORDERED

*/s/Robert D. Drain*

United States Bankruptcy Judge

Dated: White Plains, New York
October 20, 2020