| | |
|---|---|
| Gerard Uzzi, Esq.<br>Alexander B. Lees, Esq.<br>**MILBANK LLP**<br>55 Hudson Yards<br>New York, New York 10001<br>Telephone: (212) 530-5000<br>Facsimile: (212) 530-5219 | Jasmine Ball, Esq.<br>Maura Kathleen Monaghan, Esq.<br>Jeffrey J. Rosen, Esq.<br>**DEBEVOISE & PLIMPTON LLP**<br>919 Third Ave.<br>New York, NY 10022<br>Telephone: (212) 909-6000<br>Facsimile: (212) 909-6836 |
| Gregory P. Joseph, Esq.<br>Mara Leventhal, Esq.<br>**JOSEPH HAGE AARONSON LLC**<br>485 Lexington Avenue, 30th Floor<br>New York, New York 10017<br>Telephone: (212) 407-1200<br>Facsimile: (212) 407-1280 | *Counsel for the Mortimer Sackler Family* |

*Counsel for the Raymond Sackler Family*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>**PURDUE PHARMA L.P.,** *et al.***,**<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 19-23649 (RDD)<br><br>(Jointly Administered) |

**MOTION TO SHORTEN NOTICE WITH RESPECT TO MOTION
TO CONFIRM THAT PAYMENT BY THE SACKLER FAMILIES UNDER
SETTLEMENT WITH THE UNITED STATES DEPARTMENT OF JUSTICE IS
NOT PROHIBITED BY THIS COURT**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

The Raymond Sackler family and Mortimer Sackler family (the "Sackler Families") submit this motion (the "Motion to Shorten") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Order"), shortening the notice period with respect to the *Notice by the Sackler Families of Settlement With the United States Department of Justice and Motion to Confirm That Payment By the Sackler Families Under Settlement With the United States Department of Justice is Not Prohibited By This Court* (the "Motion"), filed contemporaneously herewith.[2] In support of this Motion to Shorten, the Sackler Families respectfully state as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction to consider this Motion to Shorten pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b), and this Court may enter a final order with respect to this Motion to Shorten, consistent with Article III of the United States Constitution. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

2. By this Motion to Shorten, the Sackler Families seek entry of an order, substantially in the form of the Order, shortening the notice period with respect to the Motion filed contemporaneously herewith. Consistent with paragraphs 20 and 25(c) of the Case Management Procedures (the "Case Management Procedures") attached as Exhibit 1 to the *Second Amended Order Establishing Certain Notice, Case Management, and Administrative Procedures* entered on November 18, 2019 [ECF No. 498] (the "Case Management Order"), the Sackler Families respectfully request that the Court authorize the Motion to be heard at the omnibus hearing

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

2

currently scheduled for **October 28, 2020 at 10:00 a.m. (Prevailing Eastern Time)** and set **October 27, 2020 at 12:00 p.m. (Prevailing Eastern Time)** as the deadline to object to the Motion (the "Objection Deadline").

3.  The statutory bases for the relief requested herein are sections 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002(a), 9006(c), and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9006-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

**BASIS FOR RELIEF**

4.  Pursuant to Bankruptcy Rule 9007, the Court has authority to regulate the time within which, the entities to whom, and the form and manner in which the notice is provided. Pursuant to paragraph 19 of the Case Management Procedures, if a request for relief is filed and served "at least fourteen (14) calendar days before the next Omnibus Hearing, the matter shall be set for hearing at such Omnibus Hearing." However, Bankruptcy Rule 9006(c) and Local Rule 9006-1(b) provide that the Court, for cause shown, may in its discretion (with or without motion or notice) reduce any such notice period. Moreover, pursuant to paragraph 17 of the Case Management Procedures, a party's right "to seek an amendment or waiver of the provisions of the Case Management Procedures upon showing of good cause including, without limitation, the right to file a motion seeking . . . relief upon shortened notice," was expressly preserved. The Court thus has the authority to determine appropriate notice for conducting a hearing on the matters presented by the Motion.

**CAUSE EXISTS TO SHORTEN NOTICE WITH RESPECT TO THE MOTION**

5.  The Sacker Families filed the Motion to notify the Court and other parties that the Sackler Families reached a settlement with the DOJ, and also to seek confirmation that payment by the Sackler Families of the settlement amount is not prohibited. The settlement amount is $225

3

million and it must be paid on the later of 15 days of the date of the settlement or 3 business days after this Court grants the Motion; interest accrues on the settlement amount at a rate of 0.75% from November 5, 2020. The Sackler Families committed to file the Motion within 2 business days of the settlement agreement with the understanding that it would seek prompt approval from this Court, without which the settlement may be rescinded.

6. Given the significant case milestone this settlement represents, making the payments required by the settlement as soon as possible is in the best interests of the estates. This is especially so now that the Sackler Families and other parties in interest are engaged in mediation concerning a potential resolution of these cases involving a substantial contribution by the Sackler Families to a plan of reorganization.

7. Any plan must take into account the interests of the United States government, which alleges that it has significant claims against the Debtors and the Sackler Families. It is therefore imperative that the parties to the mediation know – without delay – that the Sackler Families' settlement with the DOJ is not prohibited. Any uncertainty over the fate of the Sackler Families' DOJ settlement would impede the progress of mediation, and thus the progress of these cases as a whole. As such, the Sackler Families request that the Motion be heard on shortened notice to help ensure that its DOJ settlement can be consummated immediately, and mediation can continue without interruption.

8. No party will be prejudiced by shortening notice as requested herein. The Motion does not seek to change substantive rights. It merely seeks a comfort order confirming what the Sackler Families already believe to be the case: *i.e.*, that payment by the Sackler Families to the DOJ under the settlement is not prohibited. And all parties will *benefit* from shortening the notice,

because confirmation that the DOJ settlement will be implemented is essential to the advancement of these cases.

