**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| PURDUE PHARMA L.P., *et al.*, | ) | Case No. 19-23649 (RDD) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |

## STIPULATION AND AGREED ORDER REGARDING AMENDED BRIEFING SCHEDULE IN THE CHAPTER 11 CASES

The Official Committee of Unsecured Creditors (the "Official Committee") appointed in

the above-captioned chapter 11 cases (the "Chapter 11 Cases") of Purdue Pharma L.P. and certain

of its affiliates that are debtors in possession (collectively, the "Debtors"), the Ad Hoc Group of

Non-Consenting States (the "Non-Consenting States"), the Ad Hoc Committee of Consenting

Governmental and Other Contingent Litigation Claimants (the "Ad Hoc Committee"), the Debtors,

Certain Raymond Side Initial Covered Sackler Persons [2] (the "R-ICSPs") and Additional

Custodians[3] (together, the "Raymond Custodians"), and certain Mortimer Side Covered Parties[4]

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014).

[2] The R-ICSPs that are party to this Stipulation are the parties identified on the list of "Initial Covered Sackler Persons" provided to the Official Committee by Milbank LLP ("Milbank") in its letter dated April 9, 2020, and include Richard Sackler, the estate of Jonathan Sackler, David Sackler, the estate of Beverly Sackler, and certain trusts and entities.

[3] "Additional Custodians" has the meaning set forth in the *Stipulation and Agreed Order Among the Official Committee and Raymond Side Covered Parties Regarding Discovery Deadlines in the Chapter 11 Cases* filed on July 7, 2020 [ECF No. 1348].

[4] "Mortimer Side Covered Parties" has the meaning set forth in the *Stipulation and Agreed Order Among the Official Committee and Mortimer Side Covered Parties Regarding Discovery Deadlines in the Chapter 11 Cases* filed on July 7, 2020 [ECF No. 1347]. The Mortimer Side Covered Parties preserve, and do not waive, all defenses, including

(the "M-ICSPs," and together with the Raymond Custodians, the "CSPs"; and the CSPs, together

with the Official Committee, the Non-Consenting States, the Ad Hoc Committee, and the Debtors,

the "Parties") by and through their undersigned counsel, hereby stipulate and agree as set forth

below in this stipulation and agreed order (the "Stipulation").

### Recitals

A.      On September 28, 2020, the Parties entered into, and the Court so-ordered, the

*Amended Stipulation and Agreed Order Regarding Discovery Deadlines and Briefing Scheduling*

*in the Chapter 11 Cases* [ECF No. 1734] (the "Original Stipulation").  The Original Stipulation

provides for, among other things, a briefing schedule for two separate motions (collectively, the

"Privilege Motions") to compel production of documents or otherwise challenge claims of

privilege or similar doctrines asserted by the Debtors and the CSPs.  The Original Stipulation

provides that the Privilege Motions shall be heard on October 28, 2020.

B.      On September 30, 2020, the Official Committee filed the Privilege Motions[5], on

October 14 and 15, 2020 the M-ICSPs filed their responses and on October 15, 2020 the R-ICSPs

and the Debtors filed their responses.[6]  Concurrent with filing their responses to the Privilege

---

without limitation defenses based on lack of personal jurisdiction and have agreed to voluntarily comply with this
Stipulation and the orders of this Court related to this Stipulation, and the Official Committee, the Non-Consenting
States, the Ad Hoc Committee and the Debtors preserve, and do not waive, all of their respective claims and arguments,
including without limitation, their rights to argue that the Mortimer Side Covered Parties are subject to this Court's
personal jurisdiction.

[5] *See The Official Committee of Unsecured Creditors' Motion to Compel Production of Purportedly Privileged
Documents, or for* In Camera *Review, Based on Failure of the Sacklers and the Debtors to Demonstrate Documents
Identified on Logs are Privileged* [ECF No. 1752]; *The Official Committee of Unsecured Creditors' Motion to Compel
Production of Purportedly Privileged Documents, or for* In Camera *Review, Based on Good Cause, Crime Fraud and
At Issue Exceptions to Claims of Privilege* [ECF No. 1753].

