DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut
James I. McClammy

*Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (RDD)** |
| **Debtors.¹** | **(Jointly Administered)** |

**STIPULATION AND AGREED ORDER REGARDING
THE LETTER TO JUDGE DRAIN REGARDING PROOF OF CLAIM DEADLINE**

      1.      On September 15, 2019 (the "**Petition Date**"), the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). These chapter 11 cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and the *Order Directing Joint Administration of Chapter 11 Cases* [Dkt. No. 59] entered by the Court on September 18, 2019, in each of the chapter 11 cases.

---

¹ The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

2. On February 3, 2020, this Court set the bar date for claims to be filed in these cases as 5:00 p.m. (Prevailing Eastern Time) on June 30, 2020 (the "**General Bar Date**"). (Order Establishing (I) Deadlines for Filing Proofs of Claim & Procedures Relating Thereto, (II) Approving the Proof of Claim Forms, & (III) Approving the Form & Manner of Notice Thereof (Feb. 3, 2020), Dkt. No. 800 (the "**Bar Date Order**").)

3. On June 3, 2020, this Court granted the Debtors' request to extend the General Bar Date by thirty (30) days to July 30, 2020, at 5:00 p.m. (Prevailing Eastern Time) in light of concerns regarding the ongoing COVID-19 pandemic. (Order (I) Extending the General Bar Date for a Ltd. Period & (II) Approving the Form & Manner of Notice Thereof (June 3, 2020), Dkt. No. 1221 (the "**Extended General Bar Date Order**").)

4. On September 9, 2020, Claudia J. Innaco filed a letter with the Court regarding a proof of claim mailed by certified mail on July 21, 2020, with an expected delivery date of July 24, 2020. (Ltr. to J. Drain Regarding Proof of Claim Deadline (Sept. 9, 2020), Dkt. No. 1661) (attaching a copy of U.S. Postal Service Certified Mail Receipt) (the "**Innaco Letter**").) Due to the ongoing global pandemic and related U.S. Postal Service delays, the proof of claim was not received by Prime Clerk LLC, the claims and noticing agent in these cases, until August 3, 2020 (the "**Late Claim**").[2] (*Id.*)

5. In an effort to move these cases toward resolution and preserve estates resources by avoiding litigation on late proofs of claim where appropriate, and upon consideration of the proof accompanying the Innaco Letter, consistent with the Debtors' representation to this Court that they would "endeavor to give appropriate consideration to late filing claimants . . . who believe that their particular circumstances justify their failure to comply with the bar date, including

---

[2] The proof of claim will remain highly confidential pursuant to paragraph 5 of the Bar Date Order.

2

hardships occasioned by COVID-19," (June 3, 2020 Bar Date Ext. Mot. Hr'g Tr. 33:3-8), the Debtors and Claudia J. Innaco (the "**Parties**"), have, subject to Court approval, agreed to treat the Late Claim as timely filed on the terms set forth in this Stipulation.

## **AGREEMENT**

6. The Parties agree as follows:

    a. Notwithstanding the Extended General Bar Date Order, the Debtors will treat the Late Claim as timely filed and will not object to the Late Claim based on timeliness.

    b. The Debtors expressly reserve their right to object to the Late Claim on any other basis.

    c. Except as expressly set forth in this Stipulation, nothing contained herein shall be an admission or waiver of the substantive or procedural rights, remedies, claims, or defenses of any of the parties in these chapter 11 cases, whether at law or equity.

    d. The relief provided for herein shall apply only to the Late Claim.

    e. The Court shall retain exclusive jurisdiction over any and all disputes or other matters arising under or otherwise relating to this Stipulation.

**IN WITNESS WHEREOF**, this Stipulation has been executed and delivered as of the day and year first below written.

[*Signature page to follow*]

19-23649-shl    Doc 1849    Filed 10/26/20    Entered 10/26/20 15:17:38    Main Document
Pg 4 of 5

Dated: October 12, 2020
      New York, New York

By: _____
Claudia J. Innaco

DAVIS POLK & WARDWELL LLP

By: /s/ *James I. McClammy*
450 Lexington Avenue
New York, NY 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut
James I. McClammy

*Counsel to the Debtors*
*and Debtors in Possession*

4

So Ordered:

Dated: October 26, 2020
        White Plains, New York

*/s/Robert D. Drain*

THE HONORABLE ROBERT D DRAIN
UNITED STATES BANKRUPTCY JUDGE