UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| PURDUE PHARMA L.P., *et al.*, | Case No. 19-23649 (RDD) |
| Debtors. [1] | (Jointly Administered) |

**SUPPLEMENTAL DECLARATION OF JEFFREY S. BUCHOLTZ
IN SUPPORT OF APPLICATION OF
DEBTORS FOR AUTHORITY TO RETAIN AND EMPLOY
KING & SPALDING LLP AS SPECIAL COUNSEL TO
THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE**

I, Jeffrey S. Bucholtz, hereby declare that the following statements are true and correct to the best of my knowledge after due inquiry as described herein:

1. I am a partner of the law firm of King & Spalding LLP ("**K&S**"), which maintains offices at 1700 Pennsylvania Avenue, NW, 2nd Floor, Washington, DC 20006-4707. I am an attorney admitted to practice law in the District of Columbia. There are no disciplinary proceedings pending against me.

2. I am familiar with the matters set forth herein and make this supplemental declaration (the "**Supplemental Declaration**") in connection with the *Application Of Debtors For Authority To Retain And Employ King & Spalding LLP As Special Counsel To The Debtors*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014).  The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

*Nunc Pro Tunc To The Petition Date* [ECF No. 427] (the "**Application**")[2] filed on November 5, 2019 and my initial declaration attached as Exhibit B to the Application (the "**Initial Declaration**").

3. As set forth in the Application, which was granted by this Court on November 25, 2019 [ECF No. 543], K&S committed to file a supplemental declaration pursuant to Bankruptcy Rule 2014 to the extent it discovered new information that was relevant to the Application and merited disclosure. *See* Initial Declaration, ¶ 8. Accordingly, in connection with K&S's representation of the Debtors as special counsel, I submit this Supplemental Declaration to provide the additional disclosures set forth herein.

## SPECIFIC DISCLOSURES

4. On October 26, 2020, Ethan P. Davis joined K&S as a partner in its San Francisco, California office. Mr. Davis was previously employed by the United States Department of Justice ("**DOJ**") and participated in the DOJ's investigations of Purdue Pharma L.P. relating to its opioid marketing practices, as well as in Purdue's bankruptcy proceedings (the "**Matter**"). Mr. Davis's work on the Matter ended in March 2020, before he began negotiating with K&S for future employment.

5. Mr. Davis will not be involved in any way in K&S's representation of the Debtors relating to the Matter. The procedures being taken to screen Mr. Davis from K&S's work relating to the Matter are (i) a prohibition against Mr. Davis speaking with or in the presence of any K&S personnel working on the Matter about it, (ii) a prohibition against any of the K&S personnel working on the Matter from speaking with Mr. Davis or in his presence about it, (iii) a prohibition

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

against Mr. Davis bringing to K&S any documents, files, or materials in any form or medium about the Matter; and (iv) a prohibition against Mr. Davis accessing, reading, or reviewing any documents, files, or materials in any form or medium about the Matter. K&S will distribute these prohibitions to all personnel who are working on or in the future are added to the personnel working on the Matter, and also to Mr. Davis. All recipients will be advised of their obligation to abide strictly by these prohibitions.

6.  In addition, pursuant to Rule 1.11 of the Washington, D.C. Rules of Professional Conduct, Mr. Davis and I are required to prepare statements ("**Rule 1.11 Statements**") detailing, among other things, the information contained in this Supplemental Declaration. Mr. Davis's and my Rule 1.11 Statements are attached hereto as **Exhibit "A"** and **Exhibit "B,"** respectively.

7.  In light of the foregoing, and based upon the information available to me, K&S neither represents nor holds an interest adverse to the interests of the Debtors or their estates with respect to the matters on which K&S has been employed.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief on this 26th day of October, 2020.

*/s/ Jeffrey S. Bucholtz*
Jeffrey S. Bucholtz

# Exhibit A

**STATEMENT OF ETHAN P. DAVIS PURSUANT TO RULE 1.11 OF THE WASHINGTON, D.C. RULES OF PROFESSIONAL CONDUCT**

I, Ethan P. Davis, have been employed by the United States Department of Justice ("DOJ") and will become a partner in the law firm King & Spalding LLP, in its office at 101 Second Street, Suite 1000, San Francisco, California 94105.

While employed by the DOJ, I participated personally and substantially in the DOJ's investigations of Purdue Pharma L.P. relating to its opioid marketing practices, as well as in Purdue's bankruptcy proceedings (together the "Matter"). King & Spalding represents Purdue Pharma L.P. in the Matter and related matters. My work on the Matter ended in March 2020, before I began negotiating with King & Spalding for future employment. Under Rule 1.11 of the Washington, D.C. Rules of Professional Conduct, I am personally disqualified from representing Purdue Pharma L.P. in the Matter on which I worked at the DOJ. However, King & Spalding may continue to represent Purdue Pharma in the Matter under subsections (b), (c), and (d) of Rule 1.11 because:

1. King & Spalding and I have agreed that I will be timely screened from any form of participation in the Matter and from sharing in any fees resulting therefrom, and I will observe those requirements.

2. I attest that I will not participate in the Matter and will not discuss it with any partner, associate, of counsel, or any other lawyer working at King & Spalding; and I will not share in any fees for it.

3. Jeffrey S. Bucholtz, a partner at King & Spalding who is personally involved in the Matter, is submitting his statement pursuant to Rule 1.11 of the Washington, D.C. Rules of Professional Conduct attesting that all affiliated King & Spalding lawyers are aware of the requirement that I will be subject to the precautionary steps set out herein.

I also shall not use, disclose, use to the detriment of the government or parties to any matter, or benefit of anyone, any confidence or secret obtained while working on the Matter at the DOJ.

Dated:  
October 26, 2020

*s/ Ethan P. Davis*  
Ethan Davis

37667034

# Exhibit B

**STATEMENT OF JEFFREY S. BUCHOLTZ PURSUANT TO RULE 1.11 OF THE WASHINGTON, D.C. RULES OF PROFESSIONAL CONDUCT**

I, Jeffrey S. Bucholtz, am a partner in King & Spalding LLP, a law firm with an office at 1700 Pennsylvania Avenue, NW, Washington, D.C. 20006-4707.  Ethan P. Davis, who has been employed by the United States Department of Justice ("DOJ"), will become a partner with King & Spalding LLP.

While employed by the DOJ, Mr. Davis participated personally and substantially in the DOJ's investigations of Purdue Pharma L.P. relating to its opioid marketing practices and in Purdue Pharma L.P.'s bankruptcy proceedings (the "Matter").  King & Spalding LLP represents Purdue Pharma L.P. in the Matter.  Under Washington, D.C. Rule 1.11(a), Mr. Davis is personally disqualified from representing Purdue Pharma L.P., or other clients, in matters on which he worked at the DOJ personally and substantially and in substantially related matters.  King & Spalding will continue to represent Purdue Pharma L.P. in the Matter, and it may properly do so under subsections (b), (c), and (d) of Rule 1.11 because:

1. King & Spalding and Mr. Davis have agreed that he will be timely screened from any form of participation in the Matter and from sharing in any fees resulting therefrom, and he and King & Spalding will observe those requirements.

2. I attest that all affiliated King & Spalding lawyers are aware of the requirement that Mr. Davis be screened from participating in or discussing the Matter.  The procedures being taken to screen Mr. Davis from the Matter are (i) a prohibition against Mr. Davis speaking with or in the presence of any King & Spalding personnel working on the Matter about it, (ii) a prohibition against any of the King & Spalding personnel working on the Matter from speaking with Mr. Davis or in his presence about it, (iii) a prohibition against Mr. Davis bringing to King & Spalding any documents, files, or materials in any form or medium about the Matter; and (iv) a prohibition against Mr. Davis accessing, reading, or reviewing any documents, files, or materials in any form or medium about the Matter.  King & Spalding will distribute these prohibitions to all personnel who are working on or in the future are added to the personnel working on the Matter, and also to Mr. Davis.  All recipients will be advised of their obligation to abide strictly by these prohibitions.

In addition, Mr. Davis shall not use, disclose, use to the detriment of the government or parties to any matter, or the benefit of anyone, any confidence or secret obtained while working on the Matter at the DOJ.

Dated:
October 26, 2020                                         ____/s/ Jeffrey S. Bucholtz_____
                                                                          Jeffrey S. Bucholtz