**<u>Annexure I</u>**

**Proposed Third Amended Protective Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.**, *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

## [PROPOSED] THIRD AMENDED PROTECTIVE ORDER

This Protective Order (the "**Protective Order**") is entered in connection with the above-captioned chapter 11 cases brought by Purdue Pharma L.P. and certain other debtors ("**Debtors**") and related adversary proceedings, including any appeals (collectively, the "**Proceeding**"), after due notice of the Debtors' request for entry hereof and the opportunity for a hearing thereon by [unopposed] notice of presentment dated October 29, 2020.  No additional notice of or hearing on such request is required and, after due deliberation, the Court has determined that the entry of this Protective Order is supported by good and sufficient cause and is in the best interests of the Debtors' estates, creditors, and other parties in interest.  This Protective Order is intended to preserve the confidentiality of sensitive information and to provide protection sufficient to constitute a Qualified Protective Order under the Health Insurance Portability and Accountability Act of 1996 ("**HIPAA**") and the regulations promulgated thereunder (*see* 45 C.F.R. § 164.512(e)(1)(ii)).

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014).  The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

I.    **Scope of Protective Order**

1.    Diligence, disclosure, and discovery activity in the Proceeding may involve the assembly, aggregation, compilation, synthesis, summary, and production of confidential, proprietary, and/or personal information (including personally identifying information and the financial information of individuals) for which protection from public disclosure would be warranted.

2.    This Protective Order shall govern all Discovery Material (as defined herein) produced, adduced, or disclosed in or for the purposes of the Proceeding, including in the course of diligence and/or discovery, by any Producing Party (as defined herein) to any Receiving Party (as defined herein).  The disclosure of Discovery Material pursuant to this Protective Order shall not be considered or deemed a concession that such Discovery Material is or could be discoverable under Federal Rule of Bankruptcy Procedure 2004, Federal Rule of Bankruptcy Procedure 7026, or otherwise.  Nothing in this Protective Order shall be construed as obligating a Producing Party to provide Discovery Material produced to any specific Receiving Party to any other Party, or as restricting any party-in-interest from seeking discovery whether pursuant to court order or otherwise.

3.    This Protective Order shall not govern or apply to any information, documents, or materials obtained by any Party (as defined herein) outside of the Proceeding, including, but not limited to, information, documents, or other materials: (i) in the possession of such Party at the time the Proceeding was initiated through no wrongful act on the part of the entity or the individual who caused the information to come into the possession of such Party; (ii) produced in any other litigation and not re-produced in the Proceeding; (iii) produced in response to an investigative demand or administrative subpoena; or (iv) publicly available through no wrongful act or violation of this Protective Order on the part of the entity or the individual who caused the

information to become generally available to the public through publication or otherwise. Nothing in this Protective Order is meant to modify, alter, or otherwise change any protections, restrictions, or similar limitations related to any information, documents, or materials obtained by any Party outside of the Proceeding, except as otherwise provided herein. This Protective Order is binding upon all the Parties to the Proceeding, including their respective corporate parents, subsidiaries, and affiliates and their respective attorneys, principals, agents, experts, consultants, representatives, directors, officers, and employees, as well as, to the maximum extent permitted by law, their Related Parties (as defined herein) as set forth in this Protective Order.

4.      The entry of this Protective Order does not preclude any Party from seeking, where applicable, a further protective order from this Court pursuant to Federal Rule of Civil Procedure 26(c), as incorporated by Federal Rules of Bankruptcy Procedure 7026 and 9014, and Federal Rule of Bankruptcy Procedure 9018.

5.      Nothing herein shall be construed to affect in any manner the admissibility at hearing, trial, or any other court proceeding of any Discovery Material.

## II.      Certain Definitions

6.      "**Ad Hoc Group of Non-Consenting States**" means the ad hoc group of non-consenting states as set forth in the verified statement pursuant to Bankruptcy Rule 2019 [ECF No. 296], as may be amended from time to time.

7.      "**Committee**" means the Official Committee of Unsecured Creditors.

8.      "**Confidential Information**" means any Discovery Material designated as Confidential on the basis that it constitutes, reflects, discloses, or contains information that is or could be protected from disclosure by law as (i) personally identifying information, (ii) personal information relating to a Family Member, (iii) medical or psychiatric information, (iv) personnel

records, (v) law enforcement materials, (vi) research, technical, commercial, financial, banking, or investment information that the Producing Party has maintained as confidential, (vii) such other proprietary or sensitive business or commercial information that is not publicly available, or (viii) other such information that would be entitled to protection on a motion for a protective order pursuant to Federal Rule of Civil Procedure 26(c), as incorporated by Federal Rule of Bankruptcy Procedure 7026.   For the avoidance of doubt, Discovery Material with a 'Confidential' designation from other litigations that is reproduced in the Proceeding is governed by this Protective Order without any need to re-designate such Discovery Material.

9.      "**Consenting Ad Hoc Committee**" means the ad hoc committee of governmental and other contingent litigation claimants as set forth in the verified statement pursuant to Bankruptcy Rule 2019 [ECF No. 279], as may be amended from time to time.

10.      "**Counsel**," without another qualifier, means Outside Counsel, Member Outside Counsel, and In-House Counsel.

11.      "**Discovery Material**" means any information; document; electronically stored information, such as matter stored or recorded in the form of electronic or magnetic media (including information, files, databases, or programs stored on any digital or analog machine-readable device, computers, Internet sites, discs, networks, or tapes) ("**ESI**"); or tangible thing, including, but not limited to, all copies, excerpts, summaries, or compilations thereof, whether revealed in a document, deposition, other testimony, discovery response, or otherwise, that is produced, adduced, delivered, or disclosed in or pursuant to the Proceeding by any Producing Party to any Receiving Party, including in the course of diligence and/or discovery and/or pursuant to an order of the Court.

12.     "**Family Entity**" means (i) Beacon Company, (ii) Rosebay Medical Company L.P., and (iii) each other entity or person that directly or indirectly owns equity in, or has voting control over, any of the Debtors.

13.     "**Family Member**" means (i) Named Family Members and (to the extent not already listed) any descendants in any degree of Mortimer Sackler or Raymond Sackler, (ii) the spouse of any of the foregoing, (iii) any estate of the foregoing and executors thereof (solely in their capacities as such), and (iv) any trusts of which any Family Member is a beneficiary and the trustees thereof (solely in their capacity as such).  For the avoidance of doubt, the terms Family Member and Family Entity together are co-extensive with the term "Covered Party" as defined in the Stipulation (as herein defined).

14.     "**Group**" means each of the Committee; the Consenting Ad Hoc Committee; the Multistate Governmental Entities Group; the Ad Hoc Group of Non-Consenting States; the Ad Hoc Committee of NAS Babies as set forth in the verified statement pursuant to Bankruptcy Rule 2019 [ECF No. 341], as may be amended from time to time; the Ad Hoc Group of Individual Victims of Purdue Pharma L.P. as set forth in the verified statement pursuant to Bankruptcy Rule 2019 [ECF No. 348], as may be amended from time to time; the group of hospital plaintiffs as set forth in the verified statement pursuant to Bankruptcy Rule 2019 [ECF No. 90], as may be amended from time to time; the group of insurance purchasers as set forth in the verified statement pursuant to Bankruptcy Rule 2019 [ECF No. 333], as may be amended from time to time; or any other group or committee formed for purposes of the Proceeding.

15.     "**Highly Confidential Information**" means any Discovery Material designated as Highly Confidential that constitutes, reflects, discloses, or contains information the Producing Party has maintained as confidential and (i) the disclosure of which would allow a Market

Participant to gain a material advantage in the marketplace such that it qualifies as a trade secret under applicable law, or (ii) the disclosure of which would be likely to cause commercial harm to the Producing Party or to the business partners or counterparties of the Producing Party.  For the avoidance of doubt, Discovery Material with a 'Highly Confidential' designation from other litigations that is reproduced in the Proceeding is governed by this Protective Order without any need to re-designate such Discovery Material.

16.    "**In-House Counsel**" means any attorney employees of any Party including, for the avoidance of doubt, any attorneys who are employees of any governmental entity, such as the Office of the Attorney General of any State, Commonwealth, or Territory, that is a Party for purposes of the Proceeding.

17.    "**Market Participant**" means, without limitation, any person or entity, other than the applicable Producing Party, that is engaged in the pharmaceutical or healthcare business including, but not limited to, pharmaceutical manufacturers, pharmaceutical distributors, any current or potential commercial counterparty of the Debtors, hospitals, insurers, and healthcare providers.  For the avoidance of doubt, Market Participant does not include the Debtors, any individual person who is a claimant in the Proceeding, or any governmental entity.

18.    "**Member**" means, (i) with respect to the Committee, any full or *ex officio* member of the Committee, (ii) with respect to each of the Consenting Ad Hoc Committee, Multistate Governmental Entities Group, the Ad Hoc Group of Non-Consenting States, or any other Group other than the Committee, any member of such Group.

19.    "**Member Outside Counsel**" means any law firm, law office, or non-employee attorney who represents in the Proceeding any Member of a Group.

20.    "**Multistate Governmental Entities Group**" means the multi-state group comprising approximately 1,222 entities as set forth in the verified statement pursuant to Bankruptcy Rule 2019 [ECF No. 409], as may be amended from time to time.

21.    "**Named Family Member**" means Beverly Sackler, David A. Sackler, Ilene Sackler, Jonathan D. Sackler, Kathe Sackler, Mortimer D.A. Sackler, Richard S. Sackler, and Theresa Sackler.

22.    "**Outside Counsel**" means any law firm, law office, or non-employee attorney who has appeared for any Party in the Proceeding who is neither In-House Counsel nor Member Outside Counsel.  For the avoidance of doubt, with respect to Discovery Material that is produced to any Group, "Outside Counsel" for such Group means only the law firm, law office, or non-employee attorney who has appeared for such Group in the Proceeding, and does not include Member Outside Counsel, *provided* that, absent further consent of the applicable Producing Party, "Outside Counsel" for the Multistate Governmental Entities Group will include only (1) the attorneys of Caplin & Drysdale, Chartered, (2) Cheryl Priest Ainsworth of Theodora Oringher PC, (3) Tricia Herzfeld of Branstetter, Stranch & Jennings, PLLC, (4) Richard F. Holley of Holley, Driggs, Walch Fine, Puzey, Stein & Thompson, (5) Beth A. Kaswan of Scott + Scott Attorneys at Law LLP, (6) Shelly A. Sanford of Watts Guerra LLP, (7) Judge Kevin Sharp of Sanford Heisler Sharp, LLP, (8) Marghretta H. Shisko of Harrison White, P.C., (9) Jeffrey B. Simon of Simon Greenstone Panatier, PC, (10) W. Edgar Spivey from Kaufman & Canoles, P.C.; (11) Dara Hegar of The Lanier Law Firm; (12) F. Jerome Tapley of Cory Watson Attorneys; (13) J. Gerard Stranch IV of Branstetter Stranch & Jennings PLLC; (14) Joanne Cicala of The Cicala Law Firm PLLC; and (15) John B. White Jr. of Harrison White, P.C.

23.    "**Outside Professionals' Eyes Only**" means any Discovery Material designated by a Family Member or a Family Entity as Outside Professionals' Eyes Only that constitutes, reflects, discloses, or contains (i) voluntarily produced (by stipulation, agreement, or otherwise) Personally Identifying Information of any Family Member or Family Entity to the extent not redacted, (ii) information that the applicable Producing Party and each applicable Receiving Party has agreed should be treated as Outside Professionals' Eyes Only (solely with respect to the production to each such Receiving Party), or (iii) information that the Court determines should be afforded treatment as Outside Professionals' Eyes Only.  If it becomes apparent during the course of the Proceeding that permitting the Debtors to designate Discovery Materials as Outside Professionals' Eyes Only would increase the likelihood of success of the restructuring contemplated in the Proceeding, the Debtors, the Committee, the Consenting Ad Hoc Committee, and the Ad Hoc Group of Non-Consenting States agree to negotiate in good faith with respect to the scope of such designation.  If a Producing Party is compelled on an involuntary basis to provide Discovery Material in the Proceeding (including Discovery Material previously voluntarily produced (by stipulation, agreement, or otherwise) as Outside Professionals' Eyes Only Information), such Producing Party reserves the right to request that the Court afford such Discovery Material treatment as Outside Professionals' Eyes Only (including by requesting a modification of the definition hereof), and each Receiving Party of such Discovery Materials reserves the right to object to or otherwise challenge such request.  For the avoidance of doubt, none of the information described in paragraph 17(a) of the Stipulation shall constitute Outside Professionals' Eyes Only Information, but such information may be given any other designation as determined by the applicable Producing Party in accordance with this Protective Order.

24.    "**Party**" means any party-in-interest in the Proceeding who is bound to this Protective Order by agreement (indicated by completion of the certification contained in Appendix I, Acknowledgement and Agreement to Be Bound by Protective Order) and/or an order of the Court (including, for the avoidance of doubt, (i) the Debtors, (ii) Beacon Company, (iii) Rosebay Medical Company, L.P., (iv) the Committee, (v) the Consenting Ad Hoc Committee, (vi) the Multistate Governmental Entities Group, and (vii) the Ad Hoc Group of Non-Consenting States), and each and every Related Party to any such party-in-interest. Additional persons or entities that are parties-in-interest may become a Party by either (a) completing the certification contained in Appendix I, Acknowledgement and Agreement to Be Bound by Protective Order and filing the certification on the Court's docket, thereby agreeing to be bound by the Protective Order, or (b) being expressly bound to this Protective Order by an order of the Court.  For the avoidance of doubt, (i) neither the United States nor any federal agency, including, without limitation the U.S. Trustee, is a Party within the meaning of this Protective Order or otherwise bound by this Protective Order; (ii) any Discovery Material sought by the United States or any federal agency, including, without limitation the U.S. Trustee, in the Proceeding will be governed by a separate arrangement to be negotiated; and (iii) any information sought outside of this Proceeding, by the United States, by any federal agency, or by any other Party, will not be governed by this Protective Order.

25.    "**PEC**" means the Plaintiffs' Executive Committee in *In re National Prescription Opiate Litigation*, Case No. 17-md-02804, which is a member of the Consenting Ad Hoc Committee set forth in the verified statement pursuant to Bankruptcy Rule 2019 [ECF No. 279], as may be amended from time to time.

26.    "**Personally Identifying Information**" means the names, home addresses, personal e-mail addresses, home telephone numbers, Social Security or tax identification numbers, and other information protected by law from disclosure of any person, but shall not include the name of any Named Family Member.

27.    "**Privileged Information**" means Discovery Material protected from disclosure by the attorney-client privilege, attorney work product protection, common-interest privilege, or any other legal privilege, immunity, or protection from production or disclosure.

28.    "**Producing Party**" means a person who, or entity that, produces, discloses, or otherwise makes available Discovery Material to a Receiving Party.  For purposes of a deposition or other testimony, the Producing Party is the person who, or entity that, put forth the witness.

29.    "**Professional**" means any person or entity retained by a Party or by Counsel for a Party that is providing advice to such Party with respect to the Proceeding, including, for example, a financial advisor, provided that the person or entity agrees to be bound by this Protective Order and completes the certification contained in Appendix I, Acknowledgement and Agreement to Be Bound by Protective Order.  For the avoidance of doubt and for the purposes of this Protective Order, Marc Kesselman is a Professional of the Debtors.

30.    "**Professionals' Eyes Only Information**" means any Discovery Material designated as Professionals' Eyes Only that constitutes, reflects discloses, or contains (i) information that could give rise to a safety or similar risk to any person or entity, or (ii) commercially or personally sensitive information the disclosure of which to non-Counsel or non-Professionals is likely to adversely impact the goals of the Bankruptcy Code and the likelihood of success of the restructuring contemplated in the Proceeding.  Any Discovery

Material designated as Professionals' Eyes Only Information will also be designated as either Confidential Information ("**Professionals' Eyes Only/Confidential Information**") or Highly Confidential Information ("**Professionals' Eyes Only/Highly Confidential Information**") as set forth in this Protective Order.  For the avoidance of doubt, Discovery Material with a 'Professionals Eyes Only' or 'Attorneys Eyes Only' designation from other litigations that is reproduced in the Proceeding is governed by this Protective Order as Professionals Eyes Only/Highly Confidential Information without any need to re-designate such Discovery Material.

31.   "**Protected Information**" means any information that is designated as Confidential Information, Highly Confidential Information, Professionals' Eyes Only/Confidential Information, Professionals' Eyes Only/Highly Confidential Information, or Outside Professionals' Eyes Only Information in accordance with the Protective Order.

32.   "**Receiving Party**" means a Party that receives Discovery Material from a Producing Party.

33.   "**Related Party**" means, with respect to any Party, such Party's principals, members, agents, consultants, directors, officers, and employees; and such Party's corporate parents, subsidiaries, and affiliates, and their principals, agents, consultants, directors, officers, and employees.  For the avoidance of doubt, each Family Member and each Family Entity (other than Beacon Company and Rosebay Medical Company L.P.) is a Related Party with respect to Beacon Company and Rosebay Medical Company L.P., which are each a Party.

34.   "**Stipulation**" means the Amended and Restated Case Stipulation Among the Debtors, the Committee and Certain Related Parties [ECF No. 518]

### III.   Designation and Redaction of Protected Information

35.   A Party may designate any Discovery Material produced by itself, or testimony given by a witness offered by itself, that the Producing Party believes in good faith qualifies as

Protected Information of the Producing Party pursuant to this Protective Order.  In designating

Discovery Materials as Protected Information, the Producing Party shall do so in good faith

consistent with the provisions of this Protective Order and the rules and rulings of the Court.

Nothing herein shall be construed as restricting a Producing Party from waiving, as confirmed in

writing to any applicable Receiving Party, the designation of any Discovery Material as

Protected Information with respect to any, all, or certain Receiving Parties.  Notwithstanding the

possible prior designation of Discovery Material under one label, a Producing Party may always

designate or redesignate such Discovery Material with any designation it believes is appropriate.

The designation or potential for designation under one label shall not be construed to mean that

designation under another label would not also be appropriate.

36.    For each document that contains or constitutes Protected Information, each page,

to the extent practicable, will be explicitly marked by the Producing Party at the time of

production, as relevant, "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER",

"HIGHLY CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER", "PROFESSIONALS'

EYES ONLY/CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER",

"PROFESSIONALS' EYES ONLY/HIGHLY CONFIDENTIAL—SUBJECT TO

PROTECTIVE ORDER," "OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION—

SUBJECT TO PROTECTIVE ORDER", or comparable notices.  To the extent that ESI that

contains or constitutes Protected Information is produced in any electronic form, the Producing

Party may designate such matters by a designation on the media.  To the extent that ESI that

contains or constitutes Protected Information is produced by any Party in a native form, the

Producing Party may designate the file by including the appropriate label in the file name.  The

Producing Party will identify in a log the different categories or groups of Discovery Materials

that have been designated as Outside Professionals' Eyes Only.  Such log will be produced as soon as reasonably practicable following the production of such Protected Information.

37.    A Producing Party may redact certain portions of Protected Information from Discovery Material to the extent necessary to protect Personally Identifying Information (other than Personally Identifying Information of Family Members and Family Entities in Discovery Material designated as Outside Professionals' Eyes Only Information) and Privileged Information from disclosure.  The basis for any such redaction, as between Personally Identifying Information and Privileged Information, shall be provided in a log.  With respect to redactions of Privileged Information, the log will identify the privilege or privileges asserted. For the avoidance of doubt, redactions may be challenged at any time by a Receiving Party as set forth in paragraph 65.  If a challenge is made in accordance with paragraph 65 or if a Producing Party is compelled on an involuntary basis to produce Discovery Material in the Proceeding, and such Discovery Material contains Personally Identifying Information, such Producing Party reserves the right to seek an order from the Court permitting redactions of such Personally Identifying Information, to which all other Parties shall have the right to object or otherwise challenge.  Nothing in this Protective Order shall create any presumptions or shift any burdens with respect to whether Discovery Material is discoverable or is entitled to protection from disclosure.

38.    Discovery Material disclosed through testimony at a deposition taken in connection with the Proceeding may be designated as Protected Information by the Party who put forth the witness, which Party will be treated as the Producing Party for purposes of the testimony and transcript of such testimony, either (i) on the record at the time of testimony or (ii) by notifying the court reporter in writing and any applicable Receiving Parties by a Notice of

Designation on the Court's docket of such designation within seven (7) days of the Producing Party's receipt of the initial rough transcript of a deposition.  The court reporter will indicate the portions designated as Protected Information as appropriate.  Designations of transcripts will apply to audio, video, or other recordings of the testimony.  Any transcripts released prior to the expiration of the seven (7)-day period shall be marked with the highest designation of any portion of the transcript designated on the record, and all Parties shall treat the transcript in accordance with such designation for the duration of the seven (7)-day period.  If the Producing Party does not provide notice of any designation of a transcript either (i) on the record at the time of testimony or (ii) in writing within the seven (7)-day period, then the entire transcript will be deemed not to contain Protected Information.

39.     In accordance with this Protective Order, the only persons who may be present at a deposition for the period during which any questions regarding Protected Information are asked are those, with respect to each designation of Protected Information, who are identified in Section V below.  No failure to exclude any persons from such deposition shall prejudice a Producing Party's right to subsequently designate such information as Protected Information. This paragraph shall not be deemed to authorize disclosure of any Protected Information to any person to whom disclosure is prohibited under this Protective Order.

### IV.   Means of Access to Professionals' Eyes Only Information

40.     Professionals' Eyes Only Information shall be produced by ordinary course means to Outside Counsel for a Receiving Party and to Professionals and vendor agents for such Receiving Party who are entitled to receive such Professionals' Eyes Only Information as set forth in Section V below.

41.     In addition, and subject to the limitations set forth in Section V below with respect to Professionals' Eyes Only/Highly Confidential Information, (i) persons as designated

by each Member of the Committee (*provided* that no Market Participant shall have direct access to Professionals' Eyes Only/Highly Confidential Information) and (ii) a reasonable number of attorneys and staff overseen by such attorneys as designated by each Member of (a) the Consenting Ad Hoc Committee and (b) the Ad Hoc Group of Non-Consenting States (collectively, "**View-Only Designees**") will receive view-only access to Professionals' Eyes Only Information provided to Outside Counsel of the aforementioned Group of which such View-Only Designee is a Member, *provided* that the View-Only Designees with respect to the PEC will be the Designated Co-lead Counsel of the PEC.  A list of the names of all View-Only Designees shall be transmitted by e-mail to Debtors and to Counsel for the Family Members and Family Entities in order to confirm to whom view-only access is to be provided, and the view-only access platform will have a confidentiality acknowledgment that each View-Only Designee will be required to affirm prior to entry to the platform.  View-Only Designees reserve the right to request that the Court modify the means of access to Discovery Materials, including upon a reasonable showing that the view-only platform provided to them is not reasonably accessible or is otherwise imposing an undue burden, provided that any alternative means of access ordered by the Court will also be view-only.

42.    In-House Counsel and Member Outside Counsel, other than View-Only Designees or In-House Counsel for any Market Participant, shall be permitted to seek view-only access to Professionals' Eyes Only Information ("**Requesting Counsel**") for which Outside Counsel for the same Party or Outside Counsel for the Group of which such Party is a Member has been provided ordinary course access by making a request to the Producing Party which: (i) specifies the Professionals' Eyes Only Information to which access is sought and (ii) sets forth the reasonable basis for the request and the steps Requesting Counsel has taken or commits

to take to protect the Professionals' Eyes Only Information (the "**Access Request**").  If the Producing Party does not grant the Access Request within three (3) days, Requesting Counsel and the Producing Party will meet and confer within five (5) days of the Access Request.  If the Access Request has been neither rescinded nor granted at the conclusion of the meet and confer, Requesting Counsel will have the right to request a chambers conference with the Court regarding the Access Request.

### V.    Access to Protected Information

43.    No person or entity subject to the Protective Order shall disclose or permit the disclosure of any information designated as Protected Information to any person or entity except as expressly set forth in this Protective Order.  For the avoidance of doubt, no Receiving Party (including the Receiving Party's Counsel) may share any Protected Information received by it from a Producing Party with any other Party in the absence of written permission from the Producing Party, an order of the Court, or except as otherwise provided herein.  In order to allow for collaboration and efficiency among parties in interest: (i) each of the Debtors, the Committee, the Consenting Ad Hoc Committee, and the Ad Hoc Group of Non-Consenting States (each, an "**Information Sharing Party**" and collectively, the "**Information Sharing Parties**") may share with another Information Sharing Party any Protected Information it has received from a Producing Party; (ii) an Information Sharing Party that has received Protected Information may share it with a Permitted Attorney (as defined in paragraph 44 below); and (iii) a Permitted Attorney (as defined in paragraph 44 below) that has received Protected Information may share it with an Information Sharing Party or another Permitted Attorney, *provided that* any disclosure made in accordance with this sentence shall otherwise be made on the same terms and conditions as required by this Protective Order (including, for the avoidance of doubt, (a) with the same confidentiality designation as was made by the applicable Producing Party when such Protected

Information was produced to such first Information Sharing Party; (b) in the view-only manner set forth in Section IV, if applicable; and (c) as set forth in paragraph 44 below with regard to Sackler Family Protected Information (as defined therein)).

44.     For the avoidance of doubt, the limitations on information sharing provided in this paragraph do not apply to information sharing between or among the Information Sharing Parties.  With respect to Protected Information that is obtained from or pertains to any Family Member, Family Entity, or any entity in which any Family Member has an ownership or beneficial interest and that has been designated Professional Eyes' Only or Outside Professional Eyes' Only (such Protected Information, collectively, the "**Sackler Family Protected Information**"), the Committee shall be permitted to share confidentially, with not more than five attorneys (the "**Permitted Attorneys**") representing each signatory, respectively, to the Amended Stipulation and Agreed Order Among the Official Committee and Other Parties in Interest Regarding Discovery and the Sharing of Information in the Chapter 11 Cases [ECF No. 1440] (the "**Discovery Stipulation**") that is expressly named in the first sentence of footnote 4 of the Discovery Stipulation, the Committee's analysis and conclusions based upon Sackler Family Protected Information, provided that the Committee makes reasonable good faith efforts not to disclose specific underlying Sackler Family Protected Information.   Notwithstanding the foregoing, the Committee may also disclose at any time, confidentially and on a view-only basis to such Permitted Attorneys, documents that constitute Sackler Family Protected Information ("**General Interest Documents**") that the Committee believes in good faith are relevant to a particular claim against any of the Debtors, any Family Member, any Family Entity, or any entity in which any Family Member has an ownership or beneficial interest or any defense of such claim (whether it tends to support or rebut such claim or defense) (each, a "**Claim**" or

"**Defense**," as the case may be); *provided, however*, that the Committee may not disclose any of the following types of Sackler Family Protected Information to Permitted Attorneys: (i) non-public financial documents, records, and information consisting of bank records, tax returns, audit materials, financial statements, and documents identifying or referencing specific investments made by any Family Member, any Family Entity, or any entity in which any Family Member has an ownership or beneficial interest (collectively, "**Financial Documents**"); or (ii) personally identifying information (consisting of home addresses, home phone numbers, social security numbers, and birth dates) of any Family Member in the absence of written permission from such Family Member or an order of the Court; or (iii) other information that has been designated Outside Professionals' Eyes Only in the absence of written permission from the party that designated such Protected Information or an order of the Court, whether or not such information is contained in a General Interest Document; *provided further, however*, that the Committee shall be permitted to share with Permitted Attorneys confidentially and not on a view-only basis, in each case, to the extent the Committee believes in good faith is relevant to a particular Claim or Defense, (a) aggregate summaries of financial information, analyses, and conclusions derived from Financial Documents, and (b) the identity of the Financial Documents that form the basis for any such summary, analysis, or conclusion.  Except as expressly provided otherwise in this paragraph or paragraph 43 above, under no circumstance shall the Committee be permitted to provide direct access to Sackler Family Protected Information subject to this Protective Order.  Family Members and Family Entities will consider in good faith, but shall not be required to consent to, requests to include additional attorneys as Permitted Attorneys.  For the avoidance of doubt, the procedures set forth in this paragraph 44 with regard to sharing of Sackler Family Protected Information by the Committee with the Permitted Attorneys shall also

apply to the sharing of Sackler Family Protected Information by any Information Sharing Party with the Permitted Attorneys pursuant to paragraph 43 above.

45.    **Confidential Information**.    In the absence of written permission from the Producing Party or an order of the Court, a Receiving Party to whom Confidential Information designated in accordance with the provisions of this Protective Order is produced shall use such Confidential Information solely for purposes of the Proceeding and such Receiving Party shall not disclose the contents of such Confidential Information to any person or entity unless such person or entity falls within at least one of the following categories:

i.        Such Receiving Party;

ii.       If such Receiving Party is a Group, the Members (including staff employed by such Member) of such Receiving Party;

iii.      Counsel for such Receiving Party, and the attorneys, paralegals, stenographic, and clerical staff employed by such Counsel;

iv.      If such Receiving Party is a Group, Counsel of the Members of such Receiving Party, and the attorneys, paralegals, stenographic, and clerical staff employed by such Counsel;

v.       Professionals for such Receiving Party (whether retained by the Receiving Party or such Party's Counsel);

vi.      Vendor agents for such Receiving Party (whether retained by the Receiving Party or such Party's Counsel);

vii.     Stenographic employees and court reporters recording or transcribing testimony in the Proceeding;

viii.     Any deponent or witness, and his/her counsel, who may be shown, but shall not be permitted to retain, Confidential Information only to the extent necessary to prepare for deposition or testimony or during such deposition or testimony; and

ix.     The Court, any trial or appellate court to which an appeal of a decision of the Court is taken, and any members of the courts' staff to whom it is necessary to disclose the information; provided that no such information shall be publicly filed unless required by an order of the Court.

Before any Confidential Information is reviewed or inspected by or otherwise disclosed to any person listed in (i)-(vi) above, the Receiving Party shall be responsible for providing such persons with a copy of this Protective Order and instructing such persons to comply with the terms of the Protective Order.

46.     **Highly Confidential Information**.  In the absence of written permission from the Producing Party or an order of the Court, a Receiving Party to whom Highly Confidential Information designated in accordance with the provisions of this Protective Order is produced shall use such Highly Confidential Information solely for purposes of the Proceeding and such Receiving Party shall not disclose the contents of such Highly Confidential Information to any person or entity unless such person or entity falls within at least one of the following categories:

i.     Such Receiving Party, unless such Party is a Market Participant;

ii.     If such Receiving Party is a Group, the Members (including staff employed by such Member) of such Receiving Party, unless such Member is a Market Participant;

iii.     Outside Counsel for such Receiving Party, In-House Counsel for such Receiving Party unless such Party is a Market Participant, and the attorneys, paralegals, stenographic, and clerical staff employed by such Counsel;

iv.    If such Receiving Party is a Group, the Member Outside Counsel for each Member of such Receiving Party, In-House Counsel for each Member of such Receiving Party unless such Member is a Market Participant, and the attorneys, paralegals, stenographic, and clerical staff employed by such Counsel;

v.    Professionals for such Receiving Party (whether retained by the Receiving Party or such Party's Counsel), unless such Party is a Market Participant or such Party's Counsel is acting solely on behalf of a Market Participant;

vi.    Vendor agents for such Receiving Party (whether retained by the Receiving Party or such Party's Counsel), unless such Party is a Market Participant or such Party's Counsel is acting solely on behalf of a Market Participant;

vii.    Stenographic employees and court reporters recording or transcribing testimony in the Proceeding;

viii.    Any deponent or witness, and his/her counsel, who may be shown Highly Confidential Information only to the extent necessary to prepare for deposition or testimony or during such deposition or testimony; provided that such deponent or witness shall not be permitted to retain Highly Confidential Information and further provided that, unless otherwise agreed by the Producing Party or ordered by the Court, no Highly Confidential Information may be shown to any witness who is a current employee of a Market Participant; and

ix.    The Court, any trial or appellate court to which an appeal of a decision of the Court is taken, and any members of the courts' staff to whom it is necessary to disclose the information; provided that no such information shall be publicly filed unless required by an order of the Court.

Before any Highly Confidential Information is reviewed or inspected by or otherwise disclosed to any person listed in (i)-(vi) above, the Receiving Party shall be responsible for providing such persons with a copy of this Protective Order and instructing such persons to comply with the terms of the Protective Order.

47.     **Professionals' Eyes Only/Confidential Information**.  In the absence of written permission from the Producing Party or an order of the Court, a Receiving Party to whom Protected Information designated in accordance with the provisions of this Protective Order as both Professionals' Eyes Only Information and Confidential Information is produced shall use such Protected Information solely for purposes of the Proceeding and such Receiving Party shall not disclose the contents of such Protected Information to any person or entity unless such person or entity falls within at least one of the following categories:

i.      Outside Counsel for the Receiving Party, and the attorneys, paralegals, stenographic, and clerical staff employed by such Outside Counsel;

ii.     If such Receiving Party is the Committee, each View-Only Designee for the Committee in the manner set forth in Section IV, the Member Outside Counsel of each Member of such Receiving Party, In-House Counsel of each Member of such Receiving Party, and the attorneys, paralegals, stenographic, and clerical staff employed by such Counsel;

iii.    If such Receiving Party is the Consenting Ad Hoc Committee or the Ad Hoc Group of Non-Consenting States, the View-Only Designees for the Receiving Party in the manner set forth in Section IV;

iv.     Professionals for such Receiving Party (whether retained by the Receiving Party or such Party's Counsel);

v.      Vendor agents for such Receiving Party (whether retained by the Receiving Party or such Party's Counsel);

vi.     Stenographic employees and court reporters recording or transcribing testimony in the Proceeding;

vii.    Any deponent or witness, and his/her counsel, who may be shown, but shall not be permitted to retain, Professionals' Eyes Only/Confidential Information only to the extent necessary to prepare for deposition or testimony or during such deposition or testimony provided that such deponent or witness shall not be permitted to retain Professionals' Eyes Only/Confidential Information and further provided that, unless otherwise agreed by the Producing Party or ordered by the Court, no Professionals' Eyes Only/Confidential Information may be shown to any witness who is a current employee of a Market Participant; and

viii.   The Court, any trial or appellate court to which an appeal of a decision of the Court is taken, and any members of the courts' staff to whom it is necessary to disclose the information; provided that no such information shall be publicly filed unless required by an order of the Court.

Before any Professionals' Eyes Only/Confidential Information is reviewed or inspected by or otherwise disclosed to any person listed in (i)-(v) above, the Receiving Party shall be responsible for providing such persons with a copy of this Protective Order and instructing such persons to comply with the terms of the Protective Order.

48.     **Professionals' Eyes Only/Highly Confidential Information**.  In the absence of written permission from the Producing Party or an order of the Court, a Receiving Party to whom Protected Information designated in accordance with the provisions of this Protective Order as

both Professionals' Eyes Only Information and Highly Confidential Information is produced shall use such Protected Information solely for purposes of the Proceeding and such Receiving Party shall not disclose the contents of such Protected Information to any person or entity unless such person or entity falls within at least one of the following categories set forth in paragraph 46 and at least one of the categories set forth in paragraph 47. For the avoidance of doubt, if such Receiving Party is the Committee, such Receiving Party shall not disclose the contents of Professionals' Eyes Only/Highly Confidential Information to a View-Only Designee for the Committee which is a Market Participant or to the In-House Counsel of such View-Only Designee. Before any Professionals' Eyes Only/Highly Confidential Information is reviewed or inspected by or otherwise disclosed to any person listed in paragraph 46(i)-(vi) or paragraph 47(i)-(v) above, the Receiving Party shall be responsible for providing such persons with a copy of this Protective Order and instructing such persons to comply with the terms of the Protective Order.

49.    **Outside Professionals' Eyes Only Information**. In the absence of written permission from the Producing Party or an order of the Court, a Receiving Party to whom Outside Professionals' Eyes Only Information designated in accordance with the provisions of this Protective Order is produced shall use such Outside Professionals' Eyes Only Information solely for purposes of the Proceeding and such Receiving Party shall not disclose the contents of such Outside Professionals' Eyes Only Information to any person or entity unless such person or entity falls within at least one of the following categories:

i.    Outside Counsel for the Receiving Party, and the attorneys, paralegals, stenographic, and clerical staff employed by such Outside Counsel;

ii.      Professionals for such Receiving Party (whether retained by the Receiving Party or such Party's Counsel), unless such Party is a Market Participant or such Party's Counsel is acting solely on behalf of a Market Participant;

iii.      Vendor agents for such Receiving Party (whether retained by the Receiving Party or such Party's Counsel), unless such Party is a Market Participant or such Party's Counsel is acting solely on behalf of a Market Participant;

iv.      Stenographic employees and court reporters recording or transcribing testimony in the Proceeding;

v.      Any deponent or witness, and his/her counsel, who may be shown, but shall not be permitted to retain, Outside Professionals' Eyes Only Information only to the extent necessary to prepare for deposition or testimony or during such deposition or testimony provided that such deponent or witness shall not be permitted to retain Outside Professionals' Eyes Only Information and further provided that, unless otherwise agreed by the Producing Party or ordered by the Court, no Outside Professionals' Eyes Only Information may be shown to any witness who is a current employee of a Market Participant; and

vi.      The Court, any trial or appellate court to which an appeal of a decision of the Court is taken, and any members of the courts' staff to whom it is necessary to disclose the information; provided that no such information shall be publicly filed unless required by an order of the Court.

Before any Outside Professionals' Eyes Only Information is reviewed or inspected by or otherwise disclosed to any person listed in (i)-(iii) above, the Receiving Party shall be

responsible for providing such persons with a copy of this Protective Order and instructing such persons to comply with the terms of the Protective Order.

### VI.    Confidentiality Acknowledgment

50.    Each Receiving Party shall sign an Acknowledgement and Agreement to Be Bound by Protective Order, in the form annexed hereto as Appendix I, acknowledging that it shall abide by the terms of the Protective Order.  Each Party shall provide a signed copy of the Acknowledgement and Agreement to Be Bound by Protective Order, in the form annexed hereto as Appendix I, to Debtors by e-mail.

51.    Each non-Party person required under this Protective Order to complete the certification contained in Appendix I, Acknowledgement and Agreement to Be Bound by Protective Order, shall be provided with a copy of this Protective Order and shall sign an Acknowledgement and Agreement to Be Bound by Protective Order, in the form annexed hereto as Appendix I, acknowledging that he or she has read this Protective Order and shall abide by its terms.

52.    Persons who come into contact with Protected Information for clerical or administrative purposes, and who do not retain copies or extracts thereof, are not required to execute an Acknowledgement and Agreement to Be Bound by Protective Order, in the form annexed hereto as Appendix I, but must comply with the terms of this Protective Order.

53.    In the event of a suspected unauthorized disclosure of Protected Information, each Party will have the right to request a chambers conference with the Court wherein the Court will be asked to determine (i) whether an unauthorized disclosure occurred and (ii) the appropriate remedy therefor, which shall be within the Court's discretion.

### VII. Protection and Use of Protected Information

54. Counsel to any applicable Receiving Party shall take reasonable steps to assure the security of any Protected Information and will limit access to such material to those persons authorized by this Protective Order.

55. Nothing herein shall restrict any Party, Counsel, or Professional who is permitted to receive certain Protected Information pursuant to this Protective Order from making working copies, abstracts, digests, or analyses of such Protected Information for use in connection with the Proceeding and such working copies, abstracts, digests, and analyses shall be deemed to have the same level of protection as the derived-from Protected Information under the terms of this Protective Order. Further, nothing herein shall restrict any Party, Counsel, or Professional who receives such Protected Information by ordinary course means from converting or translating such Protected Information into machine-readable form for incorporation in a data retrieval system used in connection with the Proceeding, provided that access to such Protected Information, in whatever form stored or reproduced, shall be deemed to have the same level of protection under the terms of this Protective Order as at the time of production. For the avoidance of doubt, to the extent certain Protected Information is provided to any person on a view-only basis, no person or entity with any access to such Protected Information will engage in any behavior that would render the purpose of the view-only restriction a nullity.

56. Any Party, Counsel, or Professional who is permitted to receive certain Protected Information shall at all times, including after the conclusion of the Proceeding, keep all notes, abstractions, or other work product derived from or containing such Protected Information in a manner to prevent any unauthorized disclosure of such Protected Information. Nothing in this Protective Order shall be construed as requiring the disclosure of any such work product at the conclusion of the Proceeding.

57.     Nothing herein shall restrict any Party's Counsel who is permitted to receive certain Protected Information from rendering advice to such Party with respect to the Proceeding and, in the course thereof, relying upon such Protected Information, provided that in rendering such advice, Counsel shall not engage in any behavior that would render the purpose, effect, or terms of the Protective Order a nullity.

58.     Nothing herein shall prejudice in any way the rights of any Party to object to the relevance, authenticity, or admissibility into evidence of any Discovery Material subject to this Protective Order, or otherwise constitute or operate as an admission by any Party that any particular Discovery Material is or is not relevant, authentic, or admissible into evidence at any deposition, hearing, or trial related to the Proceeding.

59.     Nothing contained in this Protective Order shall preclude any Producing Party from using its own Protected Information in any manner it sees fit, without prior consent of any other Party or the Court.

60.     If a Receiving Party learns of any unauthorized disclosure of Protected Information for which the Receiving Party may be, in whole or in part, responsible, it shall immediately (i) inform the Producing Party in writing of all pertinent facts relating to such disclosure, (ii) make reasonable best efforts to retrieve all copies of the Protected Information that was disclosed without authorization, (iii) inform the person or persons to whom unauthorized disclosures were made of the terms of this Protective Order, (iv) request such person or persons execute the Acknowledgement and Agreement to Be Bound by Protective Order that is attached hereto as Appendix I, and (v) as soon as reasonably practicable, certify to the Producing Party that the steps in (i)-(iv) above are being undertaken or have been completed. Nothing herein shall prevent a Producing Party from requesting that a Receiving Party take other

reasonable additional steps to mitigate or remediate an unauthorized disclosure, or from seeking

Court intervention with respect to such unauthorized disclosure.

61.     Unless otherwise agreed or ordered, this Protective Order shall remain in force

after the closing of the Proceeding, and the Court shall retain jurisdiction after such closing to

modify or enforce the provisions of this Protective Order.  Each Party consents to the ongoing

jurisdiction of the Court to modify or enforce the provisions of this Protective Order.

62.     Within ninety (90) days of the request of a Producing Party made after the closing

of the Proceeding, or as soon as reasonably practicable after such request, or such other time as

the Producing Party may agree in writing, each applicable Receiving Party shall use

commercially reasonable efforts to return or to destroy, at the option of the Receiving Party, all

Protected Information under this Protective Order unless the Protected Information has been

offered into evidence, filed without restriction as to disclosure, or otherwise been made publicly

available without a violation of the terms of the Protective Order.  At the Request of the

Producing Party, as soon as practicable thereafter, each applicable Receiving Party shall certify

in writing (which may be by e-mail), to the best of such Party's knowledge after reasonable

inquiry, the return or destruction of Discovery Material containing Protected Information to the

Producing Party.  The Receiving Party shall not be required to locate, isolate, and return or

destroy e-mails (including attachments to e-mails) that may include Protected Information

contained in deposition transcripts or drafts or final expert reports.

63.     Notwithstanding the above requirements to return or destroy Discovery Material,

any applicable Receiving Party, Counsel, and Professionals may retain (i) such Discovery

Material as it reasonably believes (and at all times continues to reasonably believe) are required

in order to satisfy applicable law, ethical or professional obligations, and rules or commercially

reasonable, bona fide internal record-keeping or retention policies or procedures, (ii) any analyses, compilations, abstracts, studies, summaries, or other documents, reports, or records prepared by the Receiving Party or its Counsel or Professionals based on, containing, or reflecting Protected Information, (iii) any portions of the Protected Information that are publicly available through no wrongful act or violation of this Protective Order on the part of the entity or the individual who caused the information to become generally available to the public through publication or otherwise, and (iv) any portions of Protected Information that it reasonably believes cannot be practicably destroyed (such as oral communications, e-mail back-up records, bank-up server tapes, and any records of similar such automated record-keeping or other retention systems).  Any retained Protected Information shall continue to be protected under this Protective Order.

### VIII.    Changes in Designation of Information

64.    If a Producing Party inadvertently produces any Protected Information without labeling or marking or otherwise designating it as such in accordance with the provisions of this Protective Order, such Producing Party shall give written notice to any applicable Receiving Party that the Discovery Material produced is deemed designated and should be treated as such in accordance with the provisions of this Protective Order, and shall provide replacement media, images, and any associated production information to conform the Discovery Material to the appropriate designation and facilitate use of the revised designation in the production.  Such Receiving Party must treat such Discovery Material with the noticed level of protection from the date such notice is received, unless such Discovery Material has become publicly available through no wrongful act or violation of this Protective Order on the part of the entity or the individual who caused the information to become generally available to the public through publication or otherwise.  Disclosure of such Protected Information, prior to the receipt of such

notice, to persons not authorized to receive such Protected Information shall not be deemed a violation of this Protective Order.  A Producing Party may designate, change the designation of, or withdraw a designation from any Discovery Material that it has produced consistent with this Protective Order, provided, however, that such redesignation shall be effective only as of the date that notice of such redesignation is received.  Such redesignation shall be accomplished by notifying Counsel for each applicable Receiving Party in writing of such redesignation and providing replacement images bearing the appropriate description, along with the replacement media, images, and associated production information referenced above.  Upon receipt of any redesignation and replacement image, each Receiving Party shall (i) treat such Discovery Material in accordance with this Protective Order; (ii) take reasonable steps to notify any persons known to have possession of any such Discovery Material of such redesignation under this Protective Order; and (iii) promptly endeavor to procure all copies of such Discovery Material from any persons known to have possession of such Discovery Material who are not entitled to receipt under this Protective Order.  It is understood that each Receiving Party's good faith efforts to procure all such Discovery Material may not result in the actual return of all such Discovery Material.

65.    A Receiving Party may challenge a designation or a redaction at any time with respect to Discovery Material that is or would be discoverable.  If a Receiving Party believes that Discovery Material is not properly designated as Protected Information or that redaction of certain Discovery Material is not justified, such Receiving Party will identify the specific Discovery Material that it believes is improperly designated or redacted and notify the Producing Party, in writing, of its good faith belief that the designation or redaction was not proper under this Protective Order (a "**Challenge Notice**").  The Receiving Party may also challenge

redactions or designations by group or category, rather than by individual piece of Discovery Material, provided that the group or category of Discovery Material subject to the challenge is identified in a manner sufficient to provide notice to the Producing Party.  Within five (5) days of receipt of a Challenge Notice, the Producing Party must either offer to modify the redaction or designation as requested in the Challenge Notice or explain in writing to such Receiving Party the basis of the chosen redaction or designation.  If at any time the Receiving Party chooses to pursue the subject of the Challenge Notice before the Court, the Receiving Party will notify the Producing Party and will have up to five (5) days from such notification to challenge the designation or redaction by submitting a letter to the Court of no more than five (5) single-spaced pages (the "**Challenge Letter**"), with copies transmitted by e-mail to Debtors, the Committee, and the Producing Party.  If a Challenge Letter is submitted, the Producing Party shall have five (5) days from the date of submission to the Court to submit a response letter of no more than five (5) single-spaced pages, with copies transmitted by e-mail to Debtors, the Committee, and the Party that submitted the Challenge Letter.  Until the Court rules on the challenge, all Parties shall continue to afford the Discovery Material in question the level of protection to which it is entitled under the Producing Party's designation or redaction.  In the event that a redaction or designation is changed by the Producing Party or by an order of the Court, the Producing Party shall provide replacement media, images, and associated production information as provided above.

### IX.    Inadvertent Production of Documents

66.    The Parties agree that no Party intends to disclose Privileged Information, except as specifically provided for and protected by a common interest privilege, joint defense privilege, or similar protection pursuant to the terms of the Stipulation.  If, nevertheless and except as provided in the Stipulation, a Producing Party discloses Privileged Information, such disclosure

shall be deemed inadvertent without any need of further showing under Federal Rule of Evidence 502(d) and shall not constitute or be deemed a waiver or forfeiture of the privilege or protection from discovery by such Producing Party in this case or in any other federal or state proceeding. This section shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

67.     If a Producing Party discovers that it has produced Privileged Information, it shall promptly notify any applicable Receiving Parties of the production in writing, shall identify the produced Privileged Information, and may demand that such Receiving Parties return or destroy the Privileged Information.  In the event that any Receiving Party receives Discovery Material that it believes is Privileged Information, such Receiving Party shall immediately refrain from examining the Discovery Material and shall promptly notify the applicable Producing Parties in writing that the Receiving Party possesses potentially Privileged Information.  Each Producing Party shall have five (5) days after receiving such notice to assert privilege over the identified Discovery Material.  If such Producing Party does not assert a claim of privilege within the five (5)-day period, the Discovery Material in question shall be deemed not privileged.

68.     If any Producing Party has notified any Receiving Party of production of Privileged Information, or has confirmed the production of Privileged Information called to its attention by a Receiving Party, each such Receiving Party shall within five (5) days of receiving such notification or confirmation: (i) return, sequester, or destroy all copies of the Privileged Information in its possession, custody, or control (the "**Clawed-Back Information**"); (ii) neither use nor disclose the Clawed-Back Information until any dispute over the claim of privilege is resolved; (iii) take reasonably steps to retrieve any Clawed-Back Information that may have been

disclosed by such Receiving Party prior to the notification; and (iv) ensure that the Clawed-Back Information is not disclosed in any manner by the Receiving Party.

69.    Within ten (10) days of the notification that such Clawed-Back Information has been returned, destroyed, sequestered, or deleted, the applicable Producing Parties shall produce a privilege log with respect to the Clawed-Back Information.  Within seven (7) days after receiving the privilege log(s) with respect to such Clawed-Back Information, a Receiving Party may notify the applicable Producing Party in writing of an objection to a claim of privilege or work-product protection with respect to the Clawed-Back Information.  Within five (5) days of the receipt of such notification, the applicable Producing Party and any applicable Receiving Parties shall meet and confer in an effort to resolve any disagreement concerning the privilege or work-product claim with respect to such Clawed-Back Information.

70.    A Receiving Party shall not use any Clawed-Back Information for any purpose other than to dispute the claim of privilege until the Court has ruled on such dispute (if any).  If a Receiving Party files a motion disputing the claim of privilege following the meet and confer, the applicable Producing Party bears the burden of establishing the attorney-client privilege, attorney work product protection, common-interest privilege, or any other privilege, immunity, or protection from production or disclosure of any Clawed-Back Information and may oppose such motion, including on the grounds that inadvertent disclosure does not waive privilege.

71.    Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of Discovery Material for relevance, responsiveness, and segregation of either privileged or protected information before production.  Nothing in this Protective Order shall limit the Court's right or any Party's right to request an in-camera review of any Privileged Information.

72.     In the event any prior order or agreement between any Parties or between any Party and any non-Party concerning the disclosure of either privileged or work product protected materials conflicts with any of the provisions of the Protective Order, the provisions of the Protective Order shall control the treatment of such privilege issues with respect to all Discovery Material.

### X.     Filing and Use at any Hearing or Trial of Protected Information

73.     If any Receiving Party determines to file or to otherwise submit to the Court any Discovery Material containing or disclosing the content of Protected Information, including, but not limited to, briefs, pleadings, memoranda, transcripts, and discovery responses, such Protected Information must be filed under seal or in redacted form, unless such Receiving Party first either (i) obtains from the Producing Party (a) consent to the filing without sealing or redaction, or (b) a waiver of the prohibition against filing, referencing, submitting, or otherwise using such Protected Information in unredacted form, or (ii) obtains, through a motion on notice to the Producing Party, an order of the Court (a) allowing the filing without sealing or redaction or (b) modifying or eliminating the aforementioned prohibition.

74.     To the extent that a brief, memorandum, pleading or other filing references any Protected Information, the filing Party shall file a redacted version on the public docket on the date such filing is due to be filed and may concurrently file an unredacted version under seal. Only portions of Discovery Materials containing Protected Information are subject to redaction. All filings made under seal shall be submitted electronically and shall be linked to this Protective Order or other relevant authorizing order.  If both redacted and unredacted versions are being submitted for filing, each version shall be clearly named so there is no confusion as to why there are two entries on the docket for the same filing.

75.     If the Court has granted an exception to electronic filing, a sealed filing shall be placed in a sealed envelope marked "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER."  The sealed envelope shall display the case name and number, a designation as to what the document is, and the name of the Party on whose behalf it is submitted.  A copy of this Protective Order, or other relevant authorizing order, shall be included in the sealed envelope.

76.     A Receiving Party that intends to present Protected Information at a hearing or trial shall use reasonable best efforts to bring that issue to the Producing Party's and the Court's attention without disclosing the Protected Information no later than one (1) day prior to the hearing or trial.  No later than the morning of the hearing or trial, the Receiving Party that intends to present Protected Information and the Producing Party shall meet and confer regarding procedures for the use of the Protected Information at the hearing or trial.  If necessary, the Court may thereafter make such orders, including any stipulated orders, as are necessary to govern the use of Protected Information at the hearing or trial.

## XI.     Protected Information Requested by Third Party; Procedure Following Request

77.     If any Receiving Party is served with a subpoena, a request for information, including a request under any public records act, or any similar federal, state, or municipal law (collectively, the "**Public Disclosure Laws**"), or any other form of legal process that purports to compel disclosure of any Protected Information covered by this Protective Order ("**Request**"), and determined that the Receiving Party may be required to produce Protected Information in response to the Request, the Receiving Party must so notify the applicable Producing Party, in writing, as soon as reasonably possible following the Request.  In the event the Receiving Party determines it is required to disclose Protected Information in response to the Request, any notice of such Request must include a copy of the Request, or, to the extent the Request cannot be

shared, information sufficient to identify the name of the party who made the request (the "**Requestor**") and the particular materials sought.  The Receiving Party will make reasonable best efforts to provide such notice no more than five (5) days after determining it must comply with the Request in order to enable the applicable Producing Party to seek a court order protecting the Protected Information, provided that notice of a Request made under Public Disclosure Laws will be provided in accordance with applicable law.  Unless otherwise required by law or by an order of a court of competent jurisdiction, the Receiving Party will reasonably await the applicable Producing Party's intervention to seek a court order protecting the Protected Information prior to the disclosure of any Protected Information in response to a Request.

78.    In the event the Receiving Party determines it is required to disclose Protected Information in response to the Request, the Receiving Party will make reasonable best efforts to inform the Requestor in writing that some or all the requested material is the subject of this Protective Order, and to provide information regarding where to obtain a copy of this Protective Order if requested by the Requestor.  Any Party or Requestor who seeks disclosure of Protected Information by requesting relief from this Court shall bear the burden and expense of requesting such relief.

79.    The purpose of this section is to alert the Requestor to the existence of this Protective Order and to afford the applicable Producing Party an opportunity to protect such Protected Information.  The Producing Party may seek to protect its Protected Information from disclosure in response to a Request by making a motion to this Court for a protective order, to quash a subpoena, or for similar relief.  The Court shall have jurisdiction to grant all appropriate relief to protect the Protected Information from disclosure to the Requestor and otherwise to further the purposes of this Protective Order.  Each Producing Party shall bear the burden and the

expense of seeking protection of its Protected Information.  The obligations set forth in this section remain in effect while the Receiving Party has Protected Information in its possession, custody, or control.

80.     If the Producing Party seeks a protective order or other similar relief from any court of competent jurisdiction, including from this Court, in response to a Request, the Receiving Party shall not disclose such Protected Information until such court of competent jurisdiction has ruled on the request for a protective order or other similar relief, except to the extent required by applicable law.  The restrictions in this paragraph shall not apply to Protected Information (i) for which the Producing Party expressly consents in writing to disclosure to the Requestor; or (ii) that this Court has determined, pursuant to an order of the Court, to have been improperly designated as Protected Information.

81.     Notwithstanding any other terms or provisions in this Protective Order, Committee Member Pension Benefit Guaranty Corporation ("PBGC") may disclose the Protected Information to the Executive Branch of the United States, Congress or any committee, joint committee or subcommittee thereof, the Comptroller General, the PBGC and PBGC Board of Directors, officials, advisors, consultants, and representatives who have a need to know the information as part of their job responsibilities related to the PBGC ("Officials").  PBGC will inform all Officials having access to the Protected Information that such information is subject to this Protective Order.  Notwithstanding any other terms or provisions in this Protective Order, PBGC may disclose information about the amount of underfunding in any pension plan covered by Title IV of ERISA, including but not limited to information about guaranteed benefit liabilities, unfunded benefit liabilities, plan assets and funding ratios, whether or not this information is contained in or derived from the Protected Information.

82.     The provisions of this section shall apply to any entity in receipt of Protected

Information governed by this Protective Order.  Notwithstanding anything herein that could be

interpreted as to the contrary, nothing in this Protective Order shall be deemed to (1) foreclose

any Party from arguing that Protected Information is not a public record for purposes of the

Public Disclosure Laws; (2) prevent any Party from claiming any applicable exemption to the

Public Disclosure Laws; (3) limit any arguments that a Party may make as to why Projected

Information is exempt from disclosure, (4) limit any arguments that a Party or Requestor may

make as to why Protected Information should be disclosed pursuant to an order of the Court; or

(5) prevent any Party from complying with Public Disclosure Laws or an order of a court of

competent jurisdiction.

**XII.  Information Protected Pursuant to HIPAA**

83.     Discovery in the Proceeding may involve production of Protected Health

Information (as defined in 45 C.F.R. § 160.103) for which special protection from public

disclosure and from any purpose other than use in the Proceeding is warranted.

84.     Pursuant to 45 C.F.R. § 164.512(e)(1), all Covered Entities and their Business

Associates (as defined in 45 C.F.R. § 160.103), or entities in receipt of information from such

entities, are hereby authorized to disclose Protected Health Information relevant to the

Proceeding to: (i)  Parties in the Proceeding, (ii) Counsel and Professionals; (iii) the Court and its

personnel, and (iv) court reporters; provided, however, that such disclosure shall be expressly

limited to those persons who reasonably need to receive such information in connection with the

Proceeding and for no other purpose (collectively, "**PHI Recipients**"), and for such purposes as

designated in paragraph 85.  Further, all Parties that are entities subject to state privacy law

requirements, or entities in receipt of information from such entities, are hereby authorized to

disclose Protected Health Information relevant to the Proceeding to PHI Recipients and for such

purposes as designated in paragraph 85.  The Court has determined that disclosure of such Protected Health Information is necessary for the conduct of proceedings before it and that failure to make the disclosure would be contrary to public interest or to the detriment of one or more Parties to the Proceeding.

85.    The Parties shall not use or disclose Protected Health Information for any purpose other than the Proceeding.  PHI Recipients may use Protected Health Information for purposes of the Proceeding.  PHI Recipients may disclose Protected Health Information to other PHI Recipients; provided, however, that such disclosure shall be expressly limited to those persons who reasonably need to receive such information in connection with the Proceeding and for no other purpose.

86.    The Parties shall make all necessary efforts and take all necessary precautions to limit the uses and disclosures of, and requests for, Protected Health Information to the minimum necessary to accomplish the intended purpose of the use, disclosure, or request pursuant to 45 C.F.R. § 164.502(b).  PHI Recipients shall implement reasonable security measures in maintaining any documents containing Protected Health Information.  PHI Recipients shall return or destroy, in each instance in a manner consistent with guidance from the U.S. Department of Health and Human Services, any Protected Health Information (including all copies made) received pursuant to this Protective Order as soon as reasonably practicable after the closing of the Proceeding, subject, for the avoidance of doubt, to the exceptions set forth in paragraph 63, including those covering "Protected Information."

### XIII. Miscellaneous Provisions

87.    The Parties referenced in a particular paragraph may agree in writing to extend the time periods set forth in such paragraph; provided that such agreement will only cover the particular instance for which the agreement was made.

88.     Nothing in this Protective Order or any action or agreement of a Party under this Protective Order limits the Court's power to make any orders that it deems appropriate with respect to the protection afforded to any Discovery Material or the use and disclosure of any Discovery Material produced or used in discovery or at hearing or trial.

89.     Nothing in this Protective Order shall abridge the right of any Party to seek judicial review or to pursue other appropriate judicial action to seek a modification or amendment of this Protective Order.

90.     In the event that any Party shall violate or threaten to violate the terms of this Protective Order, the applicable Producing Party may immediately apply to obtain injunctive relief against any Party violating or threatening to violate any of the terms of this Protective Order, and in the event the Producing Party shall do so, the respondent Party, subject to the provisions of this Protective Order, shall not employ as a defense thereto the claim that the Producing Party possesses an adequate remedy at law.  Without limiting the foregoing, violations of the terms of this Protective Order may result in sanctions, including without limitation contempt, adverse inferences, equitable subordination of claims, or any other remedies or punishments that the Court considers just and proper under the circumstances.

91.     This Protective Order shall supersede all prior confidentiality and similar agreements (i) involving one or more of (a) the Debtors, (b) the Beacon Company, and (c) the Rosebay Medical Company L.P., and (ii) which specifically relate to the production of Discovery Materials in the Proceeding, including, but not limited to, a non-disclosure agreement between the Committee and the Debtors, a confidentiality agreement between the Committee, the Beacon Company, and the Rosebay Medical Company L.P., a non-disclosure agreement between the Consenting Ad Hoc Committee Outside Counsel, Consenting Ad Hoc Committee Professionals,

and the Debtors, and an agreement among the Debtors, the Committee, Beacon Company, and Rosebay Medical Company L.P. with respect to production of the materials produced by such Parties in the MDL proceeding captioned *In re National Prescription Opiate Litigation*, Case No. 1:17-md-2894-DAP, in each case consistent with the terms of those agreements.  For the avoidance of doubt, this Protective Order does not modify the scope or terms of any protective order in any other proceeding.

92.    This Protective Order shall not be construed as waiving any right to assert a claim of privilege, relevance, or other grounds for not producing Discovery Material called for, and access to such Discovery Material shall be only as provided for by separate agreement of the Parties or by the Court.

93.    The Protective Order shall continue in force until amended or superseded by express order of the Court, and shall survive and remain in effect after the closing of the Proceeding.

94.    This Protective Order is entered for the purpose of facilitating the Proceeding. Nothing herein shall be construed or presented as a judicial determination that any Discovery Material designated as Protected Information is subject to protection under Federal Rule of Civil Procedure 26(c), Federal Rule of Bankruptcy Procedure 7026, or otherwise until such time as the Court may rule on a specific document or issue.  This Protective Order is not intended to create, expand, or contract substantive rights or privileges, nor to modify the scope of protection available under Federal Rule of Civil Procedure 26(c), as incorporated by Federal Rule of Bankruptcy Procedure 7026.  It imposes no production or disclosure obligations on any Party.  It is intended solely to provide a procedural mechanism to enable the Parties to raise claims and preserve issues in a format which facilitates the disclosure process.

95.    This Protective Order shall become effective upon being so ordered by the Court.

**SO ORDERED.**

Dated:   November ___, 2020
            White Plains, New York

By: _____
The Honorable Robert D. Drain
United States Bankruptcy Judge

## Appendix I

**Acknowledgement and Agreement
to be Bound by Protective Order**

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
James I. McClammy
Eli J. Vonnegut

*Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (RDD)** |
| **Debtors.**[1] | **(Jointly Administered)** |

**ACKNOWLEDGMENT AND AGREEMENT**
**TO BE BOUND BY PROTECTIVE ORDER**

The undersigned agrees:

On behalf of the party named below (the "**Party**"), I declare under penalty of perjury that the Party has read in its entirety and understands the Protective Order that was issued by the United States Bankruptcy Court for the Southern District of New York in above-captioned chapter 11 cases (the "**Proceeding**").

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

The Party agrees to comply with and to be bound by all the terms of the Protective Order, and the Party understands and acknowledges that failure to so comply, and failure by counsel or other professionals employed or retained by such Party to so comply, could expose the Party to sanctions and punishment in the nature of contempt.  The Party solemnly promises that it will not disclose in any manner any discovery material that is subject to the Protective Order to any person or entity except in strict compliance with the provisions of the Protective Order.

The Party further agrees to submit to the jurisdiction of the United States Bankruptcy Court for the Southern District of New York for the purposes of enforcing terms of the Protective Order, even if such enforcement proceedings occur after the closing of the Proceeding.

Name of the Party: _____

Name of Party Representative: _____

Title of Party Representative: _____

By: _____
Signature

Signed in _____, _____, on this _____ day of _____, 20___