Eisenberg & Baum, LLP
Michael S. Quinn
24 Union Square East, Fourth Floor
New York, New York 10003
(212) 353-8700

*Counsel to the Ad Hoc Committee on Accountability*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In Re: | Chapter 11 |
| PURDUE PHARMA L.P., *et al.* [1] | Case No. 19-23649 (RDD) |
| Debtors. | (Jointly Administered) |

**THE AD HOC COMMITTEE ON ACCOUNTABILITY'S OBJECTION TO THE SACKLERS' MOTION TO CONFIRM THE PAYMENT BY THE SACKLER FAMILIES UNDER SETTLEMENT WITH THE UNITED STATES DEPARTMENT OF JUSTICE IS NOT PROHIBITED BY THIS COURT**

To the Honorable Robert D. Drain, United States Bankruptcy Judge:

The Ad Hoc Committee on Accountability, by its undersigned counsel, objects to the *Motion to Confirm that Payment by the Sackler Families under Settlement with the United States Department of Justice is not Prohibited by the Court* ("**Sackler Settlement Motion**").

The Committee opposed the Motion to Shorten [ECF No. 1852] because important questions needed to be addressed. Rather than restating the contents of that motion, the Committee

---

[1] The debtors in these chapter 11 cases ("**Debtors**" or "**Purdue**"), along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014) (collectively, the "**Bankruptcy Cases**").

1

now respectfully incorporates that filing by reference and opposes the Sackler's Motion to Confirm because those questions have not been answered.

First, the Committee's earlier objection asked what Sackler money will be left after $225 million is paid. The Sackler's have not provided an answer.  The Committee on Accountability seeks assurance that the DOJ is not getting preferential treatment and that sufficient funds are available for other creditors.

Second, the Committee asked whether the Sacklers are trying to resolve their criminal liability in this bankruptcy.  At the recent hearing, it was observed that the Sackler Settlement addresses civil liability.  The Committee on Accountability did not receive a clear answer about whether the Sacklers are seeking to address their criminal liability in this Bankruptcy.

In addition, as we noted at the last hearing, the Committee on Accountability believes that any payment to the Department of Justice should be devoted to address the problem of the opioid crisis.  The recent hearing did not result in a clear commitment about how the money will be used. We hope the United States will make that commitment before any payment is approved.

**WHEREFORE**, the Committee on Accountability respectfully submits that the Sackler Settlement Motion should be denied.

Dated: November 3, 2020                    Respectfully Submitted,
       New York, NY                        Eisenberg & Baum, LLP

                              By:    /s/ Michael S. Quinn
                                     Michael S. Quinn (mq-1640)
                                     24 Union Square East, Fourth Floor
                                     New York, New York  10003
                                     (212) 353-8700
                                     mquinn@eandblaw.com
                                     prachmuth@eandblaw.com
                                     ebaum@eandblaw.com

                                     *Counsel to Ad Hoc Committee on Accountability*