United States Senate
WASHINGTON, DC 20510

November 10, 2020

The Honorable William Barr
Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Ave. NW
Washington, D.C. 20530

Dear Attorney General Barr:

We write to raise concerns about a key element of the Department of Justice's (DOJ) settlement agreement with Purdue Pharma (Purdue) announced on Wednesday, October 21, 2020. We ask that you defer court approval of the proposed agreement until the appropriate stakeholders have addressed public policy concerns associated with the agreement which all but requires Purdue to emerge from bankruptcy as a public benefit company (PBC), to function "entirely in the public interest," with proceeds directed toward State and local governments.[1] This arrangement ignores the objections of many of the States themselves, who have no interest in owning or operating a company that has devastated their communities with dangerous opioids, and raises significant public policy concerns.[2]

Purdue and the Sackler family are the driving force behind the inclusion of the PBC in the agreement, and had proposed that it be included during the company's ongoing bankruptcy proceedings.[3] Allowing Purdue to emerge from bankruptcy as a PBC would enable it to shed its liability while continuing to manufacture and sell opioids, with its creditors—including state and local governments who have sued Purdue for the harms it caused—owning a stake in its profits.

This proposal was rejected by Attorneys General from 25 States because "the public deserves assurance that no opioid business is given the special protection of being placed under a public umbrella."[4] These States are adamant that Purdue should be sold to a private buyer—which is the regular result of bankruptcy proceedings.

---

[1] Department of Justice, Office of Public Affairs. "Justice Department Announces Global Resolution of Criminal and Civil Investigations with Opioid Manufacturer Purdue Pharma and Civil Settlement with Members of the Sackler Family". 21 October 2020. *Accessible at*: https://www.justice.gov/opa/pr/justice-department-announces-global-resolution-criminal-and-civil-investigations-opioid
[2] Mike Spector. "U.S. states oppose settlement being negotiated by OxyContin maker Purdue and Justice Department: letter". Reuters. 14 October 2020. *Accessible at*: https://www.reuters.com/article/us-purdue-pharma-opioids-investigations/u-s-states-oppose-settlement-being-negotiated-by-oxycontin-maker-purdue-and-justice-department-letter-idUSKBN26Z2WJ
[3] Berkley Lovelace Jr., Purdue Pharma chair: Best Way To Fight Opioid Crisis Is For OxyContin Maker to Stay in Business, CNBC, 16 September 2019, *accessible at*: https://www.cnbc.com/2019/09/16/purdue-pharma-chairman-steve-miller-on-bankruptcy-of-oxycontin-maker.html
[4] Becerra et al. "Letter to Attorney General Barr". Attorneys General from CA, HI, CO, ID, CT, IL, DE, IA, DC, ME, MD, MA, OR, PA, MN, RI, NV, NH, VT, VA, NJ, WA, NY, WI, NC. 14 October 2020. *Accessible at*: https://www.mass.gov/doc/october-14-2020-letter-to-attorney-general-barr/download

Despite these objections, DOJ moved forward with its proposed settlement, which would allow Purdue to withdraw from the agreement—including retracting its criminal pleas—if it does not become a PBC. In doing so, DOJ is effectively imposing these terms on all of the stakeholders in the bankruptcy proceeding.

This is an inappropriate use of federal authority, and DOJ's decision to acquiesce to Purdue's PBC proposal is puzzling for several reasons.

First, Purdue is in bankruptcy because it has been sued for its illegal conduct and its role in the ongoing opioid crisis. In fact, a review of internal company documents makes quite clear that the company's primary goal was to maximize its profits by selling as many addictive opioids as possible, regardless of the harm to patients or laws standing in the way.[5] DOJ's own plea agreement with Purdue corroborates this view of the company's goals.[6] Nevertheless, DOJ is forcing this unorthodox arrangement on objecting states, even though it is unclear how a company with such a history will be transformed into "function[ing] entirely in the public interest."

Second, DOJ is not serving the interests of the public by agreeing to Purdue's proposal. The plan allows Purdue to inflate the value of the settlement by relying on its own rosy analysis of the company's value and promising to pay the terms of a settlement out of the future profits of the company. States would get less money immediately and, because these profits are uncertain, may never recover the full value of the settlement. At a minimum, the PBC also creates the appearance of a conflict of interest, as citizens may wonder whether their government will effectively regulate a company in which it has a financial interest. In a worst case, aligning the financial interests of States with the increasing sale of opioids, which is the very reason the lawsuit was brought against Purdue in the first place, could significantly and, negatively impact public health.

Finally, the PBC provision, and other aspects of the proposed plea agreement are unusual and highly favorable to Purdue. When Insys Therapeutics declared bankruptcy due to its role in fueling opioid epidemic, the company was not restructured as a PBC, but sold to a private buyer.

Similarly, while the Sackler family reportedly extracted as much as $13 billion from the company and placed it into a web of personal accounts and trusts, some in offshore tax havens, DOJ has agreed to settle its federal civil claims against them for only $225 million. The low settlement amount is particularly troubling because the investigation into the Sackler family's misconduct is ongoing, and scheduled depositions of several members of the Sackler family may reveal additional information about the scope of their scheme.

---

[5] House Committee on Oversight and Government Reform. "Maloney and DeSaulnier Release Documents Following DOJ Settlement with Purdue and Sackler Family". Press Release. 27 October 2020. *Accessible at*: https://oversight.house.gov/news/press-releases/maloney-and-desaulnier-release-documents-following-doj-settlement-with-purdue

[6] Department of Justice. "Re: Plea Agreement with Purdue Pharma L.P.". United States Attorney, District of New Jersey. 20 October 2020. Accessible at: https://www.justice.gov/opa/press-release/file/1329576/download

The agreement also appears consistent with the troubling practice of this Administration of timing public actions in major cases to have maximum political benefit to the President. These facts suggest that the government is not entitled to a presumption of regularity in these proceedings.

Regrettably, DOJ's position appears consistent with the historical leniency it has shown to Purdue and members of the Sackler family. Some of us have raised these concerns in previous letters, without receiving a satisfactory response.

DOJ should not require the States, who are attempting to rectify the harm Purdue has done to their communities, to lead Purdue's public benefit "repurposing" campaign and take part in an enterprise that has contributed to thousands of American deaths. Given that this plan originated with Purdue and its owners, the Sackler family, it is more likely that its transformation to a PBC will function as a rebranding opportunity for the company and the family's public image. This is not justice for the families that have lost loved ones.

We therefore ask that you defer court approval of the proposed agreement until the appropriate stakeholders have addressed these public policy concerns. Such an arrangement—requiring States to own and operate a felonious company they are currently suing—is a misuse of federal authority.

Sincerely,

Tammy Baldwin
United States Senator

Sheldon Whitehouse
United States Senator

Margaret Wood Hassan
United States Senator

Elizabeth Warren
United States Senator

Jeanne Shaheen
United States Senator

Charles E. Schumer
United States Senator

Richard Blumenthal
United States Senator

Dianne Feinstein
United States Senator

*[signature]*
Richard J. Durbin
United States Senator

*[signature]*
Edward J. Markey
United States Senator

*[signature]*
Mazie K. Hirono
United States Senator

*[signature]*
Amy Klobuchar
United States Senator

*[signature]*
Bernard Sanders
United States Senator

*[signature]*
Tina Smith
United States Senator

*[signature]*
Jeffrey A. Merkley
United States Senator