**<u>Exhibit A</u>**

**Revised Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| PURDUE PHARMA L.P., *et al*., | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

### ORDER CONFIRMING THAT PAYMENT
### BY THE SACKLER FAMILIES UNDER SETTLEMENT WITH THE UNITED STATES
### DEPARTMENT OF JUSTICE IS NOT PROHIBITED BY THIS COURT

Upon the *Notice by the Sackler Families of Settlement with the United States Department of Justice and Motion to Confirm That Payment by the Sackler Families Under Settlement with the United States Department of Justice Is Not Prohibited by This Court* [ECF No. 1833] (the "Motion")[2]; and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and there being due and sufficient notice of the Motion; and the Court having found that the relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all other parties in interest, and that

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2]    Capitalized terms used but not defined herein shall have the same meanings as in the Motion. The term "Covered Party" as used herein shall have the same meaning as in the Amended Stipulation.

the legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

and after due deliberation and sufficient cause appearing therefor; it is hereby ORDERED as

follows:

1.  The Motion is granted as set forth herein.

2.  Any payments made by a Covered Party to satisfy the Sackler Families' obligations under the Settlement Agreement are not prohibited by the PI Order or the Amended Stipulation.

3.  Except as provided in paragraph 2 hereof, (i) in entering this Order, the Court is not approving the Settlement Agreement or making any findings of fact or conclusions of law with respect to the Settlement Agreement, and (ii) this Order shall not have any preclusive effect in any bankruptcy case in which any Covered Party is a debtor, including in respect of the automatic stay, claims under article 5 of title 11 of the United States Code, or otherwise.  This Order does not modify or affect the terms and conditions of the Settlement Agreement.

4.  Entry of this Order shall have no effect on the disposition of and shall not be construed as making any findings of fact or conclusions of law with respect to the *Motion of the Debtors Pursuant to 11 U.S.C. § 105 and Fed. R. Bankr. P. 9019 Authorizing and Approving Settlements Between the Debtors and the United States* [ECF No. 1828] (the "Debtor Settlement Motion"); nor shall the disposition of the Debtor Settlement Motion have any effect on or be construed as making any findings of fact or conclusions of law with respect to this Order.

5.  To the extent a Covered Party pays its obligations under the Settlement Agreement from a source that contains both funds that are (directly or indirectly) proceeds of distributions from the Debtors and funds that are not (directly or indirectly) proceeds of such distributions, the amounts so paid to the United States Department of Justice from that source shall be deemed to have been made first with funds that are not proceeds of such distributions.

6.  To the extent a Covered Party pays its obligations under the Settlement Agreement from funds that are (directly or indirectly) proceeds of distributions from the Debtors and such payment is later determined by this Court to have been prejudicial to the ability of any party (including the estates) which would have otherwise been protected by paragraph 13 of the Amended Stipulation to collect on a judgment against any Covered Party, this Court may order a re-allocation of funds from other available sources of such Covered Party to the extent necessary to cure any such prejudice.

7.  To the extent that any claims are asserted on behalf of any of the Debtors' estates against any Covered Party that has made a payment to the United States Department of Justice in accordance with the Settlement Agreement, such

Covered Party shall not seek to reduce or offset any damages awarded on account of such claims on the basis that such payment was made with the proceeds (direct or indirect) of distributions from the Debtors.

8.    This Court shall retain jurisdiction over any and all matters arising from the interpretation or implementation of this Order.

Dated: _____, 2020
        New York, New York

_____
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE