**Exhibit 1**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| PURDUE PHARMA L.P., *et al.*, | ) ) | Case No. 19-23649 (RDD) |
| Debtors.[1] | ) ) ) | (Jointly Administered) |

**STIPULATION OF SETTLEMENT AND AGREED ORDER REGARDING OFFICIAL COMMITTEE'S MOTIONS TO COMPEL AND DEBTORS' MOTION FOR PROTECTIVE ORDER**

The Official Committee of Unsecured Creditors (the "Official Committee") appointed in the above-captioned chapter 11 cases (the "Chapter 11 Cases") of Purdue Pharma L.P. and certain of its affiliates that are debtors in possession (collectively, the "Debtors"), the Ad Hoc Group of Non-Consenting States (the "Non-Consenting States"), and the Debtors (together with the Official Committee, and the Non-Consenting States, the "Parties") by and through their undersigned counsel, hereby stipulate and agree as set forth below in this stipulation and agreed order (the "Stipulation").

**Recitals**

A. On September 28, 2020, the Parties entered into, and the Court so-ordered, the *Amended Stipulation and Agreed Order Regarding Discovery Deadlines and Briefing Scheduling in the Chapter 11 Cases* [ECF No. 1734] (the "Original Scheduling Stipulation"). The Original

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014).

Scheduling Stipulation provided for, among other things, a briefing schedule for two separate motions of the Official Committee (collectively, the "Privilege Motions") to compel production of documents, obtain *in camera* review, or otherwise challenge claims of privilege or similar doctrines asserted by the Debtors and the Sacklers[2] with respect to certain documents and categories of documents. The Original Scheduling Stipulation provided further that the Privilege Motions would be heard on October 28, 2020.

B.    On September 30, 2020, the Official Committee filed the Privilege Motions.[3] On October 15, 2020, the Debtors and the Sacklers each filed their oppositions thereto.[4] Concurrent with filing their opposition to the Privilege Motions, the Debtors also filed a cross-motion for a protective order (the "Debtors' Cross-Motion").[5]

C.    On October 26, 2020, the Official Committee, the Non-Consenting States, the Debtors, the Sacklers, and other parties entered into, and the Court so-ordered, a *Stipulation and Agreed Order Regarding Amended Briefing Schedule in the Chapter 11 Cases* [ECF 1848] ("Amended Scheduling Stipulation"). The Amended Scheduling Stipulation, among other things, extended the briefing schedule for replies to the Privilege Motions and objections to the Debtors' Cross-Motion. The Amended Scheduling Stipulation also adjourned the hearing on the Privilege Motions and Debtors' Cross-Motion to November 17, 2020.

---

[2] Capitalized terms used but not defined in this Stipulation have the meanings ascribed to them in the Privilege Motions.

[3] *See The Official Committee of Unsecured Creditors' Motion to Compel Production of Purportedly Privileged Documents, or for* In Camera *Review, Based on Failure of the Sacklers and the Debtors to Demonstrate Documents Identified on Logs are Privileged* [ECF No. 1752]; *The Official Committee of Unsecured Creditors' Motion to Compel Production of Purportedly Privileged Documents, or for* In Camera *Review, Based on Good Cause, Crime Fraud and At Issue Exceptions to Claims of Privilege* [ECF No. 1753].

[4] *See Debtors' Omnibus Objection to the Official Committee's Motions to Compel Production of the Debtors' Privileged Documents and Cross-Motion for a Protective Order* [ECF No. 1808].

[5] *See id.*

2

D. The Parties hereto mutually desire to avoid further litigation of Privilege Motions (but solely as it relates to the Debtors) and Debtors' Cross-Motion, and have decided to settle their disputes on the terms set forth herein. Moreover, the Debtors and Official Committee, as estate fiduciaries, have carefully considered the expense, delay and risks of continuing to litigate these matters, as well as the benefit to the estates that will result from the sharing of documents that are the subject of this agreement. The Debtors and Official Committee have concluded and agreed that the agreement embodied herein is in the best interests of each of them as fiduciaries of the estate.

E. For the avoidance of doubt, this agreement does not resolve any portion of the Privilege Motions that relates to the Sacklers, and, as set forth in that certain *Notice of Agreement Between Debtors and Official Committee of Unsecured Creditors Regarding Privilege Motions and Adjournment of Hearing with Respect to Remaining Privilege Disputes as to the Sacklers* [ECF No. 1908], a hearing on the portions of the Privilege Motions that relate to the CSP's (as defined in the Amended Scheduling Stipulation) is scheduled for December 15, 2020.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED AS FOLLOWS:**

1. The Privilege Motions as to the Debtors and the Debtors' Cross-Motion are hereby WITHDRAWN with prejudice subject to the terms and conditions set forth below.

**The Debtors' Agreement to Produce Documents**

2. Subject to the below terms and conditions, the Debtors will promptly (and on the schedule set forth herein) provide to the Official Committee on a common interest basis documents in the following categories that are responsive to the Official Committee's specific discovery requests to the extent that they have been or may otherwise have been withheld on the basis of privilege as identified in privilege logs that have been or may be produced or updated or otherwise

3

revised by the Debtors as a result of the Official Committee's search terms and custodians in these chapter 11 cases:

    a. Entries dated prior to January 1, 2018 that (i) include the privilege description "distributions or other transfers of assets from the company" and (ii) relate to transfers of value to members of the Sacker family or Sackler-affiliated entities.

    b. Entries dated prior to January 1, 2018 that were sent to or received by (that is, such a person is included in a communication's to, from, cc, or bcc fields) a member of the Sackler family or a member of the board of directors at the time of the communication; provided, however, that no privileged document shall be produced related to (i) any investigation, negotiation or resolution with the Department of Justice or other Federal agency; or (ii) any personnel or other employment issues.

    c. Subject to the exception in paragraph 2(b)(i) above, documents not otherwise included in subparagraphs (a) and (b) above that have been or may be incorporated into the ongoing review by the Special Committee of the Debtors in connection with potential estate claims against the shareholders, and have been or may be deemed by counsel for the Special Committee in its sole discretion as material to its analysis. It is expressly agreed that this undertaking provides no basis for any party to challenge or assert any claims with respect to the provision of documents hereunder.

With respect to documents withheld from production to date, the Debtors will begin producing documents in the categories listed above by November 15th, and will finish production of those documents by November 22nd. To the extent that additional document productions by the Debtors result in additional privileged documents being withheld that come within the categories identified

4

above (or would come with those categories if logged), the Debtors will produce such documents within a reasonable time.

## Terms and Conditions of Agreement

3.  This Stipulation will be governed by the following terms and conditions.

4.  The Parties agree, and the Court hereby orders, that the Debtors do not waive privilege over any documents produced under this agreement. Any privileged documents in the categories above will be provided only to the Official Committee on a common interest basis, limited to advisors' eyes only. For the avoidance of doubt, these privileged documents will not be provided to other creditor groups absent the Debtors' express written consent; it being understood and agreed, however, that the Debtors' consent is not necessary for the Official Committee to discuss its views on these documents with any parties involved in the mediation in these chapter 11 cases ("Mediation") solely for the purpose of informing such parties' views in Mediation subject to mediation and other applicable confidentiality requirements. Given that these documents will be shared only on a common interest basis, the Debtors do not waive privilege or work product protection as to any documents provided to the Official Committee. Such privileges and protections are expressly preserved in both this proceeding and any other state or federal proceeding.

5.  The Parties agree, and the Court hereby orders, that the Debtors' production of documents in the categories above does not constitute a subject-matter waiver. Neither the Official Committee nor Non-Consenting States will argue, nor will they support arguments by other parties, that production of these documents pursuant to this Stipulation indicates that privilege has been waived as to these documents, as to any of the subject matters reflected in these documents, or as to any other materials.

5

6. If the Official Committee believes that it must use any of the documents in the categories above in depositions and/or filings in these chapter 11 cases, the Parties agree to meet and confer in good faith regarding the possible use and the terms of any such use. The Official Committee agrees that none of the documents produced under this agreement may be used in depositions and/or filings or otherwise until a written agreement is reached with the Debtors, which may take the form of an e-mail. The Official Committee and Debtors agree to work in good faith to find a materially equivalent non-privileged source for the information in such document from documents previously produced.

7. The Debtors will not produce any information or documents subject to a claim of privilege of a third party, including but not limited to members of the Sackler family or Sackler affiliates, that were shared with the Debtors on a common interest or joint defense basis.

8. The Debtors' agreement to provide privileged documents pursuant to this Stipulation does not obviate the Debtors' obligations pursuant to any confidentiality agreements that may be applicable and documents provided pursuant to this Stipulation may contain redactions in respect of such confidentiality obligations.

9. The Debtors' agreement to provide documents in the categories above is in full settlement of the Privilege Motions (solely as it relates to the Debtors) and Debtors' Cross-Motion. Subject to paragraph 10 below, neither the Official Committee nor the Non-Consenting States will seek any additional discovery from the Debtors beyond that to which the Debtors already have agreed in writing. Accordingly, and subject to paragraph 10 below, the Official Committee and Non-Consenting States will not, among other things, further challenge any documents over which the Debtors have claimed privilege or propound any additional discovery against the Debtors.

10. The Debtors will timely complete production of the documents that the Debtors have agreed to produce pursuant to the *Stipulation and Agreed Order Among the Official Committee, the Non-Consenting States Group and the Debtors Regarding Discovery in the Chapter 11 Cases* [Dkt. No. 1623].  At the close of productions by the Debtors and the completion of the currently-scheduled depositions (including any depositions that need to be rescheduled or that are in the process of being scheduled), the Parties agree that the discovery as to the Debtors will terminate; provided, however, that nothing herein shall limit the Official Committee's or Non-Consenting States' right to seek discovery of information in a future proceeding that may be initiated in these cases on topics other than those already pursued by the Official Committee or the Non-Consenting States to date. The Official Committee and Non-Consenting States will not support any attempt by other parties, including other creditor groups, to seek additional discovery.

11. Nothing herein reflects any agreement or admission by the Official Committee or the Non-Consenting States that any document withheld by the Debtors on the grounds of privilege or produced by the Debtors pursuant to this agreement notwithstanding the Debtors' assertion of privilege are (or were properly categorized by the Debtors as) privileged.

12. The Debtors agree (i) to preserve a segregated compendium of the documents relating to Purdue's Abuse and Diversion Detection program (the "ADD") that have been withheld on the basis of privilege; and (ii) not to propose or support a plan of reorganization or confirmation order containing any limitation on the ability of the Debtors' successors to add, consistent in all respects with applicable law, the withheld ADD documents to the public repository published after the effective date of a plan of reorganization in these cases.

13. The Debtors reserve the right to correct and amend any previously provided privilege logs prior to identifying and producing any documents pursuant to this Agreement.

7

**STIPULATED AND AGREED:**

Dated:   November 15, 2020
         New York, New York

/s/  Arik Preis

AKIN GUMP STRAUSS
HAUER & FELD LLP

Ira Dizengoff
Arik Preis
Mitchell Hurley
Joseph L. Sorkin
Sara L. Brauner
One Bryant Park
Bank of America Tower
New York, New York 10036
Telephone: (212) 872-1000

*Counsel to the Official Committee of
Unsecured Creditors*

/s/  Benjamin S. Kaminetzky

DAVIS POLK & WARDWELL LLP

Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut
Christopher S. Robertson
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000

*Counsel to the Debtors*

/s/  Andrew M. Troop

PILLSBURY WINTHROP SHAW
PITTMAN LLP

Andrew M. Troop
Jason Sharp
31 West 52nd Street
New York, New York 10019
Telephone: (212) 858-1000

*Counsel to the Ad Hoc Group of Non-
Consenting States*

**SO ORDERED.**

White Plains, New York
Dated: _____, 2020

                                        THE HONORABLE ROBERT D. DRAIN
                                        UNITED STATES BANKRUPTCY JUDGE