## Exhibit B

**Second Supplemental Willis Towers Watson Declaration**

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Eli J. Vonnegut
James M. Millerman
Marc J. Tobak
Dylan A. Consla
Kathryn S. Benedict

*Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.,** *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

**SECOND SUPPLEMENTAL DECLARATION OF JOSEPHINE GARTRELL IN
SUPPORT OF MOTION OF DEBTORS FOR ENTRY OF ORDER AUTHORIZING
IMPLEMENTATION OF A KEY EMPLOYEE INCENTIVE PLAN AND
<u>KEY EMPLOYEE RETENTION PLAN</u>**

I, Josephine Gartrell, being fully sworn, hereby declare that the following is true to the best

of my knowledge, information and belief:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

1. I am a Director at Willis Towers Watson PLC ("**Willis Towers Watson**"). Willis Towers Watson has been engaged by Purdue Pharma L.P. and its above-captioned wholly owned direct and indirect subsidiaries (collectively, the "**Debtors**" or the "**Company**") to provide compensation consulting services and to serve as advisors to the Board's Compensation and Talent Committee (the "**Compensation Committee**"). I am familiar with the structure of the Debtors' pre- and post-petition compensation plans, including the Debtors' proposed Key Employee Incentive Plan (the **"KEIP"**).

2. I submit this declaration (this "**Declaration**") on behalf of Willis Towers Watson in support of the *Debtors' Supplemental Reply in Support of Motion of Debtors for Entry of an Order Authorizing Implementation of a Key Employee Incentive Plan and a Key Employee Retention Plan*.[2] I am authorized to submit this Declaration on behalf of the Debtors.

3. Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge, my review of the KEIP, my team's and my research into compensation practices for companies in the pharmaceutical industry, as well as other companies that have recently filed for chapter 11 protection, and information supplied to me by members of the Debtors' management team and the Debtors' other advisors. For the reasons described below, it remains my opinion that the KEIP is appropriate and reasonable. If called upon to testify, I would testify competently to the facts set forth in this Declaration.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the *Motion of Debtors for Entry of an Order Authorizing Implementation of a Key Employee Incentive Plan and a Key Employee Retention Plan* [ECF No. 1674]; the *Declaration of Josephine Gartrell in Support of the Motion of Debtors for Entry of an Order Authorizing Implementation of a Key Employee Incentive Plan and a Key Employee Retention Plan* [ECF No. 1674-3]; and the *Supplemental Declaration of Josephine Gartrell in Support of the Motion of Debtors for Entry of an Order Authorizing Implementation of a Key Employee Incentive Plan and a Key Employee Retention Plan* [ECF No. 1847-2].

## QUALIFICATIONS AND BACKGROUND

4.      I received my Juris Doctor from University of San Diego School of Law in 1998, graduating Magna Cum Laude and Order of the Coif, and my Bachelor of Arts in international business from San Diego State University in 1994. After working at Gibson Dunn as an associate in the corporate practice, Pillsbury Winthrop as an associate in the executive compensation practice, and The Loftin Firm, P.C. where I was a partner and then of counsel in the corporate practice, I became an executive compensation consultant at the Hay Group LLC in 2014. I joined Willis Towers Watson in 2016 where I have been continuously employed ever since.

5.      Willis Towers Watson is an international professional services firm that offers a wide variety of services to public and private clients, including expert analysis of executive and management compensation. Willis Towers Watson designs and delivers solutions that manage risk, optimize benefits, cultivate talent, and expand the power of capital to protect and strengthen institutions and individuals. Willis Towers Watson focuses on four key business segments: corporate risk and brokering; human capital and benefits; exchange solutions; and investment, risk, and reinsurance.

6.      My responsibilities at Willis Towers Watson have primarily involved consulting to for-profit companies and not-for-profit organizations, specifically regarding executive compensation. I routinely work with public and private companies in various industries regarding compensation philosophy, pay competitiveness, incentive plan design, and other compensation-related analyses and have participated in the development and design of hundreds of management and employee incentive plans for companies in and outside of bankruptcy.

7.      I am highly experienced in executive, management, and employee compensation with over 20 years of experience in the field. During my tenure at Willis Towers Watson, I have

worked closely with a range of companies undergoing a financial restructuring in developing a variety of pre-petition and post-petition compensation arrangements, including compensation plans and programs for senior executive and non-executive employees. Specifically, I have led or co-led the review and design of key employee incentive plans, key employee retention plans, and other similar plans in a number of chapter 11 cases, including *Aegean Marine Petroleum Network Inc., et al.*, Case No. 18-13374 (MEW) (Bankr. S.D.N.Y.); *In re ATD Corporation, et al.*, Case No. 18-12221 (KJC) (Bankr. D. Del.); *In re Claire's Stores Inc., et al.*, Case No. 18-10584 (MFW) (Bankr. D. Del.); *In re Cloud Peak Energy Inc.*, Case No. 19-11047 (CSS) (Bankr. D. Del.); *In re FULLBEAUTY Brands Holdings Corp., et al.*, Case No. 19-22185 (RDD) (Bankr. S.D.N.Y.); *In re Parker Drilling Company, et al.*, Case No. 18-36958 (MI) (Bankr. S.D. Tex.); *In re PES Holdings, LLC*, Case No. 19-11626 (LSS) (Bankr. D. Del.); and *In re Westmoreland Coal Company, et al.*, Case No. 18-35672 (DRJ) (Bankr. S.D. Tex.).

## UPDATED TOTAL DIRECT COMPENSATION ANALYSIS

8.    In the First Willis Towers Watson Declaration and the Supplemental Willis Towers Watson Declaration, I included an analysis of competitive target total direct compensation ("**Total Direct Compensation**") for KEIP Participants, a standard benchmark that includes base salary, short-term incentives, and long-term incentives. My team and I updated this analysis to account for the agreed reductions to payments under the KEIP with respect to the two KEIP Participants currently in question. The aggregate market positioning of these KEIP Participants both before and after the agreed reductions is shown in the table below:

|  | Variance to Market TDC | | | | | |
|---|---|---|---|---|---|---|
|  | Purdue Base + Proposed 2020 KEIP | | | Purdue Base + Proposed 2020 KEIP Subject to Agreed Reductions | | |
|  | P25 | P50 | P75 | P25 | P50 | P75 |
| President & Chief Executive Officer | 72% | 21% | -16% | 56% | 9% | -24% |
| EVP, Chief Financial Officer | 59% | 15% | -17% | 59% | 15% | -17% |

*[Remainder of page intentionally left blank]*

5

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: November 16, 2020

    /s/ *Josephine Gartrell*
Josephine Gartrell
Director
Willis Towers Watson PLC