**BROWN RUDNICK LLP**
David J. Molton, Esq.
Steven D. Pohl, Esq. (admitted *pro hac vice*)
7 Times Square
New York, NY  10036
Telephone:  (212) 209-4800
Facsimile:  (212) 209-4801

*Co-Counsel to the Ad Hoc Committee of*
*Governmental and Other Contingent*
*Litigation Claimants*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------X
|  | : |  |
| In re: | : |  |
|  | : | Chapter 11 |
| PURDUE PHARMA L.P., *et al.*, | : | Case No. 19-23649 (RDD) |
|  | : |  |
| Debtors[1]. | : | (Jointly Administered) |
|  | : |  |

---------------------------------------------------------------- X

**SUMMARY COVER SHEET FOR THIRD INTERIM APPLICATION OF BROWN**
**RUDNICK LLP, AS CO-COUNSEL TO THE AD HOC COMMITTEE OF**
**GOVERNMENTAL AND OTHER CONTINGENT LITIGATION CLAIMANTS**
**FOR SERVICES AND REIMBURSEMENT OF EXPENSES INCURRED**
**FOR THE PERIOD OF JUNE 1, 2020 THROUGH SEPTEMBER 30, 2020**

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584) Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

| | |
|---|---|
| **Name of Applicant:** | Brown Rudnick LLP |
| **Authorized to Provide Professional Services to:** | The Ad Hoc Committee of Governmental and Other Contingent Litigation Claimants |
| **Date of Order Approving Debtors' Payment of Fees and Expenses of Applicant:** | December 2, 2019 [Docket No. 553] |
| **Period for which compensation and reimbursement are sought:** | June 1, 2020 through September 30, 2020 |
| **Amount of Compensation sought as actual, reasonable, and necessary:** | $568,187.50 |
| **Current Fee Request** | $96,389.50[2] |
| **Amount of Compensation previously Awarded:** | $1,889,718.80 |
| **Amount of Expense Reimbursement sought as actual, reasonable, and necessary:** | $19,156.20 |
| **Amount of Expense Reimbursement previously awarded:** | $18,233.89 |
| **Amount of Prior Holdbacks** | $382,663.50 |
| **Total Fees and Expenses Inclusive of Holdback** | $587,343.70 |
| **This is a(n):**   ___ Monthly Application      _X_ Interim Application      ___Final Application | |

---

[2]   This amount reflects a further reduction of $17,248.00 that Brown Rudnick has determined to make in respect of certain timekeepers who had less than 10.0 hours of time entered during the Third Interim Period.

**BROWN RUDNICK LLP**
David J. Molton, Esq.
Steven D. Pohl, Esq. (admitted *pro hac vice*)
7 Times Square
New York, NY  10036
Telephone:  (212) 209-4800
Facsimile:  (212) 209-4801

*Co-Counsel to the Ad Hoc Committee of*
*Governmental and Other Contingent*
*Litigation Claimants*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------X
                                                        :
In re:                                                  :    Chapter 11
                                                        :
PURDUE PHARMA L.P., *et al.*,                           :    Case No. 19-23649 (RDD)
                                                        :
                                   Debtors[1].          :    (Jointly Administered)
                                                        :
---------------------------------------------------------------- X

### THIRD INTERIM FEE APPLICATION OF BROWN RUDNICK LLP AS CO-COUNSEL TO THE AD HOC COMMITTEE OF GOVERNMENTAL AND OTHER CONTINGENT LITIGATION CLAIMANTS FOR SERVICES AND REIMBURSEMENT OF EXPENSES INCURRED <u>FOR THE PERIOD OF JUNE 1, 2020 THROUGH SEPTEMBER 30, 2020</u>

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584) Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

Pursuant to the *Order Authorizing the Debtors to Assume the Reimbursement Agreement and Pay the Fees and Expenses of the Ad Hoc Committee's Professionals* [Docket No. 553] (the "Fee Assumption Order"), and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals*, dated November 21, 2019 [Docket No. 529] (the "Interim Compensation Order"), Brown Rudnick LLP ("Brown Rudnick") Co-Counsel to the Ad Hoc Committee of Governmental and Other Contingent Litigation Claimants (the "Ad Hoc Committee") in the above-captioned case, hereby submits this Third Interim Fee Application   (the "Application") for the period of June 1, 2020 through and including September 30, 2020 (the "Application Period").

## Summary of Application

1.      Brown Rudnick seeks allowance of interim compensation for professional services rendered to the Ad Hoc Committee during the Application Period in the aggregate amount of $568,187.50, and for reimbursement of expenses incurred and recorded in connection with the rendition of such services in the aggregate amount of $19,156.20.   During the Application Period, Brown Rudnick attorneys and paraprofessionals expended a total of 611.3 hours for which compensation is requested.   A schedule setting forth the number of hours expended by each of the partners, associates and paraprofessionals of Brown Rudnick who rendered services to the Ad Hoc Committee, their respective hourly rates, and the year of the bar admissions for each Brown Rudnick attorney is attached hereto as Exhibit A. A summary of time records on a project category basis is attached hereto as Exhibit B.[2]   A narrative description of each project category and a schedule setting forth a description of the project category utilized in these cases with the total number of hours expended by the attorneys and paraprofessionals of

---

[2]   Copies of Brown Rudnick's invoices for the period June 1, 2020 through September 30, 2020 were previously filed with the Court.

Brown Rudnick by project category, and the aggregate fees associated with each project category, is attached hereto as <u>Exhibit C</u>.  Detailed descriptions of the expenses for which Brown Rudnick is seeking reimbursement are attached hereto as <u>Exhibit D</u>.

2.      In preparing this Application, Brown Rudnick seeks interim allowance of compensation and reimbursement of expenses pursuant to the Fee Assumption Order, Rule 2016 of the Federal Rules of Bankruptcy Procedures (the "<u>Bankruptcy Rules</u>"), Rule 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "<u>Local Bankruptcy Rules</u>"), the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases (February 5, 2013) promulgated pursuant to Local Bankruptcy Rule 2016-1(a) (the "<u>Local Guidelines</u>"), and the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. §330 for Attorneys in Larger Chapter 11 Cases effective as of November 1, 2013 (the "<u>U.S. Trustee Guidelines</u>" and together with the Local Guidelines, the "<u>Fee Guidelines</u>"), the Interim Compensation Order and the Fee Assumption Order, together with the Fee Guidelines, the "<u>Guidelines</u>").  A certification regarding compliance with the Guidelines is annexed hereto.

3.      Brown Rudnick believes that all applicable time and disbursement charges for the Application Period have been included herein.  However, to the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Application Period, but were not processed prior to the preparation of this Application, Brown Rudnick reserves the right to request additional compensation for such services and reimbursement of such expenses in a future application.

## Jurisdiction and Venue

4.      The Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1134, and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 10, 1984 (Ward, Acting CJ.). Consideration of this Application is a core proceeding pursuant to 28 U.S.C. §§ 157. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

5.      On September 15, 2019 (the "Petition Date"), Purdue Pharma L.P. ("PPLP") and its affiliates that are debtors and debtors in possession (collectively, the "Debtors") each commenced with the Court a voluntary case under chapter 11 of the title 11 of the Bankruptcy Code. The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' chapter 11 cases are being jointly administered for procedural purposed only pursuant to Bankruptcy Rule 1015(b).

6.      The Ad Hoc Committee formed prior to the Debtors' bankruptcy filings to facilitate the negotiation of a settlement structure for a comprehensive resolution of litigation concerning the Debtors' opioid businesses. Prior to the Debtors' bankruptcy filings, the Ad Hoc Committee and the Debtors and their shareholders agreed to (the "Settlement Structure"), which was reduced to writing in a Term Sheet filed on October 8, 2019 (the "Term Sheet"), and entered into a reimbursement agreement (the "Prepetition Reimbursement Agreement").

7.      On October 29, 2019, the Debtors' filed the *Motion to Assume the Prepetition Reimbursement Agreement with the Ad Hoc Committee, and to Pay the Fees and Expenses of the Ad Hoc Committee's Professionals* (the "Fee Assumption Motion") [Docket No. 394].

8.      On December 2, 2019, the Court granted the Fee Assumption Motion by entering the Fee Assumption Order.

9.      This is Brown Rudnick's Third application for allowance of interim compensation for services rendered and for reimbursement of expenses.  Brown Rudnick has previously provided monthly fee statements covering the period from June 1, 2020 through September 30, 2020, to the Debtors, the U.S. Trustee, and other notices parties in accordance with the provisions of the Interim Compensation Order and the Fee Assumption Order and has received payment with respect thereto, as set forth below:

| Monthly Statement | Total Fees | Fees Paid | Total Expenses | Expenses Paid | 20% Holdback | Total Balance Remaining to be Paid[3] |
|---|---|---|---|---|---|---|
| 6/1/20 – 6/30/20 | $111,596.00 | $89,276.80 | $436.80 | $436.80 | $22,319.20 | $22,319.20 |
| 7/1/20 – 7/31/20 | $208,678.00 | $166,942.40 | $18,489.60 | $18,489.60 | $41,735.60 | $41,735.60 |
| 8/1/20 – 8/31/20 | $97,210.50 | $77,768.40 | $77.90 | $77.90 | $19,442.10 | $19,442.10 |
| 9/1/20 – 9/30/20 | $150,703.00 | $120,562.40 | $151.90 | $151.90 | $30,140.60 | $30,140.60 |
| **Total** | **$568,187.50** | **$454,550.00** | **$19,156.20** | **$19,156.20** | **$113,637.50** | **$113,637.50 ($17,248.00) $96,389.50** |

## Services Rendered by Brown Rudnick During the Application Period

10.      Brown Rudnick has recorded time charges in these chapter 11 cases separately for each matter as to which it has given attention during the Application Period.  For purposes of this Application, the services rendered have been segregated into eleven (11) categories, as follows:[4]

a.      Assets Analysis and Recovery

---

[3]    The $96,389.50 total balance remaining to be paid for all the Monthly Statements through September 30, 2020 represents (a) the 20% percent holdbacks for the period June 1, 2020 through September 30, 2020, and (c) the reduction of $17,248.00 for timekeepers who had less than 10.0 hours of time entered during the Second Interim Period.

[4]    In accordance with the Fee Assumption Order, Brown Rudnick has separately recorded work performed related to allocation of value among the Debtors' creditors, and, to the best of its knowledge, Brown Rudnick has not included time relating to such allocation in this Application.

b.    Assumption and Rejection of Leases

c.    Business Operations

d.    Case Administration

e.    Claims Analysis

f.    Employment and Fee Applications

g.    Emergency Financing

h.    Litigation – Contested Matters, Adversary Proceedings and Automatic Stay

i.    Meetings and Communications with Ad Hoc Committee & Creditors

j.    Non-Working Travel

k.    Plan and Disclosure Statement

11.    Attached hereto as <u>Exhibit C</u> is a narrative description of each project category and a schedule setting forth a description of the project category utilized in these chapter 11 cases, which the total number of hours expended by the attorneys and paraprofessionals of Brown Rudnick by project category and aggregate fees associated with each category referenced above in paragraph 11.

<u>**Disbursements**</u>

12.    Brown Rudnick has disbursed $19,156.20 as expenses incurred and recorded in providing professional services during the Application Period.  None of these expensed exceeds the maximum rate set by the Guidelines.  These charges are intended to cover Brown Rudnick's direct costs, which costs are not incorporated into Brown Rudnick's hourly fees.  Only clients who actually use services of the types for which reimbursement is sought are separately charged for such service.

6

13.    Brown Rudnick respectfully submits that the actual expenses incurred in providing professional services for which reimbursement is sought in this Application were reasonable and justified under the circumstances to serve the needs of the Ad Hoc Committee in accordance with the Fee Assumption Order.

## The Requested Compensation Should be Allowed

14.    The Fee Assumption Order provides that Brown Rudnick's reasonable and documented fees and expenses shall be subject *mutatis mutandis*, to the procedures with respect to the authorization of payment of the fees and expenses of the professionals of the Debtors and the UCC as set forth in the Interim Compensation Order.  Therefore, while this Application is not strictly subject to sections 331 and 330 of the Bankruptcy Code, we are guided by such provisions in making this Application.  Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of Section 330 to govern a court's award of such compensation.  *See* 11 U.S.C. §§ 330, 331.

15.    Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extent, and the value of such services, taking into account all relevant factor, including:
>
> a.    the time spent on such services,
>
> b.    the fees charged for such services,
>
> c.    whether the services were necessary to the administration of or beneficial at the time at which the service was rendered toward the completion of a case under this title;
>
> d.    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed, and

7

      e.      whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U. S. C. § 330(a)(3).

16.     As set forth in greater detail below, Brown Rudnick respectfully submits that it has satisfied the requirements of the Fee Assumption Order and section 330 of the Bankruptcy Code as they may be applied to the Application through the Fee Assumption Order.  The services for which it seeks compensation in this Application were necessary for the adequate representation of the Ad Hoc Committee, and in all respects consistent with the Reimbursement Agreement, the Fee Assumption Motion and in furtherance of the Ad Hoc Committee's duties under the Settlement Structure and Term Sheet.  Brown Rudnick's request for compensation is reflective of a reasonable and appropriate amount of time expended in performing such services commensurate with the complexity, importance and nature of the problem, issue, or task involved.  As described in the Fee Assumption Motion and in supportive filings made therewith, Brown Rudnick was and continues to be committed to performing these services without unnecessary duplication of effort by: (1) professionals employed by Brown Rudnick; or (2) other professionals employed by the Ad Hoc Committee.  The compensation sought by Brown Rudnick is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under the Bankruptcy Code.  Indeed, Brown Rudnick's monthly fees are comparable with other similarly qualified legal advisors appearing in this and other chapter 11 cases.  For all of the foregoing reasons, Brown Rudnick respectfully requests that the Court grant this Application.

**Supplemental Disclosures Required by UST Guidelines**

17.       Pursuant to Section C.3 of the UST Guidelines, Brown Rudnick's hourly rates for bankruptcy services are comparable to the hourly rates charged in complex chapter 11 cases by comparably skilled bankruptcy attorneys.   In addition, Brown Rudnick's hourly rates for bankruptcy services are comparable to the rates charged by the firm, and by comparably skilled practitioners in other firms, for complex corporate and litigation matters, whether in court or otherwise, regardless of whether a fee application is required.   By way of example, Brown Rudnick's blended hourly rates for attorneys and paraprofessionals for all sections of the firm, excluding the Restructuring section, for the prior calendar year were set forth on the attached Exhibit E.

18.       The following statements address the information required pursuant to Section C.5 of the UST Guidelines:

   a.       During the Application Period, Brown Rudnick did not agree to any variations from, or alternatives to, its standard or customary billing rates, fees or terms for service pertaining to this engagement, except as described herein.

   b.       The fees sought in this Application are not more than 10% higher as compared to the budget provided to the Debtors.  The budget with respect to the Application Period is discussed more fully below.

   c.       None of the professionals included in this Fee Application varied their hourly rate based on the geographical location of the bankruptcy case.

   d.       This Application does not include time or fees related to reviewing or revising time records or preparing, reviewing or revising invoices.

   e.       This Application does not include time or fees for reviewing time records to redact any privileged or other confidential information.

19.       Additionally, on March 13. 2020 Brown Rudnick filed its *Fourth Monthly Fee Statement*, wherein it disclosed that it had increased it hourly rates charged by its professionals pursuant to its ordinary annual review process.

9

Pg 12 of 34

20.     With respect to the use of a budget and staffing plan as suggested in Section C.6 of the UST Guidelines, Brown Rudnick has, contemporaneous herewith, provided a general budget to the Debtors and identified the core team of professionals that worked on various projects with the assistance of other professionals as the case needs dictated.  A copy of the budget and staffing plan that provided to the Debtors is attached hereto as <u>Exhibit F</u>.  Prior to the circulation of this general budget, Brown Rudnick provided a non-itemized budget to the Debtors regarding the period covered by this Application.  Brown Rudnick confirms that the fees sought in this Application are not more than 10% higher as compared to the non-itemized budget.  A prospective estimate budget for the next interim fee period shall be provided to the Debtors.

21.     Brown Rudnick has not previously applied for payment of fees or reimbursement of any disbursement during these cases, except for the monthly fee statements it has submitted and filed with the Court.  Brown Rudnick does not hold a retainer in respect of its services as co-counsel to the Ad Hoc Committee.

22.     In accordance with Section 504 of the Bankruptcy Code and Fed. R. Bankr. P. 2016(a), no agreement or understanding exists between Brown Rudnick and any other persons for the sharing of compensation received or to be received for services rendered in or in connection with these cases.

23.     No agreement or understanding prohibited by 18 U.S.C. § 155 has been or will be made by Brown Rudnick.

24.     The undersigned has reviewed the requirements of Local Rule 2016-2 and certified that this Application complies with that Local Rule.

25.     Notice of this Application has been provided in accordance with the Interim Compensation Order.  Brown Rudnick submits that no other or further notice need be provided.

26.    Brown Rudnick reserves all rights and claims.  Without limiting the generality of the foregoing, Brown Rudnick reserves its rights to submit future monthly fee applications, interim fee applications, and final fee applications, including, without limitation, fee applications seeking final allowance of all amounts sought to be paid or reimbursed herein and in respect of any amounts held back pursuant to the Interim Compensation Order or otherwise.

WHEREFORE, Brown Rudnick respectfully requests (i) interim allowance of compensation for professional services rendered as counsel for the Ad Hoc Committee in the amount of $568,187.50 in fees for the period of June 1, 2020 through September 30, 2020, (ii) and interim allowance of reimbursement of actual and necessary disbursements incurred and recorded by Brown Rudnick in the amount of $19,156.20.

Dated:  November 16, 2020

Respectfully submitted,

BROWN RUDNICK LLP

/s/ *David J. Molton*
David J. Molton
Steven D. Pohl (admitted *pro hac vice*)
Seven Times Square
New York, New York 10019
Telephone:    (212) 209-4800
Facsimile:    (212) 209-4801
E-mail: dmolton@brownrudnick.com
          spohl@brownrudnick.com

*Co-Counsel to the Ad Hoc Committee of Governmental and Other Contingent Litigation Claimants*

# **EXHIBIT A**

## EXHIBIT A

### SERVICES RENDERED BY
### BROWN RUDNICK LLP

### COMMENCING JUNE 1, 2020 THROUGH SEPTEMBER 30, 2020

### Summary of Hours and Fees by Professional[1]

| Name of Professional | Position/Year Admitted to Practice/Department | 2020 Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| David J. Molton | Partner 1983<br>Bankruptcy & Corporate Restructuring | $1,405 | 134.7 | $189,253.50 |
| Steven D. Pohl | Partner 1989<br>Bankruptcy & Corporate Restructuring | $1,295 | 73.5 | $95,182.50 |
| Barbara J. Kelly | Counsel 1982<br>Corporate & Capital Markets | $1,060 | 51.6 | $54,696.00 |
| Vincent J. Guglielmotti | Partner 2005<br>Corporate & Capital Markets | $985 | 4.9 | $4,826.50 |
| Marek P. Krzyzowski | Partner 2005<br>Litigation & Arbitration | $955 | 22.2 | $21,201.00 |
| Nicole M. Bouchard | Partner 2005<br>Corporate & Capital Markets | $865 | 8.9 | $7,698.50 |
| Gerard T. Cicero | Associate 2015<br>Bankruptcy & Corporate Restructuring | $800 | 118.9 | $95,120.00 |
| Cyavash, N. Ahmadi | Associate 2014<br>Corporate & Capital Markets | $585 | 30.0 | $17,550.00 |
| Daniel F. Kerns | Associate 2019<br>Litigation & Arbitration | $570 | 6.9 | $3,933.00 |
| Uriel Pinelo | Associate 2019<br>Bankruptcy & Corporate Restructuring | $545 | 104.3 | $56,843.50 |
| Kelcey C. Wells | Paralegal<br>Litigation & Arbitration | $395 | 2.0 | $790.00 |
| Alexandra M. Deering | Paralegal<br>Bankruptcy & Corporate Restructuring | $395 | 53.4 | $21,093.00 |
| **Total Fees Requested** | | | **611.3** | $568,187.50<br>($17,248.00)<br>**$550,939.50** |

---

[1]    Brown Rudnick has determined to write-off and not seek reimbursement for the fees of Vincent J. Guglielmotti, Nicole M. Bouchard, Daniel F. Kerns, and Kelcey Wells in connection with this Third Interim Fee Application, in accordance with the policies expressed by the Fee Examiner.

# EXHIBIT B

**EXHIBIT B**

**Summary of Detailed Time Records**

| Project Category | Total Hours | Total Fees |
|---|---|---|
| 002 Asset Analysis and Recovery | 14.1 | $10,694.00 |
| 003 Assumption and Rejection of Leases and Contracts | 0.0 | $0.00 |
| 004 Business Operations | 17.0 | $16,341.50 |
| 005 Case Administration | 13.8 | $7,641.00 |
| 007 Claims Analysis | 160.2 | $123,656.50 |
| 008 Employment and Fee Applications | 48.1 | $23,688.50 |
| 009 Emergency Financing | 0.0 | $0.00 |
| 010 Litigation – Contested Matters, Adversary Proceedings and Automatic Stay | 119.0 | $127,532.00 |
| 011 Meetings and Communication with Ad Hoc Committee & Creditors | 111.3 | $123,519.50 |
| 012 Non-Working Travel (billed @50%) | 0.0 | $0.00 |
| 014 Plan and Disclosure Statement | 127.8 | $135,114.50 |
| **Total:** | **611.3** | $568,187.50 ($17,248.00) **$550,939.50** |

# EXHIBIT C

**EXHIBIT C**

**Summary of Hours Billed by Professional by**
**Project Category and Narrative Description of Each Project Category**

**Overview**

During the period from June 1, 2020 through September 30, 2020 (the "Application Period"), as more fully set forth below, Brown Rudnick provided legal advice, representation and services to the Ad Hoc Committee within the mandate of the Ad Hoc Committee as defined in the Reimbursement Agreement (the "Scope"). The Ad Hoc Committee's Scope is "to negotiate and support the terms and definitive documents associated with the Settlement and to take such other actions as may be necessary or appropriate to facilitate the Settlement, and not to take positions adverse to the Settlement, engage in litigation activities, review or investigate other matters, or engage in matters in which the respective members of the Ad Hoc Committee may be in conflict." Additionally, Brown Rudnick was focused on coordinating the advice and efforts of the Ad Hoc Committee's non-state members. As further described in the Application, Brown Rudnick has not included, to the best of its knowledge, any time relating to the allocation of value among the Debtors' creditors.

A.    **Asset Analysis and Recovery**

During the Application Period, Brown Rudnick continued to engage with the Debtors', the shareholders' counsel, the official committee of unsecured creditors (the "UCC") and other key stakeholders, including other ad hoc groups of public entities on diligence issues including with respect to the value of the deal reflected in the term sheet. Among other things, Brown Rudnick continued to spend time analyzing diligence in respect of the shareholders' potential consideration provided to the estates and the tax structuring and consequences related thereto. Because the consideration to be received under the term sheet may involve contributions from

the sale of a complex web of foreign Independent Associate Companies over a number of jurisdictions, there is a wide range of complex and varied foreign tax issues that must be resolved prior to understanding the value and the feasibility of a Plan based on the term sheet. To that end Brown Rudnick continued to develop analysis and advice to the Ad Hoc Committee on how to maximize tax attributes to the Debtors' estates in respect of the shareholder parties' Independent Associated Companies. Brown Rudnick strategized with its co-counsel regarding progressing the collective analysis and diligence of the Independent Associated Companies.

**Summary of Hours Billed**

| Timekeeper | Position | 2020 Rate | Hours | Amount |
|---|---|---|---|---|
| Pohl, Steven | Partner | $1,295.00 | 0.3 | $388.50 |
| Kelly, Barbara J | Counsel | $1,060.00 | 4.7 | $4,982.00 |
| Ahmadi, Cyavash, N. | Associate | $585.00 | 9.1 | $5,323.50 |
| **Total Hours and Fees Billed** | | | **14.1** | **$10,694.00** |

**B.    Business Operations**

During the Application Period, Brown Rudnick continued to work on the Debtors' motion in respect of its over-the-counter Naloxone product including by facilitating other creditor groups' access to the Ad Hoc Committee's experts related thereto. Brown Rudnick continued to review the Debtors' revised business plan and provide counsel to the AHC in respect to the business plan and various company valuation scenarios. Brown Rudnick participated in a conference with the Court-Appointed Monitor and advised the Ad Hoc Committee on the Monitor's report. Additionally, , Brown Rudnick, in consultation with co-counsel and the Ad Hoc Committee's investment advisors, analyzed the Debtors' proposed continued and revised employee and insider retention and incentive plans and provided to the Ad Hoc Committee in respect of the Debtors' proposals .

**Summary of Hours Billed**

| Timekeeper | Position | 2020 Rate | Hours | Amount |
|---|---|---|---|---|
| Molton, David | Partner | $1,405.00 | 1.1 | $1,545.50 |
| Pohl, Steven | Partner | $1,295.00 | 4.4 | $5,698.00 |
| Cicero, Gerard T. | Associate | $800.00 | 11.1 | $8,880.00 |
| Pinelo, Uriel | Associate | $545.00 | 0.4 | $218.00 |
| **Total Hours and Fees Billed** | | | **17.0** | **$16,341.50** |

## C.    Case Administration

The fees captured in this category include fees for all services rendered by Brown Rudnick that address the general administration of the case on behalf of the Ad Hoc Committee including specific matters that are not readily classifiable into other more specific matters. This category includes time incurred organizing the Ad Hoc Committee, monitoring the case docket, complying with local rules and service requirements, preparing for and attending court-hearings, and reviewing and preparing task lists and strategy for the Ad Hoc Committee. Additionally, this category includes time spent by Brown Rudnick attorneys attending certain hearings before the Bankruptcy Court and in developing, alongside, other case parties the mediation program that was ordered by the Court on March 4, 2020 [Docket No. 895].

**Summary of Hours Billed**

| Timekeeper | Position | 2020 Rate | Hours | Amount |
|---|---|---|---|---|
| Molton, David J. | Partner | $1,405.00 | 1.5 | $2,107.50 |
| Pohl, Steven | Partner | $1,295.00 | 0.7 | $906.50 |
| Pinelo, Uriel | Associate | $545.00 | 0.3 | $163.50 |
| Wells, Kelcey C. | Paralegal | $395.00 | 0.5 | $197.50 |
| Deering, Alexandra, M. | Paralegal | $395.00 | 10.80 | $4,266.00 |
| **Total Hours and Fees Billed** | | | **13.8** | **$7,641.00** |

D.    **Claims Analysis**

During the Application Period, Brown Rudnick engaged with the Debtors and the Non-Consenting State Group to provide the Debtors with analysis and support for the claim modeling prepared by the Ad Hoc Committee and the experts retained by the States and local governments during the proof of claim process.   Additionally, Brown Rudnick, on behalf of the Ad Hoc Committee, spent considerable time developing, organizing, formatting, drafting, finalizing and filing the consolidate proof of claim, filed in connection with the Court's bar date order.   This included significant outreach efforts and communication efforts with municipalities and other local governments that wished to participate in the consolidated claim as well as interfacing closely with the Debtors' claims agent in order to format the claim in a manner that was acceptable to the Debtors.   Finally, Brown Rudnick assisted the Debtors and certain local governments who had filed "late filed" claims in reaching stipulated agreements resolving the matters on a consensual basis.

**Summary of Hours Billed**

| Timekeeper | Position | 2020 Rate | Hours | Amount |
|---|---|---|---|---|
| Molton, David J. | Partner | $1,405.00 | 30.5 | $42,852.50 |
| Pohl, Steven | Partner | $1,295.00 | 7.6 | $9,842.00 |
| Cicero, Gerard T. | Associate | $800.00 | 19.5 | $15,600.00 |
| Pinelo, Uriel | Associate | $545.00 | 98.9 | $53,900.50 |
| Deering, Alexandra M. | Paralegal | $395.00 | 3.7 | $1,461.50 |
| **Total Hours and Fees Billed** | | | **160.2** | **$123,656.50** |

**E.**    **Employment and Fee Applications**

During the Application Period, Brown Rudnick prepared and drafted Brown Rudnick's second interim fee application as well as its ninth, tenth, eleventh and twelfth monthly fee applications in accordance with the Interim Compensation Order.

**Summary of Hours Billed**

| Timekeeper | Position | 2020 Rate | Hours | Amount |
|---|---|---|---|---|
| Pohl, Steven | Partner | $1,295.00 | 1.7 | $2,201.50 |
| Cicero, Gerard T. | Associate | $800.00 | 7.8 | $6,240.00 |
| Wells, Kelcey C. | Paralegal | $395.00 | 1.5 | $592.50 |
| Deering, Alexandra, M. | Paralegal | $395.00 | 37.1 | $14,654.50 |
| **Total Hours and Fees Billed** | | | **48.1** | **$23,688.50** |

**F.**    **Litigation – Contested Matters, Adversary Proceedings and Automatic Stay**

During the Application Period, Brown Rudnick worked with its co-counsel to provide advice to the Ad Hoc Committee on a slew of contested matters that arose before the Bankruptcy Court. Brown Rudnick took a lead role in developing the Ad Hoc Committee's strategy and filed papers in connection with the multiple class claim motions that were filed by private entities and putative class of independent school districts. Additionally, Brown Rudnick actively worked on preparation for the hearings on such motions as well as in preparing for a potentially contested hearing on the Debtors' Naloxone related motion. Brown Rudnick also worked on strategy relating to a derivative standing motion and took a tailored approach to participating in the contested discovery matters that came before the Court. Brown Rudnick also advised the Ad Hoc Committee on all matters relating to the NAACP's motion to intervene in the cases and in the resolution of the issues raised by the NAACP. Finally, Brown Rudnick worked with the

5

Debtors, UCC and other stakeholders to resolve motions to file late filed proofs of claim, by stipulation instead of litigation.

**Summary of Hours Billed**

| Timekeeper | Position | 2020 Rate | Hours | Amount |
|---|---|---|---|---|
| Molton, David J. | Partner | $1,405.00 | 37.1 | $52,125.50 |
| Pohl, Steven | Partner | $1,295.00 | 17.2 | $22,274.00 |
| Krzyzowski, Marek P. | Partner | $955.00 | 22.2 | $21,201.00 |
| Cicero, Gerard T. | Associate | $800.00 | 34.3 | $27,440.00 |
| Kerns, Daniel | Associate | $570.00 | 6.9 | $3,933.00 |
| Pinelo, Uriel | Associate | $545.00 | 0.3 | $163.50 |
| Deering, Alexandra, M. | Paralegal | $395.00 | 1.0 | $395.00 |
| **Total Hours and Fees Billed** | | | **119.0** | **$127,532.00** |

## G.    Meetings and Communication with Ad Hoc Committee & Creditors

During the Application Period, Brown Rudnick conducted numerous telephonic meetings with both the Ad Hoc Committee in full as well as the with the non-state members of the Ad Hoc Committee in order to keep the Ad Hoc Committee members informed as the case progressed. On these periodic calls, Brown Rudnick discussed the current status of these cases and elicited input from members on actions to take with respect to the outstanding diligence, pending motions, compliance with the voluntary injunction, litigation and business activities. Additionally, Brown Rudnick conducted numerous calls and outreach to other creditor constituents regarding progressing these cases.    Finally, Brown Rudnick participated in numerous internal strategy calls and conferences prior to and in preparation for advice and communication to Ad Hoc Committee members on various case issues.    This category includes

time incurred by Brown Rudnick professionals in participating in lengthy conference and virtual meetings with the Ad Hoc Committee and subsets thereof.

**Summary of Hours Billed**

| Timekeeper | Position | 2020 Rate | Hours | Amount |
|---|---|---|---|---|
| Molton, David J. | Partner | $1,405.00 | 29.8 | $41,869.00 |
| Pohl, Steven | Partner | $1,295.00 | 35.5 | $45,972.50 |
| Cicero, Gerard T. | Associate | $800.00 | 41.6 | $33,280.00 |
| Pinelo, Uriel | Associate | $545.00 | 4.4 | $2,398.00 |
| **Total Hours and Fees Billed** | | | **111.3** | **$123,519.50** |

## H.    Plan and Disclosure Statement

During the Application Period, Brown Rudnick continued to work with the shareholders and other of the Ad Hoc Committee's professionals to receive and analyze diligence in respect of the settlement and Plan structuring for tax efficiencies.  Brown Rudnick also interfaced with the advisors to a Tribal governmental group in order to develop post-effective date vehicles for tribes that would be tax efficient.  Additionally, Brown Rudnick worked closely with co-counsel to begin to design the post-effective date structures that will effectuate the Plan.  Finally, Brown Rudnick assisted the Ad Hoc Committee on negotiating with other stakeholders unresolved, but material portions of the Plan.

**Summary of Hours Billed**

| Timekeeper | Position | 2020 Rate | Hours | Amount |
|---|---|---|---|---|
| Molton, David J. | Partner | $1,405.00 | 34.7 | $48,753.50 |
| Pohl, Steven | Partner | $1,295.00 | 6.1 | $7,899.50 |
| Kelly, Barbara J | Counsel | $1,000.00 | 46.9 | $49,714.00 |
| Guglielmotti, Vincent J. | Partner | $985.00 | 4.9 | $4,826.50 |
| Bouchard, Nicole M. | Partner | $865.00 | 8.9 | $7,698.50 |

7

| | | | | |
|---|---|---|---|---|
| Cicero, Gerard T. | Associate | $800.00 | 4.6 | $3,680.00 |
| Ahmadi, Cyavash N. | Associate | $585.00 | 20.9 | $12,226.50 |
| Deering, Alexandra, M. | Paralegal | $395.00 | 0.8 | $316.00 |
| **Total Hours and Fees Billed** | | | **127.8** | **$135,114.50** |

# **EXHIBIT D**

## EXHIBIT D

**ACTUAL AND NECESSARY COSTS INCURRED BY
BROWN RUDNICK LLP**

## COMMENCING JUNE 1, 2020 THROUGH SEPTEMBER 30, 2020

| EXPENSE | AMOUNT |
|---|---|
| | |
| Copies (Color & B&W @ 10 cents per page) | $6.70 |
| Court Call | $22.50 |
| Document Production | $18,411.00 |
| Filing Fee | $140.00 |
| Pacer | $126.00 |
| Specialized Online Research Services | $89.00 |
| Westlaw | $361.00 |
| **Total Expenses** | **$19,156.20** |

# EXHIBIT E

## **EXHIBIT E**

### **Customary and Comparable Compensation Disclosures**

| Category of Timekeeper | Blended Hourly Rates | |
|---|---|---|
| | **Billed**<br><br>Firm-wide for preceding calendar year[8] | **Billed**<br><br>This Application |
| Partner | **$820.00** | **$1,261.00** |
| Associate | **$508.00** | **$667.00** |
| Paraprofessional | **$329.00** | **$395.00** |
| **Aggregated:** | **$656.00** | **$611.00** |

---

[8]   Excluding blended hourly rates for the Restructuring section of the Brown Rudnick.

## **EXHIBIT F**

**Budget and Staffing Plan for the**
**Period June 1, 2020 through September 30, 2020**



| Attorney Name/Description | 2020 Rate | Notes / Scope of Work | Hours Estimate (June 2020) | Time Value Estimate (June 2020) | Hours (June 2020) | Time Value (June 2020) | Hours Estimate (July 2020) | Time Value Estimate (July 2020) | Hours (July 2020) | Time Value (July 2020) | Hours Estimate (Aug. 2020) | Time Value Estimate (Aug. 2020) | Hours (Aug. 2020) | Time Value (Aug. 2020) | Hours Estimate (Sept. 2020) | Time Value Estimate (Sept. 2020) | Hours (Sept. 2020) | Time Value (Sept. 2020) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Molton, David J. | $1,405.00 | Restructuring/ Litigation | 25.0 | $35,125.00 | 25.5 | $35,827.50 | 50.0 | $70,250.00 | 48.1 | $67,580.50 | 25.0 | $35,125.00 | 24.4 | $34,282.00 | 40.0 | $56,200.00 | 36.7 | $51,563.50 |
| Pohl, Steven D. | $1,295.00 | Restructuring | 20.0 | $25,900.00 | 20.5 | $26,547.50 | 15.0 | $19,425.00 | 16.5 | $21,367.50 | 20.0 | $25,900.00 | 19.3 | $24,993.50 | 20.0 | $25,900.00 | 17.2 | $22,274.00 |
| Kelly, Barbara | $1,060.00 | Tax | 10.0 | $10,600.00 | 9.4 | $9,964.00 | 5.0 | $5,300.00 | 4.9 | $5,194.00 | 10.0 | $10,600.00 | 8.3 | $8,798.00 | 30.0 | $31,800.00 | 29.0 | $30,740.00 |
| Guglielmotti, Vincent J. | $985.00 | | 0.0 | $- | 0.0 | $- | 0.0 | $- | 0.0 | $- | 0.0 | $- | 0.6 | $591.00 | 0.0 | $- | 4.3 | $4,235.50 |
| Krzyzowski, Marek P. | $955.00 | Restructuring/ Litigation | 0.0 | $- | 0.0 | $- | 25.0 | $23,875.00 | 21.4 | $20,437.00 | 0.0 | $- | 0.0 | $- | 0.0 | $- | 0.8 | $764.00 |
| Bouchard, Nicole M. | $865.00 | Tax | 5.0 | $4,325.00 | 5.8 | $5,017.00 | 0.0 | $- | 0.0 | $- | 0.0 | $- | 0.0 | $- | 0.0 | $- | 3.1 | $2,681.50 |
| Cicero, Gerard T. | $800.00 | Restructuring | 20.0 | $16,000.00 | 17.6 | $14,080.00 | 50.0 | $40,000.00 | 46.5 | $37,200.00 | 25.0 | $20,000.00 | 25.4 | $20,320.00 | 30.0 | $24,000.00 | 29.4 | $23,520.00 |
| Ahmadi, Cyavash N. | $585.00 | Tax | 10.0 | $5,850.00 | 9.1 | $5,323.50 | 0.0 | $- | 2.2 | $1,287.00 | 10.0 | $5,850.00 | 6.0 | $3,510.00 | 15.0 | $8,775.00 | 12.7 | $7,429.50 |
| Kerns, Daniel F. | $570.00 | Restructuring | 0.0 | $- | 0.0 | $- | 5.0 | $2,850.00 | 6.9 | $3,933.00 | 0.0 | $- | 0.0 | $- | 0.0 | $- | 0.0 | $- |
| Pinelo, Uriel | $545.00 | Paraprofessional | 15.0 | $8,175.00 | 12.8 | $6,976.00 | 90.0 | $49,050.00 | 83.3 | $45,398.50 | 0.0 | $- | 3.0 | $1,635.00 | 0.0 | $- | 5.2 | $2,834.00 |
| Wells, Kelcey C. | $395.00 | Paraprofessional | 0.0 | $- | 1.5 | $592.50 | 0.0 | $- | 0.0 | $- | 0.0 | $- | 0.0 | $- | 0.0 | $- | 0.5 | $197.50 |
| Deering, Alexandra | $395.00 | Paraprofessional | 20.0 | $7,900.00 | 18.4 | $7,268.00 | 15.0 | $5,925.00 | 15.9 | $6,280.50 | 10.0 | $3,950.00 | 7.8 | $3,081.00 | 15.0 | $5,925.00 | 11.3 | $4,463.50 |
| **Totals** | | | 125.0 | $113,875.00 | 120.6 | $111,596.00 | 255.0 | $216,675.00 | 245.7 | $208,678.00 | 100.0 | $101,425.00 | 94.8 | $97,210.50 | 150.0 | $152,600.00 | 150.2 | $150,703.00 |

| | Budgeted Hours June - Sept. 2020 | Budgeted Time Value June - Sept. 2020 | Actual Hours June - Sept. 2020 | Actual Time Value June - Sept. 2020[1] |
|---|---|---|---|---|
| **TOTAL** | 630.00 | $584,575.00 | 611.3 | $568,187.50 |
| | | | -22.7 | $(17,248.00) |
| | | | 588.6 | $550,939.50 |

[1] Brown Rudnick has determined to write-off and not seek reimbursement for the fees of Vincent Guglielmotti, Nicole M. Bouchard, Daniel Kerns, and Kelcey Wells in connection with this Second Interim Fee Application, in accordance with the policies expressed by the Fee Examiner.



| Project Category | Budgeted Hours Estimate (June 2020) | Time Value Estimate (June 2020) | Actual Hours (June 2020) | Time Value (June 2020) | Budgeted Hours Estimate (July 2020) | Time Value Estimate (July 2020) | Actual Hours (July 2020) | Time Value (July 2020) | Budgeted Hours Estimate (Aug. 2020) | Time Value Estimate (Aug. 2020) | Actual Hours (Aug. 2020) | Time Value (Aug. 2020) | Budgeted Hours Estimate (Sept. 2020) | Time Value Estimate (Sept. 2020) | Actual Hours (Sept. 2020) | Time Value (Sept. 2020) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Asset Analysis and Recovery | 12.0 | $ 10,000.00 | 12.0 | $ 8,397.50 | 0.0 | $ - | 2.1 | $ 2,296.50 | 0.0 | $ - | 0.0 | $ - | 0.0 | $0.00 | 0.0 | $0.00 |
| Assumption and Rejection of Leases and Contracts | 0.0 | $ - | 0.0 | $ - | 0.0 | $ - | 0.0 | $ - | 0.0 | $ - | 0.0 | $ - | 0.0 | $0.00 | 0.0 | $0.00 |
| Business Operations | 10.0 | $ 10,000.00 | 8.1 | $ 7,888.00 | 0.0 | $ - | 0.0 | $ - | 0.0 | $ - | 2.3 | $ 1,840.00 | 10.0 | $10,000.00 | 6.6 | $6,613.50 |
| Case Administration | 5.0 | $ 5,000.00 | 6.8 | $ 4,169.00 | 0.0 | $ - | 2.3 | $ 908.50 | 0.0 | $ - | 2.3 | $ 1,615.50 | 0.0 | $0.00 | 2.4 | $948.00 |
| Claims Analysis | 30.0 | $ 30,000.00 | 30.0 | $ 28,953.50 | 100.0 | $ 80,000.00 | 106.9 | $ 71,072.00 | 20.0 | $ 25,000.00 | 17.8 | $ 20,405.50 | 5.0 | $5,000.00 | 5.5 | $3,225.50 |
| Employment and Fee Applications | 15.0 | $ 5,000.00 | 15.3 | $ 6,853.50 | 20.0 | $ 10,000.00 | 17.7 | $ 10,344.00 | 10.0 | $ 5,000.00 | 7.5 | $ 3,489.00 | 10.0 | $5,000.00 | 7.6 | $3,002.00 |
| Emergency Financing | 0.0 | $ - | 0.0 | $ - | 0.0 | $ - | 0.0 | $ - | 0.0 | $ - | 0.0 | $ - | 0.0 | $0.00 | 0.0 | $0.00 |
| Litigation - Contested Matters, Adversary Proceedings, and Automatic Stay | 10.0 | $ 10,000.00 | 6.7 | $ 8,110.00 | 80.0 | $ 80,000.00 | 72.4 | $ 75,761.50 | 10.0 | $ 10,000.00 | 9.0 | $ 9,796.00 | 30.0 | $30,000.00 | 30.9 | $33,864.50 |
| Meetings and Communications with Ad Hoc Committee 7 Creditors | 30.0 | $ 30,000.00 | 27.6 | $ 32,986.50 | 40.0 | $ 35,000.00 | 34.6 | $ 37,540.50 | 30.0 | $ 30,000.00 | 29.2 | $ 31,637.00 | 20.0 | $20,000.00 | 19.9 | $21,355.50 |
| Non-Working Travel | 0.0 | $ - | 0.0 | $ - | 0.0 | $ - | 0.0 | $ - | 0.0 | $ - | 0.0 | $ - | 0.0 | $0.00 | 0.0 | $0.00 |
| Plan and Disclosure Statement | 15.0 | $ 15,000.00 | 14.1 | $ 14,238.00 | 15.0 | $ 10,000.00 | 9.7 | $ 10,755.00 | 30.0 | $ 30,000.00 | 26.7 | $ 28,427.50 | 75.0 | $85,000.00 | 77.3 | $81,694.00 |
| **Totals** | **127.0** | **$115,000.00** | **120.6** | **$111,596.00** | **255.0** | **$215,000.00** | **245.7** | **$208,678.00** | **100.0** | **$100,000.00** | **94.8** | **$97,210.50** | **150.0** | **$155,000.00** | **150.2** | **$150,703.00** |

| | Budgeted Hours Feb. - May 2020 | Budgeted Time Value Feb. - May 2020 | Actual Hours Feb. - May 2020 | Actual Time Value Feb. - May 2020[1] |
|---|---|---|---|---|
| **TOTAL** | 632.0 | $585,000.00 | 611.3 | $568,187.50 |
| | | | -22.7 | $ (17,248.00) |
| | | | 588.6 | $550,939.50 |

1 Brown Rudnick has determined to write-off and not seek reimbursement for the fees of Vincent Guglielmotti, Nicole M. Bouchard, Daniel Kerns, and Kelcey Wells in connection with this Second Interim Fee Application, in accordance with the policies expressed by the Fee Examiner.

## CERTIFICATION

I, Steven D. Pohl, declare under penalties of perjury that:

a)      I am a partner with the applicant Firm, Brown Rudnick LLP, and am admitted to appear before this Court.

b)      I am familiar with the work performed by Brown Rudnick LLP on behalf of the Ad Hoc Committee.

c)      I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief.   Moreover, I have reviewed Rule 2016-1 of the Local Bankruptcy Rules and the Guidelines and submit that the Application substantially complies with such Guidelines.


*/s/ Steven D. Pohl*
Steven D. Pohl