BAYARD, P.A.
Erin R. Fay (Del. Bar No. 5268)
Daniel N. Brogan (Del. Bar No. 5723)
Sophie E. Macon (Del. Bar No. 6562)
600 N. King Street, Suite 400
Wilmington, Delaware 19801
Telephone: (302) 655-5000
Facsimile: (302) 658-6395

*Former Co-Counsel to the Official Committee of
Unsecured Creditors of Purdue Pharma L.P., et al.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| PURDUE PHARMA L.P., *et al.*, | : | Case No. 19-23649 (RDD) |
| | : | |
| Debtors.[1] | : | (Jointly Administered) |
| | : | |

**SUMMARY COVER SHEET TO THE FINAL FEE APPLICATION**
**OF BAYARD, P.A. FOR COMPENSATION FOR SERVICES RENDERED AND**
**REIMBURSEMENT OF EXPENSES AS CO-COUNSEL TO THE OFFICIAL**
**COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD FROM**
**SEPTEMBER 29, 2019 THROUGH AND INCLUDING JULY 15, 2020**

In accordance with the Local Bankruptcy Rules for the Southern District of New York,

Bayard, P.A. ("Bayard"), former co-counsel to the Official Committee of Unsecured Creditors of

Purdue Pharma L.P. and its affiliated debtors and debtors in possession, submits this summary (the

"Summary") of fees and expenses sought as actual, reasonable, and necessary in the final fee

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

application to which the Summary is attached (the "Final Fee Application")[2] for the period from

September 29, 2019 through and including July 15, 2020 (the "Compensation Period").[3]

Bayard submits the Application as its final fee application in accordance with the *Order*

*Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained*

*Professionals*, dated November 21, 2019 [D.I. 529] (the "Interim Compensation Order").

| General Information | |
|---|---|
| Name of Applicant: | Bayard, P.A. |
| Authorized to Provide Services to: | The Official Committee of Unsecured Creditors |
| Petition Date: | September 15, 2019 |
| Retention Date: | November 21, 2019, *nunc pro tunc* to September 29, 2019 |
| Prior Interim Applications: | 1 |
| Summary of Fees and Expenses Sought in this Application | |
| Time Period Covered by this Application: | September 29, 2019 through and including July 15, 2020 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary for the Compensation Period: | $1,182,574.50 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary for the Compensation Period: | $8,304.38 |
| Total Compensation and Expenses Requested for the Compensation Period: | $1,210,878.88 |

---

[2] Capitalized terms used but not defined in the Summary shall have the meanings ascribed to such terms in the Application.

[3] On February 24, 2020, Cole Schotz P.C. replaced Bayard as efficiency counsel to the Official Committee of Unsecured Creditors. All time and expenses incurred by Bayard following such time have related to the fee application process.

| *Summary of Fees, Professionals, Rates, and Budget in this Application* | |
|---|---|
| Total Compensation Approved by Interim Order to Date: | $950,561.00[4] |
| Total Expenses Approved by Interim Order to Date: | $7,715.34 |
| Total Compensation Paid to Date: | $940,919.60 |
| Total Expenses Paid to Date: | $8,294.28 |
| Total Compensation and Expenses Sought in this Application Already Paid Pursuant to the Interim Compensation Order But Not Yet Allowed: | $180,470.80 |
| Total Compensation Sought in this Application Not Yet Paid: | $261,665.00 |
| Total Expenses Sought in this Application Not Yet Paid: | $10.10 |
| Total Compensation and Expenses Sought in this Application Not Yet Paid: | $261,675.10 |
| Voluntary Fee Waiver and Expense Reduction in this Compensation Period: | $0.00 |
| *Summary of Fees and Expenses Sought in this Application* | |
| Blended Rate in this Application for All Attorneys: | $423.65 |
| Blended Rate in this Application for All Timekeepers: | $422.63 |
| Number of Timekeepers Included in this Application: | 22 (8 Director Attorneys; 9 Associate Attorneys; 2 Law Clerks; and 3 Paraprofessionals) |

---

[4] The fees requested Bayard's First Interim Fee Application were approved in the above amount pursuant to the Court's *Omnibus Order Granting First Interim Fee Applications of Professionals for Allowance and Payment of Compensation for Professional Services Rendered and for Reimbursement of Actual and Necessary Expenses* [D.I. 1159] (the "First Interim Fee Order"). Pursuant to the First Interim Fee Order, $190,112.20 of the approved amount remains subject to holdback pending further order of the Bankruptcy Court in connection with the review of Bayard's fees by the independent fee examiner appointed in these cases. For efficiency, Bayard agreed with the fee examiner to allow the fees to remain in holdback and for the fee examiner to review all fees and expenses in accordance with this final fee application.

| | |
|---|---|
| Number of Attorneys Billing Fewer than 15 Hours to the Case During the Compensation Period: | 4 |
| Increase in Rates Since Date of Retention: | As disclosed in the *Notice of Professional Fee Hourly Rates* [D.I. 713], the hourly rates of Bayard professionals were adjusted effective as of January 1, 2020 consistent with its customary practice and as disclosed in Bayard's Retention Application. |
| Interim or Final Application: | Final |

## Summary of Bayard Monthly Fee Statements

| Date & Docket No. | Filing Period | Requested Fees | Requested Expenses | Paid Fees | Paid Expenses | Fees/Expenses Disallowed or Withdrawn |
|---|---|---|---|---|---|---|
| 1/10/20 [D.I. 738] | 9/29/19 – 10/31/19 | $178,880.50 | $2,642.85 | $143,104.40 | $2,642.85 | $0.00 |
| 2/7/20 [D.I. 813] | 11/1/20 – 11/30/19 | $143,451.50 | $247.53 | $114,761.20 | $247.53 | $0.00 |
| 3/16/20 [D.I. 931] | 12/1/19 – 1/31/20 | $628,229.00 | $4,824.96 | $502,583.20 | $4,824.96 | $0.00 |
| 7/14/20 [D.I. 1383] | 2/1/20 – 5/31/20 | $225,588.50 | $578.94 | $180,470.80 | $578.94 | $0.00 |
| 11/11/20 [D.I. 1925] | 6/1/20 – 7/15/20 | $6,435.10 | $10.10 | $0.00 | $0.00 | $0.00 |
| | Totals | $1,182,584.60 | $8,304.38 | $940,919.60 | $8,294.28 | $0.00 |

Summary of Any Objections to Monthly Fee Applications: None

## COMPENSATION BY PROFESSIONAL
## SEPTEMBER 29, 2019 THROUGH AND INCLUDING JULY 15, 2020

| Attorneys | | | | | |
|---|---|---|---|---|---|
| **Timekeeper** | **Position** | **Description** | **Rates** | **Hours** | **Amounts** |
| Neil B. Glassman | Director | Director since 1988.  Joined firm in 1986.  Member of DE Bar since 1982.  Areas of Expertise: Bankruptcy and Commercial Law. | $1,050.00 | 32.6 | $34,230.00 |
| Marla H. Norton | Director | Director since 1998.  Joined firm in 1987.  Member of DE Bar since 1987.  Area of Expertise: Corporate and Commercial Law. | $795.00 | 82.8 | $65,826.00 |
| Scott D. Cousins | Director | Director since 2014.  Joined firm in 2014.  Member of DE Bar since 1992.  Areas of Expertise: Bankruptcy and Commercial Law. | $750.00 | 6.3 | $4,725.00 |
| Peter B. Ladig | Director | Director since 2018.  Joined firm in 2018.  Member of DE Bar since 1996.  Areas of Expertise:  Litigation and Commercial Law. | $750.00 | 0.8 | $600.00 |
| GianClaudio Finizio | Director | Director since 2012.  Joined firm in 2002.  Member of DE Bar since 2002.  Area of Expertise:  Bankruptcy. | $575.00 | 13.8 | $7,935.00 |
| Jason C. Jowers | Director | Director since 2019.  Joined firm in 2019.  Member of DE Bar since 2005.  Area of Expertise: Litigation. | $675.00 | 13.6 | $9,180.00 |
| Justin R. Alberto | Director | Director from 2016–2020.  Joined firm in 2008.  Member of DE Bar since 2008.  Areas of Expertise:  Bankruptcy and Litigation. | $262.50 $525.00 $625.00 | 1.0 377.1 87.8 | $262.50 $197,977.50 $54,875.00 |
| Erin R. Fay | Director | Director since 2019.  Joined firm in 2017.  Member of DE and WI Bars since 2009.  Areas of Expertise:  Bankruptcy and Litigation. | $500.00 $575.00 | 83.9 35.6 | $41,950.00 $20,470.00 |
| Daniel N. Brogan | Associate | Associate since 2018.  Member of DE Bar since 2012.  Area of Expertise: Bankruptcy. | $225.00 $450.00 $500.00 | 5.5 139.1 25.5 | $1,237.50 $62,595.00 $12,750.00 |
| Gregory J. Flasser | Associate | Associate since 2016. Member of DE Bar since 2015. Area of Expertise:  Bankruptcy. | $375.00 $425.00 | 83.00 66.6 | $31,125.00 $28,305.00 |
| Sophie E. Macon | Associate | Associate since 2018.  Joined firm in 2017.  Member of DE Bar since 2018.  Area of Expertise: Bankruptcy. | $350.00 $400.00 | 80.2 258.4 | $28,070.00 $103,360.00 |
| Scott D. Jones | Associate | Associate since 2019.  Member of DE Bar since 2019.  Area of Expertise: Bankruptcy | $315.00 $350.00 | 44.3 230.8 | $13,954.50 $80,780.00 |

| | | | | | |
|---|---|---|---|---|---|
| Sarah T. Andrade | Associate | Associate since 2019. Member of DE Bar since 2015. Area of Expertise: Litigation. | $425.00 | 18.4 118.9 | $7,452.00 $50,532.50 |
| Megan M. McGovern | Associate | Associate since 2016. Member of DE Bar since 2015. Member of PA Bar since 2016. Areas of Expertise: Litigation and Family Law. | $315.00 $350.00 | 6.7 21.0 | $2,110.50 $7,350.00 |
| Emily A. Letcher | Associate | Associate since 2019. Member of DE Bar since 2018. Area of Expertise: Litigation. | $350.00 $365.00 | 37.9 97.3 | $13,265.00 $35,514.50 |
| David Miller-Myers | Associate | Associate since 2018. Area of Expertise: Litigation/Electronic Discovery. | $315.00 $325.00 | 68.1 263.8 | $21,451.50 $85,735.00 |
| Shawna Riley | Associate | Associate from 2019-2020. Area of Expertise: Corporate and Commercial Law. | $315.00 $325.00 | 86.6 107.0 | $27,279.00 $34,775.00 |
| Alessandra Mungioli | Law Clerk | Joined firm in 2019. Area of Expertise: Litigation. | $315.00 $325.00 | 32.6 69.7 | $10,269.00 $22,652.50 |
| Gabriel B. Ragsdale | Law Clerk | Joined firm in 2019. Area of Expertise: Litigation. | $315.00 $325.00 | 62.0 119.3 | $19,530.00 $38,772.50 |
| | | | **Totals** | **2,778.0** | **$1,176,897.00** |
| | | | **Blended Attorney Rate** | | **$423.65** |

| Paraprofessionals | | | | | |
|---|---|---|---|---|---|
| **Timekeeper** | **Position** | **Description** | **Rate** | **Hours** | **Amount** |
| Erin Hendry | Paralegal | Paralegal from 2018-2020. Area of Expertise: Bankruptcy. | $265.00 | 8.4 | $2,226.00 |
| Larry Morton | Paralegal | Paralegal from 2010-2020. Area of Expertise: Bankruptcy. | $295.00 | 7.9 | $2,330.50 |
| Kristin McCloskey | Paralegal | Paralegal. Joined firm in 2020. Area of Expertise: Bankruptcy. | $295.00 | 3.8 | $1,121.00 |
| | | | **Totals** | **20.1** | **$5,677.50** |
| | | | **Blended Rate for All Timekeepers** | | **$422.63** |

## TOTAL FEES FOR THE COMPENSATION PERIOD

| Professionals | Blended Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|
| Directors | $595.72 | 735.3 | $438,031.00 |
| Associates/Law Clerks | $361.71 | 2,042.7 | $738,866.00 |
| Paraprofessionals | $282.46 | 20.1 | $5,677.50 |
| **Blended Attorney Rate** | **$423.65** | | |
| **Blended Rate for All Timekeepers** | **$422.63** | | |
| **Totals** | | **2,798.1** | **$1,182,574.50** |

## COMPENSATION BY PROJECT CATEGORY
### SEPTEMBER 29, 2019 THROUGH AND INCLUDING JULY 15, 2020

| Project Category | Hours | Amount |
|---|---|---|
| Adversary Proceedings | 1,709.3 | $670,060.50 |
| Business Operations | 39.6 | $17,445.00 |
| Case Administration | 84.3 | $33,949.50 |
| Hearings and Court Matters/Court Preparation | 90.5 | $43,373.00 |
| Customer, Supplier, and Vendor Issues | 133.5 | $51,845.50 |
| Retention of Professionals | 118.7 | $55,581.50 |
| Labor Issues/Employee Benefits | 112.6 | $54,630.00 |
| Executory Contracts/Lease Issues | 9.8 | $4,985.00 |
| Bayard Fee Application | 73.7 | $31,838.00 |
| Analysis of Other Professionals Fee Applications/Report | 12.6 | $6,010.00 |
| Financial Reports and Analysis | 0.4 | $200.00 |
| Intercompany Claims/Intercompany Transactions/Cash Management | 6.9 | $2,927.50 |
| Insurance Issues | 14.5 | $7,245.00 |
| General Corporate Matters | 78.0 | $42,657.50 |
| Automatic Stay Issues | 1.3 | $732.50 |
| Travel Time | 6.5 | $1,500.00 |
| Interaction/Review of Other Opioid Companies and Cases | 13.9 | $7,270.00 |
| General Claims Analysis/Claims Objections | 108.4 | $56,325.00 |
| Plan | 0.4 | $250.00 |
| Analysis of Prepetition Transactions | 0.4 | $150.00 |
| Asset Disposition/363 Asset Sales/Bidding Procedures | 0.1 | $50.00 |
| Creditors Committee Matters/ Meetings | 174.7 | $90,126.50 |
| Review/Preparation of Schedules, Statements | 2.4 | $1,155.00 |
| Tax Issues | 5.6 | $2,267.50 |
| **Totals** | **2,798.1** | **$1,182,574.50** |

**EXPENSE SUMMARY**
**SEPTEMBER 29, 2019 THROUGH AND INCLUDING JULY 15, 2020**

| Expense Category | Amount |
|---|---|
| Pacer Document Downloads | $299.10 |
| Print Images | $2,262.50 |
| Color Print Images | $592.00 |
| Copies | $45.80 |
| Services | $298.25 |
| Computer Research | $2,083.65 |
| Travel Costs | $2,454.01 |
| Meals/Meetings | $34.07 |
| CourtCall Charges | $235.00 |
| **Totals** | **$8,304.38** |

x

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| PURDUE PHARMA L.P., *et al.*, | : | Case No. 19-23649 (RDD) |
|  | : |  |
| Debtors.[1] | : | (Jointly Administered) |
|  | : |  |

---

### FINAL FEE APPLICATION OF BAYARD, P.A. FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD FROM SEPTEMBER 29, 2019 THROUGH AND INCLUDING JULY 15, 2020

Bayard, P.A. ("Bayard"), former counsel to the Official Committee of Unsecured Creditors (the "Committee") of Purdue Pharma, L.P. and its affiliated debtors and debtors in possession (collectively, the "Debtors"), hereby submits its final application (the "Application"), pursuant to sections 330(a) and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules"), requesting final allowance of compensation for services rendered to the Committee for the period of September 29, 2019 through and including July 15, 2020 (the "Compensation Period") and for

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

reimbursement of expenses incurred in connection therewith.[2]  In support of this Application,

Bayard submits the declaration of Erin R. Fay, a director at Bayard (the "Fay Declaration"), which

is attached hereto as **Exhibit A** and incorporated by reference into this Application.  In further

support of this Application, Bayard respectfully states as follows.

## INTRODUCTION

1.      By this Application, Bayard seeks: (i) final allowance of compensation for the

professional services rendered by Bayard during the Compensation Period in the amount of

$1,182,574.50 representing 2,778.0 hours of professional services and 20.1 hours of

paraprofessional services; and (ii) reimbursement of actual and necessary expenses incurred by

Bayard during the Compensation Period in the amount of $8,304.38.

2.      This Application has been prepared in accordance with the applicable provisions of

the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the *Order Establishing*

*Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals*,

dated November 21, 2019 [D.I. 529] (the "Interim Compensation Order"), the Amended

Guidelines for Fees and Disbursements for Professionals in the Southern District of New York

(June 17, 2013) promulgated pursuant to Local Bankruptcy Rule 2016-1(a) (the "Local

Guidelines"), and the United States Trustee's *Guidelines for Reviewing Applications for*

*Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 for Attorneys in*

*Larger Chapter 11 Cases*, 78 Fed. Reg. 36248, effective as of November 1, 2013 (the "U.S. Trustee

Guidelines" and, together with the Local Guidelines, the "Fee Guidelines").

---

[2] On February 24, 2020, Cole Schotz P.C. replaced Bayard as efficiency counsel to the Official Committee of
Unsecured Creditors.  All time and expenses incurred by Bayard following such time have related to the fee application
process.

3.      The Co-Chairs (as defined below) of the Committee have been given the opportunity to review this Application and have approved the compensation and reimbursement of expenses requested herein.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334. Approval of this Application is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

5.      Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6.      The statutory bases for the relief requested herein are Bankruptcy Code sections 330 and 331, Bankruptcy Rule 2016, and Local Bankruptcy Rule 2016-1.

## BACKGROUND

A.      **The Debtors' Chapter 11 Cases**

7.      On September 15, 2019 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  The Debtors' chapter 11 cases (the "Chapter 11 Cases") are jointly administered for procedural purposes only.  No trustee or examiner has been appointed in the Chapter 11 Cases.

8.      On September 26, 2019 (the "Formation Date"), the Office of the United States Trustee for Region 2 (the "U.S. Trustee") appointed the Committee pursuant to Bankruptcy Code section 1102(a).  *See Notice of Appointment of Official Committee of Unsecured Creditors*, dated September 27, 2019 [D.I. 131].  The Committee is currently comprised of nine members and two

*ex officio* members.[3]  Blue Cross and Blue Shield Association and Ryan Hampton serve as co-chairs of the Committee (the "Co-Chairs").

**B.    Retention of Bayard**

9.    Following the Formation Date, the Committee selected Bayard as efficiency counsel.  On November 5, 2019, the Committee filed the *Application of the Official Committee of Unsecured Creditors for Entry of an Order Authorizing Retention and Employment of Bayard, P.A. as Efficiency Counsel to the Official Committee of Unsecured Creditors, Nunc Pro Tunc to September 29, 2019*, dated November 5, 2019 [D.I. 422] (the "Bayard Retention Application"), which application was granted by an order of this Court dated November 21, 2019 [D.I. 523] (the "Bayard Retention Order").[4]

10.    The Bayard Retention Order authorizes the Committee to retain and employ Bayard as its efficiency counsel in the Chapter 11 Cases in accordance with Bayard's normal hourly rates and disbursement policies, *nunc pro tunc* to September 29, 2019, all as contemplated by the Bayard Retention Application.  The Bayard Retention Order further authorizes Bayard to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.[5]

---

[3] The Committee comprises the following members:  (i) Blue Cross and Blue Shield Association; (ii) CVS Caremark Part D Services L.L.C. and CaremarkPCS Health L.L.C.; (iii) Cheryl Juaire; (iv) Kara Trainor; (v) LTS Lohmann Therapy Systems Corporation; (vi) Pension Benefit Guaranty Corporation; (vii) Ryan Hampton; (viii) Walter Lee Salmons; and (ix) West Boca Medical Center, plus two *ex officio* members, Cameron County, Texas on behalf of the Multi-State Governmental Entities Group and the Cheyenne and Arapaho Tribes, on behalf of certain Native American Tribes and Native American-affiliated creditors.

[4] On the Formation Date, the Committee selected Akin Gump Strauss Hauer & Feld LLP ("Akin Gump") to serve as its counsel.  Following the Formation Date, the Committee selected Province, Inc. ("Province") to serve as its financial advisor, Jefferies LLC ("Jefferies") to serve as its investment banker and Kurtzman Carson Consultants LLC ("KCC") to serve as its information agent on September 29, 2019, October 1, 2019 and October 4, 2019 and November 1, 2019, respectively.  Orders authorizing the retention of Akin Gump [D.I. 522], Province [D.I. 524], Jefferies [D.I. 526] and KCC [D.I. 527] were entered on November 21, 2019.

[5] As disclosed in the *Notice of Change of Firm and Substitution of Counsel*, dated March 6, 2020 [D.I. 900], on February 24, 2020, the Committee engaged Cole Schotz P.C. as substitution counsel for Bayard.

C.    **Monthly Fee Statements**

11.    On January 10, 2020, Bayard filed and served the *First Monthly Fee Application of Bayard, P.A. for Compensation for Services Rendered and Reimbursement of Expenses as Co-Counsel to the Official Committee of Unsecured Creditors for the Period from September 29, 2019 Through October 31, 2019*, dated January 10, 2020 [D.I. 738] (the "First Monthly Fee Statement"),[6] pursuant to which Bayard sought payment of (i) $143,104.40 (80% of $178,880.50) as compensation for professional services rendered and (ii) $2,642.85 for reimbursement of expenses.  Bayard did not receive any objections to its First Monthly Fee Statement and received payment in respect thereof on February 13, 2020.

12.    On February 7, 2020, Bayard filed and served the *Second Monthly Fee Application of Bayard, P.A. for Compensation for Services Rendered and Reimbursement of Expenses as Co-Counsel to the Official Committee of Unsecured Creditors for the Period from November 1, 2019 Through November 30, 2019*, dated February 7, 2020 [D.I. 813] (the "Second Monthly Fee Statement"),[7] pursuant to which Bayard sought payment of (i) $114,761.20 (80% of $143,451.50) as compensation for professional services rendered and (ii) $247.53 for reimbursement of expenses incurred.  Bayard did not receive any objections to the Second Monthly Fee Statement and received payment in respect thereof on March 2, 2020.

13.    On March 16, 2020, Bayard filed and served the *Third Monthly Fee Application of Bayard, P.A. for Compensation for Services Rendered and Reimbursement of Expenses as Co-Counsel to the Official Committee of Unsecured Creditors for the Period from December 1, 2019*

---

[6] A copy of the First Monthly Fee Statement can be accessed on the docket or on the Debtors' case website at: https://restructuring.primeclerk.com/purduepharma/Home-DownloadPDF?id1=MzIzMjY4&id2=0.

[7] A copy of the Second Monthly Fee Statement can be accessed on the docket or on the Debtors' case website at: https://restructuring.primeclerk.com/purduepharma/Home-DownloadPDF?id1=MzI4MTk2&id2=0.

*Through January 1, 2020* [D.I. 931] (the "Third Monthly Fee Statement"),[8] pursuant to which Bayard sought payment of (i) $502,583.20 (80% of $628,229.00) as compensation for professional services rendered and (ii) $4,824.96 for reimbursement of expenses incurred.  Bayard did not receive any objections to the Third Monthly Fee Statement and received payment in respect thereof on May 12, 2020.

14.    On July 14, 2020, Bayard filed and served the *Fourth Monthly Fee Application of Bayard, P.A. for Compensation for Services Rendered and Reimbursement of Expenses as Co-Counsel to the Official Committee of Unsecured Creditors for the Period from February 1, 2020 Through May 31, 2020*, dated July 14, 2020 [D.I. 1383] (the "Fourth Monthly Fee Statement"),[9] pursuant to which Bayard sought payment of (i) $180,470.80 (80% of $225,588.50) as compensation for professional services rendered and (ii) $578.94 for reimbursement of expenses incurred.  As of the filing of this Application, Bayard has not received any objections to the Fourth Monthly Fee Statement.

15.    On November 11, 2020, Bayard filed and served the *Fifth Monthly Fee Application of Bayard, P.A. for Compensation for Services Rendered and Reimbursement of Expenses as Co-Counsel to the Official Committee of Unsecured Creditors for the Period from June 1, 2020 Through July 15, 2020*, dated November 11, 2020 [D.I. 1925] (the "Fifth Monthly Fee Statement"),[10] pursuant to which Bayard sought payment of (i) $5,148.08 (80% of $6,435.10) as compensation for professional services rendered and (ii) $10.10 for reimbursement of expenses

---

[8] A copy of the Third Monthly Fee Statement can be accessed on the docket or on the Debtors' case website at: https://restructuring.primeclerk.com/purduepharma/Home-DownloadPDF?id1=MzM4NTA2&id2=0.

[9] A copy of the Fourth Monthly Fee Statement can be accessed on the docket or on the Debtors' case website at: https://restructuring.primeclerk.com/purduepharma/Home-DownloadPDF?id1=NDc1OTk4&id2=0.

[10] A copy of the Fifth Monthly Fee Statement can be accessed on the docket or on the Debtors' case website at: https://restructuring.primeclerk.com/purduepharma/Home-DownloadPDF?id1=MTExNDU0NA==&id2=0.

incurred.  As of the filing of this Application, Bayard has not received any objections to the Fifth

Monthly Fee Statement.

**D.      Interim Fee Applications**

16.      On March 16, 2020, Bayard filed and served the *First Interim Fee Application of

*Bayard, P.A. for Compensation for Services Rendered and Reimbursement of Expenses as Co-*

*Counsel to the Official Committee of Unsecured Creditors for the Period from September 29, 2019*

*Through and Including January 31, 2020* [D.I. 942] (the "First Interim Fee Application"),[11]

pursuant to which Bayard sought payment of (i) $950,561.00 as compensation for professional

services rendered and (ii) $7,715.34 for reimbursement of expenses incurred.  Bayard received no

formal objections to the First Interim Fee Application.  On June 8, 2020, Bayard received the *Fee*

*Examiner's Interim Report on the First Interim Fee Application of Bayard, P.A., Co-Counsel to*

*the Official Committee of Unsecured Creditors* (the "Fee Examiner Report") from the fee examiner

appointed in these cases (the "Fee Examiner").  For efficiency, Bayard and the Fee Examiner

agreed to hold such report in abeyance and address all issues in connection with this final

Application.

**SUMMARY OF PROFESSIONAL COMPENSATION
AND REIMBURSEMENT OF EXPENSES REQUESTED**

17.      By this Application, Bayard requests allowance of final compensation for

professional services rendered to the Committee during the Compensation Period in the amount of

$1,182,574.50 and expense reimbursements of $8,304.38.  During the Compensation Period,

---

[11] A copy of the First Interim Fee Application can be accessed on the docket or on the Debtors' case website at:
https://restructuring.primeclerk.com/purduepharma/Home-DownloadPDF?id1=MzM4NzY1&id2=0.

Bayard professionals and paraprofessionals expended a total of 2,798.1 hours for which compensation is sought.

18.     The fees charged by Bayard in the Chapter 11 Cases are billed in accordance with Bayard's existing billing rates and procedures in effect during the Compensation Period.  The rates Bayard charges for the services rendered by its professionals and paraprofessionals in the Chapter 11 Cases are the same rates Bayard charges for professional and paraprofessional services rendered in comparable non-bankruptcy related matters.  Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable non-bankruptcy cases in a competitive national legal market.  The disclosures required by the U.S. Trustee Guidelines regarding the customary and comparable compensation are annexed hereto as **Exhibit B**.

19.     Bayard maintains computerized records of the time spent by all Bayard professionals and paraprofessionals in connection with its representation of the Committee in the Chapter 11 Cases.  A summary of compensation by timekeeper is attached hereto in **Exhibit C**, and a summary of fees by task code is attached hereto in **Exhibit D**.  The itemized time records for Bayard professionals and paraprofessionals performing services for the Committee during the Compensation Period have been filed and served in the Monthly Fee Statements in accordance with the Interim Compensation Order.

20.     Bayard also maintains records of all actual and necessary out-of-pocket expenses incurred in connection with the rendition of its professional services.  A summary of the categories of expenses and amounts for which reimbursement is requested by this Application is attached hereto as **Exhibit E**.

21.     Bayard's staffing plan for the Compensation Period is attached hereto as **Exhibit F**.

## SUMMARY OF SERVICES PERFORMED BY
## <u>BAYARD DURING THE COMPENSATION PERIOD</u>

22.     The services provided by Bayard during the Compensation Period were actual and necessary for the administration of the Chapter 11 Cases, performed at the request of the Committee and commensurate with the complexity and significance of the matter.  Moreover, the variety and complexity of the issues in the Chapter 11 Cases and the need to act or respond to such issues on an expedited basis in furtherance of the Committee's needs and the interests of the Debtors' unsecured creditors required the expenditure of significant time by Bayard professionals and paraprofessionals from numerous legal disciplines during the Compensation Period.

23.     The following is a summary of the professional services rendered by Bayard during the Compensation Period.  This summary is organized in accordance with Bayard's internal system of task codes established at the outset of the Chapter 11 Cases based on the Fee Guidelines.  In classifying services into task codes, Bayard attempted to place the services performed in the category that most closely related to the services provided.  The below does not include summaries for certain task codes for which a *de minimis* amount of time was billed during the Compensation Period.

24.     Moreover, the following summary of services rendered during the Compensation Period is not intended to be a detailed description of the work performed.  Rather, it merely is an attempt to highlight certain of those areas in which services were rendered to the Committee, as well as to identify some of the matters and issues that Bayard was required to address during the Compensation Period.

## A.    Adversary Proceedings (AP)

| Total Hours | Fees |
|---|---|
| 1,709.3 | $670,060.50 |

25.    This category includes time spent by Bayard professionals evaluating potential estate causes of action, including those against the Debtors' shareholders and affiliated entities, arising from prepetition transfers of value from the Debtors to other entities in their ownership structure.  Conducting legal analysis, factual investigation, and reviewing voluminous documents produced by the Debtors in connection with the foregoing required significant effort on the part of Bayard professionals during the Compensation Period.  More specifically, Bayard professionals spent a significant amount of time assisting Akin Gump with the review of the over 8 million documents the Committee received from the Debtors' productions in the multidistrict litigation pending in the United States District Court for the Northern District of Ohio.

26.    This category also includes time spent by Bayard professionals conducting research regarding the Debtors' fiduciary duties with respect to the assignment of certain limited partnerships.  In connection therewith, Bayard professionals prepared, reviewed, and revised memoranda regarding the Debtors' fiduciary duties and the fiduciary duties of the Debtors' former owners, directors, and officers and potential causes of action against such parties, including but not limited to actions arising arising in connection with breaches of such fiduciary duties.

## B.    Business Operations (BO)

| Total Hours | Fees |
|---|---|
| 39.6 | $17,445.00 |

27.    This category includes work performed by Bayard professionals with respect to ongoing review and analysis of the Debtors' business operations and performance, including the

Debtors' business plan.  During the Compensation Period, Bayard professionals reviewed, analyzed, and corresponded about various issues related to the Debtors' businesses.

**C.    Case Administration (CA)**

| Total Hours | Fees |
|---|---|
| 84.3 | $33,949.50 |

28.    This category includes time spent by Bayard professionals and paraprofessionals performing various general administrative tasks necessary to the Committee's involvement in the Chapter 11 Cases, including among other things: (i) monitoring the docket for these Chapter 11 Cases to track filings and to remain apprised of critical dates; (ii) reviewing and analyzing pleadings and other documents filed by the Debtors and other parties in interest; (iii) communicating with the members of the Committee, the Debtors' advisors and other parties in interest regarding general case administration and related matters; and (iv) performing other necessary general administrative tasks.

**D.    Hearings and Court Matters/Court Preparation (CH)**

| Total Hours | Fees |
|---|---|
| 90.5 | $43,373.00 |

29.    This category includes time spent by Bayard professionals and paraprofessionals in connection with the court hearings and status conferences held during the Compensation Period. Bayard professionals attended in person and/or telephonically hearings held before the Court during the course of Bayard's retention as co-counsel to the Committee.  In preparing for such hearings, Bayard professionals and paraprofessionals, together with the Committee's other advisors, reviewed, analyzed, and corresponded about issues, motions, and applications filed with the Court, including objections and responses thereto.

11

E.    **Customer, Supplier, and Vendor Issues (CV)**

| Total Hours | Fees |
|---|---|
| 133.5 | $51,845.50 |

30.    This category includes time spent by Bayard professionals in connection with various customer, supplier, and vendor issues, including with respect to the procedures approved by the Court under the *Final Order Authorizing (I) Payment of Certain Prepetition Claims of Critical Vendors and (II) Financial Institutions to Honor and Process Related Checks and Transfers* [D.I. 312] (the "Critical Vendor Order").    Specifically, Bayard professionals, in coordination with the Committee's other advisors, analyzed the terms of many critical trade agreements to ensure that the Debtors and vendors were in compliance with the Critical Vendor Order.

F.    **Retention of Professionals (EA)**

| Total Hours | Fees |
|---|---|
| 118.7 | $55,581.50 |

31.    This category includes time spent by Bayard professionals in connection with various professional retention matters including, among other things: (i) preparing the Bayard Retention Application; and (ii) analyzing and summarizing certain applications to retain other advisors to the Debtors pursuant to Bankruptcy Code section 327(e).    This category also includes time spent by Bayard analyzing and otherwise addressing issues related to the Debtors' retention and payment of professionals in the ordinary course of business.

32.    In addition, in the interest of minimizing the expenses of the Chapter 11 Cases, the Committee proposed that the Committee and the Debtors jointly retain and employ KPMG LLP ("KPMG") to serve as tax consultants.    As such, this category includes time spent by Bayard

professionals preparing KPMG's retention application and corresponding with KPMG and the Debtors regarding the same.

### G.    Labor Issues/Employee Benefits (EB)

| Total Hours | Fees |
|---|---|
| 112.6 | $54,630.00 |

33.     This category includes time spent by Bayard professionals in connection with labor and employee benefit issues that have arisen in the Chapter 11 Cases.  Bayard professionals, in conjunction with the Committee's other advisors, conducted extensive diligence of the Debtors' proposed employee incentive programs and reviewed, analyzed, and corresponded about various issues arising in connection therewith.

### H.    Bayard Fee Application/Monthly Bill Reports (F1)

| Total Hours | Fees |
|---|---|
| 73.7 | $31,838.00 |

34.     This category includes time spent by Bayard professionals and paraprofessionals in connection with the preparation of Bayard's monthly and interim fee applications.  To minimize costs in connection with this time-intensive process, Bayard relied on paraprofessionals to assist with the preparation of fee applications where reasonably practicable.

### I.    General Corporate Matters (MA)

| Total Hours | Fees |
|---|---|
| 78.0 | $42,657.50 |

35.     This category includes time spent by Bayard professionals in connection with general corporate diligence matters.  Specifically, during the Compensation Period, Bayard assisted Akin Gump in conducting general corporate diligence regarding the Debtors' businesses and analyzing various aspects of the Debtors' corporate forms and related agreements.  Bayard

13

expended significant time conducting research regarding legal issues related to the Debtors'
corporate structure, corresponding with Akin Gump regarding the same, and preparing memoranda
summarizing its findings and conclusions regarding the same.

### J.   Interaction/Review of Other Opioid Companies and Cases (OR)

| Total Hours | Fees |
|---|---|
| 13.9 | $7,270.00 |

36.     This category includes time spent by Bayard professionals reviewing and analyzing
reports, articles, and academic publications regarding developments in opioid-related litigation
pending or anticipated to be filed, both against the Debtors and similarly situated entities, in state
and federal courts throughout the United States.  Staying current on developments related to the
opioid crisis and related litigation allowed Bayard to assess the potential impact of such matters
on the various parties in interest in these Chapter 11 Cases.

### K.  General Claims Analysis/Claim Objections (PC)

| Total Hours | Fees |
|---|---|
| 108.4 | $56,325.00 |

37.     This category includes time spent by Bayard professionals in connection with the
*Debtors' Motion for Entry of an Order (I) Establishing Deadlines for Filing Proofs of Claim and
Procedures Related Thereto, (II) Approving the Proof of Claim Forms, and (III) Approving the
Form and Manner of Notice Thereof*, dated January 3, 2020 (the "Bar Date Motion").  Specifically,
Bayard, along with the Committee's other advisors, worked to ensure that the Debtors' proof of
claim forms were easy to understand and accessible to creditors and that the Debtors' noticing
strategy was sufficient.  To assist with this goal, the Committee established a subcommittee to
exclusively analyze bar date and noticing issues (the "Bar Date Subcommittee").  During the
Compensation Period, Bayard attorneys met telephonically with the Bar Date Subcommittee on

14

numerous occasions to discuss various issues including the proof of claim forms, the Debtors' notice strategy, and the length of time before the bar date.

### L. Creditors Committee Matters/Meetings (SC)

| Total Hours | Fees |
|:---:|:---:|
| 174.7 | $90,126.50 |

38.     This category includes time spent by Bayard professionals: (i) preparing for and participating in meetings and conference calls with the Committee as a whole or with individual members of the Committee, including bi-weekly conference calls with the full Committee; (ii) communicating with the Committee's other advisors on a day-to-day basis regarding pending matters and case strategy; (iii) attending meetings on behalf of the Committee; (iv) responding to inquiries from individual unsecured creditors; and (v) attending to other general Committee matters.

### ACTUAL AND NECESSARY DISBURSEMENTS

39.     Bayard seeks allowance of reimbursement in the amount of $8,304.38 for expenses incurred during the Compensation Period in the course of providing professional services to the Committee.  Bayard's disbursement policies pass through all out of pocket expenses at actual cost or an estimated actual cost when the actual cost is difficult to determine.  For example, as it relates to computerized research, Bayard believes that it does not make a profit on that service as a whole although the cost of any particular search is difficult to ascertain.  Other reimbursable expenses (whether the service is performed by Bayard in-house or through a third-party vendor) include, but are not limited to, research costs, overtime meals, deliveries, court costs, transcript fees, and travel costs.

## FACTORS TO BE CONSIDERED IN AWARDING ATTORNEYS' FEES

40.    Bankruptcy Code section 330 provides, in relevant part, that the Court may award

to a professional person "reasonable compensation for actual, necessary services rendered[.]" *See*

11 U.S.C. § 330(a)(1).  In turn, Bankruptcy Code section 330 provides as follows:

> In determining the amount of reasonable compensation to be awarded, the
> court shall consider the nature, the extent, and the value of such services,
> taking into account all relevant factors, including –
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of,
>     or beneficial at the time at which the service was rendered
>     toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable
>     amount of time commensurate with the complexity,
>     importance, and nature of the problem, issue, or task
>     addressed; and
>
> (E) with respect to a professional person, whether the person is
>     board certified or otherwise has demonstrated skill and
>     experience in the bankruptcy field; and
>
> (F) whether the compensation is reasonably based on the
>     customary compensation charged by comparably skilled
>     practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

41.    The clear congressional intent and policy expressed in Bankruptcy Code section

330 is to provide for adequate compensation in order to continue to attract qualified and competent

bankruptcy practitioners to bankruptcy cases.  *In re Drexel Burnham Lambert Grp., Inc.*, 133 B.R.

13, 20 (Bankr. S.D.N.Y. 1991) ("Congress' objective in requiring that the market, not the Court,

establish attorneys' rates was to ensure that bankruptcy cases were staffed by appropriate legal

specialists."); *see also In re Busy Beaver Bldg. Ctrs., Inc.*, 19 F.3d 833, 850 (3d. Cir. 1994)

("Congress rather clearly intended to provide sufficient economic incentive to lure competent bankruptcy specialists to practice in the bankruptcy courts.") (citations and internal quotation marks omitted).

42.    In assessing the "reasonableness" of the fees requested, the Second Circuit has stated that courts should consider the factors enumerated in *Johnson v. Ga. Highway Express, Inc.*, while also incorporating the "lodestar method." *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany and Albany County Bd. of Elections,* 522 F.3d 182, 190 (2d Cir. 2007) (citing *Johnson v. Ga. Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974), *abrogated on other grounds by Blanchard v. Bergeron,* 489 U.S. 87, 92–93, 96 (1989)). The "lodestar method" of calculating the reasonable fee contemplates "the number of hours reasonably expended . . . multiplied by a reasonable hourly rate." *See Hensley v. Eckerhart et al.*, 461 U.S. 424, 433 (1983); *Gisbrecht v. Barnhart*, 535 U.S. 789, 801 (2002); *Perdue v. Kenny A*., 130 S.Ct. 1662, 1672 (2010); *In re Drexel Burnham Lambert Grp., Inc.* 133 B.R. 13 (Bankr. S.D. N.Y. 1991). The factors set forth in *Johnson* and *In re First Colonial Corp. of Am.*, 544 F.2d 1291, 1298–99 (5th Cir. 1977) have been adopted by most courts.[12] *See In re Nine Assocs., Inc.*, 76 B.R. 943, 945 (S.D.N.Y. 1987) (adopting *First Colonial/Johnson* analysis); *In re Cuisine Magazine, Inc.*, 61 B.R. 210, 212–13 (Bankr. S.D.N.Y 1986) (same); *Green v. City of New York*, 403 Fed. Appx. 626, 629 (2d Cir. 2010) (summary order); *see generally* 3 COLLIER ON BANKRUPTCY ¶ 330.03[9] (Lawrence P. King ed., 16th ed. 2016) (describing *First Colonial* and *Johnson* as the "leading cases to be considered in determining a reasonable allowance of compensation").

---

[12] The factors articulated by the Fifth Circuit in *First Colonial* were first articulated by the Fifth Circuit in *Johnson*, with the *First Colonial* court adding the factor of the "spirit of economy," which was later rejected by Congress. *See Stroock & Stroock & Lavan v. Hillsborough Holdings Corp. (In re Hillsborough Holdings Corp.)*, 127 F.3d 1398, 1403 (11th Cir. 1997).

43.    Bayard respectfully submits that a consideration of these factors should result in

the Court's allowance of the full compensation sought in this Application.

      a.  <u>Time and Labor Required</u>.  Bayard billed a total of 2778.0 hours of professional services and 20.1 hours of paraprofessional and other non-legal services during the Compensation Period.  As evidenced by this Application, Bayard professionals and paraprofessionals worked diligently and efficiently without unnecessary duplication of efforts throughout the Compensation Period.  This is especially clear when considering the nature and complexity of the issues that arose in the Chapter 11 Cases during the Compensation Period.  Bayard's representation of the Committee has required it to balance the need to provide quality services with the need to act quickly and represent the Committee in an effective, efficient and timely manner.  Bayard submits that the hours spent were reasonable given the size and complexity of the Chapter 11 Cases, the significant—and often urgent—legal and business issues raised and the numerous pleadings filed in the Chapter 11 Cases.

      b.  <u>Novelty and Difficulty of the Questions</u>.  Bayard tasked knowledgeable attorneys to research, analyze and provide advice on difficult and complex bankruptcy, litigation, tax, trusts and estates, insurance, and other issues.  As further described herein, Bayard's skilled teams assisted Akin Gump and the Committee in evaluating, among other things, bar date issues, corporate law issues, and the Debtors' proposed retention plans in connection with the Wages Motion.

      c.  <u>Skill Requisite to Perform the Legal Services Properly</u>.  Bayard believes that its recognized expertise in the area of corporate reorganization and its ability to draw from highly experienced professionals in other areas of Bayard's practice has contributed to the administration of the Chapter 11 Cases and benefited the Debtors and the Committee.  Due to the nature and complexity of the legal issues presented by the Chapter 11 Cases, Bayard was required to exhibit a high degree of legal skill in areas related to, *inter alia*, bankruptcy, litigation, and corporate matters.

      d.  <u>Preclusion of Other Employment by Applicant Due to Acceptance of the Case</u>.  Due to the size of Bayard's restructuring and litigation departments, Bayard's representation of the Committee did not preclude its acceptance of new clients, but the demands for immediate and substantive action in the Chapter 11 Cases imposed significant burdens on Bayard professionals and paraprofessionals working concurrently on other matters.

      e.  <u>Customary Fee</u>.  The rates Bayard charges for the services rendered by its professionals and paraprofessionals in the Chapter 11 Cases are the same rates

Bayard charges for professional and paraprofessional services rendered in comparable nonbankruptcy matters. Bayard's fee structure also is equivalent to the fee structure used by Bayard for restructuring, workout, bankruptcy, insolvency, and comparable matters, as well as similar complex corporate and litigation matters, whether in-court or otherwise, regardless of whether a fee application is required. The firm's customary hourly rates and rate structure reflect that restructuring and related matters typically involve great complexity, numerous tasks requiring a high level of expertise and severe time pressures, as is the case here. Bayard's rate structure is similar to the rate structure used by other, similar law firms that work on other, similar matters.

f.   <u>Whether the Fee Is Fixed or Contingent</u>. Pursuant to Bankruptcy Code sections 330 and 331, all fees sought by professionals employed under Bankruptcy Code section 1103 are contingent pending final approval by the Court and are subject to adjustment depending upon the services rendered and the results obtained. The contingency of full and actual compensation to Bayard increased the risk Bayard was assuming by representing the Committee in the Chapter 11 Cases.

g.   <u>Time Limitations Imposed by the Client or Other Circumstances</u>. As previously set forth herein, Bayard was required to attend to certain issues arising in the Chapter 11 Cases under compressed timelines. Bayard and the Committee's other advisors were faced with limited time in which to evaluate the Debtors' approach to these unprecedented Chapter 11 Cases. The tremendous efforts of Bayard professionals and paraprofessionals in completing this work permitted the Committee to address effectively various issues for the benefit of the Debtors' unsecured creditors.

h.   <u>Amount Involved and Results Obtained</u>. Bayard professionals and paraprofessionals worked diligently to assist Akin Gump to maximize value for the Debtors' estates and creditors. During the Compensation Period, and as described in the summary of services herein, Bayard was instrumental in preserving sources of recovery for the benefit of unsecured creditors. In particular, Bayard assisted Akin Gump with, among other things, critical trade analysis, bar date issues, analysis of various Delaware law issues, along with the  efforts to lay a foundation for consensual resolution of the intercreditor disputes in these cases, have been instrumental in preserving value for the benefit of all creditor constituencies. Bayard submits that the fees requested in this Application are reasonable and appropriate when considering the results obtained on behalf of unsecured creditors.

i.   <u>Experience, Reputation and Ability of Attorneys</u>. Bayard has an excellent reputation based upon its experienced and capable group of professionals. Indeed, Bayard was selected as efficiency counsel to the Committee due to the experience and expertise of its attorneys in the areas of bankruptcy law,

19

Delaware law, and other areas directly affecting these cases and the Committee. The primary Bayard attorneys that represented the Committee have years of experience and are well recognized as accomplished professionals in their field. Further, the primary attorneys providing services to the Committee are each highly educated, skilled, and accomplished professionals in their field.

j.   "Undesirability" of the Cases.  This factor is not applicable to the Chapter 11 Cases.

k.   Nature and Length of Professional Relationship.  Bayard has been rendering professional services to the Committee from the date it was selected as efficiency counsel to the Committee on September 29, 2019 through the date on which Bayard's representation of the Committee ended on or about February 25, 2020.

44.     For the reasons set forth above, the services rendered by Bayard were necessary and beneficial to the Committee and consistently performed in a timely manner.  The compensation sought in this Application is reasonable in light of the value of such services to the Committee and all unsecured creditors, Bayard's demonstrated skill and expertise in the bankruptcy field (as well as other areas of expertise relevant to the Chapter 11 Cases) and the customary compensation charged by comparably skilled practitioners at Bayard.  Accordingly, Bayard respectfully submits that the Court should approve the compensation for professional services and reimbursement of expenses sought herein.

45.     No agreement or understanding exists between Bayard and any other person for the sharing of any compensation to be received for professional services rendered or to be rendered in connection with the Chapter 11 Cases.  No prior application has been made in this Court or in any other court for the relief requested herein as it relates to the Compensation Period.

**ATTORNEY STATEMENT PURSUANT TO U.S. TRUSTEE GUIDELINES**

46.     The following is provided in response to the request for additional information set forth in ¶ C.5 of the U.S. Trustee Guidelines.

20

**Question**:     Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period? If so, please explain.

Response:      No.

**Question**:     If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client?

Response:      Not applicable.

**Question**:     Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case?

Response:      No.

**Question**:     Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.).  If so, please quantify by hours and fees.

Response:      No.

**Question**:     Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees.

Response:      No.

**Question**:     If the fee application includes any rate increases since retention: (i) Did your client review and approve those rate increases in advance?  (ii) Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11-458?

Response:      Bayard disclosed to the Committee the hourly rates charged at the time of its retention and the hourly rates to be charged beginning in January 2020 in the Bayard Retention Application, which the Committee agreed to.

## <u>RESERVATION OF RIGHTS</u>

To the extent that there are services rendered or expenses incurred that relate to the Compensation Period but were not processed prior to the preparation of the Application, Bayard reserves the right to request additional compensation for such services and reimbursement of such expenses through a supplement to this Final Fee Application.

## **CONCLUSION**

WHEREFORE, Bayard respectfully requests: (i) final allowance of compensation for professional services rendered during the Compensation Period in the amount of $1,182,574.50 and expense reimbursement in the amount of $8,304.38; (ii) the allowance of such compensation for professional services rendered and reimbursement of actual and necessary expenses incurred be without prejudice to Bayard's right to seek additional compensation for services performed and expenses incurred during the Compensation Period which were not processed at the time of the Application; and (iii) such other and further relief as the Court deems just, proper and equitable.

Dated:  November 16, 2020
       Wilmington, Delaware

**BAYARD, P.A.**

*/s/ Erin R. Fay*
Erin R. Fay (No. 5268)
Daniel N. Brogan (No. 5723)
Sophie E. Macon (No. 6562)
600 N. King Street, Suite 400
Wilmington, Delaware 19801
Telephone: (302) 655-5000
Facsimile: (302) 658-6395
E-mail:    efay@bayardlaw.com
          dbrogan@bayardlaw.com
          smacon@bayardlaw.com

*Former Co-Counsel to the Official Committee of Unsecured Creditors*

## **EXHIBIT A**

**CERTIFICATION OF ERIN R. FAY**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| PURDUE PHARMA L.P., *et al*., | : | Case No. 19-23649 (RDD) |
|  | : |  |
| Debtors.[1] | : | (Jointly Administered) |
| ---------------------------------------------------------------------------- | : |  |

**CERTIFICATION UNDER THE FEE GUIDELINES IN RESPECT OF THE
FINAL FEE APPLICATION OF BAYARD, P.A. FOR COMPENSATION FOR
SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS CO-COUNSEL
TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE
PERIOD FROM SEPTEMBER 29, 2019 THROUGH AND INCLUDING JULY 15, 2020**

I, Erin R. Fay, hereby certify that:

1.    I am a partner with Bayard,[2] with responsibility for the Chapter 11 Cases of the above captioned Debtors.  Bayard was retained and employed as efficiency counsel to the Official Committee of Unsecured Creditors of Purdue Pharma, L.P. and its affiliated debtors and debtors in possession (collectively, the "Debtors") during the Compensation Period.

2.    In accordance with the Fee Guidelines, this certification is made with respect to the Application, for final allowance of compensation and reimbursement of expenses incurred during the Compensation Period.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc.  (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014).  The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Capitalized terms used herein but otherwise not defined shall have the meanings ascribed to such terms in the Final Fee Application.

3.      Pursuant to section B.1 of the Local Guidelines, I certify that:

    a.      I have read the Application;

    b.      to the best of my knowledge, information and belief formed after reasonable inquiry, the fees and disbursements sought fall within the Fee Guidelines;

    c.      the fees and disbursements sought are billed at rates in accordance with those customarily charged by Bayard and generally accepted by Bayard's clients; and

    d.      in providing a reimbursable service, Bayard does not make a profit on that service, whether the service is performed by Bayard in-house or through a third party.

4.      Pursuant to section B.2 of the Local Guidelines and as required by the Interim Compensation Order, I certify that Bayard has complied with those provisions requiring it to provide the Debtors and the Committee with a statement of Bayard's fees and disbursements accrued during the previous month, although, due to administrative limitations, such statements were not always provided within the timeframe set forth in the Local Guidelines or the Interim Compensation Order.

5.      Pursuant to section B.3 of the Local Guidelines, I certify that the Debtors, the U.S. Trustee, and the members of the Committee are each being provided with a copy of the Application.

Dated: Wilmington, Delaware         By: */s/ Erin R. Fay*_____
      November 16, 2020              Erin R. Fay

## **EXHIBIT B**

### **CUSTOMARY AND COMPARABLE COMPENSATION DISCLOSURE**

Bayard has national practices in commercial bankruptcy, corporate litigation, intellectual property litigation, entity law and commercial transactions.  The hourly rates reflected in the Application are Bayard's standard hourly rates for engagements in those practice areas.  In addition, Bayard has a full service regional-based practice in areas including, among others, insurance law, and personal services such as familial and estate matters.  While Bayard charges its standard hourly rates in its regional practice areas, occasionally certain Bayard attorneys will agree to reduced rates for those representations.  Bayard also occasionally accepts representations with alternative fee structures, such as contingent, mixed-contingent, flat fee and blended-hourly.

| **Blended Hourly Rate Disclosures** |
|---|

| **Category of Timekeeper** | **Billed** In comparable practice areas for 2018[1] | **Billed** Firm-wide for 2018 (excluding bankruptcy matters) | **Billed** In comparable practice areas for 2019[2] | **Billed** Firm-wide for 2019 (excluding bankruptcy matters) | **Billed** This Application |
|---|---|---|---|---|---|
| Directors | $592.52 | $537.63 | $651.28 | $605.84 | $595.72 |
| Associates/Law Clerks | $362.22 | $342.82 | $398.81 | $383.77 | $361.71 |
| Paraprofessionals | $253.24 | $236.42 | $298.51 | $259.87 | $282.46 |
| Blended Rate | $475.04 | $430.12 | $503.75 | $466.61 | $422.63 |

[1] This column reflects the blended 2018 rates charged by the firm for complex corporate and litigation matters in the following practice areas: Business Advisory Services, Business Entities, Commercial Transactions, Commercial and Corporate Litigation, and Intellectual Property Litigation.

[2] This column reflects the blended 2019 rates charged by the firm for complex corporate and litigation matters in the following practice areas: Business Advisory Services, Business Entities, Commercial Transactions, Commercial and Corporate Litigation, and Intellectual Property Litigation.

## <u>EXHIBIT C</u>

## SUMMARY OF COMPENSATION BY TIMEKEEPER

| Attorneys | | | | | |
|---|---|---|---|---|---|
| **Timekeeper** | **Position** | **Description** | **Rates** | **Hours** | **Amounts** |
| Neil B. Glassman | Director | Director since 1988. Joined firm in 1986. Member of DE Bar since 1982. Areas of Expertise: Bankruptcy and Commercial Law. | $1,050.00 | 32.6 | $34,230.00 |
| Marla H. Norton | Director | Director since 1998. Joined firm in 1987. Member of DE Bar since 1987. Area of Expertise: Corporate and Commercial Law. | $795.00 | 82.8 | $65,826.00 |
| Scott D. Cousins | Director | Director since 2014. Joined firm in 2014. Member of DE Bar since 1992. Areas of Expertise: Bankruptcy and Commercial Law. | $750.00 | 6.3 | $4,725.00 |
| Peter B. Ladig | Director | Director since 2018. Joined firm in 2018. Member of DE Bar since 1996. Areas of Expertise: Litigation and Commercial Law. | $750.00 | 0.8 | $600.00 |
| GianClaudio Finizio | Director | Director since 2012. Joined firm in 2002. Member of DE Bar since 2002. Area of Expertise: Bankruptcy. | $575.00 | 13.8 | $7,935.00 |
| Jason C. Jowers | Director | Director since 2019. Joined firm in 2019. Member of DE Bar since 2005. Area of Expertise: Litigation. | $675.00 | 13.6 | $9,180.00 |
| Justin R. Alberto | Director | Director from 2016–2020. Joined firm in 2008. Member of DE Bar since 2008. Areas of Expertise: Bankruptcy and Litigation. | $262.50 $525.00 $625.00 | 1.0 377.1 87.8 | $262.50 $197,977.50 $54,875.00 |
| Erin R. Fay | Director | Director since 2019. Joined firm in 2017. Member of DE and WI Bars since 2009. Areas of Expertise: Bankruptcy and Litigation. | $500.00 $575.00 | 83.9 35.6 | $41,950.00 $20,470.00 |
| Daniel N. Brogan | Associate | Associate since 2018. Member of DE Bar since 2012. Area of Expertise: Bankruptcy. | $225.00 $450.00 $500.00 | 5.5 139.1 25.5 | $1,237.50 $62,595.00 $12,750.00 |
| Gregory J. Flasser | Associate | Associate since 2016. Member of DE Bar since 2015. Area of Expertise: Bankruptcy. | $375.00 $425.00 | 83.00 66.6 | $31,125.00 $28,305.00 |
| Sophie E. Macon | Associate | Associate since 2018. Joined firm in 2017. Member of DE Bar since 2018. Area of Expertise: Bankruptcy. | $350.00 $400.00 | 80.2 258.4 | $28,070.00 $103,360.00 |
| Scott D. Jones | Associate | Associate since 2019. Member of DE Bar since 2019. Area of Expertise: Bankruptcy | $315.00 $350.00 | 44.3 230.8 | $13,954.50 $80,780.00 |
| Sarah T. Andrade | Associate | Associate since 2019. Member of DE Bar since 2015. Area of Expertise: Litigation. | $425.00 | 18.4 118.9 | $7,452.00 $50,532.50 |

| Megan M. McGovern | Associate | Associate since 2016. Member of DE Bar since 2015. Member of PA Bar since 2016. Areas of Expertise: Litigation and Family Law. | $315.00 $350.00 | 6.7 21.0 | $2,110.50 $7,350.00 |
|---|---|---|---|---|---|
| Emily A. Letcher | Associate | Associate since 2019. Member of DE Bar since 2018. Area of Expertise: Litigation. | $350.00 $365.00 | 37.9 97.3 | $13,265.00 $35,514.50 |
| David Miller-Myers | Associate | Associate since 2018. Area of Expertise: Litigation/Electronic Discovery. | $315.00 $325.00 | 68.1 263.8 | $21,451.50 $85,735.00 |
| Shawna Riley | Associate | Associate from 2019-2020. Area of Expertise: Corporate and Commercial Law. | $315.00 $325.00 | 86.6 107.0 | $27,279.00 $34,775.00 |
| Alessandra Mungioli | Law Clerk | Joined firm in 2019. Area of Expertise: Litigation. | $315.00 $325.00 | 32.6 69.7 | $10,269.00 $22,652.50 |
| Gabriel B. Ragsdale | Law Clerk | Joined firm in 2019. Area of Expertise: Litigation. | $315.00 $325.00 | 62.0 119.3 | $19,530.00 $38,772.50 |
| | | | **Totals** | **2,778.0** | **$1,176,897.00** |
| | | | **Blended Attorney Rate** | | **$423.65** |

| Paraprofessionals | | | | | |
|---|---|---|---|---|---|
| **Timekeeper** | **Position** | **Description** | **Rate** | **Hours** | **Amount** |
| Erin Hendry | Paralegal | Paralegal from 2018-2020. Area of Expertise: Bankruptcy. | $265.00 | 8.4 | $2,226.00 |
| Larry Morton | Paralegal | Paralegal from 2010-2020. Area of Expertise: Bankruptcy. | $295.00 | 7.9 | $2,330.50 |
| Kristin McCloskey | Paralegal | Paralegal. Joined firm in 2020. Area of Expertise: Bankruptcy. | $295.00 | 3.8 | $1,121.00 |
| | | | **Totals** | **20.1** | **$5,677.50** |
| | | | **Blended Rate for All Timekeepers** | | **$422.63** |

## EXHIBIT D

## SUMMARY OF COMPENSATION BY TASK CODE AGAINST BUDGETED HOURS AND FEES

| Project Category | Estimated Hours | Actual Hours | Estimated Fees | Actual Fees |
|---|---|---|---|---|
| Adversary Proceedings | 1,500 – 2,000 | 1,709.3 | $675,000.00 –$900,000.00 | $670,060.50 |
| Business Operations | 25 – 50 | 39.6 | $11,250.00 – $22,500.0 | $17,445.00 |
| Case Administration | 50 – 100 | 84.3 | $22,500.00 – $45,000.00 | $33,949.50 |
| Hearings and Court Matters/Court Preparation | 50 – 100 | 90.5 | $22,500.00 – $45,000.00 | $43,373.00 |
| DIP, Cash Collateral Usage, Adequate Protection, and Exit Financing | 10 – 25 | 0.0 | $4,500.00 – $11,250.00 | $0.00 |
| Customer, Supplier, and Vendor Issues | 100 – 150 | 133.5 | $45,000.00 – $67,500.00 | $51,845.50 |
| Retention of Professionals | 75 – 100 | 118.7 | $33,750.00 - $45,000.00 | $55,581.50 |
| Labor Issues/Employee Benefits | 100 – 150 | 112.6 | $45,000.00 – $67,500.00 | $54,630.00 |
| Executory Contracts/Lease Issues | 10 – 25 | 9.8 | $4,500.00 – $11,250.00 | $4,985.00 |
| Environmental Issues | 0 – 0 | 0.0 | $0.00 | $0.00 |
| Exclusivity | 5 – 10 | 0.0 | $2,250.00 – $4,500.00 | $0.00 |
| Bayard Fee Application | 50 – 75 | 73.7 | $22,500.00 – $33,750.00 | $31,838.00 |
| Analysis of Other Professionals Fee Applications/Report | 15 – 20 | 12.6 | $6,750.00 – $9,000.00 | $6,010.00 |
| Financial Reports and Analysis | 5 – 10 | 0.4 | $2,250.00 – $4,500.00 | $200.00 |
| Intercompany Claims/Intercompany Transactions/Cash Management | 5 – 25 | 6.9 | $2,250.00 – $11,250.00 | $2,927.50 |
| Insurance Issues | 10 – 20 | 14.5 | $4,500.00 – $9,000.00 | $7,245.00 |
| Intellectual Property | 0 – 5 | 0.0 | $0.00 – $2,250.00 | $0.00 |
| Real Estate Issues | 0 – 5 | 0.0 | $0.00 – $2,250.00 | $0.00 |
| General Corporate Matters | 50 – 100 | 78.0 | $22,500.00 – $45,000.00 | $42,657.50 |
| Automatic Stay Issues | 5 – 10 | 1.3 | $2,250.00 – $4,500.00 | $732.50 |
| Travel Time | 5 – 10 | 6.5 | $2,250.00 – $4,500.00 | $1,500.00 |

| | | | | |
|---|---|---|---|---|
| Interaction/Review of Other Opioid Companies and Cases | 15 – 25 | 13.9 | $6,750.00 – $11,250.00 | $7,270.00 |
| General Claims Analysis/Claims Objections | 100 – 125 | 108.4 | $45,000.00 – $56,250.00 | $56,325.00 |
| Analysis of Prepetition Transactions | 5 – 10 | 0.4 | $2,250.00 – $4,500.00 | $150.00 |
| Disclosure Statement/Solicitation/Plan/Confirmation | 5 – 10 | 0.4 | $2,250.00 – $4,500.00 | $0.00 |
| Asset Disposition/363 Asset Sales/Bidding Procedures | 0 – 5 | 0.1 | $0.00 – $2,250.00 | $50.00 |
| Creditors Committee Matters/ Meetings | 150 – 200 | 174.7 | $75,000.00 – $100,000.00 | $90,126.50 |
| Securities Law Issues | 0 – 5 | 0.0 | $0.00 – $2,250.00 | $0.00 |
| Secured Creditors Issues/Communications/ Meetings | 0 – 5 | 0.0 | $0.00 – $2,250.00 | $0.00 |
| Review/Preparation of Schedules, Statements | 0 – 5 | 2.4 | $0.00 – $2,250.00 | $1,155.00 |
| Tax Issues | 5 – 10 | 5.6 | $2,250.00 – $4,500.00 | $2,267.50 |
| **Totals** | | **2,798.1** | | **$1,182,574.50** |

## EXHIBIT E

**SUMMARY OF EXPENSES BY CATEGORY**

| Expense Category | Amount |
|---|---|
| Pacer Document Downloads | $299.10 |
| Print Images | $2,262.50 |
| Color Print Images | $592.00 |
| Copies | $45.80 |
| Services | $298.25 |
| Computer Research | $2,083.65 |
| Travel Costs | $2,454.01 |
| Meals/Meetings | $34.07 |
| CourtCall Charges | $235.00 |
| **Totals** | **$8,304.38** |

## EXHIBIT F

**STAFFING PLAN**

| Category of Timekeeper | Number of Timekeepers Expected to Work on Matter During the Budget Period | Expected Average Hourly Rate |
|---|---|---|
| Partners | 8 | $682.00 |
| Associates/Law Clerks | 9 | $418.33 |
| Paralegals | 3 | $285.00 |