DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut
Christopher S. Robertson

*Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (RDD)** |
| **Debtors.**[1] | **(Jointly Administered)** |

**COVER SHEET TO THE THIRD INTERIM APPLICATION OF DAVIS POLK &
WARDWELL LLP FOR COMPENSATION FOR SERVICES RENDERED AND
REIMBURSEMENT OF EXPENSES INCURRED AS COUNSEL TO THE DEBTORS AND
DEBTORS IN POSSESSION FOR THE PERIOD FROM JUNE 1, 2020 THROUGH
SEPTEMBER 30, 2020**

In accordance with Rule 2016-1 of the Local Rules of Bankruptcy Procedure,

incorporating the *Amended Guidelines for Fees and Disbursements for Professionals in the*

*Southern District of New York Bankruptcy Cases* [General Order M-447], among other

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

guidelines (the "**Local Guidelines**") and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals* [ECF No. 529] (the "**Interim Compensation Order**"), Davis Polk & Wardwell LLP ("**Davis Polk**"), counsel for the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), submits this summary (this "**Summary**") of fees and expenses sought as actual and necessary in the fee application to which this Summary is attached (the "**Application**") for the period of June 1, 2020 through September 30, 2020 (the "**Fee Period**").

| General Information | |
|---|---|
| **Name of Applicant:** | Davis Polk & Wardwell LLP<br><br>Counsel to the Debtors and Debtors in Possession |
| **Authorized to Provide Services to:** | Purdue Pharma L.P., *et al.* |
| **Petition Date:** | September 15, 2019 |
| **Retention Date:** | November 25, 2019 *nunc pro tunc* to September 15, 2019 |
| **Date of Order Approving Retention:** | November 25, 2019 [ECF No. 542] |
| *Summary of Fees and Expenses Requested for the Compensation Period* | |
| **Time Period Covered by This Application:** | June 1, 2020 through September 30, 2020 |
| **Total Compensation Requested:** | $30,809,735.00 |
| **Total Expenses Requested:** | $153,971.26 |
| **Total Compensation and Expenses Requested:** | $30,963,706.26 |

| *Summary of Past Requests for Compensation and Prior Payments* | |
|---|---|
| **Compensation Sought in This Application Already Paid Pursuant to a Compensation Order but Not yet Allowed:** | $17,495,258.80 |
| **Expenses Sought in This Application Already Paid Pursuant to a Compensation Order but Not yet Allowed:** | $121,656.72 |
| **Total Compensation and Expenses Sought in This Application Already Paid Pursuant to a Compensation Order but Not yet Allowed:** | $17,616,915.52 |

| *Summary of Rates and Other Related Information for the Compensation Period* | |
|---|---|
| **Blended Rate in This Application for All Partners, of Counsel, and Associates:** | $880.28 |
| **Blended Rate in This Application for All Timekeepers:** | $845.89 |
| **Number of Professionals Included in This Application:** | 173 |
| **Difference Between Fees Budgeted and Compensation Sought for This Period:** | N/A |
| **Number of Professionals Billing Fewer Than 15 Hours During This Period:** | 27 |
| **Increase in Rates Since Date of Retention:** | The compensation period includes a customary annual rate increase for all time keepers which occurred on January 1, 2020, as disclosed on the Court docket at ECF No. 703. |

This is a(n):          ___ monthly          _x_ interim          ___ final application

### Summary of Prior Monthly Fee Statements of Davis Polk & Wardwell LLP

| Period Covered and ECF No. | Total Fees Requested | Total Expenses Requested | Total Fees and Expenses Requested | Fees Paid | Expenses Paid | Total Balance Remaining to be Paid |
|---|---|---|---|---|---|---|
| 6/1/2020 – 6/30/2020 ECF No. 1568 | $5,538,234.50 | $53,022.97 | $5,591,257.47 | $4,430,587.60 | $53,022.97 | $1,107,646.90 |
| 7/1/2020 – 7/31/2020 ECF No. 1740 | $6,778,488.00 | $30,722.85 | $6,809,210.85 | $5,422,790.40 | $30,722.85 | $1,355,697.60 |
| 8/1/2020 – 8/31/2020 ECF No. 1864 | $9,552,351.00 | $37,910.90 | $9,590,261.90 | $7,641,880.80 | $37,910.90 | $1,910,470.20 |
| 9/1/2020 – 9/30/2020 ECF No. 1985 | $8,940,661.50 | $32,314.54 | $8,972,976.04 | $0.00 | $0.00 | $8,972,976.04 |

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut
Christopher S. Robertson

*Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (RDD)** |
| **Debtors.**[1] | **(Jointly Administered)** |

**THIRD INTERIM APPLICATION OF DAVIS POLK & WARDWELL LLP FOR
COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF
EXPENSES INCURRED AS COUNSEL TO THE DEBTORS AND DEBTORS IN
POSSESSION FOR THE PERIOD FROM JUNE 1, 2020
THROUGH SEPTEMBER 30, 2020**

Pursuant to sections 327, 330, and 331 of chapter 11 of title 11 of the United States Code

(the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the

"**Bankruptcy Rules**"), Rule 2016-1 of the Local Rules of Bankruptcy Procedure, incorporating

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

the *Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York Bankruptcy Cases* [General Order M-447], among other guidelines (the "**Local Guidelines**"), The United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases effective as of November 1, 2013 (the "**U.S. Trustee Guidelines**," and together with the Local Guidelines, the "**Fee Guidelines**"), and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals* [ECF No. 529] (the "**Interim Compensation Order**"), Davis Polk & Wardwell LLP ("**Davis Polk**"), counsel for the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), submits this *Third Interim Application for Compensation for Services Rendered and Reimbursement of Expenses Incurred for the Period from June 1, 2020 Through September 30, 2020* (this "**Application**").  By this Application, Davis Polk seeks allowance of compensation for actual and necessary professional services rendered for the Debtors in the total amount of $30,809,735.00, and for reimbursement of actual, necessary disbursements that Davis Polk incurred in connection with such services in the total amount of $153,971.26, for an aggregate total of $30,963,706.26 during the period of June 1, 2020 through September 30, 2020 (the "**Fee Period**").

## Jurisdiction

1.      The United States Bankruptcy Court for the Southern District of New York (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2

## Background

3.      On September 15, 2019 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On September 18, 2019, the Court entered an order [ECF No. 59] authorizing the joint administration and procedural consolidation of the Debtors' chapter 11 cases pursuant to Bankruptcy Rule 1015(b).  No entity has requested the appointment of a trustee or examiner in these chapter 11 cases.  On September 27, 2019, the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed an official committee of unsecured creditors (the "**UCC**") pursuant to section 1102 of the Bankruptcy Code [ECF No. 131].

4.      A description of the Debtors' businesses, the reasons for commencing the chapter 11 cases, and the relief sought from the Court to facilitate effective administration of these chapter 11 cases are set forth in the *Debtors' Informational Brief* [ECF No. 17].

5.      On November 21, 2019, the Court entered the Interim Compensation Order, which sets forth the procedures for interim compensation and reimbursement of expenses for all professionals in these cases.

6.      On April 8, 2020, the Court entered the *Order Authorizing the Appointment of Independent Fee Examiner Pursuant to 11 U.S.C. § 105(a) and Modifying Interim Compensation Procedures for Certain Professionals Employed Pursuant to 11 U.S.C. § 327* [ECF No. 1023], appointing  David M. Klauder as the fee examiner in these cases.

## The Debtors' Retention of Davis Polk

7.      On November 25, 2019, the Court entered the *Order Approving Application of Debtors for Authority to Employ and Retain Davis Polk & Wardwell LLP as Attorneys for the*

3

*Debtors Nunc Pro Tunc to the Petition Date* [ECF No. 542] (the "**Retention Order**"),

authorizing Davis Polk's retention by the Debtors.  The Retention Order attached hereto as

**Exhibit B** and incorporated by reference allows the Debtors to compensate and reimburse Davis

Polk in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Guidelines, and

the Interim Compensation  Order.

8.     The Retention Order also authorizes the Debtors to compensate Davis Polk at its

hourly rates charged for services of this type and for the firm's actual, necessary expenses

incurred in connection such services rendered during the Fee Period.  Among other things, it

permits Davis Polk to render the following  services:

a.    prepare, on behalf of the Debtors, all necessary or
appropriate motions, applications, objections, replies,
answers, orders, reports and other papers in connection with
the administration  of the Debtors' estates;

b.    counsel the Debtors with regard to their rights and
obligations as debtors in possession, and their powers and
duties in the continued management and operation of their
businesses and properties;

c.    provide advice, representation and preparation of necessary
documentation and pleadings and taking all necessary or
appropriate actions in connection with statutory bankruptcy
issues, strategic transactions, asset sale transactions, real
estate, intellectual property, employee benefits, tort,
commercial and governmental litigation, and corporate and
tax matters;

d.    take all necessary or appropriate actions to protect and
preserve the Debtors' estates, including the prosecution of
actions on the Debtors' behalf, the defense of any actions
commenced against the Debtors, the negotiation of disputes
in which the Debtors are involved and the preparation of
objections to claims filed against the Debtors' estates;

e.    take all necessary or appropriate actions in connection with
any chapter 11 plan, all related disclosure statements, all
related documents and such further actions as may be
required in connection with the administration  of the

Debtors' estates; and

    f.    act as restructuring counsel for the Debtors and performing all other necessary or appropriate legal services in connection with the chapter 11 cases.

## Compensation Paid and Its Sources

9.    All services during the Fee Period for which compensation is requested by Davis Polk were performed for or on behalf of the Debtors. Additionally, Davis Polk has not received any payment or promises of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with matters covered by this Fee Application. A certification confirming Davis Polk's compliance with the Fee Guidelines is annexed hereto as **Exhibit A**.

10.    To the extent that billable time or disbursement charges for services rendered or expenses incurred relate to the Fee Period, but were not processed prior to the preparation of this Fee Application, Davis Polk reserves the right to request compensation for such services and reimbursement of such expenses in a future fee application.

11.    These professional services were rendered by Davis Polk's partners, counsel, associates and paraprofessionals from its various practice groups, including restructuring, litigation, corporate, intellectual property, executive compensation and benefits, and tax.

## Summary of Professional Compensation and Reimbursement of Expenses Requested

12.    During the Fee Period, Davis Polk's professionals and paraprofessionals expended a total of 36,424.8 hours in connection with providing necessary services. Davis Polk has been able to efficiently provide services by utilizing the expertise of professionals and paraprofessionals within relevant practice groups to effectively advise the Debtors regarding discrete issues and ensuring that the level of seniority is commensurate with the assignment. Davis Polk, in connection with services rendered on behalf of the Debtors, respectfully requests

allowance of reasonable compensation of such services rendered in the total amount of $30,809,735.00 and reimbursement of actual and necessary expenses incurred in the amount of $153,971.26, for an aggregate total of $30,963,706.26 for the Fee Period. Annexed hereto as **Exhibit C** is a list of Davis Polk Professionals and paraprofessionals, their position with the firm, the department in which the individual practices, the hourly rate charged for their services, the number of hours worked on this matter, and other pertinent information. **Exhibit D** annexed hereto is a list of the various categories and the total fees and total hours expended by subject matter category. Davis Polk maintains computerized, detailed time records of services rendered by its professionals and paraprofessionals. The detailed records for this Fee Period were appended to Davis Polk's Monthly Fee Statements. Davis Polk engaged in ongoing discussions with the Debtors regarding budgeting and staffing issues. Annexed hereto as **Exhibit E** is Davis Polk's staffing plan in connection with services rendered to the Debtors.

**Case Status**

13.    Certain of the Debtors have been named in over 2,700 civil actions pending in various state and federal courts and other fora across the United States and its territories (the "**Pending Actions**"). The Debtors commenced these chapter 11 cases to pursue a fair and efficient global resolution of the Pending Actions in order to preserve the value of the Debtors' estates and put that value to work helping address and combat the opioid crisis. On October 30, 2020, the Court extended the preliminary injunction with respect to the Pending Actions, through March 1, 2021.[2]

---

[2] The Preliminary Injunction was initially entered on October 11, 2019, became final on November 6, 2019, *see* Second Amended Order Pursuant to 11 U.S.C. § 105(a) Granting Motion For a Preliminary Injunction, *Purdue Pharma L.P. v. Commonw. of Mass.*, Adv. Pro. No. 19-08289 (Bankr. S.D.N.Y. Nov. 6, 2019) [ECF No. 105], and has been subsequently amended. The currently operative preliminary injunction order was entered on October 30, 2020. *See* Fourteenth Amended Order Pursuant to 11 U.S.C. § 105(a) Granting Motion for a Preliminary Injunction, (....continued)

14.    The Debtors have made meaningful progress towards a successful reorganization during the Fee Period.  Among other things, during the Fee Period the Debtors obtained Court approval for a thirty-day extension of the General Bar Date[3] and completed the Debtors' unprecedented noticing program, which resulted in over 613,000 timely claims filed, reached agreements-in-principle with key creditor constituencies to devote substantially all of the value of their estates to compensating individuals and abating the opioid crisis,[4] managed extremely complicated and extensive Rule 2004 discovery issues surrounding numerous diligence requests to and from various constituencies, and made material progress towards the filing of a plan of reorganization and disclosure statement.[5]    Notably, the Debtors' efforts, both before and throughout the Fee Period, contributed to the proposed settlement of criminal and civil liability with the Department of Justice announced on October 21, 2020.[6]  The Debtors also obtained approval from this Court for several important strategic priorities, including entry into a funding agreement to develop opioid overdose reversal medications[7] and the sale of Coventry facility and entry into a related long-term active pharmaceutical ingredient supply agreement.[8]  The Debtors

---

(continued....)

*Purdue Pharma L.P. v. Commonw. of Mass.*, Adv. Pro. No. 19-08289 (Bankr. S.D.N.Y. Oct. 30, 2020) [ECF No. 214].

[3] *See Order (I) Extending the General Bar Date for a Limited Period and (II) Approving the Form and Manner of Notice Thereof* [ECF No. 1221].

[4] *See Mediators' Report* [ECF No. 1716].

[5] The Debtors' exclusive period to file a plan of reorganization has been extended through and including December 10, 2020, subject to further extension. *See Second Order Extending the Exclusive Periods within which to File a Chapter 11 Plan and Solicit Acceptances Thereof* [ECF No. 1517].

[6] *See Motion of Debtors Pursuant to 11 U.S.C. § 105 and Fed. R. Bankr. P. 9019 Authorizing and Approving Settlements between the Debtors and the United States* [ECF No. 1828].

[7] *See Order Authorizing Debtors to Enter into Funding Agreement* [ECF No. 1301].

[8] *See Order (I) Approving Sale of Debtors' Coventry Facility and Related Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (II) Approving Debtors' Entry into a Long-Term API Supply Agreement, (III)* (....continued)

7

also continued a robust investigation and analysis of potential claims by the Debtors against members of the Sackler family and their associated companies and trusts. At the same time, the Debtors obtained approval of their 2020 key employee retention plan[9] and continued to operate their businesses while in chapter 11 during these unprecedented times.

15.    As the foregoing summary demonstrates, the Debtors have accomplished a great deal in the Fee Period, and continue to make progress on many different fronts.

### Summary of Services Rendered

16.    Davis Polk provided extensive and critical professional advice and other services in connection with the key developments described above and on myriad other important issues, often on an urgent basis and within a limited time frame. Summaries of significant services are detailed below in accordance with Davis Polk's internal system of project categories:

Asset Dispositions
Fees: $397,632.50,  Total Hours: 353.2

- Under this project category, Davis Polk assisted the Debtors with issues related to planning for the potential disposition and acquisition of assets, among other things. Specifically, Davis Polk:
    - Advised the Debtors regarding bankruptcy court approval for the sale of the Rhodes Technologies API Manufacturing Facility and entry into a new API supply agreement;
    - Prepared court submissions and reviewed the asset purchase agreement, API supply agreement and related documentation in connection with same;
    - Participated in numerous calls and meetings with the Debtors, their advisors, counsel to the purchaser and other parties in interest in connection with same; and
    - Advised the Debtors with respect to other potential sale/licensing

(continued….)
Authorizing Assumption and Assignment, or Assignment, as Applicable, of Executory Contracts and Unexpired Leases and (IV) Granting Related Relief [ECF No. 1765].

[9] See Order Authorizing the Debtors to Implement a Key Employee Retention Plan [ECF No. 1762].

transactions.

Automatic Stay/Preliminary Injunction/Litigation/DOJ
Fees: $4,341,310.50, Total Hours: 5,164.5

- Under this project category, Davis Polk assisted the Debtors with issues arising in conjunction with (i) activities related to the preliminary injunction, including securing an extension of the preliminary injunction and briefing a second appeal by Tennessee plaintiffs; (ii) activities related to the enforcement of the automatic stay and of the preliminary injunction; (iii) defensive litigation efforts, including, among other things, activities related to various omnibus hearings, and motion practice and oral argument preparations related to various automatic-stay related issues; (iv) efforts to facilitate the court-appointed monitor's retention of professionals; and (v) issues related to ongoing discussions with the Department of Justice (the "**DOJ**").

  o With respect to the preliminary injunction:

    ▪ Obtained Court approval of an extension of the preliminary injunction for 180 days, through March 1, 2021, over objections from multiple creditors and creditor groups. Drafted and filed supporting motion papers and attorney declaration. Engaged with numerous creditors and creditor groups to resolve potential objections before the hearing. Analyzed objections and researched related legal issues;

    ▪ Drafted responsive papers to objections;

    ▪ Prepared for September 28, 2020 hearing on motion to extend the preliminary injunction, including drafting arguments. Reviewed and analyzed hearing transcripts;

    ▪ Communicated with Prime Clerk LLC ("**Prime Clerk**") regarding ongoing notice and service issues for a proceeding involving hundreds of parties;

    ▪ Drafted, filed, and obtained Court approval of four amended preliminary injunction orders; and

    ▪ Researched and analyzed appellate issues and advised the Debtors on appellate strategy in connection with second appeal of preliminary injunction filed by Tennessee plaintiffs. Drafted responsive papers and supporting documents in second appeal. Communicated with counsel to the Official Committee regarding appeal strategy and filings. Analyzed Tennessee plaintiffs' reply filing.

  o With respect to the defense of the automatic stay and the preliminary injunction:

    ▪ Tracked, reviewed, and responded to (threatened and completed) court filings by various parties in violation of the automatic stay;

9

- ▪ Reviewed, researched, and analyzed various stay- and preliminary-injunction-violation issues as they arose, including complaints filed after the petition date, continued litigation after the preliminary injunction order was entered, and additional service issues; and

- ▪ Communicated with various creditors and counsel regarding potential violations of the automatic stay and preliminary injunction.

- o With respect to other defensive litigation efforts:

  - ▪ Drafted arguments for various hearings, including but not limited to the July 23, 2020 Omnibus Hearing, the August 26, 2020 Omnibus Hearing, and the September 30 Omnibus Hearing. Prepared materials for oral argument for the same. Communicated with Debtors' other counsel, including tort counsel and regulatory counsel, on hearing strategy. Reviewed and analyzed hearing transcripts. Advised on strategy regarding various issues that could have potential litigation consequences;

  - ▪ Advised the Debtors and other counsel to the Debtors on possible litigation in connection with potential insurance coverage disputes. Researched and analyzed numerous related legal issues. Communicated with Debtors and Debtors' insurance counsel regarding strategy;

  - ▪ Engaged with the Debtors, Debtors' counsel, and counsel for creditors and creditor groups on other automatic stay issues. Researched and analyzed issues related to stay violations. Communicated with Debtors' tort counsel regarding co-defendants' motion to lift the stay;

  - ▪ Engaged with the Debtors and counsel creditors and creditor groups in connection with co-defendant tolling agreements. Reviewed and revised draft tolling agreements; and

  - ▪ Engaged with various counsel regarding intervention of NAACP. Drafted *Debtors' Statement in Support of the Motion to Intervene on Behalf of the NAACP* [ECF No. 1596].

- o Researched and analyzed lift-stay issues in connection with pending patent litigation. Communicated with Debtors' tort counsel and counsel to creditors and creditor groups regarding motion and objection strategy. Drafted motion to modify the automatic stay to permit the Debtors to prosecute pending patent litigation. Analyzed objection to the same and motion to lift the automatic stay brought by Collegium Pharmaceuticals Inc. Drafted omnibus objection and reply in connection with the same. Prepared for August 26, 2020 Omnibus Hearing on same, including drafting oral arguments. Analyzed notice of appeal filed in connection with the order granting Debtors' motion to modify the automatic stay. Researched legal issues in connection with appeal and advised the Debtors on appeal strategy. Drafted responsive papers and supporting documents in appeal.

- o With respect to potential litigation of discovery/diligence issues:
  - ▪ Researched and analyzed legal issues in connection with the Debtors' withholding of privileged documents. Engaged with the Debtors, Debtors' counsel, and counsel for the Official Committee and related parties regarding disputes over privileged documents. Advised the Debtors on strategy in connection with possible motions to compel production of documents. Negotiated stipulation to address open privilege disputes. Began drafting objections to anticipated Official Committee motions to compel production of the Debtors' privileged documents. Began drafting motion for protective order; and
  - ▪ Engaged with Debtors and other professionals to facilitate monitor's retention of professionals. Drafted monitor professional retention motion.
- o With respect to DOJ issues:
  - ▪ Advised the Debtors on ongoing negotiations with the DOJ. Prepared presentations and other materials for, and communicated with, the DOJ. Communicated with Debtors' other counsel regarding DOJ negotiations. Communicated with DOJ counsel in connection with ongoing negotiations. Drafted motion to approve DOJ settlement and plea agreement.

Bar Date/Estimation/Claims/Allowance Issues
Fees: $4,271,113.00, Total Hours: 3,721.9

- • Under this project category, Davis Polk assisted the Debtors with the analysis, negotiation, and preparation of materials related to the bar date extension motion, as well as issues related to estimation, allowance, allocation, and settlement of claims. Specifically, Davis Polk:
  - o Conducted legal research and factual diligence on a wide variety of claims-related issues, including estimation, allowance, allocation, damages, abatement, proofs of claim, and settlement and mediation thereof, to assess the Debtors' options for resolving and exiting these chapter 11 cases;
  - o Consulted with and responded to inquiries from the Debtors, the Creditors' Committee, and other stakeholders regarding the foregoing;
  - o Researched and prepared mediation materials, and presented the materials during mediation sessions with the mediators and various creditor constituencies, resulting in a successful conclusion of the allocation-related mediation;
  - o Researched, prepared, and filed litigation materials regarding claims-related motions filed by creditor constituencies, including class claim motions;
  - o Coordinated and consulted with Cornerstone Research regarding claims

11

analyses and allocation discussions with the Debtors, the Creditors'
Committee, and other creditor constituencies;

o   Coordinated and consulted with the Debtors' Court-appointed claims and
noticing agent, Prime Clerk, regarding claims issues, the bar date, proof of
claim forms, bar date notices, publication notice, and claims analysis;

o   Negotiated, litigated, and obtained Court approval of the *Debtors' Motion
Pursuant to 11 U.S.C. §§ 105(a) and 501 and Fed. R. Bankr. P. 2002 and
3003(c)(3) for Entry of an Order (I) Extending the General Bar Date for a
Limited Period and (II) Approving the Form and Manner of Notice Thereof*
[ECF No. 1178]; and

o   With the assistance of Prime Clerk, completed the Debtors' unprecedented
noticing program and began analyzing more than 613,000 proofs of claim
received by the extended general bar date.

Corporate Governance, Board Matters and Communications
Fees: $916,912.00,  Total Hours: 738.9

•   Under this project category, Davis Polk assisted the Debtors' board of directors (the
"**Board**") with analysis and advice regarding corporate governance issues, the
review and preparation of corporate documents and interaction with the press,
among other things.  Specifically, Davis Polk:

o   Discussed with the Debtors' management, Board, investment bankers,
financial advisors and other parties in interest matters related to
intercompany issues and coordinated corresponding workstreams;

o   Prepared for and attended general meetings of the Board, the Special
Committee of the Board and other committees thereof;

o   Coordinated review of press releases and reports;

o   Advised, prepared materials for, and participated in numerous meeting and
calls with the Board and various committees, including on issues regarding
the Public Trust Transfer process, pending litigation, and chapter 11 case
status and strategy;

o   Drafted and reviewed various governance documents for the Board and
various committees including minutes, resolutions, secretary certificates,
shareholder and director consents; and

o   Conducted research and advised the Debtors with respect to various public
filings, disclosure requirements, audits, examinations, inquiries and other
issues.

Creditor/UCC/AHC Issues
Fees: $8,881,608.00,  Total Hours: 14,442.9

•   Under this project category, Davis Polk assisted the Debtors with coordinating and

12

communicating with creditors, including the UCC, the Ad Hoc Committee and the Non-Consenting States Group on a variety of issues. Specifically, Davis Polk:

- o Prepared, reviewed, and revised materials for, corresponded with, and participated in meetings with the UCC, the Ad Hoc Committee, the Non-Consenting States Group and other creditor groups regarding all aspects of the Chapter 11 cases, including the production of diligence and documents in response to various information requests;

- o Reviewed an extensive number of diligence requests from various creditor groups, and coordinated with Debtors, in-house electronic discovery team and external vendors (PJT Partners, AlixPartners, Cobra and TCDI) for the compilation of information, answers, summaries and documents responsive to the various requests;

- o Participated on numerous calls and coordination meetings with Debtors and their advisors to formulate strategies for responding to requests from the UCC, the Ad Hoc Committee, the Non-Consenting States Group and other creditor groups;

- o Conducted review of a significant number of documents and communications for production to the UCC, the Ad Hoc Committee, the Non-Consenting States Group and other creditor groups; and

- o Conducted multi-level review of thousands of documents for the preparation of multiple privilege logs containing tens of thousands of entries and associated appendices for production to the UCC and the Non-Consenting States Group.

<u>Cross border/International Issues</u>
Fees: $3,691.00, Total Hours: 2.9

- • Under this project category, Davis Polk assisted the Debtors with issues related to proceedings in foreign jurisdictions, among other things. Specifically, Davis Polk:

  - o Coordinated and managed foreign proceedings, and monitored critical dates and case workstreams in order to facilitate effective progress; and

  - o Conducted regular conferences and calls with foreign counsel and parties in interest.

<u>Equityholder/IAC Issues</u>
Fees: $143,514.00, Total Hours: 104.9

- • Under this project category, Davis Polk assisted the Debtors with the analysis of issues concerning the Debtors' equityholders and independent associated companies ("**IACs**"). Specifically, Davis Polk:

  - o Attended and participated in numerous meetings with counsel for the equityholders on issues including shareholder diligence and tolling agreement;

13

- o Attended discussions and meetings with shareholder counsel and counsel for other parties in interest regarding mediation and related issues; and

- o Conducted research and analysis of intercompany transactions involving IACs.

Customer/Vendor/Lease/Contract Issues
Fees: $1,300,639.00, Total Hours: 1,351.3

- Under this project category, Davis Polk assisted the Debtors with issues related to the Debtors' customers and vendors, negotiations with lease and contract parties and preparation of pleadings and litigation regarding the Debtors' commercial agreements, among other things. Specifically, Davis Polk:

  - o Advised and strategized with the Debtors' management and other advisors regarding critical vendors issues and processes to stabilize the business and ensure uninterrupted operations;

  - o Obtained court approval to support development of opioid overdose reversal medications;

  - o Conducted extensive research and reviewed and analyzed numerous executory and other contracts, leases, and agreements in response to inquiries from the Debtors and the Debtors' other advisors;

  - o Conducted various conferences and negotiations with contractual counterparties and parties in interest, including the UCC, the Ad Hoc Committee and the Non-Consenting States Group, regarding certain executory contracts and commercial leases, and potential commercial transactions;

  - o Reviewed and analyzed numerous executory and other contracts, leases, and agreements in connection with the Public Trust Transfer Process;

  - o Discussed with the Debtors' management and advisors matters regarding the Public Trust Transfer Process and related contract review; and

  - o Drafted and reviewed amendments to numerous commercial agreements under negotiation by contractual counterparties and Debtor's management.

Employee/Pension Issues
Fees: $1,711,832.50, Total Hours: 1,445.6

- Under this project category, Davis Polk assisted the Debtors with the review and analysis of employee-related issues including compensation, bonuses, incentive plans, severance, insurance benefits and retirement plan issues, among other things. Specifically, Davis Polk:

  - o Reviewed and discussed materials on compensation programs, including Wills Towers Watson's work product on employee compensation programs, with the Debtors and their advisors;

14

- o Drafted and revised resolutions, plan amendments, and other ancillary documents related to employee compensation issues;

- o Drafted pleadings and other documents in connection with the Key Employee Incentive Plan and Key Employee Retention Plan; and

- o Advised the Debtors on questions and issues related to executive compensation issues, personnel related matters, the Pension Benefit Guaranty Corporation, Department of Labor 401(k) plan audits, and related regulatory filings.

General Case Administration
Fees: $1,273,434.00,  Total Hours: 1,274.3

- Under this project category, Davis Polk assisted the Debtors with general matters related to case administration, including case coordination, case calendaring, the filing of court papers, and attending hearings.  Specifically, Davis Polk:

    - o Prepared for and attended:

        - ▪ The Bar Date Extension Motion Hearing on June 3, 2020

        - ▪ The Omnibus Hearing on June 23, 2020

        - ▪ The Omnibus Hearing on July 23, 2020

        - ▪ The Omnibus Hearing on August 26, 2020

        - ▪ The Omnibus Hearing on September 30, 2020

    - o Prepared for, coordinated, and attended weekly internal meetings on case status in order to develop and efficiently manage workstreams;

    - o Maintained a critical dates calendar for clients and co-advisors and reviewed and distributed filings on the Court's docket to the Debtors' advisors and internal teams;

    - o Prepared and revised various pleadings, including motions related to sealing documents and fee examiner order; and

    - o Drafted and filed numerous court papers related to case administration, including notices of hearing dates and adjournments, electronics device orders, and hearing agendas.

Non-DPW Retention and Fee Issues
Fees: $82,528.00,  Total Hours: 72.7

- Under this project category, Davis Polk assisted the Debtors with the preparation of retention materials, disclosures and fee applications for the Debtors' non-Davis Polk professionals.  Specifically, Davis Polk:

    - o Assisted with applications to expand the scope of co-professional retention under section 327(a) of the Bankruptcy Code;

- o Coordinated with various professionals regarding seeking approval of their interim fee applications;

- o Assisted and responded to inquiries from the Debtors' other professionals with respect to retention and the preparation and filing of fee statements and applications; and

- o Attended multiple calls and corresponded with the Debtors and the Debtors' other professionals regarding the retention process and related fee orders.

Support Agreement/Plan/Disclosure Statement
Fees: $1,054,825.00, Total Hours: 945.2

- • Under this project category, Davis Polk assisted the Debtors with issues related to the Debtors' plan of reorganization, among other things. Specifically, Davis Polk:
  - o Prepared, drafted and revised a plan term sheet to be negotiated with the UCC and other stakeholders;
  - o Conducted extensive research and reviewed and analyzed numerous legal precedents regarding plan structure considerations and strategies in response to inquiries from the Debtors;
  - o Prepared and revised multiple draft restructuring support agreements; and
  - o Drafted and obtained approval of a second exclusivity extension motion.

DPW Retention/Preparation of Fee Statements/Applications Budget
Fees: $574,610.50, Total Hours: 878.2

- • Under this project category, Davis Polk assisted the Debtors with issues related to Davis Polk's retention, including the preparation and review of Davis Polk's monthly fee applications. Specifically, Davis Polk:
  - o Drafted and prepared monthly fee applications for the months of April, May, June, July, and August of 2020;
  - o Drafted and prepared the second interim fee application;
  - o Drafted and prepared responses to U.S. Trustee's inquiries to first interim fee application and second interim fee application; and
  - o Internally coordinated and reviewed over four hundred pages of time entries for privilege and confidentiality.

IP, Regulatory and Tax
Fees: $865,763.00, Total Hours: 775.5

- • Under this project category, Davis Polk assisted the Debtors with intellectual property and tax issues, among other things. Specifically, Davis Polk:
  - o Drafted, reviewed, and advised Debtors in connection with a variety of

16

intellectual property and commercial agreements, including licenses, development agreements, settlement agreements, and patent assignment agreements;

o   Continued to advise and perform analysis on tax issues, including research and preparation of presentations related to emergence structures and related tax consideration, review of documentation related to Debtor business activities, and discussions and analysis of tax issues related to historic tax distributions; and

o   Engaged in discussions and analysis related to models of the tax consequences of the sale of the IACs prepared by KPMG.

Special Committee/Investigation Issues
Fees: $4,797,148.00, Total Hours: 4,953.7

•   Under this project category, Davis Polk assisted and advised the Special Committee of the Debtors' Board of Directors (the "**Special Committee**"). Specifically, Davis Polk:

o   Investigated, assessed, and conducted a document review relating to potential claims against the Debtors' equityholders, including members of the Sackler Family and their associated companies and trusts, including, but not limited to, potential claims for fraudulent conveyances, alter ego and veil-piercing, and breach of fiduciary duty;

o   Reviewed, supervised, and assisted AlixPartners' forensic analyses of all cash and non-cash distributions, payments, and/or transfers made by or between the Debtors to the Sackler Family, or entities owned by or operated for the benefit of the Sackler Family, for the period spanning January 1, 2008 to September 15, 2019;

o   Reviewed, supervised, and assisted Bates White's transfer pricing analysis of all non-cash distributions and transfers identified by AlixPartners between the Debtors and the Sackler Family, or entities owned by or operated for the benefit of the Sackler Family;

o   Provided information and/or presentations to the Special Committee and various third parties, including the UCC and its advisors, regarding the scope and status of the Special Committee's investigation into potential claims held by the Debtors;

o   Prepared for and attended depositions of members of the Sackler family, their advisors, and others, as well as collected relevant material and provided same to the UCC on a common interest basis;

o   Engaged in numerous meet and confers and other discussions with the various creditor groups, including the UCC, regarding discovery and diligence requests; and

o   Advised the Special Committee on issues concerning the indemnification of

17

the Debtors' employees and other issues within its mandate.

Rule 2004 Discovery
Fees: $194,798.00, Total Hours: 199.1

- Under this project category, Davis Polk assisted the Debtors with coordinating and communicating with creditors and other stakeholders, including the UCC, the Ad Hoc Committee, the Non-Consenting States Group, and the Sackler Families on Rule 2004 discovery issues, and reviewed and analyzed materials related to Rule 2004 discovery. Specifically, Davis Polk:

  o Prepared, reviewed, and revised materials for, corresponded with, and participated in meetings with counsel for the UCC, the Ad Hoc Committee, the Non-Consenting States Group, the Independent Affiliated Companies ("IACs"), the II-Way Entities, and the Sackler Families regarding the UCC's and Non-Consenting States Group's Rule 2004 discovery requests, objections, and related disputes and issues;

  o Prepared, reviewed, and revised materials for, and participated in Court hearing regarding Rule 2004 discovery;

  o Prepared, reviewed, and revised interview outlines, chronologies of documents, and other materials in preparation for various depositions taken and/or requested pursuant to the UCC's various subpoenas and requests for depositions and Rule 30(b)(6) notices;

  o Corresponded with and participated in meetings with counsel for the above groups regarding deposition scheduling, remote deposition protocol, and preparation for the depositions of potential and actual deponents; and

  o Attended witness depositions requested by the UCC.

## **Actual and Necessary Expenses**

17.    As set forth in **Exhibit F** hereto, Davis Polk has incurred or disbursed $153,971.26 in expenses in providing professional services to the Debtors during the Compensation Period. These expense amounts are intended to cover Davis Polk's direct operating costs, which costs are not incorporated into the Davis Polk hourly billing rates. Only clients for whom the services are actually used are separately charged for such services. The effect of including such expenses as part of the hourly billing rates would unfairly impose additional costs upon clients who do not require extensive photocopying, delivery, and other

18

services.  Davis Polk charges all of its bankruptcy clients $0.10 per page for photocopying and printing job expenses.   On several occasions, overnight delivery of documents and other materials were required as a result of circumstances necessitating the use of such express services.

18.      Regarding providers of online legal research (e.g., LexisNexis and Westlaw), Davis Polk charges all of its clients the standard usage rates these providers charge, which, due to contractual flat fees, may not always equal Davis Polk's actual cost.  Davis Polk currently is under contract to pay these providers a flat fee every month.  Charging its clients the online providers' standard usage rates allows Davis Polk to cover adequately the monthly flat fees it must pay to these types of providers.

19.      Davis Polk has made every effort to minimize its expenses in the Chapter 11 Cases.  The actual expenses incurred in providing professional services to the Debtors were necessary, reasonable, and justified under the circumstances to serve the needs of the Debtors, their estates, and other parties in interest.

### Davis Polk's Requested Compensation and Reimbursement Should Be Allowed

20.      Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code to govern the Court's award of such compensation.  Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered … and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1).  Section 330 also sets forth the criteria for the award of such compensation  and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extent, and the value of such services, taking into account all relevant factors, including  –

19

<blockquote>

(a)    the time spent on such services;

(b)    the rates charged for such services;

(c)    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(d)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

(e)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

</blockquote>

11 U.S.C. § 330(a)(3).

21.    The foregoing professional services were performed by Davis Polk in an efficient manner, were necessary and appropriate to the administration of the Chapter 11 Cases, and were in the best interests of the Debtors, their estates, and other parties in interest. Compensation for the foregoing services as requested is commensurate with the complexity, importance, and nature of the problems, issues, and tasks involved. As required by the U.S. Trustee guidelines, annexed hereto as **Exhibit G** is a chart setting forth the comparative blended rates of the professionals and paraprofessionals who rendered services with a corresponding comparison of rates for professionals and paraprofessionals not involved in these chapter 11 cases.

## Notice

22.    The Debtors will provide notice of this Application in accordance with the Interim Compensation Order. The Debtors submit that no other or further notice be given.

*[Remainder of Page Left Blank Intentionally]*

WHEREFORE, Davis Polk, in connection with services rendered on behalf of the Debtors, respectfully requests allowance of reasonable compensation of such services rendered in the total amount of $30,809,735.00 and reimbursement of actual and necessary expenses incurred in the amount of $153,971.26, for an aggregate total of $30,963,706.26 for the Fee Period.

Dated:    November 16, 2020
          New York, New York

DAVIS POLK & WARDWELL LLP

By:    */s/ Marshall S. Huebner*

450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile:  (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut
Christopher S. Robertson

*Counsel to the Debtors and Debtors in Possession*

**<u>Exhibit A</u>**

**Certification of Compliance with Fee Guidelines**

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut
Christopher S. Robertson

*Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (RDD)** |
| **Debtors.**[1] | **(Jointly Administered)** |

**CERTIFICATION OF MARSHALL S. HUEBNER IN SUPPORT OF THIRD INTERIM
APPLICATION OF DAVIS POLK & WARDWELL LLP FOR COMPENSATION FOR
SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS
COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION FOR THE PERIOD
FROM JUNE 1, 2020 THROUGH SEPTEMBER 30, 2020**

I, Marshall S. Huebner, hereby certify that:

1.      I am an attorney admitted into practice in the State of New York and a partner at

the law firm of Davis Polk & Wardwell LLP ("**Davis Polk**"), located at 450 Lexington Avenue,

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

New York, New York.  I am familiar with the work performed on behalf of the above-captioned debtors and debtors in possession ("**Debtors**") by Davis Polk.

2.      I have reviewed the *Third Interim Application of Davis Polk & Wardwell LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Counsel to the Debtors and Debtors in Possession for the Period from June 1, 2020 Through September 30, 2020* (the "**Application**") to certify to certain matters addressed in the (i) *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* entered on November 21, 2019 [ECF No. 529] (the "**Interim Compensation Order**"), (ii) Rule 2016-1 of the Local Rules of Bankruptcy Procedure, incorporating the *Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York Bankruptcy Cases* [General Order M-447], among other guidelines (the "**Local Guidelines**"), and (iii) The United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases effective as of November 1, 2013 (the "**U.S. Trustee Guidelines,**" and together with Local Guidelines, the "**Fee Guidelines**").[2]  The Application covers the period June 1, 2020 through September 30, 2020 (the "**Fee Period**").

3.      To the best of my knowledge, information and belief, the statements contained in the foregoing Application are true and accurate in all material respects and comply with the Fee Guidelines in material part.  Davis Polk responds to the questions identified in the U.S. Trustee Guidelines  as follows:

Question 1: Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees, or terms for services pertaining to this

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Interim Compensation Order.

engagement that were provided during the application period? If so, please explain.

>Answer: Davis Polk has agreed to negotiated discounts off of its standard rates.

Question 2: If the fees sought in the Application as compared to the fees budgeted for the time period covered by the Application are higher by 10% or more, did you discuss the reasons for the variation with the client?

>Answer: Davis Polk has provided the client with the actual amount of fees incurred on a monthly basis and engages in ongoing discussions with the client regarding fees and expenses generally, but did not prepare an itemized budget for the Fee Period. Davis Polk has prepared and shared with the client a budget covering the period from October 2020 through February 2021.

Question 3: Have any of the professionals included in the Application varied their hourly rate based on geographic location of the bankruptcy case?

>Answer: As disclosed in the Retention Application, no.

Question 4: Does the Application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices?

>Answer: The Application includes time and fees related to reviewing or revising time records or preparing, reviewing, or revising invoices in connection with the preparation of four monthly fee statements relating to the Fee Period covered by the Application. Davis Polk is seeking compensation for approximately 602.6 hours and $364,659 in fees related to reviewing and revising time records with respect to the preparation of such fee applications, which represents approximately 1.2% of the aggregate amount of the fees requested.

Question 5: Does the Application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify hours and fees.

>Answer: The Application includes time and fees related to reviewing time records to redact any privileged or other confidential information. Such charges are included in the time charges set forth in the response to question 4 and are not separately calculated.

A-4

<u>Question 6</u>: Did the Application include any rate increases since retention in these cases:

> <u>Answer</u>: The Application includes a single customary annual rate increase for all time keepers as disclosed in a supplemental declaration filed on the Court docket at ECF No. 703.

<u>Question 7</u>:  Did the client agree when retaining Davis Polk to accept all future rate increases?  If not, did Davis Polk inform the client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11-458?

> <u>Answer</u>: The client was informed regarding Davis Polk's rates and future rate increases as part of its approval of Davis Polk's retention application.

Dated:   November 16, 2020
      New York, New York

By:   */s/ Marshall S. Huebner*
      Marshall S. Huebner
      Partner
      Davis Polk & Wardwell LLP

## Exhibit B

**Retention Order**

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (RDD)** |
| Debtors.[1] | **Jointly Administered** |

## ORDER GRANTING DEBTORS' APPLICATION FOR AUTHORITY TO EMPLOY AND RETAIN DAVIS POLK & WARDWELL LLP AS ATTORNEYS FOR THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE

Upon the application (the "**Application**")[2] of Purdue Pharma L.P. and its affiliates that are debtors and debtors in possession in these cases (collectively, the "**Debtors**") for entry of an order, pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016(b) and Local Rules 2014-1 and 2016-1, authorizing the employment and retention of Davis Polk as restructuring counsel for the Debtors *nunc pro tunc* to the Petition Date, pursuant to the terms set forth in the Application and in the Huebner Declaration; and upon the the Huebner Declaration and the Kesselman Declaration; and the Court having jurisdiction to consider the matters raised in the Application pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.), as a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper pursuant to 28 U.S.C.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

§ § 1408 and 1409; and there being due and proper notice of the Application, and it appearing

that no other or further notice need be provided; and upon the limited objection of the United

States Trustee to the Application (the "Objection"); and upon the record of the hearing held by

the Court on the Application on November 19, 2019; and after due deliberation, the Court having

determined that Davis Polk does not hold or represent an adverse interest to the Debtors or their

estates, that it is disinterested under section 101(14) of the Bankruptcy Code, that its retention is

necessary and in the best interests of the estates, and that under the facts of these cases the

Objection should be overruled; and good and sufficient cause appearing,

**IT IS HEREBY ORDERED THAT:**

1.      The Application is granted as set forth herein.

2.      The Debtors are authorized to employ and retain Davis Polk *nunc pro tunc* to the

Petition Date in thes Chapter 11 cases, all as contemplated by the Application and on the terms

provided in the Application, the Huebner Declaration and the Kesselman Declaration, to the

extent that the terms of the Application do not conflict with the terms of this Order.

3.      Davis Polk is authorized to render, inter alia, the following professional services:

   a.  Preparing, on behalf of the Debtors, all necessary or
       appropriate motions, applications, objections, replies,
       answers, orders, reports and other papers in connection
       with the administration of the Debtors' estates;

   b.  Counseling the Debtors with regard to their rights and
       obligations as debtors in possession, and their powers and
       duties in the continued management and operation of their
       businesses and properties;

   c.  Providing advice, representation and preparation of
       necessary documentation and pleadings and taking all
       necessary or appropriate actions in connection with
       statutory bankruptcy issues, strategic transactions, asset
       sale transactions, real estate, intellectual property,
       employee benefits, business and tort commercial and
       governmental litigation and corporate and tax matters;

    d.  Taking all necessary or appropriate actions to protect and preserve the Debtors' estates, including the prosecution of actions on the Debtors' behalf, the defense of any actions commenced against the Debtors, the negotiation of disputes in which the Debtors are involved and the preparation of objections to claims filed against the Debtors' estates;

    e.  Taking all necessary or appropriate actions in connection with any chapter 11 plan, all related disclosure statements and all related documents and such further actions as may be required in connection with the administration of the Debtors' estates; and

    f.  Acting as restructuring counsel for the Debtors and performing all other necessary or appropriate legal services in connection with the Chapter 11 Cases.

4.    Davis Polk shall apply for compensation for its services and reimbursement for any reasonable and necessary expenses and disbursements in accordance with the rates (as may be adjusted from time to time) and disbursement policies as set forth in the Application and the Huebner Declaration and in accordance with sections 330 and 331 of the Bankruptcy Code, as the case may be, and the applicable Bankruptcy Rules, Local Rules and fee and expense guidelines and orders of the Court.  Davis Polk shall make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures in connection with the Application and any fee application(s) to be filed by Davis Polk in these Chapter 11 cases.

5.    The balance of the Retainer shall be treated as an evergreen retainer and held by Davis Polk as security throughout the Chapter 11 cases.

6.    Any Bankruptcy Rule (including, but not limited to, Bankruptcy Rule 6004(h)) or Local Rule that might otherwise delay the effectiveness of this Order is hereby waived, and the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

7.      Davis Polk shall provide reasonable notice to the Debtors, the Court, the U.S.

Trustee and any statutory committee appointed in the Chapter 11 Cases of any annual increases

in the rates set forth in the Application.

8.      To the extent that there may be any inconsistency between the terms of the

Application, the Huebner Declaration, the Kesselman Declaration and this Order, the terms of

this Order shall govern.

9.      The Debtors and Davis Polk are authorized to take all such actions as are

necessary or appropriate to implement the terms of this Order.

10.     The Court shall retain jurisdiction to hear and determine all matters arising from

or related to the implementation, interpretation and enforcement of this Order.


Dated:    November 25, 2019
            White Plains, New York


                                    /s/Robert D. Drain
                                    THE HONORABLE ROBERT D. DRAIN
                                    UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit B</u>**

**Retention Order**

## Exhibit C

**Professional and Paraprofessional Fees for Fee Period**

| Name of Professional Individual | Position, Year Assumed Position, Prior Relevant Experience, Year of Obtaining Relevant License to Practice | Department | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| Bauer, David R. | Partner; joined partnership in 2018; admitted New York 2008 | Intellectual Property | $1,530 | 36.0 | $55,080.00 |
| Bivens, Frances E. | Partner; joined partnership in 2001; admitted New York 1993 | Litigation | $1,685 | 145.6 | $245,336.00 |
| Crandall, Jeffrey P. | Partner; joined partnership in 2011; admitted New York 1983 | Employment | $1,685 | 27.1 | $45,663.50 |
| Curran, William A. | Partner; joined partnership in 2017; admitted New York 2010 | Tax | $1,655 | 48.8 | $80,764.00 |
| Dostal, Derek | Partner; joined partnership in 2016; admitted New York 2007 | Capital Markets | $1,655 | 2.3 | $3,806.50 |
| Duggan, Charles S. | Partner; joined partnership in 2002; admitted New York 1997 | Litigation | $1,685 | 352.6 | $594,131.00 |
| Graulich, Timothy | Partner; joined partnership in 2009; admitted New York 1995 | Restructuring | $1,685 | 15.8 | $26,623.00 |
| Huebner, Marshall S. | Partner; joined partnership in 2002; admitted New York 1994 | Restructuring | $1,685 | 730.1 | $1,230,218.50 |
| Kaminetzky, Benjamin S. | Partner; joined partnership in 2003; admitted New York 1995 | Litigation | $1,685 | 519.5 | $875,357.50 |
| McClammy, James I. | Partner; joined partnership in 2015; admitted New York 1999 | Litigation | $1,655 | 369.6 | $611,688.00 |
| Portnoy, Lawrence | Partner; joined partnership in 1996; admitted New York 1989 | Litigation | $1,685 | 6.3 | $10,615.50 |
| Taylor, William L. | Partner; joined partnership in 1995; admitted New York 1991 | Mergers and Acquisitions | $1,685 | 113.2 | $190,742.00 |
| Verdolini, Mario J. | Partner; joined partnership in 1997; admitted New York 1992 | Tax | $1,685 | 1.1 | $1,853.50 |

| Name of Professional Individual | Position, Year Assumed Position, Prior Relevant Experience, Year of Obtaining Relevant License to Practice | Department | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| Vonnegut, Eli J. | Partner; joined partnership in 2015; admitted New York 2009 | Restructuring | $1,655 | 613.1 | $1,014,680.50 |
| **Partner Total:** | | | | **2,981.1** | **$4,986,559.50** |
| **Counsel** | | | | | |
| Schwartz, Jeffrey N. | Special Counsel; joined Davis Polk 1991; admitted New York 1992 | Trusts and Estates | $1,685 | 31.2 | $52,572.00 |
| Altus, Leslie J. | Counsel; joined Davis Polk 1985; admitted New York 1984 | Tax | $1,295 | 110.5 | $143,097.50 |
| Brecher, Stephen I. | Counsel; joined Davis Polk 2018; admitted New York 2000 | Employment | $1,295 | 262.3 | $339,678.50 |
| Chen, Bonnie[1] | Counsel; joined Davis Polk in 2015; admitted New York 2012 | Intellectual Property | $1,295 / $1,225 | 58.3 | $75,470.50 |
| Chiu, Ning | Counsel: joined Davis Polk 2007; admitted New York 1996 | Capital Markets | $1,295 | 3.4 | $4,403.00 |
| Clarens, Margarita | Counsel; joined Davis Polk 2008; admitted New York 2009 | Litigation | $1,295 | 538.7 | $697,616.50 |
| Forester, Daniel F. | Counsel; joined Davis Polk 2017; admitted New York 2012 | Intellectual Property | $1,295 | 48.0 | $62,160.00 |
| Huber, Betty Moy | Counsel: joined Davis Polk 1996; admitted New York 1997 | Environmental | $1,295 | 7.1 | $9,194.50 |
| Lele, Ajay B. | Counsel; joined Davis Polk 2000; admitted New York 2001 | Mergers and Acquisitions | $1,295 | 173.1 | $224,164.50 |
| Millerman, James M. | Counsel; joined Davis Polk 2009; admitted New York 2000 | Restructuring | $1,295 | 366.8 | $475,006.00 |
| Robertson, Christopher | Counsel; joined Davis Polk 2011; admitted New York 2013 | Restructuring | $1,295 | 873.5 | $1,131,182.50 |

[1] The $1,225 rate relates to 0.4 hours of previously unbilled time from 2019.

C-2

| Name of Professional Individual | Position, Year Assumed Position, Prior Relevant Experience, Year of Obtaining Relevant License to Practice | Department | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| Tobak, Marc J. | Counsel; joined Davis Polk 2009; admitted New York 2009 | Litigation | $1,295 | 438.6 | $567,987.00 |
| **Counsel Total:** | | | | **2,911.5** | **$3,782,532.50** |
| **Associates, Law Clerks and Legal Assistants** | | | | | |
| Anvari, Elyka A. | Associate; joined Davis Polk 2014; admitted New York 2015 | Mergers and Acquisitions | $1,095 | 33.7 | $36,901.50 |
| Bannon, Marisa Elena | Associate; joined Davis Polk 2019; admitted New York 2020 | Intellectual Property | $690 | 6.6 | $4,554.00 |
| Benedict, Kathryn S. | Associate; joined Davis Polk 2017; admitted New York 2015 | Litigation | $1,095 | 933.5 | $1,022,182.50 |
| Berger, Rae | Associate; joined Davis Polk 2019; admitted New York 2020 | Litigation | $690 | 238.2 | $164,358.00 |
| Bias, Brandon C. | Associate; joined Davis Polk 2018; admitted New York 2020 | Litigation | $785 | 99.2 | $77,872.00 |
| Boehm, Korey | Associate; joined Davis Polk 2018; admitted New York 2019 | Litigation | $785 | 100.9 | $79,206.50 |
| Brock, Matthew R. | Associate; joined Davis Polk 2014; admitted New York 2015 | Litigation | $1,095 | 305.1 | $334,084.50 |
| Cardillo, Garrett | Associate; joined Davis Polk 2017; admitted New York 2017 | Litigation | $1,065 | 370.8 | $394,902.00 |
| Chen, Chen | Associate; joined Davis Polk 2019; admitted New York 2020 | Litigation | $690 | 156.7 | $108,123.00 |
| Chen, Yifu | Associate; joined Davis Polk 2017; admitted New York 2018 | Intellectual Property | $990 | 143.2 | $141,768.00 |
| Cheung, Chui-Lai | Associate; joined Davis Polk 2017; admitted New York 2018 | Litigation | $990 | 12.4 | $12,276.00 |
| Chu, Dennis | Associate; joined Davis Polk 2019; admitted New York 2020 | Restructuring | $690 | 531.9 | $367,011.00 |
| Clarke, Molly O'Malley | Associate; joined Davis Polk 2017; admitted New York 2018 | Litigation | $990 | 137.9 | $136,521.00 |

C-3

| Name of Professional Individual | Position, Year Assumed Position, Prior Relevant Experience, Year of Obtaining Relevant License to Practice | Department | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| Comstock, Michael | Associate; joined Davis Polk 2012; admitted New York 2013 | Environmental | $1,095 | 16.0 | $17,520.00 |
| Consla, Dylan A. | Associate; joined Davis Polk 2015; admitted New York 2015 | Restructuring | $1,095 | 534.8 | $585,606.00 |
| D'Angelo, Nicholas | Associate; joined Davis Polk 2017; admitted New York 2017 | Litigation | $990 | 17.7 | $17,523.00 |
| Diggs, Elizabeth R. | Associate; joined Davis Polk 2017; admitted New York 2018 | Mergers and Acquisitions | $990 | 651.3 | $644,787.00 |
| DiMarco, Nicholas | Associate; joined Davis Polk 2017; admitted New York 2017 | Litigation | $785 | 34.2 | $26,847.00 |
| Dolsenhe, Chloe O. | Associate; joined Davis Polk 2020; admitted District of Columbia 2020 | Litigation | $690 | 82.3 | $56,787.00 |
| Dorsey, Stephanie | Associate; joined Davis Polk 2017; admitted New York 2018 | Litigation | $990 | 50.3 | $49,797.00 |
| Eng, Brendan | Associate; joined Davis Polk 2019; admitted New York 2020 | Litigation | $690 | 100.2 | $69,138.00 |
| Gelbfish, Isaac M. | Associate; joined Davis Polk 2020; admitted New York 2018 | Litigation | $990 | 72.4 | $71,676.00 |
| Giebisch, Allison | Associate; joined Davis Polk 2019; admitted New York 2020 | Mergers and Acquisitions | $690 | 8.5 | $5,865.00 |
| Gong, Bree | Associate; joined Davis Polk 2019; admitted New York 2020 | Tax | $690 | 36.8 | $25,392.00 |
| Green, Thomas S. | Associate; joined Davis Polk 2019; admitted New York 2016 | Restructuring | $1,080 | 4.8 | $5,184.00 |
| Hamby, Aly | Associate; joined Davis Polk 2019; admitted New York 2020 | Litigation | $690 | 142.9 | $98,601.00 |
| Hansen, Stephanie R. | Associate; joined Davis Polk 2019; admitted New York 2020 | Litigation | $690 | 4.6 | $3,174.00 |
| Hendin, Alexander J. | Associate; joined Davis Polk 2016; admitted New York 2017 | Tax | $1,065 | 80.4 | $85,626.00 |

| Name of Professional Individual | Position, Year Assumed Position, Prior Relevant Experience, Year of Obtaining Relevant License to Practice | Department | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| Horley, Tim | Associate; joined Davis Polk 2018; admitted New York 2019 | Litigation | $785 | 300.1 | $235,578.50 |
| Hwang, Eric | Associate; joined Davis Polk 2019; admitted New York 2020 | Restructuring | $690 | 17.3 | $11,937.00 |
| Jacobson, Alexa | Associate; joined Davis Polk 2019; admitted New York 2020 | Litigation | $690 | 276.7 | $190,923.00 |
| Jayaraman, Shiva | Associate; joined Davis Polk 2020; admitted New York 2018 | Litigation | $990 | 58.4 | $57,816.00 |
| Jernigan, Ben | Associate; joined Davis Polk 2014; admitted New York 2020 | Litigation | $690 | 260.0 | $179,400.00 |
| Kasprisin, Justin Alexander | Associate; joined Davis Polk 2017; admitted New York 2012 | Employment | $990 | 117.6 | $116,424.00 |
| Kaufman, Zachary A. | Associate; joined Davis Polk 2018; admitted New York 2017 | Litigation | $1,065 | 446.0 | $474,990.00 |
| Kearney, Daniel P. | Associate; joined Davis Polk 2018; admitted New York 2019 | Intellectual Property | $785 | 25.6 | $20,096.00 |
| Killmond, Marie | Associate; joined Davis Polk 2019; admitted New York 2018 | Litigation | $990 | 21.4 | $21,186.00 |
| Kim, Clara Y. | Associate; joined Davis Polk 2017; admitted New York 2018 | Litigation | $990 | 32.9 | $32,571.00 |
| Kim, Eric M. | Associate; joined Davis Polk 2017; admitted New York 2017 | Litigation | $1,065 | 377.8 | $402,357.00 |
| King, Robert G. | Associate; joined Davis Polk 2016; admitted New York 2017 | Litigation | $1,065 | 263.3 | $280,414.50 |
| Knudson, Jacquelyn Swanner | Associate; joined Davis Polk 2017; admitted New York 2015 | Litigation | $1,080 | 734.4 | $793,152.00 |
| Leary, Amber | Associate; joined Davis Polk 2019; admitted New York 2020 | Restructuring | $690 | 3.2 | $2,208.00 |
| Lee, Grace | Associate; joined Davis Polk 2019; admitted New York 2020 | Litigation | $690 | 107.5 | $74,175.00 |

| Name of Professional Individual | Position, Year Assumed Position, Prior Relevant Experience, Year of Obtaining Relevant License to Practice | Department | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| Levine, Zachary | Associate; joined Davis Polk 2017; admitted New York 2018 | Restructuring | $990 | 608.0 | $601,920.00 |
| Lojac, Dylan H. | Associate; joined Davis Polk 2019; admitted New York 2020 | Mergers and Acquisitions | $690 | 300.9 | $207,621.00 |
| Lutchen, Alexa B. | Associate; joined Davis Polk 2014; admitted New York 2015 | Litigation | $1,095 | 165.5 | $181,222.50 |
| Malone, Patrick O. | Associate; joined Davis Polk 2018; admitted New York 2019 | Litigation | $785 | 159.7 | $125,364.50 |
| Manning, Molly I. | Associate; joined Davis Polk 2017; admitted New York 2018 | Mergers and Acquisitions | $990 | 65.0 | $64,350.00 |
| Massman, Stephanie | Associate; joined Davis Polk 2016; admitted New York 2017 | Restructuring | $1,080 | 80.3 | $86,724.00 |
| Matlock, Tracy L. | Associate; joined Davis Polk 2011; admitted New York 2013 | Tax | $1,095 | 110.7 | $121,216.50 |
| Mazer, Deborah S. | Associate; joined Davis Polk 2018; admitted New York 2018 | Litigation | $990 | 171.3 | $169,587.00 |
| McCarthy, Gerard | Associate; joined Davis Polk 2012; admitted New York 2015 | Litigation | $1,095 | 475.7 | $520,891.50 |
| Mendelson, Alex S. | Associate; joined Davis Polk 2019; admitted New York 2020 | Litigation | $690 | 508.6 | $350,934.00 |
| Meyer, Corey M. | Associate; joined Davis Polk 2019; admitted New York 2019 | Litigation | $690 | 332.1 | $229,149.00 |
| Nolan, Isabella | Associate; joined Davis Polk 2019; admitted New York 2020 | Litigation | $690 | 64.9 | $44,781.00 |
| Oluwole, Chautney M. | Associate; joined Davis Polk 2015; admitted New York 2016 | Litigation | $1,080 | 676.5 | $730,620.00 |
| Parrott, Andy T. | Associate; joined Davis Polk 2017; admitted New York 2018 | Litigation | $990 | 127.4 | $126,126.00 |
| Patti, Tessa | Associate; joined Davis Polk 2018; admitted New York 2019 | Employment | $785 | 1.8 | $1,413.00 |

| Name of Professional Individual | Position, Year Assumed Position, Prior Relevant Experience, Year of Obtaining Relevant License to Practice | Department | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| Paydar, Samira | Associate; joined Davis Polk 2017; admitted New York 2018 | Litigation | $990 | 262.3 | $259,677.00 |
| Peck, Dan | Associate; joined Davis Polk 2017; admitted New York 2018 | Litigation | $990 | 68.0 | $67,320.00 |
| Pera, Michael | Associate; joined Davis Polk 2016; admitted New York 2017 | Restructuring | $1,065 | 81.7 | $87,010.50 |
| Policastro, Michael V. | Associate; joined Davis Polk 2018; admitted New York 2017 | Intellectual Property | $1,080 | 53.8 | $58,104.00 |
| Póo, Alexa | Associate; joined Davis Polk 2019; admitted New York 2020 | Employment | $690 | 172.9 | $119,301.00 |
| Popkin, David | Associate; joined Davis Polk 2018; admitted New York 2019 | Litigation | $785 | 211.9 | $166,341.50 |
| Pucci, Michael V. | Associate; joined Davis Polk 2017; admitted New York 2018 | Litigation | $990 | 212.9 | $210,771.00 |
| Ricci, Anthony J. | Associate; joined Davis Polk 2019; admitted District of Columbia 2019 | Litigation | $690 | 156.0 | $107,640.00 |
| Rubin, Dylan S. | Associate; joined Davis Polk 2016; admitted New York 2017 | Litigation | $1,065 | 81.4 | $86,691.00 |
| Sandhu, Sharanjit Kaur | Associate; joined Davis Polk 2019; admitted New York 2020 | Restructuring | $690 | 443.1 | $305,739.00 |
| Sieben, Brian G. | Associate; joined Davis Polk 2015; admitted New York 2016 | Trusts and Estates | $1,080 | 136.8 | $147,744.00 |
| Staropoli, Krista | Associate; joined Davis Polk 2019; admitted New York 2020 | Litigation | $690 | 53.5 | $36,915.00 |
| Steinberg, Richard J. | Associate; joined Davis Polk 2019; admitted New York 2019 | Restructuring | $785 | 16.8 | $13,188.00 |
| Theodora, Brooke | Associate; joined Davis Polk 2017; admitted New York 2018 | Litigation | $990 | 36.6 | $36,234.00 |
| Thomson, Daniel J. | Associate; joined Davis Polk 2017; admitted New York 2018 | Litigation | $990 | 112.4 | $111,276.00 |

| Name of Professional Individual | Position, Year Assumed Position, Prior Relevant Experience, Year of Obtaining Relevant License to Practice | Department | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| Townes, Esther C. | Associate; joined Davis Polk 2018; admitted New York 2018 | Litigation | $990 | 399.4 | $395,406.00 |
| Vitiello, Sofia A. | Associate; joined Davis Polk 2018; admitted New York 2016 | Litigation | $1,080 | 389.4 | $420,552.00 |
| Wasim, Roshaan | Associate; joined Davis Polk 2019; admitted New York 2020 | Litigation | $690 | 280.1 | $193,269.00 |
| Wasserman, Benjamin D. | Associate; joined Davis Polk 2018; admitted New York 2018 | Litigation | $990 | 56.3 | $55,737.00 |
| Whisenant, Anna Lee | Associate; joined Davis Polk 2019; admitted New York 2020 | Litigation | $690 | 486.2 | $335,478.00 |
| Williams, Nikolaus | Associate; joined Davis Polk 2014; admitted New York 2015 | Litigation | $1,095 | 37.7 | $41,281.50 |
| Wohlberg, Charlie | Associate; joined Davis Polk 2019; admitted New York 2020 | Litigation | $690 | 137.5 | $94,875.00 |
| Wolfgang, Katelyn Trionfetti | Associate; joined Davis Polk 2013; admitted New York 2013 | Litigation | $1,095 | 29.0 | $31,755.00 |
| Wu, Serena D. | Associate; joined Davis Polk 2016; admitted New York 2017 | Litigation | $1,065 | 12.2 | $12,993.00 |
| Kitagawa, Takahiro | Foreign Temporary Associate; joined Davis Polk 2020 | Mergers and Acquisitions | $560 | 6.7 | $3,752.00 |
| Carvajal, Shanaye[2] | Law Clerk; joined Davis Polk 2019 | Litigation | $785 / $645 | 177.2 | $136,596.00 |
| Combs, Chris | Law Clerk; joined Davis Polk 2019 | Litigation | $690 | 119.8 | $82,662.00 |
| Dekhtyar, | Law Clerk; joined Davis Polk | Restructuring | $700 | 55.4 | $32,648.00 |

[2] The $645 rate relates to 17.9 hours of previously unbilled time in 2019.

| Name of Professional Individual | Position, Year Assumed Position, Prior Relevant Experience, Year of Obtaining Relevant License to Practice | Department | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| Mariya[3] | 2020 | | $560 | | |
| Guo, Angela W. | Law Clerk; joined Davis Polk 2019 | Litigation | $785 | 653.8 | $513,233.00 |
| Harutian, Liana | Law Clerk; joined Davis Polk 2019 | Litigation | $690 | 102.7 | $70,863.00 |
| Levavi, Dov | Law Clerk; joined Davis Polk 2019 | Litigation | $690 | 229.7 | $158,493.00 |
| Martinez, Catherine | Law Clerk; joined Davis Polk 2019 | Litigation | $690 | 2.5 | $1,725.00 |
| Mazzoni, Gianluca[4] | Law Clerk; joined Davis Polk 2019 | Tax | $785 / $645 | 52.7 | $41,257.50 |
| Romero-Wagner, Alex B. | Law Clerk; joined Davis Polk 2019 | Restructuring | $690 | 4.8 | $3,312.00 |
| Smith, Elizabeth | Law Clerk; joined Davis Polk 2019 | Employment | $690 | 2.3 | $1,587.00 |
| Sud, Akhil | Law Clerk; joined Davis Polk 2019 | Litigation | $690 | 61.2 | $42,228.00 |
| Tobierre, Elizabeth Reba | Law Clerk; joined Davis Polk 2019 | Litigation | $690 | 284.2 | $196,098.00 |
| Turay, Edna | Law Clerk; joined Davis Polk 2019 | Mergers and Acquisitions | $690 | 64.4 | $44,436.00 |
| Famakinwa, Sade | Summer Associate; joined Davis Polk 2020 | Unassigned | $395 | 25.5 | $10,072.50 |
| Ash, Jeffrey | Discovery Attorney; joined Davis Polk 2020 | Litigation | $495 | 147.2 | $72,864.00 |
| Chu, Alvin | Discovery Attorney; joined Davis Polk 2020 | Litigation | $495 | 586.2 | $290,169.00 |
| Datta, Davee | Discovery Attorney; joined Davis Polk 2020 | Litigation | $495 | 333.8 | $165,231.00 |
| Echegaray, Pablo | Discovery Attorney; joined Davis Polk 2019 | Litigation | $495 | 541.8 | $268,191.00 |
| Echeverria, Eileen | Discovery Attorney; joined Davis Polk 2000 | Litigation | $495 | 471.0 | $233,145.00 |

[3] Due to a clerical error, 11.6 hours of work performed by the timekeeper were incorrectly charged at a rate of $700 per hour instead of $560 per hour. Accordingly, compensation requested in the *Thirteenth Monthly Fee Statement of Davis Polk & Wardwell LLP for Compensation for Services and Reimbursement of Expenses Incurred as Counsel to the Debtors and Debtors in Possession for the Period from September 1, 2020 through September 30, 2020* [ECF No. 1985] has been reduced by $1,624.00.

[4] The $645 rate relates to 0.8 hours of previously unbilled time in 2019.

| Name of Professional Individual | Position, Year Assumed Position, Prior Relevant Experience, Year of Obtaining Relevant License to Practice | Department | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| Elaiwat, Hebah | Discovery Attorney; joined Davis Polk 2020 | Litigation | $495 | 123.9 | $61,330.50 |
| Fodera, Anthony | Discovery Attorney; joined Davis Polk 2020 | Litigation | $495 | 399.1 | $197,554.50 |
| Ford, Megan E. | Discovery Attorney; joined Davis Polk 2014 | Litigation | $495 | 232.4 | $115,038.00 |
| Ghile, Daniela | Discovery Attorney; joined Davis Polk 2020 | Litigation | $495 | 704.3 | $348,628.50 |
| Golodner, Scott | Discovery Attorney; joined Davis Polk 2020 | Litigation | $495 | 338.4 | $167,508.00 |
| Gravesande, Euphemia | Discovery Attorney; joined Davis Polk 2014 | Litigation | $495 | 65.2 | $32,274.00 |
| Jarrett, Janice | Discovery Attorney; joined Davis Polk 2020 | Litigation | $495 | 443.0 | $219,285.00 |
| Jouvin, Zoe | Discovery Attorney; joined Davis Polk 2020 | Litigation | $495 | 346.8 | $171,666.00 |
| Karagiannakis, Steve A. | Discovery Attorney; joined Davis Polk 2014 | Litigation | $495 | 73.6 | $36,432.00 |
| Maria, Edwin | Discovery Attorney; joined Davis Polk 2020 | Litigation | $495 | 538.3 | $266,458.50 |
| Mendes, Nelson | Discovery Attorney; joined Davis Polk 2019 | Litigation | $495 | 351.5 | $173,992.50 |
| Nayeem, Jenn N. | Discovery Attorney; joined Davis Polk 2014 | Litigation | $495 | 526.9 | $260,815.50 |
| Parris, Jeffrey | Discovery Attorney; joined Davis Polk 2014 | Litigation | $495 | 672.8 | $333,036.00 |
| Pergament, Joshua | Discovery Attorney; joined Davis Polk 2020 | Litigation | $495 | 627.1 | $310,414.50 |
| Sanfilippo, Anthony Joseph | Discovery Attorney; joined Davis Polk 2004 | Litigation | $495 | 1038.6 | $514,107.00 |
| Sawczuk, Lara | Discovery Attorney; joined Davis Polk 2020 | Litigation | $495 | 235.3 | $116,473.50 |
| Schlosser, Jeremy | Discovery Attorney; joined Davis Polk 2020 | Litigation | $495 | 614.5 | $304,177.50 |
| Shiwnandan, Lakshmi | Discovery Attorney; joined Davis Polk 2020 | Litigation | $495 | 434.7 | $215,176.50 |
| Tasch, Tracilyn | Discovery Attorney; joined Davis Polk 2019 | Litigation | $495 | 404.4 | $200,178.00 |
| Altman, Olivia | Legal Assistant; joined Davis Polk 2019 | Restructuring | $325 | 122.9 | $39,942.50 |
| Bennett, Aoife | Legal assistant; joined Davis Polk 2020 | Litigation | $325 | 60.6 | $19,695.00 |
| Bruney, Theresa | Legal Assistant; joined Davis Polk 2017 | Litigation | $450 | 29.6 | $13,320.00 |

| Name of Professional Individual | Position, Year Assumed Position, Prior Relevant Experience, Year of Obtaining Relevant License to Practice | Department | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| Callan, Olivia | Legal assistant; joined Davis Polk 2020 | Litigation | $325 | 151.2 | $49,140.00 |
| Elder, Abigail | Legal assistant; joined Davis Polk 2020 | Litigation | $325 | 32.3 | $10,497.50 |
| Giddens, Magali | Legal Assistant; joined Davis Polk 2019 | Restructuring | $450 | 404.1 | $181,845.00 |
| Halford, Edgar Bernard | Legal Assistant; joined Davis Polk 2003 | Litigation | $450 | 29.0 | $13,050.00 |
| Hannah, Jack P. | Legal Assistant; joined Davis Polk 2020 | Litigation | $325 | 96.7 | $31,427.50 |
| Ismail, Mohamed Ali | Legal Assistant; joined Davis Polk 1993 | Litigation | $450 | 5.4 | $2,430.00 |
| Kaletka, Erich J | Legal Assistant; joined Davis Polk 2018 | Litigation | $450 | 7.0 | $3,150.00 |
| Spock, Benjamin | Legal Assistant; joined Davis Polk 2016 | Litigation | $450 | 51.0 | $22,950.00 |
| Stevens, Kelsey D. | Legal Assistant; joined Davis Polk 1992 | Restructuring | $450 | 2.1 | $945.00 |
| Walker, Amy | Legal assistant; joined Davis Polk 2020 | Litigation | $325 | 26.6 | $8,645.00 |
| Wittig, Amelia | Legal assistant; joined Davis Polk 2020 | Litigation | $325 | 37.6 | $12,220.00 |
| Young, Ryan[5] | Legal Assistant; joined Davis Polk 2019 | Litigation | $450 / $325 | 104.1 | $46,320.00 |
| Yu, Brandon | Legal Assistant; joined Davis Polk 2020 | Litigation | $450 | 11.3 | $5,085.00 |
| Pagnotta, Ariana | Court Clerk; joined Davis Polk 2019 | Managing Attorney's Office | $200 | 2.9 | $580.00 |
| Bauer, Christopher William | EDiscovery Project Manager; joined Davis Polk 2005 | eDiscovery Project Management | $505 | 3.7 | $1,868.50 |
| Hinton, Carla Nadine | Ediscovery Project Manager; joined Davis Polk 2000 | eDiscovery Project Management | $505 | 485.2 | $245,026.00 |
| Lewis, LeKeith | Ediscovery Project Manager; joined Davis Polk 2005 | eDiscovery Project Management | $505 | 7.7 | $3,888.50 |

[5] The two different hourly rates reflect an increase in the timekeeper's hourly rate on account of a promotion. Of the 104.1 hours billed by the timekeeper, 4.2 hours were billed at an hourly billing rate of $325 and 99.9 hours were billed at the increased rate of $450.

| Name of Professional Individual | Position, Year Assumed Position, Prior Relevant Experience, Year of Obtaining Relevant License to Practice | Department | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| Chau, Kin Man | Ediscovery Management Analyst; joined Davis Polk 2015 | eDiscovery Project Management | $405 | 360.6 | $146,043.00 |
| Chen, Johnny W. | Ediscovery Management Analyst; joined Davis Polk 2008 | eDiscovery Project Management | $405 | 645.4 | $261,387.00 |
| Ionescu, Alex | Ediscovery Senior Litigation Technology Specialist; joined Davis Polk 2012 | eDiscovery Project Management | $405 | 6.5 | $2,632.50 |
| Waingarten, Daniel | Analyst; joined Davis Polk 2017 | eDiscovery Project Management | $405 | 17.5 | $7,087.50 |
| Zaleck, Mark | Senior Legal Reference Librarian; joined Davis Polk 1995 | Library | $585 | 2.6 | $1,521.00 |
| Richmond, Marjorie | Legal Reference Librarian; joined Davis Polk 2007 | Library | $520 | 9.1 | $4,732.00 |
| **Associates, Law Clerks and Legal Assistants Total:** | | | | **30,532.2** | **$22,042,267.00** |
| **GRAND TOTAL** | | | | **36,424.8** | **$30,809,735.00[6]** |

---

[6] This amount reflects a reduction in fees in the amount of $98,674.00 on account of voluntary write-offs and a reduction of $1,624 in respect of a clerical error (see Exhibit C, footnote 3).

## Exhibit D

### Fees by Project Category for Fee Period

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Asset Acquisitions/Dispositions | 353.2 | $397,632.50 |
| Automatic Stay/Preliminary Injunction/Litigation/DOJ | 5,164.5 | $4,341,310.50 |
| Bar Date/Estimation/Claims Allowance Issues | 3,721.9 | $4,271,113.00 |
| Corporate Governance, Board Matters and Communications | 738.9 | $916,912.00 |
| Creditor/UCC/AHC Issues | 14,442.9 | $8,881,608.00 |
| Cross-Border/International Issues | 2.9 | $3,691.00 |
| Equityholder/IAC Issues | 104.9 | $143,514.00 |
| Customer/Vendor/Lease/Contract Issues | 1,351.3 | $1,300,639.00 |
| Employee/Pension Issues | 1,445.6 | $1,711,832.50 |
| General Case Administration | 1,274.3 | $1,273,434.00 |
| Non-DPW Retention and Fee Issues | 72.7 | $82,528.00 |
| Support Agreement/Plan/Disclosure Statement | 945.2 | $1,054,825.00 |
| DPW Retention/Preparation of Fee Statements/Applications Budget | 878.2 | $574,610.50 |
| IP, Regulatory and Tax | 775.5 | $865,763.00 |
| Special Committee/Investigations Issues | 4,953.7 | $4,797,148.00 |
| Rule 2004 Discovery | 199.1 | $194,798.00 |
| **Total** | **36,424.8** | **$30,809,735.00[1]** |

---

[1] This amount reflects a reduction in fees in the amount of $98,674.00 on account of voluntary write-offs and a reduction of $1,624 in respect of a clerical error (see Exhibit C, footnote 3).

**<u>Exhibit E</u>**

**Staffing Plan for Fee Period**

Davis Polk discussed attorney staffing with the Debtors throughout the cases and has supplemented and adjusted its team as necessary to meet the needs of the Debtors under the changing circumstances of these cases. The Debtors have delivered a detailed monthly budget by project category for the period of October 1, 2020 through January 31, 2021.

**Exhibit F**

**Expense Summary**

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Computer Research | *LexisNexis and Westlaw* | $  84,653.88 |
| Court and Related Fees | *Court related* | $  44,415.91 |
| Duplication | *N/A* | $    1,646.30 |
| Litigation Support | *Davis Polk* | $      154.51 |
| Business Meals | *See Business Meal Detail provided in Davis Polk's Monthly Fee Statements* | $      817.22 |
| Office Charges | *N/A* | $50.75 |
| Outside Documents & Research | *LexisNexis* | $  11,301.70 |
| Postage, Courier & Freight | *N/A* | $    5,117.76 |
| Travel | *See Travel Detail provided in Davis Polk's Monthly Fee Statements* | $5,813.23 |
| **TOTAL** | | **$ 153,971.26** |

## Exhibit G

**Customary and Comparable Compensation Disclosures for the Fee period**

| CATEGORY OF TIMEKEEPER | BLENDED HOURLY RATE | |
|---|---|---|
| | Professionals at the New York Office of Davis Polk & Wardwell LLP for a 12-Month Period Ending on September 30, 2020, Excluding Bankruptcy Matters [1] | Purdue Application |
| Partner | $1,461.63 | $1,672.72 |
| Counsel | $1,188.59 | $1,299.17 |
| Other Attorneys [2] | $755.28 | $751.52 |
| Paraprofessionals | $409.24 | $418.56 |
| **All Timekeepers Aggregated** | **$871.64** | **$845.89** |

[1] This blended hourly rate is adjusted to exclude hours and compensation billed to certain clients with special billing arrangements.

[2] This category includes Law Clerks and Discovery Attorneys.

G-1