**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| PURDUE PHARMA L.P., *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

**ORDER PURSUANT TO 11 U.S.C. § 105 AND FED. R. BANKR. P. 9019
AUTHORIZING AND APPROVING SETTLEMENTS BETWEEN
THE DEBTORS AND THE UNITED STATES**

Upon the motion (the "**Motion**")[2] of Purdue Pharma L.P. and its affiliates that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**"), for entry of an order, pursuant to section 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for entry of an order authorizing and approving the Plea Agreement substantially in the form attached to the Motion as **Exhibit B** and the Civil Settlement Agreement substantially in the form attached to the Motion as **Exhibit C**, as more fully set forth in the Motion; and the Court having jurisdiction to consider the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and the Court having held a hearing to consider the relief requested in the Motion on a final basis (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and the Court having determined that the relief requested is in the best interests of the Debtors, their estates, creditors and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Motion is granted as provided herein.

2. Pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019, the Debtors are authorized and empowered to enter into the Plea Agreement and Civil Settlement Agreement and to take such steps as may be necessary to implement and effectuate the terms and provisions of the Plea Agreement, the Civil Settlement Agreement and this Order.

3. If the District Court ~~approves~~accepts the Plea Agreement at the sentencing hearing, the United States shall, as of the later of (i) the entry of the judgment of conviction in accordance with the Plea Agreement and (ii) confirmation of the Debtors' Plan, have an allowed superpriority administrative expense claim against PPLP in the amount of $2.0 billion (the "**Forfeiture Judgment**") with priority over any and all claims and administrative expenses of any kind, including but not limited to those specified in 11 U.S.C. §§ 364(c)(1), 503(b)(1), or

507(b).  PPLP shall not grant to any other party any superpriority claim that is senior to or on parity with the Forfeiture Judgment.

4. If the District Court ~~approves~~accepts the Plea Agreement at the sentencing hearing, the Debtors are authorized to tender to the United States Marshals a $225 million payment (the "**Forfeiture Payment**") within three business days following the entry of a judgment of conviction in accordance with the Plea Agreement.

5. If the District Court ~~approves~~accepts the Plea Agreement at the sentencing hearing, the United States shall, as of the later of (i) the entry of the judgment of conviction in accordance with the Plea Agreement and (ii) confirmation of the Debtors' Plan, have an allowed, unsubordinated, undisputed, non-contingent, liquidated unsecured claim against PPLP in the amount of $3.544 billion on account of criminal fine liability (the "**Criminal Fine Claim**").

6. The United States shall have an allowed, unsubordinated, undisputed, non-contingent, liquidated unsecured claim against PPLP in the amount of $2.8 billion arising from the DOJ's civil investigation (the "**Civil Claim**" and, together with the Criminal Fine Claim, the "**Allowed Claims**"); *provided* that if PPLP defaults on any material obligation under ~~this~~the Civil Settlement Agreement; if a Plan materially consistent with the terms of the Civil Settlement Agreement is not confirmed; in the event of voluntary dismissal or conversion of the Cases~~, voluntary or otherwise~~; or in the event the Debtors' obligations under the Civil Settlement Agreement are voided for any reason, the United States may elect, in its sole discretion: (a) to rescind the releases in the Civil Settlement Agreement and bring any civil and/or administrative claim, action, or proceeding against the Debtors for the claims that would otherwise be covered by the release provided in Paragraph III.3 of the Civil Settlement Agreement or (b) to have an undisputed, noncontingent, and liquidated, allowed unsecured claim against Debtors for the full

amount of the DOJ Civil Proof of Claim.  With respect to (a) and (b) in this paragraph 6, the United States fully reserves any and all setoff and recoupment rights, claims, and defenses as to the Debtors the United States may have, and the United States may pursue its claims in the Cases as well as in any other case, action or proceeding.

7. The Allowed Claims shall be treated as prepetition general unsecured claims against PPLP, shall not be entitled to priority, shall not be subject to subordination, and their allowance shall not be subject to reconsideration.  ~~The~~For the avoidance of doubt, the United States shall have the right to (a) rescind the Civil Settlement Agreement if the Debtors' Plan ~~will~~ (i) does not provide for a cash distribution on account of the Allowed Claims as soon as reasonably practicable after the effective date of the Plan; (ii) ~~not provide~~provides the United States with an equity stake in the reorganized company or any other structure that emerges from the bankruptcy; (iii) does not provide that payment shall be made into accounts set forth in the instructions provided to the Debtors by the Civil Division of the Department of Justice; (iv) does not place the Allowed Claims in a separate class from other creditors; ~~and~~or (v) does not treat the Allowed Claims fairly and equitably ~~and shall not discriminate~~or discriminates unfairly against such claims~~.~~ and (b) rescind the Plea Agreement if the Debtors default on any material obligation thereunder, including if the Debtors' Plan does not provide for the Forfeiture Judgment and Criminal Fine Claim on the terms set forth in the Plea Agreement and this Order.

8. In the event of a default by the Debtors of any material obligation under the Civil Settlement Agreement or rescission of the Civil Settlement Agreement, the automatic stay under 11 U.S.C. § 362(a) shall not apply to the investigation and litigation of the United States' civil claims, actions or proceedings in connection with the Covered Conduct up to and including the

point of a monetary judgment, but shall apply to execution of or collection on any monetary judgment against the Debtors without further order of the Court.

9. Notwithstanding anything else in this Order or the Plea Agreement to the contrary, (a) the Forfeiture Judgment, Forfeiture Payment, and Criminal Fine Claim shall not be allowed claims until the later of (i) entry of the judgment of conviction in accordance with the Plea Agreement by the United States District Court for the District of New Jersey and (ii) confirmation of the Debtors' Plan; and (b) solely for purposes of classification under the Plan pursuant to section 1122 of the Bankruptcy Code, accepting or rejecting the Plan pursuant to section 1126 of the Bankruptcy Code, and proposed treatment under the Plan pursuant to (x) section 1129(a)(9)(A) or (y) section 1129(b)(1) and (2)(B), as applicable, in these Cases, the Forfeiture Judgment, Forfeiture Payment and Criminal Fine Claim shall be deemed allowed with the priority set forth in this Order.

10. ~~9.~~ Once the Confirmation Order confirming the Plan has become final and non-appealable, and the Plan has become effective, and in accordance with the terms of the Plea Agreement, the Debtors will create and host a public document repository containing non-privileged documents in their possession, custody, or control that they have produced to the United States and that the United States identifies as relating to the charges asserted in the Information and the alleged civil violations, which will be publicly available at an easily identifiable and accessible website.  The Debtors (and their successors) will maintain the document repository for no less than five (5) years.

11. ~~10.~~ Nothing in the DOJ Resolution or this Order shall (i) require the United States to vote in favor of or support any chapter 11 plan proposed in this case or (ii) prevent the United States from objecting to any chapter 11 plan proposed in this case.

12. ~~11.~~ Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

13. ~~12.~~ The Debtors are authorized to take all actions necessary to implement the relief granted in this Order.

14. ~~13.~~ This Order shall bind the Debtors, their estates and any successors or assigns.

15. ~~14.~~ The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: _____, 2020
   New York, New York

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

| Summary report: Litera® Change-Pro for Word 10.7.0.7 Document comparison done on 11/17/2020 12:23:32 PM ||
|---|---|
| **Style name:** Color Legislative Moves+Images ||
| **Intelligent Table Comparison:** Active ||
| **Original DMS:** iw://DMS/AmericasActive/93845027/1 ||
| **Modified DMS:** iw://DMS/AmericasActive/93845027/11 ||
| **Changes:** ||
| Add | 31 |
| Delete | 17 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 48 |