UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

PURDUE PHARMA L.P., *et al.*,

Debtors.[1]

Chapter 11

Case No. 19-23649 (RDD)

(Jointly Administered)

## SUPPLEMENTAL ORDER AUTHORIZING THE DEBTORS TO IMPLEMENT A KEY EMPLOYEE INCENTIVE PLAN

Upon the motion (the "**Motion**")[2] of Purdue Pharma L.P. and its affiliates that are debtors and debtors in possession in these cases (collectively, the "**Debtors**") for entry of an order approving and authorizing the KEIP and the KERP, as more fully set forth in the Motion; and upon the Lowne Declaration, the Willis Towers Watson Declaration, the Supplemental Willis Towers Watson Declaration and the Second Supplemental Willis Towers Watson Declaration; and the Court having jurisdiction to consider the matters raised in the Motion pursuant to 28 U.S.C. §§ 157(a)-(b) and § 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Capitalized terms used but otherwise not defined herein will have the meanings set forth in the Motion or the Supplemental KEIP Reply (defined below), as applicable.

28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties, and it appearing that no other or further notice need be provided; and the Motion's request for relief with respect to the KERP having been granted as set forth in the *Order Authorizing the Debtors to Implement a Key Employee Retention Plan* [ECF No. 1762]; and the Motion's request for relief with respect to the Initial KEIP Participants having been granted as set forth in the *Order Authorizing the Debtors to Implement a Key Employee Incentive Plan* [ECF No. 1861]; and the Debtors having agreed to amend the Motion's request for relief with respect to the Remaining KEIP Participants as set forth in the Debtors' Supplemental KEIP Reply (as defined herein); and the AHC Objection to the Motion, which remained outstanding solely as to Motion's request for relief with respect to the KEIP, having been withdrawn; and upon the remaining objection, by the U.S. Trustee (the "**UST Objection**"), to the Motion's request for approval of relief with respect to the Remaining KEIP Participants and the record of the hearing held by the Court on the Motion on September 30, 2020, October 28, 2020, and November 17, 2020 (the "**Hearings**"); and, after due deliberation and for the reasons stated by the Court in its bench ruling at the conclusion of the November 17, 2020 Hearing, the Court having determined that the legal and factual bases set forth in the Motion, as amended by the Supplemental KEIP Reply, and at the Hearings (including any comments on the record in furtherance of and in explanation of the resolution reached herein) establish good and sufficient cause for the relief granted herein under section 503(c)(3) of the Bankruptcy Code, which relief is in the best interests of the Debtors, their creditors, their estates, and all other parties in interest, and that the UST Objection should be denied; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

    **IT IS HEREBY ORDERED THAT:**

1. Pursuant to sections 105(a), 363, and 503(c)(3) of the Bankruptcy Code, the Motion is granted as set forth herein.

2. The KEIP is approved as to the Remaining KEIP Participants in its entirety in the modified form set forth in the *Debtors' Supplemental Reply in Support of Motion of Debtors for Entry of an Order Authorizing Implementation of a Key Employee Incentive Plan and a Key Employee Retention Plan* [ECF No. 1960] (the "**Supplemental KEIP Reply**").

3. The Debtors are authorized, but not directed, to take all actions necessary to implement the KEIP with respect to the Remaining KEIP Participants on the terms and conditions set forth in the Motion, as modified by the Supplemental KEIP Reply, including making any payments to the Remaining KEIP Participants pursuant to the terms of the KEIP (as modified by the Supplemental KEIP Reply).

4. Once earned, the Debtors' obligations to pay amounts to the Remaining KEIP Participants that become due and owing under the KEIP shall constitute administrative expenses pursuant to section 503(b) of the Bankruptcy Code, thereby entitled to priority payment pursuant to section 507(a)(2) of the Bankruptcy Code.

5. Nothing in this Order or any action taken by the Debtors in furtherance of the implementation hereof shall be deemed to constitute an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code, and all of the Debtors' rights with respect to such matters are expressly reserved.

6. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall (a) create, nor is it intended to create, any rights in favor of, or enhance the status of any claim held by, any person or entity or (b) be deemed to convert the priority of any claim from a prepetition claim into an administrative expense claim.

7. Nothing in this Order nor the Debtors' payment of claims pursuant to this Order shall be construed as or deemed to constitute (a) an agreement or admission by the Debtors as to the validity of any claim against the Debtors on any ground, (b) a grant of third-party beneficiary status or bestowal of any additional rights on any third party, (c) a waiver or impairment of any rights, claims, or defenses of the Debtors' rights to dispute any claim on any ground, (d) a promise by the Debtors to pay any claim, or (e) an implication or admission by the Debtors that such claim is payable pursuant to this Order.

8. Nothing in this Order or its approval is intended to be (a) an agreement by any creditor with the Debtors' assessment of the current compensation market or (b) an agreement or endorsement by any creditor of the contours of any specific plan of reorganization for the Debtors (including, without limitation, the inclusion of any releases included therein).

9. For the avoidance of doubt, to the extent that any Remaining KEIP Participant is determined by a final order of this Court or any court of competent jurisdiction to have (a) knowingly participated in any criminal misconduct in connection with his or her employment with the Debtors or (b) been aware, other than from public sources, of acts or omissions of others that such Remaining KEIP Participant knew at the time were fraudulent or criminal with respect to the Company's commercial practices in connection with the sale of opioids and failed to report such fraudulent or criminal acts or omissions internally at the Company or to law enforcement authorities at any time during his or her employment with the Company, such Remaining KEIP Participant shall not be eligible to receive any payments approved by this Order. All parties' rights, if any, to seek disgorgement of payments following the entry of such final order are reserved. The CEO shall not take any action with respect to his compensation under the KEIP with the intent or material effect of frustrating enforcement of any potential judgment of the Court in these chapter

11 cases or any other actions pending against him in any other court or jurisdiction with respect to such amounts.

10. Any Bankruptcy Rule (including, but not limited to, Bankruptcy Rule 6004(h)) or Local Rule that might otherwise delay the effectiveness of this Order is hereby waived, for cause shown, and the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

11. The contents of the Motion and the notice procedures set forth therein are good and sufficient notice and satisfy the Bankruptcy Rules and the Local Bankruptcy Rules for the Southern District of New York, and no other or further notice of the Motion or the entry of this Order shall be required.

12. The Debtors are authorized to take all such actions as are necessary or appropriate to implement the terms of this Order.

13. The Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: White Plains, New York  /s/ Robert D. Drain
      November 18, 2020  THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE