UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>**PURDUE PHARMA L.P.,** *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 19-23649 (RDD)<br><br>Jointly Administered |

**THIRD SUPPLEMENTAL DECLARATION OF MARSHALL S. HUEBNER IN
SUPPORT OF THE APPLICATION OF DEBTORS FOR AUTHORITY TO EMPLOY
AND RETAIN DAVIS POLK & WARDWELL LLP AS ATTORNEYS FOR THE
DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE**

I, Marshall S. Huebner, hereby declare pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") as follows:

1. I am a partner of Davis Polk & Wardwell LLP ("**Davis Polk**"), a law firm with its principal office at 450 Lexington Avenue, New York, New York 10017 and other offices in Washington, D.C., Northern California, London, Paris, Madrid, São Paulo, Tokyo, Beijing and Hong Kong.

2. I submit this supplemental declaration (the "**Third Supplemental Declaration**") in connection with the *Application of Debtors for Authority to Employ and Retain Davis Polk & Wardwell LLP as Attorneys for the Debtors* Nunc Pro Tunc *to the Petition Date* [ECF No. 419]

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

1

(the "**Application**"),[2] filed by the above-captioned debtors and debtors-in-possession (the "**Debtors**") on November 5, 2019; the initial declaration in support of the Application (the "**Initial Declaration**") filed therewith; the *Supplemental Declaration of Marshall S. Huebner in Support of the Application of Debtors to Employ and Retain Davis Polk & Wardwell LLP as Attorneys for the Debtors* Nunc Pro Tunc *to the Petition Date* [ECF No. 703] (the "**First Supplemental Declaration**") filed by the Debtors on December 26, 2019; and the *Second Supplemental Declaration of Marshall S. Huebner in Support of the Application of Debtors to Employ and Retain Davis Polk & Wardwell LLP as Attorneys for the Debtors* Nunc Pro Tunc *to the Petition Date* [ECF No. 1190] (the **"Second Supplemental Declaration"**) filed by the Debtors on May 28, 2020. On November 25, 2019, the Court entered the *Order Granting Debtors' Application for Authority to Employ and Retain Davis Polk & Wardwell LLP as Attorneys for the Debtors* Nunc Pro Tunc *to the Petition Date* [ECF No. 542] (the "**Retention Order**").

3. In preparing this Third Supplemental Declaration, I relied on information brought to my attention pursuant to procedures (the "**Internal Review Procedures**") that Davis Polk has used to evaluate compliance with the requirements of the Bankruptcy Code and the Bankruptcy Rules regarding the employment and retention of professionals by a debtor under the Bankruptcy Code described in the Initial Declaration.

4. A list of the Debtors, their affiliates and other potential parties in interest in the Chapter 11 Cases (as set forth on **Schedule 1** to the Initial Declaration, the "**Initial Potential Parties In Interest List**") was created by the Debtors upon review of their records and in consultation with Davis Polk attorneys. Since the Petition Date, including since the filing of the

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

2

Second Supplemental Declaration, the Debtors have worked to identify any potential parties in interest who were not included in the Initial Potential Parties In Interest List or prior Amended Potential Parties in Interest Lists (defined below).  The most recent amended list (the "**Amended Potential Parties In Interest List**") is attached as **Exhibit 1** hereto.

5.      In the Initial Declaration, I disclosed that Davis Polk initially compared each of the parties on the Initial Potential Parties In Interest List to the Records Database from its conflict clearance and billing records, by searching all clients and former clients going back two years for any matters that have been opened or closed. It is Davis Polk's policy that no new matter may be accepted or opened without completing and submitting to those charged with maintaining the Records Database the information necessary to check each such matter for conflicts, including the identity of the prospective client, the matter, and other relevant parties. Accordingly, the Records Database is regularly updated for every new client retaining Davis Polk and significant matters undertaken for each such client.

6.      As set forth in the Initial Declaration, Davis Polk committed to conduct an ongoing review of its files commencing on or around each April 1 and October 1 that occurs during the Chapter 11 Cases to ensure that no disqualifying circumstances have arisen. Accordingly, Davis Polk has conducted a review (the "**Internal Review**") of the parties on the Amended Potential Parties In Interest List in accordance with the Internal Review Procedures by searching all current clients and former clients in the Records Database going back two years against the Amended Potential Parties In Interest List. Any matches between the Records Database and the Amended Potential Parties In Interest List, where such party was listed as a client of Davis Polk within the past two years but not so listed on Exhibit 2 to the Initial

Declaration, the Supplemental Declaration or the Second Supplemental Declaration are identified in the list attached as Exhibit 2 hereto (the "**Supplemental Client Match List**").

7. None of the additional parties found on the Supplemental Client Match List comprised greater than l% of Davis Polk's revenues during the 12 months ended December 31, 2019. Additionally, Davis Polk did not, and does not, represent any of such parties in matters related to the Debtors or the Chapter 11 Cases.

8. Based upon the Internal Review, Davis Polk believes that it is a "disinterested person," as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and, as required by section 327(a) and referenced by section 328(c) of the Bankruptcy Code, neither holds nor represents any interest adverse to the Debtors or their estates, in that Davis Polk, its partners, counsel and associates:

   (a) are not creditors, equity security holders or insiders of the Debtors;

   (b) are not and were not, within two years before the date of the filing of the Debtors' chapter 11 petitions, a director, officer or employee of the Debtors; and

   (c) do not hold or represent any interest that is materially adverse to the interests of the Debtors' estates, any class of creditors or equity security holders of the Debtors, by reason of Davis Polk's direct or indirect relationship to, connection with, or interest in, the Debtors or for any other reason, other than as set forth herein.

9. Pursuant to the Initial Declaration, Davis Polk will next conduct an ongoing review of its files commencing on or around April 1, 2021 to ensure that no disqualifying circumstances have arisen. If any new facts that Davis Polk believes should be disclosed to the Court and the parties in interest in the Chapter 11 Cases are discovered, Davis Polk will file a supplemental disclosure with the Court and serve such supplemental disclosure on the U.S.

Trustee. If any new material and relevant facts are discovered between the aforementioned review periods, Davis Polk will promptly file a supplemental disclosure with the Court and serve such supplemental disclosure on the U.S. Trustee.

10. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

[*Signature Page Follows*]

Dated: November 18, 2020

By: */s/ Marshall S. Huebner*
Marshall S. Huebner
Partner
Davis Polk & Wardwell LLP