IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>PURDUE PHARMA L.P., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 19-23649 (RDD) |

**NOTICE OF HEARING ON MOTION TO INTERVENE AND UNSEAL JUDICIAL
RECORDS BY DOW JONES & COMPANY, INC., BOSTON GLOBE MEDIA
PARTNERS, LLC, AND REUTERS NEWS & MEDIA, INC.**

PLEASE TAKE NOTICE that, upon the annexed Motion dated November 23, 2020, Dow Jones & Company, Inc., Boston Globe Media Partners, LLC, and Reuters News & Media, Inc., by their undersigned counsel, will move before the Honorable Robert D. Drain, United States Bankruptcy Judge, in the United States Bankruptcy Court of the Southern District of New York (the "Bankruptcy Court"), 300 Quarropas Street, White Plains, New York 10601, on December 15, 2020, at 10:00 a.m. (prevailing Eastern Time), or as soon thereafter as counsel may be heard, pursuant to Rule 2018(a) of the Federal Rules of Bankruptcy Procedure for an Order permitting them to intervene for the limited purpose of seeking public access to sealed and redacted documents filed with the Court in these proceedings.

PLEASE TAKE FURTHER NOTICE that pursuant to General Order M-543, dated March 20, 2020 (Morris, C.J.), such hearing shall be conducted telephonically so long as General Order M-543 is in effect on the day of the hearing or unless otherwise ordered by the Bankruptcy Court.

PLEASE TAKE FURTHER NOTICE that any hearing conducted by telephone shall be conducted pursuant to Judge Drain's guidelines for telephonic appearances and may require

1

registration with Court Solutions LLC.  Judge Drain's guidelines may be found at http://www.nysb.uscourts.gov/content/judge-drains-chambers-rules.  You may reach Court Solutions by telephone at (917) 746-7476 or online at www.court-solutions.com.  You need not appear at the hearing if you do not object to the relief requested in the Motion.

PLEASE TAKE FURTHER NOTICE that the Motion was electronically filed with the Bankruptcy Court.  Copies of the Motion cases may be obtained free of charge by visiting the website of Prime Clerk at https://restructuring.primeclerk.com/purduepharma.

PLEASE TAKE FURTHER NOTICE that any responses or objections to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, shall be filed with the Bankruptcy Court (a) by attorneys practicing in the Bankruptcy Court, including attorneys admitted pro hac vice, electronically in accordance with General Order M-399, and (b) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with the Second Amended Order Establishing Certain Notice, Case Management, and Administrative Procedures entered on November 18, 2019 [ECF 498], so as to be actually received no later than December 7, 2020, at 4:00 p.m. (prevailing Eastern Time).

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend the Hearing and a failure to appear may result in relief being granted upon default.

PLEASE TAKE FURTHER NOTICE that the Hearing may be continued or adjourned thereafter from time to time without further notice other than an announcement of the adjourned date or dates in open court at the Hearing.

Date:  November 23, 2020    Respectfully submitted,

*/s/ Katie Townsend*
Katie Townsend
THE REPORTERS COMMITTEE FOR
FREEDOM OF THE PRESS
1156 15th St. NW, Suite 1020
Washington, D.C. 20005
Phone: 202.795.9300
Facsimile: 202.795.9310
ktownsend@rcfp.org

*Counsel for Proposed Intervenors
Dow Jones & Company, Inc.,
Boston Globe Media Partners, LLC,
and Reuters News & Media, Inc.*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>PURDUE PHARMA L.P., *et al.*,<br><br>     Debtors. | Chapter 11<br><br>Case No. 19-23649 (RDD) |

**MOTION TO INTERVENE AND UNSEAL JUDICIAL RECORDS BY DOW JONES & COMPANY, INC., BOSTON GLOBE MEDIA PARTNERS, LLC, AND <u>REUTERS NEWS & MEDIA, INC.</u>**

Dow Jones & Company, Inc. ("Dow Jones"), publisher of *The Wall Street Journal* and other publications, including *WSJ Pro Bankruptcy* and Dow Jones Newswires, Boston Globe Media Partners, LLC, publisher of *The Boston Globe* and *STAT*, and Reuters News & Media, Inc. ("Reuters") (collectively, the "Media Intervenors"), hereby move pursuant to Rule 2018(a) of the Federal Rules of Bankruptcy Procedure to intervene for the limited purpose of seeking to unseal all sealed and redacted judicial documents filed with the Court in these proceedings, including, specifically, the following:

<u>**The Sealed Judicial Documents**</u>:

- Exhibits A–C and 1–100, 103, and 106–09 to the Declaration of Mitchell Hurley Dated September 29, 2020, ECF 1754;

- Exhibits 1–21 to the Declaration of Jasmine Ball Dated October 14, 2020, ECF 1805;

- Exhibits 22–24 to the Second Declaration of Jasmine Ball Dated October 14, 2020, ECF 1807;

1

- Exhibits 3–79 to the Declaration of Benjamin S. Kaminetzky in Support of Debtors' Omnibus Objection to the Official Committee's Motions to Compel Production of the Debtors' Privileged Documents and Cross-Motion for a Protective Order, ECF 1809;

- Exhibits 1–123 to the Declaration of Mara Leventhal Dated October 14, 2020, ECF 1812.

### *The Redacted Judicial Documents:*

- Official Committee of Unsecured Creditors' Motion to Compel Production of Purportedly Privileged Documents, or for In Camera Review, Based on Failure of the Sacklers and the Debtors to Demonstrate Documents Identified on Logs Are Privileged, ECF 1752;

- Official Committee of Unsecured Creditors' Motion to Compel Production of Purportedly Privileged Documents, or for In Camera Review, Based on Good Cause, Crime Fraud, and At Issue Exceptions to Claims of Privilege, ECF 1753;

- Objection of Mortimer Sackler Initial Covered Sackler Persons to the Official Committee of Unsecured Creditors' Motion to Compel Production of Purportedly Privileged Documents, or for In Camera Review, Based on Good Cause, Crime Fraud, and At Issue Exceptions to Claims of Privilege, ECF 1804;

- Objection of Mortimer Sackler Initial Covered Sackler Persons to the Official Committee of Unsecured Creditors' Motion to Compel Production of Purportedly Privileged Documents or for In Camera Review, Based on Failure of the Sacklers and the Debtors to Demonstrate Documents Identified on Logs Are Privileged, ECF 1806;

- Debtors' Omnibus Objection to the Official Committee's Motions to Compel Production of the Debtors' Privileged Documents and Cross-Motion for a Protective Order, ECF 1808;

- Letter from Department of Justice, ECF 1821;

- Official Committee of Unsecured Creditors' Reply in Support of Motion to Compel Production of Purportedly Privileged Documents, or for In Camera Review, Based on Failure of the Sacklers to Demonstrate Documents Identified on Logs Are Privileged, ECF 2013;

- Official Committee of Unsecured Creditors' Reply in Support of Motion to Compel Production of Purportedly Privileged Documents, or for In Camera Review, Based on Good Cause, Crime Fraud, and At Issue Exceptions to Claims of Privilege, ECF 2014.

| | |
|---|---|
| Date:   November 23, 2020 | Respectfully submitted, |
| | */s/ Katie Townsend* <br> Katie Townsend <br> THE REPORTERS COMMITTEE FOR <br> FREEDOM OF THE PRESS <br> 1156 15th St. NW, Suite 1020 <br> Washington, D.C. 20005 <br> Phone: 202.795.9300 <br> Facsimile: 202.795.9310 <br> ktownsend@rcfp.org |
| | *Counsel for Proposed Intervenors* <br> *Dow Jones & Company, Inc.,* <br> *Boston Globe Media Partners, LLC,* <br> *and Reuters News & Media, Inc.* |

3

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>PURDUE PHARMA L.P., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 19-23649 (RDD) |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO INTERVENE AND
UNSEAL JUDICIAL RECORDS BY DOW JONES & COMPANY, INC., BOSTON
<u>GLOBE MEDIA PARTNERS, LLC, AND REUTERS NEWS & MEDIA, INC.</u>**

Proposed Intervenors Dow Jones & Company, Inc. ("Dow Jones"), publisher of *The Wall Street Journal* and other publications, including *WSJ Pro Bankruptcy* and Dow Jones Newswires, Boston Globe Media Partners, LLC, publisher of *The Boston Globe* and *STAT*, and Reuters News & Media, Inc. ("Reuters") (collectively, the "Media Intervenors"), submit this Memorandum of Law in support of their Motion to Intervene and Unseal Judicial Records. The Media Intervenors move pursuant to Rule 2018(a) of the Federal Rules of Bankruptcy Procedure to intervene for the limited purpose of seeking to unseal all sealed and redacted judicial documents filed with the Court in these proceedings.

<u>**BACKGROUND**</u>

**A.    This case is one of substantial public interest.**

1.    Purdue Pharma, L.P. and twenty-three corporate affiliates (collectively, "Purdue" or the "Debtors") initiated these chapter 11 proceedings on September 15, 2019. *See* Mike Spector, *OxyContin Maker Purdue Pharma Files for Bankruptcy Protection*, Reuters (Sept. 15, 2019), https://www.reuters.com/article/us-purdue-pharma-bankruptcy-idUSKBN1W1058. As manufacturer of the drug OxyContin, Purdue has been the focus of intense public scrutiny as a

1

result of the opioid crisis—a public health epidemic that has had devastating consequences for individuals and communities across the country. *Id.* The Sackler family, which owns Purdue, has likewise faced public scrutiny in connection with the opioid crisis. *Id.*

2. Both Purdue and the Sackler family also have been named as defendants in a number of civil and criminal lawsuits arising from their role in the opioid crisis. Peg Brickley, *Opioid Victims Seek Chance to Take Purdue's Owners to Court*, Wall St. J. (Sept. 28, 2020), https://www.wsj.com/articles/opioid-victims-seek-chance-to-take-purdues-owners-to-court-11601323960. All such lawsuits were stayed pursuant to these chapter 11 proceedings. *Id.*

3. On October 21, 2020, the United States Department of Justice announced that it had reached a global resolution of all civil and criminal claims against Purdue and a civil settlement with members of the Sackler family, subject to the approval of this Court. Department of Justice Office of Public Affairs, *Justice Department Announces Global Resolution of Criminal and Civil Investigations with Opioid Manufacturer Purdue Pharma and Civil Settlement with Members of the Sackler Family*, U.S. Dep't of Just. (Oct. 21, 2020), https://perma.cc/34D2-8K9R.

4. Litigation regarding the role that Purdue and the Sackler family played in the opioid crisis, including these chapter 11 proceedings, has been covered extensively by the news media. *See, e.g.*, Brickley, *supra*; Spector, *supra*; Geoff Mulvihill, *Purdue Pharma, Maker of OxyContin, Files for Bankruptcy*, Boston Globe (Sept. 15, 2019), https://www.bostonglobe.com/business/2019/09/15/purdue-pharma-maker-oxycontin-files-for-bankruptcy/eF2vqUaCwx2aEHdxhNGh7O/story.html.

2

**B.    The redacted and sealed judicial documents filed with the Court.**

5.    As part of these chapter 11 proceedings, the Official Committee of Unsecured Creditors of Purdue Pharma, L.P. (the "UCC") is investigating whether Purdue improperly transferred money to offshore accounts and personal accounts of Sackler family members in order to limit the funds that would be available in litigation.  *See* Amended Stipulation and Agreed Order Among the Official Committee and Other Parties in Interest Regarding Discovery and the Sharing of Information in Chapter 11 Cases, ECF 1543.

6.    On September 30, 2020, the UCC filed two concurrent motions to compel the production of hundreds of thousands of documents that Purdue and the Sackler family have withheld in discovery under claims of privilege.  Official Committee of Unsecured Creditors' Motion to Compel Production of Purportedly Privileged Documents, or for In Camera Review, Based on Failure of the Sacklers and the Debtors to Demonstrate Documents Identified on Logs Are Privileged, ECF 1752 (hereinafter, the "Challenges Motion"); Official Committee of Unsecured Creditors' Mot. to Compel Produc. of Purportedly Privileged Docs., or for *In Camera* Review, Based on Good Cause, Crime Fraud, and At Issue Exceptions to Claims of Privilege at 3, ECF 1753 (hereinafter, the "Exceptions Motion").  The UCC asserts that many of the withheld documents are not privileged, and that even if some are, exceptions to the attorney-client privilege—including the Good Cause, Crime-Fraud, and At-Issue exceptions—apply and require their production.  *See* Exceptions Mot. at 1.

7.    Both the UCC's Challenges Motion and its Exceptions Motion (collectively, the "UCC Motions to Compel") are heavily redacted.

8.    In support of the Exceptions Motion, the UCC filed a declaration from attorney Mitchell Hurley, accompanied by 112 exhibits, 108 of which were filed under seal (Exhibits A–

3

C, 1–100, 103, and 106–09). Decl. of Mitchell Hurley Dated September 29, 2020, ECF 1754 ("Hurley Decl."). According to the UCC, the sealed exhibits are preliminary evidence that Purdue and the Sackler family engaged in criminal behavior by distributing and relocating funds in anticipation of litigation, thus supporting its assertion that exceptions should overcome any claim of attorney-client privilege made by Purdue or the Sacklers. Exceptions Mot. at 7–16. The Hurley Declaration indicates that the UCC filed the sealed exhibits under seal out of an abundance of caution because many were designated as Confidential, Highly Confidential, or Professional's Eyes Only during discovery pursuant to the Second Amended Protective Order, ECF 1540. *See* Hurley Decl. at 3.

9. The Debtors, the Mortimer Sackler Initial Covered Sackler Persons, and the United States of America have all objected to the UCC's Challenges Motion and Exceptions Motion in heavily redacted filings. *See* Objection of Mortimer Sackler Initial Covered Sackler Persons to the Official Committee of Unsecured Creditors' Motion to Compel Production of Purportedly Privileged Documents, or for In Camera Review, Based on Good Cause, Crime Fraud, and At Issue Exceptions to Claims of Privilege, ECF 1804; Objection of Mortimer Sackler Initial Covered Sackler Persons to the Official Committee of Unsecured Creditors' Motion to Compel Production of Purportedly Privileged Documents or for In Camera Review, Based on Failure of the Sacklers and the Debtors to Demonstrate Documents Identified on Logs Are Privileged, ECF 1806; Debtors' Omnibus Objection to the Official Committee's Motions to Compel Production of the Debtors' Privileged Documents and Cross-Motion for a Protective Order, ECF 1808; Letter, ECF 1821.

10. Four attorney declarations were submitted in connection with those objections to the UCC's Motions to Compel, and each declaration was accompanied by exhibits filed under

4

seal. *See* Declaration of Jasmine Ball Dated October 14, 2020, ECF 1805 (Exhibits 1–21 filed under seal); Second Declaration of Jasmine Ball Dated October 14, 2020, ECF 1807 (Exhibits 22–24 filed under seal); Declaration of Benjamin S. Kaminetzky in Support of Debtors' Omnibus Objection to the Official Committee's Motions to Compel Production of the Debtors' Privileged Documents and Cross-Motion for a Protective Order, ECF 1809 (Exhibits 3–79 filed under seal); and Declaration of Mara Leventhal Dated October 14, 2020, ECF 1812 ("Leventhal Decl.") (Exhibits 1–123 filed under seal).

11. The Leventhal Declaration states that the sealed exhibits attached thereto were filed under seal because they were designated as Confidential, Highly Confidential, or Professional's Eyes Only during discovery pursuant to the Second Amended Protective Order, ECF 1540. Leventhal Decl. at 2. No other attorney declaration states a reason for filing any exhibit under seal, and no party has filed any motion to seal any document with the Court.

12. Counsel for the Debtors and counsel for the UCC jointly represent that they have reached an agreement, to be filed in the form of a forthcoming stipulation, regarding the relief sought by the UCC in its Challenges Motion and Exceptions Motion and the Debtors' Cross-Motion for a Protective Order. *See* Notice of Agreement Between Debtors and Official Committee of Unsecured Creditors Regarding Privilege Motions and Adjournment of Hearing with Respect to Remaining Privilege Disputes as to the Sacklers at 3, ECF 1908.

13. Remaining disputes between the Sacklers and the UCC regarding the Challenges Motion and Exceptions Motion will be heard on December 15, 2020. *Id.* The UCC filed heavily redacted replies in support of the two motions on November 18, 2020. Official Committee of Unsecured Creditors' Reply in Support of Motion to Compel Production of Purportedly Privileged Documents, or for In Camera Review, Based on Failure of the Sacklers to

5

Demonstrate Documents Identified on Logs Are Privileged, ECF 2013; Official Committee of Unsecured Creditors' Reply in Support of Motion to Compel Production of Purportedly Privileged Documents, or for In Camera Review, Based on Good Cause, Crime Fraud, and At Issue Exceptions to Claims of Privilege, ECF 2014.

## RELIEF REQUESTED

14. The Media Intervenors seek entry of an order permitting it to intervene in these proceedings, pursuant to Federal Rule of Bankruptcy Procedure 2018(a), for the limited purpose of seeking to unseal sealed and redacted judicial documents.

15. The Media Intervenors further seek entry of an order unsealing all of the sealed and redacted judicial documents filed with the Court in these proceedings, including the sealed and redacted judicial documents identified, specifically, herein.

16. A Proposed Order setting forth the relief sought is attached hereto as Exhibit A.

## ARGUMENT

**A. The Media Intervenors should be permitted to intervene.**

17. The Media Intervenors seek to intervene in these proceedings pursuant to Federal Rule of Bankruptcy Procedure 2018(a) ("Rule 2018(a)") for the purpose of vindicating the public's right of access to the sealed and redacted judicial documents filed with the Court in this matter, which should be unsealed and unredacted for the reasons set forth below.

18. Rule 2018(a) permits "any interested entity" to intervene in a bankruptcy matter, either generally or "with respect to any specified matter." Fed. R. Bankr. Proc. 2018(a). Bankruptcy courts have consistently recognized that intervention is the proper mechanism by which members of the press may seek access to proceedings and records in such cases. *See, e.g.*, *In re Alterra Healthcare Corp.*, 353 B.R. 66, 70–71 (Bankr. D. Del. 2006) (finding intervention

under Rule 2018(a) to be the proper procedural mechanism for newspaper to challenge sealing orders); *In re Barney's, Inc.*, 201 B.R. 703, 706 (Bankr. S.D.N.Y. 1996) (permitting Dow Jones to intervene for purpose of objecting to motion to file documents under seal); *In re Ionosphere Clubs, Inc.*, 156 B.R. 414, 431 n.6 (S.D.N.Y. 1993) (noting with approval that bankruptcy court had permitted Dow Jones to intervene in proceedings to petition to access to court records).

19. The parties have filed hundreds of judicial documents under seal, as well as several heavily redacted briefs. There is no indication in the record that any party to the case has opposed maintaining those filings under seal or in redacted form.

20. For these reasons, the Court should grant Media Intervenors' request to intervene in these proceedings under Rule 2018(a) to assert the public's right of access to the sealed and redacted judicial documents.

    **B.    The press and the public should be given access to the sealed and redacted judicial documents filed with the Court.**

        a.   <u>The right of access under Bankruptcy Code Section 107(a).</u>

21. Codified in the Bankruptcy Code is a strong presumption of access to court records. Section 107 of the Bankruptcy Code provides that, unless subject to an enumerated exemption, all papers filed in chapter 11 proceedings shall be open to the public. 11 U.S.C.A. § 107(a) ("Section 107(a)"); *see also In re Food Mgmt. Grp., LLC*, 359 B.R. 543, 554 (Bankr. S.D.N.Y. 2007) (noting that, unless subject to one of Section 107's "express exceptions," a document filed in a chapter 11 proceeding "must be open to public inspection").

22. The right of access under Section 107(a) is "rooted in the public's First Amendment right to know about the administration of justice." *In re Food Mgmt. Grp., Inc.*, 359 B.R. at 553 (quoting *Video Software Dealers Assn. v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 26 (2d Cir. 1994)). Such openness is "fundamental to the operation of the

7

bankruptcy system and is the best means of avoiding any suggestion of impropriety that might or could be raised." *In re Bell & Beckwith*, 44 B.R. 661, 664 (Bankr. N.D. Ohio 1984). Because access to records allows the public to evaluate the integrity of bankruptcy proceedings, the public interest in access in such cases is "at its zenith." *In re Food Mgmt. Grp., Inc.*, 359 B.R. at 553.

23. The exceptions to the right of access provided under Section 107 are strictly circumscribed, reflecting the clear intent of Congress to make records in bankruptcy cases publicly available in all but specific, narrow circumstances. *In re Orion Pictures Corp.*, 21 F.3d at 26; *In re Borders Grp., Inc.*, 462 B.R. 42, 47 (Bankr. S.D.N.Y. 2011) (highlighting narrowness of Section 107(b) exceptions); *In re Barney's, Inc.*, 201 B.R. 703, 707 (Bankr. S.D.N.Y. 1996) ("Congress did not intend that sealed pleadings be the rule in bankruptcy cases.").

24. These exceptions include certain types of information related to the business of the debtor, including trade secrets and confidential research, development, or commercial information. 11 U.S.C.A. § 107(b)(1). "Commercial information" is information that would give "an unfair advantage to competitors" by revealing details about the debtor's commercial operations. *In re Orion Pictures Corp.*, 21 F.3d at 27 (quoting *Ad Hoc. Protective Comm. For 10 ½ Debenture Holders v. Itel Corp. (In re Itel Corp.)*, 17 B.R. 942, 944 (Bankr. 9th Cir. 1982)).

25. The exceptions enumerated in the Bankruptcy Code permit sealing in limited circumstances to "protect a person with regard to scandalous or defamatory matter." 11 U.S.C.A. § 107(b)(2). However, this provision has been interpreted to permit sealing of "scandalous" materials only where they are irrelevant to the case, submitted for an improper purpose, and use repulsive language or are otherwise unnecessarily "grossly disgraceful." *In re Food Mgmt. Grp.*, 359 B.R. at 562 (internal citations omitted). In one of the few decisions in

8

which material was found to be sufficiently scandalous to warrant sealing under this provision, a court ordered limited sealing and redaction of material reflecting allegations of sexual abuse of minors against two priests who were not parties to the litigation. *In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 432–33 (9th Cir. 2011).  In *In re FiberMark, Inc.*, 330 B.R. 480 (Bankr. D. Vt. 2005), by contrast, the court found that a critical report by the case examiner containing his conclusions that attorneys and parties involved in the case had breached certain fiduciary duties was not sufficiently "scandalous" to warrant sealing. *Id.* at 508–09.  As the court reasoned: "The exception to public disclosure under [Section] 107 was never 'intended to save the debtor or its creditors from embarrassment, or to protect their privacy in light of countervailing statutory, constitutional, and policy concerns.'" *Id.* (citing *In re Itel Corp.*, 17 B.R. at 944)).

26.  "Defamatory" material, as provided by Section 107(b)(2), may be sealed only when it is shown to be "demonstrably untrue." *In re Food Mgmt. Grp.*, 359 B.R. at 560–61 (internal citations omitted).

27.  Under the Bankruptcy Code's enumerated exceptions to public access, certain types of personal identifying information may also be protected when its disclosure "would create undue risk of identity theft or other unlawful injury to the individual or the individual's property." 11 U.S.C.A. § 107(c)(1).

28.  The proponent of sealing bears the burden of demonstrating that an exception to the presumption of openness applies. *In re Food Mgmt. Grp., Inc.*, 359 B.R. at 561.  To meet this burden of proof, the party seeking sealing "must demonstrate extraordinary circumstances and compelling need to obtain protection." *Id.* (citing *In re Orion Pictures Corp.*, 21 F.3d at 27).

9

Mere speculation or conjecture that documents might fall into a protected category is insufficient to warrant sealing. *In re FiberMark, Inc.*, 330 B.R. at 506.

29. Even where a Section 107(b) exception applies, courts should redact information falling within the exception, rather than seal documents in their entirety. *In re Borders Grp., Inc.*, 462 B.R. at 47. "The policy favoring public access supports making public as much information as possible while still preserving confidentiality of protectable information." *Id.*

　　b. The First Amendment right of access.

30. In addition to Section 107, the First Amendment also provides a strong presumption of public access to the sealed and redacted judicial records at issue in this case. *See, e.g., In re Traversa*, 371 B.R. 1, 5–6 (D. Conn. 2007) (applying First Amendment standard when evaluating motion to seal documents in bankruptcy proceeding).

31. The First Amendment to the U.S. Constitution guarantees a qualified right of access to both court records and proceedings in civil matters. *Lugosch v. Pyramid Co. of Onondaga*, 453 F.3d 110, 120 (2d Cir. 2006) (citing *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91 (2d Cir. 2004)).

32. Where the First Amendment presumption of access applies, it may be overcome only where "specific, on the record findings are made demonstrating that closure is essential to preserve higher values." *Lugosch*, 453 F.3d at 120 (quoting *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)); *see also In re Traversa*, 371 B.R. at 5–6 (applying *Lugosch* standard to deny motion to seal where movant failed to show a "compelling need" for sealing). Such sealing must be narrowly tailored in furtherance of the interests necessitating closure. *Lugosch*, 453 F.3d at 120; *In re Traversa*, 371 B.R. at 6.

33. The existence of a protective order governing unfiled discovery materials exchanged between parties in litigation does not dispense with the public's presumptive First Amendment right of access to materials, obtained through discovery, that are filed with the court as evidence in support of, or in opposition to, a motion. *See Lugosch*, 453 F.3d at 125–26. As the U.S. Court of Appeals for the Second Circuit has found, materials filed with the district court in conjunction with any motion that "call[s] upon the court to exercise its Article III powers" are subject to the presumptive right of access. *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019). This includes material included with "motions to compel testimony, to quash trial subpoenae, and to exclude certain deposition testimony." *Id.*

    c. <u>The public's presumptive rights of access under Section 107 and the First Amendment are not overcome as to any of the sealed or redacted judicial documents at issue; those documents should be unsealed in their entirety.</u>

34. The sealed and redacted judicial documents filed with the Court in this matter are subject to the strong presumption of access under Section 107(a) and the First Amendment. *Brown*, 929 F.3d at 50; *In re Orion Pictures Corp.*, 21 F.3d at 26 (citing Section 107(a)). And that presumption of public access is particularly strong in cases, like this one, where the public interest in access is heightened. *Cf. In re Nat'l Prescription Opiate Litigation*, 927 F.3d 919, 933 (6th Cir. 2019) (finding in context of multi-district litigation regarding opioid epidemic that a database subject to a stipulated protective order needed to be disclosed in light of the public's "substantial interest" in the data, which "will aid us in understanding the full enormity of the opioid epidemic and might thereby aid us in ending it").

35. It appears from the public record that no party has filed any motion to seal any of the sealed or redacted judicial documents at issue. No party has attempted to demonstrate that any of the narrow exceptions to public access enumerated in Section 107 applies to any of the material shielded from public view, nor have they offered any justification—let alone a

"compelling need" sufficient to show that sealing is "essential to preserve higher values," *In re Traversa*, 371 B.R. at 6—sufficient to overcome the public's qualified First Amendment right to inspect these sealed and redacted filings.

36. Indeed, the sole justification proffered by any party for filing any of the documents at issue under seal is the representation, found in two of the attorney declarations, that attached exhibits were being filed under seal pursuant to the Second Amended Protective Order. Hurley Decl. at 3; Leventhal Decl. at 2. As explained above, however, a protective order governing the parties' handling of unfiled discovery material does not permit the filing of judicial documents under seal or in redacted form.

37. To remain inaccessible to the press and public, the sealed and redacted material in the judicial records at issue must be shown to fall within one of the narrow exemptions set forth in Section 107(b)–(c), and the sealing and redaction must be both narrowly tailored and "essential to serve higher values." *Lugosch*, 453 F.3d at 120. Because the parties have not—and cannot—make such a showing, the sealed and redacted judicial documents at issue should be immediately unsealed and unredacted.

38. If the Court finds that a Section 107(b)–(c) exception to the presumptive right of access applies, and that the First Amendment right of access is overcome as to any portion of the sealed and redacted judicial records at issue, it should seal or redact only those specific documents, or portions thereof, so as to "mak[e] public as much information as possible while still preserving confidentiality of protectable information." *In re Borders Grp., Inc.*, 462 B.R. at 47; *see also Lugosch*, 453 F.3d at 120.

## **NOTICE**

39.    All parties in interest receiving electronic notifications of filings in these cases will have been provided with notice of this Motion.

WHEREFORE, for the reasons set forth above, the Media Intervenors respectfully request that they be permitted to intervene in these proceedings, and that all sealed and redacted judicial documents filed with the Court in these proceedings be unsealed in their entirety.

Date:   November 23, 2020
                                                    Respectfully submitted,

*/s/ Katie Townsend*
Katie Townsend
THE REPORTERS COMMITTEE FOR
FREEDOM OF THE PRESS
1156 15th St. NW, Suite 1020
Washington, D.C. 20005
Phone: 202.795.9300
Facsimile: 202.795.9310
ktownsend@rcfp.org

*Counsel for Proposed Intervenors*
*Dow Jones & Company, Inc.,*
*Boston Globe Media Partners, LLC,*
*and Reuters News & Media, Inc.*

13