Hearing Date and Time: December 15, 2020, at 10:00 a.m. (prevailing Eastern Time)
Objection Date and Time: December 8, 2020, at 4:00 p.m. (prevailing Eastern Time)

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut
Christopher S. Robertson

*Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (RDD)** |
| Debtors.[1] | **(Jointly Administered)** |

**NOTICE OF HEARING ON DEBTORS' MOTION TO SUPPLEMENT ORDER
AUTHORIZING THE DEBTORS TO ASSUME THE REIMBURSEMENT
AGREEMENT AND PAY THE FEES AND EXPENSES OF THE
AD HOC COMMITTEE'S PROFESSIONALS**

**PLEASE TAKE NOTICE** that on November 24, 2020, the above-captioned debtors and

debtors in possession (collectively, the "**Debtors**") filed the *Debtors' Motion to Supplement the*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

*Order Authorizing the Debtors to Assume the Reimbursement Agreement and Pay the Fees and Expenses of the Ad Hoc Committee's Professionals* (the "**Supplemental Motion**"). A hearing on the Supplemental Motion will be held on **December 15, 2020, at 10:00 a.m. (prevailing Eastern Time)** (the "**Hearing**") before the Honorable Judge Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, at the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601 (the "**Bankruptcy Court**"), or at such other time as the Bankruptcy Court may determine.

**PLEASE TAKE FURTHER NOTICE** that pursuant to General Order M-543, dated March 20, 2020 (Morris, C.J.) ("**General Order M-543**"), the Hearing will be conducted telephonically.[2] Parties wishing to appear at, or attend, the Hearing must refer to and comply with the Bankruptcy Court's guidelines for telephonic appearances[3] and make arrangements with Court Solutions LLC by telephone at (917) 746-7476.

**PLEASE TAKE FURTHER NOTICE** that the Hearing may be continued or adjourned thereafter from time to time without further notice other than an announcement of the adjourned date or dates at the Hearing or a later hearing. The Debtors will file an agenda before the Hearing, which may modify or supplement the motions to be heard at the Hearing.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections (the "**Objections**") to the Supplemental Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New

---

[2] A copy of General Order M-543 can be obtained by visiting http://www.nysb.uscourts.gov/news/court-operations-under-exigent-circumstances-created-covid-19.

[3] The Bankruptcy Court's procedures for telephonic appearances are available at: http://www.nysb.uscourts.gov/telephonic-appearances-white-plains.

2

York, shall be filed with the Bankruptcy Court (a) by attorneys practicing in the Bankruptcy Court, including attorneys admitted *pro hac vice*, electronically in accordance with General Order M-399 (which can be found at http://www.nysb.uscourts.gov), and (b) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with the *Second Amended Order Establishing Certain Notice, Case Management, and Administrative Procedures* entered on November 18, 2019 [ECF No. 498], so as to be filed and received no later than **December 8, 2020** at **4:00 p.m.** (prevailing Eastern Time) (the "**Objection Deadline**").

**PLEASE TAKE FURTHER NOTICE** that any objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted upon default; *provided* that objecting parties shall attend the Hearing telephonically so long as General Order M-543 is in effect or unless otherwise ordered by the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE** that if no Objections are timely filed and served with respect to the Supplemental Motion, the Debtors may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Supplemental Motion, which order may be entered without further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that copies of the Supplemental Motion may be obtained free of charge by visiting the website of Prime Clerk LLC at https://restructuring.primeclerk.com/purduepharma.  You may also obtain copies of any pleadings by visiting the Bankruptcy Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

Dated: November 24, 2020
New York, New York

          DAVIS POLK & WARDWELL LLP

          By: */s/ Eli J. Vonnegut*

          450 Lexington Avenue
          New York, New York 10017
          Telephone: (212) 450-4000
          Facsimile: (212) 701-5800
          Marshall S. Huebner
          Benjamin S. Kaminetzky
          Timothy Graulich
          Eli J. Vonnegut
          Christopher S. Robertson

          *Counsel to the Debtors*
          *and Debtors in Possession*

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut
Christopher S. Robertson

*Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (RDD)** |
| **Debtors.**[1] | **(Jointly Administered)** |

**DEBTORS' MOTION TO SUPPLEMENT THE ORDER AUTHORIZING
THE DEBTORS TO ASSUME THE REIMBURSEMENT AGREEMENT AND PAY THE
FEES AND EXPENSES OF THE AD HOC COMMITTEE'S PROFESSIONALS**

Purdue Pharma L.P. ("**PPLP**") and its affiliates that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**," the "**Company**" or "**Purdue**") respectfully represent as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

**Relief Requested**

1.     By this motion (the "**Supplemental Motion**"), and pursuant to sections 105(a) and 363(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 6004 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), and Rule 9013-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Supplemental Order**"), supplementing the *Order Authorizing the Debtors to Assume the Reimbursement Agreement and Pay the Fees and Expenses of the Ad Hoc Committee's Professionals* [ECF No. 553] (as supplemented prior to the date hereof, the "**Reimbursement Order**") to authorize the Debtors to reimburse the fees and expenses of the Professionals (as defined below) of the Ad Hoc Committee of Governmental and Other Contingent Litigation Claimants (the "**Ad Hoc Committee**") incurred in connection with or relating to negotiations regarding the allocation of estate value as among the Debtors' governmental and non-governmental creditors (the "**Allocation Fees**") on the terms set forth in the Reimbursement Order.

**Jurisdiction and Venue**

2.     The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Bankruptcy Rule 7008, the Debtors consent to entry of a final order by the Court in connection with this Supplemental Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**General Background**

3. On September 15, 2019 (the "**Petition Date**"), each Debtor commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code (the "**Cases**"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankuptcy Code. On September 27, 2019, the United States Trustee for the Southern District of New York appointed the official committee of unsecured creditors (the "**Creditors' Committee**"). No trustee or examiner has been appointed in these Cases.

4. Information about the Debtors' businesses and the events leading up to the Petition Date can be found in the *Debtors' Informational Brief* filed on September 16, 2019 [ECF No. 17].

5. The Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) and the *Order Directing Joint Administration of Chapter 11 Cases* [ECF No. 59] entered by the Court on September 18, 2019 in each of the Cases.

**The Reimbursement Order**

6. On October 29, 2019, the Debtors filed the *Debtors' Motion to Assume the Prepetition Reimbursement Agreement with the Ad Hoc Committee, and to Pay the Fees and Expenses of the Ad Hoc Committee's Professionals* [ECF No. 394] (the "**Reimbursement Motion**").

7. On December 2, 2019, the Court entered the Reimbursement Order, which authorizes the Debtors to perform under a prepetition Reimbursement Agreement (as defined therein) and pay the reasonable fees and expenses of (i) Brown Rudnick LLP, (ii) Gilbert, LLP, (iii) Kramer Levin Naftalis & Frankel LLP, (iv) Otterbourg PC, (v) FTI Consulting, Inc., (vi) Compass Lexecon and (vii) Coulter & Justice on the terms set forth in the Reimbursement Agreement and Reimbursement Order (together, the "**Initial Professionals**").

8. Paragraph 4 of the Reimbursement Order provided, among other things, that Allocation Fees incurred by the Professionals

> shall be segregated and recorded in separate matters or projects and shall be sought by Application only upon the earlier of (a) the approval by the Court of a restructuring support agreement among parties including the Debtors and each member of the Ad Hoc Committee (the "**RSA**") or (b) confirmation of a chapter 11 plan for the Debtors; *provided further* that to the extent an emergency relief fund for the use, prior to confirmation, of a substantial amount of the Debtors' cash to provide emergency relief and assistance with respect to the opioid crisis (an "**ERF**") has not previously been sought or approved by the Court, the RSA shall have within it a valid and credible proposal for an ERF.

Reimbursement Order ¶ 4.

9. On August 26, 2020, the Court entered the *Supplemental Order Authorizing the Debtors to Assume the Reimbursement Agreement and Pay the Fees and Expenses of the Ad Hoc Committee's Professionals* [ECF No. 1617] (the "**First Supplemental Order**") authorizing the Debtors to compensate and reimburse Houlihan Lokey Capital Inc. ("**Houlihan Lokey**" and, together with the Initial Professionals, the "**Professionals**") in accordance with the terms of the Engagement Letter attached as Exhibit A to the First Supplemental Order and subject to the terms of the Reimbursement Order.

10. The Debtors have been paying the fees and expenses of the Professionals, other than Allocation Fees, in accordance with the terms of the Reimbursement Order. The Debtors understand that the Professionals have segregated and separately recorded the Allocation Fees, which were incurred from the Petition Date through September 2020, and which total approximately $5 million in the aggregate.

## Basis for Relief Requested

11. The Ad Hoc Committee played a central role in the resounding success achieved in the mediation. Indeed, the Ad Hoc Committee's efforts were essential to both the agreement on the allocation of the Debtors' estates as among the Private Claimants and Non-Federal Public

4

Claimants[2] as well as the Non-Federal Public Claimants' commitment that "all value received by them through these Chapter 11 Cases would be exclusively dedicated to programs designed to abate the opioid crisis." Mediators Report ¶ 3. The latter commitment, which is an important and valuable product of the allocation mediation, was far from a foregone conclusion at the outset of these chapter 11 cases. The Ad Hoc Committee initially engaged in extensive negotiations among its own members (including State, local, and American Indian tribal governments) and then among all Non-Federal Public Claimants, culminating in an agreement on the terms of a government-directed abatement plan. Agreement on this abatement plan, which was the product of the Ad Hoc Committee's efforts in the mediation, was a pivotal step in the mediation and helped lay the foundation for successful allocation resolutions with nearly all Private Claimants involved in the mediation.

12. As this Court observed, "[i]t's rare—perhaps unprecedented—to have the level of consensus that occurred in the mediation occur in this country. And it is due, not only to the mediators, but also as the mediators recognized in their report, the good faith and hard efforts of the parties [to the mediation]", including the Ad Hoc Committee. Hr'g Tr., 25:16-20, Sept. 30, 2020. The Ad Hoc Committee's Allocation Fees are well deserved given the Ad Hoc Committee's critical role in the resounding success of the mediation. The Debtors therefore believe that they should be authorized to reimburse the Professionals for those good faith, hard efforts at this time.

13. The prohibition on payment of Allocation Fees prior to approval of an RSA was developed during the November 19, 2019 hearing to consider entry of the Reimbursement Order. In response to concerns raised by various parties that current reimbursement of the Allocation Fees

---

[2] See *Mediators' Report* [ECF No. 1716]. The terms "Private Claimants" and "Non-Federal Public Claimants" have the meanings ascribed to such terms therein.

5

could give the Ad Hoc Committee leverage in its negotiations with other creditor groups regarding allocation of estate value, the Court observed that compensation for work on allocation is "the type of issue that I would normally look at when someone put[s] an RSA in front of me." Hr'g Tr. 140:3-5, Nov. 19, 2019. The Court then noted that "If an RSA that proposes an allocation that everyone except [one creditor group], says, yes, we'll support this. This is a good path. Then I think it would be pretty clear that I would approve that. On the other hand, if you all are the only people standing up in favor of the RSA and the other 24 states are saying no and the committee [is] saying no . . . then I don't think that's really the type that I would approve." *Id*. at 140:16-141:1.

14.     Much has happened in these Cases since November of 2019. For a variety of reasons, the Debtors believe that negotiating a formal RSA with the Ad Hoc Committee would be a misuse of valuable time and resources at this juncture. In addition, discussions among the parties regarding the ERF remain on hold and may well be mooted by the unprecedented commitment of the Non-Federal Public Claimants to use *all* of their distributions to fund programs of the type that would have been funded by the ERF. It is therefore unlikely that the Debtors and the Ad Hoc Committee will enter into an RSA that would satisfy the condition in the Reimbursement Order allowing payment of Allocation Fees.

15.     However, the Debtors submit that the spirit of the condition in the Reimbursement Order has been satisfied. The Ad Hoc Committee Professionals played a critical part in negotiating an agreement on allocation supported by every party to the mediation. That is precisely the type of outcome that, if presented to the Court in the form of an RSA, the Court indicated it "would be pretty clear" would be approved. And the value to be distributed on account of the claims of

6

Private Claimants and Non-Federal Public Claimants will go directly to individuals or to abatement programs, putting the Debtors' assets to work for the benefit of the American public.

16. Finally, and critically, to the Debtors knowledge no major creditor constituency (including the Creditors' Committee) opposes payment of the Allocation Fees in light of the results achieved to date. Thus it appears that any concerns of other creditors that Allocation Fees would be incurred advancing the parochial interests of the Ad Hoc Committee, rather than advancing a global resolution for the good of all stakeholders, have been allayed.

## Procedures for Allocation Fees

17. The Debtors believe that it is appropriate for the Professionals to each file consolidated monthly invoices in respect of the Allocation Fees contemporaneously with the filing of this Supplemental Motion in order to expedite payment of the Allocation Fees should this Supplemental Motion be granted. The Debtors' respectfully request that, if the Court approves this Supplemental Motion and no applicable party objects under the procedures established with respect to monthly fees under the Reimbursement Order—which provides that the Professionals are also subject, *mutatis mutandis*, to the reimbursement procedures set forth in the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals* [ECF No. 529] (the "**Interim Compensation Order**")—such Allocation Fees be authorized to be promptly paid under the procedures and subject to the conditions specified in the Reimbursement Order and the Interim Compensation Order (including the provision for a 20% holdback until such fees are considered in connection with a fee application at an appropriate hearing).

### Notice

18.     Notice of this Supplemental Motion will be provided to (a) the entities on the Master Service List (as defined in the Case Management Order and available on the Debtors' case website at https://restructuring.primeclerk.com/purduepharma) and (b) any person or entity with a particularized interest in the subject matter of this motion.  The Debtors respectfully submit that no further notice is required.

### No Previous Request

19.     No previous request for the relief sought herein has been made by the Debtors to this or any other court.

### Conclusion

20.     The Debtors therefore respectfully submit that, for the reasons set forth herein and in the Reimbursement Motion, the Debtors should be authorized to pay the Allocation Fees at this time.

[*Remainder of Page Intentionally Left Blank*]

Dated: New York, New York
November 24, 2020

By: */s/ Eli J. Vonnegut*
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile:  (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut
Christopher S. Robertson

*Counsel to the Debtors
and Debtors in Possession*

9