# Exhibit A

# Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (RDD)** |
| **Debtors.**[1] | **(Jointly Administered)** |

**SECOND SUPPLEMENTAL ORDER AUTHORIZING THE DEBTORS TO ASSUME THE REIMBURSEMENT AGREEMENT AND PAY THE FEES AND EXPENSES OF THE AD HOC COMMITTEE'S PROFESSIONALS**

Upon the Reimbursement Motion [ECF No. 394] and the Reimbursement Order [ECF No. 553], as supplemented prior to the date hereof; and upon the motion (the "**Supplemental Motion**")[2] of Purdue Pharma L.P. and its affiliates that are debtors and debtors in possession in these cases (collectively, the "**Debtors**"), pursuant to sections 105(a) and 363(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), for the entry of an order (this "**Order**") supplementing the Reimbursement Order to authorize the Debtors to pay the Allocation Fees on the terms set forth therein; and the Court having jurisdiction to decide the Reimbursement Motion and the Supplemental Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Reimbursement Motion and the Supplemental Motion

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Supplemental Motion.

and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Reimbursement Motion and the Supplemental Motion having been provided; and it appearing that no other or further notice need be provided; and the Court having held a hearing to consider the relief requested in the Reimbursement Motion on November 19, 2019 (the "**Reimbursement Motion Hearing**"); and the Court having held a hearing to consider the relief requested in the Supplemental Motion on December 15, 2020 (the "**Supplemental Motion Hearing**" and, together with the Reimbursement Motion Hearing, the "**Hearings**"); and upon the record of the Hearings and all of the proceedings had before the Court; and after due deliberation the Court having determined that the legal and factual bases set forth in the Reimbursement Motion and the Supplemental Motion establish good and sufficient cause for the relief granted herein; and is in the best interests of the Debtors, their estates, their creditors and all parties in interest,

**IT IS HEREBY ORDERED THAT:**

1. The Supplemental Motion is granted to the extent set forth herein.

2. The Reimbursement Order is supplemented to authorize the payment of the Allocation Fees (as defined in the Reimbursement Order) subject to all other terms of the Reimbursement Order. The filing of consolidated monthly invoices in respect of the Allocation Fees by the Professionals contemporaneously with the filing of the Supplemental Motion is hereby deemed to have been in compliance with the Reimbursement Order as supplemented hereby.

3. Except as expressly set forth herein, all other terms of the Reimbursement Order shall remain valid and fully enforceable.

4. The contents of the Supplemental Motion and the notice procedures set forth therein are good and sufficient notice and satisfy the Bankruptcy Rules and the Local Rules, and no other or further notice of the Supplemental Motion or the entry of this Order shall be required.

5. Nothing in this Order shall be deemed to constitute (i) a grant of third-party beneficiary status or bestowal of any additional rights on any third party or (ii) a waiver of any rights, claims or defenses of the Debtors.

6. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Supplemental Motion.

7. The relief granted herein shall be binding upon any chapter 11 trustee appointed in any of these chapter 11 cases or upon any chapter 7 trustee appointed in the event of a subsequent conversion of any of these chapter 11 cases to cases under chapter 7.

8. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2020
      White Plains, New York

                                              THE HONORABLE ROBERT D. DRAIN
                                              UNITED STATES BANKRUPTCY JUDGE