Eisenberg & Baum, LLP
Michael S. Quinn
24 Union Square East, Fourth Floor
New York, New York 10003
(212) 353-8700

*Counsel to the Ad Hoc Committee on Accountability*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In Re: | Chapter 11 |
| PURDUE PHARMA L.P., *et al.* [1] | Case No.  19-23649 (RDD) |
| Debtors. | (Jointly Administered) |

**THE AD HOC COMMITTEE ON ACCOUNTABILITY'S**
**STATEMENT IN SUPPORT OF THE MOTION TO INTERVENE AND**
**UNSEAL JUDICIAL RECORDS BY DOW JONES & COMPANY, INC., BOSTON**
**GLOBE MEDIA PARTNERS, LLC, AND REUTERS NEWS & MEDIA, INC.**

To the Honorable Robert D. Drain, United States Bankruptcy Judge:

The Ad Hoc Committee on Accountability, by its undersigned counsel, respectfully submits this statement in support of the Motion to Intervene and Unseal Judicial Records by Dow Jones Company, Inc., Boston Globe Media Partners, LLC, and Reuters News & Media, Inc. (ECF No. 2022, the "**Motion**").

The Committee on Accountability respectfully states as follows:

---

[1] The debtors in these chapter 11 cases ("**Debtors**" or "**Purdue**"), along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014) (collectively, the "**Bankruptcy Cases**").

1

**The Motion Should be Granted**

The Committee on Accountability supports the arguments presented by Dow Jones Company, Inc., Boston Globe Media Partners, LLC, and Reuters News & Media, Inc., explaining why the sealed documents should be disclosed under Bankruptcy Code section 107 and the First Amendment. The Committee cannot improve on the analysis of those issues presented by counsel from the Reporters Committee for Freedom of the Press. As individuals who have personally suffered harm caused by Purdue and the Sacklers and have spent years advocating on behalf of thousands of families and communities harmed by Purdue and the Sacklers, the Committee knows from experience that Motion is right to say that "this case is one of substantial public interest." Motion at 1.

The redactions and sealing of official court filings are preventing the public from assessing what is going on in the case. The Official Committee of Unsecured Creditors conducted an investigation on behalf of all creditors and seems to have confirmed what many people long suspected: that members of the Sackler family participated in fraud. But the facts and evidence that the UCC submitted to the Court have been almost entirely redacted. See, e.g.,ECF No. 2014, Official Committee of Unsecured Creditors' Reply in Support of Its Motion to Compel, ¶¶ 28-34, 40-44,47-68, attached as Exhibit 1. The UCC writes that their conclusion is supported by "the Sackers'" own words and actions." *Id. at* ¶ 48. But the public cannot see what those words and actions were because they are all blacked out.

**The Motion Should Be Heard on the Regular Schedule Because "To Delay or Postpone Disclosure Undermines the Benefit of Public Scrutiny"**

The Committee on Accountability wishes to address the schedule for resolving the Motion. The Motion was filed on November 23, 2020 – many days before the deadline for

2

motions to be heard and decided at the regular hearing on December 15, 2020. Despite this timely filing, the Committee understands that Purdue is seeking to delay the decision on the Motion from December 15, 2020 to January 20, 2021.

The Committee on Accountability has consistently supported the sound principle that the regular rules for the schedule of motions should apply in this case. *See* ECF No. 1852, The Ad Hoc Committee on Accountability's Objection to the Sacklers' Motion to Shorten Notice, at 11 ("This case presents high stakes for everyone. The dispute between parties is intense and personal based on the deepest injuries people can suffer: crimes that made some people billionaires and killed other people's children. In such as case, it is at minimum appropriate to allow the ordinary time for parties to respond to motions and follow the regular rules.").

The parties that filed documents under seal are equipped to address the confidentiality of those filings on the regular schedule. They are represented by the most well-resourced law firms in the world.

The stakeholders that have been denied access to the sealed documents should not have to wait an extra month for resolution of the confidentiality dispute. Those stakeholders include more than one hundred thousand personal injury victims and, in essence, as Purdue often emphasizes, the whole American public.

Courts recognize that prompt resolution of sealing disputes is important. "Even a one to two day delay impermissibly burdens the First Amendment.' *Globe Newspaper Co. v Pokaski,* 868 F.2d 497, 507 (1st Cir. 1989). Public access to court filings "should be immediate and contemporaneous." *Grove Fresh Distributors, Inc. v. Everfresh Juice Co.*, 24 F.2d 893, 897 (7th Cir. 1994).

3

Courts recognize that "to delay or postpone disclosure undermines the benefit to public scrutiny and may have the same result as complete suppression." *Grove Fresh Distributors, Inc.*, 24 F.3d at 897. Here, the delay sought by Purdue would indeed undermine the benefit of public scrutiny. In a recent filing, Purdue announced its intent that the parties sign term sheets to settle these cases at the end of December. *See* ECF No. 2045 at 5 ("the parties need to reach an agreement in principle and sign term sheets this year"). That occasion for signing term sheets is **after** the regularly scheduled hearing on December 15, 2020, but **before** Purdue's suggested postponed date of January 20, 2021. If the case is resolved at year-end as Purdue asks, then the world will learn – perhaps on New Year's Eve – that the Sacklers have been granted immunity for all their misconduct. When that news is announced, a small group of winners will celebrate with champagne. The rest of the Country will ask whether justice was served, and there will be a moment of public scrutiny of what happened in this case.

By delaying the Motion from the regular schedule in December until January 20, 2021, Purdue would rig the case so that documents that **by law should be disclosed** would not be disclosed until weeks after that moment of greatest public scrutiny has passed. That clever timing would not favor the public. It would not favor the countless lives devastated by this crisis. It would only favor those powerful people that are trying to avoid the scrutiny that the First Amendment was meant to provide.

WHEREFORE, the Committee on Accountability respectfully asks the Court to apply the regular rules and unseal the documents on December 15, 2020.

Dated: December 5, 2020         Respectfully Submitted,
New York, NY                    Eisenberg & Baum, LLP

                        By:     /s/ Michael S. Quinn
                                Michael S. Quinn (mq-1640)

24 Union Square East, Fourth Floor
New York, New York 10003
(212) 353-8700
mquinn@eandblaw.com
prachmuth@eandblaw.com
ebaum@eandblaw.com

*Counsel to Ad Hoc Committee on Accountability*