Gerard Uzzi
Alexander B. Lees
MILBANK LLP
55 Hudson Yards
New York, New York 10001
Telephone: (212) 530-5000
Facsimile: (212) 530-5219

Gregory P. Joseph
Mara Leventhal
JOSEPH HAGE AARONSON LLC
485 Lexington Avenue, 30th Floor
New York, New York 10017
Telephone: (212) 407-1200
Facsimile: (212) 407-1280

*Counsel for the Raymond Sackler Family*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>PURDUE PHARMA L.P., *et al.*,<br><br>Debtors.[1] | Chapter 11<br>Case No. 19-23649 (RDD)<br>Jointly Administered |

**DECLARATION OF MARA LEVENTHAL**
**DATED DECEMBER 9, 2020**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. ("**PPLP**") (7484), Purdue Pharma Inc. ("**PPI**") (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

Under 28 U.S.C. § 1746, I, Mara Leventhal, declare under the penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. This declaration ("<u>Surreply Declaration</u>") is submitted with the Raymond Sackler Family's Surreply in Opposition to the UCC's Exceptions Motion and in further support of the Raymond Sackler Family's opposition to the UCC's Exception Motion.[2]

2. I am an attorney in good standing admitted to practice in the State of New York, and I am a partner at the law firm of Joseph Hage Aaronson LLC. I make this Surreply Declaration based on my own personal knowledge and belief, and upon documents and information available to me as counsel to the Raymond Sackler Family.

3. Certain exhibits attached hereto have been designated as Confidential, Highly Confidential, or Professionals' Eyes Only by one or more parties to this proceeding and are filed under seal pursuant to the *Second Amended Protective Order* entered in these proceedings [ECF No. 1540].

4. Attached hereto as **Exhibit 1** is a true and correct copy of a Suspense Account Agreement, dated December 28, 2004, and produced as Professionals' Eyes Only / Highly Confidential under Bates Number PPLPUCC003011761.

5. Attached hereto as **Exhibit 2** is a true and correct copy of a decision document, dated March 26, 2007, and produced as Confidential under Bates Number PPLPC053000019063.

6. Attached hereto as **Exhibit 3** is a true and correct copy of a Consent Judgment with the Commonwealth of Kentucky, dated May 8, 2007, and produced as Confidential under Bates Number PPLPC051000121037.

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Raymond Sackler Family's opposition to the UCC's Exceptions Motion.

7. Attached hereto as **Exhibit 4** is a true and correct copy of a Purdue Standard Operating Procedure entitled Abuse and Diversion Detection, dated June 15, 2007, and produced as Highly Confidential under Bates Number PPLP003429997.

8. Attached hereto as **Exhibit 5** is a true and correct copy of a settlement agreement between the District of Columbia and the Purdue Frederick Company, Inc. and Purdue Pharma L.P., dated August 3, 2007, and produced as Confidential under Bates Number PPLPC018000164852.

9. Attached hereto as **Exhibit 6** is a true and correct copy of a settlement agreement between the State of California and the Purdue Frederick Company, Inc. and Purdue Pharma L.P., dated August 7, 2007.

10. Attached hereto as **Exhibit 7** is a true and correct copy of a settlement agreement between the State of Kansas and the Purdue Frederick Company, Inc. and Purdue Pharma L.P., dated August 12, 2007.

11. Attached hereto as **Exhibit 8** is a true and correct copy of a settlement agreement between the Commonwealth of Massachusetts and the Purdue Frederick Company, Inc. and Purdue Pharma L.P., dated August 13, 2007.

12. Attached hereto as **Exhibit 9** is a true and correct copy of a settlement agreement between the State of Virginia and the Purdue Frederick Company, Inc. and Purdue Pharma L.P., dated August 13, 2007, and produced as Confidential under Bates Number PPLPC030000403201.

13. Attached hereto as **Exhibit 10** is a true and correct copy of a settlement agreement between the State of Michigan and the Purdue Frederick Company, Inc. and Purdue Pharma L.P., dated August 15, 2007.

14. Attached hereto as **Exhibit 11** is a true and correct copy of a settlement agreement between the State of Montana and the Purdue Frederick Company, Inc. and Purdue Pharma L.P., dated August 15, 2007.

15. Attached hereto as **Exhibit 12** is a true and correct copy of a settlement agreement between the State of Nebraska and the Purdue Frederick Company, Inc. and Purdue Pharma L.P., dated August 15, 2007.

16. Attached hereto as **Exhibit 13** is a true and correct copy of a settlement agreement between the State of Delaware and the Purdue Frederick Company, Inc. and Purdue Pharma L.P., dated August 17, 2007, and produced as Confidential under Bates Number PPLPC018000164841.

17. Attached hereto as **Exhibit 14** is a true and correct copy of a settlement agreement between the State of New Hampshire and the Purdue Frederick Company, Inc. and Purdue Pharma L.P., dated August 21, 2007, and produced as Confidential under Bates Number PPLPC051000047389.

18. Attached hereto as **Exhibit 15** is a true and correct copy of a settlement agreement between the State of Connecticut and the Purdue Frederick Company, Inc. and Purdue Pharma L.P., dated August 23, 2007, and produced as Confidential under Bates Number PPLPC018000164829.

19. Attached hereto as **Exhibit 16** is a true and correct copy of a settlement agreement between the State of Alabama and the Purdue Frederick Company, Inc. and Purdue Pharma L.P., dated August 30, 2007, and produced as Confidential under Bates Number PPLPC051000087072.

20. Attached hereto as **Exhibit 17** is a true and correct copy of an email from R. Sackler to J. Sackler, dated February 13, 2008, and produced as Highly Confidential under Bates Number PPLPUCC9004227984.

21. Attached hereto as **Exhibit 18** is a true and correct copy of an email from R. Silbert to H. Udell, D. Strauber, and others, dated February 14, 2008, and produced as Highly Confidential under Bates Number PPLPUCC9004351030.

22. Attached hereto as **Exhibit 19** is a true and correct copy of an MNP Consulting Limited decision document, dated May 15, 2008, and produced as Professionals' Eyes Only / Highly Confidential under Bates Number PPLPUCC000496396.

23. Attached hereto as **Exhibit 20** is a true and correct copy of a document entitled Internal Inquiries: Procedures, dated August 2008, and produced as Confidential under Bates Number PPLPC019000213919.

24. Attached hereto as **Exhibit 21** is a true and correct copy of a settlement agreement between the Richard Jeffrey and others, and the Purdue Frederick Company, Purdue Pharma L.P., and others, dated August 19, 2009, and produced as Confidential under Bates Number PKY183121983.

25. Attached hereto as **Exhibit 22** is a true and correct copy of a Stipulation Dismissing Case with Prejudice, dated September 30, 2009, and produced under Bates Number PPLPUCC004269204.

26. Attached hereto as **Exhibit 23** is a true and correct copy of an excerpt from a Purdue Standard Operating Procedure entitled Retention of Healthcare Professionals as Consultants, Advisors, and Speakers, dated July 22, 2010, and produced as Highly Confidential under Bates Number PPLP003364388.

27. Attached hereto as **Exhibit 24** is a true and correct copy of Huron Consulting Group's Report on Additional Promotional and Product Services Systems Assessment for Reporting Period 3, dated August 30, 2010, and produced as Confidential under Bates Number PPLP004434741.

28. Attached hereto as **Exhibit 25** is a true and correct copy of an excerpt from an agenda for the Boards of Directors Meetings, dated September 23, 2010, and produced under Bates Number PWG004349878.

29. **Exhibit 26** to this Declaration has been intentionally omitted.

30. Attached hereto as **Exhibit 27** is a true and correct copy of an email from B. Weinstein to J. Crowley, dated April 13, 2011, and produced as Confidential under Bates Number PPLPC053000051168.

31. Attached hereto as **Exhibit 28** is a true and correct recreation of an email from R. Abrams to J. Jimenez, J. Zopper and others, dated April 20, 2011, and produced as extracted text under Bates Number PWA001487465. Because the confidentiality designation, if any, is not apparent on the face of the extracted text, we are treating this document as Professional Eyes Only.

32. Attached hereto as **Exhibit 29** is a true and correct copy of an excerpt from Purdue's Healthcare Law and Compliance Policies, dated April 2011, and produced under Bates Number PCA000008931.

33. Attached hereto as **Exhibit 30** is a true and correct copy of a presentation entitled ███████████████████████████████████████████████████████████████, dated October 25, 2011, and produced as Confidential under Bates Number PPLPC042000024694.

34. Attached hereto as **Exhibit 31** is a true and correct recreation of a Purdue Law Department memorandum, dated February 15, 2012, and produced as extracted text under Bates Number PWA001433067. Because the confidentiality designation, if any, is not apparent on the face of the extracted text, we are treating this document as Professional Eyes Only.

35. Attached hereto as **Exhibit 32** is a true and correct copy of an email from W. Mallin to B. Sackler, K. Sackler and others, and excerpts from an attachment thereto, dated June 12, 2012, and produced as Confidential under Bates Numbers PPLPC057000011188 and PPLPC057000011194, respectively.

36. Attached hereto as **Exhibit 33** is a true and correct copy of an excerpt from a brochure, dated August 2012, and produced as Confidential under Bates Number PAK000971389.

37. Attached hereto as **Exhibit 34** is a true and correct copy of an email from S. Salwan to E. Mahony, W. Mallin and others, and excerpts from an attachment thereto, dated October 25, 2012, and produced as Confidential and Highly Confidential under Bates Numbers PPLPC012000396109 and PPLPC012000396110, respectively.

38. Attached hereto as **Exhibit 35** is a true and correct copy of an excerpt from a Conversion and Titration Guide, dated November 2012, and produced as Confidential under Bates Number PAK000971874.

39. Attached hereto as **Exhibit 36** is a true and correct copy of an excerpt from a Sales Force Standard Operating Policies Manual, dated January 2, 2013, and produced as Highly Confidential under Bates Number PPLP003430093.

40. Attached hereto as **Exhibit 37** is a true and correct copy of an excerpt from an agenda for the Boards of Directors Meetings, dated March 21, 2013, and produced as Confidential under Bates Number PPLPC044000041897.

41. Attached hereto as **Exhibit 38** is a true and correct copy of an email from J. Stewart to R. Gasdia, dated April 10, 2013, and produced as Confidential under Bates Number PPLPC012000417566.

42. Attached hereto as **Exhibit 39** is a true and correct copy of an excerpt from a letter from the Food and Drug Administration, dated April 16, 2013, and produced as Confidential under Bates Number PPLPC003000060503.

43. Attached hereto as **Exhibit 40** is a true and correct copy of an email from D. Rosen, to R. Gasdia, and M. Ronning, dated May 19, 2013, and produced as Confidential under Bates Number PPLPC012000424137.

44. Attached hereto as **Exhibit 41** is a true and correct copy of an email from E. Mahoney, to P. Boer, J. Lewent, and others, dated June 5, 2013, and produced as Highly Confidential under Bates Number PPLPC057000014144.

45. Attached hereto as **Exhibit 42** is a true and correct copy of an excerpt from an agenda for the Boards of Directors Meetings, dated July 25, 2013, and produced as Confidential under Bates Number PPLP004409781.

46. Attached hereto as **Exhibit 43** is a true and correct copy of a document entitled Response to LA Times, dated August 2, 2013, and produced as Highly Confidential under Bates Number PPLPC031001086873.

47. Attached hereto as **Exhibit 44** is a true and correct copy of an excerpt from a brochure, dated August 2013, and produced as Confidential under Bates Number PAZ000046439.

48. Attached hereto as **Exhibit 45** is a true and correct copy of a letter from the Food and Drug Administration to Physicians for Responsible Opioid Prescribing, dated September 10, 2013, and produced as Confidential under Bates Number PPLPC019000835061.

49. Attached hereto as **Exhibit 46** is a true and correct copy of an excerpt from a presentation entitled ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬, dated September 12, 2013, and produced as Highly Confidential under Bates Number PPLPC063000002005.

50. Attached hereto as **Exhibit 47** is a true and correct copy of a transcript from the National Association of Attorneys General panel entitled Presidential Initiative Current Issues in Drug Abuse Panel, dated September 17, 2013, and produced as Confidential under Bates Number PPLPC018000884102.

51. Attached hereto as **Exhibit 48** is a true and correct copy of an email from G. Stiles, to R. Gasdia, J. Stewart, and others, dated November 1, 2013, and produced as Confidential under Bates Number PPLPC012000449535.

52. Attached hereto as **Exhibit 49** is a true and correct copy of an excerpt from an email from J. Stewart to S. Baker, R. Damas and others, and attachment thereto, dated November 18, 2013 and produced as Confidential under Bates Numbers PPLPC012000452389 and PPLPC012000452390, respectively.

53. Attached hereto as **Exhibit 50** is a true and correct copy of an excerpt from a presentation entitled ▬▬▬▬▬▬▬▬▬▬▬, dated November 22, 2013 and produced as Highly Confidential under Bates Number PPLPUCC9008739108.

54. Attached hereto as **Exhibit 51** is a true and correct copy of an excerpt from a budget presentation, dated November 2013 and produced as Confidential under Bates Number PPLP004409973.

55. Attached hereto as **Exhibit 52** is a true and correct copy of a letter from the National Association of Attorneys General, dated December 16, 2013, and produced as Confidential under Bates Number PPLPC046000057423.

56. Attached hereto as **Exhibit 53** is a true and correct copy of an excerpt from a presentation entitled ▬▬▬▬▬▬▬▬▬▬▬▬▬▬, dated December 17, 2013 and produced as Confidential under Bates Number PPLPC014000232245.

57. Attached hereto as **Exhibit 54** is a true and correct copy of an excerpt from an agenda for the Boards of Directors Meetings, dated May 15, 2014, and produced as Confidential under Bates Number PPLPUCC003118150.

58. Attached hereto as **Exhibit 55** is a true and correct copy of an excerpt from a budget presentation, dated November 2014 and produced as Highly Confidential under Bates Number PPLP004411368.

59. Attached hereto as **Exhibit 56** is a true and correct copy of a Purdue Standard Operating Procedure entitled Abuse and Diversion Detection, dated September 2015, and produced as Highly Confidential under Bates Number PPLP004035073.

60. Attached hereto as **Exhibit 57** is a true and correct copy of an excerpt from a budget presentation, dated November 30, 2015 and produced as Confidential under Bates Number PPLPC063000003207.

61. Attached hereto as **Exhibit 57A** is a true and correct copy of an excerpt from an agenda for the Boards of Directors Meetings, dated January 1, 2016, and produced as Confidential under Bates Number PPLP004412586.

62. Attached hereto as **Exhibit 58** is a true and correct copy of an excerpt from a Purdue Sales Force Standard Operating Procedures Manual, dated January 2016, and produced as Highly Confidential under Bates Number PPLP03578668.

63. Attached hereto as **Exhibit 59** is a true and correct copy of a memorandum entitled Auditor's First Report on Purdue Pharma's ADD Program, dated October 7, 2016, and produced as Confidential under Bates Number PPLP004473667.

64. Attached hereto as **Exhibit 60** is a true and correct copy of an excerpt from an email from A. Randhawa to R. Fanelli, L. Steiner and others, and attachment thereto, dated November 15, 2016, and produced as Confidential under Bates Numbers PPLPC002000250048 and PPLPC002000250049, respectively.

65. Attached hereto as **Exhibit 61** is a true and correct copy of a Purdue Standard Operating Procedure entitled Abuse and Diversion Detection, dated August 2017, and produced as Highly Confidential under Bates Number PPLPC016000316429.

66. Attached hereto as **Exhibit 62** is a true and correct copy of a memorandum entitled Auditor's Second Report on Purdue Pharma's ADD Program, dated October 20, 2017, and produced as Confidential under Bates Number PPLP004473709.

67. Attached hereto as **Exhibit 63** is a true and correct copy of a Purdue Working Practices Document entitled ADD Program, dated January 25, 2018, and produced as Confidential under Bates Number PPLPC023000971903.

68. Attached hereto as **Exhibit 64** is a true and correct copy of a memorandum entitled Auditor's Third and Final Report on Purdue Pharma's ADD Program, dated October 19, 2018, and produced as Confidential under Bates Number PPLP004473738.

69. Attached hereto as **Exhibit 65** is a true and correct copy of excerpts from a Presentation of Defenses, dated December 6, 2019 for *In re: Purdue Pharma L.P., et al.*, and designated as Professionals' Eyes Only / Highly Confidential.

70. Attached hereto as **Exhibit 66** is a true and correct copy of an excerpt from the deposition transcript of D. Sackler, dated August 28, 2020. The excerpt contains portions of the deposition transcript that are Highly Confidential.

71. Attached hereto as **Exhibit 67** is a true and correct copy of a letter from M. Leventhal to A. Troop dated September 15, 2020.

72. Attached hereto as **Exhibit 68** is a true and correct copy of a settlement agreement between the United States Department of Justice and R. Sackler, D. Sackler, M. Sackler, K. Sackler, and the Estate of J. Sackler, dated October 21, 2020.

73. Attached hereto as **Exhibit 69** is a true and correct copy of an excerpt from the deposition transcript of C. Pickett, dated October 30, 2020. The excerpt contains portions of the deposition transcript that are Highly Confidential.

74. Attached hereto as **Exhibit 70** is a true and correct copy of an excerpt from the deposition transcripts of R. Sackler, dated November 19, 2020 and November 20, 2020. The excerpt contains portions of the deposition transcript that are Highly Confidential.

75. Attached hereto as **Exhibit 71** is a true and correct copy of an excerpt from the deposition transcript of C. Landau, dated November 24, 2020. The excerpt contains portions of the deposition transcript that are Highly Confidential.

Executed on: December 9, 2020

                                                                                           */s/ Mara Leventhal*
                                                                                            Mara Leventhal