# Exhibit 22

| | |
|---|---|
| DOCKET NO.: X08-FST-CV-09-5010055-S  : | SUPERIOR COURT |
|  : | COMPLEX LITIGATION DOCKET |
|  : | |
| RICHARD S. JEFFREY  : | JUDICIAL DISTRICT OF STAMFORD |
|  : | AT STAMFORD |
| v.  : | |
|  : | |
| PURDUE FREDERICK CO.  : | SEPTEMBER 30, 2009 |
| and RICHARD S. SACKLER, MD  : | |

## STIPULATION DISMISSING CASE WITH PREJUDICE

In accordance with the Settlement Agreement executed by the Parties on September 2009, it is hereby ORDERED, ADJUDGED, AND DECREED:

1. This Court has jurisdiction over this action and over each of the Parties.

2. All claims in the captioned action against the Defendants and/or their current, past, or future owners, directors, officers, employees, attorneys, insurers, accountants, direct and indirect shareholders, partners, members, and/or agents, whether known or unknown, are hereby dismissed with prejudice, and without costs.

3. Neither this Order, the Settlement Agreement, nor any of the terms or the negotiations or papers related thereto shall constitute evidence or an admission by any Defendant of any liability or wrongdoing or the truth of any of the claims or allegations in this case. Neither this Order, the Settlement Agreement, nor any of the terms or the negotiations or papers related thereto shall be offered or received in evidence or used for any purpose whatsoever, in this or any other matter or proceeding in any court, administrative agency, arbitration, or other tribunal, other than as expressly set forth in the Settlement Agreement.

4.  The Court finds that the Plaintiff Richard Jeffrey has agreed in writing, in the form of a No Contact Agreement dated August 17, 2009 that is part of a legally-enforceable Settlement Agreement:

   a.  to have no direct contact with Richard S. Sackler, M.D. or any members of the Sackler family, such direct contact to include but not be limited to in person contact, telephone calls, letters, electronic communications of any kind including e-mail and facsimile communications, and text messages; and

   b.  not to go within 1,000 feet of any residence of Richard S. Sackler, M.D. or any members of the Sackler family, nor shall the Plaintiff go inside any of Purdue's current business locations or such other business locations as Purdue may have in the future.

5.  Accordingly, the Plaintiff is ORDERED to have no direct contact with Richard S. Sackler, M.D. or any members of the Sackler family, such direct contact to include but not be limited to in person contact, telephone calls, letters, electronic communications of any kind including e-mail and facsimile communications, and text messages.

6.  The Plaintiff is further ORDERED not to go within 1,000 feet of any residence of Richard S. Sackler, M.D. or any members of the Sackler family, nor shall the Plaintiff go inside any of Purdue's current business locations or such other business locations as Purdue may have in the future.

7.  The Court finds that all provisions of the parties' Settlement Agreement have been complied with, there is no just reason for delay and therefore directs entry of this Order as a final judgment. Without in any way affecting the finality of this Order, the Court hereby retains

exclusive jurisdiction over this action until the Settlement Agreement has been consummated and each and every act agreed to be performed by the Parties thereto shall have been performed, and thereafter for all other purposes necessary to effectuate the terms of the Settlement Agreement.

| THE PLAINTIFF | THE DEFENDANTS |
|---|---|
| *(signature)* | *(signature)* |
| Patrick J. Filan | Francis Morrison |
| Law Offices of Patrick J. Filan | Axinn Veltrop Harkrider, LLP |
| 965 Post Road East | 90 State House Square |
| Westport CT 06880 | Hartford, Connecticut 06103 |
| (203) 221-8066 | (860) 275-8155 |
| Juris No.: 418411 | Juris No.: 416640 |

This matter coming before the Court it is hereby ORDERED that the parties are to comply with the terms of the Settlement. All issues arising in this action have been settled and resolved. Accordingly, this action is ORDERED DISMISSED WITH PREJUDICE pursuant to final settlement.

ENTERED this _____ day of _____, 20___.

_____
Judge