DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
James I. McClammy
Eli J. Vonnegut

*Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (RDD)** |
| **Debtors.**[1] | **(Jointly Administered)** |

## DEBTORS' OBJECTION TO MOTION FOR CLAIM PAYMENT

Purdue Pharma L.P. ("**PPLP**") and its affiliates that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**," the "**Company**," or "**Purdue**") respectfully represent as follows in opposition to the *Motion for Claim Payment* [Dkt. No. 2032] (the "**Motion**") filed by Maria Ecke (the "**Movant**"):

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717), and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

1. The Movant requests, based on her asserted proof of claim in these cases (the "**Claim**"), that this Court allow her "to recover personal injury damages on behalf of [her son] David Jonathan Ecke in the amount of $242,000,000 from the initial ingestion of OxyContin and Oxycodone until his death." (Mot. ¶ 1.)

2. While the Debtors remain sympathetic to all those affected by the opioid crisis, and are committed to moving these cases forward as quickly and efficiently as possible in order to transfer the value of these estates to the Debtors' allowed or accepted claimants and ameliorate the opioid crisis, the Bankruptcy Code and the collective process it provides for simply do not allow for the relief contemplated by the Motion. As the Court knows, by the July 30, 2020 Bar Date, the Debtors have received proof of claim forms from state, county and municipal governments, the Federal Government, various private parties, and well in excess of 100,000 claims filed by individuals like the Movant here. Although much progress has been made, these cases are simply not yet at the stage where the Debtors can begin to consider resolving individual claims. Moreover, as noted, the bankruptcy process is meant to be a collective process under which similar claims are given similar treatment. *See, e.g.*, 11 U.S.C. §§ 507, 1129. As a result, the Debtors cannot show preference for the Movant over other creditors by paying the Claim early and in full (as requested) and without an approved plan of reorganization. In fact, the Bankruptcy Code prevents such pre-plan of reorganization payment or settlement of a creditor's claim outside of certain limited circumstances provided by the provisions of the Bankruptcy Code and Bankruptcy Rules—none of which are applicable here. *See, e.g.*, 11 U.S.C. §§ 363(b), Fed. R. Bankr. P. 9019.

3. Pursuant to a plan of reorganization, there will be a process established to resolve claims like the Movant's and allocate funds to creditors equitably and efficiently. But that day

has not yet come.  For this reason, the Debtors request that the Court deny the Motion without prejudice to the Claim or to the rights of the Movant, the Debtors, or any other parties in interest with respect to the Claim.  In light of similar filings, the Debtors also request that the Court clarify on the record that motions like the Movant's are not something that the Court will recognize (as the underlying claims cannot be appropriately resolved at this time) and, as a result, such motions may be denied without a hearing on a without prejudice basis to the movant's underlying claim or the rights of the movant, the Debtors, or other parties in interest with respect to the same.  The Debtors have consulted with the Official Committee of Unsecured Creditors (the "**UCC**"), and the UCC supports the relief requested herein.

Dated:  December 11, 2020
New York, New York

*/s/ James I. McClammy*
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
James I. McClammy
Eli J. Vonnegut

*Counsel to the Debtors
and Debtors in Possession*