Gerard Uzzi
Alexander B. Lees
**MILBANK LLP**
55 Hudson Yards
New York, New York 10001
Telephone: (212) 530-5000
Facsimile: (212) 530-5219

Gregory P. Joseph
Mara Leventhal
**JOSEPH HAGE AARONSON LLC**
485 Lexington Avenue, 30th Floor
New York, New York 10017
Telephone: (212) 407-1200
Facsimile: (212) 407-1280

*Counsel for the Raymond Sackler Family*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>PURDUE PHARMA L.P., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 19-23649 (RDD)<br><br>Jointly Administered |

**STATEMENT OF THE RAYMOND SACKLER FAMILY IN RESPECT
OF THE MOTION TO INTERVENE AND UNSEAL JUDICIAL
RECORDS BY DOW JONES & COMPANY, INC., BOSTON GLOBE
MEDIA PARTNERS, LLC, AND REUTERS NEWS & MEDIA, INC.**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

The Raymond Sackler family,[2] by and through its undersigned counsel, hereby submits this statement in respect of the *Motion to Intervene and Unseal Judicial Records by Dow Jones & Company, Inc., Boston Globe Media Partners, LLC, and Reuters New & Media, Inc.* [ECF No. 2022] (the "Motion to Unseal"),[3] and respectfully states as follows:

## STATEMENT

1.      The Raymond Sackler family has previously supported transparency in these cases and the public disclosure of non-privileged discovery materials relevant to the allegations lodged against Sackler family members and their company.[4]  When all such materials are made public, the record will expose the baselessness of those allegations and the gross unfairness and highly misleading nature of the campaign the plaintiffs have waged in the media and the courts. *See, e.g.*, Decl. of Mara Leventhal Dated Dec. 9, 2020, Ex. 65 at slides 58-96, 163-256 [ECF No. 2094].  The Raymond Sackler family therefore supports the unsealing of documents submitted in connection with the Motions to Compel and has been engaging in a dialogue with the press movants and other major parties in interest to try to reach a consensual resolution of the Motion to Unseal that will result in prompt disclosure.

2.      In the event the parties cannot reach resolution, however, the Raymond Sackler family submits this Statement to make its positions on the unsealing process clear and request some modifications to the relief sought by the press movants.  Foremost among the Raymond Sackler family's concerns is that any disclosures be complete and non-selective.  That is, all materials filed on the docket in connection with the Motions to Compel – including those

---

[2]     The Raymond Sackler family includes Richard Sackler, David Sackler, and the estates of the late Jonathan Sackler and Beverly Sackler.

[3]     Capitalized terms not defined herein have the same meanings as in the Motion to Unseal.

[4]     *See Motion to Make Publicly Available the Raymond Sackler Family's Presentation of December 6, 2019* [ECF No. 685] (withdrawn).

submitted in opposition – should be made public concurrently, or in a sequence that the parties agree is not prejudicial. A selective unsealing, or an imbalanced sequence of disclosures, would exacerbate the problem of the distorted and one-sided factual record that already exists in the public domain. While the proposed intervenors seek disclosure of "all sealed and redacted judicial documents filed with the Court in these proceedings" (Motion to Unseal at 1), their motion and revised proposed order[5] do not include among the enumerated documents to be unsealed the Raymond Sackler family's oppositions to the Motions to Compel[6] or the sur-replies and accompanying exhibits filed by the Sackler families on December 9. Any process for unsealing documents relating to the Motions to Compel should be expanded to include all opposition papers and exhibits, and the public disclosure of all such materials should happen simultaneously or according to a schedule to which the parties can agree.

3.  In addition, the Raymond Sackler family seeks to invoke narrow protections for the disclosed materials, consistent with established law and the Court's prior rulings. *First*, except to the extent the Raymond Sackler family's assertions of privilege and work-product protection are overruled by a final determination of the Motions to Compel, any redactions applied to exhibits based on those principles should remain on the versions of exhibits that become unsealed. By this Statement, the Raymond Sackler family does not waive, or concede any argument in respect of, any privilege or similar protection from disclosure that it has asserted.

4.  *Second*, consistent with the Court's ruling on May 1, 2020, the Raymond Sackler family should be entitled to continue protecting the names of counterparties and investment

---

[5] *Motion for Leave to File Amended Proposed Order by Dow Jones & Company, Inc., Boston Globe Media Partners, LLC, and Reuters News & Media, Inc.* [ECF No. 2039].

[6] *The Raymond Sackler Family's Opposition to the Official Committee of Unsecured Creditors' Exceptions Motion, amended to include Table of Contents and Table of Authorities* [ECF No. 1815], and *The Raymond Sackler Family's Opposition to the Official Committee of Unsecured Creditors' General Challenges Motion, amended to include Table of Contents and Table of Authorities* [ECF No. 1816].

3

advisors with respect to third-party investments and business relationships (for example, hedge funds and other investment funds) that its individual members, entities, and trusts currently hold. As explained in previous submissions to the Court, the public disclosure of these names threatens extreme harm to the family's current investments – and that, in turn, threatens the ability of the family to fund a settlement in these cases. The Court ruled at the hearing on May 1, 2020, that these names are entitled to an "Outside Professionals Eyes Only" designation under the *Protective Order* [ECF No. 1935] (the "Protective Order") and so could be redacted in discovery materials produced by the Sackler families (other than in versions produced to outside professionals of the parties conducting the Rule 2004 examination). 5/1/2020 Hr'g Tr. at 42:12-15 [ECF No. 1139]; *see also* 11 U.S.C. § 107(b)(1) (Court may "protect an entity with respect to a trade secret or confidential research, development, or commercial information"). The Court's ruling on this issue should apply to any documents submitted in connection with the Motions to Compel that become publicly available.

5. *Third*, non-public personally identifying information should be permitted to be redacted from unsealed versions of documents. Such information is entitled to protection under section 107 of the Bankruptcy Code. 11 U.S.C. § 107(c); *see also Andrews v. Cruz*, No. 04 CIV. 0566 PAC RLE, 2006 WL 1984650, at *3 (S.D.N.Y. July 14, 2006) ("Although there is a protective order in effect in this case, the Court finds that the redaction of social security numbers, home addresses, and family information is appropriate to protect personal and private information.").[7]

---

[7] The Raymond Sackler family agreed in the Protective Order that it would not redact personally identifying information of Richard Sackler, Jonathan Sackler, David Sackler, or Beverly Sackler. *See* Protective Order ¶ 26. That agreement applied to documents produced in discovery, which otherwise are subject to the non-disclosure obligations of the receiving parties. If documents are to be made public, however, the right to redact personally identifying information should be expanded to include Richard Sackler, Jonathan Sackler, David Sackler, or Beverly Sackler.

6. *Fourth*, the Raymond Sackler family should be entitled to redact or withhold from public disclosure documents that reveal personal medical information of an individual. This includes portions of Exhibit 57 of the September 29, 2020, Mitchell Hurley Declaration [ECF No. 1754] and Exhibit 221 of the November 18, 2020, Arik Preis Declaration [ECF No. 2015]. This information, too, is entitled to protection. *See In re: Motions Seeking Access to 2019 Statements*, 585 B.R. 733, 760 (D. Del. 2018) (holding that the bankruptcy court properly limited access to exhibits that contained identifying material and private medical information), *aff'd sub nom. In re A C & S Inc.*, 775 F. App'x. 78 (3d Cir. 2019). It also is not relevant to the judicial decision-making process on the Motions to Compel, nor to the substantive issues that are the subject of dispute in these cases and the pre-petition litigation.

7. Likewise, the privilege logs and their addenda (or any excerpts) attached as exhibits to the motion papers also should remain under seal. These materials – which reflect a substantial amount of private but irrelevant information, including the many people with whom family members communicated, and on what subjects, over the course of decades – do not constitute evidence, and therefore do not give rise to the same interests in public access as the underlying documents. *See, e.g.*, 2 Rice, *The Attorney-Client Privilege in the United States* § 11:8 ("A privilege log is not evidence. It is merely a device . . . to organize privilege assertions and give notice to adversaries and the court."); *accord Old Republic Ins. Co. v. Ness, Motley, Loadholt, Richardson & Poole, P.A.*, No. 03 C 5238, 2006 WL 3782994, at *13 (N.D. Ill. Dec. 21, 2006) ("[T]he privilege log itself is not evidence; rather, the document named in the privilege log is the evidence."). Additionally, as the Second Circuit recently held, the presumption of public access in filings submitted in connection with discovery disputes, like the Motions to Compel, is lower than the presumption applied to material introduced at trial, or in connection with

5

dispositive motions – a holding that further emphasizes that a discovery tool like a privilege log need not be publicly disclosed in circumstances like these. *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019).[8]

## **CONCLUSION**

8. Consistent with the Court's direction to the parties on December 4, 2020, the Raymond Sackler family has participated, and will continue participating, in meet-and-confer sessions to narrow any disputes concerning the Motion to Unseal. The Raymond Sackler family is hopeful that these efforts will yield consensus among the parties about what will be unsealed and when. In the event the parties do not resolve their disputes, the Raymond Sackler family respectfully requests that any order granting the Motion to Unseal provide for the relief identified above, and grant the Raymond Sackler family such other relief as is just and proper.

---

[8] The Raymond Sackler family also understands from communications about unsealing the Motions to Compel that the Official Committee of Unsecured Creditors does not seek the public disclosure of the privilege logs and addenda, or personally identifying information concerning Sackler family members. *See* Letter from K. Porter 11/30/2020 (attached hereto as Exhibit A) ("[T]he UCC does not intend to seek [unsealing] relief with respect to Exhibits A, B and C to the Hurley Declaration, Exhibits A, B and C to the Preis Declaration, or any Sackler family member addresses or telephone numbers").

Dated: December 14, 2020
      New York, New York

   */s/ Gerard Uzzi*
Gerard Uzzi
Alexander B. Lees
**MILBANK LLP**
55 Hudson Yards
New York, NY 10001
Telephone: (212) 530-5000

   */s/ Gregory P. Joseph*
Gregory P. Joseph
Mara Leventhal
**JOSEPH HAGE AARONSON LLC**
485 Lexington Avenue, 30th Floor
New York, New York 10017
Telephone: (212) 407-1200

*Counsel for the Raymond Sackler Family*