UNREDACTED VERSION OF DOCUMENT FILED UNDER SEAL CONTAINS NON-PRIVILEGED COMMUNICATIONS - TREAT SUBJECT TO PROTECTIVE ORDER

# EXHIBIT 11

UNREDACTED VERSION OF DOCUMENT FILED UNDER SEAL INCLUDES PRIVILEGED COMMUNICATIONS - TREATED SUBJECT TO PROTECTIVE ORDER

19-23649-shl  Doc 2160-01  Filed 12/18/20  Entered 12/18/20 18:12:59  Exhibit 11
Pg 2 of 17

|           |                                                                                              |
|-----------|----------------------------------------------------------------------------------------------|
| **From:** | Duggan, Charles S.                                                                            |
| **Sent:** | Wednesday, April 22, 2020 11:21 PM                                                            |
| **To:**   | Hurley, Mitchell; Williams, Richie                                                            |
| **Cc:**   | apreis@akingump.com; Porter, Katherine; PURDUE AKIN LIT; Murphy, Jack; Poon, Jennifer; Clarens, Margarita; Huebner, Marshall S.; purdue.dpw.diligence |
| **Subject:** | RE: In re Purdue Pharma - UCC Revised Search Terms and Custodians Proposal to Debtors      |

COMMON INTEREST PRIVILEGE

Mitch,

Thanks for your email. As we have previously stated, we are agreeable to producing additional documents to you provided this exercise is appropriately scoped, and we appreciate your efforts to work with us to achieve that result. To date, your proposed parameters have not yielded results that are reasonable. We do not agree that reviewing 4,970,083 additional documents is reasonable in the context of these proceedings.

In view of your request that we suggest an alternative proposal, we have been working on revising your search criteria again to generate what we think is a reasonably scoped review for an additional production. This requires that we evaluate and refine the parameters that you have proposed, which entails significant effort and consideration, including assessments relating to timing and cost. We are working on this now and hope to have it for you very shortly, and will provide it together with the resulting hit report for you to review.

As soon as we have this information, we will be happy to discuss it and the schedule for the Debtors to produce these additional documents, on a rolling basis with initial productions to begin as soon as feasible.

Best regards,

Charles


**Charles S. Duggan**
**Davis Polk & Wardwell** LLP
450 Lexington Avenue | New York, NY 10017
+1 212 450 4785 tel | ▓▓▓▓▓▓▓▓▓▓ mobile
charles.duggan@davispolk.com

Confidentiality Note: This email is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure. Unauthorized use, dissemination, distribution or copying of this email or the information herein or taking any action in reliance on the contents of this email or the information herein, by anyone other than the intended recipient, or an employee or agent responsible for delivering the message to the intended recipient, is strictly prohibited. If you have received this email in error, please notify the sender immediately and destroy the original message, any attachments thereto and all copies. Please refer to the firm's Privacy Notice for important information on how we process personal data. Our website is at www.davispolk.com.

**From:** Hurley, Mitchell <mhurley@AkinGump.com>
**Sent:** Tuesday, April 21, 2020 11:21 AM
**To:** Clarens, Margarita <margarita.clarens@davispolk.com>; Williams, Richie <williamsr@akingump.com>; Duggan, Charles S. <charles.duggan@davispolk.com>; Huebner, Marshall S. <marshall.huebner@davispolk.com>; purdue.dpw.diligence <purdue.dpw.diligence@davispolk.com>
**Cc:** apreis@akingump.com; Porter, Katherine <kporter@akingump.com>; PURDUE AKIN LIT

1

<PURDUEAKINLIT@akingump.com>; Murphy, Jack <jmurphy@AKINGUMP.com>; Poon, Jennifer <jpoon@akingump.com>
**Subject:** RE: In re Purdue Pharma - UCC Revised Search Terms and Custodians Proposal to Debtors

Margarita:

Under the circumstances, we do not believe the number of documents returned for review and production is unreasonable. However, if by Wednesday the Debtors propose revisions to the search criteria under discussion that are acceptable to the Official Committee, and commit to begin reviewing a set of documents returned by such criteria, without waiving or relinquishing any of its rights, the Official Committee will further defer filing a 2004 motion. If you wish to proceed in this manner, please send your proposed search criteria and a hit report for our review promptly.

Regards,

Mitch


Mitchell P. Hurley
**AKIN GUMP STRAUSS HAUER & FELD** LLP
Direct: +1 212.872.1011 | Internal: 31011

---

**From:** Clarens, Margarita <margarita.clarens@davispolk.com>
**Sent:** Monday, April 20, 2020 2:28 PM
**To:** Williams, Richie <williamsr@akingump.com>; Duggan, Charles S. <charles.duggan@davispolk.com>; Huebner, Marshall S. <marshall.huebner@davispolk.com>; purdue.dpw.diligence <purdue.dpw.diligence@davispolk.com>
**Cc:** Preis, Arik <apreis@akingump.com>; Hurley, Mitchell <mhurley@AkinGump.com>; Porter, Katherine <kporter@akingump.com>; PURDUE AKIN LIT <PURDUEAKINLIT@akingump.com>; Murphy, Jack <jmurphy@AKINGUMP.com>; Poon, Jennifer <jpoon@akingump.com>
**Subject:** RE: In re Purdue Pharma - UCC Revised Search Terms and Custodians Proposal to Debtors

COMMON INTEREST PRIVILEGE

All,

Attached are the four hit reports for the Primary Liability, MDL, Estate Claims, and Practice Fusion search terms that you circulated on Friday (4/17) evening. These reports reflect hits across the Special Committee custodians. They also reflect deduplication against the MDL production, as well as threading to limit hits to the most complete chains. There are **4,970,083** de-duplicated hits across the four hit reports.

The vendor is currently working on the additional two reports for the Estate Claims terms over the Group I custodians and Group I and II custodians. However, given the volume of hits, we wanted to get you these reports sooner rather than later.

We are also considering the current hit counts and what the Debtors could agree to produce. We initially note that, while you had hoped that these revised search terms would substantially tailor the breadth of your request, the resulting hits remain in the millions. Please advise if you have any additional thoughts, and in particular, if your position demanding a commitment regarding a production based on these results has changed.

Thanks,
Margarita

UNREDACTED VERSION OF EXHIBIT FILED UNDER SEAL - CONTAINS PRIVILEGED COMMUNICATIONS - TREATED SUBJECT TO PROTECTIVE ORDER

19-23649-shl  Doc 2160-01  Filed 12/18/20  Entered 12/18/20 18:12:59  Exhibit 11
Pg 4 of 7

**Margarita Clarens**

**Davis Polk & Wardwell** LLP
450 Lexington Avenue | New York, NY 10017
+1 212 450 4439 tel | +1 212 701 5439 fax
margarita.clarens@davispolk.com

---

Confidentiality Note: This email is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure. Unauthorized use, dissemination, distribution or copying of this email or the information herein or taking any action in reliance on the contents of this email or the information herein, by anyone other than the intended recipient, or an employee or agent responsible for delivering the message to the intended recipient, is strictly prohibited. If you have received this email in error, please notify the sender immediately and destroy the original message, any attachments thereto and all copies. Please refer to the firm's Privacy Notice for important information on how we process personal data. Our website is at www.davispolk.com.

---

**From:** Williams, Richie <williamsr@akingump.com>
**Sent:** Friday, April 17, 2020 9:52 PM
**To:** Clarens, Margarita <margarita.clarens@davispolk.com>; Duggan, Charles S. <charles.duggan@davispolk.com>; Huebner, Marshall S. <marshall.huebner@davispolk.com>; purdue.dpw.diligence <purdue.dpw.diligence@davispolk.com>
**Cc:** apreis@akingump.com; Hurley, Mitchell <mhurley@AkinGump.com>; Porter, Katherine <kporter@akingump.com>; PURDUE AKIN LIT <PURDUEAKINLIT@akingump.com>; Murphy, Jack <jmurphy@AKINGUMP.com>; Poon, Jennifer <jpoon@akingump.com>
**Subject:** RE: In re Purdue Pharma - UCC Revised Search Terms and Custodians Proposal to Debtors

*COMMON INTEREST COMMUNICATION*
*ATTORNEY WORK PRODUCT*

Hi Margarita,

As discussed on our call this afternoon, attached is a revised list of search terms. To facilitate running the hit counts, we provide the search terms in the form of an Excel spreadsheet. We converted each of your hit count reports to a worksheet within this Excel document, corresponding to the exhibits provided in our March 19 e-mail, which formed the basis for your prior hit count report. In the column on the right, we include proposed changes to the search strings. Where a search string is marked "DELETE," we are not at this time asking you to run a search for the indicated search string, while reserving all rights to request additional searches as the production and review process continues. Please note that, for the Ex. B and Ex. D worksheets, there are some new additional searches indicated in red.

Thanks,
Richie—

---

**From:** Clarens, Margarita <margarita.clarens@davispolk.com>
**Sent:** Wednesday, March 25, 2020 11:40 PM
**To:** Porter, Katherine <kporter@akingump.com>; Duggan, Charles S. <charles.duggan@davispolk.com>; Huebner, Marshall S. <marshall.huebner@davispolk.com>; purdue.dpw.diligence <purdue.dpw.diligence@davispolk.com>
**Cc:** Preis, Arik <apreis@akingump.com>; Hurley, Mitchell <mhurley@AkinGump.com>; PURDUE AKIN LIT <PURDUEAKINLIT@akingump.com>
**Subject:** RE: In re Purdue Pharma - UCC Revised Search Terms and Custodians Proposal to Debtors

**\*\*EXTERNAL Email\*\***

UNREDACTED VERSION OF ESPONSE ONLY CONTAINS NON-PRIVILEGED
COMMUNICATIONS - TREATED SUBJECT TO PROTECTIVE ORDER

COMMON INTEREST COMMUNICATION
ATTORNEY WORK PRODUCT

Katherine,

Thanks for your revised request.

Attached are hit reports reflecting your Exhibit D Estate Claim terms. As we did the last time, we ran the terms over the existing Special Committee custodians for the period of 1/1/2006 to 12/31/2018 (with the exception of Mortimer DA, whose period extends into January 2019). The hits are still large. The deduplicated hit count across the lists for the Group 1 custodians and Group 1 and Group 2 custodians is 5,832,034. There seem to be some clear outliers on your list. In the Group 1 custodian list, "mundi*", without any further limitations, yields over 300,000 hits. Similarly, in the Group 1 and Group 2 custodian list, the term "diver*", without further limitations, yields almost 1.5M hits. Please also note that these hits were deduplicated against the MDL production. That said, as I mentioned, threading has not yet been applied.

We will get back to you shortly on the "primary liability" request (Exhibits A-C). In the meantime, we have confirmed that the three current and former Directors of MNP Consulting Limited, which you added to your Exhibit A and Exhibit D custodian lists, did not have Purdue-hosted email. We are happy to add their names as search terms if helpful. Alternatively, if you have information indicating that these individuals had a pharma.com or purduepharma.com email address, please advise.

Similarly, I was just informed that we were unable to identify a Purdue-hosted email address from Stephen Ives. Do you have a specific email address for him?

With respect to the non-Director Sacklers (reflected in both Exhibits A and E), we are searching the archive and will let you know what documents are available for each. To the extent we have not collected their email and they have available Purdue-hosted email during the period you requested, we certainly agree to collect those documents.

Thanks,
Margarita

**Margarita Clarens**

**Davis Polk & Wardwell** LLP
450 Lexington Avenue | New York, NY 10017
+1 212 450 4439 tel | +1 212 701 5439 fax
margarita.clarens@davispolk.com

Confidentiality Note: This email is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure. Unauthorized use, dissemination, distribution or copying of this email or the information herein or taking any action in reliance on the contents of this email or the information herein, by anyone other than the intended recipient, or an employee or agent responsible for delivering the message to the intended recipient, is strictly prohibited. If you have received this email in error, please notify the sender immediately and destroy the original message, any attachments thereto and all copies. Please refer to the firm's Privacy Notice for important information on how we process personal data. Our website is at www.davispolk.com.

**From:** Porter, Katherine <kporter@akingump.com>
**Sent:** Thursday, March 19, 2020 11:04 PM
**To:** Clarens, Margarita <margarita.clarens@davispolk.com>; Duggan, Charles S. <charles.duggan@davispolk.com>; Kaminetzky, Benjamin S. <ben.kaminetzky@davispolk.com>; Huebner, Marshall S. <marshall.huebner@davispolk.com>
**Cc:** apreis@akingump.com; Hurley, Mitchell <mhurley@AkinGump.com>; PURDUE AKIN LIT <PURDUEAKINLIT@akingump.com>; Atkinson, Michael (External) <matkinson@provincefirm.com>; Troop, Andrew M. <andrew.troop@pillsburylaw.com>
**Subject:** In re Purdue Pharma - UCC Revised Search Terms and Custodians Proposal to Debtors

4

UNREDACTED VERSION OF ITEM FILED UNDER SEAL — CONTAINS PRIVILEGED COMMUNICATIONS - TREAT SUBJECT TO PROTECTIVE ORDER

Dear Charles and Margarita:

Thanks your time on Friday (March 13, 2020). As you know, we provided the Debtors with proposed custodians, time frames and search terms for collecting and producing ESI within the Debtors' possession, custody or control on February 4, 2020. We write now to propose different custodians and search criteria that we believe will result in a greatly reduced production burden to the Debtors. We also remain willing to meet and confer with you regarding further modifications to the criterial to the extent appropriate.

In our February 4 proposal, we identified what we called "**Additional Search Terms**"—search strings that were not run by the Debtors on any custodial files pre-petition—some of which were directed specifically to estate claims ("**New Estate Terms**"), with others directed to issues of primary liability that are relevant to estate claims ("**New Primary Liability Terms**"). Issues of primary liability are directly relevant to key issues raised by the estates' claims against the Sacklers and others, as we have explained.

We asked you to run the Additional Search Terms (including both the New Estate Terms and the New Primary Liability Terms) across the ESI of *all* custodians, including those who were subject to prepetition searches ("**Prepetition Custodians**"). We understand that there were 70 Prepetition Custodians in the MDL. On February 4 we also identified custodians whom we understand were not subject to any prepetition searches of any kind in the MDL ("**New Custodians**"), and asked you to run *both* the Additional Search Terms and the terms that were run in the MDL ("**MDL Search Terms**") against any New Custodians. We identified 75 New Custodians in our Feb. 4 proposal, plus 22 "Practice Fusion" custodians (some of whom were also New Custodians), subject to different proposed terms. We asked that all searches be run from 1995 to the present.

You advised us on February 28, 2020 that the Debtors would not provide any "primary liability" discovery in these cases. Of the Official Committee's proposed Additional Search Terms, the Debtors only offered to run the New Estate Terms, and none of the New Primary Liability Terms or MDL Search Terms. Even with respect to the New Estate Terms, you were willing to run them against only "some" of the New Custodians and Prepetition Custodians ("**Debtors' Proposed Custodians**") that were already in the Special Committee's database, and only for the period from 2006 forward. You also sent us a "hit list" reflecting the number of documents returned by running the New Estate Terms against the Debtors' Proposed Custodians, and asked us to consider narrowing the New Estate Terms in a way that returns fewer documents.

In an effort to narrow or eliminate the parties' disputes regarding ESI we propose the following.

*First*, we are willing to limit the beginning date for the searches to 2001, rather than dating back to 1995 as we originally proposed.

*Second,* as discussed on our call, we believe it is crucial that at least some searches that relate to the primary liability of Purdue (which is integral to the estate claims) are necessary. As a compromise, we propose to substantially reduce the number of custodians subject to searches for both the MDL Search Terms and New Primary Liability Terms. Specifically, we have reduced our proposed custodian list to 40 Prepetition Custodians and 66 New Custodians for the MDL Search Terms and New Primary Liability Terms, as reflected on **Exhibit A**. That reduces our proposed custodians by a total of 39 with respect to these sets of terms, or approximately 30%. Furthermore, out of an abundance of caution, we have continued to be somewhat inclusive in identifying proposed custodians with respect to these sets of terms, but we recognize that you may have developed an understanding about which custodians are likely to have important documents and we would welcome your input about how to narrow these custodian sets further (or to identify any important custodians that we have omitted), and we will consider any such guidance in good faith.

*Third,* as a further compromise, we also narrowed the New Primary Liability Terms as reflected on **Exhibit B** and narrowed the MDL Search Terms (which also go to primary liability) as reflected on **Exhibit C**. We propose that the Debtors apply the Exhibit C narrowed New Primary Liability Terms and Exhibit D narrowed MDL Search Terms *only* to the narrowed list of custodians identified on Exhibit A.

UNREDACTED VERSION OF DOCUMENT FILED UNDER SEAL - CONTAINS PRIVILEGED COMMUNICATIONS - TREAT SUBJECT TO PROTECTIVE ORDER

*Fourth*, we also propose to narrow the scope of the New Estate Terms as reflected on **Exhibit D** in an effort to reduce the number of documents returned. While the revised New Estate Terms add some terms that were not among those we supplied in February, we are confident that our inclusion of limiters will greatly reduce the number of documents the revised terms return overall. We propose to run the revised New Estate Terms against the custodians identified in Exhibit D. This is a larger group of custodians than those in Exhibit A, but we are eager to discuss with you and consider your input regarding how to narrow this further.

*Fifth*, we are willing to temporarily defer our request for "Practice Fusion" related custodians and search terms. During our call on Friday March 13, you refused to provide any information relating to the Official Committee's Practice Fusion requests of any kind, and suggested we should discuss those requests with lawyers at Skadden who are representing the Debtors in connection with the Practice Fusion situation. We wrote Ben on March 11 to take him up on his offer to coordinate a call with Skadden and with our white collar partner Paul Butler. We will hold off on pursuing our Practice Fusion discovery until that call occurs, provided it is arranged promptly.

*Finally,* every Sackler was a beneficiary of billions in transfers from Purdue to Sackler trusts, primarily between 2007 and after, and any of those persons could have communications probative of Sackler family knowledge of liability risk at Purdue and their motives for moving huge sums out of the reach of Purdue's creditors and into Sackler trusts. We therefore have prepared a still narrower set of search terms that we ask you to run against the emails of all Sackler family members that were not directors or officers of Purdue but who had a Purdue email address. **Exhibit E** includes those narrow search terms, along with a list of the Sacklers whom we believe had a Purdue email address at some point in time, though we defer to you to completely and accurately identify those custodians.

We believe the foregoing represents a substantial compromise, and will greatly reduce the production burden on the Debtors as compared to our February 4 proposal. In addition, if you will again provide us with "hit reports" once you have run these terms against the proposed custodians, we would be happy to discuss other modifications to further reduce the Debtors' burden. Please let us know if you have questions or wish to discuss.

Best,
Katherine

Katherine Porter
**AKIN GUMP STRAUSS HAUER & FELD** LLP

One Bryant Park | New York, NY 10036-6745 | USA | Direct: +1 212.872.7467 | Internal: 37467
Fax: +1 212.872.1002 | kporter@akingump.com | akingump.com | Bio

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.
The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.
The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.