UNREDACTED VERSION OF DOCUMENT FILED UNDER SEAL - CONTAINS PRIVILEGED COMMUNICATIONS - TREATED AS SUBJECT TO PROTECTIVE ORDER

# EXHIBIT 20

UNREDACTED VERSION OF DOCUMENT FILED UNDER SEAL – CONTAINS PRIVILEGED COMMUNICATIONS - TREATED SUBJECT TO PROTECTIVE ORDER

| | |
|---|---|
| **From:** | Clarens, Margarita |
| **Sent:** | Monday, May 18, 2020 6:57 PM |
| **To:** | 'Sorkin, Joseph L.'; Duggan, Charles S.; Hurley, Mitchell; Williams, Richie |
| **Cc:** | apreis@akingump.com; Porter, Katherine; PURDUE AKIN LIT; Murphy, Jack; Poon, Jennifer; Huebner, Marshall S.; purdue.dpw.diligence |
| **Subject:** | RE: In re Purdue Pharma - UCC Revised Search Terms and Custodians Proposal to Debtors |
| **Attachments:** | 20200515_Add_Sackler_Debtors_April24_Proposal_Search_Terms.pdf; 20200515_Add_Non-Sackler_Debtors_April24_Proposal_Search_Terms.pdf; 20200515_Add_Sackler_UCC_May1_Search_Terms.pdf; 20200515_Add_Non-Sackler_UCC_May1_Search_Terms.pdf |

Common Interest Communication

Joseph,

Attached please find hit reports on the estate claim terms over the two sets of additional custodians provided in your May 12 email. These hit reports are subject to additional QC, but as in the past, we wanted to send along the preliminary results for your review.

To help break down these results, we've provided four separate hit reports: (1) Debtors' April 24 proposal search terms over the Additional Sackler Custodians; (2) the UCC's additional estate claim terms from May 1 over the Additional Sackler Custodians; (3) Debtors' April 24 proposal search terms over the Additional Non-Sackler Custodians; and (4) the UCC's additional estate claim terms from May 1 over the Additional Non-Sackler Custodians

These hits bring the total requested documents, including the results of Debtors' April 24 proposal (which are currently under review) and the UCC's additional estate claim terms from May 1, to <u>1,162,401 documents</u> (deduplicated).

We are happy to jump on a call to discuss the hit reports once you've have a chance to review. As I mentioned in my prior email, there are a few custodians from your list that are not Special Committee custodians, and we are interested in any information you have with respect to those individuals.

Thanks,
Margarita


**Margarita Clarens**

**Davis Polk & Wardwell** LLP

450 Lexington Avenue | New York, NY 10017
+1 212 450 4439 tel | +1 212 701 5439 fax
margarita.clarens@davispolk.com

Confidentiality Note: This email is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure. Unauthorized use, dissemination, distribution or copying of this email or the information herein or taking any action in reliance on the contents of this email or the information herein, by anyone other than the intended recipient, or an employee or agent responsible for delivering the message to the intended recipient, is strictly prohibited. If you have received this email in error, please notify the sender immediately and destroy the original message, any attachments thereto and all copies. Please refer to the firm's Privacy Notice for important information on how we process personal data. Our website is at www.davispolk.com.

UNREDACTED VERSION OF DOCUMENT FILED UNDER SEAL - CONTAINS PRIVILEGED COMMUNICATIONS - TREATMENT SUBJECT TO PROTECTIVE ORDER

**From:** Sorkin, Joseph L. <jsorkin@AkinGump.com>
**Sent:** Tuesday, May 12, 2020 6:07 PM
**To:** Clarens, Margarita <margarita.clarens@davispolk.com>; Duggan, Charles S. <charles.duggan@davispolk.com>; Hurley, Mitchell <mhurley@AkinGump.com>; Williams, Richie <williamsr@akingump.com>
**Cc:** apreis@akingump.com; Porter, Katherine <kporter@akingump.com>; PURDUE AKIN LIT <PURDUEAKINLIT@akingump.com>; Murphy, Jack <jmurphy@AKINGUMP.com>; Poon, Jennifer <jpoon@akingump.com>; Huebner, Marshall S. <marshall.huebner@davispolk.com>; purdue.dpw.diligence <purdue.dpw.diligence@davispolk.com>
**Subject:** RE: In re Purdue Pharma - UCC Revised Search Terms and Custodians Proposal to Debtors

Margarita – As we discussed on Thursday, below are the additional Sackler custodians we believe need to be included in the searches for the estate claims. In addition, we have continued to work to narrow the list of custodians we previously requested, and have identified 19 non-Sackler custodians who also should be included in the estate claims searches. Please let us know if you have any questions about these custodians and whether you can run the searches over them to determine the number of new documents they generate.

In addition, please let us know whether the Debtors are reviewing the 322,166 documents generated from the most recently revised search terms. Thanks.

**ADDITIONAL SACKLER CUSTODIANS**
Lefcourt, Gerald B.
Sackler, Albert
Sackler, Alvin M.
Sackler, Clare E.
Sackler, Else
Sackler, Geri (Gertraud)
Sackler, Henry
Sackler, Jacqueline B. (Jacqueline B. Pugh Sackler)
Sackler, Jay
Sackler, Julia H. Shack
(aka Julia H. Shack)
Sackler, Madeleine C.
Sackler, Marietta
Sackler, Marissa T.
Sackler, Miles
Sackler, Muriel
Taylor, Ben W.


**ADDITIONAL NON-SACKLER CUSTODIANS (19)**
Abrams, Robin - V.P., Associate General Counsel
Alfonso, Mark – VP Marketing
Barton, Maria - General Counsel and SVP; VP and Deputy General Counsel
Cawkwell, Gail - Chief Medical Officer; Special Advisor to the Board
Dunton, Alan - Senior Vice President, R&D and Regulatory Affairs
Fanelli, Richard – Head of Regulatory Affairs
Feltz, Margaret - Vice President, Ethics & Compliance
Gasdia, Russell - Vice President, Sales and Marketing
Geraci, Mark - Chief Security Officer & Vice President
Goldenheim, Paul - Executive Vice President, Research and Development; Chief Medical Officer

Haddox, James David - Senior Medical Director at Purdue; Vice President of Risk Management and Health Policy at Purdue; Doctor and Past AAPM President and Chair at American Academy of Pain Medicine; Member of Candidate Selection Committee
Hogen, Robin - VP Public Affairs
Innaurato, Michael - VP, Marketing; Head of Marketing, Forecasting, Analytics, Market Research, Medical Congresses
Panagrossi, Michael - Associate General Counsel
Reder, Robert - VP Clinical Development, Medical Affairs and Pharmacovigilence
Rosen, Burt - VP, Government Affairs; Director; Member of Candidate Selection Committee
Rosen, David - Executive Director, Forecasting, Analytics & Market Research
Shamblen, Randy - President / Chief Executive Officer
Strassburger, Phil - General Counsel/Senior VP, Intellectual Property & Litigation; President

Best,

Joseph L. Sorkin
**AKIN GUMP STRAUSS HAUER & FELD** LLP

One Bryant Park | New York, NY 10036-6745 | USA | Direct: +1 212.872.7464 | Internal: 37464
Fax: +1 212.872.1002 | jsorkin@akingump.com | akingump.com | Bio

---

**From:** Clarens, Margarita <margarita.clarens@davispolk.com>
**Sent:** Tuesday, May 5, 2020 9:47 PM
**To:** Sorkin, Joseph L. <jsorkin@AkinGump.com>; Duggan, Charles S. <charles.duggan@davispolk.com>; Hurley, Mitchell <mhurley@AkinGump.com>; Williams, Richie <williamsr@akingump.com>
**Cc:** Preis, Arik <apreis@akingump.com>; Porter, Katherine <kporter@akingump.com>; PURDUE AKIN LIT <PURDUEAKINLIT@akingump.com>; Murphy, Jack <jmurphy@AKINGUMP.com>; Poon, Jennifer <jpoon@akingump.com>; Huebner, Marshall S. <marshall.huebner@davispolk.com>; purdue.dpw.diligence <purdue.dpw.diligence@davispolk.com>
**Subject:** RE: In re Purdue Pharma - UCC Revised Search Terms and Custodians Proposal to Debtors

COMMON INTEREST PRIVILEGE

Joseph,

Thanks for your email. For discussion purposes, attached please find the hit report on the UCC's search terms from Friday, which is subject to additional QC. The UCC's revised search terms yield 502,506 documents. The hit count comes to 322,166 documents when de-deduplicated against Debtors' April 24 proposal.

We are generally available Thursday morning for a call.

Thanks,
Margarita


**Margarita Clarens**

**Davis Polk & Wardwell** LLP
450 Lexington Avenue | New York, NY 10017
+1 212 450 4439 tel | +1 212 701 5439 fax
margarita.clarens@davispolk.com

---

Confidentiality Note: This email is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure. Unauthorized use, dissemination, distribution or copying of this email or the information herein or taking any action in reliance on the contents of this email or the information herein, by anyone other than the intended recipient, or an employee or agent responsible for delivering the message to the intended recipient, is strictly prohibited. If you have received this email in error, please notify the sender immediately and destroy the original message, any attachments thereto and all copies. Please refer to the firm's Privacy Notice for important information on how we process personal data. Our website is at www.davispolk.com.

UNREDACTED VERSION OF DOCUMENT CONTAINING PRIVILEGED COMMUNICATIONS - TREATED SUBJECT TO PROTECTIVE ORDER

**From:** Sorkin, Joseph L. <jsorkin@AkinGump.com>
**Sent:** Tuesday, May 5, 2020 9:53 AM
**To:** Clarens, Margarita <margarita.clarens@davispolk.com>; Duggan, Charles S. <charles.duggan@davispolk.com>; Hurley, Mitchell <mhurley@AkinGump.com>; Williams, Richie <williamsr@akingump.com>
**Cc:** apreis@akingump.com; Porter, Katherine <kporter@akingump.com>; PURDUE AKIN LIT <PURDUEAKINLIT@akingump.com>; Murphy, Jack <jmurphy@AKINGUMP.com>; Poon, Jennifer <jpoon@akingump.com>; Huebner, Marshall S. <marshall.huebner@davispolk.com>; purdue.dpw.diligence <purdue.dpw.diligence@davispolk.com>
**Subject:** RE: In re Purdue Pharma - UCC Revised Search Terms and Custodians Proposal to Debtors

Margarita – Please let us know when, either late this afternoon or Thursday morning, you are available to confer about the revised hit counts for the terms related to the estate claims we sent on Friday. In addition, on that call we would like to discuss a deadline for completion of the review and production of the 269,333 documents. Thanks.

Best,

Joseph L. Sorkin
**AKIN GUMP STRAUSS HAUER & FELD** LLP

One Bryant Park | New York, NY 10036-6745 | USA | Direct: +1 212.872.7464 | Internal: 37464
Fax: +1 212.872.1002 | jsorkin@akingump.com | akingump.com | Bio

---

**From:** Sorkin, Joseph L.
**Sent:** Friday, May 1, 2020 12:22 PM
**To:** 'Clarens, Margarita' <margarita.clarens@davispolk.com>; Duggan, Charles S. <charles.duggan@davispolk.com>; Hurley, Mitchell <mhurley@AkinGump.com>; Williams, Richie <williamsr@akingump.com>
**Cc:** Preis, Arik <apreis@akingump.com>; Porter, Katherine <kporter@akingump.com>; PURDUE AKIN LIT <PURDUEAKINLIT@akingump.com>; Murphy, Jack <jmurphy@AKINGUMP.com>; Poon, Jennifer <jpoon@akingump.com>; Huebner, Marshall S. <marshall.huebner@davispolk.com>; purdue.dpw.diligence <purdue.dpw.diligence@davispolk.com>
**Subject:** RE: In re Purdue Pharma - UCC Revised Search Terms and Custodians Proposal to Debtors

Margarita – As we indicated, attached is a revised set of search terms. This set removes the terms you ran to arrive at the 269,333 documents the Debtors are in the process of reviewing and deletes and narrows other terms we previously provided. We ask that you run these terms against the 40 custodians you used for the ongoing review. We are not agreeing only to seek documents from those 40 custodians, but want to see what those results return in order to best evaluate the revisions on an apples to apples basis.

We've also attached a draft set of document requests. Given that we are still working with you informally, we are not asking you to respond to the requests at this time. But we do believe it will be a useful guide for our discussions to understand the categories of information we want to make sure we receive whether through ESI searches or otherwise. We expect these will be familiar to your team, as we have sent most of these to you over the course of the case.

Please let us know when you receive the hit counts for the attached terms. We can then schedule a call to discuss.

Best,

Joseph L. Sorkin
**AKIN GUMP STRAUSS HAUER & FELD** LLP

One Bryant Park | New York, NY 10036-6745 | USA | Direct: +1 212.872.7464 | Internal: 37464
Fax: +1 212.872.1002 | jsorkin@akingump.com | akingump.com | Bio

UNREDACTED VERSION OF DOCUMENT FILED UNDER SEAL - CONTAINS PRIVILEGED COMMUNICATIONS - TREATED SUBJECT TO PROTECTIVE ORDER

**From:** Clarens, Margarita <margarita.clarens@davispolk.com>
**Sent:** Tuesday, April 28, 2020 9:00 PM
**To:** Sorkin, Joseph L. <jsorkin@AkinGump.com>; Duggan, Charles S. <charles.duggan@davispolk.com>; Hurley, Mitchell <mhurley@AkinGump.com>; Williams, Richie <williamsr@akingump.com>
**Cc:** Preis, Arik <apreis@akingump.com>; Porter, Katherine <kporter@akingump.com>; PURDUE AKIN LIT <PURDUEAKINLIT@akingump.com>; Murphy, Jack <jmurphy@AKINGUMP.com>; Poon, Jennifer <jpoon@akingump.com>; Huebner, Marshall S. <marshall.huebner@davispolk.com>; purdue.dpw.diligence <purdue.dpw.diligence@davispolk.com>
**Subject:** RE: In re Purdue Pharma - UCC Revised Search Terms and Custodians Proposal to Debtors

COMMON INTEREST PRIVILEGE

Joseph,

Thanks for your email. The updated hit count after QC, de-duplication and threading is 269,333 documents. We are beginning our review and will be producing non-privileged responsive documents on a rolling basis starting next week, but we do not yet have an estimated completion date.

We don't agree that the searches we have run would exclude entire categories of potentially important information, including those that you list. We expect that many of the terms we have run will return materials relevant to those categories. We have not run all terms that you feel are relevant to those categories, but that hardly means that the terms that have been run will not yield documents relevant to those topics. In addition, as we have previously noted, for some issues—such as, for example, specific transfers of assets—the relevant documents can be better identified using more targeted terms across a more limited range of custodians involved in the transfers, focused on the time periods at issue. As we stated last week, we are willing to discuss ways to search for and identify such documents, without boiling the ocean.

We do not see any utility in your sending us document requests at this juncture, given that we have been engaged since February in discussing search terms and custodians with a view to reasonably scoping the documents you are seeking. It seems like a step backwards towards generalities after a lot of work on specifics—particularly given that you also intend to send us revised search terms for additional hit runs directed at exactly the same purpose. We would be happy to have a call to discuss your objectives and the utility or lack of utility in proceeding in the manner that you are now contemplating.

We have advised our vendor to expect another set of search terms in view of your intention to send us a further revised Exhibit D. We will run those searches as promptly as we can across the 40-member Key Custodians list. We can also do so against the Special Committee custodian list, but as we have previously explained, that latter list includes custodians who were added for very discrete and focused purposes, including iterative and targeted reviews by us focused on specific periods and terms—not the sort of generalized search of all terms over the entire period, which we anticipate will yield an excessive number of documents that are unlikely to contribute meaningfully to an assessment of the legal issues under review. As in the past, we are agreeing to run these searches not because we think the terms or the custodians are appropriate, but to assist you in working with us to devise an appropriately scoped collection and production in the circumstances. We urge you to consider whether there are specific terms that, for specified periods, might most efficiently be run against specific Special Committee custodians not included on the 40-member Key Custodians list, which is the approach that we have taken in running searches for the Special Committee's investigation.

We are happy to schedule a call this week, but without having received and had a chance to process and analyze your revised searches (or the document requests you propose to send), we cannot commit to be ready to discuss them until we have had a chance to perform that work.

Thanks,
Margarita

5

UNREDACTED VERSION OF DOCUMENT FILED UNDER SEAL - CONTAINS PRIVILEGED COMMUNICATIONS - TREAT SUBJECT TO PROTECTIVE ORDER

19-23649-shl Doc 2160-20 Filed 12/18/20 Entered 12/18/20 18:12:59 Exhibit 20 Pg 7 of 17

**Margarita Clarens**

**Davis Polk & Wardwell** LLP
450 Lexington Avenue | New York, NY 10017
+1 212 450 4439 tel | +1 212 701 5439 fax
margarita.clarens@davispolk.com

Confidentiality Note: This email is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure. Unauthorized use, dissemination, distribution or copying of this email or the information herein or taking any action in reliance on the contents of this email or the information herein, by anyone other than the intended recipient, or an employee or agent responsible for delivering the message to the intended recipient, is strictly prohibited. If you have received this email in error, please notify the sender immediately and destroy the original message, any attachments thereto and all copies. Please refer to the firm's Privacy Notice for important information on how we process personal data. Our website is at www.davispolk.com.

**From:** Sorkin, Joseph L. <jsorkin@AkinGump.com>
**Sent:** Monday, April 27, 2020 4:56 PM
**To:** Clarens, Margarita <margarita.clarens@davispolk.com>; Duggan, Charles S. <charles.duggan@davispolk.com>; Hurley, Mitchell <mhurley@AkinGump.com>; Williams, Richie <williamsr@akingump.com>
**Cc:** apreis@akingump.com; Porter, Katherine <kporter@akingump.com>; PURDUE AKIN LIT <PURDUEAKINLIT@akingump.com>; Murphy, Jack <jmurphy@AKINGUMP.com>; Poon, Jennifer <jpoon@akingump.com>; Huebner, Marshall S. <marshall.huebner@davispolk.com>; purdue.dpw.diligence <purdue.dpw.diligence@davispolk.com>
**Subject:** RE: In re Purdue Pharma - UCC Revised Search Terms and Custodians Proposal to Debtors

Margarita,

Thank you for your email from Friday evening. We appreciate that the Debtors will begin reviewing and producing the documents that are returned from the searches and custodians you ran (which yielded 295,017 documents for review). Once those results have been QC'd, please let us know the final number of documents for review after de-duplication and threading. In addition, please let us know when you expect that you will begin producing documents on a rolling basis from this review, as well as what you estimate the completion date will be.

As you suggested at end of your email, the Committee does not believe the universe you are now agreeing to review is adequate to obtain critical information that is relevant to the Committee's investigation and that has not previously been captured in prior productions or searches. The limitations you applied to the searches and custodians appear to exclude entire categories of potentially important information. In addition to eliminating all search terms relating to the Debtors' primary liability, your proposal also eliminates many terms from Exhibit D designed to retrieve information directly related to important estate claim issues, including the Debtors' free cash flow, the transfer of assets away from Purdue (including distributions, IP, and other assets), the value of transferred assets, the value of litigation claims against Purdue, and the intent of the Debtors and others in connection with those transfers. While we have been and continue to be available to discuss specific terms or custodians that can be limited or eliminated, we are not able to agree to exclude entire categories of information that will be highly relevant to the Committee's investigation.

In order to facilitate ongoing discussions about the appropriate categories of information and terms that we still need from the Debtors, we will send you (1) a combined set of document requests, and (2) a further revised Exhibit D. While the Debtors have provided information in response to many of the document requests we will send, we believe the combined document requests will be useful to ensure we both understand what you have produced, what you have agreed to produce and are still gathering, and what you are not willing to produce. On the further revised Exhibit D, we ask that you provide the results based both on the 40 custodians you are agreeing to run and the entire list of custodians the Special Committee is using for its investigation.

In addition, I believe that the Debtors are going to provide us additional information (employment dates, supervisors, etc.) about certain the custodians.

UNREDACTED VERSION OF DOCUMENT FILED UNDER SEAL INCLUDES PRIVILEGED COMMUNICATIONS - TREATED SUBJECT TO PROTECTIVE ORDER

19-23649-shl    Doc 2160-20    Filed 12/18/20    Entered 12/18/20 18:12:59    Exhibit 20
Pg 8 of 17

We would like to schedule a call this week to discuss the document requests and the search results after you receive our document requests and the further revised Exhibit D and have had a chance to review and run the searches.

Best,

Joseph L. Sorkin
**AKIN GUMP STRAUSS HAUER & FELD** LLP

One Bryant Park | New York, NY 10036-6745 | USA | Direct: +1 212.872.7464 | Internal: 37464
Fax: +1 212.872.1002 | jsorkin@akingump.com | akingump.com | Bio

---

**From:** Clarens, Margarita <margarita.clarens@davispolk.com>
**Sent:** Friday, April 24, 2020 9:41 PM
**To:** Duggan, Charles S. <charles.duggan@davispolk.com>; Hurley, Mitchell <mhurley@AkinGump.com>; Williams, Richie <williamsr@akingump.com>
**Cc:** Preis, Arik <apreis@akingump.com>; Porter, Katherine <kporter@akingump.com>; PURDUE AKIN LIT <PURDUEAKINLIT@akingump.com>; Murphy, Jack <jmurphy@AKINGUMP.com>; Poon, Jennifer <jpoon@akingump.com>; Huebner, Marshall S. <marshall.huebner@davispolk.com>; purdue.dpw.diligence <purdue.dpw.diligence@davispolk.com>
**Subject:** RE: In re Purdue Pharma - UCC Revised Search Terms and Custodians Proposal to Debtors

COMMON INTEREST PRIVILEGE
ATTORNEY WORK PRODUCT

Below is the custodian list referenced in my prior email:

1. Kathe Sackler
2. Richard Sackler
3. Beverly Sackler
4. David Sackler
5. Jonathan D. Sackler
6. Mortimer D. Sackler
7. Mortimer D.A. Sackler
8. Raymond R. Sackler
9. Theresa E. Sackler
10. Samantha S. Hunt
11. Ilene Sackler Lefcourt
12. Marianna Sackler Frame
13. Jeffrey Lefcourt
14. Karen Lefcourt-Taylor
15. Rebecca Sackler
16. Beth Sackler
17. Benjamin Shack-Sackler
18. Susan Sackler
19. Mark Sackler
20. Robert Shapiro
21. Judith Lewent
22. Peter Boer
23. Cecil Pickett
24. Anthony Roncalli
25. Paulo Costa
26. Ralph Snyderman
27. Jacques Theurillat

28. Jonathan White
29. William Loomis
30. Stuart Baker
31. Howard Udell
32. Bert Weinstein
33. Stephen Ives
34. Michael Friedman
35. John Stewart
36. Mark Timney
37. Craig Landau
38. Ed Mahony
39. Jean-Jacques Charhon
40. Jon Lowne

**Margarita Clarens**

**Davis Polk & Wardwell LLP**
450 Lexington Avenue  |  New York, NY 10017
+1 212 450 4439 tel  |  +1 212 701 5439 fax
margarita.clarens@davispolk.com

Confidentiality Note: This email is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure. Unauthorized use, dissemination, distribution or copying of this email or the information herein or taking any action in reliance on the contents of this email or the information herein, by anyone other than the intended recipient, or an employee or agent responsible for delivering the message to the intended recipient, is strictly prohibited. If you have received this email in error, please notify the sender immediately and destroy the original message, any attachments thereto and all copies. Please refer to the firm's Privacy Notice for important information on how we process personal data. Our website is at www.davispolk.com.

**From:** Clarens, Margarita <margarita.clarens@davispolk.com>
**Sent:** Friday, April 24, 2020 9:32 PM
**To:** Duggan, Charles S. <charles.duggan@davispolk.com>; Hurley, Mitchell <mhurley@AkinGump.com>; Williams, Richie <williamsr@akingump.com>
**Cc:** apreis@akingump.com; Porter, Katherine <kporter@akingump.com>; PURDUE AKIN LIT <PURDUEAKINLIT@akingump.com>; Murphy, Jack <jmurphy@AKINGUMP.com>; Poon, Jennifer <jpoon@akingump.com>; Huebner, Marshall S. <marshall.huebner@davispolk.com>; purdue.dpw.diligence <purdue.dpw.diligence@davispolk.com>
**Subject:** RE: In re Purdue Pharma - UCC Revised Search Terms and Custodians Proposal to Debtors

COMMON INTEREST PRIVILEGE
ATTORNEY WORK PRODUCT

All –

As Charles previewed, in keeping with your request, we have been working on an approach revising your search criteria to generate what we think is a reasonable additional production.

Our objective has been to scope a reasonable production of additional documents to appropriately supplement the immense volume of Company documents that the Debtors have produced to the UCC to date. As you know, the UCC already has received 6.7 million documents, totaling approximately 50 million pages, that were produced in the MDL. This prior production includes documents from core Sackler A- and B-side custodians – Richard Sackler, Jonathan D. Sackler, Kathe A. Sackler, and Mortimer D.A. Sackler – identified using incredibly broad search terms, such as oxy*, opioid*, and painkiller*. In addition to the MDL production, the UCC also has access to approximately 2.6 million documents, totaling approximately 24 million pages, that were produced in other civil litigations. In addition, since filing

for bankruptcy, the Debtors have responded in whole or in part to 178 initial and follow-up diligence requests from the UCC and have to date produced an additional 614,036 pages of documents to your team.

You have previously noted that the MDL production included custodial files of only four Sacklers and were not collected using search terms relevant to uncovering evidence of fraudulent conveyance and other estate claims. To address these concerns, we are beginning a supplemental search of the records 40 custodians, listed below, including all Sackler board members, additional Sacklers who used Purdue-hosted email, all other board members, all CEOs and all CFOs, and certain additional executives and advisors – collectively covering a period of more than 18 years.

In keeping with our position throughout our discussions with you over the past months, we are receptive to searching and producing to the UCC additional documents related to the estate's potential claims against its owners, provided that review is reasonably scoped. To that end, the Debtors will search the listed custodians' records using search terms that the UCC provided as "Exhibit D" to your email of last Friday, April 17. The Debtors believe this limitation is appropriate in light of, among other reasons, Judge Drain's previous guidance regarding scope, including his statements at the omnibus hearing on March 18, that focusing on "simply establishing [primary] liability at a time when substantial amounts of value have already been offered" "creates the chaotic effect of moving the focus of this case away from allocation of the value and the due diligence related to it." (Mar. 18, 2020 Omnibus Hr'g Tr. 93:13-19; *see also id.* at 93:6-11 ("[I]f the focus of these cases turns to litigating the merits which would take years, [attention] would be disastrously diverted from the tasks that have been undertaken and that are going to be continued to be undertaken with the benefit of the injunction in this case.").)

Running the search terms, custodians and your requested date range of June 30, 2001 to September 15, 2019 across the Special Committee database has produced a hit report that yields 295,017 documents for review. As you requested, attached is the hit report reflecting the Debtors' approach. Given the tight time periods since you asked us to describe an approach that would be suitable to the Debtors, this hit report has yet to receive necessary additional QC by the vendor, but assuming that it is correct, we are prepared to begin promptly to review and produce them, on a rolling basis, with initial productions to be made as soon as feasible. We are currently working with the Company, its vendors and other advisors to set up such a review process.

Finally, to reiterate a point we have made repeatedly: The Debtors have been cooperating and will continue to cooperate with the UCC in connection with its reasonable diligence requests. In keeping with that commitment, we will begin now to review and produce these materials, subject to relevant and privilege determinations. We are not requesting that you concede that this request fully satisfies the UCC's demands or limits your ability to press for additional documents that can be identified through additional targeted searches that you believe are necessary to your ongoing diligence efforts.

Thanks,
Margarita


**Custodians**:
1. Kathe Sackler
2. Richard Sackler
3. Beverly Sackler
4. David Sackler
5. Jonathan D. Sackler
6. Mortimer D. Sackler
7. Mortimer D.A. Sackler
8. Raymond R. Sackler
9. Theresa E. Sackler
10. Samantha S. Hunt
11. Ilene Sackler Lefcourt

12. Marianna Sackler Frame
13. Jeffrey Lefcourt
14. Karen Lefcourt-Taylor
15. Rebecca Sackler
16. Beth Sackler
17. Benjamin Shack-Sackler
18. Susan Sackler
19. Mark Sackler
20. Robert Shapiro
21. Judith Lewent
22. Peter Boer
23. Cecil Pickett
24. Anthony Roncalli
25. Paulo Costa
26. Ralph Snyderman
27. Jacques Theurillat
28. Jonathan White
29. William Loomis
30. Stuart Baker
31. Howard Udell
32. Bert Weinstein
33. Stephen Ives
34. Michael Friedman
35. John Stewart
36. Mark Timney
37. Craig Landau
38. Ed Mahony
39. Jean-Jacques Charhon
40. Jon Lowne

**Margarita Clarens**

**Davis Polk & Wardwell** LLP

450 Lexington Avenue | New York, NY 10017
+1 212 450 4439 tel | +1 212 701 5439 fax
margarita.clarens@davispolk.com

Confidentiality Note: This email is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure. Unauthorized use, dissemination, distribution or copying of this email or the information herein or taking any action in reliance on the contents of this email or the information herein, by anyone other than the intended recipient, or an employee or agent responsible for delivering the message to the intended recipient, is strictly prohibited. If you have received this email in error, please notify the sender immediately and destroy the original message, any attachments thereto and all copies. Please refer to the firm's Privacy Notice for important information on how we process personal data. Our website is at www.davispolk.com.

**From:** Duggan, Charles S. <charles.duggan@davispolk.com>
**Sent:** Wednesday, April 22, 2020 11:21 PM
**To:** Hurley, Mitchell <mhurley@AkinGump.com>; Williams, Richie <williamsr@akingump.com>
**Cc:** apreis@akingump.com; Porter, Katherine <kporter@akingump.com>; PURDUE AKIN LIT <PURDUEAKINLIT@akingump.com>; Murphy, Jack <jmurphy@AKINGUMP.com>; Poon, Jennifer <jpoon@akingump.com>; Clarens, Margarita <margarita.clarens@davispolk.com>; Huebner, Marshall S. <marshall.huebner@davispolk.com>; purdue.dpw.diligence <purdue.dpw.diligence@davispolk.com>
**Subject:** RE: In re Purdue Pharma - UCC Revised Search Terms and Custodians Proposal to Debtors

UNREDACTED VERSION OF DOCUMENT FILED UNDER SEAL - CONTAINS PRIVILEGED COMMUNICATIONS - TREATED AS SUBJECT TO PROTECTIVE ORDER

COMMON INTEREST PRIVILEGE

Mitch,

Thanks for your email. As we have previously stated, we are agreeable to producing additional documents to you provided this exercise is appropriately scoped, and we appreciate your efforts to work with us to achieve that result. To date, your proposed parameters have not yielded results that are reasonable. We do not agree that reviewing 4,970,083 additional documents is reasonable in the context of these proceedings.

In view of your request that we suggest an alternative proposal, we have been working on revising your search criteria again to generate what we think is a reasonably scoped review for an additional production. This requires that we evaluate and refine the parameters that you have proposed, which entails significant effort and consideration, including assessments relating to timing and cost. We are working on this now and hope to have it for you very shortly, and will provide it together with the resulting hit report for you to review.

As soon as we have this information, we will be happy to discuss it and the schedule for the Debtors to produce these additional documents, on a rolling basis with initial productions to begin as soon as feasible.

Best regards,

Charles

**Charles S. Duggan**

**Davis Polk & Wardwell** LLP
450 Lexington Avenue | New York, NY 10017
+1 212 450 4785 tel | ▮▮▮▮▮▮▮▮▮▮ mobile
charles.duggan@davispolk.com

Confidentiality Note: This email is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure. Unauthorized use, dissemination, distribution or copying of this email or the information herein or taking any action in reliance on the contents of this email or the information herein, by anyone other than the intended recipient, or an employee or agent responsible for delivering the message to the intended recipient, is strictly prohibited. If you have received this email in error, please notify the sender immediately and destroy the original message, any attachments thereto and all copies. Please refer to the firm's Privacy Notice for important information on how we process personal data. Our website is at www.davispolk.com.

---

**From:** Hurley, Mitchell <mhurley@AkinGump.com>
**Sent:** Tuesday, April 21, 2020 11:21 AM
**To:** Clarens, Margarita <margarita.clarens@davispolk.com>; Williams, Richie <williamsr@akingump.com>; Duggan, Charles S. <charles.duggan@davispolk.com>; Huebner, Marshall S. <marshall.huebner@davispolk.com>; purdue.dpw.diligence <purdue.dpw.diligence@davispolk.com>
**Cc:** apreis@akingump.com; Porter, Katherine <kporter@akingump.com>; PURDUE AKIN LIT <PURDUEAKINLIT@akingump.com>; Murphy, Jack <jmurphy@AKINGUMP.com>; Poon, Jennifer <jpoon@akingump.com>
**Subject:** RE: In re Purdue Pharma - UCC Revised Search Terms and Custodians Proposal to Debtors

Margarita:

Under the circumstances, we do not believe the number of documents returned for review and production is unreasonable. However, if by Wednesday the Debtors propose revisions to the search criteria under discussion that are acceptable to the Official Committee, and commit to begin reviewing a set of documents returned by such criteria, without waiving or relinquishing any of its rights, the Official Committee will further defer filing a 2004 motion. If you wish to proceed in this manner, please send your proposed search criteria and a hit report for our review promptly.

UNREDACTED VERSION OF DOCUMENT FILED UNDER SEAL - CONTAINS PRIVILEGED COMMUNICATIONS - TREAT SUBJECT TO PROTECTIVE ORDER

Regards,

Mitch

**Mitchell P. Hurley**
**AKIN GUMP STRAUSS HAUER & FELD** LLP
Direct: +1 212.872.1011 | Internal: 31011

---

**From:** Clarens, Margarita <margarita.clarens@davispolk.com>
**Sent:** Monday, April 20, 2020 2:28 PM
**To:** Williams, Richie <williamsr@akingump.com>; Duggan, Charles S. <charles.duggan@davispolk.com>; Huebner, Marshall S. <marshall.huebner@davispolk.com>; purdue.dpw.diligence <purdue.dpw.diligence@davispolk.com>
**Cc:** Preis, Arik <apreis@akingump.com>; Hurley, Mitchell <mhurley@AkinGump.com>; Porter, Katherine <kporter@akingump.com>; PURDUE AKIN LIT <PURDUEAKINLIT@akingump.com>; Murphy, Jack <jmurphy@AKINGUMP.com>; Poon, Jennifer <jpoon@akingump.com>
**Subject:** RE: In re Purdue Pharma - UCC Revised Search Terms and Custodians Proposal to Debtors

COMMON INTEREST PRIVILEGE

All,

Attached are the four hit reports for the Primary Liability, MDL, Estate Claims, and Practice Fusion search terms that you circulated on Friday (4/17) evening. These reports reflect hits across the Special Committee custodians. They also reflect deduplication against the MDL production, as well as threading to limit hits to the most complete chains. There are **4,970,083** de-duplicated hits across the four hit reports.

The vendor is currently working on the additional two reports for the Estate Claims terms over the Group I custodians and Group I and II custodians. However, given the volume of hits, we wanted to get you these reports sooner rather than later.

We are also considering the current hit counts and what the Debtors could agree to produce. We initially note that, while you had hoped that these revised search terms would substantially tailor the breadth of your request, the resulting hits remain in the millions. Please advise if you have any additional thoughts, and in particular, if your position demanding a commitment regarding a production based on these results has changed.

Thanks,
Margarita

**Margarita Clarens**

**Davis Polk & Wardwell** LLP
450 Lexington Avenue | New York, NY 10017
+1 212 450 4439 tel | +1 212 701 5439 fax
margarita.clarens@davispolk.com

Confidentiality Note: This email is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure. Unauthorized use, dissemination, distribution or copying of this email or the information herein or taking any action in reliance on the contents of this email or the information herein, by anyone other than the intended recipient, or an employee or agent responsible for delivering the message to the intended recipient, is strictly prohibited. If you have received this email in error, please notify the sender immediately and destroy the original message, any attachments thereto and all copies. Please refer to the firm's Privacy Notice for important information on how we process personal data. Our website is at www.davispolk.com.

19-23649-shl Doc 2160-20 Filed 12/18/20 Entered 12/18/20 18:12:59 Exhibit 20
Pg 14 of 17

UNREDACTED VERSION OF DOCUMENT FILED UNDER SEAL - CONTAINS PRIVILEGED
COMMUNICATIONS - TREATED SUBJECT TO PROTECTIVE ORDER

**From:** Williams, Richie <williamsr@akingump.com>
**Sent:** Friday, April 17, 2020 9:52 PM
**To:** Clarens, Margarita <margarita.clarens@davispolk.com>; Duggan, Charles S. <charles.duggan@davispolk.com>; Huebner, Marshall S. <marshall.huebner@davispolk.com>; purdue.dpw.diligence <purdue.dpw.diligence@davispolk.com>
**Cc:** apreis@akingump.com; Hurley, Mitchell <mhurley@AkinGump.com>; Porter, Katherine <kporter@akingump.com>; PURDUE AKIN LIT <PURDUEAKINLIT@akingump.com>; Murphy, Jack <jmurphy@AKINGUMP.com>; Poon, Jennifer <jpoon@akingump.com>
**Subject:** RE: In re Purdue Pharma - UCC Revised Search Terms and Custodians Proposal to Debtors

*COMMON INTEREST COMMUNICATION*
*ATTORNEY WORK PRODUCT*

Hi Margarita,

As discussed on our call this afternoon, attached is a revised list of search terms. To facilitate running the hit counts, we provide the search terms in the form of an Excel spreadsheet. We converted each of your hit count reports to a worksheet within this Excel document, corresponding to the exhibits provided in our March 19 e-mail, which formed the basis for your prior hit count report. In the column on the right, we include proposed changes to the search strings. Where a search string is marked "DELETE," we are not at this time asking you to run a search for the indicated search string, while reserving all rights to request additional searches as the production and review process continues. Please note that, for the Ex. B and Ex. D worksheets, there are some new additional searches indicated in red.

Thanks,
Richie—


**From:** Clarens, Margarita <margarita.clarens@davispolk.com>
**Sent:** Wednesday, March 25, 2020 11:40 PM
**To:** Porter, Katherine <kporter@akingump.com>; Duggan, Charles S. <charles.duggan@davispolk.com>; Huebner, Marshall S. <marshall.huebner@davispolk.com>; purdue.dpw.diligence <purdue.dpw.diligence@davispolk.com>
**Cc:** Preis, Arik <apreis@akingump.com>; Hurley, Mitchell <mhurley@AkinGump.com>; PURDUE AKIN LIT <PURDUEAKINLIT@akingump.com>
**Subject:** RE: In re Purdue Pharma - UCC Revised Search Terms and Custodians Proposal to Debtors


**\*\*EXTERNAL Email\*\***

COMMON INTEREST COMMUNICATION
ATTORNEY WORK PRODUCT

Katherine,

Thanks for your revised request.

Attached are hit reports reflecting your Exhibit D Estate Claim terms. As we did the last time, we ran the terms over the existing Special Committee custodians for the period of 1/1/2006 to 12/31/2018 (with the exception of Mortimer DA, whose period extends into January 2019). The hits are still large. The deduplicated hit count across the lists for the Group 1 custodians and Group 1 and Group 2 custodians is 5,832,034. There seem to be some clear outliers on your list. In the Group 1 custodian list, "mundi\*", without any further limitations, yields over 300,000 hits. Similarly, in the

13

19-23649-shl Doc 2160-20 Filed 12/18/20 Entered 12/18/20 18:12:59 Exhibit 20
Pg 15 of 17

UNREDACTED VERSION OF DOCUMENT FILED UNDER SEAL – CONTAINS PRIVILEGED COMMUNICATIONS – TREATED SUBJECT TO PROTECTIVE ORDER

Group 1 and Group 2 custodian list, the term "diver*", without further limitations, yields almost 1.5M hits. Please also note that these hits were deduplicated against the MDL production. That said, as I mentioned, threading has not yet been applied.

We will get back to you shortly on the "primary liability" request (Exhibits A-C). In the meantime, we have confirmed that the three current and former Directors of MNP Consulting Limited, which you added to your Exhibit A and Exhibit D custodian lists, did not have Purdue-hosted email. We are happy to add their names as search terms if helpful. Alternatively, if you have information indicating that these individuals had a pharma.com or purduepharma.com email address, please advise.

Similarly, I was just informed that we were unable to identify a Purdue-hosted email address from Stephen Ives. Do you have a specific email address for him?

With respect to the non-Director Sacklers (reflected in both Exhibits A and E), we are searching the archive and will let you know what documents are available for each. To the extent we have not collected their email and they have available Purdue-hosted email during the period you requested, we certainly agree to collect those documents.

Thanks,
Margarita

**Margarita Clarens**

**Davis Polk & Wardwell** LLP
450 Lexington Avenue | New York, NY 10017
+1 212 450 4439 tel | +1 212 701 5439 fax
margarita.clarens@davispolk.com

Confidentiality Note: This email is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure. Unauthorized use, dissemination, distribution or copying of this email or the information herein or taking any action in reliance on the contents of this email or the information herein, by anyone other than the intended recipient, or an employee or agent responsible for delivering the message to the intended recipient, is strictly prohibited. If you have received this email in error, please notify the sender immediately and destroy the original message, any attachments thereto and all copies. Please refer to the firm's Privacy Notice for important information on how we process personal data. Our website is at www.davispolk.com.

---

**From:** Porter, Katherine <kporter@akingump.com>
**Sent:** Thursday, March 19, 2020 11:04 PM
**To:** Clarens, Margarita <margarita.clarens@davispolk.com>; Duggan, Charles S. <charles.duggan@davispolk.com>; Kaminetzky, Benjamin S. <ben.kaminetzky@davispolk.com>; Huebner, Marshall S. <marshall.huebner@davispolk.com>
**Cc:** apreis@akingump.com; Hurley, Mitchell <mhurley@AkinGump.com>; PURDUE AKIN LIT <PURDUEAKINLIT@akingump.com>; Atkinson, Michael (External) <matkinson@provincefirm.com>; Troop, Andrew M. <andrew.troop@pillsburylaw.com>
**Subject:** In re Purdue Pharma - UCC Revised Search Terms and Custodians Proposal to Debtors

Dear Charles and Margarita:

Thanks your time on Friday (March 13, 2020). As you know, we provided the Debtors with proposed custodians, time frames and search terms for collecting and producing ESI within the Debtors' possession, custody or control on February 4, 2020. We write now to propose different custodians and search criteria that we believe will result in a greatly reduced production burden to the Debtors. We also remain willing to meet and confer with you regarding further modifications to the criterial to the extent appropriate.

In our February 4 proposal, we identified what we called "**Additional Search Terms**"—search strings that were not run by the Debtors on any custodial files pre-petition—some of which were directed specifically to estate claims ("**New Estate Terms**"), with others directed to issues of primary liability that are relevant to estate claims ("**New Primary**

14

UNREDACTED VERSION OF DOCUMENT FILED UNDER SEAL INCLUDES PRIVILEGED COMMUNICATIONS - TREATED AS SUBJECT TO PROTECTIVE ORDER

19-23649-shl Doc 2160-20 Filed 12/18/20 Entered 12/18/20 18:12:59 Exhibit 20 Pg 16 of 17

Liability Terms"). Issues of primary liability are directly relevant to key issues raised by the estates' claims against the Sacklers and others, as we have explained.

We asked you to run the Additional Search Terms (including both the New Estate Terms and the New Primary Liability Terms) across the ESI of *all* custodians, including those who were subject to prepetition searches ("**Prepetition Custodians**"). We understand that there were 70 Prepetition Custodians in the MDL. On February 4 we also identified custodians whom we understand were not subject to any prepetition searches of any kind in the MDL ("**New Custodians**"), and asked you to run *both* the Additional Search Terms and the terms that were run in the MDL ("**MDL Search Terms**") against any New Custodians. We identified 75 New Custodians in our Feb. 4 proposal, plus 22 "Practice Fusion" custodians (some of whom were also New Custodians), subject to different proposed terms. We asked that all searches be run from 1995 to the present.

You advised us on February 28, 2020 that the Debtors would not provide any "primary liability" discovery in these cases. Of the Official Committee's proposed Additional Search Terms, the Debtors only offered to run the New Estate Terms, and none of the New Primary Liability Terms or MDL Search Terms. Even with respect to the New Estate Terms, you were willing to run them against only "some" of the New Custodians and Prepetition Custodians ("**Debtors' Proposed Custodians**") that were already in the Special Committee's database, and only for the period from 2006 forward. You also sent us a "hit list" reflecting the number of documents returned by running the New Estate Terms against the Debtors' Proposed Custodians, and asked us to consider narrowing the New Estate Terms in a way that returns fewer documents.

In an effort to narrow or eliminate the parties' disputes regarding ESI we propose the following.

*First*, we are willing to limit the beginning date for the searches to 2001, rather than dating back to 1995 as we originally proposed.

*Second,* as discussed on our call, we believe it is crucial that at least some searches that relate to the primary liability of Purdue (which is integral to the estate claims) are necessary. As a compromise, we propose to substantially reduce the number of custodians subject to searches for both the MDL Search Terms and New Primary Liability Terms. Specifically, we have reduced our proposed custodian list to 40 Prepetition Custodians and 66 New Custodians for the MDL Search Terms and New Primary Liability Terms, as reflected on **Exhibit A**. That reduces our proposed custodians by a total of 39 with respect to these sets of terms, or approximately 30%. Furthermore, out of an abundance of caution, we have continued to be somewhat inclusive in identifying proposed custodians with respect to these sets of terms, but we recognize that you may have developed an understanding about which custodians are likely to have important documents and we would welcome your input about how to narrow these custodian sets further (or to identify any important custodians that we have omitted), and we will consider any such guidance in good faith.

*Third,* as a further compromise, we also narrowed the New Primary Liability Terms as reflected on **Exhibit B** and narrowed the MDL Search Terms (which also go to primary liability) as reflected on **Exhibit C**. We propose that the Debtors apply the Exhibit C narrowed New Primary Liability Terms and Exhibit D narrowed MDL Search Terms *only* to the narrowed list of custodians identified on Exhibit A.

*Fourth*, we also propose to narrow the scope of the New Estate Terms as reflected on **Exhibit D** in an effort to reduce the number of documents returned. While the revised New Estate Terms add some terms that were not among those we supplied in February, we are confident that our inclusion of limiters will greatly reduce the number of documents the revised terms return overall. We propose to run the revised New Estate Terms against the custodians identified in Exhibit D. This is a larger group of custodians than those in Exhibit A, but we are eager to discuss with you and consider your input regarding how to narrow this further.

*Fifth*, we are willing to temporarily defer our request for "Practice Fusion" related custodians and search terms. During our call on Friday March 13, you refused to provide any information relating to the Official Committee's Practice Fusion requests of any kind, and suggested we should discuss those requests with lawyers at Skadden who are representing the

15

19-23649-shl Doc 2160-20 Filed 12/18/20 Entered 12/18/20 18:12:59 Exhibit 20 Pg 17 of 17

UNREDACTED VERSION OF DOCUMENT FILED UNDER SEAL CONTAINS PRIVILEGED COMMUNICATIONS - TREATED PURSUANT TO PROTECTIVE ORDER

Debtors in connection with the Practice Fusion situation. We wrote Ben on March 11 to take him up on his offer to coordinate a call with Skadden and with our white collar partner Paul Butler. We will hold off on pursuing our Practice Fusion discovery until that call occurs, provided it is arranged promptly.

*Finally,* every Sackler was a beneficiary of billions in transfers from Purdue to Sackler trusts, primarily between 2007 and after, and any of those persons could have communications probative of Sackler family knowledge of liability risk at Purdue and their motives for moving huge sums out of the reach of Purdue's creditors and into Sackler trusts. We therefore have prepared a still narrower set of search terms that we ask you to run against the emails of all Sackler family members that were not directors or officers of Purdue but who had a Purdue email address. **Exhibit E** includes those narrow search terms, along with a list of the Sacklers whom we believe had a Purdue email address at some point in time, though we defer to you to completely and accurately identify those custodians.

We believe the foregoing represents a substantial compromise, and will greatly reduce the production burden on the Debtors as compared to our February 4 proposal. In addition, if you will again provide us with "hit reports" once you have run these terms against the proposed custodians, we would be happy to discuss other modifications to further reduce the Debtors' burden. Please let us know if you have questions or wish to discuss.

Best,
Katherine


Katherine Porter
**AKIN GUMP STRAUSS HAUER & FELD** LLP
One Bryant Park | New York, NY 10036-6745 | USA | Direct: +1 212.872.7467 | Internal: 37467
Fax: +1 212.872.1002 | kporter@akingump.com | akingump.com | Bio

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.
The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.
The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.
The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.
The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.
The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.