# EXHIBIT 38



**ALEXANDER B. LEES**
*Partner*
55 Hudson Yards  |  New York, NY 10001-2163
T: 212.530.5161
alees@milbank.com  |  milbank.com

September 28, 2020

**VIA EMAIL**

Mitchell P. Hurley
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY 10036

   Re: In re Purdue Pharma L.P., No. 19-23649 (Bankr. S.D.N.Y.)

Dear Mitch:

   I write in response to your letter of September 24.

**<u>Narrowing Privilege Disputes</u>**

   We appreciate your offer to "consider in good faith any proposal Side B may have for identifying the entries that Side B believes are not relevant to any of the issues in these cases." This is constructive. We hope to find an efficient resolution of disputes relating to entries on our privilege logs.

   Approximately 9,000 privilege log entries that appear on Exhibits A to your September 12 and 22 letters involve public relations professionals – particularly, Goldin Associates, which was hired by JHA to assist with litigation strategy in connection with the highly publicized and politicized lawsuits concerning Purdue's marketing of opioids. We are prepared to brief our position that the presence of public relations firms does not make these documents discoverable, and thus allow the Court to resolve how these 9,000 entries should be treated, if you choose to move forward with your challenges. We urge you to reconsider your position on these documents, however.

   At a minimum, we encourage you to rethink your challenges to our assertions of work product protection. There is no dispute that the work product protection is not waived when a non-lawyer or non-client becomes privy to a document; to the contrary, as we have demonstrated in previous letters, the protection is waived only when the document is shared with a litigation adversary or in such a way that increases the likelihood that the adversary will obtain it. You have yet to come forward with any facts showing that this is the case with respect to the public-

MILBANK LLP

NEW YORK | LOS ANGELES | WASHINGTON, D.C. | SÃO PAULO | FRANKFURT
LONDON | MUNICH | BEIJING | HONG KONG | SEOUL | SINGAPORE | TOKYO

Mitchell P. Hurley
September 28, 2020                                                                                    Page 2

relations entries on our privilege log where work product protection is claimed. This alone is a reason why you should consider dropping your challenges to these entries. If you were to change your position with respect to communications involving public relations advisors, nearly three quarters of our privilege disputes would be resolved, and we could substantially lessen the burden you otherwise would seek to place on the Court. This would be a salutary outcome.

While a reconsideration of your position with respect to work product and public relations professionals could substantially narrow our disputes by itself, we also ask that you reevaluate your position on our claims of attorney-client privilege. Your position in the past has been that professionals like public relations firms can never be within the scope of the attorney-client privilege. You appeared to back off that categorical argument in your letter of September 19, when you agreed that public relations advisors (like other advisors) can be within the privilege in some circumstances – and you presumably meant to include situations where these advisors facilitate legal advice and strategy, as was the case with Goldin Associates here. This recognition on your part again can relieve the Court of the burden of having to address thousands of privilege log entries

We especially urge you to reconsider your challenges to the public relations entries on our privilege logs that post-date February 21, 2018, which is when our clients first were sued in connection with Purdue's marketing of opioids. After that date, responsive communications are protected from disclosure under the principles outlined above and in our previous letters because, as courts have repeatedly recognized, the focus of relevant communications would be on the lawsuits and litigation strategy, not on the underlying conduct that is the subject of the claims. *Capitol Records, Inc. v. MP3tunes, LLC*, 261 F.R.D. 44, 51 (S.D.N.Y. 2009) ("[I]t obviously is correct that at some point in most civil suits the focus of the principals' discussions shifts from the acts or omissions giving rise to the claims to the prosecution or defense of the lawsuit. . . . [T]o minimize the burden on [defendant], the Court will not require it to record on its privilege log any attorney-client communications or work product documents created after [the action] was filed."); *see also, e.g., Sec. & Exch. Comm'n v. Entholpy EMC, Inc.*, 2019 WL 2057273, at *3 (N.D. Cal. May 9, 2019) ("Communications involving trial counsel that post-date the filing of the complaint need not be placed on a privilege log."); *Swinomish Indian Tribal Cmty. v. BNSF Ry. Co.*, 2016 WL 2610247, at *3 (W.D. Wash. May 6, 2016) (after litigation begins and the client's attention turns to the defense of the lawsuit, "most, if not everything, is then subject to the attorney/client privilege and/or the work product doctrine. The small chance that some discoverable document may exist is outweighed by the burdens of having to collect and log the vast majority of documents that is not discoverable."); *cf. The Sedona Principles, Third Edition*, 19 Sedona Conf. J. 1, 82-83 (2018) (recommending that parties stipulate that "certain categories of documents are presumptively privileged (such as documents prepared, sent, or received by attorneys who represent a party for specific purposes)" and "to classes of privileged documents that do not need to be preserved or listed on a log[, such as] . . . communications among a trial team after the litigation begins.").

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION -
TREAT SUBJECT TO PROTECTIVE ORDER

Mitchell P. Hurley
September 28, 2020                                                                                      Page 3

        This is particularly true in this case: Purdue made no partnership distributions in 2018;
Purdue ceased marketing opioids altogether in February 2018; and our clients all left the board in
2018. These facts confirm that the post-February 2018 privilege log entries will relate to
litigation strategy, not reflect or constitute the conduct you are investigating. Documents post-
dating February 21, 2018, account for nearly all of the 9,000 log entries involving public
relations firms, providing another reason why your reconsideration of this point could materially
narrow the scope of our privilege disputes.

        Separate from the public-relations entries on our privilege log, over the past few days
since receiving your letter, we undertook to re-review the approximately 4,300 remaining entries
that you listed on the exhibits to your September 12 and 22 letters to determine whether they fit
within the subject matter categories identified in your letters since August 20. Attached as
Exhibit 1 is a list of challenged entries that we believe are unrelated to these subject matters. Our
hope is that you will withdraw your challenges to these entries, too. In conducting this re-review,
we also identified several documents that we believe can be produced in full. We will follow up
with a list of those documents shortly and will promptly produce them.

        Finally, we have determined that approximately 300 documents on the exhibits to your
September 12 and 22 letters already have been produced in full, and therefore we do not believe
there is a live dispute with respect to them. Attached as Exhibit 2 is a list of these documents.

## Scope of Discovery

        Our previous discussions belie your assertion that we made a "unilateral choice" to
generate a document-by-document log. When our teams conferred on the form of privilege log in
late June, Akin Gump made very clear that it wanted a document-by-document log; it also
demanded information about withheld documents (for example, subject lines for every individual
email) that could not be provided in the context of a categorical privilege log. That we acceded to
your requests does not mean we dictated the form of the log. Similarly, acceding to the UCC's
demands by entering into a scheduling stipulation – thus sparing the Court from having to wade
into discovery disputes – cannot be fairly characterized as our sharing the belief that the UCC's
subpoena was appropriately tailored or consistent with the Court's instruction that discovery be
focused on due diligence rather than trial preparation. We have always maintained that the
UCC's discovery program is overbroad and disproportionate. *See* May 29 letter ("[O]ur
commitment to review and produce ESI as we have described should not be interpreted as a
concession by us that the Official Committee's Rule 2004 examination is reasonable or as a
waiver of our objections."). The hundreds of thousands of documents we have produced and the
depositions you have conducted to date only confirm that conclusion. Moreover, the Court's so-
ordering of a negotiated scheduling stipulation is not an endorsement by it of the scope of your
investigation.

Mitchell P. Hurley
September 28, 2020                                                              Page 4

## Sufficiency of Information Provided to Assess Privilege

We continue to disagree with your position that we have failed to carry our burden with
respect to our privilege logs. We have provided you with far more information than is required,
as we have explained numerous times in previous letters, including the chart of relationships
provided with our September 25 letter. You are wrong to assert that we have not identified
"which persons are 'directors,' which are 'agents,' which are 'counsel,' which are 'employees,'
and which are 'representatives.'" Every person, firm, and entity appearing on our log has been
identified for you with a description of the applicable roles and relationships. As for your
assertion that we did not "identify any particular matters on which any of [sic] 'agents, counsel
and representatives,' acted in those capacities, or tie their roles to any particular documents or
even categories of documents identified on the Logs," you are wrong again. If you reference the
privilege log descriptions, the lists identifying persons on the privilege log, and the chart we
provided to you last week (not to mention the other information we have provided to you in
correspondence), you are able to understand that our privilege assertions are justified. *See, e.g.*,
RSF00074966 (email between Phillip Bobbitt and Richard Sackler described as "Redacted
confidential communication requesting and reflecting request for legal advice regarding litigation
strategy and relevant legal developments"; "List of Individuals and Entities Appearing on the
July 22 Privilege Log" states that Mr. Bobbitt is "Counsel to Richard Sackler"; September 25
chart includes Mr. Bobbitt under "Counsel and Other Agents, Employees and Representatives"
of the Raymond Sackler Family, specifically noting that Mr. Bobbitt is connected with Richard
Sackler). We also remind you that if you ever have a particularized inquiry regarding a log entry,
or a person or entity appearing on the log, we are prepared to answer your questions. Each time
you have raised a question about a privilege assertion in the past, we have responded.

## Stuart Baker and Jonathan White

With respect to Mr. Baker and Mr. White, there is nothing "vague" about a privilege log
entry involving one of these lawyers (and no other counsel) that says the communication
involved the request for or provision of legal advice. That is a very *clear* statement that they
were acting in a legal capacity. In virtually every litigation, a privilege log includes
communications between lawyer and client and describes them as involving the provision of
legal advice on a given subject. And in all such instances, no more information is required to
establish the existence of a privilege and the fact that the lawyer was acting as such. Our
privilege logs here conform to this ordinary practice. So, too, do they follow the local rules – and
the instructions in your own subpoena – which require us to identify the nature of the privilege
being claimed, the type of document, the date of the document, and other information to identify
a document, such as the author, the addressees, and the relationships among the communicants
where not apparent. Local Bankr. R. 7034-1; Subpoena Instruction E.

In challenging our privilege claims, the UCC has its own burden to carry. If you have any
basis to believe that any one of our privilege log entries involving Mr. Baker and Mr. White was

Mitchell P. Hurley
September 28, 2020                                                                              Page 5

withheld improperly because these attorneys were acting in a non-legal capacity, notwithstanding our conclusion to the contrary, it is incumbent upon you to come forward with *facts* that you believe undermine our claim. You have never done so. This in turn means that you are not automatically entitled to *in camera* review. Such review is reserved for situations in which you have made a *prima facie* case that a privilege or other protection from disclosure is inapplicable. You have made no case at all.

You say you do not necessarily have to "take our word for it" that Mr. Baker and Mr. White were giving legal advice in any given log entry. But now that we have satisfied our obligations under Local Bankruptcy Rule 7034-1(c) and complied with the instructions in your subpoena, you do not simply get to declare "not so" and thereby overcome our claim of privilege or trigger Court review. *E.g.*, *In re Coll. Landings Ltd. P'ship*, 248 B.R. 619, 624 (Bankr. M.D. Fla. 1998) (denying in camera review where party moving to compel provided no basis "to support a reasonable belief that in camera review may yield evidence" that privilege did not apply); *Alpex Computer Corp. v. Nintendo Co.*, 1988 WL 87511, at *3 (S.D.N.Y. Aug. 16, 1988) ("in camera inspection of large quantities of documents is not warranted in the absence of any indication of a genuine dispute. The mutual suspicions of counsel are not a basis for shifting the responsibility for discovery from counsel to the court."). The burden in this privilege dispute has shifted to you, and you have not satisfied it.[1]

Very truly yours,

*/s/ Alexander B. Lees*
Alexander B. Lees

cc:    Marshall Huebner
       Kenneth Eckstein
       Andrew Troop
       Jasmine Ball

---

[1] We reserve the right to submit documents for *in camera* review at a later time, including in response to arguments or assertions made by the UCC in its briefing of privilege issues.

**Exhibit 1**

| | | | |
|---|---|---|---|
| PS-00001406 | PS-00004332 | PS-00004937 | PS-00101750 |
| PS-00002609 | PS-00004335 | PS-00004939 | PS-00101752 |
| PS-00002648 | PS-00004544 | PS-00004941 | PS-00101753 |
| PS-00002701 | PS-00004576 | PS-00004946 | PS-00101756 |
| PS-00002706 | PS-00004637 | PS-00004948 | PS-00101786 |
| PS-00002720 | PS-00004638 | PS-00004956 | PS-00101798 |
| PS-00002722 | PS-00004699 | PS-00004961 | PS-00101799 |
| PS-00002729 | PS-00004749 | PS-00004962 | PS-00101803 |
| PS-00002859 | PS-00004750 | PS-00049202 | PS-00101809 |
| PS-00002860 | PS-00004778 | PS-00049223 | PS-00101814 |
| PS-00002874 | PS-00004780 | PS-00049272 | PS-00101822 |
| PS-00002876 | PS-00004798 | PS-00064272 | PS-00101826 |
| PS-00002900 | PS-00004806 | PS-00064290 | PS-00101827 |
| PS-00002994 | PS-00004810 | PS-00079748 | PS-00101842 |
| PS-00003390 | PS-00004811 | PS-00087522 | PS-00101986 |
| PS-00003617 | PS-00004821 | PS-00093161 | PS-00103413 |
| PS-00003619 | PS-00004822 | PS-00094095 | PS-00105127 |
| PS-00003620 | PS-00004838 | PS-00099932 | PS-00105138 |
| PS-00003626 | PS-00004839 | PS-00101580 | PS-00106015 |
| PS-00003631 | PS-00004877 | PS-00101590 | PS-00106477 |
| PS-00003641 | PS-00004885 | PS-00101596 | PS-00106595 |
| PS-00003994 | PS-00004900 | PS-00101706 | PS-00106596 |
| PS-00004282 | PS-00004905 | PS-00101729 | PS-00106597 |
| PS-00004326 | PS-00004907 | PS-00101746 | PS-00107313 |
| PS-00004331 | PS-00004932 | PS-00101749 | PS-00107314 |

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION - TREAT SUBJECT TO PROTECTIVE ORDER

| | | | |
|---|---|---|---|
| PS-00107353 | PS-00218126 | PS-01027732 | PS-01134474 |
| PS-00107420 | PS-00350184 | PS-01027872 | PS-01145276 |
| PS-00107508 | PS-00398489 | PS-01027899 | PS-01146705 |
| PS-00108645 | PS-00398500 | PS-01030985 | PS-01147316 |
| PS-00112524 | PS-00398529 | PS-01042190 | PS-01151733 |
| PS-00129062 | PS-00398531 | PS-01043242 | PS-01154963 |
| PS-00129261 | PS-00409658 | PS-01043258 | PS-01156961 |
| PS-00130188 | PS-00418051 | PS-01043259 | PS-01157121 |
| PS-00134141 | PS-00458516 | PS-01043261 | PS-01157173 |
| PS-00135295 | PS-00460663 | PS-01043265 | PS-01157592 |
| PS-00135861 | PS-00460665 | PS-01043287 | PS-01157604 |
| PS-00136025 | PS-00473641 | PS-01046928 | PS-01157648 |
| PS-00137026 | PS-00513045 | PS-01068382 | PS-01157667 |
| PS-00146866 | PS-00528578 | PS-01074970 | PS-01157672 |
| PS-00146873 | PS-00562285 | PS-01075040 | PS-01158113 |
| PS-00146923 | PS-00562291 | PS-01096933 | PS-01158322 |
| PS-00146924 | PS-00563507 | PS-01097025 | PS-01158323 |
| PS-00146997 | PS-00620471 | PS-01097105 | PS-01159275 |
| PS-00147019 | PS-00649766 | PS-01097112 | PS-01162877 |
| PS-00147043 | PS-00701201 | PS-01097114 | PS-01162883 |
| PS-00147063 | PS-00768816 | PS-01097128 | RS0089935 |
| PS-00148670 | PS-00768818 | PS-01097290 | RS0098661 |
| PS-00148687 | PS-01003710 | PS-01103581 | RS0219996 |
| PS-00155603 | PS-01004535 | PS-01106375 | RS0220036 |
| PS-00155686 | PS-01012352 | PS-01114639 | RS0231661 |

2

| | | | |
|---|---|---|---|
| RS0238246 | RS0464635 | RS0682946 | RS0751659 |
| RS0280201 | RS0511983 | RS0691477 | RS0754836 |
| RS0282446 | RS0513145 | RS0691566 | RS0757794 |
| RS0285153 | RS0520118 | RS0692735 | RS0762842 |
| RS0285417 | RS0550134 | RS0693774 | RS0764019 |
| RS0286316 | RS0551296 | RS0695454 | RS0789303 |
| RS0287542 | RS0561619 | RS0696217 | RS0790819 |
| RS0287596 | RS0604961 | RS0698047 | RS0791178 |
| RS0288660 | RS0608211 | RS0698177 | RS0793764 |
| RS0290466 | RS0611464 | RS0700649 | RS0794602 |
| RS0290674 | RS0611539 | RS0701670 | RS0794819 |
| RS0292340 | RS0611680 | RS0705055 | RS0795275 |
| RS0292411 | RS0611830 | RS0705840 | RS0795720 |
| RS0296928 | RS0612118 | RS0707331 | RS0796097 |
| RS0300178 | RS0612226 | RS0708139 | RS0797025 |
| RS0302053 | RS0619023 | RS0708930 | RS0797123 |
| RS0302364 | RS0625772 | RS0711486 | RS0797296 |
| RS0303746 | RS0633243 | RS0726057 | RS0797806 |
| RS0303785 | RS0640464 | RS0726668 | RS0799710 |
| RS0303872 | RS0677114 | RS0728004 | RS0800344 |
| RS0304047 | RS0677437 | RS0730436 | RS0800819 |
| RS0305028 | RS0678002 | RS0731793 | RS0801238 |
| RS0305835 | RS0678528 | RS0742349 | RS0803400 |
| RS0333277 | RS0680014 | RS0748489 | RS0803803 |
| RS0348600 | RS0681524 | RS0751388 | RS0804151 |

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION -
TREAT SUBJECT TO PROTECTIVE ORDER

| | | | |
|---|---|---|---|
| RS0804907 | RS0829494 | RS0840254 | RS0866827 |
| RS0808199 | RS0830260 | RS0840523 | RS0867910 |
| RS0808967 | RS0831063 | RS0841201 | RS0868329 |
| RS0810335 | RS0831195 | RS0841961 | RS0868429 |
| RS0813032 | RS0832043 | RS0842911 | RS0868663 |
| RS0813260 | RS0832308 | RS0843229 | RS0869382 |
| RS0815393 | RS0832736 | RS0843376 | RS0869441 |
| RS0815665 | RS0832785 | RS0846115 | RS0869494 |
| RS0815946 | RS0833854 | RS0846666 | RS0869699 |
| RS0816406 | RS0834021 | RS0847357 | RS0869832 |
| RS0817101 | RS0834315 | RS0848145 | RS0870733 |
| RS0817330 | RS0834792 | RS0848869 | RS0871355 |
| RS0817504 | RS0835110 | RS0849926 | RS0871465 |
| RS0817610 | RS0835548 | RS0850094 | RS0872069 |
| RS0817747 | RS0836139 | RS0850156 | RS0872221 |
| RS0820554 | RS0836636 | RS0850167 | RS0872434 |
| RS0821667 | RS0836851 | RS0851703 | RS0872673 |
| RS0821970 | RS0837246 | RS0853813 | RS0872883 |
| RS0824606 | RS0837315 | RS0859688 | RS0873248 |
| RS0825398 | RS0837324 | RS0860366 | RS0873622 |
| RS0825610 | RS0837528 | RS0864750 | RS0873949 |
| RS0826093 | RS0838223 | RS0864959 | RS0874261 |
| RS0826491 | RS0839199 | RS0865593 | RS0874803 |
| RS0827600 | RS0839409 | RS0865837 | RS0875108 |
| RS0827835 | RS0840050 | RS0866395 | RS0875740 |

PUBLICLY FILED PER STIPULATION [ECF 2140]

| | | | |
|---|---|---|---|
| RS0875777 | RS0886875 | RS0899640 | RS0926792 |
| RS0876075 | RS0887266 | RS0900036 | RS0929047 |
| RS0876341 | RS0888077 | RS0900733 | RS0929378 |
| RS0876885 | RS0888200 | RS0900774 | RS0930557 |
| RS0878009 | RS0889716 | RS0901349 | RS0931151 |
| RS0878186 | RS0891264 | RS0901509 | RS0932863 |
| RS0878332 | RS0892636 | RS0901790 | RS0935673 |
| RS0878471 | RS0893926 | RS0902180 | RS0937563 |
| RS0878722 | RS0894154 | RS0902530 | RSM-118062 |
| RS0879090 | RS0894479 | RS0902640 | RSM-118894 |
| RS0879889 | RS0894580 | RS0903151 | RSM-119364 |
| RS0879899 | RS0895422 | RS0906285 | RSM-122659 |
| RS0879948 | RS0895457 | RS0907214 | RSM-124973 |
| RS0880232 | RS0895574 | RS0907368 | RSM-127079 |
| RS0881993 | RS0895614 | RS0907601 | RSM-128832 |
| RS0882001 | RS0895811 | RS0908087 | RSM-129844 |
| RS0882528 | RS0895929 | RS0908524 | RSM-131001 |
| RS0884436 | RS0896137 | RS0908887 | RSM-131308 |
| RS0884685 | RS0896918 | RS0909221 | RSM-131715 |
| RS0885087 | RS0898384 | RS0909451 | RSM-135860 |
| RS0885244 | RS0898628 | RS0914711 | RSM-136009 |
| RS0885312 | RS0898732 | RS0914911 | RSM-136227 |
| RS0885829 | RS0899358 | RS0914976 | RSM-136992 |
| RS0886145 | RS0899445 | RS0920668 | RSM-139128 |
| RS0886818 | RS0899514 | RS0925110 | RSM-139337 |

PUBLICLY FILED PER STIPULATION [ECF 2140]

| | | | |
|---|---|---|---|
| RSM-140060 | RSM-281110 | JS-116659 | DSF0033649 |
| RSM-140278 | RSM-282006 | JS-116730 | DSF0033660 |
| RSM-143981 | RSM-282449 | JS-116739 | DSF0033661 |
| RSM-148352 | RSM-286805 | JS-116741 | DSF0033712 |
| RSM-149871 | RSM-289505 | JS-116758 | DSF0033714 |
| RSM-151267 | RSM-294348 | JS-116785 | DSF0033716 |
| RSM-161001 | RSM-294738 | JS-116841 | DSF0033717 |
| RSM-161539 | RSM-296001 | JS-121018 | DSF0033722 |
| RSM-176071 | RSM-297492 | DSF0008476 | DSF0033723 |
| RSM-176676 | RSM-299901 | DSF0009812 | DSF0033724 |
| RSM-188406 | RSM-300453 | DSF0009844 | DSF0033726 |
| RSM-188610 | RSM-300527 | DSF0018075 | DSF0033728 |
| RSM-251970 | RSM-300851 | DSF0019057 | DSF0033762 |
| RSM-257184 | RSM-301270 | DSF0026630 | DSF0033772 |
| RSM-257285 | RSM-307060 | DSF0026631 | DSF0033773 |
| RSM-259789 | RSM-307701 | DSF0026632 | DSF0033782 |
| RSM-265773 | RSM-308424 | DSF0026633 | DSF0033797 |
| RSM-272625 | RSM-313251 | DSF0026634 | DSF0033798 |
| RSM-272874 | JS-068602 | DSF0026647 | DSF0033799 |
| RSM-275969 | JS-068605 | DSF0027075 | DSF0033800 |
| RSM-277681 | JS-068607 | DSF0027080 | DSF0033803 |
| RSM-277806 | JS-115851 | DSF0027095 | DSF0033806 |
| RSM-279777 | JS-115852 | DSF0027111 | DSF0033808 |
| RSM-280581 | JS-115864 | DSF0033391 | DSF0033809 |
| RSM-280988 | JS-116644 | DSF0033598 | DSF0033811 |

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION -
TREAT SUBJECT TO PROTECTIVE ORDER

| | | | |
|---|---|---|---|
| DSF0033813 | DSF0035534 | DSF0041671 | DSF0048122 |
| DSF0033818 | DSF0035538 | DSF0041702 | DSF0048295 |
| DSF0033819 | DSF0035539 | DSF0041703 | DSF0048464 |
| DSF0033822 | DSF0035572 | DSF0042027 | DSF0049793 |
| DSF0033824 | DSF0035578 | DSF0042029 | DSF0050829 |
| DSF0033857 | DSF0035579 | DSF0042030 | DSF0050855 |
| DSF0033904 | DSF0035594 | DSF0042032 | DSF0051090 |
| DSF0035310 | DSF0037100 | DSF0042033 | DSF0051217 |
| DSF0035483 | DSF0037139 | DSF0042862 | DSF0051384 |
| DSF0035485 | DSF0037184 | DSF0043414 | DSF0055201 |
| DSF0035490 | DSF0037193 | DSF0045099 | DSF0061533 |
| DSF0035492 | DSF0037195 | DSF0045367 | DSF0061537 |
| DSF0035494 | DSF0037196 | DSF0045517 | DSF0061561 |
| DSF0035495 | DSF0037198 | DSF0045639 | DSF0061575 |
| DSF0035496 | DSF0037324 | DSF0045828 | DSF0061579 |
| DSF0035499 | DSF0037327 | DSF0045829 | DSF0061580 |
| DSF0035509 | DSF0037328 | DSF0045983 | DSF0061598 |
| DSF0035512 | DSF0037335 | DSF0045984 | DSF0061600 |
| DSF0035514 | DSF0037355 | DSF0046182 | DSF0061601 |
| DSF0035515 | DSF0037372 | DSF0046834 | DSF0061606 |
| DSF0035523 | DSF0039375 | DSF0047079 | DSF0061613 |
| DSF0035528 | DSF0041491 | DSF0047226 | DSF0061622 |
| DSF0035529 | DSF0041521 | DSF0047412 | DSF0061627 |
| DSF0035531 | DSF0041620 | DSF0047631 | DSF0061631 |
| DSF0035533 | DSF0041627 | DSF0047881 | DSF0061636 |

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION -
TREAT SUBJECT TO PROTECTIVE ORDER

| | | | |
|---|---|---|---|
| DSF0061671 | DSF0061999 | DSF0062240 | DSF0062593 |
| DSF0061676 | DSF0062004 | DSF0062255 | DSF0062638 |
| DSF0061679 | DSF0062014 | DSF0062261 | DSF0062646 |
| DSF0061688 | DSF0062022 | DSF0062278 | DSF0062712 |
| DSF0061691 | DSF0062071 | DSF0062279 | DSF0062752 |
| DSF0061692 | DSF0062074 | DSF0062282 | DSF0062754 |
| DSF0061693 | DSF0062076 | DSF0062289 | DSF0062755 |
| DSF0061699 | DSF0062105 | DSF0062314 | DSF0062776 |
| DSF0061739 | DSF0062110 | DSF0062316 | DSF0062806 |
| DSF0061746 | DSF0062115 | DSF0062319 | DSF0062857 |
| DSF0061771 | DSF0062120 | DSF0062397 | DSF0062883 |
| DSF0061774 | DSF0062127 | DSF0062426 | DSF0062884 |
| DSF0061799 | DSF0062130 | DSF0062434 | DSF0062947 |
| DSF0061821 | DSF0062132 | DSF0062495 | DSF0062949 |
| DSF0061842 | DSF0062149 | DSF0062498 | DSF0062959 |
| DSF0061855 | DSF0062150 | DSF0062500 | DSF0062967 |
| DSF0061900 | DSF0062164 | DSF0062507 | DSF0062976 |
| DSF0061915 | DSF0062165 | DSF0062514 | DSF0062980 |
| DSF0061933 | DSF0062166 | DSF0062534 | DSF0062985 |
| DSF0061960 | DSF0062170 | DSF0062551 | DSF0063014 |
| DSF0061970 | DSF0062181 | DSF0062556 | DSF0063084 |
| DSF0061980 | DSF0062187 | DSF0062558 | DSF0063180 |
| DSF0061985 | DSF0062201 | DSF0062569 | DSF0063192 |
| DSF0061987 | DSF0062202 | DSF0062575 | DSF0063193 |
| DSF0061989 | DSF0062214 | DSF0062587 | DSF0063197 |

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION - TREAT SUBJECT TO PROTECTIVE ORDER

| | | | |
|---|---|---|---|
| DSF0063198 | DSF0063619 | DSF0063886 | DSF0064190 |
| DSF0063202 | DSF0063626 | DSF0063913 | DSF0064193 |
| DSF0063214 | DSF0063628 | DSF0063921 | DSF0064194 |
| DSF0063222 | DSF0063635 | DSF0063927 | DSF0064221 |
| DSF0063231 | DSF0063641 | DSF0063930 | DSF0064229 |
| DSF0063243 | DSF0063647 | DSF0063939 | DSF0064231 |
| DSF0063251 | DSF0063663 | DSF0063946 | DSF0064235 |
| DSF0063252 | DSF0063671 | DSF0063958 | DSF0064246 |
| DSF0063256 | DSF0063726 | DSF0063963 | DSF0064253 |
| DSF0063289 | DSF0063741 | DSF0063968 | DSF0064254 |
| DSF0063294 | DSF0063753 | DSF0063972 | DSF0064262 |
| DSF0063338 | DSF0063778 | DSF0064032 | DSF0064265 |
| DSF0063368 | DSF0063807 | DSF0064045 | DSF0064270 |
| DSF0063371 | DSF0063808 | DSF0064068 | DSF0064277 |
| DSF0063388 | DSF0063820 | DSF0064090 | DSF0064279 |
| DSF0063417 | DSF0063822 | DSF0064096 | DSF0064282 |
| DSF0063471 | DSF0063824 | DSF0064097 | DSF0064283 |
| DSF0063490 | DSF0063829 | DSF0064101 | DSF0064288 |
| DSF0063510 | DSF0063831 | DSF0064102 | DSF0064294 |
| DSF0063534 | DSF0063838 | DSF0064112 | DSF0064300 |
| DSF0063554 | DSF0063843 | DSF0064151 | DSF0064303 |
| DSF0063562 | DSF0063848 | DSF0064168 | DSF0064304 |
| DSF0063589 | DSF0063872 | DSF0064176 | DSF0064306 |
| DSF0063595 | DSF0063874 | DSF0064180 | DSF0064328 |
| DSF0063598 | DSF0063877 | DSF0064189 | DSF0064330 |

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION -
TREAT SUBJECT TO PROTECTIVE ORDER

| | | | |
|---|---|---|---|
| DSF0064332 | DSF0064406 | DSF0064509 | DSF0064657 |
| DSF0064333 | DSF0064407 | DSF0064511 | DSF0064659 |
| DSF0064334 | DSF0064410 | DSF0064513 | DSF0064669 |
| DSF0064342 | DSF0064411 | DSF0064514 | DSF0064674 |
| DSF0064346 | DSF0064414 | DSF0064521 | DSF0064681 |
| DSF0064362 | DSF0064417 | DSF0064523 | DSF0064683 |
| DSF0064365 | DSF0064419 | DSF0064524 | DSF0064699 |
| DSF0064367 | DSF0064420 | DSF0064529 | DSF0064703 |
| DSF0064368 | DSF0064421 | DSF0064530 | DSF0064705 |
| DSF0064369 | DSF0064422 | DSF0064549 | DSF0064708 |
| DSF0064370 | DSF0064425 | DSF0064556 | DSF0064716 |
| DSF0064371 | DSF0064432 | DSF0064563 | DSF0064736 |
| DSF0064379 | DSF0064433 | DSF0064564 | DSF0064750 |
| DSF0064380 | DSF0064436 | DSF0064567 | DSF0064763 |
| DSF0064382 | DSF0064451 | DSF0064568 | DSF0064765 |
| DSF0064383 | DSF0064459 | DSF0064577 | DSF0064780 |
| DSF0064384 | DSF0064464 | DSF0064581 | DSF0064783 |
| DSF0064385 | DSF0064465 | DSF0064585 | DSF0064784 |
| DSF0064386 | DSF0064487 | DSF0064588 | DSF0064843 |
| DSF0064388 | DSF0064490 | DSF0064590 | DSF0064852 |
| DSF0064393 | DSF0064493 | DSF0064605 | DSF0064869 |
| DSF0064394 | DSF0064495 | DSF0064635 | DSF0064885 |
| DSF0064395 | DSF0064496 | DSF0064638 | DSF0064890 |
| DSF0064396 | DSF0064501 | DSF0064643 | DSF0064892 |
| DSF0064404 | DSF0064502 | DSF0064649 | DSF0064914 |

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION - TREAT SUBJECT TO PROTECTIVE ORDER

| | | | |
|---|---|---|---|
| DSF0064919 | DSF0065038 | DSF0082651 | RSNY12204119 |
| DSF0064922 | DSF0065047 | DSF0082704 | RSNY12204496 |
| DSF0064928 | DSF0065048 | RSNY12021749 | RSNY12205016 |
| DSF0064929 | DSF0065991 | RSNY12023195 | RSNY12205310 |
| DSF0064932 | DSF0065994 | RSNY12025226 | RSNY12228453 |
| DSF0064933 | DSF0066022 | RSNY12025344 | RSNY12229889 |
| DSF0064935 | DSF0066040 | RSNY12028263 | RSNY12249705 |
| DSF0064944 | DSF0066063 | RSNY12130397 | RSNY12255324 |
| DSF0064947 | DSF0077424 | RSNY12130854 | RSNY12262029 |
| DSF0064949 | DSF0082481 | RSNY12131807 | RSNY12271149 |
| DSF0064950 | DSF0082538 | RSNY12137098 | RSNY12282653 |
| DSF0064952 | DSF0082557 | RSNY12138524 | RSNY12334936 |
| DSF0064953 | DSF0082589 | RSNY12141135 | RSNY12363629 |
| DSF0064954 | DSF0082592 | RSNY12143798 | RSNY12367554 |
| DSF0064955 | DSF0082597 | RSNY12144418 | RSNY12393177 |
| DSF0064978 | DSF0082599 | RSNY12145102 | RSNY12409352 |
| DSF0064989 | DSF0082601 | RSNY12185243 | RSNY12411623 |
| DSF0064991 | DSF0082602 | RSNY12189503 | RSNY12412250 |
| DSF0064992 | DSF0082604 | RSNY12190488 | RSNY12413503 |
| DSF0065007 | DSF0082606 | RSNY12194995 | RSNY12419881 |
| DSF0065011 | DSF0082607 | RSNY12196164 | RSNY12441529 |
| DSF0065012 | DSF0082620 | RSNY12199803 | RSNY15138259 |
| DSF0065014 | DSF0082622 | RSNY12203013 | PS-00049255 |
| DSF0065020 | DSF0082625 | RSNY12203819 | RSNY12294176 |
| DSF0065023 | DSF0082626 | RSNY12203900 | RSNY12294177 |

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION - TREAT SUBJECT TO PROTECTIVE ORDER

| | | | |
|---|---|---|---|
| RSNY12294178 | PS-01210233 | PS-01241279 | PS-01275611 |
| PS-00878188 | PS-01212337 | PS-01243619 | PS-01275791 |
| PS-01163332 | PS-01213481 | PS-01247222 | PS-01276123 |
| DSF0018105 | PS-01213714 | PS-01252443 | PS-01277589 |
| DSF0063925 | PS-01213996 | PS-01254254 | PS-01277816 |
| DSF0064387 | PS-01214002 | PS-01258636 | PS-01278198 |
| DSF0064389 | PS-01216192 | PS-01259014 | PS-01278710 |
| DSF0064587 | PS-01216690 | PS-01261019 | PS-01281710 |
| DSF0064589 | PS-01222437 | PS-01264381 | PS-01282004 |
| DSF0064921 | PS-01225536 | PS-01266359 | PS-01282130 |
| DSF0066002 | PS-01225944 | PS-01266539 | PS-01282136 |
| DSF0066003 | PS-01226874 | PS-01266829 | PS-01282142 |
| DSF0066004 | PS-01227035 | PS-01268077 | PS-01282184 |
| DSF0066007 | PS-01228864 | PS-01268329 | PS-01282226 |
| DSF0066008 | PS-01228943 | PS-01268732 | PS-01282238 |
| DSF0066009 | PS-01228967 | PS-01268744 | PS-01282244 |
| DSF0066010 | PS-01228979 | PS-01268750 | PS-01282250 |
| DSF0066011 | PS-01228985 | PS-01268798 | PS-01282256 |
| DSF0066012 | PS-01232016 | PS-01268882 | PS-01282262 |
| DSF0066013 | PS-01232931 | PS-01269368 | PS-01282316 |
| DSF0066015 | PS-01236018 | PS-01271014 | PS-01282424 |
| DSF0082058 | PS-01237988 | PS-01273804 | PS-01282514 |
| DSF0082603 | PS-01238783 | PS-01273909 | PS-01282556 |
| DSF0082605 | PS-01239071 | PS-01273955 | PS-01282562 |
| PS-01208350 | PS-01239251 | PS-01274134 | PS-01282568 |

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION
TREAT SUBJECT TO PROTECTIVE ORDER

| | | | |
|---|---|---|---|
| PS-01282634 | PS-01283864 | PS-01285028 | PS-01288001 |
| PS-01282640 | PS-01283972 | PS-01285076 | PS-01288593 |
| PS-01282652 | PS-01283984 | PS-01285094 | PS-01288821 |
| PS-01282742 | PS-01283996 | PS-01285274 | PS-01292058 |
| PS-01282778 | PS-01284074 | PS-01285292 | PS-01292750 |
| PS-01282784 | PS-01284308 | PS-01285298 | PS-01294260 |
| PS-01282790 | PS-01284332 | PS-01285340 | PS-01294308 |
| PS-01282814 | PS-01284350 | PS-01285502 | PS-01294326 |
| PS-01282826 | PS-01284614 | PS-01285556 | PS-01297641 |
| PS-01282832 | PS-01284626 | PS-01285616 | PS-01298349 |
| PS-01282982 | PS-01284650 | PS-01285622 | PS-01299340 |
| PS-01283252 | PS-01284656 | PS-01285628 | PS-01299400 |
| PS-01283300 | PS-01284668 | PS-01285646 | PS-01300525 |
| PS-01283324 | PS-01284680 | PS-01285670 | PS-01301246 |
| PS-01283330 | PS-01284686 | PS-01285688 | PS-01303496 |
| PS-01283756 | PS-01284692 | PS-01285724 | PS-01308335 |
| PS-01283768 | PS-01284698 | PS-01285730 | PS-01308725 |
| PS-01283774 | PS-01284716 | PS-01285766 | PS-01308761 |
| PS-01283780 | PS-01284722 | PS-01286078 | PS-01308989 |
| PS-01283792 | PS-01284746 | PS-01286150 | PS-01309875 |
| PS-01283834 | PS-01284806 | PS-01280009 | PS-01310813 |
| PS-01283840 | PS-01284872 | PS-01280357 | PS-01311015 |
| PS-01283846 | PS-01284890 | PS-01280498 | PS-01311621 |
| PS-01283852 | PS-01284944 | PS-01283905 | PS-01315627 |
| PS-01283858 | PS-01284968 | PS-01284617 | PS-01315851 |

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION -
TREAT SUBJECT TO PROTECTIVE ORDER

| | | | |
|---|---|---|---|
| PS-01319938 | PS-01358002 | PS-01400612 | PS-01413671 |
| PS-01323534 | PS-01358366 | PS-01400642 | PS-01413992 |
| PS-01329167 | PS-01361090 | PS-01401243 | PS-01416967 |
| PS-01330514 | PS-01361162 | PS-01401574 | PS-01418433 |
| PS-01332989 | PS-01361803 | PS-01405881 | PS-01418439 |
| PS-01333097 | PS-01361822 | PS-01407159 | PS-01418445 |
| PS-01336706 | PS-01362241 | PS-01407659 | PS-01418457 |
| PS-01336928 | PS-01365546 | PS-01408354 | PS-01418672 |
| PS-01338040 | PS-01368044 | PS-01409165 | PS-01419759 |
| PS-01340532 | PS-01368122 | PS-01409534 | PS-01419992 |
| PS-01344953 | PS-01369596 | PS-01410632 | PS-01421011 |
| PS-01345667 | PS-01370743 | PS-01410776 | PS-01421333 |
| PS-01346160 | PS-01372005 | PS-01410867 | PS-01421361 |
| PS-01348132 | PS-01372813 | PS-01410879 | PS-01421413 |
| PS-01348192 | PS-01373092 | PS-01410927 | PS-01421681 |
| PS-01348618 | PS-01375206 | PS-01411131 | PS-01421895 |
| PS-01348732 | PS-01375380 | PS-01411544 | PS-01422476 |
| PS-01348840 | PS-01376916 | PS-01411789 | PS-01422615 |
| PS-01350156 | PS-01382433 | PS-01411924 | PS-01423490 |
| PS-01350630 | PS-01383789 | PS-01411969 | PS-01423610 |
| PS-01354711 | PS-01384660 | PS-01411987 | PS-01425577 |
| PS-01357461 | PS-01387205 | PS-01412107 | PS-01425619 |
| PS-01357605 | PS-01389564 | PS-01412443 | PS-01425699 |
| PS-01357766 | PS-01397570 | PS-01413437 | PS-01426948 |
| PS-01357990 | PS-01400600 | PS-01413617 | PS-01426954 |

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION -
TREAT SUBJECT TO PROTECTIVE ORDER

| | | | |
|---|---|---|---|
| PS-01427068 | PS-01439771 | PS-01445987 | PS-01470617 |
| PS-01427176 | PS-01440095 | PS-01446006 | PS-01477752 |
| PS-01427182 | PS-01440098 | PS-01446047 | PS-01479401 |
| PS-01427188 | PS-01440314 | PS-01446815 | PS-01518944 |
| PS-01428502 | PS-01440373 | PS-01449556 | PS-01518992 |
| PS-01428508 | PS-01440593 | PS-01449826 | PS-01519016 |
| PS-01428775 | PS-01440599 | PS-01450096 | PS-01521899 |
| PS-01429749 | PS-01440991 | PS-01450781 | PS-01532095 |
| PS-01429773 | PS-01441007 | PS-01455066 | PS-01535732 |
| PS-01430207 | PS-01441924 | PS-01455750 | PS-01535750 |
| PS-01430614 | PS-01441937 | PS-01456895 | PS-01550342 |
| PS-01431341 | PS-01441954 | PS-01457063 | PS-01550348 |
| PS-01432044 | PS-01441961 | PS-01457921 | PS-01550384 |
| PS-01432110 | PS-01442177 | PS-01457945 | PS-01552592 |
| PS-01434160 | PS-01442225 | PS-01457958 | PS-01553204 |
| PS-01434364 | PS-01442459 | PS-01458017 | PS-01554295 |
| PS-01434961 | PS-01442512 | PS-01458179 | PS-01555478 |
| PS-01434986 | PS-01442513 | PS-01459681 | PS-01569643 |
| PS-01435016 | PS-01442542 | PS-01460304 | PS-01569703 |
| PS-01435033 | PS-01442560 | PS-01460356 | PS-01572824 |
| PS-01435057 | PS-01444181 | PS-01462498 | PS-01574390 |
| PS-01435121 | PS-01444361 | PS-01462732 | PS-01576448 |
| PS-01435668 | PS-01445699 | PS-01463052 | PS-01576682 |
| PS-01435955 | PS-01445922 | PS-01465372 | PS-01576706 |
| PS-01437209 | PS-01445933 | PS-01465468 | PS-01576724 |

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION - TREAT SUBJECT TO PROTECTIVE ORDER

| | | | |
|---|---|---|---|
| PS-01576988 | PS-01578062 | PS-01597642 | PS-01604027 |
| PS-01577000 | PS-01578098 | PS-01599325 | PS-01604039 |
| PS-01577024 | PS-01578104 | PS-01600873 | PS-01604129 |
| PS-01577030 | PS-01578140 | PS-01600879 | PS-01604165 |
| PS-01577042 | PS-01578452 | PS-01601885 | PS-01604171 |
| PS-01577054 | PS-01578524 | PS-01602299 | PS-01604177 |
| PS-01577060 | PS-01575709 | PS-01603097 | PS-01604201 |
| PS-01577066 | PS-01575715 | PS-01603391 | PS-01604213 |
| PS-01577072 | PS-01575727 | PS-01603517 | PS-01604219 |
| PS-01577090 | PS-01575733 | PS-01603523 | PS-01604639 |
| PS-01577096 | PS-01575745 | PS-01603529 | PS-01604687 |
| PS-01577120 | PS-01575751 | PS-01603571 | PS-01604711 |
| PS-01577180 | PS-01575757 | PS-01603613 | PS-01605143 |
| PS-01577246 | PS-01575853 | PS-01603625 | PS-01605155 |
| PS-01577264 | PS-01575871 | PS-01603631 | PS-01605161 |
| PS-01577318 | PS-01575877 | PS-01603637 | PS-01605167 |
| PS-01577342 | PS-01575883 | PS-01603643 | PS-01605179 |
| PS-01577402 | PS-01575895 | PS-01603649 | PS-01605221 |
| PS-01577450 | PS-01575919 | PS-01603703 | PS-01605227 |
| PS-01577468 | PS-01576269 | PS-01603811 | PS-01605233 |
| PS-01577930 | PS-01579621 | PS-01603901 | PS-01605239 |
| PS-01577990 | PS-01579639 | PS-01603943 | PS-01605245 |
| PS-01577996 | PS-01583569 | PS-01603949 | PS-01602178 |
| PS-01578002 | PS-01586159 | PS-01603955 | PS-01602184 |
| PS-01578044 | PS-01590748 | PS-01604021 | PS-01602370 |

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION - TREAT SUBJECT TO PROTECTIVE ORDER

| | | | |
|---|---|---|---|
| PS-01602448 | PS-01641494 | PS-01666603 | PS-01691388 |
| PS-01602586 | PS-01645734 | PS-01666609 | PS-01691418 |
| PS-01602658 | PS-01645740 | PS-01666771 | PS-01691655 |
| PS-01603011 | PS-01650644 | PS-01666795 | PS-01691693 |
| PS-01603599 | PS-01650962 | PS-01666807 | PS-01691771 |
| PS-01606078 | PS-01651507 | PS-01667993 | PS-01691885 |
| PS-01606414 | PS-01651908 | PS-01669187 | PS-01694544 |
| PS-01607956 | PS-01652725 | PS-01669642 | PS-01707102 |
| PS-01607998 | PS-01652731 | PS-01669715 | PS-01707915 |
| PS-01608043 | PS-01652737 | PS-01670806 | PS-01708136 |
| PS-01618884 | PS-01656961 | PS-01671322 | PS-01708226 |
| PS-01618902 | PS-01658213 | PS-01671328 | PS-01709024 |
| PS-01619100 | PS-01658273 | PS-01671334 | PS-01709520 |
| PS-01620292 | PS-01658345 | PS-01672291 | PS-01709526 |
| PS-01621617 | PS-01659816 | PS-01672757 | PS-01709532 |
| PS-01621665 | PS-01660176 | PS-01673122 | PS-01709538 |
| PS-01629592 | PS-01661249 | PS-01674484 | PS-01709544 |
| PS-01633037 | PS-01661621 | PS-01674532 | PS-01709550 |
| PS-01634562 | PS-01662035 | PS-01676099 | PS-01709592 |
| PS-01635483 | PS-01662719 | PS-01684552 | PS-01709598 |
| PS-01637282 | PS-01662863 | PS-01687344 | PS-01710548 |
| PS-01637318 | PS-01662977 | PS-01687362 | PS-01727066 |
| PS-01637360 | PS-01663013 | PS-01687380 | PS-01736660 |
| PS-01637552 | PS-01663157 | PS-01690437 | PS-01742887 |
| PS-01637564 | PS-01666457 | PS-01691339 | PS-01742905 |

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION
TREAT SUBJECT TO PROTECTIVE ORDER

| | | | |
|---|---|---|---|
| PS-01745029 | PS-01773471 | PS-01787102 | PS-01793084 |
| PS-01745671 | PS-01773685 | PS-01787108 | PS-01793258 |
| PS-01750198 | PS-01774197 | PS-01787120 | PS-01793864 |
| PS-01750210 | PS-01774523 | PS-01787126 | PS-01793912 |
| PS-01750252 | PS-01775167 | PS-01787228 | PS-01794569 |
| PS-01750264 | PS-01775401 | PS-01787234 | PS-01794579 |
| PS-01750984 | PS-01775807 | PS-01787240 | PS-01794597 |
| PS-01751164 | PS-01776718 | PS-01787271 | PS-01794667 |
| PS-01753240 | PS-01778123 | PS-01787425 | PS-01795244 |
| PS-01755370 | PS-01778135 | PS-01787985 | PS-01795292 |
| PS-01757252 | PS-01778147 | PS-01788781 | PS-01795481 |
| PS-01757710 | PS-01778301 | PS-01788793 | PS-01795505 |
| PS-01761307 | PS-01778313 | PS-01788799 | PS-01795523 |
| PS-01762477 | PS-01778319 | PS-01788817 | PS-01795565 |
| PS-01764056 | PS-01778734 | PS-01788841 | PS-01795577 |
| PS-01764238 | PS-01779710 | PS-01788847 | PS-01796677 |
| PS-01767569 | PS-01779716 | PS-01788877 | PS-01797454 |
| PS-01767941 | PS-01779764 | PS-01788889 | PS-01797478 |
| PS-01771543 | PS-01779776 | PS-01790453 | PS-01797542 |
| PS-01771679 | PS-01783863 | PS-01790809 | PS-01798242 |
| PS-01771723 | PS-01784614 | PS-01791451 | PS-01798982 |
| PS-01772601 | PS-01785667 | PS-01791577 | PS-01799197 |
| PS-01772891 | PS-01786349 | PS-01792988 | PS-01799329 |
| PS-01773283 | PS-01786742 | PS-01792994 | PS-01799443 |
| PS-01773431 | PS-01786760 | PS-01793018 | PS-01799581 |

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION - TREAT SUBJECT TO PROTECTIVE ORDER

| | | | |
|---|---|---|---|
| PS-01799968 | PS-01810474 | PS-01823572 | PS-01828569 |
| PS-01800319 | PS-01810480 | PS-01823752 | PS-01829277 |
| PS-01801484 | PS-01810663 | PS-01824521 | PS-01829364 |
| PS-01801496 | PS-01811620 | PS-01824558 | PS-01829586 |
| PS-01802153 | PS-01811941 | PS-01824570 | PS-01829740 |
| PS-01803521 | PS-01812150 | PS-01824575 | PS-01829820 |
| PS-01803630 | PS-01812420 | PS-01824804 | PS-01829826 |
| PS-01804015 | PS-01812814 | PS-01825158 | PS-01830081 |
| PS-01804429 | PS-01812825 | PS-01825314 | PS-01830093 |
| PS-01804435 | PS-01812939 | PS-01825845 | PS-01831572 |
| PS-01804549 | PS-01813339 | PS-01826469 | PS-01831972 |
| PS-01804837 | PS-01813342 | PS-01826601 | PS-01832317 |
| PS-01804933 | PS-01815534 | PS-01826733 | PS-01832357 |
| PS-01805566 | PS-01818120 | PS-01826770 | PS-01832362 |
| PS-01805614 | PS-01818145 | PS-01826787 | PS-01832377 |
| PS-01805712 | PS-01818163 | PS-01827087 | PS-01832747 |
| PS-01806558 | PS-01818205 | PS-01827786 | PS-01833028 |
| PS-01806576 | PS-01823092 | PS-01827798 | PS-01833434 |
| PS-01807247 | PS-01823122 | PS-01827810 | PS-01833549 |
| PS-01809258 | PS-01823188 | PS-01828437 | PS-01833579 |
| PS-01810284 | PS-01823212 | PS-01828509 | PS-01833891 |
| PS-01810314 | PS-01823350 | PS-01828515 | PS-01833956 |
| PS-01810438 | PS-01823356 | PS-01828533 | PS-01833988 |
| PS-01810450 | PS-01823362 | PS-01828545 | PS-01834073 |
| PS-01810462 | PS-01823476 | PS-01828551 | PS-01834076 |

PUBLICLY FILED PER STIPULATION [ECF 2140]

| | | | |
|---|---|---|---|
| PS-01834198 | PS-01839839 | PS-01844497 | PS-01853614 |
| PS-01834283 | PS-01839849 | PS-01844577 | PS-01853898 |
| PS-01834373 | PS-01839854 | PS-01844593 | PS-01853902 |
| PS-01834437 | PS-01842229 | PS-01844809 | PS-01859254 |
| PS-01834543 | PS-01842249 | PS-01845394 | PS-01859654 |
| PS-01834791 | PS-01842272 | PS-01845398 | PS-01860350 |
| PS-01834877 | PS-01842423 | PS-01845406 | PS-01860418 |
| PS-01834887 | PS-01842453 | PS-01845414 | PS-01861422 |
| PS-01835426 | PS-01842488 | PS-01845446 | PS-01861430 |
| PS-01836032 | PS-01842608 | PS-01845501 | PS-01861450 |
| PS-01836637 | PS-01842643 | PS-01848304 | PS-01861714 |
| PS-01836812 | PS-01843237 | PS-01848316 | PS-01862126 |
| PS-01836872 | PS-01843366 | PS-01848637 | PS-01863986 |
| PS-01836971 | PS-01843417 | PS-01848835 | PS-01864634 |
| PS-01837658 | PS-01843486 | PS-01848909 | PS-01864926 |
| PS-01837663 | PS-01843586 | PS-01849405 | PS-01865310 |
| PS-01837817 | PS-01843836 | PS-01850102 | PS-01865338 |
| PS-01838179 | PS-01843841 | PS-01851434 | PS-01865342 |
| PS-01838304 | PS-01843883 | PS-01851442 | PS-01865382 |
| PS-01838511 | PS-01843888 | PS-01852381 | PS-01865534 |
| PS-01838541 | PS-01843893 | PS-01852994 | PS-01866662 |
| PS-01838642 | PS-01843913 | PS-01853486 | PS-01866666 |
| PS-01838791 | PS-01843916 | PS-01853490 | PS-01870440 |
| PS-01839167 | PS-01844427 | PS-01853538 | PS-01870671 |
| PS-01839227 | PS-01844478 | PS-01853598 | PS-01870766 |

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION - TREAT SUBJECT TO PROTECTIVE ORDER

| | | | |
|---|---|---|---|
| PS-01870767 | PS-01886114 | PS-01886320 | PS-01900138 |
| PS-01870770 | PS-01886117 | PS-01886341 | PS-01900174 |
| PS-01870771 | PS-01886147 | PS-01886409 | PS-01900633 |
| PS-01870773 | PS-01886173 | PS-01886411 | PS-01900668 |
| PS-01885946 | PS-01886174 | PS-01886866 | PS-01900749 |
| PS-01885947 | PS-01886177 | PS-01886867 | PS-01900911 |
| PS-01885954 | PS-01886179 | PS-01886868 | PS-01900986 |
| PS-01885977 | PS-01886201 | PS-01890370 | PS-01901244 |
| PS-01885993 | PS-01886202 | PS-01895707 | PS-01905871 |
| PS-01885997 | PS-01886204 | PS-01896307 | PS-01905873 |
| PS-01886004 | PS-01886205 | PS-01897043 | PS-01906082 |
| PS-01886040 | PS-01886206 | PS-01897205 | PS-01906083 |
| PS-01886050 | PS-01886207 | PS-01897406 | PS-01906084 |
| PS-01886060 | PS-01886209 | PS-01897867 | PS-01906086 |
| PS-01886061 | PS-01886212 | PS-01897868 | PS-01906110 |
| PS-01886080 | PS-01886217 | PS-01897870 | PS-01906111 |
| PS-01886092 | PS-01886243 | PS-01897871 | PS-01906119 |
| PS-01886094 | PS-01886249 | PS-01897872 | PS-01906221 |
| PS-01886101 | PS-01886251 | PS-01898208 | PS-01906412 |
| PS-01886102 | PS-01886256 | PS-01898209 | PS-01906414 |
| PS-01886104 | PS-01886259 | PS-01900061 | PS-01906416 |
| PS-01886105 | PS-01886272 | PS-01900095 | PS-01906818 |
| PS-01886106 | PS-01886295 | PS-01900096 | PS-01907104 |
| PS-01886109 | PS-01886302 | PS-01900103 | PS-01907112 |
| PS-01886110 | PS-01886313 | PS-01900137 | PS-01907174 |

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION - TREAT SUBJECT TO PROTECTIVE ORDER

| | | | |
|---|---|---|---|
| PS-01907192 | PS-01919189 | PS-01972625 | PS-01990073 |
| PS-01907195 | PS-01919190 | PS-01973104 | PS-01990162 |
| PS-01907200 | PS-01919227 | PS-01973107 | PS-01992902 |
| PS-01907220 | PS-01919228 | PS-01973167 | PS-01992906 |
| PS-01907221 | PS-01919229 | PS-01974170 | PS-01992911 |
| PS-01907222 | PS-01919275 | PS-01974174 | PS-01992912 |
| PS-01907229 | PS-01919367 | PS-01974175 | PS-01994116 |
| PS-01907280 | PS-01919378 | PS-01974188 | PS-01996807 |
| PS-01907284 | PS-01919400 | PS-01977157 | PS-01996808 |
| PS-01907285 | PS-01919410 | PS-01977501 | PS-01998539 |
| PS-01907287 | PS-01919412 | PS-01978501 | PS-02003878 |
| PS-01908242 | PS-01919493 | PS-01978503 | PS-02003898 |
| PS-01912700 | PS-01919925 | PS-01979837 | PS-02006689 |
| PS-01912701 | PS-01920085 | PS-01980622 | PS-02007512 |
| PS-01912889 | PS-01920086 | PS-01983637 | PS-02007515 |
| PS-01912906 | PS-01920110 | PS-01985198 | PS-02007517 |
| PS-01917947 | PS-01920158 | PS-01985233 | PS-02007541 |
| PS-01918110 | PS-01925681 | PS-01985235 | PS-02008082 |
| PS-01918112 | PS-01964392 | PS-01985236 | PS-02009655 |
| PS-01918126 | PS-01965061 | PS-01985245 | PS-02010964 |
| PS-01918127 | PS-01965353 | PS-01985264 | PS-02012431 |
| PS-01918203 | PS-01965572 | PS-01985703 | PS-02012828 |
| PS-01918214 | PS-01965956 | PS-01985746 | PS-02020369 |
| PS-01919166 | PS-01966408 | PS-01988991 | PS-02020370 |
| PS-01919176 | PS-01972618 | PS-01990070 | PS-02021491 |

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION -
TREAT SUBJECT TO PROTECTIVE ORDER

| | |
|---|---|
| PS-02021496 | MB1099577 |
| PS-02021500 | DSF0019327 |
| PS-02021501 | DSF0073889 |
| PS-02021552 | MB0206612 |
| PS-02026121 | H54885-0001-082955 |
| PS-02026124 | |
| PS-02028635 | H54885-0001-058556 |
| PS-02029355 | H54885-0001-058600 |
| PS-02029407 | |
| PS-02029428 | H54885-0001-105162 |
| PS-02031214 | H54885-0001-106127 |
| PS-02031218 | |
| PS-02031222 | H54885-0001-106154 |
| PS-02031370 | H54885-0001-106529 |
| PS-02032595 | |
| PS-02036900 | H54885-0001-115568 |
| PS-02039662 | MB1172653_00002 |
| PS-02039663 | |
| MB1086525 | PS-02012379 |
| MB1095062 | PS-02012546 |
| MB1096574 | PS-02012608 |
| MB1096636 | |
| MB1096960 | |
| MB1096980 | |
| MB1097184 | |

PUBLICLY FILED PER STIPULATION [ECF 2140]

**Exhibit 2**

| Privilege ID | Bates Number |
|---|---|
| PS-00002652 | RSF00786557 |
| PS-00002865 | RSF00786559 |
| PS-00002877 | RSF00786581 |
| PS-00002898 | RSF00787503 |
| PS-00002901 | RSF00786594 |
| PS-00003029 | RSF00068223_REPROD_00001 |
| PS-00003145 | RSF00787512 |
| PS-00003150 | RSF00787515 |
| PS-00003162 | RSF00787519 |
| PS-00003166 | RSF00787521 |
| PS-00003169 | RSF00787524 |
| PS-00003178 | RSF00787526 |
| PS-00003191 | RSF00167156_REPROD_00001 |
| PS-00003205 | RSF00787528 |
| PS-00003215 | RSF00787530 |
| PS-00003243 | RSF00787533 |
| PS-00003259 | RSF00167178_REPROD_00001 |
| PS-00003269 | RSF00476960_REPROD_00001 |
| PS-00004641 | RSF00786608 |
| PS-00101514 | RSF00785525 |
| PS-00101541 | RSF00786640 |
| PS-00101542 | RSF00785527 |

| Privilege ID | Bates Number |
|---|---|
| PS-00101553 | RSF00477161_REPROD_00001 |
| PS-00101555 | RSF00477163_REPROD_00001 |
| PS-00101951 | RSF00787535 |
| PS-00104944 | RSF00786649 |
| PS-00104945 | RSF00786651 |
| PS-00104946 | RSF00786653 |
| PS-00104947 | RSF00786655 |
| PS-00104948 | RSF00786657 |
| PS-00104949 | RSF00786659 |
| PS-00104950 | RSF00786661 |
| PS-00104953 | RSF00786663 |
| PS-00129490 | RSF00786667 |
| PS-00136866 | RSF00786681 |
| PS-00813572 | RSF00787560 |
| PS-01012344 | RSF00786712 |
| PS-01042223 | RSF00786740 |
| PS-01042225 | RSF00786742 |
| PS-01042229 | RSF00786744 |
| PS-01042235 | RSF00786746 |
| PS-01051369 | RSF00786747 |
| PS-01054901 | RSF00785703 |
| PS-01055019 | RSF00786749 |
| PS-01155890 | RSF00787600 |

PUBLICLY FILED PER STIPULATION [ECF 2140]

| Privilege ID | Bates Number |
|---|---|
| PS-01155897 | RSF00787602 |
| PS-01155899 | RSF00786853 |
| PS-01156216 | RSF00787604 |
| PS-01156920 | RSF00787608 |
| PS-01157620 | RSF00786862 |
| PS-01160146 | RSF00786863 |
| PS-01161412 | RSF00786870 |
| PS-01161415 | RSF00785722 |
| PS-01163678 | RSF00786886 |
| PS-01163738 | RSF00141540_REPROD_00001 |
| PS-01167881 | RSF00787621 |
| RS0193139 | RSF_OLK00069164 |
| RS0201369 | RSF_OLK00069167 |
| RS0201387 | RSF_OLK00069170 |
| RS0223313 | RSF_OLK00069188 |
| RS0223315 | RSF_OLK00069191 |
| RS0223316 | RSF_OLK00069194 |
| RS0223946 | RSF_OLK00069196 |
| RS0467985 | RSF_OLK00069213 |
| RS0471000 | RSF_OLK00069086 |
| RS0616477 | RSF_OLK00069099 |
| RS0629951 | RSF_OLK00069101 |
| RS0631121 | RSF_OLK00069104 |

PUBLICLY FILED PER STIPULATION [ECF 2140]

| Privilege ID | Bates Number |
|---|---|
| RS0642704 | RSF_OLK00069215 |
| RS0642936 | RSF_OLK00069217 |
| RS0643631 | RSF_OLK00069219 |
| RS0793954 | RSF_OLK00069221 |
| RS0795614 | RSF_OLK00069225 |
| RS0798082 | RSF_OLK00069465 |
| RS0798459 | RSF_OLK00069227 |
| RS0804782 | RSF_OLK00069229 |
| RS0804989 | RSF_OLK00069467 |
| RS0805629 | RSF_OLK00069232 |
| RS0805842 | RSF_OLK00069469 |
| RS0806268 | RSF_OLK00069236 |
| RS0806351 | RSF_OLK00069471 |
| RS0807102 | RSF_OLK00069242 |
| RS0807566 | RSF_OLK00069476 |
| RS0808075 | RSF_OLK00069244 |
| RS0808318 | RSF_OLK00069478 |
| RS0809386 | RSF_OLK00069246 |
| RS0809617 | RSF_OLK00069482 |
| RS0809642 | RSF_OLK00069249 |
| RS0809894 | RSF_OLK00069252 |
| RS0810404 | RSF_OLK00069484 |
| RS0811223 | RSF_OLK00069255 |

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED – CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION
TREAT SUBJECT TO PROTECTIVE ORDER

| Privilege ID | Bates Number |
|---|---|
| RS0812848 | RSF_OLK00069256 |
| RS0814527 | RSF_OLK00069489 |
| RS0814559 | RSF_OLK00069257 |
| RS0814771 | RSF_OLK00069259 |
| RS0819771 | RSF_OLK00069145 |
| RS0820389 | RSF_OLK00069492 |
| RS0820564 | RSF_OLK00069147 |
| RS0821174 | RSF_OLK00069278 |
| RS0822005 | RSF_OLK00069497 |
| RS0822348 | RSF_OLK00069499 |
| RS0823803 | RSF_OLK00069510 |
| RS0823891 | RSF_OLK00069289 |
| RS0825151 | RSF_OLK00069292 |
| RS0825550 | RSF_OLK00069296 |
| RS0825652 | RSF_OLK00069515 |
| RS0826079 | RSF_OLK00069519 |
| RS0827867 | RSF_OLK00069521 |
| RS0828390 | RSF_OLK00069300 |
| RS0828834 | RSF_OLK00069523 |
| RS0829066 | RSF_OLK00069525 |
| RS0840322 | RSF_OLK00069115 |
| RS0843253 | RSF_OLK00069528 |
| RS0843651 | RSF_OLK00069531 |

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION -
TREAT SUBJECT TO PROTECTIVE ORDER

| Privilege ID | Bates Number |
|---|---|
| RS0843962 | RSF_OLK00069306 |
| RS0844704 | RSF_OLK00069533 |
| RS0844808 | RSF_OLK00069150 |
| RS0845395 | RSF_OLK00069308 |
| RS0845839 | RSF_OLK00069071 |
| RS0847133 | RSF_OLK00069311 |
| RS0847447 | RSF_OLK00069318 |
| RS0847512 | RSF_OLK00069320 |
| RS0855158 | RSF_OLK00069534 |
| RS0857384 | RSF_OLK00069537 |
| RS0857745 | RSF_OLK00069539 |
| RS0858943 | RSF_OLK00069543 |
| RS0859657 | RSF_OLK00069545 |
| RS0861676 | RSF_OLK00069548 |
| RS0861704 | RSF_OLK00069551 |
| RS0863437 | RSF_OLK00069554 |
| RS0869640 | RSF_OLK00069557 |
| RS0880528 | RSF_OLK00069563 |
| RS0880568 | RSF_OLK00067751_REPROD_00001 |
| RS0880687 | RSF_OLK00069122 |
| RS0881318 | RSF_OLK00069342 |
| RS0881353 | RSF_OLK00069345 |
| RS0889408 | RSF_OLK00069348 |

-6-

| Privilege ID | Bates Number |
|---|---|
| RS0890245 | RSF_OLK00069349 |
| RS0890453 | RSF_OLK00069351 |
| RS0890706 | RSF_OLK00069568 |
| RS0891281 | RSF_OLK00069570 |
| RS0891841 | RSF_OLK00069573 |
| RS0892087 | RSF_OLK00069359 |
| RS0892284 | RSF_OLK00069361 |
| RS0892907 | RSF_OLK00069576 |
| RS0894000 | RSF_OLK00069367 |
| RS0894145 | RSF_OLK00069126 |
| RS0903404 | RSF_OLK00069578 |
| RS0904105 | RSF_OLK00069376 |
| RS0905234 | RSF_OLK00069128 |
| RS0905238 | RSF_OLK00069587 |
| RS0905738 | RSF_OLK00069590 |
| RS0906186 | RSF_OLK00069382 |
| RS0908384 | RSF_OLK00069592 |
| RSM-147301 | RSF_OLK00069385 |
| RSM-170247 | RSF_OLK00069388 |
| RSM-251700 | RSF_OLK00069390 |
| RSM-253797 | RSF_OLK00069392 |
| RSM-254150 | RSF_OLK00069614 |
| RSM-254200 | RSF_OLK00069396 |

7

| Privilege ID | Bates Number |
|---|---|
| RSM-255006 | RSF_OLK00069401 |
| RSM-268621 | RSF_OLK00069405 |
| RSM-272619 | RSF_OLK00069408 |
| RSM-302306 | RSF_OLK00069143 |
| RSM-303516 | RSF_OLK00069442 |
| RSM-309380 | RSF_OLK00069445 |
| JS-116553 | RSF00787414 |
| DSF0017267 | RSF00786092 |
| DSF0018319 | RSF00787240 |
| DSF0018582 | RSF00787244 |
| DSF0021036 | RSF00785877 |
| DSF0021165 | RSF00787252 |
| DSF0021852 | RSF00787260 |
| DSF0030323 | RSF00786129 |
| DSF0030457 | RSF00786135 |
| DSF0032294 | RSF00787286 |
| DSF0033560 | RSF00787302 |
| DSF0033563 | RSF00787304 |
| DSF0033564 | RSF00787305 |
| DSF0033566 | RSF00787307 |
| DSF0033570 | RSF00785533 |
| DSF0034339 | RSF00787309 |
| DSF0034719 | RSF00787312 |

PUBLICLY FILED PER STIPULATION [ECF 2140]

| Privilege ID | Bates Number |
|---|---|
| DSF0034761 | RSF00785885 |
| DSF0034774 | RSF00785536 |
| DSF0034780 | RSF00786149 |
| DSF0034782 | RSF00787329 |
| DSF0034788 | RSF00786151 |
| DSF0034795 | RSF00786154 |
| DSF0034812 | RSF00786156 |
| DSF0034813 | RSF00786158 |
| DSF0034814 | RSF00786161 |
| DSF0034817 | RSF00786163 |
| DSF0034818 | RSF00787331 |
| DSF0034820 | RSF00786165 |
| DSF0034821 | RSF00786167 |
| DSF0034823 | RSF00786169 |
| DSF0034824 | RSF00786171 |
| DSF0034828 | RSF00786173 |
| DSF0034829 | RSF00786175 |
| DSF0035617 | RSF00786176 |
| DSF0035747 | RSF00786177 |
| DSF0036345 | RSF00786180 |
| DSF0037297 | RSF00787340 |
| DSF0038472 | RSF00786194 |
| DSF0039456 | RSF00786196 |

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED – CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION –
TREAT SUBJECT TO PROTECTIVE ORDER

| Privilege ID | Bates Number |
|---|---|
| DSF0039631 | RSF00786198 |
| DSF0039639 | RSF00786200 |
| DSF0039640 | RSF00786203 |
| DSF0039647 | RSF00786205 |
| DSF0039649 | RSF00786210 |
| DSF0039662 | RSF00786212 |
| DSF0039693 | RSF00786215 |
| DSF0039707 | RSF00786216 |
| DSF0039710 | RSF00786218 |
| DSF0039732 | RSF00786221 |
| DSF0039735 | RSF00786224 |
| DSF0039741 | RSF00786229 |
| DSF0039742 | RSF00786231 |
| DSF0039743 | RSF00786233 |
| DSF0039746 | RSF00786235 |
| DSF0039747 | RSF00786237 |
| DSF0039750 | RSF00786239 |
| DSF0039759 | RSF00786241 |
| DSF0039765 | RSF00786243 |
| DSF0039768 | RSF00786244 |
| DSF0039788 | RSF00786246 |
| DSF0039789 | RSF00786248 |
| DSF0039796 | RSF00786250 |

PUBLICLY FILED PER STIPULATION [ECF 2140]

| Privilege ID | Bates Number |
|---|---|
| DSF0039801 | RSF00786251 |
| DSF0039818 | RSF00786253 |
| DSF0041619 | RSF00787359 |
| DSF0041846 | RSF00787362 |
| DSF0042036 | RSF00786263 |
| DSF0042415 | RSF00785209 |
| DSF0042631 | RSF00786265 |
| DSF0042632 | RSF00785211 |
| DSF0042767 | RSF00134418_REPROD_00001 |
| DSF0059252 | RSF00787365 |
| DSF0059623 | RSF00787368 |
| DSF0060476 | RSF00787378 |
| DSF0061338 | RSF00787381 |
| DSF0061534 | RSF00787384 |
| DSF0061758 | RSF00786300 |
| DSF0061861 | RSF00787389 |
| DSF0061884 | RSF00786303 |
| DSF0061886 | RSF00786305 |
| DSF0062098 | RSF00787394 |
| DSF0062167 | RSF00786309 |
| DSF0062631 | RSF00786317 |
| DSF0062655 | RSF00787396 |
| DSF0062696 | RSF00786320 |

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION -
TREAT SUBJECT TO PROTECTIVE ORDER

| Privilege ID | Bates Number |
| --- | --- |
| DSF0062700 | RSF00786322 |
| DSF0062718 | RSF00786324 |
| DSF0062771 | RSF00786329 |
| DSF0062797 | RSF00786331 |
| DSF0063190 | RSF00787398 |
| DSF0063386 | RSF00787402 |
| DSF0063470 | RSF00787404 |
| DSF0063549 | RSF00785922 |
| DSF0063643 | RSF00787406 |
| DSF0064210 | RSF00785539 |
| DSF0064291 | RSF00786337 |
| DSF0064850 | RSF00786338 |
| DSF0064855 | RSF00786341 |
| DSF0065988 | RSF00787408 |
| DSF0065995 | RSF00786342 |
| DSF0065997 | RSF00786344 |
| DSF0065998 | RSF00787410 |
| DSF0065999 | RSF00786347 |
| DSF0066000 | RSF00786350 |
| RSNY12187695 | RSF00787059 |
| RSNY12188457 | RSF00787061 |
| RSNY12190152 | RSF00787062 |
| RSNY12190319 | RSF00168980_REPROD_00001 |

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION - TREAT SUBJECT TO PROTECTIVE ORDER

| Privilege ID | Bates Number |
|---|---|
| RSNY12190590 | RSF00787064 |
| RSNY12192836 | RSF00787066 |
| RSNY12193741 | RSF00787068 |
| RSNY12193753 | RSF00787069 |
| RSNY12194132 | RSF00787071 |
| RSNY12194683 | RSF00787082 |
| RSNY12194818 | RSF00787084 |
| RSNY12195338 | RSF00787085 |
| RSNY12198197 | RSF00787087 |
| RSNY12204747 | RSF00787102 |
| RSNY12205188 | RSF00787105 |
| RSNY12209298 | RSF00787118 |
| RSNY12210325 | RSF00787139 |
| RSNY12210732 | RSF00787142 |
| RSNY12210746 | RSF00787144 |
| RSNY12211266 | RSF00787669 |
| RSNY12214463 | RSF00787152 |
| RSNY12387947 | RSF00473548_REPROD_00001 |

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION -
TREAT SUBJECT TO PROTECTIVE ORDER

# EXHIBIT 39

| | |
|---|---|
| **From:** | McClammy, James I. <james.mcclammy@davispolk.com> |
| **Sent:** | Monday, May 11, 2020 8:38 PM |
| **To:** | Feiner, Gillian (External) |
| **Cc:** | Oluwole, Chautney M.; Huebner, Marshall S.; Benedict, Kathryn S.; Duggan, Charles S.; Clarens, Margarita; Alexander, Sandy (External); Troop, Andrew (External); Sharp, Jason (External); Rundlet, Megan (External); Alfano, Andrew (External); keckstein@kramerlevin.com; rringer@kramerlevin.com; Preis, Arik; Hurley, Mitchell |
| **Subject:** | Re: In re: Purdue Pharma L.P. et al., No. 19-23649 (Bankr. S.D.N.Y.) |

**EXTERNAL Email**

Gillian —

Co-counsel has in fact had further discussions with the DOJ.  Our understanding is that the DOJ is not taking a position now with respect to whether the requested materials should be produced.  (To be clear, we understand that the DOJ has not instructed Purdue either to withhold or produce the documents requested, and the DOJ is not taking any position now that Purdue should either produce or refuse to produce those documents.)

That said, we are hopeful that we can reach an agreement on your request as set forth in Andrew Troop's March 23 letter.   Please let us know your availability for a meet and confer this week, perhaps Thursday afternoon or Friday morning, and we will confirm a time to discuss.

J.I.M.

Sent from my iPad

> On May 6, 2020, at 5:59 PM, McClammy, James I. <james.mcclammy@davispolk.com> wrote:
>
> Gillian —
>
> We/co-counsel are still working on this.  In addition to the call you reference below with SDNY, my understanding is that there have been/are calls scheduled with others as well  I will leave any substantive response to after I have had a chance to confer with co-counsel, but we are working to get back to you on this as quickly as we can.  I will email you by tomorrow afternoon with a further update.
>
> J.I.M.
>
> Sent from my iPhone

On May 6, 2020, at 4:15 PM, Feiner, Gillian (AGO) <gillian.feiner@state.ma.us> wrote:


Jim,

I write to follow up on the below request. Today, members of the Non-Consenting State Group had a further conversation with the Department of Justice (David Jones, Danielle Levine, and Larry Fogelman). We continue to understand that the DOJ has not instructed Purdue to withhold the documents we requested, and the DOJ is not taking any position that Purdue should refuse to produce the documents. We understand that Purdue had the opportunity to confer with the DOJ on April 29, and that DOJ conveyed this directly.

We would like to move forward with this work, and we encourage you to produce the documents so we can review them. Thank you for your attention to this matter.

Best regards,
Gillian

---

**From:** McClammy, James I. <james.mcclammy@davispolk.com>
**Sent:** Tuesday, April 28, 2020 8:04 AM
**To:** Feiner, Gillian (AGO) <gillian.feiner@mass.gov>; Oluwole, Chautney M. <chautney.oluwole@davispolk.com>; Huebner, Marshall S. <marshall.huebner@davispolk.com>; Benedict, Kathryn S. <kathryn.benedict@davispolk.com>; Duggan, Charles S. <charles.duggan@davispolk.com>; Clarens, Margarita <margarita.clarens@davispolk.com>
**Cc:** Alexander, Sandy (AGO) <Sandy.Alexander@mass.gov>; Troop, Andrew M. <andrew.troop@pillsburylaw.com>; Sharp, Jason S. <jason.sharp@pillsburylaw.com>; Megan Rundlet (CO) <Megan.Rundlet@coag.gov>; Alfano, Andrew V. <andrew.alfano@pillsburylaw.com>; keckstein@kramerlevin.com; rringer@kramerlevin.com; apreis@akingump.com; Hurley, Mitchell <mhurley@AkinGump.com>
**Subject:** RE: In re: Purdue Pharma L.P. et al., No. 19-23649 (Bankr. S.D.N.Y.)

CAUTION: This email originated from a sender outside of the Commonwealth of Massachusetts mail system. Do not click on links or open attachments unless you recognize the sender and know the content is safe.


Gillian –

I am confirming receipt of the below. We are following up on this and will respond as soon as we can.

Best,

J.I.M.

**James I. McClammy**

**Davis Polk & Wardwell** LLP
450 Lexington Avenue  |  New York, NY 10017
+1 212 450 4584 tel  |
james.mcclammy@davispolk.com

Confidentiality Note: This email is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure. Unauthorized use, dissemina ion, distribution or copying of this email or the information herein or taking any action in reliance on the contents of this email or he information herein, by anyone other than the intended recipient, or an employee or agent responsible for delivering the message to the intended recipient, is strictly prohibited. If you have received this email in error, please notify  he sender immediately and destroy the original message, any attachments thereto and all copies. Please refer to the firm's Privacy Notice for important information on how we process personal data. Our website is at www.davispolk.com.

**From:** Feiner, Gillian (AGO) <gillian.feiner@state.ma.us>
**Sent:** Monday, April 27, 2020 10:28 PM
**To:** McClammy, James I. <james.mcclammy@davispolk.com>; Oluwole, Chautney M.
<chautney.oluwole@davispolk.com>; Huebner, Marshall S.
<marshall.huebner@davispolk.com>; Benedict, Kathryn S.
<kathryn.benedict@davispolk.com>; Duggan, Charles S.
<charles.duggan@davispolk.com>; Clarens, Margarita
<margarita.clarens@davispolk.com>
**Cc:** Alexander, Sandy (AGO) <sandy.alexander@state.ma.us>; Troop, Andrew M.
<andrew.troop@pillsburylaw.com>; Sharp, Jason S. <jason.sharp@pillsburylaw.com>;
Megan Rundlet (CO) <Megan.Rundlet@coag.gov>; Alfano, Andrew V.
<andrew.alfano@pillsburylaw.com>; keckstein@kramerlevin.com;
rringer@kramerlevin.com; apreis@akingump.com; Hurley, Mitchell
<mhurley@AkinGump.com>
**Subject:** FW: In re: Purdue Pharma L.P. et al., No. 19-23649 (Bankr. S.D.N.Y.)

Jim, et al.,

I write to respond to Purdue's refusal to produce to the NCSG the documents it has
produced to DOJ.  I've attached our March 23 request and your April 6 response for
reference.  In your response, you wrote that the requested production
would  "inappropriately provide a roadmap of the government's investigatory
activities" and that "revealing the documents that were produced could have the
effect of compromising the secrecy of that process."  We conferred with attorneys at
DOJ today (Danielle Levine, David Jones and Larry Fogelman, who I understand
raised the request with others at DOJ), and they do not object to Purdue's production
of the materials in question.  Please advise how you intend to proceed as soon as
possible.  Thanks very much.

Sincerely,
Gillian


Gillian Feiner
Senior Enforcement Counsel
Office of the Attorney General
One Ashburton Place
Boston, MA 02108
Tel: 617-963-2571
gillian.feiner@mass.gov

PUBLICLY FILED PER STIPULATION [ECF 2140]

**From:** Oluwole, Chautney M. <chautney.oluwole@davispolk.com>
**Sent:** Monday, April 6, 2020 2:00 PM
**To:** Sharp, Jason S. <jason.sharp@pillsburylaw.com>; Huebner, Marshall S. <marshall.huebner@davispolk.com>; Duggan, Charles S. <charles.duggan@davispolk.com>; Clarens, Margarita <margarita.clarens@davispolk.com>; Benedict, Kathryn S. <kathryn.benedict@davispolk.com>
**Cc:** apreis@akingump.com; Hurley, Mitchell <mhurley@AkinGump.com>; keckstein@kramerlevin.com; rringer@kramerlevin.com; mcyganowski@otterbourg.com; DMolton@brownrudnick.com; kmaclay@capdale.com; eneiger@askllp.com; smarkowitz@tarterkrinsky.com; Kristine.Manoukian@srz.com; Troop, Andrew M. <andrew.troop@pillsburylaw.com>; Megan Rundlet (CO) Alfano, Andrew V. <andrew.alfano@pillsburylaw.com>; purdue.dpw.diligence <purdue.dpw.diligence@davispolk.com>
**Subject:** RE: In re: Purdue Pharma L.P. et al., No. 19-23649 (Bankr. S.D.N.Y.)

**\* EXTERNAL EMAIL \***

Hi Jason,

Please see the attached correspondence from Jim McClammy on behalf of the Debtors.

We are happy to schedule a meet and confer.  Let us know if you all would still like to do so after reviewing the attached.

Thanks,

Chautney

**Chautney M. Oluwole**

**Davis Polk & Wardwell LLP**
901 15th Street NW  |  Washington, DC 20005
+1 202 962 7134 tel  |
chautney.oluwole@davispolk.com

Confidentiality Note: This email is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure. Unauthorized use, dissemina ion, distribution or copying of this email or the information herein or taking any action in reliance on the contents of this email or  he information herein, by anyone other than the intended recipient, or an employee or agent responsible for delivering the message to the intended recipient, is strictly prohibited. If you have received this email in error, please notify  he sender immediately and destroy the original message, any attachments thereto and all copies. Please refer to the firm's Privacy Notice for important information on how we process personal data. Our website is at www.davispolk.com.

**From:** Sharp, Jason S. <jason.sharp@pillsburylaw.com>
**Sent:** Monday, April 6, 2020 12:19 PM
**To:** Huebner, Marshall S. <marshall.huebner@davispolk.com>; Duggan, Charles S. <charles.duggan@davispolk.com>; Clarens, Margarita <margarita.clarens@davispolk.com>; Benedict, Kathryn S. <kathryn.benedict@davispolk.com>; Oluwole, Chautney M.

<chautney.oluwole@davispolk.com>
**Cc:** apreis@akingump.com; Hurley, Mitchell <mhurley@AkinGump.com>;
keckstein@kramerlevin.com; rringer@kramerlevin.com;
mcyganowski@otterbourg.com; DMolton@brownrudnick.com; kmaclay@capdale.com;
eneiger@askllp.com; smarkowitz@tarterkrinsky.com; Kristine.Manoukian@srz.com;
Troop, Andrew M. <andrew.troop@pillsburylaw.com>; Megan Rundlet (CO)
<Megan.Rundlet@coag.gov>; Alfano, Andrew V. <andrew.alfano@pillsburylaw.com>
**Subject:** RE: In re: Purdue Pharma L.P. et al., No. 19-23649 (Bankr. S.D.N.Y.)

Counsel,

As a follow-up to the Non-Consenting States' letter from March 23, 2020, we wanted to
reach out to schedule a meet and confer to discuss the Non-Consenting States'
requests. Please let us know the Debtors' availability for this week.

Thank you,

-Jason Sharp

**Jason S. Sharp** | Counsel
Pillsbury Winthrop Shaw Pittman LLP
Two Houston Center
909 Fannin, Suite 2000 | Houston, TX 77010-1028
t +1.713.276.7619 | f +1.713.276.7673
jason.sharp@pillsburylaw.com | website bio

---

**From:** Alfano, Andrew V. <andrew.alfano@pillsburylaw.com>
**Sent:** Monday, March 23, 2020 5:58 PM
**To:** Huebner, Marshall S. <marshall.huebner@davispolk.com>;
charles.duggan@davispolk.com; margarita.clarens@davispolk.com; Benedict, Kathryn S.
<kathryn.benedict@davispolk.com>; McMillian, Chautney R.
<chautney.mcmillian@davispolk.com>; paul.lafata@dechert.com;
lindsey.cohan@dechert.com; rhoff@wiggin.com; McClatchey, Ian
<ian.mcclatchey@nortonrosefulbright.com>; Rosen, Jeffrey J.
<jrosen@debevoise.com>; Ball, Jasmine <jball@debevoise.com>;
nlabovitz@debevoise.com; mkmonaghan@debevoise.com; Williford, Harold W.
<hwwilliford@debevoise.com>; Stroik, Daniel E. <destroik@debevoise.com>;
guzzi@milbank.com; alees@milbank.com; estodola@milbank.com; gjoseph@jha.com;
mleventhal@jha.com; btaylor@jha.com
**Cc:** Preis, Arik <apreis@akingump.com>; Hurley, Mitchell <mhurley@AkinGump.com>;
Eckstein, Kenneth H. <keckstein@KRAMERLEVIN.com>; Ringer, Rachael
<RRinger@KRAMERLEVIN.com>; mcyganowski@otterbourg.com;
DMolton@brownrudnick.com; kmaclay@capdale.com; eneiger@askllp.com;
smarkowitz@tarterkrinsky.com; Kristine.Manoukian@srz.com; Troop, Andrew M.
<andrew.troop@pillsburylaw.com>; Megan Rundlet (CO) <Megan.Rundlet@coag.gov>;
Sharp, Jason S. <jason.sharp@pillsburylaw.com>
**Subject:** In re: Purdue Pharma L.P. et al., No. 19-23649 (Bankr. S.D.N.Y.)

Counsel,

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION -
TREAT SUBJECT TO PROTECTIVE ORDER

Please see the attached letter from Andrew Troop and Megan Rundlet on behalf of the
Non-Consenting States.

-Andrew Alfano

**Andrew V. Alfano** | Associate
Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street | New York, NY 10019-6131
t +1.212.858.1051
andrew.alfano@pillsburylaw.com | website bio
<image001.png>

<image002.png>

The contents of this message, together with any attachments, are intended only for
the use of the individual or entity to which they are addressed and may contain
information that is legally privileged, confidential and exempt from disclosure. If
you are not the intended recipient, you are hereby notified that any dissemination,
distribution, or copying of this message, or any attachment, is strictly prohibited.
If you have received this message in error, please notify the original sender or the
Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1,
immediately by telephone and delete this message, along with any attachments,
from your computer. Nothing in this message may be construed as a digital or
electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank
you.

The contents of this message, together with any attachments, are intended only for the
use of the individual or entity to which they are addressed and may contain information
that is legally privileged, confidential and exempt from disclosure. If you are not the
intended recipient, you are hereby notified that any dissemination, distribution, or
copying of this message, or any attachment, is strictly prohibited. If you have received
this message in error, please notify the original sender or the Pillsbury Winthrop Shaw
Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and
delete this message, along with any attachments, from your computer. Nothing in this
message may be construed as a digital or electronic signature of any employee of
Pillsbury Winthrop Shaw Pittman. Thank you.

# EXHIBIT 40

**Simpson Thacher & Bartlett LLP**

425 LEXINGTON AVENUE
NEW YORK, NY 10017-3954

TELEPHONE: +1-212-455-2000
FACSIMILE: +1-212-455-2502

Direct Dial Number                                                          E-mail Address
+1-212-455-3242                                                             jmclaughlin@stblaw.com

<u>BY E-MAIL</u>                               April 9, 2020

                    Re:    *In re Purdue Pharma L.P. et al.*, No. 19-23649 (Bankr.
                           S.D.N.Y.)

Katherine Porter
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY 10036-6745

Dear Ms. Porter:

        I write in response to your email dated March 5, 2020, identifying documents which
the Official Committee of Unsecured Creditors of Purdue Pharma, L.P. (the "Committee")
contends may be in the immediate possession or control of my client, Stuart D. Baker.
While we believe that most of the non-privileged communications between our client and
Purdue and/or members of the Sackler family would be most efficiently obtained directly
from those parties, we are willing to provide non-privileged responsive documents and
information to the extent those are within Mr. Baker's unique possession.

        To that end, we are willing to provide the Committee with information regarding Mr.
Baker's positions at Purdue and Sackler-related entities, as well as litigation commenced
against him with respect to opioids.  Attached hereto as Exhibits A-C are (a) a list
identifying complaints currently known to us in which Mr. Baker is or was named as a
defendant relating to Purdue, the Sacklers, IACs, or opioids; (b) a list of all positions Mr.
Baker holds or held at Purdue, IACs, as well as certain Sackler family affiliates; and (c) a
subpoena for deposition issued upon Mr. Baker by the State of Rhode Island.[1]  Mr. Baker
does not have any other responsive documents in his possession with respect to your request
for information concerning depositions and/or other discovery directed at Mr. Baker in
connection with Purdue, Sacklers, or opioids.

---

[1]     Mr. Baker has not yet responded to the Rhode Island subpoena in light of the
        Preliminary Injunction Order issued in the bankruptcy court on October 11, 2019.

PUBLICLY FILED PER STIPULATION [ECF 2140]

Simpson Thacher & Bartlett LLP

Katherine Porter                              -2-                        April 9, 2020

Please find responses to your remaining requests below.

1.  We understand that "███████████████" is not an independent email address but rather a Microsoft Office 365 authentication address associated with Mr. Baker's Purdue email profile that was generated (and displayed) internally when a Purdue email user emailed Mr. Baker using his Purdue username.  Such an email would go to Mr. Baker at his pharma.com or law firm email addresses, and also to the apmn.org authentication address.  Thus, a search for emails sent to or received by "████████████" would not yield any documents not already captured by Mr. Baker's law firm or Purdue email addresses.  Nor did Mr. Baker use any other email addresses for responsive communications related to the instant action apart from those hosted by Purdue, Chadbourne & Parke, and later, Norton Rose.

2.  Mr. Baker did not engage in any responsive communications via Blackberry messenger, social media direct messaging, texts messages, or other mobile messaging platforms.  Mr. Baker does not maintain any responsive files at home or in any personal storage.

3.  To the extent Mr. Baker possesses responsive material in his capacity as current or former trustee of any Sackler family trusts, such material would not be maintained independently from the rest of his emails and hard copy documents, which are in the possession of Purdue.  We understand that documents concerning certain trusts for which Stuart Baker serves as trustee may be the subject of separate Rule 2004 subpoenas recently issued by the Committee as to the Initial Covered Sackler Persons.  If such a subpoena is served on Mr. Baker, we will represent Mr. Baker with respect to the subpoena.

4.  Mr. Baker has not been a member or director of any pain management or advocacy groups related to the use of opioids for pain management, nor has Mr. Baker received any honors, recognitions, or awards from any such organizations.

Please let us know if you have any questions.

Very truly yours,

/s/ Joseph M. McLaughlin
Joseph M. McLaughlin

Enclosures

# EXHIBIT A

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION -
TREAT SUBJECT TO PROTECTIVE ORDER

**Complaints Naming
Stuart D. Baker**

| Case name | Jurisdiction | Case No. |
|---|---|---|
| Ackal (Iberia Parish, LA) | N.D. Oh | 18-op-46052 |
| Amalgamated Union Local 450-A Welfare Fund (NY) | N.D. Oh. | 19-op-45807 |
| Anderson (Avoyelles Parish, LA) | N.D. Oh. | 17-op-45164 |
| Avoyelles Parish Police Jury (LA) | N.D. Oh. | 19-op-45444 |
| Board of County Commissioners of Allen County (IN) | N.D. Oh. | 18-op-45121 |
| Board of County Commissioners of Delaware County (OK) | N.D. Oh. | 18-op-46321 |
| Board of County Commissioners of Franklin County (IN) | N.D. Oh. | 18-op-45827 |
| Board of County Commissioners of Fulton County (OH) | N.D. Oh. | 19-op-45440 |
| Board of County Commissioners of Garvin County (OK) | N.D. Oh. | 18-op-46304 |
| Board of County Commissioners of Harrison County (OH) | N.D. Oh. | 18-op-45547 |
| Board of County Commissioners of Lucas County (OH) | N.D. Oh. | 18-op-46177 |
| Board of County Commissioners of McClain County (OK) | N.D. Oh. | 18-op-46303 |
| Board of County Commissioners of Osage County (OK) | N.D. Oh. | 18-op-46322 |
| Board of County Commissioners of Ottawa County (OK) | N.D. Oh. | 18-op-46323 |
| Board of County Commissioners of Pawnee County (OK) | N.D. Oh. | 18-op-46320 |
| Board of County Commissioners of Santa Fe County (NM) | N.D. Oh. | 18-op-45776 |
| Board of Supervisors for Louisiana State University and Agriculture and Mechanical College (LA) | 19th Judicial District Court Parish of East Baton Rouge State of Louisiana | C-69431824 |
| Borough of Ridgefield (NJ) | N.D. Oh. | 18-op-46117 |
| Borough of West Pittston (PA)** | N.D. Oh. | 19-op-45997 |

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION - TREAT SUBJECT TO PROTECTIVE ORDER

Stuart D. Baker

| Case name | Jurisdiction | Case No. |
|---|---|---|
| Building Trades Welfare Benefit Fund (NY) | N.D. Oh. | 19-op-45899 |
| Calcasieu Parish Police Jury (LA) | N.D. Oh. | 19-op-45445 |
| Carpenters Health & Welfare of Philadelphia & Vicinity (PA) | Court of Common Pleas Philadelphia County State of Pennsylvania | 180302264 |
| City of Albany (NY) | Supreme Court of Suffolk County State of New York | Index No. 400004/2019 |
| City of Alexandria (LA) | N.D. Oh. | 18-op-46050 |
| City of Amsterdam (NY) | N.D. Oh. | 19-op-46162 |
| City of Atlanta (GA) | N.D. Oh. | 18-op-46308 |
| City of Auburn (NY) | N.D. Oh. | 19-op-45843 |
| City of Bangor (ME) | N.D. Oh. | 18-op-46314 |
| City of Bastrop (LA) | N.D. Oh. | 18-op-45771 |
| City of Berlin (NH) | N.D. Oh. | 18-op-46040 |
| City of Birmingham (AL) | N.D. Oh. | 17-op-45008 |
| City of Bogalusa (LA) | N.D. Oh. | 18-op-46297 |
| City of Broadview Heights (OH) | N.D. Oh. | 18-op-45330 |
| City of Buffalo (NY) | N.D. Oh. | 19-op-46104 |
| City of Charleston (SC)* | Court of Common Pleas Charleston County State of South Carolina | 2019CP104294 |
| City of Covington (KY) | N.D. Oh. | 18-op-45967 |
| City of Dayton (OH) | N.D. Oh. | 17-op-45032 |
| City of Eagle Pass (TX) | N.D. Oh. | 18-op-46033 |
| City of Euclid (OH) | N.D. Oh. | 18-op-46013 |
| City of Eunice (LA) | N.D. Oh. | 18-op-46328 |

| Case name | Jurisdiction | Case No. |
|---|---|---|
| City of Findlay (OH) | N.D. Oh. | 18-op-46339 |
| City of Fitchburg (MA) | N.D. Oh. | 19-op-45030 |
| City of Garfield Heights (OH) | N.D. Oh. | 18-op-45999 |
| City of Gary (IN) | N.D. Oh. | 18-op-45929 |
| City of Geneva (NY) | N.D. Oh. | 19-op-45214 |
| City of Hazleton (PA) | N.D. Oh. | 19-op-45724 |
| City of Huntsville (AL)** | N.D. Oh. | 19-op-45947 |
| City of Ithaca (NY) | Supreme Court of Suffolk County State of New York | Index No. 400002/2018 |
| City of Kansas City (MO) | N.D. Oh. | 18-op-46029 |
| City of Keene (NH) | N.D. Oh. | 18-op-45511 |
| City of Lackawanna (NY) | N.D. Oh. | 19-op-45303 |
| City of Lake Charles (LA) | N.D. Oh. | 19-op-45449 |
| City of Laredo (TX) | N. D. Oh. | 18-op-46026 |
| City of Lewiston (ME) | N.D. Oh. | 18-op-46315 |
| City of Lorain (OH) | N.D. Oh. | 17-op-45000 |
| City of Manchester (NH) | N.D. Oh. | 17-op-45163 |
| City of Memphis (TN) | N.D. Oh. | 19-op-45220 |
| City of Millington (TN) | N.D. Oh. | 19-op-45474 |
| City of Monroe (LA) | N.D. Oh. | 18-op-45732 |
| City of Mound Bayou (MS) | N.D. Oh. | 19-op-45422 |
| City of Nashua (NH) | N.D. Oh. | 18-op-45062 |

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION -
TREAT SUBJECT TO PROTECTIVE ORDER RESTRICTIONS

Stuart D. Baker

| Case name | Jurisdiction | Case No. |
|---|---|---|
| City of New York | Supreme Court of Suffolk County State of New York | Index No. 400006/2018 |
| City of North Charleston (SC)* | Court of Common Pleas Charleston County State of South Carolina | 2019CP1003978 |
| City of North Olmsted (OH) | N.D. Oh. | 18-op-46012 |
| City of North Ridgeville (OH) | N.D. Oh. | 18-op-46015 |
| City of Ogdensburg (NY) | N.D. Oh. | 19-op-45852 |
| City of Olmsted Falls (OH) | N.D. Oh. | 18-op-46014 |
| City of Opelousas (LA) | N.D. Oh. | 19-op-45685 |
| City of Orange Beach (AL) | N.D. Oh. | 19-op-45784 |
| City of Parma Heights (OH) | N.D. Oh. | 18-op-45773 |
| City of Pineville (LA) | N.D. Oh. | 19-op-45037 |
| City of Plattsburgh (NY) | Supreme Court of Suffolk County State of New York | Index No. 400003/2019 |
| City of Portland (ME) | N.D. Oh. | 18-op-46313 |
| City of Poughkeepsie (NY) | N.D. Oh. | 19-op-46163 |
| City of Rochester (NY) | N.D. Oh. | 19-op-45853 |
| City of Rome (NY) | N.D. Oh. | 19-op-45284 |
| City of Saint Paul (MN) | N.D. Oh. | 19-op-45424 |
| City of Saratoga Springs (NY) | N.D. Oh. | 19-op-45857 |
| City of Schenectady (NY) | Supreme Court of Suffolk County State of New York | Index No. 400005/2019 |
| City of Seven Hills (OH) | N.D. Oh. | 19-op-45413 |
| City of Shreveport (LA) | N.D. Oh. | 18-op-46064 |
| City of Strongsville (OH) | N.D. Oh. | 18-op-46111 |

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION.
TREAT SUBJECT TO PROTECTIVE ORDER. Unredacted Exhibits

Stuart D. Baker

| Case name | Jurisdiction | Case No. |
|---|---|---|
| City of Sylacauga (AL)** | N.D. Oh. | 19-op-45900 |
| City of Syracuse (NY) | N.D. Oh. | 18-op-46169 |
| City of Toledo (OH) | N.D. Oh. | 17-op-45005 |
| City of Troy (NY) | Supreme Court of Suffolk County State of New York | Index No. 400006/2019 |
| City of Utica (NY) | N.D. Oh. | 18-op-46359 |
| City of Warren (OH) | N.D. Oh. | 18-op-45434 |
| City of West Monroe (LA) | N.D. Oh. | 18-op-46133 |
| City of Yonkers (NY) | Supreme Court of Suffolk County State of New York | Index No. 400020/2019 |
| County of Abbeville (SC)* | Court of Common Pleas Abbeville County State of South Carolina | 2019CP0100154 |
| County of Adair (IA) | N.D. Oh. | 18-op-45122 |
| County of Adams (ID) | N.D. Oh. | 18-op-46062 |
| County of Adams (PA) | N.D. Oh. | 20-op-45140 |
| County of Adams (WI) | N.D. Oh. | 17-op-45093 |
| County of Aiken (SC)* | Court of Common Pleas Aiken County State of South Carolina | 2019CP0201086 |
| County of Alachua (FL) | N.D. Oh. | 18-op-45685 |
| County of Allamakee | N.D. Oh. | 18-op-45983 |
| County of Allegany (NY) | N.D. Oh. | 19-op-46151 |
| County of Allendale (SC)* | Court of Common Pleas Allendale County State of South Carolina | 2019CP0300125 |
| County of Anderson (SC)* | Court of Common Pleas Anderson County State of South Carolina | 2018CP0401108 |
| County of Anoka (MN) | N.D. Oh. | 18-op-45101 |

Stuart D. Baker

| Case name | Jurisdiction | Case No. |
|---|---|---|
| County of Ashland (OH) | N.D. Oh. | 17-op-45130 |
| County of Ashtabula (OH) | N.D. Oh. | 18-op-45050 |
| County of Bamberg (SC)* | Court of Common Pleas<br>Bramberg County<br>State of South Carolina | 2018CP0500189 |
| County of Barnwell (SC)* | Court of Common Pleas<br>Barnwell County<br>State of South Carolina | 2018CP0600329 |
| County of Barron, et al. (WI) | N.D. Oh. | 18-op-45277 |
| County of Bayfield (WI) | N.D. Oh. | 17-op-45168 |
| County of Beaufort (SC)* | Court of Common Pleas<br>Beaufort County<br>State of South Carolina | 2018CP0701245 |
| County of Bedford (PA) | Court of Common Pleas<br>Bedford County<br>State of South Carolina | 2020-00180 |
| County of Bingham (ID) | N.D. Oh. | 19-op-45758 |
| County of Black Hawk (IA) | N.D. Oh. | 18-op-45303 |
| County of Broome (NY) | Supreme Court of Suffolk County<br>State of New York | Index No. 400002/2017 |
| County of Brown (WI) | N.D. Oh. | 18-op-45117 |
| County of Buffalo (WI) | N.D. Oh. | 17-op-45141 |
| County of Burlington (NJ) | N.D. Oh. | 19-op-45928 |
| County of Burnett (WI) | N.D. Oh. | 17-op-45131 |
| County of Cabarrus (NC) | N.D. Oh. | 18-op-45747 |
| County of Cache (UT) | 3rd District Court<br>Summit County - Silver Summit Division<br>State of Utah | 190500360 |
| County of Calhoun (SC)* | Court of Common Pleas<br>Calhoun County<br>State of South Carolina | 2019CP0900065 |
| County of Calumet (WI) | N.D. Oh. | 17-op-45142 |
| County of Camas (ID) | N.D. Oh. | 19-op-45407 |

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION -
TREAT SUBJECT TO PROTECTIVE ORDER

PUBLICLY FILED PER STIPULATION [ECF 2140]

| Case name | Jurisdiction | Case No. |
|---|---|---|
| County of Canyon (ID) | N.D. Oh. | 18-op-46277 |
| County of Carbon (PA) | Court of Common Pleas<br>Carbon County<br>State of Pennsylvania | 2018-0990 |
| County of Cherokee (SC)* | Court of Common Pleas<br>Cherokee County<br>State of South Carolina | 2018CP1100503 |
| County of Chesterfield (SC)* | Court of Common Pleas<br>Chesterfield County<br>State of South Carolina | 2018CP1300410 |
| County of Chippewa (WI) | N.D. Oh. | 17-op-45132 |
| County of Clarendon (SC)* | Court of Common Pleas<br>Claredon County<br>State of South Carolina | 2019CP1400236 |
| County of Clark (WI) | N.D. Oh. | 17-op-45150 |
| County of Clayton (GA) | N.D. Oh. | 18-op-46298 |
| County of Cleveland (NC) | N.D. Oh. | 18-op-45304 |
| County of Clinton (NY) | Supreme Court of Suffolk County<br>State of New York | Index No. 400003/2018 |
| County of Cobb (GA) | N.D. Oh. | 18-op-45817 |
| County of Colleton (SC)* | Court of Common Pleas<br>Colleton County<br>State of South Carolina | 2018CP1500438 |
| County of Columbia (NY) | Supreme Court of Suffolk County<br>State of New York | Index No. 400015/2018 |
| County of Columbia (WI) | N.D. Oh. | 17-op-45118 |
| County of Coos (OR) | N.D. Oh. | 18-op-46300 |
| County of Cortland (NY) | Supreme Court of Suffolk County<br>State of New York | Index No. 400019/2018 |
| County of Covington (MS) | N.D. Oh. | 19-op-45417 |
| County of Davidson (NC) | N.D. Oh. | 18-op-46330 |
| County of DeKalb (GA) | N.D. Oh. | 18-op-45503 |
| County of Delaware (PA) | Court of Common Pleas<br>Delaware County<br>State of Pennsylvania | CV-2017-008095 |

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION -
TREAT SUBJECT TO PROTECTIVE ORDER

Stuart D. Baker

| Case name | Jurisdiction | Case No. |
|-----------|--------------|----------|
| County of Dillion (SC)* | Court of Common Pleas<br>Dillion County<br>State of South Carolina | 2019CP1700213 |
| County of Dodge (WI) | N.D. Oh. | 17-op-45143 |
| County of Door (WI) | N.D. Oh. | 17-op-45104 |
| County of Dorchester (SC)* | Court of Common Pleas<br>Dorchester County<br>State of South Carolina | 2018CP1801122 |
| County of Douglas (NE) | N.D. Oh. | 19-op-45068 |
| County of Douglas (WI) | N.D. Oh. | 17-op-45107 |
| County of Dunn (WI) | N.D. Oh. | 17-op-45133 |
| County of Dutchess (NY) | Supreme Court of Suffolk County<br>State of New York | Index No. 400005/2017 |
| County of Eau Claire (WI) | N.D. Oh. | 17-op-45112 |
| County of Edgefield (SC)* | Court of Common Pleas<br>Edgefield County<br>State of South Carolina | 2019CP1900120 |
| County of Erie (NY) | Supreme Court of Suffolk County<br>State of New York | Index No. 400003/2017 |
| County of Fairfield (SC)* | Court of Common Pleas<br>Fairfield County<br>State of South Carolina | 2018CP2000272 |
| County of Florence (SC)* | Court of Common Pleas<br>Florence County<br>State of South Carolina | 2019CP2101213 |
| County of Florence (WI) | N.D. Oh. | 17-op-45125 |
| County of Floyd (KY) | N.D. Oh. | 18-op-45369 |
| County of Fond du Lac (WI) | N.D. Oh. | 17-op-45106 |
| County of Forest (WI) | N.D. Oh. | 17-op-45134 |
| County of Forsyth (GA) | N.D. Oh. | 19-op-45420 |
| County of Franklin (NY) | Supreme Court of Suffolk County<br>State of New York | Index No. 400012/2018 |
| County of Fulton (GA) | N.D. Oh. | 18-op-45374 |

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION -
TREAT SUBJECT TO PROTECTIVE ORDER

Stuart D. Baker

| Case name | Jurisdiction | Case No. |
|---|---|---|
| County of Fulton (NY) | Supreme Court of Suffolk County State of New York | Index No. 400018/2018 |
| County of Genesee (NY) | Supreme Court of Suffolk County State of New York | Index No. 400011/2018 |
| County of Gooding (ID) | N.D. Oh. | 19-op-45404 |
| County of Grant (NM) | N.D. Oh. | 19-op-45108 |
| County of Grant (WI) | N.D. Oh. | 17-op-45115 |
| County of Green (WI) | N.D. Oh. | 17-op-45096 |
| County of Green Lake County, Taylor County and Vilas County (WI) | N.D. Oh. | 18-op-45832 |
| County of Greene (NY) | Supreme Court of Suffolk County State of New York | Index No. 400008/2018 |
| County of Greenville (SC)* | Court of Common Pleas Greenville County State of South Carolina | 2018CP2301294 |
| County of Greenwood (SC)* | Court of Common Pleas Greenwood County State of South Carolina | 2018CP2400775 |
| County of Hamilton (NY) | Supreme Court of Suffolk County State of New York | Index No. 400005/2018 |
| County of Hampton (SC)* | Court of Common Pleas Hampton County State of South Carolina | 2018CP2500258 |
| County of Hawai'i (HI) | N.D Oh. | 20-op-45014 |
| County of Henry (GA) | N.D. Oh. | 18-op-46310 |
| County of Herkimer (NY) | Supreme Court of Suffolk County State of New York | Index No. 400008/2019 |
| County of Hillsborough (NH) | N.D. Oh. | 18-op-46353 |
| County of Horry (SC)* | Court of Common Pleas Horry County State of South Carolina | 2019CP2602684 |
| County of Houston (GA) | N.D. Oh. | 18-op-45946 |
| County of Iowa (WI) | N.D. Oh. | 17-op-45099 |
| County of Iredell (NC) | N.D. Oh. | 18-op-45774 |

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION
TREAT SUBJECT TO PROTECTIVE ORDER

Stuart D. Baker

| Case name | Jurisdiction | Case No. |
|-----------|-------------|----------|
| County of Jackson (MO) | N.D. Oh. | 18-op-45965 |
| County of Jackson (WI) | N.D. Oh. | 17-op-45121 |
| County of Jasper (SC)* | Court of Common Pleas Jasper County State of South Carolina | 2018CP2700332 |
| County of Jefferson (AL) | N.D. Oh. | 18-op-45558 |
| County of Jefferson (OH) | N.D. Oh. | 18-op-45365 |
| County of Jefferson (WI) | N.D. Oh. | 17-op-45122 |
| County of Johnson (KS) | N.D. Oh. | 19-op-45443 |
| County of Kaua'i (HI) | N.D. Oh. | 19-op-45862 |
| County of Kenosha (WI) | N.D. Oh. | 17-op-45144 |
| County of Kershaw (SC)* | Court of Common Pleas Kershaw County State of South Carolina | 2018CP2800553 |
| County of Knott (KY) | N.D. Oh. | 18-op-45370 |
| County of Lake (OH) | N.D. Oh. | 18-op-45032 |
| County of Lancaster (SC)* | Court of Common Pleas Lancaster County State of South Carolina | 2019CP2900540 |
| County of Langlade (WI) | N.D. Oh. | 17-op-45124 |
| County of LaSalle (IL) | Cirucuit Court for the 13th Judicial Circuit LaSalle County (Ottawa) State of Illinois | 2019-L-000052 |
| County of Laurens (SC)* | Court of Common Pleas Laurens County State of South Carolina | 2018CP3000606 |
| County of Lee (SC)* | Court of Common Pleas Lee County State of South Carolina | 2018CP3100207 |
| County of Levy (FL) | N.D. Oh. | 18-op-46119 |
| County of Lewis (NY) | Supreme Court of Suffolk County State of New York | Index No. 400007/2019 |
| County of Lewis (WA) | N.D. Oh. | 18-op-46301 |

| Case name | Jurisdiction | Case No. |
|---|---|---|
| County of Lexington (SC)* | Court of Common Pleas<br>Lexington County<br>State of South Carolina | 2018CP3202207 |
| County of Lincoln (WI) | N.D. Oh. | 17-op-45167 |
| County of Lorain (OH) | N.D. Oh. | 18-op-45078 |
| County of Lycoming (PA) | N.D. Oh. | 19-op-45655 |
| County of Manitowoc (WI) | N.D. Oh. | 17-op-45135 |
| County of Marathon (WI) | N.D. Oh. | 17-op-45095 |
| County of Marinette (WI) | N.D. Oh. | 17-op-45145 |
| County of Marion (SC)* | Court of Common Pleas<br>Marion County<br>State of South Carolina | 2019CP3300299 |
| County of Marquette (WI) | N.D. Oh. | 17-op-45136 |
| County of Maverick (TX) | N.D. Oh. | 19-op-45426 |
| County of McCormick (SC)* | Court of Common Pleas<br>McCormick County<br>State of South Carolina | 2019CP3500031 |
| County of McLean (IL) | Cirucuit Court for the 11th Judicial Circuit<br>McLean County (Bloomington)<br>State of Illinois | 2019L0000108 |
| County of Meckleburg (NC) | N.D. Oh. | 18-op-45221 |
| County of Monroe (NY) | Supreme Court of Suffolk County<br>State of New York | Index No. 400017/2018 |
| County of Monroe (WI) | N.D. Oh. | 17-op-45146 |
| County of Montgomery (NY) | Supreme Court of Suffolk County<br>State of New York | Index No. 400009/2019 |
| County of Mora (NM) | N.D. Oh. | 17-op-45080 |
| County of Nassau (NY) | Supreme Court of Suffolk County<br>State of New York | Index No. 400008/2017 |
| County of Niagara (NY) | Supreme Court of Suffolk County<br>State of New York | Index No. 400012/2017 |
| County of Northumberland (PA) | N.D. Oh. | 19-op-45555 |

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION.
TREAT SUBJECT TO PROTECTIVE ORDER

| Case name | Jurisdiction | Case No. |
|---|---|---|
| County of Ocean (NJ) | N.D. Oh. | 19-op-46157 |
| County of Oconee (SC)* | Court of Common Pleas Oconee County State of South Carolina | 2018CP3700458 |
| County of Oconto (WI) | N.D. Oh. | 17-op-45120 |
| County of Okaloosa (FL)** | N.D. Oh. | 19-op-45894 |
| County of Oneida (NY) | N.D. Oh. | 18-op-45338 |
| County of Oneida (WI) | N.D. Oh. | 17-op-45129 |
| County of Onondaga (NY) | N.D. Oh. | 18-op-45170 |
| County of Ontario (NY) | Supreme Court of Suffolk County State of New York | Index No. 400001/2019 |
| County of Orange (NY) | Supreme Court of Suffolk County State of New York | Index No. 400004/2017 |
| County of Orangeburg (SC)* | Court of Common Pleas Orangeburg County State of South Carolina | 2018CP3800841 |
| County of Osceola (FL) | N.D. Oh. | 18-op-45669 |
| County of Oswego (NY) | Supreme Court of Suffolk County State of New York | Index No. 400007/2018 |
| County of Palm Beach (FL) | N.D. Oh. | 18-op-46121 |
| County of Parma (OH) | N.D. Oh. | 17-op-45001 |
| County of Pettis (MO) | N.D. Oh. | 19-op-45416 |
| County of Pickens (SC)* | Court of Common Pleas Pickens County State of South Carolina | 2018CP3900675 |
| County of Pierce (WI) | N.D. Oh. | 17-op-45165 |
| County of Pike (KY) | N.D. Oh. | 18-op-45368 |
| County of Polk | N.D. Oh. | 18-op-45116 |
| County of Price (WI) | N.D. Oh. | 17-op-45126 |
| County of Pueblo (CO) | N.D. Oh. | 18-op-45801 |

Stuart D. Baker

| Case name | Jurisdiction | Case No. |
|---|---|---|
| County of Rensselaer (NY) | Supreme Court of Suffolk County State of New York | Index No. 400011/2017 |
| County of Rio Arriba (NM) | N.D. Oh. | 19-op-45054 |
| County of Riverside (CA) | N.D. Oh. | 18-op-45878 |
| County of Robeson (NC) | N.D. Oh. | 18-op-46141 |
| County of Rock (WI) | N.D. Oh. | 17-op-45108 |
| County of Rockdale (GA) | N.D. Oh. | 18-op-46296 |
| County of Roosevelt (NM) | N.D. Oh. | 18-op-46343 |
| County of Rusk (WI) | N.D. Oh. | 17-op-45116 |
| County of Saluda (SC)* | Court of Common Pleas Saluda County State of South Carolina | 2019CP4100111 |
| County of San Bernardino (CA) | N.D. Oh. | 18-op-46032 |
| County of San Juan (NM) | N.D. Oh. | 18-op-45829 |
| County of Sandoval (NM) | N.D. Oh. | 19-op-45421 |
| County of Saratoga (NY) | Supreme Court of Suffolk County State of New York | Index No. 400009/2018 |
| County of Sauk (WI) | N.D. Oh. | 17-op-45098 |
| County of Sawyer (WI) | N.D. Oh. | 17-op-45137 |
| County of Schenectady (NY) | Supreme Court of Suffolk County State of New York | Index No. 400009/2017 |
| County of Schoharie (NY) | Supreme Court of Suffolk County State of New York | Index No. 400010/2017 |
| County of Schuyler (NY) | Supreme Court of Suffolk County State of New York | Index No. 400014/2018 |
| County of Seneca (NY) | Supreme Court of Suffolk County State of New York | Index No. 400006/2017 |
| County of Sevier (UT) | 3rd District Court Summit County - Silver Summit Division State of Utah | 190500430 |
| County of Shawano (WI) | N.D. Oh. | 17-op-45119 |

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION -
TREAT SUBJECT TO PROTECTIVE ORDER

Stuart D. Baker

| Case name | Jurisdiction | Case No. |
|---|---|---|
| County of Sheboygan (WI) | N.D. Oh. | 17-op-45128 |
| County of Spartanburg (SC)* | Court of Common Pleas Spartanburg County State of South Carolina | 2018CP4200760 |
| County of St. Charles (MO) | N.D. Oh. | 18-op-46059 |
| County of St. Croix (WI) | N.D. Oh. | 17-op-45147 |
| County of St. Lawrence (NY) | Supreme Court of Suffolk County State of New York | Index No. 400002/2019 |
| County of St. Louis (MO) | N.D. Oh. | 17-op-45083 |
| County of Steuben (NY) | Supreme Court of Suffolk County State of New York | Index No. 400004/2018 |
| County of Suffolk (NY) | Supreme Court of Suffolk County State of New York | Index No. 400001/2017 |
| County of Sullivan (NY) | Supreme Court of Suffolk County State of New York | Index No. 400007/2017 |
| County of Summit (OH) | N.D. Oh. | 18-op-45090 |
| County of Summit (UT) | 3rd District Court Summit County - Silver Summit Division State of Utah | 190500354 |
| County of Sumter (SC)* | Court of Common Pleas Sumter County State of South Carolina | 2019CP4300891 |
| County of Tarrant (TX) | N.D. Oh. | 18-op-45274 |
| County of Tompkins (NY) | Supreme Court of Suffolk County State of New York | Index No. 400001/2018 |
| County of Tooele (UT) | 3rd District Court Summit County - Silver Summit Division State of Utah | 190500355 |
| County of Trempealeau (WI) | N.D. Oh. | 17-op-45138 |
| County of Trumbull (OH) | N.D. Oh. | 18-op-45079 |
| County of Uintah (UT) | 3rd District Court Summit County - Silver Summit Division State of Utah | 190500359 |
| County of Ulster (NY) | Supreme Court of Suffolk County State of New York | Index No. 400011/2019 |
| County of Union (SC)* | Court of Common Pleas Union County State of South Carolina | 2018CP4400288 |

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION.
TREAT SUBJECT TO PROTECTIVE ORDER.

Stuart D. Baker

| Case name | Jurisdiction | Case No. |
|---|---|---|
| County of Vernon (WI) | N.D. Oh. | 17-op-45148 |
| County of Walton (FL) | N.D. Oh. | 19-op-45423 |
| County of Wasatch (UT) | 3rd District Court<br>Summit County - Silver Summit Division<br>State of Utah | 190500357 |
| County of Washburn (WI) | N.D. Oh. | 17-op-45123 |
| County of Washington (NY) | Supreme Court of Suffolk County<br>State of New York | Index No. 400010/2019 |
| County of Washington (UT) | 3rd District Court<br>Summit County - Silver Summit Division<br>State of Utah | 190500361 |
| County of Washington (WI) | N.D. Oh. | 17-op-45114 |
| County of Waupaca (WI) | N.D. Oh. | 17-op-45166 |
| County of Waushara (WI) | N.D. Oh. | 17-op-45139 |
| County of Weber (UT) | 3rd District Court<br>Summit County - Silver Summit Division<br>State of Utah | 190500358 |
| County of Westchester (NY) | Supreme Court of Suffolk County<br>State of New York | Index No. 400010/2018 |
| County of Williamsburg (SC)* | Court of Common Pleas<br>Williamsburg County<br>State of South Carolina | 2018CP4500276 |
| County of Wood (WI) | N.D. Oh. | 17-op-45127 |
| County of Wyoming (NY) | Supreme Court of Suffolk County<br>State of New York | Index No. 400013/2018 |
| County of York (SC)* | Court of Common Pleas<br>York County<br>State of South Carolina | 2018CP4602446 |
| County of Zavala (TX) | N.D. Oh. | 18-op-46036 |
| Craft (Vernon Parish, LA) | N.D. Oh. | 18-op-45140 |
| CWA Local 1182 & 1183 Health & Welfare Funds (NY) | N.D. Oh. | 19-op-45794 |
| Drywall Tapers Insurance Fund (NY) | N.D. Oh. | 19-op-45810 |
| East Carroll Parish Police Jury (LA) | N.D. Oh. | 19-op-45453 |

| Case name | Jurisdiction | Case No. |
|---|---|---|
| Evangeline Parish Police Jury (LA) | N.D. Oh. | 19-op-45450 |
| Feather River Tribal Health (CA) | N.D. Oh. | 19-op-45334 |
| Garber (Lafayette Parish, LA) | N.D. Oh. | 17-op-45180 |
| Gautreaux (E. Baton Rouge Parish, LA) | N.D. Oh. | 18-op-45325 |
| Gilley (Richland Parish, LA) | N.D. Oh. | 19-op-45007 |
| Grant Parish (LA) | N.D. Oh. | 19-op-45277 |
| Guidroz (St. Landry Parish, LA) | N.D. Oh. | 18-op-46051 |
| Hebert (Allen Parish, LA) | N.D. Oh. | 18-op-45142 |
| Hilton (Rapides Parish, LA) | N.D. Oh. | 17-op-45178 |
| Hospital Service District No. 1 (LaSalle Parish, LA) | N.D. Oh. | 18-op-46150 |
| I-Kare Treatment Center, LLC (NY) | N.D. Oh. | 19-op-45829 |
| International Union of Painters and Allied Trades 1974 (NY) | N.D. Oh. | 19-op-45854 |
| Laborers Local 1298 of Nassau & Suffolk Counties Welfare Fund (NY) | N.D. Oh. | 19-op-45813 |
| Laborers Local 235 Welfare Fund (NY) | N.D. Oh. | 19-op-45792 |
| Lafayette General Health Systems, Inc. (LA) | N.D. Oh. | 18-op-46082 |
| Local 22 Health Benefit Fund (NY) | N.D. Oh. | 19-op-45811 |
| Local 8A-28A Welfare Fund (NY) | N.D. Oh. | 19-op-45809 |
| Mancuso (Calcasieu Parish, LA) | N.D. Oh. | 17-op-45179 |
| Mayflower Municipal Health Group (MA) | N.D. Oh. | 19-op-45897 |
| McCain (Grant Parish, LA) | N.D. Oh. | 19-op-45244 |
| Minute Men, Inc. and Minute Men Select, Inc. (OH) | N.D. Oh. | 18-op-45306 |

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION - TREAT SUBJECT TO PROTECTIVE ORDER EXHIBITS 70 of 168

19-23649-rdd   Doc 2161-4   Filed 12/18/20   Entered 12/18/20 18:15:36   Exhibits 33 - 34 Pg 70 of 168

Stuart D. Baker

| Case name | Jurisdiction | Case No. |
|---|---|---|
| Morehouse Parish Police Jury (LA) | N.D. Oh. | 19-op-45452 |
| Municipality of Arroyo (PR) | N.D. Oh. | 19-op-45817 |
| Municipality of Bayamon (PR) | N.D. Oh. | 19-op-45818 |
| Municipality of Caguas (PR) | N.D. Oh. | 19-op-45814 |
| Municipality of Canovanas (PR) | N.D. Oh. | 18-op-46018 |
| Municipality of Catano (PR) | N.D. Oh. | 19-op-45816 |
| Municipality of Ceiba (PR) | N.D. Oh. | 19-op-45819 |
| Municipality of Coamo (PR) | N.D. Oh. | 19-op-45820 |
| Municipality of Juncos (PR) | N.D. Oh. | 18-op-45994 |
| Municipality of Rio Grande (PR) | N.D. Oh. | 18-op-45895 |
| Municipality of Vega Alta (PR) | N.D. Oh. | 18-op-46011 |
| Municipality of Villalba (PR) | N.D. Oh. | 19-op-45815 |
| Municipality of Yabucoa (PR) | N.D. Oh. | 18-op-45731 |
| Nassau University Medical Center (NY) | N.D. Oh. | 19-op-45812 |
| Nevils Parish (LA) | N.D. Oh. | 19-op-45296 |
| NOITU Insurance Trust Fund (NY) | N.D. Oh. | 19-op-45808 |
| Northeast Carpenters Fund (NJ) | N.D. Oh. | 18-op-45741 |
| Ohio Carpenters Health Fund (OH) | N.D. Oh. | 19-op-45072 |
| Opelousas General Hospital Authority (LA) | N.D. Oh. | 18-op-46083 |
| Painting Industry Insurance Fund (NY) | N.D. Oh. | 19-op-45793 |
| Philley (W. Carroll Parish, LA) | N.D. Oh. | 18-op-45260 |

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION.
TREAT SUBJECT TO PROTECTIVE ORDER.

19-23649-rdd    Doc 2161-4    Filed 12/18/20    Entered 12/18/20 18:15:36    Exhibits
83 through 7    Pg 71 of 168

Stuart D. Baker

| Case name | Jurisdiction | Case No. |
|---|---|---|
| Prince George's County (MD) | N.D. Oh. | 18-op-45501 |
| Public Service Insurance Company (PA) | N.D. Oh. | 20-op-45015 |
| Richardson (Sabine Parish, LA) | N.D. Oh. | 18-op-45143 |
| Richland County Children's Services (OH) | N.D. Oh. | 17-op-45003 |
| Riverside San Bernardino County Indian Health (CA) | N.D. Oh. | 19-op-45025 |
| Russell (Ouachita Parish, LA) | N.D. Oh. | 18-op-45154 |
| Sabine Parish Police Jury (LA) | N.D. Oh. | 19-op-45448 |
| Sandusky County Board of Commissioners (OH) | N.D. Oh. | 18-op-45254 |
| Seal (Washington Parish, LA) | N.D. Oh. | 18-op-45093 |
| Soileau (Evangeline Parish, LA) | N.D. Oh. | 18-op-45189 |
| St. Landry Parish (LA) | N.D. Oh. | 18-op-46042 |
| Town of Arcola (MS) | N.D. Oh. | 19-op-45419 |
| Town of Arlington (TN) | N.D. Oh. | 19-op-45471 |
| Town of Centerville (TN) | N.D. Oh. | 19-op-45425 |
| Town of Delhi (LA) | N.D. Oh. | 18-op-45973 |
| Town of Ferriday (LA) | N.D. Oh. | 18-op-46166 |
| Town of Fort Deposit (AL) | N.D. Oh. | 19-op-45427 |
| Town of Lake Providence (LA) | N.D. Oh. | 18-op-46002 |
| Town of Mt. Pleasant (SC)* | Court of Common Pleas Charleston County State of South Carolina | 2019CP104302 |
| Town of Richwood (LA) | N.D. Oh. | 18-op-45772 |
| Town of Summerville (SC)* | Court of Common Pleas Dorchester County State of South Carolina | 2019CP1801602 |

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION-
TREAT SUBJECT TO PROTECTIVE ORDER

Stuart D. Baker

| Case name | Jurisdiction | Case No. |
|---|---|---|
| Town of Summit (MS) | N.D. Oh. | 19-op-45418 |
| Towne of Monroe (CT) | N.D. Oh. | 19-op-45441 |
| Township of Hanover (PA) | N.D. Oh. | 19-op-45654 |
| Township of Painesville | N.D. Oh. | 18-op-46035 |
| Township of Saddle Brook (NJ) | N.D. Oh. | 19-op-45431 |
| Township of Wilkes-Barre (PA) | N.D. Oh. | 19-op-45325 |
| Township of Wright (PA) | N.D. Oh. | 19-op-45574 |
| Tubbs (Morehouse Parish, LA) | N.D. Oh. | 18-op-45884 |
| Tunica-Biloxi Tribe of Louisiana (LA) | N.D. Oh. | 18-op-45996 |
| Vernon Parish Police Jury (LA) | N.D. Oh. | 19-op-45451 |
| Village of Herkimer (NY) | N.D. Oh. | 18-op-45964 |
| Warrensville Heights (OH) | N.D. Oh. | 18-op-46299 |
| West Carroll Parish Police Jury (LA) | N.D. Oh. | 19-op-45454 |
| Westchester Heavy Construction Laborers Local 60 Health & Welfare Fund (NY) | N.D. Oh. | 19-op-45795 |
| Wiley (Ascension Parish, LA) | N.D. Oh. | 18-op-45842 |
| Williams (E. Carroll Parish, LA) | N.D. Oh. | 18-op-45259 |
| Winn Parish (LA) | N.D. Oh. | 19-op-45295 |
| Woods (Jefferson Davis Parish, LA) | N.D. Oh. | 18-op-45099 |
| | | |
| **Dismissed under FRCP 41(a)(1) | | |
| *Dismissed under SCRCP 41(a)(1)(A) | | |

# EXHIBIT B

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION -
TREAT SUBJECT TO PROTECTIVE ORDER

**Positions Held by Stuart D. Baker:**
**At Purdue, IACs, and Other Sackler Family Affiliates**

| | Entity | Country | Role |
|---|---|---|---|
| | **Purdue US Entities** | | |
| 1. | Purdue Pharma L.P. | United States | Executive Vice President, Counsel to the Board and Secretary |
| 2. | Purdue Pharma Inc. | United States | Executive Vice President, Counsel to the Board and Secretary |
| 3. | Avrio Health Inc. | United States | Director, Executive Vice President, Counsel to the Board and Secretary |
| 4. | Avrio Health L.P. | United States | Executive Vice President, Counsel to the Board and Secretary |
| 5. | Mundipharma LLC | United States | Vice President and Secretary |
| 6. | Nayatt Cove Life Science Inc. | United States | Director, Vice President and Secretary |
| 7. | PharmIT Inc. | United States | Director, Vice President and Secretary |
| 8. | PharmIT L.P. | United States | Vice President and Secretary |
| 9. | Purdue Pharma Manufacturing Inc. | United States | Director, Vice President and Secretary |
| 10. | Purdue Pharma Manufacturing L.P. | United States | Vice President and Secretary |
| 11. | Purdue Pharma Products L.P. | United States | Executive Vice President, Counsel to the Board and Secretary |
| 12. | Purdue Pharma of Puerto Rico | United States | Vice President and Assistant Secretary |
| 13. | Purdue Pharmaceutical Products Inc. | United States | Director, Executive Vice President, Counsel to the Board and Secretary |
| 14. | Purdue Pharmaceutical Products L.P. | United States | Executive Vice President, Counsel to the Board and Secretary |
| 15. | Purdue Pharmaceuticals L.P. | United States | Executive Vice President, Counsel to the Board and Secretary |

1

PUBLICLY FILED PER STIPULATION [ECF 2140]

| | Entity | Country | Role |
|---|---|---|---|
| 16. | Purdue Transdermal Technologies L.P. | United States | Executive Vice President, Counsel to the Board and Secretary |
| 17. | Ophir Green Corp. | British Virgin Islands | Director, Vice President and Assistant Secretary |
| 18. | Seven Seas Hill Corp. | British Virgin Islands | Director, Vice President and Assistant Secretary |
| 19. | Coventry Technologies L.P. | United States | Vice President and Assistant Secretary |
| 20. | Paul Land Inc. | United States | Director, Vice President and Assistant Secretary |
| 21. | Rhodes Pharmaceuticals Inc. | United States | Vice President and Assistant Secretary |
| 22. | Rhodes Pharmaceuticals L.P. | United States | Vice President and Assistant Secretary |
| 23. | Rhodes Technologies | United States | Secretary |
| 24. | Rhodes Technologies Inc. | United States | Vice President and Assistant Secretary |
| 25. | SVC Pharma Inc. | United States | Vice President and Assistant Secretary |
| 26. | SVC Pharma L.P. | United States | Vice President and Assistant Secretary |
| 27. | Caas Leasing, Inc. | United States | Vice President and Assistant Secretary |
| 28. | Connecticut Avenue Realty Co., Inc. | United States | Vice President and Assistant Secretary |
| 29. | E.R.G. Realty, Inc. | United States | Director, President and Assistant Secretary |
| 30. | ███████████ | United States | Director, Corporate Vice President and Secretary |
| 31. | Midvale Chemical Company | United States | Director, Vice President and Assistant Secretary |

2

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION.
TREAT SUBJECT TO PROTECTIVE ORDER

| | Entity | Country | Role |
|---|---|---|---|
| 32. | Mundipharma Biologics Inc. | United States | Director, Vice President and Secretary |
| 33. | Mundipharma Biologics L.P. | United States | Vice President and Secretary |
| 34. | Mundipharma Healthcare Corporation | United States | Director and President |
| 35. | Mundipharma International Limited | United States | Director, Vice President and Secretary |
| 36. | Mundipharma International Technical Operations Limited | United States | Director, Vice President and Secretary |
| 37. | Mundipharma Ltd. | United States | Director and Vice President |
| 38. | Mundipharma Pharmaceuticals Inc. | United States | Director, Vice President and Secretary |
| 39. | Mundipharma, Inc. | United States (Delaware) | Director and Vice President |
| 40. | Mundipharma, Inc. | United States (New York) | Director and Vice President |
| 41. | Nappwood Land Corporation | United States | Vice President and Assistant Secretary |
| 42. | Pharma Associates Inc. | United States | Director, Vice President and Assistant Secretary |
| 43. | Pharma Technologies Inc. | United States | Director, Vice President and Assistant Secretary |
| 44. | Pharmaceutical Research Associates, Inc. | United States | Director, Vice President and Assistant Secretary |
| 45. | PRA Holdings, Inc. | United States | Director, Vice President and Assistant Secretary |
| 46. | Purdue BioPharma Inc. | United States | Director, Vice President and Secretary |
| 47. | Purdue BioPharma L.P. | United States | Vice President and Secretary |
| 48. | Purdue Healthcare Technologies Inc. | United States | Director, Vice President and Secretary |
| 49. | Purdue Healthcare Technologies L.P. | United States | Vice President and Secretary |

3

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION.
TREAT SUBJECT TO PROTECTIVE ORDER

| | Entity | Country | Role |
|---|---|---|---|
| 50. | Purdue Pharma Technologies Inc | United States | Director, Executive Vice President, Counsel to the Board and Secretary |
| 51. | RSJ Company L.P. | United States | Vice President and Assistant Secretary |
| 52. | Sawwood Land Corporation | United States | Director, Vice President and Assistant Secretary |
| 53. | Signutra Inc. | United States | Director and Secretary |
| 54. | The P.F. Laboratories, Inc. | United States | Director, Vice President and Assistant Secretary |
| 55. | The Seven Hundred Realty Corporation | United States | Director and Vice President |
| 56. | The Terramar Foundation, Inc. | United States | Director, Chairman and Secretary |
| 57. | TXP Services Inc. | United States | Director |
| 58. | Vitamerican Chemicals, Inc. | United States | Director, Vice President and Assistant Secretary |
| 59. | MNP Consulting Limited | United States | Vice President and Assistant Secretary |
| 60. | HS Holdings Inc. | United States | Vice President and Secretary |
| 61. | BR Holdings Associates Inc. | United States | Director, Vice President and Assistant Secretary |
| 62. | BR Holdings Associates L.P. | United States | Vice President and Assistant Secretary |
| **Mortimer Sackler Family Entities** | | | |
| 63. | Altus Family Foundation | United States | Director, Vice President and Assistant Secretary |
| 64. | Meadowlark Family Foundation | United States | Assistant Secretary |
| 65. | Pheasant Hill Realty LLC | United States | Manager |
| 66. | Sandlot LLC | United States | Vice President and Assistant Secretary |
| 67. | Taddeo LLC | United States | Manager and President |
| 68. | Cherry Tree Holdings, LLC | United States | Vice President and Assistant Secretary |

4

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION:
TREAT SUBJECT TO PROTECTIVE ORDER

| | Entity | Country | Role |
|---|---|---|---|
| 69. | Cookie Dough LLC | United States | Vice President and Assistant Secretary |
| 70. | Far Wells LLC | United States | Vice President and Assistant Secretary |
| 71. | Five Three Warren LLC | United States | Vice President and Assistant Secretary |
| 72. | Gansette Holdings LLC | United States | Vice President and Assistant Secretary |
| 73. | Indian Springs Property LLC | United States | Manager, Vice President and Assistant Secretary |
| 74. | Kousa LLC | United States | Manager |
| 75. | Magic Property Holdings LLC | United States | Vice President |
| 76. | Morvetta LLC | United States | Manager Vice President and Assistant Secretary |
| 77. | The Mortimer D. Sackler Foundation, Inc. | United States | Assistant Secretary |
| 78. | Flat Creek Fiduciary Management LLC | United States | Director and Vice President |
| 79. | Soft River Fiduciary Management LLC | United States | Director and Vice President |
| 80. | Taddeo Fiduciary Management Inc. | United States | Director and Vice President |
| | **Mortimer Sackler Family Trusts** | | |
| 81. | Beaver Pond 1 | | Trustee |
| 82. | Beaver Pond 2 | | Trustee |
| 83. | KAS 2010 Family Trust | | Trustee |
| 84. | JML 2010 Family Trust | | Trustee |
| 85. | ISL 2010 Family Trust | | Trustee |
| 86. | KLT 2010 Family Trust | | Trustee |
| 87. | MDAS 2010 Family Trust | | Trustee |
| 88. | PALP Trust | | Trustee |
| 89. | Soft River Purpose Trust | | Trustee |
| 90. | Flat Creek Purpose Trust | | Trustee |
| 91. | Fairfield Trust | | Trustee |

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION - TREAT SUBJECT TO PROTECTIVE ORDER

| | Entity | Country | Role |
|---|---|---|---|
| | **Raymond Sackler Family Entities** | | |
| 92. | 1JM LLC | United States | Vice President and Assistant Secretary |
| 93. | 2JM LLC | United States | Manager, Vice President and Assistant Secretary |
| 94. | 3JM LLC | United States | Manager, Vice President and Assistant Secretary |
| 95. | G3A LLC | United States | Manager, Vice President and Assistant Secretary |
| 96. | G3D LLC | United States | Manager, Vice President and Assistant Secretary |
| 97. | G3R LLC | United States | Manager, Vice President and Assistant Secretary |
| 98. | Meridian International, Ltd. | United States | Assistant Secretary |
| 99. | ██████████ | United States | Director, President and Secretary |
| 100. | Park View Properties L.L.C. | United States | Vice President and Assistant Secretary |
| 101. | ██████████ | United States | Vice President and Assistant Secretary |
| 102. | ██████████ | United States | Vice President and Assistant Secretary |
| 103. | North Bay Trust Company Inc. | United States | Director, Vice President, Secretary and Treasurer |
| 104. | The Research Foundation Ltd. | Bermuda | Director, Member and Managing Director |
| 105. | Boiling Bay S.àr.l. | Luxembourg | Manager |
| 106. | Neji S.àr.l. | Luxembourg | Manager |
| 107. | Nerule S.àr.l. | Luxembourg | Manager |
| 108. | Aquebogue Holdings Corporation | Mauritius | Director |
| | **Raymond Sackler Family Trusts** | | |
| 109. | Gallo Trust 1 f/b/o Miles R.C. Sackler | | Trustee |
| 110. | Gallo Trust 2 f/b/o Miles R.C. Sackler | | Trustee |

6

| | Entity | Country | Role |
|---|---|---|---|
| 111. | Gallo Trust 3 f/b/o Miles R.C. Sackler | | Trustee |
| 112. | Gallo Trust 3 f/b/o Clare Elizabeth Sackler | | Trustee |
| 113. | Gallo Trust 3 f/b/o Madeleine Sackler | | Trustee |
| 114. | BRP Trust | | Trustee |
| 115. | XPC Trust | | Trustee |
| 116. | FPC Trust | | Trustee |
| 117. | JDS ███████ Trust (Residence parcel) | | Trustee |
| 118. | JDS ███████ Trust (Garage parcel) | | Trustee |
| 119. | JDS North Bay Trust | | Trustee |
| 120. | JDS Fiduciary Management Trust | | Trustee |
| 121. | Gallo Trust 3 f/b/o Rebecca K. Sackler | | Trustee |
| 122. | Gallo Trust 3 f/b/o Marianna R. Sackler | | Trustee |
| 123. | Gallo Trust 3 f/b/o David A. Sackler | | Trustee |
| 124. | BRP Trust | | Trustee |
| 125. | XPC Trust | | Trustee |
| 126. | FPC Trust | | Trustee |
| 127. | RSS ███████ Trust (Residence parcel) | | Trustee |
| 128. | RSS ███████ Trust (Garage parcel) | | Trustee |
| 129. | RSS North Bay Trust | | Trustee |

7

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION
TREAT SUBJECT TO PROTECTIVE ORDER

| | Entity | Country | Role |
|---|---|---|---|
| 130. | RSS Fiduciary Management Trust | | Trustee |
| **Purdue IACs** | | | |
| 131. | Mundipharma (Argentina) S.r.l. | Argentina | Manager |
| 132. | Mundipharma Pharmaceuticals Argentina S.r.l | Argentina | Manager |
| 133. | Mundipharma ANZ Pty Limited | Australia | Director and Company Secretary |
| 134. | Mundipharma Healthcare Pty Ltd. | Australia | Director |
| 135. | Mundipharma Oncology Pty Ltd | Australia | Director |
| 136. | Mundipharma Pty Limited | Australia | Director and Company Secretary |
| 137. | Mundipharma GesmbH | Austria | Geschäftsführer |
| 138. | Mundipharma (Bangladesh) Private Limited | Bangladesh | Director |
| 139. | Mundipharma Trading Bangladesh Private Limited | Bangladesh | Director |
| 140. | Bangladesh Beauty Products Private Limited | Bangladesh | Director |
| 141. | Mundipharma Pharmaceuticals BVBA | Belgium | Director |
| 142. | Transworld Pharma Limited | Bermuda | Director |
| 143. | Mundipharma Brasil Produtos Médicos e Farmacêuticos Ltda. | Brazil | Director |
| 144. | Boetti Corporation | British Virgin Islands | Director and Vice President |
| 145. | Boldini Corporation | British Virgin Islands | Director and Vice President |

8

| | Entity | Country | Role |
|---|---|---|---|
| 146. | Clovio Corporation | British Virgin Islands | Director and Vice President |
| 147. | Evening Star Services Ltd. | British Virgin Islands | Director |
| 148. | Hayez Corporation | British Virgin Islands | Director and Vice President |
| 149. | IAF Limited | British Virgin Islands | Director |
| 150. | Lake Claire Investments Ltd. | British Virgin Islands | Director and Secretary |
| 151. | Maltus Corporation | British Virgin Islands | Director and Vice President |
| 152. | Mexcus Corporation | British Virgin Islands | Director and Vice President |
| 153. | Purdue Frederick Inc. | Canada | Corporate Vice President |
| 154. | Purdue Pharma | Canada | Vice President |
| 155. | Purdue Pharma Inc. | Canada | Director, Corporate Vice President |
| 156. | Purdue Pharma ULC | Canada | Director |
| 157. | Mundipharma Pharmaceuticals (Chile) Limitada | Chile | Director |
| 158. | Mundipharma (China) Pharmaceutical Company Limited | China | Director |
| 159. | Mundipharma (Shanghai) International Trade Company Limited | China | Director |
| 160. | Mundipharma (Colombia) S.A.S. | Colombia | Manager |
| 161. | Mundipharma Pharmaceuticals Limited | Cyprus | Director |
| 162. | Mundipharma A/S | Denmark | Director |
| 163. | Mundipharma FZ-LLC | Dubai | Manager |
| 164. | Mundipharma Middle East FZ-LLC | Dubai | Manager |

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION -

| | Entity | Country | Role |
|---|---|---|---|
| 165. | Mundipharma Egypt LLC | Egypt | Manager |
| 166. | Mundipharma Oy | Finland | Director |
| 167. | Mundipharma Management S.ar.l | France | Co-Gerant |
| 168. | Krugmann GmbH | Germany | Geschäftsführer |
| 169. | Mundipharma Biologics GmbH | Germany | Geschäftsführer |
| 170. | Mundipharma GmbH | Germany | Geschäftsführer |
| 171. | Mundipharma Verwaltungsgesellschaft mbH | Germany | Member of Supervisory Board |
| 172. | Mundipharma (Hong Kong) Limited | Hong Kong | Director |
| 173. | Modi-Mundipharma Private Limited | India | Director |
| 174. | Modi-Mundipharma Healthcare Private Limited | India | Director |
| 175. | Modi-Mundipharma Beauty Products Private Limited | India | Director |
| 176. | PT. Mundipharma Healthcare Indonesia | Indonesia | Director |
| 177. | Mundipharma Pharmaceuticals Limited | Ireland | Director |
| 178. | Rafa Laboratories Limited | Israel | Director |
| 179. | Mundipharma Kabushiki Kaishe | Japan | Director |
| 180. | Mundipharma Distribution Limited | Korea | Director |

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION
TREAT SUBJECT TO PROTECTIVE ORDER

| | Entity | Country | Role |
|---|---|---|---|
| 181. | Mundipharma Korea Ltd. | Korea | Director |
| 182. | Accardi S.àr.l. | Luxemborg | Manager |
| 183. | Bulla S.àr.l. | Luxemborg | Manager |
| 184. | Euro-Celtique S.A. | Luxemborg | Manager |
| 185. | Filti S.àr.l. | Luxemborg | Manager |
| 186. | Flira S.àr.l. | Luxemborg | Manager |
| 187. | Ind S.àr.l. | Luxemborg | Manager |
| 188. | Irey S.àr.l. | Luxemborg | Manager |
| 189. | Lucien Holdings S.àr.l. | Luxemborg | Manager |
| 190. | Lymit Holdings S.àr.l. | Luxemborg | Manager |
| 191. | Mundipharma International Services S.àr.l. | Luxemborg | Manage |
| 192. | Nitid S.àr.l. | Luxemborg | Manager |
| 193. | Nontag S.àr.l. | Luxemborg | Manager |
| 194. | Porthos S.àr.l. | Luxemborg | Manager |
| 195. | Sofy S.àr.l. | Luxemborg | Manager |
| 196. | Songol S.àr.l. | Luxemborg | Manager |
| 197. | Sonti S.àr.l. | Luxemborg | Manager |
| 198. | Mundipharma Pharmaceuticals Sdn. Bhd. | Malaysia | Director |
| 199. | Cutchogue Holdings Corporation | Mauritius | Director |
| 200. | Mundipharma Ltd. | Mauritius | Director |
| 201. | Mundipharma de Mexico, S. de R.L. de C.V. | Mexico | Director |

11

| | Entity | Country | Role |
|---|---|---|---|
| 202. | Mundipharma (Myanmar) Co., Ltd. | Myanmar | Director |
| 203. | Accardi B.V. | Netherlands | Director |
| 204. | Alfa Generics B.V. | Netherlands | Director |
| 205. | Arsago B.V. | Netherlands | Director |
| 206. | Mundipharma DC B.V. | Netherlands | Director |
| 207. | Mundipharma Pharmaceuticals B.V. | Netherlands | Director |
| 208. | Tacca B.V. | Netherlands | Director |
| 209. | Tenna B.V. | Netherlands | Director |
| 210. | Vaccaro B.V. | Netherlands | Director |
| 211. | Venusti B.V. | Netherlands | Director |
| 212. | Mundipharma New Zealand Limited | New Zealand | Director |
| 213. | Mundipharma A/S | Norway | Director |
| 214. | Mundipharma Polska Sp z o.o. | Poland | Director |
| 215. | Mundipharma Farmacêutica Lda. | Portugal | Director |
| 216. | Mundipharma (Proprietary) Limited | Republic of South Africa | Director |
| 217. | Marnine Holdings Pte. Limited | Singapore | Director |
| 218. | Martone Holdings Pte. Limited | Singapore | Director |
| 219. | Mundipharma Development Pte. Limited | Singapore | Director |

12

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION
TREAT SUBJECT TO PROTECTIVE ORDER

| | Entity | Country | Role |
|---|---|---|---|
| 220. | Mundipharma Healthcare Pte. Limited | Singapore | Director |
| 221. | Mundipharma IT Services Pte. Ltd. | Singapore | Director |
| 222. | Mundipharma Manufacturing Pte. Limited | Singapore | Director |
| 223. | Mundipharma Pharmaceuticals Private Limited | Singapore | Director |
| 224. | Mundipharma Pte. Limited | Singapore | Director |
| 225. | Mundipharma Singapore Holding Pte Limited | Singapore | Director |
| 226. | Mundipharma Pharmaceuticals S.L. | Spain | Director |
| 227. | Beauty Products Lanka (Private) Limited | Sri Lanka | Director |
| 228. | Mundipharma AB | Sweden | Director |
| 229. | Mundipharma Distribution GmbH | Switzerland | Geschäftsführer |
| 230. | Mundipharma EDO GmbH | Switzerland | Geschäftsführer |
| 231. | Mundipharma International Services GmbH | Switzerland | Geschäftsführer |
| 232. | Mundipharma IT Services GmbH | Switzerland | Geschäftsführer |
| 233. | Mundipharma Laboratories GmbH | Switzerland | Geschäftsführer |
| 234. | Mundipharma LATAM GmbH | Switzerland | Geschäftsführer |
| 235. | Mundipharma MEA GmbH | Switzerland | Geschäftsführer |

13

|  | Entity | Country | Role |
|---|---|---|---|
| 236. | Mundipharma Medical GmbH | Switzerland | Geschäftsführer |
| 237. | Mundipharma Near East GmbH | Switzerland | Geschäftsführer |
| 238. | Taiwan Mundipharma Pharmaceuticals Ltd. | Taiwan | Director |
| 239. | Mundipharma (Thailand) Limited | Thailand | Director |
| 240. | Mundipharma Pharmaceuticals Industry and Trade Limited | Turkey | Director |
| 241. | Bard Pharmaceuticals Ltd. | United Kingdom | Director |
| 242. | Clinical Designs Limited | United Kingdom | Director |
| 243. | Mundibiopharma Limited | United Kingdom | Director |
| 244. | Mundipharma Corporation Limited | United Kingdom | Director |
| 245. | Mundipharma International Limited | United Kingdom | Director |
| 246. | Mundipharma International Services Limited | United Kingdom | Director |
| 247. | Mundipharma International Technical Operations Limited | United Kingdom | Director |
| 248. | Mundipharma IT Services Limited | United Kingdom | Director |
| 249. | Mundipharma Limited | United Kingdom | Director |
| 250. | Mundipharma Medical Company Limited | United Kingdom | Director |
| 251. | Mundipharma Research Limited | United Kingdom | Director |

PUBLICLY FILED PER STIPULATION [ECF 2140]

| | Entity | Country | Role |
|---|---|---|---|
| 252. | Napp Laboratories Ltd. | United Kingdom | Director |
| 253. | Napp Pharmaceutical Group Ltd. | United Kingdom | Director |
| 254. | Napp Pharmaceutical Holdings Ltd. | United Kingdom | Director |
| 255. | Napp Pharmaceuticals Limited | United Kingdom | Director |
| 256. | Paineurope Limited | United Kingdom | Director |
| 257. | Qdem Pharmaceuticals Limited | United Kingdom | Director |

PUBLICLY FILED PER STIPULATION [ECF 2140]

# EXHIBIT C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| STATE OF WASHINGTON, <br><br>                 Plaintiff, <br><br>     v. <br><br> PURDUE PHARMA L.P.; PURDUE PHARMA INC.; and THE PURDUE FREDERICK COMPANY, <br><br>                Defendants. | **SUBPOENA** <br><br> **(Pursuant to the Uniform Interstate Deposition and Discovery Act and CPLR § 3119)** <br><br> **Originating State:** Rhode Island <br> **Originating County:** Providence <br> **Originating Court:** Superior Court <br> **Originating Case No.:** PC-2018-4555 |

# 𝕿𝖍𝖊 𝕻𝖊𝖔𝖕𝖑𝖊 𝖔𝖋 𝖙𝖍𝖊 𝕾𝖙𝖆𝖙𝖊 𝖔𝖋 𝕹𝖊𝖜 𝖄𝖔𝖗𝖐

**Pursuant to the Uniform Interstate Depositions and Discovery Act**

TO:    Stuart Baker
        16 Sutton Place, Penthouse
        New York, NY 10022

**GREETINGS:**

     **YOU ARE HEREBY COMMANDED,** that all business and excuses being laid aside, you appear and sit for your deposition at the offices of Motley Rice LLC, 777 Third Avenue, 27th Floor, New York, New York 10017, on October 7, 2019 at 9:00 a.m., and/or at any recessed or adjourned date to give testimony in the above-captioned action, pending in the State of Rhode Island, Superior Court, as described in the Letters Rogatory issued by that Court, attached hereto.

     The purpose for which the disclosure of the requested information is sought is: For use in the proceeding against Defendants brought by the Office of the Attorney General for the State of Rhode Island. Mr. Baker attended meetings of the Board of Directors of Purdue Pharma, L.P. and related entities and was otherwise involved in Purdue's business operations. Questions will concern one or more of the following topics:

- Mr. Baker's knowledge of Defendants' conduct and financial practices
- The location of the State's potential recovery

- Purdue Pharma L.P.'s (and affiliated entities) Board and Board members' knowledge of Defendants' conduct and financial practices, and the location of the State's potential recovery

Your failure to comply with this subpoena is punishable by contempt of court and shall make you liable to the person on whose behalf this subpoena was issued for a penalty not exceeding fifty dollars and damages sustained by reason of the failure to comply.

September 14, 2019

*/s/ David I. Ackerman*

David I. Ackerman
Linda Singer
**MOTLEY RICE LLC**
401 9th Street NW, Suite 1001
Washington, D.C.  20004
(202) 849-4962
dackerman@motleyrice.com
lsinger@motleyrice.com

Michael M. Buchman
**MOTLEY RICE LLC**
777 Third Avenue, 27th Floor
New York, NY 10017
(212) 577-0040
mbuchman@motleyrice.com

*Attorneys for the Plaintiff*

PUBLICLY FILED PER STIPULATION [ECF 2140]

**STATE OF RHODE ISLAND**
**PROVIDENCE, SC**

**SUPERIOR COURT**

STATE OF RHODE ISLAND, by and through,
PETER NERONHA, ATTORNEY GENERAL,
*Plaintiff,*

C.A. NO.: PC 2018-4555

v.

PURDUE PHARMA L.P.; *et al.*
*Defendants;*

**[PROPOSED] ORDER GRANTING THE STATE OF RHODE ISLAND'S MOTION FOR
THE ISSUANCE OF A COMMISSION TO TAKE THE OUT-OF STATE DEPOSITION
OF STUART BAKER**

This matter came before the Court on ~~September 14, 2019~~. It is hereby ORDERED that

the State of Rhode Island's Motion for an Issuance of Commission to take the Out-of-State

Deposition of Stuart Baker is GRANTED.

So ORDERED this _14_ day of ~~September~~, 2019.

By Order:                                          Enter:

_____                   _____
Judge                                              Clerk
        9/14/19

Presented by:

        **State of Rhode Island,**
        Peter F. Neronha, Attorney General
        By his attorneys,

        /s Vincent Greene

        Neil F.X. Kelly, Deputy Chief, Civil Division
        Assistant Attorney General
        **RHODE ISLAND OFFICE OF THE
        ATTORNEY GENERAL**
        150 South Main Street

## LETTER ROGATORY

TO:    Clerk of the New York Supreme Court
       New York County
       60 Centre Street
       New York, NY 10007

       **RE:    State of Rhode Island v. Purdue Pharma, L.P., et al.**
               **State of Rhode Island, Providence County, Superior Court**

       <u>Docket Number: PC-2018-4555</u>

Dear Sir/Madam:

       The above-captioned civil action is pending before the undersigned Justice of the Superior
Court in the State of Rhode Island. In connection with the above cited case, the State seeks to
obtain a deposition Mr. Stuart Baker, **16 Sutton Place, Penthouse, New York, New York 10022.**
Among other things, Mr. Baker has knowledge of the Defendants' conduct and financial practices,
the location of the State's potential recovery, and the Board's knowledge and involvement
regarding each of these topics. The Court issues this commission to take an out-of—state
deposition pursuant t0 R.I. Gen. Laws § 9-18-9.

       Thank you for your courtesy in this matter.

                                                    BY THE COURT

                                                    _____
                                                    Gibney, J.

Dated:  _9/14/19_____

PUBLICLY FILED PER STIPULATION [ECF 2140]

Linda Singer (*Admitted Pro Hac Vice*)
David A. Benner (*Admitted Pro Hac Vice*)
**MOTLEY RICE LLC**
401 9th Street NW, Suite 1001
Washington, DC 20004
Tel: 202-232-5504
Fax: 202-386-9622
lsinger@motleyrice.com
dbenner@motleyrice.com

Donald Migliori
**MOTLEY RICE LLC**
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: 843-216-9000
Fax: 843-216-9450
dmigliori@motleyrice.com

Robert J. McConnell
Vincent Greene
Jonathan D. Orent
Kate E. Menard
**MOTLEY RICE LLC**
55 Cedar Street, Suite 100
Providence, RI 02903
Tel: 401-457-7700
Fax: 401-457-7708
bmcconnell@motleyrice.com
vgreene@motleyrice.com
jorent@motleyrice.com
kmenard@motleyrice.com

*Attorneys for the State of Rhode Island*

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION -
TREAT SUBJECT TO PROTECTIVE ORDER

# EXHIBIT 42

PUBLICLY FILED PER STIPULATION [ECF 2140]

# JOSEPH HAGE AARONSON LLC

### 485 LEXINGTON AVENUE
### NEW YORK, NEW YORK 10017
### (212) 407-1200
### WWW.JHA.COM

MARA LEVENTHAL
DIRECT DIAL: (212) 407-1218
DIRECT FAX: (212) 407-1268
EMAIL: mleventhal@jha.com

September 26, 2020

**By Email**

James I. McClammey, Esq.
Charles S. Duggan, Esq.
Chautney Oluwole, Esq.
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
Email: james.mcclammy@davispolk.com
       charles.duggan@davispolk.com
       chautney.oluwole@davispolk.com

     Re:    *In re Purdue Pharma L.P. et al.*, Case No. 19-23649

Dear Jim, Charles, and Chautney:

     I write on behalf of the Raymond-Side Initial Covered Sackler Persons whom we represent in response to Chautney's email of September 23.

     We appreciate your confirmation that you have produced or will promptly produce to us all historic custodial ESI documents that you have produced to the UCC. However, we also reiterate our request that you provide a log comprising bates ranges for all historical custodial ESI productions you have made to the UCC. Without a log, we are unable to confirm that we have in fact received all relevant productions from you.

     Our concern is not academic. On September 18, Steve Ives was presented with an exhibit created by financial advisors to the creditors, which cites historical Purdue financial documents bearing PLPUCC bates stamps that you still have not produced to us.[1] And that is not a lone example. On or around July 24, you promised to provide us with copies of the custodial ESI documents that you had produced to the UCC and then proceeded to provide us with access to a number of productions that you had made to the UCC. However, on August 27 we learned—

---

[1]    *See* Ives Exhibit 23; PLPUCC500051645; PPLPUCC500057294; PPLPUCC500057352; PPLPUCC500057387; PPLPUCC500057423; PPLPUCC500057459; PPLPUCC500057514; PPLPUCC500057534; PPLPUCC500056807; PPLPUCC500056885; PPLPUCC500056924; PPLPUCC500057004; PPLPUCC500057051; PPLPUCC500057135; PPLPUCC500056752; PPLPUCC500057235; PPLPUCC500000404; PPLPUCC500052164.

# JOSEPH HAGE AARONSON LLC

September 26, 2020
Page 2

from our document vendor, not from you—that the productions you had provided did not include copies of the custodial ESI documents that we had been promised a month earlier. On August 31, after David Sackler's deposition had already taken place, you <u>again</u> agreed to provide us with copies of all of the custodial ESI documents that had been produced to the UCC. We did not receive those documents until the morning of September 2, the day of Marianna Sackler's deposition. Several custodial ESI documents—which had previously been produced by the Debtors to the UCC and NCSG—were used as exhibits in those depositions.[2] And even today, the productions that you have given us access to bear Bates stamps beginning PPLPUCC000250929. This strongly suggests to us that we have not received access to over 250,000 pages of documents (PPLPUCC000000001 to PPLPUCC000250928) that went to the UCC. Without a log describing the documents that you have provided to the UCC—and an explanation as to whether you are providing us with copies of those documents or not—we are simply left guessing about what documents have not been produced, why we have not received them, and whether additional documents you have agreed to produce are still outstanding. That is not a fair way to conduct these proceedings.

We ask, again, that you produce all historic custodial ESI documents and other non-work product documents that you have produced to the UCC, including the documents referenced in Ives Exhibit 23 (*see* fn.1, above), to us immediately. If any of the documents referenced in Ives Exhibit 23 are among the documents you claim are protected by work product, their voluntary disclosure at Mr. Ives' deposition waives any arguable work product protection. *See In re Weatherford Int'l Sec. Litig.*, No. 11 Civ. 1646, 2013 WL 12185082, at *7 (S.D.N.Y. Nov. 19, 2013) (parties "waived work product protection for the material that they provided to the SEC, as well as any underlying factual material explicitly referenced in it"); *In re Steinhardt Partners, L.P.*, 9 F.3d 230, 236 (2d Cir. 1993) ("voluntary submission of the memorandum to the Enforcement Division waived the protections of the work product doctrine"). Accordingly, those documents must also be produced.

In addition, for the avoidance of doubt, we ask that you produce documents that reflect historical periodic financial results for the Debtor entities, whether or not you consider such documents to comprise the "historical custodial ESI documents" you have agreed to produce. The Debtors' existing periodic financial records do not constitute work product under any analysis.

Discovery is underway and the mediation is fast approaching. Fairness demands that we have access to the same documents that the Debtors have willingly provided to other parties in this action, so that we can prepare for and engage in discovery and settlement negotiations based on the same information available to those parties. *See Hickman v. Taylor*, 329 U.S. 495, 507 (1947) ("[m]utual knowledge of all the relevant facts gathered by both parties is essential to

---

[2] *See, e.g.*, DS Ex. 2, 7; MS Ex. 2, 7, 25.

# JOSEPH HAGE AARONSON LLC

September 26, 2020
Page 3

proper litigation. To that end, either party may compel the other party to disgorge whatever facts he has in his possession … thus reducing the possibility of surprise.").

Sincerely,

*/s/ Mara Leventhal*
Mara Leventhal

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION -
TREAT SUBJECT TO PROTECTIVE ORDER

# EXHIBIT 43

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION -
TREAT SUBJECT TO PROTECTIVE ORDER

**In the Matter Of:**

*Purdue Pharma Bankruptcy*

---

*DAVID SACKLER*

*August 28, 2020*

---



UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION -
TREAT SUBJECT TO PROTECTIVE ORDER
19-23649-rdd    Doc 2161-4    Filed 12/18/20    Entered 12/18/20 18:15:36    Exhibits
38-47    Pg 101 of 168

Highly Confidential     David Sackler - August 28, 2020

66

```
1    D. SACKLER - HIGHLY CONFIDENTIAL

2     that you're producing are not our

3     documents and we can't consent to

4     those.  But perhaps otherwise already

5     have.

6          MS. BENTLEY:  From what I've

7     seen, the documents that have come on

8     the screen have already been produced

9     to us in -- from other sources.  I

10    haven't seen anything that's brand

11    new.

12         That being said, we anticipate

13    resolving the Protective Order issue

14    soon.

15         MR. JOSEPH:  That's right.  We

16    have no objection, Alicia.  We're

17    perfectly fine with this.  I just want

18    to make it clear.  We're consenting as

19    to you on these conditions.  We're not

20    relieving anybody else of any

21    Protective Order obligations, but

22    please continue, Mitch, I don't want

23    to slow it down.

24         And Alicia, I appreciate you

25    speaking up.
```

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION -
TREAT SUBJECT TO PROTECTIVE ORDER
19-23649-rdd   Doc 2161-4   Filed 12/18/20   Entered 12/18/20 18:15:36   Exhibits
38-47   Pg 102 of 168

Highly Confidential     David Sackler - August 28, 2020

86

```
 1      D. SACKLER - HIGHLY CONFIDENTIAL

 2   regarding whether distributions made by

 3   Purdue might constitute fraudulent

 4   conveyances?

 5           MR. JOSEPH:  I'm going to object

 6       if you're seeking privileged

 7       information.  I don't know how that

 8       could not be seeking privileged

 9       information.

10           MR. HURLEY:  So you're

11       instructing him --

12           MR. JOSEPH:  I'll direct you not

13       to answer the question.

14   BY MR. HURLEY:

15       Q.    Coming back to the MNP board, you

16   said you do remember the MNP board would

17   make recommendations from time to time to

18   the IAC boards, right?

19       A.    Yeah.

20       Q.    During your time on the MNP

21   board, can you think of any recommendations

22   that MNP made that were not accepted?

23       A.    I don't recall.

24       Q.    Do you know if there were any

25   recommendations sitting here today that MNP
```

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION -
TREAT SUBJECT TO PROTECTIVE ORDER

87

```
 1        D. SACKLER - HIGHLY CONFIDENTIAL
 2    made that were not followed?
 3        A.    Well, if I don't recall, then
 4    your second question is kind of moot,
 5    right.  I don't recall.
 6        Q.    You don't remember any such event
 7    where MNP made a recommendation and it
 8    wasn't followed, right?
 9        A.    For the third time, I don't
10    remember.
11        Q.    Okay.
12              I'm going to turn now to a page
13    from the sources and uses presentation made
14    by Side B.
15              MR. HURLEY:  Mr. Torres, this is
16         Document No. 7 and it is marked
17         "Professionals' Eyes Only Highly
18         Confidential."
19              (DS Exhibit 6, "Raymond Side Cash
20         and Non-Cash Activity Summary, January
21         2008 to March 2020," dated 8/13/20,
22         remotely introduced and provided
23         electronically to the reporter.)
24    BY MR. HURLEY:
25        Q.    I'm going to direct you to --
```

PUBLICLY FILED PER STIPULATION [ECF 2140]

156

```
 1       D. SACKLER - HIGHLY CONFIDENTIAL

 2    roles.  That was why he was there.

 3       Q.    Okay.

 4             So a moment ago you weren't sure,

 5    you couldn't name any of those executive

 6    titles, right?  Can you now?

 7       A.    No.

 8       Q.    Okay.

 9             So I guess, I don't understand

10    how you could know what his role was in

11    performing executive roles that you don't,

12    where you can't even name the title?  Can

13    you explain that to me?

14       A.    I'm trying to tell you my opinion

15    of what Stuart did was act as counsel to

16    various companies, to the family, to

17    various entities.

18       Q.    Right.  But it sounds like you

19    must not have had any interaction with him

20    in his executive capacities because you

21    weren't aware of any of the titles, for

22    instance, that he held, is that fair?

23             MR. JOSEPH:  Objection.

24             You may answer.

25       A.    I think that's fair.
```

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION
TREAT SUBJECT TO PROTECTIVE ORDER

157

```
1        D. SACKLER - HIGHLY CONFIDENTIAL

2        Q.    And you mentioned Mr. Baker also

3    is a lawyer.  Do you know what his practice

4    is?

5        A.    I'm not sure I follow.  Can you

6    rephrase your question?  What do you mean

7    by "practice"?

8        Q.    Do you know what kind of lawyer

9    he is?

10       A.    He's a corporate lawyer.

11       Q.    Okay.

12             Any more detail than that about

13   his practice?

14       A.    No.  He's a partner at Norton

15   Rose Fulbright, before that Chadbourne &

16   Parke for many, many years.  He's a lawyer.

17       Q.    And you mentioned he

18   represented -- I don't know if you

19   mentioned this or not --but you understand

20   he represented Purdue in the past, right?

21       A.    Yeah, I believe so.

22       Q.    He doesn't represent Purdue

23   anymore, isn't that right?

24       A.    I don't know what his current

25   list of engagements are.
```

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION
TREAT SUBJECT TO PROTECTIVE ORDER

Highly Confidential      David Sackler - August 28, 2020

190

1       D. SACKLER - HIGHLY CONFIDENTIAL

2    Purdue or other family-owned companies?

3       A.    No.

4       Q.    So I want to direct you to an

5    e-mail sent at 1:32 p.m. in this chain from

6    Stuart Baker to Dr. Richard Sackler, your

7    father.

8       A.    Uh-huh.

9       Q.    And he writes, Stuart does,

10   "Richard, I think it is a mistake for David

11   to be joining the boards of directors at

12   this time.  However, the least sensitive

13   ones he can join are MNP Consulting and

14   Napp Pharmaceuticals Holdings Limited.

15   Stuart."

16          Do you see that?

17      A.    Uh-huh.

18      Q.    You have to say yes or no.

19      A.    Oh, I'm sorry.  Yes.

20      Q.    Did anyone ever advise you that

21   there were boards -- let me withdraw that

22   question, actually.

23          I want to refer you to the e-mail

24   at 6:42 p.m., also from Stuart Baker to

25   your father, and he writes, "Richard, all

PUBLICLY FILED PER STIPULATION [ECF 2140]

Highly Confidential      David Sackler - August 28, 2020

                                                          211

```
 1        D. SACKLER - HIGHLY CONFIDENTIAL
 2        A.    That would come through our
 3   lawyers who would have --
 4             MR. JOSEPH:  If you know.  If you
 5        know.
 6        A.    But I don't know if it's gotten
 7   to a formal subpoena process.  I don't know
 8   that.  I can tell you with the DOJ, I mean,
 9   we've done our utmost, as we have
10   throughout this process, to be as open as
11   we possibly can be and as communicative as
12   we can be.  So I don't know if it's gotten
13   to a formal subpoena process, but the goal
14   is not to -- the goal is to hopefully not
15   get there.
16        Q.    You're describing your counsel's
17   interactions with the DOJ right now?
18        A.    No.  It's my own attitude towards
19   these cases.
20        Q.    What is your direct contact with
21   the DOJ been in connection with the
22   investigation?
23        A.    None.
24        Q.    So how would you know what the
25   attitude towards the DOJ investigation has
```

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION
TREAT SUBJECT TO PROTECTIVE ORDER

Highly Confidential      David Sackler - August 28, 2020

212

```
 1        D. SACKLER - HIGHLY CONFIDENTIAL
 2   been other than through communications with
 3   your counsel?
 4            MR. JOSEPH:  Objection.
 5        Mischaracterizes.  Please answer his
 6        attitude.
 7        A.    I'm not telling you that
 8   whatsoever.  I'm just telling you how I
 9   feel about these cases.
10        Q.    So you actually don't know
11   whether that's actually been the way that
12   your family has dealt with the DOJ
13   investigation.  That's how you think they
14   should have, but you don't know?
15        A.    Well, yeah, I guess if you want
16   to twist my words that way, I guess
17   technically speaking that's true.
18        Q.    You're saying that you haven't
19   had any contact with the DOJ, but if I'm
20   mistaken, correct me.
21        A.    I have not had any personal
22   communications with the DOJ.
23        Q.    Okay.
24            And you've refused to relay any
25   communications with your counsel with
```

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION -
TREAT SUBJECT TO PROTECTIVE ORDER

Highly Confidential      David Sackler - August 28, 2020

213

1      D. SACKLER - HIGHLY CONFIDENTIAL

2    respect to the DOJ investigation, right?

3          MR. JOSEPH:  Correct.  He's

4        instructed not to answer those

5        communications.

6          MR. HURLEY:  Okay, so that is

7        what it is.

8    BY MR. HURLEY:

9      Q.    So what claims against the

10   Sacklers are the DOJ investigating?

11     A.    Anything I would have learned

12   about DOJ claims --

13         MR. JOSEPH:  I instruct you not

14       to answer if it comes from counsel.

15   BY MR. HURLEY:

16     Q.    You don't know anything about the

17   claims that the DOJ is looking into other

18   than what you learned from counsel, is that

19   right?

20     A.    Mr. Hurley, I've just been

21   instructed not to answer.  And yes, that is

22   right.  You are just established that I

23   haven't talked to the DOJ and you just

24   derided me for it, so...

25     Q.    You mentioned --

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION -
TREAT SUBJECT TO PROTECTIVE ORDER

Highly Confidential      David Sackler - August 28, 2020

214

1        D. SACKLER - HIGHLY CONFIDENTIAL

2        A.    Excuse me, I'm not finished.  So

3    clearly --

4        Q.    Please finish.

5        A.    -- you know, because you just

6    established it, but our counsel has

7    interacted with DOJ, and therefore, in your

8    own line of questioning, I would have

9    learned anything about the DOJ through

10   counsel.  So please, you know -- I know

11   there are people waiting behind you and I

12   don't want to deprive them of their time.

13       Q.    Sir, are you aware that DOJ

14   submitted a proof of claim on the public

15   docket in this case, sir?

16       A.    Yes, against Purdue.

17       Q.    Okay.

18             Did you review that document?

19       A.    I did.

20       Q.    Okay.

21             So you have some information

22   about the investigation that didn't come

23   from direct contact with the DOJ or your

24   counsel, right?

25       A.    Yes, only through that proof of

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION
TREAT SUBJECT TO PROTECTIVE ORDER
Highly Confidential      David Sackler - August 28, 2020

215

```
1        D. SACKLER - HIGHLY CONFIDENTIAL

2    claim.

3        Q.    Okay.  That's the only thing that

4    you can think of where you got information

5    about the investigation that wasn't from

6    your counsel.  Any other source?

7        A.    No.

8        Q.    Has any --

9        A.    No, no, I want to clarify that.

10            Other sources would have been

11   present in a legally privileged setting.

12   So, you know, and that would have been

13   early on in any investigation, but still

14   through lawyers.

15       Q.    Okay.

16            What other sources?  Just the

17   identity.

18       A.    Other lawyers at other firms who

19   were dealing with DOJ on behalf of Purdue

20   may have relayed information to us and no

21   longer represent the family, but that would

22   have ended a while ago and it still, I

23   believe, they would have been as the equity

24   holders of Purdue representing us as our

25   lawyers.
```

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION - TREAT SUBJECT TO PROTECTIVE ORDER

Highly Confidential     David Sackler - August 28, 2020

216

1    D. SACKLER - HIGHLY CONFIDENTIAL

2        Q.    The firms you're referring to, do

3    they include Debevoise & Plimpton?

4        A.    Debevoise represents the family.

5        Q.    Is that one of the firms you were

6    referring to when you said other lawyers

7    could have been in the room?

8        A.    Yes, Debevoise absolutely could.

9        Q.    What about Davis Polk & Wardwell?

10        A.    They may have been present for

11    meetings, yeah.

12        Q.    Do you have a recollection that

13    they were or you're just saying it's

14    possible?

15        A.    I don't know.  I mean, we've had

16    a lot of meetings with lawyers over a long

17    period of time now.  So I can't tell you

18    what was discussed when and what firm was

19    there or not there.

20        Q.    And have your representatives or

21    any member of the family made any

22    presentations to the DOJ in connection with

23    their investigation?

24        A.    Any presentations would have been

25    made by our attorneys.  So I will -- I

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION
TREAT SUBJECT TO PROTECTIVE ORDER

Highly Confidential      David Sackler - August 28, 2020

217

```
1        D. SACKLER - HIGHLY CONFIDENTIAL
2    believe I shouldn't be answering this.
3            MR. JOSEPH:  If you only know
4        whether presentations were made from
5        Paul Weiss?
6            THE WITNESS:  Yes, that's the
7        only way.
8            MR. JOSEPH:  Then I instruct you
9        not to answer.
10           MR. HURLEY:  The fact of whether
11       Paul Weiss made a presentation to the
12       DOJ you're claiming is privileged?
13           MR. JOSEPH:  Yes, because you can
14       eliminate privilege by going down the
15       road of asking a series of questions.
16       He only knows whether or not that
17       occurred through advice of counsel.
18           MR. HURLEY:  Yeah, that's a fact.
19       Facts aren't privilege just because
20       your lawyer repeats them.  I guess you
21       know because you spent years on the
22       Evidence Committee.  If you're going
23       to stand on that instruction, you'll
24       do what you do, I guess, but I think
25       it's manifestly improper.
```

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION
TREAT SUBJECT TO PROTECTIVE ORDER

```
1        D. SACKLER - HIGHLY CONFIDENTIAL
2               So are you standing on the
3        instruction, he's not allowed to
4        answer that question?
5               MR. JOSEPH:  I've already
6        instructed him not to answer.
7        A.     And so on advice of my lawyer, I
8   believe it's privileged and I'm not going
9   to answer.
10       Q.     Have any terms been offered to
11  settle the DOJ's claim against the Sacklers
12  either by the Sacklers or by the DOJ?
13       A.     Again --
14       Q.     That's just a yes or no.
15       A.     All of this I would only know
16  from my counsel --
17              MR. JOSEPH:  And I instruct you
18       not to answer.
19       A.     Whether or not it's yes or no or
20  requires a Ph.D. dissertation, the advice
21  of my counsel is going to remain the same.
22              MR. HURLEY:  Let's have the
23       question read back.
24              (The requested portion was read
25       back by the Court Reporter.)
```

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION -
TREAT SUBJECT TO PROTECTIVE ORDER
19-23649-rdd    Doc 2161-4    Filed 12/18/20    Entered 12/18/20 18:15:36    Exhibits
38-47    Pg 115 of 168

Highly Confidential        David Sackler - August 28, 2020

219

```
 1        D. SACKLER - HIGHLY CONFIDENTIAL
 2              MR. JOSEPH:  I will instruct you
 3         not to answer if your only information
 4         about that comes through advice of
 5         counsel.
 6         A.    As that is the case, I decline to
 7    answer.
 8         Q.    Has the family coordinated in any
 9    way with the Debtors in connection with the
10    DOJ investigation?
11         A.    Again, anything about --
12         Q.    Sir, would you please let your
13    counsel instruct you.  It is not up to you
14    to give legal opinions about whether
15    something is a question you're entitled to
16    answer.  That is what your lawyer is here
17    for.
18              MR. HURLEY:  I will ask you,
19         please, Mr. Joseph, if you think I'm
20         asking for a question that calls for
21         legal advice or that's privileged, I
22         would ask you to please give an
23         instruction.  Otherwise -- I would
24         otherwise ask that you have the
25         witness answer.
```

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION
TREAT SUBJECT TO PROTECTIVE ORDER

Highly Confidential    David Sackler - August 28, 2020

220

```
 1        D. SACKLER - HIGHLY CONFIDENTIAL
 2             MR. JOSEPH:  I need the factual
 3        predicate which he was going to give,
 4        because if he knows it from some other
 5        source, then it's not privileged.  The
 6        question is whether he knows the
 7        answer, which is what he was
 8        attempting to answer when you cut him
 9        off, as you have a penchant to do.
10             Do you have information to answer
11        that question other than through
12        advice of counsel?
13             THE WITNESS:  No.
14             MR. JOSEPH:  Then you're
15        instructed not to answer.
16   BY MR. HURLEY:
17        Q.   Has any member of your family
18   testified before a grand jury in connection
19   with the investigation?
20             MR. JOSEPH:  You can answer that
21        question.
22        A.   No.
23        Q.   Has anyone been called to testify
24   before a grand jury in connection with the
25   investigation?
```

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION - TREAT SUBJECT TO PROTECTIVE ORDER

Highly Confidential      David Sackler - August 28, 2020

221

```
 1      D. SACKLER - HIGHLY CONFIDENTIAL

 2              MR. JOSEPH:  You can answer that

 3      question.

 4      A.     No.

 5      Q.     Have any personnel of entities

 6    owned or controlled by the family been

 7    asked to testify before a grand jury in

 8    connection with the investigation?

 9              MR. JOSEPH:  You can answer that.

10    A.     Not to my knowledge.

11              MR. HURLEY:  And I just -- you

12        know, I think this is really important

13        for a lot of reasons so I'm going to

14        come back to it one more time,

15        Mr. Joseph, and I really hope you will

16        reconsider the instruction, but I ask

17        this time that you let Mr. Joseph

18        handle the instruction.

19              MR. JOSEPH:  Rather than do it

20        again now, I'm willing to consult with

21        counsel who represents him in that

22        proceeding at the next break and we'll

23        tell you -- because I understand the

24        questions that you've asked -- and

25        determine whether or not those are
```

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION -
TREAT SUBJECT TO PROTECTIVE ORDER

Highly Confidential      David Sackler - August 28, 2020

222

1    D. SACKLER - HIGHLY CONFIDENTIAL

2    answerable.

3         MR. HURLEY:  I mean, the

4    existence of an agreement with the

5    DOJ, whether he learned of it from his

6    counsel or not, that is not

7    privileged, and everyone on this call

8    that went to law school knows that.

9    If you need to consult with somebody,

10   that's okay, but I think it's quite

11   obvious that that is not privileged.

12        MR. JOSEPH:  We have until 5:30.

13   You can keep saying the same thing,

14   but you're not getting answers from a

15   witness.

16        As I said, I'll consult with

17   counsel who is involved in that matter

18   at the next break and we'll see

19   whether we reconsider.  But I don't

20   think you and I talking to each other

21   is a fruitful use of this afternoon.

22        MR. HURLEY:  Let's take a break.

23        MR. JOSEPH:  Okay.

24        THE VIDEOGRAPHER:  The time is

25   1:32.  We're going off the record.

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION -
TREAT SUBJECT TO PROTECTIVE ORDER

Highly Confidential     David Sackler - August 28, 2020

223

```
1        D. SACKLER - HIGHLY CONFIDENTIAL
2              (Recess taken from 1:32 p.m. to
3         1:44 p.m.)
4              THE VIDEOGRAPHER:  The time is
5         1:44 and we are back on the record.
6              MR. JOSEPH:  Thank you for that
7         break.
8              Based on information obtained, he
9         can testify as to his knowledge as to
10        whether there is any agreement with
11        DOJ.
12             MR. HURLEY:  Okay.
13   BY MR. HURLEY:
14        Q.    So, Mr. Sackler, to your
15   knowledge, is there any agreement between
16   your family and the DOJ in connection with
17   their investigation?
18        A.    There is a Tolling Agreement that
19   I signed.
20        Q.    Okay.
21             And what's the purpose of the
22   agreement?
23        A.    Whatever a Tolling Agreement
24   normally does.  As you've pointed out, I'm
25   not a lawyer, so sorry, I can't tell you
```

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION
TREAT SUBJECT TO PROTECTIVE ORDER
Highly Confidential       David Sackler - August 28, 2020

224

1     D. SACKLER - HIGHLY CONFIDENTIAL

2   specifically what it does.  It extends the

3   DOJ's window, as I understand it, to look

4   at and to investigate without fear of the

5   statute of limitations on anything

6   expiring.

7        Q.    And to your knowledge, again, I

8   understand you're not a lawyer -- actually,

9   back up.

10          You've actually signed this

11   document, is that right?

12        A.    Yes, I have.

13        Q.    Okay.

14          And so you reviewed it before you

15   signed it, I assume?

16        A.    Yes.

17        Q.    And to your knowledge, does the

18   document contain any substantive provisions

19   other than preventing the statute of

20   limitations from running for the agreed

21   period of time?

22        A.    I don't believe so, no.

23        Q.    Okay.

24          MR. HURLEY:  So let's go off the

25      record.

PUBLICLY FILED PER STIPULATION [ECF 2140]

225

```
1        D. SACKLER - HIGHLY CONFIDENTIAL

2               THE VIDEOGRAPHER:  The time is

3        1:45.  We're going off the record.

4               (Recess taken from 1:45 p.m. to

5        1:46 p.m.)

6               THE VIDEOGRAPHER:  The time is

7        1:46 and we are back on the record.

8               MR. JOSEPH:  He can also testify

9        as to whether presentations were made.

10  BY MR. HURLEY:

11       Q.    Okay.  Mr. Sackler, were

12  presentations made to the DOJ about the

13  family or its representatives in connection

14  with the investigation?

15       A.    By its representatives?

16       Q.    By its representatives.

17       A.    Yes, yes.  I'm sorry, the answer

18  is yes, by its representatives.

19       Q.    On more than one occasion?

20       A.    Yes.

21       Q.    How many?

22       A.    I don't know exactly, but

23  approximately four.

24       Q.    And when was the first set of

25  presentations?
```

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION
TREAT SUBJECT TO PROTECTIVE ORDER

Highly Confidential    David Sackler - August 28, 2020

226

1        D. SACKLER - HIGHLY CONFIDENTIAL

2        A.    I don't know.

3        Q.    Do you know approximately?

4        A.    No.

5        Q.    And when was the last such

6    presentation?

7        A.    I don't know either.

8        Q.    Was it in the last month?

9        A.    I'm not sure.  Somewhere around

10   that time period is probably right.

11       Q.    And were you present for any of

12   those presentations?

13       A.    No.

14       Q.    Who was present at those

15   presentations, to your knowledge?

16       A.    I don't know.  Just lawyers.

17       Q.    Lawyers for the DOJ and lawyers

18   for the Sacklers?

19       A.    As I understand it, yes.

20       Q.    Were there also lawyers for

21   Purdue present, to your knowledge?

22       A.    I don't know.

23       Q.    Lawyers for any parties other

24   than the Sacklers and the DOJ, to your

25   knowledge, present at those presentations?

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION
19-23649-rdd Doc 2161-4 Filed 12/18/20 Entered 12/18/20 18:15:36 Exhibits
TREAT SUBJECT TO PROTECTIVE ORDER
3847-7 Pg 123 of 168

Highly Confidential     David Sackler - August 28, 2020

227

```
 1        D. SACKLER - HIGHLY CONFIDENTIAL

 2        A.    I don't know.

 3        Q.    Were written materials submitted

 4   to the DOJ by your counsel in connection

 5   with the investigation?

 6        A.    I believe the presentations were

 7   left behind, but I don't know that to a

 8   certainty.

 9        Q.    PowerPoint presentations?

10        A.    Yeah -- well, I don't know what

11   format they were in, but...

12        Q.    But like slide decks being

13   presented in the DOJ, that sort of thing?

14        A.    Possibly.  You know, we're

15   testing the limits of what I actually know.

16   They were made presentations.  That's what

17   I know.  They included slides, I know that.

18   Whether they were left behind or not -- I

19   think they were, but I don't know.

20        Q.    And what was the general subject

21   matter of the presentation?

22        A.    That, the subject matter of them,

23   you know, I learned totally from counsel,

24   so I'll wait for Mr. Joseph's instruction

25   on that.
```

228

```
 1      D. SACKLER - HIGHLY CONFIDENTIAL

 2            MR. JOSEPH:  That is privileged

 3        information that he's got.  The

 4        substance of those investigations.

 5        And, you know, also with respect to

 6        other terms that have been offered,

 7        it's highly confidential, we'll seek a

 8        Protective Order on that information,

 9        even apart from --

10            MR. HURLEY:  Just so the record

11        is clear, I'll just ask that question

12        again.

13   BY MR. HURLEY:

14      Q.    Have the Sacklers -- I'm sorry.

15            Have any terms been offered to

16   settle the DOJ's claims against the

17   Sacklers?

18            MR. JOSEPH:  That I'm going to

19        instruct him not to answer.

20      A.    Then I decline to answer.

21            MR. JOSEPH:  You had also

22        asked -- I don't want to cut off where

23        you are -- but you also asked about

24        the fact of whether there was any

25        coordination with Purdue at any time,
```

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION -
TREAT SUBJECT TO PROTECTIVE ORDER

Highly Confidential      David Sackler - August 28, 2020

229

```
 1        D. SACKLER - HIGHLY CONFIDENTIAL

 2          and he can answer that.

 3   BY MR. HURLEY:

 4        Q.    Okay.  Was there coordination

 5   between the Sackler Family and Purdue in

 6   connection with the investigations?

 7        A.    Yes.

 8        Q.    Can you describe the coordination

 9   generally?

10        A.    Generally I believe it's sharing

11   of documents and work product between

12   lawyers.

13        Q.    And do you know what law firms

14   represent Purdue in connection with the DOJ

15   investigation?

16        A.    I believe Skadden Arps does.

17        Q.    And so Skadden has been a party

18   to that coordination?

19        A.    I don't know the details of that

20   coordination, so I can't answer.

21        Q.    Do you know whether Davis Polk &

22   Wardwell has been part of that

23   coordination?

24        A.    Again, the same thing.  I'm not

25   entirely clear exactly how the coordination
```

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION
TREAT SUBJECT TO PROTECTIVE ORDER

230

```
1        D. SACKLER - HIGHLY CONFIDENTIAL

2    has progressed over time when, before the

3    bankruptcy proceeding there were meetings

4    with, you know, family lawyers and Skadden

5    and Davis Polk, that I am sure of.

6             MR. JOSEPH:  I think that covers

7        the four areas, but if I'm mistaken,

8        please educate me.

9             MR. HURLEY:  Yes.  Just give me

10       one second.  I think you are right.

11   BY MR. HURLEY:

12       Q.   Do you know whether any other

13   members of your family have had direct

14   contact with the DOJ in connection with the

15   investigation, sir?

16       A.   I do not believe that any of them

17   have.

18             MR. JOSEPH:  David, you seem to

19       be talking, but you're on mute.

20             THE WITNESS:  I got muted again?

21             MR. JOSEPH:  No, not you,

22       David Nachman -- oh, maybe he doesn't

23       want to be seen.

24   BY MR. HURLEY:

25       Q.   What is your understanding of
```

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION
TREAT SUBJECT TO PROTECTIVE ORDER

Highly Confidential     David Sackler - August 28, 2020

231

1     D. SACKLER - HIGHLY CONFIDENTIAL

2     what the DOJ is investigating with respect

3     to your family?

4         A.    I mean --

5             MR. JOSEPH:  Again, I'm going to

6         instruct him not to answer that.

7             MR. HURLEY:  And that's an

8         instruction based on attorney-client

9         privilege.

10            MR. JOSEPH:  And on the fact that

11        we're going to seek a Protective Order

12        on that information, which of course

13        you know is appropriate under Rule 30.

14            MR. HURLEY:  Well, I know that

15        you can seek a Protective Order under

16        Rule 30.  I wouldn't say I agree with

17        it.

18            MR. JOSEPH:  The rule says you

19        can instruct not to answer so that you

20        can present a motion to limit

21        testimony.  Rule 30(d), if you want to

22        take a look at it.

23            MR. HURLEY:  Okay.  And just so

24        I'm clear, what's the basis for that

25        motion for a Protective Order?

PUBLICLY FILED PER STIPULATION [ECF 2140]

232

1    D. SACKLER - HIGHLY CONFIDENTIAL

2           MR. JOSEPH:  I believe we've

3    already had correspondence going back

4    and forth on this issue.

5           MR. HURLEY:  Not with respect to

6    the questions I'm asking right now.

7           MR. JOSEPH:  With respect to -- I

8    don't intend to spend the witness'

9    time debating.  I've given the

10   instruction.  It's my burden now that

11   we file the motion and we will do

12   that.

13          MR. HURLEY:  Yeah, I would ask

14   that you identify the basis for why

15   you're refusing to let him answer --

16   one -- let me just finish, please -- I

17   understand one basis, at least of the

18   attorney-client privilege.  Is there

19   any other?

20          MR. JOSEPH:  We're seeking a

21   Protective Order under Rule 26(c),

22   among other reasons as we've

23   identified.  You're attempting to

24   interfere with confidential

25   negotiations between a governmental

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION
TREAT SUBJECT TO PROTECTIVE ORDER

Highly Confidential     David Sackler - August 28, 2020

379

```
 1      D. SACKLER - HIGHLY CONFIDENTIAL
 2             MR. HURLEY:  That e-mail is a
 3        part of 13, but I can't tell if -- in
 4        13 it's lower down in the document.
 5        There we go.  Yeah, I think it is 13.
 6             MR. JOSEPH:  But this is where 13
 7        actually starts?
 8             MR. HURLEY:  Correct.
 9             MR. JOSEPH:  Okay.
10   BY MR. HURLEY:
11        Q.    Okay.
12             So, Mr. Sackler, I wanted to
13   refer you to your e-mail at 5:35 p.m.
14   Again, this is the May 17th string that we
15   looked at before.  But if you go down to
16   the 5:35 p.m. e-mail for me, please, and
17   let me know when you're there.
18        A.    5:35.  Sorry, just a second.  I
19   see 12:23 all the way at the top.
20        Q.    It's the third e-mail down from
21   the top.
22        A.    Third e-mail down, I see it.  I
23   see it.
24        Q.    Got it.
25        A.    Yeah, okay.
```

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION
TREAT SUBJECT TO PROTECTIVE ORDER

Highly Confidential    David Sackler - August 28, 2020

380

1    D. SACKLER - HIGHLY CONFIDENTIAL

2        Q.    Okay.

3            So second paragraph of 5:35 p.m.

4    e-mail, you write, "My thought is to" --

5    actually, sorry.  Let me start by directing

6    you to the last e-mail in the chain,

7    meaning the one that is farthest down the

8    page at 12:23 p.m. from you to Jonathan and

9    others.  It says "Guys," let me know when

10   you're there.

11       A.    I'm there.

12       Q.    The first sentence says, "I think

13   it makes sense to talk with a bank about

14   getting some leverage for their portfolio."

15           Do you see that?

16       A.    Yes.

17       Q.    Okay.

18           Now I'd like you to go back up to

19   the 5:35 p.m. e-mail we were looking at a

20   moment ago, please.  Let me know when

21   you're there.

22       A.    Right.

23       Q.    Okay.

24           And in the second paragraph you

25   write, "My thought is to lever up where we

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION -
TREAT SUBJECT TO PROTECTIVE ORDER

Highly Confidential    David Sackler - August 28, 2020

405

```
 1

 2                C E R T I F I C A T E

 3    STATE OF NEW YORK      )

 4                               : ss.

 5    COUNTY OF NEW YORK    )

 6

 7           I, Joan Ferrara, a Notary Public

 8       within and for the State of New York,

 9       do hereby certify:

10           That DAVID SACKLER, the witness

11       whose deposition is hereinbefore set

12       forth, was duly sworn by me and that

13       such deposition was taken remotely and

14       is a true record of the testimony given

15       by the witness.

16           I further certify that I am not

17       related to any of the parties to this

18       action by blood or marriage, and that I

19       am in no way interested in the outcome

20       of this matter.

21           IN WITNESS WHEREOF, I have

22       hereunto set my hand this 30th day of

23       August 2020.

24       _____

25                Joan Ferrara
```

PUBLICLY FILED PER STIPULATION [ECF 2140]

# EXHIBIT 44

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION - TREAT SUBJECT TO PROTECTIVE ORDER

**In the Matter Of:**

*Purdue Pharma Bankruptcy*

---

*MARIANNA SACKLER*

*September 02, 2020*

---



```
                                                              4
 1

 2    REMOTE APPEARANCES: (Continued)

 3    Financial Advisor to the Official Committee:

 4    PROVINCE FIRM

 5            MICHAEL ATKINSON

 6

 7    Counsel to the Ad Hoc Group of Creditors:

 8    KRAMER LEVIN

 9            ELISE FUNKE

10            RACHAEL RINGER

11            SETH SCHINFELD

12

13    Counsel to the Ad Hoc Group of Non-Consenting

14    States:

15    PILLSBURY WINTHROP SHAW PITTMAN

16            ANDREW M. TROOP

17            JASON SHARP

18

19    Counsel for The United States of America via

20    Department of Justice:

21            ALICIA BENTLEY

22            BERT MAYER

23

24                    (Continued)

25
```

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION -
TREAT SUBJECT TO PROTECTIVE ORDER

Highly Confidential Marianna Sackler - September 02, 2020

302

1      M. SACKLER - HIGHLY CONFIDENTIAL

2    collected made available to Purdue Pharma?

3          A.     I don't know.

4          Q.     Did Mundipharma Italy or Purdue

5    or any of their respective affiliates

6    maintain a library or other collection of

7    materials of the kind you're describing?

8                MS. LEVENTHAL:   Objection.

9          A.     I don't know.

10         Q.     Did Mundipharma Italy maintain an

11   index or list or anything like that of the

12   kinds of materials that you collected?

13         A.     I don't remember.

14         Q.     Your family is currently under

15   investigation by the United States

16   Department of Justice, right?

17         A.     I don't know.

18         Q.     Have you had any contact with the

19   United States Department of Justice or any

20   of its representatives?

21         A.     Not in my experience, no.

22         Q.     Has any member of your family

23   been interviewed by the Department of

24   Justice?

25         A.     I don't know.

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION
TREAT SUBJECT TO PROTECTIVE ORDER

Highly Confidential Marianna Sackler - September 02, 2020

310

1

2                  C E R T I F I C A T E

3    STATE OF NEW YORK      )

4                           : ss.

5    COUNTY OF NEW YORK     )

6

7            I, Joan Ferrara, a Notary Public

8        within and for the State of New York,

9        do hereby certify:

10           That MARIANNA SACKLER, the

11       witness whose deposition is

12       hereinbefore set forth, was duly sworn

13       by me and that such deposition was

14       taken remotely and is a true record of

15       the testimony given by the witness.

16           I further certify that I am not

17       related to any of the parties to this

18       action by blood or marriage, and that I

19       am in no way interested in the outcome

20       of this matter.

21           IN WITNESS WHEREOF, I have

22       hereunto set my hand this 3rd day of

23       September 2020.

24       _____

25                  Joan Ferrara

PUBLICLY FILED PER STIPULATION [ECF 2140]

# EXHIBIT 45

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION -
TREAT SUBJECT TO PROTECTIVE ORDER

**In the Matter Of:**

*Purdue Pharma Bankruptcy*

*STEPHEN IVES*

*September 22, 2020*



5

```
 1

 2     REMOTE APPEARANCES: (Continued)

 3

 4     Counsel for The United States of America via

 5     Department of Justice:

 6              ALICIA BENTLEY

 7

 8     Counsel for PJT Partners LP:

 9     SIMPSON THACHER & BARTLETT, LLP

10              SHANNON McGOVERN

11

12     Counsel to the Mortimer Side Covered Parties

13     and the Witness:

14     DEBEVOISE & PLIMPTON LLP:

15              MAURA MONAGHAN

16              JACOB STAHL

17              JOSHUA ROBERTS

18              JASMINE BALL

19              HAROLD WILLIFORD

20              MICHAEL McGREGOR

21

22     Counsel to the Stipulating IACs:

23     ROYER COOPER COHEN BRAUNFELD, LLC

24              MARC SKAPOF

25                        (Continued)
```

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION
TREAT SUBJECT TO PROTECTIVE ORDER
Highly Confidential    Stephen Ives - September 22, 2020

31

1        S. IVES - HIGHLY CONFIDENTIAL

2    that?

3        A.    No.

4        Q.    During your 2018 deposition, you

5    said that you sat for an interview with DOJ

6    lawyers.  Did you also have like a less

7    formal interview with DOJ lawyers in

8    addition to the deposition and the grand

9    jury testimony?

10       A.    Well, no.  The interview, I

11   thought that was -- I thought that was the

12   deposition you're referring to.  So I'm

13   sorry, I met with them twice.  One was the

14   interview and then one was the grand jury

15   testimony.

16       Q.    At the interview, was there a

17   stenographer there taking down everything

18   that you said?

19       A.    I don't recall.

20       Q.    Have you ever seen a transcript

21   of that interview?

22       A.    No.

23       Q.    The Sacklers are themselves

24   currently under investigation by the DOJ,

25   right?

PUBLICLY FILED PER STIPULATION [ECF 2140]

Highly Confidential    Stephen Ives - September 22, 2020

                                                                    32

1        S. IVES - HIGHLY CONFIDENTIAL

2        A.    I understand that, yes.

3        Q.    And Purdue is also under

4    investigation currently by the DOJ,

5    correct?

6        A.    That's my understanding.

7        Q.    What is the DOJ investigating

8    with respect to the Sacklers?

9        A.    I don't know.

10       Q.    What about with respect to

11   Purdue?

12       A.    I don't know.

13       Q.    Have you had any involvement in

14   connection with the current DOJ

15   investigation?

16       A.    I've been asked to provide

17   accounting records to the DOJ.

18       Q.    How was that request made to you?

19       A.    I believe my attorneys advised on

20   what the DOJ had requested.

21       Q.    And when, approximately, did they

22   advise you about what the DOJ had

23   requested?

24       A.    Several months ago.

25       Q.    Have you made a production in

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION
TREAT SUBJECT TO PROTECTIVE ORDER

33

```
1         S. IVES - HIGHLY CONFIDENTIAL

2    response to that request?

3         A.    Yes, we provided, me and my staff

4    provided documents to our attorneys.

5         Q.    What's the approximate volume of

6    the documents that you provided to your

7    attorneys?

8         A.    I don't have any idea.

9         Q.    Okay.

10              What documents were you asked to

11   provide?

12        A.    I can't recall everything.  I do

13   recall balance sheets, accounting

14   records -- I would just say accounting

15   records.  I don't have an exact

16   recollection.

17        Q.    Accounting records with respect

18   to the businesses owned by the Sackler

19   Family?

20        A.    Yes, by the Raymond Sackler

21   Family.

22        Q.    Accounting records associated

23   with the trusts of which members of the

24   Raymond Sackler Family are beneficiaries?

25        A.    Yes.
```

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION
TREAT SUBJECT TO PROTECTIVE ORDER

Highly Confidential   Stephen Ives - September 22, 2020

34

```
 1        S. IVES - HIGHLY CONFIDENTIAL

 2        Q.    Anything else?

 3        A.    I don't recall the specifics.

 4        Q.    So you're not sure whether you

 5   were asked for anything else beyond the

 6   categories we just talked about?

 7        A.    I recall they requested bank

 8   statements, but I think they sent those

 9   requests directly to banks.  But I believe

10   we also, I believe we also provided copies

11   of bank statements.

12        Q.    And when you said your counsel

13   told you about these DOJ requests, which

14   counsel are you talking about?

15        A.    My recollection, it was with Alex

16   Lees primarily from Milbank.

17        Q.    Anyone else besides Mr. Lees that

18   you remember?

19        A.    No.

20        Q.    Have you been asked to provide

21   grand jury testimony in connection with the

22   current DOJ investigation?

23        A.    No.

24        Q.    Have you been interviewed by the

25   DOJ in connection with the current DOJ
```

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION
TREAT SUBJECT TO PROTECTIVE ORDER

35

1      S. IVES - HIGHLY CONFIDENTIAL

2    investigation?

3      A.    No.

4      Q.    Have you had any direct contact

5    with DOJ government lawyers in connection

6    with the current investigation?

7      A.    I had one phone call, a group

8    phone call, with I believe two

9    representatives from the DOJ, explaining or

10   discussing the process for providing the

11   documents they were requesting.

12     Q.    What did they tell you?

13     A.    I don't recall the specifics.

14     Q.    When you say it was a group phone

15   call, who was on the phone besides you and

16   the DOJ lawyers?

17     A.    I believe Alex Lees was on the

18   call and I believe Roberto Finzi from Paul

19   Weiss was on that call.

20     Q.    Anyone else?

21     A.    Not that I recall.

22     Q.    And then two DOJ lawyers?

23     A.    Yes.

24     Q.    Any non-lawyers other than

25   yourself on that call?

PUBLICLY FILED PER STIPULATION [ECF 2140]

36

```
1        S. IVES - HIGHLY CONFIDENTIAL

2        A.     Not to my knowledge.

3        Q.     And again, I'm sorry,

4   approximately when did it take place?

5        A.     Several months ago.

6        Q.     Was it your recollection that the

7   DOJ lawyers wanted to talk to you about the

8   format in which you would produce the

9   documents or the substance of the documents

10  they wanted you to produce?

11       A.     I think the substance and the

12  process and the timing.

13       Q.     How long did the call last?

14       A.     Maybe an hour.

15       Q.     What did they tell you about the

16  timing?

17       A.     I don't recall the specifics as

18  to -- I just don't recall.

19       Q.     Do you recall anything they said

20  about the timing?

21       A.     No.  I think they're asking me

22  when, you know, the amount of time it would

23  take to produce documents.  I don't

24  remember what those timeframes were.

25       Q.     You don't remember what you told
```

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION
TREAT SUBJECT TO PROTECTIVE ORDER

37

```
 1        S. IVES - HIGHLY CONFIDENTIAL
 2    them when they asked you how long it would
 3    take you to produce the documents?
 4        A.    No.
 5        Q.    But you did actually gather the
 6    documents already that they wanted and you
 7    turned them over to your counsel, is that
 8    right?
 9        A.    Yes.
10            MR. JOSEPH:  Objection to form.
11    BY MR. HURLEY:
12        Q.    You understand that the documents
13    you said you turned over to your counsel
14    are the documents that the DOJ asked you to
15    gather, is that right?
16        A.    They were the documents my
17    attorney asked for.  That's who I was
18    taking instruction from.
19        Q.    And your attorney in this
20    instance is Mr. Lees?
21        A.    Yes.
22        Q.    Did you go to college?
23        A.    I did.
24        Q.    Where did you go to college?
25        A.    University of Oklahoma.
```

PUBLICLY FILED PER STIPULATION [ECF 2140]

Highly Confidential   Stephen Ives - September 22, 2020

309

1        S. IVES - HIGHLY CONFIDENTIAL

2    We have details of all the assets.  The

3    valuations are difficult.  I -- excuse

4    me -- my personal experience with some of

5    these private equity investments or private

6    equity funds, I just do not feel

7    comfortable with assiging any values and

8    particularly in these markets.

9             So, look, we could, we have

10   access to all the financial statements and

11   could certainly do analyses of any sort.

12   Whether it would arrive, as you say, the

13   ability to meet certain obligations, I

14   would have to know the specifics of that

15   was required.

16            But that's what we have and those

17   would be my abilities and un-abilities --

18   inabilities, if you will

19        Q.   We're going to move away from

20   this topic and go on to some other things.

21            I just wanted to ask you a quick

22   follow-up on something.  You mentioned a

23   Roberto Finzi who is on this call or

24   deposition at Paul Weiss as someone who

25   represented you in connection with the DOJ

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION -
TREAT SUBJECT TO PROTECTIVE ORDER

Highly Confidential   Stephen Ives - September 22, 2020

310

1      S. IVES - HIGHLY CONFIDENTIAL

2    experience, is that correct?

3        A.    I don't -- I don't know that I

4    was represented.  I'm sorry.  We provided

5    documentation to Paul Weiss and I was on a

6    phone call with I think two DOJ

7    representatives, and I believe Alex Lees

8    was on the call, just discussing the type

9    of information and the timing of

10   information that we could provide.

11       Q.    And who did you understand Paul

12   Weiss to represent?

13       A.    I don't think I've ever asked

14   that.  I'm sorry, I don't know.

15       Q.    Okay.

16            MR. NACHMAN:  Mr. Torres, could

17       you -- could you call up what we've

18       identified as AAA.  Is not a bond

19       rating.

20            DOCUMENT TECHNICIAN:  Okay, AAA

21       coming up.  It's in the chat now.

22            (Ives Exhibit 17, E-mail, Bates

23       stamped RSF 433241, remotely

24       introduced and provided electronically

25       to the reporter.)

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION - TREAT SUBJECT TO PROTECTIVE ORDER

416

1

2                C E R T I F I C A T E

3    STATE OF NEW YORK      )

4                           : ss.

5    COUNTY OF NEW YORK     )

6

7           I, Joan Ferrara, a Notary Public

8       within and for the State of New York,

9       do hereby certify:

10          That STEPHEN IVES, the witness

11      whose deposition is hereinbefore set

12      forth, was duly sworn by me and that

13      such deposition was taken remotely and

14      is a true record of the testimony given

15      by the witness.

16          I further certify that I am not

17      related to any of the parties to this

18      action by blood or marriage, and that I

19      am in no way interested in the outcome

20      of this matter.

21          IN WITNESS WHEREOF, I have

22      hereunto set my hand this 22nd day of

23      September 2020.

24      _____

25                  Joan Ferrara

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION -
TREAT SUBJECT TO PROTECTIVE ORDER

# EXHIBIT 46

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION -
TREAT SUBJECT TO PROTECTIVE ORDER

**In the Matter Of:**

*Purdue Pharma Bankruptcy*

*ILENE SACKLER  LEFCOURT*

*September 18, 2020*



UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION

19-23649-rdd    Doc 2161-4    Filed 12/18/20    Entered 12/18/20 18:15:36    Exhibits
TREFoundation Bankruptcy   38C472DERECTIVE ORDER    Pg 152 of 168    Ilene Sackler Lefcourt
Highly Confidential    September 18, 2020

78

I. LEFCOURT - HIGHLY CONFIDENTIAL

1

2     Q.    Are you familiar with an entity

3  called MNP Consulting?

4     A.    I'm familiar with that title,

5  that word, that name.

6     Q.    What is it?

7     A.    I don't know.  I can't tell you.

8  There are so many entities and such

9  complexity that was set up by lawyers, I

10  think, or by my father, I don't know, and I

11  do not know the details of it.  I don't

12  know what the entity is.

13        MS. PORTER:  Could we please --

14     could we please introduce document No.

15     6 and mark that as IS-6.

16     (Exhibit IS-6, MNP Consulting

17     Limited, List of Directors, remotely

18     introduced and provided electronically

19     to the reporter.)

20     DOCUMENT TECHNICIAN:  Okay.  It's

21     in the chat.

22     MS. PORTER:  Thank you.

23     A.    Oh, this is not in front of me?

24     Q.    Does the document in front of you

25  say "MNP Consulting Limited"?

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION
TREATED UNDER PROTECTIVE ORDER
Highly Confidential

91

      1    I. LEFCOURT - HIGHLY CONFIDENTIAL

      2    were on all the boards would be there.

      3              But those were the distinctions

      4    between the entities.  But I don't know the

      5    legal definitions of those entities.

      6        Q.    What about the practical

      7    definition, what did you understand to be

      8    the practical definition?

      9        A.    I don't know what you mean by

     10    "practical."

     11        Q.    Okay.

     12              Did you understand there to be

     13    any distinction at all besides the lawyers

     14    saying the title of a name before you

     15    started discussing it?

     16        A.    Well, it wasn't just the name, it

     17    was the entity that was a distinct entity.

     18        Q.    Did you make decisions as a

     19    director of MNP?

     20        A.    I voted on decisions that were

     21    put before the board.

     22        Q.    And what did you understand those

     23    decisions, the effect of those decisions to

     24    be?

     25        A.    It would depend on what the

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION -
TREATED AS SUBJECT TO PROTECTIVE ORDER
Highly Confidential

92

```
 1     I. LEFCOURT - HIGHLY CONFIDENTIAL

 2     specific decision was.  I don't know how to

 3     answer that question.

 4         Q.    Did MNP make recommendations to

 5     other companies?

 6         A.    Not that I remember.  I don't

 7     know about -- I don't know.

 8         Q.    Did there come a time that MNP

 9     was replaced by a company called MN

10     Consulting?

11         A.    I have no memory of that.  I

12     don't remember that.

13         Q.    Have you ever heard of MN

14     Consulting?

15         A.    Not that I recall or know of now.

16     Those names sound very familiar.  I don't

17     really have distinctions between them.

18             MS. PORTER:  Could we pull up

19         document 7, please, and I'd like to

20         mark this IS-7.

21             (Exhibit IS-7, Calendar invite

22         dated March 13, 2019, remotely

23         introduced and provided electronically

24         to the reporter.)

25             DOCUMENT TECHNICIAN:  It's in the
```

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION
TREATED AS HIGHLY CONFIDENTIAL PER PROTECTIVE ORDER
Highly Confidential

338

        C E R T I F I C A T E

STATE OF NEW YORK    )

                     : ss.

COUNTY OF NEW YORK   )


        I, Joan Ferrara, a Notary Public

    within and for the State of New York,

    do hereby certify:

        That ILENE LEFCOURT, the witness

    whose deposition is hereinbefore set

    forth, was duly sworn by me and that

    such deposition was taken remotely and

    is a true record of the testimony given

    by the witness.

        I further certify that I am not

    related to any of the parties to this

    action by blood or marriage, and that I

    am in no way interested in the outcome

    of this matter.

        IN WITNESS WHEREOF, I have

    hereunto set my hand this 19th day of

    September 2020.      *Joan Ferrara*
    _____

                Joan Ferrara

PUBLICLY FILED PER STIPULATION [ECF 2140]

# EXHIBIT 47

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION - TREAT SUBJECT TO PROTECTIVE ORDER

**In the Matter Of:**

*Purdue Pharma Bankruptcy*

---

*THERESA SACKLER*

*September 23, 2020*

---



UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION
TREAT SUBJECT TO PROTECTIVE ORDER

Highly Confidential Theresa Sackler - September 23, 2020

50

```
 1        T. SACKLER - HIGHLY CONFIDENTIAL

 2        A.    Gosh.   I think hopefully -- I had

 3   no pharmaceutical experience, but I think,

 4   I hope I brought good judgment, commonsense

 5   and an ability hopefully to review well and

 6   learn and listen to other people in their

 7   discussions and learn from outside

 8   directors who had great experience and

 9   other family directors, too.

10        Q.    Do you know who the Class A

11   shareholders are?

12        A.    The trustees, you mean?

13        Q.    I'm just curious if you know who

14   the Class A shareholders are?

15             MS. MONAGHAN:   Objection.   Asked

16        and answered.

17        A.    Trustees.

18        Q.    And when you say the "trustees,"

19   who do you have in mind?

20        A.    You mean individual names?

21        Q.    Names or institutions.   What do

22   you associate with the trustees?

23        A.    I think Beacon Company and the

24   chief trustee, it is Jonathan White.

25        Q.    Are there any other trustees that
```

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION - TREAT SUBJECT TO PROTECTIVE ORDER

Highly Confidential Theresa Sackler - September 23, 2020

51

```
1        T. SACKLER - HIGHLY CONFIDENTIAL

2    you interact with regularly concerning

3    Purdue?

4                MS. MONAGHAN:  Object to the

5          form.

6        A.    Yeah, we didn't really interact

7    with trustees to do with Purdue.

8        Q.    Okay.  Sorry, I think you said

9    chiefly Jonathan White.

10       A.    Oh, chief trustee.  He seems to

11   be the -- I don't know, principal trustee.

12                I'll rephrase, Jonathan White,

13   principal trustee.

14       Q.    Was he a trustee of your trusts

15   as well?

16       A.    Yes.

17                MS. MONAGHAN:  Object to the

18         form.

19   BY MS. PORTER:

20       Q.    Do you have trusts?

21       A.    I have trusts for my benefit,

22   yes.

23       Q.    And is Jonathan White your

24   trustee, the trustee for those trusts as

25   well?
```

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION -
TREAT SUBJECT TO PROTECTIVE ORDER

Highly Confidential Theresa Sackler - September 23, 2020

52

```
1        T. SACKLER - HIGHLY CONFIDENTIAL

2        A.     Yes.

3        Q.     Is anybody else a trustee for

4   those trusts as well?

5        A.     I think there might be, but I

6   can't remember who they are.

7        Q.     Thanks.

8               Do you receive compensation for

9   your service as a director of Purdue?

10              MS. MONAGHAN:  Object to the

11       form.

12       A.     I do.

13       Q.     You're right.

14              Did you receive?

15       A.     Yes, I did.

16       Q.     What was that?

17       A.     I think it was -- it varied from

18  just under, to just over, a million dollars

19  a year.

20       Q.     Did it stay sort of within close

21  to a million dollars throughout the entire,

22  your entire tenure as a director of Purdue?

23       A.     I'm afraid I don't think -- I

24  can't remember what it was from 1993 to

25  2018, but I know that it was within that
```

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION
TREAT SUBJECT TO PROTECTIVE ORDER

Highly Confidential Theresa Sackler - September 23, 2020

63

1     T. SACKLER - HIGHLY CONFIDENTIAL

2      form.

3      A.    It would be consolidated and sent

4  by Stuart who acted as liaison.

5      Q.    Did Antony Roncalli assist with

6  that liaison role?

7      A.    Yes.  Possibly not for the whole

8  of that period, but whenever, at some point

9  he certainly did latterly, yeah.

10     Q.    Within the last 10 years?

11     A.    Oh, yes.

12     Q.    Did you have an understanding

13  about how issues would be -- issues germane

14  to individual IACs would be selected as

15  points of information or points of

16  decisions that needed to be brought to the

17  MNP Board for advice?

18          MS. MONAGHAN:  Object to the

19      form.

20     A.    No.  I don't know.

21     Q.    Did you understand the question?

22     A.    Yeah, how was the agenda made.

23     Q.    Exactly.

24     A.    I can't recall.  I'm sorry.

25     Q.    Did MNP provide directions to the

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED- CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION
TREAT SUBJECT TO PROTECTIVE ORDER

Highly Confidential Theresa Sackler - September 23, 2020

64

```
 1        T. SACKLER - HIGHLY CONFIDENTIAL

 2    IACs about what sorts of issues should be

 3    brought to the MNP Board's attention?

 4              MS. MONAGHAN:  Object to the

 5         form.

 6         A.    They had sort of a "rules of the

 7    road" book, which meant that they would

 8    have to do whatever it was according to the

 9    rule book.  I'm sure you've seen it.

10              They would have a -- that they

11    would have to provide financial information

12    and personnel information and a variety of

13    other compliance reports throughout, at

14    various stages throughout the year.  So

15    presumably that's what they went by.

16         Q.    And then the MNP Board would

17    review that information and provide

18    recommendations, is that right?

19         A.    Yes.

20         Q.    And what was your understanding

21    about the purpose of those recommendations

22    or the effect of those recommendations?

23              MS. MONAGHAN:  Object to the

24         form.

25         A.    To advise the IACs on compliance,
```

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION
TREAT SUBJECT TO PROTECTIVE ORDER

65

1      T. SACKLER - HIGHLY CONFIDENTIAL

2   efficiency, and any other items that came

3   up.  I'm not quite sure what you mean.

4      Q.    Did you expect that the IACs

5   would follow through on those

6   recommendations?

7      A.    Yes.

8      Q.    Do you ever recall an IAC not

9   adopting the advice provided by MNP?

10      A.    Not in any great detail, no.  I'm

11   sure there were minor matters where they

12   went their own way, but I can't recall

13   anything particularly important.

14      Q.    Can you recall anything at all,

15   any specific example at all?

16      A.    Not really, no.

17           MS. MONAGHAN:  Object to the

18      form.

19   BY MS. PORTER:

20      Q.    Did the MNP Board have

21   Committees?

22      A.    No, not that I know of.

23           MS. PORTER:  Could we please

24      introduce doc 1 as our next exhibit,

25      please, which will be TS 4.

PUBLICLY FILED PER STIPULATION [ECF 2140]

211

```
 1
 2                    C E R T I F I C A T E
 3     STATE OF NEW YORK      )
 4                               : ss.
 5     COUNTY OF NEW YORK    )
 6
 7             I, Joan Ferrara, a Notary Public
 8        within and for the State of New York,
 9        do hereby certify:
10             That THERESA SACKLER, the witness
11        whose deposition is hereinbefore set
12        forth, was duly sworn by me and that
13        such deposition was taken remotely and
14        is a true record of the testimony given
15        by the witness.
16             I further certify that I am not
17        related to any of the parties to this
18        action by blood or marriage, and that I
19        am in no way interested in the outcome
20        of this matter.
21             IN WITNESS WHEREOF, I have
22        hereunto set my hand this 23rd day of
23        September 2020.
24                     _____
25                        Joan Ferrara
```

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION -
TREAT SUBJECT TO PROTECTIVE ORDER

**In the Matter Of:**

*Purdue Pharma Bankruptcy*

---

*THERESA SACKLER*

*September 24, 2020*

---



UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION - TREAT SUBJECT TO PROTECTIVE ORDER

Highly Confidential Theresa Sackler - September 24, 2020

452

```
 1      T. SACKLER - HIGHLY CONFIDENTIAL
 2      Q.    The ones that went to your
 3  children, do you have any understanding
 4  about where they would have done?
 5      A.    I don't know whether
 6  presumably -- I don't know whether they
 7  went into their own trusts or not.  I don't
 8  know.
 9      Q.    Your husband passed away in March
10  of 2010, is that right?
11      A.    Yes.
12      Q.    Did you become a beneficiary of
13  the Beacon Trust after he passed?
14      A.    Yes.
15      Q.    Has the Heathridge Trust
16  Company -- is the Heathridge Trust Company
17  the trustee of the Beacon Trust?
18      A.    I don't know.  It's a very
19  complicated trust structure and I haven't
20  memorized it.
21      Q.    Who do you associate with being a
22  trustee of the Beacon Trust?
23      A.    Jonathan White.
24      Q.    And to your knowledge, has he
25  been the trustee throughout the entire time
```

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION -
TREAT SUBJECT TO PROTECTIVE ORDER

Highly Confidential Theresa Sackler - September 24, 2020

453

```
1      T. SACKLER - HIGHLY CONFIDENTIAL

2   that you've been aware of the Beacon Trust?

3      A.    When was Beacon formed again,

4   '93?  Possibly.  Probably.  I mean, for a

5   vast, if not all of it, then the majority

6   of those years.

7      Q.    You can't think of anybody else

8   who might have served in that role?

9          MS. MONAGHAN:  Object to the

10      form.

11     A.    I can't.  There's no, there's no

12  dates and I can't remember.

13     Q.    Thank you.

14          Do you know what a special

15  protector is?

16     A.    Yeah, it's like an over-trustee.

17     Q.    What do you understand their

18  responsibilities or powers to be?

19     A.    I think that they monitor the

20  trusts and make sure that the trustees are

21  doing their job, as far as I know.  That's

22  about it.

23     Q.    Can the trustee of the Beacon

24  Trust make a distribution without the

25  consent of a special protector, to Your
```

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION.
TREAT SUBJECT TO PROTECTIVE ORDER
Highly Confidential Theresa Sackler - September 24, 2020

479

```
1

2                 C E R T I F I C A T E

3     STATE OF NEW YORK      )

4                            : ss.

5     COUNTY OF NEW YORK     )

6

7            I, Joan Ferrara, a Notary Public

8        within and for the State of New York,

9        do hereby certify:

10           That THERESA SACKLER, the witness

11       whose deposition is hereinbefore set

12       forth, was duly sworn by me and that

13       such deposition was taken remotely and

14       is a true record of the testimony given

15       by the witness.

16           I further certify that I am not

17       related to any of the parties to this

18       action by blood or marriage, and that I

19       am in no way interested in the outcome

20       of this matter.

21           IN WITNESS WHEREOF, I have

22       hereunto set my hand this 24th day of

23       September 2020.

24       _____

25                 Joan Ferrara
```

PUBLICLY FILED PER STIPULATION [ECF 2140]