UNREDACTED - DESIGNATED AS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION - PRIVILEGED COMMUNICATIONS - TREATED AS SUBJECT TO PROTECTIVE ORDER

# EXHIBIT 51

UNREDACTED VERSION OF DOCUMENT FILED UNDER SEAL - CONTAINS PRIVILEGED COMMUNICATIONS - TREATMENT SUBJECT TO PROTECTIVE ORDER

| | |
|---|---|
| **From:** | Oluwole, Chautney M. |
| **Sent:** | Friday, May 15, 2020 12:25 AM |
| **To:** | Sorkin, Joseph L.; Hurley, Mitchell; apreis@akingump.com; Porter, Katherine; Murphy, Jack; Brauner, Sara; Tongalson, Katie; Matheson, Clayton; Windscheffel, Dennis |
| **Cc:** | Kramer, Ann V.; McClammy, James I.; Guo, Angela W. |
| **Subject:** | RE: In re Purdue Pharma - Rule 2004 Motion Seeking Information from Insurance Brokers |

Hi all,

In advance of tomorrow's call, we wanted to try to summarize your insurance requests, our discussions and our responses over the course of the last several months. We have taken each of your requests in turn.

1. Initially, you requested all correspondence, agreements, understandings, and other documents exchanged between the Debtors and any insurance broker related to the Debtors' products liability insurance. You also requested all documents and correspondence comprising or related to the Debtors' products liability insurance risk management program and underwriting files. We have had conversations and email exchanges around these requests and following these meet and confers, here is where we are:

    a. As you know, Purdue employed insurance brokers, formerly AON (up to September 2001) and currently Marsh for placement/purchase of Purdue's various insurance programs and, when faced with claims and litigation, to provide notices of claims to insurance companies. We had extensive discussions with regard to notice documents and agreed to provide Bordereaux from Marsh listing claims noticed to the 2001 Tower insurers. We also provided notice letters and Bordereaux for the D&O insurers.

    b. With regard to insurance placement, the risk management function for Purdue was asked whether they maintained files concerning placement of the 2001 Tower. In response, a historical index was reviewed for potentially responsive off-site files and documents, which were then called back from storage, imaged, reviewed and produced. That production complements the expansive productions already made of insurance policies Purdue purchased and other correspondence between Purdue and its insurers as well as documentation of the spending/exhaustion of the 2001 Tower, premiums, collateral, etc. for Purdue's various insurance programs.

    c. You asked whether additional materials might be found in the insurance brokers' files. We discussed seeking files related to the placement of the 2001 Tower that might shed light, in particular on the Starr policy's Commercial Risk exclusion. We explained that our prior requests to Aon had been met with a blanket denial that Aon maintained any materials related to Purdue, but that Marsh was fairly cooperative. We made the request to Marsh for any underwriting materials they might have related to the 2001 product liability Tower, including any materials regarding policy extensions. Later, after the UCC raised questions concerning Purdue's subsequent efforts to purchase product liability insurance, we made that additional request to Marsh, as well. Our point of contract in Marsh's Legal Department reported finding nothing in the US but was seeking to pull back files from its UK and Bermuda operations. In early April, he reported "Unfortunately, our search here has come to a standstill for now given COVID-19 issues. As you know, the documents we are searching for are physical documents located offsite. Since we are working remotely, we cannot have boxes shipped to the NY office. If we did, they would just sit there for now, since we could not access them. Iron Mountain cannot and will not ship to a residence (which would also be impractical)."

1

   d. When the issue of why Purdue did not purchase product liability insurance after 2001 came up on one of our calls, we discussed the difficulties that Purdue had in that regard, that is, that no third party insurers would agree to sell such insurance to Purdue for OxyContin after the October 2001 Batch notice.  As OxyContin constituted the overwhelming portion of the company's products, the gap made the purchase of such insurance an unattractive proposition.  You raised seeing certain board materials from 2008-12 that discussed such efforts.  We offered to look for additional risk management files that might shed further light on those efforts.  While the underwriting files we did produce concern some post-2001 files, they did not include the 2008-12 period you mentioned.  When the COVID regulations permit, we will try to call back additional files that may shed further light on those efforts.  As mentioned, we asked Marsh to expand its search to include such materials as well, which they agreed to do once quarantine restrictions are lifted.

2. A spreadsheet or log showing all lawsuits that have been filed against Purdue (including any that were not noticed to the carriers), along with details about each suit (e.g., identity of the plaintiff, date filed, jurisdiction, defense costs incurred, date of the plaintiff's first opioid prescription, outcome of the case, etc.).

   a. With regard to particularized claim details, the claim database produced on March 2 contains certain information with respect to plaintiffs' opioid prescriptions.  Purdue never maintained defense costs on a claimant basis, therefore, they cannot provide that information in the manner requested.  Purdue is, however, looking into whether at least some portion of historical defense costs were maintained by case.

3. Documents concerning Purdue's search for and acquisition of products liability insurance.

   a. See 1d. response above.

We look forward to further discussing during our call.

Thanks,

Chautney


**Chautney M. Oluwole**

**Davis Polk & Wardwell** LLP
901 15th Street NW  |  Washington, DC 20005
+1 202 962 7134 tel  |  [redacted] mobile
chautney.oluwole@davispolk.com

Confidentiality Note: This email is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure. Unauthorized use, dissemination, distribution or copying of this email or the information herein or taking any action in reliance on the contents of this email or the information herein, by anyone other than the intended recipient, or an employee or agent responsible for delivering the message to the intended recipient, is strictly prohibited. If you have received this email in error, please notify the sender immediately and destroy the original message, any attachments thereto and all copies. Please refer to the firm's Privacy Notice for important information on how we process personal data. Our website is at www.davispolk.com.

**From:** Oluwole, Chautney M.
**Sent:** Wednesday, May 13, 2020 5:41 PM
**To:** 'Sorkin, Joseph L.' <jsorkin@AkinGump.com>; Hurley, Mitchell <mhurley@AkinGump.com>; apreis@akingump.com; Porter, Katherine <kporter@akingump.com>; Murphy, Jack <jmurphy@AKINGUMP.com>; Brauner, Sara <sbrauner@akingump.com>; Tongalson, Katie <ktongalson@akingump.com>
**Cc:** McClammy, James I. <james.mcclammy@davispolk.com>; purdue.dpw.diligence <purdue.dpw.diligence@davispolk.com>; Matheson, Clayton <cmatheson@AKINGUMP.com>; Windscheffel, Dennis

UNREDACTED VERSION OF DOCUMENT FILED UNDER SEAL - CONTAINS PRIVILEGED COMMUNICATIONS - TREAT AS SUBJECT TO PROTECTIVE ORDER

<dwindscheffel@akingump.com>
**Subject:** RE: In re Purdue Pharma - Rule 2004 Motion Seeking Information from Insurance Brokers

Thanks, Joseph. We can speak on Friday morning at 10 am. Ann Kramer will join, as well. I'll circulate an invite.

**Chautney M. Oluwole**

**Davis Polk & Wardwell** LLP
901 15th Street NW | Washington, DC 20005
+1 202 962 7134 tel | ▇▇▇▇▇▇▇▇ mobile
chautney.oluwole@davispolk.com

Confidentiality Note: This email is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure. Unauthorized use, dissemination, distribution or copying of this email or the information herein or taking any action in reliance on the contents of this email or the information herein, by anyone other than the intended recipient, or an employee or agent responsible for delivering the message to the intended recipient, is strictly prohibited. If you have received this email in error, please notify the sender immediately and destroy the original message, any attachments thereto and all copies. Please refer to the firm's Privacy Notice for important information on how we process personal data. Our website is at www.davispolk.com.

**From:** Sorkin, Joseph L. <jsorkin@AkinGump.com>
**Sent:** Wednesday, May 13, 2020 5:03 PM
**To:** Oluwole, Chautney M. <chautney.oluwole@davispolk.com>; Hurley, Mitchell <mhurley@AkinGump.com>; apreis@akingump.com; Porter, Katherine <kporter@akingump.com>; Murphy, Jack <jmurphy@AKINGUMP.com>; Brauner, Sara <sbrauner@akingump.com>; Tongalson, Katie <ktongalson@akingump.com>
**Cc:** McClammy, James I. <james.mcclammy@davispolk.com>; purdue.dpw.diligence <purdue.dpw.diligence@davispolk.com>; Matheson, Clayton <cmatheson@AKINGUMP.com>; Windscheffel, Dennis <dwindscheffel@akingump.com>
**Subject:** RE: In re Purdue Pharma - Rule 2004 Motion Seeking Information from Insurance Brokers

Chautney – We have reviewed the underwriting files you produced and are available to discuss tomorrow afternoon between 1:00 and 3:30 pm or Friday morning before 11 am. Please let us know when during those times you are available. Thanks.

Best,

Joseph L. Sorkin
**AKIN GUMP STRAUSS HAUER & FELD** LLP

One Bryant Park | New York, NY 10036-6745 | USA | Direct: +1 212.872.7464 | Internal: 37464
Fax: +1 212.872.1002 | jsorkin@akingump.com | akingump.com | Bio

**From:** Oluwole, Chautney M. <chautney.oluwole@davispolk.com>
**Sent:** Tuesday, May 12, 2020 12:23 PM
**To:** Hurley, Mitchell <mhurley@AkinGump.com>; Sorkin, Joseph L. <jsorkin@AkinGump.com>; Preis, Arik <apreis@akingump.com>; Porter, Katherine <kporter@akingump.com>; Murphy, Jack <jmurphy@AKINGUMP.com>; Brauner, Sara <sbrauner@akingump.com>; Tongalson, Katie <ktongalson@akingump.com>
**Cc:** McClammy, James I. <james.mcclammy@davispolk.com>; purdue.dpw.diligence <purdue.dpw.diligence@davispolk.com>
**Subject:** RE: In re Purdue Pharma - Rule 2004 Motion Seeking Information from Insurance Brokers

Hi all,

UNREDACTED VERSION OF DOCUMENT FILED UNDER SEAL - CONTAINS PRIVILEGED COMMUNICATIONS - TREATED SUBJECT TO PROTECTIVE ORDER

19-23649-shl Doc 2165-7 Filed 12/18/20 Entered 12/18/20 18:39:56 Exhibit 51 Pg 5 of 6

We are continuing to review the draft motion you all shared. As an initial reaction, we think it may not reflect the most up to date information in light of the productions made last week, including the production of the underwriting files. It may make sense for your team to review those documents and we can schedule a call later this week to further discuss.

Thanks,

Chautney

**Chautney M. Oluwole**

**Davis Polk & Wardwell** LLP

901 15th Street NW  |  Washington, DC 20005
+1 202 962 7134 tel  |  mobile
chautney.oluwole@davispolk.com

Confidentiality Note: This email is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure. Unauthorized use, dissemination, distribution or copying of this email or the information herein or taking any action in reliance on the contents of this email or the information herein, by anyone other than the intended recipient, or an employee or agent responsible for delivering the message to the intended recipient, is strictly prohibited. If you have received this email in error, please notify the sender immediately and destroy the original message, any attachments thereto and all copies. Please refer to the firm's Privacy Notice for important information on how we process personal data. Our website is at www.davispolk.com.

**From:** Huebner, Marshall S. <marshall.huebner@davispolk.com>
**Sent:** Monday, May 11, 2020 10:48 AM
**To:** Hurley, Mitchell <mhurley@akingump.com>
**Cc:** Sorkin, Joseph L. <jsorkin@akingump.com>; purdue.dpw.diligence <purdue.dpw.diligence@davispolk.com>; McClammy, James I. <james.mcclammy@davispolk.com>; apreis@akingump.com; Porter, Katherine <kporter@akingump.com>; Murphy, Jack <jmurphy@akingump.com>; Tongalson, Katie <ktongalson@akingump.com>; Brauner, Sara <sbrauner@akingump.com>
**Subject:** Re: In re Purdue Pharma - Rule 2004 Motion Seeking Information from Insurance Brokers

I guess that is more proof of how quickly I am aging.

**Marshall S. Huebner**

**Davis Polk & Wardwell** LLP
450 Lexington Avenue  |  New York, NY 10017
+1 212 450 4099
marshall.huebner@davispolk.com

Confidentiality Note: This email is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure. Unauthorized use, dissemination, distribution or copying of this email or the information herein or taking any action in reliance on the contents of this email or the information herein, by anyone other than the intended recipient, or an employee or agent responsible for delivering the message to the intended recipient, is strictly prohibited. If you have received this email in error, please notify the sender immediately and destroy the original message, any attachments thereto and all copies. Please refer to the firm's Privacy Notice for important information on how we process personal data. Our website is at www.davispolk.com.

> On May 11, 2020, at 10:41 AM, Hurley, Mitchell <mhurley@akingump.com> wrote:
>
> Yes, I mentioned it to you last week and discussed briefly with Jim as well at your request. Happy to discuss further.
>
> Sent from my iPhone
>
>> On May 11, 2020, at 10:38 AM, Huebner, Marshall S. <marshall.huebner@davispolk.com> wrote:

19-23649-shl Doc 2165-7 Filed 12/18/20 Entered 12/18/20 18:09:56 Exhibit 51 Pg 6 of 6

**UNREDACTED VERSION OF PROFESSIONAL ELIGIBILITY DECLARATION INCLUDES PRIVILEGED COMMUNICATIONS - TREATED AS SUBJECT TO PROTECTIVE ORDER**

**EXTERNAL Email**

1. I just see a motion. Not an explanatory memo.

2. Has this been discussed with anyone at dpw?

Thanks.

**Marshall S. Huebner**

**Davis Polk & Wardwell** LLP
450 Lexington Avenue | New York, NY 10017
+1 212 450 4099
marshall.huebner@davispolk.com

Confidentiality Note: This email is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure. Unauthorized use, dissemination, distribution or copying of this email or the information herein or taking any action in reliance on the contents of this email or the information herein, by anyone other than the intended recipient, or an employee or agent responsible for delivering the message to the intended recipient, is strictly prohibited. If you have received this email in error, please notify the sender immediately and destroy the original message, any attachments thereto and all copies. Please refer to the firm's Privacy Notice for important information on how we process personal data. Our website is at www.davispolk.com.

> On May 11, 2020, at 10:31 AM, Sorkin, Joseph L. <jsorkin@akingump.com> wrote:
>
> All – Attached is a draft memo in support of a rule 2004 motion seeking authority to serve subpoenas on Purdue's insurance brokers. Please let us know if you would like to discuss and what the Debtors' position is with respect to the motion. Thanks.
>
> Best,
>
> **Joseph L. Sorkin**
> **AKIN GUMP STRAUSS HAUER & FELD** LLP
>
> One Bryant Park | New York, NY 10036-6745 | USA | Direct: +1 212.872.7464 |
> Internal: 37464
> Fax: +1 212.872.1002 | jsorkin@akingump.com | akingump.com | Bio
>
>
> The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.
> <Purdue - 2004 Memo of Law (Insurance Broker) - DRAFT - 5-11-20.pdf>

> The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

5