UNREDACTED VERSION OF DOCUMENT FILED UNDER SEAL CONTAINS INFORMATION SUBJECT TO PRIVILEGED COMMUNICATIONS - TREATMENT SUBJECT TO PROTECTIVE ORDER

# EXHIBIT 52

UNREDACTED VERSION OF DOCUMENT FILED UNDER SEAL CONTAINS PRIVILEGED COMMUNICATIONS - TREATMENT SUBJECT TO PROTECTIVE ORDER

19-23649-shl Doc 2165-8 Filed 12/18/20 Entered 12/18/20 18:39:56 Exhibit 52 Pg 2 of 4



MITCHELL P. HURLEY
+1 212.872.1011/fax: +1 212.872.1002
mhurley@akingump.com

January 2, 2020

**VIA E-MAIL**

Marshall Huebner
Charles Duggan
Margarita Clarens
Kathryn S. Benedict
**Davis Polk & Wardwell LLP**
450 Lexington Avenue
New York, NY 10017

Paul LaFata
Lindsey Cohan
**Dechert LLP**
Three Bryant Park
New York, New York 10036

Robert S. Hoff
**Wiggin and Dana LLP**
281 Tresser Boulevard
Two Stamford Plaza
Stamford, Connecticut, 06901

  Re: *In re: Purdue Pharma L.P. et al.*, No. 19-23649 (Bankr. S.D.N.Y.)

Dear Counsel:

We write on behalf of the official committee of unsecured creditors in the above-referenced bankruptcy cases (the "Official Committee"). Based on our continuing dialogue with parties to the pre-petition litigations filed against Purdue and others, we believe substantial additional disclosures are required before the Official Committee can reach a view concerning the merits of any potential settlement of estate and other claims. We therefore write pursuant to paragraph 7 of the Amended and Restated Case Stipulation Among the Debtors, the Official Committee and Certain Related Parties dated November 20, 2019 to seek such additional disclosures on a voluntary basis.



January 2, 2020
Page 2

Among other things, we have recently learned that the pre-petition search for and production of custodial emails and other documents, including of Sackler family members and affiliates ("Sacklers") and other key custodians, appear to be more limited than we had expected. As an example, it appears that none of the custodial emails or other documents of any Sacklers have been searched or produced except (i) email accounts of Richard, Kathe, Jonathan and Mortimer Jr. with Purdue domain names (by Purdue's defense counsel in the litigations) and (ii) certain personal email addresses of Richard (by Richard's separate counsel). We also understand that no custodial documents of other potentially key witnesses were searched, including (without limitation) board members and advisors like Stuart Baker, Peter Boer, Paulo Costa, Steven Ives, Judy Lewent, William Loomis, Robert S. Miller, Cecil B. Pickett, Tony Roncalli, Robert Shapiro, Ralph Snyderman and Jacques Theurillat.

In addition, the search terms used to identify responsive documents in connection with the pre-petition litigations ("Existing Search Terms")–which were supplied to the Official Committee by the Debtors via email on December 20, 2019 (Exhibit A)–omit concepts critical to claims against the Sacklers and others in these cases. For instance, although some pre-petition complaints allege claims against the Sacklers based on theories of fraudulent transfer and alter ego, among others, the Existing Search terms would not pick up documents of potentially crucial relevance to those types of claims, and indeed, do not appear to have been designed to return such materials. Please do not interpret any of these observations concerning the scope of pre-petition disclosures by Purdue as a criticism of Purdue or its counsel. Among other things, it does not appear that fraudulent transfer and similar claims were the focus of the parties' efforts in discovery before these cases were filed. In fact, it is unclear to the Official Committee whether pre-petition litigants even sought documents relevant to key claims against the Sacklers and others. In an effort to identify some of the materials we believe are important to such claims, we enclose as Exhibit B additional, non-exclusive and informal requests for production of documents and information. [1]

As an initial step, we ask that the Existing Search Terms be applied as promptly as is reasonably possible to all personal and professional email accounts and other means of electronic communication of any Sacklers and other Key Custodians that have not yet been subject of such a search. [2] The Official Committee is amenable to using the same time period that Purdue

---

[1] These additional informal requests are not intended to limit the Official Committee's prior requests, or its right to seek additional documents as it continues to learn about the claims from which the Sacklers seek releases, and about the diligence on those claims that has been done (or not done, as the case may be) so far.

[2] The additional Sackler searches sought by this letter should be applied to any email or other custodial files of at least Samantha S. Hunt and Richard, Theresa, Kathe, Jonathan, Mortimer D.A., David and Ilene Sackler, as well as extant custodial files of the late Beverly, Raymond and Mortimer D. Sackler ("Sackler Custodians").



January 2, 2020
Page 3

indicated it applied to searches of the Purdue email accounts of Richard and Kathe, which we understand was from 1995 to a date in 2019.

In addition, we hope counsel for the Sacklers will work with us to craft additional search terms ("Additional Search Terms") that would be likely to yield documents concerning estate and other claims against the Sacklers and others that were omitted from previous searches and productions, including without limitation, documents responsive to the Exhibit B requests. We would welcome your input in that process. The Official Committee seeks to apply the Additional Search Terms to all custodians, including but not limited to the Sackler Custodians and other Key Custodians. The Additional Search Terms should be comprehensive enough to reach documents that may be relevant to the defenses and arguments discussed in the Sacklers' presentations dated December 6, 2019 (portions of which the Sacklers briefly filed on the docket on or around December 20, 2019). We are available at your convenience to discuss our requests and the Additional Search Terms.

Nothing herein constitutes a waiver of any of the Official Committee's claims, defenses, rights or remedies, all of which expressly are reserved.

Sincerely,

/s/ Mitchell Hurley
Mitchell P. Hurley