UNREDACTED VERSION OF DOCUMENT FILED UNDER SEAL CONTAINS PRIVILEGED COMMUNICATIONS - TREATMENT SUBJECT TO PROTECTIVE ORDER

# EXHIBIT 53

19-23649-shl Doc 2165-01 Filed 12/18/20 Entered 12/18/20 18:39:56 Exhibit 58 Pg 2 of 16

UNREDACTED VERSION OF DOCUMENT FILED UNDER SEAL - CONTAINS PRIVILEGED COMMUNICATIONS - TREATMENT SUBJECT TO PROTECTIVE ORDER

| | |
|---|---|
| **From:** | Clarens, Margarita |
| **Sent:** | Saturday, March 7, 2020 9:58 AM |
| **To:** | 'Hurley, Mitchell'; 'Poon, Jennifer' |
| **Cc:** | Huebner, Marshall S.; Williams, Nikolaus; Kaufman, Zachary A.; apreis@akingump.com; 'Miller, Allison'; 'Porter, Katherine'; 'Atkinson, Michael (External)'; Kaminetzky, Benjamin S.; Oluwole, Chautney M.; McClammy, James I.; Duggan, Charles S.; Benedict, Kathryn S.; purdue.dpw.diligence |
| **Subject:** | RE: Purdue: Follow up on Official Committee requests for information |
| **Attachments:** | #92982919v1 - (20200302 - Group 1 - Estate Terms - Simple STR).PDF; #92982934v1 - (20200302 - Group 1  2 - Estate Terms - Simple STR1).PDF; #92982944v1 - (20200302 - All Docs - Estate Terms - Simple STR).PDF |

ATTORNEY WORK PRODUCT
COMMON INTEREST COMMUNICATION

Mitch and team,

As I mentioned last week, we finished loading additional documents this week and reran your terms. As discussed last week, this list is limited to the "Estate Claim" Additional Search Terms, and the time period covered by the searches was January 1, 2006 to December 31, 2018.

In this round we were able to run your terms over everything available in the database, as well as over the Group I and Group I and II custodians—to the extent they overlap with the custodians in the database—specified in your February 4, 2020 letter. As such, attached are three hit reports, which reflect: (i) specified search terms run across the Group I custodians; (ii) specified search terms run across the Group I and II custodians, and (iii) all the relevant search terms run across all custodians. The deduplicated total hits for the terms run over the Group I and Group I and II custodians is 7,020,495 documents.

These are not deduplicated against the MDL and other civil productions that you already have, but we should have that information very shortly and likely Monday. Given the volume of hits, we wanted to get this to you this week so that we could start figuring out a path forward.

Please let us know if you have any questions.

Thanks,
Margarita

**Margarita Clarens**

**Davis Polk & Wardwell** LLP
450 Lexington Avenue  |  New York, NY 10017
+1 212 450 4439 tel  |  +1 212 701 5439 fax
margarita.clarens@davispolk.com

Confidentiality Note: This email is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure. Unauthorized use, dissemination, distribution or copying of this email or the information herein or taking any action in reliance on the contents of this email or the information herein, by anyone other than the intended recipient, or an employee or agent responsible for delivering the message to the intended recipient, is strictly prohibited. If you have received this email in error, please notify the sender immediately and destroy the original message, any attachments thereto and all copies. Please refer to the firm's Privacy Notice for important information on how we process personal data. Our website is at www.davispolk.com.

UNREDACTED VERSION OF REDACTED DOCUMENT FILED UNDER SEAL - CONTAINS PRIVILEGED COMMUNICATIONS - TREATMENT SUBJECT TO PROTECTIVE ORDER

**From:** Clarens, Margarita
**Sent:** Monday, March 2, 2020 11:29 AM
**To:** 'Hurley, Mitchell' <mhurley@AkinGump.com>; Poon, Jennifer <jpoon@akingump.com>
**Cc:** Huebner, Marshall S. <marshall.huebner@davispolk.com>; Williams, Nikolaus <nikolaus.williams@davispolk.com>; Kaufman, Zachary A. <zachary.kaufman@davispolk.com>; apreis@akingump.com; Miller, Allison <amiller@akingump.com>; Porter, Katherine <kporter@akingump.com>; Atkinson, Michael (External) <matkinson@provincefirm.com>; Kaminetzky, Benjamin S. <ben.kaminetzky@davispolk.com>; McMillian, Chautney R. <chautney.mcmillian@davispolk.com>; McClammy, James I. <james.mcclammy@davispolk.com>; Duggan, Charles S. <charles.duggan@davispolk.com>; Benedict, Kathryn S. <kathryn.benedict@davispolk.com>
**Subject:** RE: Purdue: Follow up on Official Committee requests for information

Common Interest Communication

Dear Mitch,

We think a response is in order to clarify the record on the course of our discussions on this topic, and our position. You asked us two weeks ago to apply the MDL terms and "Additional Search Terms," to an expanded set of over 120 custodians for an almost 25-year period from 1995 through the petition date.

In good faith, we looked into your request, and as we explained in our email of February 21, learned that it would require the collection of new data, at very significant burden and cost, and would take an inordinately long time to complete. We suggested that we stage your request and begin with the body of documents already collected. On Tuesday, February 25, you called me and, as an initial matter, asked if we would start by running your terms against the previously collected documents for certain custodians, which we agreed to do. As I mentioned in my email and again on the call, we did not agree to produce any of resulting "hits," and would need to have a further discussion on that topic. As you know, the scope of any production by the Debtors to the UCC relating to the underlying tort claims and estate claims has been previously discussed between the Debtors and UCC, and the Debtors have repeatedly expressed our view that additional discovery into the question of Purdue's liability, which has been litigated at great length for many years, would be a wasteful misallocation of scarce Company resources in the current context. In response, you asked for a call to discuss what documents, if any, the Debtors would be willing to provide to the UCC.

On Friday, we explained that, although we believe the work entailed will be costly and duplicative, we are willing to engage in a very significant collection and review of documents in response to your request. Your document request targets two categories of documents: as referenced in your February 4 letter, the first relates to the "Claims Against Debtors," that is, the underlying tort claims, and the second relates to the "Estate Claims." As we set out in our email Saturday, we agreed that we will run the "Additional Search Terms" related to the "Estate Claims" against the electronic records of those custodians whose emails and documents the Special Committee has either already collected or requested, in order to generate an indicative "hit report." We have run these over the period of January 1, 2006 through December 31, 2018 and the hits are, not surprisingly, very large. We are willing to work with you to refine the search terms and other parameters to generate a reasonable set of documents to review and, following our review, will then produce responsive documents (excepting documents withheld for privilege).

We also once again explained that we do not see the utility of embarking on a very costly and burdensome process of collecting, searching and reviewing documents relating to the underlying tort claims. As mentioned above, contrary to your suggestion that we advised you "for the first time" on Friday "that the Debtors will not search for or produce any documents relating to the 'primary liability' of Purdue," we have consistently expressed the view that given the current settlement offer, a reevaluation by the UCC of the underlying tort claims, which were zealously prosecuted by others, would be excessively costly and of marginal value.

Your request seeks an immense body of documents. The MDL terms alone generated a hit list of documents that took Purdue's lawyers approximately 9 months to review and yielded a production set in the order of 4 million documents—

2

UNREDACTED VERSION OF DOCUMENT FILED UNDER SEAL — CONTAINS PRIVILEGED COMMUNICATIONS - TREATED SUBJECT TO PROTECTIVE ORDER

which you have, together with coding supplied by Purdue's reviewing lawyers to vastly assist your ability to search and digest these materials. Along these lines, you have misconstrued our observations that more discovery would "make the rubble bounce" and other statements that more discovery into primary liability is not warranted—these comments meant simply that there is minimal expected benefit from what is essentially a do-over of discovery into topics that were extensively investigated for years in the MDL and by various other plaintiffs. Further, this is true with respect to the solvency analysis, which as you note is critical to fraudulent conveyance analysis and which is also a central issue in the Special Committee's work.

Note also that, as we explained, your purported need for additional discovery of the Sacklers, non-Sackler directors, Sackler advisors and other senior officers will likely be satisfied in whole or in part by searching their records for documents relevant to the "Estate Claims," which we have already agreed to do—provided you supply us with a tailored request, not the facially unreasonable 120-custodian, 25-year search that you have requested. As we said during the call, we will consider any reasonable request that you present to the Debtors.

To illustrate the unreasonable scope of your current request, attached are two preliminary hit reports (including the preliminary report that I was able to provide Saturday) that collectively reflect the results of your Additional Search Terms, for both "Claims Against Debtors" and "Estate Claims." These searches, run against only our currently available custodians (only part of the 120 custodians you demanded) for the period from January 1, 2006 to December 31, 2018 (less than half of the 25 years you demanded), resulted in approximately **9 million** and **6 million** hits, respectively. Even if there were a 100% overlap with the MDL production, the volume after de-duplication would still generate millions of documents to review. I also explained that because we are continuing to collect and load custodial files, we will be running supplemental searches over the new custodians for the terms relating to the "Estate Claims," this week.

The Debtors have provided the UCC with a significant amount of information to date. In particular, among other items, the Special Committee has shared an immense amount of requested underlying information supporting the Part 1A report, and we have also shared, on a common interest basis, the draft of the Part 1B Report. And as you know, we have met with you on two prior occasions, each time for several hours, to provide you with preliminary overviews of our on-going investigation for the Special Committee and the on-going analysis being conducted to assist that review by Bates White. On the Company diligence side, we have provided over 50,000 pages of documents through the Debtors' data room, an effort that has required thousands of hours of professional time, not counting the time spent by Davis Polk lawyers in managing that effort.

We would like to continue to work with you on a cooperative basis as we move through the bankruptcy, subject to our responsibility to preserve the estate, which precludes our agreeing to your requests as presented to us.

Please let us know if you would like to discuss. I am also happy to jump on a call to walk through the hit reports, if helpful.

Thanks,
Margarita

**Margarita Clarens**

**Davis Polk & Wardwell** LLP
450 Lexington Avenue | New York, NY 10017
+1 212 450 4439 tel | +1 212 701 5439 fax
margarita.clarens@davispolk.com

Confidentiality Note: This email is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure. Unauthorized use, dissemination, distribution or copying of this email or the information herein or taking any action in reliance on the contents of this email or the information herein, by anyone other than the intended recipient, or an employee or agent responsible for delivering the message to the intended recipient, is strictly prohibited. If you have received this email in error, please notify the sender immediately and destroy the original message, any attachments thereto and all copies. Please refer to the firm's Privacy Notice for important information on how we process personal data. Our website is at www.davispolk.com.

UNREDACTED OUTSIDE PROFESSIONALS' EYES ONLY – CONTAINS INFORMATION SUBJECT TO COMMON INTEREST PRIVILEGED COMMUNICATIONS - TREATED SUBJECT TO PROTECTIVE ORDER

19-23649-shl    Doc 2105-01    Filed 12/18/20    Entered 12/18/20 18:39:56    Exhibit 58    Pg 5 of 16

**From:** Hurley, Mitchell <mhurley@AkinGump.com>
**Sent:** Friday, February 28, 2020 5:34 PM
**To:** Clarens, Margarita <margarita.clarens@davispolk.com>; Poon, Jennifer <jpoon@akingump.com>
**Cc:** Huebner, Marshall S. <marshall.huebner@davispolk.com>; Williams, Nikolaus <nikolaus.williams@davispolk.com>; Kaufman, Zachary A. <zachary.kaufman@davispolk.com>; apreis@akingump.com; Miller, Allison <amiller@akingump.com>; Porter, Katherine <kporter@akingump.com>; Atkinson, Michael (External) <matkinson@provincefirm.com>; Kaminetzky, Benjamin S. <ben.kaminetzky@davispolk.com>; McMillian, Chautney R. <chautney.mcmillian@davispolk.com>; McClammy, James I. <james.mcclammy@davispolk.com>; Duggan, Charles S. <charles.duggan@davispolk.com>
**Subject:** RE: Purdue: Follow up on Official Committee requests for information

Ben, Charles, Margarita:

Thank you for the call today. We were surprised to learn that you actually are *not* willing to run our search terms—most of which we proposed on Feb. 4, 2020—against the "expanded universe of [Purdue] custodians." We had a contrary understanding based on our call with Margarita on Tuesday, and her email below.

Instead, you told us that you will apply "some" of the additional search terms we proposed to "some" of the custodians we proposed, but were not prepared on the call to identify which custodians or which search terms. You said you would provide us with the actual custodians, search terms and time frames Debtors are willing to use no later than Monday, March 2, 2020.

We are frustrated by the Debtors' change of heart, which we do not think is justified. As we have repeatedly made clear, including on our call this morning, we would be more than happy to work with you to modify our proposed search parameters based on the "hit list(s)" they generate in order to make the terms both "better"—more likely to return relevant documents—and less burdensome. We also would be willing to enter into a "claw back" agreement with you which could also substantially reduce any burden associated with the Official Committee's requests. You did agree that if and when the Debtors identify search parameters that return a universe of documents the Debtors are willing to review, you will produce those documents returned by the search parameters that are responsive to the Official Committee's informal requests as if they were responsive to a formal document request or subpoena.

You also advised us for the first time today that the Debtors will not search for or produce any documents relating to the "primary liability" of Purdue. You said it would be a waste of time to continue to explore Purdue's "primary liability" for the opioid crisis because it would only serve to "make the rubble bounce," by which we understood you to mean that Purdue's liability is already a foregone conclusion. You also claimed that further "primary liability" disclosures would be a waste of time because state Attorneys General and other pre-petition litigants conducted exhaustive discovery regarding Purdue's "primary liability" before these cases were filed. In fact, as you know, counsel for many of the Attorneys General to whom you refer argued vigorously that the investigation of Purdue was far from complete when the petition was filed in these cases, and resisted entry of an injunction on that basis. Indeed, we would not be surprised if this came up again when you seek to extend that injunction in March.

Critically, moreover, the Official Committee's requests are specifically limited to documents that were not part of the MDL or other pre-petition productions that were turned over to the Official Committee in these cases. *Hence, by definition, the documents we now seek were not available to the state Attorneys General or other MDL litigants for their pre-petition investigations.* As we also have explained many times, the ESI searches that were conducted pre-petition omitted certain custodians of obvious and crucial relevance to the claims against Purdue in these cases, including numerous members of the Sackler family who were also Purdue directors, and key Sackler advisors and non-Sackler board members and executives like Stuart Baker, Stephen Ives, Howard Udell, Peter Boer, Cecil Picket and Paulo Costa, among others. You objected that the Official

4

19-23649-shl Doc 2165-01 Filed 12/18/20 Entered 12/18/20 18:39:56 Exhibit 58 Pg 6 of 16

UNREDACTED VERSION OF DOCUMENT FILED UNDER SEAL — CONTAINS PRIVILEGED COMMUNICATIONS - TREATED SUBJECT TO PROTECTIVE ORDER

Committee seeks "primary liability" discovery from numerous custodians in addition to these more obvious ones. As we have before, we offered to meet and confer with you to try regarding a reduced number of "primary liability" custodians, and otherwise to seek to reduce burden associated with these searches. You refused our offer.

The documents sought by the Official Committee are of great potential relevance in these cases. Among other things, Purdue's "primary liability" arising out of the opioid crisis is central to proving Purdue's insolvency, which in turn is an element of, or relevant to, some of the estate's most important and valuable claims against the Sacklers. You argued that any additional evidence of Purdue's liability would be merely cumulative, implying that the production of additional evidence could not make Purdue's liability any more clear than it is now. As noted, many of the states remain unsatisfied with Purdue's pre-petition disclosures. Your claim also appears inconsistent with other positions taken by the Debtors in these cases. For instance, the Debtors have refused our requests for privileged documents and analysis relating to Purdue's pre-petition defense of the opioid cases because, supposedly, Purdue may one day again be in the position of *denying* that it is liable for claims arising out of the opioid crisis. If the Debtors can in good faith deny Purdue's liability despite the disclosures made to date, the production of reasonable additional "primary liability" evidence, including from key custodians whose documents never have been searched, is worthwhile. We hope you reconsider your position in this regard, and remain willing to work with you to minimize any burden associated with limited additional "primary liability" discovery from Purdue.

Regarding discovery from the Sacklers, you indicated that the Debtors themselves have asked the Sacklers to provide disclosures relating to potential Sackler liability for estate claims (as distinct from disclosures required by the existing stipulation and PJT's investigation of IAC value). Other than the request for trust documents referenced in the email enclosed as Exhibit B, we are not aware of any such requests (i.e. requests by the Debtors to the Sacklers). We have sought to copy the Debtors on all of the Official Committee's requests for information from the Sacklers and others. We ask that you please send us copies of any requests for information the Debtors have made of the Sacklers or their advisors to date, and to please copy us on any such requests you make in the future.

In connection with the Debtors' plan to move to extend the injunction, you suggested the Debtors and the Official Committee ask the Sacklers to stipulate to providing some specific additional disclosures in connection with any extension. You said the Debtors have a proposed list of such additional disclosures, and agreed to send them to us today for our consideration. As noted, we are not yet convinced that proceeding in this manner is prudent, but we will consider your approach in good faith, and will be happy to provide you additional proposed items to the extent not included on your list.

Please feel free to contact us if you have any questions or comments.

Regards,

Mitchell P. Hurley
**AKIN GUMP STRAUSS HAUER & FELD** LLP

One Bryant Park | New York, NY 10036-6745 | USA | Direct: +1 212.872.1011 | Internal: 31011
Fax: +1 212.872.1002 | mhurley@akingump.com | akingump.com | Bio

---

**From:** Clarens, Margarita <margarita.clarens@davispolk.com>
**Sent:** Wednesday, February 26, 2020 10:06 PM
**To:** Hurley, Mitchell <mhurley@AkinGump.com>; Poon, Jennifer <jpoon@akingump.com>
**Cc:** Huebner, Marshall S. <marshall.huebner@davispolk.com>; Williams, Nikolaus <nikolaus.williams@davispolk.com>; Kaufman, Zachary A. <zachary.kaufman@davispolk.com>; Preis, Arik <apreis@akingump.com>; Miller, Allison

<amiller@akingump.com>; Porter, Katherine <kporter@akingump.com>; Atkinson, Michael (External) <matkinson@provincefirm.com>; Kaminetzky, Benjamin S. <ben.kaminetzky@davispolk.com>; McMillian, Chautney R. <chautney.mcmillian@davispolk.com>; McClammy, James I. <james.mcclammy@davispolk.com>; Duggan, Charles S. <charles.duggan@davispolk.com>
**Subject:** RE: Purdue: Follow up on Official Committee requests for information

Common Interest Communication

Mitch and Katherine,

Per our discussion yesterday, we will go ahead and run your search terms over the expanded universe of custodians that have already been collected by the Company and provide you with a hit report. I am told that it may take a bit of time to de-duplicate the hits and prepare an accurate report, but I am hopeful that we can have something for you by the end of the week or over the weekend.

I also spoke with Charles. Given that we think we will have some numbers for you this week, it may make sense to wait to discuss next steps so that we have the benefit of that data point.

Thanks,
Margarita


**Margarita Clarens**

**Davis Polk & Wardwell** LLP
450 Lexington Avenue | New York, NY 10017
+1 212 450 4439 tel | +1 212 701 5439 fax
margarita.clarens@davispolk.com

---

Confidentiality Note: This email is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure. Unauthorized use, dissemination, distribution or copying of this email or the information herein or taking any action in reliance on the contents of this email or the information herein, by anyone other than the intended recipient, or an employee or agent responsible for delivering the message to the intended recipient, is strictly prohibited. If you have received this email in error, please notify the sender immediately and destroy the original message, any attachments thereto and all copies. Please refer to the firm's Privacy Notice for important information on how we process personal data. Our website is at www.davispolk.com.

---

**From:** Hurley, Mitchell <mhurley@AkinGump.com>
**Sent:** Tuesday, February 25, 2020 12:10 PM
**To:** Clarens, Margarita <margarita.clarens@davispolk.com>; Poon, Jennifer <jpoon@akingump.com>
**Cc:** Huebner, Marshall S. <marshall.huebner@davispolk.com>; Williams, Nikolaus <nikolaus.williams@davispolk.com>; Kaufman, Zachary A. <zachary.kaufman@davispolk.com>; apreis@akingump.com; Miller, Allison <amiller@akingump.com>; Porter, Katherine <kporter@akingump.com>; Atkinson, Michael (External) <matkinson@provincefirm.com>; Kaminetzky, Benjamin S. <ben.kaminetzky@davispolk.com>; McMillian, Chautney R. <chautney.mcmillian@davispolk.com>; McClammy, James I. <james.mcclammy@davispolk.com>; Duggan, Charles S. <charles.duggan@davispolk.com>
**Subject:** RE: Purdue: Follow up on Official Committee requests for information

Margarita: Katherine and I just tried your line. Would you please give one of us a call? My number is 212.872.1011, Katherine is same but 7467. Thanks.

---

**From:** Clarens, Margarita <margarita.clarens@davispolk.com>
**Sent:** Friday, February 21, 2020 12:37 PM
**To:** Poon, Jennifer <jpoon@akingump.com>
**Cc:** Huebner, Marshall S. <marshall.huebner@davispolk.com>; Williams, Nikolaus <nikolaus.williams@davispolk.com>; Kaufman, Zachary A. <zachary.kaufman@davispolk.com>; Preis, Arik <apreis@akingump.com>; Miller, Allison <amiller@akingump.com>; Hurley, Mitchell <mhurley@AkinGump.com>; Porter, Katherine <kporter@akingump.com>;

UNREDACTED VERSION OF DOCUMENT FILED UNDER SEAL - CONTAINS PRIVILEGED COMMUNICATIONS - TREATMENT SUBJECT TO PROTECTIVE ORDER

Atkinson, Michael (External) <matkinson@provincefirm.com>; Kaminetzky, Benjamin S. <ben.kaminetzky@davispolk.com>; McMillian, Chautney R. <chautney.mcmillian@davispolk.com>; McClammy, James I. <james.mcclammy@davispolk.com>; Duggan, Charles S. <charles.duggan@davispolk.com>
**Subject:** RE: Purdue: Follow up on Official Committee requests for information

COMMON INTEREST COMMUNICATION

Mitch, Katherine, Jennifer, and team,

Thanks for your time on the call last week, and for your patience as we looked into the most efficient way to handle your requests.

We've spoken with the lawyers who handled the discovery for Debtors in the MDL and other civil litigations. Unfortunately, we are told that there is no easy way to run your searches without first collecting documents from the Purdue Archive that were not previously collected (or are not currently being collected in connection with the Special Committee's work). As discussed, we want to be helpful and can undertake to add to our collections, but we wanted to raise a few points with a view to getting you what you need in a timeframe and at a cost that makes sense.

In particular, we want to make sure we are on the same page with respect to how long this could take. Based on our discussions this week, we believe that we are looking at a multiple week process just for the collection. Indeed, we have been collecting new data on a rolling basis in connection with the Special Committee's work and know that it takes time, and that the time is dictated by the volume requested. Even this week, the company's ediscovery team is working to complete a collection that we requested a number of weeks ago (which, helpfully, has some overlap with some of the custodians on your list).

That said, based on your February 4 letter, you included more than 135 custodians on your list. While a number of those custodians are also Special Committee custodians, our collections have gone back to 2006, not 1995. Similarly, the collections for the MDL custodians were limited by search terms, and so we would have to collect the full mailboxes for many of those custodians to run new terms. To give you a sense of magnitude, even with our thirteen-year timeframe, a single custodian can easily have over a million documents (emails plus attachments). If you multiply that figure by just the number of new custodians the results become immense, even when accounting for de-duplication across custodians. Keep in mind that the MDL collection yielded seven million documents that required over nine months and many millions of dollars to review.

Ultimately, we understand why you have added some custodians, such as the Sacklers, members of the Board of Directors, and some senior officers. Indeed, in connection with the Special Committee investigation, we have been adding custodians since our initial collection. However, we would like to discuss potentially staging the collection process to start with what is already in the Purdue databases—which is already a huge amount. As you know, the data is all being preserved and we can always go back to the archive to pull in more.

We are also a bit worried about the breadth of some of your search strings. We can obviously wait until we have a hit report to discuss, but we think that it may help to stage the process so that we can start working with you to refine them, if necessary, based on hits within the current collection universe.

Finally, we should discuss the different categories of searches you would like run. We have had prior discussions about your requests for documents relating to the estate claims, versus underlying tort claims, and want to make sure the we continue to be on the same page in this regard.

Please let us know your availability for a call to discuss these issues and walk through next steps.

Thanks,

Margarita

**Margarita Clarens**

**Davis Polk & Wardwell** LLP

450 Lexington Avenue | New York, NY 10017
+1 212 450 4439 tel | +1 212 701 5439 fax
margarita.clarens@davispolk.com

---

Confidentiality Note: This email is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure. Unauthorized use, dissemination, distribution or copying of this email or the information herein or taking any action in reliance on the contents of this email or the information herein, by anyone other than the intended recipient, or an employee or agent responsible for delivering the message to the intended recipient, is strictly prohibited. If you have received this email in error, please notify the sender immediately and destroy the original message, any attachments thereto and all copies. Please refer to the firm's Privacy Notice for important information on how we process personal data. Our website is at www.davispolk.com.

---

**From:** Poon, Jennifer <jpoon@akingump.com>
**Sent:** Sunday, February 16, 2020 6:04 PM
**To:** Duggan, Charles S. <charles.duggan@davispolk.com>; Clarens, Margarita <margarita.clarens@davispolk.com>
**Cc:** Huebner, Marshall S. <marshall.huebner@davispolk.com>; Williams, Nikolaus <nikolaus.williams@davispolk.com>; Kaufman, Zachary A. <zachary.kaufman@davispolk.com>; apreis@akingump.com; Miller, Allison <amiller@akingump.com>; Hurley, Mitchell <mhurley@AkinGump.com>; Porter, Katherine <kporter@akingump.com>; Atkinson, Michael (External) <matkinson@provincefirm.com>
**Subject:** RE: Purdue: Follow up on Official Committee requests for information

Dear Charles and Margarita,

Thank you for the call Friday. As a brief recap, we reiterated to you our request that the Debtors run all of the Committee's proposed search terms on all of the proposed custodians' materials within the Debtors' custody and control, dating back to 1995, and produce documents returned by the searches to the Committee. We appreciate that you seem preliminarily willing to conduct these searches, though we understand that you need to consult with other advisors to the Debtors before committing to a production. In any event, as a starting point, we understand that you will run the Committee's proposed searches and advise us of the number of documents it returns (after de-duping for the documents produced in the MDL).

We repeated our request that the Debtors obtain documents from others relating to these cases over which we believe the Debtors have possession, custody or control. You said you have asked Norton Rose to provide documents to the Debtors, and agreed to provide your written requests for such documents to us. We look forward to receiving those requests at your convenience. As to Purdue's current and former board members, we understand that you have not requested materials from those board members directly, but instead are working to capture all board communications that are captured on Purdue's servers – including communications from a director's non-Purdue emails that were sent to, or from, any other person's Purdue-hosted email address. We understand you will revisit asking the board members to provide additional documents from, e.g., their personal or other business email accounts once Debtors have completed this process. We also understand that you are confirming that the directors received litigation hold notices.

Regards,
Jennifer

Jennifer E. Poon
**AKIN GUMP STRAUSS HAUER & FELD** LLP
Direct: +1 212.872.7439 | Internal: 37439

**From:** Clarens, Margarita <margarita.clarens@davispolk.com>
**Sent:** Friday, February 14, 2020 12:45 PM
**To:** Hurley, Mitchell <mhurley@AkinGump.com>; Porter, Katherine <kporter@akingump.com>
**Cc:** Duggan, Charles S. <charles.duggan@davispolk.com>; Preis, Arik <apreis@akingump.com>; Miller, Allison <amiller@akingump.com>; Poon, Jennifer <jpoon@akingump.com>; Huebner, Marshall S. <marshall.huebner@davispolk.com>; Williams, Nikolaus <nikolaus.williams@davispolk.com>; Kaufman, Zachary A. <zachary.kaufman@davispolk.com>; Atkinson, Michael (External) <matkinson@provincefirm.com>
**Subject:** RE: Purdue: Follow up on Official Committee requests for information

Davis Polk is available at 2:30.  We may have to stop at 3pm, but could pick back up later if needed.


**Margarita Clarens**

**Davis Polk & Wardwell** LLP
450 Lexington Avenue  |  New York, NY 10017
+1 212 450 4439 tel  |  +1 212 701 5439 fax
margarita.clarens@davispolk.com

Confidentiality Note: This email is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure. Unauthorized use, dissemination, distribution or copying of this email or the information herein or taking any action in reliance on the contents of this email or the information herein, by anyone other than the intended recipient, or an employee or agent responsible for delivering the message to the intended recipient, is strictly prohibited. If you have received this email in error, please notify the sender immediately and destroy the original message, any attachments thereto and all copies. Please refer to the firm's Privacy Notice for important information on how we process personal data. Our website is at www.davispolk.com.

**From:** Hurley, Mitchell <mhurley@AkinGump.com>
**Sent:** Friday, February 14, 2020 12:20 PM
**To:** Clarens, Margarita <margarita.clarens@davispolk.com>; Porter, Katherine <kporter@akingump.com>
**Cc:** Duggan, Charles S. <charles.duggan@davispolk.com>; apreis@akingump.com; Miller, Allison <amiller@akingump.com>; Poon, Jennifer <jpoon@akingump.com>; Huebner, Marshall S. <marshall.huebner@davispolk.com>; Williams, Nikolaus <nikolaus.williams@davispolk.com>; Kaufman, Zachary A. <zachary.kaufman@davispolk.com>; Atkinson, Michael (External) <matkinson@provincefirm.com>
**Subject:** RE: Purdue: Follow up on Official Committee requests for information

As you may know, some of us are likely to be on a short call with the Court's chambers at 2:15 today.  Can we please push this call back to 2:30?

**From:** Clarens, Margarita <margarita.clarens@davispolk.com>
**Sent:** Wednesday, February 12, 2020 12:26 PM
**To:** Porter, Katherine <kporter@akingump.com>; Hurley, Mitchell <mhurley@AkinGump.com>
**Cc:** Duggan, Charles S. <charles.duggan@davispolk.com>; Preis, Arik <apreis@akingump.com>; Miller, Allison <amiller@akingump.com>; Poon, Jennifer <jpoon@akingump.com>; Huebner, Marshall S. <marshall.huebner@davispolk.com>; Williams, Nikolaus <nikolaus.williams@davispolk.com>; Kaufman, Zachary A. <zachary.kaufman@davispolk.com>
**Subject:** RE: Purdue: Follow up on Official Committee requests for information

Hi Katherine,

Charles and I are flexible on Friday for a call.  Should we say 2pm?

In addition, consistent with what we told you previously, Stuart Baker is one of our custodians.  His name seems to have been inadvertently left off the list we provided to you.  Apologies for that.  With respect to pre-2006 email, we can let you know what, if anything, we have for the Sacklers.  As we discussed, our focus has been 2006 forward, but documents dating before 2006 were previously collected and form part of our review universe.

UNREDACTED VERSION OF DOCUMENT FILED UNDER SEAL - CONTAINS PRIVILEGED COMMUNICATIONS - TREATMENT SUBJECT TO PROTECTIVE ORDER

19-23649-shl    Doc 2165-01    Filed 12/18/20    Entered 12/18/20 18:39:56    Exhibit 58    Pg 11 of 16

Thanks,
Margarita

**Margarita Clarens**

**Davis Polk & Wardwell** LLP
450 Lexington Avenue  |  New York, NY 10017
+1 212 450 4439 tel  |  +1 212 701 5439 fax
margarita.clarens@davispolk.com

Confidentiality Note: This email is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure. Unauthorized use, dissemination, distribution or copying of this email or the information herein or taking any action in reliance on the contents of this email or the information herein, by anyone other than the intended recipient, or an employee or agent responsible for delivering the message to the intended recipient, is strictly prohibited. If you have received this email in error, please notify the sender immediately and destroy the original message, any attachments thereto and all copies. Please refer to the firm's Privacy Notice for important information on how we process personal data. Our website is at www.davispolk.com.

**From:** Porter, Katherine <kporter@akingump.com>
**Sent:** Tuesday, February 11, 2020 6:28 PM
**To:** Clarens, Margarita <margarita.clarens@davispolk.com>; Hurley, Mitchell <mhurley@AkinGump.com>
**Cc:** Duggan, Charles S. <charles.duggan@davispolk.com>; apreis@akingump.com; Miller, Allison <amiller@akingump.com>; Poon, Jennifer <jpoon@akingump.com>; Huebner, Marshall S. <marshall.huebner@davispolk.com>; Williams, Nikolaus <nikolaus.williams@davispolk.com>; Kaufman, Zachary A. <zachary.kaufman@davispolk.com>
**Subject:** RE: Purdue: Follow up on Official Committee requests for information

Dear Margarita and Charles,

We write to schedule a meet and confer with you regarding the informal requests for documents we have provided to you, including to seek agreement on search terms and custodians to be used by the Debtors in their searches, and on a schedule for prompt production of the resulting documents to the Official Committee.  As you know, time is of the essence, especially if the Debtors hope to achieve a swift exit from bankruptcy.  We firmly believe no resolution can be reached in these cases without a complete and comprehensive investigation into these prepetition issues and potential claims that is transparent to the Debtors' stakeholders.

As referenced, you have the Official Committee's proposed custodians, and we thank you for sending the Special Committee's custodial information.  However, we are concerned that it appears that the Special Committee has collected fewer documents than we expected.  For instance, while Wiggin & Dana reported that the MDL productions covered January 1, 1995 to June 30, 2018, and that Richard and Kathe Sackler were MDL custodians, it appears that the Special Committee only collected or requested Richard and Kathe's custodial files from January 1, 2006 to January 1, 2019.  Are we understanding that correctly?  We were also under the impression that the Special Committee had collected Stuart Baker's Purdue hosted emails, but I do not see him reflected on these lists.  We believe it is critical that the Official Committee's proposed search terms be run on the complete Purdue-hosted custodial files for the full set of Official Committee proposed custodians (with the below-noted modifications, following our review of your custodial lists), dating back to January 1, 1995.

We would like to discuss these and other matters with you this week.  Please let us know your availability for a meet and confer call on Thursday or Friday.

Thank you,
Katherine

19-23649-shl Doc 2165-01 Filed 12/18/20 Entered 12/18/20 18:39:56 Exhibit 58
Pg 12 of 16

UNREDACTED VERSION OF DOCUMENT FILED UNDER SEAL — CONTAINS PRIVILEGED
COMMUNICATIONS - TREAT SUBJECT TO PROTECTIVE ORDER

The following custodians from your list should be added to those proposed by the Official Committee:
- Jonathan White
- William Loomis
- Elliot Ruiz
- Josephine Martin
- Richard Silbert
- Robert Josephson
- Willy Chang

The following custodians included on the Official Committee's list can be removed:
- Kenneth Buckfire
- Alec Burlakoff
- Michael Gurry

Katherine Porter
Direct: +1 212.872.7467 | Internal: 37467

---

**From:** Clarens, Margarita <margarita.clarens@davispolk.com>
**Sent:** Friday, February 7, 2020 11:46 PM
**To:** Hurley, Mitchell <mhurley@AkinGump.com>
**Cc:** Duggan, Charles S. <charles.duggan@davispolk.com>; Preis, Arik <apreis@akingump.com>; Porter, Katherine <kporter@akingump.com>; Miller, Allison <amiller@akingump.com>; Poon, Jennifer <jpoon@akingump.com>; Huebner, Marshall S. <marshall.huebner@davispolk.com>; Williams, Nikolaus <nikolaus.williams@davispolk.com>; Kaufman, Zachary A. <zachary.kaufman@davispolk.com>
**Subject:** RE: Purdue: Follow up on Official Committee requests for information


**\*\*EXTERNAL Email\*\***

COMMON INTEREST COMMUNICATION

Mitch and team,

Attached please find the following documents:
1. A list of the Special Committee Custodians
2. A list reflecting information relating to additional documents collected for individuals who are not Special Committee custodians and who are listed in Jennifer Poon's January 24, 2020 email
3. A memorandum analyzing fraudulent transfer and insolvency

As we have discussed, these documents reflect work that is in progress and subject to ongoing revisions. They have been prepared on behalf of the Special Committee of the Board of Directors of Purdue Pharma, Inc. in connection with bankruptcy proceedings involving Purdue, and are being provided on a common-interest basis by Davis Polk, as counsel for the Special Committee, to Akin Gump, as counsel for the Official Committee of Unsecured Creditors (the "UCC"), in response to the UCC's request for information about the Special Committee's investigation into potential claims on behalf of Purdue to recover funds from persons, including members of the Sackler family. In view of the common-interest basis on which this information is being shared, it is expected that Akin Gump will treat this report as strictly confidential and not disclose it or its contents to third parties without Davis Polk's prior written consent.

Thanks,
Margarita

19-23649-shl Doc 2165-01 Filed 12/18/20 Entered 12/18/20 18:39:56 Exhibit 58
Pg 13 of 16

UNREDACTED VERSION OF DOCUMENT FILED UNDER SEAL - CONTAINS PRIVILEGED
COMMUNICATIONS - TREATED SUBJECT TO PROTECTIVE ORDER

**Margarita Clarens**

**Davis Polk & Wardwell** LLP

450 Lexington Avenue | New York, NY 10017
+1 212 450 4439 tel | +1 212 701 5439 fax
margarita.clarens@davispolk.com

---

Confidentiality Note: This email is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure. Unauthorized use, dissemination, distribution or copying of this email or the information herein or taking any action in reliance on the contents of this email or the information herein, by anyone other than the intended recipient, or an employee or agent responsible for delivering the message to the intended recipient, is strictly prohibited. If you have received this email in error, please notify the sender immediately and destroy the original message, any attachments thereto and all copies. Please refer to the firm's Privacy Notice for important information on how we process personal data. Our website is at www.davispolk.com.

---

**From:** Clarens, Margarita
**Sent:** Friday, February 7, 2020 6:01 PM
**To:** 'Hurley, Mitchell' <mhurley@AkinGump.com>
**Cc:** Duggan, Charles S. <charles.duggan@davispolk.com>; apreis@akingump.com; Porter, Katherine <kporter@akingump.com>; Miller, Allison <amiller@akingump.com>; Poon, Jennifer <jpoon@akingump.com>; Huebner, Marshall S. <marshall.huebner@davispolk.com>
**Subject:** RE: Purdue: Follow up on Official Committee requests for information

COMMON INTEREST COMMUNICATION

Mitch and team,

Attached please find the latest draft of the Special Committee Part 1B report, prepared by AlixPartners.

As we have discussed, this report is in draft form and subject to further revisions. It is being provided on a common-interest basis by Davis Polk & Wardwell LLP ("Davis Polk"), as counsel for the Special Committee, to Akin Gump Strauss Hauer & Feld LLP ("Akin Gump"), as counsel for the Official Committee of Unsecured Creditors (the "UCC"), in response to the UCC's request for information about the Special Committee's investigation into potential claims on behalf of Purdue to recover funds from persons, including members of the Sackler family. In view of the common-interest basis on which this information is being shared, it is expected that Akin Gump will treat this report as strictly confidential and not disclose it or its contents to third parties (other than other professional advisors to the UCC, provided they agree to the same restrictions) without Davis Polk's prior written consent.

We are planning to send you additional material later tonight, but I wanted to make sure it gets through to you (at 377 pages it is rather large).

Thanks,
Margarita


**Margarita Clarens**

**Davis Polk & Wardwell** LLP

450 Lexington Avenue | New York, NY 10017
+1 212 450 4439 tel | +1 212 701 5439 fax
margarita.clarens@davispolk.com

---

Confidentiality Note: This email is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure. Unauthorized use, dissemination, distribution or copying of this email or the information herein or taking any action in reliance on the contents of this email or the information herein, by anyone other than the intended recipient, or an employee or agent responsible for delivering the message to the intended recipient, is strictly prohibited. If you have received this email in error, please notify the sender immediately and destroy the original message, any attachments thereto and all copies. Please refer to the firm's Privacy Notice for important information on how we process personal data. Our website is at www.davispolk.com.

**From:** Hurley, Mitchell <mhurley@AkinGump.com>
**Sent:** Wednesday, February 5, 2020 12:36 PM
**To:** Huebner, Marshall S. <marshall.huebner@davispolk.com>
**Cc:** Kaminetzky, Benjamin S. <ben.kaminetzky@davispolk.com>; Duggan, Charles S. <charles.duggan@davispolk.com>; Clarens, Margarita <margarita.clarens@davispolk.com>; McClammy, James I. <james.mcclammy@davispolk.com>; apreis@akingump.com; Porter, Katherine <kporter@akingump.com>; Miller, Allison <amiller@akingump.com>; Brauner, Sara <sbrauner@akingump.com>; Atkinson, Michael (External) <matkinson@provincefirm.com>; Poon, Jennifer <jpoon@akingump.com>; Lisovicz, Edan <elisovicz@akingump.com>; Tobak, Marc J. <marc.tobak@davispolk.com>
**Subject:** Purdue: Follow up on Official Committee requests for information

Marshall:

I hope you enjoy the next few days in Montana (looks like Big Sky is expecting a serious dump, I envy you!).

As indicated during our call on Monday (2/3), the Official Committee is eager to get information from the Debtors and has been concerned about the pace of disclosures to date. During our discussion, I identified some examples of outstanding disclosure items, and noted I had a longer list that we intended to provide to you. I also shared our view that the Debtors' prompt action with respect to outstanding (and future) Official Committee requests is critical, not only to the Official Committee's investigation and its approach to that investigation, but also to whether major creditor groups perceive these cases to be advancing productively. I have copied Ben, Charles, Jim, Marc and Margarita here as well, and am writing to sum up where we are following Monday's call so that everyone is on the same page.

First, we are grateful for your prompt attention on Monday night to the examples I identified during our call. In that regard, you indicated that the Debtors will provide the following to the Official Committee on a common interest basis by this Friday (2/7):

- The then-current draft of the Special Committee's legal memorandum on fraudulent conveyance claims
- The then-current draft of the Special Committee's legal memorandum regarding insolvency
- The then-current draft of Alix Partners' non-cash transfers report
- As discussed during our January 22 meeting and confirmed in our January 24 email, a spreadsheet identifying custodians whose documents were collected and included in the Special Committee's document database, including information concerning date ranges and any search term or other limitations on the documents included in the database from those custodians.
- An update on DPW efforts to obtain a tolling agreement(s) respecting potential claims against Sacklers and their affiliates in foreign jurisdictions. Yesterday, Ben and Marc advised that Debtors have identified Jersey counsel, who apparently suggested that the relevant Jersey trustees may be unwilling to enter into a tolling agreement unless they first get the blessing of a Jersey court, which would require a proceeding to which the trust beneficiaries would need to be parties. Ben and Marc did not know how long such a proceeding would take, or whether any tolling agreement could be effective retroactive to entry of an order following such a proceeding, but said they have asked those questions. Depending on the answers (which I hope you get very soon) it may be prudent simply to commence an action or actions in order to halt any applicable SOL. Ben and Marc said they also are considering whether Debtors should seek tolling agreements in connection with assets located in foreign jurisdictions other than Jersey. They said they would continue to provide us updates "on a rolling basis."

You also confirmed that the Debtors will provide to the Official Committee the document tagging and coding done by Purdue's litigation counsel in connection with its review of documents produced pre-petition, including in the MDL and in state cases. You said you could not guarantee the coding will be provided by Friday 2/7 because you have to consult with others, but that you would provide it soon. Again, thanks for looking into these issues.

Second, in addition to the above items, a number of other key disclosure issues remain outstanding.

- Final version of the "unsigned" Jan. 15, 2020 draft letter answering questions about prior productions (which we commented on Jan 18, 2020). See correspondence attached.
- Copy of each of the settlements Purdue entered with governmental entities in 2007
- A list of settlements entered into by the Debtors related to opiate use, abuse, or marketing, and the settlement amount
- Privilege log or production of withheld "potentially privileged" documents. See correspondence attached.
- Cover letters for the non-MDL / state productions.
- From our original letter of diligence requests to the Debtors (dated Oct. 18, 2019), we believe most of the requests are still outstanding. We would like the Debtors to prioritize responses to the below-listed items and complete production of these items by Feb. 20, 2020.
    - 4, 7, 8, 14, 21, 22, 23, 24, 25, 27, 31, 42, 50, 51, 53, 54
    - Note that materials responsive to 54 should include all reports, annual or otherwise, filed with the OIG pursuant to the CIA associated with the DOJ settlement
    - Please confirm all the Debtor board materials (including presentations, consents, resolutions, agendas, minutes, decisions, etc), including any materials that were posted to a portal instead of emailed and including board materials for Rhodes and MNP have been produced. In addition, if any of the board materials have been provided outside of the following bates ranges, which are identified as board materials in the MDL covers letters, please tell us where they are located: PPLP004366645 – 4367793, PPLP004399675 – 4404188, PPLP004404330 – 4411663, and PPLP004411723 – 4417775. Finally, please confirm that the materials you provided to us in these bates ranges were the less redacted versions (as referenced in the Feb. 15, 2019 cover letter), and not the more redacted versions originally provided in the MDL.
- From our Jan. 2, 2020 letter requesting additional disclosures, we likewise believe most of the requests are still outstanding.
- Reopen the question about the best way to ensure that the Committee professionals may see copies of all unredacted expert reports, including those for which a redacted version is currently unavailable, from the MDL proceedings
- Insurance-related requests the Committee sent to Reed Smith on January 22, 2020

Third, as you know and as I mentioned during our call Monday, as part of its investigation the Official Committee needs the key parties to these cases to search for and provide documents not previously produced in the MDL and other pre-petition litigation, including by using additional search terms and custodians. You were copied on correspondence from us yesterday enclosing proposed search terms and identifying custodians we believe are relevant. We would appreciate any input you have if we have omitted potentially significant terms or custodians, and wish to discuss with you application of these search terms and others to the Special Committee's database of Purdue documents ("Database").

On January 22 and in our January 24 email, we asked you to seek to enhance the scope of the Special Committee Database, and to provide us with additional information regarding Special Committee document collection efforts to date. We would like updates regarding these requests, including those identified below.

- We believe Debtors have the right to obtain and produce non-Purdue hosted emails of Purdue current and former directors, to the extent those materials concern Purdue affairs, including personal and other email accounts and files maintained by such board members at their homes, offices or elsewhere. Your team said you would advise as to whether Debtors sought to obtain such materials for inclusion in the Database.
- We also asked the Debtors to gather all Purdue documents from its outside advisors, including Norton Rose and Debtors' other outside counsel, so those materials also can be searched for documents relevant to the Bankruptcy Cases.
- What specific terms/search approaches has the Special Committee applied to its database of documents to gather additional relevant documents, and how does the Special Committee propose sharing the results of those searches with the Official Committee?
- Copies of shared services and hosting agreements relating to IAC emails etc.

As discovery proceeds in these cases, it will be critical for the Official Committee to understand exactly what the Special Committee voluntarily has done, is prepared to do, and is willing to share with the Committee with respect to document collection and review. We would therefore like to schedule a call with Charles and Margarita (at least) with the hope of obtaining answers/updates on the matters above, or at least a firm commitment for when Debtors are willing to provide those answers. That information will be relevant to the Official Committee's own view regarding necessary and appropriate next steps, and may influence the activities and approach of other creditor groups in these cases as well.

We look forward to hearing from you and your team.

Regards,

Mitch


Mitchell P. Hurley
**AKIN GUMP STRAUSS HAUER & FELD** LLP

One Bryant Park | New York, NY 10036-6745 | USA | Direct: +1 212.872.1011 | Internal: 31011
Fax: +1 212.872.1002 | mhurley@akingump.com | akingump.com | Bio

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.
The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.
The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.
The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.
The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.
The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.