UNREDACTED VERSION OF DOCUMENT FILED UNDER SEAL CONTAINS PRIVILEGED COMMUNICATIONS - TREATED SUBJECT TO PROTECTIVE ORDER

19-23649-shl Doc 2165-03 Filed 12/18/20 Entered 12/18/20 18:39:56 Exhibit 55 Pg 1 of 4

# EXHIBIT 55

UNREDACTED VERSION OF DOCUMENT FILED UNDER SEAL — CONTAINS PRIVILEGED COMMUNICATIONS - TREATED SUBJECT TO PROTECTIVE ORDER

| | |
|---|---|
| New York | Paris |
| Northern California | Madrid |
| Washington DC | Hong Kong |
| São Paulo | Beijing |
| London | Tokyo |

# Davis Polk

**James I. McClammy**

Davis Polk & Wardwell LLP  212 450 4584 tel
450 Lexington Avenue  james.mcclammy@davispolk.com
New York, NY 10017

August 14, 2020

Re:   Purdue Pharma L.P. et al., No. 19-23649 (Bankr. S.D.N.Y.)

Mitchell P. Hurley
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY 10036-6745

Dear Mitch:

We write in response to the Official Committee of Unsecured Creditors' (the "Official Committee") July 30, 2020 letter (the "Letter") concerning deposition scheduling in these cases.

Davis Polk does not represent any of the individuals included in the Letter as potential deponents and therefore, cannot unilaterally arrange the deposition of those individuals. As requested, we have identified, to the extent known, counsel for the individuals listed in the Letter, including contact information. We have also indicated if these individuals have been previously deposed. We note that Peter Justason, Gary Lewandowski and Tracey Mayne are former Purdue employees, and Jonathan White is a former Purdue board member. None of these individuals are represented by Davis Polk, but we do not know if they are represented by other counsel. Philip Strassburger is currently in the process of engaging counsel, and we will revert with the name of his counsel once confirmed. Finally, Howard Udell has been deceased since August 2013.

- Robin Abrams

    - <u>Counsel</u>: Sean Hecker, Kaplan Hecker & Fink LLP, (212) 763-0883

- Eric Brantley

    - <u>Counsel</u>: Guy Petrillo, Petrillo Klein & Boxer, (212) 370-0331
    - <u>Previous Deposition Information</u>: MDL, Nov. 27, 2018, Mike Papantonio (BegBates: PPLPUCC000019019)

- John (Jack) D. Crowley

    - <u>Counsel</u>: Guy Petrillo, Petrillo Klein & Boxer, (212) 370-0331
    - <u>Previous Deposition Information</u>: MDL, Jan. 10, 2019, Jayne Conroy (BegBates: PPLPUCC000039410)

- Russell J. Gasdia

    - <u>Counsel</u>: Julie Porter, Salvatore Prescott & Porter, (312) 283-5711
    - <u>Previous Deposition Information</u>: MDL, Nov. 28, 2018; Jan. 15, 2019, Jayne Conroy (BegBates: PPLPUCC000015180)

- Mark Geraci

    - <u>Counsel</u>: Scott McBride, Lowenstein Sandler LLP, (973) 597-6136
    - <u>Previous Deposition Information</u>: MDL, April 4, 2019, Jayne Conroy (BegBates: PPLPUCC000090072)

- James David Haddox

    - <u>Counsel</u>: Adam Hoffinger, Schulte Roth & Zabel LLP, (202) 729-7462
    - <u>Previous Deposition Information</u>: MDL, Feb. 8, 2019; April 12, 2019, Jayne Conroy (BegBates: PPLPUCC000003139)

- Craig Landau

    - <u>Counsel</u>: Linda Imes, Spears & Imes LLP, (212) 213-6659

- David Rosen

    - <u>Counsel</u>: Guy Petrillo, Petrillo Klein & Boxer, (212) 370-0331
    - <u>Previous Deposition Information</u>: WA AG, June 20, 2019, Susan Burke (BegBates: PPLPUCC000189132)

- Stephen (Steve) Seid

    - <u>Counsel</u>: Julie Porter, Salvatore Prescott & Porter, (312) 283-5711
    - <u>Previous Deposition Information</u>: MDL, Dec. 12 & 13, 2018, Jayne Conroy (BegBates: PPLPUCC000015933; PPLPUCC000023492; PPLPUCC000069072)

- John Stewart

    - <u>Counsel</u>: Kevin Marino, Marino, Tortorella & Boyle, P.C., (973) 824-9300

- Mark Timney

    - <u>Counsel</u>: John Potter, Quinn Emanuel Urquhart & Sullivan, LLP, (415) 875-6352

- Bert Weinstein

    - <u>Counsel</u>: Guy Petrillo, Petrillo Klein & Boxer, (212) 370-0331

- Joan Goodwin Zooper

    - <u>Counsel</u>: Guy Petrillo, Petrillo Klein & Boxer, (212) 370-0331

UNREDACTED VERSION OF DOCUMENT FILED UNDER SEAL - CONTAINS PRIVILEGED COMMUNICATIONS - TREATMENT SUBJECT TO PROTECTIVE ORDER

19-23649-shl Doc 2165-03 Filed 12/18/20 Entered 12/18/20 18:39:56 Exhibit 55 Pg 4 of 4

3                                                                 August 14, 2020

As indicated above, seven of the individuals included as potential deponents were previously deposed in the underlying litigations, and the relevant deposition transcripts and exhibits have been produced to the Official Committee. Before we discuss efforts to coordinate dates and times for these witnesses, please confirm that the Official Committee has carefully reviewed those transcripts and provide an explanation as to why a further deposition is necessary given the attendant costs to the estate.

We agree that both the Official Committee and Debtors may have an interest in deposing certain persons who may have information regarding possible estate claims. On the other hand, depositions of employees or former employees whose roles at Purdue would have no connection to the factual bases of possible estate claims (as opposed to underlying liability) would seem unnecessary.

Separately, given the investigation being conducted by the Special Committee, to the extent the Official Committee decides to depose any of the above individuals or other individuals to whom the Official Committee has reached out, the Debtors and Official Committee should work together to schedule and coordinate these depositions.

Sincerely,

*/s/ James I. McClammy*

James I. McClammy