UNREDACTED VERSION OF HIGHLY CONFIDENTIAL ATTORNEY-CLIENT PRIVILEGED COMMUNICATIONS - TREATMENT SUBJECT TO PROTECTIVE ORDER

19-23649-shl Doc 2166 Filed 12/18/20 Entered 12/08/20 18:47:42 Main Document
Pg 1 of 3

# EXHIBIT 61

UNREDACTED INSERT PROFESSIONAL EYES ONLY - CLAIM OF INTEREST ONLY PRIVILEGED COMMUNICATIONS - TREATED SUBJECT TO PROTECTIVE ORDER



**MITCHELL P. HURLEY**
+1 212.872.1011/fax: +1 212.872.1002
mhurley@akingump.com

July 29, 2020

VIA EMAIL

John C. Dougherty
**Haug Partners**
One Post Office Square, Floor 31
Boston, MA
*Counsel to Certain II Way Entities and
Certain IACs*

  Re: *In re: Purdue Pharma L.P. et al.*, No. 19-23649 (Bankr. S.D.N.Y.)

Dear Counsel:

As you know, we represent the Official Committee of Unsecured Creditors (the "Official Committee") in the above-referenced cases. In light of, among other things, the Court's comments during the July 23, 2020 hearing, we write concerning deposition scheduling in these cases. Please be advised that the Official Committee is likely to take depositions of a number of persons, including Edward B. Mahony, whom we understand that you represent, and/or whose testimony you are able to arrange or assist in arranging.[1]

Please advise whether you <u>do not</u> represent this person or cannot otherwise arrange this deposition, and, if so, identify his counsel, to the extent known. The foregoing list is preliminary, and may be modified as the Official Committee continues to receive and review documents and other information in discovery. The Official Committee also intends to depose a representative(s) of organizations you represent or that are affiliated with your clients pursuant to Federal Rule of Civil Procedure 30, as incorporated by Federal Rule of Bankruptcy Procedure 7030.

During the July 23 hearing, the Court recognized that production of documents relevant to depositions in these cases is not complete, and likely will not be finished for several months. The Court nevertheless suggested that the parties "think about" whether depositions can be scheduled in the near term "with the agreement that [the parties] would supplement [such depositions] based on the last bits of discovery that come in in October." July 23 Tr. at 69. With that in mind, we propose scheduling initial depositions (including a 30(b)(6) deposition) for late August and September to the extent practicable, with the understanding that depositions may

---

[1] The Official Committee may question this person about his affiliations outside of the II Way Entities.

One Bryant Park | New York, New York 10036-6745 | 212.872.1000 | fax: 212.872.1002 | akingump.com

UNREDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL - CONTAINS PRIVILEGED COMMUNICATIONS - TREATED AS HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER



Haug Partners
July 29, 2020
Page 2

have to be resumed after additional information is produced in discovery. For the witnesses whom you represent or control, please notify them of the foregoing promptly, and please advise us when you are available to discuss scheduling in more detail.

Nothing herein constitutes a waiver or relinquishment of any of the Official Committee's claims, defenses, rights or remedies, all of which expressly are reserved.

                                                Sincerely,

                                                */s/ Mitchell Hurley*
                                                Mitchell P. Hurley