UNREDACTED VERSIONS OF EXHIBITS CONTAIN PRIVILEGED COMMUNICATIONS - TREAT SUBJECT TO PROTECTIVE ORDER

# EXHIBIT 65

UNREDACTED VERSION OF REDACTED DOCUMENT — PRIVILEGED COMMUNICATIONS - TREATMENT SUBJECT TO PROTECTIVE ORDER



**MITCHELL P. HURLEY**
+1 212.872.1011/fax: +1 212.872.1002
mhurley@akingump.com

July 29, 2020

VIA EMAIL

Matt Herrington
**Paul Hastings LLP**
875 15th St. NW, #10
Washington, DC 20005
*Counsel to Current and Former*
*Board Members*

Re: *In re: Purdue Pharma L.P. et al.*, No. 19-23649 (Bankr. S.D.N.Y.)

Dear Mr. Herrington:

As you know, we represent the Official Committee of Unsecured Creditors (the "Official Committee") in the above-referenced cases. In light of, among other things, the Court's comments during the July 23, 2020 hearing, we write concerning deposition scheduling in these cases. Please be advised that the Official Committee is likely to take depositions of a number of persons whom we understand that you represent, and/or whose testimony you are able to arrange or assist in arranging, including the following:[1]

- Boer, Peter
- Costa, Paolo
- Lewent, Judy (Judith)
- Loomis, William
- Pickett, Cecil
- Snyderman, Ralph
- Thierrault, Jacques

Please identify any of the foregoing persons whom you <u>do not</u> represent and/or are whose testimony you cannot arrange (if any), and for each such person please identify his or her counsel, to the extent known. The foregoing list is preliminary, and may be modified as the

---

[1] Some of these persons may be questioned about their affiliations with entities beyond the Debtors, including the Independent Associated Companies and other affiliated companies.

UNREDACTED VERSION OF DOCUMENT FILED UNDER SEAL - CONTAINS PRIVILEGED COMMUNICATIONS - TREATED SUBJECT TO PROTECTIVE ORDER



Paul Hastings LLP
July 29, 2020
Page 2

Official Committee continues to receive and review documents and other information in discovery.

During the July 23 hearing, the Court recognized that production of documents relevant to depositions in these cases is not complete, and likely will not be finished for several months. The Court nevertheless suggested that the parties "think about" whether depositions can be scheduled in the near term "with the agreement that [the parties] would supplement [such depositions] based on the last bits of discovery that come in in October." July 23 Tr. at 69. With that in mind, we propose scheduling initial depositions (including a 30(b)(6) deposition) for late August and September to the extent practicable, with the understanding that depositions may have to be resumed after additional information is produced in discovery. For the witnesses whom you represent or control, please notify them of the foregoing promptly, and please advise us when you are available to discuss scheduling in more detail.

Nothing herein constitutes a waiver or relinquishment of any of the Official Committee's claims, defenses, rights or remedies, all of which expressly are reserved.

                Sincerely,

                */s/ Mitchell Hurley*
                Mitchell P. Hurley