UNREDACTED OUTSIDE PROFESSIONALS' EYES ONLY / CONTAINS PROFESSIONALS' EYES ONLY INFORMATION PRIVILEGED COMMUNICATIONS - TREATED AS SUBJECT TO PROTECTIVE ORDER

# EXHIBIT 67

| | |
|---|---|
| **From:** | Oluwole, Chautney M. |
| **Sent:** | Wednesday, September 23, 2020 6:08 PM |
| **To:** | Scott, Elizabeth D.; McClammy, James I. |
| **Cc:** | Kaminetzky, Benjamin S.; Duggan, Charles S.; Clarens, Margarita; Huebner, Marshall S.; purdue.dpw.diligence; Troop, Andrew (External); Alfano, Andrew (External); Sharp, Jason (External); keckstein@kramerlevin.com; rringer@kramerlevin.com; Schinfeld, Seth F.; BCohen@KRAMERLEVIN.com; Hurley, Mitchell; apreis@akingump.com; PPLP Group; PUR UCC PRIV TEAM |
| **Subject:** | RE: In re: Purdue Pharma L.P. et al., No. 19-23649 (Bankr. S.D.N.Y.) - Letter to Debtors |

Hi Elizabeth,

We are in receipt of your September 21, 2020 letter, which seems repetitive of the issues raised in the UCC's August 30, 2020 letter. As stated in our September 8, 2020 letter, your position that communications "copying third party individuals or entities … vitiates any claim of privilege" is not consistent with the law. Despite the UCC's continuous attempt to apply a blanket rule with respect to third parties, we repeat our previous position that this determination must be made on a document-by-document basis. The many exhibits to the UCC's 90 page communication seem to indicate that the UCC has selected every single document in the supplemental log which includes a third party, as opposed to engaging in a thoughtful, selective exercise of actually reviewing the detailed information included on the log such as subject, date, all participants, type of privilege claims and log descriptions to determine whether the presence of the third party may actually waive any applicable privilege. We have engaged in this thoughtful exercise, and we continue to do so. We are happy to consider any specific challenges to entries on the log, and as previously promised, we will produce any documents that are determined to be not privileged after additional review. We will also endeavor to provide additional information about persons and entities that the UCC has identified as "unknown."

Given our good faith offer to continue to consider specific document challenges raised by the UCC, and to produce any documents that are determined to be not privileged, we do not think we are at an impasse. Nor do we think it is necessary to provide amended logs within arbitrary timelines set by the UCC. We will provide amended versions of the logs produced in the bankruptcy to date by next week, and Monday's document production will include any documents that have been determined to be not privileged after additional review.

We are available to further discuss any remaining issues.

Thanks,

Chautney


**Chautney M. Oluwole**

**Davis Polk & Wardwell** LLP
901 15th Street NW  |  Washington, DC 20005
+1 202 962 7134 tel  |  ████████ mobile
chautney.oluwole@davispolk.com

Confidentiality Note: This email is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure. Unauthorized use, dissemination, distribution or copying of this email or the information herein or taking any action in reliance on the contents of this email or the information herein, by anyone other than the intended recipient, or an employee or agent responsible for delivering the message to the intended recipient, is strictly prohibited. If you have received this email in error, please notify the sender immediately and destroy the original message, any attachments thereto and all copies. Please refer to the firm's Privacy Notice for important information on how we process personal data. Our website is at www.davispolk.com.

**From:** Scott, Elizabeth D. <EDScott@AKINGUMP.com>
**Sent:** Monday, September 21, 2020 5:20 PM
**To:** McClammy, James I. <james.mcclammy@davispolk.com>
**Cc:** Kaminetzky, Benjamin S. <ben.kaminetzky@davispolk.com>; Duggan, Charles S. <charles.duggan@davispolk.com>; Clarens, Margarita <margarita.clarens@davispolk.com>; Huebner, Marshall S. <marshall.huebner@davispolk.com>; Oluwole, Chautney M. <chautney.oluwole@davispolk.com>; purdue.dpw.diligence <purdue.dpw.diligence@davispolk.com>; Troop, Andrew (External) <andrew.troop@pillsburylaw.com>; Alfano, Andrew (External) <andrew.alfano@pillsburylaw.com>; Sharp, Jason (External) <jason.sharp@pillsburylaw.com>; keckstein@kramerlevin.com; rringer@kramerlevin.com; Schinfeld, Seth F. <SSchinfeld@KRAMERLEVIN.com>; BCohen@KRAMERLEVIN.com; Hurley, Mitchell <mhurley@AkinGump.com>; apreis@akingump.com; PPLP Group <PPLPGroup@akingump.com>; PUR UCC PRIV TEAM <PURUCCPRIVTEAM@akingump.com>
**Subject:** In re: Purdue Pharma L.P. et al., No. 19-23649 (Bankr. S.D.N.Y.) - Letter to Debtors

Counsel,

Please see the attached correspondence in connection with the above-referenced matter.

Thank you,

**Elizabeth Scott**
**AKIN GUMP STRAUSS HAUER & FELD** LLP

2300 N. Field Street  |  Suite 1800  |  Dallas, TX 75201  |  USA  |  Direct: <u>+1 214.969.4297</u>  |  Internal: <u>14297</u>
Fax: +1 214.969.4343  |  Mobile: ███████  |  <u>edscott@akingump.com</u>  |  <u>akingump.com</u>  |  <u>Bio</u>

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.