UNREDACTED VERSION OF DOCUMENT FILED UNDER SEAL - CONTAINS PRIVILEGED COMMUNICATIONS - TREAT SUBJECT TO PROTECTIVE ORDER

# EXHIBIT 71

UNREDACTED VERSION OF TESTIMONY AND/OR ONE OR MORE INHIBITS CONTAIN PRIVILEGED COMMUNICATIONS - TREATED SUBJECT TO PROTECTIVE ORDER

| | |
|---|---|
| **From:** | Troop, Andrew M. <andrew.troop@pillsburylaw.com> |
| **Sent:** | Monday, July 6, 2020 10:13 PM |
| **To:** | McClammy, James I.; Oluwole, Chautney M. |
| **Cc:** | Feiner, Gillian (AGO) |
| **Subject:** | RE: Purdue: DOJ Documents |

Jim and Chautney,

I want to follow up our call from earlier today, and in particular our discussion about whether documents produced to States and designated Highly Confidential must automatically be turned over upon receipt of a FOIA request.

The States are bound to treat documents marked Highly Confidential pursuant to the below excerpted paragraphs of the Protective Order. Upon receipt of a FOIA request for documents marked Highly Confidential, the States would follow the procedures outlined in paragraphs 76-79 of the Protective Order. The States would not produce document pursuant to a FOIA request unless ordered by a Court to do so or with Purdue's consent.

> 15. "**Highly Confidential Information**" means any Discovery Material designated as Highly Confidential that constitutes, reflects, discloses, or contains information the Producing Party has maintained as confidential and (i) the disclosure of which would allow a Market Participant to gain a material advantage in the marketplace such that it qualifies as a trade secret under applicable law, or (ii) the disclosure of which would be likely to cause commercial harm to the Producing Party or to the business partners or counterparties of the Producing Party. For the avoidance of doubt, Discovery Material with a 'Highly Confidential' designation from other litigations that is reproduced in the Proceeding is governed by this Protective Order without any need to re-designate such Discovery Material.

> 45. **Highly Confidential Information**. In the absence of written permission from the Producing Party or an order of the Court, a Receiving Party to whom Highly Confidential Information designated in accordance with the provisions of this Protective Order is produced shall use such Highly Confidential Information solely for purposes of the Proceeding and such Receiving Party shall not disclose the contents of such Highly Confidential Information to any person or entity unless such person or entity falls within at least one of the following categories: i. Such Receiving Party, unless such Party is a Market Participant; ii. If such Receiving Party is a Group, the Members (including staff employed by such Member) of such Receiving Party, unless such Member is a Market Participant; iii. Outside Counsel for such Receiving Party, In-House Counsel for such Receiving Party unless such Party is a Market Participant, and the attorneys, paralegals, stenographic, and clerical staff employed by such Counsel; iv. If such Receiving Party is a Group, the Member Outside Counsel for each Member of such Receiving Party, In-House Counsel for each Member of such Receiving Party unless such Member is a Market Participant, and the attorneys, paralegals, stenographic, and clerical staff employed by such Counsel; v. Professionals for such Receiving Party (whether retained by the Receiving Party or such Party's Counsel), unless such Party is a Market Participant or such Party's Counsel is acting solely on behalf of a Market Participant; vi. Vendor agents for such Receiving Party (whether retained by the Receiving Party or such Party's Counsel), unless such Party is a Market Participant or such Party's Counsel is acting solely on behalf of a Market Participant; vii. Stenographic employees and court reporters recording or transcribing testimony in the Proceeding; viii. Any deponent or witness, and his/her counsel, who may be shown Highly Confidential Information only to the extent necessary to prepare for deposition or testimony or during such deposition or testimony; provided that such deponent or witness shall not be permitted to retain Highly Confidential Information and further provided that, unless otherwise agreed by the Producing Party or ordered by the Court, no Highly Confidential Information may be shown to any

witness who is a current employee of a Market Participant; and ix. The Court, any trial or appellate court to which an appeal of a decision of the Court is taken, and any members of the courts' staff to whom it is necessary to disclose the information; provided that no such information shall be publicly filed unless required by an order of the Court. Before any Highly Confidential Information is reviewed or inspected by or otherwise disclosed to any person listed in (i)-(vi) above, the Receiving Party shall be responsible for providing such persons with a copy of this Protective Order and instructing such persons to comply with the terms of the Protective Order.

Let me know if you disagree with the analysis. The Protective Order obviates the need to designate DOJ documents PEO out of concern for a FOIA request.

Regards,

Andrew

---

**From:** McClammy, James I. <james.mcclammy@davispolk.com>
**Sent:** Saturday, July 4, 2020 10:15 AM
**To:** Feiner, Gillian (AGO) <gillian.feiner@state.ma.us>
**Cc:** Troop, Andrew M. <andrew.troop@pillsburylaw.com>; Oluwole, Chautney M. <chautney.oluwole@davispolk.com>
**Subject:** Re: Purdue: DOJ Documents

Thanks. We will send an invite.

Have a good weekend.

Sent from my iPhone

> On Jul 4, 2020, at 8:41 AM, Feiner, Gillian (AGO) <gillian.feiner@state.ma.us> wrote:
>
> 10am in Monday is good. Thanks. Enjoy the weekend!
>
> Sent from my iPhone
>
>> On Jul 4, 2020, at 7:41 AM, Troop, Andrew M. <andrew.troop@pillsburylaw.com> wrote:

CAUTION: This email originated from a sender outside of the Commonwealth of Massachusetts mail system. Do not click on links or open attachments unless you recognize the sender and know the content is safe.

>> Either works for me.
>>
>> Regards,

UNREDACTED VERSION OF DOCUMENT FILED UNDER SEAL CONTAINS PRIVILEGED COMMUNICATIONS - TREATMENT SUBJECT TO PROTECTIVE ORDER

19-23649-shl Doc 2166-01 Filed 12/18/20 Entered 12/18/20 18:47:42 Exhibit 1 Pgs 4 of 13

Andrew

On Jul 4, 2020, at 7:31 AM, McClammy, James I. <james.mcclammy@davispolk.com> wrote:

Thanks. I can do 10-12 tomorrow, but if people don't want to take up a Sunday on a holiday weekend, I could also do 9:30-12:00 on Monday. Let us know.

J.I.M.

On Jul 3, 2020, at 2:33 PM, Feiner, Gillian (AGO) <gillian.feiner@state.ma.us> wrote:

I'm flexible this weekend

Sent from my iPhone

On Jul 3, 2020, at 2:25 PM, Troop, Andrew M. <andrew.troop@pillsburylaw.com> wrote:

CAUTION: This email originated from a sender outside of the Commonwealth of Massachusetts mail system. Do not click on links or open attachments unless you recognize the sender and know the content is safe.

Jim,

Let us know when you might have time over the weekend or on Monday to discuss the memorialization and re-designation points. For me, I'm flexible tomorrow 9:30 – 2:30 and Sunday 10:00 – 4:00. On Monday, it's 9:30 – 1. Gillian you should respond with your availability as well.

3

Thanks, and safe and easy travels.

---

**From:** McClammy, James I. <james.mcclammy@davispolk.com>
**Sent:** Friday, July 3, 2020 8:00 AM
**To:** Troop, Andrew M. <andrew.troop@pillsburylaw.com>
**Cc:** Oluwole, Chautney M. <chautney.oluwole@davispolk.com>; apreis@akingump.com; Hurley, Mitchell <mhurley@akingump.com>; Feiner, Gillian (AGO) <gillian.feiner@state.ma.us>; Alexander, Sandy (AGO) <sandy.alexander@state.ma.us>; David E. Nachman (David.Nachman@ag.ny.gov) <David.Nachman@ag.ny.gov>; Megan Rundlet (CO) <Megan.Rundlet@coag.gov>; Melissa L. Van Eck <mvaneck@attorneygeneral.gov>; M. Umair Khan (umair.khan@ag.ny.gov) <umair.khan@ag.ny.gov>; Sharp, Jason S. <jason.sharp@pillsburylaw.com>; Alfano, Andrew V. <andrew.alfano@pillsburylaw.com>
**Subject:** Re: Purdue: DOJ Documents

Andrew —

Thank you for the below. I will let everyone know so that we can get the process started. We should find a time to talk to discuss the memorialization and de-designation points. I will be with clients after our call on the class claim motions and then traveling today, but can make time over the weekend or on Monday (whichever is best for you.

J.I.M.

> On Jul 2, 2020, at 10:53 PM, Troop, Andrew M. <andrew.troop@pillsburylaw.com> wrote:

4

Jim,

I have confirmed both with the NCSG and UCC that this works. I am copying both on this email to close the circle.

Also, the NCSG is going to want the debtors to undertake a review to re-designate, if appropriate, documents which for the sake of speed first will be posted to the debtors' view-only website.

Finally, the AHC – which intended to join in our 2004 request – has asked for access to the documents as well.

We do need to conclude on how best to memorialize this agreement. I continue to advocate for a court order and appreciate that the debtors will begin the production and privilege review process without delay while we work through this point.

Regards,

Andrew

---

**From:** McClammy, James I. <james.mcclammy@davispolk.com>
**Sent:** Wednesday, July 1, 2020 2:33 PM
**To:** Troop, Andrew M. <andrew.troop@pillsbu

5

rylaw.com>
**Cc:** Oluwole, Chautney M. <chautney.oluwole@davispolk.com>
**Subject:** RE: Purdue: DOJ Documents

**\* EXTERNAL EMAIL \***

Andrew –

Thank you as well for making time this morning. I believe you have accurately stated our proposal. I will just add a couple of points for clarity's sake. Although not discussed this morning, I did want to reiterate that, especially given the expedited nature of the privilege review, that Debtors reserve their rights to make use of the claw back provisions of the Protective Order (understanding the NCSG and UCC similarly reserve their rights to object).

Also, we will commit to immediately commencing the process of preparing those documents that will not be subject to the privilege review for production. Given the volume, that may take some time to process, but we can give you a better sense of a start date for the production soon. At the end, we expect the production

will be around or in excess of 1.8 million documents.

We will discuss the court order request and revert. We will not delay starting this process for that.

We look forward to your response.

J.I.M.

**From:** Troop, Andrew M. <andrew.troop@pillsburylaw.com>
**Sent:** Wednesday, July 1, 2020 1:04 PM
**To:** McClammy, James I. <james.mcclammy@davispolk.com>
**Subject:** Purdue: DOJ Documents

Dear Jim,

Thanks for you call this morning. As discussed, before I report to the NCSG and the UCC, I want to confirm my understanding of the Debtors' proposal.

1. The Debtors will produce to the NCSG and the UCC all non-privileged documents produced to the DOJ.
2. The Debtors will undertake an expedited review for

7

UNREDACTED VERSION OF NOTES REFLECTING ONE OR MORE ATTORNEY-CLIENT PRIVILEGED COMMUNICATIONS - TREATED SUBJECT TO PROTECTIVE ORDER

privilege and will provide the NCSG and the UCC with a privilege log for withheld documents. Although you don't have perfect data, you expect that approximately 25% of the documents will need to be reviewed for privilege. All challenges with respect to privilege designations are preserved.

3. You expect the production to be in excess of 1.8 million documents. To expedite production, you do not intend to review for confidentiality before production, but as a result you intend to produce on a PEO basis under the Protective Order. Doing so will provide counsel with full access and NCSG members view-only access to the documents. Given the volume, the cost for the Debtors

8

UNREDACTED VERSION OF DOCUMENT FILED UNDER SEAL CONTAINS PRIVILEGED COMMUNICATIONS - TREATED AS SUBJECT TO PROTECTIVE ORDER

19-23649-shl Doc 2166-01 Filed 12/18/20 Entered 12/18/20 18:47:42 Exhibit 71 Pg 10 of 13

reviewing each document to confirm whether a lesser confidentiality designation is appropriate and to expedite the start of production, you have asked us to consider whether it makes sense for the NCSG to designate documents it would request be re-designated.

4. You will produce on a rolling basis and will start promptly. You need to confirm a start date.
5. In exchange, the NCSG will not file its Rule 2004 Motion at this time.

I asked you to consider memorializing this agreement in a court order. You said you would review and client and get back to me. I do not want to slow down getting documents produced in accordance with the above, while we explore the issue of entry of an order.

Let me know if the above is accurate. Thanks.

9

Andrew

**Andrew M. Troop** | Partner
Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street | New York, NY 10019-6131
t +1.212.858.1660 | f +1.212.973.7435 | m
andrew.troop@pillsburylaw.com | website bio
<image001.png>
<image002.png>

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this

10

UNREDACTED VERSION OF EXHIBIT FILED ONLY IN PART — CONTAINS PRIVILEGED COMMUNICATIONS - TREATED AS HIGHLY CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER

message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.