# Exhibit 1

**EXHIBIT 1**

## SETTLEMENT AGREEMENT AND RELEASE

KNOW ALL MEN BY THESE PRESENTS:

That Darrell V. McGraw, Attorney General for the State of West Virginia, on behalf of the State of West Virginia, the West Virginia Bureau of Employment Programs, the West Virginia Department of Health and Human Resources and the West Virginia Public Employees Retirement Agency (collectively, "the Attorney General"), having commenced this action against Purdue Pharma, L.P., Purdue Pharma, Inc., the Purdue Frederick Company, (collectively, "Purdue"), Abbott Laboratories and Abbott Laboratories, Inc., (together, "Abbott"), in consideration of the sum of Ten Million Dollars ($10,000,000.00), payable in four equal annual installments beginning on December 15, 2004, by Purdue, the sufficiency of which is hereby acknowledged, does for the State of West Virginia and all of its agencies, hereby absolutely, unconditionally, and irrevocably release, remise, acquit, and forever discharge Purdue and Abbott, and each of their successors and affiliates, and all of their present, former, or future masters, insurers, principals, agents, assigns, officers, directors, shareholders, owners, employees, attorneys, representatives, subsidiaries, divisions, affiliates, associated companies, holding companies, partnerships, and joint ventures, of and from any and all claims of whatsoever kind or nature relating to OxyContin® Tablets, whether now arisen or hereafter to arise, that were asserted or which could have been asserted in the action at law pending in the Circuit Court of McDowell County, West Virginia, styled State of West Virginia ex rel. Darrell V. McGraw, Jr., Attorney General, West Virginia Bureau of Employment Programs, West Virginia Department of Health and Human Resources and West Virginia Public Employees Retirement Agency v. Purdue Pharma, L.P.; Purdue Pharma, Inc.; Purdue Frederick Company;

VF 00932234

<u>Abbott Laboratories; and Abbott Laboratories, Inc.</u>, Civil Action No. 01-CV-137, including but not limited to claims relating to OxyContin® Tablets which grow out of, relate to or concern personal injuries, property damages, medical expenses, subrogation claims, state or private expenditures, and any other damages and other costs, expenses, or losses of any kind, including but not limited to compensatory and/or punitive damages and/or civil or administrative fines or penalties sustained or incurred as a result of the actual or alleged manufacture, distribution, marketing, prescribing, use or abuse in any manner, or sale of OxyContin® Tablets, as more fully detailed in the Complaint in the above-styled civil case.

It is further understood and agreed by the undersigned that the sum by Purdue is made in compromise and settlement of claims made and denied, and that the payment should not be construed as either (i) an admission or concession by Purdue and/or Abbott of a violation of any statute, regulation, or other legal requirement or of any liability under any theory of recovery at law or in equity; or (ii) an admission or concession by Purdue and/or Abbott regarding the strengths or merits of any claim previously alleged or which could have been alleged by the Attorney General in connection with the actual or alleged manufacture, distribution, marketing, prescribing, use or abuse in any manner, or sale of OxyContin® Tablets.

It is further understood and agreed that the undersigned hereby represents, acknowledges and states that the consideration paid herein is fair and reasonable under all circumstances involved.

It is further understood and agreed by the undersigned that the Ten Million Dollars ($10,000,000.00) sum, paid by Purdue in four equal annual installments beginning on December 15, 2004, shall be placed in trust in the Consumer Protection Fund of the Office of the Attorney

VF 00932235

General and shall be used (subject to a determination of attorney fees and expenses by the Court) in conformity with the Final Order entered in the above-mentioned civil action.

It is further understood and agreed that upon execution of this settlement agreement and Final Order the Attorney General and Plaintiffs will release any and all claims made and dismiss and withdraw the pending civil action and all claims associated therewith.

It is further understood and agreed that this Settlement Agreement and Release shall be governed by and construed under the laws of the State of West Virginia.

It is further understood and agreed that if any provision of this Settlement Agreement and Release is or shall become invalid, illegal, or unenforceable in any respect, the remaining provisions hereof shall not be in any way affected or impaired thereby.

It is further understood and agreed that each party to this Settlement Agreement and Release shall pay all costs and expenses incurred by it in connection with this dispute and with the performance of its obligations under this Settlement Agreement and Release to be delivered pursuant hereto.

It is further understood and agreed that this Settlement Agreement and Release shall be binding upon, and inure to the benefit of, each party hereto and its respective representatives, successors, and assigns.

It is further understood and agreed that this Settlement Agreement and Release and any and all agreements, documents, or other instruments delivered pursuant hereto or thereto, constitute the entire agreement between the parties with respect to the subject matter hereof and supersede any other prior agreements, understandings, conditions, representations, or warranties, whether oral or written, with respect to the subject hereof.

3

VF 00932236

It is further understood and agreed that neither this Settlement Agreement and Release nor any term hereof may be changed, waived, discharged, or terminated orally, but only by written agreement signed by all of the parties hereto.

It is further understood and agreed that the rights, duties, and obligations as set forth in this Settlement Agreement and Release shall belong exclusively to the parties hereto, and that in no event shall any person or entity not a party or an affiliate of a party hereto have any rights, duties, or obligations against any party hereto or any affiliate thereof arising pursuant to the terms of this Settlement Agreement and Release. The undersigned understands and agrees that, in entering this Release and Settlement Agreement, he has relied upon the advice of his attorneys, who are the attorneys of his choice, and that the terms of this Release and Settlement Agreement have been completely read and explained to him by his attorneys, and that the terms are fully understood and voluntarily accepted by the undersigned.

This is a full, final, and complete release of any and all claims and demands from Darrell V. McGraw, Attorney General for the State of West Virginia, on behalf of the State of West Virginia, the West Virginia Bureau of Employment Programs, the West Virginia Department of Health and Human Resources and the West Virginia Public Employees Retirement Agency, as well as all other state agencies, sustained or incurred as a result of the manufacture, marketing and sale of OxyContin® Tablets in the State of West Virginia, as more fully detailed in the Complaint in the above-styled civil case.

VF 00932237

IN WITNESS WHEREOF, _____, signed this document on the ___ day of _____ 2004, with the advice and consent of his counsel.

STATE OF WEST VIRGINIA, THE WEST VIRGINIA BUREAU
OF EMPLOYMENT PROGRAMS, THE WEST VIRGINIA DEPARTMENT
OF HEALTH AND HUMAN RESOURCES AND THE WEST
VIRGINIA PUBLIC EMPLOYEES RETIREMENT AGENCY

BY:

_____
Darrell V. McGraw, Attorney General
for the State of West Virginia

PURDUE PHARMA, L.P., PURDUE PHARMA, INC.,
and THE PURDUE FREDERICK COMPANY

By: _Howard R. Udell_
Title: _Executive V.P., Chief Legal Officer_
Date: _December 15, 2004_

5

VF 00932238