REDACTED

AKIN GUMP STRAUSS HAUER & FELD LLP
Ira S. Dizengoff
Arik Preis
Mitchell Hurley
Joseph L. Sorkin
Sara L. Brauner
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002

*Counsel to the Official Committee of Unsecured
Creditors of Purdue Pharma L.P.,* et al.

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PURDUE PHARMA L.P., *et al.*,[1] | ) | Case No. 19-23649 (RDD) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**<u>DECLARATION OF ARIK PREIS DATED NOVEMBER 18, 2020</u>**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

PUBLICLY FILED PER STIPULATION [ECF 2140]

<span style="color:red">REDACTED</span>

Under 28 U.S.C. § 1746, I, Arik Preis,[2] declare under the penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. This declaration ("**Declaration**") is submitted in support of the Official Committee of Unsecured Creditors of Purdue Pharma, L.P. et al.'s Motions (defined below) and two reply briefs filed contemporaneously with this Declaration entitled (1) Official Committee of Unsecured Creditors' Reply in Support of Its Motion to Compel Production of Purportedly Privileged Documents, or for *In Camera* Review, Based on Good Cause, Crime Fraud, and At Issue Exceptions to Claims of Privilege (the "**Exceptions Reply**")[3]; and (2) Official Committee of Unsecured Creditors' Reply in Support of Motion to Compel Production of Purportedly Privileged Documents, or for *In Camera* Review, Based on Failure of the Sacklers to Demonstrate Documents Identified on Logs are Privileged (the "**General Challenges Reply,**"[4] and, together with the Exceptions Reply, the "**Replies**").[5]

2. I am an attorney in good standing admitted to practice in the State of New York, and I am a partner at the law firm of Akin Gump Strauss Hauer & Feld LLP ("**Akin Gump**"). I was admitted to the New York State Bar in 2001 and have been practicing law in the area of bankruptcy and financial restructuring since that time. I make this Declaration based on my own personal knowledge and belief, and upon documents and information available to me as counsel to the Official Committee of Unsecured Creditors of Purdue Pharma, L.P. et al (the "**UCC**").

---

[2] My legal name is Erik Preis but for my entire life I have utilized the name Arik and not Erik.

[3] For the sake of clarity, the Exceptions Reply is submitted in support of the UCC's *Motion to Compel Production of Purportedly Privileged Documents, or for* In Camera *Review, Based on Good Cause, Crime Fraud, and At Issue Exceptions to Claims of Privilege* [ECF No. 1753] (the "**Exceptions Motion**").

[4] For the sake of clarity, the Challenges Reply is submitted in support of the UCC's *Motion to Compel Production of Purportedly Privileged Documents, or for In Camera Review, Based on Failure of the Sacklers and the Debtors to Demonstrate Documents Identified on Logs are Privileged* [ECF No. 1752] (the "**General Challenges Motion**"). The Exceptions Motion and General Challenges Motion are collectively referred to herein as the "**Motions**."

[5] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Replies, which the UCC has endeavored to use consistently with definitions used in the Motions.

<span style="color:red">PUBLICLY FILED PER STIPULATION [ECF 2140]</span>

REDACTED

3.      The UCC files its Replies in accordance with the briefing schedule provided in the

*Stipulation and Agreed Order Regarding Amended Briefing Schedule in the Chapter 11 Cases*,

executed by the Debtors, the Sacklers, the NCSG, the AHC, and the UCC, which was filed and so

ordered by the Court on October 26, 2020 [ECF No. 1848].  After filing its Motions, the UCC has

continued to meet and confer with counsel for the Side A and Side B Sacklers (collectively, the

"**Sacklers**") and the Debtors (collectively with the Sacklers, the "**Withholding Parties**") in a good

faith effort to resolve by agreement the issues raised by the Motions without the intervention of

the Court.  While the parties informally resolved some of the UCC's challenges, they could not

resolve all the issues as described in the Replies.

4.      This Declaration attaches and describes documents and testimony relied upon in

the Replies.  Certain exhibits attached hereto have been designated as Confidential, Highly

Confidential, Professional's Eyes Only, or Outside Professional's Eyes Only, by one or more

parties to this proceeding and are redacted pursuant to the *Third Amended Protective Order* entered

in these proceedings [ECF No. 1935].  The UCC also files certain correspondence with the

Withholding Parties under seal in an abundance of caution in order to accommodate certain

Withholding Parties' prior positions concerning the confidentiality of email address and other

information that may be contained therein.  By filing in this way, the UCC does not intend to

suggest that it agrees the information is or ought to be confidential.

5.      Attached hereto as **Exhibit A** is a true and correct copy of an excel workbook

containing the entries on Side A's privilege log that the UCC is challenging in the Motions and

Replies, separated by category based on the tabbed worksheets in the excel workbook.  For the

Exceptions Motion and Reply, the privilege entries are a non-exhaustive, illustrative list of the

Challenged Documents (as defined in the Exceptions Motion) that the UCC believes fit within the

PUBLICLY FILED PER STIPULATION [ECF 2140]

REDACTED

categories of privileged documents the UCC seeks to compel.  This Exhibit A is intended to supersede the Exhibit A attached to the Declaration of Mitchell Hurley Dated September 29, 2020, originally filed in support of the Motions.

6.      Attached hereto as **Exhibit B** is a true and correct copy of an excel workbook containing the entries on Side B's privilege log that the UCC is challenging in the Motions and Replies, separated by category based on the tabbed worksheets in the excel workbook.  For the Exceptions Motion and Reply, the privilege entries are a non-exhaustive, illustrative list of the Challenged Documents (as defined in the Exceptions Motion) that the UCC believes fit within the categories of privileged documents the UCC seeks to compel.  This Exhibit B is intended to supersede the Exhibit B attached to the Declaration of Mitchell Hurley Dated September 29, 2020, originally filed in support of the Motions.

7.      Attached hereto as **Exhibit C** is a list of document control numbers corresponding to certain Privilege Log entries for which the UCC requests *in camera* review.  The list is organized categorically and by Withholding Party.  The document control numbers in Exhibit C are presented as a limited sampling of materials that the UCC believes would enable the Court to make a reasoned determination whether further *in camera* review or other relief is appropriate respecting categories of documents identified in the General Challenges Reply.

8.      Attached hereto as **Exhibit 110** is a true and correct copy of a letter from Mitchell Hurley to Alexander Lees, dated September 25, 2020.

9.      Attached hereto as **Exhibit 111** is a true and correct copy of a letter from Mitchell Hurley to Alexander Lees, dated October 12, 2020.

10.     Attached hereto as **Exhibit 112** is a true and correct copy of a letter from Mitchell Hurley to Jasmine Ball, dated October 14, 2020.

PUBLICLY FILED PER STIPULATION [ECF 2140]

REDACTED

11.    Attached hereto as **Exhibit 113** is a true and correct copy of an email from Elizabeth Scott to Jasmine Ball, dated October 20, 2020.

12.    Attached hereto as **Exhibit 114** is a true and correct copy of an email from Elizabeth Scott to Jasmine Ball, dated October 23, 2020.

13.    Attached hereto as **Exhibit 115** is a true and correct copy of an email from Elizabeth Scott to Jasmine Ball, dated October 29, 2020.

14.    Attached hereto as **Exhibit 116** is a true and correct copy of a letter from Alexander Lees to Mitchell Hurley, dated September 28, 2020.

15.    Attached hereto as **Exhibit 117** is a true and correct copy of a letter from Alexander Lees to Mitchell Hurley, dated October 19, 2020.

16.    **Exhibit 118** to this Declaration has been intentionally omitted.

17.    **Exhibit 119** to this Declaration has been intentionally omitted.

18.    **Exhibit 120** to this Declaration has been intentionally omitted.

19.    **Exhibit 121** to this Declaration has been intentionally omitted.

20.    Attached hereto as **Exhibit 122** is a true and correct copy of an email from Stuart Baker dated November 1, 2018, which was produced to the UCC under the Bates number MSF00470861.

21.    Attached hereto as **Exhibit 123** is a true and correct copy of an email exchange between Mortimer Sackler and Antony Mattessich, dated April 24, 2017, which was produced to the UCC under the Bates number MSF00575712.

22.    Attached hereto as **Exhibit 124** is a true and correct copy of an email from Stuart Baker to Richard Sackler, dated November 22, 2013, which was produced to the UCC under the Bates number RSF_OLK00070002.

PUBLICLY FILED PER STIPULATION [ECF 2140]

REDACTED

23.     Attached hereto as **Exhibit 125** is a true and correct copy of a July 27, 2011 email from Cecil Pickett forwarding a Stuart Baker email with attachment titled "Proposed 2012 Calendar of Meetings and Board Calls," which was produced to the UCC under the Bates numbers PPLPUCC9002657293-94.

24.     Attached hereto as **Exhibit 126** is a true and correct copy of an email chain dated June 21, 2019, which was produced to the UCC under the Bates number MSF00997606.

25.     Attached hereto as **Exhibit 127** is a true and correct copy of an excel spreadsheet containing text messages including Dame Theresa Sackler and others, which was produced to the UCC under the Bates number MSF90089695.

26.     Attached hereto as **Exhibit 128** is a true and correct copy of an email from Paul Gallagher, Senior Managing Director at Teneo, dated May 20, 2019, which was produced to the UCC under the Bates number PPLPUCC002663187.

27.     Attached hereto as **Exhibit 129** is a true and correct copy of an email from Paul Gallagher, Senior Managing Director at Teneo, dated May 20, 2019, which was produced to the UCC under the Bates number PPLPUCC002664919.

28.     Attached hereto as **Exhibit 130** is a true and correct copy of an email from Mortimer Sackler dated May 21, 2019, which was produced to the UCC under the Bates number PPLPUCC002662986.

29.     **Exhibit 131** to this Declaration has been intentionally omitted.

30.     Attached hereto as **Exhibit 132** is a true and correct copy of an email from David Lundie to John Donovan, dated February 8, 2012, which was produced to the UCC under the Bates number PPLPC036000177151.

PUBLICLY FILED PER STIPULATION [ECF 2140]

REDACTED

31.     Attached hereto as **Exhibit 133** is a true and correct copy of a September 2010 email chain which was produced to the UCC under the Bates number PPLPUCC002449097.

32.     Attached hereto as **Exhibit 134** is a true and correct copy of an email from Michael Friedman dated March 5, 2006, which was produced to the UCC under the Bates number PPLPUCC002603602.

33.     Attached hereto as **Exhibit 135** is a true and correct copy of a February 15, 2011 email from Jonathan Sackler attaching Purdue board and management discussion materials, which was produced to the UCC under the Bates number PPLPUCC9003800123.

34.     Attached hereto as **Exhibit 136** is a true and correct copy of excerpts from the minutes of a March 4, 2003 meeting of the board of directors of Purdue Pharma Inc., which was produced to the UCC under the Bates number PPLPUCC500647319.

35.     Attached hereto as **Exhibit 137** is a true and correct copy of a May 5, 2017 email from Craig Landau attaching a Purdue diagnostic and forward plan, which was produced to the UCC under the Bates number PWG004670879.

36.     Attached hereto as **Exhibit 138** is a true and correct copy of a February 2007 email chain which was produced to the UCC under the Bates number PPLPC061000013858.

37.     Attached hereto as **Exhibit 139** is a true and correct copy of a March 2008 email chain which was produced to the UCC under the Bates number PPLPC012000174476.

38.     Attached hereto as **Exhibit 140** is a true and correct copy of an February 2012 email chain which was produced to the UCC under the Bates number PPLPUCC9002981007.

39.     Attached hereto as **Exhibit 141** is a true and correct copy of a November 2013 email chain which was produced to the UCC under the Bates number SideA00429689.

PUBLICLY FILED PER STIPULATION [ECF 2140]

REDACTED

40.     Attached hereto as **Exhibit 142** is a true and correct copy of a June 2015 email chain which was produced to the UCC under the Bates number PPLPUCC9004448656.

41.     Attached hereto as **Exhibit 143** is a true and correct copy of excerpts from a February 11, 2010 letter from Amy D'Agostino to Cecil Pickett attaching executed Director Agreements, which was produced to the UCC under the Bates number CP0000001.

42.     Attached hereto as **Exhibit 144** is a true and correct copy of Executive Committee Meeting Notes & Actions, dated September 21, 2011, which was produced to the UCC under the Bates number RSF_OLK00035017.

43.     Attached hereto as **Exhibit 145** is a true and correct copy of an April 2012 email chain, which was produced to the UCC under the Bates number PPLPC012000372585.

44.     Attached hereto as **Exhibit 146** is a true and correct copy of a September 11, 2013 memorandum from McKinsey to John Stewart and Russ Gasdia, which was produced to the UCC under the Bates number PPLPC012000441614.

45.     Attached hereto as **Exhibit 147** is a true and correct copy of an August 15, 2013 email from Richard Sackler, which was produced to the UCC under the Bates number PPLPUCC9002391802.

46.     Attached hereto as **Exhibit 148** is a true and correct copy of an email from Stuart Baker dated August 21, 2013, which was produced to the UCC under the Bates number PPLPC045000016165.

47.     Attached hereto as **Exhibit 149** is a true and correct copy of an April 6, 2014 email from Edward Mahony, which was produced to the UCC under the Bates number PPLPC012000471641.

PUBLICLY FILED PER STIPULATION [ECF 2140]

REDACTED

48.     Attached hereto as **Exhibit 150** is a true and correct copy of excerpts from a presentation titled: Changes in prescriptions of OxyContin and OPANA ER after introduction of tamper resistant formulations among potentially problematic and comparator prescribers, which was produced to the UCC under the Bates number PPLPC019000826509.

49.     Attached hereto as **Exhibit 151** is a true and correct copy of a May 21, 2007 email and attached May 2007 calendar printout, which was produced to the UCC under the Bates numbers PPLPUCC001531749-50.

50.     Attached hereto as **Exhibit 152** is a true and correct copy of excerpts from an August 2013 email from Donna Condon attaching an August 8, 2013 memorandum from McKinsey to John Stewart and Russ Gasdia, which was produced to the UCC under the Bates number MDSF00986947.

51.     Attached hereto as **Exhibit 153** is a true and correct copy of a June 2014 email chain, which was produced to the UCC under the Bates number PPLPC045000017003.

52.     Attached hereto as **Exhibit 154** is a true and correct copy of excerpts from a Purdue OxyContin Annual Marketing Plan, dated October 6, 2013, which was produced to the UCC under the Bates number PAK000062549.

53.     Attached hereto as **Exhibit 155** is a true and correct copy of excerpts from an August 15, 2013 Purdue board meeting agenda and attached August 8, 2013 memorandum from McKinsey which was produced to the UCC under the Bates number PPLP004409890.

54.     Attached hereto as **Exhibit 156** is a true and correct copy of an October 8, 2011 Google news alert, which was produced to the UCC under the Bates number RSF00683542.

55.     Attached hereto as **Exhibit 157** is a true and correct copy of a November 1, 2013 Google news alert, which was produced to the UCC under the Bates number RSF_OLK00008429.

PUBLICLY FILED PER STIPULATION [ECF 2140]

REDACTED

56.     Attached hereto as **Exhibit 158** is a true and correct copy of an April 18, 2015 Google news alert, which was produced to the UCC under the Bates number MDSF00514742.

57.     Attached hereto as **Exhibit 159** is a true and correct copy of a July 2016 email chain, which was produced to the UCC under the Bates number PWG004484978.

58.     Attached hereto as **Exhibit 160** is a true and correct copy of a January-February 2008 email chain, which was produced to the UCC under the Bates number SideA00391976.

59.     Attached hereto as **Exhibit 161** is a true and correct copy of a February 2008 email chain, which was produced to the UCC under the Bates number PPLPC042000011810.

60.     Attached hereto as **Exhibit 162** is a true and correct copy of an October 2014 email chain, which was produced to the UCC under the Bates number PPLPUCC000335135.

61.     Attached hereto as **Exhibit 163** is a true and correct copy of document titled "CEO Considerations," which was produced to the UCC under the Bates number PPLPUCC001662356.

62.     Attached hereto as **Exhibit 164** is a true and correct copy of excerpts from a Dec. 6, 2019 "Presentation of Defenses ('Side A')," which was provided to the UCC by counsel for Side A.

63.     Attached hereto as **Exhibit 165** is a true and correct copy of excerpts from an October 8, 2010 Purdue news summary, which was produced to the UCC under the Bates number PPLPC061000060749.

64.     Attached hereto as **Exhibit 166** is a true and correct copy of an April 2012 email chain, which was produced to the UCC under the Bates number MARSH-PURDUE-001112.

65.     Attached hereto as **Exhibit 167** is a true and correct copy of a May 11, 2012 email and attached presentation and timeline, which was produced to the UCC under the Bates number MARSH-PURDUE-001768.

PUBLICLY FILED PER STIPULATION [ECF 2140]

REDACTED

66.     Attached hereto as **Exhibit 168** is a true and correct copy of a May 2012 email chain, which was produced to the UCC under the Bates number MARSH-PURDUE-001777.

67.     Attached hereto as **Exhibit 169** is a true and correct copy of a July 2015 email chain, which was produced to the UCC under the Bates number MDSF00450185.

68.     Attached hereto as **Exhibit 170** is a true and correct copy of a June 2016 email chain, which was produced to the UCC under the Bates number MDSF00010697.

69.     Attached hereto as **Exhibit 171** is a true and correct copy of excerpts from a February 29, 2012 Purdue news summary, which was produced to the UCC under the Bates number IACS_ESI_0000490680.

70.     Attached hereto as **Exhibit 172** is a true and correct copy of an March 30, 2016 letter from Moody's Investor Services, which was produced to the UCC under the Bates number PPLPUCC003938943.

71.     Attached hereto as **Exhibit 173** is a true and correct copy of an April 7, 2016 letter from Standard & Poor's Ratings Services, which was produced to the UCC under the Bates number PPLPUCC500143127.

72.     Attached hereto as **Exhibit 174** is a true and correct copy of a document titled "Proposal Regarding Board Practices," which was produced to the UCC under the Bates number MSF00144650.

73.     Attached hereto as **Exhibit 175** is a true and correct copy of a July 16, 2017 email from Mortimer Sackler which was produced to the UCC under the Bates number SideA00229177.

74.     Attached hereto as **Exhibit 176** is a true and correct copy of a March 10, 2008 email from Richard Sackler which was produced to the UCC under the Bates number PPLPC023000164605.

PUBLICLY FILED PER STIPULATION [ECF 2140]

REDACTED

75.      Attached hereto as **Exhibit 177** is a true and correct copy of an April-May 2011 email chain which was produced to the UCC under the Bates number PPLPUCC9000363533.

76.      Attached hereto as **Exhibit 178** is a true and correct copy of *Purdue's Written Responses to 30(b)(6) Topics*, served in connection with *In re: National Prescription Opiate Litigation*, MDL No. 2804, in the United States District Court, Northern District of Ohio, which was produced to the UCC under the Bates number POK003735973.

77.      Attached hereto as **Exhibit 179** is a true and correct copy of a June 18, 2014 Purdue news summary, which was produced to the UCC under the Bates number POK003746339.

78.      Attached hereto as **Exhibit 180** is a true and correct copy of an April 12, 2012 OxyContin Market Events presentation, which was produced to the UCC under the Bates number PPLPC012000372437.

79.      Attached hereto as **Exhibit 181** is a true and correct copy of excerpts from an August 13, 2014 presentation from JP Morgan, which was produced to the UCC under the Bates number PPLPUCC000281516.

80.      Attached hereto as **Exhibit 182** is a true and correct copy of the Purdue plea agreement with the United States dated October 20, 2020 and filed in these proceedings at EFC No. 1828-2.

81.      Attached hereto as **Exhibit 183** is a true and correct copy of excerpts from a notification of patent decision in *In re Oxycotin Antitrust Litig.*, No. 1:06-cv-13095-SHS (S.D.N.Y. Jan. 7, 2008), which was produced to the UCC under the Bates number PURCHI-000834581.

82.      Attached hereto as **Exhibit 184** is a true and correct copy of an August 17, 2020 letter to Mitchell Hurley.

PUBLICLY FILED PER STIPULATION [ECF 2140]

REDACTED

83.     Attached hereto as **Exhibit 185** is a true and correct copy of excerpts from the audited combined financial statements of Purdue for years ended December 31, 2007 and 2006, which was produced to the UCC under the Bates number PPLPUCC500056846.

84.     Attached hereto as **Exhibit 186** is a true and correct copy of a May 1999 email chain, which was produced to the UCC under the Bates number PPLPUCC000004987.

85.     Attached hereto as **Exhibit 187** is a true and correct copy of a March 2007 email chain, which was produced to the UCC under the Bates number PPLPUCC004057767.

86.     Attached hereto as **Exhibit 188a** is a true and correct copy of privilege slip sheet, which was produced to the UCC under the Bates number PPLPC051000035807, and is identified in metadata as the parent document of PPLPC051000035808 (Ex. 188b to this Declaration).

87.     Attached hereto as **Exhibit 188b** is a true and correct copy of a 2006 Comment published in Northwestern University Law Review titled: "West Virginia's Painful Settlement: How the OxyContin Phenomenon and Unconventional Theories of Tort Liability May Make Pharmaceutical Companies Liable for Black Markets," which was produced to the UCC under the Bates number PPLPC051000035808.

88.     Attached hereto as **Exhibit 189** is a true and correct copy of a Purdue News Summary circulated on June 20, 2014, which was produced to the UCC under the Bates number PAZ000115626.

89.     Attached hereto as **Exhibit 190** is a true and correct copy of a June 2014 email chain, which was produced to the UCC under the Bates number PPLPC045000017003.

90.     Attached hereto as **Exhibit 191** is a true and correct copy of excerpts from the audited combined financial statements of Purdue for years ended December 31, 2008 and 2007, which was produced to the UCC under the Bates number PPLPUCC500056885.

PUBLICLY FILED PER STIPULATION [ECF 2140]

REDACTED

91.     Attached hereto as **Exhibit 192** is a true and correct copy of a May 2012 email chain, which was produced to the UCC under the Bates number MARSH-PURDUE-001863.

92.     Attached hereto as **Exhibit 193** is a true and correct copy of a April 2012 email chain, which was produced to the UCC under the Bates number MARSH-PURDUE-001114.

93.     Attached hereto as **Exhibit 194** is a true and correct copy of a May 2012 email chain, which was produced to the UCC under the Bates number MARSH-PURDUE-001804.

94.     Attached hereto as **Exhibit 195** is a true and correct copy of excerpts from a privilege log dated March 5, 2019, produced by the Debtors in connection with MDL litigation, and provided to the UCC in connection with these proceedings.

95.     Attached hereto as **Exhibit 196** is a true and correct copy of a November 2020 email chain between counsel for Norton Rose Fulbright, the UCC, and the Debtors, among others.

96.     Attached hereto as **Exhibit 197** is a true and correct copy of a November 8, 2020 email from Katherine Porter to counsel for the Debtors concerning deposition scheduling.

97.     Attached hereto as **Exhibit 198** is a true and correct copy of a November 15, 2020 email from Katherine Porter attaching the current deposition schedule in these proceedings.

98.     Attached hereto as **Exhibit 199** of  State Settlement Agreement and Release dated July 17, 2007, and entered into by the State of Washington and The Purdue Frederick Company, Inc. and Purdue Pharma L.P., which was produced to the UCC under the Bates number PPLPC030000403213.

99.     Attached hereto as **Exhibit 200** is a true and correct copy of the online curriculum vitae of Norton Rose Fulbright attorney Donald Strauber, which was obtained on November 17, 2020, at https://www.nortonrosefulbright.com/en-us/people/1016474.

PUBLICLY FILED PER STIPULATION [ECF 2140]

REDACTED

100.     Attached hereto as **Exhibit 201** is a true and correct copy of the affidavit of Edward B. Mahony, dated February 4, 2014, and submitted in connection with the lawsuit styled *Purdue Pharma L.P. v. Combs*, Case No. 2013-CA-001941, in the Commonwealth of Kentucky Court of Appeals.

101.     Attached hereto as **Exhibit 202** is a true and correct copy of the following journal article: Ryan N. Hansen, et al., Economic Costs of Nonmedical Use of Prescription Opioids, 27 CLINICAL J. OF PAIN 194 (2011).

102.     Attached hereto as **Exhibit 203** is a true and correct copy of excerpts from the audited combined financial statements of Purdue for years ended December 31, 2009 and 2008, which was produced to the UCC under the Bates number PPLPUCC500056924.

103.     Attached hereto as **Exhibit 204** is a true and correct copy of a December 24, 2010 email to Richard Sackler titled "What's new for 'oxycontin' in PubMed," which was produced to the UCC under the Bates number RSF_OLK00055037.

104.     Attached hereto as **Exhibit 205** is a true and correct copy of excerpts from the audited combined financial statements of Purdue for years ended December 31, 2010 and 2009, which was produced to the UCC under the Bates number PPLPUCC500056963.

105.     Attached hereto as **Exhibit 206** is a true and correct copy of an October 2014 email chain, which was produced to the UCC under the Bates number PPLPC045000017072.

106.     Attached hereto as **Exhibit 207** is a true and correct copy of an email from Howard Udel forwarding a March 10, 2008 article titled: "Anatomy Of A Patent Dispute: Purdue Pharma's OxyContin Battle," which was produced to the UCC under the Bates number MSF01116645.

107.     Attached hereto as **Exhibit 208** is a true and correct copy of an excerpt from a distributions summary spreadsheet provided by Side A to the UCC.

PUBLICLY FILED PER STIPULATION [ECF 2140]

REDACTED

108.     Attached hereto as **Exhibit 209** is a true and correct copy of a March 2007 email chain, which was produced to the UCC under the Bates number PPLPUCC9004824942.

109.     Attached hereto as **Exhibit 210** is a true and correct copy of an annual report review letter to Purdue from the Office of Inspector General, U.S. Department of Health & Human Services, dated May 6, 2009, which was produced to the UCC under the Bates number PNY000127987.

110.     Attached hereto as **Exhibit 211** is a true and correct copy of an annual report review letter to Purdue from the Office of Inspector General, U.S. Department of Health & Human Services, dated April 1, 2010, which was produced to the UCC under the Bates number PPLP004250164.

111.     Attached hereto as **Exhibit 212** is a true and correct copy of an annual report review letter to Purdue from the Office of Inspector General, U.S. Department of Health & Human Services to Purdue, dated January 28, 2011, which was produced to the UCC under the Bates number PPLPUCC001877705.

112.     Attached hereto as **Exhibit 213** is a true and correct copy of an annual report review letter to Purdue from the Office of Inspector General, U.S. Department of Health & Human Services to Purdue, dated March 8, 2012, which was produced to the UCC under the Bates number PPLPUCC001884369.

113.     Attached hereto as **Exhibit 214** is a true and correct copy of an annual report review letter to Purdue from the Office of Inspector General, U.S. Department of Health & Human Services to Purdue, dated January 24, 2013, which was produced to the UCC under the Bates number PPLP004427723.

PUBLICLY FILED PER STIPULATION [ECF 2140]

REDACTED

114.   Attached hereto as **Exhibit 215** is a true and correct copy of an August 2014 email chain, which was produced to the UCC under the Bates number PPLPUCC9004797180.

115.   Attached hereto as **Exhibit 216** is a true and correct copy of the September 3, 2019 Amendment to the Shareholders' Agreement executed between Purdue Pharma Inc. and certain PPI Shareholders, which was provided to the UCC by the Debtors.

116.   Attached hereto as **Exhibit 217** is a true and correct copy of hearing transcript excerpts from the Nov. 19, 2019 hearing in this matter.

117.   Attached hereto as **Exhibit 218** is a true and correct copy of deposition transcript excerpts from the October 30, 2020 deposition of Cecil Pickett, Ph.D.

118.   Attached hereto as **Exhibit 219** is a true and correct copy of deposition transcript excerpts from the November 4, 2020 deposition of Stuart Baker.

119.   Attached hereto as **Exhibit 220** is a true and correct copy of deposition transcript excerpts from the September 22, 2020 deposition of Stephen Ives.

120.   Attached hereto as **Exhibit 221** is a true and correct copy of deposition transcript excerpts from the August 28, 2020 deposition of David Sackler.

121.   Attached hereto as **Exhibit 222** is a true and correct copy of deposition transcript excerpts from the September 2, 2020 deposition of Marianna Sackler.

122.   Attached hereto as **Exhibit 223** is a true and correct copy of deposition transcript excerpts from the November 5, 2020 deposition of Kathe Sackler.

123.   Attached hereto as **Exhibit 224** is a true and correct copy of deposition transcript excerpts from the October 27, 2020 deposition of John Stewart.

124.   Attached hereto as **Exhibit 225** is a true and correct copy of deposition transcript excerpts from the October 30, 2020 deposition of Mark Timney.

PUBLICLY FILED PER STIPULATION [ECF 2140]

REDACTED

125.    Attached hereto as **Exhibit 226** is a true and correct copy of deposition transcript excerpts from the November 10, 2020 deposition of Mortimer D.A. Sackler.

126.    Attached hereto as **Exhibit 227** is a true and correct copy of deposition transcript excerpts from the September 24, 2020 deposition of Theresa Sackler.

127.    Attached hereto as **Exhibit 228** is a true and correct copy of deposition transcript excerpts from the November 16, 2020 deposition of Peter Boer.

Executed on: November 18, 2020

*/s/ Arik Preis*
Arik Preis

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS EYES ONLY INFORMATION
SUBJECT TO PROTECTIVE ORDER

# EXHIBIT 110

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION
SUBJECT TO FRE 408 SETTLEMENT PROTECTION ORDER

# Akin Gump

## STRAUSS HAUER & FELD LLP

**MITCHELL P. HURLEY**
+1 212.872.1011/fax: +1 212.872.1002
mhurley@akingump.com

September 25, 2020

**VIA E-MAIL**

Alex Lees
**Milbank LLP**
55 Hudson Yards
New York, NY 10001

       Re:    *In re: Purdue Pharma L.P. et al.*, No. 19-23649 (Bankr. S.D.N.Y.)

Dear Alex:

We disagree in material part with the positions taken in your September 24, 2020 letter, but will not revisit those disagreements at length here, and instead refer you to our prior correspondence. A few points in your letter are addressed below.

First, the Official Committee's challenge to entry MB1172653_0002 is hereby withdrawn.

Second, you complain that our privilege challenges do not "focus on documents that actually matter to these cases." As you know, however, the descriptions Side B provided on its Logs are vague, and of course only Side B has access to the actual contents of the documents it withheld. It is therefore impossible for the Official Committee to assess which of the tens of thousands of documents responsive to the parties' agreed search terms that Side B withheld "actually matter," to use your phrase. This is yet another way in which Side B's Logs are insufficient. Nevertheless, the Official Committee would consider in good faith any proposal Side B may have for identifying the entries that Side B believes are not relevant to any of the issues in these cases and will withdraw its challenge to the entries involving Mr. Burris and Mr. Madri, solely on relevance grounds, though we continue to maintain our position that the communications at issue are not entitled to protection on privilege or common interest grounds. One possibility would be for Side B to identify challenged documents by control number that do not fit within any of the categories the Official Committee has supplied to you in correspondence beginning on August 20, 2020, and updated in a letter yesterday. We also would be open to discussing reasonable modifications to those categories if you think that would be a productive way forward in reducing the burden on the Court.

Third, you claim that we "demanded a document by document privilege log," but of course that is not true. Months ago, you told the Official Committee that Side B would provide a categorical log, as the local rules allow; without any explanation you changed course and delivered a document-by-document log instead. That unilateral choice by Side B was not determined by the

---

One Bryant Park | New York, New York 10036-6745 | 212.872.1000 | fax: 212.872.1002 | akingump.com

UNREDACTED CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION
FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER



**Akin Gump**
STRAUSS HAUER & FELD LLP

September 25, 2020
Page 2

Official Committee, as you well know.

Fourth, your suggestion that the discovery being undertaken by the Official Committee "disregards" the Court's instructions, or is somehow inconsistent with Side B's expectations is bizarre. Side B expressly consented in stipulations that were so-ordered by the Court to make exactly the disclosures it is making now. The so-ordered stipulations likewise required Side B to provide rolling privilege logs to the Official Committee precisely so that the Official Committee can seek production of documents withheld by Side B where Side B fails to carry its burden of establishing applicability of any privilege. We do not share Side B's apparent belief that it can undermine the agreed process merely by withholding an unusually large volume of documents as privileged.

Fifth, the chart you attach to your letter illustrates as well as anything your apparent misapprehension as to Side B's burden of proof with respect to the thousands of documents it withheld on privilege grounds. For instance, you identify on your chart dozens of persons as either "directors, agents, counsel, employees and representatives" of various parties without identifying which persons are "directors," which are "agents," which are "counsel," which are "employees" and which are "representatives." Nor do you identify any particular matters on which any of "agents, counsel and representatives," acted in those capacities, or tie their roles to any particular documents or even categories of documents identified on the Logs, or make any effort to explain why documents involving non-lawyers – apparently the great majority of the identified persons – are nevertheless privileged. In short, the chart does not help Side B carry its burden of establishing the privilege applies with any individual documents or categories of documents.

Finally, regarding Messrs. Baker and White, you acknowledge that each had many roles at Purdue and with the Sacklers and related entities that were non-legal in nature, including as trustees and directors. Indeed, in Mr. Baker's case, he was once described by your clients as the *de facto* chairman of Purdue, and held hundreds of executive titles with Purdue and the IACs. Unfortunately, the descriptions on your Logs are far too vague to establish that Messrs. Baker and White were acting in a legal capacity with respect to the associated documents, as opposed to in their capacities as directors, executives, trustees or otherwise. And we are not required, as you seem to think, to simply "take your word for it." As a compromise, however, please advise whether you would agree to submit the Baker and White documents, or any of them, for *in camera* review by the Court (or a referee if the Court prefers to appoint one).

The Official Committee expressly reserves the right to raise additional issues with Side B's privilege logs and to challenge other entries or categories of entries as discovery progresses. Nothing herein constitutes a waiver or relinquishment of any of the Official Committee's claims, defenses, rights, or remedies.

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION
SUBJECT TO FED. R. EVID. 408 AND PROTECTIVE ORDER



**Akin Gump**

STRAUSS HAUER & FELD LLP

September 25, 2020
Page 3

Sincerely,

*/s/ Mitchell Hurley*
Mitchell P. Hurley

cc:    Marshall Huebner (Davis Polk & Wardwell LLP)
       Ben Kaminetzky (Davis Polk & Wardwell LLP)
       Charles Duggan (Davis Polk & Wardwell LLP)
       James McClammy (Davis Polk & Wardwell LLP)
       Margarita Clarens (Davis Polk & Wardwell LLP)
       Chautney M. Oluwole (Davis Polk & Wardwell LLP)
       Andrew Troop (Pillsbury Winthrop Shaw Pittman LLP)
       Andrew Alfano (Pillsbury Winthrop Shaw Pittman LLP)
       Jason Sharp (Pillsbury Winthrop Shaw Pittman LLP)
       Kenneth H. Eckstein (Kramer Levin Naftalis & Frankel LLP)
       Rachael Ringer (Kramer Levin Naftalis & Frankel LLP)

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION
SUBJECT TO PROTECTIVE ORDER

# EXHIBIT 111

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION
SUBJECT TO PROTECTIVE ORDER

# Akin Gump

### STRAUSS HAUER & FELD LLP

**MITCHELL P. HURLEY**
+1 212.872.1011/fax: +1 212.872.1002
mhurley@akingump.com

October 12, 2020

**VIA E-MAIL**

Alex Lees
Milbank LLP
55 Hudson Yards
New York, NY 10001

       Re:    *In re: Purdue Pharma L.P. et al.*, No. 19-23649 (Bankr. S.D.N.Y.)

Dear Alex:

We write in response to your letter dated September 28, 2020.

***Narrowing privilege disputes***.  At approximately 10:28 p.m. the night before the UCC was scheduled to serve its privilege challenge motions, you made a proposal concerning certain categories of documents that the UCC had identified as subject to challenge several weeks previously.  We have now had a chance to evaluate your letter and respond as follows.  First, we agree that the UCC will drop its challenges to Side B documents that constitute *attorney* work product created *after* February 21, 2018 – the date you identify as "when [y]our clients first were sued in connection with Purdue's marketing of opioids" – and that were shared with a public relations firm, to the extent the public relations firm had agreed to keep the attorney work product confidential.  For the avoidance of doubt, the UCC does not drop its challenges to documents *created by public relations firms* that the Sacklers claim nevertheless somehow constitute "attorney work product."  Nor do we agree that you have carried your burden concerning attorney-client privilege with respect to documents created after February 21, 2018; as explained in our correspondence and in the motions, including PR firms in discussions of "litigation strategy" usually precludes the privilege from attaching to those discussions.

We turn now to the subject matter categories.  In your September 28 letter, you said you reviewed 4,300 log entries listed on exhibits to the UCC's September 12 and 22 letters, and claim that 2,231 of them "do not fit within the subject matter categories identified in [the UCC's letters] since August 20, 2020."  It is unclear to us precisely which categories you referenced for this review since the UCC provided more detailed categories regarding the "crime-fraud" and "at-issue" exceptions in our September 24, 2020 letter that you did not specifically note in your September 28 response.  Since this exercise is about gauging relevance of the documents subject to the log challenges motion, please confirm that you considered the categories noted in the UCC's September 24 letter.  Likewise, please also advise whether the identified documents come within the categories associated with the UCC's "good cause" arguments listed in Exhibit 101 to the

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION
FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER



## Akin Gump
STRAUSS HAUER & FELD LLP

October 12, 2020
Page 2

UCC's privilege exceptions motion.

We likely will agree to withdraw our challenges concerning most of the documents that you represent do not come within any of the categories identified in the UCC's exceptions motion, including those associated with the UCC's "good cause" arguments. We note, however, that a number of the documents identified in your September 28 letter still appear to be pertinent based on information disclosed in their associated log entries. We will supply you with a list of those documents after you respond to the requests set forth above.

***Scope of discovery.*** You again falsely claim in your letter that the UCC somehow required you to provide a document-by-document privilege log. In reality, as you know, you initially indicated that the Sacklers planned to serve a categorical log and pointed out that such logs are deemed presumptively adequate under S.D.N.Y. local rules. We asked the Sacklers to supply an example of the format of the categorical log that they proposed providing so we could evaluate whether your chosen format would be sufficient to satisfy the Sacklers' burden to establish privilege. Without any notice or explanation, the Sacklers abandoned their plan to supply a categorical log, and provided sample logs prepared on a document-by-document basis. Only then did the UCC ask that the logs include subject line information, since such information is commonplace on document-by-document logs and can be supplied with minimal additional burden. Whatever tactical edge the Sacklers hoped to gain by switching to a document-by-document log, one thing cannot in good faith be disputed: the Sacklers decision not to use categorical logs was theirs alone.

Regarding the discovery stipulations, as you know, the Sacklers refused to agree on scope and deadlines for their ESI searches and productions until *after* the UCC moved to compel. Having since stipulated to scope and timing for certain discovery, the Sacklers cannot now complain that the volume and schedule for that discovery, to which they specifically agreed and that they asked the Court to "so order," somehow is inappropriate. This is particularly so in view of the extraordinary misconduct in which the Sacklers are accused of engaging, and the billions or trillions of dollars of harm, and incalculable grief and personal suffering they are alleged to have caused. Investigating the circumstances under which the Sacklers enriched themselves almost beyond imagination by transferring to themselves the proceeds of opioid sales more than justifies the inconvenience your clients claim currently to be experiencing as a result of ongoing discovery.

Please feel free to contact us if you have any questions. Nothing herein constitutes a waiver or relinquishment of any of the UCC's claims, defenses, rights, or remedies.



October 12, 2020
Page 3

Sincerely,

*/s/ Mitchell Hurley*
Mitchell P. Hurley

cc:     Marshall Huebner (Davis Polk & Wardwell LLP)
        Ben Kaminetzky (Davis Polk & Wardwell LLP)
        Charles Duggan (Davis Polk & Wardwell LLP)
        James McClammy (Davis Polk & Wardwell LLP)
        Margarita Clarens (Davis Polk & Wardwell LLP)
        Chautney M. Oluwole (Davis Polk & Wardwell LLP)
        Andrew Troop (Pillsbury Winthrop Shaw Pittman LLP)
        Andrew Alfano (Pillsbury Winthrop Shaw Pittman LLP)
        Jason Sharp (Pillsbury Winthrop Shaw Pittman LLP)
        Kenneth H. Eckstein (Kramer Levin Naftalis & Frankel LLP)
        Rachael Ringer (Kramer Levin Naftalis & Frankel LLP)

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION
SUBJECT TO PROTECTIVE ORDER

# EXHIBIT 112

# Akin Gump

## STRAUSS HAUER & FELD LLP

**MITCHELL P. HURLEY**
+1 212.872.1011/fax: +1 212.872.1002
mhurley @akingump.com

October 14, 2020

**VIA E-MAIL**

Jasmine Ball
**Debevoise & Plimpton LLP**
919 Third Avenue
New York, NY 10022

Re:   *In re: Purdue Pharma L.P. et al.*, No. 19-23649 (Bankr. S.D.N.Y.)

Dear Jasmine:

We write in response to your letters dated Setpember 22 and October 2, 2020, and in a further effort to narrow certain privilege disputes.

*Narrowing volume of entries subject to dispute.* At approximately 10:28 p.m. on September 28, 2020, the Side B Sacklers responded to a UCC proposal for narrowing the volume of documents subject to the parties' disputes. After considering the Side B Sacklers September 28 correspondence, the UCC indicated it likely would withdraw its challenges to most documents that the Side B Sacklers identified as not falling within the categories listed in Exhibit 101 to the UCC's Exception Motion with respect to the "good cause," "crime fraud," and/or "at issue" privilege exceptions (the "Categories"). The UCC has not heard back from Side B, but is prepared to extend the same terms to Side A. Specifically, and as you know, the descriptions Side A provided on its Log, like those provided by Side B, are vague, and of course only Side A has access to the actual contents of the documents it withheld. It is therefore impossible for the Official Committee to be certain which of the tens of thousands of documents Side A withheld in response to the parties' agreed search terms are likely to be the most pertinent to estate claims and other key issues in these cases. This is yet another way in which Side A's Log is insufficient. In an effort to narrow the volume of material subject to the parties' disputes and reduce the burden on the Court, however, the UCC is prepared to limit its challenges to documents that come within the Categories. If Side A wishes to proceed in this manner, please identify by control number any entries on Side A's Log that you contend do not fall within any of the Categories.

*September 22 and October 2, 2020 Letters.* The UCC is in receipt of Appendices A-D to your September 22, 2020 letter and Appendices A-B to your October 2, 2020 letter, which list the privilege log control numbers for documents you have identified that "do not contain privileged communications and therefore should not have been included in the Privilege Log; or that . . . should have been produced in less redacted form." In addition to identifying these documents by privilege log control number, the UCC requests that Side A also provide their corresponding

PUBLICLY FILED PER STIPULATION [ECF 2140]

REDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION
SUBJECT TO FRE 408 AND PROTECTIVE ORDER



October 14, 2020
Page 2

production Bates numbers. In particular, the UCC requires the Bates numbers associated with documents "produced in less redacted form" so that it may evaluate the propriety of the remaining redactions. Additionally, in your October 2 letter, you state that you "are in the process of revising the Appendix to the Privilege Log to remove any individual email addresses that no longer appear on the Privilege Log" and that you will also be producing a revised version of your Privilege Log. However, to date, neither a revised Appendix nor a revised Privilege Log have been produced. The UCC requests that you provide it with copies of the amended Appendix and Privilege Log so that it may evaluate what entries remain in dispute.

Please feel free to contact us if you have any questions. Nothing herein constitutes a waiver or relinquishment of any of the UCC's claims, defenses, rights, or remedies.

Sincerely,

*/s/ Mitchell Hurley*
Mitchell P. Hurley


cc:    Marshall Huebner (Davis Polk & Wardwell LLP)
       Ben Kaminetzky (Davis Polk & Wardwell LLP)
       Charles Duggan (Davis Polk & Wardwell LLP)
       James McClammy (Davis Polk & Wardwell LLP)
       Margarita Clarens (Davis Polk & Wardwell LLP)
       Chautney M. Oluwole (Davis Polk & Wardwell LLP)
       Andrew Troop (Pillsbury Winthrop Shaw Pittman LLP)
       Andrew Alfano (Pillsbury Winthrop Shaw Pittman LLP)
       Jason Sharp (Pillsbury Winthrop Shaw Pittman LLP)
       Kenneth H. Eckstein (Kramer Levin Naftalis & Frankel LLP)
       Rachael Ringer (Kramer Levin Naftalis & Frankel LLP)

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS EYES ONLY INFORMATION
SUBJECT TO FRE 408 AND PROTECTIVE ORDER

# EXHIBIT 113

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION
SUBJECT TO FRE 408 AND PROTECTIVE ORDER

| From: | Scott, Elizabeth D. |
|---|---|
| To: | Ball, Jasmine |
| Cc: | mkmonaghan@debevoise.com; jrosen@debevoise.com; hwwilliford@debevoise.com; Hurley, Mitchell; Preis, Arik; PPLP Group; PUR UCC PRIV TEAM; Huebner, Marshall S.; Kaminetzky, Benjamin S.; Duggan, Charles S.; McClammy, James I.; Clarens, Margarita; Oluwole, Chautney M.; purdue.dpw.diligence@davispolk.com; Troop, Andrew (External); Alfano, Andrew (External); Sharp, Jason (External); keckstein@kramerlevin.com; Ringer, Rachael; Schinfeld, Seth F.; BCohen@KRAMERLEVIN.com |
| Subject: | RE: In re: Purdue Pharma L.P. et al., No. 19-23649 (Bankr. S.D.N.Y.) - Letter to Sackler Side A |
| Date: | Tuesday, October 20, 2020 1:52:57 PM |

Jasmine,

We write to follow up on our October 14 letter.  If you wish to narrow the scope of disputes with Side A as previously offered, please respond immediately with a list of privilege control numbers on Side A's Log that you contend do not fall within the UCC's Categories (as defined in the October 14 letter and provided in Exhibit 101 to the UCC's privilege motions).

Also, as requested in our October 14 letter, we reiterate our request that you provide a list matching production Bates numbers to privilege log control numbers that have been removed in full from Side A's Log or that have been produced with redactions.  Without an amended privilege log containing this information, and a list connecting the privilege log control number to the production Bates number, the UCC has no way to verify whether a production has actually been made or what privilege log entries are still subject to the UCC's challenges.

Relatedly, Side A's responses to the UCC's privilege motions included commitments by Side A to produce additional documents and/or provide an amended privilege log that in some cases significantly impact the issues under the Court's consideration.  (*See, e.g.* Side A General Challenges Response at n.19 regarding amending the privilege log to reflect spousal privilege without specifying the affected log entries; ¶¶ 12, 23 regarding continued review and document production; n.6 regarding public relations documents produced and to be produced "in short order"; n.12 regarding ongoing review related to third-party advisors; n.14 regarding insurance broker documents produced and to be produced "in short order"; n.16 regarding consultant documents produced and approximately 220 to be produced in "short order"; n.17 regarding 174 intent to seek legal advice documents that "should not have been included in the privilege log"; ¶ 39 regarding unspecified Stuart Baker documents that have already been removed "or will be removed shortly, and the UCC will receive any such documents"; ¶ 40 and n.20 noting 231 documents associated with Mr. White that were removed from the log and anticipating "producing over 100 documents shortly").

Please immediately produce the documents you informed the Court that you would produce in your response, provide an amended privilege log, and provide a list matching the previously withheld documents to their production Bates numbers.

Thank you,

**Elizabeth Scott**
**AKIN GUMP STRAUSS HAUER & FELD** LLP
Direct: +1 214.969.4297 | Internal: 14297

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION
SUBJECT TO PROTECTIVE ORDER

**From:** Scott, Elizabeth D.
**Sent:** Wednesday, October 14, 2020 10:57 AM
**To:** 'Ball, Jasmine' <jball@debevoise.com>
**Cc:** 'mkmonaghan@debevoise.com' <mkmonaghan@debevoise.com>; 'jrosen@debevoise.com'
<jrosen@debevoise.com>; 'hwwilliford@debevoise.com' <hwwilliford@debevoise.com>; Hurley,
Mitchell <mhurley@AkinGump.com>; Preis, Arik <apreis@akingump.com>; PPLP Group
<PPLPGROUP@AKINGUMP.COM>; PUR UCC PRIV TEAM <PURUCCPRIVTEAM@akingump.com>;
'Huebner, Marshall S.' <marshall.huebner@davispolk.com>; 'Kaminetzky, Benjamin S.'
<ben.kaminetzky@davispolk.com>; 'Duggan, Charles S.' <charles.duggan@davispolk.com>;
'McClammy, James I.' <james.mcclammy@davispolk.com>; 'Clarens, Margarita'
<margarita.clarens@davispolk.com>; 'Oluwole, Chautney M.' <chautney.oluwole@davispolk.com>;
'purdue.dpw.diligence@davispolk.com' <purdue.dpw.diligence@davispolk.com>; Troop, Andrew
(External) <andrew.troop@pillsburylaw.com>; Alfano, Andrew (External)
<andrew.alfano@pillsburylaw.com>; Sharp, Jason (External) <jason.sharp@pillsburylaw.com>;
'keckstein@kramerlevin.com' <keckstein@kramerlevin.com>; 'Ringer, Rachael'
<RRinger@KRAMERLEVIN.com>; 'Schinfeld, Seth F.' <SSchinfeld@KRAMERLEVIN.com>;
'BCohen@KRAMERLEVIN.com' <BCohen@KRAMERLEVIN.com>
**Subject:** In re: Purdue Pharma L.P. et al., No. 19-23649 (Bankr. S.D.N.Y.) - Letter to Sackler Side A

Counsel,

Please see the attached correspondence in connection with the above-referenced matter.

Thank you,

**Elizabeth Scott**
**AKIN GUMP STRAUSS HAUER & FELD** LLP

2300 N. Field Street  |  Suite 1800  |  Dallas, TX 75201  |  USA  |  Direct: +1 214.969.4297  |  Internal: 14297
Fax: +1 214.969.4343  |                                                edscott@akingump.com  |  akingump.com  |  Bio

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION
SUBJECT TO PROTECTIVE ORDER

# EXHIBIT 114

UNREDACTED - CONTAINS OUTSIDE PROFESSIONAL EYES ONLY INFORMATION
SUBJECT TO PROTECTIVE ORDER

| From: | Scott, Elizabeth D. |
|---|---|
| To: | Ball, Jasmine |
| Cc: | mkmonaghan@debevoise.com; jrosen@debevoise.com; hwwilliford@debevoise.com; Hurley, Mitchell; Preis, Arik; PPLP Group; PUR UCC PRIV TEAM; Huebner, Marshall S.; Kaminetzky, Benjamin S.; Duggan, Charles S.; McClammy, James I.; Clarens, Margarita; Oluwole, Chautney M.; purdue.dpw.diligence@davispolk.com; Troop, Andrew (External); Alfano, Andrew (External); Sharp, Jason (External); keckstein@kramerlevin.com; Ringer, Rachael; Schinfeld, Seth F.; BCohen@KRAMERLEVIN.com |
| Subject: | RE: In re: Purdue Pharma L.P. et al., No. 19-23649 (Bankr. S.D.N.Y.) - Letter to Sackler Side A |
| Date: | Friday, October 23, 2020 4:41:22 PM |

Jasmine,

I am following up again about our October 14 letter and our October 20 email.  Please advise if Side A intends to provide a list of privilege control numbers on Side A's Log that do not fall within the UCC's Categories (as defined in the October 14 letter and provided in Exhibit 101 to the UCC's privilege motions).

Please also respond as soon as possible regarding the remaining items detailed in our October 20 email below.

Thank you,

**Elizabeth Scott**
**AKIN GUMP STRAUSS HAUER & FELD** LLP
Direct: +1 214.969.4297 | Internal: 14297

---

**From:** Scott, Elizabeth D.
**Sent:** Tuesday, October 20, 2020 1:53 PM
**To:** 'Ball, Jasmine' <jball@debevoise.com>
**Cc:** 'mkmonaghan@debevoise.com' <mkmonaghan@debevoise.com>; 'jrosen@debevoise.com' <jrosen@debevoise.com>; 'hwwilliford@debevoise.com' <hwwilliford@debevoise.com>; Hurley, Mitchell <mhurley@AkinGump.com>; Preis, Arik <apreis@akingump.com>; PPLP Group <PPLPGROUP@AKINGUMP.COM>; PUR UCC PRIV TEAM <PURUCCPRIVTEAM@akingump.com>; 'Huebner, Marshall S.' <marshall.huebner@davispolk.com>; 'Kaminetzky, Benjamin S.' <ben.kaminetzky@davispolk.com>; 'Duggan, Charles S.' <charles.duggan@davispolk.com>; 'McClammy, James I.' <james.mcclammy@davispolk.com>; 'Clarens, Margarita' <margarita.clarens@davispolk.com>; 'Oluwole, Chautney M.' <chautney.oluwole@davispolk.com>; 'purdue.dpw.diligence@davispolk.com' <purdue.dpw.diligence@davispolk.com>; Troop, Andrew (External) <andrew.troop@pillsburylaw.com>; Alfano, Andrew (External) <andrew.alfano@pillsburylaw.com>; Sharp, Jason (External) <jason.sharp@pillsburylaw.com>; 'keckstein@kramerlevin.com' <keckstein@kramerlevin.com>; 'Ringer, Rachael' <RRinger@KRAMERLEVIN.com>; 'Schinfeld, Seth F.' <SSchinfeld@KRAMERLEVIN.com>; 'BCohen@KRAMERLEVIN.com' <BCohen@KRAMERLEVIN.com>
**Subject:** RE: In re: Purdue Pharma L.P. et al., No. 19-23649 (Bankr. S.D.N.Y.) - Letter to Sackler Side A

Jasmine,

We write to follow up on our October 14 letter.  If you wish to narrow the scope of disputes with

UNREDACTED - CONTAINS OUTSIDE PROFESSIONAL EYES ONLY INFORMATION
SUBJECT TO PROTECTIVE ORDER

Side A as previously offered, please respond immediately with a list of privilege control numbers on Side A's Log that you contend do not fall within the UCC's Categories (as defined in the October 14 letter and provided in Exhibit 101 to the UCC's privilege motions).

Also, as requested in our October 14 letter, we reiterate our request that you provide a list matching production Bates numbers to privilege log control numbers that have been removed in full from Side A's Log or that have been produced with redactions.  Without an amended privilege log containing this information, and a list connecting the privilege log control number to the production Bates number, the UCC has no way to verify whether a production has actually been made or what privilege log entries are still subject to the UCC's challenges.

Relatedly, Side A's responses to the UCC's privilege motions included commitments by Side A to produce additional documents and/or provide an amended privilege log that in some cases significantly impact the issues under the Court's consideration.  (*See, e.g.* Side A General Challenges Response at n.19 regarding amending the privilege log to reflect spousal privilege without specifying the affected log entries; ¶¶ 12, 23 regarding continued review and document production; n.6 regarding public relations documents produced and to be produced "in short order"; n.12 regarding ongoing review related to third-party advisors; n.14 regarding insurance broker documents produced and to be produced "in short order"; n.16 regarding consultant documents produced and approximately 220 to be produced in "short order"; n.17 regarding 174 intent to seek legal advice documents that "should not have been included in the privilege log"; ¶ 39 regarding unspecified Stuart Baker documents that have already been removed "or will be removed shortly, and the UCC will receive any such documents"; ¶ 40 and n.20 noting 231 documents associated with Mr. White that were removed from the log and anticipating "producing over 100 documents shortly").

Please immediately produce the documents you informed the Court that you would produce in your response, provide an amended privilege log, and provide a list matching the previously withheld documents to their production Bates numbers.

Thank you,

**Elizabeth Scott**
**AKIN GUMP STRAUSS HAUER & FELD** LLP
Direct: +1 214.969.4297 | Internal: 14297

---

**From:** Scott, Elizabeth D.
**Sent:** Wednesday, October 14, 2020 10:57 AM
**To:** 'Ball, Jasmine' <jball@debevoise.com>
**Cc:** 'mkmonaghan@debevoise.com' <mkmonaghan@debevoise.com>; 'jrosen@debevoise.com' <jrosen@debevoise.com>; 'hwwilliford@debevoise.com' <hwwilliford@debevoise.com>; Hurley, Mitchell <mhurley@AkinGump.com>; Preis, Arik <apreis@akingump.com>; PPLP Group <PPLPGROUP@AKINGUMP.COM>; PUR UCC PRIV TEAM <PURUCCPRIVTEAM@akingump.com>; 'Huebner, Marshall S.' <marshall.huebner@davispolk.com>; 'Kaminetzky, Benjamin S.' <ben.kaminetzky@davispolk.com>; 'Duggan, Charles S.' <charles.duggan@davispolk.com>; 'McClammy, James I.' <james.mcclammy@davispolk.com>; 'Clarens, Margarita' <margarita.clarens@davispolk.com>; 'Oluwole, Chautney M.' <chautney.oluwole@davispolk.com>;

'purdue.dpw.diligence@davispolk.com' <purdue.dpw.diligence@davispolk.com>; Troop, Andrew (External) <andrew.troop@pillsburylaw.com>; Alfano, Andrew (External) <andrew.alfano@pillsburylaw.com>; Sharp, Jason (External) <jason.sharp@pillsburylaw.com>; 'keckstein@kramerlevin.com' <keckstein@kramerlevin.com>; 'Ringer, Rachael' <RRinger@KRAMERLEVIN.com>; 'Schinfeld, Seth F.' <SSchinfeld@KRAMERLEVIN.com>; 'BCohen@KRAMERLEVIN.com' <BCohen@KRAMERLEVIN.com>

**Subject:** In re: Purdue Pharma L.P. et al., No. 19-23649 (Bankr. S.D.N.Y.) - Letter to Sackler Side A

Counsel,

Please see the attached correspondence in connection with the above-referenced matter.

Thank you,

**Elizabeth Scott**
**AKIN GUMP STRAUSS HAUER & FELD** LLP
2300 N. Field Street | Suite 1800 | Dallas, TX 75201 | USA · Direct: +1 214.969.4297 | Internal: 14297
Fax: +1 214.969.4343 |                          | edscott@akingump.com | akingump.com | Bio

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION
SUBJECT TO PROTECTIVE ORDER

# EXHIBIT 115

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION
SUBJECT TO FRE 408 – HIGHLY CONFIDENTIAL – PROTECTIVE ORDER

| | |
|---|---|
| **From:** | Scott, Elizabeth D. |
| **To:** | Ball, Jasmine |
| **Cc:** | mkmonaghan@debevoise.com; jrosen@debevoise.com; hwwilliford@debevoise.com; Hurley, Mitchell; Preis, Arik; PPLP Group; PUR UCC PRIV TEAM; Huebner, Marshall S.; Kaminetzky, Benjamin S.; Duggan, Charles S.; McClammy, James I.; Clarens, Margarita; Oluwole, Chautney M.; purdue.dpw.diligence@davispolk.com; Troop, Andrew (External); Alfano, Andrew (External); Sharp, Jason (External); keckstein@kramerlevin.com; Ringer, Rachael; Schinfeld, Seth F.; BCohen@KRAMERLEVIN.com |
| **Subject:** | RE: In re: Purdue Pharma L.P. et al., No. 19-23649 (Bankr. S.D.N.Y.) - Letter to Sackler Side A |
| **Date:** | Thursday, October 29, 2020 10:02:47 PM |

Jasmine and Harold,

In an effort to narrow the privilege entries presented to Judge Drain for determination, we sent you a letter on October 14 and emails on October 20 and 23 asking if Side A would provide the UCC with a list of the challenged privilege control numbers Side A contends are not within the UCC's Categories (as defined in the UCC's October 14 letter and provided in Exhibit 101 to the UCC's privilege motions).  Thus far, we have not received a response regarding whether Side A intends to provide the UCC with such a list, much less a copy of the list.

Even if the list itself is not yet available, can you please at least respond to let the UCC know whether you intend to provide one, and if so, when you anticipate being able to do so?

Thank you,

**Elizabeth Scott**

**AKIN GUMP STRAUSS HAUER & FELD** LLP

Direct: +1 214.969.4297 | Internal: 14297

---

**From:** Scott, Elizabeth D.
**Sent:** Friday, October 23, 2020 4:41 PM
**To:** 'Ball, Jasmine' <jball@debevoise.com>
**Cc:** 'mkmonaghan@debevoise.com' <mkmonaghan@debevoise.com>; 'jrosen@debevoise.com' <jrosen@debevoise.com>; 'hwwilliford@debevoise.com' <hwwilliford@debevoise.com>; Hurley, Mitchell <mhurley@AkinGump.com>; Preis, Arik <apreis@akingump.com>; PPLP Group <PPLPGROUP@AKINGUMP.com>; PUR UCC PRIV TEAM <PURUCCPRIVTEAM@akingump.com>; 'Huebner, Marshall S.' <marshall.huebner@davispolk.com>; 'Kaminetzky, Benjamin S.' <ben.kaminetzky@davispolk.com>; 'Duggan, Charles S.' <charles.duggan@davispolk.com>; 'McClammy, James I.' <james.mcclammy@davispolk.com>; 'Clarens, Margarita' <margarita.clarens@davispolk.com>; 'Oluwole, Chautney M.' <chautney.oluwole@davispolk.com>; 'purdue.dpw.diligence@davispolk.com' <purdue.dpw.diligence@davispolk.com>; Troop, Andrew (External) <andrew.troop@pillsburylaw.com>; Alfano, Andrew (External) <andrew.alfano@pillsburylaw.com>; Sharp, Jason (External) <jason.sharp@pillsburylaw.com>; 'keckstein@kramerlevin.com' <keckstein@kramerlevin.com>; 'Ringer, Rachael' <RRinger@KRAMERLEVIN.com>; 'Schinfeld, Seth F.' <SSchinfeld@KRAMERLEVIN.com>; 'BCohen@KRAMERLEVIN.com' <BCohen@KRAMERLEVIN.com>
**Subject:** RE: In re: Purdue Pharma L.P. et al., No. 19-23649 (Bankr. S.D.N.Y.) - Letter to Sackler Side A

Jasmine,

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION
SUBJECT TO PROTECTIVE ORDER

I am following up again about our October 14 letter and our October 20 email.  Please advise if Side A intends to provide a list of privilege control numbers on Side A's Log that do not fall within the UCC's Categories (as defined in the October 14 letter and provided in Exhibit 101 to the UCC's privilege motions).

Please also respond as soon as possible regarding the remaining items detailed in our October 20 email below.

Thank you,

**Elizabeth Scott**

**AKIN GUMP STRAUSS HAUER & FELD LLP**

Direct: +1 214.969.4297 | Internal: 14297

___

**From:** Scott, Elizabeth D.
**Sent:** Tuesday, October 20, 2020 1:53 PM
**To:** 'Ball, Jasmine <jball@debevoise.com>
**Cc:** 'mkmonaghan@debevoise.com' <mkmonaghan@debevoise.com>; 'jrosen@debevoise.com' <jrosen@debevoise.com>; 'hwwilliford@debevoise.com' <hwwilliford@debevoise.com>; Hurley, Mitchell <mhurley@AkinGump.com>; Preis, Arik <apreis@akingump.com>; PPLP Group <PPLPGROUP@AKINGUMP.COM>; PUR UCC PRIV TEAM <PURUCCPRIVTEAM@akingump.com>; 'Huebner, Marshall S.' <marshall.huebner@davispolk.com>; 'Kaminetzky, Benjamin S.' <ben.kaminetzky@davispolk.com>; 'Duggan, Charles S.' <charles.duggan@davispolk.com>; 'McClammy, James I.' <james.mcclammy@davispolk.com>; 'Clarens, Margarita' <margarita.clarens@davispolk.com>; 'Oluwole, Chautney M.' <chautney.oluwole@davispolk.com>; 'purdue.dpw.diligence@davispolk.com' <purdue.dpw.diligence@davispolk.com>; Troop, Andrew (External) <andrew.troop@pillsburylaw.com>; Alfano, Andrew (External) <andrew.alfano@pillsburylaw.com>; Sharp, Jason (External) <jason.sharp@pillsburylaw.com>; 'keckstein@kramerlevin.com' <keckstein@kramerlevin.com>; 'Ringer, Rachael' <RRinger@KRAMERLEVIN.COM>; 'Schinfeld, Seth F.' <SSchinfeld@KRAMERLEVIN.COM>; 'BCohen@KRAMERLEVIN.com' <BCohen@KRAMERLEVIN.COM>
**Subject:** RE: In re: Purdue Pharma L.P. et al., No. 19-23649 (Bankr. S.D.N.Y.) - Letter to Sackler Side A

Jasmine,

We write to follow up on our October 14 letter.  If you wish to narrow the scope of disputes with Side A as previously offered, please respond immediately with a list of privilege control numbers on Side A's Log that you contend do not fall within the UCC's Categories (as defined in the October 14 letter and provided in Exhibit 101 to the UCC's privilege motions).

Also, as requested in our October 14 letter, we reiterate our request that you provide a list matching production Bates numbers to privilege log control numbers that have been removed in full from Side A's Log or that have been produced with redactions.  Without an amended privilege log containing this information, and a list connecting the privilege log control number to the production Bates number, the UCC has no way to verify whether a production has actually been made or what

privilege log entries are still subject to the UCC's challenges.

Relatedly, Side A's responses to the UCC's privilege motions included commitments by Side A to produce additional documents and/or provide an amended privilege log that in some cases significantly impact the issues under the Court's consideration. (*See, e.g.* Side A General Challenges Response at n.19 regarding amending the privilege log to reflect spousal privilege without specifying the affected log entries; ¶¶ 12, 23 regarding continued review and document production; n.6 regarding public relations documents produced and to be produced "in short order"; n.12 regarding ongoing review related to third-party advisors; n.14 regarding insurance broker documents produced and to be produced "in short order"; n.16 regarding consultant documents produced and approximately 220 to be produced in "short order"; n.17 regarding 174 intent to seek legal advice documents that "should not have been included in the privilege log"; ¶ 39 regarding unspecified Stuart Baker documents that have already been removed "or will be removed shortly, and the UCC will receive any such documents"; ¶ 40 and n.20 noting 231 documents associated with Mr. White that were removed from the log and anticipating "producing over 100 documents shortly").

Please immediately produce the documents you informed the Court that you would produce in your response, provide an amended privilege log, and provide a list matching the previously withheld documents to their production Bates numbers.

Thank you,

**Elizabeth Scott**
**AKIN GUMP STRAUSS HAUER & FELD** LLP
Direct: +1 214.969.4297 | Internal: 14297

---

**From:** Scott, Elizabeth D.
**Sent:** Wednesday, October 14, 2020 10:57 AM
**To:** 'Ball, Jasmine' <jball@debevoise.com>
**Cc:** 'mkmonaghan@debevoise.com' <mkmonaghan@debevoise.com>; 'jrosen@debevoise.com' <jrosen@debevoise.com>; 'hwwilliford@debevoise.com' <hwwilliford@debevoise.com>; Hurley, Mitchell <mhurley@AkinGump.com>; Preis, Arik <apreis@akingump.com>; PPLP Group <PPLPGROUP@AKINGUMP.COM>; PUR UCC PRIV TEAM <PURUCCPRIVTEAM@akingump.com>; 'Huebner, Marshall S.' <marshall.huebner@davispolk.com>; 'Kaminetzky, Benjamin S.' <ben.kaminetzky@davispolk.com>; 'Duggan, Charles S.' <charles.duggan@davispolk.com>; 'McClammy, James I.' <james.mcclammy@davispolk.com>; 'Clarens, Margarita' <margarita.clarens@davispolk.com>; 'Oluwole, Chautney M.' <chautney.oluwole@davispolk.com>; 'purdue.dpw.diligence@davispolk.com' <purdue.dpw.diligence@davispolk.com>; Troop, Andrew (External) <andrew.troop@pillsburylaw.com>; Alfano, Andrew (External) <andrew.alfano@pillsburylaw.com>; Sharp, Jason (External) <jason.sharp@pillsburylaw.com>; 'keckstein@kramerlevin.com' <keckstein@kramerlevin.com>; 'Ringer, Rachael' <RRinger@KRAMERLEVIN.com>; 'Schinfeld, Seth F.' <SSchinfeld@KRAMERLEVIN.com>; 'BCohen@KRAMERLEVIN.com' <BCohen@KRAMERLEVIN.com>
**Subject:** In re: Purdue Pharma L.P. et al., No. 19-23649 (Bankr. S.D.N.Y.) - Letter to Sackler Side A

Counsel,

UNREDACTED - CONTAINS OUTSIDE PROFESSIONAL'S EYES ONLY INFORMATION
SUBJECT TO PROTECTIVE ORDER

Please see the attached correspondence in connection with the above-referenced matter.

Thank you,

**Elizabeth Scott**
**AKIN GUMP STRAUSS HAUER & FELD** LLP

2300 N. Field Street │ Suite 1800 │ Dallas, TX 75201 │ USA │ Direct: +1 214.969.4297 │ Internal: 14297
Fax: +1 214.969.4343 │                │ edscott@akingump.com │ akingump.com │ Bio

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION
SUBJECT TO PROTECTIVE ORDER

# EXHIBIT 116

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION
SUBJECT TO FRE 408 AND PROTECTIVE ORDER



# Milbank

**ALEXANDER B. LEES**
*Partner*

55 Hudson Yards  |  New York, NY 10001-2163
T: 212.530.5161
alees@milbank.com  |  milbank.com

September 28, 2020

**VIA EMAIL**

Mitchell P. Hurley
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY 10036

     Re:    In re Purdue Pharma L.P., No. 19-23649 (Bankr. S.D.N.Y.)

Dear Mitch:

    I write in response to your letter of September 24.

**<u>Narrowing Privilege Disputes</u>**

    We appreciate your offer to "consider in good faith any proposal Side B may have for identifying the entries that Side B believes are not relevant to any of the issues in these cases." This is constructive. We hope to find an efficient resolution of disputes relating to entries on our privilege logs.

    Approximately 9,000 privilege log entries that appear on Exhibits A to your September 12 and 22 letters involve public relations professionals – particularly, Goldin Associates, which was hired by JHA to assist with litigation strategy in connection with the highly publicized and politicized lawsuits concerning Purdue's marketing of opioids. We are prepared to brief our position that the presence of public relations firms does not make these documents discoverable, and thus allow the Court to resolve how these 9,000 entries should be treated, if you choose to move forward with your challenges. We urge you to reconsider your position on these documents, however.

    At a minimum, we encourage you to rethink your challenges to our assertions of work product protection. There is no dispute that the work product protection is not waived when a non-lawyer or non-client becomes privy to a document; to the contrary, as we have demonstrated in previous letters, the protection is waived only when the document is shared with a litigation adversary or in such a way that increases the likelihood that the adversary will obtain it. You have yet to come forward with any facts showing that this is the case with respect to the public-

MILBANK LLP

NEW YORK | LOS ANGELES | WASHINGTON, D.C. | SÃO PAULO | FRANKFURT
LONDON | MUNICH | BEIJING | HONG KONG | SEOUL | SINGAPORE | TOKYO

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION
FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

Mitchell P. Hurley
September 28, 2020                                                                                    Page 2

relations entries on our privilege log where work product protection is claimed. This alone is a
reason why you should consider dropping your challenges to these entries. If you were to change
your position with respect to communications involving public relations advisors, nearly three
quarters of our privilege disputes would be resolved, and we could substantially lessen the
burden you otherwise would seek to place on the Court. This would be a salutary outcome.

While a reconsideration of your position with respect to work product and public relations
professionals could substantially narrow our disputes by itself, we also ask that you reevaluate
your position on our claims of attorney-client privilege. Your position in the past has been that
professionals like public relations firms can never be within the scope of the attorney-client
privilege. You appeared to back off that categorical argument in your letter of September 19,
when you agreed that public relations advisors (like other advisors) can be within the privilege in
some circumstances – and you presumably meant to include situations where these advisors
facilitate legal advice and strategy, as was the case with Goldin Associates here. This recognition
on your part again can relieve the Court of the burden of having to address thousands of privilege
log entries

We especially urge you to reconsider your challenges to the public relations entries on our
privilege logs that post-date February 21, 2018, which is when our clients first were sued in
connection with Purdue's marketing of opioids. After that date, responsive communications are
protected from disclosure under the principles outlined above and in our previous letters because,
as courts have repeatedly recognized, the focus of relevant communications would be on the
lawsuits and litigation strategy, not on the underlying conduct that is the subject of the claims.
*Capitol Records, Inc. v. MP3tunes, LLC*, 261 F.R.D. 44, 51 (S.D.N.Y. 2009) ("[I]t obviously is
correct that at some point in most civil suits the focus of the principals' discussions shifts from
the acts or omissions giving rise to the claims to the prosecution or defense of the
lawsuit. . . . [T]o minimize the burden on [defendant], the Court will not require it to record on
its privilege log any attorney-client communications or work product documents created after
[the action] was filed."); *see also, e.g., Sec. & Exch. Comm'n v. Entholpy EMC, Inc.*, 2019 WL
2057273, at *3 (N.D. Cal. May 9, 2019) ("Communications involving trial counsel that post-date
the filing of the complaint need not be placed on a privilege log."); *Swinomish Indian Tribal
Cmty. v. BNSF Ry. Co.*, 2016 WL 2610247, at *3 (W.D. Wash. May 6, 2016) (after litigation
begins and the client's attention turns to the defense of the lawsuit, "most, if not everything, is
then subject to the attorney/client privilege and/or the work product doctrine. The small chance
that some discoverable document may exist is outweighed by the burdens of having to collect
and log the vast majority of documents that is not discoverable."); *cf. The Sedona Principles,
Third Edition*, 19 Sedona Conf. J. 1, 82-83 (2018) (recommending that parties stipulate that
"certain categories of documents are presumptively privileged (such as documents prepared,
sent, or received by attorneys who represent a party for specific purposes)" and "to classes of
privileged documents that do not need to be preserved or listed on a log[, such
as] . . . communications among a trial team after the litigation begins.").

UNREDACTED CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION
SUBJECT TO FTI PROTOCOL – HIGHLY CONFIDENTIAL

Mitchell P. Hurley
September 28, 2020                                                                                    Page 3

        This is particularly true in this case: Purdue made no partnership distributions in 2018;
Purdue ceased marketing opioids altogether in February 2018; and our clients all left the board in
2018. These facts confirm that the post-February 2018 privilege log entries will relate to
litigation strategy, not reflect or constitute the conduct you are investigating. Documents post-
dating February 21, 2018, account for nearly all of the 9,000 log entries involving public
relations firms, providing another reason why your reconsideration of this point could materially
narrow the scope of our privilege disputes.

        Separate from the public-relations entries on our privilege log, over the past few days
since receiving your letter, we undertook to re-review the approximately 4,300 remaining entries
that you listed on the exhibits to your September 12 and 22 letters to determine whether they fit
within the subject matter categories identified in your letters since August 20. Attached as
Exhibit 1 is a list of challenged entries that we believe are unrelated to these subject matters. Our
hope is that you will withdraw your challenges to these entries, too. In conducting this re-review,
we also identified several documents that we believe can be produced in full. We will follow up
with a list of those documents shortly and will promptly produce them.

        Finally, we have determined that approximately 300 documents on the exhibits to your
September 12 and 22 letters already have been produced in full, and therefore we do not believe
there is a live dispute with respect to them. Attached as Exhibit 2 is a list of these documents.

**<u>Scope of Discovery</u>**

        Our previous discussions belie your assertion that we made a "unilateral choice" to
generate a document-by-document log. When our teams conferred on the form of privilege log in
late June, Akin Gump made very clear that it wanted a document-by-document log; it also
demanded information about withheld documents (for example, subject lines for every individual
email) that could not be provided in the context of a categorical privilege log. That we acceded to
your requests does not mean we dictated the form of the log. Similarly, acceding to the UCC's
demands by entering into a scheduling stipulation – thus sparing the Court from having to wade
into discovery disputes – cannot be fairly characterized as our sharing the belief that the UCC's
subpoena was appropriately tailored or consistent with the Court's instruction that discovery be
focused on due diligence rather than trial preparation. We have always maintained that the
UCC's discovery program is overbroad and disproportionate. *See* May 29 letter ("[O]ur
commitment to review and produce ESI as we have described should not be interpreted as a
concession by us that the Official Committee's Rule 2004 examination is reasonable or as a
waiver of our objections."). The hundreds of thousands of documents we have produced and the
depositions you have conducted to date only confirm that conclusion. Moreover, the Court's so-
ordering of a negotiated scheduling stipulation is not an endorsement by it of the scope of your
investigation.

UNREDACTED CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION
SUBJECT TO FRE 408 — PROTECTED — SUBJECT TO PROTECTIVE ORDER

Mitchell P. Hurley
September 28, 2020                                                                                                    Page 4

## Sufficiency of Information Provided to Assess Privilege

We continue to disagree with your position that we have failed to carry our burden with
respect to our privilege logs. We have provided you with far more information than is required,
as we have explained numerous times in previous letters, including the chart of relationships
provided with our September 25 letter. You are wrong to assert that we have not identified
"which persons are 'directors,' which are 'agents,' which are 'counsel,' which are 'employees,'
and which are 'representatives.'" Every person, firm, and entity appearing on our log has been
identified for you with a description of the applicable roles and relationships. As for your
assertion that we did not "identify any particular matters on which any of [sic] 'agents, counsel
and representatives,' acted in those capacities, or tie their roles to any particular documents or
even categories of documents identified on the Logs," you are wrong again. If you reference the
privilege log descriptions, the lists identifying persons on the privilege log, and the chart we
provided to you last week (not to mention the other information we have provided to you in
correspondence), you are able to understand that our privilege assertions are justified. *See, e.g.*,
RSF00074966 (email between Phillip Bobbitt and Richard Sackler described as "Redacted
confidential communication requesting and reflecting request for legal advice regarding litigation
strategy and relevant legal developments"; "List of Individuals and Entities Appearing on the
July 22 Privilege Log" states that Mr. Bobbitt is "Counsel to Richard Sackler"; September 25
chart includes Mr. Bobbitt under "Counsel and Other Agents, Employees and Representatives"
of the Raymond Sackler Family, specifically noting that Mr. Bobbitt is connected with Richard
Sackler). We also remind you that if you ever have a particularized inquiry regarding a log entry,
or a person or entity appearing on the log, we are prepared to answer your questions. Each time
you have raised a question about a privilege assertion in the past, we have responded.

## Stuart Baker and Jonathan White

With respect to Mr. Baker and Mr. White, there is nothing "vague" about a privilege log
entry involving one of these lawyers (and no other counsel) that says the communication
involved the request for or provision of legal advice. That is a very *clear* statement that they
were acting in a legal capacity. In virtually every litigation, a privilege log includes
communications between lawyer and client and describes them as involving the provision of
legal advice on a given subject. And in all such instances, no more information is required to
establish the existence of a privilege and the fact that the lawyer was acting as such. Our
privilege logs here conform to this ordinary practice. So, too, do they follow the local rules – and
the instructions in your own subpoena – which require us to identify the nature of the privilege
being claimed, the type of document, the date of the document, and other information to identify
a document, such as the author, the addressees, and the relationships among the communicants
where not apparent. Local Bankr. R. 7034-1; Subpoena Instruction E.

In challenging our privilege claims, the UCC has its own burden to carry. If you have any
basis to believe that any one of our privilege log entries involving Mr. Baker and Mr. White was

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION
SUBJECT TO PROTECTIVE ORDER

Mitchell P. Hurley
September 28, 2020                                                                          Page 5

withheld improperly because these attorneys were acting in a non-legal capacity, notwithstanding our conclusion to the contrary, it is incumbent upon you to come forward with *facts* that you believe undermine our claim. You have never done so. This in turn means that you are not automatically entitled to *in camera* review. Such review is reserved for situations in which you have made a *prima facie* case that a privilege or other protection from disclosure is inapplicable. You have made no case at all.

You say you do not necessarily have to "take our word for it" that Mr. Baker and Mr. White were giving legal advice in any given log entry. But now that we have satisfied our obligations under Local Bankruptcy Rule 7034-1(c) and complied with the instructions in your subpoena, you do not simply get to declare "not so" and thereby overcome our claim of privilege or trigger Court review. *E.g.*, *In re Coll. Landings Ltd. P'ship*, 248 B.R. 619, 624 (Bankr. M.D. Fla. 1998) (denying in camera review where party moving to compel provided no basis "to support a reasonable belief that in camera review may yield evidence" that privilege did not apply); *Alpex Computer Corp. v. Nintendo Co.*, 1988 WL 87511, at *3 (S.D.N.Y. Aug. 16, 1988) ("in camera inspection of large quantities of documents is not warranted in the absence of any indication of a genuine dispute. The mutual suspicions of counsel are not a basis for shifting the responsibility for discovery from counsel to the court."). The burden in this privilege dispute has shifted to you, and you have not satisfied it.[1]

Very truly yours,

*/s/ Alexander B. Lees*
Alexander B. Lees

cc:   Marshall Huebner
      Kenneth Eckstein
      Andrew Troop
      Jasmine Ball

---

[1] We reserve the right to submit documents for *in camera* review at a later time, including in response to arguments or assertions made by the UCC in its briefing of privilege issues.

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION

# Exhibit 1

| | | | |
|---|---|---|---|
| PS-00001406 | PS-00004332 | PS-00004937 | PS-00101750 |
| PS-00002609 | PS-00004335 | PS-00004939 | PS-00101752 |
| PS-00002648 | PS-00004544 | PS-00004941 | PS-00101753 |
| PS-00002701 | PS-00004576 | PS-00004946 | PS-00101756 |
| PS-00002706 | PS-00004637 | PS-00004948 | PS-00101786 |
| PS-00002720 | PS-00004638 | PS-00004956 | PS-00101798 |
| PS-00002722 | PS-00004699 | PS-00004961 | PS-00101799 |
| PS-00002729 | PS-00004749 | PS-00004962 | PS-00101803 |
| PS-00002859 | PS-00004750 | PS-00049202 | PS-00101809 |
| PS-00002860 | PS-00004778 | PS-00049223 | PS-00101814 |
| PS-00002874 | PS-00004780 | PS-00049272 | PS-00101822 |
| PS-00002876 | PS-00004798 | PS-00064272 | PS-00101826 |
| PS-00002900 | PS-00004806 | PS-00064290 | PS-00101827 |
| PS-00002994 | PS-00004810 | PS-00079748 | PS-00101842 |
| PS-00003390 | PS-00004811 | PS-00087522 | PS-00101986 |
| PS-00003617 | PS-00004821 | PS-00093161 | PS-00103413 |
| PS-00003619 | PS-00004822 | PS-00094095 | PS-00105127 |
| PS-00003620 | PS-00004838 | PS-00099932 | PS-00105138 |
| PS-00003626 | PS-00004839 | PS-00101580 | PS-00106015 |
| PS-00003631 | PS-00004877 | PS-00101590 | PS-00106477 |
| PS-00003641 | PS-00004885 | PS-00101596 | PS-00106595 |
| PS-00003994 | PS-00004900 | PS-00101706 | PS-00106596 |
| PS-00004282 | PS-00004905 | PS-00101729 | PS-00106597 |
| PS-00004326 | PS-00004907 | PS-00101746 | PS-00107313 |
| PS-00004331 | PS-00004932 | PS-00101749 | PS-00107314 |

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION

| | | | |
|---|---|---|---|
| PS-00107353 | PS-00218126 | PS-01027732 | PS-01134474 |
| PS-00107420 | PS-00350184 | PS-01027872 | PS-01145276 |
| PS-00107508 | PS-00398489 | PS-01027899 | PS-01146705 |
| PS-00108645 | PS-00398500 | PS-01030985 | PS-01147316 |
| PS-00112524 | PS-00398529 | PS-01042190 | PS-01151733 |
| PS-00129062 | PS-00398531 | PS-01043242 | PS-01154963 |
| PS-00129261 | PS-00409658 | PS-01043258 | PS-01156961 |
| PS-00130188 | PS-00418051 | PS-01043259 | PS-01157121 |
| PS-00134141 | PS-00458516 | PS-01043261 | PS-01157173 |
| PS-00135295 | PS-00460663 | PS-01043265 | PS-01157592 |
| PS-00135861 | PS-00460665 | PS-01043287 | PS-01157604 |
| PS-00136025 | PS-00473641 | PS-01046928 | PS-01157648 |
| PS-00137026 | PS-00513045 | PS-01068382 | PS-01157667 |
| PS-00146866 | PS-00528578 | PS-01074970 | PS-01157672 |
| PS-00146873 | PS-00562285 | PS-01075040 | PS-01158113 |
| PS-00146923 | PS-00562291 | PS-01096933 | PS-01158322 |
| PS-00146924 | PS-00563507 | PS-01097025 | PS-01158323 |
| PS-00146997 | PS-00620471 | PS-01097105 | PS-01159275 |
| PS-00147019 | PS-00649766 | PS-01097112 | PS-01162877 |
| PS-00147043 | PS-00701201 | PS-01097114 | PS-01162883 |
| PS-00147063 | PS-00768816 | PS-01097128 | RS0089935 |
| PS-00148670 | PS-00768818 | PS-01097290 | RS0098661 |
| PS-00148687 | PS-01003710 | PS-01103581 | RS0219996 |
| PS-00155603 | PS-01004535 | PS-01106375 | RS0220036 |
| PS-00155686 | PS-01012352 | PS-01114639 | RS0231661 |

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED CONTAINS OUTSIDE PROFESSIONALS EYES ONLY INFORMATION
SUBJECT TO PROTECTIVE ORDER

| | | | |
|---|---|---|---|
| RS0238246 | RS0464635 | RS0682946 | RS0751659 |
| RS0280201 | RS0511983 | RS0691477 | RS0754836 |
| RS0282446 | RS0513145 | RS0691566 | RS0757794 |
| RS0285153 | RS0520118 | RS0692735 | RS0762842 |
| RS0285417 | RS0550134 | RS0693774 | RS0764019 |
| RS0286316 | RS0551296 | RS0695454 | RS0789303 |
| RS0287542 | RS0561619 | RS0696217 | RS0790819 |
| RS0287596 | RS0604961 | RS0698047 | RS0791178 |
| RS0288660 | RS0608211 | RS0698177 | RS0793764 |
| RS0290466 | RS0611464 | RS0700649 | RS0794602 |
| RS0290674 | RS0611539 | RS0701670 | RS0794819 |
| RS0292340 | RS0611680 | RS0705055 | RS0795275 |
| RS0292411 | RS0611830 | RS0705840 | RS0795720 |
| RS0296928 | RS0612118 | RS0707331 | RS0796097 |
| RS0300178 | RS0612226 | RS0708139 | RS0797025 |
| RS0302053 | RS0619023 | RS0708930 | RS0797123 |
| RS0302364 | RS0625772 | RS0711486 | RS0797296 |
| RS0303746 | RS0633243 | RS0726057 | RS0797806 |
| RS0303785 | RS0640464 | RS0726668 | RS0799710 |
| RS0303872 | RS0677114 | RS0728004 | RS0800344 |
| RS0304047 | RS0677437 | RS0730436 | RS0800819 |
| RS0305028 | RS0678002 | RS0731793 | RS0801238 |
| RS0305835 | RS0678528 | RS0742349 | RS0803400 |
| RS0333277 | RS0680014 | RS0748489 | RS0803803 |
| RS0348600 | RS0681524 | RS0751388 | RS0804151 |

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION

| RS0804907 | RS0829494 | RS0840254 | RS0866827 |
| RS0808199 | RS0830260 | RS0840523 | RS0867910 |
| RS0808967 | RS0831063 | RS0841201 | RS0868329 |
| RS0810335 | RS0831195 | RS0841961 | RS0868429 |
| RS0813032 | RS0832043 | RS0842911 | RS0868663 |
| RS0813260 | RS0832308 | RS0843229 | RS0869382 |
| RS0815393 | RS0832736 | RS0843376 | RS0869441 |
| RS0815665 | RS0832785 | RS0846115 | RS0869494 |
| RS0815946 | RS0833854 | RS0846666 | RS0869699 |
| RS0816406 | RS0834021 | RS0847357 | RS0869832 |
| RS0817101 | RS0834315 | RS0848145 | RS0870733 |
| RS0817330 | RS0834792 | RS0848869 | RS0871355 |
| RS0817504 | RS0835110 | RS0849926 | RS0871465 |
| RS0817610 | RS0835548 | RS0850094 | RS0872069 |
| RS0817747 | RS0836139 | RS0850156 | RS0872221 |
| RS0820554 | RS0836636 | RS0850167 | RS0872434 |
| RS0821667 | RS0836851 | RS0851703 | RS0872673 |
| RS0821970 | RS0837246 | RS0853813 | RS0872883 |
| RS0824606 | RS0837315 | RS0859688 | RS0873248 |
| RS0825398 | RS0837324 | RS0860366 | RS0873622 |
| RS0825610 | RS0837528 | RS0864750 | RS0873949 |
| RS0826093 | RS0838223 | RS0864959 | RS0874261 |
| RS0826491 | RS0839199 | RS0865593 | RS0874803 |
| RS0827600 | RS0839409 | RS0865837 | RS0875108 |
| RS0827835 | RS0840050 | RS0866395 | RS0875740 |

PUBLICLY FILED PER STIPULATION [ECF 2140]

| | | | |
|---|---|---|---|
| RS0875777 | RS0886875 | RS0899640 | RS0926792 |
| RS0876075 | RS0887266 | RS0900036 | RS0929047 |
| RS0876341 | RS0888077 | RS0900733 | RS0929378 |
| RS0876885 | RS0888200 | RS0900774 | RS0930557 |
| RS0878009 | RS0889716 | RS0901349 | RS0931151 |
| RS0878186 | RS0891264 | RS0901509 | RS0932863 |
| RS0878332 | RS0892636 | RS0901790 | RS0935673 |
| RS0878471 | RS0893926 | RS0902180 | RS0937563 |
| RS0878722 | RS0894154 | RS0902530 | RSM-118062 |
| RS0879090 | RS0894479 | RS0902640 | RSM-118894 |
| RS0879889 | RS0894580 | RS0903151 | RSM-119364 |
| RS0879899 | RS0895422 | RS0906285 | RSM-122659 |
| RS0879948 | RS0895457 | RS0907214 | RSM-124973 |
| RS0880232 | RS0895574 | RS0907368 | RSM-127079 |
| RS0881993 | RS0895614 | RS0907601 | RSM-128832 |
| RS0882001 | RS0895811 | RS0908087 | RSM-129844 |
| RS0882528 | RS0895929 | RS0908524 | RSM-131001 |
| RS0884436 | RS0896137 | RS0908887 | RSM-131308 |
| RS0884685 | RS0896918 | RS0909221 | RSM-131715 |
| RS0885087 | RS0898384 | RS0909451 | RSM-135860 |
| RS0885244 | RS0898628 | RS0914711 | RSM-136009 |
| RS0885312 | RS0898732 | RS0914911 | RSM-136227 |
| RS0885829 | RS0899358 | RS0914976 | RSM-136992 |
| RS0886145 | RS0899445 | RS0920668 | RSM-139128 |
| RS0886818 | RS0899514 | RS0925110 | RSM-139337 |

PUBLICLY FILED PER STIPULATION [ECF 2140]

REDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION

| RSM-140060 | RSM-281110 | JS-116659 | DSF0033649 |
| RSM-140278 | RSM-282006 | JS-116730 | DSF0033660 |
| RSM-143981 | RSM-282449 | JS-116739 | DSF0033661 |
| RSM-148352 | RSM-286805 | JS-116741 | DSF0033712 |
| RSM-149871 | RSM-289505 | JS-116758 | DSF0033714 |
| RSM-151267 | RSM-294348 | JS-116785 | DSF0033716 |
| RSM-161001 | RSM-294738 | JS-116841 | DSF0033717 |
| RSM-161539 | RSM-296001 | JS-121018 | DSF0033722 |
| RSM-176071 | RSM-297492 | DSF0008476 | DSF0033723 |
| RSM-176676 | RSM-299901 | DSF0009812 | DSF0033724 |
| RSM-188406 | RSM-300453 | DSF0009844 | DSF0033726 |
| RSM-188610 | RSM-300527 | DSF0018075 | DSF0033728 |
| RSM-251970 | RSM-300851 | DSF0019057 | DSF0033762 |
| RSM-257184 | RSM-301270 | DSF0026630 | DSF0033772 |
| RSM-257285 | RSM-307060 | DSF0026631 | DSF0033773 |
| RSM-259789 | RSM-307701 | DSF0026632 | DSF0033782 |
| RSM-265773 | RSM-308424 | DSF0026633 | DSF0033797 |
| RSM-272625 | RSM-313251 | DSF0026634 | DSF0033798 |
| RSM-272874 | JS-068602 | DSF0026647 | DSF0033799 |
| RSM-275969 | JS-068605 | DSF0027075 | DSF0033800 |
| RSM-277681 | JS-068607 | DSF0027080 | DSF0033803 |
| RSM-277806 | JS-115851 | DSF0027095 | DSF0033806 |
| RSM-279777 | JS-115852 | DSF0027111 | DSF0033808 |
| RSM-280581 | JS-115864 | DSF0033391 | DSF0033809 |
| RSM-280988 | JS-116644 | DSF0033598 | DSF0033811 |

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION
SUBJECT TO PROTECTIVE ORDER

| | | | |
|---|---|---|---|
| DSF0033813 | DSF0035534 | DSF0041671 | DSF0048122 |
| DSF0033818 | DSF0035538 | DSF0041702 | DSF0048295 |
| DSF0033819 | DSF0035539 | DSF0041703 | DSF0048464 |
| DSF0033822 | DSF0035572 | DSF0042027 | DSF0049793 |
| DSF0033824 | DSF0035578 | DSF0042029 | DSF0050829 |
| DSF0033857 | DSF0035579 | DSF0042030 | DSF0050855 |
| DSF0033904 | DSF0035594 | DSF0042032 | DSF0051090 |
| DSF0035310 | DSF0037100 | DSF0042033 | DSF0051217 |
| DSF0035483 | DSF0037139 | DSF0042862 | DSF0051384 |
| DSF0035485 | DSF0037184 | DSF0043414 | DSF0055201 |
| DSF0035490 | DSF0037193 | DSF0045099 | DSF0061533 |
| DSF0035492 | DSF0037195 | DSF0045367 | DSF0061537 |
| DSF0035494 | DSF0037196 | DSF0045517 | DSF0061561 |
| DSF0035495 | DSF0037198 | DSF0045639 | DSF0061575 |
| DSF0035496 | DSF0037324 | DSF0045828 | DSF0061579 |
| DSF0035499 | DSF0037327 | DSF0045829 | DSF0061580 |
| DSF0035509 | DSF0037328 | DSF0045983 | DSF0061598 |
| DSF0035512 | DSF0037335 | DSF0045984 | DSF0061600 |
| DSF0035514 | DSF0037355 | DSF0046182 | DSF0061601 |
| DSF0035515 | DSF0037372 | DSF0046834 | DSF0061606 |
| DSF0035523 | DSF0039375 | DSF0047079 | DSF0061613 |
| DSF0035528 | DSF0041491 | DSF0047226 | DSF0061622 |
| DSF0035529 | DSF0041521 | DSF0047412 | DSF0061627 |
| DSF0035531 | DSF0041620 | DSF0047631 | DSF0061631 |
| DSF0035533 | DSF0041627 | DSF0047881 | DSF0061636 |

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED - CONTAINS OUTSIDE PROFESSIONAL'S EYES ONLY INFORMATION
SUBJECT TO PROTECTIVE ORDER

| | | | |
|---|---|---|---|
| DSF0061671 | DSF0061999 | DSF0062240 | DSF0062593 |
| DSF0061676 | DSF0062004 | DSF0062255 | DSF0062638 |
| DSF0061679 | DSF0062014 | DSF0062261 | DSF0062646 |
| DSF0061688 | DSF0062022 | DSF0062278 | DSF0062712 |
| DSF0061691 | DSF0062071 | DSF0062279 | DSF0062752 |
| DSF0061692 | DSF0062074 | DSF0062282 | DSF0062754 |
| DSF0061693 | DSF0062076 | DSF0062289 | DSF0062755 |
| DSF0061699 | DSF0062105 | DSF0062314 | DSF0062776 |
| DSF0061739 | DSF0062110 | DSF0062316 | DSF0062806 |
| DSF0061746 | DSF0062115 | DSF0062319 | DSF0062857 |
| DSF0061771 | DSF0062120 | DSF0062397 | DSF0062883 |
| DSF0061774 | DSF0062127 | DSF0062426 | DSF0062884 |
| DSF0061799 | DSF0062130 | DSF0062434 | DSF0062947 |
| DSF0061821 | DSF0062132 | DSF0062495 | DSF0062949 |
| DSF0061842 | DSF0062149 | DSF0062498 | DSF0062959 |
| DSF0061855 | DSF0062150 | DSF0062500 | DSF0062967 |
| DSF0061900 | DSF0062164 | DSF0062507 | DSF0062976 |
| DSF0061915 | DSF0062165 | DSF0062514 | DSF0062980 |
| DSF0061933 | DSF0062166 | DSF0062534 | DSF0062985 |
| DSF0061960 | DSF0062170 | DSF0062551 | DSF0063014 |
| DSF0061970 | DSF0062181 | DSF0062556 | DSF0063084 |
| DSF0061980 | DSF0062187 | DSF0062558 | DSF0063180 |
| DSF0061985 | DSF0062201 | DSF0062569 | DSF0063192 |
| DSF0061987 | DSF0062202 | DSF0062575 | DSF0063193 |
| DSF0061989 | DSF0062214 | DSF0062587 | DSF0063197 |

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION
SUBJECT TO PROTECTIVE ORDER

| | | | |
|---|---|---|---|
| DSF0063198 | DSF0063619 | DSF0063886 | DSF0064190 |
| DSF0063202 | DSF0063626 | DSF0063913 | DSF0064193 |
| DSF0063214 | DSF0063628 | DSF0063921 | DSF0064194 |
| DSF0063222 | DSF0063635 | DSF0063927 | DSF0064221 |
| DSF0063231 | DSF0063641 | DSF0063930 | DSF0064229 |
| DSF0063243 | DSF0063647 | DSF0063939 | DSF0064231 |
| DSF0063251 | DSF0063663 | DSF0063946 | DSF0064235 |
| DSF0063252 | DSF0063671 | DSF0063958 | DSF0064246 |
| DSF0063256 | DSF0063726 | DSF0063963 | DSF0064253 |
| DSF0063289 | DSF0063741 | DSF0063968 | DSF0064254 |
| DSF0063294 | DSF0063753 | DSF0063972 | DSF0064262 |
| DSF0063338 | DSF0063778 | DSF0064032 | DSF0064265 |
| DSF0063368 | DSF0063807 | DSF0064045 | DSF0064270 |
| DSF0063371 | DSF0063808 | DSF0064068 | DSF0064277 |
| DSF0063388 | DSF0063820 | DSF0064090 | DSF0064279 |
| DSF0063417 | DSF0063822 | DSF0064096 | DSF0064282 |
| DSF0063471 | DSF0063824 | DSF0064097 | DSF0064283 |
| DSF0063490 | DSF0063829 | DSF0064101 | DSF0064288 |
| DSF0063510 | DSF0063831 | DSF0064102 | DSF0064294 |
| DSF0063534 | DSF0063838 | DSF0064112 | DSF0064300 |
| DSF0063554 | DSF0063843 | DSF0064151 | DSF0064303 |
| DSF0063562 | DSF0063848 | DSF0064168 | DSF0064304 |
| DSF0063589 | DSF0063872 | DSF0064176 | DSF0064306 |
| DSF0063595 | DSF0063874 | DSF0064180 | DSF0064328 |
| DSF0063598 | DSF0063877 | DSF0064189 | DSF0064330 |

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION
SUBJECT TO PROTECTIVE ORDER

| | | | |
|---|---|---|---|
| DSF0064332 | DSF0064406 | DSF0064509 | DSF0064657 |
| DSF0064333 | DSF0064407 | DSF0064511 | DSF0064659 |
| DSF0064334 | DSF0064410 | DSF0064513 | DSF0064669 |
| DSF0064342 | DSF0064411 | DSF0064514 | DSF0064674 |
| DSF0064346 | DSF0064414 | DSF0064521 | DSF0064681 |
| DSF0064362 | DSF0064417 | DSF0064523 | DSF0064683 |
| DSF0064365 | DSF0064419 | DSF0064524 | DSF0064699 |
| DSF0064367 | DSF0064420 | DSF0064529 | DSF0064703 |
| DSF0064368 | DSF0064421 | DSF0064530 | DSF0064705 |
| DSF0064369 | DSF0064422 | DSF0064549 | DSF0064708 |
| DSF0064370 | DSF0064425 | DSF0064556 | DSF0064716 |
| DSF0064371 | DSF0064432 | DSF0064563 | DSF0064736 |
| DSF0064379 | DSF0064433 | DSF0064564 | DSF0064750 |
| DSF0064380 | DSF0064436 | DSF0064567 | DSF0064763 |
| DSF0064382 | DSF0064451 | DSF0064568 | DSF0064765 |
| DSF0064383 | DSF0064459 | DSF0064577 | DSF0064780 |
| DSF0064384 | DSF0064464 | DSF0064581 | DSF0064783 |
| DSF0064385 | DSF0064465 | DSF0064585 | DSF0064784 |
| DSF0064386 | DSF0064487 | DSF0064588 | DSF0064843 |
| DSF0064388 | DSF0064490 | DSF0064590 | DSF0064852 |
| DSF0064393 | DSF0064493 | DSF0064605 | DSF0064869 |
| DSF0064394 | DSF0064495 | DSF0064635 | DSF0064885 |
| DSF0064395 | DSF0064496 | DSF0064638 | DSF0064890 |
| DSF0064396 | DSF0064501 | DSF0064643 | DSF0064892 |
| DSF0064404 | DSF0064502 | DSF0064649 | DSF0064914 |

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION
SUBJECT TO PROTECTIVE ORDER

| | | | |
|---|---|---|---|
| DSF0064919 | DSF0065038 | DSF0082651 | RSNY12204119 |
| DSF0064922 | DSF0065047 | DSF0082704 | RSNY12204496 |
| DSF0064928 | DSF0065048 | RSNY12021749 | RSNY12205016 |
| DSF0064929 | DSF0065991 | RSNY12023195 | RSNY12205310 |
| DSF0064932 | DSF0065994 | RSNY12025226 | RSNY12228453 |
| DSF0064933 | DSF0066022 | RSNY12025344 | RSNY12229889 |
| DSF0064935 | DSF0066040 | RSNY12028263 | RSNY12249705 |
| DSF0064944 | DSF0066063 | RSNY12130397 | RSNY12255324 |
| DSF0064947 | DSF0077424 | RSNY12130854 | RSNY12262029 |
| DSF0064949 | DSF0082481 | RSNY12131807 | RSNY12271149 |
| DSF0064950 | DSF0082538 | RSNY12137098 | RSNY12282653 |
| DSF0064952 | DSF0082557 | RSNY12138524 | RSNY12334936 |
| DSF0064953 | DSF0082589 | RSNY12141135 | RSNY12363629 |
| DSF0064954 | DSF0082592 | RSNY12143798 | RSNY12367554 |
| DSF0064955 | DSF0082597 | RSNY12144418 | RSNY12393177 |
| DSF0064978 | DSF0082599 | RSNY12145102 | RSNY12409352 |
| DSF0064989 | DSF0082601 | RSNY12185243 | RSNY12411623 |
| DSF0064991 | DSF0082602 | RSNY12189503 | RSNY12412250 |
| DSF0064992 | DSF0082604 | RSNY12190488 | RSNY12413503 |
| DSF0065007 | DSF0082606 | RSNY12194995 | RSNY12419881 |
| DSF0065011 | DSF0082607 | RSNY12196164 | RSNY12441529 |
| DSF0065012 | DSF0082620 | RSNY12199803 | RSNY15138259 |
| DSF0065014 | DSF0082622 | RSNY12203013 | PS-00049255 |
| DSF0065020 | DSF0082625 | RSNY12203819 | RSNY12294176 |
| DSF0065023 | DSF0082626 | RSNY12203900 | RSNY12294177 |

PUBLICLY FILED PER STIPULATION [ECF 2140]

REDACTED - CONTAINS OUTSIDE PROFESSIONAL'S EYES ONLY INFORMATION
SUBJECT TO PROTECTIVE ORDER

| | | | |
|---|---|---|---|
| RSNY12294178 | PS-01210233 | PS-01241279 | PS-01275611 |
| PS-00878188 | PS-01212337 | PS-01243619 | PS-01275791 |
| PS-01163332 | PS-01213481 | PS-01247222 | PS-01276123 |
| DSF0018105 | PS-01213714 | PS-01252443 | PS-01277589 |
| DSF0063925 | PS-01213996 | PS-01254254 | PS-01277816 |
| DSF0064387 | PS-01214002 | PS-01258636 | PS-01278198 |
| DSF0064389 | PS-01216192 | PS-01259014 | PS-01278710 |
| DSF0064587 | PS-01216690 | PS-01261019 | PS-01281710 |
| DSF0064589 | PS-01222437 | PS-01264381 | PS-01282004 |
| DSF0064921 | PS-01225536 | PS-01266359 | PS-01282130 |
| DSF0066002 | PS-01225944 | PS-01266539 | PS-01282136 |
| DSF0066003 | PS-01226874 | PS-01266829 | PS-01282142 |
| DSF0066004 | PS-01227035 | PS-01268077 | PS-01282184 |
| DSF0066007 | PS-01228864 | PS-01268329 | PS-01282226 |
| DSF0066008 | PS-01228943 | PS-01268732 | PS-01282238 |
| DSF0066009 | PS-01228967 | PS-01268744 | PS-01282244 |
| DSF0066010 | PS-01228979 | PS-01268750 | PS-01282250 |
| DSF0066011 | PS-01228985 | PS-01268798 | PS-01282256 |
| DSF0066012 | PS-01232016 | PS-01268882 | PS-01282262 |
| DSF0066013 | PS-01232931 | PS-01269368 | PS-01282316 |
| DSF0066015 | PS-01236018 | PS-01271014 | PS-01282424 |
| DSF0082058 | PS-01237988 | PS-01273804 | PS-01282514 |
| DSF0082603 | PS-01238783 | PS-01273909 | PS-01282556 |
| DSF0082605 | PS-01239071 | PS-01273955 | PS-01282562 |
| PS-01208350 | PS-01239251 | PS-01274134 | PS-01282568 |

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION
SUBJECT TO PROTECTIVE ORDER

| | | | |
|---|---|---|---|
| PS-01282634 | PS-01283864 | PS-01285028 | PS-01288001 |
| PS-01282640 | PS-01283972 | PS-01285076 | PS-01288593 |
| PS-01282652 | PS-01283984 | PS-01285094 | PS-01288821 |
| PS-01282742 | PS-01283996 | PS-01285274 | PS-01292058 |
| PS-01282778 | PS-01284074 | PS-01285292 | PS-01292750 |
| PS-01282784 | PS-01284308 | PS-01285298 | PS-01294260 |
| PS-01282790 | PS-01284332 | PS-01285340 | PS-01294308 |
| PS-01282814 | PS-01284350 | PS-01285502 | PS-01294326 |
| PS-01282826 | PS-01284614 | PS-01285556 | PS-01297641 |
| PS-01282832 | PS-01284626 | PS-01285616 | PS-01298349 |
| PS-01282982 | PS-01284650 | PS-01285622 | PS-01299340 |
| PS-01283252 | PS-01284656 | PS-01285628 | PS-01299400 |
| PS-01283300 | PS-01284668 | PS-01285646 | PS-01300525 |
| PS-01283324 | PS-01284680 | PS-01285670 | PS-01301246 |
| PS-01283330 | PS-01284686 | PS-01285688 | PS-01303496 |
| PS-01283756 | PS-01284692 | PS-01285724 | PS-01308335 |
| PS-01283768 | PS-01284698 | PS-01285730 | PS-01308725 |
| PS-01283774 | PS-01284716 | PS-01285766 | PS-01308761 |
| PS-01283780 | PS-01284722 | PS-01286078 | PS-01308989 |
| PS-01283792 | PS-01284746 | PS-01286150 | PS-01309875 |
| PS-01283834 | PS-01284806 | PS-01280009 | PS-01310813 |
| PS-01283840 | PS-01284872 | PS-01280357 | PS-01311015 |
| PS-01283846 | PS-01284890 | PS-01280498 | PS-01311621 |
| PS-01283852 | PS-01284944 | PS-01283905 | PS-01315627 |
| PS-01283858 | PS-01284968 | PS-01284617 | PS-01315851 |

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION
HIGHLY CONFIDENTIAL - PROTECTIVE ORDER

| | | | |
|---|---|---|---|
| PS-01319938 | PS-01358002 | PS-01400612 | PS-01413671 |
| PS-01323534 | PS-01358366 | PS-01400642 | PS-01413992 |
| PS-01329167 | PS-01361090 | PS-01401243 | PS-01416967 |
| PS-01330514 | PS-01361162 | PS-01401574 | PS-01418433 |
| PS-01332989 | PS-01361803 | PS-01405881 | PS-01418439 |
| PS-01333097 | PS-01361822 | PS-01407159 | PS-01418445 |
| PS-01336706 | PS-01362241 | PS-01407659 | PS-01418457 |
| PS-01336928 | PS-01365546 | PS-01408354 | PS-01418672 |
| PS-01338040 | PS-01368044 | PS-01409165 | PS-01419759 |
| PS-01340532 | PS-01368122 | PS-01409534 | PS-01419992 |
| PS-01344953 | PS-01369596 | PS-01410632 | PS-01421011 |
| PS-01345667 | PS-01370743 | PS-01410776 | PS-01421333 |
| PS-01346160 | PS-01372005 | PS-01410867 | PS-01421361 |
| PS-01348132 | PS-01372813 | PS-01410879 | PS-01421413 |
| PS-01348192 | PS-01373092 | PS-01410927 | PS-01421681 |
| PS-01348618 | PS-01375206 | PS-01411131 | PS-01421895 |
| PS-01348732 | PS-01375380 | PS-01411544 | PS-01422476 |
| PS-01348840 | PS-01376916 | PS-01411789 | PS-01422615 |
| PS-01350156 | PS-01382433 | PS-01411924 | PS-01423490 |
| PS-01350630 | PS-01383789 | PS-01411969 | PS-01423610 |
| PS-01354711 | PS-01384660 | PS-01411987 | PS-01425577 |
| PS-01357461 | PS-01387205 | PS-01412107 | PS-01425619 |
| PS-01357605 | PS-01389564 | PS-01412443 | PS-01425699 |
| PS-01357766 | PS-01397570 | PS-01413437 | PS-01426948 |
| PS-01357990 | PS-01400600 | PS-01413617 | PS-01426954 |

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION
SUBJECT TO PROTECTIVE ORDER

| | | | |
|---|---|---|---|
| PS-01427068 | PS-01439771 | PS-01445987 | PS-01470617 |
| PS-01427176 | PS-01440095 | PS-01446006 | PS-01477752 |
| PS-01427182 | PS-01440098 | PS-01446047 | PS-01479401 |
| PS-01427188 | PS-01440314 | PS-01446815 | PS-01518944 |
| PS-01428502 | PS-01440373 | PS-01449556 | PS-01518992 |
| PS-01428508 | PS-01440593 | PS-01449826 | PS-01519016 |
| PS-01428775 | PS-01440599 | PS-01450096 | PS-01521899 |
| PS-01429749 | PS-01440991 | PS-01450781 | PS-01532095 |
| PS-01429773 | PS-01441007 | PS-01455066 | PS-01535732 |
| PS-01430207 | PS-01441924 | PS-01455750 | PS-01535750 |
| PS-01430614 | PS-01441937 | PS-01456895 | PS-01550342 |
| PS-01431341 | PS-01441954 | PS-01457063 | PS-01550348 |
| PS-01432044 | PS-01441961 | PS-01457921 | PS-01550384 |
| PS-01432110 | PS-01442177 | PS-01457945 | PS-01552592 |
| PS-01434160 | PS-01442225 | PS-01457958 | PS-01553204 |
| PS-01434364 | PS-01442459 | PS-01458017 | PS-01554295 |
| PS-01434961 | PS-01442512 | PS-01458179 | PS-01555478 |
| PS-01434986 | PS-01442513 | PS-01459681 | PS-01569643 |
| PS-01435016 | PS-01442542 | PS-01460304 | PS-01569703 |
| PS-01435033 | PS-01442560 | PS-01460356 | PS-01572824 |
| PS-01435057 | PS-01444181 | PS-01462498 | PS-01574390 |
| PS-01435121 | PS-01444361 | PS-01462732 | PS-01576448 |
| PS-01435668 | PS-01445699 | PS-01463052 | PS-01576682 |
| PS-01435955 | PS-01445922 | PS-01465372 | PS-01576706 |
| PS-01437209 | PS-01445933 | PS-01465468 | PS-01576724 |

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION

| | | | |
|---|---|---|---|
| PS-01576988 | PS-01578062 | PS-01597642 | PS-01604027 |
| PS-01577000 | PS-01578098 | PS-01599325 | PS-01604039 |
| PS-01577024 | PS-01578104 | PS-01600873 | PS-01604129 |
| PS-01577030 | PS-01578140 | PS-01600879 | PS-01604165 |
| PS-01577042 | PS-01578452 | PS-01601885 | PS-01604171 |
| PS-01577054 | PS-01578524 | PS-01602299 | PS-01604177 |
| PS-01577060 | PS-01575709 | PS-01603097 | PS-01604201 |
| PS-01577066 | PS-01575715 | PS-01603391 | PS-01604213 |
| PS-01577072 | PS-01575727 | PS-01603517 | PS-01604219 |
| PS-01577090 | PS-01575733 | PS-01603523 | PS-01604639 |
| PS-01577096 | PS-01575745 | PS-01603529 | PS-01604687 |
| PS-01577120 | PS-01575751 | PS-01603571 | PS-01604711 |
| PS-01577180 | PS-01575757 | PS-01603613 | PS-01605143 |
| PS-01577246 | PS-01575853 | PS-01603625 | PS-01605155 |
| PS-01577264 | PS-01575871 | PS-01603631 | PS-01605161 |
| PS-01577318 | PS-01575877 | PS-01603637 | PS-01605167 |
| PS-01577342 | PS-01575883 | PS-01603643 | PS-01605179 |
| PS-01577402 | PS-01575895 | PS-01603649 | PS-01605221 |
| PS-01577450 | PS-01575919 | PS-01603703 | PS-01605227 |
| PS-01577468 | PS-01576269 | PS-01603811 | PS-01605233 |
| PS-01577930 | PS-01579621 | PS-01603901 | PS-01605239 |
| PS-01577990 | PS-01579639 | PS-01603943 | PS-01605245 |
| PS-01577996 | PS-01583569 | PS-01603949 | PS-01602178 |
| PS-01578002 | PS-01586159 | PS-01603955 | PS-01602184 |
| PS-01578044 | PS-01590748 | PS-01604021 | PS-01602370 |

PUBLICLY FILED PER STIPULATION [ECF 2140]

| | | | |
|---|---|---|---|
| PS-01602448 | PS-01641494 | PS-01666603 | PS-01691388 |
| PS-01602586 | PS-01645734 | PS-01666609 | PS-01691418 |
| PS-01602658 | PS-01645740 | PS-01666771 | PS-01691655 |
| PS-01603011 | PS-01650644 | PS-01666795 | PS-01691693 |
| PS-01603599 | PS-01650962 | PS-01666807 | PS-01691771 |
| PS-01606078 | PS-01651507 | PS-01667993 | PS-01691885 |
| PS-01606414 | PS-01651908 | PS-01669187 | PS-01694544 |
| PS-01607956 | PS-01652725 | PS-01669642 | PS-01707102 |
| PS-01607998 | PS-01652731 | PS-01669715 | PS-01707915 |
| PS-01608043 | PS-01652737 | PS-01670806 | PS-01708136 |
| PS-01618884 | PS-01656961 | PS-01671322 | PS-01708226 |
| PS-01618902 | PS-01658213 | PS-01671328 | PS-01709024 |
| PS-01619100 | PS-01658273 | PS-01671334 | PS-01709520 |
| PS-01620292 | PS-01658345 | PS-01672291 | PS-01709526 |
| PS-01621617 | PS-01659816 | PS-01672757 | PS-01709532 |
| PS-01621665 | PS-01660176 | PS-01673122 | PS-01709538 |
| PS-01629592 | PS-01661249 | PS-01674484 | PS-01709544 |
| PS-01633037 | PS-01661621 | PS-01674532 | PS-01709550 |
| PS-01634562 | PS-01662035 | PS-01676099 | PS-01709592 |
| PS-01635483 | PS-01662719 | PS-01684552 | PS-01709598 |
| PS-01637282 | PS-01662863 | PS-01687344 | PS-01710548 |
| PS-01637318 | PS-01662977 | PS-01687362 | PS-01727066 |
| PS-01637360 | PS-01663013 | PS-01687380 | PS-01736660 |
| PS-01637552 | PS-01663157 | PS-01690437 | PS-01742887 |
| PS-01637564 | PS-01666457 | PS-01691339 | PS-01742905 |

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION
FILED UNDER SEAL - NOT FOR PROTECTION ORDER

| | | | |
|---|---|---|---|
| PS-01745029 | PS-01773471 | PS-01787102 | PS-01793084 |
| PS-01745671 | PS-01773685 | PS-01787108 | PS-01793258 |
| PS-01750198 | PS-01774197 | PS-01787120 | PS-01793864 |
| PS-01750210 | PS-01774523 | PS-01787126 | PS-01793912 |
| PS-01750252 | PS-01775167 | PS-01787228 | PS-01794569 |
| PS-01750264 | PS-01775401 | PS-01787234 | PS-01794579 |
| PS-01750984 | PS-01775807 | PS-01787240 | PS-01794597 |
| PS-01751164 | PS-01776718 | PS-01787271 | PS-01794667 |
| PS-01753240 | PS-01778123 | PS-01787425 | PS-01795244 |
| PS-01755370 | PS-01778135 | PS-01787985 | PS-01795292 |
| PS-01757252 | PS-01778147 | PS-01788781 | PS-01795481 |
| PS-01757710 | PS-01778301 | PS-01788793 | PS-01795505 |
| PS-01761307 | PS-01778313 | PS-01788799 | PS-01795523 |
| PS-01762477 | PS-01778319 | PS-01788817 | PS-01795565 |
| PS-01764056 | PS-01778734 | PS-01788841 | PS-01795577 |
| PS-01764238 | PS-01779710 | PS-01788847 | PS-01796677 |
| PS-01767569 | PS-01779716 | PS-01788877 | PS-01797454 |
| PS-01767941 | PS-01779764 | PS-01788889 | PS-01797478 |
| PS-01771543 | PS-01779776 | PS-01790453 | PS-01797542 |
| PS-01771679 | PS-01783863 | PS-01790809 | PS-01798242 |
| PS-01771723 | PS-01784614 | PS-01791451 | PS-01798982 |
| PS-01772601 | PS-01785667 | PS-01791577 | PS-01799197 |
| PS-01772891 | PS-01786349 | PS-01792988 | PS-01799329 |
| PS-01773283 | PS-01786742 | PS-01792994 | PS-01799443 |
| PS-01773431 | PS-01786760 | PS-01793018 | PS-01799581 |

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION

| | | | |
|---|---|---|---|
| PS-01799968 | PS-01810474 | PS-01823572 | PS-01828569 |
| PS-01800319 | PS-01810480 | PS-01823752 | PS-01829277 |
| PS-01801484 | PS-01810663 | PS-01824521 | PS-01829364 |
| PS-01801496 | PS-01811620 | PS-01824558 | PS-01829586 |
| PS-01802153 | PS-01811941 | PS-01824570 | PS-01829740 |
| PS-01803521 | PS-01812150 | PS-01824575 | PS-01829820 |
| PS-01803630 | PS-01812420 | PS-01824804 | PS-01829826 |
| PS-01804015 | PS-01812814 | PS-01825158 | PS-01830081 |
| PS-01804429 | PS-01812825 | PS-01825314 | PS-01830093 |
| PS-01804435 | PS-01812939 | PS-01825845 | PS-01831572 |
| PS-01804549 | PS-01813339 | PS-01826469 | PS-01831972 |
| PS-01804837 | PS-01813342 | PS-01826601 | PS-01832317 |
| PS-01804933 | PS-01815534 | PS-01826733 | PS-01832357 |
| PS-01805566 | PS-01818120 | PS-01826770 | PS-01832362 |
| PS-01805614 | PS-01818145 | PS-01826787 | PS-01832377 |
| PS-01805712 | PS-01818163 | PS-01827087 | PS-01832747 |
| PS-01806558 | PS-01818205 | PS-01827786 | PS-01833028 |
| PS-01806576 | PS-01823092 | PS-01827798 | PS-01833434 |
| PS-01807247 | PS-01823122 | PS-01827810 | PS-01833549 |
| PS-01809258 | PS-01823188 | PS-01828437 | PS-01833579 |
| PS-01810284 | PS-01823212 | PS-01828509 | PS-01833891 |
| PS-01810314 | PS-01823350 | PS-01828515 | PS-01833956 |
| PS-01810438 | PS-01823356 | PS-01828533 | PS-01833988 |
| PS-01810450 | PS-01823362 | PS-01828545 | PS-01834073 |
| PS-01810462 | PS-01823476 | PS-01828551 | PS-01834076 |

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION

| | | | |
|---|---|---|---|
| PS-01834198 | PS-01839839 | PS-01844497 | PS-01853614 |
| PS-01834283 | PS-01839849 | PS-01844577 | PS-01853898 |
| PS-01834373 | PS-01839854 | PS-01844593 | PS-01853902 |
| PS-01834437 | PS-01842229 | PS-01844809 | PS-01859254 |
| PS-01834543 | PS-01842249 | PS-01845394 | PS-01859654 |
| PS-01834791 | PS-01842272 | PS-01845398 | PS-01860350 |
| PS-01834877 | PS-01842423 | PS-01845406 | PS-01860418 |
| PS-01834887 | PS-01842453 | PS-01845414 | PS-01861422 |
| PS-01835426 | PS-01842488 | PS-01845446 | PS-01861430 |
| PS-01836032 | PS-01842608 | PS-01845501 | PS-01861450 |
| PS-01836637 | PS-01842643 | PS-01848304 | PS-01861714 |
| PS-01836812 | PS-01843237 | PS-01848316 | PS-01862126 |
| PS-01836872 | PS-01843366 | PS-01848637 | PS-01863986 |
| PS-01836971 | PS-01843417 | PS-01848835 | PS-01864634 |
| PS-01837658 | PS-01843486 | PS-01848909 | PS-01864926 |
| PS-01837663 | PS-01843586 | PS-01849405 | PS-01865310 |
| PS-01837817 | PS-01843836 | PS-01850102 | PS-01865338 |
| PS-01838179 | PS-01843841 | PS-01851434 | PS-01865342 |
| PS-01838304 | PS-01843883 | PS-01851442 | PS-01865382 |
| PS-01838511 | PS-01843888 | PS-01852381 | PS-01865534 |
| PS-01838541 | PS-01843893 | PS-01852994 | PS-01866662 |
| PS-01838642 | PS-01843913 | PS-01853486 | PS-01866666 |
| PS-01838791 | PS-01843916 | PS-01853490 | PS-01870440 |
| PS-01839167 | PS-01844427 | PS-01853538 | PS-01870671 |
| PS-01839227 | PS-01844478 | PS-01853598 | PS-01870766 |

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION
DECLARATION OF EXHIBITS C10-C17 PRO122-128

| | | | |
|---|---|---|---|
| PS-01870767 | PS-01886114 | PS-01886320 | PS-01900138 |
| PS-01870770 | PS-01886117 | PS-01886341 | PS-01900174 |
| PS-01870771 | PS-01886147 | PS-01886409 | PS-01900633 |
| PS-01870773 | PS-01886173 | PS-01886411 | PS-01900668 |
| PS-01885946 | PS-01886174 | PS-01886866 | PS-01900749 |
| PS-01885947 | PS-01886177 | PS-01886867 | PS-01900911 |
| PS-01885954 | PS-01886179 | PS-01886868 | PS-01900986 |
| PS-01885977 | PS-01886201 | PS-01890370 | PS-01901244 |
| PS-01885993 | PS-01886202 | PS-01895707 | PS-01905871 |
| PS-01885997 | PS-01886204 | PS-01896307 | PS-01905873 |
| PS-01886004 | PS-01886205 | PS-01897043 | PS-01906082 |
| PS-01886040 | PS-01886206 | PS-01897205 | PS-01906083 |
| PS-01886050 | PS-01886207 | PS-01897406 | PS-01906084 |
| PS-01886060 | PS-01886209 | PS-01897867 | PS-01906086 |
| PS-01886061 | PS-01886212 | PS-01897868 | PS-01906110 |
| PS-01886080 | PS-01886217 | PS-01897870 | PS-01906111 |
| PS-01886092 | PS-01886243 | PS-01897871 | PS-01906119 |
| PS-01886094 | PS-01886249 | PS-01897872 | PS-01906221 |
| PS-01886101 | PS-01886251 | PS-01898208 | PS-01906412 |
| PS-01886102 | PS-01886256 | PS-01898209 | PS-01906414 |
| PS-01886104 | PS-01886259 | PS-01900061 | PS-01906416 |
| PS-01886105 | PS-01886272 | PS-01900095 | PS-01906818 |
| PS-01886106 | PS-01886295 | PS-01900096 | PS-01907104 |
| PS-01886109 | PS-01886302 | PS-01900103 | PS-01907112 |
| PS-01886110 | PS-01886313 | PS-01900137 | PS-01907174 |

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION

| | | | |
|---|---|---|---|
| PS-01907192 | PS-01919189 | PS-01972625 | PS-01990073 |
| PS-01907195 | PS-01919190 | PS-01973104 | PS-01990162 |
| PS-01907200 | PS-01919227 | PS-01973107 | PS-01992902 |
| PS-01907220 | PS-01919228 | PS-01973167 | PS-01992906 |
| PS-01907221 | PS-01919229 | PS-01974170 | PS-01992911 |
| PS-01907222 | PS-01919275 | PS-01974174 | PS-01992912 |
| PS-01907229 | PS-01919367 | PS-01974175 | PS-01994116 |
| PS-01907280 | PS-01919378 | PS-01974188 | PS-01996807 |
| PS-01907284 | PS-01919400 | PS-01977157 | PS-01996808 |
| PS-01907285 | PS-01919410 | PS-01977501 | PS-01998539 |
| PS-01907287 | PS-01919412 | PS-01978501 | PS-02003878 |
| PS-01908242 | PS-01919493 | PS-01978503 | PS-02003898 |
| PS-01912700 | PS-01919925 | PS-01979837 | PS-02006689 |
| PS-01912701 | PS-01920085 | PS-01980622 | PS-02007512 |
| PS-01912889 | PS-01920086 | PS-01983637 | PS-02007515 |
| PS-01912906 | PS-01920110 | PS-01985198 | PS-02007517 |
| PS-01917947 | PS-01920158 | PS-01985233 | PS-02007541 |
| PS-01918110 | PS-01925681 | PS-01985235 | PS-02008082 |
| PS-01918112 | PS-01964392 | PS-01985236 | PS-02009655 |
| PS-01918126 | PS-01965061 | PS-01985245 | PS-02010964 |
| PS-01918127 | PS-01965353 | PS-01985264 | PS-02012431 |
| PS-01918203 | PS-01965572 | PS-01985703 | PS-02012828 |
| PS-01918214 | PS-01965956 | PS-01985746 | PS-02020369 |
| PS-01919166 | PS-01966408 | PS-01988991 | PS-02020370 |
| PS-01919176 | PS-01972618 | PS-01990070 | PS-02021491 |

PUBLICLY FILED PER STIPULATION [ECF 2140]

| | |
|---|---|
| PS-02021496 | MB1099577 |
| PS-02021500 | DSF0019327 |
| PS-02021501 | DSF0073889 |
| PS-02021552 | MB0206612 |
| PS-02026121 | H54885-0001-082955 |
| PS-02026124 | |
| PS-02028635 | H54885-0001-058556 |
| PS-02029355 | H54885-0001-058600 |
| PS-02029407 | |
| PS-02029428 | H54885-0001-105162 |
| PS-02031214 | H54885-0001-106127 |
| PS-02031218 | |
| PS-02031222 | H54885-0001-106154 |
| PS-02031370 | H54885-0001-106529 |
| PS-02032595 | |
| PS-02036900 | H54885-0001-115568 |
| PS-02039662 | MB1172653_00002 |
| PS-02039663 | |
| MB1086525 | PS-02012379 |
| MB1095062 | PS-02012546 |
| MB1096574 | PS-02012608 |
| MB1096636 | |
| MB1096960 | |
| MB1096980 | |
| MB1097184 | |

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED - CONTAINS OUTSIDE PROFESSIONAL EYES ONLY INFORMATION

## Exhibit 2

| Privilege ID | Bates Number |
| --- | --- |
| PS-00002652 | RSF00786557 |
| PS-00002865 | RSF00786559 |
| PS-00002877 | RSF00786581 |
| PS-00002898 | RSF00787503 |
| PS-00002901 | RSF00786594 |
| PS-00003029 | RSF00068223_REPROD_00001 |
| PS-00003145 | RSF00787512 |
| PS-00003150 | RSF00787515 |
| PS-00003162 | RSF00787519 |
| PS-00003166 | RSF00787521 |
| PS-00003169 | RSF00787524 |
| PS-00003178 | RSF00787526 |
| PS-00003191 | RSF00167156_REPROD_00001 |
| PS-00003205 | RSF00787528 |
| PS-00003215 | RSF00787530 |
| PS-00003243 | RSF00787533 |
| PS-00003259 | RSF00167178_REPROD_00001 |
| PS-00003269 | RSF00476960_REPROD_00001 |
| PS-00004641 | RSF00786608 |
| PS-00101514 | RSF00785525 |
| PS-00101541 | RSF00786640 |
| PS-00101542 | RSF00785527 |

PUBLICLY FILED PER STIPULATION [ECF 2140]

REDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION

| Privilege ID | Bates Number |
|---|---|
| PS-00101553 | RSF00477161_REPROD_00001 |
| PS-00101555 | RSF00477163_REPROD_00001 |
| PS-00101951 | RSF00787535 |
| PS-00104944 | RSF00786649 |
| PS-00104945 | RSF00786651 |
| PS-00104946 | RSF00786653 |
| PS-00104947 | RSF00786655 |
| PS-00104948 | RSF00786657 |
| PS-00104949 | RSF00786659 |
| PS-00104950 | RSF00786661 |
| PS-00104953 | RSF00786663 |
| PS-00129490 | RSF00786667 |
| PS-00136866 | RSF00786681 |
| PS-00813572 | RSF00787560 |
| PS-01012344 | RSF00786712 |
| PS-01042223 | RSF00786740 |
| PS-01042225 | RSF00786742 |
| PS-01042229 | RSF00786744 |
| PS-01042235 | RSF00786746 |
| PS-01051369 | RSF00786747 |
| PS-01054901 | RSF00785703 |
| PS-01055019 | RSF00786749 |
| PS-01155890 | RSF00787600 |

PUBLICLY FILED PER STIPULATION [ECF 2140]

REDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION

| Privilege ID | Bates Number |
|---|---|
| PS-01155897 | RSF00787602 |
| PS-01155899 | RSF00786853 |
| PS-01156216 | RSF00787604 |
| PS-01156920 | RSF00787608 |
| PS-01157620 | RSF00786862 |
| PS-01160146 | RSF00786863 |
| PS-01161412 | RSF00786870 |
| PS-01161415 | RSF00785722 |
| PS-01163678 | RSF00786886 |
| PS-01163738 | RSF00141540_REPROD_00001 |
| PS-01167881 | RSF00787621 |
| RS0193139 | RSF_OLK00069164 |
| RS0201369 | RSF_OLK00069167 |
| RS0201387 | RSF_OLK00069170 |
| RS0223313 | RSF_OLK00069188 |
| RS0223315 | RSF_OLK00069191 |
| RS0223316 | RSF_OLK00069194 |
| RS0223946 | RSF_OLK00069196 |
| RS0467985 | RSF_OLK00069213 |
| RS0471000 | RSF_OLK00069086 |
| RS0616477 | RSF_OLK00069099 |
| RS0629951 | RSF_OLK00069101 |
| RS0631121 | RSF_OLK00069104 |

PUBLICLY FILED PER STIPULATION [ECF 2140]

REDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION

| Privilege ID | Bates Number |
|---|---|
| RS0642704 | RSF_OLK00069215 |
| RS0642936 | RSF_OLK00069217 |
| RS0643631 | RSF_OLK00069219 |
| RS0793954 | RSF_OLK00069221 |
| RS0795614 | RSF_OLK00069225 |
| RS0798082 | RSF_OLK00069465 |
| RS0798459 | RSF_OLK00069227 |
| RS0804782 | RSF_OLK00069229 |
| RS0804989 | RSF_OLK00069467 |
| RS0805629 | RSF_OLK00069232 |
| RS0805842 | RSF_OLK00069469 |
| RS0806268 | RSF_OLK00069236 |
| RS0806351 | RSF_OLK00069471 |
| RS0807102 | RSF_OLK00069242 |
| RS0807566 | RSF_OLK00069476 |
| RS0808075 | RSF_OLK00069244 |
| RS0808318 | RSF_OLK00069478 |
| RS0809386 | RSF_OLK00069246 |
| RS0809617 | RSF_OLK00069482 |
| RS0809642 | RSF_OLK00069249 |
| RS0809894 | RSF_OLK00069252 |
| RS0810404 | RSF_OLK00069484 |
| RS0811223 | RSF_OLK00069255 |

PUBLICLY FILED PER STIPULATION [ECF 2140]

REDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION

| Privilege ID | Bates Number |
|:---:|:---:|
| RS0812848 | RSF_OLK00069256 |
| RS0814527 | RSF_OLK00069489 |
| RS0814559 | RSF_OLK00069257 |
| RS0814771 | RSF_OLK00069259 |
| RS0819771 | RSF_OLK00069145 |
| RS0820389 | RSF_OLK00069492 |
| RS0820564 | RSF_OLK00069147 |
| RS0821174 | RSF_OLK00069278 |
| RS0822005 | RSF_OLK00069497 |
| RS0822348 | RSF_OLK00069499 |
| RS0823803 | RSF_OLK00069510 |
| RS0823891 | RSF_OLK00069289 |
| RS0825151 | RSF_OLK00069292 |
| RS0825550 | RSF_OLK00069296 |
| RS0825652 | RSF_OLK00069515 |
| RS0826079 | RSF_OLK00069519 |
| RS0827867 | RSF_OLK00069521 |
| RS0828390 | RSF_OLK00069300 |
| RS0828834 | RSF_OLK00069523 |
| RS0829066 | RSF_OLK00069525 |
| RS0840322 | RSF_OLK00069115 |
| RS0843253 | RSF_OLK00069528 |
| RS0843651 | RSF_OLK00069531 |

PUBLICLY FILED PER STIPULATION [ECF 2140]

REDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION

| Privilege ID | Bates Number |
|:---:|:---:|
| RS0843962 | RSF_OLK00069306 |
| RS0844704 | RSF_OLK00069533 |
| RS0844808 | RSF_OLK00069150 |
| RS0845395 | RSF_OLK00069308 |
| RS0845839 | RSF_OLK00069071 |
| RS0847133 | RSF_OLK00069311 |
| RS0847447 | RSF_OLK00069318 |
| RS0847512 | RSF_OLK00069320 |
| RS0855158 | RSF_OLK00069534 |
| RS0857384 | RSF_OLK00069537 |
| RS0857745 | RSF_OLK00069539 |
| RS0858943 | RSF_OLK00069543 |
| RS0859657 | RSF_OLK00069545 |
| RS0861676 | RSF_OLK00069548 |
| RS0861704 | RSF_OLK00069551 |
| RS0863437 | RSF_OLK00069554 |
| RS0869640 | RSF_OLK00069557 |
| RS0880528 | RSF_OLK00069563 |
| RS0880568 | RSF_OLK00067751_REPROD_00001 |
| RS0880687 | RSF_OLK00069122 |
| RS0881318 | RSF_OLK00069342 |
| RS0881353 | RSF_OLK00069345 |
| RS0889408 | RSF_OLK00069348 |

PUBLICLY FILED PER STIPULATION [ECF 2140]

REDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION

| Privilege ID | Bates Number |
|---|---|
| RS0890245 | RSF_OLK00069349 |
| RS0890453 | RSF_OLK00069351 |
| RS0890706 | RSF_OLK00069568 |
| RS0891281 | RSF_OLK00069570 |
| RS0891841 | RSF_OLK00069573 |
| RS0892087 | RSF_OLK00069359 |
| RS0892284 | RSF_OLK00069361 |
| RS0892907 | RSF_OLK00069576 |
| RS0894000 | RSF_OLK00069367 |
| RS0894145 | RSF_OLK00069126 |
| RS0903404 | RSF_OLK00069578 |
| RS0904105 | RSF_OLK00069376 |
| RS0905234 | RSF_OLK00069128 |
| RS0905238 | RSF_OLK00069587 |
| RS0905738 | RSF_OLK00069590 |
| RS0906186 | RSF_OLK00069382 |
| RS0908384 | RSF_OLK00069592 |
| RSM-147301 | RSF_OLK00069385 |
| RSM-170247 | RSF_OLK00069388 |
| RSM-251700 | RSF_OLK00069390 |
| RSM-253797 | RSF_OLK00069392 |
| RSM-254150 | RSF_OLK00069614 |
| RSM-254200 | RSF_OLK00069396 |

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION

| Privilege ID | Bates Number |
|---|---|
| RSM-255006 | RSF_OLK00069401 |
| RSM-268621 | RSF_OLK00069405 |
| RSM-272619 | RSF_OLK00069408 |
| RSM-302306 | RSF_OLK00069143 |
| RSM-303516 | RSF_OLK00069442 |
| RSM-309380 | RSF_OLK00069445 |
| JS-116553 | RSF00787414 |
| DSF0017267 | RSF00786092 |
| DSF0018319 | RSF00787240 |
| DSF0018582 | RSF00787244 |
| DSF0021036 | RSF00785877 |
| DSF0021165 | RSF00787252 |
| DSF0021852 | RSF00787260 |
| DSF0030323 | RSF00786129 |
| DSF0030457 | RSF00786135 |
| DSF0032294 | RSF00787286 |
| DSF0033560 | RSF00787302 |
| DSF0033563 | RSF00787304 |
| DSF0033564 | RSF00787305 |
| DSF0033566 | RSF00787307 |
| DSF0033570 | RSF00785533 |
| DSF0034339 | RSF00787309 |
| DSF0034719 | RSF00787312 |

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION

| Privilege ID | Bates Number |
|---|---|
| DSF0034761 | RSF00785885 |
| DSF0034774 | RSF00785536 |
| DSF0034780 | RSF00786149 |
| DSF0034782 | RSF00787329 |
| DSF0034788 | RSF00786151 |
| DSF0034795 | RSF00786154 |
| DSF0034812 | RSF00786156 |
| DSF0034813 | RSF00786158 |
| DSF0034814 | RSF00786161 |
| DSF0034817 | RSF00786163 |
| DSF0034818 | RSF00787331 |
| DSF0034820 | RSF00786165 |
| DSF0034821 | RSF00786167 |
| DSF0034823 | RSF00786169 |
| DSF0034824 | RSF00786171 |
| DSF0034828 | RSF00786173 |
| DSF0034829 | RSF00786175 |
| DSF0035617 | RSF00786176 |
| DSF0035747 | RSF00786177 |
| DSF0036345 | RSF00786180 |
| DSF0037297 | RSF00787340 |
| DSF0038472 | RSF00786194 |
| DSF0039456 | RSF00786196 |

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION

| Privilege ID | Bates Number |
|---|---|
| DSF0039631 | RSF00786198 |
| DSF0039639 | RSF00786200 |
| DSF0039640 | RSF00786203 |
| DSF0039647 | RSF00786205 |
| DSF0039649 | RSF00786210 |
| DSF0039662 | RSF00786212 |
| DSF0039693 | RSF00786215 |
| DSF0039707 | RSF00786216 |
| DSF0039710 | RSF00786218 |
| DSF0039732 | RSF00786221 |
| DSF0039735 | RSF00786224 |
| DSF0039741 | RSF00786229 |
| DSF0039742 | RSF00786231 |
| DSF0039743 | RSF00786233 |
| DSF0039746 | RSF00786235 |
| DSF0039747 | RSF00786237 |
| DSF0039750 | RSF00786239 |
| DSF0039759 | RSF00786241 |
| DSF0039765 | RSF00786243 |
| DSF0039768 | RSF00786244 |
| DSF0039788 | RSF00786246 |
| DSF0039789 | RSF00786248 |
| DSF0039796 | RSF00786250 |

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION

| Privilege ID | Bates Number |
|---|---|
| DSF0039801 | RSF00786251 |
| DSF0039818 | RSF00786253 |
| DSF0041619 | RSF00787359 |
| DSF0041846 | RSF00787362 |
| DSF0042036 | RSF00786263 |
| DSF0042415 | RSF00785209 |
| DSF0042631 | RSF00786265 |
| DSF0042632 | RSF00785211 |
| DSF0042767 | RSF00134418_REPROD_00001 |
| DSF0059252 | RSF00787365 |
| DSF0059623 | RSF00787368 |
| DSF0060476 | RSF00787378 |
| DSF0061338 | RSF00787381 |
| DSF0061534 | RSF00787384 |
| DSF0061758 | RSF00786300 |
| DSF0061861 | RSF00787389 |
| DSF0061884 | RSF00786303 |
| DSF0061886 | RSF00786305 |
| DSF0062098 | RSF00787394 |
| DSF0062167 | RSF00786309 |
| DSF0062631 | RSF00786317 |
| DSF0062655 | RSF00787396 |
| DSF0062696 | RSF00786320 |

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION

| Privilege ID | Bates Number |
|---|---|
| DSF0062700 | RSF00786322 |
| DSF0062718 | RSF00786324 |
| DSF0062771 | RSF00786329 |
| DSF0062797 | RSF00786331 |
| DSF0063190 | RSF00787398 |
| DSF0063386 | RSF00787402 |
| DSF0063470 | RSF00787404 |
| DSF0063549 | RSF00785922 |
| DSF0063643 | RSF00787406 |
| DSF0064210 | RSF00785539 |
| DSF0064291 | RSF00786337 |
| DSF0064850 | RSF00786338 |
| DSF0064855 | RSF00786341 |
| DSF0065988 | RSF00787408 |
| DSF0065995 | RSF00786342 |
| DSF0065997 | RSF00786344 |
| DSF0065998 | RSF00787410 |
| DSF0065999 | RSF00786347 |
| DSF0066000 | RSF00786350 |
| RSNY12187695 | RSF00787059 |
| RSNY12188457 | RSF00787061 |
| RSNY12190152 | RSF00787062 |
| RSNY12190319 | RSF00168980_REPROD_00001 |

PUBLICLY FILED PER STIPULATION [ECF 2140]

REDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION

| Privilege ID | Bates Number |
|---|---|
| RSNY12190590 | RSF00787064 |
| RSNY12192836 | RSF00787066 |
| RSNY12193741 | RSF00787068 |
| RSNY12193753 | RSF00787069 |
| RSNY12194132 | RSF00787071 |
| RSNY12194683 | RSF00787082 |
| RSNY12194818 | RSF00787084 |
| RSNY12195338 | RSF00787085 |
| RSNY12198197 | RSF00787087 |
| RSNY12204747 | RSF00787102 |
| RSNY12205188 | RSF00787105 |
| RSNY12209298 | RSF00787118 |
| RSNY12210325 | RSF00787139 |
| RSNY12210732 | RSF00787142 |
| RSNY12210746 | RSF00787144 |
| RSNY12211266 | RSF00787669 |
| RSNY12214463 | RSF00787152 |
| RSNY12387947 | RSF00473548_REPROD_00001 |

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS EYES ONLY INFORMATION
SUBJECT TO PROTECTIVE ORDER

# EXHIBIT 117

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION
SUBJECT TO PROTECTIVE ORDER



# Milbank

**ALEXANDER B. LEES**
*Partner*

55 Hudson Yards | New York, NY 10001-2163
T: 212.530.5161
alees@milbank.com | milbank.com

October 19, 2020

**VIA EMAIL**

Mitchell P. Hurley
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY 10036

Re:   In re Purdue Pharma L.P., No-19-23649 (Bankr. S.D.N.Y.)

Dear Mitch:

I write in connection with your letter of October 12, which was transmitted at 8:15pm two days before our briefs in opposition to the UCC's privilege motions were due. We have now had the opportunity to consider you letter and we respond as follows.

We do not understand your distinction, for purposes of the work product doctrine, between documents created by attorneys and documents created by others for or at the direction of attorneys. Both categories of documents are protected, as we explain in our General Challenges brief. As such, we see no value in re-reviewing thousands of documents (again) to parse our privilege log entries further based on the distinction you are drawing, particularly at this late stage when briefing on privilege disputes is all but complete. As to your assertion that we have not carried our burden with respect to attorney-client privilege, we obviously do not agree, as we have explained in our briefs on your pending motions. The Court will have to decide this issue.

We confirm that our re-review for relevance of the 4,300 privilege log entries included a review for subjects listed in your September 24 letter. Likewise, while we did not know that you specifically wanted us to consider your "good cause" arguments in conducting our re-review, we have examined Exhibit 101 to your exceptions motion and confirm that our reviewers would have considered documents "relevant," for purposes of this re-review exercise, if they fell within the topics listed there. We appreciate your willingness to withdraw challenges to documents that are irrelevant.

MILBANK LLP

NEW YORK | LOS ANGELES | WASHINGTON, D.C. | SÃO PAULO | FRANKFURT
LONDON | MUNICH | BEIJING | HONG KONG | SEOUL | SINGAPORE | TOKYO

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION
FILED UNDER SEAL - HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

Mitchell P. Hurley
October 19, 2020                                                                                    Page 2

You are misremembering the course of events that led to our generating a document-by-document privilege log. There was no unilateral decision made by us. Repeating our respective recollections of these events again is unproductive, however, so we will move on.

Finally, we continue to reject your revisionist history of how we ended up with a scheduling stipulation. You moved to compel prematurely, while we were in the midst of discussing many open issues and when our proposals to you remained unanswered. The Court, rather than rule on your premature motion, appropriately directed you to continue meeting and conferring, and we eventually reached agreement with you. This was not done out of a belief that the UCC's discovery program is reasonable or proportional to the needs of the case. The Debtors have concisely explained in their pending brief and cross-motion why it is not. Nor did we reach agreement with you out of any concern that we would lose a motion to compel if you had continued to prosecute one. To the contrary, we acceded to your overbroad demands to spare the Court the need to wade into discovery disputes – for which the Court praised the parties at the last omnibus hearing – as we noted in our General Challenges brief.

Your privilege motions and the lines of inquiry you and the non-consenting states have pursued at depositions confirm that even with the extraordinarily wide net you have cast, you still have not found any evidence of what you call the "extraordinary misconduct in which the Sacklers are accused of engaging." Far from justifying the no-stone-unturned strategy you have insisted upon (notwithstanding our pleas and the Court's repeated admonitions), the fact that you have come up empty handed demonstrates that your approach to these cases has not been a valuable use of estate resources – resources that otherwise could have been deployed to help communities in need, as contemplated by the settlement framework.

Very truly yours,

*/s/ Alexander B. Lees*
Alexander B. Lees

cc:    Marshall Huebner
       Jasmine Ball
       Kenneth Eckstein
       Andrew Troop

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION
SUBJECT TO PROTECTIVE ORDER

# EXHIBIT 122

PUBLICLY FILED PER STIPULATION [ECF 2140]

| From: | Baker, Stuart D. |
| --- | --- |
| To: | ████████ |
| CC: | ████████ |
| Sent: | 1/30/2018 9:26:48 PM |
| Subject: | Re: Opioid Sales |

Please do not respond to this email.
********************
Please consider the environment before printing this email.

----- Original Message -----
From: Ilene [mailto:████████
Sent: Tuesday, January 30, 2018 04:16 PM Eastern Standard Time
To: Mortimer D. A. Sackler ████████
Cc: Dame Theresa Sackler ████████████████; Baker, Stuart D.
Subject: Opioid Sales

It seems to me, based on several things presented today, that promoting any opioids, in any
way, in any country should be stopped immediately.

_____

This email message and any attachments are for the sole use of the intended recipient(s).
Any unauthorized review, use, disclosure, copying or distribution is prohibited. If you are
not the intended recipient, please contact the sender by reply email and destroy all copies
of the original message and any attachments.

To reply to our email administrator directly, send an email to
nrfus.postmaster@nortonrosefulbright.com.

Norton Rose Fulbright US LLP, Norton Rose Fulbright LLP, Norton Rose Fulbright Australia,
Norton Rose Fulbright Canada LLP and Norton Rose Fulbright South Africa Inc are separate
legal entities and all of them are members of Norton Rose Fulbright Verein, a Swiss verein.
Norton Rose Fulbright Verein helps coordinate the activities of the members but does not
itself provide legal services to clients. Details of each entity, with certain regulatory
information, are available at nortonrosefulbright.com.

_____

PUBLICLY FILED PER STIPULATION [ECF 2140]

OUTSIDE PROFESSIONALS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER
FOIA/FOIL CONFIDENTIAL TREATMENT REQUESTED

MSF00470861

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION
SUBJECT TO PROTECTIVE ORDER

# EXHIBIT 123

| From: | Mortimer Sackler |
|---|---|
| To: | Mattessich, Antony |
| CC: | Sackler, Dr Richard |
| Sent: | 4/24/2017 6:37:11 PM |
| Subject: | Re: Betadine in SA |

Antony,

Totally agree and the Board did instruct Stuart to let ALL the RDs know of the decision first before anyone else. He clearly dropped the ball on this one in a major way. Then it would be Raman's role to work closely with the other RDs to manage the transition and ensure the best possible outcome and success. Unfortunately this is also due to the Board leaving this decision to very late in the day and not allowing for it to meet together with all the RDs after the decision was made. That would have avoided these problems if we had had the time to all get back together and communicate and discuss it.

Regards,

Mortimer

On Apr 24, 2017, at 1:33 PM, Mattessich, Antony ▮▮▮▮▮▮▮▮▮▮ wrote:

Mortimer,

Thanks for your response and for your understanding. My point is that a good idea (which BTW I think globalising Betadine is) that is poorly executed is a bad idea. This is really being poorly executed and risks causing real damage. Betadine is growing fast and is deeply integrated into a very successful South African business. If we are going to separate Betadine in some fashion there are big issues of change management that need to be addressed. Firstly, we need to understand what changes we want: are we going to set-up a separate Betadine organisation or do we matrix it into the IAC? How do we handle distribution? How do apportion allocations? Who sets objectives? How do we communicate the changes? Do we need to switch agencies? What do we do with the distributors in rest the sub-Saharan Africa? Are they included in the decision? There is a very large issue of change management that will determine the success of this initiative.

I will reiterate that the board did a very good thing in sticking a stake in the ground and saying the Betadine is a global priority. Developing strategy is what a board should be involved in. However, the mistakes happen when the board tries to play executive and hands out an assignment at 5 minutes to midnight without the right people in the room and then asks Stuart to communicate. The board is too far away from the business to understand the issues related to execution.

Sorry for the rant.

Antony

On 24 Apr 2017, at 17:16, Mortimer Sackler ▮▮▮▮▮▮▮▮ wrote:

Antony,

PUBLICLY FILED PER STIPULATION [ECF 2140]

OUTSIDE PROFESSIONALS' EYES ONLY-SUBJECT TO PROTECTIVE ORDER

MSF00575712
MSF00575712

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION

I am sorry this continues to happen. You should have received the final Board decision by now, but the Board made comments/changes to it hence it was delayed. I agree Stuart should not be discussing it directly with anyone until you and the other RDs have had a chance to fully inform them and make the preparations necessary for carrying out the decision.

Please let Stuart know about the below, ask him to stop telling anyone until you have had a chance to act and have him send you the decision. Thanks.

Regards,

Mortimer

On Apr 24, 2017, at 10:55 AM, Mattessich, Antony ██████████████ wrote:

This is what is happening in the field. I still have not seen a board decision or even had a clear explanation of what is going on. I have no understanding of what this means operationally and my people are being informed directly by Stuart. The board needs to refrain from taking executive actions or it just results in chaos.

Begin forwarded message:

**From:** "Martinez, Alberto (MBL)" ████████████████████████████
**Date:** 24 April 2017 at 16:20:55 CEST
**To:** "Mattessich, Antony" ████████████████
**Subject: Betadine in SA**


**From:** "Bernard, Francois" ████████████████████
**Date:** 24 April 2017 at 16:04:28 CEST
**To:** "Martinez, Alberto (MBL)" ████████████████████
**Subject: Betadine**

Hi Alberto,
I was told by Stuart today that the board made a decision to run Betadine business globally under the leadership of Raman. Let me know if you have any further details on this and if I need to make myself available for further workstreams.
Cheers,
F

PUBLICLY FILED PER STIPULATION [ECF 2140]

OUTSIDE PROFESSIONALS' EYES ONLY-SUBJECT TO PROTECTIVE ORDER

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION
SUBJECT TO PROTECTIVE ORDER

# EXHIBIT 124

Message

**From:** Baker, Stuart D. [sbaker@chadbourne.com]
**Sent:** 11/22/2013 11:34:24 PM
**To:** Sackler, Dr Richard
**Subject:** RE: Final Reports from McKinsey OxyContin Work

# Redacted for Privilege

**Redacted for Privilege**       -----Original Message----- From: Sackler, Dr Richard
[mailto:DrRichard.Sackler@pharma.com] Sent: Friday, November 22, 2013 4:51 PM To: Baker, Stuart D.
Subject: FW: Final Reports from McKinsey OxyContin Work Importance: High Did Mark get these documents
yet? I think he should get them.                    Redacted for Privilege
Redacted for Privilege From: ,                Date: Friday, November 22, 2013 4:46 PM To: "Richard S.
Sackler" > Subject: FW: Final Reports from McKinsey OxyContin Work          | Assistant to Richard
Sackler M.D. Purdue Pharma | 201 Tresser Blvd | Stamford, CT
From: Stewart, John H. (US) Sent: Friday, November 22, 2013 4:45 PM To:          Subject: Final
Reports from McKinsey OxyContin Work Hi Donna Here are the final reports from McKinsey on the work they
did to identify the factors leading to OxyContin's below budget sales performance, and their
recommendations for actions to be taken to stimulate the product's sales performance. Regards - John This
e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may
contain legally privileged and/or confidential information. If you are not the intended recipient of this
e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any
attachments thereto, is strictly prohibited. If you have received this e-mail in error, please notify me
by replying to this message and permanently delete the original and any copy of this e-mail and any
printout thereof. For additional information about Chadbourne & Parke LLP and Chadbourne & Parke (London)
LLP, including a list of attorneys, please see our website at http://www.chadbourne.com

HIGHLY CONFIDENTIAL—SUBJECT PUBLICLY FILED PER STIPULATION [ECF 2140]          RSF_OLK00070002
TO PROTECTIVE ORDER

RSF_OLK00070002

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION
SUBJECT TO PROTECTIVE ORDER

# EXHIBIT 125

UNREDACTED CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION

| From: | Pickett, Cecil [ |
| Sent: | 7/27/2011 9:47:47 AM |
| To: | |
| Subject: | Fw: Proposed 2012 Calendar of Meetings and Board Calls |
| Attachments: | 2012 Meetings and Call Calendar.doc |

From: Baker, Stuart D. <SBaker@chadbourne.com>
To: Sackler, Dr Raymond R; Sackler, Beverly; Sackler, Theresa; Sackler, Dr Richard; Sackler Lefcourt, Ilene; Sackler, Dr Kathe; Sackler, Jonathan; Sackler, Mortimer D.A.; Boer, Peter; Boer, Peter; Lewent, Judy; Pickett, Cecil
Sent: Tue Jul 26 15:53:00 2011
Subject: Proposed 2012 Calendar of Meetings and Board Calls

Tuesday, July 26, 2011

Dear All:

In response to a request for a date change from Dr. Richard, attached is the revised proposed 2012 Calendar of Meetings and Board Calls. The revision entails:

Moving the meetings of the week of May 14th-19th back to May 7th-12th.

Please let me have your comments.

Stuart

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you have received this e-mail in error, please notify me by replying to this message and permanently delete the original and any copy of this e-mail and any printout thereof.

For additional information about Chadbourne & Parke LLP and Chadbourne & Parke, a multinational partnership, including a list of attorneys, please see our website at http://www.chadbourne.com

PUBLICLY FILED PER STIPULATION [ECF 2140]

**2012 Calendar of Meetings and Bi-Weekly Call**

| Meetings | Locations | Dates | Update Calls |
|---|---|---|---|
| Compensation Committee Meeting | Stamford | Wednesday, January 18, 2012 | Thursday, January 5, 2012 |
| Shareholders and Board Meetings | Stamford | Thursday, January 19, 2012 | Thursday, February 2, 2012 |
| Compensation Committee Meeting | Stamford | Tuesday, February 14, 2012 | Thursday, March 1, 2012 |
| Rhodes Board Meeting | Stamford | Wednesday, February 15, 2012 | Thursday, March 29, 2012 |
| Shareholders and Board Meetings | Stamford | Thursday, February 16, 2012 | Thursday, May 24, 2012 |
| Shareholders and Board Meetings | Stamford | Tuesday, March 20, 2012 | Thursday, June 7, 2012 |
| Rhodes Board Meeting | Stamford | Tuesday, April 17, 2012 | Thursday, July 5, 2012 |
| Compensation Committee Meeting | Stamford | Wednesday, April 18, 2012 | Thursday, August 2, 2012 |
| Shareholders and Board Meetings | Stamford | Thursday, April 19, 2012 | Thursday, August 30, 2012 |
| Oversight Group Meetings | London | Monday, May 7, 2012 | Thursday, September 27, 2012 |
| Oversight Group Meetings | London | Tuesday, May 8, 2012 | Thursday, October 25, 2012 |
| Legal Finance Report Meeting | London | Thursday, May 10, 2012 | Thursday, November 8, 2012 |
| Shareholders and Board Meetings | London | Friday, May 11, 2012 | Thursday, December 6, 2012 |
| Beneficiaries Meeting | London | Saturday, May 12, 2012 | Thursday, December 20, 2012 |
| Rhodes Mid Year Meeting | Stamford | Wednesday, June 13, 2012 | |
| Mid Year Meetings | Greenwich | Monday, June 18, 2012 | |
| Mid Year Meetings | Greenwich | Tuesday, June 19, 2012 | |
| Mid Year Meetings | Greenwich | Wednesday, June 20, 2012 | |
| Mid Year Meetings | Greenwich | Thursday, June 21, 2012 | |
| Shareholders and Board Meetings | Greenwich | Friday, June 22, 2012 | |
| Compensation Committee Meeting | Stamford | Wednesday, July 18, 2012 | |
| Shareholders and Board Meetings | Stamford | Thursday, July 19, 2012 | |
| Rhodes Board Meeting | Stamford | Wednesday, August 15, 2012 | |
| Shareholders and Board Meetings | Stamford | Thursday, August 16, 2012 | |
| Shareholders and Board Meetings | Stamford | Thursday, September 13, 2012 | |
| Rhodes Board Meeting | Stamford | Wednesday, October 3, 2012 | |
| Oversight Group Meetings | London | Monday, October 8, 2012 | |
| Oversight Group Meetings | London | Tuesday, October 9, 2012 | |
| Legal Finance Report Meeting | London | Thursday, October 11, 2012 | |
| Shareholders and Board Meetings | London | Friday, October 12, 2012 | |
| Compensation Committee Meeting | Stamford | Thursday, October 25, 2012 | |
| US Budget Meetings | Stamford | Monday, October 29, 2012 | |
| US Budget Meetings | Stamford | Tuesday, October 30, 2012 | |
| US Budget Meetings | Stamford | Wednesday, October 31, 2012 | |
| Canada and Australia Budget Meetings | Stamford | Thursday, November 1, 2012 | |
| Shareholders and Board Meetings | Stamford | Friday, November 2, 2012 | |
| Beneficiaries Meeting | Stamford | Saturday, November 3, 2012 | |
| Year End Budget Meetings | Greenwich | Monday, November 12, 2012 | |
| Year End Budget Meetings | Greenwich | Tuesday, November 13, 2012 | |
| Year End Budget Meetings | Greenwich | Wednesday, November 14, 2012 | |
| Year End Budget Meetings | Greenwich | Thursday, November 15, 2012 | |
| Shareholders and Board Meetings | Greenwich | Friday, November 16, 2012 | |
| Compensation Committee Meeting | Stamford | Tuesday, November 27, 2012 | |
| Rhodes Board Meeting | Stamford | Wednesday, December 5, 2012 | |

[ DATE \@ "dddd, MMMM dd, yyyy" ]

PUBLICLY FILED PER STIPULATION [ECF 2140]

HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS EYES ONLY INFORMATION
SUBJECT TO PROTECTIVE ORDER

# EXHIBIT 126

| | |
|---|---|
| **From:** | |
| **To:** | Jonathan White; Rosen, Jeffrey J.; Kenneth Buckfire; Miller, Steve |
| **CC:** | Kerry Sulkowicz; Sackler, Dame Theresa; Leslie J Schreyer (les.schreyer@nortonrosefulbright.com); Fischer, Joerg |
| **Sent:** | 6/21/2019 5:30:40 PM |
| **Subject:** | Re: Appointment of Independent Directors |

Jonathan,

I understand your concern and reluctance, that said, the future of Purdue and convincing the DOJ, AGs and Bankruptcy court of its ability to contribute to the public good long term will be critical in getting to the settlement structure that we are hoping to achieve. Our case is NOT a typical restructuring or bankruptcy (which we already have very well represented on the Board with Steve and Ken), it is highly a-typical and will require some different skill sets and expertise and currently no one on the Board has any strong history in public good/not for profits that I know of and hence my suggestion.

Steve, Ken and Jeff, what do you all think of the idea?

I do feel the Board needs to have at least one if not more women on it and I have been saying that for over six months now. Jeff Rosen had mentioned that he had a candidate he felt would be very good, was she interviewed and considered?

Also has Dan Connolly been considered for the Board? Given his past experience and knowledge of the 2007 settlement he would be extremely well qualified to be on the Board and I believe could contribute meaningfully and he has expressed a strong desire to do so. I really feel the Board needs people who as much as possible fully understand the history here, and Dan certainly qualifies.

Regards,

Mortimer

On Jun 21, 2019, at 12:23 PM, Jonathan White                                    wrote:

Dear Mortimer,

I am afraid that I am not at all in favour of this. We are about to enter into a critical phase and need people who can directly assist in what will be a hugely challenging task and to have someone who comes from the not for profit sector and who has little or no experience of the issues that the Company will be facing will be challenging at best and potentially damaging at worst. Timing is also critical and we have two candidates with outstanding credentials so I think that we should be focussing on them and not casting our net wider. As everyone knows, we have historically found it difficult to find people with the right qualities so, my strong sense is, that we should not pass up on this opportunity.

Kind Regards

Jonathan

Jonathan G White

Tel  +44 1534 280360

PUBLICLY FILED PER STIPULATION [ECF 2140]

OUTSIDE PROFESSIONALS' EYES ONLY-SUBJECT TO PROTECTIVE ORDER                    MSF00997606

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION Preis

**From:** Mortimer Sackler
**Sent:** 21 June 2019 17:03
**To:** Kerry Sulkowicz
**Cc:** Jonathan White                                    Sackler, Dame Theresa -                                    ;
Rosen, Jeffrey J. <jrosen@debevoise.com>; Miller, Steve                    Leslie J Schreyer
(les.schreyer@nortonrosefulbright.com) <les.schreyer@nortonrosefulbright.com>; Fischer, Joerg

**Subject:** Re: Meeting with Jonathan White

No unfortunately not. But I am sure we can find one.

Regards,

Mortimer

On Jun 21, 2019, at 11:02 AM, Kerry Sulkowicz                    wrote:

That's an interesting suggestion, Mortimer. Do you know her or have a connection to her?
Kerry

Sent from my iPhone

On Jun 21, 2019, at 10:30 AM, Mortimer Sackler                    wrote:

This is the first I am hearing about either of these candidates. Do you have CVs that I can see? Also, I had stated that the Board would really benefit from having some women on it as it currently has none. Have any women candidates been considered?

Maybe we should consider adding someone with significant not for profit experience such as Risa J. Lavizzo-Mourey, who stepped down in 2017 from running the Robert Wood Johnson Foundation. Given that the future for Purdue will be focused on the public good, I do feel adding some of that element/insight to the Board now might be very helpful.

Regards,

Mortimer

On Jun 21, 2019, at 9:02 AM, Sackler, Dame Theresa                    wrote:

Sounds as if 2 heads are better than 1 .
I do feel that for the next year we need as much qualified, committed help and advice as possible . Have not met Duhel but Frank's political experience in government lends him gravitas and authority .
Thx T

Sent from my iPhone

PUBLICLY FILED PER STIPULATION [ECF 2140]

OUTSIDE PROFESSIONALS' EYES ONLY-SUBJECT TO PROTECTIVE ORDER          MSF00997607

On 21 Jun 2019, at 12:27, Jonathan White ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ wrote:

*EXTERNAL_EMAIL*

Thanks Ken. When I spoke to Marshall, he seemed to think that only one additional Director was required. Are both you and Steve of one mind that two additions are required?

I am copying the other MDS Family Trustee Directors so that they are aware of this exchange.

Kind Regards

Jonathan

Jonathan G White

Tel ▇▇▇▇▇▇▇
Mob ▇▇▇▇▇▇▇

**From:** Buckfire, Kenneth ▇▇▇▇▇▇▇▇▇▇▇
**Sent:** 21 June 2019 11:56
**To:** Jonathan White ▇▇▇▇▇▇▇▇▇▇▇; Steve Miller ▇▇▇▇▇▇▇▇▇
**Cc:** Rosen, Jeffrey J. <jrosen@debevoise.com>; Kerry Sulkowicz ▇▇▇▇▇▇▇▇▇▇▇
▇▇▇▇▇

**Subject:** Re: Meeting with Jonathan White

Dear Jonathan:

Its my advice that Purdue should add both John and Frank. They have different skill sets and the Board will strongly benefit from both.

From an independent director perspective, consider this spectrum of qualities:

**Operational restructuring experience:**

Steve Miller, *John Dubel*

**Senior Corporate Management, Non-Distressed Situations:**

Steve Miller, *Frank Newman*

**Senior Corporate Management, Distressed Situations:**

Steve Miller, *Frank Newman, John Dubel*

**Financial restructuring/negotiation skills:**

Ken Buckfire, Steve Miller

PUBLICLY FILED PER STIPULATION [ECF 2140]

OUTSIDE PROFESSIONALS' EYES ONLY-SUBJECT TO PROTECTIVE ORDER        MSF00997608

**Corporate Governance (distressed and non-distressed)**

Steve Miller, *Frank Newman*, Ken Buckfire

**Government Relations and Financial Markets:**

Steve Miller, *Frank Newman*, Ken Buckfire

In the situation facing Purdue, a broad set of Board skills/experience will be required (and we cannot know at this point exactly when and how to apply these assets).

Having both Frank and John will add value, particularly if we face a contentious situation with contingent creditors challenging the Board's independence and qualifications to oversee the Company.

Ken

---

**From:** Jonathan White
**Sent:** Friday, June 21, 2019 6:34 AM
**To:** Buckfire, Kenneth (Miller Buckfire); Steve Miller
**Cc:** Rosen, Jeffrey J.; Kerry Sulkowicz
**Subject:** RE: Meeting with Jonathan White

Dear Ken,

Whilst I am very happy to meet with Ken, both Kerry and I really liked John Dubel. Having talked to Marshall, I am also persuaded that it makes sense to have someone with restructuring experience added and John's skill set seems more appropriate. How do you and Steve currently feel?

I am copying Theresa as she saw Frank and it would be helpful to have her input.

Kind Regards

Jonathan

Jonathan G White

Tel
Mo

-----Original Message-----
From: Buckfire, Kenneth
Sent: 20 June 2019 16:04
To                                    Steve Miller
Cc: Jonathan White
Subject: Meeting with Jonathan White

Dear Frank,

Happy to hear your meeting went well with Theresa Sackler.

PUBLICLY FILED PER STIPULATION [ECF 2140]

OUTSIDE PROFESSIONALS' EYES ONLY-SUBJECT TO PROTECTIVE ORDER

I suggest you contact Jonathan directly and arrange to meet with him.  Preis

19-23649-rdd   Doc 1605   Filed 12/18/20   Entered 12/18/20 19:59:52
Declaration Exhibits 110-117 RO122-128   Pg 102 of 113

Ken

-----Original Message-----
From:
Sent: Thursday, June 20, 2019 10:41 AM
To: Steve Miller <                                    >; Buckfire, Kenneth (Miller Buckfire) <                                    >
Subject: Dame Theresa

Steve, Ken,

I had a very good meeting with Theresa this morning in London.
We talked for well over an hour.
She was quite welcoming, and at the end, quite encouraging about the prospect of my joining the board.

She mentioned that when Jonathan White is in New York, he often stays there, which would certainly be convenient for getting together, if that is appropriate. I'll be in NYC most of next Monday through Thursday (June 24 thru 27), if that works. And I'll be in the New York area most of July. If it seems appropriate for us to get together, I'll contact him directly, and we'll work out a time. Please let me know.

Best,
Frank

The information in this email including any attachments is confidential and may be legally privileged. If you are not the intended recipient, you must not read, use or disseminate the information and remove it from your systems immediately. Email transmissions are not guaranteed to be secure or error free and Inpendra Limited shall not assume liability for any loss or inconvenience, howsoever arising, from its use. Unless expressly stated, any opinions in this email are those of the sender and not of Inpendra Limited.

The information in this email including any attachments is confidential and may be legally privileged. If you are not the intended recipient, you must not read, use or disseminate the information and remove it from your systems immediately. Email transmissions are not guaranteed to be secure or error free and Inpendra Limited shall not assume liability for any loss or inconvenience, howsoever arising, from its use. Unless expressly stated, any opinions in this email are those of the sender and not of Inpendra Limited.

The information in this email including any attachments is confidential and may be legally privileged. If you are not the intended recipient, you must not read, use or disseminate the information and remove it from your systems immediately. Email transmissions are not guaranteed to be secure or error free and Inpendra Limited shall not assume liability for any loss or inconvenience, howsoever arising, from its use. Unless expressly stated, any opinions in this email are those of the sender and not of Inpendra Limited.

PUBLICLY FILED PER STIPULATION [ECF 2140]

OUTSIDE PROFESSIONALS' EYES ONLY-SUBJECT TO PROTECTIVE ORDER                MSF00997610

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION
TREATED AS HIGHLY CONFIDENTIAL PER PROTECTIVE ORDER

# EXHIBIT 127

PUBLICLY FILED PER STIPULATION [ECF 2140]

19-23649-rdd    Doc 2169-1    Filed 12/18/20    Entered 12/18/20 19:59:52    Preis
Declaration Exhibits 110-117 ROT22-128    Pg 104 of 113

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION
TREATED AS HIGHLY CONFIDENTIAL

| EY_ID | Custodian | Participants | FROM | To | Message Sent Date | Message | SOURCEBARCODE | CHATNUMBER | Attachments | Delete - Deleted - Instant Mes |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | Dame Theresa Sackler (CUS0001) | David Alfons Sackler (owner) Redacted for GDPR Mortimer | Redacted for GDPR Mortimer David Alfons Sackler | | 5/5/2017 9:04:00 PM | Redacted for GDPR | MOUA0028-Chats | | | |
| 2 | Dame Theresa Sackler (CUS0001) | David Alfons Sackler (owner) Redacted for GDPR Mortimer | Redacted for GDPR David Alfons Sackler | | 5/5/2017 9:48:00 PM | Thank you for speaking with him and have a great bike trip! | MOUA0028-Chats | | | |
| 3 | Dame Theresa Sackler (CUS0001) | David Alfons Sackler (owner) Redacted for GDPR Mortimer | | | 5/6/2017 9:31:00 AM | A pleasure to chat to him  he had great questions ready  was organised. Hope project comes out ok - I asked for a copy . X | MOUA0028-Chats | | | |
| 4 | Dame Theresa Sackler (CUS0001) | David Alfons Sackler (owner) Redacted for GDPR Mortimer | Redacted for GDPR Mortimer David Alfons Sackler | | 7/16/2017 11:16:00 AM | Tried calling | MOUA0028-Chats | | | |
| 5 | Dame Theresa Sackler (CUS0001) | David Alfons Sackler (owner) Redacted for GDPR Mortimer | | | 7/16/2017 11:16:00 AM | Let me know when you are free to speak | MOUA0028-Chats | | | |
| 6 | Dame Theresa Sackler (CUS0001) | David Alfons Sackler (owner) Redacted for GDPR Mortimer | Redacted for GDPR Mortimer David Alfons Sackler | | 7/16/2017 11:16:00 AM | Looked at the weather forecast for Gstaad for this week and it is calling for thunderstorms and rain for the ENTIRE week. | MOUA0028-Chats | | | |
| 7 | Dame Theresa Sackler (CUS0001) | David Alfons Sackler (owner) Redacted for GDPR Mortimer | Redacted for GDPR Mortimer David Alfons Sackler | | 7/16/2017 11:17:00 AM | Trying to figure out what to do. We leave for Maine in 4 hours and pick the bigger boys up tomorrow morning there and were meant to fly overnight Monday to Gstaad arriving just as the rain starts. | MOUA0028-Chats | | | |
| 8 | Dame Theresa Sackler (CUS0001) | David Alfons Sackler (owner) Redacted for GDPR Mortimer | Redacted for GDPR Mortimer David Alfons Sackler | | 8/4/2017 4:24:00 PM | | MOUA0028-Chats | | IMG_5146.MOV.mov | |
| 9 | Dame Theresa Sackler (CUS0001) | David Alfons Sackler (owner) Redacted for GDPR Mortimer | | | 8/4/2017 8:42:00 PM | Too adorable ! Xxx | MOUA0028-Chats | | | |
| 10 | Dame Theresa Sackler (CUS0001) | David Alfons Sackler (owner) Redacted for GDPR Mortimer | Redacted for GDPR David Alfons Sackler | | 10/24/2017 1:59:00 AM | How is it down there? | MOUA0028-Chats | | | |
| 11 | Dame Theresa Sackler (CUS0001) | David Alfons Sackler (owner) Redacted for GDPR Mortimer | Redacted for GDPR Mortimer David Alfons Sackler | | 10/24/2017 2:00:00 AM | Jackie and I are starting to think we may need to take the kids out of NYC for a period of time. Trying to figure out where would be best to go to. | MOUA0028-Chats | | | |
| 12 | Dame Theresa Sackler (CUS0001) | David Alfons Sackler m (owner) Redacted for GDPR Mortimer | | | 10/24/2017 2:37:00 AM | Don't panic - am sure kids won't be approached. You are very welcome to go to Gstaad ( not best time of year though) . Manu and Lhiza away for next few weeks  so bring a h'keeper . | MOUA0028-Chats | | | |
| 13 | Dame Theresa Sackler (CUS0001) | David Alfons Sackler (owner) Redacted for GDPR Mortimer | Redacted for GDPR Mortimer David Alfons Sackler | | 10/24/2017 2:38:00 AM | Let's speak tomorrow. | MOUA0028-Chats | | | |
| 14 | Dame Theresa Sackler (CUS0001) | David Alfons Sackler (owner) Redacted for GDPR Mortimer | Redacted for GDPR Mortimer David Alfons Sackler | | 10/24/2017 2:38:00 AM | Thank you for the offer. | MOUA0028-Chats | | | |
| 15 | Dame Theresa Sackler (CUS0001) | David Alfons Sackler (owner) Redacted for GDPR Mortimer | | | 10/24/2017 2:39:00 AM | Redacted for GDPR | MOUA0028-Chats | | | |
| 16 | Dame Theresa Sackler (CUS0001) | David Alfons Sackler m (owner) Redacted for GDPR Mortimer | Redacted for GDPR David Alfons Sackler | | 10/24/2017 2:53:00 AM | Redacted for GDPR | MOUA0028-Chats | | | |
| 17 | Dame Theresa Sackler (CUS0001) | David Alfons Sackler (owner) Redacted for GDPR Mortimer | | | 10/24/2017 11:18:00 AM | Pouring rain here  same forecast all week! House great - Crystal Springs  look it up xx - | MOUA0028-Chats | | | |
| 18 | Dame Theresa Sackler (CUS0001) | David Alfons Sackler (owner) Redacted for GDPR Mortimer | Redacted for GDPR Mortimer David Alfons Sackler | | 10/24/2017 9:15:00 PM | The plane has a maintenance issue that will prevent it from doing the flight tomorrow (ugh yet another problem). What time do you/Marissa want to leave with it as they have two alternate options available for the trip tomorrow? | MOUA0028-Chats | | | |
| 19 | Dame Theresa Sackler (CUS0001) | David Alfons Sackler (owner) Redacted for GDPR Mortimer | Redacted for GDPR Mortimer David Alfons Sackler | | 10/24/2017 9:48:00 PM | ? | MOUA0028-Chats | | | |
| 20 | Dame Theresa Sackler (CUS0001) | David Alfons Sackler (owner) Redacted for GDPR Mortimer | Redacted for GDPR Mortimer David Alfons Sackler | | 10/30/2017 12:58:00 PM | | MOUA0028-Chats | | | Yes |
| 21 | Dame Theresa Sackler (CUS0001) | David Alfons Sackler (owner) Redacted for GDPR Mortimer | Redacted for GDPR Mortimer David Alfons Sackler | | 11/6/2017 6:33:00 PM | Redacted for Privilege | MOUA0028-Chats | | | |
| 22 | Dame Theresa Sackler (CUS0001) | David Alfons Sackler (owner) Redacted for GDPR Mortimer | Redacted for GDPR Mortimer David Alfons Sackler | | 11/6/2017 6:33:00 PM | Redacted for Privilege | MOUA0028-Chats | | | |
| 23 | Dame Theresa Sackler (CUS0001) | David Alfons Sackler (owner) Redacted for GDPR Mortimer | Redacted for GDPR Mortimer David Alfons Sackler | | 11/6/2017 6:33:00 PM | Redacted for Privilege | MOUA0028-Chats | | | |
| 24 | Dame Theresa Sackler (CUS0001) | David Alfons Sackler (owner) Redacted for GDPR Mortimer | | | 12/6/2017 7:35:00 PM | Redacted for Privilege | MOUA0028-Chats | | | |
| 25 | Dame Theresa Sackler (CUS0001) | David Alfons Sackler (owner) Redacted for GDPR Mortimer | Redacted for GDPR Mortimer David Alfons Sackler | | 12/6/2017 7:45:00 PM | Redacted for Privilege | MOUA0028-Chats | | | |
| 26 | Dame Theresa Sackler (CUS0001) | David Alfons Sackler (owner) Redacted for GDPR Mortimer | | | 12/6/2017 7:46:00 PM | Redacted for Privilege | MOUA0028-Chats | | | |
| 27 | Dame Theresa Sackler (CUS0001) | David Alfons Sackler m (owner) Redacted for GDPR Mortimer | Redacted for GDPR Mortimer David Alfons Sackler | | 12/6/2017 7:58:00 PM | Redacted for Privilege | MOUA0028-Chats | | | |
| 28 | Dame Theresa Sackler (CUS0001) | David Alfons Sackler (owner) Redacted for GDPR Mortimer | | | 12/6/2017 8:31:00 PM | Redacted for Privilege | MOUA0028-Chats | | | |
| 29 | Dame Theresa Sackler (CUS0001) | David Alfons Sackler (owner) Redacted for GDPR Mortimer | Redacted for GDPR Mortimer David Alfons Sackler | | 12/6/2017 8:31:00 PM | Redacted for Privilege | MOUA0028-Chats | | | |
| 30 | Dame Theresa Sackler (CUS0001) | David Alfons Sackler (owner) Redacted for GDPR Mortimer | | | 12/6/2017 8:33:00 PM | Redacted for Privilege | MOUA0028-Chats | | | |
| 31 | Dame Theresa Sackler (CUS0001) | David Alfons Sackler (owner) Redacted for GDPR Mortimer | Redacted for GDPR Mortimer David Alfons Sackler | | 12/6/2017 8:52:00 PM | Redacted for Privilege | MOUA0028-Chats | | | |
| 32 | Dame Theresa Sackler (CUS0001) | David Alfons Sackler (owner) Redacted for GDPR Mortimer | Redacted for GDPR Mortimer David Alfons Sackler | | 3/6/2018 2:48:00 PM | Redacted for Privilege | MOUA0028-Chats | | | |
| 33 | Dame Theresa Sackler (CUS0001) | David Alfons Sackler (owner) Redacted for GDPR Mortimer | Redacted for GDPR Mortimer David Alfons Sackler | | 3/6/2018 2:48:00 PM | Redacted for Privilege | MOUA0028-Chats | | | |
| 34 | Dame Theresa Sackler (CUS0001) | David Alfons Sackler m (owner) Redacted for GDPR Mortimer | | | 3/6/2018 3:01:00 PM | Redacted for Privilege | MOUA0028-Chats | | | |
| 35 | Dame Theresa Sackler (CUS0001) | David Alfons Sackler (owner) Redacted for GDPR Mortimer | Redacted for GDPR Mortimer David Alfons Sackler | | 3/6/2018 3:02:00 PM | Redacted for Privilege | MOUA0028-Chats | | | |
| 36 | Dame Theresa Sackler (CUS0001) | David Alfons Sackler (owner) Redacted for GDPR Mortimer | Redacted for GDPR Mortimer David Alfons Sackler | | 3/6/2018 3:03:00 PM | Redacted for Privilege | MOUA0028-Chats | | | |
| 37 | Dame Theresa Sackler (CUS0001) | David Alfons Sackler (owner) Redacted for GDPR Mortimer | Redacted for GDPR Mortimer David Alfons Sackler | | 3/6/2018 3:04:00 PM | Redacted for Privilege | MOUA0028-Chats | | | |
| 38 | Dame Theresa Sackler (CUS0001) | David Alfons Sackler (owner) Redacted for GDPR Mortimer | Redacted for GDPR Mortimer David Alfons Sackler | | 3/6/2018 3:04:00 PM | Redacted for Privilege | MOUA0028-Chats | | | |
| 39 | Dame Theresa Sackler (CUS0001) | David Alfons Sackler (owner) Redacted for GDPR Mortimer | | | 3/6/2018 4:33:00 PM | Redacted for Privilege | MOUA0028-Chats | | | |
| 40 | Dame Theresa Sackler (CUS0001) | David Alfons Sackler (owner) Redacted for GDPR Mortimer | Redacted for GDPR Mortimer David Alfons Sackler | | 3/6/2018 4:59:00 PM | Redacted for Privilege | MOUA0028-Chats | | | |
| 41 | Dame Theresa Sackler (CUS0001) | David Alfons Sackler (owner) Redacted for GDPR Mortimer | Redacted for GDPR Mortimer David Alfons Sackler | | 3/6/2018 4:59:00 PM | Redacted for Privilege | MOUA0028-Chats | | | |

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION

| EY_ID | Custodian | Participants | | FROM | To | Message Sent Date | Message | SOURCEBARCODE | CHATNUMBER | Attachments | Delete | Deleted – Instant Mess |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 42 | Dame Theresa Sackler [CUS0001] | David Alfons Sackler | [owner] Redacted for GDPR Mortimer | Redacted for GDPR Mortimer David Alfons Sackler | | 3/6/2018 4:39:00 PM | Redacted for Privilege | MOUA0028-Chats | | | | |
| 43 | Dame Theresa Sackler [CUS0001] | David Alfons Sackler | [owner] Redacted for GDPR Mortimer | Redacted for GDPR Mortimer David Alfons Sackler | | 3/7/2018 4:48:00 PM | Redacted for Privilege | MOUA0028-Chats | | | | |
| 44 | Dame Theresa Sackler [CUS0001] | David Alfons Sackler | [owner] Redacted for GDPR Mortimer | Redacted for GDPR Mortimer David Alfons Sackler | | 3/7/2018 4:48:00 PM | Redacted for Privilege | MOUA0028-Chats | | | | |
| 45 | Dame Theresa Sackler [CUS0001] | David Alfons Sackler | [owner] Redacted for GDPR Mortimer | Redacted for GDPR Mortimer David Alfons Sackler | | 3/7/2018 4:49:00 PM | Redacted for Privilege | MOUA0028-Chats | | | | |
| 46 | Dame Theresa Sackler [CUS0001] | David Alfons Sackler | [owner] Redacted for GDPR Mortimer | Redacted for GDPR Mortimer David Alfons Sackler | | 3/7/2018 4:49:00 PM | Redacted for Privilege | MOUA0028-Chats | | | | |
| 47 | Dame Theresa Sackler [CUS0001] | David Alfons Sackler | [owner] Redacted for GDPR Mortimer | Redacted for GDPR Mortimer David Alfons Sackler | | 3/7/2018 4:50:00 PM | Redacted for Privilege | MOUA0028-Chats | | | | |
| 48 | Dame Theresa Sackler [CUS0001] | David Alfons Sackler | | ████████████ | | 3/7/2018 5:14:00 PM | Redacted for Privilege | MOUA0028-Chats | | | | |
| 49 | Dame Theresa Sackler [CUS0001] | David Alfons Sackler | [owner] Redacted for GDPR Mortimer | | | 3/8/2018 3:03:00 PM | Redacted for Privilege | MOUA0028-Chats | | | | |
| 50 | Dame Theresa Sackler [CUS0001] | David Alfons Sackler | [owner] Redacted for GDPR Mortimer | Redacted for GDPR Mortimer David Alfons Sackler | | 3/9/2018 1:07:00 AM | Redacted for Privilege | MOUA0028-Chats | | | | |
| 51 | Dame Theresa Sackler [CUS0001] | David Alfons Sackler | [owner] Redacted for GDPR Mortimer | | | 3/9/2018 1:07:00 AM | Redacted for Privilege | MOUA0028-Chats | | | | |
| 52 | Dame Theresa Sackler [CUS0001] | David Alfons Sackler | [owner] Redacted for GDPR Mortimer | | | 3/9/2018 1:07:00 AM | Redacted for Privilege | MOUA0028-Chats | | | | |
| 53 | Dame Theresa Sackler [CUS0001] | David Alfons Sackler | [owner] Redacted for GDPR Mortimer | Redacted for GDPR Mortimer David Alfons Sackler | | 3/14/2018 4:54:00 PM | Redacted for Privilege | MOUA0028-Chats | | | | |
| 54 | Dame Theresa Sackler [CUS0001] | David Alfons Sackler | [owner] Redacted for GDPR Mortimer | | | 3/14/2018 4:54:00 PM | Redacted for Privilege | MOUA0028-Chats | | | | |
| 55 | Dame Theresa Sackler [CUS0001] | David Alfons Sackler | [owner] Redacted for GDPR Mortimer | | | 3/4/2018 9:45:00 PM | Redacted for Privilege | MOUA0028-Chats | | | | |
| 56 | Dame Theresa Sackler [CUS0001] | David Alfons Sackler | [owner] Redacted for GDPR Mortimer | | | 7/11/2018 1:03:00 PM | Redacted for Privilege | MOUA0028-Chats | | | | |
| 57 | Dame Theresa Sackler [CUS0001] | David Alfons Sackler | [owner] Redacted for GDPR Mortimer | | | 7/11/2018 1:03:00 PM | Redacted for Privilege | MOUA0028-Chats | | | | |
| 58 | Dame Theresa Sackler [CUS0001] | David Alfons Sackler | [owner] Redacted for GDPR Mortimer | Redacted for GDPR Mortimer David Alfons Sackler | | 7/11/2018 1:03:00 PM | Redacted for Privilege | MOUA0028-Chats | | | | |
| 59 | Dame Theresa Sackler [CUS0001] | David Alfons Sackler | [owner] Redacted for GDPR Mortimer | Redacted for GDPR Mortimer David Alfons Sackler | | 7/11/2018 1:03:00 PM | Redacted for Privilege | MOUA0028-Chats | | | | |
| 60 | Dame Theresa Sackler [CUS0001] | David Alfons Sackler | [owner] Redacted for GDPR Mortimer | Redacted for GDPR Mortimer David Alfons Sackler | | 7/20/2018 4:06:00 PM | Redacted for Privilege | MOUA0028-Chats | | | | |
| 61 | Dame Theresa Sackler [CUS0001] | David Alfons Sackler | [owner] Redacted for GDPR Mortimer | Redacted for GDPR Mortimer David Alfons Sackler | | 7/25/2018 1:05:00 PM | Redacted for Privilege | MOUA0028-Chats | | | | |
| 62 | Dame Theresa Sackler [CUS0001] | David Alfons Sackler | [owner] Redacted for GDPR Mortimer | Redacted for GDPR Mortimer David Alfons Sackler | | 7/25/2018 1:05:00 PM | Redacted for Privilege | MOUA0028-Chats | | | | |
| 63 | Dame Theresa Sackler [CUS0001] | David Alfons Sackler | [owner] Redacted for GDPR Mortimer | | | 7/26/2018 10:25:00 AM | Redacted for Privilege | MOUA0028-Chats | | | Yes | |
| 64 | Dame Theresa Sackler [CUS0001] | David Alfons Sackler | | Redacted for GDPR Mortimer David Alfons Sackler | | 8/10/2018 1:20:00 PM | Redacted for Privilege | MOUA0028-Chats | | IMG_1427.jpeg 55540022003_0519095F-2E48-4412-9AD4-E7127ECF9A8B.jpeg | | |
| 65 | Dame Theresa Sackler [CUS0001] | David Alfons Sackler | [owner] Redacted for GDPR Mortimer | ████████████ | | 8/10/2018 1:24:00 PM | Redacted for Privilege | MOUA0028-Chats | | | | |
| 66 | Dame Theresa Sackler [CUS0001] | David Alfons Sackler | [owner] Redacted for GDPR Mortimer | ████████████ | | 8/10/2018 1:24:00 PM | Redacted for Privilege | MOUA0028-Chats | | | | |
| 67 | Dame Theresa Sackler [CUS0001] | David Alfons Sackler | [owner] Redacted for GDPR Mortimer | Redacted for GDPR Mortimer David Alfons Sackler | | 8/10/2018 1:33:00 PM | Redacted for Privilege | MOUA0028-Chats | | | | |
| 68 | Dame Theresa Sackler [CUS0001] | David Alfons Sackler | [owner] Redacted for GDPR Mortimer | Redacted for GDPR Mortimer David Alfons Sackler | | 8/10/2018 1:34:00 PM | Redacted for Privilege | MOUA0028-Chats | | | | |
| 69 | Dame Theresa Sackler [CUS0001] | David Alfons Sackler | [owner] Redacted for GDPR Mortimer | ████████████ | | 8/10/2018 3:03:00 PM | Redacted for Privilege | MOUA0028-Chats | | | | |
| 70 | Dame Theresa Sackler [CUS0001] | David Alfons Sackler | [owner] Redacted for GDPR Mortimer | Redacted for GDPR Mortimer David Alfons Sackler | | 8/10/2018 3:03:00 PM | Redacted for Privilege | MOUA0028-Chats | | | | |
| 71 | Dame Theresa Sackler [CUS0001] | David Alfons Sackler | [owner] Redacted for GDPR Mortimer | Redacted for GDPR Mortimer David Alfons Sackler | | 8/17/2018 11:37:00 PM | Redacted for Privilege | MOUA0028-Chats | | IMG_1501.jpeg | | |
| 72 | Dame Theresa Sackler [CUS0001] | David Alfons Sackler | [owner] Redacted for GDPR Mortimer | ████████████ | | 8/21/2018 2:55:00 PM | Redacted for Privilege | MOUA0028-Chats | | | | |
| 73 | Dame Theresa Sackler [CUS0001] | David Alfons Sackler | [owner] Redacted for GDPR Mortimer | Redacted for GDPR Mortimer David Alfons Sackler | | 8/21/2018 2:55:00 PM | Redacted for Privilege | MOUA0028-Chats | | | | |
| 74 | Dame Theresa Sackler [CUS0001] | David Alfons Sackler | [owner] Redacted for GDPR Mortimer | Redacted for GDPR Mortimer David Alfons Sackler | | 8/21/2018 2:56:00 PM | Redacted for Privilege | MOUA0028-Chats | | | | |
| 75 | Dame Theresa Sackler [CUS0001] | David Alfons Sackler | [owner] Redacted for GDPR Mortimer | ████████████ | | 8/21/2018 2:57:00 PM | Redacted for Privilege | MOUA0028-Chats | | | | |
| 76 | Dame Theresa Sackler [CUS0001] | David Alfons Sackler | [owner] Redacted for GDPR Mortimer | | | 8/21/2018 3:23:00 PM | Redacted for Privilege | MOUA0028-Chats | | | | |
| 77 | Dame Theresa Sackler [CUS0001] | David Alfons Sackler | [owner] Redacted for GDPR Mortimer | Redacted for GDPR Mortimer David Alfons Sackler | | 8/21/2018 3:28:00 PM | Redacted for Privilege | MOUA0028-Chats | | | | |
| 78 | Dame Theresa Sackler [CUS0001] | David Alfons Sackler | [owner] Redacted for GDPR Mortimer | ████████████ | | 8/21/2018 4:13:00 PM | Redacted for Privilege | MOUA0028-Chats | | | | |
| 79 | Dame Theresa Sackler [CUS0001] | David Alfons Sackler | [owner] Redacted for GDPR Mortimer | Redacted for GDPR Mortimer David Alfons Sackler | | 8/21/2018 4:25:00 PM | Redacted for Privilege | MOUA0028-Chats | | | | |
| 80 | Dame Theresa Sackler [CUS0001] | David Alfons Sackler | | ████████████ | | 8/22/2018 11:01:00 AM | Redacted for Privilege | MOUA0028-Chats | | | | |
| 81 | Dame Theresa Sackler [CUS0001] | David Alfons Sackler | [owner] Redacted for GDPR Mortimer | ████████████ | | 8/22/2018 3:08:00 PM | Redacted for Privilege | MOUA0028-Chats | | | | |
| 82 | Dame Theresa Sackler [CUS0001] | David Alfons Sackler | [owner] Redacted for GDPR Mortimer | Redacted for GDPR Mortimer David Alfons Sackler | | 8/22/2018 3:23:00 PM | Redacted for Privilege | MOUA0028-Chats | | | | |
| 83 | Dame Theresa Sackler [CUS0001] | David Alfons Sackler | [owner] Redacted for GDPR Mortimer | ████████████ | | 8/25/2018 2:02:00 PM | Redacted for Privilege | MOUA0028-Chats | | | | |
| 84 | Dame Theresa Sackler [CUS0001] | David Alfons Sackler | [owner] Redacted for GDPR Mortimer | Redacted for GDPR Mortimer David Alfons Sackler | | 8/25/2018 2:11:00 PM | Redacted for Privilege | MOUA0028-Chats | | | | |

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION
CONTAINS PROFESSIONALS' EYES ONLY INFORMATION

| EY_ID | Custodian | Participants | FROM | To | Message Sent Date | Message | SOURCEBARCODE CHATNUMBER | Attachments | Delete Deleted - Instant Mes |
|---|---|---|---|---|---|---|---|---|---|
| 85 | Dame Theresa Sackler [CUS001] | David Alfons Sackler [owner] Redacted for GDPR Mortimer | Redacted for GDPR David Alfons Sackler | | 8/25/2018 2:13:00 PM | Redacted for Privilege | MOUA0028-Chats | | |
| 86 | Dame Theresa Sackler [CUS001] | David Alfons Sackler [owner] Redacted for GDPR Mortimer | | | 8/29/2018 1:03:00 PM | Redacted for Privilege | MOUA0028-Chats | | |
| 87 | Dame Theresa Sackler [CUS001] | David Alfons Sackler [owner] Redacted for GDPR Mortimer | | | 9/22/2018 3:59:00 PM | Redacted for Privilege | MOUA0028-Chats | | |
| 88 | Dame Theresa Sackler [CUS001] | David Alfons Sackler [owner] Redacted for GDPR Mortimer | Redacted for GDPR Mortimer David Alfons Sackler | | 9/22/2018 4:09:00 PM | Redacted for Privilege | MOUA0028-Chats | | |
| 89 | Dame Theresa Sackler [CUS001] | David Alfons Sackler [owner] Redacted for GDPR Mortimer | | | 11/29/2018 2:44:00 AM | Redacted for Privilege | MOUA0028-Chats | | |
| 90 | Dame Theresa Sackler [CUS001] | David Alfons Sackler [owner] Redacted for GDPR Mortimer | Redacted for GDPR Mortimer David Alfons Sackler | | 11/29/2018 2:45:00 AM | Redacted for Privilege | MOUA0028-Chats | | |
| 91 | Dame Theresa Sackler [CUS001] | David Alfons Sackler [owner] Redacted for GDPR Mortimer | Redacted for GDPR Mortimer David Alfons Sackler | | 11/29/2018 2:45:00 AM | Redacted for Privilege | MOUA0028-Chats | | |
| 92 | Dame Theresa Sackler [CUS001] | David Alfons Sackler [owner] Redacted for GDPR Mortimer | | | 11/29/2018 3:31:00 AM | Redacted for Privilege | MOUA0028-Chats | | |
| 93 | Dame Theresa Sackler [CUS001] | David Alfons Sackler [owner] Redacted for GDPR Mortimer | Redacted for GDPR Mortimer David Alfons Sackler | | 12/25/2018 11:58:00 AM | Redacted for Privilege | MOUA0028-Chats | | |
| 94 | Dame Theresa Sackler [CUS001] | David Alfons Sackler [owner] Redacted for GDPR Mortimer | Redacted for GDPR Mortimer David Alfons Sackler | | 12/25/2018 11:58:00 AM | Redacted for Privilege | MOUA0028-Chats | | |
| 95 | Dame Theresa Sackler [CUS001] | David Alfons Sackler [owner] Redacted for GDPR Mortimer | Redacted for GDPR Mortimer David Alfons Sackler | | 12/25/2018 11:58:00 AM | Redacted for Privilege | MOUA0028-Chats | | |
| 96 | Dame Theresa Sackler [CUS001] | David Alfons Sackler [owner] Redacted for GDPR Mortimer | Redacted for GDPR Mortimer David Alfons Sackler | | 12/25/2018 12:21:00 PM | Redacted for Privilege | MOUA0028-Chats | | |
| 97 | Dame Theresa Sackler [CUS001] | David Alfons Sackler [owner] Redacted for GDPR Mortimer | Redacted for GDPR Mortimer David Alfons Sackler | | 1/17/2019 4:18:00 PM | Redacted for Privilege | MOUA0028-Chats | | |
| 98 | Dame Theresa Sackler [CUS001] | David Alfons Sackler m [owner] Redacted for GDPR Mortimer | Redacted for GDPR Mortimer David Alfons Sackler | | 1/17/2019 4:18:00 PM | Redacted for Privilege | MOUA0028-Chats | | |
| 99 | Dame Theresa Sackler [CUS001] | David Alfons Sackler [owner] Redacted for GDPR Mortimer | | | 1/17/2019 4:20:00 PM | Redacted for Privilege | MOUA0028-Chats | | |
| 100 | Dame Theresa Sackler [CUS001] | David Alfons Sackler [owner] Redacted for GDPR Mortimer | Redacted for GDPR Mortimer David Alfons Sackler | | 2/10/2019 3:13:00 PM | Redacted for Privilege | MOUA0028-Chats | | |
| 101 | Dame Theresa Sackler [CUS001] | David Alfons Sackler [owner] Redacted for GDPR Mortimer | Redacted for GDPR Mortimer David Alfons Sackler | | 2/10/2019 3:13:00 PM | Redacted for Privilege | MOUA0028-Chats | | |
| 102 | Dame Theresa Sackler [CUS001] | David Alfons Sackler m [owner] Redacted for GDPR Mortimer | | | 3/8/2019 10:58:00 PM | Redacted for Privilege | MOUA0028-Chats | | |
| 103 | Dame Theresa Sackler [CUS001] | David Alfons Sackler [owner] Redacted for GDPR Mortimer | Redacted for GDPR Mortimer David Alfons Sackler | | 3/8/2019 11:18:00 PM | Redacted for Privilege | MOUA0028-Chats | | |
| 104 | Dame Theresa Sackler [CUS001] | David Alfons Sackler [owner] Redacted for GDPR Mortimer | | | 3/8/2019 11:18:00 PM | Redacted for Privilege | MOUA0028-Chats | | |
| 105 | Dame Theresa Sackler [CUS001] | David Alfons Sackler m [owner] Redacted for GDPR Mortimer | Redacted for GDPR Mortimer David Alfons Sackler | | 4/24/2019 2:02:00 PM | Redacted for Privilege | MOUA0028-Chats | | |
| 106 | Dame Theresa Sackler [CUS001] | David Alfons Sackler [owner] Redacted for GDPR Mortimer | Redacted for GDPR Mortimer David Alfons Sackler | | 4/24/2019 2:02:00 PM | Redacted for Privilege | MOUA0028-Chats | | |
| 107 | Dame Theresa Sackler [CUS001] | David Alfons Sackler [owner] Redacted for GDPR Mortimer | Redacted for GDPR Mortimer David Alfons Sackler | | 4/24/2019 2:13:00 PM | Redacted for Privilege | MOUA0028-Chats | | |
| 108 | Dame Theresa Sackler [CUS001] | David Alfons Sackler m [owner] Redacted for GDPR Mortimer | | | 4/24/2019 2:13:00 PM | Redacted for Privilege | MOUA0028-Chats | | |
| 109 | Dame Theresa Sackler [CUS001] | David Alfons Sackler [owner] Redacted for GDPR Mortimer | Redacted for GDPR Mortimer David Alfons Sackler | | 4/24/2019 2:14:00 PM | Redacted for Privilege | MOUA0028-Chats | | |
| 110 | Dame Theresa Sackler [CUS001] | David Alfons Sackler m [owner] Redacted for GDPR Mortimer | Redacted for GDPR Mortimer David Alfons Sackler | | 5/2/2019 3:48:00 PM | Redacted for Privilege | MOUA0028-Chats | | |
| 111 | Dame Theresa Sackler [CUS001] | David Alfons Sackler [owner] Redacted for GDPR Mortimer | Redacted for GDPR Mortimer David Alfons Sackler | | 5/2/2019 3:48:00 PM | Redacted for Privilege | MOUA0028-Chats | | |
| 112 | Dame Theresa Sackler [CUS001] | David Alfons Sackler [owner] Redacted for GDPR Mortimer | Redacted for GDPR Mortimer David Alfons Sackler | | 5/3/2019 9:57:00 AM | Redacted for Privilege | MOUA0028-Chats | | |

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION
TREATED AS HIGHLY CONFIDENTIAL - PROFESSIONALS' EYES ONLY UNDER
PROTECTIVE ORDER

sage

PUBLICLY FILED PER STIPULATION [ECF 2140]

REDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION
TREATED AS HIGHLY CONFIDENTIAL - PROFESSIONALS' EYES ONLY

usage

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION
REDACTED - SUBJECT TO PROTECTIVE ORDER

sage

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS EYES ONLY INFORMATION
TREATED UNDER PROTECTIVE ORDER

# EXHIBIT 128

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED - CONTAINS OUTSIDE PROFESSIONAL EYES ONLY INFORMATION
TREATED AS HIGHLY CONFIDENTIAL - PROFESSIONALS' EYES ONLY

| | |
|---|---|
| **From**: | Paul Gallagher ███████████████████ |
| **Sent**: | 5/20/2019 12:38:02 PM |
| **To**: | Mortimer Sackler ███████    David Sackler ██████████    Roncalli, Anthony |

███████████████████ Monaghan, Maura Kathleen [mkmonaghan@debevoise.com]; jrosen@debevoise.com; George Sard [GSard@sardverb.com]; Sackler-SVC [Sackler-SVC@sardverb.com]; Davidson Goldin [david@goldin.com]; Bernick, David M [dbernick@paulweiss.com]; Kesselman, Marc ██████████████████  Jack Coster ███████████████

| | |
|---|---|
| **Subject**: | Op-Ed Review & Discussion |
| **Attachments**: | Company Op-Ed - Teneo Draft (5.20).docx |
| **Location**: | Dial in below or iPhone quick access here: ███████████████ |
| | |
| **Start**: | 5/20/2019 3:00:00 PM |
| **End**: | 5/20/2019 3:45:00 PM |
| **Show Time As**: | Tentative |
| | |
| **Recurrence**: | (none) |

*EXTERNAL_EMAIL*

Current version of company op-ed that we'll be discussing is attached.

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION
CONTAINS HIGHLY PROTECTED OR PII

**Draft Company Op-Ed**
(1110 Words)

In my 40-year career helping companies navigate crises, from Vice Chairman of a near-bankrupt Chrysler in the 1980s to Chairman of AIG following the federal bailout a decade ago, I have yet to encounter a situation as challenging or one with bigger societal consequences as what we're facing at Purdue Pharma.

The opioid epidemic is a major public health crisis and states, cities and towns are grappling with how to address it. Many have turned to the courts and are suing Purdue and other opiod manufacturers, distributors and pharmacy chains for the damages opioid misuse and abuse have caused in their communities. This litigation, which could become the largest and most expensive in U.S. history, is extraordinarily complex with many suits consolidated in federal court in Ohio, but many others pending in various state courts across the country

The litigation confronts us with public health and legal questions with far-reaching consequences, well beyond the fate a single company. Can society address the epidemic while still balancing the legitimate needs of pain patients who rely on opioid medications to sustain productive lives?  What is the proper role of courts and trial lawyers when seeking to impose liability on companies that make, distribute and sell legal products that provide medical benefit and that are regulated by the federal government (the FDA in the case of prescription opiods)?  And can an innovative company – like Purdue - be held liable for the entire costs to society of an addiction epidemic when it warned of the risks of addiction and sells approximately two percent of the opioid pills on the market?

Time is working against all sides in this litigation. The people and communities impacted by the opioid crisis need help *now*: more access to addiction treatment and life-saving drugs like naloxone, which reverses overdoses. They can't wait years for all these cases to wind their way through the courts. The plaintiffs and defendants in the litigation also do not have time. The first 'bellwether' cases in Ohio are set to begin in late October, that's just five months for the parties to resolve this complicated and politically charged litigation.

Purdue and its owners, members of the Sackler family, are deeply concerned about the opioid abuse epidemic. We regret that OxyContin® -- a product that has successfully helped millions of patients who suffer from both chronic and malignant pain -- has been involved in abuse and addiction. We believe that addiction is a disease and society should treat addicts as patients rather than criminals.

The company and family understand that each day consumed by the litigation is one more day where critical resources to address the opioid crisis do not make it to those who most need them. This is why in March, we agreed to a creative resolution offer by Oklahoma Attorney General Mike Hunter. Rather than waste years and money on protracted litigation, Oklahoma now has funds in hand that were provided by Purdue to establish a National Center for Addiction Studies and Treatment at Oklahoma State University in Tulsa.  Purdue's settlement with Oklahoma ensures money will go directly and immediately to help those affected by the crisis and advance the underlying causes of addiction.

Some other states are also opting to settle instead of drawing out litigation. West Virginia recently announced it had reached a settlement with McKesson, the drug distributor, that will immediately channel millions of dollars to the state, one of the hardest hit by the epidemic.

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED CONTAINS OUTSIDE PROFESSIONAL EYES ONLY INFORMATION
EXHIBITS 110-117 PROTECTED PORTION

These resolutions are a start, but nearly 2,000 cases are still pending and others are being added daily. There is a doubling-down on the opioid litigation and there is an associated and well-coordinated campaign of public vilification designed to crush the defendants before there the true facts come out in the legal case.

If Purdue is unable to bear the weight and expense of more than two thousand lawsuits, history may judge this to be an unjust result. Purdue is a good company, founded by and still run by doctors. It makes a legal, FDA-approved and regulated medicine that has helped millions of Americans suffering from debilitating, life-altering pain.

Purdue has for decades been an industry leader in helping to prevent and solve problems caused by opioid abuse. The company has spent more than $1.3 billion on more than 65 initiatives focused on preventing opioid abuse. Most notable was our creation of the first abuse-deterrent opioid approved by the FDA. This innovation has been used in all OxyContin® sold in the U.S. since 2010. Purdue also was instrumental in developing the prescription drug monitoring programs used in 49 states to prevent patients from receiving duplicate prescriptions from multiple doctors. Purdue has provided financial resources, training and education to law enforcement, doctors and pharmacists in an effort to reduce abuse and diversion of pharmaceutical products.

But the company's record is being attacked and misrepresented in an effort to affix blame for the *entire* opioid epidemic on Purdue, even though at its peak, OxyContin accounted for only 4% of all opioid prescriptions in the U.S.

Let me be clear: Purdue did not cause the opioid epidemic.

A North Dakota court recently exposed the fundamental flaws in the litigation against Purdue. In a decision that dismissed all of the state's claims against the company, the court said "it is nearly impossible to trace any of the harms the State alleges back to solely Purdue's own medications." In that same decision, the court said the state "completely fails" to allege how Purdue's marketing actually caused the financial damage claimed by the state. The court concluded that the "reality is that Purdue has no control over its product after it is sold to distributors, then to pharmacies, and then prescribed to consumers."

The North Dakota dismissal has potential far-reaching ramifications for the national opioid litigation. It raises serious doubt about the validity of the plaintiffs' legal claims. While Purdue is ready to litigate these claims aggressively, the larger question for both Purdue and the plaintiffs is: should we continue to fight in trial after trial, eating up years and wasting precious resources on attorneys' fees - all while people continue to struggle with addiction and communities strain to cope with the epidemic?

So much needs to be done to tackle this public health crisis and it requires close collaboration among government, law enforcement, healthcare providers, and the entire prescription opioid supply chain. It may satisfy the public's understandable need to pin blame for this crisis on a convenient scapegoat, but real solutions are needed. And the first is a constructive global resolution to the opioid litigation because time is on nobody's side.

### 

PUBLICLY FILED PER STIPULATION [ECF 2140]

CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER