UNREDACTED—CONTAINS MATERIAL THAT THE DESIGNATING PARTIES CLAIM TO BE
TREAT SUBJECT TO PROTECTIVE ORDER

# EXHIBIT 21

Dated this 31 December 1993

# Settlement

between

MORTIMER D SACKLER

and

REIGO TRUSTEE LIMITED



# OGIER & LE CORNU

## ADVOCATES AND NOTARIES PUBLIC

PIRQUET HOUSE
UNION STREET
ST HELIER
JERSEY
CHANNEL ISLANDS

PUBLICLY FILED PER STIPULATION [ECF 21

OUTSIDE PROFESSIONALS' EYES ONLY—SUBJECT TO PROTECTIVE ORDER    MSF00008502

UNREDACTED CONTAINS HIGHLY CONFIDENTIAL PORTIONS FILED UNDER SEAL
TREAT SUBJECT TO PROTECTIVE ORDER

THIS SETTLEMENT is made the 31st day of December One thousand nine hundred and ninety-three.

BETWEEN

MORTIMER D SACKLER (hereinafter called "the Settlor") of the one part AND REIGO TRUSTEE LIMITED of Jersey, Channel Islands (hereinafter called "the Trustees") of the other part.

WHEREAS:

(a) The Settlor being desirous of making such Settlement as is hereinafter contained has had transferred or delivered to the Trustees or otherwise placed under their control the property specified in the Second Schedule hereto.

(b) It is the Settlor's intent that such property, together with any additional property transferred or delivered to the Trustees by the Settlor, be used by the Trustees to acquire a limited partnership interest in Purdue Pharma L.P. Limited Partnership, a limited partnership organized under the laws of the State of Delaware engaging in the acquisition development manufacture and sale of pharmaceutical products.

NOW THIS DEED WITNESSETH as follows:

INTERPRETATION

1. In this Deed wherever the context permits the following words shall have the following meanings:

   (a) "beneficiary" means an individual who is eligible to receive distributions of income and/or capital pursuant to the Trustees' exercise of discretion under the provisions of this Settlement.

1

PUBLICLY FILED PER STIPULATION [ECF 21

OUTSIDE PROFESSIONALS' EYES ONLY—SUBJECT TO PROTECTIVE ORDER

MSF00008503

UNREDACTED, CONTAINS HIGHLY SENSITIVE CONFIDENTIAL MATERIAL
TREAT SUBJECT TO PROTECTIVE ORDER

(b)     "the Code" means the United States Internal Revenue Code
        of 1986, as amended.

(c)     "company" means any corporate body (of whatsoever kind)
        incorporated or otherwise brought into existence in any
        part of the world.

(d)     "the Law" means the Trusts (Jersey) Law 1984 (as
        amended).

(e)     "minor" means a person who has not attained the age of
        twenty-one (21) years.

(f)     "person" means any individual or any body of persons
        corporate or unincorporate.

(g)     "the Proper Law of this Settlement" means the law
        governing the rights of all parties and the construction
        of the provisions of this Settlement.

(h)     "the Regulations" means the regulations contained in the
        First Schedule hereto.

(i)     "this Settlement" means the settlement created by these
        presents including the Schedules hereto.

(j)     "the Trustees" means the trustee or trustees for the
        time being hereof.

(k)     "the Trust Fund" means:

        (i)     the property specified in the Second Schedule
                hereto;

2

PUBLICLY FILED PER STIPULATION [ECF 21

OUTSIDE PROFESSIONALS' EYES ONLY—SUBJECT TO PROTECTIVE ORDER    MSF00008504

UNREDACTED - CONTAINS INFORMATION TO BE UNSEALED BY ANY COMPANY TO TREAT SUBJECT TO PROTECTIVE ORDER

  (ii) all property paid or transferred by any person to the Trustees and accepted by the Trustees as additions to the Trust Fund;

  (iii) the income and gain accruing to such property and any property received in exchange therefor.

(l) "the Trust Period" means the period from the date hereof until the first to occur of (i) final distribution of all property held hereunder; (ii) twenty-one years after the death of the last to survive of the Settlor, the Settlor's wife, and all issue of the Settlor living as of the date of this Settlement; (iii) the expiry of 100 years from the date of this Settlement.

(m) For the purposes of this Settlement and in the interpretation and construction of each and every provision hereof all references to "child" or "issue" or "descendant" shall mean only a person who:

  (i) is born a legitimate child of his father and mother;

  (ii) is a child who is legitimated by the subsequent marriage of his father and mother;

  (iii) is adopted to a situation where a congenital male and a congenital female, married to each other, and there not having been a child born of the marriage, adopt a person under the age of two years in accordance with the law of the ordinary residence of the adoptive parents at the time of the adoption; or

3

PUBLICLY FILED PER STIPULATION [ECF 21

OUTSIDE PROFESSIONALS' EYES ONLY—SUBJECT TO PROTECTIVE ORDER

UNREDACTED CONTAINS HIGHLY CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER TREAT SUBJECT TO PROTECTIVE ORDER

(iv)    is a child which is the result of artificial insemination where the donor or the recipient is issue (within the meanings of sub-paragraph (i) or sub-paragraph (ii) hereof only) of the Settlor and such child is adopted by such issue under the law of the ordinary residence of such issue at the time of the adoption.

No other person shall be included in the definition of "child" or "issue" or "descendant" for the purposes of this Settlement.

(n)    References to the issue or descendant of any person shall include the children and more remote issue of such person.

(o)    Where the context requires, words in the singular shall be read in the plural, and vice versa, and the masculine shall be read in the feminine or neuter gender, and vice versa.

(p)    The headings and sub-headings to this deed are inserted only for reference and shall not affect the construction of such provisions.

2.    This Settlement is established under the laws of the Island of Jersey.  Unless the Proper Law of this Settlement is changed in accordance with provisions hereinafter declared, the Proper Law of this Settlement shall be the law of the Island of Jersey and the courts of the said Island shall be the forum of the administration hereof.

DECLARATION OF TRUST OF ORIGINAL AND ADDITIONAL PROPERTY

3.    The Trustees shall stand possessed of the Trust Fund subject

4

PUBLICLY FILED PER STIPULATION [ECF 21

OUTSIDE PROFESSIONALS' EYES ONLY—SUBJECT TO PROTECTIVE ORDER        MSF00008506

UNREDACTED - CONTAINS INFORMATION DESIGNATED HIGHLY CONFIDENTIAL -
TREAT SUBJECT TO PROTECTIVE ORDER

to the trusts, powers and provisions herein declared. The
Trustees may at any time during the Trust Period accept any
property of any nature and wherever situate from any person
(whether by deed or will or by the provisions of any other
trust) to hold as an accretion to the Trust Fund. From and
after the date of such acceptance, the Trustees shall hold
such property according to the provisions of this Settlement.

4.   During the Settlor's lifetime, the Trustees shall stand
     possessed of the Trust Fund and the income thereof upon the
     following trusts:

     (a)   The Trustees shall divide the property initially
           contributed to the Trust Fund into seven equal shares
           representing the Settlor's children - Kathe A Sackler,
           Ilene Sackler Lefcourt, Samantha S Sackler, Mortimer D
           A Sackler, Marissa Sackler, Sophia Sackler and Michael
           Daniel Sackler.    Any subsequent contributions of
           property to the Trust Fund shall be divided into such
           shares as the deed, will or other instrument of
           conveyance directs.   In the absence of such direction,
           such contributions shall be divided into shares
           representing the Settlor's then living issue, equally
           per stirpes.   Each share representing a then living
           descendant of the Settlor shall be held in trust for the
           benefit of such descendant and his or her issue and
           administered and distributed as follows:

           (i)   The net income of each descendant's separate
                 share, in the discretion of the Trustees, shall
                 either be accumulated in whole or in part and
                 periodically (but not less frequently than
                 annually) added to capital or paid to or applied
                 directly for the benefit of such descendant
                 and/or any one or more of his or her issue in

5

OUTSIDE PROFESSIONALS' EYES ONLY—SUBJECT TO PROTECTIVE ORDER

UNREDACTED - CONTAINS MATERIAL UNREDACTED - PROFESSIONALS' EYES ONLY AND/OR SUBJECT TO
TREAT SUBJECT TO PROTECTIVE ORDER

such amounts or proportions as the Trustees may in the Trustees' sole discretion deem appropriate for the health, support, maintenance and education of such descendant or issue.

(ii)    In addition, if the Trustees in their sole discretion consider it advisable, they may from time to time make payments from the capital of such descendant's separate share to or for the benefit of such descendant and/or one or more of his or her issue in such amounts and proportions as they may deem appropriate for the health, support, maintenance and education of such descendant or issue.

(iii)   Upon such descendant's death with issue prior to the death of the Settlor, the remaining income and capital of his or her separate share shall be divided into shares representing such descendant's then living issue, equally per stirpes, and each such share shall be held and administered in trust pursuant to the terms of this Clause 4.

(iv)    Upon such descendant's death without issue prior to the death of the Settlor, the remaining income and capital of his or her separate share shall be divided into shares representing the then living issue, equally per stirpes, of such descendant's closest lineal ancestor who is a descendant of the Settlor and who has issue then living; or, in default of such issue, the remaining income and capital of such deceased descendant's separate share shall be divided into shares representing the Settlor's then

6

OUTSIDE PROFESSIONALS' EYES ONLY—SUBJECT TO PROTECTIVE ORDER                    MSF00008508

UNREDACTED VERSION — CONTAINS INFORMATION DESIGNATED HIGHLY CONFIDENTIAL —
TREAT SUBJECT TO PROTECTIVE ORDER
Exhibit 21

living issue, equally per stirpes. Each such share shall be held in trust for such issue, or added to the share already held for such issue pursuant to the terms of this Settlement, as the case may be, and administered and distributed pursuant to the provisions of this clause 4.

(v)     Notwithstanding any other provision of this Settlement, during the Settlor's lifetime, the Trustees shall have no power to pay or apply any income or capital of the Trust Fund either directly or indirectly to or for the benefit of any beneficiary which to any extent shall be in satisfaction of the legal obligation of the Settlor or the Settlor's spouse including, without limitation, any legal obligation to support and maintain a beneficiary or any contractual obligation of the Settlor or the Settlor's spouse.

(b)     Following the Settlor's death and for the remainder of the Trust Period, the Trustees shall stand possessed of the Trust Fund and the income thereof upon the following trusts:

(i)     The net income accruing after the date of the death of the Settlor shall in the discretion of the Trustees either be accumulated in whole or in part and periodically (but not less frequently than annually) added to capital or paid, with the prior written consent of the Special Trustee, to or for the benefit of one or more of the Settlor's descendants, the Settlor's spouse, Theresa Sackler, and the charitable organizations listed in the Seventh Schedule

7

OUTSIDE PROFESSIONALS' EYES ONLY—SUBJECT TO PROTECTIVE ORDER                MSF00008509

UNREDACTED (CONTAINS INFORMATION PROFESSIONALS' EYES ONLY AND DESIGNATED TO
TREAT SUBJECT TO PROTECTIVE ORDER

hereto, in such amounts or proportions as the Trustees in their sole discretion deem appropriate.

(ii)    In addition, if Trustees in their sole discretion consider it advisable, the Trustees, with the prior written consent of the Special Trustee, may from time to time make payments from capital to or for the benefit of one or more of the Settlor's descendants, the Settlor's spouse (except as provided below), and the charitable organizations listed in the Seventh Schedule hereto.

(iii)   Notwithstanding any provision of this Settlement to the contrary, no distribution shall be made to or for the benefit of the Settlor's spouse of any amounts attributable to taxable income (as defined for US income tax purposes) that accrued (in the case of ordinary income) or was realized (in the case of capital gain income) prior to the Settlor's death.

(iv)    At the expiration of the Trust Period the Trustees shall distribute the assets of the trust to the Settlor's then living issue, equally per stirpes.

(v)     Subject as aforesaid upon trust as to both capital and income for such of the charitable organisations listed in the Seventh Schedule as the Trustees shall in their absolute discretion determine and failing such determination for such of the said organisations listed in the Seventh Schedule as shall then be in existence

8

OUTSIDE PROFESSIONALS' EYES ONLY—SUBJECT TO PROTECTIVE ORDER                    MSF00008510

UNREDACTED CONTAINS INFORMATION DESIGNATED HIGHLY CONFIDENTIAL
TREAT SUBJECT TO PROTECTIVE ORDER

in equal shares absolutely.

(c)     In exercising any discretion under this Clause 4 to pay
        income or capital the Trustees may take into account the
        income from other sources and the personal assets of a
        beneficiary.  The Trustees may but need not treat all
        beneficiaries equally or proportionately and need not
        follow the same pattern in all such distributions.

(d)     The provisions of Article 34(3) and 34(5) of the Law
        shall not apply to this Settlement.

## PAYMENTS TO MINORS

5.   Any property (whether income or capital) distributable to a
     beneficiary who is a minor may be retained by Trustees in a
     separate trust and may be invested and applied (together with
     any income earned by it) from time to time for the
     beneficiary's benefit in any way in which the Trustees may
     deem appropriate.

     Such property shall be distributed to the beneficiary when he
     or she attains his or her majority, or, in case of death
     during minority, shall be paid to his or her estate.

     Payments made for the benefit of a beneficiary may be made
     directly to the beneficiary, to his or her parent or guardian,
     to a custodian selected by Trustees, or to any person caring
     for or having custody of the beneficiary, or may be applied
     for such beneficiary's benefit by payment to such other
     persons, organizations or institutions as Trustees may select,
     and the receipt of any such payee shall be a full release
     therefor.

9

OUTSIDE PROFESSIONALS' EYES ONLY—SUBJECT TO PROTECTIVE ORDER        MSF00008511

UNREDACTED — CONTAINS INFORMATION BUSINESSES TREAT CONFIDENTIALLY
TREAT SUBJECT TO PROTECTIVE ORDER

## POWERS TO DISCLAIM

6.  Any beneficiary may by declaration in writing received by the Trustees during the Trust Period, either revocably (but revocable during the Trust Period only) or irrevocably disclaim his or her interest as an object of any trust power or discretion vested in the Trustee either wholly or with respect to any specified part or share of the capital or income of the Trust Fund.  Such declaration shall have effect from the date that the same is received by the Trustees until revoked as aforesaid.  Thereafter, and for so long as such disclaimer is in effect, income and capital may be appointed, transferred or applied under the provisions of this Settlement to the person or persons who would have been eligible to receive the same if such disclaimant were deceased.

## POWER TO CHANGE PROPER LAW OF THIS SETTLEMENT

7.  The Trustees at any time and from time to time by deed may declare that this Settlement shall be governed and administered under the law of some other state or territory in any part of the world, and that the forum for the administration thereof shall thenceforth be the Courts of that state or territory.  Such change shall be effective from the date of such declaration or from such date as is specified in such declaration, or upon the occurrence of such circumstances as are specified therein.  The Trustees may make such alterations to the trusts, powers and provisions of this Settlement as the Trustees may consider necessary or desirable to ensure that the trusts, powers and provisions of this Settlement shall (mutatis mutandis) be as valid and effective under the law of such other state or territory as they are under the law of the Island of Jersey.

10

PUBLICLY FILED PER STIPULATION [ECF 21

OUTSIDE PROFESSIONALS' EYES ONLY—SUBJECT TO PROTECTIVE ORDER

UNREDACTED — CONTAINS INFORMATION DESIGNATED HIGHLY CONFIDENTIAL — TREAT SUBJECT TO PROTECTIVE ORDER

## ADDITIONAL POWERS OF THE TRUSTEES

8. The Trustees shall have the powers and discretion, rights and immunities set out in the Regulations, subject to the restrictions contained in Clause 9.

## ADMINISTRATIVE POWERS

9. Nothing in this Settlement, and no power accorded to Trustees by law, shall be construed (a) to enable the Settlor, or any other person, without the approval or consent of an "adverse party" (as defined in Section 672 of the Code) to purchase or exchange or otherwise deal with or dispose of the capital or income of the Trust Fund for less than an adequate or full consideration in money or money's worth; or (b) to enable the settlor or the Settlor's spouse to borrow the capital or income of the Trust Fund directly or indirectly without adequate interest or without adequate security; or (c) to permit any person who does not act in a fiduciary capacity, without the consent of a fiduciary, to (i) reacquire or exchange any property of the Trust Fund by substituting other property of an equivalent value; (ii) exercise the power to vote or direct the voting of any stock or other securities of the Trust Fund in corporations in which the holdings of the Settlor and the Trust Fund are significant from the viewpoint of voting control; or (iii) control the investment of the Trust Fund either by directing investments or reinvestments or by vetoing proposed investments or reinvestments to the extent that the Trust Fund consists of stocks or securities of corporations in which the holdings of the Settlor and the Trust Fund are significant from the viewpoint of voting control.

11

PUBLICLY FILED PER STIPULATION [ECF 21

OUTSIDE PROFESSIONALS' EYES ONLY—SUBJECT TO PROTECTIVE ORDER

MSF00008513

UNREDACTED VERSION CONTAINS CONFIDENTIAL BUSINESS INFORMATION — OUTSIDE PROFESSIONALS' EYES ONLY—
TREAT SUBJECT TO PROTECTIVE ORDER

## EXERCISE OF POWERS

10.  The Trustees shall exercise the powers and discretion vested
     in them as they shall think most expedient for the benefit of
     all or any of the persons actually or prospectively interested
     under this Settlement and may exercise (or refrain from
     exercising) any power or discretion for the benefit of any one
     or more of them without being obliged to consider the
     interests of the other or others.

## DELEGATION OF POWERS

11.  Subject to the limitations in Clause 9 hereof, the Trustees
     may delegate to any person or persons at any time, for any
     period, in any manner, and upon any terms whatever all or any
     of the powers and discretion imposed on or given to the
     Trustees by this Settlement or by law or otherwise (including
     the whole of the administration and/or management of this
     Settlement) without being liable for the acts or default of
     any such delegate.

## RESTRICTION AND RELEASE OF POWERS

12.  The Trustees may release or to any extent restrict the future
     exercise of any powers hereby or by law conferred on them
     notwithstanding the fiduciary nature of any such powers.

## POWER OF APPOINTMENT OF NEW OR ADDITIONAL TRUSTEES

13.  (a)  If any trustee hereof shall die, or be declared en
          desastre, or shall give notice of resignation, or shall
          be removed from the office of trustee, or being a
          company shall be dissolved, then the persons specified
          in the Third Schedule hereto in order of priority may by
          deed appoint one or more other persons, (other than the

12

PUBLICLY FILED PER STIPULATION [ECF 21

Settlor and the Settlor's wife), whether resident within or without the Island of Jersey, to serve as successor Trustee.

(b)   Any trustee may resign by notice in writing signed by such trustee and delivered to the person or persons having the power to appoint new or additional trustees. Such resignation shall be effective upon the date specified in such notice, or on the occurrence of such circumstances as are specified in such notice, but not earlier than the date of delivery of such notice. The resigning trustee shall cease to be a trustee hereof to all intents and purposes from the effective date of his resignation except as to acts and deeds necessary for the proper vesting of the Trust Fund in the continuing or new trustee or trustees or otherwise as the case may require.

(c)   The person or persons who then have the power to appoint new trustees shall have the power to appoint one or more other persons (other than the Settlor and the Settlor's spouse), whether resident within or without the Island of Jersey, to be an additional trustee or additional trustees hereof.

(d)   Acts and deeds done or executed for the proper vesting of the Trust Fund in successor or additional trustees shall be done and executed by the continuing or retiring trustee at the expense of the income or capital of the Trust Fund PROVIDED THAT an outgoing trustee who is or may be personally liable as a trustee or former trustee hereof for any taxes or any other liability shall not be bound to transfer the Trust Fund unless and until he is given reasonable security for indemnifying him against such liability.

13

PUBLICLY FILED PER STIPULATION [ECF 21

OUTSIDE PROFESSIONALS' EYES ONLY—SUBJECT TO PROTECTIVE ORDER          MSF00008515

UNREDACTED CONTAINS INFORMATION ESSENTIAL THAT COURTS MAY TREAT SUBJECT TO PROTECTIVE ORDER

(e)    Any new or additional trustee appointed under the provisions hereof, or by a court of competent jurisdiction, shall have such powers, rights and benefits as to remuneration or otherwise as may be agreed in writing at or prior to his appointment (in the case of a trustee appointed as herein above provided) between such new or additional trustee and the person making such appointment or (in the case of a trustee appointed by a court) as the order appointing such trustee may direct.

(f)    On every change in the trusteeship a memorandum shall be endorsed on or permanently annexed to this Settlement stating the names of the Trustees for the time being and shall be signed by the persons so named.  Any person dealing with the Trust shall be entitled to rely upon such memorandum (or the latest of such memoranda if more than one) as sufficient evidence that the Trustees named therein are the duly constituted Trustees for the time being.

(g)    Any such appointment of new or additional trustees shall take effect on such date as is specified in the instrument of appointment or on the occurrence of such circumstances as are specified in the instrument of appointment.

(h)    Every decision, resolution or exercise of a power or discretion made by the Trustees shall be validly made if it is made by a majority of the Trustees then serving and any such deed or instruction executed in pursuance of any such decision, resolution or exercise shall have binding legal effect (as if executed by all Trustees) if it shall be executed by a majority in number of the Trustees then serving.

14

OUTSIDE PROFESSIONALS' EYES ONLY—SUBJECT TO PROTECTIVE ORDER                MSF00008516

UNREDACTED CONTAINS HIGHLY PROCESS CONFIDENTIAL MATERIAL
TREAT SUBJECT TO PROTECTIVE ORDER

## INDEMNITY OF RETIRING TRUSTEE

14. If a trustee ceases to be a trustee hereof in accordance with the provisions of the preceding clause, such trustee shall be released from liability to any beneficiary, trustee or person interested under the Settlement for any act or omission in relation to the Trust Fund or his duty as a trustee except:

   (a) any liability arising from any breach of trust to which such trustee (or in the case of a corporate trustee any of its officers or employees) was a party or to which he or it was privy;

   (b) any liability in respect of any action to recover from such trustee trust property or the proceeds of trust property in the possession of such trustee, or previously received by such trustee (or in the case of a corporate trustee by any of its officers or employees) and converted to his or its use or not surrendered.

## TRUSTEE INDEMNITY

15. No trustee shall be liable for any loss to the Trust Fund arising in consequence of the depreciation or loss of any investments made in good faith, or by reason of any mistake or omission made in good faith, or of any other matter or thing except any individual fraud, wilful misconduct or gross negligence on the part of the trustee who is sought to be made liable.

## TRUSTEES,' PROTECTORS AND SPECIAL TRUSTEES REMUNERATION

16. (a) (i) Any trustee, Protector or Special Trustee who is an advocate, solicitor, accountant or other

15

OUTSIDE PROFESSIONALS' EYES ONLY—SUBJECT TO PROTECTIVE ORDER

MSF00008517

UNREDACTED - CONTAINS PROFESSIONALS' EYES ONLY INFORMATION - FILED UNDER SEAL
TREAT SUBJECT TO PROTECTIVE ORDER

individual engaged in any profession or business, or any such person associated with a trustee, or in the case of a corporate trustee, any such person associated with or beneficially interested or in any way connected with such trustee shall be entitled to charge and be paid all usual professional or other charges for business done and time spent and services rendered by him or his firm in the execution of the trusts and powers hereof, whether or not in the ordinary course of his profession or business and although not of a nature requiring the employment of a solicitor or other professional person. Any such person shall be entitled to retain any commission which would or may become payable to him notwithstanding such commission is payable as a direct or indirect result of any dealing with property which is or may become subject to the trusts hereof.

(ii)   Any trustee, Protector or Special Trustee who shall be a company empowered to undertake trust business shall be entitled, in addition to reimbursement of its proper expenses, to remuneration for its services in accordance with such company's published terms and conditions for trust business in force from time to time, or in the absence of such published terms and conditions, in accordance with such rates as it shall from time to time determine.

(b)   No trustee hereof or director or other officer of any company which is a trustee hereof shall be liable to account for any remuneration or other profit received by him in consequence of his acting as or being appointed

16

OUTSIDE PROFESSIONALS' EYES ONLY—SUBJECT TO PROTECTIVE ORDER                MSF00008518

UNREDACTED CONTAINS INFORMATION DESIGNATED HIGHLY CONFIDENTIAL
TREAT SUBJECT TO PROTECTIVE ORDER

to be a director or other officer or servant of any
company even though his appointment was procured by an
exercise by him or by the Trustees of voting rights
attached to securities in the Trust Fund or by any
abstention from exercising such voting rights.

(c)    Any trustee or any associate of a trustee hereof who
carries on the business of banking may act as banker of
this Settlement on the same terms as those made with any
ordinary customer without being liable to account to the
Trust Fund for any profits earned thereby except for
interest payable on any sums placed in an interest
bearing account as an investment of any part of the
Trust Fund.

## THE PROTECTOR

17.    (a)    The first Protectors shall be Peter M. Ward, Charles G.
Lubar and Jorg Fischer.

(b)    A new Protector shall be appointed whenever a Protector
dies, resigns or being a company liquidates or is
declared en desastre or otherwise ceases to exist.

(c)    Whenever occasion arises for appointing a new Protector,
such new Protector shall be appointed by declaration in
writing or by will or codicil signed by the person
making such appointment and the same shall be effective
when the document or certified copy thereof effecting
the same is received by the Trustees who shall cause a
memorandum of such appointment to be endorsed on this
Settlement.

(d)    Power to appoint a new Protector shall be vested in such
persons as are specified in the Fourth Schedule hereto

17

OUTSIDE PROFESSIONALS' EYES ONLY—SUBJECT TO PROTECTIVE ORDER          MSF00008519

UNREDACTED - CONTAINS PROFESSIONALS' EYES ONLY MATERIAL
TREAT SUBJECT TO PROTECTIVE ORDER

in the order of priority and in the manner and subject
to such conditions (if any) therein specified.

(e)   It is expressly declared that the Settlor and his spouse
      are and at all times shall be prohibited from holding
      office as Protector of this Settlement.

(f)   Following the death of the Settlor, the Protectors,
      acting by majority vote shall have the power at any time
      by instrument in writing at their absolute discretion to
      remove any person then acting as trustee from the office
      of trustee.

### CONSENT OF PROTECTOR

18.   Every power and discretion vested in the Trustees by such
      provisions of this Settlement as are specified in the Fifth
      Schedule hereto shall only be exercisable by them with the
      prior or simultaneous written consent of a majority of the
      Protectors.

### THE SPECIAL TRUSTEE

19.   (a)   The first Special Trustees shall be Peter M Ward,
            Charles G Lubar and Jorg Fischer.

      (b)   A new Special Trustee shall be appointed whenever a
            Special Trustee dies, resigns or being a company
            liquidates or is declared en desastre or otherwise
            ceases to exist.

      (c)   Whenever occasion arises for appointing a new Special
            Trustee, such new Special Trustee shall be appointed by
            declaration in writing or by will or codicil signed by
            the person making such appointment and the same shall be

18

PUBLICLY FILED PER STIPULATION [ECF 21

OUTSIDE PROFESSIONALS' EYES ONLY—SUBJECT TO PROTECTIVE ORDER        MSF00008520

UNREDACTED CONTAINS HIGHLY SENSITIVE PERSONALLY IDENTIFIABLE INFORMATION SUBJECT TO PROTECTIVE ORDER
TREAT SUBJECT TO PROTECTIVE ORDER

effective when the document or certified copy thereof
effecting the same is received by the Trustees who shall
cause a memorandum of such appointment to be endorsed on
this Settlement.

(d)     Power to appoint a new Special Trustee shall be vested
in such persons as are specified in the Eighth Schedule
hereto in the order of priority and in the manner and
subject to such conditions (if any) therein specified.

(e)     It is expressly declared that the Settlor and his spouse
are and at all times shall be prohibited from holding
office as Special Trustee of this Settlement.

(f)     Following the death of the Settlor, the Protectors,
acting by majority vote shall have the power at anytime
by instrument in writing at their absolute discretion to
remove any person then acting as Special Trustee.

### SPECIAL TRUSTEE

20.    Every power and discretion vested in the Trustees by such
provisions of this Settlement as are specified in the Sixth
Schedule hereto shall be exercisable by them only with the
prior or simultaneous written consent of a majority of the
Special Trustees.

### IRREVOCABILITY

21.    This Settlement shall be irrevocable.

### AMENDMENT

22.    The Trustees, with the prior written consent of the Protector,
may amend this Settlement in order to (i) clarify the

19

OUTSIDE PROFESSIONALS' EYES ONLY—SUBJECT TO PROTECTIVE ORDER                    MSF00008521

UNREDACTED CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY—
TREAT SUBJECT TO PROTECTIVE ORDER

provisions thereof (ii) modify the administrative provisions thereof or (iii) cause such clarifications which are required or appropriate for the effective implementation of this Settlement.  This power shall not be exercised so as to add any beneficiaries, alter the beneficial interests of the beneficiaries, add or modify a power or create an interest which would cause the Settlor to be treated as the owner of any portion of the trust for purposes of subpart E of subchapter J of the Code, permit the Settlor or the Settlor's spouse to be appointed as a Trustee, Special Trustee or Protector, or allow any portion of the trust to be used to discharge any obligation of the Settlor or the Settlor's spouse.

## PRELIMINARY EXPENSES

23. The Trustees shall have the power to pay out of the Trust Fund all expenses of whatever nature incidental to the creation of this Settlement.

**IN WITNESS** whereof the Settlor and the Trustees have hereunto set their respective hands and Common Seal the day and year first hereinbefore appearing.

20

PUBLICLY FILED PER STIPULATION [ECF 21

OUTSIDE PROFESSIONALS' EYES ONLY—SUBJECT TO PROTECTIVE ORDER

UNREDACTED CONTAINS HIGHLY SENSITIVE INFORMATION
TREAT SUBJECT TO PROTECTIVE ORDER

THE FIRST SCHEDULE hereinbefore referred to:

REGULATIONS

GENERAL POWER

1.  Subject always to any restrictions expressly contained in this
    Settlement (including, without limitation, those contained in
    Clause 9 to which restrictions all the powers and provisions
    contained in this First Schedule are subject) the trustees
    shall have all the same powers as a natural person acting as
    the beneficial owner of such property, and such powers shall
    not be restricted by any principle of construction or rule or
    requirement of the Proper Law of this Settlement save to the
    extent that such is obligatory, but shall operate according to
    the widest generality of which the foregoing words are capable
    notwithstanding that certain powers are hereinafter more
    particularly set forth.


POWERS OF INVESTMENT

2.  (a)  The acquisition of any investment of a speculative
         nature shall be deemed to be an authorized investment of
         trust monies.  In particular the trustees are authorized
         to invest in unquoted securities and in private
         companies, partnerships or other entities including
         venture capital and other high risk and illiquid
         investments.

    (b)  The acquisition of any reversionary interest in property
         or any policy or securities or other investments not
         producing income or in respect to which no dividend,
         interest or rent is payable shall be deemed to be an
         authorized investment of trust monies.

    (c)  The acquisition of any limited interest in property of
         any annuity or policy or securities or other investments

21

PUBLICLY FILED PER STIPULATION [ECF 21

UNREDACTED — CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER — PROFESSIONALS' EYES ONLY — DO NOT FILE — TREAT SUBJECT TO PROTECTIVE ORDER

of a wasting nature shall be deemed to be an authorized
investment of trust monies.

(d)    The trustees shall have power to make any such
investment as is mentioned in (b) and (c) of this
paragraph notwithstanding that the making thereof may
affect or alter inter se the interests of the persons
respectively interested in capital and income hereunder.

(e)    The trustees shall have power to apply any monies
forming part of the capital or income of the Trust Fund
in the purchase or subscription of partly-paid shares
and shall have power to pay up such shares at such times
and in such manner as they shall in their absolute
discretion determine.

(f)    The trustees shall be under no duty to diversify
investments.

(g)    The trustees may invest the whole or any part of the
capital or income of the Trust Fund in acquiring and
paying premiums on any policy of assurance upon the life
or lives of any person or persons other than the Settlor
or the Settlor's spouse (except policies of insurance
irrevocably payable for a purpose specified in Section
170(c) of the United States Internal Revenue Code of
1986 as amended) whether such policies be term, whole
life or endowment or policies to cover death within any
term (howsoever short) or policies restricted to death
by accident, upon any terms and conditions as the
trustees shall think fit.  The trustees shall have all
the powers of an absolute beneficial owner as respects
any policy forming part of the Trust Fund, including the
power to exercise any option afforded by such policy or
to sell or realize any such policy or to convert the

22

OUTSIDE PROFESSIONALS' EYES ONLY—SUBJECT TO PROTECTIVE ORDER          MSF00008524

UNREDACTED - CONTAINS MATERIAL DESIGNATED CONFIDENTIAL BY HEARST
TREAT SUBJECT TO PROTECTIVE ORDER

same into a fully paid up policy or into any other form of assurance.

(h) The trustees shall have power to leave any assets subject to any of the trusts of this Settlement in the state of investment in which they may be from time to time.

(i) The trustees shall have power at any time to form a company or companies in any part of the world and may at their discretion transfer to that company or companies all or any part of the capital or income of the Trust Fund whether by way of subscription, loan (at or free of interest and whether secured or unsecured) or otherwise and the costs and expenses of forming such a company shall be a charge on the Trust Fund.

TRUSTEES NOT BOUND TO INTERFERE

IN BUSINESS OF COMPANY IN WHICH TRUST INTERESTED

3. The trustees shall not be bound or required to interfere in the management or conduct of the business of any company wherever resident or incorporated in which the Trust shall be interested although holding the whole or a majority of the shares carrying the control of the company. So long as the trustees shall have no actual notice of any act of dishonesty or misappropriation of monies on the part of the directors having the management of such company, the trustees may leave the conduct of its business (including the payment or non-payment of dividends) wholly to such directors. No Beneficiary hereunder shall be entitled to require the distribution of any dividend by any company wherever incorporated or resident in which the Trust may be interested or require the trustees to exercise any powers they may have of compelling any such distribution.

23

OUTSIDE PROFESSIONALS' EYES ONLY—SUBJECT TO PROTECTIVE ORDER

MSF00008525

UNREDACTED - CONTAINS PROFESSIONALS' EYES ONLY INFORMATION -
TREAT SUBJECT TO PROTECTIVE ORDER

## POWER TO EMPLOY INVESTMENT ADVISER OR MANAGER

5.    Subject to the limitations in Clause 9 of this settlement, the
      trustees may from time to time employ and pay, on such terms
      as they may think fit, any person, firm or company in any part
      of the world, whether or not associated or connected in any
      way with the trustees as:

      (a)    an investment adviser for the purpose of advising them
             as to the investment policy to be followed in the
             administration of the Trust Fund, and if and so far as
             the trustees follow the advice proffered by such
             investment adviser, they shall not be responsible for
             the success or failure of the policy so pursued; or

      (b)    an investment manager for the purpose of managing the
             investment of the Trust Fund on a fully discretionary
             basis or such other terms as the trustees shall
             determine.

      In determining the payment to be made to such investment
      adviser or manager, the trustees may authorize such investment
      adviser or manager to retain any commissions customarily
      payable to such investment adviser or manager in relation to
      any transaction with or concerning the Trust Fund.

## NOMINEES AND CUSTODIANS

6.    The trustees may permit any property to be and remain
      deposited with some or one of the trustees or with any other
      person in any part of the world, and may permit any such
      property to be invested in the name of any person in any part
      of the world instead of in the names of the trustees.

PUBLICLY FILED PER STIPULATION [ECF 21

OUTSIDE PROFESSIONALS' EYES ONLY—SUBJECT TO PROTECTIVE ORDER                MSF00008526

UNREDACTED CONTAINS INFORMATION DESIGNATED CONFIDENTIAL
TREAT SUBJECT TO PROTECTIVE ORDER

## POWER TO MAKE LOANS TO BENEFICIARIES

7.   · The trustees shall have the power:

   (a)   to lend the whole or any part of the Trust Fund to any
         beneficiary upon such terms as to repayment and interest
         or interest free and whether with or without security as
         the trustees may in their discretion think fit, provided
         that no loan shall be made on terms that repayment shall
         be postponed beyond the Trust Period; and

   (b)   to forgive or release any debt in whole or in part owing
         to the trustees by any beneficiary whether during the
         life of any such beneficiary or after his or her death.

## POWER TO BORROW MONEY

8.   The trustees may at any time and from time to time borrow
     money and, if on the security of the Trust Fund may charge any
     part of the capital or income (including any future income) of
     the Trust Fund with the repayment of any monies so borrowed.
     The trustees may pay or apply the money so raised in any
     manner in which money forming part of the capital of the Trust
     Fund may be paid or applied.  The trustees shall have power to
     enter into any joint borrowing arrangements with any person,
     whether or not involving joint or several liability.   No
     purchaser, lender or other person paying or advancing money on
     a sale, mortgage, charge or other transaction made by the
     trustees shall be concerned to see that the money is wanted or
     that no more than is wanted is raised or otherwise as to the
     propriety of the transaction or the application of the money.

## POWER TO PERMIT OCCUPATION OF PROPERTY BY BENEFICIARIES

9.   The trustees shall have power to permit any beneficiary to

PUBLICLY FILED PER STIPULATION [ECF 21

OUTSIDE PROFESSIONALS' EYES ONLY—SUBJECT TO PROTECTIVE ORDER                    MSF00008527

UNREDACTED CONTAINS PROFESSIONALS' EYES ONLY—SUBJECT TO
TREAT SUBJECT TO PROTECTIVE ORDER

reside in any dwelling-house, occupy any land or have the
custody and use of any moveable property which may be subject
to the trusts hereof, upon such conditions as to payment of
rent rates, taxes and other expenses and outgoings and as to
insurance, repair and decoration and for such period and
generally upon such terms as the trustees in their discretion
shall think fit.

## POWER TO PAY DUTIES AND TAXES

10.   In the event of any probate, succession, estate, duty,
capital, or transfer tax, inheritance tax, capital gains tax,
income tax or interest thereon or other duties, fees, taxes or
penalties whatsoever becoming payable in the Island of Jersey
or elsewhere in respect of the Trust Fund, the trustees shall
have power to pay all such duties, fees or taxes out of the
Trust Fund or the income thereof and shall have entire
discretion as to the time and manner in which the said duties,
fees or taxes shall be paid.   The trustees may pay such
duties, fees or taxes notwithstanding that the same shall not
be recoverable from the trustees or the beneficiaries or other
interested persons or that the payment shall not be to the
advantage of any beneficiary or other interested person.

## POWER TO APPORTION BETWEEN INCOME AND CAPITAL

11.   The trustees shall have power to treat as income or as capital
any dividends, stock dividends, rights, interest, rents,
issues and profits derived from any property at any time
constituting the whole or any part of the Trust Fund; to
determine what part of the receipts of the Trust is income and
what is capital, whether or not such property is wasting,
hazardous or unproductive or was purchased at a premium or
discount and notwithstanding the time when such dividends,
stock dividends, rights, interest, rents, issues or profits

26

OUTSIDE PROFESSIONALS' EYES ONLY—SUBJECT TO PROTECTIVE ORDER          MSF00008528

UNREDACTED - CONTAINS INFORMATION DESIGNATED CONFIDENTIAL
TREAT SUBJECT TO PROTECTIVE ORDER

were earned, accrued, declared or paid; to make such reserves out of the income or capital as the trustees deem proper for expenses, taxes and other liabilities of the Trust; to pay from income or from capital or to apportion between income and capital any expenses of making or changing investments and of selling, exchanging or leasing, including brokers' commissions and charges; to determine what part of the expenses of the Trust shall be charged to capital and what part to income; and to determine as between separate funds and separate parts of shares, the allocation of income, gains, profits, losses and distributions.   Any decisions of the trustees under this Regulation whether made in writing or implied from their acts shall so far as the law may permit be conclusive and binding on the beneficiaries and all persons actually or prospectively interested under this Settlement.

## POWER TO APPROPRIATE

12.   The trustees shall have power to appropriate the Trust Fund or any part thereof towards satisfaction of the interest of a beneficiary in such manner and in accordance with such valuation as they think fit and without the consent of any beneficiary hereunder being required for any such appropriation.

## POWER TO ENGAGE IN TRADE

13.   The trustees shall have power to engage in any trade or venture whether solely or jointly or in partnership with any other person.   Trustees may make such arrangements in connection therewith as they think fit, and may delegate any exercise of this power to any one or more of their number or to a company or partnership formed for this purpose.   The persons carrying on any trade or venture authorized by this Regulation shall have power to determine what are the

27

OUTSIDE PROFESSIONALS' EYES ONLY—SUBJECT TO PROTECTIVE ORDER                MSF00008529

UNREDACTED CONTAINS CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO FINAL
TREAT SUBJECT TO PROTECTIVE ORDER

distributable profits thereof, and so much of the distributable profits as accrue to the trustees (and no more) shall be income of the Trust Fund for the purposes of this Settlement. Any power vested in the trustees under this Settlement shall (where applicable) extend to any arrangements in connection with any such venture or partnership including, but not limited to, the trustees' powers of borrowing and charging, which shall extend to any borrowing arrangements made in connection with such venture or partnership as aforesaid, whether made severally or jointly with others or with unequal liability.

## POWER TO TAKE COUNSEL'S OPINION

14.   The trustees may obtain and rely upon the opinion of legal counsel concerning any issue arising under this Settlement or any matter in any way relating to the Settlement or to their duties in connection with the trusts of the Settlement. To the extent that the trustees act in accordance with the opinion of such counsel, the trustees shall not be liable for any loss to the Trust Fund which may result.

## POWER TO GUARANTEE DEBTS

15.   The trustees may in their discretion and on such terms as they deem fit, apply all or any part of the capital or income of the Trust Fund to pay money owed by a beneficiary or a company owned by a beneficiary or perform any obligations of any beneficiary or any company owned by a beneficiary and give any guarantee for any beneficiary or any company owned by a beneficiary. For these purposes, the trustees may mortgage or charge any property of the Trust Fund or deposit or transfer any such property with or to any person, firm or company by way of security. A company shall be deemed owned by a beneficiary if such beneficiary directly or indirectly owns

28

OUTSIDE PROFESSIONALS' EYES ONLY—SUBJECT TO PROTECTIVE ORDER
MSF00008530

UNREDACTED CONTAINS INFORMATION DESIGNATED CONFIDENTIAL
TREAT SUBJECT TO STIPULATED PROTECTIVE ORDER

all of the stock of such company.

## POWER TO GIVE INDEMNITIES

16. The trustees may enter into any indemnity in favour of any
former trustee or any other person in respect of any estate
duty, tax or fiscal imposition or other liability of any
nature prospectively payable in respect of the Trust Fund or
otherwise in connection with this Settlement, and to charge or
deposit the whole or any part of the Trust Fund as security
for such indemnity in such manner in all respects as they
shall think fit.

## POWER TO HAVE ACCOUNTS AUDITED

17. The trustees may cause the accounts kept by them hereunder
to be examined or audited by such person or persons as they
shall designate and may pay the costs of such examination or
audit out of the capital or income of the Trust Fund.

## POWERS AS TO LAND

18. Where the Trust Fund for the time being includes any real or
immovable property situate outside the Island of Jersey (in
this paragraph referred to as "the said land"), the trustees
shall have all the powers of an absolute beneficial owner in
respect thereof including but not limited to the following:

(a)    The trustees shall not be bound to see nor be liable or
accountable for omitting or neglecting to see to the
repair or insurance of any building on the said land or
to the payment of any outgoings in respect thereof, but

may repair and insure any such buildings in such manner
and to such extent as they shall think fit, and pay out

29

OUTSIDE PROFESSIONALS' EYES ONLY—SUBJECT TO PROTECTIVE ORDER          MSF00008531

UNREDACTED CONTAINS HIGHLY CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO HIGHLY CONFIDENTIAL TREAT SUBJECT TO PROTECTIVE ORDER

of the capital or income of the Trust Fund the costs of
all such repairs and of effecting and keeping up any
such insurance, and any such outgoings as aforesaid in
priority to any other trusts affecting the same capital
or income.

(b)     The trustees may from time to time expend capital money
comprised in the Trust Fund in erecting, demolishing and
rebuilding and making alterations and improvements to
any buildings on the said land or any part thereof to
such extent and in such manner as they shall think fit
and any certificate in writing of any architect or
surveyor employed by the trustees to the effect that any
work specified in such certificate is or includes an
alteration or an improvement to any such building shall
be conclusive as between the trustees and all persons
interested hereunder that any capital money expended on
such work was properly so expended in exercise of this
power.

(c)     In the management or administration of the said land the
trustees may effect or concur in effecting any sale,
lease, mortgage, charge, release, purchase, investment,
acquisition, expenditure or other disposition, contract
or transaction whatever which a person beneficially
entitled would have had power to effect or concur in
effecting to the intent that the trustees shall in
relation to the said land have all the powers of a
beneficial owner.

POWER TO EXERCISE VOTING RIGHTS

19.   (a)     The trustees may exercise all voting rights appertaining
to any investment forming part of the Trust Fund in as
full, free and absolute manner as if they were absolute

PUBLICLY FILED PER STIPULATION [ECF 21

OUTSIDE PROFESSIONALS' EYES ONLY—SUBJECT TO PROTECTIVE ORDER

MSF00008532

UNREDACTED DOCUMENT CONTAINING CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER
TREAT SUBJECT TO PROTECTIVE ORDER

owners of such investments, provided that in the exercise of the powers conferred on them by this clause, the trustees shall not incur any liability or responsibility by reason of any error of law or mistake of fact made in good faith.

(b)    In this clause the expression "voting rights" shall include not only a vote at a meeting but also any consent to or approval of any arrangement, scheme or resolution, or any alteration or abandonment of any rights attaching to any security, and the right to requisition or join in a requisition to convene any meeting or to give notice of any resolution or to circulate any statement.

## POWER TO DEAL WITH OTHER TRUSTS

20.    The trustees in execution of any of the trusts hereof or in exercise of any of the powers hereby or by law given to them may sell, lend or buy any property, borrow property from, or carry out any other transaction with the trustees of any other trust or the executors or administrators of any estate notwithstanding that the trustees or any of them are or is the same persons or person as those trustees, executors or administrators or any of them and where the trustees are the same persons as those trustees executors or administrators the transaction shall be binding on all persons then or thereafter interested hereunder though effected and evidenced only by an entry in the accounts of the trustees.

31

PUBLICLY FILED PER STIPULATION [ECF 21

OUTSIDE PROFESSIONALS' EYES ONLY—SUBJECT TO PROTECTIVE ORDER                    MSF00008533

UNREDACTED CONTAINS HIGHLY CONFIDENTIAL INFORMATION
TREAT SUBJECT TO PROTECTIVE ORDER

THE SECOND SCHEDULE HEREINBEFORE REFERRED TO:

(Initial Property)


U.S. $10.00 (TEN DOLLARS)

PUBLICLY FILED PER STIPULATION [ECF 21

OUTSIDE PROFESSIONALS' EYES ONLY—SUBJECT TO PROTECTIVE ORDER        MSF00008534

UNREDACTED CONTAINS HIGHLY SENSITIVE MATERIAL — TREAT SUBJECT TO PROTECTIVE ORDER

THE THIRD SCHEDULE hereinbefore referred to:
(Appointment of New or Additional Trustees)


1.    The Protectors

2.    The surviving or continuing trustee or trustees

3.    The last person to act as trustee


33

PUBLICLY FILED PER STIPULATION [ECF 21

OUTSIDE PROFESSIONALS' EYES ONLY—SUBJECT TO PROTECTIVE ORDER                    MSF00008535

UNREDACTED — CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY MATERIAL —
TREAT SUBJECT TO PROTECTIVE ORDER

THE FOURTH SCHEDULE hereinbefore referred to:

(Appointment of New Protectors)

1.    The surviving or continuing Protector or Protectors

2.    The last person to act as Protector

3.    The trustees

34

PUBLICLY FILED PER STIPULATION [ECF 21

OUTSIDE PROFESSIONALS' EYES ONLY—SUBJECT TO PROTECTIVE ORDER

MSF00008536

UNREDACTED CONTAINS HIGHLY SENSITIVE INFORMATION—FILE UNDER SEAL
TREAT SUBJECT TO PROTECTIVE ORDER

THE FIFTH SCHEDULE hereinbefore referred to:
(Consent of Protectors)

Clause 7            Power to Change Proper Law of this Settlement

Clause 11           Delegation of powers

Clause 22           Amendment

35

PUBLICLY FILED PER STIPULATION [ECF 21

OUTSIDE PROFESSIONALS' EYES ONLY—SUBJECT TO PROTECTIVE ORDER          MSF00008537

UNREDACTED CONTAINS HIGHLY SENSITIVE BUSINESS INFORMATION
TREAT SUBJECT TO PROTECTIVE ORDER

THE SIXTH SCHEDULE hereinbefore referred to:
(Consent of Special Trustee)


Clause 4                    Any  discretionary  distributions  under  Clause
                            4(a) and 4(b), including distributions that may
                            be  made  in  the  trustee's  discretion  for  the
                            health,  support,  maintenance  and  education  of
                            the Settlor's descendants.

36

PUBLICLY FILED PER STIPULATION [ECF 21

OUTSIDE PROFESSIONALS' EYES ONLY—SUBJECT TO PROTECTIVE ORDER

UNREDACTED — CONTAINS INFORMATION DESIGNATED HIGHLY CONFIDENTIAL —
TREAT SUBJECT TO PROTECTIVE ORDER

## THE SEVENTH SCHEDULE hereinbefore referred to:
### (Charitable beneficiaries)

The Ashmolean Museum

Columbia University

Dalton School

The Fulbright Foundation for Education and Cultural Exchange Inc

The Guggenheim Museum

Harvard University

New York University

King's College Hospital

King's College School of Medicine and Dentistry

The Metropolitan Museum of Art

The Dr Mortimer and Theresa Sackler Foundation, London

The National Gallery

The National Maritime Museum, Greenwich

New York University

Phillips Exeter

The Royal Marsden Hospital

The Royal Opera House

The Sackler-Lefcourt Centre for Child Development, Inc

The Sackler School of Medicine, New York

Tufts University

Tel Aviv University

The Tate Gallery

University of Bristol Medical School

Westminster Abbey Trust

Yale University

PROVIDED THAT, notwithstanding its inclusion in the above list, no organisation of which the Settlor has been a director or officer at any time during his lifetime shall be capable of being a beneficiary hereof or of receiving any capital or income from the Trust Fund of this Settlement.

37

PUBLICLY FILED PER STIPULATION [ECF 21

OUTSIDE PROFESSIONALS' EYES ONLY—SUBJECT TO PROTECTIVE ORDER                MSF00008539

UNREDACTED CONTAINS HIGHLY CONFIDENTIAL INFORMATION
TREAT SUBJECT TO PROTECTIVE ORDER

OUTSIDE PROFESSIONALS' EYES ONLY—SUBJECT TO PROTECTIVE ORDER

MSF00008540

UNREDACTED CONTAINED EXPRESS TREAT SUBJECT PROTECTIVE ORDER

THE EIGHTH SCHEDULE hereinbefore referred to:
(Appointment of New Special Trustee)

1.  The last surviving or continuing Special Trustee or Special Trustees.

2.  The last person to act as Special Trustee.

3.  The Protectors.

4.  The trustees.

SIGNED by the said
**MORTIMER D SACKLER**
in the presence of:

*[signature]*
31 Decembre 93
Gstaad.
MICHEL THANDROYEN

*[signature]* Mortimer D Sackler
31 December 1993
Gstaad

The COMMON SEAL of
**REIGO TRUSTEE LIMITED**
was hereunto affixed
in the presence of:

*[signature]* DIRECTOR

*[signature]*

38

PUBLICLY FILED PER STIPULATION [ECF 21

OUTSIDE PROFESSIONALS' EYES ONLY—SUBJECT TO PROTECTIVE ORDER          MSF00008541

UNREDACTED CONTAINS PROCESSED MATERIAL SUBJECT TO PRIVILEGE TREAT SUBJECT TO PROTECTIVE ORDER

# TAYLEIGH LIMITED

P O Box 404 Pirouet House Union Street St Helier
Jersey JE4 9WG Channel Islands British Isles
Telephone 01534 504000 Facsimile 01534 35328
International Code 44 1534

Reigo Trustee Limited
in its capacity as Trustee of the
Purdue Pharma Trust
dated 31 December 1993

Peter M. Ward, Esq.

Charles G. Lubar, Esq.

Jorg Fischer, Esq.

24 December 1996

Dear Sirs

**Purdue Pharma Trust dated 31 December 1993**
**Deed of Retirement and Appointment dated 5th November 1996**

We refer to the Deed of Retirement and Appointment dated 5th November 1996 whereby Tayleigh Limited (the "Company") agreed to its appointment as successor trustee to Reigo Trustee Limited of the Settlement dated 31st December 1993, such appointment to be effective upon the death of the Settlor, Dr. Mortimer D. Sackler.

The Company has now reviewed its position with regard to this appointment and is no longer willing to accept such appointment.

Please accept this letter as notice of the Company's desire to withdraw from the said appointment.

**SIGNED**
For and on behalf of
**TAYLEIGH LIMITED**

..................................
**Director** .

Acknowledged by and on
behalf of **Reigo Trustee Limited**

..................................
**Director**

PUBLICLY FILED PER STIPULATION [ECF 21

UNREDACTED CONTAINS INFORMATION DESIGNATED CONFIDENTIAL TREAT SUBJECT TO PROTECTIVE ORDER

**THIS SETTLEMENT** is made the 31st day of December One thousand nine hundred and ninety-three.

**BETWEEN**

**MORTIMER D SACKLER** (hereinafter called "the Settlor") of the one part AND **REIGO TRUSTEE LIMITED** of Jersey, Channel Islands (hereinafter called "the Trustees") of the other part.

**WHEREAS:**

(a)   The Settlor being desirous of making such Settlement as is hereinafter contained has had transferred or delivered to the Trustees or otherwise placed under their control the property specified in the Second Schedule hereto.

(b)   It is the Settlor's intent that such property, together with any additional property transferred or delivered to the Trustees by the Settlor, be used by the Trustees to acquire a limited partnership interest in Purdue Pharma L.P. Limited Partnership, a limited partnership organized under the laws of the State of Delaware engaging in the acquisition development manufacture and sale of pharmaceutical products.

**NOW THIS DEED WITNESSETH as follows:**

<u>INTERPRETATION</u>

1.   In this Deed wherever the context permits the following words shall have the following meanings:

(a)   "beneficiary" means an individual who is eligible to receive distributions of income and/or capital pursuant to the Trustees' exercise of discretion under the provisions of this Settlement.

1

OUTSIDE PROFESSIONALS' EYES ONLY—SUBJECT TO PROTECTIVE ORDER          MSF00008543

(b)    "the Code" means the United States Internal Revenue Code of 1986, as amended.

(c)    "company" means any corporate body (of whatsoever kind) incorporated or otherwise brought into existence in any part of the world.

(d)    "the Law" means the Trusts (Jersey) Law 1984 (as amended).

(e)    "minor" means a person who has not attained the age of twenty-one (21) years.

(f)    "person" means any individual or any body of persons corporate or unincorporate.

(g)    "the Proper Law of this Settlement" means the law governing the rights of all parties and the construction of the provisions of this Settlement.

(h)    "the Regulations" means the regulations contained in the First Schedule hereto.

(i)    "this Settlement" means the settlement created by these presents including the Schedules hereto.

(j)    "the Trustees" means the trustee or trustees for the time being hereof.

(k)    "the Trust Fund" means:

    (i)    the property specified in the Second Schedule hereto;

2

PUBLICLY FILED PER STIPULATION [ECF 21

OUTSIDE PROFESSIONALS' EYES ONLY—SUBJECT TO PROTECTIVE ORDER    MSF00008544

UNREDACTED, CONTAINS BUSINESS AND PERSONAL INFORMATION
TREAT SUBJECT TO PROTECTIVE ORDER

(ii)    all property paid or transferred by any person to the Trustees and accepted by the Trustees as additions to the Trust Fund;

(iii)   the income and gain accruing to such property and any property received in exchange therefor.

(l)    "the Trust Period" means the period from the date hereof until the first to occur of (i) final distribution of all property held hereunder; (ii) twenty-one years after the death of the last to survive of the Settlor, the Settlor's wife, and all issue of the Settlor living as of the date of this Settlement; (iii) the expiry of 100 years from the date of this Settlement.

(m)   For the purposes of this Settlement and in the interpretation and construction of each and every provision hereof all references to "child" or "issue" or "descendant" shall mean only a person who:

(i)    is born a legitimate child of his father and mother;

(ii)   is a child who is legitimated by the subsequent marriage of his father and mother;

(iii)  is adopted to a situation where a congenital male and a congenital female, married to each other, and there not having been a child born of the marriage, adopt a person under the age of two years in accordance with the law of the ordinary residence of the adoptive parents at the time of the adoption; or

3

PUBLICLY FILED PER STIPULATION [ECF 21

OUTSIDE PROFESSIONALS' EYES ONLY—SUBJECT TO PROTECTIVE ORDER

MSF00008545

UNREDACTED CONTAINS INFORMATION ESSENTIAL TO ENFORCE AND/OR TREAT SUBJECT TO PROTECTIVE ORDER

   (iv)   is a child which is the result of artificial insemination where the donor or the recipient is issue (within the meanings of sub-paragraph (i) or sub-paragraph (ii) hereof only) of the Settlor and such child is adopted by such issue under the law of the ordinary residence of such issue at the time of the adoption.

No other person shall be included in the definition of "child" or "issue" or "descendant" for the purposes of this Settlement.

(n)   References to the issue or descendant of any person shall include the children and more remote issue of such person.

(o)   Where the context requires, words in the singular shall be read in the plural, and vice versa, and the masculine shall be read in the feminine or neuter gender, and vice versa.

(p)   The headings and sub-headings to this deed are inserted only for reference and shall not affect the construction of such provisions.

2.   This Settlement is established under the laws of the Island of Jersey.  Unless the Proper Law of this Settlement is changed in accordance with provisions hereinafter declared, the Proper Law of this Settlement shall be the law of the Island of Jersey and the courts of the said Island shall be the forum of the administration hereof.

DECLARATION OF TRUST OF ORIGINAL AND ADDITIONAL PROPERTY

3.   The Trustees shall stand possessed of the Trust Fund subject

PUBLICLY FILED PER STIPULATION [ECF 21

OUTSIDE PROFESSIONALS' EYES ONLY—SUBJECT TO PROTECTIVE ORDER

MSF00008546

UNREDACTED VERSION CONTAINS INFORMATION DESIGNATED CONFIDENTIAL — PUBLICLY FILED PER STIPULATION
TREAT SUBJECT TO PROTECTIVE ORDER

to the trusts, powers and provisions herein declared. The Trustees may at any time during the Trust Period accept any property of any nature and wherever situate from any person (whether by deed or will or by the provisions of any other trust) to hold as an accretion to the Trust Fund. From and after the date of such acceptance, the Trustees shall hold such property according to the provisions of this Settlement.

4. During the Settlor's lifetime, the Trustees shall stand possessed of the Trust Fund and the income thereof upon the following trusts:

(a) The Trustees shall divide the property initially contributed to the Trust Fund into seven equal shares representing the Settlor's children – Kathe A Sackler, ILENE SACKLER LEFCOURT Ilene Sackler Lefcourt, Samantha S Sackler, Mortimer D A Sackler, Marissa Sackler, Sophia Sackler and Michael Daniel Sackler. Any subsequent contributions of property to the Trust Fund shall be divided into such shares as the deed, will or other instrument of conveyance directs. In the absence of such direction, such contributions shall be divided into shares representing the Settlor's then living issue, equally per stirpes. Each share representing a then living descendant of the Settlor shall be held in trust for the benefit of such descendant and his or her issue and administered and distributed as follows:

*Amended 23 Dec 1994*

(i) The net income of each descendant's separate share, in the discretion of the Trustees, shall either be accumulated in whole or in part and periodically (but not less frequently than annually) added to capital or paid to or applied directly for the benefit of such descendant and/or any one or more of his or her issue in

5

PUBLICLY FILED PER STIPULATION [ECF 21

OUTSIDE PROFESSIONALS' EYES ONLY—SUBJECT TO PROTECTIVE ORDER

MSF00008547

UNREDACTED CONTAINS INFORMATION DESIGNATED CONFIDENTIAL
TREAT SUBJECT TO PROTECTIVE ORDER

such amounts or proportions as the Trustees may in the Trustees' sole discretion deem appropriate for the health, support, maintenance and education of such descendant or issue.

(ii)   In addition, if the Trustees in their sole discretion consider it advisable, they may from time to time make payments from the capital of such descendant's separate share to or for the benefit of such descendant and/or one or more of his or her issue in such amounts and proportions as they may deem appropriate for the health, support, maintenance and education of such descendant or issue.

(iii)  Upon such descendant's death with issue prior to the death of the Settlor, the remaining income and capital of his or her separate share shall be divided into shares representing such descendant's then living issue, equally per stirpes, and each such share shall be held and administered in trust pursuant to the terms of this Clause 4.

(iv)   Upon such descendant's death without issue prior to the death of the Settlor, the remaining income and capital of his or her separate share shall be divided into shares representing the then living issue, equally per stirpes, of such descendant's closest lineal ancestor who is a descendant of the Settlor and who has issue then living; or, in default of such issue, the remaining income and capital of such deceased descendant's separate share shall be divided into shares representing the Settlor's then

6

PUBLICLY FILED PER STIPULATION [ECF 21

OUTSIDE PROFESSIONALS' EYES ONLY—SUBJECT TO PROTECTIVE ORDER          MSF00008548

UNREDACTED CONTAINS INFORMATION TO BE TREATED SUBJECT TO PROTECTIVE ORDER

living issue, equally per stirpes. Each such share shall be held in trust for such issue, or added to the share already held for such issue pursuant to the terms of this Settlement, as the case may be, and administered and distributed pursuant to the provisions of this clause 4.

(v) Notwithstanding any other provision of this Settlement, during the Settlor's lifetime, the Trustees shall have no power to pay or apply any income or capital of the Trust Fund either directly or indirectly to or for the benefit of any beneficiary which to any extent shall be in satisfaction of the legal obligation of the Settlor or the Settlor's spouse including, without limitation, any legal obligation to support and maintain a beneficiary or any contractual obligation of the Settlor or the Settlor's spouse.

(b) Following the Settlor's death and for the remainder of the Trust Period, the Trustees shall stand possessed of the Trust Fund and the income thereof upon the following trusts:

(i) The net income accruing after the date of the death of the Settlor shall in the discretion of the Trustees either be accumulated in whole or in part and periodically (but not less frequently than annually) added to capital or paid, with the prior written consent of the Special Trustee, to or for the benefit of one or more of the Settlor's descendants, the Settlor's spouse, Theresa Sackler, and the charitable organizations listed in the Seventh Schedule

7

OUTSIDE PROFESSIONALS' EYES ONLY—SUBJECT TO PROTECTIVE ORDER

MSF00008549

UNREDACTED CONTAINS INFORMATION DESIGNATED CONFIDENTIAL BY KOREA TREAT SUBJECT TO PROTECTIVE ORDER

hereto, in such amounts or proportions as the Trustees in their sole discretion deem appropriate.

(ii)  In addition, if Trustees in their sole discretion consider it advisable, the Trustees, with the prior written consent of the Special Trustee, may from time to time make payments from capital to or for the benefit of one or more of the Settlor's descendants, the Settlor's spouse (except as provided below), and the charitable organizations listed in the Seventh Schedule hereto.

(iii)  Notwithstanding any provision of this Settlement to the contrary, no distribution shall be made to or for the benefit of the Settlor's spouse of any amounts attributable to taxable income (as defined for US income tax purposes) that accrued (in the case of ordinary income) or was realized (in the case of capital gain income) prior to the Settlor's death.

(iv)  At the expiration of the Trust Period the Trustees shall distribute the assets of the trust to the Settlor's then living issue, equally per stirpes.

(v)  Subject as aforesaid upon trust as to both capital and income for such of the charitable organisations listed in the Seventh Schedule as the Trustees shall in their absolute discretion determine and failing such determination for such of the said organisations listed in the Seventh Schedule as shall then be in existence

8

PUBLICLY FILED PER STIPULATION [ECF 21

OUTSIDE PROFESSIONALS' EYES ONLY—SUBJECT TO PROTECTIVE ORDER

MSF00008550

UNREDACTED CONTAINS CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER
TREAT SUBJECT TO PROTECTIVE ORDER

in equal shares absolutely.

(c)   In exercising any discretion under this Clause 4 to pay
income or capital the Trustees may take into account the
income from other sources and the personal assets of a
beneficiary.  The Trustees may but need not treat all
beneficiaries equally or proportionately and need not
follow the same pattern in all such distributions.

(d)   The provisions of Article 34(3) and 34(5) of the Law
shall not apply to this Settlement.

## PAYMENTS TO MINORS

5.   Any property (whether income or capital) distributable to a
beneficiary who is a minor may be retained by Trustees in a
separate trust and may be invested and applied (together with
any income earned by it) from time to time for the
beneficiary's benefit in any way in which the Trustees may
deem appropriate.

Such property shall be distributed to the beneficiary when he
or she attains his or her majority, or, in case of death
during minority, shall be paid to his or her estate.

Payments made for the benefit of a beneficiary may be made
directly to the beneficiary, to his or her parent or guardian,
to a custodian selected by Trustees, or to any person caring
for or having custody of the beneficiary, or may be applied
for such beneficiary's benefit by payment to such other
persons, organizations or institutions as Trustees may select,
and the receipt of any such payee shall be a full release
therefor.

9

PUBLICLY FILED PER STIPULATION [ECF 21

OUTSIDE PROFESSIONALS' EYES ONLY—SUBJECT TO PROTECTIVE ORDER                    MSF00008551

UNREDACTED CONTAINS INFORMATION DESIGNATED CONFIDENTIAL
TREAT SUBJECT TO PROTECTIVE ORDER

## POWERS TO DISCLAIM

6.    Any beneficiary may by declaration in writing received by the Trustees during the Trust Period, either revocably (but revocable during the Trust Period only) or irrevocably disclaim his or her interest as an object of any trust power or discretion vested in the Trustee either wholly or with respect to any specified part or share of the capital or income of the Trust Fund.  Such declaration shall have effect from the date that the same is received by the Trustees until revoked as aforesaid.  Thereafter, and for so long as such disclaimer is in effect, income and capital may be appointed, transferred or applied under the provisions of this Settlement to the person or persons who would have been eligible to receive the same if such disclaimant were deceased.

## POWER TO CHANGE PROPER LAW OF THIS SETTLEMENT

7.    The Trustees at any time and from time to time by deed may declare that this Settlement shall be governed and administered under the law of some other state or territory in any part of the world, and that the forum for the administration thereof shall thenceforth be the Courts of that state or territory.  Such change shall be effective from the date of such declaration or from such date as is specified in such declaration, or upon the occurrence of such circumstances as are specified therein.  The Trustees may make such alterations to the trusts, powers and provisions of this Settlement as the Trustees may consider necessary or desirable to ensure that the trusts, powers and provisions of this Settlement shall (mutatis mutandis) be as valid and effective under the law of such other state or territory as they are under the law of the Island of Jersey.

PUBLICLY FILED PER STIPULATION [ECF 21

OUTSIDE PROFESSIONALS' EYES ONLY—SUBJECT TO PROTECTIVE ORDER                MSF00008552

UNREDACTED CONTAINS INFORMATION DESIGNATED BY THIRD PARTIES TO TREAT SUBJECT TO PROTECTIVE ORDER

## ADDITIONAL POWERS OF THE TRUSTEES

8.   The Trustees shall have the powers and discretion, rights and immunities set out in the Regulations, subject to the restrictions contained in Clause 9.

## ADMINISTRATIVE POWERS

9.   Nothing in this Settlement, and no power accorded to Trustees by law, shall be construed (a) to enable the Settlor, or any other person, without the approval or consent of an "adverse party" (as defined in Section 672 of the Code) to purchase or exchange or otherwise deal with or dispose of the capital or income of the Trust Fund for less than an adequate or full consideration in money or money's worth; or (b) to enable the settlor or the Settlor's spouse to borrow the capital or income of the Trust Fund directly or indirectly without adequate interest or without adequate security; or (c) to permit any person who does not act in a fiduciary capacity, without the consent of a fiduciary, to (i) reacquire or exchange any property of the Trust Fund by substituting other property of an equivalent value; (ii) exercise the power to vote or direct the voting of any stock or other securities of the Trust Fund in corporations in which the holdings of the Settlor and the Trust Fund are significant from the viewpoint of voting control; or (iii) control the investment of the Trust Fund either by directing investments or reinvestments or by vetoing proposed investments or reinvestments to the extent that the Trust Fund consists of stocks or securities of corporations in which the holdings of the Settlor and the Trust Fund are significant from the viewpoint of voting control.

11

OUTSIDE PROFESSIONALS' EYES ONLY—SUBJECT TO PROTECTIVE ORDER          MSF00008553

UNREDACTED, CONTAINS CONFIDENTIAL BUSINESS INFORMATION — ATTORNEYS' EYES ONLY
TREAT SUBJECT TO PROTECTIVE ORDER

## EXERCISE OF POWERS

10.   The Trustees shall exercise the powers and discretion vested
      in them as they shall think most expedient for the benefit of
      all or any of the persons actually or prospectively interested
      under this Settlement and may exercise (or refrain from
      exercising) any power or discretion for the benefit of any one
      or more of them without being obliged to consider the
      interests of the other or others.

## DELEGATION OF POWERS

11.   Subject to the limitations in Clause 9 hereof, the Trustees
      may delegate to any person or persons at any time, for any
      period, in any manner, and upon any terms whatever all or any
      of the powers and discretion imposed on or given to the
      Trustees by this Settlement or by law or otherwise (including
      the whole of the administration and/or management of this
      Settlement) without being liable for the acts or default of
      any such delegate.

## RESTRICTION AND RELEASE OF POWERS

12.   The Trustees may release or to any extent restrict the future
      exercise of any powers hereby or by law conferred on them
      notwithstanding the fiduciary nature of any such powers.

## POWER OF APPOINTMENT OF NEW OR ADDITIONAL TRUSTEES

13.   (a)   If any trustee hereof shall die, or be declared en
            desastre, or shall give notice of resignation, or shall
            be removed from the office of trustee, or being a
            company shall be dissolved, then the persons specified
            in the Third Schedule hereto in order of priority may by
            deed appoint one or more other persons, (other than the

12

PUBLICLY FILED PER STIPULATION [ECF 21

OUTSIDE PROFESSIONALS' EYES ONLY—SUBJECT TO PROTECTIVE ORDER          MSF00008554

UNREDACTED VERSION CONTAINS HIGHLY CONFIDENTIAL INFORMATION — PARTIES AGREE TO
TREAT SUBJECT TO PROTECTIVE ORDER

Settlor and the Settlor's wife), whether resident within or without the Island of Jersey, to serve as successor Trustee.

(b)   Any trustee may resign by notice in writing signed by such trustee and delivered to the person or persons having the power to appoint new or additional trustees. Such resignation shall be effective upon the date specified in such notice, or on the occurrence of such circumstances as are specified in such notice, but not earlier than the date of delivery of such notice.  The resigning trustee shall cease to be a trustee hereof to all intents and purposes from the effective date of his resignation except as to acts and deeds necessary for the proper vesting of the Trust Fund in the continuing or new trustee or trustees or otherwise as the case may require.

(c)   The person or persons who then have the power to appoint new trustees shall have the power to appoint one or more other persons (other than the Settlor and the Settlor's spouse), whether resident within or without the Island of Jersey, to be an additional trustee or additional trustees hereof.

(d)   Acts and deeds done or executed for the proper vesting of the Trust Fund in successor or additional trustees shall be done and executed by the continuing or retiring trustee at the expense of the income or capital of the Trust Fund PROVIDED THAT an outgoing trustee who is or may be personally liable as a trustee or former trustee hereof for any taxes or any other liability shall not be bound to transfer the Trust Fund unless and until he is given reasonable security for indemnifying him against such liability.

13

PUBLICLY FILED PER STIPULATION [ECF 21

UNREDACTED CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER
TREAT SUBJECT TO PROTECTIVE ORDER

(e)    Any new or additional trustee appointed under the provisions hereof, or by a court of competent jurisdiction, shall have such powers, rights and benefits as to remuneration or otherwise as may be agreed in writing at or prior to his appointment (in the case of a trustee appointed as herein above provided) between such new or additional trustee and the person making such appointment or (in the case of a trustee appointed by a court) as the order appointing such trustee may direct.

(f)    On every change in the trusteeship a memorandum shall be endorsed on or permanently annexed to this Settlement stating the names of the Trustees for the time being and shall be signed by the persons so named.  Any person dealing with the Trust shall be entitled to rely upon such memorandum (or the latest of such memoranda if more than one) as sufficient evidence that the Trustees named therein are the duly constituted Trustees for the time being.

(g)    Any such appointment of new or additional trustees shall take effect on such date as is specified in the instrument of appointment or on the occurrence of such circumstances as are specified in the instrument of appointment.

(h)    Every decision, resolution or exercise of a power or discretion made by the Trustees shall be validly made if it is made by a majority of the Trustees then serving and any such deed or instruction executed in pursuance of any such decision, resolution or exercise shall have binding legal effect (as if executed by all Trustees) if it shall be executed by a majority in number of the Trustees then serving.

14

PUBLICLY FILED PER STIPULATION [ECF 21

OUTSIDE PROFESSIONALS' EYES ONLY—SUBJECT TO PROTECTIVE ORDER

MSF00008556

UNREDACTED CONTAINS INFORMATION SUBJECT TO
TREAT SUBJECT TO PROTECTIVE ORDER

## INDEMNITY OF RETIRING TRUSTEE

14.    If a trustee ceases to be a trustee hereof in accordance with
the provisions of the preceding clause, such trustee shall be
released from liability to any beneficiary, trustee or person
interested under the Settlement for any act or omission in
relation to the Trust Fund or his duty as a trustee except:

(a)    any liability arising from any breach of trust to which
such trustee (or in the case of a corporate trustee any
of its officers or employees) was a party or to which he
or it was privy;

(b)    any liability in respect of any action to recover from
such trustee trust property or the proceeds of trust
property in the possession of such trustee, or
previously received by such trustee (or in the case of
a corporate trustee by any of its officers or employees)
and converted to his or its use or not surrendered.

## TRUSTEE INDEMNITY

15.    No trustee shall be liable for any loss to the Trust Fund
arising in consequence of the depreciation or loss of any
investments made in good faith, or by reason of any mistake or
omission made in good faith, or of any other matter or thing
except any individual fraud, wilful misconduct or gross
negligence on the part of the trustee who is sought to be made
liable.

## TRUSTEES,' PROTECTORS AND SPECIAL TRUSTEES REMUNERATION

16.    (a)    (i)    Any trustee, Protector or Special Trustee who is
an advocate, solicitor, accountant or other

15

PUBLICLY FILED PER STIPULATION [ECF 21

OUTSIDE PROFESSIONALS' EYES ONLY—SUBJECT TO PROTECTIVE ORDER          MSF00008557

individual engaged in any profession or
business, or any such person associated with a
trustee, or in the case of a corporate trustee,
any such person associated with or beneficially
interested or in any way connected with such
trustee shall be entitled to charge and be paid
all usual professional or other charges for
business done and time spent and services
rendered by him or his firm in the execution of
the trusts and powers hereof, whether or not in
the ordinary course of his profession or
business and although not of a nature requiring
the employment of a solicitor or other
professional person. ~~Any such person shall be
entitled to retain any commission which would~~ or
~~may become payable to him notwithstanding~~ such
commission is payable as a direct or ~~indirect~~
result of any ~~dealing with property which is~~ or
may ~~become subject to the~~ trusts hereof.

*Deleted*
*23 Dec 1994*

(ii)   Any trustee, Protector or Special Trustee who
shall be a company empowered to undertake trust
business shall be entitled, in addition to
reimbursement of its proper expenses, to
remuneration for its services in accordance with
such company's published terms and conditions
for trust business in force from time to time,
or in the absence of such published terms and
conditions, in accordance with such rates as it
shall from time to time determine.

(b)   No trustee hereof or director or other officer of any
company which is a trustee hereof shall be liable to
account for any remuneration or other profit received by
him in consequence of his acting as or being appointed

16

PUBLICLY FILED PER STIPULATION [ECF 21

OUTSIDE PROFESSIONALS' EYES ONLY—SUBJECT TO PROTECTIVE ORDER          MSF00008558

UNREDACTED VERSION CONTAINS UNNECESSARILY CONFIDENTIAL MATERIAL
TREAT SUBJECT TO PROTECTIVE ORDER

to be a director or other officer or servant of any company even though his appointment was procured by an exercise by him or by the Trustees of voting rights attached to securities in the Trust Fund or by any abstention from exercising such voting rights.

(c)    Any trustee or any associate of a trustee hereof who carries on the business of banking may act as banker of this Settlement on the same terms as those made with any ordinary customer without being liable to account to the Trust Fund for any profits earned thereby except for interest payable on any sums placed in an interest bearing account as an investment of any part of the Trust Fund.

## THE PROTECTOR

17.    (a)    The first Protectors shall be Peter M. Ward, Charles G. Lubar and Jorg Fischer.

(b)    A new Protector shall be appointed whenever a Protector dies, resigns or being a company liquidates or is declared en desastre or otherwise ceases to exist.

(c)    Whenever occasion arises for appointing a new Protector, such new Protector shall be appointed by declaration in writing or by will or codicil signed by the person making such appointment and the same shall be effective when the document or certified copy thereof effecting the same is received by the Trustees who shall cause a memorandum of such appointment to be endorsed on this Settlement.

(d)    Power to appoint a new Protector shall be vested in such persons as are specified in the Fourth Schedule hereto

17

OUTSIDE PROFESSIONALS' EYES ONLY—SUBJECT TO PROTECTIVE ORDER    MSF00008559

UNREDACTED CONTAINS HIGHLY SENSITIVE INFORMATION SUBJECT TO
TREAT SUBJECT TO PROTECTIVE ORDER

in the order of priority and in the manner and subject
to such conditions (if any) therein specified.

(e)    It is expressly declared that the Settlor and his spouse
are and at all times shall be prohibited from holding
office as Protector of this Settlement.

(f)    Following the death of the Settlor, the Protectors,
acting by majority vote shall have the power at any time
by instrument in writing at their absolute discretion to
remove any person then acting as trustee from the office
of trustee.

## CONSENT OF PROTECTOR

18.    Every power and discretion vested in the Trustees by such
provisions of this Settlement as are specified in the Fifth
Schedule hereto shall only be exercisable by them with the
prior or simultaneous written consent of a majority of the
Protectors.

## THE SPECIAL TRUSTEE

19. (a)    The first Special Trustees shall be Peter M Ward,
Charles G Lubar and Jorg Fischer.

(b)    A new Special Trustee shall be appointed whenever a
Special Trustee dies, resigns or being a company
liquidates or is declared en desastre or otherwise
ceases to exist.

(c)    Whenever occasion arises for appointing a new Special
Trustee, such new Special Trustee shall be appointed by
declaration in writing or by will or codicil signed by
the person making such appointment and the same shall be

18

PUBLICLY FILED PER STIPULATION [ECF 21

OUTSIDE PROFESSIONALS' EYES ONLY—SUBJECT TO PROTECTIVE ORDER          MSF00008560

UNREDACTED CONTAINS UNNECESSARY MATERIAL TREAT SUBJECT TO PROTECTIVE ORDER

effective when the document or certified copy thereof effecting the same is received by the Trustees who shall cause a memorandum of such appointment to be endorsed on this Settlement.

(d)   Power to appoint a new Special Trustee shall be vested in such persons as are specified in the Eighth Schedule hereto in the order of priority and in the manner and subject to such conditions (if any) therein specified.

(e)   It is expressly declared that the Settlor and his spouse are and at all times shall be prohibited from holding office as Special Trustee of this Settlement.

(f)   Following the death of the Settlor, the Protectors, acting by majority vote shall have the power at anytime by instrument in writing at their absolute discretion to remove any person then acting as Special Trustee.

ADDGO
23 DEC 1994

CONSENT OF
## SPECIAL TRUSTEE

20.   Every power and discretion vested in the Trustees by such provisions of this Settlement as are specified in the Sixth Schedule hereto shall be exercisable by them only with the prior or simultaneous written consent of a majority of the Special Trustees.

## IRREVOCABILITY

21.   This Settlement shall be irrevocable.

## AMENDMENT

22.   The Trustees, with the prior written consent of the Protectors, may amend this Settlement in order to (i) clarify the

19

PUBLICLY FILED PER STIPULATION [ECF 21

OUTSIDE PROFESSIONALS' EYES ONLY—SUBJECT TO PROTECTIVE ORDER

MSF00008561

UNREDACTED CONTAINS INFORMATION DESIGNATED BY NON-DEBTOR PARTIES. TREAT SUBJECT TO PROTECTIVE ORDER

provisions thereof (ii) modify the administrative provisions
thereof or (iii) cause such clarifications which are required
or appropriate for the effective implementation of this
Settlement.  This power shall not be exercised so as to add
any beneficiaries, alter the beneficial interests of the
beneficiaries, add or modify a power or create an interest
which would cause the Settlor to be treated as the owner of
any portion of the trust for purposes of subpart E of
subchapter J of the Code, permit the Settlor or the Settlor's
spouse to be appointed as a Trustee, Special Trustee or
Protector, or allow any portion of the trust to be used to
discharge any obligation of the Settlor or the Settlor's
spouse.

## PRELIMINARY EXPENSES

23.   The Trustees shall have the power to pay out of the Trust Fund
      all expenses of whatever nature incidental to the creation of
      this Settlement.

**IN WITNESS** whereof the Settlor and the Trustees have hereunto set
their respective hands and Common Seal the day and year first
hereinbefore appearing.

PUBLICLY FILED PER STIPULATION [ECF 21

OUTSIDE PROFESSIONALS' EYES ONLY—SUBJECT TO PROTECTIVE ORDER                MSF00008562

UNREDACTED — CONTAINS INFORMATION DESIGNATED HIGHLY CONFIDENTIAL
TREAT SUBJECT TO PROTECTIVE ORDER

THE FIRST SCHEDULE hereinbefore referred to:

REGULATIONS

GENERAL POWER

1. Subject always to any restrictions expressly contained in this
Settlement (including, without limitation, those contained in
Clause 9 to which restrictions all the powers and provisions
contained in this First Schedule are subject) the trustees
shall have all the same powers as a natural person acting as
the beneficial owner of such property, and such powers shall
not be restricted by any principle of construction or rule or
requirement of the Proper Law of this Settlement save to the
extent that such is obligatory, but shall operate according to
the widest generality of which the foregoing words are capable
notwithstanding that certain powers are hereinafter more
particularly set forth.

POWERS OF INVESTMENT

2. (a)  The acquisition of any investment of a speculative
        nature shall be deemed to be an authorized investment of
        trust monies. In particular the trustees are authorized
        to invest in unquoted securities and in private
        companies, partnerships or other entities including
        venture capital and other high risk and illiquid
        investments.

   (b)  The acquisition of any reversionary interest in property
        or any policy or securities or other investments not
        producing income or in respect to which no dividend,
        interest or rent is payable shall be deemed to be an
        authorized investment of trust monies.

   (c)  The acquisition of any limited interest in property of
        any annuity or policy or securities or other investments

21

PUBLICLY FILED PER STIPULATION [ECF 21

UNREDACTED CONTAINS HIGHLY CONFIDENTIAL PROFESSIONALS' EYES ONLY
TREAT SUBJECT TO PROTECTIVE ORDER

Exhibit 21

of a wasting nature shall be deemed to be an authorized investment of trust monies.

(d)    The trustees shall have power to make any such investment as is mentioned in (b) and (c) of this paragraph notwithstanding that the making thereof may affect or alter inter se the interests of the persons respectively interested in capital and income hereunder.

(e)    The trustees shall have power to apply any monies forming part of the capital or income of the Trust Fund in the purchase or subscription of partly-paid shares and shall have power to pay up such shares at such times and in such manner as they shall in their absolute discretion determine.

(f)    The trustees shall be under no duty to diversify investments.

ADDGO
23 Dec 1994

Subject to the prior written consent of the Protectors

(g)    The trustees may invest the whole or any part of the capital or income of the Trust Fund in acquiring and paying premiums on any policy of assurance upon the life or lives of any person or persons other than the Settlor or the Settlor's spouse (except policies of insurance irrevocably payable for a purpose specified in Section 170(c) of the United States Internal Revenue Code of 1986 as amended) whether such policies be term, whole life or endowment or policies to cover death within any term (howsoever short) or policies restricted to death by accident, upon any terms and conditions as the trustees shall think fit.  The trustees shall have all the powers of an absolute beneficial owner as respects any policy forming part of the Trust Fund, including the power to exercise any option afforded by such policy or to sell or realize any such policy or to convert the

22

OUTSIDE PROFESSIONALS' EYES ONLY—SUBJECT TO PROTECTIVE ORDER

MSF00008564

UNREDACTED - CONTAINS INFORMATION SUBJECT TO PROTECTIVE ORDER
TREAT SUBJECT TO PROTECTIVE ORDER

same into a fully paid up policy or into any other form of assurance.

(h)  The trustees shall have power to leave any assets subject to any of the trusts of this Settlement in the state of investment in which they may be from time to time.

(i)  The trustees shall have power at any time to form a company or companies in any part of the world and may at their discretion transfer to that company or companies all or any part of the capital or income of the Trust Fund whether by way of subscription, loan (at or free of interest and whether secured or unsecured) or otherwise and the costs and expenses of forming such a company shall be a charge on the Trust Fund.

TRUSTEES NOT BOUND TO INTERFERE<br>IN BUSINESS OF COMPANY IN WHICH TRUST INTERESTED

3.  The trustees shall not be bound or required to interfere in the management or conduct of the business of any company wherever resident or incorporated in which the Trust shall be interested although holding the whole or a majority of the shares carrying the control of the company.  So long as the trustees shall have no actual notice of any act of dishonesty or misappropriation of monies on the part of the directors having the management of such company, the trustees may leave the conduct of its business (including the payment or non-payment of dividends) wholly to such directors.  No Beneficiary hereunder shall be entitled to require the distribution of any dividend by any company wherever incorporated or resident in which the Trust may be interested or require the trustees to exercise any powers they may have of compelling any such distribution.

23

PUBLICLY FILED PER STIPULATION [ECF 21
OUTSIDE PROFESSIONALS' EYES ONLY—SUBJECT TO PROTECTIVE ORDER       MSF00008565

UNREDACTED CONTAINS CONFIDENTIAL BUSINESS INFORMATION
TREAT SUBJECT TO PROTECTIVE ORDER

## POWER TO EMPLOY INVESTMENT ADVISER OR MANAGER

5.    Subject to the limitations in Clause 9 of this settlement, the
trustees may from time to time employ and pay, on such terms
as they may think fit, any person, firm or company in any part
of the world, whether or not associated or connected in any
way with the trustees as:

*Added 23 Dec 1994*

*└ save that if such an investment adviser is associated or connected with the Trustees in a business capacity then the prior written consent of the Protector shall be obtained, as:-*

(a)    an investment adviser for the purpose of advising them
as to the investment policy to be followed in the
administration of the Trust Fund, and if and so far as
the trustees follow the advice proffered by such
investment adviser, they shall not be responsible for
the success or failure of the policy so pursued; or

(b)    an investment manager for the purpose of managing the
investment of the Trust Fund on a fully discretionary
basis or such other terms as the trustees shall
determine.

In determining the payment to be made to such investment
adviser or manager, the trustees may authorize such investment
adviser or manager to retain any commissions customarily
payable to such investment adviser or manager in relation to
any transaction with or concerning the Trust Fund.

## NOMINEES AND CUSTODIANS

6.    The trustees may permit any property to be and remain
deposited with some or one of the trustees or with any other
person in any part of the world, and may permit any such
property to be invested in the name of any person in any part
of the world instead of in the names of the trustees.

24

OUTSIDE PROFESSIONALS' EYES ONLY—SUBJECT TO PROTECTIVE ORDER          MSF00008566

UNREDACTED – CONTAINS INFORMATION DESIGNATED CONFIDENTIAL – TREAT SUBJECT TO PROTECTIVE ORDER

## POWER TO MAKE LOANS TO BENEFICIARIES

7.    The trustees shall have the power:

(a)    to lend the whole or any part of the Trust Fund to any beneficiary upon such terms as to repayment and interest or interest free and whether with or without security as the trustees may in their discretion think fit, provided that no loan shall be made on terms that repayment shall be postponed beyond the Trust Period; and

(b)    to forgive or release any debt in whole or in part owing to the trustees by any beneficiary whether during the life of any such beneficiary or after his or her death.

## POWER TO BORROW MONEY

8.    The trustees may at any time and from time to time borrow money and, if on the security of the Trust Fund may charge any part of the capital or income (including any future income) of the Trust Fund with the repayment of any monies so borrowed. The trustees may pay or apply the money so raised in any manner in which money forming part of the capital of the Trust Fund may be paid or applied.  The trustees shall have power to enter into any joint borrowing arrangements with any person, whether or not involving joint or several liability.  No purchaser, lender or other person paying or advancing money on a sale, mortgage, charge or other transaction made by the trustees shall be concerned to see that the money is wanted or that no more than is wanted is raised or otherwise as to the propriety of the transaction or the application of the money.

## POWER TO PERMIT OCCUPATION OF PROPERTY BY BENEFICIARIES

9.    The trustees shall have power to permit any beneficiary to

25

PUBLICLY FILED PER STIPULATION [ECF 21

OUTSIDE PROFESSIONALS' EYES ONLY—SUBJECT TO PROTECTIVE ORDER

UNREDACTED—CONTAINS CONFIDENTIAL BUSINESS AND PERSONAL INFORMATION—
TREAT SUBJECT TO PROTECTIVE ORDER

reside in any dwelling-house, occupy any land or have the custody and use of any moveable property which may be subject to the trusts hereof, upon such conditions as to payment of rent rates, taxes and other expenses and outgoings and as to insurance, repair and decoration and for such period and generally upon such terms as the trustees in their discretion shall think fit.

### POWER TO PAY DUTIES AND TAXES

10. In the event of any probate, succession, estate, duty, capital, or transfer tax, inheritance tax, capital gains tax, income tax or interest thereon or other duties, fees, taxes or penalties whatsoever becoming payable in the Island of Jersey or elsewhere in respect of the Trust Fund, the trustees shall have power to pay all such duties, fees or taxes out of the Trust Fund or the income thereof and shall have entire discretion as to the time and manner in which the said duties, fees or taxes shall be paid. The trustees may pay such duties, fees or taxes notwithstanding that the same shall not be recoverable from the trustees or the beneficiaries or other interested persons or that the payment shall not be to the advantage of any beneficiary or other interested person.

### POWER TO APPORTION BETWEEN INCOME AND CAPITAL

11. The trustees shall have power to treat as income or as capital any dividends, stock dividends, rights, interest, rents, issues and profits derived from any property at any time constituting the whole or any part of the Trust Fund; to determine what part of the receipts of the Trust is income and what is capital, whether or not such property is wasting, hazardous or unproductive or was purchased at a premium or discount and notwithstanding the time when such dividends, stock dividends, rights, interest, rents, issues or profits

26

PUBLICLY FILED PER STIPULATION [ECF 21
MSF00008568

UNREDACTED VERSION CONTAINS INFORMATION DESIGNATED HIGHLY CONFIDENTIAL
TREAT SUBJECT TO STIPULATION AND PROTECTIVE ORDER

were earned, accrued, declared or paid; to make such reserves out of the income or capital as the trustees deem proper for expenses, taxes and other liabilities of the Trust; to pay from income or from capital or to apportion between income and capital any expenses of making or changing investments and of selling, exchanging or leasing, including brokers' commissions and charges; to determine what part of the expenses of the Trust shall be charged to capital and what part to income; and to determine as between separate funds and separate parts of shares, the allocation of income, gains, profits, losses and distributions.   Any decisions of the trustees under this Regulation whether made in writing or implied from their acts shall so far as the law may permit be conclusive and binding on the beneficiaries and all persons actually or prospectively interested under this Settlement.

### POWER TO APPROPRIATE

12.   The trustees shall have power to appropriate the Trust Fund or any part thereof towards satisfaction of the interest of a beneficiary in such manner and in accordance with such valuation as they think fit and without the consent of any beneficiary hereunder being required for any such appropriation.

### POWER TO ENGAGE IN TRADE

13.   The trustees shall have power to engage in any trade or venture whether solely or jointly or in partnership with any other person.   Trustees may make such arrangements in connection therewith as they think fit, and may delegate any exercise of this power to any one or more of their number or to a company or partnership formed for this purpose.   The persons carrying on any trade or venture authorized by this Regulation shall have power to determine what are the

27

OUTSIDE PROFESSIONALS' EYES ONLY—SUBJECT TO PROTECTIVE ORDER          MSF00008569

UNREDACTED VERSION CONTAINS UNNECESS... TREAT SUBJECT TO PROTECTIVE ORDER

distributable profits thereof, and so much of the
distributable profits as accrue to the trustees (and no more)
shall be income of the Trust Fund for the purposes of this
Settlement. Any power vested in the trustees under this
Settlement shall (where applicable) extend to any arrangements
in connection with any such venture or partnership including,
but not limited to, the trustees' powers of borrowing and
charging, which shall extend to any borrowing arrangements
made in connection with such venture or partnership as
aforesaid, whether made severally or jointly with others or
with unequal liability.

### POWER TO TAKE COUNSEL'S OPINION

14. The trustees may obtain and rely upon the opinion of legal
counsel concerning any issue arising under this Settlement or
any matter in any way relating to the Settlement or to their
duties in connection with the trusts of the Settlement. To
the extent that the trustees act in accordance with the
opinion of such counsel, the trustees shall not be liable for
any loss to the Trust Fund which may result.

### POWER TO GUARANTEE DEBTS

15. The trustees may in their discretion and on such terms as they
deem fit, apply all or any part of the capital or income of
the Trust Fund to pay money owed by a beneficiary or a company
owned by a beneficiary or perform any obligations of any
beneficiary or any company owned by a beneficiary and give any
guarantee for any beneficiary or any company owned by a
beneficiary. For these purposes, the trustees may mortgage or
charge any property of the Trust Fund or deposit or transfer
any such property with or to any person, firm or company by
way of security. A company shall be deemed owned by a
beneficiary if such beneficiary directly or indirectly owns

28

OUTSIDE PROFESSIONALS' EYES ONLY—SUBJECT TO PROTECTIVE ORDER          MSF00008570

UNREDACTED CONTAINS INFORMATION DESIGNATED CONFIDENTIAL
TREAT SUBJECT TO PROTECTIVE ORDER

all of the stock of such company.

## POWER TO GIVE INDEMNITIES

16.   The trustees may enter into any indemnity in favour of any
      former trustee or any other person in respect of any estate
      duty, tax or fiscal imposition or other liability of any
      nature prospectively payable in respect of the Trust Fund or
      otherwise in connection with this Settlement, and to charge or
      deposit the whole or any part of the Trust Fund as security
      for such indemnity in such manner in all respects as they
      shall think fit.

## POWER TO HAVE ACCOUNTS AUDITED

17.   The trustees may cause the accounts kept by them hereunder
      to be examined or audited by such person or persons as they
      shall designate and may pay the costs of such examination or
      audit out of the capital or income of the Trust Fund.

## POWERS AS TO LAND

18.   Where the Trust Fund for the time being includes any real or
      immovable property situate outside the Island of Jersey (in
      this paragraph referred to as "the said land"), the trustees
      shall have all the powers of an absolute beneficial owner in
      respect thereof including but not limited to the following:

      (a)   The trustees shall not be bound to see nor be liable or
            accountable for omitting or neglecting to see to the
            repair or insurance of any building on the said land or
            to the payment of any outgoings in respect thereof, but

            may repair and insure any such buildings in such manner
            and to such extent as they shall think fit, and pay out

PUBLICLY FILED PER STIPULATION [ECF 21

OUTSIDE PROFESSIONALS' EYES ONLY—SUBJECT TO PROTECTIVE ORDER                    MSF00008571

UNREDACTED CONTAINS HIGHLY CONFIDENTIAL INFORMATION
TREAT SUBJECT TO PROTECTIVE ORDER

of the capital or income of the Trust Fund the costs of all such repairs and of effecting and keeping up any such insurance, and any such outgoings as aforesaid in priority to any other trusts affecting the same capital or income.

(b)     The trustees may from time to time expend capital money comprised in the Trust Fund in erecting, demolishing and rebuilding and making alterations and improvements to any buildings on the said land or any part thereof to such extent and in such manner as they shall think fit and any certificate in writing of any architect or surveyor employed by the trustees to the effect that any work specified in such certificate is or includes an alteration or an improvement to any such building shall be conclusive as between the trustees and all persons interested hereunder that any capital money expended on such work was properly so expended in exercise of this power.

(c)     In the management or administration of the said land the trustees may effect or concur in effecting any sale, lease, mortgage, charge, release, purchase, investment, acquisition, expenditure or other disposition, contract or transaction whatever which a person beneficially entitled would have had power to effect or concur in effecting to the intent that the trustees shall in relation to the said land have all the powers of a beneficial owner.

<u>POWER TO EXERCISE VOTING RIGHTS</u>

19.  (a)     The trustees may exercise all voting rights appertaining to any investment forming part of the Trust Fund in as full, free and absolute manner as if they were absolute

PUBLICLY FILED PER STIPULATION [ECF 21

OUTSIDE PROFESSIONALS' EYES ONLY—SUBJECT TO PROTECTIVE ORDER          MSF00008572

UNREDACTED - CONTAINS INFORMATION SUBJECT TO SEAL/HIGHLY
TREAT SUBJECT TO PROTECTIVE ORDER

owners of such investments, provided that in the exercise of the powers conferred on them by this clause, the trustees shall not incur any liability or responsibility by reason of any error of law or mistake of fact made in good faith.

(b)    In this clause the expression "voting rights" shall include not only a vote at a meeting but also any consent to or approval of any arrangement, scheme or resolution, or any alteration or abandonment of any rights attaching to any security, and the right to requisition or join in a requisition to convene any meeting or to give notice of any resolution or to circulate any statement.

## POWER TO DEAL WITH OTHER TRUSTS

20.    The trustees in execution of any of the trusts hereof or in exercise of any of the powers hereby or by law given to them may sell, lend or buy any property, borrow property from, or carry out any other transaction with the trustees of any other trust or the executors or administrators of any estate notwithstanding that the trustees or any of them are or is the same persons or person as those trustees, executors or administrators or any of them and where the trustees are the same persons as those trustees executors or administrators the transaction shall be binding on all persons then or thereafter interested hereunder though effected and evidenced only by an entry in the accounts of the trustees.

31

PUBLICLY FILED PER STIPULATION [ECF 21

OUTSIDE PROFESSIONALS' EYES ONLY—SUBJECT TO PROTECTIVE ORDER
MSF00008573

UNREDACTED — CONTAINS INFORMATION DESIGNATED AS HIGHLY CONFIDENTIAL —
TREAT SUBJECT TO THE PROTECTIVE ORDER

THE SECOND SCHEDULE HEREINBEFORE REFERRED TO:
(Initial Property)


U.S. $10.00 (TEN DOLLARS)

PUBLICLY FILED PER STIPULATION [ECF 21

OUTSIDE PROFESSIONALS' EYES ONLY—SUBJECT TO PROTECTIVE ORDER

MSF00008574

UNREDACTED CONTAINS HIGHLY SENSITIVE INFORMATION
TREAT SUBJECT TO PROTECTIVE ORDER

THE THIRD SCHEDULE hereinbefore referred to:
(Appointment of New or Additional Trustees)

1.    The Protectors
2.    The surviving or continuing trustee or trustees
3.    The last person to act as trustee

33

PUBLICLY FILED PER STIPULATION [ECF 21

OUTSIDE PROFESSIONALS' EYES ONLY—SUBJECT TO PROTECTIVE ORDER                    MSF00008575

UNREDACTED CONTAINS HIGHLY CONFIDENTIAL PROCESS MATERIAL SUBJECT TO COURT ORDER
TREAT SUBJECT TO HIGHLY PROTECTIVE ORDER

THE FOURTH SCHEDULE hereinbefore referred to:

(Appointment of New Protectors)


1.    The surviving or continuing Protector or Protectors

2.    The last person to act as Protector

3.    ~~The trustees~~

The Chairman for the time being of the personal law section of Morgan, Lewis and Bockius or, if there is no such person, the Senior Partner of the Trust and Estate Department as it is now known and by whatever name it becomes known of Chadbourne & Parke, New York.

ADDED
23 DEC 94

PUBLICLY FILED PER STIPULATION [ECF 21

OUTSIDE PROFESSIONALS' EYES ONLY—SUBJECT TO PROTECTIVE ORDER

MSF00008576

UNREDACTED — CONTAINS INFORMATION DESIGNATED BY NON-PARTY TO
TREAT SUBJECT TO THE PROTECTIVE ORDER

THE FIFTH SCHEDULE hereinbefore referred to:
(Consent of Protectors)


Clause 7          Power to Change Proper Law of this Settlement

Clause 11         Delegation of powers

Clause 22         Amendment

Regulation 2(g)   Power to invest in life Insurance
Regulation 5      Power to employ investment adviser or manager

Regulation 7      Power to make loans to beneficiaries

Regulation 10     Power to pay duties and taxes

Regulation 15     Power to guarantee debts

Regulation 16     Power to give indemnities

ADDED 23 Dec 94

35

PUBLICLY FILED PER STIPULATION [ECF 21

OUTSIDE PROFESSIONALS' EYES ONLY—SUBJECT TO PROTECTIVE ORDER      MSF00008577

UNREDACTED—CONTAINS PROFESSIONALS' EYES ONLY—TREAT SUBJECT TO PROTECTIVE ORDER

THE SIXTH SCHEDULE hereinbefore referred to:
(Consent of Special Trustee)


Clause 4                Any  discretionary  distributions  under  Clause
                        4(a) and 4(b), including distributions that may
                        be  made  in  the  trustee's  discretion  for  the
                        health,  support,  maintenance  and  education  of
                        the Settlor's descendants.

36

PUBLICLY FILED PER STIPULATION [ECF 21

OUTSIDE PROFESSIONALS' EYES ONLY—SUBJECT TO PROTECTIVE ORDER                    MSF00008578

UNREDACTED CONTAINS PROFESSIONALS' EYES ONLY INFORMATION
TREAT SUBJECT TO PROTECTIVE ORDER

## THE SEVENTH SCHEDULE hereinbefore referred to:
## (Charitable beneficiaries)

The Ashmolean Museum

Columbia University

Dalton School

The Fulbright Foundation for Education and Cultural Exchange Inc

The Guggenheim Museum

Harvard University

New York University

King's College Hospital

King's College School of Medicine and Dentistry

The Metropolitan Museum of Art

The Dr Mortimer and Theresa Sackler Foundation, London

The National Gallery

The National Maritime Museum, Greenwich

New York University

Phillips Exeter

The Royal Marsden Hospital

The Royal Opera House

The Sackler-Lefcourt Centre for Child Development, Inc

The Sackler School of Medicine, New York

Tufts University

Tel Aviv University

The Tate Gallery

University of Bristol Medical School

Westminster Abbey Trust

Yale University

PROVIDED THAT, notwithstanding its inclusion in the above list, no organisation of which the Settlor has been a director or officer at any time during his lifetime shall be capable of being a beneficiary hereof or of receiving any capital or income from the Trust Fund of this Settlement.

37

OUTSIDE PROFESSIONALS' EYES ONLY—SUBJECT TO PROTECTIVE ORDER    MSF00008579

UNREDACTED CONTAINS HIGHLY CONFIDENTIAL INFORMATION—
TREAT SUBJECT TO PROTECTIVE ORDER

THE EIGHTH SCHEDULE hereinbefore referred to:

(Appointment of New Special Trustee)


1.    The last surviving or continuing Special Trustee or Special
      Trustees.


2.    The last person to act as Special Trustee.


3.    The Protectors.


4.    The Trustees. The Head for the time being g the personal law section g Morgan, Lewis & Borkeins or g there is no such pency, the Senior Partner g the Tresh and States Department as if is now known and by whatever name it becomes known, g Chadbarne & Parke, New York

ADDED
23 DEC 94

SIGNED by the said
MORTIMER D SACKLER
in the presence of:

*[signature]*
31 Decembre 93
Gstaad.
MICHEL THANDROYEN

*[signature: Mortimer D Sackler]*
31 December 1993
Gstaad


The COMMON SEAL of
REIGO TRUSTEE LIMITED
was hereunto affixed
in the presence of:

*[signature]*
DIRECTOR

*[signature]*

38

PUBLICLY FILED PER STIPULATION [ECF 21

OUTSIDE PROFESSIONALS' EYES ONLY—SUBJECT TO PROTECTIVE ORDER          MSF00008580