AKIN GUMP STRAUSS HAUER & FELD LLP
Ira Dizengoff
Arik Preis
Mitchell Hurley
Joseph L. Sorkin
Sara L. Brauner
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002

*Counsel to the Official Committee of Unsecured
Creditors of Purdue Pharma L.P.,* et al.

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PURDUE PHARMA L.P., *et al.*, | ) | Case No. 19-23649 (RDD) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' NOTICE OF FILING OF
SECOND SET OF UNREDACTED EXHIBITS TO THE *DECLARATION OF ARIK
PREIS DATED NOVEMBER 18, 2020* [ECF NO. 2015]**

Pursuant to the *Stipulation of Settlement and Agreed Order Regarding Media Intervenors'*

*Motion to Unseal Materials Filed in Connection with UCC Privileges Motions* [ECF No. 2140]

(the "Stipulation"), the Official Committee of Unsecured Creditors (the "Official Committee")

appointed in the chapter 11 cases of the above-captioned debtors and debtors in possession

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014).

(collectively, the "Debtors") hereby files the second set of unredacted exhibits that were submitted in connection with the *Declaration of Arik Preis dated November 18, 2020* [ECF No. 2015] (the "Preis Declaration") in support of the *Official Committee of Unsecured Creditors' Reply in Support of Its Motion to Compel Production of Purportedly Privileged Documents, Or For In Camera Review, Based on Failure of the Sacklers to Demonstrate Documents Identified on Logs Are Privileged* [ECF No. 2013] and the *Official Committee of Unsecured Creditors' Reply in Support of Its Motion to Compel Production of Purportedly Privileged Documents, Or For In Camera Review, Based On Good Cause, Crime Fraud, and At Issue Exceptions To Claims of Privilege* [ECF No. 2014].

Pursuant to paragraph 2 of the Stipulation, the Official Committee hereby files unredacted copies of exhibits 210-214 to the Preis Declaration.

On December 18, 2020, the Official Committee filed the *Official Committee of Unsecured Creditors' Notice of Filing of First Set of Unredacted or Partially Redacted Exhibits to the Declaration of Arik Preis Dated November 18, 2020* [ECF No. 2169].

The remaining exhibits to the Preis Declaration will be filed according to the schedule set forth in the Stipulation.

The Official Committee reserves all rights to contest any redactions in accordance with the Stipulation.

*[The remainder of this page has been left blank intentionally.]*

Dated: New York, New York
December 21, 2020

AKIN GUMP STRAUSS HAUER & FELD LLP

By: */s/ Mitchell Hurley*
     Ira Dizengoff
     Arik Preis
     Mitchell Hurley
     Joseph L. Sorkin
     Sara L. Brauner
     One Bryant Park
     New York, New York 10036
     Telephone: (212) 872-1000
     Facsimile: (212) 872-1002
     idizengoff@akingump.com
     apreis@akingump.com
     mhurley@akingump.com
     jsorkin@akingump.com
     sbrauner@akingump.com

     *Counsel to the Official Committee of*
     *Unsecured Creditors Purdue Pharma L.P.,* et al.

REDACTED

AKIN GUMP STRAUSS HAUER & FELD LLP
Ira S. Dizengoff
Arik Preis
Mitchell Hurley
Joseph L. Sorkin
Sara L. Brauner
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002

*Counsel to the Official Committee of Unsecured
Creditors of Purdue Pharma L.P.,* et al.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PURDUE PHARMA L.P., *et al.*,[1] | ) | Case No. 19-23649 (RDD) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**<u>DECLARATION OF ARIK PREIS DATED NOVEMBER 18, 2020</u>**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

PUBLICLY FILED PER STIPULATION [ECF 2140]

REDACTED

Under 28 U.S.C. § 1746, I, Arik Preis,[2] declare under the penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1.      This declaration ("**Declaration**") is submitted in support of the Official Committee of Unsecured Creditors of Purdue Pharma, L.P. et al.'s Motions (defined below) and two reply briefs filed contemporaneously with this Declaration entitled (1) Official Committee of Unsecured Creditors' Reply in Support of Its Motion to Compel Production of Purportedly Privileged Documents, or for *In Camera* Review, Based on Good Cause, Crime Fraud, and At Issue Exceptions to Claims of Privilege (the "**Exceptions Reply**")[3]; and (2) Official Committee of Unsecured Creditors' Reply in Support of Motion to Compel Production of Purportedly Privileged Documents, or for *In Camera* Review, Based on Failure of the Sacklers to Demonstrate Documents Identified on Logs are Privileged (the "**General Challenges Reply,**"[4] and, together with the Exceptions Reply, the "**Replies**").[5]

2.      I am an attorney in good standing admitted to practice in the State of New York, and I am a partner at the law firm of Akin Gump Strauss Hauer & Feld LLP ("**Akin Gump**").  I was admitted to the New York State Bar in 2001 and have been practicing law in the area of bankruptcy and financial restructuring since that time.  I make this Declaration based on my own personal knowledge and belief, and upon documents and information available to me as counsel to the Official Committee of Unsecured Creditors of Purdue Pharma, L.P. et al (the "**UCC**").

---

[2] My legal name is Erik Preis but for my entire life I have utilized the name Arik and not Erik.

[3] For the sake of clarity, the Exceptions Reply is submitted in support of the UCC's *Motion to Compel Production of Purportedly Privileged Documents, or for* In Camera *Review, Based on Good Cause, Crime Fraud, and At Issue Exceptions to Claims of Privilege* [ECF No. 1753] (the "**Exceptions Motion**").

[4] For the sake of clarity, the Challenges Reply is submitted in support of the UCC's *Motion to Compel Production of Purportedly Privileged Documents, or for In Camera Review, Based on Failure of the Sacklers and the Debtors to Demonstrate Documents Identified on Logs are Privileged* [ECF No. 1752] (the "**General Challenges Motion**").  The Exceptions Motion and General Challenges Motion are collectively referred to herein as the "**Motions**."

[5] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Replies, which the UCC has endeavored to use consistently with definitions used in the Motions.

2

REDACTED

3.      The UCC files its Replies in accordance with the briefing schedule provided in the

*Stipulation and Agreed Order Regarding Amended Briefing Schedule in the Chapter 11 Cases*,

executed by the Debtors, the Sacklers, the NCSG, the AHC, and the UCC, which was filed and so

ordered by the Court on October 26, 2020 [ECF No. 1848].  After filing its Motions, the UCC has

continued to meet and confer with counsel for the Side A and Side B Sacklers (collectively, the

"**Sacklers**") and the Debtors (collectively with the Sacklers, the "**Withholding Parties**") in a good

faith effort to resolve by agreement the issues raised by the Motions without the intervention of

the Court.  While the parties informally resolved some of the UCC's challenges, they could not

resolve all the issues as described in the Replies.

4.      This Declaration attaches and describes documents and testimony relied upon in

the Replies.  Certain exhibits attached hereto have been designated as Confidential, Highly

Confidential, Professional's Eyes Only, or Outside Professional's Eyes Only, by one or more

parties to this proceeding and are redacted pursuant to the *Third Amended Protective Order* entered

in these proceedings [ECF No. 1935].  The UCC also files certain correspondence with the

Withholding Parties under seal in an abundance of caution in order to accommodate certain

Withholding Parties' prior positions concerning the confidentiality of email address and other

information that may be contained therein.  By filing in this way, the UCC does not intend to

suggest that it agrees the information is or ought to be confidential.

5.      Attached hereto as **Exhibit A** is a true and correct copy of an excel workbook

containing the entries on Side A's privilege log that the UCC is challenging in the Motions and

Replies, separated by category based on the tabbed worksheets in the excel workbook.  For the

Exceptions Motion and Reply, the privilege entries are a non-exhaustive, illustrative list of the

Challenged Documents (as defined in the Exceptions Motion) that the UCC believes fit within the

PUBLICLY FILED PER STIPULATION [ECF 2140]

REDACTED

categories of privileged documents the UCC seeks to compel.  This Exhibit A is intended to supersede the Exhibit A attached to the Declaration of Mitchell Hurley Dated September 29, 2020, originally filed in support of the Motions.

6.      Attached hereto as **Exhibit B** is a true and correct copy of an excel workbook containing the entries on Side B's privilege log that the UCC is challenging in the Motions and Replies, separated by category based on the tabbed worksheets in the excel workbook.  For the Exceptions Motion and Reply, the privilege entries are a non-exhaustive, illustrative list of the Challenged Documents (as defined in the Exceptions Motion) that the UCC believes fit within the categories of privileged documents the UCC seeks to compel.  This Exhibit B is intended to supersede the Exhibit B attached to the Declaration of Mitchell Hurley Dated September 29, 2020, originally filed in support of the Motions.

7.      Attached hereto as **Exhibit C** is a list of document control numbers corresponding to certain Privilege Log entries for which the UCC requests *in camera* review.  The list is organized categorically and by Withholding Party.  The document control numbers in Exhibit C are presented as a limited sampling of materials that the UCC believes would enable the Court to make a reasoned determination whether further *in camera* review or other relief is appropriate respecting categories of documents identified in the General Challenges Reply.

8.      Attached hereto as **Exhibit 110** is a true and correct copy of a letter from Mitchell Hurley to Alexander Lees, dated September 25, 2020.

9.      Attached hereto as **Exhibit 111** is a true and correct copy of a letter from Mitchell Hurley to Alexander Lees, dated October 12, 2020.

10.      Attached hereto as **Exhibit 112** is a true and correct copy of a letter from Mitchell Hurley to Jasmine Ball, dated October 14, 2020.

PUBLICLY FILED PER STIPULATION [ECF 2140]

REDACTED

11.     Attached hereto as **Exhibit 113** is a true and correct copy of an email from Elizabeth Scott to Jasmine Ball, dated October 20, 2020.

12.     Attached hereto as **Exhibit 114** is a true and correct copy of an email from Elizabeth Scott to Jasmine Ball, dated October 23, 2020.

13.     Attached hereto as **Exhibit 115** is a true and correct copy of an email from Elizabeth Scott to Jasmine Ball, dated October 29, 2020.

14.     Attached hereto as **Exhibit 116** is a true and correct copy of a letter from Alexander Lees to Mitchell Hurley, dated September 28, 2020.

15.     Attached hereto as **Exhibit 117** is a true and correct copy of a letter from Alexander Lees to Mitchell Hurley, dated October 19, 2020.

16.     **Exhibit 118** to this Declaration has been intentionally omitted.

17.     **Exhibit 119** to this Declaration has been intentionally omitted.

18.     **Exhibit 120** to this Declaration has been intentionally omitted.

19.     **Exhibit 121** to this Declaration has been intentionally omitted.

20.     Attached hereto as **Exhibit 122** is a true and correct copy of an email from Stuart Baker dated November 1, 2018, which was produced to the UCC under the Bates number MSF00470861.

21.     Attached hereto as **Exhibit 123** is a true and correct copy of an email exchange between Mortimer Sackler and Antony Mattessich, dated April 24, 2017, which was produced to the UCC under the Bates number MSF00575712.

22.     Attached hereto as **Exhibit 124** is a true and correct copy of an email from Stuart Baker to Richard Sackler, dated November 22, 2013, which was produced to the UCC under the Bates number RSF_OLK00070002.

PUBLICLY FILED PER STIPULATION [ECF 2140]

REDACTED

23.     Attached hereto as **Exhibit 125** is a true and correct copy of a July 27, 2011 email from Cecil Pickett forwarding a Stuart Baker email with attachment titled "Proposed 2012 Calendar of Meetings and Board Calls," which was produced to the UCC under the Bates numbers PPLPUCC9002657293-94.

24.     Attached hereto as **Exhibit 126** is a true and correct copy of an email chain dated June 21, 2019, which was produced to the UCC under the Bates number MSF00997606.

25.     Attached hereto as **Exhibit 127** is a true and correct copy of an excel spreadsheet containing text messages including Dame Theresa Sackler and others, which was produced to the UCC under the Bates number MSF90089695.

26.     Attached hereto as **Exhibit 128** is a true and correct copy of an email from Paul Gallagher, Senior Managing Director at Teneo, dated May 20, 2019, which was produced to the UCC under the Bates number PPLPUCC002663187.

27.     Attached hereto as **Exhibit 129** is a true and correct copy of an email from Paul Gallagher, Senior Managing Director at Teneo, dated May 20, 2019, which was produced to the UCC under the Bates number PPLPUCC002664919.

28.     Attached hereto as **Exhibit 130** is a true and correct copy of an email from Mortimer Sackler dated May 21, 2019, which was produced to the UCC under the Bates number PPLPUCC002662986.

29.     **Exhibit 131** to this Declaration has been intentionally omitted.

30.     Attached hereto as **Exhibit 132** is a true and correct copy of an email from David Lundie to John Donovan, dated February 8, 2012, which was produced to the UCC under the Bates number PPLPC036000177151.

PUBLICLY FILED PER STIPULATION [ECF 2140]

REDACTED

31.     Attached hereto as **Exhibit 133** is a true and correct copy of a September 2010 email chain which was produced to the UCC under the Bates number PPLPUCC002449097.

32.     Attached hereto as **Exhibit 134** is a true and correct copy of an email from Michael Friedman dated March 5, 2006, which was produced to the UCC under the Bates number PPLPUCC002603602.

33.     Attached hereto as **Exhibit 135** is a true and correct copy of a February 15, 2011 email from Jonathan Sackler attaching Purdue board and management discussion materials, which was produced to the UCC under the Bates number PPLPUCC9003800123.

34.     Attached hereto as **Exhibit 136** is a true and correct copy of excerpts from the minutes of a March 4, 2003 meeting of the board of directors of Purdue Pharma Inc., which was produced to the UCC under the Bates number PPLPUCC500647319.

35.     Attached hereto as **Exhibit 137** is a true and correct copy of a May 5, 2017 email from Craig Landau attaching a Purdue diagnostic and forward plan, which was produced to the UCC under the Bates number PWG004670879.

36.     Attached hereto as **Exhibit 138** is a true and correct copy of a February 2007 email chain which was produced to the UCC under the Bates number PPLPC061000013858.

37.     Attached hereto as **Exhibit 139** is a true and correct copy of a March 2008 email chain which was produced to the UCC under the Bates number PPLPC012000174476.

38.     Attached hereto as **Exhibit 140** is a true and correct copy of an February 2012 email chain which was produced to the UCC under the Bates number PPLPUCC9002981007.

39.     Attached hereto as **Exhibit 141** is a true and correct copy of a November 2013 email chain which was produced to the UCC under the Bates number SideA00429689.

PUBLICLY FILED PER STIPULATION [ECF 2140]

REDACTED

40.     Attached hereto as **Exhibit 142** is a true and correct copy of a June 2015 email chain which was produced to the UCC under the Bates number PPLPUCC9004448656.

41.     Attached hereto as **Exhibit 143** is a true and correct copy of excerpts from a February 11, 2010 letter from Amy D'Agostino to Cecil Pickett attaching executed Director Agreements, which was produced to the UCC under the Bates number CP0000001.

42.     Attached hereto as **Exhibit 144** is a true and correct copy of Executive Committee Meeting Notes & Actions, dated September 21, 2011, which was produced to the UCC under the Bates number RSF_OLK00035017.

43.     Attached hereto as **Exhibit 145** is a true and correct copy of an April 2012 email chain, which was produced to the UCC under the Bates number PPLPC012000372585.

44.     Attached hereto as **Exhibit 146** is a true and correct copy of a September 11, 2013 memorandum from McKinsey to John Stewart and Russ Gasdia, which was produced to the UCC under the Bates number PPLPC012000441614.

45.     Attached hereto as **Exhibit 147** is a true and correct copy of an August 15, 2013 email from Richard Sackler, which was produced to the UCC under the Bates number PPLPUCC9002391802.

46.     Attached hereto as **Exhibit 148** is a true and correct copy of an email from Stuart Baker dated August 21, 2013, which was produced to the UCC under the Bates number PPLPC045000016165.

47.     Attached hereto as **Exhibit 149** is a true and correct copy of an April 6, 2014 email from Edward Mahony, which was produced to the UCC under the Bates number PPLPC012000471641.

PUBLICLY FILED PER STIPULATION [ECF 2140]

REDACTED

48.     Attached hereto as **Exhibit 150** is a true and correct copy of excerpts from a presentation titled: Changes in prescriptions of OxyContin and OPANA ER after introduction of tamper resistant formulations among potentially problematic and comparator prescribers, which was produced to the UCC under the Bates number PPLPC019000826509.

49.     Attached hereto as **Exhibit 151** is a true and correct copy of a May 21, 2007 email and attached May 2007 calendar printout, which was produced to the UCC under the Bates numbers PPLPUCC001531749-50.

50.     Attached hereto as **Exhibit 152** is a true and correct copy of excerpts from an August 2013 email from Donna Condon attaching an August 8, 2013 memorandum from McKinsey to John Stewart and Russ Gasdia, which was produced to the UCC under the Bates number MDSF00986947.

51.     Attached hereto as **Exhibit 153** is a true and correct copy of a June 2014 email chain, which was produced to the UCC under the Bates number PPLPC045000017003.

52.     Attached hereto as **Exhibit 154** is a true and correct copy of excerpts from a Purdue OxyContin Annual Marketing Plan, dated October 6, 2013, which was produced to the UCC under the Bates number PAK000062549.

53.     Attached hereto as **Exhibit 155** is a true and correct copy of excerpts from an August 15, 2013 Purdue board meeting agenda and attached August 8, 2013 memorandum from McKinsey which was produced to the UCC under the Bates number PPLP004409890.

54.     Attached hereto as **Exhibit 156** is a true and correct copy of an October 8, 2011 Google news alert, which was produced to the UCC under the Bates number RSF00683542.

55.     Attached hereto as **Exhibit 157** is a true and correct copy of a November 1, 2013 Google news alert, which was produced to the UCC under the Bates number RSF_OLK00008429.

PUBLICLY FILED PER STIPULATION [ECF 2140]

REDACTED

56. Attached hereto as **Exhibit 158** is a true and correct copy of an April 18, 2015 Google news alert, which was produced to the UCC under the Bates number MDSF00514742.

57. Attached hereto as **Exhibit 159** is a true and correct copy of a July 2016 email chain, which was produced to the UCC under the Bates number PWG004484978.

58. Attached hereto as **Exhibit 160** is a true and correct copy of a January-February 2008 email chain, which was produced to the UCC under the Bates number SideA00391976.

59. Attached hereto as **Exhibit 161** is a true and correct copy of a February 2008 email chain, which was produced to the UCC under the Bates number PPLPC042000011810.

60. Attached hereto as **Exhibit 162** is a true and correct copy of an October 2014 email chain, which was produced to the UCC under the Bates number PPLPUCC000335135.

61. Attached hereto as **Exhibit 163** is a true and correct copy of document titled "CEO Considerations," which was produced to the UCC under the Bates number PPLPUCC001662356.

62. Attached hereto as **Exhibit 164** is a true and correct copy of excerpts from a Dec. 6, 2019 "Presentation of Defenses ('Side A')," which was provided to the UCC by counsel for Side A.

63. Attached hereto as **Exhibit 165** is a true and correct copy of excerpts from an October 8, 2010 Purdue news summary, which was produced to the UCC under the Bates number PPLPC061000060749.

64. Attached hereto as **Exhibit 166** is a true and correct copy of an April 2012 email chain, which was produced to the UCC under the Bates number MARSH-PURDUE-001112.

65. Attached hereto as **Exhibit 167** is a true and correct copy of a May 11, 2012 email and attached presentation and timeline, which was produced to the UCC under the Bates number MARSH-PURDUE-001768.

PUBLICLY FILED PER STIPULATION [ECF 2140]

REDACTED

66.     Attached hereto as **Exhibit 168** is a true and correct copy of a May 2012 email chain, which was produced to the UCC under the Bates number MARSH-PURDUE-001777.

67.     Attached hereto as **Exhibit 169** is a true and correct copy of a July 2015 email chain, which was produced to the UCC under the Bates number MDSF00450185.

68.     Attached hereto as **Exhibit 170** is a true and correct copy of a June 2016 email chain, which was produced to the UCC under the Bates number MDSF00010697.

69.     Attached hereto as **Exhibit 171** is a true and correct copy of excerpts from a February 29, 2012 Purdue news summary, which was produced to the UCC under the Bates number IACS_ESI_0000490680.

70.     Attached hereto as **Exhibit 172** is a true and correct copy of an March 30, 2016 letter from Moody's Investor Services, which was produced to the UCC under the Bates number PPLPUCC003938943.

71.     Attached hereto as **Exhibit 173** is a true and correct copy of an April 7, 2016 letter from Standard & Poor's Ratings Services, which was produced to the UCC under the Bates number PPLPUCC500143127.

72.     Attached hereto as **Exhibit 174** is a true and correct copy of a document titled "Proposal Regarding Board Practices," which was produced to the UCC under the Bates number MSF00144650.

73.     Attached hereto as **Exhibit 175** is a true and correct copy of a July 16, 2017 email from Mortimer Sackler which was produced to the UCC under the Bates number SideA00229177.

74.     Attached hereto as **Exhibit 176** is a true and correct copy of a March 10, 2008 email from Richard Sackler which was produced to the UCC under the Bates number PPLPC023000164605.

PUBLICLY FILED PER STIPULATION [ECF 2140]

REDACTED

75.     Attached hereto as **Exhibit 177** is a true and correct copy of an April-May 2011 email chain which was produced to the UCC under the Bates number PPLPUCC9000363533.

76.     Attached hereto as **Exhibit 178** is a true and correct copy of *Purdue's Written Responses to 30(b)(6) Topics*, served in connection with *In re: National Prescription Opiate Litigation*, MDL No. 2804, in the United States District Court, Northern District of Ohio, which was produced to the UCC under the Bates number POK003735973.

77.     Attached hereto as **Exhibit 179** is a true and correct copy of a June 18, 2014 Purdue news summary, which was produced to the UCC under the Bates number POK003746339.

78.     Attached hereto as **Exhibit 180** is a true and correct copy of an April 12, 2012 OxyContin Market Events presentation, which was produced to the UCC under the Bates number PPLPC012000372437.

79.     Attached hereto as **Exhibit 181** is a true and correct copy of excerpts from an August 13, 2014 presentation from JP Morgan, which was produced to the UCC under the Bates number PPLPUCC000281516.

80.     Attached hereto as **Exhibit 182** is a true and correct copy of the Purdue plea agreement with the United States dated October 20, 2020 and filed in these proceedings at EFC No. 1828-2.

81.     Attached hereto as **Exhibit 183** is a true and correct copy of excerpts from a notification of patent decision in *In re Oxycotin Antitrust Litig.*, No. 1:06-cv-13095-SHS (S.D.N.Y. Jan. 7, 2008), which was produced to the UCC under the Bates number PURCHI-000834581.

82.     Attached hereto as **Exhibit 184** is a true and correct copy of an August 17, 2020 letter to Mitchell Hurley.

PUBLICLY FILED PER STIPULATION [ECF 2140]

REDACTED

83.     Attached hereto as **Exhibit 185** is a true and correct copy of excerpts from the audited combined financial statements of Purdue for years ended December 31, 2007 and 2006, which was produced to the UCC under the Bates number PPLPUCC500056846.

84.     Attached hereto as **Exhibit 186** is a true and correct copy of a May 1999 email chain, which was produced to the UCC under the Bates number PPLPUCC000004987.

85.     Attached hereto as **Exhibit 187** is a true and correct copy of a March 2007 email chain, which was produced to the UCC under the Bates number PPLPUCC004057767.

86.     Attached hereto as **Exhibit 188a** is a true and correct copy of privilege slip sheet, which was produced to the UCC under the Bates number PPLPC051000035807, and is identified in metadata as the parent document of PPLPC051000035808 (Ex. 188b to this Declaration).

87.     Attached hereto as **Exhibit 188b** is a true and correct copy of a 2006 Comment published in Northwestern University Law Review titled: "West Virginia's Painful Settlement: How the OxyContin Phenomenon and Unconventional Theories of Tort Liability May Make Pharmaceutical Companies Liable for Black Markets," which was produced to the UCC under the Bates number PPLPC051000035808.

88.     Attached hereto as **Exhibit 189** is a true and correct copy of a Purdue News Summary circulated on June 20, 2014, which was produced to the UCC under the Bates number PAZ000115626.

89.     Attached hereto as **Exhibit 190** is a true and correct copy of a June 2014 email chain, which was produced to the UCC under the Bates number PPLPC045000017003.

90.     Attached hereto as **Exhibit 191** is a true and correct copy of excerpts from the audited combined financial statements of Purdue for years ended December 31, 2008 and 2007, which was produced to the UCC under the Bates number PPLPUCC500056885.

PUBLICLY FILED PER STIPULATION [ECF 2140]

REDACTED

91.    Attached hereto as **Exhibit 192** is a true and correct copy of a May 2012 email chain, which was produced to the UCC under the Bates number MARSH-PURDUE-001863.

92.    Attached hereto as **Exhibit 193** is a true and correct copy of a April 2012 email chain, which was produced to the UCC under the Bates number MARSH-PURDUE-001114.

93.    Attached hereto as **Exhibit 194** is a true and correct copy of a May 2012 email chain, which was produced to the UCC under the Bates number MARSH-PURDUE-001804.

94.    Attached hereto as **Exhibit 195** is a true and correct copy of excerpts from a privilege log dated March 5, 2019, produced by the Debtors in connection with MDL litigation, and provided to the UCC in connection with these proceedings.

95.    Attached hereto as **Exhibit 196** is a true and correct copy of a November 2020 email chain between counsel for Norton Rose Fulbright, the UCC, and the Debtors, among others.

96.    Attached hereto as **Exhibit 197** is a true and correct copy of a November 8, 2020 email from Katherine Porter to counsel for the Debtors concerning deposition scheduling.

97.    Attached hereto as **Exhibit 198** is a true and correct copy of a November 15, 2020 email from Katherine Porter attaching the current deposition schedule in these proceedings.

98.    Attached hereto as **Exhibit 199** of  State Settlement Agreement and Release dated July 17, 2007, and entered into by the State of Washington and The Purdue Frederick Company, Inc. and Purdue Pharma L.P., which was produced to the UCC under the Bates number PPLPC030000403213.

99.    Attached hereto as **Exhibit 200** is a true and correct copy of the online curriculum vitae of Norton Rose Fulbright attorney Donald Strauber, which was obtained on November 17, 2020, at https://www.nortonrosefulbright.com/en-us/people/1016474.

PUBLICLY FILED PER STIPULATION [ECF 2140]

REDACTED

100.    Attached hereto as **Exhibit 201** is a true and correct copy of the affidavit of Edward B. Mahony, dated February 4, 2014, and submitted in connection with the lawsuit styled *Purdue Pharma L.P. v. Combs*, Case No. 2013-CA-001941, in the Commonwealth of Kentucky Court of Appeals.

101.    Attached hereto as **Exhibit 202** is a true and correct copy of the following journal article: Ryan N. Hansen, et al., Economic Costs of Nonmedical Use of Prescription Opioids, 27 CLINICAL J. OF PAIN 194 (2011).

102.    Attached hereto as **Exhibit 203** is a true and correct copy of excerpts from the audited combined financial statements of Purdue for years ended December 31, 2009 and 2008, which was produced to the UCC under the Bates number PPLPUCC500056924.

103.    Attached hereto as **Exhibit 204** is a true and correct copy of a December 24, 2010 email to Richard Sackler titled "What's new for 'oxycontin' in PubMed," which was produced to the UCC under the Bates number RSF_OLK00055037.

104.    Attached hereto as **Exhibit 205** is a true and correct copy of excerpts from the audited combined financial statements of Purdue for years ended December 31, 2010 and 2009, which was produced to the UCC under the Bates number PPLPUCC500056963.

105.    Attached hereto as **Exhibit 206** is a true and correct copy of an October 2014 email chain, which was produced to the UCC under the Bates number PPLPC045000017072.

106.    Attached hereto as **Exhibit 207** is a true and correct copy of an email from Howard Udel forwarding a March 10, 2008 article titled: "Anatomy Of A Patent Dispute: Purdue Pharma's OxyContin Battle," which was produced to the UCC under the Bates number MSF01116645.

107.    Attached hereto as **Exhibit 208** is a true and correct copy of an excerpt from a distributions summary spreadsheet provided by Side A to the UCC.

PUBLICLY FILED PER STIPULATION [ECF 2140]

REDACTED

108.    Attached hereto as **Exhibit 209** is a true and correct copy of a March 2007 email chain, which was produced to the UCC under the Bates number PPLPUCC9004824942.

109.    Attached hereto as **Exhibit 210** is a true and correct copy of an annual report review letter to Purdue from the Office of Inspector General, U.S. Department of Health & Human Services, dated May 6, 2009, which was produced to the UCC under the Bates number PNY000127987.

110.    Attached hereto as **Exhibit 211** is a true and correct copy of an annual report review letter to Purdue from the Office of Inspector General, U.S. Department of Health & Human Services, dated April 1, 2010, which was produced to the UCC under the Bates number PPLP004250164.

111.    Attached hereto as **Exhibit 212** is a true and correct copy of an annual report review letter to Purdue from the Office of Inspector General, U.S. Department of Health & Human Services to Purdue, dated January 28, 2011, which was produced to the UCC under the Bates number PPLPUCC001877705.

112.    Attached hereto as **Exhibit 213** is a true and correct copy of an annual report review letter to Purdue from the Office of Inspector General, U.S. Department of Health & Human Services to Purdue, dated March 8, 2012, which was produced to the UCC under the Bates number PPLPUCC001884369.

113.    Attached hereto as **Exhibit 214** is a true and correct copy of an annual report review letter to Purdue from the Office of Inspector General, U.S. Department of Health & Human Services to Purdue, dated January 24, 2013, which was produced to the UCC under the Bates number PPLP004427723.

PUBLICLY FILED PER STIPULATION [ECF 2140]

REDACTED

114.　Attached hereto as **Exhibit 215** is a true and correct copy of an August 2014 email chain, which was produced to the UCC under the Bates number PPLPUCC9004797180.

115.　Attached hereto as **Exhibit 216** is a true and correct copy of the September 3, 2019 Amendment to the Shareholders' Agreement executed between Purdue Pharma Inc. and certain PPI Shareholders, which was provided to the UCC by the Debtors.

116.　Attached hereto as **Exhibit 217** is a true and correct copy of hearing transcript excerpts from the Nov. 19, 2019 hearing in this matter.

117.　Attached hereto as **Exhibit 218** is a true and correct copy of deposition transcript excerpts from the October 30, 2020 deposition of Cecil Pickett, Ph.D.

118.　Attached hereto as **Exhibit 219** is a true and correct copy of deposition transcript excerpts from the November 4, 2020 deposition of Stuart Baker.

119.　Attached hereto as **Exhibit 220** is a true and correct copy of deposition transcript excerpts from the September 22, 2020 deposition of Stephen Ives.

120.　Attached hereto as **Exhibit 221** is a true and correct copy of deposition transcript excerpts from the August 28, 2020 deposition of David Sackler.

121.　Attached hereto as **Exhibit 222** is a true and correct copy of deposition transcript excerpts from the September 2, 2020 deposition of Marianna Sackler.

122.　Attached hereto as **Exhibit 223** is a true and correct copy of deposition transcript excerpts from the November 5, 2020 deposition of Kathe Sackler.

123.　Attached hereto as **Exhibit 224** is a true and correct copy of deposition transcript excerpts from the October 27, 2020 deposition of John Stewart.

124.　Attached hereto as **Exhibit 225** is a true and correct copy of deposition transcript excerpts from the October 30, 2020 deposition of Mark Timney.

PUBLICLY FILED PER STIPULATION [ECF 2140]

REDACTED

125.    Attached hereto as **Exhibit 226** is a true and correct copy of deposition transcript excerpts from the November 10, 2020 deposition of Mortimer D.A. Sackler.

126.    Attached hereto as **Exhibit 227** is a true and correct copy of deposition transcript excerpts from the September 24, 2020 deposition of Theresa Sackler.

127.    Attached hereto as **Exhibit 228** is a true and correct copy of deposition transcript excerpts from the November 16, 2020 deposition of Peter Boer.

Executed on: November 18, 2020

*/s/ Arik Preis*
Arik Preis

18

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED – CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION
TREAT SUBJECT TO PROTECTIVE ORDER

# EXHIBIT 210

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED 2 CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION
TREAT SUBJECT TO PROTECTIVE ORDER

**DEPARTMENT OF HEALTH & HUMAN SERVICES**
Office of Inspector General
Office of Counsel to the Inspector General

May 6, 2009

Bert Weinstein
Vice President, Corporate Compliance
Purdue Pharma, L.P.
One Stamford Forum
Stamford, CT  06901

Re:     Review of First Annual Report

Dear Mr. Weinstein:

We have reviewed the additional information submitted in response to our inquiries regarding the First Annual Report for Purdue Pharma, L.P. (Purdue).  Based on our review of this additional information and the information provided in Purdue's First Annual Report, it appears that Purdue was in compliance with the terms of the Corporate Integrity Agreement (CIA) between the Office of Inspector General (OIG) of the Department of Health and Human Services and Purdue during the first annual reporting period.

This letter is not intended to affirm that Purdue has implemented an effective compliance program.  Purdue is in the best position to determine the effectiveness of its compliance efforts based upon its own particular circumstances (e.g., size, structure, resources, results of internal assessments, etc.).  Notwithstanding, during the remaining term of Purdue's CIA, the OIG will continue to evaluate whether Purdue has demonstrated that it is adhering to the requirements of the CIA.

The OIG makes no representations in this letter as to: (1) Purdue's practices or conduct that may be the subject of ongoing investigations, if any; (2) Purdue's conduct involving Oxycontin Savings Cards reported in Purdue's letter to the OIG dated March 19, 2009; or (3) Purdue's conduct with respect to Howard Udell that was the subject of Purdue's letter to the OIG dated March 31, 2009 and April 21, 2009.  Also, our comments do not reflect our assessment of any legal claims that may be made against Purdue in connection with any ongoing or future investigations or matters described in the March 19, 2009, March 31, 2009, or April 21, 2009 letters referenced above in this paragraph.

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED – CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION
TREAT SUBJECT TO PROTECTIVE ORDER

Bert Weinstein  – Page 2

_____

As a reminder, Purdue's next Annual Report is due no later than **September 30, 2009**.  If you have any questions regarding Purdue's CIA requirements, please contact me at (202) 205-9573.

Sincerely,

Keshia B. Thompson
Senior Counsel

PUBLICLY FILED PER STIPULATION [ECF 2140]

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER                                            PNY000127988

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION
TREAT SUBJECT TO PROTECTIVE ORDER

# EXHIBIT 211

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED – CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION
TREAT SUBJECT TO PROTECTIVE ORDER

## DEPARTMENT OF HEALTH & HUMAN SERVICES



Office of Inspector General
Office of Counsel to the Inspector General



April 1, 2010

Bert Weinstein
Vice President, Corporate Compliance
Purdue Pharma, L.P.
One Stamford Forum
Stamford, CT 06901

Re: Review of Second Annual Report

Dear Mr. Weinstein:

We have reviewed the additional information submitted in response to our inquiries regarding the Second Annual Report for Purdue Pharma, L.P. (Purdue). Based on our review of this additional information and the information provided in Purdue's Second Annual Report, it appears that Purdue was in compliance with the terms of the Corporate Integrity Agreement (CIA) between the Office of Inspector General (OIG) of the Department of Health and Human Services and Purdue during the second annual reporting period.

This letter is not intended to affirm that Purdue has implemented an effective compliance program. Purdue is in the best position to determine the effectiveness of its compliance efforts based upon its own particular circumstances (e.g., size, structure, resources, results of internal assessments, etc.). Notwithstanding, during the remaining term of Purdue's CIA, the OIG will continue to evaluate whether Purdue has demonstrated that it is adhering to the requirements of the CIA.

The OIG makes no representations in this letter as to Purdue's practices or conduct that may be the subject of ongoing investigations, if any. Also, our comments do not reflect our assessment of any legal claims that may be made against Purdue in connection with any ongoing or future investigations.

PUBLICLY FILED PER STIPULATION [ECF 2140]

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

PPLP004250164

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION
TREAT SUBJECT TO PROTECTIVE ORDER

Page 2- Mr. Bert Weinstein

---

As a reminder, Purdue's next Annual Report is due no later than **September 30, 2010**. If you have any questions regarding Purdue's CIA requirements, please contact me at (202) 205-9573.

Sincerely,

Keshia B. Thompson
Senior Counsel

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED – CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION
TREAT SUBJECT TO PROTECTIVE ORDER

# EXHIBIT 212

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED 2 CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION
TREAT SUBJECT TO PROTECTIVE ORDER

**DEPARTMENT OF HEALTH & HUMAN SERVICES**     Office of Inspector General
                                             Office of Counsel to the Inspector General

January 28, 2011

Bert Weinstein
Vice President, Corporate Compliance
Purdue Pharma, L.P.
One Stamford Forum
Stamford, CT 06901

Re:     Review of Third Annual Report

Dear Mr. Weinstein:

We have reviewed the additional information submitted in response to our inquiries
regarding the Third Annual Report for Purdue Pharma, L.P. (Purdue). Based on our
review of this additional information and the information provided in Purdue's Third
Annual Report, it appears that Purdue was in compliance with the terms of the Corporate
Integrity Agreement (CIA) between the Office of Inspector General (OIG) of the
Department of Health and Human Services and Purdue during the third annual reporting
period. Based upon our on-site visit and review of documents in connection with the
Third Annual Report, we reiterate that Purdue should focus on evaluating and
strengthening its processes concerning arrangements with health care providers.

This letter is not intended to affirm that Purdue has implemented an effective compliance
program. Purdue is in the best position to determine the effectiveness of its compliance
efforts based upon its own particular circumstances (e.g., size, structure, resources,
results of internal assessments, etc.). Notwithstanding, during the remaining term of
Purdue's CIA, the OIG will continue to evaluate whether Purdue has demonstrated that it
is adhering to the requirements of the CIA.

The OIG makes no representations in this letter as to Purdue's practices or conduct that
may be the subject of ongoing investigations, if any. Also, our comments do not reflect
our assessment of any legal claims that may be made against Purdue in connection with
any ongoing or future investigations.

As a reminder, Purdue's next Annual Report is due no later than **September 30, 2011**.

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED 2 CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION
TREAT SUBJECT TO PROTECTIVE ORDER

Page 2- Bert Weinstein

_____

If you have any questions regarding Purdue's CIA requirements, please contact me at
(202) 205-9573.

Sincerely,

Keshia B. Thompson
Senior Counsel

PUBLICLY FILED PER STIPULATION [ECF 2140]

CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER

PPLPUCC001877706

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION
TREAT SUBJECT TO PROTECTIVE ORDER

# EXHIBIT 213

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED 2 CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION
TREAT SUBJECT TO PROTECTIVE ORDER



DEPARTMENT OF HEALTH AND HUMAN SERVICES

# OFFICE OF INSPECTOR GENERAL

WASHINGTON, DC  20201



KESHIA B. THOMPSON, SENIOR COUNSEL
ADMINISTRATIVE & CIVIL REMEDIES BRANCH
OFFICE OF COUNSEL TO THE INSPECTOR GENERAL
330 INDEPENDENCE AVENUE, S.W.
COHEN BUILDING - ROOM 5527
WASHINGTON, D.C. 20201
TELEPHONE: (202) 205-9573
FACSIMILE: (202) 205-0604
EMAIL: KESHIA.THOMPSON@OIG.HHS.GOV

March 8, 2012

Bert Weinstein
Vice President, Corporate Compliance
Purdue Pharma, L.P.
One Stamford Forum
Stamford, CT  06901

Re:   Review of Fourth Annual Report

Dear Mr. Weinstein:

We have reviewed the additional information submitted in response to our inquiries regarding the Fourth Annual Report for Purdue Pharma, L.P. (Purdue).  Based on our review of this additional information and the information provided in Purdue's Fourth Annual Report, it appears that Purdue was in compliance with the terms of the Corporate Integrity Agreement (CIA) between the Office of Inspector General (OIG) of the Department of Health and Human Services and Purdue during the fourth annual reporting period.

This letter is not intended to affirm that Purdue has implemented an effective compliance program.  Purdue is in the best position to determine the effectiveness of its compliance efforts based upon its own particular circumstances (e.g., size, structure, resources, results of internal assessments, etc.).  Notwithstanding, during the remaining term of Purdue's CIA, the OIG will continue to evaluate whether Purdue has demonstrated that it is adhering to the requirements of the CIA.

The OIG makes no representations in this letter as to Purdue's practices or conduct that may be the subject of ongoing investigations, if any.  Also, our comments do not reflect our assessment of any legal claims that may be made against Purdue in connection with any ongoing or future investigations.

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED – CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION
TREAT SUBJECT TO PROTECTIVE ORDER

Page 2– Bert Weinstein

As a reminder, Purdue's fifth Annual Report is due no later than **September 30, 2012**.  If you have any questions regarding Purdue's CIA requirements, please contact me at (202) 205-9573.

Sincerely,

Keshia B. Thompson
Senior Counsel



RECEIVED
MAR 1 5 2012
BERT WEINSTEIN

PUBLICLY FILED PER STIPULATION [ECF 2140]

CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION
TREAT SUBJECT TO PROTECTIVE ORDER

# EXHIBIT 214

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED 2 CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION
TREAT SUBJECT TO PROTECTIVE ORDER

Rec'd 1/28/2013 (De)



DEPARTMENT OF HEALTH AND HUMAN SERVICES

# OFFICE OF INSPECTOR GENERAL

WASHINGTON, DC 20201



OFFICE OF COUNSEL TO THE INSPECTOR GENERAL
330 INDEPENDENCE AVENUE, S.W.
COHEN BUILDING - ROOM 5527
WASHINGTON, D.C. 20201

JAN 2 4 2013

**By US Postal Mail**

Bert Weinstein
Vice President, Corporate Compliance
Purdue Pharma L.P.
One Stamford Forum
Stamford, CT 06901

RECEIVED
JAN 28 2013
By Bert Weinstein

Re:   <u>Fifth Annual Report – Purdue Pharma, LP</u>

Dear Bert:

We have reviewed Purdue Pharma LP's (Purdue's) Fifth Annual Report and the correspondence and information provided subsequent to Purdue's submission of the Fifth Annual Report. Based on our review of all of this information, it appears that Purdue was in compliance with the terms of the Corporate Integrity Agreement (CIA) between the Office of Inspector General (OIG) of the Department of Health and Human Services and Purdue during the fifth annual reporting period. This letter confirms that we have no further questions regarding Purdue's Fifth Annual Report and that the term of the Purdue CIA has now concluded.

During the term, Purdue submitted reports on the status of its compliance activities for each of the five reporting periods. This letter is not intended to affirm that Purdue has implemented an effective compliance program. Purdue is in the best position to determine the effectiveness of its compliance efforts based upon its own particular circumstances (<u>e.g.</u>, size, structure, resources, results of internal assessments, etc.).

We recommend that Purdue continue to incorporate into its operations appropriate compliance program elements, including the compliance program elements that were implemented by Purdue during the term of its CIA. We also suggest that Purdue regularly consult the OIG's website in the future for information regarding the OIG's corporate integrity initiatives for pharmaceutical manufacturers.

PUBLICLY FILED PER STIPULATION [ECF 2140]

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION
TREAT SUBJECT TO PROTECTIVE ORDER

Page 2– Mr. Bert Weinstein

The OIG makes no representations in this letter as to Purdue's practices or conduct
that may be the subject of ongoing investigations, inquiries, or reviews, including but
not limited to any Senate Finance Committee investigation, inquiry, or review related
to the May 8, 2012 letter from Senators Grassley and Baucus to Purdue. Also, our
comments do not reflect our assessment of any legal claims that may be made against
Purdue in connection with any ongoing or future investigations, inquiries, or reviews.

At the next update, Purdue will be removed from the current listing of Corporate Integrity
Agreements, Certification of Compliance Agreements and Settlement Agreements with
Integrity Provisions posted on the OIG's website.

If you have any questions, please contact me at (202) 205-9573.

Sincerely,

Keshia B. Thompson
Senior Counsel

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

PPLP004427724