**Hearing Date and Time: January 20, 2021, at 10:00 a.m. (prevailing Eastern Time)**
**Objection Date and Time: January 15, 2021, at 4:00 p.m. (prevailing Eastern Time)**

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
James I. McClammy
Eli J. Vonnegut

*Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (RDD)** |
| Debtors.¹ | **(Jointly Administered)** |

**NOTICE OF HEARING ON MOTION OF THE DEBTORS FOR AN ORDER
APPROVING STIPULATION GRANTING JOINT STANDING TO PROSECUTE
CLAIMS AND CAUSES OF ACTION RELATED TO THE DEBTORS' INSURANCE
COVERAGE TO (1) THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
AND (2) THE AD HOC COMMITTEE OF GOVERNMENTAL AND OTHER
<u>CONTINGENT LITIGATION CLAIMANTS</u>**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

**PLEASE TAKE NOTICE** that on January 6, 2021, the above-captioned debtors and debtors in possession in these proceedings (collectively, the "**Debtors**") filed the *Motion of the Debtors for Entry of an Order Approving Stipulation Granting Joint Standing to Prosecute Claims and Causes of Action Related to the Debtors' Insurance Coverage to (1) the Official Committee of Unsecured Creditors and (2) the Ad Hoc Committee of Governmental and Other Contingent Litigation Claimants* (the "**Motion**"). A hearing on the Motion will be held on **January 20, 2021** at **10:00 a.m.** (prevailing Eastern Time) (the "**Hearing**") before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, at the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601 (the "**Bankruptcy Court**"), or at such other time as the Bankruptcy Court may determine.

**PLEASE TAKE FURTHER NOTICE** that the Hearing may be continued or adjourned thereafter from time to time without further notice other than an announcement of the adjourned date or dates at the Hearing or a later hearing. The Debtors will file an agenda before the Hearing, which may modify or supplement the motions to be heard at the Hearing.

**PLEASE TAKE FURTHER NOTICE** that pursuant to General Order M-543, dated March 20, 2020 (Morris, C.J.) ("**General Order M-543**"), the Hearing will be conducted telephonically.[2] Parties wishing to appear at, or attend, the Hearing must refer to and comply with the Bankruptcy Court's guidelines for telephonic appearances[3] and make arrangements with Court Solutions LLC by telephone at (917) 746-7476.

---

[2] A copy of General Order M-543 can be obtained by visiting http://www.nysb.uscourts.gov/news/court-operations-under-exigent-circumstances-created-covid-19.

[3] The Bankruptcy Court's procedures for telephonic appearances are available at: http://www.nysb.uscourts.gov/telephonic-appearances-white-plains.

2

**PLEASE TAKE FURTHER NOTICE** that any responses or objections ("**Objections**") to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, shall be filed with the Bankruptcy Court (a) by attorneys practicing in the Bankruptcy Court, including attorneys admitted *pro hac vice*, electronically in accordance with General Order M-399 (which can be found at http://www.nysb.uscourts.gov), and (b) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with the *Second Amended Order Establishing Certain Notice, Case Management, and Administrative Procedures* entered on November 18, 2019 [Dkt. No. 498], so as to be filed and received no later than **January 15, 2021** at **4:00 p.m.** (prevailing Eastern Time) (the "**Objection Deadline**").

**PLEASE TAKE FURTHER NOTICE** that any objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted upon default; *provided* that objecting parties shall attend the Hearing telephonically so long as General Order M-543 is in effect or unless otherwise ordered by the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE** that if no Objection is timely filed and served with respect to the Motion, the Debtors may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Motion, which order may be entered without further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that a copy of the Motion may be obtained free of charge on the Debtors' case website at https://restructuring.primeclerk.com/purduepharma.

You may also obtain copies of any pleadings by visiting the Bankruptcy Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

Dated:  January 6, 2021
        New York, New York

DAVIS POLK & WARDWELL LLP

By:  */s/ Benjamin S. Kaminetzky*
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile:  (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
James I. McClammy
Eli J. Vonnegut

*Counsel to the Debtors
and Debtors in Possession*

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
James I. McClammy
Eli J. Vonnegut

*Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (RDD)** |
| **Debtors.¹** | **(Jointly Administered)** |

**MOTION OF THE DEBTORS FOR AN ORDER APPROVING STIPULATION AND AGREED ORDER GRANTING JOINT STANDING TO PROSECUTE CLAIMS AND CAUSES OF ACTION RELATED TO THE DEBTORS' INSURANCE COVERAGE TO (1) THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND (2) THE AD HOC COMMITTEE OF GOVERNMENTAL AND OTHER CONTINGENT <u>LITIGATION CLAIMANTS</u>**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

The above-captioned debtors and debtors in possession (collectively, "**Debtors**") hereby file this *Motion of the Debtors for Entry of an Order Approving Stipulation and Agreed Order Granting Joint Standing to Prosecute Claims and Causes of Action Related to the Debtors' Insurance Coverage to (1) the Official Committee of Unsecured Creditors and (2) the Ad Hoc Committee of Governmental and Other Contingent Litigation Claimants* ("**Motion**").  In support of this Motion, the Debtors respectfully state as follows:

### Preliminary Statement

1. As this Court is well aware, the co-mediators appointed to oversee mediation in these cases ("**Mediation**") filed a report on September 23, 2020 (*Mediators' Report* at ¶¶ 3-12 (Sept. 23, 2020), Dkt. No. 1716) announcing that various term sheets had been agreed to among the non-federal public claimants and certain private claimant groups regarding the allocation of value of the Debtors' estate that would be distributed to each such private claimant group, respectively ("**Phase I**").  While work still remains to be done to finalize those term sheets and to document the same in a plan of reorganization, and while the second phase of Mediation ("**Phase II**") is still on going, the results achieved in Phase I were an important milestone towards resolution of these chapter 11 cases.

2. One of the Debtors' assets—and, indeed, one discussed during Phase I of Mediation—is the proceeds of the Debtors' insurance.  In yet another demonstration of collaboration among parties to these chapter 11 cases, the Debtors, the Official Committee of Unsecured Creditors ("**Official Committee**") and the Ad Hoc Committee of Governmental and Other Contingent Litigation Claimants ("**Ad Hoc Committee**") have agreed on a process for pursuit of the Debtors' insurance assets.  Specifically, the Debtors have agreed to grant joint standing to the Official Committee and the Ad Hoc Committee to assert and litigate, as co-

2

plaintiffs and co-parties with the Debtors, claims and causes of action related to the Debtors' insurance assets, subject to the terms of an agreed-upon stipulation attached hereto as **Exhibit A**. This stipulation has been carefully negotiated and crafted to ensure significant participation by each group, but with appropriate deference to the Debtors' original standing. This stipulation also ensures that no party in these cases needs to waste time, money, or other resources litigating a motion seeking derivative standing or otherwise. The Debtors, the Official Committee, and the Ad Hoc Committee, as parties to the stipulation, have all agreed that this process best advances the overarching goal that they share and that is fully-aligned with the interests of all creditors in these cases: to maximize the value of the Debtors' insurance.

## Relief Requested

3. By this Motion, pursuant to section 105(a) of title 11 of the United States Code ("**Bankruptcy Code**"), the Debtors seek entry of an order, substantially in the form attached hereto as Exhibit A ("**Proposed Insurance Stipulation and Order**") approving a stipulation and agreed order granting to both the Official Committee and the Ad Hoc Committee joint standing to assert and litigate (in each case, as co-plaintiffs and co-parties with the Debtors), solely on the terms set forth in the stipulation, any and all claims, causes of action, disputes, or other matters regarding the Debtors' insurance.

## Jurisdiction and Venue

4. The United States Bankruptcy Court for the Southern District of New York ("**Court**") has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and, pursuant to Bankruptcy Rule 7008, the Debtors consent to entry of a final order by the Court in connection with this Motion to the

extent that it is later determined that the Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.

5. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### General Background

6. On September 15, 2019 ("**Petition Date**"), each of the Debtors commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code ("**Chapter 11 Cases**"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these Chapter 11 Cases.

7. Information about the Debtors' businesses and the events leading up to the Petition Date can be found in the *Debtors' Informational Brief* filed on September 16, 2019 [Dkt. No. 17].

8. The Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) and the *Order Directing Joint Administration of Chapter 11 Cases* [Dkt. No. 59] entered by the Court on September 18, 2019 in each of the Chapter 11 Cases.

9. On September 26, 2019, the Office of the United States Trustee for Region 2 appointed the Official Committee pursuant to section 1102(a) of the Bankruptcy Code to act as a fiduciary for and represent the interests of all unsecured creditors in the Chapter 11 Cases. (*See Notice of Appointment of Official Committee of Unsecured Creditors* (Sept. 27, 2019), Dkt. No. 131.)

10. Prior to the Petition Date,[2] the Debtors and the Debtors' shareholders reached an agreement-in-principle ("**Settlement Framework**") with 24 states, five U.S. territories, the plaintiffs' executive committee of *In re National Prescription Opiate Litigation*, Case No. 17-md-02804, MDL No. 2804 (N.D. Ohio), and certain U.S. cities and counties ("**Settlement Group**"). In September 2019, representatives of the Settlement Group formed the Ad Hoc Committee.[3]

11. On October 8, 2019, the Debtors filed a term sheet summarizing the salient terms of the proposed Settlement Framework among the Debtors, the Ad Hoc Committee, and the Shareholder Parties (as defined therein) ("**Term Sheet**"). (*See Notice of Filing of Settlement Term Sheet with Ad Hoc Committee* (Oct. 8, 2019), Dkt. No. 257.) The Term Sheet provides, as relevant here, that, prior to confirmation, the Ad Hoc Committee and Official Committee will be involved in decisions related to Debtors' insurance assets and coverage disputes. (*Id.* Exhibit A at ¶ 7 ("Prior to the effective date of a chapter 11 plan . . . , the Debtors, with Bankruptcy Court approval and after consultation with the Official Committee and the Ad Hoc Committee, may settle claims and coverage disputes with any of Purdue's insurers.")). The Term Sheet further provides that, upon emergence, the proceeds of Debtors' insurance assets will be distributed to Debtors' creditors as part of the Debtors' plan of reorganization. (*Id*. Exhibit A at ¶ 2 & n.1.)

12. On December 2, 2019, the Court authorized the Debtors to pay the Ad Hoc Committee's counsel for "reasonable and documented fees and expenses." (*Order Authorizing*

---

[2] The Debtors' recitation of certain facts in these paragraphs is intended to highlight the role that the Ad Hoc Committee was intended to serve, since the outset of these Chapter 11 Cases, regarding insurance-related issues, and is not intended to interfere with or have any effect on the currently pending Phase II of Mediation.

[3] The Ad Hoc Committee currently consists of (i) ten states, (ii) the PEC, (iii) six cities and counties, and (iv) one federally recognized American Indian Tribe. (*See Verified States Pursuant to Bankruptcy Rule 2019* (October 10, 2019), Dkt. No. 279.)

*the Debtors to Assume the Reimbursement Agreement and Pay the Fees and Expenses of the Ad Hoc Committee's Professionals* (Dec. 2, 2019), Dkt. No. 553.)  As the Debtors explained at the time, the Debtors sought such authorization because the Ad Hoc Committee "has a unique role to fill [in these chapter 11 cases] . . . as a voice for certain governmental entities that may not serve as voting members of the [Official Committee.]" (*Debtors' Omnibus Reply Brief in Further Support of Motion to Assume the Prepetition Reimbursement Agreement with the Ad Hoc Committee, and to Pay the Fees and Expenses of the Ad Hoc Committee's Professionals* ¶ 1 (Nov. 15, 2019), Dkt. No. 482.)  The Court's authorization included the Ad Hoc Committee's retention of Gilbert LLP as "mass tort" and "insurance counsel." (*Ad Hoc Committee's Statement in Support of Debtors' Motion to Assume Prepetition Reimbursement Agreement and Reply to Objections* ¶¶ 3, 9, 52 (Nov. 15, 2019), Dkt. No. 486.)  It is the Ad Hoc Committee's intention that Gilbert LLP, which has considerable insurance recovery expertise as well as experience and a successful track record negotiating historic, complex, multi-party settlements in mass tort contexts, will serve as its counsel with respect to issues related to the Debtors' insurance.

13.     Prior to the Petition Date, the Debtors purchased a variety of insurance policies spanning numerous years (collectively, "**Debtors' Insurance**") that provide substantial coverage for the claims, liabilities, and losses that are among the subjects of the Chapter 11 Cases.  The Debtors, the Official Committee, and the Ad Hoc Committee have worked to analyze potential claims and causes of action related to the Debtors' Insurance.

6

### The Proposed Insurance Stipulation and Order

14.     The Proposed Insurance Stipulation and Order contains the following material provisions, qualified in their entirety by reference to the Proposed Insurance Stipulation and Order itself:

- Authorization: The Debtors grant the Official Committee and the Ad Hoc Committee leave, and each shall have joint standing with the Debtors, to assert, litigate, and resolve (in each case, as co-plaintiffs and co-parties with the Debtors) any and all claims, causes of action, disputes, or other matters regarding the Debtors' Insurance ("**Debtors' Insurance Causes of Action**"), on behalf of the Debtors' estates.

- Settlement:

    a.  No settlement (if any) of the Debtors' Insurance Causes of Action will be valid and binding on any party in interest unless and until approved by an Order of this Court.

    b.  The Debtors will not seek Court approval of any settlement of the Debtors' Insurance Causes of Action without the consent of one of either (i) the Official Committee or (ii) the Ad Hoc Committee, and, in the event either the Official Committee or the Ad Hoc Committee does not consent to any such settlement, the non-consenting party reserves all of its rights to, and may, object to the approval by the Court of such settlement.

    c.  Neither the Official Committee nor the Ad Hoc Committee will seek Court approval of any settlement of the Debtors' Insurance Causes of Action without the consent of the Debtors.

- Joint Standing:  The Debtors, the Official Committee, and the Ad Hoc Committee shall confer and work cooperatively regarding any litigation of the Debtors' Insurance Causes of Action, and shall endeavor to make all decisions by agreement among the same, subject to applicable law.

- Jurisdiction: The Court shall retain exclusive jurisdiction to resolve any disputes or controversies arising from or related to the Proposed Insurance Stipulation and Order and to implement the terms of the same.

### Basis for Relief Requested

15.     The Debtors seek this Court's approval of the Proposed Insurance Stipulation and Order pursuant to the Second Circuit's "long standing[] and nearly universally recognized"

7

"practice of authorizing" the pursuit of claims "on behalf of an estate by committees . . . upon a showing that such is in the interests of the estate." *Adelphia Commc'ns Corp. v. Bank of Am., N.A. (In re Adelphia Commc'ns Corp.)*, 330 B.R. 364, 373 (Bankr. S.D.N.Y. 2005); *see Glinka v. Murad (In re Housecraft Industries USA, Inc.)*, 310 F.3d 64, 70-72 (2d Cir. 2002).

16. Joint pursuit of the Debtors' Insurance Causes of Action by the Debtors, the Official Committee, and the Ad Hoc Committee as set forth in the Proposed Insurance Stipulation and Order is in the best interests of the estates and is necessary and beneficial to the fair and efficient resolution of these Chapter 11 Cases. *See, e.g.*, *In re Housecraft Indus. USA, Inc.*, 310 F.3d at 71 (holding when the joint standing is consented to by debtor, the Court need only evaluate whether the same is in the best interests of the bankruptcy estate and necessary and beneficial to the fair and efficient resolution of the bankruptcy proceedings); *In re Adelphia Commc'ns Corp.*, 330 B.R. at 372-84 (analyzing same). Indeed, the Proposed Insurance Stipulation and Order represents yet another step in the more than year long effort of all parties in these cases to work together and build consensus where possible in an effort to maximize the value of the Debtors' estates.

17. The Proposed Insurance Stipulation and Order evidences the Debtors' judgment that it is in the best interests of the estates for the Debtors, the Official Committee, and the Ad Hoc Committee to present a unified front and to share responsibility for resolving the Debtors' Insurance Causes of Action. The Debtors will benefit from the division of labor, and the sharing of any burdens, related to the Debtors' Insurance Causes of Action while the Official Committee and Ad Hoc Committee (through specialized insurance counsel previously authorized by this Court) share with the Debtors the role of co-plaintiffs in relation to the same. The Proposed Insurance Stipulation and Order also protects the rights of all signatories—the Debtors retain the

8

right to approve any settlement of the Debtors' Insurance Causes of Action, and each of the Official Committee and the Ad Hoc Committee retain the right to consent to or object to the approval by this Court of any settlement of the same.

18. In addition, the Debtors, the Official Committee, and the Ad Hoc Committee, and indeed all of the Debtors' creditors, share a common interest in augmenting the value of the estates. By ensuring that all appropriate efforts are brought to bear to maximize the value and proceeds of the Debtors' Insurance, the Proposed Insurance Stipulation and Order enables the parties to do just that. Approving the Proposed Insurance Stipulation and Order now will permit the Debtors, the Official Committee, and the Ad Hoc Committee to work in an efficient, coordinated, and unified manner to resolve, through litigation, negotiation, or settlement, the Debtors' Insurance Causes of Action in the manner the parties deem most effective. The Proposed Insurance Stipulation and Order enhances the efficient administration of these Chapter 11 Cases, and accordingly should be approved.

19. Finally, as this Court knows well, it is no minor achievement in these cases that the Debtors are filing a motion with the full support (and collaboration) of both the Official Committee and the Ad Hoc Committee. That, in and of itself, is powerful evidence that the relief requested herein is in the best interests of the estates and is necessary and beneficial to the fair and efficient resolution of these Chapter 11 Cases.

### Notice

20. Notice of this Motion will be provided to (a) the entities on the Master Service List (as defined in the *Second Amended Order Establishing Certain Notice, Case Management, and Administrative Procedures* entered on November 18, 2019 [Dkt. No. 498] and available on the Debtors' case website at https://restructuring.primeclerk.com/purduepharma); and (b) any

9

person or entity with a particularized interest in the subject matter of this Motion (collectively, "**Notice Parties**"). The Debtors respectfully submit that, in view of the facts and circumstances, such notice is sufficient and no further notice is required.

## No Prior Request

21. The Debtors have not previously sought the relief requested herein from the Court or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Insurance Stipulation and Order, substantially in the form attached hereto as Exhibit A, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated:  January 6, 2021
        New York, New York

DAVIS POLK & WARDWELL LLP

By: */s/ Benjamin S. Kaminetzky*
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile:  (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
James I. McClammy
Eli J. Vonnegut

*Counsel to the Debtors
and Debtors in Possession*