# Exhibit A

**Proposed Insurance Stipulation and Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | Chapter 11 |
| **PURDUE PHARMA L.P.,** *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

**STIPULATION AND AGREED ORDER GRANTING JOINT STANDING TO PROSECUTE CLAIMS AND CAUSES OF ACTION RELATED TO THE DEBTORS' INSURANCE COVERAGE TO (1) THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, AND (2) THE AD HOC COMMITTEE OF GOVERNMENTAL AND OTHER CONTINGENT LITIGATION CLAIMANTS**

This Stipulation and Agreed Order (the "*Stipulation and Order*") is entered into as of January 6, 2021 by and among: (i) Purdue Pharma L.P. and its affiliated debtors and debtors in possession (collectively, the "*Debtors*") in the above-captioned chapter 11 cases (the "*Chapter 11 Cases*"); (ii) the Official Committee of Unsecured Creditors (the "*Official Committee*") appointed in the Chapter 11 Cases; and (iii) the Ad Hoc Committee of Governmental and Other Contingent Litigation Claimants (the "*Ad Hoc Committee*") (each a "*Party*" and collectively the "*Parties*"). The Parties hereby stipulate and agree, subject to the approval of the United States Bankruptcy Court for the Southern District of New York (the "*Court*"), as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

1

## RECITALS

A.  On September 15, 2019 (the "*Petition Date*"), each of the Debtors filed with the Court a voluntary petition for relief under title 11 of the United States Code (the "*Bankruptcy Code*"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. No trustee or examiner has been appointed. The Chapter 11 Cases are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

B.  On September 26, 2019, the Office of the United States Trustee for Region 2 appointed the Official Committee pursuant to Bankruptcy Code section 1102(a) to act as a fiduciary for and represent the interests of all unsecured creditors in the Chapter 11 Cases. *See Notice of Appointment of Official Committee of Unsecured Creditors* [ECF No. 131].

C.  Prior to the Petition Date, the Debtors and the Shareholder Parties (as defined below) had reached an agreement-in-principle (the "*Settlement Framework*") with 24 states, five U.S. territories, the plaintiffs' executive committee of In re National Prescription Opiate Litigation, Case No. 17-md-02804, MDL No. 2804 (N.D. Ohio), and certain U.S. cities and counties (the "*Settlement Group*"). In September 2019, representatives of the Settlement Group formed the Ad Hoc Committee.

D.  On October 8, 2019, the Debtors filed a term sheet summarizing the salient terms of the proposed Settlement Framework among the Debtors, the Ad Hoc Committee, and the Shareholder Parties (as defined therein). *See Notice of Filing of Settlement Term Sheet with Ad Hoc Committee* [ECF No. 257].

E.  On December 2, 2019, the Court authorized the Debtors to pay the Ad Hoc Committee's counsel for "reasonable and documented fees and expenses." *See Order Authorizing*

*the Debtors to Assume the Reimbursement Agreement and Pay the Fees and Expenses of the Ad Hoc Comm.'s Professionals* [ECF No. 553]. That authorization included the Ad Hoc Committee's retention of Gilbert LLP as "insurance counsel." *See Ad Hoc Comm.'s Statement in Supp. of Debtors' Mot. to Assume Prepetition Reimbursement Agreement and Reply to Objs.* [ECF No. 486 ¶¶ 3, 9, 52].

F.      Prior to the Petition Date, the Debtors purchased a variety of insurance policies spanning numerous years (collectively, "**Debtors' Insurance**") that provide substantial coverage for the claims, liabilities, and losses that are among the subjects of the Chapter 11 Cases. Each Party has analyzed potential claims and causes of action related to the Debtors' Insurance.

G.      It is contemplated that the Chapter 11 Cases may result in the creation of one or more entities that will receive the Debtors' assets and other assets, including the proceeds of the Debtors' Insurance (or the causes of action related thereto), and will distribute to or otherwise use those assets for the benefit of the Debtors' creditors in a manner to be determined.

H.      The Official Committee and the Ad Hoc Committee—and indeed all of the Debtors' private and governmental opioid claimant creditors—share a common interest in ensuring that all appropriate efforts are brought to bear to maximize the value and proceeds of the Debtors' Insurance. The standing agreed to here will ensure that all of the opioid claimant creditors' interests will be considered and reflected in the efforts to pursue and maximize the value of the Debtors' Insurance.

I.      In light of these interests, the Debtors have consented to and, subject to the Court's approval and the terms of this Stipulation and Order, hereby grant to the Official Committee and the Ad Hoc Committee joint standing to assert, litigate, and resolve (in each case, as co-plaintiffs

3

and co-parties with the Debtors) any and all claims, causes of action, disputes, or other matters regarding the Debtors' Insurance (the "***Debtors' Insurance Causes of Action***").

J.    In so doing, the Debtors will share standing with the Official Committee and the Ad Hoc Committee, while maintaining their own standing to litigate and resolve the Debtors' Insurance Causes of Action.  For the avoidance of doubt, nothing in this Stipulation and Order shall divest the Debtors of their own standing with regard to Debtors' Insurance Causes of Action.

K.    The Parties believe that joint prosecution of the Debtors' Insurance Causes of Action by the Debtors, the Official Committee, and the Ad Hoc Committee is necessary and beneficial to these Chapter 11 Cases and is in the best interests of the Debtors' estates.

L.    The Debtors, the Official Committee, and the Ad Hoc Committee believe that the Chapter 11 Cases would be best advanced, and the interests of judicial economy would be best served, by the entry of this Stipulation and Order.  For the avoidance of doubt, nothing in this Stipulation and Order shall pre-determine the terms of a plan of reorganization or bind a post-emergence entity after the effective date of any plan of reorganization in these Chapter 11 Cases.

M.    This request is consistent with, *inter alia*, the Second Circuit's decision in *Glinka v. Murad (In re Housecraft Industries USA, Inc.)*, 310 F.3d 64 (2d Cir. 2002).

**NOW, THEREFORE**, the following is hereby stipulated and agreed to, subject to the approval of the Court:

1.    Authorization.  Subject to the terms of this Stipulation and Order, the Official Committee and the Ad Hoc Committee are hereby granted leave, and shall each have joint standing with the Debtors, to assert, litigate, and resolve (in each case, as co-plaintiffs and co-parties with the Debtors) any and all claims, causes of action, disputes, or other matters regarding the Debtors' Insurance Causes of Action, on behalf of the Debtors' estates.

4

2. <u>Settlement</u>.

   a. No settlement (if any) of the Debtors' Insurance Causes of Action will be valid and binding on any party in interest, including the Parties, unless and until such settlement (if any) is approved by an Order of the Court, after notice and a hearing thereon.

   b. The Debtors will not seek Court approval of any settlement of the Debtors' Insurance Causes of Action without the consent of one of either (i) the Official Committee or (ii) the Ad Hoc Committee. In the event either the Official Committee or the Ad Hoc Committee does not consent to any such settlement, the non-consenting Party reserves all of its rights to, and may, object to the approval by the Court of such settlement. If the Debtors seek Court approval of any distribution or any allocation of proceeds of the Debtors' Insurance Causes of Action outside of a chapter 11 plan without the consent of both the Official Committee and the Ad Hoc Committee, then the Official Committee and the Ad Hoc Committee will object to any such motion.

   c. Neither the Official Committee nor the Ad Hoc Committee will seek Court approval of any settlement of the Debtors' Insurance Causes of Action without the consent of the Debtors.

3. <u>Joint Standing.</u> The Parties shall confer and work cooperatively regarding the litigation of the Debtors' Insurance Causes of Action, and the Parties shall endeavor to make all decisions by agreement among the Parties, subject to applicable law.

5

4. <u>Reservation of Rights</u>.  Except as otherwise expressly provided in this Stipulation and Order, each of the Parties reserves all of its rights, claims, and defenses with respect to any and all matters, including any and all matters related to the Debtors' Insurance Causes of Action and the Chapter 11 Cases.  This Stipulation and Order is without prejudice to the rights of each of the Parties to make any other applications for relief, including but not limited to an application to modify the Stipulation and Order.

5. <u>Amendments</u>.  This Stipulation and Order may not be amended without the written agreement of all Parties and approval of the Court.

6. <u>Counterparts</u>.  This Stipulation and Order may be executed in counterparts, and each counterpart, when so executed and delivered, shall be deemed an original, and all counterparts, taken together, shall constitute one and the same Stipulation and Order.

7. <u>Headings</u>.  The headings used in this Stipulation and Order are for convenience of reference only and shall not be used or deemed to explain or modify the terms of any provision hereof.

8. <u>Authority</u>.  The undersigned represent that they are fully authorized to enter into this Stipulation and Order on behalf of their respective client(s).

9. <u>Jurisdiction</u>.  The Court shall retain exclusive jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation and Order and to implement the terms of this Stipulation and Order.

10. <u>Effectiveness</u>.  This Stipulation and Order shall become effective and binding on each Party upon approval by the Court.

IN WITNESS WHEREOF, the Parties have executed this Stipulation and Order on this 6th day of January, 2021.

| | |
|---|---|
| DAVIS POLK & WARDWELL LLP | GILBERT LLP |
| By: /s/ *Benjamin S. Kaminetzky* | By: /s/ *Scott D. Gilbert* |
| Marshall S. Huebner | Scott D. Gilbert (admitted *pro hac vice*) |
| Benjamin S. Kaminetzky | Richard J. Leveridge |
| Timothy Graulich | Richard Shore (*pro hac vice* pending) |
| James I. McClammy | Jenna A. Hudson (*pro hac vice* pending) |
| Eli J. Vonnegut | 700 Pennsylvania Ave, SE, Suite 400 |
| 450 Lexington Avenue | Washington, DC 20003 |
| New York, New York 10017 | Telephone: (202) 772-2200 |
| Telephone: (212) 450-4000 | |
| | *Counsel to the Ad Hoc Committee of Governmental and Other Contingent Litigation Claimants* |
| *Counsel to the Debtors and Debtors in Possession* | |

AKIN GUMP STRAUSS HAUER & FELD LLP

By: /s/ *Arik Preis*
Ira Dizengoff
Arik Preis
Mitchell Hurley
Sara L. Brauner
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000

*Counsel to the Official Committee of Unsecured Creditors of Purdue Pharma, L.P., et al.*

**SO ORDERED.**

White Plains, New York
Dated: _____, 2021

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE