# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.,** *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[13] | (Jointly Administered) |

**[PROPOSED] ORDER**

Upon the motion (the "**Motion to Seal Certain Judicial Records**") of Purdue Pharma L.P. and its affiliates that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**") for entry of an order (this "**Order**") sealing certain information in judicial documents filed in connection with (i) *Official Committee of Unsecured Creditors' Motion to Compel Production of Purportedly Privileged Documents, or for In Camera Review, Based on Failure of the Sacklers and the Debtors to Demonstrate Documents Identified on Logs Are Privileged* [Dkt. No. 1752] ("**Privilege Log Motion**" or "**Log Motion**") and (ii) the *Official Committee of Unsecured Creditors' Motion to Compel Production of Purportedly Privileged Documents, or for In Camera Review, Based on Good Cause, Crime Fraud, and At Issue Waiver Exceptions to Claims of Privilege* [Dkt. No. 1753] ("**Exceptions Motion**") (collectively, "**Privilege Motions**"), and granting, in part, and

---

[13] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

denying, in part, the media intervenors' *Motion to Intervene and Unseal Judicial Records by Dow Jones & Company, Inc., Boston Globe Media Partners, LLC, and Reuters News & Media, Inc.* [Dkt. No. 1828] and the *Second Motion to Unseal Judicial Records by Media Intervenors Dow Jones Co., Inc., Boston Globe Media Partners LLC, and Reuters News & Media, Inc.* [Dkt. No. 2188] (the "**Motion to Intervene**" and the "**Motions to Unseal**" by, collectively, the "**Media Intervenors**"), and upon the record of the hearing held by the Court on January 20, 2021, and all objections to the Unsealing Motions and Motion to Seal Certain Judicial Records (collectively, the "**Motions**") having been withdrawn or overruled; and the Court having jurisdiction over the Motions pursuant to 28 U.S.C. § 1334(a); and the venue of these chapter 11 cases and the Motions being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and the Motions being a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having authority to enter a final order with respect to the Motions; and no additional notice being required except as provided herein; and, after due deliberation and good and sufficient cause appearing; now, therefore,

      **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT**:

      1.    The Media Intervenors' Motion to Intervene pursuant to Federal Rule of Bankruptcy Procedure 2018(a) for the limited purpose of seeking to unseal judicial documents is GRANTED.

      2.    The Debtors' Motion to Seal Certain Judicial Records is GRANTED. The Debtors' Sealed Documents (as defined in the Debtors' Motion to Seal Certain Judicial Records) shall remain sealed, and the unredacted versions of those documents shall not be made available to anyone, other than as provided in the *Third Amended Protective Order*, Case. No. 19-23649-rdd (Bankr. S.D.N.Y.) [ECF No. 1935], without the consent of the

Debtors, or absent further order of the Court.

3. The Media Intervenors' Motions to Unseal, to the extent not rendered moot by the filing of unsealed and unredacted exhibits on the public docket in these cases by the parties pursuant to the *Stipulation and Agreed Order Regarding Media Intervenors' Motion to Unseal Materials Filed in Connection with UCC Privilege Motions* [ECF No. 2140], is DENIED.

4. Counsel for the Debtors shall contact the Clerk's Office regarding the return or disposition of the Debtors' Sealed Documents within 10 days after resolution of the Privilege Motions. If the Debtors fail to do so, the Clerk of the Court is authorized to destroy the Debtors' Sealed Documents.

5. This Order is without prejudice to the rights of any party in interest, or the United States Trustee, to seek to unseal the documents that are the subject of this Order or any part thereof.

6. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**SO ORDERED.**

Dated: _____
White Plains, New York

By: _____
The Honorable Robert D. Drain
United States Bankruptcy Judge

3