DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
James I. McClammy
Marc J. Tobak
Gerard X. McCarthy

*Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.¹ | **(Jointly Administered)** |

**DEBTORS' EX PARTE MOTION FOR ENTRY OF AN ORDER SHORTENING
NOTICE WITH RESPECT TO DEBTORS' MOTION FOR ENTRY OF AN ORDER
<u>SEALING JUDICIAL DOCUMENTS</u>**

Purdue Pharma L.P. ("**PPLP**") and its affiliates that are debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 proceedings (the "**Chapter 11 Cases**") submit this motion (the "**Motion to Shorten**") for entry of an order, substantially in the form attached hereto as **<u>Exhibit A</u>**, shortening the notice period with respect to the *Debtors'*

---

¹ The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

*Limited Objection to the Media Intervenors' Motion to Intervene and Unseal and Cross-Motion to Seal Judicial Documents* (the "**Cross-Motion to Seal**"), filed contemporaneously herewith.[2] In support of this Motion to Shorten, the Debtors respectfully state as follows:

### Relief Requested

1. By this Motion to Shorten, the Debtors seek entry of an order shortening the notice period with respect to the Cross-Motion to Seal, scheduling a hearing on the Cross-Motion to Seal on **January 20, 2020, at 10:00 a.m. (Prevailing Eastern Time)**, and scheduling an objection deadline of **January 18, 2020, at 4:00 p.m. (Prevailing Eastern Time)**.

### Jurisdiction and Venue

2. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Debtors consent to entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.

3. The statutory bases for the relief requested herein are sections 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Bankruptcy Rules 9006(c), and 9007, and Rule 9006-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**").

4. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Cross-Motion to Seal.

**Background**

5.  On September 15, 2019 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On September 26, 2019, the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed the Creditors' Committee pursuant to section 1102 of the Bankruptcy Code [Dkt. No. 131]. No request has been made for the appointment of a trustee or examiner in the Chapter 11 Cases.

6.  These Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and the *Order Directing Joint Administration of Chapter 11 Cases* [Dkt. No. 59] entered by the Court in each of the Chapter 11 Cases.

7.  Additional information about the Debtors' businesses and the events leading up to the Petition Date can be found in the *Debtors' Informational Brief* filed on September 16, 2019 [Dkt. No. 17].

**Basis for Relief Requested**

8.  Pursuant to Bankruptcy Rule 9007, the Court has authority to regulate the time within which, the entities to whom, and the form and matter in which notice is provided. Pursuant to paragraph 19 of the *Second Amended Order Establishing Certain Notice, Case Management, and Administrative Procedures* entered on November 18, 2019 [Dkt. No. 498] (the "**Case Management Order**"), in these Chapter 11 Cases, if a request for relief is filed and served "at least fourteen (14) calendar days before the next Omnibus Hearing, the matter shall be set for hearing at such Omnibus Hearing." However, Bankruptcy Rule 9006(c) and Local Rule

9006-1(b) provide that the Court, for cause shown, may in its discretion (with or without motion or notice) reduce any such notice period. Moreover, pursuant to paragraph 17 of the Case Management Order, a party's right "to seek an amendment or waiver of the provisions of the Case Management Order upon showing of good cause including, without limitation, the right to file a motion seeking . . . relief upon shortened notice," was expressly preserved. The Court, thus, has the authority to determine appropriate notice for conducting a hearing on the matters presented by the Cross-Motion to Seal.

### Cause Exists to Shorten Notice with Respect to the Cross-Motion to Seal

9. On November 23, 2020 and December 22, 2020, the Media Intervenors moved to unseal briefing and exhibits ("**Media Intervenors' Motion to Intervene and Unseal**") that were submitted in connection with two separate motions filed by the Official Committee of Unsecured Creditors ("**UCC**") to compel the production of documents, obtain *in camera* review, or otherwise challenge claims of privilege asserted by the Debtors and the Sackler Families with respect to specified documents and categories of documents ("**UCC Privileges Motions**").

10. On December 15, 2020, the parties filed, and the Court so ordered, the *Stipulation and Agreed Order Regarding Media Intervenors' Motion to Unseal Materials Filed in Connection with UCC Privilege Motions* [ECF No. 2140] ("**Scheduling Stipulation**"). Pursuant to the Scheduling Stipulation, the Media Intervenors' Motion to Intervene and Unseal was adjourned to January 20, 2021. Moreover, the Scheduling Stipulation also set for a schedule for the parties to analyze, and meet and confer with respect to, redactions to the briefing and exhibits to the UCC Privileges Motions. Finally, the Scheduling Stipulation provides that "[a]ny objections to the Media Intervenors' Motion to Intervene and Unseal, including any argument in

3

<u>support of redaction or continued sealing of any document</u>, shall be filed with the Court and served on the Media Intervenors no later than January 11, 2021." (emphasis added).

11. Between December 18, 2020 and January 11, 2021, the overwhelming majority of the briefing and exhibits to the UCC Privileges Motions was publicly filed (or will be publicly filed) with minimal, and in many cases no, redactions.

12. On January 11, 2021, the Debtors filed a limited objection to the Media Intervenors' Motion to Intervene and Unseal (the "**Debtors' Limited Objection**"). Pursuant to paragraph 29 of the Case Management Order, replies to the Debtors' Limited Objection are due on January 18, 2021. In conjunction with the Debtors' Limited Objection, the Debtors simultaneously filed the Cross-Motion to Seal seeking an order sealing the Debtors' Sealed Documents.

13. Because the Cross-Motion to Seal concerns the sealing of the same documents that are the subject of the Media Intervenors' Motion to Intervene and Unseal and involves identical legal and factual issues, and because the Scheduling Stipulation contemplates that arguments "in support of . . . continued sealing" shall be heard on January 20, 2021, the Debtors submit that, in the interest of judicial efficiency and timely resolution of the issues raised by the Media Intervenors, good cause exists to shorten the notice period with respect to the Cross-Motion to Seal to allow that motion to be heard at the hearing scheduled for January 20, 2021, at 10:00 a.m. (Prevailing Eastern Time).

14. Moreover, the Debtors do not believe that any party would be prejudiced by shortening notice with respect to the Cross-Motion to Seal. The Debtors have worked closely with the Media Intervenors, the UCC, the Sackler Families, the Ad Hoc Group of Non-Consenting States ("**Non-Consenting States**"), and the IACs to put into place an orderly process

to evaluate the voluminous materials at issue, expeditiously file on the public docket the information that no party contends should remain under seal, and sharpen and narrow any issues that require the Court's resolution, as memorialized in the Schedule Stipulation. To the extent that any other parties in interest intend to object to the requested relief, the objection deadline will be **January 18, 2021, at 4:00 p.m. (Prevailing Eastern Time)**, which is two businesses days before the scheduled hearing date, and, consistent with the Case Management Order, is the date on which any replies to the Limited Objection would be due. Therefore, those parties will be well positioned to address the Cross-Motion to Seal on a shortened timeline. The Debtors will also continue to engage with the various constituencies regarding the Cross-Motion to Seal leading up to the January 20, 2021 hearing.

## Notice

15. Notice of this Motion will be provided to (a) the entities on the Master Service List (as defined in the Case Management Order and available on the Debtors' case website at https://restructuring.primeclerk.com/purduepharma) and (b) any person or entity with a particularized interest in the subject matter of this motion. The Debtors respectfully submit that no further notice is required.

## No Prior Request

16. The Debtors have not previously sought the relief requested herein from this Court or any other court.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully request that the Court enter the proposed form of order, substantially in the form attached hereto, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: January 11, 2020
      New York, New York

By: /s/ *Benjamin S. Kaminetzky*
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
James I. McClammy
Marc J. Tobak
Gerard X. McCarthy

*Counsel to the Debtors
and Debtors in Possession*

**<u>Exhibit A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| **In re:**<br><br>**PURDUE PHARMA L.P.,** *et al.*,<br><br>**Debtors.**[1] | **Chapter 11**<br><br>**Case No. 19-23649 (RDD)**<br><br>**(Jointly Administered)** |

### [PROPOSED] ORDER SHORTENING NOTICE WITH RESPECT TO DEBTORS' MOTION FOR ENTRY OF AN ORDER SEALING JUDICIAL DOCUMENTS

Upon the motion (the "**Motion**")[2] of Purdue Pharma L.P. and its affiliates that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**") for entry of an order (this "**Order**") shortening the notice period with respect to the Cross-Motion to Seal, as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to such term in the Motion.

provided; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and the Court having determined that the relief requested is in the best interests of the Debtors, their estates, creditors and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**

1. The relief requested in the Motion is hereby granted as set forth herein.

2. Notice of the Cross-Motion to Seal as provided therein shall be deemed good and sufficient notice of such Cross-Motion to Seal.

3. A hearing (the "**Hearing**") to consider the relief requested in the Cross-Motion to Seal will be held before the Honorable Robert D. Drain, United States Bankruptcy Judge, 300 Quarropas Street, White Plains, New York 10601 on **January 20, 2021, at 10:00 a.m. (Prevailing Eastern Time)**.

4. The responses or objections to the Mediation Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the *Second Amended Order Establishing Certain Notice, Case Management, and Administrative Procedures* entered on November 18, 2019 [Dkt. No. 498] (the "**Case Management Order**"), and shall be filed with the Court (a) by registered users of the Court's case filing system, electronically in accordance with General Order M–399 (which can be found at http://www.nysb.uscourts.gov), and (b) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers as set forth in the Case Management Order), in accordance with the customary practices of the Court and General Order M–399, to the extent applicable, and served

so as to be actually received no later than **January 18, 2021, at 4:00 p.m. (Prevailing Eastern Time)**—on the Master Service List (as defined in the Case Management Order).

5. The Debtors are authorized to take all such actions as are necessary or appropriate to implement the relief granted in this Order.

6. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

White Plains, New York
Dated: _____, 2021

                                         THE HONORABLE ROBERT D. DRAIN
                                         UNITED STATES BANKRUPTCY JUDGE