DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
James I. McClammy
Eli J. Vonnegut

*Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (RDD)** |
| Debtors.[1] | **(Jointly Administered)** |

**DEBTORS' REPLY IN FURTHER SUPPORT OF THE FIFTH AMENDED ORDER**
**EXTENDING TIME TO OBJECT TO DISCHARGEABILITY OF CERTAIN DEBTS**

Purdue Pharma L.P. ("**PPLP**") and its affiliates that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**," the "**Company**," or "**Purdue**") hereby submit this reply ("**Reply**") in further support of entry of the *Fifth Amended Order Extending Time to*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717), and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

*Object to Dischargeability of Certain Debts* [Dkt. No. 2220] (the "**Fifth Amended Order**")[2] and in response to the *Objection to Debtors' Fifth Amended Order Extending Time to Object to Dischargeability of Certain Debtors* [Dkt. No. 2270] filed by Deborah Clonts ("**Ms. Clonts**") in response thereto. The Debtors respectfully state as follows:

1.  Ms. Clonts previously filed the *Motion for Claim Payment* [Dkt. No. 2059] (the "**Claim Payment Motion**"), the *Motion for Lift of Automatic Stay* [Dkt. No. 2175] (the "**Lift Stay Motion**"), the *Letter in Support of Amended Motion for Lift of Automatic Stay* [Dkt. No. 2194] (the "**Lift Stay Letter**"), and the *Amended Motion for Lift of Automatic Stay* [Dkt. No. 2209] (the "**Amended Lift Stay Motion**") (collectively, "**Ms. Clonts' Motions**"), which are scheduled to be heard at the January 20, 2021 omnibus hearing. Ms. Clonts' Motions together seek payment based on Ms. Clonts' asserted proofs of claim filed in these cases, arguing "this debt should be deemed non-dischargeable, due and payable in full." (Lift Stay Mot. ¶ 1; Am. Lift Stay Mot. ¶ 1.)

2.  On January 13, 2021, the Debtors filed an omnibus objection [Dkt. No. 2266] (the "**Debtors' Omnibus Objection**") to Ms. Clonts' Motions, noting that, *inter alia*, "[t]o the extent that [Ms. Clonts] raises issues of nondischargeability, the Debtors submit that such issues are more properly addressed in the context of plan confirmation." (Debtors' Omnibus Obj ¶ 2). Ms.

---

[2] On December 23, 2019, the Debtors filed their *Motion for Entry of an Order Extending Time To Object to Dischargeability of Certain Debts* [Dkt. No. 700] (the "**Extending Time Motion**") upon presentment seeking to extend the deadline for filing a complaint to determine the dischargeability of a debt (the "**Determination Deadline**") through and including April 6, 2020. The Extending Time Motion was granted on January 7, 2020 by the *Order Extending Time to Object to Dischargeability of Certain Debts* [Dkt. No. 720]. The Determination Deadline was extended by further Order on April 2, 2020 [Dkt. No. 1009], June 18, 2020 [Dkt. No. 1290], July 27, 2020 [Dkt. No. 1524], and October 21, 2020 [Dkt. No. 1829]). The Fifth Amended Order would extend the Determination Deadline through and including May 3, 2021. (Fifth Am. Order ¶ 2.)

2

Clonts now objects to entry of the Fifth Amended Order by raising the same issues with respect to nondischargeability that were raised previously in Ms. Clonts' Motions.

3.  As discussed in the Extending Time Motion, under the settlement framework currently under discussion among the Debtors and their creditors, the question of whether certain claims asserted against the Debtors are dischargeable may not be a material issue for the Debtors or any post-bankruptcy successor company. (Extending Time Mot. ¶ 8). Indeed, as contemplated under the settlement, personal injury claimants like Ms. Clonts will be eligible to receive cash distributions from a personal injury claims trust through fair and equitable trust distribution procedures, obviating any need to make a determination on dischargeability. (*See* Mediators' Report, ¶ 6 (Sept. 23, 2020), Dkt. No. 1716). A further extension of the Determination Deadline would among other things avoid a potential flood of adversary complaints at this critical juncture in these cases.

4.  Therefore, for the reasons set forth in the Extending Time Motion and the Debtors' Omnibus Objection and restated here, the Debtors submit that a further extension of the Determination Deadline is in the best interest of the Debtors and all parties in interest and request that the Court overrule Ms. Clonts' objection to the Fifth Amended Order.

[*Remainder of page intentionally left blank*]

Dated: January 15, 2021
      New York, New York

*/s/ James I. McClammy*
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
James I. McClammy
Eli J. Vonnegut

*Counsel to the Debtors*
*and Debtors in Possession*