IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>PURDUE PHARMA L.P., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 19-23649 (RDD) |

**REPLY IN SUPPORT OF MOTIONS TO UNSEAL JUDICIAL RECORDS BY DOW JONES & COMPANY, INC., BOSTON GLOBE MEDIA PARTNERS, LLC, AND REUTERS NEWS & MEDIA, INC.**

Dow Jones & Company, Inc. ("Dow Jones"), publisher of *The Wall Street Journal* and other publications, including *WSJ Pro Bankruptcy* and Dow Jones Newswires, Boston Globe Media Partners, LLC, publisher of *The Boston Globe* and *STAT*, and Reuters News & Media, Inc. (collectively, the "Media Intervenors"), submit this Reply in support of their Motions to Unseal Judicial Records, ECF 2022 and 2188.

## BACKGROUND

1. The Media Intervenors filed a Motion to Intervene and Unseal Judicial Records on November 23, 2020[1] (the "First Unsealing Motion"), seeking the unsealing of all sealed and redacted judicial documents filed with the Court in these proceedings.

2. The Ad Hoc Group of Non-Consenting States and the NAS Children Ad Hoc Committee filed statements of joinder in support of the Media Intervenors' First Unsealing Motion.[2]

---

[1] *Motion to Intervene and Unseal Judicial Records by Media Intervenors Dow Jones & Company, Inc., Boston Globe Media Partners, LLC, and Reuters News & Media, Inc.* [ECF 2022].
[2] *The Ad Hoc Group of Non-Consenting States' Statement Regarding the Motion to Intervene and Unseal Judicial Records by Dow Jones & Company, Inc., Boston Globe Media Partners, LLC, and Reuters News & Media, Inc.* [ECF 2065]; *The NAS Children Ad Hoc Committee's Joinder to the Ad Hoc Group of Non-Consenting States'*

1

3. In a responsive statement filed December 14, 2020 (the "Raymond Sackler Opp."),[3] the Raymond Sackler Family indicated that, while they are generally amenable to unsealing the sealed and redacted judicial documents in this matter, they oppose the unsealing of certain categories of material, including names of counterparties and investment advisors with respect to third party investments and business relationships, non-public personal identifying information, personal medical information, and privilege logs and their addenda. Raymond Sackler Opp. at 3–6.

4. Following discussions among counsel for Media Intervenors, the Debtors, the Official Committee of Unsecured Creditors, the Raymond Sackler Family, and the Mortimer Sackler Family, a stipulation was reached regarding a schedule for the public filing of previously sealed and redacted judicial documents that no party asserts should remain under seal.[4] The stipulation was signed and ordered by the Court on December 15, 2020.[5]

5. The Media Intervenors filed a Second Motion to Unseal Judicial Records on December 22, 2020,[6] challenging the sealing or redaction of any documents that were filed with the Court after their First Unsealing Motion.

6. In keeping with the stipulation, following meet and confer discussions among their counsel, the Debtors, the Official Committee of Unsecured Creditors (the "UCC"), the Raymond Sackler Family, and the Mortimer Sackler Family filed the vast majority of the

---

*Statement Regarding the Motion to Intervene and Unseal Judicial Records by Dow Jones & Company, Inc., Boston Globe Media Partners, LLC, and Reuters News & Media, Inc.* [ECF 2090].
[3] *Statement of the Raymond Sackler Family in Respect of the Motion to Intervene and Unseal Judicial Records by Dow Jones & Company, Inc., Boston Globe Media Partners, LLC, and Reuters News & Media, Inc.* [ECF 2132].
[4] *Stipulation and Agreed Order Regarding Media Intervenors' Motion to Unseal Materials Filed in Connection with UCC Privileges Motions* [ECF 2136].
[5] *Stipulation and Agreed Order Regarding Media Intervenors' Motion to Unseal Materials Filed in Connection with UCC Privileges Motions* [ECF 2140].
[6] *Second Motion to Unseal Judicial Records by Media Intervenors Dow Jones & Company, Inc., Boston Globe Media Partners, LLC, and Reuters News & Media, Inc.* [ECF 2188].

previously sealed and redacted judicial documents publicly in unsealed or less-redacted form in December 2020 and January 2021.  In total, more than 500 documents that had previously been entirely under seal or heavily redacted were filed on the public docket, many without redaction (collectively, the "Unsealed Filings").

7. The Debtors filed objections to the Media Intervenors' motion to unseal on January 11, 2021[7] (the "Debtors' Opp."), setting forth categories of information that were redacted from the Unsealed Filings, including what the Debtors' describe as non-public personal identifying information, privileged material that was inadvertently produced during discovery, information about patents, and other confidential commercial information.  Debtors' Opp. at 15–22.  The Debtors also state that they object to the unsealing of any portion of 13 exhibits containing excerpts of privilege logs and other related privilege log information (collectively, "Privilege Log Materials").  *Id.* at 13 n.12.

8. For the reasons set forth below, the Media Intervenors object to the continued sealing of the Privilege Log Materials and to the redaction of certain of the information that Debtors assert—and Media Intervenors dispute—is confidential commercial information within the meaning of Section 107(b)(1).  Because no party advocating for continued sealing has met its burden to demonstrate that the public's presumptive rights of access under Section 107 and the First Amendment is overcome as to these materials, they should be unsealed.  The Media Intervenors do not object to the majority of the redactions in the Unsealed Filings.  Specifically, the Media Intervenors do not object to the redaction of non-public personal identifying information (specifically, personal e-mail addresses, home addresses, and telephone numbers),

---

[7] *Debtors' Limited Objection to the Media Intervenors' Motions to Intervene and Unseal Judicial Records and Cross-Motion to Seal Certain Judicial Records* [ECF 2252]; *see also Declaration of Jon Lowne in Support of the Debtors' Limited Objection to the Media Intervenors' Motions to Intervene* [ECF 2254].

3

medical information, names of minor children, material that constitutes a trade secret, and material that is properly defined as confidential commercial information under Section 107(b)(1).[8]

## ARGUMENT

**A.  The Right of Access Under Section 107 of the Bankruptcy Code and the First Amendment to the U.S. Constitution.**

9.  As set forth in Media Intervenors' motions to unseal, codified in the Bankruptcy Code is a strong presumption of access to court records in bankruptcy matters. Section 107 of the Bankruptcy Code provides that, unless subject to an enumerated exemption, all papers filed in chapter 11 proceedings shall be open to the public. 11 U.S.C.A. § 107(a); *see also In re Food Mgmt. Grp., LLC*, 359 B.R. 543, 554 (Bankr. S.D.N.Y. 2007) (noting that, unless subject to one of Section 107's "express exceptions," a document filed in a chapter 11 proceeding "must be open to public inspection").

10.  Section 107's enumerated exceptions include certain types of information related to the business of the debtor, including confidential research, development, or commercial information. 11 U.S.C.A. § 107(b)(1). Confidential commercial information is defined as information that would give "an unfair advantage to competitors" by revealing details about the debtor's commercial operations. *Video Software Dealers Assn. v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994) (quoting *Ad Hoc. Protective Comm. For 10 ½ Debenture Holders v. Itel Corp. (In re Itel Corp.)*, 17 B.R. 942, 944 (Bankr. 9th Cir. 1982)).

11.  The proponent of sealing bears the burden of demonstrating that an exception to the presumption of openness applies. *In re Food Mgmt. Grp., Inc.*, 359 B.R. at 561. To meet

---

[8] Media Intervenors' decision not to object to certain redactions is not—and should not be interpreted to be—a concession that all such material is properly sealed.

this burden of proof, the party seeking sealing "must demonstrate extraordinary circumstances and compelling need to obtain protection." *Id.* (citing *In re Orion Pictures Corp.*, 21 F.3d at 27). Mere speculation or conjecture that documents might fall into a protected category is insufficient to warrant sealing. *In re FiberMark, Inc.*, 330 B.R. 480, 506 (Bankr. Vt. 2005).

12. Even where a Section 107 exception applies, courts should redact information falling within the exception, rather than seal documents in their entirety. *In re Borders Grp., Inc.*, 462 B.R. 42, 47 (Bankr. S.D.N.Y. 2011). "The policy favoring public access supports making public as much information as possible while still preserving confidentiality of protectable information." *Id.*

13. In addition to Section 107, the First Amendment to the U.S. Constitution also provides a strong presumption of public access to the sealed and redacted judicial records at issue in this case. *See, e.g.*, *In re Traversa*, 371 B.R. 1, 5–6 (D. Conn. 2007) (applying First Amendment standard when evaluating motion to seal documents in bankruptcy proceeding); *see also Lugosch v. Pyramid Co. of Onondaga*, 453 F.3d 110, 120 (2d Cir. 2006) (citing *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91 (2d Cir. 2004) (applying First Amendment right of access to both court records and proceedings in civil matters).

14. The Media Intervenors object to the continued sealing and redaction of certain materials, as detailed herein. Because the proponents of continued sealing and of those materials have failed to "demonstrate extraordinary circumstances and compelling need to obtain protection," *In re Food Mgmt. Grp., Inc.*, 359 B.R. at 561, and "that closure is essential to preserve higher values," *Lugosch*, 453 F.3d at 120, those materials should be unsealed.

      **B.**      **The Privilege Log Materials Should Be Unsealed.**

15.     Privilege Log Materials have been included as exhibits in support of the UCC's Motions to Compel.[9] To remain under seal, the Privilege Log Materials must be shown to fall within one of the narrow exemptions set forth in Section 107. The proponent of continued sealing must also show that the First Amendment right of access has been overcome. Neither the Raymond Sackler Family nor the Debtors, who are the proponents of continued sealing, has made such a showing with regard to the Privilege Log Materials.

16.     The parties have not, and cannot, identify any of the Section 107 exemptions that would apply to the Privilege Log Materials. Nor can they credibly assert that the Privilege Log Materials themselves are privileged, as the purpose of a privilege log is to convey the basis for the assertion of privilege without waiving the privilege.

17.     Instead, relying on an unreported out-of-circuit case, the Raymond Sackler Family and the Debtors assert that a "privilege log itself is not evidence; rather, the document named in the privilege log is the evidence." Raymond Sackler Opp. at 5 (citing *Old Republic Ins. Co. v. Ness, Motley, Loadholt, Richardson & Poole, P.A.*, No. 03 C 5238, 2006 WL 3782994, at *13 (N.D. Ill. Dec. 21, 2006)); Debtors' Opp. at 13 n.12 (citing *Old Republic Ins. Co.*, 2006 WL 3782994, at *13). This argument, however, misses the mark. Where, as here, portions of privilege logs and their addenda are attached to motion papers—and, indeed, as here, go to the heart of the dispute underlying the UCC's Motions to Compel (*i.e.*, whether certain documents may properly be withheld under claims of privilege)—the relevant question is whether the public's presumptive rights of access to those materials is overcome.

---

[9] Declaration of Mitchell Hurley Dated September 29, 2020 at 3–4 (describing Exhibits A, B, and C) [ECF 1754] ("Hurley Declaration"); *Declaration of Arik Preis Dated November 18, 2020* at 3–4 (describing Exhibits A, B, and C) [ECF 2015] ("Preis Declaration").

6

18.     Furthermore, relying on the U.S. Court of Appeals for the Second Circuit's decision in *Brown v. Maxwell*, the Raymond Sackler Family and the Debtors assert that the Privilege Log Materials should not be unsealed because the presumption of access is lesser with respect to materials filed in conjunction with discovery motions than for materials filed in conjunction with dispositive motions. Raymond Sackler Opp. at 5–6 (citing *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019)); Debtors' Opp. at 13 n.12 (citing *Brown*, 929 F.3d at 50). However, in *Brown*, though the Second Circuit noted that the presumption of public access may be less weighty in the context of evidentiary motions, it nevertheless found that "erroneous judicial decision-making with respect to such evidentiary and discovery matters can cause substantial harm," and that "[s]uch materials are therefore of value 'to those monitoring the federal courts.'" *Brown*, 929 F.3d at 50 (citing *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)). Accordingly, the Second Circuit directed the district court in *Brown* to conduct a particularized review of material filed with evidentiary motions, including "motions to compel testimony, to quash trial subpoenae, and to exclude certain deposition testimony," to determine whether asserted privacy interests in fact outweighed the public's presumptive right of access to those documents. *Id.* at 50–51.

19.     Accordingly, because the Privilege Log Materials have been filed in conjunction with motions in this matter, including as exhibits to the Hurley Declaration and Preis Declaration, they are subject to Section 107 and the First Amendment rights of access. And, because those rights have not been overcome, the Privilege Log Materials should be unsealed in their entirety.

C. **Material Improperly Categorized as "Confidential Commercial Information" Should Be Unsealed.**

20. While the Media Intervenors do not object to the redaction of information in the Unsealed Filings that is trade secret information or qualifies as "confidential commercial information" within the meaning of Section 107(b)(1), it appears that the parties have redacted information that goes well beyond the scope of that narrow exception. Such material must be unsealed absent a particularized showing that "extraordinary circumstances and compelling need to obtain protection" justify continued redaction. *In re Food Mgmt. Grp., Inc.*, 359 B.R. at 561.

21. Asserting a purported need to preserve relationships with current business partners and develop relationships with future business partners, the Debtors assert that broad categories of information, including information relating to "third-party business partners, insurance settlements, compounds, projects, collaborations, licenses, and third-party financial ratings that are, or are likely to be, subject to confidentiality agreements," should remain under seal. Debtors' Opp. at 11; *see also id.* at 4 (explaining that documents from Standard & Poor's Rating Services and Moody's Investor Services have been withheld in full).

22. However, "confidential commercial information" under Section 107(b)(1) includes *only* information that would give "an unfair advantage to competitors by providing them information as to the commercial operations of the debtor." *In re Orion Pictures Corp.*, 21 F.3d at 27. The mere existence—or potential existence—of a confidentiality agreement with respect to certain information is insufficient to show that the disclosure of such information in litigation would provide competitors with information about the Debtors' commercial operations sufficient to give those competitors an unfair advantage.

23. In addition, certain redactions appear, on their face, to cover information that falls outside the scope of what could be deemed confidential commercial information. For example,

8

Exhibit 15 to the Declaration of Mara Leventhal Dated October 14, 2020 [ECF 2181-6], includes a February 5, 2009 presentation entitled "Corporate Compliance Quarterly Report to Board of Directors 4Q08." One slide is redacted in full except for the words "Be a Compliance Star!" *Id.* at 24. While the exact contents of the slide are unknown to the Media Intervenors, it seems unlikely that any information on that slide would qualify as trade secret or confidential research, development, or commercial information under Section 107(b)(1). And the fact that the redacted presentation is more than a decade old undercuts any contention that disclosure of the redacted material would give "an unfair advantage to competitors by providing them information as to the commercial operations of the debtor." *In re Orion Pictures Corp.*, 21 F.3d at 27

24.    Similarly, a May 2017 memorandum by Purdue Pharma's Chief Executive Officer setting forth his assessment of challenges facing pharmaceutical businesses and potential solutions moving forward has been extensively redacted. Ex. 137 to Declaration of Arik Preis Dated November 18, 2020 [ECF 2261-1 at 32–45] (the "2017 Strategy Memo"). While the Debtors assert that release of this information could give competitors insight into their strategic priorities and potential business plans, see Debtors' Opp. at 13, this general assertion is insufficient to justify the extensive redactions to this almost four-year-old report. *See, e.g.*, 2017 Strategy Memo at 35–37, 40–42 (several paragraphs redacted in full). Indeed, Purdue Pharma has, more recently, indicated an intention to significantly alter its business model by transitioning to a public benefit company in conjunction with these proceedings,[10] making it even more unclear what kind of advantage a competitor could glean from such outdated material. The same

---

[10] Department of Justice Office of Public Affairs, *Justice Department Announces Global Resolution of Criminal and Civil Investigations with Opioid Manufacturer Purdue Pharma and Civil Settlement with Members of the Sackler Family*, United States Department of Justice (Oct. 21, 2020), https://perma.cc/34D2-8K9R.

9

is true for redactions of other commercial information in the Unsealed Filings, many of which are more than a decade old.

25.　In sum, the Debtors have failed to carry their burden to demonstrate that certain of the redacted information they assert is "confidential commercial information" is within the scope of Section 107(b)(1) and should properly be kept under seal notwithstanding the public's rights of access under Section 107 and the First Amendment to the court's records in this matter.

## NOTICE

26.　All parties in interest receiving electronic notifications of filings in these cases will have been provided with notice of this Reply.

Date:　January 15, 2021

Respectfully submitted,

*/s/ Katie Townsend*
Katie Townsend
THE REPORTERS COMMITTEE FOR
FREEDOM OF THE PRESS
1156 15th St. NW, Suite 1020
Washington, D.C. 20005
Phone: 202.795.9300
Facsimile: 202.795.9310
ktownsend@rcfp.org

*Counsel for Media Intervenors*
*Dow Jones & Company, Inc.,*
*Boston Globe Media Partners, LLC,*
*and Reuters News & Media, Inc.*