UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| PURDUE PHARMA L.P., *et al.*, | Case No. 19-23649 (RDD) |
| Debtors. [1] | (Jointly Administered) |

SECOND SUPPLEMENTAL DECLARATION OF
JEFFREY S. BUCHOLTZ IN SUPPORT OF APPLICATION OF
DEBTORS FOR AUTHORITY TO RETAIN AND EMPLOY
KING & SPALDING LLP AS SPECIAL COUNSEL TO
THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE

I, Jeffrey S. Bucholtz, hereby declare that the following statements are true and correct to the best of my knowledge after due inquiry as described herein:

1. I am a partner of the law firm of King & Spalding LLP ("**K&S**"), which maintains offices at 1700 Pennsylvania Avenue, NW, 2nd Floor, Washington, DC 20006-4707. I am an attorney admitted to practice law in the District of Columbia. There are no disciplinary proceedings pending against me.

2. I am familiar with the matters set forth herein and make this second supplemental declaration (the "**Second Supplemental Declaration**") in connection with the *Application Of Debtors For Authority To Retain And Employ King & Spalding LLP As Special Counsel To The*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

*Debtors Nunc Pro Tunc To The Petition Date* [ECF No. 427] (the "**Application**")[2] filed on November 5, 2019, and my initial declaration attached as Exhibit B to the Application (the "**Initial Declaration**").

3. As set forth in the Application, which was granted by this Court on November 25, 2019 [ECF No. 543], K&S committed to file a supplemental declaration pursuant to Bankruptcy Rule 2014 to the extent it discovered new information that was relevant to the Application and merited disclosure. *See* Initial Declaration, ¶ 8. Accordingly, in connection with K&S's representation of the Debtors as special counsel, I submit this Second Supplemental Declaration to provide the additional disclosures set forth herein.

## SPECIFIC DISCLOSURES

4. On January 19, 2021, Craig Carpenito joined K&S as a partner in its New York City office. Mr. Carpenito was previously employed by the United States Department of Justice ("**DOJ**") and participated in the DOJ's investigations of Purdue Pharma L.P. relating to its opioid marketing practices, as well as in Purdue's bankruptcy proceedings (the "**Matter**"). Mr. Carpenito's work on the Matter ended in September 2020, before he began negotiating with K&S for future employment.

5. Mr. Carpenito will not be involved in any way in K&S's representation of the Debtors relating to the Matter. The procedures being taken to screen Mr. Carpenito from K&S's work relating to the Matter are (i) a prohibition against Mr. Carpenito speaking with or in the presence of any K&S personnel working on the Matter about it, (ii) a prohibition against any of the K&S personnel working on the Matter from speaking with Mr. Carpenito or in his presence

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

about it, (iii) a prohibition against Mr. Carpenito bringing to K&S any documents, files, or materials in any form or medium about the Matter; and (iv) a prohibition against Mr. Carpenito accessing, reading, or reviewing any documents, files, or materials in any form or medium about the Matter.  K&S will distribute these prohibitions to all personnel who are working on, or in the future are added to the personnel working on, the Matter, and also to Mr. Carpenito.  All recipients will be advised of their obligation to abide strictly by these prohibitions.

6.      In light of the foregoing, and based upon the information available to me, K&S neither represents nor holds an interest adverse to the interests of the Debtors or their estates with respect to the matters on which K&S has been employed.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief on this 19th day of January, 2021.

*/s/ Jeffrey S. Bucholtz*
Jeffrey S. Bucholtz