UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| In re: | Chapter 11 |
| PURDUE PHARMA L.P., *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

---

AFFIDAVIT AND DISCLOSURE STATEMENT OF Booker T. Shaw,

ON BEHALF OF THOMPSON COBURN LLP

STATE OF MISSOURI    )
                     ) S.S.:
CITY OF ST. LOUIS    )

Booker T. Shaw, being duly sworn, upon his oath, deposes and says as follows:

1. I am a partner of Thompson Coburn LLP, located at One US Bank Plaza, St. Louis, Missouri, 63101. (the **"Firm"**).

2. Purdue Pharma L.P. and its affiliates that are debtors and debtors in possession in the above-captioned Chapter 11 cases (collectively, the **"Debtors"**), have requested that the Firm provide services to the Debtors, and the Firm has consented to provide such services (the **"Services"**).

3. The Services include, but are not limited to, the following:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486, Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscence company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

    a. Defense of Purdue Pharma L.P. and Purdue Pharma, Inc. in *Cynthia Drake v. Westport Plaza Medical Group et al*, 1916-cv03720 in the 16th Judicial Circuit, Jackson County, State of Missouri;

    b. Defense of Purdue Pharma L.P., Purdue Pharma Inc., and The Purdue Frederick Company in *Jefferson County et al v. Dannie E. Williams M.D. et al*, 1922-cc00203-01 in the 22nd Judicial Circuit, City of St. Louis, State of Missouri;

    c. Defense of Purdue Pharma, Inc. in *Janna Lowry v. Comprehensive Pain Specialists, et al*, 18SL-cc00300 in the 21st Judicial Circuit, County of St. Louis, State of Missouri;

    d. Defense of Purdue Pharma, L.P., Purdue Pharma, Inc., and The Purdue Frederick Company in *State of Missouri ex rel. Joshua D. Hawley*, 1722-cc10626 in the 22nd Judicial Circuit, City of St. Louis, State of Missouri;

    e. Defense of Purdue Pharma L.P., Purdue Pharma Inc., and Purdue Frederick Company Inc. in *St. Louis County, Missouri v. Purdue Pharma L.P. et al*, 1:17-op-45083-DAP in the United States District Court, Northern District of Ohio (Cleveland).

4. The Firm may have performed services in the past and may perform services in the future, in matters unrelated to these Chapter 11 cases, for persons that are parties in interest in the Debtors' Chapter 11 cases. As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be claimants or employees of the Debtors, or other parties in interest in these Chapter 11 cases. The Firm does not perform services for any such person in connection with these Chapter 11 cases. In addition, the Firm does not have any relationship with any such person, such person's attorneys, or such

person's accountants that would be adverse to the Debtors or their estates with respect to the matters on which the Firm is to be retained.

5. Neither I, nor any principal of, or professional employed by the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than principals and regular employees of the Firm.

6. Neither I nor any principal of, or professional employed by the Firm, insofar as I have been able to ascertain, holds or represents any interest materially adverse to the Debtors or their estates with respect to the matters on which the Firm is to be retained.

7. As of the commencement of this Chapter 11 case, the Debtors owed the Firm $ 7,493.85 in respect of prepetition services rendered to the Debtors.

8. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of this inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Affidavit.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Affidavit and Disclosure Statement was executed on January 7, 2020, at St. Louis, Missouri.

_____
Affiant Name

SWORN TO AND SUBSCRIBED before me this 7th day of January, 2020.

_____
Notary Public

JUDY LYN CORRADO
Notary Public - Notary Seal
STATE OF MISSOURI
St. Louis City
My Commission Expires: Aug. 15, 2022
Commission # 10516589

- 3 -

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.,** *et al.,* | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

**RETENTION QUESTIONNAIRE**

TO BE COMPLETED BY PROFESSIONALS EMPLOYED BY Purdue Pharma L.P. and its affiliates that are debtors and debtors in possession in the above-captioned cases (collectively, the **"Debtors"**).

All questions **must** be answered. Please use "none," "not applicable," or "N/A," as appropriate. If more space is needed, please complete on a separate page and attach.

1. Name and address of professional:

   Thompson Coburn LLP; One US Bank Plaza, St. Louis, MO 63101

2. Date of retention: 8/23/2017

3. Type of services to be provided: Litigation defense

4. Brief description of services to be provided: Defend Debtors in opioid litigation

5. Arrangements for compensation (hourly, contingent, etc.): hourly

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486, Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscence company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

  a. Average hourly rate (if applicable): Partners: $440; Associates: $330

  b. Estimated average monthly compensation based on prepetition retention (if company was employed prepetition): $3842.17

6. Prepetition claims against the Debtors held by the company:

Amount of claim: $ $7,493.85

Date claim arose: 9/15/2019

Nature of claim: payment for legal services rendered through 9/15/2019

7. Prepetition claims against the Debtors held individually by any member, associate, or employee of the company:

Name: None

Status:

Amount of claim:

Date claim arose:

Nature of claim:

*We conducted a survey of all members, associates and employees and did not receive any positive responses to this question.*

8. Disclose the nature and provide a brief description of any interest adverse to the Debtors or to their estates for the matters on which the professional is to be employed:

  a. Represent RX Outreach in contract negotiations for consulting services with Purdue Pharma L.P. and the related statements of work. Thompson Coburn LLP is not representing Purdue Pharma L.P. in this matter. Thompson Coburn has obtained waivers of conflict of interest from RX Outreach and Purdue Pharma L.P.

  b. Represent AkzoNobel N.V. and Eden Wood Corporation and its parent, Neu Holdings U.S. Corporation in *Occidental Chemical Corporation v. 21st Century Fox America, Inc. et al.,* Case No. 2:18-cv-11273-JLL-JAD in the United States District Court of New Jersey in which Purdue Pharma L.P. is a co-defendant. The co-defendants in the OxyChem Litigation have entered into a Joint Defense Agreement that stipulates that all cross-claims, third-party claims and counterclaims are preserved but not asserted. Thompson Coburn does not represent Purdue Pharma L.P. in the OxyChem Litigation or related matters.

- 3 -

9. Disclose whether the professional currently represents any of the Debtors' existing shareholders, including trusts, beneficiaries, companies, affiliates, family members and any similar related parties (together, the "**Shareholder Parties**"), and/or any entity owned or controlled by any Shareholder Party (in each case other than any Debtor), and whether any Shareholder Party or any entity owned or controlled by any Shareholder Party (other than any Debtor) accounted for more than 1% of the professionals' annual revenue for any of the last five years. If so, describe what ethical walls or other protections are in place with regard to the concurrent representations.

   *We ran conflicts on the Shareholder Parties and to the best of our knowledge, Thompson Coburn LLP does not represent any Shareholder Parties or any entity owned or controlled by any Shareholder Party.*

10. Name and title of individual completing this form:

    Booker T. Shaw, Partner; Thompson Coburn LLP

    Dated: January 14, 2020