UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION
TREAT SUBJECT TO PROTECTIVE ORDER

# EXHIBIT 48

PUBLICLY FILED PER STIPULATION [ECF 2140]

PRIVILEGED & CONFIDENTIAL
Joint Defense Agreement

# MEMORANDUM OF UNDERSTANDING REGARDING JOINT DEFENSE AND COMMON INTEREST AGREEMENT

This Memorandum of Understanding (the "MOU"), dated as of May 15, 2018, is entered into by and between the undersigned counsel on behalf of (i) Heatheridge Trust Company Limited, in its capacity as trustee of a settlement dated December 31, 1993 and known as the Beacon Trust; (ii) Hillside Trust Company Limited, in its capacity as trustee of a settlement dated March 16, 1998 and known as the Milton Trust; (iii) Dame Theresa E. Sackler; (iv) Ms. Ilene Sackler Lefcourt; (v) Ms. Samantha Sackler Hunt; (vi) Dr. Kathe A. Sackler; (vii) Mr. Mortimer D. A. Sackler; (viii) Mr. Jacques Theurillat; (ix) Mr. Cecil Pickett; and (x) Purdue Pharma L.P., Purdue Pharma Inc. and The Purdue Frederick Company, Inc. (collectively, the "Parties").

WHEREAS the United States District Court for the Northern District of Ohio has consolidated a group of actions naming Purdue Pharma L.P., Purdue Pharma Inc. and The Purdue Frederick Company, Inc. as defendants, among others, titled *In re: National Prescription Opiate Litigation*, No. 1:17-CV-2804, in which various parties have sought damages and other relief relating to alleged liability arising out of the design, approval, manufacture, sale, distribution and marketing of opioid medications by Purdue Pharma L.P., its affiliates and others; other cases related to such activities are also pending or may be filed in various courts around the United States in which the defendants include Purdue Pharma L.P., Purdue Pharma Inc. and The Purdue Frederick

PROFESSIONALS' EYES ONLY/CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER

PUBLICLY FILED PER STIPULATION [ECF 2140]

RSF00484625

Company, Inc., Dr. Richard Sackler, Estate of Mortimer Sackler, Estate of Raymond Sackler; and federal and state regulatory and other enforcement agencies have undertaken or may undertake investigations of such activities (collectively, the "Actions");

WHEREAS, the undersigned believe and anticipate that, on the basis of currently available information, the nature of the Actions and the relationship among the undersigned will present various common legal and factual issues and a mutuality of interest in a joint defense in connection with the Actions, or any other claims, proceedings or investigations that may arise in relation to the Actions;

WHEREAS, the undersigned wish to continue to pursue their separate but common interests, and to avoid any suggestion of waiver of the confidentiality or immunity of communications and documents protected by the attorney-client privilege, the attorney's work product doctrine or any other privilege or immunity vis-à-vis potentially adverse parties; and

WHEREAS, it is the intention and understanding of the undersigned that past and future communications among and between the undersigned are and shall remain confidential and shall continue to be protected from disclosure to any other party by applicable privileges and immunities, except as set forth herein; and

WHEREAS, in order to pursue a joint defense effectively, the undersigned have also each concluded that, from time to time, their interests will be best served by sharing documents, factual material, mental impressions, memoranda, interview reports, litigation strategies and other information, including the confidences of each client – all of which will hereafter be referred to as the "Defense Materials" (but only to the extent

2

PROFESSIONALS' EYES ONLY/CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER

PUBLICLY FILED PER STIPULATION [ECF 2140]

RSF00484626

UNREDACTED - CONTAINS OUTSIDE PROFESSIONALS' EYES ONLY INFORMATION TREAT SUBJECT TO PROTECTIVE ORDER

that such material or information was not already in the possession of the recipient before the communication of such material or information by a signatory to this MOU or was thereafter independently obtained); and

WHEREAS, it is the purpose of this MOU to ensure that any exchange and/or disclosure of the Defense Materials contemplated herein does not diminish in any way the confidentiality of the Defense Materials and does not constitute a waiver of any privilege or immunity otherwise available,

NOW, THEREFORE, in consideration of the mutual promises contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1. Except as expressly stated in writing to the contrary, any and all Defense Materials obtained by any of the undersigned from each other are being provided solely for internal use of the undersigned and their counsel and shall remain confidential and shall be protected from disclosure to any third party by the joint-defense privilege, the clients' attorney-client privilege, the attorneys' work product doctrine and other applicable privileges and immunities. All Defense Materials shall be used solely in connection with the Actions.

2. Neither the undersigned nor their counsel shall disclose Defense Materials or the contents thereof to anyone not a signatory to this MOU (except the undersigned counsels' firms, employees or agents) without first obtaining the written consent of all counsel for all the Parties who have signed this MOU. It is expressly understood that nothing contained in this MOU shall limit the right of the undersigned to

3

PROFESSIONALS' EYES ONLY/CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER

PUBLICLY FILED PER STIPULATION [ECF 2140]

RSF00484627

disclose to anyone as they see fit any of their own documents or information or any documents or information they obtained independently and not pursuant to this MOU.

3. All persons permitted access to Defense Materials shall be advised that the Defense Materials are privileged and subject to the terms of this MOU.

4. If any person or entity requests or demands, by subpoena or otherwise, any Defense Materials from the undersigned, counsel for that Party will immediately notify all counsel for Parties this Agreement who may have rights in said materials, and each counsel so notified will take all steps necessary to permit the assertion of all applicable rights, privileges and immunities with respect to such Defense Materials, including permitting the other affected Parties a reasonable opportunity to intervene and be heard, and otherwise cooperating fully with the other affected Parties in any judicial proceedings relating to the disclosure of Defense Materials.

5. Nothing contained herein shall be deemed to create an attorney-client relationship between any attorney and anyone other than the client of that attorney; the fact that any attorney has entered this MOU shall not in any way preclude that attorney from representing any interest that may be construed to be adverse to any other party to this MOU or be used as a basis for seeking to disqualify any counsel from representing any other party in this or any other proceeding; and no attorney who has entered into this MOU shall be disqualified from examining or cross-examining any client who testifies at any proceeding, whether under a grant of immunity or otherwise, because of such attorney's participation in this MOU.

4

6. The signatories to this MOU intend to share information and confer regarding strategies and information relating to the Actions, including at meetings at which some or all of the undersigned counsel are present. Nonetheless, nothing in this MOU shall obligate any signatory to share or communicate any Defense Materials or independently obtained or created materials with any other signatory hereto.

7. Nothing in this MOU shall create a right in any signatory to prevent any other signatory from resolving or otherwise addressing any or all of the Actions against that other signatory according to its own assessment of its best interests. Nothing in this MOU shall prevent any signatory from cooperating with any federal, state, local or tribal agency in any investigation.

8. Should any Party choose to withdraw from this MOU or determine that he, she, or it no longer has, or no longer will have, a mutuality of interest in a joint defense, he or she or it shall provide prior written notice, in which case this MOU shall no longer be operative as to the withdrawing Party, but shall continue to protect all Defense Materials disclosed to the withdrawing Party prior to such withdrawal. The withdrawing Party or his or her counsel shall promptly return all Defense Materials and shall continue to be bound by the obligations of confidentiality with respect to Defense Materials previously furnished pursuant to this MOU.

9. This Agreement constitutes the entire agreement and understanding between the Parties with respect to the subject matter hereof and supersedes any prior oral understanding among the Parties or Counsel regarding the

PROFESSIONALS' EYES ONLY/CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER

PUBLICLY FILED PER STIPULATION [ECF 2140]

RSF00484629

Common Interest Materials. This Agreement may be modified only by written agreement of the Parties.

10. If any provision of this Agreement is determined by a court of competent jurisdiction to be invalid or unenforceable, the remainder of this Agreement shall nonetheless remain in full force and effect.

11. Each signatory to this Agreement hereby states and affirms that he or she has full authority to execute this Agreement on behalf of the Party for whom he or she executes the Agreement.

12. This Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, successors and assigns, and any corporation, partnership or other entity into or with which any Party hereto may merge, consolidate or reorganize.

13. Any notice required or contemplated by this Agreement shall be in writing and shall be deemed delivered if sent by hand, overnight delivery service, or electronic transmission to the attorneys at the addresses contained in the signature blocks below. Each Party may change the attorney and/or address for notice by providing notice to the other Party as set forth above.

14. Each Party to this Agreement acknowledges that this Agreement was drafted jointly by the Parties, that each Party has consulted with such Party's own attorneys and fully understands the terms hereof, and that each Party has received legal advice from such Party's own attorneys regarding the advisability of entering into this Agreement and is voluntarily executing the Agreement. This Agreement is not intended

6

to, and shall not, create rights in any person or entity not a party hereto. Other parties may be added to this Agreement only with the prior unanimous written consent of all Parties.

15. This MOU may be executed in any number of counterparts, each counterpart constituting an original, but all together one and the same agreement.

16. Additional individuals or entities may become a Party to the Agreement by signing the form entitled "Agreement to Join the Joint Defense and Common Interest Agreement," attached hereto as Exhibit A, provided that each and every existing Party to the Agreement unanimously consent to said additional individual or entity joining the Agreement. In the event an individual or entity seeks to join the Agreement, he, she, or it must notify all existing Parties to the Agreement of their plans by sending a communication by email and letter via overnight courier to each of the Parties or their counsel at the addresses set forth below. If a Party to the Agreement does not respond to said notification within three business days of receipt of said notification, said notified Party shall be deemed to have consented to the additional individual or entity joining the Agreement. Any individual or entity which signs the "Agreement to Join the Joint Defense and Common Interest Agreement" shall have all the rights and obligations of existing Parties to the Agreement.

PROFESSIONALS' EYES ONLY/CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER

PUBLICLY FILED PER STIPULATION [ECF 2140]

RSF00484631

DEBEVOISE & PLIMPTON
919 Third Avenue
New York, NY 10022
Main: 212-909-6000
Fax: 212-909-6836

By: _____
 Mary Jo White

*Counsel for*:

*Heatheridge Trust Company Limited, in its capacity as trustee of a settlement dated 31 December 1993 and known as the Beacon Trust*
*Hillside Trust Company Limited, in its capacity as trustee of a settlement dated 16 March 1998 and known as the Milton Trust*
*Dame Theresa E. Sackler*
*Ms. Ilene Sackler Lefcourt*
*Ms. Samantha Sackler Hunt*
*Dr. Kathe A. Sackler*
*Mr. Mortimer D. A. Sackler*
*Mr. Jacques Theurillat*
*Mr. Cecil Pickett*

QUINN EMANUEL URQUHART &
SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Main: 212-849-7000
Fax: 212-849-7100

By: _____
 Sheila L. Birnbaum

*Counsel for:*

*Purdue Pharma L.P., Purdue Pharma Inc. and The Purdue Frederick Company, Inc.*

8

PROFESSIONALS' EYES ONLY/CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER

PUBLICLY FILED PER STIPULATION [ECF 2140]

RSF00484632

| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP<br>155 N. Wacker Drive<br>Chicago, IL 60606<br>Main: 312-407-0700<br>Fax: 312-407-0411 | WILMER CUTLER PICKERING HALE AND DORR LLP<br>1875 Pennsylvania Avenue NW<br>Washington, DC 20006<br>Main: 202-663-6000<br>Fax: 202-663-6363 |
|---|---|
| By: /s/ Patrick Fitzgerald | By: /s/ Reginald Brown |
| *Counsel for:* | *Counsel for:* |
| *Purdue Pharma L.P., Purdue Pharma Inc. and The Purdue Frederick Company, Inc.* | *Purdue Pharma L.P., Purdue Pharma Inc. and The Purdue Frederick Company, Inc.* |

SENATOR LUTHER STRANGE

_____

*Strategic Legal Consultant to Purdue Pharma L.P., Purdue Pharma Inc. and The Purdue Frederick Company, Inc.*

9

PROFESSIONALS' EYES ONLY/CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER

PUBLICLY FILED PER STIPULATION [ECF 2140]

RSF00484633

## Exhibit A: Agreement to Join the Memorandum of Understanding Regarding Joint Defense and Common Interest Agreement

1. The undersigned has reviewed the "Memorandum of Understanding Regarding Joint Defense and Common Interest Agreement" (the "MOU") dated May 15, 2018 in its entirety and understands its terms.

2. The undersigned believes and anticipates that, on the basis of currently available information, the nature of the Actions, as that term is defined in the MOU, and the relationship amongst the undersigned and the Parties to the MOU will present various common legal and factual issues and a mutuality of interest in a joint defense in connection with the Actions, or any other claims, proceedings or investigations that may arise in relation to the Actions.

3. The undersigned therefore joins the MOU as a Party pursuant to Paragraph 16 of the MOU.

4. The undersigned agrees to abide by all the terms of the MOU and acknowledges that it will have the same rights and obligations as all other Parties to the MOU.

MORGAN LEWIS & BOCKIUS LLP
One Federal St.
Boston, MA 02110-726
Main: 617-341-7700
Fax: 617-341-7701

Dated: June 5, 2018

By: _____
Timothy J. Shea

*Counsel for:*

*Purdue Pharma L.P., Purdue Pharma Inc. and the Purdue Frederick Company, Inc.*

1004321912v1

PROFESSIONALS' EYES ONLY/CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER

PUBLICLY FILED PER STIPULATION [ECF 2140]

RSF00484634