DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut
Christopher S. Robertson

*Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.***,** | **Case No. 19-23649 (RDD)** |
| Debtors. [1] | **(Jointly Administered)** |

# NOTICE OF PRESENTMENT OF MONITOR'S FINAL FEE APPLICATION

**PLEASE TAKE NOTICE** that on February 8, 2021, Purdue Pharma L.P. and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") filed the annexed *Monitor's Final Fee Application* (the "**Application**") on behalf of the Monitor.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

**PLEASE TAKE FURTHER NOTICE** that, unless a written objection to the Application is served and filed with proof of service with the Clerk of the Court, and a courtesy copy is delivered to the undersigned and to the chambers of the Honorable Robert D. Drain, so as to be received by **February 22, 2021 at 4:00 p.m. (Eastern Time)**, there will not be a hearing to consider such Application, and an order, substantially in the form attached to the Application as **Exhibit A** (the "**Proposed Order**"), will be presented for signature by the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court, 300 Quarropas Street, White Plains, New York 10601, on **March 1, 2021 at 10:00 a.m. (prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that, if a written objection is timely filed and served with respect to the Application, a hearing (the "**Hearing**") will be held to consider the Application before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court, 300 Quarropas Street, White Plains, New York 10601, on a date to be announced.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and a failure to appear may result in relief being granted upon default.

**PLEASE TAKE FURTHER NOTICE** that copies of the Application may be obtained free of charge by visiting the website of Prime Clerk LLC at https://restructuring.primeclerk.com/purduepharma. You may also obtain copies of any pleadings by visiting the Bankruptcy Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein**.**

Dated:  February 8, 2021
          New York, New York

                    DAVIS POLK & WARDWELL LLP

                    By:  */s/ Eli J. Vonnegut*

                    450 Lexington Avenue
                    New York, New York 10017
                    Telephone: (212) 450-4000
                    Facsimile:  (212) 701-5800
                    Marshall S. Huebner
                    Benjamin S. Kaminetzky
                    Timothy Graulich
                    Eli J. Vonnegut
                    Christopher S. Robertson

                    *Counsel to the Debtors*
                    *and Debtors in Possession*

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut
Christopher S. Robertson

*Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (RDD)** |
| Debtors. [2] | **(Jointly Administered)** |

## MONITOR'S FINAL FEE APPLICATION

Purdue Pharma L.P. ("**PPLP**") and its affiliates that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**") in the above-captioned chapter 11 proceedings (the "**Chapter 11 Cases**"), on behalf of the Monitor[3] in these Chapter 11 Cases, respectfully submit this *Monitor's Final Fee Application* (the "**Application**"). In support of this Application,

---

[2] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[3] On February 21, 2020, the Debtors retained former Iowa Governor and former United States Secretary of Agriculture Thomas J. Vilsack to serve as monitor (the "**Monitor**") to oversee compliance with the Voluntary Injunction described *infra*.

the Debtors respectfully state as follows:

### Relief Requested

1. By this Application, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Order**"), approving the Monitor's fees on a final basis.

### Jurisdiction and Venue

2. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Debtors consent to entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.

3. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Background

4. On September 15, 2019 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (as amended, the "**Bankruptcy Code**"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On September 26, 2019, the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed the official committee of unsecured creditors (the "**Committee**") pursuant to section 1102 of the Bankruptcy Code [ECF No. 131]. No motion has been made for the appointment of a trustee or examiner in the Chapter 11 Cases.

5.  These Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) and the *Order Directing Joint Administration of Chapter 11 Cases* [ECF No. 59] entered by the Court in each of the Chapter 11 Cases.

6.  Additional information about the Debtors' businesses and the events leading up to the Petition Date can be found in the *Debtors' Informational Brief* [ECF No. 17].

7.  On September 18, 2019, PPLP and certain other of the Debtors filed the *Motion for a Preliminary Injunction* [Adv. Proc. No. 19-08289, ECF No. 2, 3] (the "**Preliminary Injunction Motion**"). Among other things, the Preliminary Injunction Motion sought entry of a voluntary injunction order against the Debtors, enjoining the Debtors from, *inter alia*, promoting opioid products and providing financial support to third parties for the purpose of promoting opioids or opioid products, subject to enforcement by the Court (the "**Voluntary Injunction**"). On November 6, 2019, the Court entered the *Second Amended Order Pursuant to 11 U.S.C. § 105(a) Granting Motion for a Preliminary Injunction* granting the Preliminary Injunction Motion, including the Voluntary Injunction, until April 8, 2020 [Adv. Proc. No. 19-08289, ECF No. 105]. On March 30, 2020, the Court issued the *Eighth Amended Order Pursuant to 11 U.S.C. § 105(a) Granting Motion for a Preliminary Injunction*, extending the preliminary injunction, including the Voluntary Injunction, until October 5, 2020 [Adv. Proc. No. 19-08289, ECF No. 168]. On October 1, 2020, the Court issued the *Thirteenth Amended Order Pursuant to 11 U.S.C. § 105(a) Granting Motion for a Preliminary Injunction*, extending the preliminary injunction, including the Voluntary Injunction, until March 1, 2021 [Adv. Proc. No. 19-08289, ECF No. 208] (as amended from time to time, the "**Injunction Order**").

8.  On May 20, 2020, the Monitor filed the *Initial Monitor's Report* [ECF No. 1175] (the "**Initial Monitor's Report**"). On August 18, 2020, the Monitor filed the *Second Monitor's*

*Report* [ECF No. 1584] (the "**Second Monitor's Report**"). On November 16, 2020, the Monitor filed the *Third Monitor's Report* [ECF No. 1956] (the "**Third Monitor's Report**"). On February 3, 2021, the Monitor filed the *Fourth and Final Monitor's Report* [ECF No. 2350] (the "**Fourth Monitor's Report**," and together with the Initial Monitor's Report, the Second Monitor's Report and the Third Monitor's Report, the "**Monitor's Reports**").

9. Part II Section H paragraph 4(b) of the Injunction Order provides in relevant part that the Monitor "shall serve . . . at the cost and expense of the [Debtors], with the Monitor's fees subject to final approval by the Court." The Monitor has requested to be discharged from further duties and responsibilities. Fourth Monitor Report p. 19. Accordingly, the Debtors, on behalf of the Monitor, respectfully request approval on a final basis of fees and expenses incurred by the Monitor from the date of his engagement through and including January 31, 2021 (the "**Fee Period**") in the amounts reflected in the chart attached hereto as **Annex A**. The Debtors respectfully submit that the Monitor's requested fees and expenses are fair and reasonable.

## Notice

10. The Debtors will provide notice of this Application in accordance with the *Second Amended Order Establishing Certain Notice, Case Management, and Administrative Procedures* entered on November 18, 2019 [ECF No. 498]. The Debtors submit that no other or further notice be given.

*[Remainder of Page Left Blank Intentionally]*

Dated: February 8, 2021
       New York, New York

                    DAVIS POLK & WARDWELL LLP

                    By: */s/ DRAFT*

                    450 Lexington Avenue
                    New York, New York 10017
                    Telephone: (212) 450-4000
                    Facsimile: (212) 701-5800
                    Marshall S. Huebner
                    Benjamin S. Kaminetzky
                    Timothy Graulich
                    Eli J. Vonnegut
                    Christopher S. Robertson

                    *Counsel to the Debtors*
                    *and Debtors in Possession*

# Annex A

## Monitor's Fees and Expenses

| Service Periods | Fees | Expenses | Total |
|---|---|---|---|
| 2/29/2020 | $14,750.00 | - | $14,750.00 |
| 3/31/2020 | $22,875.00 | - | $22,875.00 |
| 4/30/2020 | $18,000.00 | - | $18,000.00 |
| 5/31/2020 | $14,250.00 | - | $14,250.00 |
| 6/30/2020 | $16,625.00 | $6,750.00 | $23,375.00 |
| 7/31/2020 | $23,750.00 | $17,300.00 | $41,050.00 |
| 8/31/2020 | $12,625.00 | $1,550.00 | $14,175.00 |
| 9/30/2020 | $8,000.00 | $1,425.00 | $9,425.00 |
| 10/31/2020 | $13,375.00 | $1,250.00 | $14,625.00 |
| 11/30/2020 | $11,000.00 | $1,600.00 | $12,600.00 |
| 12/31/2020 | $4,625.00 | $900.00 | $5,525.00 |
| 1/31/2021 | $9,250.00 | $1,450.00 | $10,700.00 |
| **Grand Total** | **$169,125.00** | **$32,225.00** | **$201,350.00** |

## Exhibit A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>**PURDUE PHARMA L.P.,** *et al.*,<br><br>Debtors.[1] | **Chapter 11**<br><br>**Case No. 19-23649 (RDD)**<br><br>**(Jointly Administered)** |

## ORDER APPROVING MONITOR'S FINAL FEE APPLICATION

Upon the application (the "**Application**")[2] of Purdue Pharma L.P. and its affiliates that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**") submitted on behalf of the Monitor for entry of an order (this "**Order**") pursuant to Part II Section H paragraph 4(b) of the Injunction Order approving the Monitor's fees and expenses on a final basis, as more fully described in the Application; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Application and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having reviewed the Application; and, after due deliberation,

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to such term in the Application.

the Court having determined that the legal and factual bases set forth in the Application establish good and sufficient cause for the relief granted herein; and the Court having determined such relief is in the best interests of the Debtors, their estates, creditors and all parties in interest; and it appearing that no further notice or a hearing is required; and good and sufficient cause appearing; now therefore,

**IT IS HEREBY ORDERED THAT**:

1. The Application is hereby granted as set forth herein.

2. The Monitor's fees and expenses incurred during the Fee Period are hereby approved on a final basis.

3. The contents of the Application and the notice procedures set forth therein are good and sufficient notice and satisfy the Bankruptcy Rules and the Local Rules, and no other or further notice of the Application or the entry of this Order shall be required.

4. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

5. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

White Plains, New York
Dated: _____, 2021

THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE