Hearing Date and Time: March 1, 2021, at 9:00 a.m. (prevailing Eastern Time)
Objection Date and Time: February 26, 2021, at 4:00 p.m. (prevailing Eastern Time)

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut
Christopher S. Robertson

*Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.,** *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

**NOTICE OF HEARING ON MOTION OF DEBTORS FOR ENTRY OF A FOURTH
ORDER EXTENDING THE EXCLUSIVE PERIOD WITHIN WHICH TO FILE A
<u>CHAPTER 11 PLAN</u>**

**PLEASE TAKE NOTICE** that on February 14, 2021, the above-captioned debtors and debtors in possession in these proceedings (collectively, the "**Debtors**") filed the *Motion of Debtors for Entry of a Fourth Order Extending the Exclusive Period Within Which to File a*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

*Chapter 11 Plan* (the "**Motion**"). A hearing on the Motion will be held on **March 1, 2021** at **9:00 a.m.** (prevailing Eastern Time) (the "**Hearing**") before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, at the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601 (the "**Bankruptcy Court**"), or at such other time as the Bankruptcy Court may determine.

**PLEASE TAKE FURTHER NOTICE** that pursuant to General Order M-543, dated March 20, 2020 (Morris, C.J.) ("**General Order M-543**"), the Hearing will be conducted telephonically.[2] Parties wishing to appear at, or attend, the Hearing must refer to and comply with the Bankruptcy Court's guidelines for telephonic appearances[3] and make arrangements with Court Solutions LLC by telephone at (917) 746-7476.

**PLEASE TAKE FURTHER NOTICE** that the Hearing may be continued or adjourned thereafter from time to time without further notice other than an announcement of the adjourned date or dates at the Hearing or a later hearing. The Debtors will file an agenda before the Hearing, which may modify or supplement the motions to be heard at the Hearing.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections (the "**Objections**") to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, shall be filed with the Bankruptcy Court (a) by attorneys practicing in the Bankruptcy Court, including attorneys admitted *pro hac vice*, electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov), and (b) by all other parties in interest,

---

[2] A copy of General Order M-543 can be obtained by visiting http://www.nysb.uscourts.gov/news/court-operations-under-exigent-circumstances-created-covid-19.

[3] The Bankruptcy Court's procedures for telephonic appearances are available at: http://www.nysb.uscourts.gov/telephonic-appearances-white-plains.

2

on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with the *Second Amended Order Establishing Certain Notice, Case Management, and Administrative Procedures* entered on November 18, 2019 [ECF No. 498], so as to be filed and received no later than **February 26, 2021** at **4:00 p.m.** (prevailing Eastern Time) (the "**Objection Deadline**").

**PLEASE TAKE FURTHER NOTICE** that any objecting parties are required to attend the Hearing and a failure to appear may result in relief being granted upon default; *provided* that objecting parties shall attend the Hearing telephonically so long as General Order M-543 is in effect or unless otherwise ordered by the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE** that if no Objections are timely filed and served with respect to the Motion, the Debtors may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Motion, which order may be entered without further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion may be obtained free of charge by visiting the website of Prime Clerk LLC at https://restructuring.primeclerk.com/purduepharma. You may also obtain copies of any pleadings by visiting the Bankruptcy Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

Dated:  February 14, 2021
         New York, New York

                              DAVIS POLK & WARDWELL LLP

                              By:  */s/ Marshall S. Huebner*
                              DAVIS POLK & WARDWELL LLP
                              450 Lexington Avenue
                              New York, New York 10017
                              Telephone: (212) 450-4000
                              Facsimile:  (212) 701-5800
                              Marshall S. Huebner
                              Benjamin S. Kaminetzky
                              Timothy Graulich
                              Eli J. Vonnegut
                              Christopher S. Robertson

                              *Counsel to the Debtors*
                              *and Debtors in Possession*

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut
Christopher S. Robertson

*Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (RDD)** |
| **Debtors.**[1] | **(Jointly Administered)** |

**MOTION OF DEBTORS FOR ENTRY OF A FOURTH ORDER EXTENDING
THE EXCLUSIVE PERIOD WITHIN WHICH TO FILE A
<u>CHAPTER 11 PLAN</u>**

Purdue Pharma L.P. ("**PPLP**") and its affiliates that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**") hereby file this *Motion of Debtors for Entry of a Fourth Order Extending the Exclusive Period Within Which to File a Chapter 11 Plan* (this "**Motion**"). In support of this Motion, the Debtors respectfully state as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

**Relief Requested**

1.      By this Motion, and pursuant to section 1121(d) of title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (as amended or modified, the "**Bankruptcy Code**"), the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Order**"), extending the Debtors' exclusive period to file (the "**Exclusive Filing Period**") a chapter 11 plan of reorganization (the "**Plan**") by fourteen (14) days through and including March 1, 2021.  The Debtors are in the midst of serious and productive discussions with key constituencies with the goal of putting forth a value-maximizing Plan with as broad creditor support as feasible.  The Debtors believe that a further brief extension, within the time period available under 11 U.S.C. § 1121(d), is essential to enable these negotiations to continue at this critical stage in the Debtors' cases.

**Jurisdiction and Venue**

2.      The United States Bankruptcy Court for the Southern District of New York (the "**Court**") has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.).  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), the Debtors consent to entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.

3.      The legal predicates for the relief requested herein are section 1121(d) of the Bankruptcy Code and Bankruptcy Rule 9006.

4.      Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2

**General Background**

5. On September 15, 2019 (the "**Petition Date**"), each Debtor commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code (the "**Cases**"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On September 27, 2019, the United States Trustee for the Southern District of New York appointed the official committee of unsecured creditors (the "**Creditors' Committee**"). No trustee or examiner has been appointed in these Cases.

6. Information about the Debtors' businesses and the events leading up to the Petition Date can be found in the *Debtors' Informational Brief* filed on September 16, 2019 [ECF No. 17].

7. The Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) and the *Order Directing Joint Administration of Chapter 11 Cases* [ECF No. 59] entered by the Court on September 18, 2019 in each of the Cases.

8. On January 28, 2020, the Court entered the *Order Extending the Exclusive Periods Within Which to File a Chapter 11 Plan and Solicit Acceptances Thereof* [ECF No. 782] (the "**First Extension Order**") extending the Exclusive Filing Period and the period to solicit votes on the Chapter 11 Plan (the "**Exclusive Solicitation Period**" and, together with the Exclusive Filing Period, the "**Exclusive Periods**") through and including Monday, July 13, 2020 and Wednesday, September 9, 2020, respectively. On July 24, 2020, the Court entered the *Second Order Extending the Exclusive Periods Within Which to File a Chapter 11 Plan and Solicit Acceptances Thereof* [ECF No. 1517] (the "**Second Extension Order**") extending the Exclusive Filing Period and the Exclusive Solicitation Period through and including Thursday,

3

December 10, 2020 and Monday, February 8, 2021, respectively.  On December 16, 2020, the Court entered the *Third Order Extending the Exclusive Periods Within Which to File a Chapter 11 Plan and Solicit Acceptances Thereof* [ECF No. 2143] (the "**Third Extension Order**") extending the Exclusive Filing Period and Exclusive Solicitation Period through and including Monday, February 15, 2021 and Monday, May 17, 2021, respectively.

**Preliminary Statement**

9. The Debtors' previously requested 67-day extension of the Exclusive Filing Period was sought, among other things, to facilitate completion of the ongoing mediation of two remaining key issues, the resolution of which are critical to the formulation of a Plan: (1) the resolution of potential claims or causes of action that may be asserted by the Debtors and others against the Sackler families and associated entities, and (2) the precise structure and governance of the successor entity to which the Debtors' assets will be transferred upon effectiveness of the Plan.  Though the mediation has resulted in important progress on both issues, material points remain the subject of intense ongoing negotiations and it is not yet knowable whether and to what extent agreement will ultimately be reached.

10. The Debtors will be filing a Plan in the very near future with the goal of ensuring that the greatest value possible is distributed to creditors to be put to work abating the opioid crisis.  Filing a Plan prematurely, however, would likely disrupt and derail negotiations among key parties with respect to billions of dollars of estate claims and other matters central to the formulation of the Plan.  The Debtors thus believe that a brief further extension of the Exclusive

Filing Period at this time is necessary to allow productive discussions to continue in the hope that consensual resolutions in the best interest of their estates can be reached.[2]

11. The Ad Hoc Committee, the Multi-State Governmental Entities Group, and the Creditors' Committee support the relief sought herein. The Non-Consenting State Group has informed the Debtors that it does not object to the Limited Extension.

12. In light of the foregoing, the Debtors respectfully request that the Exclusive Filing Period be extended through and including March 1, 2021.

**Basis for Relief Requested**

13. Section 1121(b) of the Bankruptcy Code provides debtors with the exclusive right to file a chapter 11 plan during the first 120 days after the commencement of a chapter 11 case. If a debtor files a plan during this period, section 1121(c)(3) of the Bankruptcy Code provides the debtor with an initial period of 180 days as of the commencement of the chapter 11 case to solicit acceptance of such plan. Section 1121(d) of the Bankruptcy Code permits a court to extend a debtor's exclusive period to file a plan and solicit acceptances thereof upon demonstration of "cause." *See* 11 U.S.C. § 1121(d) ("[O]n request of a party in interest and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section."). For the reasons described in this Motion, the Debtors respectfully submit that "cause" exists to further extend the Exclusive Filing Period.[3]

14. It is well established that the decision to extend the Exclusive Periods is left to the sound discretion of the Court and should be based upon the facts and circumstances of the

---

[2] While this request is without prejudice to the rights of the Debtors to request a further extension of the Exclusive Filing Period, as would be permitted under the Bankruptcy Code, the Debtors intentionally seek an extension of only 14 days at this time.

[3] Pursuant to the Third Extension Order, the Debtors were granted an extension of the Exclusive Solicitation Period through and including May 17, 2021. The Exclusive Solicitation Period may not be extended further pursuant to Section 1121(d)(2)(B) of the Bankruptcy Code. The Debtors are therefore seeking to extend only the Exclusive Filing Period as set forth herein.

5

particular case. *See, e.g.*, *In re Excel Mar. Carriers Ltd.*, No. 13-23060 (RDD), 2013 WL 5155040, at *2 (Bankr. S.D.N.Y. Sept. 13, 2013); *In re Dow Corning Corp.*, 208 B.R. 661, 664 (Bankr. E.D. Mich. 1997); *First Am. Bank of N.Y. v. Sw. Gloves & Safety Equip., Inc.*, 64 B.R. 963, 965 (D. Del. 1986). Although the Bankruptcy Code does not define "cause," courts have construed the term in consideration of the Bankruptcy Code's underlying legislative history. *See, e.g.*, *In re Burns & Roe Enters., Inc.*, No. 00-41610 RG, 2005 WL 6289213, at *4 (D.N.J. Nov. 2, 2005) (quoting H.R. Rep. No. 103-835, at 36 (1994), as reprinted in 1994 U.S.C.C.A.N. 3340, 3344) (noting that the exclusive periods under section 1121 of the Bankruptcy Code are intended "to promote an environment in which the debtor's business may be rehabilitated and a consensual plan may be negotiated"); *In re Gibson & Cushman Dredging Corp.*, 101 B.R. 405, 409 (E.D.N.Y. 1989) (examining the applicable legislative history and noting that "[t]he 'cause' standard referred to in Section 1121 has been referred to as a general standard that allows the Bankruptcy Court 'maximum flexibility to suit various types of reorganization proceedings'" (citations omitted)). The opportunity for a debtor to negotiate a plan unimpaired by competition is intended to allow a debtor time to negotiate with its creditors, win support for its plan, and ultimately survive as a business. H.R. Rep. No. 95-595 at 231–32 (1978), as reprinted in 1978 U.S.C.C.A.N. 5963, 6191 (indicating that "cause" should be interpreted in such a way "to allow the debtor to reach an agreement"); *see also In re Publ. Serv. Co. of New Hampshire*, 88 B.R. 521, 533–34 (Bankr. D.N.H. 1988) (noting "legislative intent . . . to afford maximum flexibility"); *accord In re Glob. Crossing Ltd.*, 295 B.R. 726, 730 (Bankr. S.D.N.Y. 2003) (noting that so long as the debtors give the court "no reason to believe that they are abusing their exclusivity rights . . . [a] requested extension of exclusivity . . . should be granted").

15. In determining whether to extend a debtor's exclusive periods, courts consider a variety of factors to assess the totality of circumstances affecting whether or not "cause" exists, including:

   a) the size and complexity of the case;
   b) the necessity for sufficient time to permit the debtor to negotiate a chapter 11 plan and prepare adequate information;
   c) the existence of good faith progress toward reorganization;
   d) the fact that the debtor is paying its bills as they come due;
   e) whether the debtor has demonstrated reasonable prospects for filing a viable plan;
   f) whether the debtor has made progress in its negotiations with creditors;
   g) the amount of time that has elapsed in the case;
   h) whether creditors are prejudiced by the extension;
   i) whether the debtor is not seeking to extend exclusivity to pressure creditors to accede to the debtor's reorganization demands; and
   j) the existence of an unresolved contingency.

See In re Adelphia Communs. Corp., 336 B.R. 610, 674 (Bankr. S.D.N.Y. 2006); In re McLean Indus., Inc., 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987); see also In re Dow Corning Corp., 208 B.R. 661, 664 (Bankr. E.D. Mich. 1997) (identifying the above factors and noting that courts generally rely on the same factors to determine whether exclusivity should be extended); In re Friedman's Inc., 336 B.R. 884, 888 (Bankr. D. Ga. 2005) (same); In re Borders Grp., Inc., 460 B.R. 818, 822 (Bankr. S.D.N.Y. 2011) (noting the debtors' "substantial efforts . . . to stabilize their business and develop a viable exit strategy"). Any one of these factors may constitute sufficient grounds for extending a debtor's exclusive periods. See In re Express One Int'l, Inc., 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996). Not all of the above factors are relevant to every case, and the court considers only the relevant factors to determine whether cause exists to grant an exclusivity extension. See In re Texaco, Inc., 76 B.R. 322, 327 (Bankr. S.D.N.Y. 1987) (holding that size and complexity of the chapter 11 case is sufficient cause to extend exclusivity); In re Express One Int'l, 194 B.R. at 100–01 (identifying four of the factors as relevant in

determining whether "cause" exists to extend exclusivity); *In re United Press Int'l, Inc.*, 60 B.R. 265, 269 (Bankr. D.D.C. 1986) (finding that the debtor showed "cause" to extend exclusivity based upon three of the factors).

> a. *The Cases Are Large and Complex, and the Debtors Require Sufficient Time to Negotiate a Chapter 11 Plan in Good Faith*

16. Courts regularly consider the size and complexity of a chapter 11 case a determining factor of whether a court should grant an extension of the exclusive periods. *See, e.g.*, *In re Crescent Mfg. Co.*, 122 B.R. 979, 982 (Bankr. N.D. Ohio 1990) (stating that "cause" can include an "unusually large case") (citation omitted); *In re Texaco*, 76 B.R. at 326 ("The large size of the debtor and the consequent difficulty in formulating a plan of reorganization for a huge debtor with a complex financial structure are important factors which generally constitute cause for extending the exclusivity periods."); *see also* H.R. Rep. No. 95-595, at 231–32 (1978); *reprinted in* 1978 U.S.C.C.A.N. 5963, 6191 ("[I]f an unusually large company were to seek reorganization under Chapter 11, the Court would probably need to extend the time in order to allow the debtor to reach an agreement."). Indeed, the size and complexity of the case, by itself, can support a determination that cause exists for multiple extensions of exclusivity. *See In re Express One Int'l*, 194 B.R. at 100 (noting that two previous extensions of exclusivity had been granted based on the size and complexity of the case alone).

17. These Cases are extraordinarily complex, involving over 613,000 claims filed by various governmental and private creditors against the Debtors that are working to distribute 100% of the value of their sophisticated, operating pharmaceutical businesses to their creditors through a largely unprecedented plan structure. The Debtors are seeking a brief further extension of the Exclusive Filing Period in order to attempt to resolve the handful of material issues that remain after the extensive work done to date as expeditiously as possible and file a

Plan. Accordingly, the first three factors listed above all weigh in favor of the Court granting a further extension of the Exclusive Filing Period.

    b. *The Debtors Pay Their Bills as They Come Due*

18. The Debtors have continued to make timely payments on account of their undisputed post-petition obligations. As such, this factor also weighs in favor of allowing the Debtors to extend the Exclusive Filing Period.

    c. *The Amount of Time that has Elapsed in these Cases*

19. The Debtors have made every effort to advance these extraordinarily complicated Cases as expeditiously as possible while maximizing the value of their estates for the benefit of stakeholders and the America public. Although over 16 months have elapsed in the Cases, similar extensions are frequently granted in cases of this size and complexity. *See, e.g.*, *In re Windstream Holdings, Inc.*, No. 19-22312-RDD (Bankr. S.D.N.Y. June 22, 2020), ECF No. 2186 (extending exclusive periods a fourth time more than 16 months after the petition date); *In re The Great Atlantic & Pacific Tea Company, Inc., et al.*, No. 15-23007-RDD (Bankr. S.D.N.Y. July 14, 2016), ECF No. 3015 (granting a further six-month extension of the exclusive periods for the maximum time periods available under section 1121(d) of the Bankruptcy Code). Accordingly, the requested further extension of the Exclusive Filing Period is appropriate under the circumstances.

    d. *The Debtors Have Demonstrated Reasonable Prospects for Filing a Viable Plan and Are Making Progress in Negotiations with Creditors*

20. The Debtors have invested all appropriate resources to finalizing the Plan, which they intend to file in the very near future. The Debtors are requesting this brief extension of the Exclusive Filing Period because parties are in the midst of intense negotiations concerning remaining Plan-related issues. The Debtors believe that a brief extension for these purposes is in

9

the best interest of all stakeholders. Accordingly, this factor weighs in favor of allowing the Debtors to extend the Exclusive Filing Period.

      e. *The Debtors Are Not Seeking to Extend Exclusivity to Pressure Creditors to Accede to the Debtors' Demands, and Creditors Are Not Prejudiced by the Extension*

21.    The Debtors hope that continued exclusivity will permit the Debtors to bring to conclusion the substantial progress—including agreements with many creditor groups—that has been achieved to date. The Debtors also continue to show flexibility in working towards consensus around a host of difficult issues, and have worked with creditors throughout this case to compromise and resolve matters that in many cases would have required judicial intervention. Only a short additional period is hopefully required for the Debtors to file a Plan, which they anticipate will have the support of many creditor groups. Indeed, the Ad Hoc Committee, the Multi-State Governmental Entities Group, and the Creditors' Committee support the relief sought herein, and the Non-Consenting State Group has informed the Debtors that it does not object to the Limited Extension.

22.    Accordingly, this factor also weighs in favor of the relief requested herein.

      f. *Consensus Regarding the Proposed Settlement Remains an "Unresolved Contingency"*

23.    As discussed above, the Debtors believe that a further short extension is warranted to facilitate greater consensus regarding the remaining contingencies to the Debtors filing a Plan.

## The Relief Request Should Be Granted

24.    The Debtors and their major creditor constituencies have invested an incredible amount of time and effort—at a substantial cost to the Debtors' estates—in the carefully negotiated agreements reached to date. Loss of the Debtors' exclusive right to file a Plan at this point, when significant portions of the Plan have been negotiated among key stakeholders and

filing is anticipated shortly, would needlessly risk squandering the time and resources expended to date, derailing months-long negotiations when significant progress has been made, and materially delaying the point at which the value of the Debtors' estates can be put to work for the benefit of the American public. Accordingly, the Debtors request a further, 14-day extension of the Exclusive Filing Period to allow the Debtors to pursue the plan confirmation process without the costly and needless disruption that would occur if competing chapter 11 plans were to be proposed.

25. Furthermore, courts in this jurisdiction have granted relief similar to that requested herein. *See, e.g.*, *In re Windstream Holdings, Inc.*, No. 19-22312-RDD (Bankr. S.D.N.Y. June 20, 2019), ECF Nos. 699, 1329, 1706, 2186 (providing for an initial extension of the exclusivity periods by 180 days, a second extension of 120 days and two additional extensions of 60 days each); *In re The Great Atlantic & Pacific Tea Company, Inc., et al.*, No. 15-23007-RDD (Bankr. S.D.N.Y. Nov. 13, 2015), ECF Nos. 1838, 2637, 3015 (first extension of 131 days, second extension of 124 days and third extension of 185 days); *In re Pacific Drilling S.A.*, Case No. 17-13193 (MEW) (Bankr. S.D.N.Y. Nov. 16, 2018) (granting the debtors' fourth extension of the exclusive periods, for a total extension of 341 days); *In re Residential Capital, LLC*, Case No. 12-12020-MG (Bankr. S.D.N.Y. Sept. 11, 2012), ECF Nos. 1413, 2489, 3007, 3102, 3440, 3634, 3919) (granting four exclusivity extensions for a total of 464 days).

## Automatic Extension

22. Pursuant to the *Second Amended Order Establishing Certain Notice, Case Management, and Administrative Procedures* entered on November 18, 2019 [ECF No. 498] (the "**Case Management Order**"):

> If a Request for Relief to extend the time to take any action
> is filed prior to the expiration of the time period provided

11

> by the Bankruptcy Code *(including any Request for Relief pursuant to section 1121 of the Bankruptcy Code)*, the Bankruptcy Rules, the Local Rules, or any order of the Court, the time to so take action shall be automatically extended until the Court considers and rules upon the Request for Relief.

Case Management Order at ¶ 45 (emphasis added). In addition, pursuant to Local Rule 9006-2, the Exclusive Filing Period is automatically extended until the Court acts on this Motion, without the necessity for the entry of a bridge order.

## Notice

24. Notice of this Motion will be provided to (a) the entities on the Master Service List (as defined in the Case Management Order and available on the Debtors' case website at https://restructuring.primeclerk.com/purduepharma) and (b) any person or entity with a particularized interest in the subject matter of this motion. The Debtors respectfully submit that no further notice is required.

## No Prior Request

25. The Debtors have not previously sought the relief requested herein from the Court or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter the proposed form of order, substantially in the form attached hereto, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

*[Remainder of Page Intentionally Left Blank]*

Dated: February 14, 2021
       New York, New York

By: */s/ Marshall S. Huebner*
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut
Christopher S. Robertson

*Counsel to the Debtors
and Debtors in Possession*