Jasmine Ball
Maura Kathleen Monaghan
Jeffrey J. Rosen
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
Telephone:  (212) 909-6000
Facsimile:  (212) 909-6836

*Attorneys for Beacon Company*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (RDD)** |
| **Debtors.**[1] | **(Jointly Administered)** |

**MORTIMER D. SACKLER ICSP'S MOTION TO SEAL DOCUMENTS SUBMITTED IN CONNECTION WITH THE LIMITED OBJECTION TO THE MEDIA INTERVENORS' MOTION TO INTERVENE AND UNSEAL JUDICIAL RECORDS**

---

[1]  The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

The Mortimer Sackler Initial Covered Sackler Persons[2] ("**Side A ICSPs**"), by and through their undersigned counsel, respectfully submit this motion (the "**Motion to Seal**") pursuant to sections 105(a) and 107(c) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 9018 of the Federal Rules of Bankruptcy Procedure for the entry of an order granting leave to file under seal in part the exhibits and Declaration of Jasmine Ball submitted in connection with their Limited Objection ("**Limited Objection**") [Dkt. 2361] to the *Motion to Intervene and Unseal Judicial Records by Dow Jones & Company, Inc., Boston Globe Media Partners, LLC, and Reuters New & Media, Inc.* and the *Second Motion to Unseal Judicial Records by Media Intervenors Dow Jones & Co., Inc., Boston Globe Media Partners LLP, and Reuters News & Media Inc..*  In support of the Motion to Seal, the Side A ICSPs respectfully state as follows:[3]

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the Southern District of New York (the"Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The legal predicates for the relief requested herein are sections 105(a) and 107(c) of the Bankruptcy Code, Bankruptcy Rule 9018 of the Federal Rules of Bankruptcy Procedure

---

[2]    The Mortimer Sackler ICSPs include Ilene Sackler Lefcourt, Kathe Sackler, Mortimer D.A. Sackler, and Theresa Sackler as well as trusts for their benefit and the trustees of those trusts. *See Amended and Restated Case Stipulation Among the Debtors, the Official Committee of Unsecured Creditors and Certain Related Parties dated Nov. 20, 2019*, ¶ 1 [Dkt. No. 518].

[3]    The Side A ICSPs preserve, and do not waive, all defenses, including without limitation defenses based on lack of personal jurisdiction.

(the "Bankruptcy Rules"), and Rule 9018-1 of the Local Bankruptcy Rules for the Southern

District of New York (the "Local Rules").

## RELIEF REQUESTED

4.      In connection with the Limited Objection, the Side A ICSPs excerpted quotes

from a selection of vitriolic and violent threats against Sackler family members that were posted

on Internet websites.  To minimize the publicity for this hateful rhetoric, the Side A ICSPs filed

under seal a (i) partially redacted version of the Jasmine Ball Declaration (which contains the

URLs associated with these Internet posts) and (ii) images containing the entirety of the Internet

posts quoted in the Limited Objections (Exhibits 1-6), which include the screen names and

images associated with each post.[4]  The Side A ICSPs respectfully submit that certain portions of

the Jasmine Ball Declaration and Exhibits 1-6 should remain under seal pursuant to 11 U.S.C. §

107(c).

## BASIS FOR RELIEF

5.      This Motion is brought pursuant to Section 107(c), which provides:

> The bankruptcy court, for cause, may protect an individual, with respect to the
> following types of information to the extent the court finds that disclosure of such
> information would create undue risk of identity theft or other unlawful injury to
> the individual or the individual's property.

6.      Sealing is proper pursuant to Rule 107(c) because disclosure of this information

would create an "undue risk" of "unlawful injury" to members of the Sackler resulting from

prominently publicizing violent, anti-Semitic rhetoric.  There can be no dispute as to the nature

---

[4]    All parties to this Motion have been provided with unredacted copies of the declaration and
exhibits at issue.

of this threat, as even the Media Intervenors recognize there are "unquestionably hateful and

vitriolic" threats **"directed solely and specifically towards the Sackler family**." *See Combined*

*Reply of Media Intervenors Dow Jones & Company, Inc., Boston Globe Media Partners, LLC,*

*and Reuters News & Media, Inc. to the Raymond Sackler Family's and Mortimer D. Sackler*

*ISCP's February 7 Objections to the Media Intervenors' Motions to Unseal Judicial Records*, ¶

37 [Dkt. 2384].  Providing these posts in their entirety, including screen names, images and

graphic language, convey a message that is substantially more vivid than excerpted words

contained in a brief.[5]

7.      Sealing these URLs is particularly warranted because otherwise the Court's

docket will become a clickable gateway to material containing "unquestionably hateful and

vitriolic" threats.

## NO PRIOR REQUEST

8.      No previous request for the relief sought herein has been made by the Side A

ICSPs to this Court or any other court.

## NOTICE

9.      Notice of this Motion will be provided to (a) the entities on the Master Service

List (as defined in the Second Amended Order Establishing Certain Notice, Case Management,

and Administrative Procedures entered on November 18, 2019 [Dkt. No. 498] and available on at

https://restructuring.primeclerk.com/purduepharma) and (b) any person or entity with a

---

[5]     The issues addressed by this Motion are different from the Limited Objection.  As discussed above, the Media Intervenors do not dispute that there are threats to members of the Sackler families.  They opposed the Limited Objection because, in their view, those threats did not warrant the sealing of information relating to public-facing businesses owned in whole or part by Side A ICSPs.

particularized interest in the subject matter of this Motion.  The Side A ICSPs respectfully

submit that no further notice is required.

**CONCLUSION**

10.     For the foregoing reasons, this Court should grant the Side A ICSP's Motion to

Seal.

Dated:   February 18, 2021
         New York, New York

By:      */s/ Jasmine Ball*_____
         Jasmine Ball
         Maura Kathleen Monaghan
         Jeffrey J. Rosen
         DEBEVOISE & PLIMPTON LLP
         919 Third Avenue
         New York, New York 10022
         Telephone:  (212) 909-6000
         Facsimile:  (212) 909-6836
         Email:  jball@debevoise.com
                 mkmonaghan@debevoise.com
                 jrosen@debevoise.com

         *Attorneys for Beacon Company*