**<u>Annexure I</u>**

**Proposed Order**

Andrew H. Miller, Esq.                     James I. McClammy, Esq.
**SANFORD HEISLER SHARP, LLP**             **DAVIS POLK & WARDWELL, LLP**
700 Pennsylvania Avenue SE, Ste. 300       450 Lexington Avenue
Washington, DC 20003                       New York, NY 10017
Telephone: (202) 499-5200                  Telephone: (212) 450-4000

*Attorneys for the County Board of*        *Attorneys for Debtors and*
*Arlington County, Virginia*               *Debtors in Possession*

## UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| PURDUE PHARMA L.P., *et al.*, | ) | Case No. 19-23649 (RDD) |
|  | ) |  |
| Debtors.[1] | ) | (Jointly Administered) |
|  | ) |  |

### STIPULATED AND AGREED ORDER RELATED TO THE
### AUTOMATIC STAY AND THE PRELIMINARY INJUNCTION ORDER

**WHEREAS**, on September 15, 2019 (the "**Petition Date**"), the debtors-in-possession

(collectively, the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**")

filed voluntary petitions for relief pursuant to Chapter 11 of Title 11 of the United States Code (the

"**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New

York (the "**Bankruptcy Court**") and have remained in possession of their properties and in the

management of their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of

the Bankruptcy Code;

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014).  The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

**WHEREAS**, prior to the Petition Date, the County Board of Arlington County, Virginia ("**Plaintiff**") commenced an action (the "**State Court Action**") styled as *County Board of Arlington County, Virginia v. Purdue Pharma L.P.*, Case No. CL19001081-00, in the Arlington County Circuit Court in the State of Virginia against certain Debtors and certain Related Parties[2] (collectively, the "**Debtor-Defendants**") and certain other non-debtor[3] entities ("**Other Entities**") (collectively with the Debtor-Defendants, the "**Defendants**") alleging that the Defendants were liable to Plaintiff for, among other things, damages, abatement and other relief arising out of the Defendants' role in the opioid epidemic;

**WHEREAS**, on September 16, 2019, the Debtors filed a notice of suggestion of bankruptcy in the State Court Action, informing the Arlington County Circuit Court and the parties to the State Court Action of the Chapter 11 Cases;

**WHEREAS**, Plaintiff is listed on the Debtors' Schedules of Assets and Liabilities as having potential contingent, unliquidated and disputed claims against the Debtors, on account of being a plaintiff in pending litigation with the Debtor-Defendants, in the Chapter 11 Cases (*see* Schedules of Assets and Liabilities, at 977, ECF No. 357);

**WHEREAS**, on September 18, 2019, the Debtors commenced an adversary proceeding, No. 19-08289 (RDD), and filed a motion for an order pursuant to 11 U.S.C. § 105(a) and Rule 7065 of the Federal Rules of Bankruptcy Procedure enjoining the commencement or continuation of litigation against the Debtors and certain Related Parties;

---

[2]    As defined in the Bankruptcy Court's Order Pursuant to 11 U.S.C. § 105(a) Granting Motion for a Preliminary Injunction, as amended from time to time.  (*See* Fourteenth Amended Order Pursuant to 11 U.S.C. § 105(a) Granting Motion for a Preliminary Injunction, *Purdue Pharma L.P. v. Commonw. of Mass. (In re Purdue Pharma L.P.)*, Adv. Pro. No. 19-08289, ECF 214.)

[3]    As used herein, the term "Other Entities" excludes any Related Parties.

**WHEREAS**, on or around October 10, 2019, Plaintiff requested the Arlington County Circuit Court to sever the Debtor-Defendants from the State Court Action to enable Plaintiff to prosecute its claims against the Other Entities in the State Court Action;

**WHEREAS**, on October 17, 2019, the Arlington County Circuit Court issued an order severing the Debtor-Defendants from the State Court Action;

**WHEREAS**, on November 6, 2019, the Bankruptcy Court issued an order pursuant to 11 U.S.C. § 105(a) enjoining commencement or continuation of litigation against any Debtor or Related Party, as defined therein, through April 8, 2020, which order prohibited and enjoined Plaintiff from the continuation of the State Court Action against the Debtor-Defendants and which order did not address the question of whether the automatic stay of Section 362(a) of the Bankruptcy Code applies to the State Court Action;

**WHEREAS**, the November 6, 2019 order has subsequently been extended by further order of the Bankruptcy Court through March 1, 2021, and the operative order (the **"Preliminary Injunction Order"**) continues to prohibit and enjoin Plaintiff from the continuation of the State Court Action against the Debtor-Defendants;

**WHEREAS**, on January 8, 2021, the Arlington County Circuit Court *sua sponte* reconsidered its October 17, 2019 decision and ordered the State Court Action stayed;

**WHEREAS**, to provide the Arlington County Circuit Court with certainty that permitting Plaintiff to continue to prosecute its claims against the Other Entities—and not the Debtor-Defendants—will not violate the Preliminary Injunction Order or the automatic stay of section 362(a) of the Bankruptcy Code, Plaintiff therefore seeks an order from this Bankruptcy Court confirming the foregoing; and

3

**WHEREAS**, the parties desire to obtain the foregoing clarification without the need for litigation in Bankruptcy Court while reserving all rights and defenses with respect to the proofs of claim filed by Plaintiff in the Chapter 11 Cases.

**ACCORDINGLY, IT IS HEREBY STIPULATED AND AGREED**, that:

1.      Neither the Preliminary Injunction Order issued by this Court nor the automatic stay imposed by section 362(a) of the Bankruptcy Code as a result of the Chapter 11 Cases precludes prosecution of the State Court Action by the Plaintiffs against the Other Entities.

2.      Plaintiff shall not seek to prosecute any claims against the Debtor-Defendants in the State Court Action.

3.      Nothing contained herein shall limit or prejudice Plaintiff's rights as to the Other Entities in the State Court Action.

4.      Nothing set forth herein shall be deemed to constitute an admission.

5.      This Stipulated Order is subject to Bankruptcy Court approval and shall only be effective when "SO ORDERED" by the Bankruptcy Court.  If this Stipulated Order is not approved by the Bankruptcy Court, it shall be null and void and shall not be referred to or used, for any purpose, by any of the parties hereto or any parties to the State Court Action.

6.      This stipulation of counsel embodied herein may be executed in multiple counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same instrument.  This Stipulation may be executed by facsimile or PDF signature, and such signatures will be deemed to be as valid as an original signature, whether confirmed by delivery of the original in person.

7.    The Bankruptcy Court shall retain jurisdiction to resolve any disputes between the

parties arising with respect to this Stipulation and this Stipulation may not be amended or modified

except by further Order of this Bankruptcy Court.

8.    The 14-day stay period set forth in Fed. R. Bankr. P. 4001(a)(3) shall not apply.

Dated: February 22, 2021
      New York, New York

Andrew H. Miller, Esq.
**SANFORD HEISLER SHARP, LLP**
700 Pennsylvania Avenue SE, Ste. 300
Washington, DC 20003
Telephone: (202) 499-5200
E-mail: amiller@sanfordheisler.com

James I. McClammy, Esq.
**DAVIS POLK & WARDWELL, LLP**
450 Lexington Avenue
New York, NY 10017
Telephone: (212) 450-4000
E-mail: james.mcclammy@davispolk.com

**SO ORDERED.**

Dated: _____, 2021
White Plains, New York

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

5