**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

**Robert Van Wilkie**
**250 Pleasantview Loop**
**Morganton NC 28655**

| In re: | *Case No. 19-23649* |
|---|---|
| PURDUE PHARMA L.P., *et al.*, Debtors | **NOTICE OF MOTION AND MOTION TO CORRECT CLAIM; FRAUDULENT ACTIVITY BY PRIMECLERK** |

**COMES NOW** the above-entitled claimant Robert V Wilkie moves and prays this court pursuant to the local Federal Rules of Bankruptcy Procedures for an order granting the above-entitled motion.

Respectfully submitted
mm 03 dd 08 yy 2021

Robert V Wilkie
250 Pleasantview Loop
Morganton NC 28655
Robert.V.Wilkie.NC9@Gmail.com
828-334-3149
828-479-5349

FILED
U.S. BANKRUPTCY COURT
S.D.N.Y.
2021 MAR 11 P 3:28

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

Robert Van Wilkie
250 Pleasantview Loop
Morganton NC 28655

| **In re:**<br><br>**PURDUE PHARMA L.P., *et al.*,**<br>**Debtors** | Case No. **19-23649**<br><br>**LETTER TO THE COURT; FRAUDULENT ACTIVITY BY PRIMECLERK** |
|---|---|

Dear Honorable Judge

After electronically signing my claim and then hitting the submission button PrimeClerk generated a duplicate pdf copy of my claim [Exhibit A] However after reviewing the pdf copy of my claim I noticed that PrimeClerk changed the answers on my claim during the submission process. I then commenced to submit an amended claim [Exhibit B] PrimeClerk once again changed my answers so therefore in an attempt to file an accurate claim I filed a second amended claim[Exhibit C] and PrimeClerk changed the answers on the second amended claim submission as well but for lack of a better type of notice, I attached a motion to take notice explaining the correct answers to my second amended claim.

So therefore I'm petitioning the Hon. Court to investigate the reasons why PrimeClerk changed the answers on my original filing and the two subsequent amended filings because since PrimeClerk fraudulently changed the answers to my three filings PrimeClerk is fraudulently changing the answers to other claimant filings.

I have also attached a motion seeking an order to correct my second amended filing.

The second corrected amended claim is attached. [Exhibit D]

Respectfully submitted

mm 03 dd 08 yy 2021

Robert V Wilkie

250 Pleasantview Loop
Morganton NC 28655
Robert.V.Wilkie.NC9@Gmail.com
828-334-3149
828-479-5349

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| In re: PURDUE PHARMA L.P., *et al.*, Debtors | Case No. **19-23649** **CERTIFICATE OF SERVICES** |
|---|---|

This is to certify that on this date 03/08/2021 the (pro se Practitioner) and the undersigned have served or caused afford going motion or letter along with this Certificate of Services, upon all parties by depositing a copy of the same in postage-paid envelope, addressed to the parties herein named, returned address indicated to the place and address stated below, into which is the last known address and by depositing said envelope in the. United States Post Office.

I certify that on March 8th, 2021 I served a complete copy of this letter brief on all parties, addressed as set forth below.

| Davis Polk & Wardwell LLP<br>450 Lexington Avenue<br>New York, NY 10017<br>https://www.davispolk.com/<br>Phone: 212.450.4000<br>Fax: 212.701.5800 | |
|---|---|

Mm 03 dd 08 yyyy 2021

**Robert Van Wilkie**
[signature]
250 Pleasantview Loop
Morganton NC 28655
Robert.V.Wilkie.NC9@gmail.com
Ph: 828 334 3149

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| In re: | Chapter 11 |
|---|---|
| PURDUE PHARMA L.P., *et al.*, | Case No. 19-23649 (RDD) |
| Debtors. | (Jointly Administered) |

# General Opioid Claimant Proof of Claim Form

**You may file your claim electronically at PurduePharmaClaims.com via the link entitled "Submit a Claim."**

**For questions regarding this Proof of Claim Form, please call Prime Clerk at (844) 217-0912 or visit PurduePharmaClaims.com.**

**Read the instructions at the end of this document before filling out this form. This form is for any person or entity, other than a governmental unit or Native American Tribe, to assert a general unsecured claim against the Debtors based on or involving opioids or their production, marketing and sale, including without limitation, the Debtors' production, marketing and sale of Purdue Opioids, excluding claims for personal injury.**

**Do not** use this form to assert a claim against the Debtors seeking damages based on personal injury related to the taking of a Purdue Opioid and/or the taking of another opioid for which You believe Purdue is responsible for Your damages. File such claims on a Personal Injury Claimant Proof of Claim Form.

**Do not** use this form to assert any other pre-petition claims, including secured claims or claims entitled to priority under 11 U.S.C. § 507(a). Secured claims, claims entitled to priority under 11 U.S.C. § 507(a), and non-opioid related claims should be filed on a Non-Opioid Claimant Proof of Claim Form (Form 410). However, if You have a claim against the Debtors based on non-opioid-related injuries or harm, in addition to Your claim based on or involving the Debtors' production, marketing and sale of Purdue Opioids, You may include information related to that claim on the General Opioid Claimant Proof of Claim Form by completing Part 4 of this form.

Creditor (also referred to as "You" throughout) shall provide information responsive to the questions set forth below. Instructions and Definitions are provided at the end of this document. You shall provide information reasonably available to You and are not excused from providing the requested information for failure to appropriately investigate Your claim. Creditor shall supplement its responses if it learns that they are incomplete or incorrect in any material respect.

**You must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim. **Do not send original documents** as they will not be returned, and they may be destroyed after scanning.

**Fill in all the information about the claim as of September 15, 2019, the Petition Date. You may also fill in information regarding any claims You believe You may have after September 15, 2019 on this form. This form should be completed to the best of Your ability with the information available to You. If You are unable to answer certain questions at this time, the absence of an answer, by itself, will not result in the denial of Your claim, though You may be asked or required to provide additional information at a later date. You may also amend or supplement Your claim after it is filed.**

## Part 1: Identify the Claim

**1. Who is the current creditor?**

Robert Van Wilkie

Name of the individual or entity to be paid for this claim. If the creditor is a minor (under 18), please provide only the minor's initials.

Other names the creditor used with the debtor, including maiden, d/b/a/, or other names used: ______

**2. Describe the creditor making the claim.**

- ☐ Individual
- ☐ Hospital
- ☐ Third Party Payor
- ☐ Retirement or Pension Fund Administrator
- ☐ Pharmacy Benefit Manager
- ☐ Other (describe): ______

**3. Has this claim been acquired from someone else or some other entity?**

- ☑ No
- ☐ Yes. From whom? ______

**4. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

250 Pleasantview Loop
Morganton NC 28655

Contact phone 828 334 3149

Contact email Robert.V.Wilkie.NC9@Gmail.com

**Where should payments to the creditor be sent?** (if different)

Contact phone ______

Contact email ______

**5. Does this claim amend one already filed?**

☐ No
☑ Yes. Claim number on court claims registry (if known)______ Filed on 05/30/2020 (MM / DD / YYYY)

**6. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? ____________

## Part 2: Attorney Information (Optional)

**7. Are you represented by an attorney in this matter?**

You do not need an attorney to file this form.

☑ No.
☐ Yes. If yes, please provide the following information:

Law Firm Name

Attorney Name

Address

City State ZIP Code

Contact phone ____________ Contact email ____________

## Part 3: Information as of September 15, 2019, the Petition Date, About Your Claim

**8. Do you have any number you use to identify the debtor?**

☑ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___

**9. How much is the claim?**

$ 350,000.00 or

☐ Unknown.

**10. When do You allege You were first injured as a result of the Debtors' alleged conduct?**

March / 1998
Month Year

**11. Describe the conduct of the Debtors You allege resulted in injury or damages to You.**

Attach additional sheets if necessary.

PREFACE
Purdue representatives misrepresented the facts of their 20mg and 40mg OxyContin stating to claimants' doctor that studies show OxyContin was not as addictive because the Oxycodone was a long-lasting form. Moreover, Purdue representatives misrepresented Purdue studies by stating to claimants' doctor that if the patient continues to request higher amounts of OxyContin it was because the patient was in pain and not because of addiction. Purdue also fraudulently represented to Claimants doctor that the risk of addiction was extremely low. Claimant became seriously addicted to OxyContin, in turn, causing claimant to lose jobs numerous hospitalizations for addiction and diagnosis of psychological illnesses including severe depression Bi-polar disorder and Schizoaffective disorder and severe withdrawals and financial ruin because of the inability to work because of the psychological illnesses and the addiction caused by OxyContin.

Purdue's fraudulent and negligence actions as set forth above and concealing data they had in their procession concerning the severe addiction possibilities of their OxyContin to claimants' doctor led to claimants' addiction. Moreover, because of their deceitful conduct and the trust and reliance, claimants' doctor placed in Purdue's fraudulent data caused claimants" doctor to prescribe high doses of OxyContin ultimately leading to claimants' severe addiction. Cause of actions on separate pages.

| | |
|---|---|
| 12. **Describe all alleged causes of action, sources of damages, legal theories of recovery, etc. that You are asserting against the Debtors.**<br><br>Attach additional sheets if necessary. | Cause of actions on separate pages.. |
| 13. **Please identify and quantify each category of damages or monetary relief that You allege, including all injunctive relief that You seek (for example, actual damages, compensatory damages, punitive damages, and/or penalty damages).**<br><br>Please attach all supporting documentation including, but not limited to, any records supporting Your claims of damages, if You would like (but You are not required), to supplement this proof of claim. Do not include medical records. | Claimant is seeking compensatory damages for violations of North Carolina Bad and Deceptive Business Practices statute pursuant to NCGS 75-1 up to and including punitive and treble damages as prescribed by NCGS 75-1<br>Cause of actions on separate pages |
| 14. **Have you ever filed a lawsuit against any of the Debtors at any time?** | ☑ No<br>☐ Yes. If yes, please provide the following information and attach supporting documentation:<br><br>**Case Caption:** ____________<br><br>**Court and Case/Docket Number:** ____________<br><br>**Attorney Information:**<br><br>____________<br>Law Firm Name<br>____________<br>Attorney Name<br>____________<br>Address<br>____________<br>City State ZIP Code<br><br>Contact phone ____________ Contact email ____________ |

## Part 4: Non-Opioid-Related Claims

| | |
|---|---|
| 15. **Do You believe You have any claims against the Debtors based on non-opioid-related claims or harm?** | ☑ No.<br>☐ Yes. If yes, please describe the nature of the claim(s) (Attach additional sheets if necessary). |
| 16. **How much is the claim?** | $ ____________________ or<br>☐ Unknown. |

## Part 5: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

**Signature:** Robert Van Wilkie
Robert Van Wilkie (Jun 29, 2020 18:28 EDT)

**Email:** Robert.V.Wilkie.NC9@Gmail.com

Signature

**Print the name of the person who is completing and signing this claim:**

Name: Robert Van Wilkie
First name Middle name Last name

Title: claimant

Company:
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address: 250 Pleasantview Loop
Number Street

Morganton NC 28655
City State ZIP Code

**Attach Supporting Documentation** (limited to a single PDF attachment that is less than 5 megabytes in size and under 100 pages):

☒ I have supporting documentation. (attach below)

☐ I do not have supporting documentation.

Attachment

**PLEASE REVIEW YOUR PROOF OF CLAIM AND SUPPORTING DOCUMENTS AND REDACT ACCORDINGLY PRIOR TO UPLOADING THEM. PROOFS OF CLAIM AND ATTACHMENTS ARE PUBLIC DOCUMENTS THAT WILL BE AVAILABLE FOR ANYONE TO VIEW ONLINE.**

**IMPORTANT NOTE REGARDING REDACTING YOUR PROOF OF CLAIM AND SUPPORTING DOCUMENTATION** When you submit a proof of claim and any supporting documentation you must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. The responsibility for redacting personal data identifiers (as defined in Federal Rule of Bankruptcy Procedure 9037) rests solely with the party submitting the documentation and their counsel. Prime Clerk and the Clerk of the Court will not review any document for redaction or compliance with this Rule and you hereby release and agree to hold harmless Prime Clerk and the Clerk of the Court from the disclosure of any personal data identifiers included in your submission. In the event Prime Clerk or the Clerk of the Court discover that personal identifier data or information concerning a minor individual has been included in a pleading, Prime Clerk and the Clerk of the Court are authorized, in their sole discretion, to redact all such information from the text of the filing and make an entry indicating the correction.

# Instructions for General Opioid Proof of Claim Form

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- **Fill in all of the information about the claim as of the date the bankruptcy case was filed, September 15, 2019. You may also fill in information regarding any claims You believe You may have after September 15, 2019 on this form.**
- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.
- **Attach any supporting documents to this form.**
  Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).
- **Do not attach original documents because they will not be returned and may be destroyed after scanning.**
- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**
- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.
- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.
- **Each question in this proof of claim form should be construed independently, unless otherwise noted. No question should be construed by reference to any other question if the result is a limitation of the scope of the answer to such question.**
- **The questions herein do not seek the discovery of information protected by the attorney-client privilege.**
- **The words "and" and "or" should be construed as necessary to bring within the scope of the request all responses and information that might otherwise be construed to be outside its scope.**
- **After reviewing this form and any supporting documentation submitted with this form, additional information and documentation may be requested.**
- **Purdue Pharma (Canada) is not a debtor in this case. If Your claim is against only Purdue Pharma (Canada), You do not have a claim in this case and should not file and submit this form.**

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, enclose a stamped self-addressed envelope and a copy of this form. You may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at PurduePharmaClaims.com.

## Understand the terms used in this form

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. § 101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. § 507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Purdue Opioid** means all natural, semi-synthetic or synthetic chemicals that interact with opioid receptors on nerve cells in the body and brain, and that are approved by the U.S. Food & Drug Administration (FDA) and listed by the DEA as Schedule II or III drugs pursuant to the federal Controlled Substances Act, produced, marketed or sold by the Debtors as (i) the following **Brand Name Medications:** OxyContin®, Hysingla ER®, Butrans®, Dilaudid®, Ryzolt, MS Contin®, MSIR®, Palladone®, DHC Plus®, OxyIR®, and OxyFast®, and (ii) the following **Generic Medications:** oxycodone extended-release tablets, buprenorphine transdermal system, hydromorphone immediate-release tablets, hydromorphone oral solution, tramadol extended-release tablets, morphine extended-release tablets, oxycodone immediate-release tablets, oxycodone and acetaminophen tablets (generic to Percocet®), hydrocodone and acetaminophen tablets (generic to Vicodin® or Norco®). The term "Purdue Opioid(s)" shall not mean: (i) medications and other substances to treat opioid or other substance use disorders, abuse, addiction or overdose; (ii) raw materials and/or immediate precursors used in the manufacture or study of opioids or opioid products, but only when such materials and/or immediate precursors are sold or marketed exclusively to DEA-licensed manufacturers or DEA-licensed researchers; or (iii) opioids listed by the DEA as Schedule IV drugs pursuant to the federal Controlled Substances Act.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. § 506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of § 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

## Please send completed Proof(s) of Claim to:

**If by first class mail:**
Purdue Pharma Claims Processing Center
c/o Prime Clerk LLC
Grand Central Station, PO Box 4850
New York, NY 10163-4850

**If by overnight courier or hand delivery:**
Purdue Pharma Claims Processing Center
c/o Prime Clerk LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

**You may also file your claim electronically at PurduePharmaClaims.com via the link entitled "Submit a Claim."**

**Do not file these instructions with your form**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| In re: PURDUE PHARMA L.P., *et al.*, Debtors | Case No. **19-23649** **CLAIM** COUNTS 1. FRAUD 2. NEGLIGENCE 3. BAD AND DECEPTIVE BUSINESS PRACTICES |
|---|---|

**FIRST CAUSE OF ACTION:**
**FRAUD:**

1. Between the years of March 1998 through August 2002 Purdue representatives fraudulently misrepresented the facts of their 20mg and 40mg OxyContin to claimant Wilkies' doctor stating to claimants' doctor that studies showed OxyContin was not as addictive because the Oxycodone was in a long-lasting form(OxyContin).

2. Purdue representatives also falsely and fraudulently represented to claimant Wilkies' doctor that studies show if the patient continues to request higher amounts of OxyContin it was because the patient was in pain and not because of addiction. Moreover, Purdue representatives continued to falsely and fraudulently perpetuate to claimants' doctor that the risk of addiction was extremely low.

3. The representations made by Purdue representatives were in fact false. The true facts were that Purdue studies showed that OxyContin was as highly addictive as Oxycodone and when people continued to request higher doses of OxyContin from their doctors it was because of addiction

4. When Purdue representatives made these representations, they knew them to be false, and these representations were made by Purdue representatives with the intent to defraud and deceive the claimants' doctor and with the intent to induce claimants' doctor to act in a manner herein alleged.

5. The representations made by Purdue representatives in fact were false. The true facts were that Purdue studies showed that OxyContin was highly addictive. At the time Purdue representatives made these promises to the claimant's doctor as set forth above Purdue representatives had no intention to provide claimants' doctor with truthful data.

6. Claimants' doctor at the time these promises were made as set forth above and at the time claimants' doctor took the actions herein alleged, was ignorant of the debtors' secret intention not to perform and the claimants' doctor could not, in the exercise of reasonable diligence, have discovered debtors' secret intention.

7. In reliance on these representations, the claimants' doctor was induced to and did prescribe high doses of OxyContin to the claimant causing the claimant to become highly addicted to OxyContin in-turn causing the claimant to become hospitalized numerous times for severe withdrawal resulting in a number of psychological disorder diagnosis for severe depression, Bi-polar disorder, and Schizoaffective disorder as a result of the severe withdrawals and the psychological disorders the claimant was not able to function losing jobs or not able to accept jobs and financial opportunities causing the claimant to lose income. Had the claimants' doctor known the actual facts, he would not have taken such action.

8. As a proximate result of the debtors' fraud and deceit and the facts herein alleged, the claimant was harmed by reason of which the claimant has been damaged in the sum of $350,000.00. In doing the acts herein alleged, Prudue representatives acted with oppression, fraud, and malice, and the claimant is entitled to punitive damages in a sum this Hon. Court deems appropriate not to exceed 258,000,00 pursuant to *NCGS 1D. Rhyne v. K-Mart Corp., 358 N.C. 160 (N.C. 2004 )Stanback v. Stanback, 297 N.C. 181 (N.C. 1979).*

**SECOND CAUSE OF ACTION:
NEGLIGENCE:**

1. Purdue representatives owed a duty of care to provide truthful and sufficient data from their studies to claimants doctor as set forth above.

2. Purdue representatives breached their care of duty when they provided claimants doctor with false and fraudulent data as a result of their deceitful conduct and the trust and reliance, claimants doctor placed in Purdue representatives fraudulent data caused claimants doctor to prescribe high doses of OxyContin ultimately leading to claimants severe addiction and psychological problems as set forth above.

3. Purdue representatives breach of their care of duty directly and proximately caused injury to the claimant as set forth above resulting damages of $350,000.00 in mental anguish with chronic depression, severe withdrawals, and addiction resulting in psychological disorders of severe depression, Bi-polar disorder, and Schizoaffective disorder.

**THIRD CAUSE OF ACTION
BAD AND DECEPTIVE BUSINESS PRACTICES**

1. Section 75-1-1(a) of the North Carolina General Statute declares unfair methods of competition in or affecting commerce and unfair or deceptive acts or practices in or affecting commerce to be unlawful NCGS 75-1-1(a)(2011). The General Assembly has defined "commerce" to mean "all business activities, however, denominated.

2. Purdue representatives engaged in an unethical immoral and unscrupulous activity when they falsely and fraudulently misrepresented the facts to claimants' doctor as set forth below.

Purdue representatives misrepresented the facts of their 20mg and 40mg OxyContin stating to claimants' doctor that studies show OxyContin was not as addictive because the Oxycodone was a long-lasting form. Moreover, Purdue representatives misrepresented Purdue studies by stating to

claimants' doctor that if the patient continues to request higher amounts of OxyContin it was because the patient was in pain and not because of addiction. Purdue also fraudulently represented to Claimants doctor that the risk of addiction was extremely low. Claimant became seriously addicted to OxyContin, in turn, causing claimant to lose jobs numerous hospitalizations for addiction and diagnosis of psychological illnesses including severe depression Bi-polar disorder and Schizoaffective disorder and severe withdrawals and financial ruin because of the inability to work because of the psychological illnesses and the addiction caused by OxyContin.

Purdue's fraudulent and negligence actions as set forth above and concealing data they had in their procession concerning the severe addiction possibilities of their OxyContin to claimants' doctor led to claimants' addiction. Moreover, because of their deceitful conduct and the trust and reliance, claimants' doctor placed in Purdue's fraudulent data caused claimants" doctor to prescribe high doses of OxyContin ultimately leading to claimants' severe addiction. Cause of actions on separate pages.

**3.** Purdue representatives engaged in an unethical immoral and unscrupulous activity when they provided claimants doctor with false and fraudulent data stating that Prudue studies showed OxyContin was not as addictive because the Oxycodone was a long-lasting form and if the patient was requesting higher does of OxyContin it was because the patient was in pain and not because of addiction and that the addiction to OxyContin was extremely low.

**4.** Purdue representatives' fraud (misrepresentation of the facts.) and negligence were the proximate cause of claimants Wilkies' addiction to OxyContin and resulting Psychological illnesses of severe depression, Bi-polar disorder, and Schizoaffective disorder. Plaintiffs are seeking punitive and or treble damage award pursuant to § 75-16 in an amount to be determined by this Hon. Court.

Respectfully submitted on the 29th day of June 2020

**Robert Van Wilkie**

Robert V Wilkie

250 Pleasantview Loop
Morganton NC 28655
Robert.V.Wilkie.NC9@Gmail.com
Ph: (828) 334 3149

**AFF 1**

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

| In re<br><br>PURDUE PHARMA L.P., *et al.*,<br>Debtors | Case No. 19-23649<br><br>**AFFIDAVIT** |
|---|---|

I Robert V Wilkie declare and certify this Affidavit is made from personal knowledge and the afford-going is a statement of Truth.

I Robert V Wilkie attest and affirm as set forth in my claim Purdue's deceptive marketing scheme was the direct cause of my addiction to OxyContin and psychological illnesses. I suffered injuries because of Purdue's deceptive marketing scheme as set forth in my claim.

I Robert V Wilkie. The undersigned am over the age of 18.

I Robert V Wilkie declare and Certify I'm the affiant and I'm competent to testify in the matters stated therein.

Respectfully submitted on the 29th day of June 2020

**Robert V Wilkie**

250 Pleasanrview Loop
Morganton NC 28655
Robert.V.Wilkie.NC9@Gmail.com
Hm ph: (282) 334 3149

**AFF 1**

(1) If executed within the United States, its territories, possessions, or commonwealths: declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on 06 29 20 20

Signature)". [signature]
Robert V Wilkie

---

H.R. REP. NO. 94-1616, at 1 (1976), as reprinted in 1976 U.S.C.C.A.N. 5644, 5645.
6 Closen, supra note 2, at 697.

28 U.S.C. § 1746 (2000) (added Oct. 18, 1976, by Pub. L. No. 94-550, § 1(a), 90 Stat. 2534) provides:

Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:
(1) If executed without the United States: "I declare (or certify, verify, or state) under penalty of perjury under the laws of the UNITED STATES, Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidence, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:

N.C.P.I.—Civil—813.00
TRADE REGULATION
GENERAL CIVIL VOLUME
JUNE 2013

------------------------------------------

813.00 TRADE REGULATION

Preface

*Chapter 75 of the General Statutes prohibits a number of acts which are considered to have a harmful impact on consumers, on competition and on commerce. Within Chapter 75 is a "little Sherman Act" (§ 75-1), a "little FTC Act" (§ 75-1.1) and a host of other statutes[1] which proscribe specific types of conduct. In addition, N.C. Gen. Stat. § 75-2 specifically preserves common law antitrust prohibitions and subjects violators of the common law to N.C. Gen. Stat. § 75-1 liability. The violation of some of these statutes is a criminal offense; the violation of others of these statutes merely subjects the violators to civil penalty assessments by the Attorney General.*

*In any event, N.C. Gen. Stat. § 75-16 confers a right upon private persons to bring damage actions against the violators in certain circumstances.[2] N.C. Gen. Stat. § 75-16 provides:*

*If any person shall be injured or the business of any person, firm, or corporation shall be broken up, destroyed or injured by*

---

1 By express reference to § 75-1.1, other parts of the General Statutes also proscribe certain trade practices and make their occurrence the subject or a cause of action under Chapter 75. *See* § 25A-44(4) (Retail Installment Sales Act); § 66-100(e) (Business Opportunity Sales Act); § 66-111(d) (Loan Broker Statute); § 66-125(c) (Prepaid Contract Statute); § 14-118.6(d) (False Lien Claims Filed against Public Officials Statute).

2 *Beware:* Special care must be exercised by the trial judge in these types of cases. Treble damages are allowed under N.C. Gen. Stat. § 75-16 for most of the violations of Chapter 75. (In some instances, treble damages are not allowed. *See, e.g.*, N.C. Gen. Stat. § 75-56 making treble damages inapplicable to violations of N.C. Gen. Stat. § 75-50 through 55.) The jury's function in these trade regulation cases is to determine the amount of *actual* damages *only*. The trial judge—and not the jury—does the trebling. In fact, the jury is *not even to be informed* of the treble damages provision because of the possible prejudice to the plaintiff's case. However, this rule is for the protection of the plaintiff, and if the plaintiff discloses the treble damages provision to the jury he may be deemed to have waived the right to keep the treble damages rule from the jury. A compulsory pre-trial conference is strongly recommended to instruct counsel as to the impropriety of raising the fact of treble damages before the jury during the course of trial.

*reason of any act or thing done by any other person, firm or corporation in violation of the provisions of this Chapter, such person, firm or corporation so injured shall have a right of action on account of such injury done. . . .*[3]

*The similarities between North Carolina's statutory scheme and that of the federal antitrust laws are not accidental.*[4] *Under the federal framework, Sections 1 and 2 of the Sherman Act (15 U.S.C. §§ 1, 2) make contracts in restraint of trade and monopolies, respectively, unlawful. These statutes are criminal in nature. Private citizens obtain their civil damage relief through § 4 of the Clayton Act (15 U.S.C. § 15), a statute which is fairly similar in wording and format to N.C. Gen. Stat. § 75-16. Section 5 of the Federal Trade Commission Act prohibits unfair and deceptive trade practices. This precise wording is used in § 75-1.1, although the federal law does differ in that it confers no private right of action while § 75-1.1 does.*

*The following instructions borrow heavily from the prodigious federal decisional law which has developed since 1914 under § 4 of the Clayton Act, as well as under § 5 of the Federal Trade Commission Act. Following these federal decisional law guidelines, a plaintiff seeking treble damages must prove three, and sometimes four things:*[5]

---

3 Normally, civil actions under "antitrust" statutes do not allow a recovery for *personal* injuries. Their remedial focus is almost always on *economic* injuries. However, "antitrust" violations of the unfair and deceptive variety commonly do involve the opportunity for causing personal injury, such as where a consumer is induced to purchase a flammable garment which is advertised as "flame resistant."

4 *See* Aycock, *Antitrust and Unfair Trade Practices Law in North Carolina --Federal Law Compared*, 50 N.C.L. Rev. 199, 201 (1972).

5 Pattern instructions have not been written for violations of the Debt Collection provisions of Chapter 75 (N.C. Gen. Stat. §§ 75-50 to 75-56), the Retail Installment Sales Act (N.C. Gen. Stat. Chapter 25A), the Business Opportunity Sales Act (N.C. Gen. Stat. §§

---

*First, that the defendant has violated a trade regulation statute ("issue of violation"); and*

*Second, that, where required, this violation affected commerce or occurred in commerce ("issue of commerce"); and*

*Third, that the violation injured the plaintiff, either personally or in his business ("issue of proximate cause"), and*

*Fourth, the amount of plaintiff's injuries ("issue of damages").*[6]

---

66-94 to 66-100), or for filing a false lien or encumbrance against the property of a public official (N.C. Gen. Stat. 14-118.6(d)). However, instructions for these, and any other violations that trigger Chapter 75 liability, will have the same basic structure as the N.C.P.I.--Civil 813.00 Instructions.

6 Again, the damage issue has reference only to *actual* and not treble damages. The jury is not to be informed that damages may be trebled. *See* note 2, *supra*.

# EXHIBIT B

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| In re:<br><br>PURDUE PHARMA L.P., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 19-23649 (RDD)<br><br>(Jointly Administered) |
|---|---|

# Personal Injury Claimant Proof of Claim Form
## (Including Parents and Guardians)

**You may file your claim electronically at PurduePharmaClaims.com via the link entitled "Submit a Claim."**

**For questions regarding this Proof of Claim Form, please call Prime Clerk at (844) 217-0912 or visit PurduePharmaClaims.com.**

**Read the instructions at the end of this document before filling out this form. This form is for individuals to assert an unsecured claim against the Debtors seeking damages based on actual or potential future personal injury to the claimant or another (for example, deceased, incapacitated, or minor family member) related to the taking of a Purdue Opioid and/or the taking of another opioid for which You believe Purdue is responsible for Your damages.**

Do not use this form to assert only a non-personal injury claim against the Debtors based on or involving opioids or their production, marketing and sale, including without limitation, the Debtors' production, marketing and sale of Purdue Opioids. File such claims on a General Opioid Claimant Proof of Claim Form. However, if You have a claim against the Debtors based on or involving the production, marketing and sale of opioids, in addition to Your claim based on personal injury, You may include information related to that claim on the Personal Injury Claimant Proof of Claim Form by completing Part 5 of this form.

Do not use this form to assert any other pre-petition claims, including secured claims or claims entitled to priority under 11 U.S.C. § 507(a). Secured claims, claims entitled to priority under 11 U.S.C. § 507(a) and non-opioid related claims should be filed on a Non-Opioid Claimant Proof of Claim Form (Form 410).

Creditor (also referred to as "You" throughout) shall provide information responsive to the questions set forth below. Creditors may include parents, foster parents, and guardians submitting claims on behalf of minors with Neonatal Abstinence Syndrome ("NAS"). Instructions and definitions are provided at the end of this document. You shall provide information reasonably available to You and are not excused from providing the requested information for failure to appropriately investigate Your claim. You shall supplement Your responses if You learn that they are incomplete or incorrect in any material respect.

Personal Injury Claimant Proof of Claim Forms and any supporting documentation submitted with the form shall remain highly confidential and shall not be made available to the public. For the avoidance of doubt, all pages of the Personal Injury Claimant Proof of Claim Form and supporting documentation shall be treated as highly confidential and made available only to Prime Clerk, the Court and to those that agree to be bound by the Protective Order.

**Fill in all the information about the claim as of September 15, 2019, the Petition Date. You may also fill in information regarding any claims You believe You may have after September 15, 2019 on this form. This form should be completed to the best of Your ability with the information available to You. If You are unable to answer certain questions at this time, the absence of an answer, by itself, will not result in the denial of Your claim, though You may be asked or required to provide additional information at a later date. You may also amend or supplement Your claim after it is filed.**

Please note that supporting documentation is requested in certain portions of the form. Please provide the requested information to the best of Your ability. At Your discretion, You may also provide additional information to supplement Your claim in any manner available to You.

**Do not send original documents**, as they will not be returned, and they may be destroyed after scanning.

**Part 1: Identify the Claim**

1. **Who is the creditor?**

Robert Van Wilkie

Name of the individual to be paid for this claim. If the creditor is a minor (under 18), please provide only the minor's initials.

Other names the creditor used with the debtor, including maiden or other names used:

______

If Your claim is based on personal injury to another (for example, a deceased, incapacitated, or minor family member), please provide the name of that other person (that is, the injured person). If the injured person is a minor (under 18), please provide only the minor's initials:

______

If You are submitting a claim on behalf of another person, please provide Your name and relationship to that person:

______

If you are submitting a claim on behalf of a minor, are You the Legal Guardian?

☐ No ☐ Yes

| | | |
|---|---|---|
| 2. **What is the year of birth, gender, and last 4 digits of the social security number of the creditor (or injured person, if the claim is based on the personal injury of another)?** | Year of Birth: 1966<br>Gender: ☑ Male ☐ Female<br>Last 4 Digits of Social Security Number (if available): XXX-XX- 6 9 7 2 | |
| 3. **Where should notices and payments to the creditor be sent?**<br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?**<br>250 Pleasantview Loop<br>Morganton NC 28655<br>Contact phone 828 334 3149<br>Contact email | **Where should payments to the creditor be sent?** (if different)<br>Contact phone<br>Contact email Robert.V.Wilkie.NC9@Gmail.com |
| 4. **Does this claim amend one already filed?** | ☐ No.<br>☑ Yes. Claim number on court claims registry (if known)________ | Filed on 06/27/2020<br>MM / DD / YYYY |
| 5. **Do you know if anyone else has filed a proof of claim for this claim?** | ☑ No.<br>☐ Yes. Who made the earlier filing? ____________ | |

## Part 2: Attorney Information (Optional)

| | |
|---|---|
| 6. **Are You represented by an attorney in this matter?**<br>You do not need an attorney to file this form. | ☑ No.<br>☐ Yes. If yes, please provide the following information:<br>Law Firm Name<br>Attorney Name<br>Address<br>City State ZIP Code<br>Contact phone ____________ Contact email ____________ |

## Part 3: Information as of September 15, 2019, the Petition Date, About Your Claim

| | |
|---|---|
| 7. **How much is the claim?** | $ ____________ or<br>☐ Unknown. |
| 8. **Select all that apply to You.** | ☑ Creditor has been injured by use of an opioid.<br>☐ Although Creditor is not currently aware of any injury, Creditor wants to file now to keep the ability to seek payment if Creditor has a future injury or harm due to use of an opioid.<br>☐ Creditor has a claim arising out of another person's use of an opioid. ***Please answer all questions in Part 4 as if that person (the injured person) is filling out the form.***<br>☐ Creditor is submitting a claim on behalf of a minor with NAS. ***Please answer all questions in Part 4 as if the birth mother of the minor is filling out the form (to the extent such information is available to You).*** |

| | |
|---|---|
| 9. **Briefly describe the type of injury alleged from Your use or another person's use of an opioid. Select all that apply.**<br><br>Attach additional sheets if necessary. | ☐ Death<br>☑ Overdose<br>☑ Addiction/Dependence/Substance Use Disorder<br>☑ Lost Wages/Earning Capacity<br>☐ Loss of Consortium<br>☐ NAS-related<br>    ☐ Learning Disability<br>    ☐ Spina Bifida<br>    ☐ Developmental Disability<br>    ☐ Heart Defects<br>    ☐ Congenital Defects or Malformations<br>☐ Expenses for Treatment<br>☑ Other (describe): Psychological disorders severe depression Bi-polar disorder Schizoaffective disorder |
| 10. **Describe the basis for Your claim, including all alleged causes of action, sources of damages, etc., You are asserting against the Debtors.**<br><br>Attach additional sheets if necessary. | Purdue representatives misrepresented the facts of their 20mg and 40mg OxyContin stating to claimants' doctor that studies show OxyContin was not as addictive because the Oxycodone was a long-lasting form. Moreover, Purdue representatives misrepresented Purdue studies by stating to claimants' doctor that if the patient continues to request higher amounts of OxyContin it was because the patient was in pain and not because of addiction. Purdue also fraudulently represented to Claimants doctor that the risk of addiction was extremely low. Claimant became seriously addicted to OxyContin, in turn, causing claimant to lose jobs numerous hospitalizations for addiction and diagnosis of psychological illnesses including severe depression Bi-polar disorder and Schizoaffective disorder and severe withdrawals and financial ruin because of the inability to work because of the psychological illnesses and the addiction caused by OxyContin.<br><br>Purdue's fraudulent and negligence actions as set forth above and concealing data they had in their procession concerning the severe addiction possibilities of their OxyContin to claimants' doctor led to claimants' addiction. Moreover, because of their deceitful conduct and the trust and reliance, claimants' doctor placed in Purdue's fraudulent data caused claimants" doctor to prescribe high doses of OxyContin ultimately leading to claimants' severe addiction. Cause of actions on separate pages. |
| 11. **Please identify and quantify each category of damages or monetary relief that You allege, including all injunctive relief that You seek. Check as many boxes as are applicable.** | ☑ Compensatory: $350,000.00 or ☐ Unknown<br>(for example, lost wages, pain and suffering, expenses not reimbursed, loss of consortium, etc.)<br>☑ Punitive: $________ or ☑ Unknown<br>☐ Other (describe): |

**12. Have You ever filed a lawsuit against any of the Debtors at any time?**

☑ No

☐ Yes. If yes, please provide the following information and attach supporting documentation:

**Case Caption:** ______

**Court and Case/Docket Number:** ______

**Attorney Information:**

______
Law Firm Name

______
Attorney Name

______
Address

______
City State ZIP Code

Contact phone ______ Contact email ______

**Part 4: Information About Opioid Use**

If You have a claim arising out of another person's use of an opioid, please answer these questions as if the injured person is filling out the form. If You are submitting a claim on behalf of a minor with NAS, please answer these questions as if the birth mother of the minor is filling out the form (to the extent such information is available to You).

**13. Were You prescribed or administered a Purdue brand name opioid by a healthcare professional?**

☐ Unknown (select if You were prescribed a prescription opioid but do not know the specific medication).

☐ No.

☑ Yes. If yes, please provide the following information to the extent reasonably available:

**Please identify the Purdue brand name opioid(s) that You were prescribed or administered by a healthcare professional. Check as many medications as applicable.**

☑ Butrans®
☐ DHC Plus®
☑ Dilaudid®
☐ Hysingla ER®
☑ MS Contin®
☐ MSIR®
☑ OxyContin®
☐ OxyFast®
☑ OxyIR®
☐ Palladone®
☑ Ryzolt

**14. Were You ever prescribed or administered *any* opioid (other than a Purdue brand name opioid) by a healthcare professional?**

☑ Unknown (select if You were prescribed a prescription opioid but do not know the specific medication).

☐ No.

☑ Yes. If yes, please provide the following information to the extent reasonably available:

Non-Purdue Brand Name Opioid, if known: ______

**Please identify the generic opioid(s) that You were prescribed or administered by a healthcare professional. Check as many medications as applicable.**

☑ Buprenorphine transdermal system
☐ Hydrocodone and acetaminophen tablets (generic to Vicodin® or Norco®)
☑ Hydromorphone immediate-release tablets
☐ Hydromorphone oral solution
☑ Morphine extended-release tablets
☐ Other Generic: ______
☑ Oxycodone extended-release tablets
☐ Oxycodone immediate-release tablets
☑ Oxycodone and acetaminophen tablets (generic to Percocet®)
☐ Tramadol extended-release tablets

**Part 5:** **Other (Non-Personal Injury) Opioid-Related Claims**

**15. Do You believe You have any other claims against the Debtors based on or involving the Debtors' production, marketing and sale of Purdue Opioids that are not based on a personal injury?**

☐ No.

☑ Yes. If yes, please describe the nature of the claim(s) (Attach additional sheets if necessary).

Bad and Deceptive Business Practices pursuant to NCGS 75-1

**16. How much is the claim?**

$ ______________________ or

☑ Unknown.

**Part 6:** **Supporting Documentation**

**17. Please provide the following supporting documentation if You would like (but You are not required) to supplement this proof of claim.**

☐ Provide any documents supporting Your claim, including but not limited to: any complaint that You have filed against the Debtor(s), prescriptions, pharmacy records or statements showing prescriptions, or any records supporting Your claims of damages.

**Part 7:** **Sign Below**

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☑ I am the creditor.

☐ I am the creditor's attorney, guardian, kinship (or other authorized) caretaker, executor, or authorized agent.

☐ Other (describe): ______________________

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

**Signature:** Robert Van Wilkie
Robert Van Wilkie (Jun 28, 2020 19:05 EDT)

**Email:** Robert.V.Wilkie.NC9@Gmail.com

______________________
Signature

**Print the name of the person who is completing and signing this claim:**

Name: Robert Van Wilkie
First name | Middle name | Last name

Title: 250 Pleasantview Loop

Company: N/A

Address: 250 Pleasantview Loop
Number Street

Morganton | NC | 28655
City | State | ZIP Code

Contact phone: 828 334 3149

Email: Robert.V.Wilkie.NC9@Gmail.com

**Attach Supporting Documentation** (limited to a single PDF attachment that is less than 5 megabytes in size and under 100 pages):

[x] I have supporting documentation. (attach below)

[ ] I do not have supporting documentation.

Attachment

**PLEASE REVIEW YOUR PROOF OF CLAIM AND SUPPORTING DOCUMENTS AND REDACT ACCORDINGLY PRIOR TO UPLOADING THEM. PROOFS OF CLAIM AND ATTACHMENTS ARE PUBLIC DOCUMENTS THAT WILL BE AVAILABLE FOR ANYONE TO VIEW ONLINE.**

**IMPORTANT NOTE REGARDING REDACTING YOUR PROOF OF CLAIM AND SUPPORTING DOCUMENTATION When you submit a proof of claim and any supporting documentation you must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.**

**A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. The responsibility for redacting personal data identifiers (as defined in Federal Rule of Bankruptcy Procedure 9037) rests solely with the party submitting the documentation and their counsel. Prime Clerk and the Clerk of the Court will not review any document for redaction or compliance with this Rule and you hereby release and agree to hold harmless Prime Clerk and the Clerk of the Court from the disclosure of any personal data identifiers included in your submission. In the event Prime Clerk or the Clerk of the Court discover that personal identifier data or information concerning a minor individual has been included in a pleading, Prime Clerk and the Clerk of the Court are authorized, in their sole discretion, to redact all such information from the text of the filing and make an entry indicating the correction.**

# Instructions for Personal Injury Claimant Proof of Claim Form

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

> **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- **Fill in all of the information about the claim as of the date the bankruptcy case was filed, September 15, 2019. You may also fill in information regarding any claims You believe You may have after September 15, 2019 on this form.**
- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.
- **Attach any available supporting documents to this form.** Attach copies of any documents that show that the debt exists, a lien secures the debt, or both.

  Also attach copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).
- **Do not attach original documents because they will not be returned and may be destroyed after scanning.**
- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.
- **A parent, foster parent, or guardian may complete this form on behalf of a minor child if there is reason to believe that the birth mother may have taken opioid products.**
- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.
- **Each question in this proof of claim form should be construed independently, unless otherwise noted. No question should be construed by reference to any other question if the result is a limitation of the scope of the answer to such question.**
- **The questions herein do not seek the discovery of information protected by the attorney-client privilege.**
- **The words "and" and "or" should be construed as necessary to bring within the scope of the request all responses and information that might otherwise be construed to be outside its scope.**
- **After reviewing this form and any supporting documentation submitted with this form, additional information and documentation may be requested.**
- **Purdue Pharma (Canada) is not a debtor in this case. If Your claim is against only Purdue Pharma (Canada), You do not have a claim in this case and should not file and submit this form.**

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, enclose a stamped self-addressed envelope and a copy of this form. You may also call Prime Clerk at (844) 217-0912, send an inquiry to purduepharmainfo@primeclerk.com, or submit an inquiry or live chat with Prime Clerk through the case website at PurduePharmaClaims.com.

## Understand the terms used in this form

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. § 101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. § 507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Purdue Opioid** means all natural, semi-synthetic or synthetic chemicals that interact with opioid receptors on nerve cells in the body and brain, and that are approved by the U.S. Food & Drug Administration (FDA) and listed by the DEA as Schedule II or III drugs pursuant to the federal Controlled Substances Act, produced, marketed or sold by the Debtors as (i) the following **Brand Name Medications:** OxyContin®, Hysingla ER®, Butrans®, Dilaudid®, Ryzolt, MS Contin®, MSIR®, Palladone®, DHC Plus®, OxyIR®, and OxyFast®, and (ii) the following **Generic Medications:** oxycodone extended-release tablets, buprenorphine transdermal system, hydromorphone immediate-release tablets, hydromorphone oral solution, tramadol extended-release tablets, morphine extended-release tablets, oxycodone immediate-release tablets, oxycodone and acetaminophen tablets (generic to Percocet®), hydrocodone and acetaminophen tablets (generic to Vicodin® or Norco®). The term "Purdue Opioid(s)" shall not mean: (i) medications and other substances to treat opioid or other substance use disorders, abuse, addiction or overdose; (ii) raw materials and/or immediate precursors used in the manufacture or study of opioids or opioid products, but only when such materials and/or immediate precursors are sold or marketed exclusively to DEA-licensed manufacturers or DEA-licensed researchers; or (iii) opioids listed by the DEA as Schedule IV drugs pursuant to the federal Controlled Substances Act.

**Secured claim under 11 U.S.C. § 506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of § 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

### Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

### Please send completed Proof(s) of Claim to:

**If by first class mail:**
Purdue Pharma Claims Processing Center
c/o Prime Clerk LLC
Grand Central Station, PO Box 4850
New York, NY 10163-4850

**If by overnight courier or hand delivery:**
Purdue Pharma Claims Processing Center
c/o Prime Clerk LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

**You may also file your claim electronically at PurduePharmaClaims.com via the link entitled "Submit a Claim."**

**Do not file these instructions with your form**

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

| In re<br><br>PURDUE PHARMA L.P., *et al.*,<br>Debtors | Case No. 19-23649<br><br>MOTION TO TAKE NOTICE |
|---|---|

On line 13 of the proof of claim form stating (Were you prescribed or administered a Purdue brand name opioid by a healthcare professional) claimant checked yes and was prescribed only OxyCotin. However, when the claimant checked no on line 14 claimant's answer on line 13 was automatically changed to no and when claimant checked no on line 14 claimant's answer on line 13 was automatically changed to no. So, therefore, claimant's answer on line 13 was yes and the claimant was prescribed only OxyCotin, and claimants answer to the Question on line 14 is no.

This is the 2nd submission of an amended proof of claim because during the 1st submission of claimants amended proof of claim Pudues system checked several drugs on line 13 that the claimant did not check and checked several drugs on line 14 that the claimant did not check because the claimant checked no on line 14. So, therefore, the claimant submitted a hard copy of his 2nd amended proof of claim as a means to ensure the accuracy of claimants proof of claim.

Respectfully Submitted on the 28th day of June 2020

**Robert V Wilkie** ,

Robert V Wilkie

250 Pleasanrview Loop
Morganton NC 28655
Robert.V.Wilkie.NC9@Gmail.com
Hm ph: (828) 334 3149

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| PURDUE PHARMA L.P., *et al.*, | Case No. 19-23649 (RDD) |
| Debtors. | (Jointly Administered) |

# Personal Injury Claimant Proof of Claim Form

## (Including Parents and Guardians)

**You may file your claim electronically at PurduePharmaClaims.com via the link entitled "Submit a Claim."**

**For questions regarding this Proof of Claim Form, please call Prime Clerk at (844) 217-0912 or visit PurduePharmaClaims.com.**

**Read the instructions at the end of this document before filling out this form. This form is for individuals to assert an unsecured claim against the Debtors seeking damages based on actual or potential future personal injury to the claimant or another (for example, deceased, incapacitated, or minor family member) related to the taking of a Purdue Opioid and/or the taking of another opioid for which You believe Purdue is responsible for Your damages.**

Do not use this form to assert only a non-personal injury claim against the Debtors based on or involving opioids or their production, marketing and sale, including without limitation, the Debtors' production, marketing and sale of Purdue Opioids. File such claims on a General Opioid Claimant Proof of Claim Form. However, if You have a claim against the Debtors based on or involving the production, marketing and sale of opioids, in addition to Your claim based on personal injury, You may include information related to that claim on the Personal Injury Claimant Proof of Claim Form by completing Part 5 of this form.

Do not use this form to assert any other pre-petition claims, including secured claims or claims entitled to priority under 11 U.S.C. § 507(a). Secured claims, claims entitled to priority under 11 U.S.C. § 507(a) and non-opioid related claims should be filed on a Non-Opioid Claimant Proof of Claim Form (Form 410).

Creditor (also referred to as "You" throughout) shall provide information responsive to the questions set forth below. Creditors may include parents, foster parents, and guardians submitting claims on behalf of minors with Neonatal Abstinence Syndrome ("NAS"). Instructions and definitions are provided at the end of this document. You shall provide information reasonably available to You and are not excused from providing the requested information for failure to appropriately investigate Your claim. You shall supplement Your responses if You learn that they are incomplete or incorrect in any material respect.

Personal Injury Claimant Proof of Claim Forms and any supporting documentation submitted with the form shall remain highly confidential and shall not be made available to the public. For the avoidance of doubt, all pages of the Personal Injury Claimant Proof of Claim Form and supporting documentation shall be treated as highly confidential and made available only to Prime Clerk, the Court and to those that agree to be bound by the Protective Order.

**Fill in all the information about the claim as of September 15, 2019, the Petition Date. You may also fill in information regarding any claims You believe You may have after September 15, 2019 on this form. This form should be completed to the best of Your ability with the information available to You. If You are unable to answer certain questions at this time, the absence of an answer, by itself, will not result in the denial of Your claim, though You may be asked or required to provide additional information at a later date. You may also amend or supplement Your claim after it is filed.**

Please note that supporting documentation is requested in certain portions of the form. Please provide the requested information to the best of Your ability. At Your discretion, You may also provide additional information to supplement Your claim in any manner available to You.

**Do not send original documents**, as they will not be returned, and they may be destroyed after scanning.

## Part 1: Identify the Claim

**1. Who is the creditor?**

Robert Van Wilkie

Name of the individual to be paid for this claim. If the creditor is a minor (under 18), please provide only the minor's initials.

Other names the creditor used with the debtor, including maiden or other names used:

______________________________

If Your claim is based on personal injury to another (for example, a deceased, incapacitated, or minor family member), please provide the name of that other person (that is, the injured person). If the injured person is a minor (under 18), please provide only the minor's initials:

______________________________

If You are submitting a claim on behalf of another person, please provide Your name and relationship to that person:

______________________________

If you are submitting a claim on behalf of a minor, are You the Legal Guardian?

☐ No ☐ Yes

2. **What is the year of birth, gender, and last 4 digits of the social security number of the creditor (or injured person, if the claim is based on the personal injury of another)?**

Year of Birth: 1966

Gender: ☒ Male ☐ Female

Last 4 Digits of Social Security Number (if available): XXX-XX- 6 9 7 2

3. **Where should notices and payments to the creditor be sent?**
Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

250 Pleasantview Loop
Morganton NC 28655

Contact phone 828 334 3149

Contact email Robert.V.Wilkie.NC9@gmail.com

**Where should payments to the creditor be sent?** (if different)

Contact phone

Contact email

4. **Does this claim amend one already filed?**

☐ No.
☒ Yes. Claim number on court claims registry (if known)________ Filed on 06/27/2020 (MM / DD / YYYY)

5. **Do you know if anyone else has filed a proof of claim for this claim?**

☒ No.
☐ Yes. Who made the earlier filing? ____________

## Part 2: Attorney Information (Optional)

6. **Are You represented by an attorney in this matter?**
You do not need an attorney to file this form.

☒ No.
☐ Yes. If yes, please provide the following information:

Law Firm Name

Attorney Name

Address

City State ZIP Code

Contact phone ____________ Contact email ____________

## Part 3: Information as of September 15, 2019, the Petition Date, About Your Claim

7. **How much is the claim?**

$ 350,000.00 or

☐ Unknown.

8. **Select all that apply to You.**

☒ Creditor has been injured by use of an opioid.

☐ Although Creditor is not currently aware of any injury, Creditor wants to file now to keep the ability to seek payment if Creditor has a future injury or harm due to use of an opioid.

☐ Creditor has a claim arising out of another person's use of an opioid. ***Please answer all questions in Part 4 as if that person (the injured person) is filling out the form.***

☐ Creditor is submitting a claim on behalf of a minor with NAS. ***Please answer all questions in Part 4 as if the birth mother of the minor is filling out the form (to the extent such information is available to You).***

**9. Briefly describe the type of injury alleged from Your use or another person's use of an opioid. Select all that apply.**

Attach additional sheets if necessary.

- ☐ Death
- ☒ Overdose
- ☒ Addiction/Dependence/Substance Use Disorder
- ☒ Lost Wages/Earning Capacity
- ☐ Loss of Consortium
- ☐ NAS-related
  - ☐ Learning Disability
  - ☐ Spina Bifida
  - ☐ Developmental Disability
  - ☐ Heart Defects
  - ☐ Congenital Defects or Malformations
- ☐ Expenses for Treatment
- ☒ Other (describe): Psychological disorders severe depression Bi-polar disorder Schizoaffective disorder

**10. Describe the basis for Your claim, including all alleged causes of action, sources of damages, etc., You are asserting against the Debtors.**

Attach additional sheets if necessary.

Purdue representatives misrepresented the facts of their 20mg and 40mg OxyContin stating to claimants ' doctor that studies show OxyContine was not as addictive because the Oxycodone was a long-lasting form. Moreover, Purdue representatives misrepresented Purdue studies by stating to claimants ' doctor that if the patient continues to request higher amounts of OxyContin it was because the patient was in pain and not because of addiction. Purdue also fraudulently represented to Claimants doctor that the risk of addiction was extremely low. Claimant became seriously addicted to OxyContin, in turn, causing claimant to lose jobs numerous hospitalizations for addiction and diagnosis of psychological illnesses including severe depression Bi-polar disorder and Schizoaffective disorder and severe withdrawals and financial ruin because of the inability to work because of the psychological illnesses and the addiction caused by OxyContin.

Purdue's fraudulent and negligence actions as set forth above and concealing data they had in their procession concerning the severe addiction possibilities of their OxyContin to claimants ' doctor led to claimants ' addiction. Moreover, because of their deceitful conduct and the trust and reliance, claimants ' doctor placed in Purdue's fraudulent data caused claimants ' ' doctor to prescribe high doses of OxyContin ultimately leading to claimants ' severe addiction. Cause of actions on separate pages.

**11. Please identify and quantify each category of damages or monetary relief that You allege, including all injunctive relief that You seek. Check as many boxes as are applicable.**

☒ Compensatory: $350,000.00 or ☐ Unknown

(for example, lost wages, pain and suffering, expenses not reimbursed, loss of consortium, etc.)

☒ Punitive: $________ or ☒ Unknown

☐ Other (describe):

12. Have You ever filed a lawsuit against any of the Debtors at any time?

☒ No

☐ Yes. If yes, please provide the following information and attach supporting documentation:

**Case Caption:** ____________________

**Court and Case/Docket Number:** ____________________

**Attorney Information:**

Law Firm Name

Attorney Name

Address

City | State | ZIP Code

Contact phone ____________ Contact email ____________

**Part 4:** **Information About Opioid Use**

If You have a claim arising out of another person's use of an opioid, please answer these questions as if the injured person is filling out the form. If You are submitting a claim on behalf of a minor with NAS, please answer these questions as if the birth mother of the minor is filling out the form (to the extent such information is available to You).

13. Were You prescribed or administered a Purdue brand name opioid by a healthcare professional?

☐ Unknown (select if You were prescribed a prescription opioid but do not know the specific medication).

☐ No.

☒ Yes. If yes, please provide the following information to the extent reasonably available:

**Please identify the Purdue brand name opioid(s) that You were prescribed or administered by a healthcare professional. Check as many medications as applicable.**

☐ Butrans®
☐ DHC Plus®
☐ Dilaudid®
☐ Hysingla ER®
☐ MS Contin®
☐ MSIR®
☒ OxyContin®
☐ OxyFast®
☐ OxyIR®
☐ Palladone®
☐ Ryzolt

14. Were You ever prescribed or administered *any* opioid (other than a Purdue brand name opioid) by a healthcare professional?

☐ Unknown (select if You were prescribed a prescription opioid but do not know the specific medication).

☒ No.

☐ Yes. If yes, please provide the following information to the extent reasonably available:

Non-Purdue Brand Name Opioid, if known: ____________________

**Please identify the generic opioid(s) that You were prescribed or administered by a healthcare professional. Check as many medications as applicable.**

☐ Buprenorphine transdermal system
☐ Hydrocodone and acetaminophen tablets (generic to Vicodin® or Norco®)
☐ Hydromorphone immediate-release tablets
☐ Hydromorphone oral solution
☐ Morphine extended-release tablets
☐ Other Generic: ____________________
☐ Oxycodone extended-release tablets
☐ Oxycodone immediate-release tablets
☐ Oxycodone and acetaminophen tablets (generic to Percocet®)
☐ Tramadol extended-release tablets

## Part 5: Other (Non-Personal Injury) Opioid-Related Claims

**15. Do You believe You have any other claims against the Debtors based on or involving the Debtors' production, marketing and sale of Purdue Opioids that are not based on a personal injury?**

☐ No.

☒ Yes. If yes, please describe the nature of the claim(s) (Attach additional sheets if necessary).

Bad and Deceptive Business Practices pursuant to NCGS 75-1

**16. How much is the claim?**

$ ______________________ or

☒ Unknown.

## Part 6: Supporting Documentation

**17. Please provide the following supporting documentation if You would like (but You are not required) to supplement this proof of claim.**

- Provide any documents supporting Your claim, including but not limited to: any complaint that You have filed against the Debtor(s), prescriptions, pharmacy records or statements showing prescriptions, or any records supporting Your claims of damages.

## Part 7: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☒ I am the creditor.

☐ I am the creditor's attorney, guardian, kinship (or other authorized) caretaker, executor, or authorized agent.

☐ Other (describe): ______________________

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date ____________(mm/dd/yyyy)

______________________

Signature

**Print the name of the person who is completing and signing this claim:**

Name: Robert Van Wilkie (First name / Middle name / Last name)

Title: Claimant

Company: N/A

Address: 250 Pleasantview Loop (Number Street)

Valdese (City) NC (State) 28655 (ZIP Code)

Contact phone: 8283343149 Email: Robert.V.Wilkie.NC9@Gmail.com

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| In re: PURDUE PHARMA L.P., *et al.*, Debtors | Case No. 19-23649<br>**CLAIM**<br>**COUNTS**<br>1. FRAUD<br>2. NEGLIGENCE |
|---|---|

## FIRST CAUSE OF ACTION:
## FRAUD:

1. Between the years of March 1998 through August 2002 Purdue representatives fraudulently misrepresented the facts of their 20mg and 40mg OxyContin to claimant Wilkies' doctor stating to claimants' doctor that studies showed OxyContin was not as addictive because the Oxycodone was in a long-lasting form(OxyContin).

2. Purdue representatives also falsely and fraudulently represented to claimant Wilkies' doctor that studies show if the patient continues to request higher amounts of OxyContin it was because the patient was in pain and not because of addiction. Moreover, Purdue representatives continued to falsely and fraudulently perpetuate to claimants' doctor that the risk of addiction was extremely low.

3. The representations made by Purdue representatives were in fact false. The true facts were that Purdue studies showed that OxyContin was as highly addictive as Oxycodone and when people continued to request higher doses of OxyContin from their doctors it was because of addiction

4. When Purdue representatives made these representations, they knew them to be false, and these representations were made by Purdue representatives with the intent to defraud and deceive the claimants' doctor and with the intent to induce claimants' doctor to act in a manner herein alleged.

5. The representations made by Purdue representatives in fact were false. The true facts were that Purdue studies showed that OxyContin was highly addictive. At the time Purdue representatives made these promises to the claimant's doctor as set forth above Purdue representatives had no intention to provide claimants' doctor with truthful data.

6. Claimants' doctor at the time these promises were made as set forth above and at the time claimants' doctor took the actions herein alleged, was ignorant of the debtors' secret intention not to perform and the claimants' doctor could not, in the exercise of reasonable diligence, have discovered debtors' secret intention.

7. In reliance on these representations, the claimants' doctor was induced to and did prescribe high doses of OxyContin to the claimant causing the claimant to become highly addicted to OxyContin in-turn causing the claimant to become hospitalized numerous times for severe withdrawal resulting in a number of psychological disorder diagnosis for severe depression, Bi-polar disorder, and Schizoaffective disorder as a result of the severe withdrawals and the psychological disorders the claimant was not able to function losing jobs or not able to accept jobs and financial opportunities causing the claimant to lose income. Had the claimants' doctor known the actual facts, he would not have taken such action.

8. As a proximate result of the debtors' fraud and deceit and the facts herein alleged, the claimant was harmed by reason of which the claimant has been damaged in the sum of $350,000.00. In doing the acts herein alleged, Prudue representatives acted with oppression, fraud, and malice, and the claimant is entitled to punitive damages in a sum this Hon. Court deems appropriate not to exceed 258,000,00 pursuant to *NCGS 1D. Rhyne v. K-Mart Corp., 358 N.C. 160 (N.C. 2004 )Stanback v. Stanback, 297 N.C. 181 (N.C. 1979).*

**SECOND CAUSE OF ACTION:
NEGLIGENCE:**

1. Purdue representatives owed a duty of care to provide truthful and sufficient data from their studies to claimants doctor as set forth above.

2. Purdue representatives breached their care of duty when they provided claimants doctor with false and fraudulent data as a result of their deceitful conduct and the trust and reliance, claimants doctor placed in Purdue representatives fraudulent data caused claimants doctor to prescribe high doses of OxyContin ultimately leading to claimants severe addiction and psychological problems as set forth above.

3. Purdue representatives breach of their care of duty directly and proximately caused injury to the claimant as set forth above resulting damages of $350,000.00 in mental anguish with chronic depression, severe withdrawals, and addiction resulting in psychological disorders of severe depression, Bi-polar disorder, and Schizoaffective disorder.

Respectfully submitted on the 27th day of June 2020

Robert Van Wilkie
250 Pleasantview Loop
Morganton NC 28655
Robert.V.Wilkie.NC9@Gmail.com
Ph: (828) 334 3149

**AFF 1**

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

| In re<br><br>**PURDUE PHARMA L.P., *et al.*,**<br>Debtors | **Case No. 19-23649**<br><br>**AFFIDAVIT** |
|---|---|

I Robert V Wilkie declare and certify this Affidavit is made from personal knowledge and the afford-going is a statement of Truth.

I Robert V Wilkie attest and affirm as set forth in my claim Purdue's deceptive marketing scheme was the direct cause of my addiction to OxyContin and psychological illnesses. I suffered injuries because of Purdue's deceptive marketing scheme as set forth in my claim.

I Robert V Wilkie. The undersigned am over the age of 18.

I Robert V Wilkie declare and Certify I'm the affiant and I'm competent to testify in the matters stated therein.

Respectfully submitted on the 28 th day of June 2020

**Robert V Wilkie**

250 Pleasanrview Loop
Morganton NC 28655
Robert.V.Wilkie.NC9@Gmail.com
Hm ph: (282) 334 3149

**AFF 1**

(1) If executed within the United States, its territories, possessions, or commonwealths: declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on 12-28 20 20

Signature)". Robert V Wilkie

Robert V Wilkie

---

H.R. REP. NO. 94-1616, at 1 (1976), as reprinted in 1976 U.S.C.C.A.N. 5644, 5645.
6 Closen, supra note 2, at 697.

28 U.S.C. § 1746 (2000) (added Oct. 18, 1976, by Pub. L. No. 94-550, § 1(a), 90 Stat. 2534) provides:

Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:
(1) If executed without the United States: "I declare (or certify, verify, or state) under penalty of perjury under the laws of the UNITED STATES. Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidence, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:

# Electronic Proof of Claim_M@G*G27465

Final Audit Report 2020-06-28

| | |
|---|---|
| Created: | 2020-06-28 |
| By: | Prime Clerk (purduepharmaefiling@primeclerk.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAVeJ-ffDj3YKetFfpDI-TdJlNuFlw_9di |

## "Electronic Proof of Claim_M@G*G27465" History

Web Form created by Prime Clerk (purduepharmaefiling@primeclerk.com)
2020-06-21 - 5:47:52 AM GMT

Robert Van Wilkie (Robert.V.Wilkie.NC9@Gmail.com) uploaded the following supporting documents:
Attachment
2020-06-28 - 10:05:06 PM GMT

Web Form filled in by Robert Van Wilkie (Robert.V.Wilkie.NC9@Gmail.com)
2020-06-28 - 10:05:06 PM GMT- IP address: 172.220.151.129

(User email address provided through API User-Agent: Mozilla/5.0 (Windows NT 10.0; Win64; x64) AppleWebKit/537.36 (KHTML, like Gecko) Chrome/70.0.3538.102 Safari/537.36 Edge/18.19613)
2020-06-28 - 10:05:10 PM GMT- IP address: 172.220.151.129

Signed document emailed to Prime Clerk (purduepharmaefiling@primeclerk.com) and Robert Van Wilkie (Robert.V.Wilkie.NC9@Gmail.com)
2020-06-28 - 10:05:10 PM GMT

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** ***et al.*****,** | **Case No. 19-23649 (RDD)** |
| **Debtors.** | **(Jointly Administered)** |

# Personal Injury Claimant Proof of Claim Form

## (Including Parents and Guardians)

**You may file your claim electronically at PurduePharmaClaims.com via the link entitled "Submit a Claim."**

**For questions regarding this Proof of Claim Form, please call Prime Clerk at (844) 217-0912 or visit PurduePharmaClaims.com.**

**Read the instructions at the end of this document before filling out this form. This form is for individuals to assert an unsecured claim against the Debtors seeking damages based on actual or potential future personal injury to the claimant or another (for example, deceased, incapacitated, or minor family member) related to the taking of a Purdue Opioid and/or the taking of another opioid for which You believe Purdue is responsible for Your damages.**

Do not use this form to assert only a non-personal injury claim against the Debtors based on or involving opioids or their production, marketing and sale, including without limitation, the Debtors' production, marketing and sale of Purdue Opioids. File such claims on a General Opioid Claimant Proof of Claim Form. However, if You have a claim against the Debtors based on or involving the production, marketing and sale of opioids, in addition to Your claim based on personal injury, You may include information related to that claim on the Personal Injury Claimant Proof of Claim Form by completing Part 5 of this form.

Do not use this form to assert any other pre-petition claims, including secured claims or claims entitled to priority under 11 U.S.C. § 507(a). Secured claims, claims entitled to priority under 11 U.S.C. § 507(a) and non-opioid related claims should be filed on a Non-Opioid Claimant Proof of Claim Form (Form 410).

Creditor (also referred to as "You" throughout) shall provide information responsive to the questions set forth below. Creditors may include parents, foster parents, and guardians submitting claims on behalf of minors with Neonatal Abstinence Syndrome ("NAS"). Instructions and definitions are provided at the end of this document. You shall provide information reasonably available to You and are not excused from providing the requested information for failure to appropriately investigate Your claim. You shall supplement Your responses if You learn that they are incomplete or incorrect in any material respect.

Personal Injury Claimant Proof of Claim Forms and any supporting documentation submitted with the form shall remain highly confidential and shall not be made available to the public. For the avoidance of doubt, all pages of the Personal Injury Claimant Proof of Claim Form and supporting documentation shall be treated as highly confidential and made available only to Prime Clerk, the Court and to those that agree to be bound by the Protective Order.

**Fill in all the information about the claim as of September 15, 2019, the Petition Date. You may also fill in information regarding any claims You believe You may have after September 15, 2019 on this form. This form should be completed to the best of Your ability with the information available to You. If You are unable to answer certain questions at this time, the absence of an answer, by itself, will not result in the denial of Your claim, though You may be asked or required to provide additional information at a later date. You may also amend or supplement Your claim after it is filed.**

Please note that supporting documentation is requested in certain portions of the form. Please provide the requested information to the best of Your ability. At Your discretion, You may also provide additional information to supplement Your claim in any manner available to You.

Do not **send original documents**, as they will not be returned, and they may be destroyed after scanning.

**Part 1: Identify the Claim**

1. **Who is the creditor?**

Robert Van Wilkie

Name of the individual to be paid for this claim. If the creditor is a minor (under 18), please provide only the minor's initials.

Other names the creditor used with the debtor, including maiden or other names used:

______________________________

If Your claim is based on personal injury to another (for example, a deceased, incapacitated, or minor family member), please provide the name of that other person (that is, the injured person). If the injured person is a minor (under 18), please provide only the minor's initials:

______________________________

If You are submitting a claim on behalf of another person, please provide Your name and relationship to that person:

______________________________

If you are submitting a claim on behalf of a minor, are You the Legal Guardian?

☐ No ☐ Yes

**2. What is the year of birth, gender, and last 4 digits of the social security number of the creditor (or injured person, if the claim is based on the personal injury of another)?**

Year of Birth: 1966

Gender: ☑ Male ☐ Female

Last 4 Digits of Social Security Number (if available): XXX-XX-6 9 7 2

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

250 Pleasantview Loop
Morganton NC 28655

Contact phone 828 334 3149

Contact email

**Where should payments to the creditor be sent? (if different)**

Contact phone

Contact email Robert.V.Wilkie.NC9@Gmail.com

**4. Does this claim amend one already filed?**

☐ No.
☑ Yes. Claim number on court claims registry (if known)________

Filed on 06/27/2020
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No.
☐ Yes. Who made the earlier filing? ________

**Part 2: Attorney Information (Optional)**

**6. Are You represented by an attorney in this matter?**

You do not need an attorney to file this form.

☑ No.
☐ Yes. If yes, please provide the following information:

Law Firm Name

Attorney Name

Address

City State ZIP Code

Contact phone ________ Contact email ________

**Part 3: Information as of September 15, 2019, the Petition Date, About Your Claim**

**7. How much is the claim?**

$ ________ or

☐ Unknown.

**8. Select all that apply to You.**

☑ Creditor has been injured by use of an opioid.

☐ Although Creditor is not currently aware of any injury, Creditor wants to file now to keep the ability to seek payment if Creditor has a future injury or harm due to use of an opioid.

☐ Creditor has a claim arising out of another person's use of an opioid. ***Please answer all questions in Part 4 as if that person (the injured person) is filling out the form.***

☐ Creditor is submitting a claim on behalf of a minor with NAS. ***Please answer all questions in Part 4 as if the birth mother of the minor is filling out the form (to the extent such information is available to You).***

| | |
|---|---|
| **9. Briefly describe the type of injury alleged from Your use or another person's use of an opioid. Select all that apply.**<br><br>Attach additional sheets if necessary. | ☐ Death<br>☑ Overdose<br>☑ Addiction/Dependence/Substance Use Disorder<br>☑ Lost Wages/Earning Capacity<br>☐ Loss of Consortium<br>☐ NAS-related<br>    ☐ Learning Disability<br>    ☐ Spina Bifida<br>    ☐ Developmental Disability<br>    ☐ Heart Defects<br>    ☐ Congenital Defects or Malformations<br>☐ Expenses for Treatment<br>☑ Other (describe): Psychological disorders severe depression Bi-polar disorder Schizoaffective disorder |
| **10. Describe the basis for Your claim, including all alleged causes of action, sources of damages, etc., You are asserting against the Debtors.**<br><br>Attach additional sheets if necessary. | Purdue representatives misrepresented the facts of their 20mg and 40mg OxyContin stating to claimants' doctor that studies show OxyContin was not as addictive because the Oxycodone was a long-lasting form. Moreover, Purdue representatives misrepresented Purdue studies by stating to claimants' doctor that if the patient continues to request higher amounts of OxyContin it was because the patient was in pain and not because of addiction. Purdue also fraudulently represented to Claimants doctor that the risk of addiction was extremely low. Claimant became seriously addicted to OxyContin, in turn, causing claimant to lose jobs numerous hospitalizations for addiction and diagnosis of psychological illnesses including severe depression Bi-polar disorder and Schizoaffective disorder and severe withdrawals and financial ruin because of the inability to work because of the psychological illnesses and the addiction caused by OxyContin.<br><br>Purdue's fraudulent and negligence actions as set forth above and concealing data they had in their procession concerning the severe addiction possibilities of their OxyContin to claimants' doctor led to claimants' addiction. Moreover, because of their deceitful conduct and the trust and reliance, claimants' doctor placed in Purdue's fraudulent data caused claimants" doctor to prescribe high doses of OxyContin ultimately leading to claimants' severe addiction. Cause of actions on separate pages. |
| **11. Please identify and quantify each category of damages or monetary relief that You allege, including all injunctive relief that You seek. Check as many boxes as are applicable.** | ☑ Compensatory: $350,000.00 or ☐ Unknown<br>(for example, lost wages, pain and suffering, expenses not reimbursed, loss of consortium, etc.)<br>☑ Punitive: $________ or ☑ Unknown<br>☐ Other (describe): |

**12. Have You ever filed a lawsuit against any of the Debtors at any time?**

☑ No

☐ Yes. If yes, please provide the following information and attach supporting documentation:

**Case Caption:** ______________________

**Court and Case/Docket Number:** ______________________

**Attorney Information:**

______________________
Law Firm Name

______________________
Attorney Name

______________________
Address

______________________
City State ZIP Code

Contact phone ____________ Contact email ____________

## Part 4: Information About Opioid Use

If You have a claim arising out of another person's use of an opioid, please answer these questions as if the injured person is filling out the form. If You are submitting a claim on behalf of a minor with NAS, please answer these questions as if the birth mother of the minor is filling out the form (to the extent such information is available to You).

**13. Were You prescribed or administered a Purdue brand name opioid by a healthcare professional?**

☐ Unknown (select if You were prescribed a prescription opioid but do not know the specific medication).

☐ No.

☑ Yes. If yes, please provide the following information to the extent reasonably available:

**Please identify the Purdue brand name opioid(s) that You were prescribed or administered by a healthcare professional. Check as many medications as applicable.**

☑ Butrans®

☐ DHC Plus®

☑ Dilaudid®

☐ Hysingla ER®

☑ MS Contin®

☐ MSIR®

☑ OxyContin®

☐ OxyFast®

☑ OxyIR®

☐ Palladone®

☑ Ryzolt

**14. Were You ever prescribed or administered *any* opioid (other than a Purdue brand name opioid) by a healthcare professional?**

☑ Unknown (select if You were prescribed a prescription opioid but do not know the specific medication).

☐ No.

☑ Yes. If yes, please provide the following information to the extent reasonably available:

Non-Purdue Brand Name Opioid, if known: ______________________

**Please identify the generic opioid(s) that You were prescribed or administered by a healthcare professional. Check as many medications as applicable.**

☑ Buprenorphine transdermal system

☐ Hydrocodone and acetaminophen tablets (generic to Vicodin® or Norco®)

☑ Hydromorphone immediate-release tablets

☐ Hydromorphone oral solution

☑ Morphine extended-release tablets

☐ Other Generic: ______________________

☑ Oxycodone extended-release tablets

☐ Oxycodone immediate-release tablets

☑ Oxycodone and acetaminophen tablets (generic to Percocet®)

☐ Tramadol extended-release tablets

## Part 5: Other (Non-Personal Injury) Opioid-Related Claims

**15. Do You believe You have any other claims against the Debtors based on or involving the Debtors' production, marketing and sale of Purdue Opioids that are not based on a personal injury?**

☐ No.

☑ Yes. If yes, please describe the nature of the claim(s) (Attach additional sheets if necessary).

Bad and Deceptive Business Practices pursuant to NCGS 75-1

**16. How much is the claim?**

$ ______________________ or

☑ Unknown.

## Part 6: Supporting Documentation

**17. Please provide the following supporting documentation if You would like (but You are not required) to supplement this proof of claim.**

- Provide any documents supporting Your claim, including but not limited to: any complaint that You have filed against the Debtor(s), prescriptions, pharmacy records or statements showing prescriptions, or any records supporting Your claims of damages.

## Part 7: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☑ I am the creditor.

☐ I am the creditor's attorney, guardian, kinship (or other authorized) caretaker, executor, or authorized agent.

☐ Other (describe): ______________________

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

**Signature:** Robert Van Wilkie
Robert Van Wilkie (Jun 28, 2020 16:05 EDT)

**Email:** Robert.V.Wilkie.NC9@Gmail.com

Signature

**Print the name of the person who is completing and signing this claim:**

Name: Robert Van Wilkie
First name / Middle name / Last name

Title: 250 Pleasantview Loop

Company: N/A

Address: 250 Pleasantview Loop
Number Street

Morganton NC 28655
City State ZIP Code

Contact phone: 828 334 3149

Email: Robert.V.Wilkie.NC9@Gmail.com

**Attach Supporting Documentation** (limited to a single PDF attachment that is less than 5 megabytes in size and under 100 pages):

☒ I have supporting documentation. (attach below)  ☐ I do not have supporting documentation.

Attachment

**PLEASE REVIEW YOUR PROOF OF CLAIM AND SUPPORTING DOCUMENTS AND REDACT ACCORDINGLY PRIOR TO UPLOADING THEM. PROOFS OF CLAIM AND ATTACHMENTS ARE PUBLIC DOCUMENTS THAT WILL BE AVAILABLE FOR ANYONE TO VIEW ONLINE.**

**IMPORTANT NOTE REGARDING REDACTING YOUR PROOF OF CLAIM AND SUPPORTING DOCUMENTATION When you submit a proof of claim and any supporting documentation you must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.**

**A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. The responsibility for redacting personal data identifiers (as defined in Federal Rule of Bankruptcy Procedure 9037) rests solely with the party submitting the documentation and their counsel. Prime Clerk and the Clerk of the Court will not review any document for redaction or compliance with this Rule and you hereby release and agree to hold harmless Prime Clerk and the Clerk of the Court from the disclosure of any personal data identifiers included in your submission. In the event Prime Clerk or the Clerk of the Court discover that personal identifier data or information concerning a minor individual has been included in a pleading, Prime Clerk and the Clerk of the Court are authorized, in their sole discretion, to redact all such information from the text of the filing and make an entry indicating the correction.**

# Instructions for Personal Injury Claimant Proof of Claim Form

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

> **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- **Fill in all of the information about the claim as of the date the bankruptcy case was filed, September 15, 2019. You may also fill in information regarding any claims You believe You may have after September 15, 2019 on this form.**
- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.
- **Attach any available supporting documents to this form.** Attach copies of any documents that show that the debt exists, a lien secures the debt, or both.

  Also attach copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).
- **Do not attach original documents because they will not be returned and may be destroyed after scanning.**
- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.
- **A parent, foster parent, or guardian may complete this form on behalf of a minor child if there is reason to believe that the birth mother may have taken opioid products.**
- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.
- **Each question in this proof of claim form should be construed independently, unless otherwise noted. No question should be construed by reference to any other question if the result is a limitation of the scope of the answer to such question.**
- **The questions herein do not seek the discovery of information protected by the attorney-client privilege.**
- **The words "and" and "or" should be construed as necessary to bring within the scope of the request all responses and information that might otherwise be construed to be outside its scope.**
- **After reviewing this form and any supporting documentation submitted with this form, additional information and documentation may be requested.**
- **Purdue Pharma (Canada) is not a debtor in this case. If Your claim is against only Purdue Pharma (Canada), You do not have a claim in this case and should not file and submit this form.**

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, enclose a stamped self-addressed envelope and a copy of this form. You may also call Prime Clerk at (844) 217-0912, send an inquiry to purduepharmainfo@primeclerk.com, or submit an inquiry or live chat with Prime Clerk through the case website at PurduePharmaClaims.com.

## Understand the terms used in this form

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. § 101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. § 507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Purdue Opioid** means all natural, semi-synthetic or synthetic chemicals that interact with opioid receptors on nerve cells in the body and brain, and that are approved by the U.S. Food & Drug Administration (FDA) and listed by the DEA as Schedule II or III drugs pursuant to the federal Controlled Substances Act, produced, marketed or sold by the Debtors as (i) the following **Brand Name Medications:** OxyContin®, Hysingla ER®, Butrans®, Dilaudid®, Ryzolt, MS Contin®, MSIR®, Palladone®, DHC Plus®, OxyIR®, and OxyFast®, and (ii) the following **Generic Medications:** oxycodone extended-release tablets, buprenorphine transdermal system, hydromorphone immediate-release tablets, hydromorphone oral solution, tramadol extended-release tablets, morphine extended-release tablets, oxycodone immediate-release tablets, oxycodone and acetaminophen tablets (generic to Percocet®), hydrocodone and acetaminophen tablets (generic to Vicodin® or Norco®). The term "Purdue Opioid(s)" shall not mean: (i) medications and other substances to treat opioid or other substance use disorders, abuse, addiction or overdose; (ii) raw materials and/or immediate precursors used in the manufacture or study of opioids or opioid products, but only when such materials and/or immediate precursors are sold or marketed exclusively to DEA-licensed manufacturers or DEA-licensed researchers; or (iii) opioids listed by the DEA as Schedule IV drugs pursuant to the federal Controlled Substances Act.

**Secured claim under 11 U.S.C. § 506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of § 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

## Please send completed Proof(s) of Claim to:

**If by first class mail:**
Purdue Pharma Claims Processing Center
c/o Prime Clerk LLC
Grand Central Station, PO Box 4850
New York, NY 10163-4850

**If by overnight courier or hand delivery:**
Purdue Pharma Claims Processing Center
c/o Prime Clerk LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

**You may also file your claim electronically at PurduePharmaClaims.com via the link entitled "Submit a Claim."**

**Do not file these instructions with your form**

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

| In re<br><br>PURDUE PHARMA L.P., *et al.*,<br>Debtors | Case No. 19-23649<br><br>MOTION TO TAKE NOTICE |
|---|---|

On line 13 of the proof of claim form stating (Were you prescribed or administered a Purdue brand name opioid by a healthcare professional) claimant checked yes and was prescribed only OxyCotin. However, when the claimant checked no on line 14 claimant's answer on line 13 was automatically changed to no and when claimant checked no on line 14 claimant's answer on line 13 was automatically changed to no. So, therefore, claimant's answer on line 13 was yes and the claimant was prescribed only OxyCotin, and claimants answer to the Question on line 14 is no.

This is the 2nd submission of an amended proof of claim because during the 1st submission of claimants amended proof of claim Pudues system checked several drugs on line 13 that the claimant did not check and checked several drugs on line 14 that the claimant did not check because the claimant checked no on line 14. So, therefore, the claimant submitted a hard copy of his 2nd amended proof of claim as a means to ensure the accuracy of claimants proof of claim.

Respectfully Submitted on the 28th day of June 2020

**Robert V Wilkie** ,

Robert V Wilkie

250 Pleasanrview Loop
Morganton NC 28655
Robert.V.Wilkie.NC9@Gmail.com
Hm ph: (828) 334 3149

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P., *et al.*,** | **Case No. 19-23649 (RDD)** |
| **Debtors.** | **(Jointly Administered)** |

# Personal Injury Claimant Proof of Claim Form

## (Including Parents and Guardians)

**You may file your claim electronically at PurduePharmaClaims.com via the link entitled "Submit a Claim."**

**For questions regarding this Proof of Claim Form, please call Prime Clerk at (844) 217-0912 or visit PurduePharmaClaims.com.**

**Read the instructions at the end of this document before filling out this form. This form is for individuals to assert an unsecured claim against the Debtors seeking damages based on actual or potential future personal injury to the claimant or another (for example, deceased, incapacitated, or minor family member) related to the taking of a Purdue Opioid and/or the taking of another opioid for which You believe Purdue is responsible for Your damages.**

Do not use this form to assert only a non-personal injury claim against the Debtors based on or involving opioids or their production, marketing and sale, including without limitation, the Debtors' production, marketing and sale of Purdue Opioids. File such claims on a General Opioid Claimant Proof of Claim Form. However, if You have a claim against the Debtors based on or involving the production, marketing and sale of opioids, in addition to Your claim based on personal injury, You may include information related to that claim on the Personal Injury Claimant Proof of Claim Form by completing Part 5 of this form.

Do not use this form to assert any other pre-petition claims, including secured claims or claims entitled to priority under 11 U.S.C. § 507(a). Secured claims, claims entitled to priority under 11 U.S.C. § 507(a) and non-opioid related claims should be filed on a Non-Opioid Claimant Proof of Claim Form (Form 410).

Creditor (also referred to as "You" throughout) shall provide information responsive to the questions set forth below. Creditors may include parents, foster parents, and guardians submitting claims on behalf of minors with Neonatal Abstinence Syndrome ("NAS"). Instructions and definitions are provided at the end of this document. You shall provide information reasonably available to You and are not excused from providing the requested information for failure to appropriately investigate Your claim. You shall supplement Your responses if You learn that they are incomplete or incorrect in any material respect.

Personal Injury Claimant Proof of Claim Forms and any supporting documentation submitted with the form shall remain highly confidential and shall not be made available to the public. For the avoidance of doubt, all pages of the Personal Injury Claimant Proof of Claim Form and supporting documentation shall be treated as highly confidential and made available only to Prime Clerk, the Court and to those that agree to be bound by the Protective Order.

**Fill in all the information about the claim as of September 15, 2019, the Petition Date. You may also fill in information regarding any claims You believe You may have after September 15, 2019 on this form. This form should be completed to the best of Your ability with the information available to You. If You are unable to answer certain questions at this time, the absence of an answer, by itself, will not result in the denial of Your claim, though You may be asked or required to provide additional information at a later date. You may also amend or supplement Your claim after it is filed.**

Please note that supporting documentation is requested in certain portions of the form. Please provide the requested information to the best of Your ability. At Your discretion, You may also provide additional information to supplement Your claim in any manner available to You.

Do not **send original documents**, as they will not be returned, and they may be destroyed after scanning.

**Part 1: Identify the Claim**

1. **Who is the creditor?**

Robert Van Wilkie

Name of the individual to be paid for this claim. If the creditor is a minor (under 18), please provide only the minor's initials.

Other names the creditor used with thedebtor, including maiden or other names used:

If Your claim is based on personal injury to another (for example, a deceased, incapacitated, or minor family member), please provide the name of that other person (that is, the injured person). If the injured person is a minor (under 18), please provide only the minor's initials:

If You are submitting a claim on behalf of another person, please provide Your name and relationship to that person:

If you are submitting a claim on behalf of a minor, are You the Legal Guardian?

☐ No ☐ Yes

| | |
|---|---|
| 2. **What is the year of birth, gender, and last 4 digits of the social security number of the creditor (or injured person, if the claim is based on the personal injury of another)?** | Year of Birth: 1966<br>Gender: ☒ Male ☐ Female<br>Last 4 Digits of Social Security Number (if available): XXX-XX- 6 9 7 2 |
| 3. **Where should notices and payments to the creditor be sent?**<br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?**<br>250 Pleasantview Loop<br>Morganton NC 28655<br>Contact phone 828 334 3149<br>Contact email Robert.V.Wilkie.NC9@gmail.com<br><br>**Where should payments to the creditor be sent?** (if different)<br>Contact phone ________<br>Contact email ________ |
| 4. **Does this claim amend one already filed?** | ☐ No.<br>☒ Yes. Claim number on court claims registry (if known)________ Filed on 06/27/2020 (MM / DD / YYYY) |
| 5. **Do you know if anyone else has filed a proof of claim for this claim?** | ☒ No.<br>☐ Yes. Who made the earlier filing? ________ |

**Part 2: Attorney Information (Optional)**

| | |
|---|---|
| 6. **Are You represented by an attorney in this matter?**<br>You do not need an attorney to file this form. | ☒ No.<br>☐ Yes. If yes, please provide the following information:<br>Law Firm Name<br>Attorney Name<br>Address<br>City State ZIP Code<br>Contact phone ________ Contact email ________ |

**Part 3: Information as of September 15, 2019, the Petition Date, About Your Claim**

| | |
|---|---|
| 7. **How much is the claim?** | $ 350,000.00 or<br>☐ Unknown. |
| 8. **Select all that apply to You.** | ☒ Creditor has been injured by use of an opioid.<br>☐ Although Creditor is not currently aware of any injury, Creditor wants to file now to keep the ability to seek payment if Creditor has a future injury or harm due to use of an opioid.<br>☐ Creditor has a claim arising out of another person's use of an opioid. ***Please answer all questions in Part 4 as if that person (the injured person) is filling out the form.***<br>☐ Creditor is submitting a claim on behalf of a minor with NAS. ***Please answer all questions in Part 4 as if the birth mother of the minor is filling out the form (to the extent such information is available to You).*** |

| | |
|---|---|
| 9. **Briefly describe the type of injury alleged from Your use or another person's use of an opioid. Select all that apply.**<br><br>Attach additional sheets if necessary. | ☐ Death<br>☒ Overdose<br>☒ Addiction/Dependence/Substance Use Disorder<br>☒ Lost Wages/Earning Capacity<br>☐ Loss of Consortium<br>☐ NAS-related<br>    ☐ Learning Disability<br>    ☐ Spina Bifida<br>    ☐ Developmental Disability<br>    ☐ Heart Defects<br>    ☐ Congenital Defects or Malformations<br>☐ Expenses for Treatment<br>☒ Other (describe): Psychological disorders severe depression Bi-polar disorder Schizoaffective disorder |
| 10. **Describe the basis for Your claim, including all alleged causes of action, sources of damages, etc., You are asserting against the Debtors.**<br><br>Attach additional sheets if necessary. | Purdue representatives misrepresented the facts of their 20mg and 40mg OxyContin stating to claimants ' doctor that studies show OxyContine was not as addictive because the Oxycodone was a long-lasting form. Moreover, Purdue representatives misrepresented Purdue studies by stating to claimants ' doctor that if the patient continues to request higher amounts of OxyContin it was because the patient was in pain and not because of addiction. Purdue also fraudulently represented to Claimants doctor that the risk of addiction was extremely low. Claimant became seriously addicted to OxyContin, in turn, causing claimant to lose jobs numerous hospitalizations for addiction and diagnosis of psychological illnesses including severe depression Bi-polar disorder and Schizoaffective disorder and severe withdrawals and financial ruin because of the inability to work because of the psychological illnesses and the addiction caused by OxyContin.<br><br>Purdue's fraudulent and negligence actions as set forth above and concealing data they had in their procession concerning the severe addiction possibilities of their OxyContin to claimants ' doctor led to claimants ' addiction. Moreover, because of their deceitful conduct and the trust and reliance, claimants ' doctor placed in Purdue's fraudulent data caused claimants ' ' doctor to prescribe high doses of OxyContin ultimately leading to claimants ' severe addiction. Cause of actions on separate pages. |
| 11. **Please identify and quantify each category of damages or monetary relief that You allege, including all injunctive relief that You seek. Check as many boxes as are applicable.** | ☒ Compensatory: $350,000.00 or ☐ Unknown<br>(for example, lost wages, pain and suffering, expenses not reimbursed, loss of consortium, etc.)<br>☒ Punitive: $______ or ☒ Unknown<br>☐ Other (describe): |

**12. Have You ever filed a lawsuit against any of the Debtors at any time?**

☒ No

☐ Yes. If yes, please provide the following information and attach supporting documentation:

**Case Caption:** ______________________

**Court and Case/Docket Number:** ______________________

**Attorney Information:**

______________________
Law Firm Name

______________________
Attorney Name

______________________
Address

______________________
City State ZIP Code

Contact phone ____________ Contact email ____________

**Part 4: Information About Opioid Use**

If You have a claim arising out of another person's use of an opioid, please answer these questions as if the injured person is filling out the form. If You are submitting a claim on behalf of a minor with NAS, please answer these questions as if the birth mother of the minor is filling out the form (to the extent such information is available to You).

**13. Were You <u>prescribed or administered</u> a Purdue brand name opioid by a healthcare professional?**

☐ Unknown (select if You were prescribed a prescription opioid but do not know the specific medication).

☐ No.

☒ Yes. If yes, please provide the following information to the extent reasonably available:

**Please identify the Purdue brand name opioid(s) that You were prescribed or administered by a healthcare professional. Check as many medications as applicable.**

☐ Butrans®
☐ DHC Plus®
☐ Dilaudid®
☐ Hysingla ER®
☐ MS Contin®
☐ MSIR®
☒ OxyContin®
☐ OxyFast®
☐ OxyIR®
☐ Palladone®
☐ Ryzolt

**14. Were You ever <u>prescribed or administered</u> *any* opioid (other than a Purdue brand name opioid) by a healthcare professional?**

☐ Unknown (select if You were prescribed a prescription opioid but do not know the specific medication).

☒ No.

☐ Yes. If yes, please provide the following information to the extent reasonably available:

Non-Purdue Brand Name Opioid, if known: ______________________

**Please identify the generic opioid(s) that You were prescribed or administered by a healthcare professional. Check as many medications as applicable.**

☐ Buprenorphine transdermal system
☐ Hydrocodone and acetaminophen tablets (generic to Vicodin® or Norco®)
☐ Hydromorphone immediate-release tablets
☐ Hydromorphone oral solution
☐ Morphine extended-release tablets
☐ Other Generic: ______________
☐ Oxycodone extended-release tablets
☐ Oxycodone immediate-release tablets
☐ Oxycodone and acetaminophen tablets (generic to Percocet®)
☐ Tramadol extended-release tablets

## Part 5: Other (Non-Personal Injury) Opioid-Related Claims

**15. Do You believe You have any other claims against the Debtors based on or involving the Debtors' production, marketing and sale of Purdue Opioids that are not based on a personal injury?**

☐ No.

☒ Yes. If yes, please describe the nature of the claim(s) (Attach additional sheets if necessary).

Bad and Deceptive Business Practices pursuant to NCGS 75-1

**16. How much is the claim?**

$ ____________________ or

☒ Unknown.

## Part 6: Supporting Documentation

**17. Please provide the following supporting documentation if You would like (but You are not required) to supplement this proof of claim.**

☒ Provide any documents supporting Your claim, including but not limited to: any complaint that You have filed against the Debtor(s), prescriptions, pharmacy records or statements showing prescriptions, or any records supporting Your claims of damages.

## Part 7: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☒ I am the creditor.

☐ I am the creditor's attorney, guardian, kinship (or other authorized) caretaker, executor, or authorized agent.

☐ Other (describe): ____________________

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date ____________(mm/dd/yyyy)

____________________
Signature

**Print the name of the person who is completing and signing this claim:**

Name: Robert Van Wilkie (First name / Middle name / Last name)

Title: Claimant

Company: N/A

Address: 250 Pleasantview Loop (Number Street)

Valdese (City) NC (State) 28655 (ZIP Code)

Contact phone: 8283343149

Email: Robert.V.Wilkie.NC9@Gmail.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| In re: | Case No. **19-23649** |
|---|---|
| **PURDUE PHARMA L.P., *et al.*, Debtors** | **CLAIM**<br>**COUNTS**<br>**1. FRAUD**<br>**2. NEGLIGENCE** |

**FIRST CAUSE OF ACTION:**
**FRAUD:**

1. Between the years of March 1998 through August 2002 Purdue representatives fraudulently misrepresented the facts of their 20mg and 40mg OxyContin to claimant Wilkies' doctor stating to claimants' doctor that studies showed OxyContin was not as addictive because the Oxycodone was in a long-lasting form(OxyContin).

2. Purdue representatives also falsely and fraudulently represented to claimant Wilkies' doctor that studies show if the patient continues to request higher amounts of OxyContin it was because the patient was in pain and not because of addiction. Moreover, Purdue representatives continued to falsely and fraudulently perpetuate to claimants' doctor that the risk of addiction was extremely low.

3. The representations made by Purdue representatives were in fact false. The true facts were that Purdue studies showed that OxyContin was as highly addictive as Oxycodone and when people continued to request higher doses of OxyContin from their doctors it was because of addiction

4. When Purdue representatives made these representations, they knew them to be false, and these representations were made by Purdue representatives with the intent to defraud and deceive the claimants' doctor and with the intent to induce claimants' doctor to act in a manner herein alleged.

5. The representations made by Purdue representatives in fact were false. The true facts were that Purdue studies showed that OxyContin was highly addictive. At the time Purdue representatives made these promises to the claimant's doctor as set forth above Purdue representatives had no intention to provide claimants' doctor with truthful data.

6. Claimants' doctor at the time these promises were made as set forth above and at the time claimants' doctor took the actions herein alleged, was ignorant of the debtors' secret intention not to perform and the claimants' doctor could not, in the exercise of reasonable diligence, have discovered debtors' secret intention.

7. In reliance on these representations, the claimants' doctor was induced to and did prescribe high doses of OxyContin to the claimant causing the claimant to become highly addicted to OxyContin in-turn causing the claimant to become hospitalized numerous times for severe withdrawal resulting in a number of psychological disorder diagnosis for severe depression, Bi-polar disorder, and Schizoaffective disorder as a result of the severe withdrawals and the psychological disorders the claimant was not able to function losing jobs or not able to accept jobs and financial opportunities causing the claimant to lose income. Had the claimants' doctor known the actual facts, he would not have taken such action.

8. As a proximate result of the debtors' fraud and deceit and the facts herein alleged, the claimant was harmed by reason of which the claimant has been damaged in the sum of $350,000.00. In doing the acts herein alleged, Prudue representatives acted with oppression, fraud, and malice, and the claimant is entitled to punitive damages in a sum this Hon. Court deems appropriate not to exceed 258,000,00 pursuant to *NCGS 1D. Rhyne v. K-Mart Corp., 358 N.C. 160 (N.C. 2004 )Stanback v. Stanback, 297 N.C. 181 (N.C. 1979).*

**SECOND CAUSE OF ACTION:**
**NEGLIGENCE:**

**1.** Purdue representatives owed a duty of care to provide truthful and sufficient data from their studies to claimants doctor as set forth above.

**2.** Purdue representatives breached their care of duty when they provided claimants doctor with false and fraudulent data as a result of their deceitful conduct and the trust and reliance, claimants doctor placed in Purdue representatives fraudulent data caused claimants doctor to prescribe high doses of OxyContin ultimately leading to claimants severe addiction and psychological problems as set forth above.

**3.** Purdue representatives breach of their care of duty directly and proximately caused injury to the claimant as set forth above resulting damages of $350,000.00 in mental anguish with chronic depression, severe withdrawals, and addiction resulting in psychological disorders of severe depression, Bi-polar disorder, and Schizoaffective disorder.

Respectfully submitted on the 27th day of June 2020

**Robert Van Wilkie**
250 Pleasantview Loop
Morganton NC 28655
Robert.V.Wilkie.NC9@Gmail.com
Ph: (828) 334 3149

**AFF 1**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| In re<br><br>PURDUE PHARMA L.P., *et al.*,<br>Debtors | Case No. 19-23649<br><br>**AFFIDAVIT** |
|---|---|

I Robert V Wilkie declare and certify this Affidavit is made from personal knowledge and the afford-going is a statement of Truth.

I Robert V Wilkie attest and affirm as set forth in my claim Purdue's deceptive marketing scheme was the direct cause of my addiction to OxyContin and psychological illnesses. I suffered injuries because of Purdue's deceptive marketing scheme as set forth in my claim.

I Robert V Wilkie. The undersigned am over the age of 18.

I Robert V Wilkie declare and Certify I'm the affiant and I'm competent to testify in the matters stated therein.

Respectfully submitted on the 28 th day of June 2020

**Robert V Wilkie**

250 Pleasanrview Loop
Morganton NC 28655
Robert.V.Wilkie.NC9@Gmail.com
Hm ph: (282) 334 3149

**AFF 1**

(1) If executed within the United States, its territories, possessions, or commonwealths: declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on 06 28 20 20

Signature)". Robert V Wilkie

Robert V Wilkie

---

H.R. REP. NO. 94-1616, at 1 (1976), as reprinted in 1976 U.S.C.C.A.N. 5644, 5645.
6 Closen, supra note 2, at 697.

28 U.S.C. § 1746 (2000) (added Oct. 18, 1976, by Pub. L. No. 94-550, § 1(a), 90 Stat. 2534) provides:

Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:
(1) If executed without the United States: "I declare (or certify, verify, or state) under penalty of perjury under the laws of the UNITED STATES. Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidence, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:

# Electronic Proof of Claim_M@G*G27465

Final Audit Report 2020-06-28

| | |
|---|---|
| Created: | 2020-06-28 |
| By: | Prime Clerk (purduepharmaefiling@primeclerk.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAVeJ-ffDj3YKetFfpDl-TdJlNuFlw_9di |

## "Electronic Proof of Claim_M@G*G27465" History

Web Form created by Prime Clerk (purduepharmaefiling@primeclerk.com)
2020-06-21 - 5:47:52 AM GMT

Robert Van Wilkie (Robert.V.Wilkie.NC9@Gmail.com) uploaded the following supporting documents:
Attachment
2020-06-28 - 10:05:06 PM GMT

Web Form filled in by Robert Van Wilkie (Robert.V.Wilkie.NC9@Gmail.com)
2020-06-28 - 10:05:06 PM GMT- IP address: 172.220.151.129

(User email address provided through API User-Agent: Mozilla/5.0 (Windows NT 10.0; Win64; x64) AppleWebKit/537.36 (KHTML, like Gecko) Chrome/70.0.3538.102 Safari/537.36 Edge/18.19613)
2020-06-28 - 10:05:10 PM GMT- IP address: 172.220.151.129

Signed document emailed to Prime Clerk (purduepharmaefiling@primeclerk.com) and Robert Van Wilkie (Robert.V.Wilkie.NC9@Gmail.com)
2020-06-28 - 10:05:10 PM GMT

# EXHIBIT C

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| In re: PURDUE PHARMA L.P., *et al.*, Debtors. | Chapter 11<br>Case No. 19-23649 (RDD)<br>(Jointly Administered) |
|---|---|

# Personal Injury Claimant Proof of Claim Form

## (Including Parents and Guardians)

**You may file your claim electronically at PurduePharmaClaims.com via the link entitled "Submit a Claim."**

**For questions regarding this Proof of Claim Form, please call Prime Clerk at (844) 217-0912 or visit PurduePharmaClaims.com.**

**Read the instructions at the end of this document before filling out this form. This form is for individuals to assert an unsecured claim against the Debtors seeking damages based on actual or potential future personal injury to the claimant or another (for example, deceased, incapacitated, or minor family member) related to the taking of a Purdue Opioid and/or the taking of another opioid for which You believe Purdue is responsible for Your damages.**

Do not use this form to assert only a non-personal injury claim against the Debtors based on or involving opioids or their production, marketing and sale, including without limitation, the Debtors' production, marketing and sale of Purdue Opioids. File such claims on a General Opioid Claimant Proof of Claim Form. However, if You have a claim against the Debtors based on or involving the production, marketing and sale of opioids, in addition to Your claim based on personal injury, You may include information related to that claim on the Personal Injury Claimant Proof of Claim Form by completing Part 5 of this form.

Do not use this form to assert any other pre-petition claims, including secured claims or claims entitled to priority under 11 U.S.C. § 507(a). Secured claims, claims entitled to priority under 11 U.S.C. § 507(a) and non-opioid related claims should be filed on a Non-Opioid Claimant Proof of Claim Form (Form 410).

Creditor (also referred to as "You" throughout) shall provide information responsive to the questions set forth below. Creditors may include parents, foster parents, and guardians submitting claims on behalf of minors with Neonatal Abstinence Syndrome ("NAS"). Instructions and definitions are provided at the end of this document. You shall provide information reasonably available to You and are not excused from providing the requested information for failure to appropriately investigate Your claim. You shall supplement Your responses if You learn that they are incomplete or incorrect in any material respect.

Personal Injury Claimant Proof of Claim Forms and any supporting documentation submitted with the form shall remain highly confidential and shall not be made available to the public. For the avoidance of doubt, all pages of the Personal Injury Claimant Proof of Claim Form and supporting documentation shall be treated as highly confidential and made available only to Prime Clerk, the Court and to those that agree to be bound by the Protective Order.

**Fill in all the information about the claim as of September 15, 2019, the Petition Date. You may also fill in information regarding any claims You believe You may have after September 15, 2019 on this form. This form should be completed to the best of Your ability with the information available to You. If You are unable to answer certain questions at this time, the absence of an answer, by itself, will not result in the denial of Your claim, though You may be asked or required to provide additional information at a later date. You may also amend or supplement Your claim after it is filed.**

Please note that supporting documentation is requested in certain portions of the form. Please provide the requested information to the best of Your ability. At Your discretion, You may also provide additional information to supplement Your claim in any manner available to You.

**Do not send original documents**, as they will not be returned, and they may be destroyed after scanning.

## Part 1: Identify the Claim

**1. Who is the creditor?**

Robert Van Wilkie

Name of the individual to be paid for this claim. If the creditor is a minor (under 18), please provide only the minor's initials.

Other names the creditor used with the debtor, including maiden or other names used:

If Your claim is based on personal injury to another (for example, a deceased, incapacitated, or minor family member), please provide the name of that other person (that is, the injured person). If the injured person is a minor (under 18), please provide only the minor's initials:

If You are submitting a claim on behalf of another person, please provide Your name and relationship to that person:

If you are submitting a claim on behalf of a minor, are You the Legal Guardian?

☐ No ☐ Yes

| | |
|---|---|
| 2. **What is the year of birth, gender, and last 4 digits of the social security number of the creditor (or injured person, if the claim is based on the personal injury of another)?** | Year of Birth: 1966<br>Gender: ☑ Male ☐ Female<br>Last 4 Digits of Social Security Number (if available): XXX-XX- 6 9 7 2 |
| 3. **Where should notices and payments to the creditor be sent?**<br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?**<br>250 Pleasantview Loop<br>Morganton NC 28655<br>Contact phone 828 334 3149<br>Contact email ______<br><br>**Where should payments to the creditor be sent?** (if different)<br>Contact phone ______<br>Contact email Robert.V.Wilkie.NC9@Gmail.com |
| 4. **Does this claim amend one already filed?** | ☐ No.<br>☑ Yes. Claim number on court claims registry (if known)______ Filed on 06/27/2020 (MM / DD / YYYY) |
| 5. **Do you know if anyone else has filed a proof of claim for this claim?** | ☑ No.<br>☐ Yes. Who made the earlier filing? ______ |

## Part 2: Attorney Information (Optional)

| | |
|---|---|
| 6. **Are You represented by an attorney in this matter?**<br>You do not need an attorney to file this form. | ☑ No.<br>☐ Yes. If yes, please provide the following information:<br>Law Firm Name ______<br>Attorney Name ______<br>Address ______<br>City ______ State ______ ZIP Code ______<br>Contact phone ______ Contact email ______ |

## Part 3: Information as of September 15, 2019, the Petition Date, About Your Claim

| | |
|---|---|
| 7. **How much is the claim?** | $ ______ or<br>☐ Unknown. |
| 8. **Select all that apply to You.** | ☑ Creditor has been injured by use of an opioid.<br>☐ Although Creditor is not currently aware of any injury, Creditor wants to file now to keep the ability to seek payment if Creditor has a future injury or harm due to use of an opioid.<br>☐ Creditor has a claim arising out of another person's use of an opioid. ***Please answer all questions in Part 4 as if that person (the injured person) is filling out the form.***<br>☐ Creditor is submitting a claim on behalf of a minor with NAS. ***Please answer all questions in Part 4 as if the birth mother of the minor is filling out the form (to the extent such information is available to You).*** |

| | |
|---|---|
| 9. **Briefly describe the type of injury alleged from Your use or another person's use of an opioid. Select all that apply.**<br><br>Attach additional sheets if necessary. | ☐ Death<br>☑ Overdose<br>☑ Addiction/Dependence/Substance Use Disorder<br>☑ Lost Wages/Earning Capacity<br>☐ Loss of Consortium<br>☐ NAS-related<br>    ☐ Learning Disability<br>    ☐ Spina Bifida<br>    ☐ Developmental Disability<br>    ☐ Heart Defects<br>    ☐ Congenital Defects or Malformations<br>☐ Expenses for Treatment<br>☑ Other (describe): Psychological disorders severe depression Bi-polar disorder Schizoaffective disorder |
| 10. **Describe the basis for Your claim, including all alleged causes of action, sources of damages, etc., You are asserting against the Debtors.**<br><br>Attach additional sheets if necessary. | Purdue representatives misrepresented the facts of their 20mg and 40mg OxyContin stating to claimants' doctor that studies show OxyContin was not as addictive because the Oxycodone was a long-lasting form. Moreover, Purdue representatives misrepresented Purdue studies by stating to claimants' doctor that if the patient continues to request higher amounts of OxyContin it was because the patient was in pain and not because of addiction. Purdue also fraudulently represented to Claimants doctor that the risk of addiction was extremely low. Claimant became seriously addicted to OxyContin, in turn, causing claimant to lose jobs numerous hospitalizations for addiction and diagnosis of psychological illnesses including severe depression Bi-polar disorder and Schizoaffective disorder and severe withdrawals and financial ruin because of the inability to work because of the psychological illnesses and the addiction caused by OxyContin.<br><br>Purdue's fraudulent and negligence actions as set forth above and concealing data they had in their procession concerning the severe addiction possibilities of their OxyContin to claimants' doctor led to claimants' addiction. Moreover, because of their deceitful conduct and the trust and reliance, claimants' doctor placed in Purdue's fraudulent data caused claimants" doctor to prescribe high doses of OxyContin ultimately leading to claimants' severe addiction. Cause of actions on separate pages. |
| 11. **Please identify and quantify each category of damages or monetary relief that You allege, including all injunctive relief that You seek. Check as many boxes as are applicable.** | ☑ Compensatory: $350,000.00 or ☐ Unknown<br>(for example, lost wages, pain and suffering, expenses not reimbursed, loss of consortium, etc.)<br>☑ Punitive: $______ or ☑ Unknown<br>☐ Other (describe): |

**12. Have You ever filed a lawsuit against any of the Debtors at any time?**

☑ No

☐ Yes. If yes, please provide the following information and attach supporting documentation:

**Case Caption:** ______________________

**Court and Case/Docket Number:** ______________________

**Attorney Information:**

______________________
Law Firm Name

______________________
Attorney Name

______________________
Address

______________________
City State ZIP Code

Contact phone ____________ Contact email ____________

## Part 4: Information About Opioid Use

If You have a claim arising out of another person's use of an opioid, please answer these questions as if the injured person is filling out the form. If You are submitting a claim on behalf of a minor with NAS, please answer these questions as if the birth mother of the minor is filling out the form (to the extent such information is available to You).

**13. Were You prescribed or administered a Purdue brand name opioid by a healthcare professional?**

☐ Unknown (select if You were prescribed a prescription opioid but do not know the specific medication).

☐ No.

☑ Yes. If yes, please provide the following information to the extent reasonably available:

**Please identify the Purdue brand name opioid(s) that You were prescribed or administered by a healthcare professional. Check as many medications as applicable.**

☑ Butrans®

☐ DHC Plus®

☑ Dilaudid®

☐ Hysingla ER®

☑ MS Contin®

☐ MSIR®

☑ OxyContin®

☐ OxyFast®

☑ OxyIR®

☐ Palladone®

☑ Ryzolt

**14. Were You ever prescribed or administered *any* opioid (other than a Purdue brand name opioid) by a healthcare professional?**

☑ Unknown (select if You were prescribed a prescription opioid but do not know the specific medication).

☐ No.

☑ Yes. If yes, please provide the following information to the extent reasonably available:

Non-Purdue Brand Name Opioid, if known: ______________________

**Please identify the generic opioid(s) that You were prescribed or administered by a healthcare professional. Check as many medications as applicable.**

☑ Buprenorphine transdermal system

☐ Hydrocodone and acetaminophen tablets (generic to Vicodin® or Norco®)

☑ Hydromorphone immediate-release tablets

☐ Hydromorphone oral solution

☑ Morphine extended-release tablets

☐ Other Generic: ______________________

☑ Oxycodone extended-release tablets

☐ Oxycodone immediate-release tablets

☑ Oxycodone and acetaminophen tablets (generic to Percocet®)

☐ Tramadol extended-release tablets

## Part 5: Other (Non-Personal Injury) Opioid-Related Claims

**15. Do You believe You have any other claims against the Debtors based on or involving the Debtors' production, marketing and sale of Purdue Opioids that are not based on a personal injury?**

☐ No.

☑ Yes. If yes, please describe the nature of the claim(s) (Attach additional sheets if necessary).

Bad and Deceptive Business Practices pursuant to NCGS 75-1

**16. How much is the claim?**

$ ______________________ or

☑ Unknown.

## Part 6: Supporting Documentation

**17. Please provide the following supporting documentation if You would like (but You are not required) to supplement this proof of claim.**

☒ Provide any documents supporting Your claim, including but not limited to: any complaint that You have filed against the Debtor(s), prescriptions, pharmacy records or statements showing prescriptions, or any records supporting Your claims of damages.

## Part 7: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☑ I am the creditor.

☐ I am the creditor's attorney, guardian, kinship (or other authorized) caretaker, executor, or authorized agent.

☐ Other (describe): ______________________

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

**Signature:** Robert Van Wilkie
Robert Van Wilkie (Jun 28, 2020 19:05 EDT)

**Email:** Robert.V.Wilkie.NC9@Gmail.com

Signature

**Print the name of the person who is completing and signing this claim:**

Name: Robert Van Wilkie (First name / Middle name / Last name)

Title: 250 Pleasantview Loop

Company: N/A

Address: 250 Pleasantview Loop (Number Street)

Morganton (City) NC (State) 28655 (ZIP Code)

Contact phone: 828 334 3149

Email: Robert.V.Wilkie.NC9@Gmail.com

**Attach Supporting Documentation** (limited to a single PDF attachment that is less than 5 megabytes in size and under 100 pages):

☒ I have supporting documentation. (attach below)    ☐ I do not have supporting documentation.

Attachment

**PLEASE REVIEW YOUR PROOF OF CLAIM AND SUPPORTING DOCUMENTS AND REDACT ACCORDINGLY PRIOR TO UPLOADING THEM. PROOFS OF CLAIM AND ATTACHMENTS ARE PUBLIC DOCUMENTS THAT WILL BE AVAILABLE FOR ANYONE TO VIEW ONLINE.**

**IMPORTANT NOTE REGARDING REDACTING YOUR PROOF OF CLAIM AND SUPPORTING DOCUMENTATION When you submit a proof of claim and any supporting documentation you must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.**

**A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. The responsibility for redacting personal data identifiers (as defined in Federal Rule of Bankruptcy Procedure 9037) rests solely with the party submitting the documentation and their counsel. Prime Clerk and the Clerk of the Court will not review any document for redaction or compliance with this Rule and you hereby release and agree to hold harmless Prime Clerk and the Clerk of the Court from the disclosure of any personal data identifiers included in your submission. In the event Prime Clerk or the Clerk of the Court discover that personal identifier data or information concerning a minor individual has been included in a pleading, Prime Clerk and the Clerk of the Court are authorized, in their sole discretion, to redact all such information from the text of the filing and make an entry indicating the correction.**

# Instructions for Personal Injury Claimant Proof of Claim Form

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
18 U.S C. §§ 152, 157 and 3571.

## How to fill out this form

- **Fill in all of the information about the claim as of the date the bankruptcy case was filed, September 15, 2019. You may also fill in information regarding any claims You believe You may have after September 15, 2019 on this form.**
- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.
- **Attach any available supporting documents to this form.** Attach copies of any documents that show that the debt exists, a lien secures the debt, or both.

  Also attach copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).
- **Do not attach original documents because they will not be returned and may be destroyed after scanning.**
- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.
- **A parent, foster parent, or guardian may complete this form on behalf of a minor child if there is reason to believe that the birth mother may have taken opioid products.**
- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.
- **Each question in this proof of claim form should be construed independently, unless otherwise noted. No question should be construed by reference to any other question if the result is a limitation of the scope of the answer to such question.**
- **The questions herein do not seek the discovery of information protected by the attorney-client privilege.**
- **The words "and" and "or" should be construed as necessary to bring within the scope of the request all responses and information that might otherwise be construed to be outside its scope.**
- **After reviewing this form and any supporting documentation submitted with this form, additional information and documentation may be requested.**
- **Purdue Pharma (Canada) is not a debtor in this case. If Your claim is against only Purdue Pharma (Canada), You do not have a claim in this case and should not file and submit this form.**

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, enclose a stamped self-addressed envelope and a copy of this form. You may also call Prime Clerk at (844) 217-0912, send an inquiry to purduepharmainfo@primeclerk.com, or submit an inquiry or live chat with Prime Clerk through the case website at PurduePharmaClaims.com.

## Understand the terms used in this form

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. § 101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. § 507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Purdue Opioid** means all natural, semi-synthetic or synthetic chemicals that interact with opioid receptors on nerve cells in the body and brain, and that are approved by the U.S. Food & Drug Administration (FDA) and listed by the DEA as Schedule II or III drugs pursuant to the federal Controlled Substances Act, produced, marketed or sold by the Debtors as (i) the following **Brand Name Medications:** OxyContin®, Hysingla ER®, Butrans®, Dilaudid®, Ryzolt, MS Contin®, MSIR®, Palladone®, DHC Plus®, OxyIR®, and OxyFast®, and (ii) the following **Generic Medications:** oxycodone extended-release tablets, buprenorphine transdermal system, hydromorphone immediate-release tablets, hydromorphone oral solution, tramadol extended-release tablets, morphine extended-release tablets, oxycodone immediate-release tablets, oxycodone and acetaminophen tablets (generic to Percocet®), hydrocodone and acetaminophen tablets (generic to Vicodin® or Norco®). The term "Purdue Opioid(s)" shall not mean: (i) medications and other substances to treat opioid or other substance use disorders, abuse, addiction or overdose; (ii) raw materials and/or immediate precursors used in the manufacture or study of opioids or opioid products, but only when such materials and/or immediate precursors are sold or marketed exclusively to DEA-licensed manufacturers or DEA-licensed researchers; or (iii) opioids listed by the DEA as Schedule IV drugs pursuant to the federal Controlled Substances Act.

**Secured claim under 11 U.S.C. § 506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of § 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

## Please send completed Proof(s) of Claim to:

**If by first class mail:**
Purdue Pharma Claims Processing Center
c/o Prime Clerk LLC
Grand Central Station, PO Box 4850
New York, NY 10163-4850

**If by overnight courier or hand delivery:**
Purdue Pharma Claims Processing Center
c/o Prime Clerk LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

**You may also file your claim electronically at PurduePharmaClaims.com via the link entitled "Submit a Claim."**

**Do not file these instructions with your form**

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

| In re<br><br>**PURDUE PHARMA L.P.,** ***et al.,***<br>Debtors | **Case No. 19-23649**<br><br>**MOTION TO TAKE NOTICE** |
|---|---|

On line 13 of the proof of claim form stating (Were you prescribed or administered a Purdue brand name opioid by a healthcare professional) claimant checked yes and was prescribed only OxyCotin. However, when the claimant checked no on line 14 claimant's answer on line 13 was automatically changed to no and when claimant checked no on line 14 claimant's answer on line 13 was automatically changed to no. So, therefore, claimant's answer on line 13 was yes and the claimant was prescribed only OxyCotin, and claimants answer to the Question on line 14 is no.

This is the 2nd submission of an amended proof of claim because during the 1st submission of claimants amended proof of claim Pudues system checked several drugs on line 13 that the claimant did not check and checked several drugs on line 14 that the claimant did not check because the claimant checked no on line 14. So, therefore, the claimant submitted a hard copy of his 2nd amended proof of claim as a means to ensure the accuracy of claimants proof of claim.

Respectfully Submitted on the 28th day of June 2020

**Robert V Wilkie**

250 Pleasanrview Loop
Morganton NC 28655
Robert.V.Wilkie.NC9@Gmail.com
Hm ph: (828) 334 3149

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| In re: | Chapter 11 |
|---|---|
| PURDUE PHARMA L.P., *et al.*, | Case No. 19-23649 (RDD) |
| Debtors. | (Jointly Administered) |

# Personal Injury Claimant Proof of Claim Form

## (Including Parents and Guardians)

**You may file your claim electronically at PurduePharmaClaims.com via the link entitled "Submit a Claim."**

**For questions regarding this Proof of Claim Form, please call Prime Clerk at (844) 217-0912 or visit PurduePharmaClaims.com.**

**Read the instructions at the end of this document before filling out this form. This form is for individuals to assert an unsecured claim against the Debtors seeking damages based on actual or potential future personal injury to the claimant or another (for example, deceased, incapacitated, or minor family member) related to the taking of a Purdue Opioid and/or the taking of another opioid for which You believe Purdue is responsible for Your damages.**

Do not use this form to assert only a non-personal injury claim against the Debtors based on or involving opioids or their production, marketing and sale, including without limitation, the Debtors' production, marketing and sale of Purdue Opioids. File such claims on a General Opioid Claimant Proof of Claim Form. However, if You have a claim against the Debtors based on or involving the production, marketing and sale of opioids, in addition to Your claim based on personal injury, You may include information related to that claim on the Personal Injury Claimant Proof of Claim Form by completing Part 5 of this form.

Do not use this form to assert any other pre-petition claims, including secured claims or claims entitled to priority under 11 U.S.C. § 507(a). Secured claims, claims entitled to priority under 11 U.S.C. § 507(a) and non-opioid related claims should be filed on a Non-Opioid Claimant Proof of Claim Form (Form 410).

Creditor (also referred to as "You" throughout) shall provide information responsive to the questions set forth below. Creditors may include parents, foster parents, and guardians submitting claims on behalf of minors with Neonatal Abstinence Syndrome ("NAS"). Instructions and definitions are provided at the end of this document. You shall provide information reasonably available to You and are not excused from providing the requested information for failure to appropriately investigate Your claim. You shall supplement Your responses if You learn that they are incomplete or incorrect in any material respect.

Personal Injury Claimant Proof of Claim Forms and any supporting documentation submitted with the form shall remain highly confidential and shall not be made available to the public. For the avoidance of doubt, all pages of the Personal Injury Claimant Proof of Claim Form and supporting documentation shall be treated as highly confidential and made available only to Prime Clerk, the Court and to those that agree to be bound by the Protective Order.

**Fill in all the information about the claim as of September 15, 2019, the Petition Date. You may also fill in information regarding any claims You believe You may have after September 15, 2019 on this form. This form should be completed to the best of Your ability with the information available to You. If You are unable to answer certain questions at this time, the absence of an answer, by itself, will not result in the denial of Your claim, though You may be asked or required to provide additional information at a later date. You may also amend or supplement Your claim after it is filed.**

Please note that supporting documentation is requested in certain portions of the form. Please provide the requested information to the best of Your ability. At Your discretion, You may also provide additional information to supplement Your claim in any manner available to You.

Do not **send original documents**, as they will not be returned, and they may be destroyed after scanning.

**Part 1: Identify the Claim**

1. **Who is the creditor?**

Robert Van Wilkie

Name of the individual to be paid for this claim. If the creditor is a minor (under 18), please provide only the minor's initials.

Other names the creditor used with the debtor, including maiden or other names used:

If Your claim is based on personal injury to another (for example, a deceased, incapacitated, or minor family member), please provide the name of that other person (that is, the injured person). If the injured person is a minor (under 18), please provide only the minor's initials:

If You are submitting a claim on behalf of another person, please provide Your name and relationship to that person:

If you are submitting a claim on behalf of a minor, are You the Legal Guardian?

☐ No ☐ Yes

**2. What is the year of birth, gender, and last 4 digits of the social security number of the creditor (or injured person, if the claim is based on the personal injury of another)?**

Year of Birth: 1966

Gender: ☒ Male ☐ Female

Last 4 Digits of Social Security Number (if available): XXX-XX- 6 9 7 2

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

250 Pleasantview Loop
Morganton NC 28655

Contact phone 828 334 3149

Contact email Robert.V.Wilkie.NC9@gmail.com

**Where should payments to the creditor be sent?** (if different)

Contact phone

Contact email

**4. Does this claim amend one already filed?**

☐ No.
☒ Yes. Claim number on court claims registry (if known)________ Filed on 06/27/2020 (MM / DD / YYYY)

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☒ No.
☐ Yes. Who made the earlier filing? ________

## Part 2: Attorney Information (Optional)

**6. Are You represented by an attorney in this matter?**

You do not need an attorney to file this form.

☒ No.
☐ Yes. If yes, please provide the following information:

Law Firm Name

Attorney Name

Address

City State ZIP Code

Contact phone Contact email

## Part 3: Information as of September 15, 2019, the Petition Date, About Your Claim

**7. How much is the claim?**

$ 350,000.00 or

☐ Unknown.

**8. Select all that apply to You.**

☒ Creditor has been injured by use of an opioid.

☐ Although Creditor is not currently aware of any injury, Creditor wants to file now to keep the ability to seek payment if Creditor has a future injury or harm due to use of an opioid.

☐ Creditor has a claim arising out of another person's use of an opioid. ***Please answer all questions in Part 4 as if that person (the injured person) is filling out the form.***

☐ Creditor is submitting a claim on behalf of a minor with NAS. ***Please answer all questions in Part 4 as if the birth mother of the minor is filling out the form (to the extent such information is available to You).***

**9. Briefly describe the type of injury alleged from Your use or another person's use of an opioid. Select all that apply.**

Attach additional sheets if necessary.

- ☐ Death
- ☒ Overdose
- ☒ Addiction/Dependence/Substance Use Disorder
- ☒ Lost Wages/Earning Capacity
- ☐ Loss of Consortium
- ☐ NAS-related
  - ☐ Learning Disability
  - ☐ Spina Bifida
  - ☐ Developmental Disability
  - ☐ Heart Defects
  - ☐ Congenital Defects or Malformations
- ☐ Expenses for Treatment
- ☒ Other (describe): Psychological disorders severe depression Bi-polar disorder Schizoaffective disorder

**10. Describe the basis for Your claim, including all alleged causes of action, sources of damages, etc., You are asserting against the Debtors.**

Attach additional sheets if necessary.

Purdue representatives misrepresented the facts of their 20mg and 40mg OxyContin stating to claimants ' doctor that studies show OxyContine was not as addictive because the Oxycodone was a long-lasting form. Moreover, Purdue representatives misrepresented Purdue studies by stating to claimants ' doctor that if the patient continues to request higher amounts of OxyContin it was because the patient was in pain and not because of addiction. Purdue also fraudulently represented to Claimants doctor that the risk of addiction was extremely low. Claimant became seriously addicted to OxyContin, in turn, causing claimant to lose jobs numerous hospitalizations for addiction and diagnosis of psychological illnesses including severe depression Bi-polar disorder and Schizoaffective disorder and severe withdrawals and financial ruin because of the inability to work because of the psychological illnesses and the addiction caused by OxyContin.

Purdue's fraudulent and negligence actions as set forth above and concealing data they had in their procession concerning the severe addiction possibilities of their OxyContin to claimants ' doctor led to claimants ' addiction. Moreover, because of their deceitful conduct and the trust and reliance, claimants ' doctor placed in Purdue's fraudulent data caused claimants ' ' doctor to prescribe high doses of OxyContin ultimately leading to claimants ' severe addiction. Cause of actions on separate pages.

**11. Please identify and quantify each category of damages or monetary relief that You allege, including all injunctive relief that You seek. Check as many boxes as are applicable.**

☒ Compensatory: $350,000.00 or ☐ Unknown

(for example, lost wages, pain and suffering, expenses not reimbursed, loss of consortium, etc.)

☒ Punitive: $________ or ☒ Unknown

☐ Other (describe):

**12. Have You ever filed a lawsuit against any of the Debtors at any time?**

☒ No

☐ Yes. If yes, please provide the following information and attach supporting documentation:

**Case Caption:** ____________________

**Court and Case/Docket Number:** ____________________

**Attorney Information:**

____________________
Law Firm Name

____________________
Attorney Name

____________________
Address

____________________
City State ZIP Code

Contact phone ____________ Contact email ____________

## Part 4: Information About Opioid Use

If You have a claim arising out of another person's use of an opioid, please answer these questions as if the injured person is filling out the form. If You are submitting a claim on behalf of a minor with NAS, please answer these questions as if the birth mother of the minor is filling out the form (to the extent such information is available to You).

**13. Were You prescribed or administered a Purdue brand name opioid by a healthcare professional?**

☐ Unknown (select if You were prescribed a prescription opioid but do not know the specific medication).

☐ No.

☒ Yes. If yes, please provide the following information to the extent reasonably available:

**Please identify the Purdue brand name opioid(s) that You were prescribed or administered by a healthcare professional. Check as many medications as applicable.**

☐ Butrans®
☐ DHC Plus®
☐ Dilaudid®
☐ Hysingla ER®
☐ MS Contin®
☐ MSIR®
☒ OxyContin®
☐ OxyFast®
☐ OxyIR®
☐ Palladone®
☐ Ryzolt

**14. Were You ever prescribed or administered *any* opioid (other than a Purdue brand name opioid) by a healthcare professional?**

☐ Unknown (select if You were prescribed a prescription opioid but do not know the specific medication).

☒ No.

☐ Yes. If yes, please provide the following information to the extent reasonably available:

Non-Purdue Brand Name Opioid, if known: ____________________

**Please identify the generic opioid(s) that You were prescribed or administered by a healthcare professional. Check as many medications as applicable.**

☐ Buprenorphine transdermal system
☐ Hydrocodone and acetaminophen tablets (generic to Vicodin® or Norco®)
☐ Hydromorphone immediate-release tablets
☐ Hydromorphone oral solution
☐ Morphine extended-release tablets
☐ Other Generic: ____________________
☐ Oxycodone extended-release tablets
☐ Oxycodone immediate-release tablets
☐ Oxycodone and acetaminophen tablets (generic to Percocet®)
☐ Tramadol extended-release tablets

## Part 5: Other (Non-Personal Injury) Opioid-Related Claims

| | |
|---|---|
| **15. Do You believe You have any other claims against the Debtors based on or involving the Debtors' production, marketing and sale of Purdue Opioids that are not based on a personal injury?** | ☐ No.<br>☒ Yes. If yes, please describe the nature of the claim(s) (Attach additional sheets if necessary).<br>Bad and Deceptive Business Practices pursuant to NCGS 75-1 |
| **16. How much is the claim?** | $ __________ or<br>☒ Unknown. |

## Part 6: Supporting Documentation

| | |
|---|---|
| **17. Please provide the following supporting documentation if You would like (but You are not required) to supplement this proof of claim.** | ▪ Provide any documents supporting Your claim, including but not limited to: any complaint that You have filed against the Debtor(s), prescriptions, pharmacy records or statements showing prescriptions, or any records supporting Your claims of damages. |

## Part 7: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☒ I am the creditor.

☐ I am the creditor's attorney, guardian, kinship (or other authorized) caretaker, executor, or authorized agent.

☐ Other (describe): __________

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date ________(mm/dd/yyyy)

____________________
Signature

**Print the name of the person who is completing and signing this claim:**

Name: Robert Van Wilkie (First name / Middle name / Last name)

Title: Claimant

Company: N/A

Address: 250 Pleasantview Loop (Number Street)

Valdese (City) NC (State) 28655 (ZIP Code)

Contact phone: 8283343149 Email: Robert.V.Wilkie.NC9@Gmail.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| In re: PURDUE PHARMA L.P., *et al.*, Debtors | Case No. **19-23649** **CLAIM** COUNTS 1. FRAUD 2. NEGLIGENCE |
|---|---|

## FIRST CAUSE OF ACTION: FRAUD:

1. Between the years of March 1998 through August 2002 Purdue representatives fraudulently misrepresented the facts of their 20mg and 40mg OxyContin to claimant Wilkies' doctor stating to claimants' doctor that studies showed OxyContin was not as addictive because the Oxycodone was in a long-lasting form(OxyContin).

2. Purdue representatives also falsely and fraudulently represented to claimant Wilkies' doctor that studies show if the patient continues to request higher amounts of OxyContin it was because the patient was in pain and not because of addiction. Moreover, Purdue representatives continued to falsely and fraudulently perpetuate to claimants' doctor that the risk of addiction was extremely low.

3. The representations made by Purdue representatives were in fact false. The true facts were that Purdue studies showed that OxyContin was as highly addictive as Oxycodone and when people continued to request higher doses of OxyContin from their doctors it was because of addiction

4. When Purdue representatives made these representations, they knew them to be false, and these representations were made by Purdue representatives with the intent to defraud and deceive the claimants' doctor and with the intent to induce claimants' doctor to act in a manner herein alleged.

5. The representations made by Purdue representatives in fact were false. The true facts were that Purdue studies showed that OxyContin was highly addictive. At the time Purdue representatives made these promises to the claimant's doctor as set forth above Purdue representatives had no intention to provide claimants' doctor with truthful data.

6. Claimants' doctor at the time these promises were made as set forth above and at the time claimants' doctor took the actions herein alleged, was ignorant of the debtors' secret intention not to perform and the claimants' doctor could not, in the exercise of reasonable diligence, have discovered debtors' secret intention.

7. In reliance on these representations, the claimants' doctor was induced to and did prescribe high doses of OxyContin to the claimant causing the claimant to become highly addicted to OxyContin in-turn causing the claimant to become hospitalized numerous times for severe withdrawal resulting in a number of psychological disorder diagnosis for severe depression, Bi-polar disorder, and Schizoaffective disorder as a result of the severe withdrawals and the psychological disorders the claimant was not able to function losing jobs or not able to accept jobs and financial opportunities causing the claimant to lose income. Had the claimants' doctor known the actual facts, he would not have taken such action.

8. As a proximate result of the debtors' fraud and deceit and the facts herein alleged, the claimant was harmed by reason of which the claimant has been damaged in the sum of $350,000.00. In doing the acts herein alleged, Prudue representatives acted with oppression, fraud, and malice, and the claimant is entitled to punitive damages in a sum this Hon. Court deems appropriate not to exceed 258,000,00 pursuant to *NCGS 1D. Rhyne v. K-Mart Corp., 358 N.C. 160 (N.C. 2004 )Stanback v. Stanback, 297 N.C. 181 (N.C. 1979).*

**SECOND CAUSE OF ACTION:
NEGLIGENCE:**

1. Purdue representatives owed a duty of care to provide truthful and sufficient data from their studies to claimants doctor as set forth above.

2. Purdue representatives breached their care of duty when they provided claimants doctor with false and fraudulent data as a result of their deceitful conduct and the trust and reliance, claimants doctor placed in Purdue representatives fraudulent data caused claimants doctor to prescribe high doses of OxyContin ultimately leading to claimants severe addiction and psychological problems as set forth above.

3. Purdue representatives breach of their care of duty directly and proximately caused injury to the claimant as set forth above resulting damages of $350,000.00 in mental anguish with chronic depression, severe withdrawals, and addiction resulting in psychological disorders of severe depression, Bi-polar disorder, and Schizoaffective disorder.

Respectfully submitted on the 28th day of June 2020

**Robert Van Wilkie**
250 Pleasantview Loop
Morganton NC 28655
Robert.V.Wilkie.NC9@Gmail.com
Ph: (828) 334 3149

**AFF 1**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| In re<br><br>**PURDUE PHARMA L.P., *et al.*,**<br>Debtors | **Case No. 19-23649**<br><br>**AFFIDAVIT** |
|---|---|

I Robert V Wilkie declare and certify this Affidavit is made from personal knowledge and the afford-going is a statement of Truth.

I Robert V Wilkie attest and affirm as set forth in my claim Purdue's deceptive marketing scheme was the direct cause of my addiction to OxyContin and psychological illnesses. I suffered injuries because of Purdue's deceptive marketing scheme as set forth in my claim.

I Robert V Wilkie. The undersigned am over the age of 18.

I Robert V Wilkie declare and Certify I'm the affiant and I'm competent to testify in the matters stated therein.

Respectfully submitted on the 24 th day of June 2020

**Robert V Wilkie**

250 Pleasanrview Loop
Morganton NC 28655
Robert.V.Wilkie.NC9@Gmail.com
Hm ph: (282) 334 3149

**AFF 1**

(1) If executed within the United States, its territories, possessions, or commonwealths: declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on 26 28 20 20

Signature)". Robert V Wilkie

Robert V Wilkie

---

H.R. REP. NO. 94-1616, at 1 (1976), as reprinted in 1976 U.S.C.C.A.N. 5644, 5645.
6 Closen, supra note 2, at 697.

28 U.S.C. § 1746 (2000) (added Oct. 18, 1976, by Pub. L. No. 94-550, § 1(a), 90 Stat. 2534) provides:

Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:
(1) If executed without the United States: "I declare (or certify, verify, or state) under penalty of perjury under the laws of the UNITED STATES. Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidence, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:

# Electronic Proof of Claim_M@G*G27465

Final Audit Report 2020-06-28

| | |
|---|---|
| Created: | 2020-06-28 |
| By: | Prime Clerk (purduepharmaefiling@primeclerk.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAVeJ-ffDj3YKetFfpDl-TdJlNuFlw_9di |

## "Electronic Proof of Claim_M@G*G27465" History

Web Form created by Prime Clerk (purduepharmaefiling@primeclerk.com)
2020-06-21 - 5:47:52 AM GMT

Robert Van Wilkie (Robert.V.Wilkie.NC9@Gmail.com) uploaded the following supporting documents:
Attachment
2020-06-28 - 10:05:06 PM GMT

Web Form filled in by Robert Van Wilkie (Robert.V.Wilkie.NC9@Gmail.com)
2020-06-28 - 10:05:06 PM GMT- IP address: 172.220.151.129

(User email address provided through API User-Agent: Mozilla/5.0 (Windows NT 10.0; Win64; x64) AppleWebKit/537.36 (KHTML, like Gecko) Chrome/70.0.3538.102 Safari/537.36 Edge/18.19613)
2020-06-28 - 10:05:10 PM GMT- IP address: 172.220.151.129

Signed document emailed to Prime Clerk (purduepharmaefiling@primeclerk.com) and Robert Van Wilkie (Robert.V.Wilkie.NC9@Gmail.com)
2020-06-28 - 10:05:10 PM GMT

# EXHIBIT D

# Corrected filing

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| In re<br><br>**PURDUE PHARMA L.P.,** ***et al.,***<br>Debtors | **Case No. 19-23649**<br><br>**MOTION TO TAKE NOTICE** |
|---|---|

On line 13 of the proof of claim form stating (Were you prescribed or administered a Purdue brand name opioid by a healthcare professional) claimant checked yes and was prescribed only OxyCotin. However, when the claimant checked no on line 14 claimant's answer on line 13 was automatically changed to no and when claimant checked no on line 14 claimant's answer on line 13 was automatically changed to no. So, therefore, claimant's answer on line 13 was yes and the claimant was prescribed only OxyCotin, and claimants answer to the Question on line 14 is no.

This is the 2nd submission of an amended proof of claim because during the 1st submission of claimants amended proof of claim Pudues system checked several drugs on line 13 that the claimant did not check and checked several drugs on line 14 that the claimant did not check because the claimant checked no on line 14. So, therefore, the claimant submitted a hard copy of his 2nd amended proof of claim as a means to ensure the accuracy of claimants proof of claim.

Respectfully Submitted on the 28th day of June 2020

**Robert V Wilkie**

Robert V Wilkie

250 Pleasanrview Loop
Morganton NC 28655
Robert.V.Wilkie.NC9@Gmail.com
Hm ph: (828) 334 3149

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| In re: PURDUE PHARMA L.P., *et al.*, Debtors. | Chapter 11 Case No. 19-23649 (RDD) (Jointly Administered) |
|---|---|

# Personal Injury Claimant Proof of Claim Form
## (Including Parents and Guardians)

**You may file your claim electronically at PurduePharmaClaims.com via the link entitled "Submit a Claim."**

**For questions regarding this Proof of Claim Form, please call Prime Clerk at (844) 217-0912 or visit PurduePharmaClaims.com.**

**Read the instructions at the end of this document before filling out this form. This form is for individuals to assert an unsecured claim against the Debtors seeking damages based on actual or potential future personal injury to the claimant or another (for example, deceased, incapacitated, or minor family member) related to the taking of a Purdue Opioid and/or the taking of another opioid for which You believe Purdue is responsible for Your damages.**

Do not use this form to assert only a non-personal injury claim against the Debtors based on or involving opioids or their production, marketing and sale, including without limitation, the Debtors' production, marketing and sale of Purdue Opioids. File such claims on a General Opioid Claimant Proof of Claim Form. However, if You have a claim against the Debtors based on or involving the production, marketing and sale of opioids, in addition to Your claim based on personal injury, You may include information related to that claim on the Personal Injury Claimant Proof of Claim Form by completing Part 5 of this form.

Do not use this form to assert any other pre-petition claims, including secured claims or claims entitled to priority under 11 U.S.C. § 507(a). Secured claims, claims entitled to priority under 11 U.S.C. § 507(a) and non-opioid related claims should be filed on a Non-Opioid Claimant Proof of Claim Form (Form 410).

Creditor (also referred to as "You" throughout) shall provide information responsive to the questions set forth below. Creditors may include parents, foster parents, and guardians submitting claims on behalf of minors with Neonatal Abstinence Syndrome ("NAS"). Instructions and definitions are provided at the end of this document. You shall provide information reasonably available to You and are not excused from providing the requested information for failure to appropriately investigate Your claim. You shall supplement Your responses if You learn that they are incomplete or incorrect in any material respect.

Personal Injury Claimant Proof of Claim Forms and any supporting documentation submitted with the form shall remain highly confidential and shall not be made available to the public. For the avoidance of doubt, all pages of the Personal Injury Claimant Proof of Claim Form and supporting documentation shall be treated as highly confidential and made available only to Prime Clerk, the Court and to those that agree to be bound by the Protective Order.

**Fill in all the information about the claim as of September 15, 2019, the Petition Date. You may also fill in information regarding any claims You believe You may have after September 15, 2019 on this form. This form should be completed to the best of Your ability with the information available to You. If You are unable to answer certain questions at this time, the absence of an answer, by itself, will not result in the denial of Your claim, though You may be asked or required to provide additional information at a later date. You may also amend or supplement Your claim after it is filed.**

Please note that supporting documentation is requested in certain portions of the form. Please provide the requested information to the best of Your ability. At Your discretion, You may also provide additional information to supplement Your claim in any manner available to You.

**Do not send original documents**, as they will not be returned, and they may be destroyed after scanning.

**Part 1: Identify the Claim**

**1. Who is the creditor?**

Robert Van Wilkie

Name of the individual to be paid for this claim. If the creditor is a minor (under 18), please provide only the minor's initials

Other names the creditor used with the debtor, including maiden or other names used:

______

If Your claim is based on personal injury to another (for example, a deceased, incapacitated, or minor family member), please provide the name of that other person (that is, the injured person). If the injured person is a minor (under 18), please provide only the minor's initials:

______

If You are submitting a claim on behalf of another person, please provide Your name and relationship to that person:

______

If you are submitting a claim on behalf of a minor, are You the Legal Guardian?

☐ No ☐ Yes

**2. What is the year of birth, gender, and last 4 digits of the social security number of the creditor (or injured person, if the claim is based on the personal injury of another)?**

Year of Birth: 1966

Gender: ☒ Male ☐ Female

Last 4 Digits of Social Security Number (if available): XXX-XX- 6 9 7 2

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

250 Pleasantview Loop
Morganton NC 28655

Contact phone 828 334 3149

Contact email Robert.V.Wilkie.NC9@gmail.com

**Where should payments to the creditor be sent? (if different)**

Contact phone ______

Contact email ______

**4. Does this claim amend one already filed?**

☐ No.

☒ Yes. Claim number on court claims registry (if known) ______ Filed on 06/27/2020 MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☒ No.

☐ Yes. Who made the earlier filing? ______

## Part 2: Attorney Information (Optional)

**6. Are You represented by an attorney in this matter?**

You do not need an attorney to file this form.

☒ No.

☐ Yes. If yes, please provide the following information:

Law Firm Name ______

Attorney Name ______

Address ______

City ______ State ______ ZIP Code ______

Contact phone ______ Contact email ______

## Part 3: Information as of September 15, 2019, the Petition Date, About Your Claim

**7. How much is the claim?**

$ 350,000.00 or

☐ Unknown.

**8. Select all that apply to You.**

☒ Creditor has been injured by use of an opioid.

☐ Although Creditor is not currently aware of any injury, Creditor wants to file now to keep the ability to seek payment if Creditor has a future injury or harm due to use of an opioid.

☐ Creditor has a claim arising out of another person's use of an opioid. ***Please answer all questions in Part 4 as if that person (the injured person) is filling out the form.***

☐ Creditor is submitting a claim on behalf of a minor with NAS. ***Please answer all questions in Part 4 as if the birth mother of the minor is filling out the form (to the extent such information is available to You).***

**9. Briefly describe the type of injury alleged from Your use or another person's use of an opioid. Select all that apply.**

Attach additional sheets if necessary.

- ☐ Death
- ☒ Overdose
- ☒ Addiction/Dependence/Substance Use Disorder
- ☒ Lost Wages/Earning Capacity
- ☐ Loss of Consortium
- ☐ NAS-related
  - ☐ Learning Disability
  - ☐ Spina Bifida
  - ☐ Developmental Disability
  - ☐ Heart Defects
  - ☐ Congenital Defects or Malformations
- ☐ Expenses for Treatment
- ☒ Other (describe): Psychological disorders severe depression Bi-polar disorder Schizoaffective disorder

**10. Describe the basis for Your claim, including all alleged causes of action, sources of damages, etc., You are asserting against the Debtors.**

Attach additional sheets if necessary.

Purdue representatives misrepresented the facts of their 20mg and 40mg OxyContin stating to claimants ' doctor that studies show OxyContine was not as addictive because the Oxycodone was a long-lasting form. Moreover, Purdue representatives misrepresented Purdue studies by stating to claimants ' doctor that if the patient continues to request higher amounts of OxyContin it was because the patient was in pain and not because of addiction. Purdue also fraudulently represented to Claimants doctor that the risk of addiction was extremely low. Claimant became seriously addicted to OxyContin, in turn, causing claimant to lose jobs numerous hospitalizations for addiction and diagnosis of psychological illnesses including severe depression Bi-polar disorder and Schizoaffective disorder and severe withdrawals and financial ruin because of the inability to work because of the psychological illnesses and the addiction caused by OxyContin.

Purdue's fraudulent and negligence actions as set forth above and concealing data they had in their procession concerning the severe addiction possibilities of their OxyContin to claimants ' doctor led to claimants ' addiction. Moreover, because of their deceitful conduct and the trust and reliance, claimants ' doctor placed in Purdue's fraudulent data caused claimants ' ' doctor to prescribe high doses of OxyContin ultimately leading to claimants ' severe addiction. Cause of actions on separate pages.

**11. Please identify and quantify each category of damages or monetary relief that You allege, including all injunctive relief that You seek. Check as many boxes as are applicable.**

- ☒ Compensatory: $ 350,000.00 or ☐ Unknown
  (for example, lost wages, pain and suffering, expenses not reimbursed, loss of consortium, etc.)
- ☒ Punitive: $______ or ☒ Unknown
- ☐ Other (describe):

**12. Have You ever filed a lawsuit against any of the Debtors at any time?**

☒ No

☐ Yes. If yes, please provide the following information and attach supporting documentation:

**Case Caption:** ______________________

**Court and Case/Docket Number:** ______________________

**Attorney Information:**

______________________
Law Firm Name

______________________
Attorney Name

______________________
Address

______________________
City State ZIP Code

Contact phone ____________ Contact email ____________

**Part 4: Information About Opioid Use**

If You have a claim arising out of another person's use of an opioid, please answer these questions as if the injured person is filling out the form. If You are submitting a claim on behalf of a minor with NAS, please answer these questions as if the birth mother of the minor is filling out the form (to the extent such information is available to You).

**13. Were You <u>prescribed or administered</u> a Purdue brand name opioid by a healthcare professional?**

☐ Unknown (select if You were prescribed a prescription opioid but do not know the specific medication).

☐ No.

☒ Yes. If yes, please provide the following information to the extent reasonably available:

**Please identify the Purdue brand name opioid(s) that You were prescribed or administered by a healthcare professional. Check as many medications as applicable.**

☐ Butrans®
☐ DHC Plus®
☐ Dilaudid®
☐ Hysingla ER®
☐ MS Contin®
☐ MSIR®
☒ OxyContin®
☐ OxyFast®
☐ OxyIR®
☐ Palladone®
☐ Ryzolt

**14. Were You ever <u>prescribed or administered</u> *any* opioid (other than a Purdue brand name opioid) by a healthcare professional?**

☐ Unknown (select if You were prescribed a prescription opioid but do not know the specific medication).

☒ No.

☐ Yes. If yes, please provide the following information to the extent reasonably available:

Non-Purdue Brand Name Opioid, if known: ______________________

**Please identify the generic opioid(s) that You were prescribed or administered by a healthcare professional. Check as many medications as applicable.**

☐ Buprenorphine transdermal system
☐ Hydrocodone and acetaminophen tablets (generic to Vicodin® or Norco®)
☐ Hydromorphone immediate-release tablets
☐ Hydromorphone oral solution
☐ Morphine extended-release tablets
☐ Other Generic: ______________
☐ Oxycodone extended-release tablets
☐ Oxycodone immediate-release tablets
☐ Oxycodone and acetaminophen tablets (generic to Percocet®)
☐ Tramadol extended-release tablets

## Part 5: Other (Non-Personal Injury) Opioid-Related Claims

**15. Do You believe You have any other claims against the Debtors based on or involving the Debtors' production, marketing and sale of Purdue Opioids that are not based on a personal injury?**

☐ No.

☒ Yes. If yes, please describe the nature of the claim(s) (Attach additional sheets if necessary).

Bad and Deceptive Business Practices pursuant to NCGS 75-1

**16. How much is the claim?**

$ ____________________ or

☒ Unknown.

## Part 6: Supporting Documentation

**17. Please provide the following supporting documentation if You would like (but You are not required) to supplement this proof of claim.**

- Provide any documents supporting Your claim, including but not limited to: any complaint that You have filed against the Debtor(s), prescriptions, pharmacy records or statements showing prescriptions, or any records supporting Your claims of damages.

## Part 7: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☒ I am the creditor.

☐ I am the creditor's attorney, guardian, kinship (or other authorized) caretaker, executor, or authorized agent.

☐ Other (describe): ____________________

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date ____________(mm/dd/yyyy)

____________________

Signature

**Print the name of the person who is completing and signing this claim:**

Name: Robert Van Wilkie (First name / Middle name / Last name)

Title: Claimant

Company: N/A

Address: 250 Pleasantview Loop (Number / Street)

Valdese (City) NC (State) 28655 (ZIP Code)

Contact phone: 8283343149

Email: RobertL.V.Wilkie.NC9@Gmail.com

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| In re:<br><br>**PURDUE PHARMA L.P., *et al.*,**<br>**Debtors** | Case No. **19-23649**<br><br>**CLAIM**<br>COUNTS<br>1. **FRAUD**<br>2. **NEGLIGENCE**<br>3. **BAD AND DECEPTIVE BUSINESS PRACTICES** |
|---|---|

## FIRST CAUSE OF ACTION:
## FRAUD:

1. Between the years of March 1998 through August 2002 Purdue representatives fraudulently misrepresented the facts of their 20mg and 40mg OxyContin to claimant Wilkies' doctor stating to claimants' doctor that studies showed OxyContin was not as addictive because the Oxycodone was in a long-lasting form(OxyContin).

2. Purdue representatives also falsely and fraudulently represented to claimant Wilkies' doctor that studies show if the patient continues to request higher amounts of OxyContin it was because the patient was in pain and not because of addiction. Moreover, Purdue representatives continued to falsely and fraudulently perpetuate to claimants' doctor that the risk of addiction was extremely low.

3. The representations made by Purdue representatives were in fact false. The true facts were that Purdue studies showed that OxyContin was as highly addictive as Oxycodone and when people continued to request higher doses of OxyContin from their doctors it was because of addiction

4. When Purdue representatives made these representations, they knew them to be false, and these representations were made by Purdue representatives with the intent to defraud and deceive the claimants' doctor and with the intent to induce claimants' doctor to act in a manner herein alleged.

5.  The representations made by Purdue representatives in fact were false. The true facts were that Purdue studies showed that OxyContin was highly addictive. At the time Purdue representatives made these promises to the claimant's doctor as set forth above Purdue representatives had no intention to provide claimants' doctor with truthful data.

6.  Claimants' doctor at the time these promises were made as set forth above and at the time claimants' doctor took the actions herein alleged, was ignorant of the debtors' secret intention not to perform and the claimants' doctor could not, in the exercise of reasonable diligence, have discovered debtors' secret intention.

7.  In reliance on these representations, the claimants' doctor was induced to and did prescribe high doses of OxyContin to the claimant causing the claimant to become highly addicted to OxyContin in-turn causing the claimant to become hospitalized numerous times for severe withdrawal resulting in a number of psychological disorder diagnosis for severe depression, Bi-polar disorder, and Schizoaffective disorder as a result of the severe withdrawals and the psychological disorders the claimant was not able to function losing jobs or not able to accept jobs and financial opportunities causing the claimant to lose income. Had the claimants' doctor known the actual facts, he would not have taken such action.

8.  As a proximate result of the debtors' fraud and deceit and the facts herein alleged, the claimant was harmed by reason of which the claimant has been damaged in the sum of $350,000.00. In doing the acts herein alleged, Prudue representatives acted with oppression, fraud, and malice, and the claimant is entitled to punitive damages in a sum this Hon. Court deems appropriate not to exceed 258,000,00 pursuant to *NCGS 1D. Rhyne v. K-Mart Corp., 358 N.C. 160 (N.C. 2004 )Stanback v. Stanback, 297 N.C. 181 (N.C. 1979).*

**SECOND CAUSE OF ACTION:
NEGLIGENCE:**

**1.** Purdue representatives owed a duty of care to provide truthful and sufficient data from their studies to claimants doctor as set forth above.

**2.** Purdue representatives breached their care of duty when they provided claimants doctor with false and fraudulent data as a result of their deceitful conduct and the trust and reliance, claimants doctor placed in Purdue representatives fraudulent data caused claimants doctor to prescribe high doses of OxyContin ultimately leading to claimants severe addiction and psychological problems as set forth above.

**3.** Purdue representatives breach of their care of duty directly and proximately caused injury to the claimant as set forth above resulting damages of $350,000.00 in mental anguish with chronic depression, severe withdrawals, and addiction resulting in psychological disorders of severe depression, Bi-polar disorder, and Schizoaffective disorder.

**THIRD CAUSE OF ACTION
BAD AND DECEPTIVE BUSINESS PRACTICES**

**1.** Section 75-1-1(a) of the North Carolina General Statute declares unfair methods of competition in or affecting commerce and unfair or deceptive acts or practices in or affecting commerce to be unlawful NCGS 75-1-1(a)(2011). The General Assembly has defined "commerce" to mean "all business activities, however, denominated.

**2.** Purdue representatives engaged in an unethical immoral and unscrupulous activity when they falsely and fraudulently misrepresented the facts to claimants' doctor as set forth below.

Purdue representatives misrepresented the facts of their 20mg and 40mg OxyContin stating to claimants' doctor that studies show OxyContin was not as addictive because the Oxycodone was a long-lasting form. Moreover, Purdue representatives misrepresented Purdue studies by stating to

claimants' doctor that if the patient continues to request higher amounts of OxyContin it was because the patient was in pain and not because of addiction. Purdue also fraudulently represented to Claimants doctor that the risk of addiction was extremely low. Claimant became seriously addicted to OxyContin, in turn, causing claimant to lose jobs numerous hospitalizations for addiction and diagnosis of psychological illnesses including severe depression Bi-polar disorder and Schizoaffective disorder and severe withdrawals and financial ruin because of the inability to work because of the psychological illnesses and the addiction caused by OxyContin.

Purdue's fraudulent and negligence actions as set forth above and concealing data they had in their procession concerning the severe addiction possibilities of their OxyContin to claimants' doctor led to claimants' addiction. Moreover, because of their deceitful conduct and the trust and reliance, claimants' doctor placed in Purdue's fraudulent data caused claimants" doctor to prescribe high doses of OxyContin ultimately leading to claimants' severe addiction. Cause of actions on separate pages.

**3.** Purdue representatives engaged in an unethical immoral and unscrupulous activity when they provided claimants doctor with false and fraudulent data stating that Prudue studies showed OxyContin was not as addictive because the Oxycodone was a long-lasting form and if the patient was requesting higher does of OxyContin it was because the patient was in pain and not because of addiction and that the addiction to OxyContin was extremely low.

**4.** Purdue representatives' fraud (misrepresentation of the facts.) and negligence were the proximate cause of claimants Wilkies' addiction to OxyContin and resulting Psychological illnesses of severe depression, Bi-polar disorder, and Schizoaffective disorder. Plaintiffs are seeking punitive and or treble damage award pursuant to § 75-16 in an amount to be determined by this Hon. Court.

Respectfully submitted on the 29th day of June 2020

**Robert Van Wilkie**

Robert V Wilkie

250 Pleasantview Loop
Morganton NC 28655
Robert.V.Wilkie.NC9@Gmail.com
Ph: (828) 334 3149

**AFF 1**

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

| In re<br><br>**PURDUE PHARMA L.P.,** ***et al.,***<br>Debtors | **Case No. 19-23649**<br><br>**AFFIDAVIT** |
|---|---|

I Robert V Wilkie declare and certify this Affidavit is made from personal knowledge and the afford-going is a statement of Truth.

I Robert V Wilkie attest and affirm as set forth in my claim Purdue's deceptive marketing scheme was the direct cause of my addiction to OxyContin and psychological illnesses. I suffered injuries because of Purdue's deceptive marketing scheme as set forth in my claim.

I Robert V Wilkie. The undersigned am over the age of 18.

I Robert V Wilkie declare and Certify I'm the affiant and I'm competent to testify in the matters stated therein.

Respectfully submitted on the 29th day of June 2020

**Robert V Wilkie**

250 Pleasanrview Loop
Morganton NC 28655
Robert.V.Wilkie.NC9@Gmail.com
Hm ph: (282) 334 3149

**AFF 1**

(1) If executed within the United States, its territories, possessions, or commonwealths: declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on 06 29 20 20

Signature)". [signature]
Robert V Wilkie

---

H.R. REP. NO. 94-1616, at 1 (1976), as reprinted in 1976 U.S.C.C.A.N. 5644, 5645.
6 Closen, supra note 2, at 697.

28 U.S.C. § 1746 (2000) (added Oct. 18, 1976, by Pub. L. No. 94-550, § 1(a), 90 Stat. 2534) provides:

Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:
(1) If executed without the United States: "I declare (or certify, verify, or state) under penalty of perjury under the laws of the UNITED STATES, Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidence, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:

---

813.00 TRADE REGULATION

Preface

*Chapter 75 of the General Statutes prohibits a number of acts which are considered to have a harmful impact on consumers, on competition and on commerce. Within Chapter 75 is a "little Sherman Act" (§ 75-1), a "little FTC Act" (§ 75-1.1) and a host of other statutes[1] which proscribe specific types of conduct. In addition, N.C. Gen. Stat. § 75-2 specifically preserves common law antitrust prohibitions and subjects violators of the common law to N.C. Gen. Stat. § 75-1 liability. The violation of some of these statutes is a criminal offense; the violation of others of these statutes merely subjects the violators to civil penalty assessments by the Attorney General.*

*In any event, N.C. Gen. Stat. § 75-16 confers a right upon private persons to bring damage actions against the violators in certain circumstances.[2] N.C. Gen. Stat. § 75-16 provides:*

> *If any person shall be injured or the business of any person, firm, or corporation shall be broken up, destroyed or injured by*

---

1 By express reference to § 75-1.1, other parts of the General Statutes also proscribe certain trade practices and make their occurrence the subject or a cause of action under Chapter 75. *See* § 25A-44(4) (Retail Installment Sales Act); § 66-100(e) (Business Opportunity Sales Act); § 66-111(d) (Loan Broker Statute); § 66-125(c) (Prepaid Contract Statute); § 14-118.6(d) (False Lien Claims Filed against Public Officials Statute).

2 *Beware:* Special care must be exercised by the trial judge in these types of cases. Treble damages are allowed under N.C. Gen. Stat. § 75-16 for most of the violations of Chapter 75. (In some instances, treble damages are not allowed. *See, e.g.*, N.C. Gen. Stat. § 75-56 making treble damages inapplicable to violations of N.C. Gen. Stat. § 75-50 through 55.) The jury's function in these trade regulation cases is to determine the amount of *actual* damages *only*. The trial judge—and not the jury—does the trebling. In fact, the jury is *not even to be informed* of the treble damages provision because of the possible prejudice to the plaintiff's case. However, this rule is for the protection of the plaintiff, and if the plaintiff discloses the treble damages provision to the jury he may be deemed to have waived the right to keep the treble damages rule from the jury. A compulsory pre-trial conference is strongly recommended to instruct counsel as to the impropriety of raising the fact of treble damages before the jury during the course of trial.

---

*reason of any act or thing done by any other person, firm or corporation in violation of the provisions of this Chapter, such person, firm or corporation so injured shall have a right of action on account of such injury done. . . .*[3]

*The similarities between North Carolina's statutory scheme and that of the federal antitrust laws are not accidental.*[4] *Under the federal framework, Sections 1 and 2 of the Sherman Act (15 U.S.C. §§ 1, 2) make contracts in restraint of trade and monopolies, respectively, unlawful. These statutes are criminal in nature. Private citizens obtain their civil damage relief through § 4 of the Clayton Act (15 U.S.C. § 15), a statute which is fairly similar in wording and format to N.C. Gen. Stat. § 75-16. Section 5 of the Federal Trade Commission Act prohibits unfair and deceptive trade practices. This precise wording is used in § 75-1.1, although the federal law does differ in that it confers no private right of action while § 75-1.1 does.*

*The following instructions borrow heavily from the prodigious federal decisional law which has developed since 1914 under § 4 of the Clayton Act, as well as under § 5 of the Federal Trade Commission Act. Following these federal decisional law guidelines, a plaintiff seeking treble damages must prove three, and sometimes four things:*[5]

---

3 Normally, civil actions under "antitrust" statutes do not allow a recovery for *personal* injuries. Their remedial focus is almost always on *economic* injuries. However, "antitrust" violations of the unfair and deceptive variety commonly do involve the opportunity for causing personal injury, such as where a consumer is induced to purchase a flammable garment which is advertised as "flame resistant."

4 *See* Aycock, *Antitrust and Unfair Trade Practices Law in North Carolina --Federal Law Compared*, 50 N.C.L. Rev. 199, 201 (1972).

5 Pattern instructions have not been written for violations of the Debt Collection provisions of Chapter 75 (N.C. Gen. Stat. §§ 75-50 to 75-56), the Retail Installment Sales Act (N.C. Gen. Stat. Chapter 25A), the Business Opportunity Sales Act (N.C. Gen. Stat. §§

---

*First, that the defendant has violated a trade regulation statute ("issue of violation"); and*

*Second, that, where required, this violation affected commerce or occurred in commerce ("issue of commerce"); and*

*Third, that the violation injured the plaintiff, either personally or in his business ("issue of proximate cause"), and*

*Fourth, the amount of plaintiff's injuries ("issue of damages").*[6]

---

66-94 to 66-100), or for filing a false lien or encumbrance against the property of a public official (N.C. Gen. Stat. 14-118.6(d)). However, instructions for these, and any other violations that trigger Chapter 75 liability, will have the same basic structure as the N.C.P.I.--Civil 813.00 Instructions.

6 Again, the damage issue has reference only to *actual* and not treble damages. The jury is not to be informed that damages may be trebled. *See* note 2, *supra*.