**Hearing Date and Time: April 21, 2021, at 10:00 a.m. (prevailing Eastern Time)**
**Objection Date and Time: April 14, 2021, at 4:00 p.m. (prevailing Eastern Time)**

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
James I. McClammy
Eli J. Vonnegut
Christopher S. Robertson

*Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.**, *et al.*, | Case No. 19-23649 (RDD) |
| **Debtors.**[1] | **(Jointly Administered)** |

**NOTICE OF HEARING ON MOTION OF DEBTORS FOR ENTRY OF ORDER
APPROVING (I) OMNIBUS CLAIMS OBJECTION PROCEDURES,
(II) OMNIBUS CLAIMS SETTLEMENT PROCEDURES AND
(III) OMNIBUS CLAIMS HEARING PROCEDURES**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

PLEASE TAKE NOTICE that on March 16, 2021, the above-captioned debtors and debtors in possession in these proceedings (collectively, the "**Debtors**") filed the *Motion of Debtors for Entry of Order Approving (I) Omnibus Claims Objection Procedures, (II) Omnibus Claims Settlement Procedures and (III) Omnibus Claims Hearing Procedures* (the "**Motion**"). A hearing on the Motion will be held on **April 21, 2021** at **10:00 a.m.** (prevailing Eastern Time) (the "**Hearing**") before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, at the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601 (the "**Bankruptcy Court**"), or at such other time as the Bankruptcy Court may determine.

PLEASE TAKE FURTHER NOTICE that pursuant to General Order M-543, dated March 20, 2020 (Morris, C.J.) ("**General Order M-543**"), the Hearing will be conducted telephonically.[2]  Parties wishing to appear at, or attend, the Hearing must refer to and comply with the Bankruptcy Court's guidelines for telephonic appearances[3] and make arrangements with Court Solutions LLC by telephone at (917) 746-7476.

PLEASE TAKE FURTHER NOTICE that the Hearing may be continued or adjourned thereafter from time to time without further notice other than an announcement of the adjourned date or dates at the Hearing or a later hearing.  The Debtors will file an agenda before the Hearing, which may modify or supplement the motions to be heard at the Hearing.

PLEASE TAKE FURTHER NOTICE that any responses or objections (the "**Objections**") to the Motion shall be in writing, shall conform to the Federal Rules of

---

[2] A copy of General Order M-543 can be obtained by visiting https://www.nysb.uscourts.gov/news/general-order-m-543-court-operations-under-exigent-circumstances-created-covid-19.

[3] The Bankruptcy Court's procedures for telephonic appearances are available at http://www.nysb.uscourts.gov/telephonic-appearances-white-plains.

Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York,

shall be filed with the Bankruptcy Court (a) by attorneys practicing in the Bankruptcy Court,

including attorneys admitted *pro hac vice*, electronically in accordance with General Order

M-399 (which can be found at www.nysb.uscourts.gov), and (b) by all other parties in interest,

on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered

directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and

General Order M-399, to the extent applicable, and shall be served in accordance with the

*Second Amended Order Establishing Certain Notice, Case Management, and Administrative*

*Procedures* entered on November 18, 2019 [ECF No. 498], so as to be filed and received no later

than **April 14, 2021** at **4:00 p.m.** (prevailing Eastern Time) (the "**Objection Deadline**").

      **PLEASE TAKE FURTHER NOTICE** that any objecting parties are required to attend

the Hearing and a failure to appear may result in relief being granted upon default; *provided* that

objecting parties shall attend the Hearing telephonically so long as General Order M-543 is in

effect or unless otherwise ordered by the Bankruptcy Court.

      **PLEASE TAKE FURTHER NOTICE** that if no Objections are timely filed and served

with respect to the Motion, the Debtors may, on or after the Objection Deadline, submit to the

Bankruptcy Court an order substantially in the form of the proposed order annexed to the

Motion, which order may be entered without further notice or opportunity to be heard.

      **PLEASE TAKE FURTHER NOTICE** that copies of the Motion may be obtained free

of charge by visiting the website of Prime Clerk LLC at

https://restructuring.primeclerk.com/purduepharma.    You may also obtain copies of any

pleadings by visiting the Bankruptcy Court's website at http://www.nysb.uscourts.gov in

accordance with the procedures and fees set forth therein.

Dated:    March 16, 2021
          New York, New York

                              DAVIS POLK & WARDWELL LLP

                              By:   */s/ Eli J. Vonnegut*
                              DAVIS POLK & WARDWELL LLP
                              450 Lexington Avenue
                              New York, New York 10017
                              Telephone: (212) 450-4000
                              Facsimile:  (212) 701-5800
                              Marshall S. Huebner
                              Benjamin S. Kaminetzky
                              James I. McClammy
                              Eli J. Vonnegut
                              Christopher S. Robertson

                              *Counsel to the Debtors*
                              *and Debtors in Possession*

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
James I. McClammy
Eli J. Vonnegut
Christopher S. Robertson

*Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.,** *et al.,* | Case No. 19-23649 (RDD) |
| **Debtors.**[1] | **(Jointly Administered)** |

**MOTION OF DEBTORS FOR ENTRY OF ORDER APPROVING (I) OMNIBUS
CLAIMS OBJECTION PROCEDURES, (II) OMNIBUS CLAIMS SETTLEMENT
PROCEDURES AND (III) OMNIBUS CLAIMS HEARING PROCEDURES**

Purdue Pharma L.P. ("**PPLP**") and its affiliates that are debtors and debtors in possession

in these proceedings (collectively, the "**Debtors**") hereby file this *Motion of Debtors for Entry of*

*Order Approving (I) Omnibus Claims Objection Procedures, (II) Omnibus Claims Settlement*

*Procedures and (III) Omnibus Claims Hearing Procedures* (this "**Motion**"). In support of this

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

Motion, the Debtors respectfully state as follows:

## Relief Requested

1.      By this Motion, and pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (as amended or modified, the "**Bankruptcy Code**"), and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Debtors seek approval of certain procedures to (i) object to claims (the "**Omnibus Claims Objection Procedures**"), (ii) settle disputed claims without further Court approval (the "**Omnibus Claims Settlement Procedures**"), and (iii) streamline hearings on contested claims (the "**Omnibus Claims Hearing Procedures**" and, together with the Omnibus Claims Objection Procedures and the Omnibus Claims Settlement Procedures, the "**Procedures**").

2.      A proposed form of order (the "**Order**") granting the relief requested in the Motion is attached hereto as **Exhibit A**.

## Jurisdiction and Venue

3.      The United States Bankruptcy Court for the Southern District of New York (the "**Court**") has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.).  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and, pursuant to Bankruptcy Rule 7008, the Debtors consent to entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.

4.      The legal predicates for the relief requested herein are section 105(a) of the Bankruptcy Code and Bankruptcy Rule 3007.

5.      Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## General Background

6.      On September 15, 2019 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code (the "**Cases**").  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On September 27, 2019, the United States Trustee for the Southern District of New York appointed the official committee of unsecured creditors (the "**Creditors' Committee**").  No trustee or examiner has been appointed in these Cases.

7.      Information about the Debtors' businesses and the events leading up to the Petition Date can be found in the *Debtors' Informational Brief* filed on September 16, 2019 [ECF No. 17].

8.      These Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) and the *Order Directing Joint Administration of Chapter 11 Cases* [ECF No. 59] entered by the Court on September 18, 2019 in each of the Cases.

## Claims Filed Against the Debtors

9.      On October 29, 2019, the Debtors filed their respective schedules of assets and liabilities pursuant to Bankruptcy Rule 1007 and the order extending time to file schedules of assets and liabilities [ECF No. 69].

10.      On February 3, 2020, the Court entered the *Order Establishing (I) Deadlines for Filing Proofs of Claim and Procedures Relating Thereto, (II) Approving the Proof of Claim Forms, and (III) Approving the Form and Manner of Notice Thereof* [ECF No. 800] (the "**Bar Date Order**").  The Bar Date Order, among other things, established June 30, 2020, at 5:00 p.m.,

prevailing Eastern time, as the deadline for each person, governmental unit, and Native American Tribe to file a proof of claim in these Cases (the "**General Bar Date**").

11.    On June 3, 2020, the Court entered the *Order (I) Extending the General Bar Date for a Limited Period and (II) Approving the Form and Manner of Notice Thereof* [ECF No. 1221] (the "**Extended Bar Date Order**" and, together with the Bar Date Order, the "**Bar Date Orders**"). The Extended Bar Date Order, among other things, extended the General Bar Date to July 30, 2020, at 5:00 p.m., prevailing Eastern time (the "**Extended Bar Date**").

12.    On February 24, 2020, the Debtors commenced one of the most robust noticing programs in chapter 11 history. The Debtors' unprecedented noticing plan and claims period has concluded, resulting in the filing of over 613,000 claims against the estates in a face amount in excess of $140 trillion. Since the Extended Bar Date, the Debtors have been conducting a comprehensive review of the filed claims.

## Agreements Regarding Allocation of Estate Resources

13.    On March 4, 2020, the Court entered the *Order Appointing Mediators* [ECF No. 895] (the "**Mediation Order**") directing the appointment of the Honorable Layn Phillips and Mr. Kenneth Feinberg as co-mediators (the "**Mediators**"). The Mediators were authorized to mediate the dispute(s) between the Non-Federal Public Claimants (as defined in the Mediation Order), on the one hand, and the Private Claimants (as defined in the Mediation Order),[2] on the other, as to the allocation of value/proceeds available from the Debtors' estates, including, without limitation, from any settlements, to such claimants, in each case on an aggregate basis as between them (the "**Allocation Mediation**"). Mediation Order ¶ 3.

---

[2] For the avoidance of doubt, the claims that were the subject of the Allocation Mediation include the claims that were represented by the Non-Federal Public Claimants, the Personal Injury Claimants, the TPPs, the Hospitals, the NAS Committee, the Insurance Purchasers, the Native American Tribes, the United States of America, the PSD, and the WV NAS (each as defined in the Mediators' Report [ECF No. 1716] (the "**Mediators' Report**")).

14.     On September 23, 2020, the Mediators issued the Mediators' Report describing, among other things (i) an agreement among the Non-Federal Public Claimants that all value received by them through these Cases would be exclusively dedicated to programs designed to abate the opioid crisis and for no other purpose, (ii) the agreements reached by certain specific individual Private Claimant groups addressing allocation of estate value to each such Private Claimant group, and (iii) the resolution of other significant issues, including value allocation for all Native American Tribes and a default mechanism that, in the absence of a stand-alone agreement between a State or Territory and its political subdivisions, provides a structure and process for applying funds to abate the opioid crisis and ensures consultation through local participation mechanisms in determining which programs will be funded from value received.

### Omnibus Claims Objection Procedures

15.     The Debtors filed their chapter 11 plan of reorganization (the "**Plan**") contemporaneously with the filing of this Motion.  If confirmed by the Court as proposed, the Plan would, among other things and as described in greater detail therein, effectuate the agreements in principle among the Non-Federal Public Claimants and the Private Claimants reached in the Allocation Mediation.  The various trusts created under the Plan for the benefit of these claimants would be responsible for reconciling and making distributions on account of the applicable claims.  However, there are a number of claims filed by creditors that were not party to the Allocation Mediation, as well as certain claims that appear to be filed in the wrong cases, that are not entitled to the claimed secured status or other priority, are duplicative, or should

otherwise be disallowed.   The Debtors seek approval of the Procedures described herein to
facilitate and expedite the review and reconciliation of these claims.[3]

16.    Bankruptcy Rule 3007(c) prohibits the filing of a single objection to multiple
claims "[u]nless otherwise ordered by the court or permitted in subdivision (d)."  *See* Fed. R.
Bankr. P. 3007(c).  Bankruptcy Rule 3007(d) allows a debtor to file an omnibus objection when
the basis for the objection is that the claims subject to objection should be disallowed, in whole
or in part, because they:

(a)    duplicate other claims;

(b)    have been filed in the wrong case;

(c)    have been amended by subsequently filed proofs of claim;

(d)    were not timely filed;

(e)    have been satisfied or released during the case in accordance with the
Code, applicable rules, or a court order;

(f)    were presented in a form that does not comply with applicable rules, and
the objection states that the objector is unable to determine the validity of
the claim because of the noncompliance;

(g)    are interests, rather than claims; or

(h)    assert priority in an amount that exceeds the maximum amount under
§ 507 of the Code.

Fed. R. Bankr. P. 3007(d).

17.    Moreover, Bankruptcy Rule 3007(e) provides that omnibus objections on the
grounds enumerated under the Rule may be filed for up to 100 claims at a time.  Fed. R. Bankr.
P. 3007(e)(6) ("An omnibus objection shall . . . contain objections to no more than 100 claims.").

---

[3] At this time, the Debtors do not anticipate conducting an extensive reconciliation process with respect to claims subject to the agreements reached in the Allocation Mediation.  The Debtors reserve all rights to amend or supplement the Procedures and to object to any Proof of Claim on any ground or for any purpose as set forth herein and in the Order.

18.     Although the Debtors expect to object to a number of proofs of claim (the "**Proofs of Claim**") on the grounds enumerated in Bankruptcy Rule 3007(d), certain Proofs of Claim may necessitate objections on additional grounds.  The Debtors believe that objecting to multiple Proofs of Claim in an omnibus fashion on grounds beyond those set forth in Bankruptcy Rule 3007(d) will ease the administrative burden on the Court and the administrative and financial burden on the Debtors' estates during the claims reconciliation process.  Absent relief from the Court, the Debtors would be required to file possibly hundreds of omnibus objections to Proofs of Claim, resulting in additional strain to the Debtors and their estates in what has already been a time-consuming, expensive, and complex bankruptcy case.

19.     Accordingly, the Debtors request that, in addition to the grounds enumerated in Bankruptcy Rule 3007(d), they be permitted to file objections (the "**Omnibus Claims Objections**") seeking reduction, reclassification, and/or disallowance of Proofs of Claim based on one or more of the following additional grounds (collectively, the "**Additional Permitted Grounds**," and, together with the grounds enumerated under Bankruptcy Rule 3007(d), the "**Permitted Grounds**"):

(a)     the amount claimed is inconsistent with the Debtors' books and records;

(b)     the Proof of Claim fails to specify sufficiently the basis for the claim or provide sufficient supporting documentation for such claim;

(c)     the Debtors are not liable to the claimant for the amount or claim asserted;

(d)     the claim is filed against non-Debtors, the wrong Debtor, or is filed against multiple Debtors, except to the extent permitted under the Bar Date Orders;

(e)     the claimant is not entitled to the asserted secured status or other priority;

(f)     the claim has been satisfied in full by a party that is not a Debtor;

(g)     the claim has been waived or withdrawn pursuant to an agreement with the Debtors or the entry of a Court order; or

(h)    the claim is objectionable under section 502(e)(1) of the Bankruptcy Code.[4]

20.    The decision of the Debtors to pursue an objection (individually or on an omnibus basis) with respect to a Proof of Claim will be without prejudice to their right to object on other grounds (individually or on an omnibus basis) to the same Proof of Claim or any other Proof of Claim at a later date.  For the avoidance of doubt, the decision of the Debtors to pursue a purely legal objection (individually or on an omnibus basis) with respect to a Proof of Claim will be without prejudice to the Debtors' right to pursue a fact-based objection (individually or on an omnibus basis) with respect to the same Proof of Claim or any other Proof of Claim at a later date.

21.    The Debtors request that they be permitted to file a single objection on the Permitted Grounds to no more than 500 claims at a time.

22.    The Debtors will comply with Bankruptcy Rule 3007 in all other respects, including that each Omnibus Claims Objection will:

(a)    state in a conspicuous place that claimants receiving the objection should locate their names and claims in the objection;

(b)    list claimants alphabetically, provide a cross-reference to claim numbers, and, if appropriate, list claimants by category of claims;

(c)    include the asserted amount of each claim, the classification of the claim (i.e., unsecured, priority, administrative expense, or secured), and the name of the Debtor(s) against which the claim is asserted;

---

[4] *See* 11 U.S.C. § 502(e)(1) ("Notwithstanding subsections (a), (b), and (c) of this section and paragraph (2) of this subsection, the court shall disallow any claim for reimbursement or contribution of an entity that is liable with the debtor on or has secured the claim of a creditor, to the extent that—(A) such creditor's claim against the estate is disallowed; (B) such claim for reimbursement or contribution is contingent as of the time of allowance or disallowance of such claim for reimbursement or contribution; or (C) such entity asserts a right of subrogation to the rights of such creditor under section 509 of this title.").

(d)     state the grounds of the objection to each claim and provide a cross-reference to the pages in the Omnibus Claims Objection pertinent to the stated grounds;

(e)     state in the title the identity of the objector and the grounds for the objections;

(f)     include the amount, if any, proposed as the allowed amount of each claim and the classification (i.e., unsecured, priority, administrative expense, or secured) the Debtors believe should be afforded to the claim; and

(g)     be numbered consecutively with other Omnibus Claims Objections filed by the same objector.

Fed. R. Bankr. P. 3007(e).

23.     The Bankruptcy Rules also require that a copy of the claim objection, with notice of the hearing, be served on the affected claimant.  Fed. R. Bankr. P. 3007(a)(2).

24.     In an effort to reduce service costs and enable claimants to more readily identify an objection to their claims, the Debtors propose to serve notice of the Omnibus Claims Objection (the "**Omnibus Claims Objection Notice**"), rather than the entire Omnibus Claims Objection, on each of the claimants whose claims are the subject of the applicable Omnibus Claims Objection and, if known, their counsel, substantially in the form attached to the Order as **Exhibit 1**.  The proposed Omnibus Claims Objection Notice will be personalized for each claimant and will include an explanation of the claim objection process, a description of the basis of the Omnibus Claims Objection, information regarding the response deadline and hearing date, and identification of the claim that is the subject of the Omnibus Claims Objection.  The proposed Omnibus Claims Objection Notice is for illustrative purposes only and will be modified to account for the nature of each Omnibus Claims Objection.  In addition, the Omnibus Claims Objection Notice will include information on how the claimant may obtain a copy of the full Omnibus Claims Objection, including (i) electronically on the Court's docket for the

Debtors' Cases with a PACER login and password, (ii) for free on the Debtors' approved claims and noticing agent's website (the "**Case Website**") at https://restructuring.primeclerk.com/purduepharma, or (iii) by calling a designated telephone number to request a hard copy: Toll-Free: (844) 217-0912; International: +1 (347) 859-8093.

25.     Use of the Omnibus Claims Objection Notice will substantially reduce the service costs related to the claim objection process without depriving claimants of any information they would require to understand and respond to any claim objection.  In fact, the Omnibus Claims Objection Notice would provide greater clarity to each claimant as to the existence and basis of any objection and the procedures for responding.  Accordingly, the Debtors request that the Court approve the Debtors' use of the Omnibus Claims Objection Notice.

26.     In addition, to further conserve the resources of the estate, the Debtors seek authorization to limit notice of claim objections to:

(a)     service of a complete copy of each claim objection (whether an omnibus or an individual objection) on the U.S. Trustee and by email to counsel to the Creditors' Committee, the ad hoc committee of governmental and other contingent litigation claimants (the "**Ad Hoc Committee**"), and the multi-state governmental entities group (the "**MSGE Group**");

(b)     with respect to Omnibus Claims Objections, service of a personalized Omnibus Claims Objection Notice on each claimant whose claim is the subject of the applicable Omnibus Claims Objection and its counsel, if known; and

(c)     with respect to individual claim objections, service of a complete copy of each individual objection on the claimant whose claim is the subject of the applicable individual claim objection and its counsel, if known, or, where counsel has appeared for a claimant, a complete copy of each individual claim objection to a claim on the claimant's counsel by email.

A complete copy of each omnibus and individual claim objection will also be filed with this Court in accordance with the *Second Amended Order Establishing Certain Notice, Case Management, and Administrative Procedures*, entered on November 18, 2019 [ECF No. 498]

(the "**Case Management Order**") and made publicly available on the Court's electronic docket, PACER, and the Case Website.  The Debtors submit that no additional service or notice should be required for claim objections.

27.    Bankruptcy Rule 3007 also requires that the parties receive notice of a claim objection and the hearing thereon at least thirty (30) days prior to the hearing on the objection.  It does not specify the period within which a response to the objection (a "**Response**") must be filed.  To further simplify the claim objection process, the Debtors request that the Court establish that Responses to the Debtors' omnibus and specific claim objections shall be due twenty-one (21) calendar days after service of the objection or Omnibus Claims Objection Notice, unless such date falls on a Saturday, Sunday, or federal holiday, in which case Responses will be due on the subsequent business day.[5]  To avoid confusion, the Omnibus Claims Objection Notice and the omnibus and individual claim objections will specify the time and date that Responses are due.

<u>**Omnibus Claims Settlement Procedures**</u>

28.    The Debtors anticipate that a large number of potential claim objections may be settled for relatively small amounts when compared to the overall assets of the Debtors' estates. Absent the relief requested in this Motion, the Debtors would be required to seek Court approval for each individual compromise and settlement of a claim.  It would be far more efficient and cost effective for the Debtors, and for their creditors, if the Court authorized the Debtors to settle certain claims under the terms and conditions below.

---

[5] The Debtors reserve the right to request that the Court impose a shorter response deadline with respect to certain objections, if the circumstances so require.

29.    Pursuant to the proposed Omnibus Claims Settlement Procedures:

(a)    If either (i) the aggregate amount to be allowed for an individual claim (the "**Settlement Amount**") is less than or equal to $500,000, without regard to any unliquidated amounts asserted by such claimant, or (ii) the difference between the Settlement Amount compared to the amount asserted on the Proof of Claim (the "**Claim Difference**") does not exceed $100,000, without regard to any unliquidated amounts asserted by such claimant, the Debtors will submit the proposed settlement to counsel for the Creditors' Committee, the Ad Hoc Committee, and the MSGE Group (collectively, the "**Settlement Review Parties**"), together with (i) the names of the parties with whom the Debtors have settled, (ii) the relevant Proof of Claim numbers, (iii) the types of claims asserted by each such party, (iv) the amounts for which such claims have been settled, and (v) copies of any proposed settlement agreement or other documents supporting the proposed settlement (the "**Settlement Summary**"). Within five (5) business days of receiving the Settlement Summary, or such period of time as is otherwise agreed to by the Debtors and the Settlement Review Parties, the Creditors' Committee, the Ad Hoc Committee and/or the MSGE Group may submit to the Debtors an informal objection to the proposed settlement reflected in the Settlement Summary (such objection shall not be filed on the docket). If there is a timely objection made by the Creditors' Committee, the Ad Hoc Committee, and/or the MSGE Group, the Debtors may (i) renegotiate the settlement and submit a revised Settlement Summary to the Settlement Review Parties, or (ii) file a motion with the Court seeking approval of the settlement pursuant to Bankruptcy Rule 9019 on no less than ten (10) business days' notice. If there is no timely objection made by the Creditors' Committee, the Ad Hoc Committee, or the MSGE Group, or if the Debtors receive written approval from the Settlement Review Parties of the proposed settlement prior to the objection deadline (which approval may be in the form of an email from counsel to the Settlement Review Parties), then the Debtors may proceed with the settlement without prior approval of the Court or any other party in interest.

(b)    If the Settlement Amount is greater than $500,000, and the Claim Difference is greater than $100,000, the Debtors must seek the approval of this Court by way of a motion pursuant to Bankruptcy Rule 9019 on no less than ten (10) business days' notice. The objection deadline to any such motion shall be 4:00 p.m. (prevailing Eastern Time) on the date that is five (5) calendar days before the applicable hearing date.

(c)    The types of claims that may be settled pursuant to these Omnibus Claims Settlement Procedures include: (i) secured claims; (ii) priority claims under section 507(a) of the Bankruptcy Code; and (iii) general unsecured claims.

(d)     The Debtors or their counsel may notify their approved claims and noticing agent, Prime Clerk LLC ("**Prime Clerk**"), of any settlement entered into in accordance with the foregoing procedures, and Prime Clerk shall be authorized and directed to update the claims register accordingly without any further approval of the Court.

### Omnibus Claims Hearing Procedures

30.     As discussed above, as the Debtors review the Proofs of Claim and prepare objections, the Debtors anticipate that they will object to a number of Proofs of Claim on the same or similar Permitted Grounds as proposed above.  In addition, the Debtors anticipate that they will very likely face responses to their objections which will raise the same or similar issues.   Addressing each of these claims and objection responses using traditional claim reconciliation procedures—including full-scale, evidentiary hearings—would substantially burden the Debtors' resources.   As a result, the Debtors believe it would be beneficial to establish certain claims hearing procedures (the "**Omnibus Claims Hearing Procedures**") that have been approved in other chapter 11 cases in this and other districts to promote an orderly and efficient process for resolving the issues raised in the Omnibus Claims Objections.   The Omnibus Claims Hearing Procedures would facilitate consensual resolutions where possible and expedite the resolution of disputes where necessary, all while respecting the due process rights of the claimants, the Debtors, and all other parties in interest.

31.     The key features of the proposed Omnibus Claims Hearing Procedures are as follows:[6]

(a)     The Debtors will schedule the return date for claims objections, omnibus or otherwise, for hearing at periodic omnibus hearings (the "**Omnibus**

---

[6] The key features of the Omnibus Claims Hearing Procedures presented in summary form herein are for informational purposes only and are qualified by the Omnibus Claims Hearing Procedures, as fully set forth in the Order.

**Hearings**") established by the Court pursuant to the Case Management Order or other hearings the Debtors may schedule with the Court.

(b)     Any information submitted in connection with a Proof of Claim shall be part of the record with respect to the relevant claim, and any such information already submitted need not be resubmitted in connection with the Omnibus Claims Hearing Procedures.

(c)     The Court may enter an order at the scheduled hearing sustaining an objection to claims with respect to which no Response is properly filed and served or pursuant to a certificate of no objection in accordance with the Case Management Order.

(d)     The hearing to consider an objection to claims as to which a Response is properly filed and served (each, a "**Contested Claim**") shall be set for a contested hearing (each, an "**Omnibus Claims Hearing**") to be scheduled by the Debtors, in their sole discretion, as set forth herein.  The Debtors shall schedule an Omnibus Claims Hearing for a Contested Claim as follows:

      i)     For a non-evidentiary hearing to address whether the Contested Claim has failed to state a claim against the Debtors which can be allowed and should be dismissed pursuant to Bankruptcy Rule 7012 (a "**Sufficiency Hearing**"), unless the Debtors serve the holder of the claim (the "**Claimant**") with a Notice of Merits Hearing (as defined herein), the Sufficiency Hearing shall go forward at the return date set in accordance with paragraph 31(a) above (or such other date as may be scheduled by the Debtors). The legal standard of review that will be applied by the Court at a Sufficiency Hearing will be equivalent to the standard applied by the Court upon a motion to dismiss for failure to state a claim upon which relief can be granted.

      ii)     For an evidentiary hearing on the merits of a Contested Claim (a "**Merits Hearing**"), the Debtors may, in their sole discretion, serve upon the relevant Claimant (by email or overnight delivery), with a copy to the Creditors' Committee, the Ad Hoc Committee, and the MSGE Group, and file with the Court, a notice substantially in the form attached to the Order as **<u>Exhibit 2</u>** (a "**Notice of Merits Hearing**") at least thirty (30) calendar days prior to the date of such Merits Hearing.  The rules and procedures applicable to such Merits Hearing will be set forth in any scheduling order issued by the Court in connection therewith.

(e)     Discovery with respect to a Contested Claim will not be permitted until either (a) the Court has held a Sufficiency Hearing and determined that the Contested Claim states a claim that could be allowed and should not be

dismissed pursuant to Bankruptcy Rule 7012, or (b) the Debtors have served the relevant Claimant a Notice of Merits Hearing with respect to the Contested Claim.

(f)     The Debtors may file and serve a reply to a Response no later than 4:00 p.m., prevailing Eastern Time, on the day that is two (2) business days prior to the date of the applicable hearing.

(g)     The Debtors, in their sole discretion, are authorized to further adjourn a hearing scheduled in accordance herewith at any time by providing notice to the Court and the Claimant.

**The Omnibus Claims Objection Procedures Are
<u>Appropriate and Should Be Approved by the Court</u>**

32.     Section 502(a) of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Bankruptcy Rule 3001 states that a "proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." *See* Fed. R. Bankr. P. 3001(f). Under section 1111(a) of the Bankruptcy Code, scheduled claims are treated as proofs of claim. *See* 11 U.S.C. § 1111(a) ("A proof of claim . . . is deemed filed under section 501 of this title for any claim . . . that appears in the schedules . . . except a claim . . . that is scheduled as disputed, contingent or unliquidated."). As such, the Debtors must review and reconcile thousands of scheduled and filed Proofs of Claim in these Cases as part of the claims reconciliation process.

33.     Bankruptcy Rule 3007(c) provides that this Court can modify the requirements for filing omnibus objections. In addition, section 105(a) of the Bankruptcy Code provides, in pertinent part, that a bankruptcy court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). Under section 105(a) of the Bankruptcy Code, the Court has expansive equitable power to fashion any order or decree that is in the interest of preserving or protecting the value of

a debtor's assets.  *See, e.g.*, *Chinichian v. Campolongo* (*In re Chinichian*), 784 F.2d 1440, 1443 (9th Cir. 1986) ("Section 105 sets out the power of the bankruptcy court to fashion orders as necessary pursuant to the purposes of the Bankruptcy Code."); *Comm. of Equity Sec. Holders v. Lionel Corp.* (*In re Lionel Corp.*), 722 F.2d 1063, 1069 (2d Cir. 1983) ("[A] bankruptcy judge must have substantial freedom to tailor his orders to meet differing circumstances.").

34.    Authorizing the Debtors to file omnibus objections addressing no more than 500 claims at a time on the Permitted Grounds (including the Additional Permitted Grounds) is an appropriate use of the Court's power under § 105 of the Bankruptcy Code and is consistent with the purpose of Bankruptcy Rule 3007, which is intended to protect the due process rights of creditors while allowing for the efficient administration of large cases.  Furthermore, approving the proposed notice procedures for the Debtors' anticipated Omnibus Claims Objections to Proofs of Claim is an appropriate use of the Court's power under section 105(a) that will help to further reduce costs in connection with the filing of the Debtors' objections and enable the claimants to more readily identify objections to their claims.

35.    The proposed Omnibus Claims Objection Notice will not deprive the claimants of the information needed to understand and respond to any claim objection.  Rather, the proposed Omnibus Claims Objection Notice will provide greater clarity to each claimant as to the existence and basis of any objection and the procedures for responding than the requirements of Rule 3007(e).  Specifically, rather than receiving the actual Omnibus Claims Objection containing hundreds of pages of documentation relating to other claimants, as is permitted under Bankruptcy Rule 3007, the Debtors will serve a notice to each claimant that is subject to the Omnibus Claims Objection identifying the basis of the objection, the required response deadline, and the hearing date.

16

36.     Similar relief has been granted to debtors in other bankruptcies by this Court.  *See
In re Windstream Holdings, Inc.*, No. 19-22312 (RDD) (Bankr. S.D.N.Y. Oct. 10, 2019) (ECF
No. 1141) (authorizing the debtors to file an omnibus claims objection notice, rather than the
entire omnibus claims objection); *In re Sears Holdings Corp.*, No. 18-23538 (RDD) (Bankr.
S.D.N.Y. Apr. 2, 2019) (ECF No. 3014) (same); *In re Lehman Bros. Holdings Inc.*, No. 08-
13555 (JMP) (Bankr. S.D.N.Y. Jan. 14, 2010) (ECF No. 6664) (same); *In re BearingPoint, Inc.*,
No. 09-10691 (REG) (Bankr. S.D.N.Y. Oct. 14, 2009) (ECF No. 1353) (same, provided that the
debtors would provide claimants, and their counsel if known, with a complete copy of the
applicable omnibus claims objection upon request).

37.     Likewise, courts have permitted debtors to file omnibus objections addressing no
more than 500 claims at a time in other so-called "mega case" bankruptcies in this district,
including in mass tort bankruptcies.  *See, e.g.*, *In re Sears Holdings Corp.*, No. 18-23538 (RDD)
(Bankr. S.D.N.Y. Apr. 2, 2019) (ECF No. 3014) (authorizing the debtors to file omnibus
objections to up to 500 claims where the debtors faced more than 8,500 proofs of claim totaling
approximately $53.7 billion); *In re Motors Liquidation Co.*, No. 09-50026 (REG) (Bankr.
S.D.N.Y. July 1, 2010) (ECF No. 6238) (authorizing the debtors to file omnibus objections to up
to 500 claims where the debtors faced more than 70,000 proofs of claim in an amount in excess
of $274 billion); *In re Lehman Bros. Holdings Inc.*, No. 08-13555 (JMP) (Bankr. S.D.N.Y. Jan.
14, 2010) (ECF No. 6664) (authorizing the debtors to file omnibus claims objections to no more
than 500 claims at a time on additional permitted grounds).

## The Omnibus Claims Settlement Procedures Are
## Appropriate and Should Be Approved by the Court

38.     Allowing the Debtors to settle claims in accordance with the Omnibus Claims
Settlement Procedures is an appropriate use of the Court's power under Bankruptcy

Rule 9019(b).  Bankruptcy Rule 9019(b) permits a court, after "a hearing on such notice as the court may direct," to "fix a class or classes of controversies and authorize the trustee to compromise or settle controversies within such class or classes without further hearing or notice."  Fed. R. Bankr. P. 9019(b).

39.    Rule 9019 empowers bankruptcy courts to approve settlements "if they are in the best interests of the estate."  *Vaughn v. Drexel Burnham Lambert Grp., Inc.* (*In re Drexel Burnham Lambert Grp., Inc.*), 134 B.R. 499, 505 (Bankr. S.D.N.Y. 1991); *see also Fischer v. Pereira* (*In re 47-49 Charles St., Inc.*), 209 B.R. 618, 620 (S.D.N.Y. 1997); *Air Line Pilots Ass'n, Int'l v. Am. Nat'l Bank & Tr. Co. of Chi.* (*In re Ionosphere Clubs, Inc.*), 156 B.R. 414, 426 (S.D.N.Y. 1993), *aff'd*, 17 F.3d 600 (2d Cir. 1994).  The settlement need not result in the best possible outcome for the debtor but must not "fall below the lowest point in the range of reasonableness."  *Drexel Burnham Lambert Grp.*, 134 B.R. at 505 (quotation omitted); *see also Cosoff v. Rodman* (*In re W.T. Grant Co.*), 699 F.2d 599, 608 (2d Cir. 1983); *In re Spielfogel*, 211 B.R. 133, 144 (Bankr. E.D.N.Y. 1997).

40.    The Debtors will exercise their reasonable business judgment when negotiating compromises and settlements and will be guided by the factors relevant to a determination of the reasonableness of such settlements, including:

(a)    the probability of success in the litigation;

(b)    the complexity, expense and likely duration of the litigation;

(c)    all other factors relevant to making a full and fair assessment of the wisdom of the proposed compromise; and

(d)    whether the proposed compromise is fair and equitable to the Debtors, their creditors and other interested parties.

*See Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968).  Basic to the process of evaluating proposed settlements is "the need to compare the terms of the compromise with the likely rewards of litigation."  *Id.* at 425.

41.    The proposed Omnibus Claims Settlement Procedures would provide the Debtors with a cost-effective method for resolving claims and allow them to avoid the expense and risk of protracted claim litigation.  On the other hand, a process that required individual pleadings for each proposed settlement, notice of each compromise and settlement to every party in interest, and individual hearings for every claimant would be expensive, cumbersome, and highly inefficient—especially given the number of claims the Debtors believe they may be able to settle for relatively moderate amounts compared with the overall value of their estates.  Furthermore, the proposed Omnibus Claims Settlement Procedures would spare the Debtors' estates the unnecessary administrative costs associated with seeking separate Court approval of each claim settlement.

42.    Additionally, the Debtors submit that the settlements entered into pursuant to the Omnibus Claims Settlement Procedures would meet the standards set forth in *TMT Trailer*. Specifically, no settlement will be agreed upon unless it is reasonable in the judgment of the Debtors, upon their consideration of all the relevant factors, and otherwise satisfies the requirements of types of claims to be settled under the Omnibus Claims Settlement Procedures.

43.    Accordingly, because the Omnibus Claims Settlement Procedures will benefit the Debtors' estates without causing prejudice to any creditor, the requested relief satisfies the requirements of Bankruptcy Rule 9019 and should be granted.

### The Omnibus Claims Hearing Procedures Are
### Appropriate and Should Be Approved by the Court

44.     Finally, the proposed Omnibus Claims Hearing Procedures are also an appropriate use of the Court's power under section 105(a) for the orderly and efficient resolution of the Omnibus Claims Objections.   Under section 105(a) of the Bankruptcy Code, the Court has expansive equitable power to fashion any order or decree that is in the interest of preserving or protecting the value of a debtor's assets.  *See* 11 U.S.C. § 105(a) (providing, in pertinent part, that a bankruptcy court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]"); *Lionel Corp.*, 722 F.2d at 1069 ("[A] bankruptcy judge must have substantial freedom to tailor his orders to meet differing circumstances.").   Moreover, the Court has the "inherent power" to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases."   *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (noting the "power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants").

45.     The use of a Sufficiency Hearing is consistent with the Bankruptcy Rules, which permit bankruptcy courts to hold a summary hearing to rule on the sufficiency of pleadings in support of claims.   As a procedural matter, the Debtors' objection to a claim, omnibus or otherwise, initiates a contested matter, which is governed by Bankruptcy Rule 9014.  *See* Fed. R. Bankr. P. 3007 advisory committee's note to 1983 amendment (explaining that a "contested matter initiated by an objection to a claim is governed by rule 9014").   Bankruptcy Rule 9014(c), in turn, specifically authorizes bankruptcy courts to implement the formal rules used in adversary proceedings for claims objections—including Bankruptcy Rule 7012(b), which incorporates Federal Rule of Civil Procedure 12(b)(6) (dismissal for failure to state a claim) and Rule 12(c)

(judgment on the pleadings).  *See* Fed. R. Bankr. P. 9014(c); 7012(b).  Under these rules, the bankruptcy court is authorized to hold a summary hearing and to rule on claims where a Claimant has failed to make a prima facie case against the Debtors.  Where the Claimant fails to do so, the claim is appropriately disallowed pursuant to Bankruptcy Rule 7012(b).  Sufficiency Hearings comport with these rules and the Court's inherent power to manage its own affairs so as to achieve the orderly and expeditious disposition of these Cases.  Because the Sufficiency Hearings contemplate judgment on the pleadings, the lack of an evidentiary hearing will expedite the disposition of claims that fail to state a claim against the Debtors which can be allowed.

46.    Similar procedures have been authorized in other mega case bankruptcies.  *See, e.g.*, *In re Sears Holding Corp.*, Case No. 18-23538 (RDD) (Bankr. S.D.N.Y. Apr. 2, 2019) (ECF No. 3014) (approving claims hearing procedures that incorporated a sufficiency hearing); *In re Great Atl. & Pac. Tea Co.*, Case No. 15-23007 (RDD) (Bankr. S.D.N.Y. Mar. 22, 2016) (ECF No. 2613) (same); *In re MF Glob. Inc.*, Case No. 11-2790 (MG) (Bankr. S.D.N.Y. Oct. 10, 2013) (ECF No. 7132) (same); *In re Lehman Bros. Holdings Inc.*, Case No. 08-13555 (JMP) (Bankr. S.D.N.Y. Apr. 19, 2010) (ECF No. 8474) (same).

47.    Bankruptcy Rule 9014(c) provides that the Court "shall give the parties notice of any order issued under this paragraph to afford them a reasonable opportunity to comply with the procedures prescribed by the order."  Fed R. Bankr. P. 9014(c).  The Debtors will therefore provide to all claimants who are served an Omnibus Claims Objection Notice a copy of the Omnibus Claims Hearing Procedures as part of the service of the Omnibus Claims Objection Notice.  Each Omnibus Claims Objection Notice will also contain the following language:

> The attached Court-Ordered Claims Hearing Procedures (the "**Omnibus Claims Hearing Procedures**") apply and govern the objection to your Proof(s) of Claim. The Omnibus Claims Hearing Procedures provide for certain mandatory actions by a claimant within certain time periods.

Therefore, please review the Omnibus Claims Hearing Procedures carefully. Failure to comply with the Omnibus Claims Hearing Procedures may result in the disallowance and expungement of a Proof of Claim without further notice to a claimant.

48.     Under these circumstances, the Court can and should enter an order that allows the litigation of each Omnibus Claims Objection and defenses thereto as part of one organized process instead of requiring the Debtors to pursue the objections in strict compliance with Bankruptcy Rule 3007.

## **Reservation of Rights**

49.     Nothing contained herein is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtors, or (ii) a waiver of the Debtors' or any appropriate party in interest's rights to dispute any claim.

## **Notice**

50.     Notice of this Motion will be provided to (a) the entities on the Master Service List (as defined in the Case Management Order and available on the Debtors' Case Website at https://restructuring.primeclerk.com/purduepharma), and (b) any person or entity with a particularized interest in the subject matter of this Motion (together with the entities on the Master Service List, the "**Notice Parties**").  The Debtors respectfully submit that no further notice is required.

## **No Prior Request**

51.     The Debtors have not previously sought the relief requested herein from the Court or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter the proposed form of order, substantially in the form attached hereto, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated:    March 16, 2021
          New York, New York

By:   */s/ Eli J. Vonnegut*_____
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile:  (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
James I. McClammy
Eli J. Vonnegut
Christopher S. Robertson

*Counsel to the Debtors*
*and Debtors in Possession*