UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PURDUE PHARMA L.P., *et al.*, | ) | Case No. 19-23649 (RDD) |
| | ) | |
| Debtors. | ) | |
| | ) | |

**ORDER ESTABLISHING PROCEDURES FOR REMOTE EVIDENTIARY
HEARING ON MARCH 24, 2021, IN CONNECTION WITH
MEDIA INTERVENORS' MOTIONS TO UNSEAL JUDICIAL RECORDS**

The Court having determined that the hearing on the *Motion to Intervene and Unseal Judicial Records by Dow Jones & Company, Inc., Boston Globe Media Partners, LLC, and Reuters News & Media, Inc.* [ECF 2022] and the *Second Motion to Unseal Judicial Records by Dow Jones & Company, Inc., Boston Globe Media Partners, LLC, and Reuters News & Media, Inc.* [ECF 2188], as Contested Matters, are scheduled for an evidentiary hearing on March 24, 2021 (the "Hearing").  Pursuant to Rule 43(a) of the Federal Rules of Civil Procedure, made applicable here by Rule 9017 of the Federal Rules of Bankruptcy Procedure, the current COVID-19 pandemic provides good cause in compelling circumstances to allow this hearing to be conducted remotely through the use of telephonic and video conferencing solutions.  Accordingly, pursuant to this Court's General Order M-543 regarding the COVID-19 pandemic, and after due deliberation, this Court adopts the following virtual hearing procedures which provide appropriate safeguards in relation to the hearing of these Contested Matters.

IT IS HEREBY ORDERED THAT:

1. **Telephonic and Videoconferencing Solutions.**  The Hearing shall take place virtually using both telephonic and videoconferencing solutions as set forth herein.  The Court shall utilize Zoom (for audio and video purposes).  The Zoom link shall be provided by the Court

to the list of persons identified by the Parties as Zoom participants in accordance with Section 3 below. All counsel that participate by Zoom shall participate in appropriate pre-Hearing testing of Zoom as may be required by this Court's IT personnel.

2. **Prior Notice of Intent to Zoom.** The Media Intervenors' counsel shall provide the Court with a list of all (a) attorneys with their address, phone number and email address and their client's name, and (b) witnesses' phone numbers and email addresses, who will participate in the Hearing by Zoom by no later than 12:00 p.m. ET on March 17, 2021. All parties shall promptly cooperate with counsel for the Media Intervenors to provide such information. The Court will circulate the Zoom link to such persons participating by Zoom prior to the Hearing. Only the parties on such list shall be permitted to speak at the Hearing.

Public, non-speaking attendance at the Hearing by Zoom shall be limited to utilizing the dial-in number provided on the designated hearing date of the Judge's Public Hearing Calendar page which can be found on the Court website (www.nysb.uscourts.gov/calendars-0).

3. **Submission of Exhibits to Court.** The Parties shall meet and agree to the admissibility of as many of proposed exhibits proposed to be introduced at the Hearing as they reasonably can. The Parties shall jointly provide the Court with a list and copy of such exhibits to be introduced at the Hearing (the "Joint Exhibit Book") no later than March 23, 2021. Any other exhibit or demonstrative that the Parties may use at the Hearing for any purpose, including for rebuttal or impeachment, that is not included in the Joint Exhibit Book, must also be submitted by the offering Party to the Court and by email to the other Parties in .pdf format, in each case no later than March 23, 2021. The Parties may email the other Parties a secure link to download the exhibits from an FTP or other file-sharing service. Exhibits intended to be used only for impeachment purposes shall be submitted to the Court and by email to the other Parties separately

from all other exhibits in a .pdf folder conspicuously labeled "For Impeachment Purposes Only." They also shall be provided at such time in hard copy to the Remote Witness in a binder so labeled. The Remote Witness shall not review the impeachment exhibits in this binder until he or she is asked about it during their testimony.

4. **Submission of Witness Declarations to the Court.** Counsel for the Raymond Sackler Family filed declarations on penalty of perjury of each witness who is appearing to testify—Garrett Lynam and Frank S. Velluci—on February 7, 2021 [ECF 2360-3 and ECF 2360-4]. The parties shall stipulate to the admissibility of the witnesses' declarations in lieu of direct examination. The witnesses will be available via Zoom for cross examination, confined to the scope of their declarations, and redirect examination, confined to the scope of the cross examination.

5. **Remote Witness Testimony.** Rule 43(a) of the Federal Rules of Civil Procedure, made applicable by Rule 9017 of the Federal Rules of Bankruptcy Procedure, provides that for "good cause in compelling circumstances" a witness may be permitted to testify by contemporaneous transmission from a location other than the courtroom. Having found that good cause in compelling circumstances exist here due to the COVID-19 pandemic, any witness called to testify at the Hearing shall testify by contemporaneous transmission from a different location than the Courtroom ("Remote Witness"). All Remote Witnesses shall be sworn in over Zoom, and such testimony will have the same effect and be binding upon the Remote Witness in the same manner as if such Remote Witness was sworn in by the Court deputy in person in open court at the courthouse.

In the event that there is an error or malfunction with Zoom, the testimony shall proceed by dial-in by using the telephone number provided in the Zoom dial-in invitation or another

number to be provided by the Court if that dial-in number also does not function properly. The Party offering the Remote Witness shall be responsible for ensuring that the Zoom link, and *all exhibits from all Parties* are supplied to the Remote Witness in hard copy prior to, or in the case of impeachment exhibits, at, the Hearing. No person other than counsel may be present in the room from which the Remote Witness will testify during the testimony of the Remote Witness. While the Remote Witness is testifying, he or she may not have in the room from which the Remote Witness will testify any documents except his or her declaration submitted in lieu of direct testimony and all exhibits from all parties submitted to the Court pursuant to Paragraph 4 above and shall not receive any communications from or communicate with anyone except verbally as set forth on the record of the Hearing. Witnesses testifying via Zoom shall utilize the Zoom link only during the time they are testifying. Upon the conclusion of his or her testimony, the witness shall disconnect from the Zoom link.

**6. Courtroom Formalities.** Although being conducted using videoconferencing solutions, the Hearing constitutes a court proceeding, and any recording other than the official court version is prohibited. No Party may record images or sounds from any location. The formalities of a courtroom must be observed. When called to testify, a Remote Witness must situate himself or herself in such a manner as to be able to view the video screen and be seen by the Court.

**7. Retention of Jurisdiction.** This Court retains jurisdiction with respect to all matters arising from or related to this Order.

White Plains, New York
Dated: March 16, 2020

/s/ *Robert D. Drain*
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE