IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>PURDUE PHARMA L.P., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 19-23649 (RDD) |

**OBJECTION OF MEDIA INTERVENORS DOW JONES & COMPANY, INC., BOSTON GLOBE MEDIA PARTNERS, LLC, AND REUTERS NEWS & MEDIA, INC. TO THE MORTIMER D. SACKLER ICSP'S MOTION TO SEAL DOCUMENTS SUBMITTED IN CONNECTION WITH THE LIMITED OBJECTION TO THE MEDIA INTERVENORS' MOTIONS TO UNSEAL JUDICIAL RECORDS**

Dow Jones & Company, Inc., publisher of *The Wall Street Journal* and other publications, including *WSJ Pro Bankruptcy* and Dow Jones Newswires, Boston Globe Media Partners, LLC, publisher of *The Boston Globe* and *STAT*, and Reuters News & Media, Inc. (collectively, the "Media Intervenors"), submit this objection in response to the *Motion to Seal Documents Submitted in Connection with the Limited Objection to the Media Intervenors' Motion to Intervene and Unseal Judicial Records* [ECF 2396] submitted by the Mortimer D. Sackler Initial Covered Sackler Persons ("Side A ICSPs") on February 18, 2021 (the "Sealing Motion").

**Relevant Background**

1. The Media Intervenors filed their first unsealing motion on November 23, 2020,[1] followed by a second unsealing motion on December 22, 2020.[2]

---

[1] *Motion to Intervene and Unseal Judicial Records by Dow Jones & Company, Inc., Boston Globe Media Partners, LLC, and Reuters News & Media, Inc.* [ECF 2022] (the "First Unsealing Motion").

[2] *Second Motion to Unseal Judicial Records by Dow Jones & Company, Inc., Boston Globe Media Partners, LLC, and Reuters News & Media, Inc.* [ECF 2188] (the "Second Unsealing Motion"). The Second Unsealing Motion asked the Court to unseal all sealed and redacted judicial documents filed with the Court after the filing of the Media Intervenors' First Unsealing Motion. *See* Second Unsealing Mot. at 1.

1

2.      Pursuant to a stipulation so ordered by the Court on December 15, 2020,[3] the Official Committee of Unsecured Creditors, Debtors, the Sackler Families, the Non-Consenting States, and the IACs[4] agreed to publicly file the materials that no party asserted should remain under seal in three tranches prior to the January 20, 2021 hearing.  Stip. at 5–8.

3.      During argument on the propriety of continued sealing of the remaining contested documents at the January 20, 2021 hearing, counsel for the Side A ICSPs asserted, for the first time, a "concern about safety" that "we think, require[s] redaction of certain names" in the privilege logs and their addenda (the "Privilege Log Materials").  Jan. 20, 2021 Hr'g Tr. at 118:13–15.

4.      The Court ordered the parties to submit supplemental briefing as to the Privilege Log Materials, requiring the Sackler Families to make a "particularized" showing to justify redaction of the Privilege Log Materials, including by providing "actual court filings that are sought be redacted and a further description of what the concern is in real terms that the Sacklers have with regard to the [Privilege Log Materials]."  *Id.* at 120:13–15, 122:14.

5.      The Side A ICSPs filed a supplemental limited objection[5] on February 7, 2021, in which they objected to the disclosure of the names of "public-facing entities that are ultimately owned in whole or significant part by Side A ICSPs[,]" citing concerns about the potential for vandalism and violence towards the property and employees of said entities.  *See* Side A Opp. at 3; 4–8.  The Side A ICSP opposition was accompanied by a redacted Declaration of Jasmine Ball, as well as six sealed exhibits [ECF 2362].

---

[3] *Stipulation and Agreed Order Regarding Media Intervenors' Motion to Unseal Materials Filed in Connection with UCC Privileges Motions*, ECF 2140 (the "Stipulation" or "Stip.").
[4] As used in the Stipulation, "IACs" refer to the entities represented by Royer Cooper Cohen Braunfeld LLC in these Chapter 11 proceedings as of the date of the Stipulation.
[5] *Mortimer D. Sackler ICSP's Limited Objection to the Media Intervenors' Motion to Intervene and Unseal Judicial Records* [ECF 2361] ("Side A Opp.").

6.      The six sealed exhibits contain public statements directed towards members of the Sackler family in online forums such as Reddit and Twitter. All of the sealed exhibits are quoted, in whole or in part, in the Side A ICSP objections. Side A Opp. at 5.

7.      The Media Intervenors objected to the submission of these filings under seal in their Reply,[6] noting that the Side A ICSPs had not sought leave of the Court to file the materials under seal.

8.      Following a hearing on February 17, 2021, the Court denied the Side A ICSPs' request to redact the names of public-facing entities owned in whole or in part by the Side A ICSPs from Privilege Log Materials. *Order Granting in Part, Denying in Part, and Continuing in Part Media Intervenors' Motions to Unseal Judicial Records* at 3, ECF 2404.

9.      The Side A ICSPs have belatedly moved the Court for an order permanently sealing portions of the Declaration of Jasmine Ball and the entirety of the accompanying exhibits that were improperly filed with the Court under seal, asserting that their availability on the public docket "would create an 'undue risk' of 'unlawful injury' to members of the Sackler [family] resulting from prominently publicizing violent, anti-Semitic rhetoric." Sealing Mot. at 3.

## ARGUMENT

10.      The sealed exhibits and redacted Declaration of Jasmine Ball should be unsealed in their entirety. The exhibits filed with the Court under seal consist of screenshots of statements posted in public, online forums, and the substance of the exhibits are repeated—almost verbatim—in the Side A ICSPs' publicly filed February 7 objections. *See* Side A Opp. at 5. Indeed, the hateful, vitriolic comments are directly quoted extensively in the Side A objections.

---

[6] *Combined Reply of Media Intervenors Dow Jones & Company, Inc., Boston Globe Media Partners, LLC, and Reuters News & Media, Inc. to the Raymond Sackler Family's and Mortimer D. Sackler ICSP's February 7 Objections to the Media Intervenors' Motions to Unseal Judicial Records* [ECF 2384].

3

*See id.* The portions of the exhibits that are not repeated in the Side A's public filings include information such as the dates on which the comments were posted, the screen names or usernames of the commenters, and social media metrics (such as the number of "likes" on a tweet or "upvotes" on a Reddit post).

11. The URLs for the exhibits, which are included in the Declaration of Jasmine Ball, have been redacted in the publicly filed version of the declaration. Decl. of Jasmine Ball at 2–3.

12. The Side A ICSPs posit that "including screen names, images, and graphic language" in the publicly filed documents will convey the hateful language of the comments in a more powerful way. Sealing Mot. at 4. That argument is plainly without merit. None of the redacted screen names are themselves hateful, violent, anti-Semitic, or in any way connected to the Sackler family or Purdue Pharma. And the only images contained in the exhibits are (1) "avatar" images of the users who posted or responded to the quoted comments, (2) a close-up partial image of an Oxycontin bottle, and (3) a partial image of the cover of a book, *Empire of Pain* by journalist Patrick Radden Keefe. It is unclear how any of these images—none of which are graphic or violent—would enhance the comments' negative components.

13. To be clear, again, the hateful language the Side A ICSPs seek to shield from the public eye is quoted extensively by the Side A ICSPs in their publicly filed opposition. *See* Side A Opp. at 5.

14. The Side A ICSPs also assert that redaction of the URLs in the Declaration of Jasmine Ball is proper because their inclusion would create a "clickable gateway" to this material. Sealing Mot. at 4. But it is unclear how including the URL to where the public can view these comments online would have any greater impact than allowing the public to read their

4

contents in a court filing. And, in any event, that is not a basis to redact or seal publicly available information in a court filing.

15. For these reasons, redaction of the Declaration of Jasmine Ball and sealing of the accompanying exhibits are not warranted under either Section 107 of the Bankruptcy Code or the First Amendment to the U.S. Constitution.

## NOTICE

16. All parties in interest receiving electronic notifications of filings in these cases will have been provided with notice of this Objection.

Date:   March 17, 2021

Respectfully submitted,

*/s/ Katie Townsend*
Katie Townsend
THE REPORTERS COMMITTEE FOR
FREEDOM OF THE PRESS
1156 15th St. NW, Suite 1020
Washington, D.C. 20005
Phone: 202.795.9300
Facsimile: 202.795.9310
ktownsend@rcfp.org

*Counsel for Media Intervenors
Dow Jones & Company, Inc.,
Boston Globe Media Partners, LLC,
and Reuters News & Media, Inc.*