**<u>Exhibit B</u>**

**Retention Order**

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | **Chapter 11** |
| **PURDUE PHARMA L.P.**, *et al.*, | **Case No. 19-23649 (RDD)** |
| Debtors.[1] | **Jointly Administered** |

### ORDER GRANTING DEBTORS' APPLICATION FOR AUTHORITY
### TO EMPLOY AND RETAIN DAVIS POLK & WARDWELL LLP AS ATTORNEYS
### FOR THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE

Upon the application (the "**Application**")[2] of Purdue Pharma L.P. and its affiliates that are debtors and debtors in possession in these cases (collectively, the "**Debtors**") for entry of an order, pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016(b) and Local Rules 2014-1 and 2016-1, authorizing the employment and retention of Davis Polk as restructuring counsel for the Debtors *nunc pro tunc* to the Petition Date, pursuant to the terms set forth in the Application and in the Huebner Declaration; and upon the the Huebner Declaration and the Kesselman Declaration; and the Court having jurisdiction to consider the matters raised in the Application pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.), as a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper pursuant to 28 U.S.C.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

§ § 1408 and 1409; and there being due and proper notice of the Application, and it appearing

that no other or further notice need be provided; and upon the limited objection of the United

States Trustee to the Application (the "Objection"); and upon the record of the hearing held by

the Court on the Application on November 19, 2019; and after due deliberation, the Court having

determined that Davis Polk does not hold or represent an adverse interest to the Debtors or their

estates, that it is disinterested under section 101(14) of the Bankruptcy Code, that its retention is

necessary and in the best interests of the estates, and that under the facts of these cases the

Objection should be overruled; and good and sufficient cause appearing,

**IT IS HEREBY ORDERED THAT:**

1.      The Application is granted as set forth herein.

2.      The Debtors are authorized to employ and retain Davis Polk *nunc pro tunc* to the

Petition Date in thes Chapter 11 cases, all as contemplated by the Application and on the terms

provided in the Application, the Huebner Declaration and the Kesselman Declaration, to the

extent that the terms of the Application do not conflict with the terms of this Order.

3.      Davis Polk is authorized to render, inter alia, the following professional services:

   a.  Preparing, on behalf of the Debtors, all necessary or
       appropriate motions, applications, objections, replies,
       answers, orders, reports and other papers in connection
       with the administration of the Debtors' estates;

   b.  Counseling the Debtors with regard to their rights and
       obligations as debtors in possession, and their powers and
       duties in the continued management and operation of their
       businesses and properties;

   c.  Providing advice, representation and preparation of
       necessary documentation and pleadings and taking all
       necessary or appropriate actions in connection with
       statutory bankruptcy issues, strategic transactions, asset
       sale transactions, real estate, intellectual property,
       employee benefits, business and tort commercial and
       governmental litigation and corporate and tax matters;

19-23649-shl    Doc 542-1    Filed 11/25/19    Entered 11/25/19 16:29:23    Main Document
Pg 4 of 5

    d.   Taking all necessary or appropriate actions to protect and preserve the Debtors' estates, including the prosecution of actions on the Debtors' behalf, the defense of any actions commenced against the Debtors, the negotiation of disputes in which the Debtors are involved and the preparation of objections to claims filed against the Debtors' estates;

    e.   Taking all necessary or appropriate actions in connection with any chapter 11 plan, all related disclosure statements and all related documents and such further actions as may be required in connection with the administration of the Debtors' estates; and

    f.   Acting as restructuring counsel for the Debtors and performing all other necessary or appropriate legal services in connection with the Chapter 11 Cases.

4.    Davis Polk shall apply for compensation for its services and reimbursement for any reasonable and necessary expenses and disbursements in accordance with the rates (as may be adjusted from time to time) and disbursement policies as set forth in the Application and the Huebner Declaration and in accordance with sections 330 and 331 of the Bankruptcy Code, as the case may be, and the applicable Bankruptcy Rules, Local Rules and fee and expense guidelines and orders of the Court. Davis Polk shall make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures in connection with the Application and any fee application(s) to be filed by Davis Polk in these Chapter 11 cases.

5.    The balance of the Retainer shall be treated as an evergreen retainer and held by Davis Polk as security throughout the Chapter 11 cases.

6.    Any Bankruptcy Rule (including, but not limited to, Bankruptcy Rule 6004(h)) or Local Rule that might otherwise delay the effectiveness of this Order is hereby waived, and the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

7.      Davis Polk shall provide reasonable notice to the Debtors, the Court, the U.S.

Trustee and any statutory committee appointed in the Chapter 11 Cases of any annual increases

in the rates set forth in the Application.

8.      To the extent that there may be any inconsistency between the terms of the

Application, the Huebner Declaration, the Kesselman Declaration and this Order, the terms of

this Order shall govern.

9.      The Debtors and Davis Polk are authorized to take all such actions as are

necessary or appropriate to implement the terms of this Order.

10.     The Court shall retain jurisdiction to hear and determine all matters arising from

or related to the implementation, interpretation and enforcement of this Order.


Dated:    November 25, 2019
          White Plains, New York



                                    /s/Robert D. Drain
                                    THE HONORABLE ROBERT D. DRAIN
                                    UNITED STATES BANKRUPTCY JUDGE