Hearing Date: April 21, 2021 at 10:00 a.m. (Prevailing Eastern Time)
Objection Deadline: April 12, 2021 at 4:00 p.m. (Prevailing Eastern Time)

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
James I. McClammy
Eli J. Vonnegut
Marc J. Tobak

*Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.**, *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

# NOTICE OF HEARING ON DEBTORS' MOTION FOR ORDER ESTABLISHING CONFIRMATION SCHEDULE AND PROTOCOLS

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

**PLEASE TAKE NOTICE** that on March 18, 2021, the above-captioned debtors and debtors in possession in these proceedings (collectively, the "**Debtors**") filed the *Debtors' Motion for Order Establishing Confirmation Schedule and Protocols* (the "**Motion**").

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Motion will be held on **April 21, 2021** at **10:00 a.m. (prevailing Eastern Time)** (the "**Hearing**") before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, at the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601 (the "**Bankruptcy Court**"), or at such other time as the Bankruptcy Court may determine.

**PLEASE TAKE FURTHER NOTICE** that pursuant to General Order M-543, dated March 20, 2020 (Morris, C.J.) ("**General Order M-543**"), the Hearing will be conducted telephonically.[2] Parties wishing to appear at, or attend, the Hearing must refer to and comply with the Bankruptcy Court's guidelines for telephonic appearances[3] and make arrangements with Court Solutions LLC by telephone at (917) 746-7476.

**PLEASE TAKE FURTHER NOTICE** that the Hearing may be continued or adjourned thereafter from time to time without further notice other than an announcement of the adjourned date or dates at the Hearing or a later hearing. The Debtors will file an agenda before the Hearing, which may modify or supplement the Motion to be heard at the Hearing.

---

[2] A copy of General Order M-543 can be obtained by visiting http://www.nysb.uscourts.gov/news/courtoperations-under-exigent-circumstances-created-covid-19.

[3] The Bankruptcy Court's procedures for telephonic appearances are available at https://www.nysb.uscourts.gov/telephonic-appearances-white-plains.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections (the "**Objections**") to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, shall be filed with the Bankruptcy Court (a) by attorneys practicing in the Bankruptcy Court, including attorneys admitted *pro hac vice*, electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov), and (b) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with the *Second Amended Order Establishing Certain Notice, Case Management, and Administrative Procedures* entered on November 18, 2019 [ECF No. 498], so as to be filed and received no later than **April 12, 2021** at **4:00 p.m. (prevailing Eastern Time)** (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that any objecting parties are required to attend the Hearing and a failure to appear may result in relief being granted upon default; *provided* that objecting parties shall attend the Hearing telephonically so long as General Order M-543 is in effect or unless otherwise ordered by the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE** that if no Objections are timely filed and served with respect to the Motion, the Debtors may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Motion, which order may be entered without further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion may be obtained free of charge by visiting the website of Prime Clerk LLC at https://restructuring.primeclerk.com/purduepharma. You may also obtain copies of any pleadings by visiting the Bankruptcy Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

Dated:   March 18, 2021
         New York, New York

                                      By: /s/ *Marc J. Tobak*
                                      DAVIS POLK & WARDWELL LLP
                                      450 Lexington Avenue
                                      New York, New York 10017
                                      Telephone:   (212) 450-4000
                                      Facsimile:    (212) 701-5800
                                      Marshall S. Huebner
                                      Benjamin S. Kaminetzky
                                      James I. McClammy
                                      Eli J. Vonnegut
                                      Marc J. Tobak

                                      *Counsel to the Debtors*
                                      *and Debtors in Possession*

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone:     (212) 450-4000
Facsimile:     (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
James I. McClammy
Eli J. Vonnegut
Marc J. Tobak

*Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.**, *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[4] | (Jointly Administered) |

# DEBTORS' MOTION FOR ORDER ESTABLISHING
# CONFIRMATION SCHEDULE AND PROTOCOLS

---

[4] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

Purdue Pharma L.P. ("**PPLP**") and its affiliates that are debtors and debtors in possession in these proceedings (collectively, "**Debtors**," "**Company**," or "**Purdue**") hereby submit this motion (the "**Motion**") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), establishing the confirmation schedule and protocols in connection with confirmation of the *Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and Its Affiliated Debtors* (as may be amended, supplemented, or modified, the "**Plan**").[5] In support of the Motion, the Debtors respectfully state as follows:

## Preliminary Statement

1. The Debtors now stand at the threshold of solicitation and confirmation of a proposed Joint Plan of Reorganization. The proposed Plan, if confirmed, will achieve the goal that the Debtors set forth on the very first day of these Chapter 11 Cases: to dedicate the vast majority of the Debtors' assets to abate the opioid crisis and to enable the post-emergence company to offer critical financial resources and lifesaving medicines.

2. A prompt and efficient confirmation process will benefit all parties in interest to these Chapter 11 Cases by preserving the value of the Debtors' estates and providing for the efficient and timely distribution of the value of the estates to abate the opioid crisis. The Plan enjoys broad support from most of the Debtors' significant creditor groups (together with the Debtors, the "**Supporting Parties**"), as detailed in the Disclosure Statement. Nevertheless,

---

[5] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the *Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and Its Affiliated Debtors* (including all exhibits and schedules attached thereto, and as may be amended, altered, modified, or supplemented from time to time) and the *Disclosure Statement for Chapter 11 Plan for Purdue Pharma L.P. and Its Affiliated Debtors* (including all exhibits and schedules attached thereto, and as may be amended, altered, modified, or supplemented from time to time) (the "**Disclosure Statement**"); *provided*, that capitalized terms used herein that are not defined herein or in the Plan, but are defined in the title 11 of the United States Code (the "**Bankruptcy Code**") or the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), shall have the meanings ascribed to such terms in the Bankruptcy Code or the Bankruptcy Rules, as applicable.

given the extraordinary number of proofs of claim filed in this case and the unique nature and complexity of the proposed Plan, the Debtors recognize that some parties in interest may, at least initially, object to the Plan.

3. Accordingly, the Debtors hereby propose a schedule and set of protocols to govern the proceedings (the "**Confirmation Proceedings**") ahead of the confirmation hearing (the "**Confirmation Hearing**"), to supplement the schedule requested in the *Debtors' Motion to Approve the (I) Adequacy of Information in the Disclosure Statement, (II) Solicitation and Voting Procedures, (III) Form of Ballots, Notices and Procedures in Connection Therewith, and (IV) Certain Dates with Respect Thereto* (the "**Disclosure Statement Motion**"). The proposed schedule and protocols are comparable to those that have worked well in other large chapter 11 cases. *See In re Frontier Commc'ns Corp.,* No. 20-22476 (RDD) (Bankr. S.D.N.Y. July 1, 2020) (ECF No. 668); *In re Insys Therapeutics, Inc.*, No. 19-11292 (KG) (Bankr. D. Del. Dec. 4, 2019) (ECF No. 952); *In re Caesars Entm't Operating Co.*, No. 15-01145 (ABG) (Bankr. N.D. Ill. Nov. 17, 2016) (ECF No. 5702); *In re MPM Silicones, LLC*, No. 14-22503 (RDD) (Bankr. S.D.N.Y. June 26, 2014) (ECF. No. 551). The proposed schedule and protocols afford all stakeholders due process and the opportunity to be heard, and provide sufficient time for necessary discovery while recognizing and taking full advantage of the enormous volume of discovery, due diligence and information sharing that has already taken place (at a staggering cost to the estate).

### Jurisdiction and Venue

4. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Rule 7008 of the Bankruptcy Rules, the Debtors consent to entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties,

cannot enter a final order or judgment consistent with Article III of the United States Constitution. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Relief Requested

5. By this Motion, and pursuant to sections 105(a) and 1128 of the Bankruptcy Code, Rules 16 and 26 of the Federal Rules of Civil Procedure (the "**Federal Rules**"), and Bankruptcy Rules 2002, 3016, 3017, 3020, 7026, 9013, 9014, 9006, and 9018, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), establishing the confirmation schedule and protocols contemplated therein to govern the Confirmation Proceedings.

### The Proposed Schedule and Protocols Will Facilitate
### Fair, Orderly, and Efficient Confirmation Process

6. The Debtors have developed a proposed schedule that balances the rights of all parties in interest against the urgent need to bring these cases to a close and to put the assets of the Debtors to work to address the opioid crisis.

7. The chart on the next page sets forth significant dates and deadlines related to the Confirmation Proceedings. In the interest of presenting a single and complete schedule, the chart below includes dates that the Debtors have already requested by the Disclosure Statement Motion (*see* ECF No. 2489). The Debtors now request that the Court set certain other dates, marked with an asterisk, that generally relate to litigation matters such as fact and expert discovery and pretrial exchanges.

| Event | Date |
|---|---|
| Voting Record Date | March 10, 2021 |
| Disclosure Statement Objection Deadline | April 12, 2021 |
| Deadline to File Reply to Disclosure Statement Objections | April 19, 2021 |
| Disclosure Statement Hearing | April 21, 2021 |
| *Deadline to Serve Document Requests | May 5, 2021 |
| *Deadline to Respond to Document Requests | May 12, 2021 |
| *Deadline to Designate Initial Experts | May 19, 2021 |
| Solicitation Deadline | May 19, 2021 |
| *Deadline to Substantially Complete Document Discovery | June 2, 2021 |
| *Deadline to Submit Initial Expert Reports | June 9, 2021 |
| *Deadline to Designate Additional Experts for Rebuttal | June 23, 2021 |
| *Deadline to Submit Rebuttal Expert Reports | June 30, 2021 |
| Plan Supplement Filing Deadline | July 9, 2021 |
| *Deadline to Complete Discovery, including Depositions | July 12, 2021 |
| Voting Deadline | July 14, 2021 |
| Deadline to Serve Contract Notices | July 19, 2021 |
| Rule 3018(a) Motion Filing Deadline | July 19, 2021 |
| Plan Objection Deadline | July 19, 2021 |
| *Deadline to Exchange Initial Witness and Exhibit Lists | July 26, 2021 |
| *Deadline to Exchange Objections to Initial Witness and Exhibit Lists | July 29, 2021 |
| Deadline to File Voting Report | August 2, 2021 |
| Contract Objection Deadline | August 2, 2021 |
| Deadline to File Confirmation Brief and Omnibus Reply to Plan Objections | August 2, 2021 |
| *Deadline to Submit Proposed Virtual Procedures Order | August 2, 2021 |
| *Deadline to Conduct Evidentiary Dispute Resolution | August 4, 2021 |
| *Deadline to Submit Joint Exhibit Book and Joint Witness List, and File Case-in-Chief Witness Declarations | August 4, 2021 |
| *Final Pretrial Conference | August 5, 2021 |
| *Confirmation Hearing | August 9, 2021 |

8.  The proposed schedule for discovery and pretrial exchanges is fair, appropriate and achievable in light of the amount of time and effort the Debtors and other key stakeholders have already invested in these cases—even if somewhat compressed.

Confirmation Discovery

9.  The Debtors recognize the need for reasonable non-duplicative discovery relevant to the Confirmation Proceedings. The Debtors therefore propose procedures that will accomplish any necessary discovery in an organized and efficient manner that builds on, rather

than duplicates, the millions of pages of discovery and diligence information that the Debtors and other parties have produced to date.

10. The centerpiece of the confirmation discovery process will be a centralized collection of documents, the "**Document Reserve for Confirmation**." The Document Reserve for Confirmation will initially include:

- Documents and information relevant to the Plan and plan settlements, which the Debtors will identify, review, and prepare for production;

- Tens of millions of pages of documents and information that the Debtors have previously provided to parties in interest in these cases, including materials that the Debtors have exchanged in diligence, materials the Debtors produced in response to requests from the Creditors' Committee and Non-Consenting States Group, and tens of millions of pages that the Debtors previously produced in the federal multidistrict litigation pending in the U.S. District Court for the Northern District of Ohio and similar civil litigations; and

- Transcripts of depositions of the Debtors' current and former employees, directors, officers, advisors, and related parties taken in the prepetition litigation as well as depositions taken during these Chapter 11 cases.

11. The Debtors will expand the Document Reserve for Confirmation to include their expert disclosure materials upon the exchange of affirmative and rebuttal expert reports under the proposed schedule. Other parties in interest are invited to deposit fact and expert discovery materials into the Document Reserve for Confirmation to streamline non-Debtor discovery in the same fashion.

12. The Document Reserve for Confirmation will be established and populated upon entry of the Proposed Order and the Disclosure Statement Order. The Debtors will give access to any requesting party in interest, provided that the requesting party has executed and agreed to be bound by the Protective Order (ECF No. 1935, as may be amended from time to time) that has governed discovery in these cases for more than a year.

13. The confirmation discovery process will therefore <u>begin</u> with access to many millions of pages of discovery—before even a single discovery request has been issued. Consequently, the Proposed Order provides that any party that propounds a request for additional document or testimonial discovery must (i) represent that the requesting party has conducted a reasonable search of the Document Reserve for Confirmation and believes that the documents, information, or testimony it seeks is not available in the Document Reserve for Confirmation, and (ii) state and explain the basis for the requesting party's good faith belief that the additional discovery it seeks is relevant to the Confirmation Proceedings.

14. Recognizing that discovery disputes may arise, the Debtors also propose an expedited procedure to address and resolve those disputes quickly and efficiently, and without the cost and delay associated with formal discovery motion practice. Through the creation of the Document Reserve for Confirmation, the Debtors' preemptive efforts to produce responsive documents <u>before</u> parties issue requests, and the proposed expedited dispute resolution procedures, the Debtors hope to ensure that the Confirmation Proceedings will not morph into a multi-headed hydra with numerous parties propounding and contesting bespoke but overlapping discovery demands at enormous cost to these estates.

Pretrial Exchanges

15. Once discovery concludes, the parties' focus will turn to briefing confirmation and preparing for the Confirmation Hearing. To ensure that all parties have an understanding of the cadence of pretrial exchanges and can plan accordingly, the Proposed Order provides that the Court set a series of pretrial milestones, including deadlines for exchanges of initial exhibit and witness lists, evidentiary objections, a meet-and-confer procedure to address objections, and

submission of final exhibit lists, affirmative witness declarations, and rebuttal witness declarations.

\* \* \*

16. The relief requested is well within the sound discretion of the Court and its inherent and equitable powers to manage its own docket and establish the timing and scope of discovery. *E.g.*, *Casse v. Key Bank Nat'l Ass'n (In re Casse)*, 198 F.3d 327, 336 (2d Cir. 1999) ("Bankruptcy courts, both through their inherent powers as courts, and through the general grant of power in section 105, are able to police their dockets and afford appropriate relief."); *see also* 11 U.S.C. § 105(a); *In re Elmendorf*, 345 B.R. 486, 503 (Bankr. S.D.N.Y. 2006) (under section 105 (a), "[t]he Court has an inherent right to manage its case docket."); *In re Caesars Entm't Operating Co.*, No. 15-01145 (ABG) (Bankr. N.D. Ill. June 24, 2016) (ECF No. 4151) (granting debtors' motion to approve plan confirmation schedule and related discovery protocols and procedures); *In re MPM Silicones, LLC*, No. 14-22503 (RDD) (Bankr. S.D.N.Y. June 26, 2014) (ECF No. 551) (granting debtors' motion to establish timeline for discovery related to plan confirmation, pursuant to, *inter alia*, the court's "inherent authority to manage its docket"); *In re Truvo USA, LLC*, No. 10-13513 (AJG) (Bankr. S.D.N.Y. Sept. 8, 2010) (ECF No. 206) (same); *In re Adelphia Commc'ns Corp.*, No. 02-41729 (REG) (Bankr. S.D.N.Y. Aug. 4, 2005) (ECF No. 8044) (same).

**No Prior Request**

17. No previous request for the relief sought herein has been made by the Debtors to this Court or any other court.

**Notice**

18. Notice of this Motion will be provided to (a) the entities on the Master Service List (as defined in the *Second Amended Order Establishing Certain Notice, Case Management,*

*and Administrative Procedures* entered on November 18, 2019 [ECF No. 498] and available on the Debtors' restructuring case website at https://restructuring.primeclerk.com/purduepharma) and (b) any person or entity with a particularized interest in the subject matter of this Motion. The Debtors respectfully submit that no further notice is required.

## Conclusion

19.  For all of the foregoing reasons, the Debtors respectfully request that this Court grant the Debtors' Motion, and enter the Proposed Order establishing a schedule and procedure to govern the Confirmation Proceedings.

Dated:  March 18, 2021
        New York, New York

By: /s/ *Marc J. Tobak*
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone:   (212) 450-4000
Facsimile:   (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
James I. McClammy
Eli J. Vonnegut
Marc J. Tobak

*Counsel to the Debtors
and Debtors in Possession*