**TARTER KRINSKY & DROGIN**
*Counsel for the NAS Children Ad Hoc Committee*
1350 Broadway, 11th Floor
New York, NY 10018
Tel: (212) 216-8000
Scott S. Markowitz, Esq.
Rocco A. Cavaliere, Esq.
Michael Z. Brownstein, Esq.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.,* | **Case No. 19-23649 (RDD)** |
| Debtors.[1] | **(Jointly Administered)** |

**THE NAS CHILDREN AD HOC COMMITTEE'S MOTION ENTRY OF ORDER PURSUANT TO 11 U.S.C. §§ 105(A) AND 107(B) AND FED. R. BANKR. P. 9018 AUTHORIZING THE FILING OF CERTAIN INFORMATION AND EXHIBITS UNDER SEAL IN CONNECTION WITH THE REPLY AND SUPPLEMENTAL DECLARATION IN FURTHER SUPPORT OF NAS CHILDREN AD HOC COMMITTEE'S *EX PARTE* MOTION REQUESTING A COURT ORDER AUTHORIZING EXAMINATIONS PURSUANT TO FEDERAL RULES OF <u>BANKRUPTCY PROCEDURE 2004 AND 9006</u>**

The *NAS Children Ad Hoc Committee* ("<u>NAS Children Ad Hoc</u>") respectfully moves this

Court pursuant to sections 107(b) and 105(a) of the Bankruptcy Code, Rule 9018 of the Federal

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 9018-1 for the Southern District of New York grant *the NAS Children Ad Hoc Committee's Motion Entry of Order Pursuant to 11 U.S.C. §§ 105(A), 107(B) And Fed. R. Bankr. P. 9018 Authorizing the Filing of Certain Information and Exhibits Under Seal in Connection with the NAS Children Ad Hoc Committee's Ex Parte Motion Requesting a Court Oder Authorizing Examinations Pursuant to Federal Rules of Bankruptcy Procedure 2004 and 9006.* ("Motion to Seal"). The Motion to Seal seeks entry of an order in the form attached hereto as Exhibit A, for the purpose of redacting certain portions and exhibits in their *Ex Parte Motion Requesting a Court Oder Authorizing Examinations Pursuant to Federal Rules of Bankruptcy Procedure 2004 and 9006* ("the Motion"). The Motion and certain exhibits have been redacted and are attached as Exhibit B, in accordance with Local Bankruptcy Rule 9018-1(b)(5).

**RELIEF REQUESTED**

1.  By this Motion to Seal, the NAS Children Ad Hoc requests the entry of an order, pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Rule 9018 of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 9018-1, authorizing the NAS Children Ad Hoc Committee to file under seal certain information and exhibits containing confidential information and directing that such information and exhibits remain under seal, remain confidential, and not be made available to any third party until the Debtors emerge from bankruptcy or as otherwise set forth by the Third Amended Protective Order [ECF 1935] (the "Protective Order") or other authorization from the Court. In accordance with the Local Bankruptcy Rules and Chambers Rules, the NAS Children Ad Hoc shall provide an un-redacted copy of the Motion and the exhibits it seeks to seal to the Court and the Clerk of Court.

2. The NAS Children Ad Hoc have provided, or will provide as soon as practicable after the filing of the Motion, unredacted copies of the Motion, and the exhibits, to the Official Committee of Unsecured Creditors (the "Committee"), the Ad Hoc Committee of Governmental and Other Contingent Litigation Claimants as set forth in the verified statement pursuant to Federal Rules of Bankruptcy Procedure 2019 [ECF 279], as may be amended from time to time (the "Consenting Ad Hoc Committee"), the Ad Hoc Group of Non-Consenting States as set forth in the verified statement pursuant to Federal Rule of Bankruptcy Procedure 2019 [ECF 296], as may be amended from time to time (the "Ad Hoc Group of Non-Consenting States"), and Purdue Pharma L.P. ("PPLP") and its affiliates that are debtors and debtors in possession in these proceedings (collectively, the "Debtors"), subject to the Protective Order.

The NAS Children Ad Hoc will continue to engage with these constituencies and will provide unredacted copies of the Motion and its exhibits to the advisors of other stakeholders at their request, subject to the Protective Order. The NAS Children Ad Hoc will also provide unredacted copies of the Motion and its exhibits to the United States Trustee for the Southern District of New York (the "U.S. Trustee"), and the NAS Children Ad Hoc will engage with the U.S. Trustee to address any requests for information that the U.S. Trustee may have.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

4. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The statutory predicate for the relief requested herein is sections 105(a) and 107(b) of the Bankruptcy Code. Relief is also warranted under Fed. Bankr. Rule 9018 and Local Bankruptcy Rule 9018-1.

**RELIEF REQUESTED AND REASONS**

6.      Bankruptcy Code section 107(b) provides courts with the power to issue orders that will protect entities from the potential harm resulting form the disclosure of confidential or sensitive information. Specifically, section 107(b) provides that upon the "request of a party in interest," the Court shall "protect an entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b). Bankruptcy Code section 105(a) permits the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code. 11 U.S.C. § 105(a).

7.      Bankruptcy Rule 9018 sets forth the procedure by which a party may move for relief under section 107(b). In particular, Bankruptcy Rule 9018 states that the Court "may make any order which justice requires. . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018. Local Bankruptcy Rule 9018-1 sets out a procedure for obtaining a sealing order by filing a motion to seal. L.B.R. 9018-1.

8.      Based upon these provisions, bankruptcy courts have restricted access to filed documents where parties have demonstrated good cause. *See, e.g. In re MF Glob., Inc.,* 2012 WL 3260393, at *3 (Bankr. S.D.N.Y. Aug. 8, 2012) (granting debtor's motion to file exhibits to a settlement agreement under seal); *In re Borders Group, Inc.*, 462 B.R. 42, 48 (Bankr. S.D.N.Y. 2011) (granting debtor's motion to file a share purchase agreement under seal); *In re 1031 Tax Group., LLC*, 2007 WL 1836525m at *3 (Bankr. S.D.N.Y. June 22, 2007) (granting non-debtor's motion to file exhibit to stipulation and order under seal).

9.      Whether a document falls within the scope of section 107(b) is ultimately the Court's decision. *In re Barney's Inc.*, 201 B.R. 703, 707 (Bankr. S.D.N.Y. 1996). However, if the

Court determines that a party in interest is seeking protection of information that falls within one of the categories protected by section 107(b), "the court is required to protect a requesting interested party and has no discretion to deny the application."" *Video Software Dealers Ass'n v. Orion Pictures Corp. (in re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994).

10. The Protective Order defines "Confidential Information" as discovery material that "constitutes, reflects, discloses, or contains information that is or could be protected from disclosure by law as "[r]esearch, technical, commercial, financial, banking, or investment information that the Producing Party has maintained as confidential. . .proprietary or sensitive busines or commercial information that is not publicly available, or. . .information" that would be entitled to protection via a protective order under the Federal Rules of Civil Procedure and Rules of Bankruptcy Procedure. Protective Order ¶ 8. Discovery material can be designated as Confidential by a Party if done in good faith pursuant to the Protective Order. Protective Order ¶ 35. Each page of each document receiving such a designation will be clearly marked as such. Protective Order ¶ 36.

11. Sufficient cause exists for the Court to grant the requested relief. The language in the Motion and the exhibits at issue contain information that was disclosed as discovery material in this Bankruptcy Proceeding. These disclosures contain confidential information, as defined by the Protective Order. Some of these disclosures have been designated by the Debtors pursuant to the Protective Order. The information at issue is in the form of declaration of expert witnesses that reference confidential information (Motion ¶6-25), internal commercial information that would otherwise not be publicly available (Motion ¶6, 20), and information referencing the nature of the discovery disclosures and related communication between Parties (Motion ¶22). Because the

information contained within these documents constitutes Confidential Information, they are subject to this Court's Protective Order.

12. The NAS Children Ad Hoc respectfully requests that the Court, pursuant to section 107(b) of the Bankruptcy Code, authorize the NAS Children Ad Hoc to redact the confidential information in the Motion and exhibits to comply with the Protective Order and to protect any harm that might occur if this information became public.

13. A redacted copy of the documents sought to be sealed is attached hereto as **Exhibit B**, in accordance with Local Bankruptcy Rule 9018-1(b)(5) for the Southern District of New York and Federal Rule of Civil Procedure 5.2.

14. A proposed order is attached as **Exhibit A**, in accordance with Local Bankruptcy Rule 9018-1(b)(6) for the Southern District of New York.

15. Unredacted versions of the documents are being electronically filed, pursuant to this Court's Protective Order and Local Bankruptcy Rule 9018-1(a).

### NOTICE

16. With regard to confidential information, Bankruptcy Rule 9018 provides that "[o]n motion, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of . . .confidential research, development, or commercial information." Fed. R. Bankr. 9018.

17. No prior request for the relief sought herein has been made by the NAS Children Ad Hoc to this or any other court.

# **CONCLUSION**

**WHEREFORE**, based upon the points and authorities set forth in this motion, the NAS Children Ad Hoc respectfully requests that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: March 19, 2020
       New York, NY

Respectfully submitted,

/s/Scott S. Markowitz

TARTER KRINSKY & DROGIN LLP

Scott S. Markowitz
1350 Broadway, 11th Floor
New York, NY 10018
Telephone: 212-216-8000
Facsimile: 212-216-8001
Email: smarkowitz@tarterkrinsky.com

MARTZELL, BICKFORD & CENTOLA

Scott R. Bickford (LA 1165)
Spencer R. Doody (LA 27795)
338 Lafayette Street
New Orleans, LA 70130
Telephone: 504-581-9065
Facsimile: 504-581-7635
sbickford@mbfirm.com
srd@mbfirm.com
usdcndoh@mbfirm.com

CREADORE LAW FIRM PC

450 Seventh Avenue, 14th Floor
New York, NY 10123
Telephone: 212.355.7200
Donald Creadore, Esq. (NY 2090702)
donald@creadorelawfirm.com