UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PURDUE PHARMA L.P., *et al.*, | ) | Case No. 19-23649 (RDD) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |

## AMENDED STIPULATION AND AGREED ORDER REGARDING EXHIBITS FOR USE AT HEARING ON PRIVILEGE MOTIONS

The Official Committee of Unsecured Creditors (the "Official Committee") appointed in the chapter 11 cases (the "Chapter 11 Cases") of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), and the Sacklers,[2] by and through their undersigned counsel, hereby stipulate and agree as set forth below in this amended stipulation and agreed order (the "Amended Stipulation and Agreed Order"). As used herein, the term "Parties" refers collectively to the Official Committee and the Sacklers.

### Recitals

A. On September 28, 2020, the Parties and the Debtors entered into, and the Court so-ordered, the *Amended Stipulation and Agreed Order Regarding Discovery Deadlines and Briefing Scheduling in the Chapter 11 Cases* [ECF No. 1734] (the "Original Stipulation"). The Original

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014).

[2] As used herein, the term "Sacklers" refers collectively to the Raymond Custodians and the M-ICSPs, as defined in the *Amended Stipulation and Agreed Order Regarding Discovery Deadlines and Briefing Scheduling in the Chapter 11 Cases* [ECF No. 1734].

Stipulation provided for, among other things, a briefing schedule for two separate motions (collectively, the "Privilege Motions") to compel production of documents or otherwise challenge claims of privilege or similar doctrines asserted by the Debtors and the Sacklers. The Original Stipulation provided that the hearing on the Privilege Motions (the "Hearing") would occur on October 28, 2020.

  B.  On September 30, 2020, the Official Committee filed the Privilege Motions.[3]

  C.  On October 14 and 15, 2020, the Sacklers and the Debtors filed their responses.[4] Concurrent with filing their responses to the Privilege Motions, the Debtors also filed a cross-motion for a protective order (the "Debtors' Cross-Motion").

  D.  On October 23, 2020, the Official Committee, the Debtors and the Sacklers entered into, and on October 26, 2020, the Court so-ordered, a stipulation (the "Amended Stipulation") amending the briefing schedule with respect to the Privilege Motions.[5] Pursuant to the Amended Stipulation, the Hearing was adjourned from October 28, 2020 to November 17, 2020, and the Sacklers were provided with the opportunity to submit sur-replies in support of any objections to the Privilege Motions.

---

[3] *See The Official Committee of Unsecured Creditors' Motion to Compel Production of Purportedly Privileged Documents, or for* In Camera *Review, Based on Failure of the Sacklers and the Debtors to Demonstrate Documents Identified on Logs are Privileged* [ECF No. 1752]; *The Official Committee of Unsecured Creditors' Motion to Compel Production of Purportedly Privileged Documents, or for* In Camera *Review, Based on Good Cause, Crime Fraud and At Issue Exceptions to Claims of Privilege* [ECF No. 1753].

[4] *See Debtors' Omnibus Objection to the Official Committee's Motions to Compel Production of the Debtors' Privileged Documents and Cross-Motion for a Protective Order* [ECF No. 1808]; *Objection of Mortimer Sackler Initial Covered Sackler Persons to the Official Committee of Unsecured Creditors' Motion to Compel Production of Purportedly Privileged Documents, or for In Camera Review, Based on Failure of the Sacklers and the Debtors to Demonstrate Documents Identified on Logs are Privileged* [ECF No. 1804]; *Objection of Mortimer Sackler Initial Covered Sackler Persons to the Official Committee of Unsecured Creditors' Motion to Compel Production of Purportedly Privileged Documents, or for* In Camera *Review, Based on Good Cause, Crime Fraud, and At Issue Exceptions to Claims of Privilege* [ECF No. 1806]; *Amended Raymond Sackler Family's Opposition to the Official Committee of Unsecured Creditors' Exceptions Motion* [ECF No. 1815]; *Amended Raymond Sackler Family's Opposition to the Official Committee of Unsecured Creditors' General Challenges Motion* [ECF No. 1816].

[5] *See Stipulation and Agreed Order Regarding Amended Briefing Schedule in the Chapter 11 Cases* [ECF No. 1848].

E. On November 6, 2020, the Official Committee and the Debtors reached an agreement regarding the Privilege Motions as between the Official Committee and the Debtors.[6] In connection with such agreement, the Hearing, solely with regard to the Sacklers, was adjourned from November 17, 2020 to December 15, 2020. On November 15, 2020, the Official Committee and the Debtors entered into and filed a stipulation of settlement formally resolving the Privilege Motions as between the Official Committee and the Debtors.

F. On November 18, 2020, pursuant to the Amended Stipulation, the Official Committee filed replies in support of the Privilege Motions (the "Replies"),[7] and the Ad Hoc Group of Non-Consenting States filed a statement in support of the Privilege Motions (the "Statement").[8]

G. On December 9, 2020, pursuant to the Amended Stipulation, the Sacklers filed sur-replies regarding the Privilege Motions (the "Sur-replies").[9]

H. The Hearing was thereafter adjourned several times to a date no earlier than March 1, 2021.[10] The Official Committee has since determined that it will not seek to schedule the Hearing for a date earlier than April 21, 2021.

---

[6] *See Notice of Agreement Between Debtors and Official Committee of Unsecured Creditors Regarding Privilege Motions and Adjournment of Hearing with Respect to Remaining Privilege Disputes as to the Sacklers* [ECF No. 1908].

[7] The Replies are: (i) *Official Committee of Unsecured Creditors' Reply in Support of Motion to Compel Production of Purportedly Privileged Documents, or for In Camera Review, Based on Failure of the Sacklers to Demonstrate Documents Identified on Logs are Privileged* [ECF No. 2013], and (ii) *Official Committee of Unsecured Creditors' Reply in Support of its Motion to Compel Production of Purportedly Privileged Documents, or for In Camera Review, Based on Good Cause, Crime Fraud, and at Issue Exceptions to Claims of Privilege* [ECF No. 2014].

[8] The Statement is *The Ad Hoc Group of Non-Consenting States' Statement in Support of the Official Committee of Unsecured Creditors' Motions to Compel Production of Purportedly Privileged Documents or for In Camera Review* [ECF No. 2012].

[9] The Sur-replies are: (i) *Sur-reply Memorandum of Objection of Mortimer Sackler Initial Covered Sackler Persons to the Official Committee of Unsecured Creditors' Motion to Compel Production of Purportedly Privileged Documents, or for* In Camera *Review, Based on Good Cause, Crime Fraud, and At Issue Exceptions to Claims of Privilege* [ECF No. 2095], and (ii) *The Raymond Sackler Family's Surreply in Further Support of its Opposition to the Official Committee of Unsecured Creditors' Exceptions Motion* [ECF No. 2093].

[10] *See Notice of Adjournment of Hearing on Privilege Disputes* [ECF No. 2291].

3

I.      On February 19, 2021, the Parties entered into, and on February 22, 2021, the Court so-ordered a stipulation ("Original Stipulation and Agreed Order") that established certain deadlines and procedures for filing and using at the Hearing certain material not filed in connection with their previous written submissions.[11]

J.      The Official Committee has recently received and/or expects to receive certain additional productions from the Debtors, Norton Rose Fulbright, and the IACs, and wishes to extend the schedule to incorporate documents from those productions. Accordingly, the Official Committee wishes to amend the schedule in the Original Stipulation and Agreed Order, and the Sacklers do not object to the Official Committee's request to extend the schedule.

**NOW, THEREFORE, IT IS HEREBY STIPULATED, AGREED AND ORDERED AS FOLLOWS:**

1.      On March 3, 2021, each Party provided to the other Parties an initial list of any documents (the "Initial Proposed Exhibits"), which such Party may use in connection with the Privilege Motions, that were not filed in connection with any previous submissions on the Privilege Motions.

2.      No later than 11:00 a.m. (Prevailing Eastern Time) on March 29, 2021, each Party shall: (i) provide to the other Parties any objection such Party intends to assert to the use of the Initial Proposed Exhibits in connection with the Privilege Motions; and (ii) identify to the other Parties any documents (the "Additional Proposed Exhibits" and, together with the Initial Proposed Exhibits, the "Proposed Exhibits"), which such Party may use in connection with the Privilege Motions, and that were not filed in connection with any previous submissions on the Privilege Motions.

---

[11] *See Stipulation and Agreed Order Regarding Exhibits for Use at Hearing on Privilege Motions* [ECF No. 2405].

4

3. No later than 11:00 a.m. (Prevailing Eastern Time) on April 5, 2021, each Party shall provide to the other Parties any objection such Party intends to assert to the use of the Additional Proposed Exhibits in connection with the Privilege Motions.

4. Promptly after any objections are asserted pursuant to paragraph 2 or 3 above, the Parties shall meet and confer in good faith in an attempt to resolve such objections.

5. No later than 11:00 a.m. (Prevailing Eastern Time) on April 9, 2021, each Party may provide to the other Parties all redactions, if any, such Party proposes to apply to any Proposed Exhibit, including transparent redactions reflecting the specific material proposed to be redacted. The Official Committee will seek in good faith to work with the Debtors, Norton Rose Fulbright, and the IACs to address any redactions those parties would propose.

6. No later than 5:00 p.m. (Prevailing Eastern Time) on April 12, 2021, each Party shall file with the Court a declaration of counsel: (i) attaching the Proposed Exhibits, if any, such Party intends to use in connection with the Privilege Motions and (ii) identifying any Proposed Exhibits that are subject to unresolved objections. Such declarations shall not contain any substantive argument or reply.

7. On the date that is three calendar [**business   RDD]** days before the Hearing, or on the next weekday thereafter if such date is not a business day, the Official Committee shall provide the Court with courtesy copies of all pleadings and exhibits related to the Privilege Motions, including any additional declarations or Proposed Exhibits filed pursuant to this Stipulation and Agreed Order.

8. The Parties agree that the use of a Proposed Exhibit in connection with the Privilege Motions shall not prejudice any Party's ability to object to the admissibility of such document at any hearing, trial or other proceeding other than in connection with the Privilege Motions.

[*The remainder of this page has been left blank intentionally.*]

**STIPULATED AND AGREED:**

Dated: March 19, 2021
      New York, New York

/s/   Mitchell Hurley

AKIN GUMP STRAUSS HAUER & FELD LLP

Ira Dizengoff
Arik Preis
Mitchell Hurley
Joseph L. Sorkin
Sara L. Brauner
One Bryant Park
Bank of America Tower
New York, New York 10036
Telephone: (212) 872-1000

*Counsel to the Official Committee of Unsecured Creditors*

/s/   Mara Leventhal

MILBANK LLP
Gerard Uzzi
Alexander B. Lees
55 Hudson Yards
New York, NY 10001
Telephone: (212) 530-5000

JOSEPH HAGE AARONSON LLC
Gregory P. Joseph
Mara Leventhal
485 Lexington Avenue, 30th Floor
New York, New York 10017
New York, NY 10017
Telephone: (212) 407-1200

*Counsel to the Raymond Side Covered Parties*

/s/   Jasmine Ball

DEBEVOISE & PLIMPTON LLP
Harold W. Williford
Jasmine Ball
M. Natasha Labovitz
Maura Kathleen Monaghan
Jeffery J. Rosen
919 Third Avenue
New York, NY 10022
Telephone: (212) 909-6000

*Counsel to the Mortimer Side Covered Parties*

**SO ORDERED, with the change to paragraph 7 hereof:**

Dated:  White Plains, New York
      March 22, 2021

      /s/Robert D. Drain
      HONORABLE ROBERT D. DRAIN
      UNITED STATES BANKRUPTCY JUDGE