Hearing Date and Time: April 21, 2021, at 10:00 a.m. (prevailing Eastern Time)<br>
Objection Date and Time: April 14, 2021, at 4:00 p.m. (prevailing Eastern Time)

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Eli J. Vonnegut
Christopher S. Robertson

*Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

**NOTICE OF HEARING ON DEBTORS' MOTION TO ENTER INTO TERM SHEET
WITH AND PAY CERTAIN FEES AND EXPENSES OF THE MULTI-STATE
GOVERNMENTAL ENTITIES GROUP**

**PLEASE TAKE NOTICE** that on March 31, 2021, the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") filed the *Debtors' Motion to Enter into Term Sheet with and Pay Certain Fees and Expenses of the Multi-State Governmental Entities Group*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

(the "**Motion**"). A hearing on the Motion will be held on **April 21, 2021 at 10:00 a.m. (Prevailing Eastern Time)** (the "**Hearing**") before the Honorable Judge Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, at the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601 (the "**Bankruptcy Court**"), or at such other time as the Bankruptcy Court may determine; *provided* that, pursuant to General Order M-543, dated March 20, 2020 (Morris, C.J.) ("**General Order M-543**"), such Hearing shall be conducted **telephonically** so long as General Order M-543 is in effect or unless otherwise ordered by the Bankruptcy Court.[2]

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion may be obtained free of charge by visiting the website of Prime Clerk LLC at https://restructuring.primeclerk.com/purduepharma. You may also obtain copies of any pleadings by visiting the Bankruptcy Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

**PLEASE TAKE FURTHER NOTICE** that parties wishing to appear at, or attend, the Hearing must refer to and comply with the Bankruptcy Court's guidelines for telephonic appearances[3] and make arrangements through CourtSolutions LLC by telephone at (917) 746-7476 or online at www.court-solutions.com. Instructions to register for CourtSolutions LLC are attached to General Order M-543.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the Motion

---

[2] A copy of General Order M-543 can be obtained by visiting http://www.nysb.uscourts.gov/news/court-operations-under-exigent-circumstances-created-covid-19.
[3] The Bankruptcy Court's procedures for telephonic appearances are available at: http://www.nysb.uscourts.gov/telephonic-appearances-white-plains.

2

shall be in writing, shall comply with the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, shall be filed with the Bankruptcy Court (a) by attorneys practicing in the Bankruptcy Court, including attorneys admitted *pro hac vice*, electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov), and (b) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with General Order M-399 and the *Amended Order Establishing Certain Notice, Case Management, and Administrative Procedures* entered on November 18, 2019 [ECF No. 498], so as to be filed and received no later than **April 14, 2021 at 4:00 p.m. (Prevailing Eastern Time)** (the "**Objection Deadline**").

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing and a failure to appear may result in relief being granted upon default; *provided* that objecting parties shall attend the Hearing **telephonically** so long as General Order M-543 is in effect or unless otherwise ordered by the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE** that if no Objections are timely filed and served with respect to the Motion, the Debtors may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Motion, which order may be entered without further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that the Hearing may be continued or adjourned thereafter from time to time without further notice other than an announcement of the adjourned date or dates at the Hearing or a later hearing.  The Debtors will file an agenda before the Hearing, which may modify or supplement the motions to be heard at the Hearing.

Dated:  March 31, 2021
        New York, New York

                          DAVIS POLK & WARDWELL LLP

                          By:  */s/ Eli J. Vonnegut*

                          450 Lexington Avenue
                          New York, New York 10017
                          Telephone: (212) 450-4000
                          Facsimile:  (212) 701-5800
                          Marshall S. Huebner
                          Benjamin S. Kaminetzky
                          Eli J. Vonnegut
                          Christopher S. Robertson

                          *Counsel to the Debtors*
                          *and Debtors in Possession*

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Eli J. Vonnegut
Christopher S. Robertson

*Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.,** *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

**DEBTORS' MOTION TO ENTER INTO TERM SHEET WITH AND PAY CERTAIN FEES AND EXPENSES OF THE MULTI-STATE GOVERNMENTAL ENTITIES GROUP**

Purdue Pharma L.P. ("**PPLP**") and its affiliates that are debtors and debtors in possession (collectively, the "**Debtors**," the "**Company**" or "**Purdue**") in these proceedings (the "**Cases**") hereby file this motion (this "**Motion**") seeking entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Order**"), authorizing the Debtors to enter into a term sheet with and pay certain fees and expenses of the Multi-State Governmental Entities Group, as described in that

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

certain *Second Amended Verified Statement of the Multi-State Governmental Entities Group Pursuant to Rule 2019 of the Federal Rules of Bankruptcy Procedure* [ECF No. 1794], as amended from time to time (the "**MSGE Group**"). In further support of this Motion, the Debtors respectfully represent as follows:

### Preliminary Statement

1.  Shortly before the commencement of these Cases, after more than a year of intense and arduous negotiations, the Debtors, the Debtors' ultimate shareholders (including trusts, beneficiaries, companies, affiliates, family members and any similar related parties, together, the "**Shareholder Parties**"), and a critical mass of plaintiff constituencies reached an agreement in principle on the structure of a global resolution of claims relating to the Debtors' opioid business (the "**Settlement Framework**"). On October 7, 2019, the Debtors, the Ad Hoc Committee of Governmental and Other Contingent Litigation Claimants[2] (the "**Ad Hoc Committee**") and the Shareholder Parties agreed to, and the Debtors filed, a Summary Term Sheet (the "**AHC Term Sheet**") [ECF No. 257] memorializing the salient terms of the Settlement Framework.

2.  The Settlement Framework, however, was far from a final agreement and did not enjoy the support of a number of key parties, including the MSGE Group. The MSGE Group is the only ad hoc group that represents a substantial cross-section of the Debtors' non-federal, non-state public creditors, consisting of approximately 1,317 members, including 1,245 cities, counties and other governmental entities, 9 tribal nations, 13 hospital districts, 16 independent public school districts, 32 medical groups, and 2 funds across 38 states and territories.[3]

---

[2] As described in that certain *Verified Statement Pursuant to Bankruptcy Rule 2019* [ECF No. 279], as amended from time to time.

[3] *See Second Amended Verified Statement of the Multi-State Governmental Entities Group Pursuant to Rule 2019 of the Federal Rules of Bankruptcy Procedure* [ECF No. 1794].

3.    At the Debtors' "first-day hearing," the MSGE Group indicated that, with respect to the Settlement Framework, the MSGE Group was "neither in the objector camp right now or in the support camp" but was committed to "working with the debtors and the current other ad hoc groups to figure out the best step forward."[4] The Bankruptcy Court appropriately referred to the MSGE Group as the (then) "on the fence committee."[5]

4.    The Debtors and their key stakeholders have worked tirelessly for over a year to negotiate improved settlement terms with the Shareholder Parties that could be supported by a greater number of significant creditors and to address other issues raised but not resolved in the AHC Term Sheet, including the allocation of the value of the Debtors' estates and the structure and governance of the Debtors' post-emergence pharmaceutical business. The MSGE Group actively and productively participated in all aspects of these negotiations on an informed basis, having received and reviewed substantial amounts of information produced by the Debtors and the Shareholder Parties (the "**Discovery Material**") under the *Third Amended Protective Order* [ECF No. 1935].

5.    On March 15, 2021, the Debtors filed the *Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and Its Affiliated Debtors* (the "**Plan**") [ECF No. 2487], which embodies a substantially improved settlement with the Shareholder Parties and the multitude of other critical agreements and settlements that have been reached in the Cases. Among other things, the Plan provides that the non-federal public creditors (including those represented by the MSGE Group) will receive the residual value available from the Debtors' estates and will dedicate all value received exclusively to programs designed to abate the opioid crisis. The MSGE Group has made

---

[4] *See* Hr'g Tr. 68:1-13 (September 17, 2019) (quotation modified to correct spelling).

[5] *See* Hr'g Tr. 162:22 (September 17, 2019).

the informed decision to support the Plan, including the enhanced settlement with the Shareholder Parties, and wishes to execute a term sheet with the Debtors (the "**MSGE Term Sheet**") memorializing its commitment to support the Plan and to assist the Debtors in finalizing the many ancillary agreements relating to the Plan and building support for the Plan.

6. The MSGE Group's decision to move off the fence and to commit to supporting the Plan is a material step towards a successful resolution of these cases. The Debtors believe that the agreement memorialized in the MSGE Term Sheet will streamline the path towards timely confirmation of the Plan. In addition, the Debtors believe that entry into the MSGE Term Sheet will assist in strengthening public creditor support for the Plan.

7. The MSGE Term Sheet provides that the Debtors will reimburse the reasonable and documented fees and expenses of Caplin & Drysdale, Chartered ("**MSGE Counsel**") in accordance with the terms thereof. The Debtors believe that the MSGE Group has contributed and will continue to contribute substantially to the finalization and success of the Plan, and that it is in the best interest of the Debtors' estates that the MSGE Group and MSGE Counsel continue to dedicate the time and resources necessary to help advance these cases to confirmation.

8. Moreover, the Ad Hoc Committee supports the relief sought herein.

**Jurisdiction and Venue**

9. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), the Debtors consent to entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article

4

III of the United States Constitution.  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Background

10. On September 15, 2019 (the "**Petition Date**"), each Debtor commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Debtors' Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

11. On September 26, 2019, the Office of the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed a statutory committee of unsecured creditors (the "**Creditors' Committee**").  No trustee or examiner has been appointed in these Cases.

12. Information about the Debtors' businesses and the events leading up to the Petition Date can be found in the *Debtors' Informational Brief* filed on September 16, 2019 [ECF No. 17].

### Relief Requested

13. By this Motion, and pursuant to Bankruptcy Code sections 105(a) and 363(b), Bankruptcy Rule 6004, and Rule 9013-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A**, (a) authorizing the Debtors to enter into the MSGE Term Sheet, attached hereto as **Exhibit B**, and (b) authorizing, but not directing, the Debtors to pay the reasonable and documented fees and expenses of MSGE Counsel in accordance with the procedures with respect to authorization of payment of the fees and expenses of the professionals

5

of the Debtors and the Creditors' Committee set forth in the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals* [ECF No. 529].

## Basis for Relief

A. **Section 363(b) of the Bankruptcy Code Justifies the Debtors' Entry into the MSGE Term Sheet and Payment of the Reasonable and Documented Fees and Expenses of MSGE Counsel.**

14. The Debtors decision to seek authority to enter into the MSGE Term Sheet and pay the reasonable and documented fees and expenses of MSGE Counsel pursuant thereto is a reasonable and sound exercise of their business judgment under Bankruptcy Code section 363(b). Bankruptcy Code section 363(b)(1) empowers the Court to authorize a debtor to "use, sell, or lease, other than in the ordinary course of business, property of the estate." To approve the use of estate property under section 363(b)(1) of the Bankruptcy Code, the Second Circuit requires a debtor to show that the decision to use the property outside of the ordinary course of business was based on the debtor's sound business judgment in light of "all salient factors" relating to the bankruptcy case. *Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1070-71 (2d Cir. 1983) ("The rule we adopt requires that a judge determining a § 363(b) application expressly find from the evidence presented before him at the hearing a good business reason to grant such an application."); *In re Ionosphere Clubs, Inc.*, 100 B.R. 670, 675 (Bankr. S.D.N.Y. 1989); *see also In re MF Global Inc.*, 467 B.R. 726, 730 (Bankr. S.D.N.Y. 2012) ("Although not specified by section 363, the Second Circuit requires that transactions under section 363 be based on the sound business judgment of the debtor or trustee.").

15. This Court and other courts have approved the payment of professional fees of unsecured creditors pursuant to section 363(b) under similar circumstances. *In re Purdue Pharma L.P.*, Case No. 19-23649 (RDD) (Bankr. S.D.N.Y. Dec. 2, 2019) (approving payment of the fees and expenses of the Ad Hoc Committee); *In re AMR Corp.*, No. 11-15463 (SHL) (Bankr. S.D.N.Y.

6

Sept. 21, 2012) [ECF No. 4652] (approving payment of an ad hoc group of unsecured creditors' professional fees pursuant to a fee letter approved under section 363(b)); *In re ASARCO, L.L.C.*, 650 F.3d 593 (5th Cir. 2011) (affirming the ruling of the district court and bankruptcy court to approve payment of bidders' due diligence and work fees requested pursuant to section 363); *U.S. Trustee v. Bethlehem Steel Corp.*, Case No. 02 Civ. 2854 (MBM), 2003 WL 21738964, at *10 (S.D.N.Y. July 28, 2003) (affirming bankruptcy court's approval of reimbursement of creditors' counsel's costs and expenses pursuant to sections 363(b) and 105(a)).

16. As described above, a sound business purpose clearly exists for the Debtors' entry into the MSGE Term Sheet and payment of the fees and expenses of MSGE Counsel as described herein. The Debtors recognize that the Plan will need to enjoy broad support from the Debtors' creditors, and in particular the creditors that have agreed to act as the residual claimants in these cases and to dedicate all of the value they receive to abatement efforts. The MSGE Group's agreement to support the Plan is thus a major step towards putting the Debtors' assets to work abating the opioid crisis.

17. Accordingly, the Debtors submit that the requested relief is appropriate and in the best interests of all stakeholders.

## Notice

18. Notice of this Motion will be provided as to: (a) the entities on the Master Service List (as defined in the Case Management Order and available on the Debtors' case website at https://restructuring.primeclerk.com/purduepharma) and (b) any person or entity with a particularized interest in the subject matter of this motion. The Debtors respectfully submit that no further notice is required.

**No Previous Request**

19. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

Dated:  March 31, 2021
        New York, New York

By:  */s/ Eli J. Vonnegut*
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile:  (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Eli J. Vonnegut
Christopher S. Robertson

*Counsel to the Debtors
and Debtors in Possession*