## Exhibit A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.**, *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

## ORDER AUTHORIZING THE DEBTORS TO ENTER INTO TERM SHEET WITH AND PAY CERTAIN FEES AND EXPENSES OF THE MUTLI-STATE GOVERNMENTAL ENTITIES GROUP

Upon the motion (the "**Motion**")[2] of Purdue Pharma L.P. and its affiliates that are debtors

and debtors in possession in these cases (collectively, the "**Debtors**"), pursuant to sections 105(a)

and 363(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), for an order (this

"**Order**") (a) authorizing the Debtors to enter into the MSGE Term Sheet, attached to the Motion

as **Exhibit B**, and (b) authorizing but not directing the Debtors to pay the reasonable and

documented fees and expenses of MSGE Counsel (as defined in the Motion) as more fully set forth

in the Motion; and the Court having jurisdiction to decide the Motion and the relief requested

therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order

of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and

the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Motion having been provided; such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having held a hearing to consider the relief requested in the Motion on April 21, 2021 (the "**Hearing**"); and upon the record of the Hearing, and upon all of the proceedings had before the Court; and after due deliberation the Court having determined that the legal and factual bases set forth in the Motion establish good and sufficient cause for the relief granted herein; and is in the best interests of the Debtors, their estates, their creditors and all parties in interest,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted to the extent set forth herein.

2.      The Debtors are authorized to perform any and all obligations under the MSGE Term Sheet pursuant to section 363 of the Bankruptcy Code.

3.      The Debtors are authorized to enter into amendments to the MSGE Term Sheet, from time to time as necessary, subject to the terms and conditions in the MSGE Term Sheet and without further order of the Court.

4.      The Debtors are authorized, but not directed, to reimburse the reasonable and documented fees and expenses of MSGE Counsel as set forth in paragraph 1 of the MSGE Term Sheet in accordance with the terms and conditions of the MSGE Term Sheet and this Order; *provided* that, for the avoidance of doubt, the Debtors shall have no obligation to pay any fees, expenses or other amounts incurred after the termination of the MSGE Term Sheet in accordance with its terms.

5.      The authorization of the Debtors to pay the reasonable and documented fees and expenses of the MSGE Counsel shall be subject, *mutatis mutandis*, to the procedures with respect

to authorization of payment of the fees and expenses of the professionals of the Debtors and the

Creditors' Committee set forth in the *Order Establishing Procedures for Interim Compensation

and Reimbursement of Expenses for Retained Professionals* [ECF No. 529] (as may be modified

or amended by any subsequent order of the Court with respect thereto, the "**Interim

Compensation Order**") including, for the avoidance of doubt, the filing of Monthly Fee

Statements and Applications (in each case as defined in the Interim Compensation Order), Interim

Fee Hearings (as defined in the Interim Compensation Order), the expiration of the Objection

Deadline (as defined in the Interim Compensation Order) or resolution of any Objections (as

defined in the Interim Compensation Order) with respect each Monthly Fee Statement, and the

20% holdback with respect to fees until further order of the Court; *provided* that the standard for

authorization of payment of the fees and expenses of the MSGE Counsel shall be whether such

fees and expenses are (a) reasonable and documented and (b) reimbursable under the MSGE Term

Sheet (including, without limitation, that such fees and expenses are within the Scope (as defined

in the MSGE Term Sheet)); *provided further* that, for the avoidance of doubt, that the MSGE

Counsel shall not be considered retained professionals of the Debtors or Creditors' Committee and

the retention of the MSGE Counsel shall not be required to satisfy the standards for retention set

forth in sections 327-328 or 1103 of the Bankruptcy Code.

6.      The contents of the Motion and the notice procedures set forth therein are good and

sufficient notice and satisfy the Bankruptcy Rules and the Local Rules, and no other or further

notice of the Motion or the entry of this Order shall be required.

7.      Nothing in this Order shall be deemed to constitute (i) a grant of third-party

beneficiary status or bestowal of any additional rights on any third party or (ii) a waiver of any

rights, claims or defenses of the Debtors.

8.      The Debtors are authorized to take all actions necessary to effectuate the relief

granted pursuant to this Order in accordance with the Motion.

9.      The Court retains jurisdiction with respect to all matters arising from or related to

the implementation of this Order.


Dated: _____, 2021
          White Plains, New York

                                        _____
                                        THE HONORABLE ROBERT D. DRAIN
                                        UNITED STATES BANKRUPTCY JUDGE

## Exhibit B

**MSGE Term Sheet**

## *MSGE SUMMARY TERM SHEET*

**WHEREAS**, on October 8, 2019, Purdue Pharma L.P. and its subsidiaries (collectively, "**Purdue**" or the "**Debtors**") filed a Summary Term Sheet [D.I. 257] (the "**AHC Summary Term Sheet**") summarizing the salient terms of a proposed comprehensive settlement (the "**Settlement**") of the claims relating to the Debtors' opioid business supported by the ad hoc committee of consenting claimants (the "**Ad Hoc Committee**").

**WHEREAS**, the Multi-State Governmental Entities Group (the "**MSGE Group**") consists of certain members, including cities, counties and other governmental entities, tribal nations, hospital districts, medical groups, and funds across 38 states and territories. *See Second Amended Verified Statement of the Multi-State Governmental Entities Group Pursuant to Rule 2019 of the Federal Rules of Bankruptcy Procedure* [D.I. 1794].

**WHEREAS**, the MSGE Group has participated in extensive mediation along with the Ad Hoc Committee, the Debtors, and other creditor constituencies, which mediation has resulted in a revised and improved Settlement as well as the terms of the Debtors' proposed chapter 11 plan (the "**Plan**") filed at D.I. 2487 (this "**MSGE Summary Term Sheet**"), and the MSGE Group desires to support the revised Settlement and Plan.

**WHEREAS**, the Debtors and the MSGE Group will work together and with the Debtors' other stakeholders in good faith to negotiate, draft and finalize definitive documents in furtherance of the Plan.

1.      As soon as is reasonably practicable following the finalization of this MSGE Summary Term Sheet, the Debtors shall file and thereafter pursue a motion in a form reasonably acceptable to the MSGE Group with the Bankruptcy Court to pay the reasonable and documented fees and expenses of the MSGE Group (but excluding the fees and expenses of any professional, including internal counsel, solely retained or employed by any MSGE Group member) incurred from the petition date through the date hereof in an amount not to exceed $2,500,000, as well as all reasonable and documented fees and expenses incurred after the date hereof; *provided, however*, that the MSGE Group shall negotiate and support the terms of and definitive documents associated with the Plan (including, without limitation, the Shareholder Settlement Agreement and the other Plan Supplement documents) and take such other actions as may be necessary and appropriate to support and facilitate confirmation of the Plan, and shall not take positions adverse to the Plan, engage in litigation activities adverse to the Settlement or the Plan, review or investigate other matters, or engage in matters in which the respective members of the MSGE Group may be in conflict (the "**Scope**"), and the Debtors shall pay the fees and expenses of the MSGE Group on a going-forward basis only to the extent such fees and expenses are within the Scope.

2.      The MSGE Group shall be a "Governmental Consent Party" and shall have the same consent rights, appointment or selection rights, and any other rights or obligations afforded to other Governmental Consent Parties under the Plan, such rights not to be reduced or modified without the written consent of the MSGE Group.  The foregoing shall not give the MSGE Group any independent or individual rights to make any unilateral decisions, including to appoint or select any trustees, managers, directors, or officers under the Plan.  Notwithstanding anything herein or in the Plan to the contrary, the sole remedy of the MSGE Group in respect of its rights hereunder shall be termination of this agreement by written notice and withdrawal of the MSGE Group's support of the Plan.

3.      The MSGE Group and each of its members shall support, and shall not oppose, object to, delay, impede, or take any other action to interfere with the preliminary injunction issued by order of the Bankruptcy Court on November 6, 2019 (as amended, supplemented, modified or replaced from

time to time, the "**Stay Order**") and subsequently amended by the Bankruptcy Court (the "**Preliminary Injunction**") or any requests by the Debtors to extend the Preliminary Injunction.

4.      The Debtors' obligations hereunder shall terminate on written notice to the MSGE Group if the Debtors determine, in their sole discretion (and in keeping with their fiduciary duties, including the duties of the members of its Special Committee), that the terms of this MSGE Summary Term Sheet are no longer in their best interests.  The Debtors represent that, as of the date of hereof, they believe that reaching agreement on and finalizing this MSGE Summary Term Sheet is consistent with their fiduciary duties.  For avoidance of doubt, nothing in this paragraph shall limit the Debtors' obligation to pay the reasonable fees and expenses of the MSGE Group within the Scope that have been agreed and incurred prior to the date of termination.