**EXHIBIT 15**

| | |
|---|---|
| From: | McClammy, James I. |
| Sent: | Friday, January 29, 2021 11:17 AM |
| To: | 'donald@creadorelawfirm.com'; Knudson, Jacquelyn Swanner |
| Cc: | Scott R. Bickford; Kent Harrison Robbins - KHR Law Offices; Ernesto Reyes - KHR Law Offices; Hayden.Coleman@dechert.com; Danielle.GentinStock@dechert.com; 'Hoff, Robert'; Townes, Esther C. |
| Subject: | RE: CONFIDENTIAL 19-CV-23649 - RDD NAS AD HOC  REQUEST TO MEET AND CONFER SUBJECT: PPDP |

Don –

In your January 7, 2021 and January 14, 2021 emails, you requested data from Purdue's Savings Card Redemption or "discount card" program in order to determine if there is information in Purdue's possession that relates to whether the birth mothers of your clients had a Purdue prescription in the past.  Specifically, you stated that the NAS Committee "believe[s] that Purdue has kept and continues to maintain in the regular course a variety of records concerning patients receiving discounts traceable to or connected with the ongoing" discount card program.

We have made a number of inquiries with the company and counsel who have conducted a number of searches in various ways and have determined that the discount card program data in Purdue's possession does not have the patient-identifying data (including patient name) necessary to determine whether the birth mothers of your clients had a Purdue prescription.  Rather, the Savings Card Redemption data includes certain information regarding the patient's age and gender and information about the prescription itself, such as the date filled and prescriber and pharmacy information, but patient names are not included.

In your January 14, 2021 email and during prior meet and confers you also represented that the NAS Committee would provide the Debtors with a full list of your NAS clients who you believe participated in the discount program in a HIPAA compliant manner.  To date, we have not received this information.

As we stated on prior calls, including our meet and confer on January 27, 2021, if you will provide us the names of the possible patients for which you are seeking this information, there could be other ways, besides the discount card program, to determine if Purdue has information about those individuals that would be responsive to your request.  Subject to HIPAA and other privacy limitations/concerns, including whether you represent and/or are otherwise authorized to access the data for those patients, we are willing to conduct reasonable searches and provide you with responsive information we find.  Again, Purdue does not maintain a comprehensive database of patient-identifying data, and, therefore, we cannot be sure whether a particular patient's name will be in documents and databases Purdue maintains.  However, we can search for patient information if we know the names to search.

We remain open to discussing how best to retrieve and provide (subject to HIPAA) the information that you are seeking based on the information in Purdue's possession.

Best,

J.I.M.

**From:** donald@creadorelawfirm.com <donald@creadorelawfirm.com>
**Sent:** Thursday, January 14, 2021 5:42 PM
**To:** Knudson, Jacquelyn Swanner <jacquelyn.swanner@davispolk.com>; McClammy, James I. <james.mcclammy@davispolk.com>
**Cc:** don creadore <Donald@creadorelawfirm.com>; Scott R. Bickford <srb@mbfirm.com>; Kent Harrison Robbins - KHR Law Offices <khr@khrlawoffices.com>; Ernesto Reyes - KHR Law Offices <ereyes@khrlawoffices.com>
**Subject:** CONFIDENTIAL 19-CV-23649 - RDD NAS AD HOC REQUEST TO MEET AND CONFER SUBJECT: PPDP

Hello Jacquelyn, Jim,

We wanted to give you more details of Purdue's Prescription Discounts Program ("PPDP") to assist you with familiarizing yourselves with our thoughts about the PPDP, if only to supplement what you may have already ascertained from your clients since we raised the PPDP during last Friday's meet and confer regarding search results[1] and the PPDP. This active Purdue program provides savings to eligible patients on certain Purdue drugs, including opioids,
https://www.purduepharma.com/healthcare-professionals/products/

You can appreciate that the NAS Children Ad Hoc is seeking information related to PPDP for purposes of, for example, convenient and reliable linking of various NAS claimants to Purdue's opioid products to satisfy requirements of the proof of claim form. We believe that Purdue has kept and continues to maintain in the regular course a variety of records concerning patients receiving discounts traceable to or connected with the ongoing PPDP.

If this data is something you believe is available, as we do, and Debtors agree to share the data with the NASAHC, the NASAHC can furnish Debtors with a full list of NAS clients in a HIPPA compliant manner whom, we believe, are PPDP participants.

At this juncture, we are proposing another 'meet and confer' to get Debtors' thoughts regarding the PPDP and our outstanding requests; would your team be available tomorrow, Friday, at 4:30p est.?

Thank you for your continued cooperation in this matter.

# Donald Creadore

o/b/o Purdue NAS Ad Hoc Committee
Donald E. Creadore
The Creadore Law Firm, P.C.
450 Seventh Avenue - Suite 1408
New York, New York 10123
(O) 212.355.7200
(C) 917.226.1881
donald@creadorelawfirm.com


[1] As of this writing the UCC has not released any of the Debtors' documents, but we appreciate that only this afternoon (approx. 5p est.) the Debtors' communicated with the UCC approving its release of the Debtors' documents to NASAHC.


CONFIDENTIALITY NOTICE: The information contained in this email message is protected under the Electronic Communications Privacy Act, 18 U.S.C. 2310-2321, and may also be protected by attorney-client and/or the attorney/work product privileges. It is intended only for the use of the individual named above and the privileges are not waived by virtue of this having been sent by email. If the person actually receiving this email or any other reader of the email is not the named recipient, any use, dissemination, distribution, or copying of the communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone at 212-355-7200 and return the original message to us.

SPECIAL NOTICE TO CLIENT(S): If you are a client of this firm and this e-mail is directed to you. DO NOT FORWARD to any other party, or you could be waiving the attorney-client privilege.