**EXHIBIT 23**

| | |
|---|---|
| **From:** | donald@creadorelawfirm.com |
| **Sent:** | Tuesday, March 16, 2021 10:49 AM |
| **To:** | Knudson, Jacquelyn Swanner; McClammy, James I. |
| **Cc:** | McClammy, James I.; 'Scott R. Bickford'; 'Kent Harrison Robbins - KHR Law Offices'; apreis@akingump.com; Oluwole, Chautney M.; Townes, Esther C.; 'Hoff, Robert'; Hayden.Coleman@dechert.com; Danielle.GentinStock@dechert.com; don creadore |
| **Subject:** | RE: Purdue - NAS Committee Meet and Confer |

Jacquelyn, Jim,

Following yesterday's meet and confer, in response to your requests for specification of the 'volumes', see the following list of volumes to Purdue's CCDS ascertained from the citations and references among the documents we have reviewed: **Volume 1, Volumes 6 through 10, and Volume 105.** We leave open the probability that Debtors are capable of ascertaining the existence of other volumes that have yet to be disclosed; if so, please provide volume numbers, and full references and citations and bates numbers.  Similarly, please let us know if Debtors are unable to locate other volumes.

Regarding yesterday's renewed discussion, however brief, regarding Debtors need to produce for examination, and re-examination, persons with requisite knowledge of subject matter involving, concerning, referring or relating to--we propose by way of example only and not by limitation-- preclinical research and studies following GLP and non-good laboratory practices (non-GLP) involving animals.

Debtors have produced four GLP and two non-GLP animal studies conducted by, as the case may be, Springborn Laboratories, International Research and Development Corporation, Pharmakon Research International, Inc., and others.  It stands to reason that with relative ease Debtors could produce a person with requisite authority and knowledge capable of discussing the scope of one or more studies and, as importantly, disclose further knowledge regarding similar studies.  We propose a person from Springhorn Laboratory,  International Research and Development Corporation, Pharmakon Research International, and Purdue's Director of Drug Safety Evaluation, and a member of the Drug Risk Management Group.  To that end, we encourage Debtors to prepare a proposed schedule of examinations.

As a housekeeping matter, the NAS Ad Hoc reserves the right to revise the arguments and exhibits to the courtesy copy of the reply that we provided to Debtors last week.

Please let us know how Debtors want to proceed.

Many thanks,
Don
o/b/o Purdue NAS Children Ad Hoc

Donald E. Creadore
The Creadore Law Firm, P.C.
450 Seventh Avenue - Suite 1408
New York, New York 10123
(O) 212.355.7200
(C) 917.226.1881

donald@creadorelawfirm.com


-----Original Message-----
From: "Knudson, Jacquelyn Swanner" <jacquelyn.swanner@davispolk.com>
Sent: Tuesday, March 2, 2021 8:33pm
To: "McClammy, James I." <james.mcclammy@davispolk.com>, "'donald@creadorelawfirm.com'"
<donald@creadorelawfirm.com>
Cc: "'Scott R. Bickford'" <srb@mbfirm.com>, "'Kent Harrison Robbins - KHR Law Offices'"
<khr@khrlawoffices.com>, "apreis@akingump.com" <apreis@akingump.com>, "Oluwole, Chautney
M." <chautney.oluwole@davispolk.com>, "Townes, Esther C." <esther.townes@davispolk.com>,
"'Hoff, Robert'" <rhoff@wiggin.com>, "Hayden.Coleman@dechert.com"
<Hayden.Coleman@dechert.com>, "Danielle.GentinStock@dechert.com"
<Danielle.GentinStock@dechert.com>
Subject: RE: Purdue - NAS Committee Meet and Confer

Don, All—

Following up on our meet and confer last Thursday, in response to your question of who at the company we had asked about the "Central Repository Stamford," prior to our last meet and confer, we had spoken with (i) the Director, Regulatory Affairs, who has been with Purdue since 1998, and (ii) the Executive Director, Regulatory Affairs, who has been with the Purdue since 2001, and emailed with a number of other individuals.  As previously stated, none of these employees had heard of a "Central Repository Stamford."

Although we believe our initial outreach was more than sufficient, since last Thursday, we followed up with additional current employees and, at your request, Richard Fanelli—all of whom confirm what we previously said.  Neither the additional current employees nor Richard Fanelli were aware of any "Central Repository Stamford."  We learned that the "Central Repository Stamford" could potentially refer to old paper files containing FDA submissions.  However, these records of old paper FDA submissions have since been scanned into electronic files maintained by Purdue's regulatory group.  We have produced the electronic files relating to OxyContin, Butrans, and Hysingla, and have pointed you to those FDA submissions in the various productions.

For the sake of completeness, we also searched for references to the "Central Repository Stamford" in Purdue's email archive, which contains every email to and from the company for the past 15-20 years, and found no meaningful discussion of it.  We found one email chain from 2003 in which a Vice President in Regulatory Affairs mentioned the use of "Central Repository Stamford," asking what it is and noting that he had never heard of such a repository.  We believe this may be the same email you referenced seeing.  Also, as mentioned on Thursday's call, we searched the index for archived materials and did not find any reference to "Central Repository Stamford."

Thus, as we stated on Thursday's call, and as discussed previously, based on this information from current and former Purdue employees, Dechert, and Wiggin and Dana, we have no reason to believe this database is in use today or has been in use for at least the last 20 years or that it is or has been accessible for any of that time.  In addition, if any such repository once existed, as noted above, it likely contained information submitted to FDA—not any unsubmitted materials—and those submitted materials have been produced.  We are not aware of any list, index, or other source for identifying materials not submitted to FDA.

Having confirmed what we previously told you, i.e., that there is no such thing as a "Central Repository Stamford," through multiple additional inquiries, we now consider the issue closed.  Nevertheless, as agreed on Thursday's call and reiterated in our email correspondence on Friday, if you will email us the cites to the volumes of the Central Repository Stamford you have seen, along with the bates numbers for the documents, we will look for the underlying documents.

Best,


**Jacquelyn Swanner Knudson**

**Davis Polk & Wardwell** LLP
450 Lexington Avenue  |  New York, NY 10017
+1 212 450 3341 tel  |  +1 803 417 3273 mobile
jacquelyn.swanner@davispolk.com

Confidentiality Note: This email is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure. Unauthorized use, dissemination, distribution or copying of this email or the information herein or taking any action in reliance on the contents of this email or the information herein, by anyone other than the intended recipient, or an employee or agent responsible for delivering the message to the intended recipient, is strictly prohibited. If you have received this email in error, please notify the sender immediately and destroy the original message, any attachments thereto and all copies. Please refer to the firm's Privacy Notice for important information on how we process personal data. Our website is at www.davispolk.com.

J.I.M. & Jacquelyn

---

**From:** McClammy, James I. <james.mcclammy@davispolk.com>
**Sent:** Monday, March 1, 2021 5:26 PM
**To:** 'donald@creadorelawfirm.com' <donald@creadorelawfirm.com>
**Cc:** Knudson, Jacquelyn Swanner <jacquelyn.swanner@davispolk.com>; 'Scott R. Bickford' <srb@mbfirm.com>; 'Kent Harrison Robbins - KHR Law Offices' <khr@khrlawoffices.com>; apreis@akingump.com; Oluwole, Chautney M. <chautney.oluwole@davispolk.com>; Townes, Esther C. <esther.townes@davispolk.com>; 'Hoff, Robert' <rhoff@wiggin.com>; Hayden.Coleman@dechert.com; Danielle.GentinStock@dechert.com
**Subject:** RE: Purdue - NAS Committee Meet and Confer


Don –

I wanted to provide a further update.  We are checking into a couple of additional things this afternoon and tomorrow morning.  We will provide a further update after that tomorrow.

J.I.M.

---

**From:** McClammy, James I.
**Sent:** Friday, February 26, 2021 2:58 PM
**To:** 'donald@creadorelawfirm.com' <donald@creadorelawfirm.com>
**Cc:** Knudson, Jacquelyn Swanner <jacquelyn.swanner@davispolk.com>; Scott R. Bickford <srb@mbfirm.com>; Kent Harrison Robbins - KHR Law Offices <khr@khrlawoffices.com>; apreis@akingump.com; Oluwole, Chautney M. <chautney.oluwole@davispolk.com>; Townes, Esther C. <esther.townes@davispolk.com>; 'Hoff, Robert' <rhoff@wiggin.com>; Hayden.Coleman@dechert.com; Danielle.GentinStock@dechert.com
**Subject:** RE: Purdue - NAS Committee Meet and Confer


Don –

Following up on our call of yesterday, I have reached out to Rob Hoff and understand he is following up on one additional item.  I am waiting to hear back before responding to your request for more specific information on who was contacted/the nature of our search (which we already summarized for you on our call).  I will follow up again on Monday.

In the meantime, as we offered on yesterday's call, if you will email us the cites to the volumes of the Central Repository Stamford you have seen, along with the bates numbers for the documents, we will look for the underlying documents.

J.I.M.

**From:** donald@creadorelawfirm.com <donald@creadorelawfirm.com>
**Sent:** Thursday, February 25, 2021 10:18 AM
**To:** McClammy, James I. <james.mcclammy@davispolk.com>
**Cc:** Knudson, Jacquelyn Swanner <jacquelyn.swanner@davispolk.com>; Scott R. Bickford <srb@mbfirm.com>; Kent
Harrison Robbins - KHR Law Offices <khr@khrlawoffices.com>; apreis@akingump.com; Oluwole, Chautney M.
<chautney.oluwole@davispolk.com>; Townes, Esther C. <esther.townes@davispolk.com>; 'Hoff, Robert'
<rhoff@wiggin.com>; Hayden.Coleman@dechert.com; Danielle.GentinStock@dechert.com; don creadore
<Donald@creadorelawfirm.com>
**Subject:** RE: Purdue - NAS Committee Meet and Confer

Jim,
Thanks for the courtesy of your update.  We, too, are prepared to proceed today.
Don


-----Original Message-----
From: "McClammy, James I." <james.mcclammy@davispolk.com>
Sent: Thursday, February 25, 2021 9:15am
To: "'donald@creadorelawfirm.com'" <donald@creadorelawfirm.com>, "Knudson, Jacquelyn
Swanner" <jacquelyn.swanner@davispolk.com>
Cc: "Scott R. Bickford" <srb@mbfirm.com>, "Kent Harrison Robbins - KHR Law Offices"
<khr@khrlawoffices.com>, "apreis@akingump.com" <apreis@akingump.com>, "Oluwole, Chautney
M." <chautney.oluwole@davispolk.com>, "Townes, Esther C." <esther.townes@davispolk.com>,
"'Hoff, Robert'" <rhoff@wiggin.com>, "Hayden.Coleman@dechert.com"
<Hayden.Coleman@dechert.com>, "Danielle.GentinStock@dechert.com"
<Danielle.GentinStock@dechert.com>
Subject: RE: Purdue - NAS Committee Meet and Confer

Don, et al. –

A scheduling conflict has arisen that will require a deposition Rob Hoff is taking to start later today than planned.  As a
result, he will not be able to join our scheduled meet and confer at 5:00 pm today.  We are prepared to move forward in
his absence, but if you would prefer to have him on the call, we can reschedule for tomorrow afternoon (3:00 or 4:00
should work for us tomorrow).

Please let us know your preference.

J.I.M.

**From:** donald@creadorelawfirm.com <donald@creadorelawfirm.com>
**Sent:** Monday, February 22, 2021 3:53 PM
**To:** Knudson, Jacquelyn Swanner <jacquelyn.swanner@davispolk.com>
**Cc:** Scott R. Bickford <srb@mbfirm.com>; Kent Harrison Robbins - KHR Law Offices <khr@khrlawoffices.com>;
apreis@akingump.com; McClammy, James I. <james.mcclammy@davispolk.com>; Oluwole, Chautney M.
<chautney.oluwole@davispolk.com>; Townes, Esther C. <esther.townes@davispolk.com>; 'Hoff, Robert'
<rhoff@wiggin.com>; Hayden.Coleman@dechert.com; Danielle.GentinStock@dechert.com; don creadore
<Donald@creadorelawfirm.com>
**Subject:** RE: Purdue - NAS Committee Meet and Confer

Jacquelyn, Jim-

The NASAHC appreciates Debtors furnishing additional details in writing regarding the Central Repository, Stamford CT., including Debtors' professed denial of its existence, to which the NASAHC registers the following objections and observations.

Because the bar has been set so much higher for NAS Claimants to recover damages for their injuries than for Adult Personal Injury Claimants, Debtors must be ordered to turn over all toxicology studies and lab notes, together with all internal white papers, concerning synthetic opioid testing that demonstrate adverse risks and injuries, including exposing animal fetuses to opioid products, *in addition to* a detailed index of the contents of the "Central Repository Stamford, CT.", and similar facilities whether Cloud-based or terrestrial.  By doing so, the NAS Claimants will then be able to properly document issues regarding liability and thereby adequately recover under the TDP.

Regarding Debtors unequivocal declaration that the Central Repository, Stamford, CT. "simply does not exist." it defies logic and, once again, it is contradicted by the information reviewed by the NASAHC that Debtors produced.  For purposes of completeness, and by way of professional courtesy, be advised that the IACs have so advised of their understanding that the "Central Repository, Stamford, CT." was/is owned and operated by Purdue or one of its affiliates and, therefore, it was further suggested that DPW/Purdue would be the proper parties to contact; a complete copy of the Thursday, February 11, 2021, 1:57 pm, communication can be obtained from the IACs, and the NASAHC reserves the right to produce it in full as an exhibit.  Based upon the IACs communication, would Debtors submit a sworn statement in admissible form by an officer with requisite knowledge and authority that "[i]t simply does not exist."?

We hope you can agree that Debtors' explanation that "searches we conducted have not uncovered a reference to any document other than the one cited as Vol. 105, VIII." raises several troubling questions.  For instance, where are volumes 1-104?  Only by way of example, see: Oxycodone CCDS [Company Core Data Sheet] April 24 2002 revision, PPLPC019000038227 which references additional volumes of the  "Central Repository, Stamford, CT"; e.g., under footnote 47, referring to *Volume 7,* Appendix 11; footnote 48, referring to *Volume 16:64*, Section VI.C: and footnote54 referring to *Volume 10,* Section V. E-3. Pointedly, this runs counter to Debtors' earlier statement.  There may be a simple explanation, or clarification, reconciling these facts and we ask that it be provided forthwith.  Otherwise, are Debtors ready to submit a sworn statement in admissible form by an officer with requisite knowledge and authority that, in exacting detail to be agreed upon, only volume 105 exists and, also, volumes 1-104 never existed?

Additionally, the NASAHC respectfully declines Debtors' suggestion that the NASAHC search through "the tens of millions of documents Purdue has previously produced to determine if the studies could be found." as the documents already produced by Debtors explicitly refer to numerous other volumes registered to the Central Repository, Stamford, CT.  Due diligence on Debtors' part can verify this fact.  Also, a set of studies of importance have been cited by the NASAHC with requisite degree of specificity to allow Debtors to easily locate, to no avail; accordingly, the NASAHC renews its request for production forthwith.

The NASAHC registers its concern that "[i]t is not the debtors' or the committees' function to prevent discovery of a claim, but rather one of their functions as fiduciaries is to see that substantial justice is provided to all estate claimants." *In Re Drexel Burnham*, at. 712. As other parties in this case have not sought the requested discovery, it is left to the NASAHC to pursue to the benefit of all and the exclusion of none.

Consequently, please place a litigation hold on all documents and information subject to Debtors' possession, custody or control, pending a more elaborate document retention/preservation protocol pertaining to, *inter alia*, medical content and the Central Repository in Stamford CT.

Finally, the NASAHC requests a meet and confer for Tuesday, 10:00 am EST., to discuss this matter. The NASAHC expressly reserves the right to request in writing further relief from the Court regarding the Central Repository, Stamford, CT., and its contents and, generally, Debtors' medical content of any kind and without geographic limitation. The NASAHC also reserves the right, *without further notice to Debtors*, to request the scheduling of a court hearing and to file additional pleadings into the record in connection with the underlying Motion now pending. Please circulate an invite for the proposed meet and confer or, if you prefer, we can send out invites at your request.

Many thanks,
Don
o/b/o Purdue NAS Children Ad Hoc Group
-----Original Message-----
From: "Knudson, Jacquelyn Swanner" <jacquelyn.swanner@davispolk.com>
Sent: Wednesday, February 17, 2021 6:27pm
To: "donald@creadorelawfirm.com" <donald@creadorelawfirm.com>, "Scott R. Bickford" <srb@mbfirm.com>, "Kent Harrison Robbins - KHR Law Offices" <khr@khrlawoffices.com>, "apreis@akingump.com" <apreis@akingump.com>
Cc: "McClammy, James I." <james.mcclammy@davispolk.com>, "Oluwole, Chautney M." <chautney.oluwole@davispolk.com>, "Townes, Esther C." <esther.townes@davispolk.com>, "'Hoff, Robert'" <RHoff@wiggin.com>, "Hayden.Coleman@dechert.com" <Hayden.Coleman@dechert.com>, "Danielle.GentinStock@dechert.com" <Danielle.GentinStock@dechert.com>
Subject: Purdue - NAS Committee Meet and Confer

Don, All—

Following up on our meet and confer yesterday, as Rob explained, there has not been a "Central Repository Stamford" database in use or even identified in at least the last 20 years. It simply does not exist. The cite to the "Central Repository Stamford, CT: Vol. 105, VIII" in the document you provided us refers to a particular document that is cited in the OxyContin NDA and other regulatory materials. Though this nomenclature was subsequently repeated when referencing this single document, our research does not identify any evidence that there was or is a "Central Repository Stamford," and searches we conducted have not uncovered a reference to any document other than the one cited as Vol. 105, VIII.

As noted in my prior email, the document referred to as "Central Repository Stamford, CT: Vol. 105, VIII" has been produced a number of times from different sources of discovery and collections (e.g., custodian, non-custodian, NDA, drives). For ease of reference, we have copied a sample of the bates numbers where you can find this document:

PPLPC002000179852
PPLPC005000119793
PPLPC016000222709
PPLPC018000202388
PPLPC019000242243
PPLPC020000231378
PPLPC051000072471
PPLPC056000063938
PURCHI-000572404
PDD1701067475
PKY183283157
PPLP004497156


As we stated on the call, and as discussed previously, to the extent you are looking for specific studies related to an opioid product, we have conducted multiple diligent searches and are not aware of anything outside of what has already been searched for and produced.  To the extent those studies were part of materials produced to the FDA, we have cited you to where those studies appear in the productions to which you have access.  Furthermore, with all of the searches conducted (both of custodial and central/system files), we believe that, to the extent studies exist, pre-clinical toxicology studies on relevant opioid products in Purdue's possession were likely collected, reviewed, and produced as part of the various productions you already have.  If there are specific studies or categories of studies you believe you do not have or would like us to search for, we are available to discuss (reserving all rights, including with respect to burden and whether such studies are the proper subject of discovery).  But we request you first search the tens of millions of documents Purdue has previously produced to determine if the studies could be found.  Otherwise, a vague suggestion that you just want to know about all studies relating in any way to OxyContin is not a helpful starting point.

Regarding your request for birth mother prescription information, as discussed on yesterday's call, we will run searches for any names of birth mothers for whom you provide us HIPAA releases.  We would like to assist you with your request if at all feasible, but this is a time-intensive process that diverts Purdue resources from other important tasks.  As noted, our test run of certain names through the AE database resulted in zero matches.  And, there is no question that any match concerns HIPAA protected health information on the birth mothers (who you do not represent).  Accordingly, before we undertake the effort and expense of this exercise, we want to be sure that any information we find can actually be disclosed.  You agreed that you will work to get us the HIPAA releases for your group (as well as for any members of the WV NAS group that you would like to include in the search) so that we can proceed with the searches.

Best,


**Jacquelyn Swanner Knudson**

**Davis Polk & Wardwell** LLP
450 Lexington Avenue  |  New York, NY 10017
+1 212 450 3341 tel  |  +1 803 417 3273 mobile
jacquelyn.swanner@davispolk.com

Confidentiality Note: This email is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure. Unauthorized use, dissemination, distribution or copying of this email or the information herein or taking any action in reliance on the contents of this email or the information herein, by anyone other than the intended recipient, or an employee or agent responsible for delivering the message to the intended recipient, is strictly prohibited. If you have received this email in error, please notify the sender immediately and destroy the original message, any attachments thereto and all copies. Please refer to the firm's Privacy Notice for important information on how we process personal data. Our website is at www.davispolk.com.

J.I.M. & Jacquelyn

Donald E. Creadore
The Creadore Law Firm, P.C.
450 Seventh Avenue - Suite 1408
New York, New York 10123
(O) 212.355.7200
(C) 917.226.1881
donald@creadorelawfirm.com

CONFIDENTIALITY NOTICE: The information contained in this email message is protected under the Electronic Communications Privacy Act, 18 U.S.C. 2310-2321, and may also be protected by attorney-client and/or the attorney/work product privileges. It is intended only for the use of the individual named above and the privileges are not waived by virtue of this having been sent by email. If the person actually receiving this email or any other reader of the email is not the named recipient, any use, dissemination, distribution, or copying of the communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone at 212-355-7200 and return the original message to us.

SPECIAL NOTICE TO CLIENT(S): If you are a client of this firm and this e-mail is directed to you. DO NOT FORWARD to any other party, or you could be waiving the attorney-client privilege.