**EXHIBIT 10**

| | |
|---|---|
| **From:** | Knudson, Jacquelyn Swanner |
| **Sent:** | Tuesday, December 22, 2020 11:47 AM |
| **To:** | Robert Drain |
| **Cc:** | NYSBml_Drain's_Chambers; McClammy, James I.; Huebner, Marshall S.; Oluwole, Chautney M.; Townes, Esther C.; sbickford@mbfirm.com; srd@mbfirm.com; usdcndoh@mbfirm.com; donald@creadorelawfirm.com; khr@khrlawoffices.com; Rocco A. Cavaliere; Scott Markowitz; Michael Z. Brownstein; srb@mbfirm.com |
| **Subject:** | RE: [EXT] RE: In re Purdue Pharma L.P., Case No. 19-23649 (RDD) - Debtors' Objection to the NAS Children Ad Hoc Committee's Motion to Seal |

To The Honorable Robert D. Drain,

The Debtors and counsel for the NAS Children Ad Hoc Committee (the "NAS Committee") had a productive meet and confer yesterday. We have agreed to the following path forward with respect to the underlying Rule 2004 Motion: the NAS Committee will coordinate with the Official Committee of Unsecured Creditors (the "UCC") to run targeted search terms on the UCC and Sackler Families databases over the next few days. The Debtors will confirm with the UCC that any documents that hit on the NAS Committee's targeted searches can be made available to NAS Committee counsel. Through this process, the NAS Committee may find that it is unlikely that there are any additional animal studies in the Debtors' possession. If, however, the NAS Committee finds information suggesting additional searches might be needed, the Debtors agree to discuss additional searches with the NAS Committee and cooperate with any additional searches that the Debtors and NAS Committee agree are warranted.

Regarding your question concerning the NAS Committee's pending Motion to Seal—whether there is any objection to the Motion to Seal before the Rule 2004 Motion is filed and a hearing is scheduled on it—the Debtors do not have an objection to the Motion to Seal. The Debtors objection is to the underlying Rule 2004 Motion. Given the outcome of the meet and confer with respect to the Rule 2004 Motion, the parties propose that any hearing on the Rule 2004 Motion await our further meet and confer after the search terms have been run on the UCC and Sackler Families productions, as that may narrow the issues presented to the Court.

Respectfully submitted,
Jacquelyn Knudson


**Jacquelyn Swanner Knudson**

**Davis Polk & Wardwell LLP**

450 Lexington Avenue | New York, NY 10017
+1 212 450 3341 tel | +1 803 417 3273 mobile
jacquelyn.swanner@davispolk.com

Confidentiality Note: This email is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure. Unauthorized use, dissemination, distribution or copying of this email or the information herein or taking any action in reliance on the contents of this email or the information herein, by anyone other than the intended recipient, or an employee or agent responsible for delivering the message to the intended recipient, is strictly prohibited. If you have received this email in error, please notify the sender immediately and destroy the original message, any attachments thereto and all copies. Please refer to the firm's Privacy Notice for important information on how we process personal data. Our website is at www.davispolk.com.

**From:** Scott Markowitz <SMarkowitz@tarterkrinsky.com>
**Sent:** Monday, December 21, 2020 2:36 PM
**To:** Robert Drain <judge_drain@nysb.uscourts.gov>
**Cc:** Knudson, Jacquelyn Swanner <jacquelyn.swanner@davispolk.com>; NYSBml_Drain's_Chambers <rdd.chambers@nysb.uscourts.gov>; McClammy, James I. <james.mcclammy@davispolk.com>; Huebner, Marshall S.

<marshall.huebner@davispolk.com>; Townes, Esther C. <esther.townes@davispolk.com>; sbickford@mbfirm.com; srd@mbfirm.com; usdcndoh@mbfirm.com; donald@creadorelawfirm.com; khr@khrlawoffices.com; Rocco A. Cavaliere <rcavaliere@tarterkrinsky.com>
**Subject:** Re: [EXT] RE: In re Purdue Pharma L.P., Case No. 19-23649 (RDD) - Debtors' Objection to the NAS Children Ad Hoc Committee's Motion to Seal


Thank you judge Drain . We have a call set for today at 4 pm with Debtors' counsel . We will advise you after that call .




**Scott Markowitz | Partner**
D: 212-216-8005 | F: 212-216-8001
smarkowitz@tarterkrinsky.com | Bio

Tarter Krinsky & Drogin LLP
1350 Broadway | New York | NY | 10018
www.tarterkrinsky.com | LinkedIn
COVID-19 RESOURCE CENTER


On Dec 21, 2020, at 2:32 PM, Robert Drain <judge_drain@nysb.uscourts.gov> wrote:


There are two motions by the NAS Babies Ad Hoc Committee before me: a motion under Bankruptcy Rule 2004 for the production of certain documents and a motion to file the foregoing motion under seal and for permission to file a redacted version of the Rule 2004 motion on the docket. The Debtor's response to the latter, sealing motion is really a response to the former, Rule 2004 motion. If there is an objection to a Rule 2004 motion, I would normally have it scheduled for a hearing. But please confirm whether there is any objection to the motion to seal before the Rule 2004 motion is filed and a hearing is scheduled on it. Alternatively, if the parties want to discuss this in a chambers conference, I'm happy to do that, too. In preparation for such a conference, or for a hearing, you should know that it seems to me that one of the debtors' objections should be focused on, i.e. that the debtors don't have the documents in question in their possession, custody or control. If that were clearly the case, then the 2004 motion isn't going anywhere. However, the debtors also argue that it would be unduly burdensome to search for the documents in question, notwithstanding that the parties seem to have identified those documents perhaps narrowly enough for a focused search; so why can't such a focused search be undertaken?

**From:** Knudson, Jacquelyn Swanner <jacquelyn.swanner@davispolk.com>
**Sent:** Friday, December 18, 2020 4:38 PM
**To:** NYSBml_Drain's_Chambers <rdd.chambers@nysb.uscourts.gov>
**Cc:** McClammy, James I. <james.mcclammy@davispolk.com>; Huebner, Marshall S. <marshall.huebner@davispolk.com>; Townes, Esther C. <esther.townes@davispolk.com>; smarkowitz_tarterkrinsky.com <smarkowitz@tarterkrinsky.com>; sbickford@mbfirm.com; srd@mbfirm.com; usdcndoh@mbfirm.com; donald@creadorelawfirm.com; khr@khrlawoffices.com; Rocco A. Cavaliere <rcavaliere@tarterkrinsky.com>
**Subject:** In re Purdue Pharma L.P., Case No. 19-23649 (RDD) - Debtors' Objection to the NAS Children Ad Hoc Committee's Motion to Seal


**CAUTION - EXTERNAL:**

To The Honorable Robert D. Drain,

We are counsel to Purdue Pharma L.P. and the other debtors and debtors in possession (collectively, the "Debtors") in the chapter 11 proceedings jointly administered under Case No. 19-23649.

Pursuant to your request, please find attached a copy of the Debtors' Objection to the NAS Children Ad Hoc Committee's Motion for Entry of an Order Pursuant to 11 U.S.C. §§ 105(a) and 107(b) and Fed. R. Bankr. P. 9018 Authorizing the Filing of Certain Information and Exhibits Under Seal in Connection with the NAS Children Ad Hoc Committee's Ex Parte Motion Requesting a Court Order Authorizing Examinations Pursuant to Federal Rules of Bankruptcy Procedure 2004 and 9006 [ECF No. 2155] (the "**Objection**").

If Chambers has any questions regarding the Objection or requires any additional information, please contact Jim McClammy at: james.mcclammy@davispolk.com, or 347-260-3092.

Respectfully submitted,
Jacquelyn Knudson

**Jacquelyn Swanner Knudson**

**Davis Polk & Wardwell** LLP
450 Lexington Avenue  |  New York, NY 10017
+1 212 450 3341 tel  |  +1 803 417 3273 mobile
jacquelyn.swanner@davispolk.com

Confidentiality Note: This email is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure. Unauthorized use, dissemination, distribution or copying of this email or the information herein or taking any action in reliance on the contents of this email or the information herein, by anyone other than the intended recipient, or an employee or agent responsible for delivering the message to the intended recipient, is strictly prohibited. If you have received this email in error, please notify the sender immediately and destroy the original message, any attachments thereto and all copies. Please refer to the firm's Privacy Notice for important information on how we process personal data. Our website is at www.davispolk.com.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

Tarter Krinsky & Drogin is fully operational. All attorneys and staff have been and will continue to be working remotely and TKD has put measures in place to ensure our services continue uninterrupted. However, because of anticipated delays in receiving regular mail and other deliveries, please e-mail copies of anything you send by regular mail or delivery, including issuing remittances electronically, until further notice. Please contact Katrinia Soares at reception@tarterkrinsky.com or by phone at 212-216-8000 with any questions. Thank you in advance for your courtesies during these unprecedented times.

NOTE: If regular mailing or other specific transmission type is required by terms of a contract, order or statute, please comply with those obligations and transmit the materials by the means set forth in the agreement, order or statute as well as by email.

Confidentiality Disclosure: This information in this email and in attachments is confidential and intended solely for the attention and use of the named (addressee(s). This information may be subject to attorney/client privilege or may otherwise be protected by work product privilege or other legal rules. It must not be disclosed to any person without our authority. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are not authorized to disclose, and must not disclose, copy, distribute, or retain this message or any part of it.

This email is an informal communication that is not meant to be legally binding upon the sender unless expressly noted to the contrary.

Tarter Krinsky & Drogin LLP, Attorneys-at-Law.