# EXHIBIT B

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (RDD)** |
| Debtors.[1] | **(Jointly Administered)** |

### [PROPOSED] ORDER GRANTING DEBTORS' MOTION FOR ORDER ESTABLISHING CONFIRMATION SCHEDULE AND PROTOCOLS

Upon the motion (the "**Motion**")[2] of Purdue Pharma L.P. and its affiliates that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**") for entry of an order (this "**Order**") establishing the confirmation schedule and protocols in connection with plan confirmation, and upon the record of the hearing held by the Court on ~~April 21~~May 4, 2021; and the Court having jurisdiction over the Motion pursuant to 28 U.S.C. § 1334(a); and the venue of these chapter 11 cases ("**Chapter 11 Cases**") and the Motion being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having authority to enter a final order with respect to the Motion;

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

and no additional notice being required except as provided herein; and, after due deliberation and
good and sufficient cause appearing; now, therefore,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The Debtors' Motion is GRANTED.

2.      The protocols and schedule set forth below shall govern the Confirmation
Proceedings, which include all related discovery:

**The Schedule**

3.      The following schedule shall govern the Confirmation Proceedings and
Confirmation Hearing.  Dates and deadlines marked with an asterisk are established by this
Order; other deadlines provided in the Disclosure Statement Order (*see* ECF No. [•]) are
reproduced below for ease of reference.

      a.      Disclosure Statement Schedule:

          i.      Voting Record Date.  **March 10, 2021** shall be the voting record date.

          ii.     Disclosure Statement Objection Deadline.  **April ~~12~~23, 2021 at 4:00 p.m.
(prevailing Eastern Time)** shall be the deadline by which objections to
the Disclosure Statement must be filed.  Parties objecting to the Disclosure
Statement are encouraged to coordinate and consolidate objections to the
extent their objections are overlapping or they represent similar
constituencies.

          iii.    Deadline to File Reply to Disclosure Statement Objections.  **April ~~19~~30,
2021 at 12:00 p.m. (prevailing Eastern Time)** shall be the deadline by
which replies to any objections to the Disclosure Statement must be filed.

          iv.     Disclosure Statement Hearing.  **~~April 21~~May 4, 2021 at 10:00 a.m.
(prevailing Eastern Time)** shall be the Disclosure Statement Hearing.

      b.      Voting Schedule:

          i.      Solicitation Deadline.  **May 19, 2021** shall be the deadline (or as soon
thereafter as reasonably practicable) by which the Debtors distribute the
Solicitation Packages to those holders of Claims in the Voting Classes that
are entitled to vote on the Plan as of the Voting Record Date. It shall also

1

be the deadline by which the Debtors publish the Confirmation Hearing Notice in a format that has been modified for publication.

ii.     <u>Plan Supplement Filing Deadline</u>.  **July 9, 2021** shall be the deadline to file a Plan Supplement.

iii.    <u>Voting Deadline</u>.  **July 14, 2021 at 4:00 p.m. (prevailing Eastern Time)** shall be the deadline to vote on the Debtors' Plan of Reorganization.

iv.     <u>Rule 3018(a) Motion Filing Deadline</u>.  **July 19, 2021 at 4:00 p.m. (prevailing Eastern Time)** shall be the deadline to file a 3018(a) motion.

v.      <u>Deadline to File Voting Report</u>.  **August 2, 2021 at 12:00 p.m. (noon) (prevailing Eastern Time)** shall be the deadline for the filing of the voting report.

c.      <u>Contract Assumption and Rejection Schedule</u>:

i.      <u>Deadline to Serve Contract Notices</u>.  **July 19, 2021** shall be the deadline to serve a contract notice.

ii.     <u>Contract Objection Deadline</u>.  **August 2, 2021 at 4:00 p.m. (prevailing Eastern Time)** shall be the deadline to object to the Debtors' assumption and rejection of contracts.

d.      <u>Confirmation Fact Discovery</u>:

i.      *<u>Deadline to Serve Document Requests</u>.  **May ~~5~~12, 2021** shall be the deadline by which any party in interest that intends to seek document discovery in connection with confirmation ("**Requesting Parties**") must serve requests for the production of documents or information (the "**Document Requests**").

ii.     *<u>Deadline to Respond to Document Requests</u>.  **May ~~12~~19, 2021** shall be the deadline by which any party subject to a document request ("**Producing Parties**") must respond and/or object to Document Requests.

iii.    *<u>Deadline to Substantially Complete Document Discovery</u>.  **June 2, 2021** shall be the deadline by which parties must substantially complete production of documents in response to the Document Requests. Producing Parties will produce responsive materials on a rolling basis in advance of that date.

e.      <u>Confirmation Expert Discovery</u>:

i.      *<u>Deadline to Designate Initial Experts</u>.   **May 19, 2021** shall be the deadline by which parties must designate experts and the subject of each expert's testimony.

ii.     *<u>Deadline to Submit Initial Expert Reports</u>.   **June 9, 2021** shall be the deadline by which parties must submit affirmative expert reports.  These reports must satisfy the requirements of Federal Rule of Civil Procedure 26(a)(2)(B) (made applicable by Bankruptcy Rule 7026).

iii.    *<u>Deadline to Designate Additional Experts for Rebuttal</u>.  **June 23, 2021** shall be the deadline by which parties must designate any rebuttal experts and the subject of each rebuttal expert's testimony.

iv.     *<u>Deadline to Submit Rebuttal Expert Reports</u>.  **June 30, 2021** shall be the deadline by which parties must submit rebuttal expert reports.  These reports must satisfy the requirements of Federal Rule of Civil Procedure 26(a)(2)(B) (made applicable by Bankruptcy Rule 7026).

v.      *<u>Deadline to Complete Discovery, including Depositions</u>.  **July 12, 2021** shall be the deadline by which all confirmation discovery, including depositions, must be completed.

f.      <u>Confirmation Hearing</u>:

i.      <u>Plan Objection Deadline</u>.  **July 19, 2021 at 4:00 p.m. (prevailing Eastern Time)** shall be the deadline by which any objections to the Plan must be filed.  Parties objecting to the Plan ("**Objecting Parties**") are encouraged to coordinate and consolidate objections to the extent the objections are overlapping or the Parties represent similar constituencies.

ii.     *<u>Deadline to Exchange Initial Witness and Exhibit Lists</u>.  **July 26, 2021** shall be the deadline by which Confirmation Parties must serve on the other Confirmation Parties a complete list of witnesses and exhibits they intend to offer at the Confirmation Hearing.  The list of witnesses shall identify all witnesses that each Objecting Party and Supporting Party (together the "**Confirmation Parties**," and individually a "**Confirmation Party**") will call or may call at the Confirmation Hearing.

iii.    *<u>Deadline to Exchange Objections to Initial Witness and Exhibit Lists</u>.  **July 29, 2021** shall be the date by which the Confirmation Parties must serve on the other Confirmation Parties any objections to the initial witness and exhibit lists.

iv.     <u>Deadline to File the Confirmation Brief and Omnibus Reply to Plan Objections</u>.  **August 2, 2021 at 4:00 p.m. (prevailing Eastern Time)** shall be the deadline for filing and service of a Confirmation Brief, and

any replies by any Supporting Parties to any objections to confirmation of the Plan.

v.  *Deadline to Submit Proposed Virtual Procedures Order.  **August 2, 2021** shall be the deadline by which the Confirmation Parties must have conferred and submitted to chambers a proposed virtual procedures order ("**Virtual Procedures Order**"), which shall contain protocols for conducting the Confirmation Hearing remotely (either in whole or in part).

vi.  *Deadline to Conduct Evidentiary Dispute Resolution.  **August 4, 2021** shall be the date by which the Confirmation Parties must meet and confer with a view toward narrowing and resolving any evidentiary disputes.

vii.  *Deadline to Submit Joint Exhibit Book and Joint Witness List, and File Case-in-Chief Witness Declarations.  **August 4, 2021** shall be the date by which the Confirmation Parties shall (a) deliver to the Court's chambers a joint exhibit book (the "**Joint Exhibit Book**") of all exhibits agreed to be admissible, (b) deliver to the Court's chambers a joint witness list ("**Joint Witness List**") of all witnesses that each Confirmation Party will or may call at the Confirmation Hearing in their case in chief or on rebuttal, and (c) deliver to the Court's chambers, file, and serve on the other Confirmation Parties written declarations under penalty of perjury of all witnesses under their respective control that they intend to call in their case in chief at the Confirmation Hearing.

viii.  *Final Pretrial Conference.  **August 5, 2021 at 10:00 a.m. (prevailing Eastern Time)** shall be the date and time of the final pretrial conference and/or rehearsal for the virtual Confirmation Hearing.

ix.  *Confirmation Hearing.  **August 9, 2021 at 10:00 a.m. (prevailing Eastern Time)** shall be the start of the Confirmation Hearing, which will continue, as necessary, from day to day in each case starting at [ ]:[ ] [ ].m. (prevailing Eastern Time), except as otherwise set by the Court and as may be extended by the Court as the Court's schedule permits.  The Confirmation Hearing will not be held on the following days: August 19, 2021, August 24, 2021, and August 26, 2021.

x.  *Deadline to Submit Rebuttal Witness Testimony.  The Confirmation Parties shall deliver to the Court's chambers, file, and serve on the other Confirmation Parties written declarations under penalty of perjury of all rebuttal witnesses under their respective control by no later than 48 hours before such Confirmation Party intends to submit such declaration for entry into evidence.

## __The Confirmation Protocols__

4.      In addition to the dates and deadlines listed above, the following procedures shall

govern the Confirmation Proceedings:

a.      <u>Protective Order</u>.  The Protective Order entered by the Court, as amended
from time to time, shall govern all discovery in connection with the Confirmation
Proceedings.  The currently operative Protective Order is the Third Amended
Protective Order [ECF No. 1935].

b.      <u>Document Reserve for Confirmation</u>.  As of the date of the entry of this
Order, the Debtors will establish a document reserve (the "**Document Reserve
for Confirmation**").  The Debtors will deposit into the reserve (i) non-privileged
materials the Debtors have produced in these Chapter 11 Cases, including,
without limitation, materials the Debtors have produced in response to requests
from the Creditors' Committee and Non-Consenting States Group and non-
privileged materials the Debtors have produced in the MDL and other pre-petition
civil litigation; (ii) transcripts of depositions of the Debtors' current and former
employees, directors, officers, and advisors, taken in prepetition civil litigation or
in connection with these Chapter 11 Cases; (iii) documents and information the
Debtors determine to be potentially relevant to the Confirmation Proceedings; and
(iv) any documents produced by any party in connection with the Confirmation
Proceedings.  For the avoidance of doubt, any material that includes or reflects
any type of confidentiality designation, whether pursuant to a protective order in
any pre-petition civil litigation or in connection with these Chapter 11 Cases, is
governed by the Protective Order without any need to re-designate such material.

c.      <u>Additional Discovery Requests</u>.  Any Requesting Party that propounds a
request for additional document or testimonial discovery must (i) represent that
the Requesting Party has conducted a reasonable search of the Document Reserve
for Confirmation and believes that the documents, information, or testimony it
seeks is not available in the Document Reserve for Confirmation; and (ii) state
and explain the basis for the Requesting Party's good faith belief that the
additional discovery it seeks is relevant to the Confirmation Proceedings.

d.      <u>Discovery Dispute Resolution.</u>  In the event of a dispute with respect to
one or more discovery requests, counsel for the Producing Party and for the
Requesting Party shall promptly meet and confer in good faith to attempt to
resolve the dispute.  If, notwithstanding their good faith efforts to do so, such
Parties are unable to resolve such discovery dispute, the Party wishing to bring the
dispute to the Court shall promptly inform the Court by emailed letter, no longer
than two single-spaced pages in length, of the nature of the dispute and shall
request a telephonic discovery conference.  If the opposing Party wishes to
respond, it must respond by emailed letter, no longer than two single-spaced
pages in length, within two business days.  At the conference, the Parties to the

5

dispute must be prepared to discuss with the Court all efforts to resolve such dispute.

e.  <u>Limitations on Interrogatories and Requests for Admission</u>.  Unless otherwise ordered by the Court, no Requesting Party shall serve any interrogatories or requests for admission in connection with the Confirmation Proceedings.

f.  <u>Assertions of Privilege</u>.  If any Producing Party withholds or redacts any materials on the grounds of privilege, work product, or any other type of protection or immunity from disclosure, such Producing Party shall provide a categorical privilege log consistent with the Protective Order in these Chapter 11 Cases, which shall be placed in the Document Reserve for Confirmation.  To the extent such materials were previously withheld or redacted on the grounds of privilege, work product, or any other type of protection or immunity from disclosure, in connection with production in the MDL, in other pre-petition civil litigations, or in these Chapter 11 Cases, such prior determinations (as reflected in designations on the materials themselves or in the relevant privilege log(s)) control and are not open to reconsideration.  A Producing Party shall provide its initial privilege log(s) no later than the date on which it substantially completes production of documents in response to document requests.

g.  <u>Testimony</u>.  Only persons for whom a witness declaration has been delivered, filed, and served will be allowed to testify.  All witnesses for whom witness declarations are timely delivered, filed, and served shall be present and governed by the Virtual Procedures Order to testify remotely on cross examination and re-direct at the Confirmation Hearing.  The only live testimony that will be taken at trial will consist of cross examination and redirect examination, as necessary.

h.  <u>Expert Discovery</u>.  Any expert retained or specially employed to provide expert testimony in connection with the Confirmation Proceedings shall submit an expert report that satisfies the requirements of Federal Rule of Civil Procedure 26(a)(2)(B) (made applicable by Bankruptcy Rule 7026), and, on or before the deadline provided by this Order, shall produce the expert materials required to be disclosed by Federal Rule of Civil Procedure 26 (made applicable by Bankruptcy Rule 7026).  An expert's report(s) shall constitute that expert's direct testimony.  Parties shall have the right to amend or supplement such direct testimony, solely to respond to information disclosed or opinions expressed after the date of such expert's report(s), by written declaration exchanged and submitted by the deadlines provided by this Order.  No drafts of any part of any report or declaration of any expert will be subject to production or other disclosure.  This protection is in addition to, and does not limit or replace, the protections of Federal Rule of Civil Procedure 26(b)(4)(B) (applicable here under Bankruptcy Rule 7026).

i.        Extension of Deadlines.   Any deadline set forth above, except the Confirmation Hearing, may be extended without order of the Court upon the written consent of Debtors or, if the Debtors are the party subject to the deadline, the party to which the subject of the deadline is owed, which consent may be granted via email.

j.        Effect of the Case Management Procedures.   The Bankruptcy Code, Bankruptcy Rules, Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), and the operative Second Amended Order Establishing Certain Notice, Case Management, and Administrative Procedures [ECF No. 498] apply to these Confirmation Proceedings.   To the extent there is a conflict between any of the foregoing and this Order, this Order shall govern in all respects.

5.        Notice of this Order will be provided as to (a) the entities on the Master Service List (as defined in the Second Amended Order Establishing Certain Notice, Case Management, and Administrative Procedures entered on November 18, 2019 [ECF No. 498] and available on the Debtors' case website at https://restructuring.primeclerk.com/purduepharma) and (b) any person or entity with a particularized interest in the subject matter of this Motion (the "**Notice Parties**").   No further notice shall be required.

6.        The Debtors are authorized to take all reasonable actions necessary to effectuate the relief granted in this Order.

7.        This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**SO ORDERED.**

Dated: _____, 2021
         White Plains, New York

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE