DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut
Christopher S. Robertson

*Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (RDD)** |
| Debtors.[1] | **(Jointly Administered)** |

**NOTICE OF PRESENTMENT OF APPLICATION OF DEBTORS FOR AUTHORITY
TO RETAIN AND EMPLOY GRANT THORNTON LLP AS TAX STRUCTURING
CONSULTANTS TO THE DEBTORS *NUNC PRO TUNC* TO JANUARY 20, 2021**

**PLEASE TAKE NOTICE** that the annexed *Application of Debtors for Authority to Retain and Employ Grant Thornton LLP as Tax Structuring Consultants to the Debtors Nunc Pro Tunc to January 20, 2021* (the "**Application**") will be presented for approval and signature to the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York (the "**Court**") on **April 27, 2021 at 10:00 a.m. (prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that, unless a written objection to the Application is served and filed with proof of service with the Clerk of the Court, and a courtesy copy is delivered to the undersigned and to the chambers of the Honorable Robert D. Drain, so as to be received by **April 23, 2021 at 4:00 p.m. (prevailing Eastern Time)**, there will not be a hearing to consider the Application, and such Application may be signed and entered by the Court.

**PLEASE TAKE FURTHER NOTICE** that, if a written objection is timely filed and served with respect to the Application, a hearing (the "Hearing") will be held to consider the Application before the Court at the United States Bankruptcy Court, 300 Quarropas Street, White Plains, New York 10601, on a date to be announced.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing and a failure to appear may result in relief being granted upon default.

**PLEASE TAKE FURTHER NOTICE** that copies of the Application may be obtained free of charge by visiting the website of Prime Clerk LLC at https://restructuring.primeclerk.com/purduepharma. You may also obtain copies of any pleadings by visiting the Bankruptcy Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

Dated: April 13, 2021
       New York, New York

                    DAVIS POLK & WARDWELL LLP

                    By: */s/ Eli J. Vonnegut*

450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut
Christopher S. Robertson

*Counsel to the Debtors*
*and Debtors in Possession*

3

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut

*Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.,** *et al.*, | Case No. 19-23649 |
| Debtors.[1] | (Jointly Administered) |

**APPLICATION OF DEBTORS FOR AUTHORITY TO RETAIN
AND EMPLOY GRANT THORNTON LLP AS TAX STRUCTURING
CONSULTANTS TO THE DEBTORS *NUNC PRO TUNC* TO JANUARY 20, 2021**

Purdue Pharma L.P. ("**PPLP**") and its affiliates that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**," the "**Company**" or "**Purdue**") hereby represent in support of this application (this "**Application**"):

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P., Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

**Jurisdiction and Venue**

1.  The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Debtors consent to entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

2.  On September 15, 2019 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtors' chapter 11 cases. On September 27, 2019 the Office of the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed an official committee of unsecured creditors (the "**Creditors' Committee**").

3.  The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Bankruptcy Rules and the *Order Directing Joint Administration of Chapter 11 Cases* [ECF No. 59] entered by the Court in each of the chapter 11 cases.

4. Additional information about the Debtors' businesses and the events leading up to the Petition Date can be found in the *Debtors' Informational Brief* [ECF No. 17].

## Relief Requested

5. By this Application and pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), authorizing the Debtors to retain and employ Grant Thornton LLP ("**Grant Thornton**") as tax structuring consultants to the Debtors for the matters described herein, effective *nunc pro tunc* to January 20, 2021, pursuant to the Statement of Work for Tax Structuring Services between Grant Thornton and PPLP (the "**SOW**"), together with the master terms and conditions of the Agreement dated June 1, 2018 between Grant Thornton and PPLP (the "**MSA**," and together with the SOW, the "**Engagement Agreement**," copies of which are attached hereto as **Exhibit B**).

6. In support of the relief requested herein, the Debtors submit the *Declaration of Raymond Werth in Support of Application of Debtors for Authority to Retain and Employ Grant Thornton LLP as Tax Structuring Consultants to the Debtors Nunc Pro Tunc to January 20, 2021* (the "**Werth Declaration**"), attached hereto as **Exhibit C**. In further support of this Application, the Debtors submit the *Declaration of Jon Lowne in Support of Application of Debtors for Authority to Retain and Employ Grant Thornton LLP as Tax Structuring Consultants to the Debtors Nunc Pro Tunc to January 20, 2021* (the "**Lowne Declaration**"), a copy of which is attached hereto as **Exhibit D**.

**Scope of Grant Thornton's Services**

7. Subject to the Court's approval, and as set forth more fully in the SOW, in consideration for the compensation contemplated therein, Grant Thornton will, to the extent requested, provide certain tax structuring services (collectively, the "**Grant Thornton Services**") to the Debtors, including:

(a) assisting the Debtors' management in analyzing the income tax consequences to the Debtors with respect to transactions between the Debtors and the new entity ("**Newco**") anticipated to be created in the bankruptcy reorganization;

(b) discuss and consult with PPLP and its legal counsel, Davis Polk & Wardell LLP ("**Davis Polk**"), regarding the federal and state income tax implications of transactions required by the Court (transactions as proposed by Davis Polk) effectuating the bankruptcy reorganization;

(c) assist PPLP's management in determining the federal income tax basis in the assets of the Newco and its affiliates immediately following the bankruptcy reorganization; and

(d) assist in modeling future U.S. federal and state income tax cash tax liabilities for Newco following emergence from bankruptcy.

8. Should the Debtors request Grant Thornton to perform additional services not contemplated by the SOW, the Debtors and Grant Thornton will mutually agree in advance upon such services and fees for those services in writing in a new Statement of Work, which will be subject to the Court's review upon proper application.

4

9. Subject to approval of this Application, Grant Thornton has informed the Debtors that it is willing to serve as the Debtors' consultant and to perform the Grant Thornton Services on matters arising during these chapter 11 cases.

**Grant Thornton's Qualifications and the Need for Grant Thornton's Services**

10. The Debtors submit this Application because of the need to retain qualified tax consultants to assist the Debtors with certain critical tasks associated with guiding the Debtors through these chapter 11 cases, which require particular expertise. Specifically, the Debtors believe that tax consultants are needed to evaluate, advise, assist, and provide specialized tax structuring advice with respect to the formulation of the Debtors' plan of reorganization (the "**Plan**"). As set forth in the Lowne Declaration, the Debtors believe that their retention of tax structuring consultants is necessary and appropriate to enable them to evaluate these issues raised by the chapter 11 cases and effectively fulfill their statutory duties.

11. The Debtors selected Grant Thornton to provide the Grant Thornton Services due to Grant Thornton's reputation and expertise in the fields of tax services, and because Grant Thornton's professionals have experience in providing high-quality tax and financial analysis to clients in chapter 11 bankruptcy proceedings, including years of experience providing tax structuring advice and analysis in connection with exit strategies in bankruptcy. As such, the retention of Grant Thornton as consultant will promote the efficient administration of these chapter 11 cases and the Debtors' expeditious and successful emergence from Chapter 11.

12. As set forth in the Werth Declaration, Grant Thornton is the U.S. member of Grant Thornton International Ltd., a global audit, tax, and advisory organization of separate, independent network firms providing services in more than 120 countries. Grant Thornton has approximately 59 offices in the United States. The professionals in Grant Thornton's tax practice consist of senior

tax, accounting, and other professionals specializing in tax, financial, business, and strategic advice to enterprises, including distressed enterprises.

13. Grant Thornton has significant qualifications, experience, and extensive knowledge in the fields of accounting and taxation for large, sophisticated companies, both in and out of chapter 11 bankruptcy. Accordingly, the Debtors have determined that Grant Thornton has the resources and experience necessary to perform tax services in these chapter 11 cases.

14. As set forth in the Werth Declaration, since approximately June 2018, the Debtors have engaged Grant Thornton to provide tax-related services to the Debtors pursuant to the terms of the MSA and other statements of work executed in connection therewith. Since the Petition Date, Grant Thornton has continued to provide the Debtors tax advice in the ordinary course of business unrelated to their bankruptcy cases. Consequently, Grant Thornton is already familiar with the Debtors' business affairs and uniquely qualified to provide the proposed and anticipated services.

15. Pursuant to the SOW, the Debtors now seek to expand Grant Thornton's scope of services to retain Grant Thornton to provide advice and perform services on behalf of the Debtors' estates directly related to core bankruptcy matters, *i.e.*, tax structuring services related to the Debtors' Plan. By virtue of its ongoing engagement by PPLP prior to and during these bankruptcy cases, Grant Thornton is familiar with the issues surrounding this matter, will be able to draw on its earlier data collection, and will be able to streamline its analysis under this engagement and minimize costs to the estate. The Debtors have specifically selected Grant Thornton to provide these services because Grant Thornton has previously rendered tax compliance and advisory services to the Debtors and, as a result, has considerable knowledge concerning the Debtors' books

6

and records and many of the potential tax-related issues that may arise during the pendency of these proceedings. As a result, retaining Grant Thornton is both efficient and cost effective.

16. In light of the foregoing, Grant Thornton is well qualified and uniquely able to represent the Debtors as tax structuring consultants pursuant to section 327(a) of the Bankruptcy Code, and the Grant Thornton's retention would be in the best interest of the Debtors' estates, creditors, and other parties in interest.

### Grant Thornton's Disinterestedness

17. Grant Thornton has informed the Debtors that, as of the date hereof, except as set forth in the Werth Declaration, (a) Grant Thornton has no connection with the Debtors, their creditors, equity security holders, or other parties in interest in these Chapter 11 Cases; (b) Grant Thornton does not hold or represent any entity having an interest adverse to the interests of the Debtors' estates or of any class of creditors or equity security holders; and (c) Grant Thornton (i) is not a creditor, equity security holder, or an insider of the Debtors, and (ii) is not or was not, within two years before the Petition Date, a director, officer, or employee of any of the Debtors. In addition, none of the Grant Thornton professionals expected to assist the Debtors in these chapter 11 cases are related or connected to any United States Bankruptcy Judge for the Southern District of New York, the U.S. Trustee, or any person employed in the office of the U.S. Trustee.

18. To the extent that the Application is granted, Grant Thornton has agreed to waive any and all currently outstanding amounts owed for professional services rendered to the Debtors prior to the Petition Date. Grant Thornton is not aware of any outstanding amounts owed for professional services rendered to the Debtors prior to the Petition Date. Additionally, Grant Thornton is not aware of any amounts paid by the Debtors to Grant Thornton in the 90 days prior to the Petition Date.

19.     The Debtors have been informed that Grant Thornton will supplement the Werth Declaration if any facts or circumstances are discovered that require additional disclosure.

20.     Based on the foregoing, the Debtors believe that Grant Thornton is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

### Grant Thornton's Compensation

21.     The hourly billing rates for Grant Thornton professionals are being provided at a discounted hourly rate for these type of services at the rates reflected in the table below.

| Level | Discounted Hourly Rate |
| --- | --- |
| Partner / Managing Director | $765 |
| Senior Manager / Director | $650 |
| Manager | $570 |
| Senior Associate | $460 |
| Associate | $280 |

22.     The Grant Thornton professionals expected to spend significant time on the engagement are set forth below. [2]

| Name | Title | 2021 Rate |
| --- | --- | --- |
| Raymond Werth | Partner | $765 |
| Russ Daniel | Partner | $765 |
| Brian Angstadt | Senior Manager | $650 |
| Laura Michael Hughes | Manager | $570 |
| Amber McNaull | Senior Associate | $460 |
| Harry Alex | Associate | $280 |

---

[2] Grant Thornton's hourly rates are subject to change from time to time in the regular course of Grant Thornton's business. Grant Thornton will provide notice to the Debtors, the Office of the United States Trustee and any statutory committees appointed in the Debtors' chapter 11 cases of any change in Grant Thornton's hourly rates. Grant Thornton also will file a notice of any such change in hourly rates with the Court.

8

23. In addition to the hourly billing rates set forth herein, Grant Thornton customarily charges its clients for direct expenses incurred by Grant Thornton in connection with the Grant Thornton Services provided herein including, but not limited to, reasonable and customary out-of-pocket expenses for items such as copies, postage, supplies, computer and technology usage, software licensing, research and library databases and similar expense items, as well as the fees and expenses that Grant Thornton's counsel directly bills Grant Thornton in connection with this engagement relating to Grant Thornton's retention and fee applications submitted in the chapter 11 cases.

24. In addition, if Grant Thornton is requested or authorized by PPLP or Davis Polk, or is required by government regulation, subpoena or other legal process, to produce its documents or personnel as witnesses with respect to the Grant Thornton Services, so long as Grant Thornton is not a party in the proceeding in which such information is sought, Grant Thornton customarily charges its clients for its professional time and expenses, as well as the fees and expenses of Grant Thornton's counsel, if any, incurred in responding to such requests.

25. As set forth in the Werth Declaration, the Debtors understand that Grant Thornton will apply to the Court for allowance of compensation and reimbursement of expenses for all professional services performed and expenses incurred after the Petition Date in accordance with General Order M-412 (*Order Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals*, dated December 21, 2010 (Gonzalez, C.J.)), Administrative Order M-447 (*Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, dated January 29, 2013 (Morris, C.J.)), and the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective

9

November 1, 2013 (collectively, the "**Fee Guidelines**"), the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of the Court.

26. The Debtors respectfully submit that Grant Thornton's rates and policies, as stated herein and in the Werth Declaration, are reasonable and customary. Grant Thornton's rates and policies are consistent with Grant Thornton's normal and customary billing practices for cases of this size and complexity that require the level of scope and services outlined herein. Moreover, Grant Thornton's rates and policies are reasonable in light of (a) industry practice, (b) market rates charged for comparable services both in and out of the chapter 11 context, (c) Grant Thornton's substantial experience with respect to claim valuation and consulting services, and (d) the nature and scope of work to be performed by Grant Thornton in these chapter 11 cases.

27. To the best of the Debtors' knowledge, neither Grant Thornton nor any Grant Thornton professional expected to assist the Debtors with these chapter 11 cases, has received or been promised any compensation for services rendered or to be rendered in any capacity in connection with the Debtors' chapter 11 cases, other than as permitted by the Bankruptcy Code. Grant Thornton has agreed not to share compensation received in connection with the Debtors' chapter 11 cases with any other person.

## No Duplication of Services

28. The Debtors intend that the Grant Thornton Services will complement, and not duplicate, the services being rendered by any other professional retained in these chapter 11 cases. Grant Thornton understands that the Debtors have retained and may retain additional professionals during the term of their engagement and agrees to work cooperatively with such professionals to avoid any duplication of services. The Debtors firmly believe that Grant Thornton will provide these necessary services in a cost-effective, efficient, and expert manner.

**The Relief Requested Should Be Granted**

29. Section 327(a) of the Bankruptcy Code provides that a debtor, subject to Court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C. § 327(a). Bankruptcy Rule 2014 requires that applications for retention of professionals include, among other things:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm]'s connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).

30. As required by Bankruptcy Rule 2014(a), the above-described facts set forth in this Application and the information in the Exhibits attached hereto set forth: (a) the specific facts showing the necessity for Grant Thornton's employment; (b) the reasons for the Debtors' selection of Grant Thornton as their consultant in connection with these chapter 11 cases; (c) the professional services proposed to be provided by Grant Thornton; (d) the arrangement between the Debtors and Grant Thornton with respect to Grant Thornton's compensation, including information on hourly fees and the reasonableness thereof; and (e) to the best of the Debtors' knowledge, the extent of Grant Thornton's connections, if any, to certain parties in interest in these matters.

31. The Debtors respectfully submit that retaining and employing Grant Thornton pursuant to the terms of this Application is necessary and in the best interests of the Debtors'

estates and all parties in interest in these chapter 11 cases. Accordingly, Grant Thornton's retention by the Debtors should be approved.

### *Nunc Pro Tunc* Relief is Warranted

32. The Debtors believe that the employment of Grant Thornton effective *nunc pro tunc* to January 20, 2021 is warranted under the circumstances of these chapter 11 cases so that Grant Thornton may be compensated for its services prior to entry of an order approving Grant Thornton's retention. Grant Thornton has provided services to the Debtors in advance of approval of this Application in anticipation that its retention would be approved *nunc pro tunc* to January 20, 2021. The Debtors required Grant Thornton to immediately dedicate substantial efforts to understanding and evaluating the tax implications and structure of the Newco so that the Debtors could proceed with negotiating, formulating and drafting the Plan with the benefit of Grant Thornton's expert advice and assistance without delay. Further, the Debtors believe that no party-in-interest will be prejudiced by the granting of the *nunc pro tunc* employment because Grant Thornton has provided, and will continue to provide, valuable services to the Debtors' estates in the interim period.

### Notice

33. Notice of this Application will be provided to: (a) the entities on the Master Service List (as defined in the Case Management Order and available on the Debtors' case website at https://restructuring.primeclerk.com/purduepharma) and (b) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "**Notice Parties**").

34. A copy of this Application and any order approving it will also be made available on the Debtors' Case Information Website located at https://restructuring.primeclerk.com/purduepharma. Based on the circumstances surrounding this

Application and the nature of the relief requested herein, the Debtors respectfully submit that no further notice is required.

## No Previous Request

35. No previous request for the relief sought herein has been made by the Debtors to this Court or any other court.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, the Debtors respectfully request entry of the Proposed Order and such other and further relief as is just.

April 13, 2021
New York, NY

**PURDUE PHARMA L.P.**
(for itself and on behalf of its affiliates
that are debtors and debtors in possession)

*/s/ Jon Lowne*
Jon Lowne
Executive Vice President and
Chief Financial Officer
Purdue Pharma L.P.

14