# Exhibit A

# Proposed Order

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| PURDUE PHARMA L.P., *et al.*, | Case No. 19-19-23649 (RDD) |
| Debtors. [1] | (Jointly Administered) |

ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT
OF GRANT THORNTON LLP AS TAX RESTRUCTURING CONSULTANTS
FOR THE DEBTORS *NUNC PRO TUNC* TO JANUARY 20, 2021

Upon the application (the "**Application**"),[2] of Purdue Pharma L.P. and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to section 327(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Bankruptcy Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), for entry of an order authorizing the Debtors to retain Grant Thornton as consultant to the Debtors with respect to the Grant Thornton Services, effective *nunc pro tunc* to January 20, 2021, all as more fully set forth in the Application; and upon the declaration of Raymond Werth, a tax partner of Grant Thornton, attached to the Application as **Exhibit C** (the "**Werth Declaration**") and the declaration of Jon

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P., Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Capitalized terms used but not defined in this Order shall have the meanings ascribed to them in the Application.

Lowne, attached to the Application as **Exhibit D** (the "**Lowne Declaration**")**,** and this Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Application having been provided to the Notice Parties, and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and this Court having held a hearing on the Application (the "**Hearing**"); and the Court having considered the Werth Declaration and the Lowne Declaration, filed contemporaneously with the Application, and the Court having determined that the relief sought in the Application is in the best interests of the Debtors, their creditors, and all parties in interest, and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

    **IT IS HEREBY ORDERED THAT**:

  1.  The Application is approved as set forth herein.

  2.  The Debtors are authorized to retain Grant Thornton as tax restructuring consultants to the Debtors with respect to the Grant Thornton Services, effective *nunc pro tunc* to January 20, 2021, and Grant Thornton is authorized to perform the Grant Thornton Services described in the Application and the Engagement Agreement.

  3.  The Debtors are authorized to reimburse Grant Thornton for its reasonable and documented out-of-pocket costs and expenses, *nunc pro tunc* to January 20, 2021, including, but not limited to the reasonable, actual, documented, out-of-pocket costs, fees, disbursements, and other charges of Grant Thornton's external legal counsel (without the need for such legal

counsel to be retained as a professional in the chapter 11 cases and without regard to whether such legal counsel's services satisfy section 330(a)(3)(C) of the Bankruptcy Code); provided, that, if Grant Thornton seeks reimbursement from the Debtors for attorneys' fees and expenses pursuant to the Engagement Agreement, the invoices and supporting time records for the attorneys' fees and expenses shall be included in Grant Thornton's own applications, both interim and final, and these invoices and time records shall be subject to the U.S. Trustee Guidelines and the approval of the Bankruptcy Court pursuant to sections 330 and 331 of the Bankruptcy Code, but without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code, and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

    4.  Grant Thornton shall file fee applications for allowance of its compensation and reimbursement of its expenses with respect to services rendered in these chapter 11 cases with this Court in accordance with 11 U.S.C. §§ 330 and 331, as the case may be, and the applicable Bankruptcy Rules, Local Rules, and fee and expense guidelines and orders of this Court.

    3.  Grant Thornton shall provide reasonable notice to the Debtors, the U.S. Trustee and any statutory committee appointed in these chapter 11 cases before implementing any increases in the rates set forth in the Application for professionals providing the Grant Thornton Services.

    4.  Notwithstanding anything to the contrary in the MSA, the indemnification provisions are hereby modified and restated in its entirety as follows:

  (a)  All requests by Grant Thornton for payment of indemnity pursuant to the MSA shall be made by means of an application (interim or final as the case may be) and shall be subject to review by the Court to ensure payment of such indemnity conforms to the terms of the MSA and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought; <u>provided, however</u>, that in no event shall Grant

3

Thornton be indemnified in the case of its own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence or willful misconduct;

(b)  In the event that Grant Thornton seeks reimbursement from the Debtors for reasonable attorneys' fees in connection with a request by Grant Thornton for payment of indemnity pursuant to the MSA, as modified by this Order, the invoices and supporting time records from such attorneys shall be included in Grant Thornton's own application (both interim and final) and such invoices and time records shall be subject to the Fee Guidelines and the approval of the Court under the standards of sections 330 and 331 of the Bankruptcy Code without regard to whether such attorney has been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code; and

5.  The limitation of liability section in paragraph 2 of the Attachment A to the MSA is deemed to be of no force or effect with respect to the services to be provided pursuant to this Order.

6.  Notwithstanding anything in the Application or the Engagement Agreement to the contrary, if Grant Thornton terminates this engagement by giving written notice to PPLP, Grant Thornton shall remain entitled to any fees accrued but not yet paid prior to such termination, subject to Court approval of (a) such termination and (b) any fees accrued and not yet paid under the Fee Guidelines, the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of the Court.

7.  Before implementing any increases in Grant Thornton's rates, as set forth in the Engagement Agreement, for any individual retained by Grant Thornton and providing services in these cases, Grant Thornton shall file a supplemental declaration with the Court and provide ten business days' notice to the Debtors, the United States Trustee and any official committee. The supplemental declaration shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtors have consented to the rate increase(s). All parties in interest retain all rights to object to any rate increase

4

on all grounds, including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code.

8. Notwithstanding anything in the Application or the Engagement Agreement to the contrary, during the pendency of these chapter 11 cases, this Court retains exclusive jurisdiction with respect to any matters, claims, rights or disputes arising out of and/or pertaining to Grant Thornton's engagement and the implementation of this Order until such jurisdiction is relinquished.

9. The relief granted herein shall be binding upon any chapter 11 trustee appointed in any of these Chapter 11 Cases or upon any chapter 7 trustee appointed in the event of a subsequent conversion of any of the Chapter 11 Cases to cases under chapter 7.

10. Notice of the Application as provided therein is good and sufficient notice of such Application and the requirements of Bankruptcy Rule 6004(h) and the Local Rules are satisfied by such notice.

11. Notwithstanding any provision in the Bankruptcy Rules to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

12. The Debtors are authorized to take all reasonable actions necessary to effectuate the relief granted in this Order in accordance with the Application.

13. In the event of any inconsistency between the Application, the Engagement Agreement and this Order, the terms of this Order shall govern.

14. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2021
       White Plains, New York

 

                                                    THE HONORABLE ROBERT D. DRAIN
                                                  UNITED STATES BANKRUPTCY JUDGE

6