## Exhibit D

**Declaration of Jon Lowne**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| PURDUE PHARMA L.P., *et al.*, | Case No. 19-23649 |
| Debtors.[1] | (Jointly Administered) |

**DECLARATION OF JON LOWNE IN SUPPORT OF**
**APPLICATION FOR AUTHORITY TO RETAIN AND EMPLOY**
**GRANT THORNTON LLP AS TAX STRUCTURING CONSULTANTS**
**TO THE DEBTORS *NUNC PRO TUNC* TO JANUARY 20, 2021**

I, Jon Lowne, being fully sworn, hereby declare that the following is true to the best of my knowledge, information and belief:

1. I am an Executive Vice President and the Chief Financial Officer of Purdue Pharma L.P. ("**PPLP**" and, collectively with each of the other above-captioned debtors, the "**Debtors**," the "**Company**" or "**Purdue**"). I was first employed by Purdue as Senior Internal Auditor in 1995 and gained increasing responsibility in the Company's finance team over time, including as Controller from 2005 to July 2017, and then as Acting Chief Financial Officer from August 2017 to February 2018. Since March 2018, I have been the Chief Financial Officer of PPLP. I am familiar with the day-to-day operations, business and financial affairs of the Debtors.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P., Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

#94315152v6

2. I submit this declaration (the "**Declaration**") in support of the *Application of Debtors for Authority to Retain and Employ Grant Thornton LLP as Tax Structuring Consultants to the Debtors Nunc Pro Tunc to January 20, 2021* (the "**Application**"). Unless otherwise defined, all capitalized terms used herein have the meanings ascribed to them in the Application.

3. Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge, my review of relevant documents, information provided to me by employees working under my supervision, or my opinion based upon experience, knowledge and information concerning the operations of the Debtors. If called upon to testify, I would testify competently to the facts set forth in this Declaration.

## THE DEBTORS' DETERMINATION TO RETAIN GRANT THORNTON

4. It is my strong belief that it is critical to select advisors with the utmost care to maximize the value of the Debtors' estates, while at the same time focusing on costs to ensure that the Debtors' limited resources are being appropriately utilized.

5. The Debtors determined that they required the services of tax structuring consultants in order to advise and assist the Debtors in evaluating and analyzing the tax consequences and implications related to the transactions required to effectuate the bankruptcy reorganization pursuant to the Debtors' Plan.

6. Since approximately June 2018, the Debtors have engaged Grant Thornton to provide tax-related services to the Debtors pursuant to the terms of the MSA and other statements of work executed in connection therewith. Since the Petition Date, Grant Thornton has continued to provide the Debtors tax advice in the ordinary course of business unrelated to their bankruptcy cases. By virtue of its ongoing engagement by PPLP prior to and during these bankruptcy cases, Grant Thornton is familiar with the issues surrounding this matter, will be able to draw on its

earlier data collection, and will be able to streamline its analysis under this engagement and minimize costs to the estate.

7. The Debtors independently evaluated Grant Thornton's qualifications and the proposed terms of Grant Thornton's retention and determined that Grant Thornton was well qualified for the role and that the proposed terms of their retention were reasonable.

8. The hourly billing rates for Grant Thornton professionals are being provided at a discounted hourly rate for these type of services at the rates reflected in the table below.

| *Level* | *Discounted Hourly Rate* |
|---|---|
| Partner / Managing Director | $765 |
| Senior Manager / Director | $650 |
| Manager | $570 |
| Senior Associate | $460 |
| Associate | $280 |

9. The Grant Thornton professionals expected to spend significant time on the engagement are set forth below.

| Name | Title | 2021 Rate |
|---|---|---|
| Raymond Werth | Partner | $765 |
| Russ Daniel | Partner | $765 |
| Brian Angstadt | Senior Manager | $650 |
| Laura Michael Hughes | Manager | $570 |
| Amber McNaull | Senior Associate | $460 |
| Harry Alex | Associate | $280 |

10. Based on my experience, I believe that fee structures similar to the Fee Structure are standard for tax structuring consulting firms and that Grant Thornton's negotiated compensation package was fair and reasonable and consistent with the market for such services.

11. For the avoidance of doubt, I have no relationship with Grant Thornton.

## SCOPE OF GRANT THORNTON'S SERVICES

12. As set forth more fully in the SOW, in consideration for the compensation contemplated therein, Grant Thornton will, to the extent requested, provide certain tax structuring services to the Debtors, including:

   a. assisting the Debtors' management in analyzing the income tax consequences to the Debtors with respect to transactions between the Debtors and the new entity ("**Newco**") anticipated to be created in the bankruptcy reorganization;

   b. discuss and consult with PPLP and its legal counsel, Davis Polk & Wardell LLP ("**Davis Polk**"), regarding the federal and state income tax implications of transactions required by the Court (transactions as proposed by Davis Polk) effectuating the bankruptcy reorganization;

   c. assist PPLP's management in determining the federal income tax basis in the assets of the Newco and its affiliates immediately following the bankruptcy reorganization; and

   d. assist in modeling future U.S. federal and state income tax cash tax liabilities for Newco following emergence from bankruptcy.

13. Should the Debtors request Grant Thornton to perform additional services not contemplated by the SOW, the Debtors and Grant Thornton will mutually agree in advance upon such services and fees for those services in writing in a new Statement of Work, which will be subject to the Court's review upon proper application.

14. I believe that the retention of Grant Thornton on the terms contemplated by the SOW is in the best interest of the Debtors and their estates and all stakeholders.

[*Remainder of page intentionally left blank.*]

Dated: April 13, 2021
New York, New York

By: */s/ Jon Lowne*

Jon Lowne
Executive Vice President and
Chief Financial Officer
Purdue Pharma L.P.