DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
James I. McClammy
Eli J. Vonnegut

*Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.**, *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

## DEBTORS' STATEMENT IN RESPONSE TO THE
## MOTION TO CORRECT CLAIM; FRAUDULENT ACTIVITY BY PRIME CLERK

Purdue Pharma L.P. ("**PPLP**") and its affiliates that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**") respectfully represent as follows in response to the *Motion to Correct Claim; Fraudulent Activity by Prime Clerk* [Dkt. No. 2466] (the "**Motion**") filed by Robert V. Wilkie ("**Mr. Wilkie**"):

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717), and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

1. Mr. Wilkie requests that the Court "investigate the reasons why [Prime Clerk LLC ("**Prime Clerk**")] changed the answers on [his] original filing and the two subsequent amended filings" and states his belief that "since Prime [] Clerk fraudulently changed the answers to [his] three filings Prime [] Clerk is fraudulently changing the answers to other claimant filings." (Mot. at 2.) The Motion should be denied because the issue described by Mr. Wilkie was already brought to the attention of the Court and resolved, and Prime Clerk is available to assist Mr. Wilkie with amending his proof of claim.

2. On August 14, 2020, the Court informed the Debtors that an issue involving the electronic personal injury proof of claim forms had been brought to its attention by counsel for an individual claimant. The Debtors and Prime Clerk immediately investigated the issue. Based on that investigation, the Debtors learned that, as a result of requested edits that were made to the personal injury proof of claim form to allow for certain fields not to be mandatory, between June and August of 2020—during the time that Mr. Wilkie was submitting his proofs of claim (*see* Proof of Claim Final Audit Reports, Mot. Ex. B, at 41, 61; Ex. C, at 82)—a technical glitch occurred wherein a certain checkbox in question fourteen (14) of the form would automatically be checked if a certain other box was checked. The technical glitch Mr. Wilkie experienced affected approximately 2,000 electronically-submitted personal injury proof of claim forms. Prime Clerk fixed the issue with the personal injury proof of claim form shortly after determining the problem. Accordingly, on August 17, 2020, after consulting with the Official Committee of Unsecured Creditors ("**Creditors' Committee**"), the Debtors updated the Court on the results of the investigation, including that: (i) Prime Clerk had resolved the technical glitch; (ii) the technical glitch had affected a relatively small number of claims; (iii) none of the affected claimants would be prejudiced by the technical glitch; and (iv) any necessary

amendments to the affected proofs of claim could be handled through Prime Clerk, in consultation with the Debtors and the Creditors' Committee.  At that time, the Court was satisfied that the issue was handled.

3.  Based on the foregoing, the Debtors submit that no further action by the Debtors or Prime Clerk is needed to resolve the Motion, as the Court was already made aware of the issue and it has since been resolved.[2]  Following the filing of the Motion, Prime Clerk reached out to Mr. Wilkie to assist him with amending his proof of claim.  Although Mr. Wilkie indicated that he preferred to have his Motion heard, rather than work with Prime Clerk at that time, Prime Clerk remains available to assist Mr. Wilkie with amending his proof of claim.  The Debtors have consulted with the advisors to the Creditors' Committee, who agree that there is nothing more to be done to resolve the Motion.

[*Remainder of page intentional left blank*]

---

[2] The Debtors confirmed with Prime Clerk that the affected proofs of claim will be flagged for the claims administrator of the personal injury trust contemplated under the Debtors' filed plan.

Dated: April 14, 2021
      New York, New York

*/s/ James I. McClammy*
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
James I. McClammy
Eli J. Vonnegut

*Counsel to the Debtors*
*and Debtors in Possession*