DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
James I. McClammy
Timothy Graulich
Eli J. Vonnegut
Christopher S. Robertson

*Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.,** *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | **(Jointly Administered)** |

**NOTICE OF PRESENTMENT OF SUPPLEMENTAL APPLICATION OF DEBTORS
FOR ENTRY OF AN ORDER IN FURTHERANCE OF THE RETENTION AND
EMPLOYMENT OF ALIXPARTNERS, LLP TO INCLUDE
<u>EDISCOVERY CONSULTING SERVICES</u>**

PLEASE TAKE NOTICE that the annexed *Supplemental Application of Debtors for*

*Entry of an Order in Furtherance of the Retention and Employment of AlixPartners, LLP to*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

*Include  Ediscovery Consulting Services* (the "**Supplemental Application**") will be presented

for approval and signature to the Honorable Robert D. Drain, United States Bankruptcy Judge,

United States Bankruptcy Court for the Southern District of New York (the "**Court**") on **April

29, 2021 at 10:00 a.m. (prevailing Eastern Time)**.

      **PLEASE TAKE FURTHER NOTICE** that, unless a written objection to the

Supplemental Application is served and filed with proof of service with the Clerk of the Court,

and a courtesy copy is delivered to the undersigned and to the chambers of the Honorable Robert

D. Drain, so as to be received by **April 26, 2021 at 4:00 p.m. (prevailing Eastern Time)**, there

will not be a hearing to consider the Supplemental Application, and such Supplemental

Application may be signed and entered by the Court.

      **PLEASE TAKE FURTHER NOTICE** that, if a written objection is timely filed and

served with respect to the Supplemental Application, a hearing (the "**Hearing**") will be held to

consider the Supplemental Application before the Court at the United States Bankruptcy Court,

300 Quarropas Street, White Plains, New York 10601, on a date to be announced.

      **PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the

Hearing and a failure to appear may result in relief being granted upon default.

      **PLEASE TAKE FURTHER NOTICE** that copies of the Supplemental Application

may be obtained free of charge by visiting the website of Prime Clerk LLC at

https://restructuring.primeclerk.com/purduepharma.  You may also obtain copies of any

pleadings by visiting the Bankruptcy Court's website at http://www.nysb.uscourts.gov in

accordance with the procedures and fees set forth therein.

Dated:    April 15, 2021
          New York, New York

DAVIS POLK & WARDWELL LLP

By:    */s/ Eli J. Vonnegut*                 

450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile:  (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
James I. McClammy
Timothy Graulich
Eli J. Vonnegut
Christopher S. Robertson

*Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (RDD)** |
| Debtors.[1] | **(Jointly Administered)** |

**SUPPLEMENTAL APPLICATION OF DEBTORS FOR ENTRY**
**OF AN ORDER IN FURTHERANCE OF THE RETENTION AND**
**EMPLOYMENT OF ALIXPARTNERS, LLP TO INCLUDE**
**EDISCOVERY CONSULTING SERVICES**

Purdue Pharma L.P. and its affiliates that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**," the "**Company**" or "**Purdue**"), respectfully represent as follows in support of this supplemental application (the "**Supplemental Application**"):

**Background**

1.    On September 15, 2019 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case (the "**Chapter 11 Cases**") under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

2.     The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.     These chapter 11 cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) and the *Order Directing Joint Administration of Chapter 11 Cases* (Docket No. 59) entered by the Court in each of the chapter 11 cases.

4.     No trustee or examiner has been appointed in the Chapter 11 Cases.

5.     Additional information about the Debtors' businesses and the events leading up to the Petition Date can be found in the Debtors' Informational Brief (Docket No. 17).

6.     On November 5, 2019, the Debtors filed the *Debtors' Application for an Order Authorizing the Debtors to Retain and Employ AlixPartners, LLP as Financial Advisor Nunc Pro Tunc to the Petition Date,* (Docket No. 429)   (the "**Initial Retention Application**")[2] seeking the retention of AlixPartners on the terms and conditions set forth in that certain engagement letter, dated as of March 5, 2019, and the first addendum thereto, dated as of April 24, 2019, and the second addendum thereto, dated as of May 8, 2019, and as amended on August 15, 2019 (together, the "**Engagement Letter**").

7.     On November 21, 2019, the Court approved the Initial Retention Application and entered the *Order Authorizing Debtors to Retain and Employ AlixPartners, LLP, as Financial Advisor Nunc Pro Tunc to the Petition Date* (Docket No. 528) (the "**Retention Order**").

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Initial Retention Application.

#94452413v1

**Jurisdiction**

8.    The United States Bankruptcy Court for the Southern District of New York (the "**Court**") has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Bankruptcy Rule 7008, the Debtors consent to entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Relief Requested**

9.    By this Supplemental Application, pursuant to 327(a), 328(a) and 1107 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016(a), and Rules 2014-1 and 2016-1 of the Local Rules, and the Retention Order, the Debtors request entry of an order, (a) authorizing AlixPartners, LLP ("**AlixPartners**") to provide additional services under the terms described in the addendum for eDiscovery consulting services dated March 18, 2021 attached hereto as **Exhibit A** (the "**Third Addendum**"), and (b) granting related relief.  In support of this Supplemental Application, the Debtors submit the declaration of Lisa Donahue, a Managing Director of AlixPartners (the "**Donahue Declaration**"), which is attached hereto as **Exhibit B**.

10.    A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit C** (the "**Proposed Order**").

**Supplemental Retention of AlixPartners**

11.    The relief sought herein relates to eDiscovery consulting services required by the Debtors.  More specifically, AlixPartners will host for download the various productions made by the Debtors in connection with the Debtors' confirmation process. AlixPartners will also

3

create a managed site for all confirmation parties to allow them securely download these productions.

12.    AlixPartners is an internationally recognized restructuring and turnaround firm, and, together with its affiliates has substantial experience in providing financial advisory and interim management services, including eDiscovery consulting services, and has an excellent reputation for services it has rendered in large and complex chapter 11 cases on behalf of debtors and creditors throughout the United States.

13.    AlixPartners is both qualified and able to provide the Additional Services (as defined below).

14.    As such, the Debtors seek approval for AlixPartners to provide the services outlined in the Third Addendum and this Supplemental Application.

### Services to be Provided

15.    As set forth in the Third Addendum, AlixPartners will provide eDiscovery consulting services.  More specifically, AlixPartners may work to, among other things:

- Develop and provide a secure data repository according to specifications provided by the Company.
- Coordinate and implement data collection and transfer processes.
- Prepare and make available for download documents identified by the Company in accordance with requested production specifications.
- Assist the Company with such other matters as may be requested by the Company that are within AlixPartners' expertise and are mutually agreeable.

(collectively, the "**Additional Services**").

16.    The Debtors submit that the Additional Services do not duplicate services being provided to the Debtors by other professionals in the Chapter 11 Cases.  The Debtors have not hired any other professionals to perform the Additional Services.

4

**Professional Compensation**

17.    The Supplemental Agreement will not change the overall structure of AlixPartners' retention as approved in the Retention Order and further discussed in the Initial Retention Application.  AlixPartners intends to apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Third Addendum in the same manner as the procedures approved in the Retention Order.  To be clear, in connection with services performed under the Third Addendum, AlixPartners shall file applications for interim and final allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code, such Bankruptcy Rules and Local Bankruptcy Rules as may then be applicable, U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 (Appendix A to 28 C.F.R. § 58) (the "**U.S. Trustee Guidelines**"), and any applicable orders and procedures of this Court.  For billing purposes, AlixPartners shall keep its time in one tenth (1/10) hour increments in accordance with the U.S. Trustee Guidelines.  AlixPartners also intends to make a reasonable effort to comply with the U.S. Trustee's requests for additional information both in connection with the Supplemental Application and the interim and final fee applications to be filed by AlixPartners in the Chapter 11 Cases.

18.    AlixPartners' current standard hourly rates for 2021 are as follows:

| Title | Hourly Rate |
| --- | --- |
| Managing Director | $1,030 – $1,295 |
| Director | $825 – $980 |
| Senior Vice President | $665 – $755 |
| Vice President | $485 – $650 |

5

| Consultant | $180 – $480 |
|---|---|
| Paraprofessional | $305 – $325 |

19.     AlixPartners reviews and revises its billing rates on January 1 of each year.  Changes in applicable hourly rates will be noted on the invoices for the first time period in which the revised rates became effective.

20.     Certain monthly hosting fees and consulting fees will apply to the eDiscovery services, as further detailed and outlined by the Third Addendum.

21.     In addition to compensation for professional services rendered by AlixPartners Personnel, AlixPartners will seek reimbursement for reasonable, necessary, and documented out-of-pocket expenses incurred in connection with the chapter 11 cases, including transportation costs, lodging, and meals.

22.     The fee structure above laid out in the Initial Retention Application and in the Third Addendum appropriately reflects the nature of the respective services, and is consistent with, and typical of, arrangements entered into by AlixPartners and other comparable firms with respect to rendering comparable services for clients similar to the Debtors.    The fee structure includes reasonable terms and conditions of employment and should be approved by the Court.

### Indemnification

23.     Any indemnification provisions in the Third Addendum are identical to indemnification provisions contained in the Engagement Letter.

### AlixPartners' Disinterestedness

24.     AlixPartners has represented that it is not a creditor, equity security holder or insider of the Debtor, nor was it an officer, director or employee of the Debtors within two years of the Petition Date.  Any additional personnel that will be brought on by AlixPartners to provide

6

the Additional Services are covered under the same conflicts check described in the Initial

Retention Application and the Supplemental Declarations filed by AlixPartners (Docket Nos. 578,

671, 678, 1859, 2137, and 2468).  Finally, AlixPartners has represented that it does not hold an

interest adverse to the Debtors or any class of creditors or interest holders.  Therefore, to the best

of the Debtors' knowledge, information and belief, and except to the extent disclosed herein and

in the Donahue Declaration, AlixPartners (i) is a  "disinterested person" within the meaning of

section 101(14) of the Bankruptcy Code, (ii) has no connection with the Debtors, their creditors,

or other parties in interest, or the attorneys or accountants of the foregoing, or the U.S. Trustee or

any person employed by the U.S. Trustee; and (iii) does not hold any interest adverse to the

Debtors' estates.

25.    To the extent that any new relevant facts or relationships bearing on the

matters described herein during the period of AlixPartners' retention are discovered or arise, the

Debtors are advised that AlixPartners will use reasonable efforts to promptly file a supplemental

declaration.

### **Basis For Relief Requested**

26.    Section 327(a) of the Bankruptcy Code authorizes a debtor in possession to

employ professionals that "do not hold or represent an interest adverse to the estate, and that are

disinterested persons." 11 U.S.C. § 327(a).  As discussed above, AlixPartners satisfies the

disinterestedness standard of section 327(a).

27.    The Debtors have specifically selected AlixPartners to provide the

Additional Services based on AlixPartners' qualifications, prior experience in assessing the value

of franchise agreements, their ongoing retention in these cases, and their knowledge of the

Debtors' operations and estates.

#94452413v1

28.     The Debtors believe that AlixPartners is warranted to provide the Additional Services as a result of the circumstances presented by these cases.  If AlixPartners is not approved to provide the Additional Services, Debtors would be forced to search for additional professionals to aid them with electronic discovery efforts, resulting in possible delay, incremental costs, and further detrimental effects to the Debtors' estates.

29.     Except as set forth in the Initial Retention Application (and all declarations attached thereto), the Donahue Declaration, and any related supplemental declarations, AlixPartners continues (i) to be a  "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, (ii) have no connection with the Debtors, their creditors, or other parties in interest, or the attorneys or accountants of the foregoing, or the Office of the U.S. Trustee or any person employed in the Office of the U.S. Trustee; and (iii) not hold any interest adverse to the Debtors' estates.

30.     Therefore, the Debtors submit that entry of an order approving AlixPartners to provide additional services pursuant to the Third Addendum is in the best interests of the Debtors and their estates and is a sound exercise of the Debtors' business judgment.

### Notice

31.     Notice of this Supplemental Application will be served on any party entitled to notice pursuant to Bankruptcy Rule 2002 and any other party entitled to notice pursuant to Local Rule 9013-1(b).

### No Prior Request

32.     No prior request for the relief sought in this Supplemental Application has been made to this or any other court.

8

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: April 15, 2021

/s/ Jon Lowne
Jon Lowne
Executive Vice President and
Chief Financial Officer
Purdue Pharma L.P.

## Exhibit A

**Third Addendum**

# **Alix**Partners

Mr. Jon Lowne                                                                                          March 18, 2021
Chief Financial Officer
Purdue Pharma L.P.
One Stamford Forum
201 Tresser Boulevard
Stamford, CT 06901-3431

Mr. James P. Doyle
Vice President & General Counsel
Rhodes Technologies
Rhodes Pharmaceuticals L.P.
498 Washington Street
Coventry, RI 02816

**Re:   Agreement for eDiscovery Consulting Services – Third Addendum**

Dear Sirs:

This letter is the third addendum (the "Third Addendum") to the agreement between AlixPartners, LLP ("AlixPartners") and Purdue Pharma Inc., Purdue Pharma L.P., Rhodes Associates L.P., Rhodes Technologies and Rhodes Pharmaceuticals L.P. (each collectively with their respective subsidiaries, the "Company") dated March 5, 2019 (as further amended, modified and supplemented from time to time, the "Engagement Letter"). Unless otherwise modified herein, the terms and conditions of the Engagement Letter remain in full force and effect. Capitalized terms not otherwise defined herein shall have the meaning given to them in the Engagement Letter.

*The following is in addition to the Engagement Letter:*

## **Objectives and Tasks**

AlixPartners may coordinate with the Company to perform the following tasks:

- Develop and provide a secure data repository according to specifications provided by the Company.

- Coordinate and implement data collection and transfer processes.

- Prepare and make available for download documents identified by the Company in accordance with requested production specifications.

- Assist the Company with such other matters as may be requested by the Company that are within AlixPartners' expertise and are mutually agreeable.

## **Timing and Fees**

AlixPartners will commence this engagement on or about March 18, 2021, after receipt of a copy of the executed Third Addendum.

The Company shall compensate AlixPartners for its services provided in this Third Addendum, and reimburse AlixPartners for expenses, as set forth on Schedule 1. Consultant billable hours shall continue to be charged as provided in the Engagement Letter.

# **Alix**Partners

Mr. John Lowne
Mr. James P. Doyle
Page 2 of 4

* * *

If these terms meet with your approval, please sign and return a copy of this Third
Addendum.

We look forward to working with you.

Sincerely yours,

ALIXPARTNERS, LLP

*[signature]*

Lisa Donahue
Managing Director

Acknowledged and Agreed to:

PURDUE PHARMA INC.

By: _____

Its: _____

Dated: __3/26/2021_____

PURDUE PHARMA L.P.

By: _____

Its: _____

Dated: __3/26/2021_____

RHODES ASSOCIATES L.P.

By: _____

Its: __VP&GC_____

Dated: __3/26/21_____

RHODES TECHNOLOGIES

By: _____

Its: __VP&GC_____

Dated: __3/26/21_____

RHODES PHARMACEUTICALS L.P.

By: _____

Its: __VP&GC_____

Dated: __3/26/21_____

**AlixPartners**

## Schedule 1

### Fees and Expenses

**Fees:** AlixPartners' fees will be based on the hours spent by AlixPartners personnel at AlixPartners' hourly rates. The following charges for hosting, storage and transfer of data will apply in addition to the hourly fees associated with those services.

| Service Description | Per Unit Cost |
|---|---|
| Secure Repository Hosting Fees (Monthly Charge) [1][2][3] | US$6/GB |
| Other Items | |
| Media | For data security purposes, AlixPartners uses 256 Bit AES hardware encrypted hard drives for collection, archive and production of client data. The cost of these hard drives is:<br><br>2TB Hard Drive - US$300<br>4TB Hard Drive - US$400<br>8TB Hard Drive - US$500<br><br>Larger hard drives and custom storage devices will be billed at cost plus hourly Technical Time to configure.<br><br>Preparing and shipping of data drives - US$50 per drive |
| Nearline (no user access) (Monthly Charge) | 1/2x full monthly hosted rate |
| Archived Project Data Storage [4] | US$2/GB per month, payable annually on January 1 with a minimum fee of US$2,500/year |

[1]  Hosted volume is calculated based on the size of all data under management in AlixPartners' environments, including source data, databases, indices, and log files.

[2]  AlixPartners does not prorate hosting or database access fees. Any active hosting or database access licenses accounts during any month result in a full month's fees.

[3]  AlixPartners will offer a credit for hosting charges in each 6th month of hosting, limited to the hosting charge of the prior month.

[4]  Archived Project Data Storage incurred only when the data is full archive. Per GB charges are incurred only when the data is in full archive in the data center.

**Alix**Partners

## Data Protection Schedule

### Processing, Personal Data and Data Subjects

AlixPartners will generally not process any Personal Data on behalf of the Company under this Third Addendum but will receive and potentially process personal details of employees/contractors of the Company who will be involved in the services to which this engagement relates such as name, job title, email address, telephone number. AlixPartners will use such personal details (i) for the purpose of communicating about the services to which this engagement relates and performing the services under this Third Addendum and (ii) for the duration necessary for the delivery of the services under this Third Addendum.

## **Exhibit B**

**Donahue Declaration**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:                                            Chapter 11

**PURDUE PHARMA L.P.**, *et al.*,                 Case No. 19-23649 (RDD)

Debtors.[1]                                       (Jointly Administered)

### DECLARATION OF LISA DONAHUE IN SUPPORT OF THE SUPPLEMENTAL APPLICATION OF DEBTORS FOR ENTRY OF AN ORDER IN FURTHERANCE OF THE RETENTION AND EMPLOYMENT OF ALIXPARTNERS, LLP TO INCLUDE EDISCOVERY CONSULTING SERVICES

        I, Lisa Donahue, declare, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information and belief:

        1.      I am a Managing Director with AlixPartners, LLP ("**AlixPartners**"), which has a place of business at 909 Third Avenue, New York, New York 10022.

        2.      I submit this declaration on behalf of AlixPartners in support of the *Supplemental Application of Debtors for Entry of an Order in Furtherance of the Retention and Employment of AlixPartners, LLP to Include eDiscovery Consulting Services* (the "**Supplemental**

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

**Application**"),[2] and in addition to the *Declaration of Lisa Donahue in Support of the Debtors'*

*Application of Debtors For an Order Authorizing the Debtors to Retain and Employ AlixPartners,*

*LLP as Financial Advisor Nunc Pro Tunc to the Petition Date* (the "**Initial Declaration**"), and the

Supplemental Declarations filed by AlixPartners (Docket Nos. 578, 671, 678, 1859, 2137, and

2468) (together, the "**Supplemental Declarations**").

       3.     Except as otherwise noted, I have personal knowledge of the matters set

forth herein and, if called as a witness, would testify competently thereto.

**Supplemental Retention of AlixPartners**

       4.     Based on the relief sought in the Supplemental Application, AlixPartners

seeks to provide eDiscovery consulting services required by the Debtors.  More specifically,

AlixPartners will host for download the various productions made by the Debtors in connection

with the Debtors' confirmation process. AlixPartners will also create a managed site for all

confirmation parties to allow them securely download these productions.

       5.     AlixPartners is an internationally recognized restructuring and turnaround

firm, and, together with its affiliates has substantial experience in providing financial advisory and

interim management services, including eDiscovery consulting services, and has an excellent

reputation for services it has rendered in large and complex chapter 11 cases on behalf of debtors

and creditors throughout the United States.

       6.     AlixPartners is both qualified and able to provide the Additional Services

(as defined below).

**Services to be Provided**

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Supplemental
Application.

2

7.     As set forth in the Third Addendum, AlixPartners will provide eDiscovery consulting professional services.   More specifically, AlixPartners may work to, among other things:

- Develop and provide a secure data repository according to specifications provided by the Company;

- Coordinate and implement data collection and transfer processes;

- Prepare and make available for download documents identified by the Company in accordance with requested production specifications, and

- Assist the Company with such other matters as may be requested by the Company that are within AlixPartners' expertise and are mutually agreeable.

(collectively, the "**Additional Services**").

8.     The Additional Services do not duplicate services being provided to the Debtors by other professionals in the Chapter 11 Cases.

### Professional Compensation

9.     The Supplemental Agreement will not change the overall structure of AlixPartners' retention as approved in the Retention Order and further discussed in the Initial Retention Application.   AlixPartners intends to apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Third Addendum in the same manner as the procedures approved in the Retention Order.   To be clear, in connection with services performed under the Third Addendum, AlixPartners shall file applications for interim and final allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code, such Bankruptcy Rules and Local Bankruptcy Rules as may then be applicable, U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 (Appendix A to 28 C.F.R. § 58) (the "**U.S. Trustee Guidelines**"), and any applicable orders and procedures of this

3

Court.  For billing purposes, AlixPartners shall keep its time in one tenth (1/10) hour increments in accordance with the U.S. Trustee Guidelines.  AlixPartners also intends to make a reasonable effort to comply with the U.S. Trustee's requests for additional information both in connection with the Supplemental Application and the interim and final fee applications to be filed by AlixPartners in the Chapter 11 Cases.

10.    AlixPartners' current standard hourly rates for 2021 are as follows:

| Title | Hourly Rate |
| --- | --- |
| Managing Director | $1,030 – $1,295 |
| Director | $825 – $980 |
| Senior Vice President | $665 – $755 |
| Vice President | $485 – $650 |
| Consultant | $180 – $480 |
| Paraprofessional | $305 – $325 |

11.    AlixPartners reviews and revises its billing rates on January 1 of each year.  Changes in applicable hourly rates will be noted on the invoices for the first time period in which the revised rates became effective.

12.    Certain monthly hosting fees and consulting fees will apply to the eDiscovery services, as further detailed and outlined by the Second Addendum.

13.    In addition to compensation for professional services rendered by AlixPartners Personnel, AlixPartners will seek reimbursement for reasonable, necessary, and documented out-of-pocket expenses incurred in connection with the chapter 11 cases, including transportation costs, lodging, and meals.

4

14.    The fee structure above laid out in the Initial Retention Application and in the Third Addendum appropriately reflects the nature of the respective services, and is consistent with, and typical of, arrangements entered into by AlixPartners and other comparable firms with respect to rendering comparable services for clients similar to the Debtors.    The fee structure includes reasonable terms and conditions of employment and should be approved by the Court.

### Indemnification

15.    Any indemnification provisions in the Third Addendum are identical to indemnification provisions contained in the Engagement Letter.

### AlixPartners' Disinterestedness

16.    In connection with the Initial Retention Application, AlixPartners undertook a lengthy review to determine whether it had any conflicts or other relationships that might cause it not to be disinterested or to hold or represent an interest adverse to the Debtors.

17.    All Potential Parties in Interest were reviewed for potential conflicts or other relationships, and all results were disclosed in the Initial Declaration and the Supplemental Declarations.

18.    All connections reflected in my Initial Declaration and the Supplemental Declarations are incorporated by reference herein.  At this time, there are no additional conflicts checks are necessary for the scope of the Additional Services.

19.    If AlixPartners discovers additional information that requires disclosure, AlixPartners will promptly file a supplemental disclosure with this Court as required by Bankruptcy Rule 2014.  AlixPartners reserves the right to supplement this Declaration in the event that AlixPartners discovers any facts bearing on matters described in this Declaration regarding AlixPartners' employment by the Debtors.

5

I declare under penalty of perjury that the foregoing is true and correct.

Dated: April 15, 2021

ALIXPARTNERS, LLP


By:    */s/ Lisa Donahue*
Lisa Donahue
Managing Director

**<u>Exhibit C</u>**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| PURDUE PHARMA L.P., *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

## ORDER APPROVING ALIXPARTNERS, LLP TO PROVIDE
## EDISCOVERY CONSULTING SERVICES

Upon the supplemental application, dated April 15, 2021 (the "**Supplemental Application**"),[2] of Purdue Pharma L.P. and its affiliated debtors in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**") for entry of an order pursuant to pursuant to 327(a), 328(a) and 1107 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016(a), and Rules 2014-1 and 2016-1 of the Local Rules for entry of an order, (a) authorizing AlixPartners to provide services under the terms described in the Third Addendum to provide eDiscovery consulting services for the Debtors, and (b) granting related relief, all as more fully set forth in the Supplemental Application; and upon consideration of the Donahue Declaration; and

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014).  The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Supplemental Application.

this court having previously granted the *Order Authorizing Debtors to Retain and Employ*

*AlixPartners, LLP, as Financial Advisor Nunc Pro Tunc to the Petition Date* (Docket No. 528)

(the "**Retention Order**"); and this Court having jurisdiction to consider the Supplemental

Application and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the

Supplemental Application and the requested relief being a core proceeding pursuant to 28 U.S.C.

§ 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408

and 1409; and due and proper notice of the Supplemental Application having been provided; and

such notice having been adequate and appropriate under the circumstances, and it appearing that

no other or further notice need be provided; and this Court having reviewed the Supplemental

Application; and all objections, if any, to the Supplemental Application resolved, or overruled;

and this Court having determined that the legal and factual bases set forth in the Supplemental

Application establish just cause for the relief granted herein; and it appearing that the relief

requested in the Supplemental Application is in the best interests of the Debtors and their

respective estates and creditors; and upon all of the proceedings had before this Court and after

due deliberation and sufficient cause appearing therefor,

### IT IS HEREBY ORDERED THAT

1.      In accordance with section pursuant to 327(a), 328(a) and 1107 of the

Bankruptcy Code, Bankruptcy Rules 2014 and 2016(a), and Rules 2014-1 and 2016-1 of the Local

Rules, and subject to the terms of the Retention Order, AlixPartners is authorized to provide the

Additional Services proposed in the Supplemental Application.

2.      Except as otherwise provided herein, nothing in this Order is intended or

shall be deemed to amend, modify, or otherwise affect the Retention Order.

#94452413v1

3.     AlixPartners shall include fee and expenses associated with the Additional

Services in its applications for interim and final allowance of compensation and reimbursement of

expenses as set forth in the Retention Order.

4.     The Debtors are authorized to take all actions necessary to effectuate the

relief granted in this Order in accordance with the Supplemental Application.

5.     Any indemnification obligations contained in the Third Addendum shall be

subject to the same limitations as set forth in the Retention Order.

6.     This Court retains jurisdiction with respect to all matters arising from or

related to the implementation, interpretation, and enforcement of this Order.


Dated: _____, 2021
White Plains, New York                    _____
                                          THE HONORABLE ROBERT D. DRAIN
                                          UNITED STATES BANKRUPTCY JUDGE

3