## Exhibit A

## Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (RDD)** |
| **Debtors.**[1] | **(Jointly Administered)** |

## ORDER AUTHORIZING THE DEBTORS TO ENTER INTO TERM SHEET WITH AND PAY CERTAIN FEES AND EXPENSES OF THE MUTLI-STATE GOVERNMENTAL ENTITIES GROUP

Upon the motion (the "**Motion**")[2] of Purdue Pharma L.P. and its affiliates that are debtors

and debtors in possession in these cases (collectively, the "**Debtors**"), pursuant to sections 105(a)

and 363(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), for an order (this

"**Order**") (a) authorizing the Debtors to enter into the MSGE Term Sheet, attached to the Motion

as **Exhibit B**, and (b) authorizing but not directing the Debtors to pay the reasonable and

documented fees and expenses of MSGE Counsel (as defined in the Motion) as more fully set forth

in the Motion; and the Court having jurisdiction to decide the Motion and the relief requested

therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order

of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Motion having been provided; such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and after due deliberation the Court having determined that the legal and factual bases set forth in the Motion establish good and sufficient cause for the relief granted herein; and is in the best interests of the Debtors, their estates, their creditors and all parties in interest,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted to the extent set forth herein.

2.      Subject to paragraph 4, the Debtors are authorized to perform any and all obligations under the MSGE Term Sheet pursuant to section 363 of the Bankruptcy Code.

3.      The Debtors are authorized to enter into amendments to the MSGE Term Sheet, from time to time as necessary, subject to (a) the terms and conditions in the MSGE Term Sheet, and (b) providing the proposed amendment terms to the Creditors' Committee, and providing the Creditors' Committee three (3) Business Days to object to such terms (it being understood that the Creditors' Committee shall not unreasonably withhold or delay its consent).  If the Creditors' Committee does not object, then such amendments shall be authorized without further order of the Court.  If the Creditors' Committee does object to such terms, then the Debtors shall seek Court approval of such amendment terms (including, at the Debtors' discretion, upon on an expedited basis, to which the Creditors' Committee shall not object).  For the avoidance of doubt, no proposed amendment terms may modify the terms set forth elsewhere in this Order, including paragraph 4.

4.      The Debtors are authorized, but not directed, to reimburse the reasonable and documented fees and expenses of MSGE Counsel as set forth in paragraph 1 of the MSGE Term

2

Sheet in accordance with the terms and conditions of the MSGE Term Sheet and this Order; *provided* that, (1) for the avoidance of doubt, the Debtors shall have no obligation to pay any fees, expenses or other amounts incurred after the termination of the MSGE Term Sheet in accordance with its terms; (2) the Debtors shall not be authorized to reimburse any fees or expenses of the MSGE Counsel to the extent such fees and expenses are incurred after the date of this order with regard to any activities the current payment of which was prohibited under the initial AHC Professional Fee Order (it being understood and agreed that MSGE Counsel may receive reimbursement of its reasonable and documented fees and expenses incurred in connection with support of the plan of reorganization filed on March 15, 2021 or any plan of reorganization that includes substantially similar distribution for creditors to those contained therein); and (3) *provided further* that unless a plan of reorganization in which the members of the MSGE Group are residual claimants is confirmed and consummated, the Debtors shall be required to re-notice the Motion, and absent further authorization from the Court payment of the fees and expenses of MSGE Counsel shall be recharacterized and/or reallocated pursuant to section 506(b) of the Bankruptcy Code as payments on account of the claims asserted by the members of the MSGE Group, with all parties reserving rights to object to such motion or relief.

5.     The authorization of the Debtors to pay the reasonable and documented fees and expenses of the MSGE Counsel shall be subject, *mutatis mutandis*, to the procedures with respect to authorization of payment of the fees and expenses of the professionals of the Debtors and the Creditors' Committee set forth in the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals* [ECF No. 529] (as may be modified or amended by any subsequent order of the Court with respect thereto, the "**Interim Compensation Order**") including, for the avoidance of doubt, the filing of Monthly Fee

3

Statements and Applications (in each case as defined in the Interim Compensation Order), Interim

Fee Hearings (as defined in the Interim Compensation Order), the expiration of the Objection

Deadline (as defined in the Interim Compensation Order) or resolution of any Objections (as

defined in the Interim Compensation Order) with respect each Monthly Fee Statement, and the

20% holdback with respect to fees until further order of the Court; *provided* that the standard for

authorization of payment of the fees and expenses of the MSGE Counsel shall be whether such

fees and expenses are (a) reasonable and documented and (b) reimbursable under the MSGE Term

Sheet (including, without limitation, that such fees and expenses are within the Scope (as defined

in the MSGE Term Sheet)) and consistent with the terms of this Order; *provided further* that, for

the avoidance of doubt, that the MSGE Counsel shall not be considered retained professionals of

the Debtors or Creditors' Committee and the retention of the MSGE Counsel shall not be required

to satisfy the standards for retention set forth in sections 327-328 or 1103 of the Bankruptcy Code.

6.    The contents of the Motion and the notice procedures set forth therein are good and

sufficient notice and satisfy the Bankruptcy Rules and the Local Rules, and no other or further

notice of the Motion or the entry of this Order shall be required.

7.    Nothing in this Order shall be deemed to constitute (i) a grant of third-party

beneficiary status or bestowal of any additional rights on any third party or (ii) a waiver of any

rights, claims or defenses of the Debtors.

8.    The Debtors are authorized to take all actions necessary to effectuate the relief

granted pursuant to this Order in accordance with the Motion.

9.    The Court retains jurisdiction with respect to all matters arising from or related to

the implementation of this Order.

Dated:     _____, 2021
      White Plains, New York

 

THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE