AKIN GUMP STRAUSS HAUER & FELD LLP
Ira S. Dizengoff
Arik Preis
Mitchell P. Hurley
Sara L. Brauner
Edan Lisovicz
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
idizengoff@akingump.com
apreis@akingump.com
mhurley@akingump.com
sbrauner@akingump.com
elisovicz@akingump.com

*Counsel to the Official Committee of*
*Unsecured Creditors of Purdue Pharma L.P.*, et al.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| PURDUE PHARMA L.P., *et al.*, | : | Case No. 19-23649 (RDD) |
| | : | |
| Debtors.[1] | : | (Jointly Administered) |

------------------------------------------------------------

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS'**
**STATEMENT IN RESPECT OF DEBTORS' MOTION TO ENTER INTO**
**TERM SHEET WITH AND PAY CERTAIN FEES AND EXPENSES**
**OF THE MULTI-STATE GOVERNMENTAL ENTITIES GROUP**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014).

The Official Committee of Unsecured Creditors (the "Official Committee") appointed in the chapter 11 cases (the "Chapter 11 Cases") of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), by and through its undersigned counsel, hereby submits this statement (the "Statement") to (i) address certain issues related to the *Debtors' Motion to Enter Into Term Sheet With and Pay Certain Fees and Expenses of the Multi-State Governmental Entities Group* [ECF No. 2580] (the "MSGE Group Fee Motion") and (ii) confirm that it has no objection to entry of the revised proposed *Order Authorizing the Debtors to Enter Into Term Sheet with and Pay Certain Fees and Expenses of the Multi-State Governmental Entities Group* [ECF No. 2658] (the "Revised Proposed Order").[2]  In support of this Statement, the Official Committee respectfully states as follows.

**PRELIMINARY STATEMENT**

1.  By the MSGE Group Fee Motion, the Debtors seek authorization to enter into a term sheet (the "MSGE Term Sheet"), dated as of March 31, 2021, with the Multi-State Governmental Entities Group (the "MSGE Group").  In turn, the MSGE Term Sheet obligates the Debtors to (i) pay the MSGE Group's reasonable fees and expenses, up to $2.5 million, incurred as of the date of the MSGE Term Sheet and (ii) pay the MSGE Group's reasonable fees and expenses going forward, in exchange for the MSGE Group's agreement to support and facilitate confirmation of the Plan.

2.  Upon reviewing the MSGE Group Fee Motion, the Official Committee identified a number of concerns regarding, among other things, the scope of the requested relief—particularly in light of the facts, circumstances and current posture of the Chapter 11 Cases.  In an effort to

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the MSGE Group Fee Motion or the *Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and Its Affiliated Debtors*, dated March 15, 2021 [ECF No. 2487] (the "Plan"), as applicable.

facilitate a consensual resolution and avoid unnecessary litigation over these issues, the Official Committee raised its concerns with the Debtors. Subsequently, through constructive negotiations among the Official Committee, the Debtors and the MSGE Group, the parties were able to agree upon additional language, which is included in the Revised Proposed Order, to address, among other things, payment of the MSGE Group's fees in the event the Plan (or any other plan pursuant to which the members of the MSGE Group are the residual claimants) is not confirmed. The Official Committee is satisfied that the additional proposed language provides necessary protections to the Debtors' creditors and appropriately limits the scope of the fees contemplated to be paid. As such, the Official Committee determined not to object to the MSGE Group Fee Motion.

3. For the avoidance of doubt, the Official Committee's decision not to object to the MSGE Group Fee Motion was a pragmatic one. Indeed, in light of (i) the current status of these Chapter 11 Cases, (ii) the importance of getting funds to creditors expeditiously to compensate victims and abate the opioid crisis and (iii) the relatively small amount of the relief being sought, the Official Committee made the strategic choice to focus its energies on more pressing issues, and preserve for the estates' creditors all rights to the extent that present efforts by all parties in connection with the Plan prove futile. Importantly, the Official Committee's decision is not—and should not be interpreted to be—any indication of Official Committee's views as to whether the MSGE Group Fee Motion meets applicable legal standards, nor whether the contributions of the MSGE Group merit the relief requested.

4. In light of the foregoing, the Official Committee files this Statement to: (i) ensure that the Court and other parties in interest understand the basis upon which the Official Committee determined not to object to payment of the MSGE Group's fees; (ii) clarify, for the avoidance of doubt, that the Official Committee takes no position with respect to whether the MSGE Group Fee

3

Motion satisfies the requirements of Bankruptcy Code section 503(b), Bankruptcy Code section 363(b) or any other applicable law; and (iii) expressly reserve all of the Official Committee's rights regarding whether the MSGE Group Fee Motion or any subsequent motion or request seeking approval of the MSGE Group's fees, including without limitation the circumstances contemplated by the Revised Proposed Order in which the Debtors shall be required to re-notice the MSGE Group Fee Motion for hearing in the event an alternative plan is filed, satisfies—or could satisfy—such requirements.

## STATEMENT

5.   Critical to the Official Committee's evaluation of the MSGE Group Fee Motion are the terms of the Plan itself. Specifically, if the Plan is confirmed (more or less in its present form), paying the MSGE Group's fees will impact only the recoveries of Public Claimants,[3] the residual equity owners of the reorganized Debtors, by reducing the amount of available cash. Such payments, however, will not affect (i) the recoveries of Private Claimants[4] in light of the structure of the Private Entity Settlements, which settlements contemplate cash payments over a period of years or (ii) the recoveries of other general unsecured creditors, each of which will receive its *pro rata* share of a $15 million cash pool. In this way, payment of the MSGE Group's fees, as contemplated by the MSGE Group Fee Motion, would also be consistent with the anticipated treatment of the fees of the Private Claimant advisors under the Plan.[5] Importantly, the Official Committee also understands that other key Public Claimant constituencies—including the Ad Hoc Committee of Governmental and Other Contingent Litigation Claimants (the "CAHC") and the

---

[3] "Public Claimants" refers collectively to the States and other governmental entities defined in the Plan as the holders of "Non-Federal Domestic Governmental Claims."

[4] "Private Claimants" refers collectively to the holders of Hospital Claims, Third-Party Payor Claims, Ratepayer Claims, NAS Monitoring Claims and PI Claims, each as defined in the Plan.

[5] Specifically, the Official Committee anticipates that the fees of the Private Claimants' advisors will be paid from the recoveries received by Private Claimants pursuant to private contractual arrangements or otherwise.

Ad Hoc Group of Non-Consenting States—whose recoveries are impacted by the relief requested in the MSGE Group Fee Motion—do not object. Accordingly, the Official Committee has no objection in principle to the relief requested by the MSGE Group Fee Motion, *so long as a plan is confirmed that contains substantially similar distributions for creditors to those contained in the plan of reorganization filed on March 15.*

6. On the other hand, if the Plan is not confirmed, paying the MSGE Group's fees—absent the inclusion of appropriate protections now set forth in the Revised Proposed Order—could harm *all* other unsecured creditors, including the many creditors that have not obtained any benefit whatsoever from the MSGE Group's efforts. Indeed, the MSGE Group's fees would be paid as administrative expenses with priority over all unsecured claims, the holders of which would likely find themselves in protracted and costly litigation over relative entitlement to recoveries. Moreover, if the Plan is not confirmed, the Debtors' justification for paying the MSGE Group's fees (*i.e.*, that the MSGE Group's efforts facilitated the Debtors' reorganization) would no longer apply.

7. For the avoidance of doubt, the Official Committee takes no position on whether the MSGE Group Fee Motion satisfies—or any request to pay the MSGE Group's fees *could* satisfy—applicable bankruptcy law, regardless of whether such any such request is evaluated under Bankruptcy Code section 363(b), as proposed by the motion, the "substantial contribution" standard of Bankruptcy Code section 503(b) or otherwise. But if the Plan is not confirmed, the course of the Chapter 11 Cases will remain uncertain. And, moreover, it will be irrefutable at that point that the MSGE Group's efforts did *not*, ultimately, contribute to the Debtors' reorganization, since the parties would likely be forced to begin intercreditor allocation discussions and Plan negotiations anew.

8.  Finally, the Official Committee submits that any relief granted in respect of the MSGE Group Fee Motion should be consistent with and subject to the same scope limitations that govern the work authorized to be reimbursed under the *Order Authorizing the Debtors to Assume the Reimbursement Agreement and Pay the Fees and Expenses of the Ad Hoc Committee's Professionals* [ECF No. 553] (the "CAHC Fee Order") to ensure that other creditors would not be prejudiced by approval of the MSGE Group Fee Motion.[6]

9.  The Official Committee believes that the additional provisions included in the Revised Proposed Order adequately address these concerns. Specifically, the Revised Proposed order now makes clear that (i) the Debtors shall not be authorized to reimburse any fees or expenses of MSGE Counsel to the extent such fees and expenses are incurred after the date of this order with regard to any activities the current payment of which was prohibited under the CAHC Fee Order (it being understood and agreed that MSGE Counsel may receive reimbursement of its reasonable and documented fees and expenses incurred in connection with support of the Plan filed on March 15, 2021 or any plan of reorganization that includes substantially similar distributions for creditors to those contained therein); and (ii) unless a plan of reorganization in which the members of the MSGE Group are residual claimants is confirmed and consummated, the Debtors shall be required to re-notice the Motion, and, absent further authorization of the Court, payment of the fees and expenses of MSGE Counsel shall be recharacterized and/or reallocated pursuant to Bankruptcy Code section 506(b) as payments on account of the claims asserted by the members of the MSGE Group, with all parties reserving rights to object to such motion or relief.

---

[6] *See* CAHC Fee Order ¶ 4 (limiting the scope of reimbursable work to work in connection with negotiating, supporting and facilitating the "settlement framework" and expressly excluding objecting to the claims of other creditors or advancing or prosecuting the claims of the individual members of the CAHC).

10.  Accordingly, the Official Committee does not object to the MSGE Group Fee Motion on the terms set forth in the Revised Proposed Order.

## **RESERVATION OF RIGHTS**

11.  For the avoidance of doubt, the Official Committee expressly reserves all rights in respect of whether the MSGE Group Fee Motion or any subsequent motion or request seeking approval of the MSGE Group's fees, including without limitation the circumstances contemplated by the Revised Proposed Order in which the Debtors shall be required to re-notice the MSGE Group Fee Motion for hearing in the event an alternative plan is filed, satisfies the requirements of Bankruptcy Code sections 503(b), Bankruptcy Code section 363(b) or any other applicable law, including, without limitation, the right to seek discovery in respect of the same and introduce evidence at any hearing related to the MSGE Group Fee Motion in any other context.

Dated: New York, New York
       April 16, 2021

AKIN GUMP STRAUSS HAUER & FELD LLP

By: /s/ *Arik Preis*
　　Ira S. Dizengoff
　　Arik Preis
　　Mitchell P. Hurley
　　Sara L. Brauner
　　Edan Lisovicz
　　One Bryant Park
　　New York, New York 10036
　　Tel: (212) 872-1000
　　Fax: (212) 872-1002
　　idizengoff@akingump.com
　　apreis@akingump.com
　　mhurley@akingump.com
　　sbrauner@akingump.com
　　elisovicz@akingump.com

*Counsel to the Official Committee of Unsecured Creditors of Purdue Pharma L.P., et al.*