DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
James I. McClammy
Eli J. Vonnegut
Christopher S. Robertson

*Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (RDD)** |
| **Debtors.**[1] | **(Jointly Administered)** |

**DEBTORS' REPLY IN SUPPORT OF THE MOTION OF DEBTORS FOR ENTRY
OF ORDER APPROVING (I) OMNIBUS CLAIMS OBJECTION PROCEDURES,
(II) OMNIBUS CLAIMS SETTLEMENT PROCEDURES AND
(III) OMNIBUS CLAIMS HEARING PROCEDURES**

Purdue Pharma L.P. and its affiliates that are debtors and debtors in possession in these

proceedings (collectively, the "**Debtors**") hereby submit this reply (this "**Reply**") to the *Joint*

*Objection of Distributors, Manufacturers and Pharmacies to Motion of Debtors for Entry of*

*Order Approving (I) Omnibus Claims Objection Procedures, (II) Omnibus Claims Settlement*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

*Procedures and (III) Omnibus Claims Hearing Procedures* [ECF No. 2644] (the "**Objection**")[2]

and in further support of their *Motion of Debtors for Entry of Order Approving (I) Omnibus*

*Claims Objection Procedures, (II) Omnibus Claims Settlement Procedures and (III) Omnibus*

*Claims Hearing Procedures* [ECF No. 2490] (the "**Motion**").[3]  The Debtors respectfully state as

follows:

## PRELIMINARY STATEMENT

1.     The Debtors' unprecedented noticing program has resulted in the filing of more

than 613,000 claims against their estates, in a face amount of greater than $140 trillion.  Without

efficient and appropriate procedures, the claims reconciliation process would impose immense

burdens on the Debtors and the Court, to the detriment of all creditors.  The Debtors' proposed

Procedures simplify this potentially value-destructive process and will enable the Debtors to

reconcile many of the claims filed against them in a cost-effective and expeditious manner using

the tools provided to the Debtors under the Bankruptcy Code and the Bankruptcy Rules.

2.     The Objection, jointly submitted by the distributors, manufacturers and

pharmacies (collectively, the "**DMPs**") listed therein, raises two principal arguments in

opposition to the Procedures: first, that the Omnibus Claims Objection Procedures impermissibly

shift the burden of proof in claims litigation from the Debtors to their creditors; and second, that

the Omnibus Claims Hearing Procedures unfairly prejudice creditors and favor the Debtors.

Neither argument has merit.

3.     Nothing in the Procedures—or in the substantially similar procedures that are

routinely approved by this Court and others in large chapter 11 cases—is intended to or would

---

[2] Henry Schein, Inc., Henry Schein Medical Systems, Inc., Insource, Inc., and General Injectables & Vaccines, Inc. join in the Objection [ECF No. 2646].

[3] Capitalized terms used but not defined in this Reply have the meanings ascribed to them in the Motion.

change the burden of proof.  A creditor that receives an omnibus objection to its claim will have every right to assert that the Debtors have not satisfied their burden, and the Court will ultimately determine whether the claim is valid.  As discussed below, the assertion that expedited claims reconciliation procedures improperly shift the burden of proof has been addressed and rejected by other courts in this district and should be rejected here.

4.    Likewise, while the DMPs point out aspects of the Omnibus Claims Hearing Procedures that they would like to see modified, they tellingly do not argue that the Debtors' proposal differs from procedures routinely approved by this and other courts.  The DMPs suggest, in a footnote, that the differentiating factor is that similar procedures are often approved without objection.  *See* Objection ¶ 35 n. 29.  This argument proves too much, as it would suggest that bankruptcy courts regularly approve unfair procedures in the absence of creditor objections.[4]

5.    The Debtors submit that the Procedures are reasonable, entirely consistent with similar procedures approved by this and other courts in large chapter 11 cases, and are critical to the efficient administration of these Cases given the volume of claims filed.

6.    The Debtors and the DMPs have engaged in discussions regarding the Objection. In an effort to address these concerns and limit the scope of the dispute before the Court, the Debtors have agreed to a number of modifications to the Procedures, including:

- Any Omnibus Claims Objection shall state with particularity the factual and legal grounds for an Omnibus Claims Objection in accordance with Bankruptcy Rule 7007 and Federal Rule of Civil Procedure 7(b)(1)(B);

---

[4] The Objection notes that no objections were filed in respect of the procedures approved in the *Sears Holding Corp.* and *The Great Atlantic & Pacific Tea Company* chapter 11 cases.  However, the Objection fails to acknowledge that the procedures approved in another case cited by the Debtors in the very same paragraph, *In re Lehman Bros. Holdings Inc.*, Case No. 08-13555 (JMP) (Bankr. S.D.N.Y. Apr. 19, 2010) [ECF No. 8474] were in fact approved over objections from multiple creditors.  *See Debtors' Omnibus Reply to Objections to Motion for Approval of (I) Claim Objection Procedures and (II) Settlement Procedures,* Case No. 08-13555 (JMP) (Bankr. S.D.N.Y. Jan. 12, 2010) [ECF No. 6615].

- If a Claimant has filed a Response to an Omnibus Claims Objection, the Debtors may not adjourn a hearing as to such Contested Claim without such Claimant's consent; and

- If the Debtors wish to schedule a Merits Hearing, the first scheduled hearing will be treated as a status conference during which the parties will request that the Court issue a scheduling order to facilitate dismissal or resolution of the litigation.

7.    In addition to the Objection, the Debtors have received informal comments to the Motion from various parties.  The Debtors have agreed to the following revisions to the Omnibus Claims Settlement Procedures to resolve these comments:

- The Debtors' insurers and sureties will have the rights of "Settlement Review Parties" solely to the extent the relevant proof(s) of claim relate to obligations that are related to insurance policies, indemnity agreements or similar instruments issued by such insurer or surety; and

- Settlement Amounts allowed pursuant to the Omnibus Claims Settlement Procedures shall not exceed $40 million in the aggregate.

8.    A revised proposed form of order granting the relief requested in the Motion is attached hereto as **Exhibit A**.  For the Court's convenience, a blackline reflecting changes from the proposed order filed with the Motion is attached hereto as **Exhibit B**, and a changed-pages-only blackline is attached hereto as **Exhibit C**.

9.    The Debtors submit that the relief requested in the Motion, as modified as described above and as set forth in the revised proposed form of order, complies in all respects with the Bankruptcy Code and Bankruptcy Rules and is entirely consistent with similar relief routinely granted by this and other courts in this district.  Approval of the Motion will significantly aid the Debtors, their estates, and this Court in efficiently resolving otherwise-burdensome claim objections, while safeguarding the due process rights of all parties in interest. The Debtors respectfully request that, for these reasons, the Court overrule the Objection and grant the requested relief.

## ARGUMENT

I. **The Omnibus Claims Objection Procedures Are Appropriate and Should Be Approved.**

    A. **The Omnibus Claims Objection Procedures Do Not Alter the Applicable Burden of Proof.**

10.    The Objection asserts that the Omnibus Claims Objection Procedures turn the burden-shifting framework applicable in the claims objection context "on its head." Objection ¶ 39. First, the DMPs argue that Bankruptcy Rule 3007(d) contains a "carefully enumerated" list of grounds for omnibus claim objections and that the Debtors' list of proposed Additional Permitted Grounds "would enlarge the limited exceptions in Bankruptcy Rule 3007(d) to eviscerate the rule that a proof of claim is *prima facie* valid and must be rebutted with evidence." *Id.* The DMPs argue that the claims objection burden-shifting paradigm would be "eviscerated" because the Debtors would be free to file cursory omnibus objections based on "Additional Permitted Grounds" without any supporting evidence, in which case "the burden would shift back to the creditor." *Id.*

11.    The Debtors disagree. First, the Omnibus Claims Objection Procedures do not modify the applicable burden-shifting framework. The Procedures are just that—procedures—that do no more than facilitate the Debtors' objections to claims without modifying the substantive rules applicable to the allowance or disallowance of claims. An Omnibus Claims Objection filed by the Debtors in reliance on these procedures is subject to the same set of burdens that govern any individual claim objection. The DMPs request that the Procedures "include a clarification that nothing therein shall be construed to modify the burden-shifting framework under applicable law." *Id.* ¶ 45. The Debtors submit that nothing in the Procedures modifies any burden of proof and that no further clarification is necessary.

12.    The DMPs' arguments are fundamentally preemptive challenges to as-yet-unfiled Omnibus Claim Objections to the DMPs' claims.  If, in fact, the Debtors file an Omnibus Claims Objection that fails to meet their burden of proof, responding creditors will undoubtedly say so. Nothing in the Procedures forestalls that argument.  Nor do the Procedures infringe upon the Court's ultimate decision as to the validity of a filed proof of claim—a decision the Court must make even if a creditor fails to file any response to a claim objection at all. *See* 9 Collier on Bankruptcy ¶ 3007.01 (16th ed. 2020) ("If a hearing on the objection is not held, for example because the claimant fails to request a hearing, the court must still determine if the claim is valid.").  The time to challenge the adequacy of an Omnibus Claims Objection is when responding <u>to the objection</u>—not in a challenge to the procedures that do no more than allow the Debtors to file the objection in the first place.

13.    The Objection does not cite to a single authority for the proposition that the Debtors' proposed Procedures improperly shift the burden of proof to creditors.  To the contrary, substantially similar omnibus claims objection procedures were recently approved in the *LATAM Airlines* case over an objection that the procedures improperly altered the burden of proof.  *See In re Latam Airlines Grp. S.A.*, 20-11254 (JLG) (Bankr. S.D.N.Y. Oct. 26, 2020) [ECF No. 1251].

14.    Second, to the extent that the DMPs object to the list of Additional Permitted Grounds for objection, their objection should be overruled.  Bankruptcy Rule 3007(d) lays out eight grounds on which an objecting party can rely in lodging an omnibus claims objection without seeking court approval.  Bankruptcy Rule 3007(c), however, allows courts to approve omnibus claim objections on grounds beyond those set forth in subdivision (d).  *See* Fed. R. Bankr. P. 3007(c) ("<u>Unless otherwise ordered by the court</u> or permitted by subdivision (d),

objections to more than one claim shall not be joined in a single objection." (emphasis added)).
Thus, Bankruptcy Rule 3007(c) expressly preserves for bankruptcy courts the discretion and
flexibility to approve additional grounds as circumstances require. Many prior orders of this
Court and others in this district have approved omnibus claims objection procedures that include
additional grounds for omnibus objections that are substantially the same as the proposed list of
Additional Permitted Grounds. *See, e.g.*, *In re Grupo Aeroméxico, S.A.B. de C.V.*, No. 20-11563
(SCC) (Bankr. S.D.N.Y. Feb. 17, 2021) [ECF No. 904]; *In re Latam Airlines Grp. S.A.*, 20-
11254 (JLG) (Bankr. S.D.N.Y. Oct. 26, 2020) [ECF No. 1251]; *In re Ditech Holding Corp.*, No.
19-10412 (JLG) (Bankr. S.D.N.Y. Nov. 19, 2019) [ECF No. 1632]; *In re Windstream Holdings,
Inc.*, No. 19-22312 (RDD) (Bankr. S.D.N.Y. Oct. 10, 2019) [ECF No. 1141]; *In re Sears
Holdings Corp.*, No. 18-23538 (RDD) (Bankr. S.D.N.Y. Apr. 2, 2019) [ECF No. 3014]; *In re
Nine W. Holdings, Inc.*, No. 18-10947 (SCC) (Bankr. S.D.N.Y. Sept. 14, 2018) [ECF No. 658].

15.    In an effort to narrow the scope of the issues before the Court, the Debtors have
agreed to revise the Omnibus Claims Objection Procedures to expressly require that the Debtors
state with particularity the factual and legal grounds for an Omnibus Claims Objection in
accordance with Bankruptcy Rule 7007 and Federal Rule of Civil Procedure 7(b)(1)(B). The
Debtors believe that this revision adequately addresses the DMPs' concern that the Omnibus
Claims Objection Procedures could compel a creditor to respond to an objection while having to
"predict all of the Debtors' actual objections and brief even the most trivial arguments."
Objection ¶ 44.

## II.    The Omnibus Claims Hearing Procedures Are Appropriate and Should Be Approved by the Court.

16.    The DMPs' various challenges to the proposed Omnibus Claims Hearing
Procedures adhere to a single theme: the unsupported assertion that the Omnibus Claims Hearing

Procedures unduly prejudice creditors.  The Omnibus Claims Hearing Procedures are in fact entirely consistent with precedent procedures approved by this and other courts, particularly in light of the proposed modifications.

17.    First, the DMPs contend that it is unfair that "the Debtors are the exclusive gatekeepers of whether the DMPs face a motion to dismiss, or a trial on the merits and when the DMPs are permitted to start conducting any related discovery." *Id.* ¶ 43.  Of course, the very purpose of the Sufficiency Hearing—just like a hearing on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)—is to resolve Omnibus Claim Objections on legal grounds without the need to engage in costly, time-consuming discovery.  If the Court decides at a Sufficiency Hearing that a Contested Claim "states a claim that could be allowed and should not be dismissed pursuant to Bankruptcy Rule 12," or if the Debtors wish to forego a Sufficiency Hearing and schedule a hearing on the merits, then discovery will of course proceed.  *See* Motion ¶ 31(e).  To the extent that the DMPs object to the Debtors' right to conduct a Sufficiency Hearing without having to engage in an extensive discovery process regarding the merits of the DMPs' claims, the Objection in fact underscores precisely why this procedure is necessary.

18.    The use of sufficiency hearings is routine in this district.  *See, e.g.*, *In re Grupo Aeroméxico, S.A.B. de C.V.*, No. 20-11563 (SCC) (Bankr. S.D.N.Y. Feb. 17, 2021) [ECF No. 904]; *In re Ditech Holding Corp.*, No. 19-10412 (JLG) (Bankr. S.D.N.Y. Nov. 19, 2019) [ECF No. 1632]; *In re Sears Holdings Corp.*, No. 18-23538 (RDD) (Bankr. S.D.N.Y. Apr. 2, 2019) [ECF No. 3014]; *In re Bally Total Fitness of Greater N.Y., Inc.*, No. 08-14818 (BRL) (Bankr. S.D.N.Y. Apr. 29, 2009) [ECF No. 918].

19.    Second, the DMPs argue that the 21-day window in which to file a Response to an Omnibus Claims Objection is insufficient, and that the Debtors' deadline to file a reply is

likewise unfair.  *See* Objection ¶¶ 41, 44.  However, as explained in the Motion, Bankruptcy

Rule 3007 provides that creditors must receive notice of a claim objection and the hearing

thereon at least 30 days prior to the hearing on the objection.  The Debtors propose that, within

the 30-day period contemplated by Rule 3007, a 21-day response deadline and a requirement that

the Debtors file any reply business two days before the hearing are reasonable and appropriate

and consistent with common practice.  *See, e.g.*, *In re Sears Holdings Corp.*, No. 18-23538

(RDD) (Bankr. S.D.N.Y. Apr. 2, 2019) [ECF No. 3014] (allowing hearing on 30 days' notice,

requiring response within 21 days and permitting reply two business days before hearing); *In re*

*Nine W. Holdings, Inc.*, No. 18-10947 (SCC) (Bankr. S.D.N.Y. Sept. 14, 2018) [ECF No. 658]

(allowing hearing on 30 days' notice, requiring response within 20 days and permitting reply two

business days before hearing); *In re Avaya Inc.*, No. 17-10089 (SMB) (Bankr. S.D.N.Y. May 24,

2017) [ECF No. 659] (allowing hearing on 30 days' notice, requiring response within 20 days

and permitting reply two days before hearing); *In re Int'l Shipholding Corp.*, No. 16-12220

(SMB) (Bankr. S.D.N.Y. May 22, 2017) [ECF No. 748] (allowing hearing on 30 days' notice,

requiring response within 20 days and permitting reply two business days before hearing).

20.     In order to address concerns raised in the Objection, the Debtors propose to

modify the Omnibus Claims Hearing Procedures to provide that the Debtors may not adjourn a

hearing as to a Contested Claim without such Claimant's consent.

21.     Third, the Objection argues that the Omnibus Claims Hearing Procedures could

allow the Debtors to dictate a hearing on the merits within 30 days of the service of a Notice of

Merits Hearing.  *See* Objection ¶ 48.  In fact, the Omnibus Claims Hearing Procedures

contemplated entry of a scheduling order that would apply to any Merits Hearing.  *See* Motion

¶ 31(d)(ii).  However, in order to address the DMPs' concerns, the Debtors propose to modify

the Omnibus Claims Hearing Procedures to expressly provide that the first scheduled hearing will be treated as a status conference during which the parties will request that the Court issue a scheduling order to facilitate dismissal or resolution of the litigation.

22.    Fourth, the DMPs believe that the Debtors should not be permitted to schedule Sufficiency Hearings or Merits Hearings on a unilateral basis.  The Debtors disagree.  The Omnibus Claims Hearing Procedures contemplate that hearings on Omnibus Claim Objections will occur during the monthly Omnibus Hearings held in these Cases.  *Id.* ¶ 31(a).  The Debtors must be able to manage the demands that the claims reconciliation process will necessarily place on them and on this Court and to provide that appearances before this Court will occur in a regular and orderly manner.  Moreover, as modified, a hearing on the merits of a Contested Claim will not occur until the Court has held a joint status conference and entered an appropriate scheduling order.

23.    Finally, the Objection demands that, should the Debtors seek to object to multiple claims held by a single claimant (or affiliated claimants) on the same or similar grounds, the Procedures must require the Debtors to object to those claims in a single Omnibus Claims Objection.  The DMPs suggest that this requirement will prevent unnecessary costs and avoid potentially inconsistent rulings.  Objection ¶ 51.  The Debtors take their obligation to reconcile these claims seriously.  As the Debtors do so, and consistent with their fiduciary obligations, the Debtors will seek to object to disallowable claims in an orderly, efficient, and fair manner and have designed the Procedures accordingly.  The strict requirement that the DMPs seek to impose is unnecessary and would needlessly and inappropriately create a risk of the Debtors' "foot-faulting" by inadvertently failing to include a particular claim among hundreds of claims listed in an Omnibus Claims Objection.

## CONCLUSION

24.     For all of the foregoing reasons, and for those set forth in the Motion, the Debtors respectfully request that this Court grant the *Motion of Debtors for Entry of Order Approving (I) Omnibus Claims Objection Procedures, (II) Omnibus Claims Settlement Procedures and (III) Omnibus Claims Hearing Procedures*.

Dated:    April 19, 2021
          New York, New York

                              DAVIS POLK & WARDWELL LLP

                              By:    */s/ James I. McClammy*                

                              450 Lexington Avenue
                              New York, New York 10017
                              Telephone: (212) 450-4000
                              Facsimile:  (212) 701-5800
                              Marshall S. Huebner
                              Benjamin S. Kaminetzky
                              James I. McClammy
                              Eli J. Vonnegut
                              Christopher S. Robertson

                              *Counsel to the Debtors*
                              *and Debtors in Possession*

**<u>Exhibit A</u>**

**Revised Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

**PURDUE PHARMA L.P.**, *et al.*,

Debtors.[1]

**Chapter 11**

**Case No. 19-23649 (RDD)**

**(Jointly Administered)**

### ORDER APPROVING (I) OMNIBUS CLAIMS OBJECTION PROCEDURES, (II) OMNIBUS CLAIMS SETTLEMENT PROCEDURES AND (III) OMNIBUS CLAIMS HEARING PROCEDURES

Upon the motion (the "**Motion**")[2] of Purdue Pharma L.P. and its affiliates that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**") for entry of an order (this "**Order**"), pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 3007, approving the Omnibus Claims Objection Procedures, Omnibus Claims Settlement Procedures and Omnibus Claims Hearing Procedures, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014).  The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to such term in the Motion.

the Notice Parties, and it appearing that no other or further notice need be provided; and the

Court having reviewed the Motion and held a hearing to consider the relief requested in the

Motion (the "**Hearing**"); and the Court having determined that the legal and factual bases set

forth in the Motion and at the Hearing establish just cause for the relief granted herein; and the

Court having determined that the relief requested is in the best interests of the Debtors, their

estates, creditors and all parties in interest; and upon all of the proceedings had before the Court

and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**:

1.       The relief requested in the Motion is hereby granted as set forth herein.

2.       The Debtors are authorized to object to claims in accordance with the following

procedures (the "**Omnibus Claims Objection Procedures**"):

(a)      Notwithstanding anything to the contrary in Bankruptcy Rule 3007, the
         Debtors are authorized to file Omnibus Claims Objections to claims
         seeking reduction, reclassification, and/or disallowance of claims on one
         or more of the following grounds (the "**Additional Permitted Grounds**"
         and, together with those grounds set forth in Bankruptcy Rule 3007(d), the
         "**Permitted Grounds**"):

   i)     The amount claimed is inconsistent with the Debtors' books and
          records;

   ii)    The Proof of Claim fails to specify sufficiently the basis for the
          claim or provide sufficient supporting documentation for such
          claim;

   iii)   The Debtors are not liable to the claimant for the amount or claim
          asserted;

   iv)    The claim is filed against non-Debtors, the wrong Debtor, or is
          filed against multiple Debtors, except to the extent permitted under
          the Bar Date Orders;

   v)     The claimant is not entitled to the asserted secured status or other
          priority;

   vi)    The claim has been satisfied in full by a party that is not a Debtor;

vii)   The claim has been waived or withdrawn pursuant to an agreement with the Debtors or the entry of a Court order; or

viii)  The claim is objectionable pursuant to section 502(e)(1) of the Bankruptcy Code.

For the avoidance of doubt, any Omnibus Claims Objection shall state with particularity the factual and legal grounds for the objection in accordance with Bankruptcy Rule 7007 and Federal Rule of Civil Procedure 7(b)(1)(B).

(b)   The decision of the Debtors to pursue an objection (individually or on an omnibus basis) with respect to a Proof of Claim will be without prejudice to the Debtors' right to object on other grounds (individually or on an omnibus basis) to the same Proof of Claim or any other Proof of Claim at a later date.  For the avoidance of doubt, the decision of the Debtors to pursue a purely legal objection (individually or on an omnibus basis) with respect to a Proof of Claim will be without prejudice to the Debtors' right to pursue a fact-based objection (individually or on an omnibus basis) with respect to the same Proof of Claim or any other Proof of Claim at a later date.

(c)   The Debtors are authorized to file Omnibus Claims Objections to no more than five hundred (500) claims at a time on the Permitted Grounds.

(d)   Except as expressly provided herein, the Debtors shall comply with the requirements for Omnibus Claims Objections set forth in Bankruptcy Rule 3007(e).

(e)   Any order sustaining an Omnibus Claims Objection shall be treated as an order for each claim referenced in the Omnibus Claims Objection as if an individual order had been entered for such claim.

(f)   The Debtors are authorized to serve an Omnibus Claims Objection Notice, rather than the entire Omnibus Claims Objection, on each claimant whose claim is the subject of the applicable Omnibus Claims Objection and, if known, its counsel.  The Omnibus Claims Objection Notice shall be in a form substantially similar to the notice attached hereto as **Exhibit 1** and shall include an explanation of the claim objection process, a description of the basis of the Omnibus Claims Objection, information regarding the response deadline and hearing date, identification of the claim that is the subject of the Omnibus Claims Objection (with reference to an attached exhibit or otherwise), and information on how the claimant may obtain a complete copy of the Omnibus Claims Objection.  The Debtors retain the right to serve Omnibus Claims Objections in their entirety in appropriate circumstances as determined in the Debtors' sole discretion.

    (g)    The Debtors shall file all omnibus and individual objections with this Court to be made publicly available for free on the website of the Debtors' approved claims and noticing agent, Prime Clerk, at https://restructuring.primeclerk.com/purduepharma.

    (h)    Notice of claim objections shall be limited to: (a) service of a complete copy of each claim objection (whether an omnibus objection or an individual objection) on the U.S. Trustee and by email to counsel for the Creditors' Committee, the Ad Hoc Committee, and the MSGE Group; (b) with respect to Omnibus Claims Objections, service of an Omnibus Claims Objection Notice on the claimant whose claim is the subject of the applicable Omnibus Claims Objection and its counsel, if known; and (c) with respect to individual claim objections, service of a complete copy of each individual objection on the claimant whose claim is the subject of the applicable individual claim objection and its counsel, if known, or, where counsel has appeared for a claimant, a complete copy of each individual objection to a claim on the claimant's counsel by email.

3.    Responses to the Debtors' individual and Omnibus Claims Objections shall be due twenty-one (21) calendar days after the Debtors provide service of the objection; *provided* that the Debtors reserve the right to request that this Court impose an alternative response deadline.

4.    The Debtors, using their reasonable business judgment, are authorized to settle claims in accordance with the following procedures (the "**Omnibus Claims Settlement Procedures**"):

    (a)    If either (i) the aggregate amount to be allowed for an individual claim (the "**Settlement Amount**") is less than or equal to $500,000, without regard to any unliquidated amounts asserted by such claimant, or (ii) the difference between the Settlement Amount compared to the amount asserted on the Proof of Claim (the "**Claim Difference**") does not exceed $100,000, without regard to any unliquidated amounts asserted by such claimant, the Debtors will submit the proposed settlement to counsel for the Creditors' Committee, the Ad Hoc Committee, and the MSGE Group (collectively, the "**Settlement Review Parties**"),[3] together with (i) the

---

[3] For purposes of this paragraph 4(a), an insurer or surety of the Debtors shall have the rights of the "Settlement Review Parties" to receive Settlement Summaries, informally object, determine notice periods and approve settlements solely to the extent the relevant Proof(s) of Claim relate to obligations that are related to insurance policies, indemnity agreements or similar instruments issued by such insurer or surety.

names of the parties with whom the Debtors have settled, (ii) the relevant Proof of Claim numbers, (iii) the types of claims asserted by each such party, (iv) the amounts for which such claims have been settled, and (v) copies of any proposed settlement agreement or other documents supporting the proposed settlement (the "**Settlement Summary**"). Within five (5) business days of receiving the Settlement Summary, or such period of time as is otherwise agreed to by the Debtors and the Settlement Review Parties, a Settlement Review Party may submit to the Debtors an informal objection to the proposed settlement reflected in the Settlement Summary (such objection shall not be filed on the docket). If there is a timely objection made by a Settlement Review Party, the Debtors may (i) renegotiate the settlement and submit a revised Settlement Summary to the Settlement Review Parties, or (ii) file a motion with the Court seeking approval of the settlement pursuant to Bankruptcy Rule 9019 on no less than ten (10) business days' notice. If there is no timely objection made by a Settlement Review Party, or if the Debtors receive written approval from the Settlement Review Parties of the proposed settlement prior to the objection deadline (which approval may be in the form of an email from counsel to the Settlement Review Parties), then the Debtors may proceed with the settlement without prior approval of the Court or any other party in interest.

(b)    If the Settlement Amount is greater than $500,000, and the Claim Difference is greater than $100,000, the Debtors must seek the approval of this Court by way of a motion pursuant to Bankruptcy Rule 9019 on no less than ten (10) business days' notice. The objection deadline to any such motion shall be 4:00 p.m. (prevailing Eastern Time) on the date that is five (5) calendar days before the applicable hearing date.

(c)    The types of claims that may be settled pursuant to these Omnibus Claims Settlement Procedures include: (i) secured claims; (ii) priority claims under section 507(a) of the Bankruptcy Code; and (iii) general unsecured claims.

(d)    The Debtors or their counsel may notify Prime Clerk of any settlement entered into in accordance with the foregoing procedures, and Prime Clerk shall be authorized and directed to update the claims register accordingly without any further approval of the Court.

(e)    Notwithstanding anything to the contrary herein, Settlement Amounts allowed pursuant to these Omnibus Claims Settlement Procedures shall not exceed $40 million in the aggregate.

5.      The Debtors are authorized to take any and all steps that are necessary or appropriate to settle claims in accordance with the Omnibus Claims Settlement Procedures, including to enter into any stipulations.

6.      Nothing in this Order shall obligate the Debtors to settle or pursue settlement of any particular claim and all settlements of claims may be negotiated and compromised by the Debtors in their sole discretion.

7.      The following Omnibus Claims Hearing Procedures (the "**Omnibus Claims Hearing Procedures**") shall apply:

(a)      The Debtors shall schedule the return date for claims objections, omnibus or otherwise, for hearing at periodic omnibus hearings (the "**Omnibus Hearings**") established by the Court pursuant to the Case Management Order or other hearings the Debtors may schedule with the Court.

(b)      Any information submitted in connection with a Proof of Claim shall be part of the record with respect to the relevant claim, and any such information already submitted need not be resubmitted in connection with the Omnibus Claims Hearing Procedures.

(c)      The Court may enter an order at the scheduled hearing sustaining an objection to claims with respect to which no Response is properly filed and served or pursuant to a certificate of no objection in accordance with the Case Management Order.

(d)      The hearing to consider an objection to claims as to which a Response is properly filed and served (each, a "**Contested Claim**") shall be set for a contested hearing (each, an "**Omnibus Claims Hearing**") to be scheduled as follows:

    i)      For a non-evidentiary hearing to address whether the Contested Claim has failed to state a claim against the Debtors which can be allowed and should be dismissed pursuant to Bankruptcy Rule 7012 (a "**Sufficiency Hearing**"), unless the Debtors serve the holder of the claim (the "**Claimant**") with a Notice of Merits Hearing (as defined herein), the Sufficiency Hearing shall go forward at the return date set in accordance with paragraph 7(a) of this Order. The legal standard of review that will be applied by the Court at a Sufficiency Hearing will be equivalent to the standard

6

applied by the Court upon a motion to dismiss for failure to state a claim upon which relief can be granted.

ii)    If, following a Sufficiency Hearing, the Court determines that there are disputed issues of material fact, or should the Debtors wish to forgo a Sufficiency Hearing and schedule an evidentiary hearing on the merits of a Contested Claim (a "**Merits Hearing**"), the Debtors may, in their sole discretion, serve upon the relevant Claimant (by email or overnight delivery), with a copy to the Creditors' Committee, the Ad Hoc Committee, and the MSGE Group, and file with the Court, a notice substantially in the form attached hereto as <u>**Exhibit 2**</u> (a "**Notice of Merits Hearing**") that the scheduled hearing will be treated as a status conference during which the parties will request that the Court issue a scheduling order to facilitate dismissal or resolution of the litigation. Such notice may be incorporated into the initial agenda letter for the hearing or may be provided in a separate notice. In accordance with Local Rule 9014-2, the first hearing on any Contested Claim will not be an evidentiary hearing, and there will be no need for any witnesses to appear at such hearing unless the Court orders otherwise in accordance with Local Rule 9014-2.

(e)    Discovery with respect to a Contested Claim will not be permitted until either (a) the Court has held a Sufficiency Hearing and determined that the Contested Claim states a claim that could be allowed and should not be dismissed pursuant to Bankruptcy Rule 7012, or (b) the Debtors have served the relevant Claimant a Notice of Merits Hearing with respect to the Contested Claim.

(f)    The Debtors may file and serve a reply to a Response no later than 4:00 p.m., prevailing Eastern Time, on the day that is two (2) business days prior to the date of the applicable hearing.

(g)    The Debtors, in their sole discretion, are authorized to further adjourn a hearing scheduled in accordance herewith at any time by providing notice to the Court and the Claimant; *provided* that if a Claimant has filed a Response to an Omnibus Claims Objection, the Debtors may adjourn the hearing as to such Contested Claim only with such Claimant's consent.

8.    The Debtors are authorized to take any and all steps that are necessary or appropriate to implement the Omnibus Claims Hearing Procedures.

9.      Nothing in the Omnibus Claims Hearing Procedures shall preclude settlement of a Contested Claim by mutual consent of the parties at any time; *provided, however*, that any such settlement is subject to the Omnibus Claims Settlement Procedures.

10.     The Debtors are authorized to, in their sole discretion, append an Offer of Settlement to a Notice of Merits Hearing, substantially in the form attached hereto as **Annex 1 to Exhibit 2**.  The Claimant shall accept or reject the Offer of Settlement by checking the appropriate box on the Offer of Settlement and serving it on the Debtors so as to be received no later than seven (7) calendar days prior to the date set for a Merits Hearing.  Any Claimant who has failed to accept or reject the Offer of Settlement by the aforementioned deadline shall be deemed to have rejected the Offer of Settlement.  Any settlement reached in accordance with this paragraph shall be subject to the Omnibus Claims Settlement Procedures.

11.     Notwithstanding anything to the contrary herein, absent a request for modification to the Procedures on notice to all parties in interest and further order of the Court, nothing in this Order or the Procedures approved hereby shall apply to proofs of claim filed by (i) the United States or (ii) any Non-Federal Public Claimant or Private Claimant, to the extent that such Claimants continue to support treatment of such proofs of claim under the Plan in a manner consistent with the agreements in principle reached in the Allocation Mediation; *provided* that the Debtors may use the Procedures to object to any such claims to the extent that the Debtors believe they were filed against the wrong Debtor or the claimant is not entitled to the asserted secured status or other priority.

12.     Notwithstanding anything to the contrary in the Motion, this Order, the Omnibus Claims Settlement Procedures, or any notice related thereto: nothing shall (a) amend, modify, or otherwise alter the terms and conditions of any Indemnity Agreement (as defined in the *Motion*

*of Debtors for Entry of Interim and Final Orders Authorizing the Debtors to Continue and Renew Surety Bond Program* [ECF No. 12]) or any insurance policies issued to the Debtors and any related agreements including, but not limited to, any right of an insurer to control the defense or settlement of a claim; (b) create or permit a direct right of action against any of the Debtors' insurers or sureties; (c) obligate an insurer or surety to be bound by a settlement except as provided in any applicable insurance policy or Indemnity Agreement; or (d) require an insurer or surety to pay, in whole or in part, a settlement except as provided in any applicable insurance policy or Indemnity Agreement.

13.     Nothing in this Order shall constitute an admission of the validity, nature, amount, or priority of any claims asserted in these Cases.

14.     Entry of this Order is without prejudice to the Debtors' rights to seek authorization to modify or supplement the relief granted herein.

15.     In the event there is a conflict between this Order and an order establishing plan confirmation protocols, this Order shall govern.

16.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

17.     The contents of the Motion and the notice procedures set forth therein are good and sufficient notice and satisfy the Bankruptcy Rules and the Local Rules, and no other or further notice of the Motion or the entry of this Order shall be required.

18.     The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

White Plains, New York

Dated: _____, 2021

_____

THE HONORABLE ROBERT D. DRAIN

UNITED STATES BANKRUPTCY JUDGE

## <u>Exhibit 1</u>

**Notice of Omnibus Claims Objection**

**THIS OBJECTION SEEKS TO REDUCE AND ALLOW OR DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS NOTICE OF THE [insert ordinal] OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT PURDUE PHARMA L.P.'S COUNSEL, DAVIS POLK & WARDWELL LLP, AT 212-450-[insert telephone number].**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.,** *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

**NOTICE OF HEARING ON DEBTORS' [insert ordinal] OMNIBUS CLAIMS OBJECTION TO PROOFS OF CLAIM ([insert basis for objection])**

**PLEASE TAKE NOTICE** that, on _____, 2021, Purdue Pharma L.P.

and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter

11 cases (collectively, the "**Debtors**") filed their **[insert ordinal]** Omnibus Claims Objection to

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Nayatt Cove Lifescience Inc. (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

Proofs of Claim (**[insert basis for objection]**) the ("**Objection**") with the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").

The Objection requests that the Bankruptcy Court expunge, reduce, reclassify, and/or disallow one or more of your claims listed on **Exhibit A** annexed hereto on the ground that **[insert basis for disallowance, reduction, reclassification or expungement]. Any claim that the Bankruptcy Court expunges and disallows will be treated as if it had not been filed and you will not be entitled to any distribution on account thereof.**

**PLEASE TAKE FURTHER NOTICE** that the *Court-Ordered Omnibus Claims Hearing Procedures* (the "**Omnibus Claims Hearing Procedures**") annexed hereto as **Exhibit B** apply and govern the objection to your Proof(s) of Claim. The Omnibus Claims Hearing Procedures provide for certain mandatory actions by a claimant within certain time periods. Therefore, please review the Omnibus Claims Hearing Procedures carefully. Failure to comply with the Omnibus Claims Hearing Procedures may result in the disallowance and expungement of a Proof of Claim without further notice to a claimant.

If you do NOT oppose the disallowance, expungement, reduction, or reclassification of your claim(s) listed on **Exhibit A**, then you do NOT need to file a written response to the Objection, and you do NOT need to appear at the hearing.

If you DO oppose the disallowance, expungement, reduction, or reclassification of your claim(s) listed on **Exhibit A**, then you MUST file with the Court <u>and</u> serve on the parties listed below a written response to the Objection so that it is received on or before **4:00 p.m., prevailing eastern time on _____, 2021** (the "**Response Deadline**").

Your response, if any, must contain at a minimum the following: (i) a caption setting forth the name of the Bankruptcy Court, the names of the Debtors, the case number, and the title

of the Objection to which the response is directed; (ii) the name of the claimant and description of the basis for the amount of the claim; (iii) a concise statement setting forth the reasons why the claim should not be disallowed, expunged, reduced, or reclassified for the reasons set forth in the Objection, including, but not limited to, the specific factual and legal bases upon which you will rely in opposing the Objection; (iv) all documentation or other evidence of the claim, to the extent not included with the proof of claim previously filed with the Bankruptcy Court, upon which you will rely in opposing the Objection; (v) the address(es) to which the Debtors must return any reply to your response, if different from that presented in the proof of claim; and (vi) the name, address, and telephone number of the person (which may be you or your legal representative) possessing ultimate authority to reconcile, settle, or otherwise resolve the claim on your behalf.

The Bankruptcy Court will consider a response only if the response is timely filed, served, and received. A response will be deemed timely filed, served, and received <u>only if</u> the original response is <u>actually received</u> on or before the Response Deadline by (i) the chambers of the Honorable Robert D. Drain, United States Bankruptcy Court, 300 Quarropas Street, White Plains, New York 10601; (ii) Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017 (Attn: Marshall S. Huebner, Benjamin S. Kaminetzky, James I. McClammy, Eli J. Vonnegut, and Christopher S. Robertson), counsel to the Debtors; and (iii) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036 (Attn: Ira S. Dizengoff, Arik Preis, Mitchell P. Hurley, and Sara L. Brauner), counsel to the Official Committee of Unsecured Creditors appointed in these cases.

Except as otherwise permitted under the Omnibus Claims Hearing Procedures, a hearing will be held on _____, **2021** to consider the Objection. The hearing will be

held at _____, prevailing Eastern time, in the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601.  If you file a written response to the Objection, you should plan to appear at the hearing.  The Debtors, however, reserve the right to continue the hearing on the Objection with respect to your claim(s).  If the Debtors do continue the hearing with respect to your claim(s), then the hearing will be held at a later date.  If the Debtors do not continue the hearing with respect to your claim(s), then a hearing on the Objection will be conducted on the above date.

If the Bankruptcy Court does NOT disallow, expunge, reduce, or reclassify your claim(s) listed on **Exhibit A** on the grounds set forth above, then the Debtors have the right to object on other grounds to the claim(s) (or to any other claims you may have filed) at a later date.  You will receive a separate notice of any such objections.

You may participate in a hearing telephonically provided that you comply with the Court's instructions (including, without limitation, providing prior written notice to counsel for the Debtors and any statutory committee), which can be found on the Court's website at www.nysb.uscourts.gov.

If you wish to view the complete Objection, you can do so for free at https://restructuring.primeclerk.com/purduepharma.  **CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.**

*[Remainder of Page Intentionally Left Blank]*

Dated: _____, 2021
       New York, New York


                                    By: _____
                                    DAVIS POLK & WARDWELL LLP
                                    450 Lexington Avenue
                                    New York, New York 10017
                                    Telephone: (212) 450-4000
                                    Facsimile:  (212) 701-5800
                                    Marshall S. Huebner
                                    Benjamin S. Kaminetzky
                                    James I. McClammy
                                    Eli J. Vonnegut
                                    Christopher S. Robertson

                                    *Counsel to the Debtors
                                    and Debtors in Possession*

**<u>Exhibit B to Exhibit 1</u>**

**Omnibus Claims Hearing Procedures**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.,** *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

## COURT-ORDERED OMNIBUS CLAIMS HEARING PROCEDURES

In accordance with the *Order Approving (I) Omnibus Claims Objection Procedures, (II) Omnibus Claims Settlement Procedures and (III) Omnibus Claims Hearing Procedures*, entered on [Date] [ECF No. xxxx] (the "**Order**"), the Omnibus Claims Hearing Procedures (the "**Omnibus Claims Hearing Procedures**") described herein have been ordered by the United States Bankruptcy Court for the Southern District of New York (the "**Court**") to apply to the chapter 11 cases of Purdue Pharma L.P. and its affiliated debtors.

### Omnibus Claims Hearing Procedures

1.      Pursuant to the *Second Amended Order Establishing Certain Notice, Case Management, and Administrative Procedures*, entered on November 18, 2019 [ECF No. 498], the Court established periodic omnibus hearings (the "**Omnibus Hearings**") in these cases.  The Debtors shall schedule the return date for claims objections, omnibus or otherwise, for hearing at Omnibus Hearings or other hearings the Debtors may schedule with the Court.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014).  The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

2.       The Court may enter an order at the scheduled hearing sustaining an objection to proofs of claim (each, a "**Proof of Claim**") with respect to which no response (a "**Response**")[2] is properly filed and served.

3.       The hearing to consider an objection to Proofs of Claim as to which a Response is properly filed and served (each, a "**Contested Claim**") shall be set for a contested hearing (each, an "**Omnibus Claims Hearing**") to be scheduled as follows:

(a)     For a non-evidentiary hearing to address whether the Contested Claim has failed to state a claim against the Debtors which can be allowed and should be dismissed pursuant to Bankruptcy Rule 7012 (a "**Sufficiency Hearing**"), unless the Debtors serve the holder of the claim (the "**Claimant**") with a Notice of Merits Hearing (as defined herein), the Sufficiency Hearing shall go forward at the return date set in accordance with paragraph 1 of these Omnibus Claims Hearing Procedures. The legal standard of review that will be applied by the Court at a Sufficiency Hearing will be equivalent to the standard applied by the Court upon a motion to dismiss for failure to state a claim upon which relief can be granted.

(b)     If, following a Sufficiency Hearing, the Court determines that there are disputed issues of material fact, or should the Debtors wish to forgo a Sufficiency Hearing and schedule an evidentiary hearing on the merits of a Contested Claim (a "**Merits Hearing**"), the Debtors may, in their sole discretion, serve upon the relevant Claimant (by email or overnight delivery), with a copy to the Creditors' Committee, the Ad Hoc Committee, and the MSGE Group, and file with the Court, a notice substantially in the form attached to the Order as **Exhibit 2** (a "**Notice of Merits Hearing**") that the scheduled hearing will be treated as a status conference during which the parties will request that the Court issue a scheduling order to facilitate dismissal or resolution of the litigation. Such notice may be incorporated into the initial agenda letter for the hearing or may be provided in a separate notice. In accordance with Local Rule 9014-2, the first hearing on any Contested Claim will not be an evidentiary hearing, and there will be no need for any witnesses to appear at such hearing unless the Court orders otherwise in accordance with Local Rule 9014-2.

---

[2] Any information submitted in connection with a Proof of Claim shall be part of the record with respect to the relevant claim, and any such information already submitted need not be resubmitted in connection with the Omnibus Claims Hearing Procedures.

4.      Discovery with respect to a Contested Claim will not be permitted until either (a) the Court has held a Sufficiency Hearing and determined that the Contested Claim states a claim that could be allowed and should not be dismissed pursuant to Bankruptcy Rule 7012, or (b) the Debtors have served on the relevant Claimant a Notice of Merits Hearing with respect to the Contested Claim.

5.      The Debtors may file and serve a reply to a Response no later than 4:00 p.m., prevailing Eastern Time, on the day that is two (2) business days prior to the date of the applicable hearing.

6.      The Debtors, in their sole discretion, are authorized to further adjourn a hearing scheduled in accordance herewith at any time by providing notice to the Court and the Claimant; *provided* that if a Claimant has filed a Response to an Omnibus Claims Objection, the Debtors may adjourn the hearing as to such Contested Claim only with such Claimant's consent.

7.      **Sanctions.**  The Court will consider appropriate sanctions, including allowance or disallowance of the Contested Claim, if either party does not follow the Omnibus Claims Hearing Procedures.

BY ORDER OF THE COURT

**Exhibit 2**

**Notice of Merits Hearing**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (RDD)** |
| Debtors.[1] | **(Jointly Administered)** |

### NOTICE OF SCHEDULING OF MERITS HEARING WITH RESPECT TO DEBTORS' OBJECTION TO PROOF OF CLAIM NO. [____]

PLEASE TAKE NOTICE that on [_____ ___], 202[_], Purdue Pharma L.P. and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), objected to proof of claim number [____] (the "**Proof of Claim**") filed by [_____] (the "**Claimant**") pursuant to the [Title of Applicable Claims Objection] (the "**Objection**").

PLEASE TAKE FURTHER NOTICE that on [_____ ___], 202[_], at 10:00 a.m. (Prevailing Eastern Time), in accordance with the *Order Approving (i) Omnibus Claims Objection Procedures, (ii) Omnibus Claims Settlement Procedures and (iii) Omnibus Claims Hearing Procedures*, entered [Date] [ECF No. xxxx] (the "**Order**"), a copy of which is attached hereto, the United States Bankruptcy Court for the Southern District of New York (the "**Court**") will hold a status conference during which the parties will request that the Court issue a scheduling order setting forth the rules and procedures applicable to a Merits Hearing (as defined in the Order) on the merits of the Proof of Claim.

Dated:   [_____ __], 20[__]
         New York, New York

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

## Annex 1 to Exhibit 2

## Offer of Settlement

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.,** *et al.*, | Case No. 19-23649 (RDD) |
| **Debtors.**[1] | (Jointly Administered) |

## DEBTORS' OFFER OF SETTLEMENT
## WITH RESPECT TO PROOF OF CLAIM NO. [____]

The Debtors, in their sole discretion, have elected to offer to settle Proof of Claim number [_____] (such offer, the "**Offer of Settlement**") for a single, fixed, liquidated, [general unsecured, administrative expense, or priority] claim against Debtor [_____] in the amount of [_____] (the "**Settlement Amount**"). The Settlement Amount, if accepted, represents the allowed claim amount with respect to Proof of Claim number [_____].

By checking the **FIRST** box below, you affirm that you **FREELY, KNOWINGLY, AND UNCONDITIONALLY ACCEPT** such amount as the allowed claim amount with respect to Proof of Claim number [_____]. You must serve your acceptance or rejection of the Offer of Settlement on the Debtors so as to be received no later than seven (7) calendar days prior to the date set for a Merits Hearing (as defined in the Order). If you fail to accept or reject the Offer of Settlement by the aforementioned deadline, you shall be deemed to have rejected the Offer of Settlement.

**[ ] I FREELY, KNOWINGLY, AND UNCONDITIONALLY ACCEPT THE OFFER OF SETTLEMENT AS SET FORTH ABOVE.**

**[ ] I REJECT THE OFFER OF SETTLEMENT AS SET FORTH ABOVE.**

**If you have any questions regarding this form, please contact [_____] at [_____].**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

**Please email this completed form to [_____]**

_____
Signature of Claimant's Authorized Representative


_____
Printed Name


_____
Company Name, if applicable

**<u>Exhibit B</u>**

**Blackline of Revised Proposed Order and Proposed Order Filed with the Motion**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (RDD)** |
| **Debtors.**[1] | **(Jointly Administered)** |

### ORDER APPROVING (I) OMNIBUS CLAIMS OBJECTION PROCEDURES, (II) OMNIBUS CLAIMS SETTLEMENT PROCEDURES AND (III) OMNIBUS CLAIMS HEARING PROCEDURES

Upon the motion (the "**Motion**")[2] of Purdue Pharma L.P. and its affiliates that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**") for entry of an order (this "**Order**"), pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 3007, approving the Omnibus Claims Objection Procedures, Omnibus Claims Settlement Procedures and Omnibus Claims Hearing Procedures, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014).  The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to such term in the Motion.

28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to

the Notice Parties, and it appearing that no other or further notice need be provided; and the

Court having reviewed the Motion and held a hearing to consider the relief requested in the

Motion (the "**Hearing**"); and the Court having determined that the legal and factual bases set

forth in the Motion and at the Hearing establish just cause for the relief granted herein; and the

Court having determined that the relief requested is in the best interests of the Debtors, their

estates, creditors and all parties in interest; and upon all of the proceedings had before the Court

and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**:

1.     The relief requested in the Motion is hereby granted as set forth herein.

2.     The Debtors are authorized to object to claims in accordance with the following

procedures (the "**Omnibus Claims Objection Procedures**"):

   (a)     Notwithstanding anything to the contrary in Bankruptcy Rule 3007, the
   Debtors are authorized to file Omnibus Claims Objections to claims
   seeking reduction, reclassification, and/or disallowance of claims on one
   or more of the following grounds (the "**Additional Permitted Grounds**"
   and, together with those grounds set forth in Bankruptcy Rule 3007(d), the
   "**Permitted Grounds**"):

      i)     The amount claimed is inconsistent with the Debtors' books and
      records;

      ii)    The Proof of Claim fails to specify sufficiently the basis for the
      claim or provide sufficient supporting documentation for such
      claim;

      iii)   The Debtors are not liable to the claimant for the amount or claim
      asserted;

      iv)    The claim is filed against non-Debtors, the wrong Debtor, or is
      filed against multiple Debtors, except to the extent permitted under
      the Bar Date Orders;

      v)     The claimant is not entitled to the asserted secured status or other
      priority;

vi)      The claim has been satisfied in full by a party that is not a Debtor;

vii)     The claim has been waived or withdrawn pursuant to an agreement with the Debtors or the entry of a Court order; or

viii)    The claim is objectionable pursuant to section 502(e)(1) of the Bankruptcy Code.

For the avoidance of doubt, any Omnibus Claims Objection shall state with particularity the factual and legal grounds for the objection in accordance with Bankruptcy Rule 7007 and Federal Rule of Civil Procedure 7(b)(1)(B).

(b)     The decision of the Debtors to pursue an objection (individually or on an omnibus basis) with respect to a Proof of Claim will be without prejudice to the Debtors' right to object on other grounds (individually or on an omnibus basis) to the same Proof of Claim or any other Proof of Claim at a later date.  For the avoidance of doubt, the decision of the Debtors to pursue a purely legal objection (individually or on an omnibus basis) with respect to a Proof of Claim will be without prejudice to the Debtors' right to pursue a fact-based objection (individually or on an omnibus basis) with respect to the same Proof of Claim or any other Proof of Claim at a later date.

(c)     The Debtors are authorized to file Omnibus Claims Objections to no more than five hundred (500) claims at a time on the Permitted Grounds.

(d)     Except as expressly provided herein, the Debtors shall comply with the requirements for Omnibus Claims Objections set forth in Bankruptcy Rule 3007(e).

(e)     Any order sustaining an Omnibus Claims Objection shall be treated as an order for each claim referenced in the Omnibus Claims Objection as if an individual order had been entered for such claim.

(f)     The Debtors are authorized to serve an Omnibus Claims Objection Notice, rather than the entire Omnibus Claims Objection, on each claimant whose claim is the subject of the applicable Omnibus Claims Objection and, if known, its counsel.  The Omnibus Claims Objection Notice shall be in a form substantially similar to the notice attached hereto as **Exhibit 1** and shall include an explanation of the claim objection process, a description of the basis of the Omnibus Claims Objection, information regarding the response deadline and hearing date, identification of the claim that is the subject of the Omnibus Claims Objection (with reference to an attached exhibit or otherwise), and information on how the claimant may obtain a complete copy of the Omnibus Claims Objection.  The Debtors retain the right to serve Omnibus Claims Objections in their entirety in appropriate circumstances as determined in the Debtors' sole discretion.

(g)     The Debtors shall file all omnibus and individual objections with this Court to be made publicly available for free on the website of the Debtors' approved claims and noticing agent, Prime Clerk, at https://restructuring.primeclerk.com/purduepharma.

(h)     Notice of claim objections shall be limited to: (a) service of a complete copy of each claim objection (whether an omnibus objection or an individual objection) on the U.S. Trustee and by email to counsel for the Creditors' Committee, the Ad Hoc Committee, and the MSGE Group; (b) with respect to Omnibus Claims Objections, service of an Omnibus Claims Objection Notice on the claimant whose claim is the subject of the applicable Omnibus Claims Objection and its counsel, if known; and (c) with respect to individual claim objections, service of a complete copy of each individual objection on the claimant whose claim is the subject of the applicable individual claim objection and its counsel, if known, or, where counsel has appeared for a claimant, a complete copy of each individual objection to a claim on the claimant's counsel by email.

3.      Responses to the Debtors' individual and Omnibus Claims Objections shall be due twenty-one (21) calendar days after the Debtors provide service of the objection; *provided* that the Debtors reserve the right to request that this Court impose an alternative response deadline or grant expedited consideration with respect to certain objections, if the circumstances so require, which may result in shortened notice of both the hearing date and the response deadline.

4.      The Debtors, using their reasonable business judgment, are authorized to settle claims in accordance with the following procedures (the "**Omnibus Claims Settlement Procedures**"):

(a)     If either (i) the aggregate amount to be allowed for an individual claim (the "**Settlement Amount**") is less than or equal to $500,000, without regard to any unliquidated amounts asserted by such claimant, or (ii) the difference between the Settlement Amount compared to the amount asserted on the Proof of Claim (the "**Claim Difference**") does not exceed $100,000, without regard to any unliquidated amounts asserted by such claimant, the Debtors will submit the proposed settlement to counsel for the Creditors' Committee, the Ad Hoc Committee, and the MSGE Group (collectively, the "**Settlement Review Parties**")[3] together with (i) the

[3] For purposes of this paragraph, any insurer adverse to the Debtors shall have the right to be a "Settlement Review Parties" to receive Settlement Summaries, informally object, determine notice periods and approve

4

names of the parties with whom the Debtors have settled, (ii) the relevant Proof of Claim numbers, (iii) the types of claims asserted by each such party, (iv) the amounts for which such claims have been settled, and (v) copies of any proposed settlement agreement or other documents supporting the proposed settlement (the "**Settlement Summary**"). Within five (5) business days of receiving the Settlement Summary, or such period of time as is otherwise agreed to by the Debtors and the Settlement Review Parties, ~~the Creditors' Committee, the Ad Hoc Committee, and/or the MSGE Group~~a Settlement Review Party may submit to the Debtors an informal objection to the proposed settlement reflected in the Settlement Summary (such objection shall not be filed on the docket). If there is a timely objection made by ~~the Creditors' Committee, the Ad Hoc Committee, or the MSGE Group~~a Settlement Review Party, the Debtors may (i) renegotiate the settlement and submit a revised Settlement Summary to the Settlement Review Parties, or (ii) file a motion with the Court seeking approval of the settlement pursuant to Bankruptcy Rule 9019 on no less than ten (10) business days' notice. If there is no timely objection made by ~~the Creditors' Committee, the Ad Hoc Committee, or the MSGE Group~~a Settlement Review Party, or if the Debtors receive written approval from the Settlement Review Parties of the proposed settlement prior to the objection deadline (which approval may be in the form of an email from counsel to the Settlement Review Parties), then the Debtors may proceed with the settlement without prior approval of the Court or any other party in interest.

(b)    If the Settlement Amount is greater than $500,000, and the Claim Difference is greater than $100,000, the Debtors must seek the approval of this Court by way of a motion pursuant to Bankruptcy Rule 9019 on no less than ten (10) business days' notice. The objection deadline to any such motion shall be 4:00 p.m. (prevailing Eastern Time) on the date that is five (5) calendar days before the applicable hearing date.

(c)    The types of claims that may be settled pursuant to these Omnibus Claims Settlement Procedures include: (i) secured claims; (ii) priority claims under section 507(a) of the Bankruptcy Code; and (iii) general unsecured claims.

(d)    The Debtors or their counsel may notify Prime Clerk of any settlement entered into in accordance with the foregoing procedures, and Prime Clerk shall be authorized and directed to update the claims register accordingly without any further approval of the Court.

---

Review Parties" to receive Settlement Summaries, informally object, determine notice periods and approve settlements solely to the extent the relevant Proof(s) of Claim relate to obligations that are related to insurance policies, indemnity agreements or similar instruments issued by such insurer or surety.

(e)    Notwithstanding anything to the contrary herein, Settlement Amounts allowed pursuant to these Omnibus Claims Settlement Procedures shall not exceed $40 million in the aggregate.

5.    The Debtors are authorized to take any and all steps that are necessary or appropriate to settle claims in accordance with the Omnibus Claims Settlement Procedures, including to enter into any stipulations.

6.    Nothing in this Order shall obligate the Debtors to settle or pursue settlement of any particular claim and all settlements of claims may be negotiated and compromised by the Debtors in their sole discretion.

7.    The following Omnibus Claims Hearing Procedures (the "**Omnibus Claims Hearing Procedures**") shall apply:

(a)    The Debtors shall schedule the return date for claims objections, omnibus or otherwise, for hearing at periodic omnibus hearings (the "**Omnibus Hearings**") established by the Court pursuant to the Case Management Order or other hearings the Debtors may schedule with the Court.

(b)    Any information submitted in connection with a Proof of Claim shall be part of the record with respect to the relevant claim, and any such information already submitted need not be resubmitted in connection with the Omnibus Claims Hearing Procedures.

(c)    The Court may enter an order at the scheduled hearing sustaining an objection to claims with respect to which no Response is properly filed and served or pursuant to a certificate of no objection in accordance with the Case Management Order.

(d)    The hearing to consider an objection to claims as to which a Response is properly filed and served (each, a "**Contested Claim**") shall be set for a contested hearing (each, an "**Omnibus Claims Hearing**") to be scheduled by the Debtors, in their sole discretion, as set forth herein. The Debtors shall schedule an Omnibus Claims Hearing for a Contested Claim as follows:

i)    For a non-evidentiary hearing to address whether the Contested Claim has failed to state a claim against the Debtors which can be allowed and should be dismissed pursuant to Bankruptcy Rule 7012 (a "**Sufficiency Hearing**"), unless the Debtors serve the

holder of the claim (the "**Claimant**") with a Notice of Merits Hearing (as defined herein), the Sufficiency Hearing shall go forward at the return date set in accordance with paragraph 7(a) of this Order (or such other date as may be scheduled by the Debtors). The legal standard of review that will be applied by the Court at a Sufficiency Hearing will be equivalent to the standard applied by the Court upon a motion to dismiss for failure to state a claim upon which relief can be granted.

ii)    For If, following a Sufficiency Hearing, the Court determines that there are disputed issues of material fact, or should the Debtors wish to forgo a Sufficiency Hearing and schedule an evidentiary hearing on the merits of a Contested Claim (a "**Merits Hearing**"), the Debtors may, in their sole discretion, serve upon the relevant Claimant (by email or overnight delivery), with a copy to the Creditors' Committee, the Ad Hoc Committee, and the MSGE Group, and file with the Court, a notice substantially in the form attached hereto as **Exhibit 2** (a "**Notice of Merits Hearing**") at least thirty (30) calendar days prior to the date of such Merits Hearing. The rules and procedures applicable to such Merits Hearing will be set forth in any scheduling order issued by the Court in connection therewith. that the scheduled hearing will be treated as a status conference during which the parties will request that the Court issue a scheduling order to facilitate dismissal or resolution of the litigation. Such notice may be incorporated into the initial agenda letter for the hearing or may be provided in a separate notice. In accordance with Local Rule 9014-2, the first hearing on any Contested Claim will not be an evidentiary hearing, and there will be no need for any witnesses to appear at such hearing unless the Court orders otherwise in accordance with Local Rule 9014-2.

(e)    Discovery with respect to a Contested Claim will not be permitted until either (a) the Court has held a Sufficiency Hearing and determined that the Contested Claim states a claim that could be allowed and should not be dismissed pursuant to Bankruptcy Rule 7012, or (b) the Debtors have served the relevant Claimant a Notice of Merits Hearing with respect to the Contested Claim.

(f)    The Debtors may file and serve a reply to a Response no later than 4:00 p.m., prevailing Eastern Time, on the day that is two (2) business days prior to the date of the applicable hearing.

(g)    The Debtors, in their sole discretion, are authorized to further adjourn a hearing scheduled in accordance herewith at any time by providing notice to the Court and the Claimant; *provided* that if a Claimant has filed a Response to an Omnibus Claims Objection, the Debtors may adjourn the hearing as to such Contested Claim only with such Claimant's consent.

8.    The Debtors are authorized to take any and all steps that are necessary or appropriate to implement the Omnibus Claims Hearing Procedures.

9.    Nothing in the Omnibus Claims Hearing Procedures shall preclude settlement of a Contested Claim by mutual consent of the parties at any time; *provided, however*, that any such settlement is subject to the Omnibus Claims Settlement Procedures.

10.    The Debtors are authorized to, in their sole discretion, append an Offer of Settlement to a Notice of Merits Hearing, substantially in the form attached hereto as **Annex 1 to Exhibit 2**.  The Claimant shall accept or reject the Offer of Settlement by checking the appropriate box on the Offer of Settlement and serving it on the Debtors so as to be received no later than seven (7) calendar days prior to the date set for a Merits Hearing.  Any Claimant who has failed to accept or reject the Offer of Settlement by the aforementioned deadline shall be deemed to have rejected the Offer of Settlement.  Any settlement reached in accordance with this paragraph shall be subject to the Omnibus Claims Settlement Procedures.

11.    Notwithstanding anything to the contrary herein, absent a request for modification to the Procedures on notice to all parties in interest and further order of the Court, nothing in this Order or the Procedures approved hereby shall apply to proofs of claim filed by (i) the United States or (ii) any Non-Federal Public Claimant or Private Claimant, to the extent that such Claimants continue to support treatment of such proofs of claim under the Plan in a manner consistent with the agreements in principle reached in the Allocation Mediation; *provided* that the Debtors may use the Procedures to object to any such claims to the extent that the Debtors

believe they were filed against the wrong Debtor or the claimant is not entitled to the asserted secured status or other priority.

12.    Notwithstanding anything to the contrary in the Motion, this Order, the Omnibus Claims Settlement Procedures, or any notice related thereto: nothing shall (a) amend, modify, or otherwise alter the terms and conditions of any Indemnity Agreement (as defined in the *Motion of Debtors for Entry of Interim and Final Orders Authorizing the Debtors to Continue and Renew Surety Bond Program* [ECF No. 12]) or any insurance policies issued to the Debtors and any related agreements including, but not limited to, any right of an insurer to control the defense or settlement of a claim; (b) create or permit a direct right of action against any of the Debtors' insurers or sureties; (c) obligate an insurer or surety to be bound by a settlement except as provided in any applicable insurance policy or Indemnity Agreement; or (d) require an insurer or surety to pay, in whole or in part, a settlement except as provided in any applicable insurance policy or Indemnity Agreement.

13.    ~~12.~~ Nothing in this Order shall constitute an admission of the validity, nature, amount, or priority of any claims asserted in these Cases.

14.    ~~13.~~ Entry of this Order is without prejudice to the Debtors' rights to seek authorization to modify or supplement the relief granted herein.

15.    In the event there is a conflict between this Order and an order establishing plan confirmation protocols, this Order shall govern.

16.    ~~14.~~ The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

17.    ~~15.~~ The contents of the Motion and the notice procedures set forth therein are good and sufficient notice and satisfy the Bankruptcy Rules and the Local Rules, and no other or further notice of the Motion or the entry of this Order shall be required.

18.    ~~16.~~ The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

White Plains, New York
Dated: _____, 2021

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

## **Exhibit 1**

**Notice of Omnibus Claims Objection**

THIS OBJECTION SEEKS TO REDUCE AND ALLOW OR DISALLOW AND
EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS
NOTICE OF THE [insert ordinal] OMNIBUS OBJECTION TO CLAIMS SHOULD
REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR
CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR THE EXHIBIT
ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS
THEIR CLAIM(S).

IF YOU HAVE QUESTIONS, PLEASE CONTACT
PURDUE PHARMA L.P.'S COUNSEL,
DAVIS POLK & WARDWELL LLP, AT 212-450-[insert telephone number].

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| PURDUE PHARMA L.P., *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

NOTICE OF HEARING ON DEBTORS' [insert ordinal] OMNIBUS CLAIMS
OBJECTION TO PROOFS OF CLAIM ([insert basis for objection])

PLEASE TAKE NOTICE that, on _____, 2021, Purdue Pharma L.P.

and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter

11 cases (collectively, the "**Debtors**") filed their **[insert ordinal]** Omnibus Claims Objection to

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable
jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal
Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034),
Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven
Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140),
Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc.
(7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584),
Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and
SVC Pharma Inc. (4014).  The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser
Boulevard, Stamford, CT 06901.

Proofs of Claim (**[insert basis for objection]**) the ("**Objection**") with the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").

The Objection requests that the Bankruptcy Court expunge, reduce, reclassify, and/or disallow one or more of your claims listed on **Exhibit A** annexed hereto on the ground that **[insert basis for disallowance, reduction, reclassification or expungement]. Any claim that the Bankruptcy Court expunges and disallows will be treated as if it had not been filed and you will not be entitled to any distribution on account thereof.**

**PLEASE TAKE FURTHER NOTICE** that the *Court-Ordered Omnibus Claims Hearing Procedures* (the "**Omnibus Claims Hearing Procedures**") annexed hereto as **Exhibit B** apply and govern the objection to your Proof(s) of Claim. The Omnibus Claims Hearing Procedures provide for certain mandatory actions by a claimant within certain time periods. Therefore, please review the Omnibus Claims Hearing Procedures carefully. Failure to comply with the Omnibus Claims Hearing Procedures may result in the disallowance and expungement of a Proof of Claim without further notice to a claimant.

If you do NOT oppose the disallowance, expungement, reduction, or reclassification of your claim(s) listed on **Exhibit A**, then you do NOT need to file a written response to the Objection, and you do NOT need to appear at the hearing.

If you DO oppose the disallowance, expungement, reduction, or reclassification of your claim(s) listed on **Exhibit A**, then you MUST file with the Court <u>and</u> serve on the parties listed below a written response to the Objection so that it is received on or before **4:00 p.m., prevailing eastern time on _____, 2021** (the "**Response Deadline**").

Your response, if any, must contain at a minimum the following: (i) a caption setting forth the name of the Bankruptcy Court, the names of the Debtors, the case number, and the title

of the Objection to which the response is directed; (ii) the name of the claimant and description

of the basis for the amount of the claim; (iii) a concise statement setting forth the reasons why

the claim should not be disallowed, expunged, reduced, or reclassified for the reasons set forth in

the Objection, including, but not limited to, the specific factual and legal bases upon which you

will rely in opposing the Objection; (iv) all documentation or other evidence of the claim, to the

extent not included with the proof of claim previously filed with the Bankruptcy Court, upon

which you will rely in opposing the Objection; (v) the address(es) to which the Debtors must

return any reply to your response, if different from that presented in the proof of claim; and

(vi) the name, address, and telephone number of the person (which may be you or your legal

representative) possessing ultimate authority to reconcile, settle, or otherwise resolve the claim

on your behalf.

The Bankruptcy Court will consider a response only if the response is timely filed,

served, and received.  A response will be deemed timely filed, served, and received only if the

original response is actually received on or before the Response Deadline by (i) the chambers of

the Honorable Robert D. Drain, United States Bankruptcy Court, 300 Quarropas Street, White

Plains, New York 10601; (ii) Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York,

New York 10017 (Attn: Marshall S. Huebner, Benjamin S. Kaminetzky, James I. McClammy,

Eli J. Vonnegut, and Christopher S. Robertson), counsel to the Debtors; and (iii) Akin Gump

Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036 (Attn: Ira S.

Dizengoff, Arik Preis, Mitchell P. Hurley, and Sara L. Brauner), counsel to the Official

Committee of Unsecured Creditors appointed in these cases.

Except as otherwise permitted under the Omnibus Claims Hearing Procedures, a hearing

will be held on _____, **2021** to consider the Objection.  The hearing will be

held at _____, prevailing Eastern time, in the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601.  If you file a written response to the Objection, you should plan to appear at the hearing.  The Debtors, however, reserve the right to continue the hearing on the Objection with respect to your claim(s).  If the Debtors do continue the hearing with respect to your claim(s), then the hearing will be held at a later date.  If the Debtors do not continue the hearing with respect to your claim(s), then a hearing on the Objection will be conducted on the above date.

If the Bankruptcy Court does NOT disallow, expunge, reduce, or reclassify your claim(s) listed on **Exhibit A** on the grounds set forth above, then the Debtors have the right to object on other grounds to the claim(s) (or to any other claims you may have filed) at a later date.  You will receive a separate notice of any such objections.

You may participate in a hearing telephonically provided that you comply with the Court's instructions (including, without limitation, providing prior written notice to counsel for the Debtors and any statutory committee), which can be found on the Court's website at www.nysb.uscourts.gov.

If you wish to view the complete Objection, you can do so for free at https://restructuring.primeclerk.com/purduepharma.  **CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.**

*[Remainder of Page Intentionally Left Blank]*

Dated: _____, 2021
       New York, New York

By: _____
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile:  (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
James I. McClammy
Eli J. Vonnegut
Christopher S. Robertson

*Counsel to the Debtors*
*and Debtors in Possession*

## **Exhibit B to Exhibit 1**

**Omnibus Claims Hearing Procedures**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.**, *et al.*, | Case No. 19-23649 (RDD) |
| **Debtors.**[1] | **(Jointly Administered)** |

## COURT-ORDERED OMNIBUS CLAIMS HEARING PROCEDURES

In accordance with the *Order Approving (I) Omnibus Claims Objection Procedures, (II) Omnibus Claims Settlement Procedures and (III) Omnibus Claims Hearing Procedures*, entered on [Date] [ECF No. xxxx] (the "**Order**"), the Omnibus Claims Hearing Procedures (the "**Omnibus Claims Hearing Procedures**") described herein have been ordered by the United States Bankruptcy Court for the Southern District of New York (the "**Court**") to apply to the chapter 11 cases of Purdue Pharma L.P. and its affiliated debtors.

### Omnibus Claims Hearing Procedures

1.      Pursuant to the *Second Amended Order Establishing Certain Notice, Case Management, and Administrative Procedures*, entered on November 18, 2019 [ECF No. 498], the Court established periodic omnibus hearings (the "**Omnibus Hearings**") in these cases.  The

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014).  The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

Debtors shall schedule the return date for claims objections, omnibus or otherwise, for hearing at Omnibus Hearings or other hearings the Debtors may schedule with the Court.

2.      The Court may enter an order at the scheduled hearing sustaining an objection to proofs of claim (each, a "**Proof of Claim**") with respect to which no response (a "**Response**")[2] is properly filed and served.

3.      The hearing to consider an objection to Proofs of Claim as to which a Response is properly filed and served (each, a "**Contested Claim**") shall be set for a contested hearing (each, an "**Omnibus Claims Hearing**") to be scheduled ~~by the Debtors, in their sole discretion, as set forth herein.  The Debtors may request that the Court schedule Omnibus Claims Hearings on the date and/or time of the Omnibus Hearings or at another date and time.~~<u>as follows:</u>

~~4.  The Debtors shall schedule an Omnibus Claims Hearing for a Contested Claim as follows:~~

(a)      For a non-evidentiary hearing to address whether the Contested Claim has failed to state a claim against the Debtors which can be allowed and should be dismissed pursuant to Bankruptcy Rule 7012 (a "**Sufficiency Hearing**"), unless the Debtors serve the holder of the claim (the "**Claimant**") with a Notice of Merits Hearing (as defined herein), the Sufficiency Hearing shall go forward at the return date set in accordance with paragraph 1 of these Omnibus Claims Hearing Procedures ~~(or such other date as may be scheduled by the Debtors)~~.  The legal standard of review that will be applied by the Court at a Sufficiency Hearing will be equivalent to the standard applied by the Court upon a motion to dismiss for failure to state a claim upon which relief can be granted.

(b)      ~~For~~<u>If, following a Sufficiency Hearing, the Court determines that there are disputed issues of material fact, or should the Debtors wish to forgo a Sufficiency Hearing and schedule</u> an evidentiary hearing on the merits of a Contested Claim (a "**Merits Hearing**"), the Debtors may, in their sole discretion, serve upon the relevant Claimant~~,~~ <u>(</u>by email or overnight

---

[2] Any information submitted in connection with a Proof of Claim shall be part of the record with respect to the relevant claim, and any such information already submitted need not be resubmitted in connection with the Omnibus Claims Hearing Procedures.

delivery), with a copy to the Creditors' Committee, the Ad Hoc Committee, and the MSGE Group, and file with the Court, a notice substantially in the form attached to the Order as **Exhibit 2** (a "**Notice of Merits Hearing**") ~~at least thirty (30) calendar days prior to the date of such Merits Hearing. The rules and procedures applicable to such Merits Hearing will be set forth in any scheduling order issued by the Court in connection therewith.~~that the scheduled hearing will be treated as a status conference during which the parties will request that the Court issue a scheduling order to facilitate dismissal or resolution of the litigation. Such notice may be incorporated into the initial agenda letter for the hearing or may be provided in a separate notice. In accordance with Local Rule 9014-2, the first hearing on any Contested Claim will not be an evidentiary hearing, and there will be no need for any witnesses to appear at such hearing unless the Court orders otherwise in accordance with Local Rule 9014-2.

4. ~~5.~~ Discovery with respect to a Contested Claim will not be permitted until either (a) the Court has held a Sufficiency Hearing and determined that the Contested Claim states a claim that could be allowed and should not be dismissed pursuant to Bankruptcy Rule 7012, or (b) the Debtors have served on the relevant Claimant a Notice of Merits Hearing with respect to the Contested Claim.

5. ~~6.~~ The Debtors may file and serve a reply to a Response no later than 4:00 p.m., prevailing Eastern Time, on the day that is two (2) business days prior to the date of the applicable hearing.

6. ~~7.~~ The Debtors, in their sole discretion, are authorized to further adjourn a hearing scheduled in accordance herewith at any time by providing notice to the Court and the Claimant; *provided* that if a Claimant has filed a Response to an Omnibus Claims Objection, the Debtors may adjourn the hearing as to such Contested Claim only with such Claimant's consent.

7. ~~8.~~ **Sanctions.** The Court will consider appropriate sanctions, including allowance or disallowance of the Contested Claim, if either party does not follow the Omnibus Claims Hearing Procedures.

BY ORDER OF THE COURT

**<u>Exhibit 2</u>**

**Notice of Merits Hearing**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.**, *et al.*, | **Case No. 19-23649 (RDD)** |
| **Debtors.**[1] | **(Jointly Administered)** |

**NOTICE OF SCHEDULING OF MERITS HEARING WITH RESPECT TO
DEBTORS' OBJECTION TO PROOF OF CLAIM NO. [     ]**

PLEASE TAKE NOTICE that on [_____ ___], 202[_], Purdue Pharma L.P. and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), objected to proof of claim number [____] (the "**Proof of Claim**") filed by [_____] (the "**Claimant**") pursuant to the [Title of Applicable Claims Objection] (the "**Objection**").

PLEASE TAKE FURTHER NOTICE that on [_____ ___], 202[_], at 10:00 a.m. (Prevailing Eastern Time), in accordance with the *Order Approving (i) Omnibus Claims Objection Procedures, (ii) Omnibus Claims Settlement Procedures and (iii) Omnibus Claims Hearing Procedures*, entered [Date] [ECF No. xxxx] (the "**Order**"), a copy of which is attached hereto, the United States Bankruptcy Court for the Southern District of New York (the "**Court**") will ~~commence~~ hold a status conference during which the parties will request that the Court issue a scheduling order setting forth the rules and procedures applicable to a Merits Hearing (as defined in the Order) ~~for the purposes of holding an evidentiary hearing~~ on the merits of the Proof of Claim. ~~The rules and procedures applicable to such Merits Hearing will be set forth in any scheduling order issued by the Court in connection therewith.~~

~~PLEASE TAKE FURTHER NOTICE that the Debtors may further adjourn the Merits Hearing at any time by providing notice to the Court and the Claimant.~~

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014).  The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

Dated:          [_____ __], 20[__]
                New York, New York

**<u>Annex 1 to Exhibit 2</u>**

**Offer of Settlement**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.,** *et al.,* | Case No. 19-23649 (RDD) |
| **Debtors.**[1] | **(Jointly Administered)** |

### DEBTORS' OFFER OF SETTLEMENT
### WITH RESPECT TO PROOF OF CLAIM NO. [      ]

The Debtors, in their sole discretion, have elected to offer to settle Proof of Claim number [_____] (such offer, the "**Offer of Settlement**") for a single, fixed, liquidated, [general unsecured, administrative expense, or priority] claim against Debtor [_____] in the amount of [_____] (the "**Settlement Amount**"). The Settlement Amount, if accepted, represents the allowed claim amount with respect to Proof of Claim number [_____].

By checking the **FIRST** box below, you affirm that you **FREELY, KNOWINGLY, AND UNCONDITIONALLY ACCEPT** such amount as the allowed claim amount with respect to Proof of Claim number [_____]. You must serve your acceptance or rejection of the Offer of Settlement on the Debtors so as to be received no later than seven (7) calendar days prior to the date set for a Merits Hearing (as defined in the Order). If you fail to accept or reject the Offer of Settlement by the aforementioned deadline, you shall be deemed to have rejected the Offer of Settlement.

**[ ] I FREELY, KNOWINGLY, AND UNCONDITIONALLY ACCEPT THE OFFER OF SETTLEMENT AS SET FORTH ABOVE.**

**[ ] I REJECT THE OFFER OF SETTLEMENT AS SET FORTH ABOVE.**

**If you have any questions regarding this form, please contact [_____] at [_____].**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

**Please email this completed form to [_____]**

_____
Signature of Claimant's Authorized Representative

_____
Printed Name

_____
Company Name, if applicable

| **Summary report:** | |
|---|---|
| **Litera® Change-Pro for Word 10.7.0.7 Document comparison done on 4/19/2021 11:47:25 AM** | |
| **Style name:** Color Legislative Moves+Images | |
| **Intelligent Table Comparison:** Active | |
| **Original DMS:** iw://DMS/AmericasActive/94434691/1 | |
| **Modified DMS:** iw://DMS/AmericasActive/94434691/8 | |
| **Changes:** | |
| Add | 32 |
| Delete | 30 |
| Move From | 2 |
| Move To | 2 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 66 |

**Exhibit C**

**Changed-Pages-Only Blackline of Revised Proposed Order
and Proposed Order Filed with the Motion**

vi)     The claim has been satisfied in full by a party that is not a Debtor;

vii)    The claim has been waived or withdrawn pursuant to an agreement with the Debtors or the entry of a Court order; or

viii)   The claim is objectionable pursuant to section 502(e)(1) of the Bankruptcy Code.

For the avoidance of doubt, any Omnibus Claims Objection shall state with particularity the factual and legal grounds for the objection in accordance with Bankruptcy Rule 7007 and Federal Rule of Civil Procedure 7(b)(1)(B).

(b)     The decision of the Debtors to pursue an objection (individually or on an omnibus basis) with respect to a Proof of Claim will be without prejudice to the Debtors' right to object on other grounds (individually or on an omnibus basis) to the same Proof of Claim or any other Proof of Claim at a later date.  For the avoidance of doubt, the decision of the Debtors to pursue a purely legal objection (individually or on an omnibus basis) with respect to a Proof of Claim will be without prejudice to the Debtors' right to pursue a fact-based objection (individually or on an omnibus basis) with respect to the same Proof of Claim or any other Proof of Claim at a later date.

(c)     The Debtors are authorized to file Omnibus Claims Objections to no more than five hundred (500) claims at a time on the Permitted Grounds.

(d)     Except as expressly provided herein, the Debtors shall comply with the requirements for Omnibus Claims Objections set forth in Bankruptcy Rule 3007(e).

(e)     Any order sustaining an Omnibus Claims Objection shall be treated as an order for each claim referenced in the Omnibus Claims Objection as if an individual order had been entered for such claim.

(f)     The Debtors are authorized to serve an Omnibus Claims Objection Notice, rather than the entire Omnibus Claims Objection, on each claimant whose claim is the subject of the applicable Omnibus Claims Objection and, if known, its counsel.  The Omnibus Claims Objection Notice shall be in a form substantially similar to the notice attached hereto as **Exhibit 1** and shall include an explanation of the claim objection process, a description of the basis of the Omnibus Claims Objection, information regarding the response deadline and hearing date, identification of the claim that is the subject of the Omnibus Claims Objection (with reference to an attached exhibit or otherwise), and information on how the claimant may obtain a complete copy of the Omnibus Claims Objection.  The Debtors retain the right to serve Omnibus Claims Objections in their entirety in appropriate circumstances as determined in the Debtors' sole discretion.

(g)    The Debtors shall file all omnibus and individual objections with this Court to be made publicly available for free on the website of the Debtors' approved claims and noticing agent, Prime Clerk, at https://restructuring.primeclerk.com/purduepharma.

(h)    Notice of claim objections shall be limited to: (a) service of a complete copy of each claim objection (whether an omnibus objection or an individual objection) on the U.S. Trustee and by email to counsel for the Creditors' Committee, the Ad Hoc Committee, and the MSGE Group; (b) with respect to Omnibus Claims Objections, service of an Omnibus Claims Objection Notice on the claimant whose claim is the subject of the applicable Omnibus Claims Objection and its counsel, if known; and (c) with respect to individual claim objections, service of a complete copy of each individual objection on the claimant whose claim is the subject of the applicable individual claim objection and its counsel, if known, or, where counsel has appeared for a claimant, a complete copy of each individual objection to a claim on the claimant's counsel by email.

3.    Responses to the Debtors' individual and Omnibus Claims Objections shall be due twenty-one (21) calendar days after the Debtors provide service of the objection; *provided* that the Debtors reserve the right to request that this Court impose an alternative response deadline or grant expedited consideration with respect to certain objections, if the circumstances so require, which may result in shortened notice of both the hearing date and the response deadline.

4.    The Debtors, using their reasonable business judgment, are authorized to settle claims in accordance with the following procedures (the "**Omnibus Claims Settlement Procedures**"):

(a)    If either (i) the aggregate amount to be allowed for an individual claim (the "**Settlement Amount**") is less than or equal to $500,000, without regard to any unliquidated amounts asserted by such claimant, or (ii) the difference between the Settlement Amount compared to the amount asserted on the Proof of Claim (the "**Claim Difference**") does not exceed $100,000, without regard to any unliquidated amounts asserted by such claimant, the Debtors will submit the proposed settlement to counsel for the Creditors' Committee, the Ad Hoc Committee, and the MSGE Group (collectively, the "**Settlement Review Parties**")[3] together with (i) the

[3] For purposes of this paragraph, any insurer that the Debtors shall have agreed shall be a "Settlement Review Parties" to receive Settlement Summaries, informally object, determine notice periods and approve

4

names of the parties with whom the Debtors have settled, (ii) the relevant Proof of Claim numbers, (iii) the types of claims asserted by each such party, (iv) the amounts for which such claims have been settled, and (v) copies of any proposed settlement agreement or other documents supporting the proposed settlement (the "**Settlement Summary**"). Within five (5) business days of receiving the Settlement Summary, or such period of time as is otherwise agreed to by the Debtors and the Settlement Review Parties, ~~the Creditors' Committee, the Ad Hoc Committee, and/or the MSGE Group~~a Settlement Review Party may submit to the Debtors an informal objection to the proposed settlement reflected in the Settlement Summary (such objection shall not be filed on the docket). If there is a timely objection made by ~~the Creditors' Committee, the Ad Hoc Committee, or the MSGE Group~~a Settlement Review Party, the Debtors may (i) renegotiate the settlement and submit a revised Settlement Summary to the Settlement Review Parties, or (ii) file a motion with the Court seeking approval of the settlement pursuant to Bankruptcy Rule 9019 on no less than ten (10) business days' notice. If there is no timely objection made by ~~the Creditors' Committee, the Ad Hoc Committee, or the MSGE Group~~a Settlement Review Party, or if the Debtors receive written approval from the Settlement Review Parties of the proposed settlement prior to the objection deadline (which approval may be in the form of an email from counsel to the Settlement Review Parties), then the Debtors may proceed with the settlement without prior approval of the Court or any other party in interest.

(b)   If the Settlement Amount is greater than $500,000, and the Claim Difference is greater than $100,000, the Debtors must seek the approval of this Court by way of a motion pursuant to Bankruptcy Rule 9019 on no less than ten (10) business days' notice. The objection deadline to any such motion shall be 4:00 p.m. (prevailing Eastern Time) on the date that is five (5) calendar days before the applicable hearing date.

(c)   The types of claims that may be settled pursuant to these Omnibus Claims Settlement Procedures include: (i) secured claims; (ii) priority claims under section 507(a) of the Bankruptcy Code; and (iii) general unsecured claims.

(d)   The Debtors or their counsel may notify Prime Clerk of any settlement entered into in accordance with the foregoing procedures, and Prime Clerk shall be authorized and directed to update the claims register accordingly without any further approval of the Court.

---

Review Parties" to receive Settlement Summaries, informally object, determine notice periods and approve settlements solely to the extent the relevant Proof(s) of Claim relate to obligations that are related to insurance policies, indemnity agreements or similar instruments issued by such insurer or surety.

(e)     Notwithstanding anything to the contrary herein, Settlement Amounts allowed pursuant to these Omnibus Claims Settlement Procedures shall not exceed $40 million in the aggregate.

5.      The Debtors are authorized to take any and all steps that are necessary or appropriate to settle claims in accordance with the Omnibus Claims Settlement Procedures, including to enter into any stipulations.

6.      Nothing in this Order shall obligate the Debtors to settle or pursue settlement of any particular claim and all settlements of claims may be negotiated and compromised by the Debtors in their sole discretion.

7.      The following Omnibus Claims Hearing Procedures (the "**Omnibus Claims Hearing Procedures**") shall apply:

(a)     The Debtors shall schedule the return date for claims objections, omnibus or otherwise, for hearing at periodic omnibus hearings (the "**Omnibus Hearings**") established by the Court pursuant to the Case Management Order or other hearings the Debtors may schedule with the Court.

(b)     Any information submitted in connection with a Proof of Claim shall be part of the record with respect to the relevant claim, and any such information already submitted need not be resubmitted in connection with the Omnibus Claims Hearing Procedures.

(c)     The Court may enter an order at the scheduled hearing sustaining an objection to claims with respect to which no Response is properly filed and served or pursuant to a certificate of no objection in accordance with the Case Management Order.

(d)     The hearing to consider an objection to claims as to which a Response is properly filed and served (each, a "**Contested Claim**") shall be set for a contested hearing (each, an "**Omnibus Claims Hearing**") to be scheduled by the Debtors, in their sole discretion, as set forth herein. The Debtors shall schedule an Omnibus Claims Hearing for a Contested Claim as follows:

i)      For a non-evidentiary hearing to address whether the Contested Claim has failed to state a claim against the Debtors which can be allowed and should be dismissed pursuant to Bankruptcy Rule 7012 (a "**Sufficiency Hearing**"), unless the Debtors serve the

holder of the claim (the "**Claimant**") with a Notice of Merits Hearing (as defined herein), the Sufficiency Hearing shall go forward at the return date set in accordance with paragraph 7(a) of this Order (or such other date as may be scheduled by the Debtors). The legal standard of review that will be applied by the Court at a Sufficiency Hearing will be equivalent to the standard applied by the Court upon a motion to dismiss for failure to state a claim upon which relief can be granted.

ii)     For If, following a Sufficiency Hearing, the Court determines that there are disputed issues of material fact, or should the Debtors wish to forgo a Sufficiency Hearing and schedule an evidentiary hearing on the merits of a Contested Claim (a "**Merits Hearing**"), the Debtors may, in their sole discretion, serve upon the relevant Claimant (by email or overnight delivery), with a copy to the Creditors' Committee, the Ad Hoc Committee, and the MSGE Group, and file with the Court, a notice substantially in the form attached hereto as **Exhibit 2** (a "**Notice of Merits Hearing**") at least thirty (30) calendar days prior to the date of such Merits Hearing. The rules and procedures applicable to such Merits Hearing will be set forth in any scheduling order issued by the Court in connection therewith. that the scheduled hearing will be treated as a status conference during which the parties will request that the Court issue a scheduling order to facilitate dismissal or resolution of the litigation. Such notice may be incorporated into the initial agenda letter for the hearing or may be provided in a separate notice. In accordance with Local Rule 9014-2, the first hearing on any Contested Claim will not be an evidentiary hearing, and there will be no need for any witnesses to appear at such hearing unless the Court orders otherwise in accordance with Local Rule 9014-2.

(e)     Discovery with respect to a Contested Claim will not be permitted until either (a) the Court has held a Sufficiency Hearing and determined that the Contested Claim states a claim that could be allowed and should not be dismissed pursuant to Bankruptcy Rule 7012, or (b) the Debtors have served the relevant Claimant a Notice of Merits Hearing with respect to the Contested Claim.

(f)     The Debtors may file and serve a reply to a Response no later than 4:00 p.m., prevailing Eastern Time, on the day that is two (2) business days prior to the date of the applicable hearing.

(g)    The Debtors, in their sole discretion, are authorized to further adjourn a hearing scheduled in accordance herewith at any time by providing notice to the Court and the Claimant; *provided* that if a Claimant has filed a Response to an Omnibus Claims Objection, the Debtors may adjourn the hearing as to such Contested Claim only with such Claimant's consent.

8.    The Debtors are authorized to take any and all steps that are necessary or appropriate to implement the Omnibus Claims Hearing Procedures.

9.    Nothing in the Omnibus Claims Hearing Procedures shall preclude settlement of a Contested Claim by mutual consent of the parties at any time; *provided, however*, that any such settlement is subject to the Omnibus Claims Settlement Procedures.

10.    The Debtors are authorized to, in their sole discretion, append an Offer of Settlement to a Notice of Merits Hearing, substantially in the form attached hereto as **Annex 1 to Exhibit 2**.  The Claimant shall accept or reject the Offer of Settlement by checking the appropriate box on the Offer of Settlement and serving it on the Debtors so as to be received no later than seven (7) calendar days prior to the date set for a Merits Hearing.  Any Claimant who has failed to accept or reject the Offer of Settlement by the aforementioned deadline shall be deemed to have rejected the Offer of Settlement.  Any settlement reached in accordance with this paragraph shall be subject to the Omnibus Claims Settlement Procedures.

11.    Notwithstanding anything to the contrary herein, absent a request for modification to the Procedures on notice to all parties in interest and further order of the Court, nothing in this Order or the Procedures approved hereby shall apply to proofs of claim filed by (i) the United States or (ii) any Non-Federal Public Claimant or Private Claimant, to the extent that such Claimants continue to support treatment of such proofs of claim under the Plan in a manner consistent with the agreements in principle reached in the Allocation Mediation; *provided* that the Debtors may use the Procedures to object to any such claims to the extent that the Debtors

believe they were filed against the wrong Debtor or the claimant is not entitled to the asserted secured status or other priority.

12.    Notwithstanding anything to the contrary in the Motion, this Order, the Omnibus Claims Settlement Procedures, or any notice related thereto: nothing shall (a) amend, modify, or otherwise alter the terms and conditions of any Indemnity Agreement (as defined in the *Motion of Debtors for Entry of Interim and Final Orders Authorizing the Debtors to Continue and Renew Surety Bond Program* [ECF No. 12]) or any insurance policies issued to the Debtors and any related agreements including, but not limited to, any right of an insurer to control the defense or settlement of a claim; (b) create or permit a direct right of action against any of the Debtors' insurers or sureties; (c) obligate an insurer or surety to be bound by a settlement except as provided in any applicable insurance policy or Indemnity Agreement; or (d) require an insurer or surety to pay, in whole or in part, a settlement except as provided in any applicable insurance policy or Indemnity Agreement.

13.    ~~12.~~ Nothing in this Order shall constitute an admission of the validity, nature, amount, or priority of any claims asserted in these Cases.

14.    ~~13.~~ Entry of this Order is without prejudice to the Debtors' rights to seek authorization to modify or supplement the relief granted herein.

15.    In the event there is a conflict between this Order and an order establishing plan confirmation protocols, this Order shall govern.

16.    ~~14.~~ The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

17.    ~~15.~~ The contents of the Motion and the notice procedures set forth therein are good and sufficient notice and satisfy the Bankruptcy Rules and the Local Rules, and no other or further notice of the Motion or the entry of this Order shall be required.

18.    ~~16.~~ The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

White Plains, New York
Dated: _____, 2021

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

Debtors shall schedule the return date for claims objections, omnibus or otherwise, for hearing at Omnibus Hearings or other hearings the Debtors may schedule with the Court.

2.     The Court may enter an order at the scheduled hearing sustaining an objection to proofs of claim (each, a "**Proof of Claim**") with respect to which no response (a "**Response**")[2] is properly filed and served.

3.     The hearing to consider an objection to Proofs of Claim as to which a Response is properly filed and served (each, a "**Contested Claim**") shall be set for a contested hearing (each, an "**Omnibus Claims Hearing**") to be scheduled ~~by the Debtors, in their sole discretion, as set forth herein.  The Debtors may request that the Court~~ schedule Omnibus Claims Hearings ~~on the date and/or time of the Omnibus Hearings or at another date and time.~~as follows:

~~4. The Debtors shall schedule an Omnibus Claims Hearing for a Contested Claim as follows:~~

(a)     For a non-evidentiary hearing to address whether the Contested Claim has failed to state a claim against the Debtors which can be allowed and should be dismissed pursuant to Bankruptcy Rule 7012 (a "**Sufficiency Hearing**"), unless the Debtors serve the holder of the claim (the "**Claimant**") with a Notice of Merits Hearing (as defined herein), the Sufficiency Hearing shall go forward at the return date set in accordance with paragraph 1 of these Omnibus Claims Hearing Procedures ~~(or such other date as may be scheduled by the Debtors)~~.  The legal standard of review that will be applied by the Court at a Sufficiency Hearing will be equivalent to the standard applied by the Court upon a motion to dismiss for failure to state a claim upon which relief can be granted.

(b)     ~~For~~If, following a Sufficiency Hearing, the Court determines that there are disputed issues of material fact, or should the Debtors wish to forgo a Sufficiency Hearing and schedule an evidentiary hearing on the merits of a Contested Claim (a "**Merits Hearing**"), the Debtors may, in their sole discretion, serve upon the relevant Claimant~~,~~ ((by email or overnight

---

[2] Any information submitted in connection with a Proof of Claim shall be part of the record with respect to the relevant claim, and any such information already submitted need not be resubmitted in connection with the Omnibus Claims Hearing Procedures.

delivery), with a copy to the Creditors' Committee, the Ad Hoc Committee, and the MSGE Group, and file with the Court, a notice substantially in the form attached to the Order as **Exhibit 2** (a "**Notice of Merits Hearing**") ~~at least thirty (30) calendar days prior to the date of such Merits Hearing. The rules and procedures applicable to such Merits Hearing will be set forth in any scheduling order issued by the Court in connection therewith.~~ that the scheduled hearing will be treated as a status conference during which the parties will request that the Court issue a scheduling order to facilitate dismissal or resolution of the litigation. Such notice may be incorporated into the initial agenda letter for the hearing or may be provided in a separate notice. In accordance with Local Rule 9014-2, the first hearing on any Contested Claim will not be an evidentiary hearing, and there will be no need for any witnesses to appear at such hearing unless the Court orders otherwise in accordance with Local Rule 9014-2.

4. ~~5.~~ Discovery with respect to a Contested Claim will not be permitted until either (a) the Court has held a Sufficiency Hearing and determined that the Contested Claim states a claim that could be allowed and should not be dismissed pursuant to Bankruptcy Rule 7012, or (b) the Debtors have served on the relevant Claimant a Notice of Merits Hearing with respect to the Contested Claim.

5. ~~6.~~ The Debtors may file and serve a reply to a Response no later than 4:00 p.m., prevailing Eastern Time, on the day that is two (2) business days prior to the date of the applicable hearing.

6. ~~7.~~ The Debtors, in their sole discretion, are authorized to further adjourn a hearing scheduled in accordance herewith at any time by providing notice to the Court and the Claimant; *provided* that if a Claimant has filed a Response to an Omnibus Claims Objection, the Debtors may adjourn the hearing as to such Contested Claim only with such Claimant's consent.

7. ~~8.~~ **Sanctions.** The Court will consider appropriate sanctions, including allowance or disallowance of the Contested Claim, if either party does not follow the Omnibus Claims Hearing Procedures.

BY ORDER OF THE COURT

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.**, *et al.*, | **Case No. 19-23649 (RDD)** |
| **Debtors.**[1] | **(Jointly Administered)** |

### NOTICE OF SCHEDULING OF MERITS HEARING WITH RESPECT TO DEBTORS' OBJECTION TO PROOF OF CLAIM NO. [_____]

PLEASE TAKE NOTICE that on [_____ ___], 202[_], Purdue Pharma L.P. and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), objected to proof of claim number [____] (the "**Proof of Claim**") filed by [_____] (the "**Claimant**") pursuant to the [Title of Applicable Claims Objection] (the "**Objection**").

PLEASE TAKE FURTHER NOTICE that on [_____ ___], 202[_], at 10:00 a.m. (Prevailing Eastern Time), in accordance with the *Order Approving (i) Omnibus Claims Objection Procedures, (ii) Omnibus Claims Settlement Procedures and (iii) Omnibus Claims Hearing Procedures*, entered [Date] [ECF No. xxxx] (the "**Order**"), a copy of which is attached hereto, the United States Bankruptcy Court for the Southern District of New York (the "**Court**") will ~~commence~~ hold a status conference during which the parties will request that the Court issue a scheduling order setting forth the rules and procedures applicable to a Merits Hearing (as defined in the Order) ~~for the purposes of holding an evidentiary hearing~~ on the merits of the Proof of Claim. ~~The rules and procedures applicable to such Merits Hearing will be set forth in any scheduling order issued by the Court in connection therewith.~~

~~PLEASE TAKE FURTHER NOTICE that the Debtors may further adjourn the Merits Hearing at any time by providing notice to the Court and the Claimant.~~

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

| Summary report: Litera® Change-Pro for Word 10.7.0.7 Document comparison done on 4/19/2021 11:47:25 AM | |
|---|---|
| **Style name:** Color Legislative Moves+Images | |
| **Intelligent Table Comparison:** Active | |
| **Original DMS:** iw://DMS/AmericasActive/94434691/1 | |
| **Modified DMS:** iw://DMS/AmericasActive/94434691/8 | |
| **Changes:** | |
| Add | 32 |
| Delete | 30 |
| Move From | 2 |
| Move To | 2 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 66 |