UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT COURT

| | |
|---|---|
| In re:<br><br>PURDUE PHARMA L.P., *et al.,*<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 19-23649 (RDD)<br><br>(Jointly Administered) |

**ORDER WITH RESPECT TO THE NAS CHILDREN AD HOC COMMITTEE'S MOTION ENTRY OF ORDER PURSUANT TO 11 U.S.C. §§ 105(A) AND 107(b) AND FED. R. BANKR. P. 9018 AUTHORIZING THE FILING OF CERTAIN INFORMATION AND EXHIBITS UNDER SEAL IN CONNECTION WITH THE NAS CHILDREN AD HOC COMMITTEE'S EX PARTE MOTION REQUESTING A COURT ORDER AUTHORIZING EXAMINATIONS PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 2004 AND 9006**

Upon the *Motion of the NAS Children Ad Hoc Committee* ("NAS Ad Hoc") *for Entry of Order Pursuant to 11 U.S.C. §§ 105(A) and 107(B) and Fed. R. Bankr. P. 9018 Authorizing the Filing of Certain Information and Exhibits Under Seal in Connection with the NAS Children Ad Hoc Committee's Ex Parte Motion Requesting a Court Order Authorizing Examinations Pursuant*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

to Federal Rules of Bankruptcy Procedure 2004 and 9006 [Dkt. No 2139] (the "Motion"); the *Debtors' Objection to the Motion* [Dkt. No. 2155], which objected to the NAS Ad Hoc's request for document production under Fed. R. Bankr. P. 2004, the *Reply of the NAS Children Ad Hoc and Supplemental Declaration in Further Support of its Request for Entry of a Court Order Authorizing Examinations Pursuant to Federal Rules of Bankruptcy Procedure 2004 and 9006* [Dkt. No. 2538-2] (the "Reply"), and the *Debtors' Statement in Response to the Reply of the NAS Children Ad Hoc and Supplemental Declaration in Further Support Of its Request for Entry of a Court Order Authorizing Examinations Pursuant to Federal Rules of Bankruptcy Procedure 2004 and 9006* [Dkt. No. 2584]; and upon the record of the hearing held by the Court on April 6, 2021 (the "April 6 Hearing"); and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and no other or further notice of the Motion being required; and after due deliberation, it is hereby **ORDERED** that:

1.      Consistent with the guidance provided by the Court at the April 6 Hearing, the Debtors shall produce a witness for one (1) deposition pursuant to Fed. R. Civ. P. 30(b)(6) at such time and place as will be agreed to by the parties for the purpose of examination with respect to the Debtors' efforts to respond to the NAS Ad Hoc's various informal discovery requests, including requests set forth in the Motion and Reply, and the Debtors' document retention policies and efforts as applied to materials covered by those requests (the "Deposition").

2. Prior to the Deposition and after the NAS Ad Hoc provides the Debtors with its 30(b)(6) Deposition Notice setting forth the proposed topics for examination, the parties shall meet and confer to discuss (i) the subject matter of the Deposition, which shall be limited to information in the Debtors' possession, custody, or control, and (ii) the identity of the individual appearing at the Deposition.

3. To the extent that the Motion is not resolved by the Deposition, the NAS Ad Hoc is authorized (but not required) to file a supplement to its Motion and schedule a further hearing thereon, and the Debtors will have the opportunity to respond in writing.

4. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: April 19, 2021　　　　　　　　　　　　　　/s/ Robert D. Drain
　　　　　White Plains, New York　　　　　　　　　The Honorable Robert D. Drain
　　　　　　　　　　　　　　　　　　　　　　　　United States Bankruptcy Judge