UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| PURDUE PHARMA L.P., *et al.*, | ) ) | Case No. 19-23649 (RDD) |
| Debtors.[1] | ) ) ) | (Jointly Administered) |

### SECOND AMENDED STIPULATION AND AGREED ORDER REGARDING EXHIBITS FOR USE AT HEARING ON PRIVILEGE MOTIONS

The Official Committee of Unsecured Creditors (the "Official Committee") appointed in the chapter 11 cases (the "Chapter 11 Cases") of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), and the Sacklers,[2] by and through their undersigned counsel, hereby stipulate and agree as set forth below in this amended stipulation and agreed order (the "Second Amended Stipulation and Agreed Order"). As used herein, the term "Parties" refers collectively to the Official Committee and the Sacklers.

### Recitals

A.  On September 28, 2020, the Parties and the Debtors entered into, and the Court so-ordered, the *Amended Stipulation and Agreed Order Regarding Discovery Deadlines and Briefing Scheduling in the Chapter 11 Cases* [ECF No. 1734] (the "Original Stipulation"). The Original Stipulation provided for, among other things, a briefing schedule for two separate

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014).

[2] As used herein, the term "Sacklers" refers collectively to the Raymond Custodians and the M-ICSPs, as defined in the *Amended Stipulation and Agreed Order Regarding Discovery Deadlines and Briefing Scheduling in the Chapter 11 Cases* [ECF No. 1734].

motions (collectively, the "Privilege Motions") to compel production of documents or otherwise challenge claims of privilege or similar doctrines asserted by the Debtors and the Sacklers. The Original Stipulation provided that the hearing on the Privilege Motions (the "Hearing") would occur on October 28, 2020.

  B. On September 30, 2020, the Official Committee filed the Privilege Motions.[3]

  C. On October 14 and 15, 2020, the Sacklers and the Debtors filed their responses.[4] Concurrent with filing their responses to the Privilege Motions, the Debtors also filed a cross-motion for a protective order (the "Debtors' Cross-Motion").

  D. On October 23, 2020, the Official Committee, the Debtors and the Sacklers entered into, and on October 26, 2020, the Court so-ordered, a stipulation (the "Amended Stipulation") amending the briefing schedule with respect to the Privilege Motions.[5] Pursuant to the Amended Stipulation, the Hearing was adjourned from October 28, 2020 to November 17, 2020, and the Sacklers were provided with the opportunity to submit sur-replies in support of any objections to the Privilege Motions.

---

[3] *See The Official Committee of Unsecured Creditors' Motion to Compel Production of Purportedly Privileged Documents, or for* In Camera *Review, Based on Failure of the Sacklers and the Debtors to Demonstrate Documents Identified on Logs are Privileged* [ECF No. 1752]; *The Official Committee of Unsecured Creditors' Motion to Compel Production of Purportedly Privileged Documents, or for* In Camera *Review, Based on Good Cause, Crime Fraud and At Issue Exceptions to Claims of Privilege* [ECF No. 1753].

[4] *See Debtors' Omnibus Objection to the Official Committee's Motions to Compel Production of the Debtors' Privileged Documents and Cross-Motion for a Protective Order* [ECF No. 1808]; *Objection of Mortimer Sackler Initial Covered Sackler Persons to the Official Committee of Unsecured Creditors' Motion to Compel Production of Purportedly Privileged Documents, or for In Camera Review, Based on Failure of the Sacklers and the Debtors to Demonstrate Documents Identified on Logs are Privileged* [ECF No. 1804]; *Objection of Mortimer Sackler Initial Covered Sackler Persons to the Official Committee of Unsecured Creditors' Motion to Compel Production of Purportedly Privileged Documents, or for* In Camera *Review, Based on Good Cause, Crime Fraud, and At Issue Exceptions to Claims of Privilege* [ECF No. 1806]; *Amended Raymond Sackler Family's Opposition to the Official Committee of Unsecured Creditors' Exceptions Motion* [ECF No. 1815]; *Amended Raymond Sackler Family's Opposition to the Official Committee of Unsecured Creditors' General Challenges Motion* [ECF No. 1816].

[5] *See Stipulation and Agreed Order Regarding Amended Briefing Schedule in the Chapter 11 Cases* [ECF No. 1848].

E.      On November 6, 2020, the Official Committee and the Debtors reached an agreement regarding the Privilege Motions as between the Official Committee and the Debtors.[6] In connection with such agreement, the Hearing, solely with regard to the Sacklers, was adjourned from November 17, 2020 to December 15, 2020. On November 15, 2020, the Official Committee and the Debtors entered into and filed a stipulation of settlement formally resolving the Privilege Motions as between the Official Committee and the Debtors.

F.      On November 18, 2020, pursuant to the Amended Stipulation, the Official Committee filed replies in support of the Privilege Motions (the "Replies"),[7] and the Ad Hoc Group of Non-Consenting States filed a statement in support of the Privilege Motions (the "Statement").[8]

G.      On December 9, 2020, pursuant to the Amended Stipulation, the Sacklers filed sur-replies regarding the Privilege Motions (the "Sur-replies").[9]

H.      The Hearing was thereafter adjourned several times to a date no earlier than March 1, 2021.[10] The Official Committee has since determined that it will not seek to schedule the Hearing for a date earlier than May 20, 2021.

---

[6] *See Notice of Agreement Between Debtors and Official Committee of Unsecured Creditors Regarding Privilege Motions and Adjournment of Hearing with Respect to Remaining Privilege Disputes as to the Sacklers* [ECF No. 1908].

[7] The Replies are: (i) *Official Committee of Unsecured Creditors' Reply in Support of Motion to Compel Production of Purportedly Privileged Documents, or for In Camera Review, Based on Failure of the Sacklers to Demonstrate Documents Identified on Logs are Privileged* [ECF No. 2013], and (ii) *Official Committee of Unsecured Creditors' Reply in Support of its Motion to Compel Production of Purportedly Privileged Documents, or for In Camera Review, Based on Good Cause, Crime Fraud, and at Issue Exceptions to Claims of Privilege* [ECF No. 2014].

[8] The Statement is *The Ad Hoc Group of Non-Consenting States' Statement in Support of the Official Committee of Unsecured Creditors' Motions to Compel Production of Purportedly Privileged Documents or for In Camera Review* [ECF No. 2012].

[9] The Sur-replies are: (i) *Sur-reply Memorandum of Objection of Mortimer Sackler Initial Covered Sackler Persons to the Official Committee of Unsecured Creditors' Motion to Compel Production of Purportedly Privileged Documents, or for* In Camera *Review, Based on Good Cause, Crime Fraud, and At Issue Exceptions to Claims of Privilege* [ECF No. 2095], and (ii) *The Raymond Sackler Family's Surreply in Further Support of its Opposition to the Official Committee of Unsecured Creditors' Exceptions Motion* [ECF No. 2093].

[10] *See Notice of Adjournment of Hearing on Privilege Disputes* [ECF No. 2291].

I. On February 19, 2021, the Parties entered into, and on February 22, 2021, the Court so-ordered a stipulation ("Original Stipulation and Agreed Order") that established certain deadlines and procedures for filing and using at the Hearing certain material not filed in connection with their previous written submissions.[11]

J. On March 19, 2021, the Parties entered into, and on March 22, 2021, the Court so-ordered a stipulation ("Amended Stipulation and Agreed Order") that amended certain deadlines and procedures for filing and using at the Hearing certain material not filed in connection with their previous written submissions.[12]

K. The Official Committee has recently received and/or expects to receive certain additional productions from the Debtors, the M-ICSPs, Norton Rose Fulbright, and any other production received on or after March 29, 2021, and wishes to extend the schedule to incorporate documents from those productions (the "Expected Productions"). Accordingly, the Official Committee wishes to amend the schedule in the Original Stipulation and Agreed Order, and the Sacklers do not object to the Official Committee's request to extend the schedule.

**NOW, THEREFORE, IT IS HEREBY STIPULATED, AGREED AND ORDERED AS FOLLOWS:**

1. On March 3, 2021, each Party provided to the other Parties an initial list of any documents (the "Initial Proposed Exhibits"), which such Party may use in connection with the Privilege Motions, that were not filed in connection with any previous submissions on the Privilege Motions.

2. On March 29, 2021, each Party: (i) provided to the other Parties any objection such Party intends to assert to the use of the Initial Proposed Exhibits in connection with the

---

[11] *See Stipulation and Agreed Order Regarding Exhibits for Use at Hearing on Privilege Motions* [ECF No. 2405].
[12] *See Amended Stipulation and Agreed Order Regarding Exhibits for Use at Hearing on Privilege Motions* [ECF No. 25].

4

Privilege Motions; and (ii) identified to the other Parties any documents (the "Additional Proposed Exhibits"), which such Party may use in connection with the Privilege Motions, and that were not filed in connection with any previous submissions on the Privilege Motions.

3. On April 5, 2021, each Party provided to the other Parties any objection such Party intends to assert to the use of the Additional Proposed Exhibits in connection with the Privilege Motions.

4. The Parties met and conferred in good faith in an attempt to resolve any objections asserted pursuant to paragraph 2 or 3 above.

5. On April 13, 2021, each Party provided to the other Parties all redactions, if any, such Party proposes to apply to any Initial and Additional Proposed Exhibit, including transparent redactions reflecting the specific material proposed to be redacted. The Official Committee will seek in good faith to work with the Debtors, Norton Rose Fulbright, and the IACs to address any redactions those parties would propose.

6. No later than 5:00 p.m. (Prevailing Eastern Time) on May 9, 2021, each Party (i) shall identify to the other Parties any documents from the Expected Productions (the "Second Additional Proposed Exhibits" and, together with the Initial Proposed Exhibits and Additional Proposed Exhibits, the "Proposed Exhibits"), which such Party may use in connection with the Privilege Motions, and that were not filed in connection with any previous submissions on the Privilege Motions and (ii) shall make reasonable good faith efforts to provide the other Parties with electronic copies of the documents comprising the Second Additional Proposed Exhibits.

7. No later than 11:00 a.m. (Prevailing Eastern Time) on May 12, 2021, each Party shall provide to the other Parties any objection such Party intends to assert to the use of the Second Additional Proposed Exhibits in connection with the Privilege Motions.

5

Notwithstanding the foregoing, in the event a Party is not able to provide the other Parties with electronic copies of one or more of the Second Additional Proposed Exhibits pursuant to Paragraph 6, all rights of the other Parties with respect to such documents are expressly reserved, including without limitation, the right to object to the reliance on, or introduction or use of such documents during the Hearing, or to object to such documents on any other grounds, or to move to strike such documents from the record. The Party proposing the Second Additional Exhibits reserves all rights to respond to any such objections of the other Parties raised at the Hearing.

8. No later than 5:00 p.m. (Prevailing Eastern Time) on May 12, 2021, the Parties shall meet and confer in good faith in an attempt to resolve such objections.

9. On the date that is five business days before the Hearing at no later than 5:00 p.m. (Prevailing Eastern Time), each Party shall file with the Court a declaration of counsel: (i) attaching the Proposed Exhibits, if any, such Party intends to use in connection with the Privilege Motions and (ii) identifying any Proposed Exhibits that are subject to unresolved objections. Such declarations shall not contain any substantive argument or reply.

10. On the date that is three business days before the Hearing, the Official Committee shall provide the Court with courtesy copies of all pleadings and exhibits related to the Privilege Motions, including any additional declarations or Proposed Exhibits filed pursuant to this Stipulation and Agreed Order.

11. The Parties agree that the use of a Proposed Exhibit in connection with the Privilege Motions shall not prejudice any Party's ability to object to the admissibility of such document at any hearing, trial or other proceeding other than in connection with the Privilege Motions.

[*The remainder of this page has been left blank intentionally.*]

**STIPULATED AND AGREED:**

Dated: April 19, 2021
      New York, New York

| | |
|---|---|
| */s/   Mitchell Hurley* | */s/   Mara Leventhal* |
| AKIN GUMP STRAUSS HAUER & FELD LLP | MILBANK LLP<br>Gerard Uzzi<br>Alexander B. Lees<br>55 Hudson Yards<br>New York, NY 10001<br>Telephone: (212) 530-5000 |
| Ira Dizengoff<br>Arik Preis<br>Mitchell Hurley<br>Joseph L. Sorkin<br>Sara L. Brauner<br>One Bryant Park<br>Bank of America Tower<br>New York, New York 10036<br>Telephone: (212) 872-1000 | JOSEPH HAGE AARONSON LLC<br>Gregory P. Joseph<br>Mara Leventhal<br>485 Lexington Avenue, 30th Floor<br>New York, New York 10017<br>New York, NY 10017<br>Telephone: (212) 407-1200 |
| *Counsel to the Official Committee of Unsecured Creditors* | *Counsel to the Raymond Side Covered Parties* |
| | */s/   Jasmine Ball* |
| | DEBEVOISE & PLIMPTON LLP<br>Harold W. Williford<br>Jasmine Ball<br>M. Natasha Labovitz<br>Maura Kathleen Monaghan<br>Jeffery J. Rosen<br>919 Third Avenue<br>New York, NY 10022<br>Telephone: (212) 909-6000 |
| | *Counsel to the Mortimer Side Covered Parties* |

**SO ORDERED:**

Dated:  White Plains, New York
       April 20, 2021

                                                  */s/ Robert D. Drain*
                                                  HONORABLE ROBERT D. DRAIN
                                                  UNITED STATES BANKRUPTCY JUDGE