**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re:<br><br>**PURDUE PHARMA L.P.,** *et al.*,<br><br>Debtors.[1] | **Chapter 11**<br><br>**Case No. 19-23649 (RDD)**<br><br>**(Jointly Administered)** |

### ORDER APPROVING (I) OMNIBUS CLAIMS OBJECTION PROCEDURES, (II) OMNIBUS CLAIMS SETTLEMENT PROCEDURES AND (III) OMNIBUS CLAIMS HEARING PROCEDURES

Upon the motion (the "**Motion**")[2] of Purdue Pharma L.P. and its affiliates that are debtors

and debtors in possession in these proceedings (collectively, the "**Debtors**") for entry of an order

(this "**Order**"), pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 3007,

approving the Omnibus Claims Objection Procedures, Omnibus Claims Settlement Procedures

and Omnibus Claims Hearing Procedures, all as more fully described in the Motion; and the

Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28

U.S.C. §§ 157(a)–(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated

January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein

being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before the Court

pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to such term in the Motion.

provided to the Notice Parties, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion and held a hearing to consider the relief requested in the Motion (the "**Hearing**"); and any and all objections having been resolved or overruled; and, after due deliberation, the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish good and sufficient cause for the relief granted herein; and the Court having determined that the relief requested is in the best interests of the Debtors, their estates, creditors and all parties in interest;

**IT IS HEREBY ORDERED THAT**:

1.      The relief requested in the Motion is hereby granted as set forth herein.

2.      The Debtors are authorized to object to claims in accordance with the following procedures (the "**Omnibus Claims Objection Procedures**"):

> (a)    Notwithstanding anything to the contrary in Bankruptcy Rule 3007, the Debtors are authorized to file Omnibus Claims Objections to claims seeking reduction, reclassification, and/or disallowance of claims on one or more of the following grounds (the "**Additional Permitted Grounds**" and, together with those grounds set forth in Bankruptcy Rule 3007(d), the "**Permitted Grounds**"):
>
>> i)      The amount claimed is inconsistent with the Debtors' books and records;
>>
>> ii)     The Proof of Claim fails to specify sufficiently the basis for the claim or provide sufficient supporting documentation for such claim;
>>
>> iii)    The Debtors are not liable to the claimant for the amount or claim asserted;
>>
>> iv)     The claim is filed against non-Debtors, the wrong Debtor, or is filed against multiple Debtors, except to the extent permitted under the Bar Date Orders;
>>
>> v)      The claimant is not entitled to the asserted secured status or other priority;
>>
>> vi)     The claim has been satisfied in full by a party that is not a Debtor;

     vii)     The claim has been waived or withdrawn pursuant to an agreement with the Debtors or the entry of a Court order; or

     viii)    The claim is objectionable pursuant to section 502(e)(1) of the Bankruptcy Code.

For the avoidance of doubt, any Omnibus Claims Objection shall state with particularity the factual and legal grounds for the objection in accordance with Bankruptcy Rule 7007 and Federal Rule of Civil Procedure 7(b)(1)(B).

(b)     The decision of the Debtors to pursue an objection (individually or on an omnibus basis) with respect to a Proof of Claim will be without prejudice to the Debtors' right to object on other grounds (individually or on an omnibus basis) to the same Proof of Claim or any other Proof of Claim at a later date. For the avoidance of doubt, the decision of the Debtors to pursue a purely legal objection (individually or on an omnibus basis) with respect to a Proof of Claim will be without prejudice to the Debtors' right to pursue a fact-based objection (individually or on an omnibus basis) with respect to the same Proof of Claim or any other Proof of Claim at a later date.

(c)     The Debtors are authorized to file Omnibus Claims Objections that pertain to no more than five hundred (500) claims at a time on the Permitted Grounds; *provided* that the Debtors shall not file an Omnibus Claims Objection on the Additional Permitted Grounds identified in paragraphs 2(a)(i), (iii), or (v) of this Order with respect to more than one hundred (100) claims at a time.

(d)     Except as expressly provided herein, the Debtors shall comply with the requirements for Omnibus Claims Objections set forth in Bankruptcy Rule 3007(e).

(e)     Any order sustaining an Omnibus Claims Objection shall be treated as an order for each claimant whose claim is subject to the applicable Omnibus Claims Objection as if an individual order had been entered for such claimant.

(f)     The Debtors are directed to serve an Omnibus Claims Objection Notice, rather than the entire Omnibus Claims Objection, on each claimant whose claim is the subject of the applicable Omnibus Claims Objection and, if known, its counsel. The Omnibus Claims Objection Notice shall be in a form substantially similar to the notice attached hereto as **Exhibit 1** and shall include an explanation of the claim objection process, a description of the basis of the Omnibus Claims Objection, information regarding the response deadline and hearing date, identification of the claim that is the subject of the Omnibus Claims Objection (with reference to an attached

exhibit or otherwise), and information on how the claimant may obtain a complete copy of the Omnibus Claims Objection. The Debtors retain the right to serve Omnibus Claims Objections in their entirety in appropriate circumstances as determined in the Debtors' sole discretion.

(g)     The Debtors shall file all omnibus and individual objections with this Court to be made publicly available for free on the website of the Debtors' approved claims and noticing agent, Prime Clerk, at https://restructuring.primeclerk.com/purduepharma.

(h)     Notice of claim objections shall be limited to: (a) service of a complete copy of each claim objection (whether an omnibus objection or an individual objection) on the U.S. Trustee and by email to counsel for the Creditors' Committee, the Ad Hoc Committee, and the MSGE Group; (b) with respect to Omnibus Claims Objections, service of an Omnibus Claims Objection Notice on the claimant whose claim is the subject of the applicable Omnibus Claims Objection and its counsel, if known; and (c) with respect to individual claim objections, service of a complete copy of each individual objection on the claimant whose claim is the subject of the applicable individual claim objection and its counsel, if known, or, where counsel has appeared for a claimant, a complete copy of each individual objection to a claim on the claimant's counsel by email.

3.      Responses to the Debtors' individual and Omnibus Claims Objections shall be due twenty-one (21) calendar days after the Debtors provide service of the objection; *provided* that the Debtors reserve the right to request that this Court impose an alternative response deadline.

4.      The Debtors, using their reasonable business judgment, are authorized to settle claims in accordance with the following procedures (the "**Omnibus Claims Settlement Procedures**"):

(a)     If either (i) the aggregate amount to be allowed for an individual claim (the "**Settlement Amount**") is less than or equal to $500,000, without regard to any unliquidated amounts asserted by such claimant, or (ii) the difference between the Settlement Amount compared to the amount asserted on the Proof of Claim (the "**Claim Difference**") does not exceed $100,000, without regard to any unliquidated amounts asserted by such claimant, the Debtors will submit the proposed settlement to counsel for the Creditors' Committee, the Ad Hoc Committee, and the MSGE Group

(collectively, the "**Settlement Review Parties**"),[3] together with (i) the names of the parties with whom the Debtors have settled, (ii) the relevant Proof of Claim numbers, (iii) the types of claims asserted by each such party, (iv) the amounts for which such claims have been settled, and (v) copies of any proposed settlement agreement or other documents supporting the proposed settlement (the "**Settlement Summary**"). Within five (5) business days of receiving the Settlement Summary, or such period of time as is otherwise agreed to by the Debtors and the Settlement Review Parties, a Settlement Review Party may submit to the Debtors an informal objection to the proposed settlement reflected in the Settlement Summary (such objection shall not be filed on the docket). If there is a timely objection made by a Settlement Review Party, the Debtors may (i) renegotiate the settlement and submit a revised Settlement Summary to the Settlement Review Parties, or (ii) file a motion with the Court seeking approval of the settlement pursuant to Bankruptcy Rule 9019 on no less than ten (10) business days' notice. If there is no timely objection made by a Settlement Review Party, or if the Debtors receive written approval from the Settlement Review Parties of the proposed settlement prior to the objection deadline (which approval may be in the form of an email from counsel to the Settlement Review Parties), then the Debtors may proceed with the settlement without prior approval of the Court or any other party in interest.

(b)     If the Settlement Amount is greater than $500,000, and the Claim Difference is greater than $100,000, the Debtors must seek the approval of this Court by way of a motion pursuant to Bankruptcy Rule 9019 on no less than ten (10) business days' notice. The objection deadline to any such motion shall be 4:00 p.m. (prevailing Eastern Time) on the date that is five (5) calendar days before the applicable hearing date.

(c)     The types of claims that may be settled pursuant to these Omnibus Claims Settlement Procedures include: (i) secured claims; (ii) priority claims under section 507(a) of the Bankruptcy Code; and (iii) general unsecured claims.

(d)     The Debtors or their counsel may notify Prime Clerk of any settlement entered into in accordance with the foregoing procedures, and Prime Clerk shall be authorized and directed to update the claims register accordingly without any further approval of the Court.

---

[3] For purposes of this paragraph 4(a), an insurer or surety of the Debtors shall have the rights of the "Settlement Review Parties" to receive Settlement Summaries, informally object, determine notice periods and approve settlements solely to the extent the relevant Proof(s) of Claim relate to obligations that are related to insurance policies, indemnity agreements or similar instruments issued by such insurer or surety.

    (e)    Notwithstanding anything to the contrary herein, Settlement Amounts allowed pursuant to these Omnibus Claims Settlement Procedures shall not exceed $40 million in the aggregate (as may be increased from time to time by further order of this Court, the "**Settlement Cap**"). If Settlement Amounts allowed pursuant to these Omnibus Claims Settlement Procedures exceed the Settlement Cap, then the Debtors shall seek Court approval of any subsequent settlements by way of a motion pursuant to Bankruptcy Rule 9019 in accordance with the notice and hearing requirements set forth in paragraph 4(b) of this Order.

5.    The Debtors are authorized to take any and all steps that are necessary or appropriate to settle claims in accordance with the Omnibus Claims Settlement Procedures, including to enter into any stipulations.

6.    Nothing in this Order shall obligate the Debtors to settle or pursue settlement of any particular claim and all settlements of claims may be negotiated and compromised by the Debtors in their sole discretion.

7.    The following Omnibus Claims Hearing Procedures (the "**Omnibus Claims Hearing Procedures**") shall apply:

    (a)    The Debtors shall schedule the return date for claims objections, omnibus or otherwise, for hearing at periodic omnibus hearings (the "**Omnibus Hearings**") established by the Court pursuant to the Case Management Order or other hearings the Debtors may schedule with the Court. The Debtors shall schedule the return date for a particular Omnibus Claims Objection within seven (7) days of filing such Omnibus Claims Objection. In the event that the Debtors do not schedule a return date in accordance with the preceding sentence, a holder of a claim that is subject to such Omnibus Claims Objection may request that the Court schedule a return date for such Omnibus Claims Objection.

    (b)    Any information submitted in connection with a Proof of Claim shall be part of the record with respect to the relevant claim, and any such information already submitted need not be resubmitted in connection with the Omnibus Claims Hearing Procedures.

    (c)    The Court may enter an order at the scheduled hearing sustaining an objection to claims with respect to which no Response is properly filed and served or pursuant to a certificate of no objection in accordance with the Case Management Order.

(d) The hearing to consider an objection to claims as to which a Response is properly filed and served (each, a "**Contested Claim**") shall be set for a contested hearing (each, an "**Omnibus Claims Hearing**") to be scheduled as follows:

    i) For a non-evidentiary hearing to address whether the Contested Claim has failed to state a claim against the Debtors which can be allowed and should be dismissed pursuant to Bankruptcy Rule 7012 (a "**Sufficiency Hearing**"), unless the Debtors serve the holder of the claim (the "**Claimant**") with a Notice of Pre-Trial Conference (as defined herein), the Sufficiency Hearing shall go forward at the return date set in accordance with paragraph 7(a) of this Order. The legal standard of review that will be applied by the Court at a Sufficiency Hearing will be equivalent to the standard applied by the Court upon a motion to dismiss for failure to state a claim upon which relief can be granted or a motion for summary judgment, as applicable.

    ii) If, following a Sufficiency Hearing, the Court determines that there are disputed issues of material fact, or should the Debtors wish to forgo a Sufficiency Hearing and schedule an evidentiary hearing on the merits of a Contested Claim (a "**Merits Hearing**"), the Debtors may, in their sole discretion, serve upon the relevant Claimant (by email or overnight delivery), with a copy to the Creditors' Committee, the Ad Hoc Committee, and the MSGE Group, and file with the Court, a notice substantially in the form attached hereto as __Exhibit 2__ (a "**Notice of Pre-Trial Conference**") that the scheduled hearing will be treated as a pre-trial conference during which the Court will determine whether to issue a scheduling order applicable to a Merits Hearing and the terms of such order. Such notice may be incorporated into the initial agenda letter for the hearing or may be provided in a separate notice. In accordance with Local Rule 9014-2, the first hearing on any Contested Claim will not be an evidentiary hearing, and there will be no need for any witnesses to appear at such hearing unless the Court orders otherwise in accordance with Local Rule 9014-2. The parties shall confer in advance of the pre-trial conference regarding the nature and length of any discovery that they anticipate will be required.

(e) Discovery with respect to a Contested Claim will not be permitted until either (a) the Court has held a Sufficiency Hearing and determined that the Contested Claim states a claim that could be allowed and should not be dismissed pursuant to Bankruptcy Rule 7012, or (b) the Debtors have served the relevant Claimant a Notice of Pre-Trial Conference with respect to the Contested Claim.

      (f)      The Debtors may file and serve a reply to a Response no later than 4:00 p.m., prevailing Eastern Time, on the day that is two (2) business days prior to the date of the applicable hearing.

      (g)      The Debtors, in their sole discretion, are authorized to further adjourn a hearing scheduled in accordance herewith at any time by providing notice to the Court and the Claimant; *provided* that if a Claimant has filed a Response to an Omnibus Claims Objection, the Debtors may adjourn the hearing as to such Contested Claim only with such Claimant's consent.

8.      The Debtors are authorized to take any and all steps that are necessary or appropriate to implement the Omnibus Claims Hearing Procedures.

9.      Nothing in the Omnibus Claims Hearing Procedures shall preclude settlement of a Contested Claim by mutual consent of the parties at any time; *provided, however*, that any such settlement is subject to the Omnibus Claims Settlement Procedures.

10.      The Debtors are authorized to, in their sole discretion, append an Offer of Settlement to a Notice of Pre-Trial Conference, substantially in the form attached hereto as **Annex 1 to Exhibit 2**.  The Claimant shall accept or reject the Offer of Settlement by checking the appropriate box on the Offer of Settlement and serving it on the Debtors so as to be received no later than seven (7) calendar days prior to the date set for a Merits Hearing.  Any Claimant who has failed to accept or reject the Offer of Settlement by the aforementioned deadline shall be deemed to have rejected the Offer of Settlement.  Any settlement reached in accordance with this paragraph shall be subject to the Omnibus Claims Settlement Procedures.

11.      Notwithstanding anything to the contrary herein, absent a request for modification to the Procedures on notice to all parties in interest and further order of the Court, nothing in this Order or the Procedures approved hereby shall apply to proofs of claim filed by (i) the United States or (ii) any Non-Federal Public Claimant or Private Claimant, to the extent that such Claimants continue to support treatment of such proofs of claim under the Plan in a manner

consistent with the agreements in principle reached in the Allocation Mediation; *provided* that the Debtors may use the Procedures to object to any such claims to the extent that the Debtors believe they were filed against the wrong Debtor or the claimant is not entitled to the asserted secured status or other priority.

12.    Notwithstanding anything to the contrary in the Motion, this Order, the Omnibus Claims Settlement Procedures, or any notice related thereto: nothing shall (a) amend, modify, or otherwise alter the terms and conditions of any Indemnity Agreement (as defined in the *Motion of Debtors for Entry of Interim and Final Orders Authorizing the Debtors to Continue and Renew Surety Bond Program* [ECF No. 12]) or any insurance policies issued to the Debtors and any related agreements including, but not limited to, any right of an insurer to control the defense or settlement of a claim; (b) create or permit a direct right of action against any of the Debtors' insurers or sureties; (c) obligate an insurer or surety to be bound by a settlement except as provided in any applicable insurance policy or Indemnity Agreement; or (d) require an insurer or surety to pay, in whole or in part, a settlement except as provided in any applicable insurance policy or Indemnity Agreement.

13.    Nothing in this Order shall constitute an admission of the validity, nature, amount, or priority of any claims asserted in these Cases.

14.    Entry of this Order is without prejudice to the Debtors' rights to seek authorization to modify or supplement the relief granted herein.

15.    In the event there is a conflict between this Order and an order establishing plan confirmation hearing procedures or protocols, this Order shall govern.

16.    The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

17.      The contents of the Motion and the notice procedures set forth therein are good and sufficient notice and satisfy the Bankruptcy Rules and the Local Rules, and no other or further notice of the Motion or the entry of this Order shall be required.

18.      The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated:  April 22, 2021                         /s/ Robert D. Drain
       White Plains, New York            THE HONORABLE ROBERT D. DRAIN
                                  UNITED STATES BANKRUPTCY JUDGE

## <u>Exhibit 1</u>

**Notice of Omnibus Claims Objection**

> **THIS OBJECTION SEEKS TO REDUCE AND ALLOW OR DISALLOW AND
> EXPUNGE CERTAIN PROOFS OF CLAIM FILED BY YOU AND IDENTIFIED
> HEREIN.  PARTIES RECEIVING THIS NOTICE OF THE [insert ordinal] OMNIBUS
> OBJECTION TO CLAIMS SHOULD LOCATE THEIR NAMES AND CLAIMS
> IDENTIFIED ON <u>EXHIBIT A</u> ATTACHED TO THIS NOTICE.**
>
> **IF YOU HAVE QUESTIONS, PLEASE CONTACT
> PURDUE PHARMA L.P.'S COUNSEL,
> DAVIS POLK & WARDWELL LLP, AT 212-450-[insert telephone number].**

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.,** *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

**NOTICE OF HEARING ON DEBTORS' [insert ordinal] OMNIBUS CLAIMS
<u>OBJECTION TO PROOFS OF CLAIM ([insert basis for objection])</u>**

      **PLEASE TAKE NOTICE** that, on _____, 2021, Purdue Pharma L.P.

and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter

11 cases (collectively, the "**Debtors**") filed their **[insert ordinal]** Omnibus Claims Objection to

Proofs of Claim (**[insert basis for objection]**) the ("**Objection**") with the United States

Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Nayatt Cove Lifescience Inc. (4712), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014).  The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

The Objection requests that the Bankruptcy Court expunge, reduce, reclassify, and/or disallow one or more of your claims listed on **Exhibit A** annexed hereto on the ground that **[insert basis for disallowance, reduction, reclassification or expungement]. Any claim that the Bankruptcy Court expunges and disallows will be treated as if it had not been filed and you will not be entitled to any distribution on account thereof.**

**PLEASE TAKE FURTHER NOTICE** that the *Court-Ordered Omnibus Claims Hearing Procedures* (the "**Omnibus Claims Hearing Procedures**") annexed hereto as **Exhibit B** apply and govern the objection to your Proof(s) of Claim. The Omnibus Claims Hearing Procedures provide for certain mandatory actions by a claimant within certain time periods. Therefore, please review the Omnibus Claims Hearing Procedures carefully. Failure to comply with the Omnibus Claims Hearing Procedures may result in the disallowance and expungement of a Proof of Claim without further notice to a claimant.

If you do NOT oppose the disallowance, expungement, reduction, or reclassification of your claim(s) listed on **Exhibit A**, then you do NOT need to file a written response to the Objection, and you do NOT need to appear at the hearing.

If you DO oppose the disallowance, expungement, reduction, or reclassification of your claim(s) listed on **Exhibit A**, then you MUST file with the Court <u>and</u> serve on the parties listed below a written response to the Objection so that it is received on or before **4:00 p.m., prevailing eastern time on _____, 2021** (the "**Response Deadline**").

Your response, if any, must contain at a minimum the following: (i) a caption setting forth the name of the Bankruptcy Court, the names of the Debtors, the case number, and the title of the Objection to which the response is directed; (ii) the name of the claimant and description of the basis for the amount of the claim; (iii) a concise statement setting forth the reasons why

the claim should not be disallowed, expunged, reduced, or reclassified for the reasons set forth in the Objection, including, but not limited to, the specific factual and legal bases upon which you will rely in opposing the Objection; (iv) all documentation or other evidence of the claim, to the extent not included with the proof of claim previously filed with the Bankruptcy Court, upon which you will rely in opposing the Objection; (v) the address(es) to which the Debtors must return any reply to your response, if different from that presented in the proof of claim; and (vi) the name, address, and telephone number of the person (which may be you or your legal representative) possessing ultimate authority to reconcile, settle, or otherwise resolve the claim on your behalf.

The Bankruptcy Court will consider a response only if the response is timely filed, served, and received.  A response will be deemed timely filed, served, and received only if the original response is actually received on or before the Response Deadline by (i) the chambers of the Honorable Robert D. Drain, United States Bankruptcy Court, 300 Quarropas Street, White Plains, New York 10601; (ii) Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017 (Attn: Marshall S. Huebner, Benjamin S. Kaminetzky, James I. McClammy, Eli J. Vonnegut, and Christopher S. Robertson), counsel to the Debtors; and (iii) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036 (Attn: Ira S. Dizengoff, Arik Preis, Mitchell P. Hurley, and Sara L. Brauner), counsel to the Official Committee of Unsecured Creditors appointed in these cases.

Except as otherwise permitted under the Omnibus Claims Hearing Procedures, a hearing will be held on _____, 2021 to consider the Objection.  The hearing will be held at _____, prevailing Eastern time, in the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601.  If you

file a written response to the Objection, you should plan to appear at the hearing.  If you timely file a response, the Debtors may continue the hearing with respect to your claim(s) with your consent.

Regardless whether the Bankruptcy Court disallows, expunges, reduces, or reclassifies your claim(s) listed on **Exhibit A** on the grounds set forth above, the Debtors have the right to object on other grounds to the claim(s) (or to any other claims you may have filed) at a later date. You will receive a separate notice of any such objections.

You may participate in a non-evidentiary hearing telephonically provided that you comply with the Court's instructions (including, without limitation, providing prior written notice to counsel for the Debtors and any statutory committee), which can be found on the Court's website at www.nysb.uscourts.gov.

If you wish to view the complete Objection, you can do so for free at https://restructuring.primeclerk.com/purduepharma.   **CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.**

[*Remainder of Page Intentionally Left Blank*]

Dated: _____, 2021
New York, New York

By: _____

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile:  (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
James I. McClammy
Eli J. Vonnegut
Christopher S. Robertson

*Counsel to the Debtors*
*and Debtors in Possession*

### **Exhibit B to Exhibit 1**

**Omnibus Claims Hearing Procedures**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

PURDUE PHARMA L.P., *et al.*,

Debtors.[1]

Chapter 11

Case No. 19-23649 (RDD)

(Jointly Administered)

## COURT-ORDERED OMNIBUS CLAIMS HEARING PROCEDURES

In accordance with the *Order Approving (I) Omnibus Claims Objection Procedures, (II) Omnibus Claims Settlement Procedures and (III) Omnibus Claims Hearing Procedures*, entered on [Date] [ECF No. xxxx] (the "**Order**"), the Omnibus Claims Hearing Procedures (the "**Omnibus Claims Hearing Procedures**") described herein have been ordered by the United States Bankruptcy Court for the Southern District of New York (the "**Court**") to apply to the chapter 11 cases of Purdue Pharma L.P. and its affiliated debtors.

## Omnibus Claims Hearing Procedures

1.      Pursuant to the *Second Amended Order Establishing Certain Notice, Case Management, and Administrative Procedures*, entered on November 18, 2019 [ECF No. 498], the Court established periodic omnibus hearings (the "**Omnibus Hearings**") in these cases.  The Debtors shall schedule the return date for claims objections, omnibus or otherwise, for hearing at Omnibus Hearings or other hearings the Debtors may schedule with the Court.  The Debtors

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014).  The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

shall schedule the return date for a particular Omnibus Claims Objection within seven (7) days of

filing such Omnibus Claims Objection.  In the event that the Debtors do not schedule a return

date in accordance with the preceding sentence, a holder of a claim that is subject to such

Omnibus Claims Objection may request that the Court schedule a return date for such Omnibus

Claims Objection.

2.      The Court may enter an order at the scheduled hearing sustaining an objection to

proofs of claim (each, a "**Proof of Claim**") with respect to which no response (a "**Response**")[2] is

properly filed and served.

3.      The hearing to consider an objection to Proofs of Claim as to which a Response is

properly filed and served (each, a "**Contested Claim**") shall be set for a contested hearing (each,

an "**Omnibus Claims Hearing**") to be scheduled as follows:

(a)      For a non-evidentiary hearing to address whether the Contested Claim has
failed to state a claim against the Debtors which can be allowed and
should be dismissed pursuant to Bankruptcy Rule 7012 (a "**Sufficiency
Hearing**"), unless the Debtors serve the holder of the claim (the
"**Claimant**") with a Notice of Pre-Trial Conference (as defined herein),
the Sufficiency Hearing shall go forward at the return date set in
accordance with paragraph 1 of these Omnibus Claims Hearing
Procedures.  The legal standard of review that will be applied by the Court
at a Sufficiency Hearing will be equivalent to the standard applied by the
Court upon a motion to dismiss for failure to state a claim upon which
relief can be granted or a motion for summary judgment, as applicable.

(b)      If, following a Sufficiency Hearing, the Court determines that there are
disputed issues of material fact, or should the Debtors wish to forgo a
Sufficiency Hearing and schedule an evidentiary hearing on the merits of a
Contested Claim (a "**Merits Hearing**"), the Debtors may, in their sole
discretion, serve upon the relevant Claimant (by email or overnight
delivery), with a copy to the Creditors' Committee, the Ad Hoc
Committee, and the MSGE Group, and file with the Court, a notice

---

[2] Any information submitted in connection with a Proof of Claim shall be part of the record with respect to the
relevant claim, and any such information already submitted need not be resubmitted in connection with the Omnibus
Claims Hearing Procedures.

substantially in the form attached to the Order as **Exhibit 2** (a "**Notice of Pre-Trial Conference**") that the scheduled hearing will be treated as a pre-trial conference during which the Court will determine whether to issue a scheduling order applicable to a Merits Hearing and the terms of such order. Such notice may be incorporated into the initial agenda letter for the hearing or may be provided in a separate notice. In accordance with Local Rule 9014-2, the first hearing on any Contested Claim will not be an evidentiary hearing, and there will be no need for any witnesses to appear at such hearing unless the Court orders otherwise in accordance with Local Rule 9014-2. The parties shall confer in advance of the pre-trial conference regarding the nature and length of any discovery that they anticipate will be required.

4.    Discovery with respect to a Contested Claim will not be permitted until either (a) the Court has held a Sufficiency Hearing and determined that the Contested Claim states a claim that could be allowed and should not be dismissed pursuant to Bankruptcy Rule 7012, or (b) the Debtors have served on the relevant Claimant a Notice of Pre-Trial Conference with respect to the Contested Claim.

5.    The Debtors may file and serve a reply to a Response no later than 4:00 p.m., prevailing Eastern Time, on the day that is two (2) business days prior to the date of the applicable hearing.

6.    The Debtors, in their sole discretion, are authorized to further adjourn a hearing scheduled in accordance herewith at any time by providing notice to the Court and the Claimant; *provided* that if a Claimant has filed a Response to an Omnibus Claims Objection, the Debtors may adjourn the hearing as to such Contested Claim only with such Claimant's consent.

7.    **Sanctions.** The Court will consider appropriate sanctions, including allowance or disallowance of the Contested Claim, if either party does not follow the Omnibus Claims Hearing Procedures.

BY ORDER OF THE COURT

3

**<u>Exhibit 2</u>**

**Notice of Pre-Trial Conference**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.,** *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

**NOTICE OF SCHEDULING OF PRE-TRIAL CONFERENCE WITH
RESPECT TO DEBTORS' OBJECTION TO PROOF OF CLAIM NO. [_____]**

PLEASE TAKE NOTICE that on [_____ ___], 202[_], Purdue Pharma L.P. and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), objected to proof of claim number [_____] (the "**Proof of Claim**") filed by [_____] (the "**Claimant**") pursuant to the [Title of Applicable Claims Objection] (the "**Objection**").

PLEASE TAKE FURTHER NOTICE that on [_____ ___], 202[_], at 10:00 a.m. (Prevailing Eastern Time), in accordance with the *Order Approving (i) Omnibus Claims Objection Procedures, (ii) Omnibus Claims Settlement Procedures and (iii) Omnibus Claims Hearing Procedures*, entered [Date] [ECF No. xxxx] (the "**Order**"), a copy of which is attached hereto, the United States Bankruptcy Court for the Southern District of New York (the "**Court**") will hold a pre-trial conference during which the Court will determine whether to issue a scheduling order setting forth the rules and procedures applicable to a Merits Hearing (as defined in the Order) on the merits of the Proof of Claim and the terms of such order. The parties shall confer in advance of the pre-trial conference regarding the nature and length of any discovery that they anticipate will be required.

Dated:          [_____ ___], 20[__]
               New York, New York

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Nayatt Cove Lifescience Inc. (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

**<u>Annex 1 to Exhibit 2</u>**

**Offer of Settlement**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | **Chapter 11** |
| **PURDUE PHARMA L.P.**, *et al.*, | **Case No. 19-23649 (RDD)** |
| **Debtors.**[1] | **(Jointly Administered)** |

### DEBTORS' OFFER OF SETTLEMENT
### WITH RESPECT TO PROOF OF CLAIM NO. [_____]

      The Debtors, in their sole discretion, have elected to offer to settle Proof of Claim number [_____] (such offer, the "**Offer of Settlement**") for a single, fixed, liquidated, [general unsecured, administrative expense, or priority] claim against Debtor [_____] in the amount of [_____] (the "**Settlement Amount**"). The Settlement Amount, if accepted, represents the allowed claim amount with respect to Proof of Claim number [_____].

      By checking the **FIRST** box below, you affirm that you **FREELY, KNOWINGLY, AND UNCONDITIONALLY ACCEPT** such amount as the allowed claim amount with respect to Proof of Claim number [_____]. You must serve your acceptance or rejection of the Offer of Settlement on the Debtors so as to be received no later than seven (7) calendar days prior to the date set for a Merits Hearing (as defined in the Order). If you fail to accept or reject the Offer of Settlement by the aforementioned deadline, you shall be deemed to have rejected the Offer of Settlement.

**[ ] I FREELY, KNOWINGLY, AND UNCONDITIONALLY ACCEPT THE OFFER OF SETTLEMENT AS SET FORTH ABOVE.**

**[ ] I REJECT THE OFFER OF SETTLEMENT AS SET FORTH ABOVE.**

**If you have any questions regarding this form, please contact [_____] at [_____].**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

**Please email this completed form to [_____]**


_____
Signature of Claimant's Authorized Representative


_____
Printed Name


_____
Company Name, if applicable