# <u>EXHIBIT A</u>

# Draft Neutrality Language

**DRAFT**

**Definitions to be added to the plan:**

"*Insurance Coverage Action*" means any action brought before a court, arbitrator, or other tribunal seeking determination of one or more causes of action, including declaratory relief, indemnification, contribution, or an award of damages, arising out of or relating to any of the MDT Insurance Policies, which includes, for the avoidance of doubt, the MDT Insurer Adversary Proceeding.

"*MDT Insurer Adversary Proceeding*" means Adv. Pro. No. 21-07005 (RDD) (Bankr. S.D.N.Y).

"*MDT Insurer*" means the party that is the provider of the insurance coverage under the MDT Insurance Policies.

"*Opioid Mass Tort Claims*" shall have the meaning ascribed to it in the Complaint for Declaratory Relief, Adv. Pro. No. 21-07005 (RDD) [D.I. 1] (Bankr. S.D.N.Y).

"*Plan Documents* or "*Plan Supplement*" should be revised to include "distribution procedures of the Private Creditor Trusts or the Public Creditor Trusts"

5.10    Insurance Neutrality.

(a)    All of the parties' rights and arguments with respect to their rights and duties under any MDT Insurance Policy are expressly preserved, and are not impaired, increased, or otherwise altered, by the Plan, Plan Documents, and Confirmation Order.

(b)    Unless otherwise expressly agreed to by an MDT Insurer in writing, notwithstanding anything to the contrary in the Plan, Plan Documents, or Confirmation Order,

1

including any provision that purports to be preemptory or supervening, nothing contained in any such documents or in this Paragraph 5.10 shall:

    (i)    have the effect of impairing the MDT Insurer's legal, equitable, or contractual rights in any respect; rather, an MDT Insurer's obligations, if any, with respect to any Opioid Mass Tort Claims shall be determined solely by and in accordance with the allegedly applicable MDT Insurance Policies;

    (ii)    constitute, or be deemed to constitute, a trial, adjudication, judgment, hearing on the merits, finding, conclusion, other determination, evidence, or suggestion of any determination establishing the liability of any MDT Insurer or establishing a coverage obligation in subsequent litigation relating to any Opioid Mass Tort Claims or under any of the MDT Insurance Policies;

    (iii)    establish the liability or obligation of the Debtors with respect to any Opioid Mass Tort Claim that binds any MDT Insurer;

    (iv)    constitute, or be deemed to constitute, a determination of the reasonableness of the amount of any Opioid Mass Tort Claims, either individually or in the aggregate;

    (iv)    constitute, or be deemed to constitute, a determination under the terms and conditions of any MDT Insurance Policy or applicable non-bankruptcy law that the Settlement Structure, Plan, or Plan Documents (including the distribution procedures of the Private Creditor Trusts or the Public Creditor Trusts) are reasonable or appropriate or that the conduct in negotiating any of the foregoing was reasonable or appropriate;

    (v)    preclude any MDT Insurer from asserting that the Settlement Structure, Plan, or Plan Documents (including the distribution procedures of the Private

Creditor Trusts or the Public Creditor Trusts) or negotiations leading to the any of the foregoing violated, or is otherwise contrary to, a term or condition of any MDT Insurance Policy;

   (vi) constitute, or be deemed to constitute, a determination that any MDT Insurer has any defense or indemnity obligation with respect to any Opioid Mass Tort Claim. The MDT Insurers shall retain, and be permitted to assert, (x) all of their rights and defenses with respect to coverage of any Opioid Mass Tort Claim, notwithstanding any provision of the Plan, Plan Documents, or Confirmation Order, including any provision that purports to be preemptory or supervening, and (y) all of the Debtors' defenses to liability in connection with any Opioid Mass Tort Claims, and the MDT Insurer's rights to assert all such underlying defenses to liability and all such defenses to coverage of any Opioid Mass Tort Claims shall not be impaired in any way by the Plan, Plan Documents, or Confirmation Order.

  (c) No MDT Insurer shall be bound in any current or future litigation concerning any Opioid Mass Tort Claim or any MDT Insurance Policy by any orders, including the Confirmation Order, factual findings, or conclusions of law issued in connection with confirmation of the Plan (including on appeal or in any subsequent proceeding necessary to effectuate the Plan), and no such order, including the Confirmation Order, findings of fact, or conclusions of law, shall:

   (i) be admissible, used as evidence, referenced, or argued as persuasive to the case of the Debtors, any of the Private Creditor Trusts or the Public Creditor Trusts, or any holder of an Opioid Mass Tort Claim in any Insurance Coverage

3

Action, except to demonstrate that the Debtors' rights under the MDT Insurance Policies have been transferred pursuant to the Plan; or

(ii) have any res judicata, collateral estoppel, or other preclusive effect on, or otherwise prejudice or impair (under principles of waiver, estoppel, or otherwise) any claim, defense, right, or counterclaim of any MDT Insurer that has been asserted or that may be asserted in any current or subsequent litigation concerning any Opioid Mass Tort Claim or any MDT Insurance Policy in any respect.

(d) Nothing in the Plan, Plan Documents, or Confirmation Order shall discharge, release, or preclude any liability of any Shareholder Released Party to any Insurer on account of any Opioid Mass Tort Claim or pursuant to any MDT Insurance Policy, settlement agreements, coverage-in-place agreements, or other agreements related to the provision of insurance entered into by or issued to any Shareholder Released Party.

(e) Nothing in the Plan, Plan Documents, or Confirmation Order shall discharge, release, or preclude any liability of any MDT Insurer to any other MDT Insurer on account of any Opioid Mass Tort Claim, except to the extent that an MDT Insurer receives adequate protection for such rights.

(f) Without limiting the forgoing, in entering the Confirmation Order, the Bankruptcy Court is not considering, and is not deciding, any matter at issue or which may be raised as an issue in any Insurance Coverage Action.

(f) Notwithstanding Section 11.1 of the Plan, neither the Bankruptcy Court nor the District Court shall have or retain jurisdiction with respect to any Insurance Coverage Action or any disputes relating to any rights under MDT Insurance Policies that it would not otherwise have under applicable law.

4