# EXHIBIT B

# Excerpts from Confirmation Order, *In re Motors Liquidation Co.*, No. 09-50026 (Bankr. S.D.N.Y. Mar. 29, 2011), Dkt. 9941

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                                    :
**In re**                                           :          **Chapter 11 Case No.**
                                                    :
**MOTORS LIQUIDATION COMPANY,** *et al.*,           :          **09-50026 (REG)**
       f/k/a General Motors Corp., *et al.*         :
                                                    :
                                    **Debtors.**    :          **(Jointly Administered)**
                                                    :
-------------------------------------------------------------x

### FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER PURSUANT TO SECTIONS 1129(a) AND (b) OF THE BANKRUPTCY CODE AND RULE 3020 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE CONFIRMING DEBTORS' SECOND AMENDED JOINT CHAPTER 11 PLAN

WHEREAS Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors and debtors in possession (collectively, the "**Debtors**"[1]), as "proponents of the plan" within the meaning of section 1129 of title 11, United States Code (the "**Bankruptcy Code**"), filed the Debtors' Amended Joint Chapter 11 Plan, dated December 7, 2010 (such plan, as transmitted to parties in interest being the "**Amended Plan**," and as subsequently modified, the "**Plan**")[2] and the Disclosure Statement for Debtors' Amended Joint Chapter 11 Plan, dated December 8, 2010 (as transmitted to parties in interest, the "**Disclosure Statement**"); and

WHEREAS on December 8, 2010, the Bankruptcy Court entered an order (the "**Solicitation Order**") (ECF No. 8043), which, among other things, (i) approved the Disclosure Statement under section 1125 of the Bankruptcy Code and Bankruptcy Rule 3017, (ii)

---

[1] The term "**Debtors**" used herein shall refer to the Debtors whether prior to or on and after the Effective Date.

[2] Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed to such terms in the Plan, a copy of which is annexed hereto as **Exhibit "A."**  Any term used in the Plan or this Confirmation Order that is not defined in the Plan or this Confirmation Order, but that is used in the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") shall have the meaning ascribed to that term in the Bankruptcy Code or the Bankruptcy Rules, as applicable.

obtain such information from holders of Claims with whom the Debtors have entered into settlement agreements and neither the Debtors nor the GUC Trust shall be penalized in the event the Debtors are unable to obtain such information; and *further provided*, that HHS shall provide the Debtors with the specific information that it requires.

61.     NCR Corporation.  To the extent NCR Corporation had any rights to property in possession of the Debtors before the Confirmation Date, as asserted in its adversary proceeding against the Debtors, styled *NCR Corporation v. Motors Liquidation Company* (Adv. Pro. No. 11-09400), NCR Corporation shall maintain the same rights to such property after the date of entry of this Confirmation Order notwithstanding anything to the contrary contained in the Plan or this Confirmation Order.

62.     United States Claims.  In consideration of the substantial reduction in its claims and its agreement to fund the amounts agreed to under the Plan, and notwithstanding any provision in the Plan to the contrary, the United States shall be entitled to distributions on account of Proof of Claim Number 64064 notwithstanding that not all liabilities asserted in such Proof of Claim filed by the United States have been resolved.

63.     Insurance Neutrality.

(a)     All of the parties' rights and arguments with respect to their rights and duties under any Insurance Policies (as hereinafter defined)  are expressly preserved and are not impaired, increased, or otherwise altered by this Confirmation Order, the Plan, or the exhibits thereto.

(b)     Unless otherwise expressly agreed to by an Insurer in writing, notwithstanding anything to the contrary in this Confirmation Order or the Plan, including any provision that purports to be preemptory or supervening, nothing contained in any such documents or in this Paragraph shall:

(i)      have the effect of impairing the Insurer's legal, equitable, or contractual rights in any respect; rather, an Insurer's obligations, if any, with respect to any Asbestos Claim shall be determined solely by and in accordance with the allegedly applicable Insurance Policies;

(ii)     constitute, or be deemed to constitute, a trial, adjudication, judgment, hearing on the merits, finding, conclusion, other determination, evidence, or suggestion of any determination establishing the liability of any Insurer (as hereinafter defined) or establishing a coverage obligation in subsequent litigation relating to any Asbestos Claim or under any of the Insurance Policies;

(iii)    establish the liability or obligation of the Debtors or the DIP Lenders with respect to any Asbestos Claim that binds any Insurer;

(iv)     constitute, or be deemed to constitute, a determination of the reasonableness of the amount of any Asbestos Claim, either individually or in the aggregate, solely with regard to any Insurance Coverage Action;

(v)      constitute, or be deemed to constitute, a determination that any Insurer has any defense or indemnity obligation with respect to any Asbestos Claim.  The Insurers shall retain, and be permitted to assert, (x) all of their rights and defenses with respect to coverage of any Asbestos Claim, notwithstanding any provision of this Confirmation Order or the Plan, including any provision that purports to be preemptory or supervening, and (y) all of the Debtors' or the DIP Lenders' defenses to liability in connection with any Asbestos Claim, and that the Insurer's rights to asset all such underlying defenses to liability and all such defenses to coverage of any Asbestos Claim, shall not be impaired in any way by this Confirmation Order or the Plan.

(c)      No Insurer shall be bound in any current or future litigation concerning any Asbestos Claim or any Asbestos Insurance Asset by any orders, including this Confirmation Order, factual findings, or conclusions of law issued in connection with confirmation of the Plan (including on appeal or in any subsequent proceeding necessary to effectuate the Plan), and no such order, including the Confirmation Order, findings of fact, or conclusions of law, shall:

(i)      be admissible, used as evidence, referenced, or argued as persuasive to the case of the Debtors or the DIP Lenders, the Asbestos Trust, or any holder of an Asbestos Claim in any Insurance Coverage Action (as hereinafter defined), except to demonstrate that the Debtors' rights under the Insurance Policies have been transferred pursuant to the Plan; or

(ii)      have any res judicata, collateral estoppel, or other preclusive effect on any claim, defense, right or counterclaim of such Insurer that has been asserted or that may be asserted in any current or subsequent litigation concerning any Asbestos Claim or any Insurance Policies.

(d)      Nothing in this Confirmation Order or the Plan shall discharge, release, or preclude any liability of the Debtors' non-Debtor affiliates to any Insurer on account of any Asbestos Claim or pursuant to any Insurance Policies, settlement agreements, coverage-in-place agreements, or other agreements related to the provision of insurance entered into by or issued to any of the non-Debtor affiliates.

(e)      Without limiting the forgoing, in entering into this Confirmation Order, the Bankruptcy Court is not considering, and is not deciding, any matter at issue or which may be raised as an issue in any Insurance Coverage Action with respect to any Asbestos Claim.

(f)      Notwithstanding Section 11.2 of the Plan, neither the Bankruptcy Court

nor the District Court shall have jurisdiction with respect to disputes relating to any rights under

Insurance Policies issued to the Debtors that it would not otherwise have under applicable law.

(g)      For purposes of this Paragraph 63, the following definitions shall apply:

"**Insurance Coverage Action**" means any action brought before a court,

arbitrator, or other tribunal seeking determination of one or more causes of action, including

declaratory relief, indemnification, contribution, or an award of damages, arising out of or

relating to any of the Asbestos Insurance Assets.

"**Insurer**" means the party that is the provider of the insurance coverage under the

Insurance Policies.

"**Insurance Policies**" means insurance policies issued to the Debtors with

inception dates prior to 1986 that are included in the Asbestos Insurance Assets.

64.      Streamlined Procedures for Certain Distributions.  Notwithstanding

anything to the contrary in the Plan, the GUC Trust Agreement, the Avoidance Action Trust

Agreement, or this Confirmation Order, the procedures to be followed by the Debtors, the GUC

Trust, the GUC Trust Administrator, the Avoidance Action Trust, the Avoidance Action Trust

Administrator, the Indenture Trustees, or the Fiscal and Paying Agents regarding distributions

under the Plan with respect to Allowed General Unsecured Claims shall be satisfied if such

distributions are made at the direction, and on behalf, of the person entitled to receive such

distribution under the Plan; *provided, however*, that no party shall be obligated to comply with

such direction.

65.      Nonoccurrence of Effective Date.  In the event that the Effective Date

does not occur, then (a) the Plan, (b) the rejection of executory contracts or unexpired leases

pursuant to the Plan, (c) any document or agreement executed pursuant to the Plan, and (d) any