# EXHIBIT D

# Excerpts from Fifth Amended Plan, *In re Quigley Co.*, No. 04-15739 (Bankr. S.D.N.Y. Aug. 13, 2012), Dkt. 2431

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re | : | |
| | : | Chapter 11 |
| QUIGLEY COMPANY, INC., | : | |
| | : | Case No. 04–15739 (SMB) |
| Debtor. | : | |
| | : | |
| | : | |

# QUIGLEY COMPANY, INC.
# FIFTH AMENDED AND RESTATED PLAN OF REORGANIZATION
# UNDER CHAPTER 11 OF THE BANKRUPTCY CODE

Schulte Roth & Zabel LLP

Michael L. Cook
Lawrence V. Gelber
919 Third Avenue
New York, NY 10022
Telephone: (212) 756-2000
Facsimile: (212) 593-5955

Attorneys for Quigley Company, Inc.
Debtor and Debtor-in-Possession

Dated: New York, New York
       June 29, 2012
       (As modified, August 13, 2012)

DOC ID-18656236.4

(b) <u>Institution and Maintenance of Legal and Other Proceedings</u>. From and after the Effective Date, the Asbestos PI Trust shall be empowered and entitled, in its sole and absolute discretion, to pursue, compromise or settle its interests in any and all Quigley Transferred Insurance Rights, including, without limitation, its interests in any and all Asbestos Insurance Actions. The duties, obligations and liabilities of any Asbestos Insurance Entity under all insurance policies, all Shared Asbestos Insurance Policies, all Insurance Settlement Agreements, the AIG Insurance Settlement Agreement, and all other settlement agreements with Asbestos Insurance Entities are not diminished, reduced or eliminated by: (i) the discharge of Quigley and Reorganized Quigley from all Asbestos PI Claims; (ii) the injunctive protection provided to Quigley, Reorganized Quigley, the Asbestos Protected Parties, and the Settling Asbestos Insurance Entities with respect to Asbestos PI Claims; or (iii) the assumption of responsibility and liability for all Asbestos PI Claims by the Asbestos PI Trust. For avoidance of doubt, any and all Asbestos PI Insurer Coverage Defenses are preserved by and under this Plan.

(c) <u>License Back To Reorganized Quigley.</u> From and after the Effective Date, Reorganized Quigley shall have a license to collect and use the proceeds of the Shared Asbestos Insurance Policies (the "License") only to the extent that (i) Reorganized Quigley's collection and use of the proceeds of the Shared Asbestos Insurance Policies does not reduce the Products/Completed Operations Coverage or any aggregate, per occurrence or other policy limit of any Shared Asbestos Insurance Policy that is or could potentially be applicable to Asbestos PI Claims, and (ii) Reorganized Quigley's collection and use of the proceeds of the Shared Asbestos Insurance Policies does not in any way interfere with the Asbestos PI Trust's exercise of any Quigley Transferred Insurance Rights. The Asbestos PI Trust may terminate this License at any time if the Asbestos PI Trust deems the termination of the License necessary for any reason, including, without limitation, to resolve any disputes with insurers concerning any of the Shared Asbestos Insurance Policies.

(d) <u>Obligations of Reorganized Quigley</u>. At the reasonable direction and request of the Asbestos PI Trust, and at the cost of the Asbestos PI Trust, Reorganized Quigley shall (i) use its commercially reasonable efforts to pursue any of the Quigley Transferred Insurance Rights for the benefit of Asbestos PI Trust; and (ii) immediately transfer any amounts recovered by Reorganized Quigley under or on account of any of the Quigley Transferred Insurance Rights to the Asbestos PI Trust; <u>provided</u>, <u>however</u>, that while any such amounts are held by or under the control of Reorganized Quigley, such amounts shall be held for the benefit of the Asbestos PI Trust. To the extent permitted by applicable law, Reorganized Quigley shall cooperate with the Asbestos PI Trust in its pursuit of the Quigley Transferred Insurance Rights as requested by the Asbestos PI Trust, including, but not limited to, by making its books, records, employees, agents, and professionals available to the Asbestos PI Trust solely as they relate to the Quigley Transferred Insurance Rights.

Section 10.4    <u>Insurance Neutrality</u>.

(a) Subject to Sections 10.4(e) and 10.4(f) below, nothing in the Plan, the Confirmation Order, or any other Plan Documents, or any finding of fact and/or conclusion of law with respect to the confirmation of the Plan, shall limit the right of any Asbestos Insurance Entity to assert any Asbestos PI Insurer Coverage Defense. Notwithstanding any provision in the Plan, the Confirmation Order, or any other Plan Documents, and subject to

DOC ID-18656236.4

– 39 –

04-15739-smb    Doc 2431    Filed 08/13/12    Entered 08/13/12 17:49:31    Main Document
Pg 48 of 90

19-23649-shl    Doc 2310-4    Filed 04/23/21    Entered 04/23/21 14:28:23    Exhibit D
Excerpts from Fifth Amended Plan    In re Quigley Co.    No. 04-15739 (B    Pg 4 of 6

Sections 10.4(e) and 10.4(f) below, nothing contained in any such documents shall impose, or shall be deemed or construed to impose, any obligation on any Asbestos Insurance Entity to provide a defense for, settle, pay any judgment with respect to, or otherwise pay, any Claim, including any Asbestos PI Claim; rather, whether an Asbestos Insurance Entity is obligated to provide a defense for, settle, pay any judgment with respect to, or otherwise pay, any Claim, including any Asbestos PI Claim, shall be determined in accordance with the applicable Asbestos Insurance Policy issued by that Asbestos Insurance Entity, any related Insurance Settlement Agreement, any other relevant settlement agreement, and/or applicable non-bankruptcy law.

        (b)        Subject to Sections 10.4(e) and 10.4(f) below, none of (i) the Plan and the Plan Documents, (ii) the Court's approval of the Plan or the Plan Documents, (iii) the Confirmation Order or any findings and conclusions entered with respect to Confirmation, (iv) any estimation or valuation of Asbestos PI Claims, either individually or in the aggregate (including without limitation any agreement as to the valuation of Asbestos PI Claims) in this Chapter 11 Case, or (v) any judgment, order, finding of fact, conclusion of law, determination or statement (written or verbal, on or off the record) made by the Bankruptcy Court or issued or affirmed by the District Court pursuant to 11 U.S.C. § 524(g)(3) or entered by any other court exercising jurisdiction over the Chapter 11 Case, including in any judgment, order, writ or opinion entered on appeal from any of the foregoing, shall, for purposes of any Asbestos Insurance Dispute, constitute an adjudication, judgment, trial, hearing on the merits, finding, conclusion, or other determination, or evidence or suggestion of any such determination, establishing:

        A.        that any Asbestos Insurance Entity has or does not have liability or coverage obligations for any Claim, including without limitation any Asbestos PI Claim, under any Asbestos Insurance Policy, any Insurance Settlement Agreement, or any other settlement agreement to which any Asbestos Insurance Entity is a party, on any basis;

        B.        that the amount of any Asbestos PI Claim (either individually or in the aggregate with other Claims) is or is not reasonable;

        C.        that any Entity is or is not covered for any Claim, including any Asbestos PI Claim, under any Asbestos Insurance Policy;

        D.        that any Asbestos Insurance Entity has or does not have any defense or indemnity obligation with respect to any Claim, including any Asbestos PI Claim;

        E.        that any Asbestos Insurance Entity is or is not liable for, or otherwise is or is not obligated to provide coverage with respect to, any individual Asbestos PI Claim (either individually or in the aggregate with other Claims);

        F.        that the procedures established by the Plan or any of the Plan Documents, including without limitation the Asbestos PI Trust Distribution Procedures, for evaluating and paying Asbestos PI Claims, are or are not reasonable, appropriate, established or agreed to in good faith, or consistent with the terms and conditions of any Asbestos Insurance Policy;

      G. that the procedures established by the Plan or any of the Plan Documents, including without limitation the Asbestos PI Trust Distribution Procedures, for evaluating and paying Asbestos PI Claims, are or are not consistent with any procedures that were used to evaluate, settle or pay Asbestos PI Claims against Quigley or Pfizer before the Petition Date;

      H. that the settlement of, or the value assigned to, any individual Asbestos PI Claim (either individually or in the aggregate with other Claims) pursuant to the Plan or any of the Plan Documents, including without limitation the Asbestos PI Trust Distribution Procedures, is, is not, was or was not reasonable and/or otherwise appropriate;

      I. that any Asbestos Insurance Entity did or did not participate in, consult on, and/or consent to the negotiation, proposal or solicitation of the Plan or any of the Plan Documents, including without limitation the Asbestos PI Trust Distribution Procedures;

      J. that Quigley, Pfizer or the Asbestos PI Trust has or has not suffered an insured loss or otherwise incurred a legal liability with respect to any Asbestos PI Claim;

      K. that it was, is or will be (or was not, is not or will not be) reasonable, appropriate, in good faith, or consistent with the terms and conditions of any Asbestos Insurance Policy for Quigley, Reorganized Quigley, Pfizer or the Asbestos PI Trust to settle, allow, liquidate, assign any value to, and/or pay (or present to any Asbestos Insurance Entity for payment) any Asbestos PI Claim on any terms or conditions contemplated by the Plan or any Plan Document;

      L. that the conduct of Quigley, Pfizer, Reorganized Quigley or the Asbestos PI Trust in connection with the negotiation, development, settlement, confirmation and/or implementation of the Plan or any Plan Document was, is or will be (or is not or will not be) reasonable, appropriate, in good faith, or consistent with the terms and conditions of any Asbestos Insurance Policy; or

      M. that any Asbestos Insurance Entity had, has or will have (or did not have, does not have or will not have) a reasonable, good-faith basis to withhold consent to the settlement, allowance or liquidation of, assignment of any value to, and/or payment of (including any presentation to any Asbestos Insurance Entity for payment of) any Asbestos PI Claim, including under or in connection with the Plan or any Plan Document.

Notwithstanding the foregoing, in any Asbestos Insurance Dispute, any Entity may use evidence of any item listed in subparts (i) through (v) of this Section 10.4(b) for the purpose of proving the occurrence of an event in this Chapter 11 Case. Further, nothing in this Section 10.4(b) shall, or shall be deemed to, prohibit any Entity in such Asbestos Insurance Dispute from asserting any position with respect to insurance coverage that is not expressly limited, restricted or prohibited by subsections (A) through (M) of this Section 10.4(b).

DOC ID-18656236.4

– 41 –

04-15739-smb    Doc 2310-4    Filed 04/23/21    Entered 04/23/21 14:28:23    Exhibit D
   Excerpts from Fifth Amended Plan    In re Quigley Co.    No. 04-15739 (B    Pg 6 of 6

(c)     Subject to Sections 10.4(e) and 10.4(f) below, any judgment, order, finding of fact, conclusion of law, determination or statement (written or verbal, on or off the record) made by the Bankruptcy Court or issued or affirmed by the District Court pursuant to 11 U.S.C. § 524(g)(3) or entered by any other court exercising jurisdiction over the Chapter 11 Case, including in any judgment, order, writ or opinion entered on appeal from any of the foregoing, shall not, and shall not be construed to, constitute a finding, conclusion, or determination regarding insurance coverage. Subject to Sections 10.4(e) and 10.4(f) below, in considering whether to confirm the Plan and to approve any Plan Document, the Bankruptcy Court, the District Court, or any other court exercising jurisdiction over the Chapter 11 Case, is not considering, and is not deciding, any matter with respect to any Asbestos PI Insurer Coverage Defense.

(d)     Nothing in this Section 10.4 of the Plan shall be interpreted to affect or limit the protections afforded to any Settling Asbestos Insurance Entity or any Asbestos Protected Party by Sections 11.6 or 11.7 of this Plan.

(e)     Nothing in this Section 10.4 precludes or shall be construed to preclude otherwise applicable principles of res judicata or collateral estoppel from being applied against any Entity with respect to any issue that is actually litigated by such Entity in connection with the Chapter 11 Case, as part of its objections, if any, to Confirmation of the Plan or as part of any contested matter or adversary proceeding. Plan objections filed by any Asbestos Insurance Entity on or before January 1, 2009, that are withdrawn by that Asbestos Insurance Entity pursuant to the Corrected Stipulation and Agreed Order Concerning Insurance Issues, entered by the Bankruptcy Court in the Bankruptcy Case, ECF Dkt. 1873, shall be deemed not to have been actually litigated.

(f)     Notwithstanding any other provision of this Plan or any of the Plan Documents, in any Asbestos Insurance Dispute no Asbestos Insurance Entity shall have, or have the right to assert, any right, Claim or defense enumerated in subparts (1) through (4) of the proviso to the definition of Asbestos PI Insurer Coverage Defenses.

(g)     Nothing in any provision of this Plan or any of the Plan Documents shall in any way operate to impair, or have the effect of impairing, in any respect, the legal, equitable, or contractual rights of the Parties under the Corrected Stipulation and Agreed Order Concerning Insurance Issues, entered by the Bankruptcy Court in the Bankruptcy Case, ECF Dkt. 1873. For purposes of the foregoing, "Parties" has the meaning set forth in such Stipulation and Agreed Order.

Section 10.5    Reduction of Insurance Judgments. Any right, Claim or cause of action that an insurer would have been entitled to assert under applicable non-bankruptcy law against any Settling Asbestos Insurance Entity but for the Settling Asbestos Insurance Entity Injunction shall be treated solely as a setoff claim against the Asbestos PI Trust. Any such right, Claim, or cause of action to which an insurer may be entitled shall be solely a setoff against any recovery of the Asbestos PI Trust from that insurer. Under no circumstances shall that insurer receive an affirmative recovery of funds from the Asbestos PI Trust or any Settling Asbestos Insurance Entity for such right, Claim, or cause of action. Any setoff in favor of an insurer shall not constitute a classified or unclassified Claim under this Plan and shall not be subject to or

DOC ID-18656236.4

– 42 –