IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
                                                             :
In re:                                                       :   Chapter 11
                                                             :
PURDUE PHARMA L.P., *et al.*,                                :   Case No. 19-23649 (RDD)
                                                             :
                                         Debtors.[1]         :   (Jointly Administered)
                                                             :
                                                             :
------------------------------------------------------------ x

## SUPPLEMENT TO JOHNSON & JOHNSON AND RELATED ENTITIES JOINDER TO DISTRIBUTORS', MANUFACTURERS' AND PHARMACIES' JOINT OBJECTION TO DEBTORS' MOTION FOR AN ORDER APPROVING DISCLOSURE STATEMENT

Johnson & Johnson, Janssen Pharmaceuticals, Inc., Ortho-McNeil-Janssen Pharmaceuticals, Inc., n/k/a Janssen Pharmaceuticals, Inc., Janssen Pharmaceutica, Inc., n/k/a Janssen Pharmaceuticals, Inc., Alza Corporation, Janssen Ortho LLC, and Janssen Inc. (collectively, "**Johnson & Johnson**"), by and through its undersigned counsel, file this supplement to their joinder in the *Distributors', Manufacturers' and Pharmacies' Joint Objection to Debtors' Motion for an Order Approving Disclosure Statement*, Docket No. 2719 (the "**Joint Objection**"),[2] and respectfully states as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Capitalized terms not otherwise defined herein shall have the meanings set forth in the Joint Objection or the Proposed Plan, as applicable.

OMM_US:79837057.2

## **JOINDER**

1.  Johnson & Johnson joins in the arguments of the Joint Objection, but also respectfully submits that the DMP Non-Consensual Release, in addition to being substantively unfair as set for the in Joint Objection, is beyond this Court's jurisdiction. While the Court certainly need not determine the question in connection with the Disclosure Statement, Johnson & Johnson believes it is appropriate to raise the issue before millions are spent on solicitation.

2.  The DMP Non-Consensual Release stands in sharp contrast to the release of the Sacklers under the plan. Given the Sacklers' indemnification rights, claims against them directly affect the estate and thus under applicable case law provide an entirely different jurisdictional basis for the Court than the DMP Non-Consensual Release.

3.  The DMPs' assertions of the DMP Defensive Rights in the Opioid Litigation result in no claims against the Debtors' estates—direct or indirect, indemnification, contribution or otherwise. The DMP Defensive Rights serve only to assert the DMPs' own defenses against Opioid Plaintiffs. Extinguishing those rights would provide a benefit to Opioid Plaintiffs at the expense of DMPs with no corresponding benefit to the estate. Claims of Opioid Plaintiffs against the estate will neither be increased nor decreased if the DMPs are permitted to assert their defensive rights. The DMP Non-Consensual Release only takes away rights as between creditors with no impact on the estate. Unlike a release of claims creating indemnification or contribution rights against the estate, the Bankruptcy Court cannot non-consensually exercise jurisdiction over matters that are insufficiently related to these Chapter 11 Cases or the Debtors' estates.

4.  Regardless of whether approval of the Proposed Plan's release provisions is treated as a "core" ("arising in") or non-core ("related to") matter under the applicable jurisdictional statutes, the Bankruptcy Court cannot non-consensually exercise jurisdiction over matters that are

OMM_US:79837057.2

insufficiently related to these Chapter 11 Cases or the Debtors' estates. *See, e.g.*, *In re Johns-Manville Corp.*, 517 F.3d 52, 66 (2d Cir. 2008) (holding that a confirmation order could not have released certain claims that did not affect the bankruptcy estate) (subsequent history omitted); *Dunaway v. Purdue Pharm. L.P. (In re Purdue Pharm. L.P.)*, 619 B.R. 38, 54 (S.D.N.Y. 2020) (noting that the DMP's opioid-related litigation would not pass the "conceivable effect" test for "related to" jurisdiction) (emphasis added); *Lynch v. Lapidem Ltd. (In re Kirwan Offices S.A.R.L.)*, 592 B.R. 489, 504, 506 (S.D.N.Y. 2018) ("a third-party release **must be sufficiently related to** the issues before the bankruptcy court in order for core jurisdiction to cover an order extinguishing that claim.") (emphasis added); *SunEdison*, 576 B.R. at 462–63 (declining to approve non-consensual plan releases of claims between third parties insufficiently related to the bankruptcy). *See also In re Metcalfe & Mansfield Alt. Invs.*, 421 B.R. 685, 695 (Bankr. S.D.N.Y. 2010) (quoting *In re Zale Corp.*, 62 F.3d 746, 753 (5th Cir.1995)) (shared facts between a third-party claim and a debtor-creditor matter are insufficient to make a third-party claim "related to" the bankruptcy). The DMP Defensive Rights are unrelated to, and would have no conceivable effect on, these Chapter 11 Cases or the Debtors' estates.

## CONCLUSION

5.     The Court need not determine its jurisdiction at this point, as the DMP Non-Consensual Release should be rejected for the substantive reasons set forth in the Joint Objection. However, to avoid the specter of potential sand-bagging, Johnson & Johnson respectfully notes the jurisdictional issue inherent in the DMP Non-Consensual Release.

OMM_US:79837057.2

Dated: April 23, 2021

Respectfully submitted,

**O'MELVENY & MYERS LLP**

/s/ *Adam P. Haberkorn*
Nathaniel Asher
Adam P. Haberkorn
Times Square Tower
7 Times Square
New York, New York 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061
Email:  nasher@omm.com
         ahaberkorn@omm.com

*and*

**O'MELVENY & MYERS LLP**
Evan M. Jones (admitted *pro hac vice*)
400 South Hope Street
Los Angeles, California 90071
Telephone: (213) 430-6000
Email:  ejones@omm.com

*Counsel for Johnson & Johnson, Janssen Pharmaceuticals, Inc., Ortho-McNeil- Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc., Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc., Alza Corporation, Janssen Ortho LLC, and Janssen Inc.*