**MOLOLAMKEN LLP**
430 Park Avenue
New York, New York 10022
Telephone: (212) 607-8160
Steven F. Molo
Jessica Ortiz
Justin M. Ellis
smolo@mololamken.com
jortiz@mololamken.com
jellis@mololamken.com

**FIELDS PLLC**
1701 Pennsylvania Avenue NW
Suite 200
Washington, D.C. 20006
Telephone: (833) 382-9816
Richard W. Fields, Esq.
fields@fieldslawpllc.com

*Counsel for The Cherokee Nation*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PURDUE PHARMA L.P., *et al.*,[1] | ) | Case No. 19-23649 (RDD) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**OBJECTION OF THE CHEROKEE NATION TO DISCLOSURE STATEMENT FOR CHAPTER 11 PLAN OF PURDUE PHARMA L.P. AND ITS AFFILIATED DEBTORS AND DEBTORS' MOTION FOR ORDER ESTABLISHING SCHEDULE AND PROTOCOLS**

---

[1] The "Debtors" in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

1

The Cherokee Nation hereby submits this objection (the "Objection") to the *Disclosure Statement for the Chapter 11 Plan of Purdue Pharma L.P. and Its Affiliated Debtors* [Docket No. 2488] (as may be amended, the "Disclosure Statement") for the *Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and its Affiliated Debtors* [Docket No. 2487] (as may be amended, the "Plan") and the Debtors' Motion for Order Establishing Confirmation Schedule and Protocols [Docket No. 2536] (the "Scheduling Motion"). In support of the Objection, The Cherokee Nation respectfully states as follows:

**Preliminary Statement**

It appears that the Debtors have made some progress in constructing the Plan and an accompanying Disclosure Statement. Their efforts are commendable, but the documents that have been filed with the Bankruptcy Court at this time fall far short of the statutory requirements for approval of the Disclosure Statement. The Plan does not include adequate disclosure of information and relates to a plan that is patently unconfirmable. For each of these independent reasons set forth herein and as will be explained at a hearing on the Disclosure Statement, the Disclosure Statement should not be approved. Until there is more certainty with respect to the Disclosure Statement, the Scheduling Motion should not be approved.

**Argument**

1. Section 1125 of the Bankruptcy Code provides that a disclosure statement must contain "adequate information" describing a confirmable plan. 11 U.S.C. § 1125. The Bankruptcy Code defines "adequate information" as: information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor

2

typical of the holders of claims or interests in the case, that would enable such a hypothetical reasonable investor of the relevant class to make an informed judgment about the plan. *See* 11 U.S.C. § 1125(a)(1); *see also Momentum Mfg. Corp. v. Employee Creditors Comm.* (*In re Momentum Mfg. Corp.*), 25 F.3d 1132, 1136 (2d Cir. 1994); *In re Adelphia Commc'ns Corp.*, 352 B.R. 592, 596 (Bankr. S.D.N.Y. 2006); *Kunica v. St. Jean Fin., Inc.*, 233 B.R. 46, 54 (S.D.N.Y. 1999).

   2. To be approved, a disclosure statement must include sufficient information to apprise creditors of the risks and financial consequences of the proposed plan. *See In re McLean Indus., Inc.*, 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987) ("substantial financial information with respect to the ramifications of any proposed plan will have to be provided to, and digested by, the creditors and other parties in interest in order to arrive at an informed decision concerning the acceptance or rejection of a proposed plan"). Although the adequacy of the disclosure is determined on a case-by-case basis, the disclosure must "contain simple and clear language delineating the consequences of the proposed plan on [creditors'] claims and the possible [Bankruptcy Code] alternatives. . . ." *In re Copy Crafters Quickprint, Inc.*, 92 B.R. 973, 981 (Bankr. N.D.N.Y. 1988). Section 1125 of the Bankruptcy Code is biased towards more disclosure rather than less. *See In re Crowthers McCall Pattern, Inc.*, 120 B.R. 279, 300 (Bankr. S.D.N.Y. 1990).

   3. The Debtors' Disclosure Statement does not adequately describe the chapter 11 plan and, in fact, references many documents that have not yet been filed. As a result, The Cherokee Nation is not in a position to complete its determination regarding the adequacy of the disclosure.

4. Moreover, courts routinely hold that "where a plan is patently unconfirmable on its face, the application to approve the disclosure statement itself must be denied as solicitation of the vote would be futile." *In re Quigley Co.*, 377 B.R. 110, 115-16 (Bankr. S.D.N.Y. 2007).

5. The Plan includes several provisions with respect to the treatment of The Cherokee Nation (and otherwise) that makes the Plan patently unconfirmable, including, without limitation, the Plan proposing any purported restrictions on the use of proceeds that are distributed to creditors. The Cherokee Nation is in discussions with the Debtors and their constituencies to remedy these infirmities. Until the Debtors revise the Plan to address these concerns, the Plan is patently unconfirmable and, as such, the Disclosure Statement should not be approved. The Scheduling Motion and the procedures and dates set forth therein cannot be considered until the Disclosure Statement and the Plan are finalized. Therefore, the Scheduling Motion should not be approved.

6. Because the Disclosure Statement and the Plan are currently incomplete and discussions remain ongoing, The Cherokee Nation reserves the right to supplement this Objection in writing and at the hearing on the Disclosure Statement as well as to engage in any litigation with respect thereto. The Cherokee Nation also reserves all rights with respect to the Plan and in the Debtors' chapter 11 cases.

*[Remainder of page intentionally left blank.]*

WHEREFORE, The Cherokee Nation respectfully submits that the Court sustain the Objection and grant such other relief as is just.

Dated: April 23, 2021
      New York, New York

Respectfully Submitted,

*/s/ Justin M. Ellis*
**MOLOLAMKEN LLP**
430 Park Avenue
New York, New York 10022
Telephone: (212) 607-8160
Steven F. Molo, Esq.
Jessica Ortiz, Esq.
Justin M. Ellis
smolo@mololamken.com
jortiz@mololamken.com
jellis@mololamken.com

-and-

**FIELDS PLLC**
1701 Pennsylvania Avenue NW
Suite 200
Washington, D.C. 20006
Telephone: (833) 382-9816
Richard W. Fields, Esq.
fields@fieldslawpllc.com

**Counsel to The Cherokee Nation**

## CERTIFICATE OF SERVICE

I hereby certify that on April 23, 2021, a true and correct copy of the foregoing Objection was filed via this Court's CM/ECF system and will be forwarded by electronic transmission to all parties registered to receive electronic notice in these cases, as identified on the Notice of Electronic Filing (NEF).

/s/ Justin M. Ellis
Justin M. Ellis