UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
                                                             :
In re                                                        :    Chapter 11
                                                             :
PURDUE PHARMA L.P., *et al.*,                                :    Case No. 19-23649 (RDD)
                                                             :
                                                  Debtors.   :    Jointly Administered
                                                             :
------------------------------------------------------------ x

**MOTION OF UNITED STATES TRUSTEE PURSUANT TO SECTIONS 105(a), 327, 328, AND 330 OF THE BANKRUPTCY CODE AND RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR ENTRY OF AN ORDER APPROVING (1) SETTLEMENT AGREEMENT WITH SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP, WILMER CUTLER PICKERING HALE AND DORR LLP, AND DECHERT LLP AND (2) CERTAIN RELEASES BY THE DEBTORS**

TO:    **THE HONORABLE ROBERT D. DRAIN,
       UNITED STATES BANKRUPTCY JUDGE:**

William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee"), hereby moves this Court for an order approving (1) the attached settlement agreement (the "Settlement Agreement") between the United States Trustee, Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden"), Wilmer Cutler Pickering Hale and Dorr LLP ("WilmerHale"), and Dechert LLP ("Dechert" and collectively with Skadden and WilmerHale, the "Firms") and (2) certain releases granted by the Debtors pursuant to and in accordance with the Settlement Agreement. In support thereof, the United States Trustee respectfully states:

**PRELIMINARY STATEMENT**

The United States Trustee and the Firms seek approval of the Settlement Agreement to resolve their dispute regarding disclosure under Bankruptcy Rule 2014. Specifically, in their retention applications the Firms did not disclose that pre-petition they each entered into a written joint defense and common interest agreement on behalf of the Debtors with various other parties,

including members of the Sackler family (hereafter "Common Interest Agreement").  The United States Trustee informally raised the issue with the Firms.  The Firms acknowledged the importance of having systems to identify and consider connections to ensure compliance with Rule 2014.  The Firms, however, did not consider disclosing the Common Interest Agreement as a "connection" at the time of their applications and do not believe that the Common Interest Agreement is a "connection" required to be disclosed under Rule 2014.  The United States Trustee and the Firms disagree on this issue.  After negotiations, and in order to resolve the matter, the parties entered into the attached Settlement Agreement.  Under the Settlement Agreement the Firms agree to file a supplement to their retention applications to reflect any common interest or joint defense agreement the Firms entered into on behalf of Debtors with any party in interest identified in the most recent list provided by Debtors' bankruptcy counsel, thereby enhancing the transparency of professional connections in these cases.  In addition, the Firms will collectively reduce their pending or future fee applications or monthly fee statements, as applicable, by $1.0 million, in the aggregate among the Firms, thereby enhancing the value of the Debtors' estates.  In exchange, the United States Trustee and the Debtors and their estates will release the Firms from all claims on behalf of the United States Trustee and the Debtors and their estates, respectively, relating to alleged disclosure failures concerning common interest agreements.  Accordingly, for all the reasons set forth below, the Settlement Agreement should be approved.  The United States Trustee therefore requests the Court grant the relief sought in this motion and approve the Settlement Agreement, including the Debtors' releases of the Firms as set forth therein.

## BACKGROUND

### General Background

1. In December 2017, a large number of lawsuits in various courts pending against Purdue Pharma L.P. ("Purdue"), its beneficial owners and various manufacturers and distributors of opioids, among others, were consolidated into a multidistrict litigation (hereafter the "MDL") venued in federal court in the Northern District of Ohio.

2. In May 2018, in connection with the MDL, Purdue (represented by various law firms) entered into the Common Interest Agreement.

3. Skadden and WilmerHale each signed the Common Interest Agreement on behalf of Purdue. Attorneys from Quinn, Emanuel, Urquhart & Sullivan ("Quinn Emanuel"), who have since moved to Dechert, did the same.

4. On September 15, 2019, the Debtors commenced voluntary cases under chapter 11 of the Bankruptcy Code.

5. The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure. ECF No. 59.

### Retention Applications

7. On November 5, 2019, the Debtors filed applications to retain Dechert and WilmerHale under Bankruptcy Code section 327(e) as special counsel. ECF Nos. 424 and 428.

8. On November 6, 2019, the Debtors filed an application to retain Skadden under Bankruptcy Code section 327(e) as special counsel. ECF No. 438.

9. None of the Firms disclosed the existence of the Common Interest Agreement in their retention applications or subsequent filings.

10. On November 21, 2019, the Court approved the retention of Dechert. ECF No. 525.

11. On November 25, 2019, the Court approved the retention of Skadden and WilmerHale. ECF Nos. 544 and 545.

### The Settlement Agreement

12. On or about March 4, 2021, the United States Trustee raised with the Firms his concern that they did not disclose the Common Interest Agreement in their retention applications.

13. In response, the Firms acknowledged the importance of having robust systems to identify and consider connections to ensure compliance with Rule 2014. The Firms did not consider disclosing the Common Interest Agreement as a "connection" at the time of their applications, and do not believe that in the Common Interest Agreement is a "connection" required to be disclosed under Rule 2014.

14. The United States Trustee asserts that the Common Interest Agreement should have been disclosed given the particular circumstances of this case, where the relationship between the Debtors and the Sacklers is central to the bankruptcy cases as the Debtors filed these cases to implement a plan based on a global settlement reached among the Debtors, the Sacklers and many plaintiff constituencies and the Common Interest Agreement was invoked in these cases as a reason that certain documents could not be produced during discovery.

15. On April 27, 2021, to resolve all issues regarding the Common Interest Agreement, the United States Trustee and the Firms entered into the attached Settlement Agreement, and the Debtors agreed to the releases provided for therein.

16. By this motion, the United States Trustee and the Firms seek this Court's approval of the Settlement Agreement.

## THE REQUESTED RELIEF SHOULD BE GRANTED

### A. Legal Framework

Section 105(a) of the Bankruptcy Code permits the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code. 11 U.S.C. § 105(a). Sections 327, 328, and 330 of the Bankruptcy Code pertain to the retention and compensation of professional persons retained by the debtor-in-possession in a proceeding under the Bankruptcy Code. *See* 11 U.S.C. §§ 327, 328 and 330. Rule 2014 of the Bankruptcy Rules requires that any application for the retention of a professional pursuant to section 327 "state. . . to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee" and must be "accompanied by a verified statement of the person to be employed setting forth [such connections]." Fed. R. Bankr. P. 2014.

The Settlement Agreement resolves the dispute between the U.S. Trustee and the Firms regarding the narrow issue of alleged disclosure failures under Bankruptcy Rule 2014. Accordingly, the parties submit that entry of the proposed order pursuant to Section 105(a) of the Bankruptcy Code is appropriate.

### B. The Settlement Agreement Should Be Approved

The Settlement Agreement is fair and equitable, reasonable, and should be approved.

The United States Trustee and the Firms disagree as to whether the Common Interest Agreement is a "connection" required to be disclosed under Bankruptcy Rule 2014 and whether the disclosures made by the Firms fully complied with the requirements of Bankruptcy Rule 2014. Although the United States Trustee believes disclosure of the Common Interest Agreement is required, the Firms believe that the Common Interest Agreement is not a "connection" personal to the Firms. The proposed Settlement Agreement resolves fully any disputes regarding disclosure of the Common Interest Agreement and, therefore, eliminates the burdens and expenses that would be associated with the litigation of this dispute before the Court.

As noted above, under the Settlement Agreement, the Firms agree to file a supplement to their disclosure accompanying their retention applications to reflect any common interest or joint defense agreement that the Firms entered into on behalf of Debtors with any party in interest identified, thereby enhancing transparency in these cases. In addition, the Firms will collectively reduce their pending or future fee applications or monthly fee statements, as applicable, by $1.0 million, in the aggregate among the Firms, thereby enhancing the value of the Debtors' estates.

In addition, the Common Interest Agreement did not create any adverse interest between the Debtors and the Firms. The Debtors do not believe that that they hold any claims against the Firms related to this dispute and accordingly, have agreed to release all claims relating to alleged disclosure failures concerning common interest agreements.

The Settlement Agreement is narrowly tailored and is limited to the unique facts of the Common Interest Agreement in this case. It does not bind any party to this agreement to take or refrain from taking any position in this or any other case on the application of Rule 2014 to common interest agreements that law firms enter on behalf of a client.

Accordingly, the United States Trustee and the Firms submit that the settlement and compromise embodied in the Settlement Agreement is appropriate and should be approved.

*[Remainder of page left intentionally blank]*

WHEREFORE, the U.S. Trustee respectfully requests that the Court enter an order approving the Settlement Agreement and grant such other relief as just and proper.

Dated: New York, New York
April 29, 2021

                                            Respectfully submitted,

                                            WILLIAM K. HARRINGTON
                                            UNITED STATES TRUSTEE, Region 2

                                            By: */s/ Paul K. Schwartzberg*
                                            Paul K. Schwartzberg
                                            Trial Attorney
                                            201 Varick Street, Room 1006
                                            New York, New York 10014
                                            Tel. (212) 510-0500