# SETTLEMENT AGREEMENT

**Recitation**

Undisputed Facts

The parties agree that there are certain undisputed facts:

In December 2017, a large number of lawsuits in various courts pending against Purdue Pharma L.P. ("Purdue"), its beneficial owners and various manufacturers and distributors of opioids, among others, were consolidated into a multidistrict litigation (hereafter the "MDL") venued in federal court in the Northern District of Ohio.

In May 2018, Purdue (represented by various law firms) entered into a written joint defense and common interest agreement with various other parties (including members of the Sackler family who were the beneficial owners of Purdue) who were separately represented by different law firms (hereafter "Common Interest Agreement"). The Common Interest Agreement did not require the parties to pursue the same strategy but did allow the parties to share potentially privileged information with each other without waiving privilege as to third parties.

Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden") and Wilmer Cutler Pickering Hale and Dorr LLP ("WilmerHale") each signed the Common Interest Agreement on behalf of Purdue. Attorneys from Quinn, Emanuel, Urquhart & Sullivan ("Quinn Emanuel"), who have since moved to Dechert LLP (Dechert, Skadden and WilmerHale are collectively referred to herein as the "Firms"), did the same. None of the Firms was authorized or required by the Common Interest Agreement to withhold any information from Purdue under any conditions, nor has any Firm done so.

Skadden had represented Purdue since 2010.
Dechert had represented Purdue in opioid-related litigation since June 2018.
WilmerHale had represented Purdue since 2017 in respect of inquiries made of Purdue by the United States Congress, and not in respect of the MDL or any other litigation.

Purdue filed for bankruptcy in September 2019.

The Debtors filed applications to retain each of the Firms as special counsel for the Debtors under Section 327(e) of the Bankruptcy Code in November 2019.

Each of the Firms was required under Bankruptcy Rule 2014 to disclose any connections with other parties in interest in the bankruptcy. None of the Firms disclosed the existence of the Common Interest Agreement.

The Bankruptcy Court approved the retention of the Firms pursuant to Section 327(e).

The U.S. Trustee's Position

The fact that each of the Firms had signed the Common Interest Agreement with law firms representing the Sacklers should have been disclosed as a "connection" personal to the Firms in each of their retention applications in these cases. *In re Molten Metal Technology, Inc.*, 289 B.R 505 (Bankr. D. Mass. 2003) supports the disclosure of common interest agreements in certain circumstances. Here, the relationship between the Debtors and the Sacklers is central to the bankruptcy cases as the Debtors filed these cases to implement a plan based on a global settlement reached among the Debtors, the Sacklers and many plaintiff constituencies, and the Common Interest Agreement was invoked in these cases as a reason that certain documents could not be produced during discovery. However, the U.S. Trustee considered the facts and found no evidence that the failure to disclose in this case was intentional or that there was an effort by any of the Firms to mislead. Where there has been a failure to disclose a connection in an application, even where due to inadvertence, the Bankruptcy Court has the discretion to remedy such a disclosure including, among other things, by requiring all or part of the fees earned by counsel to be disgorged.

The Firms' Position

The Firms acknowledge the importance of having robust systems to identify and consider connections to ensure compliance with Rule 2014, which were utilized in good faith in this case. The Firms did not consider disclosing the Common Interest Agreement as a "connection" at the time of their applications and did not attempt to hide the existence of the Common Interest Agreement, which was expressly referenced in invoices filed with the Bankruptcy Court. There is no controlling precedent requiring disclosure of common interest agreements, and *In re Molten Metal* is distinguishable from this case. There also is no common practice of disclosing common interest agreements pursuant to Rule 2014. Although the Firms do not believe that the Common Interest Agreement is a "connection" that was required to be disclosed under Rule 2014, they have agreed to resolve the matter in the interest of expediency.

**Agreement**

For the purpose of resolving this issue, and given the unique context of this case, the parties agree as follows:

1. The Firms agree to file a supplement to their disclosure accompanying their retention applications to reflect any common interest or joint defense agreement that the Firms entered into on behalf of Debtors with any party in interest identified in the most recent list provided by Debtors' bankruptcy counsel. The Firms further recognize that courts have imposed disgorgement and other monetary consequences even where a non-disclosure of a connection occurred completely unintentionally. Accordingly, the Firms agree to settle this matter by collectively reducing their pending or future fee applications or monthly fee statements, as applicable, by $1.0 million, in the aggregate among the Firms, in exchange for a release of the Firms from all claims on behalf of the U.S. Trustee, the Debtors and their estates relating in any way to alleged disclosure failures concerning common interest agreements.

2

2. This agreement resolves all issues in respect of disclosure of common interest or joint defense agreements by the Firms in connection with the Debtors' chapter 11 cases, including as those issues may relate to prior, present, and forthcoming fee applications presented in the Debtors' chapter 11 case. This agreement is limited to the unique facts of the Common Interest Agreement in this case; it does not bind any party to this agreement to take or refrain from taking any position in this or any other case on the application of Rule 2014 to common interest agreements that law firms enter on behalf of a client. For the avoidance of doubt, in other cases the U.S. Trustee is free to argue that Rule 2014 requires that law firms that enter common interest agreements on behalf of their clients with parties in interest in a bankruptcy are required to disclose such agreements in retention applications. And the Firms are free to take the position that there is no requirement to disclose such common interest agreements.

3. This agreement is to be implemented through a motion pursuant to sections 105(a), 327, 328 and 330 and Rule 2014 seeking approval on notice to all parties that requested notice under Rule 2002 and a stipulated order agreed by the U.S. Trustee and the Firms, which shall release the Firms from all claims whatsoever on behalf of the U.S. Trustee, the Debtors and their estates, who shall be a party to this agreement solely for purposes of this paragraph, relating in any way whatsoever to alleged disclosure failures concerning common interest or joint defense agreements in this case. The parties each agree to use their reasonable best efforts to achieve approval of the motion.

**SEEN AND AGREED TO:**

DATED: April 27, 2021                BY:  /s/ *William K. Harrington*
                                                              William K. Harrington
                                                              United States Trustee for Regions 1&2


DATED: April 27, 2021                BY:  /s/ *Arthur Newbold*
                                                              Dechert LLP
                                                              General Counsel and Partner


DATED: April 27, 2021                BY:  /s/ *Lawrence Spiegel*
                                                              Skadden, Arps, Slate, Meagher & Flom LLP
                                                              General Counsel and Partner

3

DATED: April 27, 2021            BY: /s/ *Bruce Berman*
                                                        Wilmer Cutler Pickering Hale and Dorr LLP
                                                        General Counsel and Partner

**SEEN AND AGREED TO SOLELY FOR PURPOSES OF PARAGRAPH 3 OF THE AGREEMENT:**

DATED: April 27, 2021            BY: /s/ *Marc Kesselman*
                                                        Purdue Pharma L.P. on behalf of itself and its Debtor affiliates
                                                        General Counsel