UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| PURDUE PHARMA L.P., *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

ORDER AUTHORIZING ALIXPARTNERS, LLP TO PROVIDE
EDISCOVERY CONSULTING SERVICES

Upon the supplemental application, by notice of presentment dated April 15, 2021 (the "**Supplemental Application**"),[2] of Purdue Pharma L.P. and its affiliated debtors in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**") for entry of an order pursuant to pursuant to 327(a), 328(a) and 1107 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016(a), and Rules 2014-1 and 2016-1 of the Local Rules for entry of an order, (a) authorizing AlixPartners to provide eDiscovery consulting services for the Debtors under the terms described in the Third Addendum, and (b) granting related relief, all as more fully set forth in the Supplemental Application; and upon consideration of the accompanying Donahue Declaration; and this Court having previously entered the *Order Authorizing Debtors to Retain and Employ AlixPartners, LLP, as Financial Advisor Nunc Pro Tunc to the Petition Date* (Docket

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Supplemental Application.

**Error! Unknown document property name.**

No. 528) (the "**Retention Order**"); and this Court having jurisdiction to consider the Supplemental Application and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b); and consideration of the Supplemental Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(a)-(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and there being due and sufficient notice of the Supplemental Application and the opportunity for a hearing thereon; and there being no objections to the requested relief; and no additional notice or a hearing being required; and it appearing that AlixPartners does not represent or hold an adverse interest to the Debtors or their estates with respect to the Additional Services, that it is disinterested under section 101(14) of the Bankruptcy Code, and that its supplemental retention to provide the services set forth in the Third Addendum is necessary and in the best interests of the estates; and good and sufficient cause appearing, it is hereby

**ORDERED THAT:**

1. The Supplemental Application is granted as set forth herein.

2. In accordance with sections 327(a), 328(a) and 1107 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016(a), and Rules 2014-1 and 2016-1 of the Local Rules, and subject to the terms of the Retention Order, AlixPartners is authorized to provide the Additional Services proposed in the Supplemental Application.

3. Except as otherwise provided herein, nothing in this Order is intended or shall be deemed to amend, modify, or otherwise affect the Retention Order.

4. AlixPartners shall include fee and expenses associated with the Additional Services in its applications for interim and final allowance of compensation and reimbursement of

expenses as set forth in the Retention Order, pursuant to sections 330 and 331 of the Bankruptcy Code, as the case may be.

5. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Supplemental Application.

6. Any indemnification obligations contained in the Third Addendum shall be subject to the same limitations as set forth in the Retention Order.

7. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: April 29, 2021
White Plains, New York

THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE