UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- X

| | |
|---|---|
| In re: | Chapter 11 |
| PURDUE PHARMA L.P., *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

---------------------------------------------------------- X

| | |
|---|---|
| Purdue Pharma L.P., *et al.*, | : |
| Plaintiffs, | : |
| v. | : |
| AIG Specialty Insurance Co (f/k/a American International Specialty Lines Insurance Company), *et al.*, | : |
| Defendants. | X |

**DEBTORS' SUPPLEMENTAL OPPOSITION TO IRONSHORE SPECIALTY INSURANCE COMPANY'S, FORMERLY KNOWN AS TIG SPECIALTY INSURANCE COMPANY, MOTION FOR RELIEF FROM AUTOMATIC STAY**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (2014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

Purdue Pharma L.P., *et al.*, as debtors and debtors–in-possession in the above-captioned Chapter 11 cases (the "Debtors"), hereby submit this supplemental brief in further opposition (this "Opposition") to the Motion for Relief from Automatic Stay ("the Motion") filed by Ironshore Specialty Insurance Company, formerly known as TIG Specialty Insurance Company ("TIG") [ECF 712] and the Supplementary Brief in Support of the Motion [ECF 2326]. In support of this Opposition, the Debtors respectfully state as follows:

## PROCEDURAL BACKGROUND

Because the Court is familiar with the full procedural history of this bankruptcy proceeding, rather than repeat that full background, Debtors will only brief the procedural background relevant to this Opposition.

### A. The TIG Arbitration

On October 8, 2018, despite never having received a demand for coverage under the insurance policy it sold to Debtors, TIG initiated an arbitration against the Debtors (the "TIG Arbitration") seeking declarations regarding coverage for opioid-related claims against Debtors. Shortly after the parties served their respective pleadings in the TIG Arbitration, on September 15, 2019, Debtors filed for bankruptcy protection.

### B. The Bankruptcy Proceeding and TIG's Motion

Debtors' bankruptcy filings triggered an automatic stay of the TIG Arbitration pursuant to 11 U.S.C. § 362(a)(1). On December 30, 2019, TIG filed its Motion seeking to lift the automatic stay [ECF 712]. Debtors opposed the Motion on January 17, 2020 [ECF 753]. On January 24, 2020, the Court heard oral argument on the Motion but did not rule on it at the time. On January 27, 2021, TIG filed its Supplementary Brief in Support of the Motion [ECF 2326], again seeking to have this Court lift the automatic stay.

C. **The Adversary Proceeding**

On January 29, 2021, Debtors, along with the Official Committee of Unsecured Creditors appointed in the Chapter 11 cases (the "Creditors Committee"), and the Ad Hoc Committee of Governmental and Other Contingent Litigation Claimants (the "Ad Hoc Committee") (collectively, the "Adversary Plaintiffs"), initiated an Adversary Proceeding by filing a complaint (the "Adversary Proceeding Complaint") seeking declaratory relief and damages concerning insurance coverage for certain Opioid Mass Tort Claims[2] against the Debtors under insurance policies sold by several insurance companies, including TIG. *See* [Adv. Pro. Dkt. No. 1]. On April 5, 2021, several defendant insurance companies, including TIG (the "Arbitration Insurers"), filed a Joint Motion to Stay the Claims against Them in Favor of Arbitration (the "Arbitration Motion"), seeking to have this Court stay the Adversary Proceeding as to them and allow them to pursue arbitration of Debtors' insurance coverage claims. *See* [Adv. Pro. Dkt. No. 59]. Contemporaneously with this Opposition, Plaintiffs filed their Opposition to the Arbitration Motion on May 3, 2021 (the "Arbitration Motion Opposition") which Plaintiffs incorporate herein by reference. *See* Arbitration Motion Opposition filed May 3, 2021 [ECF No. 133, Adv. Pro. No. 21-07005-rdd].

## ARGUMENT

A. **This Court Should Continue to Stay the TIG Arbitration Until It Decides the Arbitration Motion**

TIG's continued efforts to have the automatic stay lifted on the TIG Arbitration are simply premature at this time. It is unnecessary for the Court to rule on whether or not to lift the stay at

---

[2] The term "Opioid Mass Tort Claims" refers to claims brought by public and private claimants seeking damages due to injuries allegedly resulting from: (1) opioid medications manufactured, marketed, or sold by Debtors and their affiliates, (2) opioid medications manufactured, marketed, or sold by other pharmaceutical companies rather than by Debtors or their affiliates, and (3) illicit opioid drugs, including heroin and fentanyl, which were not manufactured, marketed, or sold by Debtors or their affiliates. *See* [Adv. Pro. Dkt. No. 1, ¶ 1].

this time because of the pending Arbitration Motion, to which TIG has joined as a movant, in the Adversary Proceeding. Rather than having piecemeal rulings on what is essentially the same issue—whether the Adversary Proceeding should go forward as a single comprehensive coverage action involving all of the Debtors' relevant insurance policies, or should be broken up into at least 17 separate proceedings (this Adversary Proceeding and at least 16 arbitrations) as the insurers, including TIG, seek to do through the Arbitration Motion—this Court should continue the stay of the TIG Arbitration pending the decision on the Arbitration Motion. Once the Court decides the Arbitration Motion, the Court can quickly and efficiently dispose of this motion. Accordingly, this Court should leave the stay in place pending resolution of the Arbitration Motion.

## CONCLUSION

For these and the reasons set forth in the Objection to TIG's Motion For Relief From the Automatic Stay [ECF 753], Debtors respectfully request that this Court leave the stay in place pending resolution of the Arbitration Motion.

Dated: May 3, 2021
     New York, New York

**REED SMITH LLP**

     s/Paul E. Breene
Paul E. Breene
Ann V. Kramer
Anthony B. Crawford
599 Lexington Avenue
New York, NY 10022
Tel. (212) 521-5400
pbreene@reedsmith.com
akramer@reedsmith.com
acrawford@reedsmith.com

Lisa A. Szymanski (*pro hac vice*)
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103-
Tel. (215) 851-8100
lszymanski@reedsmith.com

*Insurance Counsel to Debtors*

**COLE SCHOTZ P.C.**
Justin R. Alberto (*pro hac vice*)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Tel. (302) 655-5000
jalberto@coleschotz.com

*Efficiency Counsel to the Official Committee of Unsecured Creditors of Purdue Pharma, L.P. et al.*

**GILBERT LLP**
Scott D. Gilbert (*pro hac vice*)
Richard J. Leveridge
Richard Shore (*pro hac vice*)
Jenna A. Hudson (*pro hac vice*)
700 Pennsylvania Ave. SE, Suite 400
Washington, DC 20003
Tel. (202) 772-2200
gilberts@gilbertlegal.com
leveridger@gilbertlegal.com
shorer@gilbertlegal.com
hudsonj@gilbertlegal.com

*Counsel to the Ad Hoc Committee of Governmental and Other Contingent Litigation Claimants*

- 4 -

## CERTIFICATE OF SERVICE

I certify that at my direction, a true and correct copy of the foregoing Debtors' Supplemental Opposition to Ironshore Specialty Insurance Company's, Formerly Known as TIG Specialty Insurance Company, Motion for Relief from Automatic Stay was filed electronically using this Court's ECF System which will send notification of such filing to all counsel of record.

Dated:  May 3, 2021
            New York, New York

                                                            s/Paul E. Breene