|  |  |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | Hearing Date:  May 12, 2021<br>Hearing Time:  10:00 am |

In re : Chapter 11

PURDUE PHARMA L.P., *et al.*, : Case No. 19-23649 (RDD)

Debtors. : Jointly Administered

**SECOND SUPPLEMENT TO OBJECTION OF INDEPENDENT EMERGENCY ROOM PHYSICIAN, DR. MICHAEL MASIOWSKI, INDIVIDUALLY, AND AS PUTATIVE CLASS REPRESENTATIVE TO DISCLOSURE STATEMENT FOR CHAPTER 11 PLAN OF PURDUE PHARMA L.P. AND ITS AFFILIATED DEBTORS[1]**

TO:   **THE HONORABLE ROBERT D. DRAIN,
         UNITED STATES BANKRUPTCY JUDGE:**

Dr. Michael Masiowski, individually and as putative class representative for Independent Emergency Medical Room Physicians ("ER Physician"), by and through undersigned counsel, hereby submits this Second Supplement to The Objection of Independent Emergency Room Physicians ("Supplement to Objection" ECF No. 2794, the "Objection" ECF No. 2708 filed 4/23/21") to the Disclosure Statement and Amended Disclosure Statement for the Chapter 11 Plan of Purdue Pharma L.P. and Its Affiliated Debtors (the "Disclosure Statement").ECF Doc No. 2488 and 2734 respectively. In support thereof, Dr. Michael Masiowski[2] states:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Objector, Dr. Michael Masiowski, ( "ER Physician"), timely filed his proof of claim on June 12, 2020.

1

## Supplement

In the original Objection ER Physician argued that the Disclosure Statement fails to provide adequate information for ER Physician to make an informed decision to assess the adequacy of the Disclosure Statemen because it is ambiguous and frustrates the ability of claimants including ER Physician, to reach an informed judgment about whether to vote in favor of the proposed plan of reorganization (the "Plan"). ECF Doc. No. 2487.  In the Supplement to the Objection (ECF No. 2794) ER Physician supplemented the argument by indicating the Second Amended Disclosure Statement (ECF 2789-1) was also ambiguous for a number of reasons including  1) being unclear about what entities were in Class 6 for the Hospital Trust, and  2) the Distribution Procedures were unclear and seemed to provide "other healthcare providers [other than hospitals]" had a process by which they could apply for Abatement Distributions; 3) Hospitals that had not filed proofs of claims were able to apply for Disbursements; 4) the releases were overbroad and not in plain English and ; 5) the full Hospital Distribution procedures were not attached to the Disclosure statement.

As additional support for the argument that the full Distribution procedures were not attached to the Disclosure, making the Disclosure statement ambiguous ER Physician states:

The full Hospital Trust Distribution procedures are not attached to the Disclosure but are in the Amended Plan, (ECF 2732). This is critical because the methodology for Distributions is unclear in the Disclosure Statement, thus not providing the ability to fully assess the Disclosure before the hearing.  Id at 5 (Indicates Distributions procedures in Plan Supplement doc #2732).

## Supplemental Argument

   1. *The Methodology for Distribution for the Hospital Trust is not fully described in the Trust Disclosure Statement making the Disclosure Statement so Ambiguous as to Prevent The Ability To Fully Assess The Disclosure Prior To The Hearing.*

The Second Amended Disclosure Statement provides:

"In order to receive an abatement distribution from the Hospital Trust, Hospitals will be required to submit a Hospital Abatement Distribution Form (as defined with the Hospital Trust Documents) to the Hospital Trust accompanied by certain additional data. **The amount of the abatement distribution(s) made to each Hospital Authorized Recipient shall be subject to a calculation methodology set forth in the Hospital Trust Documents that is based on (1) the diagnostic codes associated with operational charges incurred by the Hospital Authorized Recipient in connection with the treatment of Opioid Use Disorder ("OUD"), (2) the portion of such charges that were not reimbursed, and (3) certain other weighted determination factors, as set forth in further detail therein"** See Second Amended Disclosure Statement pg 67( emphasis added).

The Plan then provides that if the a "Hospital Abatement Distribution Form and all it applicable parts is received by the deadline" then:

"(b) The Trustee shall utilize (but shall have no rights in or to the intellectual property contained in) the proprietary Legier Model and Algorithm (the "Model"), prepared and operated by Legier & Company, apac, for determining the amount of each Hospital Abatement Distribution. "

See Hospital Trust Distribution Procedure, ECF 2732 Exhibit A,  pg. 6.

A disclosure statement must inform the average creditor what it is going to get and when, and what contingencies there are that might intervene. *In re Ferretti*, 128 B.R. 16, 19 (Bankr. D.N.H. 1991). Disclosure statements must "contain simple and clear language delineating the consequences of the proposed plan on [creditors'] claims and the possible [Bankruptcy Code] alternatives . . . ." *In re Copy Crafters Quickprint, Inc*., 92 B.R. 973, 981 (Bankr. N.D.N.Y. 1988).

The Amended Disclosure Statement does not provide any information about the calculation methodology that explains how it was determined and the basis of why the Legier Model and Algorithm is effective and acceptable.  The information in the Amended Distribution Statement is

3

completely inadequate for a creditor to determine whether the methodology is a valid process to determine abatement distributions.

      WHEREFORE, Emergency Room Physician respectfully submits that the Court sustain the Objection and Supplement thereto, of the Emergency Room Physician and grant such other relief as is just.

Dated: May 10, 2021

      Respectfully submitted,
PAUL S. ROTHSTEIN, P.A.

*/s/ Paul S. Rothstein*
Paul S. Rothstein, P.A.
Bar No.: 310123
626 NE 1st Street
Gainesville, FL 32601
Ph: (352)376-7650
PSR@RothsteinForJustice.com
*Pro Hac Vice Admitted*
*Attorney for the ER Physician Mike Masiowski*