DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
James I. McClammy
Eli J. Vonnegut
Marc J. Tobak

*Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

**DEBTORS' STATEMENT IN FURTHER SUPPORT OF DEBTORS' MOTION FOR ORDER ESTABLISHING CONFIRMATION SCHEDULE AND PROTOCOLS**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

Purdue Pharma L.P. and its affiliated debtors in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), as debtors and debtors in possession (collectively, the "**Debtors**"), respectfully submit this statement in further support of the *Debtors' Motion for Order Establishing Confirmation Schedule and Protocols* [ECF No. 2536] (the "**Motion**" or "**Mot.**")[2] and state as follows:

1. The Debtors respectfully request that the Court enter the proposed confirmation schedule and related protocols as set forth in the Amended Proposed Order attached hereto as **Exhibit A** (the "**Amended Proposed Order**"). The Amended Proposed Order incorporates several changes that resolve all substantive[3] objections to the Motion and sets forth a schedule that balances the rights of all parties in interest against the need to proceed to a confirmation hearing expeditiously and efficiently.

2. The confirmation schedule and protocols requested by the Motion have enjoyed the consent of the vast majority of the Debtors' case constituencies. Only two of the many organized creditor groups (among hundreds of thousands of claimants) have lodged substantive objections to the Motion: the group of Distributors, Manufacturers, and Pharmacies (the

---

[2] Except where otherwise indicated, capitalized terms used but not defined in this Reply have the meanings ascribed to them in the Motion.

[3] The Cherokee Nation incorporated a two-sentence, *pro forma* objection to the Motion in their objection to the Debtors' disclosure statement. *See* Objection of the Cherokee Nation to Disclosure Statement for Chapter 11 Plan of Purdue Pharma L.P. and its Affiliated Debtors and Debtors' Motion for Order Establishing Schedule and Protocols ¶ 5 [ECF No. 2730] (arguing that "[t]he Scheduling Motion and the procedures and dates set forth therein cannot be considered until the Disclosure Statement and the Plan are finalized. Therefore, the Scheduling Motion should not be approved"). The Debtors will not separately address this objection to the Motion.

2

"**DMPs**")[4] and the School Districts.[5] These two objections are now resolved by the Amended Proposed Order, which is the product of constructive negotiations between the Debtors, the DMPs, and the School Districts.

3. The Amended Proposed Order includes three categories of modifications. <u>First</u>, the Amended Proposed Order clarifies that the order does not govern proceedings to object to, subordinate, estimate, or disallow a claim by the DMPs. <u>Second</u>, the Amended Proposed Order clarifies that the requested deadlines apply to discovery among creditors or other parties in interest. <u>Third</u>, the Amended Proposed Order updates the proposed timeline to address creditor requests and adjournment of the hearing on the Motion. All of the proposed modifications to the order, including those made to resolve objections, are reflected in the blackline of the Amended Proposed Order with the revised Proposed Order [ECF No. 2626] attached hereto as **Exhibit B**.

4. As detailed in the Motion, the proposed schedule and protocols are comparable to those that have worked well in other large chapter 11 cases (Mot. ¶ 3), and entry of the now all but consensual Amended Proposed Order is well within the sound discretion of the Court and its inherent and equitable powers (Mot. ¶ 16). For the reasons set forth above and in the Motion, the Debtors respectfully request that this Court grant the Debtors' Motion and enter the Amended

---

[4] *See* Joint Objection of Distributors, Manufacturers and Pharmacies to Debtors' Motion for Order Establishing Confirmation Schedule and Protocols [ECF No. 2721].

[5] *See* Objection of the Public School District Creditors to Debtors' Motion to Approve (I) the Adequacy of Information in the Disclosure Statement, (II) Solicitation and Voting Procedures, (III) Forms of Ballots, Notices and Notice Procedures in Connection Therewith, and (IV) Certain Dates with Respect Thereto [ECF No. 2720] (the "**School Districts' Objection**," and the party, the "**School Districts**").

Proposed Order establishing a schedule and protocols to govern the Confirmation Proceedings and Confirmation Hearing.

Dated: May 10, 2021
       New York, New York

By: /s/ *Marc J. Tobak*
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone:   (212) 450-4000
Facsimile:   (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
James I. McClammy
Eli J. Vonnegut
Marc J. Tobak

*Counsel to the Debtors
and Debtors in Possession*