Securities

Memo: Regarding 18 USC 2314, 18 USC 2315
18USC 1963 2b, 3b(2)

In 1998, Molly Christine Sackler and I were visiting the Isabella Stewart Gardner museum. She was concerned about being prosecuted after being trafficked.
She left a final message that included oral testimony regarding her last will. She included documentation about her securities from the Sackler corporation.
She had been under threat and described the tension that she felt with the Curtis clan. Her final declaration was about her intent to testify against Burke regarding the locations of the paintings.
Sackler was nervous.
After her eventual murder, Sackler's testimony displays evidence of the intent to kill her and the information about her securities and how they would be stolen.


Molly Sackler was an illegitimate child of Jonathan Sackler.
Her uncle Raymond Sackler promised her his share and her father's shares in Purdue, in addition to twenty percent of Sackler's corporation.
Sackler and JR Williams discovered the Isabella Stewart Gardner museum paintings at an estate run by Margaret Burke, Agent John Connolly's stepmother. Molly Sackler complained about extortion to Anthony Amore. (9.28.600)
 When she did so, she left her information and documentation from her father and uncle with the child she nannied, four year old Joshua "JR" Williams.
She was murdered. Williams then inherited the securities.
After the death of Raymond and Jonathan Sackler, he became a majority shareholder.
Proof of his ownership, worth a billion dollars is  held by Anthony Amore.

Note:
Amore's life and that of his families were threatened by David Garofalo and John Marcotte in July 2011. This happened in his office at the Museum. Amore may purposely be committing some sort of malfeasance to avoid extortionists.
My memories of this are very foggy because I was given GHB during most of their business so I would cooperate and not testify against them.


Conclusion:
A writ of mandamus producing the documents is needed to produce evidence against Charles Burke and the Winter Hill Gang.
The museum must produce ( 9.28.720);
Molly Sackler's Certificates
Molly Sackler's photographs
Any facsimiles or documentation that Sackler had left with Amore
To Wit: Documentation concerning Molly Sackler, Purdue Pharmaceuticals.


Amore and Garofalo must produce the aforementioned documents as well

All documentation regarding Children's discovery center's employment of Molly

Sackler and Elise A "Tina" McFadden must be produced. The tapes she left with Mr. Amore are subject to disclosure regarding the actions of Children's Discovery Center: (9.28.600)
It is the affiants perception and to the best of his knowledge, the truth, that he witnessed
the owner of the company take custody of documents pertaining to abuse reported by Macfadden
Margaret Burke aka Margaret Eaton or Margaret Connolly and her grandnephew
David Garofalo: Took custody of faxes and documents from Jonathan to Molly Sackler
Anthony Amore:Had custody of documents pertaining to Molly Sackler's report of Extortion, officialy held by the Isabella Stewart Gardner Museum.

Scope:
Investigation into Children's Discovery Center and the disappearance of employees Macfadden and Sackler
Investigation into RICO violations by Winter Hill Gang. The use of the Children's Discovery Center, Stoughton Public Schools and Stoughton Police Department as fronts for that organization
To wit: 18 USC 1963- the maintenance of the shares illegally.
Investigation into Civil Rights Deprivations of Molly Sackler by Bill and John Curtis and of her heir by the Winter Hill Gang.

*All evidence is subject to malfeasance due to political power that Burke has exercised over the jurisdiction. The Winter Hill Gang has intentionally targeted individuals in order to avoid justice and to deny proper jurisprudence to the courts.


Necessary Warrants

David Garofalo: House

Subject to Affidavit by Williams
Subject to Evidence Obtained by Isabella Stewart Gardner Museum
- Specifically: Any documents pertaining to Sackler Corporation including facsimiles, recordings, duplications and securities certificates.
May be kept in a vomit bag labeled "rough cheek"and "strep throat" to conceal the nature of the documents from authorities.


Anthony Amore Office at 25 Evans Way, Boston, MA, 02115- Subject to Affidavit,

Subject to USAM 9.28.600- Concerning Isabella Stewart Gardner Museum records of Sackler Corporation and Wrongdoing of Children's Discovery Center.

Any photographs of Molly Sackler and Mr. Williams. Mr. Williams is a mixed race infant or toddler with Ms. Sackler, a Caucasian woman. They may be prominently displayed or held on a scratchboard.

These claims are also being filed to discover any potential injury to Mr. Williams holdings as of this date, Mar. 5, 2020.  If it was Ms. Sackler's intention for him to acquire interest, there should be no argument against it.  Should there be a conspiracy to deprive her of her fifth amendment rights, it should be reported. (US v. Brown 381 US, 437)

Parallels between Sackler's death and the death of Robin Bishop arise. Both women were murdered under suspicious circumstances by a man with police experience, and both times, the outstanding witness was a child involved with the police officer in the community. Amore's tapes highlight the the threats against Ms. Sackler  by the Curtis brothers under the color of law.

An investigation into her death and any interest illegally accrued in Purdue Pharmaceuticals is necessary. ( RICO 18 USC 1963)

Other Securities held by Tina McFadden Bowe were held at the home of Ravenna Salpoglou by Elena Salpoglou as of June 2000. Salpoglou stole Elyse A "Tina" McFadden's securities and confidential financial information at the scene of the crime. The house was located in Scituate Massachusetts and was owned by her late mother. They were entitled EJ1 and EJ2.

Post Script

RICO 18 USC 1963
Reasonable Suspicion

Molly Christine Sackler possessed securities inherited from her father conveying interest in Purdue Pharmaceuticals.
She was murdered and the securities have disappeared

Affiant believes
David Garofalo possesses evidence relating to that charge
- Facsimiles and documents at his house, or located at 2183 MA- 138 in the chapel. Sackler used the fax machine from her father to Children's Discovery Center to communicate.

Affiant has reason to believe there is probable cause for a warrant


18 USC 1963
18 USC 1111 (A)
As defined
Committed In furtherance of RICO conspiracy.
18 USC 1959(A)
Evidence Supporting such a proposition
Gun- Tar in a semicircle on 120 Columbus Ave, Stoughton, Massachusetts,02072. At the opening of the driveway, there is a large dark mound. After that, there is a

mound : the area under and around the mound is covered with evidence from the Sackler crime scene. Entire Driveway entrance must be searched by authorities for evidence pertaining to the Sackler case and RICO cases including photographs, written documents and possessions of the victim(s).

Corpus Delicti- 2183 MA- 138, Stoughton, Massachusetts, 02072
Tapes- Located at aforementioned address above a telephone in the "West Wing" of the property.

18 USC 1961
To wit: Human Trafficking and Witness Intimidation
Evidence of: Tapes made by Anthony Amore and held by Amore at the Isabella Stewart Gardner Museum; tapes of Sackler's statement about the 2183 MA-138 location and the conditions at Children's Discovery Center.
18 USC 1963 Reasonable Suspicion
To wit: Isabella Stewart Gardner Museum Heist
Facts: (see "Memo: USAM 1863, 1313A")
Evidence: Amore Tapes

18 USC 249
Pursuant to Fifth Amendment Right- Corruption of Blood- her heirs inheritance held attainder
To wit: Deprivation of Molly Sackler's civil rights resulting in death and abuse of her financial holdings postmortem with intent to deprive and abuse her heir
Probable Cause: Amore Tapes, Securities Documentation, Crime Scene at 120 Columbus Ave, Stoughton, Massachusetts
Tapes at 2183 MA-138.

As of now, evidence is pending with a planned deposition of Purdue Pharma legal employees and a search ordered of properties with documentation supporting Williams's claims.

Mary Katherine Feltz: Legal counsel at Purdue Pharma.

Edward Angelini: Legal counsel at Purdue Pharma. Confidant of Molly Christine Sackler

Lori Higgins: may have possessed documents supporting Molly Sackler's final will

Anthony Amore: IN POSSESSION OF RECORDINGS supporting Sackler's final will,

Donna Pozner: May have been appointed an agent of Molly Sackler's