**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | **Chapter 11** |
| **PURDUE PHARMA L.P.**, *et al.*, | **Case No. 19-23649 (RDD)** |
| Debtors.[1] | **(Jointly Administered)** |

## ORDER GRANTING DEBTORS' MOTION FOR ORDER
## ESTABLISHING CONFIRMATION SCHEDULE AND PROTOCOLS

Upon the motion (the "**Motion**")[2] of Purdue Pharma L.P. and its affiliates that are debtors

and debtors in possession in these cases (collectively, the "**Debtors**") for entry of an order (this

"**Order**") establishing the schedule and protocols in connection with the Debtors'' request for

confirmation of their Plan of Reorganization (the "**Confirmation Proceedings**"); and the Court

having jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b); and the

venue of these chapter 11 cases ("**Chapter 11 Cases**") and the Motion being proper in this

District pursuant to 28 U.S.C. §§ 1408 and 1409; and the Motion being a core proceeding

pursuant to 28 U.S.C. § 157(b) that the Court can decide by a final order; and there being due

and sufficient notice of the Motion, and no additional notice being required; and the objections to

the Motion having been resolved as set forth herein and withdrawn; and upon the record of the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

hearing held by the Court on the Motion on May 12, 2021; and, after due deliberation, and good and sufficient cause appearing; now, therefore,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The Motion is granted as provided herein.

2.      The protocols and schedule set forth below shall govern the Confirmation Proceedings, which include all related discovery:

**<u>The Schedule</u>**

3.      The following schedule shall govern the Confirmation Proceedings and Confirmation Hearing.  Dates and deadlines marked with an asterisk are established by this Order.  Other deadlines without an asterisk are deadlines proposed to be established in the proposed Disclosure Statement Order (*see* ECF No. 2376-1), and are provided solely for ease of reference; any changes in such dates as required by a Disclosure Statement Order that actually is issued by this Court will be reflected in a subsequent, conformed version of this Order.

    a.      <u>Disclosure Statement Schedule</u>:

        i.      <u>Voting Record Date</u>.  **March 10, 2021** shall be the voting record date.

        ii.      <u>Disclosure Statement Objection Deadline</u>.  **April 23, 2021 at 4:00 p.m. (prevailing Eastern Time)** shall be the deadline by which objections to the Disclosure Statement ("**Objections**," and each, an "**Objection**") must be filed.  As set forth in the *Notice of Adjournment of Hearing on Debtors' Motion for Order Establishing Confirmation Schedule and Protocols* [ECF No. 2782], **May 3, 2021, at 4:00 p.m. (prevailing Eastern Time)** shall be the deadline for (i) any party that timely filed an Objection to file and serve a supplemental objection to the Motion and (ii) any party with respect to whom the deadline to file an Objection remained pending as of April 30, 2021 on account of an extension granted by the Debtors to file and serve an Objection.  Parties objecting to the Disclosure Statement are encouraged to coordinate and consolidate objections to the extent their objections are overlapping or they represent similar constituencies.  The Court will consider oral objections at the Disclosure Statement Hearing to changes to the Disclosure Statement that were made after the May 3, 20221 Objection deadline.

iii.    <u>Deadline to File Reply to Disclosure Statement Objections</u>.  **May 18, 2021 at 12:00 p.m. (prevailing Eastern Time)** shall be the deadline by which replies to any objections to the Disclosure Statement must be filed and served.

iv.    <u>Disclosure Statement Hearing</u>.  **May 20, 2021 at 10:00 a.m. (prevailing Eastern Time)** shall be the Disclosure Statement Hearing.

b.    <u>Voting Schedule</u>:

i.    <u>Solicitation Deadline</u>.  **June 4, 2021** (or as soon thereafter as reasonably practicable) shall be the deadline by which the Debtors distribute the Solicitation Packages to those holders of Claims in the Voting Classes that are entitled to vote on the Plan as of the Voting Record Date. It shall also be the deadline by which the Debtors publish the Confirmation Hearing Notice in a format that has been modified for publication.

ii.    <u>Plan Supplement Filing Deadline</u>.  **July 7, 2021** shall be the deadline to file and serve any Plan Supplement.

iii.    <u>Voting Deadline</u>.  **July 14, 2021 at 4:00 p.m. (prevailing Eastern Time)** shall be the deadline to vote on the Debtors' Plan of Reorganization.

iv.    <u>Rule 3018(a) Motion Filing Deadline</u>.  **July 19, 2021 at 4:00 p.m. (prevailing Eastern Time)** shall be the deadline to file and serve a motion under Bankruptcy Rule 3018(a) for temporary allowance of a claim in a Voting Class for purposes of voting on the Plan of Reorganization.

v.    <u>Deadline to File Voting Report</u>.  **August 2, 2021 at 12:00 p.m. (noon) (prevailing Eastern Time)** shall be the deadline to file the Voting Report.

c.    <u>Contract Assumption and Rejection Schedule</u>:

i.    <u>Deadline to Serve Contract Notices</u>.  **July 19, 2021** shall be the deadline to serve a Contract Notice.  Such Notice shall include the Debtors' proposed cure amount, if any, and a clear statement of the deadline to object to the requested relief, including any proposed cure.

ii.    <u>Contract Objection Deadline</u>.  **August 2, 2021 at 4:00 p.m. (prevailing Eastern Time)** shall be the deadline to object to the Debtors' assumption and rejection of contracts and/or proposed cure.

d.    <u>Confirmation Fact Discovery</u>:

i.    *<u>Deadline to Serve Document Requests</u>.  **June 4, 2021** shall be the deadline by which any party in interest that intends to seek document discovery from any other party in interest in connection with the Confirmation Proceedings ("**Requesting Parties**") must serve requests for

the production of documents or information (together, "**Document Requests**," and each individually, a "**Document Request**").

ii.  *<u>Deadline to Respond to Document Requests</u>. **June 14, 2021** shall be the deadline by which any party subject to a Document Request ("**Producing Parties**") must respond and/or object to Document Requests.

iii.  *<u>Deadline to Substantially Complete Document Discovery</u>. **June 25, 2021** shall be the deadline by which parties must substantially complete production of documents in response to the Document Requests. Producing Parties will produce responsive materials on a rolling basis in advance of that date.

iv.  *<u>Deposition Notices</u>:  Parties may serve notices of deposition upon entry of this Order.

e.  <u>Confirmation Expert Discovery</u>:

i.  *<u>Deadline to Designate Initial Experts</u>. **June 7, 2021** shall be the deadline by which parties must designate experts and the subject of each expert's testimony.

ii.  *<u>Deadline to Submit Initial Expert Reports</u>. **June 15, 2021** shall be the deadline by which parties must submit affirmative expert reports.  These reports must satisfy the requirements of Federal Rule of Civil Procedure 26(a)(2)(B) (made applicable by Bankruptcy Rule 7026).

iii.  *<u>Deadline to Designate Additional Experts for Rebuttal</u>. **June 29, 2021** shall be the deadline by which parties must designate any rebuttal experts and the subject of each rebuttal expert's testimony.

iv.  *<u>Deadline to Submit Rebuttal Expert Reports</u>. **July 6, 2021** shall be the deadline by which parties must submit rebuttal expert reports.  These reports must satisfy the requirements of Federal Rule of Civil Procedure 26(a)(2)(B) (made applicable by Bankruptcy Rule 7026).

v.  *<u>Deadline to Complete Discovery, Including Depositions</u>. **July 15, 2021** shall be the deadline by which all confirmation discovery, including fact and expert depositions, must be completed.

f.  <u>Confirmation Hearing</u>:

i.  <u>Plan Objection Deadline</u>. **July 19, 2021 at 4:00 p.m. (prevailing Eastern Time)** shall be the deadline by which any objections to the Plan must be filed and served.  Parties objecting to confirmation of the Plan of Reorganization ("**Objecting Parties**") are encouraged to coordinate and consolidate objections to the extent the objections are overlapping or the Parties represent similar constituencies.

ii.     *<u>Deadline to Exchange Initial Witness and Exhibit Lists</u>.  **July 26, 2021** shall be the deadline by which Confirmation Parties must serve on the other Confirmation Parties a complete list of witnesses and exhibits they intend to offer at the Confirmation Hearing.  The list of witnesses shall identify all witnesses that each Objecting Party and each party supporting confirmation of the Plan of Reorganization ("**Supporting Parties**," together with the Objecting Parties, the "**Confirmation Parties**," and individually, a "**Confirmation Party**") will call or may call at the Confirmation Hearing.

iii.    *<u>Deadline to Exchange Objections to Initial Witness and Exhibit Lists</u>. **July 29, 2021** shall be the date by which the Confirmation Parties must serve on the other Confirmation Parties any objections to the initial witness and exhibit lists.

iv.     <u>Deadline to File the Confirmation Brief and Omnibus Reply to Plan Objections</u>.  **August 2, 2021 at 4:00 p.m. (prevailing Eastern Time)** shall be the deadline to file and serve a Confirmation Brief, and any replies by any Supporting Parties to any objections to confirmation of the Plan of Reorganization.

v.      *<u>Deadline to Submit Proposed Virtual Procedures Order</u>.  **August 2, 2021** shall be the deadline by which the Confirmation Parties must have conferred and submitted to chambers a proposed virtual procedures order ("**Virtual Procedures Order**"), which shall contain protocols for conducting the Confirmation Hearing remotely (either in whole or in part).

vi.     *<u>Deadline to Conduct Evidentiary Dispute Resolution</u>.  **August 4, 2021** shall be the date by which the Confirmation Parties must meet and confer with a view toward narrowing and resolving any evidentiary disputes.

vii.    *<u>Deadline to Submit Joint Exhibit Book and Joint Witness List, and File and Serve Case-in-Chief Witness Declarations</u>.  **August 4, 2021** shall be the date by which the Confirmation Parties shall (a) deliver to the Court's chambers a joint exhibit book (the "**Joint Exhibit Book**") of all exhibits agreed to be admissible and a separate joint exhibit book of proposed exhibits, if any, whose admissibility is in dispute, (b) deliver to the Court's chambers a joint witness list ("**Joint Witness List**") of all witnesses that each Confirmation Party will or may call at the Confirmation Hearing in their case in chief or on rebuttal, and  (c) deliver to the Court's chambers, file, and serve on the other Confirmation Parties written declarations under penalty of perjury of all witnesses under their respective control that they intend to call in their case in chief at the Confirmation Hearing.

viii.   *<u>Final Pretrial Conference</u>.  **August 5, 2021 at 10:00 a.m. (prevailing Eastern Time)** shall be the date and time of the final pretrial conference and/or rehearsal for the virtual Confirmation Hearing.

ix.  \*<u>Confirmation Hearing</u>.  **August 9, 2021 at 10:00 a.m. (prevailing Eastern Time)** shall be the start of the Confirmation Hearing, which will continue, as necessary, from day to day in each case starting at 10:00 a.m. (prevailing Eastern Time), except as otherwise set by the Court and as may be extended by the Court as the Court's schedule permits.  The Confirmation Hearing will not be held on the following days: August 19, 2021, August 24, 2021, and August 26, 2021.

x.  \*<u>Deadline to Submit Rebuttal Witness Testimony</u>.  The Confirmation Parties shall deliver to the Court's chambers, file, and serve on the other Confirmation Parties written declarations under penalty of perjury of all rebuttal witnesses under their respective control by no later than 48 hours before such Confirmation Party intends to submit such declaration for entry into evidence.

**The Confirmation Protocols**

4.  In addition to the dates and deadlines listed above, the following procedures shall govern the Confirmation Proceedings:

a.  <u>Protective Order</u>.  The Protective Order entered by the Court, as amended from time to time, shall govern all discovery in connection with the Confirmation Proceedings.  The currently operative Protective Order is the Third Amended Protective Order [ECF No. 1935].

b.  <u>Document Reserve for Confirmation</u>.  As of the date of the entry of this Order, the Debtors will establish a document reserve (the "**Document Reserve for Confirmation**").  The Debtors will deposit into such Reserve (i) non-privileged materials the Debtors have produced in these Chapter 11 Cases, including, without limitation, materials the Debtors have produced in response to requests from the Creditors' Committee and Non-Consenting States Group and non-privileged materials the Debtors have produced in the MDL and other prepetition civil litigation; (ii) transcripts of depositions of the Debtors' current and former employees, directors, officers, and advisors, taken in prepetition civil litigation or in connection with these Chapter 11 Cases; (iii) documents and information the Debtors determine to be potentially relevant to the Confirmation Proceedings; and (iv) any documents produced by any party in connection with the Confirmation Proceedings.  For the avoidance of doubt, any material that includes or reflects any type of confidentiality designation, whether pursuant to a protective order in any prepetition civil litigation or in connection with the Chapter 11 Cases, is governed by the Protective Order without any need to re-designate such material.

c.  <u>Additional Discovery Requests</u>.  Any Requesting Party that propounds a request for additional document or testimonial discovery must in such request (i) represent that the Requesting Party has conducted a reasonable search of the

Document Reserve for Confirmation and believes, based on such reasonable search, that the documents, information, or testimony it seeks is not available in the Document Reserve for Confirmation, and (ii) state and explain the basis for the Requesting Party's good faith belief that the additional discovery it seeks is relevant to the Confirmation Proceedings.  For the avoidance of doubt, this paragraph 4(c) does not apply to discovery requests directed to parties that have not produced documents or transcripts of testimony to the Document Reserve for Confirmation by the time of such request.

d.    <u>Discovery Dispute Resolution</u>.  In the event of a dispute with respect to one or more discovery requests, counsel for the Producing Party and for the Requesting Party shall promptly meet and confer in good faith to attempt to resolve the dispute.  If, notwithstanding their good faith efforts to do so, such Parties are unable to resolve such discovery dispute, the Party wishing to bring the dispute to the Court shall promptly inform the Court by emailed letter, no longer than two single-spaced pages in length, of the nature of the dispute and shall request a telephonic discovery conference.  If the opposing Party wishes to respond, it must respond by emailed letter, no longer than two single-spaced pages in length, within two business days.  At the conference, the Parties to the dispute must be prepared to discuss with the Court all efforts to resolve such dispute.

e.    <u>Limitations on Interrogatories and Requests for Admission</u>.  Unless otherwise ordered by the Court, no Requesting Party shall serve any interrogatories or requests for admission in connection with the Confirmation Proceedings.

f.    <u>Assertions of Privilege</u>.  If any Producing Party withholds or redacts any materials on the grounds of privilege, work product, or any other type of protection or immunity from disclosure, such Producing Party shall promptly provide a categorical privilege log consistent with the Protective Order in the Chapter 11 Cases, which shall be placed in the Document Reserve for Confirmation.  To the extent such materials were previously withheld or redacted on the grounds of privilege, work product, or any other type of protection or immunity from disclosure, in connection with production in the MDL, in other prepetition civil litigations, or in these Chapter 11 Cases, such prior designations (as reflected in designations on the materials themselves or in the relevant privilege log(s)) control and will only be evaluated by this Court if (a) they are the subject of pending motion practice, or are in a category of documents identified in pending motion practice, or (b) the time to challenge such designations has not lapsed or was stayed or enjoined and such designations have not been upheld by this or another Court.  A Producing Party shall provide its initial privilege log(s) no later than the date on which it substantially completes production of documents in response to Document Requests hereunder.

g.    <u>Testimony</u>.  Except with respect to adverse witnesses compelled to testify by subpoena, only persons for whom a witness declaration has been delivered, filed, and served will be allowed to testify at the Confirmation Hearing.  All witnesses for whom witness declarations are timely delivered, filed, and served shall be

present and governed by the Virtual Procedures Order to testify remotely on cross examination and re-direct at the Confirmation Hearing. The only live testimony that will be taken at trial will consist of cross-examination and redirect examination, as necessary.

h.   <u>Expert Discovery</u>. Any expert retained or specially employed to provide expert testimony in connection with the Confirmation Proceedings shall submit an expert report that satisfies the requirements of Federal Rule of Civil Procedure 26(a)(2)(B) (made applicable by Bankruptcy Rule 7026), and, on or before the deadline provided by this Order, shall produce the expert materials required to be disclosed by Federal Rule of Civil Procedure 26 (made applicable by Bankruptcy Rule 7026). An expert's report(s) shall constitute that expert's direct testimony. Parties shall have the right to amend or supplement such direct testimony, solely to respond to information disclosed or opinions expressed after the date of such expert's report(s), by written declaration exchanged and submitted by the deadlines provided by this Order. No drafts of any part of any report or declaration of any expert will be subject to production or other disclosure. This protection is in addition to, and does not limit or replace, the protections of Federal Rule of Civil Procedure 26(b)(4)(B) (applicable here under Bankruptcy Rule 7026).

i.   <u>Extension of Deadlines</u>. The deadlines set forth above, excluding (1) the Deadline to Submit Joint Exhibit Book and Joint Witness List and File Case-in-Chief Witness Declarations, (2) the Final Pretrial Conference, and (3) the Confirmation Hearing, may be extended without order of the Court upon the written consent of Debtors or, if the Debtors are the party subject to the deadline, the party to which the subject of the deadline is owed, which consent may be granted via email; *provided that* no extension shall result in any pleading to which a deadline set herein applies being filed and provided to chambers later than **August 5, 2021 at 12:00 p.m. (noon) (prevailing Eastern Time)** without the consent of the Court.

j.   <u>Effect of the Case Management Procedures</u>. The Bankruptcy Code, Bankruptcy Rules, Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), and the operative Second Amended Order Establishing Certain Notice, Case Management, and Administrative Procedures [ECF No. 498] apply to these Confirmation Proceedings. To the extent there is a conflict between any of the foregoing and this Order, this Order shall govern in all respects. Without limiting the foregoing, a copy of all pleadings filed in connection with the Confirmation Proceedings shall be provided to chambers.

5.   Notwithstanding anything to the contrary in this Order, the Disclosure Statement or the Plan, with respect to any action, objection or motion (made through the Plan or otherwise) by the Debtors or any other creditor or equity holder seeking to reduce, disallow, estimate or

8

subordinate any Co-Defendant Claim in the Chapter 11 Cases (any such action, objection or

motion, a "**Co-Defendant Claim Objection**"): (a) such Co-Defendant Claim Objection shall not

be subject to this Order, and (b) the Debtors and the affected claimant(s) shall meet and confer in

good faith to reach an agreement on the appropriate extent, manner and schedule for discovery

and proceedings (including the timing of any hearing) governing such Co-Defendant Claim

Objection, or if an agreement on such issues cannot be reached, the parties shall schedule a

hearing for such issues to be determined by the Court; provided, however, that nothing in this

paragraph shall affect an objection made in accordance with, and governed by, the *Order

Approving (I) Omnibus Claims Objection Procedures, (II) Omnibus Claims Settlement

Procedures and (III) Omnibus Claims Hearing Procedures* [ECF No. 2696].  Nothing contained

in this Order shall be construed as consent by any holder of a Co-Defendant Claim to the

adjudication of any Co-Defendant Claim Objection at the Confirmation Hearing, be construed as

a waiver of any rights of a holder of a Co-Defendant Claim concerning the adjudication of its

Co-Defendant Claims or any Co-Defendant Claim Objections, and shall not prejudice the rights

of the holder of a Co-Defendant Claim to assert that any Co-Defendant Claim Objection should

not be heard at the Confirmation Hearing set by this Order, or any other date that may be set for

the Confirmation Hearing.  All rights of any holder of a Co-Defendant Claim to object to any

proposed schedule governing a Co-Defendant Claim Objection, including on the ground that

such Co-Defendant Claim Objection should not be heard at the Confirmation Hearing or that the

Confirmation Hearing should be adjourned, are hereby preserved.

      6.     Notice of this Order will be provided as to (a) the entities on the Master Service

List (as defined in the Second Amended Order Establishing Certain Notice, Case Management,

and Administrative Procedures entered on November 18, 2019 [ECF No. 498] and available on

the Debtors' case website at https://restructuring.primeclerk.com/purduepharma) and (b) any person or entity with a particularized interest in the subject matter of this Motion (the "**Notice Parties**").  No further notice shall be required.

7.      The Debtors are authorized to take all reasonable actions necessary to effectuate the relief granted in this Order.

8.      This Order will terminate and cease to have any effect if and only if the Disclosure Statement Order is not approved at the Disclosure Statement Hearing on May 20, 2021.

9.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: May 13, 2021
       White Plains, New York

                              */s/Robert D. Drain*                       
                              THE  HONORABLE  ROBERT  D.  DRAIN
                              UNITED STATES BANKRUPTCY JUDGE