**Exhibit A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | Chapter 11 |
| **PURDUE PHARMA L.P.,** *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

### [PROPOSED] ORDER GRANTING LATE CLAIM MOTIONS

Upon the motions of Kyle Parks [Dkt. No. 2057], Arlandis C. Issac [Dkt. No. 2069], Andre S. Youngblood [Dkt. No. 2071], Shane Christian Peterson [Dkt. No. 2086], Neil W. King [Dkt. No. 2088], Troy A. Pesina [Dkt. No. 2193], Lisa M. Acquaviva [Dkt. No. 2211], and Brian Lee Danner [Dkt. No. 2458] (the "**Late Claim Motions**") seeking leave to have their Personal Injury Claimant Proof of Claim Forms and/or General Opioid Claimant Proof of Claim Forms (the "**Late Claims**") deemed timely filed notwithstanding that the Late Claims were filed after the extended general bar date for claims to be filed in these chapter 11 cases (the "**Extended General Bar Date**"); and the Court having jurisdiction to consider the matters raised in the Late Claim Motions pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Late Claim Motions and the relief requested therein being a core proceeding under 28 U.S.C.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717), and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

§ 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and, after due and sufficient notice of the Late Claim Motions, their remaining pending with no objections to the requested relief; and the Official Committee of Unsecured Creditors and Ad Hoc Group of Individual Victims having consented to the relief sought in the Late Claim Motions; and in light of the *Second Amended Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and Its Affiliated Debtors* [Dkt. No. 2823] and the PI Trust Distribution Procedures appended thereto [Dkt. No. 2732], which provide a mechanism for compensating personal injury claims filed before April 23, 2021; and upon the record of the hearing held by the Court on the Late Claim Motions on May 20, 2021; and, after due deliberation, the Court having determined pursuant to Federal Rule of Bankruptcy Procedure 9006(b)(1) that there is good and sufficient cause for the relief granted herein; now, therefore,

    IT IS HEREBY ORDERED THAT:

    1.    The Late Claim Motions are granted as set forth herein.

    2.    The Late Claims will be treated as timely filed, and the Debtors will not object to the Late Claims based on their not having been filed by the Extended General Bar Date. All other potential objections to the Late Claims are expressly reserved.

    3.    Except as expressly set forth in this Order, nothing contained herein shall be an admission or waiver of the substantive or procedural rights, remedies, claims, or defenses of any of the parties in these chapter 11 cases, whether at law or equity.

    4.    The relief provided for herein applies only to the Late Claims, and nothing in this Order or the agreement of the parties shall in any way be construed as applying to any other late claim motions, as to which all rights are reserved.

5. The Debtors are authorized to take all actions necessary or appropriate to effectuate the relief granted in this Order.

6. This Court retains exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2021
        White Plains, New York

 

_____
THE HONORABLE ROBERT D DRAIN
UNITED STATES BANKRUPTCY JUDGE