George R. Calhoun V (*pro hac vice*)
IFRAH PLLC
1717 Pennsylvania Avenue NW
Suite 650
Washington, DC 20006-2004
(202) 524-4140 – Tel.
(202) 524-4141 – Fax
george@ifrahlaw.com

-- and ---

**KENNEDYS CMK LLP**
Christopher R. Carroll
Joshua S. Wirtshafter
(*pro hac vice application forthcoming*)
570 Lexington Avenue, 8th Floor
New York, New York 10022
(646) 625-4000 phone

Counsel for Ironshore Specialty Insurance Company,
formerly known as TIG Specialty Insurance Company

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In Re: | Chapter 11 |
| PURDUE PHARMA L.P., *et al.*,[1] | **Case No. 19-23649-rdd** |
| Debtors. | **(Jointly Administered)** |

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnic Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

**IRONSHORE SPECIALTY INSURANCE COMPANY'S, FORMERLY KNOWN AS TIG SPECIALTY INSURANCE COMPANY, REPLY TO DEBTOR'S SUPPLEMENTAL <u>OPPOSITION TO MOTION FOR RELIEF FROM AUTOMATIC STAY</u>**

# TABLE OF AUTHORITIES

**Cases**

*Dornoch Ltd. ex rel. Underwriting Members of Lloyd's Syndicate 1209 v. PBM Holdings, Inc.*,
  666 F. Supp. 2d 366 (S.D.N.Y. 2009) .................................................................................... 2

*First City Nat'l Bank & Trust Co. v. Simmons*,
  878 F.2d 76 (2d Cir. 1989) ..................................................................................................... 2

*Kaminowitz v. Board of Educ. of City School Dist. of City of New York*,
  683 N.Y.S.2d 519 (N.Y. App. Div. 1999) .............................................................................. 3

*NY. Marine & Gen. Ins. Co. v. Lafarge N Am., Inc.*,
  599 F.3d 102 (2d Cir. 2010) ................................................................................................... 3

*Wells Fargo Advisors, L.L.C. v. Tucker*,
  195 F. Supp. 3d 543, (S.D.N.Y. 2016) ................................................................................... 3

**Statutes**

CPLR 3211 ...................................................................................................................................... 3

Ironshore Specialty Insurance Company, formerly known as TIG Specialty Insurance Company, ("TIG") respectfully submits this Reply to Debtor's Supplemental Opposition to Ironshore Specialty Insurance Company's, Formerly Known as TIG Specialty Insurance Company, Motion for Relief from Automatic Stay.

1. The Debtors do not make any additional substantive argument against lifting of the stay in their supplemental opposition but ask that the Court stay consideration of TIG's motion pending a resolution of the Arbitration Motion. The Debtors also erroneously state that TIG initiated an arbitration despite never having received a demand for coverage. That contention is inaccurate.

2. Although TIG agrees that granting of the Arbitration Motion would likely compel the granting of TIG's motion for relief from the automatic stay, there is no reason to further delay consideration of TIG's motion.

3. TIG is the only insurer with an already pending arbitration and it is thus primed to move forward with its arbitration quickly.

4. TIG issued a single Excess Liability insurance policy to Debtors, under policy number XLX 38822826 (the "TIG Policy"). See Dkt. 712-2, Ex. A. The period of the TIG Policy was initially July 1, 2000 to October 1, 2002 but was subsequently cancelled with effect of January 8, 2002.

5. Purdue issued various notices of occurrences to TIG, beginning with a claim notification on May 10, 2001, and a Notice of Integrated Occurrence/ Declaration of a "Batch Occurrence on October 26, 2001 and subsequent updates to same. *See* Calhoun Decl. at Ex. A. Subject to a complete reservation of rights, TIG provided its coverage position to Purdue regarding the various notices of the Opioid Claims, including its position that most (if not all) of the damages

being sought are not covered by the TIG Policy, which was communicated via correspondences dated September 14, 2009, August 23, 2018, and December 17, 2018. *Id.* Purdue refused to accept TIG's position that the claims it had noticed to TIG were not covered. Indeed, in its letter of December 17, 2018, TIG specifically demanded that Purdue confirm its agreement with TIG's coverage position within 20 days of that correspondence and withdraw its claims for coverage for such uncovered damages in connection with the Opioid Claims. TIG's demand remained denied and unsatisfied for at least 20 days. As a result of Purdue's refusals to accept TIG's coverage position, on October 8, 2018, TIG instituted arbitration by filing its Notice to Arbitrate and Notice of Appointment of Arbitrator. See Calhoun Decl. at Ex. B.

6.    After the panel was established, TIG served its Statement of Claim on February 28, 2019. Purdue did not challenge the timeliness of the arbitration filing. Rather, on or about May 15, 2019, the Debtors filed a State of Defence. On or about June 26, 2019, TIG filed its Reply Statement. Further, on August 29, 2019, the parties attended a case management conference before the arbitration panel, where they agreed upon the manner in which to address the parties' claims and defense.

7.    TIG's pending arbitration also substantially weighs in favor of lifting the stay as federal courts typically honor the first-filed rule, pursuant to which a court will dismiss a later-filed action addressing substantially the same subject matter as an earlier action. *Dornoch Ltd. ex rel. Underwriting Members of Lloyd's Syndicate 1209 v. PBM Holdings, Inc.*, 666 F. Supp. 2d 366, 369 (S.D.N.Y. 2009) ("There is a general presumption that where there are two competing lawsuits, the first suit should have priority, absent the showing of [a] balance of convenience or special circumstances giving priority to the second.") (*citing First City Nat'l Bank & Trust Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir. 1989)). The "first-to-file" rule "states that, in determining the

proper venue, where there are two competing lawsuits, the first suit should have priority." *NY. Marine & Gen. Ins. Co. v. Lafarge N Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (internal quotation marks and citation omitted).[2] Although the rule is typically applied between competing state or federal actions, the first-filed rule applies to arbitrations where the arbitration and a later filed lawsuit raise the same issues. *See Wells Fargo Advisors, L.L.C. v. Tucker*, 195 F. Supp. 3d 543, (S.D.N.Y. 2016) (assuming without deciding that court could decide "first-filed" issue instead of arbitrator and concluding that actions were not substantially similar).

For these reasons, and for the reasons stated in the Stay Motion, TIG respectfully requests that the Court grant TIG's motion for relief from stay (Dkt. 712) to permit TIG's arbitration, filed pre-bankruptcy, to move forward.

Dated: May 20, 2021
New York, NY

Respectfully submitted,

/s/ George R. Calhoun
George R. Calhoun V (*pro hac vice*)
IFRAH PLLC
1717 Pennsylvania Avenue NW
Suite 650
Washington, DC 20006-2004
(202) 524-4140 – Tel.
(202) 524-4141 – Fax
george@ifrahlaw.com
-- and ---

**KENNEDYS CMK LLP**
Christopher R. Carroll
Joshua S. Wirtshafter
(*pro hac vice application forthcoming*)

---

[2] New York state law, which the parties agreed applies, is in accord. Pursuant to CPLR 3211(a)(4), "[a] party may move for judgment dismissing one or more causes of action asserted against him on the ground that . . . there is another action pending between the same parties for the same cause of action in a court of any state." *See also Kaminowitz v. Board of Educ. of City School Dist. of City of New York*, 683 N.Y.S.2d 519 (N.Y. App. Div. 1999) (dismissing action due to pendency of administrative action).

570 Lexington Avenue, 8th Floor
New York, New York 10022
(646) 625-4000 phone