Page 1

1    UNITED STATES BANKRUPTCY COURT

2    SOUTHERN DISTRICT OF NEW YORK

3    Case No. 19-23649-rdd

4    - - - - - - - - - - - - - - - - - - - - - - - - - - x

5    In the Matter of:

6

7    PURDUE PHARMA L.P.,

8

9         Debtor.

10   - - - - - - - - - - - - - - - - - - - - - - - - - - x

11

12                    United States Bankruptcy Court

13                    300 Quarropas Street, Room 248

14                    White Plains, NY 10601

15

16                    May 12, 2021

17                    10:08 AM

18

19

20

21   B E F O R E :

22   HON ROBERT D. DRAIN

23   U.S. BANKRUPTCY JUDGE

24

25   ECRO:   UNKNOWN

Page 2

1    HEARING re Notice of Agenda / Amended Agenda for May 12,

2    2021 Hearing (related document(s)2841)

3

4    HEARING re Motion to Authorize / Debtors Motion for Order

5    Establishing Confirmation Schedule and Protocols (ECF#2536)

6

7    HEARING re Objection to Motion to Approve Adequacy of

8    Information in Disclosure Statement, Objection to Motion for

9    Order Establishing Confirmation Schedule (related

10   document(s) 2536, 2489) filed by Eric Fisher on behalf of

11   Baltimore City Board of School Commissioners, Board of

12   Chicago School District No. 299, Board of Education

13   of East Aurora School District 131, Board of Education of

14   Miami-Dade County Public Schools, Board of Education of

15   Thornton Fractional Township High School District 215, Board

16   of Education of Thornton Township High School District 205.

17   (ECF #2720)

18

19

20

21

22

23

24

25

Page 3

1    HEARING re Joint Objection to Motion Joint Objection Of

2    Distributors, Manufacturers And Pharmacies To Debtors'

3    Motion For Order Establishing Confirmation Schedule And

4    Protocols (related document(s)2536) filed by Barry Z. Bazian

5    on behalf of Allergan Finance LLC, AmerisourceBergen Drug

6    Corporation, CVS Caremark Part D Services, L.L.C., Johnson &

7    Johnson, McKesson Corporation, Sun Pharmaceuticals Canada

8    Inc., Teva Pharmaceuticals USA, Inc., Walgreen Co. and

9    certain corporate affiliates and subsidiaries, Walmart, Inc.

10   (ECF #2721)

11

12   HEARING re Objection to Disclosure Statement (related

13   document(s)2488) filed by Justin M Ellis on behalf of The

14   Cherokee Nation. (ECF #2730)

15

16   HEARING re Statement of the Raymond Sackler Family in

17   Support of the Debtors' Confirmation Procedures Order

18   (related document(s)2536) filed by Gerard Uzzi on behalf of

19   The Raymond Sackler Family. (ECF #2792)

20

21   HEARING re Statement / Debtors Statement in Further Support

22   of Debtors Motion for Order Establishing Confirmation

23   Schedule and Protocols (related document(s)2536) filed by

24   Marc Joseph Tobak on behalf of Purdue Pharma L.P.

25   (ECF #2840)

1    HEARING re Chapter 11 Plan / Joint Chapter 11 Plan of

2    Reorganization of Purdue Pharma L.P. and its Affiliated

3    Debtors filed by Eli J. Vonnegut on behalf of Purdue Pharma

4    L.P. (ECF #2487)

5

6    HEARING re Notice of Adjournment of Hearing on Debtors'

7    Motion for Order Establishing Confirmation Schedule and

8    Protocols (related document(s)2536) filed by Marc Joseph

9    Tobak on behalf of Purdue Pharma L.P. (ECF #2626)

10

11   HEARING re Amended Plan / First Amended Joint Chapter 11

12   Plan of Reorganization of Purdue Pharma L.P. and its

13   Affiliated Debtors (related document(s)2487) filed by Eli J.

14   Vonnegut on behalf of Purdue Pharma L.P. (ECF #2731)

15

16   HEARING re Statement / Notice of Filing of Plan Supplement

17   Pursuant to the First Amended Joint Chapter 11 Plan of

18   Reorganization of Purdue Pharma L.P. and its Affiliated

19   Debtors (related document(s)2731) filed by Eli J.

20   Vonnegut on behalf of Purdue Pharma L.P. (ECF #2732)

21

22   HEARING re Objection to Disclosure Statement (related

23   document(s)2488) filed by Justin M Ellis on behalf of The

24   Cherokee Nation. (ECF #2733)

25

1    HEARING re Statement / Notice of Filing of Second Plan

2    Supplement Pursuant to the First Amended Joint Chapter 11

3    Plan of Reorganization of Purdue Pharma L.P. and its

4    Affiliated Debtors (related document(s)2734, 2731) filed by

5    Eli J. Vonnegut on behalf of Purdue Pharma L.P. (ECF #2737)

6

7    HEARING re Notice of Adjournment of Hearing on Debtors'

8    Motion for Order Establishing Confirmation Schedule and

9    Protocols (related document(s)2536) filed by Marc Joseph

10   Tobak on behalf of Purdue Pharma L.P. (ECF #2782)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25   Transcribed by:  Sonya Ledanski Hyde

Page 6

1  A P P E A R A N C E S :

2

3  DAVIS POLK & WARDWELL LLP

4       Attorneys for Debtor

5       450 Lexington Avenue

6       New York, NY, 10017

7

8  BY:  MARSHALL HUEBNER (TELEPHONICALLY)

9       BENJAMIN KAMINETZKY (TELEPHONICALLY)

10

11  BINDER & SCHWARTZ

12       Attorneys for Public School District Creditors

13       366 Madison Avenue

14       New York, NY 10017

15

16  BY:  ERIC FISHER (TELEPHONICALLY)

17

18  TEMPLE LAW SCHOOL

19       Attorney for Peter Jackson

20       1719 North Broad Street

21       Philadelphia, PA 19122

22

23  BY:  JONATHAN LIPSON (TELEPHONICALLY)

24

25

1   JENNER

2      Attorneys for McKesson Corporation and related entities

3      353 North Clark Street

4      Chicago, IL 60654

5

6   BY:  CATHERINE STEEGE (TELEPHONICALLY)

7

8   PILLSBURY WINTHROP SHAW PITTMAN LLP

9      Attorneys for Ad Hoc Non-Consenting States

10      31 West 52nd Street

11      New York, NY 10019

12

13   BY:  ANDREW TROOP (TELEPHONICALLY)

14

15   AKIN GUMP STRAUSS HAUER & FELD LLP

16      Attorneys for Official Committee of Unsecured Creditors

17      One Bryant Park

18      New York, NY 10036

19

20   BY:  MITCHELL P. HURLEY (TELEPHONICALLY)

21

22

23

24

25

Page 8

1    ALSO PRESENT TELEPHONICALLY:

2

3    ALEX ROMERO-WAGNER

4    VICTORIA KAMPPI

5    LAWRENCE FOGELMAN

6    MARC SKAPOF

7    GEORGE CALHOUN

8    DANIELLE GENTIN-STOCK

9    BARRY BAZIAN

10   SHEILA BIRNBAUM

11   HAYDEN COLEMAN

12   STACY DASARO

13   MICHAEL GOLDSTEIN

14   LIVY MEZEI

15   CHRISTOPHER ROBERTSON

16   THEODORE JAMES SALWEN

17   HOWARD STEEL

18   WILLIAM WEINTRAUB

19   ANGELA HERRING

20   EVAN JONES

21   STEVEN MOLO

22   ARTEM SKOROSTENSKY

23   JESSICA ORTIZ

24   KATHRYN BENEDICT

25   MARC TOBACK

1   MARY PATERSON

2   MARK PLEVIN

3   CYRUS MEHRI

4   DAN WESSEL

5   DYLAN CONSLA

6   BRANDAN MONTMINY

7   ANA LUCIA HURTADO

8   RONNIE STOLL

9   RUSSELL SETTI

10   SOMA BISWAS

11   GERARD UZZI

12   ROXANA ALEALI

13   JOSEPH FRANK

14   GREGORY JOSEPH

15   MARC KESSELMAN

16   JEREMY KLEINMAN

17   EMILY KUZNICK

18   ALEX LEES

19   JAMES MCCLAMMY

20   NICHOLAS PREY

21   VINCENT ROLDAN

22   PEYTON VINES

23   THEODORE WELLS JR.

24   VICKEY CALLEN

25   JASMINE BALL

1  TZERINA DIZON

2  NATASHA LABOVITZ

3  SIDNEY P. LEVINSON

4  CORY MOLL

5  MAURA MONAGHAN

6  JEFFREY J. ROSEN

7  JEREMY RYAN

8  FREDERICK SCHMIDT

9  D. RYAN SLAUGH

10  CLAUDIA SPRINGER

11  JACOB STAHL

12  MARY JO WHITE

13  HAROLD WILLIFORD

14  LAUREN ZABEL

15  ANDREW ALFANO

16  MICHAEL O'NEIL

17  RICHARD L. RHODA

18  SARA BRAUNER

19  SUSAN GOLDEN

20  ADAM HABERKORN

21  HENRY JAFFE

22  JERRY DEAL

23  NICOLE LEONARD

24  THEODORE WILSON

25  LOUIS TESTA

Page 11

1   MARA LEVENTHAL

2   ANN LANGLEY

3   KEVIN MACLAY

4   HUNTER BLAIN

5   KENNETH H. ECKSTEIN

6   JAMES MOON

7   KELLY TSAI

8   KAREN IRVING

9   BRIAN VITAGLIANO

10   ERIC FISHER

11   SCOTT BICKFORD

12   BENNIE JONES

13   JAMES STEINARD

14   BARBARA FARASH

15   PAUL SCHWARTZBERG

16   LINDA RIFFKIN

17   HAROLD ISRAEL

18   GEORGE O'CONNOR

19   TAYLOR HARRISON

20   JEFFREY LIESEMER

21   ARIK PREIS

22   BROOKS BARKER

23

24

25

Page 12

P R O C E E D I N G S

1               THE COURT:  Good morning.  This is Judge Drain.

3    We're here in In re Purdue Pharma, LP.  This is a completely

4    telephonic hearing.  Therefore, in addition to introducing

5    yourself -- and if you're a lawyer, the name of your

6    client -- the first time that you speak, you should state

7    your name if you speak later so that the court reporter and

8    I can put together your voice with your name.

9               There's one authorized recording of this hearing.

10   It's taken by Court Solutions, which provides a copy on a

11   daily basis to our clerk's office.  If you want a transcript

12   of the hearing, you'll need to contact our clerk's office to

13   arrange for the production of one.  Because this is a

14   completely telephonic hearing, you need to keep your phone

15   on mute unless, of course, you're speaking, at which point

16   you should unmute yourself.  I believe someone is not on

17   mute at this very moment and you do need to mute yourself.

18           So with that introduction, I have the amended

19   agenda for this morning's hearing, and I'm happy to follow

20   that agenda.

21           MR. HUEBNER:  Terrific.  Thank you, Your Honor.

22   Am I coming through clearly, and may I proceed?

23           THE COURT:  Yes, I can hear you fine.

24           MR. HUEBNER:  Thank you, Your Honor.  For the

25   record, I am Marshall Huebner from Davis Polk and Wardwell,

Page 13

1    LLP, on behalf of Purdue and its affiliate Debtors.  Your

2    Honor, I am delighted to report, as the amended agenda

3    letter reflects, that today's hearing is once again an

4    uncontested one.  We have worked very hard to address every

5    one of the objections that were filed.  In a few minutes, I

6    will turn the podium over to my partner Ben Kaminetzky who

7    will handle that portion.

8              A very quick update from my end for the benefit of

9    the Court and all the parties, we expect and very strongly

10   believe that the adjournment of the disclosure statement to

11   May 20th is the very last adjournment, period, full stop,

12   and that we will be proceeding on that date.

13             I am sure that it was not lost on anyone that in

14   the motion papers that we filed on May 6th to extend the

15   injunction for the period on or after May 21, we were very

16   clear as to the injunction that, and I quote, "If the

17   Debtors and other core-stake stakeholders fail to acceptably

18   resolve the remaining open issues with respect to the

19   settlement with the shareholders, the Debtors and, indeed,

20   many parties will likely be in a very different position on

21   May 20 than they are today.  For this reason, the Debtors

22   expressly reserve their rights to modify the relief

23   requested that's appropriate to the then-prevailing

24   circumstances."  We said it and, of course, we meant it.

25             That said, I very strongly believe that it will

1   not be necessary and that we will, in fact, be here in eight

2   days here virtually with a disclosure statement ready for

3   consideration by the Court and hopefully approval and

4   thereafter dissemination.

5           The plan issues, which are largely inter-creditor

6   issues, currently have many people working almost around the

7   clock.  And I believe that we are down to a single-digit

8   number of larger issues, possibly even countable on the

9   fingers of one hand.

10          As long as all the relevant parties continue to

11  work professionally, incessantly, intensely, and in good

12  faith, I see a path to resolving all the things that we need

13  to resolve in advance of May 20th.  It doesn't mean that

14  every issue in the case will be resolved, but it means that

15  at least from our perspective, the issues necessary to

16  proceed with the disclosure statement on May 20th will be

17  resolved.

18          With respect to the Sackler settlement, it is a

19  bit behind where it needs to be.  But I do think that all

20  the parties understand the seriousness of May 20th, without

21  which I do not believe we can hold our critically important

22  August confirmation schedule.

23          There, also, a number of nontrivial issues remain.

24  The emails and counterproposals and new drafts of sections

25  and pods and schedules start very early in the morning and

Page 15

1    are still flying at or after 1:00 a.m. almost every day.  As

2    long as every one of the critical parties to that side of

3    the deal remain, likewise, fully, intensely, and completely

4    engaged.  I also see a path to getting that done before May

5    20th.

6            I would also like to report for the benefit of the

7    Court and all parties that the idea of one last attempt at

8    mediation with the currently nonconsenting states by a

9    fellow judge that this Court recommended to all of us at the

10   last hearing is already getting underway.  As the

11   forthcoming more detailed mediation order will provide,

12   Judge Chapman has directed the relevant parties to reserve

13   June 30 and July 1 for an in-person summit only if it is

14   needed.

15           My understanding is that Judge Chapman hopes and

16   expects that something can be done comfortably in advance of

17   that reserve dates which are there as fallbacks only if an

18   acceptable resolution has not been reached prior thereto.  I

19   think we all collectively thank the Court for suggesting it.

20   And certainly from the Debtors' perspective, we intend to

21   leave no stone, really no pebble, unturned to try to get

22   some, many, and in a dream world, maybe even all of the

23   currently dissenting states on board in the coming weeks.

24           As to the disclosure statement, please allow me to

25   give the Court comfort that we are, of course, working day

Page 16

1    and night to resolve the objections that were filed wherever

2    they are resolvable.  We are adding language, tweaking

3    language, and addressing to the best of our abilities all of

4    the constructive comments and suggestions we have received.

5           One final point specifically for Your Honor, it

6    goes without saying, and I didn't mention it at the last

7    hearing and I think in retrospect I probably should have,

8    that we absolutely positively did not forget, and of course

9    we're not ignoring, the Court's suggestion of/request for

10   more detail in the disclosure statement about the factors

11   and analysis considered by the special committee.  We began

12   drafting that new section the very afternoon Your Honor

13   raised it and, by now, the core parties who need to or have

14   asked to see it have seen the new section.

15          But given that we do not yet have a final agreed

16   deal with the Sacklers, it would not be appropriate to

17   (indiscernible) the language explaining how the special

18   committee got comfortable with the deal and (indiscernible)

19   consideration for obvious reasons.  With that --

20          THE COURT:  Can I interrupt you on that point?

21          MR. HUEBNER:  Of course.

22          THE COURT:  There are two aspects to an agreement

23   with the Sacklers.  The first is a resolution of claims that

24   the Debtors' estates would have.  And the second is the

25   proposed resolution of claims that third parties might have.

Page 17

1    Is the document that you are working on, does it cover both

2    of those aspects?

3            MR. HUEBNER:  The fundamental answer is, yes, Your

4    Honor, you know, for reasons at the right hearing I guess

5    I'll discuss in more length.  You know, we think that the

6    estate claims are quite measurably the more sort of powerful

7    claims against the Sacklers.  And, obviously, you know, in

8    the first instance, the Debtors as the owners of those

9    claims, they certainly spend the most time on those.  But I

10   think it's fair to say that the Debtors, the UCC, the MSGE,

11   the AHC, and the many other parties that are on board, you

12   know, very much obviously considered in the case of

13   everybody but the Debtors that they were giving up their own

14   direct claims as part of the settlement and their

15   distributions under the plan.

16           And so that is addressed as well, you know, as is

17   the fact that as you will see when you see the section, I

18   don't think this is any sort of tales out of school, that,

19   you know, absent the settlement with the Sacklers, it is

20   very -- as an acceptable settlement with the Sacklers.  It

21   is very far from clear to say the least that the private

22   side deals reached in phase one of mediation would hold.

23           And so what would actually happen to the case in

24   the absence of the deal, and that also very much relates to

25   people getting back their individual claims, but it's not

Page 18

1    only the governmental entities but all the private entities

2    who would likely lose their plan distributions in favor of

3    the multi-year sort of Hobbesian litigation fest including

4    creditors very much attacking one another's claims, which

5    again is something that you'll be reading much more about in

6    the disclosure statement.

7              And so the answer is, yes, it's sort of a ganglion

8    of issues that is all interconnected.  But (indiscernible),

9    the question was you didn't forget about, you know, noting

10   and addressing the fact that they're also direct claims

11   being released.  The answer is we most assuredly did not

12   ever forget about it, and it's been part of our thinking

13   from the outset, as it has for the vast number of other

14   stakeholders in the case who are supportive of the approach

15   that includes the release of their own third-party claims.

16             THE COURT:  You know, I don't want to go on too

17   long about this, but I think given the importance of timing

18   here, it's important to be very clear about it.  I

19   understand the arguments behind the proposed settlement that

20   you have just covered.  I understand the, you know, the

21   nature of those arguments.  Primarily sophisticated parties

22   who have been privy to a vast amount of information have

23   agreed to settle their own direct claims as well as to

24   support the Debtors' settlement of the Debtors' claims.

25             I also understand, generally speaking, the

Page 19

1    rationale behind settling complex claims that, if not

2    settled might open many other controversies and lead to very

3    lengthy and "race to the court" type litigation.  I

4    understand all of that.  What I really want to make sure of

5    is that there is some discussion that is being shared with

6    parties that would go into the amended disclosure statement

7    that will be filed over the next few days.  I'm assuming

8    there is ultimate agreement with the Sacklers on the

9    parameters of their deal that discusses the merits of the

10   claims, the direct claims against the Sacklers and the

11   Sacklers' defenses.

12          The side A part of the Sackler family filed

13   something that in part discusses those issues from the

14   Sacklers' perspective.  I don't have an analysis from anyone

15   else's perspective with regard to the merits of the claims,

16   the direct claims against the Sacklers.  What I have is a

17   pleading that says the Court "should consider the vast

18   liabilities for which the Sackler family seek releases and

19   their unlawful conduct" and references to consumer-

20   protection and constructive-nuisance law.  That's about it.

21          And I think it's important for people who are

22   voting on a settlement that includes not only a settlement

23   of the estate's claims but also a settlement of potential

24   direct claims to have the benefit of that merits analysis.

25   It does not have to be, you know, more than a few single-

Page 20

1    spaced pages, but I think it's important to give people

2    guidance.

3            I'm assuming that the sophisticated people in this

4    case, including the non-consenting states, have done that

5    analysis, but I think there needs to be some disclosure of

6    it.  And I think it's also important for the liquidation

7    analysis, including in light of Judge Garrity's Ditech case,

8    for example.

9            So I may be telling you something that you're

10   already doing.  I just want to make sure that that's being

11   focused on --

12           MR. HUEBNER:  Yeah.  Your Honor --

13           THE COURT:  -- for the disclosure statement.

14           MR. HUEBNER:  Yeah.  The answer is that it is.

15           THE COURT:  Okay.

16           MR. HUEBNER:  You know, we'll go back and think

17   about the layout.  But suffice it to say that many of the

18   factors, you know, that it relate to the analysis from the

19   special committee that include, you know, things like veil-

20   piercing and alter ego and breach of fiduciary duty and

21   other things that, you know, have factors and implicate

22   both, you know, the novelty of the nuisance theories, the

23   Sacklers -- you saw I laid out in part of the A side's, you

24   know, filing, which we express no view on for the avoidance

25   of doubt and that was, you know, their voice and they're

1   welcome to file what pleadings they want.  As you saw, you

2   know, we are not agreeable to putting their own --

3          THE COURT:  I don't --

4          MR. HUEBNER:  -- (indiscernible).

5          THE COURT:  Look, I want to be clear.  I don't --

6   I am not asking the Debtors necessarily to do more than

7   state the competing views as to the third-party claim -- the

8   underlying merits of the third-party claims as well as the

9   other aspects, pro or con, of the settlement of them.  But I

10  think they need to be discussed outside of the context of

11  veil-piercing, breach of fiduciary duty, fraudulent

12  transfer, which are all estate claims.

13         MR. HUEBNER:  Yeah.  They are, Your Honor.  You

14  know what, I should have given you a --

15         THE COURT:  There's a consistent drumbeat in the

16  objections, which is to give the objectors the most credit.

17  We're not sure what these claims are, but they're being

18  released and I'd like to know more about the merits of them

19  before I agree to vote in favor of a plan or not object to a

20  plan that releases them.  I assume that --

21         MR. HUEBNER:  Understood, Your Honor.

22         THE COURT:  Yeah.  I assume that the non-

23  consenting states have thought it through more than that.

24  But that information isn't in the document.  If you want to

25  get a short summary from them of what they believe the

```
 1    merits are, I don't have a problem with that.  Similarly, I

 2    don't believe you are getting a short summary from the

 3    Sacklers of the merits of the defenses to those third-party

 4    claims and state expressly that those are obtained from the

 5    parties and, you know, the Debtors have taken all of that

 6    into account in recommending the settlement.

 7              But I think it needs to be discussed.

 8              MR. HUEBNER:  Yeah.  The easiest answer may be the

 9    wiser one would be to simply have just said yes instead of

10    yes --

11              THE COURT:  Okay.

12              MR. HUEBNER:  -- and forgetting to explain.  Let

13    me -- I do want to address one thing that the Court just

14    said.  It goes without saying that the non-consenting states

15    don't need the help of the Debtors to have their own views

16    about the strength of their own claims.  I'm confident that

17    they have views that they view as quite well-informed and

18    they're quite sophisticated.

19              It is also true --

20              THE COURT:  But can I just say on that point,

21    though, I think it's important for people to know what those

22    claims are.  I get letters --

23              MR. HUEBNER:  So I'm getting there.

24              THE COURT:  I get letters every day from people

25    who have really suffered because of opioid, generally, and
```

Page 23

1    they want something to be done and they're concerned when

2    people say there are vast liabilities and criminal conduct

3    and that somehow this plan is leaving all of that

4    unresolved.  And I think that needs to addressed, you know,

5    the merits of those allegations.

6              I think people's concerns need to be -- at least

7    they need to be provided with sufficient information so they

8    can see the analysis.

9              MR. HUEBNER:  Your Honor, I completely -- I

10   actually was in the middle of a sentence.  I think the

11   latter half might --

12             THE COURT:  Okay.

13             MR. HUEBNER:  -- actually resonate more than the

14   first half.  In beginning the sentence with the non-

15   consenting states certainly have a very strong sense of

16   their own claims.  They obviously brought litigation many

17   years ago and were in many ways at the forefront of

18   litigating against the Sacklers.

19             What I was going to say was the approach we have

20   taken with the Sacklers, which I believe the A side actually

21   put in their pleading, which was fine with me, is that we

22   are not agreeing to append to our own disclosure documents

23   the views and perspectives of individual parties who are not

24   estate fiduciaries, especially when those views, frankly,

25   are not the Debtors' views.  I think it would be weird if we

1    said, and here's the Sacklers' view of the world.

2            What we have agreed to do, which I think is the

3    right balance, is to reference that those filings were made

4    and to provide the docket number and the website link where

5    people can access for free with the click of a button all

6    pleadings filed in the case.  I'm a little weary about an

7    open invitation for anyone to send us riders with their view

8    of the world --

9            THE COURT:  I'm not asking for that.

10           MR. HUEBNER:  -- (indiscernible).

11           THE COURT:  But I do think if the Debtors are not

12   going to do it, that's the only way to deal with it.

13           MR. HUEBNER:  Yes.  No --

14           THE COURT:  And I think it should be in the

15   disclosure statement, and I think it should be in the

16   liquidation analysis.  And, frankly, I think the Debtors

17   should state their views on the potential risks of direct

18   third-party claim litigation in contrast to the settlement

19   and --

20           MR. HUEBNER:  Yeah.  And we're --

21           THE COURT:  -- to take whatever you want from what

22   you've been told by the potential parties to that litigation

23   as to the merits or lack thereof and synthesize it.  But I

24   think it needs to be addressed.

25           MR. HUEBNER:  Exactly.  And we're going to.  I

Page 25

1    guess I keep --

2            THE COURT:  Okay.

3            MR. HUEBNER:  -- saying too many words instead of

4    just saying yes again.  So let me be clear.  We --

5            THE COURT:  Okay.

6            MR. HUEBNER:  -- have done that and we'll go back

7    and look at it again, and we'll do it more, period, full

8    stop, agreed, done, in the box.  My only point is to the

9    extent that other material parties in the case have views

10   and probably it's the Sacklers and the non-consenting

11   states, we are willing to consider referencing and sort of

12   hyperlinking their own views if they feel that those are

13   important as the right --

14           THE COURT:  Well --

15           MR. HUEBNER:  -- balance between saying it's our

16   document, no, and putting their own views, you know, you

17   know, as an appendix to someone else's disclosure statement.

18   And we'll figure that out.

19           THE COURT:  Okay.

20           MR. HUEBNER:  With respect to the liquidation

21   analysis, Your Honor, that -- it' a little bit more

22   complicated because I don't actually know that the law is

23   either clear or consistent on whether potential recoveries

24   against third parties go into a debtor's liquidation

25   analysis.  But that's an issue we're in the middle of

1    thinking about very hard and reading on every case ever.

2    But, obviously, we never ever ignore the Court's thoughts of

3    admonition.  I think if one thing is clear during the case,

4    I hope that's clear.

5            So we will go back and figure out with a redoubled

6    focus how to blend what we need to on the individual release

7    claims, as well, into the liquidation analysis that is

8    already on file.

9            THE COURT:  All you need to do is drop a footnote

10   and say if this is relevant for purposes of 1129(a)(7),

11   these would be the claims that would survive in a

12   liquidation.

13           MR. HUEBNER:  Perfect.

14           THE COURT:  And you'd balance against that all the

15   costs and disruption that would happen in the liquidation.

16           MR. HUEBNER:  Yeah.  And the good news is, Your

17   Honor, your thoughts always go right into the disclosure

18   statement so that's done.  We will incorporate that one by

19   reference.

20           THE COURT:  Okay.

21           MR. HUEBNER:  So, Your Honor, message received

22   loud and clear.  I mean, ironically, the reason I mentioned

23   it in my brief remarks was to give the Court comfort that we

24   very much listened, it's very much -- there's an entire new

25   section.  You're giving us even further guidance on what to

Page 27

1    make sure is for sure in there.  And, of course, we will

2    heed that guidance and hopefully when you see it, they'll

3    say, well, you know, someone listens to me.

4            So, Your Honor, with that, unless the Court has

5    further questions or comments, I wanted to do just one last

6    thing before giving the virtual podium to Mr. Kaminetzky

7    which is just thank the various objectors who actually

8    worked with us constructively on the not simple set of

9    procedures to come up with yet another uncontested motion

10   and another uncontested hearing.

11           This is not a simple case, as everybody knows.

12   But, you know, many people continued to be professional,

13   courteous, and thoughtful, which obviously, you know,

14   enabled us to keep moving down the field hopefully for the

15   common good.

16           So, Mr. Kaminetzky, if I can ask you to go off

17   mute and I will happily go on mute and we'll proceed to the

18   first action item on the agenda.

19           THE COURT:  Okay, thank you.

20           MR. KAMINETZKY:  Good morning, Your Honor.

21   Benjamin Kaminetzky from Davis Polk for Purdue and the

22   related Debtors.  Your Honor, can you hear me okay?

23           THE COURT:  Yeah, I can hear you fine; thanks.

24           MR. KAMINETZKY:  Okay.  Your Honor, we

25   respectfully request that the Court enter the proposed

Page 28

1    protocols order, as we call it, to establish the discovery

2    and litigation schedule that will proceed the confirmation

3    hearing which is scheduled to begin on August 9th.   The

4    protocols order does two things.

5            Number one, it establishes the discovery and

6    pretrial schedule for the confirmation hearing and, number

7    two, it establishes protocols designed to ensure efficient

8    pre-hearing discovery.   The protocols order is a companion

9    to the disclosure statement motion which asked the Court to

10   authorize solicitation of the plan and established deadlines

11   related to the solicitation.

12           But the Debtors are proceeding today and ask that

13   the schedule requested in the protocols order by approved

14   today in advance of the now May 20th disclosure statement

15   hearing.   And we're asking you to do that today for three

16   main reasons: Number one, to give all parties as much notice

17   as possible and as much lead time in advance of the August

18   9th confirmation hearing.   Number two, we'd like to launch

19   the document reserved for confirmation today so that any

20   party in interest that has executed the protective order can

21   begin confirmation discovery today and not have to wait

22   until after May 20th.   And, three, because as Mr. Huebner

23   said, we're very proud to say that the protocols order is

24   now fully consensual as we have resolved the three

25   objections that came in on this motion.

1          Before I explain each of these points a bit more,

2     I do want to reiterate that, again, this is dully consensual

3     as three objections were filed to the protocols motion, a

4     stand-alone objection by the group of distributors,

5     manufacturers, and pharmacies, which we call the

6     distributors.  There was one paragraph of the school

7     district's objection to the disclosure statement that

8     addressed the protocols motion.  And then there was a few

9     sentences in the objection filed by the Cherokee Nation to

10    the disclosure statement.

11         Two of those objections, the objections of the

12    distributors and the school district, were resolved before

13    we filed the amended proposed order on Monday.  And the

14    third objection, the Cherokee Nation, was withdrawn

15    yesterday.  So, again, I'm pleased to report that we're here

16    fully consensually.

17         If Your Honor wants, I'll turn back to, again, the

18    reasons why we think it's important for Your Honor to enter

19    this order today.  As we said, the first reason is because

20    approving the confirmation litigation schedule and protocols

21    will give the give the parties maximum time to, you know, to

22    look at -- to understand the time and scope of nature,

23    nature of the pre-hearing, discovery, and litigation.

24         And the goal is, obviously, to ensure that these

25    cases continue progressing as efficiently as possible for

Page 30

1    the confirmation hearing and, ultimately, to the

2    distribution of Debtors' value to ameliorate the opioid

3    crisis.  The Debtors believe it's prudent to have the

4    schedule approved as soon as possible to allow the parties

5    to plan for upcoming fact and expert discovery deadlines and

6    to evaluate the disclosure statement and plan objections

7    against the evidentiary burdens that objectors will need to

8    carry at confirmation.  It's time for people to start, you

9    know, planning this litigation and understanding what they

10   need to do and what it will entail.

11        The second reason, Your Honor, is we would like to

12   just start the discovery process sooner rather than later.

13   To say that the process will start today is actually an

14   extraordinary understatement.  As Your Honor well knows,

15   discovery has been going on since the very beginning of this

16   case and before the beginning of this case and litigation in

17   nearly every conceivable forum in the country.

18        The Debtors intend to open the document reserved

19   for confirmation upon approval of the protocols order and

20   confirmation schedule.  This will give any party that has

21   executed the protective order access to the many millions of

22   pages of discovery produced in pre-petition civil

23   litigation, produced during these cases, and provided as

24   diligence materials in these cases in addition to

25   depositions, transcripts, and exhibits, and the like.

Page 31

1              All of this material will be further supplemented

2      by a growing collection of materials that the Debtors are

3      reviewing and producing to the reserve in connection with

4      confirmation.

5              I'm also happy to report that the Raymond Sackler

6      Family indicated that they, too, intend to voluntary place

7      into the document reserve the material they previously

8      produced.  And we encourage other parties to do so, as well.

9              As a result, document discovery will start with

10     many millions of pages of documents and testimony.

11     Discovery will start with access to a number of deposition

12     transcripts.  We want this process to start today so parties

13     can evaluate that material and begin to assess what, if

14     anything, more they need in document discovery and in

15     deposition testimony in advance of confirmation hearing.

16             Furthermore, the Debtors are not the only party to

17     these cases that will be subject to discovery.  Starting

18     discovery on a schedule-authorized (indiscernible) will

19     facilitate the prompt completion of inter-creditor

20     discovery, if any, which the order notes will be subject to

21     the same schedule.

22             And, finally, which brings me back to the third

23     reason why we're hoping that Your Honor will enter the order

24     today, it's that it's fully consensual.  The Debtors

25     recognize that we've not yet achieved the state level of

Page 32

1    consensus to the disclosure statement motion to be heard

2    next week, but we believe there's no reason to delay entry

3    of a protocols order until entry of this disclosure

4    statement order.

5           Now we do recognize, Your Honor, that the Court

6    may have concerns with entering the protocols order today

7    because certain dates duplicated in our order are dates to

8    be set by the disclosure statement order, which we

9    duplicated here so that the parties in interest could

10   ultimately see the entire schedule in one place.

11          So in light of that, we offer the following

12   solutions.  First, the Debtors propose to amend the

13   reference to the plan supplement deadline.  And that was the

14   only disclosure statement order deadline with which any

15   party has raised concerns.  And to include an additional

16   provision to note that this order will terminate if the

17   disclosure statement order is not entered on May 20th.

18          So, Your Honor, we'll submit a new order where

19   paragraphs 3(b)(2), which addresses the plan supplement

20   filing deadline, will just say the deadline to file the plan

21   supplement shall be the date set forth in the disclosure

22   statement order.  This addresses a concern of the non-

23   consenting state group, and they've agreed to this solution

24   that we just kind of -- we continue to negotiate the plan

25   supplement deadline.  And to the extent we reach agreement

Page 33

1    on that, just for that single date, we'll reserve that for

2    the -- you know, we'll reserve that for the disclosure

3    statement hearing.

4         And we will also add a new paragraph 8 that this

5    order will terminate and cease to have any effect if and

6    only if the disclosure statement order is not approved on or

7    shortly after the hearing on May 20th, 2021.  So, in other

8    words, this order that we're hoping Your Honor will enter

9    will self-destruct if Your Honor doesn't approve the

10   disclosure statement.

11        And to address the dates in the protocols order

12   that will be set by the disclosure statement order, we see

13   at least two different paths.  The first option is for Your

14   Honor to enter the order as revised today and then to enter

15   an amended order following the disclosure statement hearing

16   if any of the disclosure statement order dates were to

17   change.

18        And the second option is for Your Honor to rule on

19   the record today that the motion is granted and then direct

20   all parties to follow the order unless changed on May 20th

21   and then formally enter the order along with the disclosure

22   statement order with all the final dates.

23        I know that may be a little confusing.  What we're

24   trying to do is just make Your Honor comfortable that, you

25   know, that the Court could enter this order today even

Page 34

1    though it's somewhat contingent a schedule on the date set

2    forth in the disclosure order.  But, you know, nevertheless,

3    we do think it's important that this gets entered today so

4    we could get started with discovery, you know, immediately

5    and not have to wait another eight days.

6            I'm happy to go through anything Your Honor wants,

7    if you have any questions about the order, about any of the

8    objections.  But I'll stop here unless instructed otherwise.

9            THE COURT:  Okay.  Well, I -- what you have

10   addressed is basically the concern -- the primary concern I

11   had with this.  Paragraph 3 tried to deal with this by

12   stating, you know: "The dates and deadlines marked with an

13   asterisks are established by this order and then saying the

14   other deadlines provided for in the disclosure statement

15   order" and I put in "in the proposed disclosure statement

16   order reproduced below for ease of reference."  And then I

17   had another sentence that said: "If the Court materially

18   changes any of those date that affect the dates marked with

19   an asterisk, this order is subject to revision or

20   modification in light of that change."

21           I think what you proposed is similar to that.

22           MR. KAMINETZKY:  Yeah.  We tried to solve for the

23   same thing, Your Honor.

24           THE COURT:  All right.

25           MR. KAMINETZKY:  I'm happy to do it any way.

1    We're not trying -- we're trying to make clear what you

2    would -- what we're both trying to make clear that we're not

3    trying to prejudice any, you know, further discussion about

4    the disclosure statement.  And this only makes sense within

5    the context.

6              THE COURT:  Right.  Given that I don't think we

7    need a specific change to the plan supplement filing

8    deadline.  It's one of the deadlines that might change in

9    light of the disclosure statement hearing or what parties

10   agreed to before the disclosure statement hearing.  But so

11   could other things, too.

12             So I think rather than having a specific change, I

13   think the general concept, which is that these are the

14   proposed dates in the disclosure statement order, they're

15   not being approved today.  Just the asterisked dates are

16   being approved.  And even those dates are subject to

17   modification as warranted if there are changes to the other

18   dates is enough.

19             Obviously, the plan supplement --

20             MR. KAMINETZKY:  Okay.

21             THE COURT:  -- deadline is an important issue.

22   You may need to address that more specifically or -- this is

23   a word I hate, but I'll use it -- granularly.  There's

24   certain aspects of the plan supplements that I think need to

25   be provided to people earlier that go to how their claim

Page 36

```
 1    will actually be the process for dealing with their claim in

 2    a trust.

 3              On the other hand, there are other aspects that

 4    one would normally have with a deadline like this that you

 5    would assume would be in a plan supplement such as the name

 6    of the trustee or trustees.  So I'll just leave it at that.

 7              MR. KAMINETZKY:  Okay.

 8              THE COURT:  Again, I want confirmation -- I'm

 9    assuming this is the case, but this is the objectors' time

10    to speak up if in fact their issues haven't been resolved by

11    the proposed order, the proposed order, the revisions to it,

12    that is, that were provided yesterday.

13              MR. FISHER:  Good morning, Your Honor.  This is

14    Eric Fisher from Binder & Schwartz for the Public School

15    District creditors.  If I may be heard very briefly?

16              THE COURT:  Sure.  Good morning.

17              MR. FISHER:  Good morning.  So I'm happy to report

18    that, yes, we have been able to work out our objections, and

19    I do thank Davis Polk for the professionalism and the

20    courtesy.  We're pleased that we were able to work out our

21    objection to these protocols.  Of course, we continue to

22    have very fundamental concerns about the disclosure

23    statement and the plan.  And these protocols have now been

24    amended in ways that will give us some room to explore our

25    objections through discovery.
```

1          And I really just wanted to take advantage of this

2     opportunity since Mr. Huebner made reference to the last

3     attempt at mediation that is coming up that, you know, while

4     we are now poised and looking at litigating our anticipated

5     objections, we are very committed to trying to find a way to

6     resolve those objections short of litigation.

7          We've made a request of all of the mediation

8     parties to see if the Public School District creditors might

9     be able to be included in that mediation process and benefit

10    from Judge Chapman's efforts.  We're hopeful that there will

11    be a way for us to be a part of that process and seek a

12    resolution instead of the litigation of our objections.  And

13    I really -- I don't think there's anything required of the

14    Court at this time, but I just wanted to advise the Court of

15    the status of that request.

16          THE COURT:  All right.  Well, I appreciate your

17    openness to discussing a settlement of it.  This is not --

18    the mediation that Judge Chapman agreed to do at my request

19    is an outgrowth of the phase one mediation.  It's an

20    outgrowth of the phase two mediation.  So, you know, she's

21    very hard-working.  I don't want to put anything more on her

22    plate, though, than what she has.

23          I think that in reading your clients' objection,

24    it appears to me that your clients agree with the overall

25    aspect of the phase one mediation, which is that, quote,

1      clients like yours.  The issue is abatement and not

2      compensation.  And I would just encourage you to speak with

3      the parties who are focused on public-side abatement

4      programs to see whether they're willing to consider

5      including among their abatement initiatives, which are laid

6      out in the (indiscernible) documents, an educational option.

7      I'm not sure what else I can say than that other than,

8      again, I'm not willing to put a phase-one issue on Judge

9      Chapman's plate.

10             MR. FISHER:  Your Honor, and again, I don't want

11     to take up more of the Court's time than is necessary --

12             THE COURT:  Okay.

13             MR. FISHER:  -- on this issue at this time because

14     I realize it's not on the agenda.  But --

15             THE COURT:  Right.

16             MR. FISHER:  -- we participated in phase one, did

17     not resolve our issues.  And our objections include, we

18     think, a pretty fundamental objection to the scope of the

19     anticipated Sackler releases.  And for that reason, we think

20     it could be profitably addressed in this next phase of

21     mediation.  But I'll leave it at that, Your Honor.

22             THE COURT:  Okay.  Very well.

23             All right.  Anyone else who filed an objection --

24             MS. STEEGE:  Your Honor?

25             MR. LIPSON:  Your Honor?

1            THE COURT:  Go ahead.

2            MR. LIPSON:  Your Honor, this is Jonathan Lipson

3    for Peter Jackson, a creditor and party in interest.  Can

4    you hear me, Your Honor?

5            THE COURT:  Yes.

6            MR. LIPSON:  I just had a quick question about

7    your observations about the disclosure statement on the one

8    hand and the protective order that will govern access to the

9    document reserve mentioned by Mr. Huebner and Mr.

10    Kaminetzky.  And that is the following: If the amended

11    disclosure statement references materials that are contained

12    in the document reserves but are also subject to a

13    protective order, will they be unavailable for review or

14    will they be excepted from the protective order so that

15    creditors of any sort can review them without need to sign

16    the protective order?

17            THE COURT:  The protective order covers discovery

18    in connection with litigation, so if you have a desire to

19    pursue discovery in connection with the litigation, then you

20    need to comply with the protective order.

21            MR. LIPSON:  I'm sorry, Your Honor.  Maybe I'm not

22    being clear.  I was asking a question about --

23            THE COURT:  No, you were being clear.  I am not

24    giving some sort of overall ruling on whether privilege

25    issues in a protective order is waived because of a

Page 40

1   reference to a document and a disclosure statement.  If your

2   client wants to pursue his objection to the disclosure -- to

3   the plan, excuse me, by means of taking discovery, then the

4   protective order will govern.  It's two different things,

5   discovery and then use of that discovery in court.  Two

6   different things.  If it's discovery, the protective order

7   governs.

8           MR. LIPSON:  Very good, Your Honor.  Thank you.

9           THE COURT:  Okay.

10          MS. STEEGE:  Your Honor, good morning.  This is

11   Catherine Steege on behalf of McKesson Corporation, and we

12   are part of the signatories to the objections --

13          THE COURT:  Right.  Good morning.

14          MS. STEEGE:  -- to the objections -- good morning

15   -- filed by the distributors.  And, you know, we appreciate

16   the Debtor working with us to resolve our objections to the

17   procedures order.  I speak only to just make it clear that,

18   as stated in the order, the distributors and the pharmacies

19   and the others who have signed on to our objection do oppose

20   any effort to combine a 510(c) subordination hearing with

21   the confirmation hearing.

22          We did not think the procedures were sufficient as

23   set forth in the order to contemplate such a hearing.  And

24   the Debtors did agree that any such request by them would be

25   removed and that all of our rights, including when such a

Page 41

```
 1    hearing should be scheduled are reserved to such later date

 2    if it becomes necessary to bring that to Your Honor and to

 3    schedule such a hearing.

 4              THE COURT:  Right.  All issues with regard to

 5    whether that hearing should be at confirmation or some other

 6    date are --

 7              MR. KAMINETZKY:  Agreed, Your Honor.  This is Ben

 8    Kaminetzky again.  And that's, you know, we're all reserving

 9    rights on that.

10              THE COURT:  Right.  Right.  Although, frankly, I

11    would think that co-defendants would want to have as most

12    money as possible paid to abate the opioid crisis instead of

13    trying to get it to themselves.  But that's for another day.

14              MS. STEEGE:  And, Your Honor, we appreciate your

15    comment.  I think our concern is is that there are

16    provisions of the plan which will come out when we present

17    our disclosure statement objections next week and

18    confirmation objections, if it proceeds that way, that seek

19    to not only eliminate a distribution to distributors and

20    others who are I think important to the ongoing business,

21    but also seek to deny us the ability to fairly present our

22    defenses and other litigation that isn't before the Court.

23              And it's those --

24              THE COURT:  Okay.  That's fine.

25              MS. STEEGE:  -- aspects of the plan
```

Page 42

1    (indiscernible).

2              THE COURT:  What I was reacting to is the notion

3    of somehow preserving a monetary claim.  It seemed to me

4    that that's not something people should want to litigate.

5              Okay.  Anyone else?

6              (No audible response)

7              THE COURT:  All right. Mr. Kaminetzky, I did have,

8    in addition to the key points which we've already addressed,

9    a couple of questions or comments on this if I can go

10   through them with you.

11             MR. KAMINETZKY:  Of course.

12             THE COURT:  The -- I'm working actually off of the

13   clean copy.  On page 5, (v) has a deadline to submit a

14   virtual procedures order.  Obviously, I have a pretty

15   standard form of that order.  And I don't want people to

16   spend a lot of time trying to rewrite it.  It's just a heads

17   up.  It doesn't need to result in any change to the order.

18             In (ix) there, it should be a ten for the start of

19   the confirmation hearing in the morning.

20             MR. KAMINETZKY:  Okay.

21             THE COURT:  I put a question mark by 10, deadline

22   to submit rebuttal witness testimony.  I'm assuming all the

23   lawyers that are going to be participating by putting on

24   witnesses at the confirmation hearing are capable and

25   competent lawyers and won't abuse this.  But I just want to

Page 43

1    state it anyway just so it's clear.

2            This is not a back door to get additional new

3    testimony.  Rebuttal testimony is very limited rebuttal

4    testimony and nothing more.  And I'm not going to let people

5    hold back on their direct testimony and play games by

6    submitting rebuttal witness testimony thereafter that really

7    should have been submitted as direct testimony.

8            On page 7, I just had a question about what was

9    meant in paragraph F.  This is the paragraph dealing with

10   providing privilege log if a producing party withholds or

11   redacts materials on the ground of privilege, et cetera.

12           But when you go down, the second sentence of this

13   says: "To the extent such materials were previously withheld

14   or redacted on the grounds of privilege, et cetera, in

15   connection with production in the MDL or other pre-petition

16   civil litigations or in these Chapter 11 cases, such prior

17   determinations as reflected in designations on the materials

18   themselves or in the relevant privilege logs control" -- and

19   then here's the key phrase I don't understand -- "and are

20   not open to reconsideration."

21           What does that intended to mean?

22           MR. KAMINETZKY:  Your Honor, Ben Kaminetzky.  It's

23   intended to mean life is too short for us to get into, you

24   know, kind of open everything up to renewed privilege

25   fights.  In other words, we --

1          THE COURT:  Well, let me -- but let me just -- let

2    me make sure I understand then.  So it's not just the

3    assertion that means that there won't be a fight over

4    privilege.  You have to have already reached an agreement

5    that you weren't going to fight over it?  Is that what this

6    is meant to cover?  I understand that point.

7          MR. KAMINETZKY:  Yeah.  Suppose, you know, five

8    years ago, six years ago, seven years ago in some litigation

9    in some state somewhere, there was a privilege -- there's a

10   privilege log or documents were withheld as privilege or

11   certain redactions were made on a document.  That controls,

12   and it's not subject now for someone to come in to Judge

13   Drain and say we believe five years ago the producing party

14   overredacted or shouldn't have withheld this from privilege.

15   And let's have a discussion about that.

16          I think the -- as Your Honor is saying, that those

17   privilege issues could, you know, bog down and overwhelm the

18   litigation and the parties in this case.

19          THE COURT:  So really --

20          MR. KAMINETZKY:  And it's not just --

21          THE COURT:  So I think there's probably a missing

22   clause, which is that this was previously asserted and there

23   was no prior determination that the assertion was --

24          MR. KAMINETZKY:  Was wrong.

25          THE COURT:  -- was (indiscernible).

```
 1              MR. KAMINETZKY:  Yes.

 2              THE COURT:  All right.  (Indiscernible).

 3              MR. KAMINETZKY:  I understand.  You're right.

 4    You're right.  Obviously, if the Court -- if someone brought

 5    it to the Court's -- you know, the state court's attention

 6    and the Court ruled otherwise that the privilege assertion

 7    was improper or something was overredacted, that

 8    determination rules, not the initial determination by the

 9    producing party.

10              Yes, that's absolutely -- we didn't mean to be

11    cute in any way.

12              THE COURT:  Okay.  I think --

13              MR. KAMINETZKY:  So we think we need to clarify

14    that.

15              THE COURT:  -- (indiscernible) be clarified.

16              All right.  And then on page 8, "the opposing

17    party can agree to an extension of its opponent's deadline

18    except of the confirmation hearing without court order,"

19    there are certain extensions, though, that would put my

20    clerks and me at too much of a disadvantage.

21              And I think that, therefore, the -- in addition to

22    excluding the confirmation hearing, we need to also exclude

23    the final pretrial conference, which is on August 5th; the

24    deadline to submit the joint exhibit book, joint witness

25    list, and witness declarations, which is number 7 on page 5,
```

Page 46

1    pretrial conference being number 8; and the deadline for

2    witness rebuttal testimony unless the Court agrees

3    otherwise.

4            And then there should be a further proviso that no

5    extension shall result in any pleading to which a deadline

6    hearing applies being filed and provided to chambers later

7    than noon on August 5.  I don't want to be looking at

8    substantive pleadings, you know, the morning of the hearing,

9    for example.

10           MR. KAMINETZKY:  We will make those changes.

11           THE COURT:  And, again, without the Court's

12   consent on all of those provisos.

13           One last point, this isn't really for the order,

14   but I know people want to think about the confirmation

15   hearing.  And I agree with the Debtors and implicitly with

16   everyone else since there are no objections to this that

17   it's good to lay the schedule out now so that people can lay

18   the groundwork for the confirmation hearing and not further

19   delay an outcome one way or the other in the case.

20           So as far as the confirmation hearing itself is

21   concerned, I normally with regard to evidentiary hearings do

22   not take opening statements unless they are just sort of

23   housekeeping opening statements.  I mean not opening

24   statements on the merits.  And I may or may not ask for

25   closing argument, depending on how the trial went.

Page 47

1          So that's just a heads up for all of the parties

2     that will be appearing for the confirmation hearing.  The

3     focus really should be on the evidence and -- as far as the

4     legal arguments are concerned, those will be in the

5     objection and the response.  And if I need further

6     application of the facts to the legal arguments, I may ask

7     for closing arguments but I may not.

8          So I think with those modest changes to the order,

9     the order should be granted.  And I'll ask you to email it

10    to chambers.  You should copy the parties who you normally

11    copy, as well as the objecting parties so that they can make

12    sure that all the changes are consistent with

13    (indiscernible).

14          MR. TROOP:  Your Honor, this is --

15          MR. KAMINETZKY:  We will do so, Your Honor.  I'm

16    sorry.

17          MR. TROOP:  I'm sorry, Your Honor.  This is Andrew

18    Troop for the non-consenting states.  And --

19          THE COURT:  Good morning.

20          MR. TROOP:  Good morning, Your Honor.  And I

21    apologize to both you and Mr. Kaminetzky, but I think I

22    ended up being a little confused by the discussion of the

23    privileged documents, particularly privileged documents that

24    were produced in other litigation and whether and to what

25    extent the ability to challenge those designations

1    continues.

2           Your Honor, and maybe this is what you all landed

3    on, I apologize again if I missed it, but it seems to me

4    that the only way -- the only appropriate way to limit a

5    privilege challenge in a different proceeding would be for

6    there to have been a ruling in that other proceeding that

7    upheld the privileged designation or perhaps if the time to

8    challenge in that other proceeding has (indiscernible).  By

9    waiving --

10          THE COURT:   Right, I agree with that.  And I

11   think that's where we ended up, which is --

12          MR. TROOP:  Okay.

13          THE COURT:  -- we're not going to redo what has

14   already been decided or decided by the lapse of time.  You

15   know -- and I think it's probably Mr. Kaminetzky that's been

16   living with us.  For example, you know, the Debtors over

17   the, you know, every extensive discovery in this case worked

18   out, I think, all the privilege issues with the other

19   parties involved in that discovery.

20          So, you know, we're not going to open that up

21   again.  On the other hand, if -- you know, if there was, for

22   example, a pending objection and then the stay came into

23   effect, you know, to a privilege that was asserted in the

24   MDL, I don't think that inclusively means that objection is

25   by the boards at this point.

1          MR. TROOP:  Thank you, Your Honor.  That makes --

2    that's what I understood it should be.  I wasn't suggesting

3    that we were opening up anything that's happened in this

4    case.  I was particularly concerned about discovery that had

5    been given in other proceedings where there hadn't been a

6    determination.

7          THE COURT:  Right, either a determination or, you

8    know, by the lapse of time it was effectively a

9    determination.

10         MR. TROOP:  Agreed, Your Honor.  Understood.

11         THE COURT:  Okay.

12         MR. TROOP:  Thank you.

13         MR. HURLEY:  Your Honor, it's Mitch Hurley with

14   Akin Gump for the UCC.  Can I also seek clarification with

15   respect to the privilege paragraph?

16         THE COURT:  Sure.

17         MR. HURLEY:  So I just want to confirm, and this

18   is pretty broadly worded, as the Court is aware, there is a

19   pending privilege motion that has not been resolved that --

20         THE COURT:  Right.

21         MR. HURLEY:  -- the UCC brought.

22         THE COURT:  That wouldn't be covered by --

23         MR. HURLEY:  Yep.

24         THE COURT:  -- what we've just been discussing.

25         MR. HURLEY:  Yep.  Okay.  I just want to make

Page 50

1    crystal clear that that's right.  So thank you very much.

2              THE COURT:  Okay.  Anything else --

3              MR. KAMINETZKY:  Your Honor, this --

4              THE COURT:  -- from anyone?

5              MR. KAMINETZKY:  This is Ben Kaminetzky.  I just

6    want to make sure that Your Honor just in terms of this

7    privilege issue, again, something that wasn't judicially

8    determined -- in other words, there was never a challenge in

9    some state action, a pre-petition stayed action, and I think

10   it would be -- just to make it absolutely clear, it would be

11   inappropriate if it wasn't challenged and it wasn't stayed

12   because of the bankruptcy that, you know, like you say the

13   passage of time has put that issue to rest and that one can

14   go through the various productions from years ago and start,

15   you know, challenging privilege logs and --

16             THE COURT:  No.  I think -- again, I think, you

17   know, based -- either -- any determination or any waiver or

18   resolution of an objection based on the passage of time

19   would be controlling.

20             MR. KAMINETZKY:  Okay.  Thank you, Your Honor.

21             THE COURT:  Okay.  All right.  Thanks everyone.

22   So I'll be seeing or hearing you all on the 20th.  I hope

23   more issues are resolved in the meantime.  I do want to

24   publicly thank Judge Chapman for clearing her calendar,

25   including as of this week to work on the mediation that

Page 51

1    she's undertaken.  And I hope the parties use that

2    productively.

3              Thanks everyone.

4              (Whereupon these proceedings were concluded at

5    11:07 AM)

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                          I N D E X

2

3                         RULINGS

4                                              Page        Line

5

6

7   Motion Granted                            47           9

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 53

1                    C E R T I F I C A T I O N

2

3        I, Sonya Ledanski Hyde, certified that the foregoing

4   transcript is a true and accurate record of the proceedings.

5

6   Sonya Ledanski
                                    Digitally signed by Sonya Ledanski Hyde
                                    DN: cn=Sonya Ledanski Hyde, o, ou,
7   Hyde                            email=digital@veritext.com, c=US
                                    Date: 2021.05.14 15:40:36 -04'00'

8   Sonya Ledanski Hyde

9

10

11

12

13

14

15

16

17

18

19

20    Veritext Legal Solutions

21    330 Old Country Road

22    Suite 300

23    Mineola, NY 11501

24

25    Date:  May 14, 2021

[& - alter]                                                                        Page 1

| & | | | |
|---|---|---|---|

**&**

**&** 3:6 6:3,11 7:15 36:14

**1**

**1** 15:13
**10** 42:21
**10017** 6:6,14
**10019** 7:11
**10036** 7:18
**10601** 1:14
**10:08** 1:17
**11** 4:1,1,11,17 5:2 43:16
**1129** 26:10
**11501** 53:23
**11:07** 51:5
**12** 1:16 2:1
**131** 2:13
**14** 53:25
**1719** 6:20
**19-23649** 1:3
**19122** 6:21
**1:00** 15:1

**2**

**2** 32:19
**20** 13:21
**2021** 1:16 2:2 33:7 53:25
**205** 2:16
**20th** 13:11 14:13 14:16,20 15:5 28:14,22 32:17 33:7,20 50:22
**21** 13:15
**215** 2:15
**248** 1:13
**2487** 4:4,13
**2488** 3:13 4:23
**2489** 2:10
**2536** 2:5,10 3:4,18 3:23 4:8 5:9

**2626** 4:9
**2720** 2:17
**2721** 3:10
**2730** 3:14
**2731** 4:14,19 5:4
**2732** 4:20
**2733** 4:24
**2734** 5:4
**2737** 5:5
**2782** 5:10
**2792** 3:19
**2840** 3:25
**2841** 2:2
**299** 2:12

**3**

**3** 32:19 34:11
**30** 15:13
**300** 1:13 53:22
**31** 7:10
**330** 53:21
**353** 7:3
**366** 6:13

**4**

**450** 6:5
**47** 52:7

**5**

**5** 42:13 45:25 46:7
**510** 40:20
**52nd** 7:10
**5th** 45:23

**6**

**60654** 7:4
**6th** 13:14

**7**

**7** 26:10 43:8 45:25

**8**

**8** 33:4 45:16 46:1

**9**

**9** 52:7

**9th** 28:3,18

**a**

**a.m.** 15:1
**abate** 41:12
**abatement** 38:1,3 38:5
**abilities** 16:3
**ability** 41:21 47:25
**able** 36:18,20 37:9
**absence** 17:24
**absent** 17:19
**absolutely** 16:8 45:10 50:10
**abuse** 42:25
**acceptable** 15:18 17:20
**acceptably** 13:17
**access** 24:5 30:21 31:11 39:8
**account** 22:6
**accurate** 53:4
**achieved** 31:25
**action** 27:18 50:9 50:9
**ad** 7:9
**adam** 10:20
**add** 33:4
**adding** 16:2
**addition** 12:4 30:24 42:8 45:21
**additional** 32:15 43:2
**address** 13:4 22:13 33:11 35:22
**addressed** 17:16 23:4 24:24 29:8 34:10 38:20 42:8
**addresses** 32:19 32:22
**addressing** 16:3 18:10

**adequacy** 2:7
**adjournment** 4:6 5:7 13:10,11
**admonition** 26:3
**advance** 14:13 15:16 28:14,17 31:15
**advantage** 37:1
**advise** 37:14
**affect** 34:18
**affiliate** 13:1
**affiliated** 4:2,13 4:18 5:4
**affiliates** 3:9
**afternoon** 16:12
**agenda** 2:1,1 12:19,20 13:2 27:18 38:14
**ago** 23:17 44:8,8,8 44:13 50:14
**agree** 21:19 37:24 40:24 45:17 46:15 48:10
**agreeable** 21:2
**agreed** 16:15 18:23 24:2 25:5 32:23 35:10 37:18 41:7 49:10
**agreeing** 23:22
**agreement** 16:22 19:8 32:25 44:4
**agrees** 46:2
**ahc** 17:11
**ahead** 39:1
**akin** 7:15 49:14
**aleali** 9:12
**alex** 8:3 9:18
**alfano** 10:15
**allegations** 23:5
**allergan** 3:5
**allow** 15:24 30:4
**alter** 20:20

**ameliorate** 30:2
**amend** 32:12
**amended** 2:1 4:11
  4:11,17 5:2 12:18
  13:2 19:6 29:13
  33:15 36:24 39:10
**amerisourceber...**
  3:5
**amount** 18:22
**ana** 9:7
**analysis** 16:11
  19:14,24 20:5,7
  20:18 23:8 24:16
  25:21,25 26:7
**andrew** 7:13
  10:15 47:17
**angela** 8:19
**ann** 11:2
**another's** 18:4
**answer** 17:3 18:7
  18:11 20:14 22:8
**anticipated** 37:4
  38:19
**anyway** 43:1
**apologize** 47:21
  48:3
**appearing** 47:2
**appears** 37:24
**append** 23:22
**appendix** 25:17
**application** 47:6
**applies** 46:6
**appreciate** 37:16
  40:15 41:14
**approach** 18:14
  23:19
**appropriate**
  13:23 16:16 48:4
**approval** 14:3
  30:19
**approve** 2:7 33:9
**approved** 28:13
  30:4 33:6 35:15

  35:16
**approving** 29:20
**argument** 46:25
**arguments** 18:19
  18:21 47:4,6,7
**arik** 11:21
**arrange** 12:13
**artem** 8:22
**asked** 16:14 28:9
**asking** 21:6 24:9
  28:15 39:22
**aspect** 37:25
**aspects** 16:22 17:2
  21:9 35:24 36:3
  41:25
**asserted** 44:22
  48:23
**assertion** 44:3,23
  45:6
**assess** 31:13
**assume** 21:20,22
  36:5
**assuming** 19:7
  20:3 36:9 42:22
**assuredly** 18:11
**asterisk** 34:19
**asterisked** 35:15
**asterisks** 34:13
**attacking** 18:4
**attempt** 15:7 37:3
**attention** 45:5
**attorney** 6:19
**attorneys** 6:4,12
  7:2,9,16
**audible** 42:6
**august** 14:22 28:3
  28:17 45:23 46:7
**aurora** 2:13
**authorize** 2:4
  28:10
**authorized** 12:9
  31:18

**avenue** 6:5,13
**avoidance** 20:24
**aware** 49:18

              **b**

**b** 1:21 32:19
**back** 17:25 20:16
  25:6 26:5 29:17
  31:22 43:2,5
**balance** 24:3
  25:15 26:14
**ball** 9:25
**baltimore** 2:11
**bankruptcy** 1:1
  1:12,23 50:12
**barbara** 11:14
**barker** 11:22
**barry** 3:4 8:9
**based** 50:17,18
**basically** 34:10
**basis** 12:11
**bazian** 3:4 8:9
**began** 16:11
**beginning** 23:14
  30:15,16
**behalf** 2:10 3:5,13
  3:18,24 4:3,9,14
  4:20,23 5:5,10
  13:1 40:11
**believe** 12:16
  13:10,25 14:7,21
  21:25 22:2 23:20
  30:3 32:2 44:13
**ben** 13:6 41:7
  43:22 50:5
**benedict** 8:24
**benefit** 13:8 15:6
  19:24 37:9
**benjamin** 6:9
  27:21
**bennie** 11:12
**best** 16:3
**bickford** 11:11

**binder** 6:11 36:14
**birnbaum** 8:10
**biswas** 9:10
**bit** 14:19 25:21
  29:1
**blain** 11:4
**blend** 26:6
**board** 2:11,11,12
  2:13,14,15 15:23
  17:11
**boards** 48:25
**bog** 44:17
**book** 45:24
**box** 25:8
**brandan** 9:6
**brauner** 10:18
**breach** 20:20
  21:11
**brian** 11:9
**brief** 26:23
**briefly** 36:15
**bring** 41:2
**brings** 31:22
**broad** 6:20
**broadly** 49:18
**brooks** 11:22
**brought** 23:16
  45:4 49:21
**bryant** 7:17
**burdens** 30:7
**business** 41:20
**button** 24:5

              **c**

**c** 6:1 12:1 40:20
  53:1,1
**calendar** 50:24
**calhoun** 8:7
**call** 28:1 29:5
**callen** 9:24
**canada** 3:7
**capable** 42:24
**caremark** 3:6

[carry - contemplate]                                                                 Page 3

**carry** 30:8
**case** 1:3 14:14
  17:12,23 18:14
  20:4,7 24:6 25:9
  26:1,3 27:11
  30:16,16 36:9
  44:18 46:19 48:17
  49:4
**cases** 29:25 30:23
  30:24 31:17 43:16
**catherine** 7:6
  40:11
**cease** 33:5
**certain** 3:9 32:7
  35:24 44:11 45:19
**certainly** 15:20
  17:9 23:15
**certified** 53:3
**cetera** 43:11,14
**challenge** 47:25
  48:5,8 50:8
**challenged** 50:11
**challenging** 50:15
**chambers** 46:6
  47:10
**change** 33:17
  34:20 35:7,8,12
  42:17
**changed** 33:20
**changes** 34:18
  35:17 46:10 47:8
  47:12
**chapman** 15:12
  15:15 37:18 50:24
**chapman's** 37:10
  38:9
**chapter** 4:1,1,11
  4:17 5:2 43:16
**cherokee** 3:14
  4:24 29:9,14
**chicago** 2:12 7:4
**christopher** 8:15

**circumstances**
  13:24
**city** 2:11
**civil** 30:22 43:16
**claim** 21:7 24:18
  35:25 36:1 42:3
**claims** 16:23,25
  17:6,7,9,14,25
  18:4,10,15,23,24
  19:1,10,10,15,16
  19:23,24 21:8,12
  21:17 22:4,16,22
  23:16 26:7,11
**clarification**
  49:14
**clarified** 45:15
**clarify** 45:13
**clark** 7:3
**claudia** 10:10
**clause** 44:22
**clean** 42:13
**clear** 13:16 17:21
  18:18 21:5 25:4
  25:23 26:3,4,22
  35:1,2 39:22,23
  40:17 43:1 50:1
  50:10
**clearing** 50:24
**clearly** 12:22
**clerk's** 12:11,12
**clerks** 45:20
**click** 24:5
**client** 12:6 40:2
**clients** 37:23,24
  38:1
**clock** 14:7
**closing** 46:25 47:7
**coleman** 8:11
**collection** 31:2
**collectively** 15:19
**combine** 40:20
**come** 27:9 41:16
  44:12

**comfort** 15:25
  26:23
**comfortable**
  16:18 33:24
**comfortably**
  15:16
**coming** 12:22
  15:23 37:3
**comment** 41:15
**comments** 16:4
  27:5 42:9
**commissioners**
  2:11
**committed** 37:5
**committee** 7:16
  16:11,18 20:19
**common** 27:15
**companion** 28:8
**compensation**
  38:2
**competent** 42:25
**competing** 21:7
**completely** 12:3
  12:14 15:3 23:9
**completion** 31:19
**complex** 19:1
**complicated**
  25:22
**comply** 39:20
**con** 21:9
**conceivable** 30:17
**concept** 35:13
**concern** 32:22
  34:10,10 41:15
**concerned** 23:1
  46:21 47:4 49:4
**concerns** 23:6
  32:6,15 36:22
**concluded** 51:4
**conduct** 19:19
  23:2
**conference** 45:23
  46:1

**confident** 22:16
**confirm** 49:17
**confirmation** 2:5
  2:9 3:3,17,22 4:7
  5:8 14:22 28:2,6
  28:18,19,21 29:20
  30:1,8,19,20 31:4
  31:15 36:8 40:21
  41:5,18 42:19,24
  45:18,22 46:14,18
  46:20 47:2
**confused** 47:22
**confusing** 33:23
**connection** 31:3
  39:18,19 43:15
**consensual** 28:24
  29:2 31:24
**consensually**
  29:16
**consensus** 32:1
**consent** 46:12
**consenting** 7:9
  20:4 21:23 22:14
  23:15 25:10 32:23
  47:18
**consider** 19:17
  25:11 38:4
**consideration**
  14:3 16:19
**considered** 16:11
  17:12
**consistent** 21:15
  25:23 47:12
**consla** 9:5
**constructive** 16:4
  19:20
**constructively**
  27:8
**consumer** 19:19
**contact** 12:12
**contained** 39:11
**contemplate**
  40:23

| | | **d** | 22:5,15 23:25 |
|---|---|---|---|
| **context** 21:10 | 27:25 28:9 32:5 | | 24:11,16 27:22 |
| 35:5 | 33:25 34:9,17,24 | **d** 1:22 3:6 10:9 | 28:12 30:2,3,18 |
| **contingent** 34:1 | 35:6,21 36:8,16 | 12:1 52:1 | 31:2,16,24 32:12 |
| **continue** 14:10 | 37:14,14,16 38:12 | **dade** 2:14 | 40:24 46:15 48:16 |
| 29:25 32:24 36:21 | 38:15,22 39:1,5 | **daily** 12:11 | **decided** 48:14,14 |
| **continued** 27:12 | 39:17,23 40:5,9 | **dan** 9:4 | **declarations** |
| **continues** 48:1 | 40:13 41:4,10,22 | **danielle** 8:8 | 45:25 |
| **contrast** 24:18 | 41:24 42:2,7,12 | **dasaro** 8:12 | **defendants** 41:11 |
| **control** 43:18 | 42:21 44:1,19,21 | **date** 13:12 32:21 | **defenses** 19:11 |
| **controlling** 50:19 | 44:25 45:2,4,6,12 | 33:1 34:1,18 41:1 | 22:3 41:22 |
| **controls** 44:11 | 45:15,18 46:2,11 | 41:6 53:25 | **delay** 32:2 46:19 |
| **controversies** | 47:19 48:10,13 | **dates** 15:17 32:7,7 | **delighted** 13:2 |
| 19:2 | 49:7,11,16,18,20 | 33:11,16,22 34:12 | **deny** 41:21 |
| **copy** 12:10 42:13 | 49:22,24 50:2,4 | 34:18 35:14,15,16 | **depending** 46:25 |
| 47:10,11 | 50:16,21 | 35:18 | **deposition** 31:11 |
| **core** 13:17 16:13 | **court's** 16:9 26:2 | **davis** 6:3 12:25 | 31:15 |
| **corporate** 3:9 | 38:11 45:5,5 | 27:21 36:19 | **depositions** 30:25 |
| **corporation** 3:6,7 | 46:11 | **day** 15:1,25 22:24 | **designation** 48:7 |
| 7:2 40:11 | **courteous** 27:13 | 41:13 | **designations** |
| **cory** 10:4 | **courtesy** 36:20 | **days** 14:2 19:7 | 43:17 47:25 |
| **costs** 26:15 | **cover** 17:1 44:6 | 34:5 | **designed** 28:7 |
| **countable** 14:8 | **covered** 18:20 | **deadline** 32:13,14 | **desire** 39:18 |
| **counterproposals** | 49:22 | 32:20,20,25 35:8 | **destruct** 33:9 |
| 14:24 | **covers** 39:17 | 35:21 36:4 42:13 | **detail** 16:10 |
| **country** 30:17 | **credit** 21:16 | 42:21 45:17,24 | **detailed** 15:11 |
| 53:21 | **creditor** 14:5 | 46:1,5 | **determination** |
| **county** 2:14 | 31:19 39:3 | **deadlines** 28:10 | 44:23 45:8,8 49:6 |
| **couple** 42:9 | **creditors** 6:12 | 30:5 34:12,14 | 49:7,9 50:17 |
| **course** 12:15 | 7:16 18:4 36:15 | 35:8 | **determinations** |
| 13:24 15:25 16:8 | 37:8 39:15 | **deal** 10:22 15:3 | 43:17 |
| 16:21 27:1 36:21 | **criminal** 23:2 | 16:16,18 17:24 | **determined** 50:8 |
| 42:11 | **crisis** 30:3 41:12 | 19:9 24:12 34:11 | **different** 13:20 |
| **court** 1:1,12 12:2 | **critical** 15:2 | **dealing** 36:1 43:9 | 33:13 40:4,6 48:5 |
| 12:7,10,23 13:9 | **critically** 14:21 | **deals** 17:22 | **digit** 14:7 |
| 14:3 15:7,9,19,25 | **crystal** 50:1 | **debtor** 1:9 6:4 | **diligence** 30:24 |
| 16:20,22 18:16 | **currently** 14:6 | 40:16 | **direct** 17:14 18:10 |
| 19:3,17 20:13,15 | 15:8,23 | **debtor's** 25:24 | 18:23 19:10,16,24 |
| 21:3,5,15,22 | **cute** 45:11 | **debtors** 2:4 3:2,17 | 24:17 33:19 43:5 |
| 22:11,13,20,24 | **cvs** 3:6 | 3:21,22 4:3,6,13 | 43:7 |
| 23:12 24:9,11,14 | **cyrus** 9:3 | 4:19 5:4,7 13:1,17 | **directed** 15:12 |
| 24:21 25:2,5,14 | | 13:19,21 15:20 | **disadvantage** |
| 25:19 26:9,14,20 | | 16:24 17:8,10,13 | 45:20 |
| 26:23 27:4,19,23 | | 18:24,24 21:6 | |

[disclosure - extensive]                                                    Page 5

disclosure 2:8
3:12 4:22 13:10
14:2,16 15:24
16:10 18:6 19:6
20:5,13 23:22
24:15 25:17 26:17
28:9,14 29:7,10
30:6 32:1,3,8,14
32:17,21 33:2,6
33:10,12,15,16,21
34:2,14,15 35:4,9
35:10,14 36:22
39:7,11 40:1,2
41:17
discovery 28:1,5,8
28:21 29:23 30:5
30:12,15,22 31:9
31:11,14,17,18,20
34:4 36:25 39:17
39:19 40:3,5,5,6
48:17,19 49:4
discuss 17:5
discussed 21:10
22:7
discusses 19:9,13
discussing 37:17
49:24
discussion 19:5
35:3 44:15 47:22
disruption 26:15
dissemination
14:4
dissenting 15:23
distribution 30:2
41:19
distributions
17:15 18:2
distributors 3:2
29:4,6,12 40:15
40:18 41:19
district 1:2 2:12
2:13,15,16 6:12
29:12 36:15 37:8

district's 29:7
ditech 20:7
dizon 10:1
docket 24:4
document 2:2,10
3:4,13,18,23 4:8
4:13,19,23 5:4,9
17:1 21:24 25:16
28:19 30:18 31:7
31:9,14 39:9,12
40:1 44:11
documents 23:22
31:10 38:6 44:10
47:23,23
doing 20:10
door 43:2
doubt 20:25
drafting 16:12
drafts 14:24
drain 1:22 12:2
44:13
dream 15:22
drop 26:9
drug 3:5
drumbeat 21:15
dully 29:2
duplicated 32:7,9
duty 20:20 21:11
dylan 9:5

e

e 1:21,21 6:1,1
12:1,1 52:1 53:1
earlier 35:25
early 14:25
ease 34:16
easiest 22:8
east 2:13
ecf 2:5,17 3:10,14
3:19,25 4:4,9,14
4:20,24 5:5,10
eckstein 11:5
ecro 1:25

education 2:12,13
2:14,16
educational 38:6
effect 33:5 48:23
effectively 49:8
efficient 28:7
efficiently 29:25
effort 40:20
efforts 37:10
ego 20:20
eight 14:1 34:5
either 25:23 49:7
50:17
eli 4:3,13,19 5:5
eliminate 41:19
ellis 3:13 4:23
else's 19:15 25:17
email 47:9
emails 14:24
emily 9:17
enabled 27:14
encourage 31:8
38:2
ended 47:22 48:11
engaged 15:4
ensure 28:7 29:24
entail 30:10
enter 27:25 29:18
31:23 33:8,14,14
33:21,25
entered 32:17
34:3
entering 32:6
entire 26:24 32:10
entities 7:2 18:1,1
entry 32:2,3
eric 2:10 6:16
11:10 36:14
especially 23:24
establish 28:1
established 28:10
34:13

establishes 28:5,7
establishing 2:5,9
3:3,22 4:7 5:8
estate 17:6 21:12
23:24
estate's 19:23
estates 16:24
et 43:11,14
evaluate 30:6
31:13
evan 8:20
everybody 17:13
27:11
evidence 47:3
evidentiary 30:7
46:21
exactly 24:25
example 20:8 46:9
48:16,22
excepted 39:14
exclude 45:22
excluding 45:22
excuse 40:3
executed 28:20
30:21
exhibit 45:24
exhibits 30:25
expect 13:9
expects 15:16
expert 30:5
explain 22:12
29:1
explaining 16:17
explore 36:24
express 20:24
expressly 13:22
22:4
extend 13:14
extension 45:17
46:5
extensions 45:19
extensive 48:17

[extent - happily]                                                                                      Page 6

**extent**  25:9 32:25
  43:13 47:25
**extraordinary**
  30:14

**f**

**f**  1:21 43:9 53:1
**facilitate**  31:19
**fact**  14:1 17:17
  18:10 30:5 36:10
**factors**  16:10
  20:18,21
**facts**  47:6
**fail**  13:17
**fair**  17:10
**fairly**  41:21
**faith**  14:12
**fallbacks**  15:17
**family**  3:16,19
  19:12,18 31:6
**far**  17:21 46:20
  47:3
**farash**  11:14
**favor**  18:2 21:19
**feel**  25:12
**feld**  7:15
**fellow**  15:9
**fest**  18:3
**fiduciaries**  23:24
**fiduciary**  20:20
  21:11
**field**  27:14
**fight**  44:3,5
**fights**  43:25
**figure**  25:18 26:5
**file**  21:1 26:8
  32:20
**filed**  2:10 3:4,13
  3:18,23 4:3,8,13
  4:19,23 5:4,9 13:5
  13:14 16:1 19:7
  19:12 24:6 29:3,9
  29:13 38:23 40:15
  46:6

**filing**  4:16 5:1
  20:24 32:20 35:7
**filings**  24:3
**final**  16:5,15
  33:22 45:23
**finally**  31:22
**finance**  3:5
**find**  37:5
**fine**  12:23 23:21
  27:23 41:24
**fingers**  14:9
**first**  4:11,17 5:2
  12:6 16:23 17:8
  23:14 27:18 29:19
  32:12 33:13
**fisher**  2:10 6:16
  11:10 36:13,14,17
  38:10,13,16
**five**  44:7,13
**flying**  15:1
**focus**  26:6 47:3
**focused**  20:11
  38:3
**fogelman**  8:5
**follow**  12:19
  33:20
**following**  32:11
  33:15 39:10
**footnote**  26:9
**forefront**  23:17
**foregoing**  53:3
**forget**  16:8 18:9
  18:12
**forgetting**  22:12
**form**  42:15
**formally**  33:21
**forth**  32:21 34:2
  40:23
**forthcoming**
  15:11
**forum**  30:17
**fractional**  2:15

**frank**  9:13
**frankly**  23:24
  24:16 41:10
**fraudulent**  21:11
**frederick**  10:8
**free**  24:5
**full**  13:11 25:7
**fully**  15:3 28:24
  29:16 31:24
**fundamental**  17:3
  36:22 38:18
**further**  3:21
  26:25 27:5 31:1
  35:3 46:4,18 47:5
**furthermore**
  31:16

**g**

**g**  12:1
**games**  43:5
**ganglion**  18:7
**garrity's**  20:7
**general**  35:13
**generally**  18:25
  22:25
**gentin**  8:8
**george**  8:7 11:18
**gerard**  3:18 9:11
**getting**  15:4,10
  17:25 22:2,23
**give**  15:25 20:1
  21:16 26:23 28:16
  29:21,21 30:20
  36:24
**given**  16:15 18:17
  21:14 35:6 49:5
**giving**  17:13
  26:25 27:6 39:24
**go**  18:16 19:6
  20:16 25:6,24
  26:5,17 27:16,17
  34:6 35:25 39:1
  42:9 43:12 50:14

**goal**  29:24
**goes**  16:6 22:14
**going**  23:19 24:12
  24:25 30:15 42:23
  43:4 44:5 48:13
  48:20
**golden**  10:19
**goldstein**  8:13
**good**  12:2 14:11
  26:16 27:15,20
  36:13,16,17 40:8
  40:10,13,14 46:17
  47:19,20
**govern**  39:8 40:4
**governmental**
  18:1
**governs**  40:7
**granted**  33:19
  47:9 52:7
**granularly**  35:23
**gregory**  9:14
**ground**  43:11
**grounds**  43:14
**groundwork**
  46:18
**group**  29:4 32:23
**growing**  31:2
**guess**  17:4 25:1
**guidance**  20:2
  26:25 27:2
**gump**  7:15 49:14

**h**

**h**  11:5
**haberkorn**  10:20
**half**  23:11,14
**hand**  14:9 36:3
  39:8 48:21
**handle**  13:7
**happen**  17:23
  26:15
**happened**  49:3
**happily**  27:17

**happy** 12:19 31:5 34:6,25 36:17
**hard** 13:4 26:1 37:21
**harold** 10:13 11:17
**harrison** 11:19
**hate** 35:23
**hauer** 7:15
**hayden** 8:11
**heads** 42:16 47:1
**hear** 12:23 27:22 27:23 39:4
**heard** 32:1 36:15
**hearing** 2:1,2,4,7 3:1,12,16,21 4:1,6 4:6,11,16,22 5:1,7 5:7 12:4,9,12,14 12:19 13:3 15:10 16:7 17:4 27:10 28:3,6,8,15,18 29:23 30:1 31:15 33:3,7,15 35:9,10 40:20,21,23 41:1 41:3,5 42:19,24 45:18,22 46:6,8 46:15,18,20 47:2 50:22
**hearings** 46:21
**heed** 27:2
**help** 22:15
**henry** 10:21
**herring** 8:19
**high** 2:15,16
**hobbesian** 18:3
**hoc** 7:9
**hold** 14:21 17:22 43:5
**hon** 1:22
**honor** 12:21,24 13:2 16:5,12 17:4 20:12 21:13,21 23:9 25:21 26:17

26:21 27:4,20,22 27:24 29:17,18 30:11,14 31:23 32:5,18 33:8,9,14 33:18,24 34:6,23 36:13 38:10,21,24 38:25 39:2,4,21 40:8,10 41:2,7,14 43:22 44:16 47:14 47:15,17,20 48:2 49:1,10,13 50:3,6 50:20
**hope** 26:4 50:22 51:1
**hopeful** 37:10
**hopefully** 14:3 27:2,14
**hopes** 15:15
**hoping** 31:23 33:8
**housekeeping** 46:23
**howard** 8:17
**huebner** 6:8 12:21 12:24,25 16:21 17:3 20:12,14,16 21:4,13,21 22:8 22:12,23 23:9,13 24:10,13,20,25 25:3,6,15,20 26:13,16,21 28:22 37:2 39:9
**hunter** 11:4
**hurley** 7:20 49:13 49:13,17,21,23,25
**hurtado** 9:7
**hyde** 5:25 53:3,8
**hyperlinking** 25:12

**i**

**idea** 15:7
**ignore** 26:2
**ignoring** 16:9

**il** 7:4
**immediately** 34:4
**implicate** 20:21
**implicitly** 46:15
**importance** 18:17
**important** 14:21 18:18 19:21 20:1 20:6 22:21 25:13 29:18 34:3 35:21 41:20
**improper** 45:7
**inappropriate** 50:11
**incessantly** 14:11
**include** 20:19 32:15 38:17
**included** 37:9
**includes** 18:15 19:22
**including** 18:3 20:4,7 38:5 40:25 50:25
**inclusively** 48:24
**incorporate** 26:18
**indicated** 31:6
**indiscernible** 16:17,18 18:8 21:4 24:10 31:18 38:6 42:1 44:25 45:2,15 47:13 48:8
**individual** 17:25 23:23 26:6
**information** 2:8 18:22 21:24 23:7
**informed** 22:17
**initial** 45:8
**initiatives** 38:5
**injunction** 13:15 13:16
**instance** 17:8
**instructed** 34:8

**intend** 15:20 30:18 31:6
**intended** 43:21,23
**intensely** 14:11 15:3
**inter** 14:5 31:19
**interconnected** 18:8
**interest** 28:20 32:9 39:3
**interrupt** 16:20
**introducing** 12:4
**introduction** 12:18
**invitation** 24:7
**involved** 48:19
**ironically** 26:22
**irving** 11:8
**israel** 11:17
**issue** 14:14 25:25 35:21 38:1,8,13 50:7,13
**issues** 13:18 14:5 14:6,8,15,23 18:8 19:13 36:10 38:17 39:25 41:4 44:17 48:18 50:23
**item** 27:18
**ix** 42:18

**j**

**j** 4:3,13,19 5:5 10:6
**jackson** 6:19 39:3
**jacob** 10:11
**jaffe** 10:21
**james** 8:16 9:19 11:6,13
**jasmine** 9:25
**jeffrey** 10:6 11:20
**jenner** 7:1
**jeremy** 9:16 10:7
**jerry** 10:22

jessica  8:23
jo  10:12
johnson  3:6,7
joint  3:1,1 4:1,11
  4:17 5:2 45:24,24
jonathan  6:23
  39:2
jones  8:20 11:12
joseph  3:24 4:8
  5:9 9:13,14
jr  9:23
judge  1:23 12:2
  15:9,12,15 20:7
  37:10,18 38:8
  44:12 50:24
judicially  50:7
july  15:13
june  15:13
justin  3:13 4:23

**k**

kaminetzky  6:9
  13:6 27:6,16,20
  27:21,24 34:22,25
  35:20 36:7 39:10
  41:7,8 42:7,11,20
  43:22,22 44:7,20
  44:24 45:1,3,13
  46:10 47:15,21
  48:15 50:3,5,5,20
kamppi  8:4
karen  11:8
kathryn  8:24
keep  12:14 25:1
  27:14
kelly  11:7
kenneth  11:5
kesselman  9:15
kevin  11:3
key  42:8 43:19
kind  32:24 43:24
kleinman  9:16
know  17:4,5,7,12
  17:16,19 18:9,16

18:20 19:25 20:16
  20:18,19,21,22,24
  20:25 21:2,14,18
  22:5,21 23:4
  25:16,17,22 27:3
  27:12,13 29:21
  30:9 33:2,23,25
  34:2,4,12 35:3
  37:3,20 40:15
  41:8 43:24 44:7
  44:17 45:5 46:8
  46:14 48:15,16,17
  48:20,21,23 49:8
  50:12,15,17
knows  27:11
  30:14
kuznick  9:17

**l**

l  10:17
l.l.c.  3:6
l.p.  1:7 3:24 4:2,4
  4:9,12,14,18,20
  5:3,5,10
labovitz  10:2
lack  24:23
laid  20:23 38:5
landed  48:2
langley  11:2
language  16:2,3
  16:17
lapse  48:14 49:8
largely  14:5
larger  14:8
launch  28:18
lauren  10:14
law  6:18 19:20
  25:22
lawrence  8:5
lawyer  12:5
lawyers  42:23,25
lay  46:17,17
layout  20:17

lead  19:2 28:17
leave  15:21 36:6
  38:21
leaving  23:3
ledanski  5:25 53:3
  53:8
lees  9:18
legal  47:4,6 53:20
length  17:5
lengthy  19:3
leonard  10:23
letter  13:3
letters  22:22,24
level  31:25
leventhal  11:1
levinson  10:3
lexington  6:5
liabilities  19:18
  23:2
liesemer  11:20
life  43:23
light  20:7 32:11
  34:20 35:9
likewise  15:3
limit  48:4
limited  43:3
linda  11:16
line  52:4
link  24:4
lipson  6:23 38:25
  39:2,2,6,21 40:8
liquidation  20:6
  24:16 25:20,24
  26:7,12,15
list  45:25
listened  26:24
listens  27:3
litigate  42:4
litigating  23:18
  37:4
litigation  18:3
  19:3 23:16 24:18
  24:22 28:2 29:20

29:23 30:9,16,23
  37:6,12 39:18,19
  41:22 44:8,18
  47:24
litigations  43:16
little  24:6 25:21
  33:23 47:22
living  48:16
livy  8:14
llc  3:5
llp  6:3 7:8,15 13:1
log  43:10 44:10
logs  43:18 50:15
long  14:10 15:2
  18:17
look  21:5 25:7
  29:22
looking  37:4 46:7
lose  18:2
lost  13:13
lot  42:16
loud  26:22
louis  10:25
lp  12:3
lucia  9:7

**m**

m  3:13 4:23
maclay  11:3
madison  6:13
main  28:16
manufacturers
  3:2 29:5
mara  11:1
marc  3:24 4:8 5:9
  8:6,25 9:15
mark  9:2 42:21
marked  34:12,18
marshall  6:8
  12:25
mary  9:1 10:12
material  25:9
  31:1,7,13

**materially** 34:17
**materials** 30:24
  31:2 39:11 43:11
  43:13,17
**matter** 1:5
**maura** 10:5
**maximum** 29:21
**mcclammy** 9:19
**mckesson** 3:7 7:2
  40:11
**mdl** 43:15 48:24
**mean** 14:13 26:22
  43:21,23 45:10
  46:23
**means** 14:14 40:3
  44:3 48:24
**meant** 13:24 43:9
  44:6
**measurably** 17:6
**mediation** 15:8,11
  17:22 37:3,7,9,18
  37:19,20,25 38:21
  50:25
**mehri** 9:3
**mention** 16:6
**mentioned** 26:22
  39:9
**merits** 19:9,15,24
  21:8,18 22:1,3
  23:5 24:23 46:24
**message** 26:21
**mezei** 8:14
**miami** 2:14
**michael** 8:13
  10:16
**middle** 23:10
  25:25
**millions** 30:21
  31:10
**mineola** 53:23
**minutes** 13:5
**missed** 48:3

**missing** 44:21
**mitch** 49:13
**mitchell** 7:20
**modest** 47:8
**modification**
  34:20 35:17
**modify** 13:22
**moll** 10:4
**molo** 8:21
**moment** 12:17
**monaghan** 10:5
**monday** 29:13
**monetary** 42:3
**money** 41:12
**montminy** 9:6
**moon** 11:6
**morning** 12:2
  14:25 27:20 36:13
  36:16,17 40:10,13
  40:14 42:19 46:8
  47:19,20
**morning's** 12:19
**motion** 2:4,4,7,8
  3:1,3,22 4:7 5:8
  13:14 27:9 28:9
  28:25 29:3,8 32:1
  33:19 49:19 52:7
**moving** 27:14
**msge** 17:10
**multi** 18:3
**mute** 12:15,17,17
  27:17,17

**n**

**n** 6:1 12:1 52:1
  53:1
**name** 12:5,7,8
  36:5
**natasha** 10:2
**nation** 3:14 4:24
  29:9,14
**nature** 18:21
  29:22,23

**nearly** 30:17
**necessarily** 21:6
**necessary** 14:1,15
  38:11 41:2
**need** 12:12,14,17
  14:12 16:13 21:10
  22:15 23:6,7 26:6
  26:9 30:7,10
  31:14 35:7,22,24
  39:15,20 42:17
  45:13,22 47:5
**needed** 15:14
**needs** 14:19 20:5
  22:7 23:4 24:24
**negotiate** 32:24
**never** 26:2 50:8
**nevertheless** 34:2
**new** 1:2 6:6,14
  7:11,18 14:24
  16:12,14 26:24
  32:18 33:4 43:2
**news** 26:16
**nicholas** 9:20
**nicole** 10:23
**night** 16:1
**non** 7:9 20:4
  21:22 22:14 23:14
  25:10 32:22 47:18
**nonconsenting**
  15:8
**nontrivial** 14:23
**noon** 46:7
**normally** 36:4
  46:21 47:10
**north** 6:20 7:3
**note** 32:16
**notes** 31:20
**notice** 2:1 4:6,16
  5:1,7 28:16
**noting** 18:9
**notion** 42:2
**novelty** 20:22

**nuisance** 19:20
  20:22
**number** 14:8,23
  18:13 24:4 28:5,6
  28:16,18 31:11
  45:25 46:1
**ny** 1:14 6:6,14
  7:11,18 53:23

**o**

**o** 1:21 12:1 53:1
**object** 21:19
**objecting** 47:11
**objection** 2:7,8
  3:1,1,12 4:22 29:4
  29:7,9,14 36:21
  37:23 38:18,23
  40:2,19 47:5
  48:22,24 50:18
**objections** 13:5
  16:1 21:16 28:25
  29:3,11,11 30:6
  34:8 36:18,25
  37:5,6,12 38:17
  40:12,14,16 41:17
  41:18 46:16
**objectors** 21:16
  27:7 30:7 36:9
**observations** 39:7
**obtained** 22:4
**obvious** 16:19
**obviously** 17:7,12
  23:16 26:2 27:13
  29:24 35:19 42:14
  45:4
**offer** 32:11
**office** 12:11,12
**official** 7:16
**okay** 20:15 22:11
  23:12 25:2,5,19
  26:20 27:19,22,24
  34:9 35:20 36:7
  38:12,22 40:9
  41:24 42:5,20

**[okay - possible]**

45:12 48:12 49:11
49:25 50:2,20,21
**old** 53:21
**once** 13:3
**ongoing** 41:20
**open** 13:18 19:2
24:7 30:18 43:20
43:24 48:20
**opening** 46:22,23
46:23 49:3
**openness** 37:17
**opioid** 22:25 30:2
41:12
**opponent's** 45:17
**opportunity** 37:2
**oppose** 40:19
**opposing** 45:16
**option** 33:13,18
38:6
**order** 2:4,9 3:3,17
3:22 4:7 5:8 15:11
28:1,4,8,13,20,23
29:13,19 30:19,21
31:20,23 32:3,4,6
32:7,8,14,16,17
32:18,22 33:5,6,8
33:11,12,14,15,16
33:20,21,22,25
34:2,7,13,15,16
34:19 35:14 36:11
36:11 39:8,13,14
39:16,17,20,25
40:4,6,17,18,23
42:14,15,17 45:18
46:13 47:8,9
**ortiz** 8:23
**outcome** 46:19
**outgrowth** 37:19
37:20
**outset** 18:13
**outside** 21:10
**overall** 37:24
39:24

**overredacted**
44:14 45:7
**overwhelm** 44:17
**owners** 17:8
**o'connor** 11:18
**o'neil** 10:16

**p**

**p** 6:1,1 7:20 10:3
12:1
**pa** 6:21
**page** 42:13 43:8
45:16,25 52:4
**pages** 20:1 30:22
31:10
**paid** 41:12
**papers** 13:14
**paragraph** 29:6
33:4 34:11 43:9,9
49:15
**paragraphs** 32:19
**parameters** 19:9
**park** 7:17
**part** 3:6 17:14
18:12 19:12,13
20:23 37:11 40:12
**participated**
38:16
**participating**
42:23
**particularly**
47:23 49:4
**parties** 13:9,20
14:10,20 15:2,7
15:12 16:13,25
17:11 18:21 19:6
22:5 23:23 24:22
25:9,24 28:16
29:21 30:4 31:8
31:12 32:9 33:20
35:9 37:8 38:3
44:18 47:1,10,11
48:19 51:1

**partner** 13:6
**party** 18:15 21:7
21:8 22:3 24:18
28:20 30:20 31:16
32:15 39:3 43:10
44:13 45:9,17
**passage** 50:13,18
**paterson** 9:1
**path** 14:12 15:4
**paths** 33:13
**paul** 11:15
**pebble** 15:21
**pending** 48:22
49:19
**people** 14:6 17:25
19:21 20:1,3
22:21,24 23:2
24:5 27:12 30:8
35:25 42:4,15
43:4 46:14,17
**people's** 23:6
**perfect** 26:13
**period** 13:11,15
25:7
**person** 15:13
**perspective** 14:15
15:20 19:14,15
**perspectives**
23:23
**peter** 6:19 39:3
**petition** 30:22
43:15 50:9
**peyton** 9:22
**pharma** 1:7 3:24
4:2,3,9,12,14,18
4:20 5:3,5,10 12:3
**pharmaceuticals**
3:7,8
**pharmacies** 3:2
29:5 40:18
**phase** 17:22 37:19
37:20,25 38:8,16
38:20

**philadelphia** 6:21
**phone** 12:14
**phrase** 43:19
**piercing** 20:20
21:11
**pillsbury** 7:8
**pittman** 7:8
**place** 31:6 32:10
**plains** 1:14
**plan** 4:1,1,11,12
4:16,17 5:1,3 14:5
17:15 18:2 21:19
21:20 23:3 28:10
30:5,6 32:13,19
32:20,24 35:7,19
35:24 36:5,23
40:3 41:16,25
**planning** 30:9
**plate** 37:22 38:9
**play** 43:5
**pleading** 19:17
23:21 46:5
**pleadings** 21:1
24:6 46:8
**please** 15:24
**pleased** 29:15
36:20
**plevin** 9:2
**podium** 13:6 27:6
**pods** 14:25
**point** 12:15 16:5
16:20 22:20 25:8
44:6 46:13 48:25
**points** 29:1 42:8
**poised** 37:4
**polk** 6:3 12:25
27:21 36:19
**portion** 13:7
**position** 13:20
**positively** 16:8
**possible** 28:17
29:25 30:4 41:12

possibly  14:8
potential  19:23
    24:17,22 25:23
powerful  17:6
pre  28:8 29:23
    30:22 43:15 50:9
preis  11:21
prejudice  35:3
present  8:1 41:16
    41:21
preserving  42:3
pretrial  28:6
    45:23 46:1
pretty  38:18
    42:14 49:18
prevailing  13:23
previously  31:7
    43:13 44:22
prey  9:20
primarily  18:21
primary  34:10
prior  15:18 43:16
    44:23
private  17:21 18:1
privilege  39:24
    43:10,11,14,18,24
    44:4,9,10,10,14
    44:17 45:6 48:5
    48:18,23 49:15,19
    50:7,15
privileged  47:23
    47:23 48:7
privy  18:22
pro  21:9
probably  16:7
    25:10 44:21 48:15
problem  22:1
procedures  3:17
    27:9 40:17,22
    42:14
proceed  12:22
    14:16 27:17 28:2

proceeding  13:12
    28:12 48:5,6,8
proceedings  49:5
    51:4 53:4
proceeds  41:18
process  30:12,13
    31:12 36:1 37:9
    37:11
produced  30:22
    30:23 31:8 47:24
producing  31:3
    43:10 44:13 45:9
production  12:13
    43:15
productions
    50:14
productively  51:2
professional
    27:12
professionalism
    36:19
professionally
    14:11
profitably  38:20
programs  38:4
progressing  29:25
prompt  31:19
propose  32:12
proposed  16:25
    18:19 27:25 29:13
    34:15,21 35:14
    36:11,11
protection  19:20
protective  28:20
    30:21 39:8,13,14
    39:16,17,20,25
    40:4,6
protocols  2:5 3:4
    3:23 4:8 5:9 28:1
    28:4,7,8,13,23
    29:3,8,20 30:19
    32:3,6 33:11
    36:21,23

proud  28:23
provide  15:11
    24:4
provided  23:7
    30:23 34:14 35:25
    36:12 46:6
provides  12:10
providing  43:10
provision  32:16
provisions  41:16
proviso  46:4
provisos  46:12
prudent  30:3
public  2:14 6:12
    36:14 37:8 38:3
publicly  50:24
purdue  1:7 3:24
    4:2,3,9,12,14,18
    4:20 5:3,5,10 12:3
    13:1 27:21
purposes  26:10
pursuant  4:17 5:2
pursue  39:19 40:2
put  12:8 23:21
    34:15 37:21 38:8
    42:21 45:19 50:13
putting  21:2
    25:16 42:23

q

quarropas  1:13
question  18:9
    39:6,22 42:21
    43:8
questions  27:5
    34:7 42:9
quick  13:8 39:6
quite  17:6 22:17
    22:18
quote  13:16 37:25

r

r  1:21 6:1 12:1
    53:1

race  19:3
raised  16:13
    32:15
rationale  19:1
raymond  3:16,19
    31:5
rdd  1:3
reach  32:25
reached  15:18
    17:22 44:4
reacting  42:2
reading  18:5 26:1
    37:23
ready  14:2
realize  38:14
really  15:21 19:4
    22:25 37:1,13
    43:6 44:19 46:13
    47:3
reason  13:21
    26:22 29:19 30:11
    31:23 32:2 38:19
reasons  16:19
    17:4 28:16 29:18
rebuttal  42:22
    43:3,3,6 46:2
received  16:4
    26:21
recognize  31:25
    32:5
recommended
    15:9
recommending
    22:6
reconsideration
    43:20
record  12:25
    33:19 53:4
recording  12:9
recoveries  25:23
redacted  43:14
redactions  44:11

**redacts** 43:11
**redo** 48:13
**redoubled** 26:5
**reference** 24:3
26:19 32:13 34:16
37:2 40:1
**references** 19:19
39:11
**referencing** 25:11
**reflected** 43:17
**reflects** 13:3
**regard** 19:15 41:4
46:21
**reiterate** 29:2
**relate** 20:18
**related** 2:2,9 3:4
3:12,18,23 4:8,13
4:19,22 5:4,9 7:2
27:22 28:11
**relates** 17:24
**release** 18:15 26:6
**released** 18:11
21:18
**releases** 19:18
21:20 38:19
**relevant** 14:10
15:12 26:10 43:18
**relief** 13:22
**remain** 14:23 15:3
**remaining** 13:18
**remarks** 26:23
**removed** 40:25
**renewed** 43:24
**reorganization**
4:2,12,18 5:3
**report** 13:2 15:6
29:15 31:5 36:17
**reporter** 12:7
**reproduced** 34:16
**request** 16:9
27:25 37:7,15,18
40:24

**requested** 13:23
28:13
**required** 37:13
**reserve** 13:22
15:12,17 31:3,7
33:1,2 39:9
**reserved** 28:19
30:18 41:1
**reserves** 39:12
**reserving** 41:8
**resolution** 15:18
16:23,25 37:12
50:18
**resolvable** 16:2
**resolve** 13:18
14:13 16:1 37:6
38:17 40:16
**resolved** 14:14,17
28:24 29:12 36:10
49:19 50:23
**resolving** 14:12
**resonate** 23:13
**respect** 13:18
14:18 25:20 49:15
**respectfully** 27:25
**response** 42:6
47:5
**rest** 50:13
**result** 31:9 42:17
46:5
**retrospect** 16:7
**review** 39:13,15
**reviewing** 31:3
**revised** 33:14
**revision** 34:19
**revisions** 36:11
**rewrite** 42:16
**rhoda** 10:17
**richard** 10:17
**riders** 24:7
**riffkin** 11:16
**right** 17:4 24:3
25:13 26:17 34:24

35:6 37:16 38:15
38:23 40:13 41:4
41:10,10 42:7
45:2,3,4,16 48:10
49:7,20 50:1,21
**rights** 13:22 40:25
41:9
**risks** 24:17
**road** 53:21
**robert** 1:22
**robertson** 8:15
**roldan** 9:21
**romero** 8:3
**ronnie** 9:8
**room** 1:13 36:24
**rosen** 10:6
**roxana** 9:12
**rule** 33:18
**ruled** 45:6
**rules** 45:8
**ruling** 39:24 48:6
**rulings** 52:3
**russell** 9:9
**ryan** 10:7,9

**s**

**s** 2:2,10 3:4,13,18
3:23 4:8,13,19,23
5:4,9 6:1 12:1
**sackler** 3:16,19
14:18 19:12,18
31:5 38:19
**sacklers** 16:16,23
17:7,19,20 19:8
19:10,11,14,16
20:23 22:3 23:18
23:20 24:1 25:10
**salwen** 8:16
**sara** 10:18
**saw** 20:23 21:1
**saying** 16:6 22:14
25:3,4,15 34:13
44:16

**says** 19:17 43:13
**schedule** 2:5,9 3:3
3:23 4:7 5:8 14:22
28:2,6,13 29:20
30:4,20 31:18,21
32:10 34:1 41:3
46:17
**scheduled** 28:3
41:1
**schedules** 14:25
**schmidt** 10:8
**school** 2:11,12,13
2:15,16 6:12,18
17:18 29:6,12
36:14 37:8
**schools** 2:14
**schwartz** 6:11
36:14
**schwartzberg**
11:15
**scope** 29:22 38:18
**scott** 11:11
**second** 5:1 16:24
30:11 33:18 43:12
**section** 16:12,14
17:17 26:25
**sections** 14:24
**see** 14:12 15:4
16:14 17:17,17
23:8 27:2 32:10
33:12 37:8 38:4
**seeing** 50:22
**seek** 19:18 37:11
41:18,21 49:14
**seen** 16:14
**self** 33:9
**send** 24:7
**sense** 23:15 35:4
**sentence** 23:10,14
34:17 43:12
**sentences** 29:9
**seriousness** 14:20

[services - survive]                                                          Page 13

services  3:6
set  27:8 32:8,21
    33:12 34:1 40:23
setti  9:9
settle  18:23
settled  19:2
settlement  13:19
    14:18 17:14,19,20
    18:19,24 19:22,22
    19:23 21:9 22:6
    24:18 37:17
settling  19:1
seven  44:8
shared  19:5
shareholders
    13:19
shaw  7:8
sheila  8:10
short  21:25 22:2
    37:6 43:23
shortly  33:7
side  15:2 17:22
    19:12 23:20 38:3
side's  20:23
sidney  10:3
sign  39:15
signatories  40:12
signed  40:19
similar  34:21
similarly  22:1
simple  27:8,11
simply  22:9
single  14:7 19:25
    33:1
six  44:8
skapof  8:6
skorostensky  8:22
slaugh  10:9
solicitation  28:10
    28:11
solution  32:23
solutions  12:10
    32:12 53:20

solve  34:22
soma  9:10
somewhat  34:1
sonya  5:25 53:3,8
soon  30:4
sooner  30:12
sophisticated
    18:21 20:3 22:18
sorry  39:21 47:16
    47:17
sort  17:6,18 18:3
    18:7 25:11 39:15
    39:24 46:22
southern  1:2
spaced  20:1
speak  12:6,7
    36:10 38:2 40:17
speaking  12:15
    18:25
special  16:11,17
    20:19
specific  35:7,12
specifically  16:5
    35:22
spend  17:9 42:16
springer  10:10
stacy  8:12
stahl  10:11
stake  13:17
stakeholders
    13:17 18:14
stand  29:4
standard  42:15
start  14:25 30:8
    30:12,13 31:9,11
    31:12 42:18 50:14
started  34:4
starting  31:17
state  12:6 21:7
    22:4 24:17 31:25
    32:23 43:1 44:9
    45:5 50:9

stated  40:18
statement  2:8
    3:12,16,21,21
    4:16,22 5:1 13:10
    14:2,16 15:24
    16:10 18:6 19:6
    20:13 24:15 25:17
    26:18 28:9,14
    29:7,10 30:6 32:1
    32:4,8,14,17,22
    33:3,6,10,12,15
    33:16,22 34:14,15
    35:4,9,10,14
    36:23 39:7,11
    40:1 41:17
statements  46:22
    46:23,24
states  1:1,12 7:9
    15:8,23 20:4
    21:23 22:14 23:15
    25:11 47:18
stating  34:12
status  37:15
stay  48:22
stayed  50:9,11
steege  7:6 38:24
    40:10,11,14 41:14
    41:25
steel  8:17
steinard  11:13
steven  8:21
stock  8:8
stoll  9:8
stone  15:21
stop  13:11 25:8
    34:7
strauss  7:15
street  1:13 6:20
    7:3,10
strength  22:16
strong  23:15
strongly  13:9,25

subject  31:17,20
    34:19 35:16 39:12
    44:12
submit  32:18
    42:13,22 45:24
submitted  43:7
submitting  43:6
subordination
    40:20
subsidiaries  3:9
substantive  46:8
suffered  22:25
suffice  20:17
sufficient  23:7
    40:22
suggesting  15:19
    49:2
suggestion  16:9
suggestions  16:4
suite  53:22
summary  21:25
    22:2
summit  15:13
sun  3:7
supplement  4:16
    5:2 32:13,19,21
    32:25 35:7,19
    36:5
supplemented
    31:1
supplements
    35:24
support  3:17,21
    18:24
supportive  18:14
suppose  44:7
sure  13:13 19:4
    20:10 21:17 27:1
    27:1 36:16 38:7
    44:2 47:12 49:16
    50:6
survive  26:11

susan 10:19
synthesize 24:23

**t**

t 53:1,1
take 24:21 37:1
38:11 46:22
taken 12:10 22:5
23:20
tales 17:18
taylor 11:19
telephonic 12:4
12:14
telephonically 6:8
6:9,16,23 7:6,13
7:20 8:1
telling 20:9
temple 6:18
ten 42:18
terminate 32:16
33:5
terms 50:6
terrific 12:21
testa 10:25
testimony 31:10
31:15 42:22 43:3
43:3,4,5,6,7 46:2
teva 3:8
thank 12:21,24
15:19 27:7,19
36:19 40:8 49:1
49:12 50:1,20,24
thanks 27:23
50:21 51:3
theodore 8:16
9:23 10:24
theories 20:22
thereof 24:23
thereto 15:18
thing 22:13 26:3
27:6 34:23
things 14:12
20:19,21 28:4
35:11 40:4,6

think 14:19 15:19
16:7 17:5,10,18
18:17 19:21 20:1
20:5,6,16 21:10
22:7,21 23:4,6,10
23:25 24:2,11,14
24:15,16,24 26:3
29:18 34:3,21
35:6,12,13,24
37:13,23 38:18,19
40:22 41:11,15,20
44:16,21 45:12,13
45:21 46:14 47:8
47:21 48:11,15,18
48:24 50:9,16,16
thinking 18:12
26:1
third 16:25 18:15
21:7,8 22:3 24:18
25:24 29:14 31:22
thornton 2:15,16
thought 21:23
thoughtful 27:13
thoughts 26:2,17
three 28:15,22,24
29:3
time 12:6 17:9
28:17 29:21,22
30:8 36:9 37:14
38:11,13 42:16
48:7,14 49:8
50:13,18
timing 18:17
toback 8:25
tobak 3:24 4:9
5:10
today 13:21 28:12
28:14,15,19,21
29:19 30:13 31:12
31:24 32:6 33:14
33:19,25 34:3
35:15

today's 13:3
told 24:22
township 2:15,16
transcribed 5:25
transcript 12:11
53:4
transcripts 30:25
31:12
transfer 21:12
trial 46:25
tried 34:11,22
troop 7:13 47:14
47:17,18,20 48:12
49:1,10,12
true 22:19 53:4
trust 36:2
trustee 36:6
trustees 36:6
try 15:21
trying 33:24 35:1
35:1,2,3 37:5
41:13 42:16
tsai 11:7
turn 13:6 29:17
tweaking 16:2
two 16:22 28:4,7
28:18 29:11 33:13
37:20 40:4,5
type 19:3
tzerina 10:1

**u**

u.s. 1:23
ucc 17:10 49:14
49:21
ultimate 19:8
ultimately 30:1
32:10
unavailable 39:13
uncontested 13:4
27:9,10
underlying 21:8
understand 14:20
18:19,20,25 19:4

29:22 43:19 44:2
44:6 45:3
understanding
15:15 30:9
understatement
30:14
understood 21:21
49:2,10
undertaken 51:1
underway 15:10
united 1:1,12
unknown 1:25
unlawful 19:19
unmute 12:16
unresolved 23:4
unsecured 7:16
unturned 15:21
upcoming 30:5
update 13:8
upheld 48:7
usa 3:8
use 35:23 40:5
51:1
uzzi 3:18 9:11

**v**

v 42:13
value 30:2
various 27:7
50:14
vast 18:13,22
19:17 23:2
veil 20:19 21:11
veritext 53:20
vickey 9:24
victoria 8:4
view 20:24 22:17
24:1,7
views 21:7 22:15
22:17 23:23,24,25
24:17 25:9,12,16
vincent 9:21
vines 9:22

| | | |
|---|---|---|
| **virtual** 27:6 42:14 | **weeks** 15:23 | **y** |
| **virtually** 14:2 | **weintraub** 8:18 | **yeah** 20:12,14 |
| **vitagliano** 11:9 | **weird** 23:25 | 21:13,22 22:8 |
| **voice** 12:8 20:25 | **welcome** 21:1 | 24:20 26:16 27:23 |
| **voluntary** 31:6 | **wells** 9:23 | 34:22 44:7 |
| **vonnegut** 4:3,14 | **went** 46:25 | **year** 18:3 |
| 4:20 5:5 | **wessel** 9:4 | **years** 23:17 44:8,8 |
| **vote** 21:19 | **west** 7:10 | 44:8,13 50:14 |
| **voting** 19:22 | **white** 1:14 10:12 | **yep** 49:23,25 |
| **w** | **william** 8:18 | **yesterday** 29:15 |
| **wagner** 8:3 | **williford** 10:13 | 36:12 |
| **wait** 28:21 34:5 | **willing** 25:11 38:4 | **york** 1:2 6:6,14 |
| **waived** 39:25 | 38:8 | 7:11,18 |
| **waiver** 50:17 | **wilson** 10:24 | **z** |
| **waiving** 48:9 | **winthrop** 7:8 | **z** 3:4 |
| **walgreen** 3:8 | **wiser** 22:9 | **zabel** 10:14 |
| **walmart** 3:9 | **withdrawn** 29:14 | |
| **want** 12:11 18:16 | **withheld** 43:13 | |
| 19:4 20:10 21:1,5 | 44:10,14 | |
| 21:24 22:13 23:1 | **withholds** 43:10 | |
| 24:21 29:2 31:12 | **witness** 42:22 | |
| 36:8 37:21 38:10 | 43:6 45:24,25 | |
| 41:11 42:4,15,25 | 46:2 | |
| 46:7,14 49:17,25 | **witnesses** 42:24 | |
| 50:6,23 | **word** 35:23 | |
| **wanted** 27:5 37:1 | **worded** 49:18 | |
| 37:14 | **words** 25:3 33:8 | |
| **wants** 29:17 34:6 | 43:25 50:8 | |
| 40:2 | **work** 14:11 36:18 | |
| **wardwell** 6:3 | 36:20 50:25 | |
| 12:25 | **worked** 13:4 27:8 | |
| **warranted** 35:17 | 48:17 | |
| **way** 24:12 34:25 | **working** 14:6 | |
| 37:5,11 41:18 | 15:25 17:1 37:21 | |
| 45:11 46:19 48:4 | 40:16 42:12 | |
| 48:4 | **world** 15:22 24:1 | |
| **ways** 23:17 36:24 | 24:8 | |
| **we've** 31:25 37:7 | **wrong** 44:24 | |
| 42:8 49:24 | **x** | |
| **weary** 24:6 | **x** 1:4,10 52:1 | |
| **website** 24:4 | | |
| **week** 32:2 41:17 | | |
| 50:25 | | |