DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Eli J. Vonnegut
James I. McClammy
Darren S. Klein
Christopher S. Robertson

*Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.,** *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

**DEBTORS' REPLY TO JOINT OBJECTION OF DISTRIBUTORS,
MANUFACTURERS AND PHARMACIES TO DEBTORS' MOTION FOR AN ORDER
APPROVING DISCLOSURE STATEMENT**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

Purdue Pharma L.P. ("**PPLP**") and its affiliated debtors in the above-captioned chapter 11 cases (the "**Cases**"), as debtors and debtors in possession (collectively, the "**Debtors**"), hereby submit this reply (this "**Reply**") in support of the *Debtors' Motion to Approve (I) the Adequacy of Information in the Disclosure Statement, (II) Solicitation and Voting Procedures, (III) Forms of Ballots, Notices and Notice Procedures In Connection Therewith, and (IV) Certain Dates With Respect Thereto* [Dkt. No. 2489] (the "**Motion**") and in response to the *Joint Objection of Distributors, Manufacturers and Pharmacies to Debtors' Motion for an Order Approving Disclosure Statement* [Dkt. No. 2719] (the "**DMP Objection**") filed by certain distributors, manufacturers and pharmacies listed therein (the "**DMPs**") and to the *Supplement to Johnson & Johnson and Related Entities Joinder to Distributors', Manufacturers' and Pharmacies' Joint Objection to Debtors' Motion for an Order Approving Disclosure Statement* [Dkt. No. 2722] (the "**J&J Supplement**").[2]  The Debtors respectfully state as follows:

**The DMP Objection to the Disclosure Statement Has Been Consensually Resolved**

1.  Since filing their initial plan on March 15, 2021, the Debtors have remained hard at work with many parties to resolve issues and progress these Cases toward confirmation of a broadly-supported Plan[3] as expeditiously as possible.  The Debtors have filed multiple Plan amendments, each representing further progress toward the goal of dedicating the overwhelming

---

[2] The Debtors have addressed the other objections to the Motion and objections to the *Debtors' Motion for Order Establishing Confirmation Schedule and Protocols* [Dkt. No. 2536] in a separate omnibus reply filed on May 24, 2021 [Dkt. No. 2910].

[3] Except where otherwise indicated, capitalized terms used but not defined in this Reply have the meanings ascribed to them in the Motion or the Plan, as applicable.  Except where otherwise indicated, references to the "Plan" refer to the Third Amended Plan filed on May 24, 2021 [Dkt. No. 2904], as the same may be amended, supplemented or otherwise modified from time to time.

1

majority of the Debtors' assets to combat and abate the opioid crisis and to support individuals and communities affected by it.

2. Treatment of Co-Defendant Claims[4] was one such open issue when the Debtors filed the initial Plan. The proposed Co-Defendant Claims treatment section was therefore bracketed and included the following footnote:

> "The treatment of Co-Defendant Claims, including the treatment of any Estate Causes of Action against Holders of Co-Defendant Claims and other matters, remains subject to adjustment based on the outcome of ongoing discussions and negotiations among the Debtors, the Ad Hoc Committee and the Holders of Co-Defendant Claims; *provided* that the treatment of Co-Defendant Claims, including the treatment of any Estate Causes of Action against Holders of Co-Defendant Claims shall be subject to the consent of the Ad Hoc Committee and the MSGE Group."

Plan § 4.15, fn. 4 (March 15, 2021).

3. The Debtors and the DMPs have reached agreement on various amendments to the Plan and the Plan's disclosure statement (the "**Disclosure Statement**")[5] to resolve the DMP Objection to the Disclosure Statement. The DMPs agree that the DMP Objection is resolved, and defer and reserve all objections with respect to confirmation of the Plan.

4. The relevant revisions to the Plan and Disclosure Statement are highlighted below. First, the Plan includes a new Section 8.4(c), which provides that, to the extent a DMP objects to the amendment and assumption of its contract in accordance with Section 8.4(a) of the Plan, such contract shall be deemed to be rejected. *See* Plan § 8.4(c). In addition, a new Section 8.4(d) will provide that, "[e]xcept to the extent that the Holder of a Co-Defendant Claim

---

[4] Claims held by the DMPs are "Co-Defendant Claims" as defined in the Plan.

[5] References to the "Disclosure Statement" refer to the Third Amended Disclosure Statement filed on May 24, 2021 [Dkt. No. 2907], as the same may be amended, supplemented or otherwise modified from time to time.

otherwise agrees or fails to object to such treatment, the assumption or rejection of a contract or lease with the Holder of a Co-Defendant Claim shall not operate as a release, waiver, or discharge of any Co-Defendant Defensive Rights or Co-Defendant Claims." Plan § 8.4(d).[6] The Plan as amended thus does not purport to amend any executory contracts without counterparty consent and fully complies with section 365 of the Bankruptcy Code.

5. The Debtors agreed to include the following additional clarifying provisions with respect to the Co-Defendant Defensive Rights:

> i. Section 10.2 of the Plan will be amended to provide that "[t]he Co-Defendant Defensive Rights shall not be waived, released, altered, impaired, or discharged and all Co-Defendant Defensive Rights are preserved as provided in Section 10.18 of the Plan"; and

---

[6] The definition of "Co-Defendant Defensive Rights" under the Plan will be amended to provide: "[A]ny and all direct, or indirect, rights, remedies, protections, immunities, objections, defenses, assertions, Claims, Causes of Action, and, in each case, of any kind, character, or nature, whether legal, equitable, or contractual, contingent or non-contingent, liquidated or unliquidated, disputed or undisputed, including, without limitation, all rights, remedies, defenses, assertions, and Claims against liability, rights to setoff, offset, recoupment, counter-claims, cross-claims, rights to allocation or apportionment of fault and judgment reduction, apportionment of damages, any other defenses, affirmative defenses, or judgment reduction mechanisms or rights similar to the foregoing, and any steps necessary to assert the foregoing, in each case, solely to reduce the liability, judgment, obligation, or fault of the applicable Holder of a Co-Defendant Claim to any Debtor, any Creditor Trust, the Master Distribution Trust, the Plan Administration Trust, or any other trust established under the Plan, TopCo, NewCo, any Holder of a Claim against any Debtor, or any other Person that asserts any Claim against the Holder of any Co-Defendant Claim based in whole or in part on Opioid-Related Activities. For the avoidance of doubt, and without limiting any of the foregoing, Co-Defendant Defensive Rights shall in no case be used by the Holder of a Co-Defendant Claim to seek an affirmative monetary recovery from any Debtor, TopCo, NewCo, any Creditor Trust, the Master Distribution Trust, the Plan Administration Trust, or any other trust established under the Plan on account of any pre-petition Claims or Causes of Action other than in accordance with this Plan or further order of the Court; provided, however, such Co-Defendant Defensive Rights may be used to offset, set-off, recoup, or otherwise defend against any Cause of Action brought by any Debtor, TopCo, NewCo, any Creditor Trust, the Master Distribution Trust, the Plan Administration Trust, any other trust established under the Plan, any Holder of a Claim against any Debtor, or any other Person that asserts any Claim against the Holder of any Co-Defendant Claim based in whole or in part on Opioid-Related Activities."

3

      ii.    A new Section 10.18 will be added that provides as follows: "Notwithstanding anything to the contrary in this Article X or in the Plan as it currently exists or as it might be further amended, the Confirmation Order or any order entered in connection with the Plan (or the Plan as amended) (or any such order, as amended, modified or supplemented), or any supplement to the Plan or the Plan as amended), nothing contained in the Plan or any of the foregoing documents or orders (including without limitation, the classification, treatment, allowance, disallowance, release, bar, injunction, Channeling Injunction or any other provision of the Plan or the Plan as amended with respect to, impacting, affecting, modifying, limiting, subordinating, impairing, in any respect, a Co-Defendant Claim), will release, bar, enjoin, impair, alter, modify, amend, limit, prohibit, restrict, reduce, improve, or enhance any Co-Defendant Defensive Rights of any Co-Defendant as such rights exist or might in the future exist under applicable non-bankruptcy law. Nothing in the Plan, any of the Plan Documents, or in the Confirmation Order shall preclude, operate to, or have the effect of, impairing any Holder of a Co-Defendant Claim from asserting in any proceeding any and all Co-Defendant Defensive Rights that it has or may have under applicable law. Nothing in the Plan, any of the Plan Documents, or the Confirmation Order shall be deemed to waive any Co-Defendant Defensive Rights, and nothing in the Chapter 11 Cases, the Plan, any of the Plan Documents, or the Confirmation Order may be used as evidence of any determination regarding any Co-Defendant Defensive Rights, and under no circumstances shall any Person or Entity be permitted to assert issue preclusion or claim preclusion, waiver, estoppel, or consent in response to the assertion of an Co-Defendant Defensive Rights. This Section 10.18 shall be included in the Confirmation Order. For the avoidance of doubt, and without limiting any of the foregoing, Co-Defendant Defensive Rights shall in no case be used by the Holder of a Co-Defendant Claim to seek an affirmative monetary recovery from any Debtor, TopCo, NewCo, any Creditor Trust, the Master Distribution Trust, the Plan Administration Trust, or any other trust established under the Plan on account of any pre-petition Claims or Causes of Action other than in accordance with this Plan or further order of the Court; provided, however, such Co-Defendant Defensive Rights may be used to offset, set-off, recoup, or otherwise defend against any Cause of Action brought by any Debtor, TopCo, NewCo, any Creditor Trust, the Master Distribution Trust, the Plan Administration Trust, any other trust established under the Plan, any Holder of a Claim against any Debtor, or any other Person that asserts any Claim against the Holder of any Co-Defendant Claim based in whole or in part on Opioid-Related Activities";

6.    The Debtors have agreed to include a new footnote in Section 4.16 of the Plan that provides as follows: "Any effort or request to reduce, disallow, estimate or subordinate any

Co-Defendant Claim must be initiated by filing a separate objection or motion and comply with Paragraph 5 of the *Amended Order Granting Debtors' Motion for Order Establishing Confirmation Schedule and Protocols* [D.I. 2894]." (Plan § 4.16, fn. 6).

7. The definition of "Co-Defendant Claim" will be amended to provide as follows: "For the avoidance of doubt, a Co-Defendant Claim shall not include any Claim held by a Co-Defendant that exists in the ordinary course of business that is not related to actual or pending litigation or dispute relating to Opioid Related Activities, including, but not limited to, Claims based on the returns of Products."

8. In addition, the Debtors have added a risk factor to the Disclosure Statement that addresses the risks in the event that NewCo is unable to establish ongoing business relationships with certain co-defendants. (Disclosure Stmt. § VIII.B.8.)

[Remainder of page intentionally left blank.]

WHEREFORE, the Debtors respectfully request that the Court enter the Order granting the relief requested in the Motion and such other relief as the Court deems appropriate under the circumstances.

Dated:   May 25, 2021
           New York, New York

                              DAVIS POLK & WARDWELL LLP

                              By:   */s/ Eli J. Vonnegut*

                              450 Lexington Avenue
                              New York, New York 10017
                              Telephone: (212) 450-4000
                              Facsimile:  (212) 701-5800
                              Marshall S. Huebner
                              Benjamin S. Kaminetzky
                              Eli J. Vonnegut
                              James I. McClammy
                              Darren S. Klein
                              Christopher S. Robertson

                              *Counsel to the Debtors*
                              *and Debtors in Possession*