Eisenberg & Baum, LLP
Michael S. Quinn
24 Union Square East, PH
New York, New York 10003
(212) 353-8700
*Counsel to the Ad Hoc Committee on Accountability*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In Re: | Chapter 11 |
| PURDUE PHARMA L.P., *et al.* [1] | Case No. 19-23649 (RDD) |
| Debtors. | (Jointly Administered) |

**OBJECTION OF THE AD HOC COMMITTEE ON ACCOUNTABILITY TO DISCLOSURE STATEMENT FOR FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION OF PURDUE PHARMA L.P. AND ITS AFFILIATED DEBTORS**

To the Honorable Robert D. Drain, United States Bankruptcy Judge:

**Introduction**

The Ad Hoc Committee on Accountability, by and through its undersigned counsel, hereby submits this supplemental objection to the Disclosure Statement and Amended Disclosure Statements for Chapter 11 Plan of Purdue Pharma, L.P., et al., ECF Nos. 2488, 2734, 2907 & 2937. In support thereof, the Committee on Accountability states the following:

---

[1] The debtors in these chapter 11 cases ("Debtors" or "Purdue"), along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014) (collectively, the "Bankruptcy Cases").

- 1 -

This morning, Purdue filed another Amended Plan and Disclosure Statement revealing the releases that Purdue seeks to gain for the Sackler families.[2] The Committee on Accountability respectfully supplements its Objection to the Disclosure Statement to address an important problem that Purdue revealed today. Purdue's attempt to give the Sacklers immunity for ***future claims*** by innocent people who have not had any way to protect their rights.

On behalf of the Sacklers, Purdue asks the Court to release "for good and valuable consideration, … any and all Claims, counterclaims, disputes, obligations, suits, judgments, damages, demands, debts, rights . . . that any other Person . . . would have presently or ***in the future been legally entitled to assert*** . . . arising from, in whole or in part . . . any past, present or future use or misuse of any opioid, whether sold by the Debtors or by NewCo or any of its Subsidiaries or otherwise, to the extent arisising from an act, conduct, omission, event, transaction, occurrence or continuing condition in any way relating to" the Sacklers.[3]

This newly revealed clause would wrongly give the Sacklers immunity from claims by children whose parents are killed by Purdue opioids today and tomorrow – children who have no representation in this bankruptcy and will receive no consideration at all.

Everyone knows the injuries by Purdue and the Sacklers are continuing. During this bankruptcy, thousands of children have watched their parents overdose. Government officials reported that two hundred children witnessed a family member overdose last year just among children tracked by one agency in one state.[4]

> They wake up to discover their mother or father sprawled out in a bathroom. Some find parents unresponsive in the bedroom, syringes protruding from their arms. Others watch as an EMT desperately tries to save them . . . children witnessing an

---

[2] ECF No. 2905 at § 10.7(b); ECF 2937 at § IV.I.6.ii.
[3] *Id.* (emphasis added). Prior versions of this section said: "[To come], ECF 2905 (blackline).
[4] Matt Stout, *As Opioid Deaths Surge, Hundreds of Children Under the State's Watch Witnessed an Overdose Last Year*, Boston Globe, May 21, 2021, available at https://www.bostonglobe.com/2021/05/21/metro/opioid-deaths-surge-hundreds-children-under-states-watch-witnessed-an-overdose-last-year/.

    overdose was by far the most frequent 'critical incident' reported in fiscal year 2020 . . . Children 7 and under, for example, accounted for more than half of those who witnessed an overdose . . . In some cases, it was the last time the children saw their adults. Of the 210 incidents where a child witnessed an overdose, about 30 cases were fatal.[5]

Purdue and the Sacklers are allegedly responsible for some of those deaths. Many have reported how Purdue and the Sacklers set off the opioid epidemic. In recent years, Purdue and the Sacklers' other companies have stayed in the opioid business while other companies dropped out. Last week, Purdue's Court-appointed Monitor reported: "Purdue Pharma products are 11.1% of the overall share of opiates sold in 2020 and 36.33% of the market for extended-release opioids.[6] It is amazing that a bankrupt criminal company, soon to be owned by the government plays such a dominant role in such a dangerous business. Purdue even hopes to sell billions of dollars of more opioids as part of its Plan.[7] Meanwhile, recent data shows the deaths are only increasing.[8]

  The Disclosure Statement should disclose what will happen to the legal rights of these children and all future victims of the Sacklers and Purdue. How will they be protected? Who is representing their rights in this case? Will there be recoveries and justice for them? Are these children's rights being extinguished for the convenience of people with more power?

  The members of the Committee on Accountability did not invent Purdue's crimes. They did not choose to have their families and their lives harmed. The information that has been disclosed suggests that Purdue and the Sacklers did more than anyone else to cause the opioid crisis and are the only people on Earth who became billionaires from it. When Purdue and the

---

[5] *Id.*
[6] ECF No. 2891 at p 36.
[7] See Yoohyun Jung, *S.F. On Course For Record-Breaking Number of Drug Overdoses in 2021,* San Francisco Chronicle*, May 22, 2021,* at *https://www.sfchronicle.com/local/article/San-Francisco-is-on-course-for-a-record-breaking-16195217.php*
[8] *See, e.g., Marsh USA, Inc. v. Bogdan Law Firm (In re Johns-Manville Corp.)*, No. 1802531(1) (2d Cir. Feb. 19, 2020) (holding that a Future Claims Representative provided "adequate representation" to future victims and emphasizing that the outcome of the entire case could be different "where a potential claimant does not receive the level of representation provided by the FCR.").

Sacklers seek immunity from claims by their victims, it is appropriate that they should disclose how they have done everything the law allows to treat their victims fairly and preserve and respect all their victims' rights.

### **Conclusion**

There are significant questions, reflected in this supplemental objection and in the objections of others, that the Court should not approve a Disclosure Statement on May 26. Instead, Purdue should prepare and file a further amended proposed Disclosure Statement to which creditors can respond. For these reasons, the Committee on Accountability respectfully objects to the Disclosure Statement.

Dated: May 26, 2021  
      New York, NY

Respectfully Submitted,  
Eisenberg & Baum, LLP

By: /s/ Michael S. Quinn  
Michael S. Quinn (mq-1640)  
24 Union Square East, Fourth Floor  
New York, New York 10003  
(212) 353-8700  
mquinn@eandblaw.com  
*Counsel to Ad Hoc Committee on Accountability*