## Exhibit 13 to Second Amended Proposed Order

**Debtors' Cover Letter**

**DRAFT**

PRIVILEGED & CONFIDENTIAL
ATTORNEY WORK PRODUCT
DRAFT OF MAY 26, 2021

## Exhibit 13

**Cover Letter to Solicitation Package**

**DRAFT**

PRIVILEGED & CONFIDENTIAL
ATTORNEY WORK PRODUCT
DRAFT OF MAY 26, 2021

**May [●], 2021**

RE:   *In re Purdue Pharma L.P., et al., Chapter 11 Case No. 19-23649 (RDD) (Bankr.
        S.D.N.Y.)*

TO ALL HOLDERS OF CLAIMS ENTITLED TO VOTE ON THE PLAN:

Purdue Pharma L.P. and its affiliates that are debtors and debtors in possession
(collectively, the "**Debtors**"): each filed a voluntary petition for relief under chapter 11 of
title 11 of the United States Code in the United States Bankruptcy Court for the Southern
District of New York (the "**Court**") on September 15, 2019.

You have received this letter and the enclosed materials because you are entitled
to vote on the [*Third*] *Amended Joint Chapter 11 Plan of Reorganization of Purdue
Pharma L.P. and Its Affiliated Debtors* (as modified, amended, or supplemented from
time to time, the "**Plan**"). On May [●], 2021 the Court entered an order (the "**Disclosure
Statement Order**") (a) authorizing the Debtors to solicit acceptances for the Plan; (b)
approving the *Disclosure Statement for* [*Third*] *Amended Joint Chapter 11 Plan for
Purdue Pharma L.P. and Its Affiliated Debtors* (the "**Disclosure Statement**")[1] as
containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c)
approving the solicitation materials and documents to be included in the solicitation
packages (the "**Solicitation Package**"); and (d) approving procedures for soliciting,
receiving, and tabulating votes on the Plan, and for filing objections to the Plan.

As explained in the enclosed Disclosure Statement, under the Plan, billions of
dollars will flow into trusts established for the benefit of states and localities, Native
American Tribes, hospitals, third-party payors and insurance carriers, children with a
history of Neonatal Abstinence Syndrome and their guardians, and personal injury
claimants. With the exception of the personal injury trust, which will make unrestricted
distributions to individual holders, each trust will require that all value be dedicated
exclusively to opioid abatement efforts (subject to payment of attorneys' fees and
administrative costs), and there will be transparency to ensure that funds are not spent for
any other purpose.

Purdue Pharma's existing shareholders will be required to pay $4.5 billion in the
aggregate, consisting of $4.275 billion that will be paid to the Debtors' estates and
distributed to creditors through the trusts described above, and $225 million that has been
paid by the Sackler Families to satisfy their civil settlement with the United States
Department of Justice. This represents a significant improvement to the initial settlement
framework that was in place at the commencement of these Chapter 11 Cases, most
notably by increasing the amount that Purdue Pharma's existing shareholders will be
required to pay in the aggregate from $3.0 billion to $4.5 billion. This material

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan or
Disclosure Statement, as applicable.

improvement in the recovery from the shareholders directly increases by $1.275 billion the amount of guaranteed funds payable to the stakeholders.

As for Purdue Pharma, it will cease to exist.  On the Effective Date, the Debtors' businesses will be transferred to a newly created company, which will be indirectly owned by two of the opioid abatement trusts, with the value of the business benefiting those trusts.

In short, the Plan fulfils the goal of directing as much of the value of the Debtors' assets as possible to combatting the opioid crisis in this country.

In addition to this cover letter, the enclosed materials comprise your Solicitation Package, and were approved by the Court for distribution to holders of Claims in connection with the solicitation of votes to accept the Plan.  The Solicitation Package consists of the following:

a.   the notice of the hearing to consider confirmation of the Plan;

b.   a copy of the Solicitation and Voting Procedures;

c.   a Ballot, together with detailed voting instructions and a pre-addressed, postage pre-paid return envelope;

d.   this letter;

e.   a flash drive containing each of the following materials:

(1)  the Disclosure Statement Order, as entered by the Court;

(2)  the Disclosure Statement, as approved by the Court (with the Plan annexed thereto); and

f.   such other materials as the Court may direct.

The materials in the Solicitation Package are intended to be self-explanatory.  If you should have any questions, however, please feel free to contact Prime Clerk LLC, the Solicitation Agent retained by the Debtors in the chapter 11 cases (the "**Solicitation Agent**"), by (a) calling the Debtors' restructuring hotline at (844) 217-0912 (toll-free) or (347) 859-8093 (international); (b) visiting the Debtors' restructuring website at https://restructuring.primeclerk.com/purduepharma; (c) writing to Purdue Pharma Ballot Processing, c/o Prime Clerk LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165; and/or (d) emailing purduepharmainfo@primeclerk.com. You may also obtain copies of any pleadings filed in the chapter 11 cases at no charge by contacting the Solicitation Agent by any of the means listed above.  Please be advised that the Solicitation Agent is authorized to answer questions about, and provide additional copies of solicitation materials, but may **__not__** advise you as to whether you should vote to accept or reject the Plan.

#94592914v5

> **You are receiving this letter because you are entitled to vote on the Plan.  Therefore, you should read this letter carefully and discuss it with your attorney.  If you do not have an attorney, you may wish to consult one.**

The Debtors and [NTD: Official Committee of Unsecured Creditors to be inserted when agreed], [the Ad Hoc Committee of Governmental and Other Contingent Litigation Claimants], the Multi-State Governmental Entity Group, the Native American Tribes Group, the Ad Hoc Group Of Individual Victims, the Ad Hoc Group of Hospitals, the Third-Party Payor Group, the Ratepayer Mediation Participants, and the Ad Hoc Group of NAS Children all support confirmation of the Plan.  This level of consensus is extraordinary, given the nature of the litigation against certain Debtors and the differing views on fundamental settlement and allocation issues held over time by the various supporting stakeholders.  **The Debtors and many other stakeholder groups[, including the Official Committee of Unsecured Creditors,] urge all holders of Claims entitled to vote on the Plan to vote to accept the Plan.**

Sincerely,

**Purdue Pharma L.P.**
on its own behalf and for each of the other Debtors

4