## Exhibit A

## UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| PURDUE PHARMA L.P., *et al.*, | ) | Case No. 19-23649 (RDD) |
|  | ) |  |
| Debtors.[1] | ) | (Jointly Administered) |
|  | ) |  |

## STIPULATION AND AGREED ORDER
## PERMITTING LATE FILED GOVERNMENTAL
## OPIOID CLAIMS OF CERTAIN GOVERNMENTAL CLAIMANTS

This Stipulation and Order (the "**Stipulation and Order**") is entered into as of June 2, 2021, by and between Purdue Pharma L.P. and the other debtors in its above-captioned chapter 11 cases (the "**Debtors**" and the "**Chapter 11 Cases**," respectively), seven[2] governmental entities that are part of the Multi-State Governmental Entities Group in the Chapter 11 Cases (the "**MSGE Group Claimants**"), and the City of Bellefontaine Neighbors, Missouri, a governmental entity represented by undersigned counsel (collectively, with the MSGE Group Claimants, the "**Claimants**," and collectively, with the Debtors, the "**Parties**"). The Parties agree, subject to the approval of the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), as follows:

---

[1]   The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2]   The entities included in this Stipulation and Order are the following: (1) the City of Muskogee, Oklahoma; (2) Middletown Township, Pennsylvania; (3) the City of Mishawaka, Indiana; (4) School City of Mishawaka; (5) Smith-Green Community Schools; (6) Fort Wayne Community Schools; and (7) Penn-Harris-Madison School Corporation.

## RECITALS

**WHEREAS**, on September 15, 2019 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief pursuant to Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**") in the Bankruptcy Court and have remained in possession of their properties and in the management of their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code;

**WHEREAS**, on February 3, 2020, the Court entered the *Order Establishing (I) Deadlines for Filing Proofs of Claim and Procedures Relating Thereto, (II) Approving the Proof of Claim Forms, and (III) Approving the Form and Manner of Notice Thereof* pursuant to Federal Rules of Bankruptcy Procedure 2002, 3003(c)(3), and 9008 (ECF No. 800) (the "**Bar Date Order**"), and, on June 3, 2020, entered the *Order (I) Extending the General Bar Date for a Limited Period and (II) Approving the Form and Manner of Notice Thereof* (ECF No. 1221) (the "**Supplemental Bar Date Order**"), which established a general bar date for the timely filing of claims of Thursday, July 30, 2020 at 5:00 p.m. Eastern (the "**General Bar Date**").

**WHEREAS**, Claimants did not file proofs of claim on or before the General Bar Date.

**WHEREAS**, Claimants now seek to file governmental opioid proofs of claim against the Debtors related to conduct occurring prior to the Petition Date (the "**Late Filed Claims**").

**WHEREAS**, in entering into the Stipulation and Order, the Debtors are in no way conceding, nor do they believe, that the notice program established by the General Bar Date Order and Supplemental Bar Date Order was inadequate under the Bankruptcy Code, or that Claimants' failure to submit claims on or before the General Bar Date was due to any defect of notice or any action otherwise taken or not taken by the Debtors, the Debtors' agents, or the Bankruptcy Court.

2

**WHEREAS**, on March 15, 2021 the Debtors filed the *Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and Its Affiliated Debtors* (ECF No. 2487) (the "**Plan**") and the *Disclosure Statement for Chapter 11 Plan for Purdue Pharma L.P. and Its Affiliated Debtors* (ECF No. 2488) (the "**Disclosure Statement**").

**WHEREAS**, the Plan, if confirmed, establishes an abatement-focused regime under which the granting and amount of funds allocated to governmental entities, including Claimants, are determined without regard to whether a governmental entity filed a claim in the Chapter 11 Cases.

**WHEREAS**, given the abatement regime contemplated by the Plan, and the proposed treatment therein of non-federal public-side opioid claimants, allowance of Claimants' Late Filed Claims would have no effect on the monetary recovery of other governmental entities or any other claimant, whether through abatement grants or other forms of payment, and the substantive effect of allowance of Claimants' claims would be to allow Claimants to vote on the Plan.

**WHEREAS**, the Debtors and Claimants agree that allowance of Claimants' Late Filed Claims would have no negative impact on the Chapter 11 Cases or other creditors therein, and, as such, allowance of the Late Filed Claims is fair and appropriate in this instance.

**WHEREAS**, the Debtors have weighed the potential cost to the estates of challenging the Late Filed Claims, and in light of the small number of requests to file late  proofs of claim and given that the requests to file the Late Filed Claims were made in advance of the Disclosure Statement hearing, the Debtors believe that entering into the Stipulation and Order is in the best interests of the estates.

**ACCORDINGLY, IT IS HEREBY STIPULATED AND AGREED**, that:

1.      The preceding recitals are incorporated into this Stipulation and Order by this reference.

3

2.      Claimants are permitted to file the Late Filed Claims.

3.      Claimants shall be authorized, but not directed, to vote to accept or reject the Plan, and such votes may be transmitted on or before the voting deadline according to the terms set forth in the Disclosure Statement, pending approval by the Bankruptcy Court, and any other terms set forth by the Bankruptcy Court.

4.      In the event that the proposed Plan, or a plan that includes recovery for all governmental entities pursuant to an abatement program regardless of whether the governmental entities timely filed proofs of claim, is not confirmed, the Stipulation and Order will be null and void.  All rights are reserved with respect to any subsequent motion(s) to allow the Late Filed Claims, and no party in interest in these cases, including the Debtors, may object to the motion(s) to allow the Late Filed Claims on the basis of delay between the submission of the Late Filed Claims and the filing of and hearing on the motion(s).

5.      Nothing set forth herein shall be deemed to constitute an admission or waiver of the substantive or procedural rights, remedies, claims, or defenses of any of the Parties in the Chapter 11 Cases, whether at law or equity.

6.      This Stipulation and Order is subject to Bankruptcy Court approval and shall only be effective when "SO ORDERED" by the Bankruptcy Court.  If this Stipulation and Order is not approved by the Bankruptcy Court, it shall be null and void and shall not be referred to or used, for any purpose.

7.      This Stipulation of counsel embodied herein may be executed in multiple counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same instrument.  This Stipulation may be executed by facsimile or PDF signature, and such

4

signatures will be deemed to be as valid as an original signature, whether confirmed by delivery

of the original in person.

8.      The undersigned represent that they are fully authorized to enter into this

Stipulation and Order on behalf of the Parties.

9.      The Bankruptcy Court shall retain jurisdiction to resolve any disputes between the

Parties arising with respect to this Stipulation and this Stipulation may not be amended or modified

except by further Order of this Bankruptcy Court.


DAVIS POLK & WARDWELL LLP

By: _/s/ James I. McClammy_____
450 Lexington Avenue
New York, NY 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut
James I. McClammy

*Counsel to the Debtors
and Debtors in Possession*


CAPLIN & DRYSDALE, CHARTERED

By: _/s/ Kevin C. Maclay_____
1 Thomas Circle, NW, Suite 1100
Washington, DC 20005
Telephone: (202) 862-5000
Facsimile: (202) 429-3301
Kevin C. Maclay (admitted *pro hac vice*)
Todd E. Phillips
Ann Weber Langley (admitted *pro hac vice*)
George M. O'Connor (admitted *pro hac vice*)


*Counsel to the Multi-State Governmental
Entities Group*


WHITE COLEMAN & ASSOCIATES, LLC

By: _/s/ Dorothy White-Coleman_____
500 North Broadway, Ste. 1300
St. Louis, Missouri 63102-2125
Telephone: (314) 621-7676
Facsimile:  (314) 621-0959
Dorothy White-Coleman

*Counsel to the City of Bellefontaine Neighbors,
Missouri*

**SO ORDERED:**

Dated:  White Plains, New York
      June    , 2021

                     _____

                     THE HONORABLE ROBERT D. DRAIN

                     UNITED STATES BANKRUPTCY JUDGE