# **EXHIBIT C**

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
James I. McClammy
Marc J. Tobak
Gerard X. McCarthy

*Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (RDD)** |
| Debtors.[1] | **(Jointly Administered)** |

**DEBTORS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO CERTAIN HOLDERS OF HOSPITAL CLAIMS**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "Federal Rules"), as made applicable here by Rules 7026, 7034, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Purdue Pharma L.P. ("PPLP") and its affiliated debtors in the above-captioned chapter 11 cases (the "Cases") hereby request that each holder of a Hospital Claim, as set forth in Sections 1.1 and 4.6 of the Plan, that has asserted or may assert any objections to produce the documents and information requested herein at the offices of Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10022 by the dates set forth in paragraph 3.d of the Bankruptcy Court's *Second Amended Order Granting Debtors' Motion for Order Establishing Confirmation Schedule and Protocols* [Dkt. No. 2989] (the "Protocols Order") and in accordance with the Definitions and Instructions set forth below.

## DEFINITIONS

1.      The definitions and rules of construction set forth in Rule 34 of the Federal Rules and Rule 26.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local District Court Rules"), as made applicable here by Rule 7026-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Bankruptcy Rules")—including, but not limited to, the definitions of "Document," "Communication," "Concerning," and "Person"—are hereby incorporated and apply to the requests for the production of Documents set forth herein (the "Requests," and each, a "Request"). These definitions apply throughout these Requests without regard to capitalization. The Debtors reserve the right to deliver and serve additional requests for production of Documents. In addition, as used in the Requests, the words set forth below shall be defined as follows:[2]

---

[2] Except where otherwise indicated, capitalized terms used but not defined herein have the meanings ascribed to them in the Plan, as the same may be amended, supplemented or otherwise modified from time to time.

2. The term "Bankruptcy Code" means title 11 of the United States Code.

3. The term "Bankruptcy Court" means the United States Bankruptcy Court for the Southern District of New York overseeing the Chapter 11 Cases.

4. The term "Chapter 11 Cases" means the above-captioned chapter 11 cases.

5. The terms "Debtor" or "Debtors" refer, individually or collectively, to Purdue Pharma L.P., Purdue Pharma Inc., Purdue Transdermal Technologies L.P., Purdue Pharma Manufacturing L.P., Purdue Pharmaceuticals L.P., Imbrium Therapeutics L.P., Adlon Therapeutics L.P., Greenfield BioVentures L.P., Seven Seas Hill Corp., Ophir Green Corp., Purdue Pharma of Puerto Rico, Avrio Health L.P., Purdue Pharmaceutical Products L.P., Purdue Neuroscience Company, Nayatt Cove Lifescience Inc., Button Land L.P., Rhodes Associates L.P., Paul Land Inc., Quidnick Land L.P., Rhodes Pharmaceuticals L.P., Rhodes Technologies, UDF LP, SVC Pharma LP, and SVC Pharma Inc.

6. The term "Disclosure Statement" refers to the *Disclosure Statement for Fifth Amended Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and Its Affiliated Debtors* filed by the Debtors on June 3, 2021 [Dkt. No. 2983] in the Chapter 11 Cases, as the same may be amended, supplemented or otherwise modified from time to time.

7. The terms "Opioid" or "Opioids" refer to FDA-approved pain-reducing medications consisting of natural or synthetic chemicals that bind to receptors in a patient's brain or body to produce an analgesic effect, including but not limited to Purdue Opioids.

8. The term "Opioid Use Disorder" refers to a problematic pattern of opioid use leading to clinically significant impairment or distress.

9. The term "Plan" refers to the *Fifth Amended Joint Chapter 11 Plan of Reorganization of Purdue Pharma and its Affiliated Debtors* filed by the Debtors on June 3, 2021 in the Chapter 11 Cases [Dkt. No. 2982], as the same may be amended, supplemented or otherwise modified from time to time.

10. The term "Proof of Claim" refers to any and all proofs of claim and all supporting documentation for any such proofs of claim filed by You in the Chapter 11 Cases.

11. The terms "Purdue Opioid" or "Purdue Opioids" mean all natural, semi-synthetic or synthetic chemicals that interact with opioid receptors on nerve cells in the body and brain, and that are approved by the U.S. Food & Drug Administration ("FDA") and listed by the U.S. Drug Enforcement Administration ("DEA") as Schedule II or III drugs pursuant to the federal Controlled Substances Act, produced, marketed or sold by the Debtors as (i) the following Brand Name Medications: OxyContin®, Hysingla ER®, Butrans®, Dilaudid®, Ryzolt, MS Contin®, MSIR®, Palladone®, DHC Plus®, OxyIR®, and OxyFast®, and (ii) the following Generic Medications: oxycodone extended-release tablets, buprenorphine transdermal system, hydromorphone immediate-release tablets, hydromorphone oral solution, tramadol extended-release tablets, morphine extended-release tablets, oxycodone immediate-release tablets, oxycodone and acetaminophen tablets (generic to Percocet®), hydrocodone and acetaminophen tablets (generic to Vicodin® or Norco®). The term "Purdue Opioid(s)" shall not mean: (i) medications and other substances to treat opioid or other substance use disorders, abuse, addiction or overdose; (ii) raw materials and/or immediate precursors used in the manufacture or study of opioids or opioid products, but only when such materials and/or immediate precursors are sold or marketed exclusively to DEA-licensed manufacturers or DEA-licensed researchers; or (iii) opioids listed by the DEA as Schedule IV drugs pursuant to the federal Controlled Substances Act.

12. The terms "You" and "Your" refer to each holder of a Hospital Claim, as set forth in Sections 1.1 and 4.6 of the Plan, that has asserted or may assert any objections to confirmation of the Plan and/or approval of any settlement contemplated by the Plan, or that intends to offer into evidence or use in any manner materials at the Confirmation Hearing, and to each affiliate, predecessor, successor, division, parent, subsidiary, or member of any such holder of a Hospital

4

Claim; each person directly or indirectly, wholly or in part, owned or controlled by any such holder of a Hospital Claim; each partnership or joint venture to which any such holder of a Hospital Claim is a party; all present and former directors, officers, employees, agents, consultants, or other persons acting on behalf of any such holder of a Hospital Claim; and the persons to whom these Requests are addressed, including each such person's agents, representatives, or attorneys.

13. To bring within the scope of these Requests all information that might otherwise be construed to be outside of their scope, the following rules of construction apply: (i) the singular includes the plural and *vice versa*; (ii) the masculine, feminine, or neuter pronoun does not exclude other genders; (iii) the connectives "and" and "or" should be read either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope; (iv) the terms "any," "all," and "each" should be read to mean any, all, each, and every; (v) the word "including" should be read to mean including, without limitation; (vi) the present tense should be construed to include the past tense and *vice versa*; (vii) references to employees, officers, directors, or agents include both current and former employees, officers, directors, and agents; and (viii) defined terms should be given their broadest meaning regardless of whether they are capitalized in the Requests.

## INSTRUCTIONS

1. These Requests are continuing in nature, requiring supplemental production of Documents if You later identify additional Documents responsive to these requests pursuant to Federal Rules of Civil Procedure 26(e) and 34, as made applicable here by Rules 7026, 7034, and 9014 of the Bankruptcy Rules.

2. In complying with the Requests, You are required to produce all Documents and Communications described below which are in Your possession, custody, or control, including

5

those Documents and Communications in the possession, custody, or control of each of Your affiliates, predecessors, successors, divisions, parents, subsidiaries, members, employees, agents, investment managers, investment advisers, financial advisers, investigators, accountants, attorneys, or other persons acting on your behalf, regardless of location.

3. These Requests are propounded on each holder of a Hospital Claim that has asserted or may assert any objections to confirmation of the Plan and/or approval of any settlement contemplated by the Plan, or that intends to offer into evidence or use in any manner materials at the Confirmation Hearing. Each such holder of a Hospital Claim must either join responses and/or objections to the Requests or provide its own responses and/or objections to the Requests.

4. For the purpose of reading, interpreting, or construing the scope of these Requests, the terms used should be given their most expansive and inclusive interpretation.

5. Unless instructed otherwise, each Request should be construed independently and not by reference to any other Request for the purpose of limitation.

6. If any portion of a Document or Communication is responsive to any Request, the entire Document or Communication should be produced.

7. You must respond to each Request separately and fully, unless it is objected to, in which event the reasons for the objection should be specifically and separately stated. If You object to part of a Request, You must produce all Documents and Communications responsive to the part of the Request to which You did not object.

8. If You withhold any Document or Communication, or any portion of any Document or Communication, under a claim of privilege or other protection, You shall comply with paragraph 4.f of the Protocols Order. For the avoidance of doubt, these Requests do not seek Documents or Communications that are subject to protection or immunity from disclosure pursuant to an applicable court order, including but not limited to the Bankruptcy Court's *Order*

*Establishing the Terms and Conditions of Mediation Before The Honorable Shelley C. Chapman* [Dkt. No. 2879], *Order Expanding Scope of Mediation* [Dkt. No. 1756], and *Order Appointing Mediators* [Dkt. No. 895] (collectively, the "Mediation Orders"); *provided, however*, that any Documents or Communications that are subject to confidentiality under the Mediation Orders or any other applicable court order must be logged in a privilege log in accordance with paragraph 4.f of the Protocols Order.

9. If You cannot respond to these Requests in full after exercising due diligence to secure the Documents or Communications requested, You shall so state and respond to the extent possible, specifying the nature of Your inability to respond to the remainder.

10. If there are no Documents or Communications responsive to a particular Request in Your possession, custody, or control, provide a written response so stating.

11. If You believe that any Request, definition, or instruction is ambiguous, in whole or in part, You must nonetheless respond and (i) set forth the matter deemed ambiguous, and (ii) describe the manner in which You construed the Request in order to frame Your response.

12. Documents and Communications in electronic form, including e-mail, should be produced in single page tagged image file format ("TIFF"). Metadata associated with electronically stored information shall be produced in text format linked to the associated file. Extracted text files, if any, should be delivered in Document level text files. Spreadsheets, PowerPoint presentation files and structured database files should be provided in native format, with an accompanying placeholder Bates-numbered TIFF file. Each responsive spreadsheet or PowerPoint file should be clearly labeled to indicate the placeholder Bates number that corresponds to each spreadsheet.

13. Unless otherwise instructed, these Requests seek responsive Documents and Communications without limitation as to time.

14. These Requests should not be construed as a waiver or an abridgment of, and are

not intended to waive, any argument or defense, nor shall they be construed as an agreement with or admission or acknowledgement of any allegation or assertion of the Debtors.

## REQUESTS FOR PRODUCTION

1. All Documents and Communications Concerning the Plan or any settlement contemplated by the Plan.

2. All Documents and Communications that relate to any objections that You have asserted or may assert to confirmation of the Plan and/or approval of any settlement contemplated by the Plan, including any Documents and Communications that You have relied on or may rely on Concerning any objections that You have asserted or may assert to confirmation of the Plan and/or approval of any settlement contemplated by the Plan.

3. All Documents and Communications that You intend to offer into evidence or use in any manner at any deposition, whether noticed by You or by any other party in interest, taken in connection, whether in whole or in part, with these Chapter 11 Cases or at the Confirmation Hearing in connection with any objection You have asserted or may assert to confirmation of the Plan and/or to approval of any settlement contemplated by the Plan, including, but not limited to:

    a. all Documents and Communications Concerning the allegations in Your Proof of Claim, including, but not limited to, all Documents and Communications referenced in, cited in, referred to, or relied upon by You in drafting Your Proof of Claim, and all Documents and Communications on which you intend to rely on in support of Your Proof of Claim;

    b. all Documents and Communications that identify, describe, quantify, evidence, analyze, or relate to any loss, damage, or harm for which You seek monetary relief, restitution, disgorgement, penalty, fine, or any other form of relief from Debtors;

8

    c. all Documents and Communications that identify, describe, quantify, evidence, analyze, or relate to any unreimbursed and/or un-recouped costs You have incurred and/or anticipates incurring for providing medical care or services to treat patients' Opioid-related addiction, abuse, overdose, death, Opioid Use Disorder, or other disease or medical event related to Opioid use; and

    d. all Documents and Communications relating to any prior settlement, judgment, or award against a Debtor.

Dated: June 4, 2021
New York, New York

                            DAVIS POLK & WARDWELL LLP

                            By: /s/ Marc J. Tobak

                            450 Lexington Avenue
                            New York, New York 10017
                            Telephone: (212) 450-4000
                            Facsimile: (212) 701-5800
                            Marshall S. Huebner
                            Benjamin S. Kaminetzky
                            James I. McClammy
                            Marc J. Tobak
                            Gerard X. McCarthy

                            *Counsel to the Debtors*
                            *and Debtors in Possession*