UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.**, *et al.*, | Case No. 19-23649 (RDD) |
| Debtors. [1] | (Jointly Administered) |

**FOURTH SUPPLEMENTAL DECLARATION OF ANTHONY W. CLARK IN SUPPORT OF APPLICATION OF DEBTORS FOR AUTHORITY TO RETAIN AND EMPLOY SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP AS SPECIAL COUNSEL TO THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE**

I, Anthony W. Clark, declare:

1. I am a partner in the law firm of Skadden, Arps, Slate, Meagher & Flom LLP (together with its affiliates, "Skadden" or the "Firm"), special counsel to the above-captioned debtors (the "Debtors") in the above-captioned bankruptcy cases, which maintains an office for the practice of law at, among other places, 920 N. King Street, Wilmington, Delaware 19801.

2. I am a practicing member in good standing of the bars of the State of Delaware and the Commonwealth of Pennsylvania.

3. I submit this declaration (this "Fourth Supplemental Declaration") to supplement the disclosures in the declarations of Patrick Fitzgerald dated November 5, 2019

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P., Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

1

[Docket No. 438] (the "Initial Declaration"), March 16, 2020 [Docket No. 936] (the "First Supplemental Declaration"), May 26, 2020 [Docket No. 1183] (the "Second Supplemental Declaration"), and July 10, 2020 [Docket No. 1370] (the "Third Supplemental Declaration," and together with the Initial Declaration, the First Supplemental Declaration, the Second Supplemental Declaration, the "Prior Declarations") in support of the Debtors' Application for Order Under 11 U.S.C. § 327(e) Authorizing Employment of Skadden, Arps, Slate, Meagher & Flom LLP and Affiliates as Special Counsel *Nunc Pro Tunc* to the Petition Date [Docket No. 438] and the Debtors' Application for Authority to Supplement the Retention and Employment of Skadden, Arps, Slate, Meagher & Flom LLP as Special Counsel *Nunc Pro Tunc* to March 6, 2020 [Docket No. 1370] (together, the "Application").[2]  In the Prior Declarations, Skadden previously disclosed its current or past representations in unrelated matters of parties or potential parties in these Chapter 11 Cases, or their affiliates.

    4.  The facts set forth below are based either upon my personal knowledge, discussions with other partners, counsel and associates of Skadden, and client/matter records of Skadden reviewed by myself or by associates of Skadden acting under the supervision and direction of Skadden partners working with me on this task, and if called as a witness I would testify competently thereto.

    5.  Since the filing of the Prior Declarations, Skadden has engaged in further inquiry of its partners, counsel, and associates with respect to the matters contained in the Prior Declarations, and has continued to conduct further periodic checks with respect to known and newly-identified persons and parties in interest in these Chapter 11 Cases.  In preparing this Fourth Supplemental Declaration, Skadden conducted additional searches for new parties in

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

interest that have been identified since the Prior Declarations, as of April 5, 2021, which parties are reflected in Exhibit 1.

6.  As a result of such investigations, Skadden discloses that, in addition to the entities or individuals previously disclosed in the Prior Declarations, Skadden currently represents the entities presented in bold italics on Exhibit 2 or their affiliates, and has in the past represented the entities presented in italics on Exhibit 2 or their affiliates. Such representations are not, have not been, and will not be adverse to the Debtors with respect to the matters on which Skadden is to be employed.

7.  **Joint Defense Agreements Related to Skadden's Representation of the Debtors**. Pursuant to the settlement agreement with the U.S. Trustee approved by the Bankruptcy Court on May 20, 2021, Skadden hereby supplements its disclosure accompanying its retention application to reflect common interest or joint defense agreements that Skadden entered into on behalf of Debtors with any party in interest identified in the most recent list provided by Debtors' bankruptcy counsel. With respect to such agreements, to the best of my knowledge, as set forth below, and consistent with Bankruptcy Code section 327(e), Skadden does not represent or hold any interest adverse to the Debtors or their estates with respect to the matters on which Skadden is to be employed:

   (a)  In November 2014, in connection with two actions pending in the United States District Courts for the Central District of California and the Northern District of Illinois, Eastern Division, Skadden, on behalf of Purdue Pharma L.P., Purdue Pharma, Inc. and the Purdue Frederick Company, Inc. (collectively, "Purdue"), as defendants, executed a joint defense agreement with certain other co-defendants, including Teva Pharmaceutical Industries, Ltd., Teva Pharmaceuticals USA, Inc., Janssen Pharmaceuticals, Inc., Endo Health Solutions Inc., Endo Pharmaceuticals, Inc., Actavis, Plc, Actavis, Inc., Actavis LLC and Actavis Pharma, Inc., among others, who were separately represented by other law firms.

   (b)  In May 2018, in connection with a multidistrict litigation pending in the United States District Court for the Northern District of Ohio, Skadden, on behalf of Purdue, as defendants, executed a memorandum of understanding (the "MOU")

3

regarding joint defense and common interest agreement with the following parties (including members of the Sackler family who were the beneficial owners of Purdue) who were separately represented by other law firms: Heatheridge Trust Company Limited, in its capacity as trustee of a settlement dated December 31, 1993 and known as the Beacon Trust; Hillside Trust Company Limited, in its capacity as trustee of a settlement dated March 16, 1998 and known as the Milton Trust; Dame Theresa E. Sackler; Ms. Ilene Sackler Lefcourt; Ms. Samantha Sackler Hunt; Dr. Kathe A. Sackler; Mr. Mortimer D.A. Sackler; Mr. Jacques Theurillat; and Mr. Cecil Pickett.  Other parties in interest subsequently signed on to the MOU, through their separate counsel, including Beverly Sackler; Richard S. Sackler, MD; Jonathan D. Sackler; David A. Sackler; Peter Boer; Paulo F; Costa; Ralph Snyderman; and Stuart D. Baker; Rhodes Pharmaceutical L.P.; Rhodes Pharmaceutical Inc.; Rhodes Technologies; and Rhodes Technologies Inc.

(c) Skadden represented Purdue Pharma L.P.'s current Chief Executive Officer, Dr. Craig Landau, as well as its former Chief Executive Officers, John Stewart and Mark Timney, in a civil action in Massachusetts state court from June 2018 until approximately June 2019, at which point the three individuals engaged separate individual counsel.[3] Skadden withdrew from representing Dr. Landau, Mr. Stewart and Mr. Timney in the civil action in July 2019.  Skadden, on behalf of Purdue, formed oral common interest agreements with the three Chief Executive Officers through their separate individual counsel.

(d) In connection with its pre- and post-petition representation of Purdue, and as is customary in representing a company under investigation by the Department of Justice, Skadden, on behalf of Purdue, formed numerous oral common interest agreements with various third parties (usually through their separate counsel).  As we believe is common among law firms, Skadden does not maintain a database specifically to identify the counterparties to such oral agreements, nor are we aware of any law firms that maintain such a database.  Skadden has endeavored in good faith to identify those parties in interest with whom it entered oral common interest agreements on behalf of Purdue, but we note that more than 300 current or former Purdue employees, officers or directors were contacted or subpoenaed (or were reasonably expected to be contacted) by state attorneys general or federal prosecutors or other attorneys and were thereafter provided counsel separate from company counsel.  Where such individuals' interests were not adverse to those of Purdue, Skadden coordinated with counsel for such individuals in the ordinary course pursuant to oral common interest agreements.  Based upon a good faith inquiry, we have designated the current or former employees with whom Skadden formed oral agreements and who appear on the parties in interest list with an asterisk.  (We note that being contacted by state or federal attorneys as a witness is not an indication that a specific individual engaged in wrongdoing.)

(e) In connection with its post-petition representation of Purdue, Skadden, on behalf of Purdue, has formed oral common interest agreements with certain

---

[3] Skadden's Initial Declaration disclosed Dr. Landau as a then current Skadden client; in fact, he was a former Skadden client at the time when the Initial Declaration was made.

4

third parties through their separate counsel in connection with reviewing documents in which those third parties held interests in order to determine whether the documents were subject to privilege claims. We have designated the parties with whom Skadden formed such oral agreements and who appear on the parties in interest list with two asterisks.

8. **Other Disclosures Related to Parties In Interest**. Certain Skadden attorneys have in the past, prior to their employment by Skadden, represented, or were employed by, certain parties-in-interest identified to date in the Chapter 11 Cases on matters unrelated to the Debtors and their Chapter 11 Cases. Furthermore, certain Skadden attorneys may be related to, or have relationships with, or other interests in, parties-in-interest, or members, employees or directors of parties-in-interest.

9. In addition, some of the Firm's professionals have assets managed by financial advisors or hold mutual funds which are managed by third-party fund managers. Neither the Firm nor its professionals have any control over the investments by such funds, including investment purchases, sales, and the timing of such activities. Securities of the Debtors or potential parties-in-interest may be held through the foregoing investments. In addition, certain professionals may hold securities of potential parties-in-interest or their affiliates in the ordinary course. To the best of my knowledge, no lawyer at the Firm working directly on this engagement holds securities of the Debtors.

10. In addition, Skadden makes the following specific disclosures:

(a) **Secondment of Current Skadden Attorney**. As of March 15, 2021, a current Skadden attorney has been seconded to Debtor Purdue Pharma L.P. to work for the Company. For the period when this attorney is seconded, the employee will continue to be an "at will" employee of Skadden, but will not have access to any Skadden office or system.

(b) **Prior Representation of Skadden Attorneys.** Prior to joining Skadden, certain Skadden attorneys and summer associates represented parties in interest that are adverse to Purdue and/or were co-defendants with Purdue. Skadden has established formal screening procedures or an "Ethical Wall" with respect to each of these attorneys and summer associates to ensure that they do not exchange any information

5

protected as confidential with respect to either their prior representations or any of the Debtors.

(i) Prior to joining Skadden, an associate located in Skadden's New York office and practicing in the IP & Technology Transactions group was employed as a summer associate at Reed Smith LLP, where the associate provided research assistance to Endo Pharmaceuticals Inc. in connection with a class action lawsuit. This associate has not had any involvement in the Chapter 11 Cases.

(ii) Prior to joining Skadden, an associate located in Skadden's Chicago office and practicing in the banking group represented the City of Detroit in proceedings against the Debtors. This associate has not had any involvement in the Chapter 11 Cases.

(iii) Prior to joining Skadden, an associate located in Skadden's Chicago office and practicing in the real estate group represented Endo Pharmaceuticals, a co-defendant of the Debtors in certain pending litigation, while at Arnold & Porter. This associate has not had any involvement in the Chapter 11 Cases.

(iv) Prior to joining Skadden, an associate located in Skadden's Chicago office and practicing in the corporate group was a secondee to Cardinal Health Inc., where the associate worked on matters related to litigation against the Debtors pending in the United States District Court for the Northern District of Ohio (*In re National Prescription Opiate Litigation*). This associate has not had any involvement in the Chapter 11 Cases.

(v) Prior to joining Skadden, an associate located in Skadden's New York office and practicing in the international arbitration group represented Mallinckrodt plc in connection with the company's reorganization while an associate at Latham & Watkins LLP. This associate has not had any involvement in the Chapter 11 Cases.

(vi) Prior to joining Skadden, a summer associate located in Skadden's Chicago office was a law clerk for the City of Chicago Department of Law, where the summer associate assisted the City of Chicago as a plaintiff in a case against the Debtors pending in the Northern District of Illinois. This summer associate will not have any involvement in the Chapter 11 Cases.

(vii) Prior to joining Skadden, a summer associate located in Skadden's Palo Alto office was a legal clerk at Scott Douglass & McConnico LLP, where the summer associate assisted Johnson & Johnson with research in connection with opioids. This summer associate will not have any involvement in the Chapter 11 Cases.

6

    (viii)    Prior to joining Skadden, a summer associate located in Skadden's Toronto office was a researcher at Camp Fiorante Matthews Mogerman LLP, where the summer associate assisted Her Majesty the Queen in Right of the Province of British Columbia in a class action proceeding against various pharmaceutical companies, including Purdue Pharma L.P., pending in the Supreme Court of British Columbia. This summer associate will not have any involvement in the Chapter 11 Cases.

    (ix)    Prior to joining Skadden, a summer associate located in the Wilmington Office was a paralegal at Wachtell, Lipton, Rosen and Katz, where the summer associate provided paralegal support to Cardinal Health Inc. in connection with opioid-related matters. This summer associate will not have any involvement in the Chapter 11 Cases.

11.    Skadden will continue to conduct due diligence and will file additional supplemental declarations to the extent necessary.

*[Remainder of Page Intentionally Left Blank]*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct, to the best of my knowledge, information, and belief, and after reasonable inquiry.

Dated: Wilmington, Delaware
June 15, 2021

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

*/s/     Anthony W. Clark*
Anthony W. Clark
920 N. King Street
Wilmington, Delaware 19801
Telephone: (302) 651-3080
Fax: (302) 434-3080

*Special Counsel to Debtors and Debtors-in-Possession*