UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| PURDUE PHARMA L.P., *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

**ORDER APPOINTING AN EXAMINER PURSUANT TO 11 U.S.C § 1104(c)**

Upon the motion, dated June 1, 2021, of Peter W. Jackson for the appointment of an examiner in the above-captioned cases pursuant to 11 U.S.C. § 1104(c) [ECF No. 2963] (the "**Motion**"); and upon the responses and objections to the Motion that were filed by the above-captioned debtors and debtors in possession ("**Debtors**") [ECF No. 3020], the Ad Hoc Committee of Governmental and Other Contingent Litigation Claimants ("**Ad Hoc Committee**") [ECF No. 3022], the Official Committee of Unsecured Creditors ("**UCC**") [ECF No. 3023], and the Multi-State Governmental Entities ("**MSGE**") [ECF No. 3021], and with the UCC's objection supported by the Ad Hoc Group of Hospitals, the NAS Committee, the TPP Mediation Participants and the Ratepayer Mediation Participants; and upon the reply in further support of the Motion filed by Mr. Jackson [ECF. No. 3034]; and upon the record of and representations made at the hearing held by the Court on the Motion on June 16, 2021 (the "**Hearing**"); and the Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157(a)–(b) and 1334(b) and the *Amended Standing*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717), and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

*Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Motino being a core proceeding under 28 U.S.C. § 157(b) that this Court may decide by a final order consistent with Article III of the United States Constitution; and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that no other or further notice or a hearing is required; and after due deliberation and for the reasons stated by the Court in its bench ruling issued at the Hearing, including as to the Court's findings and conclusions as to the appropriateness of the scope of the appointment hereunder, and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The United States Trustee is directed to appoint an examiner ("**Examiner**") in these chapter 11 cases pursuant to section 1104(c) of the Bankruptcy Code solely to conduct the examination as set forth herein and to prepare and file a report as described herein.

2. The Examiner is directed to investigate whether the Special Committee of the Debtors' Board of Directors (the "**Special Committee**") acted independently and not under the direction or influence of the Sackler Families[2] with respect to the Shareholder Settlement reflected in the Debtors' Fifth Amended Joint Chapter 11 Plan of Reorganization [ECF No. 2982] (the "**Shareholder Settlement**" and the topic of examination, the "**Scope**"). For the avoidance of doubt, the Scope shall not include: (i) analysis of decisions or resolutions of the Special Committee other than its determination to advance and ultimately agree to the Shareholder Settlement as specified above, (ii) assessment of the quality of the investigations conducted by the Debtors, the UCC, the Ad Hoc Committee, the MSGE or any other parties into claims against the

---

[2] The Sackler Families means the Debtors' ultimate owners (trusts for the benefit of members of the Raymond Sackler family and Mortimer Sackler family), any individual member of Raymond Sackler family or Mortimer Sackler family (including descendants), or their Related Parties, as such term is defined in the Fifth Amended Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P., and its Affiliated Debtors [ECF No. 2967].

Sackler Families before or during these chapter 11 cases (nor an assessment of the tens of millions of documents produced in connection therewith), or (iii) any factual or legal analysis of the merits of claims or causes of action against the Sackler Families.

3. The Examiner shall be permitted to interview any party-in-interest, including but not limited to the members of the Special Committee, the Debtors, the Sackler Families, the UCC, the Ad Hoc Committee, the MSGE, the Ad Hoc Group of Non-Consenting States (the "**Non-Consenting States**") or any of their advisors or professionals, to the extent the Examiner reasonably believes such persons have information relevant to the Scope. Such parties-in-interest shall make themselves available to the Examiner at such times and places as the Examiner may reasonably request. In addition, upon the request of the Examiner, the Debtors shall promptly provide, subject to the terms of the Third Amended Protective Order [ECF No. 1935] (the "**Protective Order**"), to which the Examiner shall be deemed a party, any non-privileged documents or communications that the Examiner reasonably believes are relevant to the subject matter of the Scope. For the avoidance of doubt, nothing in this Order shall override or lift the confidentiality obligations and restrictions set forth in the Order Appointing Mediators [ECF No. 895] and Order Expanding Scope of Mediation [ECF No. 1756] (collectively, the "**Mediation Orders**"), and the Examiner shall not be entitled to receive any confidential communications made by, or submissions prepared by, any Mediation Party in connection with the mediation, as set forth in the Mediation Orders; *provided however* that, notwithstanding the above confidentiality obligations and restrictions, a Mediation Party, as defined in the Mediations Orders, may provide the Examiner with any communications—if any exist—between members of the Special Committee and the Sackler Families for purposes of this examination. The Mediation Orders otherwise remain in full force and effect. The Debtors shall also provide the Examiner with all

documents and communications produced to the Non-Consenting States in connection with the confirmation hearing with respect to and relevant to the Scope. Finally, the Examiner shall also have access to the Document Reserve for Confirmation, as defined in the Second Amended Order Granting Debtors' Motion for Order Establishing Confirmation Schedule and Protocols [ECF No. 2989], and may use and rely on such materials in the discharge of the Examiner's duties under this Order.

4. The Examiner shall prepare and file a report setting forth the result of the Examiner's investigation in respect of the Scope ("**Report**") as is required by section 1106(a)(4) of the Bankruptcy Code by no later than August 1, 2021; however, the Examiner shall exercise good faith reasonable efforts to prepare and file the Report on or before July 19, 2021. Until the Examiner has filed the Report, the Examiner shall not make any public disclosures concerning the Scope or the performance of the Examiner's duties. The materials reviewed by the Examiner and any drafts of the Report shall not be subject to discovery in these chapter 11 cases; nor shall the Examiner be subject to examination in these chapter 11 cases.

5. The Examiner and any professionals retained by the Examiner shall be limited to an aggregate budget of $200,000. The Examiner may retain professionals if he or she determines that such retention is necessary to discharge his or her duties; *provided*, that if the examiner determines that he or she needs the services of counsel, the Examiner shall not employ more than one attorney; and *provided* further that if the Examiner determines that he or she needs the services of a paraprofessional for administrative matters, such as to file the Examiner's report or a fee application, the Examiner may utilize the services of paraprofessionals retained by the UCC or the Debtors. Any such retention by the Examiner, excluding the Examiner's use of paraprofessionals retained by the UCC or the Debtors, shall be subject to Court approval under standards equivalent

to those set forth in section § 327(a) of the Bankruptcy Code. Compensation and reimbursement of the Examiner and compensation and reimbursement of the Examiner's retained professionals shall be determined pursuant to section 330 of the Bankruptcy Code.

6. The Examiner shall be a "party in interest" under section 1109(b) of the Bankruptcy Code with respect to matters that are within the scope of the duties delineated in this Order or as such duties may hereafter be modified by this Court, and shall be entitled to appear at hearings and be heard with respect to matters that are within the Examiner's duties.

Dated: June 21, 2021  /s/Robert D. Drain
White Plains, New York  THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE