UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
                                                             :
In re                                                        :    Chapter 11
                                                             :
PURDUE PHARMA L.P., *et al.*,                                :    Case No. 19-23649 (RDD)
                                                             :
                                            Debtors.         :    Jointly Administered
                                                             :
------------------------------------------------------------ x

## APPLICATION FOR ORDER APPROVING APPOINTMENT OF EXAMINER

**TO THE HONORABLE ROBERT D. DRAIN,**
**UNITED STATES BANKRUPTCY JUDGE:**

William K. Harrington, the United States Trustee for Region 2, hereby applies to this Court, pursuant to Federal Rule of Bankruptcy Procedure 2007.1, for an Order approving the appointment of an examiner and in support thereof, states the following:

1. Pursuant to the Order Appointing an Examiner Pursuant to 11 U.S.C. § 1104(c) (the "Appointment Order" Docket No. 3048) dated June 21, 2021, the United States Trustee has been directed to appoint an examiner in the above-captioned Chapter 11 cases.

2. Pursuant to 11 U.S.C. § 1104(d), in the course of making his appointment, the United States Trustee consulted with counsels for the following parties in interest in these cases:

    Marshall S. Huebner, Esq., Counsel to Debtors

    Jonathan C. Lipson, Esq, Counsel to Peter Jackson

.   Arik Preis, Esq, Counsel to the Official Committee of Unsecured Creditors

    Monty Crawford, Esq, Counsel to the Multi-State Governmental Entities Group

    Kenneth H. Eckstein, Esq., Counsel to the Ad Hoc Committee of Governmental and Other Contingent Litigation Claimants

    Andrew M. Troop, Esq., Counsel to the Ad Hoc Committee of Non-Consenting States

3. Pursuant to the Appointment Order, and after consultation with the foregoing parties-in-interest, the United States Trustee has selected Stephen D. Lerner, Esq. as the examiner in these Chapter 11 cases.

4. To the best of the United States Trustee's knowledge, Stephen D. Lerner, Esq.'s qualifications to investigate whether the Special Committee of the Debtors' Board of Directors acted independently and not under the direction or influence of the Sackler Families with respect to the Shareholder Settlement reflected in the Debtors' Fifth Amended Joint Chapter 11 Plan of Reorganization, as well as Stephen D. Lerner, Esq.'s connections with the Debtors, its creditors, the Special Committee of the Debtors' Board of Directors, the Debtors' shareholders, any other parties-in-interest, their respective attorneys and accountants, the United States Trustee, and persons employed in the Office of the United States Trustee are set forth in the affidavit attached hereto as Exhibit 1.

WHEREFORE, the United States Trustee respectfully requests that the Court enter an Order Approving the Appointment of Stephen D. Lerner, Esq., as examiner, pursuant to 11 U.S.C. §1104(d), a proposed form of which is annexed hereto as Exhibit 2, and for such other and further relief as may seem just and proper.

Dated: New York, New York
       June 24, 2021

                              WILLIAM K. HARRINGTON
                              UNITED STATES TRUSTEE, Region 2

By: /s/ *Paul Schwartzberg*
     Paul Schwartzberg
     Trial Attorney
     201 Varick Street, Rm 1006
     New York, New York 10014
     Tel. No. (212) 510-0500

# EXHIBIT 1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PURDUE PHARMA L.P., *et al.*, | ) | Case No. 19-23649 (RDD) |
| | ) | |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |

**DECLARATION OF DISINTERESTEDNESS
OF STEPHEN D. LERNER PURSUANT TO THE ORDER
APPOINTING AN EXAMINER PURSUANT TO 11 U.S.C. § 1104(c)**

I, Stephen D. Lerner, hereby declare that the following is true to the best of my knowledge, information, and belief:

1. I am a partner in the law firm of Squire Patton Boggs (US) LLP ("Squire" or the "Firm"), which maintains offices for the practice of law at, among other locations, 201 E. Fourth Street, Suite 1900, Cincinnati, Ohio 45202. I am admitted, practicing, and a member in good standing of the bars of the States of Ohio and New York and I am resident in the Cincinnati, Ohio and New York, New York offices of the Firm.

2. I submit this declaration to establish my experience and that I am a "disinterested person" as that term is defined in section 101(14) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in connection with the interview conducted by the Office of the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717), and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

United States Trustee to consider that I be hired as the examiner in the above-captioned chapter 11 cases (these "Chapter 11 Cases") of Purdue Pharma, L.P. and its affiliated debtors (collectively, the "Debtors") pursuant to the *Order Appointing an Examiner Pursuant to 11 U.S.C. § 1104(c)* [Docket No. 3048] (the "Examiner Order").

3. On June 22, 2021, I was contacted by the Office of the United States Trustee to consider serving as the examiner pursuant to the Examiner Order. On that same date, I provided the Office of the United States Trustee with my relevant experience, which I will bring to the role as examiner. Specifically, I have over 35 years of experience as a bankruptcy and restructuring lawyer, beginning at Weil Gotshal and, for the last 20 years at Squire where I have led our global team for more than 12 years. I have deep corporate governance expertise, which includes:

- Serving as counsel to the Special Committee of the Board of Directors of Station Casinos before and during the Station Casinos Chapter 11 Cases in the D. Nevada;
- Serving as counsel to the Board of Directors of FirstEnergy Corp. in connection with the Chapter 11 cases of FirstEnergy Solutions, a subsidiary of non-Debtor FirstEnergy Corp., in the N.D. Ohio;
- Serving as counsel to the Board of Directors of Tuesday Morning in its Chapter 11 Cases in the N.D. Texas;
- Serving as counsel to the Board of Directors of ATLS Acquisition (Liberty Medical) in its Chapter 11 Cases in the D. Delaware;
- Serving as counsel to several members of the Board of Directors of LTV Corp. in its Chapter 11 cases in the S.D. Ohio;
- Serving as counsel to the Chairman of the Board of Directors of Elder-Beerman in its Chapter 11 Cases in the S.D. Ohio;
- Serving as counsel to the Independent Directors of Jameson in its Chapter 11 Cases in the D. Delaware;
- Serving as counsel to several members of the Board of Directors of a global manufacturing company that is currently undergoing an out of court restructuring; and
- Advising numerous boards of directors in connection with our representation of the companies for which the boards serve.

Indeed, my work alongside Neil Batson, the Examiner in Enron, as co-counsel to the Official Committee of Unsecured Creditors, provided me with relevant experience to serve as the examiner in this matter. In addition, in that matter, I was also responsible for monitoring conflicts among the committee and to ensure that that the committee's investigation was not tainted or impaired. Further, my work for the Special Committee of the Board of Directors of Station Casinos is particularly relevant as well because, in that case, the Special Committee was formed prior to the commencement of the chapter 11 cases as an independent committee to investigate whether a $7 billion leveraged buyout transaction gave rise to any potential causes of action. Our role was to establish and maintain the independence of the Special Committee. Under Nevada law, the committee did not have to be comprised solely of directors as long as one independent board member served on the committee. We took advantage of this to name two completely new and fully independent board members. We successfully guided the Special Committee in the investigation. Importantly, the work of the Special Committee was challenged by several creditor groups, including the senior bondholders. Judge Zive rejected the challenge to the independence of the Special Committee and accepted the findings of the Special Committee.

4. Further, upon being contacted by the Office of the United States Trustee, I immediately caused Squire to conduct a rush conflict check of the entities and individuals listed on **Schedule 1** attached hereto (the "Potential Adverse Parties").[2]

5. In addition to performing such conflict check, I caused a general e-mail inquiry (the "E-Mail Inquiry") to be sent on June 22, 2021, to Squire's attorneys and staff seeking any

---

[2] Generally speaking, the Potential Adverse Parties consist of (1) the Debtors, (2) the current members of the Debtors' Board of Directors, (3) the members of the Special Committee of the Board of Directors, (4) the former members of the Debtors' Board of Directors and (5) members of the Sackler family. Given the extremely short amount of time available to conduct a conflict search, Squire has only searched for conflicts and connections with respect to the Potential Adverse Parties. No search has been performed on affiliates of Potential Adverse Parties. To the extent necessary or requested, Squire will perform a search of affiliates.

3

information regarding whether any Squire attorney was currently representing or had represented in the past any of the Potential Adverse Parties. The E-Mail Inquiry uncovered no conflicts or matters to be disclosed other than as otherwise set forth herein.

6. As further detailed below, based on the results of this conflict check and responses to the E-Mail Inquiry, neither I, nor Squire, has any known connections with the Potential Adverse Parties, which would constitute a conflict in these Chapter 11 Cases now or in the future.

7. With respect to my and Squire's "disinterestedness" under section 101(14) of the Bankruptcy Code, I provide the following information:

   a. Neither Squire (or any of its attorneys) nor I am, or have been, during the pendency of these Chapter 11 Cases, a creditor, equity security holder, or insider of any of the Debtors or counsel to any of such parties.

   b. No attorney at Squire nor I am, or have been, a director, officer, or employee of any of the Debtors, or counsel for any such parties.

   c. Neither Squire nor I have an interest materially adverse to the interests of these bankruptcy estates or any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in any of the Debtors, or for any other reason.

   d. No attorney at Squire is, nor am I, a relative of any Bankruptcy Judge of the United States Bankruptcy Court for the Southern District of New York, the Office of the United States Trustee for Region 2 (the "U.S. Trustee"), or any person employed by the U.S. Trustee.

   e. Neither Squire nor I currently represent any of the Debtors or any of their affiliates or any other parties in interest in these Chapter 11 Cases. One of Squire's now

retired partners performed work on behalf of Purdue Pharma L.P. and certain former board members, including representations in opioid litigations; however, the Firm's records indicate that all matters have been closed and no time has been billed to any such matters since August 2014.

    f. Neither Squire nor I represent or have represented in the past any of the Debtors' current directors, former directors, members of the Special Committee, or members of the Sackler family. One current director and member of the Special Committee, John Dubel, is not a Squire client and there is no conflict with him. However, out of an abundance of caution, I disclose that on an entirely informal and unpaid basis, Mr. Dubel is providing background information to attorneys in Squire's Singapore office (none of which would be involved in connection with the examiner engagement) in an arbitration related to SunEdison for which Mr. Dubel formerly was the Chief Restructuring Officer. This arbitration is entirely unrelated to these Chapter 11 Cases and the scope of the examiner's role pursuant to the Examiner Order. Neither I nor any other Squire attorney that will be involved with the examiner engagement has had any involvement with the SunEdison engagement or Mr. Dubel in any capacity.

    g. Neither Squire nor I represent or have represented in the past any members of the Sackler family.

    h. Neither Squire nor I represent or have represented in the past any party in interest in connection with the Debtors' chapter 11 cases.

  8. No arrangement is proposed between the Debtors and me or Squire for compensation to be paid in these Chapter 11 Cases. No promises have been received by me, Squire or by any partner, counsel, or associate thereof as to compensation in connection with these Chapter 11 Cases other than in accordance with the provisions of the Bankruptcy Code and the

5

Examiner Order.  Squire has no agreement with any other entity to share with entity compensation received by Squire in connection with these Chapter 11 Cases.

9. If I am retained as the examiner, Squire will maintain an ongoing inquiry regarding the Potential Adverse Parties it has searched and, if I subsequently discover that Squire has any conflict in these Chapter 11 Cases, I will supplement the information in this declaration.  In addition, Squire will not represent any current client(s) on any matter involving the Debtors if I am retained as the examiner.

10. In view of the foregoing, I believe that I am a "disinterested person" within the meaning of 11 U.S.C. § 101(14).

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Date:  June 23, 2021

Stephen D. Lerner, Esq.

## Schedule 1

**Potential Adverse Parties**

**Debtors**

Adlon Therapeutics LP, Avrio Health LP, Button Land L.P., Coventry Technologies LP, Greenfield Bioventures LP, Imbrium Therapeutics LP, Nyatt Cove Lifescience Inc., Ophir Green corp., Paul Land Inc., Purdue Pharma L.P., Purdue Neuroscience Company, Purdue Pharma Inc., Purdue Pharma of Puerto Rico L.P., Purdue Pharmaceutical Products L.P., Purdue Transdermal Technologies L.P., Purdue Pharma Manufacturing, LP, Purdue Pharma Technologies Inc., Purdue Pharmaceuticals L.P., Quidnick Land L.P., Rhodes Pharmaceutical Inc., Rhodes Technologies Inc., Rhodes Pharmaceutical L.P., Seven Seas Hill Corp., SVC Pharma L.P., SVC Pharma Inc., UDF LP

**Current Members of the Debtors' Board of Directors**

Robert S. "Steve" Miller, Kenneth Buckfire, John S. Dubel, Michael Cola, Anthony Roncalli, Cecil Pickett, F. Peter Boer

**Members of the Special Committee of the Board of Directors**

Robert S. "Steve" Miller, Kenneth Buckfire, John S. Dubel, Michael Cola

**Former Members of the Debtors' Board of Directors**

Alan Dunton, Beverly Sackler, Burt Rosen, David A. Sackler, David Lundie, Edward B. Mahony, Gail Cawkwell, J. Alan Butcher, John Renger Jonathan D. Sackler, Karen Laurel, Lisa E. Pilla, Marc L. Kesselman, Maria Barton, Monica Kwarcinski, Mortimer Sackler, Paulo F. Costa, Ralph Snyderman, Richard S. Sackler, Samantha (Sackler) Hunt, Theresa Sackler, Alan Must, Brianne Weingarten, Craig Landau, David Haddox, Diana Lenkowsky, F. Mark Geraci, Ilene Sackler Lefourt, Jacques Theurillat, Jon Lowne, Josephine Martin, Kathe A. Sackler, Maggie Feltz, Marcelo Bigal, Marv Kelly, Mortimer D.A. Sackler, Paul Medeiros, Philip C. Strassburger, Raymond Sackler, Richard W. Silbert, Stuart D. Baker, Therese E. Sackler

**Members of the Sackler Family**

Jonathan D. Sackler, Ilene Sackler Lefcourt, Kathe A. Sackler, Richard S. Sackler, Raymond R. Sackler, Mortimer D. Sackler, Mortimer D.A. Sackler, Theresa E. Sackler, Beverly Sackler, Samantha (Sackler) Hunt, and David A. Sackler

# EXHIBIT 2

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| PURDUE PHARMA L.P., *et al.*, | : | Case No. 19-23649 (RDD) |
| Debtors. | : | Jointly Administered |

## ORDER APPROVING APPOINTMENT OF EXAMINER

Upon the Application of the United States Trustee for Order Approving Appointment of Examiner, dated June 24, 2021; and it appearing that Stephen D. Lerner, Esq., a disinterested person within the meaning of 11 U.S.C. §101(14), has been appointed by the United States Trustee as examiner in the above-captioned reorganization cases of Purdue Pharma, L.P. and its affiliated debtors in possession, and after due deliberation and sufficient cause appearing thereof; it is hereby

ORDERED, that the appointment of Stephen D. Lerner, Esq., as examiner, is approved in the bankruptcy cases of Purdue Pharma L.P., *et al.*, pursuant to 11 U.S.C. §1104(d).

Dated: New York, New York
      June __, 2021

_____
HONORABLE ROBERT D. DRAIN