**SQUIRE PATTON BOGGS (US) LLP**

Stephen D. Lerner
201 E. Fourth St., Suite 1900
Cincinnati, Ohio 45202
Telephone: 513.361.1200
Facsimile: 513.361.1201
stephen.lerner@squirepb.com

-and-

1211 Avenue of the Americas, 26th Floor
New York, New York 10036
Telephone: 212.872.9800
Facsimile: 212.872.9815

*Examiner*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In re:** | : | Chapter 11 |
| | : | |
| **PURDUE PHARMA L.P.,** *et al.*, | : | Case No. 19-23649 (RDD) |
| | : | |
| Debtors.[1] | : | (Jointly Administered) |

**NOTICE OF HEARING ON APPLICATION OF EXAMINER
FOR AUTHORITY TO EMPLOY AND RETAIN SCOTT A. KANE
AS ATTORNEY FOR THE EXAMINER *NUNC PRO TUNC* TO JUNE 24, 2021**

**PLEASE TAKE NOTICE** that on June 30, 2021, the examiner ("Examiner")

appointed in the above-captioned chapter 11 cases pursuant to the *Order Appointing an Examiner*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

*Pursuant to 11 U.S.C. § 1104(c)* [Docket No. 3048] filed the *Application of Examiner for Authority to Employ and Retain Scott A. Kane as Attorney for the Examiner* Nunc Pro Tunc *to June 24, 2021* (the "Application").  A hearing on the Application will be held on **July 19, 2021, at 10:00 a.m. (prevailing Eastern Time)** (the "Hearing") before the Honorable Judge Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, at the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601 (the "Court"), or at such other time as the Court may determine.

**PLEASE TAKE FURTHER NOTICE** that copies of the Application may be obtained free of charge by visiting the website of Prime Clerk LLC at https://restructuring.primeclerk.com/purduepharma.  You may also obtain copies of any pleadings by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the Hearing may be continued or adjourned thereafter from time to time without further notice other than an announcement of the adjourned date or dates at the Hearing or a later hearing.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the Application shall be in writing, shall comply with the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, shall be filed with the Court (a) by attorneys practicing in the Court, including attorneys admitted *pro hac vice*, electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov), and (b) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary

practices of the Court and General Order M-399, to the extent applicable, and shall be served in accordance with General Order M-399 and the *Second Amended Order Establishing Certain Notice, Case Management, and Administrative Procedures*, entered on November 18, 2019 [Docket No. 498], so as to be filed and received no later than **July 16, 2021 at 4:00 p.m. (prevailing Eastern Time)** (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that any objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted upon default.

**PLEASE TAKE FURTHER NOTICE** that if no objections are timely filed and served with respect to the Application, the Examiner may, on or after the Objection Deadline, submit to the Court an order substantially in the form of the proposed order annexed to the Application, which order may be entered without further notice or opportunity to be heard.

DATED: June 30, 2021               **SQUIRE PATTON BOGGS (US) LLP**

*/s/ Stephen D. Lerner*
Stephen D. Lerner
201 E. Fourth St., Suite 1900
Cincinnati, Ohio 45202
Telephone: 513.361.1200
Facsimile: 513.361.1201
stephen.lerner@squirepb.com

-and-

1211 Avenue of the Americas, 26th Floor
New York, New York 10036
Telephone: 212.872.9800
Facsimile: 212.872.9815

*Examiner*

**SQUIRE PATTON BOGGS (US) LLP**

Stephen D. Lerner
201 E. Fourth St., Suite 1900
Cincinnati, Ohio 45202
Telephone: 513.361.1200
Facsimile: 513.361.1201
stephen.lerner@squirepb.com

-and-

1211 Avenue of the Americas, 26th Floor
New York, New York 10036
Telephone: 212.872.9800
Facsimile: 212.872.9815

*Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| **In re:** | : | Chapter 11 |
|  | : |  |
| **PURDUE PHARMA L.P.,** *et al.*, | : | Case No. 19-23649 (RDD) |
|  | : |  |
| Debtors.¹ | : | (Jointly Administered) |

**APPLICATION OF EXAMINER FOR AUTHORITY TO EMPLOY AND RETAIN SCOTT A. KANE AS ATTORNEY FOR THE EXAMINER *NUNC PRO TUNC* TO JUNE 24, 2021**

The examiner ("Examiner") appointed in the above-captioned chapter 11 cases hereby

submits this *Application of Examiner for Authority to Employ and Retain Scott A. Kane as Attorney*

---

1 The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

*for the Examiner* Nunc Pro Tunc *to June 24, 2021* (the "Application"). In support of the Application, the Examiner relies on the *Declaration of Scott A. Kane in Support of the Application of Examiner for Authority to Employ and Retain Scott A. Kane as Attorney for the Examiner* Nunc Pro Tunc *to June 24, 2021* (the "Kane Declaration") filed contemporaneously with this Application and attached hereto as **Exhibit A**, and respectfully states as follows:

### Jurisdiction and Venue

1. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Examiner consents to entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Background

**I.    General Background**

2. On September 15, 2019 (the "Petition Date"), Purdue Pharma L.P. ("PPLP") and its affiliates that are debtors and debtors in possession in these cases (collectively, the "Debtors") commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On September 26, 2019, the Office of the United States Trustee for Region 2 (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code [Docket No. 131]. These chapter 11 cases are being jointly administered pursuant to

2

Bankruptcy Rule 1015(b) and the *Order Directing Joint Administration of Chapter 11 Cases* [Docket No. 59] entered by the Court in each of the chapter 11 cases.

3.  Additional information about the Debtors' businesses and the events leading up to the Petition Date can be found in the *Debtors' Informational Brief* [Docket No. 17].

## II. Appointment of Examiner

4.  On June 1, 2021, Jonathan C. Lipson, on behalf of Peter W. Jackson, filed the *Motion for Order to Appoint Examiner Pursuant to 11 U.S.C. § 1104(c)* ("Examiner Motion") requesting that an examiner be appointed in these chapter 11 cases. In response to the Examiner Motion, the Debtors, Multi-State Governmental Entities Group, Ad Hoc Committee of Governmental and Other Contingent Litigation Claimants, and Official Committee of Unsecured Creditors each objected to the Examiner Motion [Docket Nos. 3020, 3021, 3022, 3023] (collectively, the "Examiner Objections"). On June 16, 2021, the Court held a hearing on, among other matters, the Examiner Motion and Examiner Objections. At the conclusion of that hearing, the Court partially granted the relief requested in the Examiner Motion.

5.  On June 21, 2021, the Court entered the *Order Appointing an Examiner Pursuant to 11 U.S.C. § 1104(c)* [Docket No. 3048] (the "Examiner Order") directing the U.S. Trustee to appoint an examiner in these chapter 11 cases to (a) "investigate whether the Special Committee of the Debtors' Board of Directors (the "Special Committee") acted independently and not under the direction or influence of the Sackler Families with respect to the Shareholder Settlement reflected in the Debtors' Fifth Amended Joint Chapter 11 Plan of Reorganization [ECF No. 2982] (the "Shareholder Settlement" and the topic of examination, the "Scope")," (b) "interview any party-in-interest" related to the Shareholder Settlement and Scope, and (c) "prepare and file a report setting forth the result of the Examiner's investigation in respect of the Scope ("Report") . .

3

. no later than August 1, 2021," but preferably "on or before July 19, 2021." *See* ¶¶ 2-4. The Examiner Order provides the Examiner with "an aggregate budget of $200,000" and grants the Examiner the right to "employ [not] more than one attorney." *See* ¶ 5.

6.      On June 24, 2021, the U.S. Trustee filed the (a) *Notice of Appointment of Examiner* [Docket No. 3063] (the "Examiner Notice") providing notice that Stephen D. Lerner was appointed as the Examiner, and (b) *Application for Order Approving Appointment of Examiner* [Docket No. 3064] (the "Initial Application") requesting that the Court approve Stephen D. Lerner as the Examiner. On June 29, 2021, the Court entered the *Order Approving Appointment of Examiner* [Docket No. 3078] (the "Appointment Order") approving the appointment of Stephen D. Lerner as the Examiner in accordance with the terms of the Examiner Order.

## Relief Requested

7.      By this Application, and pursuant to section 327(a) of title 11 of the Bankruptcy Code, Rules 2014(a) and 2016(b) of the Bankruptcy Rules, Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), and the Examiner Order, the Examiner seeks entry of an order (the "Proposed Order") authorizing the Examiner to employ and retain Scott A. Kane as his attorney *nunc pro tunc* to June 24, 2021 to assist the Examiner to investigate the Shareholder Settlement within the bounds of the Scope and prepare and file the Report. The Examiner requests that the United States Bankruptcy Court for the Southern District of New York (the "Court") approve the employment of Mr. Kane under the terms and conditions set forth in this Application and the Examiner Order, as more fully described in the Kane Declaration.

4

**Basis for Relief**

8. The Examiner has been informed that Scott A. Kane has sought to be admitted *pro hac vice* in these cases [Docket No. 3079].

9. Mr. Kane is an experienced litigation partner at Squire Patton Boggs (US) LLP ("Squire"), the law firm in which the Examiner is a partner. The Examiner has selected Mr. Kane as his attorney because of Mr. Kane's extensive experience and knowledge of special committees, investigations, and litigation. Specifically, Mr. Kane was lead litigation counsel in Squire's representation of the special committee in *In re Station Casinos, Inc.*, Case No. 09-52477 (GWZ) (Bankr. D. Nev. 2009), which was a committee that was formed before the debtors filed for bankruptcy. The special committee's role was to serve as an independent committee to investigate whether a $7 billion leveraged buyout transaction gave rise to any potential causes of action. Mr. Kane has led numerous investigations, including by special committees. He served as counsel to the court-appointed expert on feasibility in the chapter 15 case in *In re City of Detroit*, Case No. 13-53846 (Bankr. E.D. Mich. 2013), has advised independent monitors appointed by the government in significant investigatory matters, and has extensive experience with bankruptcy proceedings.

10. Upon the Examiner Notice being filed on June 24, 2021, Mr. Kane immediately began to become familiar with the pleadings, corporate documents, and transcripts associated with the Scope. To date, Mr. Kane and the Examiner have had initial discussions with counsel for the Debtors, the Sackler family, and other key creditor groups in these cases. In addition, the Examiner and Mr. Kane are scheduling in person and/or virtual interviews with members of the Special Committee, the Sackler family, and other key parties in interest. Accordingly, Mr. Kane has significant relevant experience and has become intimately familiar with the Scope of the

investigation to effectively and efficiently assist the Examiner with his investigation and prepare and file the Report in a timely manner.

11. The Examiner believes that Mr. Kane is both well-qualified and uniquely able to represent the Examiner in an efficient and effective manner. If the Examiner is required to retain an attorney other than Mr. Kane in connection with his examination, the Examiner will be unduly and materially prejudiced, including by the time and substantial expense necessary to enable another attorney to become familiar with the Scope, completed interviews, and upcoming interviews. The Examiner, therefore, requests that the Court authorize Scott A. Kane to represent the Examiner.

### Scope of Services

12. The services of Mr. Kane are appropriate and necessary to enable the Examiner to investigate the Scope and prepare and file the Report no later than August 1, 2021. Subject to further order of the Court, the Examiner proposes to employ and retain Mr. Kane to only render legal services and examinations in accordance with the Scope and timeframe in the Examiner Order.

### Compensation

13. The aggregate budget for the services rendered by the Examiner and, if authorized, Scott A. Kane, is limited to $200,000 pursuant to Paragraph 5 of the Examiner Order. The Examiner and Mr. Kane will charge their standard hourly rates ($1,350 and $795, respectively) for this engagement and intend that the combined fees and expenses will not exceed the required $200,000 budget.

### **Squire's and Scott A. Kane's Disinterestedness**

14. As described in the *Declaration of Disinterestedness of Stephen D. Lerner Pursuant to the Order Appointing an Examiner Pursuant to 11 U.S.C. § 1104(c)*, attached as Exhibit A to the Initial Application (the "Declaration of Disinterestedness"), Squire, including Mr. Kane, are "disinterested" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and, as required by section 327(a) and referenced by section 328(c) of the Bankruptcy Code, neither hold nor represent any interest adverse to the Debtors or their estates, and (b) have no relevant and disabling connection to (i) the Debtors, (ii) the current members of the Debtors' Board of Directors, (iii) the members of the Special Committee of the Board of Directors, (iv) the former members of the Debtors' Board of Directors, and (v) members of the Sackler family (collectively, the "Potential Adverse Parties"). The Examiner has informed the U.S. Trustee that it will conduct a search of any affiliates of the Potential Adverse Parties to the extent necessary or required. If any new material and relevant facts concerning the Potential Adverse Parties are discovered by the Examiner, the Examiner will promptly file a supplemental disclosure with the Court and serve such supplemental disclosure on the U.S. Trustee.

### *Nunc Pro Tunc* **Relief Is Appropriate**

15. The Examiner seeks to employ and retain Mr. Kane *nunc pro tunc* to June 24, 2021 to account for Mr. Kane's pre-Appointment Order services. The Examiner believes that no party in interest will be prejudiced by the granting of the *nunc pro tunc* employment, as provided in this Application, because the Examiner Notice was entered on June 24, 2021 and is the date Mr. Lerner also began his investigation as the Examiner. The Local Rules empower courts in this district to approve *nunc pro tunc* employment, and the Debtors submit that such approval is justified here.

**Notice and No Prior Request**

16. Notice of this Application will be provided to: (a) the entities on the Master Service List (as defined in the Case Management Order and available on the Debtors' case website at https://restructuring.primeclerk.com/purduepharma), and (b) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").

17. A copy of this Application will also be made available on the Debtors' case information website located at https://restructuring.primeclerk.com/purduepharma. Based on the circumstances surrounding this Application and the nature of the relief requested herein, the Examiner respectfully submits that no further notice is required.

18. The Examiner has not previously sought the relief requested herein from the Court or any other court.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, the Examiner respectfully requests that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit B**, granting the relief requested herein and such other and further relief as the Court deems just and proper.

DATED: June 30, 2021 **SQUIRE PATTON BOGGS (US) LLP**

*/s/ Stephen D. Lerner*
Stephen D. Lerner
201 E. Fourth St., Suite 1900
Cincinnati, Ohio 45202
Telephone: 513.361.1200
Facsimile: 513.361.1201
stephen.lerner@squirepb.com

-and-

1211 Avenue of the Americas, 26th Floor
New York, New York 10036
Telephone: 212.872.9800
Facsimile: 212.872.9815

*Examiner*