## Exhibit A

**Kane Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| **PURDUE PHARMA L.P.,** *et al.*, | : | Case No. 19-23649 (RDD) |
|  | : |  |
| Debtors.[1] | : | (Jointly Administered) |

**DECLARATION OF SCOTT A. KANE IN SUPPORT OF THE APPLICATION OF EXAMINER FOR AUTHORITY TO EMPLOY AND RETAIN SCOTT A. KANE AS ATTORNEY FOR THE EXAMINER *NUNC PRO TUNC* TO JUNE 24, 2021**

Scott A. Kane, in support of the *Application of Examiner for Authority to Employ and Retain Scott A. Kane as Attorney for the Examiner* Nunc Pro Tunc *to June 24, 2021* (the "Application"),[2] declares as follows:

1. I am a partner in the law firm of Squire Patton Boggs (US) LLP ("Squire"), which maintains offices for the practice of law at, among other locations, 201 E. Fourth Street, Suite 1900, Cincinnati, Ohio 45202. I am admitted, practicing, and a member in good standing of the bars of the States of Ohio and Indiana and I am resident in the Cincinnati, Ohio office of Squire.

2. I submit this declaration (the "Declaration") (a) in connection with the Application wherein the Examiner seeks entry of an order authorizing the Examiner to employ and retain me in the chapter 11 cases *nunc pro tunc* to the June 24, 2021 at the rate of $795 per hour, (b) in

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

compliance with sections 329 and 504 of the Bankruptcy Code, and (c) to provide the disclosure required under Bankruptcy Rules 2014(a) and 2016(b) and Local Rules 2014-1 and 2016-1. Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein.

3. To the extent it is brought to my attention that any information disclosed herein requires amendment or modification upon, I intend to file a supplemental declaration reflecting such amended or modified information.

4. I do not represent any entity other than the Examiner in connection with the chapter 11 cases and do not represent any other party in interest in the chapter 11 cases.

5. As described in the Declaration of Disinterestedness, Squire and I are "disinterested" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and, as required by section 327(a) and referenced by section 328(c) of the Bankruptcy Code with respect to the Potential Adverse Parties.[3]

6. My applicable rate on this matter is $795 per hour. Squire adjusts its rates periodically, generally on or around January 1 of each year.

7. It is Squire's policy to charge its clients for certain expenses incurred in connection with providing certain client services, including, without limitation, travel, lodging, photocopying, postage, vendor charges, delivery service, and other expenses incurred in providing professional services. I intend to seek reimbursement for expenses and disbursements incurred in connection with the representation of the Examiner in accordance with Squire's policies and in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the UST Guidelines, the Examiner Order, and any applicable order of the Court.

---

[3] No search has been performed on affiliates of Potential Adverse Parties. To the extent necessary or requested, Squire will perform a search of affiliates.

2

8. No arrangement is proposed between the Examiner and me or Squire for compensation to be paid in these chapter 11 cases. No promises have been received by me, Squire, or by any partner, counsel, or associate thereof as to compensation in connection with these chapter 11 cases other than in accordance with the provisions of the Bankruptcy Code and the Examiner Order. Squire has no agreement with any other entity to share with entity compensation received by Squire in connection with these chapter 11 cases.

9. Squire will maintain an ongoing inquiry regarding the Potential Adverse Parties it has searched and, if I or Squire subsequently discover that Squire has any conflict in these chapter 11 cases, I will supplement the information in this Declaration. In addition, Squire will not represent any current client(s) on any matter involving the Debtors while Mr. Lerner is retained as the Examiner.

10. The foregoing constitutes my statements pursuant to sections 327(a), 329 and 504 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016(b), and Local Rules 2014-1 and 2016-1.

### **Attorney Statement Pursuant to UST Guidelines**

11. The following is provided in response to the request for additional information set forth in Section D.1 of the UST Guidelines:

**Question:** Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement?

**Answer:** No.

**Question:** Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case?

**Answer:** No.

**Question:** If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any

3

adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed post-petition, explain the difference and the reasons for the difference.

**Answer:**  Not applicable – Mr. Lerner was appointed as the Examiner on June 24, 2021.

**Question:** Has your client approved your prospective budget and staffing plan, and, if so, for what budget period?

**Answer:** The Examiner Order provides that Mr. Lerner and I cannot exceed an aggregate budget of $200,000 for fees and expenses to conduct the Examiner investigation and prepare the Report with respect to the Scope.

12.    Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed on June 30, 2021.

[*Signature Page Follows*]

*[signature]*

Scott A. Kane
Partner
Squire Patton Boggs (US) LLP