

(202) 524-4140
1717 Pennsylvania Ave, N.W., Suite 650, Washington, D.C. 20006

July 1, 2021

**Via Electronic Mail**

The Honorable Robert D. Drain
U.S. Bankruptcy Court for the Southern District of New York
300 Quarropas Street
White Plains, New York 10601

    Re:    Purdue Pharma L.P., et al.,
               Case No. 19-23649 (RDD)

Dear Judge Drain:

      We are writing on behalf of Ironshore Specialty Insurance Company, formerly known as TIG Specialty Insurance Company ("TIG") in response to Mr. Leveridge's letter of earlier this afternoon in connection with the proposed order granting TIG's motion for relief from stay.

      The order that TIG has proposed is exactly what the Court ordered. It is a concise order granting TIG's motion. The plaintiffs in the related adversary proceeding object to the order because they would like an additional provision added to the second ordered paragraph to add "subject to the Court's on the record ruling at the hearing on June 21, 2021." While that language is not itself particularly problematic, the plaintiffs indicated in discussions that they interpret that language to mean that TIG's arbitration would remain stayed pending some yet to be determined say so from plaintiffs. Such an interpretation is flatly inconsistent with the Court's order granting stay relief.

      At argument, Plaintiffs reserved the right to seek a stay if they chose to appeal the court's ruling but did not ask that TIG's arbitration remain stayed. Indeed, the court commented on this very issue, stating "Frankly, the only [issue] I had is maybe the parties wanted some time to just discuss the order that this would be done in. And you can certainly do that even if there's no stay. But despite the inefficiency of having multiple arbitrations, as I've said, that does not overcome the policy in favor of arbitration here. And I guess the debtors and plaintiffs do want to proceed promptly to get a determination. So I can understand Mr. Breene's position. So I will grant that motion…" Tr. at 112.



July 1 2021

Page 2                                                                                  *In re Purdue Pharma L.P., et al.*

    As the undersigned indicated at the hearing, TIG has no intention of relitigating any issue necessarily decided as part of confirmation proceedings, which is the representation we believed Mr. Leveridge to be referring to in his "clarification." TIG is perfectly willing to discuss scheduling and staging of the pending TIG arbitration. Indeed, as we indicated to Plaintiffs, the next step in the arbitration proceeding "is for the parties to re-commence scheduling discussions in that proceeding." We remain committed to working with the Debtor to effectuate a schedule that makes sense. But unlike the other Arbitration Insurers, TIG already has a pending arbitration as to which the Court granted stay relief.

    We respectfully request that you enter TIG's proposed order.

                                                      Very truly yours,

                                                      */s/ George R. Calhoun*

                                                      George R. Calhoun

cc:    counsel of record