**Davis Polk**

Marshall S. Huebner
+1 212 450 4099
marshall.huebner@davispolk.com
davispolk.com

Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017

June 16, 2021

Re:   Joint Tribunal for Confirmation Hearing in
      *In re Purdue Pharma L.P.*, No. 19-23649 (Bankr. S.D.N.Y.)

The Hon. Colleen McMahon
United States District Court
 for the Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl St., Courtroom 24A
New York, NY 10007-1312

Dear Judge McMahon:

We represent Purdue Pharma L.P. and certain of its affiliates (collectively, "**Purdue**" or "**Debtors**"[1]) that are debtors in the jointly administered bankruptcy cases docketed as *In re Purdue Pharma L.P.*, No. 19-23649 (Bankr. S.D.N.Y.) (collectively, "**Chapter 11 Cases**"), pending before Judge Robert D. Drain (the "**Bankruptcy Court**").

We, along with the Official Committee of Unsecured Creditors ("**UCC**"), the Ad Hoc Committee of governmental and other contingent litigation claimants ("**AHC**"), the Multi-State Governmental Entities Group ("**MSGE**"), the Ad Hoc Group of Individual Victims ("**PI Group**"), the Ad Hoc Group of Hospitals ("**Hospitals**"), the Native American Tribes Group, the Ratepayer Mediation Participants ("**Ratepayers**"), and the Ad Hoc Committee for NAS Babies ("**NAS Committee**"), write to request[2] a joint status conference before Your Honor and the Bankruptcy Court for the purpose of discussing the possibility of a joint tribunal, comprised of Your Honor and Judge Drain, to preside with respect to two aspects of confirmation of the proposed plan of reorganization for Purdue, and to address the filing of a joint motion to withdraw the reference for such limited purpose.

On June 3, 2021, just thirteen days ago, the Bankruptcy Court approved the Disclosure Statement[3] for the Plan.[4] Solicitation packages are in the process of being prepared and mailed.  We accordingly

---

[1] The twenty-four Debtors are: Purdue Pharma L.P., Purdue Pharma Inc., Purdue Transdermal Technologies L.P., Purdue Pharma Manufacturing L.P., Purdue Pharmaceuticals L.P., Imbrium Therapeutics L.P., Adlon Therapeutics L.P., Greenfield BioVentures L.P., Seven Seas Hill Corp., Ophir Green Corp., Purdue Pharma of Puerto Rico, Avrio Health L.P., Purdue Pharmaceutical Products L.P., Purdue Neuroscience Company, Nayatt Cove Lifescience Inc., Button Land L.P., Rhodes Associates L.P., Paul Land Inc., Quidnick Land L.P., Rhodes Pharmaceuticals L.P., Rhodes Technologies, UDF LP, SVC Pharma LP, and SVC Pharma Inc.

[2] This letter was sent to the Non-Consenting States Group and the Third-Party Payor Group, but as of the time of its submission, it is our understanding that they are still considering the issues raised herein.

[3] Disclosure Statement for Fifth Amended Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and its Affiliated Debtors at 24*, In re Purdue Pharma L.P.*, No. 19-23649 (Bankr. S.D.N.Y. June 3, 2021), ECF No. 2983.

believe that we are writing to you at the earliest possible opportunity under the circumstances. We write to you for the reasons set forth below.

As noted in the Disclosure Statement, the Plan is supported by almost every stakeholder group in these Chapter 11 Cases, including the UCC, the AHC, the MSGE, the Native American Tribes Group, the PI Group, the Hospitals, the TPPs, the Ratepayers, and the NAS Committee. As of the date hereof, the Debtors understand that the Non-Consenting States Group expects to object to the Plan, including on the grounds of one of the issues with respect to which we would ask Your Honor to preside as a joint tribunal.

Under the Plan, the Debtors' assets will be all but exclusively dedicated to programs to abate the opioid crisis and to fund trusts that will make distributions to qualified personal injury claimants. The Plan establishes abatement trusts for the benefit of states and localities, Native American Tribes, hospitals, insurers, and children with a history of Neonatal Abstinence Syndrome and their guardians. Each of these abatement trusts will require that the funds be dedicated exclusively to opioid abatement efforts. The Sackler families will be required to relinquish all interests in the Debtors, and to pay $4.5 billion over nine years (or ten years if certain amounts are paid ahead of schedule in the first six years), consisting of $4.275 billion that will be paid under the Plan and, to satisfy their civil settlement with the United States Department of Justice, another $225 million that has been paid. The principal consideration for such payments are the release and injunction provisions with respect to certain individuals and entities including members of the Sackler families provided for under the Plan (together, "**Shareholder Releases**").

The confirmation hearing has been scheduled to commence on August 9, 2021. Objections to the Plan are due on July 19, and the Debtors' confirmation brief and any replies to the objections, along with the joint exhibit book, joint witness list, and all case-in-chief witness declarations will be filed and served on August 2, 2021. The Final Pretrial Conference is scheduled to be held on August 5, 2021 at 10:00 am.[5]

In order to eliminate any doubt concerning the finality of any order confirming the Plan, the Debtors respectfully request that Your Honor consider presiding as a joint tribunal on only two discrete issues—the Plan's treatment of personal injury claimants and imposition of non-consensual third party releases. As noted above, the Plan establishes two trusts for the benefit of personal injury claimants and is supported by the organized groups of such claimants.[6] The Plan also provides for trust distribution procedures designed to equitably assess personal injury claimants' entitlement (if any) to a

---

[4] On June 3, 2021, the Bankruptcy Court entered an order approving the Fifth Amended Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and Its Affiliated Debtors ("**Plan**"). *See* Order Approving (I) Disclosure Statement for Fifth Amended Chapter 11 Plan, (II) Solicitation and Voting Procedures, (III) Forms of Ballots, Notices and Notice Procedures in Connection Therewith, and (IV) Certain Dates with Respect Thereto, *In re Purdue Pharma L.P.*, No. 19-23649 (Bankr. S.D.N.Y. June 3, 2021), ECF No. 2988.

[5] Second Amended Order Granting Debtors' Motion for Order Establishing Confirmation Schedule and Protocols, *In re Purdue Pharma L.P.*, No. 19-23649 (Bankr. S.D.N.Y. June 3, 2021), ECF No. 2989 ("**Protocols Order**").

[6] The Plan also establishes a trust for certain future personal injury-type claims, if any exist. The joint tribunal may be asked to make findings consistent with the parties' views that there are no such viable claims against either the Debtors or the Shareholder Released Parties.

distribution and the amount of any such distribution. Likewise, as noted above, the Plan provides for the release of claims, including personal injury claims, against certain individuals and entities including members of the Sackler families.

Although 28 U.S.C. § 157(b)(2)(B) excludes "the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11" from core proceedings that a Bankruptcy Court may hear, determine, and enter judgments and orders in (subject to appellate review under 28 U.S.C. § 158), the Debtors and the parties joining this request believe that these matters are core proceedings. The distribution procedures for existing personal injury claims also offer claimants the option to liquidate their claims in the district court, and to bring any judgment to the personal injury trust to receive a ratable payment. Nonetheless, it is possible that objecting parties may contend that the procedures governing such liquidation require an order by a district court. Likewise, while Your Honor and the Third Circuit have recently held that bankruptcy courts may issue a final order confirming a plan providing for third-party releases, *In re Kirwan Offices S.À.R.L.*, 592 B.R. 489, 504, 507 (S.D.N.Y. 2018), *In re Millennium Lab Holdings II, LLC*, 945 F.3d 126 (3d Cir. 2019), the Second Circuit has not yet squarely addressed these issues.

In an effort to eliminate any doubt with respect to jurisdictional insufficiency and, critically, to minimize delay in putting billions of dollars to work through the abatement distributions contemplated under the Plan, the Debtors and the many other parties signatory hereto request that Your Honor and the Bankruptcy Court preside as a joint tribunal, solely on the two aforementioned issues, a procedure that has been followed in a number of other bankruptcy cases that address a substantial number of personal injury claims.[7] For example, in 2003, in *In re TL Administration Corp.*, Your Honor's colleague Judge Rakoff presided alongside Judge Drain with respect to certain matters related to the confirmation of the chapter 11 plan, including the creation of a personal injury trust to compensate claimants allegedly injured by debtors' ephedra products[8] and certain third-party releases contained therein, of Twinlab Corporation.[9]

---

[7] *See, e.g.*, Memorandum Opinion, *In re Burns and Roe Enterprises, Inc.*, No. 2:08-cv-04191 (D. N.J. Sept. 15, 2008), Dkt. No. 6 (explaining that the parties objecting to the withdrawal of the reference (a group of insurers) had failed to provide any authority to support their argument that the district court and bankruptcy court could not sit as a joint tribunal with "shared jurisdiction."); *In re A.H. Robins Co.*, 88 B.R. 742, 751 (E.D. Va. 1988) (The Sixth Amended and Restated Plan of Reorganization, including the releases and disallowance of punitive damages, was approved by the District Court and Bankruptcy Court sitting jointly as "necessary and essential to avoid irreparable harm to the estate."); *In re A.H. Robins Co., Inc.*, 59 B.R. 99, 102 n.4, 105-06 (Bankr. E.D. Va. 1986) (In granting motion to withdraw the reference, the district court held it would maintain jurisdiction over "[p]roceedings involving the estimation or liquidation of any personal injury tort or wrongful death claims against the estate," including "motions to establish procedures for the filing and resolution of [t]ort claims, . . . request for declaratory relief declaring the Debtor's alleged liability for [t]ort claims, . . . [and] requests for relief under 11 U.S.C. § 105 with respect to [any] tort claims," with respect to which the district court sat alongside the bankruptcy judge in joint hearings).

[8] Earlier in the debtors' bankruptcy case, Judge Rakoff had approved an initial motion (as well as subsequent follow-on motions identifying additional cases for transfer) to transfer dozens of personal injury cases pending against the debtors related to the debtors' ephedra products to the District Court for the Southern District of New York pursuant to 28 U.S.C. § 157(b)(5) and had ordered the reference withdrawn with respect to such cases that were then consolidated as related before him. *In re Twin*

In that case, Judge Rakoff and Judge Drain consulted with each other, then-Chief Bankruptcy Judge Bernstein, and counsel to the parties in the chapter 11 cases and in the underlying pre-petition tort cases that had been previously transferred to Judge Rakoff, after which "all . . . agreed that . . . it would make sense, in the interest of judicial efficiency, for [Judge Rakoff] to withdraw the reference generally, except in limited circumstances."[10] Judge Rakoff then entered an order withdrawing the reference from the bankruptcy court for certain purposes.[11] The confirmation hearing was held before both Judge Rakoff and Judge Drain.[12] Ultimately, the Twinlab debtors' chapter 11 liquidation plan, including establishment of a personal injury trust and releases of certain non-debtor third parties, was confirmed by a joint order that both Judge Rakoff and Judge Drain signed.[13]

We address this request to Your Honor because Your Honor has gained deep familiarity with certain of the central issues relevant to the confirmation hearing through Your Honor's consideration of two consolidated appeals from Judge Drain's orders entering a preliminary injunction staying certain prepetition litigation against the Debtors and third parties. *See Dunaway v. Purdue Pharma L.P. (In re Purdue Pharma L.P.)*, 619 B.R. 38 (S.D.N.Y. 2020). The consolidated appeals addressed questions regarding the jurisdiction of the bankruptcy court to issue injunctions with respect to prepetition litigation and the effects of such litigation on the estate, which issues are likely to be relevant to confirmation of the Plan. In the absence of a joint tribunal at the confirmation hearing, an appeal of the confirmation order would likely be deemed related to those previous appeals, as the interests of justice and efficiency, including the avoidance of substantial duplication of effort by another District Court, would doubtless be served given Your Honor's familiarity with these substantially overlapping issues.[14] Your Honor's familiarity with these issues similarly suggests that judicial economy would best be

---

*Laboratories, Inc.*, 300 B.R. 836, 842 & n.1 (S.D.N.Y. 2003). These consolidated cases, eventually numbering more than 80, would subsequently become a multi-district litigation ("MDL") before Judge Rakoff docketed as *In re Ephedra Products Liability Litigation*, No. 04-md-1598. *Id.* Judge Rakoff noted in his initial transfer decision that he would continue to coordinate with the bankruptcy court with respect to further proceedings. *Id.*

[9] *See* Notice of Agenda of Confirmation Hearing at 2, *In re Ephedra Products Liability*, No. 04-md-1598, *In re TL Administration Corp.*, 03-15564 (S.D.N.Y. July 19, 2005).

[10] Withdrawal Order at 1-2, *In re Ephedra Products Liability*, No. 04-md-1598, *In re TL Administration Corp.*, 03-15564 (S.D.N.Y. March 22, 2005).

[11] *See* Withdrawal Order, *In re Ephedra Products Liability*, No. 04-md-1598, *In re TL Administration Corp.*, 03-15564 (S.D.N.Y. March 22, 2005). The withdrawal order explicitly excluded matters relating to the Debtors' non-ordinary course business operations, executory contracts, financing, cash collateral, adequate protection, professional retention, applications for allowance of compensation, claims objections other than personal injury claims, and any future referrals from the scope of the withdrawal, and further ordered that Judge Rakoff "and Judge Drain shall jointly retain jurisdiction over, and jointly hear" "all requests for an extension of the debtors' exclusive period to propose, and solicit votes on, a plan of reorganization; and . . . all hearings on the confirmation of a plan of reorganization." *Id.* at 2-3.

[12] *See* Notice of Agenda of Confirmation Hearing at 2, *In re Ephedra Products Liability*, No. 04-md-1598, *In re TL Administration Corp.*, 03-15564 (S.D.N.Y. July 19, 2005).

[13] S*ee* Order Confirming First Amended Joint Plan of Liquidation at 4-5, 35, *In re Ephedra Products Liability*, No. 04-md-1598, *In re TL Administration Corp.*, 03-15564 (S.D.N.Y. July 26, 2005).

[14] *See* Rule 13(1), Rules for the Division of Business Among District Judges–Southern District, effective Oct. 29, 2018.

The Hon. Colleen McMahon                            5                                June 16, 2021

served by Your Honor jointly presiding with Judge Drain only as to these two issues, just as Judge Rakoff's familiarity with the issues in *TL Administration* led him to preside jointly over a range of issues with Judge Drain.

Accordingly, the Debtors, together with the UCC and the undersigned ad hoc creditor groups, respectfully request the Your Honor schedule a joint status conference, to be held with Your Honor, Judge Drain, and the parties in interest to the Chapter 11 Cases, for the purpose of discussing the possibility of a joint tribunal, comprised of Your Honor and Judge Drain, to preside over the Confirmation Hearing on the two issues discussed above, and receiving Your Honor's direction regarding the procedure for implementing a joint tribunal.

Should you have any questions or concerns, the Debtors are available to discuss any of the above at Your Honor's convenience.

Respectfully,

Marshall S. Huebner

Enclosures

cc:     The Hon. Robert D. Drain
        United States Bankruptcy Court
          for the Southern District of New York
        300 Quarropas Street
        White Plains, NY 10601-4140

        Arik Preis
        Akin Gump Strauss Hauer & Feld LLP
        One Bryant Park
        New York, NY 10036
            *Counsel to the Official Committee of*
            *Unsecured Creditors*

        Kenneth H. Eckstein
        Kramer Levin Naftalis & Frankel LLP
        1177 Avenue of the Americas
        New York, NY 10036
            *Counsel for the Ad Hoc Committee*

        Kevin Maclay
        Caplin & Drysdale, Chartered
        One Thomas Circle NW, Suite 1100
        Washington, D.C. 20005
            *Counsel for the Multi-State*
            *Governmental Entities Group*

The Hon. Colleen McMahon 6 June 16, 2021

Laura L. Femino
White & Case LLP
1221 Avenue of the Americas
New York, NY 10020
   *Co-Counsel for Ad Hoc Group of
   Individual Victims*

Nicholas F. Kajon
Stevens & Lee, P.C.
485 Madison Avenue, 20th Floor
New York, NY 10022
   *Counsel for the Ratepayers*

Harold D. Israel
Levenfeld Pearlstein, LLC
2 North LaSalle Street, Suite 1300
Chicago, IL 60602
   *Counsel for Ad Hoc Committee of NAS
   Babies*

Michael P. O'Neill
Taft Stettinius & Hollister
One Indiana Square, Suite 3500
Indianapolis, IN 46204
   *Counsel for Ad Hoc Group of Hospitals*

Shannon M. McNulty
Clifford Law Offices
120 North LaSalle Street, 31st Floor
Chicago, IL 60602
   *Counsel for Ad Hoc Group of Hospitals*

Donald Simon
Sonosky, Chambers, Sachse, Endreson &
 Perry, LLP
1425 K Street, N.W., Suite 600
Washington, D.C. 20005
   *Counsel for Native American Tribes*

Andrew W. Troop
Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street
New York, NY 10019
   *Counsel to the Ad Hoc Group of Non-
   Consenting States*

The Hon. Colleen McMahon 7 June 16, 2021

Thomas M. Sobol
Hagens Berman Sobol Shapiro LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
   *Counsel for Third-Party Payors*