UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

IN RE: Purdue Pharma L.P.　　　　　　　　　CASE NO.: 19-23649-RDD

Social Security/Taxpayer ID/Employer ID/
Other Nos.: 06-1307484

---

## MEMORANDUM IN SUPPORT OF
## MOTION OF BENJAMIN PAYNE ELLIS

Creighton Bloyd and Charles Fitch submit this memorandum of law in support of the motion made by Benjamin Payne Ellis, who seeks leave to file a late claim. Ellis is apparently an opioid use disorder victim in the custody of the Washington State Department of Corrections.[1] An opioid use disorder patient in active and successful recovery, Bloyd submitted a claim on behalf of himself and others situated similarly to him, a copy of which is attached as Exhibit 1. Like Ellis, Fitch is incarcerated, and he has joined in an adversary proceeding filed by Bloyd, which proceeding seeks the restitution that opioid use disorder patients would have received under the Mandatory Victims Restitution Act, 18 U.S.C.

---

[1] Counsel for Bloyd and Fitch has reached out to Ellis's facility to schedule a telephone conference and has also reached out to Ellis by mail but has not yet succeeded in contacting him.

section 3663A, if the United States had demanded that restitution in the agreement negotiated by firms apparently representing not only the Debtors, but the Sacklers.[2]

Perhaps the single largest concentration of opioid use disorder patients in the nation are those men and women confined in prisons operated by the States. In 2019, the Substance Abuse and Mental Health Services Administration (SAMHSA) estimated that State prisons housed over 1.2 million people. See Exhibit 2, p. 3. SAMHSA estimated that 17% of that population continued to use opioids *even while in custody*. *Id.* In an action commenced pursuant to the Civil Rights of Institutionalized Persons Act against the Alabama Department of Corrections, the United States Department of Justice alleged that the extortion schemes perpetrated against drug addicted inmates were so prevalent as to violate the Eighth Amendment to the U.S. Constitution. See Exhibit 3, paras. 60, 72. Even when drugs are not involved, some of these schemes are fatal to the victims.[3]

While inmates in Rhode Island and a few other States receive medicine assisted therapy (MAT) o treat their opioid use disorders, most States do not provide MAT. Many States do not even provide meaningful counseling. Thus, the

---

[2] If any law professors wanted to clamor for an examiner to investigate conflicts of interest, it is respectfully submitted that they should turn their attention to that plea agreement, which effectively denied opioid use disorder patients a lien that could have considerably enhanced their rights in this case. If nothing else, the subject would be considerably less esoteric, and the risk of conflict would have been more plain than those currently under examination.

[3] https://www.dailypress.com/featured/sns-nyt-alabama-prisons-extortion-cellphones-20200908-ubtdt5ce55hd7ngv76gokdp25u-story.html (accessed on July 7, 2021).

2

inmates in many States are basically left to their own resources, which are often scant or non-existent, to deal with their drug addictions.

It is not clear to counsel for Bloyd and Fitch whether Ellis wants monetary restitution of the sort anticipated by the current plan proposed for confirmation. As a practical matter, this type of restitution means little to many inmates, although it may represent a great windfall to the states. As evidenced by the submission of Mark Walker, another inmate who has submitted a claim, States often garnish (or, more accurately, seize without resort to formal legal process) amounts credited to inmate trust accounts (sometimes called commissary accounts). While those seizures have recently attracted attention as they have applied to "stimulus checks,"[4] they are hardly new.

Thus, it is unclear whether Ellis wants cash money or the sort of relief requested by Bloyd and Fitch, which would take the form of a trust that subsidized third party service providers, who delivered MAT or drug counseling alone. While the cost of delivering MAT to patients in the free world is estimated at about $32,000 per person for two years of treatment, providing drug counseling via telemedicine to inmates would cost a fraction of that amount (the cost of 30

---

[4] https://theintercept.com/2021/02/17/stimulus-checks-cares-prisons-skimming-irs/.

minutes of telemedicine drug counseling in the free world is approximately $50 per 30 minute session, but prison calls are generally limited to 15 minutes per less, and telecommunication charges are greater).  For less than the professional fees paid in this case, one could likely deliver drug counseling to the entire population of inmates using opioids in State custody for two years. Especially given the difficulty that some inmates have in accessing the claims process in this case, some remedy other than cash may ultimately be more attractive to Ellis, assuming the plan is not confirmed as currently written.

      While the conditions of Ellis's confinement are not described in his motion, most inmates have little or no access to social media, billboards, or some of the other more inventive (and for all that appears, generally effective) channels that Debtor has used to solicit claims from personal injury victims in the free world. Especially if they struggle with opioid use disorder to the point where they actually succumb to usage while in custody, they may spend most of their time in "lock up," where they have no access to media at all, apart from whatever gossip circulates among correctional officers and other inmates.  Setting aside what this isolation may imply for notice requirements, etc., it is respectfully submitted that inmates, of all people, should be allowed to file late claims, especially given the leeway extended to local governments in that regard.

For the reasons set forth herein, Bloyd and Fitch respectfully urge this Court to allow Ellis to file his late claim. He may face additional, insurmountable hurdles in his effort actually to retain money, if that is the remedy he ultimately elects, and if no other inmates extort it from him. However, he should at least be allowed to try, even if that is the only path open to him.

Respectfully submitted,

s/ Frank Ozment
Frank Ozment (ASB-7203-N73J)
Frank Ozment Attorney at Law, LLC
217 Country Club Park, Box 501
Birmingham, AL 35213
Phone: (205) 847-5401
***Attorney for Plaintiffs***

**OF COUNSEL:**
Roderick Graham (ASB-3237-R74R)
Graham and Associates, P.C.
P.O. Box 43334
Birmingham, Alabama 35243
Phone: (205) 427-9494
***Attorney for Plaintiffs***