UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE:<br><br>Purdue Pharma L.P. | )<br>)<br>)<br>)<br>)  CASE NO.: 19-23649-RDD<br>)<br>)<br>) |

**Motion to Allow Late Claims
By all Opioid Use Disorder Victims
<u>Otherwise Qualifying as Class 10(b) Creditors</u>**

On behalf of themselves and all other similarly situated to them, Stacey Bridges and Charles Fitch respectfully move this Court to enter an order allowing all opioid use disorder victims otherwise qualifying as Class 10(b)) creditors under the bankruptcy plan to have their claims deemed timely filed, such that they may make claims for benefits, if they otherwise comply with the provisions of the bankruptcy plan.   In support of this motion, Bridges and Fitch state:

1.    Bridges timely filed a claim on behalf of herself and all persons situated similarly to her.  A copy of the claim is attached hereto as Exhibit 1.  She also filed an adversary proceeding but Charles Fitch was substituted for her as a plaintiff in that matter.

2.    Fitch did not timely file a claim, but joined in an adversary proceeding commenced by Bridges and Creighton Bloyd. A copy of the Amended Complaint in the adversary proceeding is attached hereto as Exhibit 2.

3. Bridges is a classic victim of Debtor's misconduct. She was prescribed opioids by a doctor who ultimately had his license revoked. When her husband died and she lost access to insurance so that she could no longer afford prescription opioids, she became a heroin addict. Today, she is in recovery, thanks to medicine assisted therapy (MAT) and counseling.

4. Fitch is an inmate in the custody of the Alabama Department of Corrections, where MAT is unavailable. Alabama and all other States collectively have custody of over 1.2 million people. Approximately 17% of those incarcerated men and women use opioids even while in custody. See Exhibit 3 (Report from the Substance Abuse and Mental Health Administration). As a practical matter, inmates have limited information, such that they would be unlikely to see the notices published by Debtors on social media, billboards, etc., to solicit claims.

5. Bridges and Fitch adequately represent absent class members, especially with respect to the limited relief presently requested. Bridges and Fitch do not request the Court to enter judgment for them or for absent class members: they ask that Fitch and absent class members, particularly those who are incarcerated, to have their claims deemed filed in a timely fashion, if Fitch and the absent class members otherwise request relief as provided in the proposed plan, as such may be modified or amended.

6. There are numerous absent class members. Even if the absent class members were as few as 200,000 inmates in State court custody, the element of numerosity is more than satisfied here.

7. The claims of Bridges and Fitch are typical, at least of those persons who have thus far survived opioid addiction.

8. By filing a class claim, Bridges has taken such steps as to preserve the interests of absent class members. As an incarcerated victim who has not filed a claim (but whose claim might nonetheless be deemed to have been filed, in light of his adversary proceeding and the lack of objection to it) Fitch's claim presents substantial factual issues common to those confronting other incarcerated opioid use disorder victims, at least with respect to the issues at hand.

9. Bridges and Fitch would emphasize that they are not asking the Court to order that all absentee class members (or even that Bridges and Fitch themselves) have a recovery regardless of otherwise complying with the bankruptcy plan, if such is confirmed. They are just asking the Court to allow the real victims of the opioid crisis to obtain benefits, regardless whether such victims timely filed claims on an individual basis.

10. Bridges and Fitch respectfully submit that allowing absent class members to file claims would be consistent with the purposes guiding this case. While cash payments may fall far short of the amount necessary to subsidize

meaningful treatment, even small amounts of cash can help both inmates and victims in the free world pay off fines or penalties that prevent them from one day enjoying a commonplace privilege such as a driver's license.

11.    The relief requested herein is consistent with the treatment afforded to governmental claimants on whose behalf no class claim was filed. See Doc. 3039 (Stipulation and Agreed Order Permitting Late Filed Governmental Opioid Claims of Certain Governmental Claimants).

12.    The relief presently requested is intended to remove all doubt about the timeliness of claims, etc., of persons who are absent class members.  Unless such persons get further relief (for example, from the trustee or from the Court), they would not be excused from timely submitting to the PI trustee such information as may be necessary actually to receive money.  Especially with respect to persons who are in the subclass of incarcerated individuals, the relief requested herein would at least allow inmates and inmate advocates to have some confidence that, if they submit the necessary data, they are not wasting their time simply because the inmates did not know to file a claim before the bar date, as such may have been extended from time.  Likewise, the relief requested herein is not open ended or indefinite. Absent order from the Court or other relief, a victim, whether incarcerated or not, would still have to submit his additional data necessary to support a demand for payment in a timely fashion.

WHEREFORE, Bridges and Fitch respectfully request this Court to enter an order allowing all persons otherwise characterized as Class 10(B) claimants to have their claims deemed as filed, provided they otherwise take such steps as to have a recovery in this case in the manner and by the time provided in the proposed plan in this case, as such may be amended or modified from time to time.

Respectfully submitted,

/s/ *Frank Ozment*
Frank Ozment (ASB-7203-N73J)

Frank Ozment Attorney at Law, LLC
217 Country Club Park, Box 501
Birmingham, AL 35213
Phone: (205) 847-5401

OF COUNSEL:
Roderick Graham (ASB-3237-R74R)
Graham and Associates, P.C.
P.O. Box 43334
Birmingham, Alabama 35243
Phone: (205) 427-9494
Attorney for Plaintiffs