# EXHIBIT 1



COPY

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor 1 | In Re: Purdue Pharma, L. P. |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | Northern District of New York |
| Case number | 7:2019-bk-23649 |



RECEIVED

FEB 0 5 2020

Prime Clerk LLC

## Official Form 410

# Proof of Claim

Claim No. [ 178 ]
Initials [ IC ] NK

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

### Part 1:    Identify the Claim

**1. Who is the current creditor?**

Stacey Bridges, on behalf of herself and all similarly situated individuals
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor    Stacey Amerson, 9311 Alabama Hwy. 91, Hanceville, AL 35077

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

C/o Roderick Graham, Esq.
Name

2910 Linden Avenue
Number    Street

Birmingham      AL      35209
City              State        ZIP Code

Contact phone  (205) 4279494

Contact email  rodgrah@hotmail.com

Where should payments to the creditor be sent? (if different)

Name

Number    Street

City              State        ZIP Code

Contact phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

— — — — — — — — — — — — — — — — — — — — — — — — —

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____

Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

**Part 2:**    **Give Information About the Claim as of the Date the Case Was Filed**

6. **Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____  ____  ____  ____

7. **How much is the claim?**    $ _contingent and unliquidated_ . **Does this amount include interest or other charges?**

☑ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. **What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

personal injury

9. **Is all or part of the claim secured?**

☑ No

☐ Yes.    The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**    $_____

**Amount of the claim that is secured:**    $_____

**Amount of the claim that is unsecured:**  $_____  (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**    $_____

**Annual Interest Rate** (when case was filed) _____%

☐ Fixed

☐ Variable

10. **Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.**    $_____

11. **Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☐ No | |
|---|---|---|

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ Yes. Check one:

**Amount entitled to priority**

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). $_____

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). $_____

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). $_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). $_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). $_____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. $_____

\* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

---

## Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

Check the appropriate box:

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  04/17/2019
                  MM / DD / YYYY

_Roderick Graham_ (signature)
Signature

Print the name of the person who is completing and signing this claim:

| Name | Roderick | | Graham |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title | Attorney | | |
| Company | Graham and Associates | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | P. O. Box 43334 | | |
| | Number        Street | | |
| | Birmingham | AL | 35243 |
| | City | State | ZIP Code |
| Contact phone | _____ | Email | Rodgrah@hotmail.com |

## ATTACHMENT TO CLAIM

On behalf of herself and all others similarly situated to her, Stacey Bridges brings this claim against the debtors for damages and equitable relief, including money damages, for the injuries that she has suffered by reason of her addiction first to Oxycontin (Oxycodone) and then to heroin.

When she was a teenager, Ms. Bridges suffered a severe accident, leaving her in very intense pain. Her doctors prescribed Oxycontin, which the debtors had promoted as safe form of pain relief. In fact, Oxy was highly addictive. Ms. Bridges became addicted to the drug. After her husband was murdered in the Walker County Jail, her doctors took her off Oxy, and she turned to heroin to satisfy the addiction that Oxy had caused.

The following years were those of almost unspeakable tragedy for Ms. Bridges. Despite having been raised by a devoted father and having had some education, she fell into a life controlled by her need for heroin. She was jailed and, while she was in jail, she was, together with several other reason, made to serve the sexual demands of the jailers. However, in very recent months, she has twice been through a medical detox program, and she is now in medically assisted therapy, the linchpin of which is a prescription for suboxone.

Ms. Bridges is uninsured. Suboxone is very expensive, as are programs for medical detox and rehabilitation and recovery.  Today, Ms. Bridges literally lives from one suboxone prescription to the next.

In this bankruptcy case, there are many municipalities and other local governments seeking money damages from the debtor. If these claims are allowed, the viability of the debtors is questionable.  Moreover, even if one assumes that such artificial legal entities as State and local governments actually suffered damages as a result of the opioid prescription practices that those entities, despite having considerable police powers, allowed to flourish, those damages pale in comparison to the suffering inflicted by those prescription practices on actual, living human beings such as Ms. Bridges.  Just as importantly, if not more importantly, any money awarded to those artificial entities will likely find its way to their general funds, where it will do little or nothing to alleviate suffering, much less the medical rehabilitation of men and women such as Ms. Bridges.

Ms. Bridges understands that there may be those who argue for an award of money damages payable directly to recovering heroin addicts such as herself. At least in her case at present and those similarly situated to her at present, such she submits that such an award would be inadvisable on an individual basis.  If for

no other reason, the impact of the legal system on current and recovering heroin

addicts is often such that they cannot safely have custody of money.  We are not

against the court given money to a person addicts to heroin.  In fact, we seek

money damages to help the addict persons start anew.

But for these and other reasons, Ms. Bridges asks this Court to establish a

channel trust broadly similar to those employed in the asbestos bankruptcies

some years ago.  She asks the Court to order the debtors to pay money into the

trust to pay for the evaluation of opioid addicts who began their addiction with

Oxy or other products manufactured by the debtors, for the medically supervised

detoxification of such addicts, for the recovery programs necessary for those

addicts to reenter society, and for the long term medically assisted therapy,

including the counseling and prescriptions (for Suboxone, Vivitrol, methadone or

other such medicines as may be necessary or advisable for such therapy).

Ms. Bridges promises vigorously to participate in the administration of any

such moneys, so that the moneys are used as efficiently as possible. Toward that

end, she promises to press those who administer the money to use telemedicine

and other measures designed to make effective therapy available to the broadest

population possible.  She has already had her counsel consult experts in the

rehabilitation of heroin addicts, as well as persons learned in telemedicine and on

the cutting edge of the delivery of addiction recovery services to persons who,

like her, live in Rural America, where the opioid crisis is often the most acute and

the need for medically assisted therapy is most necessary.  She also asks that her

lawyers be awarded a reasonable attorneys' fee.