DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut
Christopher S. Robertson

*Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (RDD)** |
| **Debtors.**[1] | **(Jointly Administered)** |

**COVER SHEET TO THE FIFTH INTERIM APPLICATION OF DAVIS POLK &
WARDWELL LLP FOR COMPENSATION FOR SERVICES RENDERED AND
REIMBURSEMENT OF EXPENSES INCURRED AS COUNSEL TO THE DEBTORS AND
DEBTORS IN POSSESSION FOR THE PERIOD FROM FEBRUARY 1, 2021 THROUGH
MAY 31, 2021**

In accordance with Rule 2016-1 of the Local Rules of Bankruptcy Procedure,

incorporating the *Amended Guidelines for Fees and Disbursements for Professionals in the*

*Southern District of New York Bankruptcy Cases* [General Order M-447], among other

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

guidelines (the "**Local Guidelines**") and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals* [ECF No. 529] (the "**Interim Compensation Order**"), Davis Polk & Wardwell LLP ("**Davis Polk**"), counsel for the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), submits this summary (this "**Summary**") of fees and expenses sought as actual and necessary in the fee application to which this Summary is attached (the "**Application**") for the period of February 1, 2021 through May 31, 2021 (the "**Fee Period**").

| *General Information* | |
|---|---|
| **Name of Applicant:** | Davis Polk & Wardwell LLP |
| | Counsel to the Debtors and Debtors in Possession |
| **Authorized to Provide Services to:** | Purdue Pharma L.P., *et al.* |
| **Petition Date:** | September 15, 2019 |
| **Retention Date:** | November 25, 2019 *nunc pro tunc* to September 15, 2019 |
| **Date of Order Approving Retention:** | November 25, 2019 [ECF No. 542] |
| *Summary of Fees and Expenses Requested for the Compensation Period* | |
| **Time Period Covered by This Application:** | February 1, 2021 through May 31, 2021 |
| **Total Compensation Requested:** | $34,450,050.00[2] |
| **Total Expenses Requested:** | $167,729.08 |

---

[2] This amount reflects a fee discount of $9,588.00 applied after the *Twenty-First Monthly Fee Statement of Davis Polk & Wardwell LLP for Compensation for Services and Reimbursement of Expenses Incurred as Counsel to the Debtors and Debtors in Possession for the Period from May 1, 2021 through May 31, 2021* [ECF No. 3101] ("**May Monthly Fee Statement**") was filed.

| | |
|---|---|
| **Total Compensation and Expenses Requested:** | $34,617,779.08 |

| **Summary of Past Requests for Compensation and Prior Payments**[3] | |
|---|---|
| **Compensation Sought in This Application Already Paid Pursuant to a Compensation Order but Not yet Allowed:** | $27,558,122.40 |
| **Expenses Sought in This Application Already Paid Pursuant to a Compensation Order but Not yet Allowed:** | $167,729.08 |
| **Total Compensation and Expenses Sought in This Application Already Paid Pursuant to a Compensation Order but Not yet Allowed:** | $27,725,851.48 |

| **Summary of Rates and Other Related Information for the Compensation Period** | |
|---|---|
| **Blended Rate in This Application for All Partners, of Counsel, and Associates:** | $1,102.08 |
| **Blended Rate in This Application for All Timekeepers:** | $1,067.59 |
| **Number of Professionals Included in This Application:** | 152 |
| **Difference Between Fees Budgeted and Compensation Sought for This Period:** | $8,024,686.00 |
| **Number of Professionals Billing Fewer Than 15 Hours During This Period:** | 37 |

---

[3] Pursuant to the Interim Compensation Order, objections to the *Twenty-First Monthly Fee Statement of Davis Polk & Wardwell LLP for Compensation for Services and Reimbursement of Expenses Incurred as Counsel to the Debtors and Debtors in Possession for the Period from May 1, 2021 through May 31, 2021* [ECF No. 3101] (the "**May Monthly Fee Statement**") were to be filed no later than July 15, 2021. No objection or other responsive pleading to the May Monthly Fee Statement has been (a) filed with the Court on the docket of the above-captioned chapter 11 cases or (b) served on the Debtors or Davis Polk. Accordingly, Davis Polk anticipates that, prior to the hearing with respect to this Application, it will receive compensation in the amount of $8,184,094.40, which is equal to 80% of the total amount of reasonable compensation for actual, necessary legal services that Davis Polk incurred in connection with such services during the period from May 1, 2021 through and including May 31, 2021 (the "**May Fee Period**") minus a fee discount of $9,588.00 applied after the May Monthly Fee Statement was filed and payment of $43,821.70 for the actual, necessary expenses of Davis Polk incurred in connection with such services during the May Fee Period.

**Increase in Rates Since Date of Retention:**    The compensation period includes a customary annual rate increase for all time keepers which occurred on January 1, 2021, as disclosed on the Court docket at ECF 2219.

This is a(n):        ___ monthly      _x_ interim      ___ final application

**Summary of Prior Monthly Fee Statements of Davis Polk & Wardwell LLP**

| Period Covered and ECF No. | Total Fees Requested | Total Expenses Requested | Total Fees and Expenses Requested | Fees Paid | Expenses Paid | Total Balance Remaining to be Paid |
|---|---|---|---|---|---|---|
| 2/1/2021 – 2/28/2021 ECF No. 2615 | $7,400,713.00 | $35,087.10 | $7,435,800.10 | $5,920,570.40 | $35,087.10 | $1,480,142.60 |
| 3/1/2021 – 3/31/2021 ECF No. 2885 | $7,978,362.50 | $45,136.76 | $8,023,499.26 | $6,382,690.00 | $45,136.76 | $1,595,672.50 |
| 4/1/2021 – 4/30/2021 ECF No. 2990 | $8,850,444.50 | $43,683.52 | $8,894,128.02 | $7,080,355.60 | $43,683.52 | $1,770,088.90 |
| 5/1/2021 – 5/31/2021 ECF No. 3101[4] | $10,230,118.00 | $43,821.70 | $10,273,939.70 | $8,174,506.40 | $43,821.70 | $2,036,435.60 |

---

[4] Pursuant to the Interim Compensation Order, objections to the *Twenty-First Monthly Fee Statement of Davis Polk & Wardwell LLP for Compensation for Services and Reimbursement of Expenses Incurred as Counsel to the Debtors and Debtors in Possession for the Period from May 1, 2021 through May 31, 2021* [ECF No. 3101] (the "**May Monthly Fee Statement**") were to be filed no later than July 15, 2021. No objection or other responsive pleading to the May Monthly Fee Statement has been (a) filed with the Court on the docket of the above-captioned chapter 11 cases or (b) served on the Debtors or Davis Polk. Accordingly, Davis Polk anticipates that, prior to the hearing with respect to this Application, it will receive compensation in the amount of $8,184,094.40, which is equal to 80% of the total amount of reasonable compensation for actual, necessary legal services that Davis Polk incurred in connection with such services during the period from May 1, 2021 through and including May 31, 2021 (the "**May Fee Period**") minus a fee discount of $9,588.00 applied after the May Monthly Fee Statement was filed and payment of $43,821.70 for the actual, necessary expenses of Davis Polk incurred in connection with such services during the May Fee Period.

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut
Christopher S. Robertson

*Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.**, *et al.*, | **Case No. 19-23649 (RDD)** |
| **Debtors.**[1] | **(Jointly Administered)** |

**FIFTH INTERIM APPLICATION OF DAVIS POLK & WARDWELL LLP FOR
COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF
EXPENSES INCURRED AS COUNSEL TO THE DEBTORS AND DEBTORS IN
POSSESSION FOR THE PERIOD FROM FEBRUARY 1, 2021
THROUGH MAY 31, 2021**

Pursuant to sections 327, 330, and 331 of chapter 11 of title 11 of the United States Code

(the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the

"**Bankruptcy Rules**"), Rule 2016-1 of the Local Rules of Bankruptcy Procedure, incorporating

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

the *Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York Bankruptcy Cases* [General Order M-447], among other guidelines (the "**Local Guidelines**"), The United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases effective as of November 1, 2013 (the "**U.S. Trustee Guidelines**," and together with the Local Guidelines, the "**Fee Guidelines**"), and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals* [ECF No. 529] (the "**Interim Compensation Order**"), Davis Polk & Wardwell LLP ("**Davis Polk**"), counsel for the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), submits this *Fifth Interim Application for Compensation for Services Rendered and Reimbursement of Expenses Incurred for the Period from February 1, 2021 Through May 31, 2021* (this "**Application**"). By this Application, Davis Polk seeks allowance of compensation for actual and necessary professional services rendered for the Debtors in the total amount of $34,450,050.00, and for reimbursement of actual, necessary disbursements that Davis Polk incurred in connection with such services in the total amount of $167,729.08, for an aggregate total of $34,617,779.08 during the period of February 1, 2021 through May 31, 2021 (the "**Fee Period**").

## Jurisdiction

1.      The United States Bankruptcy Court for the Southern District of New York (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

3.      On September 15, 2019 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On September 18, 2019, the Court entered an order [ECF No. 59] authorizing the joint administration and procedural consolidation of the Debtors' chapter 11 cases pursuant to Bankruptcy Rule 1015(b).  No entity has requested the appointment of a trustee or examiner in these chapter 11 cases.  On September 27, 2019, the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed an official committee of unsecured creditors (the "**UCC**") pursuant to section 1102 of the Bankruptcy Code [ECF No. 131].

4.      A description of the Debtors' businesses, the reasons for commencing the chapter 11 cases, and the relief sought from the Court to facilitate effective administration of these chapter 11 cases are set forth in the *Debtors' Informational Brief* [ECF No. 17].

5.      On November 21, 2019, the Court entered the Interim Compensation Order, which sets forth the procedures for interim compensation and reimbursement of expenses for all professionals in these cases.

6.      On April 8, 2020, the Court entered the *Order Authorizing the Appointment of Independent Fee Examiner Pursuant to 11 U.S.C. § 105(a) and Modifying Interim Compensation Procedures for Certain Professionals Employed Pursuant to 11 U.S.C. § 327* [ECF No. 1023], appointing  David M. Klauder as the fee examiner in these cases.

## The Debtors' Retention of Davis Polk

7.      On November 25, 2019, the Court entered the *Order Approving Application of Debtors for Authority to Employ and Retain Davis Polk & Wardwell LLP as Attorneys for the*

*Debtors Nunc Pro Tunc to the Petition Date* [ECF No. 542] (the "**Retention Order**"),
authorizing Davis Polk's retention by the Debtors.  The Retention Order attached hereto as
**Exhibit B** and incorporated by reference allows the Debtors to compensate and reimburse Davis
Polk in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Guidelines, and
the Interim Compensation Order.

8.      The Retention Order also authorizes the Debtors to compensate Davis Polk at its
hourly rates charged for services of this type and for the firm's actual, necessary expenses
incurred in connection such services rendered during the Fee Period.  Among other things, it
permits Davis Polk to render the following services:

> a.    prepare, on behalf of the Debtors, all necessary or appropriate motions, applications, objections, replies, answers, orders, reports and other papers in connection with the administration of the Debtors' estates;

> b.    counsel the Debtors with regard to their rights and obligations as debtors in possession, and their powers and duties in the continued management and operation of their businesses and properties;

> c.    provide advice, representation and preparation of necessary documentation and pleadings and taking all necessary or appropriate actions in connection with statutory bankruptcy issues, strategic transactions, asset sale transactions, real estate, intellectual property, employee benefits, tort, commercial and governmental litigation, and corporate and tax matters;

> d.    take all necessary or appropriate actions to protect and preserve the Debtors' estates, including the prosecution of actions on the Debtors' behalf, the defense of any actions commenced against the Debtors, the negotiation of disputes in which the Debtors are involved and the preparation of objections to claims filed against the Debtors' estates;

> e.    take all necessary or appropriate actions in connection with any chapter 11 plan, all related disclosure statements, all related documents and such further actions as may be required in connection with the administration of the

4

Debtors' estates; and

f.    act as restructuring counsel for the Debtors and performing all other necessary or appropriate legal services in connection with the chapter 11 cases.

## Compensation Paid and Its Sources

9.    All services during the Fee Period for which compensation is requested by Davis Polk were performed for or on behalf of the Debtors.  Additionally, Davis Polk has not received any payment or promises of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with matters covered by this Fee Application.   A certification confirming Davis Polk's compliance with the Fee Guidelines is annexed hereto as **Exhibit A**.

10.    To the extent that billable time or disbursement charges for services rendered or expenses incurred relate to the Fee Period, but were not processed prior to the preparation of this Fee Application, Davis Polk reserves the right to request compensation for such services and reimbursement of such expenses in a future fee application.

11.    These professional services were rendered by Davis Polk's partners, counsel, associates and paraprofessionals from its various practice groups, including restructuring, litigation, corporate, intellectual property, executive compensation and benefits, and tax.

## Summary of Professional Compensation and Reimbursement of Expenses Requested

12.    During the Fee Period, Davis Polk's professionals and paraprofessionals expended a total of 32,269.1 hours in connection with providing necessary services.  Davis Polk has been able to efficiently provide services by utilizing the expertise of professionals and paraprofessionals within relevant practice groups to effectively advise the Debtors regarding discrete issues and ensuring that the level of seniority is commensurate with the assignment. Davis Polk, in connection with services rendered on behalf of the Debtors, respectfully requests

allowance of reasonable compensation of such services rendered in the total amount of $34,450,050.00 and reimbursement of actual and necessary expenses incurred in the amount of $167,729.08, for an aggregate total of $34,617,779.08 for the Fee Period.  Annexed hereto as **Exhibit C** is a list of Davis Polk Professionals and paraprofessionals, their position with the firm, the department in which the individual practices, the hourly rate charged for their services, the number of hours worked on this matter, and other pertinent information.  **Exhibit D** annexed hereto is a list of the various categories and the total fees and total hours expended by subject matter category.  Davis Polk maintains computerized, detailed time records of services rendered by its professionals and paraprofessionals.  The detailed records for this Fee Period were appended to Davis Polk's Monthly Fee Statements.  Davis Polk engaged in ongoing discussions with the Debtors regarding budgeting and staffing issues.  Annexed hereto as **Exhibit E** is Davis Polk's budget plan in connection with services rendered to the Debtors.

### Case Status

13.    Certain of the Debtors have been named in over 2,900 civil actions pending in various state and federal courts and other fora across the United States and its territories (the "**Pending Actions**").  The Debtors commenced these chapter 11 cases to pursue a fair and efficient global resolution of the Pending Actions in order to preserve the value of the Debtors' estates and put that value to work helping address and combat the opioid crisis.  On June 17, 2021, the Court extended the preliminary injunction with respect to the Pending Actions, through August 30, 2021.[2]

---

[2] The Preliminary Injunction was initially entered on October 11, 2019, became final on November 6, 2019, *see* Second Amended Order Pursuant to 11 U.S.C. § 105(a) Granting Motion For a Preliminary Injunction, *Purdue Pharma L.P. v. Commonw. of Mass.*, Adv. Pro. No. 19-08289 (Bankr. S.D.N.Y. Nov. 6, 2019) [ECF No. 105], and has been subsequently amended.  The currently operative preliminary injunction order was entered on March 1, 2021. *See* Fifteenth Amended Order Pursuant to 11 U.S.C. § 105(a) Granting Motion for a Preliminary Injunction, (….continued)

14.     The Debtors made meaningful progress towards a successful reorganization during the Fee Period.  Among other things, during the Fee Period the Debtors negotiated, drafted and filed their chapter 11 plan of reorganization (as amended, the "**Plan**") and accompanying disclosure statement (the "**Disclosure Statement**"). The Plan reflects a number of highly-negotiated settlements and compromises, including a significantly improved settlement with the Debtors' shareholders that, among other things, increases the amount they will be required to pay in the aggregate from $3.0 billion to $4.5 billion. The Court approved the adequacy of information in the Disclosure Statement[3] and procedures relating to solicitation of votes on the Plan and conduct of the confirmation hearing after a series of hearings during the Fee Period. The Debtors continued to manage the extremely complicated and extensive Rule 2004 discovery issues surrounding numerous diligence requests to and from various constituencies.  Furthermore, the Debtors continued a robust investigation and analysis of potential claims by the Debtors against members of the Sackler Families and their associated companies and trusts.  At the same time, the Debtors continued to operate their businesses in the challenging environment posed by these Chapter 11 Cases.

15.     As the foregoing summary demonstrates, the Debtors have accomplished a great deal in the Fee Period, and continue to make progress on many different fronts.

---

(continued….)

*Purdue Pharma L.P. v. Commonw. of Mass.*, Adv. Pro. No. 19-08289 (Bankr. S.D.N.Y. Mar. 1, 2021) [ECF No. 224].

[3] The Court has since entered an order approving the Disclosure Statement and the solicitation and voting procedures. *See Order Approving (I) Disclosure Statement for Fifth Amended Chapter 11 Plan (II) Solicitation and Voting Procedures, (III) Forms of Ballots, Notices and Notice Procedures in Connection Therewith, and (IV) Certain Dates with Respect Thereto* [ECF No. 2988]. The Debtors have since distributed the plan of reorganization and Disclosure Statement to eligible claimants for voting. *See Fifth Amended Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and its Affiliated Debtors* [ECF No. 2982]; *Disclosure Statement for Fifth Amended Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and its Affiliated Debtors* [ECF No. 2983].

## Summary of Services Rendered

16.     Davis Polk provided extensive and critical professional advice and other services in connection with the key developments described above and on myriad other important issues, often on an urgent basis and within a limited time frame.  Summaries of significant services are detailed below in accordance with Davis Polk's internal system of project categories:

Asset Acquisitions/Dispositions
Fees: $23,478.00,  Total Hours: 19.5

- Under this project category, Davis Polk assisted the Debtors with issues related to the potential sale of certain assets of the Debtors, among other things.  Specifically, Davis Polk:
  - Advised the Debtors regarding the potential sale of certain of the Debtors' investments;  and
  - Participated in calls and meetings with the Debtors, their advisors, and other parties in interest in connection with same.

Automatic Stay/Preliminary Injunction/Litigation/DOJ
Fees: $2,541,463.00,  Total Hours: 2,187.7

- Under this project category, Davis Polk assisted the Debtors with issues arising in conjunction with (i) activities related to the preliminary injunction; (ii) activities related to the enforcement of the automatic stay and of the preliminary injunction; (iii) defensive litigation efforts, including, among other things, activities related to various omnibus hearings, and motions to unseal, and (iv) issues related to *Bloyd* adversary proceeding and insurance adversary proceeding:
  - With respect to the preliminary injunction:
    - Prepared to move to extend the preliminary injunction multiple times, including researching issues and drafting and filing motion papers in response to objections to extension; engaged with numerous creditors and creditors groups regarding possible further extension of the preliminary injunction;
    - Prepared for multiple oral arguments in defense of extending the preliminary injunction;  and
    - Communicated with Prime Clerk LLC ("**Prime Clerk**") regarding ongoing notice and service issues for a proceeding involving hundreds of parties.
  - With respect to the defense of the automatic stay and the preliminary

injunction:

- ▪ Tracked, reviewed, and responded to (threatened and completed) court filings by various parties in violation of the automatic stay;

- ▪ Reviewed, researched, and analyzed various stay- and preliminary-injunction-violation issues as they arose, including complaints filed after the petition date, continued litigation after the preliminary injunction order was entered, and additional service issues; and

- ▪ Communicated with various creditors, pro se parties, and counsel regarding potential violations of the automatic stay and preliminary injunction.

- o With respect to other defensive litigation efforts:

  - ▪ Drafted arguments for various hearings, including but not limited to the February 17, 2021 Omnibus Hearing, the March 1, 2021 Omnibus Hearing, the March 24, 2021 Omnibus Hearing, the April 6, 2021 Hearing, April 21, 2021 Omnibus Hearing, the May 12, 2021 Hearing, the May 20, 2021 Omnibus Hearing, and the May 26, 2021 Hearing. Prepared materials for oral argument for the same. Communicated with Debtors' other counsel, including tort counsel, on hearing strategy. Reviewed and analyzed hearing transcripts. Advised on strategy regarding various issues that could have potential litigation consequences; and

  - ▪ Researched and analyzed legal issues in connection with Media Intervenors' motion to unseal judicial documents. Reviewed and revised redactions of judicial documents. Engaged with the Debtors, co-counsel, counsel for the Media Intervenors, as well as related parties regarding Debtors' unsealing of judicial documents. Drafted responsive motion papers and correspondence related to unsealing motion. Prepared for oral argument in connection with Media Intervenors' motion.

- o With respect to the *Bloyd* adversary proceeding:

  - ▪ Researched and analyzed issues in connection with Debtor's motion to dismiss the *Bloyd* adversary proceeding. Draft multiple stipulations to extend time to answer or otherwise respond; and

  - ▪ Communicated and corresponded with counsel for plaintiffs and other defendants regarding *Bloyd* proceeding;

- o With respect to the insurance adversary proceeding:

  - ▪ Researched and analyzed legal issues in connection with insurance adversary proceeding. Engaged with Debtors and Debtors' other advisors, including insurance counsel, regarding the same.

- o With respect to potential litigation of discovery/diligence issues:

  - ▪ Researched and analyzed legal issues in connection with the

Debtors' withholding of privileged documents. Advised the Debtors on strategy in connection with production of documents; and

- ▪ Engaged with the Debtors, co-counsel, and counsel for the UCC and related parties regarding designations of documents under the Protective Order.

Bar Date/Estimation/Claims/Allowance Issues
Fees: $1,138,676.50, Total Hours: 980.3

- Under this project category, Davis Polk assisted the Debtors with the analysis, negotiation, and preparation of materials related to various claims-related motions, as well as issues related to estimation, allowance, allocation, valuation, and settlement of claims. Specifically, Davis Polk:

  o Conducted legal research and factual diligence on a wide variety of claims-related issues, including objection procedures, estimation, allowance, allocation, damages, valuation, abatement, proofs of claim, and settlement and mediation thereof, to assess the Debtors' options for resolving and exiting these chapter 11 cases;

  o Consulted with and responded to inquiries from the Debtors, the Creditors' Committee, and other stakeholders regarding the foregoing;

  o Researched and prepared mediation materials, and attended presentations and mediation sessions with the mediators and/or various parties;

  o Researched, prepared, and filed litigation materials to resolve claims-related motions filed by creditors, including late claim motions and motions for claim payment;

  o Researched, drafted, filed, negotiated, and received Court approval of *Motion of Debtors for Entry of Order Approving (I) Omnibus Objection Procedures, (II)* Omnibus *Claims Settlement Procedures and (III) Omnibus Claims Hearing Procedures* [ECF No. 2490];

  o Researched and drafted omnibus claims objections;

  o Coordinated and consulted with Cornerstone Research and co-counsel regarding claims analyses and valuation discussions with the Debtors, the Creditors' Committee, and other creditor constituencies; and

  o Coordinated and consulted with the Debtors' Court-appointed claims and noticing agent, Prime Clerk, and co-counsel regarding claims issues, proofs of claim, claimant questions, and claims analysis.

Corporate Governance, Board Matters and Communications
Fees: $490,596.00, Total Hours: 350.5

- Under this project category, Davis Polk assisted the Debtors' board of directors (the "Board") and various Board committees with analysis and advice regarding

corporate governance issues, reviewed and prepared corporate documents, and provided advice regarding communications with the media and other stakeholders, among other things. Specifically, Davis Polk: Prepared for and attended general meetings of the Board, the Special Committee of the Board and other committees thereof;

o   Coordinated review of press releases and reports;

o   Advised, prepared materials for, and participated in numerous meeting and calls with the Board and various committees, including on issues regarding emergence from chapter 11, pending litigation, and chapter 11 case status and strategy;

o   Drafted and reviewed various governance documents for the Board and various committees including minutes, resolutions, secretary certificates, shareholder and director consents; and

o   Conducted research and advised the Debtors with respect to various public filings, disclosure requirements, audits, examinations, inquiries and other issues.

Creditor/UCC/AHC Issues
Fees: $2,050,746.50,  Total Hours: 2,896.3

•   Under this project category, Davis Polk assisted the Debtors with coordinating and communicating with creditors, including the UCC, the Ad Hoc Committee and the Non-Consenting States Group on a variety of issues.  Specifically, Davis Polk:

o   Prepared, reviewed and revised materials for, corresponded with, and participated in meetings with the UCC, the Ad Hoc Committee, the Non-Consenting States Group and other creditor groups regarding all aspects of the Chapter 11 cases, including the production of diligence and documents in response to various information requests and subpoenas;

o   Coordinated with Debtors, in-house electronic discovery team and external vendors (PJT Partners, AlixPartners, Cobra and TCDI) for the compilation of information, answers, summaries and documents responsive to diligence requests;

o   Conducted review of thousands of documents and communications for ongoing productions of electronically stored information and privilege logs to the UCC, the Ad Hoc Committee, the Non-Consenting States Group and other creditor groups in coordination with counsel for the independent associated companies and Sackler families' counsel;

o   Prepared, discussed, reviewed and revised responses to NAS Ad Hoc Committee's Rule 2004 Discovery motions, document requests, and 30(b)(6) deposition notices, and conferred with the NAS Ad Hoc Committee to resolve issues in connection with those requests; and

  o Prepared, discussed, reviewed, and revised materials in collaboration with Debtors, in-house electronic discovery team and external vendors (AlixPartners, KLD) in preparation for confirmation related discovery, including development of the confirmation document reserve.

Cross border/International Issues
Fees: $16,788.00, Total Hours: 12.6

- Under this project category, Davis Polk assisted the Debtors with issues related to claims and proceedings in foreign jurisdictions, among other things. Specifically, Davis Polk:

  o Coordinated and managed foreign proceedings, and monitored critical dates and case workstreams in order to facilitate effective progress; and

  o Conducted regular conferences and calls with foreign counsel and parties in interest.

Equityholder/IAC Issues
Fees: $524,169.50, Total Hours: 308.8

- Under this project category, Davis Polk assisted the Debtors with the analysis of issues concerning the Debtors' equityholders and independent associated companies ("**IACs**"). Specifically, Davis Polk:

  o Attended and participated in numerous meetings with counsel for the equityholders on issues including shareholder diligence, contribution issues, tolling agreement and settlement agreement;

  o Attended discussions and meetings with shareholder counsel and counsel for other parties in interest regarding mediation and related issues; and

  o Conducted research and analysis of intercompany transactions involving IACs.

Customer/Vendor/Lease/Contract Issues
Fees: $199,659.50, Total Hours: 186.5

- Under this project category, Davis Polk assisted the Debtors with issues related to the Debtors' customers and vendors, negotiations with lease and contract parties and preparation of pleadings and litigation regarding the Debtors' commercial agreements, among other things. Specifically, Davis Polk:

  o Conducted extensive research and reviewed and analyzed numerous executory and other contracts, leases, and agreements in response to inquiries from the Debtors and the Debtors' other advisors;

  o Reviewed and analyzed numerous executory and other contracts, leases, and agreements in connection with emergence planning;

  o Discussed with the Debtors' management and advisors matters regarding

emergence planning, related contract review and insurance transfer matters and related issues (including discussions with potential insurers); and

o   Drafted and reviewed amendments to numerous commercial agreements under negotiation by contractual counterparties and Debtor's management.

Employee/Pension Issues
Fees: $121,443.50, Total Hours: 86.8

- Under this project category, Davis Polk assisted the Debtors with the review and analysis of employee-related issues including compensation, bonuses, incentive plans, severance and retirement plan issues, among other things. Specifically, Davis Polk:

   o   Reviewed and discussed materials on compensation programs and pension plan issues with the Debtors and their advisors;

   o   Drafted and revised resolutions and other documents related to employee compensation;

   o   Advised the Debtors in connection with the proposed Key Employee Incentive Plan and Key Employee Retention Plan; and

   o   Advised the Debtors on questions and issues related to compensation, termination and retirement provisions, personnel related matters, and related regulatory filings.

General Case Administration
Fees: $1,891,175.00, Total Hours: 1,727.0

- Under this project category, Davis Polk assisted the Debtors with general matters related to case administration, including case coordination, case calendaring, the filing of court papers, and attending hearings. Specifically, Davis Polk:

   o   Prepared for and attended:

      ▪   The Omnibus Hearing on February 17, 2021

      ▪   The Omnibus Hearing on March 24, 2021

      ▪   The Omnibus Hearing on April 06, 2021

      ▪   The Omnibus Hearing on April 21, 2021

      ▪   The Disclosure Statement Hearing on May 12, 2021

      ▪   The Omnibus Hearing on May 20, 2021

      ▪   The Disclosure Statement Hearing on May 26, 2021

   o   Prepared for, coordinated, and attended weekly internal meetings on case status in order to develop and efficiently manage workstreams;

   o   Maintained a critical dates calendar for clients and co-advisors and reviewed and distributed filings on the Court's docket to the Debtors' co-advisors and

internal teams;

- o Provided advice regarding matters not reflected in other project codes;

- o Prepared and revised various pleadings, including motions related to sealing documents; and

- o Drafted and filed numerous court papers related to case administration, including notices of hearing dates and adjournments and hearing agendas.

<u>Non-DPW Retention and Fee Issues</u>
Fees: $82,800.00, Total Hours: 69.7

- Under this project category, Davis Polk assisted the Debtors with the preparation of retention materials, disclosures and fee applications for the Debtors' non-Davis Polk professionals. Specifically, Davis Polk:

  - o Assisted with the selection of and application to obtain court authorization to retain new ordinary course professionals;

  - o Coordinated with various professionals regarding seeking approval of their interim fee applications and ordinary course professional fee cap increases;

  - o Assisted and responded to inquiries from the Debtors' other professionals with respect to retention and the preparation and filing of fee statements and applications;

  - o Conducted legal research regarding and advised the Debtors in connection with co-professional retention issues; and

  - o Attended numerous calls and corresponded with the Debtors and the Debtors' other professionals regarding the retention process and related fee orders.

<u>Support Agreement/Plan/Disclosure Statement</u>
Fees: $19,701,725.00, Total Hours: 17,697.1

- Under this project category, Davis Polk assisted the Debtors with issues related to the Debtors' plan of reorganization and post-emergence structure, among other things. Specifically, Davis Polk:

  - o Negotiated with the DOJ, the UCC, the Ad Hoc Committee and other major stakeholders regarding the plan of reorganization, objections thereto and other related issues;

  - o Drafted, revised and filed the plan of reorganization, along with the first, second, third and fourth amended versions of the same;

  - o Drafted, revised and filed the Disclosure Statement, along with the first, second, third and fourth amended versions of the same;

  - o Drafted, revised and filed the motion and proposed order to approve the Disclosure Statement and related documents, solicitation and voting

procedures and corresponding exhibits;

- o Produced extensive discovery in connection with confirmation and related issues;

- o Reviewed and revised a foreign claims term sheet in consultation with foreign counsel and parties in interest;

- o Conducted extensive research and reviewed and analyzed numerous legal precedents regarding Plan structure considerations and strategies in response to inquiries from the Debtors and major stakeholders;

- o Conducted extensive diligence and preparation regarding the creation of NewCo; and

- o Researched and analyzed various issues regarding confirmation and solicitation in consultation with the Debtors and major stakeholders.

DPW Retention/Preparation of Fee Statements/Applications Budget
Fees: $748,332.00, Total Hours: 1,078.7

- • Under this project category, Davis Polk assisted the Debtors with issues related to Davis Polk's retention, including the preparation and review of Davis Polk's monthly fee applications. Specifically, Davis Polk:

  - o Drafted and prepared monthly fee applications for the months of January, February, March and April of 2021;

  - o Drafted and prepared the fourth interim fee application;

  - o Drafted and prepared responses to fee examiner's inquiries to the fourth interim fee application;

  - o Conducted conflicts research regarding the firm's representation of Purdue co-defendants;

  - o Drafted and prepared fifth supplemental retention declaration; and

  - o Internally coordinated and reviewed over eight hundred pages of time entries for privilege and confidentiality.

IP, Regulatory and Tax
Fees: $2,941,166.50, Total Hours: 2,524.5

- • Under this project category, Davis Polk assisted the Debtors with intellectual property and tax issues, among other things. Specifically, Davis Polk:

  - o Continued to advise and perform analysis on tax issues, including research and preparation of presentations related to emergence structures and related tax consideration, review of documentation related to Debtor business activities, and discussions and analysis of tax issues related to historic tax distributions;

15

- o Engaged in discussions and analysis related to models of the tax consequences of the sale of the IACs prepared by KPMG;

- o Engaged in negotiations and drafting related to the collateral term sheet and settlement agreement; and

- o Drafted and revised tax sections in chapter 11 plan of reorganization, Disclosure Statement and plan supplements.

<u>Special Committee/Investigation Issues</u>
Fees: $1,410,373.00,  Total Hours: 1,205.9

- • Under this project category, Davis Polk assisted and advised the Special Committee of the Debtors' Board of Directors (the "**Special Committee**"). Specifically, Davis Polk:

  - o Investigated, assessed, and conducted an extensive review of documents relating to potential claims against the Debtors' equityholders, including members of the Sackler Families and their associated companies and trusts, including, but not limited to, potential claims for fraudulent conveyances, alter ego and veil-piercing, and breach of fiduciary duty;

  - o Provided information and/or presentations to the Special Committee and various third parties, including the UCC and its advisors, regarding the scope and status of the Special Committee's investigation into potential claims held by the Debtors;

  - o Advised the Special Committee on issues concerning the indemnification of the Debtors' employees and other issues within its mandate; and

  - o Advised the Special Committee regarding the mediation and negotiation of a potential settlement of the estate's causes of action against the Debtors' equityholders, including members of the Sackler Families and their associated companies and trusts.

<u>Rule 2004 Discovery</u>
Fees: $577,046.00,  Total Hours: 937.2

- • Under this project category, Davis Polk assisted the Debtors with coordinating and communicating with creditors and other stakeholders, including the UCC, the Non-Consenting States Group, and the Sackler Families on Rule 2004 discovery issues, and reviewed and analyzed materials related to Rule 2004 discovery. Specifically, Davis Polk:

  - o Prepared, reviewed and revised materials for, and conferred with counsel for the UCC, the Ad Hoc Committee, the Non-Consenting States Group, the II-Way Entities, and the Sackler Families regarding Rule 2004 discovery requests, objections, and related disputes and issues; and

  - o Reviewed and facilitated production of thousands of Debtors' documents in connection with Committee requests for documents in custody of Norton

Rose Fulbright  and II-Way Entities.

## Actual and Necessary Expenses

17.    As set forth in **Exhibit F** hereto, Davis Polk has incurred or disbursed $167,729.08 in expenses in providing professional services to the Debtors during the Compensation Period. These expense amounts are intended to cover Davis Polk's direct operating costs, which costs are not incorporated into the Davis Polk hourly billing rates.  Only clients for whom the services are actually used are separately charged for such services.  The effect of including such expenses as part of the hourly billing rates would unfairly impose additional costs upon clients who do not require extensive photocopying, delivery, and other services.  Davis Polk charges all of its bankruptcy clients $0.10 per page for photocopying and printing job expenses.  On several occasions, overnight delivery of documents and other materials were required as a result of circumstances necessitating the use of such express services.

18.    Regarding providers of online legal research (e.g., LexisNexis and Westlaw), Davis Polk charges all of its clients the standard usage rates these providers charge, which, due to contractual flat fees, may not always equal Davis Polk's actual cost.  Davis Polk currently is under contract to pay these providers a flat fee every month.  Charging its clients the online providers' standard usage rates allows Davis Polk to cover adequately the monthly flat fees it must pay to these types of providers.

19.    Davis Polk has made every effort to minimize its expenses in the Chapter 11 Cases.  The actual expenses incurred in providing professional services to the Debtors were necessary, reasonable, and justified under the circumstances to serve the needs of the Debtors, their estates, and other parties in interest.

**Davis Polk's Requested Compensation and Reimbursement Should Be Allowed**

20.    Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code to govern the Court's award of such compensation.  Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered … and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1).  Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extent, and the value of such services, taking into account all relevant factors, including  –
>
> (a)    the time spent on such services;
>
> (b)    the rates charged for such services;
>
> (c)    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (d)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
>
> (e)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

21.    The foregoing professional services were performed by Davis Polk in an efficient manner, were necessary and appropriate to the administration of the Chapter 11 Cases, and were in the best interests of the Debtors, their estates, and other parties in interest.  Compensation for the foregoing services as requested is commensurate with the complexity, importance, and nature of the problems, issues, and tasks involved.  As required by the U.S. Trustee guidelines, annexed hereto as **Exhibit G** is a chart setting forth the comparative blended rates of the professionals and

paraprofessionals who rendered services with a corresponding comparison of rates for professionals and paraprofessionals not involved in these chapter 11 cases.

## Notice

22.      The Debtors will provide notice of this Application in accordance with the Interim Compensation Order.  The Debtors submit that no other or further notice be given.

*[Remainder of Page Left Blank Intentionally]*

WHEREFORE, Davis Polk, in connection with services rendered on behalf of the Debtors, respectfully requests allowance of reasonable compensation of such services rendered in the total amount of $34,450,050.00 and reimbursement of actual and necessary expenses incurred in the amount of $167,729.08, for an aggregate total of $34,617,779.08 for the Fee Period.

Dated:    July 15, 2021
          New York, New York

DAVIS POLK & WARDWELL LLP

By:    */s/ Marshall S. Huebner*      

450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile:  (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut
Christopher S. Robertson

*Counsel to the Debtors and Debtors in Possession*