# EXHIBIT B

# Navigators Specialty Insurance Company Policy, NAV_000052 - NAV_000061

# THIS ENDORSEMENT CHANGES THE POLICY.
# PLEASE READ IT CAREFULLY.

## RHODES PHARMACEUTICALS L.P. MANUSCRIPT ENDORSEMENT

This endorsement modifies insurance provided under the following:

GLS ELITE PRODUCTS-COMPLETED OPERATIONS LIABILITY COVERAGE

I. The paragraph above Section **I. INSURING AGREEMENTS** is deleted and replaced by:

   In consideration of the payment of the premium, and in reliance upon the information and statements provided in the **application** and **submission materials**, which are made a part of, deemed attached to, and incorporated into this Policy and subject to all the terms and conditions of this Policy, including without limitation, the Limits of Liability and Exclusions, it is agreed as follows:

II. Section **I. INSURING AGREEMENTS, B. When Coverage Applies,** 2. is deleted and replaced by:

   2. prior to the effective date of this Policy, no **executive officer** of the **Insured** seeking coverage knew of the **bodily injury, property damage** or **personal or advertising injury** giving rise to the **claim**;

III. Section **I. INSURING AGREEMENTS, B**. **When Coverage Applies,** 5. is deleted and replaced by:

   5. for **clinical trials**, the **Insured** seeking coverage has obtained all necessary authorizations prior to the **clinical trial(s)** starting and takes reasonable steps to ensure each **clinical trial** is conducted within the scope of applicable protocols.

IV. Section **I. INSURING AGREEMENTS, C**. **Defense,** 2. **Exhaustion of limits** is deleted and replaced by:

   2. **Exhaustion of limits**
      The Company is not obligated to investigate, defend, pay or settle, or continue to investigate, defend, pay or settle a **claim** after the applicable limit of the Company's liability has been exhausted by payment of **damages** or **claim expenses** or by any combination thereof. In such case, the Company shall have the right to withdraw from the further investigation, defense, payment or settlement of such **claim.** In the event that the **Insured** does not purchase a policy of insurance excess to this Policy, the Company may tender such **claim** to the **Insured**.

**ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN UNCHANGED.**

May contain copyrighted material of the
Insurance Service Office, Inc. with its permission.

NAV LSU 426 09 17

# THIS ENDORSEMENT CHANGES THE POLICY.
# PLEASE READ IT CAREFULLY.

V. Section **II. LIMITS OF LIABILITY AND DEDUCTIBLE OR RETENTION, A. Limit of Liability-Each Claim**, is deleted and replaced by:

    A. **Limit of Liability–Each Claim**

    Subject to the provisions of II.B., below, the limit of liability of the Company for **damages** and **claim expenses** for each **claim** shall not exceed the amount stated in the Declarations for each **claim**.

    If the Company, in the exercise of its discretion, pays any amount in excess of the applicable limit of liability, the **Insured** shall reimburse the Company for such amounts. The Company will use reasonable efforts to discuss such payment with an applicable excess carrier prior to the exercise of its discretion.

VI. Section **II. LIMITS OF LIABILITY AND DEDUCTIBLE OR RETENTION, C**. **Deductible or Retention** is deleted and replaced by:

    C. **Deductible**

1. The each **claim** deductible shown in the Declarations applies to **damages** and **claim expenses** for each **claim**.
2. The aggregate deductible shown in the Declarations applies to **damages** and **claim expenses** for all **claims** in the aggregate.

    The limits of liability shown in the Declarations are in addition to and in excess of the deductible or retention.

    If the Company, in the exercise of its discretion, pays any amount within the deductible, the **Insured** shall reimburse the Company for such amounts.

VII. The sentence below Section **III. EXCLUSIONS,** is deleted and replaced by the following:

    This Policy does not apply to any **claim, circumstance** or **occurrence:**

VIII. Section **III. EXCLUSIONS, C. Banned Materials** is deleted and replaced by:

    C. **Banned Materials**

    based on or arising out of **your product** or **your work** that is manufactured, developed, designed, created, tested, sold, leased, licensed, rented, handled, marketed, distributed or disposed of by **you** or others on **your** behalf in known violation of any law, statute, ordinance or regulation. For purposes of determining the applicability of this exclusion:

**ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN UNCHANGED.**

May contain copyrighted material of the
Insurance Service Office, Inc. with its permission.

NAV LSU 426 09 17

# THIS ENDORSEMENT CHANGES THE POLICY.
# PLEASE READ IT CAREFULLY.

1. The violation of the law, statute, ordinance or regulation is applicable only to **occurrences, claims, circumstances**, or **damages** in the state, territory, country or other jurisdiction or regulatory environment to which the law, statute, ordinance or regulation applies;
2. the facts pertaining to and knowledge possessed by any natural person **Insured** shall not be imputed to any other natural person **Insured**; and
3. only facts pertaining to and knowledge possessed by any **Insured** as set forth in paragraph A. of the definition of **Insured** in **IV., DEFINITIONS** shall be imputed to **you**.

IX. Section **III. EXCLUSIONS, D. Breach of Contract** is deleted and replaced by:

**D. Breach of Contract**

any **claim** or suit based on or arising directly or indirectly out of the following:

1. breach of express or implied contract;
2. breach of express or implied warranty;
3. fraud or misrepresentation regarding the formation, terms or performance of a contract; or
4. libel, slander or defamation arising out of or within the contractual relationship;

nor do we have any duty to defend any **claim** or suit arising from 1. through 4. of the above.

This exclusion does not apply to express or implied warranties or representations made at any time with respect to the fitness, quality, durability, performance, use, handling, operation, safety or maintenance of **your product** or **your work**.

X. Section **III. EXCLUSIONS, F. Criminal, Dishonest, Fraudulent, Malicious Conduct or Acts of Intentional Wrongdoing** is deleted and replaced by:

**F. Criminal, Dishonest, Fraudulent, Malicious Conduct or Acts of Intentional Wrongdoing**
based on or arising out of criminal, dishonest, fraudulent or malicious conduct or acts of intentional wrongdoing by the **Insured**; provided, however, that the Company shall provide the **Insured** with a defense of such **claim** unless or until the criminal, dishonest, fraudulent or malicious conduct or act of intentional wrongdoing by any **Insured** has been determined by a trial verdict, court judgment, final regulatory ruling, final arbitration ruling or similarly binding alternative dispute resolution procedure, or legal admission, but such a defense will only be provided in a civil action or regulatory proceeding for **claims** asserted by a **bodily injury** or **property damage** claimant in his or her individual capacity. The defense of a **claim** will not waive the rights of the Company to deny indemnity under the applicable Policy at the time of such trial verdict, court judgment, final regulatory ruling, final arbitration ruling or similarly binding alternative dispute resolution procedure, or legal admission.

**ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN UNCHANGED.**

May contain copyrighted material of the
Insurance Service Office, Inc. with its permission.

NAV LSU 426 09 17

# THIS ENDORSEMENT CHANGES THE POLICY.
# PLEASE READ IT CAREFULLY.

For purposes of determining the applicability of this exclusion:

1. the facts pertaining to and knowledge possessed by any natural person **Insured** shall not be imputed to any other natural person **Insured**; and
2. only facts pertaining to and knowledge possessed by any **Insured** as set forth in paragraph A. of the definition of **Insured** in Section **IV., DEFINITIONS** shall be imputed to **you**.

XI. Section **III. EXCLUSIONS, G. Employer's Liability** is deleted and replaced by:

   G. **Employer's Liability**

   based on or arising out of any actual or alleged **bodily injury** to:

   1. **your employee** arising out of and in the course of:
      a. employment by **you**; or
      b. performing duties related to the conduct of **your** business; or
   2. the spouse, **domestic partner,** child, parent, brother or sister of that **employee** as a consequence of 1. a**.** or b**.** above.

   This exclusion applies:

   i. whether **you** may be liable as an employer or in any other capacity; and
   ii. to any obligation to share **damages** with or repay someone else who must pay **damages** because of the injury.

   Voluntary participation as a human test subject in a **clinical trial** by **your** employee or volunteer will not be deemed to be within the course of employment or performance of duties as described in paragraphs 1**.** a**.** and b**.** above.

XII. Section **III. EXCLUSIONS, H. Expected or Intended Injury**, is deleted and replaced by:

   H. **Expected or Intended Injury**

   based on or arising out of any actual or alleged **bodily injury** or **property damage** expected or intended from the standpoint of the **Insured**. This exclusion does not apply to:

   1. **bodily injury** resulting from the use of reasonable force to protect persons or property; or
   2. **bodily injury** that is intended or can be expected to result from the use of **your product**.

**ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN UNCHANGED.**

May contain copyrighted material of the
Insurance Service Office, Inc. with its permission.

NAV LSU 426 09 17

# THIS ENDORSEMENT CHANGES THE POLICY.
# PLEASE READ IT CAREFULLY.

XIII.   Section **III. EXCLUSIONS, I. Failure to Prevent Unauthorized Access**, is deleted and replaced by:

**I. Failure to Prevent Unauthorized Access**

based on or arising out of any actual or alleged failure to prevent unauthorized access to, or unauthorized use of, **your** client's, or **your** client's customers':

1. confidential or proprietary information; or
2. information systems.

This exclusion applies, but is not limited, to any allegations of loss filed by third-parties based on or arising out of any actual or alleged failure in 1. or 2. above.

This exclusion does not apply to allegations of **bodily injury** arising from **your product** or **your work**.

XIV.   Section **III. EXCLUSIONS, J. Fungi or Bacteria** is deleted and replaced by:

**J.   Fungi or Bacteria**

based on or arising out of:

1. **bodily injury** or **property damage** which would not have occurred, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any **fungi** or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage; or
2. any loss, cost or expenses arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or
assessing the effects of, **fungi** or bacteria, by any **insured** or by any other person or entity.

This exclusion does not apply to any **fungi** or bacteria that are on, or are contained in, a **medical device**, or a good or product intended for bodily consumption.

XV.   Section **III. EXCLUSIONS, P. Pollutants** is deleted and replaced by:

**P.   Pollutants**

based on or arising out of:

1. **bodily injury** or **property damage** which would not have occurred in whole or part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of **pollutants** at any time; or

**ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN UNCHANGED.**

May contain copyrighted material of the
Insurance Service Office, Inc. with its permission.

NAV LSU 426 09 17

# THIS ENDORSEMENT CHANGES THE POLICY.
# PLEASE READ IT CAREFULLY.

    2.    any loss, cost or expense arising out of any:
- a. request, demand, order or statutory or regulatory requirement that any **Insured** or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of **pollutants**; or
- b. **claim** or suit by or on behalf of a governmental authority for **damages** because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of, **pollutants**.

but, this exclusion shall not apply to **bodily injury** or **property damage** resulting from the reasonable use of **your product** by others prior to disposal**.**

XVI.    Section **IV. DEFINTIONS, Circumstance** is deleted and replaced by:

**Circumstance**

means an event, act, error or omission reported during the **policy period** from which **you** reasonably expect that a **claim** or additional **claims** could be made.

XVII.    Section **IV. DEFINITIONS, Claim expenses** is deleted and replaced by:

**Claim expenses**

mean:
- A. fees charged by attorneys designated by the Company or by an **Insured** with the Company's prior written consent;
- B. all other reasonable and necessary fees, costs and expenses resulting from:
    1. the investigation of a **circumstance**, or
    2. the investigation, adjustment, defense and appeal of a covered **claim**
    
    if incurred by the Company, or by an **Insured** with the Company's prior written consent, including, but not limited to, premiums for any appeal bond, attachment bond or similar bond but without any obligation of the Company to apply for or furnish any such bond;
- C. prejudgment interest awarded against **you** on that part of a judgment the Company pays. If the Company makes an offer to pay the applicable limit of liability to fully settle a **claim**, the Company will not pay any prejudgment interest based on that period of time after such offer; or
- D. interest on the full amount of a judgment that accrues after entry of the judgment and before the Company has paid or deposited in court the part of the judgment that is within the applicable limit of liability.

However, **claim expenses** do not include:
1. salaries, loss of earnings or other remuneration by or to any **Insured**; or
2. fees and expenses of independent adjusters engaged by the Company or salaries of the Company's officials or Company's **employees**, other than fees and expenses charged by the Company's employed attorneys who may be designated to represent the **Insured** with the **Insured's** consent.

**ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN UNCHANGED.**

May contain copyrighted material of the
Insurance Service Office, Inc. with its permission.

NAV LSU 426 09 17

# THIS ENDORSEMENT CHANGES THE POLICY.
# PLEASE READ IT CAREFULLY.

XVIII.  Section **IV. DEFINITIONS**, **Class 1 Product Recall** is deleted and replaced by:

**Class 1 product recall**
means that **you** or the United States Food and Drug Administration, or any foreign equivalent, have determined there is a reasonable probability that the use of or exposure to **your product** will cause serious adverse health consequences or death.

XIX.  Section **IV. DEFINITIONS**, **Damages** is deleted and replaced by:
**Damages**
mean judgments; awards; and settlements, but only if made with the Company's prior written consent.

**Damages** do not include:
  A. restitution and disgorgement of profits, fees, costs and expenses paid or incurred or charged by an **Insured**, no matter whether claimed as restitution of specific funds, forfeiture, financial loss, set-off or otherwise; nor economic injuries that are a consequence of any of the foregoing;
  B. civil or criminal fines, sanctions, penalties or forfeitures, whether pursuant to law, statute, regulation or court rule;
  C. the multiplied portion of multiplied awards imposed pursuant to any statute or regulation requiring such awards;
  D. injunctive or declaratory relief;
  E. any amount that is not insurable under any applicable statute or regulation;
  F. plaintiff's attorney fees associated with any of the above.

Notwithstanding anything to the contrary above, and subject to this Policy's other terms, conditions and limitations, **damages** shall include punitive and exemplary **damages**. Enforceability of this paragraph shall be governed by such applicable law that most favors coverage for such punitive or exemplary **damages.**

XX.  Section **IV. DEFINITIONS**, **Executive officer** is deleted and replaced by**:**

**Executive officer**
means Chief Executive Officer, Chief Financial Officer, Risk Manager, Chief Legal Officer and any in-house litigation attorneys employed by  the **Named Insured**.

XXI.  Section **IV. DEFINITIONS,  Your Work** is deleted and replaced by:

**Your work**
  means:
  A. work or operations performed by **you** or on **your** behalf; and
  B. materials, parts or equipment furnished in connection with such work, operations or services.

**ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN UNCHANGED.**

May contain copyrighted material of the
Insurance Service Office, Inc. with its permission.

# THIS ENDORSEMENT CHANGES THE POLICY.
# PLEASE READ IT CAREFULLY.

**Your work** includes:
1. warranties or representations made at any time with respect to the fitness, quality, durability, performance, use, handling, operation, safety or maintenance of **your work**; and
2. the providing of, or failure to provide, training, warnings or instructions.

XXII. Section **V. CONDITIONS**, **A. Your Duties if there is a Claim** is deleted and replaced by:

**A. Your Duties if there is a Claim**

It is a condition precedent to coverage that an **Insured**:
1. notify the Company as soon as reasonably practicable of any **claim;**
   a. such notice must be in writing and be sent to the attention of Navigators Specialty Claims:
      i. by email to: NEWCLAIMS@navg.com;
      ii. by fax to: (847) 285-9003; or
      iii. by mail to: 83 Wooster Heights Road, Danbury, CT  06810
   b. such notice must be given to the Company no later than ninety days (90) after termination or expiration of the **coverage relationship**, or during the Extended Reporting Period, if applicable;
2. specify the names and addresses of the persons making a **claim** against an **Insured** and provide the Company with information on the time, place and nature of the **claim**;
3. promptly forward to the Company all documents that the **Insured** receives in connection with the **claim**;
4. fully cooperate with the Company or its designee in the defense of a **claim**, including but not limited to assisting the Company in the conduct of suits or other proceedings, settlement negotiations, and the enforcement of any right of contribution or indemnity against another who may be liable to an **Insured**;
5. shall attend hearings and trials and assist in securing evidence and obtaining the attendance of witnesses; and
6. will not voluntarily make any payment, admit liability, assume any obligation or incur any expense, other than first aid, without the Company's prior written approval.

After an **Insured** reports a **claim** and the **Insured** has the right under any contract to either reject or demand arbitration or other alternative dispute resolution process, the **Insured** shall only do so with the Company's prior written consent, which shall not be unreasonably withheld.

XXIII. Section **V. CONDITIONS, D. When a Claim shall be Deemed Made**, is deleted and replaced by:

**D. When a Claim shall be Deemed Made**

A **claim** is deemed made:
1. in the case of a written demand, on an US-based **executive officer's** receipt of such demand, or receipt of such demand by an **executive officer** at **your** corporate headquarters location; or

**ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN UNCHANGED.**

May contain copyrighted material of the
Insurance Service Office, Inc. with its permission.

NAV LSU 426 09 17

# THIS ENDORSEMENT CHANGES THE POLICY.
# PLEASE READ IT CAREFULLY.

2. in the case of a civil action proceeding in a court of law or equity or arbitration, or a regulatory proceeding, on the date of service upon, or other receipt by, **you** of a complaint against **you** in such proceeding or arbitration.

XIV. Section **V. Conditions, T. Change of Status of Insureds** is deleted and replaced by:

**Change of Status of Insureds**

1. **Takeover** of the **First Named Insured:** If the Company receives prior written notice of a **takeover** prior to the date of such **takeover,** then the Company will continue the Policy beyond the effective date of the **takeover** for sixty (60) days, or until the expiration date of the **policy period**, whichever occurs first. This Policy shall then automatically and without any notification terminate. The Company will only continue the Policy within the timeframe specified above, if it agrees in writing to do so and the **First Named Insured** accepts any special terms, conditions and exclusions and pays any additional premium charge required by the Company.
2. Cessation of **Subsidiary:** If any organization ceases to be a **subsidiary**, this Policy shall continue in full force and effect with respect to such **subsidiary** as to **occurrences** happening prior to the effective date of such cessation. As respects **occurrences** taking place after such date, the **subsidiary** shall cease to be an **Insured** under this Policy and no coverage is afforded for such **subsidiary** without any notification.

The Company will only continue the coverage for such **subsidiary** beyond the cessation date if it is notified in writing at least thirty (30) days prior to the cessation and agrees in writing to continue the coverage for such **subsidiary** and the **First Named Insured** accepts any special terms, conditions, and exclusions and pays any additional premium charge required by the Company.

XXV. Section **V**. **Conditions** is amended to add the following items**:**

**Your Right To Claim And Circumstance Information**

The Company will provide the **First Named Insured** shown in the Declarations the following information relating to this and any preceding policy the Company has issued to **you** during the previous three years:

1**.** A list or other record of each **circumstance**, not previously reported to any other insurer, of which the Company was notified in accordance with Paragraph **B** of Section **V. Conditions, Your Rights in the Event of a Circumstance.** The Company will include the date and brief description of the **circumstance** if that information was in the notice the Company received;
2**.** A summary by policy year, of payments made and amounts reserved, stated separately, under the Aggregate Limit;

**ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN UNCHANGED.**

May contain copyrighted material of the
Insurance Service Office, Inc. with its permission.

NAV LSU 426 09 17

# THIS ENDORSEMENT CHANGES THE POLICY.
# PLEASE READ IT CAREFULLY.

Amounts reserved are based on the Company's judgment. They are subject to change and should not be regarded as ultimate settlement values.

**You** must not disclose this information to any claimant or any claimant's representative without the Company's consent.

If the Company cancels or elects not to renew this Policy, the Company will provide such information no later than 30 days before the date of policy termination. In other instances, the Company will provide this information only if the Company receives a written request from the **First Named Insured** within 60 days after the end of the **policy period**. In this case, the Company will provide this information within 45 days of receipt of the request.

The Company will compile **claim** and **occurrence** information for the Company's own business purposes and exercise reasonable care in doing so. In providing this information to the **First Named Insured**, the Company makes no representations or warranties to **Insureds**, insurers, or others to whom this information is furnished by or on behalf of any **Insured**. Cancellation or non-renewal will be effective even if the Company inadvertently provides inaccurate information.

**ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN UNCHANGED.**

May contain copyrighted material of the
Insurance Service Office, Inc. with its permission.

NAV LSU 426 09 17