# EXHIBIT F

# Excerpts from Confirmation Order, In re Leslie Controls, Inc., No. 10-12199 (Bankr. D. Del. Jan. 18, 2011), Dkt. 503

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| LESLIE CONTROLS, INC., | Case No. 10-12199 (CSS) |
| Debtor.[1] | **Related Docket Nos. 172, 213, 284 and 382** |

## FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING THE SECOND CONFORMED FIRST AMENDED PLAN OF REORGANIZATION OF LESLIE CONTROLS, INC. UNDER CHAPTER 11 OF THE BANKRUPTCY CODE

WHEREAS, on July 12, 2010 (the "Petition Date"), Leslie Controls, Inc. (the "Debtor") filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"); and

WHEREAS, on the Petition Date, the Debtor filed the Plan of Reorganization of Leslie Controls, Inc. Under Chapter 11 of the Bankruptcy Code [Docket No. 15] and Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code with Respect to the Plan of Reorganization of Leslie Controls, Inc. Under Chapter 11 of the Bankruptcy Code [Docket No. 16]; and

WHEREAS, on July 21, 2010, the Debtor filed the Motion of the Debtor for an Order Approving (I) the Disclosure Statement; (II) the Solicitation and Voting Procedures; (III) Deadlines and Procedures to File Objections to the Plan; (IV) a Hearing Date to Consider Confirmation of the Plan and (V) the Form and Manner of Notice of Confirmation Hearing (the "Solicitation Procedures Motion") [Docket No. 64]; and

---

[1] The last four digits of the Debtor's federal tax identification number are 3780.

12. <u>Bar to Rejection Damages</u>. Pursuant to Section 7.3 of the Plan, in the event that the rejection of an Executory Contract by the Debtor pursuant to the Plan results in damages to the non-Debtor party or parties to such Executory Contract, a claim for such damages, if not heretofore evidenced by a filed proof of claim, shall be forever barred and shall not be enforceable against the Debtor, or against Reorganized Leslie after the Effective Date, or its properties or interests in property, unless a Proof of Claim with respect to such damages is filed with the Bankruptcy Court and served upon counsel for the Debtor on or before (i) if such Executory Contract is rejected pursuant to Sections 7.1 and 7.2 of the Plan, the later of: (a) thirty (30) days after entry of this Confirmation Order, and (b) thirty (30) days after the non-Debtor party receives notice of the rejection of such Executory Contract pursuant to Section 7.2 of the Plan; and (ii) if such Executory Contract is rejected pursuant to a Final Order of the Bankruptcy Court granting a motion filed by the Debtor to reject that executory contract, thirty (30) days after entry of such order.

13. <u>Preservation of Insurance</u>. Subject to Section 10.4 of the Plan (as modified in the Second Conformed Plan), nothing in the Plan, the Plan Documents, or the Confirmation Order, including the discharge and release of Leslie and the Asbestos PI Channeling Injunction, shall enlarge, diminish, impair or otherwise affect the enforceability of any Asbestos PI Insurance Contract or any other insurance policy that may provide coverage for Claims or Demands against Leslie; and all Asbestos PI Insurance Contracts and Insurance Settlement Agreements shall be assumed by the Debtor and assigned to Reorganized Leslie as of the Effective Date and the Debtor shall assign Asbestos Insurance Actions and Asbestos Insurance Rights to the Asbestos PI Trust as part of the Leslie Contribution.

46392/0001-6972080v9

# EXHIBIT A

**EXHIBIT A**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>LESLIE CONTROLS, INC.,<br><br>Debtor. | Chapter 11<br><br>Case No. 10-12199 (CSS) |

## SECOND CONFORMED FIRST AMENDED PLAN OF REORGANIZATION OF LESLIE CONTROLS, INC. UNDER CHAPTER 11 OF THE BANKRUPTCY CODE

Wilmington, Delaware
Dated: January 10, 2011

*This Plan of Reorganization provides for an "Asbestos PI Channeling Injunction" pursuant to section 524(g) of the Bankruptcy Code. For a description of the causes of action to be enjoined and the identities of the entities that would be subject to the injunction, see Article XI of this Plan.*

46392/0001-6454424v18

absolute discretion. Notwithstanding anything in Section 10.2 of the Plan to the contrary, neither Leslie nor Reorganized Leslie shall have any rights to pursue any Avoidance Actions or Derivative Liability Claims against any of the CIRCOR Related Parties or Watts Related Parties or any of their Representatives. Reorganized Leslie does not intend to pursue any Avoidance Actions.

Notwithstanding anything in this Section 10.2 to the contrary, but subject to Section 9.3 above, on the Effective Date all Claims, defenses, rights and Causes of Action of Leslie and Reorganized Leslie relating to Asbestos PI Claims, Asbestos Insurance Rights and Asbestos Insurance Actions, shall be transferred and assigned to the Asbestos PI Trust. Except as otherwise provided in Section 10.2 of the Plan, in accordance with section 1123(b) of the Bankruptcy Code, the Asbestos PI Trust shall retain and may enforce such Claims, defenses, rights and Causes of Action and shall retain and may enforce all defenses and counterclaims to all Claims or Demands asserted against the Asbestos PI Trust with respect to such Asbestos PI Claims, including, but not limited to, setoff, recoupment and any rights under section 502(d) of the Bankruptcy Code; provided, however, that no such defenses, Causes of Action, or counterclaims may be asserted against any Asbestos Protected Party. The Asbestos PI Trust shall be deemed to be the appointed representative to, and may, pursue, litigate, compromise and settle any rights, Claims, or Causes of Action transferred to it, as appropriate, in accordance with its and its beneficiaries' best interests.

Nothing in this Section 10.2, however, shall be deemed to be a transfer by Leslie or Reorganized Leslie of any Claims, rights, Causes of Action, or defenses relating to assumed Executory Contracts or which otherwise are required by Reorganized Leslie to conduct its business in the ordinary course subsequent to the Effective Date.

**10.3. Institution and Maintenance of Legal and Other Proceedings.** From and after the Effective Date to the Trust Distribution Effective Date, the Asbestos PI Trust, shall be empowered and entitled to pursue, compromise or settle Leslie's or Reorganized Leslie's interests in any and all Asbestos Insurance Actions. From and after the Trust Distribution Effective Date, the Asbestos PI Trust shall be empowered and entitled, in its sole and absolute discretion, to pursue, compromise or settle Leslie's or Reorganized Leslie's interests in any and all Asbestos Insurance Actions. The duties, obligations and liabilities of any Asbestos Insurance Entity under all insurance policies, including, but not limited to, the Asbestos PI Insurance Contracts, all Insurance Settlement Agreements, and all other settlement agreements are not enlarged or diminished, reduced or eliminated by any aspect of the Chapter 11 Case, provided, that all Asbestos PI Insurer Coverage Defenses are preserved in accordance with Section 10.4 of the Plan.

**10.4. Insurance Provision.** Notwithstanding anything in the Plan, the Plan Documents, the Confirmation Order, or any other order of the Court to the contrary (including, without limitation, any other provision that purports to be preemptory or supervening or grants a release), on the Effective Date, each of the Asbestos PI Insurance Contracts or Insurance Settlement Agreements shall, as applicable, either be (a) deemed assumed to the extent such Asbestos PI Insurance Contracts or Insurance Settlement Agreements were executory contracts of Leslie or Reorganized Leslie pursuant to section

34

365 of the Bankruptcy Code or (b) continued in accordance with its terms, such that each of the parties' contractual, legal, and equitable rights under each such assumed or continued Asbestos PI Insurance Contract or Insurance Settlement Agreement shall remain unaltered.

The Asbestos PI Trust shall have the right to seek coverage for liabilities of Leslie for Asbestos PI Claims and Demands notwithstanding any anti-assignment provision of any Asbestos PI Insurance Contract or any applicable non-bankruptcy law, doctrine, or statute that may limit the assignment of rights to insurance proceeds. The Asbestos Insurance Entities consent to the assignment of any and all rights of Leslie to proceeds under any and all Asbestos PI Insurance Contracts with respect to liabilities for Asbestos PI Claims and Demands to the Asbestos PI Trust, and agree not to assert as a defense to any claim by the Asbestos PI Trust for coverage that the underlying liabilities for which coverage are sought are no longer liabilities of Leslie.

Except as otherwise provided in this Article 10.4, nothing in the Plan, the Plan Documents, the Confirmation Order or any other order, judgment, finding of fact, conclusion of law, determination, or statement (written or verbal, on or off the record) by the Court or any other court exercising jurisdiction over the Chapter 11 Case (including, without limitation, any other provision of the Plan, the Plan Documents, or the Confirmation Order that purports to be preemptory or supervening or which grants a release) shall: (a) affect, impair or prejudice the defenses of the Asbestos Insurance Entities under the Asbestos PI Insurance Contracts in any manner; (b) preclude the Asbestos Insurance Entities from asserting that the Plan, the Plan Documents, or any term thereof, or the negotiations leading to the Plan or the Plan Documents, violated or otherwise is contrary to a term or condition of any Asbestos PI Insurance Contract or preclude the Asbestos PI Trust from asserting to the contrary; (c) have any res judicata, collateral estoppel, or other preclusive effect on, or otherwise prejudice, diminish, impair, or affect (under principles of waiver, estoppel, or otherwise) any Asbestos Insurance Entity's legal, equitable, or contractual rights or obligations under any Asbestos PI Insurance Contract in any respect; (d) otherwise determine the applicability or non-applicability of any provision of any Asbestos PI Insurance Contract (instead, any such rights and obligations shall be determined under the Asbestos PI Insurance Contracts and applicable non-bankruptcy law); (e) constitute an adjudication, judgment, trial, hearing on the merits, finding, conclusion, or other determination of (i) the liability (in the aggregate or otherwise) of Leslie, Reorganized Leslie, or the Asbestos PI Trust for any Claim(s) or (ii) the coverage obligation(s), if any, of any Asbestos Insurance Entity for any Claim(s); (f) establish under the terms and conditions of any Asbestos PI Insurance Contract or applicable non-bankruptcy law that the Plan, any other Plan Document, or any other agreement (including any procedures, matrices or criteria used or considered in valuing, estimating or allowing Asbestos PI Claims and Demands thereunder) are reasonable, appropriate, or consistent with any procedures used to evaluate, settle, or pay Asbestos PI Claims and Demands against Leslie and the CIRCOR Related Parties before the Commencement Date; or (g) establish that the conduct of Leslie, Reorganized Leslie, the CIRCOR Related Parties, the Pre-Petition Future Claimants' Representative, the Future Claimants' Representative, the Asbestos Claimants Committee, the Ad Hoc Committee, or the holders of Asbestos PI Claims and Demands in connection with the

negotiation, development, settlement, and/or implementation of the Plan (including the aggregate value or amount of the Asbestos PI Trust Contributions), the other Plan Documents, or any related agreements was, is or will be reasonable, appropriate, or consistent with the terms and conditions of any Asbestos PI Insurance Contract or applicable non-bankruptcy law.

Any demand for payment, whether asserted by Leslie, Reorganized Leslie, the Asbestos PI Trust, or any other insureds under the Asbestos PI Insurance Contracts, made to any Asbestos Insurance Entity as a result of any Asbestos PI Claim or Demand shall be limited to the amount or amounts of actual payments made by the Asbestos PI Trust to any holders of Asbestos PI Claims and Demands, including any supplemental payments actually made by the Asbestos PI Trust after an adjustment to its Payment Percentage. An Asbestos Insurance Entity shall not be called upon to provide insurance coverage for any Asbestos PI Claim or Demand until the Asbestos PI Trust has actually paid the holder of such Asbestos PI Claim or Demand from its own assets, and then such request for insurance coverage shall be limited to the amount actually paid on account of such Asbestos PI Claim or Demand. Subject to the other provisions of this Article 10.4, the Asbestos Insurance Entities reserve all rights and defenses that would otherwise apply with respect to coverage for such actual payments made by the Asbestos PI Trust to any holders of Asbestos PI Claims and Demands, except that the Asbestos Insurance Entities agree that (1) a supplemental payment actually made by the Asbestos PI Trust after an adjustment to its Payment Percentage shall be treated in the same manner with respect to coverage as a payment to a new claimant is treated and (2) none of them will assert as a defense to coverage of any such supplemental payment that the same or a different insurer had indemnified or reimbursed the initial payment to a particular claimant.

Any Asbestos Insurance Action against any Asbestos Insurance Entity related to any Asbestos PI Insurance Contract shall be handled in the forum specified in the relevant Asbestos PI Insurance Contract or, if no forum is so specified, in a court of competent jurisdiction other than the Bankruptcy Court; provided, however, that nothing herein waives any right of the Asbestos PI Trust, Leslie, Reorganized Leslie, or the Asbestos Insurance Entities to require arbitration to the extent the relevant Asbestos PI Insurance Contract provides for such.

To the extent it becomes necessary to enforce the terms of this Article 10.4 in any Asbestos Insurance Action against any Asbestos Insurance Entity related to any Asbestos PI Insurance Contract, the party seeking to enforce this article may offer or tender the terms of this Article 10.4 to the judge presiding over such Asbestos Insurance Action, and the parties to the Asbestos Insurance Action shall stipulate and agree that this Article 10.4 is binding upon them and was approved by the Bankruptcy Court in the Confirmation Order.

Notwithstanding anything to the contrary in the Plan or Confirmation Order, no exculpation, release, injunction, or discharge provisions in the Plan or Confirmation Order shall affect or limit the rights or obligations of, or protections afforded, Leslie, Reorganized Leslie, or Asbestos Insurance Entities under this Article 10.4 in regards to any Asbestos Insurance Action arising under any Asbestos PI Insurance Contract.

46392/0001-6454424v18