# EXHIBIT G

# Excerpts from Confirmation Order, In re Insys Therapeutics, Inc., No. 19-11292 (Bankr. D. Del. Jan. 16, 2020), Dkt. 1115

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

------------------------------------------------------x
                                                                   :

In re                                        :         Chapter 11

INSYS THERAPEUTICS, INC., *et al.,*  :         Case No. 19-11292 (KG)

Debtors.[1]                      :         Jointly Administered

------------------------------------------------------x  Re: D.I. 955, 1095

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER
CONFIRMING THE SECOND AMENDED JOINT CHAPTER 11 PLAN OF
LIQUIDATION OF INSYS THERAPEUTICS, INC. AND ITS AFFILIATED DEBTORS**

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), having:[2]

a. commenced the above-captioned chapter 11 cases by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") on June 10, 2019;

b. continued to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

c. filed, on September 17, 2019, (i) the *Joint Chapter 11 Plan of Liquidation of Insys Therapeutics, Inc. and its Affiliated Debtors* [D.I. 612], which plan and related documents were subsequently amended, (ii) the *Disclosure Statement for Joint Chapter 11 Plan of Liquidation Proposed by Insys Therapeutics, Inc. and its Affiliated Debtors* [D.I. 613], which disclosure statement and related documents were subsequently amended, and (iii) the *Motion of Debtors for Entry of an Order (I) Approving the Proposed Disclosure Statement and the Form and Manner of the Notice of a Hearing Thereon, (II) Establishing Solicitation and Voting Procedures, (III) Scheduling Confirmation Hearing, and (IV) Establishing Notice and Objection Procedures for Confirmation of the Debtors' Plan* [D.I. 715];

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Insys Therapeutics, Inc. (7886); IC Operations, LLC (9659); Insys Development Company, Inc. (3020); Insys Manufacturing, LLC (0789); Insys Pharma, Inc. (9410); IPSC, LLC (6577); and IPT 355, LLC (0155). The Debtors' mailing address is 3100 West Ray Road Ste. 201, Chandler, Arizona 85226.

[2] Unless otherwise noted, capitalized terms not defined in this *Findings of Fact, Conclusions of Law, and Order Confirming the Second Amended Joint Chapter 11 Plan of Liquidation of Insys Therapeutics, Inc. and its Affiliated Debtors* (this "**Confirmation Order**") shall have the meanings ascribed to them in the Plan (as defined herein). The rules of interpretation set forth in Section 1.2 of the Plan shall apply to this Confirmation Order.

have the power and authority to act as trustee of the applicable Trusts and perform the Authorized Acts pursuant to the Plan.

38. <u>Insurance Rights Transfer</u>. This Confirmation Order confirms that the Insurance Rights Transfer, as provided by Section 5.7(e) of the Plan, is valid and enforceable under sections 541(c)(1)(a), 1123(a)(5)(B), and 1129(a)(1) of the Bankruptcy Code, and that the Bankruptcy Code preempts any anti-assignment contractual provisions and applicable state law.

39. <u>Products Liability Insurance Rights Transfer</u>. This Confirmation Order confirms that the Products Liability Insurance Rights Transfer, as provided by Section 5.8(c) of the Plan, is valid and enforceable under sections 541(c)(1)(a), 1123(a)(5)(B), and 1129(a)(1) of the Bankruptcy Code, and that the Bankruptcy Code preempts any anti-assignment contractual provisions and applicable state law.

40. <u>Insurance Neutrality</u>.

(a) Nothing contained in the Plan, the Plan Documents, or this Confirmation Order (including any provision that purports to be preemptory or supervening) shall in any way operate to, or have the effect of, impairing, altering, supplementing, changing, expanding, decreasing, or modifying (i) the rights or obligations of any of the Insurance Companies arising out of or under any Insurance Policy or (ii) any rights or obligations of the Debtors arising out of or under any Insurance Policy. For all issues relating to insurance coverage, including all rights and obligations under the Insurance Policies, the provisions, terms, conditions, and limitations of the Insurance Policies shall control. For the avoidance of doubt, (i) none of the Debtors' or any Insurance Company's defenses, rights, and obligations with respect to the coverage, denial of coverage, the proper court, forum or jurisdiction for any disputes regarding coverage or regarding the Insurance Companies' rights and obligations under

the Insurance Policies (collectively, the "**Coverage Dispute**") shall be impaired or otherwise affected in any way; and (ii) nothing herein shall constitute a determination, consent to, or waiver of jurisdiction as to the Coverage Dispute.

(b) For the avoidance of doubt, nothing contained in the Plan, the Plan Documents, or this Confirmation Order shall operate to require any Insurance Company to indemnify or pay the liability of any Debtor or Liquidating Debtor that it would not have been required to pay in the absence of this Plan. Furthermore, nothing in the Plan, the Plan Documents, or this Confirmation Order shall operate to make either the Victims Restitution Trust or the Insys Liquidation Trust insureds under the Insurance Policies with respect to any action taken by the Victims Restitution Trust or the Insys Liquidation Trust. This subsection (b) in no way modifies, alters or limits the rights and/or obligations set forth in subsection (a), above.

(c) None of (i) this Court's confirmation of the Plan or approval of the Plan Documents, (ii) this Confirmation Order or any other findings and conclusions entered with respect to confirmation, or (iii) any estimation or valuation of any Claims, either individually or in the aggregate in the Chapter 11 Cases shall, with respect to any Insurance Company, constitute a trial or hearing on the merits or an adjudication or judgment with respect to any Claim or Cause of Action.

41. Notwithstanding anything to the contrary in the Plan, the Plan Documents or this Confirmation Order, on and after the Effective Date, the automatic stay of Bankruptcy Code section 362(a) and the injunctions set forth in Section 10.4 of the Plan, if and to the extent applicable, shall be deemed lifted without further order of the Bankruptcy Court, to permit: (a) claimants with valid workers' compensation claims to proceed with their claims in accordance with such applicable workers' compensation policies and applicable state law in the

46