Hearing Date: August 9, 2021 at 10:00 a.m. (ET)
Objection Deadline: July 19, 2021 at 4:00 p.m. (ET)

Ben M. Harrington
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Ave., Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
Email: benh@hbsslaw.com

*Counsel to City of Seattle*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In re:** | ) | Chapter 11 |
| | ) | |
| **PURDUE PHARMA, L.P.,** *et al.*, | ) | Case No. 19-23649 (RDD) |
| | ) | |
| **Debtors.** | ) | (Jointly Administered) |
| | ) | |

**CITY OF SEATTLE'S OBJECTION TO CONFIRMATION OF THE**
**DEBTORS' PLAN OF REORGANIZATION**

To the Honorable Robert D. Drain, United States Bankruptcy Judge:

For its objection to the Debtors' Sixth Amended Plan, Docket #3185, the City of Seattle ("Seattle") joins the Objections of the State of Washington, dated July 19, 2021,[1] to the following extent:

*First*, Seattle joins the State of Washington's **Objection A**,[2] which addresses the Plan's improper release of police-power claims against the third-party Sackler family. Seattle adds only that the Plan's third-party release purports to extinguish not only the police-power claims of the

---

[1] Seattle understands that the State of Washington's Objections have been joined by Oregon, California, Connecticut, Maryland, Vermont, Rhode Island, Delaware, and Washington D.C.

[2] The State of Washington's Objections are denoted here based on the section headings in which they appear in its July 19, 2021 submission.

1

States, but also those of local governments, including Seattle, and it is equally impermissible to the extent it does so.

*Second*, Seattle joins the State of Washington's **Objection B**, agreeing without reservation that the Sacklers should be held fully accountable for the catastrophic harm they have caused. The Plan's release of meritorious claims against the Sacklers is inappropriate, unfair, and contrary to the public's overriding interest in administering justice and deterring both the Sacklers and others from future wrongdoing.

*Third*, Seattle joins the State of Washington's **Objection E**, because the Plan does not satisfy the disclosure requirements of Bankruptcy Code § 1125.[3]

In addition to joining the foregoing objections advanced by the State of Washington and other states, Seattle separately objects to the Plan because it allows the Debtor, upon emergence as "NewCo," to continue to manufacture the very opioids that have devastated communities, including communities across Seattle. An appropriate and fair plan would turn the page on Debtor's gross misconduct by placing all of the Debtor's resources toward treatment, abatement, and otherwise rehabilitating those individuals and communities the Debtor has harmed. Failing to accomplish this basic objective, the Plan is substantively unfair and inappropriate, and respectfully, should be rejected.

---

[3] Seattle does not join, and takes no position on, the State of Washington's **Objections C and D**.

1575045

## **CONCLUSION**

For the foregoing reasons, Seattle requests that this Court deny confirmation of the Plan.

Dated: July 19, 2021
Berkeley, California

Respectfully Submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

By: /s/ Ben M. Harrington
        Ben M. Harrington
715 Hearst Ave., Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
Email: benh@hbsslaw.com

1575045