Kevin H. Marino
John D. Tortorella
John A. Boyle
Roseann Bassler Dal Pra
MARINO, TORTORELLA & BOYLE, P.C.
437 Southern Boulevard
Chatham, NJ  07928-1488
(973) 824-9300

*Attorneys for Creditor John H. Stewart*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| In re: | Chapter 11 |
|---|---|
| PURDUE PHARMA L.P., *et al.*, | Case No. 7:19-bk-23649 (RDD) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date**: August 9, 2021, at 10:00 a.m. |
| | **Objection Deadline**: July 19, 2021, at 4:00p.m. |

**OBJECTION OF JOHN H. STEWART TO CONFIRMATION OF THE SIXTH AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION OF PURDUE PHARMA L.P. AND ITS AFFILIATED DEBTORS**

1. John H. Stewart ("Stewart"), a general unsecured claimant with claims for advancement of legal fees and expenses, files this Objection (the "Objection") to confirmation of the Sixth Amended Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and its Affiliated Debtors [D.I. 3185] (the "Plan") filed by the Debtors on July 14, 2021, in the above-styled jointly administered bankruptcy cases (the "Bankruptcy Cases") and respectfully states as follows:

**PRELIMINARY STATEMENT**

2.    Stewart objects to confirmation of the Debtor's Plan because Section 5.3(e) of the Plan and the Schedule of Excluded Parties (Exhibit DD to the Ninth Plan Supplement [D.I. 3187]) unfairly discriminate against Stewart, a former Purdue officer and claimant in Class 11(c) (Other General Unsecured Claims), in violation of 11 U.S.C. § 1129(a)(1) and 11 U.S.C. § 1123(a)(4), by proposing to deprive him of his advancement rights due to his invocation of his Fifth Amendment right against self-incrimination and, at the same time, proposing to (a) maintain the advancement rights of others because they have elected not to invoke their Fifth Amendment right against self-incrimination; and (b) permitting other Class 11(c) claimants to recover regardless of whether they have invoked that right.

**BACKGROUND**

3.    On September 16, 2019 (the "Petition Date"), Purdue Pharma L.P. ("PPLP") and Purdue Pharma, Inc. ("PPI") (collectively, "Purdue") and their affiliates (collectively, "Debtors") each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

4.    Stewart was Chief Executive Officer ("CEO") of Purdue from June 2007 through December 2013. On July 24, 2020, Stewart filed Proofs of Claim (the "Claims") to assert claims for advancement of his legal fees and expenses in connection with proceedings wherein he is named as a defendant or a witness by reason of his position as a former CEO of Purdue (the "Proceedings") [Claim Nos. 82991, 83013.]

5.    Prior to Stewart filing his Proofs of Claim and prior to the Filing Date, the Debtors advanced Stewart's legal costs related to the Proceedings, in accordance with their obligation under PPLP's Fifth Amended and Restated Limited Partnership Agreement, dated as of June 20, 2019 (the "2019 LPA"), and consistent with the Debtors' past practice. A copy of Section 20 of

the 2019 LPA, which sets forth Purdue's advancement and indemnification obligations, is attached hereto as Exhibit 1.

6. In or around 2004, Purdue adopted indemnification provisions (the "2004 Indemnification Provisions"), which were in effect during Stewart's tenure. A copy of the 2004 Provisions is attached hereto as Exhibit 2. Pursuant to the 2004 Provisions, Purdue is required to, *inter alia*, (i) indemnify Stewart against any and all expenses (including attorneys' fees) actually and reasonably incurred by or for Stewart in connection with a proceeding in which he is a witness by reason of the fact that he was a CEO of Purdue; and (ii) advance all costs and expenses (including attorneys' fees and expenses) incurred by Stewart in defending any proceeding in advance of a final disposition of such proceeding against an undertaking by Stewart to repay such costs and expenses if it is ultimately determined that he is not entitled to be indemnified by Purdue or to be indemnified to the full extent of the costs and expenses by Purdue. As discussed below, Stewart provided Purdue with the required Undertaking.

7. Neither Section 20 of the 2019 LPA nor the 2004 Indemnification Provisions contains an exception that Stewart is not entitled to advancement or indemnification should he invoke his Fifth Amendment right against self-incrimination in a proceeding.

8. On the Petition Date, the Debtors filed a motion for entry of an Interim Order and Final Order, *inter alia*, authorizing but not requiring them to pay, in their sole discretion, advancement of legal expenses consistent with 2019 LPA and past practice (the "Motion") [D.I. 6, ¶¶ 45, 49.] In their Motion, the Debtors further requested:

> In order to ensure that such payments are in the best interest of the Debtors and subject to appropriate oversight and controls, the Debtors propose that any decision to advance defense costs of any Indemnitee be subject to approval by the Special Committee of the Board, which consists solely of directors with no affiliation with the Sackler family. Under the LPA, each

> Indemnitee[1] also agrees to reimburse the Debtors for any defense costs advanced, should it be determined that such Indemnitee did not act in good faith, or, with respect to any criminal action or proceeding, had reasonable cause to believe that his or her conduct was unlawful, or is otherwise not entitled to be indemnified under the terms of the LPA. The Debtors further propose that each Indemnitee receiving post-petition payments hereunder sign a written affirmation of the Indemnitee's belief that he or she has conducted himself or herself in good faith and reasonably believes that his or her conduct was lawful and in the best interest of the Debtors and acknowledging the standards with respect to indemnification set forth in the LPA, including the requirement to repay advances as described above.

[*Id.*, ¶ 49.]

9. On September 18, 2019, the Court entered an Interim Order that, *inter alia*, authorized, but did not direct, the Debtors "in their sole discretion, to advance and pay the legal costs of Indemnitees on the terms set forth in their Motion." [D.I. 62, ¶ 5.] On October 16, 2019, the Court entered a Final Order that, *inter alia*, again authorized, but did not direct, the Debtors "in their sole discretion, to advance and pay the legal costs of Indemnitees on the terms set forth in the Motion." [D.I. 309, ¶ 5.]

10. On or about November 28, 2019, Stewart signed the Undertaking and returned it to Purdue as a condition of receiving legal costs and expenses from Purdue (the "November 28, 2019 Undertaking"). A copy of the November 28, 2019 Undertaking is attached hereto as Exhibit 3.

11. As previously mentioned, Stewart filed Proofs of Claim on July 24, 2020. [Claim Nos. 82991, 83013.] The Claims fall within the Bankruptcy Code's definition of "claim" because they constitute a "right to payment." 11 U.S.C. § 101(5)(A).

---

[1] The term "Indemnitee" was defined in the Motion as "current and former officers, directors and other employees that are named defendants, potential defendants and/or witnesses in the Pending Actions." [Motion, ¶ 45.] The Motion defined the term "Pending Actions" as "civil actions pending in state and federal courts around the country that allege that the Debtors, Related Parties, and other co-defendants engaged in past misconduct in manufacturing, marketing and selling certain FDA-approved opioid medications." [*Id.*]

-4-

12. On October 27, 2020, Stewart was deposed in this matter. During his deposition, Stewart repeatedly asserted his Fifth Amendment right against self-incrimination, in accordance with Ohio v. Reiner, 532 U.S. 17, 21 (2001), stating:

> [T]he Supreme Court has held that one of the Fifth Amendment's basic functions is to protect innocent men who otherwise might be ensnared by ambiguous circumstances. I decline to answer the question on Fifth Amendment grounds.

13. On June 3, 2021, the Debtors filed the Plan. [D.I. 2982.]

14. On July 8, 2021, Debtors filed the Eighth Plan Supplement to the Fifth Amended Plan. [D.I. 3121.] The Schedule of Excluded Parties is attached as Exhibit DD to the Eighth Plan Supplement. Stewart is included as a party in the Schedule of Excluded Parties.

15. On July 14, 2021, Debtors filed the Sixth Amended Plan. [D.I. 3185.]

16. On July 15, 2021, Debtors filed the Ninth Plan Supplement to the Sixth Amended Plan. [D.I. 3187. A revised Schedule of Excluded Parties is attached as Exhibit DD to the Ninth Plan Supplement. Stewart remains a party in the Schedule of Excluded Parties. A copy of the Schedule of Excluded Parties is attached hereto as Exhibit 4.

17. Stewart's Claims have been placed in Class 11(c): Other General Unsecured Claims.

18. With respect to the treatment of Class 11(c) Claims, Section 4.13 of the Plan provides:

> Except to the extent a Holder of an Allowed Other General Unsecured Claim and the Debtor against which such Claim is asserted agree to different treatment, after the Effective Date upon the Allowance of such Claim in accordance with Article VII of the Plan, each Holder of an Allowed Other General Unsecured Claim shall receive, on account of such Allowed Claim, such Holder's Pro Rata Share of the Other General Unsecured Claim Cash, up to payment in full of such Allowed Claim.

[D.I. 2982, § 4.13(a).]

-5-

19. Stewart's Claims, however, are unliquidated because the amount owed has not yet been determined. *See In re RNI Wind Down Corp.*, 369 B.R. 174, 186 (Bankr. Del. 2007). The Claims will liquidate, and continue to liquidate, over time through the incurrence of attorneys' fees and expenses in connection with the Proceedings. He is also entitled to receive advancement of attorneys' fees as they become due. Moreover, the Claims are not subject to disallowance under Section 502(e)(1)(B) of the Bankruptcy Code. *See In re RNI*, 369 B.R. at 182-191.

20. Section 5.3(e) of the Plan begins by providing recovery for the payment of attorneys' fees and expenses of current and former directors and officers like Stewart. But Section 5.3(e) also contains an exception for those persons who invoked, or will invoke, their Fifth Amendment right against self-incrimination. Specifically, Section 5.3(e) of the Plan provides, in part, as follows:

> **Attorneys' Fees and Expenses of Directors, Officers, Employees and Agents.** The Plan Administration Trust will promptly advance or reimburse as and when incurred the reasonable actual attorneys' fees and related expenses incurred by any current or former director, officer, employee or authorized agent of the Debtors (other than any Sackler Family Member) after the Effective Date and before the sixth (6th) anniversary of the Effective Date in connection with such individual's cooperation with, or in connection with the defense of such individual with respect to, any investigation, prosecution and/or litigation involving conduct relating to the Debtors or the Debtors' business or property or any defense of the Releases or the Channeling Injunction. . . . ***Notwithstanding the foregoing, the Plan Administration Trust will not advance or reimburse any such amounts incurred by any individual who*** (i) does not provide an appropriate undertaking consistent with the undertakings required for indemnification during the pendency of the Chapter 11 Cases, (ii) ***has at any time prior to the Effective Date refused or does at any time after the Effective Date refuse to testify based on a claim of privilege against self-incrimination in any proceeding relating to the Debtors or the Debtors' business or property***, or (iii) is at any time indicted for a felony relating to the Debtors or the Debtors' business or property (provided, however, that if such individual is found to be not guilty of such felony, then expenses shall be promptly reimbursed).

[Plan, § 5.3(e), pp67-68 (emphasis supplied).]

21.   Because Stewart is an Excluded Party, he is not a Released Party [id., § 1.1, p33] and claims against him are not subject to the Channeling Injunction. [*Id.*, § 10.8(b)(iii), p131.]

22.   Thus, the Plan proposes to effectively vitiate Stewart's advancement rights simply because he previously invoked his Fifth Amendment right against self-incrimination.

23.   On July 14, 2021, Stewart submitted a Ballot voting against the Plan. This Objection follows.

## **OBJECTION TO PLAN**

24.   To confirm the Plan, the Debtors bear the burden of establishing by a preponderance of the evidence that it satisfies the requirements of Section 1129(a) of the Bankruptcy Code. *In re Ditech Holding Corp.*, 60 B.R. 544, 571-572 (Bankr. S.D.N.Y. 2019). Under Section 1129(a)(1), the Plan must comply with the "applicable provisions" of Chapter 11 of the Bankruptcy Code. 11 U.S.C. § 1129(a)(1); *Ditech*, 60 B.R. at 573.

25.   Section 1123 is among the "applicable provisions." *Kane v. Johns-Manville Corp.*, 843 F.2d 636, 648-49 (2d Cir. 2008); *Ditech*, 60 B.R. at 577-578. Section 1123(a)(4) requires that the Plan "provide the same treatment for each claim or interest of a particular class" unless the holder of the claim or interest agrees to a less favorable treatment. 11 U.S.C. § 1123(a)(4). This requirement furthers "a central policy of the Bankruptcy Code": "[e]quality of distribution among creditors[.]" *Begier v. IRS*, 496 U.S. 53, 58 (1990). "[C]ourts have interpreted the 'same treatment' requirement to mean that all claimants in a class must have 'the same opportunity' for recovery." *In re W.R. Grace & Co.*, 729 F.3d 311, 327 (3d Cir. 2013) (citing, *inter alia, Ad Hoc Comm. Of*

*Personal Injury Asbestos Claimants v. Dana Corp. (In re Dana Corp*.), 412 B.R. 53, 62 (S.D.N.Y. 2008)).

26. Here, the Plan singles Stewart out for unfair treatment in violation of Section 1123(a)(4). Specifically, the Plan provides that the Plan Administration Trust will not reimburse Stewart's legal fees and expenses because he previously invoked his Fifth Amendment right against self-incrimination but will at the same time (a) reimburse the legal fees of current and former directors, officers, employees and authorized agents of the Debtors who have elected not to invoke that right; and (b) permit other Class 11(c) claimants to recover regardless of whether they have invoked that right. [D.I. 2982, § 5(e), p65.] In that regard, Stewart is not being given *any* opportunity—let alone the "same opportunity"—for recovery. *See W.R. Grace*, 729 F.3d at 327. Moreover, the Plan includes him as an Excluded Party merely because he invoked his Fifth Amendment right against self-incrimination. Accordingly, Stewart objects to the Plan as violating Sections 1129(a)(1) and 1123(a)(4) of the Bankruptcy Code.

## RESERVATION OF RIGHTS

27. Stewart reserves the right to further amend, modify, or supplement this Objection at any time. Stewart reserves all his rights in connection with this Objection, Section 20 of the LPA, the 2004 Indemnification Provisions, the Plan, and the Confirmation hearing (including, without limitation, the right to further object and raise any additional objections or arguments it may have at the Confirmation Hearing). Stewart also reserves all rights as a creditor in these Bankruptcy Cases, including in connection with his Proofs of Claim filed in these Bankruptcy Cases.

**NOTICE OF FILING AND SERVICE OF OBJECTION**

28.     As required by the Disclosure Statement Order dated June 3, 2021 [D.I. 2988], this Objection will be filed with the Court electronically in accordance with General Order M-399 and pursuant to Local Rule 9070-1, and a "Chambers Copy" will be delivered to the Chambers of the Honorable Judge Robert D. Drain, United States Court for the Southern District of New York, United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, Room 248, White Plains, New York 10601, and will be served in accordance with the Second Amended Order Establishing Certain Notice, Case Management, and Administrative Procedures entered on November 18, 2019 [D.I. 498], on (i) **counsel to the Debtors**, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017 (Attention: Marshall S. Huebner, Benjamin S. Kaminetzky, Eli J. Vonnegut and Christopher S. Robertson), (ii) **counsel to the Creditors Committee**, (A) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, NY 10036 (Attention: Arik Preis, Mitchell P. Hurley, Sara L. Brauner and Edan Lisovicz) and (B) Cole Schotz P.C., 500 Delaware Avenue, Suite 1410, Wilmington, Delaware 19801 (Attention: Justin R. Alberto) and (iii) **the Office of the U.S. Trustee for the Southern District of New York**, 201 Varick Street, Suite 1006, New York, New York 10014 (Attention: Paul K. Schwartzberg), so as to be actually received on or before the Plan Objection Deadline.

WHEREFORE, John H. Stewart respectfully requests that this Court: (i) enter an order denying confirmation of the Debtors' Plan under Sections 1129(a)(1) and 1123(a)(4) of the Bankruptcy Code; and (ii) grant him all other and further relief to which he may be entitled at law or equity.

Dated: Chatham, New Jersey
July 19, 2021

                                MARINO, TORTORELLA & BOYLE, P.C.

By: _____
                                Kevin H. Marino
                                John D. Tortorella
                                John A. Boyle
                                437 Southern Boulevard
                                Chatham, New Jersey 07928-1488
                                (973) 824-9300
                                *Attorneys for Creditor*
                                *John Stewart*