# EXHIBIT 1

FIFTH AMENDED AND RESTATED LIMITED PARTNERSHIP AGREEMENT (this "Agreement") dated as of the 20th day of June, 2019, by and between PURDUE PHARMA INC., a New York corporation ("PP Inc."), and Pharmaceutical Research Associates L.P. (f/k/a Purdue Holdings L.P.), a Delaware limited partnership ("Holdings").

W I T N E S S E T H :

WHEREAS, PP Inc. and Holdings are parties to that certain Third Amended and Restated Limited Partnership Agreement of Purdue Pharma L.P. (the "Partnership"), dated as of March 7, 2018 (the "Existing Agreement"), which was in fact the fourth amendment and restatement of the original Limited Partnership Agreement of the Partnership; and

WHEREAS, PP Inc. and Holdings desire to amend and restate the Existing Agreement to reflect the terms set forth herein.

NOW, THEREFORE, the parties hereto hereby adopt this Agreement to replace in its entirety the Existing Agreement and hereby agree as follows:

20. <u>Indemnification, Preservation of Rights and Exculpation</u>.

I. <u>Indemnification</u>.

(a) <u>Mandatory Indemnification</u>. The Partnership shall, to the fullest extent allowed by applicable law (including indemnification permitted by Section 17-108 of the Delaware Act, indemnify and hold harmless each Indemnitee (as defined below) from and against any and all expenses (including attorneys' fees), amounts paid or incurred in satisfaction of or as part of settlements, judgments, fines, penalties, liabilities and similar or related items incurred or suffered or threatened to be incurred or suffered as a result of or in connection with such Indemnitee being made or threatened to be made a party to or participant in any pending, threatened or completed actions, suits or proceedings, whether civil, criminal, administrative, arbitrative or investigative (including any appeal therein and any inquiry or investigation which could lead to such suit, action or proceeding) (collectively, "Proceedings") by reason of the Indemnitee's being or the Indemnitee having been (or to the fullest extent permitted by law otherwise related to the fact that the Indemnitee is or was) on or after the date hereof (i) a director, officer or Agent (as defined below) of the General Partner or (ii) a director, officer, trustee or Agent of (1) the

Partnership, (2) any Subsidiary of the Partnership (each, a "Designated Subsidiary") or (3) any other corporation, partnership, joint venture, trust, employee benefit plan or other enterprise or entity of any kind or nature (collectively, the entities and enterprises referenced in this clause (3) and, for the avoidance of doubt, not including the General Partner, the Partnership or any Designated Subsidiary, "Other Enterprises") if, in the case of this clause (3), the Indemnitee served in such capacity at the request of the Partnership.  The foregoing right to indemnification applies to any Proceeding in which the Indemnitee is made, or is threatened to be made, a party or participant.  The Partnership shall not be obligated to indemnify the Indemnitee to the extent a final decision by a court having jurisdiction in the matter shall establish that the Indemnitee did not act in good faith, and, with respect to any criminal action or proceeding, had reasonable cause to believe that his or her conduct was unlawful.  Any indemnification pursuant to these provisions shall be made out of the assets of the Partnership.  "Indemnitee" shall mean (i) directors and officers of the General Partner, (ii) directors, officers and trustees of the Partnership or any Designated Subsidiary, (iii) directors, officers and trustees of any Other Enterprises, if, in the case of this clause (iii), the individual served in such capacity at the request of the Partnership and (iv) certain

27

#91547493v26

agents or representatives of (w) the General Partner, (x) the Partnership, (y) a Designated Subsidiary or (z) an Other Enterprise, in each case under this clause (iv), designated as such (and as being entitled to indemnification under this Section 20.I(a)) from time to time by the General Partner and recorded in its or the Partnership's books and records (the "Agents").  As used herein, the term "Subsidiary" means with respect to any Person, (i) any entity of which securities or other ownership interests having ordinary voting power to elect a majority of the board of directors or other persons performing similar functions are at the time directly or indirectly owned by such Person or (ii) any entity of which such Person, or any of such Person's Subsidiaries, is (x) a general partner, (y) a managing general partner or (z) a limited partner owning at least 50% of the partnership interests in such entity or (iii) any Subsidiary of any Subsidiary referenced in clause (i) or clause (ii).  "Person" means an individual, corporation, limited liability company, partnership, association, trust or other entity or organization, including a government or political subdivision or an agency or instrumentality thereof.

(b)    <u>Indemnification as Witness</u>.  Notwithstanding any other provision herein, to the extent the Indemnitee is a witness in any proceeding by reason of the fact of the

28

#91547493v26

Indemnitee's being or the Indemnitee having been (or to the fullest extent permitted by law otherwise related to the fact that the Indemnitee is or was) on or after the date hereof (i) a director, officer or Agent of the General Partner, (ii) a director, officer, trustee or Agent of the Partnership or any Designated Subsidiary or (iii) a director, officer, trustee or Agent of any Other Enterprises if, in the case of this clause (iii) the Indemnitee served in such capacity at the request of the Partnership, the Indemnitee shall be indemnified against any and all expenses (including attorneys' fees) actually and reasonably incurred by or for the Indemnitee in connection therewith.

(c) <u>Mandatory Advancement of Expenses</u>.  The Partnership shall to the fullest extent permitted by applicable law advance all costs and expenses (including attorneys' fees and expenses) incurred by the Indemnitee in defending any one or more Proceedings in respect of which the Indemnitee is or may be entitled to indemnification pursuant to Section 20(I)(a) or 20(I)(b) above, whether civil, criminal, administrative or investigative, in advance of final disposition of such Proceeding against an undertaking by or on behalf of the Indemnitee to repay such costs and expenses if it shall ultimately be determined that the Indemnitee is not entitled to

29

be indemnified by the Partnership or to be indemnified to the full extent of the costs and expenses advanced by the Partnership.  Such mandatory obligation to advance costs and expenses shall include costs and expenses incurred in asserting affirmative defenses, counter-claims and cross-claims.  The advances to be made hereunder shall be paid by the Partnership to the Indemnitee within ten (10) days following delivery of a written request therefor by the Indemnitee to the Partnership.

(d) <u>Continuation of Indemnification</u>.  All obligations of the Partnership hereunder shall continue during the period the Indemnitee is (i) a director, officer or Agent of the General Partner, (ii) a director, officer, trustee or Agent of the Partnership or any Designated Subsidiary or (iii) a director, officer, trustee or Agent of any Other Enterprise, if, in the case of this clause (iii), the Indemnitee is serving in such capacity at the request of the Partnership, and shall continue thereafter in respect of prior service as such so long as the Indemnitee shall be subject to any possible Proceeding by reason of the fact of the Indemnitee's being or the Indemnitee having been (or to the fullest extent permitted by law otherwise related to the fact that the Indemnitee is or was) on or after the date hereof (i) a director, officer or Agent of the General Partner, (ii) a director, officer, trustee or Agent of the

30

Partnership or any Designated Subsidiary or (iii) a director, officer, trustee or Agent of any Other Enterprises, if, in the case of this clause (iii), the Indemnitee served in such capacity at the request of the Partnership.  The foregoing provisions for indemnification and advancement of expenses shall, to the fullest extent permitted by law, not be affected by any amendment or repeal of any applicable law affecting indemnification of directors, officers, trustees or Agents. These provisions may not be amended retroactively without the consent of the Indemnitee who is adversely affected by such modifications.  For the avoidance of doubt, (i) this Section 20 (including Section 20(III)) (for the avoidance of doubt, as amended as of the date hereof) is intended to apply only in respect of acts, omissions or service on or after the date hereof and (ii) nothing in this Section 20 (for the avoidance of doubt, as amended as of the date hereof) is intended to limit any right, protection or obligation any person may have pursuant to Section 20 or Section 21 of the Existing Agreement to the extent arising out of or related to any event, act, omission or service that occurred prior to the date hereof or relating to the fact that prior to the date of this Agreement such person was serving in a capacity that entitled such person to rights or subjected such person to obligations under Section 20 or Section 21 of the Existing Agreement (regardless of when any Proceeding

31

(or part thereof) relating to such event, act, omission or service arises or is first threatened, commenced or completed).

(e) Procedural Requirements.

(i) Notice by Indemnitee. The Indemnitee shall, as a condition precedent to the Indemnitee's right to be indemnified hereunder, give the Partnership notice in writing as soon as practicable of any claims made against such Indemnitee for which such Indemnitee believes that indemnification with respect thereto may be sought from the Partnership. Notice to the Partnership shall be directed to the Secretary of the Partnership, or such other person as the Partnership shall designate in writing to the Indemnitee. The failure to give such notice shall not relieve the Partnership of its obligations hereunder except to the extent the Partnership is prejudiced thereby.

(ii) Notice to Insurer. If, at the time of the receipt of a notice of the commencement of a proceeding pursuant to Section 20(I)(e)(i) above, the Partnership has in effect an insurance policy or policies providing directors' and officers' liability insurance, the Partnership shall give prompt notice

32

#91547493v26

of the commencement of such proceeding to the insurers in accordance with the procedures set forth in the respective policies. The Partnership shall thereafter make all commercially reasonable efforts to take all necessary or desirable action to cause such insurers to pay, on behalf of the Indemnitee, all amounts payable as a result of such proceeding in accordance with the terms of such policies.

(iii) Subrogation. In the event of payment hereunder, the Partnership shall be subrogated to the extent of such payment to all of the rights of recovery of the Indemnitee. The Indemnitee shall execute all documents required and shall do everything that may be necessary to secure such rights, including the execution of such documents necessary to enable the Partnership to effectively bring suit to enforce such rights.

(iv) Selection of Counsel. In the event the Partnership shall be obligated hereunder to pay the expenses of any claims, the Partnership shall be entitled to assume the defense of such claims with counsel approved by the Indemnitee (such approval not to be unreasonably withheld), upon the delivery to

33

such Indemnitee of written notice of its election so to do.  After delivery of such notice, approval of such counsel by the Indemnitee and the retention of such counsel by the Partnership, the Partnership will not be liable to such Indemnitee for any fees of any other counsel subsequently incurred by such Indemnitee with respect to the same claims, provided that (i) the Indemnitee shall have the right to employ counsel in any such claims at such Indemnitee's expense, and (ii) if (A) the employment of counsel by the Indemnitee has been previously authorized by the Partnership, (B) the Indemnitee shall have reasonably concluded based on the written advice of counsel that there may be a conflict of interest between the Partnership and such Indemnitee in the conduct of such defense or (C) the Partnership shall not, in fact, have employed counsel to assume the defense of such claims, then the fees and expenses of the Indemnitee's counsel shall be at the expense of the Partnership.

(f)    <u>Non-Exclusive Provisions Re: Indemnification and Advancement</u>.  The indemnification against settlements, judgments, expenses and other matters and the advancement of

34

#91547493v26

costs and expenses provided for hereunder shall not be deemed exclusive of any other rights to indemnification and/or advancement to which the Indemnitee may otherwise be entitled.

(g) <u>Payments Net of Taxes</u>. The amount of any payment under these provisions shall be increased to take into account any net cost incurred by the Indemnitee due to any form of taxation, whenever created or imposed, and whether of the United States or elsewhere, and whether imposed by a federal, state, municipal, governmental, territorial, local, foreign or other body, together with any related interest and any penalties, additions to such tax or additional amounts imposed with respect thereto, as a result of the receipt or accrual of payments hereunder (grossed-up for such increase), in each case determined by treating the Indemnitee as recognizing all other items of income, gain, loss, deduction or credit before recognizing any item arising from the receipt or accrual of any payment hereunder.

(h) <u>Exceptions</u>.

(i) Claims Initiated by Indemnitee. Notwithstanding any other provision herein to the contrary, the Partnership shall not be obligated to indemnify or advance expenses to the Indemnitee with respect to proceedings or claims initiated or brought

35

voluntarily by the Indemnitee, except by way of defense or counterclaims asserted by Indemnitee in a proceeding brought against Indemnitee and with respect to proceedings brought to establish or enforce a right to indemnification hereunder; provided, however, such indemnification or advancement of expenses may be provided by the Partnership in specific cases if the Board of Directors finds it to be appropriate.

(ii) Lack of Good Faith. Notwithstanding any other provision herein to the contrary, the Partnership shall not be obligated to indemnify the Indemnitee for any expenses incurred by the Indemnitee with respect to any proceeding instituted by the Indemnitee to enforce or interpret these provisions, if a court of competent jurisdiction determines that each of the material assertions made by the Indemnitee in such proceeding was frivolous or made in bad faith.

(iii) Unauthorized Settlements. Notwithstanding any other provision herein to the contrary, the Partnership shall not be obligated to indemnify the Indemnitee for any amount paid in

36

settlement of a Proceeding effected without the prior written consent of the Partnership.  The Partnership agrees not to unreasonably withhold its consent to any settlement.

(iv)   Duplicative Payment.  The fact that an Indemnitee may be entitled to indemnification or payment from another source shall not reduce the obligations of the Partnership hereunder; provided that the Partnership shall not be liable hereunder to make any payment to the Indemnitee of amounts otherwise indemnifiable hereunder if and to the extent that Indemnitee has otherwise actually received such payment under any insurance policy, contract, agreement, other right to indemnification or otherwise.

(i)   <u>Burden of Proof</u>.  In making a determination with respect to the Indemnitee's right to indemnification hereunder, the person or persons or entity making such determination shall presume that Indemnitee is entitled to indemnification hereunder, and the Partnership shall have the burden of proof to overcome that presumption in connection with the making by any person, persons or entity of any determination contrary to that presumption.

37

(j) Other Provisions.

(i) Enforcement of Rights. It is understood that the Partnership intends these provisions to be interpreted and enforced so as to provide indemnification and advancement of expenses to the Indemnitee to the fullest extent permitted by applicable law as then in effect. Without limiting the generality of Section 20(I)(a) hereof or the preceding sentence, if the Indemnitee is successful in any material respect in bringing any action to enforce any rights hereunder, the Indemnitee shall, to the fullest extent permitted by law, be entitled to recover all reasonable fees and expenses in bringing and pursuing such action. In addition, the Indemnitee may in his or her sole discretion apply to any court of competent jurisdiction for specific performance and/or injunctive relief in order to enforce, or prevent any violations of, these provisions.

(ii) Survival, Successors and Assigns. The Indemnitee's rights under these provisions shall continue after the Indemnitee has ceased to serve as (i) a director, officer or Agent of the General

38

#91547493v26

Partner, (ii) a director, officer, trustee or Agent of the Partnership or any Designated Subsidiary or (iii) a director, officer, trustee or Agent of any Other Enterprises, if, in the case of this clause (iii), the Indemnitee served in such capacity at the request of the Partnership, and shall be binding on and inure to the benefit of successors, assigns, legatees, distributees, heirs, executors, guardians, administrators, estates and other legal representatives.

(iii)  Serving at the Request of the Partnership.  For purposes of any reference in this Section 20 to a person serving in a capacity at the request of the Partnership, a given person will be treated as serving in a capacity at the request of the Partnership only if the board of directors of the General Partner adopts a resolution evidencing such request.

II.    Preservation of Rights.  Neither the amendment nor repeal of this Section 20, nor the adoption of any provision of this Agreement, nor, to the fullest extent permitted by Delaware law, any modification of law, shall adversely affect any right or protection of any person granted pursuant hereto

39

#91547493v26

existing at, or arising out of or related to any event, act or omission that occurred prior to, the time of such amendment, repeal, adoption or modification (regardless of when any Proceeding (or part thereof) relating to such event, act or omission arises or is first threatened, commenced or completed).

III. <u>Exculpation</u>.  To the fullest extent permitted by law, no Indemnitee shall be liable, in damages or otherwise, to the Partnership, the Limited Partners or any of their affiliates or any other person or entity for any act or omission performed or omitted by any of them in connection with the business of the Partnership including, for the avoidance of doubt, acts or omissions constituting negligence or gross negligence, except with respect to any act or omission with respect to which a court of competent jurisdiction (or similar tribunal) has issued a final, non-appealable decision, judgment or order that such act or omission constitutes a material breach of this Agreement that was not cured within thirty (30) days after the Indemnitee had actual notice of such breach.  The provisions set forth in this Section 20 shall survive the termination of the Partnership and this Agreement and may not be amended or otherwise modified in any way that would adversely affect any

40

Indemnitee without the prior written consent of such Indemnitee.

21. [Reserved.]

22. Meetings of Partners.

(a) Any Partner may at any time call a meeting of Partners. Notice of any meeting of Partners shall be mailed to each Partner at least 15 and not more than 30 business days prior to the date of the meeting unless all of the Partners consent to a shorter notice period. Meetings will be held at such time and place as shall be agreed to by all the Partners. Equity Partners constituting 100% in Percentage Interest present in person or by proxy throughout the meeting shall constitute a quorum for the transaction of business at any meeting. All Partners, officers and directors of Partners, the Partnership's auditors and their respective counsel may attend and speak at any meeting of the Partners.

(b) On any question submitted to a meeting, each Equity Partner shall have a vote proportional to its Percentage Interest in the Partnership.

(c) A quorum being present, each question presented to any meeting of the Partners shall be decided by the Equity Partners constituting a majority in Percentage Interest of the

41