# EXHIBIT 2

SCHEDULE 1

INDEMNIFICATION

WHEREAS, the Board of Directors of Purdue Pharma Inc. (the "General Partner"), a New York corporation and the general partner of Purdue Pharma L.P., a Delaware limited partnership (the "Company"), has concluded that to retain and attract talented and experienced individuals to serve as (i) directors, officers and certain agents listed on Exhibit A attached hereto (the "Agents") of the General Partner and officers and Agents of the Company, and (ii) directors, officers, trustees or Agents of Other Enterprises (as defined below) (each an "Indemnitee"; which term shall include for purposes of these provisions former directors of the General Partner or Other Enterprises), it is necessary for the Company to agree to indemnify the Indemnitees and to assume for itself maximum liability for expenses and damages in connection with claims against such Indemnitees in connection with their service, and has further concluded that the failure to provide such indemnification could result in great harm to the Company;

NOW, THEREFORE, be it resolved as follows:

1.  Mandatory Indemnification. The Company shall, to the fullest extent allowed by applicable law (including indemnification permitted by Section 17-108 of the Delaware Revised Uniform Limited Partnership Act), even if such indemnification is not specifically authorized by the Company's Limited Partnership Agreement, the Certificate of Incorporation of the General Partner or the By-laws of the General Partner, indemnify and hold harmless each Indemnitee from and against any and all expenses (including attorneys' fees), amounts paid or incurred in satisfaction of or as part of settlements, judgments, fines, penalties, liabilities and similar or related items incurred or suffered or threatened to be incurred or suffered as a result of or in connection with such Indemnitee being made or threatened to be made a party to or participant in

#92019364v1

any pending, threatened or completed actions, suits or proceedings, whether civil, criminal, administrative, arbitrative or investigative (including any appeal therein and any inquiry or investigation which could lead to such suit, action or proceeding) (collectively, "Proceedings") by reason of the Indemnitee's being or the Indemnitee or his or her testator or intestate having been (or to the fullest extent permitted by law otherwise related to the fact that the Indemnitee is or the Indemnitee or his or her testator or intestate was) (a) a director, officer or Agent of the General Partner or an officer or Agent of the Company, or (b) a director, officer, trustee or Agent of any direct or indirect subsidiary of the Company (collectively, "Subsidiary") or any other corporation, partnership, joint venture, trust, employee benefit plan or other enterprise or entity of any kind or nature (collectively, including such Subsidiaries, "Other Enterprises"), at which the Indemnitee served in such capacity at the request of the Company. The foregoing right to indemnification applies to any Proceeding in which the Indemnitee is made, or is threatened to be made, a party or participant. The Company shall not be obligated to indemnify the Indemnitee if a final decision by a court having jurisdiction in the matter shall establish that the Indemnitee did not act in good faith, and, with respect to any criminal action or proceeding, had reasonable cause to believe that his or her conduct was unlawful. Any indemnification pursuant to these provisions shall be made out of the assets of the Company and/or Other Enterprise.

    2.    Indemnification as Witness. Notwithstanding any other provision herein, to the extent the Indemnitee is a witness in any proceeding by reason of the fact that the Indemnitee is or was (i) a director, officer or Agent of the General Partner or an officer or Agent of the Company, or (ii) a director, officer, trustee or Agent of an Other Enterprise, the Indemnitee shall be indemnified against any and all expenses (including attorneys' fees) actually and reasonably incurred by or for the Indemnitee in connection therewith.

2

3.    Mandatory Advancement of Expenses. The Company shall to the fullest extent permitted by applicable law advance all costs and expenses (including attorneys' fees and expenses) incurred by the Indemnitee in defending any one or more Proceedings, whether civil, criminal, administrative or investigative, in advance of final disposition of such Proceeding against an undertaking by or on behalf of the Indemnitee to repay such costs and expenses if it shall ultimately be determined that the Indemnitee is not entitled to be indemnified by the Company or to be indemnified to the full extent of the costs and expenses advanced by the Company. Such mandatory obligation to advance costs and expenses shall include costs and expenses incurred in asserting affirmative defenses, counter-claims and cross-claims. The advances to be made hereunder shall be paid by the Company to the Indemnitee within ten (10) days following delivery of a written request therefor by the Indemnitee to the Company.

4.    Continuation of Indemnification. All obligations of the Company hereunder shall continue during the period the Indemnitee is (i) a director, officer or Agent of the General Partner or an officer or Agent of the Company, or (ii) serving at the request of the Company as a director, officer, trustee or Agent of an Other Enterprise, and shall continue thereafter so long as the Indemnitee shall be subject to any possible Proceeding by reason of the fact that the Indemnitee is or was (i) a director, officer or Agent of the General Partner or an officer or Agent of the Company, or (ii) serving at the request of the Company as a director, officer, trustee or Agent of an Other Enterprise. The foregoing provisions for indemnification and advancement of expenses shall not be deemed to or affected by any amendment or repeal of any applicable law affecting indemnification of directors, officers or Agents. These provisions may not be amended retroactively without the consent of the Indemnitee who is adversely affected by such modifications.

3

#92019364v1

5. Procedural Requirements.

(a) Notice by Indemnitee, The Indemnitee shall, as a condition precedent to the Indemnitee's right to be indemnified hereunder, give the Company notice in writing as soon as practicable of any claims made against such Indemnitee for which such Indemnitee believes that indemnification with respect thereto may be sought from the Company. Notice to the Company shall be directed to the Secretary of the Company, or such other person as the Company shall designate in writing to the Indemnitee.

(b) Notice to Insurer. If, at the time of the receipt of a notice of the commencement of a proceeding pursuant to Section 5(a) above, the Company has in effect an insurance policy or policies providing directors' and officers' liability insurance, the Company shall give prompt notice of the commencement of such proceeding to the insurers in accordance with the procedures set forth in the respective policies. The Company shall thereafter make all commercially relevant efforts to take all necessary or desirable action to cause such insurers to pay all amounts payable as a result of such proceeding in accordance with the terms of such policies.

(c) Subrogation. In the event of payment hereunder, the Company shall be subrogated to the extent of such payment to all of the rights of recovery of the Indemnitee. The Indemnitee shall execute all documents required and shall do everything that may be necessary to secure such rights, including the execution of such documents necessary to enable the Company to effectively bring suit to enforce such rights.

(d) Selection of Counsel. In the event the Company shall be obligated hereunder to pay the expenses of any claims, the Company shall be entitled to assume the defense of such claims with counsel approved by the Indemnitee (such approval not to be unreasonably withheld),

4

#92019364v1

upon the delivery to such Indemnitee of written notice of its election so to do. After delivery of such notice, approval of such counsel by the Indemnitee and the retention of such counsel by the Company, the Company will not be liable to such Indemnitee for any fees of any other counsel subsequently incurred by such Indemnitee with respect to the same claims, provided that (i) the Indemnitee shall have the right to employ counsel in any such claims at such Indemnitee's expense, and (ii) if (A) the employment of counsel by the Indemnitee has been previously authorized by the Company, (B) the Indemnitee shall have reasonably concluded based on the written advice of counsel that there may be a conflict of interest between the Company and such Indemnitee in the conduct of such defense or (C) the Company shall not, in fact, have employed counsel to assume the defense of such claims, then the fees and expenses of the Indemnitee's counsel shall be at the expense of the Company.

6.  Non-Exclusive Provisions Re: Indemnification and Advancement. The indemnification against settlements, judgments, expenses and other matters and the advancement of costs and expenses provided for hereunder shall not be deemed exclusive of any other rights to indemnification and/or advancement to which the Indemnitee may otherwise be entitled.

7.  Payments Net of Taxes. The amount of any payment under these provisions shall be increased to take into account any net cost incurred by the Indemnitee due to any form of taxation, whenever created or imposed, and whether of the United States or elsewhere, and whether imposed by a federal, state, municipal, governmental, territorial, local, foreign or other body, together with any related interest and any penalties, additions to such tax or additional amounts imposed with respect thereto, as a result of the receipt or accrual of payments hereunder (grossed-up for such increase), in each case determined by treating the Indemnitee as recognizing

5

#92019364v1

all other items of income, gain, loss, deduction or credit before recognizing any item arising from the receipt or accrual of any payment hereunder.

8. Exceptions.

(a) Claims Initiated by Indemnitee. Notwithstanding any other provision herein to the contrary, the Company shall not be obligated to indemnify or advance expenses to the Indemnitee with respect to proceedings or claims initiated or brought voluntarily by the Indemnitee, except by way of defense or counterclaims asserted by Indemnitee in a proceeding brought against Indemnitee and with respect to proceedings brought to establish or enforce a right to indemnification hereunder; provided, however, such indemnification or advancement of expenses may be provided by the Company in specific cases if the Board of Directors finds it to be appropriate.

(b) Lack of Good Faith. Notwithstanding any other provision herein to the contrary, the Company shall not be obligated to indemnify the Indemnitee for any expenses incurred by the Indemnitee with respect to any proceeding instituted by the Indemnitee to enforce or interpret these provisions, if a court of competent jurisdiction determines that each of the material assertions made by the Indemnitee in such proceeding was frivolous or made in bad faith.

(c) Unauthorized Settlements. Notwithstanding any other provision herein to the contrary, the Company shall not be obligated to indemnify the Indemnitee for any amount paid in settlement of a Proceeding effected without the prior written consent of the Company, The Company agrees not to unreasonably withhold its consent to any settlement.

(d) No Duplicative Payment. The Company shall not be liable hereunder to make any payment of amounts otherwise indemnifiable hereunder if and to the extent that Imdemnitee has

6

otherwise actually received such payment under any insurance policy, contract, agreement or otherwise.

9.  Burden of Proof. In making a determination with respect to the Indemnitee's right to indemnification hereunder, the person or persons or entity making such determination shall presume that Indemnitee is entitled to indemnification hereunder, and the Company shall have the burden of proof to overcome that presumption in connection with the making by any person, persons or entity of any determination contrary to that presumption.

10. Other Provisions.

(a) Enforcement of Rights. It is understood that the Company intends these provisions to be interpreted and enforced so as to provide indemnification and advancement of expenses to the Indemnitee to the fullest extent permitted by applicable law as then in effect. Without limiting the generality of Section 1 hereof or the preceding sentence, if the Indemnitee is successful in any material respect in bringing any action to enforce any rights hereunder, the Indemnitee shall, to the fullest extent permitted by law, be entitled to recover all reasonable fees and expenses in bringing and pursuing such action. In addition, the Indemnitee may in his sole discretion apply to any court of competent jurisdiction for specific performance and/or injunctive relief in order to enforce, or prevent any violations of, these provisions.

(b) Severability. If any provision herein or the application thereof to any entities or individuals ("Persons") or circumstance(s) shall be invalid or unenforceable to any extent, (i) the remainder of these provisions and the application of such provision to other Persons or circumstance(s) shall not be effected thereby; and (ii) each such provision shall be enforced to the greatest extent permitted by law.

(c) Construction. Use of the words "hereby," "herein," "hereto," "hereof," "hereunder," and similar words, shall be deemed to refer to these provisions in their entirety, and not solely to the Section or Subsection in which any such word appears; "including," "includes," or "include" shall mean "including but not limited to," "includes but is not limited to," and "include but not limited to." All personal pronouns used herein, whether used in the masculine, feminine or neuter gender, shall include all other genders; the singular shall include the plural, and vice versa. Titles of Sections are for convenience only, and shall not modify rights and obligations created by these provisions.

(d) Survival Successors and Assigns. The Indemnitee's rights under these provisions shall continue after the Indemnitee has ceased to serve as (i) a director, officer or Agent of the General Partner or an officer or Agent of the Company, or (ii) a director, officer, trustee or Agent of an Other Enterprise, and shall be binding on and inure to the benefit of successors, assigns, legatees, distributees, heirs, executors, guardians, administrators, estates and other legal representatives.

(e) Governing Law. These provisions shall be governed by and construed according to the laws of the State of Delaware, without giving effect to principles of conflicts of law in Delaware.

EXHIBIT A

AGENTS[*]

Hank Shaw
Stephen A. Ives
Scott Hartman
Barbara Cording
Jörg Fischer
Raymond M. Smith
James O'Brien, Chief Accountant
Celine Hannett, Executive Director, Treasurer
Joseph Drelich, Tax Officer
Christine Ostrowski, Senior Director, Contracts, ISP
Lynn Nagorski, National Field Manager, MHC
Monica Anne Kwarcinski, Senior Director, Medical Services
John D. Crowley, Executive Director, Controlled Substances Act Compliance
Marsha Stanton, Director, Medical Education
Pamela Bennett, Executive Director, Advocacy
James Heins, Director, Public Affairs
Jane Petty, Senior Director, Sales Force
Windell Fisher, Senior Director, Sales Force
Phillip Cramer, Senior Director, Sales Force

---

[*] Agents shall include such other persons as designated from time to time by the Board of Directors of the General Partner.

#92019364v1

[October 12, 2009]

# PURDUE PHARMA INC. (NEW YORK)
# PURDUE PHARMA L.P. (DELAWARE)
# PURDUE PRODUCTS INC. (NEW YORK)
# PURDUE PRODUCTS L.P. (DELAWARE)
# PURDUE PHARMACEUTICAL PRODUCTS INC. (NEW YORK)
# PURDUE PHARMACEUTICAL PRODUCTS L.P. (DELAWARE)
# THE PURDUE FREDERICK COMPANY (NEW YORK)

## ADDITIONAL AGENTS

Hank Shaw
Stephen A. Ives
Jorg Fischer
Raymond M. Smith
Joseph Drelich
Christine Ostrowski
Monica Anne Kwarcinski
John D. Crowley
Pamela Bennett
James Heins
Jane Petty
Windell Fisher
Phillip Cramer
Tim Bannon (Resigned January 1, 2009)
David Eherts (Resigned September 16, 2006)
Mike Innaurato
Alan Koller
Don Kyle
Peter Mendelson
Andrea Neuman
Steve Seid
Kristen Staikos (Resigned June 22, 2007)
Brianne Weingarten
Jeff Zerillo
Jon Lowne
Eric Bostrup

#92019364v1

[October 6, 6, 2016]

**PURDUE PHARMA INC. (NEW YORK)**

**ADDITIONAL AGENTS**

Hank Shaw
Stephen A. Ives
Jörg Fischer
Raymond M. Smith
Joseph Drelich (Resigned December 24, 2013)
Christine Ostrowski
Monica Anne Kwarcinski
John. D. Crowley (Resigned December 31, 2012)
Pamela Bennett
Tames Heins .(Resigned June 19, 2015)
Jane Petty (Resigned September 4, 2015)
Windell Fisher (Resigned July 11, 2014)
Cramer (Resigned September 4, 2015)
Tim Bannon (Resigned January 1, 2009)
David Eherts (Resigned September 16, 2006)
Mike Innaurato (Resigned December 31, 2012)
Ian Koller
Don Kyle
Peter Mendelson
Andrea Neuman
Steve Seid (Resigned May 30, 2014)
Kristen Staikos (Resigned June 22, 2007)
Brianne Weingarten
Jeff Zerillo (Resigned August 28, 2013)
Jon Lowne
Eric Bostrup (Resigned July 3, 2015)
Robert Kaiko

# DECISION

## August 25, 2017

Indemnification - Additional Agents[*]

It was decided that the individuals listed on the attached Schedule be included as additional "Agents" entitled to indemnification pursuant to the indemnification provisions adopted on November 19, 2004 by (i) Purdue Pharma Inc. and Purdue Pharma L.P., (ii) Purdue Products Inc. and Purdue Products L.P., (iii) Purdue Pharmaceutical Products Inc. and Purdue Pharmaceutical Products L.P., and (iv) The Purdue Frederick Company:

(Decision of the Board of Directors of Purdue Pharma Inc., for itself and as the general partner of Purdue Pharma L.P., the Board of Directors of Purdue Products Inc., for itself and as the general partner of Purdue Products L.P., the Board of Directors of Purdue Pharmaceutical Products Inc., for itself and as the general partner of Purdue Pharmaceutical Products L.P., and the Board of Directors of The Purdue Frederick Company)

---

[*] The indemnification provisions adopted by the U.S. independent associated companies automatically cover the Directors and officers of the U.S. independent associated companies, and permit additional persons who have not been elected as a Director and/or an officer of a U.S. independent associated company to be added as additional "Agents" on a case-by-case basis. The same procedure applies to the D&O insurance carried by the independent associated companies (i.e., the D&O insurance automatically covers those persons automatically covered under the indemnification provisions and then permits additional persons to be added on a case-by-case basis); however, in order to cover an additional "Agent" under the D&O insurance the person must first be covered by the applicable indemnification provisions. The persons listed on the attached Schedule, although not elected officers of an independent associated company, given the nature of their jobs in quality control, production and compliance, should be covered by the indemnification provisions and under the D&O insurance. The indemnification provisions provide that a covered person will be indemnified to the fullest extent allowed by applicable law by reason of the covered person being or having been a Director, officer or "Agent" of the independent associated companies; provided, however, the independent associated companies are not obligated to indemnify a covered person if a final decision by a court having jurisdiction in the matter shall establish that the covered person did not act in good faith, and, with respect to any criminal action or proceeding, had reasonable cause to believe that his or her conduct was unlawful.

#92019364v1

**SCHEDULE**

| **NAME** | **TITLE** |
|---|---|
| Alan Koller | Chief Patent Counsel |
| Cassandra George | Associate General Counsel, Head of Legal Regulatory Practice Group |
| Danielle Gentin Stock | Associate General Counsel, Head off Government Litigation & Investigations |
| Christina Ricarte | Associate General Counsel |
| Monica Anne Kwarcinski | Head of External Medical Affairs |
| Paul Coplan | Head, Abuse Deterrent Research Strategy Group |
| Mary Kelly | Head of Marketing and Interim Sales Head |
| David Rosen | Executive Director Market Insights & Analytics |
| Pamela Bennett | Executive Director, Patient & Professional Relations |
| Brianne Weingarten | Head of Licensing Business Development Alliance Management |
| Christine Ostrowski | Executive Director, Pricing & Contract Administration |
| Jon Lowne | Controller |
| Robert F. Kaiko | Consultant |
| Lisa Miller | Executive Director, Health Care Systems |
| David Xu | Executive Director, Head of New Product Planning |
| Rich Fanelli | Head of Regulatory Affairs |
| Alexis Stroud | Director, Ethics & Compliance |