# Exhibit 1

**Steve Miller Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | x | |
|---|---|---|
| **In re:** | : | Chapter 11 |
| | : | |
| **PURDUE PHARMA L.P.,** *et al.*, | : | Case No. 19-23649 (RDD) |
| | : | |
| **Debtors.**[1] | : | (Jointly Administered) |
| | x | |

---

## DECLARATION OF ROBERT S. MILLER

Robert S. "Steve" Miller declares as follows:

1.  I am providing this declaration upon the request of Stephen D. Lerner, the Court-appointed Examiner in the above-captioned cases (the "Examiner"). On July 12, 2021, I submitted to an interview by the Examiner and his counsel (the "Interview").

2.  I answered all questions posed to me during the Interview truthfully and completely, to the best of my knowledge and recollection.

3.  Confirming my response to questions by the Examiner during the Interview, my service and actions on the Special Committee of the board of directors of Purdue Pharma, Inc. (the "Special Committee") was based only on my own judgment, informed by the legal and professional advisors to the Special Committee. No member of the Sackler family, either directly or through any representative (other than the planned meeting described in paragraph 5 below), ever tried to influence me in connection with any analysis, conclusion, decision, reasoning,

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

evaluation, or other activity of the Special Committee, including but not limited to, in connection with the Special Committee's consideration and recommendation of the terms of the proposed shareholder settlement reflected in the *Fifth Amended Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and Its Affiliated Debtors* [Docket No. 2982], as subsequently amended, or any actual or potential claim against any member of the Sackler family or affiliated entity (the "Special Committee Work").  I am not aware of any member of the Sackler family attempting to influence any other member of the Special Committee.

4. To the best of my knowledge and recollection, since the filing of the Debtors' bankruptcy cases, I have not spoken to or communicated with any member of the Sackler family. Although it is possible that I have spoken to Jeffrey Rosen of the Debevoise firm since the filing of the Debtors' bankruptcy cases, I have no specific recollection of that and I did not communicate with Mr. Rosen regarding the Special Committee Work.  Other than this possibility, to the best of my recollection, since the filing of the Debtors' bankruptcy cases, I have not communicated with any representative of the Sackler family.

5. I have never communicated with any member of the Sackler family regarding any aspect of the Special Committee Work.  On January 29, 2020, I attended a meeting with the other members of the Special Committee, Purdue Pharma, Inc. directors Anthony Roncalli and Peter Boer, senior officers for Purdue Pharma, Inc., and counsel for Purdue Pharma where legal counsel for members of the Sackler family made a presentation regarding the family's position concerning potential claims.  My understanding is that the presentation corresponded to one given to creditor groups and is substantially similar to information the Sackler family thereafter made publicly available.  After the presentation, counsel to the Sackler family were excused from the meeting along with Anthony Roncalli and Peter Boer, and the Special Committee met separately thereafter.

Other than this planned presentation, to the best of my knowledge and recollection, I am not aware of any communication to any member of the Special Committee by a member of the Sackler family or any representative of the Sackler family concerning the Special Committee Work.

6. Prior to the time I was asked to consider joining the board of Purdue Pharma, Inc., I had no professional, personal, social, or other relationship with any member of the Sackler family or with Purdue Pharma, Inc. or its affiliates.

7. I am not aware of any covenant not to sue or other agreement purporting to restrict or limit any potential claims by the Debtors against members of the Sackler family. No such agreement limited the Special Committee Work.

8. Pursuant to an agreement on November 6, 2019 that was disclosed to the Court, the ability of any shareholder of Purdue Pharma, Inc. to appoint or remove any member of the Special Committee was irrevocably delegated to the General Counsel of Purdue Pharma, as proxy for the shareholders. This November 2019 agreement was not precipitated by any specific event and was instead a general and prophylactic governance action. To my knowledge, no member of the Sackler family or any representative ever requested, threatened, or suggested in any way that any member of the Special Committee should be removed.

9. The Special Committee conducted the Special Committee Work independently of the Sackler family and its representatives and I am not aware of any fact suggesting otherwise.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on July 16, 2021.

_____
Robert S. Miller