# Exhibit 7

**Jonathan White Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In re:** | : | Chapter 11 |
| | : | |
| **PURDUE PHARMA L.P.,** *et al.*, | : | Case No. 19-23649 (RDD) |
| | : | |
| Debtors.[1] | : | (Jointly Administered) |

### DECLARATION OF JONATHAN WHITE

Jonathan White declares as follows:

1. I am providing this declaration upon the request of Stephen D. Lerner, the Court-appointed Examiner in the above-captioned cases (the "Examiner"). On July 16, 2021, I submitted to an interview by the Examiner and his counsel (the "Interview").

2. I answered all questions posed to me during the Interview truthfully and completely, to the best of my knowledge and recollection.

3. Confirming my response to questions by the Examiner during the Interview, I never attempted to influence any member of the Special Committee of the board of directors of Purdue Pharma, Inc. (the "Special Committee"), in their capacity as members of the Special Committee, either directly or through representatives. Specifically, I never sought to influence any member of the Special Committee in connection with any analysis, conclusion, decision, reasoning, evaluation, or other activity of the Special Committee, including but not limited to, in

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

connection with the Special Committee's consideration and recommendation of the terms of the proposed shareholder settlement reflected in the *Fifth Amended Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and Its Affiliated Debtors* [Docket No. 2982], as subsequently amended, or any actual or potential claim against any member of the Sackler family or affiliated entity (the "Special Committee Work").  I am not aware of any member of the Sackler family attempting to influence any member of the Special Committee or any aspect of the Special Committee Work.

      4.      I believe I had breakfast with Ken Buckfire in December of 2019 at his request. To the best of my recollection, nothing of significance was discussed regarding the Special Committee work or otherwise.  I did not attempt then or ever to influence him in his Special Committee work.  I believe I may have participated in one or more group calls after the filing of the bankruptcy cases to provide the shareholders with general updates.  Representatives of the Debtors, legal counsel, and others participated (although I have no specific recollection of whether any members of the Special Committee did so, although I believe Mr. Miller may have been an organizer for the calls).    No such call related to the Special Committee Work.  Other than the foregoing, I have not spoken to, communicated in writing with, or interacted with any member of the Special Committee since the filing of the Debtors' bankruptcy cases.

      5.      I have never communicated with any member of the Special Committee regarding any aspect of the Special Committee Work.  I am not aware of any member of the Sackler family communicating with any member of the Special Committee regarding any aspect of the Special Committee Work.  I have been made aware that legal counsel for the Sackler family provided a presentation to the board of Purdue Pharma, Inc. (including the members of the Special Committee) and its advisors regarding the family's position concerning potential claims in

2

January of 2020. I did not attend this presentation and my understanding is that this presentation corresponded to a presentation given to creditor groups and contains information substantially similar to that contained in publicly available filings by the Mortimer D. Sackler family in the Bankruptcy Court. Other than this presentation, to the best of my knowledge and recollection, I am not aware of any communication to any member of the Special Committee by any representative of the Sackler family concerning the Special Committee Work and I do not believe that any such communication was ever made.

6. From my perspective, the members of the Special Committee were chosen as directors of Purdue Pharma, Inc. because of their experience and independence. Prior to the time they joined the board of Purdue Pharma, Inc., I had no professional, personal, social, or other relationship with any member of the Special Committee and I am not aware of any such relationship between any of them and any member of the Sackler family.

7. I am not aware of any covenant not to sue or other agreement purporting to restrict or limit any potential claims by the Debtors against members of the Sackler family.

8. I believe that the Special Committee conducted the Special Committee Work independently of the Sackler family and its representatives and I am not aware of any fact suggesting otherwise.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on July 19 2021.

Jonathan White