IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **In re:** | Chapter 11 |
| **PURDUE PHARMA L.P., et al.,** [1] | CASE NO.: 19-23649 (RDD) |
| **Debtors.** | (Jointly Administered) |

**OBJECTION OF SARASOTA COUNTY PUBLIC HOSPITAL DISTRICT D/B/A SARASOTA MEMORIAL HEALTH CARE SYSTEM, INC. TO SIXTH AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION OF PURDUE PHARMA L.P. AND ITS AFFILIATED DEBTORS**

---

Creditor, Sarasota County Public Hospital District d/b/a Sarasota Memorial Health Care System, Inc., ("SCPHD"), by and through its undersigned counsel, respectfully submits its objection ("**Objection**") to (1) the *Sixth Amended Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and its Affiliated Debtors*, dated July 14, 2021 [D.I. 3185] (together with all schedules and exhibits thereto, and as may be modified, amended or supplemented from time to time, the "**Plan**") from the holders of certain Unsecured Claims against Debtors; (2) the *Disclosure Statement for the Plan, filed on June 3, 2021* [D.I. 2983] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Disclosure Statement**"); (3) the Order approving the Disclosure Statement and related solicitation procedures

---

[1] The debtors in these chapter 11 cases ("Debtors" or "Purdue"), along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc.(7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014) (collectively, the "Bankruptcy Cases").

1

[D.I. 2988] (the **"Disclosure Statement and Solicitation Procedures Order"**); and (4) the proposed *Hospital Trust Distribution Procedures* created under the Plan [D.I. 3121] (the "**Hospital Trust Distribution Procedures**").

## PRELIMINARY STATEMENT

The Plan as submitted has two fatal flaws. The first is endemic to the concept of the Plan. This can be viewed as a "facially insufficient" argument. The second is as it relates to creditor hospitals such as SCPHD which stand to literally receive nothing from the Plan. This can be viewed as an "insufficient as applied" argument.

## ANALYSIS

First, the concept of bankruptcy is to provide a fresh start to a debtor by limiting the claims of current creditors. In a liquidation, the assets of the company are used to pay off those claims. In a reorganization, the future earnings of the company are sued to pay off the prior debts. This is the underpinning of the Best Interest of Creditors Test. *See 11 U.S.C.A. sec. 1129(a)(7).* In sum and substance, the test is that a plan of reorganization must give a non-consenting creditor at least as much as that creditor would have received in a straight liquidation. Without satisfying this test, the bankruptcy court cannot approve the debtor's plan *See In re Valley Park Grp., Inc.*, 96 B.R. 16 (Bankr. N.D.N.Y 1989)). This stands to reason as liquidation is the default option for a bankrupt company.

In the Plan, the current creditors will actually receive nothing at all. Instead, the Debtors future revenue will be used to pay <u>future</u> creditors. This will happen in the form of payment of future abatement claims by creditors such as SCPHD. While a noble concept, it is wholly at odds with the Best Interest of Creditors requirement. Had even a small amount of money been allocated to pay prior claims, perhaps an argument could be made that, given the huge number of creditors

of the Debtor, any payment at all is better than what they would get in liquidation which would literally be a fraction of a penny. Here, though, the Plan abandons any pretense of making this calculation and simply allocates no money at all to existing creditors of the Debtor.

Second, the Plan as to entities such as SCPHD provides no future recovery either. The Plan pre-supposes that all prior creditors will have some level of abatement programming under which the creditor can seek reimbursement from the Hospital Trust. If this were true, then perhaps the argument could be made that this future payment would be a benefit to the creditor. However, the assumption is flawed in that 1) there is no empirical data that this is true and 2) it presupposes that all hospital creditors in this bankruptcy are one in the same as those hospitals who have qualified abatement programs for which they can seek reimbursement in the future. For entities such as SCPHD, this is an untrue assumption.[2]

In addition to the above, the Plan also provides releases and litigation protection to those who are not even part of the current bankruptcy – namely the Sackler family. While this may see expedient, it provides the Sacklers with the same bankruptcy protection as the Debtor but without the requirement that they themselves declare bankruptcy and subject themselves to the same procedures for the benefit of creditors as any other debtor must undergo.

## CONCLUSION

SCPHD has specific interests and individualized damages which require specialized representation. The Sixth Amended Joint Chapter 11 Plan of Reorganization of Purdue Pharma

---

[2] Sarasota County Public Hospital District ("SCHD") is a unique governmental entity. SCPHD is a subdivision of the State of Florida and an independent special district created and operating under the authority of Chapter 2003-359, Laws of Florida. SCPHD is governed by the Sarasota County Public Hospital Board. SCPHD owns and operates Sarasota Memorial Health Care System d/b/a Sarasota Memorial Hospital. SCPHD has specific interests and individualized damages which require specialized representation.

L.P. and its Affiliated Debtors, dated July 14, 2021 fails to address the needs of certain unique hospitals such as SCPHD.

Dated July 20, 2021

                                                       **BENTLEY AND BRUNING, P.A.**

*/s/ Morgan R. Bentley*
_____
**MORGAN R. BENTLEY, ESQ.**
Florida Bar No. 0962287
mbentley@bentleyandbruning.com
**DAVID A. WALLACE, ESQ.**
Florida Bar No. 0608386
dwallace@bentleyandbruning.com
783 South Orange Avenue, Third Floor
Sarasota, Florida 34236
Telephone: (941) 556-9030
Facsimile: (941) 312-5316
Secondary Email: mdiven@bentleyandbruning.com
*Attorneys for Plaintiff Sarasota County Public Hospital District*

**STEVEN W. TEPPLER, ESQ.**
Florida Bar No. 14787
12920 Fernbank Lane
Jacksonville, Florida 32223
Telephone: (202) 253-5670
steppler@me.com
*Attorney for Plaintiff Sarasota County Public Hospital District*

**WILLIAM F. ROBERTSON, JR., ESQ.**
Kirk-Pinkerton, PA
Florida Bar No. 436607
1 South School Avenue, 3rd Floor
Sarasota, Florida 34237
(941) 364-2400
wrobertson@kirkpinkerton.com
*Attorney for Plaintiff Sarasota County Public Hospital District*