

Page 1

1    UNITED STATES BANKRUPTCY COURT

2    SOUTHERN DISTRICT OF NEW YORK

3    Case No. 19-23649-rdd

4    Adv. Case No. 19-08289-rdd

5    - - - - - - - - - - - - - - - - - - - - - - - - - - - x

6    In the Matter of:

7

8    PURDUE PHARMA L.P.,

9

10           Debtor.

11   - - - - - - - - - - - - - - - - - - - - - - - - - - - x

12   PURDUE PHARMA L.P., et al.,

13                 Plaintiffs,

14           v.

15   COMMONWEALTH OF MASSACHUSETTS, et al.,

16                 Defendants.

17   - - - - - - - - - - - - - - - - - - - - - - - - - - - x

18

19

20

21

22

23

24

25

1                    United States Bankruptcy Court

2                    300 Quarropas Street, Room 248

3                    White Plains, NY 10601

4

5                    March 1, 2021

6                    9:13 AM

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21    B E F O R E :

22    HON ROBERT D. DRAIN

23    U.S. BANKRUPTCY JUDGE

24

25    ECRO:   JUSTIN WALKER

Page 3

1    HEARING re Motion to Extend Time /Motion of Debtors for

2    Entry of a Fourth Order Extending the Exclusive Period

3    within which to File a Chapter 11 Plan (related

4    document(s)2143, 782, 1517) (ECF #2385)

5

6    HEARING re Motion to Extend Time/ Motion of Debtors for

7    Entry of a Fifth Order Extending the Exclusive Period within

8    which to File a Chapter 11 Plan (related document(s)2143,

9    782, 1517)

10

11   HEARING re Debtors Ex Parte Motion for Entry of an Order

12   Shortening Notice with Respect to Motion of Debtors for

13   Entry of a Fifth Order Extending the Exclusive Period within

14   which to File a Chapter 11 Plan (related document(s)2425)

15   filed by Marshall Scott Huebner on behalf of Purdue Pharma

16   L.P. (ECF #2426)

17

18   HEARING re Adversary proceeding: 19-08289-rdd Purdue Pharma

19   L.P. et al v. Commonwealth of Massachusetts et al

20   Motion to Extend Time/ Motion to Extend the Preliminary

21   Injunction (related document(s)2) (ECF #219)

22

23

24

25

Page 4

1    HEARING re Adversary proceeding: 19-08289-rdd Purdue Pharma

2    L.P. et al v. Commonwealth of Massachusetts et al

3    Memorandum of Law in Support of Motion to Extend the

4    Preliminary Injunction (related document(s)219) filed by

5    Benjamin S. Kaminetzky on behalf of Avrio Health L.P.,

6    Purdue Pharma Inc., Purdue Pharma L.P., Purdue Pharma

7    Manufacturing L.P., Purdue Pharma of Puerto Rico, Purdue

8    Pharmaceutical Products L.P., Purdue Pharmaceuticals L.P.,

9    Purdue Transdermal Technologies L.P., Rhodes Pharmaceuticals

10   L.P., Rhodes Technologies. (ECF #220)

11

12   HEARING re Adversary proceeding: 19-08289-rdd Purdue Pharma

13   L.P. et al v. Commonwealth of Massachusetts et al

14   Objection to Motion /Third Restatement of Limited Objection

15   and Reservation of Rights of Tennessee Public Officials in

16   Response to Debtors Motion to continue to Extend the

17   Preliminary Injunction for Richard Sackler (related

18   document(s)219)(ECF #222)

19

20

21

22

23

24

25

1   HEARING re Adversary proceeding: 19-08289-rdd Purdue Pharma

2   L.P. et al v. Commonwealth of Massachusetts et al

3   Reply Statement in Further Support of Motion to Extend the

4   Preliminary Injunction (related document(s)2 1 9) filed by

5   Benjamin S. Kaminetzky on behalf of Avrio Health L.P.,

6   Purdue Pharma Inc., Purdue Pharma L.P., Purdue Pharma

7   Manufacturing L.P., Purdue Pharma of Puerto Rico, Purdue

8   Pharmaceutical Products L.P., Purdue Pharmaceuticals L.P.,

9   Purdue Transdermal Technologies L.P., Rhodes Pharmaceuticals

10   L.P., Rhodes Technologies.(ECF #223)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25   Transcribed by:  Sonya Ledanski Hyde

Page 6

```
 1   A P P E A R A N C E S :

 2

 3   DAVIS POLK & WARDWELL LLP

 4        Attorneys for the Debtor

 5        450 Lexington Avenue

 6        New York, NY 10017

 7

 8   BY:  MARSHALL HUEBNER (TELEPHONICALLY)

 9

10   ALSO PRESENT TELEPHONICALLY:

11

12   MITCHELL P. HURLEY

13   ARIK PREIS

14   GERARD UZZI

15   HUNTER BLAIN

16   GREGORY JOSEPH

17   JEREMY KLEINMAN

18   ALEX LEES

19   NICHOLAS PREY

20   THEODORE WELLS JR.

21   KENNETH H. ECKSTEIN

22   RAMON NAGUIAT

23   JEREMY RYAN

24   CHRISTOPHER ROBERTSON

25   JEFFREY KAPLAN
```

1    CLAUDIA SPRINGER

2    MARA LEVENTHAL

3    DANIEL EISNER

4    ADAM HARRIS

5    KRISTINE MANOUKIAN

6    XIAOYU DUAN

7    GEORGE O'CONNOR

8    SCOTT FLAHERTY

9    JASMINE BALL

10   ANDREW TROOP

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1                    P R O C E E D I N G S
 2              THE COURT:  Good morning.  This is Judge Drain.
 3      We're here in In re Purdue Pharma, L.P., et al.
 4              This is a completely telephonic hearing.  You
 5      should keep your phone on mute, therefore, unless you're
 6      speaking.  When you speak, you should identify yourself and
 7      your client so that the Court Reporter and I can put
 8      together your voice with your name and you should do so
 9      thereafter if you speak as well.
10              There's one authorized recording of today's
11      calendar, it's taken by Court Solutions, which provides a
12      copy on a daily basis to our clerk's office.  If you want a
13      transcript of today's hearing, you should contact the
14      clerk's office to arrange for the production of one.
15              So with that introduction, I have the most recent
16      agenda for today's hearing, and I'm happy to go down it.
17      Let me apologize for starting a little late.  I got caught
18      up with someone who needed an order closing his case without
19      a discharge vacated given his filing of the necessary
20      document.
21              So, Mr. Huebner, I think you're handling this for
22      the debtors.
23              MR. HUEBNER:  I am, Your Honor, good morning.
24              THE COURT:  Good morning.
25              MR. HUEBNER:  Can the Court hear me clearly?
```

1          THE COURT:  Yes, thanks.

2          MR. HUEBNER:  Terrific.  Good morning, Your Honor.

3     For the record, Marshall Huebner, Davis Polk & Wardwell,

4     LLP, on behalf of the debtors.

5          Your Honor, our hope is that the hearing will be

6     quite brief this morning.  The agenda is, you know, very

7     close to uncontested, let me just say it like that.

8          The first item on the agenda is the fourth

9     exclusivity motion.  But what I might do is just explain for

10    the benefit of the Court, the combination of agenda items

11    one, two and three because we faced a little bit of a

12    dilemma and we didn't want to be cheeky, but ultimately, I

13    think we came up with what we call is the most conservative

14    and due process focused approach.  Let me explain as

15    follows.

16         About two weeks ago, we were two weeks from the

17    end of exclusivity.  And while we had the potential to move

18    for an extension until March 15th, we both remained hopeful

19    that somehow, we would get things done, everything done by

20    March 1st.

21         And also, we did not want to send a signal to many

22    constituents in the case that we had a whole other month to

23    work on stuff because, unfortunately in my experience, jobs

24    tend to expand to fill all available time.

25         And so, while we thought it was entirely possible

1    we would need a second extension for the final available two

2    weeks, we actually didn't want to seek it two weeks ago.

3              As I'll discuss in a minute, substantial progress

4    continues to be made on many fronts, but it was not going to

5    be possible given the extraordinary complexity of this case

6    and the constituencies to get the plan on file by today.

7    And so, we then were scratching our head about what to do to

8    get the final two weeks before the Court.

9              We had first thought about just filing a motion

10   late last week on regular notice; that, ironically, provides

11   in some ways less due process because, under the rules,

12   you're automatically bridged to the hearing on an

13   exclusivity hearing.

14             And so, actually if we'd set it for hearing on

15   March 14th, nobody effectively could have stopped the

16   extension in any event, and the Court actually might have

17   been constrained from entering a single order more

18   efficiently today because the objection deadline would not

19   have passed by today's hearing.

20             And so, we called around and emailed around to our

21   primary constituencies, including in particular, the UCC,

22   the AHC, the NCSG, the MSGE, and the DOJ -- a lot of

23   acronyms in this case -- and nobody had a problem either

24   with just moving to shorter notice to allow for any

25   objections to be raised at this hearing or to the substance

Page 11

1    of the relief requested on exclusivity, which is essentially

2    extending us until March 15th, which is co-extensive with

3    the unextendible statutory period.

4              So again, with apologies for the slight funkiness

5    of having two stacked two-week exclusivity motions on for

6    the same hearing, it actually seemed to be the most cost

7    effective, most prudent way to get it done.  And as I said,

8    we had either no objection or support from all of the

9    primary governmental constituencies in the case and UCC, and

10   we couldn't imagine anybody would really have a problem with

11   a two-week further extension given that this is the very

12   last one.  So that explains one, two and three.

13             I should note that since right now actually is the

14   objection deadline on the motion to shorten time and on the

15   two-week fifth exclusivity extension motion, it is possible

16   that somebody will raise their hand at this hearing and say,

17   well, they didn't call me, I object, I think it should end

18   today, in which case, obviously I am prepared the argue the

19   motion.

20             And so, I guess maybe ask if there is anyone in

21   that category, although I very much hope and believe there

22   is not, given both the extraordinary reasonableness the 15-

23   day period and the fact that the major constituencies who

24   are deeply engaged in the case have no issues with it.

25             THE COURT:  Okay.  Does anyone have anything to

Page 12

1    say on the debtors' second motion that's on the calendar for

2    today for an extension of the exclusive periods?  That is

3    the motion filed on February 26 and the debtors' related

4    request to hear that motion on shortened notice.

5              Okay.  So, Mr. Huebner, the motions lay out, at

6    the time that they were filed, the debtors' belief that

7    there is sufficient cause for the requested extensions.

8              And I agree with you that by actually putting the

9    motion, the second motion that is, on for hearing today, you

10   were giving people more of an opportunity to weigh in on it,

11   rather than just filing it and getting the equivalent of a

12   bridge order under the local rules and the statute.

13             But let me ask you, have there been any

14   developments that are inconsistent with the statements in

15   both motions that the debtors are continuing to make real

16   progress and are engaged in serious discussions to try to

17   close the loop on the two remaining major issues in these

18   cases?

19             MR. HUEBNER:  No, Your Honor.  I think that is a

20   fair assessment.  You know, obviously the exact contours of

21   which stakeholder group sits exactly where in the

22   negotiations that are going on, I think -- like last time

23   when I actually beat everybody's over-under by speaking for

24   a grand total of 40 seconds -- is probably not best gone

25   into for any number of reasons.

Page 13

1           But at a general level, I think it's fair to say I

2     actually was going to also address this in the context of

3     the injunction, which I'll discuss in just a moment or two,

4     that a great number of parties are very seriously engaged in

5     very serious negotiations on a variety of topics, including

6     finalizing, you know, assuming that we get someplace where

7     many of us are working towards, a plan and disclosure

8     statement to embody that which is under negotiation.

9           There are obviously still many hurdles left to

10    clear, and we don't exactly know, frankly, what plan is

11    going to be filed on March 15th, but there will definitely

12    be a plan filed on March 15th, and we hope that it will be

13    one that embodies a global settlement, as has we've been

14    very clear about since before these cases were even filed,

15    but we will also be prepared for the alternatives.

16           Unless the global settlement, you know, proves

17    unachievable in the remaining 14 days in the manner

18    acceptable to a sufficient number of core stakeholders and,

19    of course, the debtor itself, we will be prepared to file a

20    plan and other motions that address that as well.

21           THE COURT:  Okay, all right.  So I have before me

22    two motions for extension of a debtors' exclusive period

23    under Section 1121 of the Bankruptcy Code.  They're both

24    timely filed, and they both rely on the same set of facts

25    for the showing of cause for the requested extension.

1           They state that the ad hoc committee, the

2    multistate government entities group and the creditors'

3    committee support the relief sought and the non-consenting

4    state group does not object to the relief.  There are no

5    other objections to the motions either written or oral.

6           And in light of all of that, including my

7    understanding of the facts in this case, I find that the

8    debtors have shown sufficient cause for the requested

9    extensions.

10          Primarily those factors come down to the fact that

11    the debtors have represented, and no one has contradicted

12    that representation, that they are actively and seriously

13    engaged in, including negotiations on the remaining two

14    major issues in these cases, and then need to implement

15    whatever negotiation results in an agreement in a Chapter 11

16    plan, which they fully intend to file by the expiry of the

17    exclusive period, which is March 15th.

18          It appears to me that those negotiations are in

19    good faith and that cause to be served by facilitating them

20    and not reopening -- or not opening the field at this point

21    to the filing of alternative plans.

22          So the debtors are satisfied the Court's

23    definition of cause, as laid out in numerous cases,

24    including In re. Adelphia Communications Corp., 336 B.R.

25    610, 674 (Bank. S.D.N.Y. 2006) and In re. McLean Industries,

1    Inc., 87 B.R. 830, 834.

2              So I guess I just had a logistical question.  Are

3    you going to submit one order, Mr. Huebner, or two?  You can

4    do one that refers to both motions and extends the date to

5    the 15th.

6              MR. HUEBNER:  Yeah, we thought that would actually

7    be the most sensible and cost effective and simply on the

8    docket.

9              THE COURT:  Okay.

10             MR. HUEBNER:  So unless the Court has an objection

11   to that, we would just revise the verbiage of the order to

12   say, upon the motion dated X and the motion dated Y, and

13   then grant the relief to March 15th.

14             THE COURT:  Right.  Okay, that's fine.  Please

15   email that order to chambers.

16             MR. HUEBNER:  Thank you, Your Honor.

17             THE COURT:  Okay.

18             MR. HUEBNER:  So, Your Honor, that brings us to

19   the final item on the agenda, which is actually very much of

20   a piece.  This is with respect to the preliminary injunction

21   that was originally entered way back in October of 2019.

22             And here also, Your Honor, I guess it's going to

23   be a tale of two cities.  If we are able to reach a

24   consensus and file a plan that reflects the global

25   settlement.  Then presumably -- you know, I think I haven't,

1    you know, fully thought it through to the nth degree, but I

2    think it certainly stands to reason and we strongly thought

3    about it a fair bit -- that we would at that point likely

4    seek an injunction, you know, probably until the effective

5    date of the plan and to effectuate and facilitate the deal

6    and obviously allow the transition, assuming that the plan

7    was ultimately confirmed, to third-party releases.  Having

8    come this far, you know, you know, we would obviously bridge

9    to a plan.

10           If a deal is not reached, we will be in a very

11    different place.  And obviously, we are thinking

12    strategically and working with our stakeholders about what

13    exactly, if any, injunction is extended as to non-debtor

14    persons on or after March 24, and so, the timing works

15    relatively well.  I guess in a fantasy world, since it's a

16    14-day motion, the hearing would be March 29th, and that

17    would give us 14 days from the March 15th plan filing.

18           You know, if in the end we come literally down to

19    the wire and finally figure out what plan we're filing, you

20    know, on March 14th or 15th, you know, we may have to

21    shorten by a couple of days to file the appropriate -- you

22    know, just like there are two plans, there are two very

23    different injunction extension motions, and we will see

24    where that is in, you know, about 10 to 12 days.

25           But for right now, it's actually not complicated,

Page 17

1    which is this is a very simple 23-day extension of the

2    injunction that has been in place for almost 17 months

3    already, simply to hold us all in spaces as we figure out

4    sort of whether we can get there from here.

5            I would note that none of the core stakeholders --

6    and I don't mean to be unkind to the single objector, but

7    they are a single objector that has been ruled upon both by

8    this court and on appeal.  And while they are important,

9    they're not a group that I consider one of the core

10   stakeholders.

11           The core stakeholders whose many acronyms I laid

12   out below either do not object to the relief or support the

13   relief requested, which as I said, is just a simple as a 23-

14   day extension to allow us to get to the next omnibus

15   hearing, by which point because exclusivity is unextendible

16   and there will be a plan on file on March 15th hell or high

17   water, we will know where we're going from there.  The next

18   injunction hearing might either be, you know, quite

19   contested or entirely uncontested or somewhere in between;

20   we just have no way to know at present.

21           But the good news is for today's purposes, I don't

22   believe -- Mr. Price actually emailed me that he doesn't

23   believe that the Tennessee public officials who are the

24   single objector are even on the line.  You know, their

25   objection is typical to the -- I don't want to say pro

1    forma, but extremely short form almost for the record

2    objections that they had made to all the prior extensions.

3          We filed a reply, equally brief, similar to the

4    replies we had filed with respect to the prior extensions.

5    I think the Court has ruled on each of those.

6          I think that Judge McMahon's ruling on their

7    appeal is extraordinarily strong and dispositive, and we are

8    very comfortable that I think we have the better side of the

9    V and would ask, in light of the support or non-objection

10   from every other stakeholder in the case, other than the DOJ

11   which takes no condition, I should say, whereas the non-

12   federal governmental entities either support or don't object

13   to the relief requested in motion number four to extend the

14   preliminary injunction to the March 24 hearing.

15         THE COURT:  Okay.  I have read the third

16   restatement of limited objection and reservation of rights

17   by the Tennessee public officials and note that that

18   objection states that they did not intend to engage in oral

19   argument on the objection, and I don't see them on the

20   dashboard either.

21         But I will open it up if anyone has anything to

22   say on this requested extension of the preliminary

23   injunction through March 23.

24         MR. TROOP:  Your Honor, this is Andrew Troop -- I

25   don't know if it -- representing the non-consenting states,

Page 19

1    from Pillsbury Winthrop.  I don't know if this is necessary,

2    but I will confirm that the members of the non-consenting

3    state group will voluntarily stand still until the hearing

4    on the 24th.

5              THE COURT:  Okay.  As per the prior preliminary

6    injunction orders.

7              MR. TROOP:  Exactly, Your Honor.  The form of

8    order that was submitted to you had that paragraph in

9    brackets, and I'm confirming that the brackets can come off

10   when the order is resubmitted to you.

11             THE COURT:  Okay.

12             MR. TROOP:  Assuming that you otherwise approved

13   the relief.

14             THE COURT:  All right, very well.  Thank you.  All

15   right, I will grant the requested extension of the

16   preliminary injunction.  I'll note that this also, with the

17   joint agreement or joint motion of the unsecured creditors'

18   committee, would extend the initial stay period under the

19   stipulation and order between the debtors and the committee.

20             Given the status or stay of this case and the

21   negotiations that we've already discussed, the requested

22   extension, which as Mr. Huebner stated, is a brief one to

23   coincide with the last 10 days to two weeks of trying to

24   close the loop on those negotiations, and then a brief

25   period to analyze where the parties in the cases are with

1    regard to either a longer or a shorter or no extension

2    thereafter is warranted.

3            I won't repeat all the reasons why.  I think

4    they're laid out in the prior rulings by me and by Chief

5    Judge McMahon in In re. Purdue Pharmaceuticals, L.P., 619

6    B.R. 38 (S.D.N.Y. 2020).

7            These cases have indeed, although having taken

8    longer than I would have hoped, made remarkable progress in

9    many ways towards a largely consensual Chapter 11 plan,

10   including in respect of dealing with the over 620,000 claims

11   asserted against the debtors and the second phase of the

12   mediation, which is now terminated with the mediator's

13   involvement that is, on the two remaining major issues,

14   which pertain to the plan's resolution of potential claims

15   against the Sackler family and the nature of the debtors'

16   corporate governance and direction coming out of Chapter 11.

17           It's represented that those discussions are

18   ongoing.  Knowing the quality of the mediators, my sense is

19   that they are productive and have a good chance of success

20   in the light of the mediators, neither suggesting that the

21   mediation has failed, nor their request that they remain

22   involved in those negotiations going forward.

23           So I trust that what is going on is the parties

24   and their counsel are trying to finalize resolutions to

25   those complex issues and then document them.

1        So each of the factors necessary for an extension

2   of the preliminary injunction is here satisfied and,

3   therefore, I will grant the motion and extend the injunction

4   through the date requested.

5        MR. HUEBNER:  Thank you, Your Honor.  I will

6   submit an order on that as well.

7        There are no other agenda items, and so I think we

8   are done from the debtors' perspective, unless someone wants

9   to supply this, I'll --

10        THE COURT:  Okay.  All right, thank you everyone.

11   I don't think I need to impress upon you, but I'll say it

12   anyway, the importance of the work that you're going to be

13   doing over the next 10 days or so.  It is sometimes the case

14   that when people are coming to the very short strokes of a

15   negotiation, they dig in their heels.

16        Of course, you're certainly free to do that in

17   these negotiations, which are in good faith.

18        But I would urge you if you feel that inclination

19   coming on you to take a step back, take a deep breath, and

20   look at where you have come from the start of these cases

21   and the really open-ended and, in my mind, uncertain future

22   if you don't reach an agreement and keep that in mind.  So I

23   will look for both of these orders and they will be entered

24   presumably today.

25        MR. HUEBNER:  Thank you very much, Your Honor.

1              THE COURT:   Okay, thank you.

2              (Whereupon these proceedings were concluded at

3       9:36 AM)

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                    C E R T I F I C A T I O N

2

3         I, Sonya Ledanski Hyde, certified that the foregoing

4    transcript is a true and accurate record of the proceedings.

5
     Sonya Ledanski          Digitally signed by Sonya Ledanski Hyde
6                            DN: cn=Sonya Ledanski Hyde, o, ou,
     Hyde                    email=digital@veritext.com, c=US
7                            Date: 2021.07.21 08:52:14 -04'00'

8    Sonya Ledanski Hyde

9

10

11

12

13

14

15

16

17

18

19

20    Veritext Legal Solutions

21    330 Old Country Road

22    Suite 300

23    Mineola, NY 11501

24

25    Date:  March 3, 2021

[& - called]                                                                                                    Page 1

| & |
| --- |
| **&**   6:3 9:3 |

| 1 |
| --- |
| **1**   2:5 |
| **10**   16:24 19:23 21:13 |
| **10017**   6:6 |
| **10601**   2:3 |
| **11**   3:3,8,14 14:15 20:9,16 |
| **1121**   13:23 |
| **11501**   23:23 |
| **12**   16:24 |
| **14**   13:17 16:16,17 |
| **14th**   10:15 16:20 |
| **15**   11:22 |
| **1517**   3:4,9 |
| **15th**   9:18 11:2 13:11,12 14:17 15:5,13 16:17,20 17:16 |
| **17**   17:2 |
| **19-08289**   1:4 3:18 4:1,12 5:1 |
| **19-23649**   1:3 |
| **1st**   9:20 |

| 2 |
| --- |
| **2**   3:21 5:4 |
| **2006**   14:25 |
| **2019**   15:21 |
| **2020**   20:6 |
| **2021**   2:5 23:25 |
| **219**   3:21 4:4 |
| **220**   4:10 |
| **222**   4:18 |
| **223**   5:10 |
| **23**   17:1,13 18:23 |
| **2385**   3:4 |
| **24**   16:14 18:14 |
| **2425**   3:14 |
| **2426**   3:16 |

| 248   2:2 |
| --- |
| **24th**   19:4 |
| **26**   12:3 |
| **29th**   16:16 |
| **2l43**   3:4,8 |
| **2l9**   4:18 |

| 3 |
| --- |
| **3**   23:25 |
| **300**   2:2 23:22 |
| **330**   23:21 |
| **336**   14:24 |
| **38**   20:6 |

| 4 |
| --- |
| **40**   12:24 |
| **450**   6:5 |

| 6 |
| --- |
| **610**   14:25 |
| **619**   20:5 |
| **620,000**   20:10 |
| **674**   14:25 |

| 7 |
| --- |
| **782**   3:4,9 |

| 8 |
| --- |
| **830**   15:1 |
| **834**   15:1 |
| **87**   15:1 |

| 9 |
| --- |
| **9**   5:4 |
| **9:13**   2:6 |
| **9:36**   22:3 |

| a |
| --- |
| **able**   15:23 |
| **acceptable**   13:18 |
| **accurate**   23:4 |
| **acronyms**   10:23 17:11 |
| **actively**   14:12 |
| **ad**   14:1 |
| **adam**   7:4 |

| address   13:2,20 |
| --- |
| **adelphia**   14:24 |
| **adv**   1:4 |
| **adversary**   3:18 4:1,12 5:1 |
| **agenda**   8:16 9:6,8 9:10 15:19 21:7 |
| **ago**   9:16 10:2 |
| **agree**   12:8 |
| **agreement**   14:15 19:17 21:22 |
| **ahc**   10:22 |
| **al**   1:12,15 3:19,19 4:2,2,13,13 5:2,2 8:3 |
| **alex**   6:18 |
| **allow**   10:24 16:6 17:14 |
| **alternative**   14:21 |
| **alternatives**   13:15 |
| **analyze**   19:25 |
| **andrew**   7:10 18:24 |
| **anybody**   11:10 |
| **anyway**   21:12 |
| **apologies**   11:4 |
| **apologize**   8:17 |
| **appeal**   17:8 18:7 |
| **appears**   14:18 |
| **approach**   9:14 |
| **appropriate**   16:21 |
| **approved**   19:12 |
| **argue**   11:18 |
| **argument**   18:19 |
| **arik**   6:13 |
| **arrange**   8:14 |
| **asserted**   20:11 |
| **assessment**   12:20 |
| **assuming**   13:6 16:6 19:12 |
| **attorneys**   6:4 |

| authorized   8:10 |
| --- |
| **automatically**   10:12 |
| **available**   9:24 10:1 |
| **avenue**   6:5 |
| **avrio**   4:5 5:5 |

| b |
| --- |
| **b**   2:21 |
| **b.r.**   14:24 15:1 20:6 |
| **back**   15:21 21:19 |
| **ball**   7:9 |
| **bank**   14:25 |
| **bankruptcy**   1:1 2:1,23 13:23 |
| **basis**   8:12 |
| **beat**   12:23 |
| **behalf**   3:15 4:5 5:5 9:4 |
| **belief**   12:6 |
| **believe**   11:21 17:22,23 |
| **benefit**   9:10 |
| **benjamin**   4:5 5:5 |
| **best**   12:24 |
| **better**   18:8 |
| **bit**   9:11 16:3 |
| **blain**   6:15 |
| **brackets**   19:9,9 |
| **breath**   21:19 |
| **bridge**   12:12 16:8 |
| **bridged**   10:12 |
| **brief**   9:6 18:3 19:22,24 |
| **brings**   15:18 |

| c |
| --- |
| **c**   6:1 8:1 23:1,1 |
| **calendar**   8:11 12:1 |
| **call**   9:13 11:17 |
| **called**   10:20 |

**case** 1:3,4 8:18
9:22 10:5,23 11:9
11:18,24 14:7
18:10 19:20 21:13
**cases** 12:18 13:14
14:14,23 19:25
20:7 21:20
**category** 11:21
**caught** 8:17
**cause** 12:7 13:25
14:8,19,23
**certainly** 16:2
21:16
**certified** 23:3
**chambers** 15:15
**chance** 20:19
**chapter** 3:3,8,14
14:15 20:9,16
**cheeky** 9:12
**chief** 20:4
**christopher** 6:24
**cities** 15:23
**claims** 20:10,14
**claudia** 7:1
**clear** 13:10,14
**clearly** 8:25
**clerk's** 8:12,14
**client** 8:7
**close** 9:7 12:17
19:24
**closing** 8:18
**code** 13:23
**coincide** 19:23
**combination** 9:10
**come** 14:10 16:8
16:18 19:9 21:20
**comfortable** 18:8
**coming** 20:16
21:14,19
**committee** 14:1,3
19:18,19
**commonwealth**
1:15 3:19 4:2,13

5:2
**communications**
14:24
**completely** 8:4
**complex** 20:25
**complexity** 10:5
**complicated**
16:25
**concluded** 22:2
**condition** 18:11
**confirm** 19:2
**confirmed** 16:7
**confirming** 19:9
**consensual** 20:9
**consensus** 15:24
**consenting** 14:3
18:25 19:2
**conservative** 9:13
**consider** 17:9
**constituencies**
10:6,21 11:9,23
**constituents** 9:22
**constrained** 10:17
**contact** 8:13
**contested** 17:19
**context** 13:2
**continue** 4:16
**continues** 10:4
**continuing** 12:15
**contours** 12:20
**contradicted**
14:11
**copy** 8:12
**core** 13:18 17:5,9
17:11
**corp** 14:24
**corporate** 20:16
**cost** 11:6 15:7
**counsel** 20:24
**country** 23:21
**couple** 16:21
**course** 13:19
21:16

**court** 1:1 2:1 8:2,7
8:11,24,25 9:1,10
10:8,16 11:25
13:21 15:9,10,14
15:17 17:8 18:5
18:15 19:5,11,14
21:10 22:1
**court's** 14:22
**creditors** 14:2
19:17

**d**

**d** 2:22 8:1
**daily** 8:12
**daniel** 7:3
**dashboard** 18:20
**date** 15:4 16:5
21:4 23:25
**dated** 15:12,12
**davis** 6:3 9:3
**day** 11:23 16:16
17:1,14
**days** 13:17 16:17
16:21,24 19:23
21:13
**deadline** 10:18
11:14
**deal** 16:5,10
**dealing** 20:10
**debtor** 1:10 6:4
13:19 16:13
**debtors** 3:1,6,11
3:12 4:16 8:22 9:4
12:1,3,6,15 13:22
14:8,11,22 19:19
20:11,15 21:8
**deep** 21:19
**deeply** 11:24
**defendants** 1:16
**definitely** 13:11
**definition** 14:23
**degree** 16:1
**developments**
12:14

**different** 16:11,23
**dig** 21:15
**dilemma** 9:12
**direction** 20:16
**discharge** 8:19
**disclosure** 13:7
**discuss** 10:3 13:3
**discussed** 19:21
**discussions** 12:16
20:17
**dispositive** 18:7
**district** 1:2
**docket** 15:8
**document** 3:4,8
3:14,21 4:4,18 5:4
8:20 20:25
**doing** 21:13
**doj** 10:22 18:10
**drain** 2:22 8:2
**duan** 7:6
**due** 9:14 10:11

**e**

**e** 2:21,21 6:1,1 8:1
8:1 23:1
**ecf** 3:4,16,21 4:10
4:18 5:10
**eckstein** 6:21
**ecro** 2:25
**effective** 11:7 15:7
16:4
**effectively** 10:15
**effectuate** 16:5
**efficiently** 10:18
**eisner** 7:3
**either** 10:23 11:8
14:5 17:12,18
18:12,20 20:1
**email** 15:15
**emailed** 10:20
17:22
**embodies** 13:13
**embody** 13:8

[ended - hope]                                                                    Page 3

ended  21:21
engage  18:18
engaged  11:24
  12:16 13:4 14:13
entered  15:21
  21:23
entering  10:17
entirely  9:25
  17:19
entities  14:2 18:12
entry  3:2,7,11,13
equally  18:3
equivalent  12:11
essentially  11:1
et  1:12,15 3:19,19
  4:2,2,13,13 5:2,2
  8:3
event  10:16
everybody's
  12:23
ex  3:11
exact  12:20
exactly  12:21
  13:10 16:13 19:7
exclusive  3:2,7,13
  12:2 13:22 14:17
exclusivity  9:9,17
  10:13 11:1,5,15
  17:15
expand  9:24
experience  9:23
expiry  14:16
explain  9:9,14
explains  11:12
extend  3:1,6,20,20
  4:3,16 5:3 18:13
  19:18 21:3
extended  16:13
extending  3:2,7
  3:13 11:2
extends  15:4
extension  9:18
  10:1,16 11:11,15

12:2 13:22,25
  16:23 17:1,14
  18:22 19:15,22
  20:1 21:1
extensions  12:7
  14:9 18:2,4
extensive  11:2
extraordinarily
  18:7
extraordinary
  10:5 11:22
extremely  18:1

**f**

f  2:21 23:1
faced  9:11
facilitate  16:5
facilitating  14:19
fact  11:23 14:10
factors  14:10 21:1
facts  13:24 14:7
failed  20:21
fair  12:20 13:1
  16:3
faith  14:19 21:17
family  20:15
fantasy  16:15
far  16:8
february  12:3
federal  18:12
feel  21:18
field  14:20
fifth  3:7,13 11:15
figure  16:19 17:3
file  3:3,8,14 10:6
  13:19 14:16 15:24
  16:21 17:16
filed  3:15 4:4 5:4
  12:3,6 13:11,12
  13:14,24 18:3,4
filing  8:19 10:9
  12:11 14:21 16:17
  16:19

fill  9:24
final  10:1,8 15:19
finalize  20:24
finalizing  13:6
finally  16:19
find  14:7
fine  15:14
first  9:8 10:9
flaherty  7:8
focused  9:14
follows  9:15
foregoing  23:3
form  18:1 19:7
forma  18:1
forward  20:22
four  18:13
fourth  3:2 9:8
frankly  13:10
free  21:16
fronts  10:4
fully  14:16 16:1
funkiness  11:4
further  5:3 11:11
future  21:21

**g**

g  8:1
general  13:1
george  7:7
gerard  6:14
getting  12:11
give  11:16
given  8:19 10:5
  11:11,22 19:20
giving  12:10
global  13:13,16
  15:24
go  8:16
going  10:4 12:22
  13:2,11 15:3,22
  17:17 20:22,23
  21:12
good  8:2,23,24 9:2
  14:19 17:21 20:19

21:17
governance  20:16
government  14:2
governmental
  11:9 18:12
grand  12:24
grant  15:13 19:15
  21:3
great  13:4
gregory  6:16
group  12:21 14:2
  14:4 17:9 19:3
guess  11:20 15:2
  15:22 16:15

**h**

h  6:21
hand  11:16
handling  8:21
happy  8:16
harris  7:4
head  10:7
health  4:5 5:5
hear  8:25 12:4
hearing  3:1,6,11
  3:18 4:1,12 5:1
  8:4,13,16 9:5
  10:12,13,14,19,25
  11:6,16 12:9
  16:16 17:15,18
  18:14 19:3
heels  21:15
hell  17:16
high  17:16
hoc  14:1
hold  17:3
hon  2:22
honor  8:23 9:2,5
  12:19 15:16,18,22
  18:24 19:7 21:5
  21:25
hope  9:5 11:21
  13:12

[hoped - needed]    Page 4

hoped   20:8
hopeful   9:18
huebner   3:15 6:8
    8:21,23,25 9:2,3
    12:5,19 15:3,6,10
    15:16,18 19:22
    21:5,25
hunter   6:15
hurdles   13:9
hurley   6:12
hyde   5:25 23:3,8

**i**

identify   8:6
imagine   11:10
implement   14:14
importance   21:12
important   17:8
impress   21:11
inclination   21:18
including   10:21
    13:5 14:6,13,24
    20:10
inconsistent   12:14
industries   14:25
initial   19:18
injunction   3:21
    4:4,17 5:4 13:3
    15:20 16:4,13,23
    17:2,18 18:14,23
    19:6,16 21:2,3
intend   14:16
    18:18
introduction   8:15
involved   20:22
involvement
    20:13
ironically   10:10
issues   11:24 12:17
    14:14 20:13,25
item   9:8 15:19
items   9:10 21:7

**j**

jasmine   7:9
jeffrey   6:25
jeremy   6:17,23
jobs   9:23
joint   19:17,17
joseph   6:16
jr   6:20
judge   2:23 8:2
    18:6 20:5
justin   2:25

**k**

kaminetzky   4:5
    5:5
kaplan   6:25
keep   8:5 21:22
kenneth   6:21
kleinman   6:17
know   9:6 12:20
    13:6,10,16 15:25
    16:1,4,8,8,18,20
    16:20,22,24 17:17
    17:18,20,24 18:25
    19:1
knowing   20:18
kristine   7:5

**l**

l   5:4
l.p.   1:8,12 3:16,19
    4:2,5,6,7,8,8,9,10
    4:13 5:2,5,6,7,8,8
    5:9,10 8:3 20:5
laid   14:23 17:11
    20:4
largely   20:9
late   8:17 10:10
law   4:3
lay   12:5
ledanski   5:25 23:3
    23:8
lees   6:18

left   13:9
legal   23:20
level   13:1
leventhal   7:2
lexington   6:5
light   14:6 18:9
    20:20
limited   4:14 18:16
line   17:24
literally   16:18
little   8:17 9:11
llp   6:3 9:4
local   12:12
logistical   15:2
longer   20:1,8
look   21:20,23
loop   12:17 19:24
lot   10:22

**m**

major   11:23
    12:17 14:14 20:13
manner   13:17
manoukian   7:5
manufacturing
    4:7 5:7
mara   7:2
march   2:5 9:18,20
    10:15 11:2 13:11
    13:12 14:17 15:13
    16:14,16,17,20
    17:16 18:14,23
    23:25
marshall   3:15 6:8
    9:3
massachusetts
    1:15 3:19 4:2,13
    5:2
matter   1:6
mclean   14:25
mcmahon   20:5
mcmahon's   18:6
mean   17:6

mediation   20:12
    20:21
mediator's   20:12
mediators   20:18
    20:20
members   19:2
memorandum   4:3
mind   21:21,22
mineola   23:23
minute   10:3
mitchell   6:12
moment   13:3
month   9:22
months   17:2
morning   8:2,23
    8:24 9:2,6
motion   3:1,1,6,6
    3:11,12,20,20 4:3
    4:14,16 5:3 9:9
    10:9 11:14,15,19
    12:1,3,4,9,9 15:12
    15:12 16:16 18:13
    19:17 21:3
motions   11:5 12:5
    12:15 13:20,22
    14:5 15:4 16:23
move   9:17
moving   10:24
msge   10:22
multistate   14:2
mute   8:5

**n**

n   6:1 8:1 23:1
naguiat   6:22
name   8:8
nature   20:15
ncsg   10:22
necessary   8:19
    19:1 21:1
need   10:1 14:14
    21:11
needed   8:18

negotiation 13:8
  14:15 21:15
negotiations
  12:22 13:5 14:13
  14:18 19:21,24
  20:22 21:17
neither 20:20
new 1:2 6:6
news 17:21
nicholas 6:19
non 14:3 16:13
  18:9,11,25 19:2
note 11:13 17:5
  18:17 19:16
notice 3:12 10:10
  10:24 12:4
nth 16:1
number 12:25
  13:4,18 18:13
numerous 14:23
ny 2:3 6:6 23:23

**o**

o 2:21 8:1 23:1
object 11:17 14:4
  17:12 18:12
objection 4:14,14
  10:18 11:8,14
  15:10 17:25 18:9
  18:16,18,19
objections 10:25
  14:5 18:2
objector 17:6,7,24
obviously 11:18
  12:20 13:9 16:6,8
  16:11
october 15:21
office 8:12,14
officials 4:15
  17:23 18:17
okay 11:25 12:5
  13:21 15:9,14,17
  18:15 19:5,11
  21:10 22:1

old 23:21
omnibus 17:14
ongoing 20:18
open 18:21 21:21
opening 14:20
opportunity
  12:10
oral 14:5 18:18
order 3:2,7,11,13
  8:18 10:17 12:12
  15:3,11,15 19:8
  19:10,19 21:6
orders 19:6 21:23
originally 15:21
o'connor 7:7

**p**

p 6:1,1,12 8:1
paragraph 19:8
parte 3:11
particular 10:21
parties 13:4 19:25
  20:23
party 16:7
passed 10:19
people 12:10
  21:14
period 3:2,7,13
  11:3,23 13:22
  14:17 19:18,25
periods 12:2
persons 16:14
perspective 21:8
pertain 20:14
pharma 1:8,12
  3:15,18 4:1,6,6,6
  4:7,12 5:1,6,6,6,7
  8:3
pharmaceutical
  4:8 5:8
pharmaceuticals
  4:8,9 5:8,9 20:5
phase 20:11

phone 8:5
piece 15:20
pillsbury 19:1
place 16:11 17:2
plains 2:3
plaintiffs 1:13
plan 3:3,8,14 10:6
  13:7,10,12,20
  14:16 15:24 16:5
  16:6,9,17,19
  17:16 20:9
plan's 20:14
plans 14:21 16:22
please 15:14
point 14:20 16:3
  17:15
polk 6:3 9:3
possible 9:25 10:5
  11:15
potential 9:17
  20:14
preis 6:13
preliminary 3:20
  4:4,17 5:4 15:20
  18:14,22 19:5,16
  21:2
prepared 11:18
  13:15,19
present 6:10
  17:20
presumably 15:25
  21:24
prey 6:19
price 17:22
primarily 14:10
primary 10:21
  11:9
prior 18:2,4 19:5
  20:4
pro 17:25
probably 12:24
  16:4

problem 10:23
  11:10
proceeding 3:18
  4:1,12 5:1
proceedings 22:2
  23:4
process 9:14
  10:11
production 8:14
productive 20:19
products 4:8 5:8
progress 10:3
  12:16 20:8
proves 13:16
provides 8:11
  10:10
prudent 11:7
public 4:15 17:23
  18:17
puerto 4:7 5:7
purdue 1:8,12
  3:15,18 4:1,6,6,6
  4:7,7,8,9,12 5:1,6
  5:6,6,7,7,8,9 8:3
  20:5
purposes 17:21
put 8:7
putting 12:8

**q**

quality 20:18
quarropas 2:2
question 15:2
quite 9:6 17:18

**r**

r 2:21 6:1 8:1 23:1
raise 11:16
raised 10:25
ramon 6:22
rdd 1:3,4 3:18 4:1
  4:12 5:1
reach 15:23 21:22
reached 16:10

**read** 18:15
**real** 12:15
**really** 11:10 21:21
**reason** 16:2
**reasonableness** 11:22
**reasons** 12:25 20:3
**record** 9:3 18:1 23:4
**recording** 8:10
**refers** 15:4
**reflects** 15:24
**regard** 20:1
**regular** 10:10
**related** 3:3,8,14 3:21 4:4,17 5:4 12:3
**relatively** 16:15
**releases** 16:7
**relief** 11:1 14:3,4 15:13 17:12,13 18:13 19:13
**rely** 13:24
**remain** 20:21
**remained** 9:18
**remaining** 12:17 13:17 14:13 20:13
**remarkable** 20:8
**reopening** 14:20
**repeat** 20:3
**replies** 18:4
**reply** 5:3 18:3
**reporter** 8:7
**representation** 14:12
**represented** 14:11 20:17
**representing** 18:25
**request** 12:4 20:21

**requested** 11:1 12:7 13:25 14:8 17:13 18:13,22 19:15,21 21:4
**reservation** 4:15 18:16
**resolution** 20:14
**resolutions** 20:24
**respect** 3:12 15:20 18:4 20:10
**response** 4:16
**restatement** 4:14 18:16
**resubmitted** 19:10
**results** 14:15
**revise** 15:11
**rhodes** 4:9,10 5:9 5:10
**richard** 4:17
**rico** 4:7 5:7
**right** 11:13 13:21 15:14 16:25 19:14 19:15 21:10
**rights** 4:15 18:16
**road** 23:21
**robert** 2:22
**robertson** 6:24
**room** 2:2
**ruled** 17:7 18:5
**rules** 10:11 12:12
**ruling** 18:6
**rulings** 20:4
**ryan** 6:23

**s**

**s** 3:4,8,14,21 4:4,5 4:18 5:4,5 6:1 8:1
**s.d.n.y.** 14:25 20:6
**sackler** 4:17 20:15
**satisfied** 14:22 21:2
**scott** 3:15 7:8

**scratching** 10:7
**second** 10:1 12:1 12:9 20:11
**seconds** 12:24
**section** 13:23
**see** 16:23 18:19
**seek** 10:2 16:4
**send** 9:21
**sense** 20:18
**sensible** 15:7
**serious** 12:16 13:5
**seriously** 13:4 14:12
**served** 14:19
**set** 10:14 13:24
**settlement** 13:13 13:16 15:25
**short** 18:1 21:14
**shorten** 11:14 16:21
**shortened** 12:4
**shortening** 3:12
**shorter** 10:24 20:1
**showing** 13:25
**shown** 14:8
**side** 18:8
**signal** 9:21
**similar** 18:3
**simple** 17:1,13
**simply** 15:7 17:3
**single** 10:17 17:6 17:7,24
**sits** 12:21
**slight** 11:4
**solutions** 8:11 23:20
**somebody** 11:16
**someplace** 13:6
**sonya** 5:25 23:3,8
**sort** 17:4
**sought** 14:3

**southern** 1:2
**spaces** 17:3
**speak** 8:6,9
**speaking** 8:6 12:23
**springer** 7:1
**stacked** 11:5
**stakeholder** 12:21 18:10
**stakeholders** 13:18 16:12 17:5 17:10,11
**stand** 19:3
**stands** 16:2
**start** 21:20
**starting** 8:17
**state** 14:1,4 19:3
**stated** 19:22
**statement** 5:3 13:8
**statements** 12:14
**states** 1:1 2:1 18:18,25
**status** 19:20
**statute** 12:12
**statutory** 11:3
**stay** 19:18,20
**step** 21:19
**stipulation** 19:19
**stopped** 10:15
**strategically** 16:12
**street** 2:2
**strokes** 21:14
**strong** 18:7
**strongly** 16:2
**stuff** 9:23
**submit** 15:3 21:6
**submitted** 19:8
**substance** 10:25
**substantial** 10:3
**success** 20:19

[sufficient - york]                                                                    Page 7

sufficient   12:7
  13:18 14:8
suggesting   20:20
suite   23:22
supply   21:9
support   4:3 5:3
  11:8 14:3 17:12
  18:9,12

**t**

t   23:1,1
take   21:19,19
taken   8:11 20:7
takes   18:11
tale   15:23
technologies   4:9
  4:10 5:9,10
telephonic   8:4
telephonically   6:8
  6:10
tend   9:24
tennessee   4:15
  17:23 18:17
terminated   20:12
terrific   9:2
thank   15:16 19:14
  21:5,10,25 22:1
thanks   9:1
theodore   6:20
things   9:19
think   8:21 9:13
  11:17 12:19,22
  13:1 15:25 16:2
  18:5,6,8 20:3 21:7
  21:11
thinking   16:11
third   4:14 16:7
  18:15
thought   9:25 10:9
  15:6 16:1,2
three   9:11 11:12
time   3:1,6,20 9:24
  11:14 12:6,22

timely   13:24
timing   16:14
today   10:6,18
  11:18 12:2,9
  21:24
today's   8:10,13,16
  10:19 17:21
topics   13:5
total   12:24
transcribed   5:25
transcript   8:13
  23:4
transdermal   4:9
  5:9
transition   16:6
troop   7:10 18:24
  18:24 19:7,12
true   23:4
trust   20:23
try   12:16
trying   19:23
  20:24
two   9:11,16,16
  10:1,2,8 11:5,5,11
  11:12,15 12:17
  13:3,22 14:13
  15:3,23 16:22,22
  19:23 20:13
typical   17:25

**u**

u.s.   2:23
ucc   10:21 11:9
ultimately   9:12
  16:7
unachievable
  13:17
uncertain   21:21
uncontested   9:7
  17:19
understanding
  14:7
unextendible   11:3
  17:15

unfortunately
  9:23
united   1:1 2:1
unkind   17:6
unsecured   19:17
urge   21:18
uzzi   6:14

**v**

v   1:14 3:19 4:2,13
  5:2 18:9
vacated   8:19
variety   13:5
verbiage   15:11
veritext   23:20
voice   8:8
voluntarily   19:3

**w**

walker   2:25
want   8:12 9:12,21
  10:2 17:25
wants   21:8
wardwell   6:3 9:3
warranted   20:2
water   17:17
way   11:7 15:21
  17:20
ways   10:11 20:9
we've   13:13 19:21
week   10:10 11:5
  11:11,15
weeks   9:16,16
  10:2,2,8 19:23
weigh   12:10
wells   6:20
white   2:3
winthrop   19:1
wire   16:19
work   9:23 21:12
working   13:7
  16:12
works   16:14
world   16:15

written   14:5

**x**

x   1:5,11,17 15:12
xiaoyu   7:6

**y**

y   15:12
yeah   15:6
york   1:2 6:6