**Hearing Date and Time: July 29, 2021, at 10:00 a.m. (ET)**
**Extended Objection Deadline: July 26, 2021 at 2:00 p.m. (ET)**

PILLSBURY WINTHROP SHAW PITTMAN LLP
Andrew M. Troop
Hugh M. McDonald
Andrew V. Alfano
31 West 52nd Street
New York, New York 10019

*Counsel to the Ad Hoc Group of Non-Consenting States*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | Chapter 11 |
| **PURDUE PHARMA, L.P.,** *et al.*,[1] | Case No. 19-23649 (RDD) |
| Debtors. | (Jointly Administered) |

**THE NON-CONSENTING STATES' OBJECTION TO MOTION OF DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING IMPLEMENTATION OF 2021 KEY EMPLOYEE INCENTIVE PLAN AND 2021 KEY EMPLOYEE RETENTION PLAN**

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each of their federal tax identification number, as applicable, are Purdue Pharma Manufacturing L.P. (3821), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies K.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (6166), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143). UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' principal offices are located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

To the Honorable Robert D. Drain, United States Bankruptcy Judge:

The Ad Hoc Group of Non-Consenting States (the "Non-Consenting States")[2] hereby (i) objects (the "Objection") to the *Motion of Debtors for Entry of an Order Authorizing Implementation of 2021 Key Employee Incentive Plan and 2021 Key Employee Retention Plan* [Docket No. 3077] (the "Motion")[3] filed by Purdue Pharma L.P. and its affiliated debtors (collectively, "Purdue"), and (ii) adopts the United States Trustee's objection to the Motion [Docket No. 3137] (the "UST Objection") as if set forth herein. In support of the Objection, the Non-Consenting States respectfully state as follows:

## OBJECTION

1. Less than three weeks from the Confirmation Hearing, and more than two months earlier than in prior years, Purdue seeks approval of its third key employee retention plan in this case (the "2021 KERP Plan").[4]

2. Purdue offers no explanation that requires this off-cycle request. That said, it seems logical to infer that Purdue requests approval of the 2021 KERP Plan now to tie the hands of new, independent management to be appointed for NewCo through a process involving multiple stakeholders should Purdue's plan of reorganization be confirmed. NewCo's new and independent board may evaluate retention needs, and incentives to achieve those needs, differently than current management. By accelerating the request for approval of a retention plan, Purdue necessarily will

---

[2] California, Colorado, Connecticut, Delaware, the District of Columbia, Hawaii, Idaho, Illinois, Iowa, Maine, Maryland, Massachusetts, Minnesota, Nevada, New Hampshire, New Jersey, New York, North Carolina, Oregon, Pennsylvania, Rhode Island, Vermont, Virginia, Washington, and Wisconsin.

[3] Capitalized terms used but not otherwise defined have the meanings ascribed to them in the Motion. The Non-Consenting States have been informed that consideration of the 2021 Key Employee Incentive Plan ("2021 KEIP") is being adjourned to a future date.

[4] The Non-Consenting States reserve all rights with respect to the 2021 KEIP based on it being adjourned to a later hearing.

deprive NewCo's board of input into the construction of the 2021 KERP Plan. The process for identifying NewCo's management and board is underway.[5]

3. In addition, before turning to paying retention incentives, Purdue should identify any employees who participated in or advanced improper conduct (regardless of whether that conduct would amount to a crime) giving rise to Purdue's pleading guilty in November 2020 to three federal felonies for conduct starting in 2007 and spanning at least ten years, and take appropriate remedial action, including at least exclusion from the 2021 KERP Plan.[6] For example, those identified should include any employees that failed to follow internal procedures related to the marketing, promotion or sale of opioids or any other regulated drug of Purdue. At his Rule 2004 deposition, Purdue's CEO, Dr. Craig Landau, could not recall one instance where Purdue fired an employee for participating in the many years of criminal activity that fueled the opioid crisis.[7] Indeed, CEO Landau never ordered an investigation of any employee for any misconduct at Purdue. An excerpt from Dr. Landau's deposition transcript is attached hereto as **Exhibit A**.[8]

---

[5] Purdue has rejected requests by the Non-Consenting States to defer the hearing on the 2021 KERP Plan until after the Confirmation Hearing.

[6] The Court did not consider the crimes admitted in Purdue's October 20, 2020 Plea Agreement when it last approved a KERP for hundreds of Purdue employees on September 30, 2020. *See* Sept. 30, 2020 Hr'g Tr. 141:8-15.

[7] *See Notice of Hearing on Motion of Debtors Pursuant to 11 U.S.C. § 105 and Fed. R. Bankr. P. 9019 Authorizing and Approving Settlements Between the Debtors and the United States* [Docket No. 1828], Ex. B.

[8] Both the Debtors and Dr. Landau consented to the filing of this transcript excerpt.

## CONCLUSION

For the reasons set forth above and in the UST Objection, the Court should deny the Motion.

Dated: July 26, 2021　　　　　　　Respectfully submitted,
New York, New York

　　　　　　　　　　　　　　　　PILLSBURY WINTHROP SHAW PITTMAN LLP

　　　　　　　　　　　　　　　　By:　*/s/ Andrew M. Troop*
　　　　　　　　　　　　　　　　　　　Andrew M. Troop
　　　　　　　　　　　　　　　　　　　Hugh M. McDonald
　　　　　　　　　　　　　　　　　　　Andrew V. Alfano
　　　　　　　　　　　　　　　　　　　31 West 52nd Street
　　　　　　　　　　　　　　　　　　　New York, NY 10019
　　　　　　　　　　　　　　　　　　　Tel: (212) 858-1000
　　　　　　　　　　　　　　　　　　　Email: andrew.troop@pillsburylaw.com
　　　　　　　　　　　　　　　　　　　　　　　 hugh.mcdonald@pillsburylaw.com
　　　　　　　　　　　　　　　　　　　　　　　 andrew.alfano@pillsburylaw.com

　　　　　　　　　　　　　　　　*Counsel to the Ad Hoc Group of Non-Consenting States*

# CERTIFICATE OF SERVICE

      I, Melissa S. Pettit, hereby certify that, on July 26, 2021, I caused true and correct copies of the foregoing document to be served (i) by the Court's Case Management/Electronic Case File (CM/ECF) System to all parties who are deemed to have consented to electronic service; (ii) by email upon the parties who provided email addresses set forth in the Master Service List maintained by the Debtors in respect of these chapter 11 cases; and (iii) by email upon the chambers of the Honorable Judge Robert D. Drain (rdd.Chambers@nysb.uscourts.gov) and the Office of the United States Trustee for the Southern District of New York (Attn: Paul K. Schwartzberg, paul.schwartzberg@usdoj.gov).

                                                                      */s/ Melissa S. Pettit*
                                                                       Melissa S. Pettit