Hearing Date and Time: August 9, 2021, at 10:00 a.m. (prevailing Eastern Time)
Objection Date and Time: August 6, 2021, at 12:00 p.m. (prevailing Eastern Time)

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
James I. McClammy
Eli J. Vonnegut
Christopher S. Robertson

*Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.**, *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

**NOTICE OF HEARING WITH RESPECT TO STIPULATION AND AGREED ORDER
BY AND AMONG THE DEBTORS AND THE CANADIAN GOVERNMENTAL
CLAIMANTS PURSUANT TO SECTION 105 OF THE BANKRUPTCY CODE AND
BANKRUPTCY RULES 3006 AND 9019**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

**PLEASE TAKE NOTICE** that on July 28, 2021, the above-captioned debtors and debtors in possession in these proceedings (collectively, the "**Debtors**") filed the *Stipulation and Agreed Order By and Among the Debtors and the Canadian Governmental Claimants Pursuant to Section 105 of the Bankruptcy Code and Bankruptcy Rules 3006 and 9019* (the "**Stipulation and Order**").  A hearing on the Stipulation and Order will be held on **August 9, 2021** at **10:00 a.m.** (prevailing Eastern Time) (the "**Hearing**") before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, at the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601 (the "**Bankruptcy Court**"), or at such other time as the Bankruptcy Court may determine.

**PLEASE TAKE FURTHER NOTICE** that pursuant to General Order M-543, dated March 20, 2020 (Morris, C.J.) ("**General Order M-543**"), and at the Bankruptcy Court's directive, the Hearing will be conducted via Zoom® videoconference so long as General Order M-543 is in effect, or unless otherwise ordered by the Bankruptcy Court.[2]  Parties wishing to appear at, or attend, a hearing conducted via Zoom® videoconference are required to register their appearance by 4:00 p.m. (prevailing Eastern Time) the day before such hearing at https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl.

**PLEASE TAKE FURTHER NOTICE** that the Hearing may be continued or adjourned thereafter from time to time without further notice other than an announcement of the adjourned date or dates at the Hearing or a later hearing.  The Debtors will file an agenda before the Hearing, which may modify or supplement the matters to be heard at the Hearing.

---

[2] A copy of General Order M-543 can be obtained by visiting https://www.nysb.uscourts.gov/news/general-order-m-543-court-operations-under-exigent-circumstances-created-covid-19.

2

**PLEASE TAKE FURTHER NOTICE** that any responses or objections (the "**Objections**") to the Stipulation and Order shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, shall be filed with the Bankruptcy Court (a) by attorneys practicing in the Bankruptcy Court, including attorneys admitted *pro hac vice*, electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov), and (b) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with the *Second Amended Order Establishing Certain Notice, Case Management, and Administrative Procedures* entered on November 18, 2019 [ECF No. 498], so as to be filed and received no later than **August 6, 2021** at **12:00 p.m.** (prevailing Eastern Time) (the "**Objection Deadline**").

**PLEASE TAKE FURTHER NOTICE** that any objecting parties are required to attend the Hearing and a failure to appear may result in relief being granted upon default; *provided* that objecting parties shall attend the Hearing via Zoom® so long as General Order M-543 is in effect or unless otherwise ordered by the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE** that if no Objections are timely filed and served with respect to the Stipulation and Order, the Debtors may, on or after the Objection Deadline, submit the Stipulation and Order to the Bankruptcy Court, which Stipulation and Order may be entered without further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that copies of the Stipulation and Order may be obtained free of charge by visiting the website of Prime Clerk LLC at https://restructuring.primeclerk.com/purduepharma.  You may also obtain copies of any

pleadings by visiting the Bankruptcy Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

Dated: July 28, 2021
       New York, New York

                    DAVIS POLK & WARDWELL LLP

                    By: */s/ Eli J. Vonnegut*
                    DAVIS POLK & WARDWELL LLP
                    450 Lexington Avenue
                    New York, New York 10017
                    Telephone: (212) 450-4000
                    Facsimile: (212) 701-5800
                    Marshall S. Huebner
                    Benjamin S. Kaminetzky
                    James I. McClammy
                    Eli J. Vonnegut
                    Christopher S. Robertson

                    *Counsel to the Debtors*
                    *and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PURDUE PHARMA L.P., *et al.*, | ) | Case No. 19-23649 (RDD) |
| | ) | |
| Debtors.¹ | ) | (Jointly Administered) |
| | ) | |

**STIPULATION AND AGREED ORDER BY AND AMONG THE DEBTORS AND THE CANADIAN GOVERNMENTAL CLAIMANTS PURSUANT TO SECTION 105 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 3006 AND 9019**

This Stipulation and Order (the "**Stipulation and Order**") is entered into as of July 27, 2021, by and between Purdue Pharma L.P. and the other debtors in its above-captioned chapter 11 cases (the "**Debtors**" and the "**Chapter 11 Cases**," respectively) and the provincial governments of British Columbia, Alberta, Saskatchewan, Ontario, Nova Scotia, New Brunswick, Newfoundland and Labrador, Prince Edward Island, Quebec, and Manitoba (the "**Canadian Governmental Claimants**") (the Debtors and the Canadian Governmental Claimants, collectively, the "**Parties**"). The Parties agree, subject to the approval of the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), as follows:

---

¹ The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

**PROCEDURAL HISTORY**

A. On September 15, 2019 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief pursuant to Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**") in the Bankruptcy Court and have remained in possession of their properties and in the management of their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

B. By order dated September 19, 2019 in the proceeding under the *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended (the "**CCAA**") bearing Court File No. CV-19-627656-00CL) (the "**CCAA Proceeding**"), the Ontario Superior Court of Justice (Commercial List) (the "**Canadian Court**") recognized the Chapter 11 Cases as a "foreign main proceeding" as defined in Part IV of the CCAA.

C. On February 3, 2020, the Bankruptcy Court entered the *Order Establishing (I) Deadlines for Filing Proofs of Claim and Procedures Relating Thereto, (II) Approving the Proof of Claim Forms, and (III) Approving the Form and Manner of Notice Thereof* pursuant to Federal Rules of Bankruptcy Procedure 2002, 3003(c)(3), and 9008 (ECF No. 800) (the "**Bar Date Order**"), and, on June 3, 2020, entered the *Order (I) Extending the General Bar Date for a Limited Period and (II) Approving the Form and Manner of Notice Thereof* (ECF No. 1221) (the "**Supplemental Bar Date Order**"), which established a general bar date for the timely filing of claims of Thursday, July 30, 2020 at 5:00 p.m. Eastern (the "**General Bar Date**").

D. The Canadian Governmental Claimants each filed proofs of claim against the Debtors in advance of the General Bar Date, appearing at numbers 144370, 144375, 144376, 144377, 144379, 144380, 144386, 144392, 144398, and 144412 on the claims registry in the Chapter 11 Cases (collectively, the "**Canadian Proofs of Claim**").

2

E.    On March 15, 2021 the Debtors filed the *Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and Its Affiliated Debtors* (ECF No. 2487) (as amended, supplemented or otherwise modified from time to time, the "**Plan**").[2]

## RECITALS

**WHEREAS**, the Debtors and the Canadian Governmental Claimants have agreed to certain clarifications regarding the scope and impact of the releases set forth in the Plan, in consideration for which the Canadian Governmental Claimants have agreed to withdraw the Canadian Proofs of Claim as of right and release the Debtors and their Related Parties (solely in their capacities as Related Parties of the Debtors) from any and all Claims, obligations or liabilities related to or arising from the Canadian Proofs of Claim, subject to the terms and conditions of this Stipulation and Order, provided that such release shall not extend to Purdue Pharma Inc., a Canadian corporation, Purdue Frederick Inc., a Canadian corporation, and Purdue Pharma (Canada) and each of their Related Parties in their capacities as such (collectively, "**Purdue Canada**") and the Shareholder Released Parties solely with respect to any Continuing Claims (as defined below).

**WHEREAS**, the statutory predicates for this Stipulation and Order are section 105(a) of the Bankruptcy Code and Rules 3006 and 9019 of the Federal Rules of Bankruptcy Procedure. The Bankruptcy Court has authority to approve this Stipulation and Order.

**WHEREAS**, entry into this Stipulation and Order and the resolution of the Canadian Proofs of Claims contemplated hereby is in the best interests of the Debtors, their estates, their creditors and other parties in interest.

**ACCORDINGLY, IT IS HEREBY STIPULATED AND AGREED**, that:

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Plan filed in the Chapter 11 Cases on June 3, 2021 [ECF No. 2982], as may be amended or supplemented.

3

1.      The preceding recitals are incorporated into this Stipulation and Order by this reference.

2.      Nothing in (a) any plan of reorganization confirmed in the Chapter 11 Cases, (b) the Shareholder Settlement Agreement or (c) any order of the Bankruptcy Court confirming, amending or modifying a plan in the Chapter 11 Cases (any such order, a "**Confirmation Order**") shall release or enjoin any Continuing Claims[3], and all such Claims and Causes of Action are expressly reserved.  For greater certainty, the Parties agree that to the extent a Claim or Cause of Action is asserted in Canada against a Shareholder Released Party and/or former director or officer of a Debtor, the knowledge of that individual regarding the Debtors' Opioid Related Activities may be asserted against that individual and form part of the Claim or Cause of Action in Canada, and any such assertion shall be without prejudice to all defenses of the applicable Shareholder Released Party or former officer or director to such assertion.  The Debtors shall not seek an order from the Canadian Court in the CCAA Proceeding recognizing a Confirmation Order, including, without limitation, an order defining the scope of any release or injunction of any Claims or Causes of Action (a "**Confirmation Recognition Order**") unless such Confirmation Recognition Order includes a declaration confirming the foregoing terms of this paragraph.

3.      To the extent that either a plan of reorganization confirmed in the Chapter 11 Cases or any document or agreement contemplated by or entered into pursuant to or in connection with such plan (including, without limitation, the Shareholder Settlement Agreement) does not comply

---

[3] "**Continuing Claims**" means any Claims or Causes of Action held by a Canadian Governmental Claimant, by the federal government of Canada or by the governments of any of the territories of Canada (collectively, the "**Canadian Governments**") against any non-Debtor person or entity (including, without limitation, and for greater certainty, Purdue Canada and/or each Shareholder Released Party) that (x) arise out of or relate to the conduct of any corporations, companies, partnerships and other entities formed under the laws of Canada or its provinces affiliated or associated with any of the Debtors, including, without limitation, Purdue Canada and (y) are not based upon any conduct of the Debtors, including any Opioid-Related Activities of the Debtors.

4

with the preceding paragraph, the Debtors agree that the release of, or injunction with respect to, any Continuing Claims set forth therein shall not be binding on the Canadian Governmental Claimants, the federal government of Canada or the governments of any of the territories of Canada and the Debtors shall not seek recognition by the Canadian Court of the Confirmation Order in respect of such plan in the CCAA Proceeding to such extent.

4. Conditioned upon approval of this Stipulation and Order by the Bankruptcy Court and this Stipulation and Order becoming a final and non-appealable order, subject to the terms of this Stipulation, and in exchange for the foregoing (the adequacy of which consideration is confirmed), all Canadian Proofs of Claim shall thereafter be deemed immediately withdrawn as of right pursuant to Bankruptcy Rule 3006, with no further notice or action of any kind required by any party, and the Canadian Governmental Claimants fully release the Debtors and their Related Parties (solely in their capacities as Related Parties of the Debtors), solely for actions taken in their respective capacities as such, from any Claims, obligations or liabilities in any way related to or arising from the Canadian Proofs of Claim and all corresponding litigation, but excluding, for greater certainty, all Continuing Claims. For the avoidance of doubt, the releases contained in this paragraph 4 are without limitation to any releases provided for in the Plan other than to the extent such releases in the Plan extend to Continuing Claims. By executing this Stipulation, the Parties and the Shareholder Released Parties agree that the Bankruptcy Court has jurisdiction to consider and approve this Stipulation, including, without limitation, all of its terms and conditions. Nothing in this Stipulation and Order shall be cited by any third party for purposes of limiting or expanding the Bankruptcy Court's jurisdiction over any Claims or releases provided for in the Plan not otherwise addressed herein.

5. To the extent the release of, or injunction with respect to, any Claims or Causes of Action that are not (i) defined as Continuing Claims under this Stipulation and (ii) based upon any conduct of the Debtors, including any Opioid Related Activities of the Debtors, is not recognized in a Confirmation Recognition Order entered by the Canadian Court ("**Additional Canadian Claims**"), then such Additional Canadian Claims, if and as held by the Canadian Governments, shall be deemed and shall automatically become Continuing Claims under this Stipulation regardless of when any such Additional Canadian Claim arises or such action by the Canadian Court occurs. To the extent that any plan of reorganization confirmed in the Chapter 11 Cases or any document or agreement contemplated by or entered into pursuant to or in connection with such plan (including, without limitation, the Shareholder Settlement Agreement or a stipulation with another party) provides for or results in the preservation and non-release of any Claims or Causes of Action that are not defined as Continuing Claims under this Stipulation, then such Claims and Causes of Action, if and as held by the Canadian Governments, shall be deemed and shall automatically become Continuing Claims hereunder regardless of when any such Claim or Cause of Action arises.

6. This Stipulation and Order is subject to Bankruptcy Court approval and shall only be effective when "SO ORDERED" by the Bankruptcy Court. If this Stipulation and Order is not approved by the Bankruptcy Court, it shall be null and void and shall not be referred to or used, for any purpose.

7. The Debtors and their claims and noticing agent are authorized to take all actions necessary to effectuate the relief set forth in this Stipulation and Order, including the withdrawal of the Canadian Proofs of Claim.

6

8. In the event that any of the Debtors' cases is dismissed for any reason, this Stipulation and Order, including, without limitation, any releases set forth herein, shall not be deemed effective and enforceable by, against or with respect to any such dismissed Debtor, provided, however, that the withdrawal of any Canadian Proofs of Claim asserted against any such dismissed Debtor shall be deemed without prejudice to any Canadian Governmental Claimant.

9. Nothing in this Stipulation and Order shall affect any of the rights and remedies of the Parties except as expressly set forth in this Stipulation and Order.

10. This Stipulation of counsel constitutes the entire agreement of the Parties with respect to the subject matter of this Stipulation. No modification, amendment or waiver of any of the provisions of this Stipulation shall be effective unless in writing and signed by the Parties.

11. This Stipulation of counsel embodied herein may be executed in multiple counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same instrument. This Stipulation may be executed by facsimile or PDF signature, and such signatures will be deemed to be as valid as an original signature, whether confirmed by delivery of the original in person.

12. The undersigned represent that they are fully authorized to enter into this Stipulation and Order on behalf of the Parties.

13. Unless expressly stated otherwise herein, this Stipulation is for the exclusive benefit of the Parties hereto. Nothing in this Stipulation shall be construed to give any person or entity (other than the Parties and the other Canadian Governments) any legal or equitable right, remedy or claim under or with respect to this Stipulation or any provision of this Stipulation. No person or entity (other than the Parties and the other Canadian Governments) shall have any right to enforce

the terms and conditions of this Stipulation, even if such person or entity would benefit from such terms and/or conditions.

14.    The Bankruptcy Court shall retain jurisdiction to resolve any disputes between the Parties arising with respect to this Stipulation and Order, and this Stipulation and Order may not be amended or modified except by further Order of this Bankruptcy Court.

[*The remainder of this page is left intentionally blank.*]

| | |
|---|---|
| DAVIS POLK & WARDWELL LLP | PHILLIPS LYTLE LLP |
| */s/ Eli J. Vonnegut* | By: _____ |
| 450 Lexington Avenue | 340 Madison Avenue, 17th Floor |
| New York, New York 10017 | New York, NY 10173 |
| Telephone: (212) 450-4000 | Telephone: (212) 759-4888 |
| Facsimile: (212) 701-5800 | Facsimile: (212) 308-9079 |
| Marshall S. Huebner | Nickolas Karavolas, Esq. (NK2504) |
| Benjamin S. Kaminetzky | |
| Eli J. Vonnegut | |
| James I. McClammy | |
| Christopher S. Robertson | |
| | |
| *Counsel to the Debtors* | *Counsel to the Canadian Governmental* |
| *and Debtors in Possession* | *Claimants* |

ACKNOWLEDGED AND AGREED TO BY:

| | |
|---|---|
| DEBEVOISE & PLIMPTON LLP | JOSEPH HAGE AARONSON LLC |
| */s/ Jasmine Ball* | By: _____ |
| 919 Third Avenue | 485 Lexington Avenue, 30th Floor |
| New York, NY 10022 | New York, New York 10017 |
| Telephone: (212) 909-6000 | Telephone: (212) 407-1200 |
| Facsimile: (212) 909-6836 | Gregory P. Joseph |
| Jasmine Ball | Mara Leventhal |
| | |
| *Attorney for Beacon Company* | *Counsel for the Raymond Sackler Family* |

[*Signature Page to Stipulation and Agreed Order*]

| | |
|---|---|
| DAVIS POLK & WARDWELL LLP | PHILLIPS LYTLE LLP |
| By: _____ | By: /s/ Nickolas Karavolas |
| 450 Lexington Avenue | 340 Madison Avenue, 17th Floor |
| New York, NY 10017 | New York, New York 10173 |
| Telephone: (212) 450-4000 | Telephone: (212) 759-4888 |
| Facsimile: (212) 701-5800 | Facsimile: (212) 308-9079 |
| Marshall S. Huebner | Nickolas Karavolas, Esq. (NK2504) |
| Benjamin S. Kaminetzky | |
| Timothy Graulich | |
| Eli J. Vonnegut | |
| James I. McClammy | |
| | |
| *Counsel to the Debtors* | *Counsel to the Canadian Governmental* |
| *and Debtors in Possession* | *Claimants* |

ACKNOWLEDGED AND AGREED TO BY:

| | |
|---|---|
| DEBEVOISE & PLIMPTON LLP | JOSEPH HAGE AARONSON LLC |
| By: _____ | By: _____ |
| 919 Third Avenue | 485 Lexington Avenue, 30th Floor |
| New York, NY 10022 | New York, New York 10017 |
| Telephone: (212) 909-6000 | Telephone: (212) 407-1200 |
| Facsimile: (212) 909-6836 | Gregory P. Joseph |
| Jasmine Ball | Mara Leventhal |
| | |
| *Attorney for Beacon Company* | *Counsel for the Raymond Sackler Family* |

*[Signature Page to Stipulation and Agreed Order]*

DAVIS POLK & WARDWELL LLP

By: _____
450 Lexington Avenue
New York, NY 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut
James I. McClammy

*Counsel to the Debtors
and Debtors in Possession*

PHILLIPS LYTLE LLP

By: _____
340 Madison Avenue, 17th Floor
New York, New York 10173
Telephone: (212) 759-4888
Facsimile: (212) 308-9079
Nickolas Karavolas, Esq. (NK2504)

*Counsel to the Canadian Governmental
Claimants*

ACKNOWLEDGED AND AGREED TO BY:

DEBEVOISE & PLIMPTON LLP

By: _____
919 Third Avenue
New York, NY 10022
Telephone: (212) 909-6000
Facsimile: (212) 909-6836
Jasmine Ball

***Attorney for Beacon Company***

JOSEPH HAGE AARONSON LLC

By: /s/ Gregory P. Joseph
485 Lexington Avenue, 30th Floor
New York, New York 10017
Telephone: (212) 407-1200
Gregory P. Joseph
Mara Leventhal

*Counsel for the Raymond Sackler Family*

[*Signature Page to Stipulation and Agreed Order*]

SO ORDERED

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

Dated: White Plains, New York
       August    , 2021