DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut
Christopher S. Robertson

*Counsel to the Debtors*
*and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| PURDUE PHARMA L.P., *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

**DEBTORS' EX PARTE MOTION FOR ENTRY OF AN ORDER SHORTENING NOTICE WITH RESPECT TO STIPULATION AND AGREED ORDER BY AND AMONG THE DEBTORS AND THE CANADIAN GOVERNMENTAL CLAIMANTS PURSUANT TO SECTION 105 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 3006 AND 9019**

Purdue Pharma L.P. ("**PPLP**") and its affiliates that are debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 proceedings (the "**Chapter 11**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

**Cases**") submit this motion (the "**Motion to Shorten**") for entry of an order, substantially in the form attached hereto as **Exhibit A**, shortening the notice period with respect to the *Stipulation and Agreed Order By and Among the Debtors and the Canadian Governmental Claimants Pursuant to Section 105 of the Bankruptcy Code and Bankruptcy Rules 3006 and 9019* (the "**Stipulation and Order**"), filed contemporaneously herewith.[2] In support of this Motion to Shorten, the Debtors respectfully state as follows:

### Relief Requested

1. By this Motion to Shorten, the Debtors seek entry of an order shortening the notice period with respect to the Stipulation and Order, scheduling a hearing on the Stipulation and Order on **August 9, 2021, at 10:00 a.m. (Prevailing Eastern Time)**, and scheduling an objection deadline of **August 6, 2021, at 12:00 p.m. (Prevailing Eastern Time)**.

### Jurisdiction and Venue

2. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Debtors consent to entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.

3. The statutory bases for the relief requested herein are sections 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Bankruptcy Rules 9006(c), and 9007, and

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Stipulation and Order.

1

Rule 9006-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**").

4. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

5. On September 15, 2019 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On September 26, 2019, the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed the Creditors' Committee pursuant to section 1102 of the Bankruptcy Code [ECF No. 131].

6. These Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and the *Order Directing Joint Administration of Chapter 11 Cases* [ECF No. 59] entered by the Court in each of the Chapter 11 Cases.

7. Additional information about the Debtors' businesses and the events leading up to the Petition Date can be found in the *Debtors' Informational Brief* filed on September 16, 2019 [ECF No. 17].

8. On July 14, 2021, the Debtors filed the *Sixth Amended Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and Its Affiliated Debtors* [ECF No. 3185] (as modified, amended or supplemented from time to time, the "**Plan**").

## Basis for Relief Requested

9. Pursuant to Bankruptcy Rule 9007, the Court has authority to regulate the time within which, the entities to whom, and the form and matter in which notice is provided.

2

Pursuant to paragraph 19 of the *Second Amended Order Establishing Certain Notice, Case Management, and Administrative Procedures* entered on November 18, 2019 [ECF No. 498] (the "**Case Management Order**"), in these Chapter 11 Cases, if a request for relief is filed and served "at least fourteen (14) calendar days before the next Omnibus Hearing, the matter shall be set for hearing at such Omnibus Hearing." However, Bankruptcy Rule 9006(c) and Local Rule 9006-1(b) provide that the Court, for cause shown, may in its discretion (with or without motion or notice) reduce any such notice period. Moreover, pursuant to paragraph 17 of the Case Management Order, a party's right "to seek an amendment or waiver of the provisions of the Case Management Order upon showing of good cause including, without limitation, the right to file a motion seeking . . . relief upon shortened notice," was expressly preserved. The Court, thus, has the authority to determine appropriate notice for conducting a hearing on the matters presented by the Stipulation and Order.

**Cause Exists to Shorten Notice with Respect to the Stipulation and Order**

10. The Stipulation and Order reflects a settlement that has been reached between the Debtors and the Canadian Governmental Claimants and acknowledged and agreed to by counsel to the Sackler families. As described in greater detail in the Stipulation and Order,[3] the Stipulation and Order provides that nothing in any plan of reorganization confirmed in the Chapter 11 Cases, the Shareholder Settlement Agreement or any Confirmation Order shall release or enjoin any Continuing Claims,[4] and all such Continuing Claims are expressly reserved.

---

[3] The following is a summary of certain provisions of the Stipulation and Order. In the event of any inconsistency between the following summary and the Stipulation and Order, the Stipulation and Order shall control.

[4] "**Continuing Claims**" means any Claims or Causes of Action held by a Canadian Governmental Claimant, by the federal government of Canada or by the governments of any of the territories of Canada (collectively, the "**Canadian Governments**") against any non-Debtor

3

Upon the Stipulation and Order becoming a final and non-appealable order, and subject to the terms thereof, all Canadian Proofs of Claim will be deemed immediately withdrawn as of right pursuant to Bankruptcy Rule 3006, with no further notice or action of any kind required by any party, and the Canadian Governmental Claimants will fully release the Debtors and their Related Parties (solely in their capacities as Related Parties of the Debtors), solely for actions taken in their respective capacities as such, from any Claims, obligations or liabilities in any way related to or arising from the Canadian Proofs of Claim and all corresponding litigation, but excluding, for greater certainty, all Continuing Claims.

11.     The Debtors do not believe that any party would be prejudiced by shortening notice with respect to the Stipulation and Order.  The withdrawal as of right of the Canadian Proofs of Claim and the agreement regarding the scope of the Continuing Claims does not adversely affect any creditor of the Debtors' estates and in fact helps other creditors by reducing the claims pool.  Moreover, the third-party releases contained in the Plan will be further amended to provide in substance that "Continuing Claims" held by all parties will not be released thereby, which will benefit the estate and its creditors by narrowing the scope of the proposed releases and thereby narrowing disputes regarding releases at confirmation.  To the extent that any party wishes to object to this or any other aspect of the third-party releases, the objection should be heard at confirmation and nothing in the Stipulation and Order prejudices any such argument. Finally, because the Stipulation and Order relates to and narrows the scope of third-party releases

---

person or entity (including, without limitation, and for greater certainty, Purdue Canada and/or each Shareholder Released Party) that (x) arise out of or relate to the conduct of any corporations, companies, partnerships and other entities formed under the laws of Canada or its provinces affiliated or associated with any of the Debtors, including, without limitation, Purdue Canada and (y) are not based upon any conduct of the Debtors, including any Opioid-Related Activities of the Debtors.

4

under the Plan, the Debtors propose that it is appropriate to have the Stipulation and Order heard at or before the hearing on confirmation of the Plan.

12. The parties to the Stipulation and Order support the relief sought herein.

13. To the extent that any other parties in interest intend to object to the requested relief, the objection deadline will be **August 6, 2021, at 12:00 p.m. (Prevailing Eastern Time)**, which is consistent with the deadline for objections to requests for relief set for hearing on an expedited basis and filed fewer than fourteen (14) days before the hearing as set forth in paragraph 25 of the Case Management Order.

14. Accordingly, the Debtors submit that good cause exists to shorten the notice period with respect to the Stipulation and Order to allow that motion to be heard at the hearing scheduled for **August 9, 2021, at 10:00 a.m. (Prevailing Eastern Time)**.

## Notice

15. Notice of this Motion will be provided to (a) the entities on the Master Service List (as defined in the Case Management Order and available on the Debtors' case website at https://restructuring.primeclerk.com/purduepharma) and (b) any person or entity with a particularized interest in the subject matter of this motion. The Debtors respectfully submit that no further notice is required.

## No Prior Request

16. The Debtors have not previously sought the relief requested herein from this Court or any other court.

*[Remainder of Page Intentionally Left Blank]*

5

WHEREFORE, the Debtors respectfully request that the Court enter the proposed form of order, substantially in the form attached hereto, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated:  July 28, 2021
        New York, New York

By: /s/ *Eli J. Vonnegut*
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone:   (212) 450-4000
Facsimile:   (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut
Christopher S. Robertson

*Counsel to the Debtors
and Debtors in Possession*