## Exhibit A

**Application**

UNITED STATES BANKRUPTCY
COURT SOUTHERN DISTRICT OF
NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.**, *et al.*, | Case No. 19-23649 |
| Debtors.[1] | (Jointly Administered) |

### APPLICATION OF DEBTORS FOR AUTHORITY TO SUPPLEMENT RETENTION AND EMPLOYMENT OF KING & SPALDING LLP AS SPECIAL COUNSEL TO THE DEBTORS *NUNC PRO TUNC* TO JULY 7, 2021

Purdue Pharma L.P. and its affiliates that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**") hereby represent in support of this application (this "**Supplemental Application**"):

### Jurisdiction and Venue

1.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), the Debtors consent to entry of a final order by the Court in connection with this Supplemental Application to the extent that

---

[1]   The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### **Background**

2.    On September 15, 2019 (the "**Petition Dates**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").   The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in the Debtors' chapter 11 cases, except that the Court entered an *Order Appointing An Examiner Pursuant To 11 U.S.C § 1104(C)* on June 21, 2021 [D.I. 348].  On September 27, 2019, the Office of the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed an official committee of unsecured creditors (the "**Creditors' Committee**").

3.    The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Bankruptcy Rules [D.I. 59].  Information about the Debtors' businesses and the events leading up to the Petition Date can be found in the *Debtors' Informational Brief* [D.I. 17].

4.    On November 5, 2019 the Debtors filed the *Application of Debtors for Authority to Retain and Employ King & Spalding LLP as Special Counsel to the Debtors Nunc Pro Tunc to the Petition Date* [D.I. 427] (the "**Initial Retention Application**").  In support of the Initial Retention Application, the Debtors submitted the Declaration of Jeffrey Bucholtz (the "**Bucholtz Declaration**").  On November 25, 2019 the Court entered its *Order Authorizing the Retention*

and Employment of King & Spalding LLP as Special Counsel for the Debtors Nunc Pro Tunc to
the Petition Date [D.I. 543] (the "**Initial Retention Order**").

5.      On October 26, 2020, King & Spalding LLP ("**K&S**") filed its *Supplemental
Declaration of Jeffrey Bucholtz In Support of Application of Debtors to Retain and Employ
King & Spalding LLP* [D.I. 1851] (the "**First Supplemental Bucholtz Declaration**").  On
January 19, 2021, K&S filed its *Second Supplemental Declaration of Jeffrey Bucholtz in
Support of Application of Debtors for Authority to Retain and Employ King & Spalding LLP as
Special Counsel to the Debtors Nunc Pro Tunc to the Petition Date* [D.I. 2298] (the "**Second
Supplemental Bucholtz Declaration**").

### Relief Requested

6.      By this Supplemental Application, pursuant to section 327(e) of the Bankruptcy
Code, Bankruptcy Rules 2014(a) and 2016, and Rules 2014-1 and 2016-1 of the Local
Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), the Debtors seek
entry of an order supplementing the retention and employment of K&S to include the
additional services described herein, effective *nunc pro tunc* to July 7, 2021.[2]

7.      A proposed form of order granting the relief requested in this Supplemental
Application is attached hereto as **Exhibit A** (the "**Proposed Order**").

---

[2]    K&S began providing preliminary services to the Debtors regarding the Supplemental Services (as defined
below) on July 7, 2021.  The Debtors and K&S believe that such services were appropriately covered by the
services authorized by the Court in the Initial Retention Order.  As the services will now move past the
preliminary stage and into a more substantive stage, the Debtors believe that filing this Supplemental
Application is appropriate to authorize K&S to perform the Supplemental Services.  Out of an abundance of
caution, the Debtors are seeking to retain K&S for these Supplemental Services, *nunc pro tunc* to July 7,
2021.

8.      In support of the relief requested herein, the Debtors submit the *Third
Supplemental Declaration of Jeffrey Bucholtz in Support of Application of Debtors for Authority
to Retain and Employ King & Spalding LLP as Special Counsel to the Debtors Nunc Pro Tunc
to July 7, 2021* (the "**Third Supplemental Bucholtz Declaration**," and with the Bucholtz
Declaration, the First Supplemental Bucholtz Declaration, and the Second Supplemental
Bucholtz Declaration, the "**Bucholtz Declarations**"), attached hereto as **Exhibit B**.

### Scope of K&S' Services

9.      As set forth in the Initial Retention Application, the Debtors retained K&S to
continue to represent them after the Petition Date by: (i) assisting the Debtors in connection with
investigations by the U.S. Department of Justice and investigations and claims by other entities
in an effort to reach a global resolution; (ii) assisting the Debtors with discovery in connection
with pending requests from governmental agencies and regulators relating to opioids; (iii)
assisting the Debtors with oversight and management of e-discovery technology vendor; (iv)
assisting the Debtors with responses to discovery-related requests from individual counsel and
third parties; (v) assisting the Debtors in the defense of privilege and work product issues relating
to the opioid matters; (vi) assisting the Debtors with discovery in connection with any stay issues
or other matters relating to opioid claims in non-bankruptcy forums; and (vii) such other specific
services as may be requested by the Debtors from time to time relating to the identification,
collection, processing, review and production of documents in connection with the Debtors'
opioid-related claims in these chapter 11 cases (collectively, the "**Initial Services**").

10.     The Debtors seek to expand the scope of K&S' employment and retention to
allow K&S to advise the Debtors in connection with issues of tax law relating to the Debtors'

pending chapter 11 plan of reorganization (the "**Plan of Reorganization**"), including the
possible pursuit of guidance from the Internal Revenue Service with respect to various aspects
of transactions contemplated by the Plan of Reorganization (the "**Supplemental Services**," and
with the Initial Services, collectively, the "**Services**").

11.     The Debtors wish to retain K&S for these Supplemental Services because K&S
has special substantive and procedural tax law expertise that is relevant to transactions
contemplated by the Debtors' Plan of Reorganization.  Moreover, given K&S' work in
connection with the Initial Services relating to the Debtors' global resolution, it is efficient for
K&S to assist the Debtors in connection with tax law issues relating to such global resolution.

12.     Subject to approval of this Supplemental Application, K&S has informed the
Debtors that it is able and willing to serve as the Debtors' special counsel and to perform the
Supplemental Services during these chapter 11 cases.  For the avoidance of doubt, K&S will
not serve as the Debtors' general or special bankruptcy counsel and will not advise the Debtors
or their estates with respect to their duties under the Bankruptcy Code.

## K&S' Qualifications

13.     K&S has extensive experience with respect to a wide variety of United States
federal tax matters that could be relevant to the Plan of Reorganization, including tax matters
relating to tax-exempt entities, and with the process of seeking guidance from the Internal
Revenue Service with respect to tax aspects of complex transactions.

14.     Due to the Firm's experience and knowledge in the areas for which the
Supplemental Services will be provided, as well as the Firm's longstanding relationship with
the Debtors, the Debtors believe that K&S is well qualified and able to represent the Debtors

in connection with the Supplemental Services, and expansion of K&S' retention would be in
the best interest of the Debtors' estates, creditors, and other parties in interest.

### Disinterestedness of Professionals

15.    To the best of the Debtors' knowledge, information, and belief, and based on
the foregoing and as set forth in the Bucholtz Declarations, K&S does not hold or represent
any interest that is materially adverse to the Debtors or their estates with respect to the Services
for which K&S will be employed.

16.    The Bucholtz Declarations disclose the Firm's connections to the Debtors and
parties in interest in the chapter 11 cases and are incorporated herein by reference.  As set forth
herein and in the Bucholtz Declarations, K&S has represented the Debtors related to the Initial
Services as well as other matters prior to these chapter 11 cases.  In addition, as set forth in the
Bucholtz Declarations, K&S has in the past represented, currently represents and likely in the
future will represent certain parties in interest in these cases (or their affiliates) on matters
unrelated to the Debtors, the Debtors' bankruptcy cases or such entities' claims against or
interests in the Debtors, or the Services for which K&S is to be employed under the Initial
Retention Application and this Supplemental Application.

17.    Based on the foregoing, K&S does not hold or represent any interest adverse to the
Debtors or the estates with respect to the matters on which K&S is to be employed, and K&S may be
employed under section 327(e) of the Bankruptcy Code for the Supplemental Services described herein.

### K&S' Compensation

18.    As set forth in the *Second Notice of Professional Fee Hourly Rates for King &
Spalding LLP, as Special Counsel to the Debtors and Debtors in Possession*, dated January

25, 2021 [D.I. 2322] ("**K&S 2021 Rate Notice**"),[3] K&S' billing rates that are effective beginning January 1, 2021 for K&S professionals expected to spend significant time on the Initial Services for matters other than discovery matters will range from (i) $865 to $1,150 for partners, (ii) $500 to $1,175 for associates and counsel, and (iii) $315 to $425 for paralegals. All of the aforementioned hourly billing rates reflect a significant discount from the ordinary hourly rates of such professionals and paraprofessionals, and the Debtors consented to the increased rates prior to the filing of the K&S 2021 Rate Notice.  The hourly billing rates for K&S professionals expected to spend significant time on the Initial Services related to discovery matters will be as follows: (i) Partners - $500; (ii) Discovery Review Counsel - $295 to $350; (iii) Privilege Review Attorneys - $240; (iv) Litigation Technologists - $315; and (v) Paralegals - $225.  All of the aforementioned hourly billing rates reflect a significant discount from the ordinary hourly rates of such professionals and paraprofessionals, and the Debtors consented to the increased rates prior to the filing of the K&S 2021 Rate Notice.

19.     As set forth in the Third Bucholtz Declaration, the current billing rates for K&S professionals expected to spend significant time on the Supplemental Services will comprise (i) $1,350 per hour for tax partner time, and (ii) from $620 to $1,050 per hour for tax associate time.  All of the aforementioned hourly billing rates reflect a significant discount from the ordinary hourly rates of such professionals, and the Debtors have consented to these rates.

20.     In addition to the hourly billing rates set forth herein, K&S will continue to charge the Debtors for certain charges and disbursements incurred in the rendition of the Services.  These charges and disbursements include photocopying charges, messengers, courier

---

[3]     No objections were filed to the K&S 2021 Rate Notice, and the rates took effect on February 9, 2021.

mail, overtime meals, late night transportation, travel, lodging, meal charges for business meetings, postage, printing, transcripts, filing fees, computer research, and similar items. The Debtors believe that the compensation structure and other terms and conditions are reasonable terms and conditions of employment and should be approved.

21.     On September 11, 2019, the Debtors paid K&S a retainer of $1,248,000 for professional services and expenses (the "**Retainer**"). The Retainer is being held in an escrow account, and as of the date of this Supplemental Application, the Retainer balance is approximately $867,000. K&S has not shared or agreed to share compensation received in connection with its representation of the Debtors with any other person or entity, except as permitted by section 504(b) of the Bankruptcy Code and Bankruptcy Rule 2016(b) in respect of sharing of compensation among K&S' partners.

22.     The Debtors understand that K&S will apply to the Court for allowance of compensation and reimbursement of expenses for all professional services performed and expenses incurred after the Petition Date in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of the Court. The Debtors also understand that K&S will also seek compensation for all time and expenses associated with its retention as a professional under Bankruptcy Code Section 327(e), including the preparation of this Supplemental Application, the Third Supplemental Bucholtz Declaration and related documents, as well as any monthly fee statements and/or interim and final fee applications.

## No Duplication of Services

23.     Due to K&S' limited role in advising the Debtors with respect to the Services,

the Debtors believe and intend that the Services will complement, and not be duplicative of, the

services being rendered by any other professional retained in these chapter 11 cases.  K&S

understands that the Debtors have retained and may retain additional professionals during the

term of their engagement and agrees to work cooperatively with such professionals to avoid

any duplication of services.

## The Relief Requested Should Be Granted

24.     Section 327(e) of the Bankruptcy Code provides that a debtor, subject to Court

approval:

> [M]ay employ, for a specified special purpose, other than to represent the
> [debtor in possession] in conducting the case, an attorney that has represented
> the debtor, if in the best interest of the estate, and if such attorney does not
> represent or hold any interest adverse to the debtor or to the estate with respect
> to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e).  Bankruptcy Rule 2014 requires that applications for retention of

professionals include, among other things:

> [S]pecific facts showing the necessity for the employment, the name of the
> [firm] to be employed, the reasons for the selection, the professional services to
> be rendered, any proposed arrangement for compensation, and, to the best of
> the applicant's knowledge, all of the [firm]'s connections with the debtor,
> creditors, any other party in interest, their respective attorneys and accountants,
> the United States trustee, or any person employed in the office of the United
> States trustee.

Fed. R. Bankr. P. 2014(a).

25.     In light of the size and complexity of these chapter 11 cases, the Debtors

respectfully submit that retaining and employing K&S for the Supplemental Services described

herein and pursuant to the terms of this Supplemental Application is necessary and in the best

interests of the Debtors' estates and all parties in interest in these chapter 11 cases.  As set forth

herein and in the Bucholtz Declarations, K&S has represented the Debtors for years.  K&S has

in-depth knowledge of and is intimately familiar with the legal issues and facts involved in the

Supplemental Services.

26.      The Supplemental Services will not overlap with the services to be provided by

the Debtors' other professionals.   Rather, the Services will complement the services to be

provided by the Debtors' general bankruptcy counsel, Davis Polk & Wardwell LLP.

27.      K&S has also represented to the Debtors that it neither holds nor represents any

interest that is materially adverse to the Debtors' estates in connection with any matter for

which it will be employed.

## *Nunc Pro Tunc* Relief is Warranted

28.      On July 7, 2021, the Debtors requested that K&S begin providing the

Supplemental Services.  In light of the anticipated timing of the hearing on confirmation of the

Debtors' Plan of Reorganization and the need to expeditiously address the tax issues that are the

subject of the Supplemental Services, K&S began providing the Supplemental Services in

advance of approval of this Supplemental Application.  The Debtors believe that the employment

of K&S effective *nunc pro tunc* to July 7, 2021 is warranted under the circumstances.  Further,

the Debtors believe that no party-in-interest will be prejudiced by the granting of the *nunc pro

tunc* employment because K&S has provided, and will continue to provide, valuable services

to the Debtors' estates in the interim period.

## Notice

29.      Notice of this Supplemental Application will be provided to: (a) the entities on

the Master Service List (as defined in the Case Management Order and available on the Debtors'

case website at https://restructuring.primeclerk.com/purduepharma) and (b) any party that has

requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "**Notice Parties**").

30.    A copy of this Supplemental Application and any order approving it will also

be made available on the Debtors' Case Information Website located at

https://restructuring.primeclerk.com/purduepharma.  Based on the circumstances surrounding

this Supplemental Application and the nature of the relief requested herein, the Debtors

respectfully submit that no further notice is required.

31.    The Debtors have not previously sought the relief requested herein from the

Court or any other court.

WHEREFORE, the Debtors respectfully request entry of the Proposed Order and such

other and further relief as is just and proper.

Dated: July 30, 2021

PURDUE PHARMA L.P.
(for itself and on behalf of its affiliates that are
debtors and debtors in possession)

*/s/ Marc L. Kesselman*
Marc L. Kesselman
Executive Vice President, General Counsel &
Corporate Secretary
Purdue Pharma L.P.

## Exhibit A

### Proposed Order

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| In re: | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649** |
| Debtors.[1] | **(Jointly Administered)** |

---

### ORDER AUTHORIZING APPLICATION OF DEBTORS FOR AUTHORITY TO SUPPLEMENT RETENTION AND EMPLOYMENT OF KING & SPALDING LLP AS SPECIAL COUNSEL TO THE DEBTORS *NUNC PRO TUNC* TO JULY 7, 2021

Upon the supplemental application, dated July 30, 2021 (ECF No. [ ]) (the "**Supplemental Application**"),[2] of Purdue Pharma L.P. and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to section 327(e) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), for entry of an order authorizing the Debtors to supplement the retention of King & Spalding LLP ("**K&S**") as special counsel to the Debtors with respect to the Supplemental Services, effective *nunc pro tunc*

---

[1]   The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2]   Capitalized terms used but not defined in this Order shall have the meanings ascribed to them in the Supplemental Application.

to July 7, 2021, all as more fully set forth in the Supplemental Application; and upon the Third

Supplemental Bucholtz Declaration, attached to the Application as **Exhibit B** (the "**Bucholtz**

**Declaration**"); and this Court having entered the *Order Authorizing The Retention and*

*Employment of King & Spalding LLP as Special Counsel For the Debtors Nunc Pro Tunc to the*

*Petition Date* [D.I. 543] (the "**Initial Retention Order**"); and this Court having jurisdiction to

consider the Supplemental Application and the relief requested therein in accordance with 28

U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31,

2012 (Preska, C.J.); and consideration of the Supplemental Application and the relief requested

therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before

this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Supplemental Application

having been provided to the Notice Parties, and such notice having been adequate and appropriate

under the circumstances; and it appearing that no other or further notice need be provided; and the

Court having considered the Third Supplemental Bucholtz Declaration, filed contemporaneously

with the Supplemental Application, and the Court having determined that the relief sought in the

Supplemental Application is in the best interests of the Debtors, their creditors, and all parties in

interest, and that K&S does not hold or represent any interest adverse to the Debtors or to their

estates with respect to the matters on which K&S is being employed, and that the legal and factual

bases set forth in the Supplemental Application establish just cause for the relief granted herein;

and upon all of the proceedings had before the Court and after due deliberation and sufficient cause

appearing therefor,

     **IT IS HEREBY ORDERED THAT**:

  1.  The Supplemental Application is approved as set forth herein.

2.      The Debtors are authorized to supplement the retention and employment of K&S as special counsel to the Debtors with respect to the Supplemental Services, effective *nunc pro tunc* to July 7, 2021, and K&S is authorized to perform the Supplemental Services described in the Supplemental Application.

3.      K&S shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Supplemental Services in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court.

4.      K&S shall be compensated in accordance with, and shall file monthly fee statements, and interim and final fee applications for allowance of its compensation and expenses and shall be subject to sections 330 and 331 of the Bankruptcy Code, as well as the Bankruptcy Rules, Local Rules, and any further orders of the Court.

5.      The relief granted herein shall be binding upon any chapter 11 trustee appointed in any of the chapter 11 cases or upon any chapter 7 trustee appointed in the event of a subsequent conversion of any of the chapter 11 cases to cases under chapter 7.

6.      Notwithstanding the entry of this Order, the Initial Retention Order and all related agreements approved thereunder shall remain in full force and effect and shall apply to the Supplemental Services except as otherwise set forth herein.

7.      Notice of the Supplemental Application as provided therein is good and sufficient notice of such Supplemental Application and the requirements of Bankruptcy Rule 6004(h) and the Local Rules are satisfied by such notice.

8.    Notwithstanding any provision in the Bankruptcy Rules to the contrary, the terms and conditions of this Order are immediately effective and enforceable immediately upon its entry.

9.    The Debtors are authorized to take all reasonable actions necessary to effectuate the relief granted in this Order in accordance with the Supplemental Application.

10.    In the event of any inconsistency between the Supplemental Application and this Order, the terms of this Order shall govern.

11.    This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____ , 2021
         White Plains, New York

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

## **Exhibit B**

**Third Supplemental Bucholtz Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.**, *et al.*, | **Case No. 19-23649** |
| **Debtors.**[7] | **(Jointly Administered)** |

## THIRD SUPPLEMENTAL DECLARATION OF JEFFREY BUCHOLTZ IN SUPPORT OF APPLICATION OF DEBTORS FOR AUTHORITY TO RETAIN AND EMPLOY KING & SPALDING LLP AS SPECIAL COUNSEL TO THE DEBTORS *NUNC PRO TUNC* TO JULY 7, 2021

I, Jeffrey S. Bucholtz, hereby declare that the following statements are true and correct to the best of my knowledge after due inquiry as described herein:

1.      I am a partner in the law firm of King & Spalding LLP ("**K&S**" or the "**Firm**"), special counsel to the above-captioned debtors (the "**Debtors**") in the above-captioned bankruptcy cases, which maintains an office for the practice of law at, among other places, 1700 Pennsylvania Avenue, NW, 2nd Floor, Washington, DC 20006-4707.  I am an attorney admitted to practice law in the District of Columbia.

2.      I submit this third supplemental declaration (this "**Third Supplemental Declaration**") in support of the Debtors' *Application of Debtors for Authority to Supplement*

---

[7]   The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

*Retention and Employment of King & Spalding LLP As Special Counsel to the Debtors Nunc Pro Tunc to July 7, 2021* (the "**Supplemental Application**").[8]  I am over the age of 18, competent to testify, and authorized to submit this Third Supplemental Declaration on behalf of the Debtors. The facts set forth below are based either upon my personal knowledge, discussions with other partners, counsel and associates of K&S, and client/matter records of K&S reviewed by myself, and if called as a witness I would testify competently thereto.

## SCOPE OF K&S' SERVICES

3.     As set forth in the Initial Retention Application, the Debtors retained K&S to continue to represent them after the Petition Date by: (i) assisting the Debtors in connection with investigations by the U.S. Department of Justice and investigations and claims by other entities in an effort to reach a global resolution; (ii) assisting the Debtors with discovery in connection with pending requests from governmental agencies and regulators relating to opioids; (iii) assisting the Debtors with oversight and management of e-discovery technology vendor; (iv) assisting the Debtors with responses to discovery-related requests from individual counsel and third parties; (v) assisting the Debtors in the defense of privilege and work product issues relating to the opioid matters; (vi) assisting the Debtors with discovery in connection with any stay issues or other matters relating to opioid claims in non-bankruptcy forums; and (vii) such other specific services as may be requested by the Debtors from time to time relating to the identification, collection, processing, review and production of documents in connection with the Debtors' opioid-related claims in these chapter 11 cases (collectively, the "**Initial Services**").

---

[8]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Supplemental Application.

4.      The Debtors seek to expand the scope of K&S' employment and retention to allow
K&S to advise the Debtors in connection with issues of tax law relating to the Debtors' Plan of
Reorganization, including the possible pursuit of guidance from the Internal Revenue Service with
respect to various aspects of transactions contemplated by the Plan of Reorganization (the
"**Supplemental Services**," and with the Initial Services, the "**Services**").

5.      The Debtors wish to retain K&S for these Supplemental Services because K&S has
special substantive and procedural tax law expertise that is relevant to transactions contemplated
by the Debtors' Plan of Reorganization.  Moreover, given K&S' work in connection with the Initial
Services relating to the Debtors' global resolution, it is efficient for K&S to assist the Debtors in
connection with tax law issues relating to such global resolution.

6.      I believe that K&S is well-positioned to provide the Supplemental Services to the
Debtors.  Accordingly, subject to this Court's approval of the Supplemental Application, K&S is
willing to perform the Supplemental Services as requested by the Debtors, as set forth in the
Supplemental Application and in the relevant engagement agreement attached to this Third
Supplemental Declaration.

## <u>K&S' QUALIFICATIONS</u>

7.      K&S has extensive experience with respect to a wide variety of United States
federal tax matters that could be relevant to the Plan of Reorganization, including tax matters
relating to tax-exempt entities, and with the process of seeking guidance from the Internal Revenue
Service with respect to tax aspects of complex transactions.

8.      Due to the Firm's experience and knowledge in the areas for which the
Supplemental Services will be provided, as well as the Firm's longstanding relationship with the

Debtors, I believe that K&S is well qualified and able to represent the Debtors in connection with the Supplemental Services, and expansion of K&S' retention would be in the best interest of the Debtors' estates, creditors, and other parties in interest.

## DISINTERESTEDNESS OF PROFESSIONALS

9.      To the best of my knowledge, as set forth below, and consistent with Bankruptcy Code section 327(e), K&S does not represent or hold any interest adverse to the Debtors or their estates with respect to the matters on which K&S is to be employed.

10.     K&S has in the past represented, currently represents, and likely in the future will represent certain parties in interest in these chapter 11 cases (or their affiliates).  K&S has made various disclosures regarding K&S' representations of certain parties-in-interest in the previous Bucholtz Declarations.

11.     Except as set forth herein in connection with the legal services K&S has provided to the Debtors, and except with respect to legal services provided by K&S to the Debtors for which K&S has not yet submitted bills to them, K&S is not a creditor of the Debtors.  K&S is not an equity security holder or insider of the Debtors.  To the best of my knowledge, neither K&S nor any attorney working on any matter for which K&S seeks to be retained is or was, within two years before the date of the filing of the petition, a director, officer, or employee of the Debtors, or has an interest materially adverse to the interests of the estates or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason.

## PROFESSIONAL COMPENSATION

12.      As set forth in K&S 2021 Rate Notice,[9] K&S' billing rates that are effective

beginning January 1, 2021 for K&S professionals expected to spend significant time on the Initial

Services for matters other than discovery matters will range from (i) $865 to $1,150 for partners,

(ii) $500 to $1,175 for associates and counsel, and (iii) $315 to $425 for paralegals.  All of the

aforementioned hourly billing rates reflect a significant discount from the ordinary hourly rates of

such professionals and paraprofessionals, and the Debtors consented to the increased rates prior to

the filing of the K&S 2021 Rate Notice.  The hourly billing rates for K&S professionals expected

to spend significant time on the Initial Services related to discovery matters will be as follows: (i)

Partners - $500; (ii) Discovery Review Counsel - $295 to $350; (iii) Privilege Review Attorneys -

$240; (iv) Litigation Technologists - $315; and (v) Paralegals - $225.  All of the aforementioned

hourly billing rates reflect a significant discount from the ordinary hourly rates of such

professionals and paraprofessionals, and the Debtors consented to the increased rates prior to the

filing of the K&S 2021 Rate Notice.

13.      The current billing rates for K&S professionals expected to spend significant time

on the Supplemental Services will comprise (i) $1,350 per hour for tax partner time, and (ii) from

$620 to $1,050 per hour for tax associate time.  All of the aforementioned hourly billing rates

reflect a significant discount from the ordinary hourly rates of such professionals, and the Debtors

have consented to these rates.

14.      In addition to the hourly billing rates set forth herein, K&S will continue to charge

the Debtors for certain charges and disbursements incurred in the rendition of the Services.  These

---

[9]      No objections were filed to the K&S 2021 Rate Notice, and the rates took effect on February 9, 2021.

charges and disbursements include photocopying charges, messengers, courier mail, overtime meals, late night transportation, travel, lodging, meal charges for business meetings, postage, printing, transcripts, filing fees, computer research, and similar items.

15.     On September 11, 2019, the Debtors paid K&S the Retainer of $1,248,000 for professional services and expenses.  The Retainer is being held in an escrow account, and as of the date of this Supplemental Application, the Retainer balance is approximately $867,000.  K&S has not shared or agreed to share compensation received in connection with its representation of the Debtors with any other person or entity, except as permitted by section 504(b) of the Bankruptcy Code and Bankruptcy Rule 2016(b) in respect of sharing of compensation among K&S' partners.

16.     I believe that the compensation structure and other terms and conditions set forth herein are reasonable terms and conditions of employment and should be approved.

17.     Other than as set forth above, no arrangement has been proposed between the Debtors and K&S for compensation to be paid in these cases.

18.     K&S understands the provisions of sections 327, 328, 330 and 331 of the Bankruptcy Code which require, among other things, Court approval of the Debtors' supplementing the employment of K&S as special counsel with respect to the Supplemental Services, and all of the legal fees and reimbursement of expenses that K&S will receive from the Debtors and the Debtors' estates.

19.     The Debtors are seeking to expand the scope of K&S' employment pursuant to section 327(e) of the Bankruptcy Code.  K&S intends to apply to this Court for allowance of compensation for professional services rendered and reimbursement of expenses and disbursements incurred in the chapter 11 cases in accordance with applicable provisions of the

Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any orders entered in these cases governing professional compensation and reimbursement for services rendered and charges and disbursements incurred. K&S will seek compensation for the services of each attorney and paraprofessional acting on behalf of the Debtors in these cases at the then current rate charged for such services as described herein, including for the Supplemental Services, subject to the discounts discussed with and agreed to by the Debtors. K&S will also seek compensation for all time and expenses associated with its retention as a professional under Bankruptcy Code Section 327(e), including the preparation of the Supplemental Application, this Third Supplemental Declaration and related documents, as well as any monthly fee statements and/or interim and final fee applications.

### *NUNC PRO TUNC* RELIEF IS WARRANTED

20.    The Debtors first reached out to K&S regarding the Supplemental Services on July 7, 2021 and requested K&S begin providing the Supplemental Services.[10] Accordingly, K&S promptly began working on the Supplemental Services, as a preliminary matter, on that date and in advance of approval of the filing of the Supplemental Application. In light of the anticipated timing of the hearing on confirmation of the Debtors' Plan of Reorganization and the need to expeditiously address the tax issues that are the subject of the Supplemental Services, K&S began providing the Supplemental Services in advance of approval of this Supplemental Application. K&S has provided, and will continue to provide, these valuable services to the Debtors' estates during this

---

[10]    K&S began providing preliminary services to the Debtors in connection with the Supplemental Services on July 7, 2021. K&S believes that such services were appropriately covered by the services authorized by the Court in the Initial Retention Order. As the services have now moved past the preliminary stage and into a more substantive stage, the Debtors and I believe that filing this Supplemental Application is appropriate to authorize K&S to perform the Supplemental Services. Accordingly, out of an abundance of caution, the Debtors are seeking to retain K&S for these Supplemental Services, *nunc pro tunc* to July 7, 2021.

interim period.  Accordingly, employment of K&S, effective *nunc pro tunc* to July 7, 2021 with

respect to the Supplemental Services is warranted under the circumstances.

## **STATEMENT REGARDING U.S. TRUSTEE GUIDELINES**

21.    The following information is provided in accordance with paragraph D.1 of the

U.S. Trustee Guidelines:

**Question**: Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement?

**Response:** Yes. K&S agreed as a courtesy to the Debtors to bill at approximately 90% of its market hourly rates in effect when the services are rendered. Additionally, K&S agreed to offer additional discounts, on a sliding scale, on fees exceeding certain amounts.

**Question**: Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case?

**Response:** No. The hourly rates used by K&S in representing the Debtors are consistent with the rates K&S charges other comparable chapter 11 clients, regardless of the location of the chapter 11 cases.

**Question**: If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference.

**Response:** As disclosed in the K&S 2021 Rate Notice, K&S' billing rates increased effective January 1, 2021 to reflect regular, annual rate increases.  However, consistent with its arrangement with the Debtors prior to January 1, 2021, including the 12-month period prior to the Petition Date, K&S agreed to continue to provide various discounts to the Debtors.  Other than regular, annual, Firm-wide adjustments to its standard rates, K&S' agreement to set rates as described in the Bucholtz Declarations, and the retainer K&S received prior to the Petition Date, K&S has not changed its billing rates or material financial terms for the engagement since its representation of the Debtors began.

**Question**: Has your client approved your prospective budget and staffing plan, and, if so, for what budget period?

**Response:**    With respect to the Initial Services, the Debtors approved the budget estimate and staffing plan for the period June 1, 2021 through September 30, 2021. With respect to the Supplemental Services, K&S intends to provide a prospective budget and staffing plan for the period from July 7, 2021 through September 30, 2021 to the Debtors and will continue to work with the Debtors on the budget and staffing plan.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct, to the best of my knowledge, information, and belief, and after reasonable inquiry.

Executed on this 30 day of July, 2021.

 */s/ Jeffrey S. Bucholtz*
Jeffrey S. Bucholtz