**SAUL EWING ARNSTEIN & LEHR LLP**
Lucian B. Murley
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19899
302-421-6898
E-mail: luke.murley@saul.com

*Attorney for Cigna Health and Life Insurance Company*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| PURDUE PHARMA L.P., *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |
| | **Related Docket Nos. 3286 and 3287** |

**CIGNA HEALTH AND LIFE INSURANCE COMPANY'S LIMITED OBJECTION TO**
**ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS**

Cigna Health and Life Insurance Company ("Cigna") hereby files this limited objection (the "Objection") to the *Notice of (A) Executory Contracts and Unexpired Leases To Be Assumed by the Debtors Pursuant to the Plan, (B) Cure Amounts, If Any, and (C) Related Procedures in Connection Therewith* [Docket No. 3286] (the "Cure Notice") and the *Sixth Amended Joint*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

*Chapter 11 Plan of Reorganization of Purdue Pharma L. P. and Its Affiliated Debtors* [Docket No. 3185] (the "Plan"), and in support of hereof, respectfully states as follows:

## BACKGROUND

1. On September 15 and September 16, 2019 (the "Petition Date"), the above-captioned debtor and debtor-in-possession Purdue Pharma L.P. (the "Debtor") and a number of its affiliates (collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York.

2. Prior to the Petition Date, Cigna and the Debtor were parties to a Stop Loss Policy (the "SLP") and an Administrative Services Only Agreement, as amended by that certain letter dated January 5, 2021 (the "ASO Agreement," and together with the SLP, the "Employee Benefits Agreements") that allow the Debtor to be self-insured[2] for its employee healthcare benefits, with Cigna performing administrative functions. Cigna processes medical and pharmaceutical claims of the Debtor's employees ("Employee Healthcare Claims"), and the Debtor funds the Employee Healthcare Claim payments to healthcare providers.

3. Pursuant to the Employee Benefits Agreements, the Debtor, through a third-party, makes payments in varying amounts to Cigna that are subject to reconciliation based upon, among other things, eligibility reports submitted by the Debtor.

4. On June 3, 2021, the Debtors filed the *Disclosure Statement for Fifth Amended Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and Its Affiliated Debtors*

---

[2] Subject to the Stop Loss Policy.

[Docket No. 2983] (the "Disclosure Statement") which set forth how the majority of the Debtors' assets will be transferred to abatement trusts dedicated to combatting the opioid crisis.

5. On July 14, 2021, the Debtors filed the Plan which further explained how the Debtors will cease to exist on the Effective Date[3] of the Plan, and their businesses will be transferred to NewCo, a newly-created company, which will be indirectly owned by two of the abatement trusts.

6. On July 19, 2021, in accordance with the Plan, the Debtors filed the Cure Notice and the *Notice Regarding Executed Contracts and Unexpired Leases to be Rejected Pursuant to the Plan* [Docket No. 3287] (the "Schedule of Rejected Contracts").

7. As explained in the Plan, all executory contracts will be assumed and assigned to NewCo unless the contracts are specifically rejected in the Schedule of Rejected Contracts. As further explained in the Cure Notice, a failure to be listed on Exhibit A to the Cure Notice indicates that the Proposed Cure Amount would be $0.

8. Cigna does not appear on Exhibit A of the Cure Notice, and is not included in the Schedule of Rejected Contracts; therefore, the Plan proposes a $0 cure amount (the "Proposed Cure Amount") to be paid to Cigna in connection with the potential assumption and assignment of the Employee Benefits Agreements.

9. Cigna submits that the Debtor's payment in the amount of $169,250.51 for administrative fees and SLP premium owed for the months of June and July 2021 (the "July Payment") which are now past-due, remain outstanding.

---

[3] Terms not otherwise defined herein will maintain the meaning ascribed to them in the Plan.

## LIMITED OBJECTION TO ASSUMPTION AND ASSIGNMENT

10. Cigna objects to the Cure Notice and the Plan because neither propose to satisfy the Debtor's cure obligations consistent with section 365(b)(1) of the Bankruptcy Code.

11. In order to assume an executory contract or unexpired lease, section 365(b) of the Bankruptcy Code requires a debtor to cure any defaults. *See* 11 U.S.C. § 365(b)(1)(A). Furthermore, section 365(b)(1)(B) of the Bankruptcy Code requires a debtor to, at the time of assumption, compensate the counterparty for any actual pecuniary loss resulting from a default. *See* § 365(b)(1)(B).

12. Accordingly, in order for the Debtor to assume and assign any of the Employee Benefits Agreements, the Debtor must cure the July Payment and must satisfy any other amounts that may come due, even those amounts not asserted in this Objection, as of the Effective Date of the Plan. *See* 11 U.S.C. § 365(b)(1).

13. As explained previously, the amounts due under the Employee Benefits Agreements vary, and are subject to reconciliation based upon eligibility reports submitted by the Debtor, among other things. Cure amounts must be based on the amount due on the effective date of any assignment, rendering the Proposed Cure Amount stale and potentially inaccurate.

14. Cigna expressly objects to the Proposed Cure Amount. Amounts have continued to accrue post-petition under the Employee Benefits Agreements, including the July Payment, and will continue to become due and owing to Cigna on and after August 2, 2021 (the "<u>Cure Notice Objection Deadline</u>"). Thus, no cure amount can be fixed prior to the Effective Date.

15. Any order permitting the assumption and assignment of any Cigna Employee Benefits Agreements must direct that the Debtor fully pay all amounts due to Cigna under those agreements as of the Effective Date, as a condition precedent to such assumption and assignment.

16. Cigna will consider this Objection resolved if the Debtors include the following paragraph in the proposed confirmation order, clarifying that the assumption and assignment of the Employee Benefits Agreements is subject to payment of the July Payment and any amounts that may come due, including those not asserted in this Objection, before the Effective Date of the Plan:

> *Cigna Health and Life Insurance Company's Limited Objection to Assumption and Assignment of Executory Contracts* [D.I. __] ("Cigna's Objection") is resolved as follows: Any capitalized term in this paragraph not otherwise defined elsewhere in this Order shall have the same meaning as that ascribed to it in Cigna's Objection. The Employee Benefits Agreements shall be assumed and assigned to NewCo effective upon Cigna's receipt of (a) the $169,250.51 July Payment and (b) any amounts that came due under the Employee Benefits Agreements after the Petition Date, including those not asserted in Cigna's Objection, before the Effective Date of the Plan. Amounts incurred prior to Effective Date but not due will be reconciled and paid in the ordinary course.

17. Cigna reserves the right to supplement this Objection at any time. Cigna also reserves the right to alter, modify, and/or assert additional cure amounts to the Employee Benefits Agreements.

[*Remainder of Page Intentionally Left Blank.*]

**WHEREFORE**, Cigna respectfully requests that the Court enter an order (i) approving assumption and assignment of Cigna's Employee Benefits Agreements only to the extent consistent with the foregoing; and (ii) granting such other and further relief as is just and proper.

Dated:  August 2, 2021                               SAUL EWING ARNSTEIN & LEHR LLP

*/s/ Lucian B. Murley*
Lucian B. Murley (DE Bar No. 4892)
1201 N. Market Street, Suite 2300
P. O. Box 1266
Wilmington, DE 19899
Telephone: (302) 421-6898
E-mail: luke.murley@saul.com

*Attorney for Cigna Health and Life Insurance Company.*