UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
:
In re:                                                       :  Chapter 11
                                                             :
PURDUE PHARMA L.P., *et al.*,[1]                             :  Case No. 19-23649 (RDD)
                                                             :
        Debtors.                                             :  (Jointly Administered)
                                                             :
------------------------------------------------------------ x

**ANDERSONBRECON, INC D/B/A PCI PHARMA SERVICES' (I) OBJECTION TO THE SIXTH AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION OF PURDUE PHARMA L.P. AND ITS AFFILIATED DEBTORS AND (II) JOINDER IN THE JOINT OBJECTION OF CERTAIN DISTRIBUTORS, MANUFACTURERS, AND PHARMACIES TO THE SIXTH AMENDED JOINT CHAPTER 11 PLAN OF PURDUE PHARMA L.P. AND ITS AFFILIATED DEBTORS**

AndersonBrecon, Inc. d/b/a PCI Pharma Services ("PCI"), by and through the undersigned attorneys, hereby files this objection (the "Confirmation Objection") to the *Sixth Amended Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and its Affiliated Debtors* [Dkt. # 3185] (the "Plan") and joins in the *Joint Objection of Certain Distributors, Manufacturers, and Pharmacies to the Sixth Amended Joint Chapter 11 Plan of Purdue Pharma L.P. and its Affiliated Debtors* [Dkt. # 3306] (the "MDP Objection"). PCI respectfully states as follows in support of this objection and joinder:

## Background

1.  On September 15 and 16, 2019 (collectively, the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

2. On May 20, 2020, PCI filed proof of claim no. 14532 using the General Opioid Claimant Proof of Claim Form (the "Proof of Claim"). The Proof of Claim identifies the Supply Agreement dated March 1, 2008, and seven amendments thereto (collectively, as amended, the "Agreements"). The Agreements are subject to confidentiality provisions. As of the Petition Date, the amount of PCI's claim was unknown, unliquidated, and contingent.

3. On June 3, 2021, the Debtors filed the *Disclosure Statement for the Fifth Amended Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and its Affiliated Debtors* [Dkt. # 2983] (the "Disclosure Statement"). The Court approved the Disclosure Statement on the same day, pursuant to the *Order Approving Disclosure Statement for Fifth Amended Chapter 11 Plan, (ii) Solicitation and Voting Procedures, (iii) Forms of Ballots, Notices and Notice Procedures in Connection Therewith, and (iv) Certain Dates With Respect Thereto* [Dkt. # 2988]. On July 14, 2021, the Debtors filed the Plan.

4. On July 19, 2021, the Debtors filed the *Notice of (A) Executory Contracts and Unexpired Leases to Be Assumed by the Debtors Pursuant to the Plan, (B) Cure Amounts, If Any, and (C) Related Procedures in Connection Therewith* [Dkt. # 3286] (the "Cure Notice"). The Cure Notice does not specifically list the Agreements, but advises that all executory contracts will be assumed, and the cure amount for contracts that are not listed on Exhibit A to the Cure Notice will be zero. (Cure Notice at 2.)

5. PCI has continued to provide packaging services to the Debtors after the Petition Date pursuant to the Agreements. As a condition to assumption and assignment of the Agreements, the Debtors must pay all amounts outstanding thereunder. The current aggregate balance for services invoiced on July 21, 2021, and due on August 21, 2021, is $111,779.03. Furthermore, because these services are ongoing, with invoices issued and payments received by PCI on a rolling basis, PCI cannot presently determine the amount that will be necessary to cure monetary defaults under the Agreements at the time the Agreements are assumed and assigned. Pending assumption of the Agreements, this amount also constitutes an administrative expense

claim against the Debtors.

6.       There may also be other kinds of claims that arise under the Agreements beyond accounts receivable for services, including without limitation attorneys' fees and expenses and indemnification of third-party claims, which would also have to be cured and compensated for before assumption and assignment. Such claims would further remain obligations of the Debtors or their assignees after assumption and assignment, regardless of when the events giving rise to those claims occur.

## Legal Argument

PCI objects to confirmation of the Plan because, among other things, the Plan does not specifically identify all of the Agreements and any assumption and assignment will require prompt payment of the actual cure amount that is owed as of the time of assumption, once determined, compensate for any actual pecuniary loss as a result of any default, and provide adequate assurance of future performance under the Agreements. *See* 11 U.S.C. § 365(b)(1), (f)(2). Assumption and assignment of the Agreements under the Plan is subject to Section 365. *See* 11 U.S.C. § 1123(b)(2). The Court may not confirm the Plan if it does not comply with Section 365.  See 11 U.S.C. § 1129(a)(1). Assumption and assignment of the Agreements must be *in toto*, without modification, and have no effect on PCI's rights against third parties. PCI also reserves the right to consent to any assignment, which consent has not yet been requested or granted. Unless the Debtor shows that the Plan that meets the requirements of Section 365 as to the Agreements, the Plan cannot be confirmed.

## Joinder

PCI joins in the MDP Objection and incorporates the MDP Objection herein by this reference.

**Reservation of Rights**

PCI reserves all rights consistent with the Agreements and applicable law, including without limitation to amend, supplement, and/or modify this objection and joinder, and to file additional appropriate pleadings in the future.

WHEREFORE, PCI respectfully requests that the Court deny confirmation of the Plan and that the Court grant such other and further relief as is just and proper.

Dated: August 2, 2021

MILLER NASH LLP

*/s/ Garrett S. Ledgerwood*
Garrett S. Ledgerwood
111 SW Fifth Avenue, Suite 3400
Portland, OR 97204
E-Mail: garrett.ledgerwood@millernash.com
Phone: (503) 224-5858
Fax: (503) 224-0155

Attorneys for AndersonBrecon, Inc. d/b/a PCI Pharma Services

## Certificate of Service

Edgar Rosales affirms and states:

That on this day, I caused to be served a true and correct copy of:

1) AndersonBrecon, Inc. d/b/a PCI Pharma Services' (I) Objection to the Sixth Amended Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and its Affiliated Debtors and (II) Joinder in the Joint Objection of Certain Distributors, Manufacturers, and Pharmacies to the Sixth Amended Joint Chapter 11 Plan of Purdue Pharma L.P. and its Affiliated Debtors;

2) the Notice of Electronic Filing; and

3) this Certificate of Service by the method indicated below, and addressed to each of the following:

| | |
|---|---|
| David Polk & Wardwell LLP<br>Attn: Marshall S. Huebner<br>  Benjamin S. Kaminetzky<br>  Eli J. Vonnegut<br>  Christopher S. Robertson<br>450 Lexington Avenue<br>New York, NY 10017<br>Email: marshall.huebner@davispolk.com<br>  ben.kaminetzky@davispolk.com<br>  eli.vonnegut@davispolk.com<br>  christopher.robertson@davispolk.com | ____ U.S. Mail, Postage Prepaid<br><br>____ Hand Delivered<br><br>____ Overnight Mail<br><br>_X_ Email Transmission |
| Office of the Trustee, Region 2<br>Attn: Paul Schwartzberg<br>201 Varick Street, Suite #1006<br>New York, NY 10014<br>Email:<br>USTPRegion02.NYECF@USDOJ.GOV | ____ U.S. Mail, Postage Prepaid<br><br>____ Hand Delivered<br><br>____ Overnight Mail<br><br>_X_ Email Transmission |

| | |
|---|---|
| Akin Gump Strauss Hauer & Feld LLP<br>Attn: Arik Preis<br>      Mitchell P. Hurley<br>      Sara L. Brauner<br>      Edan Lisovicz<br>One Bryant Park<br>New York, NY 10036<br>Email: apreis@akingump.com<br>       mhurley@akingump.com<br>       sbrauner@akingump.com<br>       elisovicz@akingump.com | _____ U.S. Mail, Postage Prepaid<br><br>_____ Hand Delivered<br><br>_____ Overnight Mail<br><br>__X__ Email Transmission |

I declare under penalty of perjury under the laws of the State of Washington, that the foregoing is true and correct to the best of my knowledge.

EXECUTED this 2nd day of August, 2021, at Seattle, Washington.

                                            */s/ Edgar Rosales*
                                            Edgar Rosales
                                            Legal Assistant

4845-2398-4884.1