**Presentment Date and Time: August 16, 2021 at 10:00 a.m. (prevailing Eastern Time)**
**Objection Date and Time: August 13, 2021, at 4:00 p.m. (prevailing Eastern Time)**

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut
Christopher S. Robertson

*Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.**, *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

## NOTICE OF PRESENTMENT OF DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING DEBTOR AVRIO HEALTH L.P. TO ENTER INTO SUBLEASE

**PLEASE TAKE NOTICE** that on August 2, 2021, the above-captioned debtors and debtors in possession in these proceedings (collectively, the "**Debtors**") filed the annexed *Debtors' Motion for Entry of an Order Authorizing Debtor Avrio Health L.P. to Enter into Sublease* (the "**Motion**").

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

**PLEASE TAKE FURTHER NOTICE** that, unless a written objection to the Motion is served and filed with proof of service with the Clerk of Court, and a courtesy copy is delivered to the undersigned and to the chambers of the Honorable Robert D. Drain, so as to be received by **August 13, 2021 at 4:00 p.m. (prevailing Eastern Time)**, there will not be a hearing to consider such Motion, and an order substantially in the form attached to the Motion as Exhibit A (the "**Proposed Order**"), will be presented for signature by the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court, 300 Quarropas Street, White Plains, New York 110601, on **August 16, 2021 at 10:00 a.m. (prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that, if a written objection is timely filed and served with respect to the Motion, a hearing (the "**Hearing**") will be held to consider such Motion and Proposed Order before the Court at the United States Bankruptcy Court, 300 Quarropas Street, White Plains, New York 10601, on a date to be announced.

**PLEASE TAKE FURTHER NOTICE** that any objecting parties are required to attend the Hearing and a failure to appear may result in relief being granted upon default.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion may be obtained free of charge by visiting the website of Prime Clerk LLC at https://restructuring.primeclerk.com/purduepharma. You may also obtain copies of any pleadings by visiting the Bankruptcy Court's website at https://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

*[Remainder of Page Intentionally Left Blank]*

Dated:   August 2, 2021
           New York, New York

                                        DAVIS POLK & WARDWELL LLP

                                        By:   */s/ Eli J. Vonnegut*
                                        DAVIS POLK & WARDWELL LLP
                                        450 Lexington Avenue
                                        New York, New York 10017
                                        Telephone: (212) 450-4000
                                        Facsimile: (212) 701-5800
                                        Marshall S. Huebner
                                        Benjamin S. Kaminetzky
                                        Timothy Graulich
                                        Eli J. Vonnegut
                                        Christopher S. Robertson

                                        *Counsel to the Debtors*
                                        *and Debtors in Possession*

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut
Christopher S. Robertson

*Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | **(Jointly Administered)** |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING
DEBTOR AVRIO HEALTH L.P. TO ENTER INTO SUBLEASE**

Purdue Pharma L.P. ("**PPLP**") and its affiliates that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**") hereby file this *Debtors' Motion for Entry of an Order Authorizing Debtor Avrio Health L.P. to Enter into Sublease* (the "**Motion**"). In support of this Motion, the Debtors respectfully state as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

**Jurisdiction and Venue**

1. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Debtors consent to entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.

2. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**General Background**

3. On September 15, 2019 (the "**Petition Date**"), the Debtors commenced the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") by filing with the Court voluntary petitions for relief under chapter 11 of the Bankruptcy Code (as defined below). The Debtors continue to operate their businesses and manage their properties as debtors in possession, pursuant to sections 1107(a) and 1108 of the United States Code, 11 U.S.C. § 101 *et seq.* (as amended or modified, the "**Bankruptcy Code**").

4. On September 27, 2019, the United States Trustee for Region 2 appointed an official committee of unsecured creditors (the "**UCC**"). *See Notice of Appointment of Official Committee of Unsecured Creditors* [ECF 131].

5. Information about the Debtors' businesses and the events leading up to the Petition Date can be found in the *Debtors' Informational Brief* filed on September 16, 2019 [ECF 17].

6. The Debtors' Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) and the *Order Directing Joint Administration of Chapter 11 Cases* [ECF 59], entered by the Court on September 18, 2019 in each of the Chapter 11 Cases.

## Relief Requested

7. By this Motion, the Debtors seek entry of an order pursuant to sections 105(a) and 363 of title 11 of the Bankruptcy Code, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), authorizing Debtor Avrio Health L.P. ("**Avrio**") to enter into a sublease agreement (the "**Avrio Sublease**"), with Mosaic Insurance US LLC (the "**Sublessee**") substantially on the terms set forth in the term sheet (the "**Term Sheet**") attached as **Exhibit 1** to the Proposed Order.

## The Avrio Sublease

8. Avrio, a wholly owned subsidiary of PPLP, engages in the marketing, sale, and distribution of over-the-counter products in the U.S. Avrio currently leases approximately 5,850 rentable square feet of office space at 65 West 36th Street, New York, N.Y. 10018 (the "**Premises**") under a lease (the "**Avrio Lease**") by and between 65 W 36 LLC and Avrio. The Avrio Lease has a lease term that extends through August 31, 2024. The Debtors assumed the Avrio Lease pursuant to the *Order (I) Authorizing the Assumption of a Certain Unexpired Lease and (II) Further Extending the Debtors' Deadline to Assume or Reject Certain Unexpired Leases with the Prior Written Consent of the Lessors Under Such Leases* [ECF No. 961], dated March 18, 2020.

9. Due to the COVID-19 global pandemic, all of Avrio's employees who had worked at the Premises have been working remotely from home. Initially, Avrio's virtual work-from-home policy was a reaction to New York State's stay-at-home order. However, Avrio has

3

been able to successfully transition almost all employee functions to a permanent virtual platform. As a result, the Premises has been largely unoccupied.

10. Accordingly, the Debtors have determined that Avrio no longer requires physical office space and that subleasing the entire Premises will result in substantial cost savings to the Debtors' estates. As of July 31, 2021, approximately $1.02 million is owed under the Avrio Lease over the remainder of the lease term. Pursuant to the Avrio Sublease, Avrio would sublease the Premises to the Sublessee at a rate of $45.00 per rentable square foot, which rate will increase by 2.75% annually. Avrio would receive approximately $750,000 in the aggregate over the term of the Avrio Sublease. As discussed in greater detail in the accompanying *Declaration of Jon Lowne in Support of Debtors' Motion for Entry of an Order Authorizing Debtor Avrio Health L.P. to Enter into Sublease*, the Debtors conducted a fulsome process to identify a suitable subtenant and negotiate acceptable terms, and have confirmed with their real estate broker, CB Richard Ellis, that the rent per square foot and the other terms described in the Term Sheet are consistent with the New York City market. The Debtors believe that the Avrio Sublease will maximize the value of the Debtors' estates given Avrio's office space needs and the negative impact that the COVID-19 pandemic has had on the New York City office space rental market.

## Basis for Relief Requested

11. The Debtors decision to seek authority to enter into the Avrio Sublease is a reasonable and sound exercise of their business judgement under Bankruptcy Code section 363(b). Section 363(b)(1) of the Bankruptcy Code empowers the Court to authorize a debtor to "use, sell, or lease, other than in the ordinary course of business, property of the estate." To approve the use of estate property under section 363(b)(1) of the Bankruptcy Code, the Second

Circuit requires a debtor to show that the decision to use the property outside of the ordinary course of business was based on the debtor's sound business judgment in light of "all salient factors" relating to the bankruptcy case. *Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1070–71 (2d Cir. 1983) ("The rule we adopt requires that a judge determining a § 363(b) application expressly find from the evidence presented before him at the hearing a good business reason to grant such an application."); *In re Ionosphere Clubs, Inc.*, 100 B.R. 670, 675 (Bankr. S.D.N.Y. 1989); *see also In re MF Global Inc.*, 467 B.R. 726, 730 (Bankr. S.D.N.Y. 2012) ("Although not specified by section 363, the Second Circuit requires that transactions under section 363 be based on the sound business judgment of the debtor or trustee.").

12. As described above, a sound business purpose exists for the Debtors' entry into the Avrio Sublease. Avrio has shifted to a permanent model of remote work and no longer has a need for physical office spaces. The Avrio Sublease is an opportunity to achieve significant cost savings in light of Avrio's new operating model. The Debtors do not believe that they are likely to find a tenant that will take assignment of the Avrio Lease or a subtenant that will offer more attractive economic terms. Accordingly, the Debtors submit that the requested relief is appropriate and in the best interests of all stakeholders.

## Debtors' Reservation of Rights

13. Nothing contained herein or any action taken pursuant to such relief is intended or shall be construed as (a) an admission as to the validity or priority of any claim against the Debtors; (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for or validity of any claim against the Debtors; or (c) a waiver of any claims or causes of action which may exist against any creditor or interest holders or any other party. Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's

5

order is not intended to be and should not be construed as an admission as to the validity or priority of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

### Notice

14. Notice of this Motion will be provided to (a) the entities on the Master Service List (as defined in the Case Management Order and available on the Debtors' case website at https://restructuring.primeclerk.com/purduepharma) and (b) any person or entity with a particularized interest in the subject matter of this Motion (together with the entities on the Master Service List, the "**Notice Parties**"). The Debtors respectfully submit that no further notice is required.

### No Prior Request

15. The Debtors have not previously sought the relief requested herein from the Court or any other court.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully request that the Court enter the proposed form of order, substantially in the form attached hereto, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: August 2, 2021
New York, New York

DAVIS POLK & WARDWELL LLP

By: */s/ Eli J. Vonnegut*
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut
Christopher S. Robertson

*Counsel to the Debtors
and Debtors in Possession*