# Exhibit A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>**PURDUE PHARMA L.P.**, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 19-23649 (RDD)<br><br>(Jointly Administered) |

## ORDER AUTHORIZING DEBTOR AVRIO L.P. TO ENTER INTO SUBLEASE

Upon the timely motion by notice of presentment dated August 2, 2021 (the "**Motion**")[2] of Purdue Pharma L.P. and its affiliates that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**") for entry of an order, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code authorizing Debtor Avrio Health L.P. to enter into the Avrio Sublease, as more fully set forth in the Motion; and upon the Lowne Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to such term in the Motion.

the Notice Parties and the opportunity for a hearing thereon having been provided; and it appearing that no other or further notice or a hearing is required; and, after due deliberation, the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish good and sufficient cause for the relief granted herein; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their creditors, their estates, and all other parties in interest; and all objections to the Motion, if any, having been withdrawn, resolved, or overruled; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is hereby granted as set forth herein.

2. Pursuant to section 363(b) of the Bankruptcy Code, the Debtor Avrio Health L.P. ("**Avrio**") is authorized to enter into the Avrio Sublease, as will be drafted and executed as contemplated in the Term Sheet attached as **Exhibit 1** hereto, in final form and substance reasonably acceptable to Avrio and the Sublessee, which Avrio Sublease shall be consistent with the Term Sheet in all material respects, and to fully perform all obligations thereunder.

3. The contents of the Motion and the notice procedures set forth therein are good and sufficient notice and satisfy the Bankruptcy Rules and the Local Bankruptcy Rules, and no other or further notice of the Motion or the entry of this Order shall be required.

4. The Debtors are authorized to take all such actions as are necessary or appropriate to implement the relief granted in this Order.

5. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and enforcement of this Order.

White Plains, New York
Dated: _____, 2021

                                                   THE HONORABLE ROBERT D. DRAIN
                                                   UNITED STATES BANKRUPTCY JUDGE

# Exhibit 1

**Term Sheet**

**CBRE**

COMMERCIAL REAL ESTATE SERVICES

**Liz Lash**
Senior Associate

CBRE Group, Inc.
Brokerage Services

200 Park Avenue, 21st Floor
New York, NY 10166

212 984 8000 Tel
212 984 6605 Fax

david.hollander@cbre.com
www.cbre.com

July 20, 2021

Matthias Li
Executive Director
Eric Hazen
Senior Associate
Cushman & Wakefield
1290 Avenue of the Americas
New York, New York 10104

**RE: 65 West 36th Street - Entire 8th Floor**

Dear Matthias and Eric:

Thank you for your proposal dated July 13, 2021 on behalf of Mosaic Insurance US LLC ("Subtenant"). The following term sheet represents the terms under which Avrio Health, L.P. ("Sublandlord") would be willing to enter into sublease negotiations with Subtenant. All terms not addressed herein shall be per the Overlease. Upon your final review and agreement, please have Subtenant sign and return a copy of this Term Sheet.

| | |
|---|---|
| **SUBTENANT:** | Mosaic Insurance US LLC |
| **SUBLANDLORD:** | Avrio Health L.P. |
| **OVERLANDLORD:** | Sioni Realty Group |
| **BUILDING:** | 65 West 36th Street |
| **OVERLEASE:** | Lease between Overlandlord and Sublandlord covering the Premises (as defined below) (the "Overlease"). A redacted copy of the Overlease will be provided under separate cover. |
| **PREMISES:** | Entire 8th Floor – 5,850 Rentable Square Feet (RSF), |
| **USE:** | Per Overlease. |
| **LEASE COMMENCEMENT DATE:** | Upon execution and delivery of Sublease Documents. Sublease execution shall be contingent upon Overlandlord's consent. |
| **SUBLEASE TERM:** | Through August 30, 2024 |
| **BASE RENT:** | From Rent Commencement: |

July 20, 2021

Page 2 of 3

                      Years 1-Sublease Term Expiration:    $45.00 per RSF

| | |
|---|---|
| **RENT COMMENCEMENT DATE:** | Three (3) months following Sublease Commencement Date. |
| **ELECTRICITY:** | Per Overlease. Sub-metered at 103% of Landlord's actual cost of electric. |
| **ESCALATIONS:** | <u>Operating Expense:</u>  Per Overlease. Subenant shall pay an annual 2.75% increase in the Base Rent.<br><br><u>Real Estate Taxes</u>: Subenant to pay its proportionate share of increases in Real Estate Taxes above a 2021/2022 Base Year. |
| **WATER/SEWER, SPRINKLER:** | Per Overlease. $125.00 per month each, total $250.00 per month. |
| **SECURITY/GUARD CHARGE:** | Per Overlease. $300.00 per month. |
| **DELIVERY CONDITION:** | Sublandlord shall deliver the Premises in broom clean, as-is condition. |
| **FF&E:** | Sublandlord shall deliver the Premises with all Sublandlord's FF&E presently located in or serving the Premises in place. A detailed inventory and description of Sublandlord's FF&E will be prepared by the parties and attached as an exhibit to the sublease. Subtenant shall have a one-time right prior to the Sublease Commencement Date to designate items to be removed by Sublandlord. The ownership of the remaining FF&E shall be transferred to Subtenant for $1.00 pursuant to a bill of sale upon the Sublease Commencement Date. |
| **HVAC:** | Per Overlease.<br><br>There is an existing Fujitsu Airstage VII series dual system for heating and cooling servicing the Premises. Subtenant shall be responsible to maintain a maintenance contract for the Fujitsu Airstage VII series duel system. |
| **SUBLEASE/ASSIGNMENT:** | Per Overlease. |
| **CLEANING:** | Per Overlease. Not included in Base Rent. |
| **SIGNAGE:**<br>**RESTORATION:** | Per Overlease.<br>Subtenant shall remove only those Alterations that are made by Subtenant after the Sublease Commencement Date and which are required to be restored pursuant to the Overlease. |

July 20, 2021

Page **3** of **3**

| | |
|---|---|
| **VOICE/DATA:** | Fios, Time Warner Cable, and Comcast currently service the building. |
| **SECURITY DEPOSIT:** | Sublandlord shall hold a Security Deposit equal to six (6) months of rent payment, which shall burn down to 3 months' rent over the course of the Sublease Term. The Security Deposit shall burn down by 1 month after 1 year of rent payment and an additional 2 months after 2 years of rent payment. Further details to be detailed in the Sublease. |
| **BUILDING ACCESS:** | Seven (7) days a week, 24 hours a day. |
| **BROKERAGE:** | If a Sublease is executed and Overlandlord consent is granted, as Subtenant's broker, Cushman & Wakefield will be paid one full brokerage commission, subject to the negotiation and execution of a separate brokerage agreement between Sublandlord and Cushman & Wakefield. |
| **CONFIDENTIALITY:** | This proposal and all discussions related thereto shall be held in confidence by Sublandlord and Subtenant and will not be discussed with third parties except on an "as needed" basis (e.g., attorneys). |

This term sheet is non-binding and notwithstanding any past, present or future written or oral agreement to some or all of the matters then under negotiation, it is agreed that no party to the proposed sublease will be under any obligation unless and until a sublease agreement has been executed, and delivered, by all parties intended to be bound, Sublandlord has received any requisite approvals from the bankruptcy court in its pending Chapter 11 proceedings, and Sublandlord has received requisite approval of the board of directors of its general partner. Each party agrees that it is proceeding with the proposed sublease at its sole cost and expense and that either party may terminate negotiations at any time and for any or no reason without liability or obligation whatsoever.

**AGREED TO:**
**AVRIO HEALTH L.P.**

Accepted by: _J. A. Lowne_ (signature)

Print Name: Jon Lowne

**AGREED TO:**
**MOSAIC INSURANCE USA LLC.**

Accepted by: _____

Print Name: AIZAZ HAQUE