IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>PURDUE PHARMA L.P., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 19-23649 (RDD)<br><br>(Jointly Administered) |

### OBJECTION OF TEVA PHARMACEUTICALS USA, INC. AND CERTAIN OF ITS AFFILIATES TO THE ASSUMPTION NOTICE

Teva Pharmaceuticals USA, Inc. and certain of its affiliates (collectively, "Teva")[2] hereby submit this objection (this "Objection")[3] to the Assumption Notice. In support of this Objection,[4]

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's registration number are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnic Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] "Teva" means Actavis Elizabeth LLC; Actavis Kadian LLC; Actavis Laboratories FL, Inc.; Actavis Laboratories UT, Inc.; Actavis LLC; Actavis Mid Atlantic LLC; Actavis Pharma, Inc. f/k/a Watson Pharma, Inc.; Actavis South Atlantic LLC; Actavis Totowa LLC; Anda Marketing, Inc.; Anda Pharmaceuticals, Inc.; Anda, Inc.; Anesta LLC; Barr Laboratories Inc.; Cephalon, Inc.; Cupric Holding Co., Inc.; Teva Biopharmaceuticals USA, Inc.; Teva Branded Pharmaceutical Products R&D, Inc.; Teva Canada Limited, for itself and as successor to Actavis Pharma Inc., Actavis Pharma Company, and Cobalt Pharmaceuticals Inc.; Teva Pharmaceutical Holdings Cooperative U.A.; Teva Pharmaceuticals Europe B.V.; Teva Pharmaceuticals USA, Inc.; Teva Puerto Rico LLC; Teva Sales and Marketing, Inc.; and Watson Laboratories, Inc.

[3] Capitalized terms used but not defined in this Objection shall have the meaning ascribed to them in the *Sixth Amended Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and its Affiliated Debtors*, D.I. 3185 (July 15, 2021) (the "Plan"), and where appropriate, the *Notice of (A) Executory Contracts and Unexpired Leases to be Assumed by the Debtors Pursuant to the Plan, (B) Cure Amounts, if any, and (C) Related Procedures in Connection Therewith*, D.I. 3286 (July 19, 2021) (the "Assumption Notice").

[4] Teva does not consent to the jurisdiction of this Bankruptcy Court or the entry of a final order or judgment by this Bankruptcy Court on any matter, including, but not limited to, any non-consensual third-party release, other than this Objection, and reserves all rights to challenge the subject matter, core, non-core, or other jurisdiction, and/or constitutional authority, of this Bankruptcy Court to enter final judgment on any matter, including, but not limited to, any non-consensual third-party release, other than this Objection.

Teva incorporates by reference the Joint Objection,[5] and respectfully states as follows:

## OBJECTION

1. Certain Teva entities are parties to executory contracts (the "Teva Contracts") with certain Debtors, pursuant to which Teva has indemnity and/or reimbursement rights for, among other things, any and all expenses, attorneys' fees, demands, liabilities, damages or money judgments based on the making, use, offer for sale, marketing, shipping, importing or distribution of opioid products (collectively, the "Indemnification Rights"). Attached hereto as **Exhibit A** is a schedule of the Teva Contracts.

2. As explained in the Joint Objection,[6] Section 8.4(a) of the Plan seeks to impose unilateral modifications to certain executory contracts that contain provisions giving rise to indemnity or reimbursement obligations on behalf of any Debtor or insurance policy of any Debtor for, among other things, costs, losses, damages, fees, expenses or any other amounts whatsoever relating to or arising from any actual or potential opioid-related litigation.[7] Section 8.4(a) of the Plan operates to render such provisions null and void, amend the executory contracts to exclude such provisions, and to unilaterally compel the release of claims against the Debtors arising under such provisions.[8]

---

[5] *Joint Objection of Certain Distributors, Manufacturers, and Pharmacies to the Sixth Amended Joint Chapter 11 Plan of Purdue Pharma L.P. and Its Affiliated Debtors*, D.I. 3306 (July 22, 2021) (the "Joint Objection").

[6] Joint Objection, ¶¶ 66-70.

[7] *See infra* note 8.

[8] Section 8.4(a) of the Plan classifies itself as both an "amendment to each assumed or assumed and assigned contract . . . as necessary to render null and void any and all terms or provisions thereof solely to the extent such terms or provisions create an obligation of any Debtor (or any assignee thereof), or give rise to a right in favor of any non-Debtor under any MDT Insurance Policy, for the indemnification of any Person for costs, losses, damages, fees, expenses or any other amounts whatsoever relating to or arising from any actual or potential opioid-related litigation or dispute, whether accrued or unaccrued, asserted or unasserted, existing or hereinafter arising, based on or relating to, or in any manner arising from, in whole or in part, Opioid-Related Activities or other conduct occurring prior to the Effective Date" and "an agreement by each counterparty to release the Debtors (and any assignee thereof or successor thereto) and all Insurance Companies from any and all obligations, liabilities, Claims, Causes of Action and other rights of recovery arising under or relating to such indemnification and reimbursement rights to the extent relating to any conduct occurring prior to the Effective Date . . . ." Plan, art. VIII.4(a) at 112. Furthermore, Section

2

3.      In order to avoid the treatment in Section 8.4(a) of the Plan, Section 8.4(b) of the Plan requires an objection to be filed to the proposed assumption or assumption and assignment of executory contracts pursuant to the Assumption Notice.[9] To the extent an objection is timely filed and properly served, Section 8.4(c) of the Plan mandates that such contract will be deemed to be rejected, unless the Debtor and the contract counterparty can consensually resolve the objection.[10]

4.      On July 19, 2021, the Debtors filed the Assumption Notice. The Assumption Notice provides, subject to certain exceptions not relevant here, that

> as of and subject to the occurrence of the Effective Date, all executory contracts and unexpired leases to which any Debtor is a party, as amended pursuant to Section 8.4 of the Plan will be deemed assumed by the applicable Debtor and, except with respect to any contract or lease held by a Transferred Debtor, assigned to NewCo or its designee. . . .[11]

5.      Teva objects to the assumption or assumption and assignment of the Teva Contracts pursuant to Article 8 of the Plan. In accordance with Section 8.4(c) of the Plan, if Teva and the Debtors are unable to consensually resolve this Objection prior to the Confirmation Hearing, Teva requests that the Court deem the Teva Contracts rejected as of the Effective Date.

## RESERVATION OF RIGHTS

---

8.4(a) adds: "On the Effective Date, (x) all Co-Defendant Claims arising under or related to any such assumed or assumed and assigned contract or lease shall be released and discharged with no consideration on account thereof, and all Proofs of Claim in respect thereof shall be deemed Disallowed and expunged, without further notice, or action, order or approval of the . . . Court or any other Person." *Id.*

[9] Plan, art. VIII.4(b) at 112 ("To the extent an objection to the amendments and releases described in Section 8.4(a) is not timely filed and properly served on the Debtors with respect to a contract or lease in accordance with the procedures set forth in the Assumption Notice . . . the counterparty to such contract or lease and all other applicable Persons shall be bound by and deemed to have assented to the terms set forth in Section 8.4(a), including the amendment of such contract or lease as described in Section 8.4(a)(i) and the assumption or assumption and assignment of such contract or lease, as so amended . . . .").

[10] Plan, art. VIII.4(c) at 113 ("To the extent an objection to the amendment and release described in Section 8.4(a) is timely filed and properly served on the Debtors by any counterparty with respect to such counterparty's contract or lease, and such objection has not been consensually resolved between such counterparty and the Debtors . . . prior to the Confirmation Hearing, (i) such contract or lease shall be deemed to be rejected . . . .").

[11] Assumption Notice at 2.

3

6. Teva expressly reserves the right to amend, supplement, and/or modify this Objection and to file additional pleadings as may be appropriate.

## CONCLUSION

For all of the foregoing reasons, Teva respectfully requests that the Court (i) deny the assumption or assumption and assignment of the Teva Contracts; (ii) deem the Teva Contracts rejected as of the Effective Date; and (iii) grant such other relief as may be appropriate.

Dated: August 2, 2021

Respectfully submitted,

*/s/ Michael H. Goldstein*
**GOODWIN PROCTER LLP**
Michael H. Goldstein
William P. Weintraub
Howard S. Steel
Barry Z. Bazian
Stacy Dasaro
Artem Skorostensky
The New York Times Building
620 Eighth Avenue
New York, New York 10018
Telephone: (212) 813-8840
Fax: (212) 409-8404
mgoldstein@goodwinlaw.com
wweintraub@goodwinlaw.com
hsteel@goodwinlaw.com
bbazian@goodwinlaw.com
sdasaro@goodwinlaw.com
askorostensky@goodwinlaw.com

*Counsel for Teva Pharmaceuticals USA, Inc. and Related Entities*

# **Exhibit A**

(Schedule of Teva Contracts)

## Schedule of Teva Contracts[1]

| Teva Entity(ies) | Debtor Entity(ies) | Contract Title | Contract Date |
|---|---|---|---|
| Anda, Inc. | Purdue Pharma L.P. | Authorized Distributor Agreement | 7/1/2012 |
| Anda, Inc. | Purdue Pharma L.P. | First Amendment to Authorized Distributor Agreement | 4/15/2016 |
| Anda, Inc. | Purdue Pharma L.P. | Second Amendment to Authorized Distributor Agreement | 6/30/2017 |
| Anda, Inc. | Purdue Pharma L.P. | Distribution Performance Agreement | 7/1/2012 |
| Anda, Inc. | Purdue Pharma L.P. | First Amendment to Distributor Performance Agreement | 6/30/2015 |
| Anda, Inc. | Purdue Pharma L.P. | Second Amendment to Distributor Performance Agreement | 6/30/2018 |
| Teva Pharmaceuticals USA, Inc. | Purdue Pharma L.P. | Distribution and Supply Agreement | 12/18/2014 |
| Teva Pharmaceuticals USA, Inc. | Purdue Pharma L.P. | First Amendment to the Distribution and Supply Agreement | 8/2/2016 |

---

[1] Teva reserves the right to alter, amend, modify or supplement the Schedule of Teva Contracts. References to the contracts and licenses are to such contracts and licenses as amended, modified or supplemented from time to time and include all such amendments, modifications, supplements, exhibits and any other operative documents relating to such contract or license.

| Teva Entity(ies) | Debtor Entity(ies) | Contract Title | Contract Date |
|---|---|---|---|
| Teva Pharmaceuticals USA, Inc. | Purdue Pharma L.P. The P.F. Laboratories, Inc. Purdue Pharmaceuticals L.P. Rhodes Technologies | Patent License Agreement | 12/18/2014 |
| Teva Pharmaceuticals USA, Inc. Actavis Laboratories FL, Inc. | Purdue Pharma L.P. The P.F. Laboratories, Inc. Purdue Pharmaceuticals L.P. Actavis Laboratories FL, Inc. | Patent License Agreement | 12/18/2017 |

**CERTIFICATE OF SERVICE**

I, Artem Skorostensky, hereby certify that on August 2, 2021, a true and correct copy of the foregoing document will be forwarded (i) by electronic transmission to all parties registered to receive electronic notice in these cases, as identified on the Notice of Electronic Filing (NEF), via this Court's CM/ECF system and (ii) in accordance with the *Second Amended Order Establishing Certain Notice, Case Management, and Administrative Procedures*, D.I. 498 (November 18, 2019) to:

Marshall S. Huebner,
Benjamin S. Kaminetzky
Eli J. Vonnegut a
Christopher S. Robertson
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, New York 10017
*Attorneys for Debtors*

Arik Preis
Mitchell P. Hurley
Sara L. Brauner
Edan Lisovicz
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY 10036
*Attorneys for Counsel to the Official Committee of Unsecured Creditors of Purdue Pharma L.P.,* et al.

Justin R. Alberto
Cole Schotz P.C.,
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
*Attorneys for Counsel to the Official Committee of Unsecured Creditors of Purdue Pharma L.P.,* et al.

Paul K. Schwartzberg
U.S. Department of Justice
Office of the U.S. Trustee
U.S. Federal Office Building
201 Varick Street, Room 1006
New York, NY 10014

                                                              */s/ Artem Skorostensky*
                                                              Artem Skorostensky