# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re:<br><br>**PURDUE PHARMA L.P.,** *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 19-23649 (RDD)<br><br>(Jointly Administered) |

## OBJECTION OF WALGREENS TO THE DEBTORS'
## PROPOSED ASSUMPTION OF EXECUTORY CONTRACT

Walgreen Co., Walgreen Eastern Co., Inc., and Walgreens Arizona Drug Co., Inc. (collectively, "Walgreens") hereby object to the proposed assumption, by Purdue Pharma, L.P. (the "Debtor" and, together with its affiliated debtors, the "Debtors") of the Walgreens Agreement (defined below) under sections 8.1 and 8.4 of the Debtors' proposed plan of reorganization (as amended, the "Plan")[2] and, in support of this objection, respectfully state as follows:

## INTRODUCTION

1.      Walgreens recognizes that the Plan serves the important goal of addressing the opioid public health crisis and would provide billions of dollars for that purpose.  However, the Debtors' efforts do not, in any way, require vitiation of Walgreens' contractual rights and surrender of the protections afforded Walgreens under the section 365 of the U. S. Bankruptcy Code (11 U.S.C. §§ 101 *et seq.*, hereinafter, the "Bankruptcy Code").  Section 8.4 of the Plan addresses the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's registration number are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnic Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Plan.

assumption of any executory contract, such as the Walgreens Agreement, that requires the Debtors to indemnify the counterparty from losses relating to the Debtors' opioid products. *See* Plan, § 8.4 Section 8.4 provides that with respect those contracts: (i) no indemnity payment is required as "cure" under 11 U.S.C. § 365(b)(1); (ii) any indemnification provision will be excised from the contract being assumed (without allowing any claim for rejection damages or other compensation); (iii) the counterparty's rights to payment from the Debtors' Insurance Policies will be removed; and (iv) the counterparty will be deemed to provide broad releases to the Debtors and their Insurance Companies. *See* Plan, §8.4 (a)-(c).  These provisions run afoul of section 365 of the Bankruptcy Code ("Section 365") and settled caselaw.  Consequently, Walgreens objects to the assumption of the Walgreens Agreement under the Plan.

## ARGUMENT

2.    Unlike most general unsecured creditors, counterparties to executory contracts and unexpired leases are often compelled to continue their business relationship with a chapter 11 debtor or its assignee during and following the conclusion of a bankruptcy case.  For that reason, Bankruptcy Code section 365 ("Section 365") provides these counterparties with specific protections. Primary among these protections is the right, upon assumption, to have most defaults (with exceptions not applicable here) cured by the party assuming the contract.  *See* 11 U.S.C. § 365(b)(1); *see also Regen Capital I, Inc. v. Halperin (In re U.S. Wireless Data, Inc.)*, 547 F.3d 484, 489 (2d Cir. 2008) ("[A] debtor cannot assume such a contract unless the debtor satisfies several statutory conditions . . .  designed to make the non-debtor contracting party whole.").

3.    Walgreen Co. and Purdue Pharma, L.P. are parties to the Master Services Agreement, effective as of July 15, 2017 (the "MSA" and, together with any other executory

contracts between the Debtors and Walgreens, the "Walgreens Agreement").[3]   Under the Walgreens

Agreement, Walgreens has ongoing contractual rights of indemnification as specifically asserted in

Walgreens' proofs of claim. *See* Claim Nos. 146645, 146665 and 146691.   The Debtors have

designated the Walgreens Agreement for assumption, but subject to the alterations set forth in

section 8.4 of the Plan.[4]

4.    As set forth in greater detail in section II.C of the Joint Objection of Certain

Distributors, Manufacturers and Pharmacies to the Sixth Amended Joint Chapter 11 Plan of Purdue

Pharma L.P., and its Affiliated Debtors [Docket No. 3306] (the "DMP Plan Objection"), which is

incorporated, restated and adopted as if fully set forth herein, the alterations imposed by section 8.4

of the Plan violate the requirements of Section 365.  By its terms, Section 365 provides only for the

assumption or rejection of an entire executory contract or lease (*see* 11 U.S.C. § 365(a)), and courts

have recognized that a debtor may not assume only the favorable parts of a contract and reject those

parts that it deems unfavorable.  *See In re MF Global Holdings Ltd.*, 466 B.R. 239, 241 (Bankr.

S.D.N.Y. 2012) (finding that "[a]n executory contract may not be assumed in part and rejected in

part.").  Although Section 365 renders a limited number of contractual provisions unenforceable in

bankruptcy (*see, e.g.,* 11 U.S.C. § 365(e)(1)); it does not empower a debtor, or even a bankruptcy

court to change, unilaterally, the terms of a valid prepetition contract.  *See City of Covington v.*

*Covington Land Ltd. P'ship*, 71 F.3d 1221, 1226 (6th Cir. 1995) ("When the debtor assumes the

---

[3] Because the Plan deviates so significantly from the constraints of Section 365 and equates failure to object with respect to any specific contract (without ever identifying such contracts) with consent to the proposed treatment, Walgreens, out of an abundance of caution, extends this objection to any other executory contract between Walgreens and any of its affiliates and any of the Debtors not specifically identified here.

[4] The Debtors' list of assumed contracts (the "Assumption Notice") does not actually reference the Walgreens Agreement.  Instead, it explains that if a contract is not specifically included on the lists of assumed contracts or rejected contracts, the Debtors intend to assume that contract with a proposed cure amount of $0.00. Read together with section 8.1 of the Plan, Walgreens presumes that the Debtors intend to assume the Walgreens Agreement. Walgreens reserves all rights concerning service of the Debtors' Assumption Notice and the inclusion of the Walgreens Agreement with respect thereto.

lease or the contract under § 365, it must assume both the benefits and the burdens of the contract .
. . [n]either the debtor nor the bankruptcy court may excise material obligations owing to the non-
debtor contracting party."), *cited in, e.g.*, *Empire State Bldg. Co., L.L.C. v. New York Skyline, Inc.
(In re New York Skyline, Inc.)*, 432 B.R. 66, 77 (Bankr. S.D.N.Y. 2010); *Sterling Optical Corp.*,
Case No. 91-15944, 2007 WL 1989233, at *11 n. 13 (Bankr. S.D.N.Y. July 11, 2007) (finding that
"[a] debtor may not reject (*i.e.,* breach) one obligation under a contract and still enjoy the benefits
of that same contract.") (citations and quotations omitted); *see also NLRB v. Bildisco*, 465 U.S. 513,
531-32 (1984) ("Should the debtor-in-possession elect to assume the executory contract, however,
it assumes the contract *cum onere*.").  Put another way, "a debtor must assume or reject an entire
contract, and cannot cherry-pick the provisions it does not like." *In re Hawker Beechcraft, Inc.*, 486
B.R. 265, 278 (Bankr. S.D.N.Y. 2013).

5.      The Walgreens Agreement is a valid prepetition executory contract.  Consequently,
Section 365 provides the Debtors with only two choices—either they can assume the Walgreens
Agreement and cure all defaults, or they can reject it and lose the benefits of that contract.  *See*
11 U.S.C. § 365(a), (g).    In their Plan, the Debtors would impermissibly impose a different
approach—assuming the Walgreens Agreement, disregarding all defaults under that contract, and
rewriting it to impose the unilateral elimination of certain of Walgreens' valuable contract rights.
This treatment of Walgreens and the Walgreens Agreement violates both the letter and spirit of
Section 365, as expressed in the settled precedent cited above.

6.      Not satisfied to simply cherry pick the contract provisions they would assume, the
Debtors go one step further— providing in section 8.4 of the Plan that assumption of an executory
contract also constitutes:

> …an agreement by each counterparty to release the Debtors (and any assignee thereof or
> successor thereto) and all Insurance Companies from any and all obligations, liabilities,
> Claims, Causes of Action and other rights of recovery arising under or relating to such

4

indemnification and reimbursement rights to the extent relating to any conduct occurring prior to the Effective Date, and an agreement by such party to release any and all Co-Defendant Claims held by such party and to channel, in accordance with the Channeling Injunction, all Channeled Claims arising under or relating to such contract, including any such Claims that might otherwise be elevated to administrative status through assumption of such contract or lease.

Plan, §8.4(a)(ii).  This provision impermissibly severs the Insurance Companies' independent obligations to Walgreens, and further deprives Walgreens of the benefit of its bargain with respect to the Walgreens Agreement.

7.      Undoubtedly cognizant of the fact that the Debtors' treatment of their executory contracts with "Co-Defendants" under section 8.4 of the Plan violates the requirements of Section 365, the Plan provides that in the event of an objection, the executory contract(s) in question will be deemed rejected. Specifically, section 8.4(c) states:

To the extent an objection to the amendment and release described in Section 8.4(a) is timely filed and properly served on the Debtors by any counterparty with respect to such counterparty's contract or lease, and such objection has not been consensually resolved between such counterparty and the Debtors (with the consent (not to be unreasonably withheld, conditioned or delayed) of the Governmental Consent Parties, and after consultation with the Creditors' Committee) prior to the Confirmation Hearing, (i) such contract or lease shall be deemed to be rejected, (ii) any Claims against the Debtors resulting from such rejection shall be classified and treated in accordance with Section 8.5 of the Plan and (iii) all Estate Causes of Action against such counterparty shall be preserved and not released and shall constitute Retained Causes of Action.

Plan § 8.4(c). To the extent that the Debtors wish to resolve this objection, the Debtors must comply with Section 365 by leaving the Walgreens Agreement fully intact, curing all defaults, and providing adequate assurance that all obligations will be performed going forward.  If the Debtors will not do so, assumption is impermissible.  Consequently, Walgreens understands that the Walgreens Agreement will be rejected pursuant to the Plan.  However, the Plan does not specify when such rejection will occur or become effective.  Walgreens requests that this Court order that

the rejection of the Walgreens Agreement occur on the Effective Date of the Plan in the absence of

an agreement between Walgreens and the Debtors.

## **CONCLUSION**

WHEREFORE, Walgreens requests this Court (i) deny the Debtors' proposed assumption

of the Walgreens Agreement under the terms set forth in the Plan; and (ii) grant such other further

relief as this Court deems just and proper.

Dated: August 2, 2021                      Respectfully submitted,

                              **FRANKGECKER LLP**

                               */s/ Joseph D. Frank*
                              Joseph D. Frank (admitted *pro hac vice*)
                              Jeremy C. Kleinman (admitted *pro hac vice*)
                              1327 W. Washington Blvd., Suite 5 G-H
                              Chicago, Illinois 60607
                              Tel: (312) 276-1400
                              Fax: (312) 276-0035
                              Email: jfrank@fgllp.com
                                     jkleinman@fgllp.com

                              *Counsel for Walgreen Co., Walgreen Eastern
                              Co., Inc. and Walgreen Arizona Drug Co.*