Jeremy W. Ryan, Esq.
R. Stephen McNeill, Esq.
Aaron H. Stulman, Esq.
D. Ryan Slaugh, Esq.
1313 N. Market Street, Sixth Floor
Wilmington, DE 19801
Telephone: (302) 984-6000
Facsimile: (302) 658-1192
Email: jryan@potteranderson.com
        rmcneill@potteranderson.com
        astulman@potteranderson.com
        rslaugh@potteranderson.com

*Counsel to Walmart, Inc.*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | Chapter 11 |
| **PURDUE PHARMA L.P.,** *et al.*,[1] | Case No. 19-23649 (RDD) |
| **Debtors.** | (Jointly Administered) |
| | Re: Docket No. 3286 |

**OBJECTION OF WALMART INC. TO DEBTORS' NOTICE OF (A) EXECUTORY CONTRACTS AND UNEXPIRED LEASES TO BE ASSUMED BY THE DEBTORS PURSUANT TO THE PLAN, (B) CURE AMOUNTS, IF ANY, AND (C) RELATED PROCEDURES IN CONNECTION THEREWITH**

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's registration number are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnic Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

Walmart Inc. ("Walmart"), by and through its undersigned counsel, hereby submits this objection (the "Objection") to the *Notice of (A) Executory Contracts and Unexpired Leases to be Assumed by the Debtors Pursuant to the Plan, (B) Cure Amounts, if Any, and (C) Related Procedures in Connection Therewith* [Docket No. 3286] (the "Assumption Notice")[2] filed by the above-captioned debtors and debtors in possession (the "Debtors"). In support thereof, Walmart respectfully states as follows:

## OBJECTION

1. Walmart is committed to addressing the opioid crisis by developing high impact solutions that fight abuse and treat addiction. Walmart supports that being the fundamental premise of the Debtors' Plan. In support of the allocation of the Debtors' assets towards fighting abuse and treating addiction, Walmart does not seek any affirmative recovery on account of its claims in these cases. However, Walmart must object to the manner in which the Debtors seek to rewrite the contractual agreement between Walmart and debtor Rhodes Pharmaceuticals LP in violation of the Bankruptcy Code and clear decisional law.

2. Walmart and Rhodes Pharmaceuticals LP are parties to that certain Supplier Agreement, by and between Walmart and Rhodes Pharmaceuticals LP, dated September 15, 2017 (the "Supplier Agreement").[3] By their Assumption Notice, the Debtor has identified certain executory contracts and unexpired leases, possibly including the Supplier Agreement, for

---

[2]     All capitalized terms not otherwise defined shall have the meanings ascribed in them in the Assumption Notice or the *Sixth Amended Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and Its Affiliated Debtors* (as modified, amended, or supplemented from time to time, the "Plan"); as applicable.

[3]     The Supplier Agreement is the only current executory contract of which Walmart is aware that it has with any Debtor. However, to the extent the Debtors are seeking to assume and assign any other executory contracts to which Walmart is a counterparty, this Objection shall also apply to the proposed assumption and assignment of such executory contracts.

2

assumption pursuant to the terms of the Plan and proposes no cure obligations.[4]  Walmart objects to the Debtors' proposed treatment of the Supplier Agreement.

3.        Section 8.1 of the Debtors' Plan provides that, as of and subject to the occurrence of the Effective Date, all of the Debtors' executory contracts, other than those dealt with by a separate assumption or rejection motion or scheduled as Rejected Contracts, will be deemed assumed and, except with respect to any contract or lease held by a Transferred Debtor, assigned to NewCo or its designee.  Pursuant to the Disclosure Statement Order, the Debtors were required to serve the Assumption Notice on counterparties to the executory contracts subject thereto.

4.        As set forth in greater detail in section II.C. of the *Joint Objection of Certain Distributors, Manufacturers, and Pharmacies to the Sixth Amended Joint Chapter 11 Plan of Purdue Pharma L.P. and its Affiliated Debtors* (the "DMP Plan Objection") [Docket No. 3306], which is incorporated, restated and adopted as if set forth fully herein, Section 8.4 of the Plan, seeks to improperly modify all assumed executory contracts to render "null and void" any rights of contract counterparties to indemnity or reimbursement that impacts any Debtor or insurance policy of any Debtor without the consent of the counterparty.

---

[4]        The Assumption Notice states that it is being served on those parties who are counterparties to executory contracts or unexpired leases that will be assumed and assigned in connection with the Plan.  The Assumption Notice further states that for those receiving the notice whose contracts are not listed on Exhibit A, attached thereto, the Cure Amount for such contract is zero dollars ($0).  Walmart is not listed on Exhibit A to the Assumption Notice.  Walmart is also not identified on the "Assumed Contract Counterparties Service List" attached to the Affidavit of Service related to the same. *See* Docket No. 3330.  Walmart is likewise not identified on the Rejected Contract Counterparties Service List.  *See id.*  Counsel to Walmart was served with both the Assumption Notice and the *Notice Regarding Executory Contract and Unexpired Leases to be Rejected Pursuant to the Plan* (the "Rejection Notice") pursuant to Walmart's request for notices pursuant to Rule 2002, and is identified on the Master Service List.  *See* Docket No. 3290.  However, because Walmart is not identified in the Assumption Notice or the Rejection Notice, and Walmart is not identified on the Assumed Contract Counterparties Service List, Walmart is unable to determine if the Debtors have identified the Supplier Agreement for assumption.  Notwithstanding, Walmart files this Objection out of an abundance of caution and upon the understanding that it is the Debtors' intention to assume and assign the Supplier Agreement.  Walmart reserves all rights concerning service of the Assumption Notice and inclusion of the Supplier Agreement with respect thereto.

5.    The Supplier Agreement requires the Debtors to defend and indemnify Walmart with respect to the Debtors' products.  Further, the Debtors are required to provide Walmart primary insurance with respect to the Debtors' products.  Thus, under the Plan, the Debtors propose to amend the Supplier Agreement to eliminate both of those contractual requirements.

6.    Section 365(a) of the Bankruptcy Code authorizes the Debtors to assume contracts, subject to court approval.  However, the Debtors' attempt to unilaterally amend the Supplier Agreement, cherry-picking those provisions they want to keep and stripping out those they want to eliminate, violates Section 365 of the Bankruptcy Code and decisional law.  If the Debtors wish to assume the Supplier Agreement, they must do so *cum onere* and without modification of any of its terms or the rights of Walmart thereunder.  *See, e.g., NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 531 (1984) ("Should the debtor-in-possession elect to assume the executory contract, however, it assumes the contract *cum onere* . . . ."); *In re MF Global Holdings Ltd.*, 466 B.R. 239, 241 (Bankr. S.D.N.Y. 2012) ("The trustee must either assume the entire contract, *cum onere*, or reject the entire contract, shedding obligations as well as benefits.").  One of the purposes of Section 365 is to permit the debtors to continue in a beneficial contract; provided, however, that the other party to the contract is made whole at the time of the debtor's assumption of the contract." *In re Entm't, Inc.*, 223 B.R. 141, 151 (Bankr. N.D. Ill. 1998).  Permitting assumption of the Supplier Agreement, while leaving behind the indemnity, reimbursement or additional insured obligations would violate this well-settled rule.

7.    Additionally, it is undisputed that, absent consent of the parties, before an executory contract can be assumed and assigned, all non-monetary defaults must be cured, or adequate assurance must be provided that they will be cured.  11 U.S.C. § 365(b) (in order to assume any executory contract, the Debtors must "cure[], or provide adequate assurance that the

4

[Debtors] will promptly cure" any default.); *see also Stoltz v. Brattleboro Hous. Auth. (In re Stoltz)*, 315 F.3d 80, 86 (2d Cir. 2002) (a debtor must "cure prepetition defaults as a *precondition* of assuming an executory contract") (emphasis added); *Regen Capital I, Inc. v. Halperin (In re U.S. Wireless Data, Inc.)*, 547 F.3d 484, 489 (2d Cir. 2008) ("[A] debtor cannot assume such a contract unless the debtor satisfies several statutory conditions designed to make the non-debtor contracting party whole.").

8.      As noted above, the Debtors propose to eliminate their past and future indemnification, reimbursement and insurance obligations they owe to Walmart in connection with the Supplier Agreements.  Section 365 of the Bankruptcy Code requires the Debtors to cure all non-monetary performance defaults prior to assumption and assignment of the Supplier Agreement.  That requirement exists to prevent the contract counterparty from continuing to perform under an assumed contract that had previously been breached by the debtor.  *See, e.g., In re Shangra-La, Inc.*, 167 F.3d 843, 848 (4th Cir. 1999) (explaining, in the context of the breach of a commercial lease, that the cure requirements of section 365(b)(1)(B) "exist[] in order to strike a balance between landlord and tenant.  The tenant who has defaulted under the terms of the lease can continue to possess property under favorable terms negotiated in better financial times, but in order to do so, the tenant must make the landlord whole for his losses and give him the benefit of his bargain.").  Thus, the Debtors cannot assume the Supplier Agreement without providing for the cure of such obligations absent Walmart's consent, and the Debtors have not satisfied the conditions to assumption of the Supplier Agreement under Section 365(b) of the Bankruptcy Code.

9.      Walmart notes that section 8.4(c) of the Plan provides that if an objection, such as this Objection, is timely filed, then the contracts of the objecting counterparty will be deemed to

be rejected.    Thus, Walmart's Supplier Agreement will be rejected pursuant to the Plan. However, the Plan provides no clarity as to when such rejection will occur or become effective, only that at some point in time the contract will be rejected.  Walmart requests that this Court provide clarity and order that the rejection of the Supplier Agreement occur on the Effective Date of the Plan unless Walmart and the Debtors agree to an earlier date.

WHEREFORE, Walmart respectfully requests that the Court sustain this Objection and grant such other and further relief as the Court deems just and proper.

Dated:  August 2, 2021               **POTTER ANDERSON & CORROON LLP**

*/s/ Jeremy W. Ryan*
Jeremy W. Ryan, Esq. (Delaware Bar No. 4057)
R. Stephen McNeill, Esq. (Delaware Bar No. 5210)
Aaron H. Stulman, Esq. (Delaware Bar No. 5807)
D. Ryan Slaugh, Esq. (Delaware Bar No. 6325)
1313 N. Market Street, Sixth Floor
Wilmington, DE  19801
Telephone:  (302) 984-6000
Facsimile:  (302) 658-1192
Email:  jryan@potteranderson.com
         rmcneill@potteranderson.com
         astulman@potteranderson.com
         rslaugh@potteranderson.com

*Counsel to Walmart Inc.*