July 29, 2021

Honorable Robert D. Drain,
United States Bankruptcy Court Southern District of New York
300 Quarropas Street
White Plains, New York 10601-4140

Re: *In re Purdue Pharma L.P., et al*, / Bankruptcy Case No.19-23649 (RDD), Proposed Bankruptcy Plan Concerns for Individuals.

Dear Honorable Judge Drain:

I am respectfully writing to the Court to discuss the fairness of the Debtor(s) proposed Bankruptcy Plan that discusses compensation to individuals and their respective deceased, addicted, or drug dependent family members whom were injured by the Debtors opioids products and or street opioid use caused by Debtors products.

I was able, with enormous effort, cost and time, file three (3) well documented and evidenced based personal claims on behalf of two (2) deceased family members and myself, who is dependent (and possible addicted) as a result of using Debtors opioid products. I submitted these claims without using an expensive attorney. I appreciate the Court and the Creditor Committee creating a reasonable process including a "help desk" of professionals at Prime Clerk allowing injured individuals to file claims directly without the use of attorneys.

It is apparent from listening to the past several months of hearings, the voting package information, reading various documents on Prime Clerk's website and other public information, that most of the financial benefits from the Plan, (if confirmed by the Court) will be paid to attorneys, large corporation Creditors, various States, Counties, other government agencies Creditors and possible Debtor's employees, senior executives and future board members as retention compensation. The enormous group of individuals and their respective families harmed and or killed by the Debtors opioid products is the largest group burdened with the severe emotional, psychological, physical, painful after-math for the balance of their lives. This group should receive larger compensation than the above-mentioned Corporate and Governmental entities. Sadly, this process has been a huge financial grab for attorneys, rich corporations and governmental agencies with financial outsource or in-house resources to powerful attorneys, and less about real meaningful compensation to individuals and their families.

I was able to access some of the proposed plans listed on Prime Clerk's website
https://restructuring.primeclerk.com/purduepharma/Home-DocketInfo?DocAttribute=4383&DocAttrName=PROPOSEDTRUSTDOCUMENTS_Q&MenuID=9492

Or

https://restructuring.primeclerk.com/purduepharma

After hours of research and reading, I was disappointed by the proposed Plan, (if confirmed by the Court in mid-August), lack of clarity and confusion in addressing individual claims. Specifically,

pg 1 of 2

another proposed Trust is being created to address and analyze these personal injury claims and the ridiculously low monetary base amounts. I understand there will be tiered amounts based on a confusing undisclosed matrix on various levels of individual Creditor's injuries, and subjective review by the proposed newly established Trust Committee Members however; amounts or descriptions were not address. It was presented in a purposely vague manner.

Yet, again, individual injured Creditors will be required to prepare the same huge package of information and evidence previously submitted with the initial claim submitted prior to July 30, 2020. I personal went through a huge amount of administrative time and expense (paper, printer wear & tear, duplicating, technical difficulties, messengering), exhausting and emotional aspect of gathering, preparing, organizing, requesting medical files for me and deceased family members, (an extremely difficult process in California given HIPPA laws), preparing clear evidenced based files, (some evidence dating as far back as the 1990's), preparing claim applications, correspondences, and lastly overnighting approximately 5 pounds of paper for three claims. From my understanding, the Plan, once confirmed by the Court, will emotionally, physically, psychological, burden each individual Creditor by incurring, yet again, excessive time, energy and expense completing and submitting additional claim forms and evidence previous submitted.

Another item of concern was the process of voting for the plan. It was a "take-it or "leave-it" process with little thought to individual creditors fair and deserved compensation. Generally, it forced individuals who found the plan to be non-transparent or unfair to vote yes in order to continue to the next process. Those opting out would not have any bankruptcy protections and would have to pursue their own costly litigation and extensive time directly with the "New" post-bankruptcy Purdue Pharma corporate entity.

Another factor that must be address is that sums received by individuals will be highly Internal Revenue Service taxed as income both Federal and State (in those States that have income tax). Compensations to other entities will be hidden as obscure "line-items" and not "income" or in the case of compensation to tax exempt Federal and State Agencies, will have no tax burden. These non-tax entities did not sustain personal life and tragic death situations. I know Congress can only change IRS rules, however; this should be considered in individual settlements.

In advance, I appreciate you reading my Plan Concern Letter and taking in to account a path forward in advising the various "Committees" to establish clear and generous quantitative financial amounts in processing individual claims. Currently, the proposed plan does not properly and respectfully address individual's injuries. Please feel free to forward to the various bankruptcy committee or lawyers who can sincerely address this meaningful issue.

Sincerely,

*Barbara Farash*

Barbara Farash, on behalf of the Farash Family
(For privacy reasons, my address is located on the envelope if the Court issues a response).