Alissa M. Nann
**FOLEY & LARDNER LLP**
90 Park Avenue
New York, New York 10016-1314
Telephone: (212) 682-7474
Facsimile: (212) 687-2329
E-mail: anann@foley.com

Geoffrey S. Goodman
**FOLEY & LARDNER LLP**
321 N. Clark Street, Suite 3000
Chicago, IL 60654
Telephone: 312-832-4500
Facsimile: 312-832-4700
Email address: ggoodman@foley.com

*Counsel for CVS Caremark Part D Services, L.L.C., CaremarkPCS Health, L.L.C., CVS Pharmacy, Inc. and their affiliates identified on Exhibit 1*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| In re: | Chapter 11 |
|---|---|
| PURDUE PHARMA L.P., *et al.,* | |
| Debtors.[1] | Case No. 19-23649 (RDD) |
| | (Jointly Administered) |

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

**OBJECTION OF CVS CAREMARK PART D SERVICES, L.L.C., CAREMARKPCS HEALTH, L.L.C., CVS PHARMACY, INC. AND THEIR AFFILIATES TO NOTICE OF (A) EXECUTORY CONTRACTS AND UNEXPIRED LEASES TO BE ASSUMED BY THE DEBTORS PURSUANT TO THE PLAN, (B) CURE AMOUNTS, IF ANY, AND (C) RELATED PROCEDURES IN CONNECTION THEREWITH**

CVS Caremark Part D Services, L.L.C., CaremarkPCS Health, L.L.C., CVS Pharmacy, Inc., and their affiliates, as set forth on Exhibit 1 hereto (collectively, "CVS") by and through their undersigned counsel, hereby submit this objection (the "Objection") to the *Notice of (A) Executory Contracts and Unexpired Leases to be Assumed by the Debtors Pursuant to the Plan, (B) Cure Amounts, if any, and (C) Related Procedures in Connection Therewith* [D.I. 3286] (the "Assumed Contracts Notice"). In support of this Objection, CVS respectfully states as follows:

## BACKGROUND

1. CVS is a party to various contracts and agreements with the Debtors. Those contracts and agreements include, without limitation, the following:

- That certain Rebate Agreement dated as of January 1, 2014, as it may have been amended, by and between CaremarkPCS Health, L.L.C. and Purdue Pharma L.P. (the "CPCS Rebate Agreement");

- That certain Rebate Agreement dated as of January 1, 2019, as it may have been amended, by and between CVS Caremark Part D Services L.L.C. and Purdue Pharma L.P. and, as appropriate, Purdue Pharma Puerto Rico; and

- That certain Letter Agreement dated November 8, 2016 related to return goods, as it may have been amended, by and between CVS Pharmacy, Inc. and Purdue Pharma L.P.

(the foregoing, collectively with any other contracts or agreements between CVS and the Debtors, the "CVS Contracts").

2. As reflected in CVS's proofs of claim filed in the Debtors' chapter 11 cases, CVS possesses, among other things, indemnification and contribution claims against the Debtors. To date, CVS has been named as a defendant in numerous lawsuits and legal proceedings relating to

2

the Debtors' opioid products (collectively, the "Proceedings") and has expended (and continues to expend on a daily basis) substantial sums in professional fees, costs and expenses relating to these Proceedings. *See*, *e.g.*, Proof of Claim No. 137664 of CaremarkPCS Health, L.L.C.

3. On July 14, 2021, the Debtors filed their *Sixth Amended Joint Chapter 11 Plan of Purdue Pharma L.P. and its Affiliated Debtors* [D.I. 3185] (the "Plan"). Absent an objection, Section 8.4 of the Plan purports to provide that the Plan, will, among other things, (a) constitute an amendment to each assumed contract that will render "null and void" the rights of any counterparty to indemnity or reimbursement under an insurance policy of any Debtor, (b) be deemed an agreement by each counterparty to an assumed contract to release the Debtors and their insurers from any and all indemnification and contribution claims under such contract, and (c) provide that the claims of so-called "Co-Defendants" (which definition includes CVS) "arising under or related to any such assumed or assumed and assigned contract or lease shall be released and discharged with no consideration on account thereof, and all Proofs of Claim in respect thereof shall be deemed Disallowed and expunged, without further notice, or action, order or approval of the Bankruptcy Court. . . ." *See* Plan section 8.4(a).

4. On July 22, 2021, CVS and other distributors, manufacturers and pharmacies (collectively, the "DMPs") filed their *Joint Objection of Certain Distributors, Manufacturers, and Pharmacies to the Sixth Amended Joint Chapter 11 Plan of Purdue Pharma L.P. and its Affiliated Debtors* [D.I. 3306] (the "DMP Objection"). In the DMP Objection, the DMPs objected to, among other things, Section 8.4 of the Plan and the Debtors' improper attempt to strip out certain provisions from executory contracts with the DMPs that the Debtors propose to assume.

5.     On July 19, 2021, the Debtors filed the Assumed Contracts Notice. The Assumed Contracts Notice purports to identify contracts the Debtors are electing to assume (and the associated cure amounts). The Assumed Contracts Notice also states, however, that *all* executory contracts and unexpired leases of the Debtors not previously assumed or rejected, or listed on the Debtors' separate notice of contracts and leases to be rejected [D.I. 3287] (the "Rejection Notice"), would be deemed assumed. *See* Assumed Contracts Notice, p. 2. The Assumed Contracts Notice also purports to require counterparties to executory contracts proposed to be assumed to file objections to the assumption of such contracts – including the so-called "amendment" of such contracts by the stripping out of indemnification provisions and insurance rights under Section 8.4 of the Plan as discussed above – by August 2, 2021.[2] *See id*.

6.     The CVS Contracts are on neither the Assumed Contracts Notice nor the Rejection Notice. Accordingly, although the Debtors' intentions as to any particular CVS Contract are unclear, it appears that the Debtors are proposing to (a) assume all CVS Contracts, (b) attempt to strip out CVS's rights to indemnification and to be named as an additional insured under the CVS Contracts, and (c) disallow all of CVS's claims related to such indemnification and insurance rights under the CVS Contracts.

## OBJECTION

7.     Various of the CVS Contracts contain broad provisions under which the Debtors must indemnify CVS for all losses related to the Debtors' products. For example, Section 4(d) of the CPCS Rebate Agreement provides, in pertinent part, as follows:

> [The Debtor] shall indemnify, defend, and hold harmless [CaremarkPCS Health, L.L.C.] and its Affiliates and their respective officers, directors, employees, agents and subcontractors …. from any and all Losses that [the Caremark Indemnitees] or any of them, may suffer that arise from or relate to: (i) the death of, or bodily injury to, any

---

[2]  The Debtors extended that deadline for CVS to August 5, 2021.

4

person on account of the use of any [Debtor] product; (ii) any recall, quarantine, warning or withdrawal of any [Debtor] product; (iii) any breach by [Debtor] of any of its representations, warranties, covenants or agreements contained in this Agreement; (iv) any claim that a [Debtor] product infringes on the patent or trademark of any third party; or (v) the negligence or willful misconduct of [the Debtor].

8. The Debtors thus must indemnify not only CaremarkPCS Health, L.L.C., but CVS generally (i.e., all "Affiliates") from adverse claims and losses. Moreover, Section 4(f) of the CPCS Rebate Agreement provides in pertinent part:

> [The Debtor] shall maintain in effect during the term of this Agreement a comprehensive general liability policy and products liability coverage covering all Products, and [the Debtors] shall promptly after the execution of this Agreement designate [CaremarkPCS Health, L.L.C.] as an additional insured on such policies, and such insurance will be primary insurance with respect to [CaremarkPCS Health, L.L.C.]. The policy shall be underwritten by an insurance company that carries an A- or better rating from A.M. Best. This comprehensive insurance policy shall be in an amount not less than Five Million Dollars ($5,000,000) per occurrence. [The Debtor] shall provide thirty (30) days notice to [CaremarkPCS Health, L.L.C.] in the event of any modifications, cancellation, or termination thereof. [The Debtor] shall provide [CaremarkPCS Health, L.L.C] with a certificate of insurance naming [CaremarkPCS Health, L.L.C] as additional insured evidencing compliance with this Section within thirty (30) days of execution of this Agreement and thereafter upon request. The amount of such required insurance coverage under this Section shall not limited [the Debtor's] obligations under this Agreement.

9. Through the Assumed Contracts Notice and Section 8.4 of the Plan, the Debtors are attempting to improperly strip out CVS's indemnification provisions and insurance rights under the CVS Contracts, by assuming only those terms that are favorable to the Debtors and "severing" and discarding these "unfavorable" terms. CVS, by this Objection, objects to the Debtors' attempt to re-write the terms of the CVS Contracts by the Assumed Contracts Notice and/or the Plan. These indemnification and insurance rights of CVS are material provisions of the CVS Contracts, and the unilateral modification of such terms has no basis in the Bankruptcy Code.

10.     It is well established that under section 365 of the Bankruptcy Code, the debtor "must either assume the entire contract, *cum onere*, or reject the entire contract, shedding obligations as well as benefits." *In re MF Global Holdings Ltd.*, 466 B.R. 239, 241 (Bankr. S.D.N.Y. 2012); *see also In re Leslie Fay Cos.*, 166 B.R. 802, 808 (Bankr. S.D.N.Y. 1994) ("If an executory contract is assumed, it is said to be assumed *cum onere,* with all of its benefits and burdens.") (citing *NLRB v. Bildisco & Bildisco,* 465 U.S. 513, 531 (1984)).  As such, "[a]n executory contract may not be assumed in part and rejected in part." *MF Global*, 466 B.R. at 241; *see also In re Sterling Optical Corp.*, 371 B.R. 680, 2007 WL 1989233, at *11 n.13 (Bankr. S.D.N.Y. 2007) ("A debtor may not reject (i.e., breach) one obligation under a contract and still enjoy the benefits of that same contract.").

11.     CVS hereby objects to the Debtors' attempt to unilaterally modify any of the CVS Contracts under the Assumed Contracts Notice, the Plan or otherwise.  Notwithstanding this Objection, CVS is in discussions with the Debtors and others regarding a mutually agreeable resolution of this matter – and other open issues – and believes that there is a reasonable likelihood that such issues can be resolved prior to the confirmation hearing.

New York, New York
Dated: August 5, 2021

                                                      Respectfully submitted,

                                                      */s/ Alissa M. Nann*
                                                      Alissa M. Nann
                                                      FOLEY & LARDNER LLP
                                                      90 Park Avenue
                                                      New York, New York 10016
                                                      anann@foley.com
                                                      Telephone: (212) 682-7474
                                                      Facsimile: (713) 276-6727

                                                      -and-

        Geoffrey S. Goodman (admitted *pro hac vice*)
        Emil P. Khatchatourian (admitted *pro hac vice*)
        Foley & Lardner LLP
        321 N. Clark Street, Suite 3000
        Chicago, IL 60654
        Telephone: 312-832-4500
        Facsimile: 312-832-4700
        ggoodman@foley.com
        ekhatchatourian@foley.com

*Attorneys for CVS Caremark Part D Services, L.L.C., CaremarkPCS Health, L.L.C., CVS Pharmacy, Inc. and their affiliates identified on Exhibit 1*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing *Objection of CVS Caremark Part D Services, L.L.C., CaremarkPCS Health, L.L.C., CVS Pharmacy, Inc., and their Affiliates to Notice of (A) Executory Contracts and Unexpired Leases to be assumed by the Debtors Pursuant to the Plan, (B) Cure Amounts, if any, and (C) Related Procedures in Connection Therewith* was served on this, the 5th day of August, 2021 on all parties entitled to receive service through the Court's ECF system.

                                            /s/ Alissa M. Nann
                                            Alissa M. Nann