**KOBRE & KIM LLP**
Daniel J. Saval
800 Third Avenue
New York, New York 10022
Telephone: (212) 488-1200
Fax: (212) 488-1220
E-mail: daniel.saval@kobrekim.com

*Counsel for Express Scripts, Inc., ESI Mail Pharmacy Service, Inc., Evernorth Health, Inc. (formerly Express Scripts Holding Company), Express Scripts Pharmacy, Inc., and CuraScript, Inc.*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| PURDUE PHARMA L.P., *et al.*,[1] | Case No. 19-23649 (RDD) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: August 12, 2021, at 10:00 a.m. (EDT)[2]** |

**OBJECTION OF EXPRESS SCRIPTS TO PROPOSED AMENDMENT**
**OF CONTRACTS PURSUANT TO SECTION 8.4 OF PLAN**

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's registration number, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnic Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717), and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] The Contract Objection Deadline for Express Scripts was extended by consent of the Debtors to August 5, 2021 at 4:00 p.m. (EDT).

Express Scripts, Inc., ESI Mail Pharmacy Service, Inc., Evernorth Health, Inc. (formerly Express Scripts Holding Company), Express Scripts Pharmacy, Inc., and CuraScript, Inc. (collectively, "Express Scripts"), by and through their undersigned counsel, hereby object to the amendment of their and their affiliates' executory contracts with the Debtors and the release of claims under those contracts, as proposed in Section 8.4 of the *Sixth Amended Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and its Affiliated Debtors* [D.I. 3185] (the "Plan").[3]

1. Express Scripts dispenses and/or acts as a pharmacy benefit manager with respect to, *inter alia*, opioid medications and opioid abatement products. Express Scripts entities have been named as defendants in approximately 86 actions relating to the manufacturing, marketing, and selling of certain FDA-approved opioid medications (the "Opioid Litigation"), including certain actions that also name one or more of the Debtors as defendants. Express Scripts has disputed the allegations in the Opioid Litigation and reserves all rights to assert any and all claims, defenses, and rights available to it in connection with the Opioid Litigation.

2. Express Scripts entities and affiliates are parties to a number of executory contracts with some of the Debtors, including, without limitation, rebate agreements and inflation protection agreements. Pursuant to the Plan and the Assumption Notice,[4] the Debtors are proposing to assume all executory contracts between the Debtors and Express Scripts entities and affiliates (the "Purdue/Express Scripts Contracts").[5]

---

[3] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan.

[4] *See Notice of (A) Executory Contracts and Unexpired Leases to be Assumed by the Debtors Pursuant to the Plan, (B) Cure Amounts, if any, and (C) Related Procedures in Connection Therewith*, D.I. 3286 (July 19, 2021).

[5] Because the Debtors have only specifically identified executory contracts that they propose to reject, Express Scripts does not have certainty regarding each and every of its contracts that the Debtors intend to assume. Express Scripts will endeavor to provide copies of any specific Purdue/Express Scripts Contracts requested by the Debtors.

3. The Purdue/Express Scripts Contracts include terms and provisions that, *inter alia*, grant indemnification and reimbursement rights to the applicable Express Scripts entities and affiliates, as well as the right to be named as an additional insured under certain Debtors' insurance policies. Pursuant to Section 8.4 of the Plan, the Debtors are proposing to amend the Purdue/Express Scripts Contracts (and all other assumed executory contracts) to render null and void those terms and provisions "solely to the extent [they] create an obligation of any Debtor (or any assignee thereof), or give rise to a right in favor of any non-Debtor under any MDT Insurance Policy, for the indemnification or reimbursement of any Person for costs, losses, damages, fees, expenses or any other amounts whatsoever relating to or arising from any actual or potential opioid-related litigation or dispute, whether accrued or unaccrued, asserted or unasserted, existing or hereinafter arising, based on or relating to, or in any manner arising from, in whole or in part, Opioid-Related Activities or other conduct occurring prior to the Effective Date."[6]

4. Express Scripts, on behalf of Express Scripts entities and affiliates that are parties to the Purdue/Express Scripts Contracts, objects and does not consent to the proposed amendments of the Purdue/Express Scripts Contracts under Section 8.4 of the Plan. Nor does Express Scripts consent to the release of obligations, liabilities, Claims, Causes of Action, and other rights of recovery arising under or relating to the indemnification, reimbursement, and insurance rights in the Purdue/Express Scripts Contracts, as also proposed in Section 8.4 of the Plan. The unilateral modification of material contractual terms is not permitted by the Bankruptcy Code and other applicable law.

---

[6] Counsel to the Debtors has confirmed to Express Scripts that the amendments proposed in Section 8.4 do not affect any other indemnification or reimbursement rights under the relevant contracts, including indemnification rights relating to the distribution or sale of non-opioid products and indemnification rights arising from opioid litigation based on conduct occurring after the Effective Date.

5. It is well established that, absent the consent of a contract counterparty, "[a]n executory contract may not be assumed in part and rejected in part," *In re MF Global Holdings Ltd.*, 466 B.R. 239, 241 (Bankr. S.D.N.Y. 2012). In other words, consent is effectively required for a Debtor to amend a contract or cherry-pick provisions of a contract that will be assumed. *Cf. ReGen Cap. I, Inc. v. Halperin (In re U.S. Wireless Data, Inc.)*, 547 F.3d 484, 489 (2d Cir. 2008) ("[A] debtor cannot assume such a contract unless the debtor satisfies several statutory conditions [, such as the foregoing,] designed to make the non-debtor contracting party whole.").

6. This rule follows general non-bankruptcy law regarding this issue. In the non-bankruptcy context, a party to a contract cannot "renegotiate the terms of the contract for which it bargained simply because things did not turn out favorably for it," nor can it convince a court to rewrite the contract to fulfill an unspoken expectation. *Ally Fin. Inc. v. Wells Fargo Bank, N.A. (In re Residential Cap., LLC)*, 531 B.R. 25, 45 (Bankr. S.D.N.Y. 2015). In the context of bankruptcy, Section 365 establishes the same rule. *See City of Covington v. Covington Landing Ltd. P'ship*, 71 F.3d 1221, 1226 (6th Cir. 1995) ("When the debtor assumes the lease or the contract under § 365, it must assume both the benefits and the burdens of the contract"; "[n]either the debtor nor the bankruptcy court may excise material obligations owing to the non-debtor contracting party."), *cited in, e.g.*, *Empire State Bldg. Co. L.L.C. v. New York Skyline, Inc. (In re New York Skyline, Inc.)*, 432 B.R. 66, 77 (Bankr. S.D.N.Y. 2010).[7]

7. To be clear, Express Scripts wishes for the Purdue/Express Scripts Contracts to be assumed and supports the Debtors' goal of monetizing their assets and dedicating the proceeds towards the abatement and treatment of opioid abuse. However, the Purdue/Express Scripts

---

[7] Express Scripts incorporates by reference the arguments on this issue set forth in the *Joint Objection of Certain Distributors, Manufacturers, and Pharmacies to the Sixth Amended Joint Chapter 11 Plan of Purdue Pharma L.P. and Its Affiliated Debtors* [D.I. 3306].

4

Contracts should be assumed in a manner that complies with the Bankruptcy Code and preserves Express Scripts' bargained-for rights.

8. For the foregoing reasons, Express Scripts respectfully requests that the Court order that the Debtors assume the Purdue/Express Scripts Contracts without the proposed non-consensual amendments and releases described in Section 8.4 of the Plan. Notwithstanding this objection, Express Scripts remains ready and willing to discuss a mutually agreeable resolution of this matter with the Debtors.

Dated: August 5, 2021

Respectfully submitted,

/s/ Daniel J. Saval
**KOBRE & KIM LLP**
Daniel J. Saval
800 Third Avenue
New York, New York 10022
Telephone: (212) 488-1200
Fax: (212) 488-1220
E-mail: daniel.saval@kobrekim.com

*Counsel for Express Scripts, Inc., ESI Mail Pharmacy Service, Inc., Evernorth Health, Inc. (formerly Express Scripts Holding Company), Express Scripts Pharmacy, Inc., and CuraScript, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing *Objection of Express Scripts to Proposed Amendment of Contracts Pursuant to Section 8.4 of Plan* was served on August 5, 2021, on all parties entitled to receive service, including by hand delivery to the parties identified below:

Counsel to the Debtors
Davis Polk & Wardwell LLP
Attention: Marshall S. Huebner, Benjamin S. Kaminetzky, Eli J. Vonnegut and Christopher S. Robertson
450 Lexington Avenue
New York, New York 10017

Counsel to the Creditors' Committee
Akin Gump Strauss Hauer & Feld LLP
Attention: Arik Preis, Mitchell P. Hurley, Sara L. Brauner, and Edan Lisovicz
One Bryant Park
New York, NY 10036

Cole Schotz P.C.,
Attention: Justin R. Alberto
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801

The Office of the U.S. Trustee for the Southern District of New York
Attention: Paul K. Schwartzberg
201 Varick Street, Suite 1006
New York, New York 10014.

  */s/ Daniel J. Saval*
  **KOBRE & KIM LLP**
  Daniel J. Saval
  800 Third Avenue
  New York, New York 10022
  Telephone: (212) 488-1200
  Fax: (212) 488-1220
  E-mail: daniel.saval@kobrekim.com

  *Counsel for Express Scripts, Inc., ESI Mail Pharmacy Service, Inc., Evernorth Health, Inc. (formerly Express Scripts Holding Company), Express Scripts Pharmacy, Inc., and CuraScript, Inc.*

6