Gerard Uzzi
Alexander B. Lees
**MILBANK LLP**
55 Hudson Yards
New York, New York 10001
Telephone:    (212) 530-5000
Facsimile:    (212) 530-5219

Gregory P. Joseph
Mara Leventhal
**JOSEPH HAGE AARONSON LLC**
485 Lexington Avenue, 30th Floor
New York, New York 10017
Telephone:    (212) 407-1200
Facsimile:    (212) 407-1280

*Counsel for the Raymond Sackler Family*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| PURDUE PHARMA L.P., *et al.*, | Case No. 19-23649 (RDD) |
| Debtors. | Jointly Administered |

# DECLARATION OF GREGORY P. JOSEPH

Pursuant to 28 U.S.C. § 1746, Gregory P. Joseph declares:

1. I am a member of the firm of Joseph Hage Aaronson LLC, counsel for the Raymond Sackler family together with Milbank LLP.

2. Attached to this Declaration are Proposed Findings of Fact and Conclusions of Law. The factual predicate for the Proposed Findings is record evidence that is being offered at the Confirmation Hearing, both documentary and testimonial. The Proposed Findings and Conclusions are submitted to allow the Court to evaluate the defenses that the Raymond Sackler

family would assert in the event that the Shareholder Settlement were rejected and the claims against the Raymond Sackler family (the "**Claims**") were litigated.

3. For the avoidance of doubt, the expert testimony of Lawrence Hamermesh, Maureen Chakraborty, and Jennifer Blouin—like the exhibits being submitted into the record—are submitted as evidence of the record that the Raymond Sackler family would offer if the Claims were litigated. The testimony of Timothy Martin, which generally concerns the wealth of Side B and disposition of its assets, is offered for the truth, as relevant to Plan confirmation issues.

4. The Raymond Sackler family does not ask the Court to enter the Proposed Findings and Conclusions as final determinations that the Claims will fail or as a final determination that any specific Claim, whether brought by the Estate or Non-Estate Claimants, would fail. The Raymond Sackler family understands that a determination as to the merits of the Claims is not appropriate under these circumstances, where the overwhelming majority of Claimants—who have sharply different views of the merits of the Claims—are not going to be advocating before the Court in support of the Claims because of their support for the Shareholder Settlement.

5. The submission of all of these materials is offered to demonstrate that, if the Plan were not confirmed, the Raymond Sackler family would have substantial factual and legal defenses, and substantial record evidence and legal authorities to support those defenses. The submission is also offered to show that, if the Plan were not confirmed, litigation against the Raymond Sackler family would be hard-fought, protracted and costly, the outcome would be uncertain, and there is substantial reason to believe the Plan provides Claimants—including the Debtors—more value than they are likely to obtain if the Plan is not confirmed.

6.  I declare under penalty of perjury that the foregoing is true and correct.

Executed on: August 5, 2021

_____
Gregory P. Joseph