**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.,** *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

## DECLARATION OF JONATHAN GREVILLE WHITE

I, Jonathan Greville White, declare as follows:

1.      I am a director (**"Trustee Director"**) of a number of private trust companies that act as trustees for trusts established for the benefit of the Mortimer D. Sackler family (**"Side A"**) (**"Trusts"**).  I am submitting this Declaration in my own individual capacity.  I am also submitting this Declaration as a representative of the private trust companies that serve as trustees of the Trusts, as listed in Schedule B (the "**Private Trust Companies**" and "**the Trustees**").  I have spoken with the other directors of the Private Trust Companies (Jörg Fischer, Leslie J. Schreyer, and Kerry J. Sulkowicz) who have reviewed my Declaration, agree with its

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

contents and have authorized me to make this Declaration on behalf of the Private Trust

Companies and the Trusts.[2]

2.      Under the proposed Shareholder Settlement Agreement, certain of the Trusts will

(among other things) (*i*) fund the majority of Side A's share of the $4.325 billion of required

payments; (*ii*) act as obligors under the terms of the applicable credit support agreements;

(*iii*) contribute their ultimate equity interest in Purdue Pharma L.P. ("**Purdue**") to the public

benefit; and (*iv*) sell, over the next seven years, the Side A's approximate 50% interest in certain

international pharmaceutical companies ( the "**Independent Associated Companies**" or

"**IACs**").

3.      I am submitting this Declaration to explain to the Court (among other things) that

the Private Trust Companies, as fiduciaries and trustees for 30 living beneficiaries, future unborn

beneficiaries and certain charitable beneficiaries can only authorize the Trusts to participate in

the settlement as described in paragraph 2 if the Plan of Reorganization (the "**Plan**") contains

releases that ensure global finality, *i.e.*, the Trusts, Trustees, Trustee Directors, Protectors,

Special Trustees, all of the beneficiaries and certain related persons and entities will not be

subject to claims that could be brought by the Estate (the "**Estate Claims**") or statutory or

common law claims relating to Purdue (the "**Third-Party Claims**") (the "**Shareholder**

**Releases**," as set forth in Section 10.7 of the Plan).  The Trustees owe a fiduciary duty to the

beneficiaries and, as such, must satisfy themselves that any settlement is in the interests of the

beneficiaries.  In this case, any settlement must have a reasonable prospect of bringing all of the

litigation to an end.  Without the Shareholder Releases, the Trusts would need to preserve assets

---

[2]     In the case of the Mortimer D.A. Sackler Investment Trust and the Jeffrey M Lefcourt
        Investment Trust, the authorisation comes only from the non-managing Trustee in each case.

to fund the considerable legal costs that would be required to defend the Trusts and beneficiaries in sprawling litigation for many years to come.

4.        Given the momentous nature of the claims that have been made, the Trustees (who are governed by the law of Jersey, Channel Islands, a British Crown Dependency ("**Jersey**")) of those trusts which are governed by Jersey law or English law have applied to the Royal Court of Jersey (the "**Royal Court**") for directions as to how they should conduct themselves in order to properly discharge their fiduciary duties to their beneficiaries.  The Trustees would fail to act in accordance with an order of the Royal Court authorizing them to enter into an agreement and settle if they approved the payment of trust assets pursuant to a settlement that did not provide appropriate releases and would expect strong opposition from the beneficiaries who are parties to the Jersey Court application if they tried to do so.

5.        The Private Trust Companies comprise 10 active Jersey limited liability companies, two Wyoming Limited Liability Companies and one Wyoming Corporation.  I am a director of each of these companies.  The Private Trust Companies act as trustee of 88 trusts governed by Jersey law ("Jersey law Trusts"), three trusts governed by English law ("English law Trusts"), six trusts governed by Wyoming law, and one trust governed by New York law.

I.        **Professional Overview**

6.        I am a resident of Jersey.  I am qualified as a solicitor of the Supreme Court of England and Wales (non-practicing) and as an Advocate of the Royal Court of Jersey.  I have almost four decades of experience in providing legal advice relating to trusts and related matters. I have practiced in Jersey since 1982 and was a partner at Ogier, a leading Jersey law firm, for much of that time.  I stood down as Chair of that firm in 2010 and decided at the same time to step back as a partner.  Shortly after that, Ogier sold its trust administration business and, as a consequence, the administration of the Private Trust Companies and the Trusts, passed to Elian

Fiduciary Services.  The Elian business was subsequently acquired by Intertrust.  I acted as a

consultant to both Elian and Intertrust in order to oversee the work done by each organization

administering the Private Trust Companies and the Trusts.  In 2018, the administration of the

Private Trusts Companies and the Trusts moved to Inpendra Limited, a Jersey company owned

by one of the Private Trust Companies and which was established specifically to administer these

entities.  I am a director of and employed by Inpendra Limited.  I was also the Chairman of the

Jersey Police Authority from 2013 through 2017.

**II.    Overview of the Formation, Purposes and Management of the Trusts**

7.    The Trusts can be divided into two broad categories: "General Trusts" and

"Family Trusts."  The General Trusts hold Side A's interests in the IACs or cash and other

investments for the benefit of Side A generally.  The beneficiaries of the General Trusts are

typically the widow and descendants of Dr. Mortimer D. Sackler.  Many of the Trusts also have

charitable beneficiaries.  Dr. Mortimer Sackler, who passed away in 2010, was survived by his

wife, Theresa Sackler, and seven adult children: Ilene Sackler, Kathe Sackler, Samantha Hunt,

Mortimer D.A. Sackler, Marissa Sackler, Sophie Dalrymple, and Michael D. Sackler.  With

grandchildren and great grandchildren, there are currently 30 living family beneficiaries of the

General Trusts.  The definition of beneficiaries also includes descendants to be born in the

future.

8.    The Family Trusts are typically for the benefit of particular sub-branches of Side

A, *i.e.*, one of these individuals and their respective descendants.

9.    Beacon Trust (one of the General Trusts), is the ultimate owner of a 50% limited

partner in Purdue Pharma L.P. ("**Purdue**"), which it holds for the benefit of Side A.  An entity

for the benefit of the Raymond Sackler family (or "**Side B**") is the ultimate owner of the balance

of Purdue's equity.  Beacon Trust was settled in 1993 by Dr. Mortimer D. Sackler, several years

4

before OxyContin was launched.[3]  I am a director of Heatheridge Trust Company Limited, which

is the trustee of the Beacon Trust.  Since the death of Dr. Mortimer D. Sackler in 2010, Beacon

Trust has been an irrevocable discretionary trust for the benefit of Theresa Sackler, Dr. Mortimer

D. Sackler's issue, and various charitable beneficiaries.  The Beacon Trust instrument provides

that its trustee holds the Beacon Trust fund in its discretion, with the prior written consent of the

Special Trustees, to pay income and/or capital to, or for the benefit of, one or more of Dr.

Mortimer D. Sackler's spouse, descendants, and certain charitable beneficiaries.

10.    In addition to the Beacon Trust, there are twenty-six Jersey law General Trusts

which do not own any economic interest in Purdue.  Fifteen of these trusts are the ultimate

owners of 50% interests in the IACs).[4]  Eleven other Jersey law General Trusts do not have any

interests in the IACs[5] but hold cash and certain investments.  Each of these General Trusts is an

irrevocable discretionary trust.  Their beneficiaries are typically Theresa Sackler and the issue of

Dr. Mortimer D. Sackler.  One General Trust confers upon Theresa Sackler a life interest over

the income that is generated each year.  Thirteen of these General Trusts also have charitable

beneficiaries.  The General Trusts provide (among other things) that their trustee holds the trust

fund during the Trust Period to pay, appropriate or apply the whole or such part of the income

(subject to any life interest) or capital of the Trust Fund as the Trustee may in its discretion see

fit with the consent of the Protectors (or of the Special Trustees in the case of Beacon Trust) for

---

[3]    Another General Trust, Hercules Trust, is the ultimate 50% owner of Purdue Pharma Inc.,
the general partner of Purdue.

[4]    The rest of the Sackler families' interests in the IACs are held by entities for the benefit of
Side B.  In the case of one IAC, the share is less than 50% because there is a third party
interest.

[5]    Save for one of these trusts which holds an 0.10% interest in an IAC.

the benefit of any or all of its beneficiaries in such shares and proportions and generally in such

manner as the trustee in its discretion sees fit.

11.    In addition to the General Trusts and, as indicated in paragraph 7 above, there are

also 71 "Family Trusts," of which certain of the Private Trust Companies act as trustee, which

are typically focused on the individual sub-branches of Dr. Mortimer's family, *i.e.*, branches

headed by Theresa Sackler or Dr. Mortimer D. Sackler's seven children as heads of their

respective sub-branches (though in a small number of cases with flexibility to benefit other sub-

branches),[6] and a small number of Family Trusts that have more than one branch as

beneficiaries. These Family Trusts are irrevocable discretionary trusts.[7]    Additionally, there is an

investment trust for the benefit of one child of Dr. Mortimer D. Sackler and another investment

trust for the benefit of a grandchild of Dr. Mortimer D. Sackler. In each case, the respective

descendant has certain authority as a managing trustee under the applicable trust instrument.

While those terms differ in certain respects, in neither case does said child or grandchild have the

authority to make distributions to himself.

12.    My understanding is that Dr. Mortimer D. Sackler settled the General Trusts and

Family Trusts in Jersey for the reasons that many high net worth families settle trusts:  privacy,

wealth management, planning of inter-generational transfers of assets and tax efficiency.  Trusts

---

[6]    There are a number of other Family Trusts of which the Private Trust Companies do not act
as trustee, so any reference to Family Trusts in this Declaration is to Family Trusts of which
one of the Private Trust Companies acts as trustee.

[7]    There is one General Trust and four Family Trusts that are irrevocable discretionary trusts as
to capital, with a life interest over income granted to certain members of the Mortimer D.
Sackler family during such person's lifetime. For the year 2019, those particular Jersey
Trusts made payments of income in the aggregate of approximately $75,328.35 to the life
tenants of those particular Jersey Trusts. For the year 2020, those payments of income were
approximately $111,729.66.  The Trustee Directors, consistent with their fiduciary
obligations, could exercise their power of appointment to defeat the life interests should they
determine it to be appropriate to do so.

can help ensure that family wealth is held and managed responsibly for the benefit of future generations. Dr. Mortimer D. Sackler sought to have his families' assets managed for the benefit of his spouse, seven children, descendants and certain charities.

13.    Dr. Mortimer D. Sackler's decision to settle trusts in Jersey was consistent with his longtime place of residence prior to his death. Jersey was a jurisdiction that residents of Europe and the United Kingdom frequently used for trust formation at the time (changes in tax legislation since then have affected the extent to which it remains practicable for such residents to establish trusts in Jersey today). It is regarded as a well-regulated, reliable jurisdiction by the International Monetary Fund with stable laws, strong courts and excellent financial regulation. Dr. Mortimer D. Sackler was a citizen of Austria, with his principal residence in the United Kingdom, for almost four decades before his death in 2010.[8] Side A includes many members who are citizens of countries other than the United States with principal residences outside of the United States.

14.    I have always believed – and counseled clients – that trusts should not be set up for the purposes of evading creditors, and indeed, trusts set up for such improper purposes may be set aside (depending on the circumstances). In over three decades working with Dr. Mortimer D. Sackler and his family, I was not privy to any conversations in which anyone ever suggested that any of the General Trusts or Family Trusts was established for the purposes of hiding assets from creditors.

15.    As noted above, the General Trusts and Family Trusts are irrevocable discretionary trusts. Attached as Schedule 1 is language that is representative of the full terms

---

[8]    There was a period of approximately five years during which Dr. Mortimer D. Sackler ceased to be a resident of the United Kingdom; he did not become a U.S. resident during this time.

that govern distribution of assets from each of the Jersey Trusts.[9]  It will be seen from this that

the principal provisions relating to the application of income and capital are as follows:

> The Trustees shall stand possessed of the Trust Fund and the income thereof upon the trusts following, that is to say:-
>
> (a)    (i)    upon trust with the prior or simultaneous written consent of the Protectors during the Trust Period to pay appropriate or apply the whole or such part of the income of the Trust Fund as the Trustees may in their discretion think fit to or for the maintenance or otherwise for the benefit of all or such one or more exclusive of the other or others of the Beneficiaries in such shares and proportions if more than one and generally in such manner as the Trustees shall in their discretion think fit;
>
> (ii)    subject as aforesaid upon trust with the prior or simultaneous written consent of the Protectors during the Trust Period to pay appropriate or apply either income or capital of the Trust Fund as the Trustees may in their discretion think fit for the benefit of all or such one or more exclusive of the other or others of the Charitable Beneficiaries if any in such shares and proportions if more than one and generally in such manner as the Trustees shall in their discretion think fit;

2.    Powers of Appointment and Advancement

> Notwithstanding the trusts powers and provisions hereinbefore declared and contained the Trustees may at any time or times during the Trust Period in their discretion with the prior or simultaneous written consent of the Protectors …:
>
> (a)    by any deed or deeds irrevocable or revocable during the Trust Period appoint the Trust Fund or any part or parts thereof on such new or other trusts powers and provisions governed by the law of any jurisdiction of and concerning the Trust Fund or any part or parts thereof for the benefit of the Beneficiaries or any one or more of them exclusive of the other or others at such age or time or respective ages or times and in such shares and proportions and subject to such powers of appointment vested in any person or persons and with such provisions for maintenance education or advancement or for accumulation of income or for the purpose of raising a portion or portions or for spendthrift or protective trusts and otherwise at the discretion of any person or persons and with such discretionary trusts and powers exercisable by such persons and such powers and provisions generally whether of a beneficial or administrative nature by whomsoever exercisable and generally in such manner as the Trustees shall in their discretion think fit and for the purpose of giving effect to any such appointment by the same deed or deeds revoke all or any of the trusts powers and provisions herein contained with respect to the Trust Fund or the part or parts thereof to which such appointment relates and so that in the event of any such appointment the Trustees shall thenceforward

---

[9]    I understand that the applicable trust instruments have been provided to creditor representatives in the bankruptcy proceedings.

hold the Trust Fund or the part or parts thereof to which such appointment relates upon and subject to the trusts powers and provisions so appointed in substitution for any of the trusts powers and provisions hereof so revoked as aforesaid and in priority to the other trusts powers and provisions herein declared and contained and in any appointment under the foregoing power the Trustees may delegate to any person or persons all or any of the powers and discretions by this Settlement or by law vested in the Trustees;

(b)    pay or apply the whole or any part or parts of the capital of the Trust Fund to or for the benefit of all or any one or more of the Beneficiaries or the Charitable Beneficiaries to the exclusion of the other or others of the Beneficiaries or Charitable Beneficiaries and in such respective amounts if more than one and generally in such manner as the Trustees shall in their discretion think fit.

16.    The Trustees, and where applicable, the Special Trustees or Protectors, are acting as fiduciaries for the beneficiaries and are required to make decisions based on what is in the best interests of the beneficiaries of each trust (including unborn descendants) as a whole.  While the Trustees consult the beneficiaries where appropriate, the beneficiaries cannot instruct the Trustees as to whether and how assets should be distributed.  There have been occasions over the years when the Trustees have distributed assets in accordance with the beneficiaries' expressed wishes and occasions when they did not.  In each instance, when making a decision in relation to the distribution of assets, the Trustees exercise independent judgment pursuant to their fiduciary duties.

17.    The Trustees are responsible for overseeing investment strategy with respect to assets held in the Trusts (with the exception of the investment trusts discussed above).  To assist them in this process, the Trustees have, over the years, retained a small number of investment professionals to advise them on asset allocation and manager selection and a small number of reputable investment houses are retained to invest funds either on an advisory or discretionary mandate.  As the Trusts are for the benefit of a multi-generational family, out of prudence, the Trustees have adopted a conservative investment philosophy.

### III.    The Trustees Can Authorize the Trusts to Participate in the Shareholder Settlement Agreement Only If the Plan Contains the Shareholder Releases

18.    As described above, the Beacon Trust owns Side A's share of Purdue.  Since 2018, certain governmental and private plaintiffs have named as defendants (among others) four beneficiaries of the General Trusts and of certain of the Family Trusts who served on Purdue's Board (Ilene Sackler, Kathe Sackler, Mortimer D.A. Sackler, and Theresa Sackler, collectively, the "**Side A Former Directors**").  I understand that there are currently approximately 2,600 suits against Purdue regarding its prescription opioid marketing practices and approximately 750 suits against the Side A Former Directors.  These claims are seeking billions, if not trillions, of dollars in damages.  In addition, the Estate has asserted that it could bring claims, styled as fraudulent conveyance or otherwise, to recover at least $10 billion in distributions from Purdue to entities for the benefit of the Sackler families (approximately half of which was for the purpose of paying taxes on Purdue's income).

19.    After months of extensive, hard-fought negotiations involving several mediations, agreement has been reached between the Sackler families, the Debtors and a wide variety of creditor groups, and this is incorporated into the Plan.  The Plan has been submitted to the Court for approval.

20.    The Settlement Agreement has significant implications for the Trusts, as certain of the Trusts will be (*i*) funding the majority of Side A's share of the $4.325 billion in payments; (*ii*) acting as obligors under the terms of the applicable credit support agreements; (*iii*) contributing their equity interest in Purdue; and (*iv*) selling their interests in the IACs so that the proceeds will be escrowed and used to fund the payment obligations of the Sackler families.

21.    As fiduciaries, the Trustee Directors, acting on behalf of the Trustees, can make the significant commitments described in the prior paragraph if and only if, having addressed any

conflicting interest, they consider, reasonably and having taken all relevant matters into account, that to do so is in the best interests of the beneficiaries. The Trustees consider that their entry into the settlement agreement is in the best interest of the beneficiaries if, and only if, it provides releases that provide for global finality for the Trusts, beneficiaries and related parties. Global finality means that risks of litigation related to the subject matter of the Shareholder Releases will be eliminated, once and for all so that:

- The beneficiaries, Trusts and other entities for the benefit of Side A – including the 30 beneficiaries and future descendants of Dr. Mortimer Sackler – will no longer the subject of the Purdue-related claims that seek billions of dollars (if not more) in damages.

- The Trusts will no longer have to expend millions of dollars in trust assets each month on fees for lawyers and advisors to defend the litigation;

- The beneficiaries (among others) will no longer have to endure the burdens and intrusion resulting from being named as defendants in countless litigation.

22.    To be clear, if one or more of parties that has objected to the Plan were carved out or otherwise excluded from the Shareholder Releases, the Trustees could not commit the assets of the Trusts to the obligations described above, because the benefits of finality would be lost.

23.    The Shareholder Releases help ensure global finality by covering parties that are affiliated with Side A who might be the subject of Purdue-related lawsuits that are seeking to target the beneficiaries or the Trusts through the "back door." This concern is particularly acute because, before even the chapter 11 filing, plaintiffs made sweeping allegations about the alleged culpability of the Sackler family in its entirety and began naming known and unknown business entities as defendants. I understand, for example, that one state alleged that the entire Sackler

family, together with entities for their benefit, engaged in unlawful conduct through an entity this

state termed the "Sackler Pharmaceutical Enterprise"; and one named the daughter of a Side B

Former Director, even though she never sat on Purdue's board and she worked in Purdue's R&D

group for a few months more than a decade ago; as well as fictitious "John Does" 9-100.  The

Trustee Directors could not, in good conscience, agree to contribute substantial assets from the

Trusts if the beneficiaries and Trusts are still subject to the continued efforts to pursue their

assets, including through suits taking a creative approach to name tangential entities in order to

reach assets of the Trusts and beneficiaries.

24.      The Trustees have been authorized, by an order of the Royal Court of Jersey, to

make the commitments in respect of the Jersey law Trusts and English law Trusts required under

the Shareholder Settlement Agreement if, and only if, they obtain appropriate releases, including

releases for the beneficiaries.  By way of background, the Trustees brought an action in the

Royal Court, known as a "Beddoe" proceeding, to obtain the Royal Court's direction and

authority in respect of the Jersey law trusts and English law trusts to enter into the settlement.

The Trustees brought this action to confirm that the settlement was consistent with the Trustees'

fiduciary obligations to all beneficiaries of the Trusts (born and unborn).  The Royal Court issued

an order governing the circumstances under which the Jersey law Trusts and English law Trusts

may participate in the Shareholder Settlement Agreement.  Among other things, it expressly

conditions the Trustees' participation in the Shareholder Settlement Agreement in respect of the

Jersey law Trusts and English law Trusts on the Plan providing releases for the Trusts, Trustees,

Protectors, Special Trustees and the A-Side Individuals.  If the Trustees fail to act in accordance

with this order and commit Trust assets without obtaining the required releases, the Trustees

would be at risk of being held personally liable for breach of trust.  The Royal Court has, at the

request of the Trustees and Beneficiaries, issued an order confirming these requirements and

authorizing its disclosure (but no other documents or information in these proceedings (JX-2908

at 3–4)).

25.    In addition, the Trustees believe that the Side A Former Directors acted lawfully

and ethically at all times.  Their agreement to the settlement is not due to any doubt about that.

Rather, the burden of litigation is overwhelming, financially and in other respects.

## IV.    Absent Settlement, the Trustees Would Support a Vigorous Defense of the Trusts and Beneficiaries

26.    The proposed settlement presents a unique opportunity for billions of dollars in

assets from the Sackler families to be dedicated to carefully-tailored opioid abatement programs.

If a settlement is not approved, the result would almost certainly be that the Trusts and

beneficiaries would be subject to suit by the Estate and thousands of governmental and private

plaintiffs.  As these claimants have asserted that they are entitled to damages that vastly exceed

the assets of the Trusts and beneficiaries, the Trustees would have no alternative but to authorize

the use of assets of the Trusts to mount a vigorous legal defense – both with respect to liability

and judgment enforcement (if necessary).  The cost of this legal defense would likely be

millions, if not tens of millions, of dollars per month.  The assets of the Trusts would be rapidly

depleted under these circumstances, and the funds would not be used to assist individuals or

communities at all.

27.    Were litigation to resume against the Trusts and the beneficiaries, the current

posture – in which the Trusts are bearing the cost of legal defense for themselves and the

beneficiaries – would rapidly become financially untenable.  Under such circumstances, it seems

likely that the Side A Former Directors would seek to be indemnified by Purdue for the cost of

defending, and if necessary, settling litigation brought against them arising out of their service on Purdue's Board.

## V.     Purdue's Tax Distributions Were in Fact Used to Pay Taxes

28.     The tax distributions made by Purdue were made for the specific purpose of paying taxes on Purdue's income and, as discussed below, almost all of the tax distributions for Side A were paid directly to federal and state tax authorities.

29.     Purdue is a limited partnership and is a disregarded entity for U.S. income tax purposes, meaning that it does not pay its own taxes.  As set forth in the Distribution Agreement II Extended, dated as of January 1, 1998 (JX-2081), Purdue made distributions to its partners (entities owned by trusts for the benefit of the Mortimer D. Sackler and Raymond Sackler families) for the purpose of paying taxes on their shares of Purdue's income.  The tax distributions were passed through a series of U.S. partnerships to BR Holdings Associates L.P. ("**B.R. Holdings**"), a U.S. limited partnership in which the Side A 50% limited partnership interest is ultimately owned by Beacon Trust.  Because Side A's equity in Purdue is held in Beacon Trust, a non-U.S. entity, BR Holdings paid almost all of the Side A tax distributions to U.S. federal and state taxing authorities as withholding required by law.  Beacon Trust therefore did not receive them.  In other words, on Side A, the ultimate transferees of almost all of the tax distributions were the federal and state taxing authorities.[10]

## VI.     Jurisdiction

30.     The Trustees are prepared to submit to the Bankruptcy Court's jurisdiction only in connection with administration of the Shareholder Settlement Agreement, but not for general

---

[10]    Approximately 88% of BR Holding's Side A tax distributions from 2008 through 2017 were used for federal, state, local and foreign income taxes after taking into account refunds received from some taxing authorities and additional tax payments made to others.

purposes. Neither the Jersey Private Trust Companies nor the Trustee Directors have submitted to the jurisdiction of the bankruptcy court in connection with the above-captioned matter. None of the Trustee Directors or Trusts has entered an appearance in the matter. If there were not a settlement but instead litigation in state and federal courts throughout the United States, the Trustees would not submit to jurisdiction in those courts. If a judgment were hypothetically reached against a beneficiary, trust assets would, in all probability, not be available to satisfy it unless parallel proceedings were to be instituted in the Royal Court and a judgment successfully obtained there.

I declare under the penalty of perjury that the foregoing is true and correct.

_____
Jonathan Greville White

Executed at ___Jersey, Channel Isles___

on ___5 August 2021.___

**Schedule A**

1.      The Trustees shall stand possessed of the Trust Fund and the income thereof upon the trusts following, that is to say:-

(a)      (i)      upon trust with the prior or simultaneous written consent of the Protectors during the Trust Period to pay appropriate or apply the whole or such part of the income of the Trust Fund as the Trustees may in their discretion think fit to or for the maintenance or otherwise for the benefit of all or such one or more exclusive of the other or others of the Beneficiaries in such shares and proportions if more than one and generally in such manner as the Trustees shall in their discretion think fit;

(ii)      subject as aforesaid upon trust with the prior or simultaneous written consent of the Protectors during the Trust Period to pay appropriate or apply either income or capital of the Trust Fund as the Trustees may in their discretion think fit for the benefit of all or such one or more exclusive of the other or others of the Charitable Beneficiaries if any in such shares and proportions if more than one and generally in such manner as the Trustees shall in their discretion think fit;

(iii)      subject as aforesaid upon trust to accumulate the income of the Trust Fund and add the accumulations to the capital of the Trust Fund;

(b)      at the expiration of the Trust Period upon trust as to both capital and income of the Trust Fund for all or such one or more exclusive of the other or others of the Beneficiaries in such shares and proportions if more than one and generally in such manner as the Trustees shall prior to or on the date of such expiration in their discretion determine with the prior or simultaneous written consent of the Protectors and in default of and subject to such determination upon trust for such of the Beneficiaries as shall then be in existence and if more than one in equal shares absolutely;

(c)      subject as aforesaid and in default of any surviving Beneficiary upon trust as to both capital and income of the Trust Fund for such charitable purposes as the Trustees shall in their discretion determine with the prior or simultaneous written consent of the Protectors.

2.      Powers of Appointment and Advancement

Notwithstanding the trusts powers and provisions hereinbefore declared and contained the Trustees may at any time or times during the Trust Period in their discretion with the prior or simultaneous written consent of the Protectors except in respect of sub-clause (e) which shall not require the prior or simultaneous written consent of the Protectors:

(a)      by any deed or deeds irrevocable or revocable during the Trust Period appoint the Trust Fund or any part or parts thereof on such new or other trusts powers and provisions governed by the law of any jurisdiction of and concerning the Trust Fund or any part or parts thereof for the benefit of the Beneficiaries or any one or more of them exclusive of the other or others at such age or time or respective ages or times and in such shares and proportions and subject to such powers of appointment vested in any person or persons and with such provisions for maintenance education or advancement or for accumulation of income or for the purpose of

raising a portion or portions or for spendthrift or protective trusts and otherwise at the discretion of any person or persons and with such discretionary trusts and powers exercisable by such persons and such powers and provisions generally whether of a beneficial or administrative nature by whomsoever exercisable and generally in such manner as the Trustees shall in their discretion think fit and for the purpose of giving effect to any such appointment by the same deed or deeds revoke all or any of the trusts powers and provisions herein contained with respect to the Trust Fund or the part or parts thereof to which such appointment relates and so that in the event of any such appointment the Trustees shall thenceforward hold the Trust Fund or the part or parts thereof to which such appointment relates upon and subject to the trusts powers and provisions so appointed in substitution for any of the trusts powers and provisions hereof so revoked as aforesaid and in priority to the other trusts powers and provisions herein declared and contained and in any appointment under the foregoing power the Trustees may delegate to any person or persons all or any of the powers and discretions by this Settlement or by law vested in the Trustees;

(b)     pay or apply the whole or any part or parts of the capital of the Trust Fund to or for the benefit of all or any one or more of the Beneficiaries or the Charitable Beneficiaries to the exclusion of the other or others of the Beneficiaries or Charitable Beneficiaries and in such respective amounts if more than one and generally in such manner as the Trustees shall in their discretion think fit;

(c)     pay or transfer the whole or any part or parts of the capital or income of the Trust Fund to the trustees for the time being of any other trust wheresoever established or existing and whether governed by the Proper Law of this Settlement or by the law of any other jurisdiction which has as its beneficiaries any one or more of the Beneficiaries notwithstanding that such other trusts may also contain trusts powers or provisions (discretionary or otherwise) in favour of some other person or object if the Trustees shall in their discretion consider such payment to be for the benefit of such one or more of the Beneficiaries;

(d)     settle any capital of the Trust Fund on all or any one or more of the Beneficiaries and any settlement made by the Trustees under this present power upon or for the benefit of any one or more of the Beneficiaries as aforesaid may be created in and under the law of any jurisdiction (being a jurisdiction which recognises settlements of the kind proposed to be made) and may contain such trusts powers and provisions whatsoever (including trusts powers and provisions to be exercised at the discretion of any person or persons) for the benefit of such Beneficiaries as the Trustees shall in their discretion think fit;

(e)     (i)     without prejudice to the generality of sub-clauses (a) and (b) above pay to any person out of the income or capital of the Trust Fund the whole or any part of any sum which may whether before at or after the time of the death of the Settlor be or become lawfully payable by the Settlor or his estate to such person whether as a primary obligation or under any guarantee surety indemnity or other document whatsoever (not being a document taking effect as a testamentary disposition) signed personally by the Settlor and any such payment shall be conclusively and irrebuttably presumed to be a payment or application for the benefit of the Settlor;

(ii)    enter into any commitment in writing undertaking to make a payment or application of funds as set out in sub-clause 6(e)(i) hereof and the entry into such a commitment shall likewise be conclusively and irrebuttably presumed to be for the benefit of the Settlor;

(iii)    not seek to recover from the Settlor his personal representatives or his estate the whole or any part of any amount which the Trustees may be entitled to recover by reason of having made a payment pursuant to the power contained in sub-clause 6(e)(i) hereof and such decision shall likewise be conclusively and irrebuttably presumed to be for the benefit of the Settlor;

AND so that for the purposes of this clause:

(i)    the provisions and powers hereinbefore conferred on the Trustees shall have effect notwithstanding any rule of law or equity restricting the delegation of a power or discretion;

(ii)    upon any such payment or transfer to the trustees of any other trust hereinbefore referred to the Trustees shall not be bound to see to the further application of such property;

(iii)    "trust" shall mean any trust created by any settlement declaration of trust will codicil or other instrument under the law of any jurisdiction and a person shall be deemed to be interested under a trust if any capital or income comprised in the trust is or may be transferred paid applied or appointed to him or for his benefit either pursuant to the terms of the trust or in consequence of an exercise of any power or discretion thereby conferred on any person.

**Schedule B**

| Trust | Jurisdiction of Trust Formation and Administration / Residence and Citizenship | Trustee | Trustee Jurisdiction of Formation and Administration / Residence and Citizenship | Directors of Trust Company Trustees | Officers of Trust Company Trustees | Protectors |
|---|---|---|---|---|---|---|
| Angonoka Trust | Jersey, Channel Islands | Maydean Trust Company Ltd. | Jersey, Channel Islands | Jörg Fischer, Leslie J. Schreyer, Kerry J. Sulkowicz, Jonathan G. White | n/a | Bowland Company Limited Alexa M Saunders Hermance B.M. Schaepman |
| Beacon Trust | Jersey, Channel Islands | Heatheridge Trust Company Ltd. | Jersey, Channel Islands | Jörg Fischer, Leslie J. Schreyer, Kerry J. Sulkowicz, Jonathan G. White | n/a | Bowland Company Limited Alexa M Saunders |
| Canadian Partnership Trust | Jersey, Channel Islands | Sandiway Trust Company Ltd. | Jersey, Channel Islands | Jörg Fischer, Leslie J. Schreyer, Kerry J. Sulkowicz, Jonathan G. White | n/a | Bowland Company Limited |
| Clover Trust | Jersey, Channel Islands | Millborne Trust Company Ltd. | Jersey, Channel Islands | Jörg Fischer, Leslie J. Schreyer, Kerry J. Sulkowicz, Jonathan G. White | n/a | Bowland Company Limited Alexa M Saunders Hermance B.M. Schaepman |

| Trust | Jurisdiction of Trust Formation and Administration / Residence and Citizenship | Trustee | Trustee Jurisdiction of Formation and Administration / Residence and Citizenship | Directors of Trust Company Trustees | Officers of Trust Company Trustees | Protectors |
|---|---|---|---|---|---|---|
| Cobo Bay Trust | Jersey, Channel Islands | Maydean Trust Company Ltd. | Jersey, Channel Islands | Jörg Fischer, Leslie J. Schreyer, Kerry J. Sulkowicz, Jonathan G. White | n/a | Bowland Company Limited Alexa M Saunders Hermance B.M. Schaepman |
| Diagonal Blue Trust | Jersey, Channel Islands | Millborne Trust Company Ltd. | Jersey, Channel Islands | Jörg Fischer, Leslie J. Schreyer, Kerry J. Sulkowicz, Jonathan G. White | n/a | Bowland Company Limited Alexa M Saunders Hermance B.M. Schaepman |
| Fidinc Trust | Jersey, Channel Islands | Hagan Trust Company Ltd. | Jersey, Channel Islands | Jörg Fischer, Leslie J. Schreyer, Kerry J. Sulkowicz, Jonathan G. White | n/a | Bowland Company Limited Alexa M Saunders Hermance B.M. Schaepman |
| Glebe II Trust | Jersey, Channel Islands | Chelsea Trust Company Ltd. | Jersey, Channel Islands | Jörg Fischer, Leslie J. Schreyer, Kerry J. Sulkowicz, Jonathan G. White | n/a | Alexa M Saunders Hermance B.M. Schaepman |

| Trust | Jurisdiction of Trust Formation and Administration / Residence and Citizenship | Trustee | Trustee Jurisdiction of Formation and Administration / Residence and Citizenship | Directors of Trust Company Trustees | Officers of Trust Company Trustees | Protectors |
|---|---|---|---|---|---|---|
| Gorey Trust | Jersey, Channel Islands | Millborne Trust Company Ltd. | Jersey, Channel Islands | Jörg Fischer, Leslie J. Schreyer, Kerry J. Sulkowicz, Jonathan G. White | n/a | Alexa M Saunders Hermance B.M. Schaepman |
| Halm Trust | Jersey, Channel Islands | Hillside Trust Company Ltd. | Jersey, Channel Islands | Jörg Fischer, Leslie J. Schreyer, Kerry J. Sulkowicz, Jonathan G. White | n/a | Bowland Company Limited Alexa M Saunders Hermance B.M. Schaepman |
| Hercules Trust | Jersey, Channel Islands | Millborne Trust Company Ltd. | Jersey, Channel Islands | Jörg Fischer, Leslie J. Schreyer, Kerry J. Sulkowicz, Jonathan G. White | n/a | Bowland Company Limited Alexa M Saunders Hermance B.M. Schaepman |
| Ilene S. Lefcourt Trust 88 | Jersey, Channel Islands / Wyoming | Flat Creek Fiduciary Management LLC | Wyoming | n/a | Jörg Fischer, Leslie J. Schreyer, Kerry J. Sulkowicz, Jonathan G. White, Jeffrey A. Robins, Barbara J. Hoeft, Patricia S. Overdyke | Hermance B.M. SchaepmanLeslie J. SchreyerJeffrey A. Robins |

| Trust | Jurisdiction of Trust Formation and Administration / Residence and Citizenship | Trustee | Trustee Jurisdiction of Formation and Administration / Residence and Citizenship | Directors of Trust Company Trustees | Officers of Trust Company Trustees | Protectors |
|---|---|---|---|---|---|---|
| Ilene S. Lefcourt Trust 96 | Jersey, Channel Islands | Chelsea Trust Company Ltd. | Jersey, Channel Islands | Jörg Fischer, Leslie J. Schreyer, Kerry J. Sulkowicz, Jonathan G. White | n/a | Alexa M Saunders Hermance B.M. Schaepman |
| Inholmes Trust | Jersey, Channel Islands | Chelsea Trust Company Ltd. | Jersey, Channel Islands | Jörg Fischer, Leslie J. Schreyer, Kerry J. Sulkowicz, Jonathan G. White | n/a | Alexa M Saunders Hermance B.M. Schaepman |
| ISL 2010 Family Trust | Jersey, Channel Islands / Wyoming | Flat Creek Fiduciary Management LLC | Wyoming | n/a | Jörg Fischer, Leslie J. Schreyer, Kerry J. Sulkowicz, Jonathan G. White, Jeffrey A. Robins, Barbara J. Hoeft, Patricia S. Overdyke | Hermance B.M. Schaepman Leslie J. Schreyer Jeffrey A. Robins |
| ISL 2011 Family Trust | Jersey, Channel Islands / Wyoming | Flat Creek Fiduciary Management LLC | Wyoming | n/a | Jörg Fischer, Leslie J. Schreyer, Kerry J. Sulkowicz, Jonathan G. White, Jeffrey A. Robins, Barbara J. Hoeft, Patricia S. Overdyke | Hermance B.M. Schaepman Leslie J. Schreyer Jeffrey A. Robins |

| Trust | Jurisdiction of Trust Formation and Administration / Residence and Citizenship | Trustee | Trustee Jurisdiction of Formation and Administration / Residence and Citizenship | Directors of Trust Company Trustees | Officers of Trust Company Trustees | Protectors |
|---|---|---|---|---|---|---|
| ISL JML OSHA Trust | USA/Wyo | Flat Creek Fiduciary Management LLC | Wyoming | n/a | Jörg Fischer, Leslie J. Schreyer, Kerry J. Sulkowicz, Jonathan G. White, Jeffrey A. Robins, Barbara J. Hoeft, Patricia S. Overdyke | n/a |
| ISL LT Children's Trust | USA/Wyo | Flat Creek Fiduciary Management LLC | Wyoming | n/a | Jörg Fischer, Leslie J. Schreyer, Kerry J. Sulkowicz, Jonathan G. White, Jeffrey A. Robins, Barbara J. Hoeft, Patricia S. Overdyke | n/a |
| Jackson River Trust | Jersey, Channel Islands / Wyoming | Soft River Fiduciary Management LLC | Wyoming | n/a | Jörg Fischer, Leslie J. Schreyer, Kerry J. Sulkowicz, Jonathan G. White, Jeffrey A. Robins, Barbara J. Hoeft, Patricia S. Overdyke | Hermance B.M. SchaepmanLeslie J. SchreyerJeffrey A. Robins |

| Trust | Jurisdiction of Trust Formation and Administration / Residence and Citizenship | Trustee | Trustee Jurisdiction of Formation and Administration / Residence and Citizenship | Directors of Trust Company Trustees | Officers of Trust Company Trustees | Protectors |
|---|---|---|---|---|---|---|
| JML 2010 Family Trust | Jersey, Channel Islands / Wyoming | Flat Creek Fiduciary Management LLC | Wyoming | n/a | Jörg Fischer, Leslie J. Schreyer, Kerry J. Sulkowicz, Jonathan G. White, Jeffrey A. Robins, Barbara J. Hoeft, Patricia S. Overdyke | Hermance B.M. Schaepman Leslie J. Schreyer Jeffrey A. Robins |
| JML 2011 Family Trust | Jersey, Channel Islands / Wyoming | Flat Creek Fiduciary Management LLC | Wyoming | n/a | Jörg Fischer, Leslie J. Schreyer, Kerry J. Sulkowicz, Jonathan G. White, Jeffrey A. Robins, Barbara J. Hoeft, Patricia S. Overdyke | Hermance B.M. Schaepman Leslie J. Schreyer Jeffrey A. Robins |
| JML Investment Trust | Jersey, Channel Islands / Wyoming | Jeffrey Lefcourt and Flat Creek Fiduciary Management LLC | Wyoming | n/a | Jörg Fischer, Leslie J. Schreyer, Kerry J. Sulkowicz, Jonathan G. White, Jeffrey A. Robins, Barbara J. Hoeft, Patricia S. Overdyke | Hermance B.M. Schaepman Leslie J. Schreyer Jeffrey A. Robins |

| Trust | Jurisdiction of Trust Formation and Administration / Residence and Citizenship | Trustee | Trustee Jurisdiction of Formation and Administration / Residence and Citizenship | Directors of Trust Company Trustees | Officers of Trust Company Trustees | Protectors |
|---|---|---|---|---|---|---|
| JML OSHA Trust | USA/Wyo | Flat Creek Fiduciary Management LLC | Wyoming | n/a | Jörg Fischer, Leslie J. Schreyer, Kerry J. Sulkowicz, Jonathan G. White, Jeffrey A. Robins, Barbara J. Hoeft, Patricia S. Overdyke | n/a |
| KAS 1988 Trust | Jersey, Channel Islands | Chelsea Trust Company Ltd. | Jersey, Channel Islands | Jörg Fischer, Leslie J. Schreyer, Kerry J. Sulkowicz, Jonathan G. White | n/a | Alexa M Saunders Hermance B.M. Schaepman |
| KAS 1996 Trust | Jersey, Channel Islands | Chelsea Trust Company Ltd. | Jersey, Channel Islands | Jörg Fischer, Leslie J. Schreyer, Kerry J. Sulkowicz, Jonathan G. White | n/a | Alexa M Saunders Hermance B.M. Schaepman |
| KAS 2001 Trust | Jersey, Channel Islands | Chelsea Trust Company Ltd. | Jersey, Channel Islands | Jörg Fischer, Leslie J. Schreyer, Kerry J. Sulkowicz, Jonathan G. White | n/a | Alexa M Saunders Hermance B.M. Schaepman |

| Trust | Jurisdiction of Trust Formation and Administration / Residence and Citizenship | Trustee | Trustee Jurisdiction of Formation and Administration / Residence and Citizenship | Directors of Trust Company Trustees | Officers of Trust Company Trustees | Protectors |
|---|---|---|---|---|---|---|
| KLT 2010 Family Trust | Jersey, Channel Islands / Wyoming | Flat Creek Fiduciary Management LLC | Wyoming | n/a | Jörg Fischer, Leslie J. Schreyer, Kerry J. Sulkowicz, Jonathan G. White, Jeffrey A. Robins, Barbara J. Hoeft, Patricia S. Overdyke | Hermance B.M. SchaepmanLeslie J. SchreyerJeffrey A. Robins |
| KLT 2011 Family Trust | Jersey, Channel Islands / Wyoming | Flat Creek Fiduciary Management LLC | Wyoming | n/a | Jörg Fischer, Leslie J. Schreyer, Kerry J. Sulkowicz, Jonathan G. White, Jeffrey A. Robins, Barbara J. Hoeft, Patricia S. Overdyke | Hermance B.M. Schaepman Leslie J. Schreyer Jeffrey A. Robins |
| La Coupe Trust | Jersey, Channel Islands | Millborne Trust Company Ltd. | Jersey, Channel Islands | Jörg Fischer, Leslie J. Schreyer, Kerry J. Sulkowicz, Jonathan G. White | n/a | Alexa M Saunders Hermance B.M. Schaepman |
| Lune River Trust | Jersey, Channel Islands | Maydean Trust Company Ltd. | Jersey, Channel Islands | Jörg Fischer, Leslie J. Schreyer, Kerry J. Sulkowicz, Jonathan G. White | n/a | Bowland Company Limited Alexa M Saunders Hermance B.M. Schaepman |

| Trust | Jurisdiction of Trust Formation and Administration / Residence and Citizenship | Trustee | Trustee Jurisdiction of Formation and Administration / Residence and Citizenship | Directors of Trust Company Trustees | Officers of Trust Company Trustees | Protectors |
|---|---|---|---|---|---|---|
| May Trust | Jersey, Channel Islands | Sandiway Trust Company Ltd. | Jersey, Channel Islands | Jörg Fischer, Leslie J. Schreyer, Kerry J. Sulkowicz, Jonathan G. White | n/a | Bowland Company Limited Alexa M Saunders Hermance B.M. Schaepman |
| MDAS 2010 Family Trust | Jersey, Channel Islands / Wyoming | Flat Creek Fiduciary Management LLC | Wyoming | n/a | Jörg Fischer, Leslie J. Schreyer, Kerry J. Sulkowicz, Jonathan G. White, Jeffrey A. Robins, Barbara J. Hoeft, Patricia S. Overdyke | Hermance B.M. Schaepman Leslie J. Schreyer |
| MDAS 2011 Family Trust | Jersey, Channel Islands / Wyoming | Flat Creek Fiduciary Management LLC | Wyoming | n/a | Jörg Fischer, Leslie J. Schreyer, Kerry J. Sulkowicz, Jonathan G. White, Jeffrey A. Robins, Barbara J. Hoeft, Patricia S. Overdyke | Hermance B.M. Schaepman Leslie J. Schreyer |

| Trust | Jurisdiction of Trust Formation and Administration / Residence and Citizenship | Trustee | Trustee Jurisdiction of Formation and Administration / Residence and Citizenship | Directors of Trust Company Trustees | Officers of Trust Company Trustees | Protectors |
|---|---|---|---|---|---|---|
| MDAS Children's Trust 2012 | Wyoming | Flat Creek Fiduciary Management LLC | Wyoming | n/a | Jörg Fischer, Leslie J. Schreyer, Kerry J. Sulkowicz, Jonathan G. White, Jeffrey A. Robins, Barbara J. Hoeft, Patricia S. Overdyke | n/a |
| MDAS Investment Trust | New York / New York | Flat Creek Fiduciary Management LLC and Mortimer D.A. Sackler | Wyoming | n/a | Jörg Fischer, Leslie J. Schreyer, Kerry J. Sulkowicz, Jonathan G. White, Jeffrey A. Robins, Barbara J. Hoeft, Patricia S. Overdyke | n/a |
| MDS 1992 Trust | Jersey, Channel Islands | Chelsea Trust Company Ltd. | Jersey, Channel Islands | Jörg Fischer, Leslie J. Schreyer, Kerry J. Sulkowicz, Jonathan G. White | n/a | Alexa M Saunders Hermance B.M. Schaepman |
| MDS 2002 Trust | Jersey, Channel Islands | Chelsea Trust Company Ltd. | Jersey, Channel Islands | Jörg Fischer, Leslie J. Schreyer, Kerry J. Sulkowicz, Jonathan G. White | n/a | Alexa M Saunders Hermance B.M. Schaepman |

| Trust | Jurisdiction of Trust Formation and Administration / Residence and Citizenship | Trustee | Trustee Jurisdiction of Formation and Administration / Residence and Citizenship | Directors of Trust Company Trustees | Officers of Trust Company Trustees | Protectors |
|---|---|---|---|---|---|---|
| MDS 2006 Trust | Jersey, Channel Islands | Chelsea Trust Company Ltd. | Jersey, Channel Islands | Jörg Fischer, Leslie J. Schreyer, Kerry J. Sulkowicz, Jonathan G. White | n/a | Alexa M Saunders Hermance B.M. Schaepman |
| MDS Beacon 2010 Trust | Jersey, Channel Islands | Chelsea Trust Company Ltd. | Jersey, Channel Islands | Jörg Fischer, Leslie J. Schreyer, Kerry J. Sulkowicz, Jonathan G. White | n/a | Alexa M Saunders Hermance B.M. Schaepman |
| MDS Beacon 2011 Trust | Jersey, Channel Islands | Chelsea Trust Company Ltd. | Jersey, Channel Islands | Jörg Fischer, Leslie J. Schreyer, Kerry J. Sulkowicz, Jonathan G. White | n/a | Alexa M Saunders Hermance B.M. Schaepman |
| MDS Beacon 2012 Trust | Jersey, Channel Islands | Chelsea Trust Company Ltd. | Jersey, Channel Islands | Jörg Fischer, Leslie J. Schreyer, Kerry J. Sulkowicz, Jonathan G. White | n/a | Alexa M Saunders Hermance B.M. Schaepman |

| Trust | Jurisdiction of Trust Formation and Administration / Residence and Citizenship | Trustee | Trustee Jurisdiction of Formation and Administration / Residence and Citizenship | Directors of Trust Company Trustees | Officers of Trust Company Trustees | Protectors |
|---|---|---|---|---|---|---|
| MDS Beacon 2013 Trust | Jersey, Channel Islands | Chelsea Trust Company Ltd. | Jersey, Channel Islands | Jörg Fischer, Leslie J. Schreyer, Kerry J. Sulkowicz, Jonathan G. White | n/a | Alexa M Saunders Hermance B.M. Schaepman |
| MDS Family Trust 2010 | Jersey, Channel Islands | Chelsea Trust Company Ltd. | Jersey, Channel Islands | Jörg Fischer, Leslie J. Schreyer, Kerry J. Sulkowicz, Jonathan G. White | n/a | Alexa M Saunders Hermance B.M. Schaepman |
| Medichem Trust | Jersey, Channel Islands | Hillside Trust Company Ltd. | Jersey, Channel Islands | Jörg Fischer, Leslie J. Schreyer, Kerry J. Sulkowicz, Jonathan G. White | n/a | Bowland Company Limited Alexa M Saunders Hermance B.M. Schaepman |
| Meerkat Trust | Jersey, Channel Islands | Millborne Trust Company Ltd. | Jersey, Channel Islands | Jörg Fischer, Leslie J. Schreyer, Kerry J. Sulkowicz, Jonathan G. White | n/a | Bowland Company Limited Alexa M Saunders Hermance B.M. Schaepman |
| Memphis Pharma Trust | Jersey, Channel Islands | Maydean Trust Company Ltd. | Jersey, Channel Islands | Jörg Fischer, Leslie J. Schreyer, Kerry J. Sulkowicz, Jonathan G. White | n/a | Bowland Company LimitedAlexa M SaundersHermance B.M. Schaepman |

| Trust | Jurisdiction of Trust Formation and Administration / Residence and Citizenship | Trustee | Trustee Jurisdiction of Formation and Administration / Residence and Citizenship | Directors of Trust Company Trustees | Officers of Trust Company Trustees | Protectors |
|---|---|---|---|---|---|---|
| MIL Trust | Jersey, Channel Islands | Millborne Trust Company Ltd. | Jersey, Channel Islands | Jörg Fischer, Leslie J. Schreyer, Kerry J. Sulkowicz, Jonathan G. White | n/a | Bowland Company Limited Alexa M Saunders Hermance B.M. Schaepman |
| Millennium Trust | Jersey, Channel Islands | Chelsea Trust Company Ltd. | Jersey, Channel Islands | Jörg Fischer, Leslie J. Schreyer, Kerry J. Sulkowicz, Jonathan G. White | n/a | Bowland Company Limited Alexa M Saunders Hermance B.M. Schaepman |
| Milton Trust | Jersey, Channel Islands | Hillside Trust Company Ltd. | Jersey, Channel Islands | Jörg Fischer, Leslie J. Schreyer, Kerry J. Sulkowicz, Jonathan G. White | n/a | Bowland Company Limited Alexa M Saunders Hermance B.M. Schaepman |
| Mondai Trust | Jersey, Channel Islands | Tayleigh Trust Company Ltd. | Jersey, Channel Islands | Jörg Fischer, Leslie J. Schreyer, Kerry J. Sulkowicz, Jonathan G. White | n/a | Bowland Company Limited Alexa M Saunders Hermance B.M. Schaepman |

| Trust | Jurisdiction of Trust Formation and Administration / Residence and Citizenship | Trustee | Trustee Jurisdiction of Formation and Administration / Residence and Citizenship | Directors of Trust Company Trustees | Officers of Trust Company Trustees | Protectors |
|---|---|---|---|---|---|---|
| Mortimer DA Sackler Trust 1996 | Jersey, Channel Islands | Chelsea Trust Company Ltd. | Jersey, Channel Islands | Jörg Fischer, Leslie J. Schreyer, Kerry J. Sulkowicz, Jonathan G. White | n/a | Hermance B.M. Schaepman |
| Mortimer DA Sackler Trust 2002 | Jersey, Channel Islands / Wyoming | Flat Creek Fiduciary Management LLC | Wyoming | n/a | Jörg Fischer, Leslie J. Schreyer, Kerry J. Sulkowicz, Jonathan G. White, Jeffrey A. Robins, Barbara J. Hoeft, Patricia S. Overdyke | Hermance B.M. Schaepman Leslie J. Schreyer |
| Morvetta Trust | Jersey, Channel Islands | Hagen Trust Company Ltd. | Jersey, Channel Islands | Jörg Fischer, Leslie J. Schreyer, Kerry J. Sulkowicz, Jonathan G. White | n/a | Bowland Company Limited Alexa M Saunders Hermance B.M. Schaepman |
| MTS 2002 Trust | Jersey, Channel Islands | Chelsea Trust Company Ltd. | Jersey, Channel Islands | Jörg Fischer, Leslie J. Schreyer, Kerry J. Sulkowicz, Jonathan G. White | n/a | Alexa M Saunders Hermance B.M. Schaepman |

| Trust | Jurisdiction of Trust Formation and Administration / Residence and Citizenship | Trustee | Trustee Jurisdiction of Formation and Administration / Residence and Citizenship | Directors of Trust Company Trustees | Officers of Trust Company Trustees | Protectors |
|---|---|---|---|---|---|---|
| MTS 2006 Trust | Jersey, Channel Islands | Chelsea Trust Company Ltd. | Jersey, Channel Islands | Jörg Fischer, Leslie J. Schreyer, Kerry J. Sulkowicz, Jonathan G. White | n/a | Alexa M Saunders Hermance B.M. Schaepman |
| MTS 2013 Family Trust | Jersey, Channel Islands / Wyoming | Flat Creek Fiduciary Management LLC | Wyoming | n/a | Jörg Fischer, Leslie J. Schreyer, Kerry J. Sulkowicz, Jonathan G. White, Jeffrey A. Robins, Barbara J. Hoeft, Patricia S. Overdyke | Hermance B.M. SchaepmanLeslie J. SchreyerJeffrey A. Robins |
| MTS 2016 Trust | Jersey, Channel Islands | Chelsea Trust Company Ltd. | Jersey, Channel Islands | Jörg Fischer, Leslie J. Schreyer, Kerry J. Sulkowicz, Jonathan G. White | n/a | Alexa M Saunders Hermance B.M. Schaepman |
| MTS Bare Trust | England | Chelsea Trust Company Ltd. | Jersey, Channel Islands | Jörg Fischer, Leslie J. Schreyer, Kerry J. Sulkowicz, Jonathan G. White | n/a | none |

| Trust | Jurisdiction of Trust Formation and Administration / Residence and Citizenship | Trustee | Trustee Jurisdiction of Formation and Administration / Residence and Citizenship | Directors of Trust Company Trustees | Officers of Trust Company Trustees | Protectors |
|---|---|---|---|---|---|---|
| MTS Beacon 2013 Trust | Jersey, Channel Islands / Wyoming | Flat Creek Fiduciary Management LLC | Wyoming | n/a | Jörg Fischer, Leslie J. Schreyer, Kerry J. Sulkowicz, Jonathan G. White, Jeffrey A. Robins, Barbara J. Hoeft, Patricia S. Overdyke | Hermance B.M. Schaepman Leslie J. Schreyer Jeffrey A. Robins |
| MTS Beacon 2014 Trust | Jersey, Channel Islands / Wyoming | Flat Creek Fiduciary Management LLC | Wyoming | n/a | Jörg Fischer, Leslie J. Schreyer, Kerry J. Sulkowicz, Jonathan G. White, Jeffrey A. Robins, Barbara J. Hoeft, Patricia S. Overdyke | Hermance B.M. Schaepman Leslie J. Schreyer Jeffrey A. Robins |
| MTS Beacon 2015 Trust | Jersey, Channel Islands / Wyoming | Flat Creek Fiduciary Management LLC | Wyoming | n/a | Jörg Fischer, Leslie J. Schreyer, Kerry J. Sulkowicz, Jonathan G. White, Jeffrey A. Robins, Barbara J. Hoeft, Patricia S. Overdyke | Hermance B.M. Schaepman Leslie J. Schreyer Jeffrey A. Robins |

| Trust | Jurisdiction of Trust Formation and Administration / Residence and Citizenship | Trustee | Trustee Jurisdiction of Formation and Administration / Residence and Citizenship | Directors of Trust Company Trustees | Officers of Trust Company Trustees | Protectors |
|---|---|---|---|---|---|---|
| MTS Beacon Trust 2010 | Jersey, Channel Islands | Chelsea Trust Company Ltd. | Jersey, Channel Islands | Jörg Fischer, Leslie J. Schreyer, Kerry J. Sulkowicz, Jonathan G. White | n/a | Alexa M Saunders Hermance B.M. Schaepman |
| MTS Beacon Trust 2011 | Jersey, Channel Islands | Chelsea Trust Company Ltd. | Jersey, Channel Islands | Jörg Fischer, Leslie J. Schreyer, Kerry J. Sulkowicz, Jonathan G. White | n/a | Alexa M Saunders Hermance B.M. Schaepman |
| MTS Beacon Trust 2012 | Jersey, Channel Islands | Chelsea Trust Company Ltd. | Jersey, Channel Islands | Jörg Fischer, Leslie J. Schreyer, Kerry J. Sulkowicz, Jonathan G. White | n/a | Alexa M Saunders Hermance B.M. Schaepman |
| MTS Family Trust 2010 | Jersey, Channel Islands | Chelsea Trust Company Ltd. | Jersey, Channel Islands | Jörg Fischer, Leslie J. Schreyer, Kerry J. Sulkowicz, Jonathan G. White | n/a | Alexa M SaundersHermance B.M. Schaepman |
| Mundi Lab Trust | Jersey, Channel Islands | Tayleigh Trust Company Ltd. | Jersey, Channel Islands | Jörg Fischer, Leslie J. Schreyer, Kerry J. Sulkowicz, Jonathan G. White | n/a | Bowland Company Limited Alexa M Saunders Hermance B.M. Schaepman |

| Trust | Jurisdiction of Trust Formation and Administration / Residence and Citizenship | Trustee | Trustee Jurisdiction of Formation and Administration / Residence and Citizenship | Directors of Trust Company Trustees | Officers of Trust Company Trustees | Protectors |
|---|---|---|---|---|---|---|
| PALP Trust | Wyoming (originally formed under NY law)/Wyoming | Soft River Fiduciary Management LLC | Wyoming | n/a | Jörg Fischer, Leslie J. Schreyer, Kerry J. Sulkowicz, Jonathan G. White, Jeffrey A. Robins, Barbara J. Hoeft, Patricia S. Overdyke | n/a |
| Perelle Bay Trust | Jersey, Channel Islands | Tenzin Trust Company Ltd. | Jersey, Channel Islands | Jörg Fischer, Leslie J. Schreyer, Kerry J. Sulkowicz, Jonathan G. White | n/a | Bowland Company Limited Alexa M Saunders Hermance B.M. Schaepman |
| Pickering Trust | Jersey, Channel Islands | Themar Trust Company Ltd. | Jersey, Channel Islands | Jörg Fischer, Leslie J. Schreyer, Kerry J. Sulkowicz, Jonathan G. White | n/a | Bowland Company Limited Alexa M Saunders Hermance B.M. Schaepman |
| Racine Trust | Jersey, Channel Islands | Chelsea Trust Company Ltd. | Jersey, Channel Islands | Jörg Fischer, Leslie J. Schreyer, Kerry J. Sulkowicz, Jonathan G. White | n/a | Bowland Company Limited Alexa M Saunders Hermance B.M. Schaepman |

| Trust | Jurisdiction of Trust Formation and Administration / Residence and Citizenship | Trustee | Trustee Jurisdiction of Formation and Administration / Residence and Citizenship | Directors of Trust Company Trustees | Officers of Trust Company Trustees | Protectors |
|---|---|---|---|---|---|---|
| Reserve Trust | Jersey, Channel Islands | Tayleigh Trust Company Ltd. | Jersey, Channel Islands | Jörg Fischer, Leslie J. Schreyer, Kerry J. Sulkowicz, Jonathan G. White | n/a | Bowland Company Limited Alexa M Saunders Hermance B.M. Schaepman |
| Romas Trust | Jersey, Channel Islands | Chelsea Trust Company Ltd. | Jersey, Channel Islands | Jörg Fischer, Leslie J. Schreyer, Kerry J. Sulkowicz, Jonathan G. White | n/a | Bowland Company Limited Alexa M Saunders Hermance B.M. Schaepman |
| Samantha Hunt 1996 Trust | Jersey, Channel Islands | Chelsea Trust Company Ltd. | Jersey, Channel Islands | Jörg Fischer, Leslie J. Schreyer, Kerry J. Sulkowicz, Jonathan G. White | n/a | Alexa M Saunders Hermance B.M. Schaepman |
| Samantha S Hunt 2002 Trust | Jersey, Channel Islands | Chelsea Trust Company Ltd. | Jersey, Channel Islands | Jörg Fischer, Leslie J. Schreyer, Kerry J. Sulkowicz, Jonathan G. White | n/a | Alexa M Saunders Hermance B.M. Schaepman |

| Trust | Jurisdiction of Trust Formation and Administration / Residence and Citizenship | Trustee | Trustee Jurisdiction of Formation and Administration / Residence and Citizenship | Directors of Trust Company Trustees | Officers of Trust Company Trustees | Protectors |
|---|---|---|---|---|---|---|
| SDS 1992 Trust | Jersey, Channel Islands | Chelsea Trust Company Ltd. | Jersey, Channel Islands | Jörg Fischer, Leslie J. Schreyer, Kerry J. Sulkowicz, Jonathan G. White | n/a | Alexa M Saunders Hermance B.M. Schaepman |
| SDS 2002 Trust | Jersey, Channel Islands | Chelsea Trust Company Ltd. | Jersey, Channel Islands | Jörg Fischer, Leslie J. Schreyer, Kerry J. Sulkowicz, Jonathan G. White | n/a | Alexa M SaundersHermance B.M. Schaepman |
| SDS 2006 Trust | Jersey, Channel Islands | Chelsea Trust Company Ltd. | Jersey, Channel Islands | Jörg Fischer, Leslie J. Schreyer, Kerry J. Sulkowicz, Jonathan G. White | n/a | Alexa M Saunders Hermance B.M. Schaepman |
| SDS Bare Trust | England | Chelsea Trust Company Ltd. | Jersey, Channel Islands | Jörg Fischer, Leslie J. Schreyer, Kerry J. Sulkowicz, Jonathan G. White | n/a | none |
| SDS Beacon 2011 Trust | Jersey, Channel Islands | Chelsea Trust Company Ltd. | Jersey, Channel Islands | Jörg Fischer, Leslie J. Schreyer, Kerry J. Sulkowicz, Jonathan G. White | n/a | Alexa M Saunders Hermance B.M. Schaepman |

| Trust | Jurisdiction of Trust Formation and Administration / Residence and Citizenship | Trustee | Trustee Jurisdiction of Formation and Administration / Residence and Citizenship | Directors of Trust Company Trustees | Officers of Trust Company Trustees | Protectors |
|---|---|---|---|---|---|---|
| SDS Beacon 2012 Trust | Jersey, Channel Islands | Chelsea Trust Company Ltd. | Jersey, Channel Islands | Jörg Fischer, Leslie J. Schreyer, Kerry J. Sulkowicz, Jonathan G. White | n/a | Alexa M Saunders Hermance B.M. Schaepman |
| SDS Beacon 2014 Trust | Jersey, Channel Islands | Chelsea Trust Company Ltd. | Jersey, Channel Islands | Jörg Fischer, Leslie J. Schreyer, Kerry J. Sulkowicz, Jonathan G. White | n/a | Alexa M Saunders Hermance B.M. Schaepman |
| SDS Family Trust 2010 | Jersey, Channel Islands | Chelsea Trust Company Ltd. | Jersey, Channel Islands | Jörg Fischer, Leslie J. Schreyer, Kerry J. Sulkowicz, Jonathan G. White | n/a | Alexa M Saunders Hermance B.M. Schaepman |
| Settlement dated 14 September 1998 | Jersey, Channel Islands | Chelsea Trust Company Ltd. | Jersey, Channel Islands | Jörg Fischer, Leslie J. Schreyer, Kerry J. Sulkowicz, Jonathan G. White | n/a | Bowland Company Limited Hermance B.M. Schaepman |

| Trust | Jurisdiction of Trust Formation and Administration / Residence and Citizenship | Trustee | Trustee Jurisdiction of Formation and Administration / Residence and Citizenship | Directors of Trust Company Trustees | Officers of Trust Company Trustees | Protectors |
|---|---|---|---|---|---|---|
| Settlement dated 16 September 1998 | Jersey, Channel Islands | Chelsea Trust Company Ltd. | Jersey, Channel Islands | Jörg Fischer, Leslie J. Schreyer, Kerry J. Sulkowicz, Jonathan G. White | n/a | Bowland Company Limited Hermance B.M. Schaepman |
| Settlement dated 19 December 2000 | Jersey, Channel Islands | Chelsea Trust Company Ltd. | Jersey, Channel Islands | Jörg Fischer, Leslie J. Schreyer, Kerry J. Sulkowicz, Jonathan G. White | n/a | Alexa M Saunders Hermance B.M. Schaepman |
| Sheffield Trust | Jersey, Channel Islands | Chelsea Trust Company Ltd. | Jersey, Channel Islands | Jörg Fischer, Leslie J. Schreyer, Kerry J. Sulkowicz, Jonathan G. White | n/a | Bowland Company Limited Alexa M Saunders Hermance B.M. Schaepman |
| Silver Trust | Jersey, Channel Islands | Millborne Trust Company Ltd. | Jersey, Channel Islands | Jörg Fischer, Leslie J. Schreyer, Kerry J. Sulkowicz, Jonathan G. White | n/a | Bowland Company Limited Alexa M Saunders Hermance B.M. Schaepman |
| SSSH 2013 Family Trust | Jersey, Channel Islands | Chelsea Trust Company Ltd. | Jersey, Channel Islands | Jörg Fischer, Leslie J. Schreyer, Kerry J. Sulkowicz, Jonathan G. White | n/a | Alexa M SaundersHermance B.M. Schaepman |

| Trust | Jurisdiction of Trust Formation and Administration / Residence and Citizenship | Trustee | Trustee Jurisdiction of Formation and Administration / Residence and Citizenship | Directors of Trust Company Trustees | Officers of Trust Company Trustees | Protectors |
|---|---|---|---|---|---|---|
| SSSH Beacon 2013 Trust | Jersey, Channel Islands | Chelsea Trust Company Ltd. | Jersey, Channel Islands | Jörg Fischer, Leslie J. Schreyer, Kerry J. Sulkowicz, Jonathan G. White | n/a | Alexa M Saunders Hermance B.M. Schaepman |
| Taddeo Trust | wyo/wyo | Taddeo Fiduciary Management Inc | Wyoming | J. A. Robins Leslie J. Schreyer Jonathan G. White | Leslie J. Schreyer, Patricia S. Overdyke Matthew Bahr | n/a |
| TES Bare Trust | England | Chelsea Trust Company Ltd. | Jersey, Channel Islands | Jörg Fischer, Leslie J. Schreyer, Kerry J. Sulkowicz, Jonathan G. White | n/a | none |

| Trust | Jurisdiction of Trust Formation and Administration / Residence and Citizenship | Trustee | Trustee Jurisdiction of Formation and Administration / Residence and Citizenship | Directors of Trust Company Trustees | Officers of Trust Company Trustees | Protectors |
|---|---|---|---|---|---|---|
| TES Beacon 2012 Trust | Jersey, Channel Islands | Chelsea Trust Company Ltd. | Jersey, Channel Islands | Jörg Fischer, Leslie J. Schreyer, Kerry J. Sulkowicz, Jonathan G. White | n/a | Alexa M Saunders Hermance B.M. Schaepman |
| TES Beacon 2013 Trust | Jersey, Channel Islands | Chelsea Trust Company Ltd. | Jersey, Channel Islands | Jörg Fischer, Leslie J. Schreyer, Kerry J. Sulkowicz, Jonathan G. White | n/a | Alexa M Saunders Hermance B.M. Schaepman |

| Trust | Jurisdiction of Trust Formation and Administration / Residence and Citizenship | Trustee | Trustee Jurisdiction of Formation and Administration / Residence and Citizenship | Directors of Trust Company Trustees | Officers of Trust Company Trustees | Protectors |
|---|---|---|---|---|---|---|
| TES Beacon 2014 Trust | Jersey, Channel Islands | Chelsea Trust Company Ltd. | Jersey, Channel Islands | Jörg Fischer, Leslie J. Schreyer, Kerry J. Sulkowicz, Jonathan G. White | n/a | Alexa M Saunders Hermance B.M. Schaepman |
| Theresa E. Sackler 1988 Trust | Jersey, Channel Islands | Chelsea Trust Company Ltd. | Jersey, Channel Islands | Jörg Fischer, Leslie J. Schreyer, Kerry J. Sulkowicz, Jonathan G. White | n/a | Alexa M Saunders Hermance B.M. Schaepman |
| Theresa E. Sackler 2008 Trust | Jersey, Channel Islands | Chelsea Trust Company Ltd. | Jersey, Channel Islands | Jörg Fischer, Leslie J. Schreyer, Kerry J. Sulkowicz, Jonathan G. White | n/a | Alexa M SaundersHermance B.M. Schaepman |
| Tom & Kelly Trust | Jersey, Channel Islands | Sandiway Trust Company Ltd | Jersey, Channel Islands | Jörg Fischer, Leslie J. Schreyer, Kerry J. Sulkowicz, Jonathan G. White | n/a | Bowland Company Limited Alexa M Saunders Hermance B.M. Schaepman |
| Varus Trust | Jersey, Channel Islands | Millborne Trust Company Ltd. | Jersey, Channel Islands | Jörg Fischer, Leslie J. Schreyer, Kerry J. Sulkowicz, Jonathan G. White | n/a | Bowland Company Limited Alexa M Saunders Hermance B.M. Schaepman |