**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re: PURDUE PHARMA L.P., et al.,

Debtors

Case No.: 19-23649 (RDD)

Reporting Period June 1, 2021 to June 30, 2021

**CORPORATE MONTHLY OPERATING REPORT**

| REQUIRED DOCUMENTS | Form No. | Document Attached | Explanation Attached |
|---|---|---|---|
| Schedule of Cash Receipts and Disbursements | MOR-1a | Yes | - |
| Bank Account Balances | MOR-1b | Yes | - |
| Consolidated Statement of Operations | MOR-2 | Yes | - |
| Consolidated Balance Sheet | MOR-3 | Yes | - |
| Schedule of Post-petition Taxes | MOR-4 | - | Yes |
| Schedule of Payments to Insiders and Restructuring Professional Fees | MOR-5 | Yes | - |
| Debtor Questionnaire | MOR-6 | Yes | - |

This Monthly Operating Report has been prepared solely for the purposes of complying with the monthly reporting requirements applicable in these chapter 11 cases and is in a format that the Debtors believe is acceptable to the United States Trustee. The financial information contained herein is limited in scope and covers a limited time period. Moreover, such information is preliminary and unaudited, and is not prepared in accordance with GAAP.

I declare under penalty of perjury that this report and the attached documents are true and correct to the best of my knowledge and belief.

_J. R. Lowne_                                                                 8/5/2021
Signature of Authorized Individual*                          Date

Jon Lowne                                                                      8/5/2021
Printed Name of Authorized Individual                        Date

*Authorized individual must be an officer, director or shareholder if debtor is a corporation.

MOR

In re: PURDUE PHARMA L.P., et al.,    Case No.: 19-23649 (RDD)
Debtors    Reporting Period June 1, 2021 to June 30, 2021

### SCHEDULE OF CASH RECEIPTS AND DISBURSEMENTS ($)[1]

| Case No. | Debtor Entity Name: | Net Receipts [2] | Net Disbursements [2] |
|----------|---------------------|------------------|------------------------|
| 087-19-23648 | PURDUE PHARMA INC. | $          - | $        266,667 |
| 087-19-23649 | PURDUE PHARMA L.P. | 91,335,752 | 109,446,615 |
| 087-19-23650 | PURDUE TRANSDERMAL TECHNOLOGIES, L.P. | - | - |
| 087-19-23651 | PURDUE PHARMA MANUFACTURING L.P. | - | - |
| 087-19-23652 | PURDUE PHARMACEUTICALS L.P. | 3 | 5,476,809 |
| 087-19-23653 | IMBRIUM THERAPEUTICS L.P. | - | 1,285,501 |
| 087-19-23654 | ADLON THERAPEUTICS L.P. | - | 3,953,566 |
| 087-19-23655 | GREENFIELD BIO VENTURES L.P. | - | 282 |
| 087-19-23656 | SEVEN SEAS HILL CORP. | - | - |
| 087-19-23657 | OPHIR GREEN CORP. | - | - |
| 087-19-23658 | PURDUE PHARMA OF PUERTO RICO | - | 4,067 |
| 087-19-23659 | AVRIO HEALTH L.P. | 9,605 | 5,548,606 |
| 087-19-23660 | PURDUE PHARMACEUTICAL PRODUCTS L.P. | - | 3,203 |
| 087-19-23661 | PURDUE NEUROSCIENCE COMPANY | 6,772,814 | - |
| 087-19-23662 | NAYATT COVE LIFESCIENCE INC. | - | - |
| 087-19-23663 | BUTTON LAND L.P. | - | - |
| 087-19-23664 | PAUL LAND INC. | - | - |
| 087-19-23665 | QUIDNICK LAND L.P. | - | - |
| 087-19-23666 | RHODES ASSOCIATES L.P. | - | - |
| 087-19-23667 | RHODES PHARMACEUTICALS L.P. | 14,562,314 | 15,912,353 |
| 087-19-23668 | RHODES TECHNOLOGIES | 716 | 595,306 |
| 087-19-23669 | UDF LP | - | - |
| 087-19-23670 | SVC PHARMA LP | - | - |
| 087-19-23671 | SVC PHARMA INC. | - | - |
| **Totals:** | | **$     112,681,204** | **$     142,492,975** |

**Footnotes**

1) Notes to UST Form 11-MOR, Part 1 Cash Receipts and Disbursements:
Based on guidance received from the Office of the United States Trustee in connection with the completion of UST From 11-MOR
Part 1, Cash Receipts and Disbursements, reported cash receipts and disbursements should exclude intercompany, debtor-to-debtor
tractions. As a result, for those debtors with net intercompany cash outflows and inflows during the reporting period, the ending cash
balances reported on Form 11-MOR Part 1 will not agree with the ending cash balances per the debtors' bank statements or the
debtors' books and reports. For additional information on ending cash balances per the debtors' books and reports, see the listing of
cash account balances per Schedule MOR-1b.

2) The Net Receipts and Net Disbursements exclude intercompany transactions among Debtors

MOR-1a

In re: PURDUE PHARMA L.P., et al.,                                                              Case No.: 19-23649 (RDD)
Debtors                                                                                          June 30, 2021

**BANK ACCOUNT BALANCES** ($)[1]

| Debtor | Bank | Account Number | Description | Balance as of Month End |
|---|---|---|---|---|
| Purdue Pharma L.P. | American Express National Bank (Restricted Cash) | xxxxxxx65041 | CD | $        750,229 |
| Purdue Pharma L.P. | Wells Fargo (Restricted Cash) | xxxx2400 | Escrow | 10,866,548 |
| Purdue Pharma L.P. | East West Bank | xxxxxx9773 | LOC/Collateral | 10,009,266 |
| Purdue Pharma L.P. | East West Bank | xxxxxx9808 | LOC/Collateral | 5,253,814 |
| Purdue Pharma L.P. | East West Bank | xxxxxx9836 | LOC/Collateral | 1,661,547 |
| Purdue Pharma L.P. | East West Bank | xxxxxx9136 | Money Market Account | 200,036,619 |
| Purdue Pharma L.P. | Metropolitan Commercial Bank | xxxxxx4813 | Money Market Account | 100,296,603 |
| Purdue Pharma L.P. | Bank of Oklahoma | xxxxx8720 | Money Market Account | 100,209,688 |
| Purdue Pharma L.P. | Goldman Sachs #520 | xxxx8266 | Money Market Fund | 53,827,711 |
| Purdue Pharma L.P. | Goldman Sachs #506 | xxxx0462 | Money Market Fund | 491,605,040 |
| Purdue Pharma L.P. | East West Bank | xxxxxx9129 | Operating | 18,628,199 |
| Purdue Pharma L.P. | East West Bank | xxxxxx9388 | ERISA | 209,263 |
| Purdue Pharma L.P. | Bank of Oklahoma | xxxxx6017 | Trust | 15,282,728 |
| Purdue Pharma L.P. | East West Bank | xxxxxx9549 | Operating | 350,663 |
| Purdue Pharma L.P. | Wells Fargo (Restricted Cash) | xxxx1100 | Trust | 10,274,697 |
| Purdue Pharma L.P. | Wells Fargo (Restricted Cash) | xxxx6600 | Trust | 59,188,260 |
| Purdue Pharma L.P. | Metropolitan Commercial Bank (Restricted Cash) | xxxxx4767 | Trust | - |
| Purdue Pharma L.P. | Wells Fargo (Restricted Cash) | xxxx0300 | Trust | 10,393,007 |
| Purdue Pharma L.P. | Bank of Oklahoma | xxxxx4018 | Trust | 25,106,739 |
| Purdue Pharma Inc. | East West Bank | xxxxxx9213 | Operating | 2,149,990 |
| Purdue Pharmaceuticals L.P. | Wells Fargo (Restricted Cash) | xxxx5300 | Trust | 125,992 |
| Imbrium Therapeutics L.P. | East West Bank | xxxxxx9241 | Operating | - |
| Adlon Therapeutics L.P. | East West Bank | xxxxxx9248 | Operating | - |
| Greenfield BioVentures L.P. | East West Bank | xxxxxx9234 | Operating | - |
| Purdue Pharma of Puerto Rico | East West Bank | xxxxxx9185 | Operating | - |
| Avrio Health L.P. | East West Bank | xxxxxx9199 | Operating | - |
| Purdue Neuroscience Company | East West Bank | xxxxxx9227 | Operating | - |
| Nayatt Cove Lifescience Inc. | East West Bank | xxxxxx9220 | Operating | - |
| Button Land L.P. | East West Bank | xxxxxx9297 | Operating | - |
| Paul Land Inc. | East West Bank | xxxxxx9290 | Operating | - |
| Quidnick Land L.P. | East West Bank | xxxxxx9304 | Operating | - |
| Rhodes Technologies | East West Bank | xxxxxx9262 | Operating | - |
| SVC Pharma LP | East West Bank | xxxxxx9276 | Operating | - |
| SVC Pharma Inc. | East West Bank | xxxxxx9283 | Operating | - |
| **Total** | | | | **$   1,116,226,603** |

**Footnotes**

1) The company has closed some inactive accounts. Only active accounts are presented in this schedule.

MOR-1b

In re:    **PURDUE PHARMA L.P., et al.,**                                    Case No.: 19-23649 (RDD)
                Debtors                                    Reporting Period June 1, 2021 to June 30, 2021

**CONSOLIDATED STATEMENT OF OPERATIONS** ($M) [1,2]
**Consolidated Results of Purdue Pharma, L.P. and all Debtors except Purdue Pharma, Inc**

| | Current Month | 2021 Year to Date | 2019 Cumulative Filing to Date [3] |
|---|---|---|---|
| Net Sales | $            69 | $            403 | $          1,568 |
| | | | |
| Cost of Goods Sold | (17) | (93) | (402) |
| | | | |
| Gross Profit | 52 | 310 | 1,165 |
| | | | |
| Sales and Promotion | (9) | (52) | (198) |
| Research and Development | (7) | (37) | (150) |
| General and Administrative | (6) | (35) | (168) |
| Legal Fees - Ordinary Course | (1) | (6) | (21) |
| Medical Affairs | (4) | (18) | (67) |
| Milestones & Alliances | (1) | (6) | (14) |
| Health Care Reform Fee | (1) | (6) | (24) |
| Other US | 1 | (0) | (0) |
| Incentive Bonus | (3) | (20) | (62) |
| Settlement Expense | - | - | (11,111) |
| Total Operating Expenses | (32) | (180) | (11,815) |
| | | | |
| Operating Profit | 20 | 129 | (10,650) |
| | | | |
| Legal Fees - Non-Recurring | (29) | (145) | (619) |
| Other [4] | 1 | (30) | (73) |
| Total Non-Operating Expenses | (28) | (175) | (692) |
| | | | |
| Profit / (Loss) [5] | $            (8) | $            (45) | $          (11,341) |

**Footnotes**

1) The numbers reflected in the Consolidated Statement of Operations are shown in MILLIONS.

2) The financial statements and supplemental information contained herein are limited in scope and cover a limited time period. Moreover, such information is preliminary and unaudited. The financial position and results of operations contained herein are not necessarily indicative of results which may be expected for any other period or for the full year and as a result, may not reflect the consolidated financial position and results of operations of the Debtors in the future.

3) Cumulative results for 2019 are beginning September 1, 2019 as operating results for the partial month from the filing date of September 15, 2019 to September 30, 2019 are not available.

4) Includes non-cash write downs of $62M related to Rhodes Technologies assets and a fixed asset impairment of $8M, offset by a gain recorded on an investment of $15M.

5) The 2020 expense included $11.1 billion which includes the $8.344 billion DOJ settlement that was executed by the Company, $225.1 million for the DOJ settlement that was executed by the Shareholders of the Company, and $1.275 billion and $1.247 billion related to the Company's best estimate for the probable loss related to opioid-related cases against the Shareholders and Company, respectively for 2020, which is consistent with the Disclosure Statement. Refer disclosures on Liabilities Subject to Compromise that follow.

In re: PURDUE PHARMA L.P., et al.,                                    Case No.: 19-23649 (RDD)
        Debtors                              Reporting Period June 1, 2021 to June 30, 2021

### PURDUE PHARMA, INC. STATEMENT OF OPERATIONS ($000) [1,2]

|  | Current Month | 2021 Year to Date | 2019 Cumulative Filing to Date [3] |
|---|---|---|---|
| Management Fee Income | $          29 | $         175 | 640 |
| General and Administrative Expenses | - | - | (66) |
| Operating Income | 29 | 175 | 574 |
|  |  |  |  |
| Income from Unconsolidated Associated Companies | (22) | (304) | (1,471) |
| Total Other Income | (22) | (304) | (1,471) |
|  |  |  |  |
| Pre-Tax Income | 7 | (129) | (897) |
|  |  |  |  |
| Income Tax Provision | (2) | 35 | 228 |
|  |  |  |  |
| Net Income | $           5 | $          (94) | $         (669) |
|  |  |  |  |

**Footnotes**

1) The numbers reflected in the Statement of Operations are shown in THOUSANDS.

2) The financial statements and supplemental information contained herein are limited in scope and cover a limited time period. Moreover, such information is preliminary and unaudited. The financial position and results of operations contained herein are not necessarily indicative of results which may be expected for any other period or for the full year and as a result, may not reflect the consolidated financial position and results of operations of the Debtors in the future.

3) Cumulative results for 2019 are beginning September 1, 2019 as operating results for the partial month from the filing date of September 15, 2019 to September 30, 2019 are not available.

MOR-2 PPI

In re: **PURDUE PHARMA L.P., et al.,**          **Case No.: 19-23649 (RDD)**
**Debtors**                                               **June 30, 2021**

### CONSOLIDATED BALANCE SHEET ($M) [1,2]
#### Consolidated Results of Purdue Pharma, L.P. and all Debtors except Purdue Pharma, Inc.

|  |  | Book Value |
|---|---|---:|
| **ASSETS** | | |
| **CURRENT ASSETS** | | |
| | Cash & Cash Equivalents | $ 964 |
| | Available For Sale Investments | 11 |
| | Accounts Receivable, Net | 131 |
| | Due From Associated Companies | 6 |
| | Other Receivables | 2 |
| | Inventories, Net | 90 |
| | Prepaid Expenses & Other Current Assets | 64 |
| | Restricted Cash | 1 |
| | **TOTAL CURRENT ASSETS** | **1,269** |
| | Property and Equipment, net | 64 |
| | Investments at Cost | 38 |
| | Restricted Cash - Long-Term | 149 |
| | Intangible Assets, Net | 94 |
| | Other Assets | 19 |
| **TOTAL ASSETS** | | **$ 1,633** |
| | | |
| **LIABILITIES AND EQUITY** | | |
| **CURRENT LIABILITIES** | | |
| | Accounts Payable | $ 56 |
| | Accrued Expenses | 280 |
| | **TOTAL CURRENT LIABILITIES** | **338** |
| | Other Liabilities | 73 |
| | Due to Associated Companies | 11 |
| | Liabilities Subject to Compromise [3] | 13,900 |
| | **TOTAL LIABILITIES** | **14,322** |
| | | |
| **EQUITY** | | |
| | Retained Earnings & Partners' Capital | (12,643) |
| | Accumulated Other Comprehensive Loss | (46) |
| | **TOTAL EQUITY** | **(12,689)** |
| | | |
| **TOTAL LIABILITIES AND EQUITY** | | **$ 1,633** |

**Footnotes**

1) The numbers reflected in the Consolidated Balance Sheet are shown in MILLIONS.

2) The financial statements and supplemental information contained herein are limited in scope and cover a limited time period. Moreover, such information is preliminary, unaudited, and subject to change.

3) Refer disclosures on Liabilities Subject to Compromise that follow.

MOR-3 PPLP

In re: **PURDUE PHARMA L.P., et al.,**                                                          **Case No.: 19-23649 (RDD)**
**Debtors**                                                                                          **June 30, 2021**

## PURDUE PHARMA, INC. BALANCE SHEET ($000) [1,2]

|                                          |     | Book Value |
| ---------------------------------------- | --- | ---------: |
| **Assets**                               |     |            |
| Currents assets:                         |     |            |
| Cash and cash equivalents                | $   |      1,975 |
| Prepaid expenses                         |     |        340 |
| Due from Associated Companies            |     |        249 |
| **Total current assets**                 |     |  **2,564** |
|                                          |     |            |
| Investments                              |     |     10,017 |
| **Total assets**                         | $   | **12,580** |
|                                          |     |            |
| **Liabilities and equity**               |     |            |
| Current liabilities:                     |     |            |
| Accounts payable                         | $   |      1,163 |
| Due to Associated Companies              |     |        228 |
| Accrued Expenses                         |     |        178 |
| **Total liabilites**                     |     |  **1,569** |
|                                          |     |            |
| Common stock                             |     |          1 |
| Additional paid-in capital               |     |        499 |
| Retained earnings                        |     |     10,576 |
| Accumulated other comprehensive loss     |     |       (65) |
| **Total equity**                         |     | **11,011** |
|                                          |     |            |
| **Total liabilites and equity**          | $   | **12,580** |

**Footnotes**

1) The numbers reflected in the Consolidated Balance Sheet are shown in THOUSANDS.

2) The financial statements and supplemental information contained herein are limited in scope and cover a
limited time period.  Moreover, such information is preliminary, unaudited, and subject to change.

MOR-3 PPI

In re: PURDUE PHARMA L.P., et al.,                                    Case No.: 19-23649 (RDD)
Debtors                                    Reporting Period June 1, 2021 to June 30, 2021

## Liabilities Subject to Compromise and Contingencies

Various lawsuits, claims and proceedings are pending or threatened against the Company.  The most significant are described below.  The Company recorded $13.9 billion and $3.0 billion of Liabilities Subject to Compromise as at December 31, 2020 and 2019, respectively, and settlement expense of $11.1 billion in 2020, $0 in 2019.  The 2020 expense included $11.1 billion which includes the $8.344 billion DOJ settlement that was executed by the Company, $225.1 million for the DOJ settlement that was executed by the Shareholders of the Company, and $1.275 billion and $1.247 billion related to the Company's best estimate for the probable loss related to opioid-related cases against the Shareholders and Company, respectively for 2020, which is consistent with the Disclosure Statement.

| | December 31, | |
|---|---|---|
| | **2020** | **2019** |
| | *(In Thousands)* | |
| Opioid Litigation Contingency Accrual | | |
| Shareholder Settlement | **$ 4,275,000** | $3,000,000 |
| Company Settlement | **1,247,500** | - |
| Company DOJ Settlement | **8,344,000** | - |
| Company Unsecured Federal Claims | **20,000** | - |
| Accounts Payable | **10,460** | 8,862 |
| Retiree Long Term Incentives | **2,489** | 3,305 |
| Independent Associated Companies | **-** | 2,747 |
| Severance | **1,093** | 1,093 |
| Total Liabilities Subject to Compromise | **$ 13,900,542** | $ 3,016,007 |

Certain amounts described in the table above are subject to the approval of the Bankruptcy Court and the ultimate amount paid to the various claimants may be less than the amounts approved by the Bankruptcy Court.

*Shareholder Settlement*

On September 11, 2019, the Company announced that it had reached an agreement in principle on a framework for settling the U.S. opioid-related actions brought by state attorneys general, local governments, and other entities to reach a final resolution of all outstanding claims (the "Proposed National Settlement").  Under the Proposed National Settlement structure the Company's existing shareholders would: (1) relinquish all of their equity interests in the Company and consent to the transfer of all of the Company's assets to a public benefit company or similar post-bankruptcy emergence structure for the benefit of claimants and the U.S. public; (2) divest their non-U.S. pharmaceutical companies; and (3) contribute a minimum of $3 billion over seven years, with potential additional contributions if the proceeds from the divestiture of the non-U.S. pharmaceutical companies exceed $3 billion.

In re: **PURDUE PHARMA L.P., et al.,**                              Case No.: 19-23649 (RDD)
**Debtors**                                          Reporting Period June 1, 2021 to June 30, 2021

The Debtors filed a Plan and Disclosure Statement on March 15, 2021. The Plan significantly increases the value available to creditors compared to the Proposed National Settlement, most notably by raising the amount that the Company's existing shareholders will be required to pay in the aggregate from $3.0 billion to $4.5 billion. Of this sum, $4.275 billion will be paid for the benefit of creditors in this bankruptcy case over 9 years (10 years if certain amounts are paid ahead of schedule in the first 6 years) as set forth in the Plan.

The Company's shareholders entered into a settlement agreement directly with the DOJ in November 2020. The Company's shareholders paid the DOJ $225.1 million in November 2020, which is inclusive of interest. The settlement payment made by the Company's shareholders was recorded as a settlement expense and treated as a capital contribution.

The Company had concluded that it was probable that a loss has been incurred as a result of the Proposed National Settlement, and the Company recorded a provision in its 2018 consolidated financial statements for the initial Proposed National Settlement in accordance with ASC 450, Accounting for Contingencies, in the amount of $3.0 billion. As no amount was better than any other in the range, this represented the low end of the range of the loss which the Company ultimately expected to be paid by the principal shareholders of the Company.

In 2020, the Company recorded an additional loss of $1.275 billion related to the amended Proposed National Settlement for a total of $4.275 billion, representing the amount in excess of the $3 billion accrued in 2018; and the Company concluded that it is probable that a $4.275 billion loss has been incurred for the Proposed National Settlement in accordance with ASC 450, Accounting for Contingencies, representing the amounts the Company's shareholders are required to pay as described in the Disclosure Statement. The corresponding liabilities associated with the settlement charge of $4.275 billion and $3.0 billion are included in Liabilities Subject to Compromise at December 31, 2020 and 2019, respectively.

The Company will reclassify the liability that will be paid by the Company's shareholders to equity as a capital contribution at such time as a settlement agreement is executed and the shareholders are legally bound to make the cash settlement.

*Company Settlement*

The Plan also incorporated a mediated agreement as to the fixed amounts that will be paid to various classes of private creditors, with residual value under the Plan being distributed through two newly established national opioid abatement trusts, the National Opioid Abatement Trust (the "NOAT") and the Tribe Trust, on account of the claims brought by state and local municipalities and counties and Native American tribes. The vast majority of the filed Proofs of Claim assert unsecured opioid litigation claims, including the claims included in the following classes under the Plan: Non-Federal Domestic Governmental Claims (Class 4); Tribe Claims (Class 5); Hospital Claims (Class 6); Third-Party Payor Claims (Class 7); Ratepayer Claims (Class 8); NAS Monitoring Claims (Class 9); NAS PI Claims (Class 10a) and Non-NAS PI Claims (Class 10b). While there are claims filed against the Company as Secured Claims (Class 1) or Other Priority Claims (Class 2) the claims have not been evaluated or deemed allowed by the Bankruptcy Court and the Company does not believe it is either probable or estimable that this will become an allowed claim, under ASC 852, Reorganizations. Further, the Company does not believe these claims are probable or estimable under ASC 450. The Federal Government Unsecured Claims (Class 3) are covered by

part of the Company's DOJ settlement of $8.344 billion (see below).

Because of the number of claims made against the Company and the complexity and expense of litigating the validity and amount of each of the filed claims, the Company does not expect the Company or the Bankruptcy Court to ever make a determination on whether any particular claim will ultimately be allowed, nor will there be a claims allowance process heard by the Court. Rather, the Company and the various creditor groups worked through mediators to negotiate cash distribution amounts that are proposed to be distributed on account of claims included in Classes 4-10, in the total estimated amount of approximately $5.5225 billion. The NAS and Non-NAS PI Claims (Classes 10a and 10b) have a combined cash funding range of $700 million to $750 million. As no amount is better than any other in the range, in calculating the $5.5225 billion, the Company assumed the low end of the range of the loss for this Class. The Company has concluded that it is probable that a loss has been incurred and the Company recorded a provision in its 2020 consolidated financial statements in accordance with ASC 450, Accounting for Contingencies, in the amount of $1.2475 billion, representing the difference between the $5.5225 billion and the $4.275 billion recorded related to the Company's shareholders proposed cash contribution.

There are other claims that have been filed against the Company that are not included in the settlement proposals described above that in aggregate are in excess of $600 million. These claims range from those filed by physicians, dentists, wholesalers, treatment centers and other Sackler entities. The Company either does not consider these claims to be valid, anticipates the claims will be released under the settlement proposal, or views the loss accrual as neither probable, nor estimable under ASC 450.

*Federal Matters (Company DOJ Settlement)*

In July 2020, the DOJ filed claims in the Chapter 11 Cases in the aggregate amount of at least $12.5 billion relating to PPLP's past practices related to the production, sale, marketing and distribution of opioid products.

On October 21, 2020, PPLP entered into (i) a plea agreement (the "Plea Agreement") with the United States, acting through the United States Attorney's Office for the District of New Jersey (the "NJ USAO"), the United States Attorney's Office for the District of Vermont (the "VT USAO"), and the United States Department of Justice, Civil Division, Consumer Protection Branch ("DOJ Consumer Protection"), and (ii) a civil settlement agreement (the "Civil Settlement Agreement" and, together with the Plea Agreement, and including the settlements contemplated thereby and the other terms and conditions thereof, the "DOJ Resolution") with the United States, acting through the United States Department of Justice, Civil Division, Commercial Litigation Branch ("DOJ Commercial Litigation"), NJ USAO, and VT USAO and on behalf of the Office of Inspector General of the United States Department of Health and Human Services ("HHS-OIG"), the Defense Health Agency, acting on behalf of the TRICARE Program, 10 U.S.C. §§ 1071-11 l0b ("TRICARE"), and the Office of Personnel Management. The DOJ Resolution fully resolves the DOJ's civil and criminal investigations into PPLP's practices related to the production, sale, marketing and distribution of opioid products from May 2007 through the present.

Under the Plea Agreement, PPLP agreed to plead guilty to three counts as detailed in the Plea Agreement: (i) a dual-object conspiracy to defraud the United States and to violate the Food, Drug, and Cosmetic Act, (ii) conspiracy to violate the Federal Anti-Kickback Statute related to Purdue's payments to healthcare providers,; and (iii) conspiracy to violate the Federal Anti-Kickback Statute related to Purdue's payments to Practice Fusion.

The Bankruptcy Court approved the Debtors entering into the DOJ Resolution on November 18, 2020. The DOJ Resolution provides for the following:

1. a $2 billion criminal forfeiture judgment which will be treated as an allowed super priority administrative claim in the bankruptcy (the "DOJ Forfeiture Judgment Claim");

2. $3.544 billion in criminal fines which will be treated as an allowed, unsubordinated, undisputed, noncontingent, liquidated general unsecured claim in the bankruptcy (the "DOJ Criminal Fine Claim"); and

3. a $2.8 billion civil damages claim which is an allowed, unsubordinated, non-contingent, liquidated general unsecured claim (the "DOJ Civil Claim"), subject to certain rescission rights on the part of the DOJ.

While the total amount of claims under the DOJ Resolution is $8.344 billion, only the $2.8 billion DOJ Civil Claim was allowed by the court order approving the Debtors entering into the DOJ Resolution. The other two claims will become allowed upon the later of (i) the entry of a judgment of conviction by the United States District Court for the District of New Jersey (the "District Court"); and (ii) confirmation of the Plan. On November 24, 2020, PPLP pled guilty before the District Court to the three felony counts set forth in the Plea Agreement.

The timeline for plan confirmation and emergence from chapter 11 is expected to include, among other things: (1) approval of the pending Disclosure Statement and motion to approve the Disclosure Statement and solicitation and noticing procedures and materials (the "Disclosure Statement Motion") and a related scheduling motion (the "Motion for Schedule and Protocols"); (2) voting on the Plan by eligible creditors; and (3) confirmation of the Plan by the Bankruptcy Court following a hearing.

Pursuant to the Plea Agreement, the sentencing hearing in the District Court is expected to take place at least 75 days following confirmation of a Plan (and at least seven days before emergence). Prior to the sentencing hearing, PPLP may withdraw from the Plea Agreement if: (1) the Bankruptcy Court rejects, or otherwise declines to confirm, a Plan that provides for the emergence of a public benefit company (or entity with a similar mission); or (2) the Office of Inspector General, U.S. Department of Health and Human Services exercises, or states an intent to exercise, any available authority to exclude PPLP's successor public benefit company (or entity with a similar mission) from participation in federal healthcare programs. At the sentencing hearing, the District Court will decide whether to accept the Plea Agreement.  If the District Court rejects the Plea Agreement, Purdue or DOJ may withdraw from the Plea Agreement. If the District Court accepts the Plea Agreement at the sentencing hearing, it will enter the $2 billion forfeiture judgment and a judgment of conviction will be entered soon after the sentencing hearing.

Upon entry of the judgment of conviction, and so long as a plan of reorganization has been confirmed, then:

1. the $2 billion DOJ Forfeiture Judgment will be treated as an allowed super priority administrative claim in the bankruptcy; and

2. the $3.544 billion DOJ Criminal Fine Claim will be treated as an allowed, unsubordinated, non-contingent, liquidated general unsecured claim in the bankruptcy.

In re: PURDUE PHARMA L.P., et al.,                    Case No.: 19-23649 (RDD)
**Debtors**                                    Reporting Period June 1, 2021 to June 30, 2021

Pursuant to the Plea Agreement, the United States has agreed to provide an offset credit (the "Forfeiture Judgment Credit") for value distributed or otherwise conferred in settlement of claims asserted by upon the non-federal government creditors, up to $1.775 billion (out of the $2 billion DOJ Forfeiture Judgment), provided that the Debtors obtain confirmation of a Plan that provides that all of the Debtors' assets are transferred to a public benefit company (or entity with a similar mission). The Company will make a $225 million upfront payment to the United States in partial satisfaction of the DOJ Forfeiture Judgment within three business days following the entry of a judgment of conviction pursuant to the Plea Agreement.

If the Bankruptcy Court does not confirm a Plan of Reorganization in the Chapter 11 Cases that provides for the emergence from the Chapter 11 Cases of a public benefit company (or entity with a similar mission), the Company and the United States each have the option to rescind the Civil Settlement Agreement. In addition, if Purdue defaults on any material obligation under the Civil Settlement Agreement, if a Plan otherwise consistent with the Civil Settlement Agreement is not confirmed or the Chapter 11 Cases are dismissed or converted, or the Debtors' obligations under the Civil Settlement Agreement are voided for any reason, the United States may rescind the Civil Settlement Agreement.

Pursuant to the Plea Agreement, PPLP is obligated to cooperate with the NJ USAO, the VT USAO, and DOJ Consumer Protection Branch in their ongoing investigations (and resulting prosecutions, if any) of individuals and third parties arising out of conduct relating to PPLP. The Company is complying with this obligation, and continues to respond to subpoenas, CIDs, and requests for documents and information from the federal government in connection with these investigations.

The Company recorded liabilities subject to compromise of $8.344 billion representing the total of the DOJ claim amounts. With regard to the total accrual of $8.344 billion, $2.8 billion was allowed by the Court, recorded under ASC 852, with the remaining claim amount of $5.544 billion recorded under ASC 450 based on the already signed settlement agreement with the DOJ, and as such the Company concluded that its liability under the settlement with the DOJ was probable and estimable. As noted above, the Company believes that the ultimate payment on account of the DOJ Forfeiture Judgment will be $225 million subject to the settlement agreement provisions described above.

On May 24, 2021, in supplements to the Disclosure Statement and the Plan, the Company agreed to a payment of $20 million in full and final satisfaction of the other Federal Government Unsecured Claims (Class 3) which represent the other Federal Agency Claims filed by HHS, VA, HIS, and the Centers for Medicare & Medicaid Services. The $20 million was recorded under ASC 450 as a loss is deemed probable and estimable based on the agreement reflected in the Disclosure Statement and Plan.

*Canadian Litigation*

In addition to the civil litigation filed in the United States, the Company also faces lawsuits filed in Canada by a proposed class of Canadian provincial and territorial governmental plaintiffs related to the marketing of OxyContin. The lawsuits were filed against Purdue Canada (which is an entity owned by related parties of the Company for the ultimate benefit of the Sackler family), the Company, and other manufacturers and distributors of opioid products. On December 30, 2019, following a motion filed by the Company, the Ontario Superior Court of Justice (Commercial List) presiding over the Company's ancillary proceedings under the *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended, issued an order recognizing the Preliminary Injunction and staying all actions,

proceedings and claims related to the prescription of opioids in Canada as against the Company and certain other related parties. Claims against the Company, which were filed in the amount of approximately $67.4 billion, in respect of the Canadian governmental class action lawsuits are expected to be resolved through the Company's emergence from bankruptcy with all other claims. The claims have not been evaluated or deemed allowed by the Bankruptcy Court and the Company does not believe it is either probable or estimable that this will become an allowed claim, under ASC 852, Reorganizations.  Further, the Company does not believe the claim is probable or estimable under ASC 450.

**In re: PURDUE PHARMA L.P., et al.,**                                   **Case No.: 19-23649 (RDD)**
    **Debtors**                                          **Reporting Period June 1, 2021 to June 30, 2021**

### SCHEDULE OF POST PETITION TAXES

Office of the U. S. Trustee

Re: Monthly Operating Report Attestation Regarding Post Petition Taxes

The Debtor, PURDUE PHARMA L.P. and its affiliate Debtors hereby submit this attestation regarding post petition taxes.

All post petition taxes, which are not subject to dispute or reconciliation, are current.  There are no material disputes or reconciliations.

_J. M. Lowne_
——————————————————
Signature

MOR-4

In re: PURDUE PHARMA L.P., et al.,                                           Case No.: 19-23649 (RDD)
     Debtors                                              Reporting Period June 1, 2021 to June 30, 2021

### SCHEDULE OF PAYMENTS TO INSIDERS ($)

| NAME | AMOUNT PAID DURING THE REPORTING PERIOD | CUMULATIVE [1] |
|---|---|---|
| *Compensation* | | |
| Chomiak, Caroline | $ - | $ 261,662 |
| Kesselman, Marc L [2] | 185,215 | 10,048,887 |
| Landau, Craig J | 242,868 | 9,199,239 |
| Lowne, Jonathan R | 86,312 | 3,710,049 |
| Lundie, David R | 68,161 | 2,859,289 |
| Mancinelli II, Vincent F | 43,476 | 1,656,842 |
| Mazzi, Christian | - | 439,030 |
| Medeiros, Paul | - | 1,280,482 |
| Shamblen, Randy | 35,654 | 1,772,530 |
| Strassburger, Philip C | - | 1,614,331 |
| **Total Compensation** | **661,685** | **32,842,342** |
| | | |
| *Director Fees* | | |
| Boer, F Peter | - | 1,225,000 |
| Buckfire, Kenneth A | - | 1,225,000 |
| Cola, Michael | 175,000 | 1,400,000 |
| Collins, Michael J | - | 25,000 |
| Dubel, John | - | 1,225,000 |
| Miller, Robert S | 208,333 | 4,166,667 |
| Muhlhauser, Eckhard | - | 25,000 |
| Pickett, Cecil | - | 1,225,000 |
| **Total Director Fees** | **383,333** | **10,516,667** |
| | | |
| *T&E Reimbursements* | | |
| Boer, F Peter | - | 10,907 |
| Buckfire, Kenneth A | - | 1,565 |
| Chomiak, Caroline | - | 30,408 |
| Cola, Michael | - | 1,388 |
| Debone, Louis | - | 1,245 |
| Dubel, John | - | 4,714 |
| Kesselman, Marc L | 300 | 54,331 |
| Landau, Craig J | 4,196 | 91,249 |
| Lowne, Jonathan R | - | 2,184 |
| Lundie, David R | 557 | 30,580 |
| Mancinelli II, Vincent F | - | 44,968 |
| Mazzi, Christian | - | 3,734 |
| Medeiros, Paul | - | 38,687 |
| Miller, Robert S | - | 10,315 |
| Pickett, Cecil | - | 1,298 |
| Shamblen, Randy | - | 11,738 |
| Strassburger, Philip C | - | 16,150 |
| **Total T&E Reimbursements** | **5,054** | **355,462** |
| | | |
| *Housing Payments* | | |
| Kesselman, Marc L | 4,673 | 107,447 |
| **Total Housing Payments** | **4,673** | **107,447** |
| | | |

In re: PURDUE PHARMA L.P., et al.,                                Case No.: 19-23649 (RDD)
    Debtors                                Reporting Period June 1, 2021 to June 30, 2021

**SCHEDULE OF PAYMENTS TO INSIDERS ($)**

| NAME | AMOUNT PAID DURING THE REPORTING PERIOD | CUMULATIVE [1] |
|---|---|---|
| ***Indemnification Payments*** | | |
| Barton, Maria | - | 32,215 |
| Baker, Stuart D [3] | 99 | 1,726,991 |
| Friedman, Michael | 138 | 215,950 |
| Landau, Craig J | - | 4,415,538 |
| Lundie, David R | - | 50,458 |
| Motahari, Saeed | - | 25,094 |
| Roncalli, Anthony | 65,217 | 968,226 |
| Stewart, John | - | 266,225 |
| Strassburger, Philip | - | 8,823 |
| Timney, Mark | - | 1,241,817 |
| Purdue Pharma Inc Independent Directors [4] | 11,840 | 2,274,035 |
| **Total Indemnification Payments** [5] | **77,295** | **11,225,370** |
| | | |
| ***Payments to Independent Associated Companies*** | | |
| Mundibiopharma Ltd | - | 55,332 |
| Mundipharma DC BV | - | 345,460 |
| Mundipharma International Ltd | - | 11,053 |
| Mundipharma International Technical Operations Ltd | - | 21,782 |
| Mundipharma IT Services Ltd | - | 278,603 |
| Mundipharma Laboratories GmbH | - | 1,590,148 |
| Mundipharma Research Ltd | - | 3,613,807 |
| Mundipharma Singapore Holdings Pte Ltd | - | 60,675 |
| One Stamford Realty L.P. | 949,008 | 17,597,970 |
| Pharmaceutical Research Associates Inc. | - | 2,656,390 |
| Purdue Pharma Canada | - | 5,700,269 |
| Purdue Pharma Technologies Inc. | - | 26,350 |
| Terramar Foundation | - | 1,000 |
| TXP Services Inc. [5] | 58,333 | 7,159,698 |
| **Total Payments to Independent Associated Companies** | **1,007,342** | **39,118,536** |
| | | |
| **Total Payments to Insiders** | **$       2,139,381** | **$       94,165,823** |

**Footnotes**

1) Represents payments made since the Commencement Date.

2) Automobile allowance for Marc L. Kesselman is partially received in cash and partially through personal usage of a company-owned vehicle.

3) Indemnification payments made in June 2020 on behalf of Stuart D. Baker were inadvertently in amounts exceeding the 50% reimbursement rate approved by the Special Committee of Purdue Pharma Inc.'s Board of Directors, totaling $12,390. Overpayments are in the process of being reversed through future invoice credits, repayment from respective law firms, and/or reimbursement from Stuart D. Baker. Currently, $2,308.0 of this total remains outstanding.

4) These indemnification payments relate to litigation in which the following current and former Independent Directors of Purdue Pharma Inc. are all listed as defendants: Boer, F Peter; Costa, Paolo; Lewent, Judy; Pickett, Cecil; and Snyderman, Ralph.

5) The cumulative amount was updated to be reduced by $7,913 due to a historical reporting error.

6) Payments to TXP include a monthly charge of approximately $58,333 for Anthony Roncalli's service as a Director for Purdue Pharma Inc.

In re: PURDUE PHARMA L.P., et al.,                                           Case No.: 19-23649 (RDD)

       Debtors                                 Reporting Period June 1, 2021 to June 30, 2021

**SCHEDULE OF RETAINED RESTRUCTURING PROFESSIONAL FEES ($)**

| NAME | AMOUNT PAID DURING THE REPORTING PERIOD | CUMULATIVE [1,2,3] |
|---|---|---|
| *Estate Professionals* | | |
| Davis Polk & Wardwell LLP | $ 13,551,866 | $ 125,793,672 |
| AlixPartners, LLP | 1,474,848 | 20,614,773 |
| PJT Partners LP | - | 3,704,386 |
| Ernst & Young | 184,973 | 1,845,134 |
| Cornerstone Research | 6,113 | 3,760,969 |
| Prime Clerk LLC | 10,367,848 | 71,177,367 |
| **Total Estate Professionals** | **25,585,648** | **226,896,301** |
| | | |
| *Creditor Committee Professionals* | | |
| Akin Gump Strauss Hauer & Feld LLP | 1,905,666 | 74,320,756 |
| Bayard, P.A. | - | 1,170,655 |
| Cole Schotz P.C. | 356,232 | 16,036,934 |
| Jefferies LLC | 181,316 | 3,939,049 |
| KPMG | - | 3,751,111 |
| Province, Inc. | 1,437,262 | 21,484,099 |
| Kurtzman Carson Consultants LLC | - | 652,161 |
| Bedell Cristin | - | 360,101 |
| **Total Creditor Committee Professionals** | **3,880,476** | **121,714,866** |
| | | |
| *Ad Hoc Committee Professionals* | | |
| Kramer Levin Naftalis & Frankel LLP | - | 9,931,922 |
| Brown Rudnick LLP | 763,753 | 7,086,839 |
| Gilbert LLP | 533,198 | 6,851,282 |
| Otterbourg PC | - | 2,547,060 |
| FTI Consulting, Inc | - | 8,140,708 |
| Houlihan Lokey | - | 2,628,909 |
| Compass Lexecon | - | - |
| Coulter & Justice | - | - |
| **Total Ad Hoc Committee Professionals** | **1,296,951** | **37,186,720** |
| | | |
| *Special Counsel to the Debtors* | | |
| Arnold Porter & Kaye Scholer | 195,258 | 2,398,087 |
| Dechert LLP | 1,146,273 | 9,321,833 |
| Jones Day | - | 2,839,815 |
| King & Spalding LLP | 228,059 | 19,122,280 |
| Skadden, Arps, Slate, Meagher & Flom LLP | 606,370 | 22,156,463 |
| Wilmer Cutler Pickering Hale and Door LLP | - | 1,440,835 |
| **Total Special Counsel Professionals** | **2,175,959** | **57,279,313** |
| | | |
| **The Law Offices of Kenneth Feinberg (Mediator)** | - | 5,502,648 |
| **Phillips ADR (Mediator)** | - | 5,504,089 |
| **Bielli & Klauder, LLC (Fee Examiner)** | - | 611,375 |
| **Tom Viksack (Court appointed monitor)** | - | 201,350 |
| **NextChapter LLC (New Court Appointed Monitor - Steve Bullock)** | 54,183 | 121,178 |
| **Ernst & Young (Canada), Court Appointed Information Officer** | 24,335 | 251,050 |
| | | |
| **Total Retained Restructuring Professional Fees** | **$ 33,017,551** | **$ 455,268,889** |

Footnotes

1) Represents payments made since the Commencement Date

2) Prior periods may have been corrected to include payments erroneously omitted in earlier reports

3) Amounts exclude fees approved and paid via prepetition retainer balances

In re: PURDUE PHARMA L.P., et al.,                                    Case No.: 19-23649 (RDD)
          Debtors                                          Reporting Period June 1, 2021 to June 30, 2021

### DEBTOR QUESTIONNAIRE

| Must be completed each month. If the answer to any of the questions is "Yes", provide a detailed explanation of each item. Attach additional sheets if necessary. | Yes | No | Comments |
|---|---|---|---|
| Have any assets been sold or transferred outside the normal course of business this reporting period? | | X | |
| Have any funds been disbursed from any account other than a debtor in possession account this reporting period? | | X | |
| Is the Debtor delinquent in the timely filing of any post-petition tax returns? | | X | |
| Are workers compensation, general liability or other necessary insurance coverages expired or cancelled, or has the debtor received notice of expiration or cancellation of such policies? | | X | |
| Is the Debtor delinquent in paying any insurance premium payment? | | X | |
| Have any payments been made on pre-petition liabilities this reporting period? | | X | |
| Are any post petition receivables (accounts, notes or loans) due from related parties? | X | | Purdue Pharma, LP receives royalties from affiliated entities for foreign sales of certain products. |
| Are any post petition payroll taxes past due? | | X | |
| Are any post petition State or Federal income taxes past due? | | X | |
| Are any post petition real estate taxes past due? | | X | |
| Are any other post petition taxes past due? | | X | |
| Have any pre-petition taxes been paid during this reporting period? | | X | |
| Are any amounts owed to post petition creditors delinquent? | | X | |
| Are any wage payments past due? | | X | |
| Have any post petition loans been received by the Debtor from any party? | | X | |
| Is the Debtor delinquent in paying any U.S. Trustee fees? | | X | |
| Is the Debtor delinquent with any court ordered payments to attorneys or other professionals? | | X | |
| Have the owners or shareholders received any compensation outside of the normal course of business? | | X | |

MOR-6

# UNITED STATES BANKRUPTCY COURT

SOUTHERN  DISTRICT OF  NEW YORK

DIVISION

In Re. PURDUE PHARMA INC.

§
§
§
§

Case No.  19-23648

Lead Case No.  19-23649

Debtor(s)

☒ Jointly Administered

## Monthly Operating Report

Chapter 11

Reporting Period Ended: 06/30/2021

Petition Date: 09/15/2019

Months Pending: 22

Industry Classification:  3  2  5  4

Reporting Method:          Accrual Basis ○          Cash Basis ⦿

Debtor's Full-Time Employees (current):          0

Debtor's Full-Time Employees (as of date of order for relief):          0

**Supporting  Documentation**  (check all that are attached):

(For jointly administered debtors, any required schedules must be provided on a non-consolidated basis for each debtor)

☒     Statement of cash receipts and disbursements
☐     Balance sheet containing the summary and detail of the assets, liabilities and equity (net worth) or deficit
☐     Statement of operations (profit or loss statement)
☐     Accounts receivable aging
☐     Postpetition liabilities aging
☐     Statement of capital assets
☐     Schedule of payments to professionals
☐     Schedule of payments to insiders
☐     All bank statements and bank reconciliations for the reporting period
☐     Description of the assets sold or transferred and the terms of the sale or transfer

_Eli J. Vonnegut_
**Signature of Responsible Party**

Eli J. Vonnegut
Printed Name of Responsible Party

8/5/2021
Date

450 Lexington Avenue, New York, NY 10017
Address

STATEMENT: This Periodic Report is associated with an open bankruptcy case; therefore, Paperwork Reduction Act exemption 5 C.F.R.
§ 1320.4(a)(2) applies.

UST Form 11-MOR (06/07/2021)

Debtor's Name  PURDUE PHARMA INC.                                        Case No.  19-23648

*Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.*

| Part 1: Cash Receipts and Disbursements | Current Month | Cumulative |
|---|---|---|
| a. Cash balance beginning of month | $1,008,324 | |
| b. Total receipts (net of transfers between accounts) | $0 | $0 |
| c. Total disbursements (net of transfers between accounts) | $266,667 | $0 |
| d. Cash balance end of month (a+b-c) | $741,657 | |
| e. Disbursements made by third party for the benefit of the estate | $0 | $0 |
| f. Total disbursements for quarterly fee calculation (c+e) | $266,667 | $0 |

| Part 2:  Asset and Liability Status (Not generally applicable to Individual Debtors. See Instructions.) | Current Month |
|---|---|
| a. Accounts receivable (total net of allowance) | $0 |
| b. Accounts receivable over 90 days outstanding (net of allowance) | $0 |
| c. Inventory      (Book ⦿  Market ○  Other ○   (attach explanation)) | $0 |
| d Total current assets | $0 |
| e. Total assets | $0 |
| f. Postpetition payables (excluding taxes) | $0 |
| g. Postpetition payables past due (excluding taxes) | $0 |
| h. Postpetition taxes payable | $0 |
| i. Postpetition taxes past due | $0 |
| j. Total postpetition debt (f+h) | $0 |
| k. Prepetition secured debt | $0 |
| l. Prepetition priority debt | $0 |
| m. Prepetition unsecured debt | $0 |
| n. Total liabilities (debt) (j+k+l+m) | $0 |
| o. Ending equity/net worth (e-n) | $0 |

| Part 3:  Assets Sold or Transferred | Current Month | Cumulative |
|---|---|---|
| a. Total cash sales price for assets sold/transferred outside the ordinary course of business | $0 | $0 |
| b. Total payments to third parties incident to assets being sold/transferred outside the ordinary course of business | $0 | $0 |
| c. Net cash proceeds from assets sold/transferred outside the ordinary course of business (a-b) | $0 | $0 |

| Part 4:  Income Statement (Statement of Operations) (Not generally applicable to Individual Debtors. See Instructions.) | Current Month | Cumulative |
|---|---|---|
| a. Gross income/sales (net of returns and allowances) | $0 | |
| b. Cost of goods sold (inclusive of depreciation, if applicable) | $0 | |
| c. Gross profit (a-b) | $0 | |
| d. Selling expenses | $0 | |
| e. General and administrative expenses | $0 | |
| f. Other expenses | $0 | |
| g. Depreciation and/or amortization (not included in 4b) | $0 | |
| h. Interest | $0 | |
| i. Taxes (local, state, and federal) | $0 | |
| j. Reorganization items | $0 | |
| k. Profit (loss) | $0 | $0 |

UST Form 11-MOR (06/07/2021)

Debtor's Name  PURDUE PHARMA INC.                                    Case No.  19-23648

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

## Part 5: Professional Fees and Expenses

| | | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|---|
| a. | Debtor's professional fees & expenses (bankruptcy)  *Aggregate Total* | | $0 | $0 | $0 | $0 |
| | *Itemized Breakdown by Firm* | | | | | |
| | | Firm Name | Role | | | |
| | i | | | $0 | $0 | $0 | $0 |
| | ii | | | $0 | $0 | $0 | $0 |

| | | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|---|
| b. | Debtor's professional fees & expenses (nonbankruptcy)  *Aggregate Total* | | $0 | $0 | $0 | $0 |
| | *Itemized Breakdown by Firm* | | | | | |
| | | Firm Name | Role | | | |
| | i | | | $0 | $0 | $0 | $0 |
| | ii | | | $0 | $0 | $0 | $0 |
| c. | All professional fees and expenses (debtor & committees) | | $0 | $0 | $0 | $0 |

## Part 6:  Postpetition Taxes

| | | Current Month | Cumulative |
|---|---|---|---|
| a. | Postpetition income taxes accrued (local, state, and federal) | $0 | $0 |
| b. | Postpetition income taxes paid (local, state, and federal) | $0 | $0 |
| c. | Postpetition employer payroll taxes accrued | $0 | $0 |
| d. | Postpetition employer payroll taxes paid | $0 | $0 |
| e. | Postpetition property taxes paid | $0 | $0 |
| f. | Postpetition other taxes accrued (local, state, and federal) | $0 | $0 |
| g. | Postpetition other taxes paid (local, state, and federal) | $0 | $0 |

## Part 7: Questionnaire - During this reporting period:

a. Were any payments made on prepetition debt?  (if yes, see Instructions)   Yes ○  No ●

b. Were any payments made outside the ordinary course of business without court approval?  (if yes, see Instructions)   Yes ○  No ●

c. Were any payments made to or on behalf of insiders?   Yes ○  No ●

d. Are you current on postpetition tax return filings?   Yes ○  No ●

e. Are you current on postpetition estimated tax payments?   Yes ○  No ●

f. Were all trust fund taxes remitted on a current basis?   Yes ○  No ●

g. Was there any postpetition borrowing, other than trade credit? (if yes, see Instructions)   Yes ○  No ●

h. Were all payments made to or on behalf of professionals approved by the court?   Yes ○  No ○  N/A ●

i. Do you have:        Worker's compensation insurance?   Yes ○  No ●

    If yes, are your premiums current?   Yes ○  No ○  N/A ●  (if no, see Instructions)

    Casualty/property insurance?   Yes ○  No ●

    If yes, are your premiums current?   Yes ○  No ○  N/A ●  (if no, see Instructions)

    General liability insurance?   Yes ○  No ●

    If yes, are your premiums current?   Yes ○  No ○  N/A ●  (if no, see Instructions)

j. Has a plan of reorganization been filed with the court?   Yes ○  No ●

UST Form 11-MOR (06/07/2021)

Debtor's Name PURDUE PHARMA INC.                                    Case No. 19-23648

*Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.*

| | | | |
|---|---|---|---|
| k. | Has a disclosure statement been filed with the court? | Yes ○  No ● | |
| l. | Are you current with quarterly U.S. Trustee fees as set forth under 28 U.S.C. § 1930? | Yes ○  No ● | |

## Part 8: Individual Chapter 11 Debtors (Only)

| | | |
|---|---|---|
| a. | Gross income (receipts) from salary and wages | $0 |
| b. | Gross income (receipts) from self-employment | $0 |
| c. | Gross income from all other sources | $0 |
| d. | Total income in the reporting period (a+b+c) | $0 |
| e. | Payroll deductions | $0 |
| f. | Self-employment related expenses | $0 |
| g. | Living expenses | $0 |
| h. | All other expenses | $0 |
| i. | Total expenses in the reporting period (e+f+g+h) | $0 |
| j. | Difference between total income and total expenses (d-i) | $0 |
| k. | List the total amount of all postpetition debts that are past due | $0 |
| l. | Are you required to pay any Domestic Support Obligations as defined by 11 U.S.C § 101(14A)? | Yes ○  No ● |
| m. | If yes, have you made all Domestic Support Obligation payments? | Yes ○  No ○  N/A ● |

### Privacy Act Statement

28 U.S.C. § 589b authorizes the collection of this information, and provision of this information is mandatory under 11 U.S.C. §§ 704, 1106, and 1107. The United States Trustee will use this information to calculate statutory fee assessments under 28 U.S.C. § 1930(a)(6). The United States Trustee will also use this information to evaluate a chapter 11 debtor's progress through the bankruptcy system, including the likelihood of a plan of reorganization being confirmed and whether the case is being prosecuted in good faith. This information may be disclosed to a bankruptcy trustee or examiner when the information is needed to perform the trustee's or examiner's duties or to the appropriate federal, state, local, regulatory, tribal, or foreign law enforcement agency when the information indicates a violation or potential violation of law. Other disclosures may be made for routine purposes. For a discussion of the types of routine disclosures that may be made, you may consult the Executive Office for United States Trustee's systems of records notice, UST-001, "Bankruptcy Case Files and Associated Records." *See* 71 Fed. Reg. 59,818 et seq. (Oct. 11, 2006). A copy of the notice may be obtained at the following link: http://www.justice.gov/ust/eo/rules_regulations/index.htm. Failure to provide this information could result in the dismissal or conversion of your bankruptcy case or other action by the United States Trustee. 11 U.S.C. § 1112(b)(4)(F).

**<u>I declare under penalty of perjury that the foregoing Monthly Operating Report and its supporting documentation are true and correct and that I have been authorized to sign this report on behalf of the estate.</u>**

Jon Lowne                                                    PURDUE PHARMA INC.

Signature of Responsible Party                               Printed Name of Responsible Party

Chief Financial Officer                                      8/5/2021

Title                                                        Date

# UNITED STATES BANKRUPTCY COURT

SOUTHERN  DISTRICT OF  NEW YORK

DIVISION

In Re. PURDUE PHARMA L.P.  §  Case No.  19-23649

§

_____  §  Lead Case No.  19-23649

Debtor(s)  §

§  ☒ Jointly Administered

# Monthly Operating Report                                    Chapter 11

Reporting Period Ended: 06/30/2021                    Petition Date: 09/15/2019

Months Pending: 22                    Industry Classification: | 3 | 2 | 5 | 4 |

Reporting Method:            Accrual Basis ○        Cash Basis ◉

Debtor's Full-Time Employees (current):            223

Debtor's Full-Time Employees (as of date of order for relief):            241

**Supporting  Documentation**  (check all that are attached):

(For jointly administered debtors, any required schedules must be provided on a non-consolidated basis for each debtor)

☒  Statement of cash receipts and disbursements
☐  Balance sheet containing the summary and detail of the assets, liabilities and equity (net worth) or deficit
☐  Statement of operations (profit or loss statement)
☐  Accounts receivable aging
☐  Postpetition liabilities aging
☐  Statement of capital assets
☐  Schedule of payments to professionals
☐  Schedule of payments to insiders
☐  All bank statements and bank reconciliations for the reporting period
☐  Description of the assets sold or transferred and the terms of the sale or transfer

Eli J. Vonnegut                                    Eli J. Vonnegut
Signature of Responsible Party                    Printed Name of Responsible Party

8/5/2021
Date

                                    450 Lexington Avenue, New York, NY 10017
                                    Address

STATEMENT: This Periodic Report is associated with an open bankruptcy case; therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

UST Form 11-MOR (06/07/2021)

Debtor's Name  PURDUE PHARMA L.P.

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

Case No.  19-23649

| Part 1: Cash Receipts and Disbursements | Current Month | Cumulative |
|---|---|---|
| a. | Cash balance beginning of month | $1,137,052,635 | |
| b. | Total receipts (net of transfers between accounts) | $99,208,817 | $0 |
| c. | Total disbursements (net of transfers between accounts) | $109,446,615 | $0 |
| d. | Cash balance end of month (a+b-c) | $1,126,814,837 | |
| e. | Disbursements made by third party for the benefit of the estate | $0 | $0 |
| f. | Total disbursements for quarterly fee calculation (c+e) | $109,446,615 | $0 |

| Part 2: Asset and Liability Status (Not generally applicable to Individual Debtors. See Instructions.) | Current Month |
|---|---|
| a. | Accounts receivable (total net of allowance) | $0 |
| b. | Accounts receivable over 90 days outstanding (net of allowance) | $0 |
| c. | Inventory    (Book ● Market ○ Other ○ (attach explanation)) | $0 |
| d | Total current assets | $0 |
| e. | Total assets | $0 |
| f. | Postpetition payables (excluding taxes) | $0 |
| g. | Postpetition payables past due (excluding taxes) | $0 |
| h. | Postpetition taxes payable | $0 |
| i. | Postpetition taxes past due | $0 |
| j. | Total postpetition debt (f+h) | $0 |
| k. | Prepetition secured debt | $0 |
| l. | Prepetition priority debt | $0 |
| m. | Prepetition unsecured debt | $0 |
| n. | Total liabilities (debt) (j+k+l+m) | $0 |
| o. | Ending equity/net worth (e-n) | $0 |

| Part 3: Assets Sold or Transferred | Current Month | Cumulative |
|---|---|---|
| a. | Total cash sales price for assets sold/transferred outside the ordinary course of business | $0 | $0 |
| b. | Total payments to third parties incident to assets being sold/transferred outside the ordinary course of business | $0 | $0 |
| c. | Net cash proceeds from assets sold/transferred outside the ordinary course of business (a-b) | $0 | $0 |

| Part 4: Income Statement (Statement of Operations) (Not generally applicable to Individual Debtors. See Instructions.) | Current Month | Cumulative |
|---|---|---|
| a. | Gross income/sales (net of returns and allowances) | $0 | |
| b. | Cost of goods sold (inclusive of depreciation, if applicable) | $0 | |
| c. | Gross profit (a-b) | $0 | |
| d. | Selling expenses | $0 | |
| e. | General and administrative expenses | $0 | |
| f. | Other expenses | $0 | |
| g. | Depreciation and/or amortization (not included in 4b) | $0 | |
| h. | Interest | $0 | |
| i. | Taxes (local, state, and federal) | $0 | |
| j. | Reorganization items | $0 | |
| k. | Profit (loss) | $0 | $0 |

UST Form 11-MOR (06/07/2021)

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

Debtor's Name  PURDUE PHARMA L.P.                                         Case No.  19-23649

## Part 5:  Professional Fees and Expenses

| | | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|---|
| a. | Debtor's professional fees & expenses (bankruptcy)  *Aggregate Total* | | $0 | $0 | $0 | $0 |
| | *Itemized Breakdown by Firm* | | | | | |
| | | Firm Name | Role | | | |
| | i | | | $0 | $0 | $0 | $0 |
| | ii | | | $0 | $0 | $0 | $0 |

| | | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|---|
| b. | Debtor's professional fees & expenses (nonbankruptcy)  *Aggregate Total* | | $0 | $0 | $0 | $0 |
| | *Itemized Breakdown by Firm* | | | | | |
| | | Firm Name | Role | | | |
| | i | | | $0 | $0 | $0 | $0 |
| | ii | | | $0 | $0 | $0 | $0 |
| c. | All professional fees and expenses (debtor & committees) | | $0 | $0 | $0 | $0 |

## Part 6:  Postpetition Taxes

| | | Current Month | Cumulative |
|---|---|---|---|
| a. | Postpetition income taxes accrued (local, state, and federal) | $0 | $0 |
| b. | Postpetition income taxes paid (local, state, and federal) | $0 | $0 |
| c. | Postpetition employer payroll taxes accrued | $0 | $0 |
| d. | Postpetition employer payroll taxes paid | $0 | $0 |
| e. | Postpetition property taxes paid | $0 | $0 |
| f. | Postpetition other taxes accrued (local, state, and federal) | $0 | $0 |
| g. | Postpetition other taxes paid (local, state, and federal) | $0 | $0 |

## Part 7: Questionnaire - During this reporting period:

| | | | |
|---|---|---|---|
| a. | Were any payments made on prepetition debt?  (if yes, see Instructions) | Yes ○  No ◉ | |
| b. | Were any payments made outside the ordinary course of business without court approval?  (if yes, see Instructions) | Yes ○  No ◉ | |
| c. | Were any payments made to or on behalf of insiders? | Yes ○  No ◉ | |
| d. | Are you current on postpetition tax return filings? | Yes ○  No ◉ | |
| e. | Are you current on postpetition estimated tax payments? | Yes ○  No ◉ | |
| f. | Were all trust fund taxes remitted on a current basis? | Yes ○  No ◉ | |
| g. | Was there any postpetition borrowing, other than trade credit? (if yes, see Instructions) | Yes ○  No ◉ | |
| h. | Were all payments made to or on behalf of professionals approved by the court? | Yes ○  No ○  N/A ◉ | |
| i. | Do you have:  Worker's compensation insurance? | Yes ○  No ◉ | |
| | If yes, are your premiums current? | Yes ○  No ○  N/A ◉  (if no, see Instructions) | |
| | Casualty/property insurance? | Yes ○  No ◉ | |
| | If yes, are your premiums current? | Yes ○  No ○  N/A ◉  (if no, see Instructions) | |
| | General liability insurance? | Yes ○  No ◉ | |
| | If yes, are your premiums current? | Yes ○  No ○  N/A ◉  (if no, see Instructions) | |
| j. | Has a plan of reorganization been filed with the court? | Yes ○  No ◉ | |

UST Form 11-MOR (06/07/2021)

Debtor's Name  PURDUE PHARMA L.P.                                                              Case No.  19-23649

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Part 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

| | | | |
|---|---|---|---|
| k. | Has a disclosure statement been filed with the court? | Yes ○  No ● | |
| l. | Are you current with quarterly U.S. Trustee fees as set forth under 28 U.S.C. § 1930? | Yes ○  No ● | |

## Part 8: Individual Chapter 11 Debtors (Only)

| | | |
|---|---|---|
| a. | Gross income (receipts) from salary and wages | $0 |
| b. | Gross income (receipts) from self-employment | $0 |
| c. | Gross income from all other sources | $0 |
| d. | Total income in the reporting period (a+b+c) | $0 |
| e. | Payroll deductions | $0 |
| f. | Self-employment related expenses | $0 |
| g. | Living expenses | $0 |
| h. | All other expenses | $0 |
| i. | Total expenses in the reporting period (e+f+g+h) | $0 |
| j. | Difference between total income and total expenses (d-i) | $0 |
| k. | List the total amount of all postpetition debts that are past due | $0 |
| l. | Are you required to pay any Domestic Support Obligations as defined by 11 U.S.C § 101(14A)? | Yes ○  No ● |
| m. | If yes, have you made all Domestic Support Obligation payments? | Yes ○  No ○  N/A ● |

### Privacy Act Statement

28 U.S.C. § 589b authorizes the collection of this information, and provision of this information is mandatory under 11 U.S.C. §§ 704, 1106, and 1107. The United States Trustee will use this information to calculate statutory fee assessments under 28 U.S.C. § 1930(a)(6). The United States Trustee will also use this information to evaluate a chapter 11 debtor's progress through the bankruptcy system, including the likelihood of a plan of reorganization being confirmed and whether the case is being prosecuted in good faith. This information may be disclosed to a bankruptcy trustee or examiner when the information is needed to perform the trustee's or examiner's duties or to the appropriate federal, state, local, regulatory, tribal, or foreign law enforcement agency when the information indicates a violation or potential violation of law. Other disclosures may be made for routine purposes. For a discussion of the types of routine disclosures that may be made, you may consult the Executive Office for United States Trustee's systems of records notice, UST-001, "Bankruptcy Case Files and Associated Records." See 71 Fed. Reg. 59,818 et seq. (Oct. 11, 2006). A copy of the notice may be obtained at the following link: http://www.justice.gov/ust/eo/rules_regulations/index.htm. Failure to provide this information could result in the dismissal or conversion of your bankruptcy case or other action by the United States Trustee. 11 U.S.C. § 1112(b)(4)(F).

**<u>I declare under penalty of perjury that the foregoing Monthly Operating Report and its supporting documentation are true and correct and that I have been authorized to sign this report on behalf of the estate.</u>**

| | |
|---|---|
| Jon Lowne | PURDUE PHARMA L.P. |
| Signature of Responsible Party | Printed Name of Responsible Party |
| Chief Financial Officer | 8/5/2021 |
| Title | Date |

# UNITED STATES BANKRUPTCY COURT

SOUTHERN   DISTRICT OF   NEW YORK

DIVISION

| | | |
|---|---|---|
| In Re. PURDUE TRANSDERMAL TECHNOLOGIES, L.P. | § § § § | Case No.   19-23650 |
| Debtor(s) | | Lead Case No.   19-23649 |
| | | ☒ Jointly Administered |

## Monthly Operating Report

Chapter 11

Reporting Period Ended: 06/30/2021     Petition Date: 09/15/2019

Months Pending: 22     Industry Classification: | 3 | 2 | 5 | 4 |

Reporting Method:          Accrual Basis ○     Cash Basis ◉

Debtor's Full-Time Employees (current):          0

Debtor's Full-Time Employees (as of date of order for relief):          0

**Supporting  Documentation** (check all that are attached):

(For jointly administered debtors, any required schedules must be provided on a non-consolidated basis for each debtor)

- ☒ Statement of cash receipts and disbursements
- ☐ Balance sheet containing the summary and detail of the assets, liabilities and equity (net worth) or deficit
- ☐ Statement of operations (profit or loss statement)
- ☐ Accounts receivable aging
- ☐ Postpetition liabilities aging
- ☐ Statement of capital assets
- ☐ Schedule of payments to professionals
- ☐ Schedule of payments to insiders
- ☐ All bank statements and bank reconciliations for the reporting period
- ☐ Description of the assets sold or transferred and the terms of the sale or transfer

Eli J. Vonnegut
_____
Signature of Responsible Party

8/5/2021
_____
Date

Eli J. Vonnegut
_____
Printed Name of Responsible Party

450 Lexington Avenue, New York, NY 10017
_____
Address

STATEMENT: This Periodic Report is associated with an open bankruptcy case; therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

UST Form 11-MOR (06/07/2021)

Debtor's Name PURDUE TRANSDERMAL TECHNOLOGIES, L.P.                    Case No. 19-23650

Note: The cash balance in Part l.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts l.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

| Part 1: Cash Receipts and Disbursements | Current Month | Cumulative |
|---|---|---|
| a. Cash balance beginning of month | $0 | |
| b. Total receipts (net of transfers between accounts) | $0 | $0 |
| c. Total disbursements (net of transfers between accounts) | $0 | $0 |
| d. Cash balance end of month (a+b-c) | $0 | |
| e. Disbursements made by third party for the benefit of the estate | $0 | $0 |
| f. Total disbursements for quarterly fee calculation (c+e) | $0 | $0 |

| Part 2:  Asset and Liability Status (Not generally applicable to Individual Debtors. See Instructions.) | Current Month |
|---|---|
| a. Accounts receivable (total net of allowance) | $0 |
| b. Accounts receivable over 90 days outstanding (net of allowance) | $0 |
| c. Inventory  (Book ● Market ○  Other ○  (attach explanation)) | $0 |
| d Total current assets | $0 |
| e. Total assets | $0 |
| f. Postpetition payables (excluding taxes) | $0 |
| g. Postpetition payables past due (excluding taxes) | $0 |
| h. Postpetition taxes payable | $0 |
| i. Postpetition taxes past due | $0 |
| j. Total postpetition debt (f+h) | $0 |
| k. Prepetition secured debt | $0 |
| l. Prepetition priority debt | $0 |
| m. Prepetition unsecured debt | $0 |
| n. Total liabilities (debt) (j+k+l+m) | $0 |
| o. Ending equity/net worth (e-n) | $0 |

| Part 3:  Assets Sold or Transferred | Current Month | Cumulative |
|---|---|---|
| a. Total cash sales price for assets sold/transferred outside the ordinary course of business | $0 | $0 |
| b. Total payments to third parties incident to assets being sold/transferred outside the ordinary course of business | $0 | $0 |
| c. Net cash proceeds from assets sold/transferred outside the ordinary course of business (a-b) | $0 | $0 |

| Part 4:  Income Statement (Statement of Operations) (Not generally applicable to Individual Debtors. See Instructions.) | Current Month | Cumulative |
|---|---|---|
| a. Gross income/sales (net of returns and allowances) | $0 | |
| b. Cost of goods sold (inclusive of depreciation, if applicable) | $0 | |
| c. Gross profit (a-b) | $0 | |
| d. Selling expenses | $0 | |
| e. General and administrative expenses | $0 | |
| f. Other expenses | $0 | |
| g. Depreciation and/or amortization (not included in 4b) | $0 | |
| h. Interest | $0 | |
| i. Taxes (local, state, and federal) | $0 | |
| j. Reorganization items | $0 | |
| k. Profit (loss) | $0 | $0 |

UST Form 11-MOR (06/07/2021)

Debtor's Name PURDUE TRANSDERMAL
TECHNOLOGIES, L.P.

Case No. 19-23650

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

## Part 5: Professional Fees and Expenses

|  |  | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|
| a. | Debtor's professional fees & expenses (bankruptcy) *Aggregate Total* | $0 | $0 | $0 | $0 |
|  | *Itemized Breakdown by Firm* | | | | |
|  | Firm Name / Role | | | | |
| i | | $0 | $0 | $0 | $0 |
| ii | | $0 | $0 | $0 | $0 |

|  |  | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|
| b. | Debtor's professional fees & expenses (nonbankruptcy) *Aggregate Total* | $0 | $0 | $0 | $0 |
|  | *Itemized Breakdown by Firm* | | | | |
|  | Firm Name / Role | | | | |
| i | | $0 | $0 | $0 | $0 |
| ii | | $0 | $0 | $0 | $0 |
| c. | All professional fees and expenses (debtor & committees) | $0 | $0 | $0 | $0 |

## Part 6: Postpetition Taxes

|  |  | Current Month | Cumulative |
|---|---|---|---|
| a. | Postpetition income taxes accrued (local, state, and federal) | $0 | $0 |
| b. | Postpetition income taxes paid (local, state, and federal) | $0 | $0 |
| c. | Postpetition employer payroll taxes accrued | $0 | $0 |
| d. | Postpetition employer payroll taxes paid | $0 | $0 |
| e. | Postpetition property taxes paid | $0 | $0 |
| f. | Postpetition other taxes accrued (local, state, and federal) | $0 | $0 |
| g. | Postpetition other taxes paid (local, state, and federal) | $0 | $0 |

## Part 7: Questionnaire - During this reporting period:

a. Were any payments made on prepetition debt?  (if yes, see Instructions)      Yes ○  No ◉

b. Were any payments made outside the ordinary course of business without court approval?  (if yes, see Instructions)      Yes ○  No ◉

c. Were any payments made to or on behalf of insiders?      Yes ○  No ◉

d. Are you current on postpetition tax return filings?      Yes ○  No ◉

e. Are you current on postpetition estimated tax payments?      Yes ○  No ◉

f. Were all trust fund taxes remitted on a current basis?      Yes ○  No ◉

g. Was there any postpetition borrowing, other than trade credit? (if yes, see Instructions)      Yes ○  No ◉

h. Were all payments made to or on behalf of professionals approved by the court?      Yes ○  No ○  N/A ◉

i. Do you have:      Worker's compensation insurance?      Yes ○  No ◉

    If yes, are your premiums current?      Yes ○  No ○  N/A ◉  (if no, see Instructions)

    Casualty/property insurance?      Yes ○  No ◉

    If yes, are your premiums current?      Yes ○  No ○  N/A ◉  (if no, see Instructions)

    General liability insurance?      Yes ○  No ◉

    If yes, are your premiums current?      Yes ○  No ○  N/A ◉  (if no, see Instructions)

j. Has a plan of reorganization been filed with the court?      Yes ○  No ◉

UST Form 11-MOR (06/07/2021)

Debtor's Name PURDUE TRANSDERMAL
TECHNOLOGIES, L.P.

Case No. 19-23650

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

| | | |
|---|---|---|
| k. | Has a disclosure statement been filed with the court? | Yes ◯ No ⦿ |
| l. | Are you current with quarterly U.S. Trustee fees as set forth under 28 U.S.C. § 1930? | Yes ◯ No ⦿ |

## Part 8: Individual Chapter 11 Debtors (Only)

| | | |
|---|---|---|
| a. | Gross income (receipts) from salary and wages | $0 |
| b. | Gross income (receipts) from self-employment | $0 |
| c. | Gross income from all other sources | $0 |
| d. | Total income in the reporting period (a+b+c) | $0 |
| e. | Payroll deductions | $0 |
| f. | Self-employment related expenses | $0 |
| g. | Living expenses | $0 |
| h. | All other expenses | $0 |
| i. | Total expenses in the reporting period (e+f+g+h) | $0 |
| j. | Difference between total income and total expenses (d-i) | $0 |
| k. | List the total amount of all postpetition debts that are past due | $0 |
| l. | Are you required to pay any Domestic Support Obligations as defined by 11 U.S.C § 101(14A)? | Yes ◯ No ⦿ |
| m. | If yes, have you made all Domestic Support Obligation payments? | Yes ◯ No ◯ N/A ⦿ |

### Privacy Act Statement

28 U.S.C. § 589b authorizes the collection of this information, and provision of this information is mandatory under 11 U.S.C. §§ 704, 1106, and 1107. The United States Trustee will use this information to calculate statutory fee assessments under 28 U.S.C. § 1930(a)(6). The United States Trustee will also use this information to evaluate a chapter 11 debtor's progress through the bankruptcy system, including the likelihood of a plan of reorganization being confirmed and whether the case is being prosecuted in good faith. This information may be disclosed to a bankruptcy trustee or examiner when the information is needed to perform the trustee's or examiner's duties or to the appropriate federal, state, local, regulatory, tribal, or foreign law enforcement agency when the information indicates a violation or potential violation of law. Other disclosures may be made for routine purposes. For a discussion of the types of routine disclosures that may be made, you may consult the Executive Office for United States Trustee's systems of records notice, UST-001, "Bankruptcy Case Files and Associated Records." *See* 71 Fed. Reg. 59,818 et seq. (Oct. 11, 2006). A copy of the notice may be obtained at the following link: http://www.justice.gov/ust/eo/rules_regulations/index.htm. Failure to provide this information could result in the dismissal or conversion of your bankruptcy case or other action by the United States Trustee. 11 U.S.C. § 1112(b)(4)(F).

**I declare under penalty of perjury that the foregoing Monthly Operating Report and its supporting documentation are true and correct and that I have been authorized to sign this report on behalf of the estate.**

Jon Lowne

PURDUE TRANSDERMAL TECHNOLOGIES, L.P.

Signature of Responsible Party

Printed Name of Responsible Party

Chief Financial Officer

8/5/2021

Title

Date

UST Form 11-MOR (06/07/2021)

# UNITED STATES BANKRUPTCY COURT

SOUTHERN  DISTRICT OF  NEW YORK

DIVISION

In Re. PURDUE PHARMA MANUFACTURING L.P.    §          Case No.  19-23651
                                            §
_____            §          Lead Case No.  19-23649
                Debtor(s)                   §
                                            §          ☒ Jointly Administered

# Monthly Operating Report                                    Chapter 11

Reporting Period Ended: 06/30/2021                    Petition Date: 09/15/2019

Months Pending: 22                          Industry Classification: | 3 | 2 | 5 | 4 |

Reporting Method:              Accrual Basis ○          Cash Basis ◉

Debtor's Full-Time Employees (current):                    0

Debtor's Full-Time Employees (as of date of order for relief):    43


**Supporting  Documentation**  (check all that are attached):

(For jointly administered debtors, any required schedules must be provided on a non-consolidated basis for each debtor)

☒    Statement of cash receipts and disbursements
☐    Balance sheet containing the summary and detail of the assets, liabilities and equity (net worth) or deficit
☐    Statement of operations (profit or loss statement)
☐    Accounts receivable aging
☐    Postpetition liabilities aging
☐    Statement of capital assets
☐    Schedule of payments to professionals
☐    Schedule of payments to insiders
☐    All bank statements and bank reconciliations for the reporting period
☐    Description of the assets sold or transferred and the terms of the sale or transfer


Eli J. Vonnegut
_____
Signature of Responsible Party

8/5/2021
_____
Date

Eli J. Vonnegut
_____
Printed Name of Responsible Party


450 Lexington Avenue, New York, NY 10017
_____
Address


STATEMENT: This Periodic Report is associated with an open bankruptcy case; therefore, Paperwork Reduction Act exemption 5 C.F.R.
§ 1320.4(a)(2) applies.

UST Form 11-MOR (06/07/2021)

Debtor's Name PURDUE PHARMA
MANUFACTURING L.P.

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

Case No. 19-23651

| Part 1: Cash Receipts and Disbursements | Current Month | Cumulative |
|---|---|---|
| a.  Cash balance beginning of month | $0 | |
| b.  Total receipts (net of transfers between accounts) | $0 | $0 |
| c.  Total disbursements (net of transfers between accounts) | $0 | $0 |
| d.  Cash balance end of month (a+b+c) | $0 | |
| e.  Disbursements made by third party for the benefit of the estate | $0 | $0 |
| f.  Total disbursements for quarterly fee calculation (c+e) | $0 | $0 |

| Part 2:  Asset and Liability Status (Not generally applicable to Individual Debtors. See Instructions.) | Current Month | |
|---|---|---|
| a.  Accounts receivable (total net of allowance) | $0 | |
| b.  Accounts receivable over 90 days outstanding (net of allowance) | $0 | |
| c.  Inventory   (Book ⦿  Market ◯  Other ◯   (attach explanation)) | $0 | |
| d   Total current assets | $0 | |
| e.  Total assets | $0 | |
| f.  Postpetition payables (excluding taxes) | $0 | |
| g.  Postpetition payables past due (excluding taxes) | $0 | |
| h.  Postpetition taxes payable | $0 | |
| i.  Postpetition taxes past due | $0 | |
| j.  Total postpetition debt (f+h) | $0 | |
| k.  Prepetition secured debt | $0 | |
| l.  Prepetition priority debt | $0 | |
| m.  Prepetition unsecured debt | $0 | |
| n.  Total liabilities (debt) (j+k+l+m) | $0 | |
| o.  Ending equity/net worth (e-n) | $0 | |

| Part 3:  Assets Sold or Transferred | Current Month | Cumulative |
|---|---|---|
| a.  Total cash sales price for assets sold/transferred outside the ordinary course of business | $0 | $0 |
| b.  Total payments to third parties incident to assets being sold/transferred outside the ordinary course of business | $0 | $0 |
| c.  Net cash proceeds from assets sold/transferred outside the ordinary course of business (a-b) | $0 | $0 |

| Part 4:  Income Statement (Statement of Operations) (Not generally applicable to Individual Debtors. See Instructions.) | Current Month | Cumulative |
|---|---|---|
| a.  Gross income/sales (net of returns and allowances) | $0 | |
| b.  Cost of goods sold (inclusive of depreciation, if applicable) | $0 | |
| c.  Gross profit (a-b) | $0 | |
| d.  Selling expenses | $0 | |
| e.  General and administrative expenses | $0 | |
| f.  Other expenses | $0 | |
| g.  Depreciation and/or amortization (not included in 4b) | $0 | |
| h.  Interest | $0 | |
| i.  Taxes (local, state, and federal) | $0 | |
| j.  Reorganization items | $0 | |
| k.  Profit (loss) | $0 | $0 |

UST Form 11-MOR (06/07/2021)

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

Debtor's Name  PURDUE PHARMA MANUFACTURING L.P.

Case No.  19-23651

## Part 5:  Professional Fees and Expenses

| | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|
| a. | Debtor's professional fees & expenses (bankruptcy)  *Aggregate Total* | $0 | $0 | $0 | $0 |
| | *Itemized Breakdown by Firm* | | | | |
| | Firm Name | Role | | | |
| i | | | $0 | $0 | $0 | $0 |
| ii | | | $0 | $0 | $0 | $0 |

| | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|
| b. | Debtor's professional fees & expenses (nonbankruptcy)  *Aggregate Total* | $0 | $0 | $0 | $0 |
| | *Itemized Breakdown by Firm* | | | | |
| | Firm Name | Role | | | |
| i | | | $0 | $0 | $0 | $0 |
| ii | | | $0 | $0 | $0 | $0 |
| c. | All professional fees and expenses (debtor & committees) | $0 | $0 | $0 | $0 |

## Part 6:  Postpetition Taxes

| | | Current Month | Cumulative |
|---|---|---|---|
| a. | Postpetition income taxes accrued (local, state, and federal) | $0 | $0 |
| b. | Postpetition income taxes paid (local, state, and federal) | $0 | $0 |
| c. | Postpetition employer payroll taxes accrued | $0 | $0 |
| d. | Postpetition employer payroll taxes paid | $0 | $0 |
| e. | Postpetition property taxes paid | $0 | $0 |
| f. | Postpetition other taxes accrued (local, state, and federal) | $0 | $0 |
| g. | Postpetition other taxes paid (local, state, and federal) | $0 | $0 |

## Part 7: Questionnaire - During this reporting period:

a. Were any payments made on prepetition debt?  (if yes, see Instructions)   Yes ○  No ●

b. Were any payments made outside the ordinary course of business without court approval?  (if yes, see Instructions)   Yes ○  No ●

c. Were any payments made to or on behalf of insiders?   Yes ○  No ●

d. Are you current on postpetition tax return filings?   Yes ○  No ●

e. Are you current on postpetition estimated tax payments?   Yes ○  No ●

f. Were all trust fund taxes remitted on a current basis?   Yes ○  No ●

g. Was there any postpetition borrowing, other than trade credit? (if yes, see Instructions)   Yes ○  No ●

h. Were all payments made to or on behalf of professionals approved by the court?   Yes ○  No ○  N/A ●

i. Do you have:  Worker's compensation insurance?   Yes ○  No ●

    If yes, are your premiums current?   Yes ○  No ○  N/A ●  (if no, see Instructions)

    Casualty/property insurance?   Yes ○  No ●

    If yes, are your premiums current?   Yes ○  No ○  N/A ●  (if no, see Instructions)

    General liability insurance?   Yes ○  No ●

    If yes, are your premiums current?   Yes ○  No ○  N/A ●  (if no, see Instructions)

j. Has a plan of reorganization been filed with the court?   Yes ○  No ●

UST Form 11-MOR (06/07/2021)

Debtor's Name PURDUE PHARMA MANUFACTURING L.P.                    Case No. 19-23651

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

| | | | |
|---|---|---|---|
| k. | Has a disclosure statement been filed with the court? | Yes ◯  No ⦿ | |
| l. | Are you current with quarterly U.S. Trustee fees as set forth under 28 U.S.C. § 1930? | Yes ◯  No ⦿ | |

## Part 8: Individual Chapter 11 Debtors (Only)

| | | |
|---|---|---|
| a. | Gross income (receipts) from salary and wages | $0 |
| b. | Gross income (receipts) from self-employment | $0 |
| c. | Gross income from all other sources | $0 |
| d. | Total income in the reporting period (a+b+c) | $0 |
| e. | Payroll deductions | $0 |
| f. | Self-employment related expenses | $0 |
| g. | Living expenses | $0 |
| h. | All other expenses | $0 |
| i. | Total expenses in the reporting period (e+f+g+h) | $0 |
| j. | Difference between total income and total expenses (d-i) | $0 |
| k. | List the total amount of all postpetition debts that are past due | $0 |
| l. | Are you required to pay any Domestic Support Obligations as defined by 11 U.S.C § 101(14A)? | Yes ◯  No ⦿ |
| m. | If yes, have you made all Domestic Support Obligation payments? | Yes ◯  No ◯  N/A ⦿ |

### Privacy Act Statement

28 U.S.C. § 589b authorizes the collection of this information, and provision of this information is mandatory under 11 U.S.C. §§ 704, 1106, and 1107.  The United States Trustee will use this information to calculate statutory fee assessments under 28 U.S.C. § 1930(a)(6).  The United States Trustee will also use this information to evaluate a chapter 11 debtor's progress through the bankruptcy system, including the likelihood of a plan of reorganization being confirmed and whether the case is being prosecuted in good faith.  This information may be disclosed to a bankruptcy trustee or examiner when the information is needed to perform the trustee's or examiner's duties or to the appropriate federal, state, local, regulatory, tribal, or foreign law enforcement agency when the information indicates a violation or potential violation of law.  Other disclosures may be made for routine purposes. For a discussion of the types of routine disclosures that may be made, you may consult the Executive Office for United States Trustee's systems of records notice, UST-001, "Bankruptcy Case Files and Associated Records."  See 71 Fed. Reg. 59,818 et seq. (Oct. 11, 2006).  A copy of the notice may be obtained at the following link: http://www.justice.gov/ust/eo/rules_regulations/index.htm.  Failure to provide this information could result in the dismissal or conversion of your bankruptcy case or other action by the United States Trustee.  11 U.S.C. § 1112(b)(4)(F).

**<u>I declare under penalty of perjury that the foregoing Monthly Operating Report and its supporting documentation are true and correct and that I have been authorized to sign this report on behalf of the estate.</u>**

Jon Lowne                                                              PURDUE PHARMA MANUFACTURING L.P.

Signature of Responsible Party                                         Printed Name of Responsible Party

Chief Financial Officer                                                8/5/2021

Title                                                                  Date

# UNITED STATES BANKRUPTCY COURT

SOUTHERN  DISTRICT OF  NEW YORK

DIVISION

In Re. PURDUE PHARMACEUTICALS L.P.            §            Case No.  19-23652
                                             §
_____              §            Lead Case No.  19-23649
                  Debtor(s)                  §
                                             §            ☒ Jointly Administered

# Monthly Operating Report                                            Chapter 11

Reporting Period Ended: 06/30/2021                    Petition Date: 09/15/2019

Months Pending: 22                          Industry Classification: | 3 | 2 | 5 | 4 |

Reporting Method:                 Accrual Basis ◯            Cash Basis ◉

Debtor's Full-Time Employees (current):                    175

Debtor's Full-Time Employees (as of date of order for relief):        153

**Supporting  Documentation**  (check all that are attached):

(For jointly administered debtors, any required schedules must be provided on a non-consolidated basis for each debtor)

☒      Statement of cash receipts and disbursements
☐      Balance sheet containing the summary and detail of the assets, liabilities and equity (net worth) or deficit
☐      Statement of operations (profit or loss statement)
☐      Accounts receivable aging
☐      Postpetition liabilities aging
☐      Statement of capital assets
☐      Schedule of payments to professionals
☐      Schedule of payments to insiders
☐      All bank statements and bank reconciliations for the reporting period
☐      Description of the assets sold or transferred and the terms of the sale or transfer

Eli J. Vonnegut
_____          Eli J. Vonnegut
Signature of Responsible Party             _____
                                           Printed Name of Responsible Party
8/5/2021
_____
Date

                                           450 Lexington Avenue, New York, NY 10017
                                           _____
                                           Address

STATEMENT: This Periodic Report is associated with an open bankruptcy case; therefore, Paperwork Reduction Act exemption 5 C.F.R.
§ 1320.4(a)(2) applies.

UST Form 11-MOR (06/07/2021)

Debtor's Name PURDUE
PHARMACEUTICALS L.P.                                    Case No.  19-23652

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

| Part 1: Cash Receipts and Disbursements | Current Month | Cumulative |
|---|---|---|
| a. | Cash balance beginning of month | $125,992 | |
| b. | Total receipts (net of transfers between accounts) | $0 | $0 |
| c. | Total disbursements (net of transfers between accounts) | $5,476,809 | $0 |
| d. | Cash balance end of month (a+b+c) | $-5,350,817 | |
| e. | Disbursements made by third party for the benefit of the estate | $0 | $0 |
| f. | Total disbursements for quarterly fee calculation (c+e) | $5,476,809 | $0 |

| Part 2:  Asset and Liability Status (Not generally applicable to Individual Debtors. See Instructions.) | Current Month |
|---|---|
| a. | Accounts receivable (total net of allowance) | $0 |
| b. | Accounts receivable over 90 days outstanding (net of allowance) | $0 |
| c. | Inventory     (Book ◉  Market ○  Other ○   (attach explanation)) | $0 |
| d | Total current assets | $0 |
| e. | Total assets | $0 |
| f. | Postpetition payables (excluding taxes) | $0 |
| g. | Postpetition payables past due (excluding taxes) | $0 |
| h. | Postpetition taxes payable | $0 |
| i. | Postpetition taxes past due | $0 |
| j. | Total postpetition debt (f+h) | $0 |
| k. | Prepetition secured debt | $0 |
| l. | Prepetition priority debt | $0 |
| m. | Prepetition unsecured debt | $0 |
| n. | Total liabilities (debt) (j+k+l+m) | $0 |
| o. | Ending equity/net worth (e-n) | $0 |

| Part 3:  Assets Sold or Transferred | Current Month | Cumulative |
|---|---|---|
| a. | Total cash sales price for assets sold/transferred outside the ordinary course of business | $0 | $0 |
| b. | Total payments to third parties incident to assets being sold/transferred outside the ordinary course of business | $0 | $0 |
| c. | Net cash proceeds from assets sold/transferred outside the ordinary course of business (a-b) | $0 | $0 |

| Part 4:  Income Statement (Statement of Operations) (Not generally applicable to Individual Debtors. See Instructions.) | Current Month | Cumulative |
|---|---|---|
| a. | Gross income/sales (net of returns and allowances) | $0 | |
| b. | Cost of goods sold (inclusive of depreciation, if applicable) | $0 | |
| c. | Gross profit (a-b) | $0 | |
| d. | Selling expenses | $0 | |
| e. | General and administrative expenses | $0 | |
| f. | Other expenses | $0 | |
| g. | Depreciation and/or amortization (not included in 4b) | $0 | |
| h. | Interest | $0 | |
| i. | Taxes (local, state, and federal) | $0 | |
| j. | Reorganization items | $0 | |
| k. | Profit (loss) | $0 | $0 |

UST Form 11-MOR (06/07/2021)

Debtor's Name PURDUE PHARMACEUTICALS L.P.

Case No. 19-23652

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

## Part 5:  Professional Fees and Expenses

| | | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|---|
| a. | Debtor's professional fees & expenses (bankruptcy)  *Aggregate Total* | | $0 | $0 | $0 | $0 |
| | *Itemized Breakdown by Firm* | | | | | |
| | | Firm Name | Role | | | |
| | i | | | $0 | $0 | $0 | $0 |
| | ii | | | $0 | $0 | $0 | $0 |

| | | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|---|
| b. | Debtor's professional fees & expenses (nonbankruptcy)  *Aggregate Total* | | $0 | $0 | $0 | $0 |
| | *Itemized Breakdown by Firm* | | | | | |
| | | Firm Name | Role | | | |
| | i | | | $0 | $0 | $0 | $0 |
| | ii | | | $0 | $0 | $0 | $0 |
| c. | All professional fees and expenses (debtor & committees) | | $0 | $0 | $0 | $0 |

## Part 6:  Postpetition Taxes

| | | Current Month | Cumulative |
|---|---|---|---|
| a. | Postpetition income taxes accrued (local, state, and federal) | $0 | $0 |
| b. | Postpetition income taxes paid (local, state, and federal) | $0 | $0 |
| c. | Postpetition employer payroll taxes accrued | $0 | $0 |
| d. | Postpetition employer payroll taxes paid | $0 | $0 |
| e. | Postpetition property taxes paid | $0 | $0 |
| f. | Postpetition other taxes accrued (local, state, and federal) | $0 | $0 |
| g. | Postpetition other taxes paid (local, state, and federal) | $0 | $0 |

## Part 7: Questionnaire - During this reporting period:

a. Were any payments made on prepetition debt?  (if yes, see Instructions)  Yes ○  No ●

b. Were any payments made outside the ordinary course of business without court approval?  (if yes, see Instructions)  Yes ○  No ●

c. Were any payments made to or on behalf of insiders?  Yes ○  No ●

d. Are you current on postpetition tax return filings?  Yes ○  No ●

e. Are you current on postpetition estimated tax payments?  Yes ○  No ●

f. Were all trust fund taxes remitted on a current basis?  Yes ○  No ●

g. Was there any postpetition borrowing, other than trade credit?  (if yes, see Instructions)  Yes ○  No ●

h. Were all payments made to or on behalf of professionals approved by the court?  Yes ○  No ○  N/A ●

i. Do you have:  Worker's compensation insurance?  Yes ○  No ●

If yes, are your premiums current?  Yes ○  No ○  N/A ●  (if no, see Instructions)

Casualty/property insurance?  Yes ○  No ●

If yes, are your premiums current?  Yes ○  No ○  N/A ●  (if no, see Instructions)

General liability insurance?  Yes ○  No ●

If yes, are your premiums current?  Yes ○  No ○  N/A ●  (if no, see Instructions)

j. Has a plan of reorganization been filed with the court?  Yes ○  No ●

UST Form 11-MOR (06/07/2021)

Debtor's Name PURDUE
PHARMACEUTICALS L.P.                                                    Case No. 19-23652

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

| | | |
|---|---|---|
| k. | Has a disclosure statement been filed with the court? | Yes ○   No ● |
| l. | Are you current with quarterly U.S. Trustee fees as set forth under 28 U.S.C. § 1930? | Yes ○   No ● |

## Part 8: Individual Chapter 11 Debtors (Only)

| | | |
|---|---|---|
| a. | Gross income (receipts) from salary and wages | $0 |
| b. | Gross income (receipts) from self-employment | $0 |
| c. | Gross income from all other sources | $0 |
| d. | Total income in the reporting period (a+b+c) | $0 |
| e. | Payroll deductions | $0 |
| f. | Self-employment related expenses | $0 |
| g. | Living expenses | $0 |
| h. | All other expenses | $0 |
| i. | Total expenses in the reporting period (e+f+g+h) | $0 |
| j. | Difference between total income and total expenses (d-i) | $0 |
| k. | List the total amount of all postpetition debts that are past due | $0 |
| l. | Are you required to pay any Domestic Support Obligations as defined by 11 U.S.C § 101(14A)? | Yes ○   No ● |
| m. | If yes, have you made all Domestic Support Obligation payments? | Yes ○   No ○   N/A ● |

### Privacy Act Statement

28 U.S.C. § 589b authorizes the collection of this information, and provision of this information is mandatory under 11 U.S.C. §§ 704, 1106, and 1107. The United States Trustee will use this information to calculate statutory fee assessments under 28 U.S.C. § 1930(a)(6). The United States Trustee will also use this information to evaluate a chapter 11 debtor's progress through the bankruptcy system, including the likelihood of a plan of reorganization being confirmed and whether the case is being prosecuted in good faith. This information may be disclosed to a bankruptcy trustee or examiner when the information is needed to perform the trustee's or examiner's duties or to the appropriate federal, state, local, regulatory, tribal, or foreign law enforcement agency when the information indicates a violation or potential violation of law. Other disclosures may be made for routine purposes. For a discussion of the types of routine disclosures that may be made, you may consult the Executive Office for United States Trustee's systems of records notice, UST-001, "Bankruptcy Case Files and Associated Records." See 71 Fed. Reg. 59,818 et seq. (Oct. 11, 2006). A copy of the notice may be obtained at the following link: http://www.justice.gov/ust/eo/rules_regulations/index.htm. Failure to provide this information could result in the dismissal or conversion of your bankruptcy case or other action by the United States Trustee. 11 U.S.C. § 1112(b)(4)(F).

**I declare under penalty of perjury that the foregoing Monthly Operating Report and its supporting documentation are true and correct and that I have been authorized to sign this report on behalf of the estate.**

Jon Lowne                                                    PURDUE PHARMACEUTICALS L.P.
_____                              _____
Signature of Responsible Party                               Printed Name of Responsible Party

Chief Financial Officer                                      8/5/2021
_____                              _____
Title                                                        Date

# UNITED STATES BANKRUPTCY COURT

<u>SOUTHERN</u>   DISTRICT OF   <u>NEW YORK</u>

DIVISION

| | | |
|---|---|---|
| In Re. IMBRIUM THERAPEUTICS L.P. | § | Case No.  <u>19-23653</u> |
| | § | |
| | § | Lead Case No.  <u>19-23649</u> |
| Debtor(s) | § | |
| | | ☒ Jointly Administered |

## Monthly Operating Report                                Chapter 11

Reporting Period Ended: <u>06/30/2021</u>                Petition Date: <u>09/15/2019</u>

Months Pending: <u>22</u>                        Industry Classification: | 3 | 2 | 5 | 4 |

Reporting Method:            Accrual Basis ○        Cash Basis ⊙

Debtor's Full-Time Employees (current):            <u>38</u>

Debtor's Full-Time Employees (as of date of order for relief):        <u>32</u>

**Supporting  Documentation** (check all that are attached):

(For jointly administered debtors, any required schedules must be provided on a non-consolidated basis for each debtor)

☒    Statement of cash receipts and disbursements
☐    Balance sheet containing the summary and detail of the assets, liabilities and equity (net worth) or deficit
☐    Statement of operations (profit or loss statement)
☐    Accounts receivable aging
☐    Postpetition liabilities aging
☐    Statement of capital assets
☐    Schedule of payments to professionals
☐    Schedule of payments to insiders
☐    All bank statements and bank reconciliations for the reporting period
☐    Description of the assets sold or transferred and the terms of the sale or transfer

<u>Eli J. Vonnegut</u>                        <u>Eli J. Vonnegut</u>
Signature of Responsible Party                Printed Name of Responsible Party

<u>8/5/2021</u>
Date

                            <u>450 Lexington Avenue, New York, NY 10017</u>
                            Address

STATEMENT: This Periodic Report is associated with an open bankruptcy case; therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

UST Form 11-MOR (06/07/2021)

Debtor's Name  IMBRIUM
THERAPEUTICS L.P.

Case No.  19-23653

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

| Part 1: Cash Receipts and Disbursements | Current Month | Cumulative |
|---|---|---|
| a.  Cash balance beginning of month | $0 | |
| b.  Total receipts (net of transfers between accounts) | $0 | $0 |
| c.  Total disbursements (net of transfers between accounts) | $1,285,501 | $0 |
| d.  Cash balance end of month (a+b+c) | $-1,285,501 | |
| e.  Disbursements made by third party for the benefit of the estate | $0 | $0 |
| f.  Total disbursements for quarterly fee calculation (c+e) | $1,285,501 | $0 |

| Part 2:  Asset and Liability Status (Not generally applicable to Individual Debtors. See Instructions.) | Current Month | |
|---|---|---|
| a.  Accounts receivable (total net of allowance) | $0 | |
| b.  Accounts receivable over 90 days outstanding (net of allowance) | $0 | |
| c.  Inventory    (Book ⦿  Market ◯  Other ◯   (attach explanation)) | $0 | |
| d  Total current assets | $0 | |
| e.  Total assets | $0 | |
| f.  Postpetition payables (excluding taxes) | $0 | |
| g.  Postpetition payables past due (excluding taxes) | $0 | |
| h.  Postpetition taxes payable | $0 | |
| i.  Postpetition taxes past due | $0 | |
| j.  Total postpetition debt (f+h) | $0 | |
| k.  Prepetition secured debt | $0 | |
| l.  Prepetition priority debt | $0 | |
| m.  Prepetition unsecured debt | $0 | |
| n.  Total liabilities (debt) (j+k+l+m) | $0 | |
| o.  Ending equity/net worth (e-n) | $0 | |

| Part 3:  Assets Sold or Transferred | Current Month | Cumulative |
|---|---|---|
| a.  Total cash sales price for assets sold/transferred outside the ordinary course of business | $0 | $0 |
| b.  Total payments to third parties incident to assets being sold/transferred outside the ordinary course of business | $0 | $0 |
| c.  Net cash proceeds from assets sold/transferred outside the ordinary course of business (a-b) | $0 | $0 |

| Part 4:  Income Statement (Statement of Operations) (Not generally applicable to Individual Debtors. See Instructions.) | Current Month | Cumulative |
|---|---|---|
| a.  Gross income/sales (net of returns and allowances) | $0 | |
| b.  Cost of goods sold (inclusive of depreciation, if applicable) | $0 | |
| c.  Gross profit (a-b) | $0 | |
| d.  Selling expenses | $0 | |
| e.  General and administrative expenses | $0 | |
| f.  Other expenses | $0 | |
| g.  Depreciation and/or amortization (not included in 4b) | $0 | |
| h.  Interest | $0 | |
| i.  Taxes (local, state, and federal) | $0 | |
| j.  Reorganization items | $0 | |
| k.  Profit (loss) | $0 | $0 |

UST Form 11-MOR (06/07/2021)

Debtor's Name IMBRIUM
THERAPEUTICS L.P.

Case No. 19-23653

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

## Part 5: Professional Fees and Expenses

| | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|
| a. | Debtor's professional fees & expenses (bankruptcy) *Aggregate Total* | $0 | $0 | $0 | $0 |
| | *Itemized Breakdown by Firm* | | | | |
| | Firm Name / Role | | | | |
| i | | $0 | $0 | $0 | $0 |
| ii | | $0 | $0 | $0 | $0 |

| | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|
| b. | Debtor's professional fees & expenses (nonbankruptcy) *Aggregate Total* | $0 | $0 | $0 | $0 |
| | *Itemized Breakdown by Firm* | | | | |
| | Firm Name / Role | | | | |
| i | | $0 | $0 | $0 | $0 |
| ii | | $0 | $0 | $0 | $0 |
| c. | All professional fees and expenses (debtor & committees) | $0 | $0 | $0 | $0 |

## Part 6: Postpetition Taxes

| | | Current Month | Cumulative |
|---|---|---|---|
| a. | Postpetition income taxes accrued (local, state, and federal) | $0 | $0 |
| b. | Postpetition income taxes paid (local, state, and federal) | $0 | $0 |
| c. | Postpetition employer payroll taxes accrued | $0 | $0 |
| d. | Postpetition employer payroll taxes paid | $0 | $0 |
| e. | Postpetition property taxes paid | $0 | $0 |
| f. | Postpetition other taxes accrued (local, state, and federal) | $0 | $0 |
| g. | Postpetition other taxes paid (local, state, and federal) | $0 | $0 |

## Part 7: Questionnaire - During this reporting period:

a. Were any payments made on prepetition debt? (if yes, see Instructions) — Yes ◯ No ⦿

b. Were any payments made outside the ordinary course of business without court approval? (if yes, see Instructions) — Yes ◯ No ⦿

c. Were any payments made to or on behalf of insiders? — Yes ◯ No ⦿

d. Are you current on postpetition tax return filings? — Yes ◯ No ⦿

e. Are you current on postpetition estimated tax payments? — Yes ◯ No ⦿

f. Were all trust fund taxes remitted on a current basis? — Yes ◯ No ⦿

g. Was there any postpetition borrowing, other than trade credit? (if yes, see Instructions) — Yes ◯ No ⦿

h. Were all payments made to or on behalf of professionals approved by the court? — Yes ◯ No ◯ N/A ⦿

i. Do you have: Worker's compensation insurance? — Yes ◯ No ⦿

    If yes, are your premiums current? — Yes ◯ No ◯ N/A ⦿ (if no, see Instructions)

    Casualty/property insurance? — Yes ◯ No ⦿

    If yes, are your premiums current? — Yes ◯ No ◯ N/A ⦿ (if no, see Instructions)

    General liability insurance? — Yes ◯ No ⦿

    If yes, are your premiums current? — Yes ◯ No ◯ N/A ⦿ (if no, see Instructions)

j. Has a plan of reorganization been filed with the court? — Yes ◯ No ⦿

UST Form 11-MOR (06/07/2021)

Debtor's Name IMBRIUM
THERAPEUTICS L.P.                                                      Case No. 19-23653

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

k.  Has a disclosure statement been filed with the court?                Yes ○  No ◉
l.  Are you current with quarterly U.S. Trustee fees as               Yes ○  No ◉
    set forth under 28 U.S.C. § 1930?

## Part 8: Individual Chapter 11 Debtors (Only)

| | | |
|---|---|---|
| a. | Gross income (receipts) from salary and wages | $0 |
| b. | Gross income (receipts) from self-employment | $0 |
| c. | Gross income from all other sources | $0 |
| d. | Total income in the reporting period (a+b+c) | $0 |
| e. | Payroll deductions | $0 |
| f. | Self-employment related expenses | $0 |
| g. | Living expenses | $0 |
| h. | All other expenses | $0 |
| i. | Total expenses in the reporting period (e+f+g+h) | $0 |
| j. | Difference between total income and total expenses (d-i) | $0 |
| k. | List the total amount of all postpetition debts that are past due | $0 |

l.  Are you required to pay any Domestic Support Obligations as defined by 11    Yes ○  No ◉
    U.S.C § 101(14A)?
m.  If yes, have you made all Domestic Support Obligation payments?   Yes ○  No ○  N/A ◉

### Privacy Act Statement

28 U.S.C. § 589b authorizes the collection of this information, and provision of this information is mandatory under 11 U.S.C. §§ 704, 1106, and 1107. The United States Trustee will use this information to calculate statutory fee assessments under 28 U.S.C. § 1930(a)(6). The United States Trustee will also use this information to evaluate a chapter 11 debtor's progress through the bankruptcy system, including the likelihood of a plan of reorganization being confirmed and whether the case is being prosecuted in good faith. This information may be disclosed to a bankruptcy trustee or examiner when the information is needed to perform the trustee's or examiner's duties or to the appropriate federal, state, local, regulatory, tribal, or foreign law enforcement agency when the information indicates a violation or potential violation of law. Other disclosures may be made for routine purposes. For a discussion of the types of routine disclosures that may be made, you may consult the Executive Office for United States Trustee's systems of records notice, UST-001, "Bankruptcy Case Files and Associated Records." See 71 Fed. Reg. 59,818 et seq. (Oct. 11, 2006). A copy of the notice may be obtained at the following link: http://www.justice.gov/ust/eo/rules_regulations/index.htm. Failure to provide this information could result in the dismissal or conversion of your bankruptcy case or other action by the United States Trustee. 11 U.S.C. § 1112(b)(4)(F).

**I declare under penalty of perjury that the foregoing Monthly Operating Report and its supporting documentation are true and correct and that I have been authorized to sign this report on behalf of the estate.**

Jon Lowne                                              IMBRIUM THERAPEUTICS L.P.
Signature of Responsible Party                         Printed Name of Responsible Party

Chief Financial Officer                                8/5/2021
Title                                                  Date

UST Form 11-MOR (06/07/2021)

# UNITED STATES BANKRUPTCY COURT

SOUTHERN  DISTRICT OF  NEW YORK

DIVISION

In Re. ADLON THERAPEUTICS L.P.  §
§
§  Case No.  19-23654
§
§  Lead Case No.  19-23649
Debtor(s)  §

⊠ Jointly Administered

# Monthly Operating Report

Chapter 11

Reporting Period Ended: 06/30/2021  Petition Date: 09/15/2019

Months Pending: 22  Industry Classification: 3 2 5 4

Reporting Method:  Accrual Basis ◯  Cash Basis ⦿

Debtor's Full-Time Employees (current):  0

Debtor's Full-Time Employees (as of date of order for relief):  0

**Supporting  Documentation** (check all that are attached):

(For jointly administered debtors, any required schedules must be provided on a non-consolidated basis for each debtor)

⊠ Statement of cash receipts and disbursements
☐ Balance sheet containing the summary and detail of the assets, liabilities and equity (net worth) or deficit
☐ Statement of operations (profit or loss statement)
☐ Accounts receivable aging
☐ Postpetition liabilities aging
☐ Statement of capital assets
☐ Schedule of payments to professionals
☐ Schedule of payments to insiders
☐ All bank statements and bank reconciliations for the reporting period
☐ Description of the assets sold or transferred and the terms of the sale or transfer

Eli J. Vonnegut
Signature of Responsible Party

8/5/2021
Date

Eli J. Vonnegut
Printed Name of Responsible Party

450 Lexington Avenue, New York, NY 10017
Address

STATEMENT: This Periodic Report is associated with an open bankruptcy case; therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

UST Form 11-MOR (06/07/2021)

Debtor's Name ADLON THERAPEUTICS
L.P.

Case No. 19-23654

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

| Part 1: Cash Receipts and Disbursements | Current Month | Cumulative |
|---|---|---|
| a. Cash balance beginning of month | $0 | |
| b. Total receipts (net of transfers between accounts) | $0 | $0 |
| c. Total disbursements (net of transfers between accounts) | $3,953,566 | $0 |
| d. Cash balance end of month (a+b-c) | $-3,953,566 | |
| e. Disbursements made by third party for the benefit of the estate | $0 | $0 |
| f. Total disbursements for quarterly fee calculation (c+e) | $3,953,566 | $0 |

| Part 2:  Asset and Liability Status (Not generally applicable to Individual Debtors. See Instructions.) | Current Month |
|---|---|
| a. Accounts receivable (total net of allowance) | $0 |
| b. Accounts receivable over 90 days outstanding (net of allowance) | $0 |
| c. Inventory    (Book ◉  Market ○  Other ○   (attach explanation)) | $0 |
| d Total current assets | $0 |
| e. Total assets | $0 |
| f. Postpetition payables (excluding taxes) | $0 |
| g. Postpetition payables past due (excluding taxes) | $0 |
| h. Postpetition taxes payable | $0 |
| i. Postpetition taxes past due | $0 |
| j. Total postpetition debt (f+h) | $0 |
| k. Prepetition secured debt | $0 |
| l. Prepetition priority debt | $0 |
| m. Prepetition unsecured debt | $0 |
| n. Total liabilities (debt) (j+k+l+m) | $0 |
| o. Ending equity/net worth (e-n) | $0 |

| Part 3:  Assets Sold or Transferred | Current Month | Cumulative |
|---|---|---|
| a. Total cash sales price for assets sold/transferred outside the ordinary course of business | $0 | $0 |
| b. Total payments to third parties incident to assets being sold/transferred outside the ordinary course of business | $0 | $0 |
| c. Net cash proceeds from assets sold/transferred outside the ordinary course of business (a-b) | $0 | $0 |

| Part 4:  Income Statement (Statement of Operations) (Not generally applicable to Individual Debtors. See Instructions.) | Current Month | Cumulative |
|---|---|---|
| a. Gross income/sales (net of returns and allowances) | $0 | |
| b. Cost of goods sold (inclusive of depreciation, if applicable) | $0 | |
| c. Gross profit (a-b) | $0 | |
| d. Selling expenses | $0 | |
| e. General and administrative expenses | $0 | |
| f. Other expenses | $0 | |
| g. Depreciation and/or amortization (not included in 4b) | $0 | |
| h. Interest | $0 | |
| i. Taxes (local, state, and federal) | $0 | |
| j. Reorganization items | $0 | |
| k. Profit (loss) | $0 | $0 |

UST Form 11-MOR (06/07/2021)

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

Debtor's Name ADLON THERAPEUTICS L.P.                    Case No. 19-23654

## Part 5: Professional Fees and Expenses

|   |   | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|---|
| a. | Debtor's professional fees & expenses (bankruptcy) *Aggregate Total* | | $0 | $0 | $0 | $0 |
| | *Itemized Breakdown by Firm* | | | | | |
| | | Firm Name | Role | | | |
| | i | | | $0 | $0 | $0 | $0 |
| | ii | | | $0 | $0 | $0 | $0 |

|   |   | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|---|
| b. | Debtor's professional fees & expenses (nonbankruptcy) *Aggregate Total* | | $0 | $0 | $0 | $0 |
| | *Itemized Breakdown by Firm* | | | | | |
| | | Firm Name | Role | | | |
| | i | | | $0 | $0 | $0 | $0 |
| | ii | | | $0 | $0 | $0 | $0 |
| c. | All professional fees and expenses (debtor & committees) | | $0 | $0 | $0 | $0 |

## Part 6: Postpetition Taxes

| | | Current Month | Cumulative |
|---|---|---|---|
| a. | Postpetition income taxes accrued (local, state, and federal) | $0 | $0 |
| b. | Postpetition income taxes paid (local, state, and federal) | $0 | $0 |
| c. | Postpetition employer payroll taxes accrued | $0 | $0 |
| d. | Postpetition employer payroll taxes paid | $0 | $0 |
| e. | Postpetition property taxes paid | $0 | $0 |
| f. | Postpetition other taxes accrued (local, state, and federal) | $0 | $0 |
| g. | Postpetition other taxes paid (local, state, and federal) | $0 | $0 |

## Part 7: Questionnaire - During this reporting period:

| | | | |
|---|---|---|---|
| a. | Were any payments made on prepetition debt? (if yes, see Instructions) | Yes ○ No ● | |
| b. | Were any payments made outside the ordinary course of business without court approval? (if yes, see Instructions) | Yes ○ No ● | |
| c. | Were any payments made to or on behalf of insiders? | Yes ○ No ● | |
| d. | Are you current on postpetition tax return filings? | Yes ○ No ● | |
| e. | Are you current on postpetition estimated tax payments? | Yes ○ No ● | |
| f. | Were all trust fund taxes remitted on a current basis? | Yes ○ No ● | |
| g. | Was there any postpetition borrowing, other than trade credit? (if yes, see Instructions) | Yes ○ No ● | |
| h. | Were all payments made to or on behalf of professionals approved by the court? | Yes ○ No ○ N/A ● | |
| i. | Do you have: Worker's compensation insurance? | Yes ○ No ● | |
| | If yes, are your premiums current? | Yes ○ No ○ N/A ● | (if no, see Instructions) |
| | Casualty/property insurance? | Yes ○ No ● | |
| | If yes, are your premiums current? | Yes ○ No ○ N/A ● | (if no, see Instructions) |
| | General liability insurance? | Yes ○ No ● | |
| | If yes, are your premiums current? | Yes ○ No ○ N/A ● | (if no, see Instructions) |
| j. | Has a plan of reorganization been filed with the court? | Yes ○ No ● | |

UST Form 11-MOR (06/07/2021)

Debtor's Name ADLON THERAPEUTICS L.P.

Case No. 19-23654

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

| | | |
|---|---|---|
| k. | Has a disclosure statement been filed with the court? | Yes ◯ No ⦿ |
| l. | Are you current with quarterly U.S. Trustee fees as set forth under 28 U.S.C. § 1930? | Yes ◯ No ⦿ |

### Part 8: Individual Chapter 11 Debtors (Only)

| | | |
|---|---|---|
| a. | Gross income (receipts) from salary and wages | $0 |
| b. | Gross income (receipts) from self-employment | $0 |
| c. | Gross income from all other sources | $0 |
| d. | Total income in the reporting period (a+b+c) | $0 |
| e. | Payroll deductions | $0 |
| f. | Self-employment related expenses | $0 |
| g. | Living expenses | $0 |
| h. | All other expenses | $0 |
| i. | Total expenses in the reporting period (e+f+g+h) | $0 |
| j. | Difference between total income and total expenses (d-i) | $0 |
| k. | List the total amount of all postpetition debts that are past due | $0 |
| l. | Are you required to pay any Domestic Support Obligations as defined by 11 U.S.C § 101(14A)? | Yes ◯ No ⦿ |
| m. | If yes, have you made all Domestic Support Obligation payments? | Yes ◯ No ◯ N/A ⦿ |

### Privacy Act Statement

28 U.S.C. § 589b authorizes the collection of this information, and provision of this information is mandatory under 11 U.S.C. §§ 704, 1106, and 1107. The United States Trustee will use this information to calculate statutory fee assessments under 28 U.S.C. § 1930(a)(6). The United States Trustee will also use this information to evaluate a chapter 11 debtor's progress through the bankruptcy system, including the likelihood of a plan of reorganization being confirmed and whether the case is being prosecuted in good faith. This information may be disclosed to a bankruptcy trustee or examiner when the information is needed to perform the trustee's or examiner's duties or to the appropriate federal, state, local, regulatory, tribal, or foreign law enforcement agency when the information indicates a violation or potential violation of law. Other disclosures may be made for routine purposes. For a discussion of the types of routine disclosures that may be made, you may consult the Executive Office for United States Trustee's systems of records notice, UST-001, "Bankruptcy Case Files and Associated Records." See 71 Fed. Reg. 59,818 et seq. (Oct. 11, 2006). A copy of the notice may be obtained at the following link: http://www.justice.gov/ust/eo/rules_regulations/index.htm. Failure to provide this information could result in the dismissal or conversion of your bankruptcy case or other action by the United States Trustee. 11 U.S.C. § 1112(b)(4)(F).

**<ins>I declare under penalty of perjury that the foregoing Monthly Operating Report and its supporting documentation are true and correct and that I have been authorized to sign this report on behalf of the estate.</ins>**

| | |
|---|---|
| Jon Lowne | ADLON THERAPEUTICS L.P. |
| Signature of Responsible Party | Printed Name of Responsible Party |
| Chief Financial Officer | 8/5/2021 |
| Title | Date |

# UNITED STATES BANKRUPTCY COURT

SOUTHERN  DISTRICT OF  NEW YORK

DIVISION

| | | |
|---|---|---|
| In Re. GREENFIELD BIO VENTURES L.P. | § | Case No.  19-23655 |
| | § | |
| | § | Lead Case No.  19-23649 |
| Debtor(s) | § | |
| | | ☒ Jointly Administered |

# Monthly Operating Report
Chapter 11

Reporting Period Ended: 06/30/2021                    Petition Date: 09/15/2019

Months Pending: 22                    Industry Classification: 3 2 5 4

Reporting Method:          Accrual Basis ○          Cash Basis ◉

Debtor's Full-Time Employees (current):                    0

Debtor's Full-Time Employees (as of date of order for relief):          0


**Supporting  Documentation** (check all that are attached):

(For jointly administered debtors, any required schedules must be provided on a non-consolidated basis for each debtor)

☒  Statement of cash receipts and disbursements
☐  Balance sheet containing the summary and detail of the assets, liabilities and equity (net worth) or deficit
☐  Statement of operations (profit or loss statement)
☐  Accounts receivable aging
☐  Postpetition liabilities aging
☐  Statement of capital assets
☐  Schedule of payments to professionals
☐  Schedule of payments to insiders
☐  All bank statements and bank reconciliations for the reporting period
☐  Description of the assets sold or transferred and the terms of the sale or transfer


Eli J. Vonnegut                                        Eli J. Vonnegut
Signature of Responsible Party                         Printed Name of Responsible Party

8/5/2021
Date

                                                       450 Lexington Avenue, New York, NY 10017
                                                       Address


STATEMENT: This Periodic Report is associated with an open bankruptcy case; therefore, Paperwork Reduction Act exemption 5 C.F.R.
§ 1320.4(a)(2) applies.

UST Form 11-MOR (06/07/2021)

Debtor's Name GREENFIELD BIO
VENTURES L.P.

Case No. 19-23655

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

| Part 1: Cash Receipts and Disbursements | Current Month | Cumulative |
|---|---|---|
| a.   Cash balance beginning of month | $0 | |
| b.   Total receipts (net of transfers between accounts) | $0 | $0 |
| c.   Total disbursements (net of transfers between accounts) | $282 | $0 |
| d.   Cash balance end of month (a+b-c) | $-282 | |
| e.   Disbursements made by third party for the benefit of the estate | $0 | $0 |
| f.   Total disbursements for quarterly fee calculation (c+e) | $282 | $0 |

| Part 2:  Asset and Liability Status (Not generally applicable to Individual Debtors. See Instructions.) | Current Month |
|---|---|
| a.   Accounts receivable (total net of allowance) | $0 |
| b.   Accounts receivable over 90 days outstanding (net of allowance) | $0 |
| c.   Inventory    (Book ⦿  Market ◯   Other ◯   (attach explanation)) | $0 |
| d   Total current assets | $0 |
| e.   Total assets | $0 |
| f.   Postpetition payables (excluding taxes) | $0 |
| g.   Postpetition payables past due (excluding taxes) | $0 |
| h.   Postpetition taxes payable | $0 |
| i.   Postpetition taxes past due | $0 |
| j.   Total postpetition debt (f+h) | $0 |
| k.   Prepetition secured debt | $0 |
| l.   Prepetition priority debt | $0 |
| m.   Prepetition unsecured debt | $0 |
| n.   Total liabilities (debt) (j+k+l+m) | $0 |
| o.   Ending equity/net worth (e-n) | $0 |

| Part 3:  Assets Sold or Transferred | Current Month | Cumulative |
|---|---|---|
| a.   Total cash sales price for assets sold/transferred outside the ordinary course of business | $0 | $0 |
| b.   Total payments to third parties incident to assets being sold/transferred outside the ordinary course of business | $0 | $0 |
| c.   Net cash proceeds from assets sold/transferred outside the ordinary course of business (a-b) | $0 | $0 |

| Part 4:  Income Statement (Statement of Operations) (Not generally applicable to Individual Debtors. See Instructions.) | Current Month | Cumulative |
|---|---|---|
| a.   Gross income/sales (net of returns and allowances) | $0 | |
| b.   Cost of goods sold (inclusive of depreciation, if applicable) | $0 | |
| c.   Gross profit (a-b) | $0 | |
| d.   Selling expenses | $0 | |
| e.   General and administrative expenses | $0 | |
| f.   Other expenses | $0 | |
| g.   Depreciation and/or amortization (not included in 4b) | $0 | |
| h.   Interest | $0 | |
| i.   Taxes (local, state, and federal) | $0 | |
| j.   Reorganization items | $0 | |
| k.   Profit (loss) | :57 | $0 |

UST Form 11-MOR (06/07/2021)

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

Debtor's Name GREENFIELD BIO VENTURES L.P.    Case No. 19-23655

## Part 5: Professional Fees and Expenses

|  |  | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|
| a. | Debtor's professional fees & expenses (bankruptcy) *Aggregate Total* | $0 | $0 | $0 | $0 |
|  | *Itemized Breakdown by Firm* | | | | |
|  | Firm Name / Role | | | | |
| i |  | $0 | $0 | $0 | $0 |
| ii |  | $0 | $0 | $0 | $0 |

|  |  | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|
| b. | Debtor's professional fees & expenses (nonbankruptcy) *Aggregate Total* | $0 | $0 | $0 | $0 |
|  | *Itemized Breakdown by Firm* | | | | |
|  | Firm Name / Role | | | | |
| i |  | $0 | $0 | $0 | $0 |
| ii |  | $0 | $0 | $0 | $0 |
| c. | All professional fees and expenses (debtor & committees) | $0 | $0 | $0 | $0 |

## Part 6: Postpetition Taxes

|  |  | Current Month | Cumulative |
|---|---|---|---|
| a. | Postpetition income taxes accrued (local, state, and federal) | $0 | $0 |
| b. | Postpetition income taxes paid (local, state, and federal) | $0 | $0 |
| c. | Postpetition employer payroll taxes accrued | $0 | $0 |
| d. | Postpetition employer payroll taxes paid | $0 | $0 |
| e. | Postpetition property taxes paid | $0 | $0 |
| f. | Postpetition other taxes accrued (local, state, and federal) | $0 | $0 |
| g. | Postpetition other taxes paid (local, state, and federal) | $0 | $0 |

## Part 7: Questionnaire - During this reporting period:

a. Were any payments made on prepetition debt? (if yes, see Instructions)   Yes ○  No ●

b. Were any payments made outside the ordinary course of business without court approval? (if yes, see Instructions)   Yes ○  No ●

c. Were any payments made to or on behalf of insiders?   Yes ○  No ●

d. Are you current on postpetition tax return filings?   Yes ○  No ●

e. Are you current on postpetition estimated tax payments?   Yes ○  No ●

f. Were all trust fund taxes remitted on a current basis?   Yes ○  No ●

g. Was there any postpetition borrowing, other than trade credit? (if yes, see Instructions)   Yes ○  No ●

h. Were all payments made to or on behalf of professionals approved by the court?   Yes ○  No ○  N/A ●

i. Do you have:   Worker's compensation insurance?   Yes ○  No ●

    If yes, are your premiums current?   Yes ○  No ○  N/A ●  (if no, see Instructions)

    Casualty/property insurance?   Yes ○  No ●

    If yes, are your premiums current?   Yes ○  No ○  N/A ●  (if no, see Instructions)

    General liability insurance?   Yes ○  No ●

    If yes, are your premiums current?   Yes ○  No ○  N/A ●  (if no, see Instructions)

j. Has a plan of reorganization been filed with the court?   Yes ○  No ●

UST Form 11-MOR (06/07/2021)

Debtor's Name GREENFIELD BIO
VENTURES L.P.                                                             Case No. 19-23655

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

| | | | |
|---|---|---|---|
| k. | Has a disclosure statement been filed with the court? | Yes ○ | No ● |
| l. | Are you current with quarterly U.S. Trustee fees as set forth under 28 U.S.C. § 1930? | Yes ○ | No ● |

## Part 8: Individual Chapter 11 Debtors (Only)

| | | |
|---|---|---|
| a. | Gross income (receipts) from salary and wages | $0 |
| b. | Gross income (receipts) from self-employment | $0 |
| c. | Gross income from all other sources | $0 |
| d. | Total income in the reporting period (a+b+c) | $0 |
| e. | Payroll deductions | $0 |
| f. | Self-employment related expenses | $0 |
| g. | Living expenses | $0 |
| h. | All other expenses | $0 |
| i. | Total expenses in the reporting period (e+f+g+h) | $0 |
| j. | Difference between total income and total expenses (d-i) | $0 |
| k. | List the total amount of all postpetition debts that are past due | $0 |
| l. | Are you required to pay any Domestic Support Obligations as defined by 11 U.S.C § 101(14A)? | Yes ○ No ● |
| m. | If yes, have you made all Domestic Support Obligation payments? | Yes ○ No ○ N/A ● |

### Privacy Act Statement

28 U.S.C. § 589b authorizes the collection of this information, and provision of this information is mandatory under 11 U.S.C. §§ 704, 1106, and 1107. The United States Trustee will use this information to calculate statutory fee assessments under 28 U.S.C. § 1930(a)(6). The United States Trustee will also use this information to evaluate a chapter 11 debtor's progress through the bankruptcy system, including the likelihood of a plan of reorganization being confirmed and whether the case is being prosecuted in good faith. This information may be disclosed to a bankruptcy trustee or examiner when the information is needed to perform the trustee's or examiner's duties or to the appropriate federal, state, local, regulatory, tribal, or foreign law enforcement agency when the information indicates a violation or potential violation of law. Other disclosures may be made for routine purposes. For a discussion of the types of routine disclosures that may be made, you may consult the Executive Office for United States Trustee's systems of records notice, UST-001, "Bankruptcy Case Files and Associated Records." See 71 Fed. Reg. 59,818 et seq. (Oct. 11, 2006). A copy of the notice may be obtained at the following link: http://www.justice.gov/ust/eo/rules_regulations/index.htm. Failure to provide this information could result in the dismissal or conversion of your bankruptcy case or other action by the United States Trustee. 11 U.S.C. § 1112(b)(4)(F).

**I declare under penalty of perjury that the foregoing Monthly Operating Report and its supporting documentation are true and correct and that I have been authorized to sign this report on behalf of the estate.**

Jon Lowne                                                    GREENFIELD BIO VENTURES L.P.

Signature of Responsible Party                               Printed Name of Responsible Party

Chief Financial Officer                                      8/5/2021

Title                                                        Date

# UNITED STATES BANKRUPTCY COURT

<u>SOUTHERN</u>  DISTRICT OF <u>NEW YORK</u>

<u>DIVISION</u>

In Re. SEVEN SEAS HILL CORP.                §                   Case No.  <u>19-23656</u>
                                            §
                                            §                   Lead Case No.  <u>19-23649</u>
<u>                          </u>                §
                   Debtor(s)                §
                                            §            ☒ Jointly Administered

# Monthly Operating Report                                            Chapter 11

Reporting Period Ended: <u>06/30/2021</u>                    Petition Date: <u>09/15/2019</u>

Months Pending: <u>22</u>                           Industry Classification: | 3 | 2 | 5 | 4 |

Reporting Method:          Accrual Basis ○          Cash Basis ◉

Debtor's Full-Time Employees (current):              <u>0</u>

Debtor's Full-Time Employees (as of date of order for relief):    <u>0</u>

**Supporting  Documentation**  (check all that are attached):

(For jointly administered debtors, any required schedules must be provided on a non-consolidated basis for each debtor)

☒        Statement of cash receipts and disbursements
☐        Balance sheet containing the summary and detail of the assets, liabilities and equity (net worth) or deficit
☐        Statement of operations (profit or loss statement)
☐        Accounts receivable aging
☐        Postpetition liabilities aging
☐        Statement of capital assets
☐        Schedule of payments to professionals
☐        Schedule of payments to insiders
☐        All bank statements and bank reconciliations for the reporting period
☐        Description of the assets sold or transferred and the terms of the sale or transfer

<u>Eli J. Vonnegut                          </u>        <u>Eli J. Vonnegut                              </u>
Signature of Responsible Party                    Printed Name of Responsible Party

<u>8/5/2021                                 </u>
Date

                                                  <u>450 Lexington Avenue, New York, NY 10017</u>
                                                  Address

STATEMENT: This Periodic Report is associated with an open bankruptcy case; therefore, Paperwork Reduction Act exemption 5 C.F.R.
§ 1320.4(a)(2) applies.

UST Form 11-MOR (06/07/2021)

Debtor's Name  SEVEN SEAS HILL CORP.

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

Case No.  19-23656

| Part 1: Cash Receipts and Disbursements | Current Month | Cumulative |
|---|---|---|
| a. Cash balance beginning of month | $0 | |
| b. Total receipts (net of transfers between accounts) | $0 | $0 |
| c. Total disbursements (net of transfers between accounts) | $0 | $0 |
| d. Cash balance end of month (a+b-c) | $0 | |
| e. Disbursements made by third party for the benefit of the estate | $0 | $0 |
| f. Total disbursements for quarterly fee calculation (c+e) | $0 | $0 |

| Part 2: Asset and Liability Status (Not generally applicable to Individual Debtors. See Instructions.) | Current Month |
|---|---|
| a. Accounts receivable (total net of allowance) | $0 |
| b. Accounts receivable over 90 days outstanding (net of allowance) | $0 |
| c. Inventory    (Book ⦿   Market ◯   Other ◯   (attach explanation)) | $0 |
| d Total current assets | $0 |
| e. Total assets | $0 |
| f. Postpetition payables (excluding taxes) | $0 |
| g. Postpetition payables past due (excluding taxes) | $0 |
| h. Postpetition taxes payable | $0 |
| i. Postpetition taxes past due | $0 |
| j. Total postpetition debt (f+h) | $0 |
| k. Prepetition secured debt | $0 |
| l. Prepetition priority debt | $0 |
| m. Prepetition unsecured debt | $0 |
| n. Total liabilities (debt) (j+k+l+m) | $0 |
| o. Ending equity/net worth (e-n) | $0 |

| Part 3: Assets Sold or Transferred | Current Month | Cumulative |
|---|---|---|
| a. Total cash sales price for assets sold/transferred outside the ordinary course of business | $0 | $0 |
| b. Total payments to third parties incident to assets being sold/transferred outside the ordinary course of business | $0 | $0 |
| c. Net cash proceeds from assets sold/transferred outside the ordinary course of business (a-b) | $0 | $0 |

| Part 4: Income Statement (Statement of Operations) (Not generally applicable to Individual Debtors. See Instructions.) | Current Month | Cumulative |
|---|---|---|
| a. Gross income/sales (net of returns and allowances) | $0 | |
| b. Cost of goods sold (inclusive of depreciation, if applicable) | $0 | |
| c. Gross profit (a-b) | $0 | |
| d. Selling expenses | $0 | |
| e. General and administrative expenses | $0 | |
| f. Other expenses | $0 | |
| g. Depreciation and/or amortization (not included in 4b) | $0 | |
| h. Interest | $0 | |
| i. Taxes (local, state, and federal) | $0 | |
| j. Reorganization items | $0 | |
| k. Profit (loss) | $0 | $0 |

UST Form 11-MOR (06/07/2021)

Debtor's Name  SEVEN SEAS HILL CORP.

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

Case No.  19-23656

## Part 5:  Professional Fees and Expenses

|   |   |   | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|---|
| a. | Debtor's professional fees & expenses (bankruptcy)  *Aggregate Total* | | $0 | $0 | $0 | $0 |
|   | *Itemized Breakdown by Firm* | | | | | |
|   | Firm Name | Role | | | | |
|   | i | | | $0 | $0 | $0 | $0 |
|   | ii | | | $0 | $0 | $0 | $0 |

|   |   |   | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|---|
| b. | Debtor's professional fees & expenses (nonbankruptcy)  *Aggregate Total* | | $0 | $0 | $0 | $0 |
|   | *Itemized Breakdown by Firm* | | | | | |
|   | Firm Name | Role | | | | |
|   | i | | | $0 | $0 | $0 | $0 |
|   | ii | | | $0 | $0 | $0 | $0 |
| c. | All professional fees and expenses (debtor & committees) | | $0 | $0 | $0 | $0 |

## Part 6:  Postpetition Taxes

|   |   | Current Month | Cumulative |
|---|---|---|---|
| a. | Postpetition income taxes accrued (local, state, and federal) | $0 | $0 |
| b. | Postpetition income taxes paid (local, state, and federal) | $0 | $0 |
| c. | Postpetition employer payroll taxes accrued | $0 | $0 |
| d. | Postpetition employer payroll taxes paid | $0 | $0 |
| e. | Postpetition property taxes paid | $0 | $0 |
| f. | Postpetition other taxes accrued (local, state, and federal) | $0 | $0 |
| g. | Postpetition other taxes paid (local, state, and federal) | $0 | $0 |

## Part 7: Questionnaire - During this reporting period:

a. Were any payments made on prepetition debt?  (if yes, see Instructions)  Yes ○  No ●

b. Were any payments made outside the ordinary course of business without court approval?  (if yes, see Instructions)  Yes ○  No ●

c. Were any payments made to or on behalf of insiders?  Yes ○  No ●

d. Are you current on postpetition tax return filings?  Yes ○  No ●

e. Are you current on postpetition estimated tax payments?  Yes ○  No ●

f. Were all trust fund taxes remitted on a current basis?  Yes ○  No ●

g. Was there any postpetition borrowing, other than trade credit? (if yes, see Instructions)  Yes ○  No ●

h. Were all payments made to or on behalf of professionals approved by the court?  Yes ○  No ○  N/A ●

i. Do you have:  Worker's compensation insurance?  Yes ○  No ●

   If yes, are your premiums current?  Yes ○  No ○  N/A ●  (if no, see Instructions)

   Casualty/property insurance?  Yes ○  No ●

   If yes, are your premiums current?  Yes ○  No ○  N/A ●  (if no, see Instructions)

   General liability insurance?  Yes ○  No ●

   If yes, are your premiums current?  Yes ○  No ○  N/A ●  (if no, see Instructions)

j. Has a plan of reorganization been filed with the court?  Yes ○  No ●

UST Form 11-MOR (06/07/2021)

Debtor's Name SEVEN SEAS HILL CORP.    Case No. 19-23656

> Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

| | | | |
|---|---|---|---|
| k. | Has a disclosure statement been filed with the court? | Yes ○  No ● | |
| l. | Are you current with quarterly U.S. Trustee fees as set forth under 28 U.S.C. § 1930? | Yes ○  No ● | |

## Part 8: Individual Chapter 11 Debtors (Only)

| | | |
|---|---|---|
| a. | Gross income (receipts) from salary and wages | $0 |
| b. | Gross income (receipts) from self-employment | $0 |
| c. | Gross income from all other sources | $0 |
| d. | Total income in the reporting period (a+b+c) | $0 |
| e. | Payroll deductions | $0 |
| f. | Self-employment related expenses | $0 |
| g. | Living expenses | $0 |
| h. | All other expenses | $0 |
| i. | Total expenses in the reporting period (e+f+g+h) | $0 |
| j. | Difference between total income and total expenses (d-i) | $0 |
| k. | List the total amount of all postpetition debts that are past due | $0 |
| l. | Are you required to pay any Domestic Support Obligations as defined by 11 U.S.C § 101(14A)? | Yes ○  No ● |
| m. | If yes, have you made all Domestic Support Obligation payments? | Yes ○  No ○  N/A ● |

### Privacy Act Statement

28 U.S.C. § 589b authorizes the collection of this information, and provision of this information is mandatory under 11 U.S.C. §§ 704, 1106, and 1107. The United States Trustee will use this information to calculate statutory fee assessments under 28 U.S.C. § 1930(a)(6). The United States Trustee will also use this information to evaluate a chapter 11 debtor's progress through the bankruptcy system, including the likelihood of a plan of reorganization being confirmed and whether the case is being prosecuted in good faith. This information may be disclosed to a bankruptcy trustee or examiner when the information is needed to perform the trustee's or examiner's duties or to the appropriate federal, state, local, regulatory, tribal, or foreign law enforcement agency when the information indicates a violation or potential violation of law. Other disclosures may be made for routine purposes. For a discussion of the types of routine disclosures that may be made, you may consult the Executive Office for United States Trustee's systems of records notice, UST-001, "Bankruptcy Case Files and Associated Records." See 71 Fed. Reg. 59,818 et seq. (Oct. 11, 2006). A copy of the notice may be obtained at the following link: http://www.justice.gov/ust/eo/rules_regulations/index.htm. Failure to provide this information could result in the dismissal or conversion of your bankruptcy case or other action by the United States Trustee. 11 U.S.C. § 1112(b)(4)(F).

**<u>I declare under penalty of perjury that the foregoing Monthly Operating Report and its supporting documentation are true and correct and that I have been authorized to sign this report on behalf of the estate.</u>**

Jon Lowne                                          SEVEN SEAS HILL CORP.

Signature of Responsible Party                     Printed Name of Responsible Party

Chief Financial Officer                            8/5/2021

Title                                              Date

54

# UNITED STATES BANKRUPTCY COURT

SOUTHERN   DISTRICT OF   NEW YORK

DIVISION

In Re. OPHIR GREEN CORP.                    §              Case No.  19-23657
                                            §
_____            §              Lead Case No.   19-23649
                  Debtor(s)                 §
                                            §              ☒ Jointly Administered

# Monthly Operating Report                                        Chapter 11

Reporting Period Ended: 06/30/2021                    Petition Date: 09/15/2019

Months Pending: 22                         Industry Classification:  | 3 | 2 | 5 | 4 |

Reporting Method:              Accrual Basis ○          Cash Basis ⦿

Debtor's Full-Time Employees (current):                    0

Debtor's Full-Time Employees (as of date of order for relief):    0


**Supporting  Documentation** (check all that are attached):

(For jointly administered debtors, any required schedules must be provided on a non-consolidated basis for each debtor)

☒        Statement of cash receipts and disbursements
☐        Balance sheet containing the summary and detail of the assets, liabilities and equity (net worth) or deficit
☐        Statement of operations (profit or loss statement)
☐        Accounts receivable aging
☐        Postpetition liabilities aging
☐        Statement of capital assets
☐        Schedule of payments to professionals
☐        Schedule of payments to insiders
☐        All bank statements and bank reconciliations for the reporting period
☐        Description of the assets sold or transferred and the terms of the sale or transfer


Eli J. Vonnegut                                        Eli J. Vonnegut
_____              _____
Signature of Responsible Party                        Printed Name of Responsible Party

8/5/2021
_____
Date

                                                       450 Lexington Avenue, New York, NY 10017
                                                       _____
                                                       Address


STATEMENT: This Periodic Report is associated with an open bankruptcy case; therefore, Paperwork Reduction Act exemption 5 C.F.R.
§ 1320.4(a)(2) applies.

UST Form 11-MOR (06/07/2021)

Debtor's Name  OPHIR GREEN CORP.                                    Case No.  19-23657

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

| Part 1: Cash Receipts and Disbursements | | Current Month | Cumulative |
|---|---|---|---|
| a. | Cash balance beginning of month | $0 | |
| b. | Total receipts (net of transfers between accounts) | $0 | $0 |
| c. | Total disbursements (net of transfers between accounts) | $0 | $0 |
| d. | Cash balance end of month (a+b+c) | $0 | |
| e. | Disbursements made by third party for the benefit of the estate | $0 | $0 |
| f. | Total disbursements for quarterly fee calculation (c+e) | $0 | $0 |

| Part 2:  Asset and Liability Status (Not generally applicable to Individual Debtors. See Instructions.) | | Current Month |
|---|---|---|
| a. | Accounts receivable (total net of allowance) | $0 |
| b. | Accounts receivable over 90 days outstanding (net of allowance) | $0 |
| c. | Inventory   (Book ⦿  Market ◯  Other ◯   (attach explanation)) | $0 |
| d | Total current assets | $0 |
| e. | Total assets | $0 |
| f. | Postpetition payables (excluding taxes) | $0 |
| g. | Postpetition payables past due (excluding taxes) | $0 |
| h. | Postpetition taxes payable | $0 |
| i. | Postpetition taxes past due | $0 |
| j. | Total postpetition debt (f+h) | $0 |
| k. | Prepetition secured debt | $0 |
| l. | Prepetition priority debt | $0 |
| m. | Prepetition unsecured debt | $0 |
| n. | Total liabilities (debt) (j+k+l+m) | $0 |
| o. | Ending equity/net worth (e-n) | $0 |

| Part 3:  Assets Sold or Transferred | | Current Month | Cumulative |
|---|---|---|---|
| a. | Total cash sales price for assets sold/transferred outside the ordinary course of business | $0 | $0 |
| b. | Total payments to third parties incident to assets being sold/transferred outside the ordinary course of business | $0 | $0 |
| c. | Net cash proceeds from assets sold/transferred outside the ordinary course of business (a-b) | $0 | $0 |

| Part 4:  Income Statement (Statement of Operations) (Not generally applicable to Individual Debtors. See Instructions.) | | Current Month | Cumulative |
|---|---|---|---|
| a. | Gross income/sales (net of returns and allowances) | $0 | |
| b. | Cost of goods sold (inclusive of depreciation, if applicable) | $0 | |
| c. | Gross profit (a-b) | $0 | |
| d. | Selling expenses | $0 | |
| e. | General and administrative expenses | $0 | |
| f. | Other expenses | $0 | |
| g. | Depreciation and/or amortization (not included in 4b) | $0 | |
| h. | Interest | $0 | |
| i. | Taxes (local, state, and federal) | $0 | |
| j. | Reorganization items | $0 | |
| k. | Profit (loss) | $0 | $0 |

UST Form 11-MOR (06/07/2021)

Debtor's Name  OPHIR GREEN CORP.                                    Case No.  19-23657

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

## Part 5:  Professional Fees and Expenses

| | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|
| a. | Debtor's professional fees & expenses (bankruptcy)  *Aggregate Total* | $0 | $0 | $0 | $0 |
| | *Itemized Breakdown by Firm* | | | | |
| | **Firm Name** / **Role** | | | | |
| i | | $0 | $0 | $0 | $0 |
| ii | | $0 | $0 | $0 | $0 |

| | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|
| b. | Debtor's professional fees & expenses (nonbankruptcy)  *Aggregate Total* | $0 | $0 | $0 | $0 |
| | *Itemized Breakdown by Firm* | | | | |
| | **Firm Name** / **Role** | | | | |
| i | | $0 | $0 | $0 | $0 |
| ii | | $0 | $0 | $0 | $0 |
| c. | All professional fees and expenses (debtor & committees) | $0 | $0 | $0 | $0 |

## Part 6:  Postpetition Taxes

| | | Current Month | Cumulative |
|---|---|---|---|
| a. | Postpetition income taxes accrued (local, state, and federal) | $0 | $0 |
| b. | Postpetition income taxes paid (local, state, and federal) | $0 | $0 |
| c. | Postpetition employer payroll taxes accrued | $0 | $0 |
| d. | Postpetition employer payroll taxes paid | $0 | $0 |
| e. | Postpetition property taxes paid | $0 | $0 |
| f. | Postpetition other taxes accrued (local, state, and federal) | $0 | $0 |
| g. | Postpetition other taxes paid (local, state, and federal) | $0 | $0 |

## Part 7: Questionnaire - During this reporting period:

a. Were any payments made on prepetition debt?  (if yes, see Instructions)   Yes ○  No ◉

b. Were any payments made outside the ordinary course of business without court approval?  (if yes, see Instructions)   Yes ○  No ◉

c. Were any payments made to or on behalf of insiders?   Yes ○  No ◉

d. Are you current on postpetition tax return filings?   Yes ○  No ◉

e. Are you current on postpetition estimated tax payments?   Yes ○  No ◉

f. Were all trust fund taxes remitted on a current basis?   Yes ○  No ◉

g. Was there any postpetition borrowing, other than trade credit? (if yes, see Instructions)   Yes ○  No ◉

h. Were all payments made to or on behalf of professionals approved by the court?   Yes ○  No ○  N/A ◉

i. Do you have:   Worker's compensation insurance?   Yes ○  No ◉

   If yes, are your premiums current?   Yes ○  No ○  N/A ◉  (if no, see Instructions)

   Casualty/property insurance?   Yes ○  No ◉

   If yes, are your premiums current?   Yes ○  No ○  N/A ◉  (if no, see Instructions)

   General liability insurance?   Yes ○  No ◉

   If yes, are your premiums current?   Yes ○  No ○  N/A ◉  (if no, see Instructions)

j. Has a plan of reorganization been filed with the court?   Yes ○  No ◉

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

Debtor's Name  **OPHIR GREEN CORP.**                         Case No.  19-23657

| | | |
|---|---|---|
| k. | Has a disclosure statement been filed with the court? | Yes ◯  No ⦿ |
| l. | Are you current with quarterly U.S. Trustee fees as set forth under 28 U.S.C. § 1930? | Yes ◯  No ⦿ |

### Part 8: Individual Chapter 11 Debtors (Only)

| | | |
|---|---|---|
| a. | Gross income (receipts) from salary and wages | $0 |
| b. | Gross income (receipts) from self-employment | $0 |
| c. | Gross income from all other sources | $0 |
| d. | Total income in the reporting period (a+b+c) | $0 |
| e. | Payroll deductions | $0 |
| f. | Self-employment related expenses | $0 |
| g. | Living expenses | $0 |
| h. | All other expenses | $0 |
| i. | Total expenses in the reporting period (e+f+g+h) | $0 |
| j. | Difference between total income and total expenses (d-i) | $0 |
| k. | List the total amount of all postpetition debts that are past due | $0 |
| l. | Are you required to pay any Domestic Support Obligations as defined by 11 U.S.C § 101(14A)? | Yes ◯  No ⦿ |
| m. | If yes, have you made all Domestic Support Obligation payments? | Yes ◯  No ◯  N/A ⦿ |

### Privacy Act Statement

28 U.S.C. § 589b authorizes the collection of this information, and provision of this information is mandatory under 11 U.S.C. §§ 704, 1106, and 1107. The United States Trustee will use this information to calculate statutory fee assessments under 28 U.S.C. § 1930(a)(6). The United States Trustee will also use this information to evaluate a chapter 11 debtor's progress through the bankruptcy system, including the likelihood of a plan of reorganization being confirmed and whether the case is being prosecuted in good faith. This information may be disclosed to a bankruptcy trustee or examiner when the information is needed to perform the trustee's or examiner's duties or to the appropriate federal, state, local, regulatory, tribal, or foreign law enforcement agency when the information indicates a violation or potential violation of law. Other disclosures may be made for routine purposes. For a discussion of the types of routine disclosures that may be made, you may consult the Executive Office for United States Trustee's systems of records notice, UST-001, "Bankruptcy Case Files and Associated Records." *See* 71 Fed. Reg. 59,818 et seq. (Oct. 11, 2006). A copy of the notice may be obtained at the following link: http://www.justice.gov/ust/eo/rules_regulations/index.htm. Failure to provide this information could result in the dismissal or conversion of your bankruptcy case or other action by the United States Trustee. 11 U.S.C. § 1112(b)(4)(F).

**I declare under penalty of perjury that the foregoing Monthly Operating Report and its supporting documentation are true and correct and that I have been authorized to sign this report on behalf of the estate.**

Jon Lowne                                              OPHIR GREEN CORP.
_____                        _____
Signature of Responsible Party                         Printed Name of Responsible Party

Chief Financial Officer                                8/5/2021
_____                        _____
Title                                                  Date

# UNITED STATES BANKRUPTCY COURT

SOUTHERN  DISTRICT OF  NEW YORK

DIVISION

In Re. PURDUE PHARMA OF PUERTO RICO            §          Case No.  19-23658
                                               §
_____               §          Lead Case No.  19-23649
                    Debtor(s)                  §
                                               §          ☒ Jointly Administered

# Monthly Operating Report                                           Chapter 11

Reporting Period Ended: 06/30/2021                  Petition Date: 09/15/2019

Months Pending: 22                     Industry Classification: | 3 | 2 | 5 | 4 |

Reporting Method:         Accrual Basis ○      Cash Basis ◉

Debtor's Full-Time Employees (current):                    0

Debtor's Full-Time Employees (as of date of order for relief):    0


**Supporting  Documentation**  (check all that are attached):

(For jointly administered debtors, any required schedules must be provided on a non-consolidated basis for each debtor)

☒    Statement of cash receipts and disbursements
☐    Balance sheet containing the summary and detail of the assets, liabilities and equity (net worth) or deficit
☐    Statement of operations (profit or loss statement)
☐    Accounts receivable aging
☐    Postpetition liabilities aging
☐    Statement of capital assets
☐    Schedule of payments to professionals
☐    Schedule of payments to insiders
☐    All bank statements and bank reconciliations for the reporting period
☐    Description of the assets sold or transferred and the terms of the sale or transfer


Eli J. Vonnegut                                     Eli J. Vonnegut
Signature of Responsible Party                      Printed Name of Responsible Party

8/5/2021
Date

                                                    450 Lexington Avenue, New York, NY 10017
                                                    Address


STATEMENT: This Periodic Report is associated with an open bankruptcy case; therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

UST Form 11-MOR (06/07/2021)

Debtor's Name  PURDUE PHARMA OF PUERTO RICO

Case No.  19-23658

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

| Part 1: Cash Receipts and Disbursements | Current Month | Cumulative |
|---|---|---|
| a.  Cash balance beginning of month | $0 | |
| b.  Total receipts (net of transfers between accounts) | $0 | $0 |
| c.  Total disbursements (net of transfers between accounts) | $4,067 | $0 |
| d.  Cash balance end of month (a+b-c) | $-4,067 | |
| e.  Disbursements made by third party for the benefit of the estate | $0 | $0 |
| f.  Total disbursements for quarterly fee calculation (c+e) | $4,067 | $0 |

| Part 2:  Asset and Liability Status (Not generally applicable to Individual Debtors. See Instructions.) | Current Month | |
|---|---|---|
| a.  Accounts receivable (total net of allowance) | $0 | |
| b.  Accounts receivable over 90 days outstanding (net of allowance) | $0 | |
| c.  Inventory    (Book ⊙  Market ○  Other ○   (attach explanation)) | $0 | |
| d   Total current assets | $0 | |
| e.  Total assets | $0 | |
| f.  Postpetition payables (excluding taxes) | $0 | |
| g.  Postpetition payables past due (excluding taxes) | $0 | |
| h.  Postpetition taxes payable | $0 | |
| i.  Postpetition taxes past due | $0 | |
| j.  Total postpetition debt (f+h) | $0 | |
| k.  Prepetition secured debt | $0 | |
| l.  Prepetition priority debt | $0 | |
| m.  Prepetition unsecured debt | $0 | |
| n.  Total liabilities (debt) (j+k+l+m) | $0 | |
| o.  Ending equity/net worth (e-n) | $0 | |

| Part 3:  Assets Sold or Transferred | Current Month | Cumulative |
|---|---|---|
| a.  Total cash sales price for assets sold/transferred outside the ordinary course of business | $0 | $0 |
| b.  Total payments to third parties incident to assets being sold/transferred outside the ordinary course of business | $0 | $0 |
| c.  Net cash proceeds from assets sold/transferred outside the ordinary course of business (a-b) | $0 | $0 |

| Part 4:  Income Statement (Statement of Operations) (Not generally applicable to Individual Debtors. See Instructions.) | Current Month | Cumulative |
|---|---|---|
| a.  Gross income/sales (net of returns and allowances) | $0 | |
| b.  Cost of goods sold (inclusive of depreciation, if applicable) | $0 | |
| c.  Gross profit (a-b) | $0 | |
| d.  Selling expenses | $0 | |
| e.  General and administrative expenses | $0 | |
| f.  Other expenses | $0 | |
| g.  Depreciation and/or amortization (not included in 4b) | $0 | |
| h.  Interest | $0 | |
| i.  Taxes (local, state, and federal) | $0 | |
| j.  Reorganization items | $0 | |
| k.  Profit (loss) | $0 | $0 |

UST Form 11-MOR (06/07/2021)

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

Debtor's Name PURDUE PHARMA OF PUERTO RICO

Case No. 19-23658

## Part 5: Professional Fees and Expenses

| | | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|---|
| a. | Debtor's professional fees & expenses (bankruptcy) *Aggregate Total* | | $0 | $0 | $0 | $0 |
| | *Itemized Breakdown by Firm* | | | | | |
| | Firm Name | Role | | | | |
| | i | | $0 | $0 | $0 | $0 |
| | ii | | $0 | $0 | $0 | $0 |

| | | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|---|
| b. | Debtor's professional fees & expenses (nonbankruptcy) *Aggregate Total* | | $0 | $0 | $0 | $0 |
| | *Itemized Breakdown by Firm* | | | | | |
| | Firm Name | Role | | | | |
| | i | | $0 | $0 | $0 | $0 |
| | ii | | $0 | $0 | $0 | $0 |
| c. | All professional fees and expenses (debtor & committees) | | $0 | $0 | $0 | $0 |

## Part 6: Postpetition Taxes

| | | Current Month | Cumulative |
|---|---|---|---|
| a. | Postpetition income taxes accrued (local, state, and federal) | $0 | $0 |
| b. | Postpetition income taxes paid (local, state, and federal) | $0 | $0 |
| c. | Postpetition employer payroll taxes accrued | $0 | $0 |
| d. | Postpetition employer payroll taxes paid | $0 | $0 |
| e. | Postpetition property taxes paid | $0 | $0 |
| f. | Postpetition other taxes accrued (local, state, and federal) | $0 | $0 |
| g. | Postpetition other taxes paid (local, state, and federal) | $0 | $0 |

## Part 7: Questionnaire - During this reporting period:

a. Were any payments made on prepetition debt? (if yes, see Instructions)  Yes ☐  No ☑

b. Were any payments made outside the ordinary course of business without court approval? (if yes, see Instructions)  Yes ☐  No ☑

c. Were any payments made to or on behalf of insiders?  Yes ☐  No ☑

d. Are you current on postpetition tax return filings?  Yes ☐  No ☑

e. Are you current on postpetition estimated tax payments?  Yes ☐  No ☑

f. Were all trust fund taxes remitted on a current basis?  Yes ☐  No ☑

g. Was there any postpetition borrowing, other than trade credit? (if yes, see Instructions)  Yes ☐  No ☑

h. Were all payments made to or on behalf of professionals approved by the court?  Yes ☐  No ☐  N/A ☑

i. Do you have:    Worker's compensation insurance?  Yes ☐  No ☑

    If yes, are your premiums current?  Yes ☐  No ☐  N/A ☑  (if no, see Instructions)

    Casualty/property insurance?  Yes ☐  No ☑

    If yes, are your premiums current?  Yes ☐  No ☐  N/A ☑  (if no, see Instructions)

    General liability insurance?  Yes ☐  No ☑

    If yes, are your premiums current?  Yes ☐  No ☐  N/A ☑  (if no, see Instructions)

j. Has a plan of reorganization been filed with the court?  Yes ☐  No ☑

61

Debtor's Name PURDUE PHARMA OF
PUERTO RICO

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

Case No. 19-23658

k.  Has a disclosure statement been filed with the court?          Yes ◯    No ⦿
l.  Are you current with quarterly U.S. Trustee fees as
    set forth under 28 U.S.C. § 1930?                              Yes ◯    No ⦿

| Part 8: Individual Chapter 11 Debtors (Only) |
| --- |

| | | |
| --- | --- | --- |
| a. | Gross income (receipts) from salary and wages | $0 |
| b. | Gross income (receipts) from self-employment | $0 |
| c. | Gross income from all other sources | $0 |
| d. | Total income in the reporting period (a+b+c) | $0 |
| e. | Payroll deductions | $0 |
| f. | Self-employment related expenses | $0 |
| g. | Living expenses | $0 |
| h. | All other expenses | $0 |
| i. | Total expenses in the reporting period (e+f+g+h) | $0 |
| j. | Difference between total income and total expenses (d-i) | $0 |
| k. | List the total amount of all postpetition debts that are past due | $0 |

l.  Are you required to pay any Domestic Support Obligations as defined by 11    Yes ◯ No ⦿
    U.S.C § 101(14A)?
m.  If yes, have you made all Domestic Support Obligation payments?    Yes ◯  No ◯  N/A ⦿

### Privacy Act Statement

28 U.S.C. § 589b authorizes the collection of this information, and provision of this information is mandatory under 11 U.S.C. §§ 704, 1106, and 1107. The United States Trustee will use this information to calculate statutory fee assessments under 28 U.S.C. § 1930(a)(6). The United States Trustee will also use this information to evaluate a chapter 11 debtor's progress through the bankruptcy system, including the likelihood of a plan of reorganization being confirmed and whether the case is being prosecuted in good faith. This information may be disclosed to a bankruptcy trustee or examiner when the information is needed to perform the trustee's or examiner's duties or to the appropriate federal, state, local, regulatory, tribal, or foreign law enforcement agency when the information indicates a violation or potential violation of law. Other disclosures may be made for routine purposes. For a discussion of the types of routine disclosures that may be made, you may consult the Executive Office for United States Trustee's systems of records notice, UST-001, "Bankruptcy Case Files and Associated Records." See 71 Fed. Reg. 59,818 et seq. (Oct. 11, 2006). A copy of the notice may be obtained at the following link: http://www.justice.gov/ust/eo/rules_regulations/index.htm. Failure to provide this information could result in the dismissal or conversion of your bankruptcy case or other action by the United States Trustee. 11 U.S.C. § 1112(b)(4)(F).

**<u>I declare under penalty of perjury that the foregoing Monthly Operating Report and its supporting documentation are true and correct and that I have been authorized to sign this report on behalf of the estate.</u>**

Jon Lowne                                      PURDUE PHARMA OF PUERTO RICO
Signature of Responsible Party                 Printed Name of Responsible Party

Chief Financial Officer                        8/5/2021
Title                                          Date

# UNITED STATES BANKRUPTCY COURT

SOUTHERN   DISTRICT OF   NEW YORK

DIVISION

| | | |
|---|---|---|
| In Re. AVRIO HEALTH L.P. | § | Case No.  19-23659 |
| | § | |
| | § | Lead Case No.  19-23649 |
| Debtor(s) | § | |
| | | ☒ Jointly Administered |

## Monthly Operating Report

Chapter 11

Reporting Period Ended: 06/30/2021          Petition Date: 09/15/2019

Months Pending: 22          Industry Classification:  3  2  5  4

Reporting Method:          Accrual Basis ◯          Cash Basis ◉

Debtor's Full-Time Employees (current):          16

Debtor's Full-Time Employees (as of date of order for relief):          16

**Supporting Documentation** (check all that are attached):

(For jointly administered debtors, any required schedules must be provided on a non-consolidated basis for each debtor)

- ☒ Statement of cash receipts and disbursements
- ☐ Balance sheet containing the summary and detail of the assets, liabilities and equity (net worth) or deficit
- ☐ Statement of operations (profit or loss statement)
- ☐ Accounts receivable aging
- ☐ Postpetition liabilities aging
- ☐ Statement of capital assets
- ☐ Schedule of payments to professionals
- ☐ Schedule of payments to insiders
- ☐ All bank statements and bank reconciliations for the reporting period
- ☐ Description of the assets sold or transferred and the terms of the sale or transfer

Eli J. Vonnegut
Signature of Responsible Party

Eli J. Vonnegut
Printed Name of Responsible Party

8/5/2021
Date

450 Lexington Avenue, New York, NY 10017
Address

STATEMENT: This Periodic Report is associated with an open bankruptcy case; therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

UST Form 11-MOR (06/07/2021)

Debtor's Name  AVRIO HEALTH L.P.                                                Case No.  19-23659

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

| Part 1: Cash Receipts and Disbursements | Current Month | Cumulative |
|---|---|---|
| a.   Cash balance beginning of month | $0 | |
| b.   Total receipts (net of transfers between accounts) | $9,605 | $0 |
| c.   Total disbursements (net of transfers between accounts) | $5,548,606 | $0 |
| d.   Cash balance end of month (a+b-c) | $-5,539,001 | |
| e.   Disbursements made by third party for the benefit of the estate | $0 | $0 |
| f.   Total disbursements for quarterly fee calculation (c+e) | $5,548,606 | $0 |

| Part 2:  Asset and Liability Status (Not generally applicable to Individual Debtors. See Instructions.) | Current Month |
|---|---|
| a.   Accounts receivable (total net of allowance) | $0 |
| b.   Accounts receivable over 90 days outstanding (net of allowance) | $0 |
| c.   Inventory    (Book ⦿   Market ◯   Other ◯    (attach explanation)) | $0 |
| d    Total current assets | $0 |
| e.   Total assets | $0 |
| f.   Postpetition payables (excluding taxes) | $0 |
| g.   Postpetition payables past due (excluding taxes) | $0 |
| h.   Postpetition taxes payable | $0 |
| i.   Postpetition taxes past due | $0 |
| j.   Total postpetition debt (f+h) | $0 |
| k.   Prepetition secured debt | $0 |
| l.   Prepetition priority debt | $0 |
| m.   Prepetition unsecured debt | $0 |
| n.   Total liabilities (debt) (j+k+l+m) | $0 |
| o.   Ending equity/net worth (e-n) | $0 |

| Part 3:  Assets Sold or Transferred | Current Month | Cumulative |
|---|---|---|
| a.   Total cash sales price for assets sold/transferred outside the ordinary course of business | $0 | $0 |
| b.   Total payments to third parties incident to assets being sold/transferred outside the ordinary course of business | $0 | $0 |
| c.   Net cash proceeds from assets sold/transferred outside the ordinary course of business (a-b) | $0 | $0 |

| Part 4:  Income Statement (Statement of Operations) (Not generally applicable to Individual Debtors. See Instructions.) | Current Month | Cumulative |
|---|---|---|
| a.   Gross income/sales (net of returns and allowances) | $0 | |
| b.   Cost of goods sold (inclusive of depreciation, if applicable) | $0 | |
| c.   Gross profit (a-b) | $0 | |
| d.   Selling expenses | $0 | |
| e.   General and administrative expenses | $0 | |
| f.   Other expenses | $0 | |
| g.   Depreciation and/or amortization (not included in 4b) | $0 | |
| h.   Interest | $0 | |
| i.   Taxes (local, state, and federal) | $0 | |
| j.   Reorganization items | $0 | |
| k.   Profit (loss) | $0 | $0 |

UST Form 11-MOR (06/07/2021)

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

Debtor's Name  AVRIO HEALTH L.P.                    Case No.  19-23659

## Part 5:  Professional Fees and Expenses

|  | | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|---|
| a. | Debtor's professional fees & expenses (bankruptcy)  *Aggregate Total* | | $0 | $0 | $0 | $0 |
| | *Itemized Breakdown by Firm* | | | | | |
| | | Firm Name | Role | | | |
| | i | | | $0 | $0 | $0 | $0 |
| | ii | | | $0 | $0 | $0 | $0 |

|  | | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|---|
| b. | Debtor's professional fees & expenses (nonbankruptcy)  *Aggregate Total* | | $0 | $0 | $0 | $0 |
| | *Itemized Breakdown by Firm* | | | | | |
| | | Firm Name | Role | | | |
| | i | | | $0 | $0 | $0 | $0 |
| | ii | | | $0 | $0 | $0 | $0 |
| c. | All professional fees and expenses (debtor & committees) | | $0 | $0 | $0 | $0 |

## Part 6:  Postpetition Taxes

| | | Current Month | Cumulative |
|---|---|---|---|
| a. | Postpetition income taxes accrued (local, state, and federal) | $0 | $0 |
| b. | Postpetition income taxes paid (local, state, and federal) | $0 | $0 |
| c. | Postpetition employer payroll taxes accrued | $0 | $0 |
| d. | Postpetition employer payroll taxes paid | $0 | $0 |
| e. | Postpetition property taxes paid | $0 | $0 |
| f. | Postpetition other taxes accrued (local, state, and federal) | $0 | $0 |
| g. | Postpetition other taxes paid (local, state, and federal) | $0 | $0 |

## Part 7: Questionnaire - During this reporting period:

a. Were any payments made on prepetition debt?  (if yes, see Instructions)     Yes ◯  No ⦿

b. Were any payments made outside the ordinary course of business without court approval?  (if yes, see Instructions)     Yes ◯  No ⦿

c. Were any payments made to or on behalf of insiders?     Yes ◯  No ⦿

d. Are you current on postpetition tax return filings?     Yes ◯  No ⦿

e. Are you current on postpetition estimated tax payments?     Yes ◯  No ⦿

f. Were all trust fund taxes remitted on a current basis?     Yes ◯  No ⦿

g. Was there any postpetition borrowing, other than trade credit? (if yes, see Instructions)     Yes ◯  No ⦿

h. Were all payments made to or on behalf of professionals approved by the court?     Yes ◯  No ◯  N/A ⦿

i. Do you have:          Worker's compensation insurance?     Yes ◯  No ⦿

          If yes, are your premiums current?     Yes ◯  No ◯  N/A ⦿  (if no, see Instructions)

          Casualty/property insurance?     Yes ◯  No ⦿

          If yes, are your premiums current?     Yes ◯  No ◯  N/A ⦿  (if no, see Instructions)

          General liability insurance?     Yes ◯  No ⦿

          If yes, are your premiums current?     Yes ◯  No ◯  N/A ⦿  (if no, see Instructions)

j. Has a plan of reorganization been filed with the court?     Yes ◯  No ⦿

UST Form 11-MOR (06/07/2021)

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

Debtor's Name  AVRIO HEALTH L.P.                                Case No. 19-23659

| | | | | |
|---|---|---|---|---|
| k. | Has a disclosure statement been filed with the court? | Yes ○ | No ◉ | |
| l. | Are you current with quarterly U.S. Trustee fees as set forth under 28 U.S.C. § 1930? | Yes ○ | No ◉ | |

| **Part 8: Individual Chapter 11 Debtors (Only)** | |
|---|---|
| a. | Gross income (receipts) from salary and wages | $0 |
| b. | Gross income (receipts) from self-employment | $0 |
| c. | Gross income from all other sources | $0 |
| d. | Total income in the reporting period (a+b+c) | $0 |
| e. | Payroll deductions | $0 |
| f. | Self-employment related expenses | $0 |
| g. | Living expenses | $0 |
| h. | All other expenses | $0 |
| i. | Total expenses in the reporting period (e+f+g+h) | $0 |
| j. | Difference between total income and total expenses (d-i) | $0 |
| k. | List the total amount of all postpetition debts that are past due | $0 |
| l. | Are you required to pay any Domestic Support Obligations as defined by 11 U.S.C § 101(14A)? | Yes ○  No ◉ |
| m. | If yes, have you made all Domestic Support Obligation payments? | Yes ○  No ○  N/A ◉ |

### Privacy Act Statement

28 U.S.C. § 589b authorizes the collection of this information, and provision of this information is mandatory under 11 U.S.C. §§ 704, 1106, and 1107. The United States Trustee will use this information to calculate statutory fee assessments under 28 U.S.C. § 1930(a)(6). The United States Trustee will also use this information to evaluate a chapter 11 debtor's progress through the bankruptcy system, including the likelihood of a plan of reorganization being confirmed and whether the case is being prosecuted in good faith. This information may be disclosed to a bankruptcy trustee or examiner when the information is needed to perform the trustee's or examiner's duties or to the appropriate federal, state, local, regulatory, tribal, or foreign law enforcement agency when the information indicates a violation or potential violation of law. Other disclosures may be made for routine purposes. For a discussion of the types of routine disclosures that may be made, you may consult the Executive Office for United States Trustee's systems of records notice, UST-001, "Bankruptcy Case Files and Associated Records." *See* 71 Fed. Reg. 59,818 et seq. (Oct. 11, 2006). A copy of the notice may be obtained at the following link: http://www.justice.gov/ust/eo/rules_regulations/index.htm. Failure to provide this information could result in the dismissal or conversion of your bankruptcy case or other action by the United States Trustee. 11 U.S.C. § 1112(b)(4)(F).

**<u>I declare under penalty of perjury that the foregoing Monthly Operating Report and its supporting documentation are true and correct and that I have been authorized to sign this report on behalf of the estate.</u>**

Jon Lowne                                              AVRIO HEALTH L.P.
_____              _____
Signature of Responsible Party                      Printed Name of Responsible Party

Chief Financial Officer                              8/5/2021
_____              _____
Title                                                Date

66

# UNITED STATES BANKRUPTCY COURT

SOUTHERN   DISTRICT OF   NEW YORK

DIVISION

| | | |
|---|---|---|
| In Re. PURDUE PHARMACEUTICAL PRODUCTS L.P. | § | Case No.  19-23660 |
| | § | |
| | § | Lead Case No.  19-23649 |
| Debtor(s) | § | |
| | | ☒ Jointly Administered |

## Monthly Operating Report                                        Chapter 11

Reporting Period Ended: 06/30/2021                 Petition Date: 09/15/2019

Months Pending: 22                 Industry Classification: | 3 | 2 | 5 | 4 |

Reporting Method:          Accrual Basis ○          Cash Basis ◉

Debtor's Full-Time Employees (current):                           0

Debtor's Full-Time Employees (as of date of order for relief):   0

**Supporting Documentation** (check all that are attached):

(For jointly administered debtors, any required schedules must be provided on a non-consolidated basis for each debtor)

- ☒ Statement of cash receipts and disbursements
- ☐ Balance sheet containing the summary and detail of the assets, liabilities and equity (net worth) or deficit
- ☐ Statement of operations (profit or loss statement)
- ☐ Accounts receivable aging
- ☐ Postpetition liabilities aging
- ☐ Statement of capital assets
- ☐ Schedule of payments to professionals
- ☐ Schedule of payments to insiders
- ☐ All bank statements and bank reconciliations for the reporting period
- ☐ Description of the assets sold or transferred and the terms of the sale or transfer

Eli J. Vonnegut
_____
Signature of Responsible Party

8/5/2021
_____
Date

Eli J. Vonnegut
_____
Printed Name of Responsible Party

450 Lexington Avenue, New York, NY 10017
_____
Address

STATEMENT: This Periodic Report is associated with an open bankruptcy case; therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

UST Form 11-MOR (06/07/2021)

Debtor's Name PURDUE
PHARMACEUTICAL PRODUCTS L.P.

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

Case No. 19-23660

| Part 1: Cash Receipts and Disbursements | Current Month | Cumulative |
|---|---|---|
| a. Cash balance beginning of month | $0 | |
| b. Total receipts (net of transfers between accounts) | $0 | $0 |
| c. Total disbursements (net of transfers between accounts) | $3,203 | $0 |
| d. Cash balance end of month (a+b+c) | $-3,203 | |
| e. Disbursements made by third party for the benefit of the estate | $0 | $0 |
| f. Total disbursements for quarterly fee calculation (c+e) | $3,203 | $0 |

| Part 2: Asset and Liability Status (Not generally applicable to Individual Debtors. See Instructions.) | Current Month |
|---|---|
| a. Accounts receivable (total net of allowance) | $0 |
| b. Accounts receivable over 90 days outstanding (net of allowance) | $0 |
| c. Inventory (Book ● Market ○ Other ○ (attach explanation)) | $0 |
| d Total current assets | $0 |
| e. Total assets | $0 |
| f. Postpetition payables (excluding taxes) | $0 |
| g. Postpetition payables past due (excluding taxes) | $0 |
| h. Postpetition taxes payable | $0 |
| i. Postpetition taxes past due | $0 |
| j. Total postpetition debt (f+h) | $0 |
| k. Prepetition secured debt | $0 |
| l. Prepetition priority debt | $0 |
| m. Prepetition unsecured debt | $0 |
| n. Total liabilities (debt) (j+k+l+m) | $0 |
| o. Ending equity/net worth (e-n) | $0 |

| Part 3: Assets Sold or Transferred | Current Month | Cumulative |
|---|---|---|
| a. Total cash sales price for assets sold/transferred outside the ordinary course of business | $0 | $0 |
| b. Total payments to third parties incident to assets being sold/transferred outside the ordinary course of business | $0 | $0 |
| c. Net cash proceeds from assets sold/transferred outside the ordinary course of business (a-b) | $0 | $0 |

| Part 4: Income Statement (Statement of Operations) (Not generally applicable to Individual Debtors. See Instructions.) | Current Month | Cumulative |
|---|---|---|
| a. Gross income/sales (net of returns and allowances) | $0 | |
| b. Cost of goods sold (inclusive of depreciation, if applicable) | $0 | |
| c. Gross profit (a-b) | $0 | |
| d. Selling expenses | $0 | |
| e. General and administrative expenses | $0 | |
| f. Other expenses | $0 | |
| g. Depreciation and/or amortization (not included in 4b) | $0 | |
| h. Interest | $0 | |
| i. Taxes (local, state, and federal) | $0 | |
| j. Reorganization items | $0 | |
| k. Profit (loss) | $0 | $0 |

UST Form 11-MOR (06/07/2021)

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

Debtor's Name PURDUE
PHARMACEUTICAL PRODUCTS L.P.                                   Case No. 19-23660

## Part 5:  Professional Fees and Expenses

|   |   |   | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|---|
| a. | Debtor's professional fees & expenses (bankruptcy)  *Aggregate Total* | | $0 | $0 | $0 | $0 |
| | *Itemized Breakdown by Firm* | | | | | |
| | | Firm Name | Role | | | |
| | i | | | $0 | $0 | $0 | $0 |
| | ii | | | $0 | $0 | $0 | $0 |

|   |   |   | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|---|
| b. | Debtor's professional fees & expenses (nonbankruptcy)  *Aggregate Total* | | $0 | $0 | $0 | $0 |
| | *Itemized Breakdown by Firm* | | | | | |
| | | Firm Name | Role | | | |
| | i | | | $0 | $0 | $0 | $0 |
| | ii | | | $0 | $0 | $0 | $0 |
| c. | All professional fees and expenses (debtor & committees) | | $0 | $0 | $0 | $0 |

## Part 6:  Postpetition Taxes

|   |   | Current Month | Cumulative |
|---|---|---|---|
| a. | Postpetition income taxes accrued (local, state, and federal) | $0 | $0 |
| b. | Postpetition income taxes paid (local, state, and federal) | $0 | $0 |
| c. | Postpetition employer payroll taxes accrued | $0 | $0 |
| d. | Postpetition employer payroll taxes paid | $0 | $0 |
| e. | Postpetition property taxes paid | $0 | $0 |
| f. | Postpetition other taxes accrued (local, state, and federal) | $0 | $0 |
| g. | Postpetition other taxes paid (local, state, and federal) | $0 | $0 |

## Part 7: Questionnaire - During this reporting period:

a. Were any payments made on prepetition debt?  (if yes, see Instructions)     Yes ○  No ◉

b. Were any payments made outside the ordinary course of business without court approval?  (if yes, see Instructions)     Yes ○  No ◉

c. Were any payments made to or on behalf of insiders?     Yes ○  No ◉

d. Are you current on postpetition tax return filings?     Yes ○  No ◉

e. Are you current on postpetition estimated tax payments?     Yes ○  No ◉

f. Were all trust fund taxes remitted on a current basis?     Yes ○  No ◉

g. Was there any postpetition borrowing, other than trade credit? (if yes, see Instructions)     Yes ○  No ◉

h. Were all payments made to or on behalf of professionals approved by the court?     Yes ○  No ○  N/A ◉

i. Do you have:     Worker's compensation insurance?     Yes ○  No ◉

    If yes, are your premiums current?     Yes ○  No ○  N/A ◉  (if no, see Instructions)

    Casualty/property insurance?     Yes ○  No ◉

    If yes, are your premiums current?     Yes ○  No ○  N/A ◉  (if no, see Instructions)

    General liability insurance?     Yes ○  No ◉

    If yes, are your premiums current?     Yes ○  No ○  N/A ◉  (if no, see Instructions)

j. Has a plan of reorganization been filed with the court?     Yes ○  No ◉

UST Form 11-MOR (06/07/2021)

Debtor's Name PURDUE
PHARMACEUTICAL PRODUCTS L.P.                                    Case No. 19-23660

Note: The cash balance in Part l.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts l.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

| | | |
|---|---|---|
| k. | Has a disclosure statement been filed with the court? | Yes ◯  No ⦿ |
| l. | Are you current with quarterly U.S. Trustee fees as set forth under 28 U.S.C. § 1930? | Yes ◯  No ⦿ |

### Part 8: Individual Chapter 11 Debtors (Only)

| | | |
|---|---|---|
| a. | Gross income (receipts) from salary and wages | $0 |
| b. | Gross income (receipts) from self-employment | $0 |
| c. | Gross income from all other sources | $0 |
| d. | Total income in the reporting period (a+b+c) | $0 |
| e. | Payroll deductions | $0 |
| f. | Self-employment related expenses | $0 |
| g. | Living expenses | $0 |
| h. | All other expenses | $0 |
| i. | Total expenses in the reporting period (e+f+g+h) | $0 |
| j. | Difference between total income and total expenses (d-i) | $0 |
| k. | List the total amount of all postpetition debts that are past due | $0 |
| l. | Are you required to pay any Domestic Support Obligations as defined by 11 U.S.C § 101(14A)? | Yes ◯  No ⦿ |
| m. | If yes, have you made all Domestic Support Obligation payments? | Yes ◯  No ◯  N/A ⦿ |

### Privacy Act Statement

28 U.S.C. § 589b authorizes the collection of this information, and provision of this information is mandatory under 11 U.S.C. §§ 704, 1106, and 1107. The United States Trustee will use this information to calculate statutory fee assessments under 28 U.S.C. § 1930(a)(6). The United States Trustee will also use this information to evaluate a chapter 11 debtor's progress through the bankruptcy system, including the likelihood of a plan of reorganization being confirmed and whether the case is being prosecuted in good faith. This information may be disclosed to a bankruptcy trustee or examiner when the information is needed to perform the trustee's or examiner's duties or to the appropriate federal, state, local, regulatory, tribal, or foreign law enforcement agency when the information indicates a violation or potential violation of law. Other disclosures may be made for routine purposes. For a discussion of the types of routine disclosures that may be made, you may consult the Executive Office for United States Trustee's systems of records notice, UST-001, "Bankruptcy Case Files and Associated Records." *See* 71 Fed. Reg. 59,818 et seq. (Oct. 11, 2006). A copy of the notice may be obtained at the following link: http://www.justice.gov/ust/eo/rules_regulations/index.htm. Failure to provide this information could result in the dismissal or conversion of your bankruptcy case or other action by the United States Trustee. 11 U.S.C. § 1112(b)(4)(F).

**<u>I declare under penalty of perjury that the foregoing Monthly Operating Report and its supporting documentation are true and correct and that I have been authorized to sign this report on behalf of the estate.</u>**

| | |
|---|---|
| Jon Lowne | PURDUE PHARMACEUTICAL PRODUCTS L.P. |
| Signature of Responsible Party | Printed Name of Responsible Party |
| Chief Financial Officer | 8/5/2021 |
| Title | Date |

UST Form 11-MOR (06/07/2021)

# UNITED STATES BANKRUPTCY COURT

SOUTHERN  DISTRICT OF  NEW YORK

DIVISION

In Re. PURDUE NEUROSCIENCE COMPANY

§
§
§
§

Debtor(s)

Case No.  19-23661

Lead Case No.  19-23649

☒ Jointly Administered

# Monthly Operating Report

Chapter 11

Reporting Period Ended: 06/30/2021

Petition Date: 09/15/2019

Months Pending: 22

Industry Classification: | 3 | 2 | 5 | 4 |

Reporting Method:          Accrual Basis ○          Cash Basis ⦿

Debtor's Full-Time Employees (current):                    0

Debtor's Full-Time Employees (as of date of order for relief):          0

## Supporting  Documentation (check all that are attached):

(For jointly administered debtors, any required schedules must be provided on a non-consolidated basis for each debtor)

- ☒ Statement of cash receipts and disbursements
- ☐ Balance sheet containing the summary and detail of the assets, liabilities and equity (net worth) or deficit
- ☐ Statement of operations (profit or loss statement)
- ☐ Accounts receivable aging
- ☐ Postpetition liabilities aging
- ☐ Statement of capital assets
- ☐ Schedule of payments to professionals
- ☐ Schedule of payments to insiders
- ☐ All bank statements and bank reconciliations for the reporting period
- ☐ Description of the assets sold or transferred and the terms of the sale or transfer

Eli J. Vonnegut
_____
Signature of Responsible Party

8/5/2021
_____
Date

Eli J. Vonnegut
_____
Printed Name of Responsible Party

450 Lexington Avenue, New York, NY 10017
_____
Address

STATEMENT: This Periodic Report is associated with an open bankruptcy case; therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

UST Form 11-MOR (06/07/2021)

Debtor's Name PURDUE
NEUROSCIENCE COMPANY

Case No. 19-23661

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

| Part 1: Cash Receipts and Disbursements | | Current Month | Cumulative |
|---|---|---|---|
| a. | Cash balance beginning of month | $0 | |
| b. | Total receipts (net of transfers between accounts) | $6,772,814 | $0 |
| c. | Total disbursements (net of transfers between accounts) | $0 | $0 |
| d. | Cash balance end of month (a+b+c) | $6,772,814 | |
| e. | Disbursements made by third party for the benefit of the estate | $0 | $0 |
| f. | Total disbursements for quarterly fee calculation (c+e) | $0 | $0 |

| Part 2:  Asset and Liability Status (Not generally applicable to Individual Debtors. See Instructions.) | | Current Month |
|---|---|---|
| a. | Accounts receivable (total net of allowance) | $0 |
| b. | Accounts receivable over 90 days outstanding (net of allowance) | $0 |
| c. | Inventory    (Book ◉  Market ◯  Other ◯   (attach explanation)) | $0 |
| d | Total current assets | $0 |
| e. | Total assets | $0 |
| f. | Postpetition payables (excluding taxes) | $0 |
| g. | Postpetition payables past due (excluding taxes) | $0 |
| h. | Postpetition taxes payable | $0 |
| i. | Postpetition taxes past due | $0 |
| j. | Total postpetition debt (f+h) | $0 |
| k. | Prepetition secured debt | $0 |
| l. | Prepetition priority debt | $0 |
| m. | Prepetition unsecured debt | $0 |
| n. | Total liabilities (debt) (j+k+l+m) | $0 |
| o. | Ending equity/net worth (e-n) | $0 |

| Part 3:  Assets Sold or Transferred | | Current Month | Cumulative |
|---|---|---|---|
| a. | Total cash sales price for assets sold/transferred outside the ordinary course of business | $0 | $0 |
| b. | Total payments to third parties incident to assets being sold/transferred outside the ordinary course of business | $0 | $0 |
| c. | Net cash proceeds from assets sold/transferred outside the ordinary course of business (a-b) | $0 | $0 |

| Part 4:  Income Statement (Statement of Operations) (Not generally applicable to Individual Debtors. See Instructions.) | | Current Month | Cumulative |
|---|---|---|---|
| a. | Gross income/sales (net of returns and allowances) | $0 | |
| b. | Cost of goods sold (inclusive of depreciation, if applicable) | $0 | |
| c. | Gross profit (a-b) | $0 | |
| d. | Selling expenses | $0 | |
| e. | General and administrative expenses | $0 | |
| f. | Other expenses | $0 | |
| g. | Depreciation and/or amortization (not included in 4b) | $0 | |
| h. | Interest | $0 | |
| i. | Taxes (local, state, and federal) | $0 | |
| j. | Reorganization items | $0 | |
| k. | Profit (loss) | $0 | $0 |

UST Form 11-MOR (06/07/2021)

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

Debtor's Name PURDUE
NEUROSCIENCE COMPANY

Case No. 19-23661

## Part 5: Professional Fees and Expenses

| | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|
| a. | Debtor's professional fees & expenses (bankruptcy) *Aggregate Total* | $0 | $0 | $0 | $0 |
| | *Itemized Breakdown by Firm* | | | | |
| | Firm Name / Role | | | | |
| i | | $0 | $0 | $0 | $0 |
| ii | | $0 | $0 | $0 | $0 |

| | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|
| b. | Debtor's professional fees & expenses (nonbankruptcy) *Aggregate Total* | $0 | $0 | $0 | $0 |
| | *Itemized Breakdown by Firm* | | | | |
| | Firm Name / Role | | | | |
| i | | $0 | $0 | $0 | $0 |
| ii | | $0 | $0 | $0 | $0 |
| c. | All professional fees and expenses (debtor & committees) | $0 | $0 | $0 | $0 |

## Part 6: Postpetition Taxes

| | Current Month | Cumulative |
|---|---|---|
| a. Postpetition income taxes accrued (local, state, and federal) | $0 | $0 |
| b. Postpetition income taxes paid (local, state, and federal) | $0 | $0 |
| c. Postpetition employer payroll taxes accrued | $0 | $0 |
| d. Postpetition employer payroll taxes paid | $0 | $0 |
| e. Postpetition property taxes paid | $0 | $0 |
| f. Postpetition other taxes accrued (local, state, and federal) | $0 | $0 |
| g. Postpetition other taxes paid (local, state, and federal) | $0 | $0 |

## Part 7: Questionnaire - During this reporting period:

a. Were any payments made on prepetition debt? (if yes, see Instructions) — Yes ◯ No ◉
b. Were any payments made outside the ordinary course of business without court approval? (if yes, see Instructions) — Yes ◯ No ◉
c. Were any payments made to or on behalf of insiders? — Yes ◯ No ◉
d. Are you current on postpetition tax return filings? — Yes ◯ No ◉
e. Are you current on postpetition estimated tax payments? — Yes ◯ No ◉
f. Were all trust fund taxes remitted on a current basis? — Yes ◯ No ◉
g. Was there any postpetition borrowing, other than trade credit? (if yes, see Instructions) — Yes ◯ No ◉
h. Were all payments made to or on behalf of professionals approved by the court? — Yes ◯ No ◯ N/A ◉
i. Do you have: Worker's compensation insurance? — Yes ◯ No ◉
   If yes, are your premiums current? — Yes ◯ No ◯ N/A ◉ (if no, see Instructions)
   Casualty/property insurance? — Yes ◯ No ◉
   If yes, are your premiums current? — Yes ◯ No ◯ N/A ◉ (if no, see Instructions)
   General liability insurance? — Yes ◯ No ◉
   If yes, are your premiums current? — Yes ◯ No ◯ N/A ◉ (if no, see Instructions)
j. Has a plan of reorganization been filed with the court? — Yes ◯ No ◉

73

UST Form 11-MOR (06/07/2021)

Debtor's Name PURDUE
NEUROSCIENCE COMPANY                                          Case No. 19-23661

> Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

| | | | |
|---|---|---|---|
| k. | Has a disclosure statement been filed with the court? | Yes ◯  No ◉ | |
| l. | Are you current with quarterly U.S. Trustee fees as set forth under 28 U.S.C. § 1930? | Yes ◯  No ◉ | |

## Part 8: Individual Chapter 11 Debtors (Only)

| | | |
|---|---|---|
| a. | Gross income (receipts) from salary and wages | $0 |
| b. | Gross income (receipts) from self-employment | $0 |
| c. | Gross income from all other sources | $0 |
| d. | Total income in the reporting period (a+b+c) | $0 |
| e. | Payroll deductions | $0 |
| f. | Self-employment related expenses | $0 |
| g. | Living expenses | $0 |
| h. | All other expenses | $0 |
| i. | Total expenses in the reporting period (e+f+g+h) | $0 |
| j. | Difference between total income and total expenses (d-i) | $0 |
| k. | List the total amount of all postpetition debts that are past due | $0 |
| l. | Are you required to pay any Domestic Support Obligations as defined by 11 U.S.C § 101(14A)? | Yes ◯  No ◉ |
| m. | If yes, have you made all Domestic Support Obligation payments? | Yes ◯  No ◯  N/A ◉ |

### Privacy Act Statement

28 U.S.C. § 589b authorizes the collection of this information, and provision of this information is mandatory under 11 U.S.C. §§ 704, 1106, and 1107. The United States Trustee will use this information to calculate statutory fee assessments under 28 U.S.C. § 1930(a)(6). The United States Trustee will also use this information to evaluate a chapter 11 debtor's progress through the bankruptcy system, including the likelihood of a plan of reorganization being confirmed and whether the case is being prosecuted in good faith. This information may be disclosed to a bankruptcy trustee or examiner when the information is needed to perform the trustee's or examiner's duties or to the appropriate federal, state, local, regulatory, tribal, or foreign law enforcement agency when the information indicates a violation or potential violation of law. Other disclosures may be made for routine purposes. For a discussion of the types of routine disclosures that may be made, you may consult the Executive Office for United States Trustee's systems of records notice, UST-001, "Bankruptcy Case Files and Associated Records." See 71 Fed. Reg. 59,818 et seq. (Oct. 11, 2006). A copy of the notice may be obtained at the following link: http://www.justice.gov/ust/eo/rules_regulations/index.htm. Failure to provide this information could result in the dismissal or conversion of your bankruptcy case or other action by the United States Trustee. 11 U.S.C. § 1112(b)(4)(F).

**I declare under penalty of perjury that the foregoing Monthly Operating Report and its supporting documentation are true and correct and that I have been authorized to sign this report on behalf of the estate.**

Jon Lowne                                                    PURDUE NEUROSCIENCE COMPANY
_____                                      _____
Signature of Responsible Party                               Printed Name of Responsible Party

Chief Financial Officer                                      8/5/2021
_____                                      _____
Title                                                        Date

UST Form 11-MOR (06/07/2021)

# UNITED STATES BANKRUPTCY COURT

SOUTHERN  DISTRICT OF  NEW YORK

DIVISION

In Re. NAYATT COVE LIFESCIENCE INC.

§
§
§
§

_____
Debtor(s)

Case No.  19-23662

Lead Case No.  19-23649

☒ Jointly Administered

# Monthly Operating Report

Chapter 11

Reporting Period Ended: 06/30/2021

Petition Date: 09/15/2019

Months Pending: 22

Industry Classification: 3 2 5 4

Reporting Method:          Accrual Basis ○          Cash Basis ◉

Debtor's Full-Time Employees (current):          0

Debtor's Full-Time Employees (as of date of order for relief):          0

**Supporting  Documentation** (check all that are attached):

(For jointly administered debtors, any required schedules must be provided on a non-consolidated basis for each debtor)

☒  Statement of cash receipts and disbursements
☐  Balance sheet containing the summary and detail of the assets, liabilities and equity (net worth) or deficit
☐  Statement of operations (profit or loss statement)
☐  Accounts receivable aging
☐  Postpetition liabilities aging
☐  Statement of capital assets
☐  Schedule of payments to professionals
☐  Schedule of payments to insiders
☐  All bank statements and bank reconciliations for the reporting period
☐  Description of the assets sold or transferred and the terms of the sale or transfer

Eli J. Vonnegut
_____
Signature of Responsible Party

8/5/2021
_____
Date

Eli J. Vonnegut
_____
Printed Name of Responsible Party

450 Lexington Avenue, New York, NY 10017
_____
Address

STATEMENT: This Periodic Report is associated with an open bankruptcy case; therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

UST Form 11-MOR (06/07/2021)

Debtor's Name NAYATT COVE
LIFESCIENCE INC.

Case No. 19-23662

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

| Part 1: Cash Receipts and Disbursements | Current Month | Cumulative |
|---|---|---|
| a.  Cash balance beginning of month | $0 | |
| b.  Total receipts (net of transfers between accounts) | $0 | $0 |
| c.  Total disbursements (net of transfers between accounts) | $0 | $0 |
| d.  Cash balance end of month (a+b+c) | $0 | |
| e.  Disbursements made by third party for the benefit of the estate | $0 | $0 |
| f.  Total disbursements for quarterly fee calculation (c+e) | $0 | $0 |

| Part 2:  Asset and Liability Status (Not generally applicable to Individual Debtors. See Instructions.) | Current Month |
|---|---|
| a.  Accounts receivable (total net of allowance) | $0 |
| b.  Accounts receivable over 90 days outstanding (net of allowance) | $0 |
| c.  Inventory  (Book ◉  Market ○  Other ○  (attach explanation)) | $0 |
| d  Total current assets | $0 |
| e.  Total assets | $0 |
| f.  Postpetition payables (excluding taxes) | $0 |
| g.  Postpetition payables past due (excluding taxes) | $0 |
| h.  Postpetition taxes payable | $0 |
| i.  Postpetition taxes past due | $0 |
| j.  Total postpetition debt (f+h) | $0 |
| k.  Prepetition secured debt | $0 |
| l.  Prepetition priority debt | $0 |
| m.  Prepetition unsecured debt | $0 |
| n.  Total liabilities (debt) (j+k+l+m) | $0 |
| o.  Ending equity/net worth (e-n) | $0 |

| Part 3:  Assets Sold or Transferred | Current Month | Cumulative |
|---|---|---|
| a.  Total cash sales price for assets sold/transferred outside the ordinary course of business | $0 | $0 |
| b.  Total payments to third parties incident to assets being sold/transferred outside the ordinary course of business | $0 | $0 |
| c.  Net cash proceeds from assets sold/transferred outside the ordinary course of business (a-b) | $0 | $0 |

| Part 4:  Income Statement (Statement of Operations) (Not generally applicable to Individual Debtors. See Instructions.) | Current Month | Cumulative |
|---|---|---|
| a.  Gross income/sales (net of returns and allowances) | $0 | |
| b.  Cost of goods sold (inclusive of depreciation, if applicable) | $0 | |
| c.  Gross profit (a-b) | $0 | |
| d.  Selling expenses | $0 | |
| e.  General and administrative expenses | $0 | |
| f.  Other expenses | $0 | |
| g.  Depreciation and/or amortization (not included in 4b) | $0 | |
| h.  Interest | $0 | |
| i.  Taxes (local, state, and federal) | $0 | |
| j.  Reorganization items | $0 | |
| k.  Profit (loss) | $0 | $0 |

UST Form 11-MOR (06/07/2021)

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

Debtor's Name NAYATT COVE
LIFESCIENCE INC.

Case No. 19-23662

## Part 5: Professional Fees and Expenses

| | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|
| a. | Debtor's professional fees & expenses (bankruptcy) *Aggregate Total* | $0 | $0 | $0 | $0 |
| | *Itemized Breakdown by Firm* | | | | |
| | Firm Name / Role | | | | |
| i | | $0 | $0 | $0 | $0 |
| ii | | $0 | $0 | $0 | $0 |

| | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|
| b. | Debtor's professional fees & expenses (nonbankruptcy) *Aggregate Total* | $0 | $0 | $0 | $0 |
| | *Itemized Breakdown by Firm* | | | | |
| | Firm Name / Role | | | | |
| i | | $0 | $0 | $0 | $0 |
| ii | | $0 | $0 | $0 | $0 |
| c. | All professional fees and expenses (debtor & committees) | $0 | $0 | $0 | $0 |

## Part 6: Postpetition Taxes

| | | Current Month | Cumulative |
|---|---|---|---|
| a. | Postpetition income taxes accrued (local, state, and federal) | $0 | $0 |
| b. | Postpetition income taxes paid (local, state, and federal) | $0 | $0 |
| c. | Postpetition employer payroll taxes accrued | $0 | $0 |
| d. | Postpetition employer payroll taxes paid | $0 | $0 |
| e. | Postpetition property taxes paid | $0 | $0 |
| f. | Postpetition other taxes accrued (local, state, and federal) | $0 | $0 |
| g. | Postpetition other taxes paid (local, state, and federal) | $0 | $0 |

## Part 7: Questionnaire - During this reporting period:

a. Were any payments made on prepetition debt? (if yes, see Instructions)  Yes ○  No ⦿
b. Were any payments made outside the ordinary course of business without court approval? (if yes, see Instructions)  Yes ○  No ⦿
c. Were any payments made to or on behalf of insiders?  Yes ○  No ⦿
d. Are you current on postpetition tax return filings?  Yes ○  No ⦿
e. Are you current on postpetition estimated tax payments?  Yes ○  No ⦿
f. Were all trust fund taxes remitted on a current basis?  Yes ○  No ⦿
g. Was there any postpetition borrowing, other than trade credit? (if yes, see Instructions)  Yes ○  No ⦿
h. Were all payments made to or on behalf of professionals approved by the court?  Yes ○  No ○  N/A ⦿
i. Do you have: Worker's compensation insurance?  Yes ○  No ⦿
  If yes, are your premiums current?  Yes ○  No ○  N/A ⦿  (if no, see Instructions)
  Casualty/property insurance?  Yes ○  No ⦿
  If yes, are your premiums current?  Yes ○  No ○  N/A ⦿  (if no, see Instructions)
  General liability insurance?  Yes ○  No ⦿
  If yes, are your premiums current?  Yes ○  No ○  N/A ⦿  (if no, see Instructions)
j. Has a plan of reorganization been filed with the court?  Yes ○  No ⦿

UST Form 11-MOR (06/07/2021)

Debtor's Name NAYATT COVE
LIFESCIENCE INC.
Case No. 19-23662

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

| | | | |
|---|---|---|---|
| k. | Has a disclosure statement been filed with the court? | Yes ○ No ● | |
| l. | Are you current with quarterly U.S. Trustee fees as set forth under 28 U.S.C. § 1930? | Yes ○ No ● | |

## Part 8: Individual Chapter 11 Debtors (Only)

| | | |
|---|---|---|
| a. | Gross income (receipts) from salary and wages | $0 |
| b. | Gross income (receipts) from self-employment | $0 |
| c. | Gross income from all other sources | $0 |
| d. | Total income in the reporting period (a+b+c) | $0 |
| e. | Payroll deductions | $0 |
| f. | Self-employment related expenses | $0 |
| g. | Living expenses | $0 |
| h. | All other expenses | $0 |
| i. | Total expenses in the reporting period (e+f+g+h) | $0 |
| j. | Difference between total income and total expenses (d-i) | $0 |
| k. | List the total amount of all postpetition debts that are past due | $0 |
| l. | Are you required to pay any Domestic Support Obligations as defined by 11 U.S.C § 101(14A)? | Yes ○ No ● |
| m. | If yes, have you made all Domestic Support Obligation payments? | Yes ○ No ○ N/A ● |

### Privacy Act Statement

28 U.S.C. § 589b authorizes the collection of this information, and provision of this information is mandatory under 11 U.S.C. §§ 704, 1106, and 1107. The United States Trustee will use this information to calculate statutory fee assessments under 28 U.S.C. § 1930(a)(6). The United States Trustee will also use this information to evaluate a chapter 11 debtor's progress through the bankruptcy system, including the likelihood of a plan of reorganization being confirmed and whether the case is being prosecuted in good faith. This information may be disclosed to a bankruptcy trustee or examiner when the information is needed to perform the trustee's or examiner's duties or to the appropriate federal, state, local, regulatory, tribal, or foreign law enforcement agency when the information indicates a violation or potential violation of law. Other disclosures may be made for routine purposes. For a discussion of the types of routine disclosures that may be made, you may consult the Executive Office for United States Trustee's systems of records notice, UST-001, "Bankruptcy Case Files and Associated Records." See 71 Fed. Reg. 59,818 et seq. (Oct. 11, 2006). A copy of the notice may be obtained at the following link: http://www.justice.gov/ust/eo/rules_regulations/index.htm. Failure to provide this information could result in the dismissal or conversion of your bankruptcy case or other action by the United States Trustee. 11 U.S.C. § 1112(b)(4)(F).

**I declare under penalty of perjury that the foregoing Monthly Operating Report and its supporting documentation are true and correct and that I have been authorized to sign this report on behalf of the estate.**

Jon Lowne

NAYATT COVE LIFESCIENCE INC.

Signature of Responsible Party

Printed Name of Responsible Party

Chief Financial Officer

8/5/2021

Title

Date

UST Form 11-MOR (06/07/2021)

## UNITED STATES BANKRUPTCY COURT

<u>SOUTHERN</u>  DISTRICT OF  <u>NEW YORK</u>

<u>DIVISION</u>

In Re. BUTTON LAND L.P.      §     Case No. <u>19-23663</u>
    §
_____ §     Lead Case No. <u>19-23649</u>
    Debtor(s)     §

☒ Jointly Administered

# Monthly Operating Report

Chapter 11

Reporting Period Ended: <u>06/30/2021</u>          Petition Date: <u>09/15/2019</u>

Months Pending: <u>22</u>          Industry Classification: | 3 | 2 | 5 | 4 |

Reporting Method:      Accrual Basis ○      Cash Basis ◉

Debtor's Full-Time Employees (current):      <u>0</u>

Debtor's Full-Time Employees (as of date of order for relief):      <u>0</u>

**Supporting  Documentation** (check all that are attached):

(For jointly administered debtors, any required schedules must be provided on a non-consolidated basis for each debtor)

☒ Statement of cash receipts and disbursements
☐ Balance sheet containing the summary and detail of the assets, liabilities and equity (net worth) or deficit
☐ Statement of operations (profit or loss statement)
☐ Accounts receivable aging
☐ Postpetition liabilities aging
☐ Statement of capital assets
☐ Schedule of payments to professionals
☐ Schedule of payments to insiders
☐ All bank statements and bank reconciliations for the reporting period
☐ Description of the assets sold or transferred and the terms of the sale or transfer

Eli J. Vonnegut          Eli J. Vonnegut
_____      _____
Signature of Responsible Party          Printed Name of Responsible Party

8/5/2021
_____
Date

                     450 Lexington Avenue, New York, NY 10017
                     Address

STATEMENT: This Periodic Report is associated with an open bankruptcy case; therefore, Paperwork Reduction Act exemption 5 C.F.R.
§ 1320.4(a)(2) applies.

UST Form 11-MOR (06/07/2021)

Debtor's Name BUTTON LAND L.P.

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

Case No. 19-23663

| Part 1: Cash Receipts and Disbursements | Current Month | Cumulative |
|---|---|---|
| a. Cash balance beginning of month | $0 | |
| b. Total receipts (net of transfers between accounts) | $0 | $0 |
| c. Total disbursements (net of transfers between accounts) | $0 | $0 |
| d. Cash balance end of month (a+b+c) | $0 | |
| e. Disbursements made by third party for the benefit of the estate | $0 | $0 |
| f. Total disbursements for quarterly fee calculation (c+e) | $0 | $0 |

| Part 2: Asset and Liability Status (Not generally applicable to Individual Debtors. See Instructions.) | Current Month |
|---|---|
| a. Accounts receivable (total net of allowance) | $0 |
| b. Accounts receivable over 90 days outstanding (net of allowance) | $0 |
| c. Inventory    (Book ● Market ○ Other ○  (attach explanation)) | $0 |
| d. Total current assets | $0 |
| e. Total assets | $0 |
| f. Postpetition payables (excluding taxes) | $0 |
| g. Postpetition payables past due (excluding taxes) | $0 |
| h. Postpetition taxes payable | $0 |
| i. Postpetition taxes past due | $0 |
| j. Total postpetition debt (f+h) | $0 |
| k. Prepetition secured debt | $0 |
| l. Prepetition priority debt | $0 |
| m. Prepetition unsecured debt | $0 |
| n. Total liabilities (debt) (j+k+l+m) | $0 |
| o. Ending equity/net worth (e-n) | $0 |

| Part 3: Assets Sold or Transferred | Current Month | Cumulative |
|---|---|---|
| a. Total cash sales price for assets sold/transferred outside the ordinary course of business | $0 | $0 |
| b. Total payments to third parties incident to assets being sold/transferred outside the ordinary course of business | $0 | $0 |
| c. Net cash proceeds from assets sold/transferred outside the ordinary course of business (a-b) | $0 | $0 |

| Part 4: Income Statement (Statement of Operations) (Not generally applicable to Individual Debtors. See Instructions.) | Current Month | Cumulative |
|---|---|---|
| a. Gross income/sales (net of returns and allowances) | $0 | |
| b. Cost of goods sold (inclusive of depreciation, if applicable) | $0 | |
| c. Gross profit (a-b) | $0 | |
| d. Selling expenses | $0 | |
| e. General and administrative expenses | $0 | |
| f. Other expenses | $0 | |
| g. Depreciation and/or amortization (not included in 4b) | $0 | |
| h. Interest | $0 | |
| i. Taxes (local, state, and federal) | $0 | |
| j. Reorganization items | $0 | |
| k. Profit (loss) | :$0 | $0 |

80

UST Form 11-MOR (06/07/2021)

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

Debtor's Name BUTTON LAND L.P.    Case No. 19-23663

## Part 5: Professional Fees and Expenses

| | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|
| a. | Debtor's professional fees & expenses (bankruptcy) *Aggregate Total* | $0 | $0 | $0 | $0 |
| | *Itemized Breakdown by Firm* | | | | |
| | Firm Name / Role | | | | |
| i | | $0 | $0 | $0 | $0 |
| ii | | $0 | $0 | $0 | $0 |

| | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|
| b. | Debtor's professional fees & expenses (nonbankruptcy) *Aggregate Total* | $0 | $0 | $0 | $0 |
| | *Itemized Breakdown by Firm* | | | | |
| | Firm Name / Role | | | | |
| i | | $0 | $0 | $0 | $0 |
| ii | | $0 | $0 | $0 | $0 |
| c. | All professional fees and expenses (debtor & committees) | $0 | $0 | $0 | $0 |

## Part 6: Postpetition Taxes

| | | Current Month | Cumulative |
|---|---|---|---|
| a. | Postpetition income taxes accrued (local, state, and federal) | $0 | $0 |
| b. | Postpetition income taxes paid (local, state, and federal) | $0 | $0 |
| c. | Postpetition employer payroll taxes accrued | $0 | $0 |
| d. | Postpetition employer payroll taxes paid | $0 | $0 |
| e. | Postpetition property taxes paid | $0 | $0 |
| f. | Postpetition other taxes accrued (local, state, and federal) | $0 | $0 |
| g. | Postpetition other taxes paid (local, state, and federal) | $0 | $0 |

## Part 7: Questionnaire - During this reporting period:

a. Were any payments made on prepetition debt? (if yes, see Instructions)   Yes ○   No ●

b. Were any payments made outside the ordinary course of business without court approval? (if yes, see Instructions)   Yes ○   No ●

c. Were any payments made to or on behalf of insiders?   Yes ○   No ●

d. Are you current on postpetition tax return filings?   Yes ○   No ●

e. Are you current on postpetition estimated tax payments?   Yes ○   No ●

f. Were all trust fund taxes remitted on a current basis?   Yes ○   No ●

g. Was there any postpetition borrowing, other than trade credit? (if yes, see Instructions)   Yes ○   No ●

h. Were all payments made to or on behalf of professionals approved by the court?   Yes ○   No ○   N/A ●

i. Do you have:   Worker's compensation insurance?   Yes ○   No ●
  If yes, are your premiums current?   Yes ○   No ○   N/A ●   (if no, see Instructions)
  Casualty/property insurance?   Yes ○   No ●
  If yes, are your premiums current?   Yes ○   No ○   N/A ●   (if no, see Instructions)
  General liability insurance?   Yes ○   No ●
  If yes, are your premiums current?   Yes ○   No ○   N/A ●   (if no, see Instructions)

j. Has a plan of reorganization been filed with the court?   Yes ○   No ●

UST Form 11-MOR (06/07/2021)

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

Debtor's Name BUTTON LAND L.P.                                    Case No. 19-23663

| | | | |
|---|---|---|---|
| k. | Has a disclosure statement been filed with the court? | Yes ○  No ● |
| l. | Are you current with quarterly U.S. Trustee fees as set forth under 28 U.S.C. § 1930? | Yes ○  No ● |

## Part 8: Individual Chapter 11 Debtors (Only)

| | | |
|---|---|---|
| a. | Gross income (receipts) from salary and wages | $0 |
| b. | Gross income (receipts) from self-employment | $0 |
| c. | Gross income from all other sources | $0 |
| d. | Total income in the reporting period (a+b+c) | $0 |
| e. | Payroll deductions | $0 |
| f. | Self-employment related expenses | $0 |
| g. | Living expenses | $0 |
| h. | All other expenses | $0 |
| i. | Total expenses in the reporting period (e+f+g+h) | $0 |
| j. | Difference between total income and total expenses (d-i) | $0 |
| k. | List the total amount of all postpetition debts that are past due | $0 |
| l. | Are you required to pay any Domestic Support Obligations as defined by 11 U.S.C § 101(14A)? | Yes ○  No ● |
| m. | If yes, have you made all Domestic Support Obligation payments? | Yes ○  No ○  N/A ● |

### Privacy Act Statement

28 U.S.C. § 589b authorizes the collection of this information, and provision of this information is mandatory under 11 U.S.C. §§ 704, 1106, and 1107. The United States Trustee will use this information to calculate statutory fee assessments under 28 U.S.C. § 1930(a)(6). The United States Trustee will also use this information to evaluate a chapter 11 debtor's progress through the bankruptcy system, including the likelihood of a plan of reorganization being confirmed and whether the case is being prosecuted in good faith. This information may be disclosed to a bankruptcy trustee or examiner when the information is needed to perform the trustee's or examiner's duties or to the appropriate federal, state, local, regulatory, tribal, or foreign law enforcement agency when the information indicates a violation or potential violation of law. Other disclosures may be made for routine purposes. For a discussion of the types of routine disclosures that may be made, you may consult the Executive Office for United States Trustee's systems of records notice, UST-001, "Bankruptcy Case Files and Associated Records." See 71 Fed. Reg. 59,818 et seq. (Oct. 11, 2006). A copy of the notice may be obtained at the following link: http://www.justice.gov/ust/eo/rules_regulations/index.htm. Failure to provide this information could result in the dismissal or conversion of your bankruptcy case or other action by the United States Trustee. 11 U.S.C. § 1112(b)(4)(F).

**<u>I declare under penalty of perjury that the foregoing Monthly Operating Report and its supporting documentation are true and correct and that I have been authorized to sign this report on behalf of the estate.</u>**

| | |
|---|---|
| Jon Lowne | BUTTON LAND L.P. |
| Signature of Responsible Party | Printed Name of Responsible Party |
| Chief Financial Officer | 8/5/2021 |
| Title | Date |

# UNITED STATES BANKRUPTCY COURT

<u>SOUTHERN</u>  DISTRICT OF  <u>NEW YORK</u>

<u>DIVISION</u>

In Re. PAUL LAND INC.                            §                    Case No.  <u>19-23664</u>
                                                 §
                                                 §                    Lead Case No.  <u>19-23649</u>
_____                          §
               Debtor(s)                         §
                                                 ☒ Jointly Administered

# Monthly Operating Report                                          Chapter 11

Reporting Period Ended: <u>06/30/2021</u>                     Petition Date: <u>09/15/2019</u>

Months Pending: <u>22</u>                                    Industry Classification: <u>3</u> <u>2</u> <u>5</u> <u>4</u>

Reporting Method:            Accrual Basis ○        Cash Basis ◉

Debtor's Full-Time Employees (current):                    <u>0</u>

Debtor's Full-Time Employees (as of date of order for relief):    <u>0</u>

**Supporting  Documentation** (check all that are attached):

(For jointly administered debtors, any required schedules must be provided on a non-consolidated basis for each debtor)

☒    Statement of cash receipts and disbursements
☐    Balance sheet containing the summary and detail of the assets, liabilities and equity (net worth) or deficit
☐    Statement of operations (profit or loss statement)
☐    Accounts receivable aging
☐    Postpetition liabilities aging
☐    Statement of capital assets
☐    Schedule of payments to professionals
☐    Schedule of payments to insiders
☐    All bank statements and bank reconciliations for the reporting period
☐    Description of the assets sold or transferred and the terms of the sale or transfer

Eli J. Vonnegut                                    Eli J. Vonnegut
_____                            _____
Signature of Responsible Party                     Printed Name of Responsible Party

8/5/2021
_____
Date
                                                   450 Lexington Avenue, New York, NY 10017
                                                   _____
                                                   Address

STATEMENT: This Periodic Report is associated with an open bankruptcy case; therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

UST Form 11-MOR (06/07/2021)

Debtor's Name PAUL LAND INC.                                    Case No. 19-23664

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

| Part 1: Cash Receipts and Disbursements | Current Month | Cumulative |
|---|---|---|
| a. Cash balance beginning of month | $0 | |
| b. Total receipts (net of transfers between accounts) | $0 | $0 |
| c. Total disbursements (net of transfers between accounts) | $0 | $0 |
| d. Cash balance end of month (a+b-c) | $0 | |
| e. Disbursements made by third party for the benefit of the estate | $0 | $0 |
| f. Total disbursements for quarterly fee calculation (c+e) | $0 | $0 |

| Part 2:  Asset and Liability Status (Not generally applicable to Individual Debtors. See Instructions.) | Current Month |
|---|---|
| a. Accounts receivable (total net of allowance) | $0 |
| b. Accounts receivable over 90 days outstanding (net of allowance) | $0 |
| c. Inventory    (Book ● Market ○ Other ○    (attach explanation)) | $0 |
| d Total current assets | $0 |
| e. Total assets | $0 |
| f. Postpetition payables (excluding taxes) | $0 |
| g. Postpetition payables past due (excluding taxes) | $0 |
| h. Postpetition taxes payable | $0 |
| i. Postpetition taxes past due | $0 |
| j. Total postpetition debt (f+h) | $0 |
| k. Prepetition secured debt | $0 |
| l. Prepetition priority debt | $0 |
| m. Prepetition unsecured debt | $0 |
| n. Total liabilities (debt) (j+k+l+m) | $0 |
| o. Ending equity/net worth (e-n) | $0 |

| Part 3:  Assets Sold or Transferred | Current Month | Cumulative |
|---|---|---|
| a. Total cash sales price for assets sold/transferred outside the ordinary course of business | $0 | $0 |
| b. Total payments to third parties incident to assets being sold/transferred outside the ordinary course of business | $0 | $0 |
| c. Net cash proceeds from assets sold/transferred outside the ordinary course of business (a-b) | $0 | $0 |

| Part 4:  Income Statement (Statement of Operations) (Not generally applicable to Individual Debtors. See Instructions.) | Current Month | Cumulative |
|---|---|---|
| a. Gross income/sales (net of returns and allowances) | $0 | |
| b. Cost of goods sold (inclusive of depreciation, if applicable) | $0 | |
| c. Gross profit (a-b) | $0 | |
| d. Selling expenses | $0 | |
| e. General and administrative expenses | $0 | |
| f. Other expenses | $0 | |
| g. Depreciation and/or amortization (not included in 4b) | $0 | |
| h. Interest | $0 | |
| i. Taxes (local, state, and federal) | $0 | |
| j. Reorganization items | $0 | |
| k. Profit (loss) | $0 | $0 |

UST Form 11-MOR (06/07/2021)

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

Debtor's Name  PAUL LAND INC.                                    Case No. 19-23664

## Part 5: Professional Fees and Expenses

| | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|
| a. | Debtor's professional fees & expenses (bankruptcy)  *Aggregate Total* | $0 | $0 | $0 | $0 |
| | *Itemized Breakdown by Firm* | | | | |
| | | Firm Name | Role | | |
| i | | | | $0 | $0 | $0 | $0 |
| ii | | | | $0 | $0 | $0 | $0 |

| | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|
| b. | Debtor's professional fees & expenses (nonbankruptcy)  *Aggregate Total* | $0 | $0 | $0 | $0 |
| | *Itemized Breakdown by Firm* | | | | |
| | | Firm Name | Role | | |
| i | | | | $0 | $0 | $0 | $0 |
| ii | | | | $0 | $0 | $0 | $0 |
| c. | All professional fees and expenses (debtor & committees) | $0 | $0 | $0 | $0 |

## Part 6:  Postpetition Taxes

| | | Current Month | Cumulative |
|---|---|---|---|
| a. | Postpetition income taxes accrued (local, state, and federal) | $0 | $0 |
| b. | Postpetition income taxes paid (local, state, and federal) | $0 | $0 |
| c. | Postpetition employer payroll taxes accrued | $0 | $0 |
| d. | Postpetition employer payroll taxes paid | $0 | $0 |
| e. | Postpetition property taxes paid | $0 | $0 |
| f. | Postpetition other taxes accrued (local, state, and federal) | $0 | $0 |
| g. | Postpetition other taxes paid (local, state, and federal) | $0 | $0 |

## Part 7: Questionnaire - During this reporting period:

a. Were any payments made on prepetition debt?  (if yes, see Instructions)   Yes ○  No ⦿

b. Were any payments made outside the ordinary course of business without court approval?  (if yes, see Instructions)   Yes ○  No ⦿

c. Were any payments made to or on behalf of insiders?   Yes ○  No ⦿

d. Are you current on postpetition tax return filings?   Yes ○  No ⦿

e. Are you current on postpetition estimated tax payments?   Yes ○  No ⦿

f. Were all trust fund taxes remitted on a current basis?   Yes ○  No ⦿

g. Was there any postpetition borrowing, other than trade credit? (if yes, see Instructions)   Yes ○  No ⦿

h. Were all payments made to or on behalf of professionals approved by the court?   Yes ○  No ○  N/A ⦿

i. Do you have:   Worker's compensation insurance?   Yes ○  No ⦿

  If yes, are your premiums current?   Yes ○  No ○  N/A ⦿  (if no, see Instructions)

  Casualty/property insurance?   Yes ○  No ⦿

  If yes, are your premiums current?   Yes ○  No ○  N/A ⦿  (if no, see Instructions)

  General liability insurance?   Yes ○  No ⦿

  If yes, are your premiums current?   Yes ○  No ○  N/A ⦿  (if no, see Instructions)

j. Has a plan of reorganization been filed with the court?   Yes ○  No ⦿

UST Form 11-MOR (06/07/2021)

Debtor's Name PAUL LAND INC.                                                 Case No. 19-23664

k.   Has a disclosure statement been filed with the court?            Yes ⦿ No ⦿
l.   Are you current with quarterly U.S. Trustee fees as             Yes ⦿ No ⦿
     set forth under 28 U.S.C. § 1930?

| **Part 8: Individual Chapter 11 Debtors (Only)** |  |
|---|---|
| a. | Gross income (receipts) from salary and wages | $0 |
| b. | Gross income (receipts) from self-employment | $0 |
| c. | Gross income from all other sources | $0 |
| d. | Total income in the reporting period (a+b+c) | $0 |
| e. | Payroll deductions | $0 |
| f. | Self-employment related expenses | $0 |
| g. | Living expenses | $0 |
| h. | All other expenses | $0 |
| i. | Total expenses in the reporting period (e+f+g+h) | $0 |
| j. | Difference between total income and total expenses (d-i) | $0 |
| k. | List the total amount of all postpetition debts that are past due | $0 |

l.   Are you required to pay any Domestic Support Obligations as defined by 11   Yes ⦿ No ⦿
     U.S.C § 101(14A)?
m.   If yes, have you made all Domestic Support Obligation payments?          Yes ⦿ No ⦿ N/A ⦿

### Privacy Act Statement

28 U.S.C. § 589b authorizes the collection of this information, and provision of this information is mandatory under 11 U.S.C. §§ 704, 1106, and 1107. The United States Trustee will use this information to calculate statutory fee assessments under 28 U.S.C. § 1930(a)(6). The United States Trustee will also use this information to evaluate a chapter 11 debtor's progress through the bankruptcy system, including the likelihood of a plan of reorganization being confirmed and whether the case is being prosecuted in good faith. This information may be disclosed to a bankruptcy trustee or examiner when the information is needed to perform the trustee's or examiner's duties or to the appropriate federal, state, local, regulatory, tribal, or foreign law enforcement agency when the information indicates a violation or potential violation of law. Other disclosures may be made for routine purposes. For a discussion of the types of routine disclosures that may be made, you may consult the Executive Office for United States Trustee's systems of records notice, UST-001, "Bankruptcy Case Files and Associated Records." See 71 Fed. Reg. 59,818 et seq. (Oct. 11, 2006). A copy of the notice may be obtained at the following link: http://www.justice.gov/ust/eo/rules_regulations/index.htm. Failure to provide this information could result in the dismissal or conversion of your bankruptcy case or other action by the United States Trustee. 11 U.S.C. § 1112(b)(4)(F).

**I declare under penalty of perjury that the foregoing Monthly Operating Report and its supporting documentation are true and correct and that I have been authorized to sign this report on behalf of the estate.**

Jon Lowne                                                PAUL LAND INC.
_____                                 _____
Signature of Responsible Party                          Printed Name of Responsible Party

Chief Financial Officer                                  8/5/2021
_____                                 _____
Title                                                    Date

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

UST Form 11-MOR (06/07/2021)

# UNITED STATES BANKRUPTCY COURT

<u>SOUTHERN</u>   DISTRICT OF   <u>NEW YORK</u>

<u>DIVISION</u>

In Re. QUIDNICK LAND L.P.
§
§
§
§

Case No.  <u>19-23665</u>

Lead Case No.  <u>19-23649</u>

_____  Debtor(s)

☒ Jointly Administered

# Monthly Operating Report

Chapter 11

Reporting Period Ended: <u>06/30/2021</u>          Petition Date: <u>09/15/2019</u>

Months Pending: <u>22</u>          Industry Classification: | 3 | 2 | 5 | 4 |

Reporting Method:          Accrual Basis ◯          Cash Basis ◉

Debtor's Full-Time Employees (current):          <u>0</u>

Debtor's Full-Time Employees (as of date of order for relief):          <u>0</u>

**Supporting  Documentation** (check all that are attached):

(For jointly administered debtors, any required schedules must be provided on a non-consolidated basis for each debtor)

☒   Statement of cash receipts and disbursements
☐   Balance sheet containing the summary and detail of the assets, liabilities and equity (net worth) or deficit
☐   Statement of operations (profit or loss statement)
☐   Accounts receivable aging
☐   Postpetition liabilities aging
☐   Statement of capital assets
☐   Schedule of payments to professionals
☐   Schedule of payments to insiders
☐   All bank statements and bank reconciliations for the reporting period
☐   Description of the assets sold or transferred and the terms of the sale or transfer

Eli J. Vonnegut
_____
Signature of Responsible Party

8/5/2021
_____
Date

Eli J. Vonnegut
_____
Printed Name of Responsible Party

450 Lexington Avenue, New York, NY 10017
_____
Address

STATEMENT: This Periodic Report is associated with an open bankruptcy case; therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

UST Form 11-MOR (06/07/2021)

Debtor's Name  QUIDNICK LAND L.P.                                    Case No.  19-23665

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

| Part 1: Cash Receipts and Disbursements | Current Month | Cumulative |
|---|---|---|
| a.  Cash balance beginning of month | $0 | |
| b.  Total receipts (net of transfers between accounts) | $0 | $0 |
| c.  Total disbursements (net of transfers between accounts) | $0 | $0 |
| d.  Cash balance end of month (a+b+c) | $0 | |
| e.  Disbursements made by third party for the benefit of the estate | $0 | $0 |
| f.  Total disbursements for quarterly fee calculation (c+e) | $0 | $0 |

| Part 2:  Asset and Liability Status (Not generally applicable to Individual Debtors. See Instructions.) | Current Month | |
|---|---|---|
| a.  Accounts receivable (total net of allowance) | $0 | |
| b.  Accounts receivable over 90 days outstanding (net of allowance) | $0 | |
| c.  Inventory     (Book ● Market ○ Other ○  (attach explanation)) | $0 | |
| d  Total current assets | $0 | |
| e.  Total assets | $0 | |
| f.  Postpetition payables (excluding taxes) | $0 | |
| g.  Postpetition payables past due (excluding taxes) | $0 | |
| h.  Postpetition taxes payable | $0 | |
| i.  Postpetition taxes past due | $0 | |
| j.  Total postpetition debt (f+h) | $0 | |
| k.  Prepetition secured debt | $0 | |
| l.  Prepetition priority debt | $0 | |
| m.  Prepetition unsecured debt | $0 | |
| n.  Total liabilities (debt) (j+k+l+m) | $0 | |
| o.  Ending equity/net worth (e-n) | $0 | |

| Part 3:  Assets Sold or Transferred | Current Month | Cumulative |
|---|---|---|
| a.  Total cash sales price for assets sold/transferred outside the ordinary course of business | $0 | $0 |
| b.  Total payments to third parties incident to assets being sold/transferred outside the ordinary course of business | $0 | $0 |
| c.  Net cash proceeds from assets sold/transferred outside the ordinary course of business (a-b) | $0 | $0 |

| Part 4:  Income Statement (Statement of Operations) (Not generally applicable to Individual Debtors. See Instructions.) | Current Month | Cumulative |
|---|---|---|
| a.  Gross income/sales (net of returns and allowances) | $0 | |
| b.  Cost of goods sold (inclusive of depreciation, if applicable) | $0 | |
| c.  Gross profit (a-b) | $0 | |
| d.  Selling expenses | $0 | |
| e.  General and administrative expenses | $0 | |
| f.  Other expenses | $0 | |
| g.  Depreciation and/or amortization (not included in 4b) | $0 | |
| h.  Interest | $0 | |
| i.  Taxes (local, state, and federal) | $0 | |
| j.  Reorganization items | $0 | |
| k.  Profit (loss) | :$0 | $0 |

UST Form 11-MOR (06/07/2021)

Debtor's Name  QUIDNICK LAND L.P.

Case No.  19-23665

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

## Part 5:  Professional Fees and Expenses

| | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|
| a. | Debtor's professional fees & expenses (bankruptcy)  *Aggregate Total* | $0 | $0 | $0 | $0 |
| | *Itemized Breakdown by Firm* | | | | |
| | Firm Name / Role | | | | |
| i | | $0 | $0 | $0 | $0 |
| ii | | $0 | $0 | $0 | $0 |

| | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|
| b. | Debtor's professional fees & expenses (nonbankruptcy)  *Aggregate Total* | $0 | $0 | $0 | $0 |
| | *Itemized Breakdown by Firm* | | | | |
| | Firm Name / Role | | | | |
| i | | $0 | $0 | $0 | $0 |
| ii | | $0 | $0 | $0 | $0 |
| c. | All professional fees and expenses (debtor & committees) | $0 | $0 | $0 | $0 |

## Part 6:  Postpetition Taxes

| | | Current Month | Cumulative |
|---|---|---|---|
| a. | Postpetition income taxes accrued (local, state, and federal) | $0 | $0 |
| b. | Postpetition income taxes paid (local, state, and federal) | $0 | $0 |
| c. | Postpetition employer payroll taxes accrued | $0 | $0 |
| d. | Postpetition employer payroll taxes paid | $0 | $0 |
| e. | Postpetition property taxes paid | $0 | $0 |
| f. | Postpetition other taxes accrued (local, state, and federal) | $0 | $0 |
| g. | Postpetition other taxes paid (local, state, and federal) | $0 | $0 |

## Part 7: Questionnaire - During this reporting period:

a. Were any payments made on prepetition debt?  (if yes, see Instructions)    Yes ○  No ●

b. Were any payments made outside the ordinary course of business without court approval?  (if yes, see Instructions)    Yes ○  No ●

c. Were any payments made to or on behalf of insiders?    Yes ○  No ●

d. Are you current on postpetition tax return filings?    Yes ○  No ●

e. Are you current on postpetition estimated tax payments?    Yes ○  No ●

f. Were all trust fund taxes remitted on a current basis?    Yes ○  No ●

g. Was there any postpetition borrowing, other than trade credit? (if yes, see Instructions)    Yes ○  No ●

h. Were all payments made to or on behalf of professionals approved by the court?    Yes ○  No ○  N/A ●

i. Do you have:    Worker's compensation insurance?    Yes ○  No ●

   If yes, are your premiums current?    Yes ○  No ○  N/A ●  (if no, see Instructions)

   Casualty/property insurance?    Yes ○  No ●

   If yes, are your premiums current?    Yes ○  No ○  N/A ●  (if no, see Instructions)

   General liability insurance?    Yes ○  No ●

   If yes, are your premiums current?    Yes ○  No ○  N/A ●  (if no, see Instructions)

j. Has a plan of reorganization been filed with the court?    Yes ○  No ●

UST Form 11-MOR (06/07/2021)

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

Debtor's Name  QUIDNICK LAND L.P.                                    Case No.  19-23665

| | | | |
|---|---|---|---|
| k. | Has a disclosure statement been filed with the court? | Yes ○  No ● | |
| l. | Are you current with quarterly U.S. Trustee fees as set forth under 28 U.S.C. § 1930? | Yes ○  No ● | |

## Part 8: Individual Chapter 11 Debtors (Only)

| | | |
|---|---|---|
| a. | Gross income (receipts) from salary and wages | $0 |
| b. | Gross income (receipts) from self-employment | $0 |
| c. | Gross income from all other sources | $0 |
| d. | Total income in the reporting period (a+b+c) | $0 |
| e. | Payroll deductions | $0 |
| f. | Self-employment related expenses | $0 |
| g. | Living expenses | $0 |
| h. | All other expenses | $0 |
| i. | Total expenses in the reporting period (e+f+g+h) | $0 |
| j. | Difference between total income and total expenses (d-i) | $0 |
| k. | List the total amount of all postpetition debts that are past due | $0 |
| l. | Are you required to pay any Domestic Support Obligations as defined by 11 U.S.C § 101(14A)? | Yes ○  No ● |
| m. | If yes, have you made all Domestic Support Obligation payments? | Yes ○  No ○  N/A ● |

### Privacy Act Statement

28 U.S.C. § 589b authorizes the collection of this information, and provision of this information is mandatory under 11 U.S.C. §§ 704, 1106, and 1107. The United States Trustee will use this information to calculate statutory fee assessments under 28 U.S.C. § 1930(a)(6). The United States Trustee will also use this information to evaluate a chapter 11 debtor's progress through the bankruptcy system, including the likelihood of a plan of reorganization being confirmed and whether the case is being prosecuted in good faith. This information may be disclosed to a bankruptcy trustee or examiner when the information is needed to perform the trustee's or examiner's duties or to the appropriate federal, state, local, regulatory, tribal, or foreign law enforcement agency when the information indicates a violation or potential violation of law. Other disclosures may be made for routine purposes. For a discussion of the types of routine disclosures that may be made, you may consult the Executive Office for United States Trustee's systems of records notice, UST-001, "Bankruptcy Case Files and Associated Records." See 71 Fed. Reg. 59,818 et seq. (Oct. 11, 2006). A copy of the notice may be obtained at the following link: http://www.justice.gov/ust/eo/rules_regulations/index.htm. Failure to provide this information could result in the dismissal or conversion of your bankruptcy case or other action by the United States Trustee. 11 U.S.C. § 1112(b)(4)(F).

**I declare under penalty of perjury that the foregoing Monthly Operating Report and its supporting documentation are true and correct and that I have been authorized to sign this report on behalf of the estate.**

Jon Lowne                                              QUIDNICK LAND L.P.
_____          _____
Signature of Responsible Party                          Printed Name of Responsible Party

Chief Financial Officer                                  8/5/2021
_____          _____
Title                                                  Date

UST Form 11-MOR (06/07/2021)

# UNITED STATES BANKRUPTCY COURT

SOUTHERN   DISTRICT OF   NEW YORK

DIVISION

In Re. RHODES ASSOCIATES L.P.    §
                                 §    Case No.  19-23666
_____  §
               Debtor(s)         §    Lead Case No.  19-23649
                                 §
                                      ☒ Jointly Administered

# Monthly Operating Report                              Chapter 11

Reporting Period Ended: 06/30/2021          Petition Date: 09/15/2019

Months Pending: 22                          Industry Classification: | 3 | 2 | 5 | 4 |

Reporting Method:          Accrual Basis ○        Cash Basis ◉

Debtor's Full-Time Employees (current):                    0

Debtor's Full-Time Employees (as of date of order for relief):    0


**Supporting  Documentation** (check all that are attached):

(For jointly administered debtors, any required schedules must be provided on a non-consolidated basis for each debtor)

☒   Statement of cash receipts and disbursements
☐   Balance sheet containing the summary and detail of the assets, liabilities and equity (net worth) or deficit
☐   Statement of operations (profit or loss statement)
☐   Accounts receivable aging
☐   Postpetition liabilities aging
☐   Statement of capital assets
☐   Schedule of payments to professionals
☐   Schedule of payments to insiders
☐   All bank statements and bank reconciliations for the reporting period
☐   Description of the assets sold or transferred and the terms of the sale or transfer


Eli J. Vonnegut                              Eli J. Vonnegut
_____              _____
Signature of Responsible Party               Printed Name of Responsible Party

8/5/2021
_____
Date
                                             450 Lexington Avenue, New York, NY 10017
                                             _____
                                             Address


STATEMENT: This Periodic Report is associated with an open bankruptcy case; therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

UST Form 11-MOR (06/07/2021)

Debtor's Name  RHODES ASSOCIATES L.P.                                    Case No.  19-23666

> Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

## Part 1: Cash Receipts and Disbursements

|  |  | Current Month | Cumulative |
|---|---|---|---|
| a. | Cash balance beginning of month | $0 | |
| b. | Total receipts (net of transfers between accounts) | $0 | $0 |
| c. | Total disbursements (net of transfers between accounts) | $0 | $0 |
| d. | Cash balance end of month (a+b-c) | $0 | |
| e. | Disbursements made by third party for the benefit of the estate | $0 | $0 |
| f. | Total disbursements for quarterly fee calculation (c+e) | $0 | $0 |

## Part 2: Asset and Liability Status
(Not generally applicable to Individual Debtors. See Instructions.)

|  |  | Current Month |
|---|---|---|
| a. | Accounts receivable (total net of allowance) | $0 |
| b. | Accounts receivable over 90 days outstanding (net of allowance) | $0 |
| c. | Inventory     (Book ● Market ○ Other ○  (attach explanation)) | $0 |
| d | Total current assets | $0 |
| e. | Total assets | $0 |
| f. | Postpetition payables (excluding taxes) | $0 |
| g. | Postpetition payables past due (excluding taxes) | $0 |
| h. | Postpetition taxes payable | $0 |
| i. | Postpetition taxes past due | $0 |
| j. | Total postpetition debt (f+h) | $0 |
| k. | Prepetition secured debt | $0 |
| l. | Prepetition priority debt | $0 |
| m. | Prepetition unsecured debt | $0 |
| n. | Total liabilities (debt) (j+k+l+m) | $0 |
| o. | Ending equity/net worth (e-n) | $0 |

## Part 3: Assets Sold or Transferred

|  |  | Current Month | Cumulative |
|---|---|---|---|
| a. | Total cash sales price for assets sold/transferred outside the ordinary course of business | $0 | $0 |
| b. | Total payments to third parties incident to assets being sold/transferred outside the ordinary course of business | $0 | $0 |
| c. | Net cash proceeds from assets sold/transferred outside the ordinary course of business (a-b) | $0 | $0 |

## Part 4: Income Statement (Statement of Operations)
(Not generally applicable to Individual Debtors. See Instructions.)

|  |  | Current Month | Cumulative |
|---|---|---|---|
| a. | Gross income/sales (net of returns and allowances) | $0 | |
| b. | Cost of goods sold (inclusive of depreciation, if applicable) | $0 | |
| c. | Gross profit (a-b) | $0 | |
| d. | Selling expenses | $0 | |
| e. | General and administrative expenses | $0 | |
| f. | Other expenses | $0 | |
| g. | Depreciation and/or amortization (not included in 4b) | $0 | |
| h. | Interest | $0 | |
| i. | Taxes (local, state, and federal) | $0 | |
| j. | Reorganization items | $0 | |
| k. | Profit (loss) | $0 | $0 |

UST Form 11-MOR (06/07/2021)

Debtor's Name RHODES ASSOCIATES L.P.                                    Case No. 19-23666

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

## Part 5: Professional Fees and Expenses

|  |  | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|
| a. | Debtor's professional fees & expenses (bankruptcy) *Aggregate Total* | $0 | $0 | $0 | $0 |
|  | *Itemized Breakdown by Firm* |  |  |  |  |
|  | Firm Name / Role |  |  |  |  |
| i |  | $0 | $0 | $0 | $0 |
| ii |  | $0 | $0 | $0 | $0 |

|  |  | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|
| b. | Debtor's professional fees & expenses (nonbankruptcy) *Aggregate Total* | $0 | $0 | $0 | $0 |
|  | *Itemized Breakdown by Firm* |  |  |  |  |
|  | Firm Name / Role |  |  |  |  |
| i |  | $0 | $0 | $0 | $0 |
| ii |  | $0 | $0 | $0 | $0 |
| c. | All professional fees and expenses (debtor & committees) | $0 | $0 | $0 | $0 |

## Part 6: Postpetition Taxes

|  |  | Current Month | Cumulative |
|---|---|---|---|
| a. | Postpetition income taxes accrued (local, state, and federal) | $0 | $0 |
| b. | Postpetition income taxes paid (local, state, and federal) | $0 | $0 |
| c. | Postpetition employer payroll taxes accrued | $0 | $0 |
| d. | Postpetition employer payroll taxes paid | $0 | $0 |
| e. | Postpetition property taxes paid | $0 | $0 |
| f. | Postpetition other taxes accrued (local, state, and federal) | $0 | $0 |
| g. | Postpetition other taxes paid (local, state, and federal) | $0 | $0 |

## Part 7: Questionnaire - During this reporting period:

a. Were any payments made on prepetition debt? (if yes, see Instructions) — Yes ☐  No ☑

b. Were any payments made outside the ordinary course of business without court approval? (if yes, see Instructions) — Yes ☐  No ☑

c. Were any payments made to or on behalf of insiders? — Yes ☐  No ☑

d. Are you current on postpetition tax return filings? — Yes ☐  No ☑

e. Are you current on postpetition estimated tax payments? — Yes ☐  No ☑

f. Were all trust fund taxes remitted on a current basis? — Yes ☐  No ☑

g. Was there any postpetition borrowing, other than trade credit? (if yes, see Instructions) — Yes ☐  No ☑

h. Were all payments made to or on behalf of professionals approved by the court? — Yes ☐  No ☐  N/A ☑

i. Do you have: Worker's compensation insurance? — Yes ☐  No ☑

    If yes, are your premiums current? — Yes ☐  No ☐  N/A ☑  (if no, see Instructions)

    Casualty/property insurance? — Yes ☐  No ☑

    If yes, are your premiums current? — Yes ☐  No ☐  N/A ☑  (if no, see Instructions)

    General liability insurance? — Yes ☐  No ☑

    If yes, are your premiums current? — Yes ☐  No ☐  N/A ☑  (if no, see Instructions)

j. Has a plan of reorganization been filed with the court? — Yes ☐  No ☑

UST Form 11-MOR (06/07/2021)

Debtor's Name RHODES ASSOCIATES L.P.                                    Case No. 19-23666

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

| | | | |
|---|---|---|---|
| k. | Has a disclosure statement been filed with the court? | Yes ◯  No ⬤ | |
| l. | Are you current with quarterly U.S. Trustee fees as set forth under 28 U.S.C. § 1930? | Yes ◯  No ⬤ | |

## Part 8: Individual Chapter 11 Debtors (Only)

| | | |
|---|---|---|
| a. | Gross income (receipts) from salary and wages | $0 |
| b. | Gross income (receipts) from self-employment | $0 |
| c. | Gross income from all other sources | $0 |
| d. | Total income in the reporting period (a+b+c) | $0 |
| e. | Payroll deductions | $0 |
| f. | Self-employment related expenses | $0 |
| g. | Living expenses | $0 |
| h. | All other expenses | $0 |
| i. | Total expenses in the reporting period (e+f+g+h) | $0 |
| j. | Difference between total income and total expenses (d-i) | $0 |
| k. | List the total amount of all postpetition debts that are past due | $0 |
| l. | Are you required to pay any Domestic Support Obligations as defined by 11 U.S.C § 101(14A)? | Yes ◯  No ⬤ |
| m. | If yes, have you made all Domestic Support Obligation payments? | Yes ◯  No ◯  N/A ⬤ |

### Privacy Act Statement

28 U.S.C. § 589b authorizes the collection of this information, and provision of this information is mandatory under 11 U.S.C. §§ 704, 1106, and 1107. The United States Trustee will use this information to calculate statutory fee assessments under 28 U.S.C. § 1930(a)(6). The United States Trustee will also use this information to evaluate a chapter 11 debtor's progress through the bankruptcy system, including the likelihood of a plan of reorganization being confirmed and whether the case is being prosecuted in good faith. This information may be disclosed to a bankruptcy trustee or examiner when the information is needed to perform the trustee's or examiner's duties or to the appropriate federal, state, local, regulatory, tribal, or foreign law enforcement agency when the information indicates a violation or potential violation of law. Other disclosures may be made for routine purposes. For a discussion of the types of routine disclosures that may be made, you may consult the Executive Office for United States Trustee's systems of records notice, UST-001, "Bankruptcy Case Files and Associated Records." See 71 Fed. Reg. 59,818 et seq. (Oct. 11, 2006). A copy of the notice may be obtained at the following link: http://www.justice.gov/ust/eo/rules_regulations/index.htm. Failure to provide this information could result in the dismissal or conversion of your bankruptcy case or other action by the United States Trustee. 11 U.S.C. § 1112(b)(4)(F).

**I declare under penalty of perjury that the foregoing Monthly Operating Report and its supporting documentation are true and correct and that I have been authorized to sign this report on behalf of the estate.**

Jon Lowne                                              RHODES ASSOCIATES L.P.
_____                                _____
Signature of Responsible Party                         Printed Name of Responsible Party

Chief Financial Officer                                8/5/2021
_____                                _____
Title                                                  Date

## UNITED STATES BANKRUPTCY COURT

SOUTHERN   DISTRICT OF   NEW YORK

DIVISION

| | | |
|---|---|---|
| In Re. RHODES PHARMACEUTICALS L.P. | § | Case No.  19-23667 |
| | § | |
| | § | Lead Case No.  19-23649 |
| Debtor(s) | § | |
| | | ☒ Jointly Administered |

# Monthly Operating Report

Chapter 11

Reporting Period Ended: 06/30/2021                     Petition Date: 09/15/2019

Months Pending: 22                     Industry Classification: 3 2 5 4

Reporting Method:              Accrual Basis ○              Cash Basis ◉

Debtor's Full-Time Employees (current):                     61

Debtor's Full-Time Employees (as of date of order for relief):     70

**Supporting  Documentation**  (check all that are attached):

(For jointly administered debtors, any required schedules must be provided on a non-consolidated basis for each debtor)

☒ Statement of cash receipts and disbursements
☐ Balance sheet containing the summary and detail of the assets, liabilities and equity (net worth) or deficit
☐ Statement of operations (profit or loss statement)
☐ Accounts receivable aging
☐ Postpetition liabilities aging
☐ Statement of capital assets
☐ Schedule of payments to professionals
☐ Schedule of payments to insiders
☐ All bank statements and bank reconciliations for the reporting period
☐ Description of the assets sold or transferred and the terms of the sale or transfer

Eli J. Vonnegut                              Eli J. Vonnegut
Signature of Responsible Party               Printed Name of Responsible Party

8/5/2021
Date

                                             450 Lexington Avenue, New York, NY 10017
                                             Address

STATEMENT: This Periodic Report is associated with an open bankruptcy case; therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

UST Form 11-MOR (06/07/2021)

Debtor's Name RHODES
PHARMACEUTICALS L.P.

Case No. 19-23667

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

| Part 1: Cash Receipts and Disbursements | Current Month | Cumulative |
|---|---|---|
| a. Cash balance beginning of month | $0 | |
| b. Total receipts (net of transfers between accounts) | $14,562,314 | $0 |
| c. Total disbursements (net of transfers between accounts) | $15,912,353 | $0 |
| d. Cash balance end of month (a+b+c) | $-1,350,039 | |
| e. Disbursements made by third party for the benefit of the estate | $0 | $0 |
| f. Total disbursements for quarterly fee calculation (c+e) | $15,912,353 | $0 |

| Part 2: Asset and Liability Status (Not generally applicable to Individual Debtors. See Instructions.) | Current Month |
|---|---|
| a. Accounts receivable (total net of allowance) | $0 |
| b. Accounts receivable over 90 days outstanding (net of allowance) | $0 |
| c. Inventory (Book ⦿ Market ◯ Other ◯ (attach explanation)) | $0 |
| d Total current assets | $0 |
| e. Total assets | $0 |
| f. Postpetition payables (excluding taxes) | $0 |
| g. Postpetition payables past due (excluding taxes) | $0 |
| h. Postpetition taxes payable | $0 |
| i. Postpetition taxes past due | $0 |
| j. Total postpetition debt (f+h) | $0 |
| k. Prepetition secured debt | $0 |
| l. Prepetition priority debt | $0 |
| m. Prepetition unsecured debt | $0 |
| n. Total liabilities (debt) (j+k+l+m) | $0 |
| o. Ending equity/net worth (e-n) | $0 |

| Part 3: Assets Sold or Transferred | Current Month | Cumulative |
|---|---|---|
| a. Total cash sales price for assets sold/transferred outside the ordinary course of business | $0 | $0 |
| b. Total payments to third parties incident to assets being sold/transferred outside the ordinary course of business | $0 | $0 |
| c. Net cash proceeds from assets sold/transferred outside the ordinary course of business (a-b) | $0 | $0 |

| Part 4: Income Statement (Statement of Operations) (Not generally applicable to Individual Debtors. See Instructions.) | Current Month | Cumulative |
|---|---|---|
| a. Gross income/sales (net of returns and allowances) | $0 | |
| b. Cost of goods sold (inclusive of depreciation, if applicable) | $0 | |
| c. Gross profit (a-b) | $0 | |
| d. Selling expenses | $0 | |
| e. General and administrative expenses | $0 | |
| f. Other expenses | $0 | |
| g. Depreciation and/or amortization (not included in 4b) | $0 | |
| h. Interest | $0 | |
| i. Taxes (local, state, and federal) | $0 | |
| j. Reorganization items | $0 | |
| k. Profit (loss) | $0 | $0 |

UST Form 11-MOR (06/07/2021)

Debtor's Name RHODES
PHARMACEUTICALS L.P.                                          Case No. 19-23667

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

## Part 5: Professional Fees and Expenses

| | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|
| a. | Debtor's professional fees & expenses (bankruptcy)  *Aggregate Total* | $0 | $0 | $0 | $0 |
| | *Itemized Breakdown by Firm* | | | | |
| | Firm Name | Role | | | |
| i | | | $0 | $0 | $0 | $0 |
| ii | | | $0 | $0 | $0 | $0 |

| | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|
| b. | Debtor's professional fees & expenses (nonbankruptcy)  *Aggregate Total* | $0 | $0 | $0 | $0 |
| | *Itemized Breakdown by Firm* | | | | |
| | Firm Name | Role | | | |
| i | | | $0 | $0 | $0 | $0 |
| ii | | | $0 | $0 | $0 | $0 |
| c. | All professional fees and expenses (debtor & committees) | $0 | $0 | $0 | $0 |

## Part 6: Postpetition Taxes

| | | Current Month | Cumulative |
|---|---|---|---|
| a. | Postpetition income taxes accrued (local, state, and federal) | $0 | $0 |
| b. | Postpetition income taxes paid (local, state, and federal) | $0 | $0 |
| c. | Postpetition employer payroll taxes accrued | $0 | $0 |
| d. | Postpetition employer payroll taxes paid | $0 | $0 |
| e. | Postpetition property taxes paid | $0 | $0 |
| f. | Postpetition other taxes accrued (local, state, and federal) | $0 | $0 |
| g. | Postpetition other taxes paid (local, state, and federal) | $0 | $0 |

## Part 7: Questionnaire - During this reporting period:

a. Were any payments made on prepetition debt?  (if yes, see Instructions)   Yes ⦾ No ⦿

b. Were any payments made outside the ordinary course of business without court approval?  (if yes, see Instructions)   Yes ⦾ No ⦿

c. Were any payments made to or on behalf of insiders?   Yes ⦾ No ⦿

d. Are you current on postpetition tax return filings?   Yes ⦾ No ⦿

e. Are you current on postpetition estimated tax payments?   Yes ⦾ No ⦿

f. Were all trust fund taxes remitted on a current basis?   Yes ⦾ No ⦿

g. Was there any postpetition borrowing, other than trade credit? (if yes, see Instructions)   Yes ⦾ No ⦿

h. Were all payments made to or on behalf of professionals approved by the court?   Yes ⦾ No ⦾ N/A ⦿

i. Do you have:   Worker's compensation insurance?   Yes ⦾ No ⦿

   If yes, are your premiums current?   Yes ⦾ No ⦾ N/A ⦿  (if no, see Instructions)

   Casualty/property insurance?   Yes ⦾ No ⦿

   If yes, are your premiums current?   Yes ⦾ No ⦾ N/A ⦿  (if no, see Instructions)

   General liability insurance?   Yes ⦾ No ⦿

   If yes, are your premiums current?   Yes ⦾ No ⦾ N/A ⦿  (if no, see Instructions)

j. Has a plan of reorganization been filed with the court?   Yes ⦾ No ⦿

97

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Part 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

Debtor's Name  RHODES PHARMACEUTICALS L.P.                                     Case No.  19-23667

| | | | |
|---|---|---|---|
| k. | Has a disclosure statement been filed with the court? | Yes ○  No ⦿ | |
| l. | Are you current with quarterly U.S. Trustee fees as set forth under 28 U.S.C. § 1930? | Yes ○  No ⦿ | |

## Part 8: Individual Chapter 11 Debtors (Only)

| | | |
|---|---|---|
| a. | Gross income (receipts) from salary and wages | $0 |
| b. | Gross income (receipts) from self-employment | $0 |
| c. | Gross income from all other sources | $0 |
| d. | Total income in the reporting period (a+b+c) | $0 |
| e. | Payroll deductions | $0 |
| f. | Self-employment related expenses | $0 |
| g. | Living expenses | $0 |
| h. | All other expenses | $0 |
| i. | Total expenses in the reporting period (e+f+g+h) | $0 |
| j. | Difference between total income and total expenses (d-i) | $0 |
| k. | List the total amount of all postpetition debts that are past due | $0 |
| l. | Are you required to pay any Domestic Support Obligations as defined by 11 U.S.C § 101(14A)? | Yes ○  No ⦿ |
| m. | If yes, have you made all Domestic Support Obligation payments? | Yes ○  No ○  N/A ⦿ |

### Privacy Act Statement

28 U.S.C. § 589b authorizes the collection of this information, and provision of this information is mandatory under 11 U.S.C. §§ 704, 1106, and 1107. The United States Trustee will use this information to calculate statutory fee assessments under 28 U.S.C. § 1930(a)(6). The United States Trustee will also use this information to evaluate a chapter 11 debtor's progress through the bankruptcy system, including the likelihood of a plan of reorganization being confirmed and whether the case is being prosecuted in good faith. This information may be disclosed to a bankruptcy trustee or examiner when the information is needed to perform the trustee's or examiner's duties or to the appropriate federal, state, local, regulatory, tribal, or foreign law enforcement agency when the information indicates a violation or potential violation of law. Other disclosures may be made for routine purposes. For a discussion of the types of routine disclosures that may be made, you may consult the Executive Office for United States Trustee's systems of records notice, UST-001, "Bankruptcy Case Files and Associated Records." See 71 Fed. Reg. 59,818 et seq. (Oct. 11, 2006). A copy of the notice may be obtained at the following link: http://www.justice.gov/ust/eo/rules_regulations/index.htm. Failure to provide this information could result in the dismissal or conversion of your bankruptcy case or other action by the United States Trustee. 11 U.S.C. § 1112(b)(4)(F).

**I declare under penalty of perjury that the foregoing Monthly Operating Report and its supporting documentation are true and correct and that I have been authorized to sign this report on behalf of the estate.**

Jon Lowne                                                    RHODES PHARMACEUTICALS L.P.

Signature of Responsible Party                               Printed Name of Responsible Party

Chief Financial Officer                                      8/5/2021

Title                                                        Date

UST Form 11-MOR (06/07/2021)

# UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

DIVISION

| | | |
|---|---|---|
| In Re. RHODES TECHNOLOGIES | § | Case No. 19-23668 |
| | § | |
| | § | Lead Case No. 19-23649 |
| Debtor(s) | § | |
| | | ☒ Jointly Administered |

## Monthly Operating Report

Chapter 11

Reporting Period Ended: 06/30/2021          Petition Date: 09/15/2019

Months Pending: 22          Industry Classification: 3 2 5 4

Reporting Method:          Accrual Basis ◯          Cash Basis ◉

Debtor's Full-Time Employees (current): 0

Debtor's Full-Time Employees (as of date of order for relief): 140

### Supporting Documentation (check all that are attached):

(For jointly administered debtors, any required schedules must be provided on a non-consolidated basis for each debtor)

- ☒ Statement of cash receipts and disbursements
- ☐ Balance sheet containing the summary and detail of the assets, liabilities and equity (net worth) or deficit
- ☐ Statement of operations (profit or loss statement)
- ☐ Accounts receivable aging
- ☐ Postpetition liabilities aging
- ☐ Statement of capital assets
- ☐ Schedule of payments to professionals
- ☐ Schedule of payments to insiders
- ☐ All bank statements and bank reconciliations for the reporting period
- ☐ Description of the assets sold or transferred and the terms of the sale or transfer

Eli J. Vonnegut
_____
Signature of Responsible Party

8/5/2021
_____
Date

Eli J. Vonnegut
_____
Printed Name of Responsible Party

450 Lexington Avenue, New York, NY 10017
_____
Address

STATEMENT: This Periodic Report is associated with an open bankruptcy case; therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

UST Form 11-MOR (06/07/2021)

Debtor's Name RHODES TECHNOLOGIES

Case No. 19-23668

**Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.**

| Part 1: Cash Receipts and Disbursements | Current Month | Cumulative |
|---|---|---|
| a. Cash balance beginning of month | $0 | |
| b. Total receipts (net of transfers between accounts) | $79,576 | $0 |
| c. Total disbursements (net of transfers between accounts) | $595,306 | $0 |
| d. Cash balance end of month (a+b+c) | $-515,730 | |
| e. Disbursements made by third party for the benefit of the estate | $0 | $0 |
| f. Total disbursements for quarterly fee calculation (c+e) | $595,306 | $0 |

| Part 2: Asset and Liability Status (Not generally applicable to Individual Debtors. See Instructions.) | Current Month |
|---|---|
| a. Accounts receivable (total net of allowance) | $0 |
| b. Accounts receivable over 90 days outstanding (net of allowance) | $0 |
| c. Inventory   (Book ⦿   Market ○   Other ○   (attach explanation)) | $0 |
| d. Total current assets | $0 |
| e. Total assets | $0 |
| f. Postpetition payables (excluding taxes) | $0 |
| g. Postpetition payables past due (excluding taxes) | $0 |
| h. Postpetition taxes payable | $0 |
| i. Postpetition taxes past due | $0 |
| j. Total postpetition debt (f+h) | $0 |
| k. Prepetition secured debt | $0 |
| l. Prepetition priority debt | $0 |
| m. Prepetition unsecured debt | $0 |
| n. Total liabilities (debt) (j+k+l+m) | $0 |
| o. Ending equity/net worth (e-n) | $0 |

| Part 3: Assets Sold or Transferred | Current Month | Cumulative |
|---|---|---|
| a. Total cash sales price for assets sold/transferred outside the ordinary course of business | $0 | $0 |
| b. Total payments to third parties incident to assets being sold/transferred outside the ordinary course of business | $0 | $0 |
| c. Net cash proceeds from assets sold/transferred outside the ordinary course of business (a-b) | $0 | $0 |

| Part 4: Income Statement (Statement of Operations) (Not generally applicable to Individual Debtors. See Instructions.) | Current Month | Cumulative |
|---|---|---|
| a. Gross income/sales (net of returns and allowances) | $0 | |
| b. Cost of goods sold (inclusive of depreciation, if applicable) | $0 | |
| c. Gross profit (a-b) | $0 | |
| d. Selling expenses | $0 | |
| e. General and administrative expenses | $0 | |
| f. Other expenses | $0 | |
| g. Depreciation and/or amortization (not included in 4b) | $0 | |
| h. Interest | $0 | |
| i. Taxes (local, state, and federal) | $0 | |
| j. Reorganization items | $0 | |
| k. Profit (loss) | $0 | $0 |

UST Form 11-MOR (06/07/2021)

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

Debtor's Name RHODES TECHNOLOGIES                              Case No. 19-23668

## Part 5: Professional Fees and Expenses

|   |   |   | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|---|
| a. | Debtor's professional fees & expenses (bankruptcy) *Aggregate Total* | | $0 | $0 | $0 | $0 |
|   | *Itemized Breakdown by Firm* | | | | | |
|   | | Firm Name | Role | | | |
|   | i | | | $0 | $0 | $0 | $0 |
|   | ii | | | $0 | $0 | $0 | $0 |

|   |   |   | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|---|
| b. | Debtor's professional fees & expenses (nonbankruptcy) *Aggregate Total* | | $0 | $0 | $0 | $0 |
|   | *Itemized Breakdown by Firm* | | | | | |
|   | | Firm Name | Role | | | |
|   | i | | | $0 | $0 | $0 | $0 |
|   | ii | | | $0 | $0 | $0 | $0 |
| c. | All professional fees and expenses (debtor & committees) | | $0 | $0 | $0 | $0 |

## Part 6: Postpetition Taxes

|   |   | Current Month | Cumulative |
|---|---|---|---|
| a. | Postpetition income taxes accrued (local, state, and federal) | $0 | $0 |
| b. | Postpetition income taxes paid (local, state, and federal) | $0 | $0 |
| c. | Postpetition employer payroll taxes accrued | $0 | $0 |
| d. | Postpetition employer payroll taxes paid | $0 | $0 |
| e. | Postpetition property taxes paid | $0 | $0 |
| f. | Postpetition other taxes accrued (local, state, and federal) | $0 | $0 |
| g. | Postpetition other taxes paid (local, state, and federal) | $0 | $0 |

## Part 7: Questionnaire - During this reporting period:

a.  Were any payments made on prepetition debt?  (if yes, see Instructions)   Yes ○  No ◉

b.  Were any payments made outside the ordinary course of business without court approval?  (if yes, see Instructions)   Yes ○  No ◉

c.  Were any payments made to or on behalf of insiders?   Yes ○  No ◉

d.  Are you current on postpetition tax return filings?   Yes ○  No ◉

e.  Are you current on postpetition estimated tax payments?   Yes ○  No ◉

f.  Were all trust fund taxes remitted on a current basis?   Yes ○  No ◉

g.  Was there any postpetition borrowing, other than trade credit? (if yes, see Instructions)   Yes ○  No ◉

h.  Were all payments made to or on behalf of professionals approved by the court?   Yes ○  No ○  N/A ◉

i.  Do you have:    Worker's compensation insurance?   Yes ○  No ◉

            If yes, are your premiums current?   Yes ○  No ○  N/A ◉  (if no, see Instructions)

        Casualty/property insurance?   Yes ○  No ◉

            If yes, are your premiums current?   Yes ○  No ○  N/A ◉  (if no, see Instructions)

        General liability insurance?   Yes ○  No ◉

            If yes, are your premiums current?   Yes ○  No ○  N/A ◉  (if no, see Instructions)

j.  Has a plan of reorganization been filed with the court?   Yes ○  No ◉

UST Form 11-MOR (06/07/2021)

Debtor's Name RHODES TECHNOLOGIES                        Case No. 19-23668

<div style="color:red; border:1px solid red">
Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.
</div>

| | | | |
|---|---|---|---|
| k. | Has a disclosure statement been filed with the court? | Yes ○ No ● | |
| l. | Are you current with quarterly U.S. Trustee fees as set forth under 28 U.S.C. § 1930? | Yes ○ No ● | |

## Part 8: Individual Chapter 11 Debtors (Only)

| | | |
|---|---|---|
| a. | Gross income (receipts) from salary and wages | $0 |
| b. | Gross income (receipts) from self-employment | $0 |
| c. | Gross income from all other sources | $0 |
| d. | Total income in the reporting period (a+b+c) | $0 |
| e. | Payroll deductions | $0 |
| f. | Self-employment related expenses | $0 |
| g. | Living expenses | $0 |
| h. | All other expenses | $0 |
| i. | Total expenses in the reporting period (e+f+g+h) | $0 |
| j. | Difference between total income and total expenses (d-i) | $0 |
| k. | List the total amount of all postpetition debts that are past due | $0 |
| l. | Are you required to pay any Domestic Support Obligations as defined by 11 U.S.C § 101(14A)? | Yes ○ No ● |
| m. | If yes, have you made all Domestic Support Obligation payments? | Yes ○ No ○ N/A ● |

### Privacy Act Statement

28 U.S.C. § 589b authorizes the collection of this information, and provision of this information is mandatory under 11 U.S.C. §§ 704, 1106, and 1107. The United States Trustee will use this information to calculate statutory fee assessments under 28 U.S.C. § 1930(a)(6). The United States Trustee will also use this information to evaluate a chapter 11 debtor's progress through the bankruptcy system, including the likelihood of a plan of reorganization being confirmed and whether the case is being prosecuted in good faith. This information may be disclosed to a bankruptcy trustee or examiner when the information is needed to perform the trustee's or examiner's duties or to the appropriate federal, state, local, regulatory, tribal, or foreign law enforcement agency when the information indicates a violation or potential violation of law. Other disclosures may be made for routine purposes. For a discussion of the types of routine disclosures that may be made, you may consult the Executive Office for United States Trustee's systems of records notice, UST-001, "Bankruptcy Case Files and Associated Records." *See* 71 Fed. Reg. 59,818 et seq. (Oct. 11, 2006). A copy of the notice may be obtained at the following link: http://www.justice.gov/ust/eo/rules_regulations/index.htm. Failure to provide this information could result in the dismissal or conversion of your bankruptcy case or other action by the United States Trustee. 11 U.S.C. § 1112(b)(4)(F).

**I declare under penalty of perjury that the foregoing Monthly Operating Report and its supporting documentation are true and correct and that I have been authorized to sign this report on behalf of the estate.**

Jon Lowne                            RHODES TECHNOLOGIES

Signature of Responsible Party              Printed Name of Responsible Party

Chief Financial Officer                      8/5/2021

Title                                     Date

UST Form 11-MOR (06/07/2021)

# UNITED STATES BANKRUPTCY COURT

### SOUTHERN  DISTRICT OF  NEW YORK

### DIVISION

| | | |
|---|---|---|
| In Re. UDF LP | § | Case No.  19-23669 |
| | § | |
| | § | Lead Case No.  19-23649 |
| Debtor(s) | § | |
| | | ☒ Jointly Administered |

## Monthly Operating Report

Chapter 11

Reporting Period Ended: 06/30/2021      Petition Date: 09/15/2019

Months Pending: 22      Industry Classification: 3 2 5 4

Reporting Method:      Accrual Basis ○      Cash Basis ◉

Debtor's Full-Time Employees (current):      0

Debtor's Full-Time Employees (as of date of order for relief):      0

**Supporting  Documentation** (check all that are attached):

(For jointly administered debtors, any required schedules must be provided on a non-consolidated basis for each debtor)

☒   Statement of cash receipts and disbursements
☐   Balance sheet containing the summary and detail of the assets, liabilities and equity (net worth) or deficit
☐   Statement of operations (profit or loss statement)
☐   Accounts receivable aging
☐   Postpetition liabilities aging
☐   Statement of capital assets
☐   Schedule of payments to professionals
☐   Schedule of payments to insiders
☐   All bank statements and bank reconciliations for the reporting period
☐   Description of the assets sold or transferred and the terms of the sale or transfer

Eli J. Vonnegut            Eli J. Vonnegut
Signature of Responsible Party            Printed Name of Responsible Party

8/5/2021
Date

                     450 Lexington Avenue, New York, NY 10017
                     Address

STATEMENT: This Periodic Report is associated with an open bankruptcy case; therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

UST Form 11-MOR (06/07/2021)

| Debtor's Name  UDF LP | Case No.  19-23669 |
|---|---|

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

| Part 1: Cash Receipts and Disbursements | Current Month | Cumulative |
|---|---|---|
| a. Cash balance beginning of month | $0 | |
| b. Total receipts (net of transfers between accounts) | $0 | $0 |
| c. Total disbursements (net of transfers between accounts) | $0 | $0 |
| d. Cash balance end of month (a+b-c) | $0 | |
| e. Disbursements made by third party for the benefit of the estate | $0 | $0 |
| f. Total disbursements for quarterly fee calculation (c+e) | $0 | $0 |

| Part 2:  Asset and Liability Status<br>(Not generally applicable to Individual Debtors. See Instructions.) | Current Month | |
|---|---|---|
| a. Accounts receivable (total net of allowance) | $0 | |
| b. Accounts receivable over 90 days outstanding (net of allowance) | $0 | |
| c. Inventory    (Book ⦿  Market ○  Other ○   (attach explanation)) | $0 | |
| d Total current assets | $0 | |
| e. Total assets | $0 | |
| f. Postpetition payables (excluding taxes) | $0 | |
| g. Postpetition payables past due (excluding taxes) | $0 | |
| h. Postpetition taxes payable | $0 | |
| i. Postpetition taxes past due | $0 | |
| j. Total postpetition debt (f+h) | $0 | |
| k. Prepetition secured debt | $0 | |
| l. Prepetition priority debt | $0 | |
| m. Prepetition unsecured debt | $0 | |
| n. Total liabilities (debt) (j+k+l+m) | $0 | |
| o. Ending equity/net worth (e-n) | $0 | |

| Part 3:  Assets Sold or Transferred | Current Month | Cumulative |
|---|---|---|
| a. Total cash sales price for assets sold/transferred outside the ordinary course of business | $0 | $0 |
| b. Total payments to third parties incident to assets being sold/transferred outside the ordinary course of business | $0 | $0 |
| c. Net cash proceeds from assets sold/transferred outside the ordinary course of business (a-b) | $0 | $0 |

| Part 4:  Income Statement (Statement of Operations)<br>(Not generally applicable to Individual Debtors. See Instructions.) | Current Month | Cumulative |
|---|---|---|
| a. Gross income/sales (net of returns and allowances) | $0 | |
| b. Cost of goods sold (inclusive of depreciation, if applicable) | $0 | |
| c. Gross profit (a-b) | $0 | |
| d. Selling expenses | $0 | |
| e. General and administrative expenses | $0 | |
| f. Other expenses | $0 | |
| g. Depreciation and/or amortization (not included in 4b) | $0 | |
| h. Interest | $0 | |
| i. Taxes (local, state, and federal) | $0 | |
| j. Reorganization items | $0 | |
| k. Profit (loss) | $0 | $0 |

UST Form 11-MOR (06/07/2021)

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

Debtor's Name  UDF LP

Case No.  19-23669

## Part 5:  Professional Fees and Expenses

| | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|
| a. | Debtor's professional fees & expenses (bankruptcy)  *Aggregate Total* | $0 | $0 | $0 | $0 |
| | *Itemized Breakdown by Firm* | | | | |
| | **Firm Name** — **Role** | | | | |
| i | | $0 | $0 | $0 | $0 |
| ii | | $0 | $0 | $0 | $0 |

| | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|
| b. | Debtor's professional fees & expenses (nonbankruptcy)  *Aggregate Total* | $0 | $0 | $0 | $0 |
| | *Itemized Breakdown by Firm* | | | | |
| | **Firm Name** — **Role** | | | | |
| i | | $0 | $0 | $0 | $0 |
| ii | | $0 | $0 | $0 | $0 |
| c. | All professional fees and expenses (debtor & committees) | $0 | $0 | $0 | $0 |

## Part 6:  Postpetition Taxes

| | | Current Month | Cumulative |
|---|---|---|---|
| a. | Postpetition income taxes accrued (local, state, and federal) | $0 | $0 |
| b. | Postpetition income taxes paid (local, state, and federal) | $0 | $0 |
| c. | Postpetition employer payroll taxes accrued | $0 | $0 |
| d. | Postpetition employer payroll taxes paid | $0 | $0 |
| e. | Postpetition property taxes paid | $0 | $0 |
| f. | Postpetition other taxes accrued (local, state, and federal) | $0 | $0 |
| g. | Postpetition other taxes paid (local, state, and federal) | $0 | $0 |

## Part 7: Questionnaire - During this reporting period:

a. Were any payments made on prepetition debt?  (if yes, see Instructions)     Yes ○  No ◉

b. Were any payments made outside the ordinary course of business without court approval?  (if yes, see Instructions)     Yes ○  No ◉

c. Were any payments made to or on behalf of insiders?     Yes ○  No ◉

d. Are you current on postpetition tax return filings?     Yes ○  No ◉

e. Are you current on postpetition estimated tax payments?     Yes ○  No ◉

f. Were all trust fund taxes remitted on a current basis?     Yes ○  No ◉

g. Was there any postpetition borrowing, other than trade credit? (if yes, see Instructions)     Yes ○  No ◉

h. Were all payments made to or on behalf of professionals approved by the court?     Yes ○  No ○  N/A ◉

i. Do you have:     Worker's compensation insurance?     Yes ○  No ◉

   If yes, are your premiums current?     Yes ○  No ○  N/A ◉  (if no, see Instructions)

   Casualty/property insurance?     Yes ○  No ◉

   If yes, are your premiums current?     Yes ○  No ○  N/A ◉  (if no, see Instructions)

   General liability insurance?     Yes ○  No ◉

   If yes, are your premiums current?     Yes ○  No ○  N/A ◉  (if no, see Instructions)

j. Has a plan of reorganization been filed with the court?     Yes ○  No ◉

UST Form 11-MOR (06/07/2021)

Debtor's Name UDF LP                                              Case No. 19-23669

| | | | |
|---|---|---|---|
| k. | Has a disclosure statement been filed with the court? | Yes ○  No ● | |
| l. | Are you current with quarterly U.S. Trustee fees as set forth under 28 U.S.C. § 1930? | Yes ○  No ● | |

**Note:** The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

## Part 8: Individual Chapter 11 Debtors (Only)

| | | |
|---|---|---|
| a. | Gross income (receipts) from salary and wages | $0 |
| b. | Gross income (receipts) from self-employment | $0 |
| c. | Gross income from all other sources | $0 |
| d. | Total income in the reporting period (a+b+c) | $0 |
| e. | Payroll deductions | $0 |
| f. | Self-employment related expenses | $0 |
| g. | Living expenses | $0 |
| h. | All other expenses | $0 |
| i. | Total expenses in the reporting period (e+f+g+h) | $0 |
| j. | Difference between total income and total expenses (d-i) | $0 |
| k. | List the total amount of all postpetition debts that are past due | $0 |
| l. | Are you required to pay any Domestic Support Obligations as defined by 11 U.S.C § 101(14A)? | Yes ○  No ● |
| m. | If yes, have you made all Domestic Support Obligation payments? | Yes ○  No ○  N/A ● |

### Privacy Act Statement

28 U.S.C. § 589b authorizes the collection of this information, and provision of this information is mandatory under 11 U.S.C. §§ 704, 1106, and 1107. The United States Trustee will use this information to calculate statutory fee assessments under 28 U.S.C. § 1930(a)(6). The United States Trustee will also use this information to evaluate a chapter 11 debtor's progress through the bankruptcy system, including the likelihood of a plan of reorganization being confirmed and whether the case is being prosecuted in good faith. This information may be disclosed to a bankruptcy trustee or examiner when the information is needed to perform the trustee's or examiner's duties or to the appropriate federal, state, local, regulatory, tribal, or foreign law enforcement agency when the information indicates a violation or potential violation of law. Other disclosures may be made for routine purposes. For a discussion of the types of routine disclosures that may be made, you may consult the Executive Office for United States Trustee's systems of records notice, UST-001, "Bankruptcy Case Files and Associated Records." See 71 Fed. Reg. 59,818 et seq. (Oct. 11, 2006). A copy of the notice may be obtained at the following link: http://www.justice.gov/ust/eo/rules_regulations/index.htm. Failure to provide this information could result in the dismissal or conversion of your bankruptcy case or other action by the United States Trustee. 11 U.S.C. § 1112(b)(4)(F).

**I declare under penalty of perjury that the foregoing Monthly Operating Report and its supporting documentation are true and correct and that I have been authorized to sign this report on behalf of the estate.**

| | |
|---|---|
| Jon Lowne | UDF LP |
| Signature of Responsible Party | Printed Name of Responsible Party |
| Chief Financial Officer | 8/5/2021 |
| Title | Date |

UST Form 11-MOR (06/07/2021)

# UNITED STATES BANKRUPTCY COURT

SOUTHERN    DISTRICT OF    NEW YORK

DIVISION

| | | |
|---|---|---|
| In Re. SVC PHARMA LP | § | Case No.  19-23670 |
| | § | |
| | § | Lead Case No.  19-23649 |
| Debtor(s) | § | |
| | | ☒ Jointly Administered |

# Monthly Operating Report

Chapter 11

Reporting Period Ended: 06/30/2021          Petition Date: 09/15/2019

Months Pending: 22          Industry Classification: 3  2  5  4

Reporting Method:          Accrual Basis ◯          Cash Basis ⦿

Debtor's Full-Time Employees (current):          0

Debtor's Full-Time Employees (as of date of order for relief):          0

## Supporting  Documentation (check all that are attached):

(For jointly administered debtors, any required schedules must be provided on a non-consolidated basis for each debtor)

- ☒ Statement of cash receipts and disbursements
- ☐ Balance sheet containing the summary and detail of the assets, liabilities and equity (net worth) or deficit
- ☐ Statement of operations (profit or loss statement)
- ☐ Accounts receivable aging
- ☐ Postpetition liabilities aging
- ☐ Statement of capital assets
- ☐ Schedule of payments to professionals
- ☐ Schedule of payments to insiders
- ☐ All bank statements and bank reconciliations for the reporting period
- ☐ Description of the assets sold or transferred and the terms of the sale or transfer

Eli J. Vonnegut
Signature of Responsible Party

8/5/2021
Date

Eli J. Vonnegut
Printed Name of Responsible Party

450 Lexington Avenue, New York, NY 10017
Address

STATEMENT: This Periodic Report is associated with an open bankruptcy case; therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

UST Form 11-MOR (06/07/2021)

Debtor's Name  SVC PHARMA LP

Case No.  19-23670

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that are inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

| Part 1: Cash Receipts and Disbursements | Current Month | Cumulative |
|---|---|---|
| a. | Cash balance beginning of month | $0 | |
| b. | Total receipts (net of transfers between accounts) | $0 | $0 |
| c. | Total disbursements (net of transfers between accounts) | $0 | $0 |
| d. | Cash balance end of month (a+b+c) | $0 | |
| e. | Disbursements made by third party for the benefit of the estate | $0 | $0 |
| f. | Total disbursements for quarterly fee calculation (c+e) | $0 | $0 |

| Part 2:  Asset and Liability Status (Not generally applicable to Individual Debtors. See Instructions.) | Current Month |
|---|---|
| a. | Accounts receivable (total net of allowance) | $0 |
| b. | Accounts receivable over 90 days outstanding (net of allowance) | $0 |
| c. | Inventory    (Book ● Market ○ Other ○  (attach explanation)) | $0 |
| d | Total current assets | $0 |
| e. | Total assets | $0 |
| f. | Postpetition payables (excluding taxes) | $0 |
| g. | Postpetition payables past due (excluding taxes) | $0 |
| h. | Postpetition taxes payable | $0 |
| i. | Postpetition taxes past due | $0 |
| j. | Total postpetition debt (f+h) | $0 |
| k. | Prepetition secured debt | $0 |
| l. | Prepetition priority debt | $0 |
| m. | Prepetition unsecured debt | $0 |
| n. | Total liabilities (debt) (j+k+l+m) | $0 |
| o. | Ending equity/net worth (e-n) | $0 |

| Part 3:  Assets Sold or Transferred | Current Month | Cumulative |
|---|---|---|
| a. | Total cash sales price for assets sold/transferred outside the ordinary course of business | $0 | $0 |
| b. | Total payments to third parties incident to assets being sold/transferred outside the ordinary course of business | $0 | $0 |
| c. | Net cash proceeds from assets sold/transferred outside the ordinary course of business (a-b) | $0 | $0 |

| Part 4:  Income Statement (Statement of Operations) (Not generally applicable to Individual Debtors. See Instructions.) | Current Month | Cumulative |
|---|---|---|
| a. | Gross income/sales (net of returns and allowances) | $0 | |
| b. | Cost of goods sold (inclusive of depreciation, if applicable) | $0 | |
| c. | Gross profit (a-b) | $0 | |
| d. | Selling expenses | $0 | |
| e. | General and administrative expenses | $0 | |
| f. | Other expenses | $0 | |
| g. | Depreciation and/or amortization (not included in 4b) | $0 | |
| h. | Interest | $0 | |
| i. | Taxes (local, state, and federal) | $0 | |
| j. | Reorganization items | $0 | |
| k. | Profit (loss) | $0 | $0 |

UST Form 11-MOR (06/07/2021)

Debtor's Name  SVC PHARMA LP

Case No.  19-23670

Note: The cash balance in Part I.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts I.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

## Part 5: Professional Fees and Expenses

|  |  | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|
| a. | Debtor's professional fees & expenses (bankruptcy)  *Aggregate Total* | $0 | $0 | $0 | $0 |
|  | *Itemized Breakdown by Firm* |  |  |  |  |
|  | Firm Name | Role |  |  |  |
| i |  |  | $0 | $0 | $0 | $0 |
| ii |  |  | $0 | $0 | $0 | $0 |

|  |  | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|
| b. | Debtor's professional fees & expenses (nonbankruptcy)  *Aggregate Total* | $0 | $0 | $0 | $0 |
|  | *Itemized Breakdown by Firm* |  |  |  |  |
|  | Firm Name | Role |  |  |  |
| i |  |  | $0 | $0 | $0 | $0 |
| ii |  |  | $0 | $0 | $0 | $0 |
| c. | All professional fees and expenses (debtor & committees) | $0 | $0 | $0 | $0 |

## Part 6:  Postpetition Taxes

|  |  | Current Month | Cumulative |
|---|---|---|---|
| a. | Postpetition income taxes accrued (local, state, and federal) | $0 | $0 |
| b. | Postpetition income taxes paid (local, state, and federal) | $0 | $0 |
| c. | Postpetition employer payroll taxes accrued | $0 | $0 |
| d. | Postpetition employer payroll taxes paid | $0 | $0 |
| e. | Postpetition property taxes paid | $0 | $0 |
| f. | Postpetition other taxes accrued (local, state, and federal) | $0 | $0 |
| g. | Postpetition other taxes paid (local, state, and federal) | $0 | $0 |

## Part 7: Questionnaire - During this reporting period:

a.  Were any payments made on prepetition debt?  (if yes, see Instructions)      Yes ○  No ◉

b.  Were any payments made outside the ordinary course of business without court approval?  (if yes, see Instructions)      Yes ○  No ◉

c.  Were any payments made to or on behalf of insiders?      Yes ○  No ◉

d.  Are you current on postpetition tax return filings?      Yes ○  No ◉

e.  Are you current on postpetition estimated tax payments?      Yes ○  No ◉

f.  Were all trust fund taxes remitted on a current basis?      Yes ○  No ◉

g.  Was there any postpetition borrowing, other than trade credit? (if yes, see Instructions)      Yes ○  No ◉

h.  Were all payments made to or on behalf of professionals approved by the court?      Yes ○  No ○  N/A ◉

i.  Do you have:        Worker's compensation insurance?      Yes ○  No ◉

      If yes, are your premiums current?      Yes ○  No ○  N/A ◉  (if no, see Instructions)

      Casualty/property insurance?      Yes ○  No ◉

      If yes, are your premiums current?      Yes ○  No ○  N/A ◉  (if no, see Instructions)

      General liability insurance?      Yes ○  No ◉

      If yes, are your premiums current?      Yes ○  No ○  N/A ◉  (if no, see Instructions)

j.  Has a plan of reorganization been filed with the court?      Yes ○  No ◉

UST Form 11-MOR (06/07/2021)

<div style="border:1px solid red; color:red; font-size:small">
Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.
</div>

k.  Has a disclosure statement been filed with the court?                Yes ○   No ●

l.  Are you current with quarterly U.S. Trustee fees as                  Yes ○   No ●
    set forth under 28 U.S.C. § 1930?

## Part 8: Individual Chapter 11 Debtors (Only)

| | | |
|---|---|---|
| a. | Gross income (receipts) from salary and wages | $0 |
| b. | Gross income (receipts) from self-employment | $0 |
| c. | Gross income from all other sources | $0 |
| d. | Total income in the reporting period (a+b+c) | $0 |
| e. | Payroll deductions | $0 |
| f. | Self-employment related expenses | $0 |
| g. | Living expenses | $0 |
| h. | All other expenses | $0 |
| i. | Total expenses in the reporting period (e+f+g+h) | $0 |
| j. | Difference between total income and total expenses (d-i) | $0 |
| k. | List the total amount of all postpetition debts that are past due | $0 |

l.  Are you required to pay any Domestic Support Obligations as defined by 11   Yes ○   No ●
    U.S.C § 101(14A)?

m.  If yes, have you made all Domestic Support Obligation payments?       Yes ○   No ○   N/A ●

### Privacy Act Statement

28 U.S.C. § 589b authorizes the collection of this information, and provision of this information is mandatory under 11 U.S.C. §§ 704, 1106, and 1107. The United States Trustee will use this information to calculate statutory fee assessments under 28 U.S.C. § 1930(a)(6). The United States Trustee will also use this information to evaluate a chapter 11 debtor's progress through the bankruptcy system, including the likelihood of a plan of reorganization being confirmed and whether the case is being prosecuted in good faith. This information may be disclosed to a bankruptcy trustee or examiner when the information is needed to perform the trustee's or examiner's duties or to the appropriate federal, state, local, regulatory, tribal, or foreign law enforcement agency when the information indicates a violation or potential violation of law. Other disclosures may be made for routine purposes. For a discussion of the types of routine disclosures that may be made, you may consult the Executive Office for United States Trustee's systems of records notice, UST-001, "Bankruptcy Case Files and Associated Records." See 71 Fed. Reg. 59,818 et seq. (Oct. 11, 2006). A copy of the notice may be obtained at the following link: http://www.justice.gov/ust/eo/rules_regulations/index.htm. Failure to provide this information could result in the dismissal or conversion of your bankruptcy case or other action by the United States Trustee. 11 U.S.C. § 1112(b)(4)(F).

**<u>I declare under penalty of perjury that the foregoing Monthly Operating Report and its supporting documentation are true and correct and that I have been authorized to sign this report on behalf of the estate.</u>**

Jon Lowne                                              SVC PHARMA LP
_____              _____
Signature of Responsible Party                         Printed Name of Responsible Party

Chief Financial Officer                                8/5/2021
_____              _____
Title                                                  Date

# UNITED STATES BANKRUPTCY COURT

<u>SOUTHERN</u>  DISTRICT OF  <u>NEW YORK</u>

DIVISION

In Re. SVC PHARMA INC.    §      Case No. <u>19-23671</u>
    §
_____    §    Lead Case No. <u>19-23649</u>
    Debtor(s)    §
    §    ☒ Jointly Administered

## Monthly Operating Report                              Chapter 11

Reporting Period Ended: <u>06/30/2021</u>          Petition Date: <u>09/15/2019</u>

Months Pending: <u>22</u>                Industry Classification: | 3 | 2 | 5 | 4 |

Reporting Method:          Accrual Basis ○          Cash Basis ◉

Debtor's Full-Time Employees (current):          <u>0</u>

Debtor's Full-Time Employees (as of date of order for relief):          <u>0</u>

**Supporting  Documentation** (check all that are attached):

(For jointly administered debtors, any required schedules must be provided on a non-consolidated basis for each debtor)

☒      Statement of cash receipts and disbursements
☐      Balance sheet containing the summary and detail of the assets, liabilities and equity (net worth) or deficit
☐      Statement of operations (profit or loss statement)
☐      Accounts receivable aging
☐      Postpetition liabilities aging
☐      Statement of capital assets
☐      Schedule of payments to professionals
☐      Schedule of payments to insiders
☐      All bank statements and bank reconciliations for the reporting period
☐      Description of the assets sold or transferred and the terms of the sale or transfer

Eli J. Vonnegut                         Eli J. Vonnegut
_____                 _____
Signature of Responsible Party          Printed Name of Responsible Party

8/5/2021
_____
Date

                                        450 Lexington Avenue, New York, NY 10017
                                        _____
                                        Address

STATEMENT: This Periodic Report is associated with an open bankruptcy case; therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

UST Form 11-MOR (06/07/2021)

Debtor's Name  SVC PHARMA INC.                                                Case No.  19-23671

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

| Part 1: Cash Receipts and Disbursements | Current Month | Cumulative |
|---|---|---|
| a.  Cash balance beginning of month | $0 | |
| b.  Total receipts (net of transfers between accounts) | $0 | $0 |
| c.  Total disbursements (net of transfers between accounts) | $0 | $0 |
| d.  Cash balance end of month (a+b+c) | $0 | |
| e.  Disbursements made by third party for the benefit of the estate | $0 | $0 |
| f.  Total disbursements for quarterly fee calculation (c+e) | $0 | $0 |

| Part 2: Asset and Liability Status (Not generally applicable to Individual Debtors. See Instructions.) | Current Month | |
|---|---|---|
| a.  Accounts receivable (total net of allowance) | $0 | |
| b.  Accounts receivable over 90 days outstanding (net of allowance) | $0 | |
| c.  Inventory     (Book ⦿  Market ○  Other ○   (attach explanation)) | $0 | |
| d   Total current assets | $0 | |
| e.  Total assets | $0 | |
| f.  Postpetition payables (excluding taxes) | $0 | |
| g.  Postpetition payables past due (excluding taxes) | $0 | |
| h.  Postpetition taxes payable | $0 | |
| i.  Postpetition taxes past due | $0 | |
| j.  Total postpetition debt (f+h) | $0 | |
| k.  Prepetition secured debt | $0 | |
| l.  Prepetition priority debt | $0 | |
| m.  Prepetition unsecured debt | $0 | |
| n.  Total liabilities (debt) (j+k+l+m) | $0 | |
| o.  Ending equity/net worth (e-n) | $0 | |

| Part 3: Assets Sold or Transferred | Current Month | Cumulative |
|---|---|---|
| a.  Total cash sales price for assets sold/transferred outside the ordinary course of business | $0 | $0 |
| b.  Total payments to third parties incident to assets being sold/transferred outside the ordinary course of business | $0 | $0 |
| c.  Net cash proceeds from assets sold/transferred outside the ordinary course of business (a-b) | $0 | $0 |

| Part 4: Income Statement (Statement of Operations) (Not generally applicable to Individual Debtors. See Instructions.) | Current Month | Cumulative |
|---|---|---|
| a.  Gross income/sales (net of returns and allowances) | $0 | |
| b.  Cost of goods sold (inclusive of depreciation, if applicable) | $0 | |
| c.  Gross profit (a-b) | $0 | |
| d.  Selling expenses | $0 | |
| e.  General and administrative expenses | $0 | |
| f.  Other expenses | $0 | |
| g.  Depreciation and/or amortization (not included in 4b) | $0 | |
| h.  Interest | $0 | |
| i.  Taxes (local, state, and federal) | $0 | |
| j.  Reorganization items | $0 | |
| k.  Profit (loss) | $0 | $0 |

UST Form 11-MOR (06/07/2021)

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

Debtor's Name **SVC PHARMA INC.**    Case No. **19-23671**

## Part 5:  Professional Fees and Expenses

|   |   | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|---|
| a. | Debtor's professional fees & expenses (bankruptcy)  *Aggregate Total* | | $0 | $0 | $0 | $0 |
|   | *Itemized Breakdown by Firm* | | | | | |
|   | | Firm Name | Role | | | |
|   | i | | | $0 | $0 | $0 | $0 |
|   | ii | | | $0 | $0 | $0 | $0 |

|   |   | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|---|
| b. | Debtor's professional fees & expenses (nonbankruptcy)  *Aggregate Total* | | $0 | $0 | $0 | $0 |
|   | *Itemized Breakdown by Firm* | | | | | |
|   | | Firm Name | Role | | | |
|   | i | | | $0 | $0 | $0 | $0 |
|   | ii | | | $0 | $0 | $0 | $0 |
| c. | All professional fees and expenses (debtor & committees) | | $0 | $0 | $0 | $0 |

## Part 6:  Postpetition Taxes

|   |   | Current Month | Cumulative |
|---|---|---|---|
| a. | Postpetition income taxes accrued (local, state, and federal) | $0 | $0 |
| b. | Postpetition income taxes paid (local, state, and federal) | $0 | $0 |
| c. | Postpetition employer payroll taxes accrued | $0 | $0 |
| d. | Postpetition employer payroll taxes paid | $0 | $0 |
| e. | Postpetition property taxes paid | $0 | $0 |
| f. | Postpetition other taxes accrued (local, state, and federal) | $0 | $0 |
| g. | Postpetition other taxes paid (local, state, and federal) | $0 | $0 |

## Part 7: Questionnaire - During this reporting period:

a.  Were any payments made on prepetition debt?  (if yes, see Instructions)    Yes ○  No ●

b.  Were any payments made outside the ordinary course of business without court approval?  (if yes, see Instructions)    Yes ○  No ●

c.  Were any payments made to or on behalf of insiders?    Yes ○  No ●

d.  Are you current on postpetition tax return filings?    Yes ○  No ●

e.  Are you current on postpetition estimated tax payments?    Yes ○  No ●

f.  Were all trust fund taxes remitted on a current basis?    Yes ○  No ●

g.  Was there any postpetition borrowing, other than trade credit? (if yes, see Instructions)    Yes ○  No ●

h.  Were all payments made to or on behalf of professionals approved by the court?    Yes ○  No ○  N/A ●

i.  Do you have:    Worker's compensation insurance?    Yes ○  No ●

    If yes, are your premiums current?    Yes ○  No ○  N/A ●  (if no, see Instructions)

    Casualty/property insurance?    Yes ○  No ●

    If yes, are your premiums current?    Yes ○  No ○  N/A ●  (if no, see Instructions)

    General liability insurance?    Yes ○  No ●

    If yes, are your premiums current?    Yes ○  No ○  N/A ●  (if no, see Instructions)

j.  Has a plan of reorganization been filed with the court?    Yes ○  No ●

UST Form 11-MOR (06/07/2021)

Debtor's Name SVC PHARMA INC.                                           Case No. 19-23671

> Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

| | | | |
|---|---|---|---|
| k. | Has a disclosure statement been filed with the court? | Yes ○ | No ● |
| l. | Are you current with quarterly U.S. Trustee fees as set forth under 28 U.S.C. § 1930? | Yes ○ | No ● |

### Part 8: Individual Chapter 11 Debtors (Only)

| | | |
|---|---|---|
| a. | Gross income (receipts) from salary and wages | $0 |
| b. | Gross income (receipts) from self-employment | $0 |
| c. | Gross income from all other sources | $0 |
| d. | Total income in the reporting period (a+b+c) | $0 |
| e. | Payroll deductions | $0 |
| f. | Self-employment related expenses | $0 |
| g. | Living expenses | $0 |
| h. | All other expenses | $0 |
| i. | Total expenses in the reporting period (e+f+g+h) | $0 |
| j. | Difference between total income and total expenses (d-i) | $0 |
| k. | List the total amount of all postpetition debts that are past due | $0 |
| l. | Are you required to pay any Domestic Support Obligations as defined by 11 U.S.C § 101(14A)? | Yes ○ No ● |
| m. | If yes, have you made all Domestic Support Obligation payments? | Yes ○ No ○ N/A ● |

### Privacy Act Statement

28 U.S.C. § 589b authorizes the collection of this information, and provision of this information is mandatory under 11 U.S.C. §§ 704, 1106, and 1107. The United States Trustee will use this information to calculate statutory fee assessments under 28 U.S.C. § 1930(a)(6). The United States Trustee will also use this information to evaluate a chapter 11 debtor's progress through the bankruptcy system, including the likelihood of a plan of reorganization being confirmed and whether the case is being prosecuted in good faith. This information may be disclosed to a bankruptcy trustee or examiner when the information is needed to perform the trustee's or examiner's duties or to the appropriate federal, state, local, regulatory, tribal, or foreign law enforcement agency when the information indicates a violation or potential violation of law. Other disclosures may be made for routine purposes. For a discussion of the types of routine disclosures that may be made, you may consult the Executive Office for United States Trustee's systems of records notice, UST-001, "Bankruptcy Case Files and Associated Records." *See* 71 Fed. Reg. 59,818 et seq. (Oct. 11, 2006). A copy of the notice may be obtained at the following link: http://www.justice.gov/ust/eo/rules_regulations/index.htm. Failure to provide this information could result in the dismissal or conversion of your bankruptcy case or other action by the United States Trustee. 11 U.S.C. § 1112(b)(4)(F).

**<u>I declare under penalty of perjury that the foregoing Monthly Operating Report and its supporting documentation are true and correct and that I have been authorized to sign this report on behalf of the estate.</u>**

Jon Lowne                                                    SVC PHARMA INC.
Signature of Responsible Party                               Printed Name of Responsible Party

Chief Financial Officer                                      8/5/2021
Title                                                        Date