KRAMER LEVIN NAFTALIS
& FRANKEL LLP
Kenneth H. Eckstein
Rachael Ringer
Jonathan Wagner
David E. Blabey Jr.
1177 Avenue of the Americas
New York, NY 10036
Telephone: (212) 715-9100

GILBERT LLP
Scott D. Gilbert (admitted *pro hac vice*)
Craig Litherland (admitted *pro hac vice*)
Kami E. Quinn (admitted *pro hac vice*)
Richard D. Shore (admitted *pro hac vice*)
Jenna A. Hudson (admitted *pro hac vice*)
Emily P. Grim (admitted *pro hac vice*)
100 New York Ave, NW, Suite 700
Washington, D.C. 20005
Telephone: (202) 772-2200

BROWN RUDNICK LLP
David J. Molton
Steven D. Pohl
Gerard Cicero
7 Times Square
New York, NY 10036
Telephone: (212) 209-4800

OTTERBOURG P.C.
Melanie L. Cyganowski
Jennifer S. Feeney
230 Park Avenue
New York, NY 10169
Telephone: (212) 661-9100

*Attorneys for the Ad Hoc Committee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| PURDUE PHARMA L.P., *et al.*, | : | Case No. 19-23649 (RDD) |
| Debtors. | : | (Jointly Administered) |

**MOTION TO EXCEED PAGE LIMIT**
**FOR AD HOC COMMITTEE'S REPLY TO PLAN OBJECTIONS**

The ad hoc committee of governmental and other contingent litigation claimants (the "**Ad Hoc Committee**"), which consists of (i) ten States, (ii) the court-appointed Plaintiffs' Executive Committee (the "**PEC**") in the multi-district litigation captioned *In re National Prescription Opiate Litigation*, Case No. 17-md-02804, MDL No. 2804 (N.D. Ohio), (iii) six political subdivisions of States, and (iv) one federally recognized American Indian Tribe hereby files this motion (the "**Motion**") seeking entry of an order, substantially in the form attached hereto as **Exhibit 1**, permitting the Ad Hoc Committee to exceed the page limitation set forth in the *Amended Order Establishing Certain Notice Case Management, and Administrative Procedures* [Dkt. No. 342] and this Court's Chambers Rules with respect to *Ad Hoc Committee's Reply to Plan Objections* (the "**Reply**"), filed contemporaneously herewith, and respectfully states as follows:

## BACKGROUND

1. From the beginning of this case, numerous parties in interest have been negotiating the contours of a Chapter 11 Plan that utilizes the entirety of the Debtors' estate to abate the ongoing opioid crisis. These negotiations culminated in the filing of the plan currently before this court for confirmation (the "**Plan**").

2. Though all voting classes overwhelmingly voted in favor of the Plan, a number of individuals, governments, and other entities have filed objections to confirmation of the Plan. Among these are (i) the objection filed by the State of West Virginia, ex rel. Patrick Morrissey, Attorney General (the "**West Virginia Objection**") [Dkt. No. 3265]; (ii) the objections filed by certain non-consenting States and Territories, including those filed by the State of Connecticut, the State of Maryland, and the District of Columbia (the "**Connecticut Objection**") [Dkt. No. 3270] and the objection filed by the State of Washington and the State of Oregon (the "**Washington Objection**") [Dkt. No. 3276] and the various joinders thereto (collectively with the Connecticut

Objection and the Washington Objection, the "**Dissenting States Objections**"); (iii) objections filed by certain insurers (the "**Insurance Objections**"); (iv) the joint objection made by certain distributors, manufacturers, and pharmacies (the "**DMP Objection**") [Dkt. No. 3306]; (v) the objection filed by the United States Trustee (the "**UST Objection**") [Dkt. No. 3256]; and (vi) the statement filed by the United States Department of Justice (the "**DOJ Objection**" and, collectively with the West Virginia Objection, the Dissenting States Objections, the Insurance Objections, the DMP Objection, and the UST Objection, the "**Objections**") [Dkt. No. 3268].

## JURISDICTION

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

4. By this Motion, the Ad Hoc Committee seeks permission for the Reply to exceed – by approximately sixty pages – the twenty-page limitation (the "**Page Limit**") set forth in the *Amended Order Establishing Certain Notice Case Management, and Administrative Procedures* [Dkt. No. 342] and this Court's Chambers' Rules for reply briefs. *Judge Robert D. Drain: Chambers' Rules*, U.S. Dist. Court, S.D.N.Y., http://www.nysb.uscourts.gov/content/judge-robert-d-drain (last visited Aug. 3, 2021).

## BASIS FOR RELIEF REQUESTED

5. The Ad Hoc Committee's request to exceed the Page Limit is necessary for it to effectively respond to the lengthy Objections (which cumulatively span roughly 250 pages), which

3

raise a number of complex legal and factual arguments in opposition to confirmation of the Plan. The Ad Hoc Committee was integrally involved in the negotiation and development of the Plan and has a keen interest in its approval, making its arguments and views highly relevant to confirmation. Due to the voluminous nature of the Objections, if the Page Limit is not extended, the Ad Hoc Committee will be unable to thoroughly respond to the Objections. The Ad Hoc Committee did not file an opening brief or motion, so its Reply constitutes the entirety of its briefing and risks no duplication or repetition.

## NOTICE

6.    The Ad Hoc Committee will provide notice of this Motion in accordance with the procedures set forth in the *Amended Order Establishing Certain Notice Case Management, and Administrative Procedures* [Dkt. No. 342]. The Ad Hoc Committee submits that no other further notice is necessary.

## NO PRIOR REQUEST

7.    No prior request for the relief sought herein has been made to this Court or any other Court.

**CONCLUSION**

8.  The Ad Hoc Committee respectfully requests that this Court enter an order, substantially in the form attached hereto as **Exhibit 1**, granting the relief sought herein and granting such other and further relief as may be just and proper.

Dated:  August 5, 2021                          Respectfully submitted,

/s/ *Kenneth H. Eckstein*
Kenneth H. Eckstein
Rachael Ringer
Jonathan Wagner
David E. Blabey Jr.
KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, NY 10036
Telephone: (212) 715-9100
Email:  keckstein@kramerlevin.com
           rringer@kramerlevin.com
           jwagner@kramerlevin.com
           dblabey@kramerlevin.com

David J. Molton
Steven D. Pohl
Gerard Cicero
BROWN RUDNICK LLP
7 Times Square
New York, NY 10036
Telephone: (212) 209-4800
Email:  dmolton@brownrudnick.com
           spohl@brownrudnick.com
           gcicero@brownrudnick.com

Scott D. Gilbert (admitted *pro hac vice*)
Craig Litherland (admitted *pro hac vice*)
Kami E. Quinn (admitted *pro hac vice*)
Richard D. Shore (admitted *pro hac vice*)
Jenna A. Hudson (admitted *pro hac vice*)

5

Emily P. Grim (admitted *pro hac vice*)
GILBERT LLP
100 New York Ave, NW, Suite 700
Washington, D.C. 20005
Telephone: (202) 772-2200
Email: gilberts@gilberlegal.com
       litherlandc@gilbertlegal.com
       quinnk@gilbertlegal.com
       shorer@gilbertlegal.com
       hudsonj@gilbertlegal.com
       grime@gilbertlegal.com

Melanie L. Cyganowski
Jennifer S. Feeney
OTTERBOURG P.C.
230 Park Avenue
New York, NY 10169
Telephone: (212) 661-9100
Email: mcyganowski@otterbourg.com
       jfeeney@otterbourg.com

*Attorneys for the Ad Hoc Committee*

## **Exhibit 1**

Proposed Order

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
                                                                               :

In re:                                                                      :        Chapter 11
                                                                            :
PURDUE PHARMA L.P., *et al.*,                  :        Case No. 19-23649 (RDD)
                                                                            :
                                Debtors.                 :        (Jointly Administered)
                                                                             :
------------------------------------------------------------------ X

## PROPOSED ORDER GRANTING MOTION TO EXCEED PAGE LIMIT
## FOR AD HOC COMMITTEE'S REPLY TO PLAN OBJECTIONS

Upon the motion (the "**Motion**")[1] of the ad hoc committee of governmental and other contingent litigation claimants (the "**Ad Hoc Committee**") for entry of an order (this "**Order**") to exceed the Page Limit in the *Ad Hoc Committee's Reply to Plan Objections* (the "**Reply**"), filed contemporaneously herewith; the Court having reviewed the Motion; and the Court having found that the Court has jurisdiction over this matter as per 28 U.S.C. §§ 157 and 1334, that this is a core proceeding under 28 U.S.C. § 157(b), and that notice of the Motion was sufficient under the circumstances; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

    1.      The Motion is granted as set forth herein.

    2.      The Reply may exceed the Page Limit by sixty pages.

    3.      The Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

---

[1] Capitalized terms used herein but not otherwise defined shall have the meaning ascribed to them in the Motion.

Dated: _____, 2021
      White Plains, New York

                                            _____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE