UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) |
| | ) |
| PURDUE PHARMA L.P., *et al.* | )    Chapter 11 |
| | ) |
|          Debtors | )    Case No. 19-23649 (RDD) |
| | ) |

**CERTAIN INSURERS' RESERVATION OF RIGHTS TO OBJECT TO
THE ADMISSION INTO EVIDENCE OF INSURANCE-RELATED
DOCUMENTS ON DEBTORS' LIST OF TRIAL EXHIBITS**

Navigators Specialty Insurance Company, American Guarantee and Liability Insurance Company, Steadfast Insurance Company, XL Insurance America, Inc., Liberty Mutual Insurance Company, Liberty Mutual Fire Insurance Company, Liberty Insurance Corporation, North American Elite Insurance Company, Aspen American Insurance Company, Gulf Underwriters Insurance Company, and St. Paul Fire and Marine Insurance Company (collectively, the "Insurers") hereby submit this reservation of rights with respect to exhibits that may be offered in evidence at the confirmation hearing on the Sixth Amended Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and its Affiliated Debtors [Dkt. 3185] (the "Sixth Amended Plan").

Insurers filed a limited objection to confirmation of the Sixth Amended Plan on the ground that the "insurance neutrality" provision (section 5.10) is anything but insurance neutral and is not lawful. *See* Dkt. 3263 (the "Insurer Objection"). As explained in the Insurer Objection, the first clause of section 5.10, which provides that nothing in the Plan, the Plan Documents, or the Confirmation Order will alter the terms of the Insurers' policies, is *completely negated* by the remainder of the paragraph, which provides that the Insurers' rights, including the terms, conditions, limitations, and/or exclusions in their policies, "are subject to:" the

1

Bankruptcy Code; any undefined "applicable law;" any actions by the Debtors; the terms of the Plan, Plan Documents, and Confirmation Order; any findings contained in the Confirmation Order; and any other ruling or order that might be made by this Court. This provision differs is essentially the complete opposite of the "insurance neutrality" provision in the solicitation version of the plan—*i.e.*, the Fifth Amended Plan—that was overwhelmingly approved by voting creditors. Insurers were and still are agreeable to the language in the Fifth Amended Plan (subject, as set forth in the Insurer Objection, to minor tweaks based on this Court's own rulings).

The Debtors' exhibit list (which contains 2,785 exhibits) includes hundreds of documents that could bear on issues of insurance coverage. Issues of insurance coverage, however, are not before the Court at the confirmation hearing, where the issue is whether the Plan meets the confirmation requirements of § 1129(a). This Court already held that the Insurance Adversary Proceeding[1] is not "core" precisely because the Plan does not depend on the outcome of the coverage disputes. 6/21/21 Hr'g Tr., Adv. Pro. No. 21-07005 [Dkt. 173] at 92-94. Indeed, it is well established that in deciding core matters such as whether to approve a debtor's decision to settle claims under Section 363 of the Bankruptcy Code or confirm a chapter 11 plan, a bankruptcy court cannot decide claims or defenses in ancillary litigation; the Bankruptcy Code—and Article III of the Constitution—require that such issues be litigated in an adversary proceeding with a complaint and all the other due-process protections an adversary proceeding provides. *See In re Eastman Kodak Co.*, No. 12-10202, 2012 WL 2255719, at *2 (Bankr. S.D.N.Y. June 15, 2012) (determining, in light of *Orion*, that the bankruptcy court could not

---

[1] *Purdue Pharma L.P., et al. v. AIG Specialty Insurance Company, et al.*, Adv. Pro. No. 21-07005 (RDD) (Bankr. S.D.N.Y) (the "Insurance Adversary Proceeding").

determine state-law dispute over ownership of property in the context of motion to sell property pursuant to Section 363 of the Bankruptcy Code); *cf. Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.*), 4 F.3d 1095, 1099 (2d Cir. 1993) (in deciding whether to approve a debtor's decision to assume or reject an executory contract under Section 365, a bankruptcy court may not decide disputes between the parties arising out of that contract; breach-of-contract action is non-core and must be resolved in adversary proceeding). Litigating insurance coverage issues at the confirmation hearing would not only be improper, but it would also overly complicate and lengthen an already complicated and lengthy confirmation trial.

The insurance-related exhibits designated by Debtors include, without limitation, so-called "resolution letters" to insurers (control nos. 228-343 and 346-382), insurance policies (control nos. 562-655, 2387-2635, 2652-2655, and 2723-2724), notices to insurers (control nos. 2641-2651, 2656, and 2677), reservation of rights or coverage position letters from insurers (control nos. 2657-2676 and 2678-2720), and pleadings (including insurers' answers) filed in the Insurance Adversary Proceeding (control nos. 2770-2774 and 2781-2782). The Insurers cannot now determine whether these exhibits are being offered for the purpose of litigating issues of insurance coverage that are not properly before the Court at the confirmation hearing. For one thing, the Insurers have yet to see the Debtors' proposed confirmation order, despite numerous requests that the Debtors provide it. Consequently, the Insurers cannot know what findings, if any, the Debtors intend to seek in the confirmation order based on any of these exhibits.

In the interest of avoiding further complication to the confirmation hearing, the Insurers do not seek to bog down the Court and parties in interest with hundreds of evidentiary objections that may be unnecessary. Accordingly, to the extent the Debtors or other parties in interest intend to offer any exhibits for purposes of litigating issues of insurance coverage, including

findings in the forthcoming confirmation order related to issues of insurance coverage, the Insurers reserve the right to object to their admission into evidence at the confirmation hearing for that purpose under, among other rules, Federal Rules of Evidence 402, 403, and 802.

Dated:  August 5, 2021

/s/ *Philip D. Anker*
Philip D. Anker
WILMER CUTLER PICKERING
HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, N.Y. 10007
Tel: (212) 230-8890
Fax: (212) 230-8888
philip.anker@wilmerhale.com

Colleen P. Sorensen
HINKHOUSE WILLIAMS WALSH LLP
180 N. Stetson Ave., Suite 3400
Chicago, IL 60601
Tel: (312) 784-5400
Fax: (312) 784-5499
csorensen@hww-law.com

Isley Markman Gostin
WILMER CUTLER PICKERING
HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
Tel: (202) 663-6551
Fax: (202) 663-6363
isley.gostin@wilmerhale.com

*Counsel for Navigators Specialty Insurance Company*

Kelly H. Tsai
CROWELL & MORING LLP
590 Madison Avenue, 19th Floor
New York, New York  10022
Tel: 212-223-4000
Fax: 212-223-4134
ktsai@crowell.com

Mark D. Plevin (*pro hac vice*)
CROWELL & MORING LLP
Three Embarcadero Center, 26th Floor
San Francisco, California  94111
Tel: 415-986-2800
Fax: 415-986-2827
mplevin@crowell.com

*Attorneys for American Guarantee and Liability Insurance Company and Steadfast Insurance Company*

Dan D. Kohane
ddk@hurwitzfine.com
Lee Siegel
lss@hurwitzfine.com
HURWITZ & FINE, P.C.
1300 Liberty Building
Buffalo, New York 14202

David Christian (*pro hac vice pending*)
DAVID CHRISTIAN ATTORNEYS LLC
105 W. Madison St., Suite 1400
Chicago, IL 60602
862-362-8605
dchristian@dca.law

Adam H. Fleischer (*pro hac vice*)
afleischer@batescarey.com
R. Patrick Bedell (*pro hac vice*)
pbedell@batescarey.com
Kristi S. Nolley (*pro hac vice*)
knolley@batescarey.com
BATESCAREY LLP
191 N Wacker Drive, Suite 2400
Chicago, Illinois 60606
Telephone: 312-762-3100
Facsimile: 312-762-3200

*Attorneys for North American Elite Insurance Company and Aspen American Insurance Company*

COZEN O'CONNOR
Mark E. Felger
Frederick E. Schmidt, Jr.
3 WTC, 175 Greenwich Street, 55th Floor
New York, NY 10007
Tel: (212) 883-4900
Fax: (646) 588-1552
mfelger@cozen.com
eschmidt@cozen.com

MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.
Kim V. Marrkand
Nicholas C. Cramb
One Financial Center
Boston, MA 02111
Tel: (617) 542-6000
Fax: (617) 542-2241
KMarrkand@mintz.com
NCCramb@mintz.com

*Co-Counsel for Liberty Mutual Insurance Company, Liberty Mutual Fire Insurance Company, and Liberty Insurance Corporation*

Lauren Macksoud
DENTONS US LLP
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone: (212) 768-6700
Facsimile: (212) 768-6800
E-Mail: lauren.macksoud@dentons.com

Patrick Maxcy (admitted pro hac vice)
Keith Moskowitz (admitted pro hac vice)
DENTONS US LLP
233 South Wacker Drive
Suite 5900
Chicago, IL 60606-6361
Telephone: (312) 876-8000
Facsimile: (312) 876-7934
E-Mail: Patrick.maxcy@dentons.com
E-Mail: keith.moskowitz@dentons.com

Kathryn Guinn (admitted pro hac vice)
DENTONS US LLP
1400 Wewatta Street, Suite 700
Denver, CO 80202
Telephone: (303) 634-4000
Facsimile: (303) 634-4400
E-Mail: Katy.guinn@dentons.com

*Attorneys For XL Insurance America, Inc.*

Bryce L. Friedman
William T. Russell, Jr.
David R. Zylberberg
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY 10017
Tel: (212) 455-2000
Fax: (212) 455-2502
bfriedman@stblaw.com
wrussell@stblaw.com
david.zylberberg@stblaw.com

*Attorneys for Gulf Underwriters Insurance Company and St. Paul Fire and Marine Insurance Company*