DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut
Christopher S. Robertson

*Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (RDD)** |
| Debtors.[1] | **(Jointly Administered)** |

**DEBTORS' EX PARTE MOTION FOR ENTRY OF AN ORDER SHORTENING NOTICE WITH RESPECT TO THE DEBTORS' MOTION PURSUANT TO 11 U.S.C. §§ 105(A) AND 363(B) FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO FUND ESTABLISHMENT OF THE CREDITOR TRUSTS, THE MASTER DISBURSEMENT TRUST AND TOPCO, (II) DIRECTING PRIME CLERK LLC TO RELEASE CERTAIN PROTECTED INFORMATION, AND (III) GRANTING <u>OTHER RELATED RELIEF</u>**

Purdue Pharma L.P. ("**PPLP**") and its affiliates that are debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 proceedings (the "**Chapter 11 Cases**") submit this motion (the "**Motion to Shorten**") for entry of an order, substantially in the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

form attached hereto as **Exhibit A**, shortening the notice period with respect to the *Motion Pursuant to 11 U.S.C. §§ 105(a) and 363(b) for Entry of an Order (I) Authorizing the Debtors to Fund Establishment of the Creditor Trusts, the Master Disbursement Trust and TopCo, (II) Directing Prime Clerk LLC to Release Certain Protected Information, and (III) Granting Other Related Relief* (the "**Advance Motion**"), filed contemporaneously herewith.[2]  In support of this Motion to Shorten, the Debtors respectfully state as follows:

### Relief Requested

1.      By this Motion to Shorten, the Debtors seek entry of an order shortening the notice period with respect to the Advance Order, scheduling a hearing on the Advance Motion on **August 19, 2021, at 10:00 a.m. (Prevailing Eastern Time)**, and scheduling an objection deadline of **August 16, 2021, at 12:00 p.m. (Prevailing Eastern Time)**.

### Jurisdiction and Venue

2.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.).  This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Debtors consent to entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.

3.      The statutory bases for the relief requested herein are sections 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Bankruptcy Rules 9006(c), and 9007, and

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Advance Motion.

1

Rule 9006-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**").

4.      Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

5.      On September 15, 2019 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code. The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On September 26, 2019, the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed the Creditors' Committee pursuant to section 1102 of the Bankruptcy Code [ECF No. 131].

6.      These Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and the *Order Directing Joint Administration of Chapter 11 Cases* [ECF No. 59] entered by the Court in each of the Chapter 11 Cases.

7.      Additional information about the Debtors' businesses and the events leading up to the Petition Date can be found in the *Debtors' Informational Brief* filed on September 16, 2019 [ECF No. 17].

8.      On July 14, 2021, the Debtors filed the *Sixth Amended Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and Its Affiliated Debtors* [ECF No. 3185] (as modified, amended or supplemented from time to time, the "**Plan**").

## Basis for Relief Requested

9.      Pursuant to Bankruptcy Rule 9007, the Court has authority to regulate the time within which, the entities to whom, and the form and matter in which notice is provided. Pursuant to paragraph 19 of the *Second Amended Order Establishing Certain Notice, Case*

*Management, and Administrative Procedures* entered on November 18, 2019 [ECF No. 498] (the "**Case Management Order**"), in these Chapter 11 Cases, if a request for relief is filed and served "at least fourteen (14) calendar days before the next Omnibus Hearing, the matter shall be set for hearing at such Omnibus Hearing." However, Bankruptcy Rule 9006(c) and Local Rule 9006-1(b) provide that the Court, for cause shown, may in its discretion (with or without motion or notice) reduce any such notice period. Moreover, pursuant to paragraph 17 of the Case Management Order, a party's right "to seek an amendment or waiver of the provisions of the Case Management Order upon showing of good cause including, without limitation, the right to file a motion seeking . . . relief upon shortened notice," was expressly preserved. The Court, thus, has the authority to determine appropriate notice for conducting a hearing on the matters presented by the Advance Motion.

### Cause Exists to Shorten Notice with Respect to the Advance motion

10.     The Debtors filed the Advance Motion in order to procure advances for select of the Creditor Trusts, the Master Disbursement Trust and TopCo in order to allow the applicable creditor groups, trustees and managers to begin the process of establishing these entities that are integral to the implementation of the Plan. As described in greater detail in the Advance Motion,[3] the Advance Motion provides for NOAT, the Tribe Trust, the Hospital Trust, the TPP Trust and the NAS Monitoring Trust to receive the Proposed Advances in accordance with the Proposed Budgets attached to the Advance Motion, each of which would then be credited against (and reduce the remaining amount of) the Initial Public Creditor Distribution or Initial Private Creditor Trust Distribution to be paid to the applicable Creditor Trust on the Effective Date. With respect to the Master Disbursement Trust, any amounts so advanced would then be credited

---

[3] The following is a summary of certain provisions of the Advance Motion. In the event of any inconsistency between the following summary and the Advance Motion, the Advance Motion shall control.

3

against (and reduce the remaining amount of) the MDT Operating Reserve.  With respect to TopCo, any amounts so advanced would then be credited against (and reduce the remaining amount of) the Initial NOAT Distribution to be made on the Effective Date and the first distribution made on account of the TopCo Tribe Interest, in the proportions of 97% from the Initial NOAT Distribution and 3% from the first distribution made on account of the TopCo Tribe Interest.  The Proposed Advances may also be disbursed (i) to an escrow account established and overseen by the applicable constituent creditor group that submitted the applicable Proposed Budget to be used to fund expenses contemplated by the applicable Proposed Budget, or (b) directly at the direction of the applicable constituent creditor group.

11. The Debtors do not believe that any party would be prejudiced by shortening notice with respect to the Advance Motion.  The purpose of the Advance Motion is to allow the infrastructure for the applicable Creditor Trusts, the Master Disbursement Trust and TopCo to be established prior to the Effective Date, in order to be able to begin making Abatement Distributions to Authorized Recipients, with respect to the Creditor Trusts; making Public Creditor Distributions in respect of the MDT Interests and making payments with respect to the MDT Claims, with respect to the Master Disbursement Trust; and making payments to the Master Disbursement Trust under the NewCo Credit Support Agreement and making Public Creditor Distributions in respect of the TopCo Interests, with respect to TopCo.  Because the Advance Motion provides for advances to be made to the relevant parties as soon as possible, the Debtors propose that it is appropriate to have the Advance Order heard at the end of, or directly after the hearing on confirmation of the Plan.

12. The Ad Hoc Group of Individual Victims, the NAS Committee, the Third-Party Payor Group, the Native American Tribe Group, the Ad Hoc Group of Hospitals, the Creditors'

Committee, the Ad Hoc Committee, the MSGE Group and the Non-Consenting States Group support the relief sought herein.

13. To the extent that any other parties in interest intend to object to the requested relief, the objection deadline will be **August 16, 2021, at 12:00 p.m. (Prevailing Eastern Time)**, which is consistent with the deadline for objections to requests for relief set for hearing on an expedited basis and filed fewer than fourteen (14) days before the hearing as set forth in paragraph 25 of the Case Management Order.

14. Accordingly, the Debtors submit that good cause exists to shorten the notice period with respect to the Advance Motion to allow that motion to be heard at the hearing scheduled for **August 19, 2021, at 10:00 a.m. (Prevailing Eastern Time)**.

## Notice

15. Notice of this Motion will be provided to (a) the entities on the Master Service List (as defined in the Case Management Order and available on the Debtors' case website at https://restructuring.primeclerk.com/purduepharma) and (b) any person or entity with a particularized interest in the subject matter of this motion. The Debtors respectfully submit that no further notice is required.

## No Prior Request

16. The Debtors have not previously sought the relief requested herein from this Court or any other court.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully request that the Court enter the proposed form of order, substantially in the form attached hereto, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: August 6, 2021
       New York, New York

By: */s/ Eli J. Vonnegut*
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut
Christopher S. Robertson

*Counsel to the Debtors
and Debtors in Possession*

**<u>Exhibit A</u>**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>PURDUE PHARMA L.P., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 19-23649 (RDD)<br><br>(Jointly Administered) |

**PROPOSED ORDER SHORTENING NOTICE WITH RESPECT TO THE DEBTORS'
MOTION PURSUANT TO 11 U.S.C. §§ 105(A) AND 363(B) FOR ENTRY OF AN
ORDER (I) AUTHORIZING THE DEBTORS TO ADVANCE FUNDS TO THE
PROPOSED TRUSTEES OF THE CREDITOR TRUSTS, THE PROPOSED MDT
TRUSTEES AND THE PROPOSED TOPCO MANAGERS, (II) DIRECTING PRIME
CLERK LLC TO RELEASE CERTAIN PROTECTED INFORMATION, AND
<u>(III) GRANTING OTHER RELATED RELIEF</u>**

Upon the motion (the "**Motion**")[2] of Purdue Pharma L.P. and its affiliates that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**") for entry of an order (this "**Order**") shortening the notice period with respect to the Advance Motion, as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to such term in the Motion.

the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and the Court having determined that the relief requested is in the best interests of the Debtors, their estates, creditors and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**

1. The relief requested in the Motion is hereby granted as set forth herein.

2. Notice of the Advance Motion as provided therein shall be deemed good and sufficient notice of such Advance Motion.

3. A hearing (the "**Hearing**") to consider the relief requested in the Advance Motion will be held before the Honorable Robert D. Drain, United States Bankruptcy Judge, 300 Quarropas Street, White Plains, New York 10601 on **August 19, 2021, at 10:00 a.m. (Prevailing Eastern Time)**.

4. The responses or objections to the Advance Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the *Second Amended Order Establishing Certain Notice, Case Management, and Administrative Procedures* entered on November 18, 2019 [ECF No. 498] (the "**Case Management Order**"), and shall be filed with the Court (a) by registered users of the Court's case filing system, electronically in accordance with General Order M–399 (which can be found at http://www.nysb.uscourts.gov), and (b) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers as set forth in the Case Management Order), in

accordance with the customary practices of the Court and General Order M–399, to the extent applicable, and served so as to be actually received no later than **August 16, 2021, at 12:00 p.m. (Prevailing Eastern Time)**—on the Master Service List (as defined in the Case Management Order).

5.  The Debtors are authorized to take all such actions as are necessary or appropriate to implement the relief granted in this Order.

6.  The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

White Plains, New York
Dated:  _____, 2021

                            THE HONORABLE ROBERT D. DRAIN
                            UNITED STATES BANKRUPTCY JUDGE