WHITE & CASE LLP
Southeast Financial Center, Suite 4900
200 South Biscayne Boulevard
Miami, Florida 33131
Tel.: (305) 371-2700
Fax: (305) 358-5744
Thomas E Lauria (admitted *pro hac vice*)
Laura L. Femino (admitted *pro hac vice*)

1221 Avenue of the Americas
New York, New York 10020
Tel.: (212) 819-8200
Fax: (212) 354-8113
J. Christopher Shore
Michele J. Meises
Alice Tsier

-and-

ASK LLP
60 East 42nd Street, 46th Floor
New York, New York 10165
Tel.: (212) 267-7342
Fax: (212) 918-3427
Edward E. Neiger
Jennifer A. Christian

*Co-Counsel for Ad Hoc Group of Individual
Victims of Purdue Pharma L.P., et al.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| Purdue Pharma L.P., *et al.*,[1] | ) | Case No. 19-23649 (RDD) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

**THE AD HOC GROUP OF INDIVIDUAL VICTIMS' EX PARTE MOTION
FOR ENTRY OF AN ORDER SHORTENING NOTICE WITH RESPECT
TO THE MOTION OF THE AD HOC GROUP OF INDIVIDUAL
VICTIMS FOR ENTRY OF A HIPAA-QUALIFIED PROTECTIVE ORDER**

The Ad Hoc Group of Individual Victims (the "Personal Injury Ad Hoc Group") of Purdue Pharma L.P., *et al*., submits this motion (the "Motion to Shorten") for entry of an order, substantially in the form attached hereto as **Exhibit A**, shortening the notice period with respect to the *The Ad Hoc Group of Individual Victims' Motion for Entry of a HIPAA-Qualified Protective Order* (the "Motion") filed contemporaneously herewith.[2]  In support of this Motion to Shorten, the Personal Injury Ad Hoc Group respectfully states as follows:

**Relief Requested**

1. By this Motion to Shorten, the Personal Injury Ad Hoc Group seeks entry of an order shortening the notice period with respect to the Motion, scheduling a hearing on the Motion on **August 19, 2021, at 10:00 a.m. (Prevailing Eastern Time)**, and scheduling an objection deadline of **August 16, 2021, at 12:00 p.m. (Prevailing Eastern Time)**.

**Jurisdiction and Venue**

2. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  The Personal Injury Ad Hoc Group consents to entry of a final order by the Court in connection with this Motion to Shorten to the extent that it is later determined that the Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

2

3. The statutory bases for the relief requested herein are sections 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rules 9006(c) and 9007, and Rule 9006-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

4. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

5. On September 15, 2019 (the "Petition Date"), the Debtors each commenced a voluntary case under chapter 11 of the Bankruptcy Code in this Court. The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. These chapter 11 cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and the *Order Directing Joint Administration of Chapter 11 Cases* [ECF No. 59] entered by the Court in each of these chapter 11 cases.

7. Additional information about the Debtors' businesses and the events leading up to the Petition Date can be found in the *Debtors' Informational Brief* filed on September 16, 2019 [ECF No. 17].

8. On July 14, 2021, the Debtors filed the *Sixth Amended Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and Its Affiliated Debtors* [ECF No. 3185] (as modified, amended or supplemented from time to time, the "Plan").

**Argument**

9. The Motion seeks relief granting the Receiving Parties access, subject to the limitations and protections set forth therein, to "protected health information" ("PHI"), individually identifiable health information, and related healthcare information of the PI Claimants in order to allow the Proposed PI Trustee, the Proposed PI Claims Administrator, the Proposed

3

LRP Administrator to best perform their respective duties and function under the Plan and the PI Trust Documents, as well as to complete the advance work described in the Advances Motion and exhibits thereto. Entry of the Proposed Order will significantly expedite the Claim administration and lien-resolution processes as compared to individual, claimant-by-claimant authorizations, and will permit the (Proposed) PI Claims Administrator, the (Proposed) LRP Administrator, as well as the Committed TPPs (before the Effective Date) and Participating TPPs (after the Effective Date), to begin work processing claims and resolving liens *prior to* the PI Trustee's and PI Claims Administrator's receipt of the individual PI Claim Forms, which are not due until 90 to 150 days after claim form dissemination. This allows the PI Trust to begin payments to qualified victims as quickly as possible after the Effective Date.

10. The relief sought by the Motion is integral to the PI Trust's ability to make use of the advance funds requested in the Advances Motion, and the relief is necessary for the PI Trust make Distribution to PI Claimants as quickly as possible after the Effective Date. Therefore, the relief sought in both the Motion and the Advances Motion are essential for the PI Trust to perform its duties effectively and efficiently, and should be heard together. Both the Motion and the Advances Motion are to be heard only if and after the Confirmation Order is entered.

11. The Debtors and the NAS Committee join the Personal Injury Ad Hoc Group in supporting the Motion and this Motion to Shorten.

## Notice

12. Notice of this Motion to Shorten will be provided to the entities on the Master Service List (as defined in the *Second Amended Order Establishing Certain Notice, Case Management, and Administrative Procedures* entered on November 18, 2019 [ECF No. 498] and available on the Debtors' case website at https://restructuring.primeclerk.com/purduepharma). The Personal Injury Ad Hoc Group respectfully submits that no further notice is required.

**No Prior Request**

13.     The Personal Injury Ad Hoc Group has not previously sought the relief requested herein from the Court or any other court.

WHEREFORE, the Personal Injury Ad Hoc Group respectfully requests that the Court enter the proposed form of order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

| | |
|---|---|
| Dated: August 6, 2021<br>New York, New York | WHITE & CASE LLP<br><br>By: */s/ J. Christopher Shore*<br>J. Christopher Shore<br>Michele J. Meises<br>Alice Tsier<br>1221 Avenue of the Americas<br>New York, New York 10020<br>Tel.: (212) 819-8200<br>Fax: (305) 358-5744<br>cshore@whitecase.com<br>michele.meises@whitecase.com<br>alice.tsier@whitecase.com<br><br>Thomas E Lauria (admitted *pro hac vice*)<br>Laura L. Femino (admitted *pro hac vice*)<br>Southeast Financial Center, Suite 4900<br>200 South Biscayne Boulevard<br>Miami, Florida 33131<br>Tel.: (305) 371-2700<br>Fax: (305) 358-5744<br>tlauria@whitecase.com<br>laura.femino@whitecase.com<br><br>-and-<br><br>ASK LLP<br>Edward E. Neiger<br>Jennifer A. Christian<br>60 East 42nd Street, 46th Floor<br>New York, New York 10165<br>Tel.: (212) 267-7342<br>Fax: (212) 918-3427 |

eneiger@askllp.com
jchristian@askllp.com

*Co-Counsel for Ad Hoc Group of Individual Victims of Purdue Pharma L.P., et al.*