Brian E. Frosh, Attorney General
Brian T. Edmunds, Assistant Attorney General
Sara E. Tonnesen, Assistant Attorney General
Office of the Attorney General of Maryland
200 Saint Paul Place
Baltimore, Maryland 21202
bedmunds@oag.state.md.us
(410) 567-6578

*Counsel for the State of Maryland*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In re:** | ) | Chapter 11 |
| | ) | |
| **PURDUE PHARMA, L.P.,** *et al.*, | ) | Case No. 19-23649 (RDD) |
| | ) | |
| **Debtors.** | ) | (Jointly Administered) |
| | ) | |
| | ) | |

**OBJECTING STATES' OBJECTION TO [3485] EX PARTE MOTION FOR
ENTRY OF AN ORDER SHORTENING NOTICE WITH RESPECT
TO THE DEBTORS' MOTION PURSUANT TO 11 U.S.C. §§ 105(A) AND 363(B)
FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO
FUND ESTABLISHMENT OF THE CREDITOR TRUSTS, THE MASTER
DISBURESMENT TRUST, AND TOPCO, (II) DIRECTING PRIME
CLERK LLC TO RELEASE CERTAIN PROTECTED
INFORMATION, AND (III) GRANTING OTHER RELATED RELIEF**

To: The Honorable Robert D. Drain:

The States of Maryland, Connecticut, Oregon, and Washington ("Objecting States") respectfully oppose Debtors' *Ex Parte* Motion for Entry of an Order Shortening Notice With Respect to the Debtors' Motion Pursuant to 11 U.S.C. §§ 105(a) and 363(b) for Entry of an Order (I) Authorizing the Debtors to Fund Establishment of the Creditor Trusts, the Master Disbursement Trust, and Topco, (II) Directing Prime Clerk LLC to Release Certain Protected Information, and (III) Granting Other Related Relief [3485]. For reasons more particularly set forth below, there is no need to shorten time and prejudice the confirmation hearing in order to grant the relief requested

1

in the underlying motion, the appropriateness of which is the very subject of the confirmation hearing and will be provided by any confirmation order.

1.    Debtors' motions are nothing more than a transparent and inappropriate attempt to put cart before horse so that they may circumvent the jurisdiction of the appellate courts by invoking the doctrine of equitable mootness.  All parties, including the Debtors, should acknowledge that in a case of this importance, which involves so many novel issues, it is critical that any confirmation order be properly and fully tested.  It is improper and fundamentally *inequitable* that any party should employ the sharp-elbowed tactic of advancing a plan in a manner that seeks to choke off potential appellate review.  *In re VeroBlue Farms USA, Inc.*, No. 19-3413, slip op. at 13-14 (8th Cir. Aug. 5, 2021) (noting that equitable mootness is disfavored and that judges should scrutinize debtors' attempts to craft plans that trigger it); *Nordhoff Investments, Inc. v. Zenith Elecs. Corp.*, 258 F.3d 180, 191 (3d Cir. 2001) (Alito, J., concurring in the judgment) ("It is disturbing that Zenith, in a seeming attempt to moot any appeal prior to filing, succeeded in implementing most of the plan before the appellants even received notice that the plan had been confirmed.").  Nor is it proper that innocent victims of opioids should be used as pawns to advance an argument that a stay of the effectiveness of a plan that is inadequate to protect them would deprive them of relief from the injuries Debtors and the Sacklers caused.  The parties here should be working together constructively to ensure that the plan is subject to appropriate review; Debtors have no business manufacturing additional harm to opioids victims in order to evade review of their plan to relieve the Sacklers from liability.  Accordingly, these motions should be tabled rather than expedited.

2.    This bankruptcy and any plan that may resolve it are critical to the restoration of the public health following the opioid crisis that Debtors and their owners have perpetrated through

2

decades of unlawful conduct. It is critical that the Court receive evidence during the confirmation hearing to enable it to reach an effective and lawful resolution of the bankruptcy.

3. The parties and the Court are currently preparing for a contested and potentially lengthy confirmation hearing. The proposed objection and hearing dates established by the motion to shorten time would manifestly prejudice and create an unnecessary distraction for objecting parties and the Court during the presentation of evidence at the confirmation hearing.

4. Additionally, there are ample reasons to question whether the Sixth Amended Plan ("Plan") will be confirmed and become effective. The Plan proposes non-consensual releases of the police power claims of sovereign States representing a substantial portion of the United States population, the legality of which is the subject of serious challenge by the objections to confirmation filed by the Objecting States, and the United States Trustee and the statement of the U.S. Department of Justice.

5. Much of the Debtors' and the Sackler families' evidence, far from establishing grounds for confirmation, in fact demonstrates that the non-debtor releases that the plan proposes to force upon dissenting States should not be approved due, *inter alia*, to the likelihood that the States' claims against members of the Sackler families will succeed on the merits, a likelihood to which these proceedings and the Plan itself are a monument. *Compare, e.g.,* Decl. of John S. Dubel [3433] ¶33 (incorporating JX-1807 (A Side defenses presentation) and JX-2905 (B-side defenses presentation)) *with, e.g., Consumer Protection Division v. Morgan*, 874 A.2d 919, 948-49 (Md. 2005) (adopting FTC test for determining liability under Maryland Consumer Protection Act and concluding that individuals may be held liable for corporate acts that they have "authority to control," even if they do not participate directly); *Joseph General Contracting, Inc. v. Couto*, 317 Conn. 565, 589, 119 A.3d 570, 585-86 (2015) (adopting FTC test for determining

whether liability under Connecticut Unfair Trade Practices Act may be extended to an individual who engages in unfair or unscrupulous conduct on behalf of a business entity, which requires proof "that the individual either participated directly in the entity's deceptive or unfair acts or practices, or that he or she had the *authority to control them*") (emphasis added) *and* Fed. R. Civ. P. 56 (summary judgment appropriate where there is no genuine issue of material fact); Md. R. 2-501 (same); Conn. Practice Book § 17-49 (same). On both legal and factual questions, there is simply little question that objectors to the Sixth Amended Plan have a substantial likelihood of success on the merits.

6.   At the same time, this Court's and the parties' resources will be consumed with the presentation of evidence on the dates Debtors have proposed for filing objections and for the hearing of the merits of Debtors' Motion Pursuant to 11 U.S.C. §§ 105(a) and 363(b) for Entry of an Order (I) Authorizing the Debtors to Fund Establishment of the Creditor Trusts, the Master Disbursement Trust, and Topco, (II) Directing Prime Clerk LLC to Release Certain Protected Information, and (III) Granting Other Related Relief [3484] ("the underlying motion"). There is no need to place before the Court the issue of whether payments to the various trusts should be approved, pre-confirmation, because the propriety of those payments are the subject of the plan which, if confirmed, will provide the approval that is sought by the underlying motion. Thus, the need to resolve during the presentation of evidence in the confirmation hearing the validity of payments that the Court's confirmation order will itself authorize if the plan is confirmed makes no sense and will without question prejudice the hearing.

7.   Moreover, Debtors' attempt to circumvent the jurisdiction of the federal judiciary is improper, misguided, fundamentally unfair, and very well may backfire and give rise to an immediate need for review. *See, e.g., Townley v. Miller*, 693 F.3d 1041, 1043 (9th Cir. 2012)

4

(Reinhardt, J., concurring) ("As set forth below, these attempts to frustrate the jurisdiction of the appellate court, and, necessarily, the Supreme Court—at least until the issue in this case is mooted—itself constitutes a sufficient basis for our exercise of jurisdiction.")

8. Debtors should be required to establish entitlement to confirmation on the merits of a plan that they believe would actually survive review, rather than subvert consideration of the merits of the inadequate plan they have proposed. This case is too important to allow Debtors and the Sacklers to resort to the same kinds of parlor tricks that they resort to in their businesses. If Debtors believe, as they obviously do, that the Plan's proposed releases for their shareholders are so lacking in legality that the releases cannot survive review, they ought to fulfill their fiduciary obligation to creditors not to promote it.

9. The motion to shorten time should accordingly be denied. The underlying motion should be held in abeyance pending the Court's resolution of the antecedent issues presented by the confirmation hearing.

Dated: August 9, 2021

Respectfully submitted,

BRIAN E. FROSH
Attorney General of Maryland

/s/ Brian T. Edmunds
BRIAN T. EDMUNDS
SARA E. TONNESEN
Assistant Attorneys General
Office of the Attorney General of Maryland
200 Saint Paul Place
Baltimore, Maryland 21202
bedmunds@oag.state.md.us
(410) 576-6578

*Attorneys for the State of Maryland*

STATE OF CONNECTICUT
WILLAM TONG, ATTORNEY GENERAL

/s/Irve J. Goldman
IRVE J. GOLDMAN (ct02404)
Pullman & Comley, LLC
850 Main Street, P.O. Box 7006
Bridgeport, CT 06601-7006
Tel: (203) 330-2213
igoldman@pullcom.com

*Attorneys for the State of Connecticut*


ELLEN R. ROSENBLUM
Attorney General of the State Oregon

/s/ David Hart
DAVID HART
Assistant-Attorney-in-Charge
Financial Fraud and Consumer Protection
    Section
Oregon Department of Justice
100 SW Market Street
Portland, Oregon 97201
Tel: (971) 673-1880
david.hart@doj.state.or.us

*Attorneys for the State of Oregon*


/s/ Matthew J. Gold
MATTHEW J. GOLD
ROBERT M. TUCHMAN
KLEINBERG, KAPLAN, WOLFF &
    COHEN, P.C.
500 Fifth Avenue
New York, New York 10110
Tel: (212) 986-6000
Fax: (212) 986-8866
mgold@kkwc.com

*Attorneys for the State of Washington*

6