DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
James I. McClammy
Eli J. Vonnegut

*Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.**, *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

**DEBTORS' STATEMENT IN RESPONSE TO RULE 3018 MOTIONS
FILED BY AUGUSTUS HEBREW EVANS JR. AND TYIAVORY JACKSON**

Purdue Pharma L.P. ("**PPLP**") and its affiliates that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**") respectfully represent as follows in response to the *Rule 3018 Motion* [Dkt. No. 3131] ("**Evans Motion**") filed by Augustus Hebrew Evans Jr. ("**Mr. Evans**") and the *Motion Seeking Permission for Creditor Tyiavory Jackson to Vote for the Rule 3018(a) Motion Filing Deadline for the Purdue Pharma Bankruptcy Case* [Dkt. No. 3162]

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717), and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

("**Jackson Motion**," and with the Evans Motion, the "**Motions**") filed by Tyiavory Jackson ("**Mr. Jackson**," and with Mr. Evans, the "**Movants**") :

1.  Mr. Evans, an incarcerated individual, states that he has "established a substantial personal injury claim" and requests that the Court "allow [his] claims for voting purposes." (Evans Mot. at 2.) Mr. Evans filed his proofs of claim on November 23, 2020, and November 27, 2020.[2]

2.  Mr. Jackson, also an incarcerated individual, notes that he mailed his proof of claim form "in August 2020, about a week after the official deadline, which bars [him], technically, from casting a vote." (Jackson Mot. at 2.) According to Mr. Jackson, "in addition to the major disruption of life and activities caused by the pandemic," in July 2020, he was "an inmate housed in an Outpatient Hospital Unit for multiple complications of the spine" and was unable to access the services of inmates who help disabled inmates with "tasks such as writing for correspondences and legal obligations" because of COVID. (*Id.*) He further states that he "was suffering from spinal cord complications that significantly reduced [his] ability to write." (*Id.*) For these reasons, Mr. Jackson requests that the Court "[g]rant [his] motion to vote, and excuse [his] late filing." (*Id.* at 3.) Mr. Jackson filed his proofs of claim on August 28, 2020, and October 13, 2020.

3.  As an initial matter, only "[t]he holder of a claim or interest allowed under section 502 . . . may accept or reject a plan." 11 U.S.C. § 1126 (a). Because the Movants failed to file proofs of claim by July 30, 2020, the date established by the Court for filing proofs of claim in these cases (the "**Extended General Bar Date**"), the Movants did not hold claims or interests as

---

[2] Pursuant to paragraph 5 of the Court's initial order establishing the deadline to file proofs of claim in these cases [Dkt. No. 800], Mr. Evans' proofs of claim are not available on the public docket maintained on Prime Clerk LLC's restructuring website for these cases.

of the voting deadline and, thus, were not entitled to vote on the Debtors' *Fifth Amended Joint Chapter 11 Plan of Reorganization* [Dkt. No. 2982] (as may be amended, supplemented, or modified from time to time, the "**Plan**").  *See Pioneer Inv. Servs. Co. v Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 382 & n.1 (1993) (quoting Fed. R. Bankr. P. 3003(c) ("[A]ny creditor who fails to [file a proof of claim or interest within the time proscribed by the court for filing proofs of claim or interest] shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution")); *see also* Ex. 1, Order Approving (I) Disclosure Statement for Fifth Am. Chapter 11 Plan, (II) Solicitation & Voting Procedures, (III) Forms of Ballots, Notices & Notice Procedures in Connection Therewith & (IV) Certain Dates With Respect Thereto, at 5 (June 3, 2021), Dkt. No. 2988).

4. Moreover, even assuming that the Movants had filed timely claims, Rule 3018(a), which permits "the court after notice and hearing [to] temporarily allow the claim or interest . . . . for the purpose of accepting or rejecting a plan," "[n]otwithstanding objection to the claim," is not an appropriate procedural mechanism for the relief that the Movants seek because there are no objections pending with respect to the Movants' claims.  Fed. R. Bankr. P. 3018(a); *see also In re Pulp Finish 1 Co.*, No. 12-13774, 2014 WL 201482, at *2, n.1 (Bankr S.D.N.Y. Jan. 16, 2014) ("Bankruptcy Rule 3018(a) authorizes the Court to estimate and allow the claim that is the subject of the *unresolved* objection for voting purposes.") (emphasis in original).

5. Notwithstanding that the Movants were (and are) not entitled to vote on the Plan, to the extent the Court treats the Motions as motions to file late claims pursuant to Bankruptcy Rule 9006(b)(1), the Debtors do not object to the Court granting the Movants such relief.  The Movants assert facts that could form the basis for them to argue that their failure to comply with the Extended General Bar Date was the result of "excusable neglect."  *See*

*Pioneer*, 507 U.S. at 382; *supra* ¶¶ 1-2.  Moreover, pursuant to the Plan and the PI Trust Distribution Procedures ("**PI TDP**") appended thereto as Exhibit I [Dkt. No. 3187], "[i]f [a] [p]roof of [c]laim was filed after the [Extended General] Bar Date but before April 23, 2021, the Claims Administrator shall consider the [claim] without penalty."  Thus, because both Mr. Evans and Mr. Jackson filed proofs of claim prior to the April 23, 2021 deadline set forth in the PI TDP, under the Debtors' proposed Plan, the Movants' claims will be treated as timely.

6. Additionally, if the Court treats the Motions as motions to file late claims and grants the Motions on that basis, pursuant to the Solicitation and Voting Procedures, the Debtors, in consultation with the Official Committee of Unsecured Creditors (the "**Creditors' Committee**"), agree to extend the deadline to vote on the Plan as to the Movants.  The Debtors have consulted with the advisors to the Creditors' Committee and the Ad Hoc Group of Individual Victims, and both agree with the Debtors' proposed relief for the Movants.

7. For the reasons set forth above, the Debtors request that the Court enter the proposed order attached hereto as **Exhibit A**, granting the Motions as set forth therein.

*[Remainder of page intentional left blank]*

Dated: August 9, 2021
      New York, New York

                                      */s/ James I. McClammy*
                                      DAVIS POLK & WARDWELL LLP
                                      450 Lexington Avenue
                                      New York, New York 10017
                                      Telephone: (212) 450-4000
                                      Facsimile: (212) 701-5800
                                      Marshall S. Huebner
                                      Benjamin S. Kaminetzky
                                      James I. McClammy
                                      Eli J. Vonnegut

                                      *Counsel to the Debtors*
                                      *and Debtors in Possession*