DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
James I. McClammy
Eli J. Vonnegut

*Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.**, *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

**DEBTORS' STATEMENT IN RESPONSE TO
MOTION REQUESTING RECRUITMENT OF COUNSEL**

Purdue Pharma L.P. ("**PPLP**") and its affiliates that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**") respectfully represent as follows in response to the *Motion Requesting Recruitment of Counsel* [Dkt. No. 3130] (the "**Motion**") filed by Augustus Hebrew Evans Jr. (the "**Mr. Evans**"):

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717), and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

1. Mr. Evans requests that the Court "recruit counsel" due to "[t]he complexity of the bankruptcy case" and because "[t]he facts are beyond [the] scope of [a] pro se prisoner['s] ability to investigate." (Mot. at 2.)

2. Unlike in a criminal case, there is no constitutional right to counsel in a civil case. *See Velasquez v. Metro Fuel Oil Corp.*, 12 F. Supp. 3d 387, 403 (E.D.N.Y. 2014) (citing *Martin–Trigona v. Lavien,* 737 F.2d 1254, 1260 (2d Cir. 1984)); *see also A.M. ex rel. J.M. v. NYC Dep't of Educ.*, 840 F. Supp. 2d 660, 676 (E.D.N.Y. 2012) ("It is well settled that there is no right to counsel in civil cases."), *aff'd sub nom. Moody ex rel. J.M. v. NYC Dep't of Educ.*, 513 F. App'x 95 (2d Cir. 2013); *In re MarketXT Holdings Corp.*, 376 B.R. 390, 424-25 (Bankr. S.D.N.Y. 2007) (citing *Lassiter v. Dep't of Social Services,* 452 U.S. 18, 26–27 (1981)); *MacCuish v. United States of Am.,* 844 F.2d 733, 735 (10th Cir. 1988); *Watson v. Moss,* 619 F.2d 775, 776 (8th Cir. 1980); *Wolfolk v. Rivera,* 729 F.2d 1114, 1120 (7th Cir. 1984)) ("The fact is that the courts have generally not recognized a Constitutional right to counsel unless a party's physical liberty is jeopardized.").

3. Moreover, claimants do not need counsel to meaningfully participate in these cases. (Mot. at 2.) Claimants have the ability participate in these cases simply by filing a proof of claim, which they can do "without counsel and at virtually no cost." *In re Blockbuster Inc.*, 441 B.R. 239, 241 (Bankr. S.D.N.Y. 2011) (explaining why "bankruptcy is superior to a class action[s]" under Fed. R. Civ. P. 23). And, as this Court has recognized, "the Debtors' program made filing a proof of claim easy, more easy than in most cases." (June 3, 2020 Bar Date Ext.

Mot. Hr'g Tr. 89:13-17.) Indeed, although untimely, Mr. Evans filed a proof of claim on November 27, 2020.[2]

   4. Finally, although unable to serve as Mr. Evans' individual counsel in this matter or provide legal advice, as an unsecured creditor, the Official Committee of Unsecured Creditors (the "**Creditors' Committee**") has represented the interests of all general unsecured creditors, including Mr. Evans, throughout these cases. Moreover, the Debtors understand that the Creditors' Committee has communicated with Mr. Evans and that Mr. Evans has been in contact with private counsel that is considering representing Mr. Evans individually.

   5. For the reasons set forth above, the Motion should be denied.

*[Remainder of page intentionally left blank]*

---

[2] Although Mr. Evans filed his proof of claim after the Extended General Bar Date, pursuant to the *Sixth Amended Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and Its Affiliated Debtors* [Dkt. No. 3185] and the PI Trust Distribution Procedures appended thereto [Dkt. No. 3187], proofs of claim filed after the Extended General Bar Date but before April 23, 2021, will be considered timely. Moreover, as set forth in the *Debtors' Statement in Response to Rule 3018 Motions Filed by Augustus Hebrew Evans Jr. and Tyiavory Jackson*, the Debtors do not object to allowing Mr. Evans' claim as timely.

Dated: August 9, 2021
      New York, New York

                                       */s/ James I. McClammy*
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
James I. McClammy
Eli J. Vonnegut

*Counsel to the Debtors*
*and Debtors in Possession*