DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
James I. McClammy
Eli J. Vonnegut

*Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.**, *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

## DEBTORS' OBJECTION TO AMANDA MORALES' MOTION FOR SUMMARY JUDGMENT

Purdue Pharma L.P. ("**PPLP**") and its affiliates that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**," the "**Company**," or "**Purdue**") respectfully

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717), and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

represent as follows in opposition to the *Motion for Summary Judgment* [Dkt. No. 3191] (the "**Motion**") filed by Amanda Morales (the "**Movant**"):

1. The Movant requests, based on her proof of claim filed in these cases (the "**Claim**"),[2] that this Court "grant[] summary judgment as a matter of law" because her "situation with the serotonin syndrome that caused [her] father's death is different and [sh]e should not have to wait to have restitution." (Mot. at 6). Movant also asserts that "[t]he points system which claimants will have their claim valued and based off of [does not] include fair considerations to [her] situation." (*Id.*)

2. These cases are on the precipice of resolution. Indeed, the hearing on confirmation of the Debtors' proposed *Sixth Amended Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and Its Affiliated Debtors* [Dkt. No. 3185] (the "**Plan**") is set to begin just three days from this submission, on Thursday, August 12, 2021. Under the Debtors' Plan and the PI Trust Distribution Procedures appended as Exhibit I thereto [Dkt. No. 3187] ("**Non-NAS PI TDP**"), there will be a fair and equitable mechanism for compensating personal injury claims such as the Movant's. As noted in their prior objections to motions filed by individuals similarly seeking early payment in full on their claims (*see, e.g.*, Dkt. Nos. 2116, 2266), although the Debtors remain sympathetic to all those affected by the opioid crisis, the Bankruptcy Code does not allow such pre-plan of reorganization payment or settlement of a creditor's claim outside of certain limited circumstances, none of which are applicable here. As the Court noted in denying the previous claim payment motions, "the payment in full of the [c]laims but not all claims similarly situated to the [c]laims before the confirmation and effective date of a chapter 11 plan in these cases would violate the fundamental Bankruptcy Code principles of similar

---

[2] The Claim number is 619945.

2

treatment of similar claims and the resolution and treatment of general unsecured claims under a chapter 11 plan and is not warranted by any exception to such principles." (*See* Order Denying Mot. for Immediate Claim Payment, at 1-2 (Dec. 16, 2020), Dkt. No. 2145; Order Denying Motions for Immediate Claim Payment & to Lift Automatic Stay, at 1 (Jan. 20, 2021), Dkt. No. 2306.)

3. Moreover, the Movant's assertion that the points system under the Non-NAS PI TDP will not provide adequate consideration of her particular situation does not provide a basis for the relief sought and also appears to be based on a misunderstanding of the procedures. Under the Non-NAS PI TDP, additional awards above the "Easy Payment" are possible for Non-NAS PI Claimants who demonstrate death caused by an opioid, such as overdose and withdrawal, which Movant asserts. (*See* Non-NAS PI TDP § 8(b) (grid demonstrating multiple tiers under which "death from an opioid" may fall); Ex. 1, Mot., at 4 (medical autopsy indicating cause of death as "an overdose of [patient's] prescription medications").)

4. For the reasons set forth above, the Debtors request that the Court enter the order attached hereto as **Exhibit A**, denying the Motion without prejudice to the Claim or to the rights of the Movant, the Debtors, or any other parties in interest with respect to the Claim.

[*Remainder of page intentionally left blank*]

Dated:  August 9, 2021
      New York, New York

                                        */s/ James I. McClammy*
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
James I. McClammy
Eli J. Vonnegut

*Counsel to the Debtors*
*and Debtors in Possession*