**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| PURDUE PHARMA L.P., *et al.*, | ) | Case No. 19-23649 (RDD) |
| Debtors.[1] | ) | (Jointly Administered) |

**STIPULATION AND AGREED ORDER BY AND AMONG THE DEBTORS AND THE CANADIAN GOVERNMENTAL CLAIMANTS PURSUANT TO SECTION 105 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 3006 AND 9019**

This Stipulation and Order (the "**Stipulation and Order**") is entered into as of July 27, 2021, by and between Purdue Pharma L.P. and the other debtors in its above-captioned chapter 11 cases (the "**Debtors**" and the "**Chapter 11 Cases**," respectively) and the provincial governments of British Columbia, Alberta, Saskatchewan, Ontario, Nova Scotia, New Brunswick, Newfoundland and Labrador, Prince Edward Island, Quebec, and Manitoba (the "**Canadian Governmental Claimants**") (the Debtors and the Canadian Governmental Claimants, collectively, the "**Parties**"). The Parties agree, subject to the approval of the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), as follows:

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

## PROCEDURAL HISTORY

A. On September 15, 2019 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief pursuant to Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**") in the Bankruptcy Court and have remained in possession of their properties and in the management of their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

B. By order dated September 19, 2019 in the proceeding under the *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended (the "**CCAA**") bearing Court File No. CV-19-627656-00CL) (the "**CCAA Proceeding**"), the Ontario Superior Court of Justice (Commercial List) (the "**Canadian Court**") recognized the Chapter 11 Cases as a "foreign main proceeding" as defined in Part IV of the CCAA.

C. On February 3, 2020, the Bankruptcy Court entered the *Order Establishing (I) Deadlines for Filing Proofs of Claim and Procedures Relating Thereto, (II) Approving the Proof of Claim Forms, and (III) Approving the Form and Manner of Notice Thereof* pursuant to Federal Rules of Bankruptcy Procedure 2002, 3003(c)(3), and 9008 (ECF No. 800) (the "**Bar Date Order**"), and, on June 3, 2020, entered the *Order (I) Extending the General Bar Date for a Limited Period and (II) Approving the Form and Manner of Notice Thereof* (ECF No. 1221) (the "**Supplemental Bar Date Order**"), which established a general bar date for the timely filing of claims of Thursday, July 30, 2020 at 5:00 p.m. Eastern (the "**General Bar Date**").

D. The Canadian Governmental Claimants each filed proofs of claim against the Debtors in advance of the General Bar Date, appearing at numbers 144370, 144375, 144376, 144377, 144379, 144380, 144386, 144392, 144398, and 144412 on the claims registry in the Chapter 11 Cases (collectively, the "**Canadian Proofs of Claim**").

E. On March 15, 2021 the Debtors filed the *Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and Its Affiliated Debtors* (ECF No. 2487) (as amended, supplemented or otherwise modified from time to time, the "**Plan**").[2]

**RECITALS**

**WHEREAS**, the Debtors and the Canadian Governmental Claimants have agreed to certain clarifications regarding the scope and impact of the releases set forth in the Plan, in consideration for which the Canadian Governmental Claimants have agreed to withdraw the Canadian Proofs of Claim as of right and release the Debtors and their Related Parties (solely in their capacities as Related Parties of the Debtors) from any and all Claims, obligations or liabilities related to or arising from the Canadian Proofs of Claim, subject to the terms and conditions of this Stipulation and Order, provided that such release shall not extend to Purdue Pharma Inc., a Canadian corporation, Purdue Frederick Inc., a Canadian corporation, and Purdue Pharma (Canada) and each of their Related Parties in their capacities as such (collectively, "**Purdue Canada**") and the Shareholder Released Parties solely with respect to any Continuing Claims (as defined below).

**WHEREAS**, the statutory predicates for this Stipulation and Order are section 105(a) of the Bankruptcy Code and Rules 3006 and 9019 of the Federal Rules of Bankruptcy Procedure. The Bankruptcy Court has authority to approve this Stipulation and Order.

**WHEREAS**, entry into this Stipulation and Order and the resolution of the Canadian Proofs of Claims contemplated hereby is in the best interests of the Debtors, their estates, their creditors and other parties in interest.

**ACCORDINGLY, IT IS HEREBY STIPULATED AND AGREED**, that:

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Plan filed in the Chapter 11 Cases on June 3, 2021 [ECF No. 2982], as may be amended or supplemented.

1. The preceding recitals are incorporated into this Stipulation and Order by this reference.

2. Nothing in (a) any plan of reorganization confirmed in the Chapter 11 Cases, (b) the Shareholder Settlement Agreement or (c) any order of the Bankruptcy Court confirming, amending or modifying a plan in the Chapter 11 Cases (any such order, a "**Confirmation Order**") shall release or enjoin any Continuing Claims[3], and all such Claims and Causes of Action are expressly reserved. For greater certainty, the Parties agree that to the extent a Claim or Cause of Action is asserted in Canada against a Shareholder Released Party and/or former director or officer of a Debtor, the knowledge of that individual regarding the Debtors' Opioid Related Activities may be asserted against that individual and form part of the Claim or Cause of Action in Canada, and any such assertion shall be without prejudice to all defenses of the applicable Shareholder Released Party or former officer or director to such assertion. The Debtors shall not seek an order from the Canadian Court in the CCAA Proceeding recognizing a Confirmation Order, including, without limitation, an order defining the scope of any release or injunction of any Claims or Causes of Action (a "**Confirmation Recognition Order**") unless such Confirmation Recognition Order includes a declaration confirming the foregoing terms of this paragraph.

3. To the extent that either a plan of reorganization confirmed in the Chapter 11 Cases or any document or agreement contemplated by or entered into pursuant to or in connection with such plan (including, without limitation, the Shareholder Settlement Agreement) does not comply

[3] "**Continuing Claims**" means any Claims or Causes of Action held by a Canadian Governmental Claimant, by the federal government of Canada or by the governments of any of the territories of Canada (collectively, the "**Canadian Governments**") against any non-Debtor person or entity (including, without limitation, and for greater certainty, Purdue Canada and/or each Shareholder Released Party) that (x) arise out of or relate to the conduct of any corporations, companies, partnerships and other entities formed under the laws of Canada or its provinces affiliated or associated with any of the Debtors, including, without limitation, Purdue Canada and (y) are not based upon any conduct of the Debtors, including any Opioid-Related Activities of the Debtors.

with the preceding paragraph, the Debtors agree that the release of, or injunction with respect to, any Continuing Claims set forth therein shall not be binding on the Canadian Governmental Claimants, the federal government of Canada or the governments of any of the territories of Canada and the Debtors shall not seek recognition by the Canadian Court of the Confirmation Order in respect of such plan in the CCAA Proceeding to such extent.

4. Conditioned upon approval of this Stipulation and Order by the Bankruptcy Court and this Stipulation and Order becoming a final and non-appealable order, subject to the terms of this Stipulation, and in exchange for the foregoing (the adequacy of which consideration is confirmed), all Canadian Proofs of Claim shall thereafter be deemed immediately withdrawn as of right pursuant to Bankruptcy Rule 3006, with no further notice or action of any kind required by any party, and the Canadian Governmental Claimants fully release the Debtors and their Related Parties (solely in their capacities as Related Parties of the Debtors), solely for actions taken in their respective capacities as such, from any Claims, obligations or liabilities in any way related to or arising from the Canadian Proofs of Claim and all corresponding litigation, but excluding, for greater certainty, all Continuing Claims. For the avoidance of doubt, the releases contained in this paragraph 4 are without limitation to any releases provided for in the Plan other than to the extent such releases in the Plan extend to Continuing Claims. By executing this Stipulation, the Parties and the Shareholder Released Parties agree that the Bankruptcy Court has jurisdiction to consider and approve this Stipulation, including, without limitation, all of its terms and conditions. Nothing in this Stipulation and Order shall be cited by any third party for purposes of limiting or expanding the Bankruptcy Court's jurisdiction over any Claims or releases provided for in the Plan not otherwise addressed herein.

5. To the extent the release of, or injunction with respect to, any Claims or Causes of Action that are not (i) defined as Continuing Claims under this Stipulation and (ii) based upon any conduct of the Debtors, including any Opioid Related Activities of the Debtors, is not recognized in a Confirmation Recognition Order entered by the Canadian Court ("**Additional Canadian Claims**"), then such Additional Canadian Claims, if and as held by the Canadian Governments, shall be deemed and shall automatically become Continuing Claims under this Stipulation regardless of when any such Additional Canadian Claim arises or such action by the Canadian Court occurs. To the extent that any plan of reorganization confirmed in the Chapter 11 Cases or any document or agreement contemplated by or entered into pursuant to or in connection with such plan (including, without limitation, the Shareholder Settlement Agreement or a stipulation with another party) provides for or results in the preservation and non-release of any Claims or Causes of Action that are not defined as Continuing Claims under this Stipulation, then such Claims and Causes of Action, if and as held by the Canadian Governments, shall be deemed and shall automatically become Continuing Claims hereunder regardless of when any such Claim or Cause of Action arises.

6. This Stipulation and Order is subject to Bankruptcy Court approval and shall only be effective when "SO ORDERED" by the Bankruptcy Court. If this Stipulation and Order is not approved by the Bankruptcy Court, it shall be null and void and shall not be referred to or used, for any purpose.

7. The Debtors and their claims and noticing agent are authorized to take all actions necessary to effectuate the relief set forth in this Stipulation and Order, including the withdrawal of the Canadian Proofs of Claim.

8. In the event that any of the Debtors' cases is dismissed for any reason, this Stipulation and Order, including, without limitation, any releases set forth herein, shall not be deemed effective and enforceable by, against or with respect to any such dismissed Debtor, provided, however, that the withdrawal of any Canadian Proofs of Claim asserted against any such dismissed Debtor shall be deemed without prejudice to any Canadian Governmental Claimant.

9. Nothing in this Stipulation and Order shall affect any of the rights and remedies of the Parties except as expressly set forth in this Stipulation and Order.

10. This Stipulation of counsel constitutes the entire agreement of the Parties with respect to the subject matter of this Stipulation. No modification, amendment or waiver of any of the provisions of this Stipulation shall be effective unless in writing and signed by the Parties.

11. This Stipulation of counsel embodied herein may be executed in multiple counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same instrument. This Stipulation may be executed by facsimile or PDF signature, and such signatures will be deemed to be as valid as an original signature, whether confirmed by delivery of the original in person.

12. The undersigned represent that they are fully authorized to enter into this Stipulation and Order on behalf of the Parties.

13. Unless expressly stated otherwise herein, this Stipulation is for the exclusive benefit of the Parties hereto. Nothing in this Stipulation shall be construed to give any person or entity (other than the Parties and the other Canadian Governments) any legal or equitable right, remedy or claim under or with respect to this Stipulation or any provision of this Stipulation. No person or entity (other than the Parties and the other Canadian Governments) shall have any right to enforce

the terms and conditions of this Stipulation, even if such person or entity would benefit from such terms and/or conditions.

14. The Bankruptcy Court shall retain jurisdiction to resolve any disputes between the Parties arising with respect to this Stipulation and Order, and this Stipulation and Order may not be amended or modified except by further Order of this Bankruptcy Court.

[*The remainder of this page is left intentionally blank.*]

DAVIS POLK & WARDWELL LLP

*/s/ Eli J. Vonnegut*
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Eli J. Vonnegut
James I. McClammy
Christopher S. Robertson

*Counsel to the Debtors*
*and Debtors in Possession*

PHILLIPS LYTLE LLP

By: ______________________________
340 Madison Avenue, 17th Floor
New York, NY 10173
Telephone: (212) 759-4888
Facsimile: (212) 308-9079
Nickolas Karavolas, Esq. (NK2504)

*Counsel to the Canadian Governmental Claimants*

ACKNOWLEDGED AND AGREED TO BY:

DEBEVOISE & PLIMPTON LLP

*/s/ Jasmine Ball*
919 Third Avenue
New York, NY 10022
Telephone: (212) 909-6000
Facsimile: (212) 909-6836
Jasmine Ball

*Attorney for Beacon Company*

JOSEPH HAGE AARONSON LLC

By: ______________________________
485 Lexington Avenue, 30th Floor
New York, New York 10017
Telephone: (212) 407-1200
Gregory P. Joseph
Mara Leventhal

*Counsel for the Raymond Sackler Family*

[*Signature Page to Stipulation and Agreed Order]*

DAVIS POLK & WARDWELL LLP

By: ___________________________
450 Lexington Avenue
New York, NY 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut
James I. McClammy

*Counsel to the Debtors and Debtors in Possession*

PHILLIPS LYTLE LLP

By: ___________________________
340 Madison Avenue, 17th Floor
New York, New York 10173
Telephone: (212) 759-4888
Facsimile: (212) 308-9079
Nickolas Karavolas, Esq. (NK2504)

*Counsel to the Canadian Governmental Claimants*

ACKNOWLEDGED AND AGREED TO BY:

DEBEVOISE & PLIMPTON LLP

By: ___________________________
919 Third Avenue
New York, NY 10022
Telephone: (212) 909-6000
Facsimile: (212) 909-6836
Jasmine Ball

*Attorney for Beacon Company*

JOSEPH HAGE AARONSON LLC

By: ___________________________
485 Lexington Avenue, 30th Floor
New York, New York 10017
Telephone: (212) 407-1200
Gregory P. Joseph
Mara Leventhal

*Counsel for the Raymond Sackler Family*

DAVIS POLK & WARDWELL LLP

By: ______________________________
450 Lexington Avenue
New York, NY 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut
James I. McClammy

*Counsel to the Debtors and Debtors in Possession*

PHILLIPS LYTLE LLP

By: ______________________________
340 Madison Avenue, 17th Floor
New York, New York 10173
Telephone: (212) 759-4888
Facsimile: (212) 308-9079
Nickolas Karavolas, Esq. (NK2504)

*Counsel to the Canadian Governmental Claimants*

ACKNOWLEDGED AND AGREED TO BY:

DEBEVOISE & PLIMPTON LLP

By: ______________________________
919 Third Avenue
New York, NY 10022
Telephone: (212) 909-6000
Facsimile: (212) 909-6836
Jasmine Ball

*Attorney for Beacon Company*

JOSEPH HAGE AARONSON LLC

By: Gregory P. Joseph
485 Lexington Avenue, 30th Floor
New York, New York 10017
Telephone: (212) 407-1200
Gregory P. Joseph
Mara Leventhal

*Counsel for the Raymond Sackler Family*

[*Signature Page to Stipulation and Agreed Order*]

SO ORDERED

/s/Robert D. Drain
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

Dated: White Plains, New York
August 10, 2021