UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | Chapter 11 |
| PURDUE PHARMA L.P., *et al.*,[1] | Case No. 19-23649 (RDD) |
| Debtors. | (Jointly Administered) |

### AMENDED ORDER ESTABLISHING PROCEDURES FOR REMOTE HEARING ON CONFIRMATION OF THE SIXTH AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION OF PURDUE PHARMA L.P. AND ITS AFFILIATED DEBTORS

Good and sufficient cause appearing this Order Amends and supersedes the Court's Order dated August 5, 2021, following the Court's receipt of additional comments on the prior Order and a pre-hearing conference on August 9, 2021.

Parties in interest in the above-captioned chapter 11 cases ("**Parties**") will appear before the Court for a hearing (the "**Confirmation Hearing**") beginning at 10:00 a.m. (prevailing Eastern Time) on Thursday, August 12, 2021 and continuing, as necessary, from day to day in each case starting at 10:00 a.m. (prevailing Eastern Time), except as otherwise set by the Court and as may be extended by the Court as the Court's schedule permits, regarding the confirmation of the *Sixth Amended Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and Its Affiliated Debtors* [Docket No. 3185] (as modified, amended or supplemented from time to time, the "**Plan**"). It is expected that the Confirmation Hearing will involve evidentiary presentation. Pursuant to

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

**Error! Unknown document property name.**

Rule 43(a) of the Federal Rules of Civil Procedure, made applicable here by Rule 9017 of the Federal Rules of Bankruptcy Procedure, the current COVID-19 pandemic provides good cause and compelling circumstances to allow the Confirmation Hearing to be conducted remotely by telephonic and video conferencing solutions. Accordingly, pursuant to this Court's General Order M-543, dated July 30, 2021 (Morris, C.J.) regarding the COVID-19 pandemic, as set forth in the *Third Amended Order Granting Debtors' Motion for Order Establishing Confirmation Schedule and Protocols* [Docket No. 3347], and after due deliberation, this Court adopts the following virtual hearing procedures which provide appropriate protocols in relation to the Confirmation Hearing.

IT IS HEREBY ORDERED THAT:

1. **Telephonic and Videoconferencing Solutions**. The Confirmation Hearing shall take place only virtually using both telephonic and videoconferencing solutions as set forth herein. The Court shall utilize Zoom (for audio and video purposes). The Zoom link shall be provided by the Court to the list of persons who have registered their appearance utilizing the Court's Electronic Appearance portal located on the Court's website (https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl) in accordance with Paragraph 2 below. All counsel that participate by Zoom shall participate in appropriate pre-Confirmation Hearing testing of Zoom as may be required by this Court's IT personnel.

2. **Prior Notice of Intent to Zoom**. Any party-in-interest who has filed a timely objection to or statement on confirmation of the Plan and wishes to participate shall register their appearance utilizing the Court's Electronic Appearance portal located at Judge Drain's calendar page on the Court's website (https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl) no later

2

than **Tuesday, August 10, 2021 at 4:00 p.m. prevailing Eastern Time**.[2] Unless a party indicates otherwise in its registration, such registration shall be for all days of the Confirmation Hearing. The Court will circulate the Zoom link to such persons participating by Zoom prior to each day of the Confirmation Hearing. Only the parties who have properly sought Zoom access from the Court shall be permitted to speak at the Confirmation Hearing.

3. **Live Video Feed of Confirmation Hearing**. Members of the public, including the press, wishing to **view but not participate in** the Confirmation Hearing may through a live video feed may do so in person at the United States Bankruptcy Court, One Bowling Green, New York, New York 10004. Advance registration utilizing the Court's Electronic Appearance portal located on the Court's website (https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl) in accordance with Paragraph 2 will be required in order to gain admittance to the live video feed at the courthouse. The live video feed of the Confirmation Hearing will be provided at the United States Bankruptcy Court, One Bowling Green, New York, New York 10004 at a limited occupant capacity. The Court's hearing overflow room 608 will be designated for fully vaccinated individuals without social distancing; entry into a designated secondary Courtroom will require compliance with the Court's COVID-19 Protocols, as set forth in this Court's General Order M-574 (Morris, C.J.), dated July 30, 2021.[3] Overflow Courtrooms will be designated for those who are viewing the live video feed. Entry into the Courthouse will require compliance with the Court's COVID-19 Protocols, as set forth in this Court's General Order M-574 (Morris, C.J.), dated July

---

[2] If such a party in interest is the Official Committee of Unsecured Creditors or an ad hoc committee, its members may view but not participate in the proceedings, via zoom, if they register their appearance as described above. Parties in interest what have resolved an objection to confirmation of the Plan and wish to participate in the proceedings via zoom to confirm such resolution also may do so by registering their appearance as described above.

[3] Parties are directed to refer to the Court's website on a daily basis for updates to the Court's Covid entry protocols at https://www.nysb.uscourts.gov/general-orders-and-guidance-created-covid-19 .

3

30, 2021 (https://www.nysb.uscourts.gov/general-orders-and-guidance-created-covid-19-0). All individuals, including fully vaccinated individuals, are mandated to wear masks at all times while in the Courthouse.

4. **Listen-In Access to the Confirmation Hearing**. Members of the public, including the press, wishing to **listen to but not to view** the Confirmation Hearing may utilize teleconference listen-only lines to be provided by the Court. The daily dial-in information will also be posted on the designated hearing date of the Judge's Public Hearing Calendar page, which can be found on the Court's website (https://www.nysb.uscourts.gov/calendars/rdd.html) as well as on the website of the Debtors' claims and noticing agent (https://restructuring.primeclerk.com/purduepharma/).

5. **Remote Witness Testimony and Exhibits**. Rule 43(a) of the Federal Rules of Civil Procedure, made applicable by Rule 9017 of the Federal Rules of Bankruptcy Procedure, provides that for "good cause in compelling circumstances" a witness may be permitted to testify by contemporaneous transmission from a location other than the courtroom. Having found that good cause and compelling circumstances exist here due to the COVID-19 pandemic, any witness called to testify at the Confirmation Hearing shall testify by contemporaneous transmission from a different location than the Court ("**Remote Witness**"). All Remote Witnesses shall be sworn in over Zoom, and such testimony will have the same effect and be binding upon the Remote Witness in the same manner as if such Remote Witness was sworn in by the Court in person in open court at the courthouse.

If there is an error or malfunction with Zoom, the testimony shall proceed by dial-in by using the telephone number provided in the Zoom dial-in invitation or another number to be provided by the Court if that dial-in number also does not function properly. The Party offering the Remote Witness shall be responsible for ensuring that the Zoom link, and all exhibits from all

Parties to be used during the Remote Witness' testimony are supplied to the Remote Witness in hard copy, or where a hard copy is unfeasible, with an electronic version, prior to when the witness is scheduled to testify.  Direct testimony shall be by declaration previously provided pursuant to the procedures prescribed for that purpose, and cross-examination and redirect examination, if any, shall be via Zoom as set forth above and herein.  Parties who wish to cross-examine a Remote Witness using an impeachment exhibit must provide a copy of such exhibit to the Court and opposing counsel, in a sealed and/or encrypted file to the Remote Witness not to be opened by the Remote Witness until instructed by the Court, either to the Remote Witness or to counsel presenting the Remote Witness on direct, so that the Remote Witness will have the impeachment exhibit during the Remote Witness' testimony at the Confirmation Hearing.  Notwithstanding the foregoing, a Party may for good cause shown seek to question a remote witness on cross-examination or redirect testimony utilizing, via screen-sharing, an exhibit not previously provided.  No person other than counsel for the Party offering or representing the Remote Witness may be present in the room from which the Remote Witness will testify during the testimony of the Remote Witness, with the exception of any person providing technical assistance to the Remote Witness and/or the counsel for the Party offering or representing such Remote Witness.  While the Remote Witness is testifying, the Remote Witness will not have in the room from which the Remote Witness will testify any documents except the Witness' declaration submitted as direct testimony (with exhibits, if any) and all exhibits from all parties that will have been provided as set forth herein.  Remote Witnesses testifying via Zoom shall utilize the Zoom link only during the time they are testifying and shall disconnect from the Zoom link upon the conclusion of the Remote Witness' testimony.

**Error! Unknown document property name.**

Parties intending to submit exhibits at the Confirmation Hearing shall meet and confer in advance of the Confirmation Hearing to use their best efforts to agree on the admissibility into evidence of the proposed exhibits. By no later than **August 5, 2021 at 4:00 p.m. prevailing Eastern Time**, the parties shall, through the Debtors' counsel, provide the Court's chambers with (a) a binder(s) of exhibits whose admissibility into evidence for purposes of the Confirmation Hearing is agreed, (b) a binder of proposed exhibits whose admissibility into evidence is not agreed, and (c) copies of all witness direct testimony declarations.

6. **Courtroom Formalities**. Although conducted using videoconferencing solutions, the Confirmation Hearing constitutes a court proceeding, and any recording other than the official court version is prohibited. The photographing and rebroadcasting of the Confirmation Hearing from any location is also prohibited. The formalities of a courtroom must be observed. When appearing by Zoom, each counsel must be situated in such a manner as to be able to view the video screen and be seen by the Court. When called to testify, a Remote Witness must be situated in such a manner as to be able to view the video screen and be seen by the Court. Those appearing by Zoom may be dropped from the link if they do not comply with this Order.

7. **Retention of Jurisdiction**. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: August 9, 2021
      White Plains, New York

                                            */s/ Robert D. Drain*
                                            THE HONORABLE ROBERT D. DRAIN
                                            UNITED STATES BANKRUPTCY JUDGE