## Exhibit A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | Chapter 11 |
| **PURDUE PHARMA L.P.,** *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

### THIRD SUPPLEMENTAL ORDER AUTHORIZING THE DEBTORS TO ASSUME THE REIMBURSEMENT AGREEMENT AND PAY THE FEES AND EXPENSES OF THE AD HOC COMMITTEE'S PROFESSIONALS

Upon the motion (the "**Motion**")[2] of Purdue Pharma L.P. and its affiliates that are debtors and debtors in possession in these cases (collectively, the "**Debtors**") for entry of an order (this "**Supplemental Order**") supplementing the order (the "**Reimbursement Order**") entered by the Court [D.I. 553] (as supplemented prior to the date hereof) (a) authorizing the Debtors, pursuant to sections 105(a), 363(b) and 365 of title 11 of the United States Code (the "**Bankruptcy Code**"), to assume the Reimbursement Agreement, and (b) authorizing but not directing the Debtors to pay the reasonable and documented fees and expenses under the Reimbursement Agreement; and the Court having jurisdiction to enter this Supplemental Order and the relief requested in accordance with 28 U.S.C. §§ 157(a)–(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014).  The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

consideration of the Supplemental Order and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Supplemental Order having been provided; and there being no objections to the requested relief; and it appearing that no other or further notice or a hearing is required; and after due deliberation the Court having determined that there is good and sufficient cause for the relief granted herein and that such relief is in the best interests of the Debtors, their estates, their creditors, and all parties in interest,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted to the extent set forth herein.

2. The Reimbursement Order is supplemented to authorize Gilbert LLP, in its capacity as counsel to the Ad Hoc Committee of Governmental and Other Contingent Claimants (the "**Ad Hoc Committee**"), to engage Gnarus Advisors, LLC ("**Gnarus**") as an expert for the Ad Hoc Committee in preparation for and in connection with the Confirmation Hearing, on the terms and conditions set forth in the Engagement Letter attached to the Motion as **Exhibit B**. The Debtors are authorized to compensate and reimburse Gilbert LLP for Gnarus's services pursuant to the terms of the Engagement Letter, subject to the terms of the Reimbursement Order.

3. Except as expressly set forth herein, all other terms of the Reimbursement Order shall remain valid and fully enforceable.

4. The contents of the Motion and the notice procedures set forth therein are good and sufficient notice and satisfy the Bankruptcy Rules and the Local Rules, and no other or further notice of the Motion or the entry of this Order shall be required.

5. The terms and conditions of this Order shall be immediately effective and

enforceable upon its entry, notwithstanding the possible applicability of Bankruptcy Rule 6004, 7062, or 9014.

6.     The relief granted herein shall be binding upon any Chapter 11 trustee appointed in any of these Chapter 11 cases or upon any Chapter 7 trustee appointed in the event of a subsequent conversion of any of these Chapter 11 cases to cases under Chapter 7.

7.     The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated:   _____, 2021
        White Plains, New York

                                        THE HONORABLE ROBERT D. DRAIN
                                        UNITED STATES BANKRUPTCY JUDGE