UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| PURDUE PHARMA L.P., et al., | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

### STIPULATION IN CONNECTION WITH
### THE DEBTORS' CHAPTER 11 PLAN OF REORGANIZATION

This Stipulation (this "**Stipulation**") is entered into as of August 11, 2021, by and among the above captioned debtors and debtors in possession (collectively, the "**Debtors**" or "**Purdue**"), Mark Timney, a former officer of Purdue ("**Timney**"), and John H. Stewart, a former officer of Purdue ("**Stewart**" and, together with Timney, the "**Settling Executives**" and, collectively with the Debtors, the "**Parties**"), and acknowledged and agreed to by the Official Committee of Unsecured Creditors, the Ad Hoc Committee of Governmental and Other Contingent Litigation Claimants, the Multi-State Governmental Entities Group and the Ad Hoc Group of Non-Consenting States (collectively, the "**Acknowledging Parties**").

WHEREAS, on July 24, 2020, Stewart filed proofs of claim to assert Claims against the Debtors for advancement and indemnification of legal fees and expenses and contribution from the Debtors in connection with proceedings wherein Stewart is named as a defendant or a

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

witness by reason of his position as a former chief executive officer of Purdue [Claim Nos. 82991, 83013] (collectively, the "**Stewart Proofs of Claim**");

WHEREAS, on July 24, 2020, Timney filed a proof of claim to assert Claims against the Debtors for (i) benefits under Purdue's director and officer insurance programs or any other insurance policy to which Timney is entitled in his capacity as a former officer of Purdue and (ii) rights and entitlements that Timney has or may have to indemnification, contribution, reimbursement or other payments, including damages, costs, and expenses related thereto, from the Debtors in connection with proceedings in which he is named as a defendant or a witness by reason of his position as a former chief executive officer of Purdue [Claim No. 83026] (the "**Timney Proof of Claim**" and, together with the Stewart Proofs of Claims, the "**Proofs of Claim**");

WHEREAS, on June 3, 2021, the Debtors filed the *Fifth Amended Join Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and Its Affiliated Debtors* [D.I. 2982] (as modified, amended or supplemented from time to time, including pursuant to D.I. 3185, the "**Plan**");[2]

WHEREAS, in connection with the Plan, on July 8, 2021, the Debtors filed the Schedule of Excluded Parties as Exhibit DD to the *Notice of Filing of Eighth Plan Supplement Pursuant to the Fifth Amended Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and Its Affiliated Debtors* [D.I. 3121];

WHEREAS, the Settling Executives were included on the Schedule of Excluded Parties at the request of the Ad Hoc Group of Non-Consenting States;

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Plan.

2

WHEREAS, on July 19, 2021, Stewart filed the *Objection of John H. Stewart to Confirmation of the Sixth Amended Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and Its Affiliated Debtors* [D.I. 3273] (the "**Stewart Confirmation Objection**");

WHEREAS, the Parties have agreed, and the Acknowledging Parties have consented, to the resolution of the claims and controversies that are the subject matter hereof as set forth in this Stipulation;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED AS FOLLOWS:**

1. On the later of January 15, 2022 and the Effective Date, each Settling Executive shall pay to the Master Disbursement Trust cash in the amount of $3,000,000 for total payments of $6,000,000 (collectively, the "**Settlement Payments**").

2. Each Settling Executive hereby waives and releases all past, current and future rights: (a) to advancement of fees and expenses, indemnification, reimbursement, contribution and any other amounts from the Debtors or their Estates other than as expressly set forth in Paragraph 5(b) of this Stipulation; and (b) under any Purdue Insurance Policy; *provided* that nothing herein is intended to or does release or limit any rights the Settling Executives may have with respect to any insurance policy that is not a Purdue Insurance Policy. For the avoidance of doubt, neither Settling Executive shall be entitled to indemnification or reimbursement from the Debtors or their Estates or under any Purdue Insurance Policy for any portion of the Settlement Payments.

3. From and after the Effective Date, each Settling Executive shall fully cooperate with the Master Disbursement Trust in connection with, among other things, the investigation, prosecution and/or settlement of the MDT Insurance Rights, the MDT Shareholder Rights and

3

the MDT Causes of Action, including, without limitation, any claims against any MDT Insurer, any Excluded Party or any Shareholder Release Snapback Party (in connection with any actual or potential Notice of a Shareholder Release Snapback).

4. The Settling Executive shall be deemed to have withdrawn, with prejudice, and shall not refile or otherwise assert or pursue, directly or indirectly, (a) any and all objections to the Plan, including, without limitation, the Stewart Confirmation Objection; and (b) any and all Claims (including Administrative Claims) against the Debtors or their Estates, including, without limitation, the Proofs of Claims.

5. As of the date hereof:

(a) each Settling Executive shall be (i) deemed removed from the Schedule of Excluded Parties and will no longer constitute an Excluded Party for any purpose under with the Plan and (ii) deemed a Released Party for all purposes under the Plan, including without limitation the Releases and the Channeling Injunction; *provided* that, if a Settling Executive does not provide to the Master Disbursement Trust the Settlement Payment due from such Settling Executive within the time period specified in Paragraph 1 of this Stipulation, then such Settling Executive shall be deemed an Excluded Party, and not be a Released Party, for all purposes under the Plan; and

(b) each Settling Executive shall be entitled to seek advancement or reimbursement from the Plan Administration Trust pursuant to Section 5.3(e) of the Plan for reasonable attorneys' fees and expenses incurred by such Settling Executive after the Effective Date and before the

sixth (6th) anniversary of the Effective Date solely in connection with such Settling Executive's cooperation under Paragraph 3 of this Stipulation or such Settling Executive's defense of the Releases or the Channeling Injunction in favor of such Settling Executive, subject in all respects to the limitations on advancement and reimbursement set forth in Section 5.3(e) of the Plan, other than clause (ii) thereof insofar as it relates to such Settling Executive's refusal to testify prior to the date hereof; *provided* that, if a Settling Executive does not provide to the Master Disbursement Trust the Settlement Payment due from such Settling Executive within the time period specified in Paragraph 1 of this Stipulation, then such Settling Executive shall not be entitled to seek the advancement or reimbursement described herein.

6. Promptly upon receipt of the Settlement Payments (and in no event later than two (2) Business Days after receipt thereof), the Master Disbursement Trust shall pay such amounts to NOAT as a Public Creditor Trust Distribution, notwithstanding anything contrary in the MDT Agreements or any other Plan Document.

7. This Stipulation shall be valid, binding and enforceable upon confirmation by the Bankruptcy Court of the Plan; *provided* that the Confirmation Order shall approve the terms of this Stipulation, which shall be deemed incorporated into the Plan. If this Stipulation is not approved by the Bankruptcy Court in the Confirmation Order, it shall be null and void and shall not be referred to or used for any purpose.

8. The Debtors and their claims and noticing agent are authorized to take all actions necessary to effectuate the relief set forth in this Stipulation, including the withdrawal of the Proofs of Claim.

9. Notwithstanding anything to contrary herein, in the event of a breach of any of the terms hereof at any time by either Settling Executive, (a) this Stipulation, the Releases and the Channeling Injunction shall be *void ab initio* with respect to such Settling Executive and (b) such Settling Executive shall be deemed an Excluded Party, and not a Released Party, for all purposes under the Plan.

10. Nothing in this Stipulation shall affect any of the rights or remedies of the Parties except as expressly set forth in this Stipulation, and the Parties each reserve all rights regarding any contentions of law or fact raised in connection with any of the pleadings or Proofs of Claim referenced herein.

11. This Stipulation constitutes the entire agreement of the Parties with respect to the subject matter of this Stipulation. No modification, amendment or waiver of any of the provisions of this Stipulation shall be effective unless in writing and signed by the Parties.

12. This Stipulation embodied herein may be executed in multiple counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same instrument. This Stipulation may be executed by facsimile or PDF signature, and such signatures will be deemed to be as valid as an original signature, whether or not confirmed by delivery of the original in person.

13. For the avoidance of doubt, this Stipulation reflects the agreement by members of the Ad Hoc Group of Non-Consenting States to comply voluntarily with the releases of Settling Executives, as and to the extent set forth herein, and in no way limits or impairs the objections

raised by California, Connecticut, Delaware, the District of Columbia, Maryland, Oregon, Rhode Island, Vermont and Washington to confirmation of the Plan, including their opposition to non-consensual third-party releases.[3]

14. The undersigned represent that they are fully authorized to enter into this Stipulation on behalf of their respective clients.

15. The Bankruptcy Court shall have and retain jurisdiction to resolve any disputes arising with respect to this Stipulation, and, upon approval in the Confirmation Order, this Stipulation may not be amended or modified except by further Order of the Bankruptcy Court.

[*The remainder of this page is left intentionally blank.*]

---

[3] Further, Washington's agreement to this Stipulation reflects only its agreement to honor the Stipulation and resolution negotiated by its sister states and not Washington's agreement to the use of third-party releases in bankruptcy proceedings in any other setting.

DAVIS POLK & WARDWELL LLP

*/s/ Marshall S. Huebner*
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Eli J. Vonnegut
James I. McClammy
Christopher S. Robertson

*Counsel to the Debtors
and Debtors in Possession*

| | |
|---|---|
| MARINO, TORTORELLA & BOYLE, P.C. | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| | |
| */s/ Kevin H. Marino* | */s/ John Potter* |
| Kevin H. Marino | John Potter |
| John D. Tortorella | 50 California Street, 22nd Floor |
| John A. Boyle | San Francisco, California 94111 |
| 437 Southern Boulevard | Telephone: (415) 875-6600 |
| Chatham, New Jersey 07928-1488 | |
| Telephone: (973) 824-9300 | |
| | |
| *Counsel to John H. Stewart* | *Counsel to Mark Timney* |

[*Signature Page to Stipulation*]

ACKNOWLEDGED AND AGREED TO BY:

| | |
|---|---|
| AKIN GUMP STRAUSS HAUER & FELD LLP | KRAMER LEVIN NAFTALIS & FRANKEL LLP |
| /s/ *Arik Preis* | /s/ *Kenneth H. Eckstein* |
| Ira S. Dizengoff | Kenneth H. Eckstein |
| Arik Preis | Rachael Ringer |
| Mitchell P. Hurley | Jonathan Wagner |
| Sara L. Brauner | David E. Blabey Jr. |
| Edan Lisovicz | 1177 Avenue of the Americas |
| Theodor James Salwen | New York, New York 10036 |
| One Bryant Park | Telephone: (212) 715-9100 |
| New York, New York 10036 | |
| Telephone: (212) 872-1000 | |
| Facsimile: (212) 872-1002 | |
| *Counsel to the Official Committee of Unsecured Creditors* | *Counsel to the Ad Hoc Committee of Governmental and Other Contingent Litigation Claimants* |
| CAPLIN & DRYSDALE, CHARTERED | PILLSBURY WINTHROP SHAW PITTMAN LLP |
| /s/ *Kevin C. Maclay* | /s/ *Andrew M. Troop* |
| Kevin C. Maclay, Esq. | Andrew M. Troop |
| Todd E. Phillips, Esq. | Hugh M. McDonald |
| Jeffrey A. Liesemer, Esq. | Andrew V. Alfano |
| Nathaniel R. Miller, Esq. | 31 West 52nd Street |
| George M. O'Connor. Esq. | New York, New York 10019 |
| One Thomas Circle, NW, Suite 1100 | Telephone: (212) 858-1000 |
| Washington, DC 20005 | |
| Telephone: (202) 862-5000 | |
| Facsimile: (202) 429-3301 | |
| *Counsel to the Multi-State Governmental Entities Group* | *Counsel to the Ad Hoc Group of Non-Consenting States* |

[*Signature Page to Stipulation*]