STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- x
:
In re                                                      :        Chapter 11
                                                           :
PURDUE PHARMA L.P., *et al.*,                              :        Case No. 19-23649 (RDD)
                                                           :
                                        Debtors.           :        Jointly Administered
                                                           :
---------------------------------------------------------- x

**OBJECTION OF UNITED STATES TRUSTEE TO DEBTORS' EX PARTE MOTION ENTRY OF AN ORDER SHORTENING NOTICE WITH RESPECT TO THE DEBTORS' MOTION PURSUANT TO 11 U.S.C. §§ 105(a) AND 363(b) FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO FUND ESTABLISHMENT OF THE CREDITOR TRUSTS, THE MASTER DISBURSEMENT TRUST AND TOPCO, (II) DIRECTING PRIME CLERK LLC TO RELEASE CERTAIN PROTECTED INFORMATION, AND (III) GRANTING OTHER RELATED RELIEF**

TO:    THE HONORABLE ROBERT D. DRAIN,
       UNITED STATES BANKRUPTCY JUDGE:

William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee"), hereby submits this objection (the "Objection") to the *Debtors' Ex Parte Motion for Entry of an Order Shortening Notice with Respect to the Debtors' Motion Pursuant to 11 U.S.C. §§ 105(a) and 363(b) for Entry of an Order (I) Authorizing the Debtors to Fund Establishment of the Creditor Trusts, the Master Disbursement Trust and TopCo, (II) Directing Prime Clerk LLC to Release Certain Protected Information, and (III) Granting Other Related Relief* [ECF No. 3485] (the "Motion") **and to** the *Debtors' Motion Pursuant to 11 U.S.C. §§ 105(a) and 363(b) for Entry of an Order (I) Authorizing the Debtors to Fund Establishment of the Creditor Trusts, the Master Disbursement Trust and TopCo, (II) Directing Prime Clerk LLC to Release Certain Protected Information, and (III) Granting Other Related Relief* [ECF No. 3484] (the "Advance Motion"). In support thereof, the United States Trustee respectfully states:

**PRELIMINARY STATEMENT**

1.      With the confirmation hearing just starting, the Debtors seek contradictory relief. The Motion seeks an expedited hearing on August 19, 2021, while the Advance Motion states that the Debtors only seek to have the Advance Motion heard if the Plan is confirmed (the Court has currently scheduled the confirmation hearing to continue until August 27, 2021). Accordingly, any hearing on the Advance Motion prior to confirmation is premature. Rather than wait two weeks for the conclusion of the confirmation hearing, and the Court's decision of whether to confirm the Debtors' Plan, the Debtors filed these two motions seeking approval to commit to the advance funding of trusts contemplated by an unconfirmed Plan. At best, the motions would expedite the commitment to fund the trusts by little more than two weeks. At worst, the time and effort to secure that commitment is unnecessary if the Plan is not confirmed. In any event, there is no justification for the Debtors to distract the parties' and the Court's attention from the heavily contested confirmation hearing by interrupting that hearing to consider the Advance Motion.

## OBJECTION

2.      On the eve of the confirmation hearing in these cases, the Debtors filed the Motion and the Advance Motion, seeking a hearing on shortened notice on the Advance Motion for August 19, 2021, at 10:00 a.m. with written objections due on August 16, 2021, at 12:00 p.m. *See* Motion, ¶¶ 13-14. The relief requested in the Advance Motion is predicated on approval of the *Debtors' Sixth Amended Joint Chapter 11 Plan of Purdue Pharma L.P. and its Affiliated Debtors* [ECF No. 3185]. *See* Advance Motion, ¶ 3. The *Debtors' Seventh Amended Joint Chapter 11 Plan of Purdue Pharma L.P. and its Affiliated Debtors* [ECF No. 3545] (the "Plan") was filed on August 12, 2021. The confirmation hearing for the proposed Plan began on August 12, 2021, and will likely conclude by August 27, 2021.

2

3. "Bankruptcy courts should review *ex parte* motions to reduce the notice period carefully to be certain that there is, indeed, good cause for the handicap to the respondents and to the court's information-gathering capacity that is likely to result." *State Bank v. Gledhill (In re Gledhill)*, 76 F.3d 1070, 1084 (10th Cir. 1996)( quoting *Hester v. NCNB Nat'l Bank (In re Hester)*, 899 F.2d 361, 364 n.3 (5th Cir. 1990)); *In re Sandra Cotton, Inc.*, 65 B.R. 153, 156 (W.D.N.Y. 1986)( "The flexibility written into Bankruptcy Rule 9006 to reduce the time for notice should be sparingly invoked and may be invoked only for cause shown."). The Debtors acknowledge that the purpose of the Advance Motion is to facilitate the "advance set-up work prior to the Effective Date" of a number of entities to be created under the proposed Plan. Advance Motion, ¶ 1. The Debtors, however, fail to state how this relief is urgent or appropriate when the Plan has not been confirmed. There is no melting ice cube here, and all of the proposed transfers can occur after confirmation without harm to any creditors. As such, the Debtors' fail to demonstrate any cause to support their request to shorten notice, and the Motion should be denied.

4. In contrast, granting the Motion would prejudice those parties objecting to plan confirmation ("objecting parties"). The objecting parties have diligently prepared for a heavily contested confirmation hearing. In the midst of the multi-day confirmation hearing, the objecting parties would now have to object to the Advance Motion—given that the Advance Motion deals with implementation of a Plan that the objecting parties believe is unconfirmable—on an expedited basis when there is no established exigency or need for the relief requested.

5. The Debtors state that the Advance Motion would only be heard after confirmation. *See* Advance Motion, ¶ 3 ("[T]he Debtors only seek to have this Motion heard if the Plan is confirmed to ensure that the Proposed Advances are not wasted."). In the Motion,

however, they seek to schedule the hearing on the Advance Motion for August 19 before the confirmation hearing is scheduled to conclude. The Motion and Advance Motion thus contradict each other.

6. Nevertheless, there is no need to schedule a hearing on the Advance Motion at all if, as it appears, the Debtors only seek to take actions that are contemplated by the Plan. If the Court confirms the Plan, the relief requested by the Advance Motion will be authorized by the confirmation order. For example, after confirmation, if debtors want to expedite the payments set forth in the proposed budgets for the trusts, that arrangement could be included in supporting plan documents and approved as part of confirmation. It makes no sense to interrupt the confirmation hearing for the Court to consider a separate motion that only seeks authority to consummate already-contemplated Plan transactions. Thus, it is wholly unnecessary for the Court to hold a hearing on the Advance Motion on August 19, 2021, and it would be a waste of resources for all parties (including the Debtors) to expend time addressing the Advance Motion when these matters should and will be resolved through the confirmation process. (Conversely, if the Court denies confirmation of the Plan, the Advance Motion must similarly be denied as it would implement a Plan not confirmed).

7. Moreover, the Advance Motion must be denied for the same reasons advanced by the objecting parties in their objections to Plan confirmation. *See, e.g., Objection of United States Trustee to Sixth Amended Joint Chapter 11 Plan of Purdue Pharma L.P. and Its Affiliated Debtors* (ECF No. 3256). The premise of the Advance Motion is the Debtors' presumption that confirmation is a foregone conclusion, but that is far from clear due to significant infirmities in the Plan. Among other issues, the Plan contemplates the extraordinarily broad, non-consensual release of the Sackler Family from any and all claims related to the opioid crisis, including direct

claims of victims against the Sackler Family, which constitutes an impermissible discharge of hundreds (and possibly thousands) of non-debtors. The legality of these non-consensual releases has been challenged by a number of objecting parties, including the United States Trustee, and their inclusion in the Plan renders it unconfirmable. The Debtors should not be permitted to prejudice parties in interest by forcing them to respond to the Advance Motion based on the assumption that the Plan will be confirmed.

8. Accordingly, the Court should deny the Motion, and the underlying Advance Motion should not be heard, if at all, until a decision has been rendered regarding confirmation of the Plan.

## CONCLUSION

WHEREFORE, the United States Trustee respectfully submits that the Court sustain the Objection of the United States Trustee and grant such other relief as is just.

Dated: New York, New York
August 13, 2021

Respectfully submitted,

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE, Region 2

By: */s/ Paul K. Schwartzberg*
Paul K. Schwartzberg
Brian S. Masumoto
Trial Attorneys
Department of Justice
201 Varick Street, Room 1006
New York, New York 10014
Tel. (212) 510-0500

5