**Objection Deadline: August 24, 2021 at 12:00 p.m. (Eastern Time)**
**Presentment Date: August 27, 2021 at 12:00 p.m. (Eastern Time)**

**SULLIVAN & WORCESTER LLP**
1633 Broadway
New York, New York 10019
(212) 660-3000 (Telephone)
(212) 660-3001 (Facsimile)
Jeffrey R. Gleit, Esq.
Allison Weiss, Esq.

*Proposed Conflicts Counsel to the Debtors*
*and Debtors in Possession.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| PURDUE PHARMA L.P., *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

**DEBTORS' APPLICATION FOR ORDER**
**PURSUANT TO 11 U.S.C. §§ 327(a) AND 328 AND**
**FED. R. BANKR. P. 2014(a) AUTHORIZING THE EMPLOYMENT**
**AND RETENTION OF SULLIVAN & WORCESTER LLP AS SPECIAL**
**CONFLICTS COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION**

Purdue Pharma L.P. ("**PPLP**") and its affiliates that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**," the "**Company**" or "**Purdue**") hereby submit this Application (the "**Application**") to this Court for an order under sections 327(a) and 328 of

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

- 1 –

4820-7730-5332, v.5

title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "**Local Bankruptcy Rules**"), authorizing the employment and retention of Sullivan & Worcester LLP ("**Sullivan & Worcester**") as special conflicts counsel for the Debtors, effective as of August 4, 2021. In support of this Application, the Debtors rely upon the *Declaration of Jeffrey R. Gleit in Support of the Debtors' Application for Order Pursuant to 11 U.S.C. §§ 327(a) and 328 and Fed. R. Bankr. P. 2014(a) Authorizing the Employment and Retention of Sullivan & Worcester LLP as Special Conflicts Counsel to the Debtors and Debtors in Possession* (the "**Gleit Declaration**") filed contemporaneously herewith and attached hereto as **Exhibit A** and the *Declaration of Marc L. Kesselman in Support of the Debtors' Application for Order Pursuant to 11 U.S.C. §§ 327(a) and 328 and Fed. R. Bankr. P. 2014(a) Authorizing the Employment and Retention of Sullivan & Worcester LLP as Special Conflicts Counsel to the Debtors and Debtors in Possession* (the "**Kesselman Declaration**") filed contemporaneously herewith and attached hereto as **Exhibit B**, and respectfully state as follows:

**JURISDICTION AND VENUE**

1.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Debtors consent to entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter a final order or

judgment consistent with Article III of the United States Constitution. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. On September 15, 2019 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On September 26, 2019, the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed the creditors' committee pursuant to section 1102 of the Bankruptcy Code [D.I 131]. No request has been made for the appointment of a trustee in above-captioned chapter 11 cases (the "**Chapter 11 Cases**"). These chapter 11 cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) and the Order Directing Joint Administration of Chapter 11 Cases [D.I. 59] entered by the Court in each of the chapter 11 cases. Additional information about the Debtors' businesses and the events leading up to the Petition Date can be found in the Debtors' Informational Brief [D.I. 17].

## RELIEF REQUESTED

3. The Debtors have retained Davis Polk & Wardwell LLP ("**Davis Polk**") as their attorneys to represent them in these Chapter 11 Cases as general restructuring counsel. Davis Polk is lead counsel and has the primary responsibility for advising and representing the Debtors. By this Application, under sections 327(a) and 328 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016 and Local Bankruptcy Rules 2014-1 and 2016-1, the Debtors request entry of an Order (the "**Proposed Order**") substantially in the form attached hereto as **Exhibit C** authorizing the Debtors to employ and retain Sullivan & Worcester pursuant to Part F

of the *Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* (the "**Appendix B Guidelines**") as the Debtors' special conflicts counsel in these Chapter 11 Cases effective as of August 4, 2021 to handle any matters that the Debtors may encounter which may not be handled by Davis Polk due to a potential or actual conflict of interest with certain creditors of the Debtors or other parties in interest in these cases, and to perform such other discrete duties described herein. Sullivan & Worcester shall serve as secondary counsel to the Debtors.

4. Sullivan & Worcester has worked hard to develop and perfect the special conflicts counsel business model so that it best serves the interests of the Debtors' estates. Indeed, the U.S. Trustee encourages debtors to retain separate counsel to perform services "when lead bankruptcy counsel is subject to a limited, not pervasive, conflict of interest that prevents it from performing some small part of its duties." Appendix B Guidelines, Part F(2)(a).

## BASIS FOR RELIEF

5. The Debtors have selected Sullivan & Worcester as its special conflicts counsel because of the experience and expertise of the firm's attorneys in bankruptcy cases. Sullivan & Worcester's broad based practice, which includes expertise in litigation, corporate law, tax and real estate, as well as in bankruptcy matters, will permit it to fully represent the interests of the Debtors in an efficient and effective manner. Sullivan & Worcester has offices in New York, Boston, Washington, DC, London and Tel Aviv. The Debtors have been informed that the Sullivan & Worcester attorneys who will be engaged in the Chapter 11 Cases are admitted to practice before the Court or shall, as necessary, seek to be admitted, *pro hac vice*. The Debtors believe that Sullivan & Worcester is well qualified to represent them in the Chapter

11 Cases. The services of Sullivan & Worcester are appropriate and necessary to enable the Debtors to execute their duties as debtors and debtors in possession faithfully and to implement the restructuring of the Debtors.

### Scope of Services

6. As set forth in the Declaration of Marc L. Kesselman in support of the Debtors' application for an order authorizing the retention of Davis Polk, there are parties in this case that Davis Polk has represented, currently represents or in the future likely will represent in matters wholly unrelated to the Debtors and the Chapter 11 Cases.

7. In particular, Davis Polk has represented, currently represents or in the future likely will represent in matters wholly unrelated to the Debtors and the Chapter 11 Cases certain of the Distributors, Manufacturers, and Pharmacies listed on Exhibit A to that certain *Joint Objection of Certain Distributors, Manufacturers, and Pharmacies to the Sixth Amended Joint Chapter 11 Plan of Purdue Pharma L.P. and its Affiliated Debtors* [D.I. 3306] (the "**DMP Objection**") (collectively, the "**DMPs**"). Accordingly, the Debtors seek to retain Sullivan & Worcester in order to, *inter alia*, prepare, on behalf of the Debtors, as debtors in possession, all necessary or appropriate motions, applications, objections, replies, answers, orders, reports and other papers in response to the DMP Objection (the "**DMP Matter**").

8. Moreover, in the event that the Debtors are pursuing a position that would cause a connection with a client of Davis Polk that has the potential to mature into and become a conflict of interest (together with the DMP Matter, "**Conflict Matters**"), Sullivan & Worcester shall become involved in such matter so that Sullivan & Worcester can advise the Debtors in such Conflict Matters. If such Conflict Matter becomes an actual conflict, Sullivan & Worcester shall take over such matter.

4820-7730-5332, v.5

9. Subject to further order of the Court, the Debtors propose to employ Sullivan & Worcester to render such legal services as may be requested by the Debtors and able to be performed by Sullivan & Worcester, including, without limitation, preparing, on behalf of the Debtors, as debtors in possession, all necessary or appropriate motions, applications, objections, replies, answers, orders, reports and other papers in response to the DMP Objection.

10. As these Chapter 11 Cases unfold, there may be other tasks that the Debtors determine are best suited to Sullivan & Worcester's skills. As matters are identified by the Debtors that are not generally described herein, Sullivan & Worcester will file a supplemental declaration in accordance with Bankruptcy Rule 2014 and Part F of the Appendix B Guidelines and provide notice of the filing sufficient to afford parties in interest an opportunity to object. The timeliness of a disclosure will be assessed based on the facts and circumstance of the situation, including whether earlier disclosure would reveal privileged information or compromise the Debtors' abilities to perform its statutory responsibilities under the Bankruptcy Code.

## Efforts to Avoid Duplication of Services

11. The Debtors are mindful of the need to avoid duplication of services, and appropriate procedures will be implemented to ensure that there is no unnecessary duplication of effort by Sullivan & Worcester. Sullivan & Worcester shall report to Marc L. Kesselman, Executive Vice President, General Counsel & Corporate Secretary Purdue Pharma L.P.

## Compensation

12. The Debtors request that Sullivan & Worcester be compensated on an hourly basis in accordance with the firm's ordinary and customary rates that are in effect on the

date the services are rendered. As set forth in the Gleit Declaration, Sullivan & Worcester's current hourly rates are:

| | |
|---|---|
| Partners of the Firm | $570 - $1,550 |
| Of Counsel | $630 - $1,160 |
| Counsel | $500 - $975 |
| Associates | $415 - $660 |
| Paralegals | $235 - $450 |
| Law Clerks | $155 - $260 |

13. The rates for the attorneys currently assigned to the case are $900 for Jeffrey Gleit (Partner), $750 for Amy A. Zuccarello (Partner), $750 for Allison Weiss (Counsel), $605 for Nathaniel R.B. Koslof (Associate) and $530 for Ryan Rosenblatt (Associate). Sullivan & Worcester periodically reviews and adjusts its rates based on attorneys' experience and expertise. The next such adjustment is tentatively scheduled to take place on or around January 1, 2022.

14. The Debtors understand that, in connection with the reimbursement of reasonable and necessary expenses, it is Sullivan & Worcester's policy to charge its clients for certain expenses incurred in connection with providing certain client services, including travel, meals, lodging, photocopying, postage, vendor charges, delivery service and other expenses incurred in providing professional services.

15. Sullivan & Worcester has not been paid a retainer in these cases.

16. Sullivan & Worcester will be required to apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Chapter 11 Cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules and any other applicable procedures and orders of the Court. The Debtors understand that Sullivan & Worcester intends to make reasonable efforts to comply with the Office of the United States Trustee for Region 2's requests

for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective November 1, 2013* (the "**UST Guidelines**"), in connection with any interim and final fee applications to be filed by Sullivan & Worcester in the Chapter 11 Cases.

### Sullivan & Worcester's Disinterestedness

17. The Debtors have reviewed the Gleit Declaration and, to the best of the Debtors' knowledge, Sullivan & Worcester and its professionals (a) are "disinterested" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and, as required by section 327(a) and referenced by section 328(c) of the Bankruptcy Code, neither hold nor represent any interest adverse to the Debtors or their estates and (b) except as disclosed in the Gleit Declaration, have no relevant and disabling connection to the Debtors, their significant creditors or certain other potential parties in interest whose names were supplied to Sullivan & Worcester by the Debtors.

### BASIS FOR RELIEF

18. The Debtors seek approval of Sullivan & Worcester's retention and compensation structure pursuant to sections 327(a) and 328(a) of the Bankruptcy Code. Section 327(a) of the Bankruptcy Code provides, in relevant part, as follows:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a).

19. The Debtors seek approval of the compensation structure as set forth in this Application pursuant to section 328(a) of the Bankruptcy Code. Section 328(a) of the Bankruptcy Code provides, in relevant part, that the Debtors "with the court's approval, may employ or authorize the employment of a professional person under section 327 . . . on any reasonable terms and conditions of employment, including on retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis" subject to later re-evaluation by the Court. 11 U.S.C. § 328(a).

20. Moreover, Bankruptcy Rule 2014 requires that an application for retention include "specific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee." Fed. R. Bankr. P. 2014. This Application and the Gleit Declaration set forth the information required under Bankruptcy Rule 2014.

21. The Debtors respectfully submit that they should be authorized to retain and employ Sullivan & Worcester in accordance with the terms and conditions set forth in this Application. As discussed above and in the Gleit Declaration, Sullivan & Worcester satisfies the disinterestedness standard in section 327(a) of the Bankruptcy Code. The terms and conditions of the engagement were negotiated by the Debtors and Sullivan & Worcester at arm's-length and in good faith. Furthermore, the Debtors believe that the compensation set forth in this Application appropriately reflects the nature and scope of services to be provided by Sullivan & Worcester, reflects the firm's significant experience as special conflicts counsel in large chapter

11 cases, and is commensurate with general marketplace rates for legal services.  In light of the foregoing, the Debtors believe that the terms and conditions of Sullivan & Worcester's retention are fair, reasonable, and market-based under the standards set forth in section 328(a) of the Bankruptcy Code.

22.     Based on the foregoing, the Debtors submit that they have satisfied the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules to support entry of an order authorizing the Debtors to retain and employ Sullivan & Worcester in these Chapter 11 Cases on the terms described herein.  Accordingly, the Debtors submit that the employment and retention of Sullivan & Worcester on the terms and conditions set forth in this Application is in the best interest of the Debtors, their estates, creditors, stakeholders and other parties in interest, and therefore, should be approved.

### STATEMENT REGARDING U.S. TRUSTEE GUIDELINES

23.     Sullivan & Worcester shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' Chapter 11 Cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Bankruptcy Rules, and any other application procedures and orders of the Court.  The Debtors and Sullivan & Worcester also intend to make reasonable efforts to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the Appendix B Guidelines, both in connection with this Application and the interim and final fee applications to be filed by Sullivan & Worcester in the course of its engagement.

24.     The applicant statement referenced in Part D.1 of the Appendix B Guidelines, and the verified client statement referenced in Part D.2 of the Appendix B

Guidelines, are each addressed in the Gleit Declaration and the Kesselman Declaration, respectively.

25.  It is the Debtors' and Sullivan & Worcester's intention to work cooperatively with the U.S. Trustee to address the concerns that prompted the Executive Office for United States Trustees ("**EOUST**") to adopt the Appendix B Guidelines.

## NOTICE AND NO PRIOR REQUEST

26.  Notice of this Application will be provided to: (a) the entities on the Master Service List (as defined in the Case Management Order and available on the Debtors' case website at https://restructuring.primeclerk.com/purduepharma) and (b) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "**Notice Parties**").

27.  A copy of this Application and any order approving it will also be made available on the Debtors' Case Information Website located at https://restructuring.primeclerk.com/purduepharma.  Based on the circumstances surrounding this Application and the nature of the relief requested herein, the Debtors respectfully submit that no further notice is required.

28.  The Debtors have not previously sought the relief requested herein from the Court or any other court.

*[Remainder of Page Intentionally Left Blank]*

**WHEREFORE**, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit C**, granting the relief requested herein and such other and further relief as the Court deems just and proper.

Dated: August 13, 2021
      New York, New York

      PURDUE PHARMA L.P. (for itself and on behalf of its affiliates that are debtors and debtors in possession)

      */s/ Marc L. Kesselman*
      Marc L. Kesselman
      Executive Vice President, General Counsel & Corporate Secretary Purdue Pharma L.P.

4820-7730-5332, v.5