# EXHIBIT B

# Declaration of Marc L. Kesselman

4837-1344-7413, v.6

**SULLIVAN & WORCESTER LLP**
1633 Broadway
New York, New York 10019
(212) 660-3000 (Telephone)
(212) 660-3001 (Facsimile)
Jeffrey R. Gleit, Esq.
Allison Weiss, Esq.

*Proposed Conflicts Counsel to the Debtors*
*and Debtors in Possession.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>PURDUE PHARMA L.P., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 19-23649 (RDD)<br><br>(Jointly Administered) |

**DECLARATION OF MARC L. KESSELMAN IN SUPPORT OF THE
APPLICATION FOR ORDER PURSUANT TO 11 U.S.C. §§ 327(a) AND
328 AND FED. R. BANKR. P. 2014(a) AUTHORIZING THE EMPLOYMENT
AND RETENTION OF SULLIVAN & WORCESTER LLP AS SPECIAL
CONFLICTS COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION**

I, Marc L. Kesselman, under penalty of perjury, declare as follows:

1. I am Executive Vice President, General Counsel and Corporate Secretary of Purdue Pharma L.P. and certain of its affiliated debtors and debtors in possession (collectively, the "**Debtors**").

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

- 2 -

2.I submit this declaration (this "**Declaration**") in support of the Debtors' application (the "**Application**")[2] to retain Sullivan & Worcester as special conflicts counsel for the Debtors pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Bankruptcy Rules 2014-1 and 2016-1 filed concurrently herewith. Except as otherwise noted, all facts in this Declaration are based on my personal knowledge of the matters set forth herein, information gathered from my review of relevant documents, and information supplied to me by other members of the Debtors' management and the Debtors' advisors.

3.Based on Sullivan & Worcester's qualifications as set forth in the Application and the Gleit Declaration, the Debtors have selected to retain Sullivan & Worcester to serve as the Debtors' special conflicts counsel.

4.This Declaration is provided pursuant to Part D.2 of the Appendix B Guidelines. I am informed by counsel that the Appendix B Guidelines request that any application for employment of an attorney under 11 U.S.C. §§ 327 or 1103 to be accompanied by a verified statement from the client that addresses the following:

- The identity and position of the person making the verification. The person ordinarily should be the general counsel of the debtor or another officer responsible for supervising outside counsel and monitoring and controlling legal costs.

- The steps taken by the client to ensure that the applicant's billing rates and material terms for the engagement are comparable to the applicant's billing rates and terms for other non-bankruptcy engagements and to the billing rates and terms of other comparably skilled professionals.

- The number of firms the client interviewed.

- If the billing rates are not comparable to the applicant's billing rates for other nonbankruptcy engagements and to the billing rates of other

---

[2] All capitalized terms used, but not otherwise defined herein, shall have the meanings set forth in the Application.

- 3 -

- comparably skilled professionals, the circumstances warranting the retention of that firm.

- The procedures the client has established to supervise the applicant's fees and expenses and to manage costs. If the procedures for the budgeting, review and approval of fees and expenses differ from those the client regularly employs in nonbankruptcy cases to supervise outside counsel, explain how and why. In addition, describe any efforts to negotiate rates, including rates for routine matters, or in the alternative to delegate such matters to less expensive counsel.

## IDENTITY OF THE DECLARANT

5.     As noted, as Executive Vice President, General Counsel and Corporate Secretary, among other duties, I am directly responsible for supervising outside counsel and monitoring and controlling legal costs. In that capacity, I was directly involved in the Debtors' decision to retain Sullivan & Worcester to serve as the Debtors' special conflicts counsel in these Chapter 11 Cases, and actively participated in negotiating the terms of Sullivan & Worcester's employment on behalf of the Debtors.

## STEPS TAKEN TO ENSURE COMPARABILITY OF ENGAGEMENT TERMS

6.     I have confirmed with Sullivan & Worcester that while Sullivan & Worcester's billing rates vary from attorney to attorney based on such factors as the individual attorney's rank (*e.g.*, partner, associate), years of experience, and the demand for services in the attorney's particular area of expertise, their billing rates do not vary as a function of whether the services performed are related to a bankruptcy engagement or a nonbankruptcy engagement.

7.     In addition, I have been informed by Sullivan & Worcester that its hourly rates are set annually by reference to various annual market surveys and other sources of market information. I have been further informed by Sullivan & Worcester that based on these and other sources, including reviews of contemporaneous time records and fee applications filed in other

bankruptcy cases, Sullivan & Worcester endeavors to set the hourly rates for its attorneys and paraprofessionals at levels at or below those of its principal competitor firms.

**CIRCUMSTANCES WARRANTING RETENTION OF SULLIVAN & WORCESTER**

8.     As disclosed in my declaration in support of the Debtors' application to retain Davis Polk as its restructuring counsel in these Chapter 11 Cases, when the Debtors determined that it was appropriate to retain Davis Polk as its restructuring counsel, it was also recognized at the time of such retention that certain conflicts could arise due to Davis Polk's other client relationships and that it might be necessary to retain separate counsel to represent the Debtors with respect to matters involving Davis Polk's other clients.  Further, I understand that, under the Appendix B Guidelines, the U.S. Trustee encourages debtors to retain special conflicts counsel when doing so will assist them in avoiding litigation over potential conflicts or when certain matters can be handled more efficiently by special conflicts counsel.

9.     I understand that Sullivan & Worcester has earned a reputation for efficiently handling such conflicts and other matters that can be handled more efficiently by special conflicts counsel and has developed the special conflicts counsel and conflicts business model so that it best serves the interests of its clients' estates, while comporting with the Appendix B Guidelines, and that it has very specialized expertise in supplementing the work of lead counsel in the bankruptcy case without any unnecessary duplication of effort.  The Debtors have concluded that the retention of Sullivan & Worcester as special conflicts counsel for the Debtors will assist the Debtors in avoiding unnecessary litigation and achieving efficiencies in the administration of its chapter 11 estates.  Sullivan & Worcester will supplement, rather than duplicate, the services of Davis Polk in these cases, and the Debtors will actively supervise the performance of services by Davis Polk and Sullivan & Worcester to avoid any duplication of efforts.

4837-1344-7413, v.6

## OTHER CIRCUMSTANCES WARRANTING THE RETENTION OF SULLIVAN & WORCESTER

10.  I am informed by Sullivan & Worcester that their attorneys' billing rates are set each year by reference to various sources to ensure that their rates are at or lower than the billing rates of other comparably skilled professionals at law firms.  I believe that Sullivan & Worcester's retention by the Debtors is warranted in these Chapter 11 Cases for the reasons set forth above.

## PROCEDURES ESTABLISHED TO SUPERVISE FEES AND EXPENSES AND MANAGE COSTS

11.  I understand that Sullivan & Worcester's fees and expenses will be subject to periodic review on a monthly, interim, and final basis during the course of these Chapter 11 Cases by the U.S. Trustee and parties in interest as well as by the Debtors.

12.  Additionally, as the Debtors' General Counsel, I have a team and processes in place under my direction to monitor legal fees and expenses incurred by the Debtors in order to ensure the reasonableness of such fees and expenses.  Any issues are typically then addressed informally between the Debtors and the applicable law firm.  During these Chapter 11 Cases, I and others within the Debtors' legal department will monitor Sullivan & Worcester's invoices to ensure that the fees and expenses requested are reasonable in nature and correspond to necessary or beneficial services rendered on behalf of the Debtors and their estates.

13.  Nothing contained in the foregoing is intended to limit Sullivan & Worcester's ability to request allowance and payment of fees and expenses pursuant to 11 U.S.C. §§ 330 and 331, nor to restrict Sullivan & Worcester's right to contest any objection raised to the allowance or payment of such fees, nor to restrict the Debtors' right to prosecute any such fee objection to the extent it is not resolved informally by the parties or raised by another party in interest (*e.g.*, the U.S. Trustee).

14. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States, that the foregoing statements are true and correct.

Dated: August 13, 2021
    New York, New York

Respectfully submitted,

/s/ *Marc L. Kesselman*
Marc L. Kesselman
Executive Vice President, General Counsel & Corporate Secretary, Purdue Pharma L.P.