# **EXHIBIT C**

# **Proposed Order**

4847-0436-8629, v.5

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| ) | Case No. 19-23649 (RDD) |
| PURDUE PHARMA L.P., *et al.*, ) | |
| ) | (Jointly Administered) |
| Debtors.[1] ) | |
| ) | |

**ORDER PURSUANT TO 11 U.S.C. §§ 327(a) AND 328
AND FED. R. BANKR. P. 2014(a) AUTHORIZING THE EMPLOYMENT
AND RETENTION OF SULLIVAN & WORCESTER LLP AS SPECIAL
CONFLICTS COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION**

Upon the application (the "**Application**")[2] of the Debtors for an Order pursuant to sections 327(a) and 328 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016 and Local Bankruptcy Rules 2014-1 and 2016-1 authorizing the employment and retention of Sullivan & Worcester LLP ("**Sullivan & Worcester**") as special conflicts counsel to the Debtors, as of August 4, 2021; pursuant to the terms set forth in the Application; and the Court having reviewed the Gleit Declaration and the Kesselman Declaration; and the Court being satisfied with the representations made in the Gleit Declaration and the Kesselman Declaration that Sullivan & Worcester represents no interest adverse to the estate, that it is a "disinterested person" as that term is defined under section 101(14) of the Bankruptcy Code, and that its employment is necessary; and due and sufficient notice of the Application having been given under the particular circumstances; and it

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] All capitalized terms used, but otherwise not defined herein, shall have the meanings set forth in the Application.

2

appearing that no other or further notice need be provided; and it appearing that the relief requested by the Application is in the best interests of the Debtors, their estates, their creditors, their stakeholders, and other parties in interest; and after due deliberation, and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED that:**

1. The Application is GRANTED to the extent set forth herein.

2. Pursuant to sections 327(a) and 328 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Bankruptcy Rules 2014-1 and 2016-1, the Debtors, as debtors and debtors in possession, are authorized to employ and retain Sullivan & Worcester, effective as of August 4, 2021 to serve as the Debtors' special conflicts counsel in these Chapter 11 Cases in accordance with the Application and this Order, to perform the services described herein.

3. The Debtors are authorized to retain Sullivan & Worcester in order to, *inter alia*, prepare, on behalf of the Debtors, as debtors in possession, all necessary or appropriate motions, applications, objections, replies, answers, orders, reports and other papers in response to the DMP Objection (the "**DMP Matter**").

4. Moreover, in the event that the Debtors are pursuing a position that would cause a connection with a client of Davis Polk that has the potential to mature into and become a conflict of interest ("**Conflict Matters**"), Sullivan & Worcester shall become involved in such matter so that Sullivan & Worcester can advise the Debtors in such Conflict Matters. If such Conflict Matter becomes an actual conflict, Sullivan & Worcester shall take over such matter.

5. As additional tasks are identified that are not included as part of the DMP Matter or Conflict Matters, Sullivan & Worcester will file a supplemental declaration in accordance with Bankruptcy Rule 2014 and Part F of the Appendix B Guidelines for Reviewing

Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, and provide notice of the filing sufficient to afford parties in interest an opportunity to object. Sullivan & Worcester shall use its best efforts to avoid duplication of services provided by any of the Debtors' other retained professionals in these Chapter 11 Cases.

6. Sullivan & Worcester shall be compensated in accordance with and will file interim and final fee applications for allowance of its compensation and expenses and shall be subject to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Amended Order Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals, dated November 25, 2009 and the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York, dated June 17, 2013. Prior to applying any increases in its hourly rates beyond the rates set forth in the Application, Sullivan & Worcester shall provide ten days' notice of any such increases to the Debtors, the U.S. Trustee and any official committee(s) appointed. Sullivan & Worcester shall file a Supplemental Affidavit with the Court that explains the basis for the rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and states whether the Debtor has received notice of, and approved, the proposed rate increase. The U.S. Trustee retains all rights to object to such a rate increase, and the Court retains the right to review any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code. In the event of a conflict between the Application and the express terms of this Order, this Order shall govern.

7. The requirements set forth in Local Bankruptcy Rule 9013-1(b) are satisfied by the contents of the Application.

8. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

9. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated:  August [__], 2021
        White Plains, New York

                                                                                                              _____
                                                                                                              THE HONORABLE ROBERT D. DRAIN
                                                                                                              UNITED STATES BANKRUPTCY JUDGE

4847-0436-8629, v.5