**SQUIRE PATTON BOGGS (US) LLP**

Stephen D. Lerner
Scott A. Kane (admitted *pro hac vice*)
201 E. Fourth St., Suite 1900
Cincinnati, Ohio 45202
Telephone: 513.361.1200
Facsimile: 513.361.1201
stephen.lerner@squirepb.com
scott.kane@squirepb.com

-and-

1211 Avenue of the Americas, 26th Floor
New York, New York 10036
Telephone: 212.872.9800
Facsimile: 212.872.9815

*Examiner and Counsel to Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | x | |
| **In re:** | : | Chapter 11 |
| | : | |
| **PURDUE PHARMA L.P.,** *et al.*, | : | Case No. 19-23649 (RDD) |
| | : | |
| **Debtors.**[1] | : | (Jointly Administered) |
| | x | |

**NOTICE OF PRESENTMENT OF EXAMINER'S FINAL FEE APPLICATION FOR THE**
**PERIOD FROM JUNE 24, 2021 THROUGH AND INCLUDING JULY 19, 2021**

       **PLEASE TAKE NOTICE** that on August 16, 2021, the examiner ("Examiner") filed the

attached *Examiner's Final Fee Application for the Period from June 24, 2021 Through and*

---

1 The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

*Including July 19, 2021* (the "Application") in accordance with Paragraph 5 of the *Order Appointing an Examiner Pursuant to 11 U.S.C. § 1104(c)* [Docket No. 3048].

**PLEASE TAKE FURTHER NOTICE** that, unless a written objection to the Application is served and filed with proof of service with the Clerk of the Court, and a courtesy copy is deliver to the undersigned and to the chambers of the Honorable Robert D. Drain, so as to be received by **September 6, 2021 at 4:00 p.m. (prevailing Eastern Time)**, there may not be a hearing to consider such Application, and an order, substantially in the form attached to the Application as **Exhibit B**, will be presented for signature by the Honorable Judge Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, at the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601 (the "Court"), after **September 8, 2021 at 4:00 p.m. (prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that, if a written objection is timely filed and served with respect to the Application, a hearing (the "Hearing") will be held on **September 13, 2021, at 10:00 a.m. (prevailing Eastern Time)** to consider the Application before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court, 300 Quarropas Street, White Plains, New York 10601, or at such other time as the Court may determine.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and a failure to appear may result in relief being granted upon default.

**PLEASE TAKE FURTHER NOTICE** that copies of the Application may be obtained free of charge by visiting the website of Prime Clerk LLC at https://restructuring.primeclerk.com/purduepharma. You may also obtain copies of any pleadings

by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures

and fees set forth therein.


DATED: August 16, 2021                    **SQUIRE PATTON BOGGS (US) LLP**


                                          */s/ Stephen D. Lerner*
                                          Stephen D. Lerner
                                          Scott A. Kane (admitted *pro hac vice*)
                                          201 E. Fourth St., Suite 1900
                                          Cincinnati, Ohio 45202
                                          Telephone: 513.361.1200
                                          Facsimile: 513.361.1201
                                          stephen.lerner@squirepb.com
                                          scott.kane@squirepb.com

                                          -and-

                                          1211 Avenue of the Americas, 26th Floor
                                          New York, New York 10036
                                          Telephone: 212.872.9800
                                          Facsimile: 212.872.9815

                                          *Examiner and Counsel to Examiner*

**SQUIRE PATTON BOGGS (US) LLP**

Stephen D. Lerner
Scott A. Kane (admitted *pro hac vice*)
201 E. Fourth St., Suite 1900
Cincinnati, Ohio 45202
Telephone: 513.361.1200
Facsimile: 513.361.1201
stephen.lerner@squirepb.com
scott.kane@squirepb.com

-and-

1211 Avenue of the Americas, 26th Floor
New York, New York 10036
Telephone: 212.872.9800
Facsimile: 212.872.9815

*Examiner and Counsel to Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | x | |
| **In re:** | : | Chapter 11 |
| | : | |
| **PURDUE PHARMA L.P.,** *et al.*, | : | Case No. 19-23649 (RDD) |
| | : | |
| **Debtors.**[1] | : | (Jointly Administered) |
| | x | |

**SUMMARY COVER SHEET TO THE EXAMINER'S FINAL FEE APPLICATION FOR THE
PERIOD FROM JUNE 24, 2021 THROUGH AND INCLUDING JULY 19, 2021**

Stephen D. Lerner, the examiner ("Examiner") submits this summary of fees and expenses sought as actual, reasonable, and necessary in the annexed fee application (the "Application") for the period from June 24, 2012 through and including July 19, 2021 (the "Fee Period"). The

---

1 The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

Examiner submits the Application in accordance with the *Order Appointing an Examiner Pursuant to 11 U.S.C. § 1104(c)* [Docket No. 3048] entered on June 24, 2021 (the "Examiner Order").

| General Information | |
|---|---|
| Name of Applicant: | Examiner and his counsel, Scott A. Kane, attorneys at Squire Patton Boggs (US) LLP |
| Date of Entry of Examiner Order | June 24, 2021 |
| **Summary of Fees and Expenses Sought in the Application** | |
| Period for Which Compensation and Reimbursement is Sought: | June 24, 2021 through and including July 19, 2021 |
| Fees Not Being Sought by the Examiner Pursuant to the Limitations Contained in the Examiner Order: | $83,024.34[2] |
| Amount of Fees Sought as Actual, Reasonable, and Necessary for the Fee Period: | $197,423.16 |
| Amount of Expense Reimbursements Sought as Actual, Reasonable, and Necessary for the Fee Period: | $2,576.84 |
| Total Fees and Expense Reimbursements Requested for the Fee Period: | $200,000.00 |
| Total Allowed Fees Paid to Date: | $0 |
| Total Allowed Expenses Paid to Date: | $0 |

---

[2] Pursuant to the requirements of the Examiner Order, which limited the fees and expenses of the Examiner and his counsel to $200,000 in the aggregate, $83,024.34 of fees are not being sought by the Examiner pursuant to the limitations contained in the Examiner Order.

DATED: August 16, 2021                     **SQUIRE PATTON BOGGS (US) LLP**


                                            */s/ Stephen D. Lerner*
                                            Stephen D. Lerner
                                            Scott A. Kane (admitted *pro hac vice*)
                                            201 E. Fourth St., Suite 1900
                                            Cincinnati, Ohio 45202
                                            Telephone: 513.361.1200
                                            Facsimile: 513.361.1201
                                            stephen.lerner@squirepb.com
                                            scott.kane@squirepb.com

                                            -and-

                                            1211 Avenue of the Americas, 26th Floor
                                            New York, New York 10036
                                            Telephone: 212.872.9800
                                            Facsimile: 212.872.9815

                                            *Examiner and Counsel to Examiner*

**SQUIRE PATTON BOGGS (US) LLP**

Stephen D. Lerner
Scott A. Kane (admitted *pro hac vice*)
201 E. Fourth St., Suite 1900
Cincinnati, Ohio 45202
Telephone: 513.361.1200
Facsimile: 513.361.1201
stephen.lerner@squirepb.com
scott.kane@squirepb.com

-and-

1211 Avenue of the Americas, 26th Floor
New York, New York 10036
Telephone: 212.872.9800
Facsimile: 212.872.9815

*Examiner and Counsel to Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ---------------------------------------------- | x | |
| **In re:** | : | Chapter 11 |
| | : | |
| **PURDUE PHARMA L.P.,** *et al.*, | : | Case No. 19-23649 (RDD) |
| | : | |
| **Debtors.**[1] | : | (Jointly Administered) |
| ---------------------------------------------- | x | |

**EXAMINER'S FINAL FEE APPLICATION FOR THE PERIOD**
**FROM JUNE 24, 2021 THROUGH AND INCLUDING JULY 19, 2021**

---

1 The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

Stephen D. Lerner, the examiner ("Examiner") appointed in the above-captioned chapter 11 cases hereby submits the *Examiner's Final Fee Application for the Period from June 24, 2021 Through and Including July 19, 2021* (the "Application") for allowance of compensation for professional services provided in the amount of $197,423.16 and reimbursement of actual and necessary expenses in the amount of $2,576.84 that the Examiner and his counsel, Scott A. Kane,[2] incurred for the period from June 24, 2021 through and including July 19, 2021 (the "Fee Period"). In support of this Application, the Examiner submits the declaration of Stephen D. Lerner, the Examiner and a partner at Squire Patton Boggs (US) LLP ("Squire") (the "Lerner Declaration"), which is attached hereto as **Exhibit A** and incorporated by reference.  In further support of this Application, the Examiner respectfully states as follows:

### Jurisdiction and Venue

1.    This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334. Approval of this Application is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.    Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.    The bases for the relief requested herein are sections 330(a) and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules"), the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals*, dated November 21, 2019 [Docket No. 529] (the "Interim Compensation Order"), the *Order Appointing*

---

[2] Mr. Kane is a member in good standing of the bar in the State of Ohio and the bars of the U.S. District Court for the Southern District of Ohio, the U.S. District Court for the Northern District of Ohio, and the U.S. District Court for the Southern District of Indiana.  Materials filed in support of his retention application inadvertently stated that he is admitted in the State of Indiana, which Mr. Kane and the Examiner note now in the interest of correcting the record regarding this unintentional inaccuracy.

an *Examiner Pursuant to 11 U.S.C. § 1104(c)* [Docket No. 3048] (the "Examiner Order"), the

Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New

York (June 17, 2013) promulgated pursuant to Local Bankruptcy Rule 2016-1(a) (the "Local

Guidelines"), and the U.S. Trustee's *Guidelines for Reviewing Applications for Compensation and*

*Reimbursement of Expenses Filed Under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11*

*Cases*, 78 Fed. Reg. 36248, effective as of November 1, 2013 (the "U.S. Trustee Guidelines" and,

together with the Local Guidelines, the "Fee Guidelines").

## Background

### I.   General Background

4.       On September 15, 2019 (the "Petition Date"), Purdue Pharma L.P. and its affiliates

that are debtors and debtors in possession in these cases (collectively, the "Debtors") commenced

voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

The Debtors are authorized to operate their businesses and manage their properties as debtors in

possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.       On September 26, 2019, the Office of the United States Trustee for Region 2 (the

"U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee")

pursuant to section 1102 of the Bankruptcy Code [Docket No. 131].  These chapter 11 cases are

being jointly administered pursuant to Bankruptcy Rule 1015(b) and the *Order Directing Joint*

*Administration of Chapter 11 Cases* [Docket No. 59] entered by the Court in each of the chapter

11 cases.

### II.   Retention of Examiner

6.       On June 1, 2021, Jonathan C. Lipson, on behalf of Peter W. Jackson, filed the

*Motion for Order to Appoint Examiner Pursuant to 11 U.S.C. § 1104(c)* ("Examiner Motion")

requesting that an examiner be appointed in these chapter 11 cases.  In response to the Examiner

Motion, the Debtors, Multi-State Governmental Entities Group (the "MSGEG"), Ad Hoc Committee of Governmental and Other Contingent Litigation Claimants (the "Ad Hoc Committee"), and Committee each objected to the Examiner Motion [Docket Nos. 3020, 3021, 3022, 3023] (collectively, the "Examiner Objections"). On June 16, 2021, the Court held a hearing on the Examiner Motion and Examiner Objections. At the conclusion of that hearing, the Court partially granted the relief requested in the Examiner Motion.

7.      On June 21, 2021, the Court entered the Examiner Order directing the U.S. Trustee to appoint an examiner in these chapter 11 cases to (a) "investigate whether the Special Committee of the Debtors' Board of Directors (the "Special Committee") acted independently and not under the direction or influence of the Sackler Families with respect to the Shareholder Settlement reflected in the Debtors' Fifth Amended Joint Chapter 11 Plan of Reorganization [ECF No. 2982] (the "Shareholder Settlement" and the topic of examination, the "Scope")," (b) "interview any party-in-interest" related to the Shareholder Settlement and Scope, and (c) "prepare and file a report setting forth the result of the Examiner's investigation in respect of the Scope . . ." *See* ¶¶ 2-4. The Examiner Order provided the Examiner with "an aggregate budget of $200,000" and granted the Examiner the right to "employ [not] more than one attorney." *See* ¶ 5.

8.      On June 24, 2021, the U.S. Trustee filed the (a) *Notice of Appointment of Examiner* [Docket No. 3063] providing notice that Stephen D. Lerner was appointed as the Examiner, and (b) *Application for Order Approving Appointment of Examiner* [Docket No. 3064] requesting that the Court approve Stephen D. Lerner as the Examiner. On June 29, 2021, the Court entered the *Order Approving Appointment of Examiner* [Docket No. 3078] approving the appointment of Stephen D. Lerner as the Examiner in accordance with the terms of the Examiner Order. On June 30, 2021, the Examiner filed the *Application of Examiner for Authority to Employ and Retain Scott*

*A. Kane as Attorney for the Examiner* Nunc Pro Tunc *to June 24, 2021* [Docket No. 3095]. No objections to the application were filed and the Court entered an order approving the application on July 23, 2021 [Docket No. 3313].

## III.    Examiner's Work and Report

9.    Immediately following his appointment on June 24, 2021, the Examiner began reviewing information and commenced communications with the parties-in-interest. The Examiner and his counsel reviewed materials related to his appointment and throughout the course of the investigation reviewed other publicly available information, including the Debtors' plan and disclosure statement [Docket Nos. 2982, 2983, 3185], two reports from the Special Committee [Docket Nos. 654, 1194], relevant hearing transcripts, and pertinent news articles. The Examiner's investigation also included reviewing communications received in response to information requests from the Debtors, Special Committee, Raymond Sackler family, Mortimer Sackler family, Committee, and Ad Hoc Group of Non-Consenting States (the "NCSG"); Special Committee minutes; and other related documents and information, including those provided voluntarily by Professor Lipson and from the Document Reserve for Confirmation. The Examiner conducted diligence calls with counsel for the Committee, counsel for the Debtors (including a call with Charles Duggan as the Davis Polk attorney responsible for leading the representation of the Special Committee), Professor Lipson and his co-counsel for Mr. Jackson, Marc Kesselman as General Counsel of the Debtors, counsel for both sides of the Sackler families, counsel for the Ad Hoc Committee, counsel for the NCSG, and counsel for the MSGEG. The Examiner's investigation also included witness interviews of Robert S. "Steve" Miller, Kenneth Buckfire, Michael Cola, and John Dubel, David Sackler, Mortimer D.A. Sackler, and Jonathan White.

10.     After concluding his investigation, on July 19, 2021, the Examiner filed his *Report of Stephen D. Lerner, Examiner* [Docket No. 3285] (the "Report").  Having completed the Scope of his duties, the Examiner respectfully submits this Application pursuant to Paragraph 5 of the Examiner Order.

## Relief Requested

11.     By this Application, the Examiner seeks entry of the proposed order, substantially in the form attached hereto as **Exhibit B**, granting (a) final allowance of compensation for the professional services rendered by the Examiner and his counsel, Scott A. Kane, during the Fee Period in the amount of $197,423.16, (b) reimbursement of actual and necessary expenses incurred by the Examiner and Mr. Kane during the Fee Period in the amount of $2,576.84, and (c) granting such other relief as is appropriate under the circumstances.

## Summary of Professional Compensation and Reimbursement of Expenses Requested

12.     By this Application, the Examiner requests allowance of final compensation for professional services he and Mr. Kane rendered to conduct the investigation and complete the Report during the Fee Period in the amount of $197,423.16 and expense reimbursements of $2,576.84.  During the Fee Period, the Examiner and Mr. Kane expended a total of 272.90 hours, which reflects not only the $197,423.16 of fees being requested in this Application, but also the additional $83,024.34 of fees not being sought by the Examiner in accordance with the limitations contained in the Examiner Order (the "Excess Fees").

13.     The fees charged by the Examiner and Mr. Kane in these cases were billed in accordance with Squire's existing billing rates and procedures in effect during the Fee Period.  The rates the Examiner and Mr. Kane charged are the same rates they charge for services rendered in comparable non-bankruptcy related matters, $1,350 and $795, respectively.  Such fees are

reasonable based on the customary compensation charged by comparably skilled practitioners in comparable non-bankruptcy cases in a competitive national legal market.  The disclosures required by the U.S. Trustee Guidelines regarding the customary and comparable compensation are annexed hereto as **Exhibit C**.

14.    Squire, the law firm where the Examiner and Mr. Kane are partners, maintains computerized records of the time spent by the Examiner and Mr. Kane to complete the Scope.  A summary of this compensation is attached hereto in **Exhibit D**.

15.    Squire also maintains records of all actual and necessary out-of-pocket expenses incurred in connection with the rendition of the Examiner's and Mr. Kane's professional services.  A summary of the categories of expenses and amounts for which reimbursement is requested by this Application is attached hereto as **Exhibit E**.

16.    In addition, Squire's computerized records of time and Squire's records of expenses with respect to the services provided by the Examiner and Mr. Kane to complete the Scope are attached hereto as **Exhibit G**.  These computerized records also include time entries related to the Excess Fees.

### Summary of Services Performed During the Fee Period

17.    The services provided by the Examiner and Mr. Kane during the Fee Period to conduct the investigation and complete and file the Report were actual and necessary, performed in accordance with the Examiner Order, and commensurate with the complexity and significance of the matter.  Moreover, the Examiner and his counsel dutifully dedicated 25 calendar days from the time of the Examiner's appointment to fully and completely review the applicable documents and pleadings, conduct the investigation, and prepare and file the Report.

18.    The professional services rendered by the Examiner and Mr. Kane were only conducted under one task code related to the Scope in the Examiner Order, and therefore no separate task codes were created by the Examiner upon his appointment.

### Actual and Necessary Disbursements

19.    The Examiner seeks allowance and reimbursement in the amount of $2,576.84 for expenses incurred during the Fee Period in the course of providing professional services.  These charges are intended to reimburse Squire's direct operating costs, which are not incorporated into the Examiner's or Mr. Kane's hourly billing rates.  Squire charges external copying and computer research at the provider's cost without markup.  Only clients who actually use services of the types set forth in **Exhibit E** of this Application are separately charged for such services.  The effect of including such expenses as part of the hourly billing rates would impose that cost upon clients who do not require extensive photocopying and other facilities and services.

### Reasonable and Necessary Services Provided by the Examiner and Mr. Kane

**I.    Reasonable and Necessary Fees Incurred in Providing Services**

20.    The professional services provided by the Examiner and Mr. Kane during the Fee Period were reasonable, necessary, and appropriate within the Scope of the Examiner Order.  As noted previously in the Notice Application and Retention Application, Mr. Lerner and Mr. Kane are experienced restructuring and litigation partners at Squire, respectively, and have extensive chapter 11 bankruptcy, litigation, and investigatory experience.

**II.    Reasonable and Necessary Expenses Incurred in Providing Services**

21.    Due to the location of the Examiner and Mr. Kane and the other parties-in-interest related to the investigation, frequent multi-party telephone and Zoom conferences involving numerous parties were required.  The disbursements for such services are not included in Squire's overhead for the purpose of setting billing rates and the Examiner and Mr. Kane have made every

effort to minimize its disbursements in these cases.  The actual expenses incurred in providing

professional services were necessary, reasonable, and justified under the circumstances to serve

the needs of the Examiner.

22.    Among other things, Squire makes sure that all overtime meals, travel meals, hotel

rates, and airfares are reasonable and appropriate expenses for which to seek reimbursement.

Specifically, Squire regularly reviews its bills to ensure that it only billed for services that were

actual and necessary and, where appropriate, prorates expenses.  The Examiner and Mr. Kane have

reduced the fees being sought by the Examiner in this Application by $83,024.34 pursuant to the

limitations contained in the Examiner Order, as summarized in **<u>Exhibit F</u>** attached hereto.

### <u>The Examiner's Requested Compensation and Reimbursement Should be Allowed</u>

23.    Section 331 of the Bankruptcy Code provides for interim compensation of

professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code to

govern the Court's award of such compensation.  Section 330 of the Bankruptcy Code provides

that a court may award a professional employed under section 327 of the Bankruptcy Code

"reasonable compensation for actual necessary services rendered . . . and reimbursement for actual,

necessary expenses."  11 U.S.C. § 330(a)(1).  Section 330 also sets forth the criteria for the award

of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be
> awarded, the court should consider the nature, extent, and the value
> of such services, taking into account all relevant factors, including—
>
> (a)    the time spent on such services;
>
> (b)    the rates charged for such services;
>
> (c)    whether the services were necessary to the
>        administration of, or beneficial at the time at which
>        the service was rendered toward the completion of, a
>        case under this title;

      (d)      whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

      (e)      whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

24.      The Examiner respectfully submits that the services for which he seeks compensation in this Application were, at the time rendered, necessary for and beneficial to the estates. The Examiner further believes that he and Mr. Kane performed the services economically, effectively, and efficiently, and that the Examiner's and Mr. Kane's services benefitted all parties-in-interest in these cases. The Examiner further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of services provided during the Fee Period.

25.      During the Fee Period, the Examiner's hourly billing rate was $1,350 and Mr. Kane's hourly billing rate was $795. These hourly rates are equivalent to the hourly rates and corresponding rate structure used by the Examiner and Mr. Kane, whether in court or otherwise, regardless of whether a fee application is required.

26.      Moreover, these hourly rates are set at a level designed to compensate Squire fairly for the work of its attorneys and to cover certain fixed and routine overhead expenses. These hourly rates are subject to periodic adjustments to reflect economic and other conditions and are consistent with the rates charged elsewhere.

27.      In sum, the Examiner respectfully submits that the professional services provided by the Examiner and Mr. Kane during the Fee Period were necessary and appropriate given the Examiner's Scope, the time expended by the Examiner and Mr. Kane, the nature and extent of the

services, and the cost of comparable services outside of bankruptcy, all of which are relevant

factors set forth in section 330 of the Bankruptcy Code.  Accordingly, the Examiner respectfully

submits that approval of the compensation sought herein is warranted and should be approved.

28.     No agreement or understanding exists between the Examiner and any other person

for the sharing of any compensation to be received for professional services rendered or to be

rendered in connection with these chapter 11 cases.  No prior application has been made in this

Court or in any other court for the relief requested herein as it relates to the Fee Period.

### **Attorney Statement Pursuant to U.S. Trustee Guidelines**

29.     The following is provided in response to the request for additional information set

forth in ¶ C.5 of the U.S. Trustee Guidelines.

| | |
|---|---|
| **Question:** | Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period?  If so, please explain. |
| Response: | No. |
| **Question:** | If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client? |
| Response: | Not applicable. |
| **Question:** | Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case? |
| Response: | No. |
| **Question:** | Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.).  If so, please quantify by hours and fees. |
| Response: | No.  Nor does it include the Examiner's or Mr. Kane's reasonable fees for preparing this Application. |

11

**Question:**    Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information?  If so, please quantify by hours and fees.

Response:    No.

**Question:**    If the fee application includes any rate increases since retention: (i) Did your client review and approve those rate increases in advance?  (ii) Did your client agree when retaining the law firm to accept all future rate increases?  If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11-458?

Response:    Not applicable.

## Notice

30.    The Examiner will coordinate notice of this Application in accordance with the *Second Amended Order Establishing Certain Notice, Case Management, and Administrative Procedures Entered on November 18, 2019* [Docket No. 498].  The Examiner submits that no other or further notice be given.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, the Examiner respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit B**, (a) awarding the Examiner final compensation for professional services provided during the Fee Period by the Examiner and Mr. Kane in the amount of $197,423.16, and reimbursement of actual, reasonable, and necessary expenses incurred in the Fee Period by the Examiner and Mr. Kane in the amount of $2,576.84; (b) authorizing and directing the Debtors to remit payment to the Examiner for such fees and expenses; and (c) granting such other relief as is appropriate under the circumstances.

DATED: August 16, 2021                    **SQUIRE PATTON BOGGS (US) LLP**


                                          */s/ Stephen D. Lerner*
                                          Stephen D. Lerner
                                          Scott A. Kane (admitted *pro hac vice*)
                                          201 E. Fourth St., Suite 1900
                                          Cincinnati, Ohio 45202
                                          Telephone: 513.361.1200
                                          Facsimile: 513.361.1201
                                          stephen.lerner@squirepb.com
                                          scott.kane@squirepb.com

                                          -and-

                                          1211 Avenue of the Americas, 26th Floor
                                          New York, New York 10036
                                          Telephone: 212.872.9800
                                          Facsimile: 212.872.9815

                                          *Examiner and Counsel to Examiner*

## Exhibit A

**Lerner Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------

|                        |     |                        |
|------------------------|-----|------------------------|
|                        |  x  |                        |
| **In re:**             |  :  | Chapter 11             |
|                        |  :  |                        |
| **PURDUE PHARMA L.P.,** *et al.*, |  :  | Case No. 19-23649 (RDD) |
|                        |  :  |                        |
| **Debtors.**[1]        |  :  | (Jointly Administered) |
|                        |  x  |                        |

------------------------------------------------------------

**CERTIFICATION UNDER THE FEE GUIDELINES**
**IN RESPECT OF THE EXAMINER'S FINAL FEE APPLICATION**
**FOR THE PERIOD FROM JUNE 24, 2021 THROUGH AND INCLUDING JULY 19, 2021**

I, Stephen D. Lerner, being duly sworn, state the following under penalty of perjury:

1.      I am a partner in the law firm of Squire Patton Boggs (US) LLP ("Squire"), which maintains offices for the practice of law at, among other locations, 201 E. Fourth Street, Suite 1900, Cincinnati, Ohio 45202 and 1211 Avenue of the Americas, 26th Floor, New York, New York 10036.  I am admitted, practicing, and a member in good standing of the bars of the State of Ohio and New York and I reside in the Cincinnati, Ohio and New York, New York offices of Squire.  There are no disciplinary proceedings pending against me.

2.      In accordance with the Fee Guidelines,[2] this certification is made with respect to the Application, for final allowance of compensation and reimbursement of expenses incurred during the Fee Period.

---

1 The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

2 Capitalized terms used but not otherwise defined herein shall have the meaning ascribed in the Application.

3.      Pursuant to section B.1 of the Local Guidelines, I certify that:

(a)      I have read the Application;

(b)      to the best of my knowledge, information, and belief formed after reasonable inquiry, the fees and disbursements sought fall within the Fee Guidelines;

(c)      the fees and disbursements sought are billed at rates in accordance with those customarily charged by the Examiner and Mr. Kane and are generally accepted by Squire's clients; and

(d)      in providing a reimbursable service, Squire does not make a profit on that service, whether the service is performed by Squire in-house or through a third party.

4.      Pursuant to section B.2 of the Local Guidelines, because the Examiner and Mr. Kane completed the Report in 25 days after the Examiner's appointment and the Examiner Order established the maximum amount of compensation to be paid to the Examiner for completing the Scope, the Examiner did not provide the parties-in-interest in these chapter 11 cases with the Examiner's fees and disbursements accrued during the previous month.

5.      Pursuant to section B.3 of the Local Guidelines, I certify that the Debtors, the U.S. Trustee, and the members of the Committee are each being provided with a copy of the Application.

Dated: August 16, 2021                    */s/ Stephen D. Lerner*_____
                                          Stephen D. Lerner, Esq.

**<u>Exhibit B</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------

|                          |   |                          |
|--------------------------|---|--------------------------|
|                          | x |                          |
| **In re:**               | : | Chapter 11               |
|                          | : |                          |
| **PURDUE PHARMA L.P.,** *et al.*, | : | Case No. 19-23649 (RDD)  |
|                          | : |                          |
| **Debtors.**[1]          | : | (Jointly Administered)   |
|                          | x |                          |

---------------------------------------------------------------

### ORDER APPROVING EXAMINER'S FINAL FEE APPLICATION
### FOR THE PERIOD FROM JUNE 24, 2021 THROUGH AND INCLUDING JULY 19, 2021

Upon the Application (the "<u>Application</u>")[2] of the Examiner for entry of an order approving

the Examiner's fees and expenses during the Fee Period on a final basis, as more fully described

in the Application; and the Court having jurisdiction to consider the Application and the relief

requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of

Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Application and

the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and venue being

proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having reviewed

the Application; and, after due deliberation, the Court having determined that the legal and factual

bases set forth in the Application establish good and sufficient cause for the relief granted herein;

and the Court having determined such relief is in the best interests of the Debtors, their estates,

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.
[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

creditors, and all parties-in-interest; and it appearing that no further notice or a hearing is required; and good and sufficient cause appearing; now therefore,

**IT IS HEREBY ORDERED THAT:**

1.       The Application is hereby granted as set forth herein.

2.       The Examiner's and Mr. Kane's fees in the aggregate amount of $197,423.16 for necessary professional services rendered and $2,576.84 for reimbursement of actual and necessary expenses incurred during the Fee Period are hereby approved on a final basis and granted administrative expense priority.

3.       The contents of the Application and the notice procedures set forth therein are good and sufficient notice and satisfy the Bankruptcy Rules and the Local Rules, and no other or further notice of the Application or the entry of this order shall be required.

4.       The Examiner is authorized to take all actions necessary to effectuate the relief granted pursuant to this order in accordance with the Application.

5.       The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this order.

Dated: _____, 2021
          White Plains, New York

                                    _____ _____
                                    THE HONORABLE ROBERT D. DRAIN
                                    UNITED STATES BANKRUPTCY JUDGE

## Exhibit C

**Voluntary Rate Disclosures**

**Voluntary Rate Disclosures**

- The blended hourly rate for all Squire domestic timekeeper partners (including both professionals and paraprofessionals) who billed to non-bankruptcy matters (collectively, the "Non-Bankruptcy Matters")[1] from June 1, 2021 through June 30, 2021 was, in the aggregate, approximately $655.00 per hour (the "Non-Bankruptcy Blended Hourly Rate").[2]

- The blended hourly rate for the Examiner and Mr. Kane during the Fee Period for this matter was approximately $1,027.66 per hour (the "Examiner Blended Hourly Rate").[3]

- The reason the Examiner Blended Hourly Rate is higher than the Non-Bankruptcy Blended Hourly Rate is that the Scope demanded that the Examiner and Mr. Kane, two highly experienced Squire partners with higher hourly billing rates, complete the work of the Examiner and file the Report in accordance with the requirements in the Examiner Order. The intricate complexity and time-sensitive nature of the Report, as discussed in the Application, are in fact some of the reasons why the parties-in-interest selected Mr. Lerner as the Examiner.

**Detailed Rate Comparison**

| Position at Squire | Non-Bankruptcy Blended Hourly Rate | Examiner Blended Hourly Rate for the Application |
|---|---|---|
| Partner | $655.00 | $1,027.66 |

---

[1] "Non-Bankruptcy Matters" consist of matters for which Squire domestic timekeepers represented a client in a matter other than an in-court bankruptcy proceeding.

[2] The Examiner calculated the blended rate for Non-Bankruptcy Matters by dividing the *total dollar amount* billed by Squire domestic timekeeper partners to the Non-Bankruptcy Matters from June 1, 2021 through June 30, 2021 by the *total number of hours* billed by Squire domestic timekeeper partners to the Non-Bankruptcy Matters from June 1, 2021 through June 30, 2021.  The rate could not be calculated during the Fee Period because the July 2021 rates were not available at the time of this filing.

[3] The Examiner calculated the blended rate for himself and Mr. Kane by dividing the *total dollar amount billed* by Mr. Lerner and Mr. Kane during the Fee Period by the *total number of hours billed* by Mr. Lerner and Mr. Kane during the Fee Period.

## **Exhibit D**

**Summary of Total Fees Incurred and Hours Billed During the Fee Period**

| Professional | Position | Department | Date of Admission | Fees Billed in this Application | Hours Billed During the Fee Period | Hourly Rate Billed in this Application |
|---|---|---|---|---|---|---|
| S. Lerner | Partner | Restructuring and Insolvency | New York (1986); Ohio (1991); U.S. Ct. of App., Sixth Circuit (1994); U.S. Dist. Ct., E. Dist. of New York (1986); U.S. Dist. Ct., S. Dist. of New York (1986); U.S. Dist. Ct., S. Dist. of Ohio (1991); U.S. Supreme Court (2014) | $154,440.00 | 114.40 | $1,350 |
| S. Kane | Partner | Litigation | Ohio (1997); U.S. Ct. of App., Sixth Circuit (1999); U.S. Dist. Ct., N. Dist. of Ohio (2012); U.S. Dist. Ct., S. Dist. of Indiana (2007); U.S. Dist. Ct., S. Dist. of Ohio (1997) | $126,007.50 | 158.50 | $795 |

**<u>Exhibit E</u>**

**Summary of Actual and Necessary Expenses for the Fee Period**

**Summary of Actual and Necessary Expenses for the Fee Period**

| Service Description | Amount |
|---|---|
| Transportation | $173.50 |
| Meals | $42.00 |
| Lodging | $570.97 |
| Airfare | $1,249.50 |
| Local Travel – Parking | $60.00 |
| Telephone | $148.57 |
| Printing | $132.30 |
| Court Filing Fees | $200.00 |
| **Total** | **$2,576.84** |

## **Exhibit F**

**Fees During the Fee Period Not Being Sought by the Examiner
Pursuant to the Limitations Contained in the Examiner Order**

| Matter Number | Matter Description | Fee Reduction |
|---|---|---|
| 1 | Special Committee Investigation | ($83,024.34) |

**<u>Exhibit G</u>**

**Detailed Description of Services Provided and Expenses Incurred for the Fee Period**

**SQUIRE PATTON BOGGS (US) LLP**

124879.00001

08/16/21                                                                                    Purdue Pharma Examiner / Special Committee Investigation

Page 1                                                                                                      Invoice Number: 10294221

## SPECIAL COMMITTEE INVESTIGATION

### LEGAL SERVICES

| DATE | HOURS | TIMEKEEPER | NARRATIVE |
|------|-------|------------|-----------|
| 06/24/21 | 5.10 | S. Kane | Communications with S. Lerner regarding analysis and workplan for Examiner investigation (.6); telephone conference with S. Lerner and M. Huebner (with partial participation by S. Kane) regarding case background (.8); draft and revise outline of workplan and action items for Examiner investigation (1.2); review and analysis of materials from case, including materials regarding requests for appointment of an Examiner (2.5). |
| 06/24/21 | 8.20 | S. Lerner | Begin review of background materials including, disclosure statement, motion to appoint examiner and responsive pleadings, transcript of hearing on motion to appoint examiner, Amended and Restated Shareholder Agreement and other corporate governance documents, Notice of Filing of Term Sheet (6.1); emails and conference call with M. Huebner and S. Kane regarding background (1.5); emails with S. Kane regarding work plan, document requests, preparation for interviews and related matters (.6). |
| 06/25/21 | 4.30 | S. Kane | Telephone conference with S. Lerner to discuss interviews, counsel communications, and action items (.5); email correspondence with counsel for parties in interest (.4); analysis of case filings and other foundational material (3.4). |
| 06/25/21 | 3.30 | S. Lerner | Telephone conference with S. Kane to discuss interviews, counsel communications, and action items (.5); continued review of background materials (2.8). |
| 06/27/21 | 3.50 | S. Kane | Review and analysis of bankruptcy case filings and transcripts in connection with development of issues for Examiner investigation; (2.1); email correspondence to counsel for special committee regarding interview requests and discussion items for telephone conference (.5); telephone conference with S. Lerner and counsel for special committee regarding forthcoming information requests, interview requests, and scheduling issues (.4); telephone conference with S. Lerner regarding status and action times (.2); email correspondence to counsel for Sackler family members regarding scheduling of introductory calls (.3). |
| 06/27/21 | 1.90 | S. Lerner | Telephone conference with S. Kane and counsel for special committee regarding forthcoming information requests, interview requests, and scheduling issues (.4); telephone conference with S. Kane regarding status and action times (.2); initial review of special committee meeting minutes (1.3). |
| 06/28/21 | 6.10 | S. Kane | Draft and revise information requests to counsel for Debtors, including based on review of |

SQUIRE PATTON BOGGS (US) LLP

124879.00001

08/16/21                                                    Purdue Pharma Examiner / Special Committee Investigation

Page 2                                                                        Invoice Number: 10294221

| | | | |
|---|---|---|---|
| | | | materials and additions and revisions by S. Lerner (2.1); telephone conference with C. Duggan (DPW) and S. Lerner regarding activities of special committee (.3); telephone conferences with S. Lerner regarding action items, information requests, case context, issues related to various committees and parties in interest, and follow-up to calls with counsel (.7); telephone conference with M. Monaghan, counsel for Sackler family members (.4); telephone conference with counsel for Official Committee of Unsecured Creditors regarding case context and dealings with Special Committee (.8); telephone conference with counsel for Ad Hoc Committee (.5); review and analysis of case materials, including regarding special committee (1.1); email correspondence with J. Lipson regarding call with Examiner (.2). |
| 06/28/21 | 5.80 | S. Lerner | Conference call with C. Duggan (DPW) and S. Kane regarding activities of special committee (.3); review and comment on draft letter to M. Huebner regarding document request (.3); telephone calls with S. Kane regarding action items, information requests, case context, issues related to various committees and parties in interest, and follow-up to calls with counsel (.7); continued document review (2.8); conference call with S. Kane and M. Monaghan, counsel for Sackler family members (.4); conference call with S. Kane and counsel for Official Committee of Unsecured Creditors regarding case context and dealings with Special Committee (.8); conference call with S. Kane and counsel for Ad Hoc Committee (.5). |
| 06/29/21 | 6.40 | S. Kane | Telephone conference with counsel for NCSG regarding information issues and case background (.6); telephone conference with J. Uzzi as counsel to members of Sackler family and S. Lerner regarding Examiner investigation and information requests (.4); review and analysis of special committee materials, case filings, and other information in connection with Examiner investigation (4.8); conference with S. Lerner regarding areas of investigation, action items, and plans for interview (.6). |
| 06/29/21 | 5.40 | S. Lerner | Telephone call UST regarding administrative matters (.2); emails regarding preparation of Kane retention application [NO CHARGE]; continued review of Special Committee meeting minutes (1.2); emails with UCC counsel regarding response to informal information and document request (.3); conference call with counsel for NCSG and S. Kane regarding information issues and case background (.6); conference call with J. Uzzi as counsel to members of Sackler family and S. Kane regarding Examiner investigation and information requests (.4); conference with S. Kane regarding areas of investigation, action items, and plans for interview (.6); review of case pleadings and special committee materials (.8); begin review of materials provided by UCC (1.5). |
| 06/30/21 | 5.90 | S. Kane | Telephone conference with K. McClay as counsel to MSGEG, and S. Lerner, regarding case background and MSGEG interaction with Special Committee (.5); review and analysis of case filings, discovery materials, reports, and other materials in connection with ongoing analysis (4.7); conference with S. Lerner regarding areas for investigation and action items (.5); email |

**SQUIRE PATTON BOGGS (US) LLP**

124879.00001

08/16/21                                                      Purdue Pharma Examiner / Special Committee Investigation

Page 3                                                                             Invoice Number: 10294221


|            |       |           | correspondence with counsel for Sackler B side family members regarding follow-up discussions (.2). |
|------------|-------|-----------|------------------------------------------------------------------|
| 06/30/21   | 3.00  | S. Lerner | Continued review materials provided by Special Committee and UCC (1.6); conference call with K. McClay as counsel to MSGEG, and S. Kane regarding case background and MSGEG interaction with Special Committee (.5); conference with S. Kane regarding areas for investigation and action items (.5); review emails between S. Kane and counsel for Sackler B side family members regarding follow-up discussions (.2); review draft outline of report (.2). |
| 07/01/21   | 6.20  | S. Kane   | Conference with S. Lerner to discuss organization of report (.5); telephone conference with counsel for Sackler family (B side) regarding information requests and interview schedule (.6); telephone conference with J. Lipson, K. Neuwirth, and S. Lerner (.8); review and analysis of case materials (3.1); telephone conference with S. Lerner to discuss matter analysis and work plan issues (.4); prepare for calls with counsel (.5); communications with counsel for Debtors regarding status of response to information requests (.3). |
| 07/01/21   | 4.60  | S. Lerner | Review Disclosure Statement hearing transcripts (2.2); call with S. Kane to discuss organization of report (.5); conference call with counsel for Sackler family (B side) and S. Kane regarding information requests and interview schedule (.6); conference call with J. Lipson, K. Neuwirth, and S. Kane(.8); call with S. Kane to discuss analysis and work plan issues (.4); review materials provided by Debtors (.9). |
| 07/02/21   | 5.20  | S. Kane   | Analysis of documentary materials in connection with Examiner's ongoing investigation (2.6); telephone conference with counsel for Sackler family regarding Examiner information requests (.3); email correspondence to counsel for Sackler counsel regarding information requests (.4); review email correspondence from counsel for Debtors regarding production and Examiner supplemental information request (.3); outline areas of inquiry for interviews (1.2); telephone conference with S. Lerner regarding workplan and progress, and issues related to information requests to third parties (.4). |
| 07/02/21   | 4.20  | S. Lerner | Conference call with counsel for Sackler family and S. Kane regarding Examiner information requests (.3); review emails between S. Kane and counsel for Sackler families regarding information requests (.2); review emails from counsel for Debtors regarding production and Examiner supplemental information request (.2); telephone call with S. Kane regarding work plan and progress, and issues related to information requests to third parties (.4); email with S. Kane regarding agenda for Kesselman interview (.1); review of documents (2.2);   emails with Debtors' counsel regarding request for special committee member emails for purposes of searches to be conducted by counsel for Sackler families (.4); review letter from Debtors' counsel regarding document production and related matters (.2); emails with S. Kane regarding review of Debtors' production (.2). |

SQUIRE PATTON BOGGS (US) LLP

124879.00001

08/16/21

Page 4

Purdue Pharma Examiner / Special Committee Investigation

Invoice Number: 10294221

| 07/03/21 | 2.80 | S. Kane | Review and analysis of case materials in connection with issues for Examiner investigation (1.6); email correspondence with Davis Polk regarding access to secure production transmission (.3); prepare communications to counsel for Mortimer Sackler regarding Examiner's information requests and issues related to ESI search and production (.9). |
| 07/03/21 | 2.80 | S. Lerner | Begin review of selected Debtor produced documents. |
| 07/04/21 | 1.00 | S. Kane | Review case filing and information in connection with issues for Examiner's investigation, including filings by creditor groups and discovery-related information. |
| 07/04/21 | 1.60 | S. Lerner | Review materials produced by Debtors. |
| 07/05/21 | 3.30 | S. Kane | Review materials in connection with ongoing investigation (1.7); communications to S. Lerner regarding status and action items for investigation (.4); internal communications regarding review plans for material produced in response to Examiner information requests (.3); communications with counsel for Official Committee regarding offer of further support (.1); review email correspondence and index provided by counsel for Sackler B side regarding response to Examiner information requests (.6); review email correspondence from J. Lipson regarding follow-up to diligence call (.2). |
| 07/05/21 | 2.70 | S. Lerner | Review letter from counsel to Raymond Sackler family regarding document production and related matters (.3); review email from S. Kane regarding requests and action items (.1); review letter and attachment from Professor Lipson (2.3). |
| 07/06/21 | 4.80 | S. Kane | Review and analysis of information received in response to Examiner information requests (2.8); review memorandum provided by J. Lipson regarding concerns and subject matter concerning alleged lack of independence (1.3); email correspondence with counsel for Sackler B side regarding production in response to Examiner information requests and ESI issues (.3); communications with S. Lerner regarding subjects for analysis and follow-up (.4). |
| 07/06/21 | 3.80 | S. Lerner | Review materials produced by Debtors, Lipson and Sacklers (3.2); emails with S. Kane regarding same (.4); email to DPW regarding document follow up (.2). |
| 07/07/21 | 3.80 | S. Kane | Review information for ongoing investigation, including regarding possible post-petition communications (2.2); communications with S. Lerner regarding review and analysis of information and status of responses to information requests (.6); communications with counsel for Debtors regarding follow-up question from Examiner (.4); review supplemental information production from Debtors regarding Examiner question (.4); email correspondence with counsel for creditor group responding to question from Examiner (.2). |

**Squire Patton Boggs (US) LLP**

124879.00001

08/16/21

Purdue Pharma Examiner / Special Committee Investigation

Page 5

Invoice Number: 10294221

| 07/07/21 | 2.80 | S. Lerner | Emails with counsel to Debtors re follow up on information requests (.4); telephone call counsel to Debtors re same (.3); review summary of analysis of Sackler family produced documents (.7); review email from counsel for Ad Hoc Committee on information request follow up (.2); communications with S. Kane regarding review and analysis of information and status of responses to information requests (.6); review additional Debtor document production (.6). |
|---|---|---|---|
| 07/08/21 | 4.10 | S. Kane | Telephone conference with M. Kesselman and S. Lerner (.6); communications with S. Lerner regarding status and action items, as well as preparation for interviews (.4); email correspondence with counsel for Debtors regarding Examiner information requests (.3); review responses to information requests and other information in connection ongoing investigation and preparation for witness interviews (1.9); email correspondence to counsel for Debtors regarding follow-up question from Examiner based on issues from diligence call (.3); review information regarding Plan developments from mediation (.2); review email correspondence and updated materials from J. Lipson (.4). |
| 07/08/21 | 5.00 | S. Lerner | Review additional materials provided by Prof. Lipson (1.1); emails with S. Kane re Kesselman interview and related matters (.2); conference call with M. Kesselman and S. Lerner (.6); emails and telephone calls with S. Kane regarding status and action items, as well as preparation for interviews (.4); review emails between S. Kane and DPW re Examiner information requests (.3); review documents produced by parties re investigation and preparation for witness interviews (2.4). |
| 07/09/21 | 2.70 | S. Kane | Review information provided by Debtors in response to follow-up request from Examiner (.5); review information provided by J. Lipson (1.4); email correspondence with counsel for Sackler Side B regarding interview scheduling (.3); communications with S. Lerner regarding investigation issues and witness interview content and preparation (.5). |
| 07/09/21 | 2.10 | S. Lerner | Review additional information provided by Debtors in response to follow-up request (.4); review emails with counsel for Sackler Side B regarding interview scheduling (.3); emails with S. Kane re investigation issues and witness interview content and preparation (.5); continued review of materials provided by Prof. Lipson (.9). |
| 07/10/21 | 1.30 | S. Kane | Communications with Lerner regarding progress of investigation, status of analysis of various issues, and preparation for witness interviews (.5); review information received in response to Examiner's requests (.8). |
| 07/10/21 | 4.20 | S. Lerner | Prep for Special Committee member interviews (3.7); emails with S. Kane re progress of investigation, status of analysis of various issues, and preparation for witness interviews (.5). |

S<small>QUIRE</small> P<small>ATTON</small> B<small>OGGS</small> (US) LLP

124879.00001

08/16/21

Purdue Pharma Examiner / Special Committee Investigation

Page 6

Invoice Number: 10294221

| 07/11/21 | 8.10 | S. Kane | Prepare for interviews, including review of information produced by Debtors and other parties (6.1); revise outline for interviews (1.2); communications with S. Lerner regarding issues for interviews (.8). |
|---|---|---|---|
| 07/11/21 | 4.80 | S. Lerner | Prepare for Special Committee witness interviews (3.4); review and comment on revised witness outlines (.6); emails with S. Kane regarding issues for interviews (.8). |
| 07/12/21 | 10.40 | S. Kane | Prepare for and conduct interviews of special committee members at DPW office (9.1); communications with counsel for Sackler Side A regarding interview scheduling and production (.4); conference with S. Lerner regarding action items for investigation and issues from special committee interviews (.9). |
| 07/12/21 | 11.40 | S. Lerner | Final preparation for and participation in Special Committee witness interviews of S. Miller, K. Buckfire, M. Cola and J. Dubel (9.1); follow up conference with S. Kane (.9); prepare outline for Sackler family member interviews (1.2); review correspondence from Debevoise re Sackler A side document production (.2). |
| 07/13/21 | 9.50 | S. Kane | Review information from interviews (.6); prepare for and conduct interview of David Sackler (2.9); conference with S. Lerner regarding interview results, issues for ongoing examination, and action items (.7); telephone conference with S. Lerner and U.S. Trustee (.2); review communications from counsel for Sacklers regarding information requests (.5); draft and revise organizational and background sections of report (1.7); begin drafting declarations (1.0); review responses to information requests from Examiner (1.5); review communications from counsel for Debtors regarding Protective Order (.2); communications to counsel for Sackler Family Side A regarding additional interview request (.2). |
| 07/13/21 | 4.30 | S. Lerner | Status call with B. Harrington (US Trustee) and S. Kane (.2); prepare for and participate in interview of D. Sackler (2.2); emails with S. Kane re access to and search of Confirmation Reserve database (.3); conference with S. Kane regarding interview results, issues for ongoing examination, and action items (.7); review emails from counsel for Sacklers regarding information requests (.5); review emails from counsel for Debtors regarding Protective Order (.2); review emails to counsel for Sackler Family Side A regarding additional interview request (.2). |
| 07/14/21 | 7.50 | S. Kane | Conference with S. Lerner regarding organization and issues for report (.5); telephone conferences with counsel for Sackler B side regarding declaration to confirm interview items (.6); telephone conference with counsel for UCC regarding diligence issues (.6); revise declaration language (.4); draft content for anticipated report (2.4); analysis of documentary materials in connection with examination items (3.0). |

**S**QUIRE **P**ATTON **B**OGGS (US) LLP

124879.00001

08/16/21

Purdue Pharma Examiner / Special Committee Investigation

Page 7

Invoice Number: 10294221

| 07/14/21 | 4.20 | S. Lerner | Review and comment on draft David Sackler declaration (.4); email to S. Kane re same (.1); conference calls with counsel for Sackler B Side and S. Kane re D. Sackler interview follow up (.3); follow up call with S. Kane (.2); telephone call M. Huebner re information follow up and related matters (.3); review materials produced by Debtors and Sacklers for reference/inclusion in report (2.4); conference with S. Kane regarding report (.5). |
|---|---|---|---|
| 07/15/21 | 9.40 | S. Kane | Prepare for and conduct interview of M. Sackler (2.3); draft and revise declaration regarding prior interviews (1.0); conference with S. Lerner to discuss examination items and potential follow-up requests (.4); telephone conference with Debtors' counsel regarding follow-up requests and finalization of declarations (.4); review and analysis of materials received in response to information requests in connection with preparation of report (2.9); prepare language for report (2.4). |
| 07/15/21 | 7.10 | S. Lerner | Prepare for and participate in interview of M. Sackler (1.8); conference with S. Kane to discuss examination items and potential follow-up requests (.4); review and comment on witness declarations (.9); review materials produced by parties in interest (3.2); telephone call counsel for Debtors regarding follow up questions on S. Miller WSJ Op-Ed (.4); conference call with S. Kane and Debtors' counsel regarding follow-up requests and finalization of declarations (.4). |
| 07/16/21 | 13.10 | S. Kane | Prepare for and conduct interview of Jonathan White (2.3); draft and revise declarations (1.4); communications with counsel for Mortimer Sackler family regarding requested declarations (.5); communications with counsel for Debtors regarding completion of requested declarations from Special Committee members (.4); conference with S. Lerner regarding progress of investigation, action items, and drafting of report (.8); draft and revise content for report (7.7). |
| 07/16/21 | 6.40 | S. Lerner | Review and comment on draft M. Sackler declaration (.6); emails with S. Kane re same (.3); review materials in support of draft report (1.8); prepare for and participate in J. White interview (1.4); initial review of draft report sections (2.3). |
| 07/17/21 | 9.40 | S. Kane | Draft and revise report (8.1); multiple communications with S. Lerner regarding report content and revisions (.6); review S. Lerner revisions (.5); communications to counsel for Debtors regarding Examiner follow-up question (.2). |
| 07/17/21 | 2.70 | S. Lerner | Further review and comment on draft examiner report (2.1); communications with S. Kane re same (.6). |
| 07/18/21 | 12.80 | S. Kane | Draft and revise numerous sections of report, including based on comments and revisions from S. Lerner (8.7); review and analysis of documents in connection with drafting of report (3.3); email correspondence to S. Lerner regarding preparation of report (.6); communications with |

SQUIRE PATTON BOGGS (US) LLP

124879.00001

08/16/21

Purdue Pharma Examiner / Special Committee Investigation

Page 8

Invoice Number: 10294221

|  |  |  |  |
|---|---|---|---|
| | | | counsel for Sackler A side regarding follow-up concerning delivery of declarations (.2). |
| 07/18/21 | 4.30 | S. Lerner | Review and comment on further revised draft of examiner report (2.5); emails with S. Kane regarding same (.4); review notes of interviews and materials produced by parties in interest in connection with preparation of report (1.4). |
| 07/19/21 | 11.80 | S. Kane | Revise and complete report of Examiner, including based on final comments and revisions from S. Lerner (9.2); communications with S. Lerner regarding final issues for completion of report (.7); review materials and exhibits in connection with completion of report (1.6); email correspondence to counsel for Debtors regarding protective order and confidentiality considerations (.3). |
| 07/19/21 | 7.80 | S. Lerner | Finalize report and review and comment on numerous drafts (6.3); review S. Kane comments to report (.8); emails with S. Kane regarding final issues for completion of report (.7). |

**TOTAL HOURS FOR THIS MATTER:**                                                                                      **272.90**

**TOTAL SERVICES:**                                                                                      **$ 280,447.50**

---

### DISBURSEMENT SUMMARY

| | | |
|---|---|---|
| Airfare through Travel Service | VENDOR: Travel - Financial Accounting use only INVOICE#: 58551_07252021 DATE: 7/25/2021<br>Airfare for KANE/SCOTT ALLEN - ticket # 7626839715- depart 07-12-2021 CVG/LGA/CVG | 592.70 |
| Court Filing / Process Service | VENDOR: BB&T Financial FSB INVOICE#: 86507_70521_CARM DATE: 7/6/2021 COURTS/USBC-NY-SECF; Filing Fee | 200.00 |
| Ground Transportation | VENDOR: Stephen D. Lerner; INVOICE#: 071221; DATE: 7/12/2021  -  CIN - 07/12-07/13 - Travel to New York for Purdue Pharma Special Committee interviews - Uber from airport to hotel | 73.26 |
| Ground Transportation | VENDOR: Stephen D. Lerner; INVOICE#: 071221; DATE: 7/12/2021  -  CIN - 07/12-07/13 - Travel to New York for Purdue Pharma Special Committee interviews - Uber from hotel to airport | 50.50 |
| Ground Transportation | VENDOR: Kane, Scott A.; INVOICE#: 071221; DATE: 7/12/2021  -  CIN - 07/12-07/13 - Uber drive from hotel to airport | 49.74 |
| Meals | VENDOR: Stephen D. Lerner; INVOICE#: 071221; DATE: 7/12/2021  -  CIN - | 42.00 |

**Squire Patton Boggs (US) LLP**

124879.00001

08/16/21

Purdue Pharma Examiner / Special Committee Investigation

Page 9

Invoice Number: 10294221

| | | |
|---|---|---:|
| | 07/12-07/13 - Travel to New York for Purdue Pharma Special Committee interviews - The Penn Club - Meals | |
| Travel | VENDOR: Kane, Scott A.; INVOICE#: 071221; DATE: 7/12/2021   -   CIN - 07/12-07/13 - Airport Parking | 30.00 |
| Travel | VENDOR: Kane, Scott A.; INVOICE#: 071221; DATE: 7/12/2021   -   CIN - 07/12-07/13 - One night at hotel / Westin New York Grand Central | 333.39 |
| Travel | VENDOR: Stephen D. Lerner; INVOICE#: 071221; DATE: 7/12/2021   -   CIN - 07/12-07/13 - Travel to New York for Purdue Pharma Special Committee interviews - Airport parking | 30.00 |
| Travel | VENDOR: Stephen D. Lerner; INVOICE#: 071221; DATE: 7/12/2021   -   CIN - 07/12-07/13 - Travel to New York for Purdue Pharma Special Committee interviews - Flight from CVG to NY and return | 656.80 |
| Travel | VENDOR: Stephen D. Lerner; INVOICE#: 071221; DATE: 7/12/2021   -   CIN - 07/12-07/13 - Travel to New York for Purdue Pharma Special Committee interviews - The Penn Club hotel for one night | 237.58 |
| Printing/duplicating-in-house | | 132.30 |
| Telephone | | 148.57 |

**TOTAL DISBURSEMENTS:** **$ 2,576.84**

## MATTER TOTAL

| | |
|---|---:|
| **TOTAL SERVICES:** | **$ 280,447.50** |
| **TOTAL DISBURSEMENTS:** | **$ 2,576.84** |
| **TOTAL AMOUNT DUE FOR THIS MATTER:** | **$ 283,024.34** |