# **Exhibit A**

Marshall S. Huebner
Benjamin S. Kaminetzky
James I. McClammy
Marc J. Tobak
Gerard X. McCarthy
**DAVIS POLK & WARDWELL LLP**
450 Lexington Avenue
New York, New York 10017
Telephone:    (212) 450-4000
Facsimile:    (212) 701-5800

*Counsel to Purdue Pharma L.P. and its affiliated debtors*

Arik Preis
Mitchell P. Hurley
Sara L. Brauner
**AKIN GUMP STRAUSS HAUER & FELD LLP**
One Bryant Park
New York, New York 10036
Telephone:    (212) 872-1000
Facsimile:    (212) 872-1002

*Lead Counsel to the Official Committee of Opioid Related Claimants*

George A. Davis
George Klidonas
Andrew Sorkin
Anupama Yerramalli
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, New York 10020
Telephone:    (212) 906-1200
Facsimile:    (212) 751-4864

*Counsel for Mallinckrodt plc and its affiliated debtors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | **Chapter 11** |
| PURDUE PHARMA L.P., *et al.*, | **Case No. 19-23649 (RDD)** |
| Debtors.[1] | **(Jointly Administered)** |

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC

**PROPOSED STIPULATION AND AGREED ORDER AUTHORIZING
PRIME CLERK LLC TO UTILIZE CONFIDENTIAL CLAIMANT NOTICING
INFORMATION IN CONNECTION WITH MALLINCKRODT'S CHAPTER 11 CASES**

This Stipulation and Agreed Order (the "***Stipulation and Order***") is entered into by and among: (i) Purdue Pharma L.P. and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "***Purdue Debtors***" and such chapter 11 cases, the "***Purdue Chapter 11 Cases***"); (ii) Mallinckrodt plc and its affiliated debtors and debtors in possession (collectively, "***Mallinckrodt***") in the jointly-administered Case No. 20-12522 (JTD) (the "***Mallinckrodt Chapter 11 Cases***") in the United States Bankruptcy Court for the District of Delaware (the "***Delaware Bankruptcy Court***"); and (iii) the official committee of opioid-related creditors in the Mallinckrodt Chapter 11 Cases (the "***Mallinckrodt Committee***" and, together with the Purdue Debtors and Mallinckrodt, the "***Parties***" and each a "***Party***").

**WHEREAS**, on September 15, 2019, the Purdue Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "***Bankruptcy Code***");

**WHEREAS**, on September 20, 2019, this Court appointed Prime Clerk LLC ("***Prime Clerk***") as the Purdue Debtors' claims and noticing agent. *See* [Purdue Dkt. No. 6];

**WHEREAS**, on September 24, 2019, this Court entered that certain *Amended Order (I) Waiving Requirement to File List of Creditors, (II) Authorizing the Debtors and the Claims and Noticing Agent to Suppress Personally Identifiable Information for Individuals, (III) Authorizing the Debtors' Claims and Noticing Agent to Withhold Publication of Claims Filed by Individuals until Further Order of the Court and (IV) Establishing Procedures for Notifying Creditors of the*

---

Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

*Commencement of the Debtors' Chapter 11 Cases* [Purdue Dkt. No. 102] (the "**Purdue PII Order**");

**WHEREAS**, on October 12, 2020, Mallinckrodt plc and certain of its affiliates filed voluntary petitions in the Delaware Bankruptcy Court commencing cases for relief under chapter 11 of the Bankruptcy Code;

**WHEREAS**, on October 14, 2020, the Delaware Bankruptcy Court appointed Prime Clerk as Mallinckrodt's claims and noticing agent. *See In re Mallinckrodt plc*, Case No. 12-12522 (JTD) [Dkt. No. 219] (Bankr. D. Del. Oct. 14, 2020);

**WHEREAS**, on November 10, 2020, the Delaware Bankruptcy Court entered that certain *Final Order Authorizing Certain Procedures Regarding Notice and Personally Identifiable Information for Individuals* (the "**Mallinckrodt PII Order**") attached as **Exhibit A** hereto. *Id*. at [Mallinckrodt Dkt. No. 464];

**WHEREAS**, certain Mallinckrodt entities have been named in over 3,000 lawsuits stemming from the nationwide opioid epidemic. *Id*;

**WHEREAS**, certain of the Purdue Debtors are also defendants in the majority of these same lawsuits. *See* [Mallinckrodt Dkt. No. 17];

**WHEREAS**, on June 17, 2021, the Delaware Bankruptcy Court entered an order [Mallinckrodt Dkt. No. 2911] approving the *Disclosure Statement for Joint Plan of Reorganization of Mallinckrodt plc and Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [Mallinckrodt Dkt No. 2917] and establishing solicitation procedures for the *Joint Plan of Reorganization of Mallinckrodt plc and Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [Mallinckrodt Dkt No. 2916] (the "**Mallinckrodt Plan**");

**WHEREAS**, given the potential overlap in opioid claimants in both the Purdue Chapter 11 Cases and the Mallinckrodt Chapter 11 Cases, Mallinckrodt is attempting to notice all opioid

3

claimants in the Purdue Chapter 11 Cases as part of the solicitation program in connection with the Mallinckrodt Plan to ensure the broadest possible notice to potential claimants in the Mallinckrodt Chapter 11 Cases;

**WHEREAS**, Prime Clerk, in its capacity as one Party's noticing and claims agent, does not share non-public information with Prime Clerk, in its capacity as the other Party's noticing and claims agent, without the consent of the Party that originated the non-public information or a court order;

**WHEREAS**, contact information for many of the claimants in the Purdue Chapter 11 Cases that are not individual persons is publicly available through the Purdue Debtors' claims register and, as to those claimants, Mallinckrodt intends to utilize (or has already utilized) the available addresses in the Mallinckrodt Chapter 11 Cases to send a notice outlining how a party may request a ballot to vote on the Mallinckrodt Plan;

**WHEREAS**, the Purdue PII Order protects "personally identifiable information of any individuals listed on or appearing in any document filed with the court." *See* Purdue PII Order, ¶ 9. As a result, Mallinckrodt is unable to review the Purdue Debtors' claims register to obtain information necessary to provide notice in connection with the Mallinckrodt Chapter 11 Cases to the Purdue Debtors' opioid claimants who are individuals;

**WHEREAS**, Mallinckrodt seeks an exception to the Purdue PII Order to allow the respective Prime Clerk teams working in the Purdue Chapter 11 Cases and in the Mallinckrodt Chapter 11 Cases to share and utilize in connection with the Mallinckrodt Chapter 11 Cases the personally identifiable information of creditors with opioid related claims in the Purdue Chapter 11 Cases, solely to the extent necessary to allow Mallinckrodt to send direct notice to such individuals or their counsel;

4

**NOW**, **THEREFORE**, the following is hereby stipulated and agreed to by the Parties, subject to approval of the Court:

1. Prime Clerk, in its capacity as the Purdue Debtors' noticing and claims agent, is authorized to share and utilize, in its capacity as Mallinckrodt's noticing and claims agent: (a) (i) if a creditor with an opioid related claim is represented by counsel, such counsel's information, and (ii) if a creditor with an opioid related claim is not represented by counsel, personally identifiable information of such creditor, and (b) other information publicly available (and information not otherwise publicly available) on the Purdue Debtors' claims register, in each case, as necessary to allow Mallinckrodt to provide notice to such individuals or their counsel in connection with the Mallinckrodt Chapter 11 Cases, including for purposes of providing notice of the proposed confirmation of, and solicitation of votes to accept or reject, the Mallinckrodt Plan; *provided*, that Prime Clerk shall not utilize any such information in such a manner that would result in Prime Clerk being required by the Delaware Bankruptcy Court to disclose such information publicly; *provided*, further, that no other information or work product of the Purdue Debtors or Mallinckrodt shall be shared with any other Party pursuant to this Stipulation and Order.

2. Counsel to the Mallinckrodt Committee is authorized to access any information that is shared by Prime Clerk with Mallinckrodt pursuant to paragraph 1 of this Stipulation.

3. All information shared pursuant to this Stipulation and Order shall be subject to the Purdue PII Order and the Mallinckrodt PII Order.

4. Notwithstanding and in addition to any prior agreements by the Purdue Debtors or the Mallinckrodt Debtors to indemnify the Indemnified Parties (as defined below), the Purdue Debtors and Mallinckrodt Debtors, jointly and severally, shall indemnify, defend and hold Prime Clerk and its members, directors, officers, employees, representatives, affiliates, consultants, subcontractors, and agents (collectively, the "***Indemnified Parties***") from and against any and all

5

losses, claims, damages, judgments, liabilities, and expenses, whether direct or indirect (including, without limitation, counsel fees and expenses) (collectively, "*Losses*") resulting from, arising out of or related to the sharing and utilization of opioid claimant personally identifiable information in accordance with the terms of this Stipulation; *provided, however*, that in no event shall Prime Clerk be indemnified in the case of its own bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence or willful misconduct related thereto. Without limiting the generality of the foregoing, Losses include any liabilities resulting from claims by any third parties against any Indemnified Party.

5. Nothing in this stipulation creates an obligation or any liability on either Party to the other Party, including as to the adequacy or sufficiency of the other Party's noticing program.

6. The terms and conditions of this Stipulation and Order are immediately effective and enforceable upon its entry.

7. The Purdue Debtors, Mallinckrodt, and Prime Clerk (as noticing and claims agent in both cases) are authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Stipulation and Order.

8. This Court shall retain jurisdiction with respect to all matters arising from or related to the information shared pursuant to this Stipulation and Order.

[*Signature Page Follows*]

**IN WITNESS WHEREOF**, the Parties have executed this Stipulation and Order as of the date set forth below.

Dated: August 17, 2021
      New York, New York

| /s/ *James I. McClammy* | /s/ *Anupama Yerramalli* |
|---|---|
| Marshall S. Huebner | George A. Davis |
| Benjamin S. Kaminetzky | George Klidonas |
| James I. McClammy | Andrew Sorkin |
| Marc J. Tobak | Anupama Yerramalli |
| Gerard X. McCarthy | **LATHAM & WATKINS LLP** |
| **DAVIS POLK & WARDWELL LLP** | 1271 Avenue of the Americas |
| 450 Lexington Avenue | New York, New York 10020 |
| New York, New York 10017 | Telephone:    (212) 906-1200 |
| Telephone:    (212) 450-4000 | Facsimile:    (212) 751-4864 |
| Facsimile:    (212) 701-5800 | |
| | *Counsel to Mallinckrodt plc and its affiliated debtors* |
| *Counsel to Purdue Pharma L.P. and its affiliated debtors* | |

/s/ *Arik Preis*

Arik Preis
Mitchell P. Hurley
Sara L. Brauner
**AKIN GUMP STRAUSS HAUER & FELD LLP**
One Bryant Park
New York, New York 10036
Telephone:    (212) 872-1000
Facsimile:    (212) 872-1002

*Lead Counsel to the Official Committee of Opioid Related Claimants*

**SO ORDERED**.

White Plains, New York
Dated: August ___, 2021

                                      THE HONORABLE ROBERT D. DRAIN
                                      UNITED STATES BANKRUPTCY JUDGE

# **EXHIBIT A**

**Mallinckrodt PII Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) ) | Chapter 11 |
| MALLINCKRODT PLC, *et al.*, | ) ) ) | Case No. 20-12522 (JTD) |
| Debtors.[1] | ) ) ) ) ) | (Jointly Administered) **Re: Docket Nos. 10, 221 & 249** |

### FINAL ORDER AUTHORIZING CERTAIN PROCEDURES REGARDING NOTICE AND PERSONALLY IDENTIFIABLE INFORMATION FOR INDIVIDUALS

Upon the motion (the "*Motion*")[2] of the Debtors for a final order (this "*Final Order*") (a) approving the implementation of certain notice procedures by which the Debtors shall, or direct the Claims Agent to send certain required notices, mailings, and other communications related to the chapter 11 cases, including service of certain notices and other documents relating to the Debtors' adversary proceeding seeking an injunction against continuation of any litigation by governmental units (the "*105 Communications*")[3], to such known counsel of record for the O/A Claimants in lieu of sending such communications to the O/A Claimants themselves; and (b) authorizing the Claims Agent to (i) redact certain personally identifiable information of individual claimholders and interest holders (including O/A Claimants and employees) in the Debtors' creditor matrix, Schedules/Statements, claims register, and affidavits of service filed

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at http://restructuring.primeclerk.com/Mallinckrodt. The Debtors' mailing address is 675 McDonnell Blvd., Hazelwood, Missouri 63042.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

[3] 105 Communications exclude the summons, complaint, motion, opening brief, and declarations filed on the first day of the adversary proceeding seeking an injunction against continuation of any litigation by governmental units.

RLF1 24287339v.1

throughout the cases; and (ii) withhold publication of individuals' proofs of claim that may contain medical or personally identifiable information; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b)(2); and the Court having authority to enter a final order consistent with Article III of the United States Constitution; and venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and a hearing having been held to consider the relief requested in the Motion (the "***Hearing***"); and upon the Welch Declaration and the record of the Hearing and all the proceedings before the Court; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The Debtors are authorized to implement the following notice procedures as they relate to the O/A Claimants (the "***O/A Claimants Notice Procedures***"), except as may otherwise subsequently be ordered by the Court:

   a. send (or direct the Claims Agent to send) required notices, mailings, and other communications related to the chapter 11 cases, including the 105 Communications, to such known counsel of record for the O/A Claimants in lieu of sending such communications to the O/A Claimants themselves, *provided that* the Debtors will (or direct the Claims Agent to) send required notices, mailings and other communications directly to any O/A Claimants who so request such direct notice from the Debtors in writing or who file a request for notice under Bankruptcy Rule 2002; and

2

RLF1 24287339v.1

b. for a law firm representing multiple O/A Claimants, serve each document only a single time on such law firm (at each relevant address or e-mail address) on behalf of all of such counsel's clients; *provided that* any notice or other document relating specifically to one or more particular O/A Claimant (rather than all O/A Claimants represented by a law firm) shall clearly identify such parties.

3. Except as provided by any other subsequent order of this Court (including, but not limited to, any order establishing the form and manner of noticing of any claims bar dates or plan solicitation and voting procedures in these chapter 11 cases), the Debtors are not required to provide further notice to the O/A Claimants beyond the O/A Claimants Notice Procedures set forth herein.

4. The Debtors are authorized to redact on the Debtors' creditor matrix and Schedules/Statements (a) home address information of the Debtors' individual creditors and interest holders and (b) names and address information in respect of individuals protected by the European General Data Protection Regulation (the "**GDPR**").

5. Notwithstanding anything to the contrary in the order relating to the retention of the Claims Agent or any Local Rules, the Claims Agent is authorized to suppress from the Claims Registers (a) individual addresses and (b) names and address information in respect of individuals protected by the GDPR.

6. Notwithstanding anything to the contrary in the order relating to the retention of the Claims Agent or any Local Rules, the Claims Agent is authorized to file affidavits of service without disclosing the (a) addresses of individuals and (b) names and address information in respect of individuals protected by the GDPR.

7. Notwithstanding anything to the contrary in the order authorizing the engagement of Claims Agent or any Local Rules, the Claims Agent is authorized to withhold publication of proofs of claim filed by individual creditors.

3

8.  The Debtors shall provide an unredacted creditor matrix, unredacted Schedules/Statements, unredacted claims registers, unredacted affidavits of service, withheld proofs of claims, and any other filings redacted pursuant to this Order to (x) upon request, the Court, the U.S. Trustee, any official committee appointed in these chapter 11 cases, the ad hoc group of holders of the Debtors' unsecured notes, or the ad hoc committee of governmental entities holding opioid claims, and (y) upon further order of the Court granting a written motion to the Court that indicates the reason such information is needed, any other party.

9.  All information withheld from public disclosure pursuant to this Final Order that the Debtors share with any party will be subject to measures reasonably acceptable to the Debtors to ensure compliance with the GDPR.

10. Nothing in this Final Order shall be deemed to modify the obligation that each filer of a proof of claim bears the obligation to redact confidential health information, and the Claims Agent shall have no liability for any disclosure or nondisclosure thereof.

11. The terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

12. The Debtors are authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Final Order.

RLF1 24287339v.1

19-23649-shl  Doc 3522-1  Filed 08/14/21  Entered 08/07/21 12:54:55  Exhibit A- Proposed Stipulation and Agreed Order  Pg 14 of 14

Case 20-35522-JTD  Doc 164  Filed 10/10/21  Page 14 of 15

13. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Final Order.

**Dated: November 10th, 2020**
**Wilmington, Delaware**

**JOHN T. DORSEY**
**UNITED STATES BANKRUPTCY JUDGE**

5

RLF1 24287339v.1