KLEINBERG, KAPLAN, WOLFF & COHEN, P.C.
Matthew J. Gold
Robert M. Tuchman
500 Fifth Avenue
New York, New York 10110
Tel:  (212) 986-6000

*Counsel to the State of Washington*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| **In re:** | : | Chapter 11 |
| | : | |
| **PURDUE PHARMA L.P.,** *et al.*, | : | Case No. 19-23649 (RDD) |
| | : | (Jointly Administered) |
| **Debtors.** | : | |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**THE STATE OF WASHINGTON'S OBJECTION TO**
**MOTION OF DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING**
**IMPLEMENTATION OF 2021 KEY EMPLOYEE INCENTIVE PLAN**

The State of Washington ("Washington" or the "State") hereby (i) objects (the "Objection") to the Motion of Debtors for Entry of an Order Authorizing Implementation of 2021 Key Employee Incentive Plan and 2021 Key Employee Retention Plan, filed by the Debtors on June 28, 2021 (Docket # 3077) (the "Motion"), and (ii) adopts (a) the United States Trustee's objection to the Motion, filed on July 12, 2021 (Docket # 3137) (the "UST Objection"), and (b) the Non-Consenting States' Limited Objection to Motion of Debtors for Entry of an Order Authorizing Implementation of 2021 Key Employee Incentive Plan, dated August 20, 2021, as if fully set forth herein. In support of the Objection, Washington respectfully states as follows:

**OBJECTION**

1.      Through their Motion (a portion of which was addressed during an earlier hearing in July), the Debtors seek Court approval to pay an additional $7 million of incentive compensation to five Purdue insiders—on top of the over $27 million in cash payments and millions of dollars

in legal support that these individuals already have received from the Debtors during the pendency

of this bankruptcy alone.[1] This proposed payment is grossly inequitable and inappropriate under

the circumstances, and should be rejected for the reasons set forth below.

2.      The five individuals to whom the Debtors propose to make the $7 million in further

incentive payments are Purdue Chief Executive Officer ("CEO") Craig Landau ("Landau"),

General Counsel Marc Kesselman ("Kesselman"), Chief Financial Officer Jon Lowne ("Lowne"),

and Chief Technology Officer David Lundie ("Lundie"), and Rhodes Pharma President Vincent

Mancinelli ("Mancinelli" and, collectively with Landau, Kesselman, Lowne, and Lundie, the

"Insiders").[2] Under the terms of the Debtors' Seventh Amended Joint Chapter 11 Plan of

Reorganization (the "Plan") currently under consideration—a Plan that the Insiders helped to craft

and have pressed for its implementation—the Insiders are set to receive blanket civil liability for

their actions at Purdue, including during the period in which Purdue has pleaded guilty to three

felonies, for which none of the Insiders is to pay anything.[3] By any measure, and particularly when

contrasted to the many thousands of individuals who have been harmed by the Debtors and will

receive little to no compensation, the Insiders have been paid enough.

3.      A central tenet of the Debtors' advocacy for the Plan is that the Debtors have

changed—that their focus has shifted away from profit maximization and towards the pursuit of

mitigating the harms that their conduct has wrought. As the Debtors grandly promised in their

Disclosure Statement, "the Debtors committed to turn over all of their assets for the benefit of their

---

[1]     *See* Monthly Operating Report, Dkt. # 3463 at 15 of 114 (listing payment amounts by individuals' names); Disclosure Statement, Dkt. # 2983 at 64 of 499 (information about these executives).

[2]     Dkt. # 2983 at 64 of 499.

[3]     *See* Dkt. # 3185, at 38-39 of 159 (defining Released Parties and Related Parties).

claimants and the American public, with the goal of directing as much of the value of their assets as possible to combatting the opioid crisis in this country."[4] With the Plan not even yet confirmed, the Debtors now propose to deliver substantial value not to those victimized by the Debtors' actions, but rather to the same Insiders that Purdue already has made rich.

4.      Indeed, for all of the Debtors' promises, the record shows that the Debtors' practice of rewarding its insiders has continued unabated throughout the pendency of this bankruptcy. Over the past months in which this case has been pending, Purdue's Board alone has been paid more than $10 million.[5] The change that the Debtors have pledged to make means recognizing the tradeoffs inherent in Insider payments, seeing the good that can be done by redeploying millions that would otherwise go towards further enriching the Debtors' Insiders.

5.      That is particularly true given to whom the Debtors propose to make these further Insider payments. Landau and Kesselman, for example, have been Purdue's CEO and General Counsel, respectively, for years.  Even if they themselves did not participate in wrongdoing, they bear at least some modicum of responsibility for directing the actions and setting the culture of a company that has caused untold destruction and immiseration—a company that, by its own admission, engaged in a decades-long series of felonies.  The failure to conduct investigations and take appropriate action described in the Non-Consenting State Group objection, taints any request for extra compensation.

6.      Indeed, Landau in particular has been CEO of Purdue for four years, a period spanning most of the Department of Justice investigation, negotiation, and plea agreement.[6] As the

---

[4]      Disclosure Statement, Dkt # 2983, at 11 of 499.

[5]      Dkt. # 3463, at 15.

[6]      According to the Debtors' motion to approve its guilty plea with the United States, the Debtors reported that they had been "subject to investigation by multiple components of the Department of Justice

CEO of Purdue, Dr. Landau had an obligation to identify wrongdoers at Purdue and take corrective action, including with regard to compensation. And yet, at deposition, Landau testified that, under his stewardship, Purdue has *never* investigated or disciplined anyone based upon their involvement in the decade-long conduct that forms the predicate for Purdue's admitted felonies.[7]

7.      Washington respectfully submits that the Debtors should be held to the commitments they have made. If Purdue is no longer to be a private, for-profit enterprise—if it truly seeks to be something other than what it has historically been—then its executives should do their jobs without the millions more that the Debtors seek to pay them. Given the sacrifices that the Debtors asks their thousands of creditors to make, simple fairness dictates nothing less.

8.      Refraining from paying the Insiders millions of additional dollars that could far more fruitfully be deployed in service of the mission that the Debtors have pledged to undertake would be the right and principled thing to do no matter what. The context of these payments, however, cannot be ignored. The world is watching, and it is waiting to see whether Purdue is serious about remaking itself as it has promised to do. If Purdue is to rebuild the trust of the public, it can no longer reward its insiders as it once felt itself free to do. And, if Purdue will not do the right thing of its own accord, then this Court should hold the Debtors to the promises they have made and reject the further Insider payments sought in the Motion.

## CONCLUSION

9.      For the foregoing reasons, the Motion should be denied.

Dated: August 20, 2021

---

. . . since June 2016." *Motion of Debtors Pursuant to 11 U.S.C. § 105 and Fed. R. Bankr. P. 9019 Authorizing and Approving Settlements Between the Debtors and the United States*, at ¶ 16, Dkt. # 1828.

[7]      *See* Landau Deposition, Dkt. # 3320-1, at 4 of 23 ("Q: As CEO, have you ever ordered an investigation into alleged misconduct at Purdue? … A:  I don't believe so because I don't believe I had become aware of any alleged misconduct during my time as CEO."); at 22-23 of 23 ("Q. Looking back over your entire experience, can you think of anyone who was fired from Purdue for participating in a crime?  A. Not that I can recall, here in 2020, no.").

New York, New York

Respectfully submitted,

| | |
|---|---|
| KLEINBERG, KAPLAN, WOLFF & COHEN, P.C. | ROBERT W. FERGUSON Attorney General of the State of Washington |
| By:  */s/ Matthew J. Gold* | By:  */s/ Tad Robinson O'Neill* |
| Matthew J. Gold Robert M. Tuchman | Tad Robinson O'Neill |
| 500 Fifth Avenue New York, New York 10110 Tel:  (212) 986-6000 Fax:  (212) 986-8866 E-mail:    mgold@kkwc.com         rtuchman@kkwc.com | Assistant Attorney General 800 Fifth Avenue, Suite 2000 Seattle, Washington 98104 Tel:  (206) 254-0570 E-mail:  tad.oneill@atg.wa.gov |
| *Attorneys for the State of Washington* | *Attorneys for the State of Washington* |

## <u>CERTIFICATE OF SERVICE</u>

I, Juliet Remi, hereby certify that, on August 20, 2021, I caused true and correct copies of the foregoing document to be served (i) by the Court's Case Management/Electronic Case File (CM/ECF) System to all parties who are deemed to have consented to electronic service; (ii) by email upon the parties who provided email addresses set forth in the Master Service List maintained by the Debtors in respect of these chapter 11 cases; and (iii) by email upon the chambers of the Honorable Judge Robert D. Drain (rdd.Chambers@nysb.uscourts.gov) and the Office of the United States Trustee for the Southern District of New York (Attn: Paul K. Schwartzberg, paul.schwartzberg@usdoj.gov).

*/s/ Juliet Remi*
Juliet Remi