**Hearing Date and Time: August 27, 2021, at 10:00 a.m. (ET)**
**Extended Objection Deadline: August 20, 2021 at 4:00 p.m. (ET)**

PILLSBURY WINTHROP SHAW PITTMAN LLP
Andrew M. Troop
Hugh M. McDonald
Andrew V. Alfano
31 West 52nd Street
New York, New York 10019

*Counsel to the Ad Hoc Group of Non-Consenting States*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| **In re:** | ) | Chapter 11 |
| | ) | |
| **PURDUE PHARMA L.P., *et al.*,[1]** | ) | Case No. 19-23649 (RDD) |
| | ) | |
| **Debtors.** | ) | (Jointly Administered) |
| | ) | |

**THE NON-CONSENTING STATES' LIMITED OBJECTION TO MOTION OF DEBTORS**
**FOR ENTRY OF AN ORDER AUTHORIZING IMPLEMENTATION OF**
**2021 KEY EMPLOYEE INCENTIVE PLAN**

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each of their federal tax identification number, as applicable, are Purdue Pharma Manufacturing L.P. (3821), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies K.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (6166), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143). UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014).  The debtors' principal offices are located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

To the Honorable Robert D. Drain, United States Bankruptcy Judge:

The Ad Hoc Group of Non-Consenting States (the "Non-Consenting States")[2] hereby

objects to the *Motion of Debtors for Entry of an Order Authorizing Implementation of 2021 Key*

*Employee Incentive Plan and 2021 Key Employee Retention Plan* [ECF No. 3077] (the "Motion")[3]

filed by Purdue Pharma L.P. and its affiliated debtors (collectively, "Purdue") solely with respect

to Purdue's CEO Dr. Craig Landau, stating as follows:

## OBJECTION

1.      Part of Purdue's Motion was addressed at an earlier hearing.  The outstanding part

of the Motion seeks Court approval to pay incentive compensation to five Purdue insiders.[4]

Among those five insiders, the Non-Consenting States object to paying incentives to Purdue's

CEO Dr. Craig Landau.[5]

2.      As early as October 2019, this Court indicated that employees who in 2019 fail to

comply with applicable law and Purdue's "best practices" should "not only . . . face other

consequences, but they wouldn't be entitled to [2019] bonuses." October 10, 2019 Hr'g Tr. 121:3-

6.  Despite these observations, more than a year later, and after Purdue agreed to plead guilty to

---

[2] California, Colorado, Connecticut, Delaware, the District of Columbia, Hawaii, Idaho, Illinois, Iowa, Maine, Maryland, Massachusetts, Minnesota, Nevada, New Hampshire, New Jersey, New York, North Carolina, Oregon, Pennsylvania, Rhode Island, Vermont, Virginia, Washington, and Wisconsin.

[3]  Capitalized terms not otherwise defined have the meanings stated in the Motion.

[4] Monthly Operating Report at 15 of 114, ECF No. 3463 (listing compensation by individual); Disclosure Statement at 64 of 499, ECF No. 2983 (listing individuals and roles).

[5] The Non-Consenting States understand that Purdue will be modifying their KEIP request to impose a condition that Purdue must undertake reasonable inquiry to determine that the proposed KEIP participants (a) did not knowingly participate in criminal misconduct in connection with employment with Purdue or (b) did not fail to report fraudulent or criminal acts or omissions relating to Purdue's commercial practices in connection with opioid sales known to them at the time other than from public sources, before paying out anything under the KEIP.  By limiting this objection to Dr. Landau, the Non-Consenting States are not suggesting that this inquiry is not required for the remaining four insiders identified to participate in the KEIP, or for Dr. Landau if Purdue is authorized to include him within the KEIP.

three felonies based on conduct spanning a decade or more, Dr. Landau testified at his deposition

on November 24, 2020, that Purdue has **never** disciplined or fired even one person for conduct

relating to Purdue's improper conduct.[6]  In its November 2020 guilty plea, Purdue admitted that,

for almost a decade, Purdue

- "knowingly and intentionally conspired and agreed with others to defraud the DEA" with respect to "more than one hundred" health care providers prescribing Purdue drugs;[7]

- "knowingly and intentionally conspired and agreed with others to aid and abet" health care providers dispensing opioids "without a legitimate medical purpose and outside the usual course of professional practice";[8]

- "knowingly and intentionally conspired and agreed with others to commit an offense against the United States" by paying doctors to prescribe Purdue opioids;[9] and

- perpetrated "a conspiracy to violate the Anti-Kickback Statute" by using an electronic health records program to increase prescriptions of opioids.[10]

3.    Subsequently, at the July 19, 2021 hearing on the 2021 KERP, the Court imposed

an obligation on Purdue to undertake a reasonable inquiry to confirm KERP recipients had not

engaged in criminal conduct or failed to report fraudulent or criminal conduct before paying out a

KERP bonus.[11]

---

[6]  *See* Landau Deposition at 4 of 23, ECF No. 3320-1 ("Q: As CEO, have you ever ordered an investigation into alleged misconduct at Purdue? … A:  I don't believe so because I don't believe I had become aware of any alleged misconduct during my time as CEO."); at 22-23 of 23 ("Q. Looking back over your entire experience, can you think of anyone who was fired from Purdue for participating in a crime?  A. Not that I can recall, here in 2020, no.").

[7]  Plea Agreement at 17 of 97, ECF No. 1828-2.

[8]  Plea Agreement at 18 of 97.

[9]  Plea Agreement at 18 of 97.

[10]  Plea Agreement at 19 of 97.

[11]  July 29, 2021 Hr'g Tr. 60:17-23 (ruling that "the Debtors undertake to perform their own due diligence and in some way, shape or form confirm that they are not aware of any employee that would fall into either of the two categories in paragraph 9 that would require that the employee not receive payment under the [KERP]."); *see also Order Authorizing The Debtors To Implement 2021 Key Employee Retention Plan* ¶ 9, ECF No. 3571 ("[T]o the extent that any 2021 KERP Participant is … believed by the Company based on

4.      Purdue's failure to have performed this diligence without court order is a leadership failure by Dr. Landau.  Dr. Landau has been CEO for 4 years, through most of the Department of Justice investigation, negotiation, and plea agreement.[12]  As the CEO of Purdue, Dr. Landau had an obligation to ensure that compensation, particularly bonus compensation, would be paid only to employees not fairly implicated by their own conduct or failure to act.  Indeed, even Mortimer D.A. Sackler, a former member of the Purdue board of directors, testified at the confirmation hearing on August 19, 2021, that "it was management's work to try to cutout that, cut out any incentive for any salesman or anyone in the company to encourage bad practices . . . ."

5.      The Non-Consenting States have reflected on Purdue's request, and they object to the payment of incentive payments to Dr. Landau, because the payments to him would harm, rather than benefit, Purdue and its stakeholders.  Purdue is best protected, and the public interest in justice is best served, by *not* paying the requested incentive to Dr. Landau.  By failing to implement proper safeguards in the administration of Purdue's compensation plans, Dr. Landau has not led Purdue appropriately.  Implementing proper safeguards would have advanced a better culture at Purdue, and the negative impact of Dr. Landau's failure to do so would only be amplified were he to receive incentive compensation.  Positively contributing to the "people and culture" of Purdue is a board-defined metric for participation in the KEIP.  *See, e.g.*, Motion ¶ 72.

---

reasonable inquiry (including inquiry of its attorneys and advisors), which inquiry shall be completed prior to any payments being made to the applicable 2021 KERP Participant, to have met either of the standards in the foregoing clauses (a)(x) or (y), then in either case such participant shall not be eligible to receive any payments approved by this Order.")

[12] According to Purdue's motion to approve its guilty plea with the United States, Purdue reported that they had been "subject to investigation by multiple components of the Department of Justice . . . since June 2016."  *Motion of Debtors Pursuant to 11 U.S.C. § 105 and Fed. R. Bankr. P. 9019 Authorizing and Approving Settlements Between the Debtors and the United States* ¶ 16, ECF No. 1828.

4

## CONCLUSION

For the reasons set forth above, the Court should deny the Motion as it relates to Dr. Landau.

Dated:  August 20, 2021                        Respectfully submitted,
       New York, New York

PILLSBURY WINTHROP SHAW PITTMAN LLP

By:  */s/ Andrew M. Troop*
    Andrew M. Troop
    Hugh M. McDonald
    Andrew V. Alfano
    31 West 52nd Street
    New York, NY 10019
    212-858-1000
    andrew.troop@pillsburylaw.com
    hugh.mcdonald@pillsburylaw.com
    andrew.alfano@pillsburylaw.com

*Counsel to the Ad Hoc Group of Non-Consenting States*

## **CERTIFICATE OF SERVICE**

I, Andrew V. Alfano, hereby certify that, on August 20, 2021, I caused true and correct copies of the foregoing document to be served (i) by the Court's Case Management/Electronic Case File (CM/ECF) System to all parties who are deemed to have consented to electronic service; (ii) by email upon the parties who provided email addresses set forth in the Master Service List maintained by the Debtors in respect of these chapter 11 cases; and (iii) by email upon the chambers of the Honorable Judge Robert D. Drain (rdd.Chambers@nysb.uscourts.gov) and the Office of the United States Trustee for the Southern District of New York (Attn: Paul K. Schwartzberg, paul.schwartzberg@usdoj.gov).

                                                 */s/ Andrew V. Alfano*
                                                Andrew V. Alfano