| | | |
|---|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | | **Hearing Date: Confirmation Pending** |
| ------------------------------------------------------- x<br>:<br>In re  :<br>:<br>PURDUE PHARMA L.P., *et al.*,[1]  :<br>:<br>Debtors.  :<br>:<br>------------------------------------------------------- x | | Chapter 11<br><br>Case No. 19-23649 (RDD)<br><br>Jointly Administered |

## SUPPLEMENTAL OBJECTION OF UNITED STATES TRUSTEE TO (I) EIGHTH AMENDED JOINT CHAPTER 11 PLAN OF PURDUE PHARMA L.P. AND ITS AFFILIATED DEBTORS, AND (II) PROPOSED CONFIRMATION ORDER

**TO:    THE HONORABLE ROBERT D. DRAIN,**
**UNITED STATES BANKRUPTCY JUDGE:**

William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee"), hereby submits this objection (the "Objection") to the Eighth Amended Joint Chapter 11 Plan of Purdue Pharma L.P. and its Affiliated Debtors (the "Eighth Amended Plan") dated August 23, 2021. ECF Doc. No. 3632. In support thereof, the United States Trustee respectfully states:

---

[1] The "Debtors" in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

**OBJECTION**

The United States Trustee objects to the Eighth Amended Plan.[2] The United States Trustee previously filed an Objection (the "Objection") to the Sixth Amended Joint Chapter 11 Plan of Purdue Pharma L.P. and its Affiliated Debtors (the "Sixth Amended Plan") (ECF No. 3256). The United States Trustee hereby incorporates herein any and all arguments raised in his previously filed Objection to the Sixth Amended Plan. Specifically, the United States Trustee continues to object to confirmation of the Plan because of two impermissible provisions: (1) the extraordinarily broad nonconsensual third-party release of the Sackler Family and other non-debtors by extinguishing non-debtors' direct claims against them; and (2) the payment of no less than $500 million in attorneys' fees under section 5.8 without Court oversight and approval or the opportunity for parties to object as required by section 503(b)(4) of the Bankruptcy Code. Accordingly, the Eighth Amended Plan cannot be confirmed.[3]

With the Eighth Amended Plan, Debtors are understandably responding to the multiple infirmities of the third-party releases exposed by the trial testimony and the Court's statements about the problematic scope. But the same incurable infirmities remain as described in the Objection to the Sixth Amended Plan, while the introduction of new definitions and provisions interjects additional uncertainty about the scope and constitutional infirmities in procedure. For

---

[2] On the morning of Monday, August 23, 2021 at 1:13 am—fewer than 10 hours before closing arguments were to begin on plan confirmation—Debtors filed their Eighth Amended Plan. That occurred after the evidence had closed, so it was impossible to cross-examine witnesses about it.

[3] Debtors also filed a Seventh Amended Plan (ECF No. 3545) mere hours before the plan confirmation hearing began on August 12, 2021. Although Debtors offered to stipulate that the United States Trustee's objection to the Sixth Amended Plan applied to any subsequently filed plan, it is not clear beyond cavil that such a stipulation would be legally sufficient to preserve issues for any potential appeal.

example, the Court has no constitutional authority to adjudicate state law claims between non-debtors, as held by *Stern v. Marshall*, 564 U.S. 462 (2011), but the Eighth Amended Plan establishes a perpetual, post-confirmation gate-keeping role for this Court before any persons—even those who may not be creditors of the Debtors[4]—may assert causes of action against released parties based on "willful opioid-related" and "willful related party" conduct.[5] Similarly, while purporting to streamline the release language in the Eighth Amended Plan, including that in section 10.7(b), as now written the releases apply to all "Causes of Action," and there is no savings clause or carveout for those who may not be creditors of the Debtors. These are illustrative examples only, and the United States Trustee not only objects to the Eighth Amended Plan, but he also reserves all of his rights with respect to all provisions in it that differ from the Sixth Amended Plan.

---

[4] The definitions of these terms apply to a "Cause of Action by a Person who is not a Debtor or an Estate . . . ." Eighth Amended Plan, p. 42. And the definition of "Person" is not limited to those who are creditors of Debtors' estate. *Id.* at 27.

[5] It also is not clear that this Court will have only a gate-keeping role. The subjective intent required to establish before this Court that a cause of action falls within the willful misconduct carveouts such that suit can proceed in another court could be dispositive of the merits of the underlying claim, giving rise to another *Stern* problem.

**CONCLUSION**

WHEREFORE, the United States Trustee respectfully submits that the Court sustain the Objection of the United States Trustee and grant such other relief as is just.

Dated: New York, New York
August 23, 2021

Respectfully submitted,

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE, Region 2

By: /s/ Paul K. Schwartzberg
Paul K. Schwartzberg, Trial Attorney
Linda A. Riffkin, Assistant United States Trustee
Benjamin J. Higgins, Trial Attorney
Department of Justice
201 Varick Street, Room 1006
New York, New York 10014
Tel. (212) 510-0500