Honorable Judge Robert D. Drain, U.S.B.J.
United States Bankruptcy Court
300 Quarropas Street
White Plains, NY

FILED
BANKRUPTCY COURT
2021 AUG 20 P 2:47
S.D. OF N.Y.

**Chapter 11**

**(Jointly Administrated)**

August 17, 2021

**Case No. 19-23649(RDD)**

Dear Judge Drain,

I am reconfirming my **Claim Number 89590,** as the claimant; under the United States Bankruptcy Court, Case Number 19-23649(RDD) consistent with the restructuring of Purdue Pharma L.P., et al., Chapter 11 proceedings and the court joining other shareholders the *State of New Jersey, et al., as debtors due to their financial investments into the pharmaceutical industries that manufactured opioids that affected the commerce.

*Ronald Bass, Sr.*

Ronald Bass, Sr.

Cc: United States Office of the Trustees
   Prime Clerk, LLC
   File's.

Attachment:

* L. Gilbert Farr and Eric Meehan, et al., all attorneys (Shareholders) of records, if you do research on their records with the American Bar Association, you'll find a history of their unethical conduct, conflict of interest and their professional malpractice, will make a person believe in the fabricated anti-Semitic demagoguery hoax of the protocol of the Elders of Zion, which is anti-Semitic unadulterated drivel of b*******

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 03-322, recommending that **LINUS G. FARR, a/k/a L. GILBERT FARR**, of **MANAHAWKIN**, who was admitted to the bar of this State in 1977, and who thereafter was temporarily suspended from the practice of law by Order of this Court filed October 31, 2000, and who remains suspended at this time, should be disbarred for violating *RPC* 1.1(a) (gross neglect), *RPC* 1.1(b) (pattern of neglect), *RPC* 1.3 (lack of diligence), *RPC* 1.4 (failure to communicate), *RPC* 1.5(a) (unreasonable fee), *RPC* 1.5(b) (failure to provide written fee agreement), *RPC* 1.15 (failure to safeguard client property), *RPC* 1.15(a) (negligent misappropriation of client funds), *RPC* 1.15(d) (failure to maintain required attorney books and records), *RPC* 1.16(d) (improper termination of representation), *RPC* 3.3(a)(5) (failure to disclose material fact to tribunal), *RPC* 8.1(b) (failure to cooperate with ethics authorities), *RPC* 8.4(b) (commission of a criminal act that reflects adversely on lawyer's honesty, trustworthiness or fitness), *RPC* 8.4(c) (conduct involving fraud, dishonesty, deceit or misrepresentation), and *RPC* 8.4(d) (conduct prejudicial to the administration of justice);

And said **LINUS G. FARR, a/k/a L. GILBERT FARR**, having failed to appear on the return date of the Order to Show Cause issued in this matter;

And good cause appearing;

It is ORDERED that **LINUS G. FARR, a/k/a L. GILBERT FARR**, be disbarred, effective immediately; and it is further

ORDERED that respondent's name be stricken from the roll of attorneys and that he be permanently restrained and enjoined from practicing law; and it is further

ORDERED that respondent comply with Rule 1:20-20 dealing with disbarred attorneys, and it is further

ORDERED that all funds, if any, currently existing in any New Jersey financial institution maintained by **LINUS G. FARR, a/k/a L. GILBERT FARR**, pursuant to *Rule* 1:21-6 that were restrained from disbursement by Order of the Court filed October 30, 2000, shall be transferred by the financial institution to the Clerk of the Superior Court, who is directed to deposit the funds in the Superior Court Trust Fund pending the further Order of this Court; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs incurred in the prosecution of this matter.

*In re Farr*, 178 N.J. 458, (N.J. 2004)