**Presentment Date and Time: September 13, 2021, at 10:00 a.m. (prevailing Eastern Time)**
**Objection Date and Time: September 10, 2021, at 4:00 p.m. (prevailing Eastern Time)**

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut
Christopher S. Robertson

*Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (RDD)** |
| **Debtors.**[1] | **(Jointly Administered)** |

### NOTICE OF PRESENTMENT OF MOTION FOR ENTRY OF AN ORDER PERMITTING THE MONITOR TO EMPLOY COMMERCIAL CONTRACT CONSULTANT AT THE  COST AND EXPENSE OF THE DEBTORS

**PLEASE TAKE NOTICE** that on August 30, 2021, Purdue Pharma L.P. and certain of

its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

(collectively, the "**Debtors**") filed the annexed *Motion for Entry of an Order Permitting the Monitor to Employ Commercial Contract Consultant at the Cost and Expense of the Debtors* (the "**Motion**").

**PLEASE TAKE FURTHER NOTICE** that, unless a written objection to the Motion is served and filed with proof of service with the Clerk of the Court, and a courtesy copy is delivered to the undersigned and to the chambers of the Honorable Robert D. Drain, so as to be received by **September 10, 2021 at 4:00 p.m. (prevailing Eastern Time)**, there will not be a hearing to consider such Motion, and an order, substantially in the form attached to the Motion as **Exhibit A** (the "**Proposed Order**"), will be presented for signature by the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court, 300 Quarropas Street, White Plains, New York 10601, on **September 13, 2021 at 10:00 a.m. (prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that, if a written objection is timely filed and served with respect to the Motion, a hearing (the "**Hearing**") will be held to consider the Motion before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court, 300 Quarropas Street, White Plains, New York 10601, on a date to be announced.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing and a failure to appear may result in relief being granted upon default.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion may be obtained free of charge by visiting the website of Prime Clerk LLC at https://restructuring.primeclerk.com/purduepharma.  You may also obtain copies of any pleadings by visiting the Bankruptcy Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

Dated:    August 30, 2021
          New York, New York

DAVIS POLK & WARDWELL LLP

By:    */s/ Eli J. Vonnegut*    _____

450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile:  (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut
Christopher S. Robertson

*Counsel to the Debtors*
*and Debtors in Possession*

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut
Christopher S. Robertson

*Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (RDD)** |
| **Debtors.**[1] | **(Jointly Administered)** |

**MOTION FOR ENTRY OF AN ORDER PERMITTING THE MONITOR**
**TO EMPLOY COMMERCIAL CONTRACT CONSULTANT AT THE**
**COST AND EXPENSE OF THE DEBTORS**

Purdue Pharma L.P. ("**PPLP**") and its affiliates that are debtors and debtors in possession

(collectively, the "**Debtors**") in the above-captioned chapter 11 proceedings (the "**Chapter 11**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

Cases"), on behalf of the Monitor[2] in these Chapter 11 Cases, respectfully submit this *Motion for Entry of an Order Permitting the Monitor to Employ Commercial Contract Consultant at the Cost and Expense of the Debtors* (the "**Motion**").  In support of this Motion, the Debtors respectfully state as follows:

## Relief Requested

1.      By this Motion, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Order**"), permitting the Monitor to employ Pearl Management Consulting LLC ("**PMC**"), at the cost and expense of the Debtors, to perform the services described below.

## Jurisdiction and Venue

2.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Debtors consent to entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.

3.      Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[2] On February 18, 2021, the Debtors retained Stephen Bullock, former Montana Governor and former Montana Attorney General, to serve as monitor (the "**Monitor**") to oversee compliance with the Voluntary Injunction described *infra*. Secretary of Agriculture Thomas J. Vilsack previously served as Monitor.

## Background

4.      On September 15, 2019 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq*. (as amended, the "**Bankruptcy Code**").  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On September 26, 2019, the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed the official committee of unsecured creditors (the "**Committee**") pursuant to section 1102 of the Bankruptcy Code [ECF No. 131].

5.      These Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) and the *Order Directing Joint Administration of Chapter 11 Cases* [ECF No. 59] entered by the Court in each of the Chapter 11 Cases.

6.      Additional information about the Debtors' businesses and the events leading up to the Petition Date can be found in the *Debtors' Informational Brief* [ECF No. 17].

7.      On September 18, 2019, Purdue Pharma L.P. and certain other of the debtors filed the *Motion for a Preliminary Injunction* [Adv. Proc. No. 19-08289, ECF No. 2, 3] (the "**Preliminary Injunction Motion**").  Among other things, the Preliminary Injunction Motion sought entry of a voluntary injunction order against Debtors, enjoining Debtors from, *inter alia*, promoting opioid products and providing financial support to third parties for the purpose of promoting opioids or opioid products, subject to enforcement by the Court (the "**Voluntary Injunction**").  On November 6, 2019, the Court entered the *Second Amended Order Pursuant to 11 U.S.C. § 105(a) Granting Motion for a Preliminary Injunction* granting the Preliminary Injunction Motion, including the Voluntary Injunction, until April 8, 2020 [Adv. Proc. No. 19-08289, ECF No. 105].  On July 16, 2021, the Court issued the *Nineteenth Amended Order Pursuant*

*to 11 U.S.C. § 105(a) Granting Motion for a Preliminary Injunction*, extending the Preliminary Injunction, including the Voluntary Injunction, until August 30, 2021 [Adv. Proc. No. 19-08289, ECF No. 274] (as amended from time to time, the "**Injunction Order**").

8.      On May 20, 2021, as required by the Voluntary Injunction, the Monitor filed the *Fifth Monitor Report* [ECF No. 2891] (the "**Fifth Report**") with the Court, describing actions taken by the Monitor to date to determine compliance with the terms and conditions of the Voluntary Injunction, areas of further inquiry and a set of recommendations.

<u>**Retention of Legal Consultant By the Monitor**</u>

9.      The Voluntary Injunction provides that the Monitor "shall have the authority to employ, upon Court approval, at the cost and expense of the Debtors' estates, such consultants, accountants, attorneys, and other representatives and assistants as are necessary to carry out the Monitor's . . . responsibilities."  Voluntary Inj. Part II Section H paragraph 4(b), Ad. Proc. No. 19-08289, ECF No. 274.  By this motion, and in furtherance of the relief granted by the Court under the Injunction Order, the Debtors, on behalf of the Monitor, seek entry of an order permitting the Monitor to retain PMC to better enable the Monitor to oversee and evaluate the Debtors' compliance with certain aspects of the Voluntary Injunction.  The Debtors are filing this Motion because they seek authorization to pay the fees and expenses of PMC and because the Monitor has not retained counsel in connection with these Chapter 11 Cases generally.

10.     The Debtors' primary sales channel for prescription products is through wholesalers (collectively, the "**Wholesalers**"), who sell these products to retail drugstores, mass merchandisers, pharmacies, hospitals, long-term care and other retail and non-retail institutions in the United States.  These buyers, in turn, dispense these products to patients.  The Debtors sell their products to the Wholesalers at the wholesale acquisition cost (the "**WAC**"), a base price set

by the Debtors in their sole discretion and adjusted from time to time, net of certain charges including prompt pay discounts, fee for service payments, chargebacks, and returns. In addition, the Debtors are party to agreements with certain managed care organizations, private insurance providers, Group Purchasing Organizations and pharmacy benefit managers under which the Debtors are required to provide periodic rebates in order to ensure appropriate formulary coverage and access to the Debtors' products. The Debtors are also subject to certain statutory rebate programs (e.g., Medicaid, Medicare Part D Coverage Gap Program, and Tricare). These programs and others are described in greater detail in the Debtors' customer programs motion [ECF No. 11]. Reviews conducted pursuant to the Voluntary Injunction have examined whether or not payments, credits and discounts provided by the Debtors in connection with such programs were reasonable or unreasonable and consistent or inconsistent with normal business practices. Fifth Report ¶¶64-5. However, no review has directly resolved whether such programs' pricing and rebate provisions are consistent with the terms of the Voluntary Injunction. *Id.* ¶71.

11.     As described in paragraphs 45-74 of the Fifth Report, the Monitor intends to conduct additional inspections of and an investigation regarding the Debtors' pricing and rebate policies to ensure that the Debtors are fully in compliance with (i) the prohibition against promoting opioid products and (ii) the prohibition against offering any remuneration to any person in return for the sale, use or distribution of opioid products as required under the Voluntary Injunction. *Id.* ¶¶45-74. Given the complexity of the Debtors' pricing and rebate programs, the Monitor has informed the Debtors that he requires assistance to conduct this review.

12.     The Monitor proposes to engage PMC to assist him with comparing, among other things, any differences in practices between scheduled and nonscheduled products, and the pricing practices of scheduled products across the pharmaceutical industry. PMC provides consulting

services to pharmaceutical and biotech companies in the areas of regulatory and commercial contracting strategy, operations, and systems.  The terms of the proposed engagement are set forth in the engagement agreement attached as **Exhibit B** hereto (the "**Engagement Agreement**").

### Debtors' Reservation of Rights

13.     Nothing contained herein or any action taken pursuant to such relief is intended or shall be construed as (a) an admission as to the validity or priority of any claim against the Debtors; (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors; (c) a waiver of any claims or causes of action which may exist against any creditor or interest holder or any other party; or (d) an approval, assumption, adoption or rejection of any agreement, contract, lease, program, or policy between the Debtors and any third party under section 365 of the Bankruptcy Code.

### Waiver of Stay Under Bankruptcy Rule 6004(h)

14.     To successfully implement the foregoing, the Debtors request that this Court enter an order providing that the Debtors have established cause to exclude the relief requested herein from the 14-day stay period under Bankruptcy Rule 6004(h).

### Notice

15.     Notice of this Motion will be provided to (a) the entities on the Master Service List (as defined in the *Second Amended Order Establishing Certain Notice, Case Management, and Administrative Procedures* entered on November 18, 2019 [ECF No. 498] (the "**Case Management Order**") and available on the Debtors' case website at https://restructuring.primeclerk.com/purduepharma) and (b) any person or entity with a

particularized interest in the subject matter of this motion.  The Debtors respectfully submit that no further notice is required.

## <u>No Prior Request</u>

16.    The Debtors have not previously sought the relief requested herein from the Court or any other court.

WHEREFORE, the Debtors, on behalf of the Monitor, respectfully request that the Court enter the proposed form of order, substantially in the form attached hereto, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated:    August 30, 2021
       New York, New York

                    DAVIS POLK & WARDWELL LLP

                    By:    */s/ Eli J. Vonnegut*

                    450 Lexington Avenue
                    New York, New York 10017
                    Telephone: (212) 450-4000
                    Facsimile:  (212) 701-5800
                    Marshall S. Huebner
                    Benjamin S. Kaminetzky
                    Timothy Graulich
                    Eli J. Vonnegut
                    Christopher S. Robertson

                    *Counsel to the Debtors*
                    *and Debtors in Possession*