## Exhibit A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re:<br><br>**PURDUE PHARMA L.P.,** *et al.,*<br><br>Debtors.[1] | **Chapter 11**<br><br>**Case No. 19-23649 (RDD)**<br><br>**(Jointly Administered)** |

## ORDER PERMITTING THE MONITOR TO EMPLOY COMMERCIAL CONTRACT CONSULTANT AT THE COST AND EXPENSE OF THE DEBTORS

Upon the motion (the "**Motion**")[2] of Purdue Pharma L.P. and its affiliates that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**") for entry of an order (this "**Order**") permitting the Monitor to employ Pearl Consulting LLC ("**PMC**"), at the cost and expense of the Debtors, as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)–(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to such term in the Motion.

U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Motion having

been provided to the Notice Parties and the opportunity for a hearing thereon having been

provided; and there being no objections to the requested relief; and it appearing that no other or

further notice or a hearing is required; and after due deliberation the Court having determined that

there is good and sufficient cause for the relief granted herein and that such relief is in the best

interests of the Debtors, their estates, their creditors, and all parties in interest,

**IT IS HEREBY ORDERED THAT**

1. The Motion is granted.

2. The Monitor is authorized to retain PMC to assist the Monitor in carrying out its

responsibilities under the Voluntary Injunction, as set forth in the Motion, and to render the

services described in the Engagement Agreement.

3. The Debtors are authorized to compensate PMC in accordance with the terms of

the Engagement Agreement upon the receipt by the Debtors of reasonably detailed invoices setting

forth the services provided by PMC to the Monitor, and to reimburse PMC for all reasonable and

necessary expenses they may incur, upon the presentation to the Debtors of appropriate

documentation, without the need for PMC to file fee applications or otherwise seek Court approval

for the compensation of their services to the Monitor and reimbursement of expenses; *provided*

that PMC's fees and expenses shall be subject to final approval of the Court.

4. Notwithstanding anything to the contrary in the Engagement Letter, the

indemnification provisions are hereby modified and restated in its entirety as follows:

    (a)    All requests by PMC for payment of indemnity pursuant to the Engagement
Letter shall be made by means of an application (interim or final as the case
may be) and shall be subject to review by the Court to ensure payment of
such indemnity conforms to the terms of the Engagement Letter and is
reasonable based upon the circumstances of the litigation or settlement in
respect of which indemnity is sought; <u>provided, however</u>, that in no event

shall PMC be indemnified in the case of its own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence or willful misconduct;

(b)    In the event that PMC seeks reimbursement from the Debtors for reasonable attorneys' fees in connection with a request by PMC for payment of indemnity pursuant to the Engagement Letter, as modified by this Order, the invoices and supporting time records from such attorneys shall be included in PMC's own application (both interim and final) and such invoices and time records shall be subject to the Fee Guidelines and the approval of the Court under the standards of sections 330 and 331 of the Bankruptcy Code without regard to whether such attorney has been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code; and

(c)    PMC shall not be entitled to reimbursement by the Debtors for any fees, disbursements and other charges of PMC's counsel other than those incurred in connection with a request of PMC for payment of indemnity.

5.    The contents of the Motion and the notice procedures set forth therein are good and sufficient notice and satisfy the Bankruptcy Rules and the Local Rules, and no other or further notice of the Motion or the entry of this Order shall be required.

6.    The Debtors are authorized to take all such actions as are necessary or appropriate to implement the relief granted in this Order.

7.    The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

White Plains, New York
Dated: _____, 2021

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

## Exhibit B

**Engagement Agreement**