Marshall S. Huebner
Benjamin S. Kaminetzky
James I. McClammy
Marc J. Tobak
Gerard X. McCarthy
**DAVIS POLK & WARDWELL LLP**
450 Lexington Avenue
New York, New York 10017
Telephone:    (212) 450-4000
Facsimile:    (212) 701-5800

*Counsel to Purdue Pharma L.P. and its affiliated debtors*

George A. Davis
George Klidonas
Andrew Sorkin
Anupama Yerramalli
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, New York 10020
Telephone:    (212) 906-1200
Facsimile:    (212) 751-4864

*Counsel for Mallinckrodt plc and its affiliated debtors*

Arik Preis
Mitchell P. Hurley
Sara L. Brauner
**AKIN GUMP STRAUSS HAUER & FELD LLP**
One Bryant Park
New York, New York 10036
Telephone:    (212) 872-1000
Facsimile:    (212) 872-1002

*Lead Counsel to the Official Committee of Opioid Related Claimants*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| PURDUE PHARMA L.P., *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC

**STIPULATION AND AGREED ORDER AUTHORIZING
PRIME CLERK LLC TO UTILIZE CONFIDENTIAL CLAIMANT NOTICING
INFORMATION IN CONNECTION WITH MALLINCKRODT'S CHAPTER 11 CASES**

This Stipulation and Agreed Order (the "***Stipulation and Order***") is entered into by and among: (i) Purdue Pharma L.P. and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "***Purdue Debtors***" and such chapter 11 cases, the "***Purdue Chapter 11 Cases***"); (ii) Mallinckrodt plc and its affiliated debtors and debtors in possession (collectively, "***Mallinckrodt***") in the jointly-administered Case No. 20-12522 (JTD) (the "***Mallinckrodt Chapter 11 Cases***") in the United States Bankruptcy Court for the District of Delaware (the "***Delaware Bankruptcy Court***"); and (iii) the official committee of opioid-related creditors in the Mallinckrodt Chapter 11 Cases (the "***Mallinckrodt Committee***" and, together with the Purdue Debtors and Mallinckrodt, the "***Parties***" and each a "***Party***").

**WHEREAS**, on September 15, 2019, the Purdue Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "***Bankruptcy Code***");

**WHEREAS**, on September 20, 2019, this Court appointed Prime Clerk LLC ("***Prime Clerk***") as the Purdue Debtors' claims and noticing agent. *See* [Purdue Dkt. No. 6];

**WHEREAS**, on September 24, 2019, this Court entered that certain *Amended Order (I) Waiving Requirement to File List of Creditors, (II) Authorizing the Debtors and the Claims and Noticing Agent to Suppress Personally Identifiable Information for Individuals, (III) Authorizing the Debtors' Claims and Noticing Agent to Withhold Publication of Claims Filed by Individuals until Further Order of the Court and (IV) Establishing Procedures for Notifying Creditors of the*

---

Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

*Commencement of the Debtors' Chapter 11 Cases* [Purdue Dkt. No. 102] (the "**Purdue PII Order**");

WHEREAS, on October 12, 2020, Mallinckrodt plc and certain of its affiliates filed voluntary petitions in the Delaware Bankruptcy Court commencing cases for relief under chapter 11 of the Bankruptcy Code;

WHEREAS, on October 14, 2020, the Delaware Bankruptcy Court appointed Prime Clerk as Mallinckrodt's claims and noticing agent. *See In re Mallinckrodt plc*, Case No. 12-12522 (JTD) [Dkt. No. 219] (Bankr. D. Del. Oct. 14, 2020);

WHEREAS, on November 10, 2020, the Delaware Bankruptcy Court entered that certain *Final Order Authorizing Certain Procedures Regarding Notice and Personally Identifiable Information for Individuals* (the "**Mallinckrodt PII Order**") attached as **Exhibit A** hereto. *Id*. at [Mallinckrodt Dkt. No. 464];

WHEREAS, certain Mallinckrodt entities have been named in over 3,000 lawsuits stemming from the nationwide opioid epidemic. *Id*;

WHEREAS, certain of the Purdue Debtors are also defendants in the majority of these same lawsuits. *See* [Mallinckrodt Dkt. No. 17];

WHEREAS, on June 17, 2021, the Delaware Bankruptcy Court entered an order [Mallinckrodt Dkt. No. 2911] approving the *Disclosure Statement for Joint Plan of Reorganization of Mallinckrodt plc and Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [Mallinckrodt Dkt No. 2917] and establishing solicitation procedures for the *Joint Plan of Reorganization of Mallinckrodt plc and Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [Mallinckrodt Dkt No. 2916] (the "**Mallinckrodt Plan**");

WHEREAS, given the potential overlap in opioid claimants in both the Purdue Chapter 11 Cases and the Mallinckrodt Chapter 11 Cases, Mallinckrodt is attempting to notice all opioid

claimants in the Purdue Chapter 11 Cases as part of the solicitation program in connection with the Mallinckrodt Plan to ensure the broadest possible notice to potential claimants in the Mallinckrodt Chapter 11 Cases;

**WHEREAS**, Prime Clerk, in its capacity as one Party's noticing and claims agent, does not share non-public information with Prime Clerk, in its capacity as the other Party's noticing and claims agent, without the consent of the Party that originated the non-public information or a court order;

**WHEREAS**, contact information for many of the claimants in the Purdue Chapter 11 Cases that are not individual persons is publicly available through the Purdue Debtors' claims register and, as to those claimants, Mallinckrodt intends to utilize (or has already utilized) the available addresses in the Mallinckrodt Chapter 11 Cases to send a notice outlining how a party may request a ballot to vote on the Mallinckrodt Plan;

**WHEREAS**, the Purdue PII Order protects "personally identifiable information of any individuals listed on or appearing in any document filed with the court." *See* Purdue PII Order, ¶ 9. As a result, Mallinckrodt is unable to review the Purdue Debtors' claims register to obtain information necessary to provide notice in connection with the Mallinckrodt Chapter 11 Cases to the Purdue Debtors' opioid claimants who are individuals;

**WHEREAS**, Mallinckrodt seeks an exception to the Purdue PII Order to allow the respective Prime Clerk teams working in the Purdue Chapter 11 Cases and in the Mallinckrodt Chapter 11 Cases to share and utilize in connection with the Mallinckrodt Chapter 11 Cases the personally identifiable information of creditors with opioid related claims in the Purdue Chapter 11 Cases, solely to the extent necessary to allow Mallinckrodt to send direct notice to such individuals or their counsel;

**NOW**, **THEREFORE**, the following is hereby stipulated and agreed to by the Parties, subject to approval of the Court:

1. Prime Clerk, in its capacity as the Purdue Debtors' noticing and claims agent, is authorized to share with Mallinckrodt and with Prime Clerk in its capacity as Mallinckrodt's noticing and claims agent: (a) (i) if a creditor with an opioid related claim is represented by counsel, such counsel's information, and (ii) if a creditor with an opioid related claim is not represented by counsel, personally identifiable information of such creditor, and (b) other information publicly available (and information not otherwise publicly available) on the Purdue Debtors' claims register, in each case, as necessary to allow Mallinckrodt to provide notice to such individuals or their counsel in connection with the Mallinckrodt Chapter 11 Cases, including for purposes of providing notice of the proposed confirmation of, and solicitation of votes to accept or reject, the Mallinckrodt Plan, and both Mallinckrodt and Prime Clerk, in its capacity as Mallinckrodt's noticing and claims agent, may utilize such information for such limited purposes and no other purposes (the "***Noticing Information***"); *provided*, that Prime Clerk, in either of its capacities as Mallinckrodt's or Purdue's noticing and claims agent, shall not utilize any such Noticing Information in such a manner that would result in Prime Clerk being required by the Delaware Bankruptcy Court to disclose such information publicly; *provided, further,* that to the extent any Noticing Information shared pursuant to this Stipulation and Order is considered confidential information, Prime Clerk in its capacity as the Purdue Debtors' noticing and claims agent shall not share any such confidential information with any other persons, and any such confidential information shared with the Parties hereto shall not be further shared with any additional persons, other than as expressly permitted herein; and *provided*, *further*, that no other information or work product of the Purdue Debtors or Mallinckrodt shall be shared with any other Party pursuant to this Stipulation and Order.

2. Mallinckrodt and Prime Clerk, in its capacity as Mallinckrodt's noticing and claims agent, shall be the only recipients of the Noticing Information and are authorized to use the Noticing Information for the purposes stated herein.

3. All Noticing Information shared pursuant to this Stipulation and Order shall be subject to the Purdue PII Order and the Mallinckrodt PII Order.

4. Notwithstanding and in addition to any prior agreements by the Purdue Debtors or the Mallinckrodt Debtors to indemnify the Indemnified Parties (as defined below), the Purdue Debtors and Mallinckrodt Debtors, jointly and severally, shall indemnify, defend and hold Prime Clerk and its members, directors, officers, employees, representatives, affiliates, consultants, subcontractors, and agents (collectively, the "***Indemnified Parties***") from and against any and all losses, claims, damages, judgments, liabilities, and expenses, whether direct or indirect (including, without limitation, counsel fees and expenses) (collectively, "***Losses***") resulting from, arising out of or related to the sharing and utilization of the Noticing Information (including any opioid claimant personally identifiable information) in accordance with the terms of this Stipulation; *provided, however*, that in no event shall Prime Clerk be indemnified in the case of its own bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence or willful misconduct related thereto. Without limiting the generality of the foregoing, Losses include any liabilities resulting from claims by any third parties against any Indemnified Party.

5. Nothing in this stipulation creates an obligation or any liability on either Party to the other Party, including as to the adequacy or sufficiency of the other Party's noticing program.

6. The terms and conditions of this Stipulation and Order are immediately effective and enforceable upon its entry.

7. The Purdue Debtors, Mallinckrodt, and Prime Clerk (as noticing and claims agent in both cases) are authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Stipulation and Order.

8. This Court shall retain jurisdiction with respect to all matters arising from or related to the information shared pursuant to this Stipulation and Order.

[*Signature Page Follows*]

**IN WITNESS WHEREOF**, the Parties have executed this Stipulation and Order as of the date set forth below.

Dated: August 17, 2021
      New York, New York

| | |
|---|---|
| /s/ *James I. McClammy* | /s/ *Anupama Yerramalli* |
| Marshall S. Huebner | George A. Davis |
| Benjamin S. Kaminetzky | George Klidonas |
| James I. McClammy | Andrew Sorkin |
| Marc J. Tobak | Anupama Yerramalli |
| Gerard X. McCarthy | **LATHAM & WATKINS LLP** |
| **DAVIS POLK & WARDWELL LLP** | 1271 Avenue of the Americas |
| 450 Lexington Avenue | New York, New York 10020 |
| New York, New York 10017 | Telephone: (212) 906-1200 |
| Telephone: (212) 450-4000 | Facsimile: (212) 751-4864 |
| Facsimile: (212) 701-5800 | |
| | *Counsel to Mallinckrodt plc and its affiliated debtors* |
| *Counsel to Purdue Pharma L.P. and its affiliated debtors* | |

/s/ *Arik Preis*
Arik Preis
Mitchell P. Hurley
Sara L. Brauner
**AKIN GUMP STRAUSS HAUER & FELD LLP**
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002

*Lead Counsel to the Official Committee of Opioid Related Claimants*

**SO ORDERED**.

White Plains, New York
Dated: August 31, 2021

                                                                   /s/ *Robert D. Drain*
                                                                  THE HONORABLE ROBERT D. DRAIN
                                                                  UNITED STATES BANKRUPTCY JUDGE

Pg 9 of 9