# **EXHIBIT A**

**Mallinckrodt PII Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MALLINCKRODT PLC, *et al.*, | ) | Case No. 20-12522 (JTD) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: Docket Nos. 10, 221 & 249** |

## FINAL ORDER AUTHORIZING CERTAIN PROCEDURES REGARDING NOTICE AND PERSONALLY IDENTIFIABLE INFORMATION FOR INDIVIDUALS

Upon the motion (the "***Motion***")[2] of the Debtors for a final order (this "***Final Order***") (a) approving the implementation of certain notice procedures by which the Debtors shall, or direct the Claims Agent to send certain required notices, mailings, and other communications related to the chapter 11 cases, including service of certain notices and other documents relating to the Debtors' adversary proceeding seeking an injunction against continuation of any litigation by governmental units (the "***105 Communications***")[3], to such known counsel of record for the O/A Claimants in lieu of sending such communications to the O/A Claimants themselves; and (b) authorizing the Claims Agent to (i) redact certain personally identifiable information of individual claimholders and interest holders (including O/A Claimants and employees) in the Debtors' creditor matrix, Schedules/Statements, claims register, and affidavits of service filed

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at http://restructuring.primeclerk.com/Mallinckrodt. The Debtors' mailing address is 675 McDonnell Blvd., Hazelwood, Missouri 63042.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

[3] 105 Communications exclude the summons, complaint, motion, opening brief, and declarations filed on the first day of the adversary proceeding seeking an injunction against continuation of any litigation by governmental units.

RLF1 24287339v.1

throughout the cases; and (ii) withhold publication of individuals' proofs of claim that may contain medical or personally identifiable information; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b)(2); and the Court having authority to enter a final order consistent with Article III of the United States Constitution; and venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and a hearing having been held to consider the relief requested in the Motion (the "**Hearing**"); and upon the Welch Declaration and the record of the Hearing and all the proceedings before the Court; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The Debtors are authorized to implement the following notice procedures as they relate to the O/A Claimants (the "***O/A Claimants Notice Procedures***"), except as may otherwise subsequently be ordered by the Court:

   a. send (or direct the Claims Agent to send) required notices, mailings, and other communications related to the chapter 11 cases, including the 105 Communications, to such known counsel of record for the O/A Claimants in lieu of sending such communications to the O/A Claimants themselves, *provided that* the Debtors will (or direct the Claims Agent to) send required notices, mailings and other communications directly to any O/A Claimants who so request such direct notice from the Debtors in writing or who file a request for notice under Bankruptcy Rule 2002; and

2

b. for a law firm representing multiple O/A Claimants, serve each document only a single time on such law firm (at each relevant address or e-mail address) on behalf of all of such counsel's clients; *provided that* any notice or other document relating specifically to one or more particular O/A Claimant (rather than all O/A Claimants represented by a law firm) shall clearly identify such parties.

3. Except as provided by any other subsequent order of this Court (including, but not limited to, any order establishing the form and manner of noticing of any claims bar dates or plan solicitation and voting procedures in these chapter 11 cases), the Debtors are not required to provide further notice to the O/A Claimants beyond the O/A Claimants Notice Procedures set forth herein.

4. The Debtors are authorized to redact on the Debtors' creditor matrix and Schedules/Statements (a) home address information of the Debtors' individual creditors and interest holders and (b) names and address information in respect of individuals protected by the European General Data Protection Regulation (the "**GDPR**").

5. Notwithstanding anything to the contrary in the order relating to the retention of the Claims Agent or any Local Rules, the Claims Agent is authorized to suppress from the Claims Registers (a) individual addresses and (b) names and address information in respect of individuals protected by the GDPR.

6. Notwithstanding anything to the contrary in the order relating to the retention of the Claims Agent or any Local Rules, the Claims Agent is authorized to file affidavits of service without disclosing the (a) addresses of individuals and (b) names and address information in respect of individuals protected by the GDPR.

7. Notwithstanding anything to the contrary in the order authorizing the engagement of Claims Agent or any Local Rules, the Claims Agent is authorized to withhold publication of proofs of claim filed by individual creditors.

8. The Debtors shall provide an unredacted creditor matrix, unredacted Schedules/Statements, unredacted claims registers, unredacted affidavits of service, withheld proofs of claims, and any other filings redacted pursuant to this Order to (x) upon request, the Court, the U.S. Trustee, any official committee appointed in these chapter 11 cases, the ad hoc group of holders of the Debtors' unsecured notes, or the ad hoc committee of governmental entities holding opioid claims, and (y) upon further order of the Court granting a written motion to the Court that indicates the reason such information is needed, any other party.

9. All information withheld from public disclosure pursuant to this Final Order that the Debtors share with any party will be subject to measures reasonably acceptable to the Debtors to ensure compliance with the GDPR.

10. Nothing in this Final Order shall be deemed to modify the obligation that each filer of a proof of claim bears the obligation to redact confidential health information, and the Claims Agent shall have no liability for any disclosure or nondisclosure thereof.

11. The terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

12. The Debtors are authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Final Order.

13. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Final Order.

**Dated: November 10th, 2020**
**Wilmington, Delaware**

JOHN T. DORSEY
UNITED STATES BANKRUPTCY JUDGE

5

RLF1 24287339v.1