| | | |
|---|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | | Hearing Date: Confirmation Pending |
| ------------------------------------------------------ x<br>:<br>In re                                                                             :<br>:<br>PURDUE PHARMA L.P., *et al.*,[1]                                  :<br>:<br>                                                          Debtors.  :<br>:<br>------------------------------------------------------ x | | Chapter 11<br><br>Case No. 19-23649 (RDD)<br><br>Jointly Administered |

**SUPPLEMENTAL OBJECTION OF UNITED STATES TRUSTEE TO (I) ELEVENTH AMENDED JOINT CHAPTER 11 PLAN OF PURDUE PHARMA L.P. AND ITS AFFILIATED DEBTORS, AND (II) ANY PROPOSED CONFIRMATION ORDER**

**TO:   THE HONORABLE ROBERT D. DRAIN,
        UNITED STATES BANKRUPTCY JUDGE:**

William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee"), hereby submits this objection (the "Objection") to the Eleventh Amended Joint Chapter 11 Plan of Purdue Pharma L.P. and its Affiliated Debtors (the "Eleventh Amended Plan") dated August 31, 2021.  ECF No. 3706.  In support thereof, the United States Trustee respectfully states:

---

[1] The "Debtors" in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

# OBJECTION

### A. The Eleventh Amended Joint Chapter 11 Plan of Purdue Pharma L.P. and its Affiliated Debtors

The United States Trustee objects to the Eleventh Amended Plan. The United States Trustee previously objected both to the Sixth Amended Joint Chapter 11 Plan of Purdue Pharma L.P. and its Affiliated Debtors (ECF No. 3256) and to the Eighth Amended Joint Chapter 11 Plan of Purdue Pharma L.P. and its Affiliated Debtors (ECF No. 3636).[2] The United States Trustee hereby incorporates herein any and all arguments raised in his previously filed Objections to the Sixth and the Eighth Amended Plans. The United States Trustee also reserves all of his rights with respect to all provisions in the Eleventh Amended Plan—and any future subsequently filed plan— that differ from the Sixth Amended Plan.

Specifically, the United States Trustee continues to object to confirmation of the Plan because of two impermissible provisions: (1) the extraordinarily broad nonconsensual third-party release of the Sackler Family and other non-debtors by extinguishing non-debtors' direct claims against them; and (2) the payment of no less than $500 million in attorneys' fees under section 5.8 without Court oversight and approval or the opportunity for parties to object as required by section 503(b)(4) of the Bankruptcy Code. Accordingly, the Eleventh Amended Plan cannot be confirmed.

---

[2] Debtors also filed a Seventh Amended Plan (ECF No. 3545) mere hours before the plan confirmation hearing began on August 12, 2021; a Ninth Amended Plan (ECF No. 3652) in the early hours on August 25, 2021, which at that time was the last scheduled day of closing arguments; and a Tenth Amended Plan (ECF No. 3683) less than 48 hours later late on August 26, 2021, and hours before what turned out to be the last day of closing arguments the next morning.

With the Eleventh Amended Plan, Debtors understandably continue to respond to the multiple infirmities of the third-party releases exposed by the trial testimony and the Court's continuing statements about the problematic scope.  But despite the effort to streamline the releases, the same incurable infirmities remain as described in the prior Objections.  And as stated in the United States Trustee's objection to the Eighth Amended Plan, the changes may have introduced new infirmities in procedure, such as the Released Parties/Related Parties terms which potentially allow third-party releases to certain entities in Section 10.6(b) of the Plan that were carved out of the releases in Section 10.7 of the Plan.

Debtors have now filed four amended plans since the close of evidence on August 19, 2021, based on closing arguments and the Court's comments of August 25 and 27.  Although 11 U.S.C. § 1127 allows a plan to be modified "at any time before confirmation," there are limits on that seemingly unlimited right.  *See Schecter v. Cytodyne Technologies, LLC* (*In re Nutraquest, Inc.*), No. 07-1292, 2007 WL 3311725, at *15 (Bankr. D.N.J. 2007) (discussing the requirements of Rule 3019(a) and constitutional due process regarding an amended plan provided during a confirmation hearing).

**B.    The Confirmation Order**

Additionally, the following sentence should be stricken from the proposed confirmation order: "Notwithstanding any Bankruptcy Rules, nonbankruptcy law, or otherwise, this Order shall be immediately effective and enforceable after the expiration of 14 days after the entry of this Order and shall not be subject to any other stay, sufficient cause having been shown."  ECF Doc. No. 3708-1 ¶ 66.  This could be read as prohibiting stays pending appeal.  Rule 8007 authorizes stays pending appeal.  Rule 8028 prohibits the suspension of Rule 8007:

> In the interest of expediting decision or for other cause in a particular case, the district court or BAP, or where appropriate the court of appeals, may suspend the requirements or provisions of the rules in Part VIII, except Rules 8001, 8002, 8003, 8004, 8005, 8006, 8007, 8012, 8020, 8024, 8025, 8026, and 8028.[3]

Fed. R. Bankr. P. 8028; *see also id* (Committee Notes on Rules – 2014) ("Rules governing the following matters may not be suspended: . . . stay pending appeal."

## CONCLUSION

WHEREFORE, the United States Trustee respectfully submits that the Court sustain the Objection of the United States Trustee and grant such other relief as is just.

Dated: August 31, 2021

Respectfully submitted,

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE, Region 2

By: */s/ Paul K. Schwartzberg*
Paul K. Schwartzberg, Trial Attorney
Department of Justice
201 Varick Street, Room 1006
New York, New York 10014
Tel. (212) 510-0500

---

[3] Thus, not even appellate courts have authority to suspend Rule 8007.