DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
James I. McClammy
Eli J. Vonnegut

*Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.**, *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

**DEBTORS' OBJECTION TO CARRIE MCGAHA'S MOTION TO AMEND/CORRECT
OBJECTIONS AND PLEAD THE COURT TO ADDRESS CONCERNS BASED ON
<u>PERSONAL LIFE EXPERIENCE OF TAKING PRESCRIPTION OPIATES</u>**

Purdue Pharma L.P. ("**PPLP**") and its affiliates that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**," the "**Company**," or "**Purdue**") respectfully represent as follows in opposition to the *Motion to Amend/Correct Objections and Plead the*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717), and SVC Pharma Inc. (4014).  The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

*Court to Address Concerns Based on Personal Life Experience of Taking Prescription Opioids* [Dkt. No. 3559] (the "**Motion**") filed by Carrie McGaha ("**Ms. McGaha**"):

1. In the Motion, Ms. McGaha objects "to the continued [manufacture and use] of [l]ong-acting opiates such as: Oxy[C]ontin." (Mot. ¶ 1.) She also objects to the Debtors' *Twelfth Amended Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and Its Affiliated Debtors* [Dkt. No. 3726] (the "**Plan**")[2] because it does not "contain provisions for patient-friendly [u]nit-dose packaging of opiates (*id.* ¶ 2); does not include a "provision to increase local access to treat actual [p]ain [p]atients with non-pharmaceutical, alternative options for pain relief in rural community healthcare systems (*id.* ¶ 3); increases the [stigma] of opiates by [focusing] on strategies that seemingly assume that the only people with problems taking opiates are abusing them" and includes "abatement strategies [that] ignore the people who actually [live] with [chronic pain] (*id.* ¶ 4); and "sets up a [huge bureaucracy] which will only [perpetuate] the ongoing crisis rather than [abate] it" (*id.* ¶ 5). For each of these concerns, Ms. McGaha provides "[r]emed[ies]" that she asserts must be "included in a supplement to the [P]lan." (*Id.* at 2, ¶¶ 1-5.)

2. Although the Debtors remain sympathetic to all of those affected by the opioid crisis, including Ms. McGaha and other individual victims and their families, the Debtors must object to the Motion. *First*, Ms. McGaha appeared during the hearing on confirmation of the Plan and raised the same issues raised in her Motion. (Aug. 25, 2021 Conf. Hr'g Tr. 206:18-21 (Ms. McGaha asking whether "the new company . . . is going to continue the sale of OxyContin and partial opiates, opiate antagonists, and other drugs in order to fund abatement"); 210:4-5 (noting that "you really need to address [chronic pain] in non-pharmaceutical ways if possible");

---

[2] Terms used herein but not defined shall have the meanings ascribed to them in the Plan.

212:23-24 (highlighting concerns regarding "the funding of the abatement programs" "based on population and the MMEs"); 213:1-4 (stating that she "fear[s] that there's just going to be these huge bureaucracies of these agencies" and that "there's not going to be very much left" for the "people that really need it"); 213:19-22 (noting that "all narcotics should be in . . . a card" to help with the "unit dose" issue).)  The Court considered those same concerns during its September 1, 2021 bench ruling confirming the Plan and ultimately overruled them for the reasons stated during the ruling and discussed below.  (Sept. 1, 2021 Conf. Hr'g Tr. 79:21-80:3 (analyzing the objection under "the good faith test" and concluding that "use of the bulk of the Debtors' value for abatement purposes is clearly in good faith and, in fact, highly beneficial to those who have individual claims against the Debtors").)  *Second*, to the extent Ms. McGaha is seeking to present these issues again for consideration now, they are untimely.

3. *First*, with respect to the "continued [manufacture and use] of [l]ong-acting opiates" (Mot. ¶ 1), the Court emphasized that the Plan includes specific provisions designed "to ensure . . . the lawful production and sale of [opiates] . . . in a way that is cautious, subject to layers of oversight and informed by the public interest at every step."  (Sept. 1, 2021 Conf. Hr'g Tr. 76:14-18.)  Indeed, "[t]he NewCo governance covenants, the NewCo monitor, the NewCo operating agreement and the NewCo operating agreement" are designed for that very purpose (*id.* at 76:19-21) and will likely "set a standard not only for this company but for other companies that manufacture and distribut[e] these products which are legal yet dangerous" (*id.* at 77:22-24).

4. *Second*, acknowledging Ms. McGaha's "recommend[ed] . . . measures that could be viewed as abatement measures, such as different disclosures regarding long-term opioids or the banning of long-term opioids, changes in packaging and the like" (*id.* at 76:9-12; Mot. ¶¶ 1-

3

5), the Court noted that "[t]he [P]lan sets forth abatement metrics and procedures that take into account developments over time and learning over time." (Sept. 1, 2021 Conf. Hr'g Tr. 79:5-7.) Moreover, "[t]he abatement procedures and metrics . . . include a consultative process that takes into account the view of communities and those within the community[, including Ms. McGaha,] in a reasonable and fair way." (*Id.* at 79:13-16.)

5. For the reasons set forth above, the Debtors respectfully request that the Court deny the Motion without prejudice to any rights Ms. McGaha may have under the Plan with regard to her proof of claim.

Dated: September 6, 2021
      New York, New York

*/s/ James I. McClammy*
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
James I. McClammy
Eli J. Vonnegut

*Counsel to the Debtors
and Debtors in Possession*