DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut
Christopher S. Robertson
*Counsel to the Debtors*
*and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| PURDUE PHARMA L.P., *et al.*, | : | Case No. 19-23649 (RDD) |
| | : | |
| Debtors.[1] | : | (Jointly Administered) |

**DEBTOR'S REPLY TO THE OBJECTIONS OF THE OBJECTING STATES, THE UNITED STATES TRUSTEE, AND THE CANADIAN MUNICIPALITY CREDITORS AND CANADIAN FIRST NATIONS CREDITORS TO THE DEBTORS' MOTION PURSUANT TO 11 U.S.C. §§ 105(A) AND 363(B) FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO FUND ESTABLISHMENT OF THE CREDITOR TRUSTS, THE MASTER DISBURSEMENT TRUST AND TOPCO, (II) DIRECTING PRIME CLERK LLC TO RELEASE CERTAIN PROTECTED INFORMATION, AND (III) GRANTING OTHER RELATED RELIEF**

Purdue Pharma L.P. and its affiliated debtors in the above-captioned Chapter 11 Cases, as debtors and debtors in possession (collectively, the "**Debtors**") submit this reply (this "**Reply**") in

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

support of the *Motion Pursuant to 11 U.S.C. §§ 105(a) and 363(b) for Entry of an Order (I) Authorizing the Debtors to Fund Establishment of the Creditor Trusts, the Master Disbursement Trust and TopCo, (II) Directing Prime Clerk LLC to Release Certain Protected Information, and (III) Granting Other Related Relief* [D.I. 3484] (the "**Advance Motion**") and in response to the Objections filed thereto.[2] The Debtors respectfully state as follows:

## STATEMENT

1.   Arguments that the Advance Motion should not be heard prior to plan confirmation or on shortened notice are moot – the Debtors never sought a hearing prior to confirmation, and adjournment has rendered shortened notice unnecessary. The significant portions of the Objections devoted to recitation of Plan objections have likewise been addressed.

2.   This leaves the Objectors' arguments that the Advance Motion is somehow intended to circumvent appellate review of confirmation of the *Twelfth Amended Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and Its Affiliated Debtors* [D.I. 3726] (as modified, amended or supplemented from time to time, the "**Plan**") by supporting an equitable mootness argument <u>before</u> the Plan is consummated, or otherwise improperly treats consummation of the

---

[2] The filed Objections are the: *Objecting States' Objection to [3485]* Ex Parte *Motion for Entry of an Order Shortening Notice with Respect to the Debtors' Motion Pursuant to 11 U.S.C. §§ 105(a) and 363(b) for Entry of an Order (I) Authorizing the Debtors to Fund Establishment of the Creditor Trusts, the Master Disbursement Trust and TopCo, (II) Directing Prime Clerk LLC to Release Certain Protected Information, and (III) Granting Other Related Relief* [D.I. 3493] (the "**Objecting States' Objection**"), filed by the States of Maryland, Connecticut, Oregon and Washington (the "**Objecting States**"); the *Objection of United States Trustee to Debtors' Ex Parte Motion Entry of an Order Shortening Notice with Respect to Debtors' Motion Pursuant to 11 U.S.C. §§ 105(a) and 363(b) for Entry of an Order (I) Authorizing the Debtors to Fund Establishment of the Creditor Trusts, the Master Disbursement Trust and TopCo, (II) Directing Prime Clerk LLC to Release Certain Protected Information, and (III) Granting Other Related Relief* [D.I. 3555] (the "**United States Trustee's Objection**"), filed by the United States Trustee; and the *Objection Joinder of Canadian Municipality Creditors and Canadian First Nations to the Objecting States and Office of the U.S. Trustee Objection to the Debtors' Motion Pursuant to Debtor's Motion Pursuant to 11 U.S.C. §§ 105(a) and 363(b) for Entry of an Order (I) Authorizing the Debtors to Fund Establishment of the Creditor Trusts, the Master Disbursement Trust, and TopCo, (II) Directing Prime Clerk LLC to Release Certain Protected Information* [D.I. 3563] (the "**Canadian Objectors' Objection**" together with the Objecting States' Objection and the United States Trustee's Objection, the "**Objections**"), filed by the Canadian Municipality Creditors and Canadian First Nations Creditors (the "**Canadian Objectors**" together with the Objecting States and the United States Trustee, the "**Objectors**").

Plan as a foregone conclusion.  Had the Objectors called the Debtors prior to filing yet more pleadings full of inflammatory allegations, the Debtors would have happily confirmed they have no such intent.  The purpose of the Advance Motion is simple: to speed distributions to creditors by a few months by completing administrative work necessary to enable the various trusts created under the Plan to process creditors' Claims before emergence while the Debtors complete regulatory and DOJ processes, rather than immediately after emergence.[3]  There is no nefarious plan afoot here, only an effort to get creditors their money as quickly as possible.

3.    First – the Proposed Order attached to the Advance Motion in fact specifically contemplates a failure of the Debtors to consummate the Plan and includes a mechanism to protect creditors should such a failure occur.  Advance Motion ¶ 1; Proposed Order ¶ 11.  Any successful appeal of the Confirmation Order preventing consummation of the Plan would trigger this provision, meaning that, absent further relief from the Court, the Proposed Advances would be recharacterized and/or reallocated pursuant to sections 502 or 506(b) of the Bankruptcy Code as payments on account of the claims asserted by the Holders of the applicable Claims.  The Debtors have pointed this provision out to the Objectors, who have offered no comments on it.

4.    Second – the Proposed Advances in no way touch on any aspect of the settlement with the Sackler family or any other element of the Plan the Objectors take issue with.  The sole purpose of the Proposed Advances is to speed distribution of funds to creditors so that the Creditor Trusts at issue can be put to work sooner rather than later <u>should the Plan be successfully consummated</u>.  Should the Plan *not* be consummated, no Plan releases will be effective, and funding of the Proposed Advances will not prejudice the Objectors in any way.

5.    Lastly – the Debtors have no intention of arguing that the expenditure of less than

---

[3] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Advance Motion or the Plan.

$7 million to facilitate speedy distributions to creditors <u>after</u> the Plan is consummated would somehow equitably moot an appeal of the Confirmation Order <u>before</u> the Plan is consummated. The Debtors have informed the Objectors they believe such an argument would be frivolous and have agreed to add the following language to the Proposed Order to address this issue:

> "The funding of the Proposed Advances shall not prejudice any appeals of the confirmation of the Plan and the fact of such Proposed Advances having been paid prior to the Effective Date of the Plan shall not support any argument that any such appeals are equitably moot."

Counsel for both sides of the Sackler family, along with the Ad Hoc Committee, the Creditors' Committee, the MSGE Group, the Native American Tribe Group, the Ad Hoc Group of Individual Victims, the Third-Party Payor Group, the NAS Committee, the Ad Hoc Group of Hospitals, and the Ratepayer Mediation Participants have all confirmed they agree with this principle, and the Debtors have informed the Objectors of this widespread agreement.

6. In response, the Objectors express a lingering concern that "someone else" might still argue equitable mootness based on the Proposed Advances. The Debtors respectfully submit that a theoretical concern that some unidentified party might in the future make a frivolous argument is not a good reason to force creditors to accept yet more unnecessary delay in the receipt of their distributions. The Proposed Advances remain within the Debtors' sound business judgment, and with virtually every organized creditor group other than the few Objectors supporting the Advance Motion, the real needs of creditors are simply more important than the Objectors' theoretical concerns.

|  |  |
|---|---|
| Dated: September 9, 2021<br>New York, New York | Respectfully submitted,<br><br>By: _/s/ Eli J. Vonnegut_____<br><br>DAVIS POLK & WARDWELL LLP<br>450 Lexington Avenue<br>New York, New York 10017<br>Telephone: (212) 450-4000<br>Facsimile: (212) 701-5800<br>Marshall S. Huebner<br>Benjamin S. Kaminetzky<br>Timothy Graulich<br>Eli J. Vonnegut<br>Christopher S. Robertson<br><br>*Counsel to the Debtors*<br>*and Debtors in Possession* |