**SQUIRE PATTON BOGGS (US) LLP**

Stephen D. Lerner
Scott A. Kane (admitted *pro hac vice*)
201 E. Fourth St., Suite 1900
Cincinnati, Ohio 45202
Telephone: 513.361.1200
Facsimile: 513.361.1201
stephen.lerner@squirepb.com
scott.kane@squirepb.com

-and-

1211 Avenue of the Americas, 26th Floor
New York, New York 10036
Telephone: 212.872.9800
Facsimile: 212.872.9815

*Examiner and Counsel to Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In re:** | : | Chapter 11 |
| | : | |
| **PURDUE PHARMA L.P.,** *et al.*, | : | Case No. 19-23649 (RDD) |
| | : | |
| Debtors.[1] | : | (Jointly Administered) |

**CERTIFICATE OF NO OBJECTION UNDER 28 U.S.C. § 1746**
**REGARDING EXAMINER'S FINAL FEE APPLICATION FOR THE**
**PERIOD FROM JUNE 24, 2021 THROUGH AND INCLUDING JULY 19, 2021**

---

1 The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

Pursuant to 28 U.S.C. § 1746, Rule 9075-2 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), and in accordance with this Court's case management procedures set forth in the *Second Amended Order Establishing Certain Notice, Case Management, and Administrative Procedures*, entered on November 18, 2019 [Docket No. 498] (the "Case Management Order"), the undersigned hereby certifies as follows:

1. In accordance with the Case Management Order, responses to the *Examiner's Final Fee Application for the Period from June 24, 2021 Through and Including July 19, 2021* [Docket No. 3573], filed on August 16, 2021 (the "Application"), were due no later than September 7, 2021, at 4:00 p.m. (prevailing Eastern Time) (the "Objection Deadline"). The Case Management Order and Local Rule 9075-2 provide that pleadings may be granted without a hearing if (a) no objections or other responsive pleadings have been filed on or before the applicable objection deadline, and (b) the attorney for the entity that filed the Application complies with the relevant procedural and notice requirements.

2. As of the filing of this certificate, more than forty-eight (48) hours have elapsed since the Objection Deadline and, to the best of my knowledge, no responsive pleading to the Application has been (a) filed with the Court on the docket of the above-captioned chapter 11 cases, or (b) served on the Examiner or Scott A. Kane.

3. All parties in interest were provided with notice [Docket No. 3650] that if no objections were timely filed and served with respect to the Application, the Examiner may, on or after the Objection Deadline, submit to the Court an order substantially in the form of the proposed order annexed to the Application, which order may be entered without further notice or opportunity to be heard.

4. Accordingly, the Examiner respectfully requests that the Court enter the proposed order, a copy of which is attached hereto as **Exhibit A**, granting the relief requested in the Application in accordance with the procedures described in the Case Management Order.

I hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

DATED: September 9, 2021          **SQUIRE PATTON BOGGS (US) LLP**

*/s/ Stephen D. Lerner*
Stephen D. Lerner
Scott A. Kane (admitted *pro hac vice*)
201 E. Fourth St., Suite 1900
Cincinnati, Ohio 45202
Telephone: 513.361.1200
Facsimile: 513.361.1201
stephen.lerner@squirepb.com
scott.kane@squirepb.com

-and-

1211 Avenue of the Americas, 26th Floor
New York, New York 10036
Telephone: 212.872.9800
Facsimile: 212.872.9815

*Examiner and Counsel to Examiner*

# EXHIBIT A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

|  |  |  |
|---|---|---|
|  | x |  |
| **In re:** | : | Chapter 11 |
|  | : |  |
| **PURDUE PHARMA L.P.**, *et al.*, | : | Case No. 19-23649 (RDD) |
|  | : |  |
| **Debtors.**[1] | : | (Jointly Administered) |
|  | x |  |

**ORDER APPROVING EXAMINER'S FINAL FEE APPLICATION**
**FOR THE PERIOD FROM JUNE 24, 2021 THROUGH AND INCLUDING JULY 19, 2021**

Upon the Application (the "Application")[2] of the Examiner for entry of an order approving the Examiner's fees and expenses during the Fee Period on a final basis, as more fully described in the Application; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Application and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having reviewed the Application; and, after due deliberation, the Court having determined that the legal and factual bases set forth in the Application establish good and sufficient cause for the relief granted herein; and the Court having determined such relief is in the best interests of the Debtors, their estates,

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

creditors, and all parties-in-interest; and it appearing that no further notice or a hearing is required; and good and sufficient cause appearing; now therefore,

**IT IS HEREBY ORDERED THAT:**

1. The Application is hereby granted as set forth herein.

2. The Examiner's and Mr. Kane's fees in the aggregate amount of $197,423.16 for necessary professional services rendered and $2,576.84 for reimbursement of actual and necessary expenses incurred during the Fee Period are hereby approved on a final basis and granted administrative expense priority.

3. The contents of the Application and the notice procedures set forth therein are good and sufficient notice and satisfy the Bankruptcy Rules and the Local Rules, and no other or further notice of the Application or the entry of this order shall be required.

4. The Examiner is authorized to take all actions necessary to effectuate the relief granted pursuant to this order in accordance with the Application.

5. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this order.

Dated: _____, 2021
       White Plains, New York

                                                      _____
                                                      THE HONORABLE ROBERT D. DRAIN
                                                      UNITED STATES BANKRUPTCY JUDGE