**Presentment Date and Time: September 24, 2021, at 10:00 a.m. (prevailing Eastern Time)**
**Objection Date and Time: September 21, 2021, at 4:00 p.m. (prevailing Eastern Time)**

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut
Christopher S. Robertson

*Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.**, *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

**NOTICE OF PRESENTMENT OF APPLICATION OF DEBTORS
FOR AUTHORITY TO SUPPLEMENT RETENTION AND
EMPLOYMENT OF GRANT THORNTON LLP FOR TAX ANALYSIS
AND VALUATION SERVICES EFFECTIVE SEPTEMBER 1, 2021**

**PLEASE TAKE NOTICE** that on September 10, 2021, Purdue Pharma L.P. and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

(collectively, the "**Debtors**") filed the annexed *Application of Debtors for Authority to Supplement Retention and Employment of Grant Thornton LLP for Tax Analysis and Valuation Services Effective September 1, 2021* (the "**Supplemental Application**").

**PLEASE TAKE FURTHER NOTICE** that, unless a written objection to the Supplemental Application is served and filed with proof of service with the Clerk of the Court, and a courtesy copy is delivered to the undersigned and to the chambers of the Honorable Robert D. Drain, so as to be received by **September 21, 2021 at 4:00 p.m. (prevailing Eastern Time)**, there will not be a hearing to consider such Supplemental Application, and an order, substantially in the form attached to the Supplemental Application as **Exhibit 1** (the "**Proposed Order**"), will be presented for signature by the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court, 300 Quarropas Street, White Plains, New York 10601, on **September 24, 2021 at 10:00 a.m. (prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that, if a written objection is timely filed and served with respect to the Supplemental Application, a hearing (the "**Hearing**") will be held to consider the Supplemental Application before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court, 300 Quarropas Street, White Plains, New York 10601, on a date to be announced.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing and a failure to appear may result in relief being granted upon default.

**PLEASE TAKE FURTHER NOTICE** that copies of the Supplemental Application may be obtained free of charge by visiting the website of Prime Clerk LLC at https://restructuring.primeclerk.com/purduepharma. You may also obtain copies of any pleadings

by visiting the Bankruptcy Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

Dated: September 10, 2021
        New York, New York

DAVIS POLK & WARDWELL LLP

By: */s/ Eli J. Vonnegut*

450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut
Christopher S. Robertson

*Counsel to the Debtors
and Debtors in Possession*

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut

*Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.,** *et al.*, | Case No. 19-23649 |
| Debtors.[1] | (Jointly Administered) |

**APPLICATION OF DEBTORS FOR AUTHORITY TO SUPPLEMENT RETENTION AND EMPLOYMENT OF GRANT THORNTON LLP FOR TAX ANALYSIS AND <u>VALUATION SERVICES EFFECTIVE SEPTEMBER 1, 2021</u>**

Purdue Pharma L.P. ("**PPLP**") and its affiliates that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**") hereby represent in support of this application (this "**Supplemental Application**") for authority to supplement the retention and employment of Grant Thornton LLP ("**Grant Thornton**") as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P., Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014).  The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

**Jurisdiction and Venue**

1. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Debtors consent to entry of a final order by the Court in connection with this Supplemental Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

2. On September 15, 2019 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtors' chapter 11 cases. On September 27, 2019 the Office of the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed an official committee of unsecured creditors.

3. The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Bankruptcy Rules and the *Order Directing Joint Administration of Chapter 11 Cases* [ECF No. 59] entered by the Court in each of the chapter 11 cases. Additional information about the Debtors' businesses and the events leading up to the Petition Date can be found in the *Debtors' Informational Brief* [ECF No. 17].

4. Prior to the Petition Date, since approximately June 2018, the Debtors have engaged Grant Thornton to provide tax-related services to the Debtors pursuant to the terms and

conditions of that certain master agreement, dated June 1, 2018, between Grant Thornton and PPLP (the "**MSA**"), and other related statements of work executed in connection therewith.

5. As previously disclosed in the Initial Retention Application (as that term is defined below), the Debtors retained Grant Thornton after the Petition Date to continue to provide the following tax-related services to assist the Debtors in the ordinary course of their business operations (the "**OCB Tax Services**"):

(i) <u>Sales and Use Tax Compliance Services</u>: On August 11, 2020, the Debtors and Grant Thornton entered into that certain *Statement of Work for Sales and Use Tax Return Preparation Services*, pursuant to which Grant Thornton was retained to assist the Debtors with the generation of sales, use and other transactional tax returns by providing tax return compliance services. That August 11, 2020 statement of work was subsequently replaced and superseded by that certain *Statement of Work for Sales and Use Tax Return Preparation Services*, dated March 2, 2021. Copies of both of these statements of work are attached hereto as **<u>Exhibit 3-C</u>**.

(ii) <u>2020 Tax Preparation Services</u>: On December 7, 2020, the Debtors and Grant Thornton entered into that certain *Statement of Work for Tax Compliance Services*, pursuant to which Grant Thornton was retained to prepare the Debtors' federal and state tax returns, including extension calculations and estimated tax payments, for the 2020 taxable year. A copy of this statement of work is attached hereto as **<u>Exhibit 3-D</u>**.

6. Because the OCB Tax Services were being provided in the ordinary course of the Debtors' business and were unrelated to the administration of the bankruptcy cases, Grant Thornton understood that it was not necessary for it to be retained in these bankruptcy cases and that payment on account of such OCB Tax Services would be paid consistent with past practices and in the ordinary course of the Debtors' ongoing business operations.[2]

7. In January 2021, the Debtors requested that Grant Thornton provide additional tax structuring services that directly related to the development the Debtors' Chapter 11 plan of reorganization in these bankruptcy cases (the "**Plan**"). As a result of this requested expanded scope of work, on or about January 20, 2021, Grant Thornton and the Debtors entered into that certain *Statement of Work for Tax Structuring Services* (the "**Plan-Related SOW**").

8. On April 13, 2021, the Debtors filed the *Application of Debtors for Authority to Retain and Employ Grant Thornton LLP as Tax Structuring Consultants to the Debtors Nunc Pro Tunc to January 20, 2021* [ECF No. 2636] (the "**Initial Retention Application**"). A copy of the Plan-Related SOW and the MSA is attached to the Initial Retention Application as **Exhibit B**. In support of the Initial Retention Application, the Debtors also submitted the Declarations of Raymond Werth (the "**Initial Werth Declaration**") and Jon Lowe, which declarations were attached as **Exhibits C** and **D**, respectively, to the Initial Retention Application.

---

[2] To the extent that the Court requires that the OCB Tax Services be included as part of Grant Thornton's retention application in these Bankruptcy Cases, notwithstanding that such OCB Tax Services are provided in aid of the Debtors' ordinary course business operations and not in the administration of the bankruptcy cases, the Debtors will file another supplement to Grant Thornton's Initial Retention Application to include those OCB Tax Services.

9. On April 28, 2021, the Court entered its *Order Authorizing the Retention and Employment of Grant Thornton LLP as Tax Restructuring Consultants for the Debtors Nunc Pro Tunc to January 20, 2021* [ECF No. 2760] (the "**Initial Retention Order**").

### Relief Requested

10. By this Supplemental Application and pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), the Debtors seek entry of an order supplementing the retention and employment of Grant Thornton to include additional tax and valuation services that directly relate to the implementation of the Plan and the successful emergence from these chapter 11 cases, as more fully described below, effective September 1, 2021.

11. A proposed form of order granting the relief requested in this Supplemental Application is attached hereto as **Exhibit 1** (the "**Proposed Order**"),

12. In support of the relief requested herein, the Debtors submit the *First Supplemental Declaration of Raymond Werth* (the "**First Supplemental Werth Declaration**"), attached hereto as **Exhibit 2**.

### Scope of Grant Thornton's Supplemental Services

13. As set forth in the Initial Retention Application, the Debtors retained Grant Thornton to provide certain tax structuring services to the Debtors (collectively, the "**Initial Services**"), including: (a) assisting the Debtors' management in analyzing the income tax consequences to the Debtors with respect to transactions between the Debtors and the new entity ("**NewCo**") anticipated to be created in the bankruptcy reorganization; (b) consulting with PPLP and its legal counsel, Davis Polk & Wardell LLP ("**Davis Polk**"), regarding the federal and state

5

income tax implications of transactions required by the Court (transactions as proposed by Davis Polk) effectuating the bankruptcy reorganization; (c) assisting PPLP's management in determining the federal income tax basis in the assets of the NewCo and its affiliates immediately following the bankruptcy reorganization; and (d) assisting in modeling future U.S. federal and state income tax cash tax liabilities for NewCo following emergence from bankruptcy.

14. The Debtors seek to expand the scope of Grant Thornton's employment and retention to allow Grant Thornton to provide the following additional services that relate to the administration of the bankruptcy cases and the Debtors' successful emergence from chapter 11 in accordance with the Plan:

(a) **Valuation Services:** The services set forth in the *Statement of Work for Advisory Services*, dated August 25, 2021, attached hereto as **Exhibit 3-A** (the "**Valuation Services SOW**"), to assist the Debtors' management with the following valuation advisory services (the "**Valuation Services**"): (i) estimation of the fair values of certain tangible and intangible assets, as well as certain liabilities of NewCo, including inventory, real and personal property, and intangible assets; (ii) analysis of the components of goodwill (*e.g.*, assembled workforce, etc.); (iii) assisting the Debtors' management in the identification of the legal entities requiring discrete opinions of value for tax purposes; (iv) estimation of the fair market value of the identified legal entities; (v) reconciliation of the enterprise value of NewCo and the identified legal entities; and (vi) preparation of separate narrative reports and exhibits for financial reporting and tax valuation purposes.

(b) **Employment Tax and Tax Analysis Services**: The services set forth in the *Statement of Work for Employment Tax Services & State Corporate Income/Franchise Tax Nexus Analysis Services*, dated August 26, 2021, attached hereto as **Exhibit 3-B** (the "**Tax Analysis SOW**," and together with the Valuation Services SOW, the "**Supplemental SOWs**"), which include assisting the Debtors' management with the following (the "**Tax Analysis Services**," and together with the Valuation Services, the "**Supplemental Services**"): (i) various payroll tax considerations with respect to transactions between the Debtors and NewCo anticipated to be created in the bankruptcy reorganization, as well as existing entities that will be restructured post-emergence; (ii) conducting a corporate income/franchise tax nexus analysis based on "doing business" criteria and economic presence criteria; (iii) evaluating the scope of multistate sales and other business activities, office operations and location of

employees to evaluate current corporate/franchise tax filing and additional jurisdictional filing requirements for Adlon Therapeutics LP, Avrio Health LP, Imbrium Therapeutics LP, Rhodes Pharmaceuticals LP, Purdue Pharmaceuticals and Purdue Pharma LP.

15. Subject to approval of this Supplemental Application, Grant Thornton has informed the Debtors that it is willing to serve as the Debtors' valuation and tax consultant and to perform the Supplemental Services on matters arising during these chapter 11 cases.

**Grant Thornton's Qualifications and the Need for Grant Thornton's Services**

16. The Debtors submit this Supplemental Application because of the need to retain qualified valuation and tax consultants to assist them with certain critical tasks associated with guiding the Debtors through these chapter 11 cases and structuring and implementing the Plan.

17. As set forth in the First Supplemental Werth Declaration, Grant Thornton is the U.S. member of Grant Thornton International Ltd., a global audit, tax, and advisory organization of separate, independent network firms providing services in more than 120 countries. Grant Thornton has approximately 59 offices in the United States. The professionals in Grant Thornton's valuation and tax practices consist of senior tax, accounting, and other professionals specializing in tax, valuation, financial, business, and strategic advice to enterprises, including distressed enterprises. Grant Thornton has significant qualifications, experience, and extensive knowledge in the fields of accounting, valuation and taxation for large, sophisticated companies, both in and out of chapter 11 bankruptcy.

18. As further set forth in the First Supplemental Werth Declaration and described in greater detail above, since approximately June 2018, the Debtors have engaged Grant Thornton to provide tax-related services to the Debtors pursuant to the terms of the MSA and other statements of work executed in connection therewith. Since the Petition Date, Grant Thornton has continued to provide the Debtors with the OCB Tax Services. Grant Thornton also was retained in these

7

bankruptcy cases, pursuant to the Initial Retention Order, to provide tax consultation services on behalf of the Debtors' estates directly related to core bankruptcy matters, *i.e.*, tax structuring services related to the Debtors' Plan. Consequently, Grant Thornton is already familiar with the Debtors' business affairs and uniquely qualified to provide the proposed and anticipated Supplemental Services.

19. Due to Grant Thornton's experience and knowledge in the areas for which the Supplemental Services will be provided, as well as their long-standing relationship with the Debtors, Grant Thornton is well qualified and uniquely able to provide such Supplemental Services to the Debtors, and as such, expansion of Grant Thornton's retention is in the best interests of the Debtors' estates, creditors, and other parties in interest.

### Grant Thornton's Disinterestedness

20. Grant Thornton has informed the Debtors that, as of the date hereof, except as set forth in the Initial Werth Declaration, (a) Grant Thornton has no connection with the Debtors, their creditors, equity security holders, or other parties in interest in these chapter 11 cases; (b) Grant Thornton does not hold or represent any entity having an interest adverse to the interests of the Debtors' estates or of any class of creditors or equity security holders; and (c) Grant Thornton (i) is not a creditor, equity security holder, or an insider of the Debtors, and (ii) is not or was not, within two years before the Petition Date, a director, officer, or employee of any of the Debtors. In addition, none of the Grant Thornton professionals expected to assist the Debtors in these chapter 11 cases are related or connected to any United States Bankruptcy Judge for the Southern District of New York, the U.S. Trustee, or any person employed in the office of the U.S. Trustee.

21. The Debtors have been informed that Grant Thornton will supplement the Initial Werth Declaration if any facts or circumstances are discovered that require additional disclosure.

22.     Based on the foregoing, the Debtors believe that Grant Thornton is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

### Grant Thornton's Compensation for the Supplemental Services[3]

23.     Grant Thornton's discounted hourly billing rates for the Valuation Services are as follows:

| Level | Discounted Hourly Rate |
|---|---|
| Partner / Principal / Managing Director | $720 |
| Senior Manager / Director | $590 |
| Manager | $500 |
| Senior Associate | $400 |
| Associate | $270 |

24.     Compensation for the Tax Analysis Services is as follows:

State & Local Tax Nexus Analysis Services

- Corporate Income/Franchise Tax Nexus Analysis Matrix - $7,000 to $10,000

Payroll Services:

- Preparation of registration forms for NewCo - $600/form
- Preparation of update forms - $500/form
- Preparation of closure forms - $450/form
- Preparation of payroll matrix - $325/state

---

[3]     Grant Thornton's hourly rates set forth below are subject to change from time to time in the regular course of Grant Thornton's business. Grant Thornton will provide notice to the Debtors, the Office of the U.S Trustee and any statutory committees appointed in the Debtors' chapter 11 cases of any change in Grant Thornton's hourly rates. Grant Thornton also will file a notice of any such change in hourly rates with the Court.

9

- Preparation of successorship memo - $2,500 for federal and $1,000/state

- Consulting of various employee scenarios and coordination with Ceridian will be billed at Grant Thornton's discounted hourly rates as reflected in the following table:

| Level | Discounted Hourly Rate |
|---|---|
| Partner / Managing Director | $765 |
| Senior Manager / Director | $650 |
| Manager | $570 |
| Senior Associate | $460 |
| Associate | $280 |

25. In addition to the hourly billing rates set forth herein, Grant Thornton customarily charges its clients for direct expenses incurred by Grant Thornton in connection with the Supplemental Services provided herein including, but not limited to, reasonable and customary out-of-pocket expenses for items such as copies, postage, supplies, computer and technology usage, software licensing, research and library databases and similar expense items, as well as the fees and expenses that Grant Thornton's counsel directly bills Grant Thornton in connection with this engagement relating to Grant Thornton's retention and fee applications submitted in the chapter 11 cases.

26. In addition, if Grant Thornton is requested or authorized by PPLP or Davis Polk, or is required by government regulation, subpoena or other legal process, to produce its documents or personnel as witnesses with respect to the Supplemental Services, so long as Grant Thornton is not a party in the proceeding in which such information is sought, Grant Thornton customarily charges its clients for its professional time and expenses, as well as the fees and expenses of Grant Thornton's counsel, if any, incurred in responding to such requests.

10

27. As set forth in the Werth Declaration, the Debtors understand that Grant Thornton will apply to the Court for allowance of compensation and reimbursement of expenses for all services approved pursuant to the Initial Retention Application, as well as this Supplemental Application in accordance with General Order M-412 (*Order Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals*, dated December 21, 2010 (Gonzalez, C.J.)), Administrative Order M-447 (*Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, dated January 29, 2013 (Morris, C.J.)), and the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (collectively, the "**Fee Guidelines**"), the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of the Court.[4]

28. The Debtors respectfully submit that Grant Thornton's rates and policies, as stated herein and in the Werth Declaration, are reasonable and customary. Grant Thornton's rates and policies are consistent with Grant Thornton's normal and customary billing practices for cases of this size and complexity that require the level of scope and services outlined herein. Moreover, Grant Thornton's rates and policies are reasonable in light of (a) industry practice, (b) market rates charged for comparable services both in and out of the chapter 11 context, (c) Grant Thornton's substantial experience with respect to valuation and tax analysis services, and (d) the nature and scope of work to be performed by Grant Thornton in these chapter 11 cases.

---

[4] The OCB Tax Services being provided by Grant Thornton prior to Grant Thornton's retention to perform the Initial Services and Supplemental Services were billed by Grant Thornton and paid by the Debtors in the ordinary course of business consistent with the Debtors' business practices, and as such were not prepared in accordance with, or otherwise subject to the Fee Guidelines. In light of Grant Thornton's subsequent retention in these bankruptcy cases by order entered April 28, 2021, out of an abundance of caution and for purposes of full disclosure, Grant Thornton will include disclosure of all invoices that remain unpaid on account of the OCB Services as of the date of this Supplemental Application in its monthly fee statements and interim and final fee applications going forward.

29. To the best of the Debtors' knowledge, neither Grant Thornton nor any Grant Thornton professional expected to assist the Debtors with these chapter 11 cases, has received or been promised any compensation for services rendered or to be rendered in any capacity in connection with the Debtors' chapter 11 cases, other than as permitted by the Bankruptcy Code. Grant Thornton has agreed not to share compensation received in connection with the Debtors' chapter 11 cases with any other person.

## No Duplication of Services

30. The Debtors intend that the Supplemental Services will complement, and not duplicate, the services being rendered by any other professional retained in these chapter 11 cases. Grant Thornton understands that the Debtors have retained and may retain additional professionals during the term of their engagement and agrees to work cooperatively with such professionals to avoid any duplication of services. The Debtors firmly believe that Grant Thornton will provide these necessary services in a cost-effective, efficient, and expert manner.

## The Relief Requested Should Be Granted

31. Section 327(a) of the Bankruptcy Code provides that a debtor, subject to Court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C. § 327(a). Bankruptcy Rule 2014 requires that applications for retention of professionals include, among other things:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's

12

> knowledge, all of the [firm]'s connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).

32.  As required by Bankruptcy Rule 2014(a), the above-described facts set forth in this Supplemental Application and the information in the Exhibits attached hereto set forth: (a) the specific facts showing the necessity for Grant Thornton's expanded employment; (b) the reasons for the Debtors' selection of Grant Thornton as their consultant in connection with these chapter 11 cases; (c) the professional services proposed to be provided by Grant Thornton; (d) the arrangement between the Debtors and Grant Thornton with respect to Grant Thornton's compensation, including information on hourly fees and the reasonableness thereof; and (e) to the best of the Debtors' knowledge, the extent of Grant Thornton's connections, if any, to certain parties in interest in these matters.

33.  The Debtors respectfully submit that retaining and employing Grant Thornton pursuant to the terms of this Supplemental Application is necessary and in the best interests of the Debtors' estates and all parties in interest in these chapter 11 cases. Accordingly, Grant Thornton's retention by the Debtors should be approved.

34.  The Debtors also believe that the employment of Grant Thornton effective September 1, 2021 to begin performing the Supplemental Services is warranted under the circumstances of these chapter 11 cases so that Grant Thornton may be compensated for such services prior to entry of an order approving this Supplemental Application. This Supplemental Application was promptly filed following the execution of the Supplemental SOWs and the proposed retention of Grant Thornton for the Supplemental Services. The Debtors have requested that Grant Thornton immediately begin providing the Supplemental Services to ensure that the

deadlines required by the Debtors to complete the work can be met. Further, no party-in-interest will be prejudiced by authorizing Grant Thornton to begin the Supplemental Services a few weeks prior to the entry of the Proposed Order because Grant Thornton will provide valuable services to the Debtors' estates in the interim period.

## Notice

35. Notice of this Supplemental Application will be provided to: (a) the entities on the Master Service List (as defined in the Case Management Order and available on the Debtors' case website at https://restructuring.primeclerk.com/purduepharma) and (b) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "**Notice Parties**").

36. A copy of this Application and any order approving it will also be made available on the Debtors' Case Information Website located at https://restructuring.primeclerk.com/purduepharma. Based on the circumstances surrounding this Supplemental Application and the nature of the relief requested herein, the Debtors respectfully submit that no further notice is required.

## No Previous Request

37. No previous request for the relief sought herein has been made by the Debtors to this Court or any other court.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, the Debtors respectfully request entry of the Proposed Order and such other and further relief as is just.

September 10, 2021
New York, NY

                **PURDUE PHARMA L.P.**
                (for itself and on behalf of its affiliates
                that are debtors and debtors in possession)

                */s/ Jon Lowne*
                Jon Lowne
                Executive Vice President and
                Chief Financial Officer
                Purdue Pharma L.P.