**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | ) Chapter 11 |
| Purdue Pharma L.P., *et al.*,[1] | ) Case No. 19-23649 (RDD) |
| | ) (Jointly Administered) |
| Debtors. | ) |

## HIPAA-QUALIFIED PROTECTIVE ORDER

Upon the motion of the Personal Injury Ad Hoc Group[2] for entry of a qualified protective order (the "Motion") pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, as incorporated by Rules 7026 and 9014 of the Federal Rules of Bankruptcy Procedure, and the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), as amended by the Health Information Technology for Economic and Clinical Health Act, and all applicable regulations issued by the Secretary of the United States Department of Health and Human Services, as more fully described in the Motion; and given the proposed appointment of Edgar C. Gentle III as the trustee and claims administrator for the PI Trust and MASSIVE: Medical & Subrogation Specialists, as lien resolution protocol administrator, as described in the Plan, the *Disclosure Statement for the Fifth Amended Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and Its Affiliated Debtors* [ECF No. 2983]; and the Court having jurisdiction to consider the Motion and the relief requested therein under 28 U.S.C. §§ 157(a)-(b) and 1334(b); and

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties, and it appearing that no other or further notice need be provided; and there being no objections to the requested relief and upon the record of the hearing held by the Court on the Motion on September 13, 2021 (the "Hearing"); and after due deliberation and for the reasons stated by the Court in its bench ruling at the Hearing, the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted in this order (the "Qualified Protective Order"); and the Court having determined that the relief requested is necessary for the protection of healthcare-related information that may be produced or otherwise disclosed in connection with the administration of the Plan and the PI Trust Documents, and is in the best interests of the Debtors, their estates, creditors, and all parties in interest; now, therefore,

**IT IS HEREBY ORDERED THAT**:

1. The Motion is **GRANTED** as provided herein.

2. In order to ultimately resolve claims and/or liens under the PI TDP and LRP Agreement, (i) the Proposed PI Trustee (and, once appointed, the PI Trustee), the Proposed PI Claims Administrator (and, once appointed, the PI Claims Administrator), and the Proposed LRP Administrator (and, once appointed, the LRP Administrator) and the partners, associates, employees, counsel, and agents of each of the foregoing (all of the foregoing collectively, the "PI Trust Parties"), (ii) prior to the Effective Date, the Committed TPPs and their employees, counsel, and agents, in each case only to the extent required to ultimately resolve under the LRP claims held by such Committed TPPs or to otherwise aid in the ultimate resolution of PI Claims under the PI TDP, and (iii) after the Effective Date, the Participating TPPs and their employees, counsel, and

agents, in each case only to the extent required to ultimately resolve under the LRP Agreement claims held by such Participating TPPs or to otherwise aid in the ultimate resolution of PI Claims under the PI TDP (all parties in (i)-(iii) collectively, the "Receiving Parties") are hereby authorized, subject to the Existing Protective Order and execution by such party of the *Acknowledgment and Agreement to be Bound by Qualified Protective Order* attached to the Motion as **Exhibit B**, and to the additional limitations and safeguards set forth herein, to receive and transmit (including electronically) information that is or may be protected under HIPAA and its amendments, or other applicable federal or state law, including all "protected health information" ("PHI") and "individually identifiable health information," as defined in 45 C.F.R. § 160.103. Such information includes but is not limited to information regarding a PI Claimant's (a) full name; (b) residential address; (c) full social security number; (d) date of birth; (e) date of first qualifying opioid ingestion; and (f) injuries and payment information relating to his or her PI Claim.

3. All "Covered Entities," as defined in 45 C.F.R. § 160.103,[3] are authorized to disclose to the PI Trust Parties PHI, personally identifiable health information, and related healthcare information pertaining to the PI Claims.

4. The PI Trust Parties are authorized to provide to and receive from any Governmental Payors,[4] Medicare Part C and/or Part D Program sponsors, and/or other payors/providers, including all private health plans whether insured or self-funded (collectively, "Payors"), lists of PI Claimants and/or related information in order to identify any lien, claim, or

---

[3] 45 C.F.R. § 160.103 defines "covered entity" as: "(1) A health plan. (2) A health care clearinghouse. (3) A health care provider who transmits any health information in electronic form in connection with a transaction covered by [such] subchapter."

[4] Governmental Payors means any federal, state, or other governmental body, agency, department, plan, program, or entity that administers, funds, pays, contracts for, or provides medical items, services, and/or prescription drugs. These include, but are not limited to, the Centers for Medicare and Medicaid Services ("CMS"), the Medicare Secondary Payer Department, the Medicaid programs of each state and territory and of the District of Columbia (each a "Medicaid Agency"), Veteran's Administration, TRICARE, and Indian Health Services.

right of subrogation, indemnity, reimbursement, conditional or other payments, or interest of any kind for injury-related medical items, services, and/or prescription drugs paid on such PI Claimants' behalf.  The PI Trust Parties are further authorized, subject to the Existing Protective Order, to use lists of PI Claimants and/or related information in lieu of individual HIPAA authorizations and information on a claimant-by-claimant basis.  The PI Trust Parties may take other actions to identify and resolve potential healthcare-related claims against PI Claimants, including *en masse* data submissions with Third-Party Payors designed to identify healthcare coverage and related claims itemizations for PI Claimants, information requests from other relevant parties, and downloads from internet-based healthcare coverage information sources, including, but not limited to, www.cob.cms.hhs.gov/MSPRP/.

      5.      The PI Trust Parties are further authorized to receive from Prime Clerk LLC any confidential information contained in the Proofs of Claim filed by all PI Claimants (the "PI Data"), and to transmit such PI Data to Participating TPPs who sign the Acknowledgment and Agreement to be Bound by Qualified Protective Order attached to the Motion as **Exhibit B**.  Participating TPPs that receive PI Data are authorized only to use such PI Data for lien resolution under and pursuant to the terms of the LRP Agreement or to otherwise assist in resolving claims under the PI TDP, and may not use such PI Data for any other purpose, including to pursue recovery directly from any PI Claimant.

      6.      The Receiving Parties in possession of PHI, individually identifiable health information, and/or PI Data subject to this Qualified Protective Order shall implement the following procedures to safeguard the confidentiality of such information:

      a) Use and Disclosure.  Use of any information obtained subject to this Qualified Protective Order shall comply with the terms of the Existing Protective Order.

4

        The Receiving Parties shall not use or disclose PHI, individually identifiable health information, or PI Data for any purpose other than for the administration of the PI TDP and LRP Agreement and performance of their duties and functions thereunder. The Receiving Parties shall use only the minimum necessary information for the administration of the PI TDP and LRP Agreement.

    b) <u>Appropriate Safeguards</u>. The Receiving Parties shall maintain any information subject to this Qualified Protective Order in a secure and safe area and shall exercise the standard of due and proper care with respect to the storage, custody, use, and/or dissemination of such protected health information required by HIPAA and other applicable privacy laws.

    c) <u>Conclusion of Duties</u>. The Receiving Parties and any other persons or entities that come into possession of information subject to this Qualified Protective Order shall destroy and certify the destruction of such information, including all copies made, at the conclusion of their duties under the PI TDP and/or LRP Agreement.

7.    This Qualified Protective Order shall take effect immediately upon the later of its entry and entry of the Confirmation Order, and shall continue in force until amended or superseded by express order of the Court, and shall survive and remain in effect after the closing of the Chapter 11 Cases. In the interim period between confirmation of the Plan and the Effective Date, this Qualified Protective Order shall apply to the Receiving Parties with the same force as it would apply post-Effective Date.

8. This Qualified Protective Order shall become effective upon being so ordered by the Court.

Dated:   September 15, 2021
         White Plains, New York

                                          /s/Robert D. Drain
                                          The Honorable Robert D. Drain
                                          United States Bankruptcy Judge