UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
                                                             :
In re                                                        :   Chapter 11
                                                             :
PURDUE PHARMA L.P., *et al.*,[1]                             :   Case No. 19-23649 (RDD)
                                                             :
                                            Debtors.         :   Jointly Administered
                                                             :
------------------------------------------------------------ x

## UNITED STATES TRUSTEE'S EX PARTE MOTION FOR AN ORDER SHORTENING NOTICE AND SCHEDULING HEARING WITH RESPECT TO THE UNITED STATES TRUSTEE'S EXPEDITED MOTION FOR A STAY OF CONFIRMATION ORDER AND RELATED ORDERS PENDING APPEAL PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 8007

**TO:   THE HONORABLE ROBERT D. DRAIN,
       UNITED STATES BANKRUPTCY JUDGE:**

William K. Harrington, the United States Trustee for Region 2 ("United States Trustee") respectfully submits this motion ("Motion to Shorten") for entry of an order, substantially in the form attached hereto, shortening the notice period with respect to the *United States Trustee's Expedited Motion for a Stay of Confirmation Order and Related Orders Pending Appeal Pursuant to Federal Rule of Bankruptcy Procedure 8007* ("Motion for Stay"), filed contemporaneously.  Through the Motion to Stay, the United States Trustee seeks an expedited stay pending appeal of the Court's September 1, 2021 oral ruling stating that it will confirm the Twelfth Amended Joint Chapter 11 Plan of Purdue Pharma L.P. and its Affiliated Debtors, and

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows:  Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014).  The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

any written order entered reflecting that ruling ("Confirmation Order") and the related September 15, 2021 order authorizing the Debtors to take certain actions ahead of the Plan's Effective Date, ECF No. 3773 ("Advance Order"). Although the Court has not yet entered an order reflecting its September 1, 2021 oral ruling, the United States Trustee has filed his notices of appeal and Motion to Stay out of an abundance of caution and consistent with the Court's statement that any appellate proceedings should be expedited.

In support thereof, the United States Trustee respectfully states:

### Relief Requested

By this Motion to Shorten, the United States Trustee seeks entry of an order shortening the notice period with respect to the Motion for Stay, establishing an expedited deadline for objecting to the Motion for Stay, and scheduling a hearing on Motion for Stay on an expedited basis.

The first Omnibus Hearing within the standard notice period is scheduled for October 14, 2021. After the United States Trustee conferred with counsel for the Debtors multiple times, the Debtors oppose the United States Trustee's request to hear the Motion to Stay on an expedited basis prior to that date.

### Jurisdiction and Venue

The Court has jurisdiction to consider this procedural matter under 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.). This motion is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

The bases for the relief requested herein are Bankruptcy Rules 9006(c) and 9007, and Rule 9006-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

Venue is proper before the Court under 28 U.S.C. §§ 1408 and 1409.

### Basis for Relief Requested

Bankruptcy Rule 9007 authorizes the Court to regulate the time within which, the entities to whom, and the form and matter in which notice is provided. Pursuant to paragraph 19 of the *Second Amended Order Establishing Certain Notice, Case Management, and Administrative Procedures* entered on November 18, 2019 [ECF No. 498] (the "Case Management Order"), in these Chapter 11 Cases, if a request for relief is filed and served "at least fourteen (14) calendar days before the next Omnibus Hearing, the matter shall be set for hearing at such Omnibus Hearing." However, Bankruptcy Rule 9006(c) and Local Rule 9006-1(b) provide that the Court, for cause shown, may (with or without motion or notice) reduce any such notice period. Moreover, pursuant to paragraph 17 of the Case Management Order, a party's right "to seek an amendment or waiver of the provisions of the Case Management Order upon showing of good cause including, without limitation, the right to file a motion seeking . . . relief upon shortened notice," was expressly preserved. The Court, thus, has the authority to determine the appropriate notice for conducting a hearing on the matters presented by the Motion for Stay.

### Background

1. Purdue Pharma L.P. and its affiliated debtors (collectively, the "Debtors") commenced voluntary cases under chapter 11 of the Bankruptcy Code on September 15, 2019.

**I.      The Confirmation Proceedings.**

2.　　On July 14, 2021, the Debtors filed the Sixth Amended Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and its Affiliated Debtors ("Sixth Plan"). *See* ECF No. 3185. Section 10.7(b) of the Sixth Plan included a broad release of causes of action ("Non-Debtor releases") against all "Shareholder Released Parties," which it defined to include the "Sackler Family Members"—which in turn was defined to include Raymond and Mortimer Sackler, any of their descendants, any current and former spouses, and any of their estates—as well as six other broad categories that encompass potentially thousands of individuals and entities. *Id*. at 40, 41-42, 132-34.

3.　　On July 19, 2021, the United States Trustee objected to confirmation of the Sixth Plan, arguing that the Non-Debtor releases were unconstitutional, unauthorized by the Bankruptcy Code, and inconsistent with Second Circuit law. ECF No. 3256.

4.　　The United States Attorney for the Southern District of New York filed a statement echoing the due process concerns and other problems with the releases. The United States Trustee and the United States Attorney explained why the releases in the proposed plan would improperly extinguish non-debtors' direct claims against other non-debtors. ECF No. 3268.

5.　　Other parties in interest, including victims, state and local governments, insurers, and industry participants, also objected or expressed similar concerns. *See, e.g.*, objection of Mary Butler-Fink (ECF No. 3235), objection of Dr. Michael Masiowski (ECF No. 3262), objection of the City of Seattle (ECF No. 3264), objection of the States of Connecticut and Maryland, and the District of Columbia (ECF No. 3270), objection of Gulf Underwriters Insurance Co. and St. Paul Fire and Marine Insurance Co. (ECF No. 3272), joinder of the State and People of California (ECF No. 3274), objection of certain Canadian municipality and First

Nation creditors (ECF No. 3275), objection of Washington, Oregon and Other Objecting States (ECF No. 3276), objection of the State of Maryland (ECF No. 3278), joinder of the State of Vermont (ECF No. 3279), objection of the State of Delaware (ECF No. 3280), objection of Joyce Villanave (ECF No. 3292), and objection of certain distributors, manufacturers and pharmacies (ECF No. 3306).

6. The Court held the confirmation hearing on August 12-13, 2021, August 16-19, 2021, August 23, 2021, August 25, 2021, and August 27, 2021.

7. From the eve of the confirmation hearing until after the end of closing arguments, Debtors filed an additional five amendments to their chapter 11 plan. ECF Doc. Nos. 3545, 3632, 3652, 3682, 3706.

8. The United States Trustee filed supplemental objections to the amended plans. ECF Doc. Nos. 3636, 3710.

9. On September 1, 2021, the Court rendered an oral ruling stating that it would confirm the proposed plan provided that two changes were made relating to claims against the Sackler Family and other non-debtors. 9/1/21 Tr. at 134-35, 154-55.

10. On September 2, 2021, the Debtors filed a Twelfth Amended Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and Its Affiliated Debtors ("the Plan"). ECF No. 3726. The Plan remains objectionable for the reasons explained in the United States Trustee's objections to the prior versions of the plan.

11. The Court has not yet entered the order confirming the Plan.

12. On September 15, 2021, the United States Trustee filed a notice of appeal of the Confirmation Order.

**II.     The Advance Motion**

5

13. On August 6, 2021, before the confirmation hearing began, the Debtors filed the Debtors' Motion Pursuant to 11 U.S.C. §§ 105(a) and 363(b) for Entry of an Order (I) Authorizing the Debtors to Fund Establishment of the Creditor Trusts, the Master Disbursement Trust and TopCo, (II) Directing Prime Clerk LLC to Release Certain Protected Information, and (III) Granting Other Related Relief ("Advance Motion"). ECF No. 3484.

14. In the Advance Motion, the Debtors sought authorization to advance $6,855,468 to seven Creditor Trusts, the Master Disbursement Trust, and TopCo "to enable such entities to undertake advance set-up work prior to the Effective Date, thereby allowing distributions to be made to creditors as soon as possible after the Effective Date." *Id*. at 2.

15. On August 9, 2021, the States of Maryland, Connecticut, Oregon, and Washington ("Objecting States") objected. ECF No. 3493 at 2.

16. On August 13, 2021, the United States Trustee also objected to the Advance Motion and the shortening of time on the hearing thereof. ECF No. 3555.

17. On September 9, 2021, the Debtors filed a reply in support of the Advance Motion in which they agreed to add the following language to the proposed order:

> The funding of the Proposed Advances shall not prejudice any appeals of the confirmation of the Plan and the fact of such Proposed Advances having been paid prior to the Effective Date of the Plan shall not support any argument that any such appeals are equitably moot.

ECF No. 3743 at 4.

18. On September 13, 2021, the Court held the hearing on the Advance Motion and stated it would grant the Advance Motion, but asked that a proposed order be submitted that included language stating that the Debtors had waived any equitable mootness argument based on it.

19.   On September 15, 2021, the Court issued the Advance Order. ECF No. 3773.

20.   On September 15, 2021, the United States Trustee filed a notice of appeal of the Advance Order.

### Cause Exists to Shorten Notice with Respect to the Motion for Stay

The United States Trustee is filing the Motion for Stay contemporaneously herewith. The next Omnibus Hearing within the standard notice period is scheduled to occur on October 14, 2021. *See* ECF No. 3056. Yet, as this Court stated at the September 13, 2021 hearing, the appellate proceedings should be expedited. Accordingly, under the Case Management Order, any hearing on the Motion for Stay prior to the next Omnibus Hearing requires Court approval of the proposed shortened notice and expedited hearing.

The Case Management Order requires parties to confer with the Debtors prior to seeking expedited relief. The United States Trustee conferred with counsel for the Debtors multiple times including discussions on August 19, 2021, August 26, 2021, and September 2, 2021, to reach an agreement on an expedited hearing schedule. Debtors oppose the United States Trustee's request to hear the Motion to Stay on an expedited basis. Accordingly, the United States Trustee respectfully asks the Court to schedule a hearing on the Motion for Stay within fourteen days of this filing.

In seeking a stay pending appeal, the United States Trustee's objective is to preserve the status quo during the life of the appeal. *In re Chateaugay Corp.*, 988 F.2d 322, 326 (2d Cir.1993). Debtors have represented that the Plan's Effective Date will likely not occur until approximately 82 days after entry of the Confirmation Order and claim that there is no need for an expedited hearing schedule. 9/1/21 Tr. at 164. Yet, Debtors ignore their own Advance Motion to seek approval to fund certain trusts established by the Plan, among other relief. ECF

No. 3484. While the United States Trustee appreciates the inclusion of language indicating that the Debtors waived any argument that the Advance Order would render an appeal of the Confirmation Order equitably moot, it is unclear whether such language would be binding on other parties in interest or an appellate court. Additionally, the United States Trustee is not privy to other actions that the Debtors may take before the Plan's Effective Date that could disrupt the status quo. For example, the proposed Confirmation Order grants broad authority to the Debtors "to take all actions as may be necessary or appropriate to effect any transaction described in, approved by, contemplated by, or necessary to effectuate the Plan. ECF No. 3708-1 at ¶ 8. It is thus essential that the hearing on the Motion for Stay be heard within 14 days of its filing.

Further, if this Court were to deny the Motion for Stay, the United States Trustee may seek relief from the district court in which his appeal is pending. Fed. R. Bankr. P. 8007(b). In that event, the district court would benefit from the additional time provided by granting this Motion to familiarize itself with the extensive record necessary to consider and resolve the Motion for Stay before the Plan's Effective Date.

The United States Trustee seeks an expedited hearing to foster his appellate rights and to maintain the status quo pending his appeal of the Confirmation Order and related orders.

**Notice**

Notice of this Motion will be provided to the entities on the Master Service List (as defined in the Case Management Order and available on the Debtors' case website at https://restructuring.primeclerk.com/purduepharma). The United States Trustee respectfully submits that no further notice is required.

**No Prior Request**

The United States Trustee has not previously sought the relief requested herein from this Court or any other court.

## Conclusion

WHEREFORE, for these reasons, the United States Trustee requests the Court enter the proposed form of order, substantially in the form attached hereto, scheduling an expedited hearing on the Motion for Stay and granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: New York, New York
September 15, 2021

Respectfully submitted,

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE, Region 2

/s/ Linda A. Riffkin
Linda A. Riffkin
Assistant United States Trustee

| | |
|---|---|
| P. MATTHEW SUTKO | WILLIAM K. HARRINGTON |
| Associate General Counsel | United States Trustee, Region 2 |
| WENDY COX | LINDA A. RIFFKIN |
| BETH A. LEVENE | Assistant United States Trustee |
| SUMI K. SAKATA | PAUL K. SCHWARTZBERG |
| Trial Attorneys | BENJAMIN J. HIGGINS |
| | Trial Attorneys |
| Department of Justice | |
| Executive Office for United States Trustees | Department of Justice |
| | Office of the United States Trustee |
| 441 G Street, N.W., Suite 6150 | 201 Varick Street, Room 1006 |
| Washington, DC  20530 | New York, NY  10014 |
| (202) 307-1399 | (212) 510-0500 |
| Fax:  (202) 307-2397 | Fax:  (212) 668-2361 |