UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re: Purdue Pharma, L.P.<br>Debtor | Case No.: 19-23649<br>Chapter 11 |
| Purdue Pharma, L.P. *et. al.*<br>Plaintiff<br>v.<br>Com. Of Massachusetts, *et al.*,<br>Defendants | Adversary Proceeding No.:19-08289 |

**OBJECTION OF PAUL HARTMAN, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED, TO (I) ELEVENTH and/or TWELFTH AMENDED JOINT CHAPTER 11 PLAN OF PURDUE PHARMA L.P. AND ITS AFFILIATED DEBTORS, AND (II) ANY PROPOSED CONFIRMATION ORDER**

TO:   THE HONORABLE ROBERT D. DRAIN
      UNITED STATES BANKRUPTCY JUDGE:

Counsel for Paul Hartman, and all others similarly situated, are individuals who have brought a lawsuit against the Sacklers and their corporate assistants. Mr. Hartman and all those similarly situated have brought **no** claim(s) against Purdue Pharma LP.

Said Plaintiffs hereby submit their objection (the "Objection") to the Sacklers' and various of their corporate assistants' assertion that Mr. Hartman and the class he represents are subject to the Preliminary Injunction issued and the Confirmation Order entered by this Honorable Court.

Mr. Hartman filed the underlying class action on April 30, 2021. The defendants in Mr. Hartman's class action are "Related Parties." Despite the fact that the Related Parties had notice of Mr. Hartman's case or had been served before this Court confirmed the plan, Purdue did not comply with the Oder granting a preliminary injunction. Instead, Purdue waited until after this Court confirmed the plan before it served Mr. Hartman with the documents required by the preliminary injunction. At that time, the Preliminary Injunction may not have even been

applicable because the Plan was already approved. Purdue's failure to timely comply with the Order have eviscerated Mr. Hartman's rights to notice and to object and be heard. In fact, one of the Related Parties sought to bring Mr. Hartman's case before the MDL panel. Moreover, Mr. Hartman and all others similarly situated, have asserted a claim for fraud against the Sacklers and other Related Parties. Under the law of the Commonwealth of Pennsylvania fraud is a nondischargeable crime. Moreover, debts arising from fraud are nondischargeable under the Bankruptcy Law had these Related Parties filed for bankruptcy.

In support thereof, Counsel for Mr. Hartman respectfully states:

## OBJECTION

### A. Under The Law of The Commonwealth of Pennsylvania Members of the Class are Entitled To A Day In Court

Mr. Hartman's lawsuit addresses individual conduct separate and apart from those which are pending in *In re PURDUE PHARMA L.P., et al.* The Hartman lawsuit by virtue of its fraud claim warrants a jury trial in the United States District Court for the Eastern District of Pennsylvania.

On September 9, 2021, four years into the nationwide litigation and two years after the Sacklers placed their corporation in bankruptcy, they are attempting to place the class action brought by Mr. Hartman under their realm. Cognitive of the likely outcome of a trial brought by Mr. Hartman, and all others similarly situated, the Sacklers and other Related Parties seek to avoid a nondischargeable debt.

The Sacklers' transfer of the initial litigation which moved Purdue Pharma from the MDL process to the Bankruptcy Court has bastardized the legal process. Section 524(g) of the Bankruptcy Code applies only to mass tort cases that involve asbestos exposure claims. The

legal move the Sacklers achieved was seizing "a statutory loophole that allows them to craft an entirely unprecedented bargain." Once in bankruptcy, parties such as the Sacklers can and do engage in ad hoc resolutions to structure a plan of reorganization and convince the bankruptcy courts to enforce the provisions in accordance with their equitable powers.

There is no legal basis for the Sacklers, through their attorneys, to assert that they have the authority to compel *Paul Hartman, and all others similarly situated, v. Richard Sackler et al. E.D. of Pa., Civil Action No. 21-2001* to be in the Chapter 11, Case No. 19-23649 (RDD), proceeding. Mr. Hartman will proceed in accordance with the advice of his counsel.

### B. The Eleventh and/or Twelfth Amended Joint Chapter 11 Plan of Purdue Pharma L.P. and its Affiliated Debtors

Should Mr. Hartman's lawsuit be subject to the United States Bankruptcy Court of the Southern District of New York, he concurs and joins in with the United States Trustee's:

1. Objections to the Eleventh Amended Plans;

2. Objections to confirmation of the Plan because of two impermissible and supremely unjust provisions: (1) the extraordinarily broad nonconsensual third-party release of the Sackler Family and other non-debtors by extinguishing non-debtors' direct claims against them; and (2) the payment of no less than $500 million in attorney's fees under section 5.8 without Court oversight and approval or the opportunity for parties to object as required by section 503 (b)(4) of the Bankruptcy Code. Accordingly, the Eleventh and/or Twelfth Amended Plan should not have been confirmed for obvious reasons; and

3. Objections to the Sacklers' proposed confirmation order statement that "Notwithstanding any Bankruptcy Rules, nonbankruptcy law, or otherwise, this Order shall be immediately effective and enforceable after the expiration of 14 days after entry of this Order and shall not be subject to any stay, sufficient cause having been shown." ECF Doc. No. 3708-1

para. 66.

## CONCLUSION

Wherefore, Plaintiff Paul Hartman, and all others similarly situated, respectfully submits that the Court sustain the objections set forth in Section B, above.

Dated: September 20, 2021　　　　　　　　　　　　　Respectfully submitted,

*/s/ Kenneth Chotiner, LL.M.*
50 Wynnewood Road
Suite 22-378
Wynnewood, Pa. 19096
215-564-6544

*/s/ John F. Innelli, Esquire*
JOHN F. INNELLI, LLC
Two Penn Center, Suite 1300
Philadelphia, Pa. 19102

Attorneys for Plaintiffs

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| In Re: Purdue Pharma, L.P. Debtor | Case No.: 19-23649 Chapter 11 |
|---|---|
| Purdue Pharma, L.P. et. al. Plaintiff v. Com. Of Massachusetts, et al., Defendants | Adversary Proceeding No.:19-08289 |

AFFIRMATION OF SERVICE

TO THE CLERK:

I, L. Kenneth Chotiner, hereby certify that the foregoing Objection to Eleventh and/or Twelfth Amended Joint Chapter 11 Plan of Purdue Pharma L.P. and its Affiliated Debtors and has been filed electronically on the date below, and is available for viewing and downloading from the Court's Electronic Case Filing System ("ECF") and/or that I caused a true and correct copy of this document to be mailed on the date below, by first class mail, postage prepaid to the following:

Mark J. Tobak, Esq.
Attorney for Debtor Purdue Pharma, L.P.
Davis Polk & Wardell LLP
450 Lexington Avenue
New York, NY 10017

The Chotiner Firm

By: /s/ L. Kenneth Chotiner
L. Kenneth Chotiner, Esq.
Attorney for Paul Hartman, Defendant
Attorney ID No. 77451
50 E. Wynnewood Rd.
Ste. 22-378
Wynnewood, PA 19096
215.564.6544 (P)
215.383.0370 (F)

Dated: September 20, 2021