UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.,** *et al.*, | Case No. 19-23649 (RDD) |
| Debtors. [1] | (Jointly Administered) |

**FIFTH SUPPLEMENTAL DECLARATION OF ANTHONY W. CLARK IN SUPPORT OF APPLICATION OF DEBTORS FOR AUTHORITY TO RETAIN AND EMPLOY SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP AS SPECIAL COUNSEL TO THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE**

I, Anthony W. Clark, declare:

1. I am a partner in the law firm of Skadden, Arps, Slate, Meagher & Flom LLP (together with its affiliates, "Skadden" or the "Firm"), special counsel to the above-captioned debtors (the "Debtors") in the above-captioned bankruptcy cases, which maintains an office for the practice of law at, among other places, 920 N. King Street, Wilmington, Delaware 19801.

2. I am a practicing member in good standing of the bars of the State of Delaware and the Commonwealth of Pennsylvania.

3. I submit this declaration (this "Fifth Supplemental Declaration") to supplement the disclosures in the declarations of Patrick Fitzgerald dated November 5, 2019

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P., Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

1

[Docket No. 438] (the "Initial Declaration"), March 16, 2020 [Docket No. 936] (the "First Supplemental Declaration"), May 26, 2020 [Docket No. 1183] (the "Second Supplemental Declaration"), and July 10, 2020 [Docket No. 1370] (the "Third Supplemental Declaration"), and my declaration dated June 15, 2021 (the "Fourth Supplemental Declaration," and together with the Initial Declaration, the First Supplemental Declaration, the Second Supplemental Declaration, and the Third Supplemental Declaration, the "Prior Declarations") in support of the Debtors' Application for Order Under 11 U.S.C. § 327(e) Authorizing Employment of Skadden, Arps, Slate, Meagher & Flom LLP and Affiliates as Special Counsel *Nunc Pro Tunc* to the Petition Date [Docket No. 438] and the Debtors' Application for Authority to Supplement the Retention and Employment of Skadden, Arps, Slate, Meagher & Flom LLP as Special Counsel *Nunc Pro Tunc* to March 6, 2020 [Docket No. 1370] (together, the "Application").[2] In the Prior Declarations, Skadden previously disclosed its current or past representations in unrelated matters of parties or potential parties in these Chapter 11 Cases, or their affiliates.

4.  The facts set forth below are based either upon my personal knowledge, discussions with other partners, counsel and associates of Skadden, and client/matter records of Skadden reviewed by myself or by associates of Skadden acting under the supervision and direction of Skadden partners working with me on this task, and if called as a witness I would testify competently thereto.

5.  Since the filing of the Prior Declarations, Skadden has engaged in further inquiry of its partners, counsel, and associates with respect to the matters contained in the Prior Declarations, and has continued to conduct further periodic checks with respect to known and newly-identified persons and parties in interest in these Chapter 11 Cases. As a result of

---

[2]  Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

Skadden's ongoing review of these matters, Skadden makes the following additional specific disclosures.

6. **Endo Engagement**. Effective as of September 20, 2021, Skadden was retained by Endo International plc "**Endo**" as lead national coordinating counsel in opioid product litigation (the "**Endo Engagement**"). The representation of Endo includes certain wholly owned or controlled subsidiaries that have been, or in the future may be, named as defendants, including as co-defendants with the Debtors, in various prepetition lawsuits relating to the opioid product litigation. Skadden does not believe that the Endo Engagement encompasses any adversity as to the Debtors with respect to the Services provided by Skadden to the Debtors, and Skadden attorneys will not participate in direct litigation efforts in a manner adverse to Purdue. Endo has agreed that it will retain independent counsel for any effort adverse to Purdue. However, in the course of the Endo Engagement, Skadden attorneys may become aware of efforts that may be adverse to Purdue, although Skadden will not advise in connection therewith. In the event that a conflict were to develop in the Endo Engagement with respect to Purdue that could not be resolved through the use of independent counsel, Skadden would withdraw from the Endo Engagement. None of the attorneys who have billed significant time on the representation of Purdue will be involved in the Endo Engagement. In addition, Skadden has established an internal screening mechanism or an "Ethical Wall" between those attorneys who worked on or will work on the Endo Engagement and the attorneys who will work on or have previously spent significant time working on Purdue matters.

7. Skadden has discussed its proposed representation of Endo with the Debtors and with Endo, and both parties have consented to Skadden's representation of the other party subject to the terms and conditions described herein. I do not believe that Skadden's

engagement on behalf of Endo precludes Skadden from meeting the requirement of Bankruptcy Code section 327(e) that Skadden "does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed."

8. **Prior Representation of Skadden Attorneys.** In addition, certain attorneys who Skadden expects to join the firm in September 2021 represented parties in interest that are adverse to Purdue and/or were co-defendants with Purdue in their prior employment. Skadden has established formal screening procedures or an "Ethical Wall" with respect to each of these attorneys to ensure that they do not exchange any information protected as confidential with respect to either their prior representations or any of the Debtors.

(i) Prior to joining Skadden, an associate who will be joining Skadden's New York office and practicing in the Labor and Employment group was employed at Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul Weiss"), where the associate assisted Dr. Richard Sackler in the following matter pending in the Superior Court of Massachusetts: *Commonwealth of Massachusetts v. Purdue Pharma L.P. et al*. Out of an abundance of caution, Skadden sought and obtained a conflict waiver from Dr. Richard Sackler prior to hiring this associate that provided that Dr. Sackler (i) waives any right he may have to assert any claims against Skadden or Purdue or its subsidiaries or affiliates based upon the associate's employment by Skadden, including as a basis to disqualify Skadden from its present or future representation of Purdue or its subsidiaries or affiliates in any matter including, but not limited to, the matters with respect to which Skadden currently represents Purdue (the "**Purdue Representations**"), and (ii) waives any actual or potential conflict of interest, breach of duty or related claim on the part of Skadden or the associate arising from the associate's employment at Paul Weiss and her work for Dr. Sackler and Skadden's present or future representation of Purdue or its subsidiaries or affiliates in any matter including, but not limited to, the Purdue Representations, and any other present or future clients that may be adverse to Dr. Sackler or any of his respective subsidiaries or his affiliates in any matter, but not limited to the Purdue Representations. This associate has not had and will not have any involvement in the Chapter 11 Cases.

(ii) Prior to joining Skadden, a counsel who will be joining Skadden's New York office and practicing in the Labor and Employment group was employed at Norton Rose Fulbright ("Norton Rose"), where she assisted David Sackler, Kathe Sackler, Mortimer D.A. Sackler, John Hunt,

4

        Samantha Sackler Hunt, Marianna Frame, Ilene Sackler Lefcourt, Marissa Sackler, Jeffrey Lefcourt and Beverly Sackler in employment-related matters.  This counsel has not had and will not have any involvement in the Chapter 11 Cases.

9.     Skadden will continue to conduct due diligence and will file additional supplemental declarations to the extent necessary.

*[Remainder of Page Intentionally Left Blank]*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct, to the best of my knowledge, information, and belief, and after reasonable inquiry.

Dated:  Wilmington, Delaware
        September 21, 2021

    SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

    */s/     Anthony W. Clark*
    Anthony W. Clark
    920 N. King Street
    Wilmington, Delaware 19801
    Telephone: (302) 651-3080
    Fax: (302) 434-3080

    *Special Counsel to Debtors and Debtors-in-Possession*