UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- x
                                                        :
In re                                                   :    Chapter 11
                                                        :
PURDUE PHARMA L.P., *et al.*,                           :    Case No. 19-23649 (RDD)
                                                        :
                                          Debtors.      :    Jointly Administered
                                                        :
------------------------------------------------------- x

**MEMORANDUM OF LAW IN SUPPORT OF**
**UNITED STATES TRUSTEE'S EXPEDITED MOTION TO EXTEND**
**THE AUTOMATIC STAY OF THE CONFIRMATION ORDER**
**AND FOR A LIMITED STAY OF THE RELATED ORDERS PENDING RESOLUTION**
**OF HIS EXPEDITED MOTION FOR A STAY PENDING APPEAL**

**TO:    THE HONORABLE ROBERT D. DRAIN,**
**       UNITED STATES BANKRUPTCY JUDGE:**

Pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 9013, William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee"), hereby respectfully submits this memorandum of law in support of his Expedited Motion to Extend the Automatic Stay of the Confirmation Order and for a Limited Stay of the Related Orders Pending Resolution of His Motion for a Stay Pending Appeal (the "Bridge Order Motion"). The Bridge Order Motion seeks (1) an extension of the automatic stay under Bankruptcy Rule 3020(e) of the Court's September 17, 2021 Findings of Fact, Conclusions of Law, and Order Confirming the Twelfth Amended Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and Its Affiliated Debtors,[1] ECF Doc. No. 3787 (the "Confirmation Order") and the Modified Bench

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven

1

Ruling on Request for Confirmation of Eleventh Amended Joint Chapter 11 Plan (the "Modified Bench Ruling"), ECF Doc. No. 3786, and (2) a limited stay of the related September 15, 2021 Order (I) Authorizing the Debtors to Fund Establishment of the Creditor Trusts, the Master Disbursement Trust and Topco, (II) Directing Prime Clerk LLC to Release Certain Protected Information, and (III) Granting Other Related Relief, ECF Doc. No. 3773 (the "Advance Order") pending resolution of the United States Trustee's Expedited Motion For A Stay Of Confirmation Order And Related Orders Pending Appeal Pursuant To Federal Rule Of Bankruptcy Procedure 8007 (the "Motion for Stay"), ECF Doc. No. 3778, as amended, ECF Doc. No. 3801.[2]  In support thereof, the United States Trustee respectfully states:

### Relief Requested

By this Bridge Order Motion, the United States Trustee seeks entry of an order that would extend the 14-day automatic stay of the Confirmation Order under Bankruptcy Rule 3020(e) and a related limited stay of the Advance Order on an interim basis until such time that this Court may resolve the United States Trustee's Motion for Stay.  The United States Trustee requested consideration of the Motion for Stay on an expedited basis, which is currently set for a scheduling conference on September 30, 2021—the next to the last day of the Bankruptcy Rule 3020(e) automatic stay of the Confirmation Order.  If this Court were to deny the Motion for

---

Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2]  The United States Trustee filed his original Expedited Motion for a Stay of Confirmation Order and Related Orders Pending Appeal Pursuant to Federal Rule of Bankruptcy Procedure 8007 after the Court entered the Advance Order but before it entered the Confirmation Order.  ECF Doc. No. 3778.  He filed his amended Motion for Stay after entry of the Confirmation Order.

2

Stay, he further seeks an extension of the Bankruptcy Rule 3020(e) automatic stay and related limited stay of the Advance Order, until the district court resolves a motion for stay of the Confirmation Order and Advance Order pending appeal that the United States Trustee will file under Bankruptcy Rule 8007(b).

## BACKGROUND

1. Purdue Pharma L.P. and its affiliated debtors (collectively, the "Debtors") commenced voluntary cases under chapter 11 of the Bankruptcy Code on September 15, 2019 (the "Petition Date").

2. The Debtors are wholly owned by a non-debtor, Pharmaceutical Research Associates LP ("PRA"). ECF Doc. No. 17 at 19. PRA is owned by two entities, each of which is ultimately owned by various trusts for the benefit of Debtors' ultimate owners, members of the Raymond Sackler family and Mortimer Sackler family (collectively, the "Sackler Family"). *Id*.

3. On July 14, 2021, the Debtors filed the Sixth Amended Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and its Affiliated Debtors (the "Sixth Plan"). *See* ECF Doc. No. 3185. Section 10.7(b) of the Sixth Plan included a broad release of causes of action (the "Non-Debtor releases") against all "Shareholder Released Parties," which it defined to include, among others, the Sackler Family. *Id*. at 40, 41-42, 132-34.

4. On July 19, 2021, the United States Trustee objected to confirmation of the Sixth Plan, arguing that the Non-Debtor releases were unconstitutional, unauthorized by the Bankruptcy Code, and inconsistent with Second Circuit law. ECF Doc. No. 3256.

5. The United States Attorney for the Southern District of New York also filed a statement echoing the concerns regarding the Non-Debtor releases. ECF Doc. No. 3268.

3

6. Other parties in interest, including victims, state and local governments, insurers, and industry participants, also objected or expressed similar concerns. *See* ECF Doc. Nos. 3235; 3262; 3264; 3270; 3272; 3274; 3275; 3276; 3278; 3279; 3280; 3292; 3306.

7. From the eve of the confirmation hearing until after the end of closing arguments, Debtors filed an additional five amendments to their chapter 11 plan. ECF Doc. Nos. 3545, 3632, 3652, 3682, 3706.

8. The United States Trustee filed supplemental objections to the amended plans. ECF Doc. Nos. 3636, 3710.

9. On September 1, 2021, the Court rendered an oral ruling stating that it would confirm the proposed plan provided that two changes were made relating to claims against the Sackler Family and other non-debtors. 9/1/21 Tr. at 134-35, 154-55.

10. On September 2, 2021, the Debtors filed a Twelfth Amended Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and Its Affiliated Debtors ("the Plan"). ECF Doc. No. 3726. The Plan remains objectionable for the reasons explained in the United States Trustee's objections to the prior versions of the plan.

11. On September 13, 2021, at an Omnibus Hearing, this Court heard arguments on the Debtors' Motion Pursuant to 11 U.S.C. §§ 105(a) and 363(b) for Entry of an Order (I) Authorizing the Debtors to Fund Establishment of the Creditor Trusts, the Master Disbursement Trust and TopCo, (II) Directing Prime Clerk LLC to Release Certain Protected Information, and (III) Granting Other Related Relief (the "Advance Motion"). ECF Doc. No. 3484. At the time of the hearing, this Court had not yet entered the Confirmation Order.

12. In the Advance Motion, Debtors sought authorization to advance $6,855,468 to various trusts prior to consummation of the Plan "to enable such entities to undertake advance set-up work prior to the Effective Date, thereby allowing distributions to be made to creditors as soon as possible after the Effective Date." *Id*. at 2.

13. At the September 13, 2021 hearing, this Court stated: "Every appellant should be moving for expedited review, and I assume they'll get it." 9/13/21 Tr. at 29: 11-13.

14. On September 15, 2021, prior to its entry of the Confirmation Order, the Court entered the Advance Order granting the Advance Motion. ECF Doc. No. 3773.

15. The Advance Order was entered over the objections of the states of Maryland, Connecticut, Oregon, and Washington, ECF Doc. No. 3493, and of the United States Trustee, ECF Doc. No. 3555.

16. The Advance Order states that the "the limited objections to the Motion are overruled, in part because of the Debtors' waiver at the Hearing of their right to argue that the grant of this Order and the implementation of the relief granted herein would render any appeal of the Court's confirmation of the Debtors' amended chapter 11 plan equitably moot." ECF Doc. No. 3773 at 2.

17. On September 15, 2021, the United States Trustee filed notices of appeal of the Court's September 1, 2021, oral ruling confirming the Plan, ECF Doc. No. 3776, and the September 15, 2021 Advance Order, ECF Doc. No. 3777.

18. On the same day, he also filed the Motion for Stay. ECF Doc. No. 3778.

19. On the same day, he also filed an Ex Parte Motion for an Order Shortening Notice and Scheduling Hearing with Respect to the United States Trustee's Expedited Motion

for a Stay of Confirmation Order and Related Orders Pending Appeal Pursuant to Federal Rule of Bankruptcy Procedure 8007 ("Motion to Expedite"). ECF Doc. No. 3779. In the Motion to Expedite, the United States Trustee explained his need to maintain the status quo pending resolution of his appeal and respectfully requested that the Court schedule a hearing on the Motion for Stay within fourteen days of its filing. ECF Doc. No. 3779 at 7.

20. On September 17, 2021, at 12:31 p.m., counsel for Debtors emailed this Court, copying counsel for the United States Trustee and certain other parties. *See* Exhibit 1.

21. In the email correspondence to this Court's chambers, counsel for Debtors disagreed with the United States Trustee's position in the Motion to Expedite that there was a need to have an expedited hearing on the Motion for Stay on or before September 29, 2021. *Id*. Counsel for Debtors asked instead that the hearing be held during the case's next Omnibus Hearing of October 14, 2021. *Id.*

22. On the same day at 4:03 p.m., the United States Trustee sent a response email to this Court's chambers, Debtors' counsel, and the other counsel addressed in the 12:31 p.m. email of Debtors' counsel. *Id*.

23. In his email, the United States Trustee disagreed with certain characterizations made by Debtors' counsel regarding prior conferrals as to the Motion to Expedite. *Id.* He then restated the need to preserve the status quo while his appeal was pending and again asked the Court to schedule a hearing on the Motion for Stay on an expedited basis or, in the alternative, to convene a scheduling conference on the record to set a schedule. *Id.*

24. On September 17, 2021, this Court entered the Confirmation Order, ECF Doc. No. 3787, and Modified Bench Ruling, ECF Doc. No. 3786.

25. On the same day, this Court notified the parties that the Court will hold an on-the-record status/scheduling conference on September 30, 2021. The Court directed counsel for Debtors to file a notice of such conference. Exhibit 2.

26. Debtors filed a notice of the September 30 status conference as directed. ECF Doc. No. 3788.

27. The scheduled date for the status conference is one day after the period in which the United States Trustee requested his Motion to Stay be set for an expedited hearing. ECF Doc. No. 3779 at 7. It is also next to the last day of the 14-day automatic stay period of the Confirmation Order under Bankruptcy Rule 3020(e).

28. Separately, notices of appeal of the Confirmation Order were also filed by additional parties as follows: the state of Washington, ECF Doc. No. 3724; the District of Columbia, ECF Doc. No. 3725; a class of Canadian municipalities, ECF Doc. No. 3774; the Peter Ballantyne Cree Nation on behalf of All Canadian First Nations and Metis People, the Peter Ballantyne Cree Nation on behalf itself, and the Lac La Ronge Indian Band, ECF Doc. No. 3775; the state of Maryland, ECF Doc. No. 3780; and the state of Connecticut, ECF Doc. No. 3784.

29. On September 19, 2021, the states of Washington and Connecticut filed their own motion for stay of the Confirmation Order pending their appeal. ECF Doc. No. 3789.

30. On September 21, 2021, the United States Trustee filed an amended notice and amended the Motion for Stay in light of the entry of the Confirmation Order. ECF Nos. 3799; 3801.

## LEGAL STANDARD

Bankruptcy Rule 3020(e) provides: "An order confirming a plan is stayed until the expiration of 14 days after the entry of the order, *unless the court orders otherwise*." Fed. R. Bankr. P. 3020 (emphasis added).

Section 105(a) of the Bankruptcy Code provides, in relevant part, that "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

## ARGUMENT

As explained in the United States Trustee's Motion to Expedite, in seeking a stay pending appeal, his objective is to preserve the status quo during the life of the appeal. See *In re Chateaugay Corp.*, 988 F.2d 322, 326 (2d Cir. 1993). The 14-day automatic stay of the Confirmation Order under Bankruptcy Rule 3020(e) will elapse after October 1, 2021, unless this Court orders otherwise. Once the automatic stay elapses, the Debtors are authorized under the Confirmation Order "to take all actions as may be necessary or appropriate to effect any transaction described in, approved by, contemplated by, or necessary to effectuate the Plan." ECF Doc. No. 3787 at 55 ¶ 8. These include the actions authorized by the Advance Order. ECF Doc. No. 3773.

To avoid any change in the status quo as a result of actions taken by the Debtors in furtherance of the Plan, the United States Trustee requested that an expedited hearing be held on the Motion for Stay within 14 days of its filing—that is, no later than September 29, 2021. His request for expedition was in keeping with the expectations of this Court that all appellants should seek expedited review, as noted in the September 13, 2021 hearing. 9/13/21 Tr. at 29: 11-13. As further explained in the Motion to Expedite, such relief would also have granted the

district court a longer period of time to familiarize itself with the appeal's extensive record and complicated legal issues, should this Court deny the Motion for Stay and the United States Trustee have to seek a stay in the district court, as is his right under Bankruptcy Rule 8007(b).

After the Debtors opposed, by email, the United States Trustee's request for expedited relief, *see* Exhibit 1, this Court directed that a scheduling conference be set for September 30, 2021—one day after the period in which United States Trustee had requested an expedited hearing and the next-to-last day of the automatic stay period of the Confirmation Order under Bankruptcy Rule 3020(e). The United States Trustee anticipates that this Court will set a briefing schedule on the Motion for Stay that will extend beyond the expiration of the Rule 3020(e) automatic stay the day after the scheduling conference. Permitting the Bankruptcy Rule 3020(e) automatic stay to elapse before this Court can hear and resolve the Motion for Stay thus jeopardizes the status quo and the preservation of the appellate rights of the United States Trustee, other stay movants, and the multiple other appellants seeking Article III court review of the Confirmation Order.

For this reason, to preserve his appellate rights in light of this Court's direction to hold a scheduling conference on September 30, 2021, the United States Trustee respectfully requests that this Court grant his request under Bankruptcy Rule 3020(e) and Section 105(a) for an extension of the automatic stay of the Confirmation Order until such time that this Court resolves the Motion for Stay ("Bridge Order"). Such Bridge Order, by extending the automatic stay of the Confirmation Order, should also stay in the interim any actions taken in furtherance of the Plan, including those authorized by the Advance Order, until such time that this Court resolves the Motion for Stay.

Should this Court grant the Motion for Stay, that order will supersede the Bridge Order. In the event that the Court denies the Motion for Stay, the United States Trustee further requests that the Court continue the Bridge Order until the district court resolves the motion for a stay pending appeal that the United States Trustee will file under Bankruptcy Rule 8007(b). Continuing the Bridge Order would enable the United States Trustee and other stay movants to seek a stay pending appeal from the district court on a non-emergency, if expedited, basis. In light of the extensive record and myriad legal issues raised by the appeal, the district court would benefit greatly from such a Bridge Order.

## CONCLUSION

WHEREFORE, for these reasons, the United States Trustee respectfully moves for the extension of the Bankruptcy Rule 3002(e) automatic stay of the Confirmation Order and related limited stay of the Advance Order pending the entry of an order by this Court resolving the Motion for Stay and, if necessary, the entry of an order by the district court resolving a motion that the United States Trustee will present to it under Bankruptcy Rule 8007(b), and for any further relief that the Court deems necessary and appropriate.

Dated: New York, New York
September 22, 2021

Respectfully submitted,

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE, Region 2

By: /s/ Linda A. Riffkin
Linda A. Riffkin, Assistant United States Trustee

| | |
|---|---|
| RAMONA D. ELLIOTT | WILLIAM K. HARRINGTON |
| Deputy Director/General Counsel | United States Trustee, Region 2 |
| P. MATTHEW SUTKO | LINDA A. RIFFKIN |
| Associate General Counsel | Assistant United States Trustee |
| BETH A. LEVENE | PAUL K. SCHWARTZBERG |
| SUMI K. SAKATA | BENJAMIN J. HIGGINS |
| Trial Attorneys | Trial Attorneys |
| | |
| Department of Justice | Department of Justice |
| Executive Office for United States Trustees | Office of the United States Trustee |
| 441 G Street, N.W., Suite 6150 | 201 Varick Street, Room 1006 |
| Washington, DC  20530 | New York, NY  10014 |
| (202) 307-1399 | (212) 510-0500 |
| Fax:  (202) 307-2397 | Fax:  (212) 668-2361 |