UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- x
                                                        :
In re                                                   :   Chapter 11
                                                        :
PURDUE PHARMA L.P., *et al.*,[1]                        :   Case No. 19-23649 (RDD)
                                                        :
                                          Debtors.      :   Jointly Administered
                                                        :
------------------------------------------------------- x

**UNITED STATES TRUSTEE'S EX PARTE MOTION
FOR AN ORDER SHORTENING NOTICE AND SCHEDULING HEARING WITH
RESPECT TO THE UNITED STATES TRUSTEE'S EXPEDITED MOTION TO
EXTEND THE AUTOMATIC STAY OF THE CONFIRMATION ORDER
AND FOR A LIMITED STAY OF THE RELATED ORDERS PENDING RESOLUTION
OF HIS EXPEDITED MOTION FOR A STAY PENDING APPEAL**

**TO:    THE HONORABLE ROBERT D. DRAIN,
         UNITED STATES BANKRUPTCY JUDGE:**

William K. Harrington, the United States Trustee for Region 2 ("United States Trustee") respectfully submits this motion ("Motion to Shorten") for entry of an order, substantially in the form attached hereto, shortening the notice period with respect to the *United States Trustee's Expedited Motion to Extend the Automatic Stay of the Confirmation Order and a Limited Stay of the Related Orders Pending Resolution of His Expedited Motion for a Stay Pending Appeal* ("Bridge Order Motion"), filed contemporaneously. Through the Bridge Order Motion, the United States Trustee seeks (1) an extension of the automatic stay under Bankruptcy Rule

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

3020(e) of the Court's September 17, 2021 Findings of Fact, Conclusions of Law, and Order Confirming the Twelfth Amended Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and Its Affiliated Debtors,[2] ECF Doc. No. 3787 (the "Confirmation Order") and the Modified Bench Ruling on Request for Confirmation of Eleventh Amended Joint Chapter 11 Plan (the "Modified Bench Ruling"), ECF Doc. No. 3786, and (2) a limited stay of the related September 15, 2021 Order (I) Authorizing the Debtors to Fund Establishment of the Creditor Trusts, the Master Disbursement Trust and Topco, (II) Directing Prime Clerk LLC to Release Certain Protected Information, and (III) Granting Other Related Relief, ECF Doc. No. 3773 (the "Advance Order") pending resolution of the United States Trustee's Expedited Motion For A Stay Of Confirmation Order And Related Orders Pending Appeal Pursuant To Federal Rule Of Bankruptcy Procedure 8007 (the "Motion for Stay"), ECF Doc. No. 3778, as amended, ECF Doc. No. 3801.

In support thereof, the United States Trustee respectfully states:

## Relief Requested

By this Motion to Shorten, the United States Trustee seeks entry of an order shortening the notice period with respect to the Bridge Order Motion, establishing an expedited deadline for objecting to the Bridge Order Motion, and scheduling a hearing on the Bridge Order Motion on

---

[2] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

2

an expedited basis on September 30, 2020. A scheduling conference on the Motion for Stay is set for the same date.

The United States Trustee conferred with counsel for the Debtors and counsel for various committees, including the Official Committee of Unsecured Creditors ("UCC"), who indicated that they oppose the United States Trustee's Bridge Order Motion and his request to hear it on an expedited basis.

## Jurisdiction and Venue

The Court has jurisdiction to consider this procedural matter under 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.). This motion is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

The bases for the relief requested herein are Bankruptcy Rules 9006(c) and 9007, and Rule 9006-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

Venue is proper before the Court under 28 U.S.C. §§ 1408 and 1409.

## Basis for Relief Requested

Bankruptcy Rule 9007 authorizes the Court to regulate the time within which, the entities to whom, and the form and matter in which notice is provided. Pursuant to paragraph 19 of the *Second Amended Order Establishing Certain Notice, Case Management, and Administrative Procedures* entered on November 18, 2019 [ECF No. 498] (the "Case Management Order"), in these Chapter 11 Cases, if a request for relief is filed and served "at least fourteen (14) calendar days before the next Omnibus Hearing, the matter shall be set for hearing at such Omnibus

Hearing." However, Bankruptcy Rule 9006(c) and Local Rule 9006-1(b) provide that the Court, for cause shown, may (with or without motion or notice) reduce any such notice period. Moreover, pursuant to paragraph 17 of the Case Management Order, a party's right "to seek an amendment or waiver of the provisions of the Case Management Order upon showing of good cause including, without limitation, the right to file a motion seeking . . . relief upon shortened notice," was expressly preserved. The Court, thus, has the authority to determine the appropriate notice for conducting a hearing on the matters presented by the Motion for Stay.

## Background

1.  Purdue Pharma L.P. and its affiliated debtors (collectively, the "Debtors") commenced voluntary cases under chapter 11 of the Bankruptcy Code on September 15, 2019 (the "Petition Date").

2.  The Debtors are wholly owned by a non-debtor, Pharmaceutical Research Associates LP ("PRA"). ECF Doc. No. 17 at 19. PRA is owned by two entities, each of which is ultimately owned by various trusts for the benefit of Debtors' ultimate owners, members of the Raymond Sackler family and Mortimer Sackler family (collectively, the "Sackler Family"). *Id*.

3.  On July 14, 2021, the Debtors filed the Sixth Amended Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and its Affiliated Debtors (the "Sixth Plan"). *See* ECF Doc. No. 3185. Section 10.7(b) of the Sixth Plan included a broad release of causes of action (the "Non-Debtor releases") against all "Shareholder Released Parties," which it defined to include, among others, the Sackler Family. *Id*. at 40, 41-42, 132-34.

4.  On July 19, 2021, the United States Trustee objected to confirmation of the Sixth Plan, arguing that the Non-Debtor releases were unconstitutional, unauthorized by the Bankruptcy Code, and inconsistent with Second Circuit law.  ECF Doc. No. 3256.

5.  The United States Attorney for the Southern District of New York also filed a statement echoing the concerns regarding the Non-Debtor releases.  ECF Doc. No. 3268.

6.  Other parties in interest, including victims, state and local governments, insurers, and industry participants, also objected or expressed similar concerns.  *See* ECF Doc. Nos. 3235; 3262; 3264; 3270; 3272; 3274; 3275; 3276; 3278; 3279; 3280; 3292; 3306.

7.  From the eve of the confirmation hearing until after the end of closing arguments, Debtors filed an additional five amendments to their chapter 11 plan.  ECF Doc. Nos. 3545, 3632, 3652, 3682, 3706.

8.  The United States Trustee filed supplemental objections to the amended plans. ECF Doc. Nos. 3636, 3710.

9.  On September 1, 2021, the Court rendered an oral ruling stating that it would confirm the proposed plan provided that two changes were made relating to claims against the Sackler Family and other non-debtors.  9/1/21 Tr. at 134-35, 154-55.

10. On September 2, 2021, the Debtors filed a Twelfth Amended Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and Its Affiliated Debtors ("the Plan").  ECF Doc. No. 3726.  The Plan remains objectionable for the reasons explained in the United States Trustee's objections to the prior versions of the plan.

11. On September 13, 2021, at an Omnibus Hearing, this Court heard arguments on the Debtors' Motion Pursuant to 11 U.S.C. §§ 105(a) and 363(b) for Entry of an Order

(I) Authorizing the Debtors to Fund Establishment of the Creditor Trusts, the Master Disbursement Trust and TopCo, (II) Directing Prime Clerk LLC to Release Certain Protected Information, and (III) Granting Other Related Relief (the "Advance Motion"). ECF Doc. No. 3484. At the time of the hearing, this Court had not yet entered the Confirmation Order.

12. In the Advance Motion, Debtors sought authorization to advance $6,855,468 to various trusts prior to consummation of the Plan "to enable such entities to undertake advance set-up work prior to the Effective Date, thereby allowing distributions to be made to creditors as soon as possible after the Effective Date." *Id*. at 2.

13. At the September 13, 2021 hearing, this Court stated: "Every appellant should be moving for expedited review, and I assume they'll get it." 9/13/21 Tr. at 29: 11-13.

14. On September 15, 2021, prior to its entry of the Confirmation Order, the Court entered the Advance Order granting the Advance Motion. ECF Doc. No. 3773.

15. The Advance Order was entered over the objections of the states of Maryland, Connecticut, Oregon, and Washington, ECF Doc. No. 3493, and of the United States Trustee, ECF Doc. No. 3555.

16. The Advance Order states that the "the limited objections to the Motion are overruled, in part because of the Debtors' waiver at the Hearing of their right to argue that the grant of this Order and the implementation of the relief granted herein would render any appeal of the Court's confirmation of the Debtors' amended chapter 11 plan equitably moot." ECF Doc. No. 3773 at 2.

17. On September 15, 2021, the United States Trustee filed notices of appeal of the Court's September 1, 2021, oral ruling confirming the Plan, ECF Doc. No. 3776, and the September 15, 2021 Advance Order, ECF Doc. No. 3777.

18. On the same day, he also filed the Motion for Stay. ECF Doc. No. 3778.

19. On the same day, he also filed an Ex Parte Motion for an Order Shortening Notice and Scheduling Hearing with Respect to the United States Trustee's Expedited Motion for a Stay of Confirmation Order and Related Orders Pending Appeal Pursuant to Federal Rule of Bankruptcy Procedure 8007 ("Motion to Expedite"). ECF Doc. No. 3779. In the Motion to Expedite, the United States Trustee explained his need to maintain the status quo pending resolution of his appeal and respectfully requested that the Court schedule a hearing on the Motion for Stay within fourteen days of its filing. ECF Doc. No. 3779 at 7.

20. On September 17, 2021, at 12:31 p.m., counsel for Debtors emailed this Court, copying counsel for the United States Trustee and certain other parties. *See* Exhibit 1.

21. In the email correspondence to this Court's chambers, counsel for Debtors disagreed with the United States Trustee's position in the Motion to Expedite that there was a need to have an expedited hearing on the Motion for Stay on or before September 29, 2021. *Id*. Counsel for Debtors asked instead that the hearing be held during the case's next Omnibus Hearing of October 14, 2021. *Id.*

22. On the same day at 4:03 p.m., the United States Trustee sent a response email to this Court's chambers, Debtors' counsel, and the other counsel addressed in the 12:31 p.m. email of Debtors' counsel. *Id*.

23. In his email, the United States Trustee disagreed with certain characterizations made by Debtors' counsel regarding prior conferrals as to the Motion to Expedite. *Id.* He then restated the need to preserve the status quo while his appeal was pending and again asked the Court to schedule a hearing on the Motion for Stay on an expedited basis or, in the alternative, to convene a scheduling conference on the record to set a schedule. *Id.*

24. On September 17, 2021, this Court entered the Confirmation Order, ECF Doc. No. 3787, and Modified Bench Ruling, ECF Doc. No. 3786.

25. On the same day, this Court notified the parties that the Court will hold an on-the-record status/scheduling conference on September 30, 2021. The Court directed counsel for Debtors to file a notice of such conference. Exhibit 2.

26. Debtors filed a notice of the September 30 status conference as directed. ECF Doc. No. 3788.

27. The scheduled date for the status conference is one day after the period in which the United States Trustee requested his Motion to Stay be set for an expedited hearing. ECF Doc. No. 3779 at 7. It is also the next-to-last day of the 14-day automatic stay period of the Confirmation Order under Bankruptcy Rule 3020(e).

28. Separately, notices of appeal of the Confirmation Order were also filed by additional parties as follows: the state of Washington, ECF Doc. No. 3724; the District of Columbia, ECF Doc. No. 3725; a class of Canadian municipalities, ECF Doc. No. 3774; the Peter Ballantyne Cree Nation on behalf of All Canadian First Nations and Metis People, the Peter Ballantyne Cree Nation on behalf itself, and the Lac La Ronge Indian Band, ECF Doc.

No. 3775; the state of Maryland, ECF Doc. No. 3780; and the state of Connecticut, ECF Doc. No. 3784.

29. On September 19, 2021, the states of Washington and Connecticut filed their own motion for stay of the Confirmation Order pending their appeal. ECF Doc. No. 3789.

30. On September 21, 2021, the United States Trustee filed an amended notice and amended the Motion for Stay in light of the entry of the Confirmation Order. ECF Nos. 3799; 3801.

**Cause Exists to Shorten Notice with Respect to the Bridge Order Motion**

The United States Trustee is filing the Bridge Order Motion contemporaneously herewith. A scheduling conference on the Motion for Stay is set for September 30, 2021, ECF No. 3788. As this Court directed, the United States Trustee is seeking expedited review as part of his appeal of the Confirmation Order. 9/13/21 Tr. at 29: 11-13. Accordingly, under the Case Management Order, to schedule a hearing on the Bridge Order Motion for the same date as the scheduling conference on the Motion for Stay requires Court approval of the proposed shortened notice and expedited hearing.

The Case Management Order requires parties to confer with the Debtors prior to seeking expedited relief. On September 21, 2021, the United States Trustee conferred with counsel for the Debtors and counsel for various committees, including the UCC, to reach an agreement on an expedited hearing schedule. Debtors and the UCC (and certain other committees) oppose both the United States Trustee's Bridge Order Motion and his request to hear it on an expedited basis. Accordingly, the United States Trustee respectfully asks the Court to direct that any objections to

the Bridge Order Motion be filed by September 27, 2021, and to set a hearing on the Bridge Order Motion for September 30, 2021.

When the confirmation of a chapter 11 plan is on appeal, the Second Circuit Court of Appeals places the onus on appellants to take "all appropriate steps to secure judicial relief." *Matter of MPM Silicones, L.L.C.*, 874 F.3d 787, 805 (2d Cir. 2017). The United States Trustee is acting with diligence to ensure his Motion for Stay is heard before the stay of the Confirmation Order expires. To do so, he seeks the limited relief set forth in the Bridge Order Motion on an expedited basis.

## Notice

Notice of this Motion will be provided to the entities on the Master Service List (as defined in the Case Management Order and available on the Debtors' case website at https://restructuring.primeclerk.com/purduepharma). The United States Trustee respectfully submits that no further notice is required.

## No Prior Request

The United States Trustee has not previously sought the relief requested herein as to the Bridge Order Motion from this Court or any other court.

## Conclusion

WHEREFORE, for these reasons, the United States Trustee requests the Court enter the proposed form of order, substantially in the form attached hereto, scheduling an expedited hearing on the Bridge Order Motion and granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: New York, New York
September 22, 2021

Respectfully submitted,

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE, Region 2

/s/ Linda A. Riffkin
Linda A. Riffkin
Assistant United States Trustee

| | |
|---|---|
| RAMONA D. ELLIOTT | WILLIAM K. HARRINGTON |
| Deputy Director/General Counsel | United States Trustee, Region 2 |
| P. MATTHEW SUTKO | LINDA A. RIFFKIN |
| Associate General Counsel | Assistant United States Trustee |
| WENDY COX | PAUL K. SCHWARTZBERG |
| BETH A. LEVENE | BENJAMIN J. HIGGINS |
| SUMI K. SAKATA | Trial Attorneys |
| Trial Attorneys | |
| | Department of Justice |
| Department of Justice | Office of the United States Trustee |
| Executive Office for United States Trustees | 201 Varick Street, Room 1006 |
| 441 G Street, N.W., Suite 6150 | New York, NY 10014 |
| Washington, DC 20530 | (212) 510-0500 |
| (202) 307-1399 | Fax: (212) 668-2361 |
| Fax: (202) 307-2397 | |