| | |
|---|---|
| **From:** | Huebner, Marshall S. |
| **To:** | Schwartzberg, Paul (USTP) |
| **Cc:** | apreis@akingump.com; rdd.Chambers@nysb.uscourts.gov; Higgins, Benjamin J. (USTP); PURDUE UCC APPEAL TEAM; Hurley, Mitchell; Brauner, Sara; keckstein@kramerlevin.com; rringer@kramerlevin.com; Dblabey@kramerlevin.com; kmaclay@capdale.com; sbickford@mbfirm.com; hisrael@lplegal.com; Barrett, Don (External); smm@cliffordlaw.com; MONeil@taftlaw.com; nicholas.kajon@stevenslee.com; Barnes, Lauren (External); Fischer, Mark D . (External); roe@frazer.law; CMehri@findjustice.com; mpiers@hsplegal.com; jkarsh@findjustice.com; Shore, Chris (External); Shepherd, Michael (External); laura.femino@whitecase.com; alice.tsier@whitecase.com; Higgins, Sean (External); michele.meises@whitecase.com; Fogelman, Lawrence (USANYS); Aronoff, Peter (USANYS); Levine, Danielle (USANYS); jwstahl@debevoise.com; mkmonaghan@debevoise.com; jball@debevoise.com; kfell@milbank.com; alees@milbank.com; guzzi@milbank.com; mleventhal@jhany.com; btaylor@jhany.com; Gold, Matthew (External); bedmunds@oag.state.md.us; stonnesen@oag.state.md.us; aunderwood@litedepalma.com; Kaminetzky, Benjamin S.; Eric B. Fisher; Vonnegut, Eli J.; McClammy, James I.; Tobak, Marc J.; McCarthy, Gerard; Cardillo, Garrett; Stefanik, Sean; Consla, Dylan A.; Robertson, Christopher; Benedict, Kathryn S.; Andrews, Anne (External) |
| **Subject:** | [EXTERNAL] Re: In re: Purdue Pharma L.P. et al., No. 19-23649 (Bankr. S.D.N.Y.) |
| **Date:** | Friday, September 17, 2021 4:15:59 PM |

As the UST knows (as we have been emailing during the day), we very strongly disagree with their below description of the facts as to their attempts to meet and confer with both the debtors and the UCC (as to whom they seemingly made no attempt at all).

I do not think that it would be seemly or otherwise make sense for us to set forth our disagreements in a further email to 55 parties.

We would be honored to participate in a chambers conference, as I believe we stated in our email to the Court.

**Marshall S. Huebner**

**Davis Polk & Wardwell LLP**
450 Lexington Avenue | New York, NY 10017
+1 212 450 4099
marshall.huebner@davispolk.com

Confidentiality Note: This email is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure. Unauthorized use, dissemination, distribution or copying of this email or the information herein or taking any action in reliance on the contents of this email or the information herein, by anyone other than the intended recipient, or an employee or agent responsible for delivering the message to the intended recipient, is strictly prohibited. If you have received this email in error, please notify the sender immediately and destroy the original message, any attachments thereto and all copies. Please refer to the firm's Privacy Notice for important information on how we process personal data. Our website is at www.davispolk.com.

On Sep 17, 2021, at 4:04 PM, Schwartzberg, Paul (USTP) <Paul.Schwartzberg@usdoj.gov> wrote:

Dear Your Honor and Chambers,

The U.S. Trustee does not agree with the characterizations of Debtors' counsel and asks the Court to schedule a hearing on the motion to stay on an expedited basis or, alternatively, convene a status conference on the record to discuss scheduling. To ensure transparency for all the case's stakeholders, we will later share on the record

the facts recited here.

The U.S. Trustee did confer with the Debtors multiple times to reach an agreement on an expedited hearing schedule, and Debtors stated that they opposed having an expedited schedule.

Two weeks ago on September 1, 2021, counsel for the U.S. Trustee announced on the record at the conclusion of the confirmation hearing that we would be filing a motion for stay.  A week prior to making such announcement, we reached out to Debtors' counsel on two occasions, August 19, 2021, and August 26, 2021, to discuss our potential filing and our desire to schedule the same on an expedited basis.  On those occasions, counsel refused to discuss scheduling a stay motion because it was premature.

After the United States Trustee's announcement he would seek a stay, we reached out to counsel again on September 2, 2021, to discuss scheduling.  Counsel advised us that the Debtors were opposed to an expedited schedule.

Thereafter, the Debtors proceeded with the Advance Funding Motion despite the fact that the confirmation order had not been entered.  The Court entered the order approving the Advanced Funding Motion on Wednesday, September 15, 2021.

Despite Debtors' previous statement that they opposed a motion to expedite, we continued trying to confer with Debtors.  Before filing, we emailed counsel on the morning of Wednesday, September 15, 2021, to discuss scheduling and counsel responded that he and his team were too busy for a phone call.

Even after filing the motion to shorten time, we intentionally did not submit a proposed order shortening time to Chambers or request a date from Chambers, so that we could try one last time to confer with the Debtors.  We emailed counsel this morning to again attempt to confer before contacting Chambers.

The Advance Funding Order, by its own terms, is immediately effective upon entry. Additionally, despite the Debtors' repeated references to the delay between confirmation and the effective date, the proposed Confirmation Order grants broad authority to the Debtors "to take all actions as may be necessary or appropriate to effect any transaction described in, approved by, contemplated by, or necessary to effectuate the Plan." ECF No. 3708-1 at ¶ 8.

We are acting diligently in an attempt to preserve the status quo.  This Court has previously entertained expedited motion practice on a potential stay of confirmation of a plan.  *See, e.g.*, In re MPM Silicones, LLC, et al., Case No. 14-25503, ECF No. 1036, (Bankr. S.D.N.Y. Sep. 17, 2014) (Court holding hearing on motion to stay confirmation after issuing a bench ruling but before entering the confirmation order).  At the most recent hearing on September 13, 2021, the Court stated that every appellant should be

moving for expedited review. September 13, 2021 Tr. at 29: 11-13.
Accordingly, the United States Trustee respectfully requests that the Court schedule a hearing on the motion to stay on an expedited basis, or, alternatively, convene a status conference on the record to discuss scheduling.

Respectfully,

Paul Schwartzberg

---

**From:** Preis, Arik <apreis@akingump.com>
**Sent:** Friday, September 17, 2021 2:04 PM
**To:** Huebner, Marshall S. <marshall.huebner@davispolk.com>; 'rdd.chambers@nysb.uscourts.gov' <rdd.chambers@nysb.uscourts.gov>
**Cc:** Schwartzberg, Paul (USTP) <Paul.Schwartzberg@usdoj.gov>; Higgins, Benjamin J. (USTP) <Benjamin.J.Higgins@usdoj.gov>; PURDUE UCC APPEAL TEAM <PURDUEUCCAPPEALTEAM@akingump.com>; Hurley, Mitchell <mhurley@AkinGump.com>; Brauner, Sara <sbrauner@akingump.com>; keckstein@kramerlevin.com; rringer@kramerlevin.com; Dblabey@kramerlevin.com; 'kmaclay@capdale.com' <kmaclay@capdale.com>; 'sbickford@mbfirm.com' <sbickford@mbfirm.com>; 'hisrael@lplegal.com' <hisrael@lplegal.com>; Barrett, Don (External) <donbarrettpa@gmail.com>; 'smm@cliffordlaw.com' <smm@cliffordlaw.com>; 'moneil@taftlaw.com' <moneil@taftlaw.com>; 'nicholas.kajon@stevenslee.com' <nicholas.kajon@stevenslee.com>; Barnes, Lauren (External) <lauren@hbsslaw.com>; Fischer, Mark D . (External) <mdf@rawlingsandassociates.com>; 'roe@frazer.law' <roe@frazer.law>; 'CMehri@findjustice.com' <CMehri@findjustice.com>; 'MPiers@hsplegal.com' <MPiers@hsplegal.com>; 'JKarsh@findjustice.com' <JKarsh@findjustice.com>; Shore, Chris (External) <cshore@whitecase.com>; Shepherd, Michael (External) <mshepherd@whitecase.com>; 'laura.femino@whitecase.com' <laura.femino@whitecase.com>; 'alice.tsier@whitecase.com' <alice.tsier@whitecase.com>; Higgins, Sean (External) <shiggins@andrewsthornton.com>; 'michele.meises@whitecase.com' <michele.meises@whitecase.com>; Fogelman, Lawrence (USANYS) <LFogelman@usa.doj.gov>; Aronoff, Peter (USANYS) <PAronoff@usa.doj.gov>; Levine, Danielle (USANYS) <DLevine@usa.doj.gov>; 'jwstahl@debevoise.com' <jwstahl@debevoise.com>; mkmonaghan@debevoise.com; 'jball@debevoise.com' <jball@debevoise.com>; 'kfell@milbank.com' <kfell@milbank.com>; 'ALees@milbank.com' <ALees@milbank.com>; guzzi@milbank.com; 'mleventhal@JHANY.COM' <mleventhal@JHANY.COM>; 'btaylor@JHANY.COM' <btaylor@JHANY.COM>; Gold, Matthew (External) <mgold@kkwc.com>; bedmunds@oag.state.md.us; 'stonnesen@oag.state.md.us' <stonnesen@oag.state.md.us>; 'aunderwood@litedepalma.com' <aunderwood@litedepalma.com>; ben.kaminetzky@davispolk.com; Eric B. Fisher <efisher@binderschwartz.com>; eli.vonnegut@davispolk.com;

james.mcclammy@davispolk.com; marc.tobak@davispolk.com; gerard.mccarthy@davispolk.com; garrett.cardillo@davispolk.com; sean.stefanik@davispolk.com; dylan.consla@davispolk.com; christopher.robertson@davispolk.com; kathryn.benedict@davispolk.com; Andrews, Anne (External) <aa@andrewsthornton.com>
**Subject:** [EXTERNAL] In re: Purdue Pharma L.P. et al., No. 19-23649 (Bankr. S.D.N.Y.)

Dear Judge Drain:

I apologize for the multiple e mails on this subject, but we noticed that a few people (on the creditor/debtor side only) were inadvertently omitted from the original email from the Debtors, so I am re-sending this now with a more complete email chain (which we would ask that your Honor use).

Thank you, and apologies,

Arik


Arik Preis
Akin Gump Strauss Hauer & Feld
One Bryant Park
NY, NY  10036
Office: 212-872-7418
Cell: 646-483-2957
apreis@akingump.com


---

**From:** Huebner, Marshall S. <marshall.huebner@davispolk.com>
**Sent:** Friday, September 17, 2021 12:41 PM
**To:** 'rdd.chambers@nysb.uscourts.gov' <rdd.chambers@nysb.uscourts.gov>
**Cc:** 'Paul.Schwartzberg@usdoj.gov' <Paul.Schwartzberg@usdoj.gov>; 'Benjamin.J.Higgins@usdoj.gov' <Benjamin.J.Higgins@usdoj.gov>; Preis, Arik <apreis@akingump.com>; PURDUE UCC APPEAL TEAM <PURDUEUCCAPPEALTEAM@akingump.com>; Hurley, Mitchell <mhurley@AkinGump.com>; Brauner, Sara <sbrauner@akingump.com>; keckstein@kramerlevin.com; rringer@kramerlevin.com; Dblabey@kramerlevin.com; 'kmaclay@capdale.com' <kmaclay@capdale.com>; 'sbickford@mbfirm.com' <sbickford@mbfirm.com>; 'hisrael@lplegal.com' <hisrael@lplegal.com>; Barrett, Don (External) <donbarrettpa@gmail.com>; 'smm@cliffordlaw.com' <smm@cliffordlaw.com>; 'moneil@taftlaw.com' <moneil@taftlaw.com>; 'nicholas.kajon@stevenslee.com' <nicholas.kajon@stevenslee.com>; Barnes, Lauren (External) <lauren@hbsslaw.com>; Fischer, Mark D . (External)

<mdf@rawlingsandassociates.com>; 'roe@frazer.law' <roe@frazer.law>; 'CMehri@findjustice.com' <CMehri@findjustice.com>; 'MPiers@hsplegal.com' <MPiers@hsplegal.com>; 'JKarsh@findjustice.com' <JKarsh@findjustice.com>; Shore, Chris (External) <cshore@whitecase.com>; Shepherd, Michael (External) <mshepherd@whitecase.com>; 'laura.femino@whitecase.com' <laura.femino@whitecase.com>; 'alice.tsier@whitecase.com' <alice.tsier@whitecase.com>; Higgins, Sean (External) <shiggins@andrewsthornton.com>; 'michele.meises@whitecase.com' <michele.meises@whitecase.com>; 'Lawrence.Fogelman@usdoj.gov' <Lawrence.Fogelman@usdoj.gov>; 'Peter.Aronoff@usdoj.gov' <Peter.Aronoff@usdoj.gov>; 'Danielle.Levine@usdoj.gov' <Danielle.Levine@usdoj.gov>; 'jwstahl@debevoise.com' <jwstahl@debevoise.com>; mkmonaghan@debevoise.com; 'jball@debevoise.com' <jball@debevoise.com>; 'kfell@milbank.com' <kfell@milbank.com>; 'ALees@milbank.com' <ALees@milbank.com>; guzzi@milbank.com; 'mleventhal@JHANY.COM' <mleventhal@JHANY.COM>; 'btaylor@JHANY.COM' <btaylor@JHANY.COM>; Gold, Matthew (External) <mgold@kkwc.com>; bedmunds@oag.state.md.us; 'stonnesen@oag.state.md.us' <stonnesen@oag.state.md.us>; 'aunderwood@litedepalma.com' <aunderwood@litedepalma.com>
**Subject:** SUPERURGENT.. PLEASE READ IMMEDIATELY

**\*\*EXTERNAL Email\*\***

# PLEASE DELETE MY 12:31 EMAIL WHICH CONTAINS MANY INTERNAL PRIVILEGED COMMUNICATIONS AND USE THIS ONE INSTEAD.  Sorry and thanks.

**Marshall S. Huebner**

+1 212 450 4099 office
marshall.huebner@davispolk.com

**Davis Polk & Wardwell** LLP
Confidentiality Note: This email is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure. Unauthorized use, dissemination, distribution or copying of this email or the information herein or taking any action in reliance on the contents of this email or the information herein, by anyone other than the intended recipient, or an employee or agent responsible for delivering the message to the intended recipient, is strictly prohibited. If you have received this email in error, please notify the sender immediately and destroy the original message, any attachments thereto and all copies. Please refer to the firm's Privacy Notice for important information on how we process personal data. Our website is at davispolk.com.

**From:** Huebner, Marshall S.
**Sent:** Friday, September 17, 2021 12:31 PM
**To:** 'rdd.chambers@nysb.uscourts.gov' <rdd.chambers@nysb.uscourts.gov>

**Cc:** 'Paul.Schwartzberg@usdoj.gov' <Paul.Schwartzberg@usdoj.gov>; 'Benjamin.J.Higgins@usdoj.gov' <Benjamin.J.Higgins@usdoj.gov>; 'apreis@akingump.com' <apreis@akingump.com>; 'PURDUEUCCAPPEALTEAM@akingump.com' <PURDUEUCCAPPEALTEAM@akingump.com>; 'mhurley@AkinGump.com' <mhurley@AkinGump.com>; 'sbrauner@akingump.com' <sbrauner@akingump.com>; keckstein@kramerlevin.com; rringer@kramerlevin.com; Dblabey@kramerlevin.com; 'kmaclay@capdale.com' <kmaclay@capdale.com>; 'sbickford@mbfirm.com' <sbickford@mbfirm.com>; 'hisrael@lplegal.com' <hisrael@lplegal.com>; 'donbarrettpa@gmail.com' <donbarrettpa@gmail.com>; 'smm@cliffordlaw.com' <smm@cliffordlaw.com>; 'moneil@taftlaw.com' <moneil@taftlaw.com>; 'nicholas.kajon@stevenslee.com' <nicholas.kajon@stevenslee.com>; 'lauren@hbsslaw.com' <lauren@hbsslaw.com>; 'mdf@rawlingsandassociates.com' <mdf@rawlingsandassociates.com>; 'roe@frazer.law' <roe@frazer.law>; 'CMehri@findjustice.com' <CMehri@findjustice.com>; 'MPiers@hsplegal.com' <MPiers@hsplegal.com>; 'JKarsh@findjustice.com' <JKarsh@findjustice.com>; 'cshore@whitecase.com' <cshore@whitecase.com>; 'mshepherd@whitecase.com' <mshepherd@whitecase.com>; 'laura.femino@whitecase.com' <laura.femino@whitecase.com>; 'alice.tsier@whitecase.com' <alice.tsier@whitecase.com>; 'shiggins@andrewsthornton.com' <shiggins@andrewsthornton.com>; 'michele.meises@whitecase.com' <michele.meises@whitecase.com>; 'Lawrence.Fogelman@usdoj.gov' <Lawrence.Fogelman@usdoj.gov>; 'Peter.Aronoff@usdoj.gov' <Peter.Aronoff@usdoj.gov>; 'Danielle.Levine@usdoj.gov' <Danielle.Levine@usdoj.gov>; 'jwstahl@debevoise.com' <jwstahl@debevoise.com>; mkmonaghan@debevoise.com; 'jball@debevoise.com' <jball@debevoise.com>; 'kfell@milbank.com' <kfell@milbank.com>; 'ALees@milbank.com' <ALees@milbank.com>; guzzi@milbank.com; 'mleventhal@JHANY.COM' <mleventhal@JHANY.COM>; 'btaylor@JHANY.COM' <btaylor@JHANY.COM>; 'mgold@kkwc.com' <mgold@kkwc.com>; bedmunds@oag.state.md.us; 'stonnesen@oag.state.md.us' <stonnesen@oag.state.md.us>; 'aunderwood@litedepalma.com' <aunderwood@litedepalma.com>
**Subject:** Guidance needed re UST Motion to Shorten Time
**Importance:** High

Dear Your Honor and Chambers,

On the evening of September 15, the U.S. Trustee filed a motion to stay the as-yet-unentered confirmation order and the advance funding order pending its appeals of the same. The U.S. Trustee also filed a companion motion to shorten notice for a hearing on its stay motion to no more than fourteen days (i.e. September 29).

There is, quite simply, no emergency here and no basis for the U.S. Trustee to seek a hearing on its motion to stay on such an expedited basis. It is well-known to all parties, including the U.S. Trustee, and has been discussed at multiple hearings, including most

recently only four days ago (and two days before their emergency motion), that the Debtors cannot and will not emerge from chapter 11 in September or October because of the **settlement with the Department of Justice itself** – which of course is exceedingly public and was the subject of its own hearing back in November 2020. And with respect to the advance funding order, all creditor groups (with the sole exception of the NCSG who had not yet received direction and is split as to confirmation), and both sides of the Sackler families, had and have affirmatively agreed not to argue that any actions under the order could constitute or contribute to an argument for equitable mootness. Moreover, the order itself specifically provides that "the fact of such Proposed Advances having been paid prior to the Effective Date of the Plan shall not support any argument that any such appeals are equitably moot." (Dkt. 3773 at ¶ 12.)

This fictitious emergency is particularly inappropriate here, in a case of such public importance, where there are many creditor constituencies who have a deep and critical interest in, and will likely want to weigh in on the question of whether there will continue to be progress towards distributing billions of dollars of funds to abate the opioid crisis across the nation and hundreds of millions of dollars of funds to personal injury creditors, or whether that progress will be halted, and funds held up, and costs materially increased by, a stay. The U.S. Trustee is well aware of the strongly held views of these many creditor constituencies. Yet, no account was made for their interests, and it seems the U.S. Trustee reached did not reach out to any creditor party before filing its emergency motion to stay.

Moreover, the U.S. Trustee utterly failed to comply with its obligations under the Case Management Order in these cases to discuss the schedule for this emergency motion with the Debtors and the UCC, or to seek a Chambers conference in relation to the schedule for the instant emergency motion. (Dkt. 498 at ¶ 20). Indeed, the U.S. Trustee failed to contact the UCC at any time about this emergency motion – and indeed, has only ever spoken to the UCC about the Trust Advances Motion at the request of the UCC. And while the U.S. Trustee states in its brief that it reached out to the Debtors regarding a potential emergency motion twice in late August and once on September 2, the U.S. Trustee fails to mention that such discussions were with respect to a schedule targeted at a different emergency motion altogether – a motion to stay the confirmation order that would have been heard at the September 13 omnibus hearing. The Debtors subsequently heard nothing further regarding the scheduling of any emergency motion until 9:58 a.m. on September 15, when the U.S. Trustee emailed asking to discuss scheduling in anticipation of the entry of the advanced funding order and, tangentially, the confirmation order. The Debtors swiftly replied at 11:08 a.m. and asked the U.S. Trustee to suggest some windows that would work on Friday, September 17, on account of the intervening Yom Kippur holiday. The Debtors received no response. Instead, barely an hour into the Yom Kippur holiday, when the U.S. Trustee must have known that many lawyers involved in these proceedings would be unreachable, the U.S. Trustee filed its motions to stay and to shorten notice. Had the U.S. Trustee complied with the Case Management Order, the Debtors and the UCC

would have advised them, as the Debtors did even before the Court gave its oral ruling on plan confirmation, that there is simply no emergency that necessitates a hearing on short notice, or the attendant high-speed briefing on issues of great import to many parties.  The U.S. Trustee's suggestion that appropriate and required discussions occurred with respect to the instant motion is misleading at best.

The Debtors, accordingly, hereby request that the Court notice the hearing on the U.S. Trustee's motion to stay for the October 14 omnibus hearing date.  **The UCC, the AHC, the MSGE, the Native American Tribes, the Public School Districts, the ad hoc PI group, the NAS Group, the Hospitals, the TPPs and the Ratepayers, all of whom are copied hereon, join in this request.**

In order to avoid the unnecessary drain on the estate's resources were the Debtors and many other parties to have to prepare for the possibility of an imminent hearing on an unnecessary timetable, the Debtors ask the Court to provide guidance regarding scheduling at the Court's earliest convenience.  The Debtors are of course available should the Court wish to discuss at a Chambers conference, or to answer any questions the Court may have.

For the avoidance of doubt, this request does not preview or prejudice any party's ultimate position on whether any appeal should be expedited or not, or on other important issues relating to the appeal that each party will address at the appropriate time.

We have also copied several other parties that we believe are interested in these matters.

Respectfully,
Marshall S. Huebner

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.