Presentment Date and Time: October 19, 2021, at 10:00 a.m. (prevailing Eastern Time)
Objection Date and Time: October 12, 2021, at 4:00 p.m. (prevailing Eastern Time)

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut
Christopher S. Robertson

*Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (RDD)** |
| **Debtors.**[1] | **(Jointly Administered)** |

**NOTICE OF PRESENTMENT OF MOTION FOR ENTRY OF ORDER PURSUANT TO
11 U.S.C. §§ 105(A), 107(B) AND FED. R. BANKR. P. 9018 AUTHORIZING THE
FILING OF CERTAIN INFORMATION AND EXHIBITS UNDER SEAL IN
CONNECTION WITH THE MOTION OF THE DEBTORS FOR ENTRY OF AN
ORDER (I) AUTHORIZING THE SALE OF CERTAIN ONCOLOGY-RELATED
ASSETS TO CELLACT PHARMA GMBH FREE AND CLEAR OF LIENS,
CLAIMS, INTERESTS AND ENCUMBRANCES, (II) AUTHORIZING THE
DEBTORS TO ENTER INTO AND PERFORM THEIR OBLIGATIONS
<u>UNDER THE APA AND (III) GRANTING RELATED RELIEF</u>**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

**PLEASE TAKE NOTICE** that on September 28, 2021, the above-captioned debtors and debtors in possession in these proceedings (collectively, the "**Debtors**") filed the annexed *Motion for Entry of Order Pursuant to 11 U.S.C. §§ 105(a), 107(b) and Fed. R. Bankr. P. 9018 Authorizing the Filing of Certain Information and Exhibits under Seal in Connection with the Motion of the Debtors for Entry of an Order (I) Authorizing the Sale of Certain Oncology-Related Assets to CellAct Pharma GmbH Free and Clear of Liens, Claims, Interests and Encumbrances, (II) Authorizing the Debtors to Enter Into and Perform Their Obligations Under the APA and (III) Granting Related Relief* (the "**Motion**").

**PLEASE TAKE FURTHER NOTICE** that, unless a written objection to the Motion is served and filed with proof of service with the Clerk of the Court, and a courtesy copy delivered to the undersigned and to chambers of the Honorable Robert D. Drain, so as to be received by **October 12, 2021 at 4:00 p.m. (prevailing Eastern Time)**, there will not be a hearing to consider such Motion, and an order, substantially in the form attached to the Motion as **Exhibit A** (the "**Proposed Order**"), will be presented for signature by the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, at the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601 (the "**Bankruptcy Court**"), on **October 19, 2021 at 10:00 a.m. (prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that, if a written objection is timely filed and served with respect to the Motion, a hearing (the "**Hearing**") will be held to consider the Motion and Proposed Order before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court, 300 Quarropas Street, White Plains, New York 10601, on a date to be announced; *provided* that, pursuant to General Order M-543, dated March 20, 2020

(Morris, C.J.) ("**General Order M-543**"), such Hearing shall be conducted **via Zoom for Government**® so long as General Order M-543 is in effect or unless otherwise ordered by the Bankruptcy Court.[2]

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted upon default; *provided* that objecting parties shall attend the Hearing via Zoom for Government so long as General Order M-543 is in effect or unless otherwise ordered by the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion may be obtained free of charge by visiting the website of Prime Clerk LLC at https://restructuring.primeclerk.com/purduepharma. You may also obtain copies of any pleadings by visiting the Bankruptcy Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

[*Remainder of Page Intentionally Left Blank*]

---

[2] A copy of General Order M-543 can be obtained by visiting https://www.nysb.uscourts.gov/news/general-order-m-543-court-operations-under-exigent-circumstances-created-covid-19.

Dated: September 28, 2021
       New York, New York

                            DAVIS POLK & WARDWELL LLP

                            By: */s/ Eli J. Vonnegut*

450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut
Christopher S. Robertson

*Counsel to the Debtors*
*and Debtors in Possession*

4

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut
Christopher S. Robertson

*Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.**, *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

**MOTION FOR ENTRY OF ORDER PURSUANT TO 11 U.S.C. §§ 105(A), 107(B) AND FED. R. BANKR. P. 9018 AUTHORIZING THE FILING OF CERTAIN INFORMATION AND EXHIBITS UNDER SEAL IN CONNECTION WITH THE MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER (I) AUTHORIZING THE SALE OF CERTAIN ONCOLOGY-RELATED ASSETS TO CELLACT PHARMA GMBH FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES, (II) AUTHORIZING THE DEBTORS TO ENTER INTO AND PERFORM THEIR OBLIGATIONS UNDER THE APA AND (III) GRANTING RELATED RELIEF**

Purdue Pharma L.P. ("**Purdue**") and its affiliates that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**") hereby file this *Motion for Entry of Order*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

*Pursuant to 11 U.S.C. §§ 105(a), 107(b) and Fed. R. Bankr. P. 9018 Authorizing the Filing of Certain Information and Exhibits under Seal in Connection with the Motion of the Debtors for Entry of an Order (I) Authorizing the Sale of Certain Oncology-Related Assets to CellAct Pharma GmbH Free and Clear of Liens, Claims, Interests and Encumbrances, (II) Authorizing the Debtors to Enter Into and Perform Their Obligations Under the APA and (III) Granting Related Relief* (this "**Motion to Seal**") pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Bankruptcy Rule 9018-1 seeking entry of an order, in the form attached hereto as **Exhibit A**, for the purpose of redacting and filing under seal certain portions of their forthcoming *Motion of the Debtors for Entry of an Order (I) Authorizing the Sale of Certain Oncology-Related Assets to CellAct Pharma GmbH Free and Clear of Liens, Claims, Interests and Encumbrances, (II) Authorizing the Debtors to Enter Into and Perform Their Obligations Under the APA and (III) Granting Related Relief* (the "**Sale Motion**"),[2] including the asset purchase agreement attached as **Exhibit B** thereto (as amended from time to time, including all schedules and exhibits, the "**APA**").

**Relief Requested**

1.  By this Motion to Seal, the Debtors request the entry of an order, pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Bankruptcy Rule 9018-1, authorizing the Debtors to file under seal certain information and exhibits containing confidential information and directing that such information and exhibits remain under seal, remain confidential and not be made available to any third party absent authorization under an order from the Court. In accordance with the Local Bankruptcy Rules and Chambers Rules, the

---

[2] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to such term in the Sale Motion.

2

Debtors shall provide an un-redacted copy of the Sale Motion and the exhibits they seek to seal to the Court and Clerk of Court.

2.      The Debtors have provided un-redacted copies of the Sale Motion and APA, along with a summary of the APA's key terms and additional supporting information, to the Official Committee of Unsecured Creditors (the "**Committee**"), the Ad Hoc Committee of Governmental and Other Contingent Litigation Claimants, the Multi-State Governmental Entities Group and the Ad Hoc Group of Non-Consenting States, subject to the *Third Amended Protective Order* [ECF No. 1935] (the "**Protective Order**").  The Debtors will continue to engage with these constituencies and will provide un-redacted copies of the Sale Motion and APA, together with additional supporting information, to the advisors of other stakeholders at their request, subject to the Protective Order.  The Debtors have also provided un-redacted copies of the Sale Motion and APA to the United States Trustee for the Southern District of New York (the "**U.S. Trustee**"), and the Debtors will engage with the U.S. Trustee to address any requests for information that the U.S. Trustee may have.

### Jurisdiction and Venue

3.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicate for the relief requested herein is sections 105(a) and 107(b) of the Bankruptcy Code.  Relief is also warranted under Bankruptcy Rule 9018.

### General Background

4.      On September 15, 2019 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**"). The Debtors are authorized to operate their businesses and manage their properties as debtors in

possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On September 27, 2019, the U.S. Trustee appointed the Committee.

5. Information about the Debtors' businesses and the events leading up to the Petition Date can be found in the *Debtors' Informational Brief* filed on September 16, 2019 [ECF No. 17].

6. The Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) and the *Order Directing Joint Administration of Chapter 11 Cases* [ECF No. 59] entered by the Court on September 18, 2019 in each of the Chapter 11 Cases.

## Relief Requested and Reasons Therefor

7. Bankruptcy Code section 107(b) provides bankruptcy courts with the power to issue orders that will protect entities from the potential harm resulting from the disclosure of confidential or sensitive information. Specifically, section 107(b) provides that upon the "request of a party in interest," the Court shall "protect an entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b)(1). Bankruptcy Code section 105(a) permits the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code. 11 U.S.C. § 105(a).

8. Bankruptcy Rule 9018 sets forth the procedure by which a party may move for relief under section 107(b). In particular, Bankruptcy Rule 9018 states that the Court "may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018. Local Bankruptcy Rule 9018-1 sets out a procedure for obtaining a sealing order by filing a motion to seal. L. Bankr. R. 9018-1.

9. Based upon these provisions, bankruptcy courts have restricted access to filed documents where parties have demonstrated good cause. *See, e.g.*, *In re MF Glob. Inc.*, No. 11-2790 (MG) SIPA, 2012 WL 3260393, at *3 (Bankr. S.D.N.Y. Aug. 8, 2012) (granting SIPA

trustee's motion to file exhibit to a settlement agreement under seal); *In re Borders Grp., Inc.*, 462 B.R. 42, 48 (Bankr. S.D.N.Y. 2011) (granting debtors' motion to file a share purchase agreement under seal); *In re 1031 Tax Grp., LLC*, No. 07-11448 (MG), 2007 WL 1836525, at *3 (Bankr. S.D.N.Y. June 22, 2007) (granting non-debtor's motion to file exhibit to stipulation and order under seal); *In re Glob. Crossing Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003) (noting that the purpose of Bankruptcy Rule 9018 is to protect entities "from disclosure of information that could reasonably be expected to cause the entity commercial injury").

10.  Whether a document falls within the scope of section 107(b) is ultimately the Court's decision. *In re Barney's, Inc.*, 201 B.R. 703, 707 (Bankr. S.D.N.Y. 1996). Once the Court determines, however, that a party in interest is seeking protection of information that falls within one of the categories protected by section 107(b), "the court is *required* to protect a requesting interested party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994) (emphasis in original).

11.  Commercial information protected by section 107(b) includes "information which would cause an unfair advantage to competitors by providing them information as to the commercial operations of the debtor." *Id.* (quotation omitted). Courts have recognized that the term "commercial information" is broad, including information that could "have a chilling effect on negotiations, ultimately affecting the viability of [the] Debtors." *In re Lomas Fin. Corp.*, No. 90 Civ. 7827 (LLS), 1991 WL 21231, at *2 (S.D.N.Y. Feb. 11, 1991); *accord Barney's*, 201 B.R. at 708. Commercial information need not be equivalent to a trade secret to be protected. *Orion Pictures*, 21 F.3d at 28; *see also Borders Grp.*, 462 B.R. at 47 ("Commercial information need not rise to the level of a trade secret to qualify for protection under section 107(b).").

5

12. Sufficient cause exists for the Court to grant the relief requested. The Sale Motion and APA describe a commercial opportunity in which the Debtors will sell to CellAct Pharma GmbH ("**CellAct**") certain oncology-related assets that they have decided to no longer develop. These documents contain confidential commercial information, including purchase price and future royalty terms, confidential information regarding specific patents and other intellectual property and other commercially sensitive terms. Disclosure of such information would be highly detrimental to the parties and potentially extremely valuable to competitors, who could seek to use such information to gain a competitive advantage against the Debtors and/or CellAct or otherwise take actions which could impair the value of the assets being sold. Disclosure of the royalty term under the APA, for instance, would provide competitors with valuable confidential information regarding the intellectual property to be developed by CellAct and could also substantially impair both parties' ability to negotiate more favorable economic terms in similar future agreements. Agreements of a similar nature to the APA are therefore rarely disclosed to the public or made available to competitors. The Debtors seek to keep this information under seal in order to prevent the deleterious effects of disclosure.

13. The Debtors therefore respectfully request that the Court, pursuant to section 107(b) of the Bankruptcy Code, authorize the Debtors to redact commercially sensitive terms in the APA, the Sale Motion and any replies filed in support thereof because of the harm that would occur if the commercially sensitive and confidential information contained in the APA became public information.

## Notice

14. Bankruptcy Rule 9018 authorizes the Court, "with or without notice," to "make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018.

6

15. No prior request for the relief sought herein has been made by the Debtors to this or any other court.

## Conclusion

16. For the foregoing reasons, the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

[*Remainder of Page Intentionally Left Blank*]

Dated: September 28, 2021
      New York, New York

                                     DAVIS POLK & WARDWELL LLP

                                     By: *Eli J. Vonnegut*

450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut
Christopher S. Robertson

*Counsel to the Debtors
and Debtors in Possession*

8

# Exhibit A

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>**PURDUE PHARMA L.P.**, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 19-23649 (RDD)<br><br>(Jointly Administered) |

**ORDER GRANTING MOTION FOR ENTRY OF ORDER PURSUANT TO 11 U.S.C. §§ 105(A), 107(B) AND FED. R. BANKR. P. 9018 AUTHORIZING THE FILING OF CERTAIN INFORMATION AND EXHIBITS UNDER SEAL IN CONNECTION WITH THE MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER (I) AUTHORIZING THE SALE OF CERTAIN ONCOLOGY-RELATED ASSETS TO CELLACT PHARMA GMBH FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES, (II) AUTHORIZING THE DEBTORS TO ENTER INTO AND PERFORM THEIR OBLIGATIONS <u>UNDER THE APA AND (III) GRANTING RELATED RELIEF</u>**

Upon the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for entry of an order (this "**Order**"), pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Bankruptcy Rule 9018-1, authorizing the Debtors to file under seal the Sale Motion, including the exhibits attached thereto, and to file a redacted version of such documents on the public docket of these Chapter 11 Cases, and for related relief, all as described in the Motion; and the Court having jurisdiction to consider

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to such term in the Motion.

the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)–(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and no other or further notice of the Motion being required; and, after due deliberation, the Court having determined that the legal and factual bases set forth in the Motion establish good and sufficient cause for the relief granted herein, in that the proposed redacted information constitutes commercial information properly protected under 11 U.S.C. § 107(b) on the terms of this Order; and such relief being in the best interests of the Debtors, their estates, their creditors and all parties in interest; now, therefore,

**IT IS HEREBY ORDERED THAT**:

1. The Motion is hereby granted as set forth herein.

2. Pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Bankruptcy Rule 9018-1, the Debtors are authorized to file to the public docket of these Chapter 11 Cases the redacted Sale Motion and exhibits thereto, including a redacted form of the APA and any exhibits and schedules thereto, as set forth in the versions submitted to the Court in connection with the Motion (the "**Redacted Documents**").

3. The Debtors are authorized to file the un-redacted Sale Motion and exhibits thereto, including an un-redacted form of the APA and any exhibits and schedules thereto (the "**Sealed Documents**"), under seal by providing the Sealed Documents, with a copy of this Order, to the Clerk of Court, Attn: Mimi Correa, in an envelope, either paper or electronic, prominently marked TO BE FILED UNDER SEAL.  The Sealed Documents shall remain under seal unless otherwise ordered by the Court or disclosed in accordance with the procedures outlined in the Protective

Order or as agreed to by the Debtors and CellAct under appropriate confidentiality agreements satisfactory to the Debtors and CellAct.

4. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

5. Entry of this Order is without prejudice to the rights of any party in interest in the Chapter 11 Cases or the U.S. Trustee to seek an order of this Court unsealing all or part of the Redacted Documents or the Sealed Documents.

6. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

7. Counsel for the Debtors shall contact the Clerk's Office regarding the return or other disposition of the Sealed Documents within ten (10) days after the determination by final order of the Sale Motion. If the Debtors fail to do so, the Clerk of Court is authorized to destroy the Sealed Documents.

White Plains, New York
Dated: _____, 2021

                                                                                                _____
                                                                                                THE HONORABLE ROBERT D. DRAIN
                                                                                                UNITED STATES BANKRUPTCY JUDGE