DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut
Christopher S. Robertson

*Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.,** *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

### DECLARATION OF JON LOWNE IN SUPPORT OF THE MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER (I) AUTHORIZING THE SALE OF CERTAIN ONCOLOGY-RELATED ASSETS TO CELLACT PHARMA GMBH FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES, (II) AUTHORIZING THE DEBTORS TO ENTER INTO AND PERFORM THEIR OBLIGATIONS UNDER THE APA AND (III) GRANTING RELATED RELIEF

I, Jon Lowne, being fully sworn, hereby declare that the following is true to the best of my knowledge, information and belief:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

1. I am an Executive Vice President and the Chief Financial Officer of Purdue Pharma L.P. ("**PPLP**" and, collectively with each of the other above-captioned debtors, the "**Debtors**," the "**Company**" or "**Purdue**"). I was first employed by Purdue as Senior Internal Auditor in 1995 and gained increasing responsibility in the Company's finance team over time, including as Controller from 2005 to July 2017, and then as Acting Chief Financial Officer from August 2017 to February 2018. Since March 2018, I have been the Chief Financial Officer of PPLP. I am familiar with the day-to-day operations, business and financial affairs of the Debtors.

2. I submit this declaration (this "**Declaration**") in further support of the *Motion of the Debtors for Entry of an Order (I) Authorizing the Sale of Certain Oncology-Related Assets to CellAct Pharma GmbH Free and Clear of Liens, Claims, Interests and Encumbrances, (II) Authorizing the Debtors to Enter Into and Perform Their Obligations Under the APA and (III) Granting Related Relief* (the "**Motion**").[2] I am authorized to submit this Declaration on behalf of the Debtors.

3. Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge, my review of relevant documents, information provided to me by other employees of the Company or my opinion based upon experience, knowledge and information concerning the operations of the Debtors and the pharmaceutical industry as a whole. If called upon to testify, I would testify competently to the facts set forth in this Declaration.

## The 2017 Transaction

4. In 2017, Purdue and Mundipharma International Corporation Limited ("**MICL**"), through separate asset purchase agreements, acquired certain oncology-related assets, including rights to the active pharmaceutical ingredient CAP7.1 (the "**API**"), from CellAct (the "**Original**

---

[2] Capitalized terms used and not otherwise defined herein have the meanings ascribed to them in the Motion.

2

Transaction"). The API is a pro-drug of etoposide, a drug approved to treat certain cancers. These oncology-related assets were divided between MICL and Purdue, with the intent that Purdue would develop and bring to market a product containing the API in the United States, and MICL would develop and bring to market a product containing the API in other non-U.S. major markets. The Original Transaction included an assignment by CellAct to Purdue of an exclusive U.S. license agreement (the "**Charité License**") with Charité-Universitätsmedizin Berlin, which is the master licensor of the rights to develop the API. CellAct also made a separate non-U.S. assignment to MICL.

### The Proposed Sale

5.   In April 2020, Purdue and MICL made the decision to terminate the development of the API.

6.   After extensive arm's-length negotiations and good-faith efforts by all parties, on September 17, 2021, Purdue and CellAct executed the APA in contemplation of a private sale pursuant to which CellAct has agreed to acquire the Acquired Assets. As more fully described in Section 2.1 of the APA, the Acquired Assets consist of the rights to the API and rights under and obligations with respect to the Charité License.

7.   I believe that the Sale represents fair value and the highest or otherwise best transaction involving the Acquired Assets available to the Debtors and their estates, as it provides a greater value than would likely be available under any other alternative. Moreover, I believe CellAct is the only party that would be interested in acquiring the Acquired Assets. A court-supervised auction process would therefore only harm the Debtors' estates by creating considerable, unnecessary delay and additional expense with no commensurate benefit.

8.   I believe that the Sale will enable the Debtors to receive maximum value for the

Acquired Assets, which the Debtors have previously decided not to develop, and that the proposed Sale does not benefit any insider, nor does it unfairly favor any creditor or other party in interest.

9. I believe that negotiations over the Sale were conducted in good faith and at arm's length. To the best of my knowledge, information and belief, no party has engaged in any misconduct, fraud or collusion.

10. The Sale has received all requisite internal approvals.

11. Accordingly, the Sale is in the best interest of the Debtors, their estates and all parties in interest.

*[Remainder of Page Intentionally Left Blank]*

12. I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Executed:   September 28, 2021

By:   /s/ Jon Lowne
Jon Lowne
Executive Vice President and Chief Financial Officer