UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

|   |   |   |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| PURDUE PHARMA L.P., *et al.*, | : | Case No. 19-23649 (RDD) |
|  | : |  |
| Debtors.[1] | : | (Jointly Administered) |
|  | : |  |

---

### ORDER (I) AUTHORIZING THE DEBTORS TO FUND ESTABLISHMENT OF THE CREDITOR TRUSTS, THE MASTER DISBURSEMENT TRUST AND TOPCO, (II) DIRECTING PRIME CLERK LLC TO RELEASE CERTAIN PROTECTED INFORMATION, AND (III) GRANTING OTHER RELATED RELIEF

Upon the motion (the "Motion")[2] of Purdue Pharma L.P. and its affiliated debtors in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to 11 U.S.C. §§ 105(a) and 363(b), for an order (this "Order") (a) authorizing the Debtors to advance the Proposed Advances to the Creditor Trusts,[3] the Master Disbursement Trust and TopCo to be used according to the Proposed Budgets, (b) directing Prime Clerk, as the claims and noticing agent for the Debtors, to release the PI Data to the Proposed PI Trustee subject to the Protective Order, and (c) granting other related relief; and the Court having jurisdiction to decide the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

[3] For the avoidance of doubt, for the purposes of the Order, the terms "Creditor Trust" and "Creditor Trusts" shall not include the PI Futures Trust.

1334(b) and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Motion having been provided; such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and upon the limited objections to the Motion; and the Court having held a hearing to consider the relief requested in the Motion on September 13, 2021 (the "Hearing"); and upon the record of the Hearing, and upon all of the proceedings had before the Court; and after due deliberation and for the reasons stated by the Court in its bench ruling at the Hearing the Court having determined that the legal and factual bases set forth in the Motion establish good and sufficient cause for the relief granted herein, that the Motion is a proper exercise of the Debtors' business judgment, and that such relief and is in the best interests of the Debtors, their estates, their creditors and all parties in interest; now, therefore,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein, and the limited objections to the Motion are overruled, in part because of the Debtors' waiver at the Hearing of their right to argue that the grant of this Order and the implementation of the relief granted herein would render any appeal of the Court's confirmation of the Debtors' amended chapter 11 plan equitably moot.

2. The Debtors are authorized, but not directed, pursuant to section 363(b) of the Bankruptcy Code, to fund the NOAT Advance in the amount of $1,220,250 to be used substantially in accordance with the NOAT Advance Budget. The NOAT Advance shall be deducted from the Initial NOAT Distribution otherwise payable to NOAT on the Effective Date.

3. The Debtors are authorized, but not directed, pursuant to section 363(b) of the Bankruptcy Code, to fund the TAFT Advance in the amount of $256,750 to be used substantially in accordance with the TAFT Advance Budget. The TAFT Advance shall be deducted from the Initial Tribe Trust Distribution otherwise payable to the Tribe Trust on the Effective Date.

4. The Debtors are authorized, but not directed, pursuant to section 363(b) of the Bankruptcy Code, to fund the Hospital Trust Advance in the amount of $51,968 to be used substantially in accordance with the Hospital Trust Advance Budget. The Hospital Trust Advance shall be deducted from the Initial Hospital Trust Distribution otherwise payable to the Hospital Trust on the Effective Date.

5. The Debtors are authorized, but not directed, pursuant to section 363(b) of the Bankruptcy Code, to fund the TPP Trust Advance in the amount of $87,000 to be used substantially in accordance with the TPP Trust Advance Budget. The TPP Trust Advance shall be deducted from the Initial TPP Trust Distribution otherwise payable to the TPP Trust on the Effective Date.

6. The Debtors are authorized, but not directed, pursuant to section 363(b) of the Bankruptcy Code, to fund the NAS Monitoring Trust Advance in the amount of $50,000 to be used substantially in accordance with the NAS Monitoring Trust Advance Budget. The NAS Monitoring Trust Advance shall be deducted from the Initial NAS Monitoring Trust Distribution otherwise payable to the NAS Monitoring Trust on the Effective Date.

7. The Debtors are authorized, but not directed, pursuant to section 363(b) of the Bankruptcy Code, to fund the PI Trust Advance in the amount of $4,012,500.00[4] to be used

---

[4] Consistent with the Confirmation Order, the PI Trust may be established contemporaneously with the PI Trust Advance to ensure that any funds the Debtors advance hereunder are so advanced with maximum tax efficiency. Any funds advanced to the PI Trust pursuant to this Order shall be received by the PI Trust in its capacity as a Qualified Settlement Fund within the meaning of Treasury Regulation Section 1.468B-1 and treated accordingly for tax purposes, consistent with the Confirmation Order.

substantially in accordance with the PI Trust Advance Budget.  The PI Trust Advance shall be deducted from the Initial PI Trust Distribution otherwise payable to the PI Trust on the Effective Date, but shall not reduce or otherwise impact the amount or schedule of payments to be made to the Department of Justice under the United States-PI Claimant Medical Expense Claim Settlement.

8. The Debtors are authorized, but not directed, pursuant to section 363(b) of the Bankruptcy Code, to fund the MDT Advance in the amount of $951,000 to be used substantially in accordance with the MDT Advance Budget.  The MDT Advance shall be deducted from the MDT Operating Reserve funded by the proceeds of the MDT Transferred Assets otherwise transferred to the Master Disbursement Trust on the Effective Date.

9. The Debtors are authorized, but not directed, pursuant to section 363(b) of the Bankruptcy Code, to fund the TopCo Advance in the amount of $226,000 to be used substantially in accordance with the TopCo Advance Budget.  97% of the TopCo Advance shall be deducted from the Initial NOAT Distribution to be made on the Effective Date and 3% of the TopCo Advance shall be deducted from the first distribution made on account of the TopCo Tribe Interest.

10. The Proposed Advances will be disbursed directly to any entity that is formed or established prior to or simultaneously with the disbursement of the Proposed Advances.  If the entity to receive a Proposed Advance is not yet established at the time the Debtors disburse the Proposed Advance, the Debtors shall in their discretion either make the payments set forth in the applicable Proposed Budget (a) to an escrow account established and overseen by the applicable constituent creditor group that submitted the applicable Proposed Budget to be used to fund expenses contemplated by the applicable Proposed Budget, or (b) directly at the direction of the applicable constituent creditor group.  All parties responsible for disbursement of the Proposed Advances shall use or direct such funds solely for purposes contemplated by the applicable

4

Proposed Budget, and any portion of the Proposed Advances remaining unused as of the Effective Date of the Plan shall be treated consistently with all other funds to be distributed to the applicable entity under the Plan.

11. If the Debtors become unwilling or unable to consummate the Plan after some or all the Proposed Advances have been issued, any unused portion of the Proposed Advances and any work completed using the Proposed Advances will be required (subject, in the case of such completed work, to applicable law, contractual restriction, attorney-client or other applicable privilege, work product doctrine or order of the Court) to be returned to the Debtors, the Debtors shall be required to re-notice the Motion, and absent further authorization from the Court, payment of the Proposed Advances to the PI Trust, the NAS Monitoring Trust, the Third-Party Payor Trust, TAFT, the Hospital Trust and NOAT shall be recharacterized and/or reallocated pursuant to sections 502 or 506(b) of the Bankruptcy Code as payments on account of the claims asserted by the Holders of the applicable Claims, and payment of the TopCo Advance shall be recharacterized and/or reallocated pursuant to sections 502 or 506(b) of the Bankruptcy Code with 97% of the TopCo Advance treated as a payment on account of the Non-Federal Domestic Governmental Claims and 3% of the TopCo Advance treated as a payment on account of the Tribe Claims.

12. The funding of the Proposed Advances shall not prejudice any appeals of the confirmation of the Plan and the fact of such Proposed Advances having been paid prior to the Effective Date of the Plan shall not support any argument that any such appeals are equitably moot.

13. Prime Clerk is authorized and directed to provide the PI Data to the Proposed PI Trustee, which data shall include, at a minimum, the following information from all Proofs of Claim filed by Holders of PI Claims: (1) claim number; (2) full name; (3) date of birth; (4) Social Security Number; (5) address and/or contact information; and (6) representative contact

information, if any. The PI Data shall be used solely in accordance with the Protective Order and only for the activities set forth in the PI Trust Advance Budget and activities ancillary thereto. The Proposed PI Trustee, in his sole discretion, may provide some or all of the PI Data to MASSIVE and Protiviti, to his partners, associates, employees and agents, and to third-party vendors engaged to assist in his work as Proposed PI Trustee or as PI Trustee, and, also in his sole discretion, to those Holders of Third-Party Payor Claims who (i) if prior to the Effective Date, have committed in writing to become parties to the LRP Agreement as of the Effective Date and to use the PI Data so received only for the for the limited purposes of resolving liens under the LRP Agreement and proving claims under the PI TDP, or (ii) if Post-Effective Date, have become parties to the LRP Agreement.

14. The contents of the Motion and the notice procedures set forth therein are good and sufficient notice and satisfy the Bankruptcy Rules and the Local Rules, and no other or further notice of the Motion or the entry of this Order shall be required.

15. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

16. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

17. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: September 15, 2021  
White Plains, New York

                                                          /s/Robert D. Drain  
                                               THE HONORABLE ROBERT D. DRAIN  
                                               UNITED STATES BANKRUPTCY JUDGE