UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------- x
                                                   :
In re                                              :    Chapter 11
                                                   :
PURDUE PHARMA L.P., et al.,¹                       :    Case No. 19-23649 (RDD)
                                                   :
                                    Debtors.       :    Jointly Administered
                                                   :
-------------------------------------------------- x
```

**UNITED STATES TRUSTEE'S EX PARTE MOTION
FOR AN ORDER SHORTENING NOTICE AND SCHEDULING HEARING WITH
RESPECT TO THE UNITED STATES TRUSTEE'S MOTION TO CERTIFY DIRECT
<u>APPEAL TO THE COURT OF APPEALS UNDER 28 U.S.C. § 158(d)</u>**

TO:   THE HONORABLE ROBERT D. DRAIN,
      UNITED STATES BANKRUPTCY JUDGE:

William K. Harrington, the United States Trustee for Region 2 ("United States Trustee") respectfully submits this motion ("Motion to Shorten") for entry of an order, substantially in the form attached hereto, shortening the notice period with respect to the *United States Trustee's Motion to Certify Direct Appeal to the Court of Appeals under 28 U.S.C. § 158(d)* ("Motion for Direct Certification"), filed contemporaneously. Through the Motion for Direct Certification, the United States Trustee seeks certification of direct appeal to the court of appeals under 28 U.S.C. § 158(d) of certain orders entered by this Court. Through the Motion to Shorten, the

---

¹ The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

United States Trustee requests that the Court convene a hearing on the Motion for Direct Certification on October 14, 2021.

In support thereof, the United States Trustee respectfully states:

### Relief Requested

Consistent with the Court's comments at the September 30, 2021 status conference, by this Motion to Shorten, the United States Trustee seeks entry of an order shortening the notice period with respect to the Motion for Direct Certification, establishing an expedited deadline for objecting to the Motion for Certification, and scheduling a hearing on the Motion for Certification on **October 14, 2021**, which is the date of the next Omnibus Hearing.

The United States Trustee has conferred with counsel for the parties in interest, including the Debtors and the Official Committee of Unsecured Creditors (the "UCC"). The Debtors and the UCC consent to scheduling a hearing on the Motion for Direct Certification on October 14, 2021, and no party stated any opposition to this scheduling request.

### Jurisdiction and Venue

The Court has jurisdiction to consider this procedural matter under 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.). This motion is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

The bases for the relief requested herein are Bankruptcy Rules 9006(c) and 9007, and Rule 9006-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

Venue is proper before the Court under 28 U.S.C. §§ 1408 and 1409.

**Basis for Relief Requested**

Bankruptcy Rule 9007 authorizes the Court to regulate the time within which, the entities to whom, and the form and matter in which notice is provided.  Pursuant to paragraph 19 of the *Second Amended Order Establishing Certain Notice, Case Management, and Administrative Procedures* entered on November 18, 2019 [ECF No. 498] (the "Case Management Order"), in these Chapter 11 Cases, if a request for relief is filed and served "at least fourteen (14) calendar days before the next Omnibus Hearing, the matter shall be set for hearing at such Omnibus Hearing."  However, Bankruptcy Rule 9006(c) and Local Rule 9006-1(b) provide that the Court, for cause shown, may (with or without motion or notice) reduce any such notice period.  Moreover, pursuant to paragraph 17 of the Case Management Order, a party's right "to seek an amendment or waiver of the provisions of the Case Management Order upon showing of good cause including, without limitation, the right to file a motion seeking . . . relief upon shortened notice," was expressly preserved.  The Court, thus, has the authority to determine the appropriate notice for conducting a hearing on the matters presented by the Motion for Stay.

**Background**

1.  Purdue Pharma L.P. and its affiliated debtors (collectively, the "Debtors") commenced voluntary cases under chapter 11 of the Bankruptcy Code on September 15, 2019 (the "Petition Date").

2.  The Debtors are wholly owned by a non-debtor, Pharmaceutical Research Associates LP ("PRA").  ECF Doc. No. 17 at 19.  PRA is owned by two entities, each of which is ultimately owned by various trusts for the benefit of Debtors' ultimate owners, members of

3

the Raymond Sackler family and Mortimer Sackler family (collectively, the "Sackler Family"). *Id*.

3. On July 14, 2021, the Debtors filed the Sixth Amended Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and its Affiliated Debtors (the "Sixth Plan"). *See* ECF Doc. No. 3185. Section 10.7(b) of the Sixth Plan included a broad release of causes of action (the "Non-Debtor releases") against all "Shareholder Released Parties," which it defined to include, among others, the Sackler Family. *Id*. at 40, 41-42, 132-34.

4. On July 19, 2021, the United States Trustee objected to confirmation of the Sixth Plan, arguing that the Non-Debtor releases were unconstitutional, unauthorized by the Bankruptcy Code, and inconsistent with Second Circuit law. ECF Doc. No. 3256.

5. The United States Attorney for the Southern District of New York also filed a statement echoing the concerns regarding the Non-Debtor releases. ECF Doc. No. 3268.

6. Other parties in interest, including victims, state and local governments, insurers, and industry participants, also objected or expressed similar concerns. *See* ECF Doc. Nos. 3235; 3262; 3264; 3270; 3272; 3274; 3275; 3276; 3278; 3279; 3280; 3292; 3306.

7. From the eve of the confirmation hearing until after the end of closing arguments, Debtors filed an additional five amendments to their chapter 11 plan. ECF Doc. Nos. 3545, 3632, 3652, 3682, 3706.

8. The United States Trustee filed supplemental objections to the amended plans. ECF Doc. Nos. 3636, 3710.

9. On September 1, 2021, the Court rendered an oral ruling stating that it would confirm the proposed plan provided that two changes were made relating to claims against the Sackler Family and other non-debtors. 9/1/21 Tr. at 134-35, 154-55.

10. On September 2, 2021, the Debtors filed a Twelfth Amended Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and Its Affiliated Debtors ("the Plan"). ECF Doc. No. 3726. The Plan remains objectionable for the reasons explained in the United States Trustee's objections to the prior versions of the plan.

11. On September 13, 2021, at an Omnibus Hearing, this Court heard arguments on the Debtors' Motion Pursuant to 11 U.S.C. §§ 105(a) and 363(b) for Entry of an Order (I) Authorizing the Debtors to Fund Establishment of the Creditor Trusts, the Master Disbursement Trust and TopCo, (II) Directing Prime Clerk LLC to Release Certain Protected Information, and (III) Granting Other Related Relief (the "Advance Motion"). ECF Doc. No. 3484. At the time of the hearing, this Court had not yet entered the Confirmation Order.

12. In the Advance Motion, Debtors sought authorization to advance $6,855,468 to various trusts prior to consummation of the Plan "to enable such entities to undertake advance set-up work prior to the Effective Date, thereby allowing distributions to be made to creditors as soon as possible after the Effective Date." *Id*. at 2.

13. At the September 13, 2021 hearing, this Court stated: "Every appellant should be moving for expedited review, and I assume they'll get it." 9/13/21 Tr. at 29: 11-13.

14. On September 15, 2021, prior to its entry of the Confirmation Order, the Court entered the Advance Order granting the Advance Motion. ECF Doc. No. 3773.

15. The Advance Order was entered over the objections of the states of Maryland, Connecticut, Oregon, and Washington, ECF Doc. No. 3493, and of the United States Trustee, ECF Doc. No. 3555.

16. The Advance Order states that the "the limited objections to the Motion are overruled, in part because of the Debtors' waiver at the Hearing of their right to argue that the grant of this Order and the implementation of the relief granted herein would render any appeal of the Court's confirmation of the Debtors' amended chapter 11 plan equitably moot." ECF Doc. No. 3773 at 2.

17. On September 15, 2021, the United States Trustee filed notices of appeal of the Court's September 1, 2021, oral ruling confirming the Plan, ECF Doc. No. 3776, and the September 15, 2021 Advance Order, ECF Doc. No. 3777.

18. On the same day, he also filed a motion for a stay pending appeal ("Motion for Stay"). ECF Doc. No. 3778.

19. On the same day, he also filed an Ex Parte Motion for an Order Shortening Notice and Scheduling Hearing with Respect to the United States Trustee's Expedited Motion for a Stay of Confirmation Order and Related Orders Pending Appeal Pursuant to Federal Rule of Bankruptcy Procedure 8007 ("Motion to Expedite"). ECF Doc. No. 3779. In the Motion to Expedite, the United States Trustee explained his need to maintain the status quo pending resolution of his appeal and respectfully requested that the Court schedule a hearing on the Motion for Stay within fourteen days of its filing. ECF Doc. No. 3779 at 7.

20. On September 17, 2021, this Court entered the Confirmation Order, ECF Doc. No. 3787, and Modified Bench Ruling, ECF Doc. No. 3786.

21. On the same day, this Court notified the parties that the Court will hold an on-the-record status/scheduling conference on September 30, 2021. The Court directed counsel for Debtors to file a notice of such conference.

22. Separately, notices of appeal of the Confirmation Order were also filed by additional parties as follows: the state of Washington, ECF Doc. No. 3724; the District of Columbia, ECF Doc. No. 3725; a class of Canadian municipalities, ECF Doc. No. 3774; the Peter Ballantyne Cree Nation on behalf of All Canadian First Nations and Metis People, the Peter Ballantyne Cree Nation on behalf itself, and the Lac La Ronge Indian Band, ECF Doc. No. 3775; the state of Maryland, ECF Doc. No. 3780; the state of Connecticut, ECF Doc. No. 3784; Ronald Bass Sr., ECF Doc. No. 3787; the State of California, ECF No. 3813; the State of Rhode Island, ECF Doc. No. 3832; the State of Vermont, ECF No. 3849; the State of Delaware, ECF No. 3851; and the State of Oregon, ECF Doc. No. 3853.

23. On September 19, 2021, the states of Washington and Connecticut filed their own motion for stay of the Confirmation Order pending their appeal. ECF Doc. No. 3789.

24. On September 21, 2021, the United States Trustee filed an amended notice and amended the Motion for Stay in light of the entry of the Confirmation Order. ECF Nos. 3799; 3801.

25. On September 29, 2021, the state of Maryland filed its own motion stay of the Confirmation Order pending its appeal. ECF Doc. No. 3845.

26. On September 30, 2021, the Court held a status conference regarding scheduling a hearing on the motions for stay pending appeal. At the status conference, counsel for the state of Washington inquired whether the Court would hear a motion for direct certification on

October 14, 2021. The Court indicated that it likely would hear such motion if it was filed within reasonable time.

### Cause Exists to Shorten Notice with Respect to the Motion for Direct Certification

The Court has encouraged all parties to move expeditiously with any appeal practice. The Court also stated at the September 30, 2021 status conference that it would likely hear a motion for direct certification at the next Omnibus Hearing on October 14, 2021, if such motion is filed withing a reasonable period of time. The United States Trustee has conferred with counsel for the parties in interest, including the Debtors and the UCC. The Debtors and the UCC consent to scheduling a hearing on the Motion for Direct Certification on October 14, 2021, and no party stated any opposition to this scheduling request.

Certification of a direct appeal is required here, among other reasons, to resolve questions of critical public importance concerning the circumstances, if any, under which, chapter 11 bankruptcy may extinguish non-debtors' direct claims against other non-debtors. This question has led to a range of divergent and inconsistent results within this circuit and even this district.[2] An expeditious decision by the Second Circuit will resolve these legal questions.

In order to expedite the appeal process, it is imperative that the Court hear the Motion for Direct Certification at the next Omnibus Hearing. Additionally, the time for this Court to rule on a request for direct certification may expire shortly after the next Omnibus Hearing. *See* Fed. R. Bankr. P. 8006(b) and (d). Accordingly, cause exists for the Court to shorten notice and schedule a hearing on the Motion for Certification on October 14, 2021.

---

[2] It has also produced a deep split among courts of appeals.

**Notice**

Notice of this Motion will be provided to the entities on the Master Service List (as defined in the Case Management Order and available on the Debtors' case website at https://restructuring.primeclerk.com/purduepharma). The United States Trustee respectfully submits that no further notice is required.

**No Prior Request**

The United States Trustee has not previously sought the relief requested herein from this Court or any other court.

**Conclusion**

WHEREFORE, for these reasons, the United States Trustee requests the Court enter the proposed form of order, substantially in the form attached hereto, scheduling an expedited hearing on the Motion for Direct Certification and granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: New York, New York
October 1, 2021

Respectfully submitted,

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE, Region 2

/s/ Linda A. Riffkin
Linda A. Riffkin
Assistant United States Trustee

| | |
|---|---|
| P. MATTHEW SUTKO | WILLIAM K. HARRINGTON |
| Associate General Counsel | United States Trustee, Region 2 |
| WENDY COX | LINDA A. RIFFKIN |
| BETH A. LEVENE | Assistant United States Trustee |
| SUMI K. SAKATA | PAUL K. SCHWARTZBERG |
| Trial Attorneys | BENJAMIN J. HIGGINS |
| | Trial Attorneys |

Department of Justice
Executive Office for United States
 Trustees
441 G Street, N.W., Suite 6150
Washington, DC  20530
(202) 307-1399
Fax:  (202) 307-2397

Department of Justice
Office of the United States Trustee
201 Varick Street, Room 1006
New York, NY  10014
(212) 510-0500
Fax:  (212) 668-2361