Hearing Date: October 14, 2021 at 10:00 a.m. EDT

| | |
|---|---|
| KLEINBERG, KAPLAN, WOLFF & COHEN, P.C.<br>Matthew J. Gold<br>Robert M. Tuchman<br>500 Fifth Avenue<br>New York, New York 10110<br>Tel:  (212) 986-6000 | PULLMAN & COMLEY, LLC<br><br>Irve J. Goldman<br>850 Main Street, 8th Floor<br>PO Box 7006<br>Bridgeport, Connecticut 06601-7006<br>Tel:  (203) 330-2213 |
| *Counsel to the State of Washington* | *Counsel to the State of Connecticut* |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------- x
| | | |
|---|---|---|
| **In re:** | : | Chapter 11 |
| | : | |
| **PURDUE PHARMA L.P.,** *et al.*, | : | Case No. 19-23649 (RDD) |
| | : | (Jointly Administered) |
| **Debtors.** | : | |
| | : | |

------------------------------------- x

### THE APPEALING STATES' MOTION FOR CERTIFICATION PURSUANT TO 28 U.S.C. § 158(d)(2)(A)

The States of Washington, Connecticut, Delaware, Maryland, Oregon, Rhode Island and Vermont and the District of Columbia (the "States") hereby respectfully request that this Court certify that one or more of the circumstances set forth in 28 U.S.C. § 158(d)(2)(A) exists, such that, with the authorization of the Second Circuit Court of Appeals, an appeal of this Court's Order confirming the Debtors' Twelfth Amended Joint Chapter 11 Plan of Reorganization (the "Plan") dated September 17, 2021, dkt. # 3787 (the "Confirmation Order"), based upon the Court's September 1, 2021 oral decision confirming the Plan and its subsequent Modified Bench Ruling, dkt. # 3786 (the "Decision"), may be had directly to the Second Circuit. As set forth herein, at a minimum two of the three circumstances set forth in 28 U.S.C. § 158(d)(2)(A) do in fact exist. Accordingly, the States respectfully submit that their request for certification to the Second Circuit should be granted.

Page **1**

## ARGUMENT

1.  Section 158(d)(2)(A) authorizes a bankruptcy court to allow for a direct appeal to the Court of Appeals upon a certification that, among other things, either (a) "the judgment, order, or decree [appealed from] involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance;" or (b) that "an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken." 28 U.S.C. § 158(d)(2)(A)(i) and (iii).[1] The States respectfully submit that each of these circumstances exists under the facts of this appeal.

2.  As this Court is well aware, the Order implicates matters of critical public importance. *See e.g In re Springfield Hospital, Inc.*, 618 B.R. 109, 117-18 (Bankr. D. Vt. 2020) (certifying order as implicating a matter of public importance where it would affect "a large number of jobs or other vital interest in a community"). Most directly, the Order governs the allocation and distribution of billions of dollars in resources; effects massive changes to the organizational and ownership structure of numerous large-scale entities; and provides a release to the non-debtor Sacklers of any further opioid-related civil liability—a release that has been imposed upon the appealing States without their consent. *See generally* Objections of the State of Washington, the State of Oregon, and the Objecting States to Confirmation of the Debtors' Plan of Reorganization (Dkt. # 3276); Joint Objection of the State of Connecticut, the State of Maryland, and the District of Columbia to Confirmation of Debtors' Sixth Amended Plan of Reorganization (Dkt.# 3270); State of Maryland's Separate Objection and Joinder to the

---

[1] Section 158(d)(2)(A)(ii) sets forth an additional ground on which a certification may be based: "the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions." Although the States respectfully submit that subsections (i) and (iii) are more applicable, subsection (ii) furnishes an alternative ground for certification.

Objections of Connecticut and Washington to Confirmation of the Debtor's Proposed Sixth Amended Joint Plan of Reorganization (Dkt. #3278); Joinder of the State of Delaware to Objection of the State of Washington, the State of Oregon, and the Objecting States to Confirmation of the Debtors' Plan of Reorganization (Dkt. # 3280) (collectively, "Appealing States' Objections"). While the importance of these issues to the United States, the States, the healthcare system, and virtually every community and family across the United States is self-evident, the unparalleled volume of high-profile media coverage of this case reinforces the point dramatically. *See*, *e.g.*, *Ex-Purdue Pharma head Richard Sackler seeking legal immunity, denies responsibility for opioid crisis*, THE WASHINGTON POST (Aug. 19, 2021); *Former Purdue President Distances Himself From OxyContin Sales Program*, THE WALL STREET JOURNAL (Aug. 18, 2021); *Richard Sackler Says Family and Purdue Bear No Responsibility for Opioid Crisis*, THE NEW YORK TIMES (Aug. 18, 2021); *Ex-Purdue Pharma Director David Sackler Defends Family's Bankruptcy Settlement*, THE WALL STREET JOURNAL (Aug. 17, 2021); *Sacklers Threaten to Pull out of Opioid Settlement Without Broad Legal Immunity*, THE NEW YORK TIMES (Aug. 17, 2021). The clear public, practical and legal importance of the issues at stake in the Order by themselves warrant certification to the Second Circuit.

3.  The absence of Second Circuit or Supreme Court guidance on the permissibility of the non-consensual release of State police power claims against a non-debtor provides an independently-adequate ground for certification to the Second Circuit. As set forth in the Appealing States' Objections the Second Circuit has never approved the non-consensual release of a police power action in circumstances such as these. Indeed, to the extent that the Second Circuit has indicated in *dicta* that non-debtor releases might ever be appropriate, it has done so cautiously and with repeated warnings while strongly cautioning of the possibility of their abuse.

*See Deutsche Bank AG v. Metromedia Fiber Network, Inc. (In re Metromedia Fiber Network, Inc.)*, 416 F.3d 136, 142 (2d Cir. 2005) ("[A] nondebtor release is a device that lends itself to abuse. By it, a non-debtor can shield itself from liability to third parties. In form, it is a release; in effect, it may operate as a bankruptcy discharge arranged without a filing and without the safeguards of the Code."); *see also In re Metcalfe & Mansfield Alternative Invs.*, No. 9-16709, 2010 BL 2759, at *9 (Bankr. S.D.N.Y. Jan. 5, 2010) ("The Second Circuit imposes significant limitations on bankruptcy courts ordering non-debtor releases and injunctions in confirmed chapter 11 plans.").

4. Furthermore, the Second Circuit's decisions in *Manville III and Manville IV*, suggest that this Court may have lacked jurisdiction to enjoin direct third-party claims against non-debtors. *See In re Johns-Manville Corp.*, 517 F.3d 52, 66 (2d Cir. 2008) ("*Manville III*"), *vacated on other grounds*, 557 U.S. 137 (2009) *and reinstated as modified on other grounds on remand, In re Johns-Manville Corp.*, 600 F.3d 135, 158 (2d Cir. 2010) ("*Manville IV*"). Numerous additional reasons, including bedrock principles of federalism discussed in the Appealing States' Objections, further demonstrate the novelty of issues in these cases. *See, e.g.*, U.S. CONST. AMEND. X; *New York v. United States*, 505 U.S. 144, 166 (1992) (holding that Congress may not, under its enumerated powers, direct states to take title to hazardous waste: "We have always understood that even where Congress has the authority under the Constitution to pass laws requiring or prohibiting certain acts, it lacks the power directly to compel the States to require or prohibit those acts."); *Printz v. United States*, 521 U.S. 898, 918-19 (1997) (Congress cannot, pursuant to its enumerated powers, direct local chief law enforcement officers to implement federal policy choices).

5. For these reasons, these appeals have enormous practical and potential precedential value. As this Court recognized during the confirmation hearing, there is no decision of either the

Second Circuit or the Supreme Court that "controls" under the unique and unprecedented circumstances of this case. (*See* Aug. 23, 2021 Hr'g Tr., at 217:23-24.) Several of the issues that are raised in these appeals have been percolating through the bankruptcy courts and have yielded a circuit split, and an expedited appeal should provide guidance going forward.

6. Finally, a direct and immediate appeal to the Second Circuit would "materially advance the progress of the case," providing still a further, independently adequate ground for certification. As the Second Circuit has explained, certification should be granted on this ground "where a bankruptcy court has made a ruling which, if correct, will essentially determine the results of future litigation, [and] the parties adversely affected by the ruling might very well fold up their tents if convinced that the ruling has the approval of the court of appeals, but will not give up until that becomes clear." *Weber v. U.S. Tr.*, 484 F.3d 154, 158 (2d Cir. 2007).

7. The material advancement of the progress of the case is especially important in this case. Many appellants, including many of the States, have sought a stay pending appeal predicated upon their undertaking to seek a resolution of the appeal as promptly as possible. A direct appeal will significantly reduce the period of time such a stay would need to be in effect.

8. On information and belief a majority of the appellants support certification. Furthermore, the Sackler Settlement Agreement, which is incorporated into the Plan and which was negotiated and supported by the Plan proponents, specifically endorses seeking certification for a direct appeal by both Appellants and Appellees. *See* Sackler Settlement Agreement § 2.09(a) at dkt #3655 (Exhibit AA).

## **CONCLUSION**

9. For the foregoing reasons, the States respectfully submit that a certification should be issued under 28 U.S.C. § 158(d)(2)(A) such that, with the approval of the Second Circuit, a direct appeal of the Order confirming the Plan may be had in that Court.

Dated: October 1, 2021
      New York, New York

Respectfully submitted,

| | |
|---|---|
| KLEINBERG, KAPLAN, WOLFF & COHEN, P.C. | ROBERT W. FERGUSON<br>Attorney General of the State of Washington |
| By: */s/ Matthew J. Gold*<br>Matthew J. Gold<br>Robert M. Tuchman | By: */s/ Tad Robinson O'Neill*<br>Tad Robinson O'Neill |
| 500 Fifth Avenue<br>New York, New York 10110<br>Tel: (212) 986-6000<br>Fax: (212) 986-8866<br>E-mail: mgold@kkwc.com<br>         rtuchman@kkwc.com | Assistant Attorney General<br>800 Fifth Avenue, Suite 2000<br>Seattle, Washington 98104<br>Tel: (206) 254-0570<br>E-mail: tad.oneill@atg.wa.gov |
| *Attorneys for the State of Washington* | *Attorneys for the State of Washington* |
| STATE OF DELAWARE<br>Kathleen Jennings<br>Attorney General | Brian E. Frosh<br>Attorney General of Maryland |
| By: */s/ Marion Quirk*<br>Owen Lefkon<br>Director, Fraud and Consumer Protection Division<br>Jillian Lazar (JL2222)<br>Director of Investor Protection<br>Marion Quirk<br>Director of Consumer Protection<br>Delaware Department of Justice<br>820 N. French Street<br>Wilmington, DE 19801<br>(302) (683-8899)<br>Email: owen.lefkon@delaware.gov<br>       jillian.lazar@delaware.gov<br>       marion.quirk@delaware.gov | By: */s/ Brian T. Edmunds*<br>Brian T. Edmunds<br>Assistant Attorney General<br>Office of the Attorney General<br>200 St. Paul Place<br>Baltimore, Maryland 21202<br>(410) 576-6578<br>bedmunds@oag.state.md.us<br><br>*Attorneys for the State of Maryland* |
| ELLEN R. ROSENBLUM<br>Attorney General of the State Oregon | STATE OF RHODE ISLAND |
| By: */s/ David Hart*<br>David Hart | By:<br><br>PETER F. NERONHA<br>ATTORNEY GENERAL |

Page **6**

12091866.6 - 10/01/21

Assistant-Attorney-in-Charge
Financial Fraud and Consumer Protection Section

Oregon Department of Justice
100 SW Market Street
Portland, Oregon 97201
Tel: (971) 673-1880
Email: david.hart@doj.state.or.us

STATE OF VERMONT

By: */s/ Jill S. Abrams*
Jill S. Abrams (JA 1578)
Assistant Attorney General

Director, Consumer Protection Division
Vermont Attorney General's Office
109 State Street
Montpelier, Vermont 05403
(802) 828-1106
Jill.abrams@vermont.gov

*/s/ Kathryn M. Sabatini*
Kathryn M. Sabatini (Bar No. 8486)
Assistant Attorney General
Office of the Attorney General
150 South Main Street
Providence, RI 02903
Tel. (401) 274-4400
ksabatini@riag.ri.gov

DISTRICT OF COLUMBIA
Karl A. Racine, Attorney General

By: */s/ Kathleen Konopka*
Kathleen Konopka

Deputy Attorney General
Public Advocacy Division
Office of the Attorney General
400 Sixth Street, N.W., 10th Floor
Washington, D.C. 20001
E-mail: Kathleen.Konopka@dc.gov

*Attorneys for the District of Columbia*

STATE OF CONNECTICUT
WILLIAM TONG, ATTORNEY GENERAL

By: */s/ Irve J. Goldman*
Irve J. Goldman (ct02404)

Pullman & Comley, LLC
850 Main Street, P.O. Box 7006
Bridgeport, CT 06601-7006
Tel: (203) 330-2213
E-mail: igoldman@pullcom.com

*Attorneys for the State of Connecticut*

12091866.6 - 10/01/21

## CERTIFICATE OF SERVICE

      I, Juliet Remi, hereby certify that, on October 1 , 2021, I caused true and correct copies of the foregoing document to be served (i) by the Court's Case Management/Electronic Case File (CM/ECF) System to all parties who are deemed to have consented to electronic service; (ii) by email upon the parties who provided email addresses set forth in the Master Service List maintained by the Debtors in respect of these chapter 11 cases; and (iii) by email upon the Office of the United States Trustee for the Southern District of New York (Attn: Paul K. Schwartzberg, paul.schwartzberg@usdoj.gov).

                                            */s/ Juliet Remi*
                                              Juliet Remi

12091866.6 - 10/01/21