UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- x
                                                        :
In re                                                   :    Chapter 11
                                                        :
PURDUE PHARMA L.P., *et al.*,                           :    Case No. 19-23649 (RDD)
                                                        :
                                        Debtors.        :    Jointly Administered
                                                        :
------------------------------------------------------- x

### THE STATE OF WASHINGTON'S EX PARTE MOTION
### FOR AN ORDER SHORTENING NOTICE AND SCHEDULING HEARING
### WITH RESPECT TO THE APPEALING STATES' MOTION
### FOR CERTIFICATION PURSUANT TO 28 U.S.C. § 158(d)(2)(A)

**TO:    THE HONORABLE ROBERT D. DRAIN,
         UNITED STATES BANKRUPTCY JUDGE:**

The State of Washington respectfully submits this motion ("Motion to Shorten") for entry of an order shortening the notice period with respect to the *Appealing States' Motion for Certification Pursuant to 28 U.S.C. § 158(d(2)(A))* ("Motion for Direct Certification"), filed contemporaneously. Through the Motion for Direct Certification, the Appealing States seek certification of direct appeal to the court of appeals under 28 U.S.C. § 158(d) of certain orders entered by this Court. Through the Motion to Shorten, Washington requests that the Court convene a hearing on the Motion for Direct Certification on October 14, 2021.

In support thereof, the State of Washington respectfully states:

### Relief Requested

Consistent with the Court's comments at the September 30, 2021 status conference, by this Motion to Shorten, the State of Washington seeks entry of an order shortening the notice period with respect to the Motion for Direct Certification, establishing an expedited deadline for

12111307.2 - 10/01/21

objecting to the Motion for Certification, and scheduling a hearing on the Motion for Certification on **October 14, 2021**, which is the date of the next Omnibus Hearing.

The State of Washington has conferred with counsel for the parties in interest, including the Debtors and the Official Committee of Unsecured Creditors (the "UCC"). The Debtors and the UCC consent to scheduling a hearing on the Motion for Direct Certification on October 14, 2021, and no party stated any opposition to this scheduling request.

### Jurisdiction and Venue

The Court has jurisdiction to consider this procedural matter under 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.). This motion is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

The bases for the relief requested herein are Bankruptcy Rules 9006(c) and 9007, and Rule 9006-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

Venue is proper before the Court under 28 U.S.C. §§ 1408 and 1409.

### Basis for Relief Requested

Bankruptcy Rule 9007 authorizes the Court to regulate the time within which, the entities to whom, and the form and matter in which notice is provided. Pursuant to paragraph 19 of the *Second Amended Order Establishing Certain Notice, Case Management, and Administrative Procedures* entered on November 18, 2019 [ECF No. 498] (the "Case Management Order"), in these Chapter 11 Cases, if a request for relief is filed and served "at least fourteen (14) calendar days before the next Omnibus Hearing, the matter shall be set for hearing at such Omnibus

Hearing." However, Bankruptcy Rule 9006(c) and Local Rule 9006-1(b) provide that the Court, for cause shown, may (with or without motion or notice) reduce any such notice period. Moreover, pursuant to paragraph 17 of the Case Management Order, a party's right "to seek an amendment or waiver of the provisions of the Case Management Order upon showing of good cause including, without limitation, the right to file a motion seeking . . . relief upon shortened notice," was expressly preserved. The Court, thus, has the authority to determine the appropriate notice for conducting a hearing on the matters presented by the Motion for Direct Certification.

## Background

1. Purdue Pharma L.P. and its affiliated debtors (collectively, the "Debtors") commenced voluntary cases under chapter 11 of the Bankruptcy Code on September 15, 2019 (the "Petition Date").

2. On July 14, 2021, the Debtors filed the Sixth Amended Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and its Affiliated Debtors (the "Sixth Plan").

3. The Appealing States objected. *See generally* Objections of the State of Washington, the State of Oregon, and the Objecting States to Confirmation of the Debtors' Plan of Reorganization (Dkt. # 3276); Joint Objection of the State of Connecticut, the State of Maryland, and the District of Columbia to Confirmation of Debtors' Sixth Amended Plan of Reorganization (Dkt.# 3270); State of Maryland's Separate Objection and Joinder to the Objections of Connecticut and Washington to Confirmation of the Debtor's Proposed Sixth Amended Joint Plan of Reorganization (Dkt. #3278).

4.  On September 1, 2021, the Court rendered an oral ruling stating that it would confirm the proposed plan provided that two changes were made relating to claims against the Sackler Family and other non-debtors.  9/1/21 Tr. at 134-35, 154-55.

5.  On September 2, 2021, the Debtors filed a Twelfth Amended Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and Its Affiliated Debtors ("the Plan").  ECF Doc. No. 3726.

6.  At a hearing on September 13, 2021 hearing, this Court stated: "Every appellant should be moving for expedited review, and I assume they'll get it."  9/13/21 Tr. at 29: 11-13.

7.  On September 17, 2021, this Court entered the Confirmation Order, ECF Doc. No. 3787, and Modified Bench Ruling, ECF Doc. No. 3786.

8.  On the same day, this Court notified the parties that the Court will hold an on-the-record status/scheduling conference on September 30, 2021.  The Court directed counsel for Debtors to file a notice of such conference.

9.  Separately, notices of appeal of the Confirmation Order were also filed by additional parties as follows: the state of Washington, ECF Doc. No. 3724; the District of Columbia, ECF Doc. No. 3725; a class of Canadian municipalities, ECF Doc. No. 3774; the Peter Ballantyne Cree Nation on behalf of All Canadian First Nations and Metis People, the Peter Ballantyne Cree Nation on behalf itself, and the Lac La Ronge Indian Band, ECF Doc. No. 3775; the state of Maryland, ECF Doc. No. 3780; the state of Connecticut, ECF Doc. No. 3784; Ronald Bass Sr., ECF Doc. No. 3787; the State of California, ECF No. 3813; the State of Rhode Island, ECF Doc. No. 3832; the State of Vermont, ECF No. 3849; the State of Delaware, ECF No. 3851, the State of Oregon, ECF Doc. No. 3853.

10.     On September 19, 2021, the states of Washington and Connecticut filed a motion for stay of the Confirmation Order pending their appeal. ECF Doc. No. 3789.

11.     On September 29, 2021, the state of Maryland filed its own motion stay of the Confirmation Order pending its appeal. ECF Doc. No. 3845.

12.     On September 30, 2021, the Court held a status conference regarding scheduling a hearing on the motions for stay pending appeal. At the status conference, counsel for the state of Washington inquired whether the Court would hear a motion for direct certification on October 14, 2021. The Court indicated that it likely would hear such motion if it was filed within reasonable time.

**Cause Exists to Shorten Notice with Respect to the Motion for Direct Certification**

The Court has encouraged all parties to move expeditiously with any appeal practice. The Court also stated at the September 30, 2021 status conference that it would likely hear a motion for direct certification at the next Omnibus Hearing on October 14, 2021, if such motion is filed withing a reasonable period of time. The State of Washington has conferred with counsel for the parties in interest, including the Debtors and the UCC. The Debtors and the UCC consent to scheduling a hearing on the Motion for Direct Certification on October 14, 2021, and no party stated any opposition to this scheduling request.

Certification of a direct appeal is required here, among other reasons, to resolve questions of critical public importance concerning the circumstances, if any, under which, chapter 11 bankruptcy may extinguish non-debtors' direct claims against other non-debtors. This question

5

has led to a range of divergent and inconsistent results within this circuit and even this district.[1] An expeditious decision by the Second Circuit will resolve these legal questions.

In order to expedite the appeal process, it is imperative that the Court hear the Motion for Direct Certification at the next Omnibus Hearing. Additionally, the time for this Court to rule on a request for direct certification may expire shortly after the next Omnibus Hearing. *See* Fed. R. Bankr. P. 8006(b) and (d). Accordingly, cause exists for the Court to shorten notice and schedule a hearing on the Motion for Certification on October 14, 2021.

## Notice

Notice of this Motion will be provided to the entities on the Master Service List (as defined in the Case Management Order and available on the Debtors' case website at https://restructuring.primeclerk.com/purduepharma). The State of Washington respectfully submits that no further notice is required.

## No Prior Request

The State of Washington has not previously sought the relief requested herein from this Court or any other court.

## Conclusion

WHEREFORE, for these reasons, the State of Washington requests the Court enter the proposed form of order, substantially in the form attached hereto, scheduling an expedited hearing on the Motion for Direct Certification and granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

---

[1] It has also produced a deep split among courts of appeals.

Dated: New York, New York
October 1, 2021

Respectfully submitted,

| | |
|---|---|
| KLEINBERG, KAPLAN, WOLFF & COHEN, P.C.<br><br>By:    */s/ Matthew J. Gold*<br>       Matthew J. Gold<br>       Robert M. Tuchman<br><br>500 Fifth Avenue<br>New York, New York 10110<br>Tel: (212) 986-6000<br>Fax: (212) 986-8866<br>E-mail:   mgold@kkwc.com<br>           rtuchman@kkwc.com<br><br>*Attorneys for the States of Washington and Oregon and the District of Columbia* | ROBERT W. FERGUSON<br>Attorney General of the State of Washington<br><br>By:    */s/ Tad Robinson O'Neill*<br>       Tad Robinson O'Neill<br><br>Assistant Attorney General<br>800 Fifth Avenue, Suite 2000<br>Seattle, Washington 98104<br>Tel: (206) 233-3383<br>Email: laura.clinton@atg.wa.gov<br><br>Tad Robinson O'Neill<br>Assistant Attorney General<br>Tel: (206) 254-0570<br>Email: tad.oneill@atg.wa.gov<br><br>*Attorneys for the State of Washington* |

## CERTIFICATE OF SERVICE

I, Juliet Remi, hereby certify that, on October 1 , 2021, I caused true and correct copies of the foregoing document to be served (i) by the Court's Case Management/Electronic Case File (CM/ECF) System to all parties who are deemed to have consented to electronic service; (ii) by email upon the parties who provided email addresses set forth in the Master Service List maintained by the Debtors in respect of these chapter 11 cases; and (iii) by email upon the Office of the United States Trustee for the Southern District of New York (Attn: Paul K. Schwartzberg, paul.schwartzberg@usdoj.gov).

                                                */s/ Juliet Remi*
                                                Juliet Remi

12111307.2 - 10/01/21