Presentment Date and Time: October 14, 2021, at 10:00 a.m. (prevailing Eastern Time)
Objection Date and Time: October 7, 2021, at 4:00 p.m. (prevailing Eastern Time)

**LITE DEPALMA GREENBERG & AFANADOR, LLC**
570 Broad Street, Suite 1201
Newark, New Jersey 07102
Tel: (973) 623-3000
Fax: (973) 623-0858
Allen J. Underwood II, Esq.
e-mail: aunderwood@litedepalma.com
*Counsel to Certain Canadian Municipal Creditors and Appellants*
*and Certain Canadian First Nation Creditors and Appellants.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| In re: | |
| PURDUE PHARMA L.P., *et al.* | Chapter 11 |
| | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

_____

**NOTICE OF PRESENTMENT OF JOINT MOTION OF CERTAIN CANADIAN MUNICIPALITY CREDITORS AND APPELLANTS AND CERTAIN CANADIAN FIRST NATIONS CREDITORS AND APPELLANTS FOR THE GRANTING BY THE BANKRUPTCY COURT OF A STAY PENDING APPEALS, JOINDER TO THE STAY MOTIONS OF THE OFFICE OF THE UNITED STATES TRUSTEE AND THE STATE OF MARYLAND, AND GRANTING RELATED RELIEF**

**TO:    THE HONORABLE ROBERT D. DRAIN,**
**UNITED STATES BANKRUPTCY JUDGE:**

**PLEASE TAKE NOTICE** that on October 14, 2021, the above referenced Certain Canadian Municipality Creditors and Appellants and Certain Canadian First Nations Creditors and

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014). The Debtors shall include their affiliates and other entities under their control. The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

1

Appellants in these proceedings (collectively, the "**CMFN**") filed the annexed *Joint Motion of Certain Canadian Municipality Creditors and Appellants and Certain Canadian First Nations Creditors and Appellants for the Granting by the Bankruptcy Court of a Stay Pending Appeals, Joinder to the Stay Motions of the Office of the United States Trustee and the State of Maryland, and Granting Related Relief* (the "**Motion**").

**PLEASE TAKE FURTHER NOTICE** that, unless a written objection to the Motion is served and filed with proof of service with the Clerk of the Court, and a courtesy copy delivered to the undersigned and to chambers of the Honorable Robert D. Drain, so as to be received by **October 7, 2021 at 4:00 p.m. (prevailing Eastern Time)**, there will not be a hearing to consider such Motion, and an order, substantially in the form attached to the companion stay motion of the Office of the United States Trustee as referenced herein, will be presented for signature by the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, at the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601 (the "**Bankruptcy Court**"), on **October 14, 2021 at 10:00 a.m. (prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that, if a written objection is timely filed and served with respect to the Motion, a hearing (the "**Hearing**") will be held to consider the Motion and Proposed Order before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court, 300 Quarropas Street, White Plains, New York 10601, on October 14, 2021 or a date to be announced; *provided* that, pursuant to General Order M-543, dated March 20, 2020 (Morris, C.J.) ("**General Order M-543**"), such Hearing shall be conducted **via Zoom for**

**Government**® so long as General Order M-543 is in effect or unless otherwise ordered by the Bankruptcy Court.[2]

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted upon default; *provided* that objecting parties shall attend the Hearing via Zoom for Government so long as General Order M-543 is in effect or unless otherwise ordered by the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion may be obtained free of charge by visiting the website of Prime Clerk LLC at https://restructuring.primeclerk.com/purduepharma. You may also obtain copies of any pleadings by visiting the Bankruptcy Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

[continued on next page]

---

[2] A copy of General Order M-543 can be obtained by visiting https://www.nysb.uscourts.gov/news/generalorder-m-543-court-operations-under-exigent-circumstances-created-covid-19.

Dated: October 1, 2021     Respectfully submitted,

/s/ Allen J. Underwood, II
**LITE DEPALMA GREENBERG & AFANADOR, LLC**
Allen J. Underwood II, Esq.
570 Broad Street, Suite 1201
Newark, New Jersey 07102
Tel: (973) 623-3000
Fax: (973) 623-0858
e-mail: aunderwood@litedepalma.com

*Counsel to Certain Canadian Municipal Creditors and Appellants and Certain Canadian First Nation Creditors and Appellants.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2021, a true and correct copy of the foregoing Limited Objection was filed via this Court's CM/ECF system and will be forwarded by electronic transmission to all parties registered to receive electronic notice in these cases, as identified on the Notice of Electronic Filing (NEF).

*/s/ Allen J. Underwood II*
Allen J. Underwood II

Presentment Date and Time: October 14, 2021, at 10:00 a.m. (prevailing Eastern Time)
Objection Date and Time: October 7, 2021, at 4:00 p.m. (prevailing Eastern Time)

**LITE DEPALMA GREENBERG & AFANADOR, LLC**
570 Broad Street, Suite 1201
Newark, New Jersey 07102
Tel: (973) 623-3000
Fax: (973) 623-0858
Allen J. Underwood II, Esq.
e-mail: aunderwood@litedepalma.com
*Counsel to Certain Canadian Municipal Creditors and Appellants*
*and Certain Canadian First Nation Creditors and Appellants.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
_____
                                                                  :
In re:                                                            :
                                                                  :
PURDUE PHARMA L.P., *et al.*             :        Chapter 11
                                                                  :
                                                                  :        Case No. 19-23649 (RDD)
                     Debtors.[1]                      :        (Jointly Administered)
_____:

**JOINT MOTION OF CERTAIN CANADIAN MUNICIPALITY CREDITORS AND
APPELLANTS AND CERTAIN CANADIAN FIRST NATIONS CREDITORS AND
APPELLANTS FOR THE GRANTING BY THE BANKRUPTCY COURT OF A STAY
PENDING APPEALS, JOINDER TO THE STAY MOTIONS OF THE OFFICE OF THE
UNITED STATES TRUSTEE AND THE STATE OF MARYLAND, AND GRANTING
<u>RELATED RELIEF</u>**

**TO:    THE HONORABLE ROBERT D. DRAIN,
            UNITED STATES BANKRUPTCY JUDGE:**

The above referenced Certain Canadian Municipality Creditors and Appellants and Certain

Canadian First Nations Creditors and Appellants in these proceedings (collectively, the "**CMFN**")

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014). The Debtors shall include their affiliates and other entities under their control. The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

1

hereby file this *Joint Motion of Certain Canadian Municipality Creditors and Appellants and Certain Canadian First Nations Creditors and Appellants for the Granting by the Bankruptcy Court of a Stay Pending Appeals, Joinder to the Stay Motions of the Office of the United States Trustee and the State of Maryland, and Granting Related Relief* (the "**Motion**"). In support of this Motion, the CMFN respectfully state as follows:

### Relief Requested

1. By the within Motion, and pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 8007 and 9013, the CMFN hereby seek a Stay of the Confirmation Order and Related Orders Pending Appeal Pursuant to Federal Rule of Bankruptcy Procedure 8007. The Motion seeks a stay pending the CMFN's respective appeals of the Court's September 1, 2021 oral ruling, and the subsequent September 17, 2021 *Modified Bench Ruling on Request for the Confirmation of the Eleventh Amended Joint Chapter 11 Plan* (CM/ECF Bankruptcy Docket Entry 3786) and the *Findings of Fact, Conclusions of Law, and Order Confirming the Twelfth Amended Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and its Affiliated Debtors* (CM/ECF Bankruptcy Docket Entry 3787). In support thereof, the CMFN respectfully state:

### Joinder

2. On September 15, 2021, the Certain Canadian Municipalities filed with this Court a Notice of Appeal and Civil Cover Sheet as to this Court's September 1, 2021 Oral Ruling. (CM/ECF Docket Entry 3774). Said *Notice of Appeal* was subsequently docketed by the United States District Court for the District of New York and is pending under United States District Court Docket Number 7:21-cv-07961. Said *Notice of Appeal* shall be formally amended to include the Modified Bench Ruling and Findings of Fact and Plan Confirmation Order.

3. On September 15, 2021, the Certain Canadian First Nations filed with this Court a Notice of Appeal and Civil Cover Sheet as to this Court's September 1, 2021 Oral Ruling.

2

(CM/ECF Docket Entry 3775). Said *Notice of Appeal* was subsequently docketed by the United States District Court for the District of New York and is pending under United States District Court Docket Number 7:21-cv-07962. Said *Notice of Appeal* shall be formally amended to include the *Modified Bench Ruling and Findings of Fact and Plan Confirmation Order*, although it is the understanding of the CMFN that when an appeal is timely taken form an oral decision subsequently confirmed or modified by written decision or Order, the appeal becomes an appeal of those decisions and orders.

4. On September 15, 2021, the Office of the United States Trustee ("OUST") filed with this Court its *Motion for a Stay of Confirmation Order and Related Order Pending Appeal Pursuant to Federal Rule of Bankruptcy Procedure 8007*, and associated *Memorandum of Law*. (CM/ECF Docket Entry 3778).

5. On September 29, 2021, the Attorney General of the State of Maryland filed with this Court the *State of Maryland's Motion for Stay of Confirmation Orders[3786, 3787 and Trust Advances Order [3773] Pending Appeal* (CM/ECF Docket Entry 3845).

6. As of the time and date hereof, in addition to the appeals filed by the OUST and the CMFN, (7) seven other US states, and the District of Columbia, have also filed appeals essentially from the Confirmation Order.

7. Upon information and belief, the majority of the appealing states, the OUST, and the District of Columbia consent and agree to consolidation of the appeals and certification of same for expedited appeal to the Second Circuit.

8. Upon information and belief, both the OUST and separately certain of the states will be filing motions to this Court for certification of the appeals to the Second Circuit.

3

9. As represented by counsel hereon at the Bankruptcy Court Scheduling Conference on September 30, 2021, the CMFN consent to certification and expedited review of their appeals to the Second Circuit.

10. As to the CMFN pending appeals, the CMFN join in the respective stay pending appeal motions of the Office of the Unites States Trustee, and the State of Maryland.

11. In the interest of brevity, to avoid redundant briefing or argument, and so as to simplify proceedings as to the pending stay motions, the CMFN Creditors and Appellants respectively adopt the respective legal arguments of both the Office of the Unites States Trustee, and the State of Maryland. And in point of fact, on many issues, the CMFN have the same legal issues and arguments as to the referenced orders as the Office of the United States Trustee and the State of Maryland, on appeal, and as to the Stay.

12. Nevertheless, there CMFN are distinct from all other Appellants to date in a number of key respects, and although legal arguments may be similar or aligned, their interests may not be entirely aligned.

13. Moreover, the failure of this Court to enter an immediate stay of the Confirmation Order has different ramifications and effects, and works different hardships, as to the CMFN.

14. First, the CMFN are not US States, districts or departments. The Canadian First Nations are inarguably and on a *prima facie* basis non-US foreign sovereigns. For the purposes of the applicable statutes in issue and addressed briefly herein, the Canadian Municipalities are also entitled to treatment as foreign sovereigns.

15. Second, unlike each of the US appellant States or District, the CMFN are treated under the Plan as general unsecured creditors in Class 15(c), and they are not entitled to the benefits and treatment afforded the states under the NOAT Trust, the related Tribal Trust, and no claims channeling is provided for them under the Plan. The resultant treatment and prospective recovery

4

by the CMFN is thus demonstrably and completely different from the other appealing US States, and District, under the Plan.

16.     Third, for various aspects of the Plan to be effective *in toto* as to the CMFN, the Plan must first be recognized by order of the Canadian courts.

17.     Thus despite being similar, there are, as described further herein, marked differences in the harms resultant from this Court's failure to issue a stay pending appeal.

18.     For clarity, I restate the general standard for the granting of a stay by a bankruptcy court on an appeal of its order, which involves consideration of four factors:

- whether the movant will likely succeed on the merits on appeal;

- whether the movant will suffer irreparable injury if the stay is denied;

- whether issuance of the stay will substantially injure the other parties interested in the proceeding; and

- where the public interest lies.

*Nken v. Holder*, 556 U.S. 418, 426 (2009).

19.     On consideration with particularly reference to the below analysis, the CMFN meet the applicable standard for the issuance of a stay pending appeal.

### I.     Issues Pertaining to the CMFN as Foreign Sovereigns on Appeal

20.     As stated, the CMFN are not US States, districts or departments and for all relevant purposes are non-US foreign sovereigns.

21.     The CMFN raised a number of legal grounds in opposition to the Plan, which form the basis for their respective appeals, in their July 19, 2021 *Objection of Certain Canadian Municipality Creditors and Canadian First Nation Creditors to Confirmation of the Sixth Amended Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and Affiliated Debtors* (CM/ECF Docket Entry 3275).

5

22. The stay related issues as to a number of those grounds are amply addressed by the OUST's stay motions, and that of the State of Maryland.

23. Nevertheless, the CMFN note one issue that they raised and pursued with regard to the Plan that is subject to appeal by the CMFN, and likely the CMFN alone. Same is the argument that as non-US foreign sovereigns, the CMFN respectively are protected by the Foreign Sovereign Immunities Act ("FSIA") as to non-debtor, non-consensual third party releases.

24. The CMFN noted in their Plan Objection that they are otherwise not subject to any of the enumerated exceptions to the FSIA. Moreover, the CMFN argue that 11 USC 106 of the Bankruptcy Code, as to waivers of sovereign immunity as to non-US sovereigns in bankruptcy, does not on its face, nor was it intended, to apply to foreign sovereign creditors like the CMFN and does not abrogate the prior enacted FSIA – particularly insofar as Section 106 is in effective a counterclaim driven statute intended to preserve affirmative claims, and or avoidance claims, of a debtor or trustee as to parties participating in the case.

25. Here, the Debtors or any subsequently appointed trustee have no affirmative claims, whether for fund or on avoidance, against the CMFN. In effect, the non-consensual, non-debtor, third party releases work a taking from the CMFN, and potentially all Canadian creditors, without due process. *See generally*, *In re Aegean Marine Petroleum Network Inc.*, 599 B.R. 717 (Bankr. S.D.N.Y. 2019).

26. As to this issue, this Court, at argument on August 27, 2021 stated: "I understand your objection, and I think it really comes down to the Court's, the Circuit Court's, analysis of, first, what is being done when a plan does enjoin the prosecution of a third-party claim; and secondly, whether, by its plain terms, 106(a)(1) and (b) permit that with regard to an entity, a governmental entity that has sovereign immunity." (Transcript of Argument, August 27, 2021, Page 137, lines 3-9). I will not attempt to characterize this Court's own statement, other than to say that my

6

interpretation of it at argument suggested to me that the CMFN possessed at least a colorable claim on an appeal of this issue.

27. At its heart, this issue regards whether a non-Article III Judge, or even an Article III Judge under the circumstances, can invoke a taking, with or without due process, in the form of compelled, non-consensual third party releases under a confirmed plan, against a foreign sovereign.

28. Obviously this question strikes at comity, the US Constitution, US relations with foreign nations, the scope and extent of the jurisdiction of the Federal Courts, and two Federal statutes under which the Plan causes conflict. And ultimately, as addressed further herein, this issue not only impacts the Plan in the US, but also the pending recognition of same in Canada.

## II. The CMFN are Not Beneficiaries Under the NOAT and Therefore will Never Have the Benefit of the Abatement Relief Provided Thereunder

29. Unlike each of the US appellant States or District, the CMFN are treated under the Plan as general unsecured creditors in Class 15(c), and they are not entitled to the benefits and treatment afforded the states under the NOAT Trust, the related Tribal Trust, and no claims channeling is provided for them under the Plan. The resultant treatment and prospective recovery by the CMFN is thus demonstrably and completely different from the other appealing US States, and District, under the Plan.

30. In principal, the Plan deprives Canadian Creditors of the scope and breadth of abatement provided to the citizens of US Creditor states.

31. For the CMFN, their pursuit of the within matter has never been entirely about money. As stated on the record, the CMFN wish to be availed of the same life-saving abatement treatments, process and materials that the US States, municipalities and tribes will be able to avail themselves of under a confirmed Plan.

32. The Debtors and certain Committees, Ad Hoc Groups, the Unsecured Creditors Committee and I suppose others, in and out of Court, have averred that in terms of a balancing of harms, the greater harm is the delay of an appellate proceeding, while human beings die each day from causes directly or indirectly linked to the Debtors, without abatement. First, the Canadian position here could have been entirely avoided by the Debtors and these Ad Hoc Groups and Committees had they taken any steps to address Canadian injuries, claims and abatement in a fashion at least similar to that applied to US States, municipalities and tribes. At the end of the day, the very committee acting for the benefit of unsecured creditors, the class in which the CMFN is apparently included, managed an allocation of just $15,000,000.00 for said class, without any abatement.

33. Balancing of the hardships? Canadian citizens are dying and will continue to die through lack of any abatement under the Plan. Narcan and equivalent products that US States, municipalities and tribes will receive under the Plan as abatement will never be received under the Plan in Canada. One supposes that the Canadian Municipalities and First Nations who receive an unsecured distribution under the Plan could use those funds to buy such abatement products and establish their own abatement programs – though it is hard to see how far flung First Nations and small Canadian Municipalities acting independently can economically and effectively do so in a manner similar to parallel US entities without the backing and structure afforded similar US entities under the Plan. And under this scenario, as to those Canadian Municipalities and First Nations who did not file claims – I guess some would say their hardship does not even factor into the equation.

### III.    CCAA Issues on Balance

34. At present, the Foreign Representative in Canada has filed a motion in the previously referenced CCAA proceeding, for an Order recognizing in Canada the Plan Confirmation Order. Canadian insolvency counsel for the CMFN has appeared in the Canadian

proceeding, and on the recognition motion, which was adjourned. The CMFN have indicated their intention to oppose Canadian recognition of the Plan. In light of same, the CCAA determined to carry the CCAA recognition hearing to November 9, 2021, and has put in place a briefing schedule with respect to same.

35.     There is no question that the CMFN will effectively brief and vigorously argue against CCAA recognition of the Plan, whether as to a total denial of recognition, or a modified recognition to the extent that the CCAA is willing, permitted and interested to do so.

36.     There are multiple legal and public policy basis that the CMFN will argue before the CCAA, including but not limited to the fact that the broad non-consensual non-debtor third party releases deprive or potentially deprive Canadian creditors of rights against certain released parties, trusts and entities whether in the US, Canada, or elsewhere. These arguments relate to the acts of certain released parties, the transfer of funds out of Canada during certain applicable periods, and other related issues.

37.     At the last CCAA hearing as to recognition, Judge Conway indicated that should a stay of the US Plan be issued, she wishes to be advised of same by the parties immediately.

38.     There are obvious issues here that relate to both comity and international relations. In addition, there is the hardship which arises, both as to the Canadian Courts and the Canadian creditors (generally, and including but not limited to the CMFN) should the CCAA recognize the US Plan, and should it be subsequently modified or denied on US appeal, which would likely cause a return to the CCAA insofar as it would have recognized an ineffective Plan.

39.     It would seem logical that the CCAA would prefer to engage in the recognition process and analysis as to a Plan which is final and not subject to US appeal.

40.     Moreover, the CCAA presides over Canadian non-debtor assets in the form of Canadian independent affiliated companies ("IAC's"). Once the US plan is recognized, upon

information, the Canadian assets will be free of the stay in place in Canada related to this Foreign Main Proceeding. The IAC's are an integral part of the settlement agreements which ungird the Plan. Should certain steps be taken as to the non-debtor IAC's after recognition, but while appeals are pending, same could cause material changes in position or ownership that could render the pending appeals equitably moot. And whether or not such ramifications render any appeal equitably moot, they would make a subsequent resolution along the lines envisaged by the parties and this Court more difficult, and perhaps impossible.

41. In sum, given the desire of the appellants to reach an expedited resolution at the circuit level, given the fact that it appears that the Plan itself may not become effective until at earliest late November 2021, and given the difficulties that the CCAA court may face under its own law in addressing recognition of the Plan pending appeal and a final Order in the US, just as it seems in the best interest of all to enable an expedited, full and final resolution of all issues on appeal in the US, so too does it appear proper to enable such a similar resolution for Canada.

## Conclusion

42. In conclusion, the CMFN believe they have met the standard for issuance of a stay pending appeal.

43. As to whether the CMFN will succeed on the merits on appeal, the CMFN believe that there is ample evidence to suggest that as to their appeal related to the issues of the FSIA, Section 106, and the immunity of foreign sovereigns as to takings by way of non-debtor, non-consensual third party releases in bankruptcy plans, the CMFN have a strong probability of success.

44. As to whether the CMFN will suffer irreparable injury if the stay is denied, the CMFN has illustrated both the physical harm to Canadian citizens of the municipalities and First Nations, and the harm to the legal process and comity should the CCAA court be required to revisit

a prior recognition subsequent to a successful appeal, or should certain changes as to assets in IACs take place post recognition but prior to finality.

45. As to whether issuance of the stay will substantially injure the other parties interested in the proceeding, given the number of appealing states and the size of their populations and given that the Plan will not go effective until late November at best, yes there is potentially describable harm to both those who would support a stay, and those who would oppose it, but on balance, a correct and final result is absolutely critical for all under the circumstances. And this as well is where the public interest lies – whether as to public health, international relations and the continued belief in our legal process, by both our citizens, and our neighbors. On this final point, the CMFN reserve the right, subject to Court approval and objection, to introduce limited testimony in the form of no more than two declarations as to the harms worked upon the CMFN in the absence of a stay.

46. Finally, in the interest of brevity, the CMFN rely on the proposed form of Order submitted by the Office of the US Trustee in Support of its similar and joined motion. The CMFN will prepare and submit a separate form of Order if required at the hearing.

Dated: October 1, 2021                                  Respectfully submitted,

/s/ Allen J. Underwood, II
**LITE DEPALMA GREENBERG
& AFANADOR, LLC**
Allen J. Underwood II, Esq.
570 Broad Street, Suite 1201
Newark, New Jersey 07102
Tel: (973) 623-3000
Fax: (973) 623-0858
e-mail: aunderwood@litedepalma.com

*Counsel to Certain Canadian Municipal Creditors and Appellants
and Certain Canadian First Nation Creditors and Appellants*