Rob Bonta
Attorney General of California
Nicklas A. Akers
Senior Assistant Attorney General
Judith A. Fiorentini (pro hac vice)
Bernard A. Eskandari (pro hac vice)
Supervising Deputy Attorneys General
Michelle Burkart (pro hac vice)
Timothy D. Lundgren (pro hac vice)
Deputy Attorneys General
300 South Spring Street, Suite 1702
Los Angeles, CA 90013
(213) 269-6348
bernard.eskandari@doj.ca.gov

*Attorneys for the State of California and
the People of the State of California*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| PURDUE PHARMA L.P., *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

### CALIFORNIA'S REQUEST FOR CERTIFICATION OF DIRECT APPEAL TO THE COURT OF APPEALS AND JOINDER TO THE APPEALING STATES' MOTION FOR CERTIFICATION UNDER 28 U.S.C. § 158(d)(2)(A)

The State of California and the People of the State of California, by and through Attorney General Rob Bonta (collectively, "California"), respectfully request that the Court certify for direct appeal—to the U.S. Court of Appeals for the Second Circuit—California's appeal [Dkt.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014).

1

#3813] of the *Modified Bench Ruling on Request for Confirmation of Eleventh Amended Joint Chapter 11 Plan* [Dkt. #3786] and the *Findings of Fact, Conclusions of Law, and Order Confirming the Twelfth Amended Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and Its Affiliated Debtors* ("Order") [Dkt. #3787]. 28 U.S.C. § 158(d)(2)(A); Fed. R. Bankr. P. 8006. California also joins in *The Appealing States' Motion for Certification Pursuant to 28 U.S.C. § 158(d)(2)(A)* ("Appealing States' Certification Request"). [Dkt. #3871.]

For certification of a direct appeal to the Court of Appeals, only one of the listed criteria of 28 U.S.C. § 158(d)(2)(A)(i)-(iii) needs to be met. Here, California's appeal meets all four: (i) there is no controlling Second Circuit or U.S. Supreme Court authority on the proprietary of nonconsensual third-party "releases" of sovereign state police-power actions in bankruptcy plans of reorganization; (ii) this matter is of unquestionable public importance as the Court has repeatedly recognized, *see, e.g.*, *Mark IV Indus., Inc. v. N.M. Env't Dep't*, 452 B.R. 385, 388 (S.D.N.Y. 2011) ("Public importance exists when the matter on appeal transcends the litigants and involves a legal question the resolution of which will advance the cause of jurisprudence to a degree that is usually not the case."); (iii) the Order appealed from involves a question of law requiring resolution of conflicting decisions, *compare* Order *with In re Aegean Marine Petroleum Network Inc.*, 599 B.R. 717, 723 (Bankr. S.D.N.Y. 2019) ("A bankruptcy court has no *in rem* jurisdiction over such third-party claims."); and (iv) an immediate appeal from the Order will materially advance the progress of the case by providing a "prompt, determinative ruling." *Weber v. United States*, 484 F.3d 154, 158 (2d Cir. 2007).

Because at least one of the listed criteria of 28 U.S.C. § 158(d)(2)(A) is met here, and for the reasons set forth in the Appealing States' Certification Request, certification is mandatory. 28

U.S.C. § 158(d)(2)(B) ("shall make the certification"); *accord, e.g.*, *Homaidan v. Sallie Mae, Inc.*, No. 19-00935, 2020 WL 5668972, at *2 (E.D.N.Y. Feb. 25, 2020).

Dated: San Ramon, CA  
       October 1, 2021

Respectfully submitted,

*/s/ Bernard A. Eskandari*  
BERNARD A. ESKANDARI  
Supervising Deputy Attorney General

## CERTIFICATE OF SERVICE

I, Bernard A. Eskandari, hereby certify that, on October 1, 2021, I caused true and correct copies of the foregoing document and its attachments to be served by (i) the Court's Case Management/Electronic Case File (CM/ECF) System to all parties who are deemed to have consented to electronic service; (ii) email upon the parties who provided email addresses set forth in the Master Service List maintained by the Debtors in respect of these chapter 11 cases; and (iii) email upon the chambers of the Honorable Judge Robert D. Drain (rdd.chambers@nysb.uscourts.gov) and the Office of the United States Trustee for the Southern District of New York (paul.schwartzberg@usdoj.gov).

*/s/ Bernard A. Eskandari*
BERNARD A. ESKANDARI