DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
James I. McClammy
Eli J. Vonnegut

*Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.**, *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

### DEBTORS' OMNIBUS OBJECTION TO RONALD BASS'S DERIVATIVE AND FRAUDULENT CONVEYANCE MOTION AND SUPPORTING LETTER

Purdue Pharma L.P. ("**PPLP**") and its affiliates that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**," the "**Company**," or "**Purdue**") respectfully represent as follows in opposition to the *Derivative and Fraudulent Conveyance Motion* [Dkt.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717), and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

No. 3619] (the "**Motion**") and *Letter to Judge Drain in Support of the Hearing for the Motion of October 2021 Regarding Claim 89590* [Dkt. No. 3721] (the "**Letter**," and together with the Motion, the "**Pleadings**") filed by Ronald Bass ("**Mr. Bass**"):

1.  Mr. Bass asserts that the "State of New Jersey . . . discriminat[ed] against [him] for past non-violent crimes [because of] drug addiction" and that he "was stigmatize[d] because of [his] disability and drug addiction." (Ltr. at 1.) According to Mr. Bass, he was denied "essential services," including "early childhood intervention for [his] son." (*Id.* at 1, 3.) Mr. Bass further asserts that "the State of New Jersey . . . shares the financial responsibilities of . . . [the] national opiate epidemic in the United States and specifically through[out] the State of New Jersey" because of its "investment in the stock market for shares in . . . [p]harmaceutical [c]ompanies" and actions taken against Mr. Bass that were "contrary to the American[s] with Disabilities Act of 1990." (Mot. at 2-3.) Mr. Bass requests, pursuant to Federal Rule of Bankruptcy Procedure 7019, that this Court and the U.S. Trustee join several "[d]ebtors and [d]efendants," including, among others, the New Jersey Department of the Treasury Division of Investment, the Chief of the New Jersey Bureau of Securities, the New Jersey Office of the Attorney General, and various opioid manufacturers, distributors, and prescribers. (*Id.* at 2-4.) Mr. Bass also requests that (i) the U.S. Trustee "file a derivative claim[] to protect [his] claims against fraudulent conveyance" (*id.* at 4), (ii) this Court and the U.S. Trustee "avoid and stop payouts to the settlements with the State of New Jersey" (*id.*), and (iii) his "claims [be allowed to] hold[] a first in line position for compensation for losses and damages" (*id.* at 5).

2.  Although the Debtors remain sympathetic to all of those affected by the opioid crisis, including Mr. Bass and other individual victims and their families, the Debtors must object to the Pleadings. *First*, to the extent Mr. Bass is seeking to assert claims or causes of

2

action against the State of New Jersey and other non-Debtors,[2] this Court and these proceedings are not the appropriate forum. To the extent that Mr. Bass is seeking relief pursuant to Bankruptcy Rule 7019, that rule only applies to adversary proceedings and only to the extent that the Court has jurisdiction over the subject matter and venue is proper. *See* Fed. R. Bankr. P. 7019. These chapter 11 cases are simply not the forum in which to litigate the claims and issues raised by Mr. Bass.

3.     *Second*, to the extent Mr. Bass is seeking to recover on his claims against the Debtors for his alleged injuries, he must seek recovery from the PI Trust established pursuant to the *Twelfth Amended Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and Its Affiliated Debtors* [Dkt. No. 3726] (the "**Plan**"), which was confirmed by this Court on September 17, 2021 [Dkt. No. 3787]. Pursuant to the Plan, recovery on Mr. Bass's claims[3] "shall be exclusively in the form of Distributions from the PI Trust Non-NAS Fund [or NAS Fund]," depending on the type of PI claim asserted. (Plan § 4.10(b)(i), (c)(i).)

4.     *Third*, to the extent Mr. Bass is seeking to recover on his claims against the Debtors before other claimants, in full, and/or outside of the PI Trust Distribution Procedures [*see* Dkt. No. 3528] process, such relief is inequitable and not allowed under the Bankruptcy Code. Indeed, as this Court has noted, "the payment in full of [certain] [c]laims but not all

---

[2] Mr. Bass filed a *Notice of Appeal* [Dkt. No. 3810] (the "**Appeal**") on September 23, 2021. Through the Appeal, Mr. Bass is attempting to join many of the same non-Debtors included in the Motion, as well as additional non-Debtors, ostensibly in an effort to recover against those non-Debtors for "violati[ng] the American[s] with Disabilities Act of 1990," which, according to Mr. Bass, the Plan "shield[s]" from liability. (Appeal at 1-3.)

[3] Mr. Bass timely filed claim number 89590, which is referenced in both the Motion and the Letter. Mr. Bass filed subsequent amending claims, and Mr. Bass's children filed claims. Pursuant to paragraph 5 of the Court's initial order establishing the deadline to file proofs of claim in these cases [Dkt. No. 800], Mr. Bass's and his children's proofs of claim are not available on the public docket maintained on Prime Clerk LLC's restructuring website for these cases.

claims similarly situated to the [c]laims before the confirmation and effective date of a chapter 11 plan in these cases would violate the fundamental Bankruptcy Code principles of similar treatment of similar claims and the resolution and treatment of general unsecured claims under a chapter 11 plan and is not warranted by any exception to such principles." (*See* Order Denying Mot. for Immediate Claim Payment, at 1-2 (Dec. 16, 2020), Dkt. No. 2145; *see also* Jan. 20, 2021 Omnibus Hr'g Tr. 70:25-71:3 (denying a motion seeking payment of a claim and noting that "it is highly unusual, unless there's a net benefit to the other creditors, to pay a pre-petition, unsecured claim before similarly situated claims are paid").)

5.  For the reasons set forth above, the Debtors respectfully request that the Court deny the Motion without prejudice to any rights Mr. Bass may have under the Plan with regard to his proofs of claim. The Debtors have consulted with the advisors to the Official Committee of Unsecured Creditors, who agree that the Motion should be denied.

Dated: October 7, 2021
      New York, New York

/s/ James I. McClammy
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
James I. McClammy
Eli J. Vonnegut

*Counsel to the Debtors
and Debtors in Possession*