**Presentment Date and Time: October 25, 2021, at 10:00 a.m. (prevailing Eastern Time)**
**Objection Date and Time: October 22, 2021, at 4:00 p.m. (prevailing Eastern Time)**

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut
Christopher S. Robertson

*Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (RDD)** |
| **Debtors.**[1] | **(Jointly Administered)** |

**NOTICE OF PRESENTMENT OF APPLICATION OF DEBTORS
FOR AUTHORITY TO SUPPLEMENT RETENTION AND
EMPLOYMENT OF CORNERSTONE RESEARCH FOR ANTITRUST
<u>CONSULTING SERVICES EFFECTIVE OCTOBER 1, 2021</u>**

**PLEASE TAKE NOTICE** that on October 11, 2021, Purdue Pharma L.P. and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

(collectively, the "**Debtors**") filed the annexed *Application of Debtors for Authority to Supplement Retention and Employment of Cornerstone Research for Antitrust Consulting Services Effective October 1, 2021* (the "**Supplemental Application**").

**PLEASE TAKE FURTHER NOTICE** that, unless a written objection to the Supplemental Application is served and filed with proof of service with the Clerk of the Court, and a courtesy copy is delivered to the undersigned and to the chambers of the Honorable Robert D. Drain, so as to be received by **October 22, 2021 at 4:00 p.m. (prevailing Eastern Time)**, there will not be a hearing to consider such Supplemental Application, and an order, substantially in the form attached to the Supplemental Application as **Exhibit 1** (the "**Proposed Order**"), will be presented for signature by the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court, 300 Quarropas Street, White Plains, New York 10601, on **October 25, 2021 at 10:00 a.m. (prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that, if a written objection is timely filed and served with respect to the Supplemental Application, a hearing (the "**Hearing**") will be held to consider the Supplemental Application before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court, 300 Quarropas Street, White Plains, New York 10601, on a date to be announced.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing and a failure to appear may result in relief being granted upon default.

**PLEASE TAKE FURTHER NOTICE** that copies of the Supplemental Application may be obtained free of charge by visiting the website of Prime Clerk LLC at https://restructuring.primeclerk.com/purduepharma. You may also obtain copies of any pleadings by visiting the Bankruptcy Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

Dated: October 11, 2021
New York, New York

        DAVIS POLK & WARDWELL LLP

        By: */s/ Eli J. Vonnegut*

        450 Lexington Avenue
        New York, New York 10017
        Telephone: (212) 450-4000
        Facsimile: (212) 701-5800
        Marshall S. Huebner
        Benjamin S. Kaminetzky
        Timothy Graulich
        Eli J. Vonnegut
        Christopher S. Robertson

        *Counsel to the Debtors*
        *and Debtors in Possession*

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut

*Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.,** *et al.*, | Case No. 19-23649 |
| Debtors.[1] | (Jointly Administered) |

**APPLICATION OF DEBTORS FOR AUTHORITY TO SUPPLEMENT RETENTION
AND EMPLOYMENT OF CORNERSTONE RESEARCH FOR ANTITRUST
<u>CONSULTING SERVICES EFFECTIVE OCTOBER 1, 2021</u>**

Purdue Pharma L.P. ("**PPLP**") and its affiliates that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**") hereby represent in support of this application (this "**Supplemental Application**") for authority to supplement the retention and employment of Cornerstone Research ("**Cornerstone**") as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P., Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

**Jurisdiction and Venue**

1.  The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Debtors consent to entry of a final order by the Court in connection with this Supplemental Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

2.  On September 15, 2019 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtors' chapter 11 cases. On September 27, 2019 the Office of the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed an official committee of unsecured creditors.

3.  The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Bankruptcy Rules and the *Order Directing Joint Administration of Chapter 11 Cases* [ECF No. 59] entered by the Court in each of the chapter 11 cases. Additional information about the Debtors' businesses and the events leading up to the Petition Date can be found in the *Debtors' Informational Brief* [ECF No. 17].

4. On May 13, 2020, the Debtors filed the *Application of Debtors for Authority to Retain and Employ Cornerstone Research as Consultants to the Debtors Nunc Pro Tunc to January 14, 2020* [ECF No. 1150] (the "**Initial Retention Application**").[2] A copy of the Engagement Letter is attached to the Initial Retention Application as **Exhibit B**. In support of the Initial Retention Application, the Debtors also submitted the Declarations of Thomas O. Powell (the "**Initial Powell Declaration**") and Richard Silbert, which declarations were attached as **Exhibits C** and **D**, respectively, to the Initial Retention Application.

5. On June 11, 2020, the Court entered its *Order Authorizing the Retention and Employment of Cornerstone Research as Consultants for the Debtors Nunc Pro Tunc to January 14, 2020* [ECF No. 1255] (the "**Initial Retention Order**").

**Relief Requested**

6. By this Supplemental Application and pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), the Debtors seek entry of an order supplementing the retention and employment of Cornerstone to provide additional consulting services in connection with antitrust matters with respect to an opioid product (the "**Antitrust Matter**").

7. A proposed form of order granting the relief requested in this Supplemental Application is attached hereto as **Exhibit A** (the "**Proposed Order**"),

8. In support of the relief requested herein, the Debtors submit the *Fourth Supplemental Declaration of Thomas O. Powell* (the "**Fourth Supplemental Powell Declaration**"), attached hereto as **Exhibit B**.

---

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the Initial Retention Application.

3

**Scope of Cornerstone's Supplemental Services**

9. As set forth in the Initial Retention Application and the Engagement Letter, the Debtors retained Cornerstone to provide certain consulting services to the Debtors (collectively, the "**Initial Services**") including: quantitative analysis regarding the valuation of claims brought against the Debtors by claimants including, but not limited to, hospitals, insurers and other third party payors, ratepayers, personal injury claimants, NAS claimants, governmental claimants, and Native American tribes.

10. The Debtors seek to expand the scope of Cornerstone's employment and retention to allow Cornerstone to provide the following additional services (the "**Supplemental Services**") set forth in the *Addendum to the Engagement Letter*, dated October 1, 2021, attached hereto as **Exhibit C** (the "**Engagement Letter Addendum**"): quantitative and qualitative analysis related to the relevant market in which the Antitrust Matter should be analyzed and whether Purdue has market power in that relevant market, and quantitative and qualitative analysis of the competitive effects, if any, from the conduct at issue in the Antitrust Matter.

11. Subject to approval of this Supplemental Application, Cornerstone has informed the Debtors that it is willing to provide the Supplemental Services.

**Cornerstone's Qualifications and the Need for Cornerstone's Services**

12. The Debtors submit this Supplemental Application because of the need to retain qualified antitrust consultants to assist them with certain critical tasks associated with the Antitrust Matter.

13. As set forth in the Fourth Supplemental Powell Declaration, Cornerstone professionals have extensive experience in delivering services of this type. Cornerstone professionals have extensive experience analyzing issues related to market definition, market power and competitive effects across a wide range of industries, including pharmaceuticals.

Cornerstone professionals have conducted extensive research on pharmaceutical markets and have a deep understanding of the institutions and regulations that govern pharmaceutical competition.

14. Due to Cornerstone's experience and knowledge in the areas for which the Supplemental Services will be provided, as well as their long-standing relationship with the Debtors, Cornerstone is well qualified and uniquely able to provide the Supplemental Services, and Cornerstone's retention would be in the best interest of the Debtors' estates, creditors, and other parties in interest.

## Cornerstone's Disinterestedness

15. Cornerstone has informed the Debtors that, as of the date hereof, except as set forth in the Initial Powell Declaration, (a) Cornerstone has no connection with the Debtors, their creditors, equity security holders, or other parties in interest in these Chapter 11 Cases; (b) Cornerstone does not hold or represent any entity having an interest adverse to the interests of the Debtors' estates or of any class of creditors or equity security holders; and (c) Cornerstone (i) is not a creditor, equity security holder, or an insider of the Debtors, and (ii) is not or was not, within two years before the Petition Date, a director, officer, or employee of any of the Debtors. In addition, none of the Cornerstone professionals expected to assist the Debtors in these chapter 11 cases are related or connected to any United States Bankruptcy Judge for the Southern District of New York, the U.S. Trustee, or any person employed in the office of the U.S. Trustee.

16. The Debtors have been informed that Cornerstone will supplement the Initial Powell Declaration if any facts or circumstances are discovered that require additional disclosure.

17. Based on the foregoing, the Debtors believe that Cornerstone is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

**Cornerstone's Compensation for the Supplemental Services**

18. The hourly billing rates for Cornerstone professionals expected to spend significant time on the engagement are set forth below.[3]

| Name | Title | 2021 Rate |
|---|---|---|
| Celeste Saravia | Vice President | $850 |
| Zoya Marriott | Vice President | $845 |

19. In addition to the hourly billing rates set forth herein, Cornerstone customarily charges its clients for all reimbursable expenses incurred, including photocopying charges, messengers, courier mail, overtime, overtime meals, late night transportation, travel, lodging, meal charges for business meetings, postage, printing, transcripts, filing fees, computer research, and similar items.

20. As set forth in the Initial Powell Declaration, the Debtors understand that Cornerstone will apply to the Court for allowance of compensation and reimbursement of expenses for all professional services performed and expenses incurred after the Petition Date in accordance with General Order M-412 (*Order Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals*, dated December 21, 2010 (Gonzalez, C.J.)), Administrative Order M-447 (*Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, dated January 29, 2013 (Morris, C.J.)), and the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (collectively, the "**Fee Guidelines**"), the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of the Court.

---

[3] Cornerstone's hourly rates are subject to change from time to time in the regular course of Cornerstone's business.

6

21. The Debtors respectfully submit that Cornerstone's rates and policies, as stated in the Powell Declaration, are reasonable and customary. Cornerstone's rates and policies are consistent with Cornerstone's normal and customary billing practices for cases of this size and complexity that require the level of scope and services outlined herein. Moreover, Cornerstone's rates and policies are reasonable in light of (a) industry practice, (b) market rates charged for comparable services both in and out of the chapter 11 context, (c) Cornerstone's substantial experience with respect to antitrust matters, and (d) the nature and scope of work to be performed by Cornerstone in these Chapter 11 Cases.

22. To the best of the Debtors' knowledge, neither Cornerstone nor any Cornerstone professional expected to assist the Debtors with these chapter 11 cases, has received or been promised any compensation for services rendered or to be rendered in any capacity in connection with the Debtors' chapter 11 cases, other than as permitted by the Bankruptcy Code. Cornerstone has agreed not to share compensation received in connection with the Debtors' chapter 11 cases with any other person.

## No Duplication of Services

23. The Debtors intend that the Cornerstone Services will complement, and not duplicate, the services being rendered by any other professional retained in these chapter 11 cases. Cornerstone understands that the Debtors have retained and may retain additional professionals during the term of their engagement and agrees to work cooperatively with such professionals to avoid any duplication of services. The Debtors firmly believe that Cornerstone will provide these necessary services in a cost-effective, efficient, and expert manner.

7

**The Relief Requested Should Be Granted**

24. Section 327(a) of the Bankruptcy Code provides that a debtor, subject to Court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C. § 327(a). Bankruptcy Rule 2014 requires that applications for retention of professionals include, among other things:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm]'s connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).

25. As required by Bankruptcy Rule 2014(a), the above-described facts set forth in this Supplemental Application and the information in the Exhibits attached hereto set forth: (a) the specific facts showing the necessity for Cornerstone's expanded employment; (b) the reasons for the Debtors' selection of Cornerstone as their consultant in connection with the antitrust matter; (c) the professional services proposed to be provided by Cornerstone; (d) the arrangement between the Debtors and Cornerstone with respect to Cornerstone's compensation, including information on hourly fees and the reasonableness thereof; and (e) to the best of the Debtors' knowledge, the extent of Cornerstone's connections, if any, to certain parties in interest in these matters.

26. The Debtors respectfully submit that retaining and employing Cornerstone pursuant to the terms of this Supplemental Application is necessary and in the best interests of the Debtors'

8

estates and all parties in interest in these chapter 11 cases. Accordingly, Cornerstone's retention by the Debtors should be approved.

27. The Debtors also believe that the employment of Cornerstone effective October 1, 2021 to begin performing the Supplemental Services is warranted under the circumstances of these chapter 11 cases so that Cornerstone may be compensated for such services prior to entry of an order approving this Supplemental Application. This Supplemental Application was promptly filed following the proposed retention of Cornerstone for the Supplemental Services. The Debtors have requested that Cornerstone promptly begin providing the Supplemental Services to ensure that the deadlines required by the Debtors to complete the work can be met. Further, no party-in-interest will be prejudiced by authorizing Cornerstone to begin the Supplemental Services on October 1, 2021 and prior to the entry of the Proposed Order because Cornerstone will provide valuable services to the Debtors' estates in the interim period.

## Notice

28. Notice of this Supplemental Application will be provided to: (a) the entities on the Master Service List (as defined in the Case Management Order and available on the Debtors' case website at https://restructuring.primeclerk.com/purduepharma) and (b) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "**Notice Parties**").

29. A copy of this Application and any order approving it will also be made available on the Debtors' Case Information Website located at https://restructuring.primeclerk.com/purduepharma. Based on the circumstances surrounding this Supplemental Application and the nature of the relief requested herein, the Debtors respectfully submit that no further notice is required.

**No Previous Request**

30. No previous request for the relief sought herein has been made by the Debtors to this Court or any other court.

WHEREFORE, the Debtors respectfully request entry of the Proposed Order and such other and further relief as is just.

October 11, 2021
New York, NY

**PURDUE PHARMA L.P.**
(for itself and on behalf of its affiliates
that are debtors and debtors in possession)

*/s/ Jon Lowne*
Jon Lowne
Executive Vice President and
Chief Financial Officer
Purdue Pharma L.P.