UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| PURDUE PHARMA L.P., *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

**ORDER (I) AUTHORIZING THE SALE OF CERTAIN ONCOLOGY-RELATED ASSETS TO CELLACT PHARMA GMBH FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES, (II) AUTHORIZING THE DEBTORS TO ENTER INTO AND PERFORM THEIR OBLIGATIONS UNDER THE APA AND (III) GRANTING RELATED RELIEF**

Upon the motion, by notice of presentment dated September 28, 2021 (ECF No. 3836) (with the exhibits thereto, including the Lowne Declaration, the "**Motion**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for entry of an order (this "**Order**"), pursuant to sections 105(a) and 363 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 9007 and 9014 and Local Bankruptcy Rule 6004-1, authorizing Debtor Purdue Pharma L.P. to sell the Acquired Assets to CellAct Pharma GmbH (the "**Purchaser**") pursuant to the APA; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion or the APA, as applicable.

therein being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion and the opportunity for a hearing thereon having been provided to the Notice Parties; and there being no objections to the requested relief; and no additional notice or a hearing being required under the circumstances; and, after due deliberation, the Court having determined that the legal and factual bases set forth in the Motion and Lowne Declaration establish good and sufficient cause for the relief granted herein, in that the proposed Sale is a proper exercise of the Debtors' business judgment, at arms-length and in good faith for purposes of section 363(m) of the Bankruptcy Code and in the best interests of the Debtors, their estates, their creditors and all other parties in interest, and, further, that the Debtors have established one or more of the grounds under section 363(f) of the Bankruptcy Code for the Sale of the Acquired Assets to be free and clear of liens, claims, interests and encumbrances, if any, on the Acquired Assets as provided in paragraph 8 hereof; now, therefore,

**IT IS HEREBY ORDERED THAT:**

1. The Motion and the relief requested therein is granted and approved as set forth herein.

2. All persons and entities given notice of the Motion that failed to timely object thereto are deemed to consent to the relief sought therein.

3. Notice of the Motion and the opportunity for a hearing thereon was due and sufficient under the circumstances and complied in all respects with section 102(1) of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004.

4. Pursuant to section 363(b) of the Bankruptcy Code, the Debtors are hereby authorized (but not directed) to (a) consummate the Sale pursuant to and in accordance with the terms of the APA and (b) execute and deliver, perform under, consummate, implement and take

any and all other acts or actions as may be reasonably necessary or appropriate to their performance of their obligations as contemplated by the APA, including paying any expenses or costs that are required to be paid in order to consummate the Sale contemplated by the APA or to perform their obligations under any agreement related thereto.

5. The APA, and all transactions contemplated therein, are hereby approved, and such APA and any related agreements, documents or instruments may be modified, amended or supplemented by the parties thereto in accordance with the terms thereof, without further notice to or order of the Court, so long as any such modification, amendment or supplement does not have a material adverse effect on the Debtors' estates and does not otherwise conflict with this Order. The failure specifically to include any particular provision of the APA in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the APA be authorized and approved in its entirety.

6. The Debtors have exercised sound business judgment in connection with the Sale. The APA was negotiated, proposed and entered into by the Debtors and the Purchaser without collusion, in good faith and from arm's-length bargaining positions. The Purchaser is purchasing the Acquired Assets in good faith and for fair and reasonable consideration, and the Purchaser is a good-faith purchaser within the meaning of section 363(m) of the Bankruptcy Code and is not an "insider" of any Debtor (as defined under section 101(31) of the Bankruptcy Code). The Purchaser is therefore entitled to the full rights, benefits, privileges and protections afforded under section 363(m) of the Bankruptcy Code and any other applicable or similar bankruptcy or nonbankruptcy law. Accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the Sale unless such authorization and consummation of the Sale are duly and properly stayed pending such appeal.

7. The Debtors and the Purchaser have not engaged in any conduct that would cause or permit the APA or the consummation of the Sale to be avoided, or damages or costs to be imposed, under section 363(n) of the Bankruptcy Code or otherwise.

8. Pursuant to sections 363(f) and 105(a) of the Bankruptcy Code, upon the closing of the Sale, the Acquired Assets shall be transferred, sold and delivered to the Purchaser free and clear of all liens, claims (including those that constitute a "claim" as defined in section 101(5) of the Bankruptcy Code), rights, liabilities, encumbrances and other interests of any kind or nature (regardless of whether such liens, claims, rights, liabilities, encumbrances or other interests have been asserted, filed or otherwise exist by virtue of any applicable laws), including, without limitation, any debts arising under or out of, in connection with or in any way relating to, any acts or omissions, obligations, demands, guarantees, rights, contractual commitments, restrictions, product liability claims, environmental liabilities, employee pension or benefit plan claims, multiemployer benefit plan claims, retiree healthcare or life insurance claims or claims for taxes of or against the Debtors and any derivative, vicarious, transferee or successor liability claims, rights or causes of action (whether in law or in equity, under any law, statute, rule or regulation of the United States, any state, territory or possession thereof or the District of Columbia), whether arising prior to or subsequent to the commencement of these Chapter 11 cases, whether known or unknown and whether imposed by agreement, understanding, law, equity or otherwise arising under or out of, in connection with or in any way related to the Acquired Assets, the Debtors, the Debtors' interests in the Acquired Assets, the operation of the Acquired Assets before the closing of the Sale or the transfer of the Debtors' interests in the Acquired Assets to the Purchaser. All valid, perfected and enforceable liens, claims, rights, liabilities and encumbrances against, and other interests in, the Acquired Assets that existed immediately prior to the closing of the Sale

shall attach to the proceeds of the Sale in the same order of relative priority and with the same validity, force and effect that the holders of such liens, claims, rights, liabilities encumbrances and other interests had against the Acquired Assets immediately prior to the closing of the Sale and will be subject to any claims and defenses the Debtors may possess with respect thereto. The interests of the holders of such liens, claims, rights, liabilities, encumbrances and other interests are being adequately protected pursuant to the provisions of this Order by having their liens, claims, rights, liabilities, encumbrances and other interests, if any, in each instance against the Debtors, their estates or the Acquired Assets, attach to the proceeds of the Sale in the same order of priority and with the same validity, force and effect that such creditor or interest holder had prior to the Sale, subject to any claims and defenses the Debtors and their estates may possess with respect thereto. All Persons having liens, claims, rights, liabilities, encumbrances and other interests of any kind or nature whatsoever against the Debtors or the Acquired Assets shall be forever barred, estopped and permanently enjoined from pursuing or asserting such liens, claims, rights, liabilities, encumbrances and other interests against the Purchaser or any of its assets or property, including without limitation the Acquired Assets, or any of the Purchaser's affiliates, successors or assigns.

9. The Debtors are hereby authorized (but not directed) to sell the Acquired Assets to the Purchaser pursuant to the APA. The Debtors, as well as their officers, employees and agents, are authorized (but not directed) to execute, deliver and perform their obligations under and comply with the terms of the APA and to consummate the transactions therein, pursuant to and in accordance with the terms and conditions of the APA and this Order. The Debtors and their respective officers, employees and agents are authorized (but not directed) to execute and deliver, and authorized (but not directed) to perform under, consummate and implement, all additional instruments and documents that may be reasonably necessary or desirable to implement the APA

and the Sale. The Debtors and their respective officers, employees and agents are authorized (but not directed) to take all further actions as may be (a) reasonably requested by the Purchaser for the purpose of assigning, transferring, granting, conveying and conferring to the Purchaser, or reducing to possession, the Acquired Assets or (b) necessary or appropriate to the performance of the obligations contemplated by the APA, all without further order of the Court.

10. As of the closing of the Sale, the transfer of the Acquired Assets to the Purchaser will be a legal, valid and effective transfer of the Acquired Assets and will vest the Purchaser with all right, title and interest of the Debtors in and to the Acquired Assets, free and clear of all liens, claims, rights, liabilities, encumbrances and other interests.

11. Each Debtor (a) has full requisite corporate or other organizational power and authority to execute, deliver, and perform under the APA and consummate the Sale contemplated thereby, and such execution, delivery and performance have been duly and validly authorized by all necessary corporate or other organizational action of each of the Debtors, and (b) has taken all requisite corporate or other organizational action and formalities necessary to authorize and approve the execution, delivery and performance under the APA and the consummation by the Debtors of the Sale, including as required by their respective organizational documents, and, upon execution thereof, the APA executed by such Debtor will be duly and validly executed and delivered by such Debtor and enforceable against such Debtor in accordance with its terms and, assuming due authorization, execution and delivery thereof by the other parties thereto, will constitute a valid and binding obligation of such Debtor. No government, regulatory or other consents or approvals, other than those expressly provided for in the APA, are required for the execution, delivery and performance by the Debtors under the APA or for the consummation of

the Sale contemplated thereby, or to take, or cause to be taken, all such other actions as may be reasonably necessary to effectuate or evidence the Sale contemplated by the APA.

12. Immediately prior to consummating the Sale, the Acquired Assets constitute property of the Debtors' estates, good title is vested in the Debtors' estates within the meaning of section 541(a) of the Bankruptcy Code and the Debtors are the sole and rightful owners of the Acquired Assets. Upon and following the consummation of the Sale, the Purchaser shall be vested with good and marketable title to the Acquired Assets and shall be the sole and rightful owner of the Acquired Assets.

13. The APA and the consummation by the Debtors of the Sale are approved in all respects as set forth in this Order.

14. If there is any direct conflict between the APA or any other related agreement, document or instrument and this Order, the terms of this Order shall control.

15. The terms and provisions of the APA and all related documents necessary to consummate the Sale contemplated thereby, together with the terms and provisions of this Order, shall be binding in all respects upon the Debtors, their estates, their creditors, their equity holders and all parties in interest, including any and all successors and assigns (including, without limitation, any trustee or chapter 11 plan administrator appointed under the Bankruptcy Code). Nothing contained in any chapter 11 plan confirmed in the Chapter 11 Cases, any order confirming any chapter 11 plan, or any other order of any type or kind entered in the Chapter 11 Cases or any related proceeding, including any subsequent chapter 7 case, shall conflict with or derogate from the terms of this Order or the APA.

16. No bulk sales law or any similar law of any state or other jurisdiction shall apply in any way to the transactions contemplated under the APA.

17. The automatic stay under section 362(a) of the Bankruptcy Code is hereby lifted pursuant to section 362(d)(1) of the Bankruptcy Code as to the Purchaser to allow the Purchaser to exercise its rights and remedies under the APA (to the extent applicable).

18. The Debtors are hereby authorized to take such actions as are necessary or appropriate to implement the terms of this Order.

19. Good and sufficient cause appearing, any stay of this Order under Bankruptcy Rules 6004(h) or 6006(d) is waived, and this Order shall be effective immediately upon entry.

20. The Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and enforcement of this Order, the Sale and the APA.

Dated:  White Plains, New York         */s/Robert D. Drain*
        October 21, 2021              THE HONORABLE ROBERT D. DRAIN
                                      UNITED STATES BANKRUPTCY JUDGE