**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| PURDUE PHARMA L.P., *et al.*, | : | Case No. 19-23649 (RDD) |
| | : | |
| Debtors.[1] | : | (Jointly Administered) |
| | : | |

### SIXTH JOINT INTERIM FEE APPLICATION OF KPMG LLP AS TAX CONSULTANT TO THE DEBTORS AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM JUNE 1, 2021 THROUGH SEPTEMBER 30, 2021

| | |
|---|---|
| Name of Applicant: | KPMG LLP |
| Authorized to Provide Professional Services to: | Debtors and the Official Committee of Unsecured Creditors |
| Date of Retention: | February 24, 2020 *Nunc Pro Tunc* to December 23, 2019 |
| Period for which Compensation and Expense Reimbursement is sought: | June 1, 2021 through September 30, 2021 |
| Amount of Compensation sought as actual, reasonable and necessary: | $    24,223.10 |
| Amount of Expense reimbursement sought as actual, reasonable and necessary: | $          0.00 |

This is a _____ Monthly ___X___ Interim _____ Final Application

The Application does not request compensation at this time for services rendered in preparing this Sixth Joint Interim Fee Application. The Applicant intends to seek such compensation at a later date.

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

### Prior Interim Applications Filed:

| Period Covered: | Monthly Fee Application Totals: | | Total Monthly Amount Requested: | | Total Holdback Fees Requested: (@20%) |
|---|---|---|---|---|---|
| | Fees (@100%) | Expenses (@100%) | Fees (@80%) | Expenses (@100%) | |
| 12/23/2019–1/31/2020 Docket # 893 Filed: 3/3/2020 (First Interim) | $580,539.30 | $614.93 | $465,046.37 | $614.93 | $116,107.86 |
| Less agreed upon reduction with Fee Examiner related to KPMG's 1st Interim: | | | | | ($15,000.00) |
| **Total Holdback Fees Requested:** | | | | | **$101,107.86** |

| Period Covered: | Monthly Fee Application Totals: | | Total Monthly Amounts Requested: | | Total Holdback fees Requested: (@20%) |
|---|---|---|---|---|---|
| | Fees (@100%) | Expenses (@100%) | Fees (@80%) | Expenses (@100%) | |
| 2/1/2020–5/31/2020 Docket # 1396 / Filed: 7/15/2020 (Second Interim) | $2,000,637.75 | $592.22 | $1,600,510.20 | $592.22 | $400,127.55 |
| **Subtotals:** | **$2,000,637.75** | **$592.22** | **$1,600,510.20** | **$592.22** | **$400,127.55** |
| Less agreed upon reduction with Fee Examiner related to KPMG's 2nd Interim: | | | | | ($30,000.00) |
| **TOTAL Holdback Fees Requested:** | | | | | **$370,127.55** |

| Period Covered: | Monthly Fee Application Totals: | | Total Monthly Amounts Requested: | | Total Holdback fees Requested: (@20%) |
|---|---|---|---|---|---|
| | Fees (@100%) | Expenses (@100%) | Fees (@80%) | Expenses (@100%) | |
| 6/1/2020–9/30/2020 Docket # 1921 / Filed: 11/11/2020 (Third Interim) | $650,638.50 | $0.00 | $520,510.80 | $0.00 | $130,127.70 |
| **Subtotals:** | **$650,638.50** | **$0.00** | **$520,510.80** | **$0.00** | **$130,127.70** |
| Less agreed upon reduction with Fee Examiner related to KPMG's 3rd Interim: | | | | | ($8,500.00) |
| **TOTAL Holdback Fees Requested:** | | | | | **$121,627.70** |

| Period Covered: | Monthly Fee Application Totals: | | Total Monthly Amounts Requested: | | Total Holdback fees Requested: (@20%) |
|---|---|---|---|---|---|
| | Fees (@100%) | Expenses (@100%) | Fees (@80%) | Expenses (@100%) | |
| 10/1/2020–1/31/2021 Docket # 2465 / Filed: 3/11/2021 (Fourth Interim) | $436,821.60 | $0.00 | $349,457.28 | $0.00 | $87,364.32 |
| **Subtotals:** | **$436,821.60** | **$0.00** | **$349,457.28** | **$0.00** | **$87,364.32** |
| Less agreed upon reduction with Fee Examiner related to KPMG's 4th Interim: | | | | | ($5,099.40) |
| **TOTAL Holdback Fees Requested:** | | | | | **$82,265.72** |

| Period Covered: | Monthly Fee Statement Totals: | | Total Monthly Amount Requested: | | Total Holdback Fees Requested: (@20%) |
|---|---|---|---|---|---|
| | Fees (@100%) | Expenses (@100%) | Fees (@80%) | Expenses (@100%) | |
| 2/1/2021 – 5/31/2021 Docket # 3165 Filed: 7/13/2021 (Fifth Interim) | $298,267.40 | $0.00 | $238,646.24 | $0.00 | $59,661.56 |
| **Subtotals:** | **$298,307.80** | | **$238,646.24** | | **$59,661.56** |
| Less reduction related 2/1/2021 – 3/31/2021 fee statement | ($40.40) | | ($32.32) | | ($8.08) |
| **Subtotals:** | **$298,267.40** | | **$238,613.92** | | **$59,653.48** |
| Less agreed upon reduction with Fee Examiner related KPMG's Fifth Interim: | | | | | ($12,000.00) |
| **TOTAL Holdback Fees Requested:** | | | | | **$47,653.48** |

**Prior Monthly Fee Statements Filed:** One

| Period Covered: | Monthly Fee Statement Totals: | | Total Monthly Amount Requested: | | Total Holdback Fees Requested: (@20%) |
|---|---|---|---|---|---|
| | **Fees (@100%)** | **Expenses (@100%)** | **Fees (@80%)** | **Expenses (@100%)** | |
| 6/1/2021 – 6/30/2021 Docket # 3324 Filed: 7/26/2021 (Seventeenth Monthly) | $24,223.10 | $0.00 | $19,378.48 | $0.00 | $4,844.62 |
| **Totals:** | **$24,223.10** | **$0.00** | **$19,378.48** | **$0.00** | **$4,844.62** |

## ATTACHMENT A TO FEE APPLICATION

| Professional Person | Position & Department | Total Hours Billed | Hourly Billing Rate | | Total Compensation | |
|---|---|---|---|---|---|---|
| Ashley Armfield | Senior Associate - M&A Tax | 10.1 | $ | 534 | $ | 5,393.40 |
| Casey Nunez | Managing Director - M&A Tax | 2.2 | $ | 794 | $ | 1,746.80 |
| Devon Rowles | Associate - M&A Tax | 5.2 | $ | 350 | $ | 1,820.00 |
| Douglas Holland | Principal - Washington National Tax | 0.8 | $ | 985 | $ | 788.00 |
| Howard Steinberg | Partner - M&A Tax | 4.9 | $ | 856 | $ | 4,194.40 |
| Isaac Hirsch | Managing Director - International Tax | 8.4 | $ | 819 | $ | 6,879.60 |
| Jess Commisso | Associate - M&A Tax | 3.6 | $ | 350 | $ | 1,260.00 |
| Mark Hoffenberg | Principal - Washington National Tax | 0.3 | $ | 980 | $ | 294.00 |
| Monica Plangman | Director - Bankruptcy | 0.9 | $ | 279 | $ | 251.10 |
| Wendy Shaffer | Manager - Bankruptcy | 7.9 | $ | 202 | $ | 1,595.80 |
| **Subtotal of Hours and Discounted Fees** | | **44.3** | | | **$** | **24,223.10** |
| **Total Discounted Fees** | | | | | **$** | **24,223.10** |
| Out of Pocket Expenses | | | | | $ | - |
| **Net Requested Fees & Out of Pocket Expenses** | | | | | **$** | **24,223.10** |
| **Blended Hourly Rate** | | **$  546.80** | | | | |

## COMPENSATION BY PROJECT CATEGORY

| Project Category | Total Hours Billed | Total Fees Requested |
|---|---|---|
| Bankruptcy Tax Consulting Services | 35.5 | $ 22,376.20 |
| Non -Working Travel Time | 0.0 | $ - |
| Retention Services | 0.0 | $ - |
| Fee Application Preparation Services | 8.8 | $ 1,846.90 |
| | **44.3** | **$ 24,223.10** |

## EXPENSE SUMMARY

| Service Description | Amount |
|---|---|
| Airfare | $ - |
| Lodging | $ - |
| Meals | $ - |
| Ground Transportation | $ - |
| **Total** | **$ -** |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| PURDUE PHARMA L.P., *et al*., | : | Case No. 19-23649 (RDD) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

**INDEX OF SIXTH JOINT INTERIM FEE APPLICATION OF KPMG LLP**
**AS TAX CONSULTANT TO THE DEBTORS AND THE OFFICIAL COMMITTEE**
**OF UNSECURED CREDITORS FOR ALLOWANCE OF COMPENSATION FOR**
**SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES**
**FOR THE PERIOD FROM JUNE 1, 2021 THROUGH SEPTEMBER 30, 2021**

INDEX

SCHEDULE 1        Copy of KPMG Seventeenth Monthly Fee Statement

SCHEDULE 2        Copy of Retention Order

SCHEDULE 3        Certification of Professional

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------------

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| PURDUE PHARMA L.P., *et al.*, | : | Case No. 19-23649 (RDD) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

--------------------------------------------------------------------

### SIXTH JOINT INTERIM FEE APPLICATION OF KPMG LLP AS TAX CONSULTANT TO THE DEBTORS AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM JUNE 1, 2021 THROUGH SEPTEMBER 30, 2021

KPMG LLP, ("KPMG"), as Tax Consultant to the above captioned Debtors and Debtors-in-possession (the "Debtors") and the Official Committee of Unsecured Creditors (the "Committee") files this Sixth Joint Interim Fee Application (the "Joint Application") for Allowance of Compensation for Services Rendered and Reimbursement of Expenses pursuant to sections 328(a) and 1103 (a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), the General Order M-412 (Order Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals, dated December 21, 2010), Administrative Order M-447 (Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases, dated January 29, 2013, the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. Section 330 issued by the Executive Office of the United States Trustee's Guidelines (the "Guidelines"), and this Court's Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals dated November 21,

2019 (the "Interim Compensation Order") [Docket No. 529]. By this Sixth Joint Interim Application, KPMG seeks the allowance of compensation for professional services performed and actual and necessary expenses incurred by KPMG for the period from June 1, 2021 through September 30, 2021 (the "Compensation Period"), in the amount of $24,223.10, and respectfully represents:

## Background

1.      On September 15, 2019 and September 16, 2019, the (the "Petition Dates"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the Bankruptcy Code. The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On September 18, 2019, the Court entered an order directing the joint administration and procedural consolidation of the chapter 11 cases pursuant to Bankruptcy Rule 1015(b) [Docket No. 59].

2.      On September 26, 2019, the Office of the United States Trustee (the "US Trustee") appointed the Committee pursuant to section 1102(a)(1) of the Bankruptcy Code [Docket No. 131]. No request for the appointment of a trustee or fee examiner has been made in these chapter 11 cases.

## Jurisdiction and Venue

3.      The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. Venue in this Court is proper under 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein are section 330, and 331 and 1103 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Bankruptcy Rules 2014 and 2016, and Rules 2014-1 and 2016-1 of the Local Rules for the Southern District of New York (the "Local Rules").

## Relief Requested

5.      By this Court's Order, dated February 24, 2020, (the "Retention Order"), [Docket No. 867] the Debtors and the Committee were authorized to retain KPMG as tax consultants *nunc pro tunc* to December 23, 2019. The Retention Order authorized the Debtors and the Committee to compensate KPMG in accordance with the procedures set forth in section 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the Retention Order and any order of this Court establishing procedures for compensation and reimbursement of expenses for retained professionals.

## Summary of Joint Application

6.      During the Compensation Period, KPMG performed the services for  which it is seeking compensation on behalf of or for the Debtors and the Committee. By this Joint Application, KPMG requests interim allowance of and approval of compensation of professional fees totaling $24,223.10 and reimbursement of necessary and actual out-of-pocket expenses in the amount of $0.00.

## Summary of Services During the Compensation Period

7.      This Joint Application is KPMG's sixth interim application for compensation and expense reimbursement filed in these chapter 11 cases as referenced in Attachment A. During the Compensation Period, KPMG provided professional services to the Debtors and the Committee in their efforts to navigate their business through the chapter 11 process.

8.      Set forth below is a summary of the significant professional services that KPMG rendered to the Debtors and the Committee during the Compensation Period:

**Tax Consulting Services**

a.      Tax analysis and proposal of structuring alternatives with respect to any disposition of the assets of the Debtors, their affiliates, and any IACs pursuant to any plan proposed in the Chapter 11 Cases;

9

b.      Quantitative analysis, including preparation and/or review of cash tax models, regarding the projection of cash taxes arising from operations, dispositions, reorganization, and repatriation of funds held by the Debtors and IACs;

c.      Diligence regarding the historical tax positions and tax attributes of the Debtors and the IACs;

d.      Sensitivity analysis of cash tax modeling to determine the potential impact of information that is not available, including the impact on the effective tax rate;

e.      Analysis of the tax implications of any payments made by the Debtors to settle claims; and

f.      Analysis of cancellation of debt ("COD") income as applicable, including the application of Section 108 and related to the restructuring of any related party debt and the completed capitalization/settlement of intercompany debt.

**Fee Application Preparation Services**

a.      The billing procedures required by the Local Rules and the Interim Compensation Order entered in these cases is different from KPMG's normal billing procedures and as such, have required additional effort to inform the timekeepers of their responsibilities, compile detailed time entries, prepare detailed and summary schedules of fees incurred, and draft the cover sheet, narrative and schedules included in monthly fee statements and interim applications.

9.      During the Compensation Period, KPMG billed the Debtors and the Committee for time  expended by professionals based on hourly rates ranging from $202 to $985 per hour. The rates  reflected in this Joint Application represent a discount of up to 38% from KPMG's standard rates. Of  the aggregate time expended, 6.0 hours were expended by partners and principals, 11.5 hours were expended by managing directors and directors, 7.9 hours were expended by senior managers, 10.1 were expended by senior associates and 8.8 hours were expended by associates. KPMG's blended hourly rate provided during the Compensation Period is $546.80.

10.      Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 to govern the Court's award of such compensation. 11 U.S.C. § 331. Section 330 provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary

services rendered . . . and reimbursement for actual, necessary expenses." Id. § 330(a)(1). Section

330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded…the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> (A)    the time spent on such services;
>
> (B)    the rates charged for such services;
>
> (C)    whether the services were necessary to the administration of, or beneficial at the time at which the
>
> (D)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E)    with respect to a professional person whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

11.    In addition to Attachment A, a copy of KPMG's seventeenth monthly fee statement filed with the Court is annexed hereto as Schedule 1. KPMG maintains contemporaneous records of the time expended for the professional services and expenses related hereto performed in connection with these chapter 11 cases and such records are maintained in the ordinary course of business.

12.    KPMG charges its fees in these cases in accordance with the terms set forth in the retention application and the corresponding Steinberg declaration. The fees applied for herein are based on the usual and customary fees KPMG charges to tax clients and are commensurate with the usual and customary rates charged for services performed.

13.     KPMG respectfully submits that the amounts applied for herein for professional services rendered on behalf of the Debtors and the Committee in these cases to date are fair and reasonable given: (a) the time expended; (b) the nature and extent of the services performed at the time at which such services were rendered; (c) the value of such services; and (d) the costs of comparable services other than in these chapter 11 cases.

14.     The time and labor expended by KPMG during the Compensation Period has been commensurate with the size and complexity of these cases. In rendering these services, KPMG has made every effort to maximize the benefit to the Debtors' and the Committee to work efficiently with the other professionals employed in these cases, and to leverage staff appropriately in order to minimize duplication of effort.

15.     Except as provided in section 504(b) of the Bankruptcy Code, KPMG has not shared, or agreed to share, any compensation received as a result of these cases with any person, firm or entity. Except as set forth in the Retention Order, no promises concerning compensation have been made to KPMG by any firm, person or entity.

**Summary of Actual and Necessary Expenses During the Compensation Period**

16.     As set forth on Exhibit D and D1 of the June monthly fee statement, KPMG is not seeking reimbursement of actual and necessary expenses incurred by KPMG during the Compensation Period.

**Reservation**

17.     To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Compensation Period but were not processed prior to the preparation of this Joint Application, KPMG reserves the right to request additional compensation for such services and reimbursement of such expenses in a future application. Furthermore, KPMG reserves the right to seek interim approval of the fees and expenses requested herein.

## **Conclusion**

17.    WHEREFORE, subject to the terms of the Interim Compensation Order, KPMG respectfully requests (a) approving and allowing, on an interim basis, compensation in the amount of $24,223.10 for professional services performed on behalf of the Debtors and the Committee during the Compensation Period of June 1, 2021 through September 30, 2021 and reimbursement of $0.00 for actual and necessary expenses incurred during the Compensation Period; (b) authorizing and directing the Debtors and the Committee to pay KPMG an amount equal to the sum of such allowed compensation and reimbursement; and (c) granting such other further relief as the Court deems just and proper.

*[Remainder of this page left intentionally blank]*

Dated:  October 21, 2021

Respectfully submitted:

*/s/ Howard Steinberg*

Howard Steinberg
Partner, KPMG LLP
1350 Avenue of the Americas
New York, New York 10019

# Schedule 1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------

In re:                                        :       Chapter 11
                                              :
PURDUE PHARMA L.P., *et al.*,                 :       Case No. 19-23649 (RDD)
                                              :
                              Debtors.[1]     :       (Jointly Administered)
                                              :

----------------------------------------------------------------

### SEVENTEENTH MONTHLY FEE STATEMENT OF KPMG LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS TAX CONSULTANT FOR THE DEBTORS AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD FROM JUNE 1, 2021 THROUGH JUNE 30, 2021

| | |
|---|---|
| Name of Applicant: | KPMG LLP |
| Authorized to Provide Professional Services to: | The Debtors and the Official Committee of Unsecured Creditors |
| Date of Retention: | February 24, 2020, *nunc pro tunc* to December 23, 2019 |
| Period for Which Compensation and Reimbursement is Sought: | June 1, 2021 through June 30, 2021 |
| Amount of Compensation Sought as Actual, Reasonable, and Necessary: | $      24,223.10 |
| Less 20% Holdback: | $       (4,844.62) |
| Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary: | $            0.00 |
| Total Fees and Expenses Due: | $      19,378.48 |

---

[1]      The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

Dated: July 26, 2021

 */s/ Howard Steinberg*
Howard Steinberg
Partner, KPMG LLP
1350 Avenue of the Americas
New York, New York 10019
(212) 872-6562

**EXHIBIT A**

**Purdue Pharma L.P.**

**Case No. 19-23649**

Summary Of Hours and Discounted Fees Incurred By Professional

June 1, 2021 through June 30, 2021

| Professional Person | Position & Department | Country of Origin | Total Billed Hours | Hourly Billing Rate | | Total Compensation | |
|---|---|---|---|---|---|---|---|
| Ashley Armfield | Senior Associate - M&A Tax | US | 10.1 | $ | 534 | $ | 5,393.40 |
| Casey Nunez | Managing Director - M&A Tax | US | 2.2 | $ | 794 | $ | 1,746.80 |
| Devon Rowles | Associate - M&A Tax | US | 5.2 | $ | 350 | $ | 1,820.00 |
| Douglas Holland | Principal - Washington National Tax | US | 0.8 | $ | 985 | $ | 788.00 |
| Howard Steinberg | Partner - M&A Tax | US | 4.9 | $ | 856 | $ | 4,194.40 |
| Isaac Hirsch | Managing Director - International Tax | US | 8.4 | $ | 819 | $ | 6,879.60 |
| Jess Commisso | Associate - M&A Tax | US | 3.6 | $ | 350 | $ | 1,260.00 |
| Mark Hoffenberg | Principal - Washington National Tax | US | 0.3 | $ | 980 | $ | 294.00 |
| Monica Plangman | Director - Bankruptcy | US | 0.9 | $ | 279 | $ | 251.10 |
| Wendy Shaffer | Manager - Bankruptcy | US | 7.9 | $ | 202 | $ | 1,595.80 |
| **Subtotal of Hours and Discounted Fees** | | | **44.3** | | | $ | **24,223.10** |
| | | | | | | | |
| **Total Discounted Fees** | | | | | | $ | **24,223.10** |
| Out of Pocket Expenses | | | | | | $ | - |
| **Total Fees and Out of Pocket Expenses** | | | | | | $ | **24,223.10** |
| Less Holdback Adjustment (20%) | | | | | | $ | (4,844.62) |
| **Net Requested Fees & Out of Pocket Expenses** | | | | | | $ | **19,378.48** |
| | | | | | | | |
| **Blended Hourly Rate** | | | $ | 546.80 | | | |

**EXHIBIT B**

**Purdue Pharma L.P.**
**Case No. 19-23649**
Summary of Hours and Discounted Fees Incurred by Category
June 1, 2021 through June 30, 2021

| Category | Exhibit | Total Billed Hours | Total Fees Requested |
|---|---|---|---|
| Bankruptcy Tax Consulting Services | C1 | 35.5 | $ 22,376.20 |
| Non -Working Travel Time | C2 | 0.0 | $ - |
| Retention Services | C3 | 0.0 | $ - |
| Fee Application Preparation Services | C4 | 8.8 | $ 1,846.90 |
| **Total** | | **44.3** | **$ 24,223.10** |

EXHIBIT C1

**Purdue Pharma L.P.**
**Case No. 19-23649**
Bankruptcy Tax Consulting Services
June 1, 2021 through June 30, 2021

| Name | Date | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| Ashley Armfield | 06/03/21 | (0.3) KPMG conference call with I. Hirsch (International tax core US team member), C. Nunez (M&A tax core US team member), A. Armfield (M&A tax core US team member), D. Rowles (M&A tax core US team member), and J. Commisso (M&A tax core US team member) to discuss updated Purdue settlement agreement and analysis of a tax computation provided by Davis Polk. | 0.3 | $ 534 | $ 160.20 |
| Casey Nunez | 06/03/21 | (0.3) KPMG conference call with I. Hirsch (International tax core US team member), C. Nunez (M&A tax core US team member), A. Armfield (M&A tax core US team member), D. Rowles (M&A tax core US team member), and J. Commisso (M&A tax core US team member) to discuss updated Purdue settlement agreement and analysis of a tax computation provided by Davis Polk. | 0.3 | $ 794 | $ 238.20 |
| Devon Rowles | 06/03/21 | (0.3) KPMG conference call with I. Hirsch (International tax core US team member), C. Nunez (M&A tax core US team member), A. Armfield (M&A tax core US team member), D. Rowles (M&A tax core US team member), and J. Commisso (M&A tax core US team member) to discuss updated Purdue settlement agreement and analysis of a tax computation provided by Davis Polk. | 0.3 | $ 350 | $ 105.00 |
| Isaac Hirsch | 06/03/21 | (0.3) KPMG conference call with I. Hirsch (International tax core US team member), C. Nunez (M&A tax core US team member), A. Armfield (M&A tax core US team member), D. Rowles (M&A tax core US team member), and J. Commisso (M&A tax core US team member) to discuss updated Purdue settlement agreement and analysis of a tax computation provided by Davis Polk. | 0.3 | $ 819 | $ 245.70 |
| Jess Commisso | 06/03/21 | (0.3) KPMG conference call with I. Hirsch (International tax core US team member), C. Nunez (M&A tax core US team member), A. Armfield (M&A tax core US team member), D. Rowles (M&A tax core US team member), and J. Commisso (M&A tax core US team member) to discuss updated Purdue settlement agreement and analysis of a tax computation provided by Davis Polk. | 0.3 | $ 350 | $ 105.00 |
| Ashley Armfield | 06/03/21 | (0.5) Call with I. Hirsch (KPMG International tax core US team member), C. Nunez (KPMG M&A tax core US team member), A. Armfield (KPMG M&A tax core US team member), and J. Commisso (KPMG M&A tax core US team member) to discuss tax computation provided by Davis Polk in order to provide external comments. | 0.5 | $ 534 | $ 267.00 |
| Casey Nunez | 06/03/21 | (0.5) Call with I. Hirsch (KPMG International tax core US team member), C. Nunez (KPMG M&A tax core US team member), A. Armfield (KPMG M&A tax core US team member), and J. Commisso (KPMG M&A tax core US team member) to discuss tax computation provided by Davis Polk in order to provide external comments. | 0.5 | $ 794 | $ 397.00 |

EXHIBIT C1

**Purdue Pharma L.P.**
**Case No. 19-23649**
Bankruptcy Tax Consulting Services
June 1, 2021 through June 30, 2021

| Name | Date | Description | Hours | Rate | Amount |
|------|------|-------------|-------|------|--------|
| Isaac Hirsch | 06/03/21 | (0.5) Call with I. Hirsch (KPMG International tax core US team member), C. Nunez (KPMG M&A tax core US team member), A. Armfield (KPMG M&A tax core US team member), and J. Commisso (KPMG M&A tax core US team member) to discuss tax computation provided by Davis Polk in order to provide external comments. | 0.5 | $ 819 | $ 409.50 |
| Jess Commisso | 06/03/21 | (0.5) Call with I. Hirsch (KPMG International tax core US team member), C. Nunez (KPMG M&A tax core US team member), A. Armfield (KPMG M&A tax core US team member), and J. Commisso (KPMG M&A tax core US team member) to discuss tax computation provided by Davis Polk in order to provide external comments. | 0.5 | $ 350 | $ 175.00 |
| Ashley Armfield | 06/03/21 | 0.9 Drafting email with summary findings regarding KPMG's review of the Norton Rose calculation (to be provided to our clients Davis Polk and Akin Gump). | 0.9 | $ 534 | $ 480.60 |
| Devon Rowles | 06/03/21 | 0.9 Review of the fifth amended Chapter 11 plan of reorganization filed on the bankruptcy docket, with focus on related tax considerations in preparation for upcoming call with KPMG project team. | 0.9 | $ 350 | $ 315.00 |
| Devon Rowles | 06/03/21 | 1.6 Reviewing the tax computation provided by Norton Rose, in preparation of meeting with KPMG project team. | 1.6 | $ 350 | $ 560.00 |
| Ashley Armfield | 06/03/21 | 1.9 Reviewed finalized regulations concerning certain deductions, pursuant to supporting the calculations set forth in the cash tax model. | 1.9 | $ 534 | $ 1,014.60 |
| Ashley Armfield | 06/03/21 | 2.1 Review of draft calculation prepared by Norton Rose with specific regards to net proceeds / estimate of taxes. | 2.1 | $ 534 | $ 1,121.40 |
| Isaac Hirsch | 06/03/21 | (2.4) Performed International tax managing director review of cash example prepared by Norton Rose and concurrently compare to KPMG's cash tax model for purposes of analyzing reasonableness of effective tax rates. | 2.4 | $ 819 | $ 1,965.60 |
| Jess Commisso | 06/03/21 | 2.8 Review final tax regulations relating to the tax deductions and any changes to the applicability to the Debtor. | 2.8 | $ 350 | $ 980.00 |
| Ashley Armfield | 06/04/21 | (0.3) Conference call with M. Hoffenberg (KPMG Washington National Tax), H. Steinberg (KPMG M&A tax core US team member), D. Holland (KPMG Washington National Tax), I. Hirsch (KPMG International tax core US team member), C. Nunez (KPMG M&A tax core US team member), A. Armfield (KPMG M&A tax core US team member), and D. Rowles (KPMG M&A tax core US team member) to discuss tax computation provided by Norton Rose. | 0.3 | $ 534 | $ 160.20 |
| Casey Nunez | 06/04/21 | (0.3) Conference call with M. Hoffenberg (KPMG Washington National Tax), H. Steinberg (KPMG M&A tax core US team member), D. Holland (KPMG Washington National Tax), I. Hirsch (KPMG International tax core US team member), C. Nunez (KPMG M&A tax core US team member), A. Armfield (KPMG M&A tax core US team member), and D. Rowles (KPMG M&A tax core US team member) to discuss tax computation provided by Norton Rose. | 0.3 | $ 794 | $ 238.20 |

**EXHIBIT C1**

**Purdue Pharma L.P.**
**Case No. 19-23649**
Bankruptcy Tax Consulting Services
June 1, 2021 through June 30, 2021

| Name | Date | Description | Hours | Rate | Amount |
|------|------|-------------|-------|------|--------|
| Devon Rowles | 06/04/21 | (0.3) Conference call with M. Hoffenberg (KPMG Washington National Tax), H. Steinberg (KPMG M&A tax core US team member), D. Holland (KPMG Washington National Tax), I. Hirsch (KPMG International tax core US team member), C. Nunez (KPMG M&A tax core US team member), A. Armfield (KPMG M&A tax core US team member), and D. Rowles (KPMG M&A tax core US team member) to discuss tax computation provided by Norton Rose. | 0.3 | $ 350 | $ 105.00 |
| Douglas Holland | 06/04/21 | (0.3) Conference call with M. Hoffenberg (KPMG Washington National Tax), H. Steinberg (KPMG M&A tax core US team member), D. Holland (KPMG Washington National Tax), I. Hirsch (KPMG International tax core US team member), C. Nunez (KPMG M&A tax core US team member), A. Armfield (KPMG M&A tax core US team member), and D. Rowles (KPMG M&A tax core US team member) to discuss tax computation provided by Norton Rose. | 0.3 | $ 985 | $ 295.50 |
| Howard Steinberg | 06/04/21 | (0.3) Conference call with M. Hoffenberg (KPMG Washington National Tax), H. Steinberg (KPMG M&A tax core US team member), D. Holland (KPMG Washington National Tax), I. Hirsch (KPMG International tax core US team member), C. Nunez (KPMG M&A tax core US team member), A. Armfield (KPMG M&A tax core US team member), and D. Rowles (KPMG M&A tax core US team member) to discuss tax computation provided by Norton Rose. | 0.3 | $ 856 | $ 256.80 |
| Isaac Hirsch | 06/04/21 | (0.3) Conference call with M. Hoffenberg (KPMG Washington National Tax), H. Steinberg (KPMG M&A tax core US team member), D. Holland (KPMG Washington National Tax), I. Hirsch (KPMG International tax core US team member), C. Nunez (KPMG M&A tax core US team member), A. Armfield (KPMG M&A tax core US team member), and D. Rowles (KPMG M&A tax core US team member) to discuss tax computation provided by Norton Rose. | 0.3 | $ 819 | $ 245.70 |
| Mark Hoffenberg | 06/04/21 | (0.3) Conference call with M. Hoffenberg (KPMG Washington National Tax), H. Steinberg (KPMG M&A tax core US team member), D. Holland (KPMG Washington National Tax), I. Hirsch (KPMG International tax core US team member), C. Nunez (KPMG M&A tax core US team member), A. Armfield (KPMG M&A tax core US team member), and D. Rowles (KPMG M&A tax core US team member) to discuss tax computation provided by Norton Rose. | 0.3 | $ 980 | $ 294.00 |
| Casey Nunez | 06/04/21 | (0.3) Performed M&A Tax Managing Director revisions to summary observations of Norton Rose theoretical calculation. | 0.3 | $ 794 | $ 238.20 |
| Ashley Armfield | 06/04/21 | 0.4 Reviewed the Purdue fifth amended plan of reorganization pursuant to gaining insight to any key tax provisions. | 0.4 | $ 534 | $ 213.60 |
| Ashley Armfield | 06/04/21 | 0.7 Reviewing comments from C. Nunez (KPMG) regarding external email draft containing the review of Norton Rose' calculation of net proceeds. | 0.7 | $ 534 | $ 373.80 |
| Howard Steinberg | 06/07/21 | Perform Partner review of Norton Rose theoretical calculations of net proceeds. | 0.5 | $ 856 | $ 428.00 |

EXHIBIT C1

**Purdue Pharma L.P.**
**Case No. 19-23649**
Bankruptcy Tax Consulting Services
June 1, 2021 through June 30, 2021

| Name | Date | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| Douglas Holland | 06/07/21 | 0.5 Performed WNT Partner review and concurrently revise email from KPMG team to T. Matlock (Davis Polk) regarding differences between Norton Rose tax liability calculation and KPMG model. | 0.5 | $ 985 | $ 492.50 |
| Isaac Hirsch | 06/07/21 | 0.7 Performed international tax managing director review the draft summary related to Norton Rose calculation of cash tax consequences of settlement | 0.7 | $ 819 | $ 573.30 |
| Ashley Armfield | 06/07/21 | 0.7 Reviewing questions from international tax Managing Director (I. Hirsch - KPMG) regarding external email to Akin Gump regarding tax calculation provided. | 0.7 | $ 534 | $ 373.80 |
| Isaac Hirsch | 06/07/21 | 0.8 Perform international tax managing director review of Norton Rose calculation of cash tax consequences of settlement. | 0.8 | $ 819 | $ 655.20 |
| Casey Nunez | 06/08/21 | (0.4) Drafted detailed response to specific tax request from Davis Polk and Akin Gump regarding KPMG foreign country feedback. | 0.4 | $ 794 | $ 317.60 |
| Howard Steinberg | 06/09/21 | Partner level review of comparison between cash tax consequences as prepared by Norton Rose and KPMG, including the corresponding impact on effective tax rate (ETR). | 1.2 | $ 856 | $ 1,027.20 |
| Howard Steinberg | 06/10/21 | Performed partner review of process memo prepared in connection with KPMG's cash tax model. | 0.7 | $ 856 | $ 599.20 |
| Isaac Hirsch | 06/10/21 | Performed international tax managing director review of the updated Purdue process memo related to KPMG cash tax model. | 3.0 | $ 819 | $ 2,457.00 |
| Ashley Armfield | 06/14/21 | 0.2 Reviewing the Purdue bankruptcy docket as of 6/14/2021 to identify any updates related to the Purdue plan of reorganization. | 0.2 | $ 534 | $ 106.80 |
| Ashley Armfield | 06/15/21 | 0.8 Performed Senior Associate review of updates made by D. Rowles (KPMG) regarding process memorandum for cash tax modeling. | 0.8 | $ 534 | $ 427.20 |
| Devon Rowles | 06/15/21 | Updates to the Purdue Cash Tax Model Process Memo per review comments received from I. Hirsch (KPMG International Tax Managing Director). | 2.1 | $ 350 | $ 735.00 |
| Howard Steinberg | 06/23/21 | Partner review of bankruptcy docket for pertinent tax information relating to the bankruptcy case. | 0.5 | $ 856 | $ 428.00 |
| Howard Steinberg | 06/25/21 | Performed Partner review of updated process memo prepared in connection with KPMG's cash tax model. | 1.0 | $ 856 | $ 856.00 |
| Ashley Armfield | 06/28/21 | 0.6 Performed research to address question raised by B. Sherman (Davis Polk) regarding certain structuring issues. | 0.6 | $ 534 | $ 320.40 |
| Howard Steinberg | 06/28/21 | Review of email communication from B. Sherman (Davis Polk) regarding certain tax structuring issues. | 0.7 | $ 856 | $ 599.20 |
| Ashley Armfield | 06/29/21 | (0.4) Meeting with I. Hirsch (KPMG International tax), C. Nunez, and A. Armfield (KPMG Core Mergers & Acquisitions tax) to discuss email from B. Sherman (Davis Polk) and proposed response related to certain tax structuring issues. | 0.4 | $ 534 | $ 213.60 |

EXHIBIT C1

**Purdue Pharma L.P.**
**Case No. 19-23649**
Bankruptcy Tax Consulting Services
June 1, 2021 through June 30, 2021

| Name | Date | Description | Hours | Rate | Amount |
|------|------|-------------|-------|------|--------|
| Casey Nunez | 06/29/21 | (0.4) Meeting with I. Hirsch (KPMG International tax), C. Nunez, and A. Armfield (KPMG Core Mergers & Acquisitions tax) to discuss email from B. Sherman (Davis Polk) and proposed response related to certain tax structuring issues. | 0.4 | $ 794 | $ 317.60 |
| Isaac Hirsch | 06/29/21 | (0.4) Meeting with I. Hirsch (KPMG International tax), C. Nunez, and A. Armfield (KPMG Core Mergers & Acquisitions tax) to discuss email from B. Sherman (Davis Polk) and proposed response related to certain tax structuring issues. | 0.4 | $ 819 | $ 327.60 |
| Ashley Armfield | 06/30/21 | 0.3 Drafting response to T. Matlock (Davis Polk) regarding a certain structural question. | 0.3 | $ 534 | $ 160.20 |
| | | **Total Bankruptcy Tax Consulting Services** | **35.5** | | **$ 22,376.20** |

**EXHIBIT C2**

**Purdue Pharma L.P.**
**Case No. 19-23649**
Non -Working Travel Time
June 1, 2021 through June 30, 2021

| Name | Date | Description | Hours | Rate | Amount |
|------|------|-------------|-------|------|--------|
| | | *no fees billed for these services in current month* | | | |
| | | **Total Non-Working Travel Time** | | | $          - |

**EXHIBIT C3**

**Purdue Pharma L.P.**
**Case No. 19-23649**
Retention Services
June 1, 2021 through June 30, 2021

| Name | Date | Description | Hours | Rate | Amount |
|------|------|-------------|-------|------|--------|
| | | *no fees billed for these services in current month* | | | |
| | | **Total Retention Services** | **0.0** | | **$    -** |

EXHIBIT C4

**Purdue Pharma L.P.**
**Case No. 19-23649**
Fee Application Preparation Services
June 1, 2021 through June 30, 2021

| Name | Date | Description | Hours | Rate | Amount |
|------|------|-------------|-------|------|--------|
| Wendy Shaffer | 06/01/21 | 1.0 Updates to Purdue Pharma 16th monthly fee statement to include data received from professionals as of 6/1/2021. | 1.0 | $ 202 | $ 202.00 |
| Wendy Shaffer | 06/02/21 | 0.3 Updates to Purdue 15th monthly fee statement per D. Pera (Davis Polk) and 0.1 re-PDF same; 0.1 drafted email to D. Pera (Davis Polk) with updated version to request filing; 0.1 drafted email to C. Nunez (KPMG) regarding changes requested to Purdue 15th monthly fee statement; 0.1 Prepared Schedule 2 of Purdue 5th Interim Fee Application. | 0.7 | $ 202 | $ 141.40 |
| Monica Plangman | 06/03/21 | Director review of Fee Examiner statement and concurrently provide comments/revisions. | 0.1 | $ 279 | $ 27.90 |
| Wendy Shaffer | 06/03/21 | 0.4 Prepared Purdue Pharma 15th monthly fee statement in Excel to provide to fee examiner and 0.1 drafted email to send copy of Purdue Pharma 15th monthly fee statement in Excel to M. Plangman (KPMG) to request review/approval. | 0.5 | $ 202 | $ 101.00 |
| Wendy Shaffer | 06/09/21 | 0.1 Updates to Purdue 5th Interim Narrative to include data related to monthly fee applications filed to date. | 0.1 | $ 202 | $ 20.20 |
| Wendy Shaffer | 06/09/21 | 0.2 Review of updated KPMG work in progress report to confirm billable hours for Purdue for May. | 0.2 | $ 202 | $ 40.40 |
| Wendy Shaffer | 06/09/21 | 0.3 Updated Purdue 16th monthly fee statement to include data received from professionals as of 6/9/2021. | 0.3 | $ 202 | $ 60.60 |
| Wendy Shaffer | 06/09/21 | 0.8 Begin to combine data related to Purdue monthly fee statements filed to date for use in 5th Interim fee application. | 0.8 | $ 202 | $ 161.60 |
| Wendy Shaffer | 06/14/21 | 0.1 Finalized Purdue monthly fee statement exhibits and 0.1 drafted email to send copy of Purdue monthly fee statement to A. Armfield and C. Nunez (KPMG) for review/approval. | 0.2 | $ 202 | $ 40.40 |
| Wendy Shaffer | 06/16/21 | 0.1 Drafted email to M. Plangman (KPMG) to provide copy of Purdue 16th monthly fee statement exhibits for review/approval. | 0.1 | $ 202 | $ 20.20 |
| Wendy Shaffer | 06/16/21 | 0.1 Updates to Purdue Pharma 16th monthly fee statement exhibits per A. Armfield (KPMG). | 0.1 | $ 202 | $ 20.20 |
| Monica Plangman | 06/20/21 | Perform Director review of Purdue monthly fee statement and concurrently provide comments. | 0.2 | $ 279 | $ 55.80 |
| Wendy Shaffer | 06/21/21 | 0.1 Drafted email to H. Steinberg (KPMG) to request approval / permission to apply electronic signature to Purdue Pharma 16th monthly fee statement | 0.1 | $ 202 | $ 20.20 |
| Wendy Shaffer | 06/21/21 | 0.1 Prepared covers sheet related to Purdue Pharma 16th monthly fee statement and send to M. Plangman (KPMG) for approval. | 0.1 | $ 202 | $ 20.20 |
| Monica Plangman | 06/21/21 | Performed Director review of final monthly fee statement documents and concurrently provide comments. | 0.1 | $ 279 | $ 27.90 |
| Wendy Shaffer | 06/21/21 | 0.2 Updates to Purdue 16th monthly fee statement per direction from M. Plangman (KPMG); | 0.2 | $ 202 | $ 40.40 |
| Wendy Shaffer | 06/22/21 | 0.1 Drafted email to C. Nunez (KPMG) to request description of services to be included in Purdue Pharma 5th Interim fee application; | 0.1 | $ 202 | $ 20.20 |

EXHIBIT C4

**Purdue Pharma L.P.**
**Case No. 19-23649**
Fee Application Preparation Services
June 1, 2021 through June 30, 2021

| Name | Date | Description | Hours | Rate | Amount |
|------|------|-------------|-------|------|--------|
| Wendy Shaffer | 06/22/21 | 0.1 Drafted email to D. Consla (Davis Polk) to request filing and service of Purdue Pharma 16th monthly fee statement. | 0.1 | $ 202 | $ 20.20 |
| Wendy Shaffer | 06/22/21 | 0.2 Finalized (PDF) Purdue Pharma 16th monthly fee statement and 0.1 Drafted email to M. Plangman (KPMG) to request review/approval of Purdue Pharma 16th monthly fee statement prior to sending for filing. | 0.3 | $ 202 | $ 60.60 |
| Wendy Shaffer | 06/22/21 | 1.4 Continued to draft Purdue 5th Interim fee application documents. | 1.4 | $ 202 | $ 282.80 |
| Wendy Shaffer | 06/25/21 | 0.1 Drafted follow-up email to D. Consla (Davis Polk) regarding status of review/filing of Purdue Pharma 16th monthly fee statement. | 0.1 | $ 202 | $ 20.20 |
| Wendy Shaffer | 06/28/21 | 0.1 Drafted email to D. Klauder (Bielli & Klauder, LLC) to provide copy of KPMG 16th monthly fee statement in Excel. | 0.1 | $ 202 | $ 20.20 |
| Wendy Shaffer | 06/28/21 | 0.1 Updated Purdue Pharma 16th monthly fee statement per direction from B. Gong (Davis Polk) and 0.1 drafted email to B. Gong to provide copy of same for filing / service. | 0.2 | $ 202 | $ 40.40 |
| Wendy Shaffer | 06/28/21 | 0.2 Prepared Purdue Fee examiner file in Excel and send to M. Plangman (KPMG) for review/approval; | 0.2 | $ 202 | $ 40.40 |
| Wendy Shaffer | 06/28/21 | 0.2 Finalized Purdue Pharma 5th Interim application; 0.1 Drafted email to send copy of Purdue Pharm 5th Interim fee application to M. Plangmna (KPMG) to request review/approval | 0.3 | $ 202 | $ 60.60 |
| Wendy Shaffer | 06/29/21 | 0.2 Begin to prepare Purdue Pharma 17th monthly fee statement exhibits. | 0.2 | $ 202 | $ 40.40 |
| Monica Plangman | 06/29/21 | Performed Director review Fee Examiner file and concurrently provide comments. | 0.2 | $ 279 | $ 55.80 |
| Wendy Shaffer | 06/30/21 | 0.1 Drafted email to Purdue fee examiner regarding reduction related to KPMG's 14th monthly fee statement that will be included in KPMG 5th Interim application. | 0.1 | $ 202 | $ 20.20 |
| Monica Plangman | 06/30/21 | Performed Director review of Purdue Pharma interim fee statement and concurrently provide comments. | 0.3 | $ 279 | $ 83.70 |
| Wendy Shaffer | 06/30/21 | 0.4 Updates to Purdue 5th Interim fee application per direction from M. Plangman (KPMG). | 0.4 | $ 202 | $ 80.80 |
| | | **Total Fee Application Preparation Services** | **8.8** | | **$ 1,846.90** |

**EXHIBIT D**

**Purdue Pharma L.P.**
**Case No. 19-23649**
Summary of Out of Pocket Expenses
June 1, 2021 through June 30, 2021

| Category | Amount |
|---|---|
| Airfare | $ - |
| Lodging | $ - |
| Meals | $ - |
| Ground Transportation | $ - |
| Miscellaneous | $ - |
| **Total** | **$ -** |

**EXHIBIT D1**

**Purdue Pharma L.P.**
**Case No. 19-23649**
Detail of Out of Pocket Expenses
June 1, 2021 through June 30, 2021

| Name | Date | Description | Amount |
|------|------|-------------|--------|
| | | **Air Fare Subtotal** | $ - |
| | | **Lodging Subtotal** | $ - |
| | | **Meals Subtotal** | $ - |
| | | **Total Ground Transportation** | $ - |
| | | **Miscellaneous Subtotal** | $ - |
| | | **Total Out of Pocket Expenses** | $ - |

# Schedule 2

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------

|                                          | :  |                        |
|------------------------------------------|----|------------------------|
| In re:                                   | :  | Chapter 11             |
|                                          | :  |                        |
| PURDUE PHARMA L.P., *et al.*,            | :  | Case No. 19-23649 (RDD)|
|                                          | :  |                        |
|                          Debtors.[1]     | :  | (Jointly Administered) |
|                                          | :  |                        |

---------------------------------------------------------------

### ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF KPMG LLP AS TAX CONSULTANT FOR THE DEBTORS AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS *NUNC PRO TUNC* TO DECEMBER 23, 2019

Upon the joint application (the "Joint Application")[2] of the Debtors and the Official

Committee of Unsecured Creditors (the "Committee") in the above-captioned chapter 11 cases for

entry of an order authorizing the Debtors and the Committee to employ and retain KPMG LLP

("KPMG") as their tax consultant *nunc pro tunc* to December 23, 2019, pursuant to section 328(a)

and 1103(a) of title 11 of the United States Code, Rule 2014(a) of the Federal Rules of Bankruptcy

Procedure and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure

of the United States Bankruptcy Court for the Southern District of New York; and upon the

*Declaration of Howard Steinberg in Support of Application for Order Authorizing Employment*

*and Retention of KPMG LLP as Tax Consultants to the Debtors and the Official Committee of*

*Unsecured Creditors* Nunc Pro Tunc *to December 23, 2019* (the "Steinberg Declaration"), the

*Declaration of Brendan Stuhan in Support of Application for Order Authorizing Employment and*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Capitalized terms not otherwise defined herein shall have the definitions ascribed to them in the Joint Application.

*Retention of KPMG LLP as Tax Consultants to the Debtors and the Official Committee of Unsecured Creditors Nunc Pro Tunc to December 23, 2019* (the "<u>UCC Retention Declaration</u>"), and the *Declaration of Jon Lowne in Support of Application for Order Authorizing Employment and Retention of KPMG LLP as Tax Consultants to the Debtors and the Official Committee of Unsecured Creditors Nunc Pro Tunc to December 23, 2019* (the "<u>Debtor Retention Declaration</u>," and, collectively with the UCC Retention Declaration, the "<u>Retention Declarations</u>") in support thereof; and the Court being satisfied based on the representations made in the Joint Application and in the Steinberg Declaration that KPMG neither holds nor represents an interest adverse to the Debtors or their estates with respect to the matters upon which they are to be engaged, that they are disinterested as that term is defined under section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and that their employment is necessary and in the best interests of the Committee, the Debtors, and their estates, their creditors, and all parties in interest; and consideration of the Joint Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(a)-(b) and 1334(b) and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Joint Application having been provided, and it appearing that no other or further notice need be provided; and the Court having reviewed the Application and held a hearing to consider the relief requested in the Application on February 21, 2020; and there being no objections to the requested relief; and, after due deliberation and the Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish good and sufficient cause for the relief granted herein, it is hereby ORDERED that:

1.      The Joint Application is granted, as set forth herein.

1

2.     The Debtors and the Committee are authorized to employ and to retain KPMG as their tax consultant, *nunc pro tunc* to December 23, 2019 in accordance with the terms and conditions set forth in the Joint Application and this Order.  In the event of any inconsistency between the Engagement Letter, the Joint Application, and this Order, this Order shall govern.

3.     KPMG is authorized to provide services to the Debtors and the Committee, including but not limited to the following:

a.   Tax analysis and proposal of structuring alternatives with respect to any disposition of the assets of the Debtors, their affiliates, and any IACs pursuant to any plan proposed in the Chapter 11 Cases;

b.   Quantitative analysis, including preparation and/or review of cash tax models, regarding the projection of cash taxes arising from operations, dispositions, reorganization, and repatriation of funds held by the Debtors and IACs;

c.   Diligence regarding the historical tax positions and tax attributes of the Debtors and the IACs;

d.   Interacting with tax authorities in order to assess the impact of historical tax matters in regards to any proposed transaction;

e.   Analysis of the tax implications of any payments made by the Debtors to settle claims;

f.   Analysis of any proofs of claims from tax authorities;

g.   Analysis of cancellation of debt ("COD") income as applicable, including the application of Section 108 and relating to the restructuring of any related party debt and the completed capitalization/settlement of intercompany debt; and

h.   Analysis and proposal of structuring alternatives with respect to the post-emergence tax structure of the Debtors and IACs.

4.     KPMG will file fee applications in accordance with sections 330 and 331 of the Bankruptcy Code, as the case may be, and the applicable Bankruptcy Rules, Local Rules, and any other fee and expense guidelines and orders of this Court and consistent with the proposed compensation set forth in the Joint Application and Engagement Letter; *provided, however*, that the requirements of the Bankruptcy Code, the Bankruptcy Rules, and Local Rule 2016-1 are hereby modified such that KPMG's professionals shall be required only to maintain records of the services rendered for the Debtors and the Committee that include reasonably detailed summary descriptions

of those services, the approximate time expended in providing those services (in 0.1 hour increments) and the identity of the professionals who provided those services.  KPMG understands that interim and final fee awards are subject to approval by this Court.  KPMG shall use its reasonable efforts to avoid duplication of services provided to any of the Debtors' or the Committee's other retained professionals in these chapter 11 cases.  KPMG shall also make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures in connection with the Joint Application and any fee applications filed by KPMG.

5.      The terms and conditions of the Engagement Letter between KPMG, the Debtors and the Committee, as modified by this Order, are approved.

6.      To the extent the Debtors, the Committee and KPMG enter into any additional engagement letter(s), the Debtors and the Committee will file such engagement letter(s) with the Bankruptcy Court and serve such engagement letter(s) upon the United States Trustee.  If within 10 days of such new engagement letter(s) being served, any parties-in-interest object to the additional services to be provided by KPMG, a hearing before the Court will promptly be scheduled.  All additional services will be subject to the provisions of this Order.

7.      The Engagement Letter's indemnification provisions are hereby modified and restated in their entirety as follows:

>   (a) All requests by KPMG for payment of indemnity pursuant to the Engagement Letter shall be made by means of an application (interim or final as the case may be) and shall be subject to review by the Court to ensure payment of such indemnity conforms to the terms of the Engagement Letter and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought; *provided, however*, that in no event shall KPMG be indemnified in the case of its own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence or willful misconduct;
>
>   (b) In the event that KPMG seeks reimbursement from the Debtors or the Committee for reasonable attorneys' fees in connection with a request by KPMG for payment of indemnity pursuant to the Engagement Letter, as

3

modified by this Order, the invoices and supporting time records from such attorneys shall be included in KPMG's own application (both interim and final) and such invoices and time records shall be subject to the Fee Guidelines and the approval of the Court under the standards of sections 330 and 331 of the Bankruptcy Code without regard to whether such attorney has been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code; and

(c)   KPMG shall not be entitled to reimbursement by the Debtors for any fees, disbursements and other charges of KPMG's counsel other than those incurred in connection with a request of KPMG for payment of indemnity.

8.     Before implementing any increases in KPMG's rates for any individual retained by KPMG and providing services in these cases, KPMG shall file a supplemental affidavit with this Court and provide at least 10 business days' notice to the Debtors, the Committee, and the United States Trustee.  The supplemental affidavit shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtors and the Committee have consented to the rate increases.  All parties in interest retain all rights to object to any rate increase on all grounds including the reasonableness standard provided for in section 330 of the Bankruptcy Code.

9.     During the pendency of the Chapter 11 Cases, this Court retains exclusive jurisdiction with respect to any matters, claims, rights or disputes arising out of and/or pertaining to KPMG's engagement and the implementation of this Order until such jurisdiction is relinquished.

10.    KPMG shall (i) to the extent that KPMG uses the services of independent contractors, subcontractors, or employees of foreign or domestic affiliates or subsidiaries (collectively, the "Contractors") in these cases, KPMG shall pass-through the cost of such Contractors to the Debtors at the same rate that KPMG pays the Contractors, (ii) seek reimbursement for actual costs only, (iii) ensure that the Contractors are subject to the same

4

conflict checks as required for KPMG, and (iv) file with the Court such disclosures required by Bankruptcy Rule 2014.

11.    The Debtors and the Committee shall comply with the notice requirement set forth in paragraph 4(c) of KPMG's Standard Terms and Conditions for Advisory and Tax Services (the "Standard Terms and Conditions"), including providing the written notice required prior to disseminating or advancing any of KPMG's advice, recommendations, information, or work product to third parties.

12.    During the pendency of these Chapter 11 Cases, paragraph 6 of the Standard Terms and Conditions is deleted.

13.    Any Bankruptcy Rule (including but not limited to Bankruptcy Rule 6004(h)) or Local Rule that might otherwise delay the effectiveness of this Order is hereby waived, for cause, and the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

14.    The Debtors, the Committee, and KPMG are authorized to take all such actions as are necessary and appropriate to implement the terms of this Order.


Dated:  February 24, 2020
       White Plains, New York

                   /s/Robert D. Drain
                   THE HONORABLE ROBERT D. DRAIN
                   UNITED STATES BANKRUPTCY JUDGE

# Schedule 3

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

|  |  |
|---|---|
| | : |
| In re: | : Chapter 11 |
| | : |
| PURDUE PHARMA L.P., *et al.*, | : Case No. 19-23649 (RDD) |
| | : |
| Debtors.[1] | : (Jointly Administered) |
| | : |

---

**CERTIFICATION PURSUANT TO**
**ADMINISTRATIVE ORDER RE: GUIDELINES**
**FOR FEES AND DISBURSEMENTS FOR PROFESSIONALS**
**IN SOUTHERN DISTRICT OF NEW YORK BANKRUPTCY CASES**

I, Howard Steinberg, certify as follows:

1.      I am a Partner of KPMG LLP ("KPMG"), a professional services firm.

2.      By Order dated February 24, 2020, KPMG was retained as tax consultant for the above-captioned debtors and debtors in possession (the "Debtors") and the Official Committee of Unsecured Creditors (the "Committee").

3.      I submit this certification in conjunction with KPMG's Sixth Joint Interim Fee Application, dated October 21, 2021 (the "Joint Application"), for Interim Allowance of Compensation for Services Rendered and Reimbursement of Expenses for the Period from June 1, 2021 through September 30, 2021 (the "Compensation Period").

4.      I am the professional designated by KPMG with the responsibility for KPMG's compliance in these cases with the administrative order regarding guidelines for fees and disbursements for professionals in Southern District of New York bankruptcy cases (the "Amended Guidelines").

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

5.      I have read KPMG's Joint Application and, to the best of my knowledge, information and belief formed after reasonable inquiry, except as stated herein or in the Joint Application:  (i) the fees sought in the Joint Application fall within the Amended Guidelines and the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. §330 promulgated by the Office of the United States Trustee (61 Fed. Reg. 24890 (May 17, 1996); 28 C.F.R. Part 58, appendix) (the "UST Guidelines" and together with the Amended Guidelines the "Guidelines");  (ii) the fees sought are billed at rates in accordance with those customarily charged by KPMG and generally accepted by KPMG's clients for the types of services rendered to the Debtors and (iii) in providing a reimbursable disbursement, KPMG does not make a profit on the service, whether the service is performed by KPMG in-house or through a third party.

6.      A copy of the Joint Application is being provided to the United States Trustee, any official statutory committees appointed in these cases and the Debtors, contemporaneously with the filing hereof.

7.      To the extent that the Joint Application is not in compliance with the Guidelines, KPMG requests a waiver of any such requirements.


*[Remainder of page left intentionally blank]*

2

Dated:  October 21, 2021

/s/ Howard Steinberg
_____

Howard Steinberg
Partner, KPMG LLP
1350 Avenue of the Americas
New York, New York 10019
212 872 6562