UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| PURDUE PHARMA L.P., *et al.*, | Case No. 19-23649 (RDD) |
| Debtors. [1] | (Jointly Administered) |

### ORDER AUTHORIZING THE SUPPLEMENTAL RETENTION AND EMPLOYMENT OF CORNERSTONE RESEARCH FOR ANTITRUST CONSULTING SERVICES EFFECTIVE OCTOBER 1, 2021

Upon the supplemental application, by notice of presentment dated October 11, 2021 [ECF No. 3925] (the "**Supplemental Application**"),[2] of Purdue Pharma L.P. and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to section 327(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Bankruptcy Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), for entry of an order authorizing the Debtors to supplement the retention of Cornerstone as consultant to the Debtors with respect to the Supplemental Services, effective October 1, 2021, all as more fully set forth in the Supplemental Application; and upon the declaration of Thomas O. Powell, associate general counsel of

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P., Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Capitalized terms used but not defined in this Order shall have the meanings ascribed to them in the Supplemental Application.

Cornerstone, attached to the Supplemental Application as **Exhibit 2** (the "**Fourth Supplemental Powell Declaration**"), and this Court having jurisdiction to consider the Supplemental Application and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Supplemental Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Supplemental Application having been provided and the opportunity for a hearing thereon having been provided; and there being no objections to the requested relief; and it appearing that no other or further notice or a hearing is required; and the Court having considered the Supplemental Retention Application and all exhibits attached thereto, including the Fourth Supplemental Powell Declaration, and the Court having determined that the relief sought in the Supplemental Application is in the best interests of the Debtors, their creditors, and all parties in interest, and that the legal and factual bases set forth in the Supplemental Application establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

          **IT IS HEREBY ORDERED THAT**:

1. The Supplemental Application is granted as set forth herein.

2. The Debtors are authorized to supplement the retention and employment of Cornerstone with respect to the Supplemental Services, effective October 1, 2021, and Cornerstone is authorized to perform the Supplemental Services described in the Supplemental Application and the Engagement Letter Addendum.

3. Cornerstone shall file fee applications for allowance of its compensation and reimbursement of its expenses with respect to Supplemental Services rendered in these chapter

11 cases with this Court in accordance with 11 U.S.C. §§ 330 and 331, as the case may be, and the applicable Bankruptcy Rules, Local Rules, and fee and expense guidelines and orders of this Court, which applications may be included in Cornerstone's applications for allowance of compensation and reimbursement with respect to its other services authorized by the Initial Retention Order.

4. Notwithstanding the entry of this Order, the terms and conditions of the Initial Retention Order and all related agreements approved thereunder shall remain in full force and effect and shall apply to the Supplemental Services except as otherwise expressly set forth herein.

5. The relief granted herein shall be binding upon any chapter 11 trustee appointed in any of these chapter 11 cases or upon any chapter 7 trustee appointed in the event of a subsequent conversion of any of the chapter 11 cases to cases under chapter 7.

6. Notice of the Supplemental Application as provided therein is good and sufficient notice of such Supplemental Application and the requirements of Bankruptcy Rule 6004(h) and the Local Rules are satisfied by such notice.

7. Notwithstanding any provision in the Bankruptcy Rules to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

8. The Debtors are authorized to take all reasonable actions necessary to effectuate the relief granted in this Order in accordance with the Supplemental Application.

9. In the event of any inconsistency between the Supplemental Application and this Order, the terms of this Order shall govern.

10. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated:   October 26, 2021
         White Plains, New York

*/s/Robert D. Drain*
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE