CONFIDENTIAL*                                                      10/11/2021

To: Honorable Judge Robert D. Drain

United States Bankruptcy Court
Southern District of New York
300 Quarropas Street, Room 248
White Plains, NY 10601

In re: PURDUE PHARMA L.P., et al., Debtors
Chapter 11
Case No. 19-23649 (RDD) (Jointly Administered)

From: 

Your Honor Judge Robert D. Drain,

I am ▓▓▓▓ the proud daughter and the Executor of the ▓▓▓▓ ▓▓▓▓ for which I have timely filed a claim against Purdue Pharma L.P. and the associated Debtors on my deceased Father's behalf, due to his severe addiction to opioid pain medication that included the abuse of Oxycontin.

I have attempted many times to retain a personal attorney since submitting my claim with evidential supporting documents to the Southern District of New York Bankruptcy court in July 2020, and have been repeatedly denied the right to legal counsel by multiple local attorneys. I was even denied the right to legal counsel by the attorneys at Akin Gump Strauss Hauer & Feld, LLP, Counsel to the Committee of Unsecured Creditors, leaving me with no other option but to request Pro Se.

Page 1

I do want to inform the court that I was prevented from ever filing any type of wrongful death lawsuit in the State of Wisconsin regarding my Father's death in October, 2011 due to Wisconsin Statute 655.007. According to Wisconsin Statute 655.007, I and others in my class who are an adult child age 18 or over are prohibited from filing a wrongful death lawsuit of a parent against those responsible in the State of Wisconsin. Subsequently, this Statute blocked me from following a legal path with a qualified attorney to seek relief related to my Father's wrongful and untimely death within the Statute of Limitations time frame.

Therefore, Wisconsin Statute 655.007 violates the civil rights and liberties of mine, my deceased Father's, and every person in my class according to the 14th Ammendment Section 1 of the United States Consitution, and according to Article 1 Section 9 and 9m of the Wisconsin State Constitution, as I continue to be denied the right to due process. I did write a letter to the local American Civil Liberties Union Foundation to question whether Wisconsin Statute 655.007 is constitutional, and yet again, I was refused the right to legal counsel.

I, ▓▓▓▓▓▓▓▓▓▓▓▓ am petitioning the United States Bankruptcy Court Southern District of New York for Honorable Judge Robert D. Drain to rule in my favor for Equtiable Tolling, and to waive Section 2255 Statute of Limitations due to the Extrordinary Circumstances of the State of Wisconsin's Governmental interference

under Wisconsin Statute 655.007. Hence, prohibiting me from filing a lawsuit against

the entities responsible after due dilligence for the wrongful death of my father

within the Statute of Limitations.

Please notify me if I owe a filing fee for petitioning the court and

I will send payment immediately.

Thank you,

Daughter and Executor of the Estate

*This letter and it's contents are marked CONFIDENTIAL and the documents

contained should not be made known to the general public or be published on

Prime Clerk's website without receiving the proper permission to do so.



09
SEP

# WISCONSIN WRONGFUL DEATH EXPLAINER

Contact the attorneys of Habush Habush & Rottier today at **800-2-HABUSH (800-242-2874)** to speak with a qualified member of our legal team and discuss the details of your situation.



 Sep, 09 2019

 Car Accidents
Medical Malpractice

In Wisconsin, a wrongful death is a death caused by a "wrongful act, neglect or default," of another person. In these instances, the individual responsible for the negligent act, like a car accident, may also be responsible for any deaths resulting from the incident.

## WHO CAN FILE A WRONGFUL DEATH CLAIM IN WISCONSIN?

Wisconsin has specific rules about who can file a wrongful death claim.

If the deceased victim was married, only the victim's spouse can file a claim. If the victim wasn't married, the victim's children can file the wrongful death claim. If there is not a spouse or children, the victim's parents or siblings may file a claim.

Medical malpractice claims resulting in death are handled a little differently. In these instances, only a spouse or minor child(ren) can bring a claim. Adult children who lost a parent because of a medical malpractice incident cannot bring a wrongful death claim.

In most instances, you have three years to file a wrongful death claim. If the victim died because of a car accident, however, you only have two years to file a claim.

This statute of limitations can get confusing, though. For example, if someone was injured in a car accident and passed away three months later, it can be difficult to determine when the statute of limitations starts. Because of this, it's best to consult with an attorney as soon as possible so you don't miss your chance to file a claim.

800-242-2874                                                                                    LIVE CHAT

(a) On and after July 24, 1975, every patient, every patient's representative and every health care provider shall be conclusively presumed to have accepted to be bound by this chapter.

(b) Except as otherwise specifically provided in this chapter, this subsection also applies to minors.

(2) This chapter does not apply to injuries or death occurring, or services rendered, prior to July 24, 1975.

History: 1975 c. 37; 1987 a. 27; Stats. 1987 s. 655.006.

**655.007  Patients' claims.** On and after July 24, 1975, any patient or the patient's representative having a claim or any spouse, parent, minor sibling or child of the patient having a derivative claim for injury or death on account of malpractice is subject to this chapter.

History: 1975 c. 37, 199; 1983 a. 253; 1997 a. 89.

This chapter was inapplicable to a 3rd-party claim based on contract in which no bodily injury was alleged. Northwest General Hospital v. Yee, 115 Wis. 2d 59, 339 N.W.2d 583 (1983).

In this section "child" refers to a minor child. An adult child cannot assert a claim based on medical malpractice committed against the adult child's parent. Ziulkowski v. Nierengarten, 210 Wis. 2d 98, 565 N.W.2d 164 (Ct. App. 1997), 95-1708.

Section 893.55 (4) (f) makes the limits on damages applicable to medical malpractice death cases, but does not incorporate classification of wrongful death claimants entitled to bring such actions, which is controlled by this section. As such, adult children do not have standing to bring such an action. The exclusion of adult children does not violate equal protection. Czapinski v. St. Francis Hospital, Inc. 2000 WI 80, 236 Wis. 2d 316, 613 N.W.2d 120, 98-2437.

A mother who suffers the stillbirth of her infant as a result of medical malpractice has a personal injury claim involving negligent infliction of emotional distress, which includes the distress arising from the injuries and stillbirth of her daughter, in addition to her derivative claim for wrongful death of the infant. That the sources of the mother's emotional injuries cannot be segregated does not mean that there is a single claim of medical malpractice subject to the single cap for noneconomic damages. Pierce v. Physicians Insurance Co. 2005 WI 14, 278 Wis. 2d 82, 692 N.W.2d 558, 01-2710.

Under ss. 895.01 (1) (o) and 895.04 (2), a wrongful death claim does not survive the death of the claimant. In a non-medical malpractice wrongful death case, under s. 895.04 (2) a new cause of action is available to the next claimant in the statutory hierarchy. In a medical malpractice wrongful death case, eligible claimants under s. 655.007 are not subject to a statutory hierarchy like claimants under s. 895.04 (2). However, in a medical malpractice wrongful death case, adult children of the deceased are not listed as eligible claimants and are not eligible because of the exclusivity of s. 655.007, as interpreted in *Czapinski*. Lornson v. Siddiqui, 2007 WI 92, 302 Wis. 2d 519, 735 N.W.2d 55, 05-2315.

The plaintiff's claim that the hospital staff failed to adequately search his wife upon her return to an inpatient psychiatric unit when she carried in a gun and ammunition she used to kill herself alleged negligence in the performance of custodial care, not medical malpractice governed by ch. 655. While the decision to place the patient on the unit involved medical decisions made in the course of rendering professional medical care, the search itself was a matter of custodial care. The staff's search was not the result of special orders nor did it involve the exercise of professional medical judgment. Snyder v. Waukesha Memorial Hospital, Inc. 2009 WI App 86, 320 Wis. 2d 259, 768 N.W.2d 271, 08-1611.

A tortfeasor's insurer's subrogation claim against the injured party's doctor asserting that the doctor rendered unnecessary medical treatment for which the insurer was responsible amounts to an action for medical malpractice, which is governed by ch. 655. Neither the tortfeasor nor the insurer are patients or patient's representatives under this section and thus do not have standing to bring a malpractice claim. The application of ch. 655 to bar the insurer's subrogation claim does not violate equal protection guarantees. Konkel v. Acuity, 2009 WI App 132, 321 Wis. 2d 306, 775 N.W.2d 258, 08-2156.

Chapter 655 applies only to negligent medical acts or decisions made in the course of rendering professional medical care. To hold otherwise would exceed the bounds of the chapter and grant seeming immunity from non-ch. 655 suits to those with a medical degree. Plaintiff's claims arose from the discriminatory provision of medical care. Chapter 655 does not apply when the provider engages in discriminatory acts on the basis of a patient's disability. Rose v. Cahee, 727 F. Supp. 2d 728 (2010).

**655.009  Actions against health care providers.** An action to recover damages on account of malpractice shall comply with the following:

(1) COMPLAINT. The complaint in such action shall not specify the amount of money to which the plaintiff supposes to be entitled.

(2) MEDICAL EXPENSE PAYMENTS. The court or jury, whichever is applicable, shall determine the amounts of medical expense payments previously incurred and for future medical expense payments.

(3) VENUE. Venue in a court action under this chapter is in the county where the claimant resides if the claimant is a resident of this state, or in a county specified in s. 801.50 (2) (a) or (c) if the claimant is not a resident of this state.

History: 1975 c. 37, 198, 199; 1983 a. 253; 1985 a. 340.