**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | Chapter 11 |
| **PURDUE PHARMA L.P.**, *et al.*, | Case No. 19-23649 (RDD) |
| **Debtors.**[1] | (Jointly Administered) |

## ORDER DENYING MOTION FOR RELIEF FROM PRIOR ORDER

Before the Court is a motion, dated October 15, 2021 [ECF No. 3994] (the "Motion") by

Amanda Morales, *pro se*, which the Court has treated as a motion under Fed. R. Bankr. P. 9024

for relief from and vacatur of the Court's Order dated August 18, 2021 [ECF 3591] (the "Prior

Order") denying Ms. Morales' prior motion, dated July 14, 2021 and titled "Plaintiffs' Motion

for Summary Judgment" [ECF No. 3191] (the "Summary Judgment Motion"). The Summary

Judgment Motion sought an order compelling the allowance and immediate payment of Claim

No. 619945 (the "Claim") filed in these cases on behalf of Ms. Morales' deceased father and

herself. After consideration of the Debtors' objection to the Summary Judgment Motion and Ms.

Morales' Affidavit in Support of Summary Judgment [ECF No. 3558] and the record of the

hearing held by the Court on the Summary Judgment Motion on August 16, 2021, the Court

denied the Summary Judgment Motion in the Prior Order "without prejudice to the merits of the

Claim." Id. The Court concluded in the Prior Order that

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

the payment in full of the Claim but not all claims similarly situated to the Claim before the confirmation and effective date of a chapter 11 plan in these cases would be premature and violate the fundamental Bankruptcy Code principles of similar treatment of similar claims and the resolution and treatment of general unsecured claims under a chapter 11 plan and is not warranted by any exception to such principles.

The Motion does not satisfy the requirements for relief from the Prior Order under Fed. R. Bankr. P. 9024, which for purposes of the Motion incorporates Fed. R. Civ. P. 60(b).[2] Rule 60(b) provides that the Court may relieve a party from a final judgment, order or proceeding due to:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The decision whether to grant a motion for relief under Rule 60(b) is within the Court's discretion. *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) (citing *Montco, Inc. v. Barr (In re Emergency Beacon Corp.)*, 666 F.2d 754, 760 (2d Cir. 1981)). "A motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances." *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001). "The burden of proof is on the party seeking relief from judgment." *Id*.

---

[2] Local Bankruptcy Rule 9023-1, which governs motions for reargument, states that "[n]o oral argument shall be heard unless the Court grants the motion and specifically orders that the matter be re-argued orally." Local Bankruptcy Rule 9023-1(a). The Court concludes that oral argument is neither necessary nor appropriate under the circumstances and has decided the Motion based on the papers.

"In no circumstances . . . may a party use a Rule 60(b) motion as a substitute for an appeal it failed to take in a timely fashion." *Id.* (citing *United Airlines, Inc. v. Brien*, 588 F.3d 158, 176 (2d Cir. 2009)); *see also Frankel v. ICD Holdings S.A.*, 939 F. Supp. 1124, 1127 (S.D.N.Y. 1996) (Rule 60(b) "is not 'a substitute for a timely appeal . . . .'") (quoting *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986)).

The Motion does not satisfy the standard for relief under Rule 60(b).  It makes the same general allegations contained in the Summary Judgment Motion, adding only that "Purdue Pharma's objection NEVER addressed the motion they simply said they object in a short 3 page objection and did not deny or acknowledge my argument and at all" [ECF No. 3994].  It does not state facts warranting relief under Rule 60(b)(1), (3), (4), (5) or (6).  Nor does the Motion present new evidence that would satisfy the Rule 60(b)(2).  The only material new development since the entry of the Prior Order is the entry of an order confirming the Debtors' chapter 11 plan under 11 U.S.C. § 1129.  However, by its terms the plan has not yet gone effective.  Moreover, the chapter 11 plan sets forth a comprehensive procedure for determining the allowance of, and distributions on account of the tens of thousands of claims like the Claim that is contrary to the immediate relief sought in the Summary Judgment Motion and the Motion.  The confirmation of the chapter 11 plan after the entry of the Prior Order therefore does not warrant granting the Motion.  Accordingly, it is

ORDERED that the Motion is denied.

Dated: White Plains, New York
        October 29, 2021

/s/ Robert D. Drain_____
HON. ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

3