Brian E. Frosh, Attorney General
Brian T. Edmunds, Assistant Attorney General
Office of the Attorney General of Maryland
200 Saint Paul Place
Baltimore, Maryland 21202
bedmunds@oag.state.md.us
(410) 567-6578

*Attorneys for the State of Maryland*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In re:** | ) | Chapter 11 |
| | ) | |
| **PURDUE PHARMA, L.P., *et al.*,** | ) | Case No. 19-23649 (RDD) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |

**REPLY IN SUPPORT OF STATE OF MARYLAND'S MOTION
FOR STAY OF CONFIRMATION ORDERS [3786, 3787]
AND TRUST ADVANCES ORDER [3773] PENDING APPEAL**

Appellees' lengthy objections and oppositions to the appellants' motions for stays pending appeal ignore the intervening decision of the district court that has already conclusively resolved the likelihood of success on the merits and balance of hardships issues they present to this Court. *See* Memorandum & Order Denying Without Prejudice The U.S. Trustee's Motion for a Stay Pending Appeal, *In re Purdue Pharma L.P., et al.*, No. 7:21-CV-7966-CM (S.D.N.Y. Oct. 13, 2021) ("S.D.N.Y. Order") (Exhibit A).[1]  The district court's explicit determinations that the appellants have raised "sufficiently serious questions going to the merits" and "have tipped the balance of hardship[s] decidedly in their favor,"  S.D.N.Y Order at 10, cannot be decided

---

[1] Appellees, by stipulation filed in the district court, have accepted the district court's ruling and are precluded from challenging it here or on appeal.  *See* Amended Stipulation, *In re Purdue Pharma L.P., et al., Bankruptcy Appeals*, No. 7:21-CV-7532-CM (S.D.N.Y. filed Oct. 20, 2021) (Exhibit B).

1

differently here. Nor can appellees ask this Court to disturb the district court's rejection of their arguments (none of which they supported with anything more than sheer party attorney or lay speculation) that delay pending appeal will cause irreparable harm to appellees and others. *See* S.D.N.Y. Order at 10 ("Delay matters in this case. But in the end, we are speaking only of delay – delay that this court has done its best to minimize by putting the parties on a rocket docket for these appeals."). The district court's resolution of these issues already raised in the motions before before it is conclusive and binding. *See, e.g.,* Fed. R. Bankr. 8007(b)(1) & (b)(2)(B) (providing that motion for relief, if not ruled upon by the bankruptcy court or if decided wrongly by bankruptcy court, may be presented to the district court); 28 U.S.C. § 158 (conferring appellate jurisdiction on the district court); *In re PCH Associates*, 949 F.2d 585, 593 (2d Cir. 1991) ("[P]rior determination [of the district court involving same party] constituted the law of the case and should not have been disturbed."); *C. Hudson Gas & Elec. Corp. v. Empresa Naviera Santa S.A.*, 56 F.3d 359, 368 (2d Cir. 1995) ("Collateral estoppel, or issue preclusion, bars the relitigation of issues actually litigated and decided in the prior proceeding, as long as that determination was essential to that judgment.").

The district court's findings therefore entitle appellants to a stay preventing any "step . . . that would commence consummation of the Plan," including the Plan going effective. *See* S.D.N.Y. Order at 11. What the district court did not decide and expressly left open for this Court, in the first instance, to consider is whether irreparable harm is occurring *now*. *See* S.D.N.Y. Order at 10-12 ("I agree with the Debtors that Movant's speculation about the possibility of an equitable mootness ruling from the Second Circuit does not (yet) rise to the level of irreparable injury . . . . Unless someone is lying to me, the only steps being taken pursuant to the Advance Order are preliminary and administrative or ministerial . . . . As of today, Movants have not

2

identified any concrete harm that will arise between now and November 9, when Judge Drain is scheduled to consider their various stay motions . . . . I am on the record as stating that I will not allow this appeal to be equitably mooted. If at any time it appears that imminent action might lead to that result, I invite the Movants to knock on my door."). This Court therefore should entertain only issues that have not yet been presented to or decided by the district court, including those raised in pages 14 through 20 of the State of Maryland's motion, which include: (1) the irreparable harm posed by restrictions on the State of Maryland's ability to enforce its laws for the protection of the health of its residents, *id.* at 14-16; (2) the irreparable harm posed by money being paid from the estate, including the trust advances motion and many payments for work implementing the plan that are being charged against the estate by attorneys and other professionals, *id.* at 16-17, (3) the harm to the reorganization itself, creditors, and others posed by instituting the plan in the absence of stability, which is supported by evidence that the Debtors and their supporters have presented throughout this case, including, for example, the evidence they submitted in support of the various iterations of their motions to compensate employees and continue programs, *id.* at 17-19; and (4) the harm to the public from the confusion and other complications generated by going effective with a plan that may be cancelled or altered after appeal, *see id.* at 19-20.

    These harms, neither presented to nor decided by the district court are additional issues that may impact, including presently, a balance of hardships that already tips "decidedly in [Appellants'] favor." S.D.N.Y Order at 10. As the appellees do not discuss them extensively in their oppositions and instead focus heavily on issues the district court decided, a substantial reply is unnecessary and any points in opposition may be addressed at the hearing on the motions.

November 1, 2021                               Respectfully submitted,

                                                                     BRIAN E. FROSH
                                                                     Attorney General of Maryland

/s/ Brian T. Edmunds
BRIAN T. EDMUNDS
Assistant Attorney General

Office of the Attorney General of Maryland
200 Saint Paul Place
Baltimore, Maryland 21202
bedmunds@oag.state.md.us
(410) 576-6578

*Attorneys for the State of Maryland*