UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | Chapter 11 |
| PURDUE PHARMA L.P., *et al.*,[1] | Case No. 19-23649 (RDD) |
| Debtors. | (Jointly Administered) |

**ORDER ESTABLISHING PROCEDURES FOR REMOTE HEARING
ON MOTIONS FOR STAY PENDING APPEAL**

Parties in interest in the above-captioned chapter 11 cases ("**Parties**") will appear before the Court for a hearing (the "**Stay Hearing**") beginning at 10:00 a.m. (prevailing Eastern Time) on Tuesday, November 9, 2021 regarding the motions for stay pending appeal.[2]  It is expected that the Stay Hearing will involve at least some evidentiary presentation.  Pursuant to Rule 43(a) of the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] The motions for a stay pending appeal are: (i) the United States Trustee's *Amended Expedited Motion for a Stay of Confirmation Order and Related Orders Pending Appeal Pursuant to Federal Rule of Bankruptcy Procedure 8007* (Dkt. Nos. 3778, 3801, 3792); (ii) the *Motion of the States of Washington and Connecticut for a Stay Pending Appeal* (Dkt. No. 3789); (iii) the State of Maryland's *Motion for Stay of Confirmation Orders and Trust Advances Order Pending Appeal* (Dkt. No. 3845); (iv) the *Joint Motion of Certain Canadian Municipality Creditors and Appellants and Certain Canadian First Nations Creditors and Appellants for the Granting by the Bankruptcy Court of a Stay Pending Appeals, Joinder to the Stay Motions of the Office of the United States Trustee and the State of Maryland, and Granting Related Relief* (Dkt. No. 3873); (v) the *Motion for an Order to Stay* filed by Ronald Bass, Sr. (Dkt No. 3860); and (vi) the *Motion of Ellen Isaacs, Deceased Patrick Ryan wroblewski & The American People for a Stay Pending Appeal* [Dkt. No. 3890] (collectively, the "**Motions**").

Federal Rules of Civil Procedure, made applicable here by Rule 9017 of the Federal Rules of Bankruptcy Procedure, the current COVID-19 pandemic provides good cause and compelling circumstances to allow the Stay Hearing to be conducted remotely by telephonic and video conferencing solutions. Accordingly, pursuant to this Court's General Order M-543, dated July 30, 2021 (Morris, C.J.) regarding the COVID-19 pandemic and after due deliberation, this Court adopts the following virtual hearing procedures which provide appropriate protocols in relation to the Stay Hearing.

IT IS HEREBY ORDERED THAT:

1. **Telephonic and Videoconferencing Solutions**. The Stay Hearing shall take place only virtually using both telephonic and videoconferencing solutions as set forth herein. The Court shall utilize Zoom (for audio and video purposes). The Zoom link shall be provided by the Court to the list of persons who have registered their appearance utilizing the Court's Electronic Appearance portal located on the Court's website (https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl) in accordance with Paragraph 2 below. All counsel that participate by Zoom shall participate in appropriate pre-Stay Hearing testing of Zoom as may be required by this Court's IT personnel.

2. **Prior Notice of Intent to Zoom**. Any party-in-interest who has filed a Motion, as identified above in footnote 2, or a timely objection to the same and wishes to participate shall register their appearance utilizing the Court's Electronic Appearance portal located at Judge Drain's calendar page on the Court's website (https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl) no later than **Friday, November 5, 2021 at 4:00 p.m. prevailing**

**Eastern Time**.[3]  The Court will circulate the Zoom link to such persons participating by Zoom prior to the Stay Hearing.  Only the parties who have properly sought Zoom access from the Court and who have filed a pleading in respect of one or more of the Motions shall be permitted to speak at the Stay Hearing.

3. **Listen-In Access to the Stay Hearing**.  Members of the public, including the press, wishing to **listen to but not to view** the Stay Hearing may utilize teleconference listen-only lines to be provided by the Court. The dial-in information will also be posted on the designated hearing date of the Judge's Public Hearing Calendar page, which can be found on the Court's website (https://www.nysb.uscourts.gov/calendars/rdd.html) as well as on the website of the Debtors' claims and noticing agent (https://restructuring.primeclerk.com/purduepharma/).

4. **Remote Witness Testimony and Exhibits**.  Rule 43(a) of the Federal Rules of Civil Procedure, made applicable by Rule 9017 of the Federal Rules of Bankruptcy Procedure, provides that for "good cause in compelling circumstances" a witness may be permitted to testify by contemporaneous transmission from a location other than the courtroom.  Having found that good cause and compelling circumstances exist here due to the COVID-19 pandemic, any witness called to testify at the Stay Hearing shall testify by contemporaneous transmission from a different location than the Court ("**Remote Witness**").  All Remote Witnesses shall be sworn in over Zoom, and such testimony will have the same effect and be binding upon the Remote Witness in the same manner as if such Remote Witness was sworn in by the Court in person in open court at the courthouse.

---

[3] If such a party in interest is the Official Committee of Unsecured Creditors or an ad hoc committee, its members may view but not participate in the proceedings, via zoom, if they register their appearance as described above.

If there is an error or malfunction with Zoom, the testimony shall proceed by dial-in by using the telephone number provided in the Zoom dial-in invitation or another number to be provided by the Court if that dial-in number also does not function properly.  The Party offering the Remote Witness shall be responsible for ensuring that the Zoom link, and all exhibits from all Parties to be used during the Remote Witness' testimony, are supplied to the Remote Witness in hard copy, or, where a hard copy is unfeasible, with an electronic version, prior to when the witness is scheduled to testify.  Direct testimony shall be by declaration previously provided pursuant to the procedures prescribed for that purpose, and cross-examination and redirect examination, if any, shall be via Zoom as set forth above and herein.  Parties who wish to cross-examine a Remote Witness using an impeachment exhibit must provide a copy of such exhibit to the Court and opposing counsel, in a sealed and/or encrypted file to the Remote Witness not to be opened by the Remote Witness until instructed by the Court, either to the Remote Witness or to counsel presenting the Remote Witness on direct, so that the Remote Witness will have the impeachment exhibit during the Remote Witness' testimony at the Stay Hearing.  Notwithstanding the foregoing, a Party may for good cause shown seek to question a remote witness on cross-examination or redirect testimony utilizing, via screen-sharing, an exhibit not previously provided. No person other than counsel for the Party offering or representing the Remote Witness may be present in the room from which the Remote Witness will testify during the testimony of the Remote Witness, with the exception of any person providing technical assistance to the Remote Witness and/or the counsel for the Party offering or representing such Remote Witness.  While the Remote Witness is testifying, the Remote Witness will not have in the room from which the Remote Witness will testify any documents except the Witness' declaration submitted as direct testimony (with exhibits, if any) and all exhibits from all parties that will have been provided as set forth herein.  Remote

Witnesses testifying via Zoom shall utilize the Zoom link only during the time they are testifying and shall disconnect from the Zoom link upon the conclusion of the Remote Witness' testimony.

Parties intending to submit exhibits at the Stay Hearing shall meet and confer in advance of the Stay Hearing to use their best efforts to agree on the admissibility into evidence of the proposed exhibits. By no later than **November 5, 2021 at 4:00 p.m. prevailing Eastern Time**, the parties shall, through the Debtors' counsel, provide the Court's chambers with (a) a binder(s) of exhibits whose admissibility into evidence for purposes of the Stay Hearing is agreed, (b) a binder of proposed exhibits whose admissibility into evidence is not agreed, and (c) copies of all witness direct testimony declarations.

5. **Courtroom Formalities**. Although conducted using videoconferencing solutions, the Stay Hearing constitutes a court proceeding, and any recording other than the official court version is prohibited. The photographing and rebroadcasting of the Stay Hearing from any location is also prohibited. The formalities of a courtroom must be observed. When appearing by Zoom, each counsel or *pro se* party must be situated in such a manner as to be able to view the video screen and be seen by the Court. When called to testify, a Remote Witness must be situated in such a manner as to be able to view the video screen and be seen by the Court. Those appearing by Zoom may be dropped from the link if they do not comply with this Order.

6. **Retention of Jurisdiction**. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: November 3, 2021
      White Plains, New York

*/s/Robert D. Drain*
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE