# Davis Polk

Benjamin S. Kaminetzky
+1 212 450 4259
ben.kaminetzky@davispolk.com

Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
davispolk.com

November 5, 2021

Re: *In re Purdue Pharma L.P.*, Case No. 19-23649 (RDD)

The Honorable Robert D. Drain
United States Bankruptcy Court
Southern District of New York
300 Quarropas Street
White Plains, New York 106-4140

Dear Judge Drain:

We write on behalf of Purdue Pharma L.P. and certain of its affiliates that are debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), the Official Committee of Unsecured Creditors, the Ad Hoc Committee of Governmental and Other Contingent Litigation Claimants, the Multi-State Governmental Entities Group, the Ad Hoc Group of Individual Victims of Purdue Pharma L.P., et al., and the Ad Hoc Committee of NAS Children (together, the "Plan Proponents") to respectfully request a chambers conference regarding the pending stay motions that are scheduled to be heard on November 9, 2021.

The stay hearing is completely unnecessary as the Debtors and other Plan Proponents have voluntarily provided the moving parties all of the relief they could possibly achieve at such hearing.

At the hearings on September 30 and October 14, Your Honor suggested that the parties attempt to reach a consensual resolution on the stay motions that "might obviate the need for a lot of litigation with the stay issue" while ensuring that that Your Honor's decision confirming the Plan is subject to "meaningful [appellate] review" by attempting to "hit the sweet spot" based on a reasonable prediction of when the District Court might rule.  (Sept. 30 Hr'g Tr. at 41:13-42:4; *see also* Oct. 14 Hr'g Tr. at 223:21-225:1.)  Judge McMahon has similarly advised that she has "no intention of allowing the critical issues on appeal to be 'equitably mooted'" before she rules on the pending appeals.  (Temporary Restraining Order Pending Argument on the United States Trustee's Motion for a Stay, *In re Purdue Pharma L.P. Bankr. Appeals*, No. 21-cv-7532 (S.D.N.Y. Oct. 10, 2021), Dkt. No. 29.)  Mindful of that guidance from both this Court and the District Court, the Plan Proponents have worked to pursue precisely that negotiated resolution—one that would allow the District Court to rule on the merits of the appeals (and protect the movants against any risk of equitable mootness that might arise from the occurrence of the sentencing hearing or the consummation of the Plan in the near term) while permitting the Debtors to undertake routine tasks that would help to facilitate speedy distributions <u>after</u> the Effective Date.

In accordance with the District Court's agreement and understanding that the appeals "[have] to go fast," (Oct. 12 District Ct. Hr'g Tr. at 59:9-10), the appeals will be fully briefed by November 22 and argued on November 30.  Judge McMahon also informed the parties that she has a two-defendant criminal trial beginning on December 7.  (Oct. 12 District Ct. Hr'g Tr. at 22:9-12.)  In light of that timing, the Plan Proponents sent an initial proposal to the States of Maryland, Washington, and Connecticut, the U.S. Trustee, and the Canadian Municipalities and First Nations (together, the "Movants") on October 22, under which the Debtors, among other things, agreed (i) that the Effective Date would not occur before <u>December 15</u>; (ii) to provide 14 days' notice of the actual Effective Date (consistent with the requirement of Judge McMahon's decision denying the U.S. Trustee's emergency stay motion before the District Court); and (iii)

# Davis Polk

that we would file a notice on the docket as soon as the sentencing hearing is scheduled.  Under that proposal, the Movants could renew their stay motions—or file new stay motions—immediately upon the Debtors' notice of the actual Effective Date.

Maryland, for its part, categorically rejected the proposal (ten minutes after it was sent), without offering any counterproposal, explanation of their reasoning, or invitation for discussion.  The U.S. Trustee subsequently responded with its own counterproposal on October 26, which sought, among other things, a complete stay of the Confirmation Order until 14 days after the District Court's decision, irrespective of when that might occur.

In response, the Plan Proponents made material improvements to their original proposal and circulated an amended draft stipulation to the Movants on October 31, under which the Debtors have now agreed, among other things, (i) not to request that the criminal sentencing take place before December 20 (and to similarly provide notice as soon as the hearing is scheduled—which has not yet occurred); and (ii) that the Effective Date will not occur until the earlier of (a) seven days after the District Court's decision, or (b) December 30. In exchange, the Plan Proponents asked that all stay motions be taken off the calendar, provided that the Movants could renew those motions (or file new ones) as of the earlier of (a) the District Court decision, and (b) December 15.  In light of the briefing schedule set by Judge McMahon and her indications that these appeals are on a "rocket docket" toward a swift resolution, that proposal would provide the District Court with additional time to rule, while also setting an outside date as compared to a blanket and indefinite stay, before which the Movants could seek relief in the event that there is any risk that the sentencing hearing or the Effective Date—the only two things that could conceivably moot the appeals—might occur.  Maryland again immediately rejected the amended proposal with no counterproposal or explanation.  The U.S. Trustee responded to indicate that it was considering the proposal.

Earlier today, five days after we provided our amended proposal, we heard back from the U.S. Trustee with another unworkable counterproposal that (i) again contains a stay of unknown duration, (ii) contains a draconian injunction that would be even more severe than a stay of the Confirmation Order itself, and (iii) would prevent the Debtors from even making a request to schedule the sentencing hearing until two weeks after a judgment from Judge McMahon.  That represents virtually no movement from their prior counterproposal.  The States of Washington and Connecticut subsequently indicated their agreement with the U.S. Trustee's revised counterproposal, but only subject to an additional requirement that the Debtors seek a continuance of the sentencing hearing in the event that it is scheduled during the stay period without the Debtors having made such a request.

The Plan Proponents' amended proposal entirely obviates the need for Tuesday's hearing.  It provides the District Court with the ability to issue a ruling on the merits (free of any risk of mootness, which we do not believe is cognizable harm) following the oral argument scheduled for November 30, or to otherwise defer consideration of the stay motions until a later point in time—before the sentencing hearing or the Effective Date could possibly occur.  Given that a stay through the date of the District Court's decision is all that the Movants could obtain from this Court, in any event (*see, e.g.*, 10 Collier on Bankruptcy ¶ 8007.11 (16th ed. 2021) ("The general rule is that a stay granted under Rule 8007 expires when the appeal has been decided by the bankruptcy appellate panel or the district court.")), and that the District Court has already decided both an emergency stay motion and a "motion for clarification" seeking additional relief, and has declined to issue a stay, the Plan Proponents' amended proposal effectively grants the Movants the relief that they seek through their motions, while preserving the ability to litigate these issues later should that become necessary depending on the timing of the District Court's decision.

To further show our commitment to a consensual resolution of the stay issues, the Plan Proponents hereby submit the attached executed unilateral stipulation to the terms described above.  This is yet a further expansion of the firm promises Judge McMahon found sufficient to address the two stay motions filed

# Davis Polk

before her.  Coupled with the undertakings in the prior stipulation and the requirements set forth in Judge McMahon's decision on the U.S. Trustee's emergency motion, the Plan Proponents have now made the following binding commitments:

1. None of the appellees will argue at any time before any court that the appeals have been rendered moot by actions taken in advance of the Effective Date pursuant to the Confirmation Order or the Advance Order (with all parties preserving the right to advance arguments as to the import of the imposition of a criminal sentence or the entry of a judgment of conviction);

2. The Effective Date will not occur until the earlier of (a) seven days following a decision by the District Court on the appeals, and (b) December 30;

3. The Debtors will not request that the criminal sentencing take place before December 20, 2021;

4. The Debtors will provide 14 days' notice of the actual Effective Date;

5. The Debtors will file a notice on the docket when the criminal sentencing hearing is scheduled; and

6. The Movants may renew their stay motions or file new stay motions as of the earlier of (a) the District Court's decision on the appeals; and (b) December 15.

Even if one were to assume that the risk of equitable mootness is a cognizable harm in the context of a stay motion—a proposition with which we strongly disagree—there is no possible argument that the Movants would suffer any conceivable harm before the District Court rules on the pending appeals (or before the Movants' stay motions could be renewed at a later date).[1]

Accordingly, the Plan Proponents respectfully request a chambers conference to address these issues in an effort to avoid the burden and expense of an entirely unnecessary contested hearing on November 9.

Respectfully submitted,

By:    */s/ Benjamin S. Kaminetzky*
Benjamin S. Kaminetzky

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile:  (212) 450-5800

*Counsel to the Debtors and Debtors in Possession*

---

[1] The Debtors considered seeking authority to file a sur-reply in light of the numerous misstatements of fact and law in the Movants' 84 pages of reply briefs, including their characterizations of the negotiations concerning a potential consensual resolution of their motions (with which, to say the least, the Plan Proponents disagree), but instead elected to submit this brief informational letter in an effort to avoid an unnecessary hearing.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | **Chapter 11** |
| **PURDUE PHARMA L.P.**, *et al.*, | **Case No. 19-23649 (RDD)** |
| Debtors.[1] | **(Jointly Administered)** |

## STIPULATION AND AGREED ORDER REGARDING
## MOTIONS FOR STAY PENDING APPEAL

Purdue Pharma L.P. and certain of its affiliates that are debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"); the Official Committee of Unsecured Creditors, the Ad Hoc Committee of Governmental and Other Contingent Litigation Claimants, the Multi-State Governmental Entities Group, and the Ad Hoc Group of Individual Victims of Purdue Pharma L.P., et al., and the Ad Hoc Committee of NAS Children (together with the Debtors, the "**Appellees**"); and the State of Maryland, the State of Washington, the State of Connecticut, the certain Canadian Municipality Creditors and Certain Canadian First Nations Creditors, and the United States Trustee (collectively, the "**Movants**," and together with the Appellees, the "**Parties**"), by and through their undersigned counsel, hereby stipulate and agree as set forth below in this stipulation and agreed order (the "**Stipulation**").[2]

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717), and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Capitalized terms used but not defined herein shall have the meaning set forth in the *Twelfth Amended Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and its Affiliated Debtors* [Dkt. No. 3726] ("**Plan**").

## Recitals

A.     On September 15, 2021, the Court entered the *Order (I) Authorizing the Debtors to Fund Establishment of Creditor Trusts, the Master Disbursement Trust and Topco, (II) Directing Prime Clerk LLC to Release Certain Protected Information, and (III) Granting Related Relief* [Dkt. No. 3773] (the "**Advance Order**").

B.     On September 15, 2021, the United States Trustee filed an *Expedited Motion for a Stay of Confirmation Order and Related Orders Pending Appeal Pursuant to Federal Rule of Bankruptcy Procedure 8007* [Dkt. No. 3778].

C.     On September 17, 2021, the Court entered the *Findings of Fact, Conclusions of Law, and Order Confirming the Twelfth Amended Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and its Affiliated Debtors* [Dkt. No. 3787] (the "**Confirmation Order**").

D.     On September 19, 2021, the States of Washington and Connecticut filed the *Motion of the States of Washington and Connecticut for a Stay Pending Appeal* [Dkt. No. 3789].

E.     On September 21, 2021, the United States Trustee filed an *Amended Expedited Motion for a Stay of Confirmation Order and Related Orders Pending Appeal Pursuant to Federal Rule of Bankruptcy Procedure 8007* [Dkt. No. 3801].

F.     On September 29, 2021, the State of Maryland tiled the *State of Maryland's Motion for a Stay of Confirmation Orders [3789, 3787] and Trust Advances Order [3773] Pending Appeal* [Dkt. No. 3845].

G.     On September 30, 2021, the Court held a scheduling and status conference on the pending stay motions, at which the Court suggested holding a hearing on the stay motions on October 14, 2021 or November 9, 2021, depending on the scope of testimony and/or discovery required.

H.      On October 1, 2021, the Certain Canadian Municipality Creditors and Certain Canadian First Nations Creditors filed the *Notice of Presentment of Joint Motion of Certain Canadian Municipality Creditors and Appellants and Certain Canadian First Nations Creditors and Appellants for the Granting by the Bankruptcy Court of a Stay Pending Appeals, Joinder to the Stay Motions of the Office of the United States Trustee and the State of Maryland, and Granting Related Relief* [Dkt. No. 3873].

I.      On October 6, 2021, the Court set a status conference with respect to the pending stay motions for October 14, 2021 and scheduled a hearing on the pending stay motions for November 9, 2021.

J.      On October 14, 2021, the Court held a status and scheduling conference regarding the pending stay motions, at which it adopted the agreed-upon briefing and discovery schedule, under which briefs in opposition to the motions (as well as any declarations in support of such opposition briefs) are to be filed on October 22, 2021, any declarations of Movants' rebuttal witnesses are to be filed on October 29, 2021, and any replies of the Movants are to be filed no later than November 1, 2021 at 2:00 p.m. Eastern time.

K.      On October 18, 2021, the United States Trustee filed its *Second Amended Memorandum of Law in Support of United States Trustee's Amended Expedited Motion for a Stay of Confirmation Order and Related Orders Pending Appeal Pursuant to Federal Rule of Bankruptcy Procedure 8007* [Dkt. No. 3972] (together with its prior stay motions [Dkt Nos. 3778 and 3801] and the stay motions filed by the States of Washington and Connecticut [Dkt. No. 3789], the State of Maryland [Dkt. No. 3845], and the Certain Canadian Municipality Creditors and Certain Canadian First Nations Creditors [Dkt. No. 3873], the "**Stay Motions**").

L.      The Parties mutually desire to avoid further litigation with respect to the Stay

Motions, which would deplete resources that would otherwise be devoted under the Plan to funding opioid abatement programs and compensating personal injury victims.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED AS FOLLOWS:**

1.     The Appellees shall not argue at any time before any court that any appeal of the Confirmation Order has been rendered equitably moot by the actions undertaken in advance of the Effective Date in furtherance of carrying out the Plan pursuant to the Confirmation Order or the Advance Order; provided, however, that this stipulation does not address the imposition of a criminal sentence or the entry of a judgment of conviction on Purdue Pharma L.P. or the effect or consequences of such sentencing or judgment on any appeals, the Debtors, or their stakeholders, including any argument any Party might make with respect to the foregoing.

2.     The Debtors agree that the Effective Date (as defined in the Plan) will not occur until the earlier of (a) seven (7) days following a decision by the United States District Court for the Southern District of New York on the Movants' pending appeals, consolidated under lead case number 21-cv-07532 (the "**District Court Decision**"); and (b) December 30, 2021.

3.     The Debtors agree not to request that the criminal sentencing of Purdue Pharma L.P. take place before December 20, 2021 and to file a notice on the docket in the above-captioned chapter 11 cases when the District Court for the District of New Jersey schedules the sentencing hearing.

4.     The Movants agree that the Stay Motions shall be taken off the calendar.

5.     All Parties agree that no stay-related discovery will be taken until the earlier of (a) the District Court Decision; and (b) December 15, 2021.

6.     All Parties reserve their rights to seek further relief in any court, provided that no further stay requests will be filed prior to the earlier of (a) the District Court Decision; and (b) December 15, 2021.

7.      The Parties agree that all pleadings and declarations filed in connection with the Stay Motions shall form part of the record in any appeals or motions for a stay in front of any appellate court.

8.      This Court retains exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Stipulation.

*[Remainder of page intentionally left blank]*

**STIPULATED AND AGREED:**

Dated:     November 5, 2021
            New York, New York

/s/ Marshall S. Huebner

DAVIS POLK & WARDWELL LLP

Marshall S. Huebner
Benjamin S. Kaminetzky
James I. McClammy
Marc J. Tobak
Gerard X. McCarthy
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000

*Counsel to the Debtors*

/s/ Arik Preis

AKIN GUMP STRAUSS HAUER & FELD
LLP

Arik Preis
Mitchell Patrick Hurley
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY 10036
212-872-1000
Fax: 212-872-1002
Email: apreis@akingump.com
Email: mhurley@akingump.com

*Counsel to The Official Committee of
Unsecured Creditors*

/s/ Kenneth H. Eckstein

KRAMER LEVIN NAFTALIS & FRANKEL
LLP

Kenneth H. Eckstein
Rachael Ringer
Jonathan Wagner
David E. Blabey Jr.
1177 Avenue of the Americas
New York, NY 10036
Telephone: (212) 715-9100

*Counsel to the Ad Hoc Committee of
Governmental and Other
Contingent Litigation Claimants*

/s/Jeffrey A. Liesemer

CAPLIN & DRYSDALE, CHARTERED

Kevin C. Maclay, Esq.
James P. Wehner, Esq.
Jeffrey A. Liesemer, Esq.
Lucas H. Self, Esq.
One Thomas Circle, NW, Suite 1100
Washington, DC 20005
Tel: (202) 862-5000
Fax: (202) 429-3301
kmaclay@capdale.com
jwehner@capdale.com
jliesemer@capdale.com
lself@capdale.com

*Counsel to the Multi-State Governmental
Entities Group*

*/s/ Alice Tsier*

WHITE & CASE LLP

J. Christopher Shore
Michele J. Meises
Alice Tsier
1221 Avenue of the Americas
New York, New York 10020
Tel.: (212) 819-8200
Fax: (212) 354-8113
cshore@whitecase.com
michele.meises@whitecase.com
alice.tsier@whitecase.com

*Counsel to the Ad Hoc Group of Individual*
*Victims of Purdue Pharma L.P., et al.*

*/s/ Harold D. Israel*

LEVENFELD PEARLSTEIN, LLC

Harold D. Israel
2 North LaSalle St., Suite 1300
Chicago, Illinois 60602
Telephone: 312-346-8380
Facsimile: 312-346-8434
Hisrael@lplegal.com

*Counsel to The Ad Hoc Committee of NAS*
*Children*

KLEINBERG, KAPLAN, WOLFF &
COHEN, P.C.

Matthew J. Gold
Robert Michael Tuchman
Kleinberg, Kaplan, Wolff & Cohen, P.C.
500 Fifth Avenue
New York, NY 10110
212-880-9827
Email: mgold@kkwc.com
Email: rtuchman@kkwc.com

*Counsel for State of Washington*

PULLMAN & COMLEY LLC

Irve J. Goldman
Pullman & Comley, LLC (Bridgeport)
850 Main Street, 8th Floor
Bridgeport, CT 06601
(203) 330-2213
Fax: (203)-576-8888
Email: igoldman@pullcom.com

*Counsel for State of Connecticut*

LITE DEPALMA GREENBERG &
AFANADOR LLC

Allen J. Underwood II, Esq.
570 Broad Street – Suite 1201
Newark, NJ 07102
Direct Dial: 973.877.3814
Main No. 973.623.3000
Fax No. 973.623.0858
Email: aunderwood@litedepalma.com

*Counsel for Certain Canadian Municipality
and First Nations Creditors*

STATE OF MARYLAND

Brian T. Edmunds
Assistant Attorney General
Office of the Attorney General
200 Saint Paul Place
Baltimore, MD 21202
410-576-6578
bedmunds@oag.state.md.us

*Attorneys for the State of Maryland*

DEPARTMENT OF JUSTICE, OFFICE OF
THE UNITED STATES TRUSTEE

William K. Harrington
Linda A. Riffkin
Paul K. Schwartzberg
Benjamin J. Higgins
201 Varrick Street, Room 1006
New York, NY 10014
(212) 510-0500
Fax: (212) 668-2361

**SO ORDERED.**

Dated: _____, 2021
        White Plains, New York

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE