November 4, 2021

Maria Ecke



Pro Se Council

United States Bankruptcy Court

Southern District of New York

In re:

Purdue Pharma L.P. et all

Debtors.

Chapter 11

Case No. 19-23649 (RDD)

## MOTION FOR ORGINAL CLAIM PAYMENT AND FOR RULE 5004 OF THE FEDERAL RULES OF BANKRUPCTY PROCEDURE GOVERNED BY 28 USC455 – DISMISSAL OF JUDGE DRAIN

### ARGUMENT

1.) The bankruptcy ruling FINDING OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMINGTHE TWELFTH AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION OF PURDUE PHARMA L.P. AND ITS AFFILIATED DEBTORS IS PROHIBITING WE THE PEOPLE, THE PLAINTIFFS, OUR DUE PROCESS WHICH IS GUARANTEED BY THE 14th AMEDMENT OF THE CONSTITUTION. "Due process is the legal requirement the state must respect all legal right that are owed to one person. Due process balances the power of the land protects the individual from it. When a government harms a person without following the exact course of the law, this constitutes a due process violation, which offends the rule of law." This ruling by Judge Drain offends both the "rule of the law", many other innocent victims including Ellen Isaacs and me, Maria Ecke.

2.) Our family members are deceased and have been deprived of life or still struggling with their afflictions as my other son does. He doesn't even have children after 12 years of marriage. Could it be that Purdue Pharma's drugs interfere or interfered with his reproductive system? The drugs that the Sackler family made. The families through various sources have been demanding due process; to no avail.

3.) Any agreement that would permit a Bankruptcy that takes away the Plaintiff's right of due process and permits a corporation and people that run these corporations to absolve themselves from criminal prosecution while humans continue to die daily is against the law of The Constitution. The Bankruptcy should never have included Purdue Pharma's admitted criminal actions. This Bankruptcy case could have continued with the criminal case immediately redirected to the Department of Justice when the Sackler's admitted they were guilty. The Bankruptcy Court is not the venue to absolve criminal actions.

4.) Ellen Isaacs filed a Motion that is not on the Docket requesting that Judge Drain be removed from the bench pending a psychosocial evaluation. In response the Court advised Ellen Isaacs to take the matter to a higher Court. She also asked him to recuse himself from the case and he avoided this portion of that Motion – Docket No. 3582. Instead, Judge Drain walked into the Court room on September 15, 2021, with a previously prepared document. He had no consideration for the Oral Argument, and nothing was addressed. The Denial prepared by the Debtors at Judge Drain's request is inaccurate. There is an omnibus hearing pending in December to rectify this matter.

5.) **"Rule 5004. Disqualification (a) Disqualification of Judge. A bankruptcy judge shall be governed by 28 U.S.C. §455 and disqualified from presiding over the proceeding or contested matter in which the disqualifying circumstances arises or, if appropriate, shall be disqualified from presiding over the case.** (b) Disqualification of Judge from Allowing Compensation. A bankruptcy judge shall be disqualified from allowing compensation to a person who is a relative of the bankruptcy judge or with whom the judge is so connected as to render it improper for the judge to authorize such compensation.

### Notes

(As amended Apr. 29, 1985, eff. Aug. 1, 1985; Mar. 30, 1987, eff. Aug. 1, 1987.)

### Notes of Advisory Committee on Rules—1983

Subdivision (a). **Disqualification of a bankruptcy judge is governed by 28 U.S.C. §455. That section provides that the judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" or under certain other circumstances. In a case under the Code, it is possible that the disqualifying circumstance will be isolated to an adversary proceeding or contested matter. The rule makes it clear that when the disqualifying circumstance is limited in that way the judge need only disqualify himself from presiding over that adversary proceeding or contested matter. It is possible, however, that even if the disqualifying circumstance arises in connection with an adversary proceeding, the effect will be so pervasive that disqualification from presiding over the case is appropriate.** This distinction is consistent with the definition of "proceeding" in 28 U.S.C. §455(d)(1). Subdivision (b) precludes a bankruptcy judge from allowing compensation from the estate to a relative or other person closely associated with the judge. The subdivision applies where the judge has not appointed or approved the employment of the person requesting compensation. Perhaps the most frequent application of the subdivision 1 will be in the allowance of administrative expenses under §503(b)(3)–(5) of the Code. For example, if an attorney or accountant is retained by an

indenture trustee who thereafter makes a substantial contribution in a chapter 11 case, the attorney or accountant may seek compensation under §503(b)(4). If the attorney or accountant is a relative of or associated with the bankruptcy judge, the judge may not allow compensation to the attorney or accountant. Section 101(34) defines relative and Rule 9001 incorporates the definitions of the Code. See the Advisory Committee's Note to Rule 5002.

### Notes of Advisory Committee on Rules—1985

Amendment Subdivision (a) was affected by the Bankruptcy Amendments and Federal Judgeship Act of 1984, P.L. 98–353, 98 Stat. 333. The 1978 Bankruptcy Reform Act, P.L. 95– 598, included bankruptcy judges in the definition of United States judges in 28 U.S.C. §451 and they were therefore subject to the provisions of 28 U.S.C. §455. This was to become effective on April 1, 1984, P.L. 95–598, §404(b). Section 113 of P.L. 98–353, however, appears to have rendered the amendment to 28 U.S.C. §451 ineffective. Subdivision (a) of the rule retains the substance and intent of the earlier draft by making bankruptcy judges subject to 28 U.S.C. §455. The word "associated" in subdivision (b) has been changed to "connected" in order to conform with Rule 5002(b).

*Subdivision (a)*. Disqualification of a bankruptcy judge is governed by 28 U.S.C. §455. That section provides that the judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" or under certain other circumstances. In a case under the Code it is possible that the disqualifying circumstance will be isolated to an adversary proceeding or contested matter. The rule makes it clear that when the disqualifying circumstance is limited in that way the judge need only disqualify himself from presiding over that adversary proceeding or contested matter.

It is possible, however, that even if the disqualifying circumstance arises in connection with an adversary proceeding, the effect will be so pervasive that disqualification from presiding over the case is appropriate. This distinction is consistent with the definition of "proceeding" in 28 U.S.C. §455(d)(1).

*Subdivision (b)* precludes a bankruptcy judge from allowing compensation from the estate to a relative or other person closely associated with the judge. The subdivision applies where the judge has not appointed or approved the employment of the person requesting compensation. Perhaps the most frequent application of the subdivision will be in the allowance of administrative expenses under §503(b)(3)–(5) of the Code. For example, if an attorney or accountant is retained by an indenture trustee who thereafter makes a substantial contribution in a chapter 11 case, the attorney or accountant may seek compensation under §503(b)(4). If the attorney or accountant is a relative of or associated with the bankruptcy judge, the judge may not allow compensation to the attorney or accountant. Section 101(34) defines relative and Rule 9001 incorporates the definitions of the Code. See the Advisory Committee's Note to Rule 5002.

### NOTES OF ADVISORY COMMITTEE ON RULES—1987 AMENDMENT

The rule is amended to be gender neutral. The bankruptcy judge before whom the matter is pending determines whether disqualification is required.

---

[1] So in original. Probably should be "circumstance".

6.) **ONCE AGAIN FROM CORNELL LAW SCHOOL – LEGAL INFORMATION INSTITUE:**

"LII   U.S. Code   Title 28   Part I...Chapter 21   Sec.455"

"**28 U.S. Code § 455 - Disqualification of justice, judge, or magistrate judge**

- U.S. Code
- Notes
- State Regulations

prev | next

**(a)**

Any justice, judge, or magistrate **judge of the United States** shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

**(b)He shall also disqualify himself in the following circumstances:**

**(1)**

Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

**(2)**

Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it.

**(3)**

Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;

**(4)**

He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;

(5)He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:

**(i)**

Is a party to the proceeding, or an officer, director, or trustee of a party;

**(ii)**

Is acting as a lawyer in the proceeding;

**(iii)**

Is known by the judge to have an interest that could be substantially affected by the outcome of t the proceeding;

**(iv)**

Is to the judge's knowledge likely to be a material witness in the proceeding.

**(c)**

A judge should inform himself about his personal and fiduciary financial interests, and make a reasonable effort to inform himself about the personal financial interests of his spouse and minor children residing in his household.

**(d)** For the purposes of this section the following words or phrases shall have the meaning indicated:

**(1)**

"proceeding" includes pretrial, trial, appellate review, or other stages of litigation;

**(2)**

the degree of relationship is calculated according to the civil law system.

**(3)**

"fiduciary" includes such relationships as executor, administrator, trustee, and guardian;

**(4)** "financial interest" means ownership of a legal or equitable interest, however small, or a relationship as director, adviser, or other active participant in the affairs of a party, except that:

**(i)**

Ownership in a mutual or common investment fund that holds securities is not a "financial interest" in such securities unless the judge participates in the management of the fund;

**(ii)**

An office in an educational, religious, charitable, fraternal, or civic organization is not a "financial interest" in securities held by the organization;

**(iii)**

The proprietary interest of a policyholder in a mutual insurance company, of a depositor in a mutual savings association, or a similar proprietary interest, is a "financial interest" in the organization only if the outcome of the proceeding could substantially affect the value of the interest;

**(iv)**

Ownership of government securities is a "financial interest" in the issuer only if the outcome of the proceeding could substantially affect the value of the securities.

**(e)**

No justice, judge, or magistrate judge shall accept from the parties to the proceeding a waiver of any ground for disqualification enumerated in subsection (b). Where the ground for disqualification arises only under subsection (a), waiver may be accepted provided it is preceded by a full disclosure on the record of the basis for disqualification.

**(f)**

Notwithstanding the preceding provisions of this section, if any justice, judge, magistrate judge, or bankruptcy judge to whom a matter has been assigned would be disqualified, after substantial judicial time has been devoted to the matter, because of the appearance or discovery, after the matter was assigned to him or her, that he or she individually or as a fiduciary, or his or her spouse or minor child residing in his or her household, has a financial interest in a party (other than an interest that could be substantially affected by the outcome), disqualification is not required if the justice, judge, magistrate judge, bankruptcy judge, spouse or minor child, as the case may be, divests himself or herself of the interest that provides the grounds for the disqualification.

(June 25, 1948, ch. 646, 62 Stat. 908; Pub. L. 93–512, § 1, Dec. 5, 1974, 88 Stat. 1609; Pub. L. 95–598, title II, § 214(a), (b), Nov. 6, 1978, 92 Stat. 2661; Pub. L. 100–702, title X, § 1007, Nov. 19, 1988, 102 Stat. 102 Stat. 4667; Pub. L. 101–650, title III, § 321, Dec. 1, 1990, 104 Stat. 5117.)"

7.) My handsome, smart, beautiful, tall, thin son, David Jonathan Ecke had done nothing wrong but get rear ended by a car at a stand still on a bridge while traveling to school. He was 6'6" tall and he had to call a friend to drive him home from the hospital because both Richard Ecke, his father, and I, Maria Ecke, were working. He was prescribed by a doctor for many years until he became addicted and died. Does anyone in the Sackler family take OxyContin or Oxycodone? Can the Sackler family bring David Jonathan Ecke back to life?

8.) Why has the Department of Justice and Judge Drain ignored the criminal aspect of this matter? If a drug dealer had given drugs to someone and that person died, he/she would be in jail – maybe for life. Why aren't we, victims able to prosecute the Sackler family criminally or in other ways?

9.) Why didn't Judge Drain rule on my request for **Rule 3008-1 RECONSIDERATION OF CLAIMS?** He just ignored my plea – Docket 3575 entered 8/16/2021.

10.) **WHY IS THE ENTIRE CASE SEALED FROM THE PUBLIC? THIS IS A HEALTH MATTER OF GRAVE IMPORTANCE TO THE ENTIRE WORLD!**

**MOTION FOR RELIEF BY ORIGINAL CLAIM PAYMENT**

I am respectfully asking for the Court to pay each of us, Maria Ecke, Richard Ecke, Andrew Ecke, and Peter Sottile the $242,000,000.00 which I originally asked for because my beautiful, smart son David Jonathan Ecke should not have been killed by the Defendants. With this money, I will start a foundation --A Star David- -which will really help victims of drugs not just the States etc. See Exhibit A. The Sacklers do not deserve to walk away from this while creating a new company to fuel their own pockets.

### CERTIFICATE OF SERVICE

I, Maria Ecke, hereby certify that on November 5, 2021, I caused a true and correct copies of the foregoing to be served (I) by the Court's Case File (CM/ECF) System upon all parties who are deemed to have consented to electronic service; (ii) by email upon the parties who provided email addresses set forth in the Master Service List maintained by the Debtors in respect of these chapter 11 cases; and (iii) by email upon the Office of the United States Trustee for the Southern District of New York (Attn: Paul K. Schwartzberg, paul.schwartzberg@usdoj.gov).

/s/Maria Ecke

_____

Pro Se