Reed Smith llp
  Paul E. Breene
  Ann Kramer
599 Lexington Avenue
New York, NY 10022-7650
Telephone: (212) 521-5400
Facsimile: (212) 521-5450

**Hearing Date**: December 16, 2021
at 10:00 A.M.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| PURDUE PHARMA L.P., *et al.*, | Case No.:  19-23649  (RDD) |
| Debtors. | (Jointly Administered) |

**COVER SHEET TO THE APPLICATION OF REED SMITH LLP**
**AS AN ORDINARY COURSE PROFESSIONAL FOR COMPENSATION**
**FOR SERVICES RENDERED IN EXCESS OF THE TIER 1 OCP CAP**
**FOR THE PERIOD FROM MAY 1, 2021 THROUGH AUGUST 31, 2021**

In accordance with Rule 2016-1 of the Local Rules of Bankruptcy Procedure, incorporating the *Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York Bankruptcy Cases* promulgated by the Board of Judges for the United States Bankruptcy Court for the Southern District of New York [General Order M-447], (the "**Local Guidelines**") and the Order Authorizing Debtors to Employ Professionals Used in the Ordinary Course of Business Nunc Pro Tunc to the Petition Date [ECF No. 548] (the "**OCP Order**"), Reed Smith LLP ("**Reed Smith**"), an ordinary course professional providing services as special insurance counsel for the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**"), submits this summary (this "**Summary**") of fees in excess of the Tier 1 OCP Cap[1] sought as actual and necessary in the fee application to which this Summary is attached (the "**Application**") for the period of May 1, 2021 through August 31, 2021 (the "**Fee Period**").[2]

---

[1]    Capitalized terms used in this Summary and/or in the annexed Application but not otherwise defined herein shall have the meaning ascribed to them in the OCP Order.

[2]    The Summary set forth herein represents the fees in excess of the Tier 1 Cap applicable to Reed Smith, as more fully described in the accompanying Application.

## General Information

| | |
|---|---|
| Name of Applicant: | Reed Smith LLP |
| Authorized to Provide Services to: | Purdue Pharma, L.P., *et al.*, Debtors-in-Possession |
| Petition Date: | September 15, 2019 |
| Retention Date: | September 16, 2019[3] |
| Date of Order Approving Retention: | November 26, 2019 [ECF No. 548] |
| Time Period Covered by Application: | May 1, 2021 through August 31, 2021 |
| Total Compensation Approved by Interim Order to Date | N/A |
| Total Compensation Paid to Date | $750,000.00[4] |
| Total Expenses Paid to Date | N/A |
| Compensation sought in this Application already paid pursuant to a monthly compensation order but not yet allowed | N/A |
| Expenses sought in this Application already paid pursuant to a monthly compensation order but not yet allowed | N/A |
| Number of professionals included in this Application | 18 |
| Number of Professionals billing fewer than 15 hours during the Period | 6 |

## Summary of Fees Requested for the Fee Period

| | |
|---|---|
| Total compensation and expenses requested: | $1,258,723.12 |
| Amount(s) previously requested | $ 0.00 |
| Total compensation and expenses previously awarded by court | N/A |
| Less: amounts paid by Debtor pursuant to OCP Order | ($750,000.00) |
| Less: credit for prompt payment | ($23,195.87) |
| Amount Requested to be Paid | $485,527.25 |

---

[3]    *See*, OCP Affidavit and Questionnaire, filed in accordance with the OCP Procedure Order on December 5, 2019 [ECF No. 585].
[4]    Represents payments made by the Debtors to Reed Smith pursuant to the OCP Order for services rendered during the Second Fee Period.

## Summary of Hours Billed, Rates and Related information

| Name | Billing Rate | Date of Bar Admission | Total Hours Billed | Amount Billed[5] |
|---|---|---|---|---|
| James Martin | $1,320 | 1978 | 11.00 | 11,861.52 |
| Paul Singer | $1,195 | 1968 | 137.90 | 131,853.90 |
| Ann V. Kramer | $1,190 | 1984 | 377.20 | 361,079.33 |
| Paul E. Breene | $1,160 | 1983 | 175.50 | 165,247.80 |
| Michael J. Venditto | $1,160 | 1978 | 187.90 | 174,757.48 |
| John Ellison | $1,130 | 1987 | 0.80 | 723.20 |
| Richard Lewis | $1,100 | 1992 | 0.60 | 528.00 |
| Lisa A. Szymanski | $800 | 2009 | 210.30 | 136,197.60 |
| Andrew Muha | $825 | 2001 | 116.30 | 76,758.00 |
| Anthony Crawford | $650 | 2012 | 153.50 | 80,085.20 |
| Elizabeth F. Vieyra | $540 | 2012 | 120.00 | 52,083.00 |
| Esther Y. Kim | $535 | 2018 | 36.30 | 15,820.48 |
| Amy Kerlin | $520 | 2018 | 11.70 | 4,867.20 |
| Daniel H. Lang | $475 | N/A | 1.50 | 570.00 |
| Nora Sooy | $380 | N/A | 41.80 | 13,083.40 |
| Scott DeMaris | $355 | N/A | 0.60 | 170.40 |
| Shikendra B. Rhea | $290 | N/A | 32.10 | 7,554.21 |
| Lianna E. Simmonds | $265 | N/A | 120.20 | 25,482.40 |

---

[5]      The amount billed represents an agreed discount from Reed Smith's standard hourly fees. Pursuant to the terms of Reed Smith's engagement, for the period on and after February 1, 2021, the following tiered discounts apply to time charges accruing through January 2022 bills: (i) 10 % of accrued fees less than $500,000; (ii) 14% of accrued fees in excess of $500,000 but less than $1,000,000; (iii) 17% of accrued fees in excess of $1,000,000 but less than $1,500,000; and (iv) 20% of accrued fees above $1,500,000. The applicable discount for each tier applies upon reaching the threshold on fees billed after application of any lower tiered discounts.

**Total hours billed during Fee Period**:                1,735.20

**Total value of hours at agreed hourly rate**:    $1,258,723.12

**Blended hourly rate for all attorneys**:[6]          $787.44

---

[6]      Blended hourly rate for all attorneys (excluding paralegal or other paraprofessional time) who billed time during the Fee Period.

US_ACTIVE-163339337.4

REED SMITH LLP
   Paul E. Breene
   Ann Kramer
599 Lexington Avenue
New York, NY 10022-7650
Telephone: (212) 521-5400
Facsimile: (212) 521-5450

**Hearing Date**: December 16, 2021
at 10:00 A.M

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

PURDUE PHARMA L.P., *et al.*,

Debtors[7].

Chapter 11

Case No.: 19-23649 (RDD)

(Jointly Administered)

**APPLICATION OF REED SMITH LLP AS AN ORDINARY COURSE PROFESSIONAL FOR COMPENSATION FOR SERVICES RENDERED IN EXCESS OF THE TIER 1 OCP CAP FOR THE PERIOD FROM MAY 1, 2021 THROUGH AUGUST 31, 2021**

Pursuant to sections 327, 330, and 331 of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rule 2016-1 of the Local Rules of Bankruptcy Procedure, incorporating the *Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York Bankruptcy Cases* promulgated by the Board of Judges for the United States Bankruptcy Court for the Southern District of New York [General Order M-447] (the "**Local Guidelines**"), the *United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases* effective as of November 1, 2013 (the "**U.S. Trustee Guidelines**," and together with the Local Guidelines, the "**Fee Guidelines**"), and the Order Authorizing Debtors to

---

[7]    The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

US_ACTIVE-163339337.4

Employ Professionals Used in the Ordinary Course of Business Nunc Pro Tunc to the Petition Date [ECF No. 548] (the "**OCP Order**"), Reed Smith LLP ("**Reed Smith**"), an ordinary course professional providing services as special insurance counsel for the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**"), submits this Application of Reed Smith LLP as an Ordinary Course Professional for Compensation for Services Rendered in Excess of the Tier 1 OCP Cap for the Period from May 1, 2021 through August 31, 2021 (this "**Application**") and respectfully represents to the Court:

1.      By this Application, Reed Smith seeks an allowance of compensation for actual and necessary professional services that exceed the Tier 1 OCP Cap in the aggregate amount of $508,723.12, during the period commencing May 1, 2021 through August 31, 2021 (the "**Fee Period**") and authorization for the Debtors to pay Reed Smith the sum of $485,527.25, which represents the amount requested in excess of the Tier 1 OCP Cap after application of an agreed upon credit, as explained *infra*.[8]

2.      The United States Bankruptcy Court for the Southern District of New York (the "**Court**") has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.

3.      This Application is a core matter pursuant to 28 U.S.C. § 157(b)(2).

4.      Venue of this Application and the bankruptcy case are proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### **Background**

5.      On September 15, 2019 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  Since the Petition Date,

---

[8]      No request is made with respect to costs and expenses, since they are not subject to the Tier 1 OCP Cap, and have been billed to, and paid by, the Debtors in accordance in accordance with the procedures under the OCP Order.

US_ACTIVE-163339337.4

the Debtors have continued to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.      On September 18, 2019, the Court entered an order [ECF No. 59] authorizing the joint administration and procedural consolidation of the Debtors' chapter 11 cases pursuant to Bankruptcy Rule 1015(b).  On September 27, 2019, the United States Trustee (the "**U.S. Trustee**") appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code [ECF No. 131].

7.      On November 26, 2019, the Court entered the OCP Order.  Pursuant to the OCP Order, the retention and employment of a professional listed on the exhibits thereto would be deemed approved without further order of the Court if no objections were filed within 10 days of the filing of an OCP Affidavit and Retention Questionnaire for such professional (the "**Objection Period**").

8.      On December 5, 2019, the Affidavit and Disclosure Statement of Ann V. Kramer on Behalf of Reed Smith LLP (the "**Disclosure Statement**") [ECF No. 585] was filed in accordance with the OCP Procedure Order.  No objections to the Disclosure Statement were filed or communicated to counsel within the applicable Objection Period and therefore Reed Smith's retention as special insurance counsel pursuant to the terms of the OCP Procedure Order was deemed approved.

9.      As described in the Disclosure Statement, the services provided by Reed Smith include advice and counseling with regard to insurance matters involving the Debtors, including both claims and insurance placement, insurance issues under the Debtors' recently confirmed plan of reorganization, and the representation of the Debtors in connection with litigation and/or

arbitrations with its insurance providers regarding coverage for claims under insurance policies under which the Debtors may be insured.

10.    Pursuant to the OCP Order, Reed Smith was retained as a Tier 1 Ordinary Course Professional.  The Debtors were authorized to compensate Tier 1 Ordinary Course Professionals without formal fee applications; provided, however, that total fees, excluding costs and disbursements, in excess $150,000 per month on average over a rolling three-month period (the "**Tier 1 OCP Cap**") are subject to Court approval in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Guidelines, the Fee Guidelines and all orders of the Court.  Pursuant to paragraph 2(vi) of the OCP Order, the Tier 1 OCP Cap may be increased by agreement among the United States Trustee, the Official Committee of Unsecured Creditors and the Ad Hoc Committee of Governmental and Other Contingent Litigation Claimants and the Debtors, in which event the Debtors are required to file a notice of any such agreed increase with the court.  By a Notice filed with the Court on May 14, 2021 [ECF No. 2864], the Debtors gave notice that the Tier 1 OCP Cap with respect to Reed Smith for the period from May 1, 2021 through and including July 31, 2021 had been increased to $200,000 per month.  Accordingly, for the four months of the Fee Period, the Tier 1 OCP Cap applicable to Reed Smith was $750,000.00.

11.    Reed Smith has complied with the terms of the OCP Order and has invoiced the Debtor directly for all services provided post-petition.[9]

---

[9]    The agreed terms of Reed Smith's engagement include a discount from Reed Smith's standard hourly fees. For the period on and after February 1, 2021, the following tiered discounts apply to time charges accruing through January 2022 bills: (i) 10 % of accrued fees less than $500,000; (ii) 14% of accrued fees in excess of $500,000 but less than $1,000,000; (iii) 17% of accrued fees in excess of $1,000,000 but less than $1,500,000; and (iv) 20% of accrued fees above $1,500,000.  The applicable discount for each tier applies upon reaching the threshold on fees billed after application of any lower tiered discounts.

12.     On January 29, 2021, certain Debtors, represented by Reed Smith, commenced an adversary proceeding jointly with the Official Committee of Unsecured Creditors (the "**Creditors' Committee**") and the Ad Hoc Committee of Governmental and Other Contingent Litigation Claimants (the "**Ad Hoc Committee**" and together with the Creditors' Committee, the "**Committees**") against 26 insurance companies that had issued policies providing coverage for opioid-related liabilities captioned, Purdue Pharma L.P., et al. v. AIG Specialty Insurance Company, et al., Adv. Pro. No. 21-07005-rdd (hereinafter, the "**Coverage Litigation**").

13.     As a result of the Coverage Litigation and assistance regarding other insurance matters related to the negotiation, drafting and confirmation of the Debtors' joint Chapter 11 plan of reorganization[10], Reed Smith's time charges for the Fee Period exceeded the Tier 1 OCP Caps applicable to the 4 calendar months in the Fee Period.  During the period from May 1, 2021 through August 31, 202, the full payment of Reed Smith's fees at the agreed hourly rates would have aggregated $1,258,723.12, which was in excess of the Tier 1 OCP Cap applicable to that period, requiring the Debtors to holdback payment of $508,723.12.  However, pursuant to the agreed terms of Reed Smith's engagement, the Debtors were entitled to a discount on fees when an invoice is paid within 15 business days of receipt.[11]  This results in a further reduction of Reed Smith's request for allowance and payment as shown in the following table:

---

[10]     The Debtors filed the Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and Its Affiliated Debtors, on March 15, 2021 (the "**Joint Plan**") [D.I. 2487].  During the Fee Period, the Debtors revised their Joint Plan on May 7, 2021 [D.I. 2823], on May 24, 2021 [D.I. 2904], on May 26, 2021 [D.I. 2935], on June 2, 2021 [D.I. 2967], and on June 3, 2021 [D.I. 2982], as so revised and supplemented, the "**Solicitation Plan.**"  Prior to confirmation, the Solicitation Plan was further revised and supplemented on filed on July 14, 2021 [D.I. 3185], on August 12, 2021 [D.I. 3545], on August 23, 2021 [D.I. 3632], on August 25, 2021, on August 26, 2021 [D.I. 3682], on August 31, 2021, [D.I. 3706] and on September 2, 2021 [D.I. 3726].

[11]     The payment discount is a percentage that varies depending upon the amount of the fees invoiced. For the payments made during this Application Period, the discounts totaled $23,195.87.

| Month | Fees Incurred | Fees Paid | Payment Dates | Fees In Excess of Tier 1 OCP Cap |
|---|---|---|---|---|
| May 2021 | $221,604.32 | $200,000.00 | July 19 and 20, 2021 | $21,604.32 |
| June 2021 | $282,869.20 | $200,000.00 | August 17, 2021 | $82,869.20 |
| July 2021 | $259,981.60 | $200,000.00 | September 8, 10 and 13, 2021 | $59,981.60 |
| August 2021 | $494,268.00 | $150,000.00 | October 25, 2021 | $344,268.00 |
| Total for Fee Period | $1,258,723.12 | $750,000.00 | | $508,723.12 |

14.   After deducting the early payment credits aggregating $23,195.87, the amount that is unpaid for services rendered by Reed Smith during the Fee Period is $485,527.25.

15.   As discussed below, Reed Smith's fees exceeded the Tier 1 OCP Cap applicable to the Fee Period due to the need for Reed Smith's attorneys to devote time and attention in several significant areas involving insurance coverage during a critical phase of these cases. A confluence of these matters during a relatively compressed timeframe resulted in fees that exceeded the applicable Tier 1 OCP Cap for that period of four (4) months.

16.   Accordingly, Reed Smith now requests that the Court approve its request for an allowance of fees in excess of its Tier 1 OCP Cap and authorize payment of those allowed fees to Reed Smith in the amount of $485,527.25.

## Services During the Fee Period

17.   A key component of the Debtors' proposed reorganization is the monetization and distribution of insurance coverage to creditors. In support of that effort, Reed Smith attorneys

provided critical assistance to the Debtors and their bankruptcy estates during the Fee Period in

two areas: (1) insurance issues being negotiated and included in the Debtors' amended plan of

reorganization, and (2) the prosecution of the Coverage Litigation against the Debtors' insurers

18.    In their capacity as special insurance counsel, Reed Smith attorneys provided

advice and assistance to the Debtors and their bankruptcy counsel in connection with bankruptcy

counsel's negotiation and drafting of the Joint Plan, which was filed on March 15, 2021, and

then amended and supplemented several times before the Debtors solicited their creditors.

Following solicitation and overwhelming acceptance by creditors, the Debtors made further

amendments in an effort to resolve various objections to its provisions.

19.    The services provided by Reed Smith attorneys during the Fee Period included the

analysis of the Debtors' insurance policies to determine which policies provided coverage that

could be utilized to fund distributions under the Plan when confirmed, reviewing and

commenting on the Plan's provisions relating to insurance proceeds, reviewing and commenting

on descriptions of the insurance coverage in the proposed disclosure statement accompanying the

Plan and reviewing the provisions of the various trust agreements through which the insurance

could be monetized and distributed.  During the solicitation and confirmation of the Debtors'

Plan, Reed Smith evaluated and responded to objections filed by insurers and actively

participated in the confirmation hearing to assist in resolving those objections.

20.    Simultaneously, Reed Smith devoted substantial time and effort to the prosecution

of the Coverage Litigation.  Following commencement of the Coverage Litigation, the defendant

insurance companies filed a barrage of dispositive and procedural motions, 11 of which were

argued before this Court at a hearing on June 21, 2021.   Separately, several of the defendant

insurers filed motions seeking to withdraw the reference of the Coverage Litigation to this Court.

Those motions are currently pending in the District Court before District Judge Vincent L. Briccetti.

21.    In addition to addressing the various motions, Reed Smith, working in conjunction with counsel for the Committees, had to respond to requests for discovery sought by some of the defendants in connection with several of these motions.

22.    Responding to these motions, and associated discovery requests, required a team of Reed Smith lawyers and paraprofessionals to devote an extraordinary amount effort in a relatively compressed timeframe.

23.    All of the time expended by Reed Smith during the Fee Period was critical to the Debtors' efforts to move forward with the solicitation and confirmation of their Plan.

24.    All services during the Fee Period for which compensation is requested by Reed Smith were performed for or on behalf of the Debtors.  Reed Smith has not received any payment or promises of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with matters covered by this Application.  A certification confirming Reed Smith's compliance with the Fee Guidelines is annexed hereto as Exhibit A.

25.    The professional services were rendered by Reed Smith's partners, counsel, associates and paraprofessionals from various practice groups, including litigation, insurance recovery and restructuring.

### Summary of Professional Compensation and Reimbursement of Expenses Requested

26.    During the Fee Period, Reed Smith's professionals and paraprofessionals expended a total of 1,735.20 hours providing the necessary services.  Reed Smith has been able to efficiently provide services by utilizing the expertise of professionals and paraprofessionals within relevant practice groups to provide services to the Debtors on the discrete issues for which

it has been engaged, thereby ensuring that the level of seniority is commensurate with the services being performed.

27.     As compensation for the services rendered on behalf of the Debtors during the Fee Period, Reed Smith respectfully requests an allowance of reasonable compensation for such services in the aggregate amount of $1,258,723.12, less payments of $750,000.00 made pursuant to the OCP Order, for a net award of fees in excess of the Tier 1 OCP Cap of $508,723.19.  After crediting the agreed discount to which the Debtors are entitled when a fee invoice is paid within 15 business days of receipt, Reed Smith requests that the Debtors be authorized to remit payment of $485,527.25.  This prompt payment credit is in addition to the discounted hourly rates described in this Application; Reed Smith's historic terms of engagement with the Debtors provided for a further discount for prompt payment following the presentation of invoices. Application of that agreed discount to the payments previously made by the Debtors pursuant to the OCP Order results in a credit of $23,195.87, which would reduce the Debtors' payment to Reed Smith to $485,527.25.

28.     Annexed hereto as Exhibit B is a list of professionals and paraprofessionals, their position with the firm, the hourly rate charged for their services, the number of hours expended on behalf of the Debtors during the Fee Period, and other pertinent information.  Exhibit C annexed hereto is a list of the various categories and the total fees and total hours expended by subject matter category.

29.     Reed Smith maintains computerized, detailed time records of services rendered by its professionals and paraprofessionals. The detailed records for the Fee Period (redacted to preserve privilege) are appended as Exhibit D.

US_ACTIVE-163339337.4

### The Requested Fees Should Be Allowed

30.     Section 331 of the Bankruptcy Code provides for interim compensation of

professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code

to govern the Court's award of such compensation.  Section 330 of the Bankruptcy Code

provides that a court may award a professional "reasonable compensation for actual necessary

services rendered … and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1).

Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court
> should consider the nature, extent, and the value of such services, taking into
> account all relevant factors, including –
>
> (a) the time spent on such services;
>
> (b) the rates charged for such services;
>
> (c) whether the services were necessary to the administration of, or beneficial
> at the time at which the service was rendered toward the completion of, a
> case under this title;
>
> (d) whether the services were performed within a reasonable amount of time
> commensurate with the complexity, importance, and nature of the problem,
> issue, or task addressed; and
>
> (e) whether the compensation is reasonable based on the customary
> compensation charged by comparably skilled practitioners in cases other than
> cases under this title.

11 U.S.C. § 330(a)(3).

31.     The professional services rendered during the Fee Period were performed by Reed

Smith in an efficient manner, were necessary and appropriate to the administration of these

chapter 11 cases, and were in the best interests of the Debtors, their estates, and other parties in

interest.  Compensation for the foregoing services as requested is commensurate with the

complexity, importance, and nature of the problems, issues, and tasks involved.

32.     As required by the U.S. Trustee guidelines, annexed hereto as Exhibit E is a chart setting forth the comparative blended rates of the professionals and paraprofessionals who rendered services with a corresponding comparison of rates for professionals and paraprofessionals not involved in these chapter 11 cases.

**Notice**

33.     Reed Smith will provide notice of this Application in accordance with the OCP Order.  Reed Smith asserts that no other or further notice is necessary.

**WHEREFORE**, Reed Smith, in connection with the professional services rendered on behalf of the Debtors during the Fee Period, respectfully requests the allowance of compensation for actual and necessary professional services that exceed the Tier 1 OCP Cap in the aggregate amount of $508,723.12 during the period commencing May 1, 2021 through August 31, 2021 and authorization for the Debtors to pay Reed Smith the sum of $485,527.25, which represents the amount requested in excess of the Tier 1 OCP Cap after application of the agreed upon credit in the amount of $23,195.87.

Dated:  November 10, 2021
          New York, New York

Respectfully submitted,

REED SMITH LLP

/s/ *Paul E. Breene*

Paul E. Breene
599 Lexington Avenue
New York, NY  10022-7650
Telephone:  (212) 521-5400
Facsimile:  (212) 521-5450
Email: pbreene@reedsmith.com