**Exhibit A**

**CERTIFICATION CONFIRMING REED SMITH'S COMPLIANCE WITH THE FEE GUIDELINES**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>PURDUE PHARMA L.P., *et al.*,<br><br>                                                        Debtors. | Chapter 11<br>Case No.: 19-23649 (RDD)<br>(Jointly Administered) |

### CERTIFICATION IN SUPPORT OF THE APPLICATION OF REED SMITH LLP AS AN ORDINARY COURSE PROFESSIONAL FOR COMPENSATION FOR SERVICES RENDERED IN EXCESS OF THE TIER 1 OCP CAP FOR THE PERIOD FROM MAY 1, 2021 THROUGH AUGUST 31, 2021

Ann Kramer, a member of the firm of Reed Smith LLP, hereby certifies that I have reviewed the Application of Reed Smith LLP as an Ordinary Course Professional for Compensation for Services Rendered in Excess of the Tier 1 OCP Cap (the "**Application**") to certify to certain matters addressed in the (i) Order Authorizing Debtors to Employ Professionals Used in the Ordinary Course of Business Nunc Pro Tunc to the Petition Date [ECF No. 548] (the "**OCP Order**"), (ii) Rule 2016-1 of the Local Rules of Bankruptcy Procedure, incorporating the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York Bankruptcy Cases [General Order M-447], among other guidelines (the "**Local Guidelines**"), and (iii) The United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases effective as of November 1, 2013 (the "**U.S. Trustee Guidelines**," and together with Local Guidelines, the "**Fee Guidelines**").

1. The Application covers the period May 1, 2021 through August 31, 2021 (the "**Fee Period**").

2. To the best of my knowledge, information and belief, the statements contained in

the Application are true and accurate in all material respects and comply with the Fee Guidelines in material part.

3. Reed Smith responds to the questions identified in the U.S. Trustee Guidelines as follows:

**Question 1:** Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees, or terms for services pertaining to this engagement that were provided during the application period? If so, please explain.

**Answer:** Yes, as set forth in the Application, Reed Smith agreed to certain percentage discounts based on (i) the total time charges incurred in each calendar month, and (ii) an additional discount for "early" payment of billing.

**Question 2:** If the fees sought in the Application as compared to the fees budgeted for the time period covered by the Application are higher by 10% or more, did you discuss the reasons for the variation with the client?

**Answer:** Yes.

**Question 3:** Have any of the professionals included in the Application varied their hourly rate based on geographic location of the bankruptcy case?

**Answer:** No.

**Question 4:** Does the Application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices?

**Answer:** No.

**Question 5:** Does the Application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify hours and fees.

**Answer:** Yes, the application includes 11.1 hours of billed time and accrued fees of $9,399.00.

**Question 6:** Did the Application include any rate increases since retention in these cases:

**Answer:** No.

- 4 -

**Question 7:** Did the client agree when retaining Reed Smith to accept all future rate increases?

**Answer:** N/A.

Dated: New York, New York
November 10, 2021

                                                    s/ *Ann Kramer*
                                                    Ann Kramer