DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
James I. McClammy
Eli J. Vonnegut

*Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.**, *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

### DEBTORS' OBJECTION TO ELLEN ISAACS' MOTION FOR CLARIFICATION

Purdue Pharma L.P. ("**PPLP**") and its affiliates that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**," the "**Company**," or "**Purdue**") respectfully represent as follows in opposition to the *Motion for Clarification* [Dkt. No. 3864] (the "**Motion**") filed by Ellen Isaacs ("**Ms. Isaacs**"):

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717), and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

1.  In the Motion, Ms. Isaacs recites a number of "findings of fact" regarding the circumstances surrounding the filing of, hearing on, and denial of her prior *Emergency Request for Immediate Injunction and Hearing for Due Process, Production for Evidentiary Documents & Other Relief* [Dkt. No. 3582] ("**Emergency Motion**"). (Mot. ¶¶ 1-20.) In particular, Ms. Isaacs states that, although she filed her Emergency Motion on August 17, 2021, the Court confirmed the Debtors' plan on September 1, 2021 in its bench ruling without having heard her pending motion. (*Id*. ¶¶ 1-3.) Ms. Isaacs also asserts that she was never served with the Debtors' objection to the Emergency Motion, and that the Court's decision denying her Emergency Motion was "misleading" to the extent that it indicated that Ms. Isaacs' Emergency Motion was untimely. (*Id*. ¶¶ 4-6, 15, 18-19.) In addition, Ms. Isaacs expresses dissatisfaction regarding her attempts to appear and be heard at the September 13, 2021 omnibus hearing with respect to matters not related to her then-pending Emergency Motion, including with respect to payments to the Debtors' employees. (*Id*. ¶¶ 9-12.)

2.  Based on these purported findings, Ms. Isaacs requests: (i) "[i]mmediate correction to the denial [of the Emergency Motion] to reflect the facts," (ii) that the Court [r]efute any distributions of any assets at all to any individual, entity, organization, corporation, attorney, or otherwise" until a decision is issued in the pending appeals; (iii) that the Court "[r]efute the sale of any equipment or entities of Purdue Parma, [s]ubsidiaries and/or any company under the umbrella of [t]he Purdue Pharma/Sackler[s'] various [t]rusts in the U.S. and around [t]he [w]orld"; and (iv) "the immediate investigation by a third party into the [b]ankruptcy proceedings[,] including but not limited to, the transfer of all funds between all the parties involved in these proceedings." (*Id.* at 2.)

2

3. Although the Debtors are understanding of how challenging it can be for parties proceeding *pro se* to navigate the procedures related to court filings and hearings, the Debtors must object to the mischaracterizations made in the Motion and submit that no "clarification" to or reconsideration of the Court's denial of the Emergency Motion is necessary. Indeed, reconsideration or vacatur of a court's order is only proper where a movant establishes "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . (3) fraud . . . misrepresentation, or misconduct by an opposing party; (4) [that] the judgment is void; (5) [that] the judgment has been satisfied, released, or discharged . . . ; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b) (made applicable through Fed. R. Bankr. P. 9024); *see also In re Kirwan Offices S.a.R.L.*, 792 F. App'x 99, 104 (2d Cir. 2019) ("[A] Rule 60 motion may not be used as a substitute for appeal." (quoting *United Airlines, Inc. v. Brien*, 588 F.3d 158, 176 (2d Cir. 2009))). Ms. Isaacs has not carried this heavy burden. Moreover, the additional relief sought in the Motion is both unnecessary and improper. Accordingly, the Motion should be denied.

4. *First*, to the extent that the Emergency Motion was an objection to the Debtors' plan, the deadline to file such an objection was July 19, 2021. (Order Approving (I) Disclosure Statement for Fifth Amended Chapter 11 Plan, (II) Solicitation and Voting Procedures, (III) Forms of Ballots Notices & Notice Procedures In Connection Therewith, & (IV) Certain Dates with Respect Thereto, ¶ 6 (June 3, 2021), Dkt. No. 2988.) Ms. Isaacs filed the Emergency Motion on August 17, 2021—almost a month after the plan objection deadline and in the middle of the confirmation hearing that began on August 12, 2021, which the Court accurately noted during the ruling on the Emergency Motion. (*See* Sept. 13, 2021 Hr'g Tr. 175:6-14.) As a result, her objection to confirmation of the plan was untimely.

3

5. *Second*, although untimely as a plan objection, Ms. Isaacs attended and had the opportunity to argue her Emergency Motion at length at the September 13, 2021 omnibus hearing during the portion of the hearing when the motion was heard. (Sept. 13, 2021 Hr'g Tr. 141:18-174:23.)[2]

6. *Third*, the Court explained that it had "evaluated [the Plan] very carefully and concluded that although it[] [is] not perfect, it is worthy of [c]onfirmation, and [the Court] approved confirmation," and so it was "not going to reconsider [its] ruling . . . given the evidence that [it had] heard and the basis for that ruling." (Sept. 13, 2021 Hr'g Tr. 176:4-179:13.) Accordingly, the Court denied the Emergency Motion, concluding that it (i) "did not satisfy the standard for the issuance of a preliminary injunction of the hearing on confirmation of the [p]lan in midstream, when the movant had the opportunity to object to confirmation of the [p]lan and did not do so"; and (ii) failed to "set forth a basis, either in the form of newly discovered evidence that could not have been raised in connection with the Debtors' request for confirmation of the Plan or on any other grounds for reconsideration of vacatur of the Court's grant of confirmation of the [p]lan." (Order Denying Emergency Request for Immediate Injunction & Hearing for Due Process, Production for Evidentiary Documents & Other Relief, at 2 (Sept. 15, 2021), Dkt. No. 3769.)

7. *Fourth*, the new relief requested in the current Motion suffers from the same defects that resulted in the denial of the Emergency Motion—it fails to set forth (a) a basis for

---

[2] With respect to service of the Debtors' objection to the Emergency Motion, on September 7, 2021, Prime Clerk LLC served Ms. Isaacs with a copy of the objection via first class mail at her last known address, which was redacted in the interest of privacy. (Affidavit of Service (Sept. 10, 2021), Dkt. No. 3756.) However, the Debtors later were informed through correspondence with Ms. Isaacs that she does not have frequent access to that address and cannot receive paper service, only service via email.

the Court to enjoin payments made or actions taken by the Debtors approved by this Court, or (b) grounds, such as in the form of newly discovered evidence, for the Court to reconsider any orders approving such payments or actions. *See* Fed. R. Civ. P. 60(b); *In re Kirwan Offices S.a.R.L.*, 792 F. App'x at 104.[3]

For the reasons set forth above, the Debtors respectfully request that the Court deny the Motion.

Dated: November 11, 2021
       New York, New York

                          */s/ James I. McClammy*
                          DAVIS POLK & WARDWELL LLP
                          450 Lexington Avenue
                          New York, New York 10017
                          Telephone: (212) 450-4000
                          Facsimile: (212) 701-5800
                          Marshall S. Huebner
                          Benjamin S. Kaminetzky
                          James I. McClammy
                          Eli J. Vonnegut

                          *Counsel to the Debtors*
                          *and Debtors in Possession*

---

[3] Ms. Isaacs filed a timely notice of appeal of the confirmation order (*see* Dkt. No. 3877) and, as a result, relief related to that order must be obtained from the district court. Fed. R. Bankr. P. 8008. Moreover, to the extent that Ms. Isaacs is asserting that the Debtors should not be allowed to take certain actions until the district court has ruled on the appeal, Ms. Isaacs filed a motion for a stay pending appeal on October 5, 2021 (*see* Dkt. No. 3890), which was heard and denied, subject to the appellees' agreement to certain conditions, along with other motions seeking such relief at the hearing held on November 9, 2021.