**SULLIVAN & WORCESTER LLP**
Jeffrey R. Gleit, Esq.
Allison H. Weiss, Esq.
1633 Broadway
New York, New York 10019
(212) 660-3000 (Telephone)
(212) 660-3001 (Facsimile)

*Special Conflicts Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.**, *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | **(Jointly Administered)** |

**SUMMARY SHEET FOR FIRST INTERIM FEE APPLICATION OF SULLIVAN &
WORCESTER LLP FOR COMPENSATION FOR SERVICES RENDERED AND
REIMBURSEMENT OF EXPENSES INCURRED AS SPECIAL CONFLICTS
COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION FOR THE PERIOD
FROM AUGUST 1, 2021 THROUGH SEPTEMBER 30, 2021**

| General Information | |
|---|---|
| Name of Applicant | Sullivan & Worcester LLP |
| Applicant's Role in Case | Special Conflicts Counsel to Purdue Pharma L.P., *et al.* |
| Petition Date | September 15, 2019 |

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014).  The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

| | |
|---|---|
| **Date Order of Employment Signed** | September 2, 2021 [Docket No. 3728] |
| **Period for which compensation and reimbursement is sought (the "Fee Period")** | August 1, 2021 through September 30, 2021 |
| **Summary of Total Fees and Expenses Requested** | |
| **Total compensation requested in this application for the Fee Period** | $467,761.50 |
| **Total reimbursement requested in this application for the Fee Period** | $285.95 |
| **Total compensation and reimbursement requested in this application for the Fee Period** | $468,047.45 |
| **Compensation requested in this application for the Fee Period not objected to pursuant to interim compensation procedures and not yet allowed on a final basis (excluding 20% holdback)** | $374,209.20 |
| **Expenses requested in this application for the Fee Period not objected to pursuant to interim compensation procedures and not yet allowed on a final basis** | $285.95 |
| **Total outstanding holdback to be allowed (20% from each of the Monthly Fee Statements)** | $93,552.30 |
| **Blended rate in this application for all attorneys during the Fee Period** | $645.12 |
| **Blended rate in this application for all paraprofessionals during the Fee Period** | $361.61 |
| **Number of attorneys and paraprofessionals included in this application for the Fee Period** | 11 |
| **This is a(n):**  __Monthly Application  _X_ Interim Application  ___ Final Application | |

**SULLIVAN & WORCESTER LLP**
**PRIOR FEE STATEMENTS**
**AUGUST 1, 2021 – SEPTEMBER 30, 2021**

| Summary of Prior Fee Statements | | | | |
|---|---|---|---|---|
| **Date Filed** | **Docket No.** | **Period covered** | **Fees Requested** | **Expenses Requested** |
| 9/30/2021 | 3846 | 08/01/2021-08/31/2021 | $348, 408.00 (80% of $435,510.00) | $285.95 |
| 10/29/2021 | 4046 | 09/01/2021-09/30/2021 | $25,801.20 (80% of $32,251.50) | $0.00 |
| | | Total | $374,209.20 (80% of $467,761.50) | $285.95 |

**Summary of Any Objections to Monthly Fee Statements: None.**

**SULLIVAN & WORCESTER LLP**
**PROFESSIONAL PERSON SUMMARY**
**AUGUST 1, 2021 – SEPTEMBER 30, 2021**

| Name of Professional Individual | Position, Year Assumed Position Prior Relevant Experience, Year of Obtaining Relevant License to Practice | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| **Partners** | | | | |
| Gleit, Jeffrey R. | Partner; joined partnership in 2015; admitted New York 2001 | $900 | 88.1 | $79,290.00 |
| Zuccarello, Amy A. | Partner; joined partnership in 2016; admitted Massachusetts 2002 | $750 | 116.4 | $87,300.00 |
| **Partner Total:** | | | **204.5** | **$166,590.00** |
| **Counsel** | | | | |
| Weiss, Allison | Counsel; joined Sullivan 2017; admitted New York 1995 | $750 | 143.9 | $107,925.00 |
| **Counsel Total:** | | | **143.9** | **$107,925.00** |
| **Associates and Paralegals** | | | | |
| Bailey, Matthew | Associate; joined Sullivan 2021; admitted Massachusetts 2021 | $415 | 48.1 | $19,961.50 |
| Breckenridge, Luke M. | Associate; joined Sullivan 2019; admitted Massachusetts 2019 | $455 | 35.4 | $16,107.00 |
| Friedmann, Jillian | Associate; joined Sullivan 2021; admitted Massachusetts 2021 | $415 | 42.9 | $17,803.50 |
| Koslof, Nathaniel R. B. | Associate; joined Sullivan 2015; admitted Massachusetts 2014 | $605 | 77.9 | $47,129.50 |
| Rosenblatt, Ryan M. | Associate; joined Sullivan 2017; admitted Massachusetts 2017 | $530 | 96.4 | $51,092.00 |
| Setz, Anna Lea | Associate; joined Sullivan 2017; admitted New York 2019 | $530 | 68.3 | $36,199.00 |
| Cooley, Brian L. | Paralegal; joined Sullivan 2007 | $335 | 5.6 | $1,876.00 |
| Lombardo, Richard J. | Paralegal; joined Sullivan 2000 | $380 | 8.1 | $3,078.00 |
| **Associates and Paralegals Total:** | | | **382.7** | **$193,246.50** |
| **GRAND TOTAL** | | | **731.1** | **$467,761.50** |

| Position | Blended Hourly Rate |
|---|---|
| Partner | $814.62 |
| Counsel | $750.00 |
| Associate | $510.28 |
| Paraprofessional | $361.61 |

**SULLIVAN & WORCESTER LLP**
**FEE TOTALS BY SERVICE CATEGORY**
**AUGUST 1, 2021 – SEPTEMBER 30, 2021**

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Case Administration | 9 | $3,168.00 |
| Fee/Employment Applications | 84.9 | $48,410.50 |
| Hearings (Attendance and Preparation) | 229.4 | $161,870.00 |
| Plan and Disclosure Statement (including Business Plan) | 407.8 | $254,313.00 |
| **Total** | 731.1 | $467,761.50 |

**SULLIVAN & WORCESTER LLP**
**PROFESSIONAL EXPENSE SUMMARY**
**AUGUST 1, 2021 – SEPTEMBER 30, 2021**

| Expense Category | Total Expenses |
|---|---|
| Business Meals | $15.88 |
| Computer Research | $150.00 |
| Travel | $108.97 |
| U.S. Courts: PACER | $11.10 |
| **TOTAL** | **$285.95** |

**SULLIVAN & WORCESTER LLP**
Jeffrey R. Gleit, Esq.
Allison H. Weiss, Esq.
1633 Broadway
New York, New York 10019
(212) 660-3000 (Telephone)
(212) 660-3001 (Facsimile)

*Special Conflicts Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (RDD)** |
| **Debtors.**[1] | **(Jointly Administered)** |

**FIRST INTERIM FEE APPLICATION OF SULLIVAN & WORCESTER LLP FOR
COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF
EXPENSES INCURRED AS SPECIAL CONFLICTS COUNSEL TO THE DEBTORS
AND DEBTORS IN POSSESSION FOR THE PERIOD FROM AUGUST 1, 2021
THROUGH SEPTEMBER 31, 2021**

Sullivan & Worcester LLP ("**Sullivan**"), special conflicts counsel to the debtors and

debtors-in-possession in the above-captioned case (collectively, the "**Debtors**"), submits this first

interim application (this "**Application**") requesting allowance and approval of compensation for

professional services rendered to the Debtors and reimbursement of actual and necessary expenses

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's registration number in the
applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue
Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals
L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures
L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925),
Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company
(4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul
Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies
(7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014).  The Debtors' corporate
headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

incurred in connection with such services on an interim basis, for the period from August 1, 2021

through and including September 31, 2021 (the "**Application Period**").   In support of this

Application, Sullivan submits the declaration of Jeffrey R. Gleit, a partner at Sullivan (the "**Gleit**

**Declaration**"), which is attached hereto as **Exhibit A** and incorporated by reference.   In further

support of this Application, Sullivan represents as follows:

### JURISDICTION

1.      This Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§

157 and 1334 and the *Amended Standing Order of Reference M-431,* dated January 31, 2012

(Preska, C.J.).   These are core proceedings under 28 U.S.C. § 157(b).   Venue of these cases and

this Application in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2.      The legal predicates for the relief requested herein are sections 330 and 331 of title

11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of

Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2016-1 of the Local Bankruptcy Rules

for the United States Bankruptcy Court for the Southern District of New York (the "**Local**

**Bankruptcy Rules**"), the Amended Guidelines for Fees and Disbursements for Professionals in

the Southern District of New York (June 17, 2013) promulgated pursuant to Local Bankruptcy

Rule 2016-1(a) (the "**Local Guidelines**"), and the United States Trustee's Guidelines for

Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11

U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases, effective as of November 1, 2013 (the

"**U.S. Trustee Guidelines**," and together with the Local Guidelines, the "**Fee Guidelines**").

### BACKGROUND

3.      On September 15, 2019 (the "**Petition Date**"), the Debtors each commenced with

this Court a voluntary case under Chapter 11 of title 11 of the United States Code (the

"**Bankruptcy Code**").   The Debtors are authorized to operate their businesses and manage their

properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtors' Chapter 11 cases. On September 27, 2019, the Office of the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed an official committee of unsecured creditors (the "**Creditors' Committee**").

4.      Additional information about the Debtors' businesses and the events leading up to the Petition Date can be found in the Debtors' Informational Brief.

## THE DEBTORS' RETENTION OF SULLIVAN

5.      On August 24, 2021, the Debtors applied to this Court for an order authorizing the retention of Sullivan as special conflicts counsel to the Debtors [Docket No. 3561] (the "**Sullivan Retention Application**").  On September 2, 2021, the Court approved the Sullivan Retention Application [Docket No. 3728] (the "**Retention Order**").

6.      The Retention Order authorizes the Debtors to compensate Sullivan at its standard hourly rates subject to certain discounts and reimburse Sullivan for its actual and necessary out-of-pocket expenses incurred, in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules.

7.      The Retention Orders also authorizes Sullivan to provide the following services ("**Services**"):

(a)      Prepare, on behalf of the Debtors, as debtors in possession, all necessary or appropriate motions, applications, objections, replies, answers, orders, reports and other papers in response to the *Joint Objection of Certain Distributors, Manufacturers, and Pharmacies to the Sixth Amended Joint Chapter 11 Plan of Purdue Pharma L.P. and its Affiliated Debtors* [Docket No. 3306] (the "**DMP Objection**") (collectively, the "**DMP Matters**");

(b)      Become involved in any matter which develops from the Debtors' pursuit of a position that causes a connection with a client of lead counsel Davis Polk & Wardwell LLP ("**Davis Polk**") that has the potential to mature into and become a conflict of interest (a "**Conflict Matter**"), such that Sullivan can advise the Debtors in such Conflict Matters; and

3

(c)     Upon filing of a supplemental declaration in accordance with Bankruptcy Rule 2014 and Part F of the Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, and providing notice of the filing sufficient to afford parties in interest an opportunity to object, perform additional Services not enumerated in the Retention Order.

8.      Other than between Sullivan and its affiliated law practices and their members, no agreement or understanding exists between Sullivan and any other person or persons for the sharing of compensation received or to be received for professional services rendered in or in connection with these cases, nor will any be made except as permitted pursuant to Bankruptcy Code section 504(b)(1).

## FEE PROCEDURES AND MONTHLY FEE STATEMENTS

9.      Pursuant to the interim compensation procedures (the "**Interim Compensation Procedures**") set forth in the amended interim compensation order [Docket No. 529], professionals who seek compensation must file monthly fee statements.  Parties in interest are provided 14 days to object to such statements.  Absent a timely objection, the Debtors are authorized to pay 80% of the fees requested (with the remaining 20% of the fees requested referred to herein as the "**Holdback**") and 100% of the charges and disbursements requested.

10.     In accordance with the Interim Compensation Procedures, Sullivan seeks interim approval of the full amount of the fees and expenses requested in the monthly fee statements filed for the months of August and September of 2021, and authorized for the Debtors to pay the amounts requested herein in full.[2]

---

[2]      There have been no objections to either of Sullivan's Monthly Fee Statements filed to date.

## RELIEF REQUESTED

11.     By this Application, Sullivan seeks interim approval of $467,761.50 in fees calculated at the applicable guideline hourly billing rates as compensation for professional services rendered and reimbursement of $285.95 as actual and necessary expenses incurred during the Application Period.  In accordance with the Interim Compensation Procedures, Sullivan submitted monthly fee statements for each of the months covered by the Application Period, resulting in an aggregate Holdback amount of $93,552.30. Sullivan now requests payment of such Holdback.

## DESCRIPTION OF SERVICES RENDERED

12.     During the Application Period, Sullivan provided the Services described above to the Debtors, including advising the Debtors with respect to the DMP matters, drafting Court filings relating to the DMPs, and negotiating with counsel for the DMPs to resolve the DMP Objection prior to confirmation of the Debtors' plan of reorganization.   Sullivan's streamlined case management and staffing structure helped promote cost efficiencies and avoided duplicative or unnecessary work.

13.     During the Application Period, Sullivan utilized billing codes for its work on behalf of the Debtors.  Sullivan kept a contemporaneous record of the time spent rendering services and separated tasks in billing increments of one-tenth of an hour.  All of the services performed by Sullivan were legal in nature and necessary and appropriate for the effective administration of these Chapter 11 Cases.

## RETENTION MATTERS

14.     Following below is a narrative summary of the work performed by Sullivan during the Application Period in connection the matter in which Sullivan professionals devoted significant time:

15.     In order to mitigate potential conflicts involving Debtors' lead counsel, Davis Polk, Sullivan provided representation and guidance to Debtors as their Chapter 11 cases implicated the DMP matters, most clearly articulated in but not limited to the DMP Objection, or related interests. As such, Sullivan assisted the Debtors by providing services such as legal research, composition of memoranda, strategy development, negotiations with DMP counsel, preparation for confirmation hearings, and representation at such hearings.

## REASONABLENESS OF FEES AND DISBURSEMENTS

16.     Bankruptcy Code section 330 authorizes the Court to award "reasonable compensation for actual, necessary services rendered by the . . . professional person." 11 U.S.C. § 330.  Sullivan respectfully submits that its request for an interim award of compensation for the Application Period satisfies that standard.

17.     In accordance with the factors enumerated in 11 U.S.C. § 330, the amount requested herein by Sullivan is fair and reasonable in light of (a) the nature of the Chapter 11 cases, (b) the time and labor required to effectively represent the Debtors, (c) the nature and extent of the services rendered, (d) Sullivan's experience, reputation, and ability, (e) the value of Sullivan's services, and (f) the cost of comparable services outside of cases under the Bankruptcy Code.

### A.    Nature of the Services Provided During the Chapter 11 Cases

18.     As discussed above, Sullivan professionals performed legal work for the Debtors in connection with these Chapter 11 cases.  Sullivan provided Services pertaining to: (a) certain conflict matters relating to the DMPs and related issues and (b) the interplay of these matters in the ongoing Chapter 11 cases, including with respect to confirmation of the Debtors' plan of

reorganization.  Sullivan assigned various attorneys to discrete tasks to avoid the performance of duplicative or unnecessary work.

19.     Given the complex nature of this Chapter 11 case, specifically as it concerns multi-state interests like those presented in the DMP matters, there were circumstances where a number of Sullivan professionals had to be present at, and participate in, discussions, negotiations, and strategy meetings.  This degree of involvement was necessary to ensure coordination within and among the all of Debtors' counsel during the Application Period.  Sullivan believes that it has, through the summaries contained in this Application and the time entries attached to the Monthly Fee Statements, articulated specific reasons for such participation.

### B.     Experience of Sullivan

20.     As set forth more fully in the Sullivan Retention Application, Sullivan's attorneys' knowledge and experience in Chapter 11 cases, including as special conflicts counsel, benefited the Debtors' estates in various ways and ensured that matters related to conflicts were addressed properly and promptly.

### C.     Comparable Services

21.     Sullivan also satisfies the comparable cost requirement, because its rates in these Chapter 11 Cases are consistent with Sullivan's standard rates and the material terms for non-bankruptcy matters and terms of other comparably skilled counsel.  Moreover, Sullivan's rate structure was disclosed clearly in the Sullivan Retention Application.  The amounts sought by Sullivan are consistent with the fees, charges, and disbursements incurred in other chapter 11 cases in other similar non-bankruptcy matters.  Accordingly, the cost of comparable services supports the Application and the Services performed during the Application Period warrants the allowance of compensation.

22.     Based on the foregoing, Sullivan respectfully submits that approval of the compensation sought herein is warranted and should be approved.

**D.     Reservation of Rights**

23.     Sullivan reserves the right to supplement this Application to seek amounts for work performed or expenses incurred during the Application Period but not yet reflected in Sullivan's time records or to amend the amounts listed herein and in the Monthly Fee Statements to correct any bookkeeping errors.  Sullivan has attempted to include in the Monthly Fee Statements and, by extension, this Application, all time and expenses relating to the Application Period.  However, delays in processing such time and receiving invoices for certain expenses do occur. In the event that a subsequent review reveals that additional professional services have been rendered or expenses have been incurred on behalf of the Debtors during the Application Period which were not processed by Sullivan's accounting system before the time of this Application, Sullivan reserves the right to seek such additional fees and expenses by subsequent application to the Court. Sullivan does not waive, and expressly reserves, its right to respond to any objections regarding this Application and the amounts sought for Sullivan's services in these Chapter 11 Cases.

## COMPLIANCE WITH GUIDELINES

24.     Sullivan believes that this Application, together with the attachments hereto, substantially complies in all material respects with the Fee Guidelines.  To the extent this Application does not comply in every respect with the requirements of such Fee Guidelines, Sullivan respectfully requests a waiver for any such technical non-compliance.

## NO PRIOR REQUEST

25.     No previous request for the relief sought herein has been made to this Court or any other court.

## NOTICE

26.     Notice of this Motion will be given to the following parties: (a) Debtors; (b) counsel to the Debtors; (c) counsel to the Committee; and (d) all parties entitled to notice pursuant to Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York.  The Debtors submit that no other or further notice is required.

## CONCLUSION

27.     WHEREFORE Sullivan respectfully requests that the Court enter an order (i) allowing interim compensation of $467,761.50 in fees to be paid to Sullivan for professional services rendered as counsel for the Debtors during the Application Period, plus reimbursement of actual and necessary charges and disbursements incurred in the amount of $285.95; (ii) directing payment of the difference, if any, between the amounts allowed and any amounts previously paid pursuant to the Interim Compensation Order; and (iii) granting such other and further relief as is just and proper.


Dated:    November 15, 2021
          New York, New York


                              **SULLIVAN & WORCESTER LLP**

                              By:   */s/ Jeffrey R. Gleit*
                                    _____

                              Jeffrey R. Gleit, Esq.
                              Allison H. Weiss, Esq.
                              1633 Broadway
                              New York, New York 10019
                              (212) 660-3000 (Telephone)
                              (212) 660-3001 (Facsimile)
                              jgleit@sullivanlaw.com
                              aweiss@sullivanlaw.com

                              *Special Conflicts Counsel to the Debtors
                              and Debtors in Possession*

9

## EXHIBIT A

**Certification of Jeffrey Gleit**

**SULLIVAN & WORCESTER LLP**
Jeffrey R. Gleit, Esq.
Allison H. Weiss, Esq.
1633 Broadway
New York, New York 10019
(212) 660-3000 (Telephone)
(212) 660-3001 (Facsimile)

*Special Conflicts Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | **Chapter 11** |
| **PURDUE PHARMA L.P.**, *et al.*, | **Case No. 19-23649 (RDD)** |
| Debtors.[1] | **(Jointly Administered)** |

## CERTIFICATION OF JEFFREY R. GLEIT

I, Jeffrey R. Gleit, hereby certify as follows:

1.      I am a partner at the law firm of Sullivan & Worcester LLP ("**Sullivan**"), which

maintains offices at, among other places, 1633 Broadway, New York, New York 10019. I am a

member in good standing of the Bar of the State of New York, and I have been admitted to practice

in the United States District Court for the Southern District of New York.  There are no disciplinary

---

[1]      The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014).  The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

proceedings pending against me. Sullivan serves as special conflicts counsel for Purdue Pharma L.P. and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**").

2.      This certification is made in respect of Sullivan's compliance with the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals*, dated November 21, 2019 [Docket No. 529] (the "**Interim Compensation Order**"), the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases Pursuant to General Order M-447 (Jan. 29, 2013) (the "**Local Guidelines**"), and the U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013 (the "**UST Guidelines**," and together with the Interim Compensation Order and the Local Guidelines, the "**Fee Guidelines**").

3.      This certification is made in connection with Sullivan's first interim fee application, dated November 15, 2021, for interim compensation and reimbursement of expenses for the period commencing August 1, 2021 through and including September 30, 2021 in accordance with the Fee Guidelines (the "**Fee Application**").

4.      Pursuant to section B(1) of the Local Guidelines, I certify that: (i) I have read the Fee Application; (ii) to the best of my knowledge, information, and belief formed after reasonable inquiry, the fees and disbursements sought fall within the Local Guidelines; (iii) the fees and disbursements sought are billed at rates in accordance with those customarily charged by Sullivan and generally accepted by Sullivan's clients; and (iv) in providing a reimbursable service, Sullivan does not make a profit on that service, whether the service is performed by Sullivan in-house or through a third party.

1

5.      Pursuant to section B(2) of the Local Guidelines, and as required by the Interim Compensation Order, I certify that Sullivan has complied with the provisions requiring it to provide notice to certain designated parties of a statement of Sullivan's fees and expenses accrued during the previous months.

6.      In accordance with Bankruptcy Rule 2016(a) and section 504 of the Bankruptcy Code, I certify that no agreement or understanding exists between Sullivan and any other entity for the sharing of compensation received or to be received for services rendered in or in connection with the above-captioned cases except as authorized by the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules. All services for which compensation is sought were professional services rendered on behalf of the Debtors and not on behalf of any other person.

7.      The following is provided in response to the request for additional information set forth in ¶ C.5 of the UST Guidelines.

**Question:**    Did Sullivan agree to any variations from, or alternatives to, your standard or customary billing rates, fees, or terms for services pertaining to this engagement that were provided during the Fee Period?

**Answer:**    No.

**Question:**    If the fees sought in this Fee Application as compared to the fees budgeted for the time period covered by this Fee Application are higher by 10% or more, did Sullivan discuss the reasons for the variation with the Debtors?

**Answer:**    Due to the timing of Sullivan's retention in connection with confirmation of the Debtors' plan of reorganization, a budget was not prepared. However, I believe that Sullivan's fees were lower than expected.

**Question:**    Have any of the professionals included in this Fee Application varied their hourly rate based on the geographic location of these chapter 11 cases?

**Answer**:    No. The hourly rates used by Sullivan in representing the Debtors are consistent with the rates Sullivan charges other comparable chapter 11 clients, regardless of the location of the chapter 11 cases.

2

**Question**:     Does the Fee Application include time or fees relating to review, revising, or reducing time records or preparing, reviewing or revising invoices?  If so, please quantify by hours and fees.

**Answer:**       Yes—approximately 4 hours of time, billed at approximately $2,000.

**Question:**     Does the Fee Application include time or fees for reviewing time records to redact any privileged or other confidential information?  If so, please quantify by hours and fees.

**Answer:**       No.

**Question:**     Has Sullivan administered or proposed any rate increases in connection with its representation of Debtors?

**Answer:**       No.

*[Remainder of Page Intentionally Blank]*

3

Dated:   November 15, 2021
         New York, New York

**SULLIVAN & WORCESTER LLP**

By:   */s/ Jeffrey R. Gleit*           

Jeffrey R. Gleit, Esq.
Allison H. Weiss, Esq.
1633 Broadway
New York, New York 10019
(212) 660-3000 (Telephone)
(212) 660-3001 (Facsimile)
jgleit@sullivanlaw.com
aweiss@sullivanlaw.com

*Special Conflicts Counsel to the Debtors*
*and Debtors in Possession*