## Exhibit A

**Certification of Compliance with Fee Guidelines**

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut
Christopher S. Robertson

*Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (RDD)** |
| **Debtors.**[1] | **(Jointly Administered)** |

**CERTIFICATION OF MARSHALL S. HUEBNER IN SUPPORT OF SIXTH INTERIM
APPLICATION OF DAVIS POLK & WARDWELL LLP FOR COMPENSATION FOR
SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS
COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION FOR THE PERIOD
FROM JUNE 1, 2021 THROUGH SEPTEMBER 30, 2021**

I, Marshall S. Huebner, hereby certify that:

1.      I am an attorney admitted into practice in the State of New York and a partner at

the law firm of Davis Polk & Wardwell LLP ("**Davis Polk**"), located at 450 Lexington Avenue,

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

New York, New York.  I am familiar with the work performed on behalf of the above-captioned

debtors and debtors in possession ("**Debtors**") by Davis Polk.

2.      I have reviewed the *Sixth Interim Application of Davis Polk & Wardwell LLP for*

*Compensation for Services Rendered and Reimbursement of Expenses Incurred as Counsel to the*

*Debtors and Debtors in Possession for the Period from June 1, 2021 through September 30,*

*2021* (the "**Application**") to certify to certain matters addressed in the (i) *Order Establishing*

*Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* entered

on November 21, 2019 [ECF No. 529] (the "**Interim Compensation Order**"),  (ii) Rule 2016-1

of the Local Rules of Bankruptcy Procedure, incorporating the *Amended Guidelines for Fees and*

*Disbursements for Professionals in the Southern District of New York Bankruptcy Cases*

[General Order M-447], among other guidelines (the "**Local Guidelines**"), and (iii) The United

States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement

of Expenses Filed Under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases effective as

of November 1, 2013 (the "**U.S. Trustee Guidelines,**" and together with Local Guidelines, the

"**Fee Guidelines**").[2]  The Application covers the period June 1, 2021 through September 30,

2021 (the "**Fee Period**").

3.      To the best of my knowledge, information and belief, the statements contained in

the foregoing Application are true and accurate in all material respects and comply with the Fee

Guidelines in material part.  Davis Polk responds to the questions identified in the U.S. Trustee

Guidelines as follows:

Question 1: Did you agree to any variations from, or alternatives to, your standard
or  customary  billing  rates,  fees,  or  terms  for  services  pertaining  to  this

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Interim
Compensation Order.

engagement that were provided during the application period?   If so, please explain.

> Answer: Davis Polk has agreed to negotiated discounts off of its standard rates.

Question 2: If the fees sought in the Application as compared to the fees budgeted for the time period covered by the Application are higher by 10% or more, did you discuss the reasons for the variation with the client?

> Answer: The fees sought in the Application exceed the fees budgeted in the Fee Period by 10% or more due to the extraordinarily complex and extensive process of negotiating, reviewing, and revising the Plan and related documents as well as preparing for the Confirmation Hearing on an expedited timeline and participating in a multi-week, highly contested Confirmation Hearing, all of which took place during the Fee Period.

Question 3: Have any of the professionals included in the Application varied their hourly rate based on geographic location of the bankruptcy case?

> Answer: As disclosed in the Retention Application, no.

Question 4: Does the Application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices?

> Answer: The Application includes time and fees related to reviewing or revising time records or preparing, reviewing, or revising invoices in connection with the preparation of four monthly fee statements relating to the Fee Period covered by the Application.   Davis Polk is seeking compensation for approximately 624.1 hours and $414,959.50 in fees related to reviewing and revising time records with respect to the preparation of such fee applications, which represents approximately 1.1% of the aggregate amount of the fees requested.

Question 5: Does the Application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify hours and fees.

> Answer: The Application includes time and fees related to reviewing time records to redact any privileged or other confidential information.  Such charges are included in the time charges set forth in the response to question 4 and are not separately calculated.

A-4

Question 6: Did the Application include any rate increases since retention in these cases?

    Answer: The Application includes a single customary annual rate increase for all time keepers as disclosed in a supplemental declaration filed on the Court docket at ECF No. 2219.

Question 7:  Did the client agree when retaining Davis Polk to accept all future rate increases?  If not, did Davis Polk inform the client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11-458?

    Answer: The client was informed regarding Davis Polk's rates and future rate increases as part of its approval of Davis Polk's retention application.


Dated:   November 15, 2021
       New York, New York


     By:   */s/ Marshall S. Huebner*
          Marshall S. Huebner
          Partner
          Davis Polk & Wardwell LLP