UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>PURDUE PHARMA L.P., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 19-23649 (RDD)<br><br>(Jointly Administered) |

## ORDER DENYING MOTIONS FOR STAYS PENDING APPEAL

Upon the motions of the United States Trustee (the "**U.S. Trustee**") [Dkt. Nos. 3778, 3801], the States of Washington and Connecticut [Dkt. No. 3789], the State of Maryland [Dkt. No. 3845], the Canadian Municipality and First Nations Creditors [Dkt. No. 3873], and Ellen Isaacs [Dkt. No. 3890] (collectively, the "**Stay Motions**"), all of which seek a stay pending appeal of this Court's order confirming the Debtors' twelfth amended plan of reorganization [Dkt. No. 3787] (the "**Plan**,"[2] and such order the "**Confirmation Order**") and, with respect to the U.S. Trustee and the State of Maryland, a stay of the *Order (I) Authorizing the Debtors to Fund Establishment of the Creditor Trusts, the Master Disbursement Trust, and TopCo (II) Directing Prime Clerk LLC to Release Certain Protected Information, and (III) Granting Other Related Relief* (Sept. 15, 2021) [Dkt. No. 3773] (the "**Advance Order**"); and upon the

---

[1] The debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717), and SVC Pharma Inc. (4014) (the "**Debtors**"). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Capitalized terms used but not defined herein shall have the meaning set forth in the Plan.

motion of Ronald Bass, Sr. [ECF No. 3860] (the "**Bass Motion**," and together with the Stay Motions, the "**Motions**"); and the Court having jurisdiction to decide the Motions pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.) and Fed. R. Bankr. P. 8007(a)(1), as a core proceeding under 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and upon the objections to the Motions by the Debtors [Dkt. No. 4014], the Official Committee of Unsecured Creditors (the "**UCC**") [Dkt. No. 4006], the Ad Hoc Committee of Governmental and Other Contingent Litigation Claimants (the "**AHC**") [Dkt. No. 4002], the Multi-State Governmental Entities Group (the "**MSGE**") [Dkt. No. 4016], and the Ad Hoc Group of Individual Victims [Dkt. No. 4012], and the joinder to the AHC's objection of the Native American Tribe Group [Dkt. No. 4003], and the joinders to the UCC's objection of the Ad Hoc Committee of NAS Children [Dkt. No. 4009], the Private Insurance Ratepayers [Dkt. No. 4010], Blue Cross and Blue Shield Association [Dkt. No. 4011], and the Ad Hoc Group of Hospitals [Dkt. No. 4017]; and upon the declarations of Jesse DelConte [Dkt. No. 4015], John M. Guard [Dkt. No. 4002 at 24-31], Cheryl Juaire [Dkt. No. 4007], Kara Trainor [Dkt. No. 4008], and Colin Jorgensen [Dkt. No. 4016-1]; and there being due and sufficient notice of the Motions and the opportunity for a hearing thereon; and upon the record of the hearing held by the Court on the Motions on November 9, 2021 (the "**Hearing**"), which is incorporated herein; and after due deliberation and for the reasons stated by the Court in its bench ruling at the Hearing, the Court having determined based on the Court's findings and conclusions stated on the record of the Hearing, that (i) the Stay Motions' requests for stays pending appeal are not warranted with respect to either the Confirmation Order or the Advance Order, provided that the conditions set forth below are met, including because, subject to the conditions below, and as

found by the Court at the Hearing, the movants have failed to demonstrate a risk of irreparable harm absent a stay and there would be substantial harm to the Debtors' creditors in the event of a stay beyond the date on which the Debtors would otherwise be prepared to consummate the Plan, and (ii) the relief requested in the Bass Motion is not warranted; and the Court having considered the submissions by the Debtors and the U.S. Trustee on the form of this Order; now, therefore,

IT IS HEREBY ORDERED THAT:

1. The Bass Motion is denied.

2. The Stay Motions (and any joinders in them) are denied, subject to the following conditions:

 (a) Neither the appellees (for avoidance of doubt, "appellees" shall include the Sackler Family or any representative of the Sackler Family) nor any amici supporting the appellees shall at any time argue before any court that the appeals of the Confirmation Order have been rendered equitably moot by the actions undertaken in advance of the Effective Date in furtherance of carrying out the Plan pursuant to the Confirmation Order or the Advance Order. For the avoidance of doubt, this Order does not address the criminal sentencing of Purdue Pharma L.P. or the effect or consequences of such sentencing on the appeals, and all appellants and proponents of the Plan reserve all rights and arguments with respect to the consequences of the events or transactions that occur on or after the Plan's Effective Date and the imposition of a criminal sentence or the entry of a judgment of conviction.

 (b) The Effective Date shall not occur until the earlier of (i) the date of a decision by the United States District Court for the Southern District of New York (the "**District Court**") on the pending appeals of the Confirmation Order and Advance Order,

administratively consolidated under the first-filed appeal at case number 21-cv-07532 (the "**District Court Decision**"); and (ii) December 31, 2021, provided that the District Court is able to hear any motions for a stay of the District Court Decision on or before December 31, 2021.

    (c)    The Debtors shall provide 14 days' notice of the actual Effective Date.

    (d)    The Debtors shall not request that the criminal sentencing hearing of Purdue Pharma L.P. take place before December 31, 2021.

    (e)    The Debtors shall file a notice on the docket in the above-captioned chapter 11 cases within 24 hours of when the United States District Court for the District of New Jersey schedules the criminal sentencing hearing of Purdue Pharma L.P.

    (f)    All parties' rights to further seek a stay of the Confirmation Order or the Advance Order are reserved.

3.    This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated:    November 29, 2021
           White Plains, New York

                                                      */s/Robert D. Drain*
                                                      THE HONORABLE ROBERT D. DRAIN
                                                      UNITED STATES BANKRUPTCY JUDGE