UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| PURDUE PHARMA L.P., *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

### ORDER GRANTING DEBTORS' MOTION TO APPROVE PAYMENT OR REIMBURSEMENT OF CERTAIN FEES AND EXPENSES OF THE NON-CONSENTING STATES GROUP, THE AD HOC COMMITTEE, AND THE MSGE GROUP

Upon the motion (the "**Motion**")[2] of Purdue Pharma L.P. and its affiliates that are debtors and debtors in possession in these cases (collectively, the "**Debtors**") seeking entry of an order (this "**Order**"), pursuant to sections 363(b) and 105(a) of title 11 of the Bankruptcy Code and Bankruptcy Rule 6004, approving the payment or reimbursement of certain fees and expenses incurred through the end of the Mediation on July 7, 2021 of the Non-Consenting States Group and the Ad Hoc Committee and certain fees and expenses of the MSGE Group, in each case as more fully set forth in the Motion (the "**Requested Payments**"); and the Court having jurisdiction to decide the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

1

31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Motion having been provided, and no other notice being required; and there being no written objections to the Motion; and upon the record of the hearing held by the Court on the Motion on November 18, 2021, including the oral objection of Ellen Isaacs to the Motion; and after due deliberation and for the reasons stated by the Court in its bench ruling at the hearing, the Court having determined that the factual bases set forth in the Motion establish good and sufficient cause for the relief granted herein under 11 U.S.C. § 503(b)(3)(D) and (b)(4) (see In re Bayou Group, LLC, 431 B.R. 459, 560-63, 566 (Bankr. S.D.Y.N. 2010) and the cases cited therein; see also 4 Collier on Bankruptcy ¶ 503.11[3], [5] (16th ed. 2021)), and that the requested fees and expenses are reasonable and such relief is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; now, therefore,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted to the extent set forth herein.

2. The Debtors' agreement to pay or reimburse the Requested Payments is approved; *provided* that no Requested Payment shall be made prior to the Effective Date of the Debtors' confirmed chapter 11 plan (the "**Plan**").

3. The Debtors are authorized, but not directed, to pay or reimburse the Requested Payments; *provided* that no Requested Payment shall be made prior to the Plan's Effective Date. The Debtors shall make payment in accordance with instructions received to be provided by Pillsbury Winthrop Shaw Pittman LLP (with respect to the Requested Payments set forth in Paragraph 3(a)–(d) of the Motion); Seitz, Van Ogtrop & Green, P.A. (with respect to the Requested Payments set forth in Paragraph 3(e) of the Motion); and Godfrey & Kahn, S.C. (with

respect to the Requested Payments set forth in Paragraph 3(f) of the Motion).

4.  The contents of the Motion and the notice procedures set forth therein are good and sufficient notice and satisfy the Bankruptcy Rules and the Local Rules, and no other or further notice of the Motion or the entry of this Order shall be required.

5.  Nothing in this Order shall be deemed to constitute (i) a grant of third-party beneficiary status or bestowal of any additional rights on any third party or (ii) a waiver of any rights, claims or defenses of the Debtors.

6.  Nothing in this Order shall limit the ability of the Non-Consenting States Group to seek, or the Debtors or their estates to seek to pay, post-Mediation fees and expenses of the Non-Consenting States Group in accordance with the Plan.

7.  Nothing in this Order affects other agreements with, or orders approving, agreements between the Debtors and the Ad Hoc Committee or the MSGE Group; *provided* that nothing in those agreements shall permit the Ad Hoc Committee or the MSGE Group to obtain payment or reimbursement for Requested Payments in fact paid or reimbursed pursuant to this Order.

8.  The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

9.  The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: November 30, 2021  
      White Plains, New York

*/s/ Robert D. Drain*  
THE HONORABLE ROBERT D. DRAIN  
UNITED STATES BANKRUPTCY JUDGE