DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
James I. McClammy
Eli J. Vonnegut

*Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.**, *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

**DEBTORS' OBJECTION TO ELLEN ISAACS' MOTION**
**TO OBJECT TO PAYMENTS FOR ALL PARTIES AND OTHER RELIEF**

Purdue Pharma L.P. ("**PPLP**") and its affiliates that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**," the "**Company**," or "**Purdue**") respectfully

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717), and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

represent as follows in opposition to the *Motion to Object to Payments for All Parties and Other Relief* [Dkt. No. 3963] (the "**Motion**") filed by Ellen Isaacs ("**Ms. Isaacs**"):

    1.    As an initial matter, the Motion is nothing more than a renewed request for relief that this Court has already considered and denied in connection with the *Emergency Request for Immediate Injunction and Hearing for Due Process, Production for Evidentiary Documents & Other Relief* [Dkt. No. 3582] (the "**Emergency Motion**") and the *Motion for Clarification* [Dkt. No. 3864] (the "**Clarification Motion**"). Indeed, in the Motion, Ms. Isaacs requests, as she did in her prior two motions: (i) that the Court "[w]ithhold all payments requested by every party in this case until final disposition," (ii) that the Court "[r]ecall all payments previously approved to be paid in these fraudulent proceedings," (iii) an "investigation into Curtis Wright and Janet Woodcock . . . and their involvement with approving Oxy[C]ontin and other man made synthetic drugs purported to relieve pain," (iv) a recount of all votes for the plan and the removal of attorneys general who "have voted against the [w]ill of the people," (v) seizure of all of Purdue's and the Sacklers' assets and holdings, including Mundipharma, and (vi) that the U.S. Attorney General and the U.N. "oversee the entire [b]ankruptcy proceedings and [c]riminal [p]rosecution in a [w]orld [c]ourt." (Mot. at 6; *see also* Emergency Mot. at 6, Clarification Mot. at 2.) Notably, in the order denying the Emergency Motion [Dkt. No. 3769], this Court denied Ms. Isaacs' request for (i) investigations into FDA employees and the DEA's approval of OxyContin and non-Purdue products, (ii) a recount of all votes for the plan and removal of all state attorneys general that "voted against the [w]ill of the people," (iii) seizure of all of Purdue's and the Sacklers' assets and holdings, including Mundipharma, and (iv) that the U.S. Attorney General and the U.N. oversee the "[b]ankruptcy proceedings and [c]riminal [p]rosecution," which she also seeks in the current Motion. (*See* Mot. at 6; Emergency Mot. at 6.) Moreover, in the order

2

denying the Clarification Motion [Dkt. No. 4162], this Court denied Ms. Isaacs' request that the Court (i) withhold all payments or distributions and (ii) recall funds previously ordered to be paid—the remaining relief she seeks in the current Motion. (*See* Mot. at 6; Clarification Mot. at 2.)

2.     Similarly, the list of purported "facts" set forth in the Motion regarding the circumstances surrounding these cases and this Court's confirmation [Dkt. No. 3787] (the "**Confirmation Order**") of the Debtors' *Twelfth Amended Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and Its Affiliated Debtors* [Dkt. No. 3726] (the "**Plan**") (*see* Mot. ¶¶ 1-29) are mostly "facts" and arguments previously raised by Ms. Isaacs and considered by this Court. (*See e.g.,* Emergency Mot. ¶¶ 1-29; Clarification Mot. ¶¶ 1-20.)  For example, Ms. Isaacs asserts that "[t]his Court's [Confirmation Order] was not permitted by the [l]aw[s] . . . of any State," and that the Plan and these proceedings are "mislead[ing] the American [p]eople" and "violat[ing] . . . the 14th Amendment of the U.S. Constitution" (Mot. ¶¶ 9, 18; *see also id.* ¶¶ 15-16, 20-21), which she also asserted in both the Emergency Motion and Clarification Motion (*see e.g.,* Emergency Mot. ¶¶ 2-5, 26-29; Clarification Mot. ¶¶ 6, 19).  Ms. Isaacs also expresses dissatisfaction with fees paid to attorneys and consultants (*see* Mot. ¶¶ 23, 26, 29), which she also addressed in the Clarification Motion (*see* Clarification Mot. ¶¶ 9-12).

3.     Because the Motion seeks the same relief sought in the Emergency Motion and/or Clarification Motion, both of which were denied by this Court, and in light of the overlapping purported "facts" and allegations in the Motion, Emergency Motion, and Clarification Motion, the Debtors construe the Motion as a motion for reconsideration.  Reconsideration of a court's order is only proper where a movant establishes "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . (3) fraud . . . misrepresentation, or

3

misconduct by an opposing party; (4) [that] the judgment is void; (5) [that] the judgment has been satisfied, released, or discharged . . . ; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b) (made applicable through Fed. R. Bankr. P. 9024). "The burden of proof is on the party seeking the relief," and such relief "is properly granted only upon a showing of exceptional circumstances." *U.S. v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001). Moreover, "a Rule 60 motion may not be used as a substitute for appeal." *In re Kirwan Offices S.a.R.L.*, 792 F. App'x 99, 104 (2d Cir. 2019) (quoting *United Airlines, Inc. v. Brien*, 588 F.3d 158, 176 (2d Cir. 2009)). Here, although the Motion includes certain purported "facts" with respect to the Debtors' Plan,[2] plea agreement, and civil settlement agreement that Ms. Isaacs did not include in the Emergency Motion or Clarification Motion (*see, e.g.* Mot. ¶¶ 4-8, 10-12, 22), these "facts" do not constitute newly discovered evidence that would satisfy Rule 60(b)(2). Nor does the Motion set forth any other grounds for reconsideration of the Court's prior orders. Accordingly, Ms. Isaacs has not carried her heavy burden, and the Motion should be denied.

4.  Ultimately, the Debtors believe that underlying this Motion, as well as the Emergency Motion and Clarification Motion, is a perceived lack of due process in these chapter

---

[2] To the extent the Motion seeks any relief related to the Debtors' Plan, Ms. Isaacs filed a timely notice of appeal of the Confirmation Order (*see* Dkt. No. 3877) and was heard by the district court on November 30, 2021. As a result, relief related to that order must be obtained from the district court. Fed. R. Bankr. P. 8008. Also, as a point of clarification, contrary to the assertion that "the Sackler[s'] . . . legal team [has] alleged they will argue equitable mootness" (Mot. ¶ 22), this Court's *Order Denying Motions for Stay Pending Appeal* [Dkt. No. 4177] is subject to the condition that "[n]either the appellees (for avoidance of doubt, 'appellees' . . . include the Sackler Family or any representative of the Sackler Family) nor any amici supporting the appellees [will] at any time argue before any court that the appeals of the Confirmation Order have been rendered equitably moot." In addition, the Debtors, Official Committee of Unsecured Creditors, Ad Hoc Committee of Governmental and Other Contingent Litigation Claimants, Multi-State Governmental Entities Group, Ad Hoc Group of Individual Victims, Ad Hoc Committee of NAS Children, and Sackler Families have stipulated to the same. *See* Amended Stipulation, *In re Purdue Pharma L.P., et al., Bankruptcy Appeals*, No. 21-cv-7532 (CM) (Lead Case) (S.D.N.Y. Oct. 20, 2021), Dkt. No. 71.

11 cases, which simply does not exist. From the very beginning of these cases, the Debtors have provided parties and the public with extraordinary access to these cases, including by providing free access to all filings in the proceedings through the restructuring website maintained by the Debtors' claims and noticing agent, Prime Clerk LLC ("**Prime Clerk**"),[3] arranging toll-free dial-in access to hearings before this Court, and communicating extensively with all claimants, including *pro se* claimants, in an effort to answer questions and resolve concerns. With respect to Ms. Isaacs in particular, both the Debtors and the Official Committee of Unsecured Creditors (the "**UCC**") have been extremely responsive via email—communicating with Ms. Isaacs individually no less than 15 times—and have made themselves available for multiple phone calls. Moreover, since this Court's colloquy with Ms. Isaacs during the November omnibus hearing (*see* Nov. 18, 2021 Omnibus Hr'g Tr. 66:13-15), the Debtors have agreed that going forward, they will email Ms. Isaacs all documents filed by the Debtors. The Debtors have also encouraged other parties to do the same for the documents they file. Accordingly, not only is there no evidence that the Debtors or any other party in these cases have violated the Fourteenth Amendment, it is clear that the Debtors and UCC have attempted to assist Ms. Isaacs at every turn, going far beyond what is required to satisfy due process. Thus, any allegation that these cases are lacking in due process is wholly without merit.

---

[3] During the November 18, 2021 omnibus hearing, Ms. Isaacs alleged that the Prime Clerk website had "been down for nearly a week." (Nov. 18, 2021 Omnibus Hr'g Tr. 50:10-12.) As the Debtors promised (*see id.* at 66:9-12), the Debtors looked into this issue. The Debtors understand from Prime Clerk that the website was under maintenance on June 15, 2021, and September 25, 2021, and that the website was down for less than 25 minutes between 10:00 p.m. and 12:00 a.m. on each of those dates. The Debtors have not been made aware of any troubles with the Prime Clerk website that would have prevented access during the times that were the subject of Ms. Isaacs' complaints.

For the reasons set forth above, the Debtors respectfully request that the Court deny the Motion.

Dated: December 9, 2021
      New York, New York

                    */s/ James I. McClammy*
                    DAVIS POLK & WARDWELL LLP
                    450 Lexington Avenue
                    New York, New York 10017
                    Telephone: (212) 450-4000
                    Facsimile: (212) 701-5800
                    Marshall S. Huebner
                    Benjamin S. Kaminetzky
                    James I. McClammy
                    Eli J. Vonnegut

                    *Counsel to the Debtors*
                    *and Debtors in Possession*