UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| PURDUE PHARMA L.P., *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

# ORDER DENYING MOTION
## OBJECTING TO PAYMENTS FOR ALL PARTIES AND FOR OTHER RELIEF

Upon the motion [Dkt. No. 3963] (the "**Motion**") of Ellen Isaacs ("**Ms. Isaacs**") requesting various forms of relief against the Debtors and related to the continuation of these chapter 11 cases and this Court's confirmation [Dkt. No. 3787] of the Debtors' *Twelfth Amended Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and Its Affiliated Debtors* [Dkt. No. 3726]; and the Court having jurisdiction to consider the matters raised in this Motion pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and upon the Debtors' objection [Dkt.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717), and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

No. 4212] to the Motion; and, after due deliberation and for the reasons stated by the Court in its bench ruling on December 16, 2021 (the "**Hearing**"),[2] the Court having determined that (a) the Motion seeks the same relief requested in Ms. Isaacs' *Emergency Request for Immediate Injunction and Hearing for Due Process, Production for Evidentiary Documents & Other Relief* [Dkt. No. 3582] and Ms. Isaacs' *Motion for Clarification* [Dkt. No. 3864], both of which were denied [Dkt. Nos. 3769 & 4162], and does not state a basis for relief under Federal Rules of Civil Procedure 59 or 60 (as made applicable through Federal Rules of Bankruptcy Procedure 9023 and 9024, respectively), and, thus, reconsideration of the prior orders is not warranted, and (b) alternatively, this Court has no jurisdiction with respect to the remaining requested relief regarding matters currently pending before the district court on appeal, in light of such appeal; now, therefore, it is hereby

ORDERED that the Motion is denied.

Dated:   December 20, 2021
         White Plains, New York

                                                    Robert D. Drain
                                                    THE HONORABLE ROBERT D DRAIN
                                                    UNITED STATES BANKRUPTCY JUDGE

---

[2] Local Bankruptcy Rule 9023-1, which governs motions for reargument, states that "[n]o oral argument shall be heard unless the Court grants the motion and specifically orders that the matter be re-argued orally." Local Bankruptcy Rule 9023-1(a). At the Hearing, the Court concluded that oral argument was neither necessary nor appropriate under the circumstances and, thus, decided the Motion based on the papers.