| | |
|---|---|
| Marshall S. Huebner | Mark E. Felger |
| Benjamin S. Kaminetzky | Frederick E. Schmidt, Jr. |
| Timothy Graulich | **COZEN O'CONNOR** |
| Eli J. Vonnegut | 3 WTC, 175 Greenwich Street, 55th Floor |
| Christopher S. Robertson | New York, NY 10007 |
| **DAVIS POLK & WARDWELL LLP** | Telephone:     (212) 883-4900 |
| 450 Lexington Avenue | Facsimile:      (646) 588-1552 |
| New York, New York 10017 | |
| Telephone:     (212) 450-4000 | -and- |
| Facsimile:      (212) 701-5800 | |
| | Kim V. Marrkand (Admitted *Pro Hac Vice*) |
| *Counsel to the Debtors* | Nicholas C. Cramb (Admitted *Pro Hac Vice*) |
| *and Debtors in Possession* | **MINTZ, LEVIN, COHN, FERRIS,** |
| | **GLOVSKY AND POPEO, P.C.** |
| | One Financial Center |
| | Boston, MA 02111 |
| | Telephone:     (617) 542-6000 |
| | Facsimile:      (617) 542-2241 |
| | |
| | *Co-Counsel for Liberty Mutual* |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P., et al.,** | Case No. 19-23649 (RDD) |
| Debtors.[1] | **(Jointly Administered)** |

### STIPULATION AND AGREED ORDER REGARDING
### ASSUMPTION AND ASSIGNMENT OF
### LIBERTY MUTUAL NON-MDT INSURANCE POLICIES AND ANCILLARY AGREEMENTS

This stipulation and agreed order (this "**Stipulation and Order**"), dated as of December 8, 2021, is entered into by and among (i) the above captioned debtors and debtors in possession (collectively, the "**Debtors**" or "**Purdue**") and (ii) Liberty Mutual Insurance Company, Liberty Mutual Fire Insurance

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

Company, Liberty Insurance Corporation, The First Liberty Insurance Corporation, Employers Insurance of Wausau, Wausau A Mutual Company, Wausau General Insurance Company, Wausau Underwriters Insurance Company and Wausau Business Insurance Company (collectively, "**Liberty Mutual**" and, together with the Debtors, the "**Parties**"), each by and through the undersigned counsel.

**WHEREAS**, the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code on September 15 or 16, 2019 in the United States Bankruptcy Court for the Southern District of New York (the "**Court**");

**WHEREAS**, on September 2, 2021, the Debtors filed the *Twelfth Amended Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and its Affiliated Debtors* (as thereafter amended, the "**Plan**");[2]

**WHEREAS**, on September 17, 2021, the Court entered the *Findings of Fact, Conclusions of Law, and Order Confirming the Twelfth Amended Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and its Affiliated Debtors*;

**WHEREAS**, the Plan provides, among other things, for all Purdue Insurance Policies (other than the MDT Insurance Policies), including all Excluded Insurance Policies, to be deemed to be, and treated as, executory contracts under the Plan, and assumed pursuant to sections 105 and 365 of the Bankruptcy Code by the applicable Debtor, and for such Purdue Insurance Policies to vest, and/or the Purdue Insurance Rights (other than the MDT Insurance Rights) associated therewith to vest, as applicable, in NewCo, the applicable Transferred Debtor or the Plan Administration Trust, as applicable, in accordance with the NewCo Transfer Agreement and the PAT Agreement and continue in full force and effect in accordance with their respective terms such that the applicable recipients of the Purdue Insurance Policies (other than the MDT Insurance Policies) and the Purdue Insurance Rights (other than the MDT Insurance Rights) shall become and remain liable in full for and to satisfy, to the extent required under applicable law, any prospective premiums, deductibles, self-insured retentions and any other amounts or obligations

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

arising in any way out of the receipt of payment from an Insurance Company in respect of the Purdue Insurance Policies (other than the MDT Insurance Policies);

**WHEREAS**, the Plan's definition of "Purdue Insurance Policies" includes any primary, umbrella, excess, fronting or other insurance policy, whether known or unknown, issued to or that provides or may provide coverage or benefits at any time to any of the Debtors or under which any of the Debtors have sought or may seek coverage or benefits, including, without limitation, any such policy for directors' and officers' liability, general liability, product liability, property, workers' compensation or fiduciary liability, or any other coverage, and all agreements, documents or instruments relating thereto including, without limitation, any agreement with a third party administrator for claims handling, risk control or related services, that (i) were issued prior to the Effective Date and (ii) cover periods that are, in whole or in part, prior to the Effective Date;

**WHEREAS**, Liberty Mutual issued various Excluded Insurance Policies to the Debtors, specifically automobile and workers' compensation insurance policies, (collectively, and as may be hereafter modified, amended or renewed, the "**Liberty Mutual Non-MDT Insurance Policies**");

**WHEREAS**, the term of the current Liberty Mutual Non-MDT Insurance Policies was set to expire on October 1, 2021;

**WHEREAS**, on or about September 17, 2021, pursuant to the Debtors' request, Liberty Mutual extended the term of the current Liberty Mutual Non-MDT Insurance Policies to December 1, 2021;

**WHEREAS**, the Debtors have requested that Liberty Mutual issue renewals of the Liberty Mutual Non-MDT Insurance Policies on or before the current expiration of such policies on December 1, 2021;

**WHEREAS**, there exist various agreements, documents, or other instruments related to the Liberty Mutual Non-MDT Insurance Policies as set forth on Schedule A hereto (collectively, solely to the extent that each relates to, and solely as each pertains to, the Liberty Mutual Non-MDT Insurance Policies being assumed by the Debtors and assigned to NewCo, and not as any such agreement, document, or

other instrument pertains to the MDT Insurance Policies and the MDT Insurance Rights, the "**Ancillary Agreements**"); and

**WHEREAS**, the Parties desire to facilitate the issuance of renewal Liberty Mutual Non-MDT Insurance Policies and to coordinate the assumption and assignment to NewCo of the Liberty Mutual Non-MDT Insurance Policies (as renewed) and Ancillary Agreements, on and subject to the occurrence of the Effective Date.

**NOW, THEREFORE, THE FOLLOWING IS HEREBY STIPULATED AND AGREED BY THE PARTIES, SUBJECT TO APPROVAL OF THE COURT:**

1. Liberty Mutual shall issue renewals of the Liberty Mutual Non-MDT Insurance Policies for a term of one year beginning December 1, 2021 and expiring December 1, 2022.

2. Upon the Effective Date of the Plan, the Debtors shall be deemed to have assumed their respective Liberty Mutual Non-MDT Insurance Policies and Ancillary Agreements and simultaneously assigned each of such Liberty Mutual Non-MDT Insurance Policies and Ancillary Agreements to NewCo.

3. On and after the Effective Date of the Plan, NewCo shall be deemed to have assumed and shall become and remain liable in full for and to satisfy, to the extent required under applicable non-bankruptcy law, any prospective premiums, any deductibles, self-insured retentions and any other amounts or obligations arising in any way out of or in respect of the Liberty Mutual Non-MDT Insurance Policies and Ancillary Agreements.

4. The Court shall retain jurisdiction with respect to all matters arising from or related to the assumption and assignment of the Liberty Mutual Non-MDT Insurance Policies and Ancillary Agreements.

[*The remainder of this page is left intentionally blank.*]

**IN WITNESS WHEREOF**, the Parties, by and through the undersigned counsel, have executed this Stipulation and Order as of the date set forth below.

Dated:  December 8, 2021
        New York, New York

| **DAVIS POLK & WARDWELL LLP** | **COZEN O'CONNOR** |
|---|---|
| */s/ Eli J. Vonnegut* | */s/ Frederick E. Schmidt, Jr.* |
| 450 Lexington Avenue | 3 WTC, 175 Greenwich Street, 55th Floor |
| New York, New York 10017 | New York, NY 10007 |
| Telephone: (212) 450-4000 | Tel: (212) 883-4900 |
| Facsimile: (212) 701-5800 | Fax: (646) 588-1552 |
| Marshall S. Huebner | Mark E. Felger |
| Benjamin S. Kaminetzky | Frederick E. Schmidt, Jr. |
| Timothy Graulich | |
| Eli J. Vonnegut | -and- |
| Christopher S. Robertson | |
| | MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C. |
| *Counsel to the Debtors* | Kim V. Marrkand (Admitted *Pro Hac Vice*) |
| *and Debtors in Possession* | Nicholas C. Cramb (Admitted *Pro Hac Vice*) |
| | One Financial Center |
| | Boston, MA 02111 |
| | Tel: (617) 542-6000 |
| | Fax: (617) 542-2241 |
| | |
| | *Co-Counsel to Liberty Mutual* |

**SO ORDERED:**

White Plains, New York
Dated: December 27, 2021            /s/ Robert D. Drain
                                    THE HONORABLE ROBERT D. DRAIN
                                    UNITED STATES BANKRUPTCY JUDGE

# SCHEDULE A

## LIST OF ANCILLARY AGREEMENTS

- Agreement for Guarantee of "Deductible" and/or "Loss Limit" Reimbursement # 7160, dated July 1, 2003;

- Amendment to Collateral and Payment Agreement Between Liberty Mutual and Purdue Pharma L.P. Effective July 1, 2003;

- Amendment to Agreement for Guarantee of "Deductible" and/or "Loss Limit" Reimbursement, Letter of Credit Plan #7160-A, effective as of 10/1/2016;

- Collateral and Payment Agreement, dated as of October 1, 2017, by and between Liberty Mutual Insurance Company and Purdue Pharma L.P.;

- Escrow Agreement, dated January 2018, by and among Liberty Mutual Insurance Company, Wells Fargo Bank, National Association, and Purdue Pharma L.P.;

- Escrow Agreement Addendum, dated January 18, 2018, by and among Liberty Mutual Insurance Company, Purdue Pharma L.P. and Wells Fargo Bank, National Association;

- Financial Terms and Conditions, Purdue Pharma L.P., Sold 10/1/2020 – 10/1/2021;

- Amendment to Financial Terms and Conditions, Purdue Pharma L.P., Sold 10/1/2020 – 12/1/2021; and

- Program Agreement and Program Overview for Incurred Retrospective plans, Purdue Pharma L.P., Sold 12/1/2021 – 12/1/2022