UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>**PURDUE PHARMA L.P.,** *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 19-23649 (RDD)<br><br>(Jointly Administered) |

**ORDER ESTABLISHING THE TERMS AND CONDITIONS OF MEDIATION BEFORE THE HONORABLE SHELLEY C. CHAPMAN**

Today the Court entered an order (the "**Appointment Order**")[2] appointing the Honorable Shelley C. Chapman as Mediator between the Nine and the Covered Parties (and any other Mediation Party added in the Mediator's discretion) regarding the Mediation Topic. The Appointment Order recognized that the parameters of the Mediation would be set forth in this order (this "**Order**") establishing the terms and conditions of the Mediation. As the Court found and determined in the Appointment Order based on the record of the hearing held by the Court on December 29, 2021 and the views expressed at the chambers conference held by the Court on December 31, 2021, the prompt resolution of the Mediation Topic is of critical importance to the Debtors' estates and creditors, and the facilitation of such negotiations by the Mediator under the terms of this Order is in the best interests of the estates, creditors, and other parties in interest; and

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717), and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Capitalized terms not otherwise defined herein have the meaning ascribed to them in the Appointment Order.

the Court having jurisdiction to consider and enter this Order pursuant to 28 U.S.C. §§ 157(a)–(b) and 1334(b) and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Order being a core proceeding under 28 U.S.C. § 157(b) that this Court may decide by a final order consistent with Article III of the United States Constitution; and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and no further notice or a hearing being required; and, after due deliberation, good and sufficient cause appearing, it is hereby ORDERED that:

1.      The Mediator shall in the exercise of her discretion facilitate the Mediation Parties' negotiation of the Mediation Topic; provided, that the Mediation Parties are authorized to negotiate among themselves without the Mediator's direct involvement; provided, further, that (a) on or before January 4, 2021 the Mediation Parties shall consult, either together or separately, with the Mediator on their contemplated process for doing so (including as it pertains to the Mediation Parties' authorized representatives) within the parameters of this Order and (b) the Mediator is authorized and empowered to determine the procedures to govern the Mediation in her sole discretion, so long as such procedures are consistent with the terms of this Order in all material respects, including to facilitate such negotiations with her direct involvement.  In furtherance of the foregoing, any Mediation Party is authorized to communicate separately with the Mediator, including as to whether the present process for conducting negotiations regarding the Mediation Topic should be revised within the terms of this Order.

2.      Unless, in the determination of the Mediator, a resolution has been reached in the Mediation before such time, the Mediation shall terminate on January 14, 2022 at 11:59 p.m. (prevailing Eastern Time) (the "**Termination Date**"); provided, that the Termination Date may be extended by the Mediator for purposes of the Mediator's involvement in any secondary or drafting

terms.  Based on the record before the Court, the Mediation Parties shall devote substantial time and resources to negotiation of the Mediation Topic during the week of January 3, 2022, including engaging in constructive dialogue about open issues in addition to exchanging proposals, such that an agreement in principle can be achieved during that time.

3. To the extent not previously executed, the Mediation Parties shall execute and agree to be bound by the Protective Order previously entered in these cases.

4. Unless otherwise directed by the Mediator, each of the Mediation Parties, including a representative subset of their respective principals, attorneys, and advisors, who are able to participate and make recommendations on behalf of the applicable Mediation Party, shall attend and participate in Mediation sessions.  For the avoidance of doubt, nothing in this Order seeks to delegate the ultimate decision-making authority on any potential resolution of the Mediation from a particular Mediation Party to a representative subset; provided, however, that any settlement agreement(s) involving any Mediation Party reached through Mediation shall be subject to the provisions of paragraph 7 hereof7.  The Mediator, after consultation with the Mediation Parties, may request that each Mediation Party participating in a Mediation session appear or participate with at least one principal.  For the avoidance of doubt, the selection of that principal shall be left in the first instance to the discretion of the applicable Mediation Party; provided, however, that the Mediator shall have discretion to request participation in the Mediation by such individual or individuals as the Mediator directs.

5. Additional parties in interest other than the Mediation Parties (the "**Additional Parties**") may participate voluntarily in the Mediation in response to a request from the Mediator or further order of this Court.  The Mediator may request that the Court order any Additional Parties to attend the Mediation, and nothing herein limits any Mediation Party's rights with respect

to the ability to make such a request of the Court. The Court's determination of such request will be based on its assessment of whether granting such request will facilitate resolution of the Mediation Topic. In such event, appropriate notice and a hearing shall be provided. All Additional Parties shall become subject to all of the provisions of this Order and shall agree to be bound by the Protective Order.

6. In each case except as provided in paragraphs 5 and 14 hereof, the Mediator shall have no communication with the Court relating to the substance of the Mediation or matters occurring during the Mediation, and the Mediator shall not disclose whether a verbal agreement was reached or a Mediation Party has refused to execute a definitive written settlement agreement. The Mediator shall have no obligation to make written comments or recommendations. Except as provided in paragraph 14, the Mediator shall not be compelled to testify or disclose any information concerning the Mediation in any forum or proceeding, nor shall any Mediation Party, any Additional Party, or any other party in interest: (a) call or subpoena the Mediator as a witness or expert in any proceeding relating to the Mediation, the subject matter of the Mediation, or any thoughts or impressions that the Mediator may have about the Mediation Parties, or their respective positions, in the Mediation, (b) subpoena any notes, documents or other materials prepared by the Mediator in connection with the Mediation, or (c) offer any statements, views or opinions of the Mediator in connection with any proceeding, including, without limitation, any pleading or other submission to any court.

7. Subject to paragraph 4 hereof: (a) no party shall be bound by anything said or done during the Mediation unless a Mediation Party voluntarily agrees to be so bound by a written and signed stipulation submitted to the Mediator and the Mediation Parties, and (b) the results of the Mediation are non-binding unless the Mediation Parties that agree to be so bound otherwise agree;

4

provided however, that any settlement agreement(s) reached through Mediation reduced to writing and signed shall be as binding against each signatory as those reached through litigation, subject, with respect to the Debtors, to the requirements of section 363(b) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 9019, and this Court will retain jurisdiction to enforce any such settlement agreement(s).

8.  All communications made by and all submissions prepared by a Mediation Party in connection with the Mediation, including but not limited to: (a) discussions among any of the Mediation Parties during the course of the Mediation, including discussions with or in the presence of the Mediator, (b) Mediation statements and any other documents or information provided to the Mediator or the Mediation Parties in the course of the Mediation, and (c) all correspondence, settlement proposals, counterproposals, term sheets, and offers of compromise produced for, as a result of, or in connection with the Mediation (collectively, the "**Settlement Proposals**") shall remain confidential, shall not be made available to the public and, as applicable, shall be subject to the Protective Order; provided however, that (i) the party making any such Settlement Proposal may agree to the disclosure of such Settlement Proposal pursuant to a confidentiality agreement or otherwise, and (ii) nothing in this Order limits the ability of any Mediation Party to (x) speak publicly (whether through court pleadings, court statements or otherwise) regarding issues in these cases, provided that doing so does not disclose confidential Mediation exchanges, data or discussions regarding Settlement Proposals or responses thereto, or (y) comment on the opioid crisis and those involved in it, these Debtors or these cases, provided that doing so does not, independently of this Order, violate the Protective Order. The materials described in each of the foregoing clauses (a) through (c): (i) shall be protected from disclosure (and shall not be disclosed) to any other Mediation Party or to any other person or party who is not a Mediation Party (including

holders of claims for which the Mediation Party is acting in a representative, agent or trustee capacity to the extent such holders are not themselves Mediation Parties) except in accordance with this Order or an applicable confidentiality agreement, (ii) shall not constitute a waiver of any existing privileges and immunities, (iii) shall not be used for any purpose other than the Mediation, (iv) shall be subject to protection under Rule 408 of the Federal Rules of Evidence and any equivalent or comparable state law, and (v) except for the sole purpose of enforcing in the Court a settlement agreement reached in this Mediation, shall not be admissible for any purpose in any judicial or administrative proceeding.  For the avoidance of doubt, if no such settlement agreement is reached, then the foregoing materials shall not be admissible anywhere.  The terms of the Protective Order and this Order shall govern any issues with respect to any Mediation Party's disclosure of any Settlement Proposals.

9. The Mediation Parties and their counsel and advisors shall not in any way disclose to any non-party or to any court, including, without limitation, in any pleading or other submission to any court, any such discussion, mediation statement, other document or information, correspondence, resolution, or Settlement Proposal (subject to paragraph 8 hereof) that may be made or provided in connection with the Mediation; provided, however, that nothing in this Order shall prevent a Mediation Party from sharing with the Mediator, and thereafter disclosing, to the extent not prohibited by a separate confidentiality agreement or the Protective Order, any draft pleadings, any potential legal arguments such Mediation Party may raise in the chapter 11 cases, reports of its own experts, any document produced or obtained in discovery, any information that is, was, or becomes available to a Mediation Party outside of the Mediation, such Mediation Party's own work product or materials, or other pleadings filed or to be filed by such Mediation Party with a court of competent jurisdiction.

10. Notwithstanding anything in this Order to the contrary, nothing in this Order other than compliance with the Protective Order shall prevent a Mediation Party from disclosing information revealed during the Mediation to the extent such disclosure is required, or as may be required or requested by a governmental or regulatory entity with oversight or other authority over such Mediation Party, that is within the oversight or other authority of such governmental or regulatory entity, or required by statute or court order or other legal or regulatory requirements applicable to such Mediation Party; provided however, that if such Mediation Party is requested or required to disclose any information to any third party or governmental or regulatory authority, such Mediation Party shall, to the extent not legally prohibited, provide the disclosing party with prompt written notice of such requirement prior to any disclosure and shall furnish only that portion of such information or take only such action as is legally required. For the avoidance of doubt, no Mediation Party shall use its governmental or regulatory authority to require disclosure of documents or communications created for or in the Mediation or seek an order from a court or other tribunal requiring such disclosure, pursuant to the first sentence of this Paragraph 10.

11. To the extent that any Mediation Party is in possession of privileged or confidential documents and/or information provided to such Mediation Party pursuant to the terms and conditions of the Protective Order, such information may (with the written consent of the party that holds such privilege), but shall not be required to, be disclosed to the Mediator and other Mediation Parties, but shall otherwise remain privileged and confidential. Any Mediation Party may provide documents and/or information to the Mediator that are subject to a privilege or other protection from discovery, including the attorney-client privilege, the work product doctrine, or any other privilege, right, or immunity the parties may be entitled to claim or invoke (the "**Privileged Information**"). By providing the Privileged Information to the Mediator or by

7

consenting in writing to the Mediator providing such Privileged Information to another party, no Mediation Party nor its respective professionals intends to, nor shall, waive, in whole or in part, the attorney-client privilege, the work-product doctrine, or any other privilege, right or immunity that such party may be entitled to claim or invoke with respect to any Privileged Information or otherwise.  Any work product, materials, or information shared or produced by a Mediation Party with the Mediator, including Privileged Information, shall be subject to all applicable mediation privileges and shall not be shared by the Mediator with any person, including any other Mediation Parties, without the consent of the sharing or producing Mediation Party.

12. Nothing in this Order is intended to, nor shall it, waive, release, compromise, or impair in any way whatsoever, any claims or defenses that a party has or may have, whether known or unknown, in connection with or relating to acts or omissions that took place prior to entry of this Order.

13. Nothing in this Order is intended to, nor shall it operate as, granting relief from the automatic stay in the chapter 11 cases, or the Preliminary Injunction, as amended from time to time, entered by the Court in the adversary proceeding styled, *Purdue Pharma L.P. et al. v. Commonwealth of Massachusetts et al.*, Adv. Proc. No. 19-08289 (Bankr. S.D.N.Y. Nov. 6, 2019) (RDD), Dkt. No. 105.

14. Promptly following the Termination Date, the Mediator shall file a notice with the Court setting forth the following: (a) that the Mediator has conducted the Mediation, (b) the names of the participants in the Mediation, (c) whether the participants in the Mediation acted in good faith, and (d) whether and to what extent the Mediation was successful.  The Court considers a Mediation Party's refusal to attend, through its conclusion, a Mediation session requested by the Mediator through an authorized decision-maker to be an act that is not in good faith.

15. The Mediator, and any judicial clerk or other court staff assisting her shall be immune from claims arising out of acts or omissions incident to their service as Mediator or assisting the Mediator in these chapter 11 cases. In addition to maintaining the immunity that the Mediator has as a judge and the immunity of court employees under Federal and common law from liability for any act or omission in connection with the Mediation, the Mediator and such court employees may not be compelled to testify or disclose any information concerning the Mediation in any forum or proceeding except as provided in paragraph 14 of this Order.

16. The Debtors are authorized to take all actions necessary or appropriate to effectuate the relief granted in this Order.

17. For the avoidance of doubt, to the extent any part of this Order shall conflict with Local Rule 9019-1 or the General Order, the terms and provisions of this Order shall govern.

18. Notwithstanding the possible applicability of the 14-day stay in Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry, such stay having been waived for cause shown.

19. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

20. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: January 3, 2022
       White Plains, New York

/s/ Robert D. Drain
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE