DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
James I. McClammy
Eli J. Vonnegut

*Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.**, *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

**DEBTORS' OBJECTION TO MARIA ECKE'S MOTION FOR ORIGINAL CLAIM PAYMENT AND FOR RULE 5004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE GOVERNED BY 28 U.S.C. 455—DISMISSAL OF JUDGE DRAIN**

  Purdue Pharma L.P. ("**PPLP**") and its affiliates that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**," the "**Company**," or "**Purdue**") respectfully represent as follows in opposition to the *Motion for Original Claim Payment and for Rule 5004*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717), and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

*of the Federal Rules of Bankruptcy Procedure Governed by 28 U.S.C. § 455—Dismissal of Judge Drain* (Nov. 5, 2021) [Dkt. No. 4074] (the "**Motion**") filed by Maria Ecke ("**Ms. Ecke**"):

1.   With respect to the "Motion for Original Claim Payment," Ms. Ecke contends that this Court's confirmation [Dkt. No. 3787] (the "**Confirmation Order**") of the Debtors' *Twelfth Amended Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and Its Affiliated Debtors* [Dkt. No. 3726] (the "**Plan**")[2] "offends both the 'rule of law', many other innocent victims including Ellen Isaacs and [herself]." (Mot. ¶ 1.)  *First*, Ms. Ecke asserts that "[a]ny agreement that would permit a [b]ankruptcy that takes away the [p]laintiff's right to due process and permits a corporation and people that run these corporations to absolve themselves from criminal prosecution while humans continue to die daily is against the law of [t]he Constitution." (*Id*. ¶ 3.)  In particular, Ms. Ecke asserts that the "[b]ankruptcy should never have included Purdue Pharma's admitted criminal actions" and "could have continued with the criminal case immediately redirected to the Department of Justice when the Sackler[s] admitted they were guilty." (*Id*.)

2.   *Second*, Ms. Ecke poses a series of questions related to: (i) her son's addiction and death, with respect to which she is asserting a claim for wrongful death; (ii) "the criminal aspect of this matter" and "[w]hy aren't . . . [the] victims able to prosecute the Sackler family criminally or in other ways"; (iii) the status of her confirmation objection, filed August 16, 2021 [Dkt. No. 3575], which she asserts this Court did not rule on; and (iv) "why . . . the entire case [is] sealed from the public" given it is a "health matter of grave importance to the entire world." (*Id*. ¶¶ 7-10.)

---

[2] On December 16, 2021, this Court's confirmation of the Plan was vacated by the district court on appeal [Dkt. No. 4246].

2

3. As relief, Ms. Ecke asks this Court to "pay each of [her], Richard Ecke, Andrew Ecke, and Peter Sottile the $242,000,000.00 which [she] originally asked for" due to the death of her son. (*Id.* at 7.) On November 24, 2020, Ms. Ecke filed a *Motion for Claim Payment* [Dkt. No. 2032], requesting the same relief. Accordingly, the Debtors construe the relief sought in this portion of Ms. Ecke's Motion as one for reconsideration of this Court's denial of her prior motion for early claim payment [Dkt. No. 2145] and must object because the Motion does not meet the high bar for reconsideration and for the same fundamental principles of the Bankruptcy Code that the Debtors' raised in their objection to the prior motion [Dkt. No. 2116].

4. Reconsideration of a court's order is only proper where a movant establishes "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . (3) fraud . . . misrepresentation, or misconduct by an opposing party; (4) [that] the judgment is void; (5) [that] the judgment has been satisfied, released, or discharged . . . ; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b) (made applicable through Fed. R. Bankr. P. 9024). "The burden of proof is on the party seeking the relief," and such relief "is properly granted only upon a showing of exceptional circumstances." *U.S. v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001). Moreover, "a Rule 60 motion may not be used as a substitute for appeal." *In re Kirwan Offices S.a.R.L.*, 792 F. App'x 99, 104 (2d Cir. 2019) (quoting *United Airlines, Inc. v. Brien*, 588 F.3d 158, 176 (2d Cir. 2009)). Apart from demonstrating Ms. Ecke's disagreement with this Court's confirmation of the (now vacated) plan and her questions regarding the status of and circumstances of these cases, the Motion does not set forth any grounds for reconsideration of this Court's prior order denying her request for early claim payment. Accordingly, Ms. Ecke has not carried her heavy burden, and the Motion should be denied.

5. Moreover, even on its underlying merits, the Motion fails because the relief requested is inappropriate at this time. As this Court explained in denying Ms. Ecke's prior motion, "there is a fundamental principle of bankruptcy law which is that, [unsecured] claims . . . do not get paid until a plan is confirmed that sets up a mechanism and a distribution scheme for paying all of the claims asserted against the debtor," including determining with respect to this case "whether the[] [claims] are properly against Purdue and the amount that those claims should be allowed at." (Dec. 15, 2020 Hr'g Tr. 42:6-44:1.) In other words, the relief that Ms. Ecke seeks is "premature." (*Id.* at 43:20-21.)

6. The other concerns and questions raised in the Motion (Mot. ¶¶ 7-10) also do not require any relief from this Court. *First*, the Debtors continue to sympathize with Ms. Ecke regarding the circumstances she describes regarding her son's death (*Id.* ¶ 7) and remain committed to finding a resolution to these cases so that the value of the Debtors' estates can be put to work abating the opioid crisis and compensating personal injury claimants, like Ms. Ecke.

7. *Second*, underlying this Motion appears to be the same misunderstanding that animated, in part, Ms. Ecke's prior motion and objection to confirmation—that these cases purport to resolve the criminal liability of members of the Sackler family. (*Id.* ¶ 8.) They do not, nor could they—as this Court has made clear on numerous occasions. (*See, e.g.*, Modified Bench Ruling ("**MBR**"), at 55-56, 61, 102-03 (Sept. 17, 2021), Dkt. No. 3786 (explaining that Ms. Ecke and others "ha[d] been misled into thinking that the plan provides for a release of criminal conduct" and that it was "obviously . . . not the case" that the Sacklers are "getting away with . . . being relieved of criminal liability").) Moreover, although this Court approved a resolution between the Debtors and the Department of Justice ("**DOJ**") regarding the treatment of the DOJ's claims <u>against the Debtors</u>—which resolution involved <u>Purdue Pharma L.P.</u>

4

pleading guilty to certain criminal charges, *see Order Pursuant to 11 U.S.C. § 105 and Fed. R. Bankr. P. 9019 Authorizing and Approving Settlements Between the Debtors and the United States* [Dkt. No. 2004]—the criminal sentencing with respect to that plea agreement will be heard before and is subject to the approval of a federal district court, not this Court.

8. *Third*, this Court addressed and overruled Ms. Ecke's "Objection to Restructuring of Purdue Pharma L.P. et al[]," dated August 16, 2021 [Dkt. No. 3575], wherein she sought "Rule 3008-1 Reconsideration of Claims." (*Id.* at 3; *see* Mot. ¶ 9.) Indeed, although Ms. Ecke's objection was filed four weeks after the deadline for objections to confirmation, Ms. Ecke was able to testify during the confirmation hearing and the Court addressed her objection, and the objections of other *pro se* individuals, during its ruling on confirmation. (MBR at 56-61 (Sept. 17, 2021), Dkt. No. 3786 (addressing certain *pro se* objections, including Ms. Ecke's, and finding that "the plan's treatment of personal injury claimants is a fair, mediated resolution of extremely difficult private/public allocation issues").)

9. *Fourth*, and finally, far from "the entire case [being] sealed from the public," (Mot. ¶ 10), the Debtors have been committed to broad transparency throughout these cases. For example, from the very beginning of these cases, the Debtors have provided parties and the public with extraordinary access to these cases, including by providing free access to all filings in the proceedings through the restructuring website maintained by the Debtors' claims and noticing agent, Prime Clerk LLC, arranging toll-free dial-in access to hearings before this Court, and communicating extensively with all claimants, including *pro se* claimants, in an effort to answer questions and resolve concerns.

10. The Debtors note that Ms. Ecke—without further explanation or any factual support—titled her Motion also as one "for Rule 5004 of the Federal Rules of Bankruptcy

5

Procedure Governed by 28 USC [§] 455 – Dismissal of Judge Drain" and then referenced and excerpted Rule 5004 (and the applicable advisory committee notes), and 28 U.S.C. § 455, which together govern the circumstances under which a bankruptcy judge shall be "disqualified from presiding over the proceeding or contested matter in which the disqualifying circumstances arises or, if appropriate, shall be disqualified from presiding over the case." (*Id*. ¶¶ 5-6.) Ms. Ecke also gave her account of circumstances related to, and unfounded allegations about these cases and directed at the Court made in connection with a series of motions filed by another *pro se* individual [Dkt. Nos. 3582,[3] 3864, 3963], all of which were denied by this Court [Dkt. Nos. 3769, 4162, 4234]. (Mot. ¶ 4.) Given that the motions filed by a different movant that are referenced by Ms. Ecke have already been heard and denied by the Court, and the lack of any factual basis for Ms. Ecke's citations in her own Motion, the Debtors will not address here the substance of any of those prior motions nor Ms. Ecke's reference to them, except to note that there is absolutely no basis for recusal and, accordingly, that request, to the extent that it is being made, should be denied.

For the reasons set forth above, the Debtors respectfully request that the Court deny the Motion.

*[Remainder of page intentionally left blank]*

---

[3] In connection with this motion, a request was made on the record of the omnibus hearing held on September 13, 2021, for this Court to recuse itself. (Sept. 13, 2021 Omnibus Hr'g Tr. 153:24-154:7, 160:17-24.)

6

Dated: January 5, 2022
      New York, New York

                                            */s/ James I. McClammy*
                                            DAVIS POLK & WARDWELL LLP
                                            450 Lexington Avenue
                                            New York, New York 10017
                                            Telephone: (212) 450-4000
                                            Facsimile: (212) 701-5800
                                            Marshall S. Huebner
                                            Benjamin S. Kaminetzky
                                            James I. McClammy
                                            Eli J. Vonnegut

                                            *Counsel to the Debtors*
                                            *and Debtors in Possession*