DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
James I. McClammy
Eli J. Vonnegut

*Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.**, *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

**DEBTORS' OBJECTION TO
PERSONAL INJURY CLAIMANT'S MOTION TO ALLOW**

Purdue Pharma L.P. ("**PPLP**") and its affiliates that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**," the "**Company**," or "**Purdue**") respectfully

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717), and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

represent as follows in opposition to the *Motion to Allow* (October 17, 2021) [Dkt. No. 4030] (the "**Motion**") filed by a *pro se* individual (the "**Movant**"):[2]

1. In the Motion, the Movant asserts that they are "prevented from ever filing any type of wrongful death lawsuit in the State of Wisconsin regarding [their] [f]ather's death" because of a Wisconsin statute that prohibits adult children from filing wrongful death suits on behalf of their parents, and contends that the statute "violates the civil rights and liberties of [them, their] deceased [f]ather[], and every person in [their] class" under the Fourteenth Amendment of the U.S. Constitution and Article 1 Section 9 and 9m of the Wisconsin State Constitution. (Mot. at 2-5.) Although they have filed a timely proof of claim, the Movant now requests that the Court "rule in [their] favor or [e]quitabl[y] toll[] and . . . waive Section 2255 [s]tatute of [l]imitations" with respect to the underlying Wisconsin state law wrongful death claim "due to the [e]xtraordinary [c]ircumstances of the State of Wisconsin's [g]overnmental interference under Wisconsin Statute 655.007" caused by Wisconsin "prohibiting [them] from filing a lawsuit against the entities responsible after due diligence for the wrongful death of [their] father [REDACTED] within the [s]tatute of [l]imitations." (*Id.* at 2-3.)[3] Although the Debtors are sympathetic to the Movant's circumstances, they must object.

2. Even assuming *arguendo*, that the doctrine of equitable tolling can be applied to the Movant's state law claim, *see In re Signature Apparel Group LLC*, 577 B.R. 54, 84 (Bankr.

---

[2] The Movant has filed the Motion on a confidential basis. (Mot. at 3.) Accordingly, their identifying information has been redacted.

[3] The Movant also asserts that they were "denied the right to legal counsel by the attorneys at Akin Gump Strauss Hauer & Feld, LLP ("**Akin Gump**"), [c]ounsel to the [Official] Committee of Unsecured Creditors [(the "**Creditors' Committee**")]." (Mot. at 1.) However, the Debtors note that the Creditors' Committee is a co-estate fiduciary that represents the interests of all unsecured creditors in these cases. Accordingly, the decision by attorneys at Akin Gump not to represent the Movant personally in these cases was proper.

S.D.N.Y. 2017) (collecting cases holding that the federal equitable tolling doctrine does not apply to state law claims), it applies "where the <u>defendant</u> conceals from the plaintiff the fact that he has a cause of action." *See id.* at 83. (quoting *St. John's University, New York v. Bolton*, 757 F. Supp. 2d 144, 186, n. 24 (E.D.N.Y. 2010) (emphasis added). Moreover, the burden is on the plaintiff to demonstrate that the doctrine applies, *id.,* and the Movant has not met this burden.

3. *First*, the Motion is devoid of any facts demonstrating when they learned of their claim and, more importantly, that the Debtors took steps to prevent the Movant from discovering that they had a cause of action.

4. *Second*, the Movant's purported constitutional claim does not demonstrate that they are entitled to equitable tolling. Even if Movant's purported constitutional claim is viable, it does not alter the fact that the relevant inquiry for equitable tolling is the Debtors' conduct—not the state of Wisconsin's. *See In re Signature Apparel Group LLC*, 577 B.R. at 84. Moreover, the Court cannot override the statutory scheme in Wisconsin regarding who may file wrongful death claims—which the Movant concedes prohibits adult children over the age of 18 years old from filing a wrongful death claim on behalf of a parent (Mot. at 2)—particularly where that statutory scheme has already been found not to be violative of any fundamental right. *See Czapinski v St. Francis Hosp., Inc.*, 236 Wis. 2d 316, 334-37 (2000) ("We have previously held that Wis. Stat. ch. 655 does not deny any fundamental right."); *see also Kawczynski v Am. Coll. of Cardiology*, 15-CV-757-BBC, 2016 WL 2770552, at *3 (W.D. Wis. May 13, 2016), *aff'd as mod*, 670 F. App'x 398 (7th Cir. 2016) (applying *Czapinski* in granting motion to dismiss plaintiff's wrongful death claim under Wis. Stat. § 655.007 because "plaintiff's father died when plaintiff was an adult [and] adult children cannot bring derivative claims related to death of their parents.").

For the reasons set for above, the Debtors respectfully request that the Court deny the Motion without prejudice to any other rights that the Movant or any other party may have with respect to the Movant's proof of claim.

Dated:  January 5, 2022
        New York, New York

/s/ James I. McClammy
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
James I. McClammy
Eli J. Vonnegut

*Counsel to the Debtors
and Debtors in Possession*