UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>**PURDUE PHARMA L.P.,** *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 19-23649 (RDD)<br><br>(Jointly Administered) |

**ORDER DENYING MOTION FOR**
**RECONSIDERATION AND RECUSAL**

Before the Court is Maria Ecke's *Motion for Original Claim Payment and for Rule 5004 of the Federal Rules of Bankruptcy Procedure Governed by 28 U.S.C. § 455 – Dismissal of Judge Drain* [ECF No. 4074] (the "Motion"). The Motion asks the Court to reconsider its December 16, 2020 order [ECF No. 2145] (the "Prior Order") denying Ms. Ecke's motion for an order directing that she and certain other claimants be paid their prepetition claims before the confirmation and effective date of a chapter 11 plan in these cases. Second, Mrs. Ecke seeks to disqualify me from presiding over these Chapter 11 cases under 28 U.S.C. § 455 as incorporated by Fed. R. Bankr. P 5004. The Debtors have objected to the Motion [ECF No. 4269].

For the reasons set forth below, the Motion is denied.

**Discussion**

**A. Motion to Reconsider**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

On November 24, 2020, Mrs. Ecke filed a *Motion for Claim Payment* [ECF No. 2032] in which she asked the Court to order immediate full payment of Claim Nos. 16810, 22855, 23016 and 16817 in the aggregate amount of $242,000,000. The Debtors filed an objection to that motion [ECF No. 2116], and, after a hearing on December 15, 2020, the Court entered the Prior Order, having determined

> that the payment in full of the Claims but not all claims similarly situated to the Claims before the confirmation and effective date of a chapter 11 plan in these cases would violate the fundamental Bankruptcy Code principles of similar treatment of similar claims and the resolution and treatment of general unsecured claims under a chapter 11 plan and is not warranted by any exception to such principles.

Prior Order. Mrs. Ecke did not appeal the Prior Order. Instead, she filed the Motion on November 5, 2021.

### Rule 60(b) Standard Not Satisfied

Ms. Ecke, who appears *pro se*, did not specify the basis for her renewed request to be paid her claims now, before confirmation and the effective date of a Chapter 11 Plan. The Court has treated it as a motion for relief from the Prior Order under Fed. R. Bankr. P. 9024, incorporating Fed. R. Civ. P. 60(b).

The Motion fails, however, to satisfy the requirements for relief under Rule 60(b), which provides that the Court may relieve a party from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

  (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  The decision whether to grant a motion for relief under Rule 60(b) is within the discretion of the court.  *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) (citing *Montco, Inc. v. Barr (In re Emergency Beacon Corp.)*, 666 F.2d 754, 760 (2d Cir. 1981)).  "The burden of proof is on the party seeking relief from judgment."  *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001).  "A motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances."  *Id*.  "In no circumstances . . . may a party use a Rule 60(b) motion as a substitute for an appeal it failed to take in a timely fashion."  *Stevens v. Miller*, 676 F.3d at 67 (citing *United Airlines, Inc. v. Brien*, 588 F.3d 158, 176 (2d Cir. 2009); *see also Frankel v. ICD Holdings S.A.*, 939 F.Supp. 1124, 1127 (S.D.N.Y. 1996) (Rule 60(b) "is not 'a substitute for a timely appeal . . . .'") (quoting *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986)), and "may not be used to 'relitigate matters settled by the original judgment.'") (quoting *Donovan v. Sovereign Sec. Ltd.*, 726 F.2d 55, 60 (2d Cir. 1984)).

  The Motion does not satisfy the standard for relief under Rule 60(b).  It does not assert Ms. Ecke's mistake, inadvertence, surprise, or excusable neglect in pursuing her November 24, 2020 motion.  It offers no new evidence that satisfies the requirements of Rule 60(b)(2), merely repeating allegations contained in the November 24, 2020 motion and raised at the hearing thereon and making the patently false allegations that these bankruptcy cases have been conducted under seal and that a chapter 11 plan in these cases would result in immunity from criminal liability for the Debtors' controlling shareholders.  Nor does it state a legally supportable basis under Rule 60(b)(3)-(6).  Instead, the Motion continues to seek relief that would treat Ms. Ecke's claims differently than all other prepetition claims filed in these cases by

3

arrogating all of the value of the Debtors' estates to her. Its request for immediate payment in full therefore should be denied.

### B. Motion to Recuse

As noted, the Motion also seeks to disqualify me from presiding over these Chapter 11 cases under Fed. R. Bankr. P. 5004 and 28 U.S.C. § 455.[2] Although the Motion does not identify the subsection of § 455 upon which such request is based, because the Motion does not cite any grounds under § 455(b) the Court assumes that the pertinent provision is § 455(a), which provides for disqualification of the judge "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a).

### Recusal Standard Not Satisfied

"Section 455(a) requires recusal whenever there is an objective appearance of bias." *In re Hutter*, 221 B.R. 632, 636 (Bankr. D. Conn. 1998) (citations omitted). *See also United States v. Lovaglia*, 954 F.2d 811, 815 (2d Cir. 1992) (the court must determine whether "an objective, disinterested observer fully informed of the underlying facts, [would] entertain significant doubt that justice would be done absent recusal") (citation omitted). When deciding whether to recuse, "the trial judge must carefully weigh the policy of promoting public confidence in the judiciary against the possibility that those questioning his impartiality might be seeking to avoid the adverse consequences of his presiding over their case." *In re Hutter*, 221 B.R. at 636 (citation omitted). "[T]he judge has a duty to retain the case when faced with a meritless motion to recuse or disqualify." 9 Collier on Bankruptcy, ¶ 5004.01[3] (16th Ed. 2021) (citing, among other authorities, *Wilkerson v. McCarthy*, 336 U.S. 53, 65, 69 (1949) (Frankfurter, J., concurring).

---

[2] Federal Rule of Bankruptcy Procedure 5004(a) provides that "[a] bankruptcy judge shall be governed by 28 U.S.C. § 455, and disqualified from presiding over the proceeding or contested matter in which the disqualifying circumstances arises or, if appropriate, shall be disqualified from presiding over the case."

The movant bears the burden of demonstrating that the judge is partial. *McCann v. Communications Design Corp.*, 775 F. Supp. 1506, 1522 (D. Conn. 1991), *aff'd* 35 F.3d 553 (2d Cir. 1994, *cert denied*, 514 U.S. 1007 (1995). Allegations in a motion to disqualify or recuse "must show 'some reasonable factual basis to doubt the impartiality or fairness [by showing] some kind of probative evidence.' Mere conclusory allegations do not satisfy the 'reasonable person' test." 9 Collier on Bankruptcy, ¶ 5005.03[1] (quoting *Blizard v. Frechette*, 601 F.2d 1217, 1221 (1st Cir. 1979)). "In the absence of adequate proof to the contrary, a judge's impartiality is presumed." *In re Hutter*, 221 B.R. at 636 (citing *Pashaian v. Eccelston Properties, Ltd.*, 88 F.3d 77, 83 (2d Cir. 1996)). "Evidentiary hearings are generally not necessary or required and, in some instances may not even be appropriate." 9 Collier on Bankruptcy, ¶ 5004.03[1].

The Motion relies on the following examples of this Court's alleged bias: the Court's *Modified Bench Ruling on Request for Confirmation of Eleventh Amended Joint Chapter 11 Plan*, reported at *In re Purdue Pharma L.P.*, 633 B.R. 53 (Bankr. S.D.N.Y. 2021) (the "Confirmation Ruling"), *rev'd, In re Purdue Pharma, L.P.*, 2021 U.S. Dist. LEXIS 242236 (S.D.N.Y. Dec. 16, 2021); the Court's determination not to hear oral argument on Ellen Isaacs' *Motion Objecting to Payments for All Parties* [ECF No. 3963], which the Court treated as a motion under Fed. R. Bankr. P. 9023 and 9024 of Ms. Isaacs' two prior motions seeking substantially the same relief [ECF Nos. 3582 and 3864], each denied by the Court [ECF Nos. 3769 and 4162, respectively], which the Court also denied, by an order dated December 20, 2021 [ECF No. 4234]; the Court's alleged failure to rule on Ms. Ecke's *Objection to Restructuring of Purdue Pharma L.P. et all* [sic] [ECF No. 3575]; the Court's alleged sealing of the record of

5

these Chapter 11 cases from public view; and the Court's alleged denial of Ms. Ecke's constitutional due process rights.

"[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994); *see also United States v. Bernstein*, 533 F.2d 775, 785 (2d Cir. 1976), *cert. denied*, 429 U.S. 998 (1976). Disagreement with the Court's judicial decisions is appropriately tested by appeal, not by recusal motion. *Liteky v. United States*, 510 U.S. at 555. *See generally* 9 Collier on Bankruptcy ¶ 5004.01[1][a]. The Confirmation Ruling analyzed at length objections to confirmation of the Plan on due process grounds, as well as Ms. Eckes' other objections to confirmation of the Plan and her testimony at the confirmation hearing, during which the Court stressed, contrary to the Motion's contention, that "[t]he plan does not provide a release of criminal conduct. That is crystal clear in the plan and always has been." [ECF No. 3731; Tr. Sept. 1, 2021, p. 71:12-13.]. The Confirmation Ruling is a legal analysis; it does not evidence bias or partiality and therefore is not a basis for recusal as a substitute for Ms. Ecke's appeal of it, which she pursued.

Similarly, the Court's determination not to hear oral argument on Ms. Isaac's *Motion Objecting to Payments of All Parties*, was a legal determination, not a basis for recusal, guided in large measure, as stated in footnote 2 to the Court's December 21, 2021 order denying that motion, by Local Bankruptcy Rule 9023-1, which governs motions for reargument and states that "[n]o oral argument shall be heard unless the Court grants the motion and specifically orders that the matter be re-argued orally."

Lastly the Motion's allegation that the docket in this case is sealed from public view is demonstrably false. The Court's determinations to "so order" the agreements by parties to discovery in these cases that certain information obtained in discovery would be kept

confidential, subject to the terms of such agreements and orders, were also judicial determination that would not serve as a basis for disqualification, as was the Court's determination to unseal documents that resulted from the only motion to unseal documents in these cases that was not consensually resolved. *In re Purdue Pharma L.P.*, 632 B.R. 34 (Bankr. S.D.N.Y. 2021).

The Motion therefore fails to set forth sufficient evidence to carry the burden of proof on its request for recusal.

Accordingly, it is hereby

**ORDERED**, that the Motion is denied.

Dated: White Plains, New York
January 11, 2022

*/s/Robert D. Drain*
Hon. Robert D. Drain
UNITED STATES BANKRUPTCY JUDGE