

570 Broad Street / Suite 1201 / Newark, NJ 07102
973.623.3000 Main / 973.623.0858 Fax / litedepalma.com

Newark / Philadelphia

Allen J. Underwood II, Esq.
aundewood@litedepalma.com

January 10, 2022

**VIA ELECTRONIC MAIL ONLY / NOT FILED ON CM/ECF DOCKET**
The Honorable Robert D. Drain, U.S.B.J.
300 Quarropas Street
White Plains, NY 10601-4140
rdd.chambers@nysb.uscourts.gov

The Honorable Shelley C. Chapman, U.S.B.J.
One Bowling Green
New York, NY 10004-1408
Courtroom: 623
scc.chambers@nysb.uscourts.gov(link sends e-mail)

    Re:    **In re: Purdue Pharma, LP**
           **Bankruptcy Case No. 19-23649 (RDD)**
           **District Court Consolidated Appeal Case No. 21-cv-07532-CM**

           **Request for Active Mediation or to Participate as an Interested Party Observer – Appellant to Mediation in Process**

Judges Drain and Chapman:

    This firm represents Certain Canadian Municipalities[1] and First Nations[2] (the "CMFN") in the above referenced Purdue Pharma L.P. *et als.* (the "Debtors") Chapter 11 matters, and as Appellants in the related District Court Appeals (the "Appeals"). Counsel is working closely with Canadian litigation counsel as to the principal Canadian class action claims, and with separate Canadian insolvency counsel representing the CMFN before the Ontario Superior Court of Justice (Commercial List) in Toronto[3] under the Canadian Initial Recognition Order (Foreign Main Proceeding)(the "CCAA Proceeding").[4] The CCAA Proceeding regards Sackler Independent Affiliated Companies ("IACs") collectively termed Purdue Canada ("Purdue Canada"). The CMFN were active objectors at Plan Confirmation and to the Twelfth Amended Plan (the "*Plan*").

    The *Order Establishing the Terms and Conditions of Mediation Before the Honorable Shelley C. Chapman* by the Honorable Robert D. Drain dated January 3, 2022 (Bankruptcy Main Case CM/ECF Docket Entry 4261) provides that additional parties ("Additional Parties") may

---

[1] The City of Brantford (Proof of Claim ("POC") No. 144455), The City of Grande Prairie (POC No. 144366), The City of Lethbridge (POC No. 144475), The City of Wetaskiwin (POC No. 144465).
[2] The Peter Ballantyne Cree Nation, The Lac La Ronge Indian Band (POC No. 144514).
[3] Court File No. CV-19-627656-00C
[4] pursuant to Part IV of the Companies' Creditors Arrangement Act, R.S.C. 1985, c. C-36, as amended



participate in the Mediation either at the request of the Honorable Shelley C. Chapman or Order of the Bankruptcy Court.[5]  The *Order Appointing the Honorable Shelley C. Chapman as Mediator* entered by Judge Drain on January 3, 2022 (Main Case CM/ECF Docket Entry 4260), similarly provides that Judge Chapman may add at her discretion any party in interest as a Mediation Party – giving a consulting party as an example – by filing notice thereof on the docket.[6]

The CMFN were not among the Nine States and the District of Columbia (the "Nine States") set forth as Mediation Parties in the January 3, 2022 Orders. In an effort to initiate talks to potentially resolve the issues relevant to the CMFN Appeal, we forwarded on Friday last week a detailed proposal to counsel for the Sacklers, and same copied upon Debtors' lead bankruptcy counsel and the United States Trustee. We have heard no response from Sackler counsel to date.

The CMFN understand that the Sacklers' (and the Debtors') initial and principal mediation focus may be the Nine States.  We believe that the CMFN issues are in many ways unique and in some ways may be more complex.  We request and consent to Mediation as described in the recent Mediation Orders, either before Judge Chapman (among or without the Nine States) or if there are concerns that the CMFN involvement may delay or hinder the negotiations with the Nine States, then we request and are willing to move forward with separate mediation through Kenneth Feinberg, Esq., who I also understand has significant experience in these matters.

We are concerned that the issues raised by the CMFN at Confirmation and on Appeal do not go away even if (as we hope) a resolution is achieved with the Nine States. Even if direct participation or a separate mediation is not recommended by your Honors, at a minimum the CMFN request an observational role in the pending Mediation, insofar as any resolution therein impacts the CMFN, and perhaps could form the basis for a separate resolution.

                                Respectfully Submitted,
                                LITE, DEPALMA, GREENBERG & AFANADOR LLC
                                /s/ Allen J. Underwood II
                                ALLEN J. UNDERWOOD II

AJU:lr
cc:      Clients – Via E-mail   [CC's CONTINUED ON NEXT PAGE]

---

[5] "5. Additional parties in interest other than the Mediation Parties (the "Additional Parties") may participate voluntarily in the Mediation in response to a request from the Mediator or further order of this Court. The Mediator may request that the Court order any Additional Parties to attend the Mediation, and nothing herein limits any Mediation Party's rights with respect to the ability to make such a request of the Court. The Court's determination of such request will be based on its assessment of whether granting such request will facilitate resolution of the Mediation Topic. In such event, appropriate notice and a hearing shall be provided. All Additional Parties shall become subject to all of the provisions of this Order and shall agree to be bound by the Protective Order."

[6] "2. The Mediation Procedures Order will set forth the terms and conditions of the foregoing mediation; provided that, subject to the terms of such Order, the Mediator shall have the discretion to add any party in interest in these cases as a Mediation Party, including, for example, as a consulting party, by filing notice thereof on the docket of these cases."

**Counsel for the Raymond Sackler Family**
Gregory P. Joseph, Esq. gjoseph@JHANY.COM
Mara Leventhal, Esq. mleventhal@JHANY.COM
Gerard Uzzi, Esq. guzzi@milbank.com
Alexander B. Lees, Esq. alees@milbank.com

**Counsel for the Mortimer D. Sackler Family and Beacon Company**
Jasmine Ball, Esq. jball@debevoise.com
Maura Kathleen Monaghan, Esq. mkmonaghan@debevoise.com
Jeffrey J. Rosen, Esq. jrosen@debevoise.com

**Nine Appellant States and DC Counsel**
Irve J. Goldman, Esq. (igoldman@pullcom.com)
Matthew Gold, Esq. (mgold@kkwc.com)
Robert Tuchman, Esq. (RTuchman@kkwc.com)
Brian Edmunds, Esq. (bedmunds@oag.state.md.us)
Sara Tonnenson, Esq. (stonnesen@oag.state.md.us)
Tad O'Neil, Esq. (Tad.ONeill@atg.wa.gov)
Kathleen Konopka, Esq. (Kathleen.Konopka@dc.gov)
Bernard Eskandari, Esq. (Bernard.Eskandari@doj.ca.gov)
Judith Fiorentini, Esq. (Judith.Fiorentini@doj.ca.gov)
Neil Kelly, Esq. (nkelly@riag.ri.gov)
Stephen Provazza, Esq. (sprovazza@riag.ri.gov')
Kate Sabatini, Esq. (KSabatini@riag.ri.gov)
Jill Abrams, Esq. (jill.abrams@vermont.gov)
Jillian Lazar, Esq. (jillian.lazar@delaware.gov)
Owen Lefkon, Esq. (owen.lefkon@delaware.gov)
Marion Quirk, Esq. (Marion.Quirk@delaware.gov)

Marshall Huebner, Esq. **(Debtors' Counsel)**
William Harrington, Esq. **(United States Trustee for the Southern District of New York)**