UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| CREDITOR, PRO SE | CHAPTER 11 |
| --- | --- |
| V. | CASE NO: 19-23649 |
| PURDUE PHARMA L.P. ET. AL, | MOTION = EXTENSION OF TIME |
| DEBTORS | "BAR DATE" REQUEST |

I
JURISDICTION AND VENUE

1.) THIS IS A CHAPTER (11) BANKRUPTCY CASE CLAIM IN WHICH THE CREDITOR LARRY DALE EUJENE, BEGS THIS GREAT COURT FOR HIS CLAIM TO BE RECOGNIZED AS BEING FILED TIMELY. THIS COURT HAS THE AUTHORITY UNDER THE FEDERAL RULE OF BANKRUPTCY PROCEDURE 9006 (B.) (1.). THIS CREDITOR IS REQUESTING FOR WHAT CONSTITUTES AS "EX-CUSABLE NEGLECT" TO BE APPLIED TO HIS CLAIM. THIS CREDITORS PERSONAL INJURY CLAIMANT PROOF OF CLAIM FORM (CLAIM NO: 628425) WERE FILED BY THE PURDUE PHARMA CLAIMS PROCESSING CENTER AFTER THE JULY 30, 2020, BAR DATE.

II. FACTS

2.) THE GLOBAL PANDEMIC HAS SLOWED AND HALTED MY LIFE. DUE TO THE NATION WIDE LOCK DOWN MY ABILITY TO COMMUN-ICATE AND CORRESPOND HAS BECOME HINDERD AND ALSO COME TO A STANDSTILL AND AT TIMES THIS WAS OUT OF MY CONTROL.

AT THE TIME THIS CREDITOR TRIED TO AQUIRE THE REQUIRED CLAIM DOCUMENTS THE UNITED STATES POSTAL SERVICE WAS LACKING IN FUNDS AND DUE TO THAT THE AFFECTED STATES

WERE INFORMED MAIL WOULD BE LATE FOR OUTGOING AND INCOMING. THIS DELAY TRANSPIRED AT THE SAME TIME AND SEVERAL MONTHS PRIOR TO AND AFTER THE COURTS NEW "BAR DATE". THIS WAS OUT OF MY CONTROL.

    I AM CURRENTLY INCARCERATED AND HAVE BEEN IN SINCE JANUARY 2nd OF 2019 IN WASHINGTON STATE. HERE I ONLY RECEIVE TWO HOURS OF OUT TIME A DAY AND "NO" PUBLICATIONS EXCEPT U.S.A. TODAY. THAT HAS TO BE PURCHASED FROM AN OUTSIDE VENDER. I AM AN INDEGENT INMATE SO I AM UNABLE TO PURCHASE U.S.A. TODAY. I AM IGNORANT TO WHAT IS TRANSPIRING IN THE OUTSIDE WORLD. AS SOON AS I COULD I SENT A REQUEST FOR FORMS TO THE PURDUE PHARMA CLAIMS CENTER C/O PRIME CLERK ON OR ABOUT THE MONTH OF OCTOBER, 2021. I RECEIVED AN ACKNOWLEDGMENT ON 10-26-2021 AND MY PROOF OF ACCEPTANCE IS MY CLAIM NO: 628425.

    I LARRY DALE EVJENE DID ATTEMPT TO FILE MY CLAIM FORMS IN THE FASTEST TIME FRAME POSSIBLE. WITH REGARDS TO MY CURRENT INCARCERATION AND CONSTANT STATE OF LOCK-DOWNS. THE GLOBAL PANDEMIC PUT EVERYTHING OUT OF MY CONTROL.

### III LEGAL CLAIMS

THE CREDITOR, LARRY DALE EVJENE, ALLEGES THAT HE ATTEMPTED TO FOLLOW THE COURTS REQUIREMENTS AND RULES AS BEST AS HE WAS PHYSICALLY CAPABLE OF DOING IN RESPECT TO HIS CURRENT INCARCERATION. THIS CREDITOR "ACTED IN GOOD FAITH" (FED RULES BANKR. PROC. RULE 9006 (B.)(1.) 11 U.S.C.

CUI GUF (LUX) MASTER S.A.R.L. V. LEHMAN BROS. HOLDINGS INC. 445 B.R. 137 (S.D.N.Y. 2011).

THE CREDITOR IS THE MOVANT REQUESTING FOR THE ACCEPTANCE OF THIS CLAIMS EXTENSION OF BAR DATE SO THIS CREDITORS CLAIM MAY BE RECOGNIZED AS TIMELY.

EXCUSABLE NEGLECT STANDARD THAT GOVERNS A CREDITORS ABILITY TO FILE A PROOF OF CLAIM AFTER THE EXPIRATION OF THE CLAIM BAR DATE IS A FLEXIBLE ONE. AND EXCUSABLE NEGLECT MAY INCLUDE INADVERTENCE, MISTAKE OR CARELESSNESS. AS WELL AS INTERVENING CIRCUMSTANCES BEYOND THE CREDITORS CONTROL. (FED. R. BANKR. P. 9006(B).(1.). IN RE MOTORS. LIQUIDATION COMPANY, 576 B.R. 761 (BANKR S.D. N.Y. 2017). UNDER THE EXCUSABLE NEGLECT STANDARD GOVERNING THE FILING OF LATE PROOFS OF CLAIM,

CONGRESS PLAINLY CONTEMPLATED THAT COURTS WOULD BE PERMITTED, WHEN APPROPRIATE, TO ACCEPT LATE FILINGS CAUSED BY INADVERTANCE, MISTAKE, OR CARELESSNESS AS WELL AS BY INTERVENING CIRCUMSTANCES BEYOND A PARTY'S CONTROL. (FED. B. BANKR. P. 9006(B). IN RE ENERGY FUTURE HOLDINGS CORP., 619 B.R. 99 (BANKR. D. DEL. 2020).

## IV PRAYER FOR RELIEF

WHEREFORE, CREDITOR RESPECTFULLY PRAYS THAT THIS COURT ENTER JUDGMENT GRANTING THE RECOGNIZITION OF A PERSONAL INJURY CLAIMANT PROOF OF CLAIM FORM.

4.

DATED THIS 12TH DAY OF JANUARY, 2022.

RESPECTFULLY SUBMITTED

VERIFICATION

I HAVE READ THE FOREGOING AND HEREBY VERIFY THAT THE MATTERS ALLEGED THEREIN ARE TRUE. EXCEPT AS TO MATTERS ALLEGED ON INFORMATION AND BELIEF, AND, AS TO THOSE I BELIEVE THEM TO BE TRUE.
I CERTIFY UNDER PENALTY OF PURJURY THAT THE FOREGOING IS TRUE AND CORRECT.

S/: Larry Dale Evjene
LARRY DALE EVJENE

THANK YOU!