**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

In Re: Purdue Pharma, LP, et al,    )    Chapter 11
                                    )    Case no. 19-23649
                        Debtors,    )    (Jointly Administered)

---

### EMERGENCY MOTION FOR AN INJUNCTION OF MEDIATION
### and
### IMMEDIATE HEARING

**COMES NOW**, Ellen Isaacs, Pro Se, on behalf of all similarly situated persons in the United States, her deceased son Patrick Ryan Wroblewski and herself moves this Court to schedule an immediate hearing prior to the completion of the mediation process that is scheduled to terminate on 2/1/2022 and immediate injunction of mediation based upon the following findings of fact:

1. Honorable Colleen McMahon reversed Honorable Robert Drain's confirmation of the settlement agreement on appeal.
2. On January 3, 2022 Honorable Robert Drain entered an order appointing Honorable Shelley Chapman to mediate a modified settlement agreement (Docket #4260).
3. Also on January 3, 2022 Honorable Judge Drain entered an order with the parameters for mediation and did not include all parties to participate (Docket #4261).
4. Arik Preis, Esq. of the U.C.C. contacted Ellen Isaacs by cell phone and advised her to review paragraph five (5) of of Docket #4261 and explained how to request participation in mediation.
   "Additional parties in interest other than the Mediation Parties (the "Additional Parties") may participate voluntarily in the Mediation in response to a request from the Mediator or further order of this Court. The Mediator may request that the Court order any Additional Parties to attend the Mediation, and nothing herein limits any Mediation Party's rights with respect to the ability to make such a request of the Court. The Court's determination of such request will be based on its assessment of whether granting such request will facilitate resolution of the Mediation Topic. In such event, appropriate notice and a hearing shall be provided. All Additional Parties shall become subject to all of the provisions of this Order and shall agree to be bound by the Protective Order."
5. On January 6, 2022, in accordance with Honorable Robert Drain's order and upon the advice of Arik Preis, Esq. of the U.C.C., Ellen Isaacs submitted a letter to Honorable Shelley Chapman requesting participation in mediation (Docket #4271).
6. As of this date, Honorable Shelley Chapman has not responded to said letter in paragraph five (5).

7. Pursuant to the Bankruptcy Rule of Law 9019-5 this Court has once again violated Ellen Isaacs' due process in this matter, the 14th Amendment of the U.S. Constitution and the Bankruptcy Rules of Law.
8. Ellen Isaacs would like to remind this Court they are bound by Rule 9019-5, specifically:

    3. The Mediation Process.

i. <u>Time and Place of Mediation Conference</u>. After consulting with all counsel and "**pro se**" parties, the mediator shall schedule a time and place for the mediation conference that is acceptable to the parties and the mediator. Failing agreement of the parties on the date and location for the mediation conference, **the mediator shall establish the time and place of the mediation conference on no less than twenty one (21) days' written notice to all counsel and "pro se" parties.**

ii. <u>Submission Materials</u>. Unless otherwise instructed by the mediator, not less than seven (7) calendar days before the mediation conference, each party shall submit directly to the mediator and serve on all counsel and "**pro se**" parties such materials (the "Submission") as the mediator directs. The mediator shall so direct not less than fourteen (14) days before the mediation conference. Prior to the mediation conference, the mediator may talk with the participants to determine what materials would be helpful. The Submission shall not be filed with the Court and the Court shall not have access to the Submission.

9. Neither Honorable Robert Drain or Honorable Shelley Chapman are adhering to the Bankruptcy Rules of Procedure.

10. This is not the first time during this particular case that Honorable Robert Drain has overreached his authority of the Law. Hence, why Honorable Colleen McMahon reversed the confirmation of the settlement due to the widespread third party releases.

11. This case is like de ja' vu of that of Lehman Brothers Case No. 08-13555 presided over by Honorable **Shelley Chapman**, Bernard L. Madoff Investment Securities LLC (BLMIS) Case No. 09-1197 presided over by Burton R. Lifland who also oversaw the **Manville Case**, and Nine West Holdings Case No. 18-10947 presided over by Honorable **Shelley Chapman**. These are just a few examples and all were **ponzi schemes** with **fraudulent conveyance** that caused irreparable harm to the public and **all were litigated in the New York Southern District Bankruptcy Court**.

12. As cited in Judge Lifland's profile - "When Judge Lifland was appointed to the bench in March 1980, the Bankruptcy Reform Act of 1978, also known as the Bankruptcy Code, was just taking hold. Judge Lifland fondly recalls as "**fun**" those early days of construing the new Bankruptcy Code along with his pioneering colleagues, such as Judge Ralph Mabey and Judge Roy Babbitt". Since when did one public safety emergency after another behind Corporate

Fraud become fun to the Judge's that are appointed to protect the American People? It is apparent that Judge Lifland and the other Judge's he was having fun with paved the way in the NYSD Bankruptcy Court for decades of Public harm. These Judge's and the parties involved today in the NYSD Bankruptcy Court other than Honorable Colleen McMahon that were having fun have now aided and abetted in over 101k Americans deaths in 2021, and this is not a final accounting. This number is included in the over 1M reported deaths since 1999.

13. Due to the foregoing, it is questionable as to why Honorable Robert Drain chose Honorable Shelley Chapman to mediate another mega case full of **FRAUD**. Especially given the fact that Honorable Shelley Chapman's retirement date is June 6th, 2022 and Honorable Robert Drain publicly announcing on September 30, 2022 his very own retirement eight (8) years early to occur on June 30, 2022 twenty-four (24) days after Honorable Shelley Chapman.

### **PRAYER FOR RELIEF**

WHEREFORE, by reason of the foregoing, Ellen Isaacs on behalf of the all U.S. persons similarly situated, her deceased son Patrick Ryan Wroblewski and herself respectfully requests that this Court enter a Judgment as follows:

(a) awarding Ellen Isaacs and all persons similarly situated in the U.S. an immediate injunction in the mediation proceedings.
(b) requiring Honorable Robert Drain to transfer the mediation to a Judge that has not participated in overseeing ponzi schemes and will follow the Bankruptcy Rules of Law.
(c) awarding Ellen Isaacs and all similarly situated pro se litigants to participate in future mediation following this injunction.
(d) requiring this Court to adhere to Rule 9019-5 (c) 1 & 2 and the provisions stated within.
(e) requiring this Court to consult with the USAG Merrick Garland and President Biden.
(f) awarding Ellen Isaacs $1M to be put in an account for harm reduction, clothing, food and shelter for the afflicted and grief services for the public to begin the Nationwide Recovery Process.
(g) awarding Ellen Isaacs such other and further relief as this Court deems just and proper.

Dated: January 21, 2022                                              /s/ Ellen Isaacs

                                                                    Ellen Isaacs, Pro Se