UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **In re:** | Chapter 11 |
| **PURDUE PHARMA L.P.,** *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

### ORDER ON MOTIONS TO PARTICIPATE IN MEDIATION

This order addresses (1) a pleading dated January 20, 2022 submitted to the Clerk's Office for filing by Maria Ecke and (2) a pleading dated January 21, 2022 submitted to the Clerk's Office for filing by Ellen Isaacs, both appearing *pro se*. Both pleadings (the "Motions") seek entry of an order directing that the movant be included as a participant in the mediation directed by the Court's Orders dated January 3, 2022; Ms. Isaac's pleading, denominated as an emergency motion, also seeks an injunction of that mediation.[2]

Paragraph 1 of this Court's January 3, 2022 Order Appointing the Honorable Shelley C. Chapman as Mediator appointed Judge Chapman to mediate the "Mediation Topic," namely, as

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] A third request to participate in mediation was filed by Amanda Morales, *pro se*, on January 18, 2022 [Dkt. No. 4289]. Ms. Morales' request, however, does not appear to seek to participate in the mediation directed by the January 3, 2022 Orders but, rather, to request that the allowance of her claim be separately mediated. As the Court previously ruled on Ms. Morales' prior request to have her claim allowed, however, it is premature to focus on the allowance of the many individual claims filed in these cases, which would include mediation regarding the merits of those claims. If, notwithstanding the Court's reading of Ms. Morales' motion, Ms. Morales does in fact request to participate in the mediation directed by the Court's January 2, 2022 Orders, that request is denied for the same reasons, set forth below, that Ms. Ecke's and Ms. Isaac's requests are denied hereby.

defined in that Order, whether the eight state former appellants and the District of Columbia on the one hand (the "Nine") and the Covered Parties on the other (together defined in the Order as the "Mediation Parties") "can agree on a modification of the Plan so that such modified Plan can promptly become effective."  Paragraph 5 of the Court's January 3, 2022 Order Establishing Terms and Conditions of Mediation Before the Honorable Shelley C. Chapman provides that, in addition to the Mediator's ability to request that the Court order any Additional Parties to attend the Mediation, "nothing limits any *Mediation Party's* rights to make such a request of the Court. . . . In such event, appropriate notice and a hearing shall be provided." (Emphasis added.)

The Court has not received a request from the Mediator to add Ms. Ecke or Ms. Isaacs as an Additional Party to the Mediation, and under the two Orders, discussed above, governing the Mediation, they do not have the right to seek an order of the Court including them in it, as they are not Mediation Parties.  The Mediation Topic does not involve their claims; it involves the Nine's claims against the Covered Parties and whether agreement can be reached with the Covered Parties regarding those claims that might enable a modification of the Plan to become promptly effective.  Nothing precludes negotiations between the movants and anyone else, but the Court's January 3, 2022 Orders directing mediation were addressed at a specific set of issues and parties in these cases and not to all parties in interest and their different issues. Accordingly, it is hereby

**ORDERED**, that the Motions are denied.

Dated: White Plains, New York
January 21, 2022

*/s/Robert D. Drain*
UNITED STATES BANKRUPTCY JUDGE