UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: ) | |
| ) | |
| PURDUE PHARMA L.P., *et al.* ) | Chapter 11 |
| ) | |
| Debtors ) | Case No. 19-23649 (RDD) |
| ) | |
| PURDUE PHARMA L.P., *et al.* ) | (Jointly Administered) |
| ) | |
| Plaintiffs. ) | |
| ) | Adv. Pro. No. 21-07005 (RDD) |
| vs. ) | |
| ) | |
| AIG SPECIALTY INSURANCE ) | |
| COMPANY (F/K/A AMERICAN ) | |
| INTERNATIONAL SPECIALTY LINES ) | |
| INSURANCE COMPANY), *et al.* ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT NAVIGATORS SPECIALTY INSURANCE COMPANY'S
SECOND SET OF REQUESTS TO PRODUCE TO PLAINTIFFS**

Navigators Specialty Insurance Company ("Navigators") requests Plaintiffs, Purdue Pharma L.P., Purdue Pharma Inc., Purdue Pharma Manufacturing L.P., Purdue Pharmaceuticals L.P., Purdue Transdermal Technologies, L.P., Purdue Pharmaceutical Products L.P., Purdue Pharma of Puerto Rico, Rhodes Pharmaceuticals L.P., Rhodes Technologies, Avrio Health L.P., the Official Committee of Unsecured Creditors, and the Ad Hoc Committee of Governmental and Other Contingent Litigation Claimants to answer the Second Set of Requests to Produce pursuant to Federal Rule of Civil Procedure 34 and Federal Rule of Bankruptcy Procedure 7034. Responses shall be served within thirty (30) days after service of these Requests.

**DEFINITIONS**

1. "Communication(s)" means any transmission of information (in the form of facts, ideas, inquiries, or otherwise), orally, by Documents, or by any other medium, including

Communications, discussions, interviews, meetings, and conferences and whether in person or by some other medium, including without limitation telephone, letter, memorandum, telegram, teletype, telex, mailgram, facsimile, electronic mail, computer, or word processing system.

2. "Describe" means: (i) when referring to a Document stating the title, subject, or file name, date, originator, addressee, and a brief description of the subject matter therein; and (ii) when referring to an event or transaction, stating the date, the names of the Persons participating, the time of day, the place, and a brief description of all occurrences, statements, and Communications continuous with and pertaining to that event.

3. "Document(s)" means any written, typed, printed, recorded or graphic matter, however produced or reproduced, of any type or description, regardless of origin or location, in Your actual or constructive possession, custody, or control and whether prepared, published, or recorded by You or by any other Person or entity, including without limitation all correspondence, records, tables, charts, analyses, graphs, schedules, reports, memoranda, notes, lists, calendars, telexes, messages (including, but not limited to, reports of telephone Communications and conferences), studies, books, periodicals, magazines, booklets, circulars, bulletins (including, but not limited to, inter-office and intra-office communications), material safety data sheets, questionnaires, contracts, agreements, assignments, licenses, certificates, permits, ledgers, books of account, accounting and financial records, orders, invoices, statements, acknowledgements, bills, bills of lading, data processing cards, computer-generated matter, photographs, photographic negatives, phonograph recordings, transcripts or logs of recordings, electronically stored information, all other data compilations from which information can be obtained or translated, reports and/or summaries of investigations, expressions or statements of policy, opinions or reports of consultants, lists of Persons attending meetings, drafts and revisions of drafts of any Documents, invoices, receipts, and original

preliminary notes. If a Document has been prepared in several copies or additional copies have been made, or copies are not identical (or by reason of subsequent modification, by the addition of notations or other marginalia, are no longer identical), each non-identical copy is a separate Document.

4. "Identify" means: (i) when applied to a natural person, to state the full name, job title, and present or last known address and telephone number of the Person; (ii) when applied to a company or business, to state the company's full name, telephone number and address; and (iii) when applied to a Document(s) means to set forth the: (a) type of Document(s); (b) general subject matter; (c) date created; and (d) authors(s), addressee(s) and recipients(s).

5. "Person" means any natural Person, corporation, partnership, proprietorship, association, joint venture, governmental or other public entity, or any other form of organization or legal entity, and all their officials, shareholders, directors, officers, managers, employees, representatives, successors, subsidiaries, assigns, and agents.

6. "Navigators" means Navigators Specialty Insurance Company and its employees, agents and representatives.

7. "Plaintiffs" means Purdue Pharma L.P., Purdue Pharma Inc., Purdue Pharma Manufacturing L.P., Purdue Pharmaceuticals L.P., Purdue Transdermal Technologies, L.P., Purdue Pharmaceutical Products L.P., Purdue Pharma of Puerto Rico, Rhodes Pharmaceuticals L.P., Rhodes Technologies, Avrio Health L.P., the Official Committee of Unsecured Creditors, and the Ad Hoc Committee of Governmental and Other Contingent Litigation Claimants.

8. "Purdue" means Purdue Pharma L.P., the Purdue Frederick Company, and their predecessors, successors, employees, directors, officers, agents and representatives.

9. The "2017 Rhodes Policy" means Policy No. NY17LGL786201NC issued by Navigators to Rhodes Pharmaceuticals, L.P., effective October 1, 2017 to October 1, 2018.

10.    The "Rhodes Entities" means Rhodes Pharmaceuticals L.P., Rhodes Pharmaceuticals, Inc., Rhodes Technologies, and Rhodes Technologies, Inc. and any of their partners, employees, agents, independent contractors, and all other Persons acting on their behalf.

11.    "You" and "Your" mean Plaintiffs.

## INSTRUCTIONS

For purposes of these Requests only, the following instructions apply:

1.    Each of these definitions and instructions shall be fully applicable to each Request, notwithstanding that an instruction or definition may, in whole or in part, be reiterated in a particular Request or that a particular Request may incorporate supplemental instructions or definitions.

2.    Unless otherwise defined herein, all words and phrases used in these Requests are to be given their plain, customary, and usual meaning.

3.    The use of the words "include(s)" and "including" shall be construed to mean without limitation.

4.    Whenever appropriate, the singular form of a word shall also be interpreted as a plural, and the plural form of a word shall also be interpreted as singular. "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring information within the scope of these Requests.

5.    The word "any" includes the word "all" and the word "all" includes the word "any."

6.    In responding to these Requests, You are required to obtain and furnish all information, including hearsay, that is available to You and any of Your representatives, employees, agents, servants, or attorneys, and to obtain and furnish all information that is in Your possession or under Your control, or in the possession or under the control of Your representatives,

employees, agents, servants, or attorneys.

7. If You are unable to answer any of the Requests completely, after exercising due diligence to secure the information necessary to provide a complete answer, so state and answer each such Request to the fullest extent possible. Specify the extent of Your knowledge and Your inability to answer the remainder, and set forth whatever information or knowledge You have regarding the unanswered portions and the efforts You made to obtain the requested information.

8. If You believe that any of the following Requests calls for an assertion of a claim of privilege, answer so much of the Request as is not objected to, and set forth, with respect to each such Request as to which a claim of privilege is asserted, the nature of the privilege claims (e.g., attorney-client, work product, etc.) and the basis for Your claim. For each Request or part of a Request as to which You claim privilege, state:

    a. The date thereof;

    b. The type, title, and subject matter of the Request or Document sufficient to assess whether the assertion of privilege is valid; and

    c. A detailed statement of the basis for the privilege claim, including facts establishing any claim of privilege, facts showing that the privilege has not been waived, and the status of the Person claiming the privilege.

9. If, for reasons other than a claim of privilege, You refuse to answer any Request, please state the grounds upon which the refusal is based with sufficient specificity to permit a determination of the propriety of such refusal.

10. If You at any time had possession of information responsive to these Requests that has been lost, destroyed, purged, or is not presently in Your possession or control, then:

    a. Identify the subject matter of this information;

  b. State the date of its loss, destruction, purge, or separation from Your possession or control;

  c. State the circumstances surrounding its loss, destruction, purge, or separation from Your possession or control; and

  d. State its present or last known location, including the name, address, and telephone number of each Person believed to have possession of such information.

11. The singular is intended to be construed to include the plural and vice versa, and words stated in the present tense should be construed to include the past and future tenses.

12. These Requests are of a continuing nature. You are under a continuing obligation to respond to these Requests and supplement them if Your responses change, or if more information becomes available to You. Such supplemental response shall be made not later than thirty days after receipt of the new information or Documents are discovered or obtained or ten days prior to trial or hearing, whichever is earlier.

Navigators reserves the right to serve supplemental and additional Requests.

## REQUESTS TO PRODUCE

1. All pleadings, dispositive motions, and expert reports from the following lawsuits that relate to claims against, or defenses of, the Rhodes Entities in such lawsuits:

  a. *Alaska v. Purdue Pharma L.P.,* Case No. 3AN-17-09966, Superior Court for the State of Alaska, Third Judicial District;

  b. *Montana v. Purdue Pharma L.P.*, ADV-2017-949, Montana First Judicial District Court, Lewis & Clark County;

  c. *Rhode Island v. Purdue Pharma L.P.*, C.A. No. PC2018-4555, State of Rhode Island, Providence Superior Court;

  d. *Arkansas v. Purdue Pharma L.P.*, 2018-CV-268, Crittenden County, Arkansas;

  e. *Mayor & City Council of Baltimore v. Purdue Pharma L.P.,* No.: 24C18000515, Circuit Court of Maryland, Baltimore;

  f. *In re Opiate Litig.,* Index No. 400000/2017, Supreme Court, New York;

  g. *Consumer Protection Division, Office of the Attorney General v. Purdue Pharma L.P., et al.,* CPD Case No. 311366, Consumer Protection Division of the Office of the Attorney General of Maryland; and

  h. *City of Martinsville, Va. v. Purdue Pharma L.P., CL18-000240-00,* Circuit Court for the City of Martinsville, Va.

2. All Communications between the Rhodes Entities (or their counsel) and the plaintiffs (or their counsel) in the lawsuits against the Rhodes Entities identified in Request No. 1, *In re National Opiate Litigation*, 1:17-MDL-2804-DAP (N.D. Ohio) and *New York v. Purdue Pharma L.P.*, Index No. 400016/2018, New York Supreme Court, Suffolk County.

3. All Documents or Communications You may use to support Your claim that Navigators has a duty to defend and/or indemnify one or more of the Plaintiff-Debtors under the 2017 Rhodes Policy.

Dated: January 21, 2022          /s/ Colleen P. Sorensen

                    Joseph A. Hinkhouse
                    Colleen P. Sorensen
                    Hinkhouse Williams Walsh LLP
                    180 N. Stetson Avenue, Suite 3400
                    Chicago, Illinois 60601
                    Telephone: (312) 784-5400
                    Facsimile: (312) 784-5499
                    jhinkhouse@hww-law.com
                    csorensen@hww-law.com

                    *Attorneys for Navigators Specialty Insurance Company*