**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| PURDUE PHARMA L.P., *et al.*, | : | Bankruptcy Case No. 19-23649 (RDD) |
| Debtors. | : | (Jointly Administered) |
| Purdue Pharma L.P., *et al.*, | : | |
| Plaintiffs, | : | |
| v. | : | Adv. Pro. No. 21-07005 (RDD) |
| AIG Specialty Insurance Co (f/k/a American International Specialty Lines Insurance Company), *et al.*, | : | |
| Defendants. | : | |

**DEFENDANT NAVIGATORS SPECIALTY INSURANCE COMPANY'S**
**RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET**
**OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO ALL INSURERS**

Pursuant to Federal Rules of Civil Procedure 26 and 34 and Federal Rules of Bankruptcy Procedure 7026 and 7034, Defendant Navigators Specialty Insurance Company ("Navigators") hereby responds and objects to Plaintiffs' Second Set of Requests for Production of Documents to All Insurers ("Requests").

**GENERAL OBJECTIONS**

1.      Navigators incorporates its objections to Plaintiffs' First Set of Requests for Production of Documents to All Insurers served on Plaintiffs on July 21, 2021.

2.      Navigators objects to these Requests to the extent they seek documents, communications or information regarding policies issued to persons or entities other than Debtors on the ground that such information is not relevant to any party's claims or defenses, the production

of such information would be unduly burdensome, and the production of such information is disproportionate to the needs of this case.

3. Navigators objects to these Requests to the extent they seek documents, communications or information regarding policies underwritten or issued by any unit or department of Navigators other than Excess Casualty or Life Sciences on the ground that such information is not relevant to any party's claims or defenses, the production of such information would be unduly burdensome, and the production of such information is disproportionate to the needs of this case.

4. Navigators objects to these Requests to the extent they seek documents, communications or information regarding policies underwritten or issued by Excess Casualty prior to, or after, Fall 2016 on the ground that such information is not relevant to any party's claims or defenses, the production of such information would be unduly burdensome, and the production of such information is disproportionate to the needs of this case.

5. Navigators objects to these Requests to the extent they seek documents, communications or information regarding policies underwritten or issued by Life Sciences prior to, or after, Fall 2017 on the ground that such information is not relevant to any party's claims or defenses, the production of such information would be unduly burdensome, and the production of such information is disproportionate to the needs of this case.

6. Navigators objects to these Requests as vague and ambiguous to the extent responding requires it to interpret and apply policy terms to lawsuits. Navigators' objections and responses to the Requests are not an admission that any policy term applies, or does not apply, to any lawsuit.

7. Navigators objects to the Requests to the extent they request information or documents not within Navigators' possession, custody, or control.

8. Navigators objects to the definition of "Governmental Entity" as vague and ambiguous to the extent it is defined to include "quasi-governmental" entities.

9. Navigators objects to the Requests to the extent that they assume the truth of facts not proven or facts not in evidence or constitute an inaccurate characterization of the facts. Navigators does not admit, adopt, or acquiesce in any factual or legal contention, assertion, characterization, or implication that is contained in any of the Requests.

10. Navigators reserves all objections relating to the admissibility of evidence.

## SPECIFIC RESPONSES AND OBJECTIONS

**REQUEST NO. 1:** To the extent You have issued a liability Policy to any insured containing an endorsement that You contend excludes coverage for opioid-related claims brought by or on behalf of a Governmental Entity, copies of all such endorsements.

**RESPONSE:** Navigators objects to Request No. 1 on the grounds that it is vague and ambiguous to the extent it seeks copies of endorsements that "exclude[] coverage for opioid-related claims brought by or on behalf of a Government Entity." Navigators further objects to this Request on the ground that it seeks information not relevant to any party's claims or defenses, is overbroad and unduly burdensome, and seeks information disproportionate to the needs of this case. Navigators further objects to this Request on the ground that it seeks confidential information regarding Navigators' other policyholders, which Navigators is precluded from producing to Plaintiffs.

Subject to, and without waiving, its General and Specific Objections, Navigators states that it issued Policy No. SM16FXR884487IC to Purdue Pharma L.P. for the period from October 1, 2016 to October 1, 2017 (the "Navigators-Purdue Policy") and Policy No. NY17LGL786201NC

3

to Rhodes Pharmaceuticals L.P. for the period from October 1, 2017 to October 1, 2018 (the "Navigators-Rhodes Policy," and together with the Navigators-Purdue Policy, the "Navigators Policies"). The terms of the Navigators Policies are unambiguous and cannot be reasonably interpreted to extend coverage to "opioid-related claims brought by or on behalf of a Governmental Entity." Further answering, Navigators states that the Navigators-Purdue Policy incorporates the Products-Completed Operations Hazard Exclusion endorsement (Form No. CU1190812) contained in Policy No. UMB0008020 04 issued by North American Elite Insurance Company to Purdue Pharma L.P. (the "Lead Umbrella Policy"). This endorsement excludes coverage for all opioid-related claims, including those brought by or on behalf of a Governmental Entity.

Copies of the Navigators Policies and the Lead Umbrella Policy have been previously produced (see Bates No. NAV_00001-62 and NAE 00474-609), and Navigators will not produce further documents.

**REQUEST NO. 2:**   To the extent You have issued a liability Policy to any insured containing an endorsement that You contend excludes coverage for any claims brought by or on behalf of a Governmental Entity, copies of all such endorsements.

**RESPONSE:** Navigators objects to Request No. 2 on the grounds that it is vague and ambiguous to the extent it seeks copies of endorsements that "exclude[] coverage for any claims brought by or on behalf of a Government Entity." Navigators further objects to this Request on the ground that it seeks information not relevant to any party's claims or defenses, is overbroad and unduly burdensome, and seeks information disproportionate to the needs of this case. Navigators further objects to this Request on the ground that it seeks confidential information regarding Navigators' other policyholders, which Navigators is precluded from producing to Plaintiffs.

4

Subject to, and without waiving, its General and Specific Objections, Navigators states that it issued Policy No. SM16FXR884487IC to Purdue Pharma L.P. for the period from October 1, 2016 to October 1, 2017 (the "Navigators-Purdue Policy") and Policy No. NY17LGL786201NC to Rhodes Pharmaceuticals L.P. for the period from October 1, 2017 to October 1, 2018 (the "Navigators-Rhodes Policy," and together with the Navigators-Purdue Policy, the "Navigators Policies"). The terms of the Navigators Policies are unambiguous and cannot be reasonably interpreted to extend coverage to "opioid-related claims brought by or on behalf of a Governmental Entity." Further answering, Navigators states that the Navigators-Purdue Policy incorporates the Products-Completed Operations Hazard Exclusion endorsement (Form No. CU1190812) contained in Policy No. UMB0008020 04 issued by North American Elite Insurance Company to Purdue Pharma L.P. (the "Lead Umbrella Policy"). This endorsement excludes coverage for all opioid-related claims, including those brought by or on behalf of a Governmental Entity.

Copies of the Navigators Policies and the Lead Umbrella Policy have been previously produced (see Bates No. NAV_00001-62 and NAE 00474-609), and Navigators will not produce further documents.

**REQUEST NO. 3:** To the extent You have issued a liability Policy to any insured containing an endorsement described in Request Nos. 1 or 2, any filing, submission, request, or similar Document that You filed with or submitted to any state regulatory authority Concerning such endorsement.

**RESPONSE:** Navigators objects to Request No. 3 on the grounds that the descriptions of the endorsements in Requests Nos. 1 and 2 are vague and ambiguous. Navigators further objects to this Request on the ground that it seeks information not relevant to any party's claims or defenses, is overbroad and unduly burdensome, and seeks information disproportionate to the needs of this case. Navigators further objects to this Request on the ground that it seeks

5

confidential information regarding Navigators' other policyholders, which Navigators is precluded from producing to Plaintiffs. Navigators will not produce responsive documents.

**REQUEST NO. 4:** To the extent You have issued a liability Policy to any insured containing an endorsement described in Request Nos. 1 or 2, all Documents Concerning any such endorsements.

**RESPONSE:** Navigators objects to Request No. 4 on the grounds that the descriptions of the endorsements in Requests Nos. 1 and 2 are vague and ambiguous. Navigators further objects to this Request on the ground that it seeks information not relevant to any party's claims or defenses, is overbroad and unduly burdensome, and seeks information disproportionate to the needs of this case. Navigators further objects to this Request on the ground that it seeks confidential information regarding Navigators' other policyholders, which Navigators is precluded from producing to Plaintiffs. Navigators further objects to the extent this Request seeks documents protected from disclosure by the attorney-client privilege, work-product doctrine, common-interest privilege or any other applicable privilege or protection. Navigators will not produce responsive documents.

**REQUEST NO. 5:** To the extent You have issued a liability Policy to any insured containing an endorsement described in Request Nos. 1 or 2, all Communications Concerning any such endorsements.

**RESPONSE:** Navigators objects to Request No. 5 on the grounds that the descriptions of the endorsements in Requests Nos. 1 and 2 are vague and ambiguous. Navigators further objects to this Request on the ground that it seeks information not relevant to any party's claims or defenses, is overbroad and unduly burdensome, and seeks information disproportionate to the needs of this case. Navigators further objects to this Request on the ground that it seeks confidential information regarding Navigators' other policyholders, which Navigators is precluded from producing to Plaintiffs. Navigators further objects to the extent this Request seeks

communications protected from disclosure by the attorney-client privilege, work-product doctrine, common-interest privilege or any other applicable privilege or protection. Navigators will not produce responsive documents.

Dated: January 21, 2022                                    /s/ Colleen P. Sorensen

Joseph A. Hinkhouse
Colleen P. Sorensen
Hinkhouse Williams Walsh LLP
180 N. Stetson Avenue, Suite 3400
Chicago, Illinois 60601
Telephone: (312) 784-5400
Facsimile: (312) 784-5499
jhinkhouse@hww-law.com
csorensen@hww-law.com

*Attorneys for Navigators Specialty Insurance Company*