UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| PURDUE PHARMA L.P., *et al.*, | Case No. 19-23649 (RDD) |
| Debtors. | (Jointly Administered) |

## MEDIATOR'S SECOND INTERIM REPORT

Pursuant to paragraph 1 of the *Order Appointing the Honorable Shelley C. Chapman as Mediator*, dated January 3, 2022 [ECF No. 4260] (the "Appointment Order"), the Court appointed the Honorable Shelley C. Chapman as mediator (the "Mediator") to conduct a mediation (the "Mediation") between the Nine,[1] on the one hand, and the representatives of the Covered Parties, on the other hand (the Nine and the Covered Parties being the "Mediation Parties"), with respect to modifications of the Plan. By order dated January 13, 2022 [ECF No. 4286], the Court extended the Mediation to February 1, 2022. On January 31, 2022, the Mediator filed her Interim Report [ECF No. 4316], requesting an extension of the Termination Date to February 7, 2022. By order dated February 1, 2022 [ECF No. 4319], the Court extended the Termination Date to February 7, 2022. The Mediator respectfully submits this Second Interim Report in accordance with the terms of the *Order Establishing the Terms and Conditions of Mediation Before the Honorable Shelley C. Chapman*, dated January 3, 2022 [ECF No. 4261] (the "Mediation Terms and Conditions Order").

---

[1] Capitalized terms not otherwise defined herein have the meaning ascribed to them in the Mediation Terms and Conditions Order (defined below).

**Statement of Mediator**

1. Between January 3, 2022 and January 25, 2022, the Mediator conducted approximately 100 telephonic meetings with the Nine and the Covered Parties. The Mediator spoke both with counsel to the Covered Parties and directly with individual members of the Raymond Sackler family and Mortimer Sackler family (collectively, the "Sackler Families"). The Mediator also held dozens of calls with staff of the Nine and spoke directly on dozens of occasions to certain Attorneys General of the Nine. In addition, the Mediator held dozens of telephonic meetings with certain Additional Parties, including the Debtors, counsel to the Debtors, counsel to the Official Committee of Unsecured Creditors, counsel to the Ad Hoc Committee of Governmental and Other Contingent Litigation Claimants, counsel to the former Non-Consenting States[2] other than the Nine, and counsel to the Multi-State Governmental Entities Group. The Mediator exchanged hundreds of emails with the aforementioned parties.

2. In accordance with a strict COVID protocol, an in-person Mediation was conducted on January 25, 2022 (from approximately 8:30 a.m. until approximately 10:00 p.m.) and on January 26, 2022 (from approximately 8:30 a.m. until approximately 9:00 p.m.), with additional discussions between and among the Mediator and the Covered Parties continuing through the night of January 26, 2022. Two Attorneys General were present at the in-person Mediation; another Attorney General participated in the entirety of the in-person Mediation via Zoom; and another Attorney General was excused from the in-person Mediation by the Mediator because of important duties that required his presence in his home state. With respect to the Covered Parties, counsel for the Covered Parties attended the in-person Mediation.

---

[2] As defined in the *Mediator's Report* [ECF No. 3119] filed on July 7, 2021.

2

During the two days of the in-person Mediation, the Mediator also spoke directly to multiple members of the Sackler Families.

3. After the conclusion of the in-person Mediation, between January 27, 2022 and February 7, 2022, the Mediator conducted upwards of 150 telephonic meetings with the Nine and the Covered Parties, which meetings totaled approximately 110 hours of Mediation sessions. During this period of time, the Mediator exchanged dozens of emails with certain of the Additional Parties identified in paragraph 1 hereof. In the past several days, the Mediator conducted virtually round-the-clock negotiations between and among certain Attorneys General and staff of the Nine and the Covered Parties. In addition to the foregoing, the Mediator participated in a Zoom session with two members of the Official Committee of Unsecured Creditors, two members of the Ad Hoc Group of Individual Victims, and their respective counsel, during which the Mediator listened to the views of such parties.

4. The Mediator also conducted a one-and-a-half-hour Mediation session via Zoom attended by eight Attorneys General of the Nine and by staff of the Nine (one Attorney General was excused). In addition, in order to ensure that additional voices are included in the mediation process, the Mediator invited to such Mediation session certain Additional Parties (the two members of the Official Committee of Unsecured Creditors and two members of the Ad Hoc Group of Individual Victims mentioned above and their respective counsel) in which they presented their views to the broader group of governmental Mediation Parties convened.

5. At this juncture, the Mediator believes that the progress of the Mediation would be aided by greater participation by certain Additional Parties. If the extension requested herein is granted by the Court, the Mediator intends to increase the involvement of certain Additional Parties in the coming days.

6. Additional conclusions and disclosures permitted under the Mediation Terms and Conditions Order may follow in a subsequent report issued by the Mediator. In addition, in such subsequent report, the Mediator shall comply with her obligations under paragraph 14 of the Mediation Terms and Conditions Order, which obligations include the requirement that the Mediator file a notice with the Court setting forth whether the participants in the Mediation acted in good faith and whether and to what extent the Mediation was successful.

### Current Status of Mediation

7. As of the date hereof, the Mediation Parties are even closer to an agreement in principle that provides for certain material non-economic terms and substantial additional consideration incremental to the $4.325 billion provided for in the Plan – an incremental amount that would be used exclusively for abatement of the opioid crisis, including support and services for survivors, victims, and their families. The proposed settlement requires the agreement of all Mediation Parties. In order to conclude the negotiations and address a number of remaining issues, the Mediator respectfully requests a further extension of the Termination Date, *nunc pro tunc* to 11:59 p.m. on February 7, 2022, to February 16, 2022 at 5:00 p.m. EST.

Dated:   New York, New York
         February 8, 2022

                                             /s/ Shelley C. Chapman
                                             HONORABLE SHELLEY C. CHAPMAN