Vito Genna, Clerk
Office of the Clerk of the Court
United States Bankruptcy Court
300 Quarropas Street, Room 147
White Plains, New York, 10601

February 6, 2022

**Letter motion opposition
For Third Parties Release
Non-Debtors**

**Re: PURDUE PHARMA L.P., et al.,
Case No. 19-23649 (RDD)**

Dear Clerk,

Find copies of my letter motion in lieu of a more formal motion with attachments of court transcripts, document letters to be filed with the court and extra copy of just the letter motion stamp filed and returned back to me in the self-address envelope.

Also, a courtesy copy of same motion and attachment for the Chambers of Judge Robert D. Drain, U.S.B.J., and Judge Colleen McMahon, U.S.D.J., "My best regards for his efforts in the resolution of the Chapter 11 restructuring of the Purdue Pharma L.P., et al".

**Attachment to U.S. Trustee Office**

Regards

Ronald Bass, Sr.

cc: Attorneys for the Debtors
    U.S. Department of Justice
    U.S. Trustee Office
    See, Proof of Service to all parties

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---

In re:

**PURDUE PHARMA L.P. et al.,**

**Debtors**

---

**PURDUE PHARMA L.P. et al.,**

**Plaintiffs,**

v.

**COMMONWEALTH OF MASSACHUSETTS et al**

**Defendants**

---

**Chapter 11**

**Case No. 19-23649 (RDD)**

**(Jointly Administrated)**

**Amended Letter Motion
Opposing the Injunction
To Stay for Third Parties
Non-Debtors Release**

Dear Judge Drain, U.S.B.J.,

Find my letter motion in lieu of a more formal motion, as non-core bankruptcy proceeding against the debtors' injunction that it involves a contractual dispute with the debtor and the Shareholders and Stakeholders in the State of New Jersey, et al., willful misconduct that is related to the bankruptcy case.

This court never entered any finding of facts with any issues related to my Oxycotin and opioid claims and losses due to the conflict of interest and constitutional violations that of the shareholders and stakeholders public and private entities asserted in my tag-along claims with the Judicial Panel on MultiDistrict Litigations, also the United States Supreme Court Stated that a judge (Brain R. Martinotte, U.S.D.J. of New Jersey) should recues themselves when they have financial interest, family members or other judges' financial interest in the pharmaceutical industries manufacturing, distributing, marketing, and transporting opioid and its synthetics that was provided to me by the State of New Jersey Department of Human Services Medicaid Program.

Pursuant to **R.7026** of the U.S. Bankruptcy Rules would assist Judge Drain in his understanding of the motion opposition by reading and reviewing those court transcript and documents for the non-release of the third parties liabilities for defamation of character and violation of the spending clause of Title II and Title III contractual agreement with government under the American with Disabilities Act of 1990 and as amended; see 42 U.S.C. § 1981

Judge Martinotte, was a former State of New Jersey Judge (rollover investment of shares from the pharmaceutical financial gain and dividends into

his federal pension fund) as in the same employment status as defendant Garry J. Furnari and Jose Linares, moreover; Section 524(e) of title 11 of the United States Bankruptcy Code and Rule 1015 of the Federal Rules of Bankruptcy Procedures enjoin, Martinotte, Linares and Furnari in this adversary proceeding against the shareholders or continuation of their active judicial, administrative abuse of process or other actions or proceedings against this plaintiff, as well as the commencement or continuation of any other action against the non-debtors third parties shareholders alleging substantially similar facts or causes of action as those alleged in the joining states' for the non-release of third parties debtors.

I am asserting the defense of the United States Constitutional violations against the Reorganization of Purdue Pharma L.P., et al., motion for an injunction to stay for third parties release of the non-Debtors and Defendants; Even if I consent to Title 11 U.S.C. for the restricting the reorganization of Purdue Pharma L.P., et al., **§ 524(e)** doesn't authorize jurisdiction to the Bankruptcy Court to protect the willful misconduct of the Alter Ego of the State of New Jersey, et al., shareholders' and Stakeholders' defamation against this claimant that is causing me intentional harm, medical negligent and losses extending from May 1, 1992 until present under Essex County Surrogate Court aggregated conviction with receiving stolen property and **a federal and state criminal investigation of**

**'opioid illicit activities** alleged by the State of New Jersey, et al., shareholders and stakeholders, The Superior Court of New Jersey in Essex County, et al., acted under the color of law as a political subdivision of the State of New Jersey as an arm to defame my character by written statements, they're responsible for claims filed with the United States Judicial Panel on MultiDistrict Litigation, see:

*In re Am. Hardwoods, Inc., 885 F.2d 621, 626 (9th Cir. 1989) (holding "[s]ection 524(e), therefore, limits the court's equitable power under section 105 to order the discharge of the liabilities of nondebtors"); Resorts Int'l, Inc. v. Lowenschuss (In re Lowenschuss), 67 F.3d 1394, 1401 (9th Cir. 1995) ("This court has repeatedly held, without exception, that § 524(e) precludes bankruptcy courts from discharging the liabilities of non-debtors."); Underhill v. Royal, 769 F.2d 1426, 1432 (9th Cir. 1985) ("[T]he bankruptcy court has no power to discharge the liabilities of a nondebtor pursuant to the consent of creditors as part of a reorganization plan.").*

*Landsing Diversified Props.-II v. First Nat'l Bank and Trust Co. of Tulsa (In re W. Real Estate Fund, Inc.), 922 F.2d 592, 600–02 (10th Cir. 1990) (discussing section 523 policy, concluding "[o]bviously, it is the debtor, who has invoked and submitted to the bankruptcy process, that is entitled to its protections; Congress did not intend to extend such benefits to third-party bystanders").*

The United State District Court jurisdiction covers the finding that the shareholders and stakeholders are the alter ego of the State of New Jersey contract under the Spending clause of the Disabilities Act of 1990 and as amended there was improper conduct by the shareholders and their interest in accusing me of antisocial behavior(s) of drug use and criminal activities, which was used to mislead or avoid liabilities of the State of New Jersey as title II and title III public and private shareholders and stakeholders and their relationship to the State of New Jersey's Consume Fraud and False Claim Act against Purdue

Pharma, L.P., et al., The State of New Jersey's respondents superior liabilities of the May 1 1992 Surrogate Court aggregated conviction is a conspiracy under the probate proceeding to cause harm because of the acts of its shareholders and stakeholders, which is separate from Purdue Pharma L.P., et al.

The shareholders and stakeholders have accused me of drug related violent or aggressive anti-social behavior, see court transcript dated February 28, 2011, page 18, lines 15-16, 18-19 (Statement of New Jersey Deputy Attorney), court transcript dated November 2, 2011, page 4(line 21) to 5 (line 1-8) page 5(line 11 to page 6 all of page 6 and 7) on page 22, line 15 to line 19 (I was denied the right's In the Matter on an order to provide ancillary services, see 600 A. 2d 459, 126 NJ 486 (1991), In re: Stockling was reverse by Cannady id 486; also see court transcript dated January 10, 2012 (all of pages 22 and 23), see letter sent to me by Dr. Eric Kirschner, Ph.D dated September 6th 2011, certificate of parenting skills (as if I need it) dated February 28, 2012, as a lost of employment with the New York/New Jersey Shipping Association, Inc., Port Employees and Ocean Carries, dated April 9, 2015 from Susan Winfree, Vice President, Workforce Development driver abstract stated I was in good standing, also I completed a course in Powered Industrial Lift Trucks, background check for TWIC to enter on the Port or Longshoremen employment and letter I sent to Ms. Winfree of

Workforce dated April 21, 2015; communication between me, Honda and Kelli Davis of CastleBranch, Inc. of background checks, August 25, 2015, September 22, 2015, CastleBranch, dated November 5, 2015 October 7, 2015, Certification of Statement (lost of employment with Honda Car Dealership); refer to the court transcript hearing dated November 30, 2011 United States District Court, Southern District of New York, all pages but specifically pages 103 to 104, line 1 Judge Brain R. Martinotte unethical conduct to shield a conflict of interest of shareholder and stakeholders for third parties non-debtors release and liabilities for the willful misconduct of committing due process violation and fraud upon the integrity of the federal and states court systems* by allowing the shareholders and stakeholders to trespass on the U.S. Constitution and **New Jersey 1947 Constitution of Property and Liberty Interest, see letter dated October 25, 2021, from the Executive Office of the United States Attorneys.

Ronald Bass, Sr.

**The U.S. Bankruptcy Court isn't authorized under § 524(e) of U.S.C. Title 11**

* *"14th and the 5th Amendment of U.S. Constitution "Guarantees one can't be deprive of life or liberty or property without due process of law".*

** *"New Jersey 1947 Constitution, Article 1 Par. 1 commends in other terms the defense of Property and liberty interest".*

William K. Harrington, et al.,
United States Trustee's Office
United States Department of Justice
U.S. Federal Office Building
201 Varick Street, Room 1006
New York, New York 10014

January 16, 2022

**Re: 21-cv-7585-CM**

**In re: PURDUE PHARMA, L.P., et al.,**

**(Jointly Administrate)**

(rel: 21-cv-7885 (CM)
21-cv-7961(CM)
21-cv-7962(CM)
21-cv-7966(CM)
21-cv-8034(CM)
21-cv-8042(CM)
21-cv-8049(CM)
21-cv-8055(CM)
21-cv-8139(CM)
21-cv-8258(CM)

Dear Trustee(s);

Provide me with the method or arrangements that the United States Trustee's Office have in place to compensate claimants for injuries, sufferings and losses related to opioid addictions do to the Purdue Pharma, L.P., et al., corporate actions under the Federal and States False Claim Acts as reference above and the willful misconduct of the "shareholders/stakeholders" actions trespassing **Inter alia** for political objectives interest of the non-debtors third parties liabilities of willful misconduct of defamation of my character as reflected in my Tag-along complaint and the rehabilitation services provide to me pursuant to 42 U.S.C. § 12114 by judges' of the criminal division of Essex, Union and Somerset Counties Superior Courts of New Jersey as well other outpatient services for my medically prescribed opioid drugs and addiction.

As a matter of records when I attempted to give Garry J. Furnari, et al., information of my Diabetic Shoe business and services for medically fragile children of **neonatal abstinence syndrome** for means of providing for my son as well as delivering the same information to the chamber's the shareholder(s) and stakeholder(s) they rejected the means of my source of income under the Social Security Ticket to Work employment certification to provided services that meets the requirement of the United States Department of Health and Human Services and New Jersey Department of Human Services.

As well as the requirement under Title V of the Social Security Act for Children, and amongst other things related to New Jersey Chancery Division, I was denied by the State of New Jersey shareholders and stakeholders.

Regards

*Ronald Bass, Sr.*

Ronald Bass, Sr.