UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.,** *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

### ORDER DENYING SECOND MOTION FOR RECONSIDERATION REQUESTING IMMEDIATE CLAIM LIQUIDATION AND PAYMENT AND RECUSAL

**A. Background**

On November 24, 2020, Maria Ecke filed a *Motion for Claim Payment* in which she asked the Court to order the immediate liquidation and payment of Claim Nos. 16810, 22855, 23016 and 16817 (out of all of the hundreds of thousands of claims filed in these cases) in the aggregate amount of $242,000,000 [ECF No. 2032]. After a hearing and a ruling from the bench, on December 16, 2020 the Court entered an order denying the *Motion for Claim Payment* (the "December 16 Order") [ECF No. 2145].

On November 5, 2021, Ms. Ecke filed a *Motion for Original Claim Payment and for Rule 5004 of the Federal Rules of Bankruptcy Procedure Governed by 28 U.S.C. § 455 – Dismissal of Judge Drain* (the "First Motion to Reconsider") [ECF No. 4074], in which she asked the Court to

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

reconsider its December 16 Order and also sought to disqualify me from presiding over these Chapter 11 cases under 28 U.S.C. § 455 as incorporated by Fed. R. Bankr. P. 5004.

On January 11, 2022, the Court entered an order denying the First Motion to Reconsider because it failed to satisfy the standard for relief under Fed. R. Civ. P. 60(b), as incorporated by Fed. R. Bankr. P. 9024, with respect to Ms. Ecke's renewed request for an order directing the immediate liquidation and payment of her claims in the sum of $242,000,000, and because it failed to allege facts warranting recusal under 11 U.S.C. § 455 (the "January 11 Order") [ECF No. 4278].

On January 21, 2022 Ms. Ecke filed a document titled *Oral Argument for Motion for Original Claim Payment and for Rule 5004 of the Federal Rules of Bankruptcy Procedure Governed by 28 U.S.C. § 455 – Dismissal of Judge Drain*, which asks the Court for the third time to direct the immediate liquidation and payment of her claims in the amount of $242,000,000 and for the second time seeks recusal (the "Second Motion to Reconsider") [ECF No. 4301].

**B. Bankruptcy Rule 9023 and Federal Rule of Civil Procedure 59**

In the light of the January 11 Order, the Court deems the Second Motion to Reconsider to be a request under Fed. R. Bankr. P. 9023, which incorporates Fed. R. Civ. P. 59, for an order seeking reargument or reconsideration of the January 11 Order.[2]

To prevail on a motion for reargument or reconsideration under Bankruptcy Rule 9023, Federal Rule 59, and Local Bankruptcy Rule 9023-1,[3] "the movant must show that the court

---

[2] "The Second Circuit has noted that 'most substantive motions brought within ten days of the entry of judgment are functionally motions under Rule 59(e), regardless of their label or whether relief might also have been obtained under another provision.'" *Woodard v. Hardenfelder*, 845 F.Supp. 960, 964 (E.D.N.Y. 1994) (quoting *McCowan v. Sears, Roebuck & Co.*, 908 F.2d 1099, 1103 (2d Cir. 1990), *cert denied*, 498 U.S. 897 (1990)); *see also In re Lynch*, Case No. 15-74795-AST, 2018 WL 6132504, at *4 (Bankr. E.D.N.Y. Nov. 20, 2018).

[3] Local Bankruptcy Rule 9023-1, which governs motions for reargument, states that "(a) A motion for reargument of a court order determining a motion must be served within fourteen (14) days after the entry of the Court's order determining the original motion, or in the case of a court order resulting in a judgment, within fourteen (14) days

2

overlooked controlling decisions or factual matters that might materially have influenced its earlier decision. Alternatively the movant must demonstrate the need to correct a clear error or prevent manifest injustice." *In re AMR Corp.*, 2015 Bankr. LEXIS 2266, at *5 (Bankr. S.D.N.Y. July 10, 2015) (quoting *In re Best Payphones, Inc.*, 2007 Bankr. LEXIS 266 (Bankr. S.D.N.Y. Jan. 24, 2007). The movant must show that the Court overlooked controlling decisions or factual matters which might materially have influenced the earlier decision. *Farkas v. Ellis*, 783 F. Supp. 830, 832-33 (S.D.N.Y.), *aff'd* 979 F.2d 845 (2d Cir. 1992), and "the parties cannot advance new facts or arguments, and may not submit affidavits or new material." *In re ION Media Networks, Inc.*, 2009 Bankr. LEXIS 1700, at *11 (Bankr. S.D.N.Y. July 8, 2009) (internal quotation and citation omitted). This is because "the rule permitting reargument must be narrowly construed to avoid repetitive arguments and issues that the court has already fully considered . . . [and] is calculated to insure the finality of decision and to prevent the practice of a losing party examining a decision and then plugging in the gaps of a lost motion with additional matters." *Id.* (internal quotation and citations omitted); *see also Sequa Corp. v. Gbj Corp.*, 156 F.3d 136, 144 (2d Cir. 1998) ("Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking 'a second bite at the apple.'"). Thus "newly discovered evidence" for purposes of Rule 59 is only "evidence which was in existence at the time of trial of which the moving party was excusably ignorant. *In re Crozier Bros., Inc*, 60 B.R. 683, 688 (Bankr. S.D.N.Y. 1986).

    **C. The Third Request for Payment of $242,000,000.** The Second Motion to Reconsider is a rehash of the original *Motion for Claim Payment* and the First Motion to Reconsider's request

---

after the entry of the judgment, and, unless the Court orders otherwise, shall be made returnable within the same amount of time as required for the original motion. The motion must set forth concisely the matters or controlling decisions which counsel believes the Court has not considered. No oral argument shall be heard unless the Court grants the motion and specifically orders that the matter be reargued orally."

3

for reconsideration of the December 16 Order. In again requesting immediate payment of $242,000 000 it is the epitome of a repeat filing. This Court has previously heard and determined the arguments and issues raised in the Second Motion for Reconsideration's renewed request for payment and will not open the door to review of such arguments a third time. The movant may believe that this is "manifestly unjust" but she ignores, as the Court explained in its bench ruling leading to the December 16 Order that would, to the contrary, be unjust and in violation of fundamental principles of the Bankruptcy Code to direct the immediate liquidation and payment of her claim while ignoring the hundreds of thousands of other claims filed against the Debtors.

### D. Bankruptcy Rule 5004 and 28 U.S.C. § 455

Under 28 U.S.C. § 455(a), as incorporated by Fed. R. Bankr. P. 5004, "a judge shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(b) then provides that "[h]e shall also disqualify himself in the following circumstances -- (2) When in private practice he served as a lawyer <u>in the matter in controversy</u>, or a lawyer with whom he previously practiced law served <u>during such association as a lawyer concerning the matter</u>, or the judge or such lawyer has been a material witness concerning it." (Emphasis added.) In addition, "[i]n making its determination [on recusal], a court must remember that where the standards governing disqualification have not been met, disqualification is not optional; rather, it is prohibited." *McFarlane v. First UNUM Life Ins. Co.*, 2017 U.S. Dist. LEXIS 8142, at *5 (S.D.N.Y. Jan. 20, 2017).

The Second Motion to Reconsider once again[4] seeks to disqualify me from presiding over these chapter 11 cases under 28 U.S.C. § 455, as incorporated by Fed. R. Bankr. P. 5004 this

---

[4] This request also may be deemed a request for reargument or reconsideration under Fed. R. Civ. P. 59, incorporated by Fed. R. Bankr. P. 9023, of my January 11, 2022 Order insofar as it denied the movant's prior request for recusal. Because my former association with Paul, Weiss, Rifkind, Wharton & Garrison has been a matter of public knowledge since I became a judge in 2002, the Second Motion for Reconsideration has not satisfied

4

time because I "worked at the New York firm Paul, Weiss, Rifkind, Wharton & Garrison – A LAW PRACTICE CONNECTED TO PURDUE – UNTIL HE WAS APPOINTED TO THE BENCH." Second Motion to Reconsider, p. 7. That is, no allegation of bias or prejudice has been raised apart from my having worked at Paul, Weiss, Rifkind, Wharton & Garrison, an association that ended nearly 20 years ago, however, when in 2002 I ceased being a partner in the firm and ended any other economic contact with it. The motion does not allege that while at Paul, Weiss, Rifkind, Wharton & Garrison I worked on any matters pertaining to the Debtors, let alone any matter in controversy in these chapter 11 cases, or that any lawyer with whom I practiced law served then as a lawyer concerning such matters. Nor am I aware of any such facts, which is not surprising given the number of years that have passed. Accordingly, this request for relief in the Second Motion to Reconsider also should be denied on the merits. *See Nat'l Auto Brokers Corp. v. Gen. Motors Corp.*, 572 F.2d 953, 958 (2d Cir. 1978), *cert. denied*, 439 U.S. 1072 (1979); *McFarlane v. First UNUM Life Ins. Co.*, 2017 U.S. Dist. LEXIS 8142, at *3-4; *see also Alvarado Morales v. Digital Equip. Corp.*, 699 F.Supp. 16, 18 (D.P.R. 1988) ("The mere fact that a judge was more than a decade ago a partner of an attorney who later appears before him is patently insufficient to require disqualification.") (quoting *Bumpus v. Uniroyal Tire Co. Div. of Uniroyal, Inc.*, 385 F.Supp. 711, 714 (E.D.Pa. 1974)).

    Now, therefore, it is hereby

    **ORDERED**, that the Second Motion to Reconsider is denied.

Dated: White Plains, New York
       February 16, 2022

                                               */s/Robert D. Drain*
                                            UNITED STATES BANKRUPTCY JUDGE

---

the "newly discovered evidence" test of Rule 59 described above and therefore should be denied on that basis. I have, however, addressed it on the merits, as well.