

**ARIK PREIS**
+1 212.872.7418
apreis@akingump.com

February 16, 2022

Hon. Robert D. Drain
United States Bankruptcy Court for the Southern
District of New York
300 Quarropas Street
White Plains, NY 10601

  Re: *In re Purdue Pharma L.P.*, et al., No. 19-23649 (RDD): Notice of Hearing Regarding Challenge Letter [ECF No. 4335]

Dear Judge Drain,

The Official Committee of Unsecured Creditors (the "UCC") submits this short letter to provide its perspective regarding the pending protective order dispute (the "Pending Dispute") between the NAS Children Ad Hoc Committee (the "NAS AHC") and the Debtors. Over the past few days, the UCC has attempted to broker a resolution of the Pending Dispute. As of the time of this submission, however, such attempts have not resulted in agreement between the parties.

The UCC understands that the Disclosure Oversight Board for the to-be-formed Document Repository supports the UCC's position as articulated in this letter, including efforts to have the documents that are the subject of the Pending Dispute made public now (prior to the time that the Plan is consummated).

As this Court is aware, many (if not all) of the supporters of the Twelfth Amended Plan of Reorganization (the "Plan") had anticipated that at this point, the Plan, which was confirmed by this Court nearly six months ago, would have gone effective and the Debtors therefore would have emerged from chapter 11. Such emergence would have facilitated, among other things, the establishment of a document repository replete with tens of millions of documents. The Document Repository would have served many purposes, including, without limitation, (i) educating the public at large about Purdue's and the Sacklers' role in the opioid crisis, (ii) providing information that could further public health objectives in connection with the ongoing battle against the opioid epidemic, (iii) assisting parties (if necessary) with the claims administration process, and (iv) bolstering the legal claims being brought by various parties in other pending opioid-related litigation throughout the country, which—in turn—would inure to the public's benefit by potentially leading to more settlements, litigation victories, and much needed money for opioid abatement and victim compensation. Indeed, Jayne Conroy testified at confirmation as follows:

> In addition to any monetary settlement, it could be that the document repository is actually the most valuable piece of this settlement. . . . [E]ven . . . with everything I know about this litigation and potential liability, I can look back at those documents and understand more



February 16, 2022
Page 2

> and more about the way this industry worked and about the way the fraud was perpetrated on the Americans. . . . [T]here is nothing like sunshine on these sorts of documents that will hopefully try to prevent another tragedy like this, and maybe even point toward some way to resolve it.

Transcript of Aug. 16, 2021 Hearing at 83:20–84:23.  And this Court, in its confirmation ruling, opined: "The record to be established by the public document depository is important for the continued pursuit of lawsuits against other parties in this industry, and it will guide legislatures and regulators about how to better address other companies with lawful products that also are incredibly dangerous."  *In re Purdue Pharma L.P.*, 633 B.R. 53, 114.   Unfortunately, the Plan has not been consummated yet.  Indeed, the Confirmation Order presently is vacated and, therefore, all of the positive benefits of the document repository, as well as the myriad other provisions of the Plan, have not yet been realized.

With this background, we now turn to the Pending Dispute.  Specifically, the NAS AHC contends, among other things, that the documents and scientific studies that it wants to release to the public are not "Confidential" as that term is defined in the Protective Order, and as such, should be made public.  By contrast, the Debtors contend, among other things, that certain of the information in the requested documents is in fact "Confidential," and, therefore, the Debtors would need to incur the time and expense of reviewing the documents for confidentiality and personally identifying information in order to determine which, if any, of such materials could be released.  The Debtors further contend that making these documents public at the request of the NAS AHC will result in the proverbial "slippery slope" of similar requests by other ad hoc groups or parties in these cases.  The UCC does not take a position with regard to any of these arguments.

That being said, the UCC is disappointed that after nearly 30 months, one of the fundamental goals of these cases and the Plan—namely, the establishment of a document repository—has not been realized.  Indeed, the UCC has always believed that one of the pillars of these cases is to bring public health benefits to the American public, and the Document Repository is a vehicle that would have served this goal in numerous ways.  To state the obvious, although the Pending Dispute was initiated before Judge McMahon's decision, it would not be before this Court if the Plan had been consummated.  The UCC therefore urges the Debtors and the NAS AHC to reach a resolution with regard to the Pending Dispute rather than engage in more litigation that is costing the estates even more time and money, while not a penny has been spent on opioid abatement or victim compensation.  As this Court and all parties in interest are aware, 200 people die every day from opioid overdose, and many others continue suffering from opioid use disorder.  There must be a way that the parties can figure out how to make a small set of studies (some from more than ten years ago), and certain related documents, publicly available.



February 16, 2022
Page 3

                                                        Respectfully Submitted,

                                                       /s/ Arik Preis
                                                       Arik Preis

                                                       Counsel to the Official Committee of
                                                       Unsecured Creditors of Purdue
                                                       Pharma L.P., *et al.*

cc:       Counsel to the Debtors
           Counsel to the NAS Children Ad Hoc Committee