**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.,** *et al.*, | Case No. 19-23649 |
| Debtors. [1] | (Jointly Administered) |

**SECOND SUPPLEMENTAL DECLARATION OF RAYMOND WERTH
DISCLOSING DEBTORS' RETENTION OF GRANT THORNTON LLP IN THE
ORDINARY COURSE OF BUSINESS TO PROVIDE CONTINUED
TAX COMPLIANCE SERVICES FOR THE 2021 TAX YEAR**

I, Raymond Werth, state the following under penalty of perjury:

1. I am a Partner of the firm of Grant Thornton LLP ("**Grant Thornton**"). I am duly authorized to execute this declaration (this "**Declaration**") on behalf of Grant Thornton.

2. The facts set forth in this Declaration are based upon my personal knowledge, upon information and belief, and upon client matter records kept in the ordinary course of business that were reviewed by me or other employees under my supervisions and direction. I am familiar with the matters set forth herein, and if called as a witness, I could and would testify thereto.

3. I make this Declaration to update and provide further disclosures in connection with the: (i) *Application of Debtors for Authority to Retain and Employ Grant Thornton LLP as Tax Structuring Consultants to the Debtors Nunc Pro Tunc to January 20, 2021* (the "**Initial Retention Application**") [Dkt. No. 2636]; and (ii) *Application of Debtors for Authority to*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P., Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

*Supplement Retention and Employment of Grant Thornton LLP for Tax Analysis and Valuation Services Effective September 1, 2021* (the "**Supplemental Retention Application**") [Dkt. No. 3761].

**Grant Thornton Provides Certain Services to the Debtors in the Ordinary Course of Business and Not Related to the Administration of the Debtors' Chapter 11 Cases**

4. Prior to the Petition Date, since approximately June 2018, the Debtors have engaged Grant Thornton to provide tax-related services to the Debtors pursuant to the terms and conditions of that certain MSA, dated June 1, 2018, and other related statements of work executed in connection therewith.

5. As previously disclosed in the Initial Retention Application, the Debtors retained Grant Thornton after the Petition Date to continue to provide the following tax-related services to assist the Debtors in the ordinary course of their business operations (collectively, the "**OCB Tax Services**"):

(i) <u>Sales and Use Tax Compliance Services</u>: On August 11, 2020, the Debtors and Grant Thornton entered into that certain *Statement of Work for Sales and Use Tax Return Preparation Services*, pursuant to which Grant Thornton was retained to assist the Debtors with the generation of sales, use and other transactional tax returns by providing tax return compliance services. That August 11, 2020 statement of work was subsequently replaced and superseded by that certain *Statement of Work for Sales and Use Tax Return Preparation Services*, dated March 2, 2021.

(ii) <u>2020 Tax Preparation Services</u>: On December 7, 2020, the Debtors and Grant Thornton entered into that certain *Statement of Work for Tax Compliance Services*, pursuant to which Grant Thornton was retained to prepare the Debtors' federal and state tax returns, including extension calculations and estimated tax payments, for the 2020 taxable year.

(iii) <u>Global Mobility Services</u>: On June 18, 2020, the Debtors and Grant Thornton entered into that certain *Statement of Work for Global Mobility Services*, pursuant to which Grant Thornton was retained to provide tax compliance and consulting services for disclosures, review and execution related to United States and United Kingdom tax returns for the years 2015 through 2019. Such services include, among other things: (i) discovery of over-reporting of income; (ii) consultation on the approach to

2

amendments; (iii) preparation of adjusted compensation figures for necessary years; (iv) preparation of tax equalization settlements for necessary years; (v) discussions on processes and filings with the Debtors and David Lundie; and (vi) assistance with responses to IRS and HMRC notices.  On April 15, 2021, the Debtors and Grant Thornton entered into that certain *Statement of Work for GMS Compliance Services*, pursuant to which Grant Thornton's engagement to provide Global Mobility Services was extended to the 2020 and 2021 tax years.

6. Because the OCB Tax Services were being provided in the ordinary course of the Debtors' business and were unrelated to the administration of the bankruptcy cases, I understood that it was not necessary for Grant Thornton to be retained in these bankruptcy cases and that payment on account of such OCB Tax Services would be paid consistent with past practices and in the ordinary course of the Debtors' ongoing business operations.

**Grant Thornton's Initial Retention Application and Supplemental Retention Application for Court Approval to be Retained by Debtors to Provide Plan Services**

7. In January 2021, the Debtors requested that Grant Thornton provide additional tax structuring services that directly related to the development of the Debtors' plan of reorganization (the "**Plan**").  As a result of this requested expanded scope of work, on or about January 20, 2021, Grant Thornton and the Debtors entered into that certain *Statement of Work for Tax Structuring Services* (the "**Plan-Related SOW**").

8. On April 13, 2021, the Debtors filed the Initial Retention Application, which sought Court approval of Grant Thornton's retention and employment in these bankruptcy cases to provide tax structuring work related to the Plan described in the Plan-Related SOW, and to otherwise approve the terms and conditions of the Plan-Related SOW.  The Initial Retention Application was approved by the Court by an order entered on April 28, 2021.

9. On September 10, 2021, the Debtors filed the Supplemental Retention Application, which sought Court approval to expand the scope of Grant Thornton's employment and retention as it related to services provided in furtherance of the Plan to allow Grant Thornton to provide the

3

following additional services that relate to the administration of the bankruptcy cases and the Debtors' successful emergence from chapter 11 in accordance with the Plan (together with the Plan-Related SOW, the "**Plan Services**"):

    (a)    **Valuation Services:** The services set forth in the *Statement of Work for Advisory Services*, dated August 25, 2021, to assist the Debtors' management with the following Valuation Services: (i) estimation of the fair values of certain tangible and intangible assets, as well as certain liabilities of NewCo, including inventory, real and personal property, and intangible assets; (ii) analysis of the components of goodwill (*e.g.*, assembled workforce, etc.); (iii) assisting the Debtors' management in the identification of the legal entities requiring discrete opinions of value for tax purposes; (iv) estimation of the fair market value of the identified legal entities; (v) reconciliation of the enterprise value of NewCo and the identified legal entities; and (vi) preparation of separate narrative reports and exhibits for financial reporting and tax valuation purposes.

    (b)    **Employment Tax and Tax Analysis Services**: The services set forth in the *Statement of Work for Employment Tax Services & State Corporate Income/Franchise Tax Nexus Analysis Services*, dated August 26, 2021, which include assisting the Debtors' management with the following Tax Analysis Services: (i) various payroll tax considerations with respect to transactions between the Debtors and NewCo anticipated to be created in the bankruptcy reorganization, as well as existing entities that will be restructured post-emergence; (ii) conducting a corporate income/franchise tax nexus analysis based on "doing business" criteria and economic presence criteria; (iii) evaluating the scope of multistate sales and other business activities, office operations and location of employees to evaluate current corporate/franchise tax filing and additional jurisdictional filing requirements for Adlon Therapeutics LP, Avrio Health LP, Imbrium Therapeutics LP, Rhodes Pharmaceuticals LP, Purdue Pharmaceuticals and Purdue Pharma LP.

10.     The Supplemental Retention Application was approved by the Court by an order entered on September 28, 2021.

**The New Statement of Work to Provide 2021 Tax Preparation Services to the Debtors in the Ordinary Course of Business**

11.     Grant Thornton has completed the 2020 Tax Preparation Services described above (see ¶ 5(ii)). On January 20, 2022, the Debtors and Grant Thornton entered into that certain *Statement of Work for Tax Compliance Services*, pursuant to which Grant Thornton is being

4

retained to prepare the Debtors' federal and state tax returns, including extension calculations and estimated tax payments, for the 2021 taxable year (the "**2021 Tax Preparation Services**"). Like the 2020 Tax Preparation Services, the 2021 Tax Preparation Services are being provided as part of the Debtors' ordinary course of business operations and, unlike the Plan Services, are unrelated to the administration of the Debtors' chapter 11 cases.

12. Attached hereto as **Exhibit A** is a true and correct copy of the *Statement of Work for Tax Compliance Services* relating to the 2021 Tax Preparation Services.

13. As set forth in my prior declaration filed in support of the Supplemental Retention Application, it has been my understanding that the OCB Tax Services and the statements of work executed in connection therewith, including this latest *Statement of Work for Tax Compliance Services* relating to the 2021 Tax Preparation Services, are services provided in the ordinary course of business, and thus are not subject to any prior retention application requirements under 11 U.S.C. §§ 327 or 328.

14. To the extent that the Court requires that the *Statement of Work for Tax Compliance Services* relating to the 2021 Tax Preparation Services, or any other OCB Tax Services, be included as part of Grant Thornton's retention application in these Bankruptcy Cases, notwithstanding that such OCB Tax Services are provided in aid of the Debtors' ordinary course business operations and not in the administration of the bankruptcy cases, Grant Thornton will work with the Debtors to file another supplement to Grant Thornton's Initial Retention Application to include such OCB Tax Services.

**Grant Thornton's Compensation for the 2021 Tax Preparation Services**

15. The fees that Grant Thornton will charge the Debtors for the 2021 Tax Preparation Services include:

5

       (i)      A flat fee of $162,000, billed pursuant to the following payment schedule:

           (A)     1st Installment: $81,000 on February 1st, 2022

           (B)     2nd Installment: $40,500 on March 1st, 2022

           (C)     3rd Instalment: $40,500 on April 1st, 2022

       (ii)     An administrative recovery fee equal to 6% of fees for the administrative time incurred on the engagement.

       (iii)    A charge of $2,600 for administrative matters specifically associated with the review, completion and delivery of the Debtors' tax returns.

16.    In addition, Grant Thornton may bill the Debtors, if applicable, for reasonable direct, out-of-pocket expenses, including but not limited to, travel, lodging, overtime meals, and similar expense items.

17.    Grant Thornton's rates and policies are consistent with Grant Thornton's normal and customary billing practices for cases of this size and complexity that require the level of scope and services outlined herein.

18.    I also believe that Grant Thornton's rates and policies are reasonable in light of (a) industry practice, (b) market rates charged for comparable services both in and out of the chapter 11 context, (c) Grant Thornton's substantial experience with respect to tax compliance services, and (d) the nature and scope of work to be performed by Grant Thornton for the 2021 Tax Preparation Services.

19.    Neither Grant Thornton nor any partner or associate thereof, has received or been promised any compensation for services rendered or to be rendered in any capacity in connection with the Debtors' chapter 11 cases, other than as permitted by the Bankruptcy Code. Grant

Thornton has agreed not to share compensation received in connection with this case with any other person.

20.     Consistent with the Debtors' treatment of non-attorney ordinary course professionals in these bankruptcy cases and the parties' past practices (as fully disclosed in the prior Initial Retention Application, the Supplemental Retention Application, and the monthly and interim fee applications filed in these cases), Grant Thornton will not apply to the Court for allowance of compensation and reimbursement of expenses for the 2021 Tax Preparation Services.

21.     As previously discussed, the OCB Tax Services being provided by Grant Thornton were agreed to and entered into before Grant Thornton's Court-approved retention to provide Plan Services in these bankruptcy cases.  As such, the OCB Tax Services were billed by Grant Thornton and paid by the Debtors in the ordinary course of business consistent with the Debtors' business practices, and as such were not prepared in accordance with, or, as I understand, otherwise subject to the procedures for allowance of compensation and reimbursement of expenses under the Fee Guidelines and the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and other applicable orders of the Court.

22.     In light of Grant Thornton's subsequent retention in these bankruptcy cases by orders entered April 28, 2021 and September 28, 2021, out of an abundance of caution and for purposes of full disclosure, Grant Thornton has been providing full disclosure of all unpaid invoices on account of the OCB Tax Services in its monthly fee statements and interim fee applications filed to date.  Grant Thornton will continue to provide the same disclosures in its monthly fee statements and interim fee applications going forward with respect to any fees and costs incurred in connection with the 2021 Tax Preparation Services.

**Grant Thornton's Qualifications and the Need for the 2021 Tax Preparation Services**

23. Grant Thornton is the U.S. member of Grant Thornton International Ltd., a global audit, tax, and advisory organization of separate, independent network firms providing services in more than 120 countries (the "**Grant Thornton Network**"), including 59 offices in the United States. Each member firm is a separate legal entity.

24. The professionals in Grant Thornton's valuation and tax practices consist of senior tax, accounting, and other professionals specializing in tax, valuation, financial, business, and strategic advice to enterprises, including distressed enterprises.

25. Grant Thornton has significant qualifications, experience, and extensive knowledge in the fields of accounting, valuation and taxation for large, sophisticated companies, both in and out of chapter 11 bankruptcy. As such, I believe that Grant Thornton has the resources and experience necessary to perform the OCB 2021 Tax Compliance Services as requested by the Debtors.

26. By virtue of its ongoing engagement by the Debtors prior to and during these bankruptcy cases, both with respect to the OCB Tax Services and other services rendered in these bankruptcy cases, Grant Thornton is familiar with the Debtors' business affairs, the issues surrounding this matter, will be able to draw on its earlier data collection, and will be able to streamline its analysis under this engagement and minimize costs to the estate.

27. As such, I believe that Grant Thornton is well qualified and uniquely able to represent the Debtors with respect to the 2021 Tax Preparation Services.

**Additional Disclosures**

28. As previously set forth in detail in the Initial Werth Declaration, and to the extent relevant in connection with the OCB Tax Services, including the 2021 Tax Preparation Services, Grant Thornton and its professionals neither hold nor represent any interest adverse to the

8

Debtors or their estates, and Grant Thornton and its professionals are "disinterested persons" under section 101(14) of the Bankruptcy Code. As previously indicated in the Initial Werth Declaration, if Grant Thornton discovers additional information that requires disclosure, I will file a supplemental disclosure with the Court as promptly as possible.

29. I understand that the Debtors have retained and may retain additional professionals during the term of their engagement and Grant Thornton agrees to work cooperatively with such professionals to avoid any duplication of services.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge, and belief.

Executed on this 16th day of February, 2022.

_____
Raymond Werth

# EXHIBIT A: STATEMENT OF WORK
# 2021 TAX PREPARATION SERVICES



# Purdue Pharma L.P.

## Statement of Work for Tax Compliance Services

**Effective Date:** 12/7/2021

This Statement of Work ("Statement of Work") becomes a part of and is subject to the terms and conditions of the Agreement between Purdue Pharma L.P ("Client") and Grant Thornton LLP ("Grant Thornton") dated June 1, 2018.

The purpose of this Statement of Work is to describe the scope of services ("Services") Client is requesting Grant Thornton to perform, and to set forth the agreed fee, timing and other matters related to the Services. Any capitalized terms that are not defined in this Statement of Work shall have the meanings in the Agreement.

## The Services Grant Thornton will provide

### Tax Compliance

The Services Grant Thornton will provide to Client include preparation of the following specific returns and/or forms ("Deliverables") for the designated taxable year(s).

Returns/forms prepared:

- See *Addendum – Listing of returns/forms included in this Statement of Work*.

Taxable year(s) ended: December 31, 2021

Grant Thornton will assist with the preparation of federal and state extension forms for the taxable year(s) ended above, if applicable.

Grant Thornton will discuss with Client any circumstances that require additional work, which may include, but are not limited to, work to satisfy obligations under applicable professional standards including additional fact gathering, analysis and preparation of disclosure forms, unforeseen scope changes including additional state returns or previously unidentified transactions or tax positions requiring analysis, and late or incomplete Client provided information. If it appears that the stated fee will be exceeded, Grant Thornton will consult with Client before continuing with the engagement.

### Limitations

Only tax returns and information returns detailed above or in the Addendum are covered by this Statement of Work. Grant Thornton's responsibility under this Statement of Work extends only to Services expressly agreed to provide herein and does not extend to any prior or subsequent periods.

If, based on new reporting requirements or tax law changes, additional analysis or computations are necessary in order to prepare and sign the return(s), Grant Thornton will discuss these out-of-scope services with Client and mutually agree on the fee required to complete the additional work.

"Grant Thornton" refers to Grant Thornton LLP, the U.S. member firm of Grant Thornton International Ltd (GTIL), and/or refers to the brand under which the GTIL member firms provide audit, tax and advisory services to their clients, as the context requires. GTIL and each of its member firms are separate legal entities and are not a worldwide partnership. GTIL does not provide services to clients. Services are delivered by the member firms in their respective countries. GTIL and its member firms are not agents of, and do not obligate, one another and are not liable for one another's acts or omissions. In the United States, visit GT.COM for details.

U.S. member firm of Grant Thornton International Ltd

DocuSign Envelope ID: 2715E255-8903-4103-A977-B8F246A2722A
19-23649-shl    Doc 4365    Filed 02/17/22    Entered 02/17/22 12:45:19    Main Document
Pg 12 of 16

Grant Thornton

The Services do not include assistance with any tax accounting method change (including, but not limited to, method changes relating to ASC 606 and IRC Section 451 revenue recognition, the ASC 842 leasing standard or the final regulations under IRC Section 263A relating to inventory costs). Such services will be provided under a separate Statement of Work.

Client management is solely responsible for calculating and determining any amounts recorded in the Client's books, records, financial statements and footnotes thereto.

### General tax consulting

The Services Grant Thornton may provide, upon Client's request, under this Statement of Work consist of routine time-to-time tax consulting services extending beyond the scope of Services defined above that do not exceed $10,000 in fees. This assistance will be provided at Grant Thornton's standard rates.

Services constituting distinct projects or otherwise requiring a separate Statement of Work as may be required, regardless of the nature of service or fees, will be performed under a separate Statement of Work.

## Delivering the services

Grant Thornton will discuss with Client an appropriate timeline for providing the Services described above, including an agreed upon timeframe for completion and delivery. Grant Thornton will provide Client with a request for information required to complete the Services based on the mutually agreed timeline.

Grant Thornton's responsibility under this Statement of Work extends only to Services and Deliverables expressly agreed to provide herein, including any addendums to this Statement of Work. Grant Thornton's responsibility does not extend to any prior or subsequent periods and does not include, for example, studies, detailed research or analysis not specifically set forth in this Statement of Work. If such items arise or Client requests additional services, Grant Thornton will provide a fee estimate and a new Statement of Work before investing significant professional time.

The parties enter into this Statement of Work at a time when a national emergency has been declared and the nation is responding to the Coronavirus (COVID-19) pandemic. Grant Thornton will use reasonable efforts to complete the Services as specified herein, while also taking the steps it deems necessary to protect the health, welfare and safety of its professionals. Neither party shall be liable for any delay or failure in performance (excluding payment for fees and expenses incurred) due to circumstances resulting from the pandemic which are beyond its reasonable control.

U.S. federal and state tax laws are ever changing and complex. Grant Thornton is only engaged to provide Services expressly set forth in this Statement of Work in accordance with applicable professional standards. Such obligation expressly does not include any obligation or responsibility to identify, suggest, model or advise on tax minimization or deferral opportunities, including but not limited to any such matters that may arise from the recently enacted CARES Act or other legislation or regulatory guidance. Grant Thornton welcomes the opportunity to further discuss Client's tax and business objectives.

All engagements undertaken by Grant Thornton are subject to evaluating and resolving any potential or actual conflict of interest or independence concerns. While the occurrence is highly unusual, matters

may arise from the ordinary course of either party's business operations, requiring Grant Thornton to resolve a conflict matter and/or terminate or suspend this engagement until any conflict or independence issue is resolved.

Additionally, Grant Thornton may use third parties to provide administrative and operational support to Grant Thornton business operations. All of these third-party service providers are subject to confidentiality obligations to protect the confidentiality of client data. Such entities may be located within or outside the United States.

### Use of GT Affiliate

Appropriate use of technology and resources is an important aspect of service delivery. In tax return preparation and tax consulting processes, Grant Thornton uses the technology and resources of GT US Shared Services Center India Private Limited ("GTSSC") and/or the Grant Thornton Knowledge and Capability Center India Private Limited ("KCC"), affiliates of Grant Thornton located in Bangalore, India, to assist in providing tax services. The affiliates' address is No.65/2, Bagmane Tridib, Block "A", 3rd and 4th Floor, Bagmane Tech Park, C.V. Raman Nagar, Bangalore – 560093.

Grant Thornton's contract with such affiliates requires that they maintain the confidentiality of any tax return information provided to them in connection with providing tax services.

Professional and regulatory standards require us to obtain Client's written consent prior to providing Client tax return information to such affiliates, to include only current and prior year(s) information in the possession of Grant Thornton that is necessary for the purpose of providing the Services covered by this Statement of Work.

If Client does not advise Grant Thornton of a specific duration of consent, Client's consent is valid for one year from the date of signature or the time period necessary to complete the Services under this Statement of Work, whichever is greater. Client may limit the amount, type, or scope of tax return information disclosed by letting Grant Thornton know in writing.

To acknowledge consent to the disclosure of Client tax return information as set forth above, please sign this Statement of Work.

## Fees and payment terms

### Fees

The fees for the Services under this Statement of Work will be $162,000.

### Payment schedule

The billings for the Services described in this Statement of Work will be rendered as follows:

| Description | Billing Date | Amount to be billed |
| --- | --- | --- |
| 1st | February 1st, 2022 | $81,000 |
| 2nd | March 1st, 2022 | $40,500 |
| 3rd | April 1st, 2022 | $40,500 |

3

If applicable, Grant Thornton may bill Client for reasonable direct, out-of-pocket expenses, including but not limited to, travel, lodging, overtime meals, and similar expense items.

In addition, Grant Thornton will bill Client an administrative recovery fee equal to 6% of fees for the administrative time incurred on this engagement.

Additionally, the billings will include a charge of $2,600 for administrative matters specifically associated with the review, completion and delivery of Client's tax return(s).

Grant Thornton's billings are payable upon receipt.

From time to time, Grant Thornton may receive certain incentives in the form of bonuses and rewards from its corporate card and other vendors. Such incentives to the extent received will be retained by Grant Thornton to cover firm expenses.

Client is solely responsible for any applicable taxes related to the Services. Where the Services are subject to U.S. state and local sales, use, VAT or gross receipts taxes, Grant Thornton will collect such taxes from Client in addition to the fees outlined above and remit such taxes to the proper jurisdictions.

## Entire agreement

This Statement of Work represents the parties' entire understanding with respect to the Services described in this document. This Statement of Work does not modify or amend the Agreement. In the event of a conflict between this Statement of Work, Attachment A – Standard Grant Thornton LLP Terms and Conditions, and any other exhibit or attachment included in the Agreement, the terms of the Attachment A shall govern.

## Agreed and accepted

The undersigned hereby agree to the terms and conditions as set forth.

**GRANT THORNTON LLP**

_Raymond Werth_  
Raymond Werth, Partner

Date: 1/20/2022 | 5:51 PM CST

**PURDUE PHARMA L.P.**

_Terrence Ronan_  
Terrence Ronan, CFO

Date: 1/20/2022 | 6:04 PM CST

Enc    Reportable Transactions Questionnaire

4



# Addendum – List of returns/forms included in this Statement of Work

**Nayatt Cove Lifescience (Co 211)**

- Federal – Form 1120
- Connecticut – Form CT-1120

**Purdue Pharma, Inc. (Co 301)**

- Federal – Form 1120
- Alabama – Form 20C
- Arizona – Form 120
- California – Form 100
- Colorado – Form 112
- Connecticut – Form CT-1120
- Delaware – Form 1100
- Florida – Form F-1120
- Georgia – Form 600
- Illinois – Form IL-1120
- Indiana – Form IT-20
- Kentucky – Form 720
- Maryland – Form 500
- Maine – Form 1120ME
- Michigan – Form 4891
- Minnesota – Form 4
- Mississippi – Form 83-105
- Montana – Form CIT
- North Carolina – Form CD-405
- North Dakota – Form 40
- New Hampshire – Form BET
- New Jersey – Form CBT-100
- New York – Form CT-3
- New York City – Form NYC-2
- Oregon – Form OR-20
- Rhode Island – Form RI-1120C
- Utah – Form TC-20
- West Virginia – Form CNF-120

**SVC Pharma, Inc. (Co 506)**

- Federal – Form 1120
- Maryland – Form 500E
- New York – Form CT-3
- Rhode Island – Form RI-1120C
- Delaware – Form 1100

"Grant Thornton" refers to Grant Thornton LLP, the U.S. member firm of Grant Thornton International Ltd (GTIL), and/or refers to the brand under which the GTIL member firms provide audit, tax and advisory services to their clients, as the context requires. GTIL and each of its member firms are separate legal entities and are not a worldwide partnership. GTIL does not provide services to clients. Services are delivered by the member firms in their respective countries. GTIL and its member firms are not agents of, and do not obligate, one another and are not liable for one another's acts or omissions. In the United States, visit GT.COM for details.

U.S. member firm of Grant Thornton International Ltd

DocuSign Envelope ID: 2715E255-8903-4103-A977-B8F246A2722A
19-23649-shl    Doc 4365    Filed 02/17/22    Entered 02/17/22 12:45:19    Main Document
Pg 16 of 16

Grant Thornton

### **Purdue Neuroscience Company (Co 225)**

- Federal  – Form 1065
- Rhode Island  – Form RI-1120C

### **Paul Land, Inc. (Co 254)**

- Federal – Form 1120
- Rhode Island – Form RI-1120C
- New York  – Form CT-3

### **Purdue Pharma, L.P**

- Form 480.20 – Puerto Rico Corporate Income Tax Return
- 2022-2023 PR – Volume of Business Declaration
- 2021 PR – Personal Tax Return

### **SVC Pharma L.P (Co507)**

- Federal  – Form 1120
- Maryland – Form 510
- New York – Form IT-204-LL
- Rhode Island – Form RI-1065

#### Important Information

The returns and other forms listed above are the only Deliverables that Grant Thornton will prepare under this Statement of Work. Grant Thornton is not responsible for the preparation of amended returns, or any non-income tax returns, including, but not limited to, sales and use tax returns, local property tax returns, payroll or other trust tax returns, and information returns for employee benefit plans, unless otherwise stated herein. If there are additional returns or other compliance-related matters to be addressed, please advise Grant Thornton as soon as possible. Subject to appropriate approval and mutual agreement, this Addendum may be amended to include such additional services that Grant Thornton will provide subject to this Agreement. Except where a separate Statement of Work is used, the terms of this Statement of Work and the attached Grant Thornton LLP Engagement Terms (Attachment A) will also apply to any amendments to this Agreement.