UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>PURDUE PHARMA L.P., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 19-23649 (RDD)<br><br>(Jointly Administered) |

**THIRD ORDER EXTENDING TERMINATION DATE UNDER THE TERMS AND CONDITIONS OF MEDIATION BEFORE THE HONORABLE SHELLEY C. CHAPMAN**

By order dated January 3, 2022 [ECF Doc. 4260] (the "Appointment Order") the Court appointed the Honorable Shelley C. Chapman as Mediator with respect to the Mediation Topic, as such terms are defined in the Appointment Order, and by order also dated January 3, 2022 [ECF Doc. 4261] (the "Mediation Terms and Conditions Order") the Court set forth the terms and conditions of the mediation directed by the Appointment Order. By order dated January 13, 2022 [ECF Doc. 4286] the Court extended the Termination Date[2] of the mediation to and including February 1, 2022. On January 31, 2022, the Mediator filed a Mediator's Interim Report [ECF Doc. No. 4316], in which she stated that as of that date "the Mediation Parties are close to an agreement in principle that provides for substantial additional consideration incremental to the $4.325 billion provided for in the Plan – an incremental amount that would be used exclusively for abatement of

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717), and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Capitalized terms not otherwise defined in this Order have the meaning ascribed to them in the Mediation Terms and Conditions Order.

the opioid crisis and related matters" and requested that the Court extend the Termination Date of the mediation to February 7, 2022 "to conclude the negotiations and address a number of remaining issues."  The Court entered such an order on February 1, 2022 [ECF Doc. No. 4319].

On February 8, 2022 the Mediator filed a Second Interim Report [ECF Doc. No. 4338] in which she stated that, after extensive negotiations over the preceding week with the Mediation Parties and certain Additional Parties, she believed that the Mediation Parties "are even closer to an agreement in principle that provides for certain material non-economic terms and substantial additional consideration . . . that would be used exclusively for abatement of the opioid crisis, including support and services for survivors, victims, and their families." The Second Interim Report also noted that the Mediator believed that the Mediation would be aided by greater participation by certain Additional Parties and requested that the Mediation Termination Date be extended from 12:00 a.m. on February 8, 2022 to February 16, 2022 at 5:00 p.m. EST.  By Order dated February 8, 2022, the Court granted that request [ECF Doc. No. 4339].

On February 9, 2022 in an email to the Court copied to the Mediation Parties and Additional Parties, the Mediator asked the following questions in clarification of the Mediation Terms and Conditions Order: (i) is the Mediator authorized to share the position of a Mediation Party, with that Party's consent, with Additional Parties to the Mediation who have agreed to abide by the Protective Order in place in these cases under Fed. R. Bankr. P. 7026, and (ii) is the Mediator authorized to disclose a Mediation Party's position (again with its consent) in interim or final mediation reports?  After reviewing that Order, the Court replied in the affirmative that same day in an email to the Mediator and the same copied Parties.

On February 18, 2022 the Mediator filed a Third Interim Report [ECF No. 4369].  That Report summarizes the extensive work by the Mediator, the Mediation Parties, and Additional

2

Parties to date in the Mediation, including since February 8, 2022. It also reports on the current status of the Mediation, including, as authorized by the Sackler Families, a proposal by the Sackler Families to pay in total under a chapter 11 plan not less than $5.5 billion and, as described in the Report, up to $6 billion, with the incremental cash over the $4.325 provided for in the current Plan "to be used exclusively for abatement of the opioid crisis, including support and services for survivors, victims and their families." Third Interim Report ¶ 7. Paragraph 9 of the Report notes that that the Mediation Terms and Conditions Order obligates the Mediator to report whether and to what extent the Mediation was successful. In that regard, the Report states that "At present, the Sackler Settlement Proposal has been accepted by a supermajority of the Nine, subject to applicable conditions as set forth in the Sackler Settlement Proposal. To date, the unanimous acceptance required by the Sackler Settlement Proposal has not been achieved." Id. ¶ 9.

The Third Interim Report makes two requests. First, based on the conduct of the Mediation to date, the Mediator has asked that the Mediation Termination Date be extended to February 28, 2022 at 8:00 p.m. EST either to achieve unanimous consensus among the Mediation Parties or, in parallel, to explore other settlement structures not dependent on unanimous agreement. Second, the Report requests that the Court's clarifications regarding the Mediation Procedures Order in its February 9, 2022 emailed response to the Mediator's emailed questions described above be incorporated in this Order.

The Court has accorded considerable discretion to the Mediator with respect to the mediation of the Mediation Topic, and, while not knowing the extent of the remaining open issues, has inferred that the Mediator reasonably believes and expects that they can be resolved with an agreement in principle during the requested extension. Based on the Third Amended Report, the progress made to date in reaching an agreement that would result in such substantial additional

3

consideration clearly warrants the requested extension. Accordingly, the Court determines that there is good and sufficient cause to direct such extension. Now, therefore, it is hereby

**ORDERED**, that the definition of "Termination Date" in paragraph 2 of the Mediation Terms and Conditions Order modified such that it is extended, without interruption, from February 16, 2022 at 5:00 p.m. EST to February 28, 2022 at 8:00 p.m. EST; and it is further

**ORDERED**, that the Court's February 9, 2022 emailed answer to the Mediator's February 9, 2022 questions, copied to the Mediation Parties and Additional Parties, is incorporated in its entirely in this Order; and it is further

**ORDERED**, that no other provision of the Mediation Terms and Conditions Order is modified, and both it, as modified in the preceding decretal paragraphs, and the Appointment Order remain in full force and effect.

Dated: February 18, 2022      */s/Robert D. Drain*
      White Plains, New York      THE HONORABLE ROBERT D. DRAIN
                                                              UNITED STATES BANKRUPTCY JUDGE