**Hearing Date and Time: March 9, 2022 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Date and Time: March 6, 2022 at 12:00 p.m. (Prevailing Eastern Time)**

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Timothy Graulich
Steven Z. Szanzer
Joshua Y. Sturm

*Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **GRUPO AEROMÉXICO, S.A.B. de C.V., *et al.*,** | Case No. 20-11563 (SCC) |
| Debtors.[1] | (Jointly Administered) |

**NOTICE OF HEARING ON DEBTORS' MOTION FOR ENTRY OF AN
ORDER APPROVING THE CLAIMS SETTLEMENT AMONG DEBTOR
AEROVÍAS DE MÉXICO, S.A. DE C.V., JLPS LEASING CAELUM
LIMITED, AND JLPS LEASING DORADO LIMITED**

**PLEASE TAKE NOTICE** that, on February 23, 2022, the above-captioned debtors and

debtors in possession (collectively, the "**Debtors**") filed the *Debtors' Motion for Entry of an Order*

*Approving the Claims Settlement Among Debtor Aerovías de México, S.A. de C.V., JLPS Leasing*

*Caelum Limited, and JLPS Leasing Dorado Limited* (the "**Motion**"). A hearing on the Motion is

scheduled to be held on **March 9, 2022 at 10:00 a.m. (prevailing Eastern Time)** (the "**Hearing**")

---

[1] The Debtors in these cases, along with each Debtor's registration number in the applicable jurisdiction, are as follows: Grupo Aeroméxico, S.A.B. de C.V. 286676; Aerovías de México, S.A. de C.V. 108984; Aerolitoral, S.A. de C.V. 217315; and Aerovías Empresa de Cargo, S.A. de C.V. 437094-1. The Debtors' corporate headquarters is located at Paseo de la Reforma No. 243, piso 25 Colonia Cuauhtémoc, Mexico City, C.P. 06500.

before the Honorable Judge Shelley C. Chapman, United States Bankruptcy Judge, in the United States Bankruptcy Court for the Southern District of New York (the "**Court**"), or at such other time as the Court may determine.

PLEASE TAKE FURTHER NOTICE that, in accordance with General Order M-543, dated March 20, 2020 (Morris, C.J.) ("**General Order M-543**"),[2] the Hearing will be conducted telephonically.  Any parties wishing to participate must do so telephonically by making arrangements through CourtSolutions, LLC (www.court-solutions.com).  Instructions to register for CourtSolutions, LLC are attached to General Order M-543.

PLEASE TAKE FURTHER NOTICE that copies of the Motion may be obtained free of charge by visiting the website of Epiq Corporate Restructuring, LLC at https://dm.epiq11.com/aeromexico.  You may also obtain copies of any pleadings by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

PLEASE TAKE FURTHER NOTICE that the Hearing may be continued or adjourned from time to time by an announcement of the adjourned date or dates at the Hearing or a later hearing or by filing a notice with the Court.  The Debtors will file an agenda before the Hearing, which may modify or supplement the motion(s) to be heard at the Hearing.

PLEASE TAKE FURTHER NOTICE that any responses or objections to the Motion shall be in writing, shall comply with the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, shall be filed with the Court by (a) attorneys practicing in the Court, including attorneys admitted *pro hac vice*, electronically in

---

[2]    A copy of the General Order M-543 can be obtained by visiting http://www.nysb.uscourts.gov/news/general-order-m-543-court-operations-under-exigent-circumstances-created-covid-19.

accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) and (b) all other parties in interest, in accordance with the customary practices of the Court and General Order M-399, to the extent applicable, and shall be served in accordance with General Order M-399 and the *Order Establishing Certain Notice, Case Management, and Administrative Procedures*, entered on July 8, 2020 [ECF No. 79], so as to be filed and received no later than **March 6, 2022 at 12:00 p.m. (prevailing Eastern Time)** (the "**Objection Deadline**").

**PLEASE TAKE FURTHER NOTICE** that all objecting parties are required to telephonically attend the Hearing, and failure to appear may result in relief being granted upon default.

**PLEASE TAKE FURTHER NOTICE** that, if no responses or objections are timely filed and served with respect to the Motion, the Debtors may, on or after the Objection Deadline, submit to the Court an order substantially in the form of the proposed order attached to the Motion, under certification of counsel or certification of no objection, which order may be entered by the Court without further notice or opportunity to be heard.

*[Remainder of page intentionally left blank]*

Dated:    February 23, 2022
           New York, New York

DAVIS POLK & WARDWELL LLP

By:    */s/ Timothy Graulich*

450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile:  (212) 701-5800
Marshall S. Huebner
Timothy Graulich
Steven Z. Szanzer
Joshua Y. Sturm

*Counsel to the Debtors*
*and Debtors in Possession*

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Timothy Graulich
Steven Z. Szanzer
Joshua Y. Sturm

*Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **GRUPO AEROMÉXICO, S.A.B. de C.V.,** *et al.,* **Debtors.**[1] | **Case No. 20-11563 (SCC)** |
| | **(Jointly Administered)** |

## DEBTORS' MOTION FOR ENTRY OF AN ORDER APPROVING THE CLAIMS SETTLEMENT AMONG DEBTOR AEROVÍAS DE MÉXICO, S.A. DE C.V., JLPS LEASING CAELUM LIMITED, AND JLPS LEASING DORADO LIMITED

Grupo Aeroméxico, S.A.B. de C.V. ("**Grupo Aeroméxico**") and certain of its affiliates (collectively, the "**Debtors**"), each of which is a debtor and debtor in possession in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby file this motion (this "**Motion**") seeking the entry of an order approving the Claims Settlement (as defined herein) between Debtor Aerovías de México, S.A. de C.V.  ("**Aerovías**") and the Lessors (as defined herein).  This Motion is supported by the *Declaration of Matthew Landess in Support of Debtors' Motion for Entry of*

---

[1] The Debtors in these cases, along with each Debtor's registration number in the applicable jurisdiction, are as follows: Grupo Aeroméxico, S.A.B. de C.V. 286676; Aerovías de México, S.A. de C.V. 108984; Aerolitoral, S.A. de C.V. 217315; and Aerovías Empresa de Cargo, S.A. de C.V. 437094-1.  The Debtors' corporate headquarters is located at Paseo de la Reforma No. 243, piso 25 Colonia Cuauhtémoc, Mexico City, C.P. 06500.

*an Order Approving the Claims Settlement Among Debtor Aerovías de México, S.A. de C.V., JLPS*

*Leasing Caelum Limited, and JLPS Leasing Dorado Limited* (the "**Landess Declaration**"),

attached hereto as **Exhibit B**.  In further support of this Motion, the Debtors respectfully state as

follows:

## Jurisdiction and Venue

1.      The United States Bankruptcy Court for the Southern District of New York (the

"**Court**") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the

*Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.).  This is a

core proceeding pursuant to 28 U.S.C. § 157(b).  In addition, the Debtors confirm their consent,

pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"),

to the entry of a final order by the Court in connection with this Motion to the extent that it is later

determined that the Court, absent consent of the parties, cannot enter a final order or judgment in

connection herewith consistent with Article III of the United States Constitution.

2.      Venue of the Chapter 11 Cases and related proceedings is proper in this district

pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

3.      By this Motion, and pursuant to sections 105(a) of chapter 11 of title 11 of the

United States Code (the "**Bankruptcy Code**"), Bankruptcy Rules 9013 and 9019, and the *Order*

*Approving (I) Omnibus Claims Objection Procedures, (II) Omnibus Claims Settlement Procedures*

*and (III) Omnibus Claims Hearing Procedures* (the "**Omnibus Settlement Procedures**") [ECF

No. 904], the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A**

(the "**Proposed Order**" and, if entered, the "**Order**"), approving the Claims Settlement, as further

detailed herein and in the Proposed Order.

2

## Background

### A.    General Background

4.    On June 30, 2020 (the "**Petition Date**"), each of the Debtors filed in this Court voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors have continued to operate and manage their businesses and have continued to possess their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.    The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and the *Order Directing Joint Administration of Chapter 11 Cases* [ECF No. 30] entered by the Court on July 1, 2020 in Grupo Aeroméxico's Chapter 11 Case.[2]

6.    On July 13, 2020, the Office of the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors (the "**Committee**") pursuant to section 1102 of the Bankruptcy Code.  *See Notice of Appointment of Official Committee of Unsecured Creditors* [ECF No. 92].  No trustee or examiner has been appointed in the Chapter 11 Cases.

7.    Detailed information regarding the Debtors' businesses and affairs, capital structure, and the circumstances leading to the commencement of the Chapter 11 Cases can be found in the *Declaration of Ricardo Javier Sánchez Baker in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* [ECF No. 20], which is incorporated herein by reference.

---

[2] On July 2, 2020, the Court entered similar orders for the other Debtors on their respective case dockets.  *See In re Aerovías de México, S.A. de C.V.*, No. 20-11561, ECF No. 4; *In re Aerolitoral, S.A. de C.V.*, No. 20-11565, ECF No. 4; *In re Aerovías Empresa de Cargo, S.A. de C.V.*, No. 20-11566, ECF No. 4.

### B.    The Claims Settlement

8.    On July 23, 2020, the Court entered the *Order Authorizing First Omnibus Motion of the Debtors for Entry of an Order (I) Authorizing Debtors To Reject Certain Aircraft Leases, Nunc Pro Tunc and (II) Approving Lease Rejection-Return Procedures* (the "**Rejection Order**") [ECF No. 177], pursuant to which the Debtors received authority to reject close to two dozen aircraft leases.  Among the leases rejected pursuant to the Rejection Order, the Debtors rejected leases (the "**Aircraft Leases**") related to a pair of Boeing 737-800W aircraft bearing manufacturer's serial numbers 29927 and 29930 (together with the related engines, parts, equipment, and appurtenances, the "**Aircraft**") leased to Aerovías by JLPS Leasing Caelum Limited and JLPS Leasing Dorado Limited (each, a "**Lessor**" and, collectively, the "**Lessors**"), respectively.  Each of the Lessors is currently holding a deposit in the amount of $170,000 (each, a "**Security Deposit**" and, collectively, the "**Security Deposits**") as security for Aerovías's obligations under the respective Aircraft Leases.

9.    As a result of arm's length and good faith negotiations, the Debtors have reached an agreement with the Lessors to resolve any and all rejection damages and other claims against the Debtors in the Chapter 11 Cases relating to the Aircraft or the Aircraft Leases (collectively, the "**Claims**") belonging to the Lessors.  To this end, the parties have agreed upon the following settlement terms (the "**Claims Settlement**"):  (a) upon entry of the Proposed Order, the automatic stay will be lifted for the sole purpose of allowing the Lessors to apply the Security Deposits against their Claims (the "**Setoff**"); (b) after consummating the Setoff, (i) the Lessors will each be allowed a non-priority general unsecured claim, as allocated in the Proposed Order, the final aggregate amount of which will total $18,750,000 against the bankruptcy estate of Aerovías (the "**Allowed Unsecured Claims**") and (ii) JLPS Leasing Caelum Limited will be allowed an

4

administrative expense claim, pursuant to section 503 of the Bankruptcy Code, in the final amount of $71,064.74 against the bankruptcy estate of Aerovías (the "**Allowed Administrative Expense Claim**" and, together with the Allowed Unsecured Claims, the "**Allowed Claims**"); and (c) all other Claims against the Debtors in the Chapter 11 Cases will be deemed withdrawn (the "**Withdrawn Claims**").   Upon consummation of the Setoff, the amounts of the Allowed Unsecured Claims and the Allowed Administrative Expense Claim shall constitute the only Claims allowed in the Chapter 11 Cases.

10.     In determining to enter into the Claims Settlement, the Debtors consulted with the respective advisors to the Committee, the Ad Hoc Group of Senior Noteholders,[3] and the Ad Hoc Group of Unsecured Claimholders,[4] none of which expressed opposition to the relief requested herein.

**Basis for Relief**

11.     By this Motion, the Debtors seek approval of the Claims Settlement between the Lessors and the Debtors, including the Setoff, the allowance of the Lessors' Allowed Claims, and the expungement of the Withdrawn Claims.

12.     A court should exercise its discretion to approve settlements "in light of the general public policy favoring settlements."   *In re Hibbard Brown & Co.*, 217 B.R. 41, 46 (Bankr. S.D.N.Y. 1998).   Indeed, courts in this district have made clear that "[a]s a general matter, 'settlements and compromises are favored in bankruptcy as they minimize costly litigation and

---

[3] As used in this Motion, "Ad Hoc Group of Senior Noteholders" refers to those parties identified in the *Third Amended Verified Statement of the Ad Hoc Group of Senior Noteholders Pursuant to Bankruptcy Rule 2019* [ECF No. 1731].

[4] As used in this Motion, "Ad Hoc Group of Unsecured Claimholders" refers to the group identified in the *Second Amended Verified Statement of the Ad Hoc Group of Unsecured Claimholders Pursuant to Bankruptcy Rule 2019* [ECF No. 2244].

further parties' interests in expediting the administration of the bankruptcy estate.'" *In re Republic Airways Holdings, Inc.*, No. 16-10429 (SHL), 2016 WL 2616717, at \*3 (Bankr. S.D.N.Y. May 4, 2016) (citing *In re Dewey & LeBouef LLP*, 478 B.R. 626, 640 (Bankr. S.D.N.Y. 2012)); *see also Motorola, Inc. v. Official Comm. of Unsecured Creditors (In re Iridium Operating LLC)*, 478 F.3d 452, 455 (2d Cir. 2007).

13.     Under Bankruptcy Rule 9019 and governing case law, a court should approve a compromise or settlement where it makes an independent determination that the compromise or settlement is fair and equitable, reasonable, and in the best interests of the debtor's estate. *See, e.g.*, *In re Republic Airways*, 2016 WL 2616717 at \*3; *Air Line Pilots Ass'n, Int'l v. Am. Nat'l Bank & Trust Co. of Chi. (In re Ionosphere Clubs)*, 156 B.R. 414, 426 (S.D.N.Y. 1993); *Nellis v. Shugrue*, 165 B.R. 115, 122–23 (S.D.N.Y. 1994).  In so doing, a court may consider the opinions of the trustee or debtor in possession that the settlement is fair and equitable. *See Nellis*, 165 B.R. at 122; *In re Purofied Down Prods. Corp.*, 150 B.R. 519, 522 (S.D.N.Y. 1993).

14.     Furthermore, when assessing whether or not to approve a settlement, "the court need not conduct a 'mini-trial' to determine the merits of the underlying litigation" nor decide the issues of law or fact raised by the settlement. *See In re Purofied Down Prods.*, 150 B.R. at 522. Instead, a court should "canvass the issues and see whether the settlement fall[s] below the lowest point in the range of reasonableness." *Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983) (alteration in original) (citations omitted).  In this regard, courts have found that "[t]he 'reasonableness' of [a] settlement depends upon all factors, including probability of success, the length and cost of the litigation, and the extent to which the settlement is truly the product of 'arms-length' bargaining, and not fraud or collusion." *In re Ionosphere Clubs, Inc.*, 156 B.R. at 428.

6

15.     Moreover, section 105(a) of the Bankruptcy Code confers the Court with broad equitable powers to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

16.     The Debtors respectfully submit that the Claims Settlement satisfies the range of reasonableness test described above.  Rather than engage in costly and value-destructive litigation over Aerovías's obligations to the Lessors, the amounts of the Claims, and any amounts mitigating the quantum of those Claims, the Debtors and the Lessors negotiated a consensual resolution for the agreed final amounts for the Claims Settlement.  Any efforts by the Debtors, through litigation or otherwise, to resolve such disputes would be time-consuming and expensive and would delay any distribution to the creditor beneficiaries of the Debtors' estates.  A failure to resolve the matters at issue at this time could negatively impact the Debtors and their estates.  The Claims Settlement is the product of arm's length and good faith bargaining among the separate and independent advisors of the Debtors and the Lessors that will (a) eliminate the need for a costly claims dispute and (b) unlock distributable value for the Debtors' unsecured creditors by liquidating the Lessors' Allowed Claims against the Debtors and expunging the Withdrawn Claims.  Lastly, a number of the Debtors' key stakeholders, including the respective advisors to the Committee, the Ad Hoc Group of Senior Noteholders, and the Ad Hoc Group of Unsecured Claimholders, have no objection to the relief requested herein.  Accordingly, the Debtors respectfully submit that the proposed Claims Settlement is fair and equitable, would be in the best interests of the Debtors' estates, creditors, and other stakeholders, and should be approved.

## Notice

17.     Notice of this Motion will be provided to the following parties in accordance with the Omnibus Settlement Procedures and the *Order Establishing Certain Notice, Case*

7

*Management, and Administrative Procedures* (the "**Case Management Procedures**") [ECF No.

79]:  (a) the entities on the Master Service List (as defined in the Case Management Procedures,

which is available on the Debtors' case website at https://dm.epiq11.com/case/aeromexico/info);

(b) the U.S. Trustee; (c) counsel to the Committee; (d) counsel to the DIP Lenders; (e) counsel to

the Ad Hoc Group of Senior Noteholders; (f) counsel to the Ad Hoc Group of Unsecured

Claimholders; and (g) any person or entity with a particularized interest in the subject matter of

this Motion.  The Debtors respectfully submit that no other or further notice is required.

### No Prior Request

18.     No previous request for the relief sought herein has been made by the Debtors to

this or any other court.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Debtors respectfully request that the Court grant the relief requested

herein and such other and further relief as the Court deems just and proper.


Dated:    February 23, 2022
          New York, New York


                                        DAVIS POLK & WARDWELL LLP

                                        By: */s/ Timothy Graulich*_____

                                        450 Lexington Avenue
                                        New York, New York 10017
                                        Telephone: (212) 450-4000
                                        Facsimile: (212) 701-5800
                                        Marshall S. Huebner
                                        Timothy Graulich
                                        Steven Z. Szanzer
                                        Joshua Y. Sturm

                                        *Counsel to the Debtors*
                                        *and Debtors in Possession*

## Exhibit A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| GRUPO AEROMÉXICO, S.A.B. de C.V., *et al.*, Debtors.[1] | Case No. 20-11563 (SCC) |
| | (Jointly Administered) |

## ORDER APPROVING THE CLAIMS SETTLEMENT AMONG DEBTOR AEROVÍAS DE MÉXICO, S.A. DE C.V., JLPS LEASING CAELUM LIMITED, AND JLPS LEASING DORADO LIMITED

Upon the motion (the "**Motion**")[2] of the Debtors for entry of an order (this "**Order**"), approving the Claims Settlement as set forth in the Motion and the Landess Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and venue of the Chapter 11 Cases and related proceedings being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the notice parties identified in the Motion; such notice having been adequate and appropriate under the circumstances and in accordance with the Omnibus Settlement Procedures, and it appearing that no other or further notice need be provided; and the Court

---

[1] The Debtors in these cases, along with each Debtor's registration number in the applicable jurisdiction, are as follows: Grupo Aeroméxico, S.A.B. de C.V. 286676; Aerovías de México, S.A. de C.V. 108984; Aerolitoral, S.A. de C.V. 217315; and Aerovías Empresa de Cargo, S.A. de C.V. 437094-1. The Debtors' corporate headquarters is located at Paseo de la Reforma No. 243, piso 25 Colonia Cuauhtémoc, Mexico City, C.P. 06500.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

having reviewed the Motion [and held a hearing to consider the relief requested in the Motion on March 9, 2022 (the "**Hearing**")]; and upon [the record of the Hearing, and upon] all of the proceedings had before the Court; and after due deliberation the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and the Court having found that the relief granted herein is in the best interests of the Debtors, their creditors, and all other parties in interest; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.      The Motion is granted to the extent set forth herein.

2.      The Lessors are hereby granted relief from the automatic stay for the sole purpose of effectuating the Setoff, and the Lessors are hereby authorized to consummate the Setoff.

3.      The Claims Settlement is (a) supported by reasonable consideration, (b) fair and equitable and in the best interest of the Debtors' estates, and (c) permitted by the Bankruptcy Code, and thus, is hereby approved pursuant to Bankruptcy Rule 9019(a) and shall be binding on the Debtors, the Lessors, and their respective affiliates.

4.      In accordance with the Claims Settlement, after consummating the Setoff, the Lessors shall be allowed the following new non-priority general unsecured claims against the bankruptcy estate of Aerovías in its Chapter 11 Case (or any subsequent chapter 7 case in the event of conversion) (collectively, the "**Allowed Unsecured Claims**"):

2

| Lessor | Treatment | Final Allowed Claim Amount |
|---|---|---|
| JLPS Leasing Caelum Limited | Allowed | $10,130,000 |
| JLPS Leasing Dorado Limited | Allowed | $8,620,000 |
| | **Total** | **$18,750,000** |

5.     In accordance with the Claims Settlement, JLPS Leasing Caelum Limited shall be allowed an administrative expense claim, pursuant to section 503 of the Bankruptcy Code, in the final amount of $71,064.74 against the bankruptcy estate of Aerovías (the "**Allowed Administrative Expense Claim**" and, together with the Allowed Unsecured Claims, the "**Allowed Claims**").   For the avoidance of doubt, upon consummation of the Setoff, the amounts of the Allowed Unsecured Claims and the Allowed Administrative Expense Claim are final and shall constitute the only Claims belonging to the Lessors allowed in the Chapter 11 Cases.

6.     In accordance with the Claims Settlement, other than the Allowed Claims, all other Claims against the Debtors in the Chapter 11 Cases belonging to either of the Lessors are hereby deemed withdrawn (collectively, the "**Withdrawn Claims**"), including, without limitation, the following claims asserted against Aerovías:

| Claim Number | Lessor | Treatment |
|---|---|---|
| 13472 | JLPS Leasing Caelum Limited | Withdrawn |
| 13477 | JLPS Leasing Dorado Limited | Withdrawn |

7.     The Allowed Unsecured Claims and the Allowed Administrative Expense Claim shall be automatically allowed, and the Withdrawn Claims shall be automatically withdrawn, upon entry of this Order, and no further notice or action shall be required of the Lessors or the Debtors to effectuate the allowance or withdrawal, as applicable, of such Claims upon such occurrence.  Upon entry of this Order and without any further action by

3

the Debtors or the Lessors, Epiq Corporate Restructuring, LLC is authorized to update the claims register to reflect the terms of this Order, including, without limitation, (a) allowing the Allowed Unsecured Claims and the Allowed Administrative Expense Claim in the aggregate amounts of the Claims Settlement and (b) expunging the Withdrawn Claims as set forth in this Order.

8.    The Debtors are authorized to take, or refrain from taking, any action necessary or appropriate to implement and effectuate the terms of, and the relief granted in, this Order without seeking further order of the Court.

9.    Notwithstanding any subsequent appointment of any trustee(s) under any chapter of the Bankruptcy Code, this Order shall be binding in all respects upon, and shall inure to the benefit of, the Debtors, their estates, their creditors, their respective affiliates, successors, and assigns, and any affected third parties, including, but not limited to, the Lessors and all other persons asserting interests in the relevant aircraft.

10.    While the above referenced Chapter 11 Cases are pending, this Court shall retain exclusive jurisdiction over any and all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated:    _____, 2022
            New York, New York


_____
THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE

4

# Exhibit B

## Landess Declaration

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | **Chapter 11** |
| **GRUPO AEROMÉXICO, S.A.B. de C.V.,** *et al.,* | **Case No. 20-11563 (SCC)** |
| **Debtors.**[1] | **(Jointly Administered)** |

**DECLARATION OF MATTHEW LANDESS IN SUPPORT OF DEBTORS' MOTION**
**FOR ENTRY OF AN ORDER APPROVING THE CLAIMS SETTLEMENT AMONG**
**DEBTOR AEROVÍAS DE MÉXICO, S.A. DE C.V., JLPS LEASING CAELUM**
**LIMITED, AND JLPS LEASING DORADO LIMITED**

I, Matthew Landess, declare as follows:

1.        I am a partner of SkyWorks Capital, LLC ("**SkyWorks**"), which serves as aircraft fleet restructuring financial advisor to the debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") and served in such capacity prior to the commencement of these cases.  I have been employed by SkyWorks or its affiliates since 2008.

2.        As a Partner at SkyWorks, I have advised several airlines during their restructuring processes.  I have worked on bankruptcy cases in the airline industry, including TWA, Delta Air Lines, and American Airlines.  I have advised multiple industry-leading airlines on matters relating to fleet planning, including aircraft orders, aircraft financing structures, tax leases, operating leases, capital leases and multiple debt structures, and negotiating contracts on behalf of my clients that have enabled them to collectively save billions of dollars and successfully restructure their businesses.

---

[1] The Debtors in these cases, along with each Debtor's registration number in the applicable jurisdiction, are as follows: Grupo Aeroméxico, S.A.B. de C.V. 286676; Aerovías de Mexico, S.A. de C.V. 108984; Aerolitoral, S.A. de C.V. 217315; and Aerovías Empresa de Cargo, S.A. de C.V. 437094-1.  The Debtors' corporate headquarters is located at Paseo de la Reforma No. 243, piso 25 Colonia Cuauhtémoc, Mexico City, C.P. 06500.

3.      I submit this declaration (this "**Declaration**") in support of the *Debtors' Motion for Entry of an Order Approving the Claims Settlement Among Debtor Aerovías de México, S.A. de C.V., JLPS Leasing Caelum Limited, and JLPS Leasing Dorado Limited* (the "**Motion**").[2]

4.      The statements in this Declaration are, except where specifically noted, based on my personal knowledge or opinion, on information that I have received from the Debtors' employees or advisors or professionals of SkyWorks working directly with me or under my supervision, direction, or control, or from the Debtors' books and records maintained in the ordinary course of their businesses.[3]

5.      I am not being specifically compensated for this testimony other than through payments received by SkyWorks as a professional retained by the Debtors.  I am over the age of 18 years and authorized to submit this Declaration on behalf of the Debtors.  If I were called upon to testify, I could and would competently testify to the facts set forth herein.

## Declaration

6.      On July 23, 2020, the Court entered the Rejection Order, pursuant to which the Debtors received authority to reject close to two dozen aircraft leases.  Among the leases rejected pursuant to the Rejection Order, the Debtors rejected the Aircraft Leases related to the Aircraft leased to Aerovías by the Lessors.  Each of the Lessors is currently holding a Security Deposit in the amount of $170,000 as security for Aerovías's obligations under the respective Aircraft Leases.

7.      As a result of arm's length and good faith negotiations, the Debtors have reached an agreement with the Lessors to resolve any and all rejection damages and other claims against the Debtors in the Chapter 11 Cases relating to the Aircraft or the Aircraft Leases (collectively,

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

[3] This Declaration is based on SkyWorks' knowledge of the Debtors, the Chapter 11 Cases, and their fleet (aside from aircraft bearing manufacturer's serial number 35311).

2

the "**Claims**") belonging to the Lessors.  To this end, the parties have agreed upon the following settlement terms (the "**Claims Settlement**"):    (a) upon entry of the Proposed Order, the automatic stay will be lifted for the sole purpose of allowing the Lessors to apply the Security Deposits against their Claims (the "**Setoff**"); (b) after consummating the Setoff, (i) the Lessors will each be allowed a non-priority general unsecured claim, as allocated in the Proposed Order, the final aggregate amount of which will total $18,750,000 against the bankruptcy estate of Aerovías (the "**Allowed Unsecured Claims**") and (ii) JLPS Leasing Caelum Limited will be allowed an administrative expense claim, pursuant to section 503 of the Bankruptcy Code, in the final amount of $71,064.74 against the bankruptcy estate of Aerovías (the "**Allowed Administrative Expense Claim**" and, together with the Allowed Unsecured Claims, the "**Allowed Claims**"); and (c) all other Claims against the Debtors in the Chapter 11 Cases will be deemed withdrawn (the "**Withdrawn Claims**").  Upon consummation of the Setoff, the amounts of the Allowed Unsecured Claims and the Allowed Administrative Expense Claim shall constitute the only Claims allowed in the Chapter 11 Cases.

8.      I believe that the Claims Settlement negotiated with the Lessors is reasonable. Rather than engage in costly and value-destructive litigation over Aerovías's obligations to the Lessors, the amounts of the Claims, and any amounts mitigating the quantum of those Claims, the Debtors and the Lessors negotiated a consensual resolution for the agreed final amounts for the Claims Settlement.  Any efforts by the Debtors, through litigation or otherwise, to resolve such disputes would be time-consuming and expensive and would delay any distribution to the creditor beneficiaries of the Debtors' estates.  A failure to resolve the matters at issue at this time could negatively impact the Debtors and their estates.  The Claims Settlement is the product of arm's length and good faith bargaining among the separate and independent advisors of the Debtors and

the Lessors that will (a) eliminate the need for a costly claims dispute and (b) unlock distributable value for the Debtors' unsecured creditors by liquidating the Lessors' Allowed Claims against the Debtors and expunging the Withdrawn Claims.  Lastly, a number of the Debtors' key stakeholders, including the respective advisors to the Committee, the Ad Hoc Group of Senior Noteholders, and the Ad Hoc Group of Unsecured Claimholders, have no objection to the relief requested.

9.    For the reasons set forth above, I believe that (a) the relief requested in the Motion is fair, equitable, and reasonable and represents a sound exercise of the Debtors' business judgment and (b) the Court's approval of the Claims Settlement is in the best interest of their estates and economic stakeholders.

10.    Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 23rd day of February, 2022
in Castle Rock, Colorado

*/s/ Matthew Landess*
Matthew Landess