DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Eli J. Vonnegut
Christopher S. Robertson

*Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.**, *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

**DEBTORS' EX PARTE MOTION FOR ENTRY OF AN ORDER SHORTENING
NOTICE WITH RESPECT TO THE MOTION OF DEBTORS PURSUANT TO 11 U.S.C.
§§ 105(a) AND 363(b) FOR ENTRY OF AN ORDER AUTHORIZING AND
APPROVING SETTLEMENT TERM SHEET**

Purdue Pharma L.P. ("**PPLP**") and its affiliates that are debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 proceedings (the "**Chapter 11 Cases**") submit this motion (the "**Motion to Shorten**") for entry of an order, substantially in the form attached hereto as **Exhibit A**, shortening the notice period with respect to the *Motion of*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

*Debtors Pursuant to 11 U.S.C. §§ 105(a) and 363(b) for Entry of an Order Authorizing and Approving Settlement Term Sheet* (the "**Term Sheet Motion**"), filed contemporaneously herewith.² In support of this Motion to Shorten, the Debtors respectfully state as follows:

### Relief Requested

1. By this Motion to Shorten, the Debtors seek entry of an order shortening the notice period with respect to the Term Sheet Motion, scheduling a hearing on the Term Sheet Motion on **March 9, 2022, at 1:00 p.m. (Prevailing Eastern Time)** and scheduling an objection deadline of **March 8, 2022, at 7:00 p.m. (Prevailing Eastern Time).**

### Jurisdiction and Venue

2. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Debtors consent to entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.

3. The statutory bases for the relief requested herein are sections 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Bankruptcy Rules 9006(c) and 9007, and Rule 9006-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**").

4. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

² Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Term Sheet Motion.

1

**Background**

5.      On September 15, 2019 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code. The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On September 27, 2019, the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed the Creditors' Committee pursuant to section 1102 of the Bankruptcy Code [ECF No. 131].

6.      These Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and the *Order Directing Joint Administration of Chapter 11 Cases* [ECF No. 59] entered by the Court in each of the Chapter 11 Cases.

7.      Additional information regarding the Debtors and the Debtors' Plan can be found in the *Modified Bench Ruling* [ECF No. 3786] (the "**Modified Bench Ruling**"), the Confirmation Order, and the record of the hearing regarding confirmation of the Plan (the "**Confirmation Hearing**"), which the Debtors hereby incorporate by reference.

**Basis for Relief Requested**

8.      Pursuant to Bankruptcy Rule 9007, the Court has authority to regulate the time within which, the entities to whom, and the form and manner in which notice is provided. Pursuant to paragraph 19 of the *Second Amended Order Establishing Certain Notice, Case Management, and Administrative Procedures* entered on November 18, 2019 [ECF No. 498] (the "**Case Management Order**"), in these Chapter 11 Cases, if a request for relief is filed and served "at least fourteen (14) calendar days before the next Omnibus Hearing, the matter shall be set for hearing at such Omnibus Hearing." However, Bankruptcy Rule 9006(c) and Local Rule 9006-1(b) provide that the Court, for cause shown, may in its discretion (with or without motion

or notice) reduce any such notice period. Moreover, pursuant to paragraph 17 of the Case Management Order, a party's right "to seek an amendment or waiver of the provisions of the Case Management Order upon showing of good cause including, without limitation, the right to file a motion seeking . . . relief upon shortened notice," was expressly preserved. The Court therefore has the authority to determine appropriate notice for conducting a hearing on the matters presented by the Term Sheet Motion.

### Cause Exists to Shorten Notice with Respect to the Term Sheet Motion

9. The Term Sheet secures an additional $1.175 billion in guaranteed payments, up to $500 million in contingent payments and several material and meaningful noneconomic concessions from the Sackler Mediation Parties, contingent on the approval of this Court and consummation of the Plan, and increases the likelihood of the effectiveness of the Plan and an expeditious resolution of the Debtors' chapter 11 cases.[3] Among other things, the Term Sheet provides that, contingent upon approval of the Term Sheet Motion, the Eight States and the District of Columbia that appealed the confirmation of the Plan (the "**Nine**") will all agree to take a variety of actions indicating their non-objection to the Appeal at the Second Circuit. It is therefore critical that the Term Sheet Motion be heard before the deadline for the Nine to file their appellees' briefs in the Appeal, which the Court of Appeals for the Second Circuit has set for March 11, 2022.

10. The Debtors filed the Term Sheet Motion and Motion to Shorten concurrently with the report of the Mediator making the Term Sheet public—which was the earliest possible moment given the court-ordered confidentiality of the Mediation. Indeed, pursuant to Paragraph 8 of the *Order Establishing the Terms and Conditions of Mediation Before the Honorable*

---

[3] The following is a summary of certain provisions of the Term Sheet Motion. In the event of any inconsistency between the following summary and the Term Sheet Motion, the Term Sheet Motion shall control.

3

*Shelley C. Chapman*, dated January 3, 2022 [ECF No. 4261] (the "**Mediation Terms and Conditions Order**"), "all communications made by and all submissions prepared by" the Mediation Parties are confidential and subject to the Protective Order.

11. The Debtors do not believe that any party would be prejudiced by shortening notice with respect to the Term Sheet Motion. The Mediation Parties and Additional Mediation Parties referenced in the Mediator's reports have already been considering issues related to the Term Sheet for some time, are represented by experience and sophisticated counsel, and are well positioned to address the Term Sheet Motion in the requested time period. In addition, the *Mediator's Third Interim Report* [ECF No. 4369] (the "**Third Interim Report**"), filed on February 18, 2022 (nearly three weeks before the requested hearing date), made public in accordance with the Mediation Terms and Conditions Order certain key information about a settlement proposal that was ultimately reflected in the Term Sheet, including that such proposal "included $1.175 billion in total committed cash and up to an additional $500 million of cash consideration contingent on the net proceeds of IAC sales," consisting of "$175 million of incremental cash paid to the MDT at emergence in lieu of any obligations under the Plan relating to certain Sackler family foundations" and "$1 billion of incremental cash payable[] over 18 years," a portion of which would be directed "to a newly-established supplemental opioid abatement fund to be administered by the Nine." Third Interim Report ¶ 7. Moreover, on March 1, 2022, the Debtors provided the then current copy of the Term Sheet Motion to counsel the UCC, AHC, and former members of the Non-Consenting States Group other than the Nine, all of whom had become Additional Mediation Parties. Finally, the agreement set forth in the Term Sheet has multiple important benefits for the estate and its stakeholders.

12.  To the extent that any other parties in interest intend to object to the requested shortening of notice, the objection deadline will be **March 8, 2022, at 7:00 p.m. (Prevailing Eastern Time)**, which is consistent with the deadline for objections to requests for relief set for hearing on an expedited basis and filed fewer than fourteen (14) days before the hearing as set forth in paragraph 25 of the Case Management Order.

13.  Accordingly, the Debtors submit that good cause exists to shorten the notice period with respect to the Term Sheet Motion to allow that motion to be heard at the hearing scheduled for **March 9, 2022, at 1:00 p.m. (Prevailing Eastern Time)**.

### Notice

14.  Notice of this Motion will be provided to (a) the entities on the Master Service List (as defined in the Case Management Order and available on the Debtors' case website at https://restructuring.primeclerk.com/purduepharma) and (b) any person or entity with a particularized interest in the subject matter of this motion. The Debtors respectfully submit that no further notice is required.

### No Prior Request

15.  The Debtors have not previously sought the relief requested herein from this Court or any other court.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully request that the Court enter the proposed form of order, substantially in the form attached hereto, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated:  March 3, 2022
        New York, New York

By: */s/ Eli J. Vonnegut*
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone:   (212) 450-4000
Facsimile:    (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Eli J. Vonnegut
Christopher S. Robertson

*Counsel to the Debtors
and Debtors in Possession*

## Exhibit A

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>**PURDUE PHARMA L.P.**, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 19-23649 (RDD)<br><br>(Jointly Administered) |

**[PROPOSED] ORDER SHORTENING NOTICE WITH RESPECT TO THE MOTION OF DEBTORS PURSUANT TO 11 U.S.C. §§ 105(a) AND 363(b) FOR ENTRY OF AN ORDER AUTHORIZING AND APPROVING SETTLEMENT TERM SHEET**

Upon the motion (the "**Motion**")[2] of Purdue Pharma L.P. and its affiliates that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**") for entry of an order (this "**Order**") shortening the notice period with respect to the Term Sheet Motion, as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to such term in the Motion.

provided; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and the Court having determined that the relief requested is in the best interests of the Debtors, their estates, creditors and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**

1. The relief requested in the Motion is hereby granted as set forth herein.

2. Notice of the Term Sheet Motion as provided therein shall be deemed good and sufficient notice of such Term Sheet Motion.

3. A hearing (the "**Hearing**") to consider the relief requested in the Term Sheet Motion will be held before the Honorable Robert D. Drain, United States Bankruptcy Judge, 300 Quarropas Street, White Plains, New York 10601 on **March 9, 2022, at 1:00 p.m. (Prevailing Eastern Time)**. Pursuant to General Order M-543, dated March 20, 2020 (Morris, C.J.) ("**General Order M-543**"), the Hearing will be conducted **via Zoom for Government**® so long as General Order M-543 is in effect or unless otherwise ordered by the Bankruptcy Court.[3] Parties wishing to **participate in** the Hearing are required to register their appearance by 4:00 p.m. (prevailing Eastern Time) the day before the Hearing at https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl.

4. The responses or objections to the Term Sheet Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the *Second Amended Order Establishing Certain Notice,*

---

[3] A copy of General Order M-543 can be obtained by visiting http://www.nysb.uscourts.gov/news/court-operations-under-exigent-circumstances-created-covid-19.

2

*Case Management, and Administrative Procedures* entered on November 18, 2019 [ECF No. 498] (the "**Case Management Order**"), and shall be filed with the Court (a) by registered users of the Court's case filing system, electronically in accordance with General Order M–399 (which can be found at http://www.nysb.uscourts.gov), and (b) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers as set forth in the Case Management Order), in accordance with the customary practices of the Court and General Order M–399, to the extent applicable, and served so as to be actually received no later than **March 8, 2022, at 7:00 p.m. (Prevailing Eastern Time)** on the Master Service List (as defined in the Case Management Order).  The deadline for filing replies to any objections to the Term Sheet Motion shall be **March 9, 2022, at 11:00 a.m. (Prevailing Eastern Time)**.

5. The Debtors are authorized to take all such actions as are necessary or appropriate to implement the relief granted in this Order.

6. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

White Plains, New York
Dated: _____, 2022

                                                THE HONORABLE ROBERT D. DRAIN
                                                UNITED STATES BANKRUPTCY JUDGE