Hearing Date: March 9, 2022 at 1:00 p.m.
Objection Deadline: March 8, 2022 at 7:00 p.m.

Heather M. Crockett
Deputy Attorney General
Indiana Office of the Attorney General
TODD ROKITA
Indiana Government Center South, 5th Floor
302 West Washington Street
Indianapolis, IN  46204-2770
Telephone: 317-233-6254
*Attorneys for the State of Indiana*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| **In re:** | ) | Chapter 11 |
|  | ) |  |
| **PURDUE PHARMA, INC.,** *et al.*,[1] | ) | Case No. 19-23649(RDD) |
|  | ) |  |
| **Debtors.** | ) | (Jointly Administered) |
|  | ) |  |

**THE STATE OF INDIANA'S OBJECTION TO DEBTOR'S MOTION
TO APPROVE SETTLEMENT TERM SHEET AND JOINDER TO
THE OBJECTION FILED BY THE STATE OF FLORIDA**

Through its Attorney General, the State of Indiana, a creditor and party-in-interest in this action, objects to *Motion of Debtors Pursuant to 11 U.S.C. § 105(a) and 363(b) for Entry of an*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

*Order Authorizing and Approving Settlement Term Sheet* and joins *The State of Florida's Objection to Motion of Debtors Pursuant to 11 U.S.C. § 105(a) and 363(b) for Entry of an Order Authorizing and Approving Settlement Term Sheet* [ECF No. 4413] (the "Objection")[2] filed on March 4, 2022, and states as follows:

## INTRODUCTION

1. Throughout the case, the State of Indiana has worked with the consenting states to ensure that the method of allocation of proceeds to the states is fair and consistent.

2. Following the confirmation order entered by this court, nine of the objecting states ("The Nine") participated in mediation with Bankruptcy Judge Shelley Chapman. That mediation resulted in the term sheet and Motion to Approve that was filed on March 3, 2022. While the State of Indiana sees good that came out of the mediation, not the least of which is the additional $1 Billion Dollars. However, the State of Indiana cannot agree with the decision of the Nine to reward themselves for objecting to the confirmation order.

3. Accordingly, the only conclusion to be reached is that the revised Plan (as it would appear once these terms are added) will not be proposed in good faith as required by 11 U.S.C. §1129(a)(3), and, as explained more fully in the Objection filed by the State of Florida, fails to provide the required "same treatment" to all members of the affected class (Class 4) as required by 11 U.S.C. §1129(a)(4).

## JOINDER AND STATEMENT

4. As such, the State of Indiana joins in the Objection filed by the State of Florida to the *Motion of Debtors Pursuant to 11 U.S.C. § 105(a) and 363(b) for Entry of an Order Authorizing and Approving Settlement Term Sheet* [ECF No. 4410] (the "Motion"), by which the

---

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Objection.

2

Debtors seek approval of a settlement term sheet among the Debtors, the Sackler Mediation Parties, and eight States and the District of Columbia.

5. To be clear, the State of Indiana **does not** object to settlement insofar as it seeks to provide States with additional value to be dedicated to desperately needed opioid abatement efforts. However, the State of Indiana objects to any aspect of the settlement that provides disproportionately favorable treatment to the eight States and the District of Columbia over other States not party to the settlement. For the reasons set forth her and in the State of Florida's Objection, any funds to be distributed to the States under the settlement for abatement efforts must be distributed to all States in accordance with the previously agreed upon allocations approved by this Court.

6. Further, the State of Indiana appreciates that the Nine has expended and will continue to expend considerable sums in the District Court appeals and the mediation, as well as the ongoing activity in the Second Circuit Court of Appeals. In a normal Chapter 11 case, it would be expected for the parties to apply for reimbursement of their expenses as having contributed to the enhancement of the estate and recoveries for all creditors under 11 U.S.C. 503(b)(4). However, based on the separate category for "Specified Payments[3]," it appears that the costs incurred are less than $4 Million, considerably less than the $276 Million slush fund created here. In fact, there is no disclosure whatsoever in the Motion of the basis for calculating the $276 million slush fund.

---

[3] According to paragraph 30 of the Motion, the Specified Payments – defined as "the reasonable and documented fees and expenses of outside counsel of the Nine in the Cases (including any adversary proceedings, and any appeals thereunder)" amount to less than $4 million.

**WHEREFORE**, the State of Indiana, through its Attorney General, respectfully requests that the Court deny the Motion insofar as it seeks to provide the eight States and the District of Columbia with disproportionately favorable distributions in contravention of the allocation previously established in these cases.

Respectfully submitted,

TODD ROKITA
Attorney General of Indiana

By: /s/ Heather M. Crockett
Heather M. Crockett, *pro hac vice*
Deputy Attorney General
Office of the Indiana Attorney General
302 West Washington Street, IGCS-5th Floor
Indianapolis, IN 46204-2770
Telephone: (317) 233-6254
Facsimile: (317) 232-7979
Email: Heather.Crockett@atg.in.gov

## CERTIFICATE OF SERVICE

The undersigned certifies that on March 4, 2022, a true and correct copy of *The State of Indiana's Objection and Joinder to The State of Florida's Objection to Motion of Debtors Pursuant to 11 U.S.C. § 105(a) and 363(b) for Entry of an Order Authorizing and Approving Settlement Term Sheet* was filed electronically with the Clerk of the Court using CM/ECF system which in turn sent notifications of such filing to all interested parties of record.

By: /s/ Heather M. Crockett
    Heather M. Crockett
    Deputy Attorney General