Hearing Date: March 9, 2022 at 1:00 p.m.

Objection Deadline: March 8, 2022 at 7:00 p.m.

Maria Ecke

Estate of David Jonathan Ecke

Richard Ecke

Andrew Ecke

Peter Sottile

8 Glenbrook Drive

West Simsbury, CT 06092

(860) 658-7745

sagitarianm2004@yahoo.com

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

In re:

PURDUE PHARMA, L.P., et al.                              : Case No. 19-23649 (RDD)

Debtors                                                  : Chapter 11

                                                         : Jointly administered

**MARIA ECKE'S OBJECTION TO DEBTORS' MOTION TO APPROVE SETTLEMENT TERM SHEET**

Maria Ecke has made clear her position for the method of allocation of the proceeds is her primary concern. As Maria Ecke has consistently argued a fair allocation scheme must account for the true victims of the drug. The victims themselves who were robbed of a life and the wonderful dreams they had ahead for themselves. The second victims are the families – mothers, fathers, brothers, sisters, Aunts, Uncles etc. and also the close friends who lost their friends to this terrible poison Purdue pushed as drug dealers.  As I and all the hundreds of thousands of the real accurate victims, we would all love to see in wonderment how these high-priced lawyers and overachieved Judges on the bench could possibly explain how the States are victims and they deserve to be rewarded with the Court's own allocations of monies that they clearly have judged under the guidance of the laws of democracy are do as punishment from Purdue Pharmacies for their distrust, faulty deceiving advertisement, blatant fraud causing an epidemic of drug overdoses killing innocent humans! How in their eyes could they possibly judge themselves as law-keepers who are schooled to protect the blind justice of this great penal system

of America! They might as well spit into the face of Lady Justice! How dare them! The monies should go to the real victims **– the only victims, not the States!**

Honorable Judge Shelly Chapman has not even considered the true victims, she has only considered the nine States who objected to the amount of the funds that they were receiving. She did not allow any Pro Se victims to attend the mediation hearing. The number of funds went up only for the nine objecting States. **THE STATES DID NOT LOSE IMMEDIATE FAMILY MEMBERS AND THEY DON'T HAVE ANY INTENTION OF HELPING TRUE VICTIMS. THE SMALLER ALLOCATION OF THE PURDUE FUNDS COULD POSSIBLY BE USED TO TREAT MENTAL DISEASES CAUSED BY ADDICTION IN THE STATE HOSPITALS FOR THE VICTIMS OF PURDUE WHO SURVIVED AND CLEARLY WILL NEED MEDICAL HELP TO RETAIN BACK TO A NORMAL LIFE.**

Following the confirmation, last September of the much-amended plan and the subsequent reversal of the confirmation order by the District Court, nine of the objecting states (now known as "The Nine") participated in intensive mediation efforts before Bankruptcy Judge Shelley Chapman. The mediation, whose results were unveiled on March 3, 2022, achieved many laudable goals, not the least of which was an overall increase of the contribution from the Sackler family of more than 1 billion dollars. However, Maria Ecke, the Estate of David Jonathan Ecke, Richard Ecke, Andrew Ecke, and Peter Sottile cannot agree with the decision of "the Nine" to reward themselves for objecting to the confirmation order.

The motion of Debtors according to 11 U.S.C. § 105(a) and 363(b) for Entry of an Order Authorizing and Approving Settlement Term Sheet [ECF No. 4410] (the "Motion"), by which the Debtors seek approval of a settlement term sheet among the Debtors, the Sackler Mediation Parties, and eight states and the District of Columbia is unjust!

To be clear, however, Maria Ecke, the Estate of David Jonathan Ecke, Richard Ecke, Andrew Ecke, and Peter Sottile object to any aspect of the settlement that provides disproportionately favorable treatment to States and the District of Columbia over others not a party to the settlement.

In a normal Chapter 11 case, it would be expected for the parties to apply for reimbursement of their expenses as having contributed to the enhancement of the estate and recoveries for all creditors under 11 U.S.C. 503(b)(4). However, based on the separate category for "Specified Payments1," it appears that the costs incurred are less than $4 Million, considerably less than the $276 Million slush fund created here. There is no disclosure whatsoever in the Motion of the basis for calculating the $276 million slush fund.

WHEREFORE, Maria Ecke, the Estate of David Jonathan Ecke, Richard Ecke, Andrew Ecke, and Peter Sottile respectfully request that the Court deny the Motion insofar as it seeks to provide the eight States and the District of Columbia with disproportionately favorable distributions in contravention of the allocation previously established in these cases.

## CERTIFICATE OF SERVICE

The undersigned certifies that on March 4, 2022, a true and correct copy of Maria Ecke's Objection and Joinder to The State of Florida's Objection to Motion of Debtors Pursuant to 11 U.S.C. § 105(a) and 363(b) for Entry of an Order Authorizing and Approving Settlement Term Sheet was filed electronically

with the Clerk of the Court using CM/ECF system which in turn sent notifications of such filing to all interested parties of record.

By:

/s/ Maria Ecke

1According to paragraph 30 of the Motion, the Specified Payments – defined as "the reasonable and documented fees and expenses of outside counsel of the Nine in the Cases (including any adversary proceedings, and any appeals thereunder)" amount to less than $4 million.