UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| PURDUE PHARMA L.P., *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

**ORDER PURSUANT TO 11 U.S.C. §§ 105 AND 363(b)
AUTHORIZING AND APPROVING SETTLEMENT TERM SHEET**

Upon the motion (the "**Motion**")[2] of Purdue Pharma L.P. and its affiliates that are debtors and debtors in possession in these cases (collectively, the "**Debtors**"), for entry of an order, pursuant to sections 105(a) and 363(b) of title 11 of the United States Code (the "**Bankruptcy Code**") authorizing and approving the agreement set forth in the Term Sheet attached to the Motion as **Exhibit B**, as more fully set forth in the Motion; and the Court having jurisdiction to consider the matters raised in the Motion pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b) that the Court can decide by a final order; and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014).  The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

been provided to the Notice Parties and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and upon each of the pleadings filed in response to the Motion and the Debtors' reply; and upon the record of, including the representations made at, the hearing held by the Court on the Motion on March 9, 2022 (the "**Hearing**") and upon all of the proceedings had before the Court; and, after due deliberation and for the reasons stated by the Court in its bench ruling at the Hearing, the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein, in that the relief requested in the Motion and granted herein is in the best interests of the Debtors, their estates, creditors and all other parties in interest in the light of the risks, costs and delay of continued litigation and is consistent with the applicable provisions of the Bankruptcy Code; and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Motion is granted as provided herein.

2. The Court finds that the agreements reflected in the Term Sheet are in the best interests of the Debtors, their estates, creditors and all parties in interest, and that such agreements do not contravene the *Twenty-Sixth Amended Order Pursuant to 11 U.S.C. § 105(a) Granting Motion for a Preliminary Injunction*, Adv. Pro. No. 19-08289 [ECF No. 338] or any provision of the Bankruptcy Code and that the actions taken by members of the Sackler families and the Nine or their related parties in accordance with the Term Sheet are taken in connection with the Chapter 11 Cases for purposes of Section 10.7 of the Plan.

3. Pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, and in all events effective only upon the entry of one or more orders by the Court of Appeals for the Second Circuit or the United States District Court for the Southern District of New York permitting the

consummation of the Plan as enhanced as provided for by the Term Sheet agreements, the Debtors are authorized to (i) revise the Shareholder Settlement Agreement as needed to provide for the incremental payments agreed to by the Sackler Mediation Parties under the Term Sheet and allow for the Direct Settlement Agreement, (ii) provide the additional documents specified in the Term Sheet to the Public Document Repository once established and (iii) take such other steps as may be necessary or desirable in furtherance of the agreements reflected in the Term Sheet and this Order.

4. The Debtors' agreement to pay or reimburse the Specified Payments as set forth in the Term Sheet is approved and the Debtors are authorized to make such payments at such time in accordance with the terms and conditions of the Term Sheet and this Order. The foregoing authorization of the Debtors to make such payments shall be subject, *mutatis mutandis*, to the procedures with respect to authorization of payment of the fees and expenses of the professionals of the Debtors and the Creditors' Committee set forth in the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals* [ECF No. 529] (as may be modified or amended by any subsequent order of the Court with respect thereto, the "**Interim Compensation Order**") including, for the avoidance of doubt, the filing of Monthly Fee Statements and Applications (in each case as defined in the Interim Compensation Order), Interim Fee Hearings (as defined in the Interim Compensation Order), the expiration of the Objection Deadline (as defined in the Interim Compensation Order) or resolution of any Objections (as defined in the Interim Compensation Order) with respect to each Monthly Fee Statement, and the 20% holdback with respect to fees until further order of the Court; *provided* that the standard for authorization of payment of the attorneys' fees and expenses of each of the Nine shall be whether such fees and expenses are (a) reasonable and

documented and (b) reimbursable under the Term Sheet; *provided further* that, for the avoidance of doubt, the attorneys of the Nine shall not be considered retained professionals of the Debtors or Creditors' Committee and the retention of the attorneys of the Nine shall not be required to satisfy the standards for retention set forth in sections 327-328 or 1103 of the Bankruptcy Code.

5.  The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and enforcement of this Order, including the Term Sheet and the definitive documents to be entered into pursuant thereto (including the Direct Settlement Agreement).

Dated: March 10, 2022
       White Plains, New York

                                    */s/ Robert D. Drain*
                                    THE HONORABLE ROBERT D. DRAIN
                                    UNITED STATES BANKRUPTCY JUDGE