**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.**, *et al.*, | **Case No. 19-23649 (RDD)** |
| **Debtors.**[1] | **(Jointly Administered)** |

## COVER SHEET TO THE SIXTH INTERIM APPLICATION OF CORNERSTONE RESEARCH FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS CONSULTANT TO THE DEBTORS FOR THE PERIOD FROM OCTOBER 1, 2021 THROUGH JANUARY 31, 2022

In accordance with Rule 2016-1 of the Local Rules of Bankruptcy Procedure, incorporating the *Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York Bankruptcy Cases* [General Order M-447], among other guidelines (the "**Local Guidelines**") and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals* [ECF No. 529] (the "**Interim Compensation Order**"), Cornerstone Research, consultant for Purdue Pharma L.P. and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), submits this summary (this "**Summary**") of fees and expenses sought as actual and necessary in the fee application to which this Summary is attached (the "**Application**") for the period from October 1, 2021 through January 31, 2022 (the "**Fee Period**").

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

| General Information | |
|---|---|
| **Name of Applicant:** | Cornerstone Research |
| | Consultant to the Debtors |
| **Authorized to Provide Services to:** | Purdue Pharma L.P., *et al*. |
| **Date of Order Approving Retention:** | June 11, 2020 |

| Summary of Fees and Expenses Requested for the Compensation Period | |
|---|---|
| **Time Period Covered by This Application:** | October 1, 2021 through January 31, 2022 |
| **Total Compensation Requested:** | $81,998.00 |
| **Total Expenses Requested:** | $157.07 |
| **Total Compensation and Expenses Requested:** | $82,155.07 |

| Summary of Past Requests for Compensation and Prior Payments | |
|---|---|
| **Compensation Sought in this Application Already Paid Pursuant to a Compensation Order but Not yet Allowed:** | $65,598.40 |
| **Expenses Sought in this Application Already Paid Pursuant to a Compensation Order but Not yet Allowed:** | $157.07 |
| **Total Compensation and Expenses Sought in this Application Already Paid Pursuant to a Compensation Order but Not yet Allowed:** | $65,755.47 |

| Summary of Rates and Other Related Information for the Compensation Period | |
|---|---|
| **Blended Rate in This Application for All Professionals:** | $617.38 |
| **Blended Rate in This Application for All Professionals and Paraprofessionals:** | $614.22 |
| **Number of Professionals Included in This Application:** | 7 |
| **Difference Between Fees Budgeted and Compensation Sought for This Period:** | NA |

**Number of Professionals Billing Fewer**      3
**Than 15 Hours During This Period:**

**Increase in Rates Since Date of Retention:**      The compensation period does not include any rate increases.

This is a(n):          ___monthly          _x_ interim          ___final application

### Summary of Prior Monthly Fee Statements of Cornerstone Research

| Period Covered and ECF No. | Total Fees Requested | Total Expenses Requested | Total Fees and Expenses Requested | Fees Paid | Expenses Paid | Total Balance Remaining to be Paid |
|---|---|---|---|---|---|---|
| 10/1/2021-10/31/2021 ECF No. 4192 | $77,423.00 | $57.00 | $77,480.00 | $61,938.40 | $57.00 | $15,484.60 |
| 11/1/2021-11/30/2021 ECF No. 4249 | $3,825.00 | $100.07 | $3,925.07 | $3,060.00 | $100.07 | $765.00 |
| 12/1/2021-12/31/2021 ECF No. 4322 | $750.00 | $0.00 | $750.00 | $600.00 | $0.00 | $150.00 |
| 01/1/2022-01/31/2022 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| **Total** | | | | | | **$16,399.60** |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.**, *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

### SIXTH INTERIM APPLICATION OF CORNERSTONE RESEARCH FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS CONSULTANT TO THE DEBTORS FOR THE PERIOD FROM OCTOBER 1, 2021 THROUGH JANUARY 31, 2022

Pursuant to sections 327, 330, and 331 of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rule 2016-1 of the Local Rules of Bankruptcy Procedure, incorporating the *Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York Bankruptcy Cases* [General Order M-447], among other guidelines (the "**Local Guidelines**"), The United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases effective as of November 1, 2013 (the "**U.S. Trustee Guidelines**," and together with the Local Guidelines, the "**Fee Guidelines**"), and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals* [ECF No. 529] (the "**Interim Compensation Order**"), Cornerstone Research, consultant for Purdue Pharma

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

L.P. and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), submits this *Sixth Interim Application for Compensation for Services Rendered and Reimbursement of Expenses Incurred for the Period from October 1, 2021 Through January 31, 2022* (this "**Application**"). By this Application, Cornerstone Research seeks allowance of compensation for actual and necessary professional services rendered for the Debtors in the total amount of $81,998.00, and for reimbursement of actual, necessary disbursements that Cornerstone Research incurred in connection with such services in the total amount of $157.07, for an aggregate total of $82,155.07 during the period of October 1, 2021 through January 31, 2022 (the "**Fee Period**").

## Jurisdiction

1.      The United States Bankruptcy Court for the Southern District of New York (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

3.      On September 15, 2019 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On September 18, 2019, the Court entered an order [ECF No. 59] authorizing the joint administration and procedural consolidation of the Debtors' chapter 11 cases pursuant to Bankruptcy Rule 1015(b). No entity has requested the appointment of a trustee in these chapter 11 cases. On September 27, 2019, the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed an official committee of unsecured creditors (the "**UCC**") pursuant to section 1102 of the Bankruptcy Code [ECF No. 131].

4.      A description of the Debtors' businesses, the reasons for commencing the chapter 11 cases, and the relief sought from the Court to facilitate effective administration of these chapter 11 cases are set forth in the *Debtors' Informational Brief* [ECF No. 17].

5.      On November 21, 2019, the Court entered the Interim Compensation Order, which sets forth the procedures for interim compensation and reimbursement of expenses for all professionals in these cases.

### The Debtors' Retention of Cornerstone Research

6.      On June 11, 2020, the Court entered the *Order Authorizing the Retention and Employment of Cornerstone Research as Consultants for the Debtors Nunc Pro Tunc to January 14, 2020* [ECF No. 1255] (the "**Retention Order**"), authorizing Cornerstone Research's retention by the Debtors. The Retention Order attached hereto as **Exhibit B** and incorporated by reference allows the Debtors to compensate and reimburse Cornerstone Research in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Guidelines, and the Interim Compensation Order.

7.      The Retention Order also authorizes the Debtors to compensate Cornerstone Research at its hourly rates charged for services of this type and for the firm's actual, necessary expenses incurred in connection such services rendered during the Fee Period. Among other things, it permits Cornerstone Research to render consulting services (collectively, the "**Cornerstone Services**") to the Debtors, including: quantitative analysis regarding the valuation of claims brought against the Debtors by claimants including, but not limited to, treatment providers, insurers and other third party payors, ratepayers, personal injury claimants, neonatal abstinence syndrome ("**NAS**") claimants, governmental claimants, and Native American tribes and other matters as may be determined by Davis Polk and Cornerstone Research, and, if applicable, any expert being supported by Cornerstone Research.

**Compensation Paid and Its Sources**

8.      All services during the Fee Period for which compensation is requested by Cornerstone Research were performed for or on behalf of the Debtors. Additionally, Cornerstone Research has not received any payment or promises of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with matters covered by this Fee Application. A certification confirming Cornerstone Research's compliance with the Fee Guidelines is annexed hereto as **Exhibit A**.

9.      To the extent that billable time or disbursement charges for services rendered or expenses incurred relate to the Fee Period, but were not processed prior to the preparation of this Fee Application, Cornerstone Research reserves the right to request compensation for such services and reimbursement of such expenses in a future fee application.

10.      These professional services were rendered by Cornerstone Research staff.

**Summary of Professional Compensation and Reimbursement of Expenses Requested**

11.      During the Fee Period, Cornerstone Research's professionals and paraprofessionals expended a total 133.50 hours in connection with providing necessary services. Cornerstone Research has been able to efficiently provide services by utilizing the expertise of professionals to effectively advise the Debtors regarding discrete issues and ensuring that the level of seniority is commensurate with the assignment. Cornerstone Research, in connection with services rendered on behalf of the Debtors, respectfully requests allowance of reasonable compensation of such services rendered in the total amount of $81,998.00 and reimbursement of actual and necessary expenses incurred in the amount of $157.07, for an aggregate total of $82,155.07 for the Fee Period. Annexed hereto as **Exhibit C** is a list of Cornerstone Research professionals and paraprofessionals, their position with the firm, the hourly rate charged for their services, the number of hours worked on this matter, and other pertinent information. **Exhibit D** annexed hereto is a list of the various categories and the total fees and total hours expended by subject matter category. Cornerstone Research maintains computerized, detailed time records of services

8

rendered by its consultants. The detailed records for this Fee Period were appended to Cornerstone Research's Monthly Fee Statements. Cornerstone Research is engaged in ongoing discussions with the Debtors regarding budgeting and staffing issues. Annexed hereto as **Exhibit E** is Cornerstone Research's staffing plan in connection with services rendered to the Debtors.

### Summary of Services Rendered

12.     During the Fee Period, Cornerstone Research provided extensive and critical professional advice and other services, involving complex, novel issues involved in resolving the disparate interests of the diverse stakeholder groups in these chapter 11 cases. Summaries of significant services described above are detailed below:

Claims Valuation

Fees:  $76,305.50 Total Hours: 125.80

- Under this project category, Cornerstone Research assisted the Debtors with analysis of the claims brought by the various claimant groups. Specifically, Cornerstone Research:

  o Assisted counsel with analyses related to the motion to stay the Chapter 11 Plan, including assessment of the value that the opioid abatement programs funded under the Chapter 11 Plan would provide to various claimant groups.

  o Consulted with and responded to inquiries from counsel regarding the foregoing.

Preparation of Fee Statements/Interim Application

Fees: $5,692.50 Total Hours: 7.70

- Under this project category, Cornerstone Research assisted the Debtors with issues related to Cornerstone Research's retention, including the preparation and review of Cornerstone Research's monthly fee and interim applications. Specifically, Cornerstone Research:

  o Drafted and prepared a consolidated monthly fee application and interim application for the months of June through September 2021, as well as monthly fee statements for the months of September, October, and November 2021.

9

o    Internally coordinated and reviewed time entries of all timekeepers for privilege

and confidentiality.

## Actual and Necessary Expenses

13.    As set forth in **Exhibit F** hereto, Cornerstone Research has incurred or disbursed

$157.07 in expenses in providing professional services to the Debtors during the Compensation

Period. These expenses amounts are intended to cover Cornerstone Research's direct expenses

which are not incorporated into the hourly billing rates. Only clients for whom the services are

actually used are separately charged for such services.

14.    Cornerstone Research has made every effort to minimize its expenses in the Chapter

11 Cases. The actual expenses incurred in providing professional services to the Debtors were

necessary, reasonable, and justified under the circumstances to serve the needs of the Debtors.

## Cornerstone Research's Requested Compensation Should Be Allowed

15.    Section 331 of the Bankruptcy Code provides for interim compensation of

professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code to

govern the Court's award of such compensation. Section 330 of the Bankruptcy Code provides that

a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable

compensation for actual necessary services rendered … and reimbursement for actual, necessary

expenses." 11 U.S.C. § 330(a) (1). Section 330 also sets forth the criteria for the award of such

compensation and reimbursement:

In determining the amount of reasonable compensation to be awarded, the court should
consider the nature, extent, and the value of such services, taking into account all relevant
factors, including –

(a)    the time spent on such services;

(b)    the rates charged for such services;

(c)    whether the services were necessary to the administration of,
or beneficial at the time at which the service was rendered
toward the completion of, a case under this title;

(d)    whether the services were performed within a reasonable

amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

(e)     whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

16.     The foregoing professional services were performed by Cornerstone Research in an efficient manner, were necessary and appropriate to the administration of the Chapter 11 Cases, and were in the best interests of the Debtors, their estates, and other parties in interest. Compensation for the foregoing services as requested is commensurate with the complexity, importance, and nature of the problems, issues, and tasks involved. As required by the U.S. Trustee guidelines, annexed hereto as **Exhibit G** is a chart setting forth the comparative blended rates of the professionals who rendered services with a corresponding comparison of rates for Cornerstone Research professionals not involved in these chapter 11 cases.

## Notice

17.     The Debtors will provide notice of this Application in accordance with the Interim Compensation Order.  The Debtors submit that no other or further notice be given.

*[Remainder of Page Left Blank Intentionally]*

WHEREFORE, Cornerstone Research, in connection with services rendered on behalf of the Debtors, respectfully requests allowance of reasonable compensation of such services rendered and reimbursement of expenses incurred in the total amount of $82,155.07 for the Fee Period.

Dated:    March 11, 2022
          Boston, Massachusetts

                              CORNERSTONE RESEARCH

                              By:    _/s/ Sally Woodhouse_____

                              699 Boylston Street
                              Boston, Massachusetts 02116
                              Telephone: (617) 927-3000
                              Facsimile: (617) 927-3100

## **Exhibit A**

**Certification of Compliance with Fee Guidelines**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.**, *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

### CERTIFICATION OF SALLY WOODHOUSE IN SUPPORT OF SIXTH INTERIM APPLICATION OF CORNERSTONE RESEARCH FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS CONSULTANT TO THE DEBTORS FOR THE PERIOD FROM OCTOBER 1, 2021 THROUGH JANUARY 31, 2022

I, Sally Woodhouse, hereby certify that:

1.      I am a senior vice president at Cornerstone Research, located at 699 Boylston Street, Boston, Massachusetts.  I am familiar with the work performed on behalf of the above-captioned debtors and debtors in possession ("**Debtors**") by Cornerstone Research.

2.      I have reviewed the *Sixth Interim Application of Cornerstone Research for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Consultant to the Debtors for the Period from October 1, 2021 Through January 31, 2022* (the "**Application**") to certify to certain matters addressed in the (i) *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* entered on November 21, 2019

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034),  Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[ECF No. 529] (the "**Interim Compensation Order**"), (ii) Rule 2016-1 of the Local Rules of Bankruptcy Procedure, incorporating the *Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York Bankruptcy Cases* [General Order M-447], among other guidelines (the "**Local Guidelines**"), and (iii) The United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases effective as of November 1, 2013 (the "**U.S. Trustee Guidelines,**" and together with Local Guidelines, the "**Fee Guidelines**").[2] The Application covers the period from October 1, 2021 through January 31, 2022 (the "**Fee Period**").

    3.    To the best of my knowledge, information and belief, the statements contained in the foregoing Application are true and accurate in all material respects and comply with the Fee Guidelines in material part. Cornerstone Research responds to the questions identified in the U.S. Trustee Guidelines as follows:

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Interim Compensation Order.

<u>Question 1</u>: Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees, or terms for services pertaining to this engagement that were provided during the application period? If so, please explain.

<u>Answer</u>: Cornerstone Research has not agreed to negotiated discounts off of its standard rates.

<u>Question 2</u>: If the fees sought in the Application as compared to the fees budgeted for the time period covered by the Application are higher by 10% or more, did you discuss the reasons for the variation with the client?

<u>Answer</u>: Cornerstone Research has provided the client with the actual amount of fees incurred on a monthly basis and engages in ongoing discussions with the client regarding fees and expenses generally, but did not prepare an itemized budget for the Fee Period.

<u>Question 3</u>: Have any of the professionals included in the Application varied their hourly rate based on geographic location of the bankruptcy case?

<u>Answer</u>: As disclosed in the Retention Application, no.

<u>Question 4</u>: Does the Application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices?

<u>Answer</u>: The Application includes time and fees related to reviewing or revising time records or preparing, reviewing, or revising invoices in connection with the preparation of one monthly fee statement and an interim application relating to the period June-September 2021 as well as two monthly fee statements relating to the Fee Period covered by the Application. Cornerstone Research is seeking compensation for 7.70 hours and $5,692.50 in fees related to reviewing and revising time records with respect to the preparation of such fee applications.

<u>Question 5</u>: Does the Application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify hours and fees.

<u>Answer</u>: The Application includes time and fees related to reviewing time records to redact any privileged or other confidential information. Such charges are included in the time charges set forth in the response to question 4 and are not separately calculated.

<u>Question 6</u>: Did the Application include any rate increases since retention in these cases:

> <u>Answer</u>: The Application does not include any rate increases during the Fee Period.

<u>Question 7</u>: Did the client agree when retaining Cornerstone Research to accept all future rate increases? If not, did Cornerstone Research inform the client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11-458?

> <u>Answer</u>: The client was informed regarding Cornerstone Research's rates and future rate increases as part of its approval of Cornerstone Research's retention application.

Dated:   March 11, 2022
        Boston, Massachusetts

By:   */s/ Sally Woodhouse*_____
       Sally Woodhouse
       Senior Vice President
       CORNERSTONE RESEARCH

A-5

**<u>Exhibit B</u>**

**Retention Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.**, *et al.*, | Case No. 19-23649 (RDD) |
| Debtors. [1] | (Jointly Administered) |

### ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF CORNERSTONE RESEARCH AS CONSULTANTS FOR THE DEBTORS *NUNC PRO TUNC* TO JANUARY 14, 2020

Upon the application, by  notice of presentment dated May 13, 2020 (the "**Application**"),[2] of Purdue Pharma L.P. and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to section 327(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Bankruptcy Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), for entry of an order authorizing the Debtors to retain Cornerstone as consultant to the Debtors with respect to the Cornerstone Services, effective *nunc pro tunc* to January 14, 2020, all as more fully set forth in the Application; and upon the declaration of Thomas O. Powell, the associate general counsel of Cornerstone Research, attached to the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P., Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Capitalized terms used but not defined in this Order shall have the meanings ascribed to them in the Application.

Application as **Exhibit C** (the "**Powell Declaration**") and the declaration of Richard Silbert, attached to the Application as **Exhibit D** (the "**Silbert Declaration**"); and this Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application and the opportunity for a hearing thereon having been provided; and there being no objections to the Application, and no additional notice or a hearing being required; and the Court having considered the Powell Declaration and the Silbert Declaration, filed contemporaneously with the Application; and after due deliberation the Court having determined that Cornerstone does not hold or represent an adverse interest to the Debtors or their estates and that it is disinterested under section 101(14) of the Bankruptcy Code; and the Court having further determined that Cornerstone's retention is necessary and in the best interests of the Debtors, their creditors, and all parties in interest, and that the legal and factual bases set forth in the Application establish good and sufficient cause for the relief granted herein; now, therefore,

### IT IS HEREBY ORDERED THAT:

1.     The Application is granted as set forth herein.

2.     The Debtors are authorized to retain Cornerstone as consultants to the Debtors with respect to the Cornerstone Services, effective *nunc pro tunc* to January 14, 2020, and Cornerstone is authorized to perform the Cornerstone Services described in the Application.

3.     Cornerstone shall file fee applications for allowance of its compensation and reimbursement of its expenses with respect to services rendered in these chapter 11 cases with this Court in accordance with, and be compensated pursuant to, sections 330 and 331 of the

2

Bankruptcy Code, as the case may be, and the applicable Bankruptcy Rules, Local Rules, and fee

and expense guidelines and orders of this Court.

       3.     Cornerstone shall provide reasonable notice to the Debtors, the U.S. Trustee

and any statutory committee appointed in these chapter 11 cases before implementing any

increases in the rates set forth in the Application for professionals providing the Cornerstone

Services.

       4.     Notwithstanding anything to the contrary in the Engagement Letter, its

indemnification provisions are hereby modified and restated in its entirety as follows:

(a)     All requests by Cornerstone for payment of indemnity pursuant to the Engagement Letter shall be made by means of an application (interim or final as the case may be) and shall be subject to review by the Court to ensure payment of such indemnity conforms to the terms of the Engagement Letter and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought; provided, however, that in no event shall Cornerstone be indemnified in the case of its own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence or willful misconduct;

(b)     In the event that Cornerstone seeks reimbursement from the Debtors for reasonable attorneys' fees in connection with a request by Cornerstone for payment of indemnity pursuant to the Engagement Letter, as modified by this Order, the invoices and supporting time records from such attorneys shall be included in Cornerstone's own application (both interim and final) and such invoices and time records shall be subject to the Fee Guidelines and the approval of the Court under the standards of sections 330 and 331 of the Bankruptcy Code without regard to whether such attorney has been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code; and

(c)     Cornerstone shall not be entitled to reimbursement by the Debtors for any fees, disbursements and other charges of Cornerstone's counsel other than those incurred in connection with a request of Cornerstone for payment of indemnity.

       5.     The limitation of liability section in paragraph 9 of the Engagement Letter

is deemed to be of no force or effect with respect to the services to be provided pursuant to this

Order.

6.       Notwithstanding anything in the Application or the Engagement Letter to the contrary, if Cornerstone terminates this engagement by giving written notice to PPLP at least 7 days before the effective date of termination in accordance with Section 5 of the Engagement Letter, Cornerstone shall remain entitled to any fees and expenses accrued but not yet paid prior to such termination, subject to Court approval of (a) such termination and (b) any fees and expenses accrued and not yet paid under the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of the Court.

7.       Notwithstanding anything in the Application or the Engagement Letter, including, without limitation, paragraph 11 thereof, to the contrary, during the pendency of these chapter 11 cases, this Court retains exclusive jurisdiction with respect to any matters, claims, rights or disputes arising out of and/or pertaining to Cornerstone's engagement and the implementation of this Order until such jurisdiction is relinquished.

8.       The relief granted herein shall be binding upon any chapter 11 trustee appointed in any of these Chapter 11 Cases or upon any chapter 7 trustee appointed in the event of a subsequent conversion of any of the Chapter 11 Cases to cases under chapter 7.

9.       Notice of the Application as provided therein is good and sufficient notice of such Application and the requirements of Bankruptcy Rule 6004(h) and the Local Rules are satisfied by such notice.

10.       Notwithstanding any provision in the Bankruptcy Rules to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

11.       The Debtors are authorized to take all reasonable actions necessary to effectuate the relief granted in this Order in accordance with the Application.

12.    In the event of any inconsistency between the Application, the Engagement
Letter and this Order, the terms of this Order shall govern.

13.    This Court shall retain jurisdiction to hear and determine all matters arising
from or related to the implementation, interpretation, and enforcement of this Order.

Dated:    June 11, 2020
          White Plains, New York

                                        /s/Robert D. Drain
                                        THE HONORABLE ROBERT D. DRAIN
                                        UNITED STATES BANKRUPTCY JUDGE

**Exhibit C**

**Professional and Paraprofessional Fees for Fee Period**

| Individual | Title | Hourly Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| **Professional Fees** | | | | |
| Kovacheva, Penka | Principal | $750.00 | 28.50 | $ 21,375.00 |
| Haque, Rezwan | Senior Manager | $695.00 | 1.50 | $ 1,042.50 |
| Abraham, Sarah M. | Manager | $645.00 | 43.70 | $ 28,186.50 |
| Guo, Fang | Manager | $645.00 | 24.70 | $ 15,931.50 |
| Popov, Anton | Associate | $535.00 | 8.00 | $ 4,280.00 |
| King, Kyla M. | Research Associate | $440.00 | 17.00 | $ 7,480.00 |
| Wang, Qian | Analyst | $360.00 | 8.20 | $ 2,952.00 |

| | | | | |
|---|---|---|---|---|
| **Paraprofessional Fees** | | | | |
| Chiappetta, Sarah | Senior Information Specialist | $395.00 | 1.40 | $ 553.00 |
| Gamberg, Heather L. | Senior Information Specialist | $395.00 | 0.50 | $ 197.50 |

*Total*                                     **133.50**        **$81,998.00**

**Exhibit D**

**Fees by Project Category for Fee Period**

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Claims Valuation | 125.80 | $ 76,305.50 |
| Preparation of Fee Statements/Interim Application | 7.70 | $ 5,692.50 |
| **Total** | 133.50 | $ 81,998.00 |

**<u>Exhibit E</u>**

**Staffing Plan for Fee Period**

Cornerstone Research discussed consultant staffing with the Debtors throughout the cases and has supplemented and adjusted its team as necessary to meet the needs of the Debtors under the changing circumstances of these cases.

## Exhibit F

**Expense Summary**

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Document Acquisition | Journal Articles | $ 157.07 |
| **Total** | | $ 157.07 |

## Exhibit G

**Customary and Comparable Compensation Disclosures for the Fee Period**

| CATEGORY OF TIMEKEEPER | Standard Rates for Professionals and Paraprofessionals at Cornerstone Research for the Fee Period[1] | Purdue Application Blended Hourly Rate |
|---|---|---|
| Principal | $725-$800 | $750.00 |
| Manager/ Senior Manager | $625-$700 | $646.07 |
| Associate | $510-$590 | $535.00 |
| Research Associate | $420-$510 | $440.00 |
| Analyst | $330-$360 | $360.00 |
| **Paraprofessionals** | | |
| Information Resources | $205-$420 | $395.00 |

---

[1] Rates differ within a level due to the relative experience of the staff.