Kami E. Quinn
Gilbert LLP
700 Pennsylvania Avenue, SE
Suite 400
Washington, DC 20003
Tel:  202.772.2200
Fax:  202.772.3333
E-mail:  quinnk@gilbertlegal.com

*Co-Counsel to the Ad Hoc Committee of
Governmental and Other Contingent
Litigation Claimants*

**UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| *In re:* | : | |
| | : | |
| | : | Chapter 11 |
| PURDUE PHARMA L.P., *et al.*, | : | |
| | : | Case No. 19-23649 (RDD) |
| | : | |
| Debtors.[1] | : | (Jointly Administered) |
| | : | |

**SUMMARY OF SEVENTH INTERIM APPLICATION FOR ALLOWANCE
OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT
OF EXPENSES OF GILBERT LLP AS CO-COUNSEL TO THE AD HOC COMMITTEE
OF GOVERNMENTAL AND OTHER CONTINGENT LITIGATION CLAIMANTS
FOR THE PERIOD OCTOBER 1, 2021 THROUGH JANUARY 31, 2022**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows:  Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014).  The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

| | |
|---|---|
| Name of Applicant: | Gilbert LLP |
| Authorized to Provide Professional Services to: | Co-Counsel to the Ad Hoc of Committee of Governmental and Other Contingent Litigation Claimants |
| Application Period: | October 1, 2021 – January 31, 2022 |
| Fees Requested for Application Period: | $3,141,959.00 |
| Expenses Requested for Application Period: | $27,958.47 |
| Amounts Requested for Application Period: | $3,169,917.47 |
| Less Amounts Paid to Date for Application Period: | $1,770,669.79 |
| Net Amount to be Paid for Application Period (20% Holdback of Fees and any unpaid amounts): | $1,399,247.68 |
| Blended Attorney Rate: | $819.08 |
| Blended Rate of All Timekeepers: | $697.14 |
| Number of Professionals Included in this Application: | 32 |
| Number of Professionals Billing Fewer than 15 Hours to the Case During this Application Period: | 2 |
| If applicable, number of professionals in this Application not included in staffing plan: | 3 |
| If applicable, difference between fees budgeted and compensation sought for this Application Period: | Fees incurred were less than budgeted for the period |
| Are any rates higher than those approved or disclosed at retention?  If yes, calculate and disclose the total compensation sought in this application using the rate originally disclosed in the retention application. | N/A |

This is an __X__ Interim or _____ Final Fee Application

## SUMMARY OF FEE FILINGS INCLUDED IN SEVENTH INTERIM APPLICATION

| Date Filed / Docket No. | Period Covered | Total Fees | Total Expenses | Fees Paid (80%) | Expenses Paid (100%) | Total Paid |
|---|---|---|---|---|---|---|
| 01/01/2022 Dkt #4265 | 10/01/2021–10/31/2021 | $699,910.00 | $1,818.99 | $559,928.00 | $1,818.99 | $561,746.99 |
| 02/04/2022 Dkt #4332 | 11/01/2021–11/30/2021 | $732,359.00 | $262.80 | $585,887.20 | $262.80 | $586,150.00 |
| 02/04/2022 Dkt #4333 | 12/01/2021–12/31/2021 | $778,466.00 | $0.00 | $622,772.80 | $0.00 | $622,772.80 |
| 03/__/2022 Dkt # | 01/01/2022–01/31/2022 | $931,224.00 | $25,876.68 | $0.00 | $0.00 | $0.00 |
| | | $3,141,959.00 | $27,958.47 | $1,768,588.00 | $2,081.79 | $1,770,669.79 |

## PRIOR INTERIM FEE APPLICATIONS

| Date Filed / Docket No. | Application / Period Covered | Total Fees Requested | Total Expenses Requested | Total Fees Allowed | Total Expenses Allowed |
|---|---|---|---|---|---|
| 03/16/2020 Dkt #956 | First Interim Application for the period 09/16/2019 – 01/31/2020 | $946,935.75 | $22,218.14 | $929,346.50 | $20,745.57 |
| 07/20/2020 Dkt #1458 | Second Interim Application for the period 02/01/2020 – 05/31/2020 | $1,078,669.00 | $23,191.60 | $1,073,603.50 | $22,905.40 |
| 12/16/2020 Dkt #2144 | Third Interim Application for the period 06/01/2020 – 09/30/2020 | $1,062,892.00 | $9,305.17 | $1,031,929.70 | $9,305.17 |
| 03/17/2021 Dkt #2523 | Fourth Interim Application for the period 10/01/2020 – 01/31/2021 | $2,853,528.00 | $3,645.84 | $2,840,460.90 | $3,645.84 |
| 07/15/2021 Dkt #3224 | Fifth Interim Application for the period 02/01/2021 – 05/31/2021 | $3,010,527.00 | $12,859.32 | $2,992,048.06 | $12,859.32 |
| 11/15/2021 Dkt #4128 | Sixth Interim Application for the period 06/01/2021 – 09/30/2021 | $2,766,720.00 | $56,440.83 | $2,730,626.18 | $56,440.83 |
| | Totals | $11,719,271.75 | $127,660.90 | $11,598,014.84 | $125,902.13 |

Kami E. Quinn
Gilbert LLP
700 Pennsylvania Avenue, SE
Suite 400
Washington, DC 20003
Tel:  202.772.2200
Fax:  202.772.3333
E-mail:  quinnk@gilbertlegal.com

*Co-Counsel to the Ad Hoc Committee of
Governmental and Other Contingent
Litigation Claimants*

**UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| *In re:* | : | |
| | : | |
| | : | Chapter 11 |
| PURDUE PHARMA L.P., *et al.*, | : | |
| | : | Case No. 19-23649 (RDD) |
| | : | |
| Debtors.[1] | : | (Jointly Administered) |
| | : | |

**SEVENTH INTERIM APPLICATION FOR ALLOWANCE OF COMPENSATION FOR
SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED
BY GILBERT LLP AS CO-COUNSEL TO THE AD HOC COMMITTEE OF
GOVERNMENTAL AND OTHER CONTINGENT LITIGATION CLAIMANTS
FOR THE PERIOD OCTOBER 1, 2021 THROUGH JANUARY 31, 2022**

TO:   THE HONORABLE ROBERT D. DRAIN
        UNITED STATES BANKRUPTCY JUDGE

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows:  Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014).  The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

Gilbert LLP (the "Applicant" or "Gilbert"), co-counsel to the Ad Hoc Committee of

Governmental and Other Contingent Litigation Claimants (the "AHC") in the above-captioned

bankruptcy proceeding, hereby submits this Seventh Interim Application for Allowance of

Compensation for Professional Services Rendered and for Reimbursement of Actual and Necessary

Expenses Incurred for the Period October 1, 2021 through January 31, 2022 (the "Application"),

pursuant to title 11 of the United States Bankruptcy Code (the "Bankruptcy Code"), §§ 330(a) and

331, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") Rule 16, and the Local

Bankruptcy Rules of the Southern District of New York (the "Local Bankruptcy Rules") Rule

2016-1, for the interim allowance of compensation for professional services rendered and

reimbursement of actual and necessary expenses incurred by Gilbert for and on behalf of the AHC

for the period commencing October 1, 2021 through and including January 31, 2022 (the "Seventh

Interim Period").  In support of the Application, Gilbert respectfully represents as follows:

## JURISDICTION AND STATUTORY GROUNDS

1.      This United States Bankruptcy Court for the Southern District of New York (the

"Bankruptcy Court") has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.

2.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a

core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

## BACKGROUND

3.      On September 15, 2019 (the "Petition Date"), the Debtors filed a voluntary Chapter

11 proceeding under the Bankruptcy Code.  The Debtors are authorized to operate their businesses

and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the

Bankruptcy Code.  The Debtors' Chapter 11 cases are being jointly administered for procedural

purposes only pursuant to Bankruptcy Rule 1015(b).

2

4.    On September 26, 2019, the UST appointed a statutory committee of unsecured creditors (the "UCC").  No trustee or examiner has been appointed in these Chapter 11 cases.

5.    Prior to the Petition Date, the Debtors reached an agreement in principle with: (i) 24 states;[2] (ii) five U.S. territories, including Puerto Rico; (iii) the plaintiffs' executive committee ("PEC") of the multidistrict litigation pending in the United States District Court for the Northern District of Ohio, *In re National Prescription Opiate Litigation*, No. 1:17-md-02804-DAP (the "MDL"), which represents over 2,250 counties, municipalities, Native American and Alaska Native tribes, individuals, and third-party payors; and (iv) certain major U.S. cities and counties in connection with a comprehensive settlement framework to settle the claims relating to the Debtors' opioid business (the "Settlement Framework").  In September 2019, and at the request of the Debtors, representatives of these settling states, the PEC, and other MDL and non-MDL litigants formed the AHC.[3]

6.    On September 15, 2019 and prior to the commencement of these Chapter 11 cases, the Debtors and the Ad Hoc Committee executed a reimbursement agreement (the "Reimbursement Agreement") under which the Debtors agreed to pay the reasonable and documented fees and expenses of the following professionals of the Ad Hoc Committee:  (i) Brown Rudnick LLP; (ii) Gilbert LLP; (iii) Kramer Levin Naftalis & Frankel LLP; (iv) Otterbourg PC; (v) a financial advisory firm (FTI Consulting, Inc.); (vi) an investment banker firm; and (vii) economic consultants Compass Lexecon and Coulter & Justice (collectively, the "Professionals") on the terms set forth therein.  On October 7, 2019, the Debtors, the AHC, and the Shareholder Parties (as defined in the

_____

[2] Since that time, the State of Arizona has withdrawn from the Ad Hoc Committee.

[3] The Bankruptcy Rule 2019 statement for the Ad Hoc Committee is filed at Docket No. 279.  The Ad Hoc Committee currently consists of:  (i) 10 states; (ii) the PEC; (iii) six political subdivisions of states; and (iv) one federally recognized American Indian Tribe.

Settlement Term Sheet) agreed to a Summary Term Sheet (the "Settlement Term Sheet") [Docket

No. 257] that memorializes the key terms of the Settlement Framework.  As a part of the Settlement

Framework and Settlement Term Sheet, the Debtors agreed to file a motion to assume the

Reimbursement Agreement and for authority to pay the reasonable and documented fees and

expenses of the Professionals in accordance with the terms of the Reimbursement Agreement.

Pursuant to the Settlement Term Sheet, each member of the AHC agreed to support the Debtors'

efforts to stay pending litigation against Purdue and related parties, for a period of 180 days.  In

accordance with this agreement, the AHC supported the Debtors' motion requesting a stay of such

actions (as reflected in the filed statement [Docket. No. 62, Adv. Pro. 19-08289]), further

solidifying the Debtors' reliance upon the existence of the Settlement Structure in advocating for a

stay.

7.    On October 29, 2019, the Debtors filed a *Motion to Assume the Prepetition*

*Reimbursement Agreement with the Ad Hoc Committee and to Pay the Fees and Expenses of the*

*Ad Hoc Committee's Professionals* [Docket No. 394].  On December 2, 2019, the Court entered

the *Order Granting the Motion Authorizing Debtors to Assume the Reimbursement Agreement*

*and Pay the Fees and Expenses of the Ad Hoc Committee's Professionals* [Docket No. 553] (the

"Reimbursement Order") allowing the AHC to seek allowance of fees and reimbursement of

actual and necessary expenses on a monthly and interim basis in these Chapter 11 cases.

8.    On December 22, 2020, this Court entered the *Second Supplemental Order*

*Authorizing the Debtors to Assume the Reimbursement Agreement and Pay the Fees and Expenses of*

*the Ad Hoc Committee's Professionals* [Docket No. 2190] (the "Supplemental Order").

## COMPENSATION AND EXPENSES REQUESTED IN THIS APPLICATION

9.    This Application has been prepared in accordance with the Amended Guidelines for

Fees and Disbursements for Professionals in the Southern District of New York Bankruptcy Cases

4

adopted by the Court on January 23, 2013 (the "Local Guidelines"), as amended, the United States

Trustee for the Southern District of New York (the "UST") Guidelines for Reviewing Applications

for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on

January 30, 1996 (the "UST Guidelines"), the *Order Establishing Procedures for Interim*

*Compensation and Reimbursement of Expenses for Retained Professionals* [Docket No. 529] (the

"Interim Compensation Order") (collectively with the Local Guidelines and UST Guidelines, the

"Guidelines"), and the Reimbursement Order.  Pursuant to the Local Guidelines, a certification of

Kami E. Quinn regarding compliance with the same is attached as Exhibit "A" hereto.

10.    Pursuant to the Reimbursement Order, Gilbert seeks interim allowance of fees for

professional services rendered during the Seventh Interim Period in the amount of $3,141,959.00

(the "Seventh Interim Fees") and reimbursement of expenses incurred in connection with the

rendition of these services in the aggregate amount of $27,958.47 (the "Seventh Interim Expenses").

During the Seventh Interim Period, Gilbert's attorneys and paraprofessionals expended a total of

approximately 4,506.9 hours for which compensation is requested.

11.    There is no agreement or understanding between Gilbert and any other person, other

than partners of Gilbert, for the sharing of compensation to be received for services rendered in these

Chapter 11 cases.

12.     The fees charged by Gilbert in these Chapter 11 cases are billed in accordance with

its existing billing rates and procedures.

13.    During the course of these Chapter 11 cases, Gilbert exercised its billing discretion

and voluntarily wrote off certain fees and expenses in connection with the Monthly Fee Statements.

14.    Gilbert's rates for the services rendered by its attorneys and paraprofessionals in these

Chapter 11 cases are the same rates that Gilbert charges for professional and paraprofessional

services rendered in comparable non-bankruptcy matters[4].  Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable non-bankruptcy cases in a competitive national legal market.

15.    Pursuant to the UST Guidelines, annexed hereto as Exhibit "B" is a schedule setting forth all attorneys and paraprofessionals employed by Gilbert who have performed services in these Chapter 11 cases during the Application Period, the capacities in which each individual is employed by Gilbert, the year in which the individual was licensed to practice law, the hourly billing rate charged by Gilbert for services performed by each individual, and the aggregate numbers of hours expended and fees billed.

16.    Annexed hereto as Exhibit "C" is a schedule specifying the categories of expense for which Gilbert is seeking reimbursement and the total amount for each such expense category.

17.    Pursuant to UST Guidelines, annexed hereto as Exhibit "D" is a summary of Gilbert's time billed during the Application Period, broken down by project category as hereinafter defined.

18.    Gilbert maintains computerized records of the time spent by all of Gilbert's attorneys and paraprofessionals in connection with its representation of the AHC.  These records were used to prepare detailed time descriptions in accordance with the UST Guidelines, organized by project code, and summarized in Exhibit "D."  These detailed time records, along with the detailed expenses incurred in connection with the services rendered, were submitted to the "Notice Parties" specified in the Interim Compensation Order as part of the Monthly Fee Statements (defined below).  Subject to the redaction for attorney-client or other privilege(s), copies of the final detailed time records and expenses for the Seventh Interim Period have been submitted to the Court and the Notice Parties.

---

[4] Gilbert's hourly rates are reviewed from time to time and are subject to periodic adjustment.  In the ordinary course of Gilbert's business and in keeping with the firm's established billing procedures, Gilbert adjusted its standard billing rates effective as of January 1, 2022.

## SEVENTH INTERIM PERIOD FEES & EXPENSES

19.     Pursuant to the Interim Compensation Order established in these Chapter 11 cases,

Gilbert provided the appropriate Notice Parties with the following monthly fee statements:

        a.      October 1, 2021 through October 31, 2021, fees in the amount of $699,910.00

and expenses in the amount of $1,818.99 (the "October Fee Statement");

        b.      November 1, 2021 through November 30, 2021, fees in the amount of

$732,359.00 and expenses in the amount of $262.80 (the "November Fee Statement");

        c.      December 1, 2021 through December 31, 2021, fees in the amount of

$778,466.00 and expenses in the amount of $0.00 (the "December Fee Statement"); and

        d.      January 1, 2022 through January 31, 2022, fees in the amount of $931,224.00

and expenses in the amount of $25,876.68 (the "January Fee Statement") (collectively the

"Monthly Fee Statements").

20.     Gilbert submitted Monthly Fee Statements during the Seventh Interim Period for fees

in the amount of $3,141,959.00 and expenses in the amount of $27,958.47 and is seeking approval of

100% of both fees and expenses.  As of the date of this Application, no Notice Party has objected to

Gilbert's Monthly Fee Statements.

21.     In accordance with the Interim Compensation Order, Gilbert sought payment of 80%

of fees and 100% of expenses incurred, pursuant to each monthly fee statement filed with the Court.

Gilbert has received payments with respect to the Monthly Fee Statements as reflected the summary

submitted with this Application.

22.     By this Application, Gilbert respectfully requests that the Court enter an order

awarding Gilbert interim fees in the amount of $3,141,959.00 and reimbursement of actual and

necessary expenses in the amount of $27,958.47.  Gilbert requests payment of the 20% holdback of

7

fees in the amount of $628,931.80, unpaid fees of 80% in the amount of $744,979.20, and unpaid

expenses of 100% in the amount of $25,876.68, which were requested pursuant to the Monthly Fee

Statements.

23.     In the case that any time or expenses incurred for the Seventh Interim Period were not

processed prior to the preparation of this Application, Gilbert reserves the right to request

compensation for such services and reimbursement of such expenses in a future application.

24.     During the Seventh Interim Period, the AHC worked with the Debtors and other

parties in interest to implement the Settlement Framework as part of a chapter 11 plan.

25.     Gilbert submits that its services throughout the Seventh Interim Period warrant this

Court's approval of the requested fees and expenses being sought for approval and the requested

expenses being sought for payment, including the 20% holdback of fees during the Seventh Interim

Period.

26.     The legal services rendered by Gilbert during the Seventh Interim Period are

summarized below.  The detailed description of the work performed on a day-to-day basis and the

time expended in performing such services are fully set forth in the time records previously

submitted to the Bankruptcy Court and the Notice Parties.  In compliance with the UST Guidelines,

the summary below highlights certain areas in which services were rendered by Gilbert to and for the

benefit of the AHC and identifies some of the issues to which Gilbert devoted significant time and

effort during the Seventh Interim Period.

27.     The summary is divided among the project billing codes that Gilbert created to best

reflect the categories of tasks that were required to provide services to the AHC in connection with

these Chapter 11 cases.  Given the connections among the issues in these Chapter 11 cases, there are

overlaps among certain categories.  Descriptions of the services generally provided in the categories

of tasks is as follows:

A.    **Asset Analysis & Recovery (A001)**
      (Fees: $46,944.00; Hours Billed: 57.6)

During the Seventh Interim Period, Gilbert provided services in this category that included, but were not limited to, continuing analysis of the Debtors' insurance coverage and recovery strategy.

B.    **Case Administration (A004)**
      (Fees: $8,510.00; Hours Billed: 41.7)

The services provided in this category included, but were not limited to, reviewing dockets, tracking filings, and other general case administration.

C.    **Fee Applications / Employment (A006)**
      (Fees: $4,997.00; Hours Billed: 15.4)

The services provided in this category included, but were not limited to, drafting monthly fee statements, drafting an interim application, and communicating with the Fees Examiner regarding fee application questions / issues.

D.    **Meetings / Communications with AHC & Creditors (A009)**
      (Fees: $126,887.50; Hours Billed: 94.4)

The services provided in this category include, but were not limited to, meetings and/or communication with the AHC, the AHC professionals, the non-state group, and other creditors regarding status of the case, strategy and matters related to the confirmation of a plan.

E.    **Non-Working Travel (A015)**
      (Fees: $1,785.00; Hours Billed: 5.1)

The services provided in this category include travel to and from New York, NY to attend an appeal hearing regarding confirmation of the plan.

F.    **Plan of Reorganization / Disclosure Statement (A019)**
      (Fees: $564,461.00; Hours Billed: 520.8)

During the Seventh Interim Period, services in this category included, but were not limited to, analyzing plan confirmation issues that were appealed, analyzing trust distribution

9

procedures and trust agreements, communicating with the Debtors, the Committees, and other

creditor constituencies to develop strategy and address issues relative to resolving issues on appeal

related to confirmation of the plan, and attend the appeal hearing to respond to the Court's questions

regarding insurance issues.

      **G.**     **Insurance Adversary Proceeding (A020)**
                (Fees: $2,388,374.50; Hours Billed: 3,771.9)

      The services included in this category included, but were not limited to, participating

in an adversary proceeding related to insurance coverage issues, including researching various legal

issues, drafting and responding to discovery requests, analyzing document productions related

thereto, communications with Debtors' counsel, counsel for the insurers and other constituencies

regarding various aspects of the adversary proceeding.

## COMPENSATION REQUESTED

      28.     The foregoing professional services performed by Gilbert were appropriate and

necessary.  The professional services were in the best interests of the AHC, the creditors, the

Debtors' estates, and other parties in interest.  Compensation for the foregoing professional services

as requested is commensurate with the complexity, importance, and nature of the problems, issues,

or tasks involved.  The professional services were performed in an appropriately expeditious and

efficient manner.

      29.     The professional services performed by Gilbert on behalf of the AHC during the

Application Period required approximately 4,506.9 hours by Gilbert partners, of counsel, associates,

law clerk, and paraprofessionals.  A breakdown of the hours expended by Gilbert's professionals

during the Application Period: (i) partners expended 1,577.3 hours; (ii) of counsel expended 334.1

hours; (iii) associates expended 1,239.6 hours; (iv) staffing attorneys expended 336.8 hours; (v) law

clerk expended 168.7 hours; and (vi) paraprofessionals expended 850.4 hours.

30.     During the Application Period, Gilbert's hourly billing rates for attorneys ranged from

$315.00 to $1,800 per hour.  Allowance of compensation in the amount requested would result in a

blended hourly rate bill for attorneys of approximately $819.08 per hour (based upon 3,487.8

recorded hours for Gilbert's attorneys regular billing rates in effect at the time of the services

rendered), and a total blended hourly rate for Gilbert's attorneys and paraprofessionals of $697.14.

31.     Such fees are reasonable based on the customary compensation charged by

comparably skilled practitioners in comparable bankruptcy cases in a competitive national legal

market.  As noted, attached hereto as Exhibit "B" is a schedule listing each Gilbert attorney and

paraprofessional who performed services in these Chapter 11 cases during the Application Period,

the hourly rate charged by Gilbert for services performed by each individual, and the total hours and

charges by each individual.  Gilbert provided a copy of the Application to the AHC and received no

objection to this filing.

## **ACTUAL AND NECESSARY EXPENSES**

32.     As set forth on Exhibit "C" attached hereto, Gilbert has disbursed $27,958.47 in

expenses incurred in providing professional services during the Application Period.  It is Gilbert's

policy to charge its clients in all areas of practice for expenses incurred in connection with the

client's case.  The expenses charged to clients include, but are limited to, conference call charges,

major photocopying charges, courier and overnight delivery charges, travel-related charges

(including mileage, parking, air or train fare, lodging, meals, and ground transportation),

computerized research charges, filing fees, and any third-party costs incurred related to a

representation.  Gilbert charges for these expenses in a manner and at rates consistent with charges

made generally to Gilbert's other clients and the Local Rules, i.e. on-line/computer research charges

are passed on to clients on an exact cost basis and train and air travel are billed at coach fare.  The

expenses incurred are actual, necessary, and reasonable in Gilbert's representation of the AHC.

## **RELIEF REQUESTED**

33.     The Reimbursement Order provides that Gilbert's reasonable and documented fees

and expenses shall be subject, *mutatis mutandis*, to the procedures with respect to the authorization

of payment of the fees and expenses of the professionals of the Debtors and the UCC as set forth in

the Interim Compensation Order. Therefore, while this Application is not strictly subject to sections

331 and 330 of the Bankruptcy Code, we are guided by such provisions in making this Application.

Section 331 of the Bankruptcy Code provides for interim compensation of professionals and

incorporates the substantive standards of 11 U.S.C. § 330 to govern the Bankruptcy Court's award of

such compensation.

34.     Section 330 also sets forth the criteria for the award of such compensation and

reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court shall
> consider the nature, the extent, and the value of such services, taking into account all relevant
> factors, including:

> (A)     the time spent on such services;

> (B)     the rates charged for such services;

> (C)     whether the services were necessary to the administration of, or
> beneficial at the time at which the service was rendered toward
> the completion of, a case under this title;

> (D)      whether the services were performed within a reasonable amount
> of time commensurate with the complexity, importance, and
> nature of the problem, issue, or task addressed;

(E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

35.    Gilbert respectfully submits that the services for which it seeks compensation in this Application were, at the time rendered, believed to be necessary for, beneficial to, and in the best interests of the AHC.  Gilbert further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the AHC.  The services rendered by Gilbert were consistently performed in a timely and efficient manner commensurate with the complexity, importance, and nature of the issues involved.  Gilbert respectfully submits that approval of the compensation sought herein is warranted.

## NOTICE

36.    Notice of this Application has been provided in accordance with the Guidelines and Interim Compensation Order.  Gilbert believes that the notice is sufficient, and no further notice of the relief requested in this Application is needed.

## STATEMENT OF GILBERT LLP

37.    Pursuant to the Appendix B Guidelines for Reviewing Application for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys in Larger Chapter 11 Cases, Gilbert responds to the following questions regarding the Application:

| Question | Yes | No | Additional Explanation or Clarification |
|---|---|---|---|
| Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services | | | |

13

pertaining to this engagement that were
provided during the application period?
If so, please explain.                                          No

If the fees sought in this fee application as
compared to the fees budgeted for the time
period covered by this fee application are
higher by 10% or more, did you discuss
the reasons for the variation with the client?                  N/A

Have any of the professionals included in
this fee application varied their hourly rate
based on the geographic location of the
bankruptcy case?                                               No

Does the fee application include time or
fees related to reviewing or revising time
records or preparing, reviewing, or revising
invoices?                                                      No

Does this fee application include time or
fees for reviewing time records to redact
Any privileged or other confidential
information? If so, please quantify by
hours and fees.                                                No

If the fee application includes any rate increases
since retention in these Cases:

   i.   Did your client review and approve
       those rate increases in advance?          Yes – Gilbert's hourly rates are subject
to periodic adjustment.  In the ordinary
course of Gilbert's business and in
keeping with the firm's established
billing procedures, Gilbert adjusted its
standard billing rates effective as of
January 1, 2022.

      Did your client agree when retaining
      the law firm to accept all future rate
      increases? If not, did you inform your
      client that they need to agree to modified
      rates or terms in order to have you
      continue the representation, consistent
      with ABA Formal Ethics Opinion 11-458?    Yes

14

WHEREFORE, Gilbert respectfully requests that the Bankruptcy Court enter an order:

(i)      awarding Gilbert the interim allowance of fees in the amount of $3,141,959.00 and reimbursement of actual and necessary expenses incurred in the amount of $27,958.47 for the Seventh Interim Period;

(ii)     authorizing the Debtors to pay Gilbert the 20% holdback of allowed fees for the Seventh Interim Period;

(iii)    authorizing the Debtors to pay Gilbert any allowed amounts that have not yet been paid for the Seventh Interim Period; and

(iv)     for such other and further relief as this Court deems just and appropriate.

Respectfully submitted,

**GILBERT LLP**

_/s/ Kami E. Quinn_
Kami E. Quinn (Admitted _Pro Hac Vice_)
700 Pennsylvania Avenue, SE
Suite 400
Washington, DC  20003
Tel:  202.772.2200
Fax:  202.772.3333
E-mail:  quinnk@gilbertlegal.com

_Co-Counsel to the Ad Hoc Committee of_
_Governmental and Other Contingent_
_Litigation Claimants_

Dated:  March 17, 2022

**<u>EXHIBIT A</u>**

**Certification**

Kami E. Quinn
Gilbert LLP
700 Pennsylvania Avenue, SE
Suite 400
Washington, DC 20003
Tel:  202.772.2200
Fax:  202.772.3333
E-mail:  quinnk@gilbertlegal.com

*Co-Counsel to the Ad Hoc Committee of*
*Governmental and Other Contingent*
*Litigation Claimants*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| *In re:* | : | |
| | : | Chapter 11 |
| PURDUE PHARMA L.P., *et al.*, | : | |
| | : | Case No. 19-23649 (RDD) |
| | : | |
| Debtors.[1] | : | (Jointly Administered) |
| | : | |

**CERTIFICATION UNDER GUIDELINES FOR FEES AND DISBURSEMENTS FOR
PROFESSIONALS IN RESPECT TO SEVENTH INTERIM APPLICATION FOR
ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND
REIMBURSEMENT OF EXPENSES OF GILBERT LLP AS CO-COUNSEL TO THE AD
HOC COMMITTEE OF GOVERNMENTAL AND OTHER CONTINGENT LITIGATION
CLAIMANTS FOR THE PERIOD OCTOBER 1, 2021 THROUGH JANUARY 31, 2022**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable
jurisdiction, are as follows:  Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies
L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics
L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir
Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products
L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502),
Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166),
Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014).  The Debtors'
corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

I, Kami E. Quinn, hereby certify that:

1.      I am partner of Gilbert LLP (the "Applicant" or "Gilbert") and Co-Counsel to the Ad Hoc Committee of Governmental and Other Contingent Litigation Claimants (the "AHC") in the above-captioned Chapter 11 case.  Gilbert submits this seventh application for interim compensation and reimbursement of expenses in compliance with the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York adopted by the Bankruptcy Court on January 23, 2013 (the "Local Guidelines"), as amended, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed Under 11 U.S.C. § 330, adopted on January 30, 1996 (the "UST Guidelines"), and the Order, Pursuant to Sections 105(a) and 331 of the Bankruptcy Code, Bankruptcy Rule 2016(a) and Local Bankruptcy Rules 2016-1, Establishing Procedures for Interim Monthly Compensation for Professionals [Docket No. 212] (the "Interim Compensation Order") (collectively with the Local Guidelines and UST Guidelines, the "Guidelines").

2.      This certification is made in respect to Gilbert's application, dated November 15, 2021 (the "Application"), for interim compensation and reimbursement for the period commencing October 1, 2021 through and including January 31, 2022 (the "Seventh Interim Period") in accordance with the Guidelines.

3.      In respect to Section B.1of the Local Guidelines, I certify that:

   a.      I have read the Application;

   b.      to the best of my knowledge, information, and belief formed after reasonable inquiry, the fees and disbursements sought fall within the Local Guidelines and the UST Guidelines;

    c.      the fees and disbursements sought are billed at rates in accordance with the practices customarily employed by Gilbert and generally accepted by Gilbert's clients; and

    d.      in providing a reimbursable service, Gilbert does not make a profit on that service, whether the service is performed by Gilbert in-house or through a third party.

4.     In respect of Section B.2 of the Local Guidelines and as required by the Interim Compensation Order, I certify that Gilbert has complied with the provision requiring it to provide the appropriate notice parties with a monthly fee statement accompanied by a statement of Gilbert's fees and disbursements accrued during the month.  Gilbert filed monthly fee statements for October 2021, November 2021, December 2021, and January 2022.

5.     In respect of Section B.3 of the Local Guidelines, I certify that Gilbert has complied with the provision requiring it to provide the appropriate notice parties with a copy of the Application by the required date.

Dated:  March 17, 2022
       Washington, DC

                                           */s/ Kami E. Quinn*
                                           Kami E. Quinn

**EXHIBIT B**

**Summary of Hours and Fees by Professional**

| Name | Position | Year Admitted to the Bar | Hourly Rate[1] | Hours Billed | Fees |
|---|---|---|---|---|---|
| Scott D. Gilbert | Partner | 1979 | $1,700.00 | 151.5 | $257,550.00 |
| | | | $1,800.00 | 90.7 | $163,260.00 |
| Richard Leveridge | Partner | 1981 | $1,400.00 | 254.3 | $356,020.00 |
| | | | $1,450.00 | 95.3 | $138,185.00 |
| Richard Shore | Partner | 1988 | $1,350.00 | 195.6 | $264,060.00 |
| | | | $1,450.00 | 76.6 | $111,070.00 |
| Kami E. Quinn | Partner | 2000 | $1,100.00 | 17.0 | $18,700.00 |
| | | | $1,250.00 | 4.1 | $5,125.00 |
| Jason Rubinstein | Partner | 2006 | $800.00 | 302.6 | $242,080.00 |
| | | | $850.00 | 96.9 | $82,365.00 |
| Jenna Hudson | Partner | 2010 | $725.00 | 142.6 | $103,385.00 |
| | | | $785.00 | 31.6 | $24,806.00 |
| Emily Grim | Partner | 2010 | $700.00 | 12.9 | $9,030.00 |
| | | | $775.00 | 2.0 | $1,550.00 |
| Daniel Wolf | Partner | 2011 | $700.00 | 88.6 | $62,020.00 |
| | | | $350.00[2] | 5.1 | $1,785.00 |
| | | | $775.00 | 9.9 | $7,672.50 |
| Mike Rush | Of Counsel | 2007 | $675.00 | 239.8 | $161,865.00 |
| | | | $700.00 | 94.3 | $66,010.00 |
| Heather Frazier | Associate | 2009 | $675.00 | 15.5 | $10,462.50 |
| Adam Farra | Associate | 2011 | $675.00 | 8.9 | $6,007.50 |
| | | | $710.00 | 8.2 | $5,822.00 |
| Alison Gaske | Associate | 2016 | $575.00 | 241.1 | $138,632.50 |
| | | | $610.00 | 73.9 | $45,079.00 |
| Sarah Sraders | Associate | 2016 | $575.00 | 232.7 | $133,802.50 |
| | | | $610.00 | 53.5 | $32,635.00 |
| Meredith Neely | Associate | 2018 | $625.00 | 8.9 | $5,562.50 |
| Christian Carey | Associate | 2020 | $425.00 | 229.5 | $97,537.50 |
| | | | $475.00 | 69.8 | $33,155.00 |
| Ethan Kaminsky | Associate | 2018 | $500.00 | 164.7 | $82,350.00 |
| | | | $560.00 | 102.3 | $57,288.00 |
| Kristine Hansen | Associate | 2009 | $360.00 | 30.6 | $11,016.00 |
| John Girgenti | Staff Attorney | 2002 | $365.00 | 295.8 | $107,967.00 |
| Tarsha Jones | Staff Attorney | 2001 | $315.00 | 41.0 | $12,915.00 |

---

[1] Gilbert's hourly rates are reviewed from time to time and are subject to periodic adjustment. In the ordinary course of Gilbert's business and in keeping with the firm's established billing procedures, Gilbert adjusted its standard billing rates effective as of January 1, 2022.

[2] Non-working travel is billed at 50% of the regular hourly rate.

| Name | Position | Year Admitted to the Bar | Hourly Rate[1] | Hours Billed | Fees |
|---|---|---|---|---|---|
| Ifenaya Agwu | Law Clerk | N/A | $200.00 | 168.7 | $33,740.00 |
| Stephanie Colcock | Paralegal | N/A | $330.00 | 33.9 | $11,187.00 |
| | | | $350.00 | 6.8 | $2,380.00 |
| Lauren Fastenau | Paralegal | N/A | $315.00 | 149.3 | $47,029.50 |
| | | | $325.00 | 26.2 | $8,515.00 |
| Sherley Martinez | Paralegal | N/A | $315.00 | 33.8 | $10,647.00 |
| | | | $325.00 | 10.3 | $3,347.50 |
| Katherine Johnson | Paralegal | N/A | $230.00 | 171.2 | $39,376.00 |
| | | | $240.00 | 32.3 | $7,752.00 |
| David Lopez | Paralegal | N/A | $230.00 | 18.9 | $4,347.00 |
| Sara Ogrey | Paralegal | N/A | $230.00 | 56.2 | $12,926.00 |
| | | | $240.00 | 9.5 | $2,280.00 |
| Peter McGlinchey | Project Assistant Paralegal | N/A | $195.00 $230.00[3] | 11.1 3.9 | $2,164.50 $897.00 |
| Michael Lloyd | Project Assistant | N/A | $195.00 | 15.1 | $2,944.50 |
| Carmer Turner | Project Assistant | N/A | $195.00 | 41.4 | $8,073.00 |
| | | | $200.00 | 12.9 | $2,580.00 |
| Alyssa Bonesteel | eDiscovery and Policy Review Coordinator | N/A | $315.00 $375.00 | 24.2 57.7 | $7,623.00 $21,637.50 |
| Blair Hubbard | Director of Analytics | N/A | $425.00 | 121.4 | $51,595.00 |
| Peggy Holland | Litigation Specialist | N/A | $290.00 | 14.3 | $4,147.00 |
| | | | **Total** | **4,506.9** | **$3,141,959.00** |

---

[3] On November 1, 2021, Mr. McGlinchey was promoted and his hourly rate was adjusted accordingly.

## EXHIBIT C

### Summary of Expenses/Disbursements

| Description | Total Expenses |
|---|---:|
| Westlaw | $1,818.99 |
| Depositions/Transcripts | $262.80 |
| Contracted Professional Fees | $14,245.18 |
| Professional Service Fees | $11,631.50 |
| **Total** | **$27,958.47** |

## EXHIBIT D

### Summary of Services by Project Category

| Project Code | Project Category | Hours Billed | Fees Billed |
|---|---|---|---|
| A001 | Asset Analysis & Recovery | 57.6 | $46,944.00 |
| A004 | Case Administration | 41.7 | $8,510.00 |
| A006 | Employment / Fee Applications | 15.4 | $4,997.00 |
| A009 | Meetings / Communications with AHC & Creditors | 94.4 | $126,887.50 |
| A015 | Non-Working Travel (Billed at 50%) | 5.1 | $1,785.00 |
| A019 | Plan of Reorganization / Disclosure Statement | 520.8 | $564,461.00 |
| A020 | Insurance Adversary Proceeding | 3,771.9 | $2,388,374.50 |
| | **Totals** | **4,506.9** | **$3,141,959.00** |

### Budgeted Fees v Actual Fees

| Project Code | Project Category | Hours Budgeted | Fees Budgeted | Actual Hours Billed | Actual Fees Sought |
|---|---|---|---|---|---|
| A001 | Asset Analysis & Recovery | 110.0 | $50,000.00 | 57.6 | $46,944.00 |
| A003 | Business Operations | 0.0 | $0.00 | 0.0 | $0.00 |
| A004 | Case Administration | 20.0 | $10,000.00 | 41.7 | $8,510.00 |
| A005 | Claims Analysis | 0.0 | $0.00 | 0.0 | $0.00 |
| A006 | Employment / Fee Applications | 20.0 | $10,000.00 | 15.4 | $4,997.00 |
| A008 | Contested Matters / Adversary Proceedings / Automatic Stay | 0.0 | $0.00 | 0.0 | $0.00 |
| A009 | Meetings / Communications with AHC & Creditors | 250.0 | $150,000.00 | 94.4 | $126,887.50 |
| A020 | Non-Working Travel (Billed at 50%) | 0.0 | $0.00 | 5.1 | $1,785.00 |
| A019 | Plan of Reorganization / Disclosure Statement | 2,000.0 | $1,200,000.00 | 520.8 | $564,461.00 |
| A020 | Insurance Adversary Proceeding | 2,600.0 | $1,780,000.00 | 3,771.9 | $2,388,374.50 |
| | | **5,000.0** | **$3,200,000.00** | **4,506.9** | **$3,141,959.00** |