Melanie L. Cyganowski, Esq.
Jennifer S. Feeney, Esq.
OTTERBOURG P.C.
230 Park Avenue
New York, NY 10169
Telephone:    (212) 661-9100
Facsimile:    (212) 682-6104

*Co-Counsel to the Ad Hoc Committee of*
*Governmental and Other Contingent*
*Litigation Claimants*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- x

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| PURDUE PHARMA L.P., *et al.*, | : | Case No. 19-23649 (RDD) |
| | : | |
| Debtors[1]. | : | (Jointly Administered) |

---------------------------------------------------------- x

**APPLICATION OF OTTERBOURG P.C. AS CO-COUNSEL TO THE**
**AD HOC COMMITTEE OF GOVERNMENTAL AND OTHER CONTINGENT**
**CLAIMANTS FOR SEVENTH INTERIM ALLOWANCE OF COMPENSATION FOR**
**SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED FROM**
**OCTOBER 1, 2021 THROUGH AND INCLUDING JANUARY 31, 2022**

| *General Information* | |
|---|---|
| Name of Applicant: | Otterbourg P.C. |
| Applicant's role in case: | Co-Counsel to the Ad Hoc Committee of Governmental and Other Contingent Litigation Claimants |
| Retention date: | September 16, 2019 |

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

6901266.1

| Date of Order approving Debtors' payment of fees and expenses of Applicant: | December 2, 2019 [Dkt. No. 553] |
|---|---|
| **Summary of Fees and Expenses Sought in the Application** | |
| Time period covered for interim fees and expenses requested by this application: | October 1, 2021 through and including January 31, 2022 (the "Application Period") |
| Amount of compensation sought as actual, reasonable, and necessary for the Application Period: | $255,511.50 |
| Amount of expense reimbursement sought as actual, reasonable, and necessary for the Application Period: | $107.36 |
| Total compensation and expense reimbursement requested for the Application Period: | $255,618.86 |
| Amount of compensation paid but not yet allowed to date: | $149,627.60 |
| Amount of expenses paid but not yet allowed to date: | $56.36 |

| **Summary of Previous Request(s) and Payment(s) for Compensation and Expense Reimbursement** | | | | | | | |
|---|---|---|---|---|---|---|---|
| **Application** | **Period Covered** | **Fees Requested** | **Fees Paid** | **Expenses Requested** | **Expenses Paid** | **Balance** | **Order** |
| First Interim Application Dkt. No. 955 | 9/16/2019 through 1/31/2020 | $646,606.50 | $634,943.70[2] | $2,956.87 | $2,956.87 | $0.00 | Dkt. Nos. 1159 and 1306 |
| Second Interim Application Dkt. No. 1456 | 2/1/2020 through 5/31/2020 | $336,192.00 | $331,192.00[3] | $1,604.92 | $1,504.92 | $0.00 | Dkt. No. 1649 |

---

[2]    At the request of the fee examiner, Applicant agreed to a fee and expense accommodation in the amount of $11,662.80 in connection with its first interim fee application.
[3]    At the request of the fee examiner, Applicant agreed to a fee and expense accommodation in the amount of $5,100.00 ($5,000 in fees and $100 in expenses) in connection with its second interim fee application.

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Third Interim Application Dkt. No. 1990 | 6/1/2020 through 9/30/2020 | $682,293.50 | $669,130.85[4] | $2,091.13 | $2,091.13 | $0.00 | Dkt. No. 2144 |
| Fourth Interim Application Dkt. No. 2525 | 10/1/2020 through 12/31/2020 | $904,388.50 | $904,388.50 | $851.68 | $851.68 | $0.00 | Dkt. No. 2698 |
| Fifth Interim Application Dkt. No. 3221 | 1/1/2021 through 5/31/2021 | $683,168.00 | $683,168.00 | $887.21 | $887.21 | $0.00 | Dkt. No. 3603 |
| Sixth Interim Application Dkt. No. 4127 | 6/1/2021 through 9/30/2021 | $601,312.00 | $601,312.00 | $47.49 | $47.49 | $0.00 | Dkt. No. 4237 |
| **TOTAL:** | | $3,853,960.50 | $3,824,135.05 | $8,439.30 | $8,339.30 | $0.00 | |

| *Monthly Fee Statements Subject to the Application Period* | | | | | | |
|---|---|---|---|---|---|---|
| Statement | | Amount Requested | | Amount Paid | | |
| Period | Dkt. and Date | Fees | Expenses | Fees (80%) | Expenses (100%) | Balance |
| 10/1/2021-10/31/2021 | Dkt. No. 4210 Filed: 12/8/2021 | $65,100.50 | 0.00 | $52,080.40 | $0.00 | $13,020.10 |
| 11/1/2021-11/30/2021 | Dkt. No. 4221 Filed: 12/13/2021 | $72,099.50 | 0.00 | $57,679.60 | $0.00 | $14,419.90 |
| 12/1/2021-12/31/2021 | Dkt. No.4313 Filed: 1/26/2022 | $49,834.50 | 56.36 | $39,867.60 | $56.36 | $9,966.90 |
| 1/1/2022-1/31/2022 | Dkt. No. 4396 Filed: 2/25/2022 | $68,477.00 | 51.00 | $0 | $0 | $68,528.00 |
| **TOTAL** | | **$255,511.50** | **107.36** | **$149,627.60** | **$56.36** | **$105,934.90** |

---

[4]    At the request of the fee examiner, Applicant agreed to a fee accommodation in the amount of $13,162.65 in connection with its third interim fee application.

| This is a(n): | ____ | Monthly |
| | x | Interim |
| | ____ | Final Application |

Melanie L. Cyganowski, Esq.
Jennifer S. Feeney, Esq.
OTTERBOURG P.C.
230 Park Avenue
New York, NY 10169
Telephone:    (212) 661-9100
Facsimile:    (212) 682-6104

*Co-Counsel to the Ad Hoc Committee of*
*Governmental and Other Contingent*
*Litigation Claimants*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------- x

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| PURDUE PHARMA L.P., *et al.*, | : | Case No. 19-23649 (RDD) |
| | : | |
| Debtors[1]. | : | (Jointly Administered) |

-------------------------------------------------------- x

**APPLICATION OF OTTERBOURG P.C. AS CO-COUNSEL TO THE
AD HOC COMMITTEE OF GOVERNMENTAL AND OTHER CONTINGENT
CLAIMANTS FOR SEVENTH INTERIM ALLOWANCE OF COMPENSATION FOR
SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED FROM
OCTOBER 1, 2021 THROUGH AND INCLUDING JANUARY 31, 2022**

TO:    THE HONORABLE ROBERT D. DRAIN,
        UNITED STATES BANKRUPTCY JUDGE:

Otterbourg P.C. ("**Otterbourg**" or "**Applicant**"), Co-Counsel to the Ad Hoc Committee

of Governmental and Other Contingent Claimants (the "**AHC**") in the above-captioned cases, in

support of its seventh application (the "**Application**") for allowance of interim compensation for

professional services rendered and reimbursement of expenses incurred from October 1, 2021

---

[1]        The Debtors in these chapter 11 cases, along with the last four digits of each Debtors's registration number
in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue
Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P.
(0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150),
Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P.
(4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove
Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick
Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC
Pharma L.P. (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford
Forum, 201 Tresser Boulevard, Stamford, CT 06901.

6901266.1

through and including January 31, 2022 (the "**Application Period**") in connection with the chapter 11 bankruptcy cases of Purdue Pharma L.P. and its affiliates (the "**Debtors**") pending in the United States District Court for the Southern District of New York (the "**Court**"), and respectfully states:

## JURISDICTION, VENUE AND STATUTORY PREDICATES

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is core proceeding pursuant to 28 U.S.C. § 157(b).  Venue of this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief sought herein are Sections 330 and 331 of Title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**").  This Application has been prepared in accordance with *General Order M-447*, the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases pursuant to Local Rule 2016-1(a) (as updated June 17, 2013)* (the "**Local Guidelines**"), and the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in larger Chapter 11 Cases, effective November 1, 2013* (the "**UST Guidelines**" and, together with the Local Guidelines, the "**Guidelines**").  Attached hereto as Exhibit A is a certification regarding compliance with the Local Guidelines (the "**Cyganowski Declaration**").

## BACKGROUND

3.      On September 16, 2019 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

4.     The Debtors have remained in possession of their property and continue in the management of their business as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

5.     An official committee of unsecured creditors (the "**UCC**") was appointed by the Office of the United States Trustee (the "**UST**") in these cases on September 27, 2019 [Dkt. No. 131].

6.     On November 21, 2019, the Court entered the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals*, dated November 21, 2019 (the "**Interim Compensation Order**") [Dkt. No. 529]. The Interim Compensation Order provides, among other procedures, that professionals are required to file and serve monthly itemized billing statements and interim fee applications.

7.     On December 2, 2019, the Court entered an *Order Authorizing the Debtors to Assume the Reimbursement Agreement and Pay the Fees and Expenses of the Ad Hoc Committee's Professionals* (the "**Fee Assumption Order**").   [Dkt. No. 553].   The Fee Assumption Order permits the payment of the fees and expenses of the AHC's professionals, including Applicant, *nunc pro tunc* to September 16, 2019, and requires compliance with the procedures set forth in the Interim Compensation Order.  A copy of the Fee Assumption Order is annexed hereto as <u>Exhibit B</u>.

## SUMMARY OF PROFESSIONAL COMPENSATION
## AND REIMBURSEMENT OF EXPENSES REQUESTED

8.     By this Application, Applicant seeks an order approving on an interim basis compensation in the amount of $255,511.50 and expenses in the amount of $107.36, representing actual and necessary expenses Applicant incurred in connection with its rendering of professional services to the AHC during the Application Period.

9. In accordance with the Interim Compensation Order, Applicant filed the following interim fee applications:

- On March 16, 2020, Applicant filed a request for first interim allowance of fees and expenses in this Case, covering the period from September 16, 2019 through and including January 31, 2020 [Dkt. No. 955]. The Court entered an order on May 15, 2020 approving that first interim request [Dkt. No. 1159]. On June 26, 2020 the Court entered a supplemental order permitting payment of the holdback amounts, less certain reductions of fees and expenses agreed to between Applicant and the fee examiner appointed in these cases [Dkt. No. 1306].

- On July 20, 2020, Applicant filed a request for second interim allowance of fees and expenses in this Case, covering the period from February 1, 2020 through and including May 31, 2020 [Dkt. No. 1456]. The Court entered an order on September 2, 2020 approving that second interim request [Dkt. No. 1649].

- On November 16, 2020, Applicant filed a request for third interim allowance of fees and expenses in this Case, covering the period from June 1, 2020 through and including September 30, 2020 [Dkt. No. 1990]. The Court entered an order on December 16, 2020 approving that third interim request [Dkt. No. 2144].

- On March 17, 2021, Applicant filed a request for fourth interim allowance of fees and expenses in this Case, covering the period from October 1, 2020 through and including December 31, 2020 [Dkt. No. 2525]. The Court entered an order on April 22, 2021 approving that fourth interim request [Dkt. No. 2698].

- On July 15, 2021, Applicant filed a request for fifth interim allowance of fees and expenses in this Case, covering the period from January 1, 2021 through and including

May 31, 2020 [Dkt. No. 3221].   The Court entered an order on August 18, 2021 approving that fifth interim request [Dkt. No. 3603].

- On November 15, 2021, Applicant filed a request for sixth interim allowance of fees and expenses in this Case, covering the period from June 1, 2021 through and including September 30, 2021 [Dkt. No. 4127]. The Court entered an order on December 20, 2021 approving the sixth interim request [Dkt. No. 4237].

10.    The following Monthly Fee Statements were filed by Applicant during the Application Period:

| Monthly Fee Statements Subject to the Application Period | | | | | | |
|---|---|---|---|---|---|---|
| Statement | | Amount Requested | | Amount Paid | | |
| Period | Dkt. and Date | Fees | Expenses | Fees (80%) | Expenses (100%) | Balance |
| 10/1/2021-10/31/2021 | Dkt. No. 4210 Filed: 12/8/2021 | $65,100.50 | 0.00 | $52,080.40 | $0.00 | $13,020.10 |
| 11/1/2021-11/30/2021 | Dkt. No. 4221 Filed: 12/13/2021 | $72,099.50 | 0.00 | $57,679.60 | $0.00 | $14,419.90 |
| 12/1/2021-12/31/2021 | Dkt. No.4313 Filed: 1/26/2022 | $49,834.50 | 56.36 | $39,867.60 | $56.36 | $9,966.90 |
| 1/1/2022-1/31/2022 | Dkt. No. 4396 Filed: 2/25/2022 | $68,477.00 | 51.00 | $0 | $0 | $68,528.00 |
| TOTAL | | $255,511.50 | 107.36 | $149,627.60 | $56.36 | $105,934.90 |

11.    Applicant attaches the following in support of this Application:

- Exhibit C is a summary of the compensation sought by Applicant by project code for the Application Period and a comparison to the Applicant's budget and proposed staffing plan.

- Exhibit D is a list of the attorneys and paraprofessionals who have worked on these cases during the Application Period, the aggregate time invested by each individual, the applicable hourly billing rate, and the amount of fees attributable to each individual, as well as the hours and time spent by position (e.g., partner, associate, clerk), blended hourly rates, and a

comparison against the blended rates of other non-insolvency attorneys and professionals at Otterbourg.

- Exhibit E contains a copy of the computer-generated time entries reflecting the time recorded during the Application Period, organized in project billing categories by the Applicant.

- Exhibit F is a summary of reimbursement sought by the Applicant by expense type for all expenses incurred during the Application Period.

- Exhibit G contains a copy of the computer-generated list of expenses incurred during the Application Period.

## SUMMARY AND HIGHLIGHTS OF SERVICES RENDERED

12.    During the Application Period, Applicant performed services on a variety of tasks for the AHC, all of which are set forth in Applicant's detailed time records.  The following summary is intended only to highlight some of the services rendered by Applicant during the Application Period and is not intended to be a complete recitation of all activities performed. Although every effort was made to consistently categorize the actual services provided into the appropriate category, certain tasks were interrelated and could properly be categorized in multiple categories.

### A.    Plan and Disclosure Statement

13.    The vast majority of Applicant's time during the Applications Period was spent in connection with the various appeals of the *Findings of Fact, Conclusions of Law, and Order Confirming the Twelfth Amended Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and its Affiliated Debtors* [Dkt. No.3787] ("**Confirmation Order**"), that was entered by the Court on September 17, 2021, following a nine-day hearing to consider the Debtors' plan of reorganization (the "**Plan**").  Following entry of the Confirmation Order several parties that had objected to Plan, including certain States, Canadian entities and the UST, filed Notices of Appeal of the Confirmation Order. Applicant undertook with co-counsel to analyze the appellate process and to inform and advise the AHC on timing and options for the AHC to consider.

14.     In connection with the appeals, appellants also filed motions to stay implementation of the Confirmation Order, as well as implementation of an order that permitted the Debtors to fund certain activities necessary to establish processes and protocols for the post-confirmation distribution trusts if the Plan were ultimately approved and became effective (collectively, the "**Stay Motions**").    Motions were also made for direct certification of the appeal to the Second Circuit Court of Appeals, which requests were ultimately denied and the appeal first proceeded to the United States District Court for the Southern District of New York (the "**District Court**").

15.     During the appellate process, Applicant reviewed the Stay Motions, the motions for certification, the appellee and appellant briefs and coordinated with co-counsel regarding the AHC's response to each, including filing of the AHC's appellee brief with the District Court. Applicant discussed the process and AHC's position with co-counsel, the AHC and individual members of the AHC.  Applicant also attended hearings before the Court and the District Court to consider the Stay Motions and the appeals, including oral argument before the District Court to consider the appeals and the pre-hearing conference with the District Court.

16.     The District Court ultimately entered a Decision and Order on December 16, 2021 that vacated the Confirmation Order (the "**District Court Vacatur Order**").    Applicant reviewed and analyzed the District Court Vacatur Order and considered the ramifications thereof with co-counsel, considering  next steps, including an appeal of the District Court Vacatur Order to the Second Circuit Court of Appeals.  Applicant reviewed the requests for certification to the Second Circuit Court of Appeals and the order granting certification.  Applicant also reviewed the AHC's draft Joinder of Appeal and the appellate briefs filed by the other appellants and appellees.  The appeal is currently pending before the Second Circuit Court of Appeals.

17.     On a parallel path, Applicant and co-counsel for the AHC, together with its financial advisors considered strategic alternatives, particularly if the Confirmation Order remained vacated.  Applicant and the AHC's other professionals discussed such options, which were presented and discussed with the AHC.

**B.      Litigation and Adversary Matters**

18.     The Debtors previously commenced an adversary proceeding against their insurance companies seeking to enforce insurance coverage and obtain insurance coverage on asserted claims (the "**Insurance Litigation**").  The Debtors, the UCC and the AHC are jointly prosecuting the Insurance Litigation.  Gilbert LLP, co-counsel to the AHC, is lead counsel on behalf of the AHC. During the Application Period, Applicant conferred with Gilbert on responses to the discovery requests propounded by the insurance defendants in connection with the Insurance Litigation.  Applicant conducted document searches of its files in connection with the production of responsive documents on behalf of the AHC.

19.     Applicant also considered the Debtors' request to further extend the injunction entered at the beginning of the Case and discussed with co-counsel and the AHC the ramifications of extending or, alternatively, ending the injunction.  The AHC and co-counsel weighed the pros and cons of each in light of the District Court Vacatur Decision, ongoing expenses of the estate, strategic alternatives and timing concerns.

**C.      Case Administration/General Services/Business Operations**

20.     During the Application Period, Applicant participated in many conference calls and videoconferences with its co-counsel, individual members of the AHC, and other parties to these cases.  Applicant also reviewed updates to the Debtors' business plan and participated in omnibus court hearings.

21.     Throughout all of these activities, Applicant organized with co-counsel by regularly communicating among the firms and determining the specific tasks to be undertaken by each.  It was also particularly important given the size of the AHC that subsets of groups could organize and have a point of contact to discuss issues specific to each constituency and communicate them to other co-counsel and the remainder of the AHC group.  Applicant primarily coordinated with the states to ascertain their positions and seek solutions.  While there were activities that necessarily required full participation of the professionals, tasks were coordinated to avoid duplication of efforts.

22.     Applicant also prepared and filed monthly fee statements and its sixth interim fee application as required by the Compensation Procedures Order.

**D.     Meetings and Communications with Ad Hoc Committee**

23.     Throughout the Application Period, Applicant and its co-counsel kept the AHC members advised of all matters in these cases, providing regular updates and responding to inquiries.  The AHC has weekly update calls with the entire AHC and also has regular calls with subgroups of the AHC, some of which occur on a weekly basis and others on an as-needed basis. Certain more pressing issues required more frequent calls.

## EVALUATING APPLICANT'S SERVICES

24.     Applicant respectfully submits that its request for the seventh interim allowance of compensation is reasonable and appropriate.  The services rendered by Applicant, as highlighted above, required substantial time and effort.

25.     Bankruptcy Code section 331 provides for interim compensation of professionals and incorporates the substantive standards of Bankruptcy Code section 330 to govern the Court's award of such compensation.  Bankruptcy Code section 330 provides that a court may award a professional employed under Bankruptcy Code section 327 "reasonable compensation for actual,

necessary services rendered … and reimbursement for actual, necessary expenses." Bankruptcy Code section 330 also sets forth the criteria for the award of such compensation and reimbursement.

26.    In determining the amount of reasonable compensation to be awarded, the Court should consider the nature, extent, and the value of such services, taking into account all relevant factors, including:

a.    the time spent on such services;

b.    the rates charged for such services;

c.    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

d.    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

e.    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

27.    Applicant respectfully submits that the services for which it seeks compensation in this Application were necessary for and beneficial to the AHC, the Debtors, the Debtors' estates, and other parties in interest.  Applicant also submits that the services rendered to the AHC were performed economically, effectively and efficiently and were necessary.  Applicant further submits that the compensation requested herein is reasonable in light of the nature, extent and value of such services and that the fees billed and expenses incurred were well within the parameters of the fee estimates provided to the Debtors.

28.    Applicant coordinated with co-counsel to the AHC to assign tasks and avoid duplication of services.  Certain services, such as participation in court hearings, conference calls

and meetings and review of pertinent documents, necessarily required the involvement of multiple co-counsel advising the AHC. Applicant was primarily responsible for interfacing with the state members of the AHC and bringing such issues and concerns to the remainder of the AHC and other co-counsel.

29.     Applicant's hourly rates and fees charged are consistent with the market rate for comparable services. As set forth in the Cyganowski Certification, the hourly rates and fees charged by Applicant are the same as those generally charged to, and paid by, Applicant's other clients. In accordance with its regular practice, Applicant's hourly rates are reviewed and adjusted in October of each year.

30.     Applicant, to the best of its knowledge, has not included in its request for interim fees any fees related to issues of allocation among the constituencies.

31.     In summary, the services rendered by Applicant were necessary and beneficial to the AHC and the Debtors' estates, and were consistently performed in a timely manner commensurate with the complexity, importance, novelty and nature of the issues involved. Accordingly, approval of the compensation sought herein is warranted.

## **DISBURSEMENTS**

32.     Applicant incurred actual and necessary out-of-pocket expenses during the Application Period, which are set forth in Exhibit G. By this Application, Applicant respectfully requests allowance of such reimbursement in full. The disbursements for which Applicant seeks reimbursement are as follows:

     a.  Computer Research Charges – Otterbourg's practice is to bill clients for electronic research at actual cost, which does not include amortization for maintenance and equipment.

     b.  Taxis – Otterbourg's practice is to bill clients for transportation to hearings at its actual cost. Applicant incurred a taxi/transportation

expense in connection with Applicant's attendance at the District Court's hearing on the appeal of the Confirmation Order.

### APPLICANT'S STATEMENT PURSUANT TO APPENDIX B OF THE UST GUIDELINES

33.    The following statement is provided pursuant to § C.5. of the UST Guidelines.

    a.    **Question**:  Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms of services pertaining to this engagement that were provided during the application period?  If so, please explain.

    **Answer**: No.

    b.    **Question**:  If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client?

    **Answer**:  The fees sought in the Application do not exceed the fees budgeted for the Application Period and are, in fact, considerably less than the amount budgeted.

    c.    **Question**:  Have any of the professionals included in this fee application varied their hourly rage based on the geographic location of the bankruptcy case?

    **Answer**: No.

    d.    **Question**:   Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices?   (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.)  If so, please quantify by hours and fees.

    **Answer**:  Yes.  There were 1.30 hours ($1,222.00) recorded for reviewing fee time.

    e.    **Question**:  Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information?  If so, please quantify by hours and fees.

    **Answer**: No.

    f.    **Question**:   If the fee application includes any rate increases since retention: (i) Did your client review and approve those rate increases in

advance? (ii) Did your client agree when retaining the law firm to accept all future rate increases?  If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11-458?

**Answer**:  Pursuant to Applicant's ordinary practices, hourly billable rates were increased in October 2020 and October 2021.  Applicant was not subject to a separate retention application.  The Debtors were authorized to pay the fees of Applicant pursuant to the Fee Assumption Order.  The increase in Otterbourg's hourly rate was disclosed to the AHC in Otterbourg's October 2020 and October 2021 monthly statements and reviewed by the AHC prior to filing with the Court.

## CONCLUSION

**WHEREFORE**, the Applicant respectfully requests that this Court enter an order (i) (a) allowing on an interim basis compensation in the aggregate amount of $255,511.50 for fees for services rendered during the Application Period; (b) allowing on an interim basis actual, necessary expenses incurred in connection with such services in the aggregate amount of $107.36; (c) authorizing and directing the Debtors to pay to the unpaid fees for services rendered during the Application Period expenses associated with such services; and (ii) granting such other and further relief as may be just or proper.

New York, New York
Dated: March 17, 2022

OTTERBOURG P.C.

By: */s/ Melanie L. Cyganowski*
    Melanie L. Cyganowski, Esq.
    Jennifer S. Feeney, Esq.
    OTTERBOURG P.C.
    230 Park Avenue
    New York, NY 10169
    Telephone:      (212) 661-9100
    Facsimile:      (212) 682-6104

    *Co-Counsel to the Ad Hoc Committee of*
    *Governmental and Other Contingent*
    *Litigation Claimants*

# EXHIBIT A

**Certification**

6877274.1

Melanie L. Cyganowski, Esq.
Jennifer S. Feeney, Esq.
OTTERBOURG P.C.
230 Park Avenue
New York, NY 10169
Telephone:    (212) 661-9100
Facsimile:    (212) 682-6104

*Co-Counsel to the Ad Hoc Committee of*
*Governmental and Other Contingent*
*Litigation Claimants*


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------- x

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| PURDUE PHARMA L.P., *et al.*, | : | Case No. 19-23649 (RDD) |
| | : | |
| Debtors[1]. | : | (Jointly Administered) |

--------------------------------------------------------- x


**CERTIFICATION OF MELANIE L. CYGANOWSKI IN RESPECT OF APPLICATION
OF OTTERBOURG P.C. AS CO-COUNSEL TO THE AD HOC COMMITTEE OF
GOVERNMENTAL AND OTHER CONTINGENT CLAIMANTS FOR
SEVENTH INTERIM ALLOWANCE OF COMPENSATION FOR SERVICES
RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED FROM
<u>OCTOBER 1, 2021 THROUGH AND INCLUDING JANUARY 31, 2022</u>**

I, Melanie L. Cyganowski, hereby certify that:

1.      I am a member of the firm of Otterbourg P.C. ("<u>Otterbourg</u>").   By Order of the

Court, dated December 2, 2019, the Debtor was authorized to pay fees and expenses of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

Otterbourg as Co-Counsel to the Ad Hoc Committee of Governmental and Other Contingent Claimants *nunc pro tunc* to September 16, 2019 (the "Petition Date"). [553]

2.      I am the professional designated by Otterbourg with the responsibility for compliance with the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases* (as updated June 17, 2013) (the "Local Guidelines"), and the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys in Larger Chapter 11 Cases*, adopted by the Executive Office for the United States Trustee (the "UST Guidelines", and together with the Local Guidelines, the "Guidelines") and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals*, [Dkt. No. 529] (the "Interim Compensation Order").

3.      This Certification is made in support of Otterbourg's seventh interim application (the "Interim Fee Application") for the interim allowance of compensation for services rendered and reimbursement of expenses incurred for the period from October 1, 2021 through and including January 31, 2022 (the "Application Period").

4.      I have reviewed the Interim Fee Application.

5.      To the best of my knowledge, information and belief formed after reasonable inquiry of the Otterbourg accounting personnel and legal and paraprofessional staff, the Interim Fee Application complies with the mandatory guidelines set forth in the Guidelines.

6.      The fees and disbursements sought are billed at rates and in accordance with practices customarily employed by Otterbourg and generally accepted by Otterbourg's clients.

7.      To the best of my knowledge, information and belief formed after reasonable inquiry of the Otterbourg personnel, Otterbourg does not make a profit in connection with any disbursements sought in the Interim Fee Application except (i) in recording certain

disbursements, for administrative convenience, charges are rounded up to the nearest dollar (*e.g.*,

long distance telephone calls) and (ii) volume discounts, if any, are not reflected (*e.g.*, Federal

Express).

8.      To the best of my knowledge, information and belief formed after reasonable inquiry of the Otterbourg accounting personnel, Otterbourg does not include in the amount of any disbursements the amortization of the cost of any investment, equipment or capital outlay.

9.      To the best of my knowledge, information and belief formed after reasonable inquiry of the Otterbourg accounting personnel, to the extent that Otterbourg has purchased or contracted for services from a third party, reimbursement is sought only for the amount billed by the third party to Otterbourg and paid.

10.      Otterbourg maintains supporting documentation for each item for which reimbursement is sought (*e.g.*, conference calls, meals chargeable and transportation) and such documentation is available for review on request by the Court or the United States Trustee.

11.      Otterbourg has complied with the provisions requiring it to provide the United States Trustee for the Southern District of New York and the Debtor with a statement of the Applicant's fees and expenses.

12.      The Notice Parties (as defined in the Interim Compensation Order) will each be provided with a copy of the Interim Fee Application.

New York, New York
Dated: March 17, 2022

By:    /s/ *Melanie L. Cyganowski*
        Melanie L. Cyganowski
        230 Park Avenue
        New York, New York 10169
        (212) 661-9100
        *Co-Counsel to the Ad Hoc Committee of*
        *Governmental and Other Contingent*
        *Litigation Claimants*

# EXHIBIT B

**Fee Assumption Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.**, *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

### ORDER AUTHORIZING THE DEBTORS TO ASSUME THE REIMBURSEMENT AGREEMENT AND PAY THE FEES AND EXPENSES OF THE AD HOC COMMITTEE'S PROFESSIONALS

Upon the motion (the "**Motion**")[2] of Purdue Pharma L.P. and its affiliates that are debtors

and debtors in possession in these cases (collectively, the "**Debtors**"), pursuant to sections 105(a),

363(b) and 365 of title 11 of the United States Code (the "**Bankruptcy Code**"), for an order (this

"**Order**") (a) authorizing the Debtors to assume the Reimbursement Agreement, attached to the

Motion as **Exhibit B**, and (b) authorizing but not directing the Debtors to pay the reasonable and

documented fees and expenses under the Reimbursement Agreement, without the need for further

motion, fee application or order of the Court, as more fully set forth in the Motion; and the Court

having jurisdiction to decide the Motion and the relief requested therein in accordance with 28

U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated

January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014).  The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant
to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Motion
having been provided, such notice having been adequate and appropriate under the circumstances,
and it appearing that no other or further notice need be provided; and upon the objections (or
joinders to objections) to the relief requested in the Motion filed by the Ad Hoc Group of Individual
Victims, the NAS Babies Ad Hoc Committee, the Official Committee of Unsecured Creditors, the
Private Insurance Plaintiffs, the U.S. Trustee, and Certain Native American Tribes [Docket Nos.
454, 458, 459, 462, 463 and 468] and the responses thereto; and the Court having held a hearing
to consider the relief requested in the Motion on November 19, 2019 (the "**Hearing**"); and upon
the record of the Hearing and all of the proceedings had before the Court; and after due deliberation
and for the reasons stated by the Court in its bench ruling at the Hearing the Court having
determined that the legal and factual bases set forth in the Motion establish good and sufficient
cause for the relief granted herein, which is in the best interests of the Debtors, their estates, their
creditors and all parties in interest; now, therefore,

  **IT IS HEREBY ORDERED THAT:**

  1.  The Motion is granted to the extent set forth herein.

  2.  The Debtors are authorized to perform the Reimbursement Agreement pursuant to
section 363 of the Bankruptcy Code, subject to and as modified by the terms of this Order.

  3.  Specifically, the Debtors are authorized, but not directed, to pay (i) Brown Rudnick
LLP, (ii) Gilbert, LLP, (iii) Kramer Levin Naftalis & Frankel LLP, (iv) Otterbourg PC, (v) FTI
Consulting, Inc., (vi) Compass Lexecon and (vii) Coulter & Justice (collectively, the
"**Professionals**") for their reasonable and documented fees and expenses in accordance with the
terms and conditions of the Reimbursement Agreement and this Order; *provided* that, for the
avoidance of doubt, the Debtors shall have no obligation to pay any fees, expenses or other

2

amounts incurred after the termination of the Reimbursement Agreement in accordance with its terms.

4.    The authorization of the Debtors to pay (i) the reasonable and documented fees and expenses of the Professionals (other than those Professionals set forth in paragraph 3(vi) and (vii) above, which are addressed in subsection (z) of this paragraph 4 below) and (ii) reasonable and documented expenses (e.g., hotels, meals, travel costs, etc., but excluding the fees and expenses of any professional, including internal counsel, retained or employed by any Ad Hoc Committee member) incurred by the Ad Hoc Committee members in furtherance of their service on the Ad Hoc Committee (the "**Member Expenses**") shall be subject, *mutatis mutandis*, to the procedures with respect to authorization of payment of the fees and expenses of the professionals of the Debtors and the UCC set forth in the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals* [Docket No. 529] (as may be modified or amended by any subsequent order of the Court with respect thereto, the "**Interim Compensation Order**") including, for the avoidance of doubt, the filing of Monthly Fee Statements and Applications (in each case as defined in the Interim Compensation Order), Interim Fee Hearings (as defined in the Interim Compensation Order), the expiration of the Objection Deadline (as defined in the Interim Compensation Order) or resolution of any Objections (as defined in the Interim Compensation Order) with respect each Monthly Fee Statement, and the 20% holdback with respect to fees until further order of the Court; *provided* that the standard for authorization of payment of the fees and expenses of the Professionals shall be whether such fees and expenses are (a) reasonable and documented and (b) reimbursable under the Reimbursement Agreement (including, without limitation, that such fees and expenses are not duplicative of other Professionals and are within the Scope (as defined in the Reimbursement Agreement)); *provided*

3

*further* that, for the avoidance of doubt, that the Professionals shall not be considered retained

professionals of the Debtors or UCC and the retention of the Professionals shall not be required to

satisfy the standards for retention set forth in sections 327-328 or 1103 of the Bankruptcy Code;

*provided further* that, the Professionals shall seek reimbursement only for fees and expenses that

are within the Scope (and, for the avoidance of doubt, neither filing objections to the claims of

other creditors or advancing or prosecuting the claims of the individual members of the Ad Hoc

Committee shall be considered within the Scope); *provided further* that, (x) the aggregate amount

authorized to be paid pursuant to this Order shall not exceed $1,500,000 with respect to the fees

and expenses of the Professionals (including Compass Lexecon and Coulter & Justice) incurred

prior to the Petition Date, (y) such prepetition fees and expenses of the Professionals, together with

any prepetition Member Expenses, shall be sought only upon the earlier of (1) the execution of a

restructuring support agreement among parties including the Debtors and each member of the Ad

Hoc Committee and (2) confirmation of a chapter 11 plan for the Debtors, and (z) the Debtors shall

not be authorized to pay any amounts to the Professionals set forth in paragraph 3(vi) and 3(vii)

above (who are not currently actively engaged) unless and until authorized to do so by subsequent

order of this Court in connection with one of the Applications referred to above; *provided further*

that the fees and expenses of the Professionals incurred in connection with or relating to the

allocation of value among the Debtors' creditors  (the "**Allocation Fees**"), shall be segregated and

recorded in separate matters or projects and shall be sought by Application only upon the earlier

of (a) the approval by the Court of a restructuring support agreement among parties including the

Debtors and each member of the Ad Hoc Committee (the "**RSA**") or (b) confirmation of a chapter

11 plan for the Debtors; *provided further* that to the extent an emergency relief fund for the use,

prior to confirmation, of a substantial amount of the Debtors' cash to provide emergency relief and

assistance with respect to the opioid crisis (an "**ERF**") has not previously been sought or approved by the Court, the RSA shall have within it a valid and credible proposal for an ERF; *provided further* that prior to the earlier of approval by the Court of an RSA or confirmation of a chapter 11 plan for the Debtors, each Professional that submits a Monthly Fee Statement or Application will include a representation therein that it has separately recorded its Allocation Fees and has not, to the best of its knowledge, included Allocation Fees in such Monthly Fee Statement or Application.

5.      Notwithstanding anything to the contrary herein, the Debtors shall not be authorized to pay the fees and any expenses of any advisor to the Ad Hoc Committee other than the Professionals (as defined in paragraph 3), and the authorization to pay the fees and expenses of any advisor to the Ad Hoc Committee other than the Professionals (including any investment banker, as contemplated by the Reimbursement Agreement) shall be sought by a supplemental motion to this Court, *provided* that the Debtors are authorized to pay the fees of an investment banker, as contemplated by the Reimbursement Agreement, subject the same procedures applicable to the Professionals (as defined in paragraph 3), with the consent of the Debtors, U.S. Trustee and UCC to the retention of such investment banker and the terms of such retention.

6.      Pursuant to and consistent with information and confidentiality protocols to be agreed between the Ad Hoc Committee, the Ad Hoc Group of Non-Consenting States[3] and the Governmental Entities Group[4], and acceptable to the Debtors, and any protective order in these cases, the work product of certain financial professionals engaged by the Ad Hoc Committee, including FTI Consulting, Inc., shall be made available to the Ad Hoc Group of Non-Consenting States and the Governmental Entities Group with respect to matters on which such parties share a

---

[3] The Bankruptcy Rule 2019 statement for the Ad Hoc Group of Non-Consenting States is filed at Docket No. 296.

[4] The Bankruptcy Rule 2019 statement for the Governmental Entities Group is filed at Docket No. 409.

common interest, subject to the terms therein, and where such work product does not contain,

reflect or reference confidential information of the Debtors that they have provided to the Ad Hoc

Committee but not provided to the Ad Hoc Group of Non-Consenting States and the Governmental

Entities Group. The delivery of information pursuant to such information protocols described in

this paragraph shall not be deemed a waiver of any common interest privilege, attorney-client

privilege, work product protection, or any other applicable privileges or protections with respect

thereto.

7.     The contents of the Motion and the notice procedures set forth therein constitute

good and sufficient notice and satisfy the Bankruptcy Rules and the Local Rules, and no other or

further notice of the Motion or the entry of this Order shall be required.

8.     Nothing in this Order shall be deemed to constitute (i) a grant of third-party

beneficiary status or bestowal of any additional rights on any third party or (ii) a waiver of any

rights, claims or defenses of the Debtors.

9.     The Debtors are authorized to take all actions necessary to effectuate the relief

granted pursuant to this Order in accordance with the Motion.

10.     The relief granted herein shall be binding upon any chapter 11 trustee appointed in

any of these chapter 11 cases or upon any chapter 7 trustee appointed in the event of a subsequent

conversion of any of these chapter 11 cases to cases under chapter 7.

11.     The Court retains jurisdiction with respect to all matters arising from or related to

the implementation of this Order.

Dated: December 2, 2019                    /s/ Robert D. Drain
       White Plains, New York              THE HONORABLE ROBERT D. DRAIN
                                           UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT C

**Summary of Compensation By Project Code**

6877274.1

**SUMMARY OF COMPENSATION BY**
**PROJECT CODE FOR THE APPLICATION PERIOD**

| Project Code | Project Category | Total Billed Hours | Average Hourly Rate | Fees Recorded |
|---|---|---|---|---|
| PU03 | Business Operations | .8 | $940.00 | $752.00 |
| PU04 | Case Administration | .3 | $345.00 | $103.50 |
| PU06 | Employment and Fee Applications | 16.1 | $772.55 | $12,438.00 |
| PU08 | Litigation: Contested Matters, Adversary | 24.0 | $1,006.52 | $24,156.50 |
| PU09 | Meetings and Communications with Ad Hoc | 41.1 | $1,317.51 | $54,149.50 |
| PU11 | Plan and Disclosure Statement | 132.5 | $1,237.07 | $163,912.00 |
| | **TOTALS:** | **214.8** | **$1,189.53** | **$255,511.50** |

## BUDGET V. ACTUAL FEES REQUESTED

| Project Code | Project Category | Budgeted Hours | Actual Hours | Budgeted Fees | Actual Fees |
|---|---|---|---|---|---|
| PU01 | Asset Analysis and Recovery | 10 | 0 | $10,000 | $0.00 |
| PU02 | Assumption and Rejection of Leases and Contract | 0 | 0 | $0 | $0.00 |
| PU03 | Business Operations | 15 | .8 | $15,000.00 | $752.00 |
| PU04 | Case Administration | 21 | .3 | $25,000.00 | $103.50 |
| PU05 | Claims Analysis | 0 | 0 | $0 | $0.00 |
| PU06 | Employment and Fee Applications | 35 | 16.1 | $25,000.00 | $12,438.00 |
| PU07 | Emergency Financing | 0 | 0 | $0 | $0.00 |
| PU08 | Litigation: Contested Matters, Adversary | 35 | 24.0 | $25,000.00 | $24,156.50 |
| PU09 | Meetings and Communications with Ad Hoc | 80 | 41.1 | $100,000.00 | $54,149.50 |
| PU10 | Non-Working Travel | 0 | 0 | $0 | $0.00 |
| PU11 | Plan and Disclosure Statement | 225 | 132.5 | $300,000.00 | $163,912.00 |
| **TOTAL:** | | **421.0** | **214.8** | **$500,000.00** | **$255,511.5** |

## PROPOSED STAFFING PLAN APPLICATION PERIOD

| Category of Timekeeper | Estimated Number of Timekeepers | Actual Number of Timekeepers | Average Hourly Rate Based on Actual Timekeepers |
|---|---|---|---|
| Partner | 1 | 2 | $1,232.07 |
| Of Counsel | 1 | 1 | $940.00 |
| Associate | 1 | 0 | NA |
| Paralegal | 1 | 1 | $345.00 |

# EXHIBIT D

**Summary of Hours By Professional**

## SUMMARY OF HOURS BILLED BY
## PROFESSIONALS FOR THE APPLICATION PERIOD

### Attorney Hours for the Application Period

| Professional | Year Admitted | Rate Per Hour | No. of Hours | Total Compensation |
|---|---|---|---|---|
| Melanie L. Cyganowski ("MLC") Partner | 1982 | $1470.00 | 113.9 | $167,433.00 |
| Jennifer S. Feeney ("JSF") Of Counsel/Partner[2] | 1998 | $940.00 | 76.4 | $71,816.00 |
| Erik B. Weinick ("EBW") Partner | 2002 | $895.00 | 14.2 | $12,709.00 |
| | TOTAL | | 204.5 | $251,958.00 |

### Paraprofessional Hours for the Application Period

| Professional | Year Admitted | Rate Per Hour | No. of Hours | Total Compensation |
|---|---|---|---|---|
| Jessica K. Hildebrandt ("JKH") Paralegal | N/A | $345.00 | 10.3 | $3,553.50 |
| | TOTAL | | 10.3 | $3,553.50 |

---

[2]    Ms. Feeney became a partner at Otterbourg P.C. on January 1, 2022. For purposes of this application, where applicable, she has been included in the attorney category as of counsel.

**Total Fees for the Application Period By Position**

| Professional | Blended Rate | Total  Hrs. | Total Fees Recorded |
|---|---|---|---|
| Partner | $1,406.26 | 128.1 | $180,142.00 |
| Of Counsel | $940.00 | 76.4 | $71,816.00 |
| Associate | NA | 0.0 | $0.00 |
| Paralegal | $345.00 | 10.3 | $3,553.50 |
| **Blended Professional Rate** | **$1,189.53** | **214.8** | **$255,511.50** |

**Blended Hourly Rate for Professionals Billing to Case v. Blended Hourly Rate of All Other Professionals for Last 12 Months**

| Professionals and Paraprofessionals | Blended Hourly Rate of Professionals and Paraprofessionals Not Billing to this Matter for Prior 12-Month Period by Position | Blended Hourly Rate of Professionals Billed for Application Period by Position |
|---|---|---|
| Partner | $973.18 | $1,406.26 |
| Of Counsel | $798.46 | $940.00 |
| Associate | $470.26 | NA |
| Paraprofessional and Other Staff | $325.00 | $345.00 |
| Blended Attorney Rate/Total Attorney Fees | $724.56 | $1,232.07 |
| Blended Paralegal Rate | $325.00 | $345.00 |

# EXHIBIT E

**Time Entries**

## OTTERBOURG P.C.

### 230 PARK AVENUE
### NEW YORK, NY  10169-0075

February 24, 2022
BILL NO. 221671

Client/Matter No.:    20186/0002
Matter Name:          CHAPTER 11
Billing Partner:      RL STEHL

For Services Rendered Through January 31, 2022:

---

Phase: PU03                                        BUSINESS OPERATIONS

---

| DATE<br>ATTORNEY | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| 01/10/22<br>JSF | Examine Documents<br>Review of Overview of Revised Business Plan | .20 | 188.00 |
| 01/12/22<br>JSF | Examine Documents<br>Review of Updated Business Plan Analysis | .40 | 376.00 |
| 01/19/22<br>JSF | Examine Documents<br>Review of Draft Letter to Debtor re:<br>Business Operations and Expenses | .20 | 188.00 |
| TOTAL PHASE PU03 | | .80 | $752.00 |

---

Phase: PU04                                        CASE ADMINISTRATION

---

| DATE<br>ATTORNEY | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| 12/28/21<br>JKH | Diary & Docket<br>Review docket and calendar all omnibus<br>hearing dates | .30 | 103.50 |

OTTERBOURG P.C.

230 PARK AVENUE
NEW YORK, NY  10169-0075

Client/Matter:   20186/0002                                    February 24, 2022
Page 2                                                         BILL NO. 221671

| DATE ATTORNEY | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| TOTAL PHASE PU04 | | .30 | $103.50 |

---

Phase: PU06                              EMPLOYMENT & FEE APPLICATIONS

---

| DATE ATTORNEY | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| 11/08/21 JSF | Prepare Legal Papers Prepare Interim Fee Application | 2.10 | 1,974.00 |
| 11/09/21 JSF | Prepare Legal Papers Review September time detail | .90 | 846.00 |
| 11/09/21 MLC | Review Documents Review of September fee monthly statement | .20 | 294.00 |
| 11/09/21 JKH | Prepare Papers Prepare September monthly statement | .60 | 207.00 |
| 11/10/21 JSF | Prepare Legal Papers Prepare Sixth Interim Fee Application | 2.30 | 2,162.00 |
| 11/10/21 JKH | Prepare Papers Prepare fee application and exhibits | 1.40 | 483.00 |
| 11/11/21 JSF | Prepare Legal Papers Review and Revise Interim Fee Application | 1.10 | 1,034.00 |

OTTERBOURG P.C.

230 PARK AVENUE
NEW YORK, NY  10169-0075

Client/Matter:   20186/0002                                    February 24, 2022
Page 3                                                         BILL NO. 221671

| DATE ATTORNEY | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| 11/11/21 MLC | Review Documents Review of Otterbourg's 6th Interim Fee Application and Exhibits | 1.00 | 1,470.00 |
| 11/11/21 JKH | Prepare Papers Prepare fee application | .70 | 241.50 |
| 11/12/21 JSF | Examine Documents Review of Interim Fee Application for Filing | .40 | 376.00 |
| 11/12/21 JKH | Prepare Papers Prepare final September statement for filing | .20 | 69.00 |
| 11/15/21 JKH | Prepare Papers Finalize fee application for filing | .20 | 69.00 |
| 11/30/21 JKH | Prepare Papers Prepare October monthly statement | .80 | 276.00 |
| 12/07/21 JSF | Examine Documents Review of November Time Detail | .40 | 376.00 |
| 12/08/21 JSF | Examine Documents November Monthly Fee Statement | .30 | 282.00 |
| 12/08/21 JKH | Prepare Papers Prepare draft November monthly statement | .80 | 276.00 |

# OTTERBOURG P.C.

230 PARK AVENUE
NEW YORK, NY  10169-0075

Client/Matter:   20186/0002                                        February 24, 2022
Page 4                                                             BILL NO. 221671

| DATE ATTORNEY | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| 12/13/21 JSF | Examine Documents November Fee Statement for Filing | .20 | 188.00 |
| 12/13/21 JKH | Diary & Docket Finalize November monthly statement for filing and calendar objection deadline | .10 | 34.50 |
| 12/16/21 JSF | Telephone Call(s) Participate in Omnibus Hearing re: Fee Applications | 1.10 | 1,034.00 |
| 01/14/22 JSF | Examine Documents Review of December Monthly Fee Statement | .30 | 282.00 |
| 01/14/22 JKH | Prepare Papers Prepare December monthly statement | .60 | 207.00 |
| 01/26/22 JSF | Examine Documents Review of Monthly Fee Statement for Filing | .20 | 188.00 |
| 01/26/22 JKH | Prepare Papers Finalize monthly fee statement and calendar objection deadline | .20 | 69.00 |

TOTAL PHASE PU06                                   16.10          $12,438.00

Phase: PU08                           LITIGATION: CONTESTED MATTERS, ADVERSARY

| DATE ATTORNEY | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|

# OTTERBOURG P.C.

230 PARK AVENUE
NEW YORK, NY  10169-0075

Client/Matter:   20186/0002                              February 24, 2022
Page 5                                                   BILL NO. 221671


| Date | | Description | Hours | Amount |
|---|---|---|---|---|
| 10/11/21 | MLC | Correspondence<br>Correspondence with Gilbert firm re certain insurance discovery requests and responses | .80 | 1,176.00 |
| 10/12/21 | JSF | Examine Documents<br>Review of Draft Responses to Discovery Response re: Insurance Litigation and Underlying Related Documents | 1.10 | 1,034.00 |
| 10/19/21 | JSF | Examine Documents<br>Review of Document Requests to AHC re: Insurance Litigation | .30 | 282.00 |
| 10/19/21 | JSF | Telephone Call(s)<br>Call with Co-Counsel re: Responses to Document Requests | .70 | 658.00 |
| 10/26/21 | JSF | Examine Documents<br>Review of Documents in Response to Discovery Requests in Insurance Litigation | 2.50 | 2,350.00 |
| 10/26/21 | JKH | Review/analyze<br>Review of documents in connection with insurance litigation and discovery | 1.60 | 552.00 |
| 11/05/21 | MLC | Review Documents<br>Review of draft responses for production served upon AD HOC in insurance AP | .50 | 735.00 |
| 11/05/21 | MLC | Review Documents<br>Review of Court order denying chambers conference request | .20 | 294.00 |

OTTERBOURG P.C.

230 PARK AVENUE
NEW YORK, NY  10169-0075

Client/Matter:   20186/0002                          February 24, 2022
Page 6                                               BILL NO. 221671

| DATE ATTORNEY | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| 11/07/21 JSF | Examine Documents Review of Draft Responses of Committees to Document Requests in Insurance Litigation | .40 | 376.00 |
| 11/07/21 MLC | Review Documents Review of UCC's edits to discovery responses | .30 | 441.00 |
| 11/09/21 MLC | Review Documents Review and analysis of SDNY Order denying motion of insurers to withdraw reference of AP | 1.10 | 1,617.00 |
| 11/10/21 JKH | Review Documents Review and calendar oral argument schedule | .20 | 69.00 |
| 11/11/21 JSF | Examine Documents Review of Notices of Appearance for District Court Appeal | .20 | 188.00 |
| 11/11/21 MLC | Review Documents Review of draft NOAs for SDNY | .50 | 735.00 |
| 11/11/21 JKH | Prepare Papers Prepare and file NOAs in SDNY action | .80 | 276.00 |
| 11/18/21 JSF | Examine Documents Review of Summary of Court Hearing | .20 | 188.00 |

OTTERBOURG P.C.

230 PARK AVENUE
NEW YORK, NY  10169-0075

Client/Matter:   20186/0002                                        February 24, 2022
Page 7                                                             BILL NO. 221671

| DATE ATTORNEY | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| 11/18/21 EBW | Attendance at Court (Conference) Telephonic attendance at omnibus hearing. | 1.00 | 895.00 |
| 11/18/21 MLC | Review Documents Review of summary at hearing before Judge Drain | .30 | 441.00 |
| 11/24/21 JKH | Prepare Papers Prepare electronic device notice for SDNY district court hearing | .20 | 69.00 |
| 12/01/21 JSF | Telephone Call(s) Attend Videoconference re: Insurance Litigation | 1.20 | 1,128.00 |
| 12/01/21 JSF | Examine Documents Review of Insurance Adversary Summary Materials | .30 | 282.00 |
| 12/01/21 MLC | Conference call(s) Conference call re: insurance settlement report presented by Gilbert law firm | 1.10 | 1,617.00 |
| 12/08/21 JSF | Correspondence Gilbert Law re: Response to Insurance Discovery Requests | .30 | 282.00 |
| 12/08/21 JSF | Examine Documents Attention to Issues re: Responses to Discovery Requests | .60 | 564.00 |

OTTERBOURG P.C.

230 PARK AVENUE
NEW YORK, NY  10169-0075

Client/Matter:   20186/0002                                    February 24, 2022
Page 8                                                         BILL NO. 221671

| DATE ATTORNEY | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| 12/08/21 MLC | Correspondence<br>Correspondence with Gilbert firm re: discovery production | .60 | 882.00 |
| 12/08/21 JKH | Research<br>Review of documents in connection with insurance litigation and discovery | .90 | 310.50 |
| 12/09/21 JSF | Examine Documents<br>Review of E-Mails for Response to Insurance Discovery Requests | .60 | 564.00 |
| 12/10/21 JKH | Review Documents<br>Review documents in connection with insurance litigation and discovery | .40 | 138.00 |
| 12/15/21 JSF | Examine Documents<br>Review of E-Mails re: Insurance Document Discovery | .60 | 564.00 |
| 12/16/21 MLC | Correspondence<br>Correspondence re: discovery requests concerning insurance litigation | .80 | 1,176.00 |
| 01/25/22 JSF | Examine Documents<br>Review of Overview of AG Criminal Authority | .30 | 282.00 |
| 01/25/22 JSF | Examine Documents<br>Review of Memo to Committee Outlining Options re: Extension of Injunction and Draft Statement/Objection for Review | 1.10 | 1,034.00 |

## OTTERBOURG P.C.

230 PARK AVENUE
NEW YORK, NY  10169-0075

Client/Matter:   20186/0002                           February 24, 2022
Page 9                                                 BILL NO. 221671

| DATE ATTORNEY | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| 01/26/22 JSF | Examine Documents Review of AHC Materials re: Continuation of Preliminary Injuction | .30 | 282.00 |
| 01/27/22 MLC | Review Documents Review and revision to draft of AHC response in support of injunction | .90 | 1,323.00 |
| 01/28/22 JSF | Examine Documents Review of Updates re: Extension of Injunction and AHC Statement | .30 | 282.00 |
| 01/31/22 JSF | Examine Documents Review of PEC Objection to Extension of Injunctions | .20 | 188.00 |
| 01/31/22 MLC | Review Documents Review of opposition filed by MDL PEC to bridge order | .60 | 882.00 |
| TOTAL PHASE PU08 | | 24.00 | $24,156.50 |

Phase: PU09                        MEETINGS & COMMUNICATIONS W/ AD HOC

| DATE ATTORNEY | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| 10/05/21 MLC | Conference call(s) Weekly conference call with state representatives from AHC | .80 | 1,176.00 |

# OTTERBOURG P.C.

230 PARK AVENUE
NEW YORK, NY  10169-0075

Client/Matter:   20186/0002                              February 24, 2022
Page 10                                                  BILL NO. 221671

| DATE ATTORNEY | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| 10/06/21 JSF | Telephone Call(s) Attend Weekly Meeting of AHC | .60 | 564.00 |
| 10/06/21 MLC | Conference call(s) Weekly conference call meeting with AHC | .80 | 1,176.00 |
| 10/13/21 JSF | Telephone Call(s) Attend Weekly Update Meeting of AHC | .40 | 376.00 |
| 10/13/21 MLC | Conference call(s) Weekly meeting of AHC committee | .50 | 735.00 |
| 10/26/21 MLC | Conference call(s) Conference call with AHC co-counsel and State Subgroup re post effective date plan issues | 1.00 | 1,470.00 |
| 11/03/21 JSF | Telephone Call(s) Attend Meeting of AHC - Status Update | .30 | 282.00 |
| 11/03/21 MLC | Attend Creditors Meeting AD HOC meeting | .40 | 588.00 |
| 11/17/21 JSF | Telephone Call(s) Attend Weekly Update Call with AHC | .30 | 282.00 |
| 11/17/21 EBW | Telephone Call(s) Attendance at weekly update call. | .30 | 268.50 |

OTTERBOURG P.C.

230 PARK AVENUE
NEW YORK, NY  10169-0075

Client/Matter:   20186/0002                          February 24, 2022
Page 11                                              BILL NO. 221671

| DATE ATTORNEY | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| 11/17/21 MLC | Conference call(s) Committee meeting of AD HOC | .40 | 588.00 |
| 11/18/21 MLC | Correspondence Correspondence from KL re: Drain decision | .30 | 441.00 |
| 12/01/21 JSF | Telephone Call(s) Attend Weekly Meeting of AHC | .90 | 846.00 |
| 12/01/21 MLC | Conference out of Office Committee meeting AHC | .90 | 1,323.00 |
| 12/09/21 MLC | Conference call(s) Conference call with State subgroup and AHC counsel re: status of SDNY filings | .50 | 735.00 |
| 12/20/21 JSF | Telephone Call(s) Attend AHC Meeting re: Update on Appeal Decision | 1.50 | 1,410.00 |
| 12/20/21 MLC | Conference call(s) Committee Meeting | 1.50 | 2,205.00 |
| 12/21/21 MLC | Conference call(s) Conference call with co-counsel and certain States' representatives | .60 | 882.00 |
| 12/22/21 JSF | Telephone Call(s) Attend Weekly Meeting of AHC | .80 | 752.00 |

# OTTERBOURG P.C.

230 PARK AVENUE
NEW YORK, NY  10169-0075

Client/Matter:   20186/0002                                   February 24, 2022
Page 12                                                       BILL NO. 221671

| DATE ATTORNEY | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| 12/22/21 MLC | Conference call(s) Conference call with AHC Committee | 1.00 | 1,470.00 |
| 12/29/21 JSF | Telephone Call(s) Attend Via Zoom Weekly AHC Meeting | .50 | 470.00 |
| 01/03/22 MLC | Review Documents Review of AHC summary of updates and developments | .60 | 882.00 |
| 01/05/22 JSF | Telephone Call(s) Participate in Weekly Meeting of AHC | 1.50 | 1,410.00 |
| 01/05/22 MLC | Conference call(s) Conference call meeting with the AHC | 1.00 | 1,470.00 |
| 01/06/22 MLC | Conference call(s) Conference call with States' subgroup and counsel re: next steps | .90 | 1,323.00 |
| 01/06/22 MLC | Review Documents Review of memo to AHC re summarizing next potential appellate steps | .80 | 1,176.00 |
| 01/12/22 JSF | Telephone Call(s) Participate in Weekly AHC Meeting | .70 | 658.00 |
| 01/12/22 MLC | Conference call(s) Meeting with the AHC | 1.20 | 1,764.00 |

# OTTERBOURG P.C.

### 230 PARK AVENUE
### NEW YORK, NY  10169-0075

Client/Matter:   20186/0002                                    February 24, 2022
Page 13                                                         BILL NO. 221671

| DATE ATTORNEY | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| 01/14/22 MLC | Correspondence<br>Correspondence with AHC and counsel | .80 | 1,176.00 |
| 01/17/22 JSF | Telephone Call(s)<br>Participate in Meeting of AHC | 1.40 | 1,316.00 |
| 01/17/22 MLC | Conference call(s)<br>Conference call with AHC re: appeal | 1.40 | 2,058.00 |
| 01/17/22 MLC | Correspondence<br>Correspondence with AHC co-counsel re:<br>appeal and next steps | .40 | 588.00 |
| 01/18/22 MLC | Conference call(s)<br>Conference call with State Subgroup and AHC<br>counsel | 1.00 | 1,470.00 |
| 01/19/22 JSF | Telephone Call(s)<br>Participate in Weekly Call of AHC | 1.20 | 1,128.00 |
| 01/19/22 MLC | Conference call(s)<br>AHC committee meeting | 1.40 | 2,058.00 |
| 01/19/22 MLC | Telephone Call(s)<br>Telephone call with Ken Eckstein to prepare<br>for AHC meeting | .30 | 441.00 |
| 01/21/22 MLC | Revision of Documents<br>Reviewed and revised memo to AHC Re:<br>Options | .70 | 1,029.00 |

# OTTERBOURG P.C.

230 PARK AVENUE
NEW YORK, NY  10169-0075

Client/Matter:   20186/0002                                    February 24, 2022
Page 14                                                        BILL NO. 221671

| DATE<br>ATTORNEY | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| 01/21/22<br>MLC | Telephone Call(s)<br>Telephone call with Rachel Obaldo re:<br>strategy and next steps | .50 | 735.00 |
| 01/22/22<br>MLC | Correspondence<br>Correspondence with co-counsel re:<br>revisions to AHC memo | .50 | 735.00 |
| 01/23/22<br>MLC | Review Documents<br>Review of revised draft memo to AHC | 1.10 | 1,617.00 |
| 01/23/22<br>MLC | Correspondence<br>Correspondence with co-counsel re: revised<br>draft memo | .40 | 588.00 |
| 01/24/22<br>MLC | Review Documents<br>Review and analysis of draft pleading and<br>memo to AHC | 2.10 | 3,087.00 |
| 01/25/22<br>MLC | Correspondence<br>Correspondence with AHC and co-counsel re:<br>mediation next step | .80 | 1,176.00 |
| 01/26/22<br>JSF | Telephone Call(s)<br>Participate in Weekly Meeting of AHC | .90 | 846.00 |
| 01/26/22<br>MLC | Conference call(s)<br>Conference call with AHC | 1.00 | 1,470.00 |

OTTERBOURG P.C.

230 PARK AVENUE
NEW YORK, NY  10169-0075

Client/Matter:   20186/0002                                    February 24, 2022
Page 15                                                        BILL NO. 221671

| DATE ATTORNEY | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| 01/27/22 MLC | Conference call(s) Conference call with States subgroup and AHC counsel | 1.10 | 1,617.00 |
| 01/28/22 MLC | Conference call(s) Conference call with co-counsel and state subgroup re mediation | .80 | 1,176.00 |
| 01/28/22 MLC | Correspondence Correspondence with AHC re: extension of time to file papers in connection with continuance of injunction | .50 | 735.00 |
| 01/31/22 JSF | Examine Documents Review of Updates to AHC re: Mediation and Extension of Injunction | .50 | 470.00 |
| 01/31/22 MLC | Correspondence Correspondence with AHC co-counsel re mediation and next steps | 1.30 | 1,911.00 |
| TOTAL PHASE PU09 | | 41.10 | $54,149.50 |

Phase: PU11                                    PLAN & DISCLOSURE STATEMENT

| DATE ATTORNEY | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|

# OTTERBOURG P.C.

230 PARK AVENUE
NEW YORK, NY  10169-0075

Client/Matter:   20186/0002                                    February 24, 2022
Page 16                                                        BILL NO. 221671

| DATE<br>ATTORNEY | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| 10/01/21<br>JSF | Telephone Call(s)<br>Call with Professionals and States'<br>Working Group re: Appellate Process | .70 | 658.00 |
| 10/01/21<br>MLC | Conference call(s)<br>Conference call with AHC counsel and state<br>representatives re various appellate<br>issues and update | .70 | 1,029.00 |
| 10/01/21<br>MLC | Correspondence<br>Correspondence with AHC counsel re<br>appellate issues | .70 | 1,029.00 |
| 10/05/21<br>MLC | Analysis of Memorandum<br>Review of KL memorandum concerning<br>appellate issues | 1.20 | 1,764.00 |
| 10/06/21<br>JSF | Examine Documents<br>Review of Appeal Updates and Appeal Issues<br>Memo | 2.10 | 1,974.00 |
| 10/06/21<br>MLC | Analysis of Memorandum<br>Review of memorandum prepared by KL re<br>status of appellate motions and research<br>analysis re same | 1.80 | 2,646.00 |
| 10/06/21<br>MLC | Analysis of Memorandum<br>Review of Maryland Statement of Issue on<br>Appeal | .60 | 882.00 |

OTTERBOURG P.C.

230 PARK AVENUE
NEW YORK, NY  10169-0075

Client/Matter:   20186/0002                                February 24, 2022
Page 17                                                     BILL NO. 221671

| DATE ATTORNEY | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| 10/06/21 MLC | Analysis of Memorandum Review of Oregon Statement of Issue on Appeal | .50 | 735.00 |
| 10/07/21 JSF | Telephone Call(s) Call with Co-Counsel and States' Representatives re: Updates | .40 | 376.00 |
| 10/07/21 JSF | Examine Documents Review of Submissions re: Appeals of Confirmation Order | .90 | 846.00 |
| 10/08/21 JSF | Examine Documents Review of Updates and New Filings re: Appeals | .60 | 564.00 |
| 10/08/21 MLC | Examine Documents Review of California's Statement of Issues to be Presented on Appeal | .80 | 1,176.00 |
| 10/08/21 MLC | Examine Documents Review of court order re restriction on writing letters | .50 | 735.00 |
| 10/08/21 JKH | Review/analyze Review SDNY docket in connection with hearing re: appeal to confirmation and prepare brief email | .30 | 103.50 |
| 10/11/21 JSF | Examine Documents Review of Updates re: Appeals and TRO | .60 | 564.00 |

## OTTERBOURG P.C.

230 PARK AVENUE
NEW YORK, NY  10169-0075

Client/Matter:   20186/0002                                    February 24, 2022
Page 18                                                         BILL NO. 221671

| DATE<br>ATTORNEY | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| 10/11/21<br>MLC | Examine Documents<br>Review of draft fee motions by MSGE and NCSG | 1.20 | 1,764.00 |
| 10/11/21<br>MLC | Examine Documents<br>Review of summary memo from KL concerning<br>UST Brief in Support of Stay Pending Appeal<br>and TRO by District Court | .90 | 1,323.00 |
| 10/11/21<br>MLC | Correspondence<br>Correspondence from KL concerning various<br>conversations re issue of mootness | .30 | 441.00 |
| 10/12/21<br>JSF | Telephone Call(s)<br>Attend Hearing Before District Court re:<br>Appellate Schedule and Stay Relief | 2.10 | 1,974.00 |
| 10/12/21<br>JSF | Examine Documents<br>Review of Appellate Updates | .30 | 282.00 |
| 10/13/21<br>JSF | Telephone Call(s)<br>Call with Purdue Professionals and State<br>Reps re: Appeals Updates | .80 | 752.00 |
| 10/13/21<br>JSF | Examine Documents<br>Appeals Updates - Review of Objections to<br>Certification Motions | .70 | 658.00 |
| 10/13/21<br>JSF | Examine Documents<br>Review of Judge McMahon Decision re: UST<br>Stay Motion | .30 | 282.00 |

OTTERBOURG P.C.

230 PARK AVENUE
NEW YORK, NY  10169-0075

Client/Matter:   20186/0002                          February 24, 2022
Page 19                                              BILL NO. 221671

| DATE<br>ATTORNEY | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| 10/13/21<br>MLC | Examine Documents<br>review and analysis of Judge McMahon's<br>Order denying without prejudice the UST<br>motion for a stay pending appeal | .90 | 1,323.00 |
| 10/13/21<br>MLC | Examine Documents<br>Review of draft objection to motion to<br>certify | 1.00 | 1,470.00 |
| 10/14/21<br>JSF | Telephone Call(s)<br>Attend Omnibus Hearing re: Appeals - Direct<br>Certification and Pre-Trial Stay<br>Conference | 5.70 | 5,358.00 |
| 10/14/21<br>MLC | Examine Documents<br>Reviewed summary of Judge Drain's ruling<br>denying motions to certify the appeals for<br>direct review by the Second Circuit | .90 | 1,323.00 |
| 10/15/21<br>MLC | Examine Documents<br>Review of draft of mootness stipulation | 1.40 | 2,058.00 |
| 10/18/21<br>JSF | Examine Documents<br>Review of UST Clarification Motion and<br>District Court Order re: Clarification of<br>Stay Order | .40 | 376.00 |
| 10/18/21<br>MLC | Examine Documents<br>Review of various exhibits to be attached<br>to motion to seek reimbursement of certain<br>professional fees by NCSG and MSGE | .80 | 1,176.00 |

OTTERBOURG P.C.

230 PARK AVENUE
NEW YORK, NY  10169-0075

Client/Matter:  20186/0002                                    February 24, 2022
Page 20                                                       BILL NO. 221671

| DATE<br>ATTORNEY | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| 10/18/21<br>MLC | Analysis of Memorandum<br>Review and analysis of Judge McMahon's<br>clarifying order | .70 | 1,029.00 |
| 10/18/21<br>MLC | Analysis of Memorandum<br>Review of UST Motion for Clarification | 1.30 | 1,911.00 |
| 10/19/21<br>MLC | Examine Documents<br>Follow up re discovery requests in<br>insurance adversary proceeding | 1.10 | 1,617.00 |
| 10/20/21<br>MLC | Examine Documents<br>Review of draft objection to various<br>pending motions for a stay pending appeal | 1.30 | 1,911.00 |
| 10/20/21<br>MLC | Examine Documents<br>Review of motion by NCSG and MSGE to seek<br>reimbursement of certain professional fees | .90 | 1,323.00 |
| 10/21/21<br>JSF | Examine Documents<br>Review of Case Updates to AHC | .20 | 188.00 |
| 10/22/21<br>MLC | Examine Documents<br>Review of Trainor declaration and UCC<br>opposition to motions for stay pending<br>appeal | 2.10 | 3,087.00 |
| 10/22/21<br>MLC | Correspondence<br>Correspondence re change in briefing<br>schedule | .20 | 294.00 |

## OTTERBOURG P.C.

230 PARK AVENUE
NEW YORK, NY  10169-0075

Client/Matter:  20186/0002                              February 24, 2022
Page 21                                                 BILL NO. 221671

| DATE<br>ATTORNEY | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| 10/26/21<br>MLC | Correspondence<br>Correspondence with AHC counsel re TopCo<br>board members | .80 | 1,176.00 |
| 10/26/21<br>MLC | Correspondence<br>Correspondence with AHC co counsel re MDT<br>board and selection of board members | .70 | 1,029.00 |
| 10/28/21<br>JSF | Examine Documents<br>Review of Summary of Appellate Briefs | .40 | 376.00 |
| 10/28/21<br>MLC | Conference call(s)<br>Conference call with co-counsel to AHC and<br>State subgroup re open issues | .60 | 882.00 |
| 10/28/21<br>MLC | Correspondence<br>Correspondence with AHC counsel re various<br>trustee nominations post-effective date | .80 | 1,176.00 |
| 10/28/21<br>MLC | Examine Documents<br>Review of chart summarizing each of the<br>appellant briefs | 1.30 | 1,911.00 |
| 11/02/21<br>JSF | Examine Documents<br>Review of Updates on Stay Motions | .40 | 376.00 |
| 11/03/21<br>MLC | Review Documents<br>Review of draft outline of argument to<br>District Court | 1.20 | 1,764.00 |

### OTTERBOURG P.C.

230 PARK AVENUE
NEW YORK, NY  10169-0075

Client/Matter:   20186/0002                                    February 24, 2022
Page 22                                                         BILL NO. 221671

| DATE<br>ATTORNEY | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| 11/05/21<br>MLC | Correspondence<br>Correspondence with AD HOC counsel and<br>State Subgroup re: station/mootness<br>stipulation waver | 1.10 | 1,617.00 |
| 11/09/21<br>JSF | Telephone Call(s)<br>Attend Telephonic Court Hearing re: Stay<br>Pending Appeal | 7.30 | 6,862.00 |
| 11/09/21<br>MLC | Correspondence<br>Correspondence summarizing Purdue hearing<br>before Judge Drain | .80 | 1,176.00 |
| 11/10/21<br>JSF | Examine Documents<br>Review of Summary of Stay Hearing to AHC | .20 | 188.00 |
| 11/11/21<br>JSF | Examine Documents<br>Review of Draft Appellate Brief of AHC | 1.20 | 1,128.00 |
| 11/12/21<br>JSF | Examine Documents<br>Review of Revised Appellate Brief | .60 | 564.00 |
| 11/12/21<br>MLC | Correspondence<br>Correspondence re: TopCo | .20 | 294.00 |
| 11/15/21<br>JSF | Examine Documents<br>Review of Appellee Briefs | .60 | 564.00 |
| 11/15/21<br>MLC | Review Documents<br>Review of final draft of Appellate Brief | 1.30 | 1,911.00 |

OTTERBOURG P.C.

230 PARK AVENUE
NEW YORK, NY  10169-0075

Client/Matter:   20186/0002                                    February 24, 2022
Page 23                                                        BILL NO. 221671

| DATE ATTORNEY | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| 11/17/21 EBW | Analysis of Legal Papers<br>Analysis of appellate briefs. | 3.60 | 3,222.00 |
| 11/17/21 MLC | Telephone Call(s)<br>Telephone call with Marco Acerra re: TopCo | .40 | 588.00 |
| 11/17/21 MLC | Review Documents<br>Review and analysis of Appellate Briefs;<br>Review and analysis of Appellate Brief | 4.50 | 6,615.00 |
| 11/18/21 EBW | Analysis of Legal Papers<br>Analysis of appellate briefs | 1.20 | 1,074.00 |
| 11/19/21 MLC | Review Documents<br>Review of draft order re: NCSG and MSGE fees | .40 | 588.00 |
| 11/19/21 MLC | Correspondence<br>Correspondence with Co-Counsel re: lift<br>stay motion | .60 | 882.00 |
| 11/23/21 EBW | Analysis of Legal Papers<br>Review of appellate briefs. | 1.10 | 984.50 |
| 11/24/21 MLC | Correspondence<br>Correspondence with AD HOC re: SDNY Oral<br>Argument on Appeal | .20 | 294.00 |
| 11/26/21 MLC | Review Documents<br>Review and analysis of SDNY Docket Entry<br>with questions from J. McMahon re: Appeal | 1.70 | 2,499.00 |

OTTERBOURG P.C.

230 PARK AVENUE
NEW YORK, NY  10169-0075

Client/Matter:   20186/0002                              February 24, 2022
Page 24                                                  BILL NO. 221671

| DATE ATTORNEY | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| 11/27/21 MLC | Correspondence Follow-up correspondence with AD HOC Counsel re: SDNY Appellate argument | .50 | 735.00 |
| 11/29/21 MLC | Telephone Call(s) Conference call with AD HOC Counsel and State Subgroup preparing for oral argument before SDNY | 1.10 | 1,617.00 |
| 11/29/21 MLC | Review Documents Review of Supplement Brief filed by certain States responding to Judge's questions | 1.50 | 2,205.00 |
| 11/30/21 JSF | Telephone Call(s) Attend Telephonically District Court Oral Argument re: Appeals of Confirmation Order | 6.00 | 5,640.00 |
| 11/30/21 MLC | Attendance at Court (Conference) General appearance on behalf of AHC before SDNY Court for hearing on appeals | 6.50 | 9,555.00 |
| 11/30/21 MLC | Conference out of Office Conference with co-counsel for AHC during break re appellate issues raised during oral argument | .60 | 882.00 |
| 12/01/21 MLC | Review Documents Review and analysis of McMahon docket entry set of questions | .60 | 882.00 |

# OTTERBOURG P.C.

230 PARK AVENUE
NEW YORK, NY  10169-0075

Client/Matter:   20186/0002                                          February 24, 2022
Page 25                                                              BILL NO. 221671

| DATE<br>ATTORNEY | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| 12/02/21<br>MLC | Conference call(s)<br>Conference call with ADH counsel and State<br>subgroup re: J. McMahon questions | .40 | 588.00 |
| 12/04/21<br>MLC | Review Documents<br>Review of draft of supplemental brief in<br>support of confirmation by AHC | 1.30 | 1,911.00 |
| 12/05/21<br>MLC | Review Documents<br>Review of proposed revisions to draft<br>supplemental memo to file in SDNY appeal<br>case | 1.40 | 2,058.00 |
| 12/07/21<br>JSF | Examine Documents<br>Review of Supplemental Briefing re: Appeal<br>of Confirmation Order | 1.30 | 1,222.00 |
| 12/08/21<br>EBW | Analysis of Legal Papers<br>Review of appellate briefs and<br>post-argument briefs. | 3.10 | 2,774.50 |
| 12/08/21<br>MLC | Review Documents<br>Review and analysis of summary of<br>supplemental briefs filed in SDNY | 2.20 | 3,234.00 |
| 12/09/21<br>EBW | Analysis of Legal Papers<br>Review of case updates re: Appeal of<br>Confirmation Order | 1.70 | 1,521.50 |

# OTTERBOURG P.C.

230 PARK AVENUE
NEW YORK, NY  10169-0075

Client/Matter:   20186/0002                         February 24, 2022
Page 26                                              BILL NO. 221671

| DATE ATTORNEY | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| 12/09/21 MLC | Correspondence<br>Correspondence with States' subgroup re: prospective SDNY decision | .20 | 294.00 |
| 12/10/21 MLC | Review Documents<br>Review of court docket ruling in SDNY | .70 | 1,029.00 |
| 12/15/21 JSF | Examine Documents<br>Review of NOAT Distribution Procedures re: Response to Inquiry | .80 | 752.00 |
| 12/16/21 JSF | Examine Documents<br>Review of District Court Order Vacating Confirmation Order | 1.40 | 1,316.00 |
| 12/16/21 JSF | Telephone Call(s)<br>Call with Co-Counsel to Discuss District Court Vacatur | 1.20 | 1,128.00 |
| 12/16/21 EBW | Analysis of Legal Papers<br>Analysis of district court decision. | 2.20 | 1,969.00 |
| 12/16/21 MLC | Conference call(s)<br>Conference call with AHC co-counsel re: SDNY Appellate decision | 1.20 | 1,764.00 |
| 12/16/21 MLC | Review Documents<br>Review and analysis of District Court opinion | 1.20 | 1,764.00 |

OTTERBOURG P.C.

230 PARK AVENUE
NEW YORK, NY  10169-0075

Client/Matter:   20186/0002                                February 24, 2022
Page 27                                                     BILL NO. 221671

| DATE<br>ATTORNEY | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| 12/22/21<br>MLC | Telephone Call(s)<br>Telephone call with Irve Goldman re SDNY<br>decision vacating confirmation order | .50 | 735.00 |
| 12/22/21<br>MLC | Correspondence<br>Correspondence with AHC co-counsel re:<br>debtors' motion for extension of the<br>injunction | .30 | 441.00 |
| 12/22/21<br>MLC | Conference call(s)<br>Conference call with DPW and AHC counsel<br>re: District Court Decision | 1.80 | 2,646.00 |
| 12/31/21<br>MLC | Review Documents<br>Review of debtors' papers in support of<br>certification of appeal | 1.30 | 1,911.00 |
| 01/03/22<br>JSF | Examine Documents<br>Review of Motions to Certify District Court<br>Ruling for Appeal to Second Circuit | .40 | 376.00 |
| 01/03/22<br>MLC | Review Documents<br>Review of Court order appointing mediator<br>Chapman | .40 | 588.00 |
| 01/04/22<br>MLC | Review Documents<br>Review of Sackler motion for certification<br>of appeal | 1.30 | 1,911.00 |

### OTTERBOURG P.C.

230 PARK AVENUE
NEW YORK, NY  10169-0075

Client/Matter:   20186/0002                                February 24, 2022
Page 28                                                      BILL NO. 221671

| DATE ATTORNEY | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| 01/05/22 MLC | Review Documents<br>Review of summary of potential arguments prepared by Kramer | .80 | 1,176.00 |
| 01/06/22 MLC | Review Documents<br>Review of motion re seeking certification of appeal | .70 | 1,029.00 |
| 01/07/22 JSF | Examine Documents<br>Review of District Court Order Granting Motions to Certify Appealability of Order | .30 | 282.00 |
| 01/10/22 JSF | Examine Documents<br>Review Overview of Plan Alternatives | .60 | 564.00 |
| 01/13/22 JSF | Examine Documents<br>Review of Presentation to AHC and Analysis of Issues re: Plan and Strategic Options | .80 | 752.00 |
| 01/13/22 MLC | Correspondence<br>Correspondence with AHC and counsel re: appellate issues | .90 | 1,323.00 |
| 01/14/22 MLC | Review Documents<br>Review of draft of joinder to appeal | 1.10 | 1,617.00 |
| 01/14/22 MLC | Telephone Call(s)<br>Telephone call with KL re: appellate issues | .40 | 588.00 |

OTTERBOURG P.C.

230 PARK AVENUE
NEW YORK, NY  10169-0075

Client/Matter:   20186/0002                                    February 24, 2022
Page 29                                                        BILL NO. 221671


| DATE<br>ATTORNEY | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| 01/17/22<br>JSF | Examine Documents<br>Review of Draft Request to Appeal of AHC | .40 | 376.00 |
| 01/17/22<br>JSF | Examine Documents<br>Review of Filed Briefs to Appeal District<br>Court Decision to Second Circuit | 1.20 | 1,128.00 |
| 01/17/22<br>MLC | Review Documents<br>Review of analysis by Gilbert firm Re:<br>Appellate Issue | 1.10 | 1,617.00 |
| 01/17/22<br>MLC | Review Documents<br>Review and analysis of UCC appeal papers<br>filed in second circuit | .90 | 1,323.00 |
| 01/18/22<br>MLC | Conference call(s)<br>Correspondence with AHC subgroup re:<br>appeal and injunction issues | 1.10 | 1,617.00 |
| 01/19/22<br>JSF | Examine Documents<br>Review of Materials re: Strategic<br>Alternatives | 1.20 | 1,128.00 |
| 01/19/22<br>MLC | Review Documents<br>Review of strategy models re: next steps<br>for AHC | 1.10 | 1,617.00 |
| 01/20/22<br>MLC | Review Documents<br>Review of MSGE motion to expedite appeal | .50 | 735.00 |

OTTERBOURG P.C.

230 PARK AVENUE
NEW YORK, NY 10169-0075

Client/Matter:  20186/0002                                    February 24, 2022
Page 30                                                       BILL NO. 221671

| DATE ATTORNEY | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| 01/20/22 MLC | Review Documents<br>Review of summary of California opposition to appellate petitions | .40 | 588.00 |
| 01/20/22 MLC | Review Documents<br>Telephone call with Ken Eckstein re: next steps | .30 | 441.00 |
| 01/21/22 MLC | Telephone Call(s)<br>Telephone call with Ken Eckstein re: strategy and next steps | .40 | 588.00 |
| 01/21/22 MLC | Review Documents<br>Review of letter to Kesselman | .60 | 882.00 |
| 01/25/22 MLC | Revision of Documents<br>Reviewed and revised memo to State sub-group re: mediation status | .40 | 588.00 |
| 01/26/22 MLC | Telephone Call(s)<br>Telephone call with Ken Eckstein re: negotiations with Sacklers | .40 | 588.00 |
| 01/27/22 JSF | Examine Documents<br>Review of Illustrative of Alternative Plan Scenarios and Related Issues | 1.30 | 1,222.00 |
| 01/27/22 MLC | Review Documents<br>Review and analysis of Second Circuit decision re: allowing expedited appeals | .60 | 882.00 |

OTTERBOURG P.C.

230 PARK AVENUE
NEW YORK, NY  10169-0075

Client/Matter:  20186/0002                          February 24, 2022
Page 31                                             BILL NO. 221671

| DATE ATTORNEY | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| 01/31/22 JSF | Examine Documents Review of Interim Mediator Report | .20 | 188.00 |
| 01/31/22 MLC | Review Documents Review of mediation report | .60 | 882.00 |
| TOTAL PHASE PU11 | | 132.50 | $163,912.00 |
| | TOTAL FOR SERVICES | | $255,511.50 |

# EXHIBIT F

**Summary of Expenses**

**DISBURSEMENTS FOR THE APPLICATION PERIOD**

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Electronic Research | Westlaw | $51.00 |
| Taxis[1] | | $56.36 |
| **TOTAL:** | | **$107.36** |

---

[1]       This expense relates to taxis to and from court on November 30, 2021 in connection with oral argument on the appeals of the Confirmation Order.

6877274.1

# EXHIBIT G

**List of Expenses**

OTTERBOURG P.C.

230 PARK AVENUE
NEW YORK, NY  10169-0075

Client/Matter:   20186/0002                                          February 24, 2022
Page 32                                                              BILL NO. 221671

DISBURSEMENTS FOR YOUR ACCOUNT

    Electronic Research                                                   51.00

    Taxis                                                                 56.36
                                                                  _____
                                        TOTAL DISBURSEMENTS            107.36