**DAVIS POLK & WARDWELL LLP**
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut
Christopher S. Robertson

*Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (RDD)** |
| **Debtors.**[1] | **(Jointly Administered)** |

**COVER SHEET TO THE SEVENTH INTERIM APPLICATION OF
DAVIS POLK & WARDWELL LLP FOR COMPENSATION FOR SERVICES
RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS COUNSEL TO
THE DEBTORS AND DEBTORS IN POSSESSION FOR THE PERIOD
<u>FROM OCTOBER 1, 2021 THROUGH JANUARY 31, 2022</u>**

In accordance with Rule 2016-1 of the Local Rules of Bankruptcy Procedure,

incorporating the *Amended Guidelines for Fees and Disbursements for Professionals in the*

*Southern District of New York Bankruptcy Cases* [General Order M-447], among other

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014).  The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

guidelines (the "**Local Guidelines**") and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals* [ECF No. 529] (the "**Interim Compensation Order**"), Davis Polk & Wardwell LLP ("**Davis Polk**"), counsel for the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), submits this summary (this "**Summary**") of fees and expenses sought as actual and necessary in the fee application to which this Summary is attached (the "**Application**") for the period of October 1, 2021 through January 31, 2022 (the "**Fee Period**").

| *General Information* | |
|---|---|
| **Name of Applicant:** | Davis Polk & Wardwell LLP<br><br>Counsel to the Debtors and Debtors in Possession |
| **Authorized to Provide Services to:** | Purdue Pharma L.P., *et al.* |
| **Petition Date:** | September 15, 2019 |
| **Retention Date:** | November 25, 2019 *nunc pro tunc* to September 15, 2019 |
| **Date of Order Approving Retention:** | November 25, 2019 [ECF No. 542] |

| *Summary of Fees and Expenses Requested for the Compensation Period* | |
|---|---|
| **Time Period Covered by This Application:** | October 1, 2021 through January 31, 2022 |
| **Total Compensation Requested:** | $20,761,663.50 |
| **Total Expenses Requested:** | $325,122.62 |
| **Total Compensation and Expenses Requested:** | $21,086,786.12 |

| *Summary of Past Requests for Compensation and Prior Payments[2]* | |
|---|---|
| **Compensation Sought in This Application Already Paid Pursuant to a Compensation Order but Not yet Allowed:** | $16,609,330.80 |
| **Expenses Sought in This Application Already Paid Pursuant to a Compensation Order but Not yet Allowed:** | $325,122.62 |
| **Total Compensation and Expenses Sought in This Application Already Paid Pursuant to a Compensation Order but Not yet Allowed:** | $16,934,453.42 |

| *Summary of Rates and Other Related Information for the Compensation Period* | |
|---|---|
| **Blended Rate in This Application for All Partners, of Counsel, and Associates:** | $1,184.81 |
| **Blended Rate in This Application for All Timekeepers:** | $1,130.03 |
| **Number of Professionals Included in This Application:** | 174 |
| **Difference Between Fees Budgeted and Compensation Sought for This Period:** | $5,284,339.00 |
| **Number of Professionals Billing Fewer Than 15 Hours During This Period:** | 25 |

---

[2] Pursuant to the Interim Compensation Order, objections to the *Twenty-Ninth Monthly Fee Statement of Davis Polk & Wardwell LLP for Compensation for Services and Reimbursement of Expenses Incurred as Counsel to the Debtors and Debtors in Possession for the Period from January 1, 2022 through January 31, 2022* [ECF No. 4504] (the "**January Monthly Fee Statement**") are to be filed no later than March 24, 2022. If no such objection or other responsive pleading to the January Monthly Fee Statement is (a) filed with the Court on the docket of the above-captioned chapter 11 cases or (b) served on the Debtors or Davis Polk, Davis Polk anticipates that, prior to the hearing with respect to this Application, it will receive compensation in the amount of $4,774,651.20, which is equal to 80% of the total amount of reasonable compensation for actual, necessary legal services that Davis Polk incurred in connection with such services during the period from January 1, 2022 through and including January 31, 2022 (the "**January Fee Period**"), and payment of $73,929.53 for the actual, necessary expenses of Davis Polk incurred in connection with such services during the January Fee Period.

**Increase in Rates Since Date of Retention:**     The compensation period includes a customary annual rate increase for all timekeepers which occurred on January 1, 2022, as disclosed on the Court docket at ECF No. 4259.


This is a(n):          ___ monthly          _x_  interim          ___ final application

## Summary of Prior Monthly Fee Statements of Davis Polk & Wardwell LLP

| Period Covered and ECF No. | Total Fees Requested | Total Expenses Requested | Total Fees and Expenses Requested | Fees Paid | Expenses Paid | Total Balance Remaining to be Paid |
|---|---|---|---|---|---|---|
| 10/1/2021 – 10/31/2021 ECF No. 4173 | $5,379,319.00 | $86,566.52 | $5,465,885.52 | $4,303,455.20 | $86,566.52 | $1,075,863.80 |
| 11/1/2021 – 11/30/2021 ECF No. 4248 | $5,655,020.00 | $86,757.10 | $5,741,777.10 | $4,524,016.00 | $86,757.10 | $1,131,004.00 |
| 12/1/2021 – 12/31/2021 ECF No. 4347 | $3,759,010.50 | $77,869.47 | $3,836,879.97 | $3,007,208.40 | $77,869.47 | $751,802.10 |
| 1/1/2022 – 1/31/2022 ECF No. 4504[3] | $5,968,314.00 | $73,929.53 | $6,042,243.53 | $4,774,651.20 | $73,929.53 | $1,193,662.80 |

---

[3] Pursuant to the Interim Compensation Order, objections to the *Twenty-Ninth Monthly Fee Statement of Davis Polk & Wardwell LLP for Compensation for Services and Reimbursement of Expenses Incurred as Counsel to the Debtors and Debtors in Possession for the Period from January 1, 2022 through January 31, 2022* [ECF No. 4504] (the "**January Monthly Fee Statement**") are to be filed no later than March 24, 2022. If no such objection or other responsive pleading to the January Monthly Fee Statement is (a) filed with the Court on the docket of the above-captioned chapter 11 cases or (b) served on the Debtors or Davis Polk, Davis Polk anticipates that, prior to the hearing with respect to this Application, it will receive compensation in the amount of $4,774,651.20, which is equal to 80% of the total amount of reasonable compensation for actual, necessary legal services that Davis Polk incurred in connection with such services during the period from January 1, 2022 through and including January 31, 2022 (the "**January Fee Period**"), and payment of $73,929.53 for the actual, necessary expenses of Davis Polk incurred in connection with such services during the January Fee Period.

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut
Christopher S. Robertson

*Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (RDD)** |
| **Debtors.[1]** | **(Jointly Administered)** |

**SEVENTH INTERIM APPLICATION OF DAVIS POLK & WARDWELL LLP
FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT
OF EXPENSES INCURRED AS COUNSEL TO THE DEBTORS
AND DEBTORS IN POSSESSION FOR THE PERIOD FROM
OCTOBER 1, 2021 THROUGH JANUARY 31, 2022**

Pursuant to sections 327, 330, and 331 of chapter 11 of title 11 of the United States Code

(the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the

"**Bankruptcy Rules**"), Rule 2016-1 of the Local Rules of Bankruptcy Procedure, incorporating

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

the *Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York Bankruptcy Cases* [General Order M-447], among other guidelines (the "**Local Guidelines**"), The United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases effective as of November 1, 2013 (the "**U.S. Trustee Guidelines**," and together with the Local Guidelines, the "**Fee Guidelines**"), and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals* [ECF No. 529] (the "**Interim Compensation Order**"), Davis Polk & Wardwell LLP ("**Davis Polk**"), counsel for the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), submits this *Seventh Interim Application for Compensation for Services Rendered and Reimbursement of Expenses Incurred for the Period from October 1, 2021 through January 31, 2022* (this "**Application**"). By this Application, Davis Polk seeks allowance of compensation for actual and necessary professional services rendered for the Debtors in the total amount of $20,761,663.50, and for reimbursement of actual, necessary disbursements that Davis Polk incurred in connection with such services in the total amount of $325,122.62, for an aggregate total of $21,086,786.12 during the period of October 1, 2021 through January 31, 2022 (the "**Fee Period**").

## Jurisdiction

1.      The United States Bankruptcy Court for the Southern District of New York (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

3.       On September 15, 2019 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On September 18, 2019, the Court entered an order [ECF No. 59] authorizing the joint administration and procedural consolidation of the Debtors' chapter 11 cases pursuant to Bankruptcy Rule 1015(b).  On September 27, 2019, the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed an official committee of unsecured creditors (the "**UCC**") pursuant to section 1102 of the Bankruptcy Code [ECF No. 131].

4.       A description of the Debtors' businesses, the reasons for commencing the chapter 11 cases, and the relief sought from the Court to facilitate effective administration of these chapter 11 cases are set forth in the *Debtors' Informational Brief* [ECF No. 17].

5.       On November 21, 2019, the Court entered the Interim Compensation Order, which sets forth the procedures for interim compensation and reimbursement of expenses for all professionals in these cases.

6.       On April 8, 2020, the Court entered the *Order Authorizing the Appointment of Independent Fee Examiner Pursuant to 11 U.S.C. § 105(a) and Modifying Interim Compensation Procedures for Certain Professionals Employed Pursuant to 11 U.S.C. § 327* [ECF No. 1023], appointing David M. Klauder as the fee examiner in these cases.

**The Debtors' Retention of Davis Polk**

7.       On November 25, 2019, the Court entered the *Order Approving Application of Debtors for Authority to Employ and Retain Davis Polk & Wardwell LLP as Attorneys for the Debtors Nunc Pro Tunc to the Petition Date* [ECF No. 542] (the "**Retention Order**"),

authorizing Davis Polk's retention by the Debtors. The Retention Order attached hereto as **Exhibit B** and incorporated by reference allows the Debtors to compensate and reimburse Davis Polk in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Guidelines, and the Interim Compensation Order.

8.      The Retention Order also authorizes the Debtors to compensate Davis Polk at its hourly rates charged for services of this type and for the firm's actual, necessary expenses incurred in connection such services rendered during the Fee Period. Among other things, it permits Davis Polk to render the following services:

a.      prepare, on behalf of the Debtors, all necessary or appropriate motions, applications, objections, replies, answers, orders, reports and other papers in connection with the administration of the Debtors' estates;

b.      counsel the Debtors with regard to their rights and obligations as debtors in possession, and their powers and duties in the continued management and operation of their businesses and properties;

c.      provide advice, representation and preparation of necessary documentation and pleadings and taking all necessary or appropriate actions in connection with statutory bankruptcy issues, strategic transactions, asset sale transactions, real estate, intellectual property, employee benefits, tort, commercial and governmental litigation, and corporate and tax matters;

d.      take all necessary or appropriate actions to protect and preserve the Debtors' estates, including the prosecution of actions on the Debtors' behalf, the defense of any actions commenced against the Debtors, the negotiation of disputes in which the Debtors are involved and the preparation of objections to claims filed against the Debtors' estates;

e.      take all necessary or appropriate actions in connection with any chapter 11 plan, all related disclosure statements, all related documents and such further actions as may be required in connection with the administration of the Debtors' estates; and

f.    act as restructuring counsel for the Debtors and performing all other necessary or appropriate legal services in connection with the chapter 11 cases.

### Compensation Paid and Its Sources

9.      All services during the Fee Period for which compensation is requested by Davis Polk were performed for or on behalf of the Debtors.  Additionally, Davis Polk has not received any payment or promises of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with matters covered by this Fee Application.   A certification confirming Davis Polk's compliance with the Fee Guidelines is annexed hereto as **Exhibit A**.

10.      To the extent that billable time or disbursement charges for services rendered or expenses incurred relate to the Fee Period, but were not processed prior to the preparation of this Fee Application, Davis Polk reserves the right to request compensation for such services and reimbursement of such expenses in a future fee application.

11.      These professional services were rendered by Davis Polk's partners, counsel, associates and paraprofessionals from its various practice groups, including restructuring, litigation, corporate, intellectual property, executive compensation and benefits, trusts and estates, and tax.

### Summary of Professional Compensation and Reimbursement of Expenses Requested

12.      During the Fee Period, Davis Polk's professionals and paraprofessionals expended a total of 18,372.6 hours in connection with providing necessary services.  Davis Polk has been able to efficiently provide services by utilizing the expertise of professionals and paraprofessionals within relevant practice groups to effectively advise the Debtors regarding discrete issues and ensuring that the level of seniority is commensurate with the assignment. Davis Polk, in connection with services rendered on behalf of the Debtors, respectfully requests

allowance of reasonable compensation of such services rendered in the total amount of $20,761,663.50 and reimbursement of actual and necessary expenses incurred in the amount of $325,122.62, for an aggregate total of $21,086,786.12 for the Fee Period.  Annexed hereto as **Exhibit C** is a list of Davis Polk Professionals and paraprofessionals, their position with the firm, the department in which the individual practices, the hourly rate charged for their services, the number of hours worked on this matter, and other pertinent information.  **Exhibit D** annexed hereto is a list of the various categories and the total fees and total hours expended by subject matter category.  Davis Polk maintains computerized, detailed time records of services rendered by its professionals and paraprofessionals.  The detailed records for this Fee Period were appended to Davis Polk's Monthly Fee Statements.  Davis Polk engaged in ongoing discussions with the Debtors regarding budgeting and staffing issues.  Annexed hereto as **Exhibit E** is Davis Polk's budget plan in connection with services rendered to the Debtors.

### Case Status

13.    Certain of the Debtors have been named in over 2,900 civil actions pending in various state and federal courts and other fora across the United States and its territories (the "**Pending Actions**").  The Debtors commenced these chapter 11 cases to pursue a fair and efficient global resolution of the Pending Actions in order to preserve the value of the Debtors' estates and put that value to work helping address and combat the opioid crisis.  On March 2, 2022, the Court extended the preliminary injunction with respect to the Pending Actions, through March 23, 2022.[2]

---

[2] The Preliminary Injunction was initially entered on October 11, 2019, became final on November 6, 2019, *see* Second Amended Order Pursuant to 11 U.S.C. § 105(a) Granting Motion For a Preliminary Injunction, *Purdue Pharma L.P. v. Commonw. of Mass.*, Adv. Pro. No. 19-08289 (Bankr. S.D.N.Y. Nov. 6, 2019) [ECF No. 105], and has been subsequently amended.  The currently operative preliminary injunction order was entered on March 2, 2022. *See* Twenty-Sixth Amended Order Pursuant to 11 U.S.C. § 105(a) Granting Motion for a Preliminary Injunction, *Purdue Pharma L.P. v. Commonw. of Mass.*, Adv. Pro. No. 19-08289 (Bankr. S.D.N.Y. March 2, 2022) (….continued)

14.    On September 17, 2021, the Court confirmed the Twelfth Amended Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and its Affiliated Debtors (as amended, supplemented or otherwise modified, the "**Plan**," and the order confirming the Plan, the "**Confirmation Order**").    After confirmation, the Debtors immediately began preparing for numerous appeals of the Confirmation Order and motions to stay the Confirmation Order pending appeal.  On December 16, 2021, the United States District Court for the Southern District of New York (the "**District Court**") issued an order vacating the Confirmation Order.  The Debtors began at once to explore settlement of the issues on appeal, including in the context of the mediation (the "**Mediation**") ordered by the Court on January 3, 2022 among the eight states and the District of Columbia that opposed the Confirmation Order (the "**Nine**"), certain Sackler Family members and trusts (the "**Sackler Mediation Parties**") and the Debtors.

15.    The Mediation was a notable success.  On March 3, 2022, the Nine and the Sackler Mediation Parties announced agreement on a settlement term sheet (the "**Term Sheet**") that secures an additional $1.175 billion in guaranteed payments, up to $500 million in contingent payments[3], and several material and meaningful noneconomic concessions from the Sackler Mediation Parties contingent on Court approval and consummation of the Plan.  On March 10, 2022, the Court entered an order authorizing and approving the Term Sheet.  Under the Term Sheet, each member of the Nine agreed to (and did) withdraw its opposition to the

---

(continued….)

[ECF No. 338].  On March 10, 2022, the Debtors requested a further extension of the preliminary injunction through April 27, 2022, to be heard at the hearing scheduled for March 23, 2022.

[3] Of these amounts, $898 million to $1.398 billion is to be paid into the estate, and $276.9 million is to be paid directly to a supplemental opioid abatement fund (the "**SOAF**") established, structured, and administered by the Nine.  Funds in the SOAF will be devoted exclusively to opioid-related abatement, including support and services for survivors, victims, and their families.

appeal of the District Court decision currently being prosecuted by the Debtors and the other

Plan supporters.  Accordingly, the Plan is no longer being opposed by any state in the country.

### Summary of Services Rendered

16.     Davis Polk provided extensive and critical professional advice and other services

in connection with the key developments described above and on myriad other important issues,

often on an urgent basis and within a limited time frame.  Summaries of significant services are

detailed below in accordance with Davis Polk's internal system of project categories:

Asset Acquisitions/Dispositions
Fees: $60,880.50, Total Hours: 57.4

- Under this project category, Davis Polk assisted the Debtors with issues related to
  the potential sale of certain assets of the Debtors, among other things.  Specifically,
  Davis Polk:

  - Advised the Debtors regarding the sale of certain oncology-related assets
    and other proposed transactions relating to non-core assets;

  - Drafted relevant agreement and motion documents in connection with same;
    and

  - Participated in calls and meetings with the Debtors, their advisors, and other
    parties in interest in connection with same.

Automatic Stay/Preliminary Injunction/Litigation/DOJ
Fees: $2,532,491.50, Total Hours: 1,981.9

- Under this project category, Davis Polk assisted the Debtors with issues arising in
  conjunction with (i) activities related to the preliminary injunction; (ii) activities
  related to the enforcement of the automatic stay and of the preliminary injunction;
  (iii) defensive litigation efforts, including, among other things, activities related to
  various omnibus hearings and motions; (iv) issues related to the insurance
  adversary proceeding; (v) efforts connected to the motion for stay pending appeal
  (the "**Stay Motion**"); and (vi) activities related to the appeals of the Confirmation
  Order (the "**Appeal**"):

  - With respect to the preliminary injunction:

    - Prepared to move to extend the preliminary injunction, including
      researching issues and drafting and filing motion papers in response
      to objections to extension, and engaged with numerous creditors and
      creditors groups regarding possible further extension of the
      preliminary injunction;

- Prepared for oral argument in defense of extending the preliminary injunction; and
- Communicated with Prime Clerk LLC (the "**Prime Clerk**") regarding ongoing notice and service issues for a proceeding involving hundreds of parties.

o With respect to the defense of the automatic stay and the preliminary injunction:

- Tracked, reviewed, and responded to (threatened and completed) court filings by various parties in violation of the automatic stay, including reviewing incoming complaints;
- Reviewed, researched, and analyzed various stay- and preliminary-injunction-violation issues as they arose, including complaints filed after the petition date, continued litigation after the preliminary injunction order was entered, and additional service issues; and
- Communicated with various creditors, pro se parties, and counsel regarding potential violations of the automatic stay and preliminary injunction, including correspondence with plaintiffs regarding stay violations.

o With respect to other defensive litigation efforts:

- Prepared for various hearings, including but not limited to the October 14, 2021 Omnibus hearing, November 18, 2021 Omnibus hearing, December 16, 2021 Omnibus hearing and January 12, 2022 Omnibus hearing. In this capacity, prepared materials for oral argument, communicated with co-counsel regarding hearing strategy, and reviewed and analyzed hearing transcripts;
- Advised on strategy regarding various issues with potential litigation consequences; and
- Analyzed U.S. legal issues related to Canadian proceedings under the Companies' Creditors Arrangement Act, and coordinated with Canadian counsel regarding same.

o With respect to the insurance adversary proceeding:

- Researched and analyzed legal issues in connection with insurance adversary proceeding, and engaged with the Debtors and co-advisors, including insurance counsel, regarding same.

o With respect to the Stay Motion:

- Researched and analyzed legal issues in connection with Stay Motion, and drafted and filed opposition brief related to same;
- Prepared for oral argument in connection with Stay Motion; and
- Engaged with the Debtors, co-counsel, and related parties regarding Debtors' opposition brief.

o With respect to the Appeal:

- Researched, analyzed and developed appeal strategy, drafted appellate brief and related documents, and corresponded with stakeholders regarding District Court proceedings.

Bar Date/Estimation/Claims/Allowance Issues
Fees: $247,403.00, Total Hours: 202.9

- Under this project category, Davis Polk assisted the Debtors with the analysis, negotiation, and preparation of materials related to various claims-related motions, as well as issues related to allowance, allocation, valuation, and settlement of claims. Specifically, Davis Polk:

  o Conducted legal research and factual diligence on a wide variety of claims-related issues, including allowance, allocation, proofs of claim, and settlement thereof, to assess the Debtors' options for resolving and exiting these chapter 11 cases;

  o Consulted with and responded to inquiries from the Debtors, the Creditors' Committee, and other stakeholders regarding the foregoing;

  o Researched, prepared, and filed litigation materials to resolve claims-related motions filed by creditors, including late claim motions and pro se motions requesting various forms of relief; and

  o Coordinated and consulted with the Debtors' Court-appointed claims and noticing agent, Prime Clerk and co-counsel regarding claims issues, proofs of claim, claimant questions, and claims analysis.

Corporate Governance, Board Matters and Communications
Fees: $532,305.00, Total Hours: 414.1

- Under this project category, Davis Polk assisted the Debtors' board of directors (the **"Board"**) and various Board committees with analysis and advice regarding corporate governance issues, reviewed and prepared corporate documents, and provided advice regarding communications with the media and other stakeholders, among other things. Specifically, Davis Polk:

  o Prepared for and attended general meetings of the Board, the Special Committee of the Board, and other committees thereof;

  o Coordinated with the Debtors' internal communications teams and outside advisors regarding communications strategy, press inquiries and related matters;

  o Reviewed press releases and reports;

  o Advised, prepared materials for, and participated in numerous meeting and calls with the Board and various committees, including on issues regarding emergence from chapter 11, pending litigation, and chapter 11 case status and strategy;

- o Drafted and reviewed various documents for the Board and various committees, including minutes, resolutions, secretary's certificates, and director non-disclosure agreements;

- o Drafted and reviewed various documents for emergence, including foreign qualification application documents, conversion documents, and dissolution documents; and

- o Conducted research and advised the Debtors with respect to various public filings, disclosure requirements, audits, examinations, inquiries, and other issues.

Creditor/UCC/AHC Issues
Fees: $324,716.00, Total Hours: 320.1

- Under this project category, Davis Polk assisted the Debtors with coordinating and communicating with creditors, including the UCC, on a variety of issues. Specifically, Davis Polk:

  - o Prepared, reviewed, revised, and produced materials for, and conferred with, the UCC, the Ad Hoc Committee, the NAS Ad Hoc Committee, the Ad Hoc Committee on Accountability, and other creditor groups regarding all aspects of the chapter 11 cases, including the production of nearly weekly diligence and documents in response to various information requests and subpoenas;

  - o Coordinated with the Debtors, in-house electronic discovery team and external vendors (PJT Partners, AlixPartners, Cobra, and TCDI) for the compilation of information, answers, summaries and documents responsive to diligence requests;

  - o Prepared, discussed, reviewed, and revised materials in collaboration with the Debtors, in-house electronic discovery team, and external vendors (AlixPartners and KLD) regarding confirmation-related discovery, including issues related to the confirmation document reserve and public document repository;

  - o Reviewed and discussed insurance adversary proceeding diligence requests with insurance counsel for the Debtors, and provided assistance with respect to insurance adversary proceeding discovery issues; and

  - o Prepared, discussed, reviewed, and revised responses to the NAS Ad Hoc Committee's discovery motions, document requests, 30(b)(6) deposition notices, and unsealing stipulation, and conferred with the NAS Ad Hoc Committee to resolve issues in connection with those requests.

Cross-Border/International Issues
Fees: $51,954.50, Total Hours: 39.2

- Under this project category, Davis Polk assisted the Debtors with issues related to

claims and proceedings in foreign jurisdictions, among other things. Specifically, Davis Polk:

- o Coordinated and managed Canadian proceedings, and monitored critical dates and case workstreams in order to facilitate effective progress; and

- o Conducted regular conferences and calls with foreign counsel and parties in interest.

Equityholder/IAC Issues
Fees: $38,901.00, Total Hours: 26.3

- Under this project category, Davis Polk assisted the Debtors with the analysis of issues concerning the Debtors' equityholders and independent associated companies (the "**IACs**"). Specifically, Davis Polk:

- o Attended and participated in meetings with counsel for the equityholders on issues including shareholder diligence, trusts, and settlement;

- o Attended discussions and meetings with equityholder counsel and counsel for other parties in interest regarding mediation and related issues; and

- o Conducted research and analysis of intercompany transactions involving IACs.

Customer/Vendor/Lease/Contract Issues
Fees: $91,733.00, Total Hours: 79.2

- Under this project category, Davis Polk assisted the Debtors with issues related to the Debtors' customers and vendors, negotiations with lease and contract parties, and preparation of pleadings and litigation regarding the Debtors' commercial agreements, among other things. Specifically, Davis Polk:

- o Conducted extensive research, and reviewed and analyzed numerous executory and other contracts and agreements in response to inquiries from the Debtors and co-advisors;

- o Reviewed and analyzed numerous executory and other contracts and agreements in connection with emergence planning; and

- o Discussed matters with the Debtors and co-advisors regarding emergence planning, related contract review, and issues regarding contract assignment and termination.

Employee/Pension Issues
Fees: $137,799.00, Total Hours: 101.5

- Under this project category, Davis Polk assisted the Debtors with the review and analysis of employee-related issues including compensation, bonuses, incentive plans, and severance issues, among other things. Specifically, Davis Polk:

12

o Reviewed and discussed materials on compensation programs with the Debtors and co-advisors;

o Drafted and revised agreements and other documents related to employee compensation;

o Advised the Debtors in connection with the proposed Key Employee Incentive Plan and Key Employee Retention Plan; and

o Advised the Debtors on questions and issues related to compensation, employee termination and retirement provisions, and personnel matters before and after emergence.

General Case Administration
Fees: $1,333,602.00, Total Hours: 1,501.9

- Under this project category, Davis Polk assisted the Debtors with general matters related to case administration, including case coordination, case calendaring, the filing of court papers, and attending hearings. Specifically, Davis Polk:

  o Prepared for and attended:

    ▪ The Scheduling Conference on October 12, 2021

    ▪ The Pre-Hearing Conference and Omnibus Hearing on October 14, 2021

    ▪ The Stay Pending Appeal Hearing on November 9, 2021

    ▪ The Omnibus Hearing on November 18, 2021

    ▪ The Appellate Hearing on November 30, 2021

    ▪ The Omnibus Hearing on December 16, 2021

    ▪ The Preliminary Injunction Hearing on December 29, 2021

    ▪ The Omnibus Hearing on January 12, 2022

  o Prepared for, coordinated, and attended weekly internal meetings on case status to develop and efficiently manage workstreams;

  o Maintained a critical dates calendar for clients and co-advisors, and reviewed and distributed filings on the Court's docket to co-advisors and internal teams;

  o Prepared and revised various pleadings, including motions related to late claims, sanctions, preliminary injunctions and stay pending appeal;

  o Drafted and filed numerous court papers related to case administration, including notices of hearing dates and adjournments and hearing agendas; and

  o Provided advice regarding matters not reflected in other project codes.

<u>Non-DPW Retention and Fee Issues</u>
Fees: $68,367.50, Total Hours: 61.0

- Under this project category, Davis Polk assisted the Debtors with the preparation of retention materials, disclosures and fee applications for the Debtors' non-Davis Polk professionals. Specifically, Davis Polk:

    o Assisted with applications to obtain court authorization to retain new ordinary course professionals and to supplement existing retentions;

    o Coordinated with various professionals regarding seeking approval of their interim fee applications and ordinary course professional fee cap increases;

    o Assisted and responded to inquiries from the Debtors' other professionals with respect to retention and the preparation and filing of fee statements and applications; and

    o Attended numerous calls, and corresponded with the Debtors and the Debtors' other professionals regarding the retention process and related fee orders.

<u>Non-Working Travel Time</u>
Fees: $538.00, Total Hours: 0.8

- This project category includes time attributable to non-working travel, which is billed at less than full hourly rates. Specifically, this travel included:

    o Non-working travel to and from court in respect of the hearing before the District Court on November 30, 2021.

<u>Support Agreement/Plan/Disclosure Statement</u>
Fees: $13,097,168.50, Total Hours: 11,519.4

- Under this project category, Davis Polk assisted the Debtors with issues related to the Debtors' Plan and post-emergence structure, among other things. Specifically, Davis Polk:

    o Conducted extensive diligence and preparation regarding the creation of NewCo, and further developed the necessary structures and plans required for emergence;

    o Researched and analyzed various issues regarding emergence in consultation with the Debtors and major stakeholders;

    o Drafted, revised, and filed District Court appellate brief, and conducted extensive research in preparation for District Court oral argument;

    o Conducted extensive diligence and preparation regarding stay pending appeal hearing, and drafted brief for same;

    o Conducted extensive research, and reviewed and analyzed numerous legal precedents regarding Plan structure considerations and strategies in response

to the District Court appeal decision;

- o Researched and analyzed various issues regarding Second Circuit appellate procedures, and drafted interlocutory appeal brief;

- o Drafted Motion to Certify Interlocutory Appeal and obtained approval of petitions for leave to appeal and requests to expedite the appeals; and

- o Facilitated and participated in extensive in-person, video and telephonic mediations with Judge Shelley Chapman, the Nine and the Sackler Mediation Parties.

<u>DPW Retention/Preparation of Fee Statements/Applications Budget</u>
Fees: $472,792.50, Total Hours: 696.7

- Under this project category, Davis Polk assisted the Debtors with issues related to Davis Polk's retention, including the preparation and review of Davis Polk's monthly fee applications. Specifically, Davis Polk:

  - o Drafted and prepared monthly fee statements for the months of September, October, November and December of 2021;

  - o Drafted and prepared the sixth interim fee application;

  - o Drafted and prepared responses to the fee examiner's inquiries as to the sixth interim fee application;

  - o Drafted and prepared the sixth and seventh supplemental retention declarations; and

  - o Internally coordinated and reviewed over 450 pages of time entries for privilege and confidentiality.

<u>IP, Regulatory and Tax</u>
Fees: $1,380,216.00, Total Hours: 1,074.7

- Under this project category, Davis Polk assisted the Debtors with intellectual property and tax issues, among other things. Specifically, Davis Polk:

  - o Continued to advise and perform analysis regarding tax issues, including research and preparation of presentations related to emergence structures and relevant tax considerations, review of documentation related to Debtor business activities, and discussions and analysis of tax issues related to historic tax distributions;

  - o Engaged in negotiations and drafted documentation related to settlement, including tax matters agreements;

  - o Drafted and revised tax sections in Plan supplements; and

  - o Continued to advise on intellectual property-related matters, including engaging in negotiations and drafting of intellectual property-related agreements between the Debtors, IACs and II-Way Entities, and agreements

regarding the contemplated transfer of intellectual property assets from the Debtors to NewCo.

<u>Special Committee/Investigation Issues</u>
Fees: $390,795.50, Total Hours: 295.5

- Under this project category, Davis Polk assisted and advised the Special Committee of the Debtors' Board of Directors (the "**Special Committee**"). Specifically, Davis Polk:
  - o Investigated and assessed potential estate causes of action and claims against additional parties;
  - o Provided information and/or presentations to the Special Committee and various third parties, including the UCC and its advisors, regarding the scope and status of the Special Committee's investigation into potential claims held by the Debtors;
  - o Advised the Special Committee on issues concerning the indemnification of the Debtors' employees and other issues within its mandate; and
  - o Advised the Special Committee regarding the mediation and negotiation of a potential settlement of the estate's causes of action against the Debtors' equityholders, including members of the Sackler Families and their associated companies and trusts; and
  - o Advised the Special Committee regarding privilege issues.

## **Actual and Necessary Expenses**

17.     As set forth in **Exhibit F** hereto, Davis Polk has incurred or disbursed $325,122.62 in expenses in providing professional services to the Debtors during the Compensation Period. These expense amounts are intended to cover Davis Polk's direct operating costs, which costs are not incorporated into the Davis Polk hourly billing rates. Only clients for whom the services are actually used are separately charged for such services. The effect of including such expenses as part of the hourly billing rates would unfairly impose additional costs upon clients who do not require extensive photocopying, delivery, and other services. Davis Polk charges its bankruptcy clients $0.10 per page for photocopying and printing

job expenses.  On several occasions, overnight delivery of documents and other materials were required as a result of circumstances necessitating the use of such express services.

18.     Regarding providers of online legal research (e.g., LexisNexis and Westlaw), Davis Polk charges all of its clients the standard usage rates these providers charge, which, due to contractual flat fees, may not always equal Davis Polk's actual cost.  Davis Polk currently is under contract to pay these providers a flat fee every month.  Charging its clients the online providers' standard usage rates allows Davis Polk to cover adequately the monthly flat fees it must pay to these types of providers.

19.     Davis Polk has made every effort to minimize its expenses in the chapter 11 cases.  The actual expenses incurred in providing professional services to the Debtors were necessary, reasonable, and justified under the circumstances to serve the needs of the Debtors, their estates, and other parties in interest.

**Davis Polk's Requested Compensation and Reimbursement Should Be Allowed**

20.     Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code to govern the Court's award of such compensation.  Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered … and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1).  Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extent, and the value of such services, taking into account all relevant factors, including –
>
> (a)     the time spent on such services;
>
> (b)     the rates charged for such services;

17

    (c)    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

    (d)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

    (e)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

21.    The foregoing professional services were performed by Davis Polk in an efficient manner, were necessary and appropriate to the administration of the chapter 11 cases, and were in the best interests of the Debtors, their estates, and other parties in interest.  Compensation for the foregoing services as requested is commensurate with the complexity, importance, and nature of the problems, issues, and tasks involved.  As required by the U.S. Trustee guidelines, annexed hereto as **Exhibit G** is a chart setting forth the comparative blended rates of the professionals and paraprofessionals who rendered services with a corresponding comparison of rates for professionals and paraprofessionals not involved in these chapter 11 cases.

## Notice

22.    The Debtors will provide notice of this Application in accordance with the Interim Compensation Order.  The Debtors submit that no other or further notice be given.

*[Remainder of Page Left Blank Intentionally]*

WHEREFORE, Davis Polk, in connection with services rendered on behalf of the Debtors, respectfully requests allowance of reasonable compensation of such services rendered in the total amount of $20,761,663.50 and reimbursement of actual and necessary expenses incurred in the amount of $325,122.62, for an aggregate total of $21,086,786.12 for the Fee Period.

Dated:   March 17, 2022
         New York, New York

DAVIS POLK & WARDWELL LLP

By:   */s/ Marshall S. Huebner*

450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile:  (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut
Christopher S. Robertson

*Counsel to the Debtors and Debtors in Possession*

**<u>Exhibit A</u>**

**Certification of Compliance with Fee Guidelines**

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut
Christopher S. Robertson

*Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.**, *et al.*, | **Case No. 19-23649 (RDD)** |
| **Debtors.**[1] | **(Jointly Administered)** |

**CERTIFICATION OF MARSHALL S. HUEBNER IN SUPPORT OF**
**SEVENTH INTERIM APPLICATION OF DAVIS POLK & WARDWELL LLP**
**FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT**
**OF EXPENSES INCURRED AS COUNSEL TO THE DEBTORS**
**AND DEBTORS IN POSSESSION FOR THE PERIOD**
**FROM OCTOBER 1, 2021 THROUGH JANUARY 31, 2022**

I, Marshall S. Huebner, hereby certify that:

1.    I am an attorney admitted into practice in the State of New York and a partner at

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

the law firm of Davis Polk & Wardwell LLP ("**Davis Polk**"), located at 450 Lexington Avenue, New York, New York.  I am familiar with the work performed on behalf of the above-captioned debtors and debtors in possession ("**Debtors**") by Davis Polk.

2.    I have reviewed the *Seventh Interim Application of Davis Polk & Wardwell LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Counsel to the Debtors and Debtors in Possession for the Period from October 1, 2021 through January 31, 2022* (the "**Application**") to certify to certain matters addressed in the (i) *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* entered on November 21, 2019 [ECF No. 529] (the "**Interim Compensation Order**"),  (ii) Rule 2016-1 of the Local Rules of Bankruptcy Procedure, incorporating the *Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York Bankruptcy Cases* [General Order M-447], among other guidelines (the "**Local Guidelines**"), and (iii) The United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases effective as of November 1, 2013 (the "**U.S. Trustee Guidelines,**" and together with Local Guidelines, the "**Fee Guidelines**").[2]  The Application covers the period October 1, 2021 through January 31, 2022 (the "**Fee Period**").

3.    To the best of my knowledge, information and belief, the statements contained in the foregoing Application are true and accurate in all material respects and comply with the Fee Guidelines in material part.  Davis Polk responds to the questions identified in the U.S. Trustee Guidelines as follows:

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Interim Compensation Order.

Question 1: Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees, or terms for services pertaining to this engagement that were provided during the application period?  If so, please explain.

> Answer: Davis Polk has agreed to negotiated discounts off of its standard rates.

Question 2: If the fees sought in the Application as compared to the fees budgeted for the time period covered by the Application are higher by 10% or more, did you discuss the reasons for the variation with the client?

> Answer: Because of the contemplated effective date, there was no budget for two of the four relevant months (for the first two months, extensive work, inter alia, preparing for appeals of the Confirmation Order and responding to multiple motions to stay did result in the budget being exceeded).

Question 3: Have any of the professionals included in the Application varied their hourly rate based on geographic location of the bankruptcy case?

> Answer: As disclosed in the Retention Application, no.

Question 4:  Does the Application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices?

> Answer: The Application includes time and fees related to reviewing or revising time records or preparing, reviewing, or revising invoices in connection with the preparation of four monthly fee statements relating to the Fee Period covered by the Application.  Davis Polk is seeking compensation for approximately 466.1 hours and $307,166.00 in fees related to reviewing and revising time records with respect to both the preparation of such fee applications, and reviewing time records for redactions as queried in question 5, which collectively represents approximately 1.5% of the aggregate amount of the fees requested.

Question 5: Does the Application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify hours and fees.

> Answer: The Application includes time and fees related to reviewing time records to redact any privileged or other confidential information.  Such charges are included in the time charges set forth in the response to question 4 and are not separately calculated.

<u>Question 6</u>: Did the Application include any rate increases since retention in these cases?

> <u>Answer</u>: The Application includes a single customary annual rate increase for all timekeepers as disclosed in a supplemental declaration filed on the Court docket at ECF No. 4259.

<u>Question 7</u>:  Did the client agree when retaining Davis Polk to accept all future rate increases?  If not, did Davis Polk inform the client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11-458?

> <u>Answer</u>: The client was informed regarding Davis Polk's rates and future rate increases as part of its approval of Davis Polk's retention application.

Dated:   March 17, 2022
         New York, New York


By:   */s/ Marshall S. Huebner*
      Marshall S. Huebner
      Partner
      Davis Polk & Wardwell LLP

**<u>Exhibit B</u>**

**Retention Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.**, *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | Jointly Administered |

### ORDER GRANTING DEBTORS' APPLICATION FOR AUTHORITY TO EMPLOY AND RETAIN DAVIS POLK & WARDWELL LLP AS ATTORNEYS FOR THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE

Upon the application (the "**Application**")[2] of Purdue Pharma L.P. and its affiliates that are debtors and debtors in possession in these cases (collectively, the "**Debtors**") for entry of an order, pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016(b) and Local Rules 2014-1 and 2016-1, authorizing the employment and retention of Davis Polk as restructuring counsel for the Debtors *nunc pro tunc* to the Petition Date, pursuant to the terms set forth in the Application and in the Huebner Declaration; and upon the the Huebner Declaration and the Kesselman Declaration; and the Court having jurisdiction to consider the matters raised in the Application pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.), as a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper pursuant to 28 U.S.C.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

§ § 1408 and 1409; and there being due and proper notice of the Application, and it appearing

that no other or further notice need be provided; and upon the limited objection of the United

States Trustee to the Application (the "Objection"); and upon the record of the hearing held by

the Court on the Application on November 19, 2019; and after due deliberation, the Court having

determined that Davis Polk does not hold or represent an adverse interest to the Debtors or their

estates, that it is disinterested under section 101(14) of the Bankruptcy Code, that its retention is

necessary and in the best interests of the estates, and that under the facts of these cases the

Objection should be overruled; and good and sufficient cause appearing,

**IT IS HEREBY ORDERED THAT:**

1.      The Application is granted as set forth herein.

2.      The Debtors are authorized to employ and retain Davis Polk *nunc pro tunc* to the

Petition Date in thes Chapter 11 cases, all as contemplated by the Application and on the terms

provided in the Application, the Huebner Declaration and the Kesselman Declaration, to the

extent that the terms of the Application do not conflict with the terms of this Order.

3.      Davis Polk is authorized to render, inter alia, the following professional services:

    a.  Preparing, on behalf of the Debtors, all necessary or
appropriate motions, applications, objections, replies,
answers, orders, reports and other papers in connection
with the administration of the Debtors' estates;

    b.  Counseling the Debtors with regard to their rights and
obligations as debtors in possession, and their powers and
duties in the continued management and operation of their
businesses and properties;

    c.  Providing advice, representation and preparation of
necessary documentation and pleadings and taking all
necessary or appropriate actions in connection with
statutory bankruptcy issues, strategic transactions, asset
sale transactions, real estate, intellectual property,
employee benefits, business and tort commercial and
governmental litigation and corporate and tax matters;

    d.    Taking all necessary or appropriate actions to protect and preserve the Debtors' estates, including the prosecution of actions on the Debtors' behalf, the defense of any actions commenced against the Debtors, the negotiation of disputes in which the Debtors are involved and the preparation of objections to claims filed against the Debtors' estates;

    e.    Taking all necessary or appropriate actions in connection with any chapter 11 plan, all related disclosure statements and all related documents and such further actions as may be required in connection with the administration of the Debtors' estates; and

    f.    Acting as restructuring counsel for the Debtors and performing all other necessary or appropriate legal services in connection with the Chapter 11 Cases.

4.    Davis Polk shall apply for compensation for its services and reimbursement for any reasonable and necessary expenses and disbursements in accordance with the rates (as may be adjusted from time to time) and disbursement policies as set forth in the Application and the Huebner Declaration and in accordance with sections 330 and 331 of the Bankruptcy Code, as the case may be, and the applicable Bankruptcy Rules, Local Rules and fee and expense guidelines and orders of the Court.  Davis Polk shall make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures in connection with the Application and any fee application(s) to be filed by Davis Polk in these Chapter 11 cases.

5.    The balance of the Retainer shall be treated as an evergreen retainer and held by Davis Polk as security throughout the Chapter 11 cases.

6.    Any Bankruptcy Rule (including, but not limited to, Bankruptcy Rule 6004(h)) or Local Rule that might otherwise delay the effectiveness of this Order is hereby waived, and the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

7.      Davis Polk shall provide reasonable notice to the Debtors, the Court, the U.S. Trustee and any statutory committee appointed in the Chapter 11 Cases of any annual increases in the rates set forth in the Application.

8.      To the extent that there may be any inconsistency between the terms of the Application, the Huebner Declaration, the Kesselman Declaration and this Order, the terms of this Order shall govern.

9.      The Debtors and Davis Polk are authorized to take all such actions as are necessary or appropriate to implement the terms of this Order.

10.     The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and enforcement of this Order.

Dated:    November 25, 2019
          White Plains, New York

/s/Robert D. Drain
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

## Exhibit C

### Professional and Paraprofessional Fees for Fee Period

| Name of Professional Individual | Position, Year Assumed Position, Prior Relevant Experience, Year of Obtaining Relevant License to Practice | Department | Hourly Billing Rate[1] | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| **Partner** | | | | | |
| Bauer, David R. | Partner; joined partnership in 2018; admitted New York 2008 | Intellectual Property | $1,765 | 17.1 | $30,181.50 |
| | | | $1,925 | 8.9 | $17,132.50 |
| Bernstein, Donald S. | Partner; joined partnership in 1986; admitted New York 1979 | Restructuring | $1,790 | 10.4 | $18,616.00 |
| Bivens, Frances E. | Partner; joined partnership in 1995; admitted New York 1993 | Litigation | $1,790 | 4.5 | $8,055.00 |
| | | | $1,950 | 83.0 | $161,850.00 |
| Curran, William A. | Partner; joined partnership in 2017; admitted New York 2010 | Tax | $1,765 | 44.9 | $79,248.50 |
| | | | $1,925 | 1.1 | $2,117.50 |
| Duggan, Charles S. | Partner; joined partnership in 2002; admitted New York 1997 | Litigation | $1,790 | 10.7 | $19,153.00 |
| | | | $1,950 | 10.3 | $20,085.00 |
| Huebner, Marshall S. | Partner; joined partnership in 2002; admitted New York 1994 | Restructuring | $1,790 | 513.1 | $918,449.00 |
| | | | $1,950 | 230.7 | $449,865.00 |
| Kaminetzky, Benjamin S. | Partner; joined partnership in 2003; admitted New York 1995 | Litigation | $1,790 | 420.0 | $751,800.00 |
| | | | $1,950 | 119.2 | $232,440.00 |

---

[1] There are two rates provided for timekeepers who billed time in both years 2021 and 2022 due to the customary annual rate increase effective January 1, 2022, as disclosed in a supplemental declaration filed on the Court docket at ECF No. 4259.

| Name of Professional Individual | Position, Year Assumed Position, Prior Relevant Experience, Year of Obtaining Relevant License to Practice | Department | Hourly Billing Rate[1] | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| Klein, Darren S. | Partner; joined partnership in 2016; admitted New York 2008 | Restructuring | $1,765 | 11.1 | $19,591.50 |
| | | | $1,925 | 8.3 | $15,977.50 |
| Libby, Angela M. | Partner; joined partnership in 2019; admitted New York 2012 | Restructuring | $1,635 | 39.9 | $65,236.50 |
| | | | $1,925 | 35.0 | $67,375.00 |
| McClammy, James I. | Partner; joined partnership in 2015; admitted New York 1999 | Litigation | $1,765 | 89.5 | $157,967.50 |
| | | | $1,950 | 3.0 | $5,850.00 |
| Resnick, Brian M. | Partner; joined partnership in 2011; admitted New York 2004 | Restructuring | $1,950 | 2.7 | $5,265.00 |
| Taylor, William L. | Partner; joined partnership in 1995; admitted New York 1991 | Mergers and Acquisitions | $1,790 | 14.7 | $26,313.00 |
| | | | $1,950 | 2.9 | $5,655.00 |
| Vonnegut, Eli J. | Partner; joined partnership in 2015; admitted New York 2009 | Restructuring | $1,765 | 316.2 | $558,093.00 |
| | | | $1,950 | 223.6 | $436,020.00 |
| **Partner Total:** | | | | **2,220.8** | **$4,072,337.00** |
| **Counsel** | | | | | |
| Schwartz, Jeffrey N. | Special Counsel; joined Davis Polk 1991; admitted New York 1992 | Trusts and Estates | $1,790 | 36.0 | $64,440.00 |
| Altus, Leslie J. | Counsel; joined Davis Polk 1985; admitted New York 1984 | Tax | $1,345 | 310.1 | $417,084.50 |
| | | | $1,465 | 37.4 | $54,791.00 |
| Brecher, Stephen I. | Counsel; joined Davis Polk 2018; admitted New York 2000 | Executive Compensation | $1,345 | 40.5 | $54,472.50 |
| | | | $1,465 | 8.2 | $12,013.00 |

| Name of Professional Individual | Position, Year Assumed Position, Prior Relevant Experience, Year of Obtaining Relevant License to Practice | Department | Hourly Billing Rate[1] | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| Chen, Bonnie | Counsel; joined Davis Polk 2015; admitted New York 2012 | Intellectual Property | $1,345 | 9.3 | $12,508.50 |
| | | | $1,465 | 13.3 | $19,484.50 |
| Clarens, Margarita | Counsel; joined Davis Polk 2008; admitted New York 2009 | Litigation | $1,345 | 20.5 | $27,572.50 |
| | | | $1,465 | 23.1 | $33,841.50 |
| Finelli, Jon | Counsel; joined Davis Polk 2018; admitted New York 2008 | Restructuring | $1,345 | 45.5 | $61,197.50 |
| Lele, Ajay B. | Counsel; joined Davis Polk 2000; admitted New York 2001 | Mergers and Acquisitions | $1,345 | 110.2 | $148,219.00 |
| | | | $1,465 | 9.8 | $14,357.00 |
| Marks, Mary K. | Counsel; joined Davis Polk 2015; admitted New York 1994 | Antitrust and Competition | $1,345 | 2.5 | $3,362.50 |
| Matlock, Tracy L. | Counsel; joined Davis Polk 2011; admitted New York 2013 | Tax | $1,345 | 161.5 | $217,217.50 |
| | | | $1,465 | 22.6 | $33,109.00 |
| McCarthy, Gerard | Counsel; joined Davis Polk 2012; admitted New York 2012 | Litigation | $1,345 | 695.8 | $935,851.00 |
| | | | $1,465 | 146.7 | $214,915.50 |
| Robertson, Christopher | Counsel; joined Davis Polk 2011; admitted New York 2013 | Restructuring | $1,345 | 371.9 | $500,205.50 |
| | | | $1,465 | 139.8 | $204,807.00 |
| Schwartz, Daniel J. | Counsel; joined Davis Polk 2002; admitted New York 2003 | Litigation | $1,465 | 23.1 | $33,841.50 |
| Shi, Charles | Counsel; joined Davis Polk 2009; admitted New York 2009 | Executive Compensation | $1,345 | 7.7 | $10,356.50 |
| Sturm, Josh | Counsel; joined Davis Polk 2020; admitted New York 2007 | Restructuring | $1,345 | 34.7 | $46,671.50 |

| Name of Professional Individual | Position, Year Assumed Position, Prior Relevant Experience, Year of Obtaining Relevant License to Practice | Department | Hourly Billing Rate[1] | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| Tobak, Marc J. | Counsel; joined Davis Polk 2009; admitted New York 2009 | Litigation | $1,345 | 690.6 | $928,857.00 |
| | | | $1,465 | 210.1 | $307,796.50 |
| White, Erika D. | Counsel; joined Davis Polk 1981; admitted New York 1982 | Restructuring | $1,345 | 33.2 | $44,654.00 |
| **Counsel Total:** | | | | **3,204.1** | **$4,401,626.50** |
| **Associates, Law Clerks and Legal Assistants** | | | | | |
| Benedict, Kathryn S. | Associate; joined Davis Polk 2017; admitted New York 2015 | Litigation | $1,175 | 760.8 | $893,940.00 |
| | | | $1,315 | 269.2 | $353,998.00 |
| Berger, Rae | Associate; joined Davis Polk 2019; admitted New York 2020 | Litigation | $835 | 15.8 | $13,193.00 |
| | | | $1,190 | 2.6 | $3,094.00 |
| Bias, Brandon C. | Associate; joined Davis Polk 2018; admitted New York 2020 | Litigation | $1,060 | 46.9 | $49,714.00 |
| Brock, Matthew R. | Associate; joined Davis Polk 2014; admitted New York 2015 | Litigation | $1,315 | 29.0 | $38,135.00 |
| Cardillo, Garrett | Associate; joined Davis Polk 2017; admitted New York 2017 | Litigation | $1,155 | 605.8 | $699,699.00 |
| | | | $1,315 | 152.2 | $200,143.00 |
| Carvajal, Shanaye | Associate; joined Davis Polk 2018; admitted New York 2021 | Litigation | $1,060 | 281.7 | $298,602.00 |
| | | | $1,280 | 9.6 | $12,288.00 |
| Collier, Charles | Associate; joined Davis Polk 2021; admitted New York 2018 | Tax | $1,140 | 169.6 | $193,344.00 |
| | | | $1,295 | 10.9 | $14,115.50 |
| Consla, Dylan A. | Associate; joined Davis Polk 2015; admitted New York 2015 | Restructuring | $1,175 | 244.6 | $287,405.00 |
| | | | $1,315 | 182.7 | $240,250.50 |

| Name of Professional Individual | Position, Year Assumed Position, Prior Relevant Experience, Year of Obtaining Relevant License to Practice | Department | Hourly Billing Rate[1] | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| Dekhtyar, Mariya | Associate; joined Davis Polk 2020; admitted New York 2021 | Restructuring | $600 | 191.9 | $115,140.00 |
| | | | $935 | 13.8 | $12,903.00 |
| Dixon, III, Roy G. | Associate; joined Davis Polk 2021; admitted New York 2019 | Restructuring | $1,060 | 42.4 | $44,944.00 |
| Fine, Kate | Associate; joined Davis Polk 2021; admitted New York 2015 | Restructuring | $645 | 70.1 | $45,214.50 |
| Ford, Kate | Associate; joined Davis Polk 2021; admitted New York 2020 | Trusts and Estates | $1,190 | 13.8 | $16,422.00 |
| Garcia, Amy V. | Associate; joined Davis Polk 2021; admitted New York 2000 | Litigation | $795 | 27.8 | $22,101.00 |
| Garry, Matt | Associate; joined Davis Polk 2021; admitted New York 2021 | Litigation | $740 | 110.5 | $81,770.00 |
| | | | $935 | 128.5 | $120,147.50 |
| Gong, Bree | Associate; joined Davis Polk 2019; admitted New York 2020 | Tax | $835 | 4.7 | $3,924.50 |
| Guo, Angela W. | Associate; joined Davis Polk 2018; admitted New York 2021 | Litigation | $1,060 | 72.5 | $76,850.00 |
| | | | $1,280 | 4.6 | $5,888.00 |
| Herts, Dylan | Associate; joined Davis Polk 2020; admitted New York 2020 | Litigation | $835 | 2.9 | $2,421.50 |
| Hwang, Eric | Associate; joined Davis Polk 2019; admitted New York 2020 | Restructuring | $835 | 21.8 | $18,203.00 |
| | | | $1,190 | 10.1 | $12,019.00 |
| Kasprisin, Justin A. | Associate; joined Davis Polk 2017; admitted New York 2012 | Executive Compensation | $1,140 | 4.5 | $5,130.00 |
| Kaufman, Zachary A. | Associate; joined Davis Polk 2018; admitted New York 2017 | Litigation | $1,155 | 3.0 | $3,465.00 |

| Name of Professional Individual | Position, Year Assumed Position, Prior Relevant Experience, Year of Obtaining Relevant License to Practice | Department | Hourly Billing Rate[1] | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| Khan, Zulkar | Associate; joined Davis Polk 2020; admitted New York 2021 | Litigation | $835 | 377.0 | $314,795.00 |
| | | | $1,190 | 123.0 | $146,370.00 |
| Killmond, Marie | Associate; joined Davis Polk 2017; admitted New York 2018 | Litigation | $1,295 | 26.3 | $34,058.50 |
| Kim, Eric M. | Associate; joined Davis Polk 2017; admitted New York 2017 | Litigation | $1,155 | 301.3 | $348,001.50 |
| | | | $1,315 | 148.2 | $194,883.00 |
| Klabo, Hailey W. | Associate; joined Davis Polk 2021; admitted New York 2020 | Restructuring | $835 | 61.8 | $51,603.00 |
| | | | $1,190 | 35.5 | $42,245.00 |
| Knudson, Jacquelyn Swanner | Associate; joined Davis Polk 2017; admitted New York 2018 | Litigation | $1,175 | 442.0 | $519,350.00 |
| | | | $1,315 | 104.2 | $137,023.00 |
| Kratzer, David | Associate; joined Davis Polk 2019; admitted New York 2020 | Restructuring | $835 | 50.5 | $42,167.50 |
| Lent, Andrew | Associate; joined Davis Polk 2021; admitted New York 2022 | Restructuring | $795 | 31.2 | $24,804.00 |
| Linder, Max J. | Associate; joined Davis Polk 2020; admitted New York 2019 | Restructuring | $1,060 | 29.1 | $30,846.00 |
| | | | $1,280 | 106.5 | $136,320.00 |
| Ma, Sophy | Associate; joined Davis Polk 2020; admitted New York 2021 | Restructuring | $935 | 12.6 | $11,781.00 |
| MacKenzie, Robert | Associate; joined Davis Polk 2020; admitted New York 2021 | Capital Markets | $740 | 14.5 | $10,730.00 |
| Massman, Stephanie | Associate; joined Davis Polk 2016; admitted New York 2017 | Restructuring | $1,175 | 162.2 | $190,585.00 |
| | | | $1,315 | 116.1 | $152,671.50 |

| Name of Professional Individual | Position, Year Assumed Position, Prior Relevant Experience, Year of Obtaining Relevant License to Practice | Department | Hourly Billing Rate[1] | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| Mendelson, Alex S. | Associate; joined Davis Polk 2019; admitted New York 2020 | Litigation | $835 | 82.5 | $68,887.50 |
| Moller, Sarah H. | Associate; joined Davis Polk 2020; admitted New York 2021 | Mergers and Acquisitions | $740 | 102.7 | $75,998.00 |
| | | | $935 | 1.7 | $1,589.50 |
| Page, Samuel F. | Associate; joined Davis Polk 2017; admitted New York 2017 | Mergers and Acquisitions | $1,155 | 34.7 | $40,078.50 |
| Parrott, Andy T. | Associate; joined Davis Polk 2017; admitted New York 2018 | Litigation | $1,140 | 15.2 | $17,328.00 |
| Peppiatt, Jonah A. | Associate; joined Davis Polk 2016; admitted New York 2015 | Restructuring | $1,175 | 2.9 | $3,407.50 |
| Pera, Michael | Associate; joined Davis Polk 2016; admitted New York 2017 | Restructuring | $1,155 | 10.7 | $12,358.50 |
| | | | $1,315 | 3.3 | $4,339.50 |
| Romero-Wagner, Alex B. | Associate; joined Davis Polk 2019; admitted New York 2020 | Restructuring | $835 | 129.1 | $107,798.50 |
| Sheng, Roderick | Associate; joined Davis Polk 2021; admitted New York 2021 | Mergers and Acquisitions | $600 | 73.8 | $44,280.00 |
| | | | $795 | 19.1 | $15,184.50 |
| Sherman, Bradford | Associate; joined Davis Polk 2018; admitted New York 2019 | Tax | $835 | 114.0 | $95,190.00 |
| | | | $1,190 | 9.2 | $10,948.00 |
| Shinbrot, Josh | Associate; joined Davis Polk 2019; admitted New York 2020 | Litigation | $835 | 738.8 | $616,898.00 |
| | | | $1,190 | 258.1 | $307,139.00 |
| Sieben, Brian G. | Associate; joined Davis Polk 2015; admitted New York 2016 | Trusts and Estates | $1,175 | 379.7 | $446,147.50 |
| | | | $1,315 | 80.2 | $105,463.00 |

| Name of Professional Individual | Position, Year Assumed Position, Prior Relevant Experience, Year of Obtaining Relevant License to Practice | Department | Hourly Billing Rate[1] | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| Simonelli, Jessica | Associate; joined Davis Polk 2020; admitted New York 2021 | Litigation | $740 | 449.5 | $332,630.00 |
| | | | $935 | 125.0 | $116,875.00 |
| Smith, Hilary | Associate; joined Davis Polk 2017; admitted New York 2018 | Intellectual Property | $1,140 | 40.6 | $46,284.00 |
| | | | $1,295 | 7.7 | $9,971.50 |
| Somers, Kate | Associate; joined Davis Polk 2020; admitted New York 2021 | Restructuring | $740 | 348.5 | $257,890.00 |
| | | | $935 | 117.3 | $109,675.50 |
| Stefanik, Sean | Associate; joined Davis Polk 2016; admitted New York 2018 | Litigation | $1,155 | 202.0 | $233,310.00 |
| Sun, Terrance X. | Associate; joined Davis Polk 2020; admitted New York 2021 | Litigation | $740 | 300.5 | $222,370.00 |
| | | | $935 | 75.6 | $70,686.00 |
| Taylor, Lucy McKinstry | Associate; joined Davis Polk 2015; admitted New York 2015 | Trusts and Estates | $1,175 | 1.1 | $1,292.50 |
| Townes, Esther C. | Associate; joined Davis Polk 2018; admitted New York 2018 | Litigation | $1,140 | 528.1 | $602,034.00 |
| | | | $1,295 | 177.9 | $230,380.50 |
| Trost, Brette L. | Associate; joined Davis Polk 2019; admitted New York 2020 | Intellectual Property | $835 | 3.9 | $3,256.50 |
| | | | $1,190 | 13.9 | $16,541.00 |
| Turay, Edna | Associate; joined Davis Polk 2019; admitted New York 2020 | Mergers and Acquisitions | $835 | 27.7 | $23,129.50 |
| Weiner, Jacob | Associate; joined Davis Polk 2015; admitted New York 2016 | Restructuring | $1,175 | 205.0 | $240,875.00 |
| | | | $1,315 | 38.7 | $50,890.50 |
| Williams, Nikolaus | Associate; joined Davis Polk 2014; admitted New York 2015 | Litigation | $1,315 | 37.4 | $49,181.00 |

| Name of Professional Individual | Position, Year Assumed Position, Prior Relevant Experience, Year of Obtaining Relevant License to Practice | Department | Hourly Billing Rate[1] | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| Yang, Yueyu | Associate; joined Davis Polk 2020; admitted New York 2021 | Tax | $740 | 19.8 | $14,652.00 |
| | | | $935 | 14.9 | $13,931.50 |
| Goetz, Chris | Law Clerk; joined Davis Polk 2020 | Litigation | $740 | 3.6 | $2,664.00 |
| Houston, Kamali | Law Clerk; joined Davis Polk 2020 | Litigation | $740 | 323.1 | $239,094.00 |
| | | | $935 | 83.1 | $77,698.50 |
| Kashtan, Ryan J. | Law Clerk; joined Davis Polk 2021 | Executive Compensation | $600 | 2.6 | $1,560.00 |
| Kudolo, Mary | Law Clerk; joined Davis Polk 2020 | Restructuring | $740 | 5.2 | $3,848.00 |
| Mills, Michael G. | Law Clerk; joined Davis Polk 2021 | Litigation | $600 | 25.0 | $15,000.00 |
| Sette, Kevin E. | Law Clerk; joined Davis Polk 2021 | Litigation | $600 | 134.3 | $80,580.00 |
| | | | $795 | 77.8 | $61,851.00 |
| Sheu, Anna | Law Clerk; joined Davis Polk 2021 | Restructuring | $600 | 13.7 | $8,220.00 |
| Stern, Ethan | Law Clerk; joined Davis Polk 2021 | Restructuring | $600 | 299.4 | $179,640.00 |
| | | | $795 | 139.0 | $110,505.00 |
| Troncoso, Frank A. | Law Clerk; joined Davis Polk 2021 | Litigation | $795 | 36.0 | $28,620.00 |
| Yerdon, Kayleigh | Law Clerk; joined Davis Polk 2021 | Restructuring | $600 | 10.9 | $6,540.00 |
| | | | $795 | 52.6 | $41,817.00 |
| Bae, Eric J. | Legal Assistant; joined Davis Polk 2021 | Litigation | $350 | 13.6 | $4,760.00 |
| Ballard, Andrew | Legal Assistant; joined Davis Polk 2021 | Litigation | $375 | 6.3 | $2,362.50 |

C-9

| Name of Professional Individual | Position, Year Assumed Position, Prior Relevant Experience, Year of Obtaining Relevant License to Practice | Department | Hourly Billing Rate[1] | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| Bennett, Aoife | Legal Assistant; joined Davis Polk 2020 | Litigation | $350 | 247.6 | $86,660.00 |
| | | | $515 | 81.9 | $42,178.50 |
| Cappio, Beatrice | Legal Assistant; joined Davis Polk 2021 | Litigation | $350 | 15.0 | $5,250.00 |
| Giddens, Magali | Legal Assistant; joined Davis Polk 2019 | Restructuring | $480 | 271.8 | $130,464.00 |
| | | | $515 | 77.0 | $39,655.00 |
| Halford, Edgar Bernard | Legal Assistant; joined Davis Polk 2003 | Litigation | $480 | 32.3 | $15,504.00 |
| Haynes, Amelia | Legal Assistant; joined Davis Polk 2021 | Litigation | $350 | 3.3 | $1,155.00 |
| Ismail, Mohamed Ali | Legal Assistant; joined Davis Polk 1993 | Litigation | $480 | 20.3 | $9,744.00 |
| | | | $515 | 4.2 | $2,163.00 |
| Morrione, Tommaso | Legal Assistant; joined Davis Polk 2021 | Litigation | $350 | 165.1 | $57,785.00 |
| | | | $375 | 113.0 | $42,375.00 |
| Rattray, Adelia | Legal Assistant; joined Davis Polk 2022 | Litigation | $375 | 9.4 | $3,525.00 |
| Stevens, Kelsey D. | Legal Assistant; joined Davis Polk 1992 | Corporate | $480 | 36.0 | $17,280.00 |
| Wittig, Amelia | Legal Assistant; joined Davis Polk 2020 | Litigation | $350 | 9.6 | $3,360.00 |
| Colchamiro, Emma J. | Court Clerk; joined Davis Polk 2019 | Managing Attorney's Office | $205 | 15.1 | $3,095.50 |
| | | | $220 | 5.1 | $1,122.00 |
| DiMola, Stephen V. | Docket Clerk; joined Davis Polk 2016 | Managing Attorney's Office | $285 | 25.0 | $7,125.00 |
| Jackson Jr., Ahmad | Court Clerk; joined Davis Polk 2017 | Managing Attorney's Office | $205 | 22.9 | $4,694.50 |

| Name of Professional Individual | Position, Year Assumed Position, Prior Relevant Experience, Year of Obtaining Relevant License to Practice | Department | Hourly Billing Rate[1] | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| Suchan, Ryan E. | Docket Clerk; joined Davis Polk 2015 | Managing Attorney's Office | $305 | 7.5 | $2,287.50 |
| Tychsen, Ketmanee M. | Docket Clerk; joined Davis Polk 2020 | Managing Attorney's Office | $230 | 16.0 | $3,680.00 |
| Chen, Johnny W. | Ediscovery Management Analyst; joined Davis Polk 2008 | eDiscovery Project Management | $435 | 50.8 | $22,098.00 |
| | | | $465 | 23.6 | $10,974.00 |
| Zaleck, Mark | Senior Legal Reference Librarian; joined Davis Polk 1995 | Library | $625 | 22.7 | $14,187.50 |
| Richmond, Marjorie | Legal Reference Librarian; joined Davis Polk 2015 | Library | $555 | 3.2 | $1,776.00 |
| | | | $625 | 6.0 | $3,750.00 |
| **Associates, Law Clerks and Legal Assistants Total:** | | | | **12,947.7** | **$12,288,238.00** |
| **TOTAL FEES** | | | | | **$20,762,201.50** |
| (Less 50% Discount for Non-Working Travel Time) | | | | | **($538.00)** |
| **GRAND TOTAL** | | | | **18,372.6** | **$20,761,663.50[2]** |

[2] This amount reflects a reduction in fees in the amount of $211,944.00 on account of the following: (a) $538.00 from a 50% reduction of Non-Working Travel Time; and (b) $211,406.00 of voluntary write-offs.

**Exhibit D**

**Fees by Project Category for Fee Period**

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Asset Acquisitions/Dispositions | 57.4 | $60,880.50 |
| Automatic Stay/Preliminary Injunction/Litigation/DOJ | 1,981.9 | $2,532,491.50 |
| Bar Date/Estimation/Claims Allowance Issues | 202.9 | $247,403.00 |
| Corporate Governance, Board Matters and Communications | 414.1 | $532,305.00 |
| Creditor/UCC/AHC Issues | 320.1 | $324,716.00 |
| Cross-Border/International Issues | 39.2 | $51,954.50 |
| Equityholder/IAC Issues | 26.3 | $38,901.00 |
| Customer/Vendor/Lease/Contract Issues | 79.2 | $91,733.00 |
| Employee/Pension Issues | 101.5 | $137,799.00 |
| General Case Administration | 1,501.9 | $1,333,602.00 |
| Non-DPW Retention and Fee Issues | 61.0 | $68,367.50 |
| Non-Working Travel Time (50%) | 0.8 | $538.00 |
| Support Agreement/Plan/Disclosure Statement | 11,519.4 | $13,097,168.50 |
| DPW Retention/Preparation of Fee Statements/Applications Budget | 696.7 | $472,792.50 |
| IP, Regulatory and Tax | 1,074.7 | $1,380,216.00 |
| Special Committee/Investigations Issues | 295.5 | $390,795.50 |
| **Total** | **18,372.6** | **$20,761,663.50[1]** |

---

[1] This amount reflects a reduction in fees in the amount of $211,944.00 on account of the following: (a) $538.00 from a 50% reduction of Non-Working Travel Time; and (b) $211,406.00 of voluntary write-offs.

**Exhibit E**

**Budget and Staffing Plan for Fee Period**

Davis Polk discussed attorney staffing with the Debtors throughout the cases and has supplemented and adjusted its team as necessary to meet the needs of the Debtors under the changing circumstances of these cases.  The Debtors were delivered monthly budgets for the period of October 1, 2021 through November 30, 2021.  The budgeted and actual fees for the October 1, 2021 through November 30, 2021 period are detailed on the following page.

| Project Category | Budgeted Fees for the October 1, 2021 through November 30, 2021 Period | Actual Fees for the October 1, 2021 through November 30, 2021 Period |
|---|---|---|
| Asset Acquisitions/Dispositions | *The budget for the projected post-confirmation period of October 1, 2021 through November 30, 2021 was not divided into project categories. The budget also assumed that emergence would occur in November 2021.* | $13,963.50 |
| Automatic Stay/Preliminary Injunction/Litigation/DOJ | | $1,097,712.50 |
| Bar Date/Estimation/Claims Allowance Issues | | $137,622.50 |
| Corporate Governance, Board Matters and Communications | | $268,362.00 |
| Creditor/UCC/AHC Issues | | $199,797.00 |
| Cross-Border/International Issues | | $41,663.50 |
| Equityholder/IAC Issues | | $2,863.00 |
| Customer/Vendor/Lease/Contract Issues | | $61,422.50 |
| Employee/Pension Issues | | $77,381.50 |
| General Case Administration | | $903,654.50 |
| Non-DPW Retention and Fee Issues | | $31,077.50 |
| Non-Working Travel Time (50%) | | $538.00 |
| Support Agreement/Plan/Disclosure Statement | | $7,076,078.50 |
| DPW Retention/Preparation of Fee Statements/Applications Budget | | $240,869.00 |
| IP, Regulatory and Tax | | $833,361.50 |
| Special Committee/Investigations Issues | | $47,972.00 |
| **Total** | **$5,750,000.00** | **$11,034,339.00** |

**Exhibit F**

**Expense Summary**

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Business Meals | *See Business Meal Detail provided in Davis Polk's Monthly Fee Statements* | **$7,824.88** |
| Computer Research | Lexis (US Treatises, US Law Reviews and Journals, US Briefs, US Court Documents, US CLE Course of Study Materials, US Forms, US Jurisprudence, US Restatements, US Legal News, US News, US Motions, US Pleadings, US Dockets, US Reference Indices, US Back-of-Book Indices, US Practice Guides, Lexis Answer Card) and Westlaw | **$179,639.40** |
| Court and Related Fees | Veritext LLC, National Archives, Southern District Reporters PC, Deposition Solutions LLC, Transperfect Document Management, Pacer Transactions, CourtAlert.com, and Southern District Filing Fee | **$77,825.38** |
| Duplication | N/A | **$11,377.80** |
| Electronic Discovery Services | KLDiscovery, LD Lower Holdings, Inc. | **$9,892.84** |
| External Document Production | Transperfect Document Management | **$7,271.14** |
| Outside Documents & Research | CT Corporation, CSC, Pacer Transactions, Restructuring Concepts, LexisNexis, Courtlink, and New York Law Institute, Inc. | **$17,913.82** |
| Postage, Courier & Freight | N/A | **$4,661.11** |
| Travel | *See Travel Detail provided in Davis Polk's Monthly Fee Statements* | **$8,716.25** |
| **TOTAL** | | **$325,122.62** |

**Exhibit G**

**Customary and Comparable Compensation Disclosures for the Fee Period**

| CATEGORY OF TIMEKEEPER | BLENDED HOURLY RATE | |
| --- | --- | --- |
| | Professionals at the New York Office of Davis Polk & Wardwell LLP for a 12-Month Period Ending on January 31, 2022, Excluding Bankruptcy Matters[1] | Purdue Application |
| Partner | $1,649.78 | $1,833.73 |
| Counsel | $1,328.31 | $1,373.58 |
| Other Attorneys[2] | $894.03 | $1,009.09 |
| Paraprofessionals | $440.60 | $413.26 |
| **All Timekeepers Aggregated** | $1,027.08 | $1,130.03 |

---

[1] This blended hourly rate is adjusted to exclude hours and compensation billed to certain clients with special billing arrangements.

[2] This category includes Law Clerks and Discovery Attorneys.