**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (RDD)** |
| **Debtors.**[1] | **(Jointly Administered)** |

### STIPULATION AND AGREED ORDER RESOLVING THE
### THE NAS CHILDREN AD HOC COMMITTEE'S CHALLENGE LETTER

Purdue Pharma L.P. and certain of its affiliates that are debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), the NAS Children Ad Hoc Committee (the "**NAS Committee**"), and the Public School District Creditors (the "**PSDC**," and together with the Debtors and NAS Committee, the "**Parties**"), by and through their undersigned counsel, hereby stipulate and agree as set forth below in this stipulation and agreed order (the "**Stipulation**").

### Recitals

A.     On November 18, 2021, and November 22, 2021, the NAS Committee sent the Debtors correspondence (the "**Challenge Notices**") challenging, pursuant to paragraph 65 of the *Third Amended Protective Order* [Dkt. No. 1935] (the "**Protective Order**"), the Debtors' confidentiality designations of certain documents subject to the Protective Order (the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717), and SVC Pharma Inc. (4014).  The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

"**Challenged Documents**").  On November 23, 2021, the Debtors responded to the Challenge Notices, asserting that the Challenged Documents were properly designated under the Protective Order.

B.      On December 9, 2021, the NAS Committee submitted to the Court its letter challenging the confidentiality designations of the Challenged Documents (the "**Challenge Letter**"), and on December 14, 2021, the Debtors submitted to the Court their response to the Challenge Letter.

C.      At the Court's request, the Challenge Letter was scheduled for a hearing on February 17, 2022 [Dkt. No. 4335].  On February 16, 2022, the PSDC filed a letter in support of the NAS Committee's Challenge Letter [Dkt. No. 4362], and the UCC submitted a letter that did not take a position but urged the Debtors and NAS Committee to reach a resolution [Dkt. No. 4363].

D.      At the February 17, 2022 omnibus hearing, the Court stated that it was "reluctant . . . to rule on [the] issue," and adjourned the Challenge Letter dispute to allow the Parties to either negotiate a resolution or set a schedule for additional briefing requested by the Court.  (Feb. 17, 2022 Omnibus Hr'g Tr. 30:2- 33:5.)

E.      Between February 17, 2022, and February 28, 2022, the Parties met and conferred regarding a resolution to the Challenge Letter.  As a result of these meet and confers, the Parties have reached an agreement that resolves the NAS Committee's Challenge Letter.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED AS FOLLOWS:**

1.      Subject to agreed redactions for personally identifiable information ("**PII**") and confidential commercial information ("**CCI**"), and the redaction of any Company Core Data Sheet ("**CCDS**") incorporated into or by another document, the following Challenged

Documents will be downgraded to remove all confidentiality designations such that they are no longer covered by the Protective Order by no later than March 22, 2022, with rolling productions of documents having begun March 11, 2022:

    a.  PAK002329104 - PAK002329635

    b.  PDD8013105299 - PDD8013105304

    c.  PDD8013253884 - PDD8013254903

    d.  POK000386923 - POK000389368

    e.  PPLPC056000664380 - PPLPC056000665191

    f.  PDD8013418569 - PDD8013418582

    g.  PDD8013408689 - PDD8013408698

    h.  PMT003878737 - PMT 003883905

    i.  PDD8002004532 - PDD8002004595

    j.  PKY180604976 - PKY180605359

2.    Subject to redactions for PII and CCI, the following additional documents that are not covered by the Challenge Letter also will be downgraded to remove all confidentiality designations such that they are no longer covered by the Protective Order by no later than March 22, 2022, with rolling productions of documents having begun March 11, 2022:

    a.  PDD1701694266 - PDD1701694418

    b.  PDD1701376376 - PDD1701376692

    c.  PDD1701377557 - PDD1701377671

3.    The confidentiality designations of the following Challenged Documents will be maintained:

    a.  PPLPC0190000049101 - PPLPC0190000049172

   b.  E513 00045953 - E513_00045962

4.      The confidentiality designations of the CCDSs identified in the Challenge Letter
and specified herein[2] will be maintained.  However, any party that has access to the documents
produced in these chapter 11 proceedings, including but not limited to the NAS Committee and
PSDC, and any person who chooses to be subject to the Protective Order, may use the specified
CCDSs in any opioid-related litigation in which they are a party, but only in accordance with the
respective protective order(s) and other orders in place in those proceedings.

5.      The Debtors' agreement to downgrade certain documents or make certain
documents available for use in opioid-related litigation subject to the respective protective order
and any other orders in place in the respective litigation as set forth above fully resolves the NAS
Committee's requests for de-designation of documents subject to the Protective Order, including
but not limited to the Challenge Letter.  Additional requests to use documents subject to the
Protective Order in other opioid-litigation will be considered and handled in accordance with the
process already established in the respective litigation.

6.      The Debtors' agreement to downgrade certain documents or make certain
documents available for use in opioid-related litigation subject to the respective protective order
and any other orders in place in the respective litigation applies only to the documents specified
herein, and nothing in this Stipulation shall in any way be construed as applying to any other
document or request pursuant to the Protective Order.  Further, this Stipulation represents a good

---

[2] The beginning Bates numbers of the CCDSs are as follow:  PPLPC013000078453, PPLPC019000043760,
PPLPC001000028102, PPLPC003000036627, PPLPC019000838413, PPLPC019001186411,
PPLPC018001298991, PPLPC02000000994214, PPLPC8856500091, PPLPC001000220074,
PPLPC018001464512, PPLPC013000063753, PPLPC037000025825, PPLPC037000035237,
PPLPC037000049710, PPLPC018001145603, PPLPC018000340916, PPLPC007000009307,
PPLPC006000000231, PPLPC001000093447, PPLPC018000782644, PPLPC001000146900,
PPLPC018000978892, PPLPC002000227143, PPLPC019001389363, PPLPC030000802402,
PPLPC037000038602, PPLPC019000764982.

faith compromise and resolution of a discovery dispute that is unrelated to any pending motion in these chapter 11 cases and thus, shall not be considered precedential for any future discovery dispute.

7.      Nothing herein reflects any agreement or admission by the Parties that the documents subject to the Stipulation either were or were not properly designated under the Protective Order.

8.      This Court retains exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Stipulation.

[*Remainder of page intentionally left blank*]

**STIPULATED AND AGREED:**

Dated:   March 22, 2022
           New York, New York

/s/ *James I. McClammy*

DAVIS POLK & WARDWELL

Marshall S. Huebner
Benjamin S. Kaminetzky
James I. McClammy
Eli J. Vonnegut
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000

*Counsel to the Debtors and Debtors in Possession*

/s/ *Scott S. Markowitz*

TARTER KRINSKY & DROGIN LLP

Scott S. Markowitz
Rocco A. Cavaliere
Michael Z. Brownstein
4350 Broadway, 11th Floor
New York, New York 10018
Telephone: (212) 216-8000

*Counsel to the NAS Children Ad Hoc Committee*

/s/ *Cyrus Mehri*

MEHRI & SKALET, PPLC

Cyrus Mehri (admitted *pro hac vice*)
D.C. Bar No. 420970
2000 K Street NW, Suite 325
Washington, D.C. 20006
Telephone: (202) 822-5100

*Counsel to the Public School District Creditors*

**SO ORDERED:**

Dated: _____, 2022
          White Plains, New York


                                                          _____
                                                          THE HONORABLE ROBERT D. DRAIN
                                                          UNITED STATES BANKRUPTCY JUDGE