(1.)

UNITED STATE BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE:

PURDUE PHARMA L.P., et al.,
CREDITOR.

CHAPTER 11
CASE No. 19-23649 (RDD)

(ADD ON TO CLAIM NO'S
628425 AND 628775.

— PERSONAL INJURY —
REQUEST TO ADD ON TO THE ABOVE CLAIM'S
CREDITOR PRESENTS THE FOLLOWING

1.) DEBTORS PROMOTED OPIODS IN A COERCIVE AND DECEPTIVE MANNER AND FRAUDULENTLY PROMOTED OPIODS.

2.) DEBTORS ISSUED AND DISTRIBUTED OPIODS BASED ON FRAUDULENT MISREPRESENTATION ABOUT ITS EFFICIENCEY AND SOLD WITHOUT ADEQUATE INSTRUCTIONS AND WARNINGS.

3.) DEBTORS COMMITTED COMMON LAW FRAUD, FALSE ADVERTISING, NEGLIGENCE, RACKETEER INFLUENCED AND CORRUPTION ORGINIZATION VIOLATED PRODUCT LIABILITY ACTS.

4.) DEBTORS CONCEALED FOR THEIR OWN FINANCIAL GAIN THE RISKS OF ADDICTION AND ATTENDANT HARM PRESCRIPTION OPIODS PRESENT ALL WHILE PROMOTING EVER-INCREASING CONSUMER USE.

5.) DEBTORS KNOWINGLY FLOODED ITS PAIN PILLS WITH OPIODS KNOWING THAT THE DRUGS WERE LIKELY TO BE ABUSED, DIVERTED OR MISUSED.

6.) DEBTORS GAVE FINANCIAL COMPENSATION TO CO-DEFENDANTS TO GIVE FALSE MESSAGES ABOUT OPIODS AND THE DEBTORS TURNED A BLIND EYE TO THE CO-DEFENDANTS OVER PRE-SCRIBING OPIODS.

7.) DEBTORS FAILED IN THEIR DUTY TO PREVENT OR ACTIVELY CONCEAL OPIOP DIVERSION AND MISUSE. DEBTORS WERE RESPONSIBLE FOR UPDATING THEIR LABELS AT ALL TIMES.

8.) DEBTORS MADE REPRESENTATIONS THAT WHERE NOT SUPPORTED BY SCIENTIFIC STUDIES, THUS PREVENTING CLINICIANS AND CONSUMERS FROM MAKING INFORMED DECISIONS ABOUT WHETHER TO PRESCRIBE OR TO USE OPIODS AS A PRIMARY FORM OF CHRONIC PAIN TREATMENT. THE DEBTOR USED ITS STRATEGIES TO EVADE CONSUMER PROTECTION LAWS AND USED FRONT GROUPS OR THIRD PARTIES TO PROMOTE OPIODS AS SUPERIOR PAIN MED-ICATION THROUGH UNBRANDED MATERIALS.

9.) DEBTOR ENGAGED IN A COURSE OF REPETITIVE CONDUCT THAT CAUSED HARM OF A SUBSTANTIAL MAGNATUDE BY CAUSING AN INTERNATIONAL PERSISTENT COURSE OF DECEPTIVE CONDUCT.

10.) DEBTORS CONSPIRED WITH PHYSICIANS TO DEFRAUD INSURERS INTO AUTHORIZING REIMBURSMENTS FOR ITS OPIOD PRODUCTS,

DEBTORS HARBORED A SPECIFIC INTENT TO INJURE THE INSURER AND UPON ACCEPTING AS TRUE THAT THE DEBTORS EMPLOYEE'S ACTED WITHIN THE SCOPE OF THEIR EMPLOYMENT AND INTENTIONALLY USED FALSE INFORMATION TO INDUCE THE INSURER TO PAY CLAIMS IT OTHERWISE WOULD NOT HAVE.

11.) DEBTORS MATERIALLY DECEPTIVE ACTS AND PRACTICES BY THE DEBTOR THAT UNDERMINE CONSUMERS ABILITY TO ACCESS THE BENEFITS AND DANGERS OF PRESCRIPTION OPIODS AND TO MAKE INFORMED DECISIONS AS TO THE EFFICIANCY AND SAFETY OF OPIODS FOR CHRONIC PAIN. CREDITOR SUFFERED DIRECT INJURIES AS A RESULT OF THE DEBTORS DECEPTIVE ACTS AND PRACTICES.

RESPECTFULLY SUBMITTED
S/ Larry Dale Evjene
LARRY DALE EVJENE