Page 1

1  UNITED STATES BANKRUPTCY COURT

2  SOUTHERN DISTRICT OF NEW YORK

3  Case No. 19-23649-rdd; Adv. Proc. No. 19-08289

4  - - - - - - - - - - - - - - - - - - - - - -x

5  In the Matters of:

6  PURDUE PHARMA L.P., et al.,

7

8               Debtors.

9  - - - - - - - - - - - - - - - - - - - - - -x

10  PURDUE PHARMA L.P., et al.,

11               Plaintiffs,

12  v.

13  COMMONWEALTH OF MASSACHUSETTS, et al.,

14               Defendants.

15  - - - - - - - - - - - - - - - - - - - - - -x

16               United States Bankruptcy Court

17               300 Quarropas Street, Room 248

18               White Plains, New York 10601

19

20               VIA ZOOM VIDEOCONFERENCE

21               March 23, 2022

22               10:00 AM

23  B E F O R E:

24  HON. ROBERT D. DRAIN

25  U.S. BANKRUPTCY JUDGE

Page 2

1   19-23649-rdd Purdue Pharma L.P., et al.

2   Ch 11

3   10:00 AM

4

5   Notice of Agenda/Agenda for March 23, 2022 Hearing (ECF

6   #4577

7

8   ZOOM VIDEOCONFERENCE re Motion to File Late Proof Of Claim

9   Filed by Devin A. Pratt [ECF #4275]

10   ZOOM VIDEOCONFERENCE re Notice of Hearing Regarding Late

11   Claim Motion [ECF No. 4293]

12   ZOOM VIDEOCONFERENCE re Notice of Filing of Proposed Order

13   Granting Late Claim Motions [ECF No. 4530]

14

15   ZOOM VIDEOCONFERENCE re Motion to File Proof of Claim after

16   Claims Bar Date filed by Wayne M. Miller [ECF No. 4294]

17   ZOOM VIDEOCONFERENCE re Notice of Hearing Regarding Late

18   Claim Motion [ECF No. 4305]

19   ZOOM VIDEOCONFERENCE re Notice of Filing of Proposed Order

20   Granting Late Claim Motions [ECF No. 4530]

21

22

23

24

25

Page 3

1    ZOOM VIDEOCONFERENCE re Motion of Debtors for Authorization

2    to Enter into Amended and Restated Funding Agreement [ECF

3    No. 4407]

4    ZOOM VIDEOCONFERENCE re Amended Declaration of Terrence

5    Ronan in Support of Motion of Debtors for Authorization to

6    Enter into Amended and Restated Funding Agreement [ECF No.

7    4408]

8    ZOOM VIDEOCONFERENCE re Affidavit of Service of Sonia Akter

9    Regarding Motion for Amended and Restated Funding, Amended

10   Declaration of Terrence Ronan, Mediator's Fourth Interim

11   Report, Motion of Debtors for Entry of an Order Authorizing

12   and Approving Settlement Term Sheet, and Debtors' Ex Parte

13   Motion for Entry of an Order Shortening Notice with Respect

14   to the Motion of Debtors for Entry of an Order Authorizing

15   and Approving Settlement Term Sheet [ECF #4482]

16

17

18

19

20

21

22

23

24

25

1    Adversary Proceeding 19-08289-rdd Purdue Pharma L.P. et al.

2    v. Commonwealth of Massachusetts et al.

3

4    ZOOM VIDEOCONFERENCE re Motion to Extend the Preliminary

5    Injunction. Adv. Pro. No. 19-08289 [ECF No. 344]

6    ZOOM VIDEOCONFERENCE re Memorandum of Law in Support of

7    Motion to Extend the Preliminary Injunction. Adv. Pro. No.

8    19-08289 [ECF No. 345]

9    ZOOM VIDEOCONFERENCE re Motion for Entry of an Order

10   Shortening Notice with Respect to Debtors Motion to Extend

11   the Preliminary Injunction. Adv. Pro. No. 19-08289 [ECF No.

12   346]

13   ZOOM VIDEOCONFERENCE re Affidavit of Service of Alain B.

14   Francoeur Regarding Motion to Extend the Preliminary

15   Injunction, Memorandum of Law in Support of Motion to Extend

16   the Preliminary Injunction, and Debtors' Ex Parte Motion for

17   Entry of an Order Shortening Notice with respect to Debtors'

18   Motion to Extend the Preliminary Injunction [ECF #347]

19

20

21

22

23

24

25   Transcribed by:  Lisa Beck

```
 1   A P P E A R A N C E S :

 2   DAVIS POLK & WARDWELL LLP

 3        Attorneys for Debtors and Debtors-in-Possession

 4        450 Lexington Avenue

 5        New York, NY 10017

 6

 7   BY:  KATHRYN BENEDICT, ESQ.

 8        MARSHALL S. HUEBNER, ESQ.

 9        BENJAMIN S. KAMINETZKY, ESQ.

10        ELI J. VONNEGUT, ESQ.

11        CHRISTOPHER S. ROBERTSON, ESQ.

12        DARREN S. KLEIN, ESQ.

13        GERARD MCCARTHY, ESQ.

14        JAMES I. MCCLAMMY, ESQ.

15        MARC J. TOBAK, ESQ.

16        ESTHER TOWNES, ESQ.

17        JACQUELYN KNUDSON, ESQ.

18        DYLAN CONSLA, ESQ.

19        MAGALI GIDDENS, ESQ.

20         (VIA ZOOM)

21

22

23

24

25
```

Page 6

1    PURDUE PHARMA HEADQUARTERS

2         Vice President, Deputy General Counsel and Assistant

3          Corporate Secretary at Purdue Pharma L.P.

4         One Stamford Forum

5         201 Tresser Blvd.

6         Stamford, CT 06901

7

8    BY:  ROXANA ALEALI, ESQ.

9         TERRENCE RONAN, ESQ.

10        MARC KESSELMAN, ESQ.

11         (VIA ZOOM)

12

13   PROVINCE LLC

14        Attorneys for the Official Committee of Unsecured

15         Creditors

16        36 South Charles Street

17        Suite 2310

18        Baltimore, MD 21201

19

20   BY:  MICHAEL ATKINSON, ESQ. (VIA ZOOM)

21

22

23

24

25

```
 1   AKIN GUMP STRAUSS HAUER FELD LLP

 2        Attorneys for the Official Committee of Unsecured

 3         Creditors

 4        One Bryant Park

 5        New York, NY 10036

 6

 7   BY:  BROOKS BARKER, ESQ.

 8        MITCHELL HURLEY, ESQ.

 9        SARA BRAUNER, ESQ.

10        EDAN LISOVICZ, ESQ.

11        KATHERINE PORTER, ESQ.

12        ARIK PREIS, ESQ.

13        JAMES SALWEN, ESQ.

14        JOSEPH SORKIN, ESQ.

15        (VIA ZOOM)

16

17   AKIN GUMP STRAUSS HAUER FELD LLP

18        Attorneys for the Official Committee of Unsecured

19         Creditors

20        Robert S. Strauss Tower

21        2001 K Street, N.W.

22        Washington, DC 20006

23

24   BY:  JULIUS CHEN, ESQ. (VIA ZOOM)

25
```

Page 8

1    U.S. DEPARTMENT OF JUSTICE

2         Office of the United States Trustee

3         201 Varick Street

4         Room 1006

5         New York, NY 10014

6

7    BY:  PAUL SCHWARTZBERG, AUST

8         ANDREW D. VELEZ-RIVERA, AUST

9         BRIAN S. MASUMOTO, AUST

10        (VIA ZOOM)

11

12   CALIFORNIA DEPARTMENT OF JUSTICE

13        Attorneys for State of California

14        300 South Spring Street

15        Suite 1702

16        Los Angeles, CA 90013

17

18   BY:  BERNARD ARDAVAN ESKANDARI, ESQ. (VIA ZOOM)

19

20   OFFICE OF THE ATTORNEY GENERAL

21        Attorneys for the State of Maryland

22        200 Saint Paul Place

23        Baltimore, MD 20852

24

25   BY:  BRIAN EDMUNDS, ESQ. (VIA ZOOM)

**Page 9**

1

2  OFFICE OF THE WASHINGTON ATTORNEY GENERAL

3       Attorneys for the State of Washington

4       800 Fifth Avenue

5       Suite 2000

6       Seattle, WA 98104

7

8  BY:  BOB FERGUSON, ESQ.

9       JEFF RUPERT, ESQ.

10      (VIA ZOOM)

11

12  PENNSYLVANIA OFFICE OF ATTORNEY GENERAL

13      Attorneys for the State of Pennsylvania

14      Strawberry Square

15      15th Floor

16      Harrisburg, PA 17112

17

18  BY:  MELISSA L. VAN ECK, ESQ. (VIA ZOOM)

19

20

21

22

23

24

25

1   OFFICE OF THE ATTORNEY GENERAL

2        Attorneys for the State of Texas

3        300 West 15th Street

4        8th Floor

5        Austin, TX 78701

6

7   BY:  RACHEL R. OBALDO, ESQ. (VIA ZOOM)

8

9   KLEINBERG, KAPLAN, WOLFF, COHEN, P.C.

10       Attorneys for the State of Washington

11       500 Fifth Avenue

12       New York, NY10110

13

14  BY:  MATTHEW J. GOLD, ESQ. (VIA ZOOM)

15

16  U.S. ATTORNEY'S OFFICE

17       86 Chambers Street

18       3rd Floor

19       New York, NY 10007

20

21  BY:  LAWRENCE FOGELMAN, ESQ. (VIA ZOOM)

22

23

24

25

1   PULLMAN COMLEY

2        Attorneys for State of Connecticut

3        850 Main Street

4        Bridgeport, CT 06604

5

6   BY:   IRVE GOLDMAN, ESQ. (VIA ZOOM)

7

8   KRAMER LEVIN NAFTALIS FRANKEL LLP

9        Attorneys for the Ad Hoc Committee

10        1177 Avenue of the Americas

11        New York, NY 10036

12

13   BY:   DAVID E. BLABEY, ESQ.

14        KENNETH H. ECKSTEIN, ESQ.

15        CAROLINE GANGE, ESQ.

16        RACHAEL RINGER, ESQ.

17        (VIA ZOOM)

18

19

20

21

22

23

24

25

Page 12

1    WHITE & CASE LLP

2        Attorneys for Ad Hoc Group of Individual Victims of

3         Purdue Pharma

4        1221 Avenue of the Americas

5        New York, NY 10020

6

7    BY:  J. CHRISTOPHER SHORE, ESQ.

8        MICHELE MEISES, ESQ.

9        ALICE TSIER, ESQ.

10        (VIA ZOOM)

11

12    ASK LLP

13        Attorneys for Ad Hoc Group of Individual Victims

14        151 West 46th Street

15        4th Floor

16        New York, NY 10036

17

18    BY:  EDWARD E. NEIGER, ESQ. (VIA ZOOM)

19

20

21

22

23

24

25

```
 1   TAFT STETTINIUS HOLLISTER LLP

 2        Attorneys for Ad Hoc Group of Hospitals

 3        211 North Pennsylvania Street

 4        One Indiana Square

 5        Indianapolis, IN 46204

 6

 7   BY:  MICHAEL P. O'NEIL, ESQ. (VIA ZOOM)

 8

 9   CLIFFORD LAW OFFICES

10        Attorneys for the Ad Hoc Group of Hospitals

11        120 North LaSalle Street

12        Chicago, IL 60602

13

14   BY:  SHANNON M. MCNULTY, ESQ. (VIA ZOOM)

15

16   BROWN RUDNICK

17        Attorneys for Government Ad Hoc Committee

18        One Financial Center

19        Boston, MA 02111

20

21   BY:  STEVEN D. POHL, ESQ. (VIA ZOOM)

22

23

24

25
```

1   POTTER ANDERSON CORROON LLP

2        Attorneys for Walmart, Inc.

3        1313 North Market Street

4        6th Floor

5        Wilmington, DE 19801

6

7   BY:  ELIZABETH SCHLECKER, ESQ. (VIA ZOOM)

8

9   NATIONS LAW FIRM

10        Attorneys for Jerry B. Germany

11        9255 North State Hwy 6

12        Suite #9

13        Crawford, TX 76638

14

15   BY:  JERRY B. GERMANY, ESQ. (VIA ZOOM)

16

17   ECKERT SEAMANS CHERIN MELLOTT, LLC

18        Attorneys for DXC Technology

19        919 East Main Street

20        Suite 1300

21        Richmond, VA 23229

22

23   BY:  CHRISTOPHER L. PERKINS, ESQ. (VIA ZOOM)

24

25

Page 15

1    ROYER COOPER COHEN BRAUNFELD LLC

2         Attorneys for IACs

3         1120 Avenue of the Americas

4         4th Floor

5         New York, NY 10036

6

7    BY:  MARC E. HIRCHFIELD, ESQ. (VIA ZOOM)

8

9    CAPLIN DRYSDALE, CHARTERED

10        Attorneys for MSGE Group

11        One Thomas Circle, NW

12        Suite 1100

13        Washington, DC 20005

14

15   BY:  KEVIN DAVIS, ESQ.

16        JEFFREY LIESEMER, ESQ.

17        KEVIN C. MACLAY, ESQ.

18        GEORGE O'CONNOR, ESQ.

19        LUCAS SELF, ESQ.

20        (VIA ZOOM)

21

22

23

24

25

1   LITE DEPALMA GREENBERG AFANDAOR LLC

2        Attorneys for Canadian Municipalities and Tribes

3        570 Broad Street

4        Suite 1201

5        Newark, NJ 07102

6

7   BY:  ALLEN J. UNDERWOOD, ESQ. (VIA ZOOM)

8

9   DEBEVOISE PLIMPTON LLP

10        Attorneys for the Beacon Company

11        919 Third Avenue

12        New York, NY 10022

13

14   BY:  JASMINE BALL, ESQ.

15        MAURA K. MONAGHAN, ESQ.

16        JEFFREY J. ROSEN, ESQ.

17        (VIA ZOOM)

18

19   BRACEWELL LLP

20        Attorneys for the Raymond Sackler Family

21        1251 Avenue of the Americas

22        New York, NY 10020

23

24   BY:  DANIEL CONNOLLY, ESQ. (VIA ZOOM)

25

1   JOSEPH HAGE AARONSON

2       Attorneys for the Raymond Sackler Family

3       1285 Avenue of the Americas

4       New York, NY 10017

5

6   BY:  MARA LEVENTHAL, ESQ.

7       GREGORY JOSEPH, ESQ.

8       (VIA ZOOM)

9

10  MILBANK

11      Attorneys for the Raymond Sackler Family

12      55 Hudson Yards

13      New York, NY 10016

14

15  BY:  ALEXANDER LEES, ESQ.

16      ERIC STODOLA, ESQ.

17      GERARD UZZI, ESQ.

18      (VIA ZOOM)

19

20

21

22

23

24

25

Page 18

```
 1   PAUL WEISS

 2        Attorneys for the Raymond Sackler Family

 3        1285 Avenue of the Americas

 4        New York, NY 10019

 5

 6   BY:   THEODORE WELLS, ESQ. (VIA ZOOM)

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                      P R O C E E D I N G S

 2              THE COURT:  Okay.  Good morning.  This is Judge

 3     Drain.  We're here in In re Purdue Pharma L.P., et al.  The

 4     matters on the calendar today are all being heard remotely

 5     primarily by Zoom for Government unless someone doesn't have

 6     access to his screen in which case they're appearing by

 7     telephone.

 8              I have the agenda provided by the debtors' counsel

 9     and filed on the docket for today's hearing.  And I'm happy

10     to go down the agenda.

11              MS. KNUDSON:  Good morning, Your Honor.  For the

12     record, Jacquelyn Knudson of Davis Polk & Wardwell on behalf

13     of the debtors.

14              Can I be heard clearly?

15              THE COURT:  Yes.  Good morning.

16              MS. KNUDSON:  Thank you, Your Honor.

17              I'll be handling the first two agenda items which

18     are the uncontested late claim motions.  And I plan to

19     address those together.

20              Mr. Pratt's motion is at docket number 4275 and

21     Mr. Miller's motion is at docket number 4294.  We've

22     carefully reviewed the motions and based on the

23     individualized assertions in the motion, the debtors believe

24     that there's a colorable basis for granting the requested

25     extension under the Pioneer factors.  Both of the movants
```

Page 20

1    are incarcerated.  Mr. Pratt alleges that although he

2    attempted to mail his proof of claim prior to the bar date,

3    Prime Clerk didn't receive it until well after the bar date

4    perhaps due to some mail issues at his facility.

5           Mr. Miller alleges that COVID-19 restrictions at

6    his facility as well as postal service delays contributed to

7    his untimely filing.

8           As we've done in the past, we consulted with the

9    creditors' committee as well as the ad hoc group of

10   individual victims both of which have consented to their

11   request in the motions.  Accordingly, the debtors request

12   the proposed order submitted at docket number 4530, which is

13   consistent with prior orders that we've submitted for late

14   claims be entered.

15          I'm happy to answer any questions Your Honor may

16   have.

17          THE COURT:  Okay.  Does anyone else have anything

18   to say on either of these two motions?

19          All right.  I don't have any questions, Ms.

20   Knudson.  I've reviewed both of the motions which, as you

21   noted are by pro se claimants who are incarcerated and were

22   incarcerated at the time the claims bar date in this case

23   was in place, that being July 30, 2020.  Mr. Pratt states

24   that he actually put his proof of claim in the mailbox at

25   the facility where he's incarcerated two weeks before the

Page 21

1    bar date.  And Mr. Miller states that he didn't really have

2    contact with the outside world based on a lockdown starting

3    in March of 2020 due to the COVID epidemic.

4            Given the current status of the case, i.e.,

5    there's no plan in effect, there's no effective date of a

6    plan, and the allegations in the two motions, I can

7    understand why no one has objected to them including after

8    consultation with the creditors' committee and the personal

9    injury ad hoc committee.  And under the circumstances, I

10   will order the proposed orders submitted by the debtors

11   granting the motions on the basis of excusable neglect until

12   the Pioneer/Enron decision.  So you could e-mail those

13   orders to chambers.

14           MS. KNUDSON:  Thank you, Your Honor.  I'll now

15   turn the podium over to my colleague, Mr. Robertson, for the

16   next agenda item.

17           THE COURT:  Okay.  Very well.

18           MR. ROBERTSON:  Thank you, Your Honor.  For the

19   record, Christopher Robertson, Davis Polk & Wardwell, on

20   behalf of the debtors.

21           Can I be heard clearly?

22           THE COURT:  Yes.

23           MR. ROBERTSON:  Thank you.  The next item on

24   today's agenda is the debtors' motion for authorization to

25   enter into an amended and restated funding agreement with

Page 22

1    Harm Reduction Therapeutics.  The motion is unopposed.

2           The debtors filed the execution version of the

3    funding agreement late last evening.  That's at docket

4    number 4586 together with a blackline against the version

5    appended to the motion.  You will see that the version has

6    been executed so Section 2.1 of the agreement that the

7    agreement is not effective unless and until this Court

8    enters an order approving it.

9           I will, of course, be happy to address any

10   questions regarding those changes which are noneconomic and

11   not expensive.

12          I would also note that the debtors filed the

13   declaration of Terrence Ronan, the debtors' CFO in support

14   of this motion at docket number 4408.  In case it was

15   unclear, Your Honor, the agenda refers to an amended

16   declaration but that is, in fact, the only declaration.  Mr.

17   Ronan is, of course, present on Zoom today if Your Honor has

18   any questions for him.

19          Very briefly, Your Honor, the Court may recall

20   that HRT is working to develop a low-cost naloxone nasal

21   spray device that would be available over-the-counter, in

22   essence, to try to (indiscernible) medication similar to

23   Narcan but less costly and available without a prescription.

24          What was true in June of 2020 when the prior HRT

25   funding motion was before the Court remains true today.

Page 23

1    Support for the development of OTC naloxone continues to be

2    a key public health initiative with a goal that I am

3    confident that all creditors share, abatement of the opioid

4    crisis and saving lives.  $11 million of funding is both

5    modest in the context of these cases and within the public

6    health initiative budget that was excessively negotiated in

7    the context of a plan.  Any change from the debtors' HRT

8    would count against our budget.  There are appropriate

9    milestones and other protections built into the agreement to

10   ensure that the debtors are funding development of a product

11   that is likely to successfully address a critical need.

12            Finally, failure to fund the project would likely

13   result in a substantial (indiscernible) of revised

14   development or worse.

15            Just one final (indiscernible) Court note, Your

16   Honor, which is that the debtors have agreed that as long as

17   the UCC remains in place, we will provide the UCC with

18   reasonable complication rights with respect to any press

19   releases issued by the debtors about HRT.

20            Unless Your Honor has any questions, we

21   respectfully request that the relief requested be granted.

22            THE COURT:  Okay.  I did have one question.  I

23   approved the -- granted the debtors' motion for a funding

24   commitment back in June of 2020.  And I'm not sure -- this

25   agreement is an amendment and restatement of the parties'

Page 24

1    agreements.  I'm not sure whether the funding under this

2    agreement includes the amount that wasn't funded under the

3    earlier agreement.  If you could just clarify that.

4            MR. ROBERTSON:  Yes.  Absolutely.  So I kind of

5    rewind the tape.  Right?  So it would be the prior agreement

6    has three milestone payments.  There was six and a half

7    million dollars of funding which the debtors did advance.

8    There was a five million dollar, I believe, tranche that the

9    debtors had provided we would come back to court to get

10   authorization for the time when it would be come due under

11   the agreement.  That five million dollars was payable upon

12   completion of the Phase I study, successful completion of

13   the Phase I study.  That study is the study that we discuss

14   in our papers that was completed successfully a few months

15   ago.  And so the payment that would have been due under the

16   prior agreement is now essentially deemed folded into this

17   agreement.  And it's the first three million dollar payment.

18   So it's a different amount but it's upon the same event and

19   it's for the same ongoing developmental work.

20           THE COURT:  Okay.  And that's because the -- when

21   they did it again, the new study was successful.

22           MR. ROBERTSON:  That's correct.

23           THE COURT:  Okay.  All right.  Does anyone have

24   anything further to say on this motion?

25           Okay.  I've reviewed the motion as well as Mr.

Page 25

 1    Ronan's declaration.  The motion is unopposed.  It's similar

 2    to the motion that I granted back in June of 2020, although

 3    it reflects considerable further progress in the development

 4    of this naloxone nasal spray device, the goal of which

 5    ultimately would be the approval of the device for over-the-

 6    counter use which is detailed in the motion and the Ronan

 7    declaration could greatly enhance the availability of a

 8    product which, if approved by the FDA, would counter the

 9    effects of opioid overdoses for both greater ease of access

10    to the product being that it would be over-the-counter; and

11    secondly, at a considerably lower cost than current

12    prescription products that are comparable are going for

13    today.  This development effort which is to fund the not-

14    for-profit HRT entity is one of the public health

15    initiatives that is contemplated under the plan that's on

16    appeal at this point.  And, in fact, the funding budget for

17    this would fit within the heavily negotiated funding budget

18    for public health initiatives under that plan.

19            It's clear to me from the motion and the

20    declaration that the development of this product has been

21    funded essentially on a shoe string.  And if the immediate

22    funding that is contemplated here in light of the completion

23    of the most recent milestone, the successful critical trial,

24    isn't paid by the end of this month, there would be quite

25    material adverse consequences for the project as a whole

Page 26

1   which now has progressed considerably and has done so with

2   the active involvement and encouragement of the AMA and the

3   FDA.

4            So it appears to me to be a proper exercise of the

5   debtor's judgment given its goal which is certainly

6   consistent with the goal of the debtors since the start of

7   this case and the fact that the number of overdose deaths

8   due to opioids that could be reduced by greater availability

9   of this product continues to increase at a frightening

10  level.

11           So you can e-mail the order granting the motion to

12  chambers and it'll be entered shortly.  That includes the

13  waiver of the 14-day stay under Rule 6004(h) given the

14  funding deadline of April 1st.

15           MR. ROBERTSON:  Thank you, Your Honor.  I will now

16  turn the podium over to my colleague, Marc Tobak, to handle

17  the PI matter.

18           THE COURT:  Okay.  Very well.

19           MR. TOBAK:  Good morning, Your Honor.  For the

20  record, I'm Marc Tobak of Davis Polk & Wardwell LLP on

21  behalf of the debtors.

22           The next two also uncontested items on today's

23  agenda are the debtors' motion to extend the preliminary

24  injunction until April 27th, 2022 which is at docket number

25  344 in the adversary proceeding.  And the debtors' motion to

Page 27

1    shorten notice by one day for that extension motion and

2    that's at docket number 346 in the adversary proceeding.

3           Both the motion to extend the preliminary

4    injunction and the motion to shorten notice are unopposed.

5    We also rest on the lengthy factual and legal record that

6    was established at prior hearings on the preliminary

7    injunction.

8           In addition, Your Honor, yesterday the Second

9    Circuit scheduled all argument on the appeal for Friday,

10   April 29th.  The proposed order that's attached to the

11   debtors' motion is substantially identical to the order that

12   Your Honor entered on March 2nd updated to today's date.

13   Unless Your Honor has any question for the debtors, the

14   debtors will rest on their papers in support of both

15   motions.

16           THE COURT:  Okay.  And the motion seeks an

17   extension of the preliminary injunction through April 27,

18   correct?

19           MR. TOBAK:  Correct, for the next omnibus hearing.

20           THE COURT:  All right.  Okay.  Very well.

21           Let me deal with the motion to shorten first.

22   Does anyone have anything to say on the motion to shorten

23   time?

24           Okay.  I will grant that motion.  As you noted,

25   there was 13 days of this motion instead of 14.

Page 28

1              MR. TOBAK:   Correct.

2              THE COURT:   That was in light of the timing of the

3    Court's consideration and approval of the debtors' motion

4    for approval of the settlement term sheet with the nine

5    states, the Sacklers and the District of Columbia and, in

6    part, the debtors.  Given that we had today's omnibus

7    hearing scheduled and the lack of objection after 13 days

8    have passed, I'll grant the motion to shorten.

9              I'll also grant the request to extend the

10   preliminary injunction which is unopposed.  The legal

11   support for the rationale behind the debtors' request for a

12   preliminary injunction has been addressed repeatedly by this

13   Court as well as by the district court in In re Purdue

14   Pharma L.P., 619 BR 38 (S.D.N.Y. 2020).  Those legal

15   authorities and that rationale remain persuasive today.  The

16   debtors' cases are at a critical inflection point given the

17   pending appeal of the order of the district court reversing

18   the confirmation order and the agreement since that order of

19   the district court was entered and the appeals brought by

20   the debtors of the settlement term sheet negotiated in the

21   mediation conducted by Judge Chapman and facilitated by the

22   continuation of the injunction to permit the parties to

23   focus on that mediation.

24              So in light of those developments and the

25   expedited appeal directed by the Second Circuit, I believe

Page 29

1    weighing the four factors to be considered for this motion

2    as detailed in the prior decisions of this Court and the

3    district court on similar requests earlier in these cases,

4    each of those four factors argues for a continuation of the

5    injunction through the next omnibus date.  And in light of

6    that, you can e-mail the order to chambers which, as I

7    understand it, tracks the prior extensions of the

8    preliminary injunction except for updates to reflect today's

9    hearing and the new deadlines which would be April 27th as

10   well as the answer or response deadline of May 2nd and a

11   pretrial conference on June 15th.

12           MR. TOBAK:  Thank you, Your Honor.  We will do

13   that.

14           THE COURT:  Okay.  Very well.  So I think that

15   concludes this morning's hearing.  So I'll sign off at this

16   point.  Thank you all.

17           MR. TOBAK:  Thank you very much.

18    (Whereupon, these proceedings were concluded at 10:23 a.m.)

19

20

21

22

23

24

25

1                          I N D E X

2

3                        R U L I N G S

4

5   DESCRIPTION                                    PAGE      LINE

6   Motion of Devin Pratt to file late proof of    21        12

7     Claim granted under excusable neglect

8    Motion of Wayne Miller to file proof of       21        12

9     claim after claims bar date granted

10  Motion to authorize debtors' entry into        26        11

11    amended and restated agreement with HRT

12    granted

13  Motion to extend time of preliminary           28        10

14    injunction granted

15  Motion to shorten time with respect to         27        24

16    Debtors' motion to extend preliminary

17    injunction granted

18

19

20

21

22

23

24

25

Page 31

1               C E R T I F I C A T I O N

2

3    I, Lisa Beck, certify that the foregoing transcript is a

4                                      roceedings.

5

6    _____

7    Lisa Beck

8

9    Date:  March 24, 2022

10

11   Veritext Legal Solutions

12   330 Old Country Road

13   Suite 300

14   Mineola, NY 11501

15

16

17

18

19

20

21

22

23

24

25