UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| PURDUE PHARMA L.P., *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

ORDER EXPANDING THE SCOPE OF MEDIATION
BEFORE THE HONORABLE SHELLEY C. CHAPMAN

The Court having been informed that the Mediation Parties (as defined herein) have agreed to participate in a mediation as provided herein (the "**Mediation**") before the Honorable Shelley C. Chapman; and entry of an order (this "**Order**") covering the Mediation Parties' participation in the Mediation on the terms hereof being in the best interests of the Mediation Parties and other parties in interest; and the Court[2] having jurisdiction to consider and enter this Order pursuant to 28 U.S.C. §§ 157(a), (b) and 1334(b) and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and it appearing that no other or further notice or a hearing is required; and good and sufficient cause appearing,

**IT IS HEREBY ORDERED THAT**:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717), and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Capitalized terms used and not defined in this Order shall have the meanings ascribed to them in the *Motion of Debtors for Entry of an Order Authorizing and Approving Settlement Term Sheet* [ECF No. 4410].

1.     The Court authorizes the Honorable Shelley C. Chapman (the "**Mediator**") to conduct the Mediation as set forth herein.

2.     The Mediator is authorized to determine the procedures to govern the Mediation, in her sole discretion, so long as such procedures are consistent with the terms of this Order in all material respects.

3.     The Mediation Parties shall initially consist of the following: (i) the Debtors and (ii) to the extent each of the following parties timely chooses to attend the Mediation on a voluntary basis, Ellen Isaacs and Maria Ecke (the "**Individual Appellee Mediation Parties**") (each of the Debtors and the Individual Appellee Mediation Parties, a "**Mediation Party**" and, collectively, the "**Mediation Parties**").  In addition, if Ronald Bass agrees to be a Mediation Party and timely chooses to attend the Mediation on a voluntary basis on the terms of this Order, he would also be a Mediation Party.

4.     Additional parties in interest other than the Mediation Parties (the "**Additional Parties**") may participate voluntarily in the Mediation in response to a request from the Mediator.  All Additional Parties that agree to participate in the Mediation shall become "Mediation Parties" for purposes of this Order upon such agreement.

5.     The Mediator is authorized to mediate the Individual Appellee Mediation Parties' issues currently on appeal before the United States Court of Appeals for the Second Circuit.  The Mediator may also mediate any other issues that are agreed upon by all of the Mediation Parties.

6.     The Mediation shall terminate on April 15, 2022 at 11:59 p.m. (prevailing Eastern Time) (the "**Termination Date**"); *provided* that the Termination Date may be extended at the discretion of the Mediator.

7. For the avoidance of doubt, nothing herein compels the participation of any party in the Mediation or delegates decision-making authority on any potential resolution of the Mediation from a particular party to any other party or group; *provided*, *however*, that any settlement agreement(s) involving any Mediation Party reached through Mediation shall be subject to the provisions of paragraph 9.

8. Except as provided in paragraph 16, the Mediator[3] shall have no communication with the Court relating to the substance of the Mediation or the positions of the Mediation Parties during the Mediation. Further, the Mediator shall not disclose whether a verbal agreement was reached or a Mediation Party has refused to execute a definitive written settlement agreement. The Mediator shall have no obligation to make written comments or recommendations. Except as provided in paragraph 16, the Mediator shall not be compelled to testify or disclose any information concerning the Mediation in any forum or proceeding, nor shall any Mediation Party, or any other party in interest: (a) call or subpoena the Mediator as a witness or expert in any proceeding relating to the Mediation, the subject matter of the Mediation, or any thoughts or impressions that the Mediator may have about the Mediation Parties, any Additional Parties, or their respective positions, in the Mediation; (b) subpoena any notes, documents or other materials prepared by the Mediator in connection with the Mediation; or (c) offer any statements, views or opinions of the Mediator in connection with any proceeding, including, without limitation, any pleading or other submission to any court.

9. Subject to paragraph 7: (a) no Mediation Party shall be bound by anything said or done during the Mediation, unless such Mediation Party voluntarily agrees to be so bound by a

---

[3] For purposes of this paragraph "Mediator" includes any court staff assisting the Mediator in the Mediation.

written and signed stipulation submitted to the Mediator and the applicable Mediation Parties; and (b) the results of the Mediation are non-binding unless the applicable Mediation Parties that agree to be so bound otherwise agree; *provided*, *however*, that any settlement agreement(s) reached through Mediation, reduced to writing and signed shall be as binding against each signatory as those reached through litigation, subject, with respect to the Debtors, to the requirements of section 363(b) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 9019, and this Court will retain jurisdiction to enforce any such settlement agreement(s).

10.     All communications made by and all submissions prepared by a Mediation Party in connection with the Mediation, including but not limited to: (a) discussions among any of the Mediation Parties during the course of the Mediation, including discussions with or in the presence of the Mediator, (b) Mediation statements and any other documents or information provided to the Mediator or the Mediation Parties in the course of the Mediation, and (c) all correspondence, settlement proposals, counterproposals, term sheets, and offers of compromise produced for, as a result of, or in connection with the Mediation (collectively, the "**Settlement Proposals**") shall remain confidential and shall not be made available to the public; *provided*, *however*, that (i) the party making any such Settlement Proposal may agree to the disclosure of such Settlement Proposal pursuant to a confidentiality agreement or otherwise; and (ii) nothing in this Order limits the ability of any Mediation Party to (x) speak publicly (whether through court pleadings, court statements or otherwise) regarding issues in these chapter 11 cases, provided that doing so does not disclose confidential Mediation exchanges, data or discussions regarding Settlement Proposals or responses thereto, or (y) comment on the opioid crisis and those involved in it, these Debtors or these cases. The materials described in each of the

foregoing clauses (a) through (c): (i) shall be protected from disclosure (and shall not be disclosed) to any other Mediation Party or to any other person or party who is not a Mediation Party (including holders of claims for which the Mediation Party is acting in a representative, agent or trustee capacity to the extent such holders are not themselves Mediation Parties) except in accordance with this Order or an applicable confidentiality agreement; (ii) shall not constitute a waiver of any existing privileges and immunities; (iii) shall not be used for any purpose other than the Mediation; (iv) shall be subject to protection under Rule 408 of the Federal Rules of Evidence and any equivalent or comparable state law, any other applicable Federal Rule, and any applicable Local Rule or General Order of the United States Bankruptcy Court for the Southern District of New York or appellate court (together, "**Applicable Rules Governing Mediation**"); and (v) except for the sole purpose of enforcing in the Court a settlement agreement reached in this Mediation, shall not be admissible for any purpose in any judicial or administrative proceeding.  For the avoidance of doubt, if no such settlement agreement is reached, then the foregoing materials shall not be admissible anywhere.  The terms of this Order shall govern any issues with respect to any Mediation Party's disclosure of any Settlement Proposals.

        11.      The Mediation Parties and their respective counsel and advisors shall not in any way disclose to any non-party or to any court, including, without limitation, in any pleading or other submission to any court, any such discussion, Mediation statement, other document or information, correspondence, resolution, or Settlement Proposal (subject to paragraph 9) that may be made or provided in connection with the Mediation; *provided*, *however*, that nothing in this Order shall prevent a Mediation Party from sharing with the Mediator, and thereafter disclosing, to the extent not prohibited by a separate confidentiality agreement or Court order, any draft objections, any potential legal arguments such Mediation Party may raise in these

Cases, reports of its own experts, any document produced or obtained in discovery, any information that is, was, or becomes available to a Mediation Party outside of the Mediation, such Mediation Party's own work product or materials, or other pleadings filed or to be filed by such Mediation Party with a court of competent jurisdiction; *provided*, *further*, that nothing in this Order shall prevent any Mediation Party from disclosing their own position or prevent the Mediator from (i) sharing the position of a Mediation Party, with such Mediation Party's consent, with other parties or (ii) disclosing a Mediation Party's position (again with its consent) in interim or final mediation reports.

12. Notwithstanding anything in this Order to the contrary, nothing in this Order shall prevent a Mediation Party from disclosing information revealed during the Mediation to the extent such disclosure is required, or as may be required or requested by a governmental or regulatory entity with oversight or other authority over such Mediation Party, that is within the oversight or other authority of such governmental or regulatory entity, or required by statute or court order or other legal or regulatory requirements applicable to such Mediation Party; *provided*, *however*, that if such Mediation Party is requested or required to disclose any information to any third party or governmental or regulatory authority, such Mediation Party shall, to the extent not legally prohibited, provide the disclosing party with prompt written notice of such requirement prior to any disclosure and shall furnish only that portion of such information or take only such action as is legally required. For the avoidance of doubt, no governmental entity that becomes a Mediation Party shall use its governmental or regulatory authority to require disclosure of documents or communications created for or in the Mediation, or seek an order from a court or other tribunal requiring such disclosure, pursuant to the first sentence of this paragraph 12.

13. Any Mediation Party may provide documents and/or information to the Mediator that are subject to a privilege or other protection from discovery, including the attorney-client privilege, the work product doctrine, or any other privilege, right, or immunity the parties may be entitled to claim or invoke (the "**Privileged Information**").  By providing the Privileged Information to the Mediator or by consenting in writing to the Mediator providing such Privileged Information to another party, no Mediation Party nor its respective professionals intends to, nor shall, waive, in whole or in part, the attorney-client privilege, the work-product doctrine, or any other privilege, right or immunity that such party may be entitled to claim or invoke with respect to any Privileged Information or otherwise.  Any work product, materials, or information shared or produced by a Mediation Party with the Mediator, including Privileged Information, shall be subject to all applicable mediation privileges and Applicable Rules Governing Mediation and shall not be shared by the Mediator with any person, including any other Mediation Parties, without the consent of the sharing or producing Mediation Party.

14. Nothing in this Order is intended to, nor shall it, waive, release, compromise, or impair in any way whatsoever, any claims or defenses that a party has or may have, whether known or unknown, in connection with or relating to acts or omissions that took place prior to entry of this Order.

15. Nothing in this Order is intended to, nor shall it operate as, granting relief from the automatic stay in these Cases, or the Preliminary Injunction, as amended from time to time, entered by the Court in the adversary proceeding styled *Purdue Pharma L.P. et al. v. Commonwealth of Massachusetts et al.*, Adv. Proc. No. 19-08289 (Bankr. S.D.N.Y. Nov. 6, 2019) (RDD) [ECF No. 105].

16. As and when the Mediator believes appropriate, the Mediator shall file one or more notices with the Court setting forth the following: (a) that the Mediator has conducted the Mediation, (b) the names of the participants in the Mediation, (c) whether and to what extent the Mediation was successful and (d) whether the participants in the Mediation acted in good faith.

17. The Mediator, and any judicial clerk or other court staff assisting her, shall be immune from claims arising out of acts or omissions incident to their service as Mediator or assisting the Mediator in these Cases. In addition to maintaining the immunity that the Mediator has as a judge and the immunity of court employees under Federal and common law from liability for any act or omission in connection with the Mediation, the Mediator and such court employees may not be compelled to testify or disclose any information concerning the Mediation in any forum or proceeding except as provided in paragraph 16 of this Order.

18. The Debtors are authorized to take all actions necessary or appropriate to effectuate the relief granted in this Order.

19. For the avoidance of doubt, to the extent any part of this Order shall conflict with Local Rule 9019-1 or the General Order, the terms and provisions of this Order shall govern.

20. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

21. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

22. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: March 29, 2022         /s/Robert D. Drain
      White Plains, New York         United States Bankruptcy Judge