**Presentment Date and Time: April 15, 2022, at 10:00 a.m. (prevailing Eastern Time)**
**Objection Date and Time: April 12, 2022, at 4:00 p.m. (prevailing Eastern Time)**

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Eli J. Vonnegut
Christopher S. Robertson

*Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.,** *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | **(Jointly Administered)** |

### NOTICE OF PRESENTMENT OF APPLICATION OF DEBTORS FOR AUTHORITY TO RETAIN AND EMPLOY LATHAM & WATKINS LLP AS SPECIAL COUNSEL TO THE DEBTORS EFFECTIVE JANUARY 13, 2022

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

**PLEASE TAKE NOTICE** that on April 1, 2022, the above-captioned debtors and debtors in possession in these proceedings (collectively, the "**Debtors**") filed the annexed *Application of Debtors for Authority to Retain and Employ Latham & Watkins LLP as Special Counsel to the Debtors Effective as of January 13, 2022* (the "**Application**").

**PLEASE TAKE FURTHER NOTICE** that, unless a written objection to the Application is served and filed with proof of service with the Clerk of the Court, and a courtesy copy delivered to the undersigned and to chambers of the Honorable Robert D. Drain, so as to be received by **April 12, 2022 at 4:00 p.m. (prevailing Eastern Time)**, there will not be a hearing to consider such Application, and an order, substantially in the form attached to the Application as **Exhibit A** (the "**Proposed Order**"), will be presented for signature by the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, at the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601 (the "**Bankruptcy Court**"), on **April 15, 2022 at 10:00 a.m. (prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that, if a written objection is timely filed and served with respect to the Application, a hearing (the "**Hearing**") will be held to consider the Application before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court, 300 Quarropas Street, White Plains, New York 10601, on a date to be announced; *provided* that, pursuant to General Order M-543, dated March 20, 2020 (Morris, C.J.) ("**General Order M-543**"), such Hearing shall be conducted **via Zoom for Government**® so long as General Order M-543 is in effect or unless otherwise ordered by the Bankruptcy Court.[2]

---

[2] A copy of General Order M-543 can be obtained by visiting https://www.nysb.uscourts.gov/news/general-order-m-543-court-operations-under-exigent-circumstances-created-covid-19.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted upon default; *provided* that objecting parties shall attend the Hearing via Zoom for Government so long as General Order M-543 is in effect or unless otherwise ordered by the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE** that copies of the Application may be obtained free of charge by visiting the website of Prime Clerk LLC at https://restructuring.primeclerk.com/purduepharma.  You may also obtain copies of any pleadings by visiting the Bankruptcy Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

*[Remainder of Page Intentionally Left Blank]*

Dated:    April 1, 2022
          New York, New York

DAVIS POLK & WARDWELL LLP

By:   */s/ Eli J. Vonnegut*

450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile:  (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Eli J. Vonnegut
Christopher S. Robertson

*Counsel to the Debtors
and Debtors in Possession*

3

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut

*Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.**, *et al.*, | **Case No. 19-23649** |
| **Debtors.** [1] | **(Jointly Administered)** |

**APPLICATION OF DEBTORS FOR AUTHORITY TO RETAIN**
**AND EMPLOY LATHAM & WATKINS LLP AS SPECIAL COUNSEL**
**TO THE DEBTORS EFFECTIVE AS OF JANUARY 13, 2022**

Purdue Pharma L.P. ("**PPLP**") and its affiliates that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**," the "**Company**" or "**Purdue**") hereby represent in support of this application (this "**Application**"):

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P., Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

## Jurisdiction and Venue

1.       The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and

1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.).

This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Rule 7008 of the Federal

Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Debtors consent to entry of a final

order by the Court in connection with this Application to the extent that it is later determined that

the Court, absent consent of the parties, cannot enter a final order or judgment consistent with

Article III of the United States Constitution.   Venue is proper before the Court pursuant to 28

U.S.C. §§ 1408 and 1409.

## Background

2.       On September 15, 2019 (the "**Petition Date**"), the Debtors each commenced with

this Court a voluntary case under chapter 11 of title 11 of the United States Code

(the "**Bankruptcy Code**").   The Debtors are authorized to operate their businesses and manage

their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy

Code.   On September 27, 2019, the United States Trustee for the Southern District of New York

(the "**U.S. Trustee**") appointed the official committee of unsecured creditors in these chapter 11

cases (the "**Chapter 11 Cases**").   No trustee has been appointed.

3.       The Chapter 11 Cases are being jointly administered for procedural purposes only

pursuant to Rule 1015(b) of the Bankruptcy Rules [D.I. 59].

4.       Additional information about the Debtors' businesses and the events leading up to

the Petition Date can be found in the *Debtors' Informational Brief* [D.I. 17].

## Relief Requested

5.      By this Application, pursuant to section 327(e) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), the Debtors request authority to retain and employ Latham and Watkins LLP ("**L&W**") as special counsel to the Debtors for the matters described herein, effective as of January 13, 2022.

6.      A proposed form of order granting the relief requested in this Application is attached hereto as **Exhibit A** (the "**Proposed Order**").

7.      In support of the relief requested herein, the Debtors submit (i) the *Declaration of Gregory G. Garre in Support of Application of Debtors for Authority to Retain and Employ Latham & Watkins LLP as Special Counsel to the Debtors Effective as of January 13, 2022* (the "**Garre Declaration**"), attached hereto as **Exhibit B** and (ii) the *Declaration of Marc L. Kesselman in Support of Application of Debtors for Authority to Retain and Employ Latham & Watkins LLP as Special Counsel to the Debtors Effective as of January 13, 2022* (the "**Kesselman Declaration**"), attached hereto as **Exhibit C**.

## Scope of L&W's Services

8.      L&W has been retained to represent the Debtors in connection with an appeal (the "**Appeal**") from the *Decision and Order on Appeal* (the "**District Court Order**") of the United States District Court for the Southern District of New York (the "**District Court**") entered in *In re: Purdue Pharma L.P.*, SDNY No. 21 cv 7532 (CM) (the "**District Court Case**").

9.      On September 17, 2021, this Court entered the *Findings of Fact, Conclusions of Law, and Order Confirming Twelfth Amended Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and Its Affiliated Debtors* [D.I. 3787] (the "**Confirmation Order**"), which confirmed

the Debtors' plan of reorganization [D.I. 3726] (the "**Plan**").  Confirmation of the Plan was challenged on appeal and, on December 16, 2021, the District Court entered the District Court Order, which among other things, vacated the Confirmation Order.

10.     Shortly thereafter, the Debtors appealed the District Court Order.  On January 27, 2022, the United States Court of Appeals for the Second Circuit granted the Debtors leave to appeal the District Court Order and to expedite the appeals.  *See Purdue Pharma, L.P. v. State of Washington*, Case No. 22-110 [D.I. 103].

11.     Pursuant to the engagement letter executed on January 24, 2022 (the "**Engagement Letter**"), which is attached as **Exhibit 1** to the Garre Declaration, the Debtors have retained L&W to represent the Debtors in connection with the appeal of the District Court Order, including prosecuting the Appeal on behalf of the Debtors and advising the Debtors and their restructuring advisors in connection with the Appeal (collectively, the "**L&W Services**").

12.     The Debtors require the L&W Services to effectively pursue the Appeal.  As further discussed below and in the Garre Declaration, L&W's leading appellate litigation practice and experienced practitioners will enable the firm to effectively represent the Debtors in connection with the Appeal and to advise the Debtors and their restructuring advisors in connection with the Appeal.  L&W will not serve as the Debtors' general or special counsel on matters not set forth in this Application, and will not advise the Debtors or their estates with respect to their duties under the Bankruptcy Code.  As noted below, L&W will coordinate with the Debtors' other advisors to avoid duplication of services.

13.     Subject to approval of this Application, L&W has informed the Debtors that it is willing to serve as the Debtors' special counsel and to perform the L&W Services.

**L&W's Qualifications**

14.    The Debtors selected L&W to provide the L&W Services due to the firm's reputation and expertise in appellate litigation.  L&W's appellate litigation team has broad experience handling a wide variety of cases before federal courts of appeal and the Supreme Court of the United States, and the firm's appellate experience includes cases to which the federal government, state governments, corporations, and individuals have been parties, as well as numerous cases raising challenging questions of law.  L&W's appellate litigation practice has substantial experience advising clients in connection with and arguing cases before federal courts of appeal, including the United States Court of Appeals for the Second Circuit, and the Supreme Court of the United States.  The L&W attorneys in this practice frequently handle a broad array of complex litigation matters on constitutional, statutory, regulatory and other legal matters.

15.    Due to the briefing schedule for the Appeal, the Debtors, through L&W as proposed special appellate counsel, filed their opening brief in the Appeal on February 11, 2022.  If required to retain different counsel to provide the L&W Services, the Debtors will be forced to expend significant resources and expense to familiarize such counsel with (i) the novel and complex legal issues raised in the Appeal and (ii) the status of matters that L&W has handled or intends to handle for the Debtors.  Retaining different counsel at this stage in the Appeal would also burden the Debtors and impact their efforts to effectively pursue the Appeal, which would be to the detriment of the Debtors' estates.

16.    In light of the foregoing, L&W is well qualified to represent the Debtors as special counsel pursuant to section 327(e) of the Bankruptcy Code in connection with the L&W Services,

and L&W's retention is in the best interest of the Debtors' estates, creditors, and other parties in interest.[2]

## L&W's Disinterestedness

17.    To the best of the Debtors' knowledge, information, and belief, except as disclosed in the Garre Declaration, L&W has represented that it neither holds nor represents any interest that is materially adverse to the Debtors' estates in connection with any of the L&W Services. Accordingly, retention of L&W meets the requirements set forth in section 327(e) of the Bankruptcy Code.

18.    The Debtors have been informed that L&W will supplement the Garre Declaration if any facts or circumstances are discovered that require additional disclosure.

## L&W's Compensation

19.    The current hourly billing rates for L&W professionals expected to spend significant time on the engagement range from $470 to $1,720 depending upon the seniority and expertise of the professional involved.  As part of this engagement, L&W has agreed to a 10% discount on standard hourly rates.  In addition to the hourly billing rates set forth herein, L&W customarily charges its clients for all reimbursable expenses incurred, including photocopying charges, print jobs, travel and related expenses, transcripts, computer research, and similar items. The Debtors respectfully submit that L&W's rates and policies, as stated in the Garre Declaration, are reasonable and customary.

20.    The Debtors understand that L&W will apply to the Court for allowance of compensation and reimbursement of expenses for all professional services performed and expenses incurred after January 13, 2022 in accordance with Administrative Order M-447 (*Amended*

---

[2] L&W was previously engaged by PPLP to assist with certain regulatory matters unrelated to the Chapter 11 Cases, although these matters are not currently active.

*Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, dated January 29, 2013 (Morris, C.J.)), and the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (collectively, the "**Fee Guidelines**"), the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of the Court, including the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals* [D.I. 529].

21.     To the best of the Debtors' knowledge, no partner or associate of L&W, has received or been promised any compensation for legal services rendered or to be rendered in any capacity in connection with the Chapter 11 Cases, other than as permitted by the Bankruptcy Code. L&W has agreed not to share compensation received in connection with the Chapter 11 Cases with any other person, except as permitted by section 504(b) of the Bankruptcy Code and Bankruptcy Rule 2016(b) in respect of sharing of compensation among L&W's partners.

## No Duplication of Services

22.     The Debtors intend that the L&W Services will complement, and not duplicate, the services being rendered by any other professional retained in these Chapter 11 Cases. L&W understands that the Debtors have retained and may retain additional professionals during the term of their engagement and agrees to work cooperatively with such professionals to avoid any duplication of services.

## The Relief Requested Should Be Granted

23.     Section 327(e) of the Bankruptcy Code provides that a debtor, subject to Court approval:

> [M]ay employ, for a specified special purpose, other than to represent the [debtor in possession] in conducting the case, an

> attorney that has represented the debtor, if in the best interest of
> the estate, and if such attorney does not represent or hold any
> interest adverse to the debtor or to the estate ***with respect to the***
> ***matter on which such attorney is to be employed***.

11 U.S.C. § 327(e) (emphasis added).  Bankruptcy Rule 2014 requires that applications for

retention of professionals include, among other things:

> [S]pecific facts showing the necessity for the employment, the
> name of the [firm] to be employed, the reasons for the selection,
> the professional services to be rendered, any proposed
> arrangement for compensation, and, to the best of the applicant's
> knowledge, all of the [firm]'s connections with the debtor,
> creditors, any other party in interest, their respective attorneys and
> accountants, the United States trustee, or any person employed in
> the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).

24.     In light of the complexity of these Chapter 11 Cases and the novel issues raised by

the Appeal, the Debtors respectfully submit that retaining and employing L&W pursuant to the

terms of this Application is necessary and in the best interests of the Debtors' estates and all parties

in interest in these Chapter 11 Cases.  As set forth in the Garre Declaration, L&W has a leading

and highly experienced appellate practice that will pursue and advise the Debtors in connection

with the Appeal.  The L&W Services will not overlap, but rather will complement, the services to

be provided by the Debtors' general bankruptcy counsel, Davis Polk & Wardwell LLP.  L&W has

also represented to the Debtors that it neither holds nor represents any interest that is materially

adverse to the Debtors' estates in connection with any matter for which it will be employed.

### Retention Effective as of January 13, 2022 Is Warranted

25.     The Debtors believe that the employment of L&W effective as of January 13, 2022,

is warranted under the circumstances of the Chapter 11 Cases and the Appeal so that L&W may

be compensated for its services prior to entry of an order approving L&W's retention.  Further, the

Debtors believe that no party-in-interest will be prejudiced by the granting of L&W's employment

effective as of January 13, 2022 because L&W has provided, and will continue to provide, valuable services to the Debtors' estates in the interim period.

## Notice

26.     Notice of this Application will be provided to: (a) the entities on the Master Service List (as defined in the Case Management Order and available on the Debtors' case website at https://restructuring.primeclerk.com/purduepharma) and (b) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "**Notice Parties**").  Based on the urgency of the circumstances surrounding this Application and the nature of the relief requested herein, the Debtors respectfully submit that no further notice is required.

## No Previous Request

27.     No previous request for the relief sought herein has been made by the Debtors to this Court or any other court.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully request entry of the Proposed Order and such

other and further relief as is just.

Dated:    New York, New York
          April 1, 2022

                          **PURDUE PHARMA L.P.**
                          (for itself and its affiliates as Debtors
                          and Debtors in Possession)


                          */s/ Marc L. Kesselman*
                          Marc L. Kesselman
                          Executive Vice President, General
                          Counsel & Corporate Secretary
                          Purdue Pharma L.P.

**<u>Exhibit A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649** |
| **Debtors.** [1] | **(Jointly Administered)** |

### ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF LATHAM & WATKINS LLP AS SPECIAL COUNSEL FOR THE DEBTORS EFFECTIVE AS OF JANUARY 13, 2022

Upon the application, dated April 1, 2022 (D.I. [__]) (the "**Application**"),[2] of

Purdue Pharma L.P. and its debtor affiliates, as debtors and debtors in possession in the above-

captioned Chapter 11 Cases (collectively, the "**Debtors**"), pursuant to section 327(e) of title 11

of the United States Code (the "**Bankruptcy Code**"), Bankruptcy Rules 2014(a) and 2016 of the

Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-1

of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), for

entry of an order authorizing the Debtors to retain Latham & Watkins LLP ("**L&W**") as special

counsel to the Debtors with respect to the L&W Services, effective as of January 13, 2022, all as

more fully set forth in the Application; and upon the Garre Declaration and the Kesselman

Declaration; and this Court having jurisdiction to consider the Application and the relief requested

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P., Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Capitalized terms used but not defined in this Order shall have the meanings ascribed to them in the Application.

therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Application having been provided to the Notice Parties, and such notice having been adequate and appropriate under the circumstances; and the opportunity for a hearing thereon having been provided; and there being no opposition to such request; and no additional notice or a hearing being required; and the Court having considered the Garre Declaration and the Kesselman Declaration, each filed contemporaneously with the Application, and the Court having determined that the relief sought in the Application is in the best interests of the Debtors, their creditors, and all parties in interest, and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1.      The Application is approved as set forth herein.

2.      The Debtors are authorized to retain L&W as special counsel to the Debtors with respect to the L&W Services, effective as of January 13, 2022, and L&W is authorized to perform the L&W Services described in the Application.

3.      L&W shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the L&W Services in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Fee Guidelines, and any other applicable procedures and orders of the Court, including the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals* [D.I. 529].

4.      L&W shall be compensated in accordance with, and shall file interim and final fee applications for allowance of its compensation and expenses and shall be subject to, sections 330 and 331 of the Bankruptcy Code, as well as the Bankruptcy Rules, Local Rules, the Fee Guidelines, and any further orders of the Court.

5.      L&W shall provide ten (10) business days' notice to the Debtors, the U.S. Trustee and any statutory committee appointed in these Chapter 11 Cases before implementing any increases in the rates set forth in the Application for professionals providing the L&W Services, and such notice shall be filed with the Court.

6.      The relief granted herein shall be binding upon any chapter 11 trustee appointed in any of the chapter 11 cases or upon any chapter 7 trustee appointed in the event of a subsequent conversion of any of the chapter 11 cases to cases under chapter 7.

7.      Notice of the Application as provided therein is good and sufficient notice of such Application and the requirements of Bankruptcy Rule 6004(h) and the Local Rules are satisfied by such notice.

8.      Notwithstanding any provision in the Bankruptcy Rules to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

9.      The Debtors are authorized to take all reasonable actions necessary to effectuate the relief granted in this Order in accordance with the Application.

10.     In the event of any inconsistency between the Application, the Engagement Letter, and this Order, the terms of this Order shall govern.

11.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: White Plains, New York

_____, 2022


_____
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit B</u>**

**Garre Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | **Chapter 11** |
| **PURDUE PHARMA L.P.**, *et al.*, | **Case No. 19-23649** |
| **Debtors.** [1] | **(Jointly Administered)** |

## DECLARATION OF GREGORY G. GARRE IN SUPPORT OF APPLICATION OF DEBTORS FOR AUTHORITY TO RETAIN AND EMPLOY LATHAM & WATKINS LLP AS SPECIAL COUNSEL TO <u>THE DEBTORS EFFECTIVE AS OF JANUARY 13, 2022</u>

I, Gregory G. Garre, hereby declare that the following statements are true and correct to the best of my knowledge after due inquiry as described herein:

1.      I am a partner of the law firm of Latham & Watkins LLP ("**L&W**"), an international law firm with offices across the United States, Europe, and Asia.  I am the Global Chair of L&W's Supreme Court & Appellate Practice and will lead L&W's representation of the Debtors as special counsel in connection with the L&W Services (as defined below).  I am admitted, practicing, and a member in good standing of the bar of the District of Columbia.

2.      I submit this declaration (this "**Declaration**") in support of the application (the "**Application**")[2] of Purdue Pharma L.P. and certain of its affiliates, as debtors and debtors

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P., Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014).  The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Capitalized terms used but otherwise not defined herein shall have the meanings ascribed to such terms in the Application.

in possession in the above-captioned Chapter 11 Cases (collectively, the "**Debtors**"), for authority to retain L&W as the Debtors' special counsel, which is filed contemporaneously herewith.

3.      Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge, information supplied to me by other L&W professionals or paraprofessionals, or my review of relevant documents. To the extent any information disclosed herein requires amendment or modification as additional party-in-interest information becomes available to L&W, a supplemental declaration will be submitted to this Court reflecting such amended or modified information.

## Scope of Services to Be Provided

4.      L&W has been retained to represent the Debtors in connection with an appeal (the "**Appeal**") from the *Decision and Order on Appeal* (the "**District Court Order**") of the United States District Court for the Southern District of New York (the "**District Court**") entered in *In re: Purdue Pharma L.P.*, SDNY No. 21 cv 7532 (CM) (the "**District Court Case**").

5.      On September 17, 2021, this Court entered the *Findings of Fact, Conclusions of Law, and Order Confirming Twelfth Amended Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and Its Affiliated Debtors* [D.I. 3787] (the "**Confirmation Order**"), which confirmed the Debtors' plan of reorganization [D.I. 3726] (the "**Plan**"). Confirmation of the Plan was challenged on appeal and, on December 16, 2021, the District Court entered the District Court Order, which among other things, vacated the Confirmation Order.

6.      Shortly thereafter, the Debtors appealed the District Court Order. On January 27, 2022, the United States Court of Appeals for the Second Circuit granted the Debtors leave to appeal

the District Court Order and to expedite the appeals.  *See Purdue Pharma, L.P., v. State of Washington*, Case No. 22-110 [D.I. 103].

7.      The Debtors have retained L&W to represent the Debtors in connection with the appeal of the District Court Order, including prosecuting the Appeal on behalf of the Debtors and advising the Debtors and their restructuring advisors in connection with the Appeal  (collectively, the "**L&W Services**").

8.      The L&W Services will be provided to the Debtors in accordance with the engagement letter executed on January 24, 2022 (the "**Engagement Letter**"), a copy of which is attached hereto as **Exhibit 1**.

9.      L&W has worked diligently since its engagement to complete and file the Application in a form acceptable to the Debtors and the Court.  However, it took an extended period of time to complete the Application given the breadth of the Parties in Interest List (as defined below).

**L&W's Qualifications**

10.      I understand that the Debtors selected L&W to provide the L&W Services due to the firm's reputation and expertise in appellate litigation.  L&W's appellate litigation team has broad experience handling a wide variety of cases before federal courts of appeal and the Supreme Court of the United States, and the firm's appellate experience includes cases to which the federal government, state governments, corporations, and individuals have been parties, as well as numerous cases raising challenging questions of law.  L&W's appellate litigation practice has substantial experience advising clients in connection with and arguing cases before federal courts of appeal, including the United States Court of Appeals for the Second Circuit, and the Supreme

3

Court of the United States.  The L&W attorneys in this practice frequently handle a broad array of complex litigation matters on constitutional, statutory, regulatory and other legal matters.

11.     Accordingly, I believe that L&W is both well-qualified and uniquely positioned to represent the Debtors as special appellate counsel under Bankruptcy Code section 327(e).[3]

### L&W's Disclosure Procedures

12.     L&W maintains a master client database as part of its conflict clearance and billing records.  The master client database includes the names of the entities for which any attorney time charges have been billed since the database was first created (the "**Client Database**").  The Client Database includes the names of all current and former clients, the names of the parties who are or were related or adverse to such current and former clients, and the names of the L&W personnel who are or were responsible for current or former matters for such clients.  The Client Database also includes the name of former clients of L&W attorneys while such attorneys were at a prior firm.  L&W's policy is that no new matter may be accepted or opened within L&W without completing and submitting to those charged with maintaining the conflict clearance system the information necessary to check each such matter for conflicts, including the identity of the prospective client, the name of the matter, adverse parties, and, in some cases, parties related to the client or to an adverse party.  Accordingly, the database is updated for every new matter undertaken by L&W.  The accuracy of the system is a function of the completeness and accuracy of the information submitted by the attorney opening a new matter.

13.     In January 2022, the Debtors provided L&W with a list of persons and entities who potentially have an interest in the Chapter 11 Cases (the "**Parties in Interest List**" and such parties, "**Parties in Interest**"), which Parties in Interest are in the categories listed on **Appendix 1**

---

[3] L&W was previously engaged by PPLP to assist with certain regulatory matters unrelated to the Chapter 11 Cases, although these matters are not currently active.

hereto.[4]  L&W compared the names of each of the Parties in Interest to client matters in the Client Database for which professional time was recorded during the three years prior to January 25, 2022.  This inquiry revealed that L&W and certain of its partners, counsel, and associates have in the past represented, currently represent, and likely in the future will represent certain Parties in Interest.  Except as set forth herein, all such representations have been in matters unrelated to the Debtors and these Chapter 11 Cases.

14.     The inquiry described above also revealed that L&W currently represents parties that are adverse or potentially adverse to the Debtors in matters unrelated to the L&W Services. Such matters are further described in the following paragraphs.

15.     L&W represents Mallinckrodt Pharmaceuticals plc and certain of its affiliates (collectively, "**MNK**") in connection with their chapter 11 proceedings.  The confirmation order approving the plan of reorganization in the MNK chapter 11 proceedings was entered on March 2, 2022.  In addition, Mallinckrodt Enterprises LLC, Mallinckrodt LLC, SpecGx LLC, Mallinckrodt Brand Pharmaceuticals Inc., Mallinckrodt Inc., MNK 2011 Inc., and Mallinckrodt Enterprises Holdings, Inc. (collectively, the "**MNK Defendants**") as well as certain other MNK entities are co-defendants with certain of the Debtors in certain opioid-related litigation.  L&W advised the MNK Defendants in connection with such MNK Defendants filing proofs of claim in the Debtors' Chapter 11 Cases.  Out of an abundance of caution, and as noted in the Engagement Letter, L&W has implemented an "ethics wall" between the L&W personnel representing MNK and the L&W personnel representing the Debtors in connection with the L&W Services.

---

[4] The Parties in Interest List was provided by the Debtors to L&W for purposes of a conflicts check.  The information listed on **Appendix 1** may have changed without my knowledge and may change during the pendency of these Chapter 11 Cases.  As discussed below, L&W will update this Declaration, as described below, when it becomes aware of new material information.

16.     L&W also represents each of (i) Zogenix, Inc. and (ii) Endo Pharmaceuticals in connection with certain opioid-related litigation in which certain of the Debtors are co-defendants. Endo International plc, an affiliate of Endo Pharmaceuticals, has filed a proof of claim in these Chapter 11 Cases, on behalf of itself and certain of its affiliates, including Endo Pharmaceuticals. L&W has not advised Endo Pharmaceuticals in connection with the filing of such proof of claim or with respect to any other matter related to the Chapter 11 Cases.

17.     In addition to the foregoing, L&W also represents General Electric Company, PPG Industries, Covanta Essex and Sequa Corporation in connection with certain environmental regulatory and litigation matters in which Purdue Pharma Technologies, Inc. is also involved and a co-defendant.  General Electric Company filed a proof of claim in these Chapter 11 Cases that is unrelated to the foregoing environmental regulatory and litigation matters, and L&W did not advise General Electric Company in connection with this proof of claim or with respect to any other matter related to the Chapter 11 Cases.

18.     Finally, L&W represented Merrill Lynch Money Markets in connection with the review of an ISDA Agreement between Purdue and a third party.

19.     To the best of my knowledge, after due inquiry, none of the matters described in paragraphs 15 through 18 represent an interest adverse to the Debtors or the Debtors' estates with respect to the L&W Services.  Moreover, because these matters are unrelated to the L&W Services, L&W's retention under section 327(e) of the Bankruptcy Code is proper, notwithstanding these matters.

20.     Further, L&W has previously represented certain parties adverse or potentially adverse to the Debtors in matters unrelated to the L&W Services.  To the best of my knowledge, after due inquiry, such matters are no longer active or have concluded.  Such matters included

representation of the Sackler Family Trusts in connection with certain family estate planning matters, which representation concluded in 2017 and is unrelated to the L&W Services or the issues raised in the Appeal.[5]  To the best of my knowledge, after due inquiry, these matters do not represent an interest adverse to the Debtors or the Debtors' estates with respect to the L&W Services.

21.      As noted above, the aforementioned inquiry revealed that certain of the Parties in Interest are current, or were former, L&W clients.  Attached as **Appendix 2** to this Declaration is a list of Parties in Interest that are current or former clients of L&W or of L&W attorneys while those attorneys were at a prior firm.  Through the information generated from this inquiry, and through follow-up inquiries with L&W attorneys as necessary, it was determined that the representation of the Parties in Interest disclosed on **Appendix 2** attached hereto concerned matters in which such clients were not adverse to the Debtors or the Debtors' estates with respect to the L&W Services.  Further, of those entities listed on **Appendix 2** attached hereto, the only entities that accounted for one percent (1%) or more of L&W's total client billings for the twelve (12) months ending December 31, 2021 (on a consolidated basis) are the following:  Carlyle, Goldman Sachs, and JP Morgan Chase.  None of these entities, however, represented more than three percent (3%) of L&W's total client billings for such period.  Under section 327(e) of the Bankruptcy Code, L&W is not disqualified from acting as the Debtors' special counsel merely because it represents Parties in Interest in matters unrelated to the L&W Services.

22.      Moreover, L&W currently represents or formerly represented certain entities associated with Maria Barton and Phillip Strassburger, former officers of the Debtors.  All such representations are wholly unrelated to the Chapter 11 Cases.  Additionally, Ms. Barton is a former

---

[5] L&W has implemented an "ethics wall" between the L&W personnel that represented the Sackler Family Trusts and the L&W personnel representing the Debtors in connection with the L&W Services.

partner of L&W.  I do not believe that L&W's connections to Ms. Barton and Mr. Strassburger represent an interest adverse to the Debtors or the Debtors' estates with respect to the L&W Services.

23.     To the best of my knowledge, after due inquiry, the proposed engagement of L&W is not prohibited by or improper under Bankruptcy Rule 5002(a).

24.     Based on the review described above, and to the best of my knowledge and based upon the information available to me, L&W neither represents nor holds an interest adverse to the interests of the Debtors or their estates with respect to the matters on which L&W is to be employed.

25.     L&W will periodically review its files during the pendency of these Chapter 11 Cases to ensure that no conflicts or other disqualifying circumstances exist or arise.  If any new relevant facts or relationships are discovered or arise, L&W will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).  In that regard, L&W intends to disclose clients in the capacity that they first appear in a conflicts search.  For example, if a client has already been disclosed in this Declaration in one capacity, and the client appears in a subsequent conflicts search in a different capacity, then L&W does not intend to disclose the same client again in supplemental declarations, unless the circumstances are such in the latter capacity that additional disclosure is required.

### L&W's Rates and Billing Practices

26.     L&W's current hourly billing rates for L&W professionals expected to spend significant time on the engagement range from $470 to $1,720 depending upon the seniority and expertise of the professional involved.  As part of this engagement, L&W has agreed to a 10% discount on standard hourly rates.  In addition to the hourly billing rates set forth herein, L&W

customarily charges its clients for all reimbursable expenses incurred, including photocopying charges, print jobs, travel and related expenses, transcripts, computer research, and similar items.

27.    L&W's hourly rates are set at a level designed to compensate L&W fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses. Hourly rates vary with the experience and seniority of the individuals assigned. L&W's proposed hourly rates reflect that matters in which it is involved are typically national in scope and typically involve great complexity, high stakes, and significant time pressures. These hourly rates are subject to periodic adjustments to reflect economic and other conditions (which adjustments will be reflected in the first L&W fee application following such adjustments) and are consistent with the rates charged elsewhere.[6]

28.    Consistent with L&W's policy with respect to its other clients, L&W will continue to seek reimbursement for expenses and other charges incurred in the rendition of services. It is L&W's policy to charge its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client. It is also L&W's policy to charge its clients only the amount actually incurred by L&W in connection with such items.

29.    L&W will apply to the Court for allowance of compensation and reimbursement of expenses incurred after January 13, 2022 in accordance with Administrative Order M-447 (*Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, dated January 29, 2013 (Morris, C.J.)), and the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11*

---

[6] Like many of its peer law firms, L&W periodically increases the hourly billing rate of attorneys and paraprofessionals in the form of (a) step increases historically awarded in the ordinary course of business on the basis of advancing seniority and promotion and (b) periodic increases within each attorney's and paraprofessional's current level of seniority.

*U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (collectively, the "**Fee Guidelines**"), the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of the Court, including the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals* [D.I. 529].

30.     L&W will use its best efforts to avoid duplicating services rendered by the Debtors' other retained professionals.

31.     Neither L&W nor any partner or associate thereof, has received or been promised any compensation for legal services rendered or to be rendered in any capacity in connection with the Chapter 11 Cases, other than as permitted by the Bankruptcy Code.  L&W has agreed not to share compensation received in connection with the Chapter 11 Cases with any other person, except as permitted by section 504(b) of the Bankruptcy Code and Bankruptcy Rule 2016(b) in respect of sharing of compensation among L&W's partners.

32.     L&W received no payments from the Debtors during the ninety (90) day period prior to the Petition Date for services performed and expenses incurred.  As of the Petition Date, the Debtors did not owe L&W any amounts for legal services rendered before the Petition Date and L&W is not a creditor of the Debtors.

33.     L&W will provide notice to the Debtors, the Office of the United States Trustee and the official committee of unsecured creditors appointed in the Chapter 11 Cases of any change in L&W's hourly rates.  L&W will also file a notice of any such change in hourly rates with the Court.  In addition L&W will charge for expenses in a manner and at rates consistent with charges made generally to its other clients and in accordance with the Bankruptcy Rules, the Local Rules, and any applicable orders of this Court.

## Statement Regarding U.S. Trustee Guidelines

34.     The following information is provided in response to the request for additional

information set forth in Paragraph D.1 of the U.S. Trustee Guidelines:

1.          **Question:**     Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement?

Response:     L&W has agreed to a 10% discount on its standard hourly rates.

2.          **Question:**     Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case?

Response:     No.

3.          **Question:**     If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference.

Response:     L&W did not represent the Debtors in the 12 months prepetition, and its billing rates and material financial terms have not changed since the start of the engagement.

4.          **Question**:     Has your client approved your prospective budget and staffing plan, and, if so for what budget period?

Response:     If deemed necessary, the Debtors and L&W will develop a prospective budget and staffing plan for L&W's engagement to comply with the U.S. Trustee's requests for information and additional disclosures.  Consistent with the U.S. Trustee Guidelines, such budget may be amended as necessary to reflect changed or unanticipated developments.

[*Remainder of Page Intentionally Left Blank*]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge, and belief.

Executed on this 1st day of April, 2022.

/s/ Gregory G. Garre
Gregory G. Garre

**Exhibit 1**

**Engagement Letter**

555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Tel: +1.202.637.2200  Fax: +1.202.637.2201
www.lw.com

**LATHAM & WATKINS** LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Moscow |
| Boston | Munich |
| Brussels | New York |
| Century City | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Shanghai |
| Houston | Silicon Valley |
| London | Singapore |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

January 20, 2022

Marc L. Kesselman
EVP, General Counsel
 & Corporate Secretary
Purdue Pharma L.P.
201 Tresser Blvd.
Stamford, CT 06901

    Re:  Engagement Letter

Dear Marc:

    We are pleased to welcome Purdue Pharma L.P. ("Purdue Pharma") as a client of Latham & Watkins LLP.  This letter will confirm our discussions regarding your engagement of our firm.

## I.    LEGAL SERVICES.

    You have asked us to represent you in connection with an appeal from the District Court's decision vacating the Bankruptcy Court's Confirmation Order and related Advance Order in *In re: Purdue Pharma L.P.,* SDNY No. 21 cv 7532 (CM).  We understand that formalizing our retention and obtaining approval for Purdue Pharma to pay our fees will require completion of additional steps pursuant to an order entered by the bankruptcy court presiding over the chapter 11 cases.

    If additional services are requested by you and agreed to by us, this letter will apply to such services, unless superseded by another written agreement.  In each case, before we can agree to provide additional services, we will need to perform a conflicts check and otherwise confirm our ability to provide these services.  Our representation is limited to the specific services that you request and that we have agreed to undertake.

LATHAM&WATKINS LLP

## II.    IDENTITY OF THE CLIENT.

Our client in this matter will be solely Purdue Pharma and its affiliated entities that are debtors in the chapter 11 cases, all of which are direct or indirect subsidiaries of Purdue Pharma[1] (collectively, "Company" or "you"). We do not represent and will not be deemed to have an attorney-client relationship with any other of Purdue Pharma's current or future parents, subsidiaries, shareholders, members, partners, employees, directors, venturers or other affiliates (other than those that are debtors in the chapter 11 cases) or constituents solely on account of our representation of the Company in this matter or in any matters we agree in the future to accept. We are distinguishing between the entities and persons who are and are not our clients so that it is clearly understood to whom our various duties as attorneys are owed. We shall have those duties to the Company as defined herein, but not to other entities or persons even if they are affiliated entities or constituents of the Company. If we subsequently agree to represent any affiliated entities or constituents of the Company, we will need to perform a conflicts check and either execute separate engagement letters with them or confirm the details of the representation in writing. If, however, we take on work for such affiliated entities or constituents without such a separate engagement letter or confirmation, the terms in this engagement letter (including, but not limited to terms governing conflicts of interest and arbitration of disputes) will apply to that representation.

Because of the extraterritorial reach of Anti-Money Laundering laws in certain jurisdictions where Latham practices, it may become necessary for us to collect documentation verifying the identity of the Company if any timekeepers outside of the U.S. work on this matter or any additional matter we agree to undertake. We will seek to collect any required documentation from publicly-available sources; however, we may need to request documentation directly from you if the documentation is not publicly available

We provide information to clients and others about our experience in particular areas. In this context it is helpful to be able to identify particular clients and matters. Of course, we would not publicize your matters in a manner that could harm your interests. Moreover, even where a matter is publicly known, we would not publicize it if you would prefer that we not do so. If we think that you might prefer that we not use any particular matter of yours in this way, we will discuss it with you before proceeding. Absent such circumstances, however, you consent now to our using in our marketing materials your name and logo in describing publicly known and non-sensitive matters we have handled for you.

## III.    ROLES OF ATTORNEY AND CLIENT.

---

[1] The Debtors in these cases are as follows: Purdue Pharma L.P., Purdue Pharma Inc., Purdue Transdermal Technologies L.P., Purdue Pharma Manufacturing L.P., Purdue Pharmaceuticals L.P., Imbrium Therapeutics L.P., Adlon Therapeutics L.P., Greenfield BioVentures L.P., Seven Seas Hill Corp., Ophir Green Corp., Purdue Pharma of Puerto Rico, Avrio Health L.P., Purdue Pharmaceutical Products L.P., Purdue Neuroscience Company, Nayatt Cove Lifescience Inc., Button Land L.P., Rhodes Associates L.P., Paul Land Inc., Quidnick Land L.P., Rhodes Pharmaceuticals L.P., Rhodes Technologies, UDF L.P., SVC Pharma L.P. and SVC Pharma Inc.

LATHAM&WATKINS LLP

Our responsibilities under this agreement are to provide legal counsel and assistance to you in accordance with this letter, and to provide statements to you that clearly state the basis for our fees and charges. We will not disclose any confidential information of yours to any other client, even where that information might have some bearing on their interests. Likewise, we will not disclose the confidences of any other client to you, even where that information might have some bearing on your interests, and you agree that we are under no obligation to do so. You also agree to keep us informed of developments related to this representation and to pay our statements in a timely manner, subject to the terms of the retention order issued by the Bankruptcy Court. To allow us to conduct a conflicts check, you represent that you have identified to us all persons and entities that are currently involved in this matter, including all such persons or entities that are affiliated with you. You also agree to notify of any other persons or entities that are or may become involved in this matter on a quarterly basis.

During the course of this engagement, we may express opinions or beliefs to you about the effectiveness of various courses of action or about the results that might be anticipated. Such statements are expressions of opinion only, and should not be construed as promises or guarantees.

Please also be aware that Latham & Watkins LLP has internal ethics and professional responsibility counsel, who advise Latham attorneys regarding their ethical, professional and legal duties. From time to time, the attorneys working on your matter may consult these lawyers. You acknowledge that any such consultation is protected by Latham's own attorney-client privilege, and not subject to discovery. You also agree that such communications are property of the firm and are not part of the Client File as defined in Section 4 of this letter.

## IV.    CLIENT FILES AND RETENTION.

In the course of your representation, we shall maintain a file in which we may place correspondence, agreements, governmental filings, prospectuses, disclosures, pleadings, deposition transcripts, exhibits, physical evidence, expert reports, and other items reasonably necessary to your representation ("Client File"). The Client File shall be and remain your property. Upon completion of a specific project, your original Client File for that project shall be available to be taken by you. We will be entitled to make copies if we choose. You also agree at the conclusion of the project (whether or not you take possession of the Client File) to take possession of any and all original contracts, wills, stock certificates, and other such important documents that may be in the Client File and we shall have no further responsibility with regard to such documents. If you do not take possession of the Client File at the conclusion of the project, we will store such file for you for a period of seven years. If you do not take possession of the Client File during such seven-year storage period, you agree that we may dispose of it. In addition, in the event we are holding files of yours for a matter other than one in which we have represented or are representing you, you agree that we may dispose of such files seven years after we receive them, if you have not claimed them from us prior to that. You agree that our internal communications, preliminary drafts, notes, and mental impressions shall be and remain our property and shall not be considered part of your Client File. You agree that we may enact and implement reasonable retention policies for such materials and that we also have discretion to delete such materials.

LATHAM&WATKINS LLP

## V.    CONFLICTS OF INTEREST.

While we are representing you in this matter, we will have no other role in this matter for another party without your consent.  As with any other client and any other matter, you will have our complete loyalty with respect to this matter.

We note that Latham & Watkins LLP is an international law firm with numerous attorneys and offices in many countries and that we practice in many diverse areas of law.  It is possible that during the time we are representing you, some of our current or future clients may ask us to represent them in matters in which you are involved as another party.  Furthermore, some of our clients may now or in the future operate in the same lines of business as you do.  For example, as we discussed, we currently represent Mallinkrodt Pharmaceuticals ("MNK").  They have no objection to our representing the Company in this matter, but have asked that you agree that in Latham & Watkins LLP's continued representation of MNK the firm will be able to raise, as appropriate, factual and/or legal distinctions between the Company and MNK and the governing law in the Second and Third Circuits on the issues involved in the appeal.  As you know, I have not been involved in any matters that we have handled on behalf of MNK, and we will see that lawyers working on this engagement on behalf of the Company will be "walled off" from those matters going forward, as you have requested.

Both our own prudent business conduct, and the interests of our other clients, call for us to seek to retain the ability to accept matters for all of our clients.  We thus ask you in connection with this engagement to consent in advance to our acceptance of matters (including litigation matters) adverse to the Company (whether such matters are currently pending or arise in the future), provided the matters are not substantially related to any matters we are handling or have handled for you.  By entering into this agreement, you consent in advance to such adverse representations.  Thus, for example, you agree that we would be able to take on a new lawsuit or a transactional matter adverse to the Company for a current or future client at the same time  that we are representing the Company, provided the adverse matter is not substantially  related to any matters we are handling or have handled for you.  This consent also includes being adverse to you in any bankruptcy, regulatory, administrative, legislative or rulemaking proceeding. When taking on a matter adverse to the Company, we agree to establish an ethics wall in accordance with our standard firm procedures, separating those attorneys working for the Company from those working on the adverse matter.

In addition, by entering into this agreement you agree that if we represent you in a matter adverse to another person or entity, including but not limited to adversaries in the matter that is the subject of this engagement letter, we may in the future represent such other person or entity on matters not substantially related to our work for you, and we may continue any such representations in which we are currently engaged.

You should feel completely free to consult other counsel concerning these matters and we encourage you to do so.  By signing this letter, you acknowledge that you have had an opportunity to consult with other counsel.

## VI.    RATES, FEES AND CHARGES.

LATHAM&WATKINS LLP

Our fees are based primarily on the amount of time spent by our lawyers, paralegals and other professionals on your behalf. Each lawyer, paralegal and other professional assigned to this matter will have individual hourly billing rates, and the applicable rate multiplied by the number of hours spent, measured in tenths of an hour, will be the initial basis for determining our fee. In addition, we have agreed to a 10% discount on standard hourly rates.

In general, our attorneys' billing rates applicable to this engagement will range from $655 per hour to $2,385 per hour, depending upon the seniority and expertise of the attorney involved. For paralegal and other professional time, our rates will range from $140 to $1,340 per hour.

In addition to fees, you agree to pay for disbursements and other charges. These will include such items as photocopying and scanning documents (black and white $0.15 per page; color $0.75 per page); at-cost expense for large-volume print jobs over 100 pages when formatted in Word or Adobe Acrobat applications; long-distance and roaming mobile phone charges; use of fee-based research databases (90% of the third-party vendor rate or 1.25 times our volume-discounted cost depending on vendor); couriers and air freight (1.10 times our volume-discounted cost); messengers (at third-party vendor rate); client-specific work by staff; staff overtime and meals (as defined by federal or local law); transportation (where dictated by safety reasons, and which may include a transaction fee); word processing; postage, at cost; supplies (for large volume only); and other reasonable costs and expenses. For disbursements over $1,500, we may ask that billings be sent directly to you or that advances be provided.

In the event we are compelled to testify or respond to a subpoena or other legal process in relation to a matter we have handled for you, you agree that you are entitled to be reimbursed for our time in doing so at our then-current rate, and for our expenses reasonably incurred, even if our attorney-client relationship with you is terminated at that time.

When our personnel travel, we generally utilize business class for international flights. Through a third-party travel management company, in-house travel services are provided for our U.S. offices. A ticketing fee of $30 will be charged for fares up to $300, and $75 will be charged for fares over $300. There are no additional charges for changes to reservations or for reimbursement of unused tickets. Our personnel bill for travel time, but if they work on another matter while traveling for you, you will not be billed for that time.

We intend to provide statements to you on a monthly basis. They will show our time logged in tenth-of-an-hour increments and will separate fees from disbursements and other charges. Payment of our statements is due promptly upon receipt. Our rates are based on our receiving payment within thirty (30) days.

Our billing rates and charges are usually revised annually, but we reserve the right to revise them at other times. Following any such revision, our new rates and charges will be applied to your account, and this letter constitutes written notice to you of our right to make such revisions.

**LATHAM&WATKINS**LLP

Any funds that you deposit with us as an advance against our fees and charges will be treated as property of the firm. Any unused portion of such advance after our services are concluded will be returned to you.

From time to time, you may request estimates of the fees and charges that we anticipate incurring on your behalf. These estimates are subject to unforeseen circumstances and are by their nature inexact. While we may provide estimates for your general planning purposes, such estimates are subordinate to our regular billing procedures, absent an express written agreement to the contrary.

## VII.    DATA PROTECTION & COMMERCIAL COMMUNICATIONS BY EMAIL.

In order to provide legal services and maintain our business relationship, the firm may use personal information about you and other individuals at your organization. Details of how we use this information are set out in our Client and Third Party Privacy Notice which can be found on our website at www.lw.com/privacy.

To the extent that you share with us information about California residents that comprises "personal information" for purposes of the California Consumer Privacy Act and implementing regulations ("CCPA") in connection with our provision of services covered by this letter, and neither §§ 1798.140(t)(2)(A), (B), (D) nor §§ 1798.145(c)-(e) of the CCPA apply, we shall be a service provider and only collect, retain, use and disclose such information for the purpose of providing the services covered by this letter, or as otherwise permitted by the CCPA. To the extent this paragraph applies, you will provide notice to such California individuals that you may disclose such information to service providers such as Latham & Watkins LLP.

We have made a commitment through our Binding Corporate Rules to apply a consistent standard across the firm when collecting, using and managing personal information. If you have any questions about how we use your personal information or wish to exercise your rights, please contact the Global Data Protection Officer at DataPrivacy@lw.com.

We constantly attempt to improve our service, and monitor developments in the law and practice. Periodically we may send information about this, including brochures and press releases and invitations to seminars or talks, if we believe that they may be of interest to you. You agree that we may send information of this kind by email to you and others at your organization with whom we have contact. You can opt out at any time.

## VIII.    ARBITRATION OF DISPUTES.

Any controversy or claim, whether in tort, contract or otherwise, arising out of or relating to the relationship between Purdue Pharma, its affiliates or successors (the "Client Arbitration Parties") and Latham & Watkins LLP, its affiliated partnerships, attorneys or staff or any of their successors (the "Latham Arbitration Parties") or the services provided or the fees charged by the Latham Arbitration Parties pursuant to this engagement letter or otherwise to the Client Arbitration Parties shall be submitted to binding arbitration. By agreeing to arbitrate, you are agreeing to waive your right to a jury trial. The arbitration will be conducted in accordance with

LATHAM&WATKINS LLP

this document, the Federal Arbitration Act and CPR Rules for Non-Administered Arbitration, as in effect on the date of this engagement letter. The arbitration shall be conducted before a panel of three neutral arbitrators. The arbitration shall be commenced and held in the city and state in which the Latham & Watkins office is located whose attorneys spent the most amount of time on the matter in dispute. Any issue concerning the location of the arbitration, the extent to which any dispute is subject to arbitration, the applicability, interpretation, or enforceability of this agreement shall be resolved by all of the arbitrators. To the extent state law is applicable, the arbitrators shall apply the substantive law of the state in which the Latham & Watkins office is located whose attorneys spent the most amount of time on the matter in dispute. Each party will be entitled to depose a maximum of six witnesses, plus all experts designated to be witnesses at the arbitration. The depositions shall be limited to a maximum of six hours per deposition. All aspects of the arbitration shall be treated as confidential and neither the parties nor the arbitrators may disclose the content or results of the arbitration, except as necessary to comply with legal or regulatory requirements. The result of the arbitration shall be binding on the parties and judgment on the arbitrators' award may be entered in any court having jurisdiction.

Prior to signing this agreement, you may choose to contact the Attorney-Client Arbitration Board ("ACAB"), 1250 H Street, N.W., Sixth Floor, Washington, D.C. 20005. The ACAB staff can provide counseling with regard to this agreement, provide you with a copy of its rules, and address any questions you may have.

IX.     **LIMITED LIABILITY PARTNERSHIP.**

Latham & Watkins LLP is a limited liability partnership (LLP). Similar to the corporate form of business organization, the LLP form generally limits the liability of the individual partners of the firm to the capital they have invested in the firm for claims arising from services performed by the firm. Our form of organization as an LLP will not diminish the ability to recover damages from the firm or from any individuals who directly caused the loss.

Because of legal requirements in those countries, work done out of our firm's offices in England, France, Hong Kong, Japan, Singapore, and Italy will be carried out through affiliated partnerships registered locally, and work done in Saudi Arabia will be carried out through a cooperating law practice registered locally, but the distinction will be largely transparent to you as a client.

LATHAM&WATKINS LLP

## X.    <u>ENTIRE AGREEMENT AND MISCELLANEOUS.</u>

You and we understand that this letter constitutes the entire agreement pertaining to the engagement of Latham & Watkins LLP, and that it shall not be modified by any policies, procedures, guidelines or correspondence from you or your representative unless agreed to in writing by Latham & Watkins LLP.

All parties signing this letter represent and warrant that they are fully authorized to enter into this agreement, and in the case of signatories agreeing on behalf of organizations, to bind the organization or organizations to the terms in this letter.

Our relationship with you will be deemed concluded when we have completed our agreed-upon services, except that for the avoidance of doubt, your obligations for fees and charges shall survive. In addition, and without limiting the preceding sentence, in the event we have performed no work on your behalf for six consecutive months, you agree that our attorney-client relationship with you will have been terminated.

## XI.    <u>APPROVAL AND RETURN OF LETTER.</u>

If this letter meets with your approval, please sign and return a copy. We will begin our work promptly upon our receipt of that signed copy.

We look forward to working with you.

Very truly yours,



LATHAM&WATKINS LLP

## Approval of Engagement

Purdue Pharma agrees to the terms of the enclosed letter, effective as of the date on which Latham & Watkins LLP first provided services to the Company.

By signing this letter, Purdue Pharma acknowledges that Purdue Pharma has been afforded the full opportunity to review it and to seek the advice of independent counsel, and either has in fact consulted with such independent counsel or has chosen not to do so.

BY SIGNING THIS LETTER, PURDUE PHARMA AGREES TO HAVE ANY ISSUE ARISING OUT OF OR RELATING TO THE SERVICES OF THE LATHAM ARBITRATION PARTIES (INCLUDING ANY CLAIM FOR PROFESSIONAL LIABILITY) DECIDED IN ARBITRATION AND PURDUE PHARMA GIVES UP ITS RIGHT TO A JURY OR COURT TRIAL AND ACKNOWLEDGES THE ARBITRATION PROVISION IN SECTION 8 ABOVE.

Date: _January 24_____, 2022.

PURDUE PHARMA L.P.

a _____

By: _____

Name: _Marc L. Kesselman_____

Title: _EVP, General Counsel & Corp. Sec'y_

**Appendix 1**

**Categories of Parties in Interest**

- Debtor Entities
- Other Related Entities
- Current Directors and Officers
- Former Directors and Officers
- Banks
- Secured Creditors
- 50 Largest Unsecured Creditors
- Vendors
- Customers
- Government Authorities
- Utilities
- Insurers
- Surety Bonds
- Equity Interests
- Restructuring Professionals
- Creditor Committee Professionals
- Creditor Committee
- Ad Hoc Group of NAS Babies
- Hospital Plaintiffs Group
- Multi-State Group Entity (MSGE)
- Individual Victims Group
- UCC Members
- State of Arizona
- Public Schools
- Private Insurance Class
- Other Professionals
- State AG
- Other Consultants & Advisors
- Licensing Agreements
- Business Development
- Litigation
- Landlords
- Sublessees
- United States Bankruptcy Judges (Southern District of New York)
- United States Trustee's Office (Region 2, Southern District of New York, Manhattan and White Plains Divisions)
- Debtor Legal Counsel
- Director and Officer Legal Counsel
- Employee Indemnity Legal Counsel
- Plaintiffs' Attorneys
- Plaintiffs
- Taxing Authorities
- Major Co-Defendants
- Other

1

**Appendix 2**

**Client Match List**

US-DOCS\129497815#95497596v4

## Client Match List

| Matched Entity | Relationship to Debtors | Relationship to L&W[1] |
|---|---|---|
| FPC TRUST | Other Related Entities | Current Client |
| MILLENNIUM TRUST | Other Related Entities | Prior Client |
| MUNDIPHARMA AG | Other Related Entities | Prior Client |
| MUNDIPHARMA MEDICAL COMPANY | Other Related Entities | Prior Client |
| MUNDIPHARMA MEDICAL COMPANY LIMITED | Other Related Entities | Prior Client |
| MUNDIPHARMA MEDICAL GMBH | Other Related Entities | Prior Client |
| PURDUE FREDERICK INC. | Other Related Entities | Prior Client |
| PURDUE PHARMA | Other Related Entities | Current Client, Prior Client |
| REVLON PAKISTAN PRIVATE LIMITED | Other Related Entities | Prior Client |
| THE P.F. LABORATORIES, INC. | Other Related Entities | Prior Client |
| THE PURDUE FREDERICK COMPANY ("PF") | Other Related Entities | Prior Client |
| CITIBANK | Banks | Current Client, Prior Client |
| DREYFUS FUNDS | Banks | Current Client, Prior Client |
| EAST WEST BANK | Banks | Prior Client |
| GOLDMAN SACHS (ASSET MANAGEMENT) | Banks | Current Client, Prior Client |
| JP MORGAN CHASE | Banks | Current Client, Prior Client |
| METROPOLITAN COMMERCIAL BANK | Banks | Current Client |
| UBS GROUP AG | Banks | Current Client, Prior Client |
| WELLS FARGO & COMPANY | Banks | Current Client, Prior Client |
| AIR LIQUIDE INDUSTRIAL U.S. LP | Secured Creditors | Current Client |
| U.S. BANK EQUIPMENT FINANCE | Secured Creditors | Current Client, Prior Client |
| AMERISOURCEBERGEN | 50 Largest Unsecured Creditors | Current Client, Prior Client |
| CARDINAL HEALTH | 50 Largest Unsecured Creditors | Prior Client |
| CAREMARKPCS HEALTH, L.L.C. | 50 Largest Unsecured Creditors | Prior Client |
| COGNIZANT TECH SOLUTIONS US CORP | 50 Largest Unsecured Creditors | Current Client |

---

[1] The term "**Current Client**" refers to an entity listed as a client in L&W's Client Database for whom time has been recorded in the past three years and L&W has at least one open matter.  The term "**Former Client**" refers to an entity listed as a client in L&W's Client Database for whom time has been recorded in the past three years but all matters for such client have since been closed.  The term "**Prior Client**" refers to an entity listed as a client of an L&W attorney while such attorney was at a prior firm.

| Matched Entity | Relationship to Debtors | Relationship to L&W[1] |
|---|---|---|
| CVS CAREMARK PART D SERVICES, L.L.C. | 50 Largest Unsecured Creditors | Prior Client |
| FRONTAGE LABORATORIES INC | 50 Largest Unsecured Creditors | Former Client |
| INVENTIV HEALTH CONSULTING INC | 50 Largest Unsecured Creditors | Current Client, Prior Client |
| MCKESSON CORPORATION | 50 Largest Unsecured Creditors | Former Client, Prior Client |
| OPTUMRX, INC. | 50 Largest Unsecured Creditors | Current Client, Prior Client |
| PACKAGING COORDINATORS INC. | 50 Largest Unsecured Creditors | Prior Client |
| PHARMACEUTICAL RESEARCH ASSOC INC. | 50 Largest Unsecured Creditors | Current Client, Prior Client |
| PL DEVELOPMENT LLC | 50 Largest Unsecured Creditors | Current Client |
| PPD DEVELOPMENT LP | 50 Largest Unsecured Creditors | Current Client, Prior Client |
| SPECGX LLC | 50 Largest Unsecured Creditors | Current Client, Prior Client |
| THATCHER COMPANY | 50 Largest Unsecured Creditors | Current Client |
| TRIALCARD INC. | 50 Largest Unsecured Creditors | Current Client, Prior Client |
| AETNA HEALTH MANAGEMENT | Vendors | Prior Client |
| AGILENT TECHNOLOGIES INC. | Vendors | Current Client, Prior Client |
| AIR CASTLE LIMITED | Vendors | Prior Client |
| AJINOMOTO ALTHEA INC. | Vendors | Prior Client |
| ALCAMI CORPORATION | Vendors | Current Client |
| ALLIED UNIVERSAL SECURITY SERVICES | Vendors | Current Client, Prior Client |
| ALVOGEN MALTA OPERATIONS LTD | Vendors | Current Client, Prior Client |
| AMERICAN EXPRESS | Vendors | Current Client, Prior Client |
| AMERICAN UNITED LIFE INS CO | Vendors | Prior Client |
| ANAQUA INC. | Vendors | Current Client |
| ANI PHARMACEUTICALS CANADA INC. | Vendors | Current Client, Prior Client |
| ANKURA INTERMEDIATE HOLDINGS LP | Vendors | Prior Client |
| APC WORKFORCE SOLUTIONS LLC | Vendors | Current Client, Prior Client |
| ASSOCIATION FOR ACCESSIBLE MEDICINE | Vendors | Current Client |
| AVISTA PHARMA SOLUTIONS INC. | Vendors | Prior Client |
| BANK OF AMERICA N.A. | Vendors | Current Client, Prior Client |
| BDO USA LLP | Vendors | Current Client, Prior Client |
| BERLIN PACKAGING LLC | Vendors | Prior Client |

| Matched Entity | Relationship to Debtors | Relationship to L&W[1] |
|---|---|---|
| BIOSCIENCE LABORATORIES INC. | Vendors | Current Client |
| BLUE CROSS BLUE SHIELD | Vendors | Current Client, Prior Client |
| BLUE MATTER LLC | Vendors | Current Client |
| BRENNTAG NORTHEAST INC. | Vendors | Current Client, Prior Client |
| CAMBREX CHARLES CITY INC. | Vendors | Prior Client |
| CAPSUGEL | Vendors | Current Client, Prior Client |
| CAREMARKPCS HEALTH LP | Vendors | Prior Client |
| CBRE, INC. | Vendors | Current Client, Prior Client |
| CERIDIAN HCM INC. | Vendors | Current Client, Prior Client |
| CHANGE HEALTHCARE SOLUTIONS LLC | Vendors | Current Client, Prior Client |
| CHARLES RIVER LABORATORIES | Vendors | Prior Client |
| CHARLES SCHWAB | Vendors | Prior Client |
| CHICAGO TITLE CO LLC | Vendors | Former Client |
| CIGNA HEALTH AND LIFE INSURANCE CO | Vendors | Current Client, Prior Client |
| CLARIANT CORPORATION | Vendors | Current Client, Prior Client |
| CLARIANT PLASTICS & COATINGS | Vendors | Prior Client |
| CLARIVATE ANALYTICS US LLC | Vendors | Current Client, Prior Client |
| COGNIZANT TECH SOLUTIONS US CORP | Vendors | Current Client |
| COGNIZANT WORLDWIDE LIMITED | Vendors | Current Client |
| CSC CONSULTING INC. | Vendors | Current Client |
| DASSAULT SYSTEMES AMERICAS CORP | Vendors | Prior Client |
| DASSAULT SYSTEMES BIOVIA CORP | Vendors | Prior Client |
| DDB HEALTH NEW YORK LLC | Vendors | Current Client |
| DECISION RESOURCES INC. | Vendors | Current Client |
| DELL USA LP | Vendors | Current Client, Prior Client |
| DELOITTE & TOUCHE LLP | Vendors | Current Client, Prior Client |
| DEPOMED INC. | Vendors | Prior Client |
| DIRECT ENERGY BUSINESS | Vendors | Prior Client |
| DLA PIPER LLP US | Vendors | Current Client, Prior Client |
| DOW CHEMICAL COMPANY | Vendors | Current Client, Prior Client |
| DR DECISION RESOURCES INC. | Vendors | Prior Client |
| DRUGSCAN INC. | Vendors | Prior Client |

| Matched Entity | Relationship to Debtors | Relationship to L&W[1] |
|---|---|---|
| DUKE UNIVERSITY | Vendors | Prior Client |
| DUPONT NUTRITION USA INC. | Vendors | Former Client, Prior Client |
| EDWARDS INC. | Vendors | Current Client |
| EISAI INC. | Vendors | Prior Client |
| ELSEVIER | Vendors | Prior Client |
| EMC CORP | Vendors | Current Client, Prior Client |
| EPIC PHARMA LLC | Vendors | Prior Client |
| ERESEARCH TECHNOLOGY INC. | Vendors | Current Client, Prior Client |
| ERX NETWORK HOLDINGS INC. | Vendors | Prior Client |
| EVALUATEPHARMA LTD | Vendors | Prior Client |
| EVERFI INC. | Vendors | Current Client |
| EVONIK CORPORATION | Vendors | Prior Client |
| FIDELITY INSTITUTIONAL ASSET | Vendors | Current Client, Prior Client |
| FIRST HEALTH | Vendors | Current Client |
| FISHER SCIENTIFIC CO LLC | Vendors | Former Client, Prior Client |
| FRONTAGE LABORATORIES INC. | Vendors | Former Client |
| FTI CONSULTING SC INC. | Vendors | Current Client, Prior Client |
| GEFCO FORWARDING USA INC. | Vendors | Current Client, Prior Client |
| GOLDMAN SACHS ASSET MGMT LP | Vendors | Current Client, Prior Client |
| GRANT THORNTON LLP | Vendors | Current Client, Prior Client |
| GRUNENTHAL GMBH (EUR) | Vendors | Current Client |
| HB COMMUNICATIONS INC. | Vendors | Current Client |
| HCL AMERICA INC. | Vendors | Current Client |
| HCL TECHNOLOGIES CORP SVCS LTD | Vendors | Current Client |
| HCP CONCIERGE LLC | Vendors | Prior Client |
| HP ENTERPRISE SERVICES LLC | Vendors | Prior Client |
| ICONTRACTS INC. | Vendors | Prior Client |
| IHEART MEDIA ENTERTAINMENT INC. | Vendors | Current Client, Prior Client |
| ILC DOVER INC. | Vendors | Current Client |
| INC RESEARCH LLC | Vendors | Current Client, Prior Client |
| INC RESEARCH TORONTO INC. | Vendors | Current Client, Prior Client |
| INDEPENDENT HEALTH ASSOCIATION | Vendors | Current Client |

| Matched Entity | Relationship to Debtors | Relationship to L&W[1] |
|---|---|---|
| INTEGREON MANAGED SOLUTIONS INC. | Vendors | Current Client |
| INTL BUSINESS MACHINE CORP | Vendors | Current Client, Prior Client |
| INVENTIV COMMERCIAL SERVICES LLC | Vendors | Current Client, Prior Client |
| INVENTIV HEALTH CLINICAL LAB INC. | Vendors | Current Client, Prior Client |
| INVENTIV HEALTH CONSULTING INC. | Vendors | Current Client, Prior Client |
| IPSOS INSIGHT LLC | Vendors | Prior Client |
| IQVIA INC. | Vendors | Current Client, Prior Client |
| IQVIA RDS INC. | Vendors | Current Client, Prior Client |
| JOSEPH HAGE AARONSON LLC | Vendors | Current Client |
| KAISER FOUNDATION HEALTH PLAN | Vendors | Current Client, Prior Client |
| KAISER FOUNDATION HOSPITAL | Vendors | Current Client, Prior Client |
| KAPLAN HECKER & FINK LLP | Vendors | Current Client |
| KERRY INGREDIENTS & FLAVOURS | Vendors | Prior Client |
| KLICK USA INC. | Vendors | Prior Client |
| KPMG LLP | Vendors | Current Client, Prior Client |
| LEGAL & GENERAL INVESTMENT | Vendors | Current Client, Prior Client |
| LIBERTY MUTUAL INSURANCE GROUP | Vendors | Prior Client |
| LTS LOHMANN THERAPY SYSTEMS | Vendors | Prior Client |
| MC3 INC. | Vendors | Prior Client |
| MEDIASSOCIATES INC. | Vendors | Prior Client |
| MEDIDATA SOLUTIONS INC. | Vendors | Prior Client |
| MEDIMPACT HEALTHCARE SYSTEMS INC. | Vendors | Prior Client |
| MEDLINE INDUSTRIES INC. | Vendors | Current Client |
| MICHAEL J COLLINS | Vendors | Prior Client |
| MICROSOFT LICENSING GROUP | Vendors | Current Client, Prior Client |
| MOURANT OZANNES (JERSEY) LLP | Vendors | Current Client |
| MYLAN PHARMACEUTICALS INC. | Vendors | Current Client, Prior Client |
| NIELSEN CO LLC | Vendors | Prior Client |
| NORAMCO INC. | Vendors | Prior Client |

| Matched Entity | Relationship to Debtors | Relationship to L&W[1] |
|---|---|---|
| NOVUM PRS OF DELAWARE INC. | Vendors | Former Client |
| NOVUS INTELLIGENCE LLC | Vendors | Prior Client |
| NUTRITION AND BIOSCIENCES USA 1 LLC | Vendors | Prior Client |
| OLD REPUBLIC INSURANCE CO | Vendors | Current Client, Prior Client |
| OPEN TEXT INC. | Vendors | Prior Client |
| ORACLE AMERICA INC. | Vendors | Current Client |
| OTIS ELEVATOR COMPANY | Vendors | Prior Client |
| PATHEON MANUFACTURING SVCS LLC | Vendors | Prior Client |
| PATHEON PHARMACEUTICALS INC. | Vendors | Prior Client |
| PAUL HASTINGS LLP | Vendors | Prior Client |
| PEREGRINE MARKET ACCESS | Vendors | Former Client |
| PFAUDLER INC. | Vendors | Prior Client |
| PHARMACEUTICAL RESEARCH AND MANUFACTURERS OF AMERICA (PHRMA) | Vendors | Current Client, Prior Client |
| PL DEVELOPMENT LLC | Vendors | Current Client |
| PPD DEVELOPMENT LLC | Vendors | Current Client, Prior Client |
| PPD DEVELOPMENT LP | Vendors | Current Client, Prior Client |
| PRA INC. | Vendors | Current Client |
| PRAXIS PRECISION MEDICINES INC. | Vendors | Current Client |
| PREMISE HEALTH | Vendors | Current Client |
| PRICE WATERHOUSE COOPERS LLP | Vendors | Current Client, Prior Client |
| PRIME CLERK LLC | Vendors | Prior Client |
| PROED COMMUNICATIONS INC. | Vendors | Current Client |
| PROFESSIONAL DISPOSABLES INTL INC. | Vendors | Current Client, Prior Client |
| PROOFPOINT INC. | Vendors | Current Client |
| PROPHARMA PV INC. | Vendors | Current Client |
| PROQUEST LLC | Vendors | Prior Client |
| PROVIDENCE GENERAL FOUNDATION | Vendors | Current Client |
| PSL GROUP AMERICAN LIMITED | Vendors | Current Client |
| PURDUE PHARMA CANADA | Vendors | Prior Client |
| PURDUE PHARMA LP FLEX | Vendors | Prior Client |

| Matched Entity | Relationship to Debtors | Relationship to L&W[1] |
|---|---|---|
| PURDUE PHARMACEUTICALS LP | Vendors | Prior Client |
| RICOH USA INC. | Vendors | Current Client, Prior Client |
| RIPARIAN LLC | Vendors | Current Client |
| RUSSELL REYNOLDS ASSOC INC. | Vendors | Current Client |
| RXMOSAIC LLC | Vendors | Current Client |
| SAP AMERICA | Vendors | Current Client |
| SAS INSTITUTE INC. | Vendors | Prior Client |
| SERVICENOW INC. | Vendors | Current Client |
| SGS NORTH AMERICA INC. | Vendors | Prior Client |
| SHARP CORP | Vendors | Prior Client |
| SHIONOGI INC. | Vendors | Current Client, Prior Client |
| SIEMENS INDUSTRY INC. | Vendors | Current Client |
| SKILLSOFT CORPORATION | Vendors | Prior Client |
| SLAYBACK PHARMA LLC | Vendors | Current Client |
| SODEXO OPERATIONS LLC | Vendors | Prior Client |
| SPECGX LLC | Vendors | Current Client, Prior Client |
| SPENCER STUART | Vendors | Prior Client |
| STROZ FRIEDBERG INC. | Vendors | Current Client |
| SUN PHARMACEUTICALS INDUSTRIES | Vendors | Current Client, Prior Client |
| SYNEOS HEALTH CONSULTING INC. | Vendors | Current Client, Prior Client |
| SYNEOS HEALTH LLC | Vendors | Current Client, Prior Client |
| TEVA API INC. | Vendors | Current Client, Prior Client |
| TEVA CANADA LIMITED | Vendors | Current Client, Prior Client |
| TEVA PHARMACEUTICAL INDUSTRIES LTD | Vendors | Current Client, Prior Client |
| TEVA PHARMACEUTICALS USA INC. | Vendors | Current Client, Prior Client |
| THATCHER COMPANY | Vendors | Current Client |
| TRIALCARD INC. | Vendors | Current Client |
| TRIBUNE MEDIA COMPANY | Vendors | Current Client |
| TRICORBRAUN INC. | Vendors | Current Client, Prior Client |
| UBS AG STAMFORD | Vendors | Current Client, Prior Client |
| UNITED PARCEL SERVICE | Vendors | Former Client, Prior Client |
| UNITED SERVICES OF AMERICA INC. | Vendors | Prior Client |
| UNITED STATES TREASURY | Vendors | Prior Client |
| UPS SUPPLY CHAIN SOLUTIONS | Vendors | Former Client, Prior Client |

| Matched Entity | Relationship to Debtors | Relationship to L&W[1] |
|---|---|---|
| US CHAMBER LITIGATION CENTER | Vendors | Current Client |
| VEEVA SYSTEMS INC. | Vendors | Prior Client |
| VEOLIA ES TECHNICAL SOLUTIONS | Vendors | Current Client |
| VMWARE INC. | Vendors | Prior Client |
| WALGREEN CO | Vendors | Former Client, Prior Client |
| WALGREENS | Vendors | Former Client, Prior Client |
| WALGREENS BOOTS ALLIANCE | Vendors | Former Client, Prior Client |
| WALMART INC. | Vendors | Current Client, Prior Client |
| WALRUS LLC | Vendors | Current Client |
| WELLS FARGO BANK NA | Vendors | Current Client, Prior Client |
| WILLIS TOWERS WATSON US LLC | Vendors | Prior Client |
| WPP GROUP USA INC. | Vendors | Current Client, Prior Client |
| XTTRIUM LABORATORIES INC. | Vendors | Prior Client |
| YALE UNIVERSITY | Vendors | Current Client, Prior Client |
| ZEROCHAOS | Vendors | Current Client, Prior Client |
| ZS ASSOCIATES INC. | Vendors | Prior Client |
| ALBERTSONS COMPANIES | Customers | Current Client, Prior Client |
| AMAZON.COM | Customers | Current Client, Prior Client |
| AMERISOURCE HEALTH SERVS CORP | Customers | Current Client, Prior Client |
| AMERISOURCEBERGEN CORPORATION | Customers | Current Client, Prior Client |
| AMERISOURCEBERGEN DRUG CORP | Customers | Current Client, Prior Client |
| ANDA INC. | Customers | Prior Client |
| BRP | Customers | Prior Client |
| C&S METRO/C&S BRATTLEBORO | Customers | Prior Client |
| CARDINAL HEALTH DBA HARVARD DRUI | Customers | Prior Client |
| CARDINAL HEALTH INC. | Customers | Prior Client |
| CARDINAL HEALTH P.R. 120 INC. | Customers | Prior Client |
| CVS CAREMARK | Customers | Current Client, Prior Client |
| CVS DISTRIBUTION | Customers | Current Client, Prior Client |
| DISCOUNT DRUG MART | Customers | Prior Client |
| EXPRESS SCRIPTS | Customers | Current Client, Prior Client |
| FISHER SCIENTIFIC | Customers | Former Client |
| H E BUTT GROCERY | Customers | Prior Client |

| Matched Entity | Relationship to Debtors | Relationship to L&W[1] |
|---|---|---|
| HBC SERVICE | Customers | Prior Client |
| HD SMITH LLC | Customers | Prior Client |
| HE BUTT GROCERY COMPANY | Customers | Prior Client |
| HENRY SCHEIN ANIMAL HEALTH | Customers | Prior Client |
| HONEYWELL SAFETY PRODUCTS | Customers | Current Client, Prior Client |
| KEYSOURCE MEDICAL | Customers | Prior Client |
| L&R DISTRIBUTORS INC. | Customers | Current Client |
| MCKESSON CORP | Customers | Former Client, Prior Client |
| MCKESSON FINANCIAL DOCUMENT | Customers | Former Client, Prior Client |
| MORRIS DICKSON COMPANY LTD | Customers | Prior Client |
| OPTUMRX | Customers | Current Client, Prior Client |
| OWENS & MINOR | Customers | Prior Client |
| PARK SURGICAL CO INC. | Customers | Current Client |
| PRESCRIPTION SUPPLY INC. | Customers | Prior Client |
| QUEST PHARMACEUTICALS INC. | Customers | Prior Client |
| RALPHS GROCERY | Customers | Prior Client |
| SAVE MART MODESTO YOSEMITE WHS | Customers | Prior Client |
| STATER BROTHERS MARKET | Customers | Prior Client |
| SUPERVALU | Customers | Prior Client |
| SUPERVALU PHARMCIES INC. | Customers | Prior Client |
| TARGET CORP | Customers | Current Client, Prior Client |
| WALMART STORES INC. | Customers | Current Client, Prior Client |
| AT&T | Utilities | Current Client, Prior Client |
| CENTURYLINK | Utilities | Current Client |
| CLEAN HARBORS INC. | Utilities | Current Client |
| COMCAST | Utilities | Current Client, Prior Client |
| CON EDISON | Utilities | Current Client |
| COX BUSINESS | Utilities | Current Client, Prior Client |
| DIRECT ENERGY BUSINESS | Utilities | Prior Client |
| DIRECT ENERGY SERVICES LLC | Utilities | Prior Client |
| DOMINION ENERGY | Utilities | Current Client |
| DS SERVICES OF AMERICA, INC. | Utilities | Prior Client |
| DUKE ENERGY | Utilities | Current Client |
| EARTHLINK | Utilities | Prior Client |

| Matched Entity | Relationship to Debtors | Relationship to L&W[1] |
|---|---|---|
| EVERSOURCE ENERGY | Utilities | Current Client |
| EVERSOURCE ENERGY / CL&P | Utilities | Current Client |
| EVERSOURCE ENERGY / YANKEE GAS | Utilities | Current Client |
| FRONTIER COMMUNICATIONS | Utilities | Current Client, Prior Client |
| MASERGY COMMUNICATIONS | Utilities | Current Client |
| NATIONAL GRID | Utilities | Current Client, Prior Client |
| OPTIMUM - CABLEVISION | Utilities | Current Client, Prior Client |
| PSE&G | Utilities | Current Client, Prior Client |
| SPRINT | Utilities | Current Client, Prior Client |
| STERICYCLE INC. | Utilities | Current Client |
| TIME WARNER CABLE | Utilities | Current Client, Prior Client |
| TIME WARNER CABLE ENTERPRISES LLC | Utilities | Current Client, Prior Client |
| VEOLIA ES TECHNICAL SOLUTIONS | Utilities | Current Client, Prior Client |
| VERIZON | Utilities | Current Client, Prior Client |
| VERIZON WASHINGTON DC INC. | Utilities | Current Client, Prior Client |
| ZOOM VIDEO COMMUNICATIONS | Utilities | Current Client |
| ACE AMERICAN INSURANCE CO. | Insurers | Prior Client |
| ACE PROPERTY AND CASUALTY INSURANCE COMPANY | Insurers | Prior Client |
| CHUBB | Insurers | Prior Client |
| ENDURANCE ASSURANCE CORP | Insurers | Current Client, Prior Client |
| LIBERTY INSURANCE CORP | Insurers | Prior Client |
| LIBERTY MUTUAL FIRE INSURANCE COMPANY | Insurers | Prior Client |
| LIBERTY SURPLUS INSURANCE CORPORATION (NON-ADMITTED) | Insurers | Prior Client |
| NATIONAL UNION FIRE INSURANCE CO. OF PITTSBURGH, PA (AIG) | Insurers | Former Client |
| OLD REPUBLIC INSURANCE COMPANY | Insurers | Current Client |
| THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA | Insurers | Prior Client |

| Matched Entity | Relationship to Debtors | Relationship to L&W[1] |
|---|---|---|
| ZURICH AMERICAN INSURANCE COMPANY | Insurers | Prior Client |
| LESLIE J. SCHREYER | Equity Interests | Former Client |
| ALIXPARTNERS LLP | Restructuring Professionals | Prior Client |
| DAVIS POLK AND WARDWELL LLP | Restructuring Professionals | Prior Client |
| PJT PARTNERS LP | Restructuring Professionals | Current Client, Prior Client |
| TENEO STRATEGY LLC | Restructuring Professionals | Current Client |
| COMPASS LEXECON | Creditor Committee Professionals | Current Client |
| FTI CONSULTING, INC. | Creditor Committee Professionals | Current Client, Prior Client |
| HOULIHAN LOKEY | Creditor Committee Professionals | Current Client, Prior Client |
| JEFFERIES GROUP LLC | Creditor Committee Professionals | Current Client, Prior Client |
| KRAMER LEVIN NAFTALIS & FRANKEL LLP | Creditor Committee Professionals | Prior Client |
| COUNSEL'S OFFICE (KING COUNTY, WA) | Creditor Committee | Current Client |
| BLUE CROSS AND BLUE SHIELD ASSOCIATION | UCC Members | Current Client, Prior Client |
| CVS CAREMARK PART D SERVICES, L.L.C. AND CAREMARK PCS HEALTH, L.L.C. | UCC Members | Current Client, Prior Client |
| WEST BOCA MEDICAL CENTER | UCC Members | Current Client |
| BLUE CROSS BLUE SHIELD ASSOCIATION | Private Insurance Class | Current Client, Prior Client |
| BLUE CROSS BLUE SHIELD OF LOUISIANA | Private Insurance Class | Current Client, Prior Client |
| INDEPENDENT HEALTH | Private Insurance Class | Current Client |
| ROBINS KAPLAN | Private Insurance Class | Former Client |
| UNITED HEALTHCARE SERVICES INC. | Private Insurance Class | Current Client |
| ERNST & YOUNG (CANADA), COURT APPOINTED INFORMATION OFFICER | Other Professionals | Current Client, Prior Client |
| FLORIDA AG'S OFFICE | State AG | Current Client |
| ILLINOIS AG'S OFFICE | State AG | Current Client |
| DELOITTE CONSULTING LLP | Other Consultants & Advisors | Current Client, Prior Client |
| ERNST & YOUNG | Other Consultants & Advisors | Current Client, Prior Client |
| IBM CORPORATION | Other Consultants & Advisors | Current Client, Prior Client |
| MCKINSEY & CO INC. | Other Consultants & Advisors | Current Client |
| ABBOTT LABORATORIES | Licensing Agreements | Current Client, Prior Client |
| GL PHARMA | Business Development | Former Client |
| MARINUS PHARMACEUTICALS | Business Development | Current Client |

| Matched Entity | Relationship to Debtors | Relationship to L&W[1] |
|---|---|---|
| NORTHLAKE | Business Development | Current Client |
| OCULAR | Business Development | Prior Client |
| PRAXIS | Business Development | Current Client |
| SHIONOGI | Business Development | Current Client |
| SHIONOGI SYMPROIC | Business Development | Current Client |
| TETRAGENETICS | Business Development | Current Client |
| OCCIDENTAL CHEMICAL CORPORATION | Litigation | Current Client, Prior Client |
| CLARIANT PLASTICS & COATINGS | Landlords | Current Client, Prior Client |
| UBS FINANCIAL SERVICES INC. | Landlords | Current Client, Prior Client |
| AIRCASTLE ADVISOR LLC | Sublessees | Prior Client |
| BROOKSIDE EQUITY PARTNERS | Sublessees | Prior Client |
| CHARTER COMMUNICATIONS HOLDING COMPANY, LLC | Sublessees | Current Client, Prior Client |
| PHARMACEUTICAL RESEARCH ASSOCIATES, INC. | Sublessees | Current Client, Prior Client |
| ANAQUA SERVICES INC. | Debtor Legal Counsel | Current Client |
| CIPRIANI & WERNER PC | Debtor Legal Counsel | Current Client |
| BLANK ROME LLP | Debtor Legal Counsel | Current Client |
| COGENCY GLOBAL | Debtor Legal Counsel | Former Client |
| DLA PIPER LLP | Debtor Legal Counsel | Current Client, Prior Client |
| JONES DAY | Debtor Legal Counsel | Prior Client |
| MARKS & CLERK LLP | Debtor Legal Counsel | Current Client |
| MORRISON & FOERSTER LLP | Debtor Legal Counsel | Prior Client |
| NORTON ROSE FULBRIGHT US LLP | Debtor Legal Counsel | Prior Client |
| STEPTOE & JOHNSON | Debtor Legal Counsel | Prior Client |
| WILMER CUTLER PICKERING HALE AND DORR, LLP | Debtor Legal Counsel | Prior Client |
| MCDERMOTT WILL & EMERY | Director and Officer Legal Counsel | Current Client |
| NORTON ROSE | Director and Officer Legal Counsel | Prior Client |
| PAUL WEISS | Director and Officer Legal Counsel | Prior Client |
| SIMPSON THACHER BARLETT LLP | Director and Officer Legal Counsel | Prior Client |
| STEPTOE & JOHNSON | Director and Officer Legal Counsel | Prior Client |
| BLANK ROME LLP | Employee Indemnity Legal Counsel | Current Client |
| DLA PIPER LLP | Employee Indemnity Legal Counsel | Current Client,  Prior Client |
| FOLEY & LARDNER | Plaintiffs' Attorneys | Prior Client |
| GRAY & WHITE | Plaintiffs' Attorneys | Current Client |

| Matched Entity | Relationship to Debtors | Relationship to L&W[1] |
|---|---|---|
| JOHNSON & JOHNSON, PLLC | Plaintiffs' Attorneys | Prior Client |
| MELISSA J. WILLIAMS | Plaintiffs' Attorneys | Prior Client |
| ROBINS KAPLAN | Plaintiffs' Attorneys | Former Client |
| SHER GARNER CAHILL RICHTER KLEIN & HILBERT, LLC | Plaintiffs' Attorneys | Prior Client |
| SIMMONS & SIMMONS | Plaintiffs' Attorneys | Prior Client |
| STUART SMITH | Plaintiffs' Attorneys | Prior Client |
| THE CHARLESTON GROUP | Plaintiffs' Attorneys | Prior Client |
| THE CHEROKEE NATION | Plaintiffs' Attorneys | Current Client |
| THE LAW OFFICES OF TOM HALL | Plaintiffs' Attorneys | Current Client |
| THORNTON LAW FIRM | Plaintiffs' Attorneys | Prior Client |
| AFSCME DISTRICT COUNCIL 33 HEALTH & WELFARE FUND | Plaintiffs | Former Client |
| BAPTIST HEALTHCARE SYSTEM, INC. | Plaintiffs | Current Client |
| BAY COUNTY | Plaintiffs | Current Client |
| BON SECOURS HEALTH SYSTEM, INC. | Plaintiffs | Current Client |
| BOONE COUNTY, ILLINOIS | Plaintiffs | Prior Client |
| CANYON COUNTY | Plaintiffs | Prior Client |
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS HEALTH & WELFARE FUND | Plaintiffs | Current Client, Prior Client |
| CITY OF BOSTON | Plaintiffs | Former Client |
| CITY OF BURLINGTON | Plaintiffs | Prior Client |
| CITY OF CHICAGO | Plaintiffs | Current Client, Prior Client |
| CITY OF DETROIT | Plaintiffs | Prior Client |
| CITY OF ITHACA | Plaintiffs | Prior Client |
| CITY OF LOS ANGELES, CALIFORNIA | Plaintiffs | Current Client, Prior Client |
| CITY OF LYNN | Plaintiffs | Prior Client |
| CITY OF MINNEAPOLIS, MINNESOTA | Plaintiffs | Prior Client |
| CITY OF NEW ORLEANS | Plaintiffs | Prior Client |
| CITY OF NEW YORK | Plaintiffs | Prior Client |
| CITY OF PHILADELPHIA | Plaintiffs | Current Client |
| CITY OF RICHMOND | Plaintiffs | Prior Client |
| CITY OF SEATTLE | Plaintiffs | Prior Client |
| CITY OF SPRINGFIELD, MISSOURI | Plaintiffs | Prior Client |
| CITY OF ST. LOUIS | Plaintiffs | Prior Client |

| Matched Entity | Relationship to Debtors | Relationship to L&W[1] |
|---|---|---|
| CITY OF VERONA, MISSISSIPPI | Plaintiffs | Prior Client |
| COLE COUNTY, MISSOURI | Plaintiffs | Prior Client |
| COMMONWEALTH OF MASSACHUSETTS | Plaintiffs | Current Client |
| COMMONWEALTH OF VIRGINIA | Plaintiffs | Prior Client |
| COOK COUNTY, ILLINOIS | Plaintiffs | Current Client |
| COUNTY OF CONTRA COSTA | Plaintiffs | Prior Client |
| COUNTY OF DOUGLAS, STATE OF NEBRASKA | Plaintiffs | Prior Client |
| COUNTY OF MARIN | Plaintiffs | Current Client |
| COUNTY OF MARION | Plaintiffs | Current Client |
| COUNTY OF MONROE | Plaintiffs | Prior Client |
| COUNTY OF MONTEREY | Plaintiffs | Current Client |
| COUNTY OF NASSAU | Plaintiffs | Prior Client |
| COUNTY OF ONTARIO | Plaintiffs | Prior Client |
| COUNTY OF SAN BERNARDINO | Plaintiffs | Former Client |
| COUNTY OF SAN DIEGO | Plaintiffs | Prior Client |
| COUNTY OF SAN FRANCISCO | Plaintiffs | Prior Client |
| COUNTY OF SANTA CRUZ, CALIFORNIA | Plaintiffs | Prior Client |
| COUNTY OF ST. LAWRENCE | Plaintiffs | Prior Client |
| COUNTY OF WEBB | Plaintiffs | Current Client |
| COUNTY OF WESTCHESTER | Plaintiffs | Prior Client |
| DOUGLAS COUNTY, MN | Plaintiffs | Prior Client |
| HARRIS COUNTY | Plaintiffs | Current Client |
| HIGHLANDS REGIONAL MEDICAL CENTER | Plaintiffs | Current Client |
| JOHN DOE | Plaintiffs | Prior Client |
| KING COUNTY | Plaintiffs | Current Client |
| LAFAYETTE GENERAL HEALTH SYSTEM, INC. | Plaintiffs | Current Client, Prior Client |
| LIVINGSTON COUNTY, MISSOURI | Plaintiffs | Prior Client |
| MAYOR & CITY COUNCIL OF BALTIMORE | Plaintiffs | Prior Client |
| METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, TENNESSEE | Plaintiffs | Current Client |
| MICCOSUKEE TRIBE OF INDIANS OF FLORIDA | Plaintiffs | Prior Client |

| Matched Entity | Relationship to Debtors | Relationship to L&W[1] |
|---|---|---|
| MONROE COUNTY, GEORGIA | Plaintiffs | Prior Client |
| MONROE COUNTY, MISSISSIPPI | Plaintiffs | Prior Client |
| MSP RECOVERY CLAIMS, SERVICES LLC | Plaintiffs | Current Client |
| ONEIDA NATION | Plaintiffs | Current Client |
| ORANGE COUNTY, CA | Plaintiffs | Prior Client |
| PEOPLE OF CALIFORNIA | Plaintiffs | Prior Client |
| RISK MANAGEMENT, INC. | Plaintiffs | Current Client |
| SHAWANO COUNTY | Plaintiffs | Prior Client |
| ST. VINCENT CHARITY MEDICAL CENTER | Plaintiffs | Current Client, Prior Client |
| STATE OF ALASKA | Plaintiffs | Current Client, Prior Client |
| STATE OF ARKANSAS | Plaintiffs | Prior Client |
| STATE OF CALIFORNIA | Plaintiffs | Former Client, Prior Client |
| STATE OF CONNECTICUT | Plaintiffs | Prior Client |
| STATE OF DELAWARE, EX REL. MATTHEW P. DENN | Plaintiffs | Prior Client |
| STATE OF FLORIDA | Plaintiffs | Current Client |
| STATE OF ILLINOIS | Plaintiffs | Prior Client |
| STATE OF NEW YORK | Plaintiffs | Current Client, Prior Client |
| STATE OF OREGON | Plaintiffs | Prior Client |
| STATE OF RHODE ISLAND | Plaintiffs | Prior Client |
| STATE OF TEXAS | Plaintiffs | Prior Client |
| STATE OF UTAH | Plaintiffs | Prior Client |
| STATE OF WASHINGTON | Plaintiffs | Prior Client |
| TALLAHATCHIE COUNTY, MISS. | Plaintiffs | Current Client |
| TEXAS COUNTY | Plaintiffs | Prior Client |
| THE CHEROKEE NATION | Plaintiffs | Current Client |
| THE COMMONWEALTH OF PA BY JAMES MARTIN | Plaintiffs | Current Client |
| THE COMMONWEALTH OF PUERTO RICO | Plaintiffs | Prior Client |
| WEST BOCA MEDICAL CENTER, INC. | Plaintiffs | Current Client |
| ZENITH INSURANCE COMPANY | Plaintiffs | Current Client |
| UNITED STATES DEPARTMENT OF THE TREASURY | Taxing Authorities | Prior Client |
| UNITED STATES INTERNAL REVENUE SERVICE | Taxing Authorities | Prior Client |

| Matched Entity | Relationship to Debtors | Relationship to L&W[1] |
|---|---|---|
| ABBOTT LABORATORIES, INC. | Major Co-Defendants | Current Client, Prior Client |
| ACTAVIS ELIZABETH LLC | Major Co-Defendants | Former Client, Prior Client |
| ACTAVIS KADIAN LLC | Major Co-Defendants | Former Client, Prior Client |
| ACTAVIS LABORATORIES FL, INC. | Major Co-Defendants | Former Client, Prior Client |
| ACTAVIS LABORATORIES NY, INC. | Major Co-Defendants | Former Client, Prior Client |
| ACTAVIS LABORATORIES UT, INC. | Major Co-Defendants | Former Client, Prior Client |
| ACTAVIS LLC | Major Co-Defendants | Former Client, Prior Client |
| ACTAVIS MID ATLANTIC LLC | Major Co-Defendants | Former Client, Prior Client |
| ACTAVIS PHARMA, INC. | Major Co-Defendants | Former Client, Prior Client |
| ACTAVIS PLC | Major Co-Defendants | Former Client, Prior Client |
| ACTAVIS SOUTH ATLANTIC LLC | Major Co-Defendants | Former Client, Prior Client |
| ACTAVIS TOTOWA LLC | Major Co-Defendants | Former Client, Prior Client |
| ACTAVIS, INC. | Major Co-Defendants | Former Client, Prior Client |
| ALLERGAN FINANCE LLC | Major Co-Defendants | Current Client, Prior Client |
| ALLERGAN PLC | Major Co-Defendants | Current Client, Prior Client |
| ALLERGAN SALES, LLC | Major Co-Defendants | Current Client, Prior Client |
| ALLERGAN USA, INC. | Major Co-Defendants | Current Client, Prior Client |
| AMERISOURCEBERGEN CORPORATION | Major Co-Defendants | Current Client, Prior Client |
| AMERISOURCEBERGEN SERVICES CORPORATION | Major Co-Defendants | Current Client, Prior Client |
| ANDA PHARMACEUTICALS, INC. | Major Co-Defendants | Prior Client |
| ANDA, INC. | Major Co-Defendants | Prior Client |
| ASSERTIO THERAPEUTICS, INC. | Major Co-Defendants | Prior Client |
| CARDINAL HEALTH PHARMACY SERVICES, LLC | Major Co-Defendants | Prior Client |
| CARDINAL HEALTH TECHNOLOGIES LLC | Major Co-Defendants | Prior Client |
| CARDINAL HEALTH, INC. | Major Co-Defendants | Prior Client |
| CVS HEALTH SOLUTIONS, L.L.C. | Major Co-Defendants | Current Client, Prior Client |
| CVS PHARMACY INC. | Major Co-Defendants | Current Client, Prior Client |
| CVS RX SERVICES, INC. | Major Co-Defendants | Current Client, Prior Client |
| DEPOMED, INC. | Major Co-Defendants | Prior Client |
| ENDO GENERICS HOLDING, INC. | Major Co-Defendants | Current Client, Prior Client |

| Matched Entity | Relationship to Debtors | Relationship to L&W[1] |
|---|---|---|
| ENDO HEALTH SOLUTIONS INC. | Major Co-Defendants | Current Client, Prior Client |
| ENDO INTERNATIONAL PLC | Major Co-Defendants | Current Client, Prior Client |
| ENDO PHARMACEUTICALS, INC. | Major Co-Defendants | Current Client, Prior Client |
| H.D. SMITH WHOLESALE DRUG CO. | Major Co-Defendants | Prior Client |
| INSYS MANUFACTURING LLC | Major Co-Defendants | Prior Client |
| INSYS PHARMA, INC. | Major Co-Defendants | Prior Client |
| INSYS THERAPEUTICS, INC. | Major Co-Defendants | Prior Client |
| JANSSEN PHARMACEUTICALS, INC. | Major Co-Defendants | Current Client, Prior Client |
| MALLINCKRODT BRAND PHARMACEUTICALS, INC. | Major Co-Defendants | Current Client, Prior Client |
| MALLINCKRODT ENTERPRISES HOLDINGS, INC. | Major Co-Defendants | Current Client, Prior Client |
| MALLINCKRODT ENTERPRISES LLC | Major Co-Defendants | Current Client, Prior Client |
| MALLINCKRODT LLC | Major Co-Defendants | Current Client, Prior Client |
| MALLINCKRODT PLC | Major Co-Defendants | Current Client, Prior Client |
| MCKESSON CORPORATION | Major Co-Defendants | Former Client, Prior Client |
| MCKESSON MEDICAL-SURGICAL, INC. | Major Co-Defendants | Former Client, Prior Client |
| MCKESSON SPECIALTY CARE DISTRIBUTION CORPORATION | Major Co-Defendants | Former Client, Prior Client |
| MCKESSON SPECIALTY DISTRIBUTION, LLC | Major Co-Defendants | Former Client, Prior Client |
| MYLAN BERTEK PHARMACEUTICALS, INC. | Major Co-Defendants | Current Client, Prior Client |
| MYLAN INSTITUTIONAL, INC. | Major Co-Defendants | Current Client, Prior Client |
| MYLAN LABORATORIES, INC. | Major Co-Defendants | Current Client, Prior Client |
| MYLAN N.V. | Major Co-Defendants | Current Client, Prior Client |
| MYLAN PHARMACEUTICALS, INC. | Major Co-Defendants | Current Client, Prior Client |
| MYLAN PHARMS, INC. | Major Co-Defendants | Current Client, Prior Client |
| MYLAN SPECIALTY, L.P. | Major Co-Defendants | Current Client, Prior Client |
| MYLAN TECHNOLOGIES, INC. | Major Co-Defendants | Current Client, Prior Client |
| MYLAN, INC. | Major Co-Defendants | Current Client, Prior Client |
| RITE AID CORPORATION | Major Co-Defendants | Prior Client |
| RITE AID CORPORATION OF NEW YORK, INC. | Major Co-Defendants | Prior Client |
| RITE AID HEADQUARTERS CORPORATION | Major Co-Defendants | Prior Client |

| Matched Entity | Relationship to Debtors | Relationship to L&W[1] |
|---|---|---|
| RITE AID OF GEORGIA, INC. | Major Co-Defendants | Prior Client |
| RITE AID OF MARYLAND, INC. | Major Co-Defendants | Prior Client |
| RITE AID OF MASSACHUSETTS INC. | Major Co-Defendants | Prior Client |
| RITE AID OF MICHIGAN, INC. | Major Co-Defendants | Prior Client |
| RITE AID OF NEW YORK, INC. | Major Co-Defendants | Prior Client |
| RITE AID OF NORTH CAROLINA, INC. | Major Co-Defendants | Prior Client |
| RITE AID OF OHIO, INC. | Major Co-Defendants | Prior Client |
| RITE AID OF WEST VIRGINIA, INC. | Major Co-Defendants | Prior Client |
| TEVA BIOPHARMACEUTICALS USA, INC. | Major Co-Defendants | Current Client, Prior Client |
| TEVA PHARMACEUTICAL INDUSTRIES LTD. | Major Co-Defendants | Current Client, Prior Client |
| TEVA PHARMACEUTICALS USA, INC. | Major Co-Defendants | Current Client, Prior Client |
| WALGREEN CO. | Major Co-Defendants | Former Client, Prior Client |
| WALGREEN EASTERN CO., INC. | Major Co-Defendants | Former Client, Prior Client |
| WALGREEN LOUISIANA CO., INC. | Major Co-Defendants | Former Client, Prior Client |
| WALGREEN OF PUERTO RICO, INC. | Major Co-Defendants | Former Client, Prior Client |
| WALGREEN PHARMACY | Major Co-Defendants | Former Client, Prior Client |
| WALGREENS BOOTS ALLIANCE INC. | Major Co-Defendants | Former Client, Prior Client |
| WAL-MART STORES EAST, INC. | Major Co-Defendants | Current Client, Prior Client |
| WAL-MART STORES EAST, LP | Major Co-Defendants | Current Client, Prior Client |
| WAL-MART STORES TEXAS, LLC | Major Co-Defendants | Current Client, Prior Client |
| WALMART, INC. | Major Co-Defendants | Current Client, Prior Client |
| NOVO NORDISK | Other | Current Client, Prior Client |

**<u>Exhibit C</u>**

**Declaration of Marc L. Kesselman**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | **Chapter 11** |
| **PURDUE PHARMA L.P.**, *et al.*, | **Case No. 19-23649 (RDD)** |
| Debtors.[1] | **Jointly Administered** |

### DECLARATION OF MARC L. KESSELMAN IN SUPPORT
### OF APPLICATION OF DEBTORS FOR AUTHORITY TO RETAIN AND EMPLOY
### LATHAM & WATKINS LLP AS SPECIAL COUNSEL TO THE DEBTORS
### EFFECTIVE AS OF JANUARY 13, 2022

Marc L. Kesselman, Purdue Pharma L.P.'s ("**PPLP**", and together with its affiliates that are debtors and debtors in possession in these proceedings, the "**Company**" or "**Purdue**") Executive Vice President, General Counsel and Corporate Secretary, in support of the *Application of Debtors for Authority to Retain and Employ Latham & Watkins LLP as Special Counsel to the Debtors Effective as of January 13, 2022* (the "**Application**"),[2] declares as follows:

1.      I am Executive Vice President, General Counsel and Corporate Secretary of PPLP, a Delaware limited partnership headquartered in Stamford, Connecticut.

2.      I submit this declaration (the "**Declaration**") in connection with the Application wherein the Debtors seek entry of an order authorizing the Debtors to employ and retain Latham

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

& Watkins LLP ("**L&W**") as their special counsel in the Chapter 11 Cases effective as of January 13, 2022.

### The Debtors' Selection of L&W

3.      It is my strong belief that it is critical to select special counsel with the utmost care to maximize the value of the Debtors' estates, while at the same time focusing on costs to ensure that the Debtors' limited resources are being appropriately utilized.

4.      I, as Executive Vice President and General Counsel, along with several other members of the Debtors' senior management, am responsible for retaining and supervising outside counsel.  I am familiar with the markets for professionals both in and out of bankruptcy, and, in particular, L&W's preeminent appellate practice.

5.      The Debtors did not consider any other law firms for this role given L&W's extensive knowledge and substantial experience.

6.      I understand that L&W's appellate litigation practice has substantial experience advising clients in connection with and arguing cases before federal courts of appeal and the Supreme Court of the United States and that the L&W attorneys in this practice frequently handle a broad array of complex litigation matters on constitutional, statutory, regulatory and other legal matters.

7.      L&W will represent the Debtors in connection with the appeal of the District Court Order, including prosecuting the Appeal on behalf of the Debtors and advising the Debtors and their restructuring advisors in connection with the Appeal (collectively, the "**L&W Services**").

8.      If required to retain different counsel to provide the L&W Services, I believe that the Debtors will be forced to expend significant resources and expense to familiarize such counsel with (i) the novel and complex legal issues raised in the Appeal and (ii) the status of matters that

L&W has handled or intends to handle for the Debtors. I believe, for all the aforementioned reasons, that L&W is both well-qualified and uniquely suited to represent the Debtors in connection with these matters in an efficient and timely manner.

### Rate Structure and Cost Supervision

9.    In the normal course of business, I and attorneys employed by the Debtors under my ultimate supervision typically monitor legal fees and expenses incurred by the Debtors and report to the applicable firm any concerns regarding the reasonableness of such fees and expenses. Any issues regarding such fees and expenses are typically then addressed informally between the Debtors and the firm. I intend to adopt the same practice with L&W in connection with this engagement.

10.    L&W has informed the Debtors that its billing rates and the material terms of the engagement are comparable to (i) L&W's standard rates and the material terms for non-bankruptcy engagements and (ii) the billing rates and terms of other comparably skilled counsel.

11.    I understand that consistent with L&W's policy with respect to its other clients, L&W will continue to seek reimbursement for expenses and other charges incurred in the rendition of services, as more particularly described in the Garre Declaration. I understand that it is L&W's policy to charge its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client. I also understand that it is L&W's policy to charge its clients only the amount actually incurred by L&W in connection with such items.

12.    The Debtors understand that it is their responsibility to track their professionals' billing practices to be sure that the fees and expenses the estates pay are fair and reasonable, and the Debtors will review the fee statements of L&W and of all of the Debtors' other professionals

3

to ensure that continues to be the case.  The invoices regularly submitted by L&W are reviewed by attorneys employed by the Debtors under my ultimate supervision.

13.     Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

[*Signature Page Follows*]

April 1, 2022
New York, NY

**PURDUE PHARMA L.P.**
(for itself and on behalf of its affiliates
that are debtors and debtors in possession)

*/s/ Marc L. Kesselman*

Marc L. Kesselman
Executive Vice President, General Counsel & Corporate
Secretary
Purdue Pharma L.P.