UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

Tony Tector Callihan
Creditor, Pro se

v.

Purdue Pharma L.P. et.al,
debtors

CHAPTER 11

Case No: 19-23649

MOTION Extention of time "Bar Date" request

I
JURISDICTION AND VENUE

This is a chapter 11 Bankruptcy case claim in which the creditor Tony Tector Callihan, begs this court for his claim to be recognized as being filed timely. This court has the authority under the Federal Rule of Bankruptcy Procedure 9006 (b)(1). This creditor is requesting for what constitutes as, "excusable neglect" to be applied to his claim. This creditors Personal Injury Claimant Proof of Claim form, (claim no: 628595) ~~and General Opoid Claimant Proof of Claim form, (Claim no:~~ ~~where~~ was filed by the Purdue Pharma Claims

1 of 4

Processing Center 18 months after the July 30, 2020 Bar Date.

The creditor Tony Callihan, requests the following facts to be applied to the reasoning in which this court will be able to make an informative and knowledgable decision.

## II FACTS

<u>a.</u> The Global Pandemic has slowed and even halted my life due to the nation wide lock down, my ability to communicate and correspond has became hindered and has also come to a standstill at times. This was beyond my control.

<u>b.</u> At the time this creditor tried to acquire the required claim documents the United States Postal Service was lacking in funds, and due to that the affected States were informed mail would be late for outgoing and incoming. This delay transpired at the same time and several months prior to and after the courts new Bar Date this was out of my control.

<u>c.</u> I am currently incarcerated at the Washington State Penitentairy and have been since 12-12-2012

2 of 4

Here at the Washington State Penitenteiry we experienced total lock downs an extensive periods with no law library movement, access to the courts or the outside world.

I am an indigent inmate and did send a request for forms to the Purdue Pharma Claims Center C/o Prime Clerk on or around ~~December~~ July of 2021. ~~I received an acknowledgement on my claim was received and processed (see exhibit 1) proof of acceptence. See exhibit 2 proof of incarceration.~~

d. I, Tony Callihan, did attempt to file my claim forms in the fastest time frame possible with regards to my current incarceration and constant state of lockdowns due to the Global pandemic which is completely out of my control.

## III LEGAL CLAIMS

The creditor, Tony Callihan, alleges he attempted to follow the courts requirements and rules as best as he was phisically capable of doing in respect to his current incarceration. This creditor acted in good faith (Fed rules Bank r. Proc. Rule 9006 (b)(1) 11 U.S.C.A. CUI GUF (Lux) master S.a.r.l. v. Lehman Bros. Holdings Inc. 445 B.R. 137 (S.D. N.Y. 2011). This creditor is the movant requesting for the acceptance of this claim's extension of Bar Date

3 of 4

so this creditors claim may be recognized as timely.

"Excusable Neglect" standard that governs a creditor's ability to file a proof of claim after the expiration of the claim bar date is a flexible one, and excusable neglect may include inadvertence, mistake or carelessness, as well as intervening circumstances beyond the creditor's control. (Fed. R. Bank r ~~S.D. N.Y.~~ P. 9006 (b)(1). In re motors. Liquidation Company, 576 B.R. 761 (Bank r S.D. N.Y. 2017). Under the excusable neglect standard governing the filing of late proofs of claim,

Congress plainly contemplated that courts would be permitted to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond a party's control (Fed. R. Bank r. P. 9006 (b). In re Energy Future Holdings Corp., 619 B.R. 99 (Bank r. D. Del 2020).

## IV  PRAYER FOR RELIEF

WHEREFORE, creditor respectfully prays that this court enter a judgment granting the recognization of a Personal Injury claimant Proof of claim Form.

Dated this 30th, day of March, 2022.   Tony Callihan
                                        /s/ Tony Callihan

4 of 4