Mailed April 2nd 2022 United States Bankruptcy excusable neglect hearing

I.
Jurisdiction and Venue

1.) This is a chapter (11) Bankruptcy case claim in which the creditor Tyler L. Ward begs this great court for his claim to be recognized as being filed timely. This court has the authority under The Federal Rule of Bankruptcy procedure 9006(B.)(1.) This creditor is requesting for what constitutes as "Excusable Neglect" to be applied to his claim. This creditors Personal injury proof of claim form (claim # 628946) was filed by the Purdue Pharma claims processing center after the July 30, 2020 Bar date.

II    Facts

The global pandemic has slowed and halted my life. Due to the nationwide lockdown my ability to communicate and correspond has became hindered, due to circumstances beyond my control.

At the time this creditor tried to aquire the required claim documents the United States Postal Service was lacking funds and slowed down due to the pandemic. This delay transpired at the same time and several months

prior to, and after the Courts new "Bar Date". This was out of my control.

I am currently incarcerated, and have been since April 3rd, 2019 in Washington State. Well before the Bar date. Due to the pandemic the legal library at the prison was closed so I could not access the legal resources I needed to file my claim. As soon as I could I sent a request for forms to the Purdue Pharma Claims Center c/o prime clerk on or about the month of January 2022. And my proof of acceptance is my claim # 628946

I, Tyler L. Ward did attempt to file my claim forms in the fastest time frame possible, with regards to my current incarceration and constant state of lockdowns. The global pandemic put everything out of my control.

## III

The creditor Tyler L. Ward alleges that he attempted to follow the courts requirments and rules as best as he was physically copable of doing, in respect to his current incarceration. This creditor "acted in good faith" (Fed Rules Bankr Proc. rule 9006 (B.)(1.) 11 U.S.C.A. CUI GUF (Lux) master S.A.R.V. Lehan Bros. Holdings Inc. 445 B.R. 137 (S.D.N.Y. 2011) The creditor is the movant requesting for the acceptance of this claims extention of the Bar date so this creditors claim may be recognized as timely.

- Excusable Neglect Standard that governs a creditors ability to file a proof of claim after the expiration of the claim Bar date is a flexible one, and excusable neglect may include inadvertence, mistakes, or carelessness as well as "intervening circumstances" beyond the creditors control. (Fed. R. Bank.R.P. 9006 (B.)(1.) in Re Motors liquidation Company 576 B.R. 761 (Bank. R.S.D.N.Y. 2017)

I have read the foregoing and hereby verify that the matters therin are true except as to matters alleged or information and belief and as to those I believe them to be true I certify under penalty of perjury that the foregoing is true and correct

☆ Please mail response to

Tyler L. Ward
P.O. Box 4743
Spokane, WA 99220

I am transfering to work release soon and wont recive mail at the return address on the envelope. Thank you.

under the excusable neglect standard governing the filing of late proofs of claim.

Congress plainly contemplated that courts would be permitted, when appropriate to accept late filings caused by inadvertance mistake or carelessness as well as by intervening circumstances beyond a partys control. ( Fed. B. Bank. R. P. 9006 (B.) In Re energy future holdings corp. 619 B.R. 99 ( Bank. R.D Del 2020

## IV
### Pray for relief

Wherefore creditor respectfully prays that this great court enter Judgment granting the recognition of A.) personal injury claimant proof of claim form Claim # 628946

Dated April 2nd 2022

Respectfully submitted,

Tyler L. Ward
SSN xxx-xx-████