**Presentment Date**: May 2, 2022, at 10:00 A.M.
**Objection Deadline**: April 29, 2022, at 4:00 P.M.

REED SMITH LLP
   Paul E. Breene
   Ann Kramer
599 Lexington Avenue
New York, NY 10022-7650
Telephone: (212) 521-5400
Facsimile: (212) 521-5450

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>PURDUE PHARMA L.P., *et al.*,<br><br>                                          Debtors. | Chapter 11<br><br>Case No.: 19-23649 (RDD)<br><br>(Jointly Administered) |

**COVER SHEET TO THE FINAL APPLICATION OF REED SMITH LLP
AS AN ORDINARY COURSE PROFESSIONAL FOR COMPENSATION
FOR SERVICES RENDERED IN EXCESS OF THE TIER 1 OCP CAP
FOR THE PERIOD FROM SEPTEMBER 1, 2021 THROUGH
FEBRUARY 28, 2022**

       In accordance with Rule 2016-1 of the Local Rules of Bankruptcy Procedure, incorporating the *Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York Bankruptcy Cases* promulgated by the Board of Judges for the United States Bankruptcy Court for the Southern District of New York [General Order M-447], (the "Local Guidelines") and the Order Authorizing Debtors to Employ Professionals Used in the Ordinary Course of Business Nunc Pro Tunc to the Petition Date [ECF No. 548] (the "OCP Order"), Reed Smith LLP ("Reed Smith"), an ordinary course professional providing services as special insurance counsel for the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), submits this summary (this "Summary") of fees in excess of the Tier 1 OCP Cap[1] sought as actual and necessary

---

[1]   Capitalized terms used in this Summary and/or in the annexed Application but not otherwise defined herein shall have the meaning ascribed to them in the OCP Order.

in the fee application to which this Summary is attached (the "Application") for the period of September 1, 2021 through February 28, 2022 (the "Fee Period").[2]

---

[2] The Summary set forth herein represents the fees in excess of the Tier 1 Cap applicable to Reed Smith, as more fully described in the accompanying Application.

**General Information**

| Name of Applicant: | Reed Smith LLP |
|---|---|
| Authorized to Provide Services to: | Purdue Pharma, L.P., *et al.*, Debtors-in-Possession |
| Petition Date: | September 15, 2019 |
| Retention Date: | September 16, 2019[3] |
| Date of Order Approving Retention: | November 26, 2019 [ECF No. 548] |
| Time Period Covered by Application: | September 1, 2021 through February 28, 2022 |
| Total Compensation Approved by Interim Order to Date | $4,900,000 |
| Total Compensation paid and/or requested from Petition Date | $4,822,084.29[4] |
| Total Compensation Paid to Date for this Fee Period | $900,000.00[5] |
| Total Expenses Paid to Date for this Fee Period | $13,576.98 |
| Compensation sought in this Application already paid pursuant to a monthly compensation order but not yet allowed | N/A |
| Expenses sought in this Application already paid pursuant to a monthly compensation order but not yet allowed | N/A |
| Number of professionals included in this Application | 20 |
| Number of Professionals billing fewer than 15 hours during the Period | 9 |

**Summary of Fees Requested for the Fee Period**

| Total compensation requested: | $1,213,228.07 |
|---|---|
| Less: amounts paid by Debtor pursuant to OCP Order | ($900,000.00) |

---

[3] *See*, OCP Affidavit and Questionnaire, filed in accordance with the OCP Order on December 5, 2019 [ECF No. 585]

[4] In reconciling our records and the Debtors' records with respect to payments made by the Debtors to Reed Smith during the pendency of these Chapter 11 Cases, we note that Reed Smith's internal records show payment in the slightly lesser amount of $4,821,316.52, than what is depicted above. We are relying on the Debtors' records for the purposes of this Application.

[5] Represents payments made by the Debtors to Reed Smith pursuant to the OCP Order for services rendered during the Fee Period.

| | |
|---|---|
| Less: credit for prompt payment | ($27,835.04)[6] |
| Overage Amount Requested to be Paid | $285,393.00 |

**Summary of Hours Billed, Rates and Related information**

| Name | Billing Rate | Date of Bar Admission | Billed Hours | Billed Amount[7] |
|---|---|---|---|---|
| Aaron Javian | $1,215.00 | 2004 | 14.60 | $15,316.90 |
| Adrienne Kitchen | $660.00 | 2015 | 95.00 | $46,344.18 |
| Andrew Muha | $880.00 | 2001 | 8.80 | $5,808.00 |
| Ann Kramer | $1,305.00 | 1984 | 236.50 | $235,177.13 |
| Anthony Crawford | $715.00 | 2012 | 402.30 | $218,696.80 |
| Catherine Lewis | $605.00 | 2016 | 2.20 | $976.80 |
| Elizabeth Vieyra | $600.00 | 2012 | 44.50 | $19,224.00 |
| Esther Kim | $595.00 | 2018 | 9.90 | $4,237.20 |
| John Ellison | $1,260.00 | 1987 | 5.60 | $5,581.37 |
| Lianna Simmonds | $300.00 | N/A | 142.80 | $32,615.80 |
| Lisa Szymanski | $850.00 | 2009 | 250.10 | $169,238.03 |

---

[6] The prompt payment discount is a percentage that varies depending upon the amount of the fees invoiced. For the payments made during this Fee Period, the prompt payment discount totaled $27,835.05.

[7] The amount billed represents an agreed discount from Reed Smith's standard hourly fees. Pursuant to the terms of Reed Smith's engagement, for the period on and after February 1, 2021 through December 31, 2021, the following tiered discounts applied to time charges: (i) 10 % of accrued fees less than $500,000; (ii) 14% of accrued fees in excess of $500,000 but less than $1,000,000; (iii) 17% of accrued fees in excess of $1,000,000 but less than $1,500,000; and (iv) 20% of accrued fees above $1,500,000. The applicable discount for each tier applies upon reaching the threshold on fees billed after application of any lower tiered discounts. Pursuant to the terms of Reed Smith's engagement, for the period on and after January 1, 2022 through December 31, 2022, the following tiered discounts apply to time charges: (i) 13% of accrued fees less than $1,125,000; (ii) 18% of accrued fees in excess of $1,125,000 but less than $2,300,000; and (iii) 20% of accrued fees above $2,300,000. The applicable discount for each tier applies upon reaching the threshold on fees billed after application of any lower tiered discount.

| Michael Venditto | $1,160.00 | 1978 | 26.80 | $24,870.40 |
| --- | --- | --- | --- | --- |
| Nora Sooy | $405.00 | N/A | 3.80 | $1,155.20 |
| Paul Breene | $1,290.00 | 1983 | 276.30 | $272,202.99 |
| Paul Singer | $1,275.00 | 1968 | 7.00 | $6,692.00 |
| Peter Hardy | $1,140.00 | 1983 | 6.30 | $5,395.56 |
| Richard Lewis | $1,205.00 | 1992 | 138.90 | $123,696.64 |
| Shaun Lee | $700.00 | 2017 | 33.30 | $20,279.70 |
| Shikendra Rhea | $315.00 | N/A | 24.00 | $5,719.38 |
| **Total** | | | 1,728.70 | $1,213,228.07 |

**Total hours billed during Fee Period**:          1,728.70

**Total value of hours at agreed hourly rate**:   $1,213,228.07

**Blended hourly rate for all attorneys**:[8]      $701.82

---

[8] Blended hourly rate for all attorneys (excluding paralegal or other paraprofessional time) who billed time during the Fee Period.

**Presentment Date**: May 2, 2022, at 10:00 A.M.
**Objection Deadline**: April 29, 2022, at 4:00 P.M.

REED SMITH LLP
  Paul E. Breene
  Ann Kramer
599 Lexington Avenue
New York, NY 10022-7650
Telephone: (212) 521-5400
Facsimile: (212) 521-5450

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>PURDUE PHARMA L.P., *et al.*,<br><br>Debtors[9]. | Chapter 11<br><br>Case No.: 19-23649 (RDD)<br><br>(Jointly Administered) |

**FINAL APPLICATION OF REED SMITH LLP AS AN ORDINARY
COURSE PROFESSIONAL FOR COMPENSATION FOR SERVICES
RENDERED IN EXCESS OF THE TIER 1 OCP CAP FOR
THE PERIOD FROM SEPTEMBER 1, 2021 THROUGH
FEBRUARY 28, 2022**

Pursuant to sections 327, 330, and 331 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-1 of the Local Rules of Bankruptcy Procedure, incorporating the *Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York Bankruptcy Cases* promulgated by the Board of Judges for the United States Bankruptcy Court for the Southern District of New York [General Order M-447] (the "Local Guidelines"), the *United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11*

---

[9] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

*Cases* effective as of November 1, 2013 (the "U.S. Trustee Guidelines," and together with the Local Guidelines, the "Fee Guidelines"), and the Order Authorizing Debtors to Employ Professionals Used in the Ordinary Course of Business Nunc Pro Tunc to the Petition Date [ECF No. 548] (the "OCP Order"), Reed Smith LLP ("Reed Smith"), an ordinary course professional providing services as special insurance counsel for the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), submits this Application of Reed Smith LLP as an Ordinary Course Professional for Compensation for Services Rendered in Excess of the Tier 1 OCP Cap for the Period from September 1, 2021 through December 31, 2021 and February 1, 2022 through February 28, 2022 (this "Application") and respectfully represents to the Court:

1. By this Application, Reed Smith seeks an allowance of compensation for actual and necessary professional services that exceed the Tier 1 OCP Cap in the aggregate amount of $309,350.53, during the period commencing September 1, 2021 February 28, 2022 (the "Fee Period") and authorization for the Debtors to pay Reed Smith the sum of $285,393.00, which represents the amount requested in excess of the Tier 1 OCP Cap after application of an agreed upon credit, as explained *infra*.[10]

2. The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.

3. This Application is a core matter pursuant to 28 U.S.C. § 157(b)(2).

4. Venue of this Application and the bankruptcy case are proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

5. On September 15, 2019 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Since the Petition Date, the Debtors

---

[10] No request is made with respect to costs and expenses, since they are not subject to the Tier 1 OCP Cap, and have been billed to, and paid by, the Debtors in accordance in accordance with the procedures under the OCP Order.

have continued to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.  On September 18, 2019, the Court entered an order [ECF No. 59] authorizing the joint administration and procedural consolidation of the Debtors' chapter 11 cases pursuant to Bankruptcy Rule 1015(b). On September 27, 2019, the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code [ECF No. 131].

7.  On November 26, 2019, the Court entered the OCP Order. Pursuant to the OCP Order, the retention and employment of a professional listed on the exhibits thereto would be deemed approved without further order of the Court if no objections were filed within 10 days of the filing of an OCP Affidavit and Retention Questionnaire for such professional (the "Objection Period").

8.  On December 5, 2019, the Affidavit and Disclosure Statement of Ann V. Kramer on Behalf of Reed Smith LLP (the "Disclosure Statement") [ECF No. 585] was filed in accordance with the OCP Order. No objections to the Disclosure Statement were filed or communicated to counsel within the applicable Objection Period and therefore Reed Smith's retention as special insurance counsel pursuant to the terms of the OCP Order was deemed approved.

9.  As described in the Disclosure Statement, the services provided by Reed Smith include advice and counseling with regard to insurance matters involving the Debtors, including both claims and insurance placement, insurance issues under the Debtors' plan of reorganization, and the representation of the Debtors in connection with litigation and/or arbitrations with its insurance providers regarding coverage for claims under insurance policies under which the Debtors may be insured.

10. Pursuant to the OCP Order, Reed Smith was retained as a Tier 1 Ordinary Course Professional. The Debtors were authorized to compensate Tier 1 Ordinary Course Professionals without formal fee applications; provided, however, that total fees, excluding costs and disbursements, in excess $150,000 per month on average over a rolling three-month period (the "Tier 1 OCP Cap") and in excess of $1,800,000 (the "Tier 1 Case Cap") would be subject to Court approval in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Guidelines, the Fee Guidelines and all orders of the Court. Pursuant to paragraph 2(vi) of the OCP Order, the Tier 1 OCP Cap and Tier 1 Case Cap may be increased by agreement among the United States Trustee, the Official Committee of Unsecured Creditors and the Ad Hoc Committee of Governmental and Other Contingent Litigation Claimants and the Debtors, in which event the Debtors are required to file a notice of any such agreed increase with the Court. By a Notice filed with the Court on both September 10, 2021 [ECF No. 5759] and December 23, 2021 [ECF No. 4250], the Debtors gave notice that the aggregate Tier 1 Case Cap with respect to Reed Smith had been increased from $3,000,000 to $4,000,000 and subsequently to $4,900,000. Accordingly, for the six months of the Fee Period, the Tier 1 Case Cap applicable to Reed Smith was $4,900,000 and the Tier 1 OCP Cap applicable to Reed Smith was $900,000.00.

11. Reed Smith has complied with the terms of the OCP Order and has invoiced the Debtor directly for all services provided post-petition. Contemporaneously with filing this Application, Reed Smith is filing an application (the "RP Application") to be employed as a Retained Professional *nunc pro tunc* to March 1, 2022 under the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals* [ECF No. 529]. If Reed Smith's RP Application is granted, Reed Smith will no longer by subject to the compensation procedures applicable under the OCP Order from and after March 1, 2022. By this

Application, Reed Smith seeks authorization to be paid fee overages, if any, for each month during the Fee Period.

12. On January 29, 2021, certain Debtors, represented by Reed Smith, commenced an adversary proceeding jointly with the Official Committee of Unsecured Creditors (the "Creditors' Committee") and the Ad Hoc Committee of Governmental and Other Contingent Litigation Claimants (the "Ad Hoc Committee" and together with the Creditors' Committee, the "Committees") against 26 insurance companies that had issued policies providing coverage for opioid-related liabilities captioned, Purdue Pharma L.P., et al. v. AIG Specialty Insurance Company, et al., Adv. Pro. No. 21-07005-rdd (hereinafter, the "Coverage Litigation").

13. As a result of the Coverage Litigation and assistance regarding other insurance matters related to the negotiation, drafting, confirmation and appeal of the Debtors' joint Chapter 11 plan of reorganization,[11] Reed Smith's time charges for the Fee Period exceeded the Tier 1 OCP Caps applicable to the five (5) of the six (6) calendar months in the Fee Period. During the period from September 1, 2021 through February 28, 2022, the full payment of Reed Smith's fees at the agreed hourly rates would have aggregated $1,213,228.07, which exceeded the Tier 1 OCP Cap applicable to that period by, and required the Debtors to holdback payment of, $309,350.53. However, pursuant to the agreed terms of Reed Smith's engagement, the Debtors were entitled to

---

[11] The Debtors filed the Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and Its Affiliated Debtors, on March 15, 2021 (the "Joint Plan") [D.I. 2487]. The Debtors revised their Joint Plan on May 7, 2021 [D.I. 2823], on May 24, 2021 [D.I. 2904], on May 26, 2021 [D.I. 2935], on June 2, 2021 [D.I. 2967], and on June 3, 2021 [D.I. 2982], as so revised and supplemented, the "Solicitation Plan." During the Fee Period, the Solicitation Plan was further revised and supplemented on September 2, 2021, [D.I. 3726]. The Confirmation Order was entered on September 17, 2021, [D.I. 3787].

a discount when an invoice is paid within 15 business days of receipt.[12]  This results in a further reduction of Reed Smith's request for allowance and payment as shown in the following table:

| Month | Fees Incurred | Fees Paid | Payment Dates | Excess over Tier 1 OCP Cap |
|---|---|---|---|---|
| September 2021 | $167,602.00 | $150,000 | November 17 and 22, 2021 | $17,602.00 |
| October 2021 | $215,287.20 | $150,000 | November 30, 2021 and December 03, 2021 | $65,287.20 |
| November 2021 | $268,245.20 | $150,000 | December 24 and 27, 2021 | $118,245.20 |
| December 2021 | $217,508.00 | $150,000 | February 7, 2022 | $67,508.00 |
| January 2022 | $129,251.10 | $125,373.57 | March 14, 2022 | $0 |
| February 2022 | $215,334.57 | $174,626.43 | April 6, 2022 | $40,708.14 |
| Total for Fee Period | $1,213,228.07 | $900,000.00 | | $309,350.53 |

14.    After deducting the prompt payment credits aggregating $23,957.52,[13] the remaining, outstanding amount for services rendered by Reed Smith during the Fee Period is $285,393.00.

15.    As discussed below, Reed Smith's fees exceeded the Tier 1 OCP Cap applicable to the Fee Period due to the need for Reed Smith's attorneys to devote time and attention in several

---

[12]   The payment discount is a percentage that varies depending upon the amount of the fees invoiced. For the payments made during this Application Period, the discounts totaled $23,957.52 (amount of does not include the prompt payment credit for January 2022).

[13]   Note that this amount of does not include the prompt payment credit for January 2022.

significant areas involving insurance coverage during a critical phase of these cases. A confluence of these matters during a relatively compressed timeframe resulted in fees that exceeded the applicable Tier 1 OCP Cap for that period of six (6) months.

16. Accordingly, Reed Smith now requests that the Court approve its request for an allowance of fees in excess of its Tier 1 OCP Cap and authorize payment of those allowed fees to Reed Smith in the amount of $285,393.00.

## Services During the Fee Period

17. A key component of the Debtors' proposed reorganization is the monetization and distribution of insurance coverage to creditors. In support of that effort, Reed Smith attorneys provided critical assistance to the Debtors and their bankruptcy estates during the Fee Period in five areas: (1) insurance issues relating to the hearing to consider confirmation of the Plan, including the review of the draft confirmation order, (2) insurance issues relating to appeals of the Plan confirmation, (3) the discovery phase of the prosecution of the Coverage Litigation against the Debtors' insurers; (4) issues relating to maintaining insurance coverage for the Debtors; and (5) issues relating to post-emergence insurance planning.

18. In their capacity as special insurance counsel, Reed Smith attorneys provided advice and assistance to the Debtors and their bankruptcy counsel in connection with bankruptcy counsel's negotiation and drafting of the Joint Plan, which was filed on March 15, 2021, and then amended and supplemented several times before the Debtors solicited their creditors. Following solicitation and overwhelming acceptance by creditors, the Debtors made further amendments in an effort to resolve various objections to its provisions. Upon entry of the order confirming the Plan ("Confirmation Order") on September 17, 2021, certain parties, including the U.S. Trustee, the District of Columbia, the states of Washington, Rhode Island, Delaware, Vermont, Maryland, Connecticut, California and Oregon, have appealed the Confirmation Order (the "Appeal"). Reed

Smith attorneys in their capacity as special insurance counsel advised and assisted the Debtors in connection with the Appeal with respect to: (a) questions from Judges Drain and McMahon concerning insurance issues relating to contingent claims, indemnification of certain parties, and insurance coverage for directors and officers; and (b) matters concerning the Court's the treatment of insurance rights and the objections of the insurers.

19. Simultaneously, Reed Smith devoted substantial time and effort to the prosecution of the Coverage Litigation. Following commencement of the Coverage Litigation, the discovery proceedings were extensive, leading to the production by the Debtors of approximately 14 million documents. The collection, review, analysis and production of such a large number of documents resulted in substantial effort on the part of Reed Smith attorneys and staff. Reed Smith also responded to numerous questions from the various parties concerning the documents being produced. Not only did the Reed Smith team facilitate the discovery process, the team also contested discovery requests which were over-broad or not relevant.

20. Separately, during the Fee Period, Reed Smith worked in conjunction with counsel for the Committees to respond to discovery requests made by several defendant insurers in relation to their motions seeking to withdraw the reference of the Coverage Litigation. On November 8, 2021, District Judge Vincent L. Briccetti denied the withdrawal of the reference of the Coverage Litigation.

21. All of the time expended by Reed Smith during the Fee Period was critical to the Debtors' efforts to move forward with the solicitation and confirmation of their Plan.

22. All services during the Fee Period for which compensation is requested by Reed Smith were performed for or on behalf of the Debtors. Reed Smith has not received any payment or promises of payment from any source for services rendered or to be rendered in any capacity

whatsoever in connection with matters covered by this Application. A certification confirming Reed Smith's compliance with the Fee Guidelines is annexed hereto as Exhibit A.

23.     The professional services were rendered by Reed Smith's partners, counsel, associates and paraprofessionals from various practice groups, including litigation, insurance recovery and restructuring.

**Summary of Professional Compensation and Reimbursement of Expenses Requested**

24.     During the Fee Period, Reed Smith's professionals and paraprofessionals expended a total of 1,728.70 hours providing the necessary services. Reed Smith has been able to efficiently provide services by utilizing the expertise of professionals and paraprofessionals within relevant practice groups to provide services to the Debtors on the discrete issues for which it has been engaged, thereby ensuring that the level of seniority is commensurate with the services being performed.

25.     As compensation for the services rendered on behalf of the Debtors during the Fee Period, Reed Smith respectfully requests an allowance of reasonable compensation for such services in the aggregate amount of $1,213,228.07, less payments of $900,000.00 made pursuant to the OCP Order, less the prompt payment discount for January 2022 of $3,877.53, for a net award of fees in excess of the Tier 1 OCP Cap of $309,350.53. After crediting the agreed discount to which the Debtors are entitled when a fee invoice is paid within 15 business days of receipt, Reed Smith requests that the Debtors be authorized to remit payment of $285,393.00. This prompt payment credit is in addition to the discounted hourly rates described in this Application; Reed Smith's historic terms of engagement with the Debtors provided for a further discount for prompt payment following the presentation of invoices. Application of that agreed discount to the payments previously made by the Debtors pursuant to the OCP Order results in a credit of $23,957.52, which would reduce the Debtors' payment to Reed Smith to $285,393.00.

26. Annexed hereto as Exhibit B is a list of professionals and paraprofessionals, their position with the firm, the hourly rate charged for their services, the number of hours expended on behalf of the Debtors during the Fee Period, and other pertinent information. Exhibit C annexed hereto is a list of the various categories and the total fees and total hours expended by subject matter category.

27. Reed Smith maintains computerized, detailed time records of services rendered by its professionals and paraprofessionals. The detailed records for the Fee Period (redacted to preserve privilege) are appended as Exhibit D.

## The Requested Fees Should Be Allowed

28. Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code to govern the Court's award of such compensation. Section 330 of the Bankruptcy Code provides that a court may award a professional "reasonable compensation for actual necessary services rendered … and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extent, and the value of such services, taking into account all relevant factors, including –
>
> (a) the time spent on such services;
>
> (b) the rates charged for such services;
>
> (c) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (d) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

>   (e) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

29. The professional services rendered during the Fee Period were performed by Reed Smith in an efficient manner, were necessary and appropriate to the administration of these chapter 11 cases, and were in the best interests of the Debtors, their estates, and other parties in interest. Compensation for the foregoing services as requested is commensurate with the complexity, importance, and nature of the problems, issues, and tasks involved.

30. As required by the U.S. Trustee guidelines, annexed hereto as Exhibit E is a chart setting forth the comparative blended rates of the professionals and paraprofessionals who rendered services with a corresponding comparison of rates for professionals and paraprofessionals not involved in these chapter 11 cases.

## Notice

31. Reed Smith will provide notice of this Application in accordance with the OCP Order. Reed Smith asserts that no other or further notice is necessary.

**WHEREFORE**, Reed Smith, in connection with the professional services rendered on behalf of the Debtors during the Fee Period, respectfully requests the allowance of compensation for actual and necessary professional services that exceed the Tier 1 OCP Cap in the aggregate amount of $1,213,228.07 during the period commencing September 1, 2021 through December 31, 2021 and February 1, 2022 through February 28, 2022 and authorization for the Debtors to pay Reed Smith the sum of $285,393.00, which represents the amount requested in excess of the Tier 1 OCP Cap after application of the agreed upon credit in the amount of $23,957.52.

| | |
|---|---|
| Dated: April 18, 2022<br>New York, New York | Respectfully submitted,<br><br>REED SMITH LLP<br><br>/s/ Ann. Kramer<br>Ann V. Kramer<br>599 Lexington Avenue<br>New York, NY  10022-7650<br>Telephone:  (212) 521-5400<br>Facsimile:  (212) 521-5450<br>Email: akramer@reedsmith.com |