**Presentment Date: May 3, 2022 at 10:00 a.m (Prevailing Eastern Time)**
**Objection Deadline: April 29, 2022 at 4:00 p.m. (Prevailing Eastern Time)**

REED SMITH LLP
599 Lexington Avenue
New York, New York 10022
(212) 521-5400
Ann V. Kramer

*Proposed Special Insurance Counsel to*
*the Debtors and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x
                                                                :
In re:                                                          :    Chapter 11
                                                                :
PURDUE PHARMA L.P., *et al.*,                                   :    Case No. 19-23649 (RDD)
                                                                :
                                    Debtors.[1]                 :    (Jointly Administered)
                                                                :
----------------------------------------------------------------x

# DEBTORS' APPLICATION FOR ENTRY OF AN ORDER PURSUANT TO SECTIONS 327(e) AND 328(a) OF THE BANKRUPTCY CODE AUTHORIZING THE RETENTION AND EMPLOYMENT OF REED SMITH LLP AS SPECIAL INSURANCE COUNSEL, *NUNC PRO TUNC* TO MARCH 1, 2022

TO THE HONORABLE ROBERT DRAIN
UNITED STATES BANKRUPTCY JUDGE:

Purdue Pharma L.P. ("PPLP") and its affiliates that are debtors and debtors in possession in these proceedings (collectively, the "Debtors," the "Company" or "Purdue") hereby submit this Application (the "Application") to this Court for an order under sections 327(e) and

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

Pg 2 of 14

328(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Bankruptcy Rules"), authorizing the employment and retention of Reed Smith LLP ("Reed Smith") as special insurance counsel for the Debtors, effective as of March 1, 2022. In support of this Application, the Debtors rely upon the Declaration of Ann V. Kramer in Support of Debtors' Application for Entry of an Order Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code Authorizing the Retention and Employment of Reed Smith LLP as Special Insurance Counsel, Nunc Pro Tunc to March 1, 2022 (the "Kramer Declaration") filed contemporaneously herewith and attached hereto as Exhibit A, and the Declaration of Marc L. Kesselman in Support of Debtors' Application for Entry of an Order Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code Authorizing the Retention and Employment of Reed Smith LLP as Special Insurance Counsel, Nunc Pro Tunc to March 1, 2022 (the "Kesselman Declaration") filed contemporaneously herewith and attached hereto as **Exhibit B**, and respectfully state as follows:

## JURISDICTION AND VENUE

1.  This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* issued by the United States District Court for the Southern District of New York, dated January 31, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.  The relief sought herein is based upon sections 327(e) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Bankruptcy Rule 2014-1.

**BACKGROUND**

3.  On September 15, 2019 (the "Petition Date"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code. The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On September 26, 2019, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the creditors' committee pursuant to section 1102 of the Bankruptcy Code [D.I 131]. No request has been made for the appointment of a trustee in above-captioned chapter 11 cases (the "Chapter 11 Cases"). These Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) and the *Order Directing Joint Administration of Chapter 11 Cases* [D.I. 59] entered by the Court in each of the Chapter 11 Cases. Additional information about the Debtors' businesses and the events leading up to the Petition Date can be found in the Debtors' Informational Brief [D.I. 17].

4.  Reed Smith provided the Debtors' attorneys with an OCP Affidavit and Retention Questionnaire (as each term is defined in the OCP Order) in accordance with the *Order Authorizing Debtors to Employ Professionals Used in the Ordinary Course of Business Nunc Pro Tunc to the Petition Date* [D.I. 548] (the "OCP Order"), which were filed on December 5, 2019 at Docket No. 585. No objections were made with respect thereto. Reed Smith has been employed by the Debtors as an ordinary course professional since the Petition Date.

**RELIEF REQUESTED**

5. In light of the size and complexity of these Chapter 11 Cases, the Debtors respectfully submit that retaining and employing Reed Smith pursuant to the terms of this Application is necessary and in the best interest of the Debtors' estates and all parties in interest in these Chapter 11 Cases. Moreover, because Reed Smith's aggregate fees are approaching the

3

$4,900,000 Tier 1 Case Cap under the OCP Order, absent a further increase to such Tier 1 Case Cap, Reed Smith must be retained as an estate professional under Section 327(e) of the Bankruptcy Code, rather than continue to serve as an ordinary course professional, to be entitled to compensation by the Debtors for its continued provision of legal services. As set forth in the Kramer Declaration, Reed Smith has represented the Debtors with regard to insurance matters since 2008 and has become intimately familiar with the Debtors' businesses and the insurance issues that have arisen or may arise. The services Reed Smith provides have not overlapped and will not overlap, but rather complement, the services provided by the Debtors' general bankruptcy counsel, Davis Polk & Wardwell LLP. Reed Smith has also represented to the Debtors that it neither holds nor represents any interest that is materially adverse to the Debtors' estates in connection with any matter for which it will be employed.

## QUALIFICATIONS AND NATURE OF SERVICES

6.   The Debtors have selected Reed Smith as its special insurance counsel because (a) Reed Smith has represented the Debtors with regard to insurance matters since 2008, including as an ordinary course professional in these Chapter 11 Cases and (b) of the experience and expertise of the firm's attorneys in insurance cases. Reed Smith's insurance recovery practice, which has extensive expertise in insurance litigation, will permit it to fully represent the interests of the Debtors in an efficient and effective manner. Reed Smith maintains offices in 17 U.S. cities and 14 international cities, including the office at 599 Lexington Avenue, New York, New York, 10022. The services provided by Reed Smith include, without limitation, the following: advice and counseling with regard to insurance matters involving the Debtors, including both claims and insurance placement; representation of the Debtors in connection with litigation and/or arbitrations with its insurance companies regarding coverage for claims under insurance policies under which

the Debtors may be insured; and advising the Debtors on insurance matters in connection with plan confirmation and confirmation appeals. The services of Reed Smith are appropriate and necessary to enable the Debtors to execute their duties as debtors and debtors in possession faithfully and to implement the restructuring of the Debtors.

7. Reed Smith's services are intended to complement and not duplicate the services rendered by any other professional retained by the Debtors in these Chapter 11 Cases. Reed Smith will only advise on matters concerning the Debtors' insurance.

## PROFESSIONAL COMPENSATION

8. Reed Smith's requested compensation for professional services rendered to the Debtors, once retained pursuant to sections 327(e) and 328(a) of the Bankruptcy Code, will be based upon the hours actually expended by each assigned attorney or staff member at their customary hourly billing rate, subject to an agreed discount described below. In the normal course of Reed Smith's business, the hourly rates are subject to periodic increases that occur annually. To the extent such hourly rates are increased, Reed Smith requests that, with respect to the work to be performed after such increase, the rates listed below be amended to reflect the increase.

9. Fees to be charged for legal services will be based on Reed Smith's normal and customary hourly rates. The hourly rates, for the Reed Smith personnel who are expected to provide legal services to the Debtors are as follows:

| Professional | Hourly Rate |
|---|---|
| Partners | $715 to $1,400 |
| Associates | $465 to $700 |
| Paralegals, Trainees, Support Staff | $210 to $505 |

The hourly rates billed by Reed Smith's personnel will be adjusted by a tiered discount agreed between Reed Smith and the Debtors. The amount of the discount increases upon reaching an

5

agreed threshold level of fees billed on a gross (undiscounted) basis during the calendar year. For calendar year 2022, the following discounts apply upon reaching the following thresholds based on gross fees billed: in Tier 1, from $0 to $1,125,000, 13.0%; in Tier 2, from $1,125,000 - $2,300,000, 18.0%; in Tier 3, above $2,300,000, 20.0%. The Debtors have agreed to compensate Reed Smith for professional services rendered with this adjustment to Reed Smith's normal and customary hourly rates.

10. The following attorneys and staff are expected to have primary responsibility for providing services to the Debtors (hourly billing rates noted beside the name):

| CLIENT RELATIONSHIP PARTNER/ALL TEAMS | | |
|---|---|---|
| Kramer, Ann V. | Partner | $1,305.00 |

| INSURANCE ADVERSARY PROCEEDING TEAM | | |
|---|---|---|
| Martin, James | Partner | $1,400.00 |
| Breene, Paul E. | Partner | $1,290.00 |
| Berringer, John | Counsel | $1,205.00 |
| Lewis, Richard | Partner | $1,205.00 |
| Law, Timothy | Partner | $1,045.00 |
| Szymanski, Lisa | Partner | $850.00 |
| Crawford Anthony | Partner | $715.00 |
| Kitchen, Adrienne N. | Associate | $660.00 |
| Vieyra, Elizabeth F. | Associate | $600.00 |
| Kim, Esther Y. | Associate | $595.00 |
| Lang, Daniel | Other | $505.00 |
| Tolbert, James | Other | $505.00 |
| Sanroman, Enrique | Other | $445.00 |
| Fogden, Fiona | Staff | $415.00 |
| Nora Sooy | Paralegal | $405.00 |
| DeMaris Scott | Staff | $380.00 |
| Gillin, Amy | Staff | $380.00 |
| Rhea, Shikendra | Paralegal | $315.00 |

| Simmonds, Lianna E. | Paralegal | $300.00 |
|---|---|---|
| Wong, Henry | Staff | $245.00 |
| Stanley, Rebecca L. | Staff | $235.00 |
| Nomura, Holly | Staff | $210.00 |

| **PLAN-RELATED INSURANCE MATTERS TEAM** | | |
|---|---|---|
| Singer, Paul | Partner | $1,275.00 |
| Muha, Andrew | Partner | $880.00 |
| Kerlin, Amy M. | Associate | $575.00 |

| **INTERNATIONAL INSURANCE ARBITRATION TEAM** | | |
|---|---|---|
| Ellison, John N. | Partner | $1,260.00 |
| Hardy, Peter | Partner | $1,140.00 |
| Lewis, Catherine | Associate | $605.00 |
| Firth-Jones, Thomas | Associate | $570.00 |
| Casha, Catriona | Associate | $465.00 |
| Stewart, Heather F. | Trainees | $465.00 |

| **ADMINISTRATION AND RETENTION** | | |
|---|---|---|
| Javian, Aaron | Partner | $1,215.00 |
| Lee, Shaun | Associate | $700.00 |

11.   Reed Smith periodically reviews and adjusts its rates based on attorneys' experience and expertise. The next such adjustment is tentatively scheduled to take place on or around January 1, 2023.

12.   Prior to applying any increases in its hourly rates beyond the rates set forth herein, Reed Smith shall provide ten days' notice of any such increases to the Debtors, the United States Trustee, and any party that files a Notice of Appearance in these cases. Reed Smith understands that these parties in interest retain all rights to object to such rate increase, and the Court retains the right to review any rate increase.

13. In addition to any fees payable by the Debtors' to Reed Smith, the Debtors have agreed to reimburse Reed Smith for its reasonable and necessary engagement-related expenses, including meals, lodging, travel, photocopying, third-party database fees, delivery, service, postage, vendor charges, and other out-of-pocket expenses incurred in providing the services described herein. Such expenses will be included in the total amount billed but shall be billed separately on Reed Smith's invoices.

14. Reed Smith will apply to the Court for allowance of compensation for professional services rendered and reimbursement of expenses incurred in connection with these Chapter 11 Cases, subject to the Court's approval and in accordance with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, Local Bankruptcy Rules, the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases*, dated June 11, 2013, and any other applicable procedures and orders of this Court, including the requirement to file monthly fee statements per the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals*, dated November 21, 2019 [D.I. 529]. Reed Smith recognizes and has agreed to accept as compensation such sums as may be allowed by the Court and understands that interim and final fee awards are subject to approval by the Court.

15. The Debtors believe that the compensation structure described above is consistent with the compensation generally charged by legal professionals of similar stature to Reed Smith for comparable engagements in the United States, both in and out of bankruptcy. Furthermore, Reed Smith confirms that the compensation structure is consistent with Reed Smith's normal and customary billing practices for cases of comparable size and complexity requiring the level and scope of services to be provided to the Debtor.

## REED SMITH'S DISINTERESTEDNESS

16. The Debtors have reviewed the Kramer Declaration and, to the best of the Debtors' knowledge, Reed Smith (a) is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code; (b) does not hold or represent an interest adverse to the Debtors' estates with respect to the matter which Reed Smith is to be employed; and (c) except as disclosed in the Kramer Declaration, has no relevant and disabling connection to the Debtors, and their creditors or related parties.

17. To check and clear potential conflicts of interest in this case, Reed Smith researched its client database to determine whether Reed Smith has any "connections" with the parties listed in Annex 1 of the Kramer Declaration. Reed Smith has acted on matters unrelated to the matter on which Reed Smith is to be employed for certain of those parties of interest, details of such connections are set out in the Kramer Declaration.

18. Given the large number of parties in interest in these Chapter 11 Cases, despite the efforts to identify and disclose Reed Smith's relationships with parties in interest in the Chapter 11 Cases, Reed Smith is unable to state with certainty that every client relationship or other connection has been disclosed in the Kramer Declaration. Reed Smith will make continued inquiries following the filing of this Application, on a periodic basis, with additional disclosures to this Court if necessary or otherwise appropriate.

## BASIS FOR RELIEF

19. The Debtors seek approval of the Reed Smith's retention and compensation structure pursuant to sections 327(e) of the Bankruptcy Code. Section 327(e) of the Bankruptcy Code provides that a debtor, subject to Court approval:

> [M]ay employ, for a specified special purpose, other than to represent the [debtor in possession] in conducting the case, an

> attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. section 327(e). Bankruptcy Rule 2014 requires that applications for retention of professionals include, among other things:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm]'s connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).

20. The Second Circuit has held that where, as here, a trustee seeks to appoint a "special counsel" for a specific matter only, the prohibition on holding or representing an "interest adverse to the estate" applies only to adverse interests "relating to the services which are to be performed by that attorney." In re AroChem Corp., 176 F.3d 610, 622 (2d Cir. 1999) (citations omitted). Reed Smith will only advise on matters concerning the Debtors' insurance, and thus need only not hold or represent adverse interests relating to those particular services. Reed Smith neither holds nor represents any such interests.

21. The Debtors seek approval of the compensation structure as set forth in this Application pursuant to section 328(a) of the Bankruptcy Code. Section 328(a) of the Bankruptcy Code provides, in relevant part, that the Debtors "with the court's approval, may employ or authorize the employment of a professional person under section 327 . . . on any reasonable terms and conditions of employment, including on retainer, on an hourly basis, on a fixed or percentage

fee basis, or on a contingent fee basis," subject to later re-evaluation by the Court. 11 U.S.C. § 328(a).

23. Moreover, Bankruptcy Rule 2014 requires that an application for retention include "specific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States Trustee." Fed. R. Bankr. P. 2014. This Application, the Kramer Declaration, and the Kesselman Declaration set forth the information required under Bankruptcy Rule 2014.

23. The Debtors respectfully submit that they should be authorized to retain and employ Reed Smith in accordance with the terms and conditions set forth in this Application. As discussed above and in the Kramer Declaration, Reed Smith satisfies the disinterestedness standard in section 327(e) of the Bankruptcy Code. The terms and conditions of the engagement were negotiated by the Debtors and Reed Smith at arm's-length and in good faith. Furthermore, the Debtors believe that the compensation set forth in this Application appropriately reflects the nature and scope of services to be provided by Reed Smith and is commensurate with general marketplace rates for legal services. In light of the foregoing, the Debtors believe that the terms and conditions of Reed Smith's retention are fair, reasonable, and market-based under the standards set forth in section 328(a) of the Bankruptcy Code.

## *NUNC PRO TUNC* RETENTION

24. The Debtors submit that employment of Reed Smith effective *nunc pro tunc* to March 1, 2022, is warranted under the circumstances so that Reed Smith may be compensated

11

for the services it rendered and may be reimbursed for expenses it incurred prior to the entry of an order approving Reed Smith's retention pursuant to sections 327(e) and 328(a) of the Bankruptcy Code as set forth in this Application rather than pursuant to the OCP Order.  Further, the Debtors believe that no party in interest will be prejudiced by the granting of *nunc pro tunc* employment because Reed Smith has provided, and will continue to provide, valuable services to the Debtors' estates in the interim period.  Accordingly, the Debtors submit that retaining Reed Smith, *nunc pro tunc* to March 1, 2022, is in the best interest of the Debtors, their estates, creditors, stakeholders and other parties in interest, and therefore, should be approved.

## NOTICE

25. Notice of this Application will be provided to: (a) the entities on the Master Service List (as defined in the Case Management Order and available on the Debtors' case website at https://restructuring.primeclerk.com/purduepharma) and (b) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").

26. A copy of this Application and any order approving it will also be made available on the Debtors' Case Information Website located at https://restructuring.primeclerk.com/purduepharma.  Based on the circumstances surrounding this Application and the nature of the relief requested herein, the Debtors respectfully submit that no further notice is required.

## NO PRIOR REQUEST

27. No previous application for the relief sought herein has been made to this or any other court.

*[Remainder of Page Intentionally Left Blank]*

13

**WHEREFORE**, the Debtors respectfully request the entry of an Order retaining Reed Smith as special counsel for the Debtors, *nunc pro tunc* to March 1, 2022, together with such other and further relief as is just and proper.

DATED: New York, New York
April 19, 2022

PURDUE PHARMA L.P. (for itself and on behalf of its affiliates that are debtors and debtors in possession)
By:

*/s/ Mark L. Kesselman*
Marc L. Kesselman
Executive Vice President, General Counsel & Corporate Secretary Purdue Pharma L.P.