## **EXHIBIT B**

Kesselman Declaration

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                                   :

In re:                                           :          Chapter 11

PURDUE PHARMA L.P., *et al.,*             :          Case No. 19-23649 (RDD)

                           Debtors.[1]            :          (Jointly Administered)

------------------------------------------------------------x

## DECLARATION OF MARC L. KESSELMAN IN SUPPORT OF DEBTORS' APPLICATION FOR ENTRY OF AN ORDER PURSUANT TO SECTIONS 327(e) AND 328(a) OF THE BANKRUPTCY CODE AUTHORIZING THE RETENTION AND EMPLOYMENT OF REED SMITH LLP AS SPECIAL INSURANCE COUNSEL, *NUNC PRO TUNC* TO MARCH 1, 2022

I, Marc L. Kesselman, under penalty of perjury, declare as follows:

1.    I am Executive Vice President, General Counsel and Corporate Secretary of Purdue Pharma L.P. (together with its affiliates that are debtors and debtors in possession in these proceedings, the "Debtors"). [2]

2.    I submit this declaration (this "Declaration") in support of the Debtors' application (the "Application")[2] to retain Reed Smith as special insurance counsel for the Debtors pursuant to sections 327(e) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Capitalized terms not otherwise defined herein shall have the same meaning as ascribed to them in the Application (as hereinafter defined).

2016, and Local Bankruptcy Rules 2014-1 and 2016-1 filed concurrently herewith. Except as otherwise noted, all facts in this Declaration are based on my personal knowledge of the matters set forth herein, information gathered from my review of relevant documents, and information supplied to me by other members of the Debtors' management and the Debtors' advisors.

3. Based on Reed Smith's qualifications as set forth in the Application and the Kramer Declaration, the Debtors have selected to retain Reed Smith to serve as the Debtors' special insurance counsel.

4. This Declaration is provided pursuant to Part D.2 of the Appendix B Guidelines. I am informed by counsel that the Appendix B Guidelines request that any application for employment of an attorney under 11 U.S.C. §§ 327 or 1103 to be accompanied by a verified statement from the client that addresses the following:

- The identity and position of the person making the verification. The person ordinarily should be the general counsel of the debtor or another officer responsible for supervising outside counsel and monitoring and controlling legal costs.

- The steps taken by the client to ensure that the applicant's billing rates and material terms for the engagement are comparable to the applicant's billing rates and terms for other non-bankruptcy engagements and to the billing rates and terms of other comparably skilled professionals.

- The number of firms the client interviewed.

- If the billing rates are not comparable to the applicant's billing rates for other nonbankruptcy engagements and to the billing rates of other comparably skilled professionals, the circumstances warranting the retention of that firm.

- The procedures the client has established to supervise the applicant's fees and expenses and to manage costs. If the procedures for the budgeting, review and approval of fees and expenses differ from those the client regularly employs in nonbankruptcy cases to supervise outside counsel, explain how and why. In addition, describe any efforts to negotiate rates, including rates for routine matters, or in the alternative to delegate such matters to less expensive counsel.

3

## IDENTITY OF THE DECLARANT

5. As Executive Vice President, General Counsel and Corporate Secretary, among other duties, I, together with other members of the Debtors' senior management, am responsible for supervising outside counsel and monitoring and controlling legal costs. In that capacity, I was directly involved in the Debtors' decision to retain Reed Smith to serve as the Debtors' special insurance counsel in these Chapter 11 Cases, and actively participated in negotiating the terms of Reed Smith's employment on behalf of the Debtors.

## STEPS TAKEN TO ENSURE COMPARABILITY OF ENGAGEMENT TERMS

6. I have confirmed with Reed Smith that while Reed Smith's billing rates vary from attorney to attorney based on such factors as the individual attorney's rank (*e.g.*, partner, associate), years of experience, and the demand for services in the attorney's particular area of expertise, their billing rates do not vary as a function of whether the services performed are related to a bankruptcy engagement or a nonbankruptcy engagement.

7. In addition, I have been informed by Reed Smith that its hourly rates are set annually by reference to various annual market surveys and other sources of market information. I have been further informed by Reed Smith that based on these and other sources, including reviews of contemporaneous time records and fee applications filed in other bankruptcy cases, Reed Smith endeavors to set the hourly rates for its attorneys and paraprofessionals at levels at or below those of its principal competitor firms.

## CIRCUMSTANCES WARRANTING RETENTION OF REED SMITH

8. It is my strong belief that it is critical to select advisors with the utmost care to maximize the value of the Debtors' estates, while at the same time focusing on costs to ensure that the Debtors' limited resources are being appropriately utilized.  As noted in the

Application, Reed Smith has represented the Debtors with regard to insurance matters since 2008. During that time, Reed Smith has become intimately familiar with the Debtors' businesses and the insurance issues that have arisen or may arise.  In addition, Reed Smith has extensive experience in, among other areas, insurance litigation and insurance recovery.  I believe, for the above reasons, Reed Smith is both well-qualified and uniquely suited to represent the Debtors' with respect to insurance matters in an efficient and timely manner.

## PROCEDURES ESTABLISHED TO SUPERVISE FEES AND EXPENSES AND MANAGE COSTS

9.   I understand that Reed Smith's fees and expenses will be subject to periodic review on a monthly, interim, and final basis during the course of these Chapter 11 Cases by the U.S. Trustee and parties in interest as well as by the Debtors.

10.   Additionally, as the Debtors' General Counsel, I have a team and processes in place under my direction to monitor legal fees and expenses incurred by the Debtors in order to ensure the reasonableness of such fees and expenses. Any issues are typically then addressed informally between the Debtors and the applicable law firm.  During these Chapter 11 Cases, I and others within the Debtors' legal department will monitor Reed Smith's invoices to ensure that the fees and expenses requested are reasonable in nature and correspond to necessary or beneficial services rendered on behalf of the Debtors and their estates.

11.   Nothing contained in the foregoing is intended to limit Reed Smith's ability to request allowance and payment of fees and expenses pursuant to 11 U.S.C. §§ 330 and 331, nor to restrict Reed Smith's right to contest any objection raised to the allowance or payment of such fees, nor to restrict the Debtors' right to prosecute any such fee objection to the extent it is not resolved informally by the parties or raised by another party in interest (*e.g.*, the U.S. Trustee).

I hereby declare under penalty of perjury under the laws of the United States of America that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Executed this 19th day of April, 2022
at New York, New York

/s/ Mark L. Kesselman
Marc L. Kesselman
Executive Vice President, General Counsel &
Corporate Secretary, Purdue Pharma L.P.