# **EXHIBIT C**

Proposed Order

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------- x
                                                        :
In re:                                                  :    Chapter 11
                                                        :
PURDUE PHARMA L.P., et al.,                             :    Case No. 19-23649 (RDD)
                                                        :
                           Debtors.¹                    :    (Jointly Administered)
                                                        :
------------------------------------------------------- x
```

### ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 327(e) AND 328(a) AUTHORIZING THE RETENTION AND EMPLOYMENT OF REED SMITH LLP AS SPECIAL INSURANCE COUNSEL, *NUNC PRO TUNC* TO MARCH 1, 2022

Upon the application, dated April 19, 2022 (the "Application"),² of the Debtors for the entry of an order, pursuant to sections 327(e) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a), and Local Bankruptcy Rule 2014-1, authorizing the employment and retention of Reed Smith LLP ("Reed Smith") as special insurance counsel to the Debtors, *nunc pro tunc* to March 1, 2022, pursuant to the terms set forth in the Application, and granting such other relief as is just and proper, all as more fully set forth in the Application; and the Court having reviewed the Application, the Kramer Declaration, and the Kesselman Declaration; and the Court being satisfied with the representations made in the Application, the Kramer Declaration, and the Kesselman Declaration that Reed Smith represents no interest adverse to the estates, that it is a "disinterested

---

¹ The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

² Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

person" as that term is defined under section 101(14) of the Bankruptcy Code, and that its employment is necessary; and due and sufficient notice of the Application having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and it appearing that the relief requested by the Application is in the best interests of the Debtors, their estates, their creditors, their stakeholders, and other parties in interest; and after due deliberation thereon, and sufficient cause appearing therefor, it is hereby:

**ORDERED, ADJUDGED, AND DECREED that:**

1. The Application is GRANTED to the extent set forth herein.

2. Pursuant to sections 327(e) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a), and Local Bankruptcy Rule 2014-1, the Debtors, as debtors and debtors in possession, are authorized to employ and retain Reed Smith, effective *nunc pro tunc* to March 1, 2022, to serve as the Debtors special insurance counsel in these Chapter 11 Cases, in accordance with the Application, and this Order.

3. Reed Smith will counsel the Debtors in connection with the Debtors' insurance recovery matters.

4. Reed Smith shall apply for compensation and reimbursement in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules, the Local Bankruptcy Rules, and such other procedures as may be fixed by order of this Court governing professional compensation and reimbursement for services rendered and charges and disbursements incurred, including the requirement to file monthly fee statements per the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals*, dated November 21, 2019 [D.I. 529].

5. Reed Smith shall file fee applications for interim and final allowance of

compensation and reimbursement of expenses pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code, any applicable Bankruptcy Rules, Local Bankruptcy Rules, any orders of this Court, and any procedures as may be fixed by order of this Court.

6. The United States Trustee retains all rights to object to the Reed Smith's interim and final fee applications on all grounds, including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and the Court retains the right to review the interim and final fee applications pursuant to section 330 of the Bankruptcy Code.

7. Prior to applying any increases in its hourly rates beyond the rates set forth in the Application, Reed Smith shall provide ten days' notice of any such increases to the Debtors, the United States Trustee, any Creditors Committee appointed in these cases and will file such notice with the Court. Reed Smith shall file a Supplemental Affidavit with the Court that explains the basis for the rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and states whether the Debtors have received notice of, and approved, the proposed rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

8. In the event of a conflict among the Application, and the express terms of this Order, this Order shall govern.

9. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

10. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

- 5 -

Dated: New York, New York
      [_____], 2022

 

_____
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE