DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
James I. McClammy
Eli J. Vonnegut

*Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.**, *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

**DEBTORS' OBJECTION TO REDBOW NLN'S**
**MOTION OF LIQUIDATION UNDER THE TORT LAWS**

Purdue Pharma L.P. ("**PPLP**") and its affiliates that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**," the "**Company**," or "**Purdue**") respectfully

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717), and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

represent as follows in opposition to the *Motion of Liquidation Under the Tort Laws* (Mar. 11, 2022) [Dkt. No. 4529] (the "**Motion**") filed by Redbow NLN (the "**Movant**"):

1. The Movant requests that the Court "[liquidate] claim number 6492[] due to the fact . . . that on or about December 16[], 2021 [t]his case was [vacated] by the [District] Court[,]" which will prolong these cases "for another two (2) years." (Mot. at 1.) He asserts that the "Court must and should pay out the amount covered [by his] claim . . . under the [Tort] Law Act[]² for . . . pain . . . suffering . . . [and] mental stress." (*Id.* at 2.)

2. Although the Debtors remain sympathetic to all those affected by the opioid crisis, and are committed to moving these cases forward as quickly and efficiently as possible, these cases are not yet at the stage where the Debtors can consider resolving the merits of individual claims like the Movant's and distributing funds on account of individual allowed or accepted claims. Indeed, as the Court has noted in denying prior motions seeking early payment of claims, "the payment in full of [certain] [c]laims but not all claims similarly situated to the [c]laims before the confirmation and effective date of a chapter 11 plan in these cases would violate the fundamental Bankruptcy Code principles of similar treatment of similar claims and the resolution and treatment of general unsecured claims under a chapter 11 plan and is not warranted by any exception to such principles." (*See* Order Denying Mots. for Immediate Claim Payment & to Lift Automatic Stay, at 2 (Jan. 20, 2021), Dkt. No. 2306; Order Denying Mot. for Immediate Claim Payment, at 1-2 (Dec. 16, 2020), Dkt. No. 2145.) For these reasons, "it is

---

² To the extent the Movant asserts that he should be allowed to recover against the Debtors under the Federal Tort Claims Act, this statute only applies to claims asserted against the United States for torts committed by employees of the federal government and thus, does not apply to the Debtors. *See Brownback v. King*, 141 S. Ct. 740, 744 (2021) ("The Federal Tort Claims Act (FTCA) allows a plaintiff to bring certain state-law tort claims <u>against the United States</u> for torts committed <u>by federal employees</u> acting within the scope of their employment.") (emphasis added).

highly unusual, unless there [is] a net benefit to the other creditors, to pay a pre-petition, unsecured claim [like the Movant's] before similarly situated claims are paid." (Jan. 20, 2021 Omnibus Hr'g Tr. 70:25-71:3.) Allowing payment of the Movant's claim before the payment of other similarly situated claims and in full "would unduly prefer [the Movant] over the other claimants." (*Id.* at 71:13-14.)

3. The Debtors have consulted with counsel to the Official Committee of Unsecured Creditors (the "**Creditors' Committee**") and the Ad Hoc Group of Individual Victims (the "**PI Group**"), and both the Creditors' Committee and PI Group support the relief requested herein. Accordingly, for the reasons set forth above, the Debtors request that the Court deny the Motion without prejudice to his claim or to the rights of the Movant, the Debtors, or any other parties in interest with respect to his claim.

Dated: April 20, 2022
      New York, New York

      */s/ James I. McClammy*
      DAVIS POLK & WARDWELL LLP
      450 Lexington Avenue
      New York, New York 10017
      Telephone: (212) 450-4000
      Facsimile: (212) 701-5800
      Marshall S. Huebner
      Benjamin S. Kaminetzky
      James I. McClammy
      Eli J. Vonnegut

      *Counsel to the Debtors*
      *and Debtors in Possession*