DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
James I. McClammy
Eli J. Vonnegut

*Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.**, *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

**DEBTORS' OMNIBUS OBJECTION TO MARIA ECKE'S MOTIONS**
**(I) FOR RECONSIDERATION AND (II) TO ACCEPT PERSONAL INJURY**
**CLAIM NO. 628554 FOR THE ESTATE OF DAVID JONATHAN ECKE**

Purdue Pharma L.P. ("**PPLP**") and its affiliates that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**," the "**Company**," or "**Purdue**") respectfully represent as follows in objection to the *Motion for Reconsideration* (Jan. 20, 2022) [Dkt. No.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717), and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

4296] (the "**Reconsideration Motion**") and the *Motion to Accept the Personal Injury Claim No. 628554 for the Estate of David Jonathan Ecke* (Jan. 20, 2022) [Dkt. No. 4297] (the "**Late Claim Motion**," with the Reconsideration Motion, the "**Motions**") filed by Maria Ecke ("**Ms. Ecke**"):

    1.    With respect to the Reconsideration Motion, Ms. Ecke asks that this Court "add[] the Estate of David Jonathan Ecke . . . so that [Ms. Ecke] may start a foundation for David Jonathan Ecke—"A Star of David" to benefit other mothers, dads, and families that have lost loved ones due to opioids." (Reconsideration Mot. at 1.) Ms. Ecke also "request[s] that a portion of the claim go to Hearts of Hope, a nonprofit mother's group that has tried to help [her] heal from [her] devastating loss." (*Id.*) In the Late Claim Motion, Ms. Ecke states that she "did not know that [she] was required to file a proof of injury claim for [her] son David Jonathan Ecke prior to the bar date," and asks that the Court "accept th[e] [c]laim on behalf of [her] deceased son" to help start the foundation and make the donation described above. (Late Claim Mot. at 1.) Notably, Ms. Ecke previously filed, and this Court twice denied, a motion requesting early payment with respect to claims filed by Ms. Ecke and three other individuals based on the death of her son. (Order Denying Mot. For Immediate Claim Payment (Dec. 16, 2020), Dkt. No. 2145; Order Denying Mot. for Recons. & Recusal (Jan. 11, 2022), Dkt. No. 4278.)

    2.    To the extent that the Motions collectively seek reconsideration of this Court's prior orders denying her early claim payment request, Ms. Ecke has not carried her burden for such relief. Reconsideration of the Court's order is only proper where a movant establishes "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . (3) fraud . . . misrepresentation, or misconduct by an opposing party; (4) [that] the judgment is void; (5) [that] the judgment has been satisfied, released, or discharged . . . ; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b) (made applicable through Fed. R. Bankr. P.

2

9024). "The burden of proof is on the party seeking the relief," and such relief "is properly granted only upon a showing of exceptional circumstances." *U.S. v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001). Moreover, "a Rule 60 motion may not be used as a substitute for appeal." *In re Kirwan Offices S.a.R.L.*, 792 F. App'x 99, 104 (2d Cir. 2019) (quoting *United Airlines, Inc. v. Brien*, 588 F.3d 158, 176 (2d Cir. 2009)). Apart from demonstrating Ms. Ecke's continued wish to receive payment based on her son's death, the Motions do not set forth any grounds for reconsideration of this Court's prior orders denying her request for early claim payment. Accordingly, Ms. Ecke has not carried her heavy burden, and the Motions should be denied.

3.     To the extent that the Motions collectively seek to have a late proof of claim filed on behalf of the Estate of David Johnathan Ecke allowed as timely, the Motions fail on their merits. **First**, the request does not satisfy Federal Rule of Bankruptcy Procedure 9006(b)(1)'s standard for "excusable neglect." A court's determination of whether a late-claimant has demonstrated that the neglect was excusable is an "equitable one, taking account of all relevant circumstances surrounding the party's omission," and guided by the so-called *Pioneer* factors— "[1] the danger of prejudice to the debtor, [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *In re Enron Corp., 419 F.3d 115, 122 (2d Cir. 2005)* (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). "The Second Circuit focuses its excusable neglect standard on the third factor—the reason for the delay . . . and the other three are significant only in close cases." *In re DPH Holdings Corp.*, 434 B.R. 77, 83 (S.D.N.Y. 2010). This accords with this Court's warning that "unless there's a good reason why the deadline could not be complied with, the

3

request for an extension is normally denied, [especially] when there has been a lengthy [bar date] period, such as provided for here." (June 3, 2020 Bar Date Ext. Mot. Hr'g Tr. 34:7-11.)

4.  Here, with respect to the third factor, Ms. Ecke merely represents that she "did not know that [she] was required to file a proof of injury claim for [her] son David Jonathan Ecke prior to the bar date," without any further detail. That representation does not square with, as discussed below, Ms. Ecke's prior timely filing of a proof of claim before the extended general bar date, nor does it explain Ms. Ecke's filing of the Motions now, almost fourteen months after she began actively participating in these chapter 11 cases. (*See, e.g.,* Mot. for Claim Payment (Nov. 24, 2020), Dkt. No. 2032.) Moreover, although failure to provide an adequate reason for delay is alone sufficient to deny the Motions, *In re DPH Holdings*, 434 B.R. at 83, Ms. Ecke also has not attempted to make any showing with respect to the remaining three factors. While the Debtors do not have any reason to believe that Ms. Ecke has not brought her Motions in good faith, the risk of "opening the floodgates" to additional latecomers seeking to assert claims against the Debtors based on similarly deficient allegations, and take part in distributions from the Debtors' estates—to the prejudice and detriment of both the Debtors and, more importantly, their creditors—is real. Indeed, the number of late claim motions to be heard by the Court at the April 27, 2022 omnibus hearing is notably higher than in prior months. *See, e.g.*, *In re Enron,* 419 F.3d at 132 (finding that bankruptcy court properly considered "the opening of the 'floodgates' to similar claims" and "the number of *potential* claimants who might have been prompted to file late claims in the wake of a ruling in [the movant]'s favor" in denying late claim motion); *In re Lehman Bros. Holdings Inc.*, 433 B.R. 113, 120-21 (Bankr. S.D.N.Y. 2010) ("[T]he prejudice to the [d]ebtors is not traceable to the filing of any single additional claim but to the impact of permitting exceptions that will encourage others to seek similar leniency."); *In*

4

*re Nutri\*Bevco, Inc.*, 117 B.R. 771, 781 (Bankr. S.D.N.Y. 1990) ("Bar dates protect not only the debtor's interests, but creditors' interests as well [because they] establish[] a date by which the plan proponent can determine which liabilities will be asserted against the estate."); *see also* Jan. 24, 2020 Omnibus Hr'g Tr. 64: 8-12 ("[T]he rationale[] here for having a bar date . . . is perhaps more important in this case than some other cases" because it is imperative to know "who individuals are who say they have a material claim."). Finally, the delay is substantial—with the late claim having been filed nearly sixteen months after the extended general bar date.

5. **Second**, the relief requested is either unnecessary or inappropriate. As an initial matter, Ms. Ecke has already filed a timely proof of claim based on the death of her son. If Ms. Ecke wishes to amend her claim to add additional information, including regarding her intended uses for any funds recovered, she may do so by submitting an amended claim to Prime Clerk LLC ("**Prime Clerk**"), either via mail or electronically through Prime Clerk's restructuring website for these chapter 11 cases.[2] Accordingly, no additional relief is necessary.

6. If, however, Ms. Ecke wishes to recover *twice* based on the death of her son— once with respect to the timely claim already filed and again with respect to a new claim to support a foundation or donation—that relief is inappropriate. Indeed, double relief on account of the same harm is permitted under neither the common law nor the personal injury trust distributions procedures contemplated to govern allocation of funds to personal injury claimants in these chapter 11 cases. (*See Gionfriddo v. Gartenhaus Cafe*, 211 Conn. 67, 71 (1989) ("'[A] plaintiff may be compensated only once for his just damages for the same injury.'"); Non-NAS PI TDP, § 2(b)(ii), Ex. I, Sixteenth Plan Suppl. (Aug. 26, 2021), Dkt. No. 3655 ("[A]ny Distribution to a Non-NAS PI Claimant on account of his/her Non-NAS PI Claim is deemed to

---

[2] *See* https://restructuring.primeclerk.com/purduepharma/EPOC-Index

be a distribution in satisfaction of all Non-NAS PI Channeled Claims held by such Non-NAS PI Claimant with respect to the injuries that are the subject of his/her Non-NAS PI Claim."); *see also* Heirship Decl. for the Individual Purdue Pharma L.P. PI Trust Distribution Procedure for Non-NAS Claimants, § III, Ex. F. Non-NAS PI TDP (Aug. 10, 2021), Dkt. No. 3528 (requiring the claimant to "identify the name and address of all persons who may have a legal right to *share* in any settlement payment on behalf of the claim of the Decedent") (emphasis added).) Accordingly, to the extent that the Motions request double relief on account of the death of Ms. Ecke's son, the Motions should be denied.

7. The Debtors have consulted with counsel to the Official Committee of Unsecured Creditors (the "**Creditors' Committee**") and the Ad Hoc Group of Individual Victims (the "**PI Group**"), and both the Creditors' Committee and the PI Group support denial of the Motions. For the reasons set forth above, the Debtors respectfully request that the Court deny the Motions.

Dated: April 20, 2022
      New York, New York

                                       */s/ James I. McClammy*
                                       DAVIS POLK & WARDWELL LLP
                                       450 Lexington Avenue
                                       New York, New York 10017
                                       Telephone: (212) 450-4000
                                       Facsimile: (212) 701-5800
                                       Marshall S. Huebner
                                       Benjamin S. Kaminetzky
                                       James I. McClammy
                                       Eli J. Vonnegut

                                       *Counsel to the Debtors*
                                       *and Debtors in Possession*