April 25, 2022

Maria Ecke

Richard Ecke

Andrew Ecke

Peter Sottile

8 Glenbrook Drive

West Simsbury, CT 06092

Pro Se

sagitarianm2004@yahoo.com

860-658-7745

**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| PURDUE PHARMA L.P. et al., | Case No. 19-23646 (RDD) |

# MOTION FOR RECONSIDERATION AMENDED

## DAVID'S CLAIM #628554 – HEARING April 27, 2022 at 10:00am

Good morning, Judge Drain:

I am asking to find out what happened to my deceased son, David Jonathan Ecke's Claim # 628554. I filed this Claim late because I never received an order from the Court to allow it. The Claim was filed a long time ago and I spoke to Arik Preis, Attorney from the Unsecured Creditor's Committee who assured me that he would speak to the Sackler Attorneys to approve it because Attorney Preis had omitted to tell me to file a claim initially. Perhaps it was lost as Peter Sottile's Claim #16817 was, which was omitted from the District Court's paperwork? I need David Jonathan Ecke's Claim # 628554 to begin a nonprofit entitled "Star for David" to benefit Ukrainians who have been hit very hard by both the Russians and the Purdue Pharma L.P. which includes Mallinckrodt. Purdue case number 19-23646(RDD) and case number 20-12522(JTD) for Mallinckrodt in Delaware are conjoined because both companies are owned by members of the Sackler family who produce deadly opioids which kill millions of people throughout the world.

Ever since the Sacklers robbed me of my son, David Jonathan Ecke, I have been depressed and at moment I have time lapses. Days go into weeks, weeks go into months, months go into years with my very bad depression I simply lost track of time, and also had trouble with lawyers and statements that they were prolonging the final claim date I am now stating that my claim has been sent in and the Estate of David Jonathan Ecke should legally be able to be included.

When I first filed my Claim Forms for Purdue Pharma et al. with the Prime Clerk on April 12, 2020, for Richard Ecke, Andrew Ecke, Peter Sottile, and myself, Maria Ecke with the last four digits of our Social Security numbers on the original claim form, the instructional paperwork states "Creditor (also referred as "You" throughout) shall provide information responsive to the questions set forth below. Creditors may include parents, foster parents, and guardians submitting claims on behalf of minors with Neonatal Abstinence Syndrome("NAS")"......." If you are unable to answer certain questions at this time, the abstinence of an answer, by itself, will not result in the denial of Your claim, You may be asked or required to provide additional information at a later date. *You may amend or supplement Your claim after it is Filed*

The key here is that I, Maria Ecke, an old, white, divorced woman who has suffered because of this drug with the death of her firstborn son, I am amending my claim as are Richard Ecke, Andrew Ecke, and Peter Sottile to include the future injuries that this Purdue and Mallinckrodt Bankruptcy has caused me and the others. Part 5 states: "Do you believe You have any other claims against the Debtors based on or involving the Debtors' production, marketing, and sale of Purdue Opioids that are not based on personal injury?" My answer should now state "yes" due to what has gone on in both the Purdue Pharma et al bankruptcy trial and the Mallinckrodt PLC, et al trial in the United States Bankruptcy Courts.

In the Southern District of New York, Honorable Judge Drain your Order was entitled '**FINDING OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING THE TWELFTH AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION OF PURDUE PHARMA L.P. AND ITS AFFILIATED DEBTORS"**. The Mallinckrodt PLC restructuring in the Bankruptcy Court in the District of Delaware Case No. 20-12522 (JTD) with Honorable Judge John T. Dorsey *the order was entitled "FINDING OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING FOURTH AMENDED JOINT PLAN OF REORGANIZATION (WITH TECHNICAL MODIFICATIONS) OF MALLINCKRODT PLC AND ITS DEBTOR"*. Both of these cases involve the Sackler family who owns these companies and the cases are very similar because many victims have died due to opioids.

In an undated letter concerning Mallinckrodt Case No. 20-12522(JTD), Attorney Arik Preis writes: "Dear Sir or Madam: Hello. My name is Arik Preis, and I am one of the lead lawyers representing the Official Committee of Opioid-Related Claimants (the "OCC") in the chapter 11 cases of Mallinckrodt PLC and its affiliates (collectively, "MLNK"). The OCC is made up of: (1) Kathy Strain, a grandmother and mother of opioid abuse victims; (2) Brendan Berthold, the spouse of a deceased opioid abuse victim; (3) Garrett Hade, an opioid victim; (4) Dr. Michael Masiowski, an emergency room physician: (5) Care Health Centers, a hospital; and (6) Blue Cross Blue Shield, These six members have dedicated their time for almost a year, on a volunteer basis, to serving as the officially appointed fiduciaries for all Opioid Claimants in the "MLNK" chapter 11 cases, including States, political subdivisions, Native American Tribes, public school districts, personal injury victims (including NAS), hospitals, third-party payers, emergency room physicians, and others.

You are receiving this letter because **YOU MAY BE ABLE TO VOTE ON MLNK'S CHAPTER 11 OF REORGANIZATION (THE "PLAN"),** which sets forth the treatment for all claimants in the cases. In the attached Notice, you will find information about how to get details about the Plan and a link where you can vote if you are eligible and would like to do so. The deadline to vote on the Plan is coming up soon. For all Claimants other than Opioid Claimants not represented by a lawyer (sometimes called "pro se"), the deadline is October 13, 2021. However, *FOR OPIOID CLAIMANTS NOT REPRESENTED BY A LAWYER, THE DEADLINE IS <u>OCTOBER 20, 2021</u>.*

In addition, I am adding parts of a letter from the OCC that was sent to all the potential Opioid Claimants in the MLNK cases setting forth some information regarding the work the OCC has done in the chapter 11 cases and the OCC's view of the Plan, including their recommendation that *anyone eligible to vote on the Plan vote in favor of it." In addition, on the very first ballot, due by October 20, 2021, there was a $1 paid to vote. Why did we have to pay $1 to vote if we were the Plaintiffs, who paid the $1, and where did the $1 go to? Why is Arik Preis, an Attorney who is also on the Unsecured Creditors Committee ("UCC") of the Purdue opioid committee in the Purdue Hearings so adamant that we vote in favor of Mallinckrodt PLC's Plan? In addition, why is he on both Committees? Is that not a conflict of interest and Court prejudice?* In addition, there are errors on Prime Clerk's website where you cannot access documents, especially with the rearrangement of Prime Clerk to Kroll Restructuring Administration concerning both Mallinckrodt and Purdue.

### "THE PLAN'S RELEASE OF THIRD-PARTY CLAIMS IS PRECLUSIVE AS TO THOSE CLAIMS AND THEREFORE CONSTITUTES A "FINAL JUDGEMENT" ON THEM, IMPLICATING THE CONSTITUTIONAL LIMITS OF STERN V. MARSHALL"

I respectfully disagree with this Court's holding and submit the Supreme Court's decisions in *Travelers Indemnity Co. v Bailey, 557 U.S. 137(2009 and Stroll v. Gottlieb, 305 U.S. 165(1938)* urge a different result. "Three of the eleven Circuits – the Fifth, Ninth, and Tenth – reject entirely the notion that a court can authorize non-debtor releases outside the asbestos context. See In re Pacific Lumber Co., 584 F.3d 229, 252 (5th Cir. 2009); In re Lowenschuss, 67 F.3d 1394, 1401-02 (9th Cir. 1995); In re W. Real Estate Fund, 922 F.2d 592, 600 (10th Cir. 1990). Those courts read § 524(e) as barring 19-23649-rdd Doc 4246 Filed 12/22/21 Entered 12/22/21 11:26:05 Main Document Case 7:21-cv-07532-CM Document 279 Filed 12/16/21 Page 117 of 142 Pg 117 of 142 118 the granting of such relief – put otherwise, they under Congress' use of the phrase "Notwithstanding the provisions of §524(e)" in § 524(g) as creating an exception to an otherwise applicable rule." by Judge McMahon on Page 117 and 118 of "DECISION AND ORDER ON APPEAL", Case 21 cv 7532 (Master Case).

Page 38 of the Docket 6608 signed by Judge Dorsey for Mallinckrodt on February 8, 2022, states: "While the Objecting Parties cross-examined Debtor's witnesses, no one put on any evidence to contradict Debtors on the issue of fairness of the Opioid Releases." Yet he concludes that the Opioid Releases are fair but Judge McMahon of the United States District Court Southern District of New York said: "In particular, a bankruptcy court lacks the **constitutional authority to enter a final judgment in a proceeding over which it has only "related to" subject matter jurisdiction unless all parties consent.** Any doubt on that score was put to rest by the United States Supreme Court in Stern v. Marshall, 564 U.S. 462 (2011). In that case, the Supreme Court held that a bankruptcy court lacked constitutional power to adjudicate and enter judgment on a counterclaim asserted by a debtor, Vickie Marshall (aka Anna Nicole Smith) in an adversary proceeding that a creditor (her stepson) had filed against her. The

counterclaim (for tortious interference with an inter Vivos gift from the debtor Marshall's late husband, who was also the creditor's father) did not arise under title 11, nor did it arise in a title 11 case. Even though the claim was asserted in the context of a bankruptcy proceeding, it existed prior to and was independent of debtor Marshall's bankruptcy case." Docket 4246, Case 21 cv 7532, by Judge McMahon.

"The correct constitutional question, and the question on which the Bankruptcy Court should have focused in this case, is whether the third-party claims released and enjoined by the Bankruptcy Court either stems from the bankruptcy itself or would necessarily be resolved in the claims allowance process – not whether the release and injunction are "integral to the restructuring of the debtor-creditor relationship." Page 78 of Docket 4246. Decision and Order on Appeal, by Judge McMahon.

### THE PURDUE AND MALLINCKRODT RELEASES ARE ILLEGAL BECAUSE THEY PURPORT TO OVERRIDE 11 U.S.C. 523(A)(7)

The Purdue and Mallinckrodt Releases are not permitted by the Bankruptcy Code because non-debtor employees of Purdue and Mallinckrodt cannot receive a broader discharge from governmental penalties claims through Mallinckrodt's corporate bankruptcy filing than they could if they filed personal bankruptcy. Metromedia warned that "a non-debtor release is a device that lends itself to abuse......In form, it is a release; *in effect, it may operate as a bankruptcy discharge arranged without a filing and without safeguards of the Code." 416F.3d at 142 (emphasis added)* The Purdue and Mallinckrodt releases are an abuse of the bankruptcy process they purport to extinguish law enforced claims for civil penalties against Mallinckrodt who could have never had these claims extinguished even if they filed bankruptcy themselves, in direct contravention of 11 U.S.C. 523(a)(7).

"In assessing a court's jurisdiction to enjoin a third-party dispute under a plan, the question is not whether the court has jurisdiction over the settlement that incorporates the third-party release, but whether it has jurisdiction over the attempts to enjoin the creditors' unasserted claims against the third party. That proposition applies with equal force to a bankruptcy court's Stern authority." Page 79 of Decision and Order on Appeal, Docket 4246, by Judge McMahon.

Since Arik Preis, Attorney for both the UCC and the OCC, and I had a few oral conversations and several email conversations, I would like to present one of them:

**Preis, Arik** <apreis@akingump.com>

To:MARIA ECKE,Ellen Isaacs,Ronald Bass
Cc:'Schwartzberg, Paul (USTP)',Preis, Arik, Brauner, Sara,Lisovicz, Edan,Salwen, Jamesand 1 more...
Thu, Mar 24 at 5:56 PM

Maria:

1.  In light of the fact that you did not file an objection to the MLNK Plan, I did not think you would appeal.

2.  *It is not the role of the Official Opioid Claimants Committee to proactively notify any parties, much less those who the OCC thinks may appeal the Plan, of the appellate timeline. Our job is to be a fiduciary of all Opioid Claimants and to do what is in the best interests of all Opioid Claimants, writ large.*

3. I would note that the OCC – and (a) almost every Opioid Claimant and (b) every Opioid Claimant group in the case – supports the Plan.

4. I would note for you that the US Trustee office – which objected to the MLNK Plan – did not appeal.

5. I would also note for you that no Opioid claimant appealed the MLNK Plan.6. I would note that Paul is the US Trustee for the Southern District of New York (where Purdue filed for bankruptcy), but he is not the US Trustee for the District of Delaware (where Mallinckrodt filed for bankruptcy). I have copied him only because you included him in your email.

Thanks,

Arik

Arik Preis

Akin Gump Strauss Hauer & Feld

One Bryant Park

NY, NY  10036

Office: 212-872-7418

Cell: 646-483-2957

apreis@akingump.com

**From:** MARIA ECKE <sagitarianm2004@yahoo.com>
**Sent:** Thursday, March 24, 2022, 5:27 PM
**To:** Preis, Arik <apreis@akingump.com>; Ellen Isaacs <ryansopc@gmail.com>; Ronald Bass <ronaldbass12345@gmail.com>; Schwartzberg Paul (USTP) <paul.schwartzberg@usdoj.gov>
**Subject:** Mallinckrodt

# Dear Arik Preis:

## You should have advised us to appeal the process. We need to know how to DO THAT APPEAL

## NOW!!!!! ASAP!!!! OR SOMETHING SINCE YOU AND THE UCC DID NOT ADVISE US ON WHEN TO APPEAL OR THE DATES!!!!

# THAT WAS YOUR JOB TO DO!!!!! YOU WERE WELL AWARE THAT WE WOULD OBJECT!

## Sincerely,

## Maria Ecke

Page 47 of Judge Dorsey's Docket 6608 states: "The ballots included instructions on how to opt-out of the releases contained in the plan." There was no way to opt-out on the online voting ballot much less why would Arik Preis think that I **WOULD NOT APPEAL. AM I NOT A CLAIMANT?** Michael McAteer in his capacity as Examiner in The High Court, 2022 No. 25 COS should consider the votes that Americans filed including the votes of Richard Ecke, Andrew Ecke, Peter Sottile, and Maria Ecke which were timely filed. **Once again, I ask why was Arik Preis of Akin Gump on the Unsecured Creditors Committee (UCC) for Purdue and the Official Committee of Opioid Related Claimants (OCC) for Mallinckrodt telling me that I DID NOT VOTE when indeed I did vote two times. Arik Preis was supposed to help all Claimants in both cases. Am I not a Claimant? Is this not a conflict of interest and Court prejudice?**

Prime Clerk's website was not working well on March 24, 2022. I had voted much earlier that day. Once again on this date April 21, 2022, in the morning at/or around 11.09 am I spoke with George than Brandon, a Supervisor at Kroll, who advised me to request a copy of my vote by going to mallinckrodtsolicitation@primeclerk.com yet this is the wrong email and I could not access all Mallinckrodt documents on this date either especially the appeals. This has happened on Prime Clerk for Purdue many times also.

"A nonconsensual third-party release is essentially a final judgment against the claimant, in favor of the non-debtor, entered "without any hearing on the merits." In re Aegean Marine Petroleum Network Inc., 599 B.R. 717, 725 (Bankr. S.D.N.Y. 2019) (citing In re Digital Impact, 223 B.R. 1, 13 n. 6 (Bankr. N.D. Okla.. 1998)) (noting that a third-party release has "the effect of a judgment – a judgment against the claimant and in favor of the non-debtor, accomplished without due process."). Page 80 of Docket 4246, Decision and Order on Appeal, by Judge McMahon.

"The Appellants, in this case, do not want to settle their claims against the non-debtors – at least, not on the terms set forth in the Plan. This "settlement" is non-consensual – which means that, under Stern, a bankruptcy court cannot enter the order that finally disposes of their claims against those non-debtors. Nor is there any doubt that the entry of an order releasing a claim has former adjudication." Docket 4246.

"The Supreme Court ruled that Congress could not "withdraw from judicial cognizance any matter which, from its nature, is the subject of a suit at common law, or in equity, or in admiralty." Murray's Lessee v. Hoboken Land & Improvement Co., 59 U.S. 272, 284 (1855). Because Marshall's counterclaim for tortious interference was just such a claim, it could only be adjudicated to final judgment by an Article III court; and Congress had no power to alter that simply because the counterclaim might have "some bearing on a bankruptcy case." Stern, 564 U.S. at 499." Page 76 and 77 of Docket 4246, Decision and Order on Appeal, by Judge McMahon.

In Docket 6660, Judge Dorsey states: "In aggregate, the Additional Opioid Notice Plan collectively served over 1.1 billion impressions in the U.S. and the U.S. Territories and 324 million impressions in Canada. The Case 20-12522-JTD Doc 6660 Filed 03/02/22 Page 66 of 200 67 Debtors' designated opioid claimant website, www.MNKVote.com, received more than 310,900 website visitors with 368,100 page views and provided potential Opioid Claimants with a customized online Ballot to cast a vote on the Plan.

120. Additionally, and as part of the Additional Opioid Notice Plan, and in accordance with the Disclosure Statement Order, on September 30, 2021, certain notice materials and explanatory letters prepared by the Debtors and the Official Committee of Opioid-Related Claimants were mailed to approximately 31,495 pro se opioid creditors with opioid-related claims in the Purdue Pharma L.P. chapter 11 cases [see Docket No. 4587].

121. As a result, this Court determines that the Additional Opioid Notice Plan was reasonable and appropriate, and provided due, proper, adequate, timely, and sufficient notice of, among other things, the Chapter 11 Cases, the Plan, the Voting Deadline, the Opioid Voting Deadline, the Confirmation Hearing, the procedures to cast a vote on the Plan, the releases, the exculpatory provisions, and the injunctions set forth in Article IX of the Plan, including the Opioid Permanent Channeling Injunction, in satisfaction of the requirements of Bankruptcy Rule 3016(c), to both known and unknown Holders of Opioid Claims, and that such parties have had an opportunity to appear and be heard with respect thereto, and such that both known and unknown Holders of Opioid Claims are bound by the terms of the Plan. The Court also finds that notice was reasonably calculated, under all the circumstances, to apprise Opioid Claimants of the Chapter 11 Cases and the Confirmation Hearing, and afford them an opportunity to present their objections to the Plan as set forth in Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950). EE. THE OPIOID PERMANENT CHANNELING INJUNCTION AND THE FUTURE CLAIMANTS' REPRESENTATIVE " Judge Dorsey, Docket 6660, Page-67. Since Prime Clerk's website was not working many times in both Purdue and Mallinckrodt cases there was not enough notice given and there were too many "classes" subdivided by the Debtors. I guess "Gallia est omnis divisa in partes tres" (all Gaul is divided into three parts) as Caesar would say meaning to divide is to conquer. Indeed, why did the Debtors and the Courts decide to divide the Creditors into so many classes?

"On and after the Effective Date, except as otherwise provided in the Plan and the Opioid Operating Injunction, each Reorganized Debtor may operate its business and may use, acquire, encumber, or dispose of property and compromise or settle any Claims, Interests, or Causes of Action without supervision or approval by the Bankruptcy Court and free of any restrictions of the Bankruptcy Code or Bankruptcy Rules, including for the avoidance of doubt any restrictions on the use, acquisition, sale, lease, or disposal of property under section 363 of the Bankruptcy Code. Reorganized Mallinckrodt shall not, and neither shall any of its other subsidiaries, other than the Reorganized VI-Specific Debtors, be involved in the sale or distribution of opioids classified as DEA Schedule II–IV drugs in the future." Page 79 of Docket 6660, Judge Dorsey.

"3. Releases and Injunctions. Article IX of the plan contains important release, exculpation, and injunction provisions. You should review these provisions carefully. Further, specifically with respect to the Opioid Permanent Channeling Injunction (as defined in the Plan), the Plan channels all Opioid Claims to various opioid trusts for payment and forever prohibits all opioid claimants from asserting any Opioid Claim against or seeking any money on account of any Opioid Claim from the Debtors, their officers, and

directors and certain other parties specified in the Plan as "Protected Parties" regardless of whether such claimants vote on the Plan or assert claims against an opioid trust at a later date. Information about the releases, exculpation, and injunction provisions (including the Opioid Permanent Channeling Injunction) under the Plan can be found https://www.restructuring.primeclerk.com/Mallinckrodt." Page 4, Docket 6718, by Judge Dorsey. Could Judge Dorsey have erred? Why is it that the decision of the United States Trustee for Region 3 different from the decision of the United States Trustee for Region 2 which appealed "FINDING OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING THE TWELFTH AMENDED JOINT CHAPTER 11 PLAN OR REORGANIZATION OF PURDUE PHARMA L.P. AND ITS AFFILIATED DEBTORS"? Docket 6718, Page 3, NOTICE OF ENTRY OF ORDER CONFIRMING THE FOURTH AMENDED JOINT PLAN OF REORGANIZATION (WITH TECHNICAL MODIFICATIONS) OF MALLINCKRODT PLC AND ITS DEBTOR AFFILIATES UNDER CHAPTER 11 OF THE BANKRUPTCY CODE, by Judge Dorsey.

### MOTION TO INTERVENE IN MALLINCKRODT PLC CASE NO. 20-12522 AND OBJECTION TO MALLINCKRODT CASE NO. 20-12522 FROM ORDER SHORTENING THE NOTICE AND OBJECTION PERIODS AND WAIVING LOCAL RULE 9006-1(c)(ii)

"Order Shortening the Notice and Objection Periods and Waiving Local Rule 9006-1(c)(ii) with Respect to the Motion of the Debtors for Entry of Order Extending Outside Termination Date Under Cash Collateral Order by 30 Days and Granting Related Relief [Docket No. 7111] granting the relief requested in the Motion to Shorten (the "Order Shortening Notice"). You were previously served with a copy of the Order Shortening Notice. Docket 7118, Case 20-12522 with Judge Dorsey." I, Maria Ecke, Richard Ecke, Andrew Ecke, and Peter Sottile were not served with any copy from the Debtors concerning this.

### CERTIFICATION REGARDING TRANSCRIPT

Under Bankruptcy Rule 8009(b)(1) I, Maria Ecke is certifying that this is being mailed by United States Postal Service on April 22, 2022, to United States Bankruptcy Court District of Delaware, 824 Market Street North, 3rd Floor, Wilmington, Delaware 19801 and emailed to the United States Bankruptcy Court Southern District of New York, Judge McMahon of the United States District Court, to Mediator Judge Shelley C. Chapman of the United States Bankruptcy Court, 1 Bowling Green, New York, New York 10004 via Jaime Eisen, Law Clerk, to the United States Court of Appeals for the Second Circuit, and all parties on record with the United States Court of Appeals for the Second Circuit.

Respectfully Submitted,

/S/Maria Ecke

Pro Se

C/o of the Office of Maria Ecke

8 Glenbrook Drive

West Simsbury, CT 06092

(860) 658-7745

sagitarianm2004@yahoo.com