**Hearing Date and Time: May 18, 2022 at 10:00 a.m. (prevailing Eastern Time)**
**Objection Date and Time: May 11, 2022 at 4:00 p.m. (prevailing Eastern Time)**

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
James I. McClammy
Eli J. Vonnegut
Darren S. Klein
Dylan A. Consla

*Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (RDD)** |
| **Debtors.**[1] | **(Jointly Administered)** |

**NOTICE OF HEARING ON MOTION FOR ENTRY OF ORDER PURSUANT TO 11 U.S.C. §§ 105(A), 107(B) AND FED. R. BANKR. P. 9018 AUTHORIZING THE FILING OF CERTAIN INFORMATION UNDER SEAL IN CONNECTION WITH THE MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING IMPLEMENTATION OF 2022 KEY EMPLOYEE INCENTIVE PLAN AND 2022 KEY EMPLOYEE RETENTION PLAN**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

PLEASE TAKE NOTICE that on April 27, 2022, the above-captioned debtors and debtors in possession in these proceedings (collectively, the "**Debtors**") filed the annexed *Motion for Entry of Order Pursuant to 11 U.S.C. §§ 105(a), 107(b) and Fed. R. Bankr. P. 9018 Authorizing the Filing of Certain Information under Seal in Connection with the Motion of the Debtors for Entry of an Order Authorizing Implementation of 2022 Key Employee Incentive Plan and 2022 Key Employee Retention Plan* (the "**Motion to Seal**").  A hearing on the Motion to Seal will be held on **May 18, 2022 at 10:00 a.m. (prevailing Eastern Time)** (the "**Hearing**") before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, at the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601 (the "**Bankruptcy Court**"), or at such other time as the Bankruptcy Court may determine.

PLEASE TAKE FURTHER NOTICE that the Hearing may be continued or adjourned thereafter from time to time without further notice other than an announcement of the adjourned date or dates at the Hearing or a later hearing.  The Debtors will file an agenda before the Hearing, which may modify or supplement the motions to be heard at the Hearing.

PLEASE TAKE FURTHER NOTICE that pursuant to General Order M-543, dated March 20, 2020 (Morris, C.J.) ("**General Order M-543**"), and at the Bankruptcy Court's directive, the Hearing will be conducted **via Zoom for Government®** so long as General Order M-543 is in effect or unless otherwise ordered by the Bankruptcy Court.[2]  Parties wishing to appear at, or attend, an omnibus hearing conducted via Zoom for Government® videoconference are required to register their appearance by 4:00 p.m. (prevailing Eastern Time) the day before such omnibus hearing at https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl.

---

[2] A copy of General Order M-543 can be obtained by visiting https://www.nysb.uscourts.gov/news/general-order-m-543-court-operations-under-exigent-circumstances-created-covid-19.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections (the "**Objections**") to the Motion to Seal shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, shall be filed with the Bankruptcy Court (a) by attorneys practicing in the Bankruptcy Court, including attorneys admitted *pro hac vice*, electronically in accordance with General Order M-399 (which can be found at https://www.nysb.uscourts.gov/sites/default/files/m399.pdf), and (b) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with the *Second Amended Order Establishing Certain Notice, Case Management, and Administrative Procedures* entered on November 18, 2019 [ECF No. 498], so as to be filed and received no later than **May 11, 2022 at 4:00 p.m. (prevailing Eastern Time)** (the "**Objection Deadline**").

**PLEASE TAKE FURTHER NOTICE** that any objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted upon default; *provided* that objecting parties shall attend the Hearing via Zoom for Government® so long as General Order M-543 is in effect or unless otherwise ordered by the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE** that if no Objections are timely filed and served with respect to the Motion to Seal, the Debtors may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Motion to Seal, which order may be entered without further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion to Seal may be obtained free of charge by visiting the website of Kroll Restructuring Administration at

https://restructuring.ra.kroll.com/purduepharma.   You may also obtain copies of any pleadings by visiting the Bankruptcy Court's website at https://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.


[*Remainder of Page Intentionally Left Blank*]

Dated: April 27, 2022
     New York, New York

DAVIS POLK & WARDWELL LLP

*/s/ Darren S. Klein*_____

450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
James I. McClammy
Eli J. Vonnegut
Darren S. Klein
Dylan A. Consla

*Counsel to the Debtors*
*and Debtors in Possession*

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
James I. McClammy
Eli J. Vonnegut
Darren S. Klein
Dylan A. Consla

*Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (RDD)** |
| **Debtors.[1]** | **(Jointly Administered)** |

**MOTION FOR ENTRY OF ORDER PURSUANT TO 11 U.S.C. §§ 105(A), 107(B) AND FED. R. BANKR. P. 9018 AUTHORIZING THE FILING OF CERTAIN INFORMATION UNDER SEAL IN CONNECTION WITH THE MOTION OF DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING IMPLEMENTATION OF 2022 KEY EMPLOYEE INCENTIVE PLAN AND 2022 KEY EMPLOYEE RETENTION PLAN**

Purdue Pharma L.P. and its affiliates that are debtors and debtors in possession in these

proceedings (collectively, the "**Debtors**") hereby file this *Motion for Entry of Order Pursuant to*

*11 U.S.C. §§ 105(a), 107(b) and Fed. R. Bankr. P. 9018 Authorizing the Filing of Certain*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

*Information under Seal in Connection with the Motion of Debtors for Entry of an Order Authorizing Implementation of 2022 Key Employee Incentive Plan and 2022 Key Employee Retention Plan* (this "**Motion to Seal**"), pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Bankruptcy Rule 9018-1, seeking entry of an order, in the form attached hereto as **Exhibit A**, for the purpose of redacting and filing under seal certain portions of their forthcoming *Motion of Debtors for Entry of an Order Authorizing Implementation of 2022 Key Employee Incentive Plan and 2022 Key Employee Retention Plan* (together with the declarations filed in support thereof, the "**Compensation Motion**").[2]

### Relief Requested

1.      By this Motion to Seal, the Debtors request the entry of an order, pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Bankruptcy Rule 9018-1, authorizing the Debtors to file under seal certain confidential information in the Compensation Motion related to the 2022 Performance Metrics (the "**Redacted Metric**") and directing that such information remain under seal, remain confidential and not be made available to any third party absent authorization under an order from this Court.  In accordance with the Local Bankruptcy Rules and Chambers Rules, the Debtors shall provide an unredacted copy of the Compensation Motion to the Court and Clerk of Court.

2.      The Debtors have provided unredacted copies of the Compensation Motion and additional supporting information regarding the Redacted Metric to the Official Committee of Unsecured Creditors (the "**Committee**"), the Ad Hoc Committee of Governmental and Other Contingent Litigation Claimants (the "**AHC**") and the Multi-State Governmental Entities Group

---

[2] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to such term in the Compensation Motion.

2

(the "**MSGE**"), subject to the *Third Amended Protective Order* [ECF No. 1935] (the "**Protective Order**").   The Debtors will continue to engage with these constituencies and will provide unredacted copies of the Compensation Motion, together with additional supporting information, to the advisors of other stakeholders at their request, subject to the Protective Order.   The Debtors have also provided unredacted copies of the Compensation Motion to the United States Trustee for the Southern District of New York (the "**United States Trustee**"), and the Debtors will engage with the United States Trustee to address any requests for information the United States Trustee may have.

### Jurisdiction and Venue

3.        This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).   Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.   The statutory predicate for the relief requested herein is sections 105(a) and 107(b) of the Bankruptcy Code.   Relief is also warranted under Bankruptcy Rule 9018.

### General Background

4.        On September 15, 2019 (the "**Petition Date**"), the Debtors commenced the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") by filing with this Court voluntary petitions for relief under chapter 11 of the Bankruptcy Code.   The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.   The United States Trustee appointed the Committee on September 27, 2019.   *See Notice of Appointment of Official Committee of Unsecured Creditors* [ECF No. 131].   No trustee has been appointed in these Chapter 11 Cases.

5.      These Chapter 11 Cases are being jointly administered pursuant to Bankruptcy

Rule 1015(b) and the *Order Directing Joint Administration of Chapter 11 Cases* [ECF No. 59]

entered by this Court on September 18, 2019 in each of the Chapter 11 Cases.

**Basis for Relief Requested**

6.      Bankruptcy Code section 107(b) provides bankruptcy courts with the power to issue

orders that will protect entities from the potential harm resulting from the disclosure of confidential

or sensitive information.  Specifically, section 107(b) provides that upon the "request of a party in

interest," the Court shall "protect an entity with respect to a trade secret or confidential research,

development, or commercial information."  11 U.S.C. § 107(b)(1); *see also* Fed. R. Bankr. P. 9018

(permitting the bankruptcy court, on motion or *sua sponte*, to "make any order which justice

requires . . . to protect the estate or any entity in respect of a trade secret or other confidential

research, development, or commercial information").  Bankruptcy Code section 105(a) permits the

Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the

provisions of" the Bankruptcy Code.  11 U.S.C. § 105(a).

7.      Whether information falls within the scope of section 107(b) is ultimately the

Court's decision.  *In re Barney's, Inc.*, 201 B.R. 703, 707 (Bankr. S.D.N.Y. 1996).  Once the Court

determines, however, that a party in interest is seeking protection of information that falls within

one of the categories protected by section 107(b), "the court is *required* to protect a requesting

interested party and has no discretion to deny the application."  *Video Software Dealers Ass'n v.*

*Orion Pictures Corp.* (*In re Orion Pictures Corp.*), 21 F.3d 24, 27 (2d Cir. 1994).

8.      Courts have recognized that the term "commercial information" is broad, given that

the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information

that could reasonably be expected to cause the entity commercial injury."  *In re Glob. Crossing*

*Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003).  Commercial information protected by section

4

107(b) includes, but is not limited to, "information which would cause an unfair advantage to competitors by providing them information as to the commercial operations of the debtor." *Orion Pictures*, 21 F.3d at 27 (quotation omitted).  Commercial information also includes information that could "have a chilling effect on negotiations, ultimately affecting the viability of [the] Debtors." *In re Lomas Fin. Corp.*, No. 90 Civ. 7827 (LLS), 1991 WL 21231, at *2 (S.D.N.Y. Feb. 11, 1991); *accord Barney's*, 201 B.R. at 708.  Commercial information need not be equivalent to a trade secret to be protected.  *Orion Pictures*, 21 F.3d at 28; *see also In re Borders Grp., Inc.*, 462 B.R. 42, 47 (Bankr. S.D.N.Y. 2011) ("Commercial information need not rise to the level of a trade secret to qualify for protection under section 107(b).").

9.       Here, more than sufficient cause exists for the Court to grant the relief requested. The Redacted Metric in the Compensation Motion includes commercial priorities and opportunities for the Debtors that, if disclosed publicly, could provide their competitors with information that could be used strategically against them or otherwise negatively impact the Debtors' business.  *See* Decl. of Terrence Ronan in Supp. of Compensation Mot. ¶ 20.  Public disclosure of the Redacted Metric would be highly detrimental to the Debtors and potentially extremely valuable to competitors, who could seek to use the information to gain a competitive advantage against the Debtors and harm their efforts to maximize value.  *Id.*  Information like that included in the Redacted Metric, therefore, is rarely disclosed to the public or made available to competitors.  The Debtors seek to keep this information under seal in order to prevent the deleterious effects of disclosure.

10.       The Redacted Metric is thus both "commercial" and "confidential" and falls squarely within the scope of information that is protected by section 107(b)(1) of the Bankruptcy Code and Bankruptcy Rule 9018.  The Redacted Metric easily falls within the definition of

"commercial information" as it "could reasonably be expected to cause the entity commercial

injury," *Glob. Crossing*, 295 B.R. at 725, and includes information that could "result in 'an unfair

advantage to competitors by providing them information as to the commercial operations of the

debtor.'" *In re Alterra Healthcare Corp.*, 353 B.R 66, 75 (Bankr. D. Del. 2006) (quoting *Orion*

*Pictures*, 21 F.3d at 27).

11.     The Debtors' proposed redactions to the Compensation Motion are surgical and as

limited as possible so as to maximize publicly available information regarding their proposed 2022

Compensation Plans.  The Compensation Motion provides a detailed description of the proposed

2022 Compensation Plans, including the 2022 Performance Metrics, with only a single metric

redacted.  Parties in interest have thus been provided with sufficient information to evaluate the

relief sought in the Compensation Motion, and the Debtors seek to seal only information the

disclosure of which could potentially seriously harm the Debtors' estates and stakeholders.

Moreover, the Debtors added the Redacted Metric after consultation with the Committee, the AHC

and the MSGE.  Accordingly, these important stakeholders not only have full visibility into the

Redacted Metric, they were involved in its development.

12.     The Debtors' proposed redactions are squarely in line with well-established

precedent.  Bankruptcy courts in this and other districts routinely authorize debtors to file under

seal sensitive information in connection with seeking approval of key employee incentive or

retention plans.  *See, e.g.*, *In re Avianca Holdings S.A.*, No. 20-11133 (MG) (Bankr. S.D.N.Y. June

19, 2020) [ECF No. 299] (authorizing the debtors to redact and file under seal exhibits to a reply

in support of a motion seeking approval of compensation programs); *In re LSC Commc'ns, Inc.*,

No. 20-10950 (SHL) (Bankr. S.D.N.Y. June 5, 2020) [ECF No. 323] (authorizing the debtors to

file under seal certain confidential information related to operational performance and transaction

6

consideration metrics); *In re Frontier Commc'ns Corp.*, No. 20-22476 (RDD) (Bankr. S.D.N.Y.

May 26, 2020) [ECF No. 381] (authorizing the debtors to redact certain confidential employee

information in connection with seeking approval of a key employee retention plan); *In re*

*Cornerstone Propane, L.P.*, No. 04-13856 (RDD) (Bankr. S.D.N.Y. July 6, 2004) [ECF No. 112]

(authorizing the debtors to file under seal an exhibit containing highly confidential information

regarding the value and structure of compensation for key employees); *In re Advantage Holdco,*

*Inc.*, No. 20-11259 (JTD) (Bankr. D. Del. June 29, 2020) [ECF No. 296] (authorizing the debtors

to file under seal an exhibit containing confidential performance metrics and employee

compensation information).

13.     The Debtors therefore respectfully request that the Court, pursuant to section 107(b)

of the Bankruptcy Code, authorize the Debtors to redact the information contained in the Redacted

Metric in the Compensation Motion and any replies filed in support thereof because of the harm

that would occur if that commercially sensitive and confidential information were publicly

disclosed.

## Notice

14.     Bankruptcy Rule 9018 authorizes the Court, "with or without notice," to "make any

order which justice requires . . . to protect the estate or any entity in respect of a trade secret or

other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018.

15.     No prior request for the relief sought herein has been made by the Debtors to this

or any other court.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, or the foregoing reasons, the Debtors respectfully request that the Court

grant the relief requested herein and such other and further relief as it deems just and proper.


Dated:    April 27, 2022
          New York, New York

                                        DAVIS POLK & WARDWELL LLP

                                        By:  */s/ Darren S. Klein*

                                        450 Lexington Avenue
                                        New York, New York 10017
                                        Telephone: (212) 450-4000
                                        Facsimile: (212) 701-5800
                                        Marshall S. Huebner
                                        James I. McClammy
                                        Eli J. Vonnegut
                                        Darren S. Klein
                                        Dylan A. Consla

                                        *Counsel to the Debtors*
                                        *and Debtors in Possession*