# Exhibit A

# Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>**PURDUE PHARMA L.P.**, *et al.*,<br><br>Debtors.[1] | **Chapter 11**<br><br>**Case No. 19-23649 (RDD)**<br><br>**(Jointly Administered)** |

**ORDER GRANTING MOTION FOR ENTRY OF ORDER PURSUANT TO
11 U.S.C. §§ 105(A), 107(B) AND FED. R. BANKR. P. 9018 AUTHORIZING
THE FILING OF CERTAIN INFORMATION UNDER SEAL IN CONNECTION
WITH THE MOTION OF DEBTORS FOR ENTRY OF AN ORDER
AUTHORIZING IMPLEMENTATION OF 2022 KEY EMPLOYEE
INCENTIVE PLAN AND 2022 KEY EMPLOYEE RETENTION PLAN**

Upon the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for entry of an order (this "**Order**"), pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Bankruptcy Rule 9018-1, authorizing the Debtors to file under seal the Compensation Motion, file a redacted version of the Compensation Motion on the public docket of these Chapter 11 Cases and for related relief, all as described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a), (b) and 1334(b) and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to such term in the Motion.

and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and no other or further notice of the Motion being required; and, after due deliberation, the Court having determined that the legal and factual bases set forth in the Motion establish good and sufficient cause for the relief granted herein, in that the proposed redacted information constitutes commercial information properly protected under 11 U.S.C. § 107(b) on the terms of this Order; and such relief being in the best interests of the Debtors, their estates, their creditors and all parties in interest; now, therefore,

**IT IS HEREBY ORDERED THAT**:

1. The Motion is hereby granted as set forth herein.

2. Pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Bankruptcy Rule 9018-1, the Debtors are authorized to file to the public docket of these Chapter 11 Cases the redacted Compensation Motion, as set forth in the version submitted to the Court in connection with the Motion (the "**Redacted Document**").

3. The Debtors are authorized to file the unredacted Compensation Motion (the "**Sealed Document**") under seal by providing the Sealed Document, with a copy of this Order, to the Clerk of Court, Attn: Mimi Correa, in an envelope, either paper or electronic, prominently marked TO BE FILED UNDER SEAL. The Sealed Document shall remain under seal unless otherwise ordered by the Court or disclosed in accordance with the procedures outlined in the Protective Order or as agreed to by the Debtors under appropriate confidentiality agreements satisfactory to the Debtors.

4. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

2

5. Entry of this Order is without prejudice to the rights of any party in interest in the Chapter 11 Cases or the United States Trustee to seek an order of this Court unsealing all or part of the Redacted Document or the Sealed Document.

6. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

7. Counsel for the Debtors shall contact the Clerk's Office regarding the return or other disposition of the Sealed Document within ten (10) days after the determination by final order of the Compensation Motion. If the Debtors fail to do so, the Clerk of Court is authorized to destroy the Sealed Document.

White Plains, New York
Dated: _____, 2022

THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE