IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>PURDUE PHARMA L.P., et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 19-23649 (RDD)<br><br>(Jointly Administered) |

REQUEST FOR MOTION DOCKET

TO: CLERK OF THE COURT

PLEASE TAKE NOTICE, that the attached: EX PARTE RULE 9018 MOTION FOR PROTECTIVE ORDER will need to be heard by the Court, without oral argument.

Please schedule a hearing of this motion at the Court's earliest convenience.

Respectfully submitted this 19th day of April, 2022.

s/ [signature]

Roy Howard Murry, pro se
Movant/Creditor (Personal Injury Claimant.)

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| In re:<br><br>PURDUE PHARMA L.P., et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 19-23649 (RDD)<br><br>(Jointly Administered) |
|---|---|

EX PARTE RULE 9018 MOTION FOR PROTECTIVE ORDER

1. <u>Identity of Party Seeking Protective Order.</u>

    COMES NOW, ROY HOWARD MURRY, pro se, seeking that the Court grant him a PROTECTIVE ORDER for the purpose of PROTECTING LEGAL MAIL CONFIDENTIALITY, as outlined below.

## 2. Applicable Rules and Other Relevant Authorities.

Federal Rules of Bankruptcy Procedure (Bankr. Rule) 9018. Secret, Confidential, Scandalous, or Defamatory Matter, provides:

"On motion or on its own initiative, with or without notice, the court may make any order which justice requires ... (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code ... If an order is entered under this rule without notice, any entity affected thereby may move to vacate or modify the order, and after a hearing on notice the court shall determine the motion."

Service not required for ex parte motion. Bankr. Rule 9013.
This Court has previously designated Prime Clerk, LLC as the appointed claims and noticing agent for the above captioned Chapter 11 proceeding.

[Mr. Murry is presently incarcerated.] The WA Department of Corrections (WA DoC) does not recognize Prime Clerk, LLC as an approved legal mail source. WA DoC Poicy 450.100, pgs. 9-11, "VIII. Legal Mail". Attachment 1 to Affidavit of Roy Murry.

## 3. Facts Relevant to Motion

Prime Clerk, LLC recently sent Mr. Murry documents in an envelope clearly marked "LEGAL NOTICE ENCLOSED..." and "LEGAL

MURRY PROTECTIVE ORDER MOTION - 2

MAIL - OPEN IN THE PRESENCE OF INMATE". The mailroom staff disregarded these clear designations and stamped the envelope "Does not qualify as legal mail". The envelope was then opened, searched, taped shut and eventually found its way under Mr. Murry's cell door. (This is fortunate, because regular mail is frequently misdelivered and sometimes lost.) Mr. Murry was not given an opportunity to reject the envelope while sealed or submit the mail to inspection. A photocopy of the envelope is Attachment 2 to Affidavit of Roy Murry.

All prior communications from Prime Clerk, LLC have been treated in the same manner. Aff. of Murry.

At this facility, Mailroom censor duty is used as a disciplinary tool against guards for various transgressions not resulting in suspention. Thus, mail inspection is often done by rotating, disgruntled and poorly trained guards who fail to correctly apply Legal Mail (and other mail) Policies. Aff. of Murry.

Mr. Murry has unintentionally filed two identical Personal Injury Claims. The first was filed directly to this Court for the purpose of protecting confidentiality. The second was filed shortly after, out of concern that it was better to just file and then amend later. The latter was sent to Prime Clerk, LLC. These claims were assigned numbers 628551 and 628672.

MURRY PROTECTIVE ORDER MOTION - 3

4. <u>Request and Argument for Specific Individual Relief</u>.

Mr. Murry requests that the Court grant him specific individual relief in the form of ordering that all communications related to Personal Injury Claims Nos. 628551 and 628672 not be handled by Prime Clerk, LLC. Instead, Mr. Murry asks that all communications with him regarding this case be allowed to be sent and received directly to/from the Clerk of the Court.

Mr. Murry believes this is the only effective way to protect Legal Mail confidentiality in this situation. This is necessary for two reasons: (1) To protect him against the exposure of "scandalous or defamatory matter contained" in papers received from, or which will be filed with, this Court. This includes especially the evidence in support of claim and amended claim which are soon to be sent; (2) Because of how the facility mailroom is run, an order to the WA DoC to treat Prime Clerk, LLC as "Legal Mail" is likely to be ineffective. Staff assigned for short periods are unlikely to be properly trained and put on notice of such an Order. When the order is violated, Mr. Murry will have no effective recourse. Prison guards are of course paragons of virtue. However, there exists the possibility that one having obtained knowledge of Mr. Murry's Substance Use Disorder, other confidential medical information or especially financial information related to the claim, could use this knowledge for nefarious purposes. Aff. of Murry.

Conversely to the WA DoC, the Bankruptcy Court is perfectly equipped to protect "highly confidential" material once it is received by the Clerk. It is highly unlikely that Legal Mail directly to or from a federal court will be mistakenly designated "Does not qualify as legal mail" by poorly trained prison staff.

5. Conclusion.

Therefore, Mr. Murry asks that the Court grant relief by issuing the requested Protective Order and allowing him to send and receive all case related documents directly to and from the Clerk of the Court.

DATED this 19th day of April, 2022.

Respectfully Submitted:

s/ [signature]
Roy Howard Murry, pro se
Movant/Creditor(Personal Injury Claimant)

Address:
Roy Murry #396387
WB 109
Washington State Penitentiary
1313 N. 13th Ave.
Walla Walla, WA 99362

MURRY PROTECTIVE ORDER MOTION - 5

AFFIDAVIT OF ROY HOWARD MURRY

In support of EX PARTE RULE 9018 MOTION FOR PROTECTIVE ORDER;

In re. PURDUE PHARMA L.P., et al., Debtors Ch 11; Case No. 19-23649 (RDD)

I, Roy Howard Murry, declare under penalty of perjury that the following statements within this affidavit are true and correct to the best of my knowledge. Executed on this 19th day of April, 2022, at Washington State Penitentiary, in Walla Walla County, Washington:

    I am presently incarcerated. This results in searches of my mail, if not both: (a) designated as "Legal Mail"; and (b) from a source recognized by the Washington State Department of Corrections (WA DoC). The relevant WA DoC Mail Handling Policies are included as Attachment 1.

    I requested that Prime Clerk, LLC send me information and updates regarding the above captioned case. Since then I have received several envelopes from Prime Clerk, LLC, which were designated as "Legal Mail". All of these were opened and read by prison mailroom staff, then handled as regular mail. Regular mail is frequently misdelivered and sometimes lost. A photocopy of the most recent envelope from Prime Clerk, LLC is Attachment 2.

    Mail I have attempted to send as "Legal Mail" to Prime Clerk, LLC was rejected and I was forced to send it out as regular mail. This included the initial Personal Injury Claim Form, which is supposed to be "highly confidential". The next amended claim will contain significant amounts of medical records.

    When mail is treated as Legal Mail, it is opened in front of the recipient and signed for. This eliminates the regular mail delivery problems.

    By information and belief, the mailroom at this facility is staffed in part by guards being subjected to

mailroom censor duty as a disciplinary tool. This results in a mailroom staff that is often ignorant of or disregards relevant prison mail inspection laws, policies, and rules.

It is my sincere belief that an Order mandating that WA DoC treat legal mailings from Prime Clerk, LLC as "Legal Mail" would be ineffective. Each new staff member assigned to the mailroom would have to be told of the Order and this is not likely to happen every time. If and when such mail is opened, there would be no effective recourse. I am also concerned that if this were to happen, prison staff could learn details of my involvement if the case. This includes "highly confidential" medical information, but also financial information related to the claim. The latter could incentivize nefarious behavior including extortion.

I believe the only effective way to protect confidentiality in this specific situation would be to ORDER that all communication related to my two [unintentionally] identical claims, numbers 628551 and 628672, be sent directly to and from the Court.

//END//

s/ *[signature]*
Roy Howard Murry

Affiant

ATTACHMENT 1
Relevant portions of Washington Department of Corrections
Mail Policy

| STATE OF WASHINGTON DEPARTMENT OF CORRECTIONS | APPLICABILITY **PRISON** FACILITY/SPANISH MANUALS | | |
|---|---|---|---|
| **POLICY** | REVISION DATE 2/9/22 | PAGE NUMBER 9 of 20 | NUMBER **DOC 450.100** |
| | TITLE **MAIL FOR INDIVIDUALS IN PRISON** | | |

       a.    Clearly show the correct address for the Office of the Corrections Ombuds.

       b.    Have a return address belonging to the sender.

       c.    Not be opened by employees.

   4.    Employees will not document (e.g., mail log) sending, receiving, or issuing mail to/from the Office of the Corrections Ombuds.

VIII.   Legal Mail

   A.    Incarcerated individuals have the ability to correspond by means of legal mail. Legal mail must meet the following requirements and is subject to inspection to ensure the contents qualify as legal mail:

       1.    Legal mail must be correspondence to or from one of the following, as indicated in the mailing address or return address on the front of the envelope:

           a.    Any court or opposing attorney/party, the Washington State Bar Association, the Board, the Washington State Department of Enterprise Services Office of Risk Management, PREA auditors certified by the United States Department of Justice, the Headquarters PREA Coordinator, and/or Just Detention International.

           b.    PREA auditor leads certified by the United States Department of Justice when related to an audit in process at the individual's facility.

           c.    The President or Vice President of the United States, members of the United States Congress, embassies and consulates, the United States Department of Justice, Attorney General's Office, governors, members of the state legislature, and law enforcement officers in their official capacity.

           d.    The attorney of record (i.e., defense attorney) in court cases that have been filed in a local, state, or federal court.

           e.    An attorney corresponding with an individual concerning legal advice, including established groups of attorneys representing the individual (e.g., American Civil Liberties Union, Disability Rights

| | STATE OF WASHINGTON DEPARTMENT OF CORRECTIONS | APPLICABILITY **PRISON** FACILITY/SPANISH MANUALS | | |
|---|---|---|---|---|
| | | REVISION DATE 2/9/22 | PAGE NUMBER 10 of 20 | NUMBER **DOC 450.100** |
| | **POLICY** | TITLE   MAIL FOR INDIVIDUALS IN PRISON | | |

Washington, legal service corporations, public defender associations).

2. The front of the envelope must be clearly marked "Legal Mail", "Attorney/Client", "Confidential", or similar.

   a. Incoming mail readily identifiable as being from a court will be handled as legal mail, regardless of whether it has been marked legal mail.

   b. Documents sent from any Public Disclosure Unit are not considered legal mail.

B. Legal mail may only contain paper documents that are legal in nature and must comply with DOC 590.500 Legal Access for Incarcerated Individuals. Legal mail does not include eMessages or their attachments and will not be processed as legal mail.

   1. Individuals with a current DOC 13-508 Accommodation Status Report may receive, possess, and send out cassette tapes as legal mail.

      a. To receive a cassette tape, the legal entity sending it must notify the facility's Legal Liaison Officer (LLO), who will notify the mailroom.

         1) If the legal entity does not notify the LLO before sending the cassette, it will be rejected by the mailroom.

         2) Cassettes must meet the requirements in DOC 440.000 Personal Property for Offenders.

         3) Cassettes will be processed as legal mail and visually inspected but will not be listened to as a part of the inspection.

      b. Individuals will contact the facility Americans with Disabilities Act (ADA) Coordinator to request to listen to or create a cassette.

      c. Cassettes will be stored per 590.500 Legal Access for Incarcerated Individuals.

C. Legal Mail Procedures

   1. Incoming legal mail will be opened in the individual's presence by designated employees. Contents that do not meet the legal mail

| | | |
|---|---|---|
| STATE OF WASHINGTON DEPARTMENT OF CORRECTIONS | APPLICABILITY<br>**PRISON**<br>FACILITY/SPANISH MANUALS | |
| | REVISION DATE<br>2/9/22 | PAGE NUMBER<br>11 of 20 | NUMBER<br>**DOC 450.100** |
| **POLICY** | TITLE<br>**MAIL FOR INDIVIDUALS IN PRISON** | |

requirements per this policy and/or contain contraband or any material that would threaten facility order/security will be rejected.

   a.  Employees may confiscate/retain the envelope if necessary for safety and security reasons and will not require a mail rejection notice. The individual may request a copy of the envelope.

   b.  Incoming legal mail may contain a postage paid, pre-addressed envelope for the individual to return documents/responses to the sender.

   c.  An employee who inadvertently opens a piece of legal mail will write the employee's initials and that it was unintentionally opened on the envelope.

   d.  If an individual refuses to sign and accept legal mail, including by callout, a mailroom employee will document the refusal in the legal mail log with the time, date, sender's name, and individual's name. The mail will be stamped "Refused by Incarcerated Individual - Return to Sender".

2. Outgoing legal mail will be handled as follows:

   a.  The individual will present the documents and envelope to the designated employee, who will confirm that the documents are legal mail and there is no contraband.

   b.  The individual will place the documents in the envelope and seal it in the employee's presence, who will sign or initial over the sealed flap of the envelope and log out the mail in the individual's presence.

   c.  When practical, the employee will observe the individual place the envelope in a legal mail container/drop box, or the individual will observe the employee place the envelope in the container/box. Otherwise, the employee will secure the legal mail until delivered to the mailroom.

3. If there is a question whether the mail qualifies as legal mail, it may be retained for no more than 24 hours, excluding weekends and holidays, to resolve the question.

D. The use of state issued legal supplies for non-legal mail purposes is prohibited and will result in the mail being rejected.

ATTACHMENT 2
Photocopy of recent "Legal Mail" designated envelope from Prime Clerk, LLC; which was stamped "Does not qualify as Legal Mail" and opened.

**FIRST-CLASS**
**US POSTAGE**
**PAID**
**PERMIT NO.1450**
**TOPPAN MERRILL**

Prime Clerk LLC
Grand Central Station, PO Box 4850
New York, NY 10163-4850

LEGAL NOTICE ENCLOSED. DIRECT TO ATTENTION OF ADDRESSEE OR PRESIDENT / GENERAL COUNSEL

Creed 2810 SRF 60202 PackID: 241440 MMLID: 12222497-P SVC: MML
ROY MURRY #396387
LEGAL MAIL ▯ OPEN IN THE PRESENCE OF INMATE
WA 131, WASHINGTON STATE PENITENTIARY
1313 N. 13TH AVE.
WALLA WALLA WA 99362

Does not qualify
as
Legal Mail

9936238817 R007