| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | Hearing Date: May 18, 2022<br>Hearing Time: 10:00 am |

---------------------------------------------------------- x
:
In re                                                                       :   Chapter 11
:
PURDUE PHARMA L.P., *et al.*,                      :   Case No. 19-23649 (RDD)
:
                                    Debtors.            :   Jointly Administered
:
---------------------------------------------------------- x

**STATEMENT OF THE UNITED STATES TRUSTEE TO MOTION OF DEBTORS FOR ORDER AUTHORIZING IMPLEMENTATION OF 2022 KEY EMPLOYEE INCENTIVE PLAN AND 2022 KEY EMPLOYEE RETENTION PLAN**

TO:    **THE HONORABLE ROBERT D. DRAIN,**
           **UNITED STATES BANKRUPTCY JUDGE:**

William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee"), hereby submits this Statement in response to the Debtors' Motion for Entry of an Order Authorizing Implementation of 2022 Key Employee Incentive Plan and 2022 Key Employee Retention Plan (the "2022 Compensation Motion"). ECF Doc. No. 4707. In support thereof, the United States Trustee respectfully states as follows:

**BACKGROUND**

A.    <u>General Background</u>

1. The Debtors commenced voluntary cases under chapter 11 of the Bankruptcy Code on September 15, 2019 (the "Petition Date").

2. The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure. ECF

Doc. No. 59.

4. The Debtors are pharmaceutical companies that manufacture, sell or distribute, among other products, extended-release, long-acting opioid pain medications. See Debtors' Information Brief ECF Doc. No. 17 at 1.

5. The Debtors commenced these cases because OxyContin® Extended-Release Tablets CII, the Debtors' most prominent pain medication, has made them the target of over 2,600 civil actions pending across the United States and its territories. Id. at 16. The lawsuits have proved unmanageable for the Debtors. Id.

B. Prior Key Employee Incentive and Retention Programs

*The 2019 Benefits Motion*

6. On the Petition Date, the Debtors filed a Motion for Entry of an Order Authorizing (I) Debtors to (A) Pay Pre-Petition Wages, Salaries, Employee Benefits and Other Compensation, and (B) Maintain Employee Benefits Programs and Pay Related Administrative Obligations (II) Employees and Retirees to Proceed with Outstanding Workers' Compensation Claims, and (III) Financial Institutions to Honor and Process Related Checks and Transfers (the "2019 Benefits Motion"). ECF Doc. No. 6.

7. Pursuant to the 2019 Benefits Motion, the Debtors sought approval of, among other things, their: (i) 2019 Annual Incentive Plan; (ii) Long-Term Results Plan; and (iii) Non-Executive Retention Plan. Id.

8. The United States Trustee objected to the 2019 Benefits Motion. See ECF Doc. No. 134.

9. At three separate hearings, the United States Trustee argued *inter alia* that because the metrics for the payment of bonuses were not difficult to reach, purported incentive payments were primarily for retentive purposes and violated Bankruptcy Code Section 503(c)(1).

10. Additionally, the United States Trustee asserted that because retention bonuses were to be paid to officers who were "insiders" (as that term is defined in the Bankruptcy Code), retention payments to those individuals violated Section 503(c)(1).

11. The Court overruled the objections of the United States Trustee and granted the Debtors' requests. ECF Doc. Nos. 309 and 783.

*The 2020 Compensation Motion*

12. On September 9, 2020, the Debtors filed a motion seeking approval of a key employee incentive plan and a key employee retention plan (the "2020 Compensation Motion"). ECF Doc. No. 1674. The plans set forth in the 2020 Compensation Motion were modeled on the plans set forth in the 2019 Benefits Motion. Id. at ¶ 18.

12. The United States Trustee objected to the 2020 Compensation Motion because the Debtors did not demonstrate the metrics for the bonuses associated with the incentive awards presented difficult targets and that the retention awards were in excess of market averages. ECF Doc. No. 1708.

13. The Court overruled the objections of the United States Trustee and granted the Debtors' requests. ECF Doc. Nos. 1762, 1861 and 2002.

*The 2021 Compensation Motion*

14. On June 28, 2021, the Debtors filed a Motion for Entry of an Order Authorizing Implementation of 2021 Key Employee Incentive Plan and 2021 Key Employee Retention Plan (the "2021 Compensation Motion"). ECF Doc. No. 3077. Pursuant to the 2021 Compensation

Motion, the Debtors sought to renew the programs set forth in the 2020 Compensation Motion. Id. at ¶ 20.

15. The United States Trustee objected to the 2021 Compensation Motion because the Debtors did not demonstrate the metrics for the bonuses associated with the incentive awards presented difficult targets and the retention awards were too costly. ECF Doc. No. 3137.

16. The Court overruled the objections of the United States Trustee and granted the Debtors' requests. ECF Doc. Nos. 3571 and 3770.

C. <u>The 2022 Key Employ Incentive and Retention Plan</u>

17. On April 27, 2022, the Debtors filed the 2022 Compensation Motion.

18. The plans set forth in the 2022 Compensation Motion are substantially similar with those in the 2019 Benefit Motion, 2020 Compensation Motion and the 2021 Compensation Motion.

## STATEMENT

The United States Trustee maintains the concerns set forth in his prior objections to the 2019 Benefits Motion, 2020 Compensation Motion and 2021 Compensation Motion as the United States Trustee believes that they all in large part apply to the 2022 Compensation Motion. The United States Trustee, however, is cognizant of the Court's three prior rulings on these issues wherein the Court overruled the United State Trustee's objections and therefore, is not repeating those objections herein.

WHEREFORE, the U.S. Trustee respectfully requests that the Court grant such relief as the Court deems fair and just.

Dated: New York, New York
May 6, 2022

Respectfully submitted,

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE, Region 2

By: */s/ Paul K. Schwartzberg*
Paul K. Schwartzberg
Trial Attorney
201 Varick Street, Room 1006
New York, New York 10014
Tel. (212) 510-0500