DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
James I. McClammy
Eli J. Vonnegut
Darren S. Klein
Dylan A. Consla

*Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (RDD)** |
| **Debtors.**[1] | **(Jointly Administered)** |

**DEBTORS' STATEMENT IN SUPPORT OF MOTION OF DEBTORS FOR ENTRY OF
AN ORDER AUTHORIZING IMPLEMENTATION OF 2022 KEY EMPLOYEE
INCENTIVE PLAN AND 2022 KEY EMPLOYEE RETENTION PLAN**

Purdue Pharma L.P. and its affiliates that are debtors and debtors in possession in these

proceedings (collectively, the "**Debtors**" or the "**Company**") respectfully submit this statement

(this "**Statement**") in support of the *Motion of Debtors for Entry of an Order Authorizing*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

*Implementation of 2022 Key Employee Incentive Plan and 2022 Key Employee Retention Plan*
[ECF No. 4707] (the "**Motion**").[2]

## STATEMENT

1.      The Debtors are pleased to report that, in light of certain agreed-upon modifications described below, no party opposes approval of the proposed 2022 KERP, nor the amended 2022 Performance Metrics nor approval of the 2022 KEIP as it pertains to the General Counsel.[3] Consideration of the 2022 KEIP with respect to the CEO is being adjourned to the June 15, 2022 omnibus hearing.  Accordingly, the relief sought at the omnibus hearing on May 18, 2022 is entirely uncontested.

2.      As set forth in the Motion, the Debtors consulted with the Official Committee of Unsecured Creditors (the "**UCC**"), the Ad Hoc Committee of Governmental and Other Contingent Litigation Claimants (the "**Ad Hoc Committee**") and the Multi-State Governmental Entities Group (the "**MSGE**") prior to filing the Motion, and the relief sought in the Motion reflected input from such discussions when filed.  The Debtors continued their discussions with those stakeholders after the Motion was filed.  As a result of such post-filing discussions, the Debtors are modifying the relief sought by delaying the proposed timing of certain payments and revising certain portions of the proposed 2022 Performance Metrics, as described below.  The Debtors understand that, subject to such modifications, no party objects to the 2022 KERP, the 2022 Performance Metrics or the General Counsel's participation in the 2022 KEIP.

---

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion.

[3] The sole objection to the Motion was the *Non-Consenting States' Limited Objection to Motion of Debtors for Entry of an Order Authorizing Implementation of 2022 Key Employee Incentive Plan and 2022 Key Employee Retention Plan* [ECF No. 4766], which concerned only the CEO's participation in the 2022 KEIP.  The office of the United States Trustee filed a *Statement of the United States Trustee to Motion of Debtors for Order Authorizing Implementation of 2022 Key Employee Incentive Plan and 2022 Key Employee Retention Plan* [ECF No. 4742] but did not object to the relief sought in the Motion.

3.      A revised proposed order (the "**Revised Proposed Order**") authorizing the 2022

KERP and the 2022 KEIP as to the General Counsel, subject to the modifications described herein,

is attached hereto as **Exhibit A**.

## THE AGREED MODIFICATIONS

4.      The Debtors have agreed to make the following modifications to the 2022 KERP

and the 2022 KEIP:

- The percentage of the 2022 KERP Annual Award paid on the Company's regular payroll date on or immediately following October 1, 2022 and on the Company's regular payroll date on or immediately following March 15, 2023 will be adjusted from 50% on each payment date as sought in the Motion to, (x) with respect to employees with titles less senior than Vice President, 33.3% on the first payment date and 66.7% on the second payment date and, (y) with respect to employees with titles of Vice President or more senior, 25% on the first payment date and 75% on the second payment date.

- The 2022 KEIP Annual Award will be paid on the Company's regular payroll date on or immediately following March 15, 2023 (rather than 25% on the Company's regular payroll date on or immediately following October 1, 2022 and 75% on the Company's regular payroll date on or immediately following March 15, 2023), subject to achievement of the 2022 Performance Metrics at least at threshold level.

- The 2022 Performance Metrics will be modified as set forth below:[4]



---

[4] The Debtors respectfully submit that redaction of the immediately following portion of the Statement is within the scope of relief sought in the *Motion for Entry of Order Pursuant to 11 U.S.C. §§ 105(a), 107(b) and Fed. R. Bankr. P. 9018 Authorizing the Filing of Certain Information under Seal in Connection with the Motion of Debtors for Entry of an Order Authorizing Implementation of 2022 Key Employee Incentive Plan and 2022 Key Employee Retention Plan* [ECF No. 4708]. The Debtors will file a second sealing motion to cover the redacted portion of this Statement if the Court prefers.



(ii)    Within the innovation and efficiency strategic pillar, the Consolidated Total Business Operating Profit target will increase from $96 million to $100.2 million, and the Rhodes Associates L.P. Operating Loss target will decrease from $39 million to $36.3 million.  For the avoidance of doubt, as they have done historically, the Debtors shall adjust for items outside of management's control and exclude branded opioid performance with regards to the adjustments to operating profit for purposes of scoring this metric.

- So long as emergence has not yet occurred, the Debtors will consult with the Ad Hoc Committee, MSGE and UCC with respect to measuring corporate performance against the 2022 Performance Metrics and developing performance metrics for calendar year 2023, neither of which shall be completed prior to January 31, 2023.

5.    The Debtors submit that the grounds set forth in the Motion, as well as in the Ronan Declaration and Gartrell Declaration, continue to support approval of the 2022 KERP and 2022 KEIP, each in the modified form set forth herein.  Moreover, no party in these Chapter 11 Cases objects to the portion of the modified relief that the Debtors seek at the May 18, 2022 omnibus hearing.  For these reasons, the Debtors urge the Court to grant such relief, subject to the modifications described in this Statement.

[*Remainder of Page Intentionally Left Blank*]

**CONCLUSION**

WHEREFORE, for the foregoing reasons and the reasons stated in the Motion, the Debtors

respectfully request that the Court promptly grant the relief requested in the Motion with respect

to the 2022 KERP and the 2022 KEIP as to the General Counsel in the modified form set forth in

the Revised Proposed Order.

Dated:    May 16, 2022
          New York, New York

                              DAVIS POLK & WARDWELL LLP

                              By:   */s/ Darren S. Klein*

                              450 Lexington Avenue
                              New York, New York 10017
                              Telephone: (212) 450-4000
                              Facsimile: (212) 701-5800
                              Marshall S. Huebner
                              James I. McClammy
                              Eli J. Vonnegut
                              Darren S. Klein
                              Dylan A. Consla

                              *Counsel to the Debtors*
                              *and Debtors in Possession*

**<u>Exhibit A</u>**

**Revised Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (RDD)** |
| **Debtors.**[1] | **(Jointly Administered)** |

## ORDER AUTHORIZING THE DEBTORS TO IMPLEMENT 2022 KEY EMPLOYEE RETENTION PLAN AND 2022 KEY EMPLOYEE INCENTIVE PLAN

Upon the motion (the "**Motion**")[2] of Purdue Pharma L.P. and its affiliates that are debtors and debtors in possession in these cases (collectively, the "**Debtors**") for entry of an order (this "**Order**") approving and authorizing the 2022 KERP and the 2022 KEIP, as more fully set forth in the Motion; and upon the Ronan Declaration and the Gartrell Declaration; and the Court having jurisdiction to consider the matters raised in the Motion pursuant to 28 U.S.C. §§ 157(a), (b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties, and it appearing that no other or further notice need be provided; and the Debtors

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Capitalized terms used but otherwise not defined herein will have the meanings set forth in the Motion.

having agreed to amend the Motion's request for relief with respect to the 2022 KERP and the

2022 KEIP as set forth in the Debtors' Statement (as defined herein); and upon the record of the

hearing held by the Court on the Motion's amended request for approval of the 2022 KERP and

the 2022 KEIP as to the General Counsel on May 18, 2022 (the "**Hearing**"); and, after due

deliberation, the Court having determined that the legal and factual bases set forth in the Motion,

as amended by the Statement, establish good and sufficient cause for the relief granted herein,

which relief is in the best interests of the Debtors, their creditors, their estates, and all other parties

in interest; and upon all of the proceedings had before the Court and after due deliberation and

sufficient cause appearing therefor;

## IT IS HEREBY ORDERED THAT:

1.      Pursuant to sections 105(a), 363, and 503(c)(3) of the Bankruptcy Code, the Motion

is granted as set forth herein.

2.      Consideration of the 2022 KEIP as to the CEO is hereby adjourned to the omnibus

hearing on June 15, 2022 at 10:00 a.m. (prevailing Eastern Time).

3.      The 2022 KERP is approved in its entirety in the modified form set forth in the

*Debtors' Statement in Support of Motion of Debtors for Entry of an Order Authorizing*

*Implementation of 2022 Key Employee Incentive Plan and 2022 Key Employee Retention Plan*

[ECF No. [●]] (the "**Statement**") and this Order.

4.      The 2022 Performance Metrics, as set forth in the Statement and this Order, are

approved, and the 2022 KEIP is approved, as set forth in the Statement and this Order, as to the

General Counsel.

5.      The Debtors are authorized, but not directed, to take all actions necessary to

implement the 2022 KERP and the 2022 KEIP with respect to the General Counsel on the terms

and conditions set forth in the Motion, but solely as modified by the Statement and this Order, including making any payments pursuant to the terms of the 2022 KERP and the 2022 KEIP as to the General Counsel (as modified by the Statement).

6.     Once earned, the Debtors' obligations to pay amounts that become due and owing under the 2022 KERP and the 2022 KEIP as to the General Counsel shall constitute administrative expenses pursuant to section 503(b) of the Bankruptcy Code, thereby entitled to priority payment pursuant to section 507(a)(2) of the Bankruptcy Code.

7.     Nothing in this Order nor any action taken by the Debtors in furtherance of the implementation hereof shall be deemed to constitute an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code, and all of the Debtors' rights with respect to such matters are expressly reserved.

8.     Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall (a) create, nor is it intended to create, any rights in favor of, or enhance the status of any claim held by, any person or entity or (b) be deemed to convert the priority of any claim from a prepetition claim into an administrative expense claim.

9.     Nothing in this Order nor the Debtors' payment of claims pursuant to this Order shall be construed as or deemed to constitute (a) an agreement or admission by the Debtors as to the validity of any claim against the Debtors on any ground, (b) a grant of third-party beneficiary status or bestowal of any additional rights on any third party, (c) a waiver or impairment of any rights, claims, or defenses of the Debtors' rights to dispute any claim on any ground, (d) a promise by the Debtors to pay any claim, or (e) an implication or admission by the Debtors that such claim is payable pursuant to this Order.

10.     For the avoidance of doubt, to the extent that any 2022 KERP Participant or 2022 KEIP Participant is (a) determined by a final order of this Court or any court of competent jurisdiction to have (x) knowingly participated in any criminal misconduct in connection with his or her employment with the Debtors or (y) been aware, other than from public sources, of acts or omissions of others that such participant knew at the time were fraudulent or criminal with respect to the Company's commercial practices in connection with the sale of opioids and failed to report such fraudulent or criminal acts or omissions internally at the Company or to law enforcement authorities at any time during his or her employment with the Company, or (b) believed by the Company based on reasonable inquiry (including inquiry of its attorneys and advisors), which inquiry shall be completed prior to any payments being made to the applicable 2022 KERP Participant or General Counsel, to have met either of the standards in the foregoing clauses (a)(x) or (y), then in either case such participant shall not be eligible to receive any payments approved by this Order.  All parties' rights, if any, to seek disgorgement of payments following the entry of any final order referred to in clause (a) of the foregoing sentence are reserved.

11.     Any Bankruptcy Rule (including, but not limited to, Bankruptcy Rule 6004(h)) or Local Rule that might otherwise delay the effectiveness of this Order is hereby waived, for cause shown, and the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

12.     The contents of the Motion and the notice procedures set forth therein are good and sufficient notice and satisfy the Bankruptcy Rules and the Local Bankruptcy Rules for the Southern District of New York, and no other or further notice of the Motion or the entry of this Order shall be required.

13.     The Debtors are authorized to take all such actions as are necessary or appropriate to implement the terms of this Order.

14.     The Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

White Plains, New York
Dated: _____, 2022

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE