**PULLMAN & COMLEY, LLC**
850 Main Street
P.O. Box 7006
Bridgeport, CT 06601-7006
Telephone:     (203) 330-2213
Facsimile:      (203) 576-8888
*Attorneys at various times for:*
*The State of CT*
*The States of CT, DE, RI, VT and WA*
*The States of CT, DE, RI, VT, OR and DC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) |
| | ) |
| PURDUE PHARMA, L.P., et al,[1] | )  Chapter 11 |
| | ) |
| Debtors. | )  Case No. 19-23649 (RDD) |
| | ) |

# FEE APPLICATION COVER SHEET

First Interim/~~Final~~ Fee application of:     Pullman & Comley, LLC

Time Period:  From:  February 25, 2021     To:     March 31, 2022

Bankruptcy Petition Filed:     September 15, 2019

Date of Entry of Retention Order:     Not applicable

**Amount Requested**                                 **Reductions**

Fees:  $567,858.50                           Voluntary Fee Reductions:     $0

Expenses:     $1,532.18                      Expenses:     $0

Total:  $569,391.50

**Retainer Request:**                                **Expense Detail:**

---

[1] The debtors in these chapter 11 cases ("Debtors" or "Purdue"), along with the last four digits of their federal tax identification numbers, are Purdue Pharma Manufacturing L.P. (3821), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies K.P. (1868), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (6166), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717), and SVC Pharma Inc. (4014). The Debtors' principal offices are at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

Retainer Received          __N/A___         Retainer Received          ___N/A_____
Prior award applied        __N/A___         Prior award applied        ___N/A_____
Balance before this request __N/A___        Balance before this request ___N/A_____
                                            Copies per page cost and total___N/A_____

**Hours and Rates Per Professional:**

| Name | Rate | Hours |
|---|---|---|
| Irve J. Goldman | $565 | 927.9 |
| Geoffrey F. Fay | $495 | 22.0 |
| Steven J. Stafstrom | $435 | 2.6 |
| Nancy A.D. Hancock | $435 | .4 |
| Jonathan A. Kaplan | $425 | 15.1 |
| Dana M. Hrelic | $300 | 36.3 |
| Stephen M. Cowherd | $530 | .5 |
| Michael A. Kurs | $550 | 4.6 |
| Johanna S. Katz | $300 | 11.2 |
| Nicole M. Riel | $300 | 12.9 |
|  | $325 | 6.8 |
| Snigdha Mamillapali | $300 | 4.7 |
| Kristen F. Perkins | $170 | 3.7 |

**PULLMAN & COMLEY, LLC**
850 Main Street
P.O. Box 7006
Bridgeport, CT 06601-7006
Telephone:     (203) 330-2213
Facsimile:     (203) 576-8888
*Attorneys at various times for:*
*The State of CT*
*The States of CT, DE, RI, VT and WA*
*The States of CT, DE, RI, VT, OR and DC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | |
| **PURDUE PHARMA, L.P., et al,**[2] | **Chapter 11** |
| Debtors. | **Case No. 19-23649 (RDD)** |

**FIRST INTERIM APPLICATION OF PULLMAN & COMLEY, LLC, FOR COMPENSATION FOR SERVICES RENDERED AND DISBURSEMENTS INCURRED AS COUNSEL TO (i) THE STATE OF CT, (ii) THE STATES OF CT, DE, RI, VT AND WA AND (iii) THE STATES OF CT, DE, RI, VT, OR AND DC FOR THE PERIOD FROM FEBRUARY 25, 2021 THROUGH MARCH 31, 2022**

**Name of Applicant:**    Pullman & Comley, LLC

**Engaged to provide professional services at various time to:**    (i) The State of CT, (ii) The States of CT, DE, RI, VT, and WA; and (iii) The States of CT, DE, RI, VT, OR and DC

**Date of Retention:**    Not applicable

---

[2] The debtors in these chapter 11 cases ("Debtors" or "Purdue"), along with the last four digits of their federal tax identification numbers, are Purdue Pharma Manufacturing L.P. (3821), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies K.P. (1868), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (6166), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717), and SVC Pharma Inc. (4014). The Debtors' principal offices are at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

| | |
|---|---|
| **Period for which compensation and reimbursement is sought:** | February 25, 2021 through March 31, 2022 |
| **Amount of Compensation sought as actual, reasonable and necessary:** | $567,858.50 |
| **Amount of Expense Reimbursement sought as actual, reasonable and necessary:** | $1,532.18 |
| **Voluntary Reductions:** | $0.00 |

This is a(n): ☑ Interim    ☐ Final application

-4-

## SUMMARY OF MONTHLY FEE STATEMENTS IN THE COMPENSATION PERIOD

| Docket Number | Period Covered | Fees Requested | Expenses Requested | Fees Paid | Expenses Paid | Total Unpaid |
|---|---|---|---|---|---|---|
| 4615 | 2/25/21 to 2/27/22 | $499,220.00[3] | $1,532.18 | $399,389.00 | $1,532.18 | $98,301.82 |
| 4776 | 3/1/22 to 3/31/22 | $68,638.50[4] | $0.00 | $0.00 | $0.00 | $68,638.50 |

## SUMMARY OF PROFESSIONALS AND PARAPROFESSIONALS RENDERING SERVICES FROM FEBRUARY 25, 2021 THROUGH MARCH 31, 2022

| Timekeeper Name | Title/Department | Hourly Rate | Hours | Amount |
|---|---|---|---|---|
| Irve J. Goldman | Partner | 565 | 927.9 | 524,263.50 |
| Steven M. Cowherd | Partner | 530 | .5 | 265.00 |
| Michael A. Kurs | Partner | 550 | 4.6 | 2,530.00 |
| Geoffrey F. Fay | Partner | 495 | 22.0 | 10,890.00 |
| Steven J. Stafstrom | Partner | 435 | 2.6 | 1,131.00 |
| Nancy A.D. Hancock | Partner | 435 | .4 | 174.00 |
| Jonathan A. Kaplan | Partner | 425 | 15.1 | 6,235.00 |
| Dana M. Hrelic | Counsel | 300 | 36.3 | 10,116.00 |
| Johanna S. Katz | Associate | 300 | 11.2 | 3,360.00 |
| Nicole M. Riel | Associate | 300 | 12.9 | 3,870.00 |
| Nicole M. Riel | Associate | 325 | 6.8 | 2,210.00 |
| Snigdha Mamillapali | Associate | 300 | 4.7 | 1,410.00 |
| Kristen F. Perkins | Paralegal | 170 | 3.7 | 629.00 |
| **TOTAL ALL TIMEKEEPERS** | | | 1,068.7 | 567,858.50 |
| **Attorney Blended Rate** | | | | 396 |

## EXPENSE SUMMARY FOR THE PERIOD OF
## FEBRUARY 25, 2021 THROUGH MARCH 31, 2022

| | |
|---|---|
| 2/25/21 to 2/27/22 | 1,532.18 |
| 3/1/22 to 3/31/22 | 0 |
| **Total Disbursements** | **1,532.18** |

---

[3] Gross amount before 20% holdback.
[4] Gross amount before 20% holdback.

**PULLMAN & COMLEY, LLC**
Irve J. Goldman
850 Main Street, 8th Floor
PO Box 7006
Bridgeport, Connecticut 06601-7006
Tel: (203) 330-2213
igoldman@pullcom.com

*Attorneys at various times for:*
*The State of CT*
*The States of CT, DE, RI, VT and WA*
*The States of CT, DE, RI, VT, OR and DC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | ) Chapter 11 |
| **PURDUE PHARMA, L.P.,** *et al.*, | ) Case No. 19-23649 (RDD) |
| **Debtors.** | ) (Jointly Administered) |

**FIRST INTERIM APPLICATION OF PULLMAN & COMLEY,
LLC, FOR COMPENSATION FOR SERVICES RENDERED
AND DISBURSEMENTS INCURRED AS COUNSEL TO
(i) THE STATE OF CT, (ii) THE STATES OF CT, DE, RI, VT
AND WA AND (iii) THE STATES OF CT, DE, RI, VT, OR AND
DC, FOR THE PERIOD FROM FEBRUARY 25, 2021
THROUGH MARCH 31, 2022**

Pullman & Comley, LLC ("P&C"), counsel at various times for the State of Connecticut, the States of Connecticut, Delaware, Rhode Island, Vermont and Washington, and the States of Connecticut, Delaware, Rhode Island, Vermont, Oregon and the District of Columbia (collectively, the "States"), in connection with its representation of the States in the chapter 11 case of Purdue Pharma, L.P. and its affiliated debtors and debtors in possession (collectively, the "Debtors"), and pursuant to this Court's Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals (ECF No. 529) (the "Interim Compensation Order") and this Court's Order Pursuant to 11 U.S.C. §§ 105 and 363(b)

Authorizing and Approving Settlement Term Sheet (ECF No. 4503) (the "Approval Order"), hereby submits its first interim application (the "Application") for allowance of compensation and reimbursement of expenses for the period of February 25,, 2021 through March 31, 2022 (the "Fee Period"). By this Application, P&C seeks an interim allowance of compensation in the amount of $567,858.50 and expense reimbursement in the amount of $1,532.18. In support of this Application, P&C respectfully states as follows:

## INTRODUCTION

1. By this Application, P&C seeks: (i) interim allowance of compensation for the professional services rendered by P&C during the Fee Period in the amount of $567,858.50; and (ii) reimbursement of actual and necessary expenses incurred by P&C during the Fee Period in the amount of $1,532.18.

2. This Application has been prepared in accordance with the Interim Compensation Order and the Approval Order. Pursuant to ¶4 of the Approval Order, the Debtors' agreement to pay or reimburse the fees and expenses of counsel for the States (referred to in the Approval Order as the "Nine") was authorized, subject to compliance with the Interim Compensation Order and the filing of monthly fee statements required thereby and provided further that:

> the standard for authorization of payment of the attorneys' fees and expenses of each of the Nine shall be whether such fees and expenses are (a) reasonable and documented and (b) reimbursable under the Term Sheet; provided further that, for the avoidance of doubt, the attorneys of the Nine shall not be considered retained professionals of the Debtors or Creditors' Committee and the retention of the attorneys of the Nine shall not be required to satisfy the standards for retention set forth in sections 327-328 or 1103 of the Bankruptcy Code.

Approval Order ¶4.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334. Approval of this Application is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

4. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The statutory bases for the relief requested herein are Bankruptcy Code sections 330, 331, 363(b) and 105(a), Bankruptcy Rule 2016 and Local Bankruptcy Rule 2016-1.

**BACKGROUND**

**A. The Debtors' Chapter 11 Cases and P&C's Engagement**

6. On September 15, 2019 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. The Debtors' chapter 11 cases (the "Chapter 11 Cases") are jointly administered for procedural purposes only. No trustee or examiner has been appointed in the Chapter 11 Cases.

7. P&C was initially engaged for the State of Connecticut to oppose confirmation of the Debtors' plan of reorganization, which eventually became the Twelfth Amended Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and its Affiliated Debtors (ECF No. 3726) (the "Plan"), and after confirmation, to seek a stay or stays pending appeal and certification for a direct appeal to the Second Circuit Court of Appeals.

8. Later in the proceedings, P&C continued to represent the State of Connecticut but was also engaged by different groups of the States in connection with and in furtherance of the appeal of this Court's Findings of Fact, Conclusions of Law, And Order Confirming The Twelfth Amended Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and Its Affiliated Debtors (ECF No. 3787) (the "Confirmation Order") to the United States District Court for the Southern District of New York (McMahon, J.) (the "District Court"), stay proceedings in

- 3 -

connection therewith and the negotiation and implementation of a settlement with respect the appeal of the Debtors and other case constituents of the Decision and Order on Appeal of the United States District Court for the Southern District of New York (McMahon, J.), entered on December 16, 2021 in 7:21-cv-07532-CM (ECF No. 279) (the "District Court Decision").

**B. Monthly Fee Statements**

9.     On March 31, 2022, P&C filed and served the First Consolidated Monthly Fee Statement of Pullman & Comley, LLC for Professional Rendered and Disbursements Incurred as Counsel to (i) The State of Connecticut, (ii) the States of Ct, DE, RI, VT and WA and (iii) the States of CT, DE, RI, VT, OR and DC, for the Period of February 25, 2021 through and including February 27, 2022 (ECF No. 4615) (the "First Monthly Fee Statement"), pursuant to which P&C sought payment of (i) $399,376.00  (80% of $499,220.00) as compensation for professional services rendered and (ii) $1,532.18 for reimbursement of expenses. P&C did not receive any objections to its First Monthly Fee Statement and has received payment in respect thereof from the Debtors.

10.     On May 13, 2022, P&C filed and served the Second Monthly Fee Statement of Pullman & Comley, LLC for Professional Rendered and Disbursements Incurred as Counsel to (i) The State of Connecticut, (ii) the States of Ct, DE, RI, VT and WA and (iii) the States of CT, DE, RI, VT, OR and DC, for the Period of March 1, 2022 through March 31, 2022 (ECF No. 4776) (the "Second Monthly Fee Statement"), pursuant to which P&C sought payment of (i) $49,482.40 (80% of $61,853.00) as compensation for professional services rendered and (ii) $0.00 for reimbursement of expenses. The objection period for Second Monthly Fee Statement and has not yet passed.

**DESCRIPTION OF SERVICES[1]**

11. By the Application, P&C seeks allowance of compensation for professional services rendered for and on behalf of the States during the Fee Period. A detailed description of services rendered during the Fee Period, which also contains the disbursements it incurred in connection with the rendition of P&C's services, is annexed hereto as Exhibit "A" in the form of P&Cs regularly issued monthly invoices. Annexed hereto as Exhibit "B" is a summary of compensation by timekeeper.

12. P&C's services during the Fee Period were various and extensive, and principally related to opposing confirmation of the Plan, in several instances opposing the continuation of the preliminary injunction that was initially entered and continued in Adv. Pro. No. 19-08289-rdd, seeking certification of a direct appeal to the Second Circuit Court of Appeals, taking and prosecuting an appeal of the Confirmation Order to the District Court, seeking stays pending appeal, both before this Court and the District Court, participating in the mediation process ordered by this Court by order entered on January 3, 2022 (ECF No. 4260), as extended by orders entered on January 13, 2022 (ECF No. 4286), February 1, 2022 (ECF No. 4319), February 8, 2022 (ECF No. 4339), February 18, 2022 (ECF No. 4370) and the Mediator's Notice of Extension of Mediation Sine Die (ECF No. 4403), negotiating with the Debtors, the Sacklers and others on what became the Term Sheet that was approved by the Approval Order (the "Term Sheet"), preparing for and attending the hearing on the motion seeking entry of the Approval

---

[1] Unlike other case professionals that were retained pursuant to Court order or were otherwise subject to the Interim Compensation Order from or shortly after the outset of their engagements, P&C had no reason to believe it would be necessary to (and did not) separate the recordation of its time into project categories and provide the additional information that is required by the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York (June 17, 2013) promulgated pursuant to Local Bankruptcy Rule 2016-1(a) and the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases, 78 Fed. Reg. 36248, effective as of November 1, 2013. Under the Approval Order, the standard for approval of P&C's fees is whether they are "reasonable and documented."

Order and thereafter, negotiating and documenting the final, definitive direct Settlement Agreement between the Nine and the Sackler parties (the "DSA").

13. On a more detailed basis, P&C professionals spent considerable time in, *inter alia*¸ (i) familiarizing themselves with the case proceedings that had taken place prior to P&C's involvement, (ii) researching, collecting and reviewing case authorities that addressed the issues that were presented on confirmation, including subject matter jurisdiction, statutory power and preemption with respect to the non-debtor releases in the Plan and the best interests of creditors test under 11 U.S.C. § 1129(a)(7), (iii) drafting an objection to confirmation and complying with the confirmation protocols that needed to be followed leading up to the confirmation hearing, (iv) preparing for and participating in the hearing on confirmation, including preparing for witness examinations and oral argument, (v) assisting in the preparation of a motion for certification of a direct appeal pursuant to 28 U.S.C § 158(d)(2)(A) and preparing for and participating in oral argument on the motion, (vi) taking all necessary steps to perfect and prosecute an appeal of the Confirmation Order to the District Court and assisting in the preparation of appellate briefs and for oral argument, (vii) after the District Court Decision, engaging in extensive discussions and negotiations with the States and their representatives, the Debtors and the Sackler parties concerning what became the final Term Sheet; (viii) reviewing and analyzing the appellate briefs filed by the Debtors and other appealing parties in their appeal of the District Court Decision to the Second Circuit Court of Appeals and assisting with the drafting of an appellee's brief in the event a final DSA could not be reached, and (ix) after entry of the Approval Order, negotiating and finalizing the DSA and taking steps to withdraw the States' opposition to the Second Circuit appeal.

14. The services rendered by P&C during the Fee Period are itemized as set forth in Exhibit "A". The attorneys and paralegals that rendered services to the States, along with the

- 6 -

number of hours for each individual and the total compensation sought for each service, are listed in the Fee Application Cover Sheet and summary presentation which precedes this First Interim Fee Application. It is submitted that the compensation requested is based on the customary compensation charged by comparatively skilled practitioners in cases other than cases under title 11.

## DISBURSEMENTS

15.    P&C incurred reasonable and necessary out-of-pocket expenses in the sum of $1,532.18 in connection with rendering legal services to the States during the Fee Period. These disbursements consisted of necessary filing fees and were necessary to effectively render legal services in these cases.

## VALUATION OF SERVICES & RELIEF REQUESTED

16.    Attorneys employed by P&C have expended a total of 1,068.7 hours in connection with this matter during the Fee Period detailed below. The nature of the work performed by these persons is fully set forth in the detail attached hereto as Exhibit "A". The hourly rates set forth above were P&C's current hourly rates for work of this nature at the time the services were rendered. It is submitted that the reasonable value of the services rendered by P&C for the Fee Period as counsel to the States is 567,858.50.

17.    In addition, in accordance with the factors enumerated in section 331 of the Bankruptcy Code, if they were applicable, the amount requested is fair and reasonable given (a) the complexity of the litigation, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the cost of comparable services other than in a case under this title.

18. This is P&C's first interim application. Other than the two prior monthly fee statements that are covered by this Application, no prior application has been made to this or any other Court for this Fee Period or for the allowance of fees and disbursements sought herein.

19. This Application covers the period of February 25, 2021 through March 31, 2022. P&C has and will continue to perform additional necessary services subsequent to March 31, 2022, for which P&C will file subsequent monthly fee statements and applications as required.

**WHEREFORE**, P&C respectfully requests the Court enter an order, substantially in the form attached hereto, providing: (a) that an interim allowance be made to P&C for the period from February 25, 2021 through March 31, 2022 in the amount of (i) $567,858.50 as compensation for necessary professional services rendered, and (ii) $1,532.18 for actual and necessary expenses incurred, for a total of $569,391.50; and (b) for such other and further relief as may be just and proper.

Dated: Bridgeport, Connecticut
      May 16, 2022

Respectfully submitted,

**PULLMAN & COMLEY, LLC**

*/s/Irve J. Goldman*
Irve J. Goldman, Esq. (ct02404)
850 Main Street, 8th Floor
P.O. Box 7006
Bridgeport, CT 06601-7006
Telephone: (203) 330-2213
E-mail: jgoldman@pullman.com

*Attorneys at various times for:*
*The State of CT*
*The States of CT, DE, RI, VT and WA*
*The States of CT, DE, RI, VT, OR and DC*