Melanie L. Cyganowski, Esq.
Jennifer S. Feeney, Esq.
OTTERBOURG P.C.
230 Park Avenue
New York, NY 10169
Telephone:    (212) 661-9100
Facsimile:    (212) 682-6104

*Co-Counsel to the Ad Hoc Committee of*
*Governmental and Other Contingent*
*Litigation Claimants*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| PURDUE PHARMA L.P., *et al.*, | : | Case No. 19-23649 (RDD) |
| | : | |
| Debtors[1]. | : | (Jointly Administered) |

------------------------------------------------------------ x

**APPLICATION OF OTTERBOURG P.C. AS CO-COUNSEL TO THE
AD HOC COMMITTEE OF GOVERNMENTAL AND OTHER CONTINGENT
CLAIMANTS FOR EIGHTH INTERIM ALLOWANCE OF COMPENSATION FOR
SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED FROM
FEBRUARY 1, 2022 THROUGH AND INCLUDING APRIL 30, 2022**

| *General Information* | |
|---|---|
| Name of Applicant: | Otterbourg P.C. |
| Applicant's role in case: | Co-Counsel to the Ad Hoc Committee of Governmental and Other Contingent Litigation Claimants |
| Retention date: | September 16, 2019 |

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

6961630.1

| Date of Order approving Debtors' payment of fees and expenses of Applicant: | December 2, 2019 [Dkt. No. 553] |
|---|---|
| **Summary of Fees and Expenses Sought in the Application** | |
| Time period covered for interim fees and expenses requested by this application: | February 1, 2022 through and including April 30, 2022 (the "Application Period") |
| Amount of compensation sought as actual, reasonable, and necessary for the Application Period: | $183,544.50 |
| Amount of expense reimbursement sought as actual, reasonable, and necessary for the Application Period: | $1,154.95 |
| Total compensation and expense reimbursement requested for the Application Period: | $184,699.45 |
| Amount of compensation paid but not yet allowed to date: | $39,672.40 |
| Amount of expenses paid but not yet allowed to date: | $0 |

| **Summary of Previous Request(s) and Payment(s) for Compensation and Expense Reimbursement** | | | | | | | |
|---|---|---|---|---|---|---|---|
| **Application** | **Period Covered** | **Fees Requested** | **Fees Paid** | **Expenses Requested** | **Expenses Paid** | **Balance** | **Order** |
| First Interim Application Dkt. No. 955 | 9/16/2019 through 1/31/2020 | $646,606.50 | $634,943.70[2] | $2,956.87 | $2,956.87 | $0.00 | Dkt. Nos. 1159 and 1306 |
| Second Interim Application Dkt. No. 1456 | 2/1/2020 through 5/31/2020 | $336,192.00 | $331,192.00[3] | $1,604.92 | $1,504.92 | $0.00 | Dkt. No. 1649 |

---

[2]    At the request of the fee examiner, Applicant agreed to a fee and expense accommodation in the amount of $11,662.80 in connection with its first interim fee application.

[3]    At the request of the fee examiner, Applicant agreed to a fee and expense accommodation in the amount of $5,100.00 ($5,000 in fees and $100 in expenses) in connection with its second interim fee application.

| Summary of Previous Request(s) and Payment(s) for Compensation and Expense Reimbursement | | | | | | | |
|---|---|---|---|---|---|---|---|
| Third Interim Application Dkt. No. 1990 | 6/1/2020 through 9/30/2020 | $682,293.50 | $669,130.85[4] | $2,091.13 | $2,091.13 | $0.00 | Dkt. No. 2144 |
| Fourth Interim Application Dkt. No. 2525 | 10/1/2020 through 12/31/2020 | $904,388.50 | $904,388.50 | $851.68 | $851.68 | $0.00 | Dkt. No. 2698 |
| Fifth Interim Application Dkt. No. 3221 | 1/1/2021 through 5/31/2021 | $683,168.00 | $683,168.00 | $887.21 | $887.21 | $0.00 | Dkt. No. 3603 |
| Sixth Interim Application Dkt. No. 4127 | 6/1/2021 through 9/30/2021 | $601,312.00 | $601,312.00 | $47.49 | $47.49 | $0.00 | Dkt. No. 4237 |
| Seventh Interim Application Dkt. No. 4546 | 10/1/2021 through 4/30/2022 | $255,511.50 | $149,627.60 | $107.36 | $107.36 | $0.00 | Dkt. No. 4716 |
| TOTAL: | | $3,853,960.50 | $3,824,135.05 | $8,439.30 | $8,339.30 | $0.00 | |

---

[4]     At the request of the fee examiner, Applicant agreed to a fee accommodation in the amount of $13,162.65 in connection with its third interim fee application.

| Monthly Fee Statements Subject to the Application Period | | | | | | |
|---|---|---|---|---|---|---|
| Statement | | Amount Requested | | Amount Paid | | |
| Period | Dkt. and Date | Fees | Expenses | Fees (80%) | Expenses (100%) | Balance |
| 2/1/2022-2/28/2022 | Dkt. No. 4544 Filed: 3/17/2022 | $49,590.50 | $0.00 | $39,672.40 | $0.00 | $9,918.10 |
| 3/1/2022-3/31/2022 | Dkt. No. 4834 Filed:  5/16/2022 | $93,608.00 | $1,129.95 | $0.00 | $0.00 | $94,737.95 |
| 4/1/2022-4/33/2022 | Dkt. No. 4835 Filed: 5/16/2022 | $40,346.00 | $25.00 | $0.00 | $0.00 | $40,371.00 |
| **TOTAL** | | **$183,544.50** | **$1,154.95** | **$39,672.40** | **$0.00** | **$145,027.05** |

| This is a(n): | ____ | Monthly |
|---|---|---|
| | x | Interim |
| | ____ | Final Application |

Melanie L. Cyganowski, Esq.
Jennifer S. Feeney, Esq.
OTTERBOURG P.C.
230 Park Avenue
New York, NY 10169
Telephone:    (212) 661-9100
Facsimile:    (212) 682-6104

*Co-Counsel to the Ad Hoc Committee of*
*Governmental and Other Contingent*
*Litigation Claimants*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------- x

In re                                          :  Chapter 11
                                               :
PURDUE PHARMA L.P., *et al.*,                  :  Case No. 19-23649 (RDD)
                                               :
            Debtors[1].                        :  (Jointly Administered)
                                               :
-------------------------------------------------------- x

**APPLICATION OF OTTERBOURG P.C. AS CO-COUNSEL TO THE
AD HOC COMMITTEE OF GOVERNMENTAL AND OTHER CONTINGENT
CLAIMANTS FOR EIGHTH INTERIM ALLOWANCE OF COMPENSATION FOR
SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED FROM
FEBRUARY 1, 2022 THROUGH AND INCLUDING APRIL 30, 2022**

TO:    THE HONORABLE ROBERT D. DRAIN,
       UNITED STATES BANKRUPTCY JUDGE:

        Otterbourg P.C. ("**Otterbourg**" or "**Applicant**"), Co-Counsel to the Ad Hoc Committee

of Governmental and Other Contingent Claimants (the "**AHC**") in the above-captioned cases, in

support of its eighth application (the "**Application**") for allowance of interim compensation for

professional services rendered and reimbursement of expenses incurred from February 1, 2022

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtors's registration number
in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue
Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P.
(0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150),
Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P.
(4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove
Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick
Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC
Pharma L.P. (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford
Forum, 201 Tresser Boulevard, Stamford, CT 06901.

through and including April 30, 2022 (the "**Application Period**") in connection with the chapter 11 bankruptcy cases of Purdue Pharma L.P. and its affiliates (the "**Debtors**") pending in the United States District Court for the Southern District of New York (the "**Court**"), and respectfully states:

## JURISDICTION, VENUE AND STATUTORY PREDICATES

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is core proceeding pursuant to 28 U.S.C. § 157(b).  Venue of this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief sought herein are Sections 330 and 331 of Title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**").  This Application has been prepared in accordance with *General Order M-447*, the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases pursuant to Local Rule 2016-1(a) (as updated June 17, 2013)* (the "**Local Guidelines**"), and the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in larger Chapter 11 Cases, effective November 1, 2013* (the "**UST Guidelines**" and, together with the Local Guidelines, the "**Guidelines**").  Attached hereto as Exhibit A is a certification regarding compliance with the Local Guidelines (the "**Cyganowski Declaration**").

## BACKGROUND

3.      On September 16, 2019 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

4.    The Debtors have remained in possession of their property and continue in the management of their business as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

5.    An official committee of unsecured creditors (the "**UCC**") was appointed by the Office of the United States Trustee (the "**UST**") in these cases on September 27, 2019 [Dkt. No. 131].

6.    On November 21, 2019, the Court entered the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals*, dated November 21, 2019 (the "**Interim Compensation Order**") [Dkt. No. 529]. The Interim Compensation Order provides, among other procedures, that professionals are required to file and serve monthly itemized billing statements and interim fee applications.

7.    On December 2, 2019, the Court entered an *Order Authorizing the Debtors to Assume the Reimbursement Agreement and Pay the Fees and Expenses of the Ad Hoc Committee's Professionals* (the "**Fee Assumption Order**").    [Dkt. No. 553].    The Fee Assumption Order permits the payment of the fees and expenses of the AHC's professionals, including Applicant, *nunc pro tunc* to September 16, 2019, and requires compliance with the procedures set forth in the Interim Compensation Order.  A copy of the Fee Assumption Order is annexed hereto as Exhibit B.

## SUMMARY OF PROFESSIONAL COMPENSATION
## AND REIMBURSEMENT OF EXPENSES REQUESTED

8.    By this Application, Applicant seeks an order approving on an interim basis compensation in the amount of $183,544.50 and expenses in the amount of $1,154.95, representing actual and necessary expenses Applicant incurred in connection with its rendering of professional services to the AHC during the Application Period.

9.     In accordance with the Interim Compensation Order, Applicant filed the following interim fee applications:

- On March 16, 2020, Applicant filed a request for first interim allowance of fees and expenses in this Case, covering the period from September 16, 2019 through and including January 31, 2020 [Dkt. No. 955]. The Court entered an order on May 15, 2020 approving that first interim request [Dkt. No. 1159]. On June 26, 2020 the Court entered a supplemental order permitting payment of the holdback amounts, less certain reductions of fees and expenses agreed to between Applicant and the fee examiner appointed in these cases [Dkt. No. 1306].

- On July 20, 2020, Applicant filed a request for second interim allowance of fees and expenses in this Case, covering the period from February 1, 2020 through and including May 31, 2020 [Dkt. No. 1456]. The Court entered an order on September 2, 2020 approving that second interim request [Dkt. No. 1649].

- On November 16, 2020, Applicant filed a request for third interim allowance of fees and expenses in this Case, covering the period from June 1, 2020 through and including September 30, 2020 [Dkt. No. 1990]. The Court entered an order on December 16, 2020 approving that third interim request [Dkt. No. 2144].

- On March 17, 2021, Applicant filed a request for fourth interim allowance of fees and expenses in this Case, covering the period from October 1, 2020 through and including December 31, 2020 [Dkt. No. 2525].  The Court entered an order on April 22, 2021 approving that fourth interim request [Dkt. No. 2698].

- On July 15, 2021, Applicant filed a request for fifth interim allowance of fees and expenses in this Case, covering the period from January 1, 2021 through and including

May 31, 2020 [Dkt. No. 3221]. The Court entered an order on August 18, 2021 approving that fifth interim request [Dkt. No. 3603].

- On November 15, 2021, Applicant filed a request for sixth interim allowance of fees and expenses in this Case, covering the period from June 1, 2021 through and including September 30, 2021 [Dkt. No. 4127]. The Court entered an order on December 20, 2021 approving the sixth interim request [Dkt. No. 4237].

- On March 17, 2022, Applicant filed a request for seventh interim allowance of fees and expenses in this Case, covering the period from October 1, 2021 through and including January 1, 2022 [Dkt. No. 4546]. The Court entered an order on April 29, 2022 approving the seventh interim request [Dkt. No. 4716].

10.    The following Monthly Fee Statements were filed by Applicant during the Application Period:

| Monthly Fee Statements Subject to the Application Period | | | | | | |
|---|---|---|---|---|---|---|
| Statement | | Amount Requested | | Amount Paid | | |
| Period | Dkt. and Date | Fees | Expenses | Fees (80%) | Expenses (100%) | Balance |
| 2/1/2022-2/28/2022 | Dkt. No. 4544 Filed: 3/17/2022 | $49,590.50 | $0.00 | $39,672.40 | $0.00 | $9,918.10 |
| 3/1/2022-3/31/2022 | Dkt. No. 4834 Filed: 5/16/2022 | $93,608.00 | $1,129.95 | $0.00 | $0.00 | $94,737.95 |
| 4/1/2022-4/30/2022 | Dkt. No. 4835 Filed:5/16/2022 | $40,346.00 | $25.00 | $0.00 | $0.00 | $40,371.00 |
| TOTAL | | $183,544.50 | $1,154.95 | $39,672.40 | $0.00 | $145,027.05 |

11.    Applicant attaches the following in support of this Application:

- Exhibit C is a summary of the compensation sought by Applicant by project code for the Application Period and a comparison to the Applicant's budget and proposed staffing plan.

- <u>Exhibit D</u> is a list of the attorneys and paraprofessionals who have worked on these cases during the Application Period, the aggregate time invested by each individual, the applicable hourly billing rate, and the amount of fees attributable to each individual, as well as the hours and time spent by position (*e.g.*, partner, associate, clerk), blended hourly rates, and a comparison against the blended rates of other non-insolvency attorneys and professionals at Otterbourg.

- <u>Exhibit E</u> contains a copy of the computer-generated time entries reflecting the time recorded during the Application Period, organized in project billing categories by the Applicant.

- <u>Exhibit F</u> is a summary of reimbursement sought by the Applicant by expense type for all expenses incurred during the Application Period.

- <u>Exhibit G</u> contains a copy of the computer-generated list of expenses incurred during the Application Period.

## **SUMMARY AND HIGHLIGHTS OF SERVICES RENDERED**

12.     During the Application Period, Applicant performed services on a variety of tasks for the AHC, all of which are set forth in Applicant's detailed time records.  The following summary is intended only to highlight some of the services rendered by Applicant during the Application Period and is not intended to be a complete recitation of all activities performed.  Although every effort was made to consistently categorize the actual services provided into the appropriate category, certain tasks were interrelated and could properly be categorized in multiple categories.

### A.     **Plan and Disclosure Statement**

13.     The vast majority of Applicant's time during the Applications Period was spent in connection with the ongoing appeals related to the *Findings of Fact, Conclusions of Law, and Order Confirming the Twelfth Amended Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and its Affiliated Debtors* [Dkt. No.3787] ("**Confirmation Order**"), which was entered by the Court on September 17, 2021, following a nine-day hearing to consider the Debtors' plan of reorganization (the "**Plan**").  Following entry of the Confirmation Order several

parties that had objected to Plan, including certain States, Canadian entities and the UST, filed Notices of Appeal of the Confirmation Order.

14.     The appeal first proceeded to the United States District Court for the Southern District of New York (the "**District Court**") and the District Court entered a Decision and Order on December 16, 2021 that vacated the Confirmation Order (the "**District Court Vacatur Order**").    The Second Circuit Court of Appeals (the "**Second Circuit**") then granted certification to consider the District Court Vacatur Order.

15.     In connection with the appeals to the Second Circuit, Applicant reviewed the briefs filed with the Second Circuit, including the AHC's brief and the various amicus briefs, coordinated with co-counsel to the AHC and attended preparation sessions with the Debtor, AHC counsel and others in advance of oral argument.    Applicant coordinated and consulted with co-counsel regarding the AHC's approach to the appeal.    Applicant also listened to the oral argument before the Second Circuit on April 29, 2022.

16.     Following the District Court Vacatur Order and prior to the appellees' time to submit briefs to the Second Circuit, the Court appointed the Honorable Shelley C. Chapman (the "**Mediator**") [Dkt. No. 4260] to conduct a mediation between the nine states and the District of Columbia that appealed the Confirmation Order (the "**Nine**"), on the one hand, and the Sacklers, on the other hand, with respect to modifications of the Plan.    Following two months of mediation, on March 3, 2022, the Mediator reported that the Nine and the Sacklers had reached an agreement whereby, among other things, the Sacklers would pay an additional $1.175 billion in total committed cash and up to an additional $500 million of cash consideration contingent on the net proceeds of certain foreign asset sales.    *See* Mediator's Fourth Interim Report, Dkt. No. 4409. As part of the settlement, a significant portion of the additional funds committed under the

Plan would be allocated in certain specified amounts to each of the Nine with the remainder going to the Master Disbursement Trust for distribution in accordance with the terms of the approved Plan.

17.     Several states and other parties that were not part of the settlement with the Nine objected to the proposed settlement on multiple grounds, including the fact that a portion of the settlement payments would be allocated solely to the Nine and not distributed in accordance with the previously agreed upon distribution percentages negotiated among all the states and territories.  Applicant and co-counsel conferred and had multiple conference calls with state leadership regarding the issues presented by the settlement and the AHC's response.  Applicant discussed the AHC's response with co-counsel and the AHC and reviewed the limited objection filed by the AHC.  Applicant also reviewed the motion seeking approval of the agreement, the many objections and joinders that were filed with respect to the proposed settlement, and attended the hearing held on March 9, 2022 to consider the settlement, which was ultimately approved.  In connection with the settlement, the Nine agreed that the issues raised in their appeal of the District Court Vacatur Order were resolved and that each consented to the releases granted in the Plan, the viability of which is still dependent upon the appellate process and outcome.  Applicant also monitored with co-counsel the status of an additional mediation that was ordered by the Court with the individual appellees and the Debtors.  *See* Dkt. No. 4609.

### B.     Litigation and Adversary Matters

18.     The Debtors previously commenced an adversary proceeding against their insurance companies seeking to enforce insurance coverage and obtain insurance coverage on asserted claims (the "**Insurance Litigation**").  The Debtors, the UCC and the AHC are jointly prosecuting the Insurance Litigation.  Gilbert LLP, co-counsel to the AHC, is lead counsel on behalf of the AHC. During the Application Period, Applicant conferred with Gilbert on

responses to the discovery requests propounded by the insurance defendants in connection with the Insurance Litigation.

19.     During the Application Period, Applicant conducted additional document searches of its files and reviewed such documents to determine if any were responsive to the discovery requests.  Applicant coordinated such review and production with the Gilbert firm and participated in conference calls to assist in the coordinated production of documents by the AHC.

20.     Applicant also considered the Debtors' request to further extend the injunction entered at the beginning of the Case and discussed with co-counsel and the AHC the ramifications of extending or, alternatively, ending the injunction.    Applicant also attended via zoom the hearing  to consider the continuation of the injunction.

### C.     Case Administration/General Services/Business Operations

21.     During the Application Period, Applicant participated in many conference calls and videoconferences with its co-counsel, the AHC subgroup of states, and other parties to these cases.  Applicant also reviewed filings in the case and participated in omnibus court hearings.

22.     Throughout all of these activities, Applicant organized with co-counsel by regularly communicating among the firms and determining the specific tasks to be undertaken by each.  It was also particularly important given the size of the AHC that subsets of groups could organize and have a point of contact to discuss issues specific to each constituency and communicate them to other co-counsel and the remainder of the AHC group.  Applicant primarily coordinated with the states to ascertain their positions and seek solutions.  While there were activities that necessarily required full participation of the professionals, tasks were coordinated to avoid duplication of efforts.

23.     Applicant also prepared and filed monthly fee statements and its seventh interim fee application as required by the Compensation Procedures Order.

### D.    Meetings and Communications with Ad Hoc Committee

24.    Throughout the Application Period, Applicant and its co-counsel kept the AHC members advised of all matters in these cases, providing regular updates and responding to inquiries.  The AHC has weekly update calls with the entire AHC and also has regular calls with subgroups of the AHC, some of which occur on a weekly basis and others on an as-needed basis. Certain more pressing issues required more frequent calls.

### EVALUATING APPLICANT'S SERVICES

25.    Applicant respectfully submits that its request for interim allowance of compensation is reasonable and appropriate.  The services rendered by Applicant, as highlighted above, required time and effort.

26.    Bankruptcy Code section 331 provides for interim compensation of professionals and incorporates the substantive standards of Bankruptcy Code section 330 to govern the Court's award of such compensation.  Bankruptcy Code section 330 provides that a court may award a professional employed under Bankruptcy Code section 327 "reasonable compensation for actual, necessary services rendered … and reimbursement for actual, necessary expenses."  Bankruptcy Code section 330 also sets forth the criteria for the award of such compensation and reimbursement.

27.    In determining the amount of reasonable compensation to be awarded, the Court should consider the nature, extent, and the value of such services, taking into account all relevant factors, including:

a.    the time spent on such services;

b.    the rates charged for such services;

c.    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

      d.      whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

      e.      whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

28.     Applicant respectfully submits that the services for which it seeks compensation in this Application were necessary for and beneficial to the AHC, the Debtors, the Debtors' estates, and other parties in interest.  Applicant also submits that the services rendered to the AHC were performed economically, effectively and efficiently and were necessary.  Applicant further submits that the compensation requested herein is reasonable in light of the nature, extent and value of such services and that the fees billed and expenses incurred were well within the parameters of the fee estimates provided to the Debtors.

29.     Applicant coordinated with co-counsel to the AHC to assign tasks and avoid duplication of services.  Certain services, such as participation in court hearings, conference calls and meetings and review of pertinent documents, necessarily required the involvement of multiple co-counsel advising the AHC.  Applicant was primarily responsible for interfacing with the state members of the AHC and bringing such issues and concerns to the remainder of the AHC and other co-counsel.

30.     Applicant's hourly rates and fees charged are consistent with the market rate for comparable services.  As set forth in the Cyganowski Certification, the hourly rates and fees charged by Applicant are the same as those generally charged to, and paid by, Applicant's other clients.  In accordance with its regular practice, Applicant's hourly rates are reviewed and adjusted in October of each year.

31.    In summary, the services rendered by Applicant were necessary and beneficial to the AHC and the Debtors' estates, and were consistently performed in a timely manner commensurate with the complexity, importance, novelty and nature of the issues involved. Accordingly, approval of the compensation sought herein is warranted.

## DISBURSEMENTS

32.    Applicant incurred actual and necessary out-of-pocket expenses during the Application Period, which are set forth in Exhibit G.  By this Application, Applicant respectfully requests allowance of such reimbursement in full.  The disbursements for which Applicant seeks reimbursement are as follows:

a.    Computer Research Charges – Otterbourg's practice is to bill clients for electronic research at actual cost, which does not include amortization for maintenance and equipment.

b.    Litigation Support Services – Otterbourg's practice is to bill clients for litigation support services at its actual cost.  Applicant incurred such expense in connection with the use of a vendor to assist with document review conducted during the Application Period, which required particularized word searches of Otterbourg e-mails for a specified period.

## APPLICANT'S STATEMENT PURSUANT TO APPENDIX B
## OF THE UST GUIDELINES

33.    The following statement is provided pursuant to § C.5. of the UST Guidelines.

a.    **Question**:  Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms of services pertaining to this engagement that were provided during the application period?  If so, please explain.

**Answer**:  No.

b.    **Question**:  If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client?

**Answer**: The fees sought in the Application do not exceed the fees budgeted for the Application Period and are, in fact, considerably less than the amount budgeted.

c. **Question**: Have any of the professionals included in this fee application varied their hourly rage based on the geographic location of the bankruptcy case?

**Answer**: No.

d. **Question**: Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.) If so, please quantify by hours and fees.

**Answer**: Yes. There were 1.00 hours ($940.00) recorded for reviewing fee time.

e. **Question**: Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees.

**Answer**: No.

f. **Question**: If the fee application includes any rate increases since retention: (i) Did your client review and approve those rate increases in advance? (ii) Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11-458?

**Answer**: Pursuant to Applicant's ordinary practices, hourly billable rates were increased in October 2020 and October 2021. Applicant was not subject to a separate retention application. The Debtors were authorized to pay the fees of Applicant pursuant to the Fee Assumption Order. The increase in Otterbourg's hourly rate was disclosed to the AHC in Otterbourg's October 2020 and October 2021 monthly statements and reviewed by the AHC prior to filing with the Court.

## <u>CONCLUSION</u>

**WHEREFORE**, the Applicant respectfully requests that this Court enter an order (i) (a) allowing on an interim basis compensation in the aggregate amount of $183,544.50 for fees for services rendered during the Application Period; (b) allowing on an interim basis actual,

necessary expenses incurred in connection with such services in the aggregate amount of $1,154.95; (c) authorizing and directing the Debtors to pay to the unpaid fees for services rendered during the Application Period expenses associated with such services; and (ii) granting such other and further relief as may be just or proper.

New York, New York
Dated: May 16, 2022

OTTERBOURG P.C.

By: */s/ Melanie L. Cyganowski*
    Melanie L. Cyganowski, Esq.
    Jennifer S. Feeney, Esq.
    OTTERBOURG P.C.
    230 Park Avenue
    New York, NY 10169
    Telephone:    (212) 661-9100
    Facsimile:    (212) 682-6104

    *Co-Counsel to the Ad Hoc Committee of*
    *Governmental and Other Contingent*
    *Litigation Claimants*

# EXHIBIT A

**Certification**

Melanie L. Cyganowski, Esq.
Jennifer S. Feeney, Esq.
OTTERBOURG P.C.
230 Park Avenue
New York, NY 10169
Telephone:    (212) 661-9100
Facsimile:    (212) 682-6104

*Co-Counsel to the Ad Hoc Committee of*
*Governmental and Other Contingent*
*Litigation Claimants*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
In re                                                       :    Chapter 11
                                                            :
PURDUE PHARMA L.P., *et al.*,                               :    Case No. 19-23649 (RDD)
                                                            :
                 Debtors[1].                                :    (Jointly Administered)
------------------------------------------------------------ x

**CERTIFICATION OF MELANIE L. CYGANOWSKI IN RESPECT OF APPLICATION
OF OTTERBOURG P.C. AS CO-COUNSEL TO THE AD HOC COMMITTEE OF
GOVERNMENTAL AND OTHER CONTINGENT CLAIMANTS FOR
EIGHTH INTERIM ALLOWANCE OF COMPENSATION FOR SERVICES
RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED FROM
FEBRUARY 1, 2022 THROUGH AND INCLUDING APRIL 30, 2022**

I, Melanie L. Cyganowski, hereby certify that:

1.      I am a member of the firm of Otterbourg P.C. ("Otterbourg").   By Order of the

Court, dated December 2, 2019, the Debtor was authorized to pay fees and expenses of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

Otterbourg as Co-Counsel to the Ad Hoc Committee of Governmental and Other Contingent Claimants *nunc pro tunc* to September 16, 2019 (the "Petition Date").  [553]

2.    I am the professional designated by Otterbourg with the responsibility for compliance with the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases* (as updated June 17, 2013) (the "Local Guidelines"), and the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys in Larger Chapter 11 Cases*, adopted by the Executive Office for the United States Trustee (the "UST Guidelines", and together with the Local Guidelines, the "Guidelines") and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals*, [Dkt. No. 529] (the "Interim Compensation Order").

3.    This Certification is made in support of Otterbourg's eighth interim application (the "Interim Fee Application") for the interim allowance of compensation for services rendered and reimbursement of expenses incurred for the period from February 1, 2022 through and including April 30, 2022 (the "Application Period").

4.    I have reviewed the Interim Fee Application.

5.    To the best of my knowledge, information and belief formed after reasonable inquiry of the Otterbourg accounting personnel and legal and paraprofessional staff, the Interim Fee Application complies with the mandatory guidelines set forth in the Guidelines.

6.    The fees and disbursements sought are billed at rates and in accordance with practices customarily employed by Otterbourg and generally accepted by Otterbourg's clients.

7.    To the best of my knowledge, information and belief formed after reasonable inquiry of the Otterbourg personnel, Otterbourg does not make a profit in connection with any disbursements sought in the Interim Fee Application except (i) in recording certain

disbursements, for administrative convenience, charges are rounded up to the nearest dollar (*e.g.*, long distance telephone calls) and (ii) volume discounts, if any, are not reflected (*e.g.*, Federal Express).

8.      To the best of my knowledge, information and belief formed after reasonable inquiry of the Otterbourg accounting personnel, Otterbourg does not include in the amount of any disbursements the amortization of the cost of any investment, equipment or capital outlay.

9.      To the best of my knowledge, information and belief formed after reasonable inquiry of the Otterbourg accounting personnel, to the extent that Otterbourg has purchased or contracted for services from a third party, reimbursement is sought only for the amount billed by the third party to Otterbourg and paid.

10.     Otterbourg maintains supporting documentation for each item for which reimbursement is sought (*e.g.*, conference calls, meals chargeable and transportation) and such documentation is available for review on request by the Court or the United States Trustee.

11.     Otterbourg has complied with the provisions requiring it to provide the United States Trustee for the Southern District of New York and the Debtor with a statement of the Applicant's fees and expenses.

12.     The Notice Parties (as defined in the Interim Compensation Order) will each be provided with a copy of the Interim Fee Application.

New York, New York
Dated: May 16, 2022

By:    /s/ *Melanie L. Cyganowski*
      Melanie L. Cyganowski
      230 Park Avenue
      New York, New York 10169
      (212) 661-9100
      *Co-Counsel to the Ad Hoc Committee of*
      *Governmental and Other Contingent*
      *Litigation Claimants*

# EXHIBIT B

**Fee Assumption Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.**, *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

### ORDER AUTHORIZING THE DEBTORS TO ASSUME THE REIMBURSEMENT AGREEMENT AND PAY THE FEES AND EXPENSES OF THE AD HOC COMMITTEE'S PROFESSIONALS

Upon the motion (the "**Motion**")[2] of Purdue Pharma L.P. and its affiliates that are debtors and debtors in possession in these cases (collectively, the "**Debtors**"), pursuant to sections 105(a), 363(b) and 365 of title 11 of the United States Code (the "**Bankruptcy Code**"), for an order (this "**Order**") (a) authorizing the Debtors to assume the Reimbursement Agreement, attached to the Motion as **Exhibit B**, and (b) authorizing but not directing the Debtors to pay the reasonable and documented fees and expenses under the Reimbursement Agreement, without the need for further motion, fee application or order of the Court, as more fully set forth in the Motion; and the Court having jurisdiction to decide the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant
to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Motion
having been provided, such notice having been adequate and appropriate under the circumstances,
and it appearing that no other or further notice need be provided; and upon the objections (or
joinders to objections) to the relief requested in the Motion filed by the Ad Hoc Group of Individual
Victims, the NAS Babies Ad Hoc Committee, the Official Committee of Unsecured Creditors, the
Private Insurance Plaintiffs, the U.S. Trustee, and Certain Native American Tribes [Docket Nos.
454, 458, 459, 462, 463 and 468] and the responses thereto; and the Court having held a hearing
to consider the relief requested in the Motion on November 19, 2019 (the "**Hearing**"); and upon
the record of the Hearing and all of the proceedings had before the Court; and after due deliberation
and for the reasons stated by the Court in its bench ruling at the Hearing the Court having
determined that the legal and factual bases set forth in the Motion establish good and sufficient
cause for the relief granted herein, which is in the best interests of the Debtors, their estates, their
creditors and all parties in interest; now, therefore,

     **IT IS HEREBY ORDERED THAT:**

1.     The Motion is granted to the extent set forth herein.

2.     The Debtors are authorized to perform the Reimbursement Agreement pursuant to
section 363 of the Bankruptcy Code, subject to and as modified by the terms of this Order.

3.     Specifically, the Debtors are authorized, but not directed, to pay (i) Brown Rudnick
LLP, (ii) Gilbert, LLP, (iii) Kramer Levin Naftalis & Frankel LLP, (iv) Otterbourg PC, (v) FTI
Consulting, Inc., (vi) Compass Lexecon and (vii) Coulter & Justice (collectively, the
"**Professionals**") for their reasonable and documented fees and expenses in accordance with the
terms and conditions of the Reimbursement Agreement and this Order; *provided* that, for the
avoidance of doubt, the Debtors shall have no obligation to pay any fees, expenses or other

amounts incurred after the termination of the Reimbursement Agreement in accordance with its terms.

4.      The authorization of the Debtors to pay (i) the reasonable and documented fees and expenses of the Professionals (other than those Professionals set forth in paragraph 3(vi) and (vii) above, which are addressed in subsection (z) of this paragraph 4 below) and (ii) reasonable and documented expenses (e.g., hotels, meals, travel costs, etc., but excluding the fees and expenses of any professional, including internal counsel, retained or employed by any Ad Hoc Committee member) incurred by the Ad Hoc Committee members in furtherance of their service on the Ad Hoc Committee (the "**Member Expenses**") shall be subject, *mutatis mutandis*, to the procedures with respect to authorization of payment of the fees and expenses of the professionals of the Debtors and the UCC set forth in the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals* [Docket No. 529] (as may be modified or amended by any subsequent order of the Court with respect thereto, the "**Interim Compensation Order**") including, for the avoidance of doubt, the filing of Monthly Fee Statements and Applications (in each case as defined in the Interim Compensation Order), Interim Fee Hearings (as defined in the Interim Compensation Order), the expiration of the Objection Deadline (as defined in the Interim Compensation Order) or resolution of any Objections (as defined in the Interim Compensation Order) with respect each Monthly Fee Statement, and the 20% holdback with respect to fees until further order of the Court; *provided* that the standard for authorization of payment of the fees and expenses of the Professionals shall be whether such fees and expenses are (a) reasonable and documented and (b) reimbursable under the Reimbursement Agreement (including, without limitation, that such fees and expenses are not duplicative of other Professionals and are within the Scope (as defined in the Reimbursement Agreement)); *provided*

*further* that, for the avoidance of doubt, that the Professionals shall not be considered retained

professionals of the Debtors or UCC and the retention of the Professionals shall not be required to

satisfy the standards for retention set forth in sections 327-328 or 1103 of the Bankruptcy Code;

*provided further* that, the Professionals shall seek reimbursement only for fees and expenses that

are within the Scope (and, for the avoidance of doubt, neither filing objections to the claims of

other creditors or advancing or prosecuting the claims of the individual members of the Ad Hoc

Committee shall be considered within the Scope); *provided further* that, (x) the aggregate amount

authorized to be paid pursuant to this Order shall not exceed $1,500,000 with respect to the fees

and expenses of the Professionals (including Compass Lexecon and Coulter & Justice) incurred

prior to the Petition Date, (y) such prepetition fees and expenses of the Professionals, together with

any prepetition Member Expenses, shall be sought only upon the earlier of (1) the execution of a

restructuring support agreement among parties including the Debtors and each member of the Ad

Hoc Committee and (2) confirmation of a chapter 11 plan for the Debtors, and (z) the Debtors shall

not be authorized to pay any amounts to the Professionals set forth in paragraph 3(vi) and 3(vii)

above (who are not currently actively engaged) unless and until authorized to do so by subsequent

order of this Court in connection with one of the Applications referred to above; *provided further*

that the fees and expenses of the Professionals incurred in connection with or relating to the

allocation of value among the Debtors' creditors  (the "**Allocation Fees**"), shall be segregated and

recorded in separate matters or projects and shall be sought by Application only upon the earlier

of (a) the approval by the Court of a restructuring support agreement among parties including the

Debtors and each member of the Ad Hoc Committee (the "**RSA**") or (b) confirmation of a chapter

11 plan for the Debtors; *provided further* that to the extent an emergency relief fund for the use,

prior to confirmation, of a substantial amount of the Debtors' cash to provide emergency relief and

assistance with respect to the opioid crisis (an "**ERF**") has not previously been sought or approved by the Court, the RSA shall have within it a valid and credible proposal for an ERF; *provided further* that prior to the earlier of approval by the Court of an RSA or confirmation of a chapter 11 plan for the Debtors, each Professional that submits a Monthly Fee Statement or Application will include a representation therein that it has separately recorded its Allocation Fees and has not, to the best of its knowledge, included Allocation Fees in such Monthly Fee Statement or Application.

5.    Notwithstanding anything to the contrary herein, the Debtors shall not be authorized to pay the fees and any expenses of any advisor to the Ad Hoc Committee other than the Professionals (as defined in paragraph 3), and the authorization to pay the fees and expenses of any advisor to the Ad Hoc Committee other than the Professionals (including any investment banker, as contemplated by the Reimbursement Agreement) shall be sought by a supplemental motion to this Court, *provided* that the Debtors are authorized to pay the fees of an investment banker, as contemplated by the Reimbursement Agreement, subject the same procedures applicable to the Professionals (as defined in paragraph 3), with the consent of the Debtors, U.S. Trustee and UCC to the retention of such investment banker and the terms of such retention.

6.    Pursuant to and consistent with information and confidentiality protocols to be agreed between the Ad Hoc Committee, the Ad Hoc Group of Non-Consenting States[3] and the Governmental Entities Group[4], and acceptable to the Debtors, and any protective order in these cases, the work product of certain financial professionals engaged by the Ad Hoc Committee, including FTI Consulting, Inc., shall be made available to the Ad Hoc Group of Non-Consenting States and the Governmental Entities Group with respect to matters on which such parties share a

---

[3] The Bankruptcy Rule 2019 statement for the Ad Hoc Group of Non-Consenting States is filed at Docket No. 296.

[4] The Bankruptcy Rule 2019 statement for the Governmental Entities Group is filed at Docket No. 409.

common interest, subject to the terms therein, and where such work product does not contain, reflect or reference confidential information of the Debtors that they have provided to the Ad Hoc Committee but not provided to the Ad Hoc Group of Non-Consenting States and the Governmental Entities Group. The delivery of information pursuant to such information protocols described in this paragraph shall not be deemed a waiver of any common interest privilege, attorney-client privilege, work product protection, or any other applicable privileges or protections with respect thereto.

7.     The contents of the Motion and the notice procedures set forth therein constitute good and sufficient notice and satisfy the Bankruptcy Rules and the Local Rules, and no other or further notice of the Motion or the entry of this Order shall be required.

8.     Nothing in this Order shall be deemed to constitute (i) a grant of third-party beneficiary status or bestowal of any additional rights on any third party or (ii) a waiver of any rights, claims or defenses of the Debtors.

9.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

10.     The relief granted herein shall be binding upon any chapter 11 trustee appointed in any of these chapter 11 cases or upon any chapter 7 trustee appointed in the event of a subsequent conversion of any of these chapter 11 cases to cases under chapter 7.

11.     The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: December 2, 2019
     White Plains, New York

/s/ Robert D. Drain
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT C

**Summary of Compensation By Project Code**

**SUMMARY OF COMPENSATION BY**
**PROJECT CODE FOR THE APPLICATION PERIOD**

| Project Code | Project Category | Total Billed Hours | Average Hourly Rate | Fees Recorded |
|---|---|---|---|---|
| PU06 | Employment and Fee Applications | 14.5 | $669.17 | $9,703.00 |
| PU08 | Litigation: Contested Matters, Adversary | 37.5 | $618.51 | $23,194.00 |
| PU09 | Meetings and Communications with Ad Hoc | 31.1 | $1,296.17 | $40,311.00 |
| PU11 | Plan and Disclosure Statement | 86.6 | $1,274.09 | $110,336.50 |
|  | **TOTALS:** | **169.7** | **$1,081.58** | **$183,544.50** |

## BUDGET V. ACTUAL FEES REQUESTED

| Project Code | Project Category | Budgeted Hours | Actual Hours | Budgeted Fees | Actual Fees |
|---|---|---|---|---|---|
| PU01 | Asset Analysis and Recovery | 0 | 0 | $0 | $0 |
| PU02 | Assumption and Rejection of Leases and Contract | 0 | 0 | $0 | $0 |
| PU03 | Business Operations | 10 | 0 | $12,500.00 | $0 |
| PU04 | Case Administration | 10 | 0 | $12,500.00 | $0 |
| PU05 | Claims Analysis | 0 | 0 | $0 | $0 |
| PU06 | Employment and Fee Applications | 25 | 14.5 | $15,000.00 | $9,703.00 |
| PU07 | Emergency Financing | 0 | 0 | $0 | $0 |
| PU08 | Litigation: Contested Matters, Adversary | 45 | 37.5 | $30,000.00 | $23,194.00 |
| PU09 | Meetings and Communications with Ad Hoc | 80 | 31.1 | $100,000.00 | $40,311.00 |
| PU10 | Non-Working Travel | 0 | 0 | $0 | $0 |
| PU11 | Plan and Disclosure Statement | 80 | 86.6 | $100,000.00 | $110,336.50 |
| **TOTAL:** | | **250.0** | **169.7** | **$270,000.00** | **$183,544.50** |

## PROPOSED STAFFING PLAN APPLICATION PERIOD

| Category of Timekeeper | Estimated Number of Timekeepers | Actual Number of Timekeepers | Average Hourly Rate Based on Actual Timekeepers |
|---|---|---|---|
| Partner | 2 | 2 | $1,205.00 |
| Of Counsel | 0 | 0 | NA |
| Associate | 0 | 0 | NA |
| Paralegal | 1 | 2 | $345.00 |

# <u>EXHIBIT D</u>

**Summary of Hours By Professional**

## SUMMARY OF HOURS BILLED BY
## PROFESSIONALS FOR THE APPLICATION PERIOD

### Attorney Hours for the Application Period

| Professional | Year Admitted | Rate Per Hour | No. of Hours | Total Compensation |
|---|---|---|---|---|
| Melanie L. Cyganowski ("MLC") Partner | 1982 | $1470.00 | 78.9 | $115,983.00 |
| Jennifer S. Feeney ("JSF") Partner | 1998 | $940.00 | 60.9 | $57,246.00 |
| | **TOTAL** | | **139.8** | **$173,229.00** |

### Paraprofessional Hours for the Application Period

| Professional | Year Admitted | Rate Per Hour | No. of Hours | Total Compensation |
|---|---|---|---|---|
| Christine M. O'Brien ("CMO") Paralegal | N/A | $345.00 | 14.6 | $5,037.00 |
| Jessica K. Hildebrandt ("JKH") Paralegal | N/A | $345.00 | 15.3 | $5,278.50 |
| | **TOTAL** | | **29.9** | **$10,315.50** |

**Total Fees for the Application Period By Position**

| Professional | Blended Rate | Total Hrs. | Total Fees Recorded |
|---|---|---|---|
| Partner | $1,239.12 | 139.8 | $173,229.00 |
| Of Counsel | NA | 0 | $0 |
| Associate | NA | 0 | $0 |
| Paralegal | $345.00 | 29.9 | $10,315.50 |
| **Blended Professional Rate** | **$1,081.58** | **169.7** | **$183,544.50** |

**Blended Hourly Rate for Professionals Billing to Case v. Blended Hourly Rate of All Other Professionals for Last 12 Months**

| Professionals and Paraprofessionals | Blended Hourly Rate of Professionals and Paraprofessionals Not Billing to this Matter for Prior 12-Month Period by Position | Blended Hourly Rate of Professionals Billed for Application Period by Position |
|---|---|---|
| Partner | $995.19 | $1,239.12 |
| Of Counsel | $824.37 | NA |
| Associate | $470.97 | NA |
| Paraprofessional and Other Staff | $331.67 | $345.00 |
| Blended Attorney Rate/Total Attorney Fees | $754.62 | $1,239.12 |
| Blended Paralegal Rate | $331.67 | $345.00 |

# **EXHIBIT E**

**Time Entries**

OTTERBOURG P.C.

230 PARK AVENUE
NEW YORK, NY  10169-0075

May 11, 2022
BILL NO. 223447

Client/Matter No.:    20186/0002
Matter Name:          CHAPTER 11
Billing Partner:      RL STEHL

For Services Rendered Through April 30, 2022:

---

Phase: PU06                              EMPLOYMENT & FEE APPLICATIONS

---

| DATE ATTORNEY | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| 02/12/22 JSF | Examine Documents<br>Review of Purdue Time for January | .30 | 282.00 |
| 02/14/22 JSF | Examine Documents<br>Review Monthly Fee Statement for January | .20 | 188.00 |
| 02/14/22 JKH | Prepare Papers<br>Prepare draft monthly statement for January | .70 | 241.50 |
| 02/22/22 JKH | Prepare Papers<br>Prepare draft fee application | 1.50 | 517.50 |
| 02/23/22 JSF | Prepare Legal Papers<br>Preparation of Interim Fee Application | .80 | 752.00 |
| 02/24/22 JKH | Prepare Chart(s)<br>Prepare exhibits for fee application | 1.20 | 414.00 |
| 02/25/22 JKH | Prepare Chart(s)<br>Edit exhibits for fee application | .70 | 241.50 |

OTTERBOURG P.C.

230 PARK AVENUE
NEW YORK, NY  10169-0075

```
Client/Matter:  20186/0002                        May 11, 2022
Page 2                                            BILL NO. 223447
```

| DATE ATTORNEY | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| 02/25/22 JKH | Prepare Papers<br>Finalize monthly statement for filing | .20 | 69.00 |
| 03/09/22 JSF | Prepare Legal Papers<br>Preparation of Interim Fee Application | .70 | 658.00 |
| 03/10/22 JSF | Prepare Legal Papers<br>Prepare Seventh Interim Fee Application | 1.80 | 1,692.00 |
| 03/11/22 JSF | Prepare Legal Papers<br>Prepare Seventh Interim Fee Application | 1.10 | 1,034.00 |
| 03/11/22 JKH | Prepare Papers<br>Prepare fee application | .60 | 207.00 |
| 03/13/22 JSF | Examine Documents<br>Review of February Time Detail | .30 | 282.00 |
| 03/14/22 JSF | Prepare Legal Papers<br>Draft Interim Fee Application | .80 | 752.00 |
| 03/15/22 JSF | Examine Documents<br>Review of February Monthly Fee Statement | .20 | 188.00 |
| 03/15/22 JKH | Prepare Papers<br>Prepare draft monthly statement | .60 | 207.00 |
| 03/16/22 JKH | Prepare Papers<br>Edit and finalize fee application | .30 | 103.50 |

# OTTERBOURG P.C.

230 PARK AVENUE
NEW YORK, NY  10169-0075

Client/Matter:   20186/0002                                    May 11, 2022
Page 3                                                        BILL NO. 223447

| DATE ATTORNEY | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| 03/16/22 JKH | Prepare Papers Finalize February statement | .20 | 69.00 |
| 03/17/22 JSF | Examine Documents Review of Interim Fee Application for Filing | .30 | 282.00 |
| 04/27/22 JSF | Telephone Call(s) Attend Omnibus Hearing re: Fee Applications | .80 | 752.00 |
| 04/28/22 JSF | Examine Documents Review of March Time Detail | .40 | 376.00 |
| 04/29/22 JSF | Examine Documents Review of March Monthly Fee Statement | .20 | 188.00 |
| 04/29/22 JKH | Prepare Papers Prepare monthly statement | .60 | 207.00 |
| TOTAL PHASE PU06 | | 14.50 | $9,703.00 |

Phase: PU08                          LITIGATION: CONTESTED MATTERS, ADVERSARY

| DATE ATTORNEY | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| 02/01/22 JSF | Examine Documents Attend Hearing re: Extension of Injunction | .60 | 564.00 |

# OTTERBOURG P.C.

230 PARK AVENUE
NEW YORK, NY  10169-0075

Client/Matter:   20186/0002                                    May 11, 2022
Page 4                                                         BILL NO. 223447

| DATE ATTORNEY | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| 02/04/22 CMO | Preparation of Resp to disc. device Document production in connection with insurance litigation | .60 | 207.00 |
| 02/04/22 JSF | Examine Documents Review of Debtor's Request for Further Extension of Injunction | .20 | 188.00 |
| 02/04/22 JSF | Examine Documents Insurance Adversary Proceeding - Review of Additional Inquiries re: Document Response | .30 | 282.00 |
| 02/04/22 JKH | Correspondence Review and exchange communications re: document production in connection with insurance litigation | .40 | 138.00 |
| 02/07/22 CMO | Analysis of Resp to disc. device Document production in connection with insurance litigation | 1.50 | 517.50 |
| 02/07/22 JSF | Telephone Call(s) Call with Gilbert Firm re: Document Production for Insurance Adversary | .40 | 376.00 |
| 02/07/22 JSF | Examine Documents Attention to Additional Document Production for Insurance Adversary | 1.40 | 1,316.00 |

# OTTERBOURG P.C.

230 PARK AVENUE
NEW YORK, NY  10169-0075

Client/Matter:   20186/0002                                      May 11, 2022
Page 5                                                           BILL NO. 223447

| DATE<br>ATTORNEY | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| 02/07/22<br>JKH | Conference call(s)<br>Conference call (.5) and review of email<br>instructions re: document review in<br>connection with insurance litigation | .80 | 276.00 |
| 02/08/22<br>CMO | Analysis of Resp to disc. device<br>Document production Insurance Litigation:<br>Review Initial Collection of Documents | 7.00 | 2,415.00 |
| 02/08/22<br>JSF | Examine Documents<br>Attention to Document Review/Response re:<br>Insurance Litigation | .80 | 752.00 |
| 02/08/22<br>JKH | Document Production<br>Review documents for production re:<br>insurance litigation and email exchanges<br>re: same | 2.60 | 897.00 |
| 02/09/22<br>CMO | Analysis of Resp to disc. device<br>With ESI vendor re: document production<br>insurance litigation | .50 | 172.50 |
| 02/09/22<br>CMO | Analysis of Resp to disc. device<br>Review search terms report for document<br>production review Insurance Litigation | 1.80 | 621.00 |
| 02/09/22<br>JSF | Examine Documents<br>Insurance Litigation - Document Review in<br>Response to Discovery | 1.10 | 1,034.00 |

OTTERBOURG P.C.

230 PARK AVENUE
NEW YORK, NY  10169-0075

Client/Matter:   20186/0002                                    May 11, 2022
Page 6                                                         BILL NO. 223447

| DATE ATTORNEY | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| 02/10/22 CMO | Analysis of Resp to disc. device Document production Insurance Litigation | 1.70 | 586.50 |
| 02/10/22 JSF | Examine Documents Response to Discovery Demands in Insurance Litigation - Examine Responses and Documents for Review | 1.20 | 1,128.00 |
| 02/10/22 JKH | Review Documents Review responses to document requests in connection with document production re: insurance litigation | .40 | 138.00 |
| 02/11/22 CMO | Analysis of Resp to disc. device Document Production Insurance Litigation | .30 | 103.50 |
| 02/11/22 JSF | Examine Documents Document Review in Connection with Insurance Litigation Discovery | 2.30 | 2,162.00 |
| 02/11/22 JKH | Document Production Review documents re: document production in connection with insurance litigation | 1.20 | 414.00 |
| 02/11/22 JKH | Memo-File Review emails re: searches performed re: document production in connection with insurance litigation and prepare memo detailing process | 1.70 | 586.50 |

OTTERBOURG P.C.

230 PARK AVENUE
NEW YORK, NY  10169-0075

Client/Matter:  20186/0002                                    May 11, 2022
Page 7                                                        BILL NO. 223447

| DATE ATTORNEY | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| 02/12/22 JKH | Document Production Document production in connection with insurance litigation | .30 | 103.50 |
| 02/14/22 JSF | Examine Documents Attention to Insurance Discovery Responses | 1.20 | 1,128.00 |
| 02/16/22 CMO | Analysis of Resp to disc. device Document production Insurance Litigation | 1.20 | 414.00 |
| 02/16/22 JSF | Examine Documents Review of Additional E-Mails and Requests re: Insurance Discovery Requests | 1.10 | 1,034.00 |
| 02/16/22 JKH | Correspondence Email communications and review of documents re: production in connection with insurance litigation | .40 | 138.00 |
| 02/17/22 JSF | Telephone Call(s) Attend Telephonically Omnibus Hearing on Claims and Extension of Injunction | 1.00 | 940.00 |
| 03/17/22 JSF | Correspondence E-Mail with Gilbert Firm re: Document Production Inquiry | .20 | 188.00 |
| 03/23/22 JSF | Telephone Call(s) Attend Omnibus Hearing re: Continuation of Injunction and Funding Agreement | .40 | 376.00 |

OTTERBOURG P.C.

230 PARK AVENUE
NEW YORK, NY  10169-0075

Client/Matter:  20186/0002                                    May 11, 2022
Page 8                                                        BILL NO. 223447

| DATE ATTORNEY | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| 03/29/22 MLC | Conference call(s)<br>Conference call with insurance co-counsel | .50 | 735.00 |
| 04/06/22 JSF | Examine Documents<br>Review of Summary Updates of Insurance Litigation | .30 | 282.00 |
| 04/14/22 JSF | Examine Documents<br>Debtor's Motion to Extend Injunction | .20 | 188.00 |
| 04/19/22 MLC | Correspondence<br>Correspondence with AHC counsel re extension of preliminary injunction order | .60 | 882.00 |
| 04/20/22 MLC | Correspondence<br>Update re second circuit argument and pending motion re KEIP/KERP | .80 | 1,176.00 |
| 04/27/22 MLC | Review Documents<br>Review of update of pending matters/appeal | .50 | 735.00 |

TOTAL PHASE PU08                                      37.50         $23,194.00

Phase: PU09                          MEETINGS & COMMUNICATIONS W/ AD HOC

| DATE ATTORNEY | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|

# OTTERBOURG P.C.

### 230 PARK AVENUE
### NEW YORK, NY  10169-0075

Client/Matter:   20186/0002                                         May 11, 2022
Page 9                                                              BILL NO. 223447

| DATE ATTORNEY | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| 02/01/22 MLC | Conference call(s) Conference call with AHC co-counsel and State subgroup | .60 | 882.00 |
| 02/01/22 MLC | Correspondence Correspondence among AHC co-counsel and State subgroup re mediation update | .80 | 1,176.00 |
| 02/02/22 JSF | Telephone Call(s) Participate in Weekly AHC Meeting | .40 | 376.00 |
| 02/02/22 MLC | Conference call(s) Conference call meeting with AHC | .40 | 588.00 |
| 02/02/22 MLC | Correspondence Correspondence with AHC counsel and State subgroup re: mediation up date | .60 | 882.00 |
| 02/04/22 MLC | Correspondence Correspondence with AHC counsel re appeal and mediation | 1.10 | 1,617.00 |
| 02/08/22 JSF | Telephone Call(s) Attend Update Call with AHC | 1.20 | 1,128.00 |
| 02/08/22 MLC | Conference call(s) Conference call with State Subgroup and AHC counsel | .50 | 735.00 |

# OTTERBOURG P.C.

230 PARK AVENUE
NEW YORK, NY  10169-0075

Client/Matter:  20186/0002                                    May 11, 2022
Page 10                                                       BILL NO. 223447

| DATE ATTORNEY | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| 02/08/22 MLC | Conference call(s) Conference call meeting with AHC | 1.20 | 1,764.00 |
| 02/10/22 MLC | Conference call(s) Conference call with AHC State Subgroup | .50 | 735.00 |
| 02/11/22 MLC | Correspondence Correspondence with AHC re mediation status | .50 | 735.00 |
| 02/16/22 JSF | Telephone Call(s) Attend Meeting of AHC re: Updates | .80 | 752.00 |
| 02/22/22 JSF | Telephone Call(s) Attend Call with Co-Counsel and Executive Team of States re: Updtes | .70 | 658.00 |
| 02/22/22 MLC | Conference call(s) Conference call with AHC co-counsel and state subgroup re: mediation | .90 | 1,323.00 |
| 02/23/22 JSF | Telephone Call(s) Attend Weekly Meeting of AHC | .50 | 470.00 |
| 02/23/22 MLC | Conference call(s) Weekly AHC meeting | .50 | 735.00 |
| 02/24/22 MLC | Review Documents Review of correspondence with AHC counsel and State sub-group re mediation status | .60 | 882.00 |

# OTTERBOURG P.C.

### 230 PARK AVENUE
### NEW YORK, NY  10169-0075

Client/Matter:   20186/0002                                      May 11, 2022
Page 11                                                          BILL NO. 223447

| DATE ATTORNEY | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| 03/01/22 MLC | Conference call(s) Conference call with AHC and co-counsel | 1.20 | 1,764.00 |
| 03/02/22 JSF | Telephone Call(s) Attend via Zoom Weekly AHC Update Meeting | 1.50 | 1,410.00 |
| 03/02/22 MLC | Correspondence Correspondence with AHC leadership and co-counsel | .60 | 882.00 |
| 03/04/22 JSF | Telephone Call(s) Participate in Meeting with Working Group of States re: Settlement | .70 | 658.00 |
| 03/04/22 JSF | Telephone Call(s) Attend Zoom Meeting of AHC re: Settlement Term Sheet and AHC Response | 1.60 | 1,504.00 |
| 03/04/22 MLC | Conference call(s) AHC working group call | .80 | 1,176.00 |
| 03/07/22 JSF | Telephone Call(s) Attend Zoom AHC Meeting to Discuss Supplemental Settlement and AHC Position | 1.20 | 1,128.00 |
| 03/07/22 MLC | Conference call(s) AHC meeting | 1.10 | 1,617.00 |

## OTTERBOURG P.C.

### 230 PARK AVENUE
### NEW YORK, NY  10169-0075

Client/Matter:   20186/0002                                    May 11, 2022
Page 12                                                        BILL NO. 223447

| DATE ATTORNEY | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| 03/09/22 MLC | Telephone Call(s) Co-counsel call with State Leadership to prepare for hearing | 2.00 | 2,940.00 |
| 03/10/22 JSF | Telephone Call(s) Attend Call with Co-Counsel and Certain States re: Court Hearing and Next Steps | .30 | 282.00 |
| 03/10/22 MLC | Conference call(s) Conference call with AHC co-counsel and state leadership | .40 | 588.00 |
| 03/15/22 MLC | Conference call(s) Conference call with States' leadership and AHC co-counsel | .50 | 735.00 |
| 03/22/22 MLC | Conference call(s) Conference call with state leadership on AHC and counsel | .60 | 882.00 |
| 03/23/22 JSF | Telephone Call(s) Attend Weekly Update Meeting with AHC | .50 | 470.00 |
| 03/23/22 MLC | Conference call(s) Attended AHC meeting | .50 | 735.00 |
| 03/29/22 MLC | Conference call(s) Conference call with state leadership and co-counsel for AHC | .50 | 735.00 |

# OTTERBOURG P.C.

230 PARK AVENUE
NEW YORK, NY  10169-0075

Client/Matter:   20186/0002                                        May 11, 2022
Page 13                                                            BILL NO. 223447

| DATE ATTORNEY | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| 04/06/22 JSF | Telephone Call(s) Attend Weekly AHC Meeting | .50 | 470.00 |
| 04/06/22 MLC | Review Documents Review of status report regarding motions for partial summary judgment on insurance issues | 1.30 | 1,911.00 |
| 04/07/22 MLC | Conference call(s) Conference call with State leadership | .40 | 588.00 |
| 04/14/22 MLC | Correspondence Conference call with state leadership and AHC co-counsel | .50 | 735.00 |
| 04/15/22 MLC | Correspondence Correspondence with co-counsel | .40 | 588.00 |
| 04/18/22 MLC | Correspondence Correspondence with States leadership re extension of preliminary injunction | .60 | 882.00 |
| 04/19/22 MLC | Conference call(s) Conference call with State leadership and AHC co-counsel to prepare for appellate argument | .50 | 735.00 |
| 04/20/22 MLC | Conference call(s) Conference call with AHC State Leadership and AHC co-counsel Re appeal preparation | .80 | 1,176.00 |

# OTTERBOURG P.C.

230 PARK AVENUE
NEW YORK, NY  10169-0075

```
Client/Matter:  20186/0002                        May 11, 2022
Page 14                                           BILL NO. 223447
```

| DATE ATTORNEY | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| 04/27/22<br>JSF | Telephone Call(s)<br>Attend Status Update Meeeting of AHC | .30 | 282.00 |
| TOTAL PHASE PU09 | | 31.10 | $40,311.00 |

---

| Phase: PU11 | | PLAN & DISCLOSURE STATEMENT | |
|---|---|---|---|

| DATE ATTORNEY | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| 02/01/22<br>MLC | Attendance at Court<br>Attendance a court hearing re: extension of<br>bridge order | .80 | 1,176.00 |
| 02/08/22<br>JSF | Examine Documents<br>Review Draft of Brief to Second Circuit | .50 | 470.00 |
| 02/08/22<br>JSF | Examine Documents<br>Review of Mediator's Second Interim Report | .20 | 188.00 |
| 02/08/22<br>JSF | Examine Documents<br>Review Updated Value Allocation Analysis | .30 | 282.00 |
| 02/09/22<br>MLC | Review Documents<br>Review of draft response in connection with<br>appeal | .80 | 1,176.00 |

Otterbourg P.C.

230 Park Avenue
New York, NY  10169-0075

Client/Matter:  20186/0002                                          May 11, 2022
Page 15                                                         BILL NO. 223447

| DATE ATTORNEY | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| 02/10/22 JSF | Examine Documents Review of Notice of Appearance for Second Circuit re: Appeal | .20 | 188.00 |
| 02/10/22 JSF | Examine Documents Review Revisions to Second Circuit Brief | .40 | 376.00 |
| 02/10/22 MLC | Correspondence Correspondence with State Subgroup re: mediation status and next steps | .50 | 735.00 |
| 02/10/22 JKH | Prepare Papers Prepare notices of appearance in appellate court and serve same | .80 | 276.00 |
| 02/11/22 MLC | Correspondence Correspondence with counsel re: appeal | .60 | 882.00 |
| 02/14/22 JSF | Examine Documents Review of Summary of Appellate Briefs | .40 | 376.00 |
| 02/16/22 JSF | Examine Documents Review of Second Circuit Briefs | .40 | 376.00 |
| 02/22/22 JSF | Examine Documents Review Amicus Briefs in Support of Appellants | 1.20 | 1,128.00 |
| 02/24/22 MLC | Review Documents Review of amicus filings in Second Circuit | 2.30 | 3,381.00 |

OTTERBOURG P.C.

230 PARK AVENUE
NEW YORK, NY  10169-0075

Client/Matter:   20186/0002                                      May 11, 2022
Page 16                                                          BILL NO. 223447

| DATE ATTORNEY | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| 02/25/22 JSF | Examine Documents<br>Review of Update on Mediation | .20 | 188.00 |
| 02/28/22 MLC | Review Documents<br>Review of memo re: pending appeals | 1.10 | 1,617.00 |
| 03/01/22 MLC | Review Documents<br>Review of draft motion re: mediation process | 1.40 | 2,058.00 |
| 03/02/22 JSF | Examine Documents<br>Review of Terms of Settlement Proposal | .40 | 376.00 |
| 03/03/22 JSF | Examine Documents<br>Review of Mediator's Report and Settlement Term Sheet | 1.10 | 1,034.00 |
| 03/03/22 JSF | Telephone Call(s)<br>Attend Co-Counsel and Executive Committee Call re: Settlement Updates | .70 | 658.00 |
| 03/03/22 JSF | Examine Documents<br>Review of Florida's Objection to Settlement Term Sheet | .30 | 282.00 |
| 03/03/22 MLC | Review Documents<br>Review of motion to approve settlement with nine states/DC and Sacklers | 1.80 | 2,646.00 |

OTTERBOURG P.C.

230 PARK AVENUE
NEW YORK, NY  10169-0075

Client/Matter:   20186/0002                                    May 11, 2022
Page 17                                                        BILL NO. 223447

| DATE ATTORNEY | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| 03/03/22 MLC | Correspondence<br>Correspondence with AHC State Leadership re: settlement | .80 | 1,176.00 |
| 03/03/22 MLC | Review Documents<br>Review of summary of mediation term sheet | .90 | 1,323.00 |
| 03/04/22 JSF | Telephone Call(s)<br>Participate in Status Conference re: Settlement Terms | .70 | 658.00 |
| 03/04/22 JSF | Examine Documents<br>Review of Objections to Settlement Term Sheet | 1.10 | 1,034.00 |
| 03/04/22 MLC | Review Documents<br>Review of Florida objection and joinders | 2.10 | 3,087.00 |
| 03/06/22 JSF | Memo<br>Memo Summary of Supplemental Term Sheet | 1.80 | 1,692.00 |
| 03/06/22 JSF | Examine Documents<br>Review of Supplemental Settlement Term Sheet | 1.20 | 1,128.00 |
| 03/06/22 MLC | Review Documents<br>Review of draft AHC settlement objection memo | 1.10 | 1,617.00 |

# OTTERBOURG P.C.

230 PARK AVENUE
NEW YORK, NY  10169-0075

Client/Matter:   20186/0002                                                May 11, 2022
Page 18                                                                     BILL NO. 223447

| DATE<br>ATTORNEY | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| 03/07/22<br>JSF | Examine Documents<br>Review Draft of AHC Limited Objection to<br>Supplemental Settlement | 1.10 | 1,034.00 |
| 03/07/22<br>JSF | Memo<br>Memo Summary of Supplemental Term Sheet | 1.30 | 1,222.00 |
| 03/07/22<br>JSF | Memo<br>Prepare Summary of Objections to<br>Supplemental Term Sheet | 2.40 | 2,256.00 |
| 03/07/22<br>JSF | Examine Documents<br>Review of Additional Objections and<br>Joinders to Term Sheet | .80 | 752.00 |
| 03/07/22<br>MLC | Telephone Call(s)<br>Telephone call with Ken Eckstein re:<br>hearing | .50 | 735.00 |
| 03/07/22<br>MLC | Review Documents<br>Reviewed and revised draft of AHC limited<br>opposition to settlement | 1.10 | 1,617.00 |
| 03/07/22<br>MLC | Revision of Documents<br>Reviewed and revised draft of limited<br>opposition to settlement | 1.30 | 1,911.00 |
| 03/07/22<br>MLC | Review Documents<br>Reviewed opposition filed against<br>settlement by various parties | 1.20 | 1,764.00 |

OTTERBOURG P.C.

230 PARK AVENUE
NEW YORK, NY  10169-0075

Client/Matter:   20186/0002                                    May 11, 2022
Page 19                                                        BILL NO. 223447

| DATE ATTORNEY | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| 03/08/22 JSF | Memo Review and Summarize Further Objections to Settlement Term Sheet, Including AHC Objection | 3.60 | 3,384.00 |
| 03/08/22 JSF | Examine Documents Review of Updates from Executive Committee and Counsel re: Supplemental Term Sheet and Objections in Advance of Hearing | .40 | 376.00 |
| 03/08/22 MLC | Correspondence Correspondence with Ken Eckstein to prepare for hearing | .60 | 882.00 |
| 03/08/22 MLC | Review Documents Review of and analysis of opposition by States to proposed settlement | 1.60 | 2,352.00 |
| 03/09/22 JSF | Telephone Call(s) Participate in Zoom with Co-Counsel and Lead States re: Preparation for Hearing | 1.70 | 1,598.00 |
| 03/09/22 JSF | Examine Documents Review of Debtor's and UCC's Responses to Objections to Supplemental Settlement with Nine | .50 | 470.00 |
| 03/09/22 JSF | Telephone Call(s) Attend Via Conference Hearing on Settlement Agreement with Nine (partial) | 3.20 | 3,008.00 |

OTTERBOURG P.C.

230 PARK AVENUE
NEW YORK, NY 10169-0075

Client/Matter:  20186/0002                           May 11, 2022
Page 20                                              BILL NO. 223447

| DATE<br>ATTORNEY | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| 03/09/22<br>MLC | Prepare for Argument<br>Prepared for hearing | 1.70 | 2,499.00 |
| 03/09/22<br>MLC | Attendance at Court<br>Hearing and decision | 4.90 | 7,203.00 |
| 03/13/22<br>JSF | Examine Documents<br>Review of Summary of Appellee Briefs Filed<br>in Second Circuit | .30 | 282.00 |
| 03/18/22<br>MLC | Correspondence<br>Correspondence with Aaron Cahn re: recent<br>court decision | .40 | 588.00 |
| 03/18/22<br>MLC | Review Documents<br>Review of various filings before Second<br>Circuit | .80 | 1,176.00 |
| 03/21/22<br>MLC | Review Documents<br>Review of amicus briefs filed before the<br>Second Circuit | 1.70 | 2,499.00 |
| 03/21/22<br>MLC | Review Documents<br>Review of various opposition briefs filed<br>before the Second Circuit | 1.30 | 1,911.00 |
| 03/21/22<br>MLC | Revision of Documents<br>Reviewed and revised draft of proposed AHC<br>filing before the Second Circuit | 1.40 | 2,058.00 |

OTTERBOURG P.C.

230 PARK AVENUE
NEW YORK, NY  10169-0075

Client/Matter:   20186/0002                                    May 11, 2022
Page 21                                                        BILL NO. 223447


| DATE ATTORNEY | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| 03/22/22 MLC | Review Documents<br>Review of comments to draft AHC brief | .30 | 441.00 |
| 03/22/22 JKH | Diary & Docket<br>Review docket and calendar date for oral argument | .10 | 34.50 |
| 03/23/22 JSF | Examine Documents<br>Review of Amicus Briefs in Support of Appellees | .30 | 282.00 |
| 03/23/22 MLC | Attendance at Court<br>Hearing before court (by zoom) | .50 | 735.00 |
| 03/24/22 MLC | Review Documents<br>Review of draft of reply in Second Circuit | 1.40 | 2,058.00 |
| 03/25/22 MLC | Correspondence<br>Correspondence with co-counsel and state leadership re: mediation by debtors with various parties | .60 | 882.00 |
| 03/28/22 JSF | Examine Documents<br>Review of Appellees' Briefs to Second Circuit | 1.40 | 1,316.00 |
| 03/28/22 MLC | Review Documents<br>Review of appellate papers filed with Second Circuit | 2.20 | 3,234.00 |

OTTERBOURG P.C.

230 PARK AVENUE
NEW YORK, NY  10169-0075

Client/Matter:   20186/0002                                    May 11, 2022
Page 22                                                        BILL NO. 223447

| DATE<br>ATTORNEY | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| 04/01/22<br>MLC | Conference call(s)<br>Correspondence with co-counsel re: certain<br>appellate issues | 1.10 | 1,617.00 |
| 04/04/22<br>MLC | Correspondence<br>Correspondence with co-counsel re: certain<br>appellate issues and scheduling | .40 | 588.00 |
| 04/10/22<br>MLC | Correspondence<br>Correspondence with co-counsel with AHC<br>re: appeal | .30 | 441.00 |
| 04/11/22<br>MLC | Correspondence<br>Correspondence with State Leadership and<br>AHC co-counsel re: appellate arguments | .70 | 1,029.00 |
| 04/16/22<br>MLC | Review Documents<br>Review of proposed changes to NOAT | 1.50 | 2,205.00 |
| 04/20/22<br>MLC | Conference call(s)<br>Conference call with AHC co-counsel re<br>preparation for second circuit appeal | 1.10 | 1,617.00 |
| 04/21/22<br>MLC | Correspondence<br>Correspondence re: preparation for oral<br>arguments in Second Circuit | .60 | 882.00 |
| 04/21/22<br>MLC | Review Documents<br>Review of panel of judges for oral argument | .30 | 441.00 |

# OTTERBOURG P.C.

230 PARK AVENUE
NEW YORK, NY  10169-0075

Client/Matter:   20186/0002                                  May 11, 2022
Page 23                                                      BILL NO. 223447

| DATE ATTORNEY | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| 04/22/22 MLC | Correspondence<br>Correspondence re: scheduling of arguments for Second Circuit | .70 | 1,029.00 |
| 04/25/22 MLC | Review Documents<br>Review of papers filed in Second Circuit | .80 | 1,176.00 |
| 04/26/22 MLC | Conference call(s)<br>Participated in Purdue appellate preparation session | 3.30 | 4,851.00 |
| 04/26/22 MLC | Conference call(s)<br>Participated in preparation session for Purdue Pharma Second Circuit oral argument by zoom | 4.00 | 5,880.00 |
| 04/26/22 MLC | Correspondence<br>Correspondence with co-counsel for AHC and special appellate counsel re preparation for second circuit oral argument | 1.10 | 1,617.00 |
| 04/29/22 JSF | Telephone Call(s)<br>Listen to Second Circuit Argument of Appeal of District Court Order Overturning Plan | 2.00 | 1,880.00 |
| 04/29/22 MLC | Conference call(s)<br>Second Circuit Oral Argument | 2.00 | 2,940.00 |
| TOTAL PHASE PU11 | | 86.60 | $110,336.50 |
| | TOTAL FOR SERVICES | | $183,544.50 |

Oᴛᴛᴇʀʙᴏᴜʀɢ P.C.

230 Pᴀʀᴋ Aᴠᴇɴᴜᴇ
Nᴇᴡ Yᴏʀᴋ, NY  10169-0075

Client/Matter:   20186/0002                                    May 11, 2022
Page 24                                                        BILL NO. 223447

# EXHIBIT F

**Summary of Expenses**

**DISBURSEMENTS FOR THE APPLICATION PERIOD**

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Electronic Research | Westlaw | $25.00 |
| Litigation Support Vendors | L2 Services[1] | $1,129.95 |
| **TOTAL:** | | **$1,154.95** |

---

[1]    Vendor used in connection with a document review in response to discovery requests.

# **EXHIBIT G**

**List of Expenses**

OTTERBOURG P.C.

230 PARK AVENUE
NEW YORK, NY  10169-0075

Client/Matter:   20186/0002                                      May 11, 2022
Page 25                                                          BILL NO. 223447

DISBURSEMENTS FOR YOUR ACCOUNT

    Litigation Support Vendors                                    1,129.95

    Electronic Research                                              25.00
                                                               _____

                  TOTAL DISBURSEMENTS                          1,154.95