Hearing Date and Time: June 8, 2022 at 10:00 a.m. (prevailing Eastern Time)
Objection Date and Time: June 8, 2022 at 4:00 p.m. (prevailing Eastern Time)
Hearing and Objection Dates are in accordance with the
*Order Regarding Eighth Interim Fee Hearing* [ECF No. 4848]

LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
Gregory G. Garre (admitted *pro hac vice*)

– and –

355 South Grand Avenue, Suite 100
Los Angeles, California 90071
Telephone: (213) 485-1234
Facsimile: (213) 891-8763
Ted A. Dillman (admitted *pro hac vice*)
Shawn P. Hansen (admitted *pro hac vice*)

– and –

1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
Alistair K. Fatheazam

*Special Counsel to the Debtors and Debtors in Possession*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (RDD)** |
| **Debtors.**[1] | **(Jointly Administered)** |

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

## COVER SHEET TO THE FIRST INTERIM APPLICATION OF LATHAM & WATKINS LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS SPECIAL COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION FOR THE PERIOD FROM JANUARY 13, 2022 THROUGH APRIL 30, 2022

In accordance with Rule 2016-1 of the Local Rules of Bankruptcy Procedure, incorporating the *Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York Bankruptcy Cases* [General Order M-447], among other guidelines (the "**Local Guidelines**"), and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals* [ECF No. 529] (the "**Interim Compensation Order**"), Latham & Watkins LLP ("**L&W**"), special counsel for the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), submits this summary (this "**Summary**") of fees and expenses sought as actual and necessary in the fee application to which this Summary is attached (the "**Application**") for the period of January 13, 2022 through April 30, 2022 (the "**Fee Period**").

| General Information | |
|---|---|
| **Name of Applicant:** | Latham & Watkins LLP |
| **Role of Applicant:** | Special Counsel to the Debtors and Debtors in Possession |
| **Authorized to Provide Services to:** | Purdue Pharma L.P., *et al.* |
| **Petition Date:** | September 15, 2019 |
| **Retention Date:** | April 18, 2022, effective as of January 13, 2022 |
| **Date of Order Approving Retention:** | April 18, 2022 [ECF No. 4670] |

| Summary of Fees and Expenses Requested for the Compensation Period | |
|---|---|
| **Time Period Covered by This Application:** | January 13, 2022 through April 30, 2022 |
| **Total Compensation Requested:** | $601,500.60[2] |
| **Total Expenses Requested:** | $2,156.70 |
| **Total Compensation and Expenses Requested:** | $603,657.30 |

| Summary of Past Requests for Compensation and Prior Payments[3] | |
|---|---|
| **Compensation Sought in This Application Already Paid Pursuant to a Compensation Order but Not yet Allowed:** | $0.00 |
| **Expenses Sought in This Application Already Paid Pursuant to a Compensation Order but Not yet Allowed:** | $0.00 |
| **Total Compensation and Expenses Sought in This Application Already Paid Pursuant to a Compensation Order but Not yet Allowed:** | $0.00 |

---

[2] As part of this engagement, L&W has agreed to a 10% discount on standard hourly rates. Actual fees worked totaled $668,334.00. L&W applied a 10% discount totaling $66,833.40 and is requesting compensation in the amount of $601,500.60.

[3] Pursuant to the Interim Compensation Order, objections to the *First Monthly Fee Statement of Latham & Watkins LLP for Compensation for Services and Reimbursement of Expenses Incurred as Special Counsel to the Debtors for the Period from January 13, 2022 through March 31, 2022* [ECF No. 4854] are to be filed no later than June 2, 2022, and objections to the *Second Monthly Fee Statement of Latham & Watkins LLP for Compensation for Services and Reimbursement of Expenses Incurred as Special Counsel to the Debtors for the Period from April 1, 2022 through April 30, 2022* [ECF No. 4858] are to be filed no later than June 3, 2022. If no objection or other responsive pleading to such monthly fee statements are (a) filed with the Court on the docket of the above-captioned chapter 11 cases or (b) served on the Debtors or L&W, L&W anticipates that, prior to the hearing with respect to this Application, it will receive compensation in the amount of $481,200.48, which is equal to 80% of the total amount of reasonable compensation for actual, necessary legal services that L&W incurred in connection with such services during the Fee Period, and payment of $2,156.70 for the actual, necessary expenses L&W incurred in connection with such services during the Fee Period.

| Summary of Rates and Other Related Information for the Compensation Period | |
|---|---|
| **Blended Rate in This Application for All Partners, of Counsel, and Associates:** | $1,214.07 |
| **Blended Rate in This Application for All Timekeepers:** | $1,117.82 |
| **Number of Professionals Included in This Application:** | 17 |
| **Difference Between Fees Budgeted and Compensation Sought for This Period:** | N/A |
| **Number of Professionals Billing Fewer Than 15 Hours During This Period:** | 9 |
| **Increase in Rates Since Date of Retention:** | None |

This is a(n):    ___ monthly    _x_ interim    ___ final application

## Summary of Prior Monthly Fee Statements of Latham & Watkins LLP

| Period Covered and ECF No. | Total Fees Requested | Total Expenses Requested | Total Fees and Expenses Requested | Fees Paid | Expenses Paid | Total Balance Remaining to be Paid |
|---|---|---|---|---|---|---|
| 1/13/2022 – 3/31/2022 ECF No. 4854 | $489,597.30 | $794.52 | $490,391.80 | Pending | Pending | Pending |
| 4/1/2022 – 4/30/2022 ECF No. 4858 | $111,903.30 | $1,362.18 | $113,265.48 | Pending | Pending | Pending |

LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
Gregory G. Garre (admitted *pro hac vice*)

– and –

355 South Grand Avenue, Suite 100
Los Angeles, California 90071
Telephone: (213) 485-1234
Facsimile: (213) 891-8763
Ted A. Dillman (admitted *pro hac vice*)
Shawn P. Hansen (admitted *pro hac vice*)

– and –

1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
Alistair K. Fatheazam

*Special Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (RDD)** |
| Debtors.[1] | **(Jointly Administered)** |

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

**FIRST INTERIM APPLICATION OF LATHAM & WATKINS LLP
FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT
OF EXPENSES INCURRED AS SPECIAL COUNSEL TO THE DEBTORS
AND DEBTORS IN POSSESSION FOR THE PERIOD FROM
JANUARY 13, 2022 THROUGH APRIL 30, 2022**

Pursuant to sections 327, 330, and 331 of chapter 11 of title 11 of the United States Code

(the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure

(the "**Bankruptcy Rules**"), Rule 2016-1 of the Local Rules of Bankruptcy Procedure,

incorporating the *Amended Guidelines for Fees and Disbursements for Professionals in the*

*Southern District of New York Bankruptcy Cases* [General Order M-447], among other guidelines

(the "**Local Guidelines**"), the United States Trustee's Guidelines for Reviewing Applications for

Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 for Attorneys in

Larger Chapter 11 Cases effective as of November 1, 2013 (the "**U.S. Trustee Guidelines**," and

together with the Local Guidelines, the "**Fee Guidelines**"), and the *Order Establishing Procedures*

*for Interim Compensation and Reimbursement of Expenses for Retained Professionals* [ECF No.

529] (the "**Interim Compensation Order**"), Latham & Watkins LLP ("**L&W**"), special counsel

for the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), submits

this *First Interim Application for Compensation for Services Rendered and Reimbursement of*

*Expenses Incurred for the Period from January 13, 2022 through April 30, 2022*

(this "**Application**"). By this Application, L&W seeks allowance of compensation for actual

and necessary professional services rendered for the Debtors in the total amount of $601,500.60,[2]

and for reimbursement of actual, necessary disbursements that L&W incurred in connection with

---

[2] As part of this engagement, L&W has agreed to a 10% discount on standard hourly rates. Actual fees worked totaled $668,334.00. L&W applied a 10% discount totaling $66,833.40 and is requesting compensation in the amount of $601,500.60.

such services in the total amount of $2,156.70, for an aggregate total of $603,657.30 during the period of January 13, 2022 through April 30, 2022 (the "**Fee Period**").

## Jurisdiction

1.     The United States Bankruptcy Court for the Southern District of New York (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.     Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

3.     On September 15, 2019 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On September 18, 2019, the Court entered an order [ECF No. 59] authorizing the joint administration and procedural consolidation of the Debtors' chapter 11 cases pursuant to Bankruptcy Rule 1015(b).  On September 27, 2019, the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed an official committee of unsecured creditors (the "**UCC**") pursuant to section 1102 of the Bankruptcy Code [ECF No. 131].

4.     A description of the Debtors' businesses, the reasons for commencing the chapter 11 cases, and the relief sought from the Court to facilitate effective administration of these chapter 11 cases are set forth in the *Debtors' Informational Brief* [ECF No. 17].

5.     On November 21, 2019, the Court entered the Interim Compensation Order, which sets forth the procedures for interim compensation and reimbursement of expenses for all professionals in these cases.

6.    On April 8, 2020, the Court entered the *Order Authorizing the Appointment of Independent Fee Examiner Pursuant to 11 U.S.C. § 105(a) and Modifying Interim Compensation Procedures for Certain Professionals Employed Pursuant to 11 U.S.C. § 327* [ECF No. 1023], appointing David M. Klauder as the fee examiner in these cases.

### The Debtors' Retention of Latham & Watkins LLP

7.    On April 18, 2022, the Court entered the *Order Approving the Retention and Employment of Latham & Watkins LLP as Special Counsel for the Debtors Effective as of January 13, 2022* [ECF No. 4670] (the "**Retention Order**"), authorizing L&W's retention by the Debtors to represent them in connection with the Appeal (as defined below).  The Retention Order attached hereto as **Exhibit B** and incorporated by reference allows the Debtors to compensate and reimburse L&W in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Guidelines, and the Interim Compensation Order.

8.    The Retention Order also authorizes the Debtors to compensate L&W at its hourly rates charged for services of this type and for the firm's actual, necessary expenses incurred in connection with such services rendered during the Fee Period.  Among other things, it permits L&W to render the following services:

    a.    to represent the Debtors in connection with the Appeal, including prosecuting the Appeal on behalf of the Debtors and advising the Debtors and their restructuring advisors in connection with the Appeal; and

    b.    to provide advice, representation, and preparation of necessary documentation and pleadings and to take all necessary or appropriate actions in connection with the Appeal.

### Compensation Paid and Its Sources

9.    All services during the Fee Period for which compensation is requested by L&W were performed for or on behalf of the Debtors and are for matters within the scope of L&W's

retention as special counsel pursuant to the Retention Order. Additionally, except for L&W's retention by the Debtors pursuant to the Retention Order, L&W has not received any payment or promises of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with matters covered by this Fee Application. A certification confirming L&W's compliance with the Fee Guidelines is annexed hereto as **Exhibit A**.

10.     To the extent that billable time or disbursement charges for services rendered or expenses incurred relate to the Fee Period, but were not processed prior to the preparation of this Fee Application, L&W reserves the right to request compensation for such services and reimbursement of such expenses in a future fee application.

**Summary of Professional Compensation and Reimbursement of Expenses Requested**

11.     During the Fee Period, L&W's professionals and paraprofessionals expended a total of 538.1 hours in connection with providing necessary services. L&W has been able to efficiently provide services by utilizing the expertise of professionals and paraprofessionals within relevant practice groups to effectively advise and represent the Debtors and ensuring that the level of seniority is commensurate with the assignment. L&W, in connection with services rendered on behalf of the Debtors, respectfully requests allowance of reasonable compensation of such services rendered in the total amount of $601,500.60 and reimbursement of actual and necessary expenses incurred in the amount of $2,156.70, for an aggregate total of $603,657.30 for the Fee Period. Annexed hereto as **Exhibit C** is a list of L&W professionals and paraprofessionals, their position with the firm, the department in which the individual practices, the hourly rate charged for their services, the number of hours worked on this matter, and other pertinent information. **Exhibit D** annexed hereto is a list of the various categories and the total fees and total hours expended by subject matter category. L&W maintains computerized, detailed time records of services rendered

by its professionals and paraprofessionals.  The detailed records for this Fee Period were appended to L&W's Monthly Fee Statements [ECF Nos. 4854 & 4858].

12.     As disclosed in L&W's application to be retained as special counsel to the Debtors [ECF No. 4627], L&W did not prepare a budget or staffing plan for the Fee Period.  However, L&W has engaged in ongoing discussions with the Debtors regarding budgeting and staffing issues, and the Debtors have reviewed and approved L&W's invoices for the Fee Period.

### Case Status

13.     Certain of the Debtors have been named in over 2,900 civil actions pending in various state and federal courts and other fora across the United States and its territories (the "**Pending Actions**").  The Debtors commenced these chapter 11 cases to pursue a fair and efficient global resolution of the Pending Actions in order to preserve the value of the Debtors' estates and put that value to work helping address and combat the opioid crisis.  On April 29, 2022, the Court entered an order extending the preliminary injunction with respect to the Pending Actions, until and including the day that is 30 days after the date on which the United States Court of Appeals for the Second Circuit ("**Second Circuit**") issues a decision in the expedited and consolidated appeals (the "**Appeal**") from the December 16, 2021 order of the United States District Court for the Southern District of New York (the "**District Court**") vacating this Court's confirmation order (the "**Confirmation Order**"); provided, however, if the Second Circuit has not issued a decision in the Appeal by July 15, 2022, any party in interest, for cause shown and upon proper notice, may move to shorten or terminate the preliminary injunction.[3]

---

[3] The Preliminary Injunction was initially entered on October 11, 2019, became final on November 6, 2019, *see Second Amended Order Pursuant to 11 U.S.C. § 105(a) Granting Motion For a Preliminary Injunction*, *Purdue Pharma L.P. v. Commonw. of Mass.*, Adv. Pro. No. 19-08289 (Bankr. S.D.N.Y. Nov. 6, 2019) [ECF No. 105], and has been subsequently amended.  The currently operative preliminary injunction order was entered on April 29, 2022. *See Twenty-Eighth Amended Order Pursuant to 11 U.S.C. § 105(a) Granting Motion for a Preliminary Injunction*,

14.    On September 17, 2021, the Court issued the Confirmation Order confirming the *Twelfth Amended Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and its Affiliated Debtors* (as amended, supplemented or otherwise modified, the "**Plan**").    After confirmation, the Debtors immediately began preparing for numerous appeals of the Confirmation Order and motions to stay the Confirmation Order pending appeal.    On December 16, 2021, the District Court issued an order vacating the Confirmation Order.    The Debtors began at once to explore settlement of the issues on appeal, including in the context of the mediation (the "**Mediation**") ordered by the Court on January 3, 2022 among the eight states and the District of Columbia that opposed the Confirmation Order (the "**Nine**"), certain Sackler Family members and trusts (the "**Sackler Mediation Parties**"), and the Debtors.

15.    The Mediation was a notable success.    On March 3, 2022, the Nine and the Sackler Mediation Parties announced agreement on a settlement term sheet (the "**Term Sheet**") that secures an additional $1.175 billion in guaranteed payments, up to $500 million in contingent payments,[4] and several material and meaningful noneconomic concessions from the Sackler Mediation Parties contingent on Court approval and consummation of the Plan.    On March 10, 2022, the Court entered an order authorizing and approving the Term Sheet.    Under the Term Sheet, each member of the Nine agreed to (and did) withdraw its opposition to the appeal of the District Court decision currently being prosecuted by the Debtors and the other Plan supporters.    Accordingly, the Plan is no longer being opposed by any state in the country.

---

*Purdue Pharma L.P. v. Commonw. of Mass.*, Adv. Pro. No. 19-08289 (Bankr. S.D.N.Y. April 29, 2022) [ECF No. 356].

[4] Of these amounts, $898 million to $1.398 billion is to be paid into the estate, and $276.9 million is to be paid directly to a supplemental opioid abatement fund (the "**SOAF**") established, structured, and administered by the Nine.  Funds in the SOAF will be devoted exclusively to opioid-related abatement, including support and services for survivors, victims, and their families.

16.     On April 29, 2022, the Second Circuit held oral argument on the Appeal.  The Debtors and the other Plan proponents dedicated significant time during the Fee Period to preparing for this critical hearing.  The Appeal could not have been properly conducted without the expert legal advice and insight offered by a number of Debtor professionals, including L&W as special appellate counsel to the Debtors.  L&W played a central role in these efforts and coordinated with Debtors' counsel to avoid unnecessary duplication of efforts.  The parties currently await the Second Circuit's decision.

### Summary of Services Rendered

17.     L&W provided complex and critical professional advice and other services in connection with the Appeal, including on an urgent basis and within a limited time frame necessitated by the schedule of the Appeal.  Summaries of the services are detailed below in accordance with L&W's internal system of project categories:

Third Party Release/Appellate Work
Fees: $531,120.50, Total Hours: 410.3

- Under this project category, L&W assisted the Debtors with issues related to the Appeal, among other things.  Specifically, L&W:
    - o    Researched and analyzed various legal issues raised in the Appeal;
    - o    Drafted memoranda and briefing related to the Appeal;
    - o    Prepared for and attended oral argument in the Appeal; and
    - o    Participated in calls and meetings with the Debtors, their advisors, and other parties in interest in connection with the same.

L&W Retention and Fee Application
Fees: $137,213.50, Total Hours: 127.8

- Under this project category, L&W assisted the Debtors with issues related to L&W's retention and compensation.  Specifically, L&W:
    - o    Drafted and prepared L&W's retention application and related declarations, and researched legal issues related to the foregoing;
    - o    Drafted and prepared L&W's first monthly fee statement for the months of January, February, and March 2022; and

o          Internally coordinated and reviewed time entries for privilege and
confidentiality.

**Actual and Necessary Expenses**

18.      As set forth in **Exhibit E** hereto, L&W has incurred or disbursed $2,156.70 in

expenses in providing professional services to the Debtors during the Fee Period.  These expense

amounts are intended to cover L&W's direct operating costs, which costs are not incorporated into

the L&W hourly billing rates.  Only clients for whom the services are actually used are separately

charged for such services.  The effect of including such expenses as part of the hourly billing rates

would unfairly impose additional costs upon clients who do not require extensive photocopying,

delivery, and other services.  L&W charged the Debtors $0.10 per page for photocopying expenses.

19.      L&W has made every effort to minimize its expenses in the chapter 11 cases.  The

actual expenses incurred in providing professional services to the Debtors were necessary,

reasonable, and justified under the circumstances to serve the needs of the Debtors, their estates,

and other parties in interest.

**L&W's Requested Compensation and Reimbursement Should Be Allowed**

20.      Section 331 of the Bankruptcy Code provides for interim compensation of

professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code to

govern the Court's award of such compensation.  Section 330 of the Bankruptcy Code provides

that a court may award a professional employed under section 327 of the Bankruptcy Code

"reasonable compensation for actual necessary services rendered . . . and reimbursement for actual,

necessary expenses."  11 U.S.C. § 330(a)(1).  Section 330 also sets forth the criteria for the award

of such compensation and reimbursement:

In determining the amount of reasonable compensation to be awarded, the court should
consider the nature, extent, and the value of such services, taking into account all relevant
factors, including –

(a)     the time spent on such services;

(b)     the rates charged for such services;

(c)     whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(d)     whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

(e)     whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

21.     The foregoing professional services were performed by L&W in an efficient manner, were necessary and appropriate to the administration of the chapter 11 cases, and were in the best interests of the Debtors, their estates, and other parties in interest.  Compensation for the foregoing services as requested is commensurate with the complexity, importance, and nature of the problems, issues, and tasks involved.  As required by the U.S. Trustee guidelines, annexed hereto as **Exhibit F** is a chart setting forth the comparative blended rates of the professionals and paraprofessionals who rendered services with a corresponding comparison of rates for professionals and paraprofessionals not involved in these chapter 11 cases.

### Notice

22.     The Debtors will provide notice of this Application in accordance with the Interim Compensation Order.  The Debtors submit that no other or further notice be given.

*[Remainder of Page Left Blank Intentionally]*

10

WHEREFORE, L&W, in connection with services rendered on behalf of the Debtors, respectfully requests allowance of reasonable compensation of such services rendered in the total amount of $601,500.60 and reimbursement of actual and necessary expenses incurred in the amount of $2,156.70, for an aggregate total of $603,657.30 for the Fee Period.

**LATHAM & WATKINS LLP**

Dated:   May 20, 2022          By:   _/s/ Gregory G. Garre_
         New York, New York

555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
Gregory G. Garre (admitted *pro hac vice*)

– and –

355 South Grand Avenue, Suite 100
Los Angeles, California 90071
Telephone: (213) 485-1234
Facsimile: (213) 891-8763
Ted A. Dillman (admitted *pro hac vice*)
Shawn P. Hansen (admitted *pro hac vice*)

– and –

1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
Alistair K. Fatheazam

*Special Counsel to the Debtors
and Debtors in Possession*

**<u>Exhibit A</u>**

**Certification of Compliance with Fee Guidelines**

LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
Gregory G. Garre (admitted *pro hac vice*)

– and –

355 South Grand Avenue, Suite 100
Los Angeles, California 90071
Telephone: (213) 485-1234
Facsimile: (213) 891-8763
Ted A. Dillman (admitted *pro hac vice*)
Shawn P. Hansen (admitted *pro hac vice*)

– and –

1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
Alistair K. Fatheazam

*Special Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (RDD)** |
| **Debtors.**[1] | **(Jointly Administered)** |

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

**CERTIFICATION OF GREGORY G. GARRE IN SUPPORT OF
FIRST INTERIM APPLICATION OF LATHAM & WATKINS LLP
FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT
OF EXPENSES INCURRED AS SPECIAL COUNSEL TO THE DEBTORS
AND DEBTORS IN POSSESSION FOR THE PERIOD
<u>FROM JANUARY 13, 2022 THROUGH APRIL 30, 2022</u>**

I, Gregory G. Garre, hereby certify that:

1.      I am an attorney admitted into practice in the District of Columbia and a partner at

the law firm of Latham & Watkins LLP ("**L&W**"), located at 555 Eleventh Street, NW, Suite 1000,

Washington, D.C. 20004.  I am familiar with the work performed on behalf of the above-captioned

debtors and debtors in possession ("**Debtors**") by L&W.

2.      I have reviewed the *First Interim Application of Latham & Watkins LLP for*

*Compensation for Services Rendered and Reimbursement of Expenses Incurred as Special Counsel*

*to the Debtors and Debtors in Possession for the Period from January 13, 2022 through April 30,*

*2022* (the "**Application**") to certify to certain matters addressed in the (i) *Order Establishing*

*Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* entered

on November 21, 2019 [ECF No. 529] (the "**Interim Compensation Order**"), (ii) Rule 2016-1 of

the Local Rules of Bankruptcy Procedure, incorporating the *Amended Guidelines for Fees and*

*Disbursements for Professionals in the Southern District of New York Bankruptcy Cases* [General

Order M-447] (the "**Local Guidelines**"), and (iii) the United States Trustee's Guidelines for

Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11

U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases effective as of November 1, 2013

(the "**U.S. Trustee Guidelines,**" and together with Local Guidelines, the "**Fee Guidelines**").[2]  The

Application covers the period January 13, 2022 through April 30, 2022 (the "**Fee Period**").

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Interim Compensation Order.

A-3

3.      To the best of my knowledge, information and belief, the statements contained in

the foregoing Application are true and accurate in all material respects and comply with the Fee

Guidelines in material part.  L&W responds to the questions identified in the U.S. Trustee

Guidelines as follows:

Question 1: Did you agree to any variations from, or alternatives to, your standard
or customary billing rates, fees, or terms for services pertaining to this engagement
that were provided during the application period?  If so, please explain.

Answer: As part of this engagement, L&W has agreed to a 10% discount on
standard hourly rates

Question 2: If the fees sought in the Application as compared to the fees budgeted
for the time period covered by the Application are higher by 10% or more, did you
discuss the reasons for the variation with the client?

Answer: As disclosed in L&W's application to be retained as special
counsel to the Debtors [ECF No. 4627], L&W did not prepare a budget or
staffing plan for the Fee Period.  However, L&W has engaged in ongoing
discussions with the Debtors regarding budgeting and staffing issues, and
the Debtors have reviewed and approved L&W's invoices for the Fee
Period.

Question 3: Have any of the professionals included in the Application varied their
hourly rate based on geographic location of the bankruptcy case?

Answer: No.

Question 4: Does the Application include time or fees related to reviewing or
revising time records or preparing, reviewing, or revising invoices?

Answer: The Application includes time and fees related to reviewing or
revising time records or preparing, reviewing, or revising invoices in
connection with the preparation of L&W's monthly fee statements relating
to the Fee Period covered by the Application.  L&W is seeking
compensation for approximately 3.2 hours and $2,912.00 in fees related to
reviewing and revising time records with respect to both the preparation of
such fee applications, and reviewing time records for redactions as queried
in question 5.

Question 5: Does the Application include time or fees for reviewing time records
to redact any privileged or other confidential information? If so, please quantify
hours and fees.

A-4

<u>Answer</u>: The Application includes time and fees related to reviewing time records to redact any privileged or other confidential information. Such charges are included in the time charges set forth in the response to question 4 and are not separately calculated.

<u>Question 6</u>: Did the Application include any rate increases since retention in these cases?

<u>Answer</u>: No.

<u>Question 7</u>:   Did the client agree when retaining L&W to accept all future rate increases?  If not, did L&W inform the client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11-458?

<u>Answer</u>: The client was informed regarding L&W's rates and future rate increases as part of its approval of L&W's retention application.

Dated:    May 20, 2022
          Washington, D.C.

By:  */s/ Gregory G. Garre*_____
     Gregory G. Garre
     Partner
     Latham & Watkins LLP

A-5

**Exhibit B**

**Retention Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.**, *et al.*, | Case No. 19-23649 (RDD) |
| Debtors. [1] | (Jointly Administered) |

### ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF LATHAM & WATKINS LLP AS SPECIAL COUNSEL FOR THE DEBTORS EFFECTIVE AS OF JANUARY 13, 2022

Upon the application, dated April 1, 2022 (the "**Application**"),[2] of Purdue Pharma L.P. and its debtor affiliates, as debtors and debtors in possession in the above-captioned Chapter 11 cases (collectively, the "**Debtors**"), pursuant to section 327(e) of title 11 of the United States Code (the "**Bankruptcy Code**"), Bankruptcy Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), for entry of an order authorizing the Debtors to retain Latham & Watkins LLP ("**L&W**") as special counsel to the Debtors with respect to the L&W Services, effective as of January 13, 2022, all as more fully set forth in the Application; and upon the Garre Declaration and the Kesselman Declaration; and this Court having jurisdiction to consider the Application and the relief requested therein in

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P., Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Capitalized terms used but not defined in this Order shall have the meanings ascribed to them in the Application.

accordance with 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of

Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Application and

the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue

being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the

Application having been provided to the Notice Parties, and such notice having been adequate

and appropriate under the circumstances; and the opportunity for a hearing thereon having been

provided; and there being no opposition to such request; and no additional notice or a hearing

being required; and after due deliberation the Court having determined that the L&W does not

hold or represent an adverse interest to the Debtors with respect to the L&W Services and that its

retention is in the best interests of the Debtors, their creditors, and all parties in interest; and

sufficient cause appearing,

#### **IT IS HEREBY ORDERED THAT**:

1.      The Application is granted as set forth herein.

2.      The Debtors are authorized under section 327 of the Bankruptcy Code to retain

L&W as special counsel to the Debtors with respect to the L&W Services, effective as of January

13, 2022, and L&W is authorized to perform the L&W Services described in the Application.

3.      L&W shall be compensated and reimbursed in accordance with, and shall file

interim and final fee applications for allowance of its compensation and expenses and shall be

subject to, sections 330 and 331 of the Bankruptcy Code, as well as the applicable Bankruptcy

Rules, Local Rules, and fee and expense guidelines and orders of the Court, including the *Order

Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained

Professionals* [D.I. 529].

4.      L&W shall provide at least ten (10) business days' notice to the Debtors, the U.S.

Trustee and any statutory committee appointed in these Chapter 11 cases before implementing any

increases in the rates set forth in the Application for professionals providing the L&W Services, and such notice shall be filed with the Court.

5.      The relief granted herein shall be binding upon any chapter 11 trustee appointed in any of the chapter 11 cases or upon any chapter 7 trustee appointed in the event of a subsequent conversion of any of the chapter 11 cases to cases under chapter 7.

6.      Notice of the Application as provided therein is good and sufficient notice of such Application and the requirements of Bankruptcy Rule 6004(h) and the Local Rules are satisfied by such notice.

7.      Notwithstanding any provision in the Bankruptcy Rules to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

8.      The Debtors are authorized to take all reasonable actions necessary to effectuate the relief granted in this Order in accordance with the Application.

9.      In the event of any inconsistency between the Application, the Engagement Letter, and this Order, the terms of this Order shall govern.

10.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: White Plains, New York
      April 18, 2022

*/s/Robert D. Drain*
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

**Exhibit C**

**Professional and Paraprofessional Fees for Fee Period**

| Name of Professional Individual | Position; Year Assumed Position; Year of Obtaining Relevant License to Practice | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Garre, Gregory | Partner; joined firm in 2009; admitted in District of Columbia 1994, admitted in Illinois 1991 | $1,720 | 125.0 | $215,000.00 |
| Dillman, Ted | Partner; joined firm in 2008; admitted in California 2008 | $1,540 | 9.8 | $15,092.00 |
| Goldberg, Adam | Partner; joined firm in 2006; admitted in New York 2007 | $1,540 | 1.2 | $1,848.00 |
| Sherry, Melissa | Partner; joined firm in 2014; admitted in District of Columbia 2006 | $1,295 | 13.8 | $17,871.00 |
| Dameron, Charles | Associate; joined firm in 2018; admitted in District of Columbia 2017, admitted in Texas 2016 | $1,165 | 65.7 | $76,540.50 |
| Hansen, Shawn | Associate; joined firm in 2015; admitted in California 2015 | $1,165 | 37.3 | $43,454.50 |
| Konopka, Eric | Associate; joined firm in 2018; admitted in District of Columbia 2019, admitted in New York 2017 | $1,165 | 109.6 | $127,684.00 |
| Drain, Cherish | Associate; joined firm in 2020; admitted in District of Columbia 2019, admitted in Pennsylvania 2016 | $1,100 | 24.3 | $26,730.00 |
| Craddock, Josh | Associate; joined firm in 2019; admitted in Colorado 2019, admitted in District of Columbia 2020 | $990 | 67.5 | $66,825.00 |
| Fatheazam, Alistair | Associate; joined firm in 2020; admitted in New York 2019 | $990 | 53.8 | $53,262.00 |
| Davis, Alicia | Restructuring Attorney; joined firm in 2019; admitted in Illinois 2009, admitted in California 2019 | $910 | 22.7 | $20,657.00 |

| Name of Professional Individual | Position; Year Assumed Position; Year of Obtaining Relevant License to Practice | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Baeza, Olga | Senior Paralegal; joined firm in 1997 | $530 | 0.1 | $53.00 |
| Coffin, Rachel | Research Librarian; joined firm in 2019 | $470 | 0.5 | $235.00 |
| Meyer, Jennifer | Litigation Services Attorney; joined firm in 2018; admitted in New York 2001 | $470 | 1.7 | $799.00 |
| Montgomery, Quiana | Litigation Services Attorney; joined firm in 2018; admitted in District of Columbia 2019 | $470 | 3.8 | $1,786.00 |
| Baier, Matthew | Litigation Services Senior Coordinator; joined firm in 2011 | $410 | 0.4 | $164.00 |
| Crowley, Kelsey | Litigation Services Assistant; joined firm in 2022 | $370 | 0.9 | $333.00 |
| **TOTAL** | | | | **$668,334.00** |
| **(Less 10% Discount)** | | | | **($66,833.40)** |
| **GRAND TOTAL** | | | **538.1** | **$601,500.60** |

**Exhibit D**

**Fees by Project Category for Fee Period**

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Third Party Release | 410.3 | $531,120.50 |
| Retention and Fee Application | 127.8 | $137,213.50 |
| **TOTAL** | | **$668,334.00** |
| **(Less 10% Discount)** | | **($66,833.40)** |
| **GRAND TOTAL** | **538.1** | **$601,500.60** |

## Exhibit E

**Expense Summary**

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Court Research | Docket | $239.80 |
| Document Processing | Williams Lea LLC | $30.00 |
| Messenger | Washington Express LLC | $446.04 |
| Laser Copy | N/A | $209.70 |
| Legal Research | Chapter 11 Dockets | $27.92 |
| Postage | N/A | $6.24 |
| Airfare & Train fare | Out-Of-Town Travel | $597.00 |
| Filing Fees | Clerk of the Court - Filing Fees for *Pro Hac Vice* Motions | $600.00 |
| **TOTAL** | | **$2,156.70** |

**Exhibit F**

**Customary and Comparable Compensation Disclosures for the Fee Period**

| Category of Timekeeper | Blended Hourly Rate | |
|---|---|---|
| | Billed Firm-Wide for Preceding Year (2021)[1] | Billed January 13, 2022 through April 30, 2022 |
| Partner | $1,390 | $1,501 |
| Counsel | $1,175 | N/A |
| Senior Associate (7 years or more since first admission) | $1,097 | $1,049 |
| Mid-Level Associate (4-6 years since first admission) | $955 | $907 |
| Junior Associate (0-3 years since first admission) | $708 | N/A |
| Paraprofessionals | $447 | $785 |
| **All Timekeepers Aggregated** | **$1,047** | **$1,250** |

---

[1] The billable rates for L&W attorneys are adjusted on January 1 of each year.  The data in this column excludes 2021 blended hourly rate information for members of the Restructuring and Special Situations practice group.