1

2    UNITED STATES BANKRUPTCY COURT

3    SOUTHERN DISTRICT OF NEW YORK

4    Case No. 19-23649-rdd

5    - - - - - - - - - - - - - - - - - - - -x

6

7    In the Matter of:

8

9    PURDUE PHARMA L.P., et al.,

10

11              Debtors.

12

13    - - - - - - - - - - - - - - - - - - - -x

14              United States Bankruptcy Court

15              300 Quarropas Street, Room 248

16              White Plains, New York 10601

17

18              VIA ZOOM FOR GOVERNMENT VIDEOCONFERENCE

19

20              May 18, 2022

21              10:06 AM

22    B E F O R E:

23    HON. ROBERT D. DRAIN

24    U.S. BANKRUPTCY JUDGE

25    ECRO:  Art

1   19-23649-rdd Purdue Pharma L.P., et al.

2   Ch 11

3   10:00 AM

4

5   Notice of Agenda/Agenda for May 18, 2022 Hearing [ECF #4843]

6

7   UNCONTESTED MATTERS:

8   ZOOM VIDEOCONFERENCE re Motion for Entry of Order Pursuant

9   to 11 U.S.C. §§ 105(a), 107(b) and Fed. R. Bankr. P. 9018

10  Authorizing the Filing of Certain Information under Seal in

11  Connection with the Motion of Debtors for Entry of an Order

12  Authorizing Implementation of 2022 Key Employee Incentive

13  Plan and 2022 Key Employee Retention Plan [ECF No. 4708]

14

15  ZOOM VIDEOCONFERENCE re Motion of Debtors for Entry of an

16  Order Authorizing Implementation of 2022 Key Employee

17  Incentive Plan and 2022 Key Employee Retention Plan [ECF No.

18  4707]

19

20  ZOOM VIDEOCONFERENCE re Statement in response to the Debtors

21  Motion for Entry of an Order Authorizing Implementation of

22  2022 Key Employee Incentive Plan and 2022 Key Employee

23  Retention Plan [4742]

24

25

Page 3

1      ZOOM VIDEOCONFERENCE re Debtors' Statement in Support of

2      Motion of Debtors for Entry of an Order Authorizing

3      Implementation of 2022 Key Employee Incentive Plan and 2022

4      Key Employee Retention Plan [4794]

5

6      ZOOM VIDEOCONFERENCE re the Non-Consenting States' Limited

7      Objection to Motion of Debtors for Entry of an Order

8      Authorizing Implementation of 2022 Key Employee Incentive

9      Plan And 2022 Key Employee Retention Plan [ECF No. 4766]

10

11     ZOOM VIDEOCONFERENCE re Notice Of Filing Of Exhibit 2 to the

12     Non-Consenting States' Limited Objection to Motion of

13     Debtors for Entry of an Order Authorizing Implementation of

14     2022 Key Employee Incentive Plan and 2022 Key Employee

15     Retention Plan [ECF No. 4768]

16

17     ZOOM VIDEOCONFERENCE re Notice of Partial Adjournment of

18     Hearing on Debtors' Motion for Entry of an Order Authorizing

19     Implementation of 2022 Key Employee Incentive Plan and 2022

20     Key Employee Retention Plan [ECF No. 4795]

21

22

23

24

25

Page 4

1    ZOOM VIDEOCONFERENCE re Final Application of Reed Smith LLP

2    as an Ordinary Course Professional for Compensation for

3    Services Rendered in Excess of Tier 1 OCP Cap for the Period

4    from September 1, 2021 through February 28, 2022

5    [ECF No. 4671]

6

7    ZOOM VIDEOCONFERENCE re Notice of Hearing on Final

8    Application of Reed Smith LLP as an Ordinary Course

9    Professional for Compensation for Services Rendered in

10   Excess of the Tier 1 OCP Cap for the Period from September

11   1, 2021 through February 28, 2022 [ECF No. 4710]

12

13   ZOOM VIDEOCONFERENCE re Notice of Filing of Proposed Order

14   Granting the Final Application of Reed Smith LLP as an

15   Ordinary Course Professional for Compensation for Services

16   Rendered in in Excess of Tier 1 OCP Cap for the Period from

17   September 1, 2021 through February 28, 2022 [ECF No. 4774]

18

19   ZOOM VIDEOCONFERENCE re Notice of Hearing Regarding Late

20   Claim Motion [ECF No. 4629]

21

22   ZOOM VIDEOCONFERENCE re Motion to File Proof of Claim after

23   Claims Bar Date filed by Glenn Dawson [ECF No. 4617]

24

25

Page 5

1    ZOOM VIDEOCONFERENCE re Notice of Hearing Regarding Late

2    Claim Motion [ECF No. 4647]

3

4    ZOOM VIDEOCONFERENCE re Motion to File Proof of Claim after

5    Claims Bar Date filed by Tony Tector Callihan [ECF No. 4633]

6

7    ZOOM VIDEOCONFERENCE re Notice of Hearing Regarding Late

8    Claim Motion [ECF No. 4650]

9

10   ZOOM VIDEOCONFERENCE re Motion to File Proof of Claim after

11   Claims Bar Date filed by Tyler L. Ward [ECF No. 4646]

12

13   ZOOM VIDEOCONFERENCE re Notice of Hearing Regarding Late

14   Claim Motion [ECF No. 4669]

15

16   ZOOM VIDEOCONFERENCE re Motion to File Proof of Claim after

17   Claims Bar Date filed by Daniel Joseph Rudd [ECF No. 4653]

18

19   CONTESTED MATTERS:

20   ZOOM VIDEOCONFERENCE re Notice of Hearing Regarding Late

21   Claim Motion [ECF No. 4597]

22   ZOOM VIDEOCONFERENCE re Motion to File Proof of Claim after

23   Claims Bar Date, filed by Michael T. O'Brien [ECF No. 4580]

24

25

Page 6

```
 1     ZOOM VIDEOCONFERENCE re Supplemental Statement Regarding

 2     Late Claim Motion [ECF No.4651]

 3

 4     ZOOM VIDEOCONFERENCE re Motion to File Proof of Claim after

 5     Claims Bar Date filed by Anthony Kristopher Olson [ECF No.

 6     4583]

 7

 8     ZOOM VIDEOCONFERENCE re Supplemental Statement Regarding

 9     Late Claim Motion [ECF No. 4652]

10

11     ZOOM VIDEOCONFERENCE re Motion to File Proof of Claim after

12     Claims Bar Date filed by James Roland Sprayberry [ECF No.

13     4618]

14

15     ZOOM VIDEOCONFERENCE re Motion to File Proof of Claim after

16     Claims Bar Date filed by Otis William Dahman [ECF No. 4619]

17

18     ZOOM VIDEOCONFERENCE re Supplemental Statement Regarding

19     Late Claim Motion [ECF No. 4644]

20

21     ZOOM VIDEOCONFERENCE re Motion to File Proof of Claim after

22     Claims Bar Date filed by Christopher Allan Freeman [ECF No.

23     4620]

24

25
```

Page 7

1    ZOOM VIDEOCONFERENCE re Supplemental Statement Regarding

2    Late Claim Motion [ECF No. 4643]

3

4    ZOOM VIDEOCONFERENCE re Notice of Hearing Regarding Late

5    Claim Motion [ECF No. 4650]

6

7    ZOOM VIDEOCONFERENCE re Motion to File Proof of Claim after

8    Claims Bar Date filed by Trever James Olsen [ECF No. 4645]

9

10   ZOOM VIDEOCONFERENCE re Letter from Trever Olsen Regarding

11   Inability to Attend Hearing Due to Penitentiary COVID

12   Protocol [ECF No. 4702]

13

14   ZOOM VIDEOCONFERENCE re Motion to File Proof of Claim after

15   Claims Bar Date filed by Nickolas C. Colbert [ECF No. 4678]

16

17   ZOOM VIDEOCONFERENCE re Letter from Nickolas C. Colbert

18   Regarding Inability to Attend Hearing Due to Penitentiary

19   COVID Protocol [ECF No. 4761]

20

21   ZOOM VIDEOCONFERENCE re Notice of Hearing Regarding Late

22   Claim Motion [ECF No. 4685]

23

24

25

Page 8

1    ZOOM VIDEOCONFERENCE re Debtors' and the Official Committee

2    of Unsecured Creditors' Joint Omnibus Objection to Motions

3    to File Proofs of Claim after Claims Bar Date [ECF No. 4767]

4

5    Notice of Filing of Proposed Order Granting Late Claim

6    Motions [ECF No. 4765]

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    Transcribed by:  Lisa Beck

1   A P P E A R A N C E S :

2   DAVIS POLK & WARDWELL LLP

3        Attorneys for Debtors and Debtors-in-Possession

4        450 Lexington Avenue

5        New York, NY 10017

6

7   BY:   MARSHALL S. HUEBNER, ESQ.

8        DARREN S. KLEIN, ESQ.

9        JACQUELYN KNUDSON, ESQ.

10       MARC J. TOBAK, ESQ.

11       ESTHER TOWNES, ESQ.

12       BENJAMIN KAMINETZKY, ESQ.

13       ELI J. VONNEGUT, ESQ.

14       GERARD MCCARTHY, ESQ.

15       JAMES I. MCCLAMMY, ESQ.

16       KATHRYN BENEDICT, ESQ.

17       DYLAN CONSLA, ESQ.

18       MAGALI GIDDENS, ESQ.

19       CHRISTOPHER ROBERTSON, ESQ.

20        (VIA ZOOM)

21

22

23

24

25

```
 1   REED SMITH LLP

 2        Special Counsel to Debtors

 3        485 Lexington Avenue

 4        New York, NY 10022

 5

 6   BY:  AARON JAVIAN, ESQ.

 7        ANN KRAMER, ESQ.

 8        SHAUN LEE, ESQ.

 9        (VIA ZOOM)

10

11   PURDUE PHARMA HEADQUARTERS

12        Vice President, Deputy General Counsel and Assistant

13         Corporate Secretary at Purdue Pharma L.P.

14        One Stamford Forum

15        201 Tresser Blvd.

16        Stamford, CT 06901

17

18   BY:  ROXANA ALEALI, ESQ.

19        TERRENCE RONAN, ESQ.

20        MARC KESSELMAN, ESQ.

21        (VIA ZOOM)

22

23

24

25
```

Page 11

1   PROVINCE LLC

2        Attorneys for the Official Committee of Unsecured

3         Creditors

4        36 South Charles Street

5        Suite 2310

6        Baltimore, MD 21201

7

8   BY:  MICHAEL ATKINSON, ESQ. (VIA ZOOM)

9

10   AKIN GUMP STRAUSS HAUER FELD LLP

11        Attorneys for the Official Committee of Unsecured

12         Creditors

13        One Bryant Park

14        New York, NY 10036

15

16   BY:  BROOKS BARKER, ESQ.

17        MITCHELL HURLEY, ESQ.

18        SARA BRAUNER, ESQ.

19        EDAN LISOVICZ, ESQ.

20        KATHERINE PORTER, ESQ.

21        ARIK PREIS, ESQ.

22        JOSEPH SORKIN, ESQ.

23         (VIA ZOOM)

24

25

Page 12

```
 1   U.S. DEPARTMENT OF JUSTICE

 2        Office of the United States Trustee

 3        201 Varick Street

 4        Room 1006

 5        New York, NY 10014

 6

 7   BY:  PAUL SCHWARTZBERG, AUST

 8        (VIA ZOOM)

 9

10   U.S. ATTORNEY'S OFFICE

11        86 Chambers Street

12        3rd Floor

13        New York, NY 10007

14

15   BY:  LAWRENCE FOGELMAN, ESQ. (VIA ZOOM)

16

17   OFFICE OF THE ATTORNEY GENERAL

18        Attorneys for the State of Maryland

19        200 Saint Paul Place

20        Baltimore, MD 20852

21

22   BY:  BRIAN EDMUNDS, ESQ. (VIA ZOOM)

23

24

25
```

1   OFFICE OF THE ATTORNEY GENERAL

2          Attorneys for the State of Texas

3          P.O. Box 12548

4          Austin, TX 78711

5

6   BY:  STEPHANIE EBERHARDT, ESQ.

7          RACHEL R. OBALDO, ESQ.

8          (VIA ZOOM)

9

10  TEXAS ATTORNEY GENERAL

11         Attorneys for the State of Texas

12         12221 Merit Drive

13         Suite 650

14         Dallas, TX 75251

15

16  BY:  AUTUMN D. HIGHSMITH, ESQ.

17

18  BIELLI KLAUDER LLC

19         Attorneys for Fee Examiner

20         1204 North King Street

21         Wilmington, NY 19801

22

23  BY:  THOMAS BIELLI, ESQ.

24         DAVID KLAUDER, ESQ.

25         (VIA ZOOM)

Page 14

```
 1
 2    KLEINBERG, KAPLAN, WOLFF, COHEN, P.C.
 3         Attorneys for the State of Washington
 4         500 Fifth Avenue
 5         New York, NY10110
 6
 7    BY:  MATTHEW J. GOLD, ESQ. (VIA ZOOM)
 8
 9    KRAMER LEVIN NAFTALIS FRANKEL LLP
10         Attorneys for the Ad Hoc Committee of Governmental and
11          Other Contingent Litigation Claimants
12         1177 Avenue of the Americas
13         New York, NY 10036
14
15    BY:  KENNETH H. ECKSTEIN, ESQ.
16         CAROLINE GANGE, ESQ.
17         RACHAEL RINGER, ESQ.
18         (VIA ZOOM)
19
20
21
22
23
24
25
```

Page 15

1   PILLSBURY WINTHROP SHAW PITTMAN LLP

2        Attorneys for Ad Hoc Group of Non-Consenting States

3        31 West 52nd Street

4        New York, NY 10019

5

6   BY:  HUGH M. MCDONALD, ESQ.

7        ANDREW M. TROOP, ESQ.

8        (VIA ZOOM)

9

10  WHITE & CASE LLP

11       Attorneys for Ad Hoc Group of Individual Victims of

12        Purdue Pharma

13       1221 Avenue of the Americas

14       New York, NY 10020

15

16  BY:  J. CHRISTOPHER SHORE, ESQ.

17       MICHELE MEISES, ESQ.

18       (VIA ZOOM)

19

20

21

22

23

24

25

Page 16

```
 1   TAFT STETTINIUS HOLLISTER LLP

 2        Attorneys for Ad Hoc Group of Hospitals

 3        211 North Pennsylvania Street

 4        One Indiana Square

 5        Indianapolis, IN 46204

 6

 7   BY:  MICHAEL P. O'NEIL, ESQ. (VIA ZOOM)

 8

 9   CLIFFORD LAW OFFICES

10        Attorneys for the Ad Hoc Group of Hospitals

11        120 North LaSalle Street

12        Chicago, IL 60602

13

14   BY:  SHANNON M. MCNULTY, ESQ. (VIA ZOOM)

15

16   CAPLIN DRYSDALE, CHARTERED

17        Attorneys for MSGE Group

18        One Thomas Circle, NW

19        Suite 1100

20        Washington, DC 20005

21

22   BY:  JEFFREY LIESEMER, ESQ.

23        GEORGE O'CONNOR, ESQ.

24        LUCAS SELF, ESQ.

25        (VIA ZOOM)
```

Page 17

```
 1
 2   DEBEVOISE PLIMPTON LLP
 3        Attorneys for the Beacon Company
 4        919 Third Avenue
 5        New York, NY 10022
 6
 7   BY:  JASMINE BALL, ESQ.
 8        JEFFREY J. ROSEN, ESQ.
 9        (VIA ZOOM)
10
11   BRACEWELL LLP
12        Attorneys for the Raymond Sackler Family
13        1251 Avenue of the Americas
14        New York, NY 10020
15
16   BY:  DANIEL CONNOLLY, ESQ. (VIA ZOOM)
17
18   JOSEPH HAGE AARONSON
19        Attorneys for the Raymond Sackler Family
20        1285 Avenue of the Americas
21        New York, NY 10017
22
23   BY:  MARA LEVENTHAL, ESQ.
24        GREGORY JOSEPH, ESQ.
25        (VIA ZOOM)
```

```
 1

 2    MILBANK

 3         Attorneys for the Raymond Sackler Family

 4         55 Hudson Yards

 5         New York, NY 10016

 6

 7    BY:  ALEXANDER LEES, ESQ.

 8         ERIC STODOLA, ESQ.

 9         GERARD UZZI, ESQ.

10         (VIA ZOOM)

11

12    PAUL WEISS

13         Attorneys for the Raymond Sackler Family

14         1285 Avenue of the Americas

15         New York, NY 10019

16

17    BY:  THEODORE WELLS, ESQ. (VIA ZOOM)

18

19

20

21

22

23

24

25
```

```
 1   LAW OFFICE OF VITALY PINKUSOV

 2         Attorney for Vitaly Pinkusov

 3         3338 Richlieu Road

 4         Apartment T285

 5         Bensalem, PA 19020

 6

 7   BY:  VITALY PINKUSOV, ESQ.

 8         (VIA ZOOM)

 9

10   ROYER COOPER COHEN BRAUNFELD LLC

11         Attorneys for IACs

12         1120 Avenue of the Americas

13         4th Floor

14         New York, NY 11102

15

16   BY:  MARC F. SKAPOF, ESQ.

17         (VIA ZOOM)

18

19

20

21

22

23

24

25
```

Page 20

```
 1                        P R O C E E D I N G S

 2              THE COURT:  Okay.  Good morning.  This is Judge

 3      Drain.  We're here in In re Purdue Pharma L.P., et al.  I

 4      have the agenda for today's hearing and I'm happy to go down

 5      the agenda in the order that's on it.  So I'm not sure who's

 6      going to be speaking first for the debtors but you can go

 7      ahead.

 8              MR. HUEBNER:  Thank you very much, Your Honor.

 9      Good morning.  For the record, Marshall Huebner --

10              THE COURT:  I'm sorry.  We're not -- I think we

11      have to turn up the mic.

12              THE CLERK:  Go ahead now.

13              THE COURT:  Good?

14              THE CLERK:  Yes.

15              THE COURT:  You can go ahead.  Now we turned --

16          (Pause)

17              MR. HUEBNER:  Good morning again, Your Honor.

18              THE COURT:  No.  Now we turned --

19              THE CLERK:  Let's try it one more time.  Okay.

20      Mr. Huebner?

21              MR. HUEBNER:  Yep.  I'm here.

22              THE COURT:  Okay.  Now we hear you fine.

23              MR. HUEBNER:  Okay.  Take three.

24              THE COURT:  We had some people with very loud

25      voices yesterday so we turned down the mic here and didn't
```

Page 21

1   turn it back up.

2             MR. HUEBNER:  Fair enough.  Good morning, Your

3   Honor.  For the record, Marshall Huebner, Davis Polk, for

4   the debtors.  Really nothing in the way of (indiscernible)

5   remarks today.  And we actually (indiscernible) going down

6   the agenda in its established order is (indiscernible) by

7   Darren Klein.

8             THE COURT:  Okay.  Very well.

9             MR. KLEIN:  Good morning, Your Honor.  Can you

10  hear me okay?

11            THE COURT:  Yes.  I hear you fine.  Thanks.

12            MR. KLEIN:  Thank you.  For the record, Darren

13  Klein of Davis Polk & Wardwell on behalf of the debtors.

14            I'm getting some feedback, Your Honor.  Are you

15  hearing that?

16            THE COURT:  No.  You're coming through clearly.

17            MR. KLEIN:  Okay.  Thank you.

18            On April 27th, Your Honor, the debtors filed their

19  motion seeking this Court's approval for the company's

20  annual fee employee incentive and retention plan at docket

21  4707.  I am pleased to report that no party objects to the

22  relief in that motion for Your Honor's consideration this

23  morning.  The so-called non-consenting states group filed a

24  limited objection solely as to Mr. Landau's participation in

25  the (indiscernible) at docket 4766.  That relief is

Page 22

1    (indiscernible) and is not at issue today.

2            The U.S. trustee filed a statement in response to

3    the debtors' motion at docket 4742 but did not object at

4    least not therein.

5            The debtors also, as is their habit,

6    (indiscernible) committee of unsecured creditors, the ad hoc

7    committee of governmental and other contingency litigation

8    claimants and the multi-state governmental (indiscernible)

9    group (indiscernible) filing.  And the motion already

10   reflected input from those discussions.  Those discussions

11   continued after filing (indiscernible) and resulted in

12   certain agreed upon modifications both as to payment timing

13   and to the performance metric for the KEIP which are set

14   forth in the statement of support filed on Monday at docket

15   number 4794.  I will walk Your Honor through those changes

16   shortly.

17           But before we start --

18           MR. HUEBNER:  Your Honor, sorry.  Let me jump in a

19   for a minute.  It may be clear in the courthouse but there's

20   tremendous feedback for everybody on the line.  I don't see

21   any other microphones on other than Mr. Klein's and the

22   Court's.  I wonder if maybe there are two mics on in the

23   courtroom that are causing feedback from one another for

24   everyone else.  I just mention because the audio transcript

25   may be impossible to provide.  But everything that's being

Page 23

```
 1    said (indiscernible) twice for all the listeners.

 2              THE COURT:  Okay.  All right.  Thanks for letting

 3    us know.  Can you make sure everything's good?

 4              THE CLERK:  (Indiscernible).

 5              THE COURT:  Okay.

 6              THE CLERK:  Mr. Huebner, is this better?

 7              MR. HUEBNER:  Just give it another -- say

 8    something else, Darren.

 9              MR. KLEIN:  I'm still hearing feedback from you,

10    Marshall.

11              MR. HUEBNER:  Yeah.  It's still -- everything is

12    echoing (indiscernible).

13              THE COURT:  Do you want to just re-log in?

14              THE CLERK:  Sure.

15              MR. HUEBNER:  With apologies, obviously,

16    (indiscernible).

17              THE COURT:  That's fine.  We want the -- we want

18    people not to be hearing themselves multiple times.

19              MR. KLEIN:  Okay.  I'll try again.  I'm still

20    hearing the feedback.

21         (Pause)

22              THE CLERK:  It should be (indiscernible) now.

23              THE COURT:  Okay.  Try it again, Mr. Klein.

24              MR. KLEIN:  Not a problem, Your Honor.  Since Your

25    Honor was hearing clearly, I won't start from the beginning.
```

Page 24

```
1              THE COURT:  Right.  Someone else (indiscernible),
2     you should raise your hand if you're hearing echoes.  Still
3     hearing the echoes?  It's really bad.  I think we're going
4     to have to log out.  We thought we fixed it but we'll have
5     to log out and then log back in again.
6          (Pause)
7              MR. HUEBNER:  Your Honor, if it's not too cheeky a
8     suggestion, it may be that putting the Court's microphone on
9     mute while others are speaking might actually solve the
10    problem completely.
11             THE COURT:  Well, but that's not how -- that's not
12    --
13             MR. HUEBNER:  I don't know if the Court --
14             THE COURT:  I mean, that's not how it normally
15    works.  It's just not --
16             MR. KLEIN:  Your Honor, while Mr. Huebner was
17    speaking, I didn't hear any feedback.  Maybe the problem's
18    been fixed?
19             THE COURT:  All right.
20             THE CLERK:  Oh.  I think we're fixed.
21             THE COURT:  Okay.  It's been -- wait, guys.  It's
22    been fixed.  So --
23             UNIDENTIFIED SPEAKER:  Oh.  It's been fixed?
24             THE COURT:  All right.
25             MR. KLEIN:  (Indiscernible).  And since Your
```

Page 25

1    Honor, I believe, was hearing me clearly, I won't go back to

2    the top.  So we'll just continue.

3              THE COURT:  Okay.

4              MR. KLEIN:  Let me first turn to a bit of

5    housekeeping, Your Honor.  At docket number 4708, the

6    debtors filed a motion to seal a very small and surgical

7    portion of this year's performance metric --

8              THE COURT:  Right.

9              MR. KLEIN:  -- which were (indiscernible) in

10   consultation with UCC, AHC and MSGE.  Those redacted metrics

11   were further modified in negotiation with the creditor

12   group.  So there's also a small portion of the statement in

13   support that was likewise filed under seal.  No party has

14   objected but I'm happy to address any questions Your Honor

15   may have.  Otherwise, would ask Your Honor to order the

16   sealing.

17             THE COURT:  Right.  I don't have any questions.

18   I've reviewed the motion and the clean and redacted versions

19   of the documents.  As you say, the material that would be

20   redacted is limited.  And it's the type of material that

21   could give a competitive advantage to a competitor and

22   therefore would qualify as protected commercial information

23   under Section 107(b) of the Bankruptcy Code and Rule 9018.

24   So I'll grant that motion.

25             I think you should check both affidavits to make

1   sure that the redacted form is what is on the docket.  And

2   you can email the order which would be along the lines of

3   the prior orders that I've granted in this case under

4   107(b).

5            MR. KLEIN:  Will do so, Your Honor.

6            THE COURT:  Okay.

7            MR. KLEIN:  And turning to those affidavits, the

8   declarations, that were filed as Exhibits D and C of the

9   motion, one from Mr. Ronan, the debtors' CFO, and one from

10  Ms. Gartrell, a senior director at Willis Towers Watson.

11  The declaration of Mr. Ronan builds upon the prior

12  declaration submitted by the former CFO, Mr. Lowne.  The

13  debtors would move to admit both of those declarations into

14  evidence.  I see Mr. Ronan on the line and I believe Ms.

15  Gartrell is as well.

16           THE COURT:  Okay.  Well, I've reviewed those

17  declarations.  Mr. Ronan, would you just raise your right

18  hand, please?

19       (Terrence Ronan sworn)

20           THE COURT:  Okay.  I think you might be on mute,

21  Mr. Ronan.  I saw you say "I do" but --

22           So, Mr. Ronan --

23           MR. RONAN:  I do.

24           THE COURT:  Very well.  So, Mr. Ronan, you

25  submitted this declaration which is intended to be your

Page 27

1    direct testimony on this motion.  It's dated April 27th.

2    Sitting here today on May 18th, is there anything in it that

3    you'd wish to change?

4              MR. RONAN:  Nothing, Your Honor, other than what

5    is in the debtors' statement of support of the motion --

6              THE COURT:  The one that was recently --

7              MR. RONAN:  -- regarding the change --

8              THE COURT:  -- that was recently filed.

9              MR. RONAN:  Yes.

10             THE COURT:  That just updates the terms of the

11   agreed changes to the timing primarily that Mr. Klein is

12   going to summarize.

13             All right.  I --

14             MR. RONAN:  Yes, Your Honor.  That's correct.

15             THE COURT:  I reviewed the declaration as well as

16   that statement and I don't have any questions.  Since this

17   motion is unopposed, I'm assuming no one has any questions

18   of you.

19        (Declaration of Terrence Ronan, chief financial officer

20   of the debtors, received in evidence)

21             But I'll ask.  Okay.  And for a moment there, I

22   saw Ms. Gartrell.  There she is.  All right.  So, Ms.

23   Gartrell, would you raise your right hand, please?

24        (Josephine Gartrell sworn)

25             THE COURT:  Okay.  So, Ms. Gartrell, you also

Page 28

1    submitted a declaration dated April 27, 2022 that was

2    intended to be your direct testimony in connection with this

3    motion.  Knowing that and sitting here today on May 18th, is

4    there anything in your declaration that you wish to change?

5              MS. GARTRELL:  No, Your Honor.  Nothing more than

6    what was already identified by Mr. Klein regarding the

7    payouts and the metrics.

8              THE COURT:  Okay.  All right.  Fine.  And again,

9    I've reviewed the declaration as well as the debtors' recent

10   statement that reflects the changes.  And I don't have any

11   questions.

12             MS. GARTRELL:  Okay.  Thank you, Your Honor.

13             THE COURT:  Okay.  Thank you.

14       (Declaration of Josephine Gartrell, senior director at

15   Willis Towers Watson PLC, received in evidence)

16             THE COURT:  All right.  So you can go ahead, Mr.

17   Klein.

18             MR. KLEIN:  Thank you, Your Honor.  I'll just

19   briefly hit the highlights of the compensation plan since

20   they're by now quite familiar to you, Your Honor.  The 2020,

21   '22 plans were designed to parallel last year's program

22   which in turn (indiscernible) the 2020 programs and the

23   company's pre-petition practices.

24             Importantly, this year's programs continue to

25   carry forward the substantial concessions the debtors first

Page 29

1    agreed to back in 2020 and have honored ever since.  The

2    2022 KEIP includes the same two elements as the predecessor

3    programs and annual award and a long-term grant.  As always,

4    the payments under the KEIP will be subject to the debtors'

5    achievement of rigorous demanding performance metrics at

6    threshold levels.

7            This year's performance metrics were again set

8    using the same process Your Honor has previously found to

9    produce appropriate incentivizing corporate targets at the

10   company.  Indeed, this year's process was even more rigorous

11   as the development of this year's metric scorecard was

12   subject to consultation with the UCC, the AHC and the MSGE.

13           As set forth in Mr. Ronan's declaration, the 2022

14   performance metrics are ambitious and difficult to achieve

15   both individually and when considered in the aggregate.

16   Successful performance of this year's scorecard will again

17   require the 2022 KEIP participants' diligence and committed

18   effort.  And the 2022 performance metrics present a

19   meaningful risk of not being met at threshold levels

20   required for the payment.

21           Turning to the KERP, Your Honor, the company's

22   broad-based retention program for non-insiders includes the

23   same three elements as last year's curve in a similar dollar

24   amount.  There's the KERP annual award with an aggregate

25   payment of approximately $15.6 million which is slightly

Page 30

1    lower than the 2021 number of 16.1 million.  The KERP

2    long-term award with aggregate payments of approximately 5.7

3    million which, again, is slightly lower than the approximate

4    6 million from 2021.  And finally the targeted retention

5    award with aggregate payments of approximately 7.2 million

6    which is the same amount as was authorized last year.

7            There is in the target award one additional

8    qualifier on a portion of the funds, Your Honor, for

9    $780,000 which, if spent at all, will be subject to

10   consultation with the UCC, the AHC, MSGE, as needed, in

11   response to changing business conditions.  In no event will

12   any of those amounts exceed the aggregate cap or go to any

13   insiders.

14           Finally, Your Honor, I do want to highlight one

15   additional change we requested with respect to the 2020

16   long-term KERP award.  As Your Honor may or may not

17   remember, the initial 2020 long-term award had a springing

18   trigger that would habitate earlier if emergence happened.

19   From 2021 and forward, in negotiation with the stakeholders,

20   we have ceased to have the springing forward for emergence.

21   However, back in 2020, when everybody agreed to the

22   springing nature of emergence, we all thought emergence

23   would have happened by now but given the appellate process,

24   it's lengthened.  And in agreeing to the payment date, the

25   debtors agreed to a discount of about 40 percent for those

1   employee fee payments which everybody agreed was the right

2   number given the expected emergence back in late 2020.  Now

3   those payments not due until later, what we're requesting

4   from the Court is that we allow them to be paid now but,

5   importantly, they will still have the same retentive effect

6   because we won't be changing the clawback date with respect

7   to them.

8           Unless Your Honor has any questions, I'll briefly

9   hit the agreed upon modifications that were --

10          THE COURT:  It's with the -- it's paid now but

11  it's with the same discount.

12          MR. KLEIN:  Paid now with the same discount.  It

13  affects 97 participants.  It's about 60,000 per participant.

14  And for the clawback, they will remain unchanged.

15          Finally, turning towards the post-filing

16  modifications that we've agreed with the UCC, AHC and MSGE,

17  with respect to the KEIP, we've agreed to delay payment of

18  the annual portion of the award till March 15th, 2023 rather

19  than paying some of it, a percentage of it, in the fall.

20          Other timing issues with the KERP, we agreed to

21  not have as much of it paid earlier rather than later.

22  Instead of 50/50, if you rank is below vice president, it'll

23  be one-third in October and two-thirds in March.  And if

24  you're vice president or above, it's only 25 percent on

25  October 1st, 2022 and the remaining 75 percent in March of

Page 32

1   2023.

2            In addition, as set forth in the sealed portion of

3   the statement, we've agreed to make certain modifications to

4   the KEIP performance metrics.

5            And finally, as we agreed last year, we've agreed

6   again with the UCC, the AHC and the MSGE that so long as

7   emergence has not yet occurred, we will again consult with

8   them in measuring performance against this year's scorecard

9   and developing next year's scorecard.  And we have agreed

10  that neither of those tasks will be completed before January

11  31st, 2023.

12           And with those changes, we're happy to confirm

13  that no party, to our knowledge, objects to the proposed

14  KERP, the 2022 performance metrics or the participation of

15  the general counsel in the KEIP.

16           I'm happy to address any questions Your Honor may

17  have.

18           THE COURT:  Okay.  I don't have any questions.

19  And based on my review of the motion and the changes to the

20  motion and the agreement in the sense that at this point

21  there are no objections to what's before me today, I'll

22  grant the motion.

23           The motion seeks approval of two different

24  employee compensation plans for 2022.  The first is the so-

25  called KEIP, which is -- was originally sought for two

Page 33

1    insiders as defined in Section 503 of the Code.  The relief

2    today would apply to just one, the debtors' general counsel,

3    and EVP.

4           There were no objections to that request.  The

5    declarations make it clear, as does my comparison of this

6    proposal to the 2021 KEIP, that the general counsel's

7    compensation under the KEIP is consistent with a prior KEIP

8    compensation that I previously approved and is supported

9    under the facts of this case as a reasonable exercise of the

10   debtors' business judgment informed heavily by the process

11   the debtors went through with each constituents in the case

12   including the unsecured creditors' committee and the two

13   governmental committees.

14          The motion also seeks approval of the key employee

15   retention plan for 2022 as it applies to non-insiders which

16   Congress recognized can be done for non-insiders in Section

17   503 of the Code.  I held extensive hearing on whether the

18   types of positions that are covered by the key employee

19   retention plan are, in fact, not insider positions.  And in

20   those hearings in 2019 and 2020, I concluded that they were

21   in fact non-insiders.  There's no -- since 2019, there's

22   been no objection.  Since 2019's proposal, that is, there's

23   been no objection on the basis that they weren't non-

24   insiders.

25          As far as the debtors' business judgment and

Page 34

1    approval -- and seeking approval of the KERP, again, the

2    KERP has been vetted with key constituents in the case and

3    subject to notice.  And there have been no objections.  It

4    has been modified to make it even more retentive and, I

5    think, appropriately fair.  And therefore, I conclude that

6    it is a proper exercise of the debtors' business judgment to

7    first preserve the value in these businesses which will go

8    one way or another to creditors and, on a going forward

9    basis, to abating the opioid crisis.  So I'll grant the

10   motion as modified.

11            I've reviewed the proposed order that was attached

12   to the debtors' recent statement that references the

13   additional changes.  Unless there are any other changes to

14   it, I'm happy to enter that order.  So you can email that to

15   chambers.

16            MR. KLEIN:  Thank you, Your Honor.

17            THE COURT:  Okay.  Very well.

18            MR. KLEIN:  I believe the next agenda item is the

19   Reed Smith fee application and some of (indiscernible)

20   handling it.

21            THE COURT:  Okay.  So I'll look for the two orders

22   from you, first, the sealing order and, second, the order

23   granting the motion as set forth for today, the one portion

24   of it being adjourned to next month, at a minimum.

25            MR. KLEIN:  Yes, Your Honor.  We'll get them over

Page 35

1    to you.

2              THE COURT:  All right.  So, yes, the next matter

3    on the agenda is what's labeled as a final fee application

4    by Reed Smith LLP which was an ordinary course counsel

5    although heavily involved in insurance coverage issues and,

6    in light of that, went over the cap for an ordinary course

7    counsel which is why I have a fee application before me.

8              MR. JAVIAN:  Yes.  Thank you, Your Honor.  Good

9    morning.  For the record, Aaron Javian at Reed Smith LLP on

10   behalf of the debtors.  I'm joined this morning by my

11   partner, Ann Kramer, who leads Reed Smith's engagement as

12   special insurance counsel to the debtors in these cases.

13             I have two points to bring to your attention, Your

14   Honor, in relation to our application today.  The first is

15   that in the proposed order that we filed on the docket, at

16   docket number 4774, we note a reduction in the amount of the

17   fees that we requested in the original overage application

18   in the amount of $3,839.50.  That amount reflects the

19   agreement that we reached with the fee examiner following

20   the fee examiner's review of our time chart as entered

21   during the submission period.  So, Your Honor, in total,

22   we're seeking approval for the payment of $281,553.50 in

23   fees incurred in excess of the Tier 1 OCP cap during the

24   period from September 2021 through and including February

25   2022.

Page 36

 1                THE COURT:  Okay.

 2                MR. JAVIAN:  The --

 3                THE COURT:  And that also reflects the so-called

 4     quits pay discount?

 5                MR. JAVIAN:  Correct, Your Honor.  This reflects

 6     all of the discounts that we have provided to the debtors

 7     during that period as well.

 8                THE COURT:  Okay.  And there were no other

 9     developments on the application?  I didn't see any

10     objections to it.  The only development was the reduction in

11     light of the fee examiner's comment?

12                MR. JAVIAN:  That's correct, Your Honor.  That was

13     the only development.

14                The other point I'd make just to -- as you flag,

15     Your Honor, we fashioned this as our final application for

16     overage charges in relation to the OCP retention.  The

17     reason it's final, as you mentioned, Your Honor, is because

18     in consultation with the debtors and the U.S. trustee, given

19     that we're approaching the aggregate cap for ordinary course

20     professionals in these cases, we have applied to be retained

21     as an estate professional from (indiscernible) March 1,

22     2022.  And so, going forward, we expect to be complying with

23     the fee guidelines and procedures applying to estate

24     professionals.

25                And, Your Honor, you'll note that that order --

Page 37

1    that application was also uncontested and an order has been

2    submitted to your chambers for presentment, I believe on May

3    16th.

4              THE COURT:  Okay.  That answers my only other

5    question which was why was this a final application because

6    I know that the firm is heavily involved in the insurance

7    litigation.  But that explains it.

8              Okay.  I reviewed the application and I will grant

9    it based on that review and there being no objections and in

10   light of the further reduction based on the fee examiner's

11   review.  So you can email that order with Schedule A to

12   chambers.

13             MR. JAVIAN:  Will do.  Thank you, Your Honor.

14             THE COURT:  Okay.  And did you email -- I've been

15   involved in a -- I had an all day trial yesterday.  Did you

16   email the retention application and proposed order to

17   chambers, too?

18             MR. JAVIAN:  We did, Your Honor, but we can resend

19   that --

20             THE COURT:  No.  That's fine.  I just --

21             MR. JAVIAN:  -- today.

22             THE COURT:  I just didn't get to it yesterday.  I

23   just wanted to make sure that it was emailed to chambers.

24             Okay.  Thank you.

25             MR. JAVIAN:  Thank you, Your Honor.

1              THE COURT:  Okay.  All right.  The next three

2      matters -- I'm sorry -- the next four matters on the

3      calendar are unopposed motions to file proofs of claim late

4      by four different individuals.

5              MS. KNUDSON:  Good morning, Your Honor.  For the

6      record, Jacqueline Knudson of Davis Polk & Wardwell on

7      behalf of the debtors.  Can I be heard clearly?

8              THE COURT:  Yes.

9              MS. KNUDSON:  Thank you, Your Honor.  As you just

10     noted, the next four items on the agenda are the uncontested

11     late claim motions.  And I plan to address those together as

12     I don't believe any of the movants are on Zoon today.

13              We've carefully reviewed the motions and based on

14     the individualized assertions in the motions, the debtors

15     believe that there is a colorable basis for granting the

16     requested exceptions under the Pioneer factors.  All four of

17     these movants are incarcerated.  And more importantly, each

18     of these movants were incarcerated for the entirety of the

19     bar date period which we were able to confirm through the

20     creditors' committee's outreach to the Washington State

21     Penitentiary where each of the movants are currently

22     incarcerated.

23              Mr. Callihan, Mr. Ward and Mr. Rudd all allege in

24     their motions that COVID-19 restrictions at their facility,

25     lack of access through resources and coastal service delays

Page 39

1    contributed to the untimely filings.

2          Mr. Dawson makes similar allegations in his motion

3    and in two letters that were addressed to the debtors that

4    were not filed on the docket.

5          As we've done in the past, we consulted with the

6    creditors' committee and the ad hoc group of individual

7    victims both of which have consented to the relief requested

8    in the motions.  Accordingly, the debtors would request that

9    the proposed order submitted at docket number 4765, which is

10   consistent with prior orders submitted for late claim

11   motions, be entered.

12         I'm happy to answer any questions Your Honor may

13   have.

14         THE COURT:  Okay.  Thanks.

15         So the bar date here was July 30, 2020.  The bar

16   date order was entered February 3, 2020.  And according to

17   Ms. Finegan's declaration describing the notice for the bar

18   date, it was completed, or would be completed, by my

19   calculation, around the third week of April.  Is that right?

20         MS. KNUDSON:  I believe that is correct, Your

21   Honor.  We did end up doing some additional noticing once

22   the bar date was extended to July.  But that is correct.

23   The bulk of the noticing occurred in March and April and

24   some in May.

25         THE COURT:  Okay.  So when you talk about the bar

Page 40

1    date period, are you talking about the period up to July 30,

2    2020 or are you -- each of these people was incarcerated not

3    only on or before July 30, 2020 but actually in 2019.

4    Right?  They were incarcerated --

5                 MS. KNUDSON:  That's correct.

6                 THE COURT:  -- during the whole notice period.

7                 MS. KNUDSON:  That's correct.  And when I'm

8    talking about the bar date period, I'm giving a little bit

9    extra.  So February through July when the bar date -- July

10   30th when the bar date was.

11                THE COURT:  Okay.  All right.  So I have reviewed

12   these motions and I will grant them.  They're unopposed and

13   they're consistent with the facts set forth in motions that

14   I have granted.  The key fact, I think, in each of them is

15   the representation, which I think the debtors have

16   confirmed, that each of these people was incarcerated during

17   the period before the bar date and, in fact, well before the

18   bar date.  And therefore, one can assume reasonably that

19   they didn't really have notice notwithstanding the debtor's

20   extensive notice campaign.  And the one finding I did make

21   during the confirmation hearing regarding notice was that

22   that campaign, really not through a fault of the campaign

23   but just to an inability to provide notice to those who are

24   incarcerated, particularly during the -- especially because

25   of the pandemic -- did have some limitations to it.

Page 41

1          So although we're well along at this point, we're

2     well over a year past the bar date, and at some point, and

3     we may be reaching that point going forward, it may be too

4     late to be filing such a motion even if someone didn't have

5     notice before the bar date back in July of 2020.  So I think

6     these may squeak under the mine on that but I am concerned,

7     going forward, that I think it may be worthwhile to ask,

8     well, when did you get those of the bar date going forward

9     given the length of time, again, that's passed since the bar

10    date in what would be a new motion coming down the pipe.

11    That's particularly the case because I think a lot of these

12    motions pretty much follow a form.  And that leaves open

13    other issues that the form doesn't address.

14          But I'll grant each of these four motions which

15    are unopposed.  So you can email that order to chambers.

16          MS. KNUDSON:  Thank you, Your Honor.  We'll do

17    that.

18          THE COURT:  And I'll note that there was notice of

19    that proposed order as well and no one has objected to it.

20          So then we have several of these types of motions

21    where, unlike the last four, the debtors and the committee

22    have filed an objection.

23          MS. KNUDSON:  That's correct, Your Honor.  As you

24    know, the next seven agenda items, and the eighth through --

25    agenda items 8 through 14 are seven additional late claim

Page 42

1    motions.  And again, I plan to address these together.

2             As set forth in our joint omnibus objection with

3    the creditors' committee, based on the information provided

4    by the movants in the motions, as well as additional

5    information we were able to obtain from the Washington State

6    Penitentiary, these requests to file late proofs of claim do

7    not satisfy the strict application of the excusable neglect

8    standard set forth in Bankruptcy Rule 9006 and the so-called

9    Pioneer factors.

10            With respect to the most important Pioneer factor,

11   the reason for the delay, the movants do not provide a

12   sufficient reason why they could not file proofs of claim

13   prior to the July 30, 2020 bar date.  Although all of these

14   movants are currently incarcerated, several of the movants

15   were not incarcerated during the bar date period at all,

16   that being between February and July of 2020.  Several of

17   the movants were incarcerated for only a small portion of

18   the bar date period.  And one of the movants has simply not

19   provided enough information.

20            In particular, as set forth in his supplemental

21   statement, Mr. O'Brien notes that he was not incarcerated

22   until November of 2020, which is approximately four months

23   after the bar date.

24            Based on information we obtained from the

25   Washington State Penitentiary, we understand that Mr.

Page 43

1    Anthony Olson and Mr. Colbert also were not incarcerated

2    during the bar date period.

3            As set forth in their supplemental statements, Mr.

4    Dahman and Mr. Freeman note that they were not incarcerated

5    until May 20th of 2020, which is approximately three months

6    after the debtors began providing robust notice of the bar

7    date and of the need to file a proof of claim.

8            Similarly, based on information again that we were

9    able to obtain from the Washington State Penitentiary, we

10   understand that Mr. Trever Olsen was only incarcerated

11   during the last month of the bar date period, that being

12   July of 2020.

13           With respect to Mr. Sprayberry, he submitted a

14   very short motion and although he asserts that he is

15   currently incarcerated, he does not allege that he was

16   incarcerated during the time leading up to the bar date.

17           So for these reasons, the general allegations set

18   forth in the motions about the global pandemic and the

19   postal service delays we believe fall short of providing a

20   sufficient reason for the very long delay in filing a proof

21   of claim in these cases.

22           Moreover, the debtors believe that allowing the

23   late claims would encourage other latecomers seeking to

24   assert claims against the debtors related to opioid use of

25   filed claims which would ultimately prejudice the debtors

Page 44

1    and, more importantly, the debtors' creditors.

2            Finally, the delay here has been substantial with

3    these movants seeking to have claims that were filed between

4    14 and 20 months after the bar date allowed as timely.

5            For these reasons and the reasons set forth in our

6    papers, the debtors, who, again, are joined by the

7    creditors' committee, respectfully request that the Court

8    deny the motions.  However, I will note that if these

9    movants wish to bring a motion for reconsideration or

10   provide additional information regarding the timing of their

11   incarcerations, the debtors, the creditors' committee, the

12   (indiscernible) of course would consider it.

13           I'm happy to answer any questions Your Honor may

14   have.

15           THE COURT:  Okay.  No.  I think the objection was

16   clear.  Let me just ask, are any of Michael O'Brien, Anthony

17   Olson, James Sprayberry, Otis Dahman, D-A-H-M-A-N,

18   Christopher Freeman, Trever Olsen or Nickolas Colbert on the

19   line?  No.  They also have not responded to the objection.

20           I will not grant any of these motions.  I think as

21   you noted there are somewhat different facts for each

22   movant.  Although, as I noted with regard to the ones that I

23   granted, the forms of these motions has some real

24   similarities and probably were circulating through the

25   system.

Page 45

1          A bar date is an important and not simply a

2     tactical device in a Chapter 11 case as well recognized in

3     the case law.  It lets parties in interest know with

4     reasonable promptness the identity of those making claims

5     against the estate and the general amount of claims

6     necessary to consider in formulating a Chapter 11 plan.  See

7     In re Calpine Corp., 2007 U.S. Dist. LEXIS 86514, at *14-15

8     (S.D.N.Y. November 21, 2007).

9          Bankruptcy Rule 9006(b) permits enlargement of the

10    bar date deadline where the failure to act was the result of

11    "excusable neglect".  The Supreme Court interpreted that

12    language, since it was not further defined in the rules or

13    the Bankruptcy Code, in Pioneer Investments Services Company

14    v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 395

15    (1993).  The Court held that the determination is fact-based

16    considering all the circumstances but that the Court should

17    be guided by the following factors:  "(1) the danger of

18    prejudice to the debtor; (2) the length of the delay and its

19    potential impact on judicial proceedings; (3) the reason for

20    the delay, including whether it was within the reasonable

21    control of the movant; and (4) whether the movant acted in

22    good faith".

23          The Second Circuit has expressly stated there is

24    taking a "hard line" in applying the Pioneer test weighing

25    heavily on giving the greatest weight to the third factor,

1    i.e., the reason for the delay, and stated that "the

2    equities will rarely if ever favor a party who fail[s] to

3    follow the clear dictates of a court rule."  And that "where

4    the rule is entirely clear, we continue to expect that a

5    party claiming excusable neglect will, in the ordinary

6    course, lose under the Pioneer test."  In re Enron Corp.,

7    419 F.3d 115, 122-23 (2d Cir. 2005), the Court applied that

8    test not only to a court rule but also to a bar date order

9    under the bankruptcy rules.

10           And Courts have done so consistently thereafter.

11   See In re DPH Holdings Corp., 434 B.R. 77, 83 (S.D.N.Y.

12   2010) and In re Musicland Holding Corp., 2006 Bankr. LEXIS

13   2315, at *10-11 (Bankr. S.D.N.Y. 2006) among other

14   authorities.

15           Here, specific notice to these people was not

16   required.  The Court concludes that the debtor didn't know

17   them specifically to be potential creditors of the debtor.

18   So the wide notice campaign implemented by the debtors to

19   reach creditors or potential creditors generally would

20   suffice for due process purposes.

21           The Court's analysis of the requests therefore

22   depends upon my assessment of whether notwithstanding that

23   notice, the movants can be excused from missing the bar

24   date.  Unlike other incarcerated individuals, each of these

25   movants, except for Mr. Olson, Mr. Freeman and Mr. Dahman,

Page 47

1   was, on the record before me, incarcerated after the bar

2   date and therefore was available in the public population to

3   receive the notice that everyone else got.  Their excuses

4   that the mail wasn't operating well and even perhaps an

5   implicit excuse that they had other things on their mind

6   leading up to their incarceration during that notice period

7   really doesn't suffice as an excuse.  First, as far as

8   notice is concerned, the mail was much less important factor

9   for these people because, again, the debtors did not need to

10  give them actual notice by mail but rather instead relied

11  properly on the wide -- extremely wide, in fact -- notice

12  campaign through various forms of media identified by Ms.

13  Finegan in her filings in the court.

14          As to the latter point, as noted by now Chief

15  Judge Swaine in In re Motors Liquidation Company, 599 B.R.

16  706, 716 (S.D.N.Y. 2019), "a bar date rule that would lead

17  to undisclosed subjective priorities of creditors, such as

18  'I was busy with other things', would normally effect no

19  viable gatekeeping function at all".

20          So as to those people, I will deny the motion for

21  the reasons stated in the debtors' and the committee's

22  objection.

23          I carefully considered the circumstances of Mr.

24  Olson, Mr. Freeman and Mr. Dahman.  It appears Mr. Olson was

25  incarcerated only in July of 2020.  Again, the bar date was

Page 48

1    July 30, 2020.  And it appears to me, therefore, that he had

2    sufficient time to get notice before his incarceration.

3           Moreover, as I've noted, it has been well over a

4    year since the bar date has passed and there's nothing in

5    these -- in this motion or, frankly, the other motions

6    either, to say when the movant actually learned of the bar

7    date.  And under those circumstances, the second factor

8    listed by the Supreme Court in Pioneer argues against

9    granting the motion as does the first factor, the danger of

10   prejudice.

11          Really, based upon these types of vague motions

12   where someone was incarcerated but only for a brief period

13   before the bar date itself ran and well after the notice

14   period came, under these circumstances, it would appear to

15   me that that would open the gates too wide for additional

16   claims to be filed after the personal injury settlement set

17   forth in the plan was negotiated.  The personal injury claim

18   settlement, that is.  I know that factor may change or might

19   change depending on the outcome of this case, i.e., whether

20   the structure of that plan will survive going forward.  But

21   on today's record, that factor also argues against granting

22   the motion.

23          So I will not grant Mr. Olson's motion.

24          Mr. Freeman and Mr. Dahman's motions both state

25   that they were incarcerated in May of 2020.  The notice

```
1    period was substantially done before that time would suggest
2    that they could have and should have been aware of the
3    debtors' case, and therefore the bar date, before they were
4    incarcerated.  If they had made these motions months ago, I
5    might well have granted them.  But they did not.  They made
6    them well after a year after the bar date had passed.  And
7    they have not stated in their motions when they learned of
8    the bankruptcy case.
9              Given the logic of the Motors Liquidation case,
10   which again focused on the argument by a person who was
11   incarcerated that his incarceration precluded him from
12   filing a claim and after analyzing that argument reached the
13   conclusion that he had not shown excusable neglect based on
14   that argument, and the facts here as to when notice would
15   reasonably have been received for due process purposes, and
16   given the delay in making the motion, I conclude, based on
17   weighing the Pioneer factors, that Mr. Freeman's and Mr.
18   Dahman's motions should also be denied.
19             So you can email an order to chambers denying each
20   of those seven motions.
21             MS. KNUDSON:  Thank you, Your Honor.  We will do
22   that.
23             THE COURT:  Okay.  All right.  I think that
24   concludes this morning's calendar, right, on Purdue?
25             MS. KNUDSON:  That's correct, Your Honor.
```

Page 50

1              THE COURT:  Okay.  Very well.  So I'll look for

2      each of those orders which should be emailed to chambers.

3      Thank you.

4        (Whereupon, these proceedings were concluded at 10:53 a.m.)

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1                      I N D E X

 2

 3                    R U L I N G S

 4

 5    DESCRIPTION                          PAGE      LINE

 6    Debtors' motion for entry of order authorizing  25      24

 7      filing of certain information under seal

 8      in connection with motion of debtors for entry

 9      of order authorizing implementation of KEIP

10      and KERP programs granted

11    Motion of debtors for entry of order          32      22

12      authorizing implementation of 2022 KEIP and

13      KERP compensation programs granted

14    Final fee application of Reed Smith LLP as     37       9

15      an ordinary course professional for

16      compensation for services rendered in excess

17      of Tier 1 OCP cap for period 9/1/2021

18      through 2/28/2022 granted

19    Motions to file late proofs of claim by        40      12

20      individuals Glenn Dawson, Tony Callihan,

21      Tyler Ward and Daniel Rudd granted

22

23

24

25
```

Page 52

```
 1                       I N D E X, cont'd

 2

 3                       R U L I N G S

 4

 5    DESCRIPTION                              PAGE      LINE

 6    Motions to file late proofs of claim by    44       20

 7      Individuals Michael O'Brien, Anthony Olson,

 8      James Sprayberry, Otis Dahman, Christopher

 9      Freeman, Trever Olsen and Nickolas Colbert

10      denied

11                       E X H I B I T S

12

13    NO.    DESCRIPTION                         ID.     EVID.

14    ---    Declaration of Terrence Ronan,      ---      27

15           chief financial officer of the debtors

16    ---    Declaration of Josephine Gartrell,  ---      28

17           senior director at Willis Towers

18           Watson PLC

19

20

21

22

23

24

25
```

Page 53

1                      C E R T I F I C A T I O N

2

3    I, Lisa Beck, certify that the foregoing transcript is a

4                                        roceedings.

5

6    _____

7    Lisa Beck

8

9    Date:  May 18, 2022

10

11   Veritext Legal Solutions

12   330 Old Country Road

13   Suite 300

14   Mineola, NY 11501

15

16

17

18

19

20

21

22

23

24

25

[& - 4th]                                                                 Page 1

| & | | | |
|---|---|---|---|

**&**   9:2 15:10 21:13 38:6

**0**

**06901**   10:16

**1**

**1**   4:3,4,10,11,16 4:17 35:23 36:21 45:17 51:17
**10-11**   46:13
**10007**   12:13
**10014**   12:5
**10016**   18:5
**10017**   9:5 17:21
**10019**   15:4 18:15
**10020**   15:14 17:14
**10022**   10:4 17:5
**10036**   11:14 14:13
**1006**   12:4
**105**   2:9
**10601**   1:16
**107**   2:9 25:23 26:4
**10:00**   2:3
**10:06**   1:21
**10:53**   50:4
**11**   2:2,9 45:2,6
**1100**   16:19
**11102**   19:14
**11166**   53:5
**1120**   19:12
**115**   46:7
**11501**   53:14
**1177**   14:12
**12**   51:19
**120**   16:11
**1204**   13:20
**122-23**   46:7
**1221**   15:13
**12221**   13:12
**1251**   17:13
**12548**   13:3

**1285**   17:20 18:14
**14**   41:25 44:4
**14-15**   45:7
**15.6**   29:25
**15th**   31:18
**16.1**   30:1
**16th**   37:3
**18**   1:20 2:5 53:9
**18th**   27:2 28:3
**19**   38:24
**19-23649**   1:4 2:1
**19020**   19:5
**19801**   13:21
**1993**   45:15
**1st**   31:25

**2**

**2**   3:11 45:18
**2/28/2022**   51:18
**20**   44:4 52:6
**200**   12:19
**20005**   16:20
**2005**   46:7
**2006**   46:12,13
**2007**   45:7,8
**201**   10:15 12:3
**2010**   46:12
**2019**   33:20,21 40:3 47:16
**2019's**   33:22
**2020**   28:20,22 29:1 30:15,17,21 31:2 33:20 39:15 39:16 40:2,3 41:5 42:13,16,22 43:5 43:12 47:25 48:1 48:25
**2021**   4:4,11,17 30:1,4,19 33:6 35:24
**2022**   1:20 2:5,12 2:13,16,17,22,22 3:3,3,8,9,14,14,19 3:19 4:4,11,17

**28:1** 29:2,13,17 29:18 31:25 32:14 32:24 33:15 35:25 36:22 51:12 53:9
**2023**   31:18 32:1 32:11
**20852**   12:20
**20th**   43:5
**21**   45:8
**211**   16:3
**21201**   11:6
**22**   28:21 51:11
**2310**   11:5
**2315**   46:13
**24**   51:6
**248**   1:15
**25**   31:24 51:6
**27**   28:1 52:14
**27th**   21:18 27:1
**28**   4:4,11,17 52:16
**281,553.50**   35:22
**2d**   46:7

**3**

**3**   39:16 45:19
**3,839.50.**   35:18
**30**   39:15 40:1,3 42:13 48:1
**300**   1:15 53:13
**30th**   40:10
**31**   15:3
**31st**   32:11
**32**   51:11
**330**   53:12
**3338**   19:3
**36**   11:4
**37**   51:14
**380**   45:14
**395**   45:14
**3rd**   12:12

**4**

**4**   45:21
**40**   30:25 51:19

**419**   46:7
**434**   46:11
**44**   52:6
**450**   9:4
**4580**   5:23
**4583**   6:6
**4597**   5:21
**4617**   4:23
**4618**   6:13
**4619**   6:16
**4620**   6:23
**46204**   16:5
**4629**   4:20
**4633**   5:5
**4643**   7:2
**4644**   6:19
**4645**   7:8
**4646**   5:11
**4647**   5:2
**4650**   5:8 7:5
**4652**   6:9
**4653**   5:17
**4669**   5:14
**4671**   4:5
**4678**   7:15
**4685**   7:22
**4702**   7:12
**4707**   2:18 21:21
**4708**   2:13 25:5
**4710**   4:11
**4742**   2:23 22:3
**4761**   7:19
**4765**   8:6 39:9
**4766**   3:9 21:25
**4767**   8:3
**4768**   3:15
**4774**   4:17 35:16
**4794**   3:4 22:15
**4795**   3:20
**4843**   2:5
**485**   10:3
**4th**   19:13

**[5.7 - attorneys]**

| **5** |
|---|
| **5.7** 30:2 |
| **50/50** 31:22 |
| **500** 14:4 |
| **503** 33:1,17 |
| **507** 45:14 |
| **52nd** 15:3 |
| **55** 18:4 |
| **599** 47:15 |

| **6** |
|---|
| **6** 30:4 |
| **60,000** 31:13 |
| **60602** 16:12 |
| **650** 13:13 |

| **7** |
|---|
| **7.2** 30:5 |
| **706** 47:16 |
| **716** 47:16 |
| **75** 31:25 |
| **75251** 13:14 |
| **77** 46:11 |
| **780,000** 30:9 |
| **78711** 13:4 |

| **8** |
|---|
| **8** 41:25 |
| **83** 46:11 |
| **86** 12:11 |
| **86514** 45:7 |

| **9** |
|---|
| **9** 51:14 |
| **9/1/2021** 51:17 |
| **9006** 42:8 45:9 |
| **9018** 2:9 25:23 |
| **919** 17:4 |
| **97** 31:13 |

| **a** |
|---|
| **a.m.** 50:4 |
| **aaron** 10:6 35:9 |
| **aaronson** 17:18 |
| **abating** 34:9 |

**able** 38:19 42:5
43:9
**access** 38:25
**accurate** 53:4
**achieve** 29:14
**achievement** 29:5
**act** 45:10
**acted** 45:21
**actual** 47:10
**ad** 14:10 15:2,11
16:2,10 22:6 39:6
**addition** 32:2
**additional** 30:7,15
34:13 39:21 41:25
42:4 44:10 48:15
**address** 25:14
32:16 38:11 41:13
42:1
**addressed** 39:3
**adjourned** 34:24
**adjournment** 3:17
**admit** 26:13
**advantage** 25:21
**affidavits** 25:25
26:7
**agenda** 2:5,5 20:4
20:5 21:6 34:18
35:3 38:10 41:24
41:25
**aggregate** 29:15
29:24 30:2,5,12
36:19
**ago** 49:4
**agreed** 22:12
27:11 29:1 30:21
30:25 31:1,9,16
31:17,20 32:3,5,5
32:9
**agreeing** 30:24
**agreement** 32:20
35:19
**ahc** 25:10 29:12
30:10 31:16 32:6

**ahead** 20:7,12,15
28:16
**akin** 11:10
**al** 1:9 2:1 20:3
**aleali** 10:18
**alexander** 18:7
**allan** 6:22
**allegations** 39:2
43:17
**allege** 38:23 43:15
**allow** 31:4
**allowed** 44:4
**allowing** 43:22
**ambitious** 29:14
**americas** 14:12
15:13 17:13,20
18:14 19:12
**amount** 29:24
30:6 35:16,18,18
45:5
**amounts** 30:12
**analysis** 46:21
**analyzing** 49:12
**andrew** 15:7
**ann** 10:7 35:11
**annual** 21:20 29:3
29:24 31:18
**answer** 39:12
44:13
**answers** 37:4
**anthony** 6:5 43:1
44:16 52:7
**apartment** 19:4
**apologies** 23:15
**appear** 48:14
**appears** 47:24
48:1
**appellate** 30:23
**application** 4:1,8
4:14 34:19 35:3,7
35:14,17 36:9,15
37:1,5,8,16 42:7
51:14

**applied** 36:20
46:7
**applies** 33:15
**apply** 33:2
**applying** 36:23
45:24
**approaching**
36:19
**appropriate** 29:9
**appropriately**
34:5
**approval** 21:19
32:23 33:14 34:1
34:1 35:22
**approved** 33:8
**approximate** 30:3
**approximately**
29:25 30:2,5
42:22 43:5
**april** 21:18 27:1
28:1 39:19,23
**argues** 48:8,21
**argument** 49:10
49:12,14
**arik** 11:21
**art** 1:25
**assert** 43:24
**assertions** 38:14
**asserts** 43:14
**assessment** 46:22
**assistant** 10:12
**associates** 45:14
**assume** 40:18
**assuming** 27:17
**atkinson** 11:8
**attached** 34:11
**attend** 7:11,18
**attention** 35:13
**attorney** 12:17
13:1,10 19:2
**attorney's** 12:10
**attorneys** 9:3 11:2
11:11 12:18 13:2

13:11,19 14:3,10
15:2,11 16:2,10
16:17 17:3,12,19
18:3,13 19:11
**audio** 22:24
**aust** 12:7
**austin** 13:4
**authorities** 46:14
**authorized** 30:6
**authorizing** 2:10
2:12,16,21 3:2,8
3:13,18 51:6,9,12
**autumn** 13:16
**available** 47:2
**avenue** 9:4 10:3
14:4,12 15:13
17:4,13,20 18:14
19:12
**award** 29:3,24
30:2,5,7,16,17
31:18
**aware** 49:2

**b**

**b** 1:22 2:9 25:23
26:4 45:9 52:11
**b.r.** 46:11 47:15
**back** 21:1 24:5
25:1 29:1 30:21
31:2 41:5
**bad** 24:3
**ball** 17:7
**baltimore** 11:6
12:20
**bankr** 2:9 46:12
46:13
**bankruptcy** 1:2
1:14,24 25:23
42:8 45:9,13 46:9
49:8
**bar** 4:23 5:5,11,17
5:23 6:5,12,16,22
7:8,15 8:3 38:19
39:15,15,17,22,25

40:8,9,10,17,18
41:2,5,8,9 42:13
42:15,18,23 43:2
43:6,11,16 44:4
45:1,10 46:8,23
47:1,16,25 48:4,6
48:13 49:3,6
**barker** 11:16
**based** 29:22 32:19
37:9,10 38:13
42:3,24 43:8
45:15 48:11 49:13
49:16
**basis** 33:23 34:9
38:15
**beacon** 17:3
**beck** 8:25 53:3,7
**began** 43:6
**beginning** 23:25
**behalf** 21:13
35:10 38:7
**believe** 25:1 26:14
34:18 37:2 38:12
38:15 39:20 43:19
43:22
**benedict** 9:16
**benjamin** 9:12
**bensalem** 19:5
**better** 23:6
**bielli** 13:18,23
**bit** 25:4 40:8
**blvd** 10:15
**box** 13:3
**bracewell** 17:11
**brauner** 11:18
**braunfeld** 19:10
**brian** 12:22
**brief** 48:12
**briefly** 28:19 31:8
**bring** 35:13 44:9
**broad** 29:22
**brooks** 11:16

**brunswick** 45:14
**bryant** 11:13
**builds** 26:11
**bulk** 39:23
**business** 30:11
33:10,25 34:6
**businesses** 34:7
**busy** 47:18

**c**

**c** 7:15,17 9:1 20:1
26:8 53:1,1
**calculation** 39:19
**calendar** 38:3
49:24
**called** 21:23 32:25
36:3 42:8
**callihan** 5:5 38:23
51:20
**calpine** 45:7
**campaign** 40:20
40:22,22 46:18
47:12
**cap** 4:3,10,16
30:12 35:6,23
36:19 51:17
**caplin** 16:16
**carefully** 38:13
47:23
**caroline** 14:16
**carry** 28:25
**case** 1:4 15:10
26:3 33:9,11 34:2
41:11 45:2,3
48:19 49:3,8,9
**cases** 35:12 36:20
43:21
**causing** 22:23
**ceased** 30:20
**certain** 2:10 22:12
32:3 51:7
**certify** 53:3
**cfo** 26:9,12

**ch** 2:2
**chambers** 12:11
34:15 37:2,12,17
37:23 41:15 49:19
50:2
**change** 27:3,7
28:4 30:15 48:18
48:19
**changes** 22:15
27:11 28:10 32:12
32:19 34:13,13
**changing** 30:11
31:6
**chapter** 45:2,6
**charges** 36:16
**charles** 11:4
**chart** 35:20
**chartered** 16:16
**check** 25:25
**cheeky** 24:7
**chicago** 16:12
**chief** 27:19 47:14
52:15
**christopher** 6:22
9:19 15:16 44:18
52:8
**cir** 46:7
**circle** 16:18
**circuit** 45:23
**circulating** 44:24
**circumstances**
45:16 47:23 48:7
48:14
**claim** 4:20,22 5:2
5:4,8,10,14,16,21
5:22 6:2,4,9,11,15
6:19,21 7:2,5,7,14
7:22 8:3,5 38:3,11
39:10 41:25 42:6
42:12 43:7,21
48:17 49:12 51:19
52:6

claimants 14:11
22:8
claiming 46:5
claims 4:23 5:5,11
5:17,23 6:5,12,16
6:22 7:8,15 8:3
43:23,24,25 44:3
45:4,5 48:16
clawback 31:6,14
clean 25:18
clear 22:19 33:5
44:16 46:3,4
clearly 21:16
23:25 25:1 38:7
clerk 20:12,14,19
23:4,6,14,22
24:20
clifford 16:9
coastal 38:25
code 25:23 33:1
33:17 45:13
cohen 14:2 19:10
colbert 7:15,17
43:1 44:18 52:9
colorable 38:15
coming 21:16
41:10
comment 36:11
commercial 25:22
committed 29:17
committee 8:1
11:2,11 14:10
22:6,7 33:12 39:6
41:21 42:3 44:7
44:11
committee's 38:20
47:21
committees 33:13
company 17:3
29:10 45:13 47:15
company's 21:19
28:23 29:21

comparison 33:5
compensation 4:2
4:9,15 28:19
32:24 33:7,8
51:13,16
competitive 25:21
competitor 25:21
completed 32:10
39:18,18
completely 24:10
complying 36:22
concerned 41:6
47:8
concessions 28:25
conclude 34:5
49:16
concluded 33:20
50:4
concludes 46:16
49:24
conclusion 49:13
conditions 30:11
confirm 32:12
38:19
confirmation
40:21
confirmed 40:16
congress 33:16
connection 2:11
28:2 51:8
connolly 17:16
consented 39:7
consenting 3:6,12
15:2 21:23
consider 44:12
45:6
consideration
21:22
considered 29:15
47:23
considering 45:16
consistent 33:7
39:10 40:13

consistently 46:10
consla 9:17
constituents
33:11 34:2
consult 32:7
consultation
25:10 29:12 30:10
36:18
consulted 39:5
cont'd 52:1
contested 5:19
contingency 22:7
contingent 14:11
continue 25:2
28:24 46:4
continued 22:11
contributed 39:1
control 45:21
cooper 19:10
corp 45:7 46:6,11
46:12
corporate 10:13
29:9
correct 27:14 36:5
36:12 39:20,22
40:5,7 41:23
49:25
counsel 10:2,12
32:15 33:2 35:4,7
35:12
counsel's 33:6
country 53:12
course 4:2,8,15
35:4,6 36:19
44:12 46:6 51:15
court 1:2,14 20:2
20:10,13,15,18,22
20:24 21:8,11,16
23:2,5,13,17,23
24:1,11,13,14,19
24:21,24 25:3,8
25:17 26:6,16,20
26:24 27:6,8,10

27:15,25 28:8,13
28:16 31:4,10
32:18 34:17,21
35:2 36:1,3,8 37:4
37:14,20,22 38:1
38:8 39:14,25
40:6,11 41:18
44:7,15 45:11,15
45:16 46:3,7,8,16
47:13 48:8 49:23
50:1
court's 21:19
22:22 24:8 46:21
courthouse 22:19
courtroom 22:23
courts 46:10
coverage 35:5
covered 33:18
covid 7:11,19
38:24
creditor 25:11
creditors 8:2 11:3
11:12 22:6 33:12
34:8 38:20 39:6
42:3 44:1,7,11
46:17,19,19 47:17
crisis 34:9
ct 10:16
currently 38:21
42:14 43:15
curve 29:23

**d**

d 1:23 13:16 20:1
26:8 44:17 51:1
52:1
dahman 6:16 43:4
44:17 46:25 47:24
52:8
dahman's 48:24
49:18
dallas 13:14
danger 45:17 48:9

[daniel - esq]                                                                 Page 5

daniel  5:17 17:16
  51:21
darren  9:8 21:7
  21:12 23:8
date  4:23 5:5,11
  5:17,23 6:5,12,16
  6:22 7:8,15 8:3
  30:24 31:6 38:19
  39:15,16,18,22
  40:1,8,9,10,17,18
  41:2,5,8,10 42:13
  42:15,18,23 43:2
  43:7,11,16 44:4
  45:1,10 46:8,24
  47:2,16,25 48:4,7
  48:13 49:3,6 53:9
dated  27:1 28:1
david  13:24
davis  9:2 21:3,13
  38:6
dawson  4:23 39:2
  51:20
day  37:15
dc  16:20
deadline  45:10
debevoise  17:2
debtor  45:18
  46:16,17
debtor's  40:19
debtors  1:11 2:11
  2:15,20 3:1,2,7,13
  8:1 9:3,3 10:2
  20:6 21:4,13,18
  22:3,5 25:6 26:9
  26:13 27:5,20
  28:9,25 29:4
  30:25 33:2,10,11
  33:25 34:6,12
  35:10,12 36:6,18
  38:7,14 39:3,8
  40:15 41:21 43:6
  43:22,24,25 44:1
  44:6,11 46:18

47:9,21 49:3 51:6
  51:8,11 52:15
debtors'  3:18
declaration  26:11
  26:12,25 27:15,19
  28:1,4,9,14 29:13
  39:17 52:14,16
declarations  26:8
  26:13,17 33:5
defined  33:1
  45:12
delay  31:17 42:11
  43:20 44:2 45:18
  45:20 46:1 49:16
delays  38:25
  43:19
demanding  29:5
denied  49:18
  52:10
deny  44:8 47:20
denying  49:19
department  12:1
depending  48:19
depends  46:22
deputy  10:12
describing  39:17
description  51:5
  52:5,13
designed  28:21
determination
  45:15
developing  32:9
development
  29:11 36:10,13
developments
  36:9
device  45:2
dictates  46:3
different  32:23
  38:4 44:21
difficult  29:14
diligence  29:17

direct  27:1 28:2
director  26:10
  28:14 52:17
discount  30:25
  31:11,12 36:4
discounts  36:6
discussions  22:10
  22:10
dist  45:7
district  1:3
docket  21:20,25
  22:3,14 25:5 26:1
  35:15,16 39:4,9
documents  25:19
doing  39:21
dollar  29:23
dph  46:11
drain  1:23 20:3
drive  13:12
drysdale  16:16
due  7:11,18 31:3
  46:20 49:15
dylan  9:17

            e
e  1:22,22 9:1,1
  20:1,1 51:1 52:1
  52:11 53:1
earlier  30:18
  31:21
eberhardt  13:6
ecf  2:5,13,17 3:9
  3:15,20 4:5,11,17
  4:20,23 5:2,5,8,11
  5:14,17,21,23 6:2
  6:5,9,12,16,19,22
  7:2,5,8,12,15,19
  7:22 8:3,6
echoes  24:2,3
echoing  23:12
eckstein  14:15
ecro  1:25
edan  11:19

edmunds  12:22
effect  31:5 47:18
effort  29:18
eighth  41:24
either  48:6
elements  29:2,23
eli  9:13
email  26:2 34:14
  37:11,14,16 41:15
  49:19
emailed  37:23
  50:2
emergence  30:18
  30:20,22,22 31:2
  32:7
employee  2:12,13
  2:16,17,22,22 3:3
  3:4,8,9,14,14,19
  3:20 21:20 31:1
  32:24 33:14,18
encourage  43:23
engagement  35:11
enlargement  45:9
enron  46:6
enter  34:14
entered  35:20
  39:11,16
entirely  46:4
entirety  38:18
entry  2:8,11,15,21
  3:2,7,13,18 51:6,8
  51:11
equities  46:2
eric  18:8
especially  40:24
esq  9:7,8,9,10,11
  9:12,13,14,15,16
  9:17,18,19 10:6,7
  10:8,18,19,20
  11:8,16,17,18,19
  11:20,21,22 12:15
  12:22 13:6,7,16
  13:23,24 14:7,15

14:16,17 15:6,7
15:16,17 16:7,14
16:22,23,24 17:7
17:8,16,23,24
18:7,8,9,17 19:7
19:16
established 21:6
estate 36:21,23
45:5
esther 9:11
et 1:9 2:1 20:3
event 30:11
everybody 22:20
30:21 31:1
everything's 23:3
evid 52:13
evidence 26:14
27:20 28:15
evp 33:3
examiner 13:19
35:19
examiner's 35:20
36:11 37:10
exceed 30:12
exceptions 38:16
excess 4:3,10,16
35:23 51:16
excusable 42:7
45:11 46:5 49:13
excuse 47:5,7
excused 46:23
excuses 47:3
exercise 33:9 34:6
exhibit 3:11
exhibits 26:8
expect 36:22 46:4
expected 31:2
explains 37:7
expressly 45:23
extended 39:22
extensive 33:17
40:20

extra 40:9
extremely 47:11

**f**

f 1:22 19:16 53:1
f.3d 46:7
facility 38:24
fact 33:19,21
40:14,17 45:15
47:11
factor 42:10 45:25
47:8 48:7,9,18,21
factors 38:16 42:9
45:17 49:17
facts 33:9 40:13
44:21 49:14
fail 46:2
failure 45:10
fair 21:2 34:5
faith 45:22
fall 31:19 43:19
familiar 28:20
family 17:12,19
18:3,13
far 33:25 47:7
fashioned 36:15
fault 40:22
favor 46:2
february 4:4,11
4:17 35:24 39:16
40:9 42:16
fed 2:9
fee 13:19 21:20
31:1 34:19 35:3,7
35:19,20 36:11,23
37:10 51:14
feedback 21:14
22:20,23 23:9,20
24:17
fees 35:17,23
feld 11:10
fifth 14:4
file 4:22 5:4,10,16
5:22 6:4,11,15,21

7:7,14 8:3 38:3
42:6,12 43:7
51:19 52:6
filed 4:23 5:5,11
5:17,23 6:5,12,16
6:22 7:8,15 21:18
21:23 22:2,14
25:6,13 26:8 27:8
35:15 39:4 41:22
43:25 44:3 48:16
filing 2:10 3:11
4:13 8:5 22:9,11
31:15 41:4 43:20
49:12 51:7
filings 39:1 47:13
final 4:1,7,14 35:3
36:15,17 37:5
51:14
finally 30:4,14
31:15 32:5 44:2
financial 27:19
52:15
finding 40:20
fine 20:22 21:11
23:17 28:8 37:20
finegan 47:13
finegan's 39:17
firm 37:6
first 20:6 25:4
28:25 32:24 34:7
34:22 35:14 47:7
48:9
fixed 24:4,18,20
24:22,23
flag 36:14
floor 12:12 19:13
focused 49:10
fogelman 12:15
follow 41:12 46:3
following 35:19
45:17
foregoing 53:3

form 26:1 41:12
41:13
former 26:12
forms 44:23 47:12
formulating 45:6
forth 22:14 29:13
32:2 34:23 40:13
42:2,8,20 43:3,18
44:5 48:17
forum 10:14
forward 28:25
30:19,20 34:8
36:22 41:3,7,8
48:20
found 29:8
four 38:2,4,10,16
41:14,21 42:22
frankel 14:9
frankly 48:5
freeman 6:22 43:4
44:18 46:25 47:24
48:24 52:9
freeman's 49:17
function 47:19
funds 30:8
further 25:11
37:10 45:12

**g**

g 20:1 51:3 52:3
gange 14:16
gartrell 26:10,15
27:22,23,24,25
28:5,12,14 52:16
gatekeeping
47:19
gates 48:15
general 10:12
12:17 13:1,10
32:15 33:2,6
43:17 45:5
generally 46:19
george 16:23

gerard  9:14 18:9
getting  21:14
giddens  9:18
give  23:7 25:21
  47:10
given  30:23 31:2
  36:18 41:9 49:9
  49:16
giving  40:8 45:25
glenn  4:23 51:20
global  43:18
go  20:4,6,12,15
  25:1 28:16 30:12
  34:7
going  20:6 21:5
  24:3 27:12 34:8
  36:22 41:3,7,8
  48:20
gold  14:7
good  20:2,9,13,17
  21:2,9 23:3 35:8
  38:5 45:22
government  1:18
governmental
  14:10 22:7,8
  33:13
grant  25:24 29:3
  32:22 34:9 37:8
  40:12 41:14 44:20
  48:23
granted  26:3
  40:14 44:23 49:5
  51:10,13,18,21
granting  4:14 8:5
  34:23 38:15 48:9
  48:21
greatest  45:25
gregory  17:24
group  15:2,11
  16:2,10,17 21:23
  22:9 25:12 39:6
guided  45:17

guidelines  36:23
gump  11:10
guys  24:21

## h

h  14:15 44:17
  52:11
habit  22:5
habitate  30:18
hage  17:18
hand  24:2 26:18
  27:23
handling  34:20
happened  30:18
  30:23
happy  20:4 25:14
  32:12,16 34:14
  39:12 44:13
hard  45:24
hauer  11:10
headquarters
  10:11
hear  20:22 21:10
  21:11 24:17
heard  38:7
hearing  2:5 3:18
  4:7,19 5:1,7,13,20
  7:4,11,18,21 20:4
  21:15 23:9,18,20
  23:25 24:2,3 25:1
  33:17 40:21
hearings  33:20
heavily  33:10 35:5
  37:6 45:25
held  33:17 45:15
highlight  30:14
highlights  28:19
highsmith  13:16
hit  28:19 31:9
hoc  14:10 15:2,11
  16:2,10 22:6 39:6
holding  46:12
holdings  46:11

hollister  16:1
hon  1:23
honor  20:8,17
  21:3,9,14,18
  22:15,18 23:24,25
  24:7,16 25:1,5,14
  25:15 26:5 27:4
  27:14 28:5,12,18
  28:20 29:8,21
  30:8,14,16 31:8
  32:16 34:16,25
  35:8,14,21 36:5
  36:12,15,17,25
  37:13,18,25 38:5
  38:9 39:12,21
  41:16,23 44:13
  49:21,25
honor's  21:22
honored  29:1
hospitals  16:2,10
housekeeping
  25:5
hudson  18:4
huebner  9:7 20:8
  20:9,17,20,21,23
  21:2,3 22:18 23:6
  23:7,11,15 24:7
  24:13,16
hugh  15:6
hurley  11:17

## i

i.e.  46:1 48:19
iacs  19:11
identified  28:6
  47:12
identity  45:4
il  16:12
impact  45:19
implementation
  2:12,16,21 3:3,8
  3:13,19 51:9,12
implemented
  46:18

implicit  47:5
important  42:10
  45:1 47:8
importantly
  28:24 31:5 38:17
  44:1
impossible  22:25
inability  7:11,18
  40:23
incarcerated
  38:17,18,22 40:2
  40:4,16,24 42:14
  42:15,17,21 43:1
  43:4,10,15,16
  46:24 47:1,25
  48:12,25 49:4,11
incarceration
  47:6 48:2 49:11
incarcerations
  44:11
incentive  2:12,17
  2:22 3:3,8,14,19
  21:20
incentivizing  29:9
includes  29:2,22
including  33:12
  35:24 45:20
incurred  35:23
indiana  16:4
indianapolis  16:5
indiscernible  21:4
  21:5,6,25 22:1,6,8
  22:9,11 23:1,4,12
  23:16,22 24:1,25
  25:9 28:22 34:19
  36:21 44:12
individual  15:11
  39:6
individualized
  38:14
individually
  29:15

| | | | |
|---|---|---|---|
| **individuals** 38:4 46:24 51:20 52:7 | **jeffrey** 16:22 17:8 | 24:25 25:4,9 26:5 26:7 27:11 28:6 | **lee** 10:8 |
| **information** 2:10 25:22 42:3,5,19 42:24 43:8 44:10 51:7 | **joined** 35:10 44:6 | 28:17,18 31:12 | **lees** 18:7 |
| | **joint** 8:2 42:2 | 34:16,18,25 | **legal** 53:11 |
| | **joseph** 5:17 11:22 17:18,24 | **klein's** 22:21 | **length** 41:9 45:18 |
| | | **kleinberg** 14:2 | **lengthened** 30:24 |
| **informed** 33:10 | **josephine** 27:24 28:14 52:16 | **know** 23:3 24:13 37:6 41:24 45:3 46:16 48:18 | **letter** 7:10,17 |
| **initial** 30:17 | | | **letters** 39:3 |
| **injury** 48:16,17 | **judge** 1:24 20:2 47:15 | | **letting** 23:2 |
| **input** 22:10 | | **knowing** 28:3 | **levels** 29:6,19 |
| **insider** 33:19 | **judgment** 33:10 33:25 34:6 | **knowledge** 32:13 | **leventhal** 17:23 |
| **insiders** 29:22 30:13 33:1,15,16 33:21,24 | | **knudson** 9:9 38:5 38:6,9 39:20 40:5 40:7 41:16,23 49:21,25 | **levin** 14:9 |
| | **judicial** 45:19 | | **lexington** 9:4 10:3 |
| | **july** 39:15,22 40:1 40:3,9,9 41:5 42:13,16 43:12 47:25 48:1 | | **lexis** 45:7 46:12 |
| **insurance** 35:5,12 37:6 | | | **liesemer** 16:22 |
| **intended** 26:25 28:2 | | **kramer** 10:7 14:9 35:11 | **light** 35:6 36:11 37:10 |
| | **jump** 22:18 | | **likewise** 25:13 |
| **interest** 45:3 | **justice** 12:1 | **kristopher** 6:5 | **limitations** 40:25 |
| **interpreted** 45:11 | **k** | **l** | **limited** 3:6,12 21:24 25:20 |
| **investments** 45:13 | **kaminetzky** 9:12 | **l** 5:11 51:3 52:3 | **line** 22:20 26:14 44:19 45:24 51:5 52:5 |
| **involved** 35:5 37:6,15 | **kaplan** 14:2 | **l.p.** 1:9 2:1 10:13 20:3 | |
| | **katherine** 11:20 | | |
| **issue** 22:1 | **kathryn** 9:16 | **labeled** 35:3 | **lines** 26:2 |
| **issues** 31:20 35:5 41:13 | **keip** 22:13 29:2,4 29:17 31:17 32:4 32:15,25 33:6,7,7 51:9,12 | **lack** 38:25 | **liquidation** 47:15 49:9 |
| | | **landau's** 21:24 | |
| **it'll** 31:22 | | **language** 45:12 | **lisa** 8:25 53:3,7 |
| **item** 34:18 | | **lasalle** 16:11 | **lisovicz** 11:19 |
| **items** 38:10 41:24 41:25 | **kenneth** 14:15 | **late** 4:19 5:1,7,13 5:20 6:2,9,19 7:2 7:4,21 8:5 31:2 38:3,11 39:10 41:4,25 42:6 43:23 51:19 52:6 | **listed** 48:8 |
| | **kerp** 29:21,24 30:1,16 31:20 32:14 34:1,2 51:10,13 | | **listeners** 23:1 |
| **j** | | | **litigation** 14:11 22:7 37:7 |
| **j** 9:10,13 14:7 15:16 17:8 | | | **little** 40:8 |
| | **kesselman** 10:20 | **latecomers** 43:23 | **llc** 11:1 13:18 19:10 |
| **jacqueline** 38:6 | **key** 2:12,13,16,17 2:22,22 3:3,4,8,9 3:14,14,19,20 33:14,18 34:2 40:14 | **law** 16:9 19:1 45:3 | |
| **jacquelyn** 9:9 | | **lawrence** 12:15 | **llp** 4:1,8,14 9:2 10:1 11:10 14:9 15:1,10 16:1 17:2 17:11 35:4,9 51:14 |
| **james** 6:12 7:8 9:15 44:17 52:8 | | **lead** 47:16 | |
| | | **leading** 43:16 47:6 | |
| **january** 32:10 | **king** 13:20 | | |
| **jasmine** 17:7 | **klauder** 13:18,24 | **leads** 35:11 | |
| **javian** 10:6 35:8,9 36:2,5,12 37:13 37:18,21,25 | **klein** 9:8 21:7,9 21:12,13,17 23:9 23:19,23,24 24:16 | **learned** 48:6 49:7 | **log** 23:13 24:4,5,5 |
| | | **leaves** 41:12 | **logic** 49:9 |

**long** 29:3 30:2,16
30:17 32:6 43:20
**look** 34:21 50:1
**lose** 46:6
**lot** 41:11
**loud** 20:24
**lower** 30:1,3
**lowne** 26:12
**lucas** 16:24

**m**

**m** 15:6,7 16:14
44:17
**magali** 9:18
**mail** 47:4,8,10
**making** 45:4
49:16
**mara** 17:23
**marc** 9:10 10:20
19:16
**march** 31:18,23
31:25 36:21 39:23
**marshall** 9:7 20:9
21:3 23:10
**maryland** 12:18
**material** 25:19,20
**matter** 1:7 35:2
**matters** 2:7 5:19
38:2,2
**matthew** 14:7
**mccarthy** 9:14
**mcclammy** 9:15
**mcdonald** 15:6
**mcnulty** 16:14
**md** 11:6 12:20
**mean** 24:14
**meaningful** 29:19
**measuring** 32:8
**media** 47:12
**meises** 15:17
**mention** 22:24
**mentioned** 36:17
**merit** 13:12

**met** 29:19
**metric** 22:13 25:7
29:11
**metrics** 25:10
28:7 29:5,7,14,18
32:4,14
**mic** 20:11,25
**michael** 5:23 11:8
16:7 44:16 52:7
**michele** 15:17
**microphone** 24:8
**microphones**
22:21
**mics** 22:22
**milbank** 18:2
**million** 29:25 30:1
30:3,4,5
**mind** 47:5
**mine** 41:6
**mineola** 53:14
**minimum** 34:24
**minute** 22:19
**missing** 46:23
**mitchell** 11:17
**modifications**
22:12 31:9,16
32:3
**modified** 25:11
34:4,10
**moment** 27:21
**monday** 22:14
**month** 34:24
43:11
**months** 42:22
43:5 44:4 49:4
**morning** 20:2,9
20:17 21:2,9,23
35:9,10 38:5
**morning's** 49:24
**motion** 2:8,11,15
2:21 3:2,7,12,18
4:20,22 5:2,4,8,10
5:14,16,21,22 6:2

6:4,9,11,15,19,21
7:2,5,7,14,22
21:19,22 22:3,9
25:6,18,24 26:9
27:1,5,17 28:3
32:19,20,22,23
33:14 34:10,23
39:2 41:4,10
43:14 44:9 47:20
48:5,9,22,23
49:16 51:6,8,11
**motions** 8:2,6
38:3,11,13,14,24
39:8,11 40:12,13
41:12,14,20 42:1
42:4 43:18 44:8
44:20,23 48:5,11
48:24 49:4,7,18
49:20 51:19 52:6
**motors** 47:15 49:9
**movant** 44:22
45:21,21 48:6
**movants** 38:12,17
38:18,21 42:4,11
42:14,14,17,18
44:3,9 46:23,25
**move** 26:13
**msge** 16:17 25:10
29:12 30:10 31:16
32:6
**multi** 22:8
**multiple** 23:18
**musicland** 46:12
**mute** 24:9 26:20

**n**

**n** 9:1 20:1 44:17
51:1,3 52:1,3 53:1
**naftalis** 14:9
**nature** 30:22
**necessary** 45:6
**need** 43:7 47:9
**needed** 30:10

**neglect** 42:7 45:11
46:5 49:13
**negotiated** 48:17
**negotiation** 25:11
30:19
**neither** 32:10
**new** 1:3,16 9:5
10:4 11:14 12:5
12:13 14:5,13
15:4,14 17:5,14
17:21 18:5,15
19:14 41:10
**nickolas** 7:15,17
44:18 52:9
**no.4651** 6:2
**non** 3:6,12 15:2
21:23 29:22 33:15
33:16,21,23
**normally** 24:14
47:18
**north** 13:20 16:3
16:11
**note** 35:16 36:25
41:18 43:4 44:8
**noted** 38:10 44:21
44:22 47:14 48:3
**notes** 42:21
**notice** 2:5 3:11,17
4:7,13,19 5:1,7,13
5:20 7:4,21 8:5
34:3 39:17 40:6
40:19,20,21,23
41:5,18 43:6
46:15,18,23 47:3
47:6,8,10,11 48:2
48:13,25 49:14
**noticing** 39:21,23
**notwithstanding**
40:19 46:22
**november** 42:22
45:8
**number** 22:15
25:5 30:1 31:2

35:16 39:9
nw   16:18
ny   9:5 10:4 11:14
    12:5,13 13:21
    14:13 15:4,14
    17:5,14,21 18:5
    18:15 19:14 53:14
ny10110   14:5

**o**

o   1:22 20:1 53:1
o'brien   42:21
    44:16 52:7
o'connor   16:23
o'neil   16:7
obaldo   13:7
object   22:3
objected   25:14
    41:19
objection   3:7,12
    8:2 21:24 33:22
    33:23 41:22 42:2
    44:15,19 47:22
objections   32:21
    33:4 34:3 36:10
    37:9
objects   21:21
    32:13
obtain   42:5 43:9
obtained   42:24
obviously   23:15
occurred   32:7
    39:23
ocp   4:3,10,16
    35:23 36:16 51:17
october   31:23,25
office   12:2,10,17
    13:1 19:1
officer   27:19
    52:15
offices   16:9
official   8:1 11:2
    11:11

oh   24:20,23
okay   20:2,19,22
    20:23 21:8,10,17
    23:2,5,19,23
    24:21 25:3 26:6
    26:16,20 27:21,25
    28:8,12,13 32:18
    34:17,21 36:1,8
    37:4,8,14,24 38:1
    39:14,25 40:11
    44:15 49:23 50:1
old   53:12
olsen   7:8,10 43:10
    44:18 52:9
olson   6:5 43:1
    44:17 46:25 47:24
    47:24 52:7
olson's   48:23
omnibus   8:2 42:2
once   39:21
ones   44:22
open   41:12 48:15
operating   47:4
opioid   34:9 43:24
order   2:8,11,16
    2:21 3:2,7,13,18
    4:13 8:5 20:5 21:6
    25:15 26:2 34:11
    34:14,22,22 35:15
    36:25 37:1,11,16
    39:9,16 41:15,19
    46:8 49:19 51:6,9
    51:11
orders   26:3 34:21
    39:10 50:2
ordinary   4:2,8,15
    35:4,6 36:19 46:5
    51:15
original   35:17
originally   32:25
otis   6:16 44:17
    52:8

outcome   48:19
outreach   38:20
overage   35:17
    36:16
o'brien   5:23

**p**

p   2:9 9:1,1 16:7
    20:1
p.c.   14:2
p.o.   13:3
pa   19:5
page   51:5 52:5
paid   31:4,10,12
    31:21
pandemic   40:25
    43:18
papers   44:6
parallel   28:21
park   11:13
partial   3:17
participant   31:13
participants
    29:17 31:13
participation
    21:24 32:14
particular   42:20
particularly
    40:24 41:11
parties   45:3
partner   35:11
partnership   45:14
party   21:21 25:13
    32:13 46:2,5
passed   41:9 48:4
    49:6
paul   12:7,19
    18:12
pause   20:16 23:21
    24:6
pay   36:4
paying   31:19
payment   22:12
    29:20,25 30:24

31:17 35:22
payments   29:4
    30:2,5 31:1,3
payouts   28:7
penitentiary   7:11
    7:18 38:21 42:6
    42:25 43:9
pennsylvania
    16:3
people   20:24
    23:18 40:2,16
    46:15 47:9,20
percent   30:25
    31:24,25
percentage   31:19
performance
    22:13 25:7 29:5,7
    29:14,16,18 32:4
    32:8,14
period   4:3,10,16
    35:21,24 36:7
    38:19 40:1,1,6,8
    40:17 42:15,18
    43:2,11 47:6
    48:12,14 49:1
    51:17
permits   45:9
person   49:10
personal   48:16,17
petition   28:23
pharma   1:9 2:1
    10:11,13 15:12
    20:3
pillsbury   15:1
pinkusov   19:1,2,7
pioneer   38:16
    42:9,10 45:13,24
    46:6 48:8 49:17
pipe   41:10
pittman   15:1
place   12:19
plains   1:16

plan 2:13,13,17
2:17,22,23 3:3,4,9
3:9,14,15,19,20
21:20 28:19 33:15
33:19 38:11 42:1
45:6 48:17,20
plans 28:21 32:24
plc 28:15 52:18
please 26:18
27:23
pleased 21:21
plimpton 17:2
point 32:20 36:14
41:1,2,3 47:14
points 35:13
polk 9:2 21:3,13
38:6
population 47:2
porter 11:20
portion 25:7,12
30:8 31:18 32:2
34:23 42:17
positions 33:18,19
possession 9:3
post 31:15
postal 43:19
potential 45:19
46:17,19
practices 28:23
pre 28:23
precluded 49:11
predecessor 29:2
preis 11:21
prejudice 43:25
45:18 48:10
present 29:18
presentment 37:2
preserve 34:7
president 10:12
31:22,24
pretty 41:12
previously 29:8
33:8

primarily 27:11
prior 26:3,11 33:7
39:10 42:13
priorities 47:17
probably 44:24
problem 23:24
24:10
problem's 24:17
procedures 36:23
proceedings
45:19 50:4 53:4
process 29:8,10
30:23 33:10 46:20
49:15
produce 29:9
professional 4:2,9
4:15 36:21 51:15
professionals
36:20,24
program 28:21
29:22
programs 28:22
28:24 29:3 51:10
51:13
promptness 45:4
proof 4:22 5:4,10
5:16,22 6:4,11,15
6:21 7:7,14 43:7
43:20
proofs 8:3 38:3
42:6,12 51:19
52:6
proper 34:6
properly 47:11
proposal 33:6,22
proposed 4:13 8:5
32:13 34:11 35:15
37:16 39:9 41:19
protected 25:22
protocol 7:12,19
provide 22:25
40:23 42:11 44:10

provided 36:6
42:3,19
providing 43:6,19
province 11:1
public 47:2
purdue 1:9 2:1
10:11,13 15:12
20:3 49:24
purposes 46:20
49:15
pursuant 2:8
putting 24:8

q

qualifier 30:8
qualify 25:22
quarropas 1:15
question 37:5
questions 25:14
25:17 27:16,17
28:11 31:8 32:16
32:18 39:12 44:13
quite 28:20
quits 36:4

r

r 1:22 2:9 9:1 13:7
20:1 51:3 52:3
53:1
rachael 14:17
rachel 13:7
raise 24:2 26:17
27:23
ran 48:13
rank 31:22
rarely 46:2
raymond 17:12
17:19 18:3,13
rdd 1:4 2:1
reach 46:19
reached 35:19
49:12
reaching 41:3
real 44:23

really 21:4 24:3
40:19,22 47:7
48:11
reason 36:17
42:11,12 43:20
45:19 46:1
reasonable 33:9
45:4,20
reasonably 40:18
49:15
reasons 43:17
44:5,5 47:21
receive 47:3
received 27:20
28:15 49:15
recognized 33:16
45:2
reconsideration
44:9
record 20:9 21:3
21:12 35:9 38:6
47:1 48:21 53:4
redacted 25:10,18
25:20 26:1
reduction 35:16
36:10 37:10
reed 4:1,8,14 10:1
34:19 35:4,9,11
51:14
references 34:12
reflected 22:10
reflects 28:10
35:18 36:3,5
regard 44:22
regarding 4:19
5:1,7,13,20 6:1,8
6:18 7:1,4,10,18
7:21 27:7 28:6
40:21 44:10
related 43:24
relation 35:14
36:16

**relied** 47:10
**relief** 21:22,25
  33:1 39:7
**remain** 31:14
**remaining** 31:25
**remarks** 21:5
**remember** 30:17
**rendered** 4:3,9,16
  51:16
**report** 21:21
**representation**
  40:15
**request** 33:4 39:8
  44:7
**requested** 30:15
  35:17 38:16 39:7
**requesting** 31:3
**requests** 42:6
  46:21
**require** 29:17
**required** 29:20
  46:16
**resend** 37:18
**resources** 38:25
**respect** 30:15 31:6
  31:17 42:10 43:13
**respectfully** 44:7
**responded** 44:19
**response** 2:20
  22:2 30:11
**restrictions** 38:24
**result** 45:10
**resulted** 22:11
**retained** 36:20
**retention** 2:13,17
  2:23 3:4,9,15,20
  21:20 29:22 30:4
  33:15,19 36:16
  37:16
**retentive** 31:5
  34:4
**review** 32:19
  35:20 37:9,11

**reviewed** 25:18
  26:16 27:15 28:9
  34:11 37:8 38:13
  40:11
**richlieu** 19:3
**right** 23:2 24:1,19
  24:24 25:8,17
  26:17 27:13,22,23
  28:8,16 31:1 35:2
  38:1 39:19 40:4
  40:11 49:23,24
**rigorous** 29:5,10
**ringer** 14:17
**risk** 29:19
**road** 19:3 53:12
**robert** 1:23
**robertson** 9:19
**robust** 43:6
**roland** 6:12
**ronan** 10:19 26:9
  26:11,14,17,19,21
  26:22,23,24 27:4
  27:7,9,14,19
  52:14
**ronan's** 29:13
**room** 1:15 12:4
**rosen** 17:8
**roxana** 10:18
**royer** 19:10
**rudd** 5:17 38:23
  51:21
**rule** 25:23 42:8
  45:9 46:3,4,8
  47:16
**rules** 45:12 46:9

**s**

**s** 9:1,7,8 20:1 46:2
  51:3 52:3,11
**s.d.n.y.** 45:8 46:11
  46:13 47:16
**sackler** 17:12,19
  18:3,13

**saint** 12:19
**sara** 11:18
**satisfy** 42:7
**saw** 26:21 27:22
**schedule** 37:11
**schwartzberg**
  12:7
**scorecard** 29:11
  29:16 32:8,9
**seal** 2:10 25:6,13
  51:7
**sealed** 32:2
**sealing** 25:16
  34:22
**second** 34:22
  45:23 48:7
**secretary** 10:13
**section** 25:23 33:1
  33:16
**see** 22:20 26:14
  36:9 45:6 46:11
**seeking** 21:19
  34:1 35:22 43:23
  44:3
**seeks** 32:23 33:14
**self** 16:24
**senior** 26:10
  28:14 52:17
**sense** 32:20
**september** 4:4,10
  4:17 35:24
**service** 38:25
  43:19
**services** 4:3,9,15
  45:13 51:16
**set** 22:13 29:7,13
  32:2 34:23 40:13
  42:2,8,20 43:3,17
  44:5 48:16
**settlement** 48:16
  48:18
**seven** 41:24,25
  49:20

**shannon** 16:14
**shaun** 10:8
**shaw** 15:1
**shore** 15:16
**short** 43:14,19
**shortly** 22:16
**shown** 49:13
**signature** 53:5
**similar** 29:23 39:2
**similarities** 44:24
**similarly** 43:8
**simply** 42:18 45:1
**sitting** 27:2 28:3
**skapof** 19:16
**slightly** 29:25
  30:3
**small** 25:6,12
  42:17
**smith** 4:1,8,14
  10:1 34:19 35:4,9
  51:14
**smith's** 35:11
**solely** 21:24
**solutions** 53:11
**solve** 24:9
**somewhat** 44:21
**sorkin** 11:22
**sorry** 20:10 22:18
  38:2
**sought** 32:25
**south** 11:4
**southern** 1:3
**speaker** 24:23
**speaking** 20:6
  24:9,17
**special** 10:2 35:12
**specific** 46:15
**specifically** 46:17
**spent** 30:9
**sprayberry** 6:12
  43:13 44:17 52:8
**springing** 30:17
  30:20,22

square 16:4
squeak 41:6
stakeholders 30:19
stamford 10:14 10:16
standard 42:8
start 22:17 23:25
state 12:18 13:2 13:11 14:3 22:8 38:20 42:5,25 43:9 48:24
stated 45:23 46:1 47:21 49:7
statement 2:20 3:1 6:1,8,18 7:1 22:2,14 25:12 27:5,16 28:10 32:3 34:12 42:21
statements 43:3
states 1:2,14 3:6 3:12 12:2 15:2 21:23
stephanie 13:6
stettinius 16:1
stodola 18:8
strauss 11:10
street 1:15 11:4 12:3,11 13:20 15:3 16:3,11
strict 42:7
structure 48:20
subject 29:4,12 30:9 34:3
subjective 47:17
submission 35:21
submitted 26:12 26:25 28:1 37:2 39:9,10 43:13
substantial 28:25 44:2
substantially 49:1

successful 29:16
suffice 46:20 47:7
sufficient 42:12 43:20 48:2
suggest 49:1
suggestion 24:8
suite 11:5 13:13 16:19 53:13
summarize 27:12
supplemental 6:1 6:8,18 7:1 42:20 43:3
support 3:1 22:14 25:13 27:5
supported 33:8
supreme 45:11 48:8
sure 20:5 23:3,14 26:1 37:23
surgical 25:6
survive 48:20
swaine 47:15
sworn 26:19 27:24
system 44:25

**t**

t 5:23 52:11 53:1 53:1
t285 19:4
tactical 45:2
taft 16:1
take 20:23
talk 39:25
talking 40:1,8
target 30:7
targeted 30:4
targets 29:9
tasks 32:10
tector 5:5
term 29:3 30:2,16 30:17
terms 27:10

terrence 10:19 26:19 27:19 52:14
test 45:24 46:6,8
testimony 27:1 28:2
texas 13:2,10,11
thank 20:8 21:12 21:17 28:12,13,18 34:16 35:8 37:13 37:24,25 38:9 41:16 49:21 50:3
thanks 21:11 23:2 39:14
theodore 18:17
things 47:5,18
think 20:10 24:3 24:20 25:25 26:20 34:5 40:14,15 41:5,7,11 44:15 44:20 49:23
third 17:4 31:23 39:19 45:25
thirds 31:23
thomas 13:23 16:18
thought 24:4 30:22
three 20:23 29:23 38:1 43:5
threshold 29:6,19
tier 4:3,10,16 35:23 51:17
till 31:18
time 20:19 35:20 41:9 43:16 48:2 49:1
timely 44:4
times 23:18
timing 22:12 27:11 31:20 44:10
tobak 9:10
today 21:5 22:1 27:2 28:3 32:21

33:2 34:23 35:14 37:21 38:12
today's 20:4 48:21
tony 5:5 51:20
top 25:2
total 35:21
towers 26:10 28:15 52:17
townes 9:11
transcribed 8:25
transcript 22:24 53:3
tremendous 22:20
tresser 10:15
trever 7:8,10 43:10 44:18 52:9
trial 37:15
trigger 30:18
troop 15:7
true 53:4
trustee 12:2 22:2 36:18
try 20:19 23:19,23
turn 20:11 21:1 25:4 28:22
turned 20:15,18 20:25
turning 26:7 29:21 31:15
twice 23:1
two 22:22 29:2 31:23 32:23,25 33:12 34:21 35:13 39:3
tx 13:4,14
tyler 5:11 51:21
type 25:20
types 33:18 41:20 48:11

**u**

u 51:3 52:3
u.s. 1:24 12:1,10 22:2 36:18 45:7

[u.s. - zoon]                                                                      Page 14

45:14
**u.s.c.**  2:9
**ucc**  25:10 29:12
  30:10 31:16 32:6
**ultimately**  43:25
**unchanged**  31:14
**uncontested**  2:7
  37:1 38:10
**understand**  42:25
  43:10
**undisclosed**  47:17
**unidentified**
  24:23
**united**  1:2,14 12:2
**unopposed**  27:17
  38:3 40:12 41:15
**unsecured**  8:2
  11:2,11 22:6
  33:12
**untimely**  39:1
**updates**  27:10
**use**  43:24
**uzzi**  18:9

**v**

**v**  45:14
**vague**  48:11
**value**  34:7
**varick**  12:3
**various**  47:12
**veritext**  53:11
**versions**  25:18
**vetted**  34:2
**viable**  47:19
**vice**  10:12 31:22
  31:24
**victims**  15:11 39:7
**videoconference**
  1:18 2:8,15,20 3:1
  3:6,11,17 4:1,7,13
  4:19,22 5:1,4,7,10
  5:13,16,20,22 6:1
  6:4,8,11,15,18,21
  7:1,4,7,10,14,17

7:21 8:1
**vitaly**  19:1,2,7
**voices**  20:25
**vonnegut**  9:13

**w**

**wait**  24:21
**walk**  22:15
**want**  23:13,17,17
  30:14
**wanted**  37:23
**ward**  5:11 38:23
  51:21
**wardwell**  9:2
  21:13 38:6
**washington**  14:3
  16:20 38:20 42:5
  42:25 43:9
**watson**  26:10
  28:15 52:18
**way**  21:4 34:8
**we've**  31:16,17
  32:3,5 38:13 39:5
**week**  39:19
**weighing**  45:24
  49:17
**weight**  45:25
**weiss**  18:12
**wells**  18:17
**went**  33:11 35:6
**west**  15:3
**white**  1:16 15:10
**wide**  46:18 47:11
  47:11 48:15
**william**  6:16
**willis**  26:10 28:15
  52:17
**wilmington**  13:21
**winthrop**  15:1
**wish**  27:3 28:4
  44:9
**wolff**  14:2
**wonder**  22:22

**works**  24:15
**worthwhile**  41:7

**x**

**x**  1:5,13 51:1 52:1
  52:11

**y**

**yards**  18:4
**yeah**  23:11
**year**  30:6 32:5
  41:2 48:4 49:6
**year's**  25:7 28:21
  28:24 29:7,10,11
  29:16,23 32:8,9
**yep**  20:21
**yesterday**  20:25
  37:15,22
**york**  1:3,16 9:5
  10:4 11:14 12:5
  12:13 14:5,13
  15:4,14 17:5,14
  17:21 18:5,15
  19:14

**z**

**zoom**  1:18 2:8,15
  2:20 3:1,6,11,17
  4:1,7,13,19,22 5:1
  5:4,7,10,13,16,20
  5:22 6:1,4,8,11,15
  6:18,21 7:1,4,7,10
  7:14,17,21 8:1
  9:20 10:9,21 11:8
  11:23 12:8,15,22
  13:8,25 14:7,18
  15:8,18 16:7,14
  16:25 17:9,16,25
  18:10,17 19:8,17
**zoon**  38:12