AKIN GUMP STRAUSS HAUER & FELD LLP
Arik Preis
Mitchell Hurley
Sara L. Brauner
Edan Lisovicz
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
apreis@akingump.com
mhurley@akingump.com
sbrauner@akingump.com
elisovicz@akingump.com

*Counsel to the Official Committee of Unsecured Creditors of Purdue Pharma L.P.,* et al.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| PURDUE PHARMA L.P., *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' STATEMENT IN RESPECT OF MOTION OF DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING IMPLEMENTATION OF 2022 KEY EMPLOYEE INCENTIVE PLAN**

The Official Committee of Unsecured Creditors (the "Official Committee"), appointed in the chapter 11 cases (the "Chapter 11 Cases") of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), by and through its undersigned counsel, hereby submits

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014).

this statement (the "Statement") in respect of the *Motion of Debtors for Entry of an Order Authorizing Implementation of 2022 Key Employee Incentive Plan*, dated April 27, 2022 [ECF No. 4707] (the "Motion")[2] and respectfully states as follows:

## STATEMENT

1.  By the Motion, the Debtors sought authorization to implement their proposed 2022 key employee incentive plan (the "2022 KEIP") and 2022 key employee retention plan. On May 11, 2022, the Ad Hoc Group of Non-Consenting States (the "Non-Consenting States") filed the *Non-Consenting States' Limited Objection to Motion of Debtors for Entry of an Order Authorizing Implementation of 2022 Key Employee Incentive Plan and 2022 Key Employee Retention Plan* [ECF No. 4766] (the "Limited Objection"), which concerns only the participation of the Debtors' president and chief executive officer, Dr. Craig Landau ("Landau"), in the 2022 KEIP.[3] Specifically, the Non-Consenting States object to the proposed inclusion of Landau in the 2022 KEIP and assert that Landau should not receive any bonus compensation or continue to serve in his role with the Debtors due to his alleged participation in prepetition misconduct at Purdue, as well as his "intimate[] tie[s] to the Sacklers." Limited Objection ¶ 15.

2.  As the Court is aware, these allegations and arguments are not new. Indeed, the Non-Consenting States have repeatedly objected to Landau's participation in the Debtors' prior compensation programs[4] and the Court has repeatedly considered and overruled their objections

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

[3] Following the filing of the Limited Objection, the hearing on the Motion solely with respect to Landau's participation in the 2022 KEIP was adjourned to June 15, 2022 at 10:00 a.m. (ET). The remainder of the Motion was approved on modified terms at the hearing on May 18, 2022.

[4] *See, e.g.*, *Statement of the Ad Hoc Group of Non-Consenting States Maintaining Its Objection to Purdue's Wage Motion [ECF No. 6] Insofar as It Relates to Purdue CEO Craig Landau,* dated December 2, 2019 [ECF No. 557]; *The Ad Hoc Group of Non-Consenting States' Continuing Objection to Purdue's Wage Motion as It Relates to Purdue CEO Craig Landau and Response to the Debtors' Second Supplemental Reply,* dated January 22, 2020 [ECF No. 768]; *The Non-Consenting States' Limited Objection to Motion of Debtors for Entry of an Order Authorizing Implementation of 2021 Key Employee Incentive Plan,* dated August 20, 2021 [ECF No. 3625].

in approving those programs. Essentially, the Limited Objection reiterates allegations, concerns and arguments that the Non-Consenting States have raised again and again since the early stages of the Chapter 11 Cases.

3. To be clear, the Official Committee is not pleased that Landau continues to serve as the Debtors' CEO. Nor does the Official Committee—or, as far as the Official Committee is aware, any other opioid claimant in the Chapter 11 Cases—affirmatively support the Debtors' decision to make bonus payments to Landau. However, the proposed order approving the 2022 KEIP contains the same provision included in the Court's orders approving the Debtors' prior compensation programs that reserves all parties' right to seek disgorgement of any payments made to 2022 KEIP participants who are later "determined by a final order of this Court or any other court of competent jurisdiction to have (x) knowingly participated in any criminal misconduct in connection with his or her employment with the Debtors or (y) been aware, other than from public sources, of acts or omissions of others that such participant knew at the time were fraudulent or criminal with respect to the Company's commercial practices in connection with the sale of opioids and failed to report such fraudulent or criminal acts or omissions internally at the Company or to law enforcement authorities at any time during his or her employment with the Company." Motion, Ex. A ¶ 12. While not a perfect solution, this provision balances the Debtors' desire to compensate their employees with concerns regarding such employees' potential responsibility for the Debtors' role in the opioid crisis. To our knowledge, no party (including the Official Committee) has established that Landau engaged in conduct that merits disgorgement. Rather than continue to raise the same previously rejected arguments, the Non-Consenting States should move on.

4. Finally—but most importantly—while the Official Committee takes no position on the Motion, the Official Committee believes that a better use of the bonus compensation the Debtors seek to pay Landau would be for Purdue or Landau to donate all or a portion of such funds to on-the-ground, not-for-profit organizations engaged in the fight against the opioid crisis. The Official Committee hopes that other parties in interest will join in this request and that Landau will consider it. To be clear—it will be nothing more than a minor victory if Landau merely agrees to a smaller bonus. It is not too late to do the right thing and begin to rectify the mistakes that were made two years ago when the other parties in these cases could not put aside their political agendas and agree on the terms of a $200 million emergency relief fund.

[*The remainder of this page has been left blank intentionally.*]

| | |
|---|---|
| Dated:  New York, New York<br>June 10, 2022 | AKIN GUMP STRAUSS HAUER & FELD LLP<br><br>By:  /s/ *Arik Preis*<br>Arik Preis<br>Mitchell Hurley<br>Sara L. Brauner<br>Edan Lisovicz<br>One Bryant Park<br>New York, New York 10036<br>Tel: (212) 872-1000<br>Fax: (212) 872-1002<br>apreis@akingump.com<br>mhurley@akingump.com<br>sbrauner@akingump.com<br>elisovicz@akingump.com<br><br>*Counsel to the Official Committee of Unsecured Creditors of Purdue Pharma L.P.*, et al. |