UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: <br><br> **PURDUE PHARMA L.P.**, *et al.*, <br><br> Debtors.[1] | Chapter 11 <br><br> Case No. 19-23649 (RDD) <br><br> (Jointly Administered) |

**STIPULATION AND AGREED ORDER RESOLVING THE
THE NAS CHILDREN AD HOC COMMITTEE'S MOTION TO COMPEL**

Purdue Pharma L.P. and certain of its affiliates that are debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), the NAS Children Ad Hoc Committee (the "**NAS Committee**[2]"), by and through their undersigned counsel, hereby stipulate and agree as set forth below in this stipulation and agreed order (the "**Stipulation**").

**Recitals**

A.  The NAS Committee has sought discovery from the Debtors in these cases (the "**Scientific Information**") and, in turn, the Debtors have produced an extraordinary amount of information and data to the NAS Committee.

B.  At the NAS Committee's request, the Debtors provided to the NAS Committee an index of certain documents potentially relating to buprenorphine, hydromorphone,

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717), and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] The NAS Committee has also been referred to as the NAS Group or NASG.

hydromorphone related substance, hydromorphone-naloxone (HMX), oxycodone (OXN-OXY-OXI), oxycodone and naloxone (US)(ONU), oxycodone with naloxone (OXN-OX), oxycodone with naltrexone (OCX), which documents exist in a drive containing documents concerning the Debtors' Pharmacokinetics and Drug Metabolism, or "non-clinical", studies (the "**PKDM Drive**," and the index, the "**PKDM Drive Index**").  The NAS Committee has since requested that the Debtors produce all of the documents listed in the PKDM Drive Index along with all associated metadata (the "**PKDM Documents**").

C.    On May 25, 2022, the NAS Committee filed a Notice of The NAS Children Ad Hoc Committee's Motion To Compel Debtors To Produce Documents (the "**Motion to Compel**"), which contains numerous statements and assertions regarding the Debtors' discovery practices and engagement with the NAS Committee with which the Debtors strongly disagree and believe are inaccurate.

D.    Following the filing of the Motion to Compel, the Debtors and the NAS Committee continued to meet and confer regarding a resolution to the Motion to Compel.  As a result of these meet and confers, the Debtors and the NAS Committee have reached an agreement that resolves the Motion to Compel.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED AS FOLLOWS:**

1.    Subject to agreed redactions for personally identifiable information ("**PII**"), the Debtors shall produce the PKDM Documents and information of any kind listed in the PKDM Drive Index to the NAS Committee by no later than July 31, 2022 (the "**Debtors' PKDM Production**").  The NAS Committee shall provide access to the Debtors' PKDM Production to the Master Distribution Trust (the "**MDT**") and Disclosure Oversight Board (the "**DOB**")

contemplated in the Debtors' Plan[3] on the Effective Date subject to Section 5.12(f) and 5.12(f)(iv) of the Plan.  Within three (3) business days of the entry of the Order accepting this Stipulation, the NAS Committee will withdraw the Motion to Compel.

2. The Debtors shall produce, subject to the protective order for these chapter 11 cases,[4] the information comprising the Debtors' PKDM Production in a manner that identifies the file path for each document, which will help the NAS Committee identify how the documents are maintained in the regular course of business in their current format and within the current folder/sub-folder structure of the PKDM Drive.

3. The Debtors and NAS Committee shall cooperate to effectuate appropriate ESI techniques to ensure that the produced PKDM Documents are each properly marked as to each reflect each document's confidential status and bates stamp number while identifying through the file path information the current folder/sub-folder structure of the PKDM Drive.

4. The confidentiality designations of the PKDM Documents will be maintained. However, any party that has access to the documents produced in these chapter 11 proceedings, including but not limited to the NAS Committee, and any person who chooses to be subject to the Protective Order, may use any portion of Debtors' PKDM Production in any opioid-related litigation in which they are a party, but only in accordance with the respective protective order(s) and other orders in place in those proceedings.

5. For avoidance of doubt, documents produced to the NAS Committee subject to this Stipulation shall be considered Access Materials consistent with Section 5.12(f)(v) of the Plan.

---

[3] All references to the "Plan" refer to the Debtors' *Twelfth Amended Joint Chapter 11 Plan of Reorganization* [Dkt. No. 3726] currently on appeal to the Second Circuit.

[4] *Third Amended Protective Order* (Nov. 12, 2020), Dkt. No. 1935.

6. The Debtors' agreement to (i) produce the Debtors' PKDM Production to the NAS Committee and (ii) allow all or portions of the Debtors' PKDM Production to be used in opioid-related litigation subject to the respective protective order and any other orders in place in the respective litigation as set forth above, fully resolves the NAS Committee's demands for production of documents. For the avoidance of doubt, this Stipulation is a complete and final resolution of all—current or future—discovery requested by the NAS Committee in these chapter 11 cases, and the NAS Committee hereby agrees that it will not request that the Debtors produce any additional documents in these chapter 11 cases.

7. The Debtors' agreement to (i) produce the Debtors' PKDM Production to the NAS Committee and (ii) allow all or portions of the Debtors' PKDM Production to be used in opioid-related litigation subject to the respective protective order and any other orders in place in the respective litigation applies only to the PKDM Documents, and nothing in this Stipulation shall in any way be construed as applying to any other document.

8. Nothing herein reflects any agreement or admission by the Debtors with respect to the statements, assertions, or arguments in the Motion to Compel.

9. This Court retains exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Stipulation.

**STIPULATED AND AGREED:**

Dated: June 10, 2022
New York, New York

| | |
|---|---|
| */s/ James I. McClammy* | */s/ Scott S. Markowitz* |
| DAVIS POLK & WARDWELL | TARTER KRINSKY & DROGIN LLP |
| Marshall S. Huebner<br>Benjamin S. Kaminetzky<br>James I. McClammy<br>Eli J. Vonnegut<br>450 Lexington Avenue<br>New York, New York 10017<br>Telephone: (212) 450-4000 | Scott S. Markowitz<br>Rocco A. Cavaliere<br>Michael Z. Brownstein<br>4350 Broadway, 11th Floor<br>New York, New York 10018<br>Telephone: (212) 216-8000 |
| *Counsel to the Debtors and Debtors in Possession* | *Counsel to the NAS Children Ad Hoc Committee* |

**SO ORDERED:**

Dated: June 13, 2022
White Plains, New York

*/s/ Robert D. Drain*

THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE