**SEWARD & KISSEL LLP**
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 574-1200
Facsimile: (212) 480-8421
Bruce G. Paulsen
Robert J. Gayda
Catherine V. LoTempio
Paul B. Koepp

*Counsel to Ascent Pharmaceuticals, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.**, *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

**MOTION FOR ENTRY OF ORDER PURSUANT TO 11 U.S.C. §§ 105(A), 107(B), AND FED. R. BANKR. P. 9018 AUTHORIZING THE FILING OF CERTAIN INFORMATION UNDER SEAL IN CONNECTION WITH THE MOTION OF ASCENT PHARMACEUTICALS, INC. FOR LEAVE TO FILE LATE PROOFS OF CLAIM**

Ascent Pharmaceuticals, Inc. ("Ascent") hereby files this motion (the "Motion to Seal"), pursuant to sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and

---

[1] The debtors in these cases (the "Debtors"), along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

SK 37894 0001 9553698 v3

Rule 9018-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), seeking entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), for the purpose of redacting and filing under seal certain portions of the *Motion of Ascent Pharmaceuticals, Inc. for Leave to File Late Proofs of Claim* (the "Claim Motion"), filed contemporaneously herewith, and as attached hereto as **Exhibit B** (the "Redacted Document"), pending further order of the Court. In support of this Motion to Seal, Ascent represents as follows:

## RELIEF REQUESTED

1. By this Motion to Seal, Ascent requests entry of an order substantially in the form of the Proposed Order, pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Bankruptcy Rule 9018-1, authorizing Ascent to file under seal certain potentially confidential information in the Claim Motion, as reflected in the Redacted Document, related to certain settlement and business agreements between the parties (collectively, the "Agreements") and directing that, pending further order of the Court, such information (the "Redacted Information") remain under seal, remain confidential, and not be made available to any third party absent express authorization under an order from this Court. In accordance with the Local Bankruptcy Rules and Chambers Rules, Ascent will mail an unredacted copy of the Claim Motion to the Court and Clerk of Court.

## JURISDICTION AND VENUE

2. The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2

4. The basis for the relief requested herein is sections 105(a) and 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018.

## BACKGROUND

5. On September 15, 2019 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code before this court (the "Chapter 11 Cases").

6. On September 2, 2021, the Debtors filed the *Twelfth Amended Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and Its Affiliated Debtors* [Dkt. No. 3726] (the "Plan"), which was confirmed by the Court on September 17, 2021 [Dkt. Nos. 3787, 3786] (the "Confirmation Order").

7. The Confirmation Order was reversed and remanded by the District Court for the Southern District of New York on December 16, 2021 (the "District Court Decision").

8. On January 18, 2022, the Debtors appealed the District Court Decision, which appeal is currently pending before the United States Court of Appeals for the Second Circuit under Case No. 22-110-bk (the "Second Circuit Appeal"). Oral arguments in the Second Circuit Appeal were held on April 29, 2022.

9. On March 3, 2022, while the Second Circuit Appeal was pending, the Debtors filed the *Motion of Debtors Pursuant to 11 U.S.C. § 105(a) and 363(b) for Entry of an Order Authorizing and Approving Settlement Term Sheet* [Dkt. No. 4410], which was approved by the court on March 10, 2022 [Dkt. No. 4503] (the "Settlement"). The Settlement is effective only upon the entry of one or more orders by the Second Circuit or the District Court for the Southern District of New York permitting the consummation of the Plan as enhanced by the terms of the Settlement, which has not occurred as of this filing.

10. As more fully described in the Claim Motion, Ascent and certain of the Debtors (the "Purdue Entities") are parties the Agreements. The Claim Motion filed contemporaneously herewith stems from the Purdue Entities' purported unilateral termination and breach of the Agreements.

11. One of the Agreements provides, in sum and substance, that, subject to certain exceptions, the parties will not publicly disclose the existence or the terms of the Agreements. Ascent takes no position at this time whether those exceptions apply to permit any disclosure of the Agreements. Ascent conferred with counsel to the Debtors prior to the filing of the Claim Motion. Debtors' counsel took the position that the confidentiality provisions are applicable and requested that the Agreements and any documents that reference any of the terms of the Agreements be filed under seal. Accordingly, Ascent is filing this Motion to Seal out of an abundance of caution and to afford the Debtors an opportunity to present their position to the Court as to whether all references to the Agreements should remain under seal throughout the pendency of this action.

## BASIS FOR RELIEF REQUESTED

12. Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the power to issue orders that will protect entities from the potential harm resulting from the disclosure of confidential or sensitive information. Specifically, section 107(b) provides that upon the "request of a party in interest," the Court shall "protect an entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b)(1); *see* Fed. R. Bankr. P. 9018 (permitting the bankruptcy court, on motion or *sua sponte*, to "make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information"). In addition, section 105(a) of the

Bankruptcy Code permits the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code.

13. Whether information falls within the scope of section 107(b) is ultimately the Court's decision. *See In re Barney's, Inc.*, 201 B.R. 703, 707 (Bankr. S.D.N.Y. 1996).

14. Here, sufficient cause exists for the Court to grant the relief requested, pending further order of the Court. The Redacted Information, including references to the existence of and express terms of the Agreements in the Claim Motion, includes information that the Debtors assert is governed by confidentiality provisions of the Agreements. Given the Debtors' position, disclosure of the Redacted Information absent a court order could expose Ascent to commercial injury if the Debtors were to maintain their position and later assert that such disclosure breached the confidentiality provisions of the Agreements.

15. As reflected in the Redacted Document, Ascent's proposed redactions to the Claim Motion are made in good faith and are as limited as possible so as to maximize publicly available information on the bankruptcy docket while also assuring that Ascent is not accused of running afoul of any confidentiality provisions of the Agreements and, thus, subject to potential contractual liability (or at least defense costs) at the hands of the Debtors. Ascent proposed to redact the Redacted Information after conferring with the Debtors, who insisted that Ascent file the Claim Motion under seal.

16. Ascent therefore respectfully requests that the Court authorize it to redact, pending further order of the Court, the Redacted Information and any similar information contained within replies filed with respect to the Claim Motion.

SK 37894 0001 9553698 v3

## RESERVATION OF RIGHTS

17. Ascent reserves all rights to challenge the applicability of the Agreements' confidentiality provisions, to request that any future pleading or adversary complaint it files may be filed publicly in un-redacted form, and/or to otherwise challenge any confidentiality assertions made with respect to any papers filed by Ascent.

## NOTICE

18. Bankruptcy Rule 9018 authorizes the Court, "with or without notice," to "make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Accordingly, Ascent respectfully submits that no further notice is required.

19. No prior request for the relief sought herein has been made by Ascent to this or any other court.

## CONCLUSION

**WHEREFORE**, Ascent respectfully requests that the Court enter an order substantially in the form of the Proposed Order granting the relief requested herein and such other and further relief as it deems just and proper.

Dated: June 16, 2022
New York, New York

**SEWARD & KISSEL LLP**

By: *Bruce G. Paulsen*
Bruce G. Paulsen
Robert J. Gayda
Catherine V. LoTempio
Paul B. Koepp
One Battery Park Plaza
New York, NY 10004
Telephone: (212) 574-1200
Email: paulsen@sewkis.com

6

gayda@sewkis.com
lotempio@sewkis.com
koepp@sewkis.com

*Counsel to Ascent Pharmaceuticals, Inc.*

## CERTIFICATE OF SERVICE

      I, Robert J. Gayda, hereby certify that on June 16, 2022 a copy of the foregoing Motion was served by the Electronic Case Filing System in the United States Bankruptcy Court for the Southern District of New York and served via electronic mail on the following parties:

**DAVIS POLK & WARDWELL LLP**
450 Lexington Avenue
New York, NY 10017
Telephone: (212) 450-4000
Marshall S. Huebner, Esq.
Timothy Graulich, Esq.
Eli J. Vonnegut, Esq.
Email: Purdue.noticing@dpw.com

**OFFICE OF THE UNITED STATES TRUSTEE**
201 Varick Street, Room 1006
New York, NY 10014
Telephone: (212) 510-0500
Paul Schwartzberg, Esq.
Email: paul.schwartzberg@usdoj.gov

                                                /s/ *Robert J. Gayda*
                                                Robert J. Gayda