## Exhibit B

**[Redacted] Motion Seeking Leave to File Late Proofs of Claim**

**SEWARD & KISSEL LLP**
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 574-1200
Facsimile: (212) 480-8421
Bruce G. Paulsen
Robert J. Gayda
Catherine V. LoTempio
Paul B. Koepp

*Counsel to Ascent Pharmaceuticals, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | **Chapter 11** |
| **PURDUE PHARMA L.P.**, *et al.*, | **Case No. 19-23649 (RDD)** |
| **Debtors.**[1] | **(Jointly Administered)** |

## MOTION OF ASCENT PHARMACEUTICALS, INC. FOR LEAVE
## TO FILE LATE PROOFS OF CLAIM

Ascent Pharmaceuticals, Inc. ("Ascent") hereby files this motion (the "Motion") seeking

entry of an order substantially in the form of the order attached hereto as **Exhibit A** (the "Proposed

Order") granting leave, pursuant to Rules 3003(c)(3) and 9006(b)(1) of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules") and section 105(a) of title 11 of the United States

Code (the "Bankruptcy Code"), to file late proofs of claim against Purdue Pharma L.P. ("Purdue")

---

[1] The debtors in these cases (the "Debtors"), along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

and certain corporate affiliates (collectively, the "Purdue Entities"). In support of this Motion,

Ascent refers to and incorporates herein the *Declaration of Sudhakar Vidiyala in Support of*

*Motion of Ascent Pharmaceuticals, Inc. for Leave to File Late Proofs of Claim* attached hereto as

**Exhibit C** (the "Vidiyala Declaration") and respectfully represents as follows:

## PRELIMINARY STATEMENT

1.      Through this Motion, Ascent, out of an abundance of caution, requests leave to file

the proofs of claim attached hereto as **Exhibit B** (the "Proofs of Claim") and have them deemed

timely filed. The need to file the Proofs of Claim arose only recently based on Purdue's purported

termination of certain contracts. While Ascent has requested that the Debtors stipulate that the

Proofs of Claim be considered timely filed, the Debtors denied that request. Accordingly, Ascent

filed this Motion.

2.      Ascent seeks to file the Proofs of Claim to preserve the rights and claims it may

have under three related and integrated agreements dated March 27, 2019: ███████████

████████████████████████████████████████████████

███████████ collectively, the "Agreements"). The Agreements were to be assumed under

the Debtors' plan of reorganization and would have been go-forward obligations but for the unique

trajectory of these bankruptcy cases. Given the previously contemplated treatment of the

Agreements, it was not expected that Ascent would have to file a claim. Recently, however,

Purdue sought to unilaterally terminate the Agreements through two letters. After the Purdue

Entities communicated their position to Ascent, Ascent retained Seward & Kissel LLP to assist in

evaluating its rights and remedies under the Agreements as well as how to navigate the unique

procedural posture of these bankruptcy cases.

2

3.      Ascent, through counsel, engaged the Debtors in an effort to determine the most streamlined path to resolve the termination dispute.  Ascent considered seeking relief from the stay so that it could adjudicate the dispute in the District Court for the District of Delaware (███████ █████████████████████████████████████), but the Debtors would not consent to such relief.  Ultimately Ascent decided to seek relief in this Court through an adversary proceeding, which it plans to initiate through the imminent filing of a sealed adversary complaint against the Purdue Entities (the "Complaint"), and to file the instant Motion and Proofs of Claim out of an abundance of caution.

4.      To be clear, Ascent does not believe that the filing of a claim is necessary given the unique circumstances of these bankruptcy cases and reserves all of its rights, including the right to assert that Ascent's claims cannot be construed as arising prior to the Petition Date or otherwise being subject to the Bar Date Order (defined below).  Ascent, however, seeks to file the Proofs of Claim to ensure it is fully protected from the injury caused by the Debtors' conduct related to the Agreements.

5.      The ability to late file a proof of claim is adjudicated under the standard of "excusable neglect," which is clearly satisfied in this case.  The delay in filing the Proofs of Claim was not the fault of Ascent, but instead arose when Purdue purported to unilaterally terminate the █████████████████████████████, which was nearly two years after the Bar Date.  Since that time, Ascent has acted promptly and in good faith, having sought to deal with these procedural issues consensually with the Debtors.  Filing the Proofs of Claim would not prejudice the Debtors. The Debtors' plan contemplated the assumption of the rights and burdens of the Agreements.  This is the precise relief that the Complaint seeks, and thus any relief that might be granted comports with the expectations of the Debtors and creditors.  It is also possible (if not likely) that the filing

3

of the Proofs of Claim is not necessary.  If that is ultimately the case, permitting the filing of the claim has no impact on the Debtors.  Notably, the only party that might be prejudiced if Ascent is not allowed to file the Proofs of Claim would be Ascent.  In the event that the Court were to award monetary damages based on the Complaint, and the Debtors would argue that such award was barred based on the failure of Ascent to file the Proofs of Claim and pursuant to the terms of the plan, Ascent would be in dire circumstances, with no right to relief to which it is entitled.  This would permit the Debtors to use the bankruptcy process as both a sword and a shield—to proactively terminate the ███████████ post-petition, post-bar date, and post-confirmation, and to then argue that the Bar Date Order and the plan bar any claims that Ascent may have.

6.     For the reasons stated herein, Ascent respectfully submits that cause exists for the Court to grant Ascent leave to file the Proofs of Claim and deem them timely filed.

## JURISDICTION AND VENUE

7.     The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), and (O).

8.     Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

9.     The basis for the relief requested herein is Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 3003(c)(3) and 9006(b)(1).

## BACKGROUND

**I.     The Bankruptcy Cases**

10.     On September 15, 2019 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code before this court (the "Chapter 11 Cases").

4

11.     The Court established June 30, 2020, as the deadline for each person, entity, governmental unit, and Native American Tribe to file a proof of claim against the Debtors that arose on or prior to the Petition Date [Dkt. No. 800] (the "Bar Date Order").  By order dated June 3, 2020, the deadline was extended to July 30, 2020 [Dkt. No. 1221] (the "Bar Date").

12.     On September 2, 2021, the Debtors filed the *Twelfth Amended Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and Its Affiliated Debtors* [Dkt. No. 3726] (the "Plan"), which was confirmed by the Court on September 17, 2021 [Dkt. Nos. 3787, 3786] (the "Confirmation Order").

13.     The Confirmation Order was reversed and remanded by the District Court for the Southern District of New York on December 16, 2021 (the "District Court Decision").

14.     On January 18, 2022, the Debtors appealed the District Court Decision, which appeal is currently pending before the United States Court of Appeals for the Second Circuit under Case No. 22-110-bk (the "Second Circuit Appeal").  Oral arguments in the Second Circuit Appeal were held on April 29, 2022.

15.     On March 3, 2022, while the Second Circuit Appeal was pending, the Debtors filed the *Motion of Debtors Pursuant to 11 U.S.C. § 105(a) and 363(b) for Entry of an Order Authorizing and Approving Settlement Term Sheet* [Dkt. No. 4410], which was approved by the court on March 10, 2022 [Dkt. No. 4503] (the "Settlement").  The Settlement is effective only upon the entry of one or more orders by the Second Circuit or the District Court for the Southern District of New York permitting the consummation of the Plan as enhanced by the terms of the Settlement, which has not occurred as of this filing.

16.     Pursuant to Section 8.1 of the Plan, as of and subject to the occurrence of the Plan's effective date (the "Effective Date"), executory contracts to which any Debtor was a party were

deemed assumed by the applicable Debtor and assigned to a newly formed Delaware limited liability company ("NewCo"), subject to certain exceptions not applicable to the Agreements.

## II.    Ascent's Claim

17.    The Purdue Entities and Ascent were parties to two actions (the "Patent Litigation"), filed in 2018 in the United States District Court for the District of Delaware, concerning the validity and enforceability of certain patents held by the Purdue Entities, and whether Ascent infringed on the Purdue Entities' patents by seeking approval from the United States Food and Drug Administration (the "FDA") for its own oxycodone products (the "Ascent Products"). *See* Vidiyala Declaration ¶ 1.

18.    On March 27, 2019, to resolve the Patent Litigation, Ascent and the Purdue Entities entered into three related and integrated agreements: ███████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████. *See id.* ¶ 2.

19.    ████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████. *See id.* ¶ 3.

20.    ████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

SK 37894 0001 9550471 v2

███████████████████████████████████████████████████████████

██████. *See id.* ¶ 4.

21.     On January 14, 2022, Purdue asserted that Ascent failed to provide written notice of its ███████████████████████████████████████ prior to October 1, 2021. Thus, according to Purdue, by its terms, the ██████████████████ terminated on December 31, 2021.  Ascent responded by letter on January 17, 2022 disputing Purdue's position. *See id.* ¶ 5.

22.     On February 3, 2022, the Purdue Entities reiterated that Ascent breached the ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ ██████████████. Purdue then cited the purported ████████████████ breach as grounds to terminate the ████████████████████████████████. *See id.* ¶ 6.

23.     On February 28, 2022, Ascent provided the Purdue Entities with the ████████ ████████████████████████ following the February 3, 2022 letter. *See id.* ¶ 7.

24.     On April 6, 2022, Purdue allegedly terminated the ██████████████████ ████████ by letter based on Ascent's alleged failure to cure the ██████████████ ██████. Purdue also purportedly terminated the ████████████████ based on Ascent's alleged breach of the ████████████████████ and the alleged failure to cure such breach.  Purdue maintains that the ████████████████ remains in full force and effect. *See id.* ¶ 8.

SK 37894 0001 9550471 v2

25.     As more fully explained in the Complaint, Ascent planned to ████████████ ████████████████████████████████████ but cannot do so without the rights conveyed to it under the Agreements. *See id.* ¶¶ 9-10.

26.     Based on the foregoing, Ascent plans to imminently file the Complaint in this Court, which asserts the following claims, all as more fully set forth therein: (1) declaratory judgment that the ████████████████ remains in full force and effect, (2) declaratory judgment that the ████████████ remains in full force and effect; (3) breach of contract for wrongful termination of the ████████████████; and (4) breach of contract for wrongful termination of the ████████████ (the "Claims"). Based on the Claims, Ascent seeks relief and redress, including but not limited to: (A) (i) a declaration that the ████████████████ is in full force and effect; (ii) a declaration that the ██ ████████ is in full force and effect; (iii) specific performance of the ████████ ████████, or in the alternative, monetary damages in an amount to be proven at trial for Purdue's breach of the ████████████; and (iv) specific performance of the ████████, or in the alternative, monetary damages in an amount to be proven at trial for Purdue's breach of the ████████████; plus (B) attorneys' costs and fees (the "Requested Relief").

## RELIEF REQUESTED

27.     Given that the Claim arises out of the Debtors' conduct that occurred after the Bar Date, Ascent hereby seeks leave to file its claim pursuant to Rule 9006(b)(1) of the Bankruptcy Rules.

## BASIS FOR RELIEF REQUESTED

28.     Bankruptcy Rule 9006(b)(1) provides as follows:

8

> [W]hen an act is required or allowed to be done at or within a
> specified period by these rules or by a notice given thereunder or by
> order of court, the court for cause shown may at any time in its
> discretion . . . on motion made after the expiration of the specified
> period permit the act to be done where the failure to act was the
> result of excusable neglect.

29.    The Supreme Court has made it clear that "excusable neglect" in this context
includes not only carelessness by a party, but also intervening circumstances beyond a party's
control, as well as a "faultless omission to act." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.
P'ship*, 507 U.S. 380, 388 (1993).  This standard is flexible: "the determination is at bottom an
equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.*
at 395.  The analysis turns on four factors (the "*Pioneer* Factors"): "[1] the danger of prejudice to
the debtor, [2] the length of the delay and its potential impact on judicial proceedings, [3] the
reason for the delay, including whether it was within the reasonable control of the movant, and [4]
whether the movant acted in good faith." *Id.* (citation and footnote omitted).  Here, the balance of
the *Pioneer* Factors weighs decidedly in favor of granting Ascent leave to file the Proofs of Claim.

## I.    The Delay in Filing the Proofs of Claim Was Outside of Ascent's Control

30.    The Second Circuit has held that the third of the *Pioneer* Factors—the reason for a
delay and whether it was in the reasonable control of the movant—is to be given the most weight
in determining whether excusable neglect exists. *See Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d
355, 366 n.7 (2d Cir. 2003), *cert. denied sub nom. Essef Corp. v. Silivanch*, 540 U.S. 1105 (2004);
*see also Williams v. KFC Nat'l Mgmt. Co.*, 391 F.3d 411, 415-16 (2d Cir. 2004) (holding that the
third factor "predominates[] and the other three are significant only in close cases").

31.    This important factor clearly weighs in favor of Ascent, as this was truly a "faultless
omission."  The Debtors' post-Bar Date conduct is what gave rise to Ascent's prospective claim,
and is the sole reason for the necessity of filing.  Prior to April 6, 2022, the Agreements were to

be assumed under the Plan.  Purdue, however, unilaterally terminated the Agreements—more than

a year and a half after expiration of the Bar Date and more than six months after entry of the

Confirmation Order.  Prior to this purported termination, Ascent's "claim" did not exist: Ascent

had no basis to believe that the Debtors would allegedly terminate or breach the contracts and give

rise to the injury that forms the basis of its claim.  It was therefore impossible for Ascent to file a

timely proof of claim by the Bar Date or to seek prior leave to file a late proof of claim.  Ascent

does not bear responsibility for the need to file the Proofs of Claim after the Bar Date or seeking

leave to do so now.  *See, e.g.*, *DPWN Holdings (USA), Inc. v. United Air Lines, Inc.*, 246 F. Supp.

3d 680, 692 (E.D.N.Y. 2017) ("I cannot think of any scenario more suited to characterization as a

'faultless omission to act,' where equity would dictate leave to file a late proof of claim, than one

involving a creditor who lacked sufficient facts to constitute inquiry notice to file a timely proof

of claim and only acquired such notice after the pre-petition bar date."); *In re Pettibone Corp.*, 162

B.R. 791, 814 (Bankr. N.D. Ill. 1994) ("[I]ntervening circumstances beyond [the claimant's]

control" permitted a late proof of claim where claimant "had no claim capable of timely assertion

when the bar date passed."); *Eagle Bus Mfg. v. Rogers*, 62 F.3d 730, 740 (5th Cir. 1995) (finding

excusable neglect where "ambiguity existed regarding the need to file" that was partially attributed

to the debtors); *In re H.K. Porter Co.*, 156 B.R. 16, 18 (Bankr. W.D. Pa. 1993) ("it is likely that a

claimant who files a late proof of claim because his asbestos disease manifested postpetition would

be entitled to distribution on the claim since the late filing is clearly excusable"); *In re N.Y. Trap

Rock Corp.*, 153 B.R. 642, 647 (Bankr. S.D.N.Y. 1993) ("A strict and inelastic application of the

doctrine of excusable neglect in this case would penalize the Board of Supervisors for failing to

file a timely CERCLA claim when the existence of the CERCLA claim did not become known

until after the bar date had passed.").

## II.      The Debtors Will Not be Prejudiced by Allowing Ascent to File the Proofs of Claim

32.      "The prejudice factor calls for consideration of the overall negative effect, if any, on a debtor and its estate resulting from allowing a late claim." *In re Lehman Bros. Holdings Inc.*, 433 B.R. 113, 120 (Bankr. S.D.NY. 2010).   While *Pioneer* "gives us little guidance as to what prejudice actually is, . . . the Court must have had more in mind than a simple dollar-for-dollar depletion of assets otherwise available for timely filed claims." *Midland Cogeneration Venture Ltd. P'ship v. Enron Corp. (In re Enron Corp.)*, 419 F.3d 115, 130 (2d Cir. 2005) (internal quotation marks and citation omitted).

33.      The Debtors face little, if any, harm if the relief sought herein is granted.  First, the narrow controversy that Ascent seeks to resolve through the filing of the Proofs of Claim concerns Purdue's post-Bar Date and post-confirmation conduct related to the Agreements, which were to be assumed under the terms of the Plan.  Thus, the Debtors were already planning to assume the burdens of the Agreements.  The underlying issues relate to ordinary course operating activity of the Debtors, which realistically have no noticeable impact on the Plan or these Chapter 11 Cases.

34.      Given the extraordinary circumstances giving rise to this Motion—where contracts to be assumed were breached by the Debtors post-Bar Date and post-confirmation, but prior to the Effective Date—allowing Ascent to file the Proofs of Claim is also unlikely to open the proverbial floodgates to other late filed claims.  Additionally, as discussed more fully above, if not for the Debtors' post-Bar Date, post-confirmation breach, Ascent would not have needed to file this Motion (which it submits is not necessary under the circumstances).  Thus, equity dictates that the Debtors cannot claim prejudice when their own conduct caused the late filing of the Proofs of Claim. *See In re Hadden*, 57. B.R. 187, 190 (Bankr. W.D. Wis. 1986) ("[B]ankruptcy was intended to protect the debtor from the continuing costs of pre-bankruptcy acts but not to insulate the debtor from the costs of post-bankruptcy acts."); *In re Roman Cath. Diocese of Syracuse*, No. 20-30663,

11

2022 Bankr. LEXIS 446, at *10 (Bankr. N.D.N.Y. Feb. 22, 2022) ("As the Supreme Court noted in reviewing excusable neglect under Rule 9006, a Chapter 11 restructuring intends to achieve the twin aims of both reorganization of the debtor while avoiding forfeitures by creditors.").

35.     Similarly, allowing Ascent to file the Proofs of Claim will not prejudice creditors in any way, including any creditor's rights or interests under the confirmed Plan.  The Agreements were among the agreements to be assumed under the Plan, and thus, like the Debtors, the expectations of creditors will not be disturbed in any way.

36.     Conversely, while the foregoing shows that neither the Debtors nor the estates will be prejudiced if Ascent is permitted to file the Proofs of Claim, Ascent would suffer significant prejudice if it is not.  Specifically, Ascent could be denied the ability to recover for the injuries it has suffered through the Purdue Entities' post-Bar Date and post-confirmation conduct if the Debtors were to argue that the Plan discharged or enjoined Ascent's claim if leave to file timely claims is not granted.  The otherwise absurd result that would allow the Debtors to breach would-be assumed contracts prior to the Effective Date while leaving creditors with no recourse should not be allowed.  *Cf. Century Indem. Co. v. NGC Settlement Tr. (In re Nat'l Gypsum Co.)*, 208 F.3d 498, 505 (5th Cir. 2000) ("[The Code] clearly contemplates that a party to an executory contract will receive notice of rejection when it receives a copy of the Disclosure Statement and Plan, giving it a window in which to file a proof of claim for damages." (internal quotation marks and citation omitted)).

III.    **The Length of the Delay in Filing the Proofs of Claim is Reasonable, and Ascent has Acted Promptly and in Good Faith**

37.     Although there is no bright-line test governing the length of delay in filing a proof of claim, "[i]n determining how long is too long, courts generally consider the degree to which, in the context of a particular proceeding, the delay may disrupt the judicial administration of the case.

Context is important here." *In re Motors Liquidation Co.*, 619 B.R. 63, 78 (Bankr. S.D.N.Y. 2020). Here, the Proofs of Claim and this Motion were promptly filed after the Debtors conveyed to Ascent their unequivocal intention to terminate the Agreements.

38.     Moreover, at all relevant times, Ascent has acted in good faith.  Since the Debtors expressed their decision to terminate the relevant Agreements in April, Ascent has engaged with them in good faith to determine the most cost-efficient path forward for all parties.  Ascent promptly conferred with the Debtors about their willingness to support a modification of the automatic stay to allow Ascent to commence litigation in Delaware District Court.  When the Debtors denied that request, Ascent pivoted to seeking redress through the Complaint.  Ascent also requested that the Debtors consent to the relief requested in this Motion so that Ascent would be protected while the adversary proceeding progressed.  The Debtors would not agree to deem the Proofs of Claim timely filed, thus necessitating this Motion.

## CONCLUSION

39.     Given that the reason for the filing delay was outside of Ascent's control, there is a lack of any interference with the interests of the Debtors' estates or its creditors, and Ascent faces substantial imminent injury, equity weighs decidedly in favor of granting Ascent leave to file the Proofs of Claim.

**WHEREFORE**, Ascent respectfully requests that the Court enter an order substantially in the form of the Proposed Order: (i) authorizing Ascent to file the Proofs of Claim; (ii) deeming the Proofs of Claim timely filed as of the Bar Date; and (iii) granting other relief as the Court deems just and proper.

Dated: June 16, 2022
    New York, New York

                                        **SEWARD & KISSEL LLP**

                                        By:  *Bruce G. Paulsen*
                                        _____

                                        13

Bruce G. Paulsen
Robert J. Gayda
Catherine V. LoTempio
Paul B. Koepp
One Battery Park Plaza
New York, NY 10004
Telephone: (212) 574-1200
Email:
      paulsen@sewkis.com
      gayda@sewkis.com
      lotempio@sewkis.com
      koepp@sewkis.com

*Counsel to Ascent Pharmaceuticals, Inc.*

SK 37894 0001 9550471 v2

## CERTIFICATE OF SERVICE

I, Robert J. Gayda, hereby certify that on June 16, 2022 a copy of the foregoing Motion was served by the Electronic Case Filing System in the United States Bankruptcy Court for the Southern District of New York and served via electronic mail on the following parties:

**DAVIS POLK & WARDWELL LLP**
450 Lexington Avenue
New York, NY 10017
Telephone: (212) 450-4000
Marshall S. Huebner, Esq.
Timothy Graulich, Esq.
Eli J. Vonnegut, Esq.
Email: Purdue.noticing@dpw.com

**AKIN GUMP STRAUSS HAUER & FELD LLP**
One Bryant Park
New York, NY   10036
Telephone: (212) 872-1000
Ira S. Dizengoff, Esq.
Arik Preis, Esq.
Mitchell P. Hurley, Esq.
Sara L. Brauner, Esq.
Edan Lisovicz, Esq.
Email:  idizengoff@akingump.com
apreis@akingump.com
mhurley@akingump.com
sbrauner@akingump.com
elisovicz@akingump.com

**COLE SCHOTZ P.C.**
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: (302) 651-2006
Justin R. Alberto, Esq.
Email: jalberto@coleschotz.com

**OFFICE OF THE UNITED STATES TRUSTEE**
201 Varick Street, Room 1006
New York, NY 10014
Telephone: (212) 510-0500
Paul Schwartzberg, Esq.
Email: paul.schwartzberg@usdoj.gov

/s/ *Robert J. Gayda*
Robert J. Gayda

.

**<u>Exhibit A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.,** *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

## ORDER GRANTING MOTION OF ASCENT PHARMACEUTICALS, INC. FOR LEAVE TO FILE LATE PROOFS OF CLAIM

Upon the motion (the "Motion") of Ascent Pharmaceuticals, Inc. ("Ascent") seeking entry of an order (this "Order") granting leave to have its proofs of claim (the "Claim") deemed timely filed notwithstanding that the Claim was not filed before the general bar date for claims to be filed in these chapter 11 cases (the "Bar Date"), as more fully described in the Motion; and having reviewed the *Declaration of Sudhakar Vidiyala in Support of Motion of Ascent Pharmaceuticals, Inc. for Leave to File Late Proofs of Claim* attached as Exhibit C to the Motion; and the Court having jurisdiction to consider the matters raised in the Motion pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and, after due and sufficient notice of the Motion; and, after due

---

[1]    The debtors in these cases (the "Debtors"), along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

deliberation and for the reasons set forth on the record at any hearing held on the Motion; and the

Court having determined pursuant to Federal Rule of Bankruptcy Procedure 9006(b)(1) that there

is good and sufficient cause for the relief granted herein; now, therefore,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted as set forth herein.  Any and all objections to the Motion are

hereby overruled.

2.      The claims, as described in the proofs of claim attached as <u>Exhibit B</u> to the Motion,

will be treated as timely filed as of the Bar Date, and the Debtors shall not object to such claims

based on timeliness grounds.

3.      Except as expressly set forth in this Order, nothing contained herein shall be an

admission or waiver of the substantive or procedural rights, remedies, claims, or defenses of any

of the parties in these chapter 11 cases, whether at law or equity.

4.      The Debtors and Ascent are authorized to take all actions necessary or appropriate

to effectuate the relief granted in this Order.

5.      This Court retains exclusive jurisdiction to hear and determine all matters arising

from or related to the implementation, interpretation, and enforcement of this Order

# Exhibit B

**Proofs of Claim**

**UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

| Fill in this information to identify the case (Select only one Debtor per claim form): | | |
|---|---|---|
| ☒ Purdue Pharma L.P. (Case No. 19-23649) | ☐ Seven Seas Hill Corp. (Case No. 19-23656) | ☐ Paul Land Inc. (Case No. 19-23664) |
| ☐ Purdue Pharma Inc. (Case No. 19-23648) | ☐ Ophir Green Corp. (Case No. 19-23657) | ☐ Quidnick Land L.P. (Case No. 19-23665) |
| ☐ Purdue Transdermal Technologies L.P.(Case No. 19-23650) | ☐ Purdue Pharma of Puerto Rico (Case No. 19-23658) | ☐ Rhodes Associates L.P. (Case No. 19-23666) |
| ☐ Purdue Pharma Manufacturing L.P. (Case No. 19-23651) | ☐ Avrio Health L.P. (Case No. 19-23659) | ☐ Rhodes Pharmaceuticals L.P. (Case No. 19-23667) |
| ☐ Purdue Pharmaceuticals L.P. (Case No. 19-23652) | ☐ Purdue Pharmaceutical Products L.P. (Case No. 19-23660) | ☐ Rhodes Technologies (Case No. 19-23668) |
| ☐ Imbrium Therapeutics L.P. (Case No. 19-23653) | ☐ Purdue Neuroscience Company (Case No. 19-23661) | ☐ UDF LP (Case No. 19-23669) |
| ☐ Adlon Therapeutics L.P. (Case No. 19-23654) | ☐ Nayatt Cove Lifescience Inc. (Case No. 19-23662) | ☐ SVC Pharma LP (Case No. 19-23670) |
| ☐ Greenfield BioVentures L.P. (Case No. 19-23655) | ☐ Button Land L.P. (Case No. 19-23663) | ☐ SVC Pharma Inc. (Case No. 19-23671) |

## Modified Form 410
# Non-Opioid Claimant Proof of Claim Form          04/19

**You may file your claim electronically at PurduePharmaClaims.com via the link entitled "Submit a Claim."**

**For questions regarding this Proof of Claim Form, please call Prime Clerk at (844) 217-0912 or visit PurduePharmaClaims.com.**

Read the instructions at the end of this document before filling out this form. This form is for making a claim for payment in a bankruptcy case.

**Do not** use this form to make a request for payment of an administrative expense, other than a claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9). Make such a request according to 11 U.S.C. § 503.

**Do not** use this form to assert a claim against the Debtors based on or involving opioids or their production, marketing and sale, including without limitation, the Debtors' production, marketing and sale of Purdue Opioids, or if you are seeking damages based on personal injury as a result of taking a Purdue Opioid. File such claims on either a General Opioid Claimant Proof of Claim Form, a Personal Injury Claimant Proof of Claim Form, or a Governmental Opioid Claimant Proof of Claim Form, as applicable.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents** as they will not be returned, and they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of September 15, 2019.**

| Part 1: | Identify the Claim |
|---|---|

| 1. **Who is the current creditor?** | Ascent Pharmaceuticals, Inc. |
|---|---|
| | Name of the current creditor (the person or entity to be paid for this claim) |
| | Other names the creditor used with the debtor |

| 2. **Has this claim been acquired from someone else?** | ☒ No<br>☐ Yes. From whom? |
|---|---|

| 3. **Where should notices and payments to the creditor be sent?**<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?** | **Where should payments to the creditor be sent?** (if different) |
|---|---|---|
| | Robert J. Gayda, Esq.<br>Name | Name |
| | Seward & Kissel LLP, One Battery Park Plaza<br>Number        Street | Number        Street |
| | New York           NY           10016<br>City                State           ZIP Code | City                State           ZIP Code |
| | Contact phone  (212) 574-1490 | Contact phone |
| | Contact email  gayda@sewkis.com | Contact email |

| 4. **Does this claim amend one already filed?** | ☒ No<br>☐ Yes. Claim number on court claims registry (if known)_____   Filed on _____<br><div align="right">MM / DD / YYYY</div> |
|---|---|
| 5. **Do you know if anyone else has filed a proof of claim for this claim?** | ☒ No<br>☐ Yes. Who made the earlier filing? _____ |

### Part 2:   Give Information About the Claim as of the Date the Case Was Filed (September 15, 2019)

| 6. **Do you have any number you use to identify the debtor?** | ☒ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____ |
|---|---|
| 7. **How much is the claim?** | $ See Addendum_____ . **Does this amount include interest or other charges?**<br>☐ No<br>☒ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| 8. **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br><br>Limit disclosing information that is entitled to privacy, such as health care information.<br><br>See Addendum_____ |
| 9. **Is all or part of the claim secured?** | ☒ No<br>☐ Yes. The claim is secured by a lien on property.<br><br>**Nature of property:**<br>☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.<br>☐ Motor vehicle<br>☐ Other. Describe: _____<br><br>**Basis for perfection:** _____<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:** $_____<br><br>**Amount of the claim that is secured:** $_____<br><br>**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:** $_____<br><br>**Annual Interest Rate** (when case was filed)_____%<br>☐ Fixed<br>☐ Variable |
| 10. **Is this claim based on a lease?** | ☒ No<br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____ |

| | | |
|---|---|---|
| **11. Is this claim subject to a right of setoff?** | ☒ No | |
| | ☐ Yes. Identify the property: _____ | |

| | | |
|---|---|---|
| **12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☒ No | |
| | ☐ Yes. *Check one:* | **Amount entitled to priority** |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)( ) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment. | |

| | | |
|---|---|---|
| **13. Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?** | ☒ No | |
| | ☐ **Yes. Indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before the date of commencement of the above case(s), in which the goods have been sold to the debtor in the ordinary course of such debtor's business. Attach documentation supporting such claim.** | $_____ |

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☒ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date _____ (mm/dd/yyyy)

Signature _____ 6/15/22

Print the name of the person who is completing and signing this claim:

| | | | |
|---|---|---|---|
| Name | Dr. Sudhakar | | Vidiyala |
| | First name | Middle name | Last name |
| Title | President & CEO | | |
| Company | Ascent Pharmaceuticals Inc. | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 400 S Technology Drive | | |
| | Number    Street | | |
| | Central Islip | NY | 11722 |
| | City | State | ZIP Code |
| Contact phone | (631) 851-0550 | Email | sudhakar@ascentpharm.com |

## ADDENDUM TO THE PROOFS OF CLAIM OF ASCENT PHARMACEUTICALS, INC. AGAINST PURDUE PHARMA L.P., PURDUE PHARMACEUTICALS L.P., AND RHODES TECHNOLOGIES

Ascent Pharmaceuticals, Inc. ("Ascent") asserts this proof of claim ("Proof of Claim") against Purdue Pharma L.P. ("Purdue"), Purdue Pharmaceuticals L.P., and Rhodes Technologies (together, the "Purdue Entities" or the "Debtors"), out of an abundance of caution, based on the Purdue Entities' wrongful termination of various contractual agreements and the injury to Ascent resulting therefrom. Ascent intends to imminently file an adversary complaint against the Purdue Entities (the "Complaint"), which more fully articulates Ascent's claims against the Purdue Entities.

## BACKGROUND

1.    On September 15, 2019 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code before this court (the "Chapter 11 Cases").

2.    The Court established June 30, 2020, as the deadline for each person, entity, governmental unit, and Native American Tribe to file a proof of claim against the Debtors that arose on or prior to the Petition Date [Dkt. No. 800]. By order dated June 3, 2020, the bar date was extended to July 30, 2020 [Dkt. No. 1221] (the "Bar Date").

3.    Ascent filed, contemporaneously with this Proof of Claim, the *Motion of Ascent Pharmaceuticals, Inc. for Leave to File Late Proofs of Claim*, which, among other things, seeks authorization to treat the filing of this Proof of Claim as timely as of the Bar Date.

## THE CLAIM

4.      Ascent and the Purdue Entities are parties to certain settlement and business agreements (collectively, the "Agreements").  The Purdue Entities recently purported to terminate the Agreements and breached the Agreements.

5.      As more fully set forth in the Complaint, based on the foregoing, Ascent possesses at least the following disputed claims against the Purdue Entities: declaratory judgment that the Agreements remain in full force and effect and breach of contract for wrongful termination of the Agreements (the "Claims").  Based on the Claims, Ascent seeks relief and redress, including but not limited to a declaration that the Agreements are in full force and effect, or in the alternative, monetary damages in an amount to be proven at trial, plus attorneys' costs and fees (the "Requested Relief").  Ascent hereby asserts the Claims and Requested Relief, jointly and severally, against each of the Purdue Entities.

### NOTICE

6.      Notices regarding this Proof of Claim should be sent to:

> **Seward & Kissel LLP**
> One Battery Park Plaza
> New York, New York 10004
> Attn:   Bruce G. Paulsen
>         Robert J. Gayda
>         Catherine V. LoTempio
>         Paul B. Koepp
> Tel: 212-574-1200
> Fax: 212-480-8421
> Email: paulsen@sewkis.com
>        gayda@sewkis.com
>        lotempio@sewkis.com
>        koepp@sewkis.com

### RESERVATION OF RIGHTS

7.      Ascent expressly reserves its right to replace, amend, or supplement this Proof of Claim to include any claim at law or in equity.  The filing of this Proof of Claim shall not be

2

deemed a waiver of any claim in law or in equity that Ascent may have against the Purdue Entities, or any of their affiliates, or others, including, but not limited to, administrative or other priority claims, secured claims, constructive trust claims, the right to seek adequate protection or the right to assert claims that are otherwise warranted in any related action.  Furthermore, nothing contained herein shall be construed as a waiver of any of Ascent's rights or remedies with respect to any other claims against any of the affiliates of the Debtors or others.

8.      The filing of this Proof of Claim is not intended to be and should not be construed as (a) Ascent's consent to the jurisdiction of this Court with respect to the subject matter of this claim, any objection or other proceeding commenced in this case or otherwise involving Ascent; (b) a waiver of Ascent's rights and remedies against any other person or entity who may be liable (whether on legal or equitable grounds) for all or part of the claims or amounts set forth herein, whether an affiliate or guarantor of the Debtors or otherwise; (c) a waiver or release of Ascent's right to trial by jury, or a consent to trial by jury, in this or any other court; (d) a waiver of Ascent's right to have final orders in non-core matters entered only after *de novo* review by a United States District Court Judge; or (e) a waiver of any right to (i) withdraw the reference, or otherwise challenge the jurisdiction of this court, with respect to the subject matter of this claim, any objection or other proceeding commenced in this case against or otherwise involving Ascent; or (ii) assert that the reference has already been withdrawn with respect to the subject matter of this claim, any objection or other proceeding commenced with respect thereto or any other proceeding commenced in this case against or otherwise involving Ascent.

9.      Ascent specifically reserves all of its procedural and substantive defenses and rights with respect to any claim that may be asserted against Ascent by the Debtors or any of their successors and assigns or by any trustee for the estates of the Debtors.

10.     The Agreements, which upon information and belief are already in the Debtors' possession, are attached as exhibits to the Complaint but have not been filed in connection with this Proof of Claim given the Debtors' position that the existence and terms of the Agreements are subject to confidentiality provisions.  Furthermore, the instructions on the Debtors' official non-opioid proof of claim form direct filers to "leave out or redact information that is entitled to privacy on this form or on any attached documents."  Accordingly, in an abundance of caution, the Agreements and any other documentation in support of Ascent's claims have not been described in specific terms or attached hereto but are available upon request.

11.     Each and every description in this Proof of Claim of the Agreements, Bankruptcy Court orders, and other relevant documents is qualified in its entirety by reference to the applicable provisions of such documents, and all such documents are incorporated herein by reference.  In the event of any inconsistency between this Proof of Claim and any such document, the relevant document shall control.  For the avoidance of doubt, in the event of any inconsistency between the factual or legal assertions herein and those articulated in the Complaint, the Complaint shall control.

SK 37894 0001 9545877 v2

# UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

| **Fill in this information to identify the case (Select only one Debtor per claim form):** | | |
|---|---|---|
| ☐ Purdue Pharma L.P. (Case No. 19-23649) | ☐ Seven Seas Hill Corp. (Case No. 19-23656) | ☐ Paul Land Inc. (Case No. 19-23664) |
| ☐ Purdue Pharma Inc. (Case No. 19-23648) | ☐ Ophir Green Corp. (Case No. 19-23657) | ☐ Quidnick Land L.P. (Case No. 19-23665) |
| ☐ Purdue Transdermal Technologies L.P.(Case No. 19-23650) | ☐ Purdue Pharma of Puerto Rico (Case No. 19-23658) | ☐ Rhodes Associates L.P. (Case No. 19-23666) |
| ☐ Purdue Pharma Manufacturing L.P. (Case No. 19-23651) | ☐ Avrio Health L.P. (Case No. 19-23659) | ☐ Rhodes Pharmaceuticals L.P. (Case No. 19-23667) |
| ☒ Purdue Pharmaceuticals L.P. (Case No. 19-23652) | ☐ Purdue Pharmaceutical Products L.P. (Case No. 19-23660) | ☐ Rhodes Technologies (Case No. 19-23668) |
| ☐ Imbrium Therapeutics L.P. (Case No. 19-23653) | ☐ Purdue Neuroscience Company (Case No. 19-23661) | ☐ UDF LP (Case No. 19-23669) |
| ☐ Adlon Therapeutics L.P. (Case No. 19-23654) | ☐ Nayatt Cove Lifescience Inc. (Case No. 19-23662) | ☐ SVC Pharma LP (Case No. 19-23670) |
| ☐ Greenfield BioVentures L.P. (Case No. 19-23655) | ☐ Button Land L.P. (Case No. 19-23663) | ☐ SVC Pharma Inc. (Case No. 19-23671) |

## Modified Form 410
# Non-Opioid Claimant Proof of Claim Form          04/19

**You may file your claim electronically at PurduePharmaClaims.com via the link entitled "Submit a Claim."**

**For questions regarding this Proof of Claim Form, please call Prime Clerk at (844) 217-0912 or visit PurduePharmaClaims.com.**

Read the instructions at the end of this document before filling out this form. This form is for making a claim for payment in a bankruptcy case.

**Do not** use this form to make a request for payment of an administrative expense, other than a claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9). Make such a request according to 11 U.S.C. § 503.

**Do not** use this form to assert a claim against the Debtors based on or involving opioids or their production, marketing and sale, including without limitation, the Debtors' production, marketing and sale of Purdue Opioids, or if you are seeking damages based on personal injury as a result of taking a Purdue Opioid. File such claims on either a General Opioid Claimant Proof of Claim Form, a Personal Injury Claimant Proof of Claim Form, or a Governmental Opioid Claimant Proof of Claim Form, as applicable.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not** send original documents as they will not be returned, and they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of September 15, 2019.**

| Part 1: | Identify the Claim |
|---|---|

| | | |
|---|---|---|
| 1. **Who is the current creditor?** | Ascent Pharmaceuticals, Inc. | |
| | Name of the current creditor (the person or entity to be paid for this claim) | |
| | Other names the creditor used with the debtor | |
| 2. **Has this claim been acquired from someone else?** | ☒ No ☐ Yes. From whom? | |
| 3. **Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?** | **Where should payments to the creditor be sent?** (if different) |
| | Robert J. Gayda, Esq. | |
| | Name | Name |
| | Seward & Kissel LLP, One Battery Park Plaza | |
| | Number     Street | Number     Street |
| | New York          NY          10016 | |
| | City          State          ZIP Code | City          State          ZIP Code |
| | Contact phone (212) 574-1490 | Contact phone |
| | Contact email gayda@sewkis.com | Contact email |

| 4. | **Does this claim amend one already filed?** | ☒ No<br>☐ Yes.  Claim number on court claims registry (if known)＿＿＿＿＿＿    Filed on ＿＿＿＿＿＿＿＿<br>MM  / DD / YYYY |
| 5. | **Do you know if anyone else has filed a proof of claim for this claim?** | ☒ No<br>☐ Yes. Who made the earlier filing? ＿＿＿＿＿＿＿＿＿＿ |

**Part 2:**    **Give Information About the Claim as of the Date the Case Was Filed (September 15, 2019)**

| 6. | **Do you have any number you use to identify the debtor?** | ☒ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ＿＿ ＿＿ ＿＿ ＿＿ |
| 7. | **How much is the claim?** | $ ＿＿See Addendum＿＿＿ .  **Does this amount include interest or other charges?**<br>☐ No<br>☒ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| 8. | **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as health care information.<br><br>＿＿See Addendum＿＿＿＿＿＿＿＿＿＿ |
| 9. | **Is all or part of the claim secured?** | ☒ No<br>☐ Yes. The claim is secured by a lien on property.<br><br>**Nature of property:**<br>☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*<br>☐ Motor vehicle<br>☐ Other. Describe: ＿＿＿＿＿＿＿＿＿＿＿＿＿＿<br><br>**Basis for perfection:** ＿＿＿＿＿＿＿＿＿＿＿＿＿＿<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:**      $＿＿＿＿＿＿＿<br><br>**Amount of the claim that is secured:**    $＿＿＿＿＿＿＿<br><br>**Amount of the claim that is unsecured:**   $＿＿＿＿＿＿＿ (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:**   $＿＿＿＿＿＿＿<br><br>**Annual Interest Rate** (when case was filed)＿＿＿＿%<br>☐ Fixed<br>☐ Variable |
| 10. | **Is this claim based on a lease?** | ☒ No<br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.**   $＿＿＿＿＿＿＿ |

| | |
|---|---|
| **11. Is this claim subject to a right of setoff?** | ☒ No<br><br>☐ Yes. Identify the property: _____ |

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☒ No

☐ Yes. *Check one:*

**Amount entitled to priority**

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).    $_____

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).    $_____

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).    $_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).    $_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).    $_____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(   ) that applies.    $_____

\* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

**13. Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?**

☒ No

☐ Yes. **Indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before the date of commencement of the above case(s), in which the goods have been sold to the debtor in the ordinary course of such debtor's business. Attach documentation supporting such claim.**    $_____

---

## Part 3:  Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☒ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date _____ (mm/dd/yyyy)

_____  6/15/22
Signature

Print the name of the person who is completing and signing this claim:

| | |
|---|---|
| Name | Dr. Sudhakar                                    Vidiyala<br>First name            Middle name                 Last name |
| Title | President & CEO |
| Company | Ascent Pharmaceuticals Inc.<br>Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | 400 S Technology Drive<br>Number      Street |
| | Central Islip                                NY        11722<br>City                               State      ZIP Code |
| Contact phone | (631) 851-0550        Email   sudhakar@ascentpharm.com |

## ADDENDUM TO THE PROOFS OF CLAIM OF ASCENT PHARMACEUTICALS, INC. AGAINST PURDUE PHARMA L.P., PURDUE PHARMACEUTICALS L.P., AND RHODES TECHNOLOGIES

Ascent Pharmaceuticals, Inc. ("Ascent") asserts this proof of claim ("Proof of Claim") against Purdue Pharma L.P. ("Purdue"), Purdue Pharmaceuticals L.P., and Rhodes Technologies (together, the "Purdue Entities" or the "Debtors"), out of an abundance of caution, based on the Purdue Entities' wrongful termination of various contractual agreements and the injury to Ascent resulting therefrom. Ascent intends to imminently file an adversary complaint against the Purdue Entities (the "Complaint"), which more fully articulates Ascent's claims against the Purdue Entities.

### BACKGROUND

1.    On September 15, 2019 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code before this court (the "Chapter 11 Cases").

2.    The Court established June 30, 2020, as the deadline for each person, entity, governmental unit, and Native American Tribe to file a proof of claim against the Debtors that arose on or prior to the Petition Date [Dkt. No. 800]. By order dated June 3, 2020, the bar date was extended to July 30, 2020 [Dkt. No. 1221] (the "Bar Date").

3.    Ascent filed, contemporaneously with this Proof of Claim, the *Motion of Ascent Pharmaceuticals, Inc. for Leave to File Late Proofs of Claim*, which, among other things, seeks authorization to treat the filing of this Proof of Claim as timely as of the Bar Date.

### THE CLAIM

4.      Ascent and the Purdue Entities are parties to certain settlement and business agreements (collectively, the "Agreements").  The Purdue Entities recently purported to terminate the Agreements and breached the Agreements.

5.      As more fully set forth in the Complaint, based on the foregoing, Ascent possesses at least the following disputed claims against the Purdue Entities: declaratory judgment that the Agreements remain in full force and effect and breach of contract for wrongful termination of the Agreements (the "Claims").  Based on the Claims, Ascent seeks relief and redress, including but not limited to a declaration that the Agreements are in full force and effect, or in the alternative, monetary damages in an amount to be proven at trial, plus attorneys' costs and fees (the "Requested Relief").  Ascent hereby asserts the Claims and Requested Relief, jointly and severally, against each of the Purdue Entities.

## NOTICE

6.      Notices regarding this Proof of Claim should be sent to:

> **Seward & Kissel LLP**
> One Battery Park Plaza
> New York, New York 10004
> Attn:   Bruce G. Paulsen
>         Robert J. Gayda
>         Catherine V. LoTempio
>         Paul B. Koepp
> Tel: 212-574-1200
> Fax: 212-480-8421
> Email: paulsen@sewkis.com
>        gayda@sewkis.com
>        lotempio@sewkis.com
>        koepp@sewkis.com

## RESERVATION OF RIGHTS

7.      Ascent expressly reserves its right to replace, amend, or supplement this Proof of Claim to include any claim at law or in equity.  The filing of this Proof of Claim shall not be

SK 37894 0001 9545877 v2

deemed a waiver of any claim in law or in equity that Ascent may have against the Purdue Entities, or any of their affiliates, or others, including, but not limited to, administrative or other priority claims, secured claims, constructive trust claims, the right to seek adequate protection or the right to assert claims that are otherwise warranted in any related action.  Furthermore, nothing contained herein shall be construed as a waiver of any of Ascent's rights or remedies with respect to any other claims against any of the affiliates of the Debtors or others.

8.      The filing of this Proof of Claim is not intended to be and should not be construed as (a) Ascent's consent to the jurisdiction of this Court with respect to the subject matter of this claim, any objection or other proceeding commenced in this case or otherwise involving Ascent; (b) a waiver of Ascent's rights and remedies against any other person or entity who may be liable (whether on legal or equitable grounds) for all or part of the claims or amounts set forth herein, whether an affiliate or guarantor of the Debtors or otherwise; (c) a waiver or release of Ascent's right to trial by jury, or a consent to trial by jury, in this or any other court; (d) a waiver of Ascent's right to have final orders in non-core matters entered only after *de novo* review by a United States District Court Judge; or (e) a waiver of any right to (i) withdraw the reference, or otherwise challenge the jurisdiction of this court, with respect to the subject matter of this claim, any objection or other proceeding commenced in this case against or otherwise involving Ascent; or (ii) assert that the reference has already been withdrawn with respect to the subject matter of this claim, any objection or other proceeding commenced with respect thereto or any other proceeding commenced in this case against or otherwise involving Ascent.

9.      Ascent specifically reserves all of its procedural and substantive defenses and rights with respect to any claim that may be asserted against Ascent by the Debtors or any of their successors and assigns or by any trustee for the estates of the Debtors.

10.     The Agreements, which upon information and belief are already in the Debtors'
possession, are attached as exhibits to the Complaint but have not been filed in connection with
this Proof of Claim given the Debtors' position that the existence and terms of the Agreements are
subject to confidentiality provisions.  Furthermore, the instructions on the Debtors' official non-
opioid proof of claim form direct filers to "leave out or redact information that is entitled to privacy
on this form or on any attached documents."  Accordingly, in an abundance of caution, the
Agreements and any other documentation in support of Ascent's claims have not been described
in specific terms or attached hereto but are available upon request.

11.     Each and every description in this Proof of Claim of the Agreements, Bankruptcy
Court orders, and other relevant documents is qualified in its entirety by reference to the applicable
provisions of such documents, and all such documents are incorporated herein by reference.  In
the event of any inconsistency between this Proof of Claim and any such document, the relevant
document shall control.  For the avoidance of doubt, in the event of any inconsistency between the
factual or legal assertions herein and those articulated in the Complaint, the Complaint shall
control.

4

# United States Bankruptcy Court for the Southern District of New York

| Fill in this information to identify the case (Select only one Debtor per claim form): | | |
|---|---|---|
| ☐ Purdue Pharma L.P. (Case No. 19-23649) | ☐ Seven Seas Hill Corp. (Case No. 19-23656) | ☐ Paul Land Inc. (Case No. 19-23664) |
| ☐ Purdue Pharma Inc. (Case No. 19-23648) | ☐ Ophir Green Corp. (Case No. 19-23657) | ☐ Quidnick Land L.P. (Case No. 19-23665) |
| ☐ Purdue Transdermal Technologies L.P.(Case No. 19-23650) | ☐ Purdue Pharma of Puerto Rico (Case No. 19-23658) | ☐ Rhodes Associates L.P. (Case No. 19-23666) |
| ☐ Purdue Pharma Manufacturing L.P. (Case No. 19-23651) | ☐ Avrio Health L.P. (Case No. 19-23659) | ☐ Rhodes Pharmaceuticals L.P. (Case No. 19-23667) |
| ☐ Purdue Pharmaceuticals L.P. (Case No. 19-23652) | ☐ Purdue Pharmaceutical Products L.P. (Case No. 19-23660) | ☒ Rhodes Technologies (Case No. 19-23668) |
| ☐ Imbrium Therapeutics L.P. (Case No. 19-23653) | ☐ Purdue Neuroscience Company (Case No. 19-23661) | ☐ UDF LP (Case No. 19-23669) |
| ☐ Adlon Therapeutics L.P. (Case No. 19-23654) | ☐ Nayatt Cove Lifescience Inc. (Case No. 19-23662) | ☐ SVC Pharma LP (Case No. 19-23670) |
| ☐ Greenfield BioVentures L.P. (Case No. 19-23655) | ☐ Button Land L.P. (Case No. 19-23663) | ☐ SVC Pharma Inc. (Case No. 19-23671) |

## Modified Form 410
# Non-Opioid Claimant Proof of Claim Form    04/19

**You may file your claim electronically at PurduePharmaClaims.com via the link entitled "Submit a Claim."**

**For questions regarding this Proof of Claim Form, please call Prime Clerk at (844) 217-0912 or visit PurduePharmaClaims.com.**

Read the instructions at the end of this document before filling out this form. This form is for making a claim for payment in a bankruptcy case.

**Do not** use this form to make a request for payment of an administrative expense, other than a claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9). Make such a request according to 11 U.S.C. § 503.

**Do not** use this form to assert a claim against the Debtors based on or involving opioids or their production, marketing and sale, including without limitation, the Debtors' production, marketing and sale of Purdue Opioids, or if you are seeking damages based on personal injury as a result of taking a Purdue Opioid. File such claims on either a General Opioid Claimant Proof of Claim Form, a Personal Injury Claimant Proof of Claim Form, or a Governmental Opioid Claimant Proof of Claim Form, as applicable.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not** send original documents as they will not be returned, and they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of September 15, 2019.**

## Part 1:    Identify the Claim

| | | |
|---|---|---|
| **1. Who is the current creditor?** | Ascent Pharmaceuticals, Inc. | |
| | Name of the current creditor (the person or entity to be paid for this claim) | |
| | Other names the creditor used with the debtor | |
| **2. Has this claim been acquired from someone else?** | ☒ No ☐ Yes. From whom? | |
| **3. Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?** | **Where should payments to the creditor be sent?** (if different) |
| | Robert J. Gayda, Esq. | |
| | Name | Name |
| | Seward & Kissel LLP, One Battery Park Plaza | |
| | Number          Street | Number          Street |
| | New York          NY          10016 | |
| | City          State          ZIP Code | City          State          ZIP Code |
| | Contact phone (212) 574-1490 | Contact phone |
| | Contact email gayda@sewkis.com | Contact email |

| | |
|---|---|
| 4. **Does this claim amend one already filed?** | ☒ No<br>☐ Yes.  Claim number on court claims registry (if known)_____    Filed on _____<br>MM / DD / YYYY |
| 5. **Do you know if anyone else has filed a proof of claim for this claim?** | ☒ No<br>☐ Yes. Who made the earlier filing? _____ |

**Part 2:    Give Information About the Claim as of the Date the Case Was Filed (September 15, 2019)**

| | |
|---|---|
| 6. **Do you have any number you use to identify the debtor?** | ☒ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____ |
| 7. **How much is the claim?** | $ See Addendum . **Does this amount include interest or other charges?**<br>☐ No<br>☒ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| 8. **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br><br>Limit disclosing information that is entitled to privacy, such as health care information.<br><br>See Addendum |
| 9. **Is all or part of the claim secured?** | ☒ No<br>☐ Yes. The claim is secured by a lien on property.<br><br>**Nature of property:**<br>☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*<br>☐ Motor vehicle<br>☐ Other. Describe: _____<br><br>**Basis for perfection:** _____<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:** $_____<br><br>**Amount of the claim that is secured:** $_____<br><br>**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:** $_____<br><br>**Annual Interest Rate** (when case was filed)_____%<br>☐ Fixed<br>☐ Variable |
| 10. **Is this claim based on a lease?** | ☒ No<br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____ |

| | |
|---|---|
| **11. Is this claim subject to a right of setoff?** | ☒ No<br><br>☐ Yes. Identify the property: _____ |

| | | |
|---|---|---|
| **12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☒ No<br><br>☐ Yes. *Check one:* | **Amount entitled to priority** |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(   ) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment. | |

| | |
|---|---|
| **13. Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?** | ☒ No<br><br>☐ Yes. **Indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before the date of commencement of the above case(s), in which the goods have been sold to the debtor in the ordinary course of such debtor's business. Attach documentation supporting such claim.**   $_____ |

## Part 3:  Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☒ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date _____ (mm/dd/yyyy)

_____  6/15/22
Signature

Print the name of the person who is completing and signing this claim:

| | |
|---|---|
| Name | Dr. Sudhakar                                      Vidiyala |
| | First name                Middle name                Last name |
| Title | President & CEO |
| Company | Ascent Pharmaceuticals Inc. |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | 400 S Technology Drive |
| | Number          Street |
| | Central Islip                          NY        11722 |
| | City                                      State      ZIP Code |
| Contact phone | (631) 851-0550          Email  sudhakar@ascentpharm.com |

## ADDENDUM TO THE PROOFS OF CLAIM OF ASCENT PHARMACEUTICALS, INC. AGAINST PURDUE PHARMA L.P., PURDUE PHARMACEUTICALS L.P., AND RHODES TECHNOLOGIES

Ascent Pharmaceuticals, Inc. ("Ascent") asserts this proof of claim ("Proof of Claim") against Purdue Pharma L.P. ("Purdue"), Purdue Pharmaceuticals L.P., and Rhodes Technologies (together, the "Purdue Entities" or the "Debtors"), out of an abundance of caution, based on the Purdue Entities' wrongful termination of various contractual agreements and the injury to Ascent resulting therefrom. Ascent intends to imminently file an adversary complaint against the Purdue Entities (the "Complaint"), which more fully articulates Ascent's claims against the Purdue Entities.

### BACKGROUND

1.      On September 15, 2019 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code before this court (the "Chapter 11 Cases").

2.      The Court established June 30, 2020, as the deadline for each person, entity, governmental unit, and Native American Tribe to file a proof of claim against the Debtors that arose on or prior to the Petition Date [Dkt. No. 800]. By order dated June 3, 2020, the bar date was extended to July 30, 2020 [Dkt. No. 1221] (the "Bar Date").

3.      Ascent filed, contemporaneously with this Proof of Claim, the *Motion of Ascent Pharmaceuticals, Inc. for Leave to File Late Proofs of Claim*, which, among other things, seeks authorization to treat the filing of this Proof of Claim as timely as of the Bar Date.

### THE CLAIM

4.      Ascent and the Purdue Entities are parties to certain settlement and business agreements (collectively, the "Agreements").  The Purdue Entities recently purported to terminate the Agreements and breached the Agreements.

5.      As more fully set forth in the Complaint, based on the foregoing, Ascent possesses at least the following disputed claims against the Purdue Entities: declaratory judgment that the Agreements remain in full force and effect and breach of contract for wrongful termination of the Agreements (the "Claims").  Based on the Claims, Ascent seeks relief and redress, including but not limited to a declaration that the Agreements are in full force and effect, or in the alternative, monetary damages in an amount to be proven at trial, plus attorneys' costs and fees (the "Requested Relief").  Ascent hereby asserts the Claims and Requested Relief, jointly and severally, against each of the Purdue Entities.

### NOTICE

6.      Notices regarding this Proof of Claim should be sent to:

> **Seward & Kissel LLP**
> One Battery Park Plaza
> New York, New York 10004
> Attn:   Bruce G. Paulsen
>         Robert J. Gayda
>         Catherine V. LoTempio
>         Paul B. Koepp
> Tel: 212-574-1200
> Fax: 212-480-8421
> Email: paulsen@sewkis.com
>        gayda@sewkis.com
>        lotempio@sewkis.com
>        koepp@sewkis.com

### RESERVATION OF RIGHTS

7.      Ascent expressly reserves its right to replace, amend, or supplement this Proof of Claim to include any claim at law or in equity.  The filing of this Proof of Claim shall not be

2

deemed a waiver of any claim in law or in equity that Ascent may have against the Purdue Entities, or any of their affiliates, or others, including, but not limited to, administrative or other priority claims, secured claims, constructive trust claims, the right to seek adequate protection or the right to assert claims that are otherwise warranted in any related action.  Furthermore, nothing contained herein shall be construed as a waiver of any of Ascent's rights or remedies with respect to any other claims against any of the affiliates of the Debtors or others.

8.      The filing of this Proof of Claim is not intended to be and should not be construed as (a) Ascent's consent to the jurisdiction of this Court with respect to the subject matter of this claim, any objection or other proceeding commenced in this case or otherwise involving Ascent; (b) a waiver of Ascent's rights and remedies against any other person or entity who may be liable (whether on legal or equitable grounds) for all or part of the claims or amounts set forth herein, whether an affiliate or guarantor of the Debtors or otherwise; (c) a waiver or release of Ascent's right to trial by jury, or a consent to trial by jury, in this or any other court; (d) a waiver of Ascent's right to have final orders in non-core matters entered only after *de novo* review by a United States District Court Judge; or (e) a waiver of any right to (i) withdraw the reference, or otherwise challenge the jurisdiction of this court, with respect to the subject matter of this claim, any objection or other proceeding commenced in this case against or otherwise involving Ascent; or (ii) assert that the reference has already been withdrawn with respect to the subject matter of this claim, any objection or other proceeding commenced with respect thereto or any other proceeding commenced in this case against or otherwise involving Ascent.

9.      Ascent specifically reserves all of its procedural and substantive defenses and rights with respect to any claim that may be asserted against Ascent by the Debtors or any of their successors and assigns or by any trustee for the estates of the Debtors.

3

10.    The Agreements, which upon information and belief are already in the Debtors' possession, are attached as exhibits to the Complaint but have not been filed in connection with this Proof of Claim given the Debtors' position that the existence and terms of the Agreements are subject to confidentiality provisions.  Furthermore, the instructions on the Debtors' official non-opioid proof of claim form direct filers to "leave out or redact information that is entitled to privacy on this form or on any attached documents."  Accordingly, in an abundance of caution, the Agreements and any other documentation in support of Ascent's claims have not been described in specific terms or attached hereto but are available upon request.

11.    Each and every description in this Proof of Claim of the Agreements, Bankruptcy Court orders, and other relevant documents is qualified in its entirety by reference to the applicable provisions of such documents, and all such documents are incorporated herein by reference.  In the event of any inconsistency between this Proof of Claim and any such document, the relevant document shall control.  For the avoidance of doubt, in the event of any inconsistency between the factual or legal assertions herein and those articulated in the Complaint, the Complaint shall control.

SK 37894 0001 9545877 v2

## **Exhibit C**

**Declaration of Sudhakar Vidiyala**

SK 37894 0001 9550471 v2

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| | **Case No. 19-23649 (RDD)** |
| **PURDUE PHARMA L.P., *et al.*,** | |
| | **(Jointly Administered)** |
| **Debtors.[1]** | |

**DECLARATION OF SUDHAKAR VIDIYALA IN SUPPORT OF MOTION OF ASCENT
PHARMACEUTICALS, INC. FOR LEAVE TO FILE LATE PROOFS OF CLAIM**

I, Sudhakar Vidiyala, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury that

the following statements are true and correct to the best of my knowledge:

1.      Purdue Pharma L.P. ("Purdue"), Purdue Pharmaceuticals L.P., Rhodes

Technologies, P.F. Laboratories, Inc., and Purdue Pharma Technologies Inc. (collectively, the

"Purdue Entities") and Ascent Pharmaceuticals, Inc. ("Ascent") were parties to two actions (the

"Patent Litigation"), filed in 2018 in the United States District Court for the District of Delaware,

concerning the validity and enforceability of certain patents held by the Purdue Entities, and

whether Ascent infringed on the Purdue Entities' patents by seeking approval from the United

States Food and Drug Administration (the "FDA") for its own oxycodone products (the "Ascent

Products").

---

[1]      The debtors in these cases (the "Debtors"), along with the last four digits of each Debtor's registration number
in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue
Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P.
(0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150),
Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P.
(4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience
Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P.
(7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717)
and SVC Pharma Inc. (4014).  The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser
Boulevard, Stamford, CT 06901.

2.    On March 27, 2019, to resolve the Patent Litigation, Ascent and the Purdue Entities

entered into three related and integrated agreements: ███████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

3.    ████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

4.    ████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

5.    On January 14, 2022, Purdue asserted that Ascent failed to provide written notice

of ████████████████████████████████████ prior to October 1, 2021.

Thus, according to Purdue, by its terms, the ████████████████████ terminated on

December 31, 2021.  Ascent responded by letter on January 17, 2022 disputing Purdue's position.

6.    On February 3, 2022, the Purdue Entities reiterated that Ascent breached the ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████ Purdue then cited the purported ████████████████████ breach as grounds to terminate the ████████████████████████████████████.

7.    On February 28, 2022, Ascent provided the Purdue Entities with ████████████ ████████████████████████ following the February 3, 2022 letter.

8.    On April 6, 2022, Purdue allegedly terminated the ████████████████ ████████████ by letter based on Ascent's alleged failure to ████████████████████ ████████. Purdue also purportedly terminated the ████████████████████ based on Ascent's alleged breach of the ████████████████████ and the alleged failure to cure such breach. Purdue maintains that the ████████████████ remains in full force and effect.

9.    Ascent planned to ████████████████████████████████████████████ ████████████████████ but cannot do so without the rights conveyed to it under the Agreements.

10.    As more fully explained in the adversary complaint that Ascent plans to file imminently, the above-referenced conduct of the Purdue Entities damaged Ascent in an amount to be proven at trial.

Dated: June 15, 2022

_____

Sudhakar Vidiyala

SK 37894 0001 9556349