## Exhibit B

**Proofs of Claim**

## UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

| **Fill in this information to identify the case (Select only one Debtor per claim form):** | | |
|---|---|---|
| ☒ Purdue Pharma L.P. (Case No. 19-23649) | ☐ Seven Seas Hill Corp. (Case No. 19-23656) | ☐ Paul Land Inc. (Case No. 19-23664) |
| ☐ Purdue Pharma Inc. (Case No. 19-23648) | ☐ Ophir Green Corp. (Case No. 19-23657) | ☐ Quidnick Land L.P. (Case No. 19-23665) |
| ☐ Purdue Transdermal Technologies L.P.(Case No. 19-23650) | ☐ Purdue Pharma of Puerto Rico (Case No. 19-23658) | ☐ Rhodes Associates L.P. (Case No. 19-23666) |
| ☐ Purdue Pharma Manufacturing L.P. (Case No. 19-23651) | ☐ Avrio Health L.P. (Case No. 19-23659) | ☐ Rhodes Pharmaceuticals L.P. (Case No. 19-23667) |
| ☐ Purdue Pharmaceuticals L.P. (Case No. 19-23652) | ☐ Purdue Pharmaceutical Products L.P. (Case No. 19-23660) | ☐ Rhodes Technologies (Case No. 19-23668) |
| ☐ Imbrium Therapeutics L.P. (Case No. 19-23653) | ☐ Purdue Neuroscience Company (Case No. 19-23661) | ☐ UDF LP (Case No. 19-23669) |
| ☐ Adlon Therapeutics L.P. (Case No. 19-23654) | ☐ Nayatt Cove Lifescience Inc. (Case No. 19-23662) | ☐ SVC Pharma LP (Case No. 19-23670) |
| ☐ Greenfield BioVentures L.P. (Case No. 19-23655) | ☐ Button Land L.P. (Case No. 19-23663) | ☐ SVC Pharma Inc. (Case No. 19-23671) |

## Modified Form 410
# Non-Opioid Claimant Proof of Claim Form                    04/19

**You may file your claim electronically at PurduePharmaClaims.com via the link entitled "Submit a Claim."**

**For questions regarding this Proof of Claim Form, please call Prime Clerk at (844) 217-0912 or visit PurduePharmaClaims.com.**

Read the instructions at the end of this document before filling out this form. This form is for making a claim for payment in a bankruptcy case.

**Do not** use this form to make a request for payment of an administrative expense, other than a claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9). Make such a request according to 11 U.S.C. § 503.

**Do not** use this form to assert a claim against the Debtors based on or involving opioids or their production, marketing and sale, including without limitation, the Debtors' production, marketing and sale of Purdue Opioids, or if you are seeking damages based on personal injury as a result of taking a Purdue Opioid. File such claims on either a General Opioid Claimant Proof of Claim Form, a Personal Injury Claimant Proof of Claim Form, or a Governmental Opioid Claimant Proof of Claim Form, as applicable.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not** send original documents as they will not be returned, and they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of September 15, 2019.**

| **Part 1:** | **Identify the Claim** |
|---|---|

| | | |
|---|---|---|
| 1. **Who is the current creditor?** | Ascent Pharmaceuticals, Inc. | |
| | Name of the current creditor (the person or entity to be paid for this claim) | |
| | Other names the creditor used with the debtor | |
| 2. **Has this claim been acquired from someone else?** | ☒ No ☐ Yes. From whom? | |
| 3. **Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?** | **Where should payments to the creditor be sent?** (if different) |
| | Robert J. Gayda, Esq. | |
| | Name | Name |
| | Seward & Kissel LLP, One Battery Park Plaza | |
| | Number        Street | Number        Street |
| | New York        NY        10016 | |
| | City        State        ZIP Code | City        State        ZIP Code |
| | Contact phone (212) 574-1490 | Contact phone |
| | Contact email gayda@sewkis.com | Contact email |

| | |
|---|---|
| 4. **Does this claim amend one already filed?** | ☒ No<br>☐ Yes.  Claim number on court claims registry (if known)_____  Filed on _____<br>MM  / DD / YYYY |
| 5. **Do you know if anyone else has filed a proof of claim for this claim?** | ☒ No<br>☐ Yes. Who made the earlier filing? _____ |

### Part 2:  Give Information About the Claim as of the Date the Case Was Filed (September 15, 2019)

| | |
|---|---|
| 6. **Do you have any number you use to identify the debtor?** | ☒ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____  ____  ____  ____ |
| 7. **How much is the claim?** | $ See Addendum_____ . **Does this amount include interest or other charges?**<br>☐ No<br>☒ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| 8. **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br><br>Limit disclosing information that is entitled to privacy, such as health care information.<br><br>See Addendum_____ |
| 9. **Is all or part of the claim secured?** | ☒ No<br>☐ Yes. The claim is secured by a lien on property.<br><br>**Nature of property:**<br>☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*<br>☐ Motor vehicle<br>☐ Other. Describe: _____<br><br>**Basis for perfection:** _____<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:** $_____<br><br>**Amount of the claim that is secured:** $_____<br><br>**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:** $_____<br><br>**Annual Interest Rate** (when case was filed)_____%<br>☐ Fixed<br>☐ Variable |
| 10. **Is this claim based on a lease?** | ☒ No<br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____ |

| 11. **Is this claim subject to a right of setoff?** | ☒ No |
| | ☐ Yes. Identify the property: _____ |

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☒ No

☐ Yes. *Check one:*

    **Amount entitled to priority**

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).  $_____

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).  $_____

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).  $_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).  $_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).  $_____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(   ) that applies.  $_____

* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

**13. Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?**

☒ No

☐ Yes. **Indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before the date of commencement of the above case(s), in which the goods have been sold to the debtor in the ordinary course of such debtor's business. Attach documentation supporting such claim.**  $_____

---

## Part 3:  Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☒ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date _____(mm/dd/yyyy)

_____  6/15/22
Signature

**Print the name of the person who is completing and signing this claim:**

| Name | Dr. Sudhakar | | Vidiyala |
| | First name | Middle name | Last name |

| Title | President & CEO |

| Company | Ascent Pharmaceuticals Inc. |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |

| Address | 400 S Technology Drive |
| | Number     Street |
| | Central Islip | NY | 11722 |
| | City | State | ZIP Code |

| Contact phone | (631) 851-0550 | Email | sudhakar@ascentpharm.com |

## ADDENDUM TO THE PROOFS OF CLAIM OF ASCENT PHARMACEUTICALS, INC. AGAINST PURDUE PHARMA L.P., PURDUE PHARMACEUTICALS L.P., AND RHODES TECHNOLOGIES

Ascent Pharmaceuticals, Inc. ("Ascent") asserts this proof of claim ("Proof of Claim") against Purdue Pharma L.P. ("Purdue"), Purdue Pharmaceuticals L.P., and Rhodes Technologies (together, the "Purdue Entities" or the "Debtors"), out of an abundance of caution, based on the Purdue Entities' wrongful termination of various contractual agreements and the injury to Ascent resulting therefrom. Ascent intends to imminently file an adversary complaint against the Purdue Entities (the "Complaint"), which more fully articulates Ascent's claims against the Purdue Entities.

### BACKGROUND

1.      On September 15, 2019 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code before this court (the "Chapter 11 Cases").

2.      The Court established June 30, 2020, as the deadline for each person, entity, governmental unit, and Native American Tribe to file a proof of claim against the Debtors that arose on or prior to the Petition Date [Dkt. No. 800]. By order dated June 3, 2020, the bar date was extended to July 30, 2020 [Dkt. No. 1221] (the "Bar Date").

3.      Ascent filed, contemporaneously with this Proof of Claim, the *Motion of Ascent Pharmaceuticals, Inc. for Leave to File Late Proofs of Claim*, which, among other things, seeks authorization to treat the filing of this Proof of Claim as timely as of the Bar Date.

### THE CLAIM

4.      Ascent and the Purdue Entities are parties to certain settlement and business agreements (collectively, the "Agreements").  The Purdue Entities recently purported to terminate the Agreements and breached the Agreements.

5.      As more fully set forth in the Complaint, based on the foregoing, Ascent possesses at least the following disputed claims against the Purdue Entities: declaratory judgment that the Agreements remain in full force and effect and breach of contract for wrongful termination of the Agreements (the "Claims").  Based on the Claims, Ascent seeks relief and redress, including but not limited to a declaration that the Agreements are in full force and effect, or in the alternative, monetary damages in an amount to be proven at trial, plus attorneys' costs and fees (the "Requested Relief").  Ascent hereby asserts the Claims and Requested Relief, jointly and severally, against each of the Purdue Entities.

## NOTICE

6.      Notices regarding this Proof of Claim should be sent to:

> **Seward & Kissel LLP**
> One Battery Park Plaza
> New York, New York 10004
> Attn:   Bruce G. Paulsen
>             Robert J. Gayda
>             Catherine V. LoTempio
>             Paul B. Koepp
> Tel: 212-574-1200
> Fax: 212-480-8421
> Email: paulsen@sewkis.com
>             gayda@sewkis.com
>             lotempio@sewkis.com
>             koepp@sewkis.com

## RESERVATION OF RIGHTS

7.      Ascent expressly reserves its right to replace, amend, or supplement this Proof of Claim to include any claim at law or in equity.  The filing of this Proof of Claim shall not be

SK 37894 0001 9545877 v2

deemed a waiver of any claim in law or in equity that Ascent may have against the Purdue Entities, or any of their affiliates, or others, including, but not limited to, administrative or other priority claims, secured claims, constructive trust claims, the right to seek adequate protection or the right to assert claims that are otherwise warranted in any related action. Furthermore, nothing contained herein shall be construed as a waiver of any of Ascent's rights or remedies with respect to any other claims against any of the affiliates of the Debtors or others.

8.      The filing of this Proof of Claim is not intended to be and should not be construed as (a) Ascent's consent to the jurisdiction of this Court with respect to the subject matter of this claim, any objection or other proceeding commenced in this case or otherwise involving Ascent; (b) a waiver of Ascent's rights and remedies against any other person or entity who may be liable (whether on legal or equitable grounds) for all or part of the claims or amounts set forth herein, whether an affiliate or guarantor of the Debtors or otherwise; (c) a waiver or release of Ascent's right to trial by jury, or a consent to trial by jury, in this or any other court; (d) a waiver of Ascent's right to have final orders in non-core matters entered only after *de novo* review by a United States District Court Judge; or (e) a waiver of any right to (i) withdraw the reference, or otherwise challenge the jurisdiction of this court, with respect to the subject matter of this claim, any objection or other proceeding commenced in this case against or otherwise involving Ascent; or (ii) assert that the reference has already been withdrawn with respect to the subject matter of this claim, any objection or other proceeding commenced with respect thereto or any other proceeding commenced in this case against or otherwise involving Ascent.

9.      Ascent specifically reserves all of its procedural and substantive defenses and rights with respect to any claim that may be asserted against Ascent by the Debtors or any of their successors and assigns or by any trustee for the estates of the Debtors.

SK 37894 0001 9545877 v2

10.     The Agreements, which upon information and belief are already in the Debtors'
possession, are attached as exhibits to the Complaint but have not been filed in connection with
this Proof of Claim given the Debtors' position that the existence and terms of the Agreements are
subject to confidentiality provisions.  Furthermore, the instructions on the Debtors' official non-
opioid proof of claim form direct filers to "leave out or redact information that is entitled to privacy
on this form or on any attached documents."   Accordingly, in an abundance of caution, the
Agreements and any other documentation in support of Ascent's claims have not been described
in specific terms or attached hereto but are available upon request.

11.     Each and every description in this Proof of Claim of the Agreements, Bankruptcy
Court orders, and other relevant documents is qualified in its entirety by reference to the applicable
provisions of such documents, and all such documents are incorporated herein by reference.  In
the event of any inconsistency between this Proof of Claim and any such document, the relevant
document shall control.  For the avoidance of doubt, in the event of any inconsistency between the
factual or legal assertions herein and those articulated in the Complaint, the Complaint shall
control.

SK 37894 0001 9545877 v2

# UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

**Fill in this information to identify the case (Select only one Debtor per claim form):**

| | | |
|---|---|---|
| ☐ Purdue Pharma L.P. (Case No. 19-23649) | ☐ Seven Seas Hill Corp. (Case No. 19-23656) | ☐ Paul Land Inc. (Case No. 19-23664) |
| ☐ Purdue Pharma Inc. (Case No. 19-23648) | ☐ Ophir Green Corp. (Case No. 19-23657) | ☐ Quidnick Land L.P. (Case No. 19-23665) |
| ☐ Purdue Transdermal Technologies L.P.(Case No. 19-23650) | ☐ Purdue Pharma of Puerto Rico (Case No. 19-23658) | ☐ Rhodes Associates L.P. (Case No. 19-23666) |
| ☐ Purdue Pharma Manufacturing L.P. (Case No. 19-23651) | ☐ Avrio Health L.P. (Case No. 19-23659) | ☐ Rhodes Pharmaceuticals L.P. (Case No. 19-23667) |
| ☒ Purdue Pharmaceuticals L.P. (Case No. 19-23652) | ☐ Purdue Pharmaceutical Products L.P. (Case No. 19-23660) | ☐ Rhodes Technologies (Case No. 19-23668) |
| ☐ Imbrium Therapeutics L.P. (Case No. 19-23653) | ☐ Purdue Neuroscience Company (Case No. 19-23661) | ☐ UDF LP (Case No. 19-23669) |
| ☐ Adlon Therapeutics L.P. (Case No. 19-23654) | ☐ Nayatt Cove Lifescience Inc. (Case No. 19-23662) | ☐ SVC Pharma LP (Case No. 19-23670) |
| ☐ Greenfield BioVentures L.P. (Case No. 19-23655) | ☐ Button Land L.P. (Case No. 19-23663) | ☐ SVC Pharma Inc. (Case No. 19-23671) |

## Modified Form 410
# Non-Opioid Claimant Proof of Claim Form    04/19

You may file your claim electronically at **PurduePharmaClaims.com** via the link entitled "Submit a Claim."

**For questions regarding this Proof of Claim Form, please call Prime Clerk at (844) 217-0912 or visit PurduePharmaClaims.com.**

Read the instructions at the end of this document before filling out this form. This form is for making a claim for payment in a bankruptcy case.

**Do not** use this form to make a request for payment of an administrative expense, other than a claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9). Make such a request according to 11 U.S.C. § 503.

**Do not** use this form to assert a claim against the Debtors based on or involving opioids or their production, marketing and sale, including without limitation, the Debtors' production, marketing and sale of Purdue Opioids, or if you are seeking damages based on personal injury as a result of taking a Purdue Opioid. File such claims on either a General Opioid Claimant Proof of Claim Form, a Personal Injury Claimant Proof of Claim Form, or a Governmental Opioid Claimant Proof of Claim Form, as applicable.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents** as they will not be returned, and they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of September 15, 2019.**

## Part 1:    Identify the Claim

**1. Who is the current creditor?**

Ascent Pharmaceuticals, Inc.
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**

☒ No
☐ Yes. From whom?

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

Robert J. Gayda, Esq.
Name
Seward & Kissel LLP, One Battery Park Plaza
Number    Street
New York    NY    10016
City    State    ZIP Code
Contact phone (212) 574-1490
Contact email gayda@sewkis.com

**Where should payments to the creditor be sent?** (if different)

Name
Number    Street
City    State    ZIP Code
Contact phone
Contact email

**4. Does this claim amend one already filed?**

☒ No

☐ Yes. Claim number on court claims registry (if known)_____    Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☒ No

☐ Yes. Who made the earlier filing? _____

| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed (September 15, 2019)** |
| --- | --- |

**6. Do you have any number you use to identify the debtor?**

☒ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

**7. How much is the claim?**

$ See Addendum_____ . Does this amount include interest or other charges?

☐ No

☒ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

See Addendum_____

**9. Is all or part of the claim secured?**

☒ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**    $_____

**Amount of the claim that is secured:**    $_____

**Amount of the claim that is unsecured:**    $_____    (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**    $_____

**Annual Interest Rate** (when case was filed)_____%

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☒ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.**    $_____

| 11. **Is this claim subject to a right of setoff?** | ☒ No | |
| | ☐ Yes. Identify the property: _____ | |

| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☒ No | |
| | ☐ Yes. *Check one:* | **Amount entitled to priority** |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(  ) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment. | |

| 13. **Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?** | ☒ No | |
| | ☐ **Yes. Indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before the date of commencement of the above case(s), in which the goods have been sold to the debtor in the ordinary course of such debtor's business. Attach documentation supporting such claim.** | $_____ |

## Part 3:    Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☒ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date _____ (mm/dd/yyyy)

_____  6/15/22
Signature

Print the name of the person who is completing and signing this claim:

| Name | Dr. Sudhakar | | Vidiyala |
| | First name | Middle name | Last name |
| Title | President & CEO | | |
| Company | Ascent Pharmaceuticals Inc. | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 400 S Technology Drive | | |
| | Number        Street | | |
| | Central Islip | NY | 11722 |
| | City | State | ZIP Code |
| Contact phone | (631) 851-0550 | Email | sudhakar@ascentpharm.com |

## ADDENDUM TO THE PROOFS OF CLAIM OF ASCENT PHARMACEUTICALS, INC. AGAINST PURDUE PHARMA L.P., PURDUE PHARMACEUTICALS L.P., AND RHODES TECHNOLOGIES

Ascent Pharmaceuticals, Inc. ("Ascent") asserts this proof of claim ("Proof of Claim") against Purdue Pharma L.P. ("Purdue"), Purdue Pharmaceuticals L.P., and Rhodes Technologies (together, the "Purdue Entities" or the "Debtors"), out of an abundance of caution, based on the Purdue Entities' wrongful termination of various contractual agreements and the injury to Ascent resulting therefrom.  Ascent intends to imminently file an adversary complaint against the Purdue Entities (the "Complaint"), which more fully articulates Ascent's claims against the Purdue Entities.

## BACKGROUND

1.    On September 15, 2019 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code before this court (the "Chapter 11 Cases").

2.    The Court established June 30, 2020, as the deadline for each person, entity, governmental unit, and Native American Tribe to file a proof of claim against the Debtors that arose on or prior to the Petition Date [Dkt. No. 800].  By order dated June 3, 2020, the bar date was extended to July 30, 2020 [Dkt. No. 1221] (the "Bar Date").

3.    Ascent filed, contemporaneously with this Proof of Claim, the *Motion of Ascent Pharmaceuticals, Inc. for Leave to File Late Proofs of Claim*, which, among other things, seeks authorization to treat the filing of this Proof of Claim as timely as of the Bar Date.

## THE CLAIM

4.      Ascent and the Purdue Entities are parties to certain settlement and business agreements (collectively, the "Agreements").  The Purdue Entities recently purported to terminate the Agreements and breached the Agreements.

5.      As more fully set forth in the Complaint, based on the foregoing, Ascent possesses at least the following disputed claims against the Purdue Entities: declaratory judgment that the Agreements remain in full force and effect and breach of contract for wrongful termination of the Agreements (the "Claims").  Based on the Claims, Ascent seeks relief and redress, including but not limited to a declaration that the Agreements are in full force and effect, or in the alternative, monetary damages in an amount to be proven at trial, plus attorneys' costs and fees (the "Requested Relief").  Ascent hereby asserts the Claims and Requested Relief, jointly and severally, against each of the Purdue Entities.

## NOTICE

6.      Notices regarding this Proof of Claim should be sent to:

> **Seward & Kissel LLP**
> One Battery Park Plaza
> New York, New York 10004
> Attn:   Bruce G. Paulsen
>            Robert J. Gayda
>            Catherine V. LoTempio
>            Paul B. Koepp
> Tel: 212-574-1200
> Fax: 212-480-8421
> Email: paulsen@sewkis.com
>            gayda@sewkis.com
>            lotempio@sewkis.com
>            koepp@sewkis.com

## RESERVATION OF RIGHTS

7.      Ascent expressly reserves its right to replace, amend, or supplement this Proof of Claim to include any claim at law or in equity.  The filing of this Proof of Claim shall not be

SK 37894 0001 9545877 v2

deemed a waiver of any claim in law or in equity that Ascent may have against the Purdue Entities, or any of their affiliates, or others, including, but not limited to, administrative or other priority claims, secured claims, constructive trust claims, the right to seek adequate protection or the right to assert claims that are otherwise warranted in any related action. Furthermore, nothing contained herein shall be construed as a waiver of any of Ascent's rights or remedies with respect to any other claims against any of the affiliates of the Debtors or others.

8.      The filing of this Proof of Claim is not intended to be and should not be construed as (a) Ascent's consent to the jurisdiction of this Court with respect to the subject matter of this claim, any objection or other proceeding commenced in this case or otherwise involving Ascent; (b) a waiver of Ascent's rights and remedies against any other person or entity who may be liable (whether on legal or equitable grounds) for all or part of the claims or amounts set forth herein, whether an affiliate or guarantor of the Debtors or otherwise; (c) a waiver or release of Ascent's right to trial by jury, or a consent to trial by jury, in this or any other court; (d) a waiver of Ascent's right to have final orders in non-core matters entered only after *de novo* review by a United States District Court Judge; or (e) a waiver of any right to (i) withdraw the reference, or otherwise challenge the jurisdiction of this court, with respect to the subject matter of this claim, any objection or other proceeding commenced in this case against or otherwise involving Ascent; or (ii) assert that the reference has already been withdrawn with respect to the subject matter of this claim, any objection or other proceeding commenced with respect thereto or any other proceeding commenced in this case against or otherwise involving Ascent.

9.      Ascent specifically reserves all of its procedural and substantive defenses and rights with respect to any claim that may be asserted against Ascent by the Debtors or any of their successors and assigns or by any trustee for the estates of the Debtors.

3

10.     The Agreements, which upon information and belief are already in the Debtors'
possession, are attached as exhibits to the Complaint but have not been filed in connection with
this Proof of Claim given the Debtors' position that the existence and terms of the Agreements are
subject to confidentiality provisions.  Furthermore, the instructions on the Debtors' official non-
opioid proof of claim form direct filers to "leave out or redact information that is entitled to privacy
on this form or on any attached documents."   Accordingly, in an abundance of caution, the
Agreements and any other documentation in support of Ascent's claims have not been described
in specific terms or attached hereto but are available upon request.

11.     Each and every description in this Proof of Claim of the Agreements, Bankruptcy
Court orders, and other relevant documents is qualified in its entirety by reference to the applicable
provisions of such documents, and all such documents are incorporated herein by reference.  In
the event of any inconsistency between this Proof of Claim and any such document, the relevant
document shall control.  For the avoidance of doubt, in the event of any inconsistency between the
factual or legal assertions herein and those articulated in the Complaint, the Complaint shall
control.

SK 37894 0001 9545877 v2

# UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

| **Fill in this information to identify the case (Select only one Debtor per claim form):** | | |
|---|---|---|
| ☐ Purdue Pharma L.P. (Case No. 19-23649) | ☐ Seven Seas Hill Corp. (Case No. 19-23656) | ☐ Paul Land Inc. (Case No. 19-23664) |
| ☐ Purdue Pharma Inc. (Case No. 19-23648) | ☐ Ophir Green Corp. (Case No. 19-23657) | ☐ Quidnick Land L.P. (Case No. 19-23665) |
| ☐ Purdue Transdermal Technologies L.P.(Case No. 19-23650) | ☐ Purdue Pharma of Puerto Rico (Case No. 19-23658) | ☐ Rhodes Associates L.P. (Case No. 19-23666) |
| ☐ Purdue Pharma Manufacturing L.P. (Case No. 19-23651) | ☐ Avrio Health L.P. (Case No. 19-23659) | ☐ Rhodes Pharmaceuticals L.P. (Case No. 19-23667) |
| ☐ Purdue Pharmaceuticals L.P. (Case No. 19-23652) | ☐ Purdue Pharmaceutical Products L.P. (Case No. 19-23660) | ☒ Rhodes Technologies (Case No. 19-23668) |
| ☐ Imbrium Therapeutics L.P. (Case No. 19-23653) | ☐ Purdue Neuroscience Company (Case No. 19-23661) | ☐ UDF LP (Case No. 19-23669) |
| ☐ Adlon Therapeutics L.P. (Case No. 19-23654) | ☐ Nayatt Cove Lifescience Inc. (Case No. 19-23662) | ☐ SVC Pharma LP (Case No. 19-23670) |
| ☐ Greenfield BioVentures L.P. (Case No. 19-23655) | ☐ Button Land L.P. (Case No. 19-23663) | ☐ SVC Pharma Inc. (Case No. 19-23671) |

## Modified Form 410
# Non-Opioid Claimant Proof of Claim Form                                04/19

**You may file your claim electronically at PurduePharmaClaims.com via the link entitled "Submit a Claim."**

**For questions regarding this Proof of Claim Form, please call Prime Clerk at (844) 217-0912 or visit PurduePharmaClaims.com.**

Read the instructions at the end of this document before filling out this form. This form is for making a claim for payment in a bankruptcy case.

**Do not** use this form to make a request for payment of an administrative expense, other than a claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9). Make such a request according to 11 U.S.C. § 503.

**Do not** use this form to assert a claim against the Debtors based on or involving opioids or their production, marketing and sale, including without limitation, the Debtors' production, marketing and sale of Purdue Opioids, or if you are seeking damages based on personal injury as a result of taking a Purdue Opioid. File such claims on either a General Opioid Claimant Proof of Claim Form, a Personal Injury Claimant Proof of Claim Form, or a Governmental Opioid Claimant Proof of Claim Form, as applicable.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents** as they will not be returned, and they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of September 15, 2019.**

| Part 1: | Identify the Claim |
|---|---|

| | | | |
|---|---|---|---|
| 1. | **Who is the current creditor?** | Ascent Pharmaceuticals, Inc. | |
| | | Name of the current creditor (the person or entity to be paid for this claim) | |
| | | Other names the creditor used with the debtor | |
| 2. | **Has this claim been acquired from someone else?** | ☒ No ☐ Yes. From whom? | |
| 3. | **Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
| | | Robert J. Gayda, Esq. | |
| | | Name | Name |
| | | Seward & Kissel LLP, One Battery Park Plaza | |
| | | Number        Street | Number        Street |
| | | New York        NY        10016 | |
| | | City        State        ZIP Code | City        State        ZIP Code |
| | | Contact phone (212) 574-1490 | Contact phone |
| | | Contact email gayda@sewkis.com | Contact email |

**4.** **Does this claim amend one already filed?**

☒ No

☐ Yes. Claim number on court claims registry (if known)_____   Filed on _____
MM   / DD / YYYY

**5.** **Do you know if anyone else has filed a proof of claim for this claim?**

☒ No

☐ Yes. Who made the earlier filing? _____

---

**Part 2:** **Give Information About the Claim as of the Date the Case Was Filed (September 15, 2019)**

**6.** **Do you have any number you use to identify the debtor?**

☒ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

**7.** **How much is the claim?**

$ See Addendum_____ . **Does this amount include interest or other charges?**

☐ No

☒ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8.** **What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

See Addendum_____

**9.** **Is all or part of the claim secured?**

☒ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $_____

**Amount of the claim that is secured:** $_____

**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $_____

**Annual Interest Rate** (when case was filed)_____%
☐ Fixed
☐ Variable

**10.** **Is this claim based on a lease?**

☒ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____

---

Modified Form 410                    **Non-Opioid Claimant Proof of Claim Form**                    page 2

| | | |
|---|---|---|
| **11. Is this claim subject to a right of setoff?** | ☒ No | |
| | ☐ Yes. Identify the property: _____ | |

| | | |
|---|---|---|
| **12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☒ No | |
| | ☐ Yes. *Check one:* | **Amount entitled to priority** |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(  ) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment. | |

| | | |
|---|---|---|
| **13. Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?** | ☒ No | |
| | ☐ Yes. **Indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before the date of commencement of the above case(s), in which the goods have been sold to the debtor in the ordinary course of such debtor's business. Attach documentation supporting such claim.** | $_____ |

## Part 3:  Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☒ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date _____ (mm/dd/yyyy)

_____  6/15/22
Signature

Print the name of the person who is completing and signing this claim:

| | |
|---|---|
| Name | Dr. Sudhakar                          Vidiyala |
| | First name          Middle name          Last name |
| Title | President & CEO |
| Company | Ascent Pharmaceuticals Inc. |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | 400 S Technology Drive |
| | Number          Street |
| | Central Islip                    NY        11722 |
| | City                           State      ZIP Code |
| Contact phone | (631) 851-0550      Email   sudhakar@ascentpharm.com |

## ADDENDUM TO THE PROOFS OF CLAIM OF ASCENT PHARMACEUTICALS, INC. AGAINST PURDUE PHARMA L.P., PURDUE PHARMACEUTICALS L.P., AND RHODES TECHNOLOGIES

Ascent Pharmaceuticals, Inc. ("Ascent") asserts this proof of claim ("Proof of Claim") against Purdue Pharma L.P. ("Purdue"), Purdue Pharmaceuticals L.P., and Rhodes Technologies (together, the "Purdue Entities" or the "Debtors"), out of an abundance of caution, based on the Purdue Entities' wrongful termination of various contractual agreements and the injury to Ascent resulting therefrom.  Ascent intends to imminently file an adversary complaint against the Purdue Entities (the "Complaint"), which more fully articulates Ascent's claims against the Purdue Entities.

### BACKGROUND

1.     On September 15, 2019 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code before this court (the "Chapter 11 Cases").

2.     The Court established June 30, 2020, as the deadline for each person, entity, governmental unit, and Native American Tribe to file a proof of claim against the Debtors that arose on or prior to the Petition Date [Dkt. No. 800].  By order dated June 3, 2020, the bar date was extended to July 30, 2020 [Dkt. No. 1221] (the "Bar Date").

3.     Ascent filed, contemporaneously with this Proof of Claim, the *Motion of Ascent Pharmaceuticals, Inc. for Leave to File Late Proofs of Claim*, which, among other things, seeks authorization to treat the filing of this Proof of Claim as timely as of the Bar Date.

### THE CLAIM

4.      Ascent and the Purdue Entities are parties to certain settlement and business agreements (collectively, the "Agreements").  The Purdue Entities recently purported to terminate the Agreements and breached the Agreements.

5.      As more fully set forth in the Complaint, based on the foregoing, Ascent possesses at least the following disputed claims against the Purdue Entities: declaratory judgment that the Agreements remain in full force and effect and breach of contract for wrongful termination of the Agreements (the "Claims").  Based on the Claims, Ascent seeks relief and redress, including but not limited to a declaration that the Agreements are in full force and effect, or in the alternative, monetary damages in an amount to be proven at trial, plus attorneys' costs and fees (the "Requested Relief").  Ascent hereby asserts the Claims and Requested Relief, jointly and severally, against each of the Purdue Entities.

## NOTICE

6.      Notices regarding this Proof of Claim should be sent to:

> **Seward & Kissel LLP**
> One Battery Park Plaza
> New York, New York 10004
> Attn:   Bruce G. Paulsen
> Robert J. Gayda
> Catherine V. LoTempio
> Paul B. Koepp
> Tel: 212-574-1200
> Fax: 212-480-8421
> Email: paulsen@sewkis.com
> gayda@sewkis.com
> lotempio@sewkis.com
> koepp@sewkis.com

## RESERVATION OF RIGHTS

7.      Ascent expressly reserves its right to replace, amend, or supplement this Proof of Claim to include any claim at law or in equity.  The filing of this Proof of Claim shall not be

SK 37894 0001 9545877 v2

deemed a waiver of any claim in law or in equity that Ascent may have against the Purdue Entities, or any of their affiliates, or others, including, but not limited to, administrative or other priority claims, secured claims, constructive trust claims, the right to seek adequate protection or the right to assert claims that are otherwise warranted in any related action. Furthermore, nothing contained herein shall be construed as a waiver of any of Ascent's rights or remedies with respect to any other claims against any of the affiliates of the Debtors or others.

8.      The filing of this Proof of Claim is not intended to be and should not be construed as (a) Ascent's consent to the jurisdiction of this Court with respect to the subject matter of this claim, any objection or other proceeding commenced in this case or otherwise involving Ascent; (b) a waiver of Ascent's rights and remedies against any other person or entity who may be liable (whether on legal or equitable grounds) for all or part of the claims or amounts set forth herein, whether an affiliate or guarantor of the Debtors or otherwise; (c) a waiver or release of Ascent's right to trial by jury, or a consent to trial by jury, in this or any other court; (d) a waiver of Ascent's right to have final orders in non-core matters entered only after *de novo* review by a United States District Court Judge; or (e) a waiver of any right to (i) withdraw the reference, or otherwise challenge the jurisdiction of this court, with respect to the subject matter of this claim, any objection or other proceeding commenced in this case against or otherwise involving Ascent; or (ii) assert that the reference has already been withdrawn with respect to the subject matter of this claim, any objection or other proceeding commenced with respect thereto or any other proceeding commenced in this case against or otherwise involving Ascent.

9.      Ascent specifically reserves all of its procedural and substantive defenses and rights with respect to any claim that may be asserted against Ascent by the Debtors or any of their successors and assigns or by any trustee for the estates of the Debtors.

SK 37894 0001 9545877 v2

10.     The Agreements, which upon information and belief are already in the Debtors'
possession, are attached as exhibits to the Complaint but have not been filed in connection with
this Proof of Claim given the Debtors' position that the existence and terms of the Agreements are
subject to confidentiality provisions.  Furthermore, the instructions on the Debtors' official non-
opioid proof of claim form direct filers to "leave out or redact information that is entitled to privacy
on this form or on any attached documents."  Accordingly, in an abundance of caution, the
Agreements and any other documentation in support of Ascent's claims have not been described
in specific terms or attached hereto but are available upon request.

11.     Each and every description in this Proof of Claim of the Agreements, Bankruptcy
Court orders, and other relevant documents is qualified in its entirety by reference to the applicable
provisions of such documents, and all such documents are incorporated herein by reference.  In
the event of any inconsistency between this Proof of Claim and any such document, the relevant
document shall control.  For the avoidance of doubt, in the event of any inconsistency between the
factual or legal assertions herein and those articulated in the Complaint, the Complaint shall
control.

4