UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| PURDUE PHARMA L.P., *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

### ORDER PURSUANT TO 11 U.S.C. § 107(b), FED. R. BANKR. P. 9018, AND LBR 9018-1 DIRECTING THE FILING OF CERTAIN INFORMATION UNDER SEAL IN CONNECTION WITH THE MOTION OF ASCENT PHARMACEUTICALS, INC. FOR LEAVE TO FILE LATE PROOFS OF CLAIM AND FOR RELATED RELIEF

Upon the motion, dated June 16, 2022 (the "Sealing Motion")[2] of Ascent Pharmaceuticals, Inc. ("Ascent"), pursuant to sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), seeking entry of an order authorizing Ascent to file under seal the *Motion of Ascent Pharmaceuticals, Inc. for Leave to File Late Proofs of Claim* (the "Claim Motion"), filed contemporaneously with the Sealing Motion and to allow the Claim Motion to be filed and maintained on the public docket of these cases in redacted form, as more fully described in the Sealing Motion; and the Court having jurisdiction to consider the Sealing Motion and the relief

---

[1] The debtors in these cases (the "Debtors"), along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Motion.

SK 37894 0001 9556813 v1

requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and, after due and sufficient notice of the Sealing Motion to the Debtors and the United States Trustee, there being no objections to the Sealing Motion; and no other or further notice of the Sealing Motion being required; and, after due deliberation, the Court having determined that the legal and factual bases set forth in the Sealing Motion establish good and sufficient cause for the relief granted herein, in that the redacted information in the Claim Motion constitutes confidential commercial information properly subject to protection disclosure under section 107(b)(1) of the Bankruptcy Code; now, therefore, it is hereby

    **ORDERED** that**:**

1.    The Motion is granted as set forth herein.

2.    Pursuant to section 107(b)(1) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Bankruptcy Rule 9018-1, Ascent is authorized and directed to file on the public docket of these Chapter 11 cases the redacted Claim Motion, as set forth in the version submitted to the Court as **Exhibit B** to the Sealing Motion and filed contemporaneously with the Sealing Motion (the "Redacted Document").

3.    Upon receipt of the unredacted Claim Motion (the "Sealed Document") mailed to the Clerk of Court by Ascent, the Clerk of Court is directed to maintain the Sealed Document under seal. The Sealed Document shall remain under seal unless otherwise ordered by the Court.

4.    Ascent is authorized and directed to take all actions necessary to implement the relief granted in this Order.

5. Entry of this Order is without prejudice to the rights of any party in interest in these Chapter 11 cases, including the United States Trustee, to seek an order of this Court unsealing all or part of the Redacted Document or the Sealed Document.

6. Upon the passing of forty-five (45) days after the final disposition of these Chapter 11 cases or the direction from Ascent and the Debtors, the Clerk of Court is authorized to dispose of the Sealed Document.

7. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: White Plains New York
       June 29, 2022

*/s/Robert D. Drain*
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE