**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (SHL)** |
| **Debtors.** [1] | **(Jointly Administered)** |

**FIFTH SUPPLEMENTAL DECLARATION OF**
**JEFFREY S. BUCHOLTZ IN SUPPORT OF APPLICATION OF**
**DEBTORS FOR AUTHORITY TO RETAIN AND EMPLOY**
**KING & SPALDING LLP AS SPECIAL COUNSEL TO**
**THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE**

I, Jeffrey S. Bucholtz, hereby declare that the following statements are true and correct to the best of my knowledge after due inquiry as described herein:

1.    I am a partner of the law firm of King & Spalding LLP ("**K&S**"), which maintains offices at 1700 Pennsylvania Avenue, NW, 2nd Floor, Washington, DC 20006-4707. I am an attorney admitted to practice law in the District of Columbia. There are no disciplinary proceedings pending against me.

2.    I am familiar with the matters set forth herein and make this fifth supplemental declaration (the "**Fifth Supplemental Declaration**") in connection with the *Application Of Debtors For Authority To Retain And Employ King & Spalding LLP As Special Counsel To The*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

*Debtors Nunc Pro Tunc To The Petition Date* [ECF No. 427] (the "**Application**")[2] filed on November 5, 2019, and my initial declaration attached as Exhibit B to the Application (the "**Initial Declaration**").

3.      As set forth in the Application, which was granted by this Court on November 25, 2019 [ECF No. 543], K&S committed to file a supplemental declaration pursuant to Bankruptcy Rule 2014 to the extent it discovered new information that was relevant to the Application and merited disclosure. *See* Initial Declaration, ¶ 8. Accordingly, in connection with K&S' representation of the Debtors as special counsel, I submit this Fifth Supplemental Declaration to provide the additional disclosures set forth herein.

## SPECIFIC DISCLOSURES

4.      On July 11, 2022, Mark McLennan joined K&S as an associate in its Austin, Texas office.  Mr. McLennan was previously an associate at Debevoise & Plimpton LLP where he represented certain members of the Sackler family (and trusts created by certain members of the Sackler family) in connection with these bankruptcy cases (the "**Matter**"). Mr. McLennan's work on the Matter ended when he left Debevoise & Plimpton.

5.      Mr. McLennan will not be involved in any way in K&S' representation of the Debtors in these bankruptcy cases.  The procedures being taken to screen Mr. McLennan from K&S' work for the Debtors are (i) a prohibition against Mr. McLennan speaking with any K&S personnel working on the Purdue bankruptcy cases about matters on which K&S has been employed, (ii) a prohibition against any of the K&S personnel working on the Purdue bankruptcy cases from speaking with Mr. McLennan about matters on which K&S has been employed, (iii) a

---

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

prohibition against Mr. McLennan bringing to K&S any documents, files, or materials in any form or medium about the Matter; and (iv) a prohibition against Mr. McLennan accessing, reading, or reviewing any documents, files, or materials in any form or medium about the matters on which K&S has been employed (unless same have been publicly filed or are publicly available).  K&S will distribute these prohibitions to all personnel who are working on, or in the future are added to the personnel working on, the Purdue bankruptcy cases, and also to Mr. McLennan.  All recipients will be advised of their obligation to abide strictly by these prohibitions.

6.      In light of the foregoing, and based upon the information available to me, K&S neither represents nor holds an interest adverse to the interests of the Debtors or their estates with respect to the matters on which K&S has been employed.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief on this 11th day of July, 2022.

*/s/ Jeffrey S. Bucholtz*
Jeffrey S. Bucholtz