DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
James I. McClammy
Eli J. Vonnegut
Christopher S. Robertson

*Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (SHL)** |
| **Debtors.[1]** | **(Jointly Administered)** |

**DEBTORS' EX PARTE MOTION FOR ENTRY OF AN ORDER SHORTENING
NOTICE WITH RESPECT TO DEBTORS' MOTION FOR ENTRY OF AN ORDER
SEALING CERTAIN INFORMATION AND EXHIBITS**

Purdue Pharma L.P. ("**Purdue**") and its affiliates that are debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 proceedings (the "**Chapter 11 Cases**") submit this motion (the "**Motion to Shorten**") for entry of an order, substantially in the form attached hereto as **Exhibit A**, shortening the notice period with respect

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

to the *Motion for Entry of Order Pursuant to 11 U.S.C. §§ 105(a), 107(b) and Fed. R. Bankr. P. 9018 Authorizing the Filing of Certain Information and Exhibits under Seal in Connection with the Debtors' Objection to the Motion of Ascent Pharmaceuticals, Inc. for Leave to File Late Proofs of Claim* (the "**Debtors' Sealing Motion**"), filed contemporaneously herewith.[2] In support of this Motion to Shorten, the Debtors respectfully state as follows:

## Relief Requested

1.  By this Motion to Shorten, the Debtors seek entry of an order shortening the notice period with respect to the Debtors' Sealing Motion, scheduling a hearing on the Debtors' Sealing Motion on **July 26, 2022, at 11:00 a.m. (Prevailing Eastern Time)**, and scheduling an objection deadline of **July 24, 2022, at 4:00 p.m. (Prevailing Eastern Time)**.

## Jurisdiction and Venue

2.  The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Debtors consent to entry of a final order by the Court in connection with this Motion to Shorten to the extent that it is later determined that the Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.

3.  The statutory bases for the relief requested herein are sections 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Bankruptcy Rules 9006(c), and 9007, and Rule 9006-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**").

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Debtors' Sealing Motion.

4.       Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

5.       On September 15, 2019 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On September 26, 2019, the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed the Creditors' Committee pursuant to section 1102 of the Bankruptcy Code [Dkt. No. 131]. No request has been made for the appointment of a trustee or examiner in the Chapter 11 Cases.

6.       These Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and the *Order Directing Joint Administration of Chapter 11 Cases* [Dkt. No. 59] entered by the Court in each of the Chapter 11 Cases.

7.       Additional information about the Debtors' businesses and the events leading up to the Petition Date can be found in the *Debtors' Informational Brief* filed on September 16, 2019 [Dkt. No. 17].

## Basis for Relief Requested

8.       Pursuant to Bankruptcy Rule 9007, the Court has authority to regulate the time within which, the entities to whom, and the form and matter in which notice is provided. Pursuant to paragraph 19 of the *Second Amended Order Establishing Certain Notice, Case Management, and Administrative Procedures* entered on November 18, 2019 [Dkt. No. 498] (the "**Case Management Order**"), in these Chapter 11 Cases, if a request for relief is filed and served "at least fourteen (14) calendar days before the next Omnibus Hearing, the matter shall be

2

set for hearing at such Omnibus Hearing." However, Bankruptcy Rule 9006(c) and Local Rule 9006-1(b) provide that the Court, for cause shown, may in its discretion (with or without motion or notice) reduce any such notice period. Moreover, pursuant to paragraph 17 of the Case Management Order, a party's right "to seek an amendment or waiver of the provisions of the Case Management Order upon showing of good cause including, without limitation, the right to file a motion seeking . . . relief upon shortened notice," was expressly preserved. The Court, thus, has the authority to determine appropriate notice for conducting a hearing on the matters presented by the Debtors' Sealing Motion.

### Cause Exists to Shorten Notice with Respect to the Debtors' Sealing Motion

9.  On June 16, 2022, Ascent Pharmaceuticals, Inc. ("**Ascent**") filed the *Motion of Ascent Pharmaceuticals, Inc. for Leave to File Late Proofs of Claim* [Dkt. No. 4909] (the "**Late Claims Motion**"), seeking to file late proofs of claim related to the Agreements that Purdue and Ascent entered into on March 27, 2019 in order to resolve patent litigation brought by Purdue in 2018 in the United States District Court for the District of Delaware asserting Ascent's infringement of Purdue's patents for certain oxycodone products.

10. Concurrently with filing the Late Claims Motion, Ascent also filed the *Motion for Entry of Order Pursuant to 11 U.S.C. §§ 105(a), 107(b), and Fed. R. Bankr. P. 9018 Authorizing the Filing of Certain Information under Seal in Connection with the Motion of Ascent Pharmaceuticals, Inc. for Leave to File Late Proofs of Claim* [Dkt. No. 4908] ("**Ascent's Sealing Motion**"). On June 29, 2022, the Court entered the *Order Pursuant to 11 U.S.C. §§ 107(b), Fed. R. Bankr. P. 9018, and LBR 9018-1 Directing the Filing of Certain Information Under Seal in Connection with the Motion of Ascent Pharmaceuticals, Inc. for Leave to File Late Proofs of Claim and for Related Relief* [Dkt. No. 4930].

11. On July 19, 2022, the Debtors filed an objection to the Late Claims Motion (the "**Debtors' Late Claims Objection**"). Pursuant to paragraph 29 of the Case Management Order, replies to the Debtors' Late Claims Objection are due on July 24, 2022. In conjunction with the Debtors' Late Claims Objection, the Debtors simultaneously filed the Debtors' Sealing Motion seeking an order sealing portions of the Debtors' Late Claims Objection.

12. The Debtors do not believe that any party would be prejudiced by shortening notice with respect to the Debtors' Sealing Motion. The Court has already entered an order approving Ascent's Sealing Motion, which was filed on standard notice and relates to exactly the same information the Debtors now seek to seal. To the extent that any other parties in interest intend to object to the relief requested in the Debtors' Sealing Motion, the objection deadline will be **July 24, 2022, at 4:00 p.m. (Prevailing Eastern Time)**, which is two businesses days before the scheduled hearing date, and, consistent with the Case Management Order, is the date on which any replies to the Debtors' Late Claims Objection would be due. Therefore, any objecting parties will be well positioned to address the Debtors' Sealing Motion on a shortened timeline.

## Notice

13. Notice of this Motion will be provided to (a) the entities on the Master Service List (as defined in the Case Management Order and available on the Debtors' case website at https://restructuring.primeclerk.com/purduepharma) and (b) any person or entity with a particularized interest in the subject matter of this motion. The Debtors respectfully submit that no further notice is required.

**<u>No Prior Request</u>**

14. The Debtors have not previously sought the relief requested herein from this Court or any other court.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully request that the Court enter the proposed form of order, substantially in the form attached hereto, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated:  July 19, 2022
       New York, New York

By: */s/ Eli J. Vonnegut*
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile:  (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
James I. McClammy
Eli J. Vonnegut
Christopher S. Robertson

*Counsel to the Debtors
and Debtors in Possession*

**Exhibit A**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **In re:**<br><br>**PURDUE PHARMA L.P.,** *et al.*,<br><br>Debtors.[1] | **Chapter 11**<br><br>**Case No. 19-23649 (SHL)**<br><br>**(Jointly Administered)** |

### ORDER SHORTENING NOTICE WITH RESPECT TO DEBTORS' MOTION FOR ENTRY OF AN ORDER SEALING JUDICIAL DOCUMENTS

Upon the motion (the "**Motion**")[2] of Purdue Pharma L.P. and its affiliates that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**") for entry of an order (this "**Order**") shortening the notice period with respect to the Debtors' Sealing Motion, as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to such term in the Motion.

provided; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and the Court having determined that the relief requested is in the best interests of the Debtors, their estates, creditors and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**

1. The relief requested in the Motion is hereby granted as set forth herein.

2. Notice of the Debtors' Sealing Motion as provided therein shall be deemed good and sufficient notice of such Debtors' Sealing Motion.

3. A hearing (the "**Hearing**") to consider the relief requested in the Debtors' Sealing Motion will be held before the Honorable Sean H. Lane, United States Bankruptcy Judge, 300 Quarropas Street, White Plains, New York 10601 on **July 26, 2022, at 11:00 a.m. (Prevailing Eastern Time)**.

4. The responses or objections to the Debtors' Sealing Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the *Second Amended Order Establishing Certain Notice, Case Management, and Administrative Procedures* entered on November 18, 2019 [Dkt. No. 498] (the "**Case Management Order**"), and shall be filed with the Court (a) by registered users of the Court's case filing system, electronically in accordance with General Order M–399 (which can be found at http://www.nysb.uscourts.gov), and (b) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers as set forth in the Case Management Order), in accordance with the customary practices of the Court and General Order M–399, to the extent

applicable, and served so as to be actually received no later than **July 24, 2022, at 4:00 p.m. (Prevailing Eastern Time)**—on the Master Service List (as defined in the Case Management Order).

5. The Debtors are authorized to take all such actions as are necessary or appropriate to implement the relief granted in this Order.

6. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

White Plains, New York
Dated: _____, 2022

                                        THE HONORABLE SEAN H. LANE
                                        UNITED STATES BANKRUPTCY JUDGE