UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>PURDUE PHARMA L.P., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 19-23649 (SHL)<br><br>(Jointly Administered) |

### NINTH AMENDED ORDER EXTENDING TIME TO
### OBJECT TO DISCHARGEABILITY OF CERTAIN DEBTS

Upon the motion, by notice of presentment dated December 23, 2019 (the "**Motion**")[2] of Purdue Pharma L.P. and its affiliates that are debtors and debtors in possession in these cases (collectively, the "**Debtors**") for entry of an order extending the period within which a claimant may file an adversary proceeding to determine the dischargeability of claims against the Debtors under Bankruptcy Rule 4007(c), as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to such term in the Motion.

U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion and the opportunity for a hearing thereon having been provided; and, after due deliberation the Court having determined that the legal and factual bases set forth in the Motion established good and sufficient cause for the relief granted therein; and having determined such relief was in the best interests of the Debtors, their estates, creditors and all parties in interest, the Court entered an Order granting the Motion; and the Court having previously extended the Determination Deadline through and including September 1, 2022; and the Debtors, by timely notice of presentment dated July 28, 2022, having sought entry of this Ninth Amended Order further extending the Determination Deadline (the "**Ninth Extension Request**"); and due and proper notice of this proposed Ninth Amended Order and the opportunity for a hearing thereon having been provided; and there being no opposition to such request; and no additional notice or a hearing being required; and, after due deliberation and upon all of the proceedings herein, the Court having determined that the legal and factual bases set forth in the Motion and the Ninth Extension Request establish good and sufficient cause for the relief granted herein; now, therefore,

**IT IS HEREBY ORDERED THAT**

1. The Ninth Extension Request is granted.

2. Pursuant to Bankruptcy Rule 4007(c), the deadline, if any, by which a creditor must file a complaint to determine the dischargeability of a debt pursuant to section 523 of the Bankruptcy Code, as referenced in section 1141(d)(6) of the Bankruptcy Code (the "**Determination Deadline**") is extended through and including March 1, 2023, without prejudice to further extensions upon the request of the Debtors.

3. Nothing in this Ninth Amended Order constitutes a determination regarding the nondischargeability of any debt under section 1141(d) of the Bankruptcy Code, that sections 523

or 1141(d)(6) of the Bankruptcy Code, and/or Bankruptcy Rule 4007 apply in the Chapter 11 Cases, or that the Determination Deadline applies in these Chapter 11 Cases.

4. The contents of the Motion and the notice procedures set forth in the Ninth Extension Request are good and sufficient notice and satisfy the applicable Bankruptcy Rules and Local Rules, and no other or further notice of the Motion or the entry of this Ninth Amended Order is required.

5. The Debtors are authorized to take all such actions as are necessary or appropriate to implement the relief granted in this Ninth Amended Order.

6. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Ninth Amended Order.

Dated: White Plains, New York
      August 12, 2022

                                  */s/ Sean H. Lane*
                                  HONORABLE SEAN H. LANE
                                  UNITED STATES BANKRUPTCY JUDGE