08/11/2022

To: Honorable Judge Sean H. Lane
    United States Bankruptcy Court
    Southern District of New York
    300 Quarropas Street, Room 248
    White Plains, NY 10601

From: Movant J. O., Executor of the Estate of G. B., Pro Se
     Name and address on file
     Asserted Claim# 121112

CC: Davis, Polk, & Wardwell, LLP
    Debtor's Counsel
    450 Lexington Avenue
    New York, NY 10017

In re:  PURDUE PHARMA L.P., et al., Debtors
     Chapter 11 Bankruptcy
     Case No. 19-23649 (SHL) (Jointly Administered)

Movant Rebuttal to Objection Document #5011 filed on 08/10/2022 by James I. McClammy on behalf of Purdue Pharma LP. to Motion to Reclassify Claim (related document(s) (4916).

      Your Honor Judge Lane,

First of all, I am knowingly the Executor of my deceased Father's Estate and my position

as the Legal Representative for my deceased Father demands a show of respect from the

Opposing Counsel of Purdue Pharma and its affiliate debtors. I have been repeatedly

offended by the conduct of the Opposing Counsel for Purdue Pharma and its

affiliate debtors in this case, towards myself and all other victims of the Purdue Pharma

Opioid Crisis. My deceased Father's Will (a legally signed and notarized document) clearly

states in ITEM FOUR: "I hearby direct that my executor herinafter named, shall have full

Page 1

power and authority to settle any and all claims in favor of my estate".

Movant Rebuttals to Purdue Pharma L.P. ("PPLP") and its affiliates that are debtors and debtors in possession in these proceedings in opposition to the Motion to Reclassify Claim (D. I. No. 4916) are as follows:

Re: 1. The Motion to Reclassify Claim (D. I. No. 4916) should not be construed as a "Late Claim Motion" filed after the Bankruptcy Court's "General Bar date" of 07/30/2020 and should not be construed as an "Amended Timely Filed Proof of Claim", because I am not filing a late proof of claim or amending my initial claim # 121112 filed on 07/29/2020, in order to change or increase the monetary value of the claim, I am only motioning to reclassify claim # 121112 as a Priority Unsecured claim from a General Unsecured claim.

The reason for this is, the Burden of Proof against Purdue Pharma, L.P. and it's Debtors for Priority Unsecured Claim status has been met by me, through the preponderance of evidence of clear and convincing evidence found in the evidentiary documents, that I submitted when I initially filed the Proof Of Claim Form on 07/29/2020 on behalf of my deceased Father with the United States Bankruptcy Court, Southern District of New York. I do feel that claim #121112 was wrongfullly classified as a General Unsecured claim and claim #121112 should have been rightfully classified as a Priority Unsecured Claim when initially asserted, because I am one of the 10% of the Proofs of Claim that did state an amount asserted, due to the proof in the evidentiary documents that I submitted with my claim

which took 2 months to compile. I also want to add that I still have an entire file cabinet full of

my deceased Father's evidentiary documents that directly relates to this claim, and one thing I do

understand is that "evidence is everything" for the purpose of providing proof of a Personal Injury

claim in court.

a)"Over 614,000 Proofs of Claim were filed in these Chapter 11 Cases by the July 30, 2020 General Bar Date. More than 550,000 of those Proofs of Claim, approximately 90% of the total did not state a claim amount. The approximately 10% of the Proofs of Claim that did state an amount asserted, in the aggregate" Source: DAVIS POLK & WARDWELL LLP Counsel to the Debtors and Debtors in Possession page 8; Document 2488.

b)"If a controversy arises regarding whether any Claim is properly classified under the Plan, the Bankruptcy Court shall, upon proper motion and notice, determine such controversy. If the Bankruptcy Court finds that the classification of any Claim is improper, then such Claim shall be reclassified and the Ballot previously cast by the holder of such Claim shall be counted in, and the Claim shall receive the treatment prescribed in, the Class in which the Bankruptcy Court determines such Claim should have been classified". Source: DAVIS POLK & WARDWELL LLP Counsel to the Debtors and Debtors in Possession page 11; Document 2488.

Re: 2. of Objection Document #5011 filed on 08/10/2022 by James I. McClammy

on behalf of Purdue Pharma LP. and its affiliates that are debtors and

debtors in possession- Irrelevant due to Movant not seeking to amend

initial claim # 121112 or file a new "late proof of claim", according to

the Opposing Counsel citing Waske v. Lehman Bros. Holdings Inc.,2021 Opinion

20-CV-5083 (RA) 09-30-2021 as Movant does not own any trust investment shares of

Purdue Pharma LP. or its affiliate debtors in possession.

 c)"Waske v. Lehman Bros. Holdings Inc.,2021 Opinion 20-CV-5083 (RA) 09-30-2021

JOSEPH WASKE, Appellant, v. LEHMAN BROTHERS HOLDINGS INC., Appellee.

RONNIE ABRAMS, United States District Judge:

MEMORANDUM OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

"This appeal arises from a group of pro se litigants' novel reading of a trust prospectus that they maintain entitles them to recover from the dwindling pool of assets in the Lehman Brothers bankruptcy filed thirteen years ago. *These individuals own shares of trusts that in turn own Lehman Brothers Holdings Inc. ("LBHI") subordinated debt".

d) "DISCUSSION

The Court will address each of Mr. Waske's three motions in turn, as well as his allegations related to due process violations and judicial bias.

I. Motion to Reclassify

The Motion to Reclassify sought to enforce a guarantee of Lehman Brothers Holdings Capital Trusts III, IV, V, and VI that Mr. Waske alleged was not properly enforced by the trustees who filed the timely claims. Lehman Dkt. 60337 at 1-2. Mr. Waske argued that based on language in the prospectuses for these trusts, he has standing to enforce the guarantee as if he were the trustee, and that the trustee failed trust securities holders by not raising the issue earlier. Id. at 3-6. Mr. Waske contended that if properly understood, his trust equities are in parity with "LBIE senior preferred shares A or B." Id. at 3-4. He thus maintained that this error should be rectified by a reclassification of the shares of the Capital Trusts, moving them from Class 10B to Class 4. Id. at 4.

The bankruptcy court rejected Mr. Waske's claims due to his lack of standing to modify the plan, and the untimeliness of his claims". Source c),d) ; published by "Casetext.com" which is available to view by the General Public.

Re: 3. of Objection Document #5011 filed on 08/10/2022 by James I. McClammy on behalf of Purdue Pharma LP. and its affiliates that are debtors and debtors in possession- Irrelevant as Movant is not filing a late proof of claim that requires to show "excuseable neglect" under the so called "Pioneer effect" as defined by the Opposing Counsel of Purdue Pharma LP. and its affiliates that are debtors and debtors in possession.

Re: 4. of Objection Document #5011 filed on 08/10/2022 by James I. McClammy on behalf of Purdue Pharma LP. and its affiliates that are debtors and debtors in possession- Irrelevant, the "Pioneer Test" does not apply as Movant has not filed for a late claim after the Bankruptcy Court's "General Bar date" of 07/30/2020.

Re: 5. of Objection Document #5011 filed on 08/10/2022 by James I. McClammy on behalf of Purdue Pharma LP. and its affiliates that are debtors and debtors in possession-Fallacy, Opposing Counsel provided false statements of Movant's intention, as the Movant is not attempting to argue that I did not know the basis for reclassification of my claim until a New York Times article was published on October 21, 2020 regarding entry of Purdue's plea agreement with the Department of Justice. The Movant merely provided proof of the criminal intent of Purdue Pharma, the maker of OxyContin by their plead of guilty to the criminal charges set forth by the Department of Justice.

e)"Purdue Pharma, the maker of OxyContin, has agreed to plead guilty to criminal charges related to its marketing of the addictive painkiller, and faces penalties of roughly $8.3 billion, the Justice Department announced on Wednesday. In a statement issued after the announcement of the deal,

Steve Miller, chairman of the company board, said: "Purdue deeply regrets and accepts responsibility for the misconduct detailed by the Department of Justice in the agreed statement of facts." e)Source; The New York Times, article By Jan Hoffman and Katie Benner Published Oct. 21, 2020, Updated Sept. 1, 2021.

Re: 6. of Objection Document #5011 filed on 08/10/2022 by James I. McClammy

on behalf of Purdue Pharma LP. and its affiliates that are debtors and debtors in

possession-Fallacy, the Movant did not find in her research that there is an exact

deadline date in which the Movant can file a motion to reclassify her personal injury claim as,

the Bankruptcy Confirmation Order was vacated and is currently on appeal on other grounds.

Secondly, the Movant believes that only the assigned Bankruptcy Judge Honorable Sean H. Lane

can preside over Chapter 11 Bankruptcy Case No. 19-23649 (SHL) (Jointly Administered), and determine

whether the Movant's claim # 121112 will be reclassified, and furthermore, the decision and judgement

for reclassification of the Movant's claim cannot be determined or ruled upon by Opposing Counsel

or the Movant herself.

      In order to receive proper restitution for Movant's claim due to Purdue Pharma LP's

criminal actions and their role in creating the catastrophic Opioid Crisis, I implore your

Honor Judge Sean H. Lane, that the Motion to Reclassify Claim #121112 as a Priority Unsecured

Claim should be granted and not denied, on the grounds that the Movant had timely filed a Personal

Injury Claim on my deceased Father's behalf on 07/29/2020 and Movant had provided proof of a

Priority Unsecured Claim status through the preponderance of evidence of clear and convincing evidence

found n the evidentiary documents that were submitted, and was asserted against Tortfeasors Purdue Pharma L.P. ("PPLP") and its affiliates that are debtors and debtors in possession; due to violations against G. B. of Physical Tort and and Strict Liability Tort, that caused personal injury, pain and suffering, illness, mental harm, and financial hardship to G. B. related to hospitalizations, surgical intervention, and substance abuse treatment, due to G. B.'s ingestion of addictive prescription Oxycontin and other opioid medications produced, marketed, and sold by Purdue Pharma L.P. ("PPLP") and its affiliates that are debtors and debtors in possession, that hadspanned over a ten year period from January, 2000 up until G.B.'s sudden death in October, 2011. Thank you.

       Respectfully yours,

Movant J. O., Executor of the Estate of G. B., Pro Se