9. To the extent any parties in interest intend to object to the relief requested in the Motion, the Sackler Families request that the deadline to object to the Motion be **October 27, 2020 at 12:00 p.m. (Prevailing Eastern Time)**, the day before the hearing, which would afford parties over 5 days to prepare a response to the Motion and which would be consistent with the Case Management Procedures' requirements for hearings requested on an expedited basis. Under this schedule, any party that intends to submit a response to the Motion will be well positioned to do so. Furthermore, in accordance with the Case Management Procedures, counsel to the Sackler Families notified counsel to the Official Committee, counsel to the Debtors, and the United States Trustee on October 21, 2020, of the Sackler Families' intent to seek a shortened notice period for the Motion. The Debtors have assented to the shortened notice. Counsel for the Official Committee is considering the request, and the Sackler Families will notify the Court and seek a chambers conference, as is required by the Case Management Procedures, if the Official Committee indicates an intent to challenge this Motion to Shorten.

10. The relief sought in the Motion is ***not*** contingent upon the relief sought by the *Motion of Debtors Pursuant to 11 U.S.C. § 105 and Fed. R. Bankr. P. 9019 Authorizing and Approving Settlements Between the Debtors and the United States*, [ECF No. 1828] (the "Debtor Settlement Motion"), which has been noticed for a hearing on November 17, 2020. Nor is the Sackler Families' implementation of its settlement with the DOJ contingent upon approval or consummation of the Debtors' separate settlement with the DOJ. As such, there is no need for the Sackler Families' Motion to be heard at the same time as the Debtor Settlement Motion.

11. The Sackler Families therefore submit that cause exists to shorten the notice period with respect to the Motion to allow that motion to be heard at the omnibus hearing scheduled for **October 28, 2020 at 10:00 a.m. (Prevailing Eastern Time)**.

## NOTICE

12. Notice of this Motion to Shorten will be provided to (a) the entities on the Master Service List (as defined in the Case Management Order and available on the Debtors' case website at https://restructuring.primeclerk.com/purduepharma) and (b) any person or entity with a particularized interest in the subject matter of this motion. The Sackler Families respectfully submit that no further notice is required.

## NO PRIOR REQUEST

13. The Sackler Families have not previously sought the relief requested herein from this Court or any other court.

## CONCLUSION

WHEREFORE, the Sackler Families respectfully request that the Court enter the proposed form of order, substantially in the form attached hereto, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: October 21, 2020
New York, New York

*/s/ Gerard Uzzi*
Gerard Uzzi, Esq.
Alexander B. Lees, Esq.
**MILBANK LLP**
55 Hudson Yards
New York, NY 10001
Telephone: (212) 530-5000
Facsimile: (212) 530-5219

*/s/ Gregory P. Joseph*
Gregory P. Joseph, Esq.
Mara Leventhal, Esq.
**JOSEPH HAGE AARONSON LLC**
485 Lexington Avenue, 30th Floor
New York, New York 10017
Telephone: (212) 407-1200
Facsimile:(212) 407-1280

*Counsel for the Raymond Sackler Family*

*/s/ Jasmine Ball*
Jasmine Ball, Esq.
Maura Kathleen Monaghan, Esq.
Jeffrey J. Rosen, Esq.
**DEBEVOISE & PLIMPTON LLP**
919 Third Ave.
New York, NY 10022
Telephone:    (212) 909-6000
Facsimile:    (212) 909-6836

*Counsel for the Mortimer Sackler Family*

## Exhibit A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re:<br><br>**PURDUE PHARMA L.P.,** *et al.*,<br><br>Debtors.[1] | **Chapter 11**<br><br>**Case No. 19-23649 (RDD)**<br><br>**(Jointly Administered)** |

**ORDER SHORTENING NOTICE WITH RESPECT TO**
**MOTION TO CONFIRM THAT PAYMENT BY THE SACKLER FAMILIES UNDER SETTLEMENT WITH**
**THE UNITED STATES DEPARTMENT OF JUSTICE**
**IS NOT PROHIBITED BY THIS COURT**

Upon the motion (the "Motion to Shorten")[2] of the Raymond Sackler Family and the Mortimer Sackler Family (collectively, the "Sackler Families") for entry of an order (this "Order") shortening the notice period with respect to the Motion, as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein, pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b), and the Court having authority to enter a final order on the Motion consistent with Article III of the United States Constitution; and venue being proper

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to such term in the Motion to Shorten.

before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and the Court having determined that the relief requested is in the best interests of the Debtors, their estates, creditors and all parties in interest; and upon all of the proceedings brought before the Court, and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**

1. The Motion is hereby granted as set forth herein.

2. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion.

3. A hearing (the "Hearing") to consider the relief requested in the Motion will be held before the Honorable Robert D. Drain, United States Bankruptcy Judge, 300 Quarropas Street, White Plains, New York 10601 on **October 28, 2020 at 10:00 a.m. (Prevailing Eastern Time)**.

4. The responses or objections to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Case Management Order, and shall be filed with the Court (a) by registered users of the Court's case filing system, electronically in accordance with General Order M–399 (which can be found at http://www.nysb.uscourts.gov), and (b) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers as set forth in the Case Management Order), in accordance with the customary practices of the Court and General Order M–399, to the extent applicable, and served so as to be actually received no later than **October 27, 2020 at 12:00 p.m. (Prevailing Eastern Time)**.

3

5. The Sackler Families are authorized to take all such actions as are necessary or appropriate to implement the relief granted in this Order.

6. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

White Plains, New York
Dated: _____, 2020

    THE HONORABLE ROBERT D. DRAIN
    UNITED STATES BANKRUPTCY JUDGE