[6] *See Debtors' Omnibus Objection to the Official Committee's Motions to Compel Production of the Debtors'
Privileged Documents and Cross-Motion for a Protective Order* [ECF No. 1808]; *Objection of Mortimer Sackler
Initial Covered Sackler Persons to the Official Committee of Unsecured Creditors' Motion to Compel Production of
Purportedly Privileged Documents, or for In Camera Review, Based on Failure of the Sacklers and the Debtors to
Demonstrate Documents Identified on Logs are Privileged* [ECF No. 1804]; *Objection of Mortimer Sackler Initial
Covered Sackler Persons to the Official Committee of Unsecured Creditors' Motion to Compel Production of
Purportedly Privileged Documents, or for* In Camera *Review, Based on Good Cause, Crime Fraud, and At Issue
Exceptions to Claims of Privilege* [ECF No. 1806]; *Amended Raymond Sackler Family's Opposition to the Official*

Motions, the Debtors also filed a cross-motion for a protective order (the "Debtors' Cross-Motion").

C.      The Original Stipulation further provides that replies in support of the Privilege Motions ("Replies") shall be filed on or before October 25, 2020 and does not provide for any further briefing thereafter.

D.      On October 20, 2020, the Debtors filed the *Motion of Debtors Pursuant to 11 U.S.C. § 105 and Fed. R. Bankr. P. 9019 Authorizing and Approving Settlements Between the Debtors and the United States* [ECF No. 1828] (the "DOJ Settlement Motion"), which is scheduled to be heard on November 17, 2020.

E.      On October 22, 2020, the CSPs filed the *Motion to Confirm That Payment by the Sackler Families Under Settlement with the United States Department of Justice is Not Prohibited by This Court* [ECF No. 1833] (the "Sackler Settlement Motion" and, together with the DOJ Settlement Motion, the "DOJ Settlements") and related motion to shorten notice [ECF No. 1832], which requested that the Sackler Settlement Motion be heard at the October 28, 2020 hearing. The Debtors, the Official Committee, and the Ad Hoc Committee do not challenge the request to have the Sackler Settlement Motion heard at the October 28, 2020 hearing; the Non-Consenting States take no position on such request. With permission of the Court, the CSPs filed a notice of hearing stating that the Sackler Settlement Motion and the related motion to shorten notice will be heard at the October 28, 2020 hearing [ECF No. 1836].

F.      On October 22, 2020, the Parties agreed to amend the briefing schedule contemplated by the Original Stipulation as set forth below.

---

*Committee of Unsecured Creditors' Exceptions Motion* [ECF No. 1815]; *Amended Raymond Sackler Family's Opposition to the Official Committee of Unsecured Creditors' General Challenges Motion* [ECF No. 1816].

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED AS FOLLOWS:**

**I.       Privilege Disputes, Briefing Schedules**

1.       The deadline for Replies and any objections to the Debtors' Cross-Motion shall be November 5, 2020 at 11:59 p.m. (prevailing Eastern time).

2.       Each of the Debtors, the M-ISCPs, and the Raymond Custodians shall be permitted to file a sur-reply addressing arguments raised in the Replies concerning the DOJ Settlements, and any issues raised for the first time in the Replies (collectively, the "Sur-Replies") by no later than November 13, 2020 at 12:00 p.m. (prevailing Eastern Time).  The Debtors shall also be permitted to file a reply in support of the Debtors' Cross-Motion (the "Cross-Motion Reply").  The Cross-Motion Reply shall be filed by no later than November 13, 2020 at 12:00 p.m. (prevailing Eastern Time).

3.       The Sur-Replies shall be limited to the greater of (i) 30 pages or (ii) the number of pages that the Official Committee devotes in the Replies concerning the DOJ Settlements and their significance.  The Debtors' Cross-Motion Reply shall be limited to 20 pages.

4.       The Ad Hoc Committee and the Non-Consenting States reserve the right to file responsive pleadings in connection with the Privilege Motions, if any, in accordance with the schedule set forth in paragraphs 1 and 2.

5.       The hearing on the Privilege Motions and the Debtors' Cross-Motion is adjourned to November 17, 2020 at 10:00 a.m. (prevailing Eastern Time).

6.       The adjournment of the Privilege Motions and the Debtors' Cross-Motion shall not delay the mediation contemplated under the *Order Expanding Scope of Mediation* [ECF No. 1756] and the Parties agree to participate in the mediation in good faith.

7.       Prior to the November 17, 2020 hearing, the Official Committee and the Non-

Consenting States shall not seek discovery from the Debtors other than that to which the Debtors have already agreed.

8.     Except as otherwise expressly set forth herein, nothing in this Stipulation is intended to alter the deadlines embodied in the existing stipulations and agreements with the Disclosing Parties (as defined in the Original Stipulation).

9.     For the avoidance of doubt, this Stipulation shall not stay any discovery in these cases.  During the adjournment period and beyond, all depositions and pending document disclosures will continue as scheduled (or to the extent noticed but not scheduled, as the applicable Parties may agree) unless further adjourned by the applicable Parties.

10.     For the avoidance of doubt, except as otherwise set forth herein with respect to the adjournment period, nothing herein shall limit the right of the Official Committee, the Non-Consenting States, the Ad Hoc Committee, the CSPs, the Debtors or any other party to raise any privilege or other discovery dispute of any kind at any time pursuant to the rules applicable in this Court, and nothing herein shall limit, constrain or modify in any way the Debtors' or the CSPs' privilege assertions under applicable law or arguments in opposition to any challenge to any assertions of privilege or discovery disputes.

**II.     Miscellaneous**

11.     The Parties may adjust any deadlines set forth herein by mutual written stipulation of the applicable Parties without need for a further order of the Court.

12.     Nothing herein shall prevent any party from seeking a modification of this order, and the Court may enter a further or amended scheduling order as may be necessary at an appropriate juncture setting deadlines and otherwise addressing matters not addressed herein.

13.     Nothing herein shall affect or constrain in any way any party's ability to take any

action not specifically addressed by this Stipulation including objecting as to the scope of

appropriate discovery.

**STIPULATED AND AGREED:**

Dated:    October 23, 2020
           New York, New York

*/s/  Mitchell P. Hurley*

AKIN GUMP STRAUSS
HAUER & FELD LLP

Ira Dizengoff
Arik Preis
Mitchell P. Hurley
Joseph L. Sorkin
Sara L. Brauner
One Bryant Park
Bank of America Tower
New York, New York 10036
Telephone: (212) 872-1000

*Counsel to the Official Committee of
Unsecured Creditors*

*/s/  Benjamin S. Kaminetzky*

DAVIS POLK & WARDWELL LLP

Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut
Christopher S. Robertson
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000

*Counsel to the Debtors*

*/s/  Andrew M. Troop*

PILLSBURY WINTHROP SHAW
PITTMAN LLP

Andrew M. Troop
Jason Sharp
31 West 52nd Street
New York, New York 10019
Telephone: (212) 858-1000

*Counsel to the Ad Hoc Group of Non-
Consenting States*

*/s/  Rachael Ringer*

KRAMER LEVIN NAFTALIS
& FRANKEL LLP
Kenneth H. Eckstein
David E. Blabey Jr.
Rachael Ringer
1177 Avenue of the Americas
New York, NY 10036
Telephone: (212) 715-9100

GILBERT LLP
Scott D. Gilbert (admitted *pro hac vice*)
Craig Litherland (admitted *pro hac vice*)
Kami E. Quinn (admitted *pro hac vice*)
100 New York Ave, NW, Suite 700
Washington, D.C. 20005
Telephone: (202) 772-2200

BROWN RUDNICK LLP
David J. Molton
Steven D. Pohl
7 Times Square
New York, NY 10036
Telephone: (212) 209-4800

OTTERBOURG P.C.
Melanie L. Cyganowski
Jennifer S. Feeney
230 Park Avenue
New York, NY 10169
Telephone: (212) 661-9100

*Counsel to the Ad Hoc Committee*

*/s/  Alexander B. Lees*

MILBANK LLP
Gerard Uzzi
Alexander B. Lees
55 Hudson Yards
New York, NY 10001
Telephone: (212) 530-5000

*/s/  Mara Leventhal*

JOSEPH HAGE AARONSON LLC
Gregory P. Joseph
Mara Leventhal
485 Lexington Avenue, 30th Floor
New York, New York 10017
New York, NY 10017
Telephone: (212) 407-1200

*Counsel to the Raymond Side Covered
Parties*

*/s/  Jasmine Ball*

DEBEVOISE & PLIMPTON LLP
Harold W. Williford
Jasmine Ball
M. Natasha Labovitz
Maura Kathleen Monaghan
Jeffery J. Rosen
919 Third Avenue
New York, NY 10022
Telephone: (212) 909-6000

*Counsel to the Mortimer Side Covered
Parties*

**SO ORDERED.**

White Plains, New York
Dated:                , 2020

THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE