**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re: PURDUE PHARMA L.P., et al.,                                    Case No.: 19-23649 (RDD)
    Debtors                          Reporting Period August 1, 2022 to August 31, 2022

**CORPORATE MONTHLY OPERATING REPORT**

| REQUIRED DOCUMENTS | Form No. | Document Attached | Explanation Attached |
|---|---|---|---|
| Schedule of Cash Receipts and Disbursements | MOR-1a | Yes | - |
| Bank Account Balances | MOR-1b | Yes | - |
| Consolidated Statement of Operations | MOR-2 | Yes | - |
| Consolidated Balance Sheet | MOR-3 | Yes | - |
| Schedule of Post-petition Taxes | MOR-4 | - | Yes |
| Schedule of Payments to Insiders and Restructuring Professional Fees | MOR-5 | Yes | - |
| Debtor Questionnaire | MOR-6 | Yes | - |

This Monthly Operating Report has been prepared solely for the purposes of complying with the monthly reporting requirements applicable in these chapter 11 cases and is in a format that the Debtors believe is acceptable to the United States Trustee. The financial information contained herein is limited in scope and covers a limited time period. Moreover, such information is preliminary and unaudited, and is not prepared in accordance with GAAP.

I declare under penalty of perjury that this report and the attached documents are true and correct to the best of my knowledge and belief.

_____                          _____9/22/2022_____
Signature of Authorized Individual*                          Date

Terrence Ronan                          _____9/22/2022_____
Printed Name of Authorized Individual                          Date

*Authorized individual must be an officer, director or shareholder if debtor is a corporation.

**In re: PURDUE PHARMA L.P., et al.,**
**Debtors**

**Case No.: 19-23649 (RDD)**
**Reporting Period August 1, 2022 to August 31, 2022**

### SCHEDULE OF CASH RECEIPTS AND DISBURSEMENTS ($)[1]

| Case No. | Debtor Entity Name: | Net Receipts [2] | Net Disbursements [2] |
|---|---|---|---|
| 087-19-23648 | PURDUE PHARMA INC. | $              - | $            266,667 |
| 087-19-23649 | PURDUE PHARMA L.P. | 74,449,671 | 45,813,091 |
| 087-19-23650 | PURDUE TRANSDERMAL TECHNOLOGIES L.P. | - | 10,527 |
| 087-19-23651 | PURDUE PHARMA MANUFACTURING L.P. | - | - |
| 087-19-23652 | PURDUE PHARMACEUTICALS L.P. | 164 | 5,844,554 |
| 087-19-23653 | IMBRIUM THERAPEUTICS L.P. | 1,481 | 1,405,699 |
| 087-19-23654 | ADLON THERAPEUTICS L.P. | - | 1,774,945 |
| 087-19-23655 | GREENFIELD BIO VENTURES L.P. | - | - |
| 087-19-23656 | SEVEN SEAS HILL CORP. | - | - |
| 087-19-23657 | OPHIR GREEN CORP. | - | - |
| 087-19-23658 | PURDUE PHARMA OF PUERTO RICO | - | 950 |
| 087-19-23659 | AVRIO HEALTH L.P. | 47,796 | 5,537,219 |
| 087-19-23660 | PURDUE PHARMACEUTICAL PRODUCTS L.P. | - | 10,161 |
| 087-19-23661 | PURDUE NEUROSCIENCE COMPANY | - | - |
| 087-19-23662 | NAYATT COVE LIFESCIENCE INC. | - | - |
| 087-19-23663 | BUTTON LAND L.P. | - | - |
| 087-19-23664 | PAUL LAND INC. | - | - |
| 087-19-23665 | QUIDNICK LAND L.P. | - | - |
| 087-19-23666 | RHODES ASSOCIATES L.P. | - | - |
| 087-19-23667 | RHODES PHARMACEUTICALS L.P. | 14,925,829 | 12,775,947 |
| 087-19-23668 | RHODES TECHNOLOGIES | - | 300,597 |
| 087-19-23669 | UDF LP | - | - |
| 087-19-23670 | SVC PHARMA LP | - | - |
| 087-19-23671 | SVC PHARMA INC. | - | - |
| **Totals:** | | **$       89,424,941** | **$       73,740,356** |

**Footnotes**

1) Notes to UST Form 11-MOR, Part 1 Cash Receipts and Disbursements:
Based on guidance received from the Office of the United States Trustee in connection with the completion of UST From 11-MOR
Part 1, Cash Receipts and Disbursements, reported cash receipts and disbursements should exclude intercompany, debtor-to-debtor
transactions. As a result, for those debtors with net intercompany cash outflows and inflows during the reporting period, the ending
cash balances reported on Form 11-MOR Part 1 will not agree with the ending cash balances per the debtors' bank statements or the
debtors' books and reports. For additional information on ending cash balances per the debtors' books and reports, see the attached
listing of cash account balances per Schedule MOR-1b.

2) The Net Receipts and Net Disbursements exclude intercompany transactions among Debtors

In re: PURDUE PHARMA L.P., et al.,
Debtors

Case No.: 19-23649 (RDD)
August 31, 2022

**BANK ACCOUNT BALANCES ($)[1]**

| Debtor | Bank | Account Number | Description | Balance as of Month End |
|---|---|---|---|---|
| Purdue Pharma L.P. | American Express National Bank (Restricted Cash) | xxxxxxx65041 | CD | $ 750,652 |
| Purdue Pharma L.P. | Wells Fargo (Restricted Cash) | xxxx2400 | Escrow | 10,892,637 |
| Purdue Pharma L.P. | East West Bank | xxxxxx9773 | LOC/Collateral | 10,004,659 |
| Purdue Pharma L.P. | East West Bank | xxxxxx9808 | LOC/Collateral | 5,252,453 |
| Purdue Pharma L.P. | East West Bank | xxxxxx9836 | LOC/Collateral | 1,661,465 |
| Purdue Pharma L.P. | East West Bank | xxxxxx9136 | Money Market Account | 100,324,548 |
| Purdue Pharma L.P. | Bank of Oklahoma | xxxxx8720 | Money Market Account | 5,006,919 |
| Purdue Pharma L.P. | Goldman Sachs #520 | xxxx8266 | Money Market Fund | 753,633,765 |
| Purdue Pharma L.P. | Goldman Sachs #506 | xxxx0462 | Money Market Fund | 22,108,559 |
| Purdue Pharma L.P. | East West Bank | xxxxxx9129 | Operating | 13,266,714 |
| Purdue Pharma L.P. | East West Bank | xxxxxx9388 | ERISA | 252,543 |
| Purdue Pharma L.P. | Bank of Oklahoma | xxxxx6017 | Trust | 15,435,703 |
| Purdue Pharma L.P. | East West Bank | xxxxxx9549 | Operating | 350,663 |
| Purdue Pharma L.P. | Wells Fargo (Restricted Cash) | xxxx1100 | Trust | 10,301,557 |
| Purdue Pharma L.P. | Wells Fargo (Restricted Cash) | xxxx6600 | Trust | 59,342,986 |
| Purdue Pharma L.P. | Wells Fargo (Restricted Cash) | xxxx4800 | Trust | 1,503,844 |
| Purdue Pharma L.P. | Wells Fargo (Restricted Cash) | xxxx0300 | Trust | 10,417,959 |
| Purdue Pharma L.P. | Bank of Oklahoma | xxxxx4018 | Trust | 25,139,276 |
| Purdue Pharma L.P. | East West Bank | xxxxxx1614 | Operating | 208,020 |
| Purdue Pharma Inc. | East West Bank | xxxxxx9213 | Operating | 1,492,113 |
| Purdue Pharmaceuticals L.P. | Wells Fargo (Restricted Cash) | xxxx5300 | Trust | 126,400 |
| Imbrium Therapeutics L.P. | East West Bank | xxxxxx9241 | Operating | - |
| Adlon Therapeutics L.P. | East West Bank | xxxxxx9248 | Operating | - |
| Greenfield BioVentures L.P. | East West Bank | xxxxxx9234 | Operating | - |
| Purdue Pharma of Puerto Rico | East West Bank | xxxxxx9185 | Operating | - |
| Avrio Health L.P. | East West Bank | xxxxxx9199 | Operating | - |
| Purdue Neuroscience Company | East West Bank | xxxxxx9227 | Operating | - |
| Nayatt Cove Lifescience Inc. | East West Bank | xxxxxx9220 | Operating | - |
| Button Land L.P. | East West Bank | xxxxxx9297 | Operating | - |
| Paul Land Inc. | East West Bank | xxxxxx9290 | Operating | - |
| Quidnick Land L.P. | East West Bank | xxxxxx9304 | Operating | - |
| Rhodes Pharmaceuticals L.P. | East West Bank | xxxxxx9269 | Operating | - |
| Rhodes Technologies | East West Bank | xxxxxx9262 | Operating | - |
| SVC Pharma LP | East West Bank | xxxxxx9276 | Operating | - |
| SVC Pharma Inc. | East West Bank | xxxxxx9283 | Operating | - |
| **Total** | | | | **$ 1,047,473,437** |

**Footnotes**
1) The company has closed some inactive accounts. Only active accounts are presented in this schedule.

In re:  **PURDUE PHARMA L.P., et al.,**          **Case No.: 19-23649 (RDD)**
        Debtors                                    **Reporting Period August 1, 2022 to August 31, 2022**

**CONSOLIDATED STATEMENT OF OPERATIONS** ($M) [1,2]
**Consolidated Results of Purdue Pharma, L.P. and all Debtors except Purdue Pharma, Inc.**

| | Current Month | 2022 Year to Date | 2019 Cumulative Filing to Date [3] |
|---|---|---|---|
| Net Sales | $ 59 | $ 468 | $ 2,422 |
| | | | |
| Cost of Goods Sold | (14) | (106) | (480) |
| Royalty Expense | (2) | (20) | (42) |
| Shipping and Warehousing | (1) | (4) | (13) |
| Cost of Goods Sold | (17) | (130) | (635) |
| | | | |
| Gross Profit | 41 | 338 | 1,787 |
| | | | |
| Sales and Promotion | (6) | (51) | (306) |
| Research and Development | (6) | (47) | (241) |
| General and Administrative | (5) | (43) | (251) |
| Legal Fees - Ordinary Course | (1) | (11) | (42) |
| Medical Affairs | (3) | (21) | (107) |
| Milestones & Alliances | - | (1) | (21) |
| Health Care Reform Fee | (1) | (8) | (40) |
| Other US | (0) | (2) | (6) |
| Incentive Bonus | (3) | (23) | (102) |
| Settlement Expense [5] | - | - | (12,336) |
| Total Operating Expenses | (26) | (207) | (13,452) |
| | | | |
| Operating Profit | 16 | 131 | (11,665) |
| | | | |
| Legal Fees - Non-Recurring | (10) | (106) | (864) |
| Other [4] | 2 | (11) | (123) |
| Total Non-Operating Expenses | (8) | (117) | (987) |
| | | | |
| Profit / (Loss) [5] | $ 8 | $ 14 | $ (12,652) |

**Footnotes**

1) The numbers reflected in the Consolidated Statement of Operations are shown in MILLIONS.

2) The financial statements and supplemental information contained herein are limited in scope and cover a limited time period. Moreover, such information is preliminary and unaudited. The financial position and results of operations contained herein are not necessarily indicative of results which may be expected for any other period or for the full year and as a result, may not reflect the consolidated financial position and results of operations of the Debtors in the future.

3) Cumulative results for 2019 are beginning September 1, 2019 as operating results for the partial month from the filing date of September 15, 2019 to September 30, 2019 are not available.

4) Includes non-cash write downs of $62M related to Rhodes Technologies assets and a fixed asset impairment of $8M.

5) The 2021 Expense included $1.225 billion additional expense related to the mediation agreement agreed to by Shareholders of the Company. The 2020 expense included $11.1 billion which includes the $8.344 billion DOJ settlement that was executed by the Company, $225.1 million for the DOJ settlement that was executed by the Shareholders of the Company, and $1.275 billion and $1.247 billion related to the Company's best estimate for the probable loss related to opioid-related cases against the Shareholders and Company, respectively for 2020, which is consistent with the Disclosure Statement. Refer to disclosures on Liabilities Subject to Compromise that follow.

In re: PURDUE PHARMA L.P., et al.,                                                                    Case No.: 19-23649 (RDD)
    Debtors                                                          Reporting Period August 1, 2022 to August 31, 2022

### PURDUE PHARMA, INC. STATEMENT OF OPERATIONS ($000) [1,2]

| | Current Month | 2022 Year to Date | 2019 Cumulative Filing to Date [3] |
|---|---|---|---|
| Management Fee Income | $ 29 | $ 233 | $ 1,048 |
| General and Administrative Expenses | - | - | (66) |
|   Operating Income | 29 | 233 | 982 |
| | | | |
| Income from Unconsolidated Associated Companies | (17) | 61 | (503) |
|   Total Other Income | (17) | 61 | (503) |
| | | | |
| Pre-Tax Income | 12 | 294 | 479 |
| | | | |
| Income Tax Provision | (4) | (80) | (144) |
| | | | |
| Net Income | $ 8 | $ 214 | $ 335 |
| | | | |

**Footnotes**

1) The numbers reflected in the Statement of Operations are shown in THOUSANDS

2) The financial statements and supplemental information contained herein are limited in scope and cover a limited time period. Moreover, such information is preliminary and unaudited. The financial position and results of operations contained herein are not necessarily indicative of results which may be expected for any other period or for the full year and as a result, may not reflect the consolidated financial position and results of operations of the Debtors in the future.

3) Cumulative results for 2019 are beginning September 1, 2019 as operating results for the partial month from the filing date of September 15, 2019 to September 30, 2019 are not available.

**In re: PURDUE PHARMA L.P., et al.,**                                    Case No.: 19-23649 (RDD)
**Debtors**                                                                August 31, 2022

## CONSOLIDATED BALANCE SHEET ($M) [1,2]
### Consolidated Results of Purdue Pharma, L.P. and all Debtors except Purdue Pharma, Inc.

|  |  | Book Value |
|---|---|---:|
| **ASSETS** |  |  |
| **CURRENT ASSETS** |  |  |
| | Cash & Cash Equivalents | $        892 |
| | Available For Sale Investments | 2 |
| | Accounts Receivable, Net | 138 |
| | Due From Associated Companies | 9 |
| | Other Receivables | - |
| | Inventories, Net | 78 |
| | Prepaid Expenses & Other Current Assets | 50 |
| | Restricted Cash | 1 |
| **TOTAL CURRENT ASSETS** | | **1,170** |
| | Property and Equipment, net | 58 |
| | Investments at Cost | 15 |
| | Investments in Associated Companies | 12 |
| | Restricted Cash - Long-Term | 150 |
| | Intangible Assets, Net | 81 |
| | Other Assets | 11 |
| **TOTAL ASSETS** | | $      1,497 |
| **LIABILITIES AND EQUITY** | | |
| **CURRENT LIABILITIES** | | |
| | Accounts Payable | $         33 |
| | Accrued Expenses | 294 |
| | Due to Associated Companies | 2 |
| **TOTAL CURRENT LIABILITIES** | | **329** |
| | Other Liabilities | 26 |
| | Due to Associated Companies | 11 |
| | Liabilities Subject to Compromise [3] | 15,126 |
| **TOTAL LIABILITIES** | | **15,492** |
| **EQUITY** | | |
| | Retained Earnings & Partners' Capital | (13,968) |
| | Accumulated Other Comprehensive Loss | (27) |
| **TOTAL EQUITY** | | **(13,995)** |
| **TOTAL LIABILITIES AND EQUITY** | | $      1,497 |

**Footnotes**

1) The numbers reflected in the Consolidated Balance Sheet are shown in MILLIONS.

2) The financial statements and supplemental information contained herein are limited in scope and cover a limited time period. Moreover, such information is preliminary, unaudited, and subject to change.

3) Refer to disclosures on Liabilities Subject to Compromise that follow.

In re: **PURDUE PHARMA L.P., et al.,**                         **Case No.: 19-23649 (RDD)**
**Debtors**                                                    **August 31, 2022**

### PURDUE PHARMA, INC. BALANCE SHEET ($000) [1,2]

|                                              |     | Book Value |
| -------------------------------------------- | --- | ---------: |
| **Assets**                                   |     |            |
| Currents assets:                             |     |            |
| Cash and cash equivalents                    | $   |      1,492 |
| Prepaid expenses                             |     |        (9) |
| Due from Associated Companies                |     |        378 |
| **Total current assets**                     |     |  **1,861** |
|                                              |     |            |
| Investments                                  |     |     10,984 |
| **Total assets**                             | $   | **12,845** |
|                                              |     |            |
| **Liabilities and equity**                   |     |            |
| Current liabilities:                         |     |            |
| Accounts payable                             | $   |        463 |
| Due to Associated Companies                  |     |        189 |
| Accrued Expenses                             |     |        178 |
| **Total liabilities**                        |     |    **830** |
|                                              |     |            |
| Common stock                                 |     |          1 |
| Additional paid-in capital                   |     |        499 |
| Retained earnings                            |     |     11,580 |
| Accumulated other comprehensive loss         |     |       (65) |
| **Total equity**                             |     | **12,015** |
|                                              |     |            |
| **Total liabilities and equity**             | $   | **12,845** |

**Footnotes**

1) The numbers reflected in the Consolidated Balance Sheet are shown in THOUSANDS.

2) The financial statements and supplemental information contained herein are limited in scope and cover a limited time period.  Moreover, such information is preliminary, unaudited, and subject to change.

**In re: PURDUE PHARMA L.P., et al.,**                                    Case No.: 19-23649 (RDD)
    **Debtors**                                    **Reporting Period August 1, 2022 to August 31, 2022**

## Liabilities Subject to Compromise and Contingencies

Under bankruptcy law, actions by creditors to collect liabilities of the Debtors incurred prior to the Petition Date are stayed, and certain other pre-petition contractual obligations may not be enforced against the Debtors without approval of the Bankruptcy Court.  Except for employee payroll and benefits including payroll-related taxes, sales and use taxes, reserve for workers' compensation insurance claims and self-insurance (other than general liability insurance), and other accrued items that are paid with authorization from the Bankruptcy Court, all pre-petition liabilities have been classified as liabilities subject to compromise in the consolidated balance sheet as of December 31, 2021, and December 31, 2020.  These amounts reflect management's current estimate of the amount of pre-petition claims that are subject to restructuring in the Chapter 11 Cases.  Adjustments to the claims may result from negotiations, payments authorized by Bankruptcy Court order, additional rejection of executory contracts including leases, assumption of contracts, termination of prior payment authorization by Court order, reconciliation of estimated liabilities to actual claims received or other events.  The liability recorded is consistent with the Plan and Disclosure Statement.  Payment terms for the amount classified as subject to compromise will be established in connection with a plan of reorganization.

|                                          | December 31, | |
|------------------------------------------|-------------:|-------------:|
|                                          | **2021**    | **2020**     |
|                                          | *(In Thousands)* | |
| Opioid Litigation Contingency Accrual    |             |              |
|   Shareholder Settlement                 | **$ 5,500,000** | $4,275,000 |
|   Company Settlement                     | **1,247,500** | 1,247,500  |
|   Company DOJ Settlement                 | **8,344,000** | 8,344,000  |
|   Company Unsecured Federal Claims       | **20,000**  | 20,000       |
| Accounts Payable                         | **11,685**  | 10,460       |
| Retiree Long Term Incentives             | **2,489**   | 2,489        |
| Severance                                | **1,093**   | 1,093        |
| Total Liabilities Subject to Compromise  | **$ 15,126,767** | $13,900,542 |

In re: PURDUE PHARMA L.P., et al.,                                                    Case No.: 19-23649 (RDD)
**Debtors**                                            **Reporting Period August 1, 2022 to August 31, 2022**

## Legal Proceedings

The Company is involved in various lawsuits and claims regarding product liability, intellectual property, governmental investigations and other legal proceedings that have developed from the Company's pharmaceutical and business operations. The Company and its facilities are regularly inspected by, and the Company is subject to inquiries from, various regulatory agencies, including the FDA, the Federal Trade Commission and the Drug Enforcement Administration.

The Company records accruals for contingencies to the extent that the occurrence of the contingency is probable, and the amount of liability is reasonably estimable. If the reasonable estimate of liability is within a range of amounts, and some amount within the range appears to be a better estimate than any other, then the Company records that amount as an accrual. If no amount within the range of loss is a better estimate than any other amount, the minimum amount in the range is accrued. Such assessments involve a series of complex judgments and rely heavily on estimates and assumptions regarding future events that management has utilized in their evaluation. The Company could possibly incur judgments or enter into settlements in excess of the amounts accrued which could have a material adverse effect on the Company's financial position, operations and cash flows.

Unless otherwise explicitly stated in this footnote, the Company is unable to reasonably estimate the loss or a range of possible loss for the matters described below. Often, it is not reasonably possible for the Company to determine that a loss is probable for a claim, or to reasonably estimate the amount of loss or a range of loss, because of the limited information available and the potential effects of future events and decisions by third parties, such as courts and regulators, that will determine the ultimate resolution of the claim.

Various lawsuits, claims and proceedings are pending or threatened against the Company. The most significant are described below. The Company recorded $15.1 billion and $13.9 billion of Liabilities Subject to Compromise as at December 31, 2021 and 2020, respectively, and settlement expense of $1.225 billion in 2021 and $11.1 billion in 2020. The 2021 expense is a result of an additional $50.0 million obligation agreed to in the amended Plan in 2021 and the term sheet (the "Term Sheet") agreed to by certain Sackler family members and trusts (the "Sackler Mediation Parties"), which provides that the Company's shareholders would contribute an additional $1.175 billion to what was included in the Disclosure Statement. The 2020 expense included $8.344 billion DOJ settlement that was executed by the Company, $225.1 million for the DOJ settlement that was executed by the Shareholders of the Company, and $1.275 billion and $1.247 billion related to the Company's best estimate for the probable loss related to opioid-related cases against the Shareholders and Company, respectively, which is consistent with the Disclosure Statement.

*Opioid Litigation, Proposed National Settlement and Shareholder Settlements*

Beginning with three lawsuits in 2014 and one lawsuit in each of 2015 and 2016, certain state and local governments commenced litigation against the Company and several other manufacturers of opioid analgesics. With the vast majority of lawsuits having been filed in 2018 and 2019, there are approximately 2,900 lawsuits pending against the Company in federal and state courts around the United States.

In general, these lawsuits – which have been brought by state Attorneys General, municipalities, third-party health care providers, hospital systems, and Native American tribes among others – allege that

In re: **PURDUE PHARMA L.P.**, et al.,                                    Case No.: 19-23649 (RDD)
**Debtors**                                    Reporting Period August 1, 2022 to August 31, 2022

the Company engaged in unfair or deceptive marketing practices related to the promotion and sale of its opioid medications.  The lawsuits seek compensatory, treble and punitive damages, and/or various forms of injunctive relief.

In December 2017, the federal actions were transferred for coordinated pre-trial proceedings to a Multi-District Litigation ("MDL") in the United States District Court for the Northern District of Ohio (the "MDL Court").  The MDL Court created parallel settlement and litigation tracks, including setting the first MDL trial for October 2019, which was a consolidated lawsuit brought by four Ohio municipalities.  The parties (including the Company) completed significant fact and expert discovery, and engaged in substantial motion practice, including numerous motions to dismiss and motions for summary judgment, but reached a settlement before the trial began.  The MDL Court also remanded a small number of other cases to their original transferor courts to proceed with discovery and trials.  Although PPLP is named as a defendant in these lawsuits, as discussed further below, these actions are stayed against PPLP and the other Debtors during the pendency of the Chapter 11 Cases.

To implement the Proposed National Settlement to resolve all opioid-related actions brought by state attorneys general, as well as counties, municipalities, and other entities, and to reach a final resolution of all outstanding claims, the Debtors voluntarily filed cases under Chapter 11 of the Bankruptcy Code on September 15, 2019.  Under the Proposed National Settlement structure the Company's existing shareholders would: (1) relinquish all of their equity interests in the Company and consent to the transfer of all of the Company's assets to a public benefit company or similar post-bankruptcy emergence structure for the benefit of claimants and the U.S. public; (2) divest their non-U.S. pharmaceutical companies; and (3) contribute a minimum of $3 billion over seven years, with potential additional contributions if the proceeds from the divestiture of the non-U.S. pharmaceutical companies exceed $3 billion.

The Debtors filed a Plan and Disclosure Statement on March 15, 2021.  The Plan and the settlements contemplated thereby significantly increase the value available to creditors compared to the Proposed National Settlement, most notably by raising the amount that the Company's existing shareholders will be required to pay in the aggregate from $3.0 billion to at least $5.725 billion.  Of this sum, $225 million was paid by the shareholders in November 2020 to satisfy their civil settlement with the United States Department of Justice, and $5.5 billion will be paid for the benefit of creditors (including $276.9 million to be paid to a supplemental opioid abatement fund established, structured and administered by the Nine and New Hampshire over 18 years as set forth in the Plan).

Pursuant to bankruptcy law, the Debtors' bankruptcy petitions operated to automatically stay certain litigation from commencing or continuing against the Debtors.  In addition, on November 6, 2019, the Bankruptcy Court entered a preliminary injunction order enjoining opioid-related litigation against the Debtors and certain related entities through April 8, 2020 (the "Preliminary Injunction").  The Preliminary Injunction was most recently extended through and including the date that is 30 days after the date on which the United States Court of Appeals for the Second Circuit (the "Second Circuit") issues a decision in the appeals from the SDNY District Court's December 16, 2021 order vacating the Bankruptcy Court's order confirming the Plan, provided that, if the Second Circuit has not issued a decision in the appeals by July 15, 2022, any party in interest, for cause shown and upon proper notice, may move to shorten or terminate the Preliminary Injunction.

The Company had concluded that it was probable that a loss has been incurred for the Proposed

National Settlement, and the Company recorded a provision in its 2018 consolidated financial statements for the initial Proposed National Settlement in accordance with ASC 450, Accounting for Contingencies, in the amount of $3.0 billion.  As no amount was better than any other in the range, this represented the low end of the range of the loss which the Company ultimately expected to be paid by the principal shareholders of the Company.

In 2020, the Company recorded an additional loss of $1.275 billion related to the amended Proposed National Settlement for a total of $4.275 billion, representing the amount in excess of the $3 billion accrued in 2018 and the Company concluded that it is probable that a $4.275 billion loss has been incurred for the Proposed National Settlement in accordance with ASC 450, Accounting for Contingencies, representing the amounts the Company's shareholders are required to pay as filed in the Disclosure Statement in March 2021. In 2021, the Company recorded a further loss of $1.225 billion related to the Term Sheet agreed upon by the Sackler Mediation Parties, and an additional payment obligation included in the amended Plan. The corresponding liability associated with the settlement charge of $5.50 billion and $4.275 billion are included in Liabilities Subject to Compromise at December 31, 2021 and 2020, respectively.

The Company will reclassify the liability that will be paid by the Company's shareholders to equity as a capital contribution at such time as a settlement agreement is executed and the shareholders are legally bound to make the cash settlement.

The Company's shareholders entered into a settlement agreement directly with the DOJ in November 2020. The Company's shareholders paid the DOJ $225.1 million in November 2020, which is inclusive of interest. The settlement payment made by the Company's shareholders was recorded as a settlement expense and treated as a capital contribution in 2020.

As discussed in Note 1, the Plan also incorporated a mediated agreement as to the fixed amounts that will be paid to various classes of private creditors, with residual value under the Plan being distributed through two newly established national opioid abatement trusts, the National Opioid Abatement Trust (the "NOAT") and the Tribe Trust, on account of the claims brought by state and local municipalities and counties and Native American tribes.  The vast majority of the filed Proofs of Claim assert unsecured opioid litigation claims, including the claims included in the following classes under the Plan: Non-Federal Domestic Governmental Claims (Class 4); Tribe Claims (Class 5); Hospital Claims (Class 6); Third-Party Payor Claims (Class 7); Ratepayer Claims (Class 8); NAS Monitoring Claims (Class 9); NAS PI Claims (Class 10(a)); and Non-NAS PI Claims (Class 10(b)).  While there are claims filed against the Company as Secured Claims (Class 1) or Other Priority Claims (Class 2) the claims have not been evaluated or deemed allowed by the Bankruptcy Court and the Company does not believe it is either probable or estimable that these will become allowed claims, under ASC 852, Reorganizations.  Further, the Company does not believe these claims are probable or estimable under ASC 450. The Federal Government Unsecured Claims (Class 3) are covered by part of the Company's DOJ settlement of $8.344 billion.

Because of the number of claims made against the Company and the complexity and expense of litigating the validity and amount of each of the filed claims, the Company does not expect the Company or the Bankruptcy Court to ever make a determination on whether any particular claim will ultimately be allowed, nor will there be a claims allowance process heard by the Court.  Rather, the Company and the various creditor groups worked through mediators to negotiate cash distribution amounts that are proposed to be distributed on account of claims included in Classes 4-10, in the total

estimated amount of approximately $5.5225 billion. The PI Claims (Classes 10(a) and 10(b)) have a cash funding range of $700 million to $750 million. As no amount is better than any other in the range, in calculating the $5.5225 billion, the Company assumed the low end of the range of the loss for this Class. As there has been no revision to the estimated payments to classes 4-10 filed with the Bankruptcy Court in the form of an updated Plan, there have been no adjustments recorded to this amount in 2021.

As part of the Company's commitment to advance meaningful solutions to the opioid crisis, the Company is pursuing and has made substantial progress on three Public Health Initiative ("PHI") products, and the Bankruptcy Court has authorized certain steps that have facilitated that process. The Company has not made any commitments on specific quantities of PHI products as of December 31, 2021. Although the Plan indicates that the Company will provide PHI products at or below cost, management believes that it is probable that it will be providing PHI products at cost, and, therefore, no loss will be incurred. Accordingly, the Company has not recorded a loss related to PHI under ASC 450 at December 31, 2021.

There are other claims that have been filed against the Company that are not included in the settlement proposals described above that in aggregate are in excess of $600 million. These claims range from those filed by physicians, dentists, wholesalers, treatment centers and other Sackler entities. The Company either does not consider these claims to be valid, anticipates the claims will be released under the settlement proposal or views the loss accrual as neither probable nor estimable under ASC 450.

*State of Oklahoma Settlement*

The Company reached an agreement with the Oklahoma Attorney General on March 26, 2019 under the following terms: (1) the Company would contribute $102.5 million to fund the creation of a National Center for Addiction Studies & Treatment at the Oklahoma State University Wellness Center (the "Center") and donate $20 million worth of medicines to support the Center's treatment mission (recorded at the estimated fair value of the donation in the amount of $10.1 million); (2) the Company would pay $12.5 million into an abatement fund for local governments, and an additional $60 million for costs and fees related to the litigation, with any remainder reverting to the Center; and (3) the Company's shareholders would contribute $75 million to the Center paid out in five installments. The Company accrued an aggregate of $260.1 million for the settlement in its 2018 financial statements, including the amount to be paid by the Company's shareholders of $75 million. In 2019, when the settlement agreement was finalized, the $75 million liability related to the amount paid by the Company's shareholders was reclassified to equity as a capital contribution. The cash contribution amounts were paid by the Company in 2019. To date, the donations to the Center have been of de minimis value. The fair market value of the donation amount of $10.1 million is included in Other long-term liabilities at December 31, 2021 and 2020.

*Canadian Litigation*

In addition to the civil litigation filed in the United States, the Company also faces lawsuits filed in Canada by a proposed class of Canadian provincial and territorial governmental plaintiffs related to the marketing of OxyContin. The lawsuits were filed against Purdue Canada (which is an entity owned by related parties of the Company for the ultimate benefit of the Sackler family), the Company and other manufacturers and distributors of opioid products. On December 30, 2019, following a

motion filed by the Company, the Ontario Superior Court of Justice (Commercial List) presiding over the Company's ancillary proceedings under the *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended, issued an order recognizing the Preliminary Injunction and staying all actions, proceedings and claims related to the prescription of opioids in Canada as against the Company and certain other related parties. Claims against the Company, which were filed in the amount of approximately $67.4 billion, in respect of the Canadian governmental class action lawsuits are expected to be resolved through the Company's emergence from bankruptcy with all other claims. The claims have not been evaluated or deemed allowed by the Bankruptcy Court and the Company does not believe it is either probable or estimable that this will become an allowed claim, under ASC 852, Reorganizations. Further, the Company does not believe the claim is probable or estimable under ASC 450.

*Federal Matters*

In addition to the civil matters described above, the Company received a number of subpoenas, Civil Investigative Demands ("CIDs"), and letter requests from multiple components of the United States Department of Justice ("DOJ") and other government agencies, as part of a broad investigation of potential criminal and civil violations.

These inquiries covered a broad range of past behaviors including conduct related to the Company's sales and marketing practices; its Abuse and Diversion Detection ("ADD") and Suspicious Order Monitoring ("SOM") programs; payments to healthcare professionals; specialty pharmacies; business arrangements with Practice Fusion, Inc., an electronic health records ("EHR") system vendor unrelated to the Company; OxyContin and Q12 dosing; compliance with the Extended-Release/Long Acting Opioid Risk Evaluation and Mitigation Strategy. The DOJ also sought information relating to the Company's corporate structure and financials and various Sackler family members' involvement in the operations of the Company, as well as activities of Mundipharma China Pharmaceutical Company Limited and Mundipharma (Shanghai) Pharmaceuticals (which are entities owned by related parties of the Company for the ultimate benefit of the Sackler family).

On January 27, 2020, Practice Fusion, an electronics health records system vendor unaffiliated with the Company, entered into a Deferred Prosecution Agreement ("DPA") with the DOJ in which it admitted to soliciting and receiving kickbacks from the Company, which was described through an alias, and agreed to pay $145 million in criminal and civil forfeiture, fines and damages.

In July 2020, the DOJ filed claims against the Company in the aggregate amount of at least $12.5 billion relating to PPLP's past practices related to the production, sale, marketing and distribution of opioid products.

On October 21, 2020, PPLP entered into (i) a plea agreement (the "Plea Agreement") with the United States, acting through the United States Attorney's Office for the District of New Jersey (the "NJ USAO"), the United States Attorney's Office for the District of Vermont (the "VT USAO"), and the United States Department of Justice, Civil Division, Consumer Protection Branch ("DOJ Consumer Protection"), and (ii) a civil settlement agreement (the "Civil Settlement Agreement" and, together with the Plea Agreement, and including the settlements contemplated thereby and the other terms and conditions thereof, the "DOJ Resolution") with the United States, acting through the United States Department of Justice, Civil Division, Commercial Litigation Branch ("DOJ Commercial Litigation"), NJ USAO, and VT USAO and on behalf of the Office of Inspector General of the United

States Department of Health and Human Services ("HHS-OIG"), the Defense Health Agency, acting on behalf of the TRICARE Program, 10 U.S.C. §§ 1071-11 l0b ("TRICARE"), and the Office of Personnel Management.  The DOJ Resolution fully resolves the DOJ's civil and criminal investigations into PPLP's practices related to the production, sale, marketing and distribution of opioid products from May 2007 through the present.

Under the Plea Agreement, PPLP agreed to plead guilty to three counts as detailed in the Plea Agreement: (i) a dual-object conspiracy to defraud the United States and to violate the Food, Drug, and Cosmetic Act, (ii) conspiracy to violate the Federal Anti-Kickback Statute related to Purdue's payments to certain healthcare providers, and (iii) conspiracy to violate the Federal Anti-Kickback Statute related to Purdue's payments to Practice Fusion.

The Bankruptcy Court approved the Debtors entering into the DOJ Resolution on November 18, 2020. The DOJ Resolution provides for the following:

1. a $2 billion criminal forfeiture judgment which will be treated as an allowed super priority administrative claim in the bankruptcy (the "DOJ Forfeiture Judgment Claim");

2. $3.544 billion in criminal fines which will be treated as an allowed, unsubordinated, undisputed, noncontingent, liquidated general unsecured claim in the bankruptcy (the "DOJ Criminal Fine Claim"); and

3. a $2.8 billion civil damages claim which is an allowed, unsubordinated, non-contingent, liquidated general unsecured claim (the "DOJ Civil Claim"), subject to certain rescission rights on the part of the DOJ.

While the total amount of claims under the DOJ Resolution is $8.344 billion, only the $2.8 billion DOJ Civil Claim was allowed by the court order approving the Debtors entering into the DOJ Resolution. The other two claims will become allowed upon the later of (i) the entry of a judgment of conviction by the United States District Court for the District of New Jersey (the "DNJ District Court") and (ii) confirmation of the Plan.  On November 24, 2020, PPLP pled guilty before the District Court to the three felony counts set forth in the Plea Agreement.

Pursuant to the Plea Agreement, the sentencing hearing in the DNJ District Court is to be scheduled at least 75 days following confirmation of a Plan and at least seven days before emergence from chapter 11. Prior to the sentencing hearing, Purdue may withdraw from the Plea Agreement if: (1) the Bankruptcy Court rejects, or otherwise declines to confirm, a Plan that provides for the emergence of a public benefit company (or entity with a similar mission); or (2) the Office of Inspector General, U.S. Department of Health and Human Services exercises, or states an intent to exercise, any available authority to exclude PPLP's successor public benefit company (or entity with a similar mission) from participation in federal healthcare programs. At the sentencing hearing, the DNJ District Court will decide whether to accept the Plea Agreement; if the DNJ District Court rejects the Plea Agreement, Purdue or DOJ may withdraw from the Plea Agreement. If the DNJ District Court accepts the Plea Agreement at the sentencing hearing, it will enter the $2 billion forfeiture judgment and a judgment of conviction will be entered soon after the sentencing hearing.

Upon entry of the judgment of conviction, and so long as a plan of reorganization has been confirmed, then:

In re: **PURDUE PHARMA L.P.**, et al.,                                    Case No.: 19-23649 (RDD)

**Debtors**                                    Reporting Period August 1, 2022 to August 31, 2022

1. the $2 billion DOJ Forfeiture Judgment will be treated as an allowed super priority administrative claim in the bankruptcy; and

2. the $3.544 billion DOJ Criminal Fine Claim will be treated as an allowed, unsubordinated, non-contingent, liquidated general unsecured claim in the bankruptcy.

Pursuant to the Plea Agreement, the United States has agreed to provide an offset credit (the "Forfeiture Judgment Credit") for value distributed or otherwise conferred in settlement of claims asserted by upon the non-federal government creditors, up to $1.775 billion (out of the $2 billion DOJ Forfeiture Judgment), provided that the Debtors obtain confirmation of a Plan that provides that all of the Debtors' assets are transferred to a public benefit company (or entity with a similar mission). The Company will make a $225 million upfront payment to the United States in partial satisfaction of the DOJ Forfeiture Judgment within three business days following the entry of a judgment of conviction pursuant to the Plea Agreement. The remaining $1.775 billion of the DOJ Forfeiture Judgment Claim is expected to be satisfied through the Forfeiture Judgment Credit.

Pursuant to the Civil Settlement Agreement, if the Bankruptcy Court does not confirm a Plan of Reorganization in the Chapter 11 Cases that provides for the emergence from the Chapter 11 Cases of a public benefit company (or entity with a similar mission), the Company and the United States each have the option to rescind the Civil Settlement Agreement. In addition, if PPLP defaults on any material obligation under the Civil Settlement Agreement, if a Plan otherwise consistent with the Civil Settlement Agreement is not confirmed or the Chapter 11 Cases are dismissed or converted, or the Debtors' obligations under the Civil Settlement Agreement are voided for any reason, the United States may rescind the Civil Settlement Agreement.

In addition to the provisions of the Plea Agreement and Civil Settlement Agreement, the timeline for emergence from chapter 11 is expected to depend upon, among other things, (1) the Second Circuit's decision in the appeals from the SDNY District Court's December 16, 2021 order vacating the Bankruptcy Court's confirmation of the Plan, (2) the timing of the sentencing hearing in the DNJ District Court (as discussed above), and (3) the ability to obtain certain requisite permits and licenses relating to operation of the post-emergence business.

Pursuant to the Plea Agreement, PPLP is obligated to cooperate with DOJ's ongoing investigations and any resulting prosecutions pertaining to the investigations by the NJ USAO, the VT USAO, and DOJ Consumer Protection relating to PPLP. The Company is complying with this obligation, and continues to respond to subpoenas, CIDs and requests for documents and information from the federal government in connection with investigations of various third parties.

The Company recorded liabilities subject to compromise of $8.344 billion representing the total of the DOJ claim amounts. Regarding the total accrual of $8.344 billion, $2.8 billion was allowed by the Court, recorded under ASC 852, with the remaining claim amount of $5.544 billion recorded under ASC 450 based on the already signed settlement agreement with the DOJ, and as such the Company concluded that its liability under the settlement with the DOJ was probable and estimable. As noted above, the Company believes that the ultimate payment on account of the DOJ Forfeiture Judgment will be $225 million subject to contractual provisions described above. Payment on account of the DOJ's other unsecured claims is specified in the Plan in amounts that are the product of mediations.

On May 24, 2021, in supplements to the Disclosure Statement and the Plan, the Company agreed to

a payment of $20 million in full and final satisfaction of the other Federal Government Unsecured Claims (Class 3) which represent the other Federal Agency Claims filed by HHS, VA, HIS, and the Centers for Medicare & Medicaid Services. The $20 million was recorded in 2020 under ASC 450 as a loss is deemed probable and estimable based on the agreement reflected in the Disclosure Statement and Plan.

*Insurance Coverage Litigations*

The Company has a significant historical tower of product liability insurance (the "Tower") which provide coverage for all or a portion of the opioid claims filed in the Chapter 11 Cases. Previously, PPLP entered into settlement agreements with certain of the Tower insurers after a litigation which concluded in 2006. Prior to the Petition Date, the Company had exhausted approximately $200 million of available insurance under the Tower.

In October 2018, one of the Tower insurers, TIG Specialty Insurance Company (now known as Ironshore Specialty Insurance Company) ("TIG"), commenced an arbitration under English arbitration procedures against the Company and others seeking a declaration of no coverage for opioid claims. That proceeding, while still in its preliminary stages, was stayed by the filing of the Debtors' Chapter 11 Cases.

On January 26, 2021, the Company and certain creditor committees in the Chapter 11 Cases filed an adversary proceeding against the Tower insurers (including TIG) and all of the Company's general liability insurers from 2003 to 2018 (the "Adversary Proceeding"). On June 21, 2021, the Bankruptcy Court decided that the portion of the Adversary Proceeding pertaining to the Tower insurers must be stayed in favor of arbitration procedures provided for in the Tower policies. Since then, no arbitrations concerning the Tower policies have commenced, nor has the TIG arbitration proceeded further.

The remainder of the Adversary Proceeding, which addresses insurance coverage for the Company's liabilities under the 2003-2018 general liability policies, is being actively litigated. The Company and the defendant insurance companies are engaged in active fact discovery that is scheduled to conclude September 5, 2022. Under the current schedule, a trial is expected in the first half of 2023.

Further recoveries from the company's insurance policies are expected but not assured. The Plan does not assume recovery of insurance proceeds.

*Patent Litigations*

A. Hatch-Waxman Patent Litigation (ANDA and 505(b)(2)) Brought by the Company

With certain exceptions, an approved New Drug Application ("NDA") holder lists the patents that cover its approved brand-name prescription drug in the FDA Approved Drug Products with Therapeutic Equivalence Evaluations registry (the "Orange Book"). Abbreviated New Drug Application ("ANDA") and Section 505(b)(2) applicants, if seeking FDA approval prior to expiration of patents listed in the Orange Book, must provide notice of why those patents are invalid, unenforceable or not infringed. With respect to those patents listed in the Orange Book, prior to the date on which the FDA has accepted the applicant's filing, if the patent holder brings an infringement action against the generic or 505(b)(2) applicant within 45 days of receipt of that notice, it is entitled to an automatic statutory stay, effectively preventing the ANDA or 505(b)(2) applicant from

launching its product until the earlier of (i) 30 months or (ii) a court decision finding the patents-in-suit invalid, unenforceable or not infringed.

1. OxyContin® Patent Litigation (reformulation) (Generics)

From time to time, the Company receives notices from companies that seek FDA approval of their respective ANDAs to engage in the commercial manufacture, use or sale of oxycodone hydrochloride extended-release tablets prior to expiration of (i) the Company's low-ABUK oxycodone and reformulated OxyContin patents and (ii) certain of the third-party patents that the Company has licensed.  All such patents are listed in the Orange Book for reformulated OxyContin.

On or about August 25, 2020, the Company received notice that Accord Healthcare Inc. ("Accord") is seeking FDA approval of an ANDA for extended-release oxycodone prior to the expiration of Orange Book-listed OxyContin patents.  On October 8, 2020, the Company commenced litigation in the United States District Court for the District of Delaware ("Delaware District Court") against Accord for infringement of certain Orange Book-listed patents.  A scheduling order was entered by the Court on April 23, 2021 setting a three-day trial beginning on September 19, 2022 regarding the validity of the asserted patent claims. Accord previously has conceded infringement of the asserted claims. Fact discovery concluded on February 4, 2022, and expert discovery is ongoing. On or about May 26, 2022, the Company received notice that Accord is seeking FDA approval for its extended-release oxycodone product before the expiration of two newly issued Orange Book patents. The Company is considering its response.

2. OxyContin Patent Litigation (Branded)

On or about February 12 and September 24, 2015, the Company received notices that Collegium Pharmaceutical, Inc. ("Collegium") was seeking FDA approval of a 505(b)(2) NDA for its XTAMPZA ER™ oxycodone product prior to the expiration of all OxyContin patents listed in the Orange Book.  On March 24 and 26, and November 6, 2015, the Company commenced litigation against Collegium for infringement of several low-ABUK oxycodone patents and another patent owned by the Company.  The litigations were before the United States District Court of the District of Massachusetts (the "Massachusetts District Court").  On February 18, 2016, the Massachusetts District Court granted Rule 54(b) Judgment as to the low-ABUK patents.  On March 18, 2016, the Company filed its Notice of Appeal, and on December 13, 2016, the Massachusetts District Court dismissed the appeal.

On April 26, 2016, the FDA granted final approval of the XTAMPZA ER™ NDA.  On or about June 20, 2016, Collegium launched XTAMPZA® ER.  The Company is now experiencing branded competition for OxyContin.

On June 10, 2016, the Company filed suit against Collegium in the Massachusetts District Court asserting infringement of a newly issued patent owned by the Company.  The action was subsequently dismissed.  On April 21, 2017, the Company filed another suit against Collegium in the Massachusetts District Court asserting infringement of a newly issued low ABUK patent.  On September 28, 2018, the Massachusetts District Court entered a Memorandum And Order On Defendant's Motion For Summary Judgment granting summary judgment of non-infringement to Collegium of U.S. Patents 8,652,497 and 9,155,717, and denying Collegium's motion regarding the low ABUK patent.

In re: **PURDUE PHARMA L.P., et al.,**                                      Case No.: 19-23649 (RDD)
**Debtors**                                      **Reporting Period August 1, 2022 to August 31, 2022**

On October 6, 2017, the Company filed suit against Collegium in the Massachusetts District Court asserting infringement of two of the low-ABUK patents.

On September 21, 2017, the Company filed a separate suit against Collegium asserting infringement of a newly issued patent owned by the Company in the Massachusetts District Court.  On September 18, 2019, the Company filed a notice of its Chapter 11 Cases with the Massachusetts District Court.  On September 20, 2019, the court stayed the litigations pending further order of the court.  On February 2, 2021, the Company filed a motion to lift the stay.  On April 2, 2021, the court lifted the stay and entered a Scheduling Order covering events to the end of pre-trial discovery.   In addition, Collegium requested, and the United States Patent and Trademark Office (PTO) instituted, Post Grant Review for the patent-in-suit in this action.  The PTO Patent Trial and Appeal Board issued a Final Written Decision invalidating the claims in that patent.  On February 16, 2022, the Company appealed that decision to the Federal Circuit. The Company intends to file its Opening Brief prior to July 19, 2022, in accordance with the current briefing schedule.

On April 9, 2021, the Company filed another suit against Collegium for infringement of U.S. Patent 10,407,434.  Collegium moved to dismiss the complaint on May 7, 2021.  The Company filed a First Amended Complaint under seal on May 21, 2021.  Collegium again moved to dismiss which motion is pending before the Court.  In the meantime, fact discovery and expert discovery are ongoing.  The Court has not yet issued an order on Collegium's pending motion. From July to September 2021, the parties also briefed various claim construction disputes, and the Court held a claim construction hearing on October 5, 2021.  The Court has not yet issued a claim construction decision. The Court later amended the scheduling order, extending remaining deadlines**.** The next status conference before the Court is scheduled for July 11, 2022.  No pre-trial conference or  trial date has been set yet.

At this stage, the Company is unable to evaluate the likelihood of an outcome.

On February 7, 2018, the Company filed suit in the Delaware District Court against Collegium alleging that Collegium's offering for sale and selling Nucynta® (tapentadol) tablets and Nucynta® ER (tapentadol) extended-release tablets infringe three patents owned by the Company.   On September 14, 2021, the Delaware District Court entered an order administratively closing the action until further order of the court, ordering the parties to notify the court when the bankruptcy proceedings have been resolved so that the case may be reopened.

On February 24, 2017, February 2, 2018, March 6, 2018, August 5, 2019, and March 17, 2020, the Company received notices that Intellipharmaceutics Corporation ("IPC") is seeking FDA approval of a 505(b)(2) NDA for extended-release oxycodone prior to the expiration of Orange Book-listed OxyContin patents.  On April 7, 2017, March 14, 2018, and April 15, 2020, the Company commenced litigations in the Delaware District Court against IPC for infringement of certain Orange Book-listed patents. The Company filed a notice of its Chapter 11 Cases in the first two cases on September 18, 2019.  The parties entered into a Stipulated Dismissal Agreement (the "SDA") dated July 2, 2020, whereby the parties stipulated a dismissal of the pending Actions.  Pursuant to the SDA, if IPC gets final FDA approval of its NDA product, then the parties have 30 days after receipt by the Company of the final approval to resolve all patent claims.  If the parties cannot resolve all claims, the Company has the right to begin a new action against IPC, subject to certain restrictions in the SDA. The Delaware District Court So Ordered the Stipulated Dismissal on July 28, 2020. On August 18, 2020, and on April 26, 2021, the Delaware District Court ordered that the deadlines for destruction of discovery be extended for another year.  The parties stipulated to a further extension to August 23,

**In re: PURDUE PHARMA L.P., et al.,**                                    **Case No.: 19-23649 (RDD)**
    **Debtors**                                    **Reporting Period August 1, 2022 to August 31, 2022**

2022.

The Company has recorded settlement expense of $2.5 million in 2018 related to the Company's estimate of the probable loss related to a stipulated dismissal of the IPC Patent Infringement Actions, which was paid in 2020.

*Other Matters*

The Company is involved in various other litigation, government proceedings and claims, not described above, that arise in the normal course of business. While it is not possible to determine a reasonable estimate of the ultimate outcome or the duration of such a litigation, proceedings or claims, the Company believes that based on its current knowledge and the advice of counsel, that such litigation, proceedings or claims will not have a material impact on the Company's financial position or results of operations.

**In re: PURDUE PHARMA L.P., et al.,**                                    **Case No.: 19-23649 (RDD)**
**Debtors**                                    **Reporting Period August 1, 2022 to August 31, 2022**

## SCHEDULE OF POST PETITION TAXES

Office of the U. S. Trustee

Re: Monthly Operating Report Attestation Regarding Post Petition Taxes

The Debtor, PURDUE PHARMA L.P. and its affiliate Debtors hereby submit this attestation
regarding post petition taxes.

All post petition taxes, which are not subject to dispute or reconciliation, are current.  There are no
material disputes or reconciliations.

_____
Signature

In re:  PURDUE PHARMA L.P., et al.,                                    Case No.: 19-23649 (RDD)
    Debtors                                  Reporting Period August 1, 2022 to August 31, 2022

### SCHEDULE OF PAYMENTS TO INSIDERS ($)

| NAME | AMOUNT PAID DURING THE REPORTING PERIOD | CUMULATIVE [1] |
|---|---|---|
| *Compensation* | | |
| Chomiak, Caroline | $                          - | $             261,662 |
| Kesselman, Marc L [2] | 175,593 | 15,646,276 |
| Landau, Craig J | 221,854 | 16,481,007 |
| Lowne, Jonathan R | - | 5,082,887 |
| Lundie, David R | - | 5,187,257 |
| Mancinelli II, Vincent F | 38,585 | 2,737,129 |
| Mazzi, Christian | - | 439,030 |
| Medeiros, Paul | - | 1,280,482 |
| Ronan, Terrence | 77,951 | 1,862,721 |
| Shamblen, Randy | - | 2,011,411 |
| Strassburger, Philip C | - | 1,614,331 |
| **Total Compensation** | **513,982** | **52,604,193** |
| | | |
| *Director Fees* | | |
| Boer, F Peter | - | 2,100,000 |
| Buckfire, Kenneth A | - | 2,100,000 |
| Cola, Michael | - | 2,100,000 |
| Collins, Michael J | - | 25,000 |
| Dubel, John | - | 2,100,000 |
| Miller, Robert S | 208,333 | 7,083,333 |
| Muhlhauser, Eckhard | - | 25,000 |
| Pickett, Cecil | - | 2,100,000 |
| **Total Director Fees** | **208,333** | **17,633,333** |
| | | |
| *T&E Reimbursements* | | |
| Boer, F Peter | - | 10,907 |
| Buckfire, Kenneth A | - | 1,565 |
| Chomiak, Caroline | - | 30,408 |
| Cola, Michael | - | 1,388 |
| Debone, Louis | - | 1,245 |
| Dubel, John | - | 4,714 |
| Kesselman, Marc L | 713 | 80,938 |
| Landau, Craig J | 655 | 112,834 |
| Lowne, Jonathan R | - | 2,391 |
| Lundie, David R | - | 31,369 |
| Mancinelli II, Vincent F | - | 71,845 |
| Mazzi, Christian | - | 3,734 |
| Medeiros, Paul | - | 38,687 |
| Miller, Robert S | - | 10,315 |
| Pickett, Cecil | - | 1,298 |
| Ronan, Terrence | - | 3,952 |
| Shamblen, Randy | - | 11,738 |
| Strassburger, Philip C | - | 16,150 |
| **Total T&E Reimbursements** | **1,368** | **435,480** |
| | | |
| *Housing Payments* | | |
| Kesselman, Marc L | 4,673 | 178,799 |
| Ronan, Terrence | 105 | 15,530 |
| **Total Housing Payments** | **4,778** | **194,329** |
| | | |

In re: **PURDUE PHARMA L.P., et al.,**                     **Case No.: 19-23649 (RDD)**
　　　　**Debtors**                     **Reporting Period August 1, 2022 to August 31, 2022**

### SCHEDULE OF PAYMENTS TO INSIDERS ($)

| NAME | AMOUNT PAID DURING THE REPORTING PERIOD | CUMULATIVE [1] |
|---|---|---|
| ***Indemnification Payments*** | | |
| Barton, Maria | 47,431 | 159,198 |
| Baker, Stuart D [3] | 12,448 | 2,133,350 |
| Friedman, Michael | - | 247,964 |
| Landau, Craig J | 4,054 | 6,139,314 |
| Lundie, David R | - | 50,953 |
| Motahari, Saeed | 37,824 | 76,115 |
| Roncalli, Anthony | - | 1,805,084 |
| Stewart, John | - | 147,910 |
| Strassburger, Philip | 32,751 | 45,534 |
| Timney, Mark | - | 1,241,817 |
| Purdue Pharma Inc Independent Directors [4] | 76,807 | 2,541,371 |
| **Total Indemnification Payments** | **211,315** | **14,588,610** |
| | | |
| ***Payments to Independent Associated Companies*** | | |
| Mundibiopharma Ltd | - | 55,332 |
| Mundipharma AG (Switzerland) | - | 563,094 |
| Mundipharma DC BV | - | 401,436 |
| Mundipharma International Ltd | - | 11,053 |
| Mundipharma International Technical Operations Ltd | - | 21,782 |
| Mundipharma IT Services Ltd | - | 278,603 |
| Mundipharma Laboratories GmbH | - | 1,590,148 |
| Mundipharma Research Ltd | - | 11,620,280 |
| Mundipharma Singapore Holdings Pte Ltd | - | 60,675 |
| One Stamford Realty L.P. | 973,134 | 24,439,718 |
| Pharmaceutical Research Associates Inc. | 182,314 | 9,107,505 |
| Purdue Pharma Canada | - | 6,229,904 |
| Purdue Pharma Technologies Inc. | - | 26,350 |
| Terramar Foundation | - | 1,000 |
| TXP Services Inc. [5] | 58,333 | 7,976,365 |
| **Total Payments to Independent Associated Companies** | **1,213,780** | **62,383,244** |
| | | |
| **Total Payments to Insiders** | **$          2,153,557** | **$          147,839,188** |

**Footnotes**

1) Represents payments made since the Commencement Date.

2) Automobile allowance for Marc L. Kesselman is partially received in cash and partially through personal usage of a company-owned vehicle.

3) Indemnification payments made in June 2020 on behalf of Stuart D. Baker were inadvertently in amounts exceeding the 50% reimbursement rate approved by the Special Committee of Purdue Pharma Inc.'s Board of Directors, totaling $12,390. Overpayments are in the process of being reversed through future invoice credits, repayment from respective law firms, and/or reimbursement from Stuart D. Baker. Currently, $2,308.0 of this total remains outstanding.

4) These indemnification payments relate to litigation in which the following current and former Independent Directors of Purdue Pharma Inc. are all listed as defendants: Boer, F Peter; Costa, Paolo; Lewent, Judy; Pickett, Cecil; and Snyderman, Ralph.

5) Payments to TXP include a monthly charge of approximately $58,333 for Anthony Roncalli's service as a Director for Purdue Pharma Inc.

In re: PURDUE PHARMA L.P., et al.,          Case No.: 19-23649 (RDD)
          Debtors          Reporting Period August 1, 2022 to August 31, 2022

**SCHEDULE OF RETAINED RESTRUCTURING PROFESSIONAL FEES ($)**

| NAME | AMOUNT PAID DURING THE REPORTING PERIOD | CUMULATIVE [1,2,3] |
|---|---|---|
| *Estate Professionals* | | |
| Davis Polk & Wardwell LLP | $          1,419,520 | $          217,761,135 |
| AlixPartners, LLP | 800,807 | 32,955,303 |
| PJT Partners LP | - | 7,456,518 |
| Ernst & Young | - | 3,099,648 |
| Cornerstone Research | - | 4,471,869 |
| Kroll LLC/ Prime Clerk LLC | 597,464 | 84,684,899 |
| Grant Thornton LLP | - | 1,010,524 |
| Sullivan & Worcester LLP | - | 459,302 |
| **Total Estate Professionals** | **2,817,791** | **351,899,198** |
| | | |
| *Creditor Committee Professionals* | | |
| Akin Gump Strauss Hauer & Feld LLP | - | 100,142,989 |
| Bayard, P.A. | - | 1,170,655 |
| Cole Schotz P.C. | - | 21,383,251 |
| Jefferies LLC | - | 6,854,075 |
| KPMG | - | 3,921,735 |
| Province, Inc. | - | 31,851,926 |
| Kurtzman Carson Consultants LLC | - | 990,711 |
| Bedell Cristin | - | 930,519 |
| **Total Creditor Committee Professionals** | **-** | **167,245,862** |
| | | |
| *Ad Hoc Committee Professionals* | | |
| Kramer Levin Naftalis & Frankel LLP | - | 25,000,591 |
| Brown Rudnick LLP | 35,829 | 13,202,759 |
| Gilbert LLP | 367,459 | 16,922,718 |
| Otterbourg PC | 14,444 | 4,287,236 |
| FTI Consulting, Inc | - | 12,793,714 |
| Houlihan Lokey | - | 5,637,818 |
| Compass Lexecon | - | - |
| Coulter & Justice | - | - |
| Caplin Drysdale | 244,924 | 6,098,042 |
| **Total Ad Hoc Committee Professionals** | **662,656** | **83,942,877** |
| | | |
| *Special Counsel to the Debtors* | | |
| Arnold Porter & Kaye Scholer | 70,416 | 5,191,723 |
| Dechert LLP | 260,630 | 16,653,126 |
| Jones Day | - | 7,528,115 |
| King & Spalding LLP | - | 24,060,712 |
| Skadden, Arps, Slate, Meagher & Flom LLP | - | 31,343,414 |
| Wilmer Cutler Pickering Hale and Door LLP | - | 1,491,425 |
| Latham & Watkins LLP | - | 598,961 |
| Reed Smith LLP | 245,216 | 846,453 |
| **Total Special Counsel Professionals** | **576,262** | **87,713,929** |
| | | |
| **The Law Offices of Kenneth Feinberg (Mediator)** | - | 5,502,648 |
| **Phillips ADR (Mediator)** | - | 5,504,089 |
| **Bielli & Klauder, LLC (Fee Examiner)** | 88,000 | 1,436,375 |
| **Tom Vilsack (Court appointed monitor)** | - | 201,350 |
| **NextChapter LLC (New Court Appointed Monitor - Steve Bullock)** | 10,246 | 616,791 |
| **Ernst & Young (Canada), Court Appointed Information Officer** | - | 568,646 |
| **Squire Patton Boggs US LLP (Attorney to the Examiner)** | - | 204,679 |
| **Pullman & Comley, LLC (Counsel to the Objecting States)** | - | 569,391 |
| **Kleinberg Kaplan (Counsel to the State of Washington)[3]** | 71,924 | 2,596,180 |
| | | |
| **Total Retained Restructuring Professional Fees** | $          4,226,878 | $          708,002,015 |

Footnotes

1) Represents payments made since the Commencement Date

2) Amounts exclude fees approved and paid via prepetition retainer balances

3) The amounts were paid to Washington Attorney General's Office at the request of Kleinberg Kaplan

**In re: PURDUE PHARMA L.P., et al.,**          Case No.: 19-23649 (RDD)
  **Debtors**          **Reporting Period August 1, 2022 to August 31, 2022**

DEBTOR QUESTIONNAIRE

| Must be completed each month. If the answer to any of the questions is "Yes", provide a detailed explanation of each item. Attach additional sheets if necessary. | Yes | No | Comments |
|---|:---:|:---:|---|
| Have any assets been sold or transferred outside the normal course of business this reporting period? | | X | |
| Have any funds been disbursed from any account other than a debtor in possession account this reporting period? | | X | |
| Is the Debtor delinquent in the timely filing of any post-petition tax returns? | | X | |
| Are workers compensation, general liability or other necessary insurance coverages expired or cancelled, or has the debtor received notice of expiration or cancellation of such policies? | | X | |
| Is the Debtor delinquent in paying any insurance premium payment? | | X | |
| Have any payments been made on pre-petition liabilities this reporting period? | | X | |
| Are any post petition receivables (accounts, notes or loans) due from related parties? | X | | Purdue Pharma, LP receives royalties from affiliated entities for foreign sales of certain products. |
| Are any post petition payroll taxes past due? | | X | |
| Are any post petition State or Federal income taxes past due? | | X | |
| Are any post petition real estate taxes past due? | | X | |
| Are any other post petition taxes past due? | | X | |
| Have any pre-petition taxes been paid during this reporting period? | | X | |
| Are any amounts owed to post petition creditors delinquent? | | X | |
| Are any wage payments past due? | | X | |
| Have any post petition loans been received by the Debtor from any party? | | X | |
| Is the Debtor delinquent in paying any U.S. Trustee fees? | | X | |
| Is the Debtor delinquent with any court ordered payments to attorneys or other professionals? | | X | |
| Have the owners or shareholders received any compensation outside of the normal course of business? | | X | |

## UNITED STATES BANKRUPTCY COURT

SOUTHERN  DISTRICT OF  NEW YORK

DIVISION

In Re. PURDUE PHARMA INC.                                   §          Case No.  19-23648
                                                            §
_____                            §          Lead Case No.  19-23649
                         Debtor(s)                          §
                                                            §          ☒ Jointly Administered

# Monthly Operating Report                                                           Chapter 11

Reporting Period Ended: 08/31/2022                          Petition Date: 09/15/2019

Months Pending: 36                                          Industry Classification: | 3 | 2 | 5 | 4 |

Reporting Method:              Accrual Basis ◯       Cash Basis ⦿

Debtor's Full-Time Employees (current):                     0

Debtor's Full-Time Employees (as of date of order for relief):    0

**Supporting  Documentation** (check all that are attached):

(For jointly administered debtors, any required schedules must be provided on a non-consolidated basis for each debtor)

☒     Statement of cash receipts and disbursements
☐     Balance sheet containing the summary and detail of the assets, liabilities and equity (net worth) or deficit
☐     Statement of operations (profit or loss statement)
☐     Accounts receivable aging
☐     Postpetition liabilities aging
☐     Statement of capital assets
☐     Schedule of payments to professionals
☐     Schedule of payments to insiders
☐     All bank statements and bank reconciliations for the reporting period
☐     Description of the assets sold or transferred and the terms of the sale or transfer

Eli J. Vonnegut                                             Eli J. Vonnegut
Signature of Responsible Party                             Printed Name of Responsible Party

9/22/2022
Date

                                                           450 Lexington Avenue, New York, NY 10017
                                                           Address

STATEMENT: This Periodic Report is associated with an open bankruptcy case; therefore, Paperwork Reduction Act exemption 5 C.F.R.
§ 1320.4(a)(2) applies.

                                           25

UST Form 11-MOR (06/07/2021)

Debtor's Name  PURDUE PHARMA INC.

Case No.  19-23648

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

| Part 1: Cash Receipts and Disbursements | Current Month | Cumulative |
|---|---|---|
| a. Cash balance beginning of month | $1,467,113 | |
| b. Total receipts (net of transfers between accounts) | $0 | $0 |
| c. Total disbursements (net of transfers between accounts) | $266,667 | $0 |
| d. Cash balance end of month (a+b-c) | $1,200,446 | |
| e. Disbursements made by third party for the benefit of the estate | $0 | $0 |
| f. Total disbursements for quarterly fee calculation (c+e) | $266,667 | $0 |

| Part 2:  Asset and Liability Status (Not generally applicable to Individual Debtors. See Instructions.) | Current Month |
|---|---|
| a. Accounts receivable (total net of allowance) | $0 |
| b. Accounts receivable over 90 days outstanding (net of allowance) | $0 |
| c. Inventory     (Book ◉  Market ○  Other ○   (attach explanation)) | $0 |
| d  Total current assets | $0 |
| e. Total assets | $0 |
| f. Postpetition payables (excluding taxes) | $0 |
| g. Postpetition payables past due (excluding taxes) | $0 |
| h. Postpetition taxes payable | $0 |
| i. Postpetition taxes past due | $0 |
| j. Total postpetition debt (f+h) | $0 |
| k. Prepetition secured debt | $0 |
| l. Prepetition priority debt | $0 |
| m. Prepetition unsecured debt | $0 |
| n. Total liabilities (debt) (j+k+l+m) | $0 |
| o. Ending equity/net worth (e-n) | $0 |

| Part 3:  Assets Sold or Transferred | Current Month | Cumulative |
|---|---|---|
| a. Total cash sales price for assets sold/transferred outside the ordinary course of business | $0 | $0 |
| b. Total payments to third parties incident to assets being sold/transferred outside the ordinary course of business | $0 | $0 |
| c. Net cash proceeds from assets sold/transferred outside the ordinary course of business (a-b) | $0 | $0 |

| Part 4:  Income Statement (Statement of Operations) (Not generally applicable to Individual Debtors. See Instructions.) | Current Month | Cumulative |
|---|---|---|
| a. Gross income/sales (net of returns and allowances) | $0 | |
| b. Cost of goods sold (inclusive of depreciation, if applicable) | $0 | |
| c. Gross profit (a-b) | $0 | |
| d. Selling expenses | $0 | |
| e. General and administrative expenses | $0 | |
| f. Other expenses | $0 | |
| g. Depreciation and/or amortization (not included in 4b) | $0 | |
| h. Interest | $0 | |
| i. Taxes (local, state, and federal) | $0 | |
| j. Reorganization items | $0 | |
| k. Profit (loss) | $0 | $0 |

26

UST Form 11-MOR (06/07/2021)

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Part 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

Debtor's Name  PURDUE PHARMA INC.                                Case No.  19-23648

## Part 5:  Professional Fees and Expenses

|  |  | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|
| a. | Debtor's professional fees & expenses (bankruptcy)  *Aggregate Total* | $0 | $0 | $0 | $0 |
|  | *Itemized Breakdown by Firm* | | | | |
|  | Firm Name | Role | | | |
| i |  |  | $0 | $0 | $0 | $0 |
| ii |  |  | $0 | $0 | $0 | $0 |

|  |  | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|
| b. | Debtor's professional fees & expenses (nonbankruptcy)  *Aggregate Total* | $0 | $0 | $0 | $0 |
|  | *Itemized Breakdown by Firm* | | | | |
|  | Firm Name | Role | | | |
| i |  |  | $0 | $0 | $0 | $0 |
| ii |  |  | $0 | $0 | $0 | $0 |
| c. | All professional fees and expenses (debtor & committees) | $0 | $0 | $0 | $0 |

## Part 6:  Postpetition Taxes

|  |  | Current Month | Cumulative |
|---|---|---|---|
| a. | Postpetition income taxes accrued (local, state, and federal) | $0 | $0 |
| b. | Postpetition income taxes paid (local, state, and federal) | $0 | $0 |
| c. | Postpetition employer payroll taxes accrued | $0 | $0 |
| d. | Postpetition employer payroll taxes paid | $0 | $0 |
| e. | Postpetition property taxes paid | $0 | $0 |
| f. | Postpetition other taxes accrued (local, state, and federal) | $0 | $0 |
| g. | Postpetition other taxes paid (local, state, and federal) | $0 | $0 |

## Part 7: Questionnaire - During this reporting period:

a. Were any payments made on prepetition debt?  (if yes, see Instructions)    Yes ○   No ⦿

b. Were any payments made outside the ordinary course of business without court approval?  (if yes, see Instructions)    Yes ○   No ⦿

c. Were any payments made to or on behalf of insiders?    Yes ○   No ⦿

d. Are you current on postpetition tax return filings?    Yes ○   No ⦿

e. Are you current on postpetition estimated tax payments?    Yes ○   No ⦿

f. Were all trust fund taxes remitted on a current basis?    Yes ○   No ⦿

g. Was there any postpetition borrowing, other than trade credit? (if yes, see Instructions)    Yes ○   No ⦿

h. Were all payments made to or on behalf of professionals approved by the court?    Yes ○   No ○   N/A ⦿

i. Do you have:    Worker's compensation insurance?    Yes ○   No ⦿

    If yes, are your premiums current?    Yes ○   No ○   N/A ⦿   (if no, see Instructions)

    Casualty/property insurance?    Yes ○   No ⦿

    If yes, are your premiums current?    Yes ○   No ○   N/A ⦿   (if no, see Instructions)

    General liability insurance?    Yes ○   No ⦿

    If yes, are your premiums current?    Yes ○   No ○   N/A ⦿   (if no, see Instructions)

j. Has a plan of reorganization been filed with the court?    Yes ○   No ⦿

UST Form 11-MOR (06/07/2021)

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

| | | |
|---|---|---|
| k. | Has a disclosure statement been filed with the court? | Yes ○  No ◉ |
| l. | Are you current with quarterly U.S. Trustee fees as set forth under 28 U.S.C. § 1930? | Yes ○  No ◉ |

## Part 8: Individual Chapter 11 Debtors (Only)

| | | |
|---|---|---|
| a. | Gross income (receipts) from salary and wages | $0 |
| b. | Gross income (receipts) from self-employment | $0 |
| c. | Gross income from all other sources | $0 |
| d. | Total income in the reporting period (a+b+c) | $0 |
| e. | Payroll deductions | $0 |
| f. | Self-employment related expenses | $0 |
| g. | Living expenses | $0 |
| h. | All other expenses | $0 |
| i. | Total expenses in the reporting period (e+f+g+h) | $0 |
| j. | Difference between total income and total expenses (d-i) | $0 |
| k. | List the total amount of all postpetition debts that are past due | $0 |
| l. | Are you required to pay any Domestic Support Obligations as defined by 11 U.S.C § 101(14A)? | Yes ○  No ◉ |
| m. | If yes, have you made all Domestic Support Obligation payments? | Yes ○  No ○  N/A ◉ |

### Privacy Act Statement

28 U.S.C. § 589b authorizes the collection of this information, and provision of this information is mandatory under 11 U.S.C. §§ 704, 1106, and 1107. The United States Trustee will use this information to calculate statutory fee assessments under 28 U.S.C. § 1930(a)(6). The United States Trustee will also use this information to evaluate a chapter 11 debtor's progress through the bankruptcy system, including the likelihood of a plan of reorganization being confirmed and whether the case is being prosecuted in good faith. This information may be disclosed to a bankruptcy trustee or examiner when the information is needed to perform the trustee's or examiner's duties or to the appropriate federal, state, local, regulatory, tribal, or foreign law enforcement agency when the information indicates a violation or potential violation of law. Other disclosures may be made for routine purposes. For a discussion of the types of routine disclosures that may be made, you may consult the Executive Office for United States Trustee's systems of records notice, UST-001, "Bankruptcy Case Files and Associated Records." See 71 Fed. Reg. 59,818 et seq. (Oct. 11, 2006). A copy of the notice may be obtained at the following link: http://www.justice.gov/ust/eo/rules_regulations/index.htm. Failure to provide this information could result in the dismissal or conversion of your bankruptcy case or other action by the United States Trustee. 11 U.S.C. § 1112(b)(4)(F).

**I declare under penalty of perjury that the foregoing Monthly Operating Report and its supporting documentation are true and correct and that I have been authorized to sign this report on behalf of the estate.**

Terrence Ronan
_____
Signature of Responsible Party

Terrence Ronan
_____
Printed Name of Responsible Party

Chief Financial Officer
_____
Title

9/22/2022
_____
Date

## UNITED STATES BANKRUPTCY COURT

SOUTHERN  DISTRICT OF  NEW YORK

DIVISION

In Re. PURDUE PHARMA L.P.     §     Case No.  19-23649

            §

_____ §     Lead Case No.  19-23649

    Debtor(s)       §

              ☒ Jointly Administered

# Monthly Operating Report          Chapter 11

Reporting Period Ended: 08/31/2022       Petition Date: 09/15/2019

Months Pending: 36           Industry Classification: | 3 | 2 | 5 | 4 |

Reporting Method:     Accrual Basis ◯    Cash Basis ◉

Debtor's Full-Time Employees (current):       192

Debtor's Full-Time Employees (as of date of order for relief):    241

**Supporting  Documentation** (check all that are attached):

(For jointly administered debtors, any required schedules must be provided on a non-consolidated basis for each debtor)

☒   Statement of cash receipts and disbursements
☐   Balance sheet containing the summary and detail of the assets, liabilities and equity (net worth) or deficit
☐   Statement of operations (profit or loss statement)
☐   Accounts receivable aging
☐   Postpetition liabilities aging
☐   Statement of capital assets
☐   Schedule of payments to professionals
☐   Schedule of payments to insiders
☐   All bank statements and bank reconciliations for the reporting period
☐   Description of the assets sold or transferred and the terms of the sale or transfer

Eli J. Vonnegut           Eli J. Vonnegut
_____     _____
Signature of Responsible Party      Printed Name of Responsible Party

9/22/2022
_____
Date

             450 Lexington Avenue, New York, NY 10017
             _____
             Address

STATEMENT: This Periodic Report is associated with an open bankruptcy case; therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

UST Form 11-MOR (06/07/2021)

Debtor's Name PURDUE PHARMA L.P.

Case No. 19-23649

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

| Part 1: Cash Receipts and Disbursements | Current Month | Cumulative |
|---|---|---|
| a. Cash balance beginning of month | $1,030,195,504 | |
| b. Total receipts (net of transfers between accounts) | $74,449,671 | $0 |
| c. Total disbursements (net of transfers between accounts) | $45,813,091 | $0 |
| d. Cash balance end of month (a+b+c) | $1,058,832,084 | |
| e. Disbursements made by third party for the benefit of the estate | $0 | $0 |
| f. Total disbursements for quarterly fee calculation (c+e) | $45,813,091 | $0 |

| Part 2:  Asset and Liability Status (Not generally applicable to Individual Debtors. See Instructions.) | Current Month |
|---|---|
| a. Accounts receivable (total net of allowance) | $0 |
| b. Accounts receivable over 90 days outstanding (net of allowance) | $0 |
| c. Inventory    (Book ⦿  Market ◯  Other ◯    (attach explanation)) | $0 |
| d Total current assets | $0 |
| e. Total assets | $0 |
| f. Postpetition payables (excluding taxes) | $0 |
| g. Postpetition payables past due (excluding taxes) | $0 |
| h. Postpetition taxes payable | $0 |
| i. Postpetition taxes past due | $0 |
| j. Total postpetition debt (f+h) | $0 |
| k. Prepetition secured debt | $0 |
| l. Prepetition priority debt | $0 |
| m. Prepetition unsecured debt | $0 |
| n. Total liabilities (debt) (j+k+l+m) | $0 |
| o. Ending equity/net worth (e-n) | $0 |

| Part 3:  Assets Sold or Transferred | Current Month | Cumulative |
|---|---|---|
| a. Total cash sales price for assets sold/transferred outside the ordinary course of business | $0 | $0 |
| b. Total payments to third parties incident to assets being sold/transferred outside the ordinary course of business | $0 | $0 |
| c. Net cash proceeds from assets sold/transferred outside the ordinary course of business (a-b) | $0 | $0 |

| Part 4:  Income Statement (Statement of Operations) (Not generally applicable to Individual Debtors. See Instructions.) | Current Month | Cumulative |
|---|---|---|
| a. Gross income/sales (net of returns and allowances) | $0 | |
| b. Cost of goods sold (inclusive of depreciation, if applicable) | $0 | |
| c. Gross profit (a-b) | $0 | |
| d. Selling expenses | $0 | |
| e. General and administrative expenses | $0 | |
| f. Other expenses | $0 | |
| g. Depreciation and/or amortization (not included in 4b) | $0 | |
| h. Interest | $0 | |
| i. Taxes (local, state, and federal) | $0 | |
| j. Reorganization items | $0 | |
| k. Profit (loss) | $0 | $0 |

UST Form 11-MOR (06/07/2021)

Debtor's Name  PURDUE PHARMA L.P.

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

Case No.  19-23649

## Part 5:  Professional Fees and Expenses

| | | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|---|
| a. | Debtor's professional fees & expenses (bankruptcy)  *Aggregate Total* | | $0 | $0 | $0 | $0 |
| | *Itemized Breakdown by Firm* | | | | | |
| | | Firm Name | Role | | | |
| | i | | | $0 | $0 | $0 | $0 |
| | ii | | | $0 | $0 | $0 | $0 |

| | | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|---|
| b. | Debtor's professional fees & expenses (nonbankruptcy)  *Aggregate Total* | | $0 | $0 | $0 | $0 |
| | *Itemized Breakdown by Firm* | | | | | |
| | | Firm Name | Role | | | |
| | i | | | $0 | $0 | $0 | $0 |
| | ii | | | $0 | $0 | $0 | $0 |
| c. | All professional fees and expenses (debtor & committees) | | $0 | $0 | $0 | $0 |

## Part 6:  Postpetition Taxes

| | | Current Month | Cumulative |
|---|---|---|---|
| a. | Postpetition income taxes accrued (local, state, and federal) | $0 | $0 |
| b. | Postpetition income taxes paid (local, state, and federal) | $0 | $0 |
| c. | Postpetition employer payroll taxes accrued | $0 | $0 |
| d. | Postpetition employer payroll taxes paid | $0 | $0 |
| e. | Postpetition property taxes paid | $0 | $0 |
| f. | Postpetition other taxes accrued (local, state, and federal) | $0 | $0 |
| g. | Postpetition other taxes paid (local, state, and federal) | $0 | $0 |

## Part 7: Questionnaire - During this reporting period:

a. Were any payments made on prepetition debt?  (if yes, see Instructions)   Yes ◯  No ◉

b. Were any payments made outside the ordinary course of business without court approval?  (if yes, see Instructions)   Yes ◯  No ◉

c. Were any payments made to or on behalf of insiders?   Yes ◯  No ◉

d. Are you current on postpetition tax return filings?   Yes ◯  No ◉

e. Are you current on postpetition estimated tax payments?   Yes ◯  No ◉

f. Were all trust fund taxes remitted on a current basis?   Yes ◯  No ◉

g. Was there any postpetition borrowing, other than trade credit? (if yes, see Instructions)   Yes ◯  No ◉

h. Were all payments made to or on behalf of professionals approved by the court?   Yes ◯  No ◯  N/A ◉

i. Do you have:  Worker's compensation insurance?   Yes ◯  No ◉

    If yes, are your premiums current?   Yes ◯  No ◯  N/A ◉  (if no, see Instructions)

    Casualty/property insurance?   Yes ◯  No ◉

    If yes, are your premiums current?   Yes ◯  No ◯  N/A ◉  (if no, see Instructions)

    General liability insurance?   Yes ◯  No ◉

    If yes, are your premiums current?   Yes ◯  No ◯  N/A ◉  (if no, see Instructions)

j. Has a plan of reorganization been filed with the court?   Yes ◯  No ◉

UST Form 11-MOR (06/07/2021)

Debtor's Name  PURDUE PHARMA L.P.                                         Case No. 19-23649

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

| | | | |
|---|---|---|---|
| k. | Has a disclosure statement been filed with the court? | Yes ○  No ◉ | |
| l. | Are you current with quarterly U.S. Trustee fees as set forth under 28 U.S.C. § 1930? | Yes ○  No ◉ | |

## Part 8: Individual Chapter 11 Debtors (Only)

| | | |
|---|---|---|
| a. | Gross income (receipts) from salary and wages | $0 |
| b. | Gross income (receipts) from self-employment | $0 |
| c. | Gross income from all other sources | $0 |
| d. | Total income in the reporting period (a+b+c) | $0 |
| e. | Payroll deductions | $0 |
| f. | Self-employment related expenses | $0 |
| g. | Living expenses | $0 |
| h. | All other expenses | $0 |
| i. | Total expenses in the reporting period (e+f+g+h) | $0 |
| j. | Difference between total income and total expenses (d-i) | $0 |
| k. | List the total amount of all postpetition debts that are past due | $0 |
| l. | Are you required to pay any Domestic Support Obligations as defined by 11 U.S.C § 101(14A)? | Yes ○  No ◉ |
| m. | If yes, have you made all Domestic Support Obligation payments? | Yes ○  No ○  N/A ◉ |

### Privacy Act Statement

28 U.S.C. § 589b authorizes the collection of this information, and provision of this information is mandatory under 11 U.S.C. §§ 704, 1106, and 1107. The United States Trustee will use this information to calculate statutory fee assessments under 28 U.S.C. § 1930(a)(6). The United States Trustee will also use this information to evaluate a chapter 11 debtor's progress through the bankruptcy system, including the likelihood of a plan of reorganization being confirmed and whether the case is being prosecuted in good faith. This information may be disclosed to a bankruptcy trustee or examiner when the information is needed to perform the trustee's or examiner's duties or to the appropriate federal, state, local, regulatory, tribal, or foreign law enforcement agency when the information indicates a violation or potential violation of law. Other disclosures may be made for routine purposes. For a discussion of the types of routine disclosures that may be made, you may consult the Executive Office for United States Trustee's systems of records notice, UST-001, "Bankruptcy Case Files and Associated Records." See 71 Fed. Reg. 59,818 et seq. (Oct. 11, 2006). A copy of the notice may be obtained at the following link: http://www.justice.gov/ust/eo/rules_regulations/index.htm. Failure to provide this information could result in the dismissal or conversion of your bankruptcy case or other action by the United States Trustee. 11 U.S.C. § 1112(b)(4)(F).

**I declare under penalty of perjury that the foregoing Monthly Operating Report and its supporting documentation are true and correct and that I have been authorized to sign this report on behalf of the estate.**

Terrence Ronan                                              Terrence Ronan
_____            _____
Signature of Responsible Party                          Printed Name of Responsible Party

Chief Financial Officer                                    9/22/2022
_____            _____
Title                                                              Date

UST Form 11-MOR (06/07/2021)

# UNITED STATES BANKRUPTCY COURT

## SOUTHERN   DISTRICT OF   NEW YORK

### DIVISION

In Re. PURDUE TRANSDERMAL       §
      TECHNOLOGIES L.P.          §          Case No.  19-23650
_____ §
              Debtor(s)          §          Lead Case No.  19-23649
                                 §
                                            ☒ Jointly Administered

## Monthly Operating Report                          Chapter 11

Reporting Period Ended: 08/31/2022              Petition Date: 09/15/2019

Months Pending: 36                     Industry Classification: | 3 | 2 | 5 | 4 |

Reporting Method:            Accrual Basis ◯        Cash Basis ◉

Debtor's Full-Time Employees (current):                    0

Debtor's Full-Time Employees (as of date of order for relief):      0


**Supporting  Documentation** (check all that are attached):

(For jointly administered debtors, any required schedules must be provided on a non-consolidated basis for each debtor)

☒   Statement of cash receipts and disbursements
☐   Balance sheet containing the summary and detail of the assets, liabilities and equity (net worth) or deficit
☐   Statement of operations (profit or loss statement)
☐   Accounts receivable aging
☐   Postpetition liabilities aging
☐   Statement of capital assets
☐   Schedule of payments to professionals
☐   Schedule of payments to insiders
☐   All bank statements and bank reconciliations for the reporting period
☐   Description of the assets sold or transferred and the terms of the sale or transfer


Eli J. Vonnegut                                Eli J. Vonnegut
_____                _____
Signature of Responsible Party                 Printed Name of Responsible Party

9/22/2022
_____
Date

                                               450 Lexington Avenue, New York, NY 10017
                                               _____
                                               Address


STATEMENT: This Periodic Report is associated with an open bankruptcy case; therefore, Paperwork Reduction Act exemption 5 C.F.R.
§ 1320.4(a)(2) applies.

                                        33

UST Form 11-MOR (06/07/2021)

Debtor's Name PURDUE
TRANSDERMAL TECHNOLOGIES L.P.

Case No. 19-23650

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

| Part 1: Cash Receipts and Disbursements | Current Month | Cumulative |
|---|---|---|
| a. Cash balance beginning of month | $0 | |
| b. Total receipts (net of transfers between accounts) | $0 | $0 |
| c. Total disbursements (net of transfers between accounts) | $10,527 | $0 |
| d. Cash balance end of month (a+b-c) | $-10,527 | |
| e. Disbursements made by third party for the benefit of the estate | $0 | $0 |
| f. Total disbursements for quarterly fee calculation (c+e) | $10,527 | $0 |

| Part 2: Asset and Liability Status (Not generally applicable to Individual Debtors. See Instructions.) | Current Month | |
|---|---|---|
| a. Accounts receivable (total net of allowance) | $0 | |
| b. Accounts receivable over 90 days outstanding (net of allowance) | $0 | |
| c. Inventory    (Book ⦿   Market ◯   Other ◯   (attach explanation)) | $0 | |
| d Total current assets | $0 | |
| e. Total assets | $0 | |
| f. Postpetition payables (excluding taxes) | $0 | |
| g. Postpetition payables past due (excluding taxes) | $0 | |
| h. Postpetition taxes payable | $0 | |
| i. Postpetition taxes past due | $0 | |
| j. Total postpetition debt (f+h) | $0 | |
| k. Prepetition secured debt | $0 | |
| l. Prepetition priority debt | $0 | |
| m. Prepetition unsecured debt | $0 | |
| n. Total liabilities (debt) (j+k+l+m) | $0 | |
| o. Ending equity/net worth (e-n) | $0 | |

| Part 3: Assets Sold or Transferred | Current Month | Cumulative |
|---|---|---|
| a. Total cash sales price for assets sold/transferred outside the ordinary course of business | $0 | $0 |
| b. Total payments to third parties incident to assets being sold/transferred outside the ordinary course of business | $0 | $0 |
| c. Net cash proceeds from assets sold/transferred outside the ordinary course of business (a-b) | $0 | $0 |

| Part 4: Income Statement (Statement of Operations) (Not generally applicable to Individual Debtors. See Instructions.) | Current Month | Cumulative |
|---|---|---|
| a. Gross income/sales (net of returns and allowances) | $0 | |
| b. Cost of goods sold (inclusive of depreciation, if applicable) | $0 | |
| c. Gross profit (a-b) | $0 | |
| d. Selling expenses | $0 | |
| e. General and administrative expenses | $0 | |
| f. Other expenses | $0 | |
| g. Depreciation and/or amortization (not included in 4b) | $0 | |
| h. Interest | $0 | |
| i. Taxes (local, state, and federal) | $0 | |
| j. Reorganization items | $0 | |
| k. Profit (loss) | $0 | $0 |

34

UST Form 11-MOR (06/07/2021)

Debtor's Name PURDUE TRANSDERMAL TECHNOLOGIES, L.P.

Case No. 19-23650

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

## Part 5: Professional Fees and Expenses

| | | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|---|
| a. | Debtor's professional fees & expenses (bankruptcy) *Aggregate Total* | | $0 | $0 | $0 | $0 |
| | *Itemized Breakdown by Firm* | | | | | |
| | | Firm Name | Role | | | |
| | i | | | $0 | $0 | $0 | $0 |
| | ii | | | $0 | $0 | $0 | $0 |

| | | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|---|
| b. | Debtor's professional fees & expenses (nonbankruptcy) *Aggregate Total* | | $0 | $0 | $0 | $0 |
| | *Itemized Breakdown by Firm* | | | | | |
| | | Firm Name | Role | | | |
| | i | | | $0 | $0 | $0 | $0 |
| | ii | | | $0 | $0 | $0 | $0 |
| c. | All professional fees and expenses (debtor & committees) | | $0 | $0 | $0 | $0 |

## Part 6: Postpetition Taxes

| | | Current Month | Cumulative |
|---|---|---|---|
| a. | Postpetition income taxes accrued (local, state, and federal) | $0 | $0 |
| b. | Postpetition income taxes paid (local, state, and federal) | $0 | $0 |
| c. | Postpetition employer payroll taxes accrued | $0 | $0 |
| d. | Postpetition employer payroll taxes paid | $0 | $0 |
| e. | Postpetition property taxes paid | $0 | $0 |
| f. | Postpetition other taxes accrued (local, state, and federal) | $0 | $0 |
| g. | Postpetition other taxes paid (local, state, and federal) | $0 | $0 |

## Part 7: Questionnaire - During this reporting period:

a. Were any payments made on prepetition debt? (if yes, see Instructions)  Yes ○  No ◉

b. Were any payments made outside the ordinary course of business without court approval? (if yes, see Instructions)  Yes ○  No ◉

c. Were any payments made to or on behalf of insiders?  Yes ○  No ◉

d. Are you current on postpetition tax return filings?  Yes ○  No ◉

e. Are you current on postpetition estimated tax payments?  Yes ○  No ◉

f. Were all trust fund taxes remitted on a current basis?  Yes ○  No ◉

g. Was there any postpetition borrowing, other than trade credit? (if yes, see Instructions)  Yes ○  No ◉

h. Were all payments made to or on behalf of professionals approved by the court?  Yes ○  No ○  N/A ◉

i. Do you have:     Worker's compensation insurance?  Yes ○  No ◉

    If yes, are your premiums current?  Yes ○  No ○  N/A ◉  (if no, see Instructions)

    Casualty/property insurance?  Yes ○  No ◉

    If yes, are your premiums current?  Yes ○  No ○  N/A ◉  (if no, see Instructions)

    General liability insurance?  Yes ○  No ◉

    If yes, are your premiums current?  Yes ○  No ○  N/A ◉  (if no, see Instructions)

j. Has a plan of reorganization been filed with the court?  Yes ○  No ◉

UST Form 11-MOR (06/07/2021)

Debtor's Name PURDUE TRANSDERMAL TECHNOLOGIES, L.P.

Case No. 19-23650

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

| | | | |
|---|---|---|---|
| k. | Has a disclosure statement been filed with the court? | Yes ○  No ● | |
| l. | Are you current with quarterly U.S. Trustee fees as set forth under 28 U.S.C. § 1930? | Yes ○  No ● | |

### Part 8: Individual Chapter 11 Debtors (Only)

| | | |
|---|---|---|
| a. | Gross income (receipts) from salary and wages | $0 |
| b. | Gross income (receipts) from self-employment | $0 |
| c. | Gross income from all other sources | $0 |
| d. | Total income in the reporting period (a+b+c) | $0 |
| e. | Payroll deductions | $0 |
| f. | Self-employment related expenses | $0 |
| g. | Living expenses | $0 |
| h. | All other expenses | $0 |
| i. | Total expenses in the reporting period (e+f+g+h) | $0 |
| j. | Difference between total income and total expenses (d-i) | $0 |
| k. | List the total amount of all postpetition debts that are past due | $0 |
| l. | Are you required to pay any Domestic Support Obligations as defined by 11 U.S.C § 101(14A)? | Yes ○  No ● |
| m. | If yes, have you made all Domestic Support Obligation payments? | Yes ○  No ○  N/A ● |

### Privacy Act Statement

28 U.S.C. § 589b authorizes the collection of this information, and provision of this information is mandatory under 11 U.S.C. §§ 704, 1106, and 1107. The United States Trustee will use this information to calculate statutory fee assessments under 28 U.S.C. § 1930(a)(6). The United States Trustee will also use this information to evaluate a chapter 11 debtor's progress through the bankruptcy system, including the likelihood of a plan of reorganization being confirmed and whether the case is being prosecuted in good faith. This information may be disclosed to a bankruptcy trustee or examiner when the information is needed to perform the trustee's or examiner's duties or to the appropriate federal, state, local, regulatory, tribal, or foreign law enforcement agency when the information indicates a violation or potential violation of law. Other disclosures may be made for routine purposes. For a discussion of the types of routine disclosures that may be made, you may consult the Executive Office for United States Trustee's systems of records notice, UST-001, "Bankruptcy Case Files and Associated Records." See 71 Fed. Reg. 59,818 et seq. (Oct. 11, 2006). A copy of the notice may be obtained at the following link: http://www.justice.gov/ust/eo/rules_regulations/index.htm. Failure to provide this information could result in the dismissal or conversion of your bankruptcy case or other action by the United States Trustee. 11 U.S.C. § 1112(b)(4)(F).

**I declare under penalty of perjury that the foregoing Monthly Operating Report and its supporting documentation are true and correct and that I have been authorized to sign this report on behalf of the estate.**

Terrence Ronan

Signature of Responsible Party

Terrence Ronan

Printed Name of Responsible Party

Chief Financial Officer

Title

9/22/2022

Date

# UNITED STATES BANKRUPTCY COURT

SOUTHERN   DISTRICT OF   NEW YORK

DIVISION

In Re. PURDUE PHARMA MANUFACTURING L.P.    §          Case No.  19-23651
                                            §
_____            §          Lead Case No.  19-23649
              Debtor(s)                     §
                                            §          ☒ Jointly Administered

# Monthly Operating Report                                    Chapter 11

Reporting Period Ended: 08/31/2022                Petition Date: 09/15/2019

Months Pending: 36                                Industry Classification: | 3 | 2 | 5 | 4 |

Reporting Method:            Accrual Basis ◯        Cash Basis ◉

Debtor's Full-Time Employees (current):                    0

Debtor's Full-Time Employees (as of date of order for relief):      43

## Supporting  Documentation  (check all that are attached):

(For jointly administered debtors, any required schedules must be provided on a non-consolidated basis for each debtor)

☒      Statement of cash receipts and disbursements
☐      Balance sheet containing the summary and detail of the assets, liabilities and equity (net worth) or deficit
☐      Statement of operations (profit or loss statement)
☐      Accounts receivable aging
☐      Postpetition liabilities aging
☐      Statement of capital assets
☐      Schedule of payments to professionals
☐      Schedule of payments to insiders
☐      All bank statements and bank reconciliations for the reporting period
☐      Description of the assets sold or transferred and the terms of the sale or transfer


Eli J. Vonnegut                                   Eli J. Vonnegut
Signature of Responsible Party                    Printed Name of Responsible Party

9/22/2022
Date

                                                  450 Lexington Avenue, New York, NY 10017
                                                  Address


STATEMENT: This Periodic Report is associated with an open bankruptcy case; therefore, Paperwork Reduction Act exemption 5 C.F.R.
§ 1320.4(a)(2) applies.

                                        37

UST Form 11-MOR (06/07/2021)

Debtor's Name PURDUE PHARMA MANUFACTURING L.P.    Case No. 19-23651

**Note:** The cash balance in Part 1.d. is inaccurate as it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

| Part 1: Cash Receipts and Disbursements | Current Month | Cumulative |
|---|---|---|
| a.  Cash balance beginning of month | $0 | |
| b.  Total receipts (net of transfers between accounts) | $0 | $0 |
| c.  Total disbursements (net of transfers between accounts) | $0 | $0 |
| d.  Cash balance end of month (a+b-c) | $0 | |
| e.  Disbursements made by third party for the benefit of the estate | $0 | $0 |
| f.  Total disbursements for quarterly fee calculation (c+e) | $0 | $0 |

| Part 2:  Asset and Liability Status<br>(Not generally applicable to Individual Debtors. See Instructions.) | Current Month |
|---|---|
| a.  Accounts receivable (total net of allowance) | $0 |
| b.  Accounts receivable over 90 days outstanding (net of allowance) | $0 |
| c.  Inventory    (Book ●   Market ○  Other ○  (attach explanation)) | $0 |
| d  Total current assets | $0 |
| e.  Total assets | $0 |
| f.  Postpetition payables (excluding taxes) | $0 |
| g.  Postpetition payables past due (excluding taxes) | $0 |
| h.  Postpetition taxes payable | $0 |
| i.  Postpetition taxes past due | $0 |
| j.  Total postpetition debt (f+h) | $0 |
| k.  Prepetition secured debt | $0 |
| l.  Prepetition priority debt | $0 |
| m.  Prepetition unsecured debt | $0 |
| n.  Total liabilities (debt) (j+k+l+m) | $0 |
| o.  Ending equity/net worth (e-n) | $0 |

| Part 3:  Assets Sold or Transferred | Current Month | Cumulative |
|---|---|---|
| a.  Total cash sales price for assets sold/transferred outside the ordinary course of business | $0 | $0 |
| b.  Total payments to third parties incident to assets being sold/transferred outside the ordinary course of business | $0 | $0 |
| c.  Net cash proceeds from assets sold/transferred outside the ordinary course of business (a-b) | $0 | $0 |

| Part 4:  Income Statement (Statement of Operations)<br>(Not generally applicable to Individual Debtors. See Instructions.) | Current Month | Cumulative |
|---|---|---|
| a.  Gross income/sales (net of returns and allowances) | $0 | |
| b.  Cost of goods sold (inclusive of depreciation, if applicable) | $0 | |
| c.  Gross profit (a-b) | $0 | |
| d.  Selling expenses | $0 | |
| e.  General and administrative expenses | $0 | |
| f.  Other expenses | $0 | |
| g.  Depreciation and/or amortization (not included in 4b) | $0 | |
| h.  Interest | $0 | |
| i.  Taxes (local, state, and federal) | $0 | |
| j.  Reorganization items | $0 | |
| k.  Profit (loss) | $0 | $0 |

UST Form 11-MOR (06/07/2021)

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

Debtor's Name PURDUE PHARMA MANUFACTURING L.P.

Case No. 19-23651

## Part 5: Professional Fees and Expenses

| | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|
| a. | Debtor's professional fees & expenses (bankruptcy) *Aggregate Total* | $0 | $0 | $0 | $0 |
| | *Itemized Breakdown by Firm* | | | | |
| | Firm Name / Role | | | | |
| i | | $0 | $0 | $0 | $0 |
| ii | | $0 | $0 | $0 | $0 |

| | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|
| b. | Debtor's professional fees & expenses (nonbankruptcy) *Aggregate Total* | $0 | $0 | $0 | $0 |
| | *Itemized Breakdown by Firm* | | | | |
| | Firm Name / Role | | | | |
| i | | $0 | $0 | $0 | $0 |
| ii | | $0 | $0 | $0 | $0 |
| c. | All professional fees and expenses (debtor & committees) | $0 | $0 | $0 | $0 |

## Part 6: Postpetition Taxes

| | | Current Month | Cumulative |
|---|---|---|---|
| a. | Postpetition income taxes accrued (local, state, and federal) | $0 | $0 |
| b. | Postpetition income taxes paid (local, state, and federal) | $0 | $0 |
| c. | Postpetition employer payroll taxes accrued | $0 | $0 |
| d. | Postpetition employer payroll taxes paid | $0 | $0 |
| e. | Postpetition property taxes paid | $0 | $0 |
| f. | Postpetition other taxes accrued (local, state, and federal) | $0 | $0 |
| g. | Postpetition other taxes paid (local, state, and federal) | $0 | $0 |

## Part 7: Questionnaire - During this reporting period:

a. Were any payments made on prepetition debt? (if yes, see Instructions)  Yes ○ No ◉

b. Were any payments made outside the ordinary course of business without court approval? (if yes, see Instructions)  Yes ○ No ◉

c. Were any payments made to or on behalf of insiders?  Yes ○ No ◉

d. Are you current on postpetition tax return filings?  Yes ○ No ◉

e. Are you current on postpetition estimated tax payments?  Yes ○ No ◉

f. Were all trust fund taxes remitted on a current basis?  Yes ○ No ◉

g. Was there any postpetition borrowing, other than trade credit? (if yes, see Instructions)  Yes ○ No ◉

h. Were all payments made to or on behalf of professionals approved by the court?  Yes ○ No ○ N/A ◉

i. Do you have:    Worker's compensation insurance?  Yes ○ No ◉

If yes, are your premiums current?  Yes ○ No ○ N/A ◉ (if no, see Instructions)

Casualty/property insurance?  Yes ○ No ◉

If yes, are your premiums current?  Yes ○ No ○ N/A ◉ (if no, see Instructions)

General liability insurance?  Yes ○ No ◉

If yes, are your premiums current?  Yes ○ No ○ N/A ◉ (if no, see Instructions)

j. Has a plan of reorganization been filed with the court?  Yes ○ No ◉

UST Form 11-MOR (06/07/2021)

Debtor's Name  PURDUE PHARMA
MANUFACTURING L.P.                                                    Case No.  19-23651

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

| | | | |
|---|---|---|---|
| k. | Has a disclosure statement been filed with the court? | Yes ○ No ◉ | |
| l. | Are you current with quarterly U.S. Trustee fees as set forth under 28 U.S.C. § 1930? | Yes ○ No ◉ | |

## Part 8: Individual Chapter 11 Debtors (Only)

| | | |
|---|---|---|
| a. | Gross income (receipts) from salary and wages | $0 |
| b. | Gross income (receipts) from self-employment | $0 |
| c. | Gross income from all other sources | $0 |
| d. | Total income in the reporting period (a+b+c) | $0 |
| e. | Payroll deductions | $0 |
| f. | Self-employment related expenses | $0 |
| g. | Living expenses | $0 |
| h. | All other expenses | $0 |
| i. | Total expenses in the reporting period (e+f+g+h) | $0 |
| j. | Difference between total income and total expenses (d-i) | $0 |
| k. | List the total amount of all postpetition debts that are past due | $0 |
| l. | Are you required to pay any Domestic Support Obligations as defined by 11 U.S.C § 101(14A)? | Yes ○ No ◉ |
| m. | If yes, have you made all Domestic Support Obligation payments? | Yes ○ No ○ N/A ◉ |

### Privacy Act Statement

28 U.S.C. § 589b authorizes the collection of this information, and provision of this information is mandatory under 11 U.S.C. §§ 704, 1106, and 1107. The United States Trustee will use this information to calculate statutory fee assessments under 28 U.S.C. § 1930(a)(6). The United States Trustee will also use this information to evaluate a chapter 11 debtor's progress through the bankruptcy system, including the likelihood of a plan of reorganization being confirmed and whether the case is being prosecuted in good faith. This information may be disclosed to a bankruptcy trustee or examiner when the information is needed to perform the trustee's or examiner's duties or to the appropriate federal, state, local, regulatory, tribal, or foreign law enforcement agency when the information indicates a violation or potential violation of law. Other disclosures may be made for routine purposes. For a discussion of the types of routine disclosures that may be made, you may consult the Executive Office for United States Trustee's systems of records notice, UST-001, "Bankruptcy Case Files and Associated Records." See 71 Fed. Reg. 59,818 et seq. (Oct. 11, 2006). A copy of the notice may be obtained at the following link: http://www.justice.gov/ust/eo/rules_regulations/index.htm. Failure to provide this information could result in the dismissal or conversion of your bankruptcy case or other action by the United States Trustee. 11 U.S.C. § 1112(b)(4)(F).

**I declare under penalty of perjury that the foregoing Monthly Operating Report and its supporting documentation are true and correct and that I have been authorized to sign this report on behalf of the estate.**

Terrence Ronan                                          Terrence Ronan
_____                        _____
Signature of Responsible Party                         Printed Name of Responsible Party

Chief Financial Officer                                 9/22/2022
_____                        _____
Title                                                  Date

# UNITED STATES BANKRUPTCY COURT

SOUTHERN    DISTRICT OF    NEW YORK

DIVISION

| | | |
|---|---|---|
| In Re. PURDUE PHARMACEUTICALS L.P. | § | Case No.  19-23652 |
| | § | |
| | § | Lead Case No.  19-23649 |
| Debtor(s) | § | |
| | | ☒ Jointly Administered |

## Monthly Operating Report

Chapter 11

Reporting Period Ended: 08/31/2022                Petition Date: 09/15/2019

Months Pending: 36                Industry Classification:  3  2  5  4

Reporting Method:        Accrual Basis ◯        Cash Basis ◉

Debtor's Full-Time Employees (current):                183

Debtor's Full-Time Employees (as of date of order for relief):        153

**Supporting  Documentation** (check all that are attached):

(For jointly administered debtors, any required schedules must be provided on a non-consolidated basis for each debtor)

☒        Statement of cash receipts and disbursements
☐        Balance sheet containing the summary and detail of the assets, liabilities and equity (net worth) or deficit
☐        Statement of operations (profit or loss statement)
☐        Accounts receivable aging
☐        Postpetition liabilities aging
☐        Statement of capital assets
☐        Schedule of payments to professionals
☐        Schedule of payments to insiders
☐        All bank statements and bank reconciliations for the reporting period
☐        Description of the assets sold or transferred and the terms of the sale or transfer

Eli J. Vonnegut
Signature of Responsible Party

9/22/2022
Date

Eli J. Vonnegut
Printed Name of Responsible Party

450 Lexington Avenue, New York, NY 10017
Address

STATEMENT: This Periodic Report is associated with an open bankruptcy case; therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

UST Form 11-MOR (06/07/2021)

Debtor's Name PURDUE PHARMACEUTICALS L.P.

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

Case No. 19-23652

| Part 1: Cash Receipts and Disbursements | Current Month | Cumulative |
|---|---|---|
| a. Cash balance beginning of month | $126,235 | |
| b. Total receipts (net of transfers between accounts) | $164 | $0 |
| c. Total disbursements (net of transfers between accounts) | $5,844,554 | $0 |
| d. Cash balance end of month (a+b-c) | $-5,718,154 | |
| e. Disbursements made by third party for the benefit of the estate | $0 | $0 |
| f. Total disbursements for quarterly fee calculation (c+e) | $5,844,554 | $0 |

| Part 2: Asset and Liability Status (Not generally applicable to Individual Debtors. See Instructions.) | Current Month |
|---|---|
| a. Accounts receivable (total net of allowance) | $0 |
| b. Accounts receivable over 90 days outstanding (net of allowance) | $0 |
| c. Inventory (Book ● Market ○ Other ○ (attach explanation)) | $0 |
| d Total current assets | $0 |
| e. Total assets | $0 |
| f. Postpetition payables (excluding taxes) | $0 |
| g. Postpetition payables past due (excluding taxes) | $0 |
| h. Postpetition taxes payable | $0 |
| i. Postpetition taxes past due | $0 |
| j. Total postpetition debt (f+h) | $0 |
| k. Prepetition secured debt | $0 |
| l. Prepetition priority debt | $0 |
| m. Prepetition unsecured debt | $0 |
| n. Total liabilities (debt) (j+k+l+m) | $0 |
| o. Ending equity/net worth (e-n) | $0 |

| Part 3: Assets Sold or Transferred | Current Month | Cumulative |
|---|---|---|
| a. Total cash sales price for assets sold/transferred outside the ordinary course of business | $0 | $0 |
| b. Total payments to third parties incident to assets being sold/transferred outside the ordinary course of business | $0 | $0 |
| c. Net cash proceeds from assets sold/transferred outside the ordinary course of business (a-b) | $0 | $0 |

| Part 4: Income Statement (Statement of Operations) (Not generally applicable to Individual Debtors. See Instructions.) | Current Month | Cumulative |
|---|---|---|
| a. Gross income/sales (net of returns and allowances) | $0 | |
| b. Cost of goods sold (inclusive of depreciation, if applicable) | $0 | |
| c. Gross profit (a-b) | $0 | |
| d. Selling expenses | $0 | |
| e. General and administrative expenses | $0 | |
| f. Other expenses | $0 | |
| g. Depreciation and/or amortization (not included in 4b) | $0 | |
| h. Interest | $0 | |
| i. Taxes (local, state, and federal) | $0 | |
| j. Reorganization items | $0 | |
| k. Profit (loss) | $0 | $0 |

UST Form 11-MOR (06/07/2021)

Debtor's Name PURDUE
PHARMACEUTICALS L.P.

Case No. 19-23652

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

## Part 5: Professional Fees and Expenses

|  | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|
| a. | Debtor's professional fees & expenses (bankruptcy) *Aggregate Total* | $0 | $0 | $0 | $0 |
| | *Itemized Breakdown by Firm* | | | | |
| | Firm Name / Role | | | | |
| i | | $0 | $0 | $0 | $0 |
| ii | | $0 | $0 | $0 | $0 |

|  | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|
| b. | Debtor's professional fees & expenses (nonbankruptcy) *Aggregate Total* | $0 | $0 | $0 | $0 |
| | *Itemized Breakdown by Firm* | | | | |
| | Firm Name / Role | | | | |
| i | | $0 | $0 | $0 | $0 |
| ii | | $0 | $0 | $0 | $0 |
| c. | All professional fees and expenses (debtor & committees) | $0 | $0 | $0 | $0 |

## Part 6: Postpetition Taxes

|  | | Current Month | Cumulative |
|---|---|---|---|
| a. | Postpetition income taxes accrued (local, state, and federal) | $0 | $0 |
| b. | Postpetition income taxes paid (local, state, and federal) | $0 | $0 |
| c. | Postpetition employer payroll taxes accrued | $0 | $0 |
| d. | Postpetition employer payroll taxes paid | $0 | $0 |
| e. | Postpetition property taxes paid | $0 | $0 |
| f. | Postpetition other taxes accrued (local, state, and federal) | $0 | $0 |
| g. | Postpetition other taxes paid (local, state, and federal) | $0 | $0 |

## Part 7: Questionnaire - During this reporting period:

a. Were any payments made on prepetition debt?  (if yes, see Instructions) — Yes ○ No ●

b. Were any payments made outside the ordinary course of business without court approval?  (if yes, see Instructions) — Yes ○ No ●

c. Were any payments made to or on behalf of insiders? — Yes ○ No ●

d. Are you current on postpetition tax return filings? — Yes ○ No ●

e. Are you current on postpetition estimated tax payments? — Yes ○ No ●

f. Were all trust fund taxes remitted on a current basis? — Yes ○ No ●

g. Was there any postpetition borrowing, other than trade credit? (if yes, see Instructions) — Yes ○ No ●

h. Were all payments made to or on behalf of professionals approved by the court? — Yes ○ No ○ N/A ●

i. Do you have:   Worker's compensation insurance? — Yes ○ No ●

 If yes, are your premiums current? — Yes ○ No ○ N/A ● (if no, see Instructions)

 Casualty/property insurance? — Yes ○ No ●

 If yes, are your premiums current? — Yes ○ No ○ N/A ● (if no, see Instructions)

 General liability insurance? — Yes ○ No ●

 If yes, are your premiums current? — Yes ○ No ○ N/A ● (if no, see Instructions)

j. Has a plan of reorganization been filed with the court? — Yes ○ No ●

UST Form 11-MOR (06/07/2021)

Debtor's Name PURDUE
PHARMACEUTICALS L.P.                                            Case No. 19-23652

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

| | | |
|---|---|---|
| k. | Has a disclosure statement been filed with the court? | Yes ○  No ● |
| l. | Are you current with quarterly U.S. Trustee fees as set forth under 28 U.S.C. § 1930? | Yes ○  No ● |

## Part 8: Individual Chapter 11 Debtors (Only)

| | | |
|---|---|---|
| a. | Gross income (receipts) from salary and wages | $0 |
| b. | Gross income (receipts) from self-employment | $0 |
| c. | Gross income from all other sources | $0 |
| d. | Total income in the reporting period (a+b+c) | $0 |
| e. | Payroll deductions | $0 |
| f. | Self-employment related expenses | $0 |
| g. | Living expenses | $0 |
| h. | All other expenses | $0 |
| i. | Total expenses in the reporting period (e+f+g+h) | $0 |
| j. | Difference between total income and total expenses (d-i) | $0 |
| k. | List the total amount of all postpetition debts that are past due | $0 |
| l. | Are you required to pay any Domestic Support Obligations as defined by 11 U.S.C § 101(14A)? | Yes ○  No ● |
| m. | If yes, have you made all Domestic Support Obligation payments? | Yes ○  No ○  N/A ● |

### Privacy Act Statement

28 U.S.C. § 589b authorizes the collection of this information, and provision of this information is mandatory under 11 U.S.C. §§ 704, 1106, and 1107. The United States Trustee will use this information to calculate statutory fee assessments under 28 U.S.C. § 1930(a)(6). The United States Trustee will also use this information to evaluate a chapter 11 debtor's progress through the bankruptcy system, including the likelihood of a plan of reorganization being confirmed and whether the case is being prosecuted in good faith. This information may be disclosed to a bankruptcy trustee or examiner when the information is needed to perform the trustee's or examiner's duties or to the appropriate federal, state, local, regulatory, tribal, or foreign law enforcement agency when the information indicates a violation or potential violation of law. Other disclosures may be made for routine purposes. For a discussion of the types of routine disclosures that may be made, you may consult the Executive Office for United States Trustee's systems of records notice, UST-001, "Bankruptcy Case Files and Associated Records." *See* 71 Fed. Reg. 59,818 et seq. (Oct. 11, 2006). A copy of the notice may be obtained at the following link: http://www.justice.gov/ust/eo/rules_regulations/index.htm. Failure to provide this information could result in the dismissal or conversion of your bankruptcy case or other action by the United States Trustee. 11 U.S.C. § 1112(b)(4)(F).

**<u>I declare under penalty of perjury that the foregoing Monthly Operating Report and its supporting documentation are true and correct and that I have been authorized to sign this report on behalf of the estate.</u>**

| | |
|---|---|
| Terrence Ronan | Terrence Ronan |
| Signature of Responsible Party | Printed Name of Responsible Party |
| Chief Financial Officer | 9/22/2022 |
| Title | Date |

UST Form 11-MOR (06/07/2021)

# UNITED STATES BANKRUPTCY COURT

## SOUTHERN   DISTRICT OF   NEW YORK

### DIVISION

In Re. IMBRIUM THERAPEUTICS L.P.                                  Case No.  19-23653
                                                                 §
                                                                 §
_____                                  §    Lead Case No.   19-23649
                    Debtor(s)                                     §
                                                                 ☒ Jointly Administered

# Monthly Operating Report                                          Chapter 11

Reporting Period Ended: 08/31/2022                       Petition Date: 09/15/2019

Months Pending: 36                                       Industry Classification: | 3 | 2 | 5 | 4 |

Reporting Method:              Accrual Basis ◯      Cash Basis ◉

Debtor's Full-Time Employees (current):                          29

Debtor's Full-Time Employees (as of date of order for relief):   32

**Supporting  Documentation** (check all that are attached):

(For jointly administered debtors, any required schedules must be provided on a non-consolidated basis for each debtor)

☒     Statement of cash receipts and disbursements
☐     Balance sheet containing the summary and detail of the assets, liabilities and equity (net worth) or deficit
☐     Statement of operations (profit or loss statement)
☐     Accounts receivable aging
☐     Postpetition liabilities aging
☐     Statement of capital assets
☐     Schedule of payments to professionals
☐     Schedule of payments to insiders
☐     All bank statements and bank reconciliations for the reporting period
☐     Description of the assets sold or transferred and the terms of the sale or transfer

Eli J. Vonnegut                                     Eli J. Vonnegut
Signature of Responsible Party                      Printed Name of Responsible Party

9/22/2022
Date

                                                    450 Lexington Avenue, New York, NY 10017
                                                    Address

STATEMENT: This Periodic Report is associated with an open bankruptcy case; therefore, Paperwork Reduction Act exemption 5 C.F.R.
§ 1320.4(a)(2) applies.

UST Form 11-MOR (06/07/2021)

Debtor's Name IMBRIUM
THERAPEUTICS L.P.                                          Case No. 19-23653

| Part 1: Cash Receipts and Disbursements | Current Month | Cumulative |
|---|---|---|
| a. Cash balance beginning of month | $0 | |
| b. Total receipts (net of transfers between accounts) | $1,481 | $0 |
| c. Total disbursements (net of transfers between accounts) | $1,405,699 | $0 |
| d. Cash balance end of month (a+b+c) | $-1,404,218 | |
| e. Disbursements made by third party for the benefit of the estate | $0 | $0 |
| f. Total disbursements for quarterly fee calculation (c+e) | $1,405,699 | $0 |

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

| Part 2: Asset and Liability Status (Not generally applicable to Individual Debtors. See Instructions.) | Current Month |
|---|---|
| a. Accounts receivable (total net of allowance) | $0 |
| b. Accounts receivable over 90 days outstanding (net of allowance) | $0 |
| c. Inventory    (Book ● Market ○ Other ○ (attach explanation)) | $0 |
| d Total current assets | $0 |
| e. Total assets | $0 |
| f. Postpetition payables (excluding taxes) | $0 |
| g. Postpetition payables past due (excluding taxes) | $0 |
| h. Postpetition taxes payable | $0 |
| i. Postpetition taxes past due | $0 |
| j. Total postpetition debt (f+h) | $0 |
| k. Prepetition secured debt | $0 |
| l. Prepetition priority debt | $0 |
| m. Prepetition unsecured debt | $0 |
| n. Total liabilities (debt) (j+k+l+m) | $0 |
| o. Ending equity/net worth (e-n) | $0 |

| Part 3: Assets Sold or Transferred | Current Month | Cumulative |
|---|---|---|
| a. Total cash sales price for assets sold/transferred outside the ordinary course of business | $0 | $0 |
| b. Total payments to third parties incident to assets being sold/transferred outside the ordinary course of business | $0 | $0 |
| c. Net cash proceeds from assets sold/transferred outside the ordinary course of business (a-b) | $0 | $0 |

| Part 4: Income Statement (Statement of Operations) (Not generally applicable to Individual Debtors. See Instructions.) | Current Month | Cumulative |
|---|---|---|
| a. Gross income/sales (net of returns and allowances) | $0 | |
| b. Cost of goods sold (inclusive of depreciation, if applicable) | $0 | |
| c. Gross profit (a-b) | $0 | |
| d. Selling expenses | $0 | |
| e. General and administrative expenses | $0 | |
| f. Other expenses | $0 | |
| g. Depreciation and/or amortization (not included in 4b) | $0 | |
| h. Interest | $0 | |
| i. Taxes (local, state, and federal) | $0 | |
| j. Reorganization items | $0 | |
| k. Profit (loss) | $0 | $0 |

UST Form 11-MOR (06/07/2021)

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

Debtor's Name IMBRIUM
THERAPEUTICS L.P.                                                     Case No. 19-23653

## Part 5: Professional Fees and Expenses

| | | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|---|
| a. | Debtor's professional fees & expenses (bankruptcy) *Aggregate Total* | | $0 | $0 | $0 | $0 |
| | *Itemized Breakdown by Firm* | | | | | |
| | | Firm Name | Role | | | |
| | i | | | $0 | $0 | $0 | $0 |
| | ii | | | $0 | $0 | $0 | $0 |

| | | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|---|
| b. | Debtor's professional fees & expenses (nonbankruptcy) *Aggregate Total* | | $0 | $0 | $0 | $0 |
| | *Itemized Breakdown by Firm* | | | | | |
| | | Firm Name | Role | | | |
| | i | | | $0 | $0 | $0 | $0 |
| | ii | | | $0 | $0 | $0 | $0 |
| c. | All professional fees and expenses (debtor & committees) | | $0 | $0 | $0 | $0 |

## Part 6: Postpetition Taxes

| | | Current Month | Cumulative |
|---|---|---|---|
| a. | Postpetition income taxes accrued (local, state, and federal) | $0 | $0 |
| b. | Postpetition income taxes paid (local, state, and federal) | $0 | $0 |
| c. | Postpetition employer payroll taxes accrued | $0 | $0 |
| d. | Postpetition employer payroll taxes paid | $0 | $0 |
| e. | Postpetition property taxes paid | $0 | $0 |
| f. | Postpetition other taxes accrued (local, state, and federal) | $0 | $0 |
| g. | Postpetition other taxes paid (local, state, and federal) | $0 | $0 |

## Part 7: Questionnaire - During this reporting period:

a. Were any payments made on prepetition debt? (if yes, see Instructions)  Yes ○ No ●

b. Were any payments made outside the ordinary course of business without court approval? (if yes, see Instructions)  Yes ○ No ●

c. Were any payments made to or on behalf of insiders?  Yes ○ No ●

d. Are you current on postpetition tax return filings?  Yes ○ No ●

e. Are you current on postpetition estimated tax payments?  Yes ○ No ●

f. Were all trust fund taxes remitted on a current basis?  Yes ○ No ●

g. Was there any postpetition borrowing, other than trade credit? (if yes, see Instructions)  Yes ○ No ●

h. Were all payments made to or on behalf of professionals approved by the court?  Yes ○ No ○ N/A ●

i. Do you have:    Worker's compensation insurance?  Yes ○ No ●

    If yes, are your premiums current?  Yes ○ No ○ N/A ● (if no, see Instructions)

    Casualty/property insurance?  Yes ○ No ●

    If yes, are your premiums current?  Yes ○ No ○ N/A ● (if no, see Instructions)

    General liability insurance?  Yes ○ No ●

    If yes, are your premiums current?  Yes ○ No ○ N/A ● (if no, see Instructions)

j. Has a plan of reorganization been filed with the court?  Yes ○ No ●

UST Form 11-MOR (06/07/2021)

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

Debtor's Name IMBRIUM THERAPEUTICS L.P.                                         Case No. 19-23653

| | | | | |
|---|---|---|---|---|
| k. | Has a disclosure statement been filed with the court? | Yes ○ | No ● | |
| l. | Are you current with quarterly U.S. Trustee fees as set forth under 28 U.S.C. § 1930? | Yes ○ | No ● | |

## Part 8: Individual Chapter 11 Debtors (Only)

| | | |
|---|---|---|
| a. | Gross income (receipts) from salary and wages | $0 |
| b. | Gross income (receipts) from self-employment | $0 |
| c. | Gross income from all other sources | $0 |
| d. | Total income in the reporting period (a+b+c) | $0 |
| e. | Payroll deductions | $0 |
| f. | Self-employment related expenses | $0 |
| g. | Living expenses | $0 |
| h. | All other expenses | $0 |
| i. | Total expenses in the reporting period (e+f+g+h) | $0 |
| j. | Difference between total income and total expenses (d-i) | $0 |
| k. | List the total amount of all postpetition debts that are past due | $0 |
| l. | Are you required to pay any Domestic Support Obligations as defined by 11 U.S.C § 101(14A)? | Yes ○ No ● |
| m. | If yes, have you made all Domestic Support Obligation payments? | Yes ○ No ○ N/A ● |

### Privacy Act Statement

28 U.S.C. § 589b authorizes the collection of this information, and provision of this information is mandatory under 11 U.S.C. §§ 704, 1106, and 1107. The United States Trustee will use this information to calculate statutory fee assessments under 28 U.S.C. § 1930(a)(6). The United States Trustee will also use this information to evaluate a chapter 11 debtor's progress through the bankruptcy system, including the likelihood of a plan of reorganization being confirmed and whether the case is being prosecuted in good faith. This information may be disclosed to a bankruptcy trustee or examiner when the information is needed to perform the trustee's or examiner's duties or to the appropriate federal, state, local, regulatory, tribal, or foreign law enforcement agency when the information indicates a violation or potential violation of law. Other disclosures may be made for routine purposes. For a discussion of the types of routine disclosures that may be made, you may consult the Executive Office for United States Trustee's systems of records notice, UST-001, "Bankruptcy Case Files and Associated Records." See 71 Fed. Reg. 59,818 et seq. (Oct. 11, 2006). A copy of the notice may be obtained at the following link: http://www.justice.gov/ust/eo/rules_regulations/index.htm. Failure to provide this information could result in the dismissal or conversion of your bankruptcy case or other action by the United States Trustee. 11 U.S.C. § 1112(b)(4)(F).

**I declare under penalty of perjury that the foregoing Monthly Operating Report and its supporting documentation are true and correct and that I have been authorized to sign this report on behalf of the estate.**

Terrence Ronan                                         Terrence Ronan
_____                              _____
Signature of Responsible Party                         Printed Name of Responsible Party

Chief Financial Officer                                9/22/2022
_____                              _____
Title                                                  Date

# UNITED STATES BANKRUPTCY COURT

### SOUTHERN   DISTRICT OF   NEW YORK

### DIVISION

| | | |
|---|---|---|
| In Re. ADLON THERAPEUTICS L.P. | § | Case No.  19-23654 |
| | § | |
| | § | Lead Case No.  19-23649 |
| Debtor(s) | § | |
| | | ☒ Jointly Administered |

# Monthly Operating Report

Chapter 11

Reporting Period Ended: 08/31/2022          Petition Date: 09/15/2019

Months Pending: 36          Industry Classification: | 3 | 2 | 5 | 4 |

Reporting Method:          Accrual Basis ○          Cash Basis ◉

Debtor's Full-Time Employees (current):          0

Debtor's Full-Time Employees (as of date of order for relief):          0

**Supporting Documentation** (check all that are attached):

(For jointly administered debtors, any required schedules must be provided on a non-consolidated basis for each debtor)

☒  Statement of cash receipts and disbursements
☐  Balance sheet containing the summary and detail of the assets, liabilities and equity (net worth) or deficit
☐  Statement of operations (profit or loss statement)
☐  Accounts receivable aging
☐  Postpetition liabilities aging
☐  Statement of capital assets
☐  Schedule of payments to professionals
☐  Schedule of payments to insiders
☐  All bank statements and bank reconciliations for the reporting period
☐  Description of the assets sold or transferred and the terms of the sale or transfer

Eli J. Vonnegut
_____
Signature of Responsible Party

9/22/2022
_____
Date

Eli J. Vonnegut
_____
Printed Name of Responsible Party

450 Lexington Avenue, New York, NY 10017
_____
Address

STATEMENT: This Periodic Report is associated with an open bankruptcy case; therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

UST Form 11-MOR (06/07/2021)

Debtor's Name ADLON THERAPEUTICS L.P.

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

Case No. 19-23654

| Part 1: Cash Receipts and Disbursements | Current Month | Cumulative |
|---|---|---|
| a. Cash balance beginning of month | $0 | |
| b. Total receipts (net of transfers between accounts) | $0 | $0 |
| c. Total disbursements (net of transfers between accounts) | $1,774,945 | $0 |
| d. Cash balance end of month (a+b-c) | $-1,774,945 | |
| e. Disbursements made by third party for the benefit of the estate | $0 | $0 |
| f. Total disbursements for quarterly fee calculation (c+e) | $1,774,945 | $0 |

| Part 2: Asset and Liability Status (Not generally applicable to Individual Debtors. See Instructions.) | Current Month |
|---|---|
| a. Accounts receivable (total net of allowance) | $0 |
| b. Accounts receivable over 90 days outstanding (net of allowance) | $0 |
| c. Inventory    (Book ● Market ○ Other ○ (attach explanation)) | $0 |
| d Total current assets | $0 |
| e. Total assets | $0 |
| f. Postpetition payables (excluding taxes) | $0 |
| g. Postpetition payables past due (excluding taxes) | $0 |
| h. Postpetition taxes payable | $0 |
| i. Postpetition taxes past due | $0 |
| j. Total postpetition debt (f+h) | $0 |
| k. Prepetition secured debt | $0 |
| l. Prepetition priority debt | $0 |
| m. Prepetition unsecured debt | $0 |
| n. Total liabilities (debt) (j+k+l+m) | $0 |
| o. Ending equity/net worth (e-n) | $0 |

| Part 3: Assets Sold or Transferred | Current Month | Cumulative |
|---|---|---|
| a. Total cash sales price for assets sold/transferred outside the ordinary course of business | $0 | $0 |
| b. Total payments to third parties incident to assets being sold/transferred outside the ordinary course of business | $0 | $0 |
| c. Net cash proceeds from assets sold/transferred outside the ordinary course of business (a-b) | $0 | $0 |

| Part 4: Income Statement (Statement of Operations) (Not generally applicable to Individual Debtors. See Instructions.) | Current Month | Cumulative |
|---|---|---|
| a. Gross income/sales (net of returns and allowances) | $0 | |
| b. Cost of goods sold (inclusive of depreciation, if applicable) | $0 | |
| c. Gross profit (a-b) | $0 | |
| d. Selling expenses | $0 | |
| e. General and administrative expenses | $0 | |
| f. Other expenses | $0 | |
| g. Depreciation and/or amortization (not included in 4b) | $0 | |
| h. Interest | $0 | |
| i. Taxes (local, state, and federal) | $0 | |
| j. Reorganization items | $0 | |
| k. Profit (loss) | $0 | $0 |

UST Form 11-MOR (06/07/2021)

Debtor's Name ADLON THERAPEUTICS L.P.

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

Case No. 19-23654

## Part 5: Professional Fees and Expenses

| | | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|---|
| a. | Debtor's professional fees & expenses (bankruptcy) *Aggregate Total* | | $0 | $0 | $0 | $0 |
| | *Itemized Breakdown by Firm* | | | | | |
| | Firm Name | Role | | | | |
| i | | | $0 | $0 | $0 | $0 |
| ii | | | $0 | $0 | $0 | $0 |

| | | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|---|
| b. | Debtor's professional fees & expenses (nonbankruptcy) *Aggregate Total* | | $0 | $0 | $0 | $0 |
| | *Itemized Breakdown by Firm* | | | | | |
| | Firm Name | Role | | | | |
| i | | | $0 | $0 | $0 | $0 |
| ii | | | $0 | $0 | $0 | $0 |
| c. | All professional fees and expenses (debtor & committees) | | $0 | $0 | $0 | $0 |

## Part 6: Postpetition Taxes

| | | Current Month | Cumulative |
|---|---|---|---|
| a. | Postpetition income taxes accrued (local, state, and federal) | $0 | $0 |
| b. | Postpetition income taxes paid (local, state, and federal) | $0 | $0 |
| c. | Postpetition employer payroll taxes accrued | $0 | $0 |
| d. | Postpetition employer payroll taxes paid | $0 | $0 |
| e. | Postpetition property taxes paid | $0 | $0 |
| f. | Postpetition other taxes accrued (local, state, and federal) | $0 | $0 |
| g. | Postpetition other taxes paid (local, state, and federal) | $0 | $0 |

## Part 7: Questionnaire - During this reporting period:

a. Were any payments made on prepetition debt?  (if yes, see Instructions)   Yes ○   No ●

b. Were any payments made outside the ordinary course of business without court approval?  (if yes, see Instructions)   Yes ○   No ●

c. Were any payments made to or on behalf of insiders?   Yes ○   No ●

d. Are you current on postpetition tax return filings?   Yes ○   No ●

e. Are you current on postpetition estimated tax payments?   Yes ○   No ●

f. Were all trust fund taxes remitted on a current basis?   Yes ○   No ●

g. Was there any postpetition borrowing, other than trade credit? (if yes, see Instructions)   Yes ○   No ●

h. Were all payments made to or on behalf of professionals approved by the court?   Yes ○   No ○   N/A ●

i. Do you have:   Worker's compensation insurance?   Yes ○   No ●

If yes, are your premiums current?   Yes ○   No ○   N/A ●   (if no, see Instructions)

Casualty/property insurance?   Yes ○   No ●

If yes, are your premiums current?   Yes ○   No ○   N/A ●   (if no, see Instructions)

General liability insurance?   Yes ○   No ●

If yes, are your premiums current?   Yes ○   No ○   N/A ●   (if no, see Instructions)

j. Has a plan of reorganization been filed with the court?   Yes ○   No ●

UST Form 11-MOR (06/07/2021)

Debtor's Name ADLON THERAPEUTICS L.P.                                    Case No. 19-23654

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

k.  Has a disclosure statement been filed with the court?            Yes ○   No ◉
l.  Are you current with quarterly U.S. Trustee fees as             Yes ○   No ◉
    set forth under 28 U.S.C. § 1930?

## Part 8: Individual Chapter 11 Debtors (Only)

| | | |
|---|---|---|
| a. | Gross income (receipts) from salary and wages | $0 |
| b. | Gross income (receipts) from self-employment | $0 |
| c. | Gross income from all other sources | $0 |
| d. | Total income in the reporting period (a+b+c) | $0 |
| e. | Payroll deductions | $0 |
| f. | Self-employment related expenses | $0 |
| g. | Living expenses | $0 |
| h. | All other expenses | $0 |
| i. | Total expenses in the reporting period (e+f+g+h) | $0 |
| j. | Difference between total income and total expenses (d-i) | $0 |
| k. | List the total amount of all postpetition debts that are past due | $0 |

l.  Are you required to pay any Domestic Support Obligations as defined by 11     Yes ○   No ◉
    U.S.C § 101(14A)?
m.  If yes, have you made all Domestic Support Obligation payments?      Yes ○   No ○   N/A ◉

**Privacy Act Statement**

28 U.S.C. § 589b authorizes the collection of this information, and provision of this information is mandatory under 11 U.S.C. §§ 704, 1106, and 1107. The United States Trustee will use this information to calculate statutory fee assessments under 28 U.S.C. § 1930(a)(6). The United States Trustee will also use this information to evaluate a chapter 11 debtor's progress through the bankruptcy system, including the likelihood of a plan of reorganization being confirmed and whether the case is being prosecuted in good faith. This information may be disclosed to a bankruptcy trustee or examiner when the information is needed to perform the trustee's or examiner's duties or to the appropriate federal, state, local, regulatory, tribal, or foreign law enforcement agency when the information indicates a violation or potential violation of law. Other disclosures may be made for routine purposes. For a discussion of the types of routine disclosures that may be made, you may consult the Executive Office for United States Trustee's systems of records notice, UST-001, "Bankruptcy Case Files and Associated Records." *See* 71 Fed. Reg. 59,818 et seq. (Oct. 11, 2006). A copy of the notice may be obtained at the following link: http://www.justice.gov/ust/eo/rules_regulations/index.htm. Failure to provide this information could result in the dismissal or conversion of your bankruptcy case or other action by the United States Trustee. 11 U.S.C. § 1112(b)(4)(F).

**I declare under penalty of perjury that the foregoing Monthly Operating Report and its supporting documentation are true and correct and that I have been authorized to sign this report on behalf of the estate.**

Terrence Ronan                                          Terrence Ronan
_____                                 _____
Signature of Responsible Party                          Printed Name of Responsible Party

Chief Financial Officer                                 9/22/2022
_____                                 _____
Title                                                   Date

UST Form 11-MOR (06/07/2021)

# UNITED STATES BANKRUPTCY COURT

SOUTHERN  DISTRICT OF  NEW YORK

DIVISION

| | | |
|---|---|---|
| In Re. GREENFIELD BIO VENTURES L.P. | § | Case No.  19-23655 |
| | § | |
| | § | Lead Case No.  19-23649 |
| Debtor(s) | § | |
| | | ☒ Jointly Administered |

# Monthly Operating Report

Chapter 11

Reporting Period Ended: 08/31/2022          Petition Date: 09/15/2019

Months Pending: 36          Industry Classification: | 3 | 2 | 5 | 4 |

Reporting Method:          Accrual Basis ○          Cash Basis ◉

Debtor's Full-Time Employees (current):          0

Debtor's Full-Time Employees (as of date of order for relief):          0

**Supporting  Documentation** (check all that are attached):

(For jointly administered debtors, any required schedules must be provided on a non-consolidated basis for each debtor)

☒     Statement of cash receipts and disbursements
☐     Balance sheet containing the summary and detail of the assets, liabilities and equity (net worth) or deficit
☐     Statement of operations (profit or loss statement)
☐     Accounts receivable aging
☐     Postpetition liabilities aging
☐     Statement of capital assets
☐     Schedule of payments to professionals
☐     Schedule of payments to insiders
☐     All bank statements and bank reconciliations for the reporting period
☐     Description of the assets sold or transferred and the terms of the sale or transfer

Eli J. Vonnegut
Signature of Responsible Party

9/22/2022
Date

Eli J. Vonnegut
Printed Name of Responsible Party

450 Lexington Avenue, New York, NY 10017
Address

STATEMENT: This Periodic Report is associated with an open bankruptcy case; therefore, Paperwork Reduction Act exemption 5 C.F.R.
§ 1320.4(a)(2) applies.

UST Form 11-MOR (06/07/2021)

Debtor's Name  GREENFIELD BIO
VENTURES L.P.

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

Case No.  19-23655

| Part 1: Cash Receipts and Disbursements | Current Month | Cumulative |
|---|---|---|
| a. Cash balance beginning of month | $0 | |
| b. Total receipts (net of transfers between accounts) | $0 | $0 |
| c. Total disbursements (net of transfers between accounts) | $0 | $0 |
| d. Cash balance end of month (a+b-c) | $0 | |
| e. Disbursements made by third party for the benefit of the estate | $0 | $0 |
| f. Total disbursements for quarterly fee calculation (c+e) | $0 | $0 |

| Part 2:  Asset and Liability Status (Not generally applicable to Individual Debtors. See Instructions.) | Current Month |
|---|---|
| a. Accounts receivable (total net of allowance) | $0 |
| b. Accounts receivable over 90 days outstanding (net of allowance) | $0 |
| c. Inventory    (Book ● Market ○ Other ○ (attach explanation)) | $0 |
| d Total current assets | $0 |
| e. Total assets | $0 |
| f. Postpetition payables (excluding taxes) | $0 |
| g. Postpetition payables past due (excluding taxes) | $0 |
| h. Postpetition taxes payable | $0 |
| i. Postpetition taxes past due | $0 |
| j. Total postpetition debt (f+h) | $0 |
| k. Prepetition secured debt | $0 |
| l. Prepetition priority debt | $0 |
| m. Prepetition unsecured debt | $0 |
| n. Total liabilities (debt) (j+k+l+m) | $0 |
| o. Ending equity/net worth (e-n) | $0 |

| Part 3:  Assets Sold or Transferred | Current Month | Cumulative |
|---|---|---|
| a. Total cash sales price for assets sold/transferred outside the ordinary course of business | $0 | $0 |
| b. Total payments to third parties incident to assets being sold/transferred outside the ordinary course of business | $0 | $0 |
| c. Net cash proceeds from assets sold/transferred outside the ordinary course of business (a-b) | $0 | $0 |

| Part 4:  Income Statement (Statement of Operations) (Not generally applicable to Individual Debtors. See Instructions.) | Current Month | Cumulative |
|---|---|---|
| a. Gross income/sales (net of returns and allowances) | $0 | |
| b. Cost of goods sold (inclusive of depreciation, if applicable) | $0 | |
| c. Gross profit (a-b) | $0 | |
| d. Selling expenses | $0 | |
| e. General and administrative expenses | $0 | |
| f. Other expenses | $0 | |
| g. Depreciation and/or amortization (not included in 4b) | $0 | |
| h. Interest | $0 | |
| i. Taxes (local, state, and federal) | $0 | |
| j. Reorganization items | $0 | |
| k. Profit (loss) | $0 | $0 |

UST Form 11-MOR (06/07/2021)

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

Debtor's Name GREENFIELD BIO VENTURES L.P.

Case No. 19-23655

## Part 5: Professional Fees and Expenses

| | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|
| a. | Debtor's professional fees & expenses (bankruptcy) *Aggregate Total* | $0 | $0 | $0 | $0 |
| | *Itemized Breakdown by Firm* | | | | |
| | Firm Name / Role | | | | |
| i | | $0 | $0 | $0 | $0 |
| ii | | $0 | $0 | $0 | $0 |

| | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|
| b. | Debtor's professional fees & expenses (nonbankruptcy) *Aggregate Total* | $0 | $0 | $0 | $0 |
| | *Itemized Breakdown by Firm* | | | | |
| | Firm Name / Role | | | | |
| i | | $0 | $0 | $0 | $0 |
| ii | | $0 | $0 | $0 | $0 |
| c. | All professional fees and expenses (debtor & committees) | $0 | $0 | $0 | $0 |

## Part 6: Postpetition Taxes

| | | Current Month | Cumulative |
|---|---|---|---|
| a. | Postpetition income taxes accrued (local, state, and federal) | $0 | $0 |
| b. | Postpetition income taxes paid (local, state, and federal) | $0 | $0 |
| c. | Postpetition employer payroll taxes accrued | $0 | $0 |
| d. | Postpetition employer payroll taxes paid | $0 | $0 |
| e. | Postpetition property taxes paid | $0 | $0 |
| f. | Postpetition other taxes accrued (local, state, and federal) | $0 | $0 |
| g. | Postpetition other taxes paid (local, state, and federal) | $0 | $0 |

## Part 7: Questionnaire - During this reporting period:

a. Were any payments made on prepetition debt? (if yes, see Instructions) — Yes ☐ No ☑
b. Were any payments made outside the ordinary course of business without court approval? (if yes, see Instructions) — Yes ☐ No ☑
c. Were any payments made to or on behalf of insiders? — Yes ☐ No ☑
d. Are you current on postpetition tax return filings? — Yes ☐ No ☑
e. Are you current on postpetition estimated tax payments? — Yes ☐ No ☑
f. Were all trust fund taxes remitted on a current basis? — Yes ☐ No ☑
g. Was there any postpetition borrowing, other than trade credit? (if yes, see Instructions) — Yes ☐ No ☑
h. Were all payments made to or on behalf of professionals approved by the court? — Yes ☐ No ☐ N/A ☑
i. Do you have: Worker's compensation insurance? — Yes ☐ No ☑
   If yes, are your premiums current? — Yes ☐ No ☐ N/A ☑ (if no, see Instructions)
   Casualty/property insurance? — Yes ☐ No ☑
   If yes, are your premiums current? — Yes ☐ No ☐ N/A ☑ (if no, see Instructions)
   General liability insurance? — Yes ☐ No ☑
   If yes, are your premiums current? — Yes ☐ No ☐ N/A ☑ (if no, see Instructions)
j. Has a plan of reorganization been filed with the court? — Yes ☐ No ☑

55

UST Form 11-MOR (06/07/2021)

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

Debtor's Name GREENFIELD BIO VENTURES L.P.

Case No. 19-23655

| | | | |
|---|---|---|---|
| k. | Has a disclosure statement been filed with the court? | Yes ○ No ● |
| l. | Are you current with quarterly U.S. Trustee fees as set forth under 28 U.S.C. § 1930? | Yes ○ No ● |

### Part 8: Individual Chapter 11 Debtors (Only)

| | | |
|---|---|---|
| a. | Gross income (receipts) from salary and wages | $0 |
| b. | Gross income (receipts) from self-employment | $0 |
| c. | Gross income from all other sources | $0 |
| d. | Total income in the reporting period (a+b+c) | $0 |
| e. | Payroll deductions | $0 |
| f. | Self-employment related expenses | $0 |
| g. | Living expenses | $0 |
| h. | All other expenses | $0 |
| i. | Total expenses in the reporting period (e+f+g+h) | $0 |
| j. | Difference between total income and total expenses (d-i) | $0 |
| k. | List the total amount of all postpetition debts that are past due | $0 |
| l. | Are you required to pay any Domestic Support Obligations as defined by 11 U.S.C § 101(14A)? | Yes ○ No ● |
| m. | If yes, have you made all Domestic Support Obligation payments? | Yes ○ No ○ N/A ● |

### Privacy Act Statement

28 U.S.C. § 589b authorizes the collection of this information, and provision of this information is mandatory under 11 U.S.C. §§ 704, 1106, and 1107. The United States Trustee will use this information to calculate statutory fee assessments under 28 U.S.C. § 1930(a)(6). The United States Trustee will also use this information to evaluate a chapter 11 debtor's progress through the bankruptcy system, including the likelihood of a plan of reorganization being confirmed and whether the case is being prosecuted in good faith. This information may be disclosed to a bankruptcy trustee or examiner when the information is needed to perform the trustee's or examiner's duties or to the appropriate federal, state, local, regulatory, tribal, or foreign law enforcement agency when the information indicates a violation or potential violation of law. Other disclosures may be made for routine purposes. For a discussion of the types of routine disclosures that may be made, you may consult the Executive Office for United States Trustee's systems of records notice, UST-001, "Bankruptcy Case Files and Associated Records." *See* 71 Fed. Reg. 59,818 et seq. (Oct. 11, 2006). A copy of the notice may be obtained at the following link: http://www.justice.gov/ust/eo/rules_regulations/index.htm. Failure to provide this information could result in the dismissal or conversion of your bankruptcy case or other action by the United States Trustee. 11 U.S.C. § 1112(b)(4)(F).

**<u>I declare under penalty of perjury that the foregoing Monthly Operating Report and its supporting documentation are true and correct and that I have been authorized to sign this report on behalf of the estate.</u>**

Terrence Ronan

Terrence Ronan

Signature of Responsible Party

Printed Name of Responsible Party

Chief Financial Officer

9/22/2022

Title

Date

UST Form 11-MOR (06/07/2021)

# UNITED STATES BANKRUPTCY COURT

## SOUTHERN   DISTRICT OF   NEW YORK

### DIVISION

In Re. SEVEN SEAS HILL CORP.                §            Case No.   19-23656
                                            §
_____                §            Lead Case No.   19-23649
                    Debtor(s)               §
                                            §            ☒ Jointly Administered

# Monthly Operating Report                                         Chapter 11

Reporting Period Ended: 08/31/2022 _____           Petition Date: 09/15/2019 _____

Months Pending: 36 _____                  Industry Classification: | 3 | 2 | 5 | 4 |

Reporting Method:              Accrual Basis ○          Cash Basis ◉

Debtor's Full-Time Employees (current):                    0 _____

Debtor's Full-Time Employees (as of date of order for relief):    0 _____

**Supporting Documentation** (check all that are attached):

(For jointly administered debtors, any required schedules must be provided on a non-consolidated basis for each debtor)

☒   Statement of cash receipts and disbursements
☐   Balance sheet containing the summary and detail of the assets, liabilities and equity (net worth) or deficit
☐   Statement of operations (profit or loss statement)
☐   Accounts receivable aging
☐   Postpetition liabilities aging
☐   Statement of capital assets
☐   Schedule of payments to professionals
☐   Schedule of payments to insiders
☐   All bank statements and bank reconciliations for the reporting period
☐   Description of the assets sold or transferred and the terms of the sale or transfer

Eli J. Vonnegut _____          Eli J. Vonnegut _____
Signature of Responsible Party                    Printed Name of Responsible Party

9/22/2022 _____
Date

                                                  450 Lexington Avenue, New York, NY 10017 _____
                                                  Address

STATEMENT: This Periodic Report is associated with an open bankruptcy case; therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

UST Form 11-MOR (06/07/2021)

Debtor's Name SEVEN SEAS HILL CORP.

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

Case No. 19-23656

| Part 1: Cash Receipts and Disbursements | | Current Month | Cumulative |
|---|---|---|---|
| a. | Cash balance beginning of month | $0 | |
| b. | Total receipts (net of transfers between accounts) | $0 | $0 |
| c. | Total disbursements (net of transfers between accounts) | $0 | $0 |
| d. | Cash balance end of month (a+b+c) | $0 | |
| e. | Disbursements made by third party for the benefit of the estate | $0 | $0 |
| f. | Total disbursements for quarterly fee calculation (c+e) | $0 | $0 |

| Part 2:  Asset and Liability Status (Not generally applicable to Individual Debtors. See Instructions.) | | Current Month |
|---|---|---|
| a. | Accounts receivable (total net of allowance) | $0 |
| b. | Accounts receivable over 90 days outstanding (net of allowance) | $0 |
| c. | Inventory     (Book ⦿ Market ◯ Other ◯ (attach explanation)) | $0 |
| d | Total current assets | $0 |
| e. | Total assets | $0 |
| f. | Postpetition payables (excluding taxes) | $0 |
| g. | Postpetition payables past due (excluding taxes) | $0 |
| h. | Postpetition taxes payable | $0 |
| i. | Postpetition taxes past due | $0 |
| j. | Total postpetition debt (f+h) | $0 |
| k. | Prepetition secured debt | $0 |
| l. | Prepetition priority debt | $0 |
| m. | Prepetition unsecured debt | $0 |
| n. | Total liabilities (debt) (j+k+l+m) | $0 |
| o. | Ending equity/net worth (e-n) | $0 |

| Part 3:  Assets Sold or Transferred | | Current Month | Cumulative |
|---|---|---|---|
| a. | Total cash sales price for assets sold/transferred outside the ordinary course of business | $0 | $0 |
| b. | Total payments to third parties incident to assets being sold/transferred outside the ordinary course of business | $0 | $0 |
| c. | Net cash proceeds from assets sold/transferred outside the ordinary course of business (a-b) | $0 | $0 |

| Part 4:  Income Statement (Statement of Operations) (Not generally applicable to Individual Debtors. See Instructions.) | | Current Month | Cumulative |
|---|---|---|---|
| a. | Gross income/sales (net of returns and allowances) | $0 | |
| b. | Cost of goods sold (inclusive of depreciation, if applicable) | $0 | |
| c. | Gross profit (a-b) | $0 | |
| d. | Selling expenses | $0 | |
| e. | General and administrative expenses | $0 | |
| f. | Other expenses | $0 | |
| g. | Depreciation and/or amortization (not included in 4b) | $0 | |
| h. | Interest | $0 | |
| i. | Taxes (local, state, and federal) | $0 | |
| j. | Reorganization items | $0 | |
| k. | Profit (loss) | $0 | $0 |

UST Form 11-MOR (06/07/2021)

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

Debtor's Name  SEVEN SEAS HILL CORP.     Case No. 19-23656

## Part 5:  Professional Fees and Expenses

|   |   | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|---|
| a. | Debtor's professional fees & expenses (bankruptcy)  *Aggregate Total* | | $0 | $0 | $0 | $0 |
|   | *Itemized Breakdown by Firm* | | | | | |
|   | | Firm Name | Role | | | |
|   | i | | | $0 | $0 | $0 | $0 |
|   | ii | | | $0 | $0 | $0 | $0 |

|   |   | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|---|
| b. | Debtor's professional fees & expenses (nonbankruptcy)  *Aggregate Total* | | $0 | $0 | $0 | $0 |
|   | *Itemized Breakdown by Firm* | | | | | |
|   | | Firm Name | Role | | | |
|   | i | | | $0 | $0 | $0 | $0 |
|   | ii | | | $0 | $0 | $0 | $0 |
| c. | All professional fees and expenses (debtor & committees) | | $0 | $0 | $0 | $0 |

## Part 6:  Postpetition Taxes

|   |   | Current Month | Cumulative |
|---|---|---|---|
| a. | Postpetition income taxes accrued (local, state, and federal) | $0 | $0 |
| b. | Postpetition income taxes paid (local, state, and federal) | $0 | $0 |
| c. | Postpetition employer payroll taxes accrued | $0 | $0 |
| d. | Postpetition employer payroll taxes paid | $0 | $0 |
| e. | Postpetition property taxes paid | $0 | $0 |
| f. | Postpetition other taxes accrued (local, state, and federal) | $0 | $0 |
| g. | Postpetition other taxes paid (local, state, and federal) | $0 | $0 |

## Part 7: Questionnaire - During this reporting period:

a. Were any payments made on prepetition debt?  (if yes, see Instructions)   Yes ○  No ◉

b. Were any payments made outside the ordinary course of business without court approval?  (if yes, see Instructions)   Yes ○  No ◉

c. Were any payments made to or on behalf of insiders?   Yes ○  No ◉

d. Are you current on postpetition tax return filings?   Yes ○  No ◉

e. Are you current on postpetition estimated tax payments?   Yes ○  No ◉

f. Were all trust fund taxes remitted on a current basis?   Yes ○  No ◉

g. Was there any postpetition borrowing, other than trade credit?  (if yes, see Instructions)   Yes ○  No ◉

h. Were all payments made to or on behalf of professionals approved by the court?   Yes ○  No ○  N/A ◉

i. Do you have:   Worker's compensation insurance?   Yes ○  No ◉
   If yes, are your premiums current?   Yes ○  No ○  N/A ◉  (if no, see Instructions)
   Casualty/property insurance?   Yes ○  No ◉
   If yes, are your premiums current?   Yes ○  No ○  N/A ◉  (if no, see Instructions)
   General liability insurance?   Yes ○  No ◉
   If yes, are your premiums current?   Yes ○  No ○  N/A ◉  (if no, see Instructions)

j. Has a plan of reorganization been filed with the court?   Yes ○  No ◉

UST Form 11-MOR (06/07/2021)

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

Debtor's Name  SEVEN SEAS HILL CORP.                                       Case No. 19-23656

| | | | |
|---|---|---|---|
| k. | Has a disclosure statement been filed with the court? | Yes ○  No ● | |
| l. | Are you current with quarterly U.S. Trustee fees as set forth under 28 U.S.C. § 1930? | Yes ○  No ● | |

## Part 8: Individual Chapter 11 Debtors (Only)

| | | |
|---|---|---|
| a. | Gross income (receipts) from salary and wages | $0 |
| b. | Gross income (receipts) from self-employment | $0 |
| c. | Gross income from all other sources | $0 |
| d. | Total income in the reporting period (a+b+c) | $0 |
| e. | Payroll deductions | $0 |
| f. | Self-employment related expenses | $0 |
| g. | Living expenses | $0 |
| h. | All other expenses | $0 |
| i. | Total expenses in the reporting period (e+f+g+h) | $0 |
| j. | Difference between total income and total expenses (d-i) | $0 |
| k. | List the total amount of all postpetition debts that are past due | $0 |
| l. | Are you required to pay any Domestic Support Obligations as defined by 11 U.S.C § 101(14A)? | Yes ○  No ● |
| m. | If yes, have you made all Domestic Support Obligation payments? | Yes ○  No ○  N/A ● |

### Privacy Act Statement

28 U.S.C. § 589b authorizes the collection of this information, and provision of this information is mandatory under 11 U.S.C. §§ 704, 1106, and 1107. The United States Trustee will use this information to calculate statutory fee assessments under 28 U.S.C. § 1930(a)(6). The United States Trustee will also use this information to evaluate a chapter 11 debtor's progress through the bankruptcy system, including the likelihood of a plan of reorganization being confirmed and whether the case is being prosecuted in good faith. This information may be disclosed to a bankruptcy trustee or examiner when the information is needed to perform the trustee's or examiner's duties or to the appropriate federal, state, local, regulatory, tribal, or foreign law enforcement agency when the information indicates a violation or potential violation of law. Other disclosures may be made for routine purposes. For a discussion of the types of routine disclosures that may be made, you may consult the Executive Office for United States Trustee's systems of records notice, UST-001, "Bankruptcy Case Files and Associated Records." See 71 Fed. Reg. 59,818 et seq. (Oct. 11, 2006). A copy of the notice may be obtained at the following link: http://www.justice.gov/ust/eo/rules_regulations/index.htm. Failure to provide this information could result in the dismissal or conversion of your bankruptcy case or other action by the United States Trustee. 11 U.S.C. § 1112(b)(4)(F).

**<u>I declare under penalty of perjury that the foregoing Monthly Operating Report and its supporting documentation are true and correct and that I have been authorized to sign this report on behalf of the estate.</u>**

| | |
|---|---|
| Terrence Ronan | Terrence Ronan |
| Signature of Responsible Party | Printed Name of Responsible Party |
| Chief Financial Officer | 9/22/2022 |
| Title | Date |

UST Form 11-MOR (06/07/2021)

# UNITED STATES BANKRUPTCY COURT

## SOUTHERN  DISTRICT OF  NEW YORK

### DIVISION

| | | |
|---|---|---|
| In Re. OPHIR GREEN CORP. | § | Case No.  19-23657 |
| | § | |
| | § | Lead Case No.  19-23649 |
| Debtor(s) | § | |
| | | ☒ Jointly Administered |

# Monthly Operating Report                    Chapter 11

Reporting Period Ended: 08/31/2022                    Petition Date: 09/15/2019

Months Pending: 36                    Industry Classification: 3 2 5 4

Reporting Method:          Accrual Basis ○          Cash Basis ◉

Debtor's Full-Time Employees (current):                    0

Debtor's Full-Time Employees (as of date of order for relief):          0

**Supporting  Documentation** (check all that are attached):

(For jointly administered debtors, any required schedules must be provided on a non-consolidated basis for each debtor)

☒     Statement of cash receipts and disbursements
☐     Balance sheet containing the summary and detail of the assets, liabilities and equity (net worth) or deficit
☐     Statement of operations (profit or loss statement)
☐     Accounts receivable aging
☐     Postpetition liabilities aging
☐     Statement of capital assets
☐     Schedule of payments to professionals
☐     Schedule of payments to insiders
☐     All bank statements and bank reconciliations for the reporting period
☐     Description of the assets sold or transferred and the terms of the sale or transfer

Eli J. Vonnegut
Signature of Responsible Party

9/22/2022
Date

Eli J. Vonnegut
Printed Name of Responsible Party

450 Lexington Avenue, New York, NY 10017
Address

STATEMENT: This Periodic Report is associated with an open bankruptcy case; therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

UST Form 11-MOR (06/07/2021)

Debtor's Name OPHIR GREEN CORP.

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

Case No. 19-23657

| Part 1: Cash Receipts and Disbursements | Current Month | Cumulative |
|---|---|---|
| a.   Cash balance beginning of month | $0 | |
| b.   Total receipts (net of transfers between accounts) | $0 | $0 |
| c.   Total disbursements (net of transfers between accounts) | $0 | $0 |
| d.   Cash balance end of month (a+b-c) | $0 | |
| e.   Disbursements made by third party for the benefit of the estate | $0 | $0 |
| f.   Total disbursements for quarterly fee calculation (c+e) | $0 | $0 |

| Part 2:  Asset and Liability Status (Not generally applicable to Individual Debtors. See Instructions.) | Current Month |
|---|---|
| a.   Accounts receivable (total net of allowance) | $0 |
| b.   Accounts receivable over 90 days outstanding (net of allowance) | $0 |
| c.   Inventory     (Book ◉  Market ○   Other ○   (attach explanation)) | $0 |
| d   Total current assets | $0 |
| e.   Total assets | $0 |
| f.   Postpetition payables (excluding taxes) | $0 |
| g.   Postpetition payables past due (excluding taxes) | $0 |
| h.   Postpetition taxes payable | $0 |
| i.   Postpetition taxes past due | $0 |
| j.   Total postpetition debt (f+h) | $0 |
| k.   Prepetition secured debt | $0 |
| l.   Prepetition priority debt | $0 |
| m.   Prepetition unsecured debt | $0 |
| n.   Total liabilities (debt) (j+k+l+m) | $0 |
| o.   Ending equity/net worth (e-n) | $0 |

| Part 3:  Assets Sold or Transferred | Current Month | Cumulative |
|---|---|---|
| a.   Total cash sales price for assets sold/transferred outside the ordinary course of business | $0 | $0 |
| b.   Total payments to third parties incident to assets being sold/transferred outside the ordinary course of business | $0 | $0 |
| c.   Net cash proceeds from assets sold/transferred outside the ordinary course of business (a-b) | $0 | $0 |

| Part 4:  Income Statement (Statement of Operations) (Not generally applicable to Individual Debtors. See Instructions.) | Current Month | Cumulative |
|---|---|---|
| a.   Gross income/sales (net of returns and allowances) | $0 | |
| b.   Cost of goods sold (inclusive of depreciation, if applicable) | $0 | |
| c.   Gross profit (a-b) | $0 | |
| d.   Selling expenses | $0 | |
| e.   General and administrative expenses | $0 | |
| f.   Other expenses | $0 | |
| g.   Depreciation and/or amortization (not included in 4b) | $0 | |
| h.   Interest | $0 | |
| i.   Taxes (local, state, and federal) | $0 | |
| j.   Reorganization items | $0 | |
| k.   Profit (loss) | $0 | $0 |

UST Form 11-MOR (06/07/2021)

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

Debtor's Name  OPHIR GREEN CORP.

Case No.  19-23657

## Part 5:  Professional Fees and Expenses

|  | | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|---|
| a. | Debtor's professional fees & expenses (bankruptcy)  *Aggregate Total* | | $0 | $0 | $0 | $0 |
| | *Itemized Breakdown by Firm* | | | | | |
| | | Firm Name | Role | | | |
| | i | | | $0 | $0 | $0 | $0 |
| | ii | | | $0 | $0 | $0 | $0 |

|  | | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|---|
| b. | Debtor's professional fees & expenses (nonbankruptcy)  *Aggregate Total* | | $0 | $0 | $0 | $0 |
| | *Itemized Breakdown by Firm* | | | | | |
| | | Firm Name | Role | | | |
| | i | | | $0 | $0 | $0 | $0 |
| | ii | | | $0 | $0 | $0 | $0 |
| c. | All professional fees and expenses (debtor & committees) | | $0 | $0 | $0 | $0 |

## Part 6:  Postpetition Taxes

| | | Current Month | Cumulative |
|---|---|---|---|
| a. | Postpetition income taxes accrued (local, state, and federal) | $0 | $0 |
| b. | Postpetition income taxes paid (local, state, and federal) | $0 | $0 |
| c. | Postpetition employer payroll taxes accrued | $0 | $0 |
| d. | Postpetition employer payroll taxes paid | $0 | $0 |
| e. | Postpetition property taxes paid | $0 | $0 |
| f. | Postpetition other taxes accrued (local, state, and federal) | $0 | $0 |
| g. | Postpetition other taxes paid (local, state, and federal) | $0 | $0 |

## Part 7: Questionnaire - During this reporting period:

a. Were any payments made on prepetition debt?  (if yes, see Instructions)      Yes ○  No ◉

b. Were any payments made outside the ordinary course of business without court approval?  (if yes, see Instructions)      Yes ○  No ◉

c. Were any payments made to or on behalf of insiders?      Yes ○  No ◉

d. Are you current on postpetition tax return filings?      Yes ○  No ◉

e. Are you current on postpetition estimated tax payments?      Yes ○  No ◉

f. Were all trust fund taxes remitted on a current basis?      Yes ○  No ◉

g. Was there any postpetition borrowing, other than trade credit? (if yes, see Instructions)      Yes ○  No ◉

h. Were all payments made to or on behalf of professionals approved by the court?      Yes ○  No ○  N/A ◉

i. Do you have:      Worker's compensation insurance?      Yes ○  No ◉

If yes, are your premiums current?      Yes ○  No ○  N/A ◉  (if no, see Instructions)

Casualty/property insurance?      Yes ○  No ◉

If yes, are your premiums current?      Yes ○  No ○  N/A ◉  (if no, see Instructions)

General liability insurance?      Yes ○  No ◉

If yes, are your premiums current?      Yes ○  No ○  N/A ◉  (if no, see Instructions)

j. Has a plan of reorganization been filed with the court?      Yes ○  No ◉

UST Form 11-MOR (06/07/2021)

Debtor's Name OPHIR GREEN CORP.                                    Case No. 19-23657

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

| | | |
|---|---|---|
| k. | Has a disclosure statement been filed with the court? | Yes ⚪ No ⦿ |
| l. | Are you current with quarterly U.S. Trustee fees as set forth under 28 U.S.C. § 1930? | Yes ⚪ No ⦿ |

## Part 8: Individual Chapter 11 Debtors (Only)

| | | |
|---|---|---|
| a. | Gross income (receipts) from salary and wages | $0 |
| b. | Gross income (receipts) from self-employment | $0 |
| c. | Gross income from all other sources | $0 |
| d. | Total income in the reporting period (a+b+c) | $0 |
| e. | Payroll deductions | $0 |
| f. | Self-employment related expenses | $0 |
| g. | Living expenses | $0 |
| h. | All other expenses | $0 |
| i. | Total expenses in the reporting period (e+f+g+h) | $0 |
| j. | Difference between total income and total expenses (d-i) | $0 |
| k. | List the total amount of all postpetition debts that are past due | $0 |
| l. | Are you required to pay any Domestic Support Obligations as defined by 11 U.S.C § 101(14A)? | Yes ⚪ No ⦿ |
| m. | If yes, have you made all Domestic Support Obligation payments? | Yes ⚪ No ⚪ N/A ⦿ |

### Privacy Act Statement

28 U.S.C. § 589b authorizes the collection of this information, and provision of this information is mandatory under 11 U.S.C. §§ 704, 1106, and 1107. The United States Trustee will use this information to calculate statutory fee assessments under 28 U.S.C. § 1930(a)(6). The United States Trustee will also use this information to evaluate a chapter 11 debtor's progress through the bankruptcy system, including the likelihood of a plan of reorganization being confirmed and whether the case is being prosecuted in good faith. This information may be disclosed to a bankruptcy trustee or examiner when the information is needed to perform the trustee's or examiner's duties or to the appropriate federal, state, local, regulatory, tribal, or foreign law enforcement agency when the information indicates a violation or potential violation of law. Other disclosures may be made for routine purposes. For a discussion of the types of routine disclosures that may be made, you may consult the Executive Office for United States Trustee's systems of records notice, UST-001, "Bankruptcy Case Files and Associated Records." See 71 Fed. Reg. 59,818 et seq. (Oct. 11, 2006). A copy of the notice may be obtained at the following link: http://www.justice.gov/ust/eo/rules_regulations/index.htm. Failure to provide this information could result in the dismissal or conversion of your bankruptcy case or other action by the United States Trustee. 11 U.S.C. § 1112(b)(4)(F).

**I declare under penalty of perjury that the foregoing Monthly Operating Report and its supporting documentation are true and correct and that I have been authorized to sign this report on behalf of the estate.**

Terrence Ronan                                              Terrence Ronan
_____                  _____
Signature of Responsible Party                        Printed Name of Responsible Party

Chief Financial Officer                                    9/22/2022
_____                  _____
Title                                                              Date

UST Form 11-MOR (06/07/2021)

# UNITED STATES BANKRUPTCY COURT

### SOUTHERN   DISTRICT OF   NEW YORK

### DIVISION

In Re. PURDUE PHARMA OF PUERTO RICO

§
§
§
§

Case No.   19-23658

Lead Case No.   19-23649

⊠ Jointly Administered

Debtor(s)

## Monthly Operating Report

Chapter 11

Reporting Period Ended: 08/31/2022

Petition Date: 09/15/2019

Months Pending: 36

Industry Classification: | 3 | 2 | 5 | 4 |

Reporting Method:              Accrual Basis ◯       Cash Basis ⦿

Debtor's Full-Time Employees (current):                          0

Debtor's Full-Time Employees (as of date of order for relief):   0

**Supporting  Documentation** (check all that are attached):

(For jointly administered debtors, any required schedules must be provided on a non-consolidated basis for each debtor)

- ⊠  Statement of cash receipts and disbursements
- ☐  Balance sheet containing the summary and detail of the assets, liabilities and equity (net worth) or deficit
- ☐  Statement of operations (profit or loss statement)
- ☐  Accounts receivable aging
- ☐  Postpetition liabilities aging
- ☐  Statement of capital assets
- ☐  Schedule of payments to professionals
- ☐  Schedule of payments to insiders
- ☐  All bank statements and bank reconciliations for the reporting period
- ☐  Description of the assets sold or transferred and the terms of the sale or transfer

Eli J. Vonnegut
_____
Signature of Responsible Party

9/22/2022
_____
Date

Eli J. Vonnegut
_____
Printed Name of Responsible Party

450 Lexington Avenue, New York, NY 10017
_____
Address

STATEMENT: This Periodic Report is associated with an open bankruptcy case; therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

UST Form 11-MOR (06/07/2021)

Debtor's Name PURDUE PHARMA OF PUERTO RICO

Case No. 19-23658

| Part 1: Cash Receipts and Disbursements | Current Month | Cumulative |
|---|---|---|
| a.   Cash balance beginning of month | $0 | |
| b.   Total receipts (net of transfers between accounts) | $0 | $0 |
| c.   Total disbursements (net of transfers between accounts) | $950 | $0 |
| d.   Cash balance end of month (a+b+c) | $-950 | |
| e.   Disbursements made by third party for the benefit of the estate | $0 | $0 |
| f.   Total disbursements for quarterly fee calculation (c+e) | $950 | $0 |

| Part 2:  Asset and Liability Status (Not generally applicable to Individual Debtors. See Instructions.) | Current Month |
|---|---|
| a.   Accounts receivable (total net of allowance) | $0 |
| b.   Accounts receivable over 90 days outstanding (net of allowance) | $0 |
| c.   Inventory    (Book ● Market ○ Other ○   (attach explanation)) | $0 |
| d   Total current assets | $0 |
| e.   Total assets | $0 |
| f.   Postpetition payables (excluding taxes) | $0 |
| g.   Postpetition payables past due (excluding taxes) | $0 |
| h.   Postpetition taxes payable | $0 |
| i.   Postpetition taxes past due | $0 |
| j.   Total postpetition debt (f+h) | $0 |
| k.   Prepetition secured debt | $0 |
| l.   Prepetition priority debt | $0 |
| m.   Prepetition unsecured debt | $0 |
| n.   Total liabilities (debt) (j+k+l+m) | $0 |
| o.   Ending equity/net worth (e-n) | $0 |

| Part 3:  Assets Sold or Transferred | Current Month | Cumulative |
|---|---|---|
| a.   Total cash sales price for assets sold/transferred outside the ordinary course of business | $0 | $0 |
| b.   Total payments to third parties incident to assets being sold/transferred outside the ordinary course of business | $0 | $0 |
| c.   Net cash proceeds from assets sold/transferred outside the ordinary course of business (a-b) | $0 | $0 |

| Part 4:  Income Statement (Statement of Operations) (Not generally applicable to Individual Debtors. See Instructions.) | Current Month | Cumulative |
|---|---|---|
| a.   Gross income/sales (net of returns and allowances) | $0 | |
| b.   Cost of goods sold (inclusive of depreciation, if applicable) | $0 | |
| c.   Gross profit (a-b) | $0 | |
| d.   Selling expenses | $0 | |
| e.   General and administrative expenses | $0 | |
| f.   Other expenses | $0 | |
| g.   Depreciation and/or amortization (not included in 4b) | $0 | |
| h.   Interest | $0 | |
| i.   Taxes (local, state, and federal) | $0 | |
| j.   Reorganization items | $0 | |
| k.   Profit (loss) | $0 | $0 |

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

UST Form 11-MOR (06/07/2021)

Debtor's Name PURDUE PHARMA OF PUERTO RICO

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

Case No. 19-23658

## Part 5: Professional Fees and Expenses

| | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|
| a. | Debtor's professional fees & expenses (bankruptcy) *Aggregate Total* | $0 | $0 | $0 | $0 |
| | *Itemized Breakdown by Firm* | | | | |
| | Firm Name / Role | | | | |
| i | | $0 | $0 | $0 | $0 |
| ii | | $0 | $0 | $0 | $0 |

| | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|
| b. | Debtor's professional fees & expenses (nonbankruptcy) *Aggregate Total* | $0 | $0 | $0 | $0 |
| | *Itemized Breakdown by Firm* | | | | |
| | Firm Name / Role | | | | |
| i | | $0 | $0 | $0 | $0 |
| ii | | $0 | $0 | $0 | $0 |
| c. | All professional fees and expenses (debtor & committees) | $0 | $0 | $0 | $0 |

## Part 6: Postpetition Taxes

| | | Current Month | Cumulative |
|---|---|---|---|
| a. | Postpetition income taxes accrued (local, state, and federal) | $0 | $0 |
| b. | Postpetition income taxes paid (local, state, and federal) | $0 | $0 |
| c. | Postpetition employer payroll taxes accrued | $0 | $0 |
| d. | Postpetition employer payroll taxes paid | $0 | $0 |
| e. | Postpetition property taxes paid | $0 | $0 |
| f. | Postpetition other taxes accrued (local, state, and federal) | $0 | $0 |
| g. | Postpetition other taxes paid (local, state, and federal) | $0 | $0 |

## Part 7: Questionnaire - During this reporting period:

a. Were any payments made on prepetition debt?  (if yes, see Instructions)    Yes ○  No ●

b. Were any payments made outside the ordinary course of business without court approval?  (if yes, see Instructions)    Yes ○  No ●

c. Were any payments made to or on behalf of insiders?    Yes ○  No ●

d. Are you current on postpetition tax return filings?    Yes ○  No ●

e. Are you current on postpetition estimated tax payments?    Yes ○  No ●

f. Were all trust fund taxes remitted on a current basis?    Yes ○  No ●

g. Was there any postpetition borrowing, other than trade credit? (if yes, see Instructions)    Yes ○  No ●

h. Were all payments made to or on behalf of professionals approved by the court?    Yes ○  No ○  N/A ●

i. Do you have:    Worker's compensation insurance?    Yes ○  No ●

    If yes, are your premiums current?    Yes ○  No ○  N/A ●  (if no, see Instructions)

    Casualty/property insurance?    Yes ○  No ●

    If yes, are your premiums current?    Yes ○  No ○  N/A ●  (if no, see Instructions)

    General liability insurance?    Yes ○  No ●

    If yes, are your premiums current?    Yes ○  No ○  N/A ●  (if no, see Instructions)

j. Has a plan of reorganization been filed with the court?    Yes ○  No ●

UST Form 11-MOR (06/07/2021)

Debtor's Name PURDUE PHARMA OF
PUERTO RICO

Case No. 19-23658

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

| | | | |
|---|---|---|---|
| k. | Has a disclosure statement been filed with the court? | Yes ⚪ No ⦿ | |
| l. | Are you current with quarterly U.S. Trustee fees as set forth under 28 U.S.C. § 1930? | Yes ⚪ No ⦿ | |

**Part 8: Individual Chapter 11 Debtors (Only)**

| | | |
|---|---|---|
| a. | Gross income (receipts) from salary and wages | $0 |
| b. | Gross income (receipts) from self-employment | $0 |
| c. | Gross income from all other sources | $0 |
| d. | Total income in the reporting period (a+b+c) | $0 |
| e. | Payroll deductions | $0 |
| f. | Self-employment related expenses | $0 |
| g. | Living expenses | $0 |
| h. | All other expenses | $0 |
| i. | Total expenses in the reporting period (e+f+g+h) | $0 |
| j. | Difference between total income and total expenses (d-i) | $0 |
| k. | List the total amount of all postpetition debts that are past due | $0 |
| l. | Are you required to pay any Domestic Support Obligations as defined by 11 U.S.C § 101(14A)? | Yes ⚪ No ⦿ |
| m. | If yes, have you made all Domestic Support Obligation payments? | Yes ⚪ No ⚪ N/A ⦿ |

**Privacy Act Statement**

28 U.S.C. § 589b authorizes the collection of this information, and provision of this information is mandatory under 11 U.S.C. §§ 704, 1106, and 1107. The United States Trustee will use this information to calculate statutory fee assessments under 28 U.S.C. § 1930(a)(6). The United States Trustee will also use this information to evaluate a chapter 11 debtor's progress through the bankruptcy system, including the likelihood of a plan of reorganization being confirmed and whether the case is being prosecuted in good faith. This information may be disclosed to a bankruptcy trustee or examiner when the information is needed to perform the trustee's or examiner's duties or to the appropriate federal, state, local, regulatory, tribal, or foreign law enforcement agency when the information indicates a violation or potential violation of law. Other disclosures may be made for routine purposes. For a discussion of the types of routine disclosures that may be made, you may consult the Executive Office for United States Trustee's systems of records notice, UST-001, "Bankruptcy Case Files and Associated Records." See 71 Fed. Reg. 59,818 et seq. (Oct. 11, 2006). A copy of the notice may be obtained at the following link: http://www.justice.gov/ust/eo/rules_regulations/index.htm. Failure to provide this information could result in the dismissal or conversion of your bankruptcy case or other action by the United States Trustee. 11 U.S.C. § 1112(b)(4)(F).

**I declare under penalty of perjury that the foregoing Monthly Operating Report and its supporting documentation are true and correct and that I have been authorized to sign this report on behalf of the estate.**

Terrence Ronan

Terrence Ronan

Signature of Responsible Party

Printed Name of Responsible Party

Chief Financial Officer

9/22/2022

Title

Date

UST Form 11-MOR (06/07/2021)

## UNITED STATES BANKRUPTCY COURT

SOUTHERN   DISTRICT OF   NEW YORK

DIVISION

In Re. AVRIO HEALTH L.P.    §    Case No.  19-23659
§
§    Lead Case No.   19-23649
_____    §
Debtor(s)    §

☒ Jointly Administered

# Monthly Operating Report                                   Chapter 11

Reporting Period Ended: 08/31/2022              Petition Date: 09/15/2019

Months Pending: 36                    Industry Classification: | 3 | 2 | 5 | 4 |

Reporting Method:          Accrual Basis ○      Cash Basis ◉

Debtor's Full-Time Employees (current):                    15

Debtor's Full-Time Employees (as of date of order for relief):    16


**Supporting  Documentation** (check all that are attached):

(For jointly administered debtors, any required schedules must be provided on a non-consolidated basis for each debtor)

☒    Statement of cash receipts and disbursements
☐    Balance sheet containing the summary and detail of the assets, liabilities and equity (net worth) or deficit
☐    Statement of operations (profit or loss statement)
☐    Accounts receivable aging
☐    Postpetition liabilities aging
☐    Statement of capital assets
☐    Schedule of payments to professionals
☐    Schedule of payments to insiders
☐    All bank statements and bank reconciliations for the reporting period
☐    Description of the assets sold or transferred and the terms of the sale or transfer


Eli J. Vonnegut
_____            Eli J. Vonnegut
Signature of Responsible Party                    _____
9/22/2022                              Printed Name of Responsible Party
_____
Date
                                  450 Lexington Avenue, New York, NY 10017
                                  _____
                                  Address


STATEMENT: This Periodic Report is associated with an open bankruptcy case; therefore, Paperwork Reduction Act exemption 5 C.F.R.
§ 1320.4(a)(2) applies.

UST Form 11-MOR (06/07/2021)

Debtor's Name AVRIO HEALTH L.P.                                    Case No. 19-23659

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

| Part 1: Cash Receipts and Disbursements | Current Month | Cumulative |
|---|---|---|
| a.  Cash balance beginning of month | $0 | |
| b.  Total receipts (net of transfers between accounts) | $47,796 | $0 |
| c.  Total disbursements (net of transfers between accounts) | $5,537,219 | $0 |
| d.  Cash balance end of month (a+b-c) | $-5,489,423 | |
| e.  Disbursements made by third party for the benefit of the estate | $0 | $0 |
| f.  Total disbursements for quarterly fee calculation (c+e) | $5,537,219 | $0 |

| Part 2:  Asset and Liability Status (Not generally applicable to Individual Debtors. See Instructions.) | Current Month |
|---|---|
| a.  Accounts receivable (total net of allowance) | $0 |
| b.  Accounts receivable over 90 days outstanding (net of allowance) | $0 |
| c.  Inventory  (Book ⊙  Market ◯  Other ◯  (attach explanation)) | $0 |
| d  Total current assets | $0 |
| e.  Total assets | $0 |
| f.  Postpetition payables (excluding taxes) | $0 |
| g.  Postpetition payables past due (excluding taxes) | $0 |
| h.  Postpetition taxes payable | $0 |
| i.  Postpetition taxes past due | $0 |
| j.  Total postpetition debt (f+h) | $0 |
| k.  Prepetition secured debt | $0 |
| l.  Prepetition priority debt | $0 |
| m.  Prepetition unsecured debt | $0 |
| n.  Total liabilities (debt) (j+k+l+m) | $0 |
| o.  Ending equity/net worth (e-n) | $0 |

| Part 3:  Assets Sold or Transferred | Current Month | Cumulative |
|---|---|---|
| a.  Total cash sales price for assets sold/transferred outside the ordinary course of business | $0 | $0 |
| b.  Total payments to third parties incident to assets being sold/transferred outside the ordinary course of business | $0 | $0 |
| c.  Net cash proceeds from assets sold/transferred outside the ordinary course of business (a-b) | $0 | $0 |

| Part 4:  Income Statement (Statement of Operations) (Not generally applicable to Individual Debtors. See Instructions.) | Current Month | Cumulative |
|---|---|---|
| a.  Gross income/sales (net of returns and allowances) | $0 | |
| b.  Cost of goods sold (inclusive of depreciation, if applicable) | $0 | |
| c.  Gross profit (a-b) | $0 | |
| d.  Selling expenses | $0 | |
| e.  General and administrative expenses | $0 | |
| f.  Other expenses | $0 | |
| g.  Depreciation and/or amortization (not included in 4b) | $0 | |
| h.  Interest | $0 | |
| i.  Taxes (local, state, and federal) | $0 | |
| j.  Reorganization items | $0 | |
| k.  Profit (loss) | $0 | $0 |

UST Form 11-MOR (06/07/2021)

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

Debtor's Name **AVRIO HEALTH L.P.**     Case No. **19-23659**

## Part 5:  Professional Fees and Expenses

| | | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|---|
| a. | Debtor's professional fees & expenses (bankruptcy)  *Aggregate Total* | | $0 | $0 | $0 | $0 |
| | *Itemized Breakdown by Firm* | | | | | |
| | | Firm Name | Role | | | |
| | i | | | $0 | $0 | $0 | $0 |
| | ii | | | $0 | $0 | $0 | $0 |

| | | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|---|
| b. | Debtor's professional fees & expenses (nonbankruptcy)  *Aggregate Total* | | $0 | $0 | $0 | $0 |
| | *Itemized Breakdown by Firm* | | | | | |
| | | Firm Name | Role | | | |
| | i | | | $0 | $0 | $0 | $0 |
| | ii | | | $0 | $0 | $0 | $0 |
| c. | All professional fees and expenses (debtor & committees) | | $0 | $0 | $0 | $0 |

## Part 6:  Postpetition Taxes

| | | Current Month | Cumulative |
|---|---|---|---|
| a. | Postpetition income taxes accrued (local, state, and federal) | $0 | $0 |
| b. | Postpetition income taxes paid (local, state, and federal) | $0 | $0 |
| c. | Postpetition employer payroll taxes accrued | $0 | $0 |
| d. | Postpetition employer payroll taxes paid | $0 | $0 |
| e. | Postpetition property taxes paid | $0 | $0 |
| f. | Postpetition other taxes accrued (local, state, and federal) | $0 | $0 |
| g. | Postpetition other taxes paid (local, state, and federal) | $0 | $0 |

## Part 7: Questionnaire - During this reporting period:

a. Were any payments made on prepetition debt?  (if yes, see Instructions)     Yes ○   No ●

b. Were any payments made outside the ordinary course of business without court approval?  (if yes, see Instructions)     Yes ○   No ●

c. Were any payments made to or on behalf of insiders?     Yes ○   No ●

d. Are you current on postpetition tax return filings?     Yes ○   No ●

e. Are you current on postpetition estimated tax payments?     Yes ○   No ●

f. Were all trust fund taxes remitted on a current basis?     Yes ○   No ●

g. Was there any postpetition borrowing, other than trade credit? (if yes, see Instructions)     Yes ○   No ●

h. Were all payments made to or on behalf of professionals approved by the court?     Yes ○   No ○   N/A ●

i. Do you have:     Worker's compensation insurance?     Yes ○   No ●

   If yes, are your premiums current?     Yes ○   No ○   N/A ●   (if no, see Instructions)

   Casualty/property insurance?     Yes ○   No ●

   If yes, are your premiums current?     Yes ○   No ○   N/A ●   (if no, see Instructions)

   General liability insurance?     Yes ○   No ●

   If yes, are your premiums current?     Yes ○   No ○   N/A ●   (if no, see Instructions)

j. Has a plan of reorganization been filed with the court?     Yes ○   No ●

UST Form 11-MOR (06/07/2021)

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

Debtor's Name AVRIO HEALTH L.P.                                    Case No. 19-23659

| | | | |
|---|---|---|---|
| k. | Has a disclosure statement been filed with the court? | Yes ○  No ● | |
| l. | Are you current with quarterly U.S. Trustee fees as set forth under 28 U.S.C. § 1930? | Yes ○  No ● | |

## Part 8: Individual Chapter 11 Debtors (Only)

| | | |
|---|---|---|
| a. | Gross income (receipts) from salary and wages | $0 |
| b. | Gross income (receipts) from self-employment | $0 |
| c. | Gross income from all other sources | $0 |
| d. | Total income in the reporting period (a+b+c) | $0 |
| e. | Payroll deductions | $0 |
| f. | Self-employment related expenses | $0 |
| g. | Living expenses | $0 |
| h. | All other expenses | $0 |
| i. | Total expenses in the reporting period (e+f+g+h) | $0 |
| j. | Difference between total income and total expenses (d-i) | $0 |
| k. | List the total amount of all postpetition debts that are past due | $0 |
| l. | Are you required to pay any Domestic Support Obligations as defined by 11 U.S.C § 101(14A)? | Yes ○  No ● |
| m. | If yes, have you made all Domestic Support Obligation payments? | Yes ○  No ○  N/A ● |

### Privacy Act Statement

28 U.S.C. § 589b authorizes the collection of this information, and provision of this information is mandatory under 11 U.S.C. §§ 704, 1106, and 1107. The United States Trustee will use this information to calculate statutory fee assessments under 28 U.S.C. § 1930(a)(6). The United States Trustee will also use this information to evaluate a chapter 11 debtor's progress through the bankruptcy system, including the likelihood of a plan of reorganization being confirmed and whether the case is being prosecuted in good faith. This information may be disclosed to a bankruptcy trustee or examiner when the information is needed to perform the trustee's or examiner's duties or to the appropriate federal, state, local, regulatory, tribal, or foreign law enforcement agency when the information indicates a violation or potential violation of law. Other disclosures may be made for routine purposes. For a discussion of the types of routine disclosures that may be made, you may consult the Executive Office for United States Trustee's systems of records notice, UST-001, "Bankruptcy Case Files and Associated Records." See 71 Fed. Reg. 59,818 et seq. (Oct. 11, 2006). A copy of the notice may be obtained at the following link: http://www.justice.gov/ust/eo/rules_regulations/index.htm. Failure to provide this information could result in the dismissal or conversion of your bankruptcy case or other action by the United States Trustee. 11 U.S.C. § 1112(b)(4)(F).

**I declare under penalty of perjury that the foregoing Monthly Operating Report and its supporting documentation are true and correct and that I have been authorized to sign this report on behalf of the estate.**

Terrence Ronan                                              Terrence Ronan
_____                    _____
Signature of Responsible Party                      Printed Name of Responsible Party

Chief Financial Officer                                  9/22/2022
_____                    _____
Title                                                              Date

UST Form 11-MOR (06/07/2021)

# UNITED STATES BANKRUPTCY COURT

SOUTHERN   DISTRICT OF   NEW YORK

DIVISION

| | | |
|---|---|---|
| In Re. PURDUE PHARMACEUTICAL PRODUCTS L.P. | § | Case No.  19-23660 |
| | § | |
| | § | Lead Case No.   19-23649 |
| Debtor(s) | § | |
| | | ☒ Jointly Administered |

## Monthly Operating Report

Chapter 11

Reporting Period Ended: 08/31/2022                Petition Date: 09/15/2019

Months Pending: 36                     Industry Classification: | 3 | 2 | 5 | 4 |

Reporting Method:            Accrual Basis ○        Cash Basis ⦿

Debtor's Full-Time Employees (current):                        0

Debtor's Full-Time Employees (as of date of order for relief):        0

**Supporting  Documentation**  (check all that are attached):

(For jointly administered debtors, any required schedules must be provided on a non-consolidated basis for each debtor)

☒        Statement of cash receipts and disbursements
☐        Balance sheet containing the summary and detail of the assets, liabilities and equity (net worth) or deficit
☐        Statement of operations (profit or loss statement)
☐        Accounts receivable aging
☐        Postpetition liabilities aging
☐        Statement of capital assets
☐        Schedule of payments to professionals
☐        Schedule of payments to insiders
☐        All bank statements and bank reconciliations for the reporting period
☐        Description of the assets sold or transferred and the terms of the sale or transfer

Eli J. Vonnegut
Signature of Responsible Party

9/22/2022
Date

Eli J. Vonnegut
Printed Name of Responsible Party

450 Lexington Avenue, New York, NY 10017
Address

STATEMENT: This Periodic Report is associated with an open bankruptcy case; therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

UST Form 11-MOR (06/07/2021)

Debtor's Name PURDUE
PHARMACEUTICAL PRODUCTS L.P.                                          Case No. 19-23660

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

| Part 1: Cash Receipts and Disbursements | Current Month | Cumulative |
|---|---|---|
| a. | Cash balance beginning of month | $0 | |
| b. | Total receipts (net of transfers between accounts) | $0 | $0 |
| c. | Total disbursements (net of transfers between accounts) | $10,161 | $0 |
| d. | Cash balance end of month (a+b+c) | $-10,161 | |
| e. | Disbursements made by third party for the benefit of the estate | $0 | $0 |
| f. | Total disbursements for quarterly fee calculation (c+e) | $10,161 | $0 |

| Part 2:  Asset and Liability Statement (Not generally applicable to Individual Debtors. See Instructions.) | Current Month | |
|---|---|---|
| a. | Accounts receivable (total net of allowance) | $0 | |
| b. | Accounts receivable over 90 days outstanding (net of allowance) | $0 | |
| c. | Inventory    (Book ◉    Market ○    Other ○    (attach explanation)) | $0 | |
| d | Total current assets | $0 | |
| e. | Total assets | $0 | |
| f. | Postpetition payables (excluding taxes) | $0 | |
| g. | Postpetition payables past due (excluding taxes) | $0 | |
| h. | Postpetition taxes payable | $0 | |
| i. | Postpetition taxes past due | $0 | |
| j. | Total postpetition debt (f+h) | $0 | |
| k. | Prepetition secured debt | $0 | |
| l. | Prepetition priority debt | $0 | |
| m. | Prepetition unsecured debt | $0 | |
| n. | Total liabilities (debt) (j+k+l+m) | $0 | |
| o. | Ending equity/net worth (e-n) | $0 | |

| Part 3:  Assets Sold or Transferred | Current Month | Cumulative |
|---|---|---|
| a. | Total cash sales price for assets sold/transferred outside the ordinary course of business | $0 | $0 |
| b. | Total payments to third parties incident to assets being sold/transferred outside the ordinary course of business | $0 | $0 |
| c. | Net cash proceeds from assets sold/transferred outside the ordinary course of business (a-b) | $0 | $0 |

| Part 4:  Income Statement (Statement of Operations) (Not generally applicable to Individual Debtors. See Instructions.) | Current Month | Cumulative |
|---|---|---|
| a. | Gross income/sales (net of returns and allowances) | $0 | |
| b. | Cost of goods sold (inclusive of depreciation, if applicable) | $0 | |
| c. | Gross profit (a-b) | $0 | |
| d. | Selling expenses | $0 | |
| e. | General and administrative expenses | $0 | |
| f. | Other expenses | $0 | |
| g. | Depreciation and/or amortization (not included in 4b) | $0 | |
| h. | Interest | $0 | |
| i. | Taxes (local, state, and federal) | $0 | |
| j. | Reorganization items | $0 | |
| k. | Profit (loss) | $0 | $0 |

UST Form 11-MOR (06/07/2021)

Debtor's Name PURDUE
PHARMACEUTICAL PRODUCTS L.P.                                    Case No.  19-23660

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

## Part 5:  Professional Fees and Expenses

| | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|
| a. | Debtor's professional fees & expenses (bankruptcy)  *Aggregate Total* | $0 | $0 | $0 | $0 |
| | *Itemized Breakdown by Firm* | | | | |
| | Firm Name / Role | | | | |
| i | | $0 | $0 | $0 | $0 |
| ii | | $0 | $0 | $0 | $0 |

| | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|
| b. | Debtor's professional fees & expenses (nonbankruptcy)  *Aggregate Total* | $0 | $0 | $0 | $0 |
| | *Itemized Breakdown by Firm* | | | | |
| | Firm Name / Role | | | | |
| i | | $0 | $0 | $0 | $0 |
| ii | | $0 | $0 | $0 | $0 |
| c. | All professional fees and expenses (debtor & committees) | $0 | $0 | $0 | $0 |

## Part 6:  Postpetition Taxes

| | | Current Month | Cumulative |
|---|---|---|---|
| a. | Postpetition income taxes accrued (local, state, and federal) | $0 | $0 |
| b. | Postpetition income taxes paid (local, state, and federal) | $0 | $0 |
| c. | Postpetition employer payroll taxes accrued | $0 | $0 |
| d. | Postpetition employer payroll taxes paid | $0 | $0 |
| e. | Postpetition property taxes paid | $0 | $0 |
| f. | Postpetition other taxes accrued (local, state, and federal) | $0 | $0 |
| g. | Postpetition other taxes paid (local, state, and federal) | $0 | $0 |

## Part 7: Questionnaire - During this reporting period:

a.  Were any payments made on prepetition debt?  (if yes, see Instructions)    Yes ○  No ◉

b.  Were any payments made outside the ordinary course of business without court approval?  (if yes, see Instructions)    Yes ○  No ◉

c.  Were any payments made to or on behalf of insiders?    Yes ○  No ◉

d.  Are you current on postpetition tax return filings?    Yes ○  No ◉

e.  Are you current on postpetition estimated tax payments?    Yes ○  No ◉

f.  Were all trust fund taxes remitted on a current basis?    Yes ○  No ◉

g.  Was there any postpetition borrowing, other than trade credit? (if yes, see Instructions)    Yes ○  No ◉

h.  Were all payments made to or on behalf of professionals approved by the court?    Yes ○  No ○  N/A ◉

i.  Do you have:    Worker's compensation insurance?    Yes ○  No ◉

    If yes, are your premiums current?    Yes ○  No ○  N/A ◉  (if no, see Instructions)

    Casualty/property insurance?    Yes ○  No ◉

    If yes, are your premiums current?    Yes ○  No ○  N/A ◉  (if no, see Instructions)

    General liability insurance?    Yes ○  No ◉

    If yes, are your premiums current?    Yes ○  No ○  N/A ◉  (if no, see Instructions)

j.  Has a plan of reorganization been filed with the court?    Yes ○  No ◉

UST Form 11-MOR (06/07/2021)

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

Debtor's Name PURDUE PHARMACEUTICAL PRODUCTS L.P.    Case No. 19-23660

| | | |
|---|---|---|
| k. | Has a disclosure statement been filed with the court? | Yes ○  No ● |
| l. | Are you current with quarterly U.S. Trustee fees as set forth under 28 U.S.C. § 1930? | Yes ○  No ● |

## Part 8: Individual Chapter 11 Debtors (Only)

| | | |
|---|---|---|
| a. | Gross income (receipts) from salary and wages | $0 |
| b. | Gross income (receipts) from self-employment | $0 |
| c. | Gross income from all other sources | $0 |
| d. | Total income in the reporting period (a+b+c) | $0 |
| e. | Payroll deductions | $0 |
| f. | Self-employment related expenses | $0 |
| g. | Living expenses | $0 |
| h. | All other expenses | $0 |
| i. | Total expenses in the reporting period (e+f+g+h) | $0 |
| j. | Difference between total income and total expenses (d-i) | $0 |
| k. | List the total amount of all postpetition debts that are past due | $0 |
| l. | Are you required to pay any Domestic Support Obligations as defined by 11 U.S.C § 101(14A)? | Yes ○  No ● |
| m. | If yes, have you made all Domestic Support Obligation payments? | Yes ○  No ○  N/A ● |

### Privacy Act Statement

28 U.S.C. § 589b authorizes the collection of this information, and provision of this information is mandatory under 11 U.S.C. §§ 704, 1106, and 1107. The United States Trustee will use this information to calculate statutory fee assessments under 28 U.S.C. § 1930(a)(6). The United States Trustee will also use this information to evaluate a chapter 11 debtor's progress through the bankruptcy system, including the likelihood of a plan of reorganization being confirmed and whether the case is being prosecuted in good faith. This information may be disclosed to a bankruptcy trustee or examiner when the information is needed to perform the trustee's or examiner's duties or to the appropriate federal, state, local, regulatory, tribal, or foreign law enforcement agency when the information indicates a violation or potential violation of law. Other disclosures may be made for routine purposes. For a discussion of the types of routine disclosures that may be made, you may consult the Executive Office for United States Trustee's systems of records notice, UST-001, "Bankruptcy Case Files and Associated Records." See 71 Fed. Reg. 59,818 et seq. (Oct. 11, 2006). A copy of the notice may be obtained at the following link: http://www.justice.gov/ust/eo/rules_regulations/index.htm. Failure to provide this information could result in the dismissal or conversion of your bankruptcy case or other action by the United States Trustee. 11 U.S.C. § 1112(b)(4)(F).

**I declare under penalty of perjury that the foregoing Monthly Operating Report and its supporting documentation are true and correct and that I have been authorized to sign this report on behalf of the estate.**

Terrence Ronan

Signature of Responsible Party

Terrence Ronan

Printed Name of Responsible Party

Chief Financial Officer

Title

9/22/2022

Date

UST Form 11-MOR (06/07/2021)

# UNITED STATES BANKRUPTCY COURT

<u>SOUTHERN</u>  DISTRICT OF  <u>NEW YORK</u>

DIVISION

In Re. PURDUE NEUROSCIENCE COMPANY

§
§
§
§

_____
Debtor(s)

Case No.  19-23661

Lead Case No.  19-23649

☒ Jointly Administered

# Monthly Operating Report

Chapter 11

Reporting Period Ended: 08/31/2022

Petition Date: 09/15/2019

Months Pending: 36

Industry Classification:  | 3 | 2 | 5 | 4 |

Reporting Method:         Accrual Basis ◯     Cash Basis ◉

Debtor's Full-Time Employees (current):                    0

Debtor's Full-Time Employees (as of date of order for relief):    0

**Supporting  Documentation** (check all that are attached):

(For jointly administered debtors, any required schedules must be provided on a non-consolidated basis for each debtor)

☒  Statement of cash receipts and disbursements
☐  Balance sheet containing the summary and detail of the assets, liabilities and equity (net worth) or deficit
☐  Statement of operations (profit or loss statement)
☐  Accounts receivable aging
☐  Postpetition liabilities aging
☐  Statement of capital assets
☐  Schedule of payments to professionals
☐  Schedule of payments to insiders
☐  All bank statements and bank reconciliations for the reporting period
☐  Description of the assets sold or transferred and the terms of the sale or transfer

Eli J. Vonnegut
_____
Signature of Responsible Party

9/22/2022
_____
Date

Eli J. Vonnegut
_____
Printed Name of Responsible Party

450 Lexington Avenue, New York, NY 10017
_____
Address

STATEMENT: This Periodic Report is associated with an open bankruptcy case; therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

UST Form 11-MOR (06/07/2021)

Debtor's Name PURDUE NEUROSCIENCE COMPANY

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

Case No. 19-23661

| Part 1: Cash Receipts and Disbursements | Current Month | Cumulative |
|---|---|---|
| a. | Cash balance beginning of month | $0 | |
| b. | Total receipts (net of transfers between accounts) | $0 | $0 |
| c. | Total disbursements (net of transfers between accounts) | $0 | $0 |
| d. | Cash balance end of month (a+b-c) | $0 | |
| e. | Disbursements made by third party for the benefit of the estate | $0 | $0 |
| f. | Total disbursements for quarterly fee calculation (c+e) | $0 | $0 |

| Part 2: Asset and Liability Status (Not generally applicable to Individual Debtors. See Instructions.) | Current Month |
|---|---|
| a. | Accounts receivable (total net of allowance) | $0 |
| b. | Accounts receivable over 90 days outstanding (net of allowance) | $0 |
| c. | Inventory    (Book ● Market ○ Other ○ (attach explanation)) | $0 |
| d | Total current assets | $0 |
| e. | Total assets | $0 |
| f. | Postpetition payables (excluding taxes) | $0 |
| g. | Postpetition payables past due (excluding taxes) | $0 |
| h. | Postpetition taxes payable | $0 |
| i. | Postpetition taxes past due | $0 |
| j. | Total postpetition debt (f+h) | $0 |
| k. | Prepetition secured debt | $0 |
| l. | Prepetition priority debt | $0 |
| m. | Prepetition unsecured debt | $0 |
| n. | Total liabilities (debt) (j+k+l+m) | $0 |
| o. | Ending equity/net worth (e-n) | $0 |

| Part 3: Assets Sold or Transferred | Current Month | Cumulative |
|---|---|---|
| a. | Total cash sales price for assets sold/transferred outside the ordinary course of business | $0 | $0 |
| b. | Total payments to third parties incident to assets being sold/transferred outside the ordinary course of business | $0 | $0 |
| c. | Net cash proceeds from assets sold/transferred outside the ordinary course of business (a-b) | $0 | $0 |

| Part 4: Income Statement (Statement of Operations) (Not generally applicable to Individual Debtors. See Instructions.) | Current Month | Cumulative |
|---|---|---|
| a. | Gross income/sales (net of returns and allowances) | $0 | |
| b. | Cost of goods sold (inclusive of depreciation, if applicable) | $0 | |
| c. | Gross profit (a-b) | $0 | |
| d. | Selling expenses | $0 | |
| e. | General and administrative expenses | $0 | |
| f. | Other expenses | $0 | |
| g. | Depreciation and/or amortization (not included in 4b) | $0 | |
| h. | Interest | $0 | |
| i. | Taxes (local, state, and federal) | $0 | |
| j. | Reorganization items | $0 | |
| k. | Profit (loss) | $0 | $0 |

UST Form 11-MOR (06/07/2021)

Debtor's Name PURDUE
NEUROSCIENCE COMPANY

Case No. 19-23661

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

## Part 5: Professional Fees and Expenses

|   | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|
| a. | Debtor's professional fees & expenses (bankruptcy)  *Aggregate Total* | $0 | $0 | $0 | $0 |
| | *Itemized Breakdown by Firm* | | | | |
| | Firm Name  Role | | | | |
| i | | $0 | $0 | $0 | $0 |
| ii | | $0 | $0 | $0 | $0 |

|   | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|
| b. | Debtor's professional fees & expenses (nonbankruptcy)  *Aggregate Total* | $0 | $0 | $0 | $0 |
| | *Itemized Breakdown by Firm* | | | | |
| | Firm Name  Role | | | | |
| i | | $0 | $0 | $0 | $0 |
| ii | | $0 | $0 | $0 | $0 |
| c. | All professional fees and expenses (debtor & committees) | $0 | $0 | $0 | $0 |

## Part 6: Postpetition Taxes

|   | | Current Month | Cumulative |
|---|---|---|---|
| a. | Postpetition income taxes accrued (local, state, and federal) | $0 | $0 |
| b. | Postpetition income taxes paid (local, state, and federal) | $0 | $0 |
| c. | Postpetition employer payroll taxes accrued | $0 | $0 |
| d. | Postpetition employer payroll taxes paid | $0 | $0 |
| e. | Postpetition property taxes paid | $0 | $0 |
| f. | Postpetition other taxes accrued (local, state, and federal) | $0 | $0 |
| g. | Postpetition other taxes paid (local, state, and federal) | $0 | $0 |

## Part 7: Questionnaire - During this reporting period:

a. Were any payments made on prepetition debt?  (if yes, see Instructions)    Yes ○  No ●

b. Were any payments made outside the ordinary course of business without court approval?  (if yes, see Instructions)    Yes ○  No ●

c. Were any payments made to or on behalf of insiders?    Yes ○  No ●

d. Are you current on postpetition tax return filings?    Yes ○  No ●

e. Are you current on postpetition estimated tax payments?    Yes ○  No ●

f. Were all trust fund taxes remitted on a current basis?    Yes ○  No ●

g. Was there any postpetition borrowing, other than trade credit?  (if yes, see Instructions)    Yes ○  No ●

h. Were all payments made to or on behalf of professionals approved by the court?    Yes ○  No ○  N/A ●

i. Do you have:    Worker's compensation insurance?    Yes ○  No ●

   If yes, are your premiums current?    Yes ○  No ○  N/A ●  (if no, see Instructions)

   Casualty/property insurance?    Yes ○  No ●

   If yes, are your premiums current?    Yes ○  No ○  N/A ●  (if no, see Instructions)

   General liability insurance?    Yes ○  No ●

   If yes, are your premiums current?    Yes ○  No ○  N/A ●  (if no, see Instructions)

j. Has a plan of reorganization been filed with the court?    Yes ○  No ●

UST Form 11-MOR (06/07/2021)

Debtor's Name PURDUE
NEUROSCIENCE COMPANY                                                    Case No. 19-23661

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

| | | | |
|---|---|---|---|
| k. | Has a disclosure statement been filed with the court? | Yes ⚪  No ⚫ | |
| l. | Are you current with quarterly U.S. Trustee fees as set forth under 28 U.S.C. § 1930? | Yes ⚪  No ⚫ | |

## Part 8: Individual Chapter 11 Debtors (Only)

| | | |
|---|---|---|
| a. | Gross income (receipts) from salary and wages | $0 |
| b. | Gross income (receipts) from self-employment | $0 |
| c. | Gross income from all other sources | $0 |
| d. | Total income in the reporting period (a+b+c) | $0 |
| e. | Payroll deductions | $0 |
| f. | Self-employment related expenses | $0 |
| g. | Living expenses | $0 |
| h. | All other expenses | $0 |
| i. | Total expenses in the reporting period (e+f+g+h) | $0 |
| j. | Difference between total income and total expenses (d-i) | $0 |
| k. | List the total amount of all postpetition debts that are past due | $0 |
| l. | Are you required to pay any Domestic Support Obligations as defined by 11 U.S.C § 101(14A)? | Yes ⚪  No ⚫ |
| m. | If yes, have you made all Domestic Support Obligation payments? | Yes ⚪  No ⚪  N/A ⚫ |

### Privacy Act Statement

28 U.S.C. § 589b authorizes the collection of this information, and provision of this information is mandatory under 11 U.S.C. §§ 704, 1106, and 1107. The United States Trustee will use this information to calculate statutory fee assessments under 28 U.S.C. § 1930(a)(6). The United States Trustee will also use this information to evaluate a chapter 11 debtor's progress through the bankruptcy system, including the likelihood of a plan of reorganization being confirmed and whether the case is being prosecuted in good faith. This information may be disclosed to a bankruptcy trustee or examiner when the information is needed to perform the trustee's or examiner's duties or to the appropriate federal, state, local, regulatory, tribal, or foreign law enforcement agency when the information indicates a violation or potential violation of law. Other disclosures may be made for routine purposes. For a discussion of the types of routine disclosures that may be made, you may consult the Executive Office for United States Trustee's systems of records notice, UST-001, "Bankruptcy Case Files and Associated Records." See 71 Fed. Reg. 59,818 et seq. (Oct. 11, 2006). A copy of the notice may be obtained at the following link: http://www.justice.gov/ust/eo/rules_regulations/index.htm. Failure to provide this information could result in the dismissal or conversion of your bankruptcy case or other action by the United States Trustee. 11 U.S.C. § 1112(b)(4)(F).


**<u>I declare under penalty of perjury that the foregoing Monthly Operating Report and its supporting documentation are true and correct and that I have been authorized to sign this report on behalf of the estate.</u>**


Terrence Ronan                                          Terrence Ronan
_____                              _____
Signature of Responsible Party                          Printed Name of Responsible Party

Chief Financial Officer                                 9/22/2022
_____                              _____
Title                                                   Date

UST Form 11-MOR (06/07/2021)

# UNITED STATES BANKRUPTCY COURT

SOUTHERN   DISTRICT OF   NEW YORK

DIVISION

In Re. NAYATT COVE LIFESCIENCE INC.  §
§
§   Case No.   19-23662
§
§   Lead Case No.   19-23649
Debtor(s)                         §
⊠ Jointly Administered

# Monthly Operating Report                               Chapter 11

Reporting Period Ended: 08/31/2022          Petition Date: 09/15/2019

Months Pending: 36                          Industry Classification: | 3 | 2 | 5 | 4 |

Reporting Method:          Accrual Basis ○          Cash Basis ◉

Debtor's Full-Time Employees (current):                    0

Debtor's Full-Time Employees (as of date of order for relief):    0

**Supporting  Documentation** (check all that are attached):

(For jointly administered debtors, any required schedules must be provided on a non-consolidated basis for each debtor)

⊠  Statement of cash receipts and disbursements
☐  Balance sheet containing the summary and detail of the assets, liabilities and equity (net worth) or deficit
☐  Statement of operations (profit or loss statement)
☐  Accounts receivable aging
☐  Postpetition liabilities aging
☐  Statement of capital assets
☐  Schedule of payments to professionals
☐  Schedule of payments to insiders
☐  All bank statements and bank reconciliations for the reporting period
☐  Description of the assets sold or transferred and the terms of the sale or transfer

Eli J. Vonnegut
_____
Signature of Responsible Party

9/22/2022
_____
Date

Eli J. Vonnegut
_____
Printed Name of Responsible Party

450 Lexington Avenue, New York, NY 10017
_____
Address

STATEMENT: This Periodic Report is associated with an open bankruptcy case; therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

UST Form 11-MOR (06/07/2021)

Debtor's Name  NAYATT COVE
LIFESCIENCE INC.

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

Case No.  19-23662

| Part 1: Cash Receipts and Disbursements | Current Month | Cumulative |
|---|---|---|
| a.  Cash balance beginning of month | $0 | |
| b.  Total receipts (net of transfers between accounts) | $0 | $0 |
| c.  Total disbursements (net of transfers between accounts) | $0 | $0 |
| d.  Cash balance end of month (a+b+c) | $0 | |
| e.  Disbursements made by third party for the benefit of the estate | $0 | $0 |
| f.  Total disbursements for quarterly fee calculation (c+e) | $0 | $0 |

| Part 2:  Asset and Liability Status (Not generally applicable to Individual Debtors. See Instructions.) | Current Month | |
|---|---|---|
| a.  Accounts receivable (total net of allowance) | $0 | |
| b.  Accounts receivable over 90 days outstanding (net of allowance) | $0 | |
| c.  Inventory    (Book ● Market ○ Other ○  (attach explanation)) | $0 | |
| d  Total current assets | $0 | |
| e.  Total assets | $0 | |
| f.  Postpetition payables (excluding taxes) | $0 | |
| g.  Postpetition payables past due (excluding taxes) | $0 | |
| h.  Postpetition taxes payable | $0 | |
| i.  Postpetition taxes past due | $0 | |
| j.  Total postpetition debt (f+h) | $0 | |
| k.  Prepetition secured debt | $0 | |
| l.  Prepetition priority debt | $0 | |
| m.  Prepetition unsecured debt | $0 | |
| n.  Total liabilities (debt) (j+k+l+m) | $0 | |
| o.  Ending equity/net worth (e-n) | $0 | |

| Part 3:  Assets Sold or Transferred | Current Month | Cumulative |
|---|---|---|
| a.  Total cash sales price for assets sold/transferred outside the ordinary course of business | $0 | $0 |
| b.  Total payments to third parties incident to assets being sold/transferred outside the ordinary course of business | $0 | $0 |
| c.  Net cash proceeds from assets sold/transferred outside the ordinary course of business (a-b) | $0 | $0 |

| Part 4:  Income Statement (Statement of Operations) (Not generally applicable to Individual Debtors. See Instructions.) | Current Month | Cumulative |
|---|---|---|
| a.  Gross income/sales (net of returns and allowances) | $0 | |
| b.  Cost of goods sold (inclusive of depreciation, if applicable) | $0 | |
| c.  Gross profit (a-b) | $0 | |
| d.  Selling expenses | $0 | |
| e.  General and administrative expenses | $0 | |
| f.  Other expenses | $0 | |
| g.  Depreciation and/or amortization (not included in 4b) | $0 | |
| h.  Interest | $0 | |
| i.  Taxes (local, state, and federal) | $0 | |
| j.  Reorganization items | $0 | |
| k.  Profit (loss) | $0 | $0 |

UST Form 11-MOR (06/07/2021)

Debtor's Name NAYATT COVE
LIFESCIENCE INC.

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

Case No.  19-23662

## Part 5:  Professional Fees and Expenses

| | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|
| a. | Debtor's professional fees & expenses (bankruptcy)  *Aggregate Total* | $0 | $0 | $0 | $0 |
| | *Itemized Breakdown by Firm* | | | | |
| | Firm Name | Role | | | |
| i | | | $0 | $0 | $0 | $0 |
| ii | | | $0 | $0 | $0 | $0 |

| | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|
| b. | Debtor's professional fees & expenses (nonbankruptcy)  *Aggregate Total* | $0 | $0 | $0 | $0 |
| | *Itemized Breakdown by Firm* | | | | |
| | Firm Name | Role | | | |
| i | | | $0 | $0 | $0 | $0 |
| ii | | | $0 | $0 | $0 | $0 |
| c. | All professional fees and expenses (debtor & committees) | $0 | $0 | $0 | $0 |

## Part 6:  Postpetition Taxes

| | | Current Month | Cumulative |
|---|---|---|---|
| a. | Postpetition income taxes accrued (local, state, and federal) | $0 | $0 |
| b. | Postpetition income taxes paid (local, state, and federal) | $0 | $0 |
| c. | Postpetition employer payroll taxes accrued | $0 | $0 |
| d. | Postpetition employer payroll taxes paid | $0 | $0 |
| e. | Postpetition property taxes paid | $0 | $0 |
| f. | Postpetition other taxes accrued (local, state, and federal) | $0 | $0 |
| g. | Postpetition other taxes paid (local, state, and federal) | $0 | $0 |

## Part 7: Questionnaire - During this reporting period:

a. Were any payments made on prepetition debt?  (if yes, see Instructions)    Yes ○  No ●

b. Were any payments made outside the ordinary course of business without court approval?  (if yes, see Instructions)    Yes ○  No ●

c. Were any payments made to or on behalf of insiders?    Yes ○  No ●

d. Are you current on postpetition tax return filings?    Yes ○  No ●

e. Are you current on postpetition estimated tax payments?    Yes ○  No ●

f. Were all trust fund taxes remitted on a current basis?    Yes ○  No ●

g. Was there any postpetition borrowing, other than trade credit? (if yes, see Instructions)    Yes ○  No ●

h. Were all payments made to or on behalf of professionals approved by the court?    Yes ○  No ○  N/A ●

i. Do you have:    Worker's compensation insurance?    Yes ○  No ●

   If yes, are your premiums current?    Yes ○  No ○  N/A ●  (if no, see Instructions)

   Casualty/property insurance?    Yes ○  No ●

   If yes, are your premiums current?    Yes ○  No ○  N/A ●  (if no, see Instructions)

   General liability insurance?    Yes ○  No ●

   If yes, are your premiums current?    Yes ○  No ○  N/A ●  (if no, see Instructions)

j. Has a plan of reorganization been filed with the court?    Yes ○  No ●

Debtor's Name NAYATT COVE
LIFESCIENCE INC.                                                    Case No. 19-23662

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

| | | | |
|---|---|---|---|
| k. | Has a disclosure statement been filed with the court? | Yes ○  No ● | |
| l. | Are you current with quarterly U.S. Trustee fees as set forth under 28 U.S.C. § 1930? | Yes ○  No ● | |

### Part 8: Individual Chapter 11 Debtors (Only)

| | | |
|---|---|---|
| a. | Gross income (receipts) from salary and wages | $0 |
| b. | Gross income (receipts) from self-employment | $0 |
| c. | Gross income from all other sources | $0 |
| d. | Total income in the reporting period (a+b+c) | $0 |
| e. | Payroll deductions | $0 |
| f. | Self-employment related expenses | $0 |
| g. | Living expenses | $0 |
| h. | All other expenses | $0 |
| i. | Total expenses in the reporting period (e+f+g+h) | $0 |
| j. | Difference between total income and total expenses (d-i) | $0 |
| k. | List the total amount of all postpetition debts that are past due | $0 |
| l. | Are you required to pay any Domestic Support Obligations as defined by 11 U.S.C § 101(14A)? | Yes ○  No ● |
| m. | If yes, have you made all Domestic Support Obligation payments? | Yes ○  No ○  N/A ● |

### Privacy Act Statement

28 U.S.C. § 589b authorizes the collection of this information, and provision of this information is mandatory under 11 U.S.C. §§ 704, 1106, and 1107. The United States Trustee will use this information to calculate statutory fee assessments under 28 U.S.C. § 1930(a)(6). The United States Trustee will also use this information to evaluate a chapter 11 debtor's progress through the bankruptcy system, including the likelihood of a plan of reorganization being confirmed and whether the case is being prosecuted in good faith. This information may be disclosed to a bankruptcy trustee or examiner when the information is needed to perform the trustee's or examiner's duties or to the appropriate federal, state, local, regulatory, tribal, or foreign law enforcement agency when the information indicates a violation or potential violation of law. Other disclosures may be made for routine purposes. For a discussion of the types of routine disclosures that may be made, you may consult the Executive Office for United States Trustee's systems of records notice, UST-001, "Bankruptcy Case Files and Associated Records." See 71 Fed. Reg. 59,818 et seq. (Oct. 11, 2006). A copy of the notice may be obtained at the following link: http://www.justice.gov/ust/eo/rules_regulations/index.htm. Failure to provide this information could result in the dismissal or conversion of your bankruptcy case or other action by the United States Trustee. 11 U.S.C. § 1112(b)(4)(F).

**I declare under penalty of perjury that the foregoing Monthly Operating Report and its supporting documentation are true and correct and that I have been authorized to sign this report on behalf of the estate.**

Terrence Ronan                                              Terrence Ronan
_____                    _____
Signature of Responsible Party                          Printed Name of Responsible Party

Chief Financial Officer                                     9/22/2022
_____                    _____
Title                                                              Date

UST Form 11-MOR (06/07/2021)

## UNITED STATES BANKRUPTCY COURT

SOUTHERN   DISTRICT OF   NEW YORK

DIVISION

| | | |
|---|---|---|
| In Re. BUTTON LAND L.P. | § | Case No.  19-23663 |
| | § | |
| | § | Lead Case No.  19-23649 |
| Debtor(s) | § | |
| | | ☒ Jointly Administered |

# Monthly Operating Report

Chapter 11

Reporting Period Ended: 08/31/2022          Petition Date: 09/15/2019

Months Pending: 36          Industry Classification: 3 2 5 4

Reporting Method:          Accrual Basis ○          Cash Basis ◉

Debtor's Full-Time Employees (current):          0

Debtor's Full-Time Employees (as of date of order for relief):          0

**Supporting  Documentation** (check all that are attached):

(For jointly administered debtors, any required schedules must be provided on a non-consolidated basis for each debtor)

- ☒ Statement of cash receipts and disbursements
- ☐ Balance sheet containing the summary and detail of the assets, liabilities and equity (net worth) or deficit
- ☐ Statement of operations (profit or loss statement)
- ☐ Accounts receivable aging
- ☐ Postpetition liabilities aging
- ☐ Statement of capital assets
- ☐ Schedule of payments to professionals
- ☐ Schedule of payments to insiders
- ☐ All bank statements and bank reconciliations for the reporting period
- ☐ Description of the assets sold or transferred and the terms of the sale or transfer

Eli J. Vonnegut
_____
Signature of Responsible Party

9/22/2022
_____
Date

Eli J. Vonnegut
_____
Printed Name of Responsible Party

450 Lexington Avenue, New York, NY 10017
_____
Address

STATEMENT: This Periodic Report is associated with an open bankruptcy case; therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

85

UST Form 11-MOR (06/07/2021)

Debtor's Name  BUTTON LAND L.P.                    Case No. 19-23663

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

| Part 1: Cash Receipts and Disbursements | Current Month | Cumulative |
|---|---|---|
| a. Cash balance beginning of month | $0 | |
| b. Total receipts (net of transfers between accounts) | $0 | $0 |
| c. Total disbursements (net of transfers between accounts) | $0 | $0 |
| d. Cash balance end of month (a+b+c) | $0 | |
| e. Disbursements made by third party for the benefit of the estate | $0 | $0 |
| f. Total disbursements for quarterly fee calculation (c+e) | $0 | $0 |

| Part 2: Asset and Liability Status (Not generally applicable to Individual Debtors. See Instructions.) | Current Month |
|---|---|
| a. Accounts receivable (total net of allowance) | $0 |
| b. Accounts receivable over 90 days outstanding (net of allowance) | $0 |
| c. Inventory    (Book ⦿  Market ○  Other ○  (attach explanation)) | $0 |
| d  Total current assets | $0 |
| e. Total assets | $0 |
| f. Postpetition payables (excluding taxes) | $0 |
| g. Postpetition payables past due (excluding taxes) | $0 |
| h. Postpetition taxes payable | $0 |
| i. Postpetition taxes past due | $0 |
| j. Total postpetition debt (f+h) | $0 |
| k. Prepetition secured debt | $0 |
| l. Prepetition priority debt | $0 |
| m. Prepetition unsecured debt | $0 |
| n. Total liabilities (debt) (j+k+l+m) | $0 |
| o. Ending equity/net worth (e-n) | $0 |

| Part 3: Assets Sold or Transferred | Current Month | Cumulative |
|---|---|---|
| a. Total cash sales price for assets sold/transferred outside the ordinary course of business | $0 | $0 |
| b. Total payments to third parties incident to assets being sold/transferred outside the ordinary course of business | $0 | $0 |
| c. Net cash proceeds from assets sold/transferred outside the ordinary course of business (a-b) | $0 | $0 |

| Part 4: Income Statement (Statement of Operations) (Not generally applicable to Individual Debtors. See Instructions.) | Current Month | Cumulative |
|---|---|---|
| a. Gross income/sales (net of returns and allowances) | $0 | |
| b. Cost of goods sold (inclusive of depreciation, if applicable) | $0 | |
| c. Gross profit (a-b) | $0 | |
| d. Selling expenses | $0 | |
| e. General and administrative expenses | $0 | |
| f. Other expenses | $0 | |
| g. Depreciation and/or amortization (not included in 4b) | $0 | |
| h. Interest | $0 | |
| i. Taxes (local, state, and federal) | $0 | |
| j. Reorganization items | $0 | |
| k. Profit (loss) | $0 | $0 |

UST Form 11-MOR (06/07/2021)

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

Debtor's Name  BUTTON LAND L.P.                                    Case No.  19-23663

## Part 5:  Professional Fees and Expenses

| | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|
| a. | Debtor's professional fees & expenses (bankruptcy)  *Aggregate Total* | $0 | $0 | $0 | $0 |
| | *Itemized Breakdown by Firm* | | | | |
| | Firm Name  Role | | | | |
| i | | $0 | $0 | $0 | $0 |
| ii | | $0 | $0 | $0 | $0 |

| | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|
| b. | Debtor's professional fees & expenses (nonbankruptcy)  *Aggregate Total* | $0 | $0 | $0 | $0 |
| | *Itemized Breakdown by Firm* | | | | |
| | Firm Name  Role | | | | |
| i | | $0 | $0 | $0 | $0 |
| ii | | $0 | $0 | $0 | $0 |
| c. | All professional fees and expenses (debtor & committees) | $0 | $0 | $0 | $0 |

## Part 6:  Postpetition Taxes

| | | Current Month | Cumulative |
|---|---|---|---|
| a. | Postpetition income taxes accrued (local, state, and federal) | $0 | $0 |
| b. | Postpetition income taxes paid (local, state, and federal) | $0 | $0 |
| c. | Postpetition employer payroll taxes accrued | $0 | $0 |
| d. | Postpetition employer payroll taxes paid | $0 | $0 |
| e. | Postpetition property taxes paid | $0 | $0 |
| f. | Postpetition other taxes accrued (local, state, and federal) | $0 | $0 |
| g. | Postpetition other taxes paid (local, state, and federal) | $0 | $0 |

## Part 7: Questionnaire - During this reporting period:

a. Were any payments made on prepetition debt?  (if yes, see Instructions)    Yes ○  No ⦿

b. Were any payments made outside the ordinary course of business without court approval?  (if yes, see Instructions)    Yes ○  No ⦿

c. Were any payments made to or on behalf of insiders?    Yes ○  No ⦿

d. Are you current on postpetition tax return filings?    Yes ○  No ⦿

e. Are you current on postpetition estimated tax payments?    Yes ○  No ⦿

f. Were all trust fund taxes remitted on a current basis?    Yes ○  No ⦿

g. Was there any postpetition borrowing, other than trade credit? (if yes, see Instructions)    Yes ○  No ⦿

h. Were all payments made to or on behalf of professionals approved by the court?    Yes ○  No ○  N/A ⦿

i. Do you have:  Worker's compensation insurance?    Yes ○  No ⦿

    If yes, are your premiums current?    Yes ○  No ○  N/A ⦿  (if no, see Instructions)

    Casualty/property insurance?    Yes ○  No ⦿

    If yes, are your premiums current?    Yes ○  No ○  N/A ⦿  (if no, see Instructions)

    General liability insurance?    Yes ○  No ⦿

    If yes, are your premiums current?    Yes ○  No ○  N/A ⦿  (if no, see Instructions)

j. Has a plan of reorganization been filed with the court?    Yes ○  No ⦿

UST Form 11-MOR (06/07/2021)

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

Debtor's Name BUTTON LAND L.P.                                    Case No. 19-23663

| | | |
|---|---|---|
| k. | Has a disclosure statement been filed with the court? | Yes ◯  No ⦿ |
| l. | Are you current with quarterly U.S. Trustee fees as set forth under 28 U.S.C. § 1930? | Yes ◯  No ⦿ |

### Part 8: Individual Chapter 11 Debtors (Only)

| | | |
|---|---|---|
| a. | Gross income (receipts) from salary and wages | $0 |
| b. | Gross income (receipts) from self-employment | $0 |
| c. | Gross income from all other sources | $0 |
| d. | Total income in the reporting period (a+b+c) | $0 |
| e. | Payroll deductions | $0 |
| f. | Self-employment related expenses | $0 |
| g. | Living expenses | $0 |
| h. | All other expenses | $0 |
| i. | Total expenses in the reporting period (e+f+g+h) | $0 |
| j. | Difference between total income and total expenses (d-i) | $0 |
| k. | List the total amount of all postpetition debts that are past due | $0 |
| l. | Are you required to pay any Domestic Support Obligations as defined by 11 U.S.C § 101(14A)? | Yes ◯  No ⦿ |
| m. | If yes, have you made all Domestic Support Obligation payments? | Yes ◯  No ◯  N/A ⦿ |

### Privacy Act Statement

28 U.S.C. § 589b authorizes the collection of this information, and provision of this information is mandatory under 11 U.S.C. §§ 704, 1106, and 1107. The United States Trustee will use this information to calculate statutory fee assessments under 28 U.S.C. § 1930(a)(6). The United States Trustee will also use this information to evaluate a chapter 11 debtor's progress through the bankruptcy system, including the likelihood of a plan of reorganization being confirmed and whether the case is being prosecuted in good faith. This information may be disclosed to a bankruptcy trustee or examiner when the information is needed to perform the trustee's or examiner's duties or to the appropriate federal, state, local, regulatory, tribal, or foreign law enforcement agency when the information indicates a violation or potential violation of law. Other disclosures may be made for routine purposes. For a discussion of the types of routine disclosures that may be made, you may consult the Executive Office for United States Trustee's systems of records notice, UST-001, "Bankruptcy Case Files and Associated Records." See 71 Fed. Reg. 59,818 et seq. (Oct. 11, 2006). A copy of the notice may be obtained at the following link: http://www.justice.gov/ust/eo/rules_regulations/index.htm. Failure to provide this information could result in the dismissal or conversion of your bankruptcy case or other action by the United States Trustee. 11 U.S.C. § 1112(b)(4)(F).

**<u>I declare under penalty of perjury that the foregoing Monthly Operating Report and its supporting documentation are true and correct and that I have been authorized to sign this report on behalf of the estate.</u>**

| | |
|---|---|
| Terrence Ronan | Terrence Ronan |
| Signature of Responsible Party | Printed Name of Responsible Party |
| Chief Financial Officer | 9/22/2022 |
| Title | Date |

# UNITED STATES BANKRUPTCY COURT

SOUTHERN  DISTRICT OF  NEW YORK

DIVISION

In Re. PAUL LAND INC.

§
§
§
§

_____
Debtor(s)

Case No.  19-23664

Lead Case No.  19-23649

☒ Jointly Administered

# Monthly Operating Report

Chapter 11

Reporting Period Ended: 08/31/2022

Petition Date: 09/15/2019

Months Pending: 36

Industry Classification: | 3 | 2 | 5 | 4 |

Reporting Method:          Accrual Basis ◯          Cash Basis ◉

Debtor's Full-Time Employees (current):          0

Debtor's Full-Time Employees (as of date of order for relief):          0

## Supporting  Documentation (check all that are attached):

(For jointly administered debtors, any required schedules must be provided on a non-consolidated basis for each debtor)

☒  Statement of cash receipts and disbursements
☐  Balance sheet containing the summary and detail of the assets, liabilities and equity (net worth) or deficit
☐  Statement of operations (profit or loss statement)
☐  Accounts receivable aging
☐  Postpetition liabilities aging
☐  Statement of capital assets
☐  Schedule of payments to professionals
☐  Schedule of payments to insiders
☐  All bank statements and bank reconciliations for the reporting period
☐  Description of the assets sold or transferred and the terms of the sale or transfer

Eli J. Vonnegut
_____
Signature of Responsible Party

9/22/2022
_____
Date

Eli J. Vonnegut
_____
Printed Name of Responsible Party

450 Lexington Avenue, New York, NY 10017
_____
Address

STATEMENT: This Periodic Report is associated with an open bankruptcy case; therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

UST Form 11-MOR (06/07/2021)

Debtor's Name **PAUL LAND INC.**

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

Case No.  19-23664

| Part 1: Cash Receipts and Disbursements | Current Month | Cumulative |
|---|---|---|
| a.  Cash balance beginning of month | $0 | |
| b.  Total receipts (net of transfers between accounts) | $0 | $0 |
| c.  Total disbursements (net of transfers between accounts) | $0 | $0 |
| d.  Cash balance end of month (a+b+c) | $0 | |
| e.  Disbursements made by third party for the benefit of the estate | $0 | $0 |
| f.  Total disbursements for quarterly fee calculation (c+e) | $0 | $0 |

| Part 2:  Asset and Liability Status (Not generally applicable to Individual Debtors. See Instructions.) | Current Month |
|---|---|
| a.  Accounts receivable (total net of allowance) | $0 |
| b.  Accounts receivable over 90 days outstanding (net of allowance) | $0 |
| c.  Inventory    (Book ⦿  Market ○  Other ○   (attach explanation)) | $0 |
| d  Total current assets | $0 |
| e.  Total assets | $0 |
| f.  Postpetition payables (excluding taxes) | $0 |
| g.  Postpetition payables past due (excluding taxes) | $0 |
| h.  Postpetition taxes payable | $0 |
| i.  Postpetition taxes past due | $0 |
| j.  Total postpetition debt (f+h) | $0 |
| k.  Prepetition secured debt | $0 |
| l.  Prepetition priority debt | $0 |
| m.  Prepetition unsecured debt | $0 |
| n.  Total liabilities (debt) (j+k+l+m) | $0 |
| o.  Ending equity/net worth (e-n) | $0 |

| Part 3:  Assets Sold or Transferred | Current Month | Cumulative |
|---|---|---|
| a.  Total cash sales price for assets sold/transferred outside the ordinary course of business | $0 | $0 |
| b.  Total payments to third parties incident to assets being sold/transferred outside the ordinary course of business | $0 | $0 |
| c.  Net cash proceeds from assets sold/transferred outside the ordinary course of business (a-b) | $0 | $0 |

| Part 4:  Income Statement (Statement of Operations) (Not generally applicable to Individual Debtors. See Instructions.) | Current Month | Cumulative |
|---|---|---|
| a.  Gross income/sales (net of returns and allowances) | $0 | |
| b.  Cost of goods sold (inclusive of depreciation, if applicable) | $0 | |
| c.  Gross profit (a-b) | $0 | |
| d.  Selling expenses | $0 | |
| e.  General and administrative expenses | $0 | |
| f.  Other expenses | $0 | |
| g.  Depreciation and/or amortization (not included in 4b) | $0 | |
| h.  Interest | $0 | |
| i.  Taxes (local, state, and federal) | $0 | |
| j.  Reorganization items | $0 | |
| k.  Profit (loss) | $0 | $0 |

UST Form 11-MOR (06/07/2021)

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

Debtor's Name  PAUL LAND INC.                                                    Case No.  19-23664

## Part 5: Professional Fees and Expenses

| | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|
| a. | Debtor's professional fees & expenses (bankruptcy)  *Aggregate Total* | $0 | $0 | $0 | $0 |
| | *Itemized Breakdown by Firm* | | | | |
| | Firm Name | Role | | | |
| i | | | $0 | $0 | $0 | $0 |
| ii | | | $0 | $0 | $0 | $0 |

| | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|
| b. | Debtor's professional fees & expenses (nonbankruptcy)  *Aggregate Total* | $0 | $0 | $0 | $0 |
| | *Itemized Breakdown by Firm* | | | | |
| | Firm Name | Role | | | |
| i | | | $0 | $0 | $0 | $0 |
| ii | | | $0 | $0 | $0 | $0 |
| c. | All professional fees and expenses (debtor & committees) | $0 | $0 | $0 | $0 |

## Part 6:  Postpetition Taxes

| | | Current Month | Cumulative |
|---|---|---|---|
| a. | Postpetition income taxes accrued (local, state, and federal) | $0 | $0 |
| b. | Postpetition income taxes paid (local, state, and federal) | $0 | $0 |
| c. | Postpetition employer payroll taxes accrued | $0 | $0 |
| d. | Postpetition employer payroll taxes paid | $0 | $0 |
| e. | Postpetition property taxes paid | $0 | $0 |
| f. | Postpetition other taxes accrued (local, state, and federal) | $0 | $0 |
| g. | Postpetition other taxes paid (local, state, and federal) | $0 | $0 |

## Part 7: Questionnaire - During this reporting period:

| | | | |
|---|---|---|---|
| a. | Were any payments made on prepetition debt?  (if yes, see Instructions) | Yes ○  No ● | |
| b. | Were any payments made outside the ordinary course of business without court approval?  (if yes, see Instructions) | Yes ○  No ● | |
| c. | Were any payments made to or on behalf of insiders? | Yes ○  No ● | |
| d. | Are you current on postpetition tax return filings? | Yes ○  No ● | |
| e. | Are you current on postpetition estimated tax payments? | Yes ○  No ● | |
| f. | Were all trust fund taxes remitted on a current basis? | Yes ○  No ● | |
| g. | Was there any postpetition borrowing, other than trade credit? (if yes, see Instructions) | Yes ○  No ● | |
| h. | Were all payments made to or on behalf of professionals approved by the court? | Yes ○  No ○  N/A ● | |
| i. | Do you have:  Worker's compensation insurance? | Yes ○  No ● | |
| | If yes, are your premiums current? | Yes ○  No ○  N/A ● | (if no, see Instructions) |
| | Casualty/property insurance? | Yes ○  No ● | |
| | If yes, are your premiums current? | Yes ○  No ○  N/A ● | (if no, see Instructions) |
| | General liability insurance? | Yes ○  No ● | |
| | If yes, are your premiums current? | Yes ○  No ○  N/A ● | (if no, see Instructions) |
| j. | Has a plan of reorganization been filed with the court? | Yes ○  No ● | |

UST Form 11-MOR (06/07/2021)

Debtor's Name PAUL LAND INC.                                    Case No. 19-23664

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

| | | | |
|---|---|---|---|
| k. | Has a disclosure statement been filed with the court? | Yes ○ No ● | |
| l. | Are you current with quarterly U.S. Trustee fees as set forth under 28 U.S.C. § 1930? | Yes ○ No ● | |

## Part 8: Individual Chapter 11 Debtors (Only)

| | | |
|---|---|---|
| a. | Gross income (receipts) from salary and wages | $0 |
| b. | Gross income (receipts) from self-employment | $0 |
| c. | Gross income from all other sources | $0 |
| d. | Total income in the reporting period (a+b+c) | $0 |
| e. | Payroll deductions | $0 |
| f. | Self-employment related expenses | $0 |
| g. | Living expenses | $0 |
| h. | All other expenses | $0 |
| i. | Total expenses in the reporting period (e+f+g+h) | $0 |
| j. | Difference between total income and total expenses (d-i) | $0 |
| k. | List the total amount of all postpetition debts that are past due | $0 |
| l. | Are you required to pay any Domestic Support Obligations as defined by 11 U.S.C § 101(14A)? | Yes ○ No ● |
| m. | If yes, have you made all Domestic Support Obligation payments? | Yes ○ No ○ N/A ● |

### Privacy Act Statement

28 U.S.C. § 589b authorizes the collection of this information, and provision of this information is mandatory under 11 U.S.C. §§ 704, 1106, and 1107. The United States Trustee will use this information to calculate statutory fee assessments under 28 U.S.C. § 1930(a)(6). The United States Trustee will also use this information to evaluate a chapter 11 debtor's progress through the bankruptcy system, including the likelihood of a plan of reorganization being confirmed and whether the case is being prosecuted in good faith. This information may be disclosed to a bankruptcy trustee or examiner when the information is needed to perform the trustee's or examiner's duties or to the appropriate federal, state, local, regulatory, tribal, or foreign law enforcement agency when the information indicates a violation or potential violation of law. Other disclosures may be made for routine purposes. For a discussion of the types of routine disclosures that may be made, you may consult the Executive Office for United States Trustee's systems of records notice, UST-001, "Bankruptcy Case Files and Associated Records." See 71 Fed. Reg. 59,818 et seq. (Oct. 11, 2006). A copy of the notice may be obtained at the following link: http://www.justice.gov/ust/eo/rules_regulations/index.htm. Failure to provide this information could result in the dismissal or conversion of your bankruptcy case or other action by the United States Trustee. 11 U.S.C. § 1112(b)(4)(F).

**I declare under penalty of perjury that the foregoing Monthly Operating Report and its supporting documentation are true and correct and that I have been authorized to sign this report on behalf of the estate.**

Terrence Ronan                                          Terrence Ronan
_____                              _____
Signature of Responsible Party                          Printed Name of Responsible Party

Chief Financial Officer                                 9/22/2022
_____                              _____
Title                                                   Date

UST Form 11-MOR (06/07/2021)

# UNITED STATES BANKRUPTCY COURT

SOUTHERN  DISTRICT OF  NEW YORK

DIVISION

In Re. QUIDNICK LAND L.P.                          §          Case No.  19-23665
                                                   §
_____                    §          Lead Case No.  19-23649
                        Debtor(s)                  §
                                                   §          ☒ Jointly Administered

# Monthly Operating Report                                    Chapter 11

Reporting Period Ended: 08/31/2022                 Petition Date: 09/15/2019

Months Pending: 36                                 Industry Classification: | 3 | 2 | 5 | 4 |

Reporting Method:                Accrual Basis ○          Cash Basis ◉

Debtor's Full-Time Employees (current):                    0

Debtor's Full-Time Employees (as of date of order for relief):    0

**Supporting  Documentation** (check all that are attached):

(For jointly administered debtors, any required schedules must be provided on a non-consolidated basis for each debtor)

☒    Statement of cash receipts and disbursements
☐    Balance sheet containing the summary and detail of the assets, liabilities and equity (net worth) or deficit
☐    Statement of operations (profit or loss statement)
☐    Accounts receivable aging
☐    Postpetition liabilities aging
☐    Statement of capital assets
☐    Schedule of payments to professionals
☐    Schedule of payments to insiders
☐    All bank statements and bank reconciliations for the reporting period
☐    Description of the assets sold or transferred and the terms of the sale or transfer

Eli J. Vonnegut                                    Eli J. Vonnegut
_____                    _____
Signature of Responsible Party                     Printed Name of Responsible Party

9/22/2022
_____
Date

                                                   450 Lexington Avenue, New York, NY 10017
                                                   _____
                                                   Address

STATEMENT: This Periodic Report is associated with an open bankruptcy case; therefore, Paperwork Reduction Act exemption 5 C.F.R.
§ 1320.4(a)(2) applies.

UST Form 11-MOR (06/07/2021)

Debtor's Name  QUIDNICK LAND L.P.                    Case No.  19-23665

> Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

| Part 1: Cash Receipts and Disbursements | Current Month | Cumulative |
|---|---|---|
| a.  Cash balance beginning of month | $0 | |
| b.  Total receipts (net of transfers between accounts) | $0 | $0 |
| c.  Total disbursements (net of transfers between accounts) | $0 | $0 |
| d.  Cash balance end of month (a+b+c) | $0 | |
| e.  Disbursements made by third party for the benefit of the estate | $0 | $0 |
| f.  Total disbursements for quarterly fee calculation (c+e) | $0 | $0 |

| Part 2:  Asset and Liability Status (Not generally applicable to Individual Debtors. See Instructions.) | Current Month |
|---|---|
| a.  Accounts receivable (total net of allowance) | $0 |
| b.  Accounts receivable over 90 days outstanding (net of allowance) | $0 |
| c.  Inventory    (Book ⊙  Market ○  Other ○   (attach explanation)) | $0 |
| d   Total current assets | $0 |
| e.  Total assets | $0 |
| f.  Postpetition payables (excluding taxes) | $0 |
| g.  Postpetition payables past due (excluding taxes) | $0 |
| h.  Postpetition taxes payable | $0 |
| i.  Postpetition taxes past due | $0 |
| j.  Total postpetition debt (f+h) | $0 |
| k.  Prepetition secured debt | $0 |
| l.  Prepetition priority debt | $0 |
| m.  Prepetition unsecured debt | $0 |
| n.  Total liabilities (debt) (j+k+l+m) | $0 |
| o.  Ending equity/net worth (e-n) | $0 |

| Part 3:  Assets Sold or Transferred | Current Month | Cumulative |
|---|---|---|
| a.  Total cash sales price for assets sold/transferred outside the ordinary course of business | $0 | $0 |
| b.  Total payments to third parties incident to assets being sold/transferred outside the ordinary course of business | $0 | $0 |
| c.  Net cash proceeds from assets sold/transferred outside the ordinary course of business (a-b) | $0 | $0 |

| Part 4:  Income Statement (Statement of Operations) (Not generally applicable to Individual Debtors. See Instructions.) | Current Month | Cumulative |
|---|---|---|
| a.  Gross income/sales (net of returns and allowances) | $0 | |
| b.  Cost of goods sold (inclusive of depreciation, if applicable) | $0 | |
| c.  Gross profit (a-b) | $0 | |
| d.  Selling expenses | $0 | |
| e.  General and administrative expenses | $0 | |
| f.  Other expenses | $0 | |
| g.  Depreciation and/or amortization (not included in 4b) | $0 | |
| h.  Interest | $0 | |
| i.  Taxes (local, state, and federal) | $0 | |
| j.  Reorganization items | $0 | |
| k.  Profit (loss) | $0 | $0 |

UST Form 11-MOR (06/07/2021)

Debtor's Name  QUIDNICK LAND L.P.                                    Case No.  19-23665

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

## Part 5: Professional Fees and Expenses

| | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|
| a. | Debtor's professional fees & expenses (bankruptcy)  *Aggregate Total* | $0 | $0 | $0 | $0 |
| | *Itemized Breakdown by Firm* | | | | |
| | **Firm Name**  **Role** | | | | |
| i | | $0 | $0 | $0 | $0 |
| ii | | $0 | $0 | $0 | $0 |

| | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|
| b. | Debtor's professional fees & expenses (nonbankruptcy)  *Aggregate Total* | $0 | $0 | $0 | $0 |
| | *Itemized Breakdown by Firm* | | | | |
| | **Firm Name**  **Role** | | | | |
| i | | $0 | $0 | $0 | $0 |
| ii | | $0 | $0 | $0 | $0 |
| c. | All professional fees and expenses (debtor & committees) | $0 | $0 | $0 | $0 |

## Part 6: Postpetition Taxes

| | | Current Month | Cumulative |
|---|---|---|---|
| a. | Postpetition income taxes accrued (local, state, and federal) | $0 | $0 |
| b. | Postpetition income taxes paid (local, state, and federal) | $0 | $0 |
| c. | Postpetition employer payroll taxes accrued | $0 | $0 |
| d. | Postpetition employer payroll taxes paid | $0 | $0 |
| e. | Postpetition property taxes paid | $0 | $0 |
| f. | Postpetition other taxes accrued (local, state, and federal) | $0 | $0 |
| g. | Postpetition other taxes paid (local, state, and federal) | $0 | $0 |

## Part 7: Questionnaire - During this reporting period:

a. Were any payments made on prepetition debt?  (if yes, see Instructions)    Yes ☐  No ☒

b. Were any payments made outside the ordinary course of business without court approval?  (if yes, see Instructions)    Yes ☐  No ☒

c. Were any payments made to or on behalf of insiders?    Yes ☐  No ☒

d. Are you current on postpetition tax return filings?    Yes ☐  No ☒

e. Are you current on postpetition estimated tax payments?    Yes ☐  No ☒

f. Were all trust fund taxes remitted on a current basis?    Yes ☐  No ☒

g. Was there any postpetition borrowing, other than trade credit? (if yes, see Instructions)    Yes ☐  No ☒

h. Were all payments made to or on behalf of professionals approved by the court?    Yes ☐  No ☐  N/A ☒

i. Do you have:    Worker's compensation insurance?    Yes ☐  No ☒

   If yes, are your premiums current?    Yes ☐  No ☐  N/A ☒  (if no, see Instructions)

   Casualty/property insurance?    Yes ☐  No ☒

   If yes, are your premiums current?    Yes ☐  No ☐  N/A ☒  (if no, see Instructions)

   General liability insurance?    Yes ☐  No ☒

   If yes, are your premiums current?    Yes ☐  No ☐  N/A ☒  (if no, see Instructions)

j. Has a plan of reorganization been filed with the court?    Yes ☐  No ☒

UST Form 11-MOR (06/07/2021)

Debtor's Name  QUIDNICK LAND L.P.                                    Case No. 19-23665

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

| | | | |
|---|---|---|---|
| k. | Has a disclosure statement been filed with the court? | Yes ○  No ● | |
| l. | Are you current with quarterly U.S. Trustee fees as set forth under 28 U.S.C. § 1930? | Yes ○  No ● | |

## Part 8: Individual Chapter 11 Debtors (Only)

| | | |
|---|---|---|
| a. | Gross income (receipts) from salary and wages | $0 |
| b. | Gross income (receipts) from self-employment | $0 |
| c. | Gross income from all other sources | $0 |
| d. | Total income in the reporting period (a+b+c) | $0 |
| e. | Payroll deductions | $0 |
| f. | Self-employment related expenses | $0 |
| g. | Living expenses | $0 |
| h. | All other expenses | $0 |
| i. | Total expenses in the reporting period (e+f+g+h) | $0 |
| j. | Difference between total income and total expenses (d-i) | $0 |
| k. | List the total amount of all postpetition debts that are past due | $0 |
| l. | Are you required to pay any Domestic Support Obligations as defined by 11 U.S.C § 101(14A)? | Yes ○  No ● |
| m. | If yes, have you made all Domestic Support Obligation payments? | Yes ○  No ○  N/A ● |

### Privacy Act Statement

28 U.S.C. § 589b authorizes the collection of this information, and provision of this information is mandatory under 11 U.S.C. §§ 704, 1106, and 1107. The United States Trustee will use this information to calculate statutory fee assessments under 28 U.S.C. § 1930(a)(6). The United States Trustee will also use this information to evaluate a chapter 11 debtor's progress through the bankruptcy system, including the likelihood of a plan of reorganization being confirmed and whether the case is being prosecuted in good faith. This information may be disclosed to a bankruptcy trustee or examiner when the information is needed to perform the trustee's or examiner's duties or to the appropriate federal, state, local, regulatory, tribal, or foreign law enforcement agency when the information indicates a violation or potential violation of law. Other disclosures may be made for routine purposes. For a discussion of the types of routine disclosures that may be made, you may consult the Executive Office for United States Trustee's systems of records notice, UST-001, "Bankruptcy Case Files and Associated Records." See 71 Fed. Reg. 59,818 et seq. (Oct. 11, 2006). A copy of the notice may be obtained at the following link: http://www.justice.gov/ust/eo/rules_regulations/index.htm. Failure to provide this information could result in the dismissal or conversion of your bankruptcy case or other action by the United States Trustee. 11 U.S.C. § 1112(b)(4)(F).

**<u>I declare under penalty of perjury that the foregoing Monthly Operating Report and its supporting documentation are true and correct and that I have been authorized to sign this report on behalf of the estate.</u>**

Terrence Ronan                                          Terrence Ronan

Signature of Responsible Party                          Printed Name of Responsible Party

Chief Financial Officer                                 9/22/2022

Title                                                   Date

UST Form 11-MOR (06/07/2021)

# UNITED STATES BANKRUPTCY COURT

### SOUTHERN   DISTRICT OF   NEW YORK

### DIVISION

| | | |
|---|---|---|
| In Re. RHODES ASSOCIATES L.P. | § | Case No.  19-23666 |
| | § | |
| _____ | § | Lead Case No.  19-23649 |
| Debtor(s) | § | |
| | | ☒ Jointly Administered |

## Monthly Operating Report                                           Chapter 11

Reporting Period Ended: 08/31/2022                     Petition Date: 09/15/2019

Months Pending: 36                          Industry Classification: | 3 | 2 | 5 | 4 |

Reporting Method:                Accrual Basis ◯          Cash Basis ◉

Debtor's Full-Time Employees (current):                          0

Debtor's Full-Time Employees (as of date of order for relief):        0

**Supporting Documentation** (check all that are attached):

(For jointly administered debtors, any required schedules must be provided on a non-consolidated basis for each debtor)

☒    Statement of cash receipts and disbursements
☐    Balance sheet containing the summary and detail of the assets, liabilities and equity (net worth) or deficit
☐    Statement of operations (profit or loss statement)
☐    Accounts receivable aging
☐    Postpetition liabilities aging
☐    Statement of capital assets
☐    Schedule of payments to professionals
☐    Schedule of payments to insiders
☐    All bank statements and bank reconciliations for the reporting period
☐    Description of the assets sold or transferred and the terms of the sale or transfer

Eli J. Vonnegut                                    Eli J. Vonnegut
Signature of Responsible Party                      Printed Name of Responsible Party

9/22/2022
Date

                                                  450 Lexington Avenue, New York, NY 10017
                                                  Address

STATEMENT: This Periodic Report is associated with an open bankruptcy case; therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

UST Form 11-MOR (06/07/2021)

Debtor's Name  RHODES ASSOCIATES L.P.                                    Case No.  19-23666

> Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

| Part 1: Cash Receipts and Disbursements | Current Month | Cumulative |
|---|---|---|
| a.  Cash balance beginning of month | $0 | |
| b.  Total receipts (net of transfers between accounts) | $0 | $0 |
| c.  Total disbursements (net of transfers between accounts) | $0 | $0 |
| d.  Cash balance end of month (a+b+c) | $0 | |
| e.  Disbursements made by third party for the benefit of the estate | $0 | $0 |
| f.  Total disbursements for quarterly fee calculation (c+e) | $0 | $0 |

| Part 2:  Asset and Liability Status (Not generally applicable to Individual Debtors. See Instructions.) | Current Month | |
|---|---|---|
| a.  Accounts receivable (total net of allowance) | $0 | |
| b.  Accounts receivable over 90 days outstanding (net of allowance) | $0 | |
| c.  Inventory    (Book ⦿  Market ○   Other ○   (attach explanation)) | $0 | |
| d   Total current assets | $0 | |
| e.  Total assets | $0 | |
| f.  Postpetition payables (excluding taxes) | $0 | |
| g.  Postpetition payables past due (excluding taxes) | $0 | |
| h.  Postpetition taxes payable | $0 | |
| i.  Postpetition taxes past due | $0 | |
| j.  Total postpetition debt (f+h) | $0 | |
| k.  Prepetition secured debt | $0 | |
| l.  Prepetition priority debt | $0 | |
| m.  Prepetition unsecured debt | $0 | |
| n.  Total liabilities (debt) (j+k+l+m) | $0 | |
| o.  Ending equity/net worth (e-n) | $0 | |

| Part 3:  Assets Sold or Transferred | Current Month | Cumulative |
|---|---|---|
| a.  Total cash sales price for assets sold/transferred outside the ordinary course of business | $0 | $0 |
| b.  Total payments to third parties incident to assets being sold/transferred outside the ordinary course of business | $0 | $0 |
| c.  Net cash proceeds from assets sold/transferred outside the ordinary course of business (a-b) | $0 | $0 |

| Part 4:  Income Statement (Statement of Operations) (Not generally applicable to Individual Debtors. See Instructions.) | Current Month | Cumulative |
|---|---|---|
| a.  Gross income/sales (net of returns and allowances) | $0 | |
| b.  Cost of goods sold (inclusive of depreciation, if applicable) | $0 | |
| c.  Gross profit (a-b) | $0 | |
| d.  Selling expenses | $0 | |
| e.  General and administrative expenses | $0 | |
| f.  Other expenses | $0 | |
| g.  Depreciation and/or amortization (not included in 4b) | $0 | |
| h.  Interest | $0 | |
| i.  Taxes (local, state, and federal) | $0 | |
| j.  Reorganization items | $0 | |
| k.  Profit (loss) | $0 | $0 |

UST Form 11-MOR (06/07/2021)

Debtor's Name RHODES ASSOCIATES L.P.    Case No. 19-23666

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

## Part 5: Professional Fees and Expenses

|   |   |   | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|---|
| a. | Debtor's professional fees & expenses (bankruptcy) *Aggregate Total* | | $0 | $0 | $0 | $0 |
| | *Itemized Breakdown by Firm* | | | | | |
| | | Firm Name | Role | | | |
| | i | | | $0 | $0 | $0 | $0 |
| | ii | | | $0 | $0 | $0 | $0 |

|   |   |   | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|---|
| b. | Debtor's professional fees & expenses (nonbankruptcy) *Aggregate Total* | | $0 | $0 | $0 | $0 |
| | *Itemized Breakdown by Firm* | | | | | |
| | | Firm Name | Role | | | |
| | i | | | $0 | $0 | $0 | $0 |
| | ii | | | $0 | $0 | $0 | $0 |
| c. | All professional fees and expenses (debtor & committees) | | $0 | $0 | $0 | $0 |

## Part 6: Postpetition Taxes

| | | Current Month | Cumulative |
|---|---|---|---|
| a. | Postpetition income taxes accrued (local, state, and federal) | $0 | $0 |
| b. | Postpetition income taxes paid (local, state, and federal) | $0 | $0 |
| c. | Postpetition employer payroll taxes accrued | $0 | $0 |
| d. | Postpetition employer payroll taxes paid | $0 | $0 |
| e. | Postpetition property taxes paid | $0 | $0 |
| f. | Postpetition other taxes accrued (local, state, and federal) | $0 | $0 |
| g. | Postpetition other taxes paid (local, state, and federal) | $0 | $0 |

## Part 7: Questionnaire - During this reporting period:

a. Were any payments made on prepetition debt?  (if yes, see Instructions)    Yes ○  No ●

b. Were any payments made outside the ordinary course of business without court approval?  (if yes, see Instructions)    Yes ○  No ●

c. Were any payments made to or on behalf of insiders?    Yes ○  No ●

d. Are you current on postpetition tax return filings?    Yes ○  No ●

e. Are you current on postpetition estimated tax payments?    Yes ○  No ●

f. Were all trust fund taxes remitted on a current basis?    Yes ○  No ●

g. Was there any postpetition borrowing, other than trade credit? (if yes, see Instructions)    Yes ○  No ●

h. Were all payments made to or on behalf of professionals approved by the court?    Yes ○  No ○  N/A ●

i. Do you have:    Worker's compensation insurance?    Yes ○  No ●

    If yes, are your premiums current?    Yes ○  No ○  N/A ●  (if no, see Instructions)

    Casualty/property insurance?    Yes ○  No ●

    If yes, are your premiums current?    Yes ○  No ○  N/A ●  (if no, see Instructions)

    General liability insurance?    Yes ○  No ●

    If yes, are your premiums current?    Yes ○  No ○  N/A ●  (if no, see Instructions)

j. Has a plan of reorganization been filed with the court?    Yes ○  No ●

UST Form 11-MOR (06/07/2021)

Debtor's Name RHODES ASSOCIATES L.P.                                          Case No. 19-23666

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

| | | |
|---|---|---|
| k. | Has a disclosure statement been filed with the court? | Yes ○ No ● |
| l. | Are you current with quarterly U.S. Trustee fees as set forth under 28 U.S.C. § 1930? | Yes ○ No ● |

### Part 8: Individual Chapter 11 Debtors (Only)

| | | |
|---|---|---|
| a. | Gross income (receipts) from salary and wages | $0 |
| b. | Gross income (receipts) from self-employment | $0 |
| c. | Gross income from all other sources | $0 |
| d. | Total income in the reporting period (a+b+c) | $0 |
| e. | Payroll deductions | $0 |
| f. | Self-employment related expenses | $0 |
| g. | Living expenses | $0 |
| h. | All other expenses | $0 |
| i. | Total expenses in the reporting period (e+f+g+h) | $0 |
| j. | Difference between total income and total expenses (d-i) | $0 |
| k. | List the total amount of all postpetition debts that are past due | $0 |
| l. | Are you required to pay any Domestic Support Obligations as defined by 11 U.S.C § 101(14A)? | Yes ○ No ● |
| m. | If yes, have you made all Domestic Support Obligation payments? | Yes ○ No ○ N/A ● |

### Privacy Act Statement

28 U.S.C. § 589b authorizes the collection of this information, and provision of this information is mandatory under 11 U.S.C. §§ 704, 1106, and 1107. The United States Trustee will use this information to calculate statutory fee assessments under 28 U.S.C. § 1930(a)(6). The United States Trustee will also use this information to evaluate a chapter 11 debtor's progress through the bankruptcy system, including the likelihood of a plan of reorganization being confirmed and whether the case is being prosecuted in good faith. This information may be disclosed to a bankruptcy trustee or examiner when the information is needed to perform the trustee's or examiner's duties or to the appropriate federal, state, local, regulatory, tribal, or foreign law enforcement agency when the information indicates a violation or potential violation of law. Other disclosures may be made for routine purposes. For a discussion of the types of routine disclosures that may be made, you may consult the Executive Office for United States Trustee's systems of records notice, UST-001, "Bankruptcy Case Files and Associated Records." See 71 Fed. Reg. 59,818 et seq. (Oct. 11, 2006). A copy of the notice may be obtained at the following link: http://www.justice.gov/ust/eo/rules_regulations/index.htm. Failure to provide this information could result in the dismissal or conversion of your bankruptcy case or other action by the United States Trustee. 11 U.S.C. § 1112(b)(4)(F).

**<u>I declare under penalty of perjury that the foregoing Monthly Operating Report and its supporting documentation are true and correct and that I have been authorized to sign this report on behalf of the estate.</u>**

Terrence Ronan                                          Terrence Ronan
_____                        _____
Signature of Responsible Party                          Printed Name of Responsible Party

Chief Financial Officer                                 9/22/2022
_____                        _____
Title                                                   Date

UST Form 11-MOR (06/07/2021)

# UNITED STATES BANKRUPTCY COURT

SOUTHERN    DISTRICT OF    NEW YORK

DIVISION

| | | |
|---|---|---|
| In Re. RHODES PHARMACEUTICALS L.P. | § | Case No.  19-23667 |
| | § | |
| | § | Lead Case No.   19-23649 |
| Debtor(s) | § | |
| | | ☒ Jointly Administered |

# Monthly Operating Report

Chapter 11

Reporting Period Ended: 08/31/2022    Petition Date: 09/15/2019

Months Pending: 36    Industry Classification: 3 2 5 4

Reporting Method:    Accrual Basis ○    Cash Basis ⊙

Debtor's Full-Time Employees (current):    52

Debtor's Full-Time Employees (as of date of order for relief):    70

## Supporting Documentation (check all that are attached):

(For jointly administered debtors, any required schedules must be provided on a non-consolidated basis for each debtor)

- ☒ Statement of cash receipts and disbursements
- ☐ Balance sheet containing the summary and detail of the assets, liabilities and equity (net worth) or deficit
- ☐ Statement of operations (profit or loss statement)
- ☐ Accounts receivable aging
- ☐ Postpetition liabilities aging
- ☐ Statement of capital assets
- ☐ Schedule of payments to professionals
- ☐ Schedule of payments to insiders
- ☐ All bank statements and bank reconciliations for the reporting period
- ☐ Description of the assets sold or transferred and the terms of the sale or transfer

Eli J. Vonnegut
Signature of Responsible Party

9/22/2022
Date

Eli J. Vonnegut
Printed Name of Responsible Party

450 Lexington Avenue, New York, NY 10017
Address

STATEMENT: This Periodic Report is associated with an open bankruptcy case; therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

UST Form 11-MOR (06/07/2021)

Debtor's Name RHODES
PHARMACEUTICALS L.P.

Case No. 19-23667

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

| Part 1: Cash Receipts and Disbursements | Current Month | Cumulative |
|---|---|---|
| a.  Cash balance beginning of month | $0 | |
| b.  Total receipts (net of transfers between accounts) | $14,925,829 | $0 |
| c.  Total disbursements (net of transfers between accounts) | $12,775,947 | $0 |
| d.  Cash balance end of month (a+b-c) | $2,149,882 | |
| e.  Disbursements made by third party for the benefit of the estate | $0 | $0 |
| f.  Total disbursements for quarterly fee calculation (c+e) | $12,775,947 | $0 |

| Part 2:  Asset and Liability Status (Not generally applicable to Individual Debtors. See Instructions.) | Current Month |
|---|---|
| a.  Accounts receivable (total net of allowance) | $0 |
| b.  Accounts receivable over 90 days outstanding (net of allowance) | $0 |
| c.  Inventory    (Book ● Market ○ Other ○  (attach explanation)) | $0 |
| d  Total current assets | $0 |
| e.  Total assets | $0 |
| f.  Postpetition payables (excluding taxes) | $0 |
| g.  Postpetition payables past due (excluding taxes) | $0 |
| h.  Postpetition taxes payable | $0 |
| i.  Postpetition taxes past due | $0 |
| j.  Total postpetition debt (f+h) | $0 |
| k.  Prepetition secured debt | $0 |
| l.  Prepetition priority debt | $0 |
| m.  Prepetition unsecured debt | $0 |
| n.  Total liabilities (debt) (j+k+l+m) | $0 |
| o.  Ending equity/net worth (e-n) | $0 |

| Part 3:  Assets Sold or Transferred | Current Month | Cumulative |
|---|---|---|
| a.  Total cash sales price for assets sold/transferred outside the ordinary course of business | $0 | $0 |
| b.  Total payments to third parties incident to assets being sold/transferred outside the ordinary course of business | $0 | $0 |
| c.  Net cash proceeds from assets sold/transferred outside the ordinary course of business (a-b) | $0 | $0 |

| Part 4:  Income Statement (Statement of Operations) (Not generally applicable to Individual Debtors. See Instructions.) | Current Month | Cumulative |
|---|---|---|
| a.  Gross income/sales (net of returns and allowances) | $0 | |
| b.  Cost of goods sold (inclusive of depreciation, if applicable) | $0 | |
| c.  Gross profit (a-b) | $0 | |
| d.  Selling expenses | $0 | |
| e.  General and administrative expenses | $0 | |
| f.  Other expenses | $0 | |
| g.  Depreciation and/or amortization (not included in 4b) | $0 | |
| h.  Interest | $0 | |
| i.  Taxes (local, state, and federal) | $0 | |
| j.  Reorganization items | $0 | |
| k.  Profit (loss) | $0 | $0 |

UST Form 11-MOR (06/07/2021)

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

Debtor's Name RHODES PHARMACEUTICALS L.P.

Case No. 19-23667

## Part 5: Professional Fees and Expenses

| | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|
| a. | Debtor's professional fees & expenses (bankruptcy)  *Aggregate Total* | $0 | $0 | $0 | $0 |
| | *Itemized Breakdown by Firm* | | | | |
| | Firm Name / Role | | | | |
| i | | $0 | $0 | $0 | $0 |
| ii | | $0 | $0 | $0 | $0 |

| | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|
| b. | Debtor's professional fees & expenses (nonbankruptcy)  *Aggregate Total* | $0 | $0 | $0 | $0 |
| | *Itemized Breakdown by Firm* | | | | |
| | Firm Name / Role | | | | |
| i | | $0 | $0 | $0 | $0 |
| ii | | $0 | $0 | $0 | $0 |
| c. | All professional fees and expenses (debtor & committees) | $0 | $0 | $0 | $0 |

## Part 6: Postpetition Taxes

| | | Current Month | Cumulative |
|---|---|---|---|
| a. | Postpetition income taxes accrued (local, state, and federal) | $0 | $0 |
| b. | Postpetition income taxes paid (local, state, and federal) | $0 | $0 |
| c. | Postpetition employer payroll taxes accrued | $0 | $0 |
| d. | Postpetition employer payroll taxes paid | $0 | $0 |
| e. | Postpetition property taxes paid | $0 | $0 |
| f. | Postpetition other taxes accrued (local, state, and federal) | $0 | $0 |
| g. | Postpetition other taxes paid (local, state, and federal) | $0 | $0 |

## Part 7: Questionnaire - During this reporting period:

a. Were any payments made on prepetition debt?  (if yes, see Instructions)    Yes ○  No ●

b. Were any payments made outside the ordinary course of business without court approval?  (if yes, see Instructions)    Yes ○  No ●

c. Were any payments made to or on behalf of insiders?    Yes ○  No ●

d. Are you current on postpetition tax return filings?    Yes ○  No ●

e. Are you current on postpetition estimated tax payments?    Yes ○  No ●

f. Were all trust fund taxes remitted on a current basis?    Yes ○  No ●

g. Was there any postpetition borrowing, other than trade credit? (if yes, see Instructions)    Yes ○  No ●

h. Were all payments made to or on behalf of professionals approved by the court?    Yes ○  No ○  N/A ●

i. Do you have:   Worker's compensation insurance?    Yes ○  No ●
   If yes, are your premiums current?    Yes ○  No ○  N/A ●  (if no, see Instructions)
   Casualty/property insurance?    Yes ○  No ●
   If yes, are your premiums current?    Yes ○  No ○  N/A ●  (if no, see Instructions)
   General liability insurance?    Yes ○  No ●
   If yes, are your premiums current?    Yes ○  No ○  N/A ●  (if no, see Instructions)

j. Has a plan of reorganization been filed with the court?    Yes ○  No ●

UST Form 11-MOR (06/07/2021)

Debtor's Name RHODES
PHARMACEUTICALS L.P.                                                    Case No. 19-23667

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

| | | | |
|---|---|---|---|
| k. | Has a disclosure statement been filed with the court? | Yes ○ | No ● |
| l. | Are you current with quarterly U.S. Trustee fees as set forth under 28 U.S.C. § 1930? | Yes ○ | No ● |

### Part 8: Individual Chapter 11 Debtors (Only)

| | | |
|---|---|---|
| a. | Gross income (receipts) from salary and wages | $0 |
| b. | Gross income (receipts) from self-employment | $0 |
| c. | Gross income from all other sources | $0 |
| d. | Total income in the reporting period (a+b+c) | $0 |
| e. | Payroll deductions | $0 |
| f. | Self-employment related expenses | $0 |
| g. | Living expenses | $0 |
| h. | All other expenses | $0 |
| i. | Total expenses in the reporting period (e+f+g+h) | $0 |
| j. | Difference between total income and total expenses (d-i) | $0 |
| k. | List the total amount of all postpetition debts that are past due | $0 |
| l. | Are you required to pay any Domestic Support Obligations as defined by 11 U.S.C § 101(14A)? | Yes ○ No ● |
| m. | If yes, have you made all Domestic Support Obligation payments? | Yes ○ No ○ N/A ● |

### Privacy Act Statement

28 U.S.C. § 589b authorizes the collection of this information, and provision of this information is mandatory under 11 U.S.C. §§ 704, 1106, and 1107. The United States Trustee will use this information to calculate statutory fee assessments under 28 U.S.C. § 1930(a)(6). The United States Trustee will also use this information to evaluate a chapter 11 debtor's progress through the bankruptcy system, including the likelihood of a plan of reorganization being confirmed and whether the case is being prosecuted in good faith. This information may be disclosed to a bankruptcy trustee or examiner when the information is needed to perform the trustee's or examiner's duties or to the appropriate federal, state, local, regulatory, tribal, or foreign law enforcement agency when the information indicates a violation or potential violation of law. Other disclosures may be made for routine purposes. For a discussion of the types of routine disclosures that may be made, you may consult the Executive Office for United States Trustee's systems of records notice, UST-001, "Bankruptcy Case Files and Associated Records." See 71 Fed. Reg. 59,818 et seq. (Oct. 11, 2006). A copy of the notice may be obtained at the following link: http://www.justice.gov/ust/eo/rules_regulations/index.htm. Failure to provide this information could result in the dismissal or conversion of your bankruptcy case or other action by the United States Trustee. 11 U.S.C. § 1112(b)(4)(F).

**<u>I declare under penalty of perjury that the foregoing Monthly Operating Report and its supporting documentation are true and correct and that I have been authorized to sign this report on behalf of the estate.</u>**

Terrence Ronan                                              Terrence Ronan
Signature of Responsible Party                             Printed Name of Responsible Party

Chief Financial Officer                                    9/22/2022
Title                                                      Date

UST Form 11-MOR (06/07/2021)

# UNITED STATES BANKRUPTCY COURT

SOUTHERN   DISTRICT OF   NEW YORK

DIVISION

In Re. RHODES TECHNOLOGIES                 §          Case No.  19-23668
                                           §
_____            §          Lead Case No.  19-23649
                Debtor(s)                  §
                                           §          ☒ Jointly Administered

# Monthly Operating Report                              Chapter 11

Reporting Period Ended: 08/31/2022                Petition Date: 09/15/2019

Months Pending: 36                   Industry Classification:  | 3 | 2 | 5 | 4 |

Reporting Method:          Accrual Basis ○         Cash Basis ◉

Debtor's Full-Time Employees (current):                    0

Debtor's Full-Time Employees (as of date of order for relief):    140

**Supporting Documentation** (check all that are attached):

(For jointly administered debtors, any required schedules must be provided on a non-consolidated basis for each debtor)

☒  Statement of cash receipts and disbursements
☐  Balance sheet containing the summary and detail of the assets, liabilities and equity (net worth) or deficit
☐  Statement of operations (profit or loss statement)
☐  Accounts receivable aging
☐  Postpetition liabilities aging
☐  Statement of capital assets
☐  Schedule of payments to professionals
☐  Schedule of payments to insiders
☐  All bank statements and bank reconciliations for the reporting period
☐  Description of the assets sold or transferred and the terms of the sale or transfer

Eli J. Vonnegut                                    Eli J. Vonnegut
Signature of Responsible Party                     Printed Name of Responsible Party

9/22/2022
Date
                                                   450 Lexington Avenue, New York, NY 10017
                                                   Address

STATEMENT: This Periodic Report is associated with an open bankruptcy case; therefore, Paperwork Reduction Act exemption 5 C.F.R.
§ 1320.4(a)(2) applies.

105

UST Form 11-MOR (06/07/2021)

Debtor's Name RHODES TECHNOLOGIES                    Case No. 19-23668

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

| Part 1: Cash Receipts and Disbursements | Current Month | Cumulative |
|---|---|---|
| a. Cash balance beginning of month | $0 | |
| b. Total receipts (net of transfers between accounts) | $0 | $0 |
| c. Total disbursements (net of transfers between accounts) | $300,597 | $0 |
| d. Cash balance end of month (a+b-c) | $-300,597 | |
| e. Disbursements made by third party for the benefit of the estate | $0 | $0 |
| f. Total disbursements for quarterly fee calculation (c+e) | $300,597 | $0 |

| Part 2: Asset and Liability Status (Not generally applicable to Individual Debtors. See Instructions.) | Current Month |
|---|---|
| a. Accounts receivable (total net of allowance) | $0 |
| b. Accounts receivable over 90 days outstanding (net of allowance) | $0 |
| c. Inventory    (Book ● Market ○ Other ○ (attach explanation)) | $0 |
| d Total current assets | $0 |
| e. Total assets | $0 |
| f. Postpetition payables (excluding taxes) | $0 |
| g. Postpetition payables past due (excluding taxes) | $0 |
| h. Postpetition taxes payable | $0 |
| i. Postpetition taxes past due | $0 |
| j. Total postpetition debt (f+h) | $0 |
| k. Prepetition secured debt | $0 |
| l. Prepetition priority debt | $0 |
| m. Prepetition unsecured debt | $0 |
| n. Total liabilities (debt) (j+k+l+m) | $0 |
| o. Ending equity/net worth (e-n) | $0 |

| Part 3: Assets Sold or Transferred | Current Month | Cumulative |
|---|---|---|
| a. Total cash sales price for assets sold/transferred outside the ordinary course of business | $0 | $0 |
| b. Total payments to third parties incident to assets being sold/transferred outside the ordinary course of business | $0 | $0 |
| c. Net cash proceeds from assets sold/transferred outside the ordinary course of business (a-b) | $0 | $0 |

| Part 4: Income Statement (Statement of Operations) (Not generally applicable to Individual Debtors. See Instructions.) | Current Month | Cumulative |
|---|---|---|
| a. Gross income/sales (net of returns and allowances) | $0 | |
| b. Cost of goods sold (inclusive of depreciation, if applicable) | $0 | |
| c. Gross profit (a-b) | $0 | |
| d. Selling expenses | $0 | |
| e. General and administrative expenses | $0 | |
| f. Other expenses | $0 | |
| g. Depreciation and/or amortization (not included in 4b) | $0 | |
| h. Interest | $0 | |
| i. Taxes (local, state, and federal) | $0 | |
| j. Reorganization items | $0 | |
| k. Profit (loss) | $0 | $0 |

UST Form 11-MOR (06/07/2021)

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

Debtor's Name  RHODES TECHNOLOGIES                                                      Case No.  19-23668

## Part 5:  Professional Fees and Expenses

| | | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|---|
| a. | Debtor's professional fees & expenses (bankruptcy)  *Aggregate Total* | | $0 | $0 | $0 | $0 |
| | *Itemized Breakdown by Firm* | | | | | |
| | | Firm Name | Role | | | |
| | i | | | $0 | $0 | $0 | $0 |
| | ii | | | $0 | $0 | $0 | $0 |

| | | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|---|
| b. | Debtor's professional fees & expenses (nonbankruptcy)  *Aggregate Total* | | $0 | $0 | $0 | $0 |
| | *Itemized Breakdown by Firm* | | | | | |
| | | Firm Name | Role | | | |
| | i | | | $0 | $0 | $0 | $0 |
| | ii | | | $0 | $0 | $0 | $0 |
| c. | All professional fees and expenses (debtor & committees) | | $0 | $0 | $0 | $0 |

## Part 6:  Postpetition Taxes

| | | Current Month | Cumulative |
|---|---|---|---|
| a. | Postpetition income taxes accrued (local, state, and federal) | $0 | $0 |
| b. | Postpetition income taxes paid (local, state, and federal) | $0 | $0 |
| c. | Postpetition employer payroll taxes accrued | $0 | $0 |
| d. | Postpetition employer payroll taxes paid | $0 | $0 |
| e. | Postpetition property taxes paid | $0 | $0 |
| f. | Postpetition other taxes accrued (local, state, and federal) | $0 | $0 |
| g. | Postpetition other taxes paid (local, state, and federal) | $0 | $0 |

## Part 7: Questionnaire - During this reporting period:

a. Were any payments made on prepetition debt?  (if yes, see Instructions)   Yes ○  No ◉

b. Were any payments made outside the ordinary course of business without court approval?  (if yes, see Instructions)   Yes ○  No ◉

c. Were any payments made to or on behalf of insiders?   Yes ○  No ◉

d. Are you current on postpetition tax return filings?   Yes ○  No ◉

e. Are you current on postpetition estimated tax payments?   Yes ○  No ◉

f. Were all trust fund taxes remitted on a current basis?   Yes ○  No ◉

g. Was there any postpetition borrowing, other than trade credit? (if yes, see Instructions)   Yes ○  No ◉

h. Were all payments made to or on behalf of professionals approved by the court?   Yes ○  No ○  N/A ◉

i. Do you have:        Worker's compensation insurance?   Yes ○  No ◉

    If yes, are your premiums current?   Yes ○  No ○  N/A ◉  (if no, see Instructions)

    Casualty/property insurance?   Yes ○  No ◉

    If yes, are your premiums current?   Yes ○  No ○  N/A ◉  (if no, see Instructions)

    General liability insurance?   Yes ○  No ◉

    If yes, are your premiums current?   Yes ○  No ○  N/A ◉  (if no, see Instructions)

j. Has a plan of reorganization been filed with the court?   Yes ○  No ◉

UST Form 11-MOR (06/07/2021)

Note: The cash balance in Part l.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

Debtor's Name RHODES TECHNOLOGIES                                Case No. 19-23668

| | | | |
|---|---|---|---|
| k. | Has a disclosure statement been filed with the court? | Yes ○ | No ⦿ |
| l. | Are you current with quarterly U.S. Trustee fees as set forth under 28 U.S.C. § 1930? | Yes ○ | No ⦿ |

## Part 8: Individual Chapter 11 Debtors (Only)

| | | |
|---|---|---|
| a. | Gross income (receipts) from salary and wages | $0 |
| b. | Gross income (receipts) from self-employment | $0 |
| c. | Gross income from all other sources | $0 |
| d. | Total income in the reporting period (a+b+c) | $0 |
| e. | Payroll deductions | $0 |
| f. | Self-employment related expenses | $0 |
| g. | Living expenses | $0 |
| h. | All other expenses | $0 |
| i. | Total expenses in the reporting period (e+f+g+h) | $0 |
| j. | Difference between total income and total expenses (d-i) | $0 |
| k. | List the total amount of all postpetition debts that are past due | $0 |
| l. | Are you required to pay any Domestic Support Obligations as defined by 11 U.S.C § 101(14A)? | Yes ○ No ⦿ |
| m. | If yes, have you made all Domestic Support Obligation payments? | Yes ○ No ○ N/A ⦿ |

### Privacy Act Statement

28 U.S.C. § 589b authorizes the collection of this information, and provision of this information is mandatory under 11 U.S.C. §§ 704, 1106, and 1107. The United States Trustee will use this information to calculate statutory fee assessments under 28 U.S.C. § 1930(a)(6). The United States Trustee will also use this information to evaluate a chapter 11 debtor's progress through the bankruptcy system, including the likelihood of a plan of reorganization being confirmed and whether the case is being prosecuted in good faith. This information may be disclosed to a bankruptcy trustee or examiner when the information is needed to perform the trustee's or examiner's duties or to the appropriate federal, state, local, regulatory, tribal, or foreign law enforcement agency when the information indicates a violation or potential violation of law. Other disclosures may be made for routine purposes. For a discussion of the types of routine disclosures that may be made, you may consult the Executive Office for United States Trustee's systems of records notice, UST-001, "Bankruptcy Case Files and Associated Records." *See* 71 Fed. Reg. 59,818 et seq. (Oct. 11, 2006). A copy of the notice may be obtained at the following link: http://www.justice.gov/ust/eo/rules_regulations/index.htm. Failure to provide this information could result in the dismissal or conversion of your bankruptcy case or other action by the United States Trustee. 11 U.S.C. § 1112(b)(4)(F).

**<u>I declare under penalty of perjury that the foregoing Monthly Operating Report and its supporting documentation are true and correct and that I have been authorized to sign this report on behalf of the estate.</u>**

Terrence Ronan                                          Terrence Ronan
_____                                 _____
Signature of Responsible Party                          Printed Name of Responsible Party

Chief Financial Officer                                  9/22/2022
_____                                 _____
Title                                                    Date

UST Form 11-MOR (06/07/2021)

# UNITED STATES BANKRUPTCY COURT

SOUTHERN  DISTRICT OF  NEW YORK

DIVISION

In Re. UDF LP

§
§
§
§

Debtor(s)

Case No.  19-23669

Lead Case No.  19-23649

☒ Jointly Administered

# Monthly Operating Report

Chapter 11

Reporting Period Ended: 08/31/2022

Petition Date: 09/15/2019

Months Pending: 36

Industry Classification: | 3 | 2 | 5 | 4 |

Reporting Method:          Accrual Basis ○          Cash Basis ⦿

Debtor's Full-Time Employees (current):          0

Debtor's Full-Time Employees (as of date of order for relief):          0

**Supporting  Documentation** (check all that are attached):

(For jointly administered debtors, any required schedules must be provided on a non-consolidated basis for each debtor)

☒    Statement of cash receipts and disbursements
☐    Balance sheet containing the summary and detail of the assets, liabilities and equity (net worth) or deficit
☐    Statement of operations (profit or loss statement)
☐    Accounts receivable aging
☐    Postpetition liabilities aging
☐    Statement of capital assets
☐    Schedule of payments to professionals
☐    Schedule of payments to insiders
☐    All bank statements and bank reconciliations for the reporting period
☐    Description of the assets sold or transferred and the terms of the sale or transfer

Eli J. Vonnegut
Signature of Responsible Party

9/22/2022
Date

Eli J. Vonnegut
Printed Name of Responsible Party

450 Lexington Avenue, New York, NY 10017
Address

STATEMENT: This Periodic Report is associated with an open bankruptcy case; therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

UST Form 11-MOR (06/07/2021)

Debtor's Name  UDF LP

Case No.  19-23669

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

| Part 1: Cash Receipts and Disbursements | Current Month | Cumulative |
|---|---|---|
| a. | Cash balance beginning of month | $0 | |
| b. | Total receipts (net of transfers between accounts) | $0 | $0 |
| c. | Total disbursements (net of transfers between accounts) | $0 | $0 |
| d. | Cash balance end of month (a+b+c) | $0 | |
| e. | Disbursements made by third party for the benefit of the estate | $0 | $0 |
| f. | Total disbursements for quarterly fee calculation (c+e) | $0 | $0 |

| Part 2:  Asset and Liability Status (Not generally applicable to Individual Debtors. See Instructions.) | Current Month |
|---|---|
| a. | Accounts receivable (total net of allowance) | $0 |
| b. | Accounts receivable over 90 days outstanding (net of allowance) | $0 |
| c. | Inventory    (Book ⦿  Market ◯  Other ◯   (attach explanation)) | $0 |
| d | Total current assets | $0 |
| e. | Total assets | $0 |
| f. | Postpetition payables (excluding taxes) | $0 |
| g. | Postpetition payables past due (excluding taxes) | $0 |
| h. | Postpetition taxes payable | $0 |
| i. | Postpetition taxes past due | $0 |
| j. | Total postpetition debt (f+h) | $0 |
| k. | Prepetition secured debt | $0 |
| l. | Prepetition priority debt | $0 |
| m. | Prepetition unsecured debt | $0 |
| n. | Total liabilities (debt) (j+k+l+m) | $0 |
| o. | Ending equity/net worth (e-n) | $0 |

| Part 3:  Assets Sold or Transferred | Current Month | Cumulative |
|---|---|---|
| a. | Total cash sales price for assets sold/transferred outside the ordinary course of business | $0 | $0 |
| b. | Total payments to third parties incident to assets being sold/transferred outside the ordinary course of business | $0 | $0 |
| c. | Net cash proceeds from assets sold/transferred outside the ordinary course of business (a-b) | $0 | $0 |

| Part 4:  Income Statement (Statement of Operations) (Not generally applicable to Individual Debtors. See Instructions.) | Current Month | Cumulative |
|---|---|---|
| a. | Gross income/sales (net of returns and allowances) | $0 | |
| b. | Cost of goods sold (inclusive of depreciation, if applicable) | $0 | |
| c. | Gross profit (a-b) | $0 | |
| d. | Selling expenses | $0 | |
| e. | General and administrative expenses | $0 | |
| f. | Other expenses | $0 | |
| g. | Depreciation and/or amortization (not included in 4b) | $0 | |
| h. | Interest | $0 | |
| i. | Taxes (local, state, and federal) | $0 | |
| j. | Reorganization items | $0 | |
| k. | Profit (loss) | $0 | $0 |

UST Form 11-MOR (06/07/2021)

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

Debtor's Name  UDF LP

Case No.  19-23669

## Part 5:  Professional Fees and Expenses

| | | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|---|
| a. | Debtor's professional fees & expenses (bankruptcy)  *Aggregate Total* | | $0 | $0 | $0 | $0 |
| | *Itemized Breakdown by Firm* | | | | | |
| | | Firm Name | Role | | | |
| | i | | | $0 | $0 | $0 | $0 |
| | ii | | | $0 | $0 | $0 | $0 |

| | | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|---|
| b. | Debtor's professional fees & expenses (nonbankruptcy)  *Aggregate Total* | | $0 | $0 | $0 | $0 |
| | *Itemized Breakdown by Firm* | | | | | |
| | | Firm Name | Role | | | |
| | i | | | $0 | $0 | $0 | $0 |
| | ii | | | $0 | $0 | $0 | $0 |
| c. | All professional fees and expenses (debtor & committees) | | $0 | $0 | $0 | $0 |

## Part 6:  Postpetition Taxes

| | | Current Month | Cumulative |
|---|---|---|---|
| a. | Postpetition income taxes accrued (local, state, and federal) | $0 | $0 |
| b. | Postpetition income taxes paid (local, state, and federal) | $0 | $0 |
| c. | Postpetition employer payroll taxes accrued | $0 | $0 |
| d. | Postpetition employer payroll taxes paid | $0 | $0 |
| e. | Postpetition property taxes paid | $0 | $0 |
| f. | Postpetition other taxes accrued (local, state, and federal) | $0 | $0 |
| g. | Postpetition other taxes paid (local, state, and federal) | $0 | $0 |

## Part 7: Questionnaire - During this reporting period:

a. Were any payments made on prepetition debt?  (if yes, see Instructions)     Yes ○   No ●

b. Were any payments made outside the ordinary course of business without court approval?  (if yes, see Instructions)     Yes ○   No ●

c. Were any payments made to or on behalf of insiders?     Yes ○   No ●

d. Are you current on postpetition tax return filings?     Yes ○   No ●

e. Are you current on postpetition estimated tax payments?     Yes ○   No ●

f. Were all trust fund taxes remitted on a current basis?     Yes ○   No ●

g. Was there any postpetition borrowing, other than trade credit? (if yes, see Instructions)     Yes ○   No ●

h. Were all payments made to or on behalf of professionals approved by the court?     Yes ○   No ○   N/A ●

i. Do you have:      Worker's compensation insurance?     Yes ○   No ●

     If yes, are your premiums current?     Yes ○   No ○   N/A ●   (if no, see Instructions)

     Casualty/property insurance?     Yes ○   No ●

     If yes, are your premiums current?     Yes ○   No ○   N/A ●   (if no, see Instructions)

     General liability insurance?     Yes ○   No ●

     If yes, are your premiums current?     Yes ○   No ○   N/A ●   (if no, see Instructions)

j. Has a plan of reorganization been filed with the court?     Yes ○   No ●

UST Form 11-MOR (06/07/2021)

Debtor's Name  UDF LP                                                          Case No. 19-23669

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

k.  Has a disclosure statement been filed with the court?              Yes ◯  No ⦿

l.  Are you current with quarterly U.S. Trustee fees as               Yes ◯  No ⦿
    set forth under 28 U.S.C. § 1930?

## Part 8: Individual Chapter 11 Debtors (Only)

| | | |
|---|---|---|
| a. | Gross income (receipts) from salary and wages | $0 |
| b. | Gross income (receipts) from self-employment | $0 |
| c. | Gross income from all other sources | $0 |
| d. | Total income in the reporting period (a+b+c) | $0 |
| e. | Payroll deductions | $0 |
| f. | Self-employment related expenses | $0 |
| g. | Living expenses | $0 |
| h. | All other expenses | $0 |
| i. | Total expenses in the reporting period (e+f+g+h) | $0 |
| j. | Difference between total income and total expenses (d-i) | $0 |
| k. | List the total amount of all postpetition debts that are past due | $0 |

l.  Are you required to pay any Domestic Support Obligations as defined by 11     Yes ◯  No ⦿
    U.S.C § 101(14A)?

m.  If yes, have you made all Domestic Support Obligation payments?     Yes ◯  No ◯  N/A ⦿

### Privacy Act Statement

28 U.S.C. § 589b authorizes the collection of this information, and provision of this information is mandatory under 11 U.S.C. §§ 704, 1106, and 1107.  The United States Trustee will use this information to calculate statutory fee assessments under 28 U.S.C. § 1930(a)(6).  The United States Trustee will also use this information to evaluate a chapter 11 debtor's progress through the bankruptcy system, including the likelihood of a plan of reorganization being confirmed and whether the case is being prosecuted in good faith.  This information may be disclosed to a bankruptcy trustee or examiner when the information is needed to perform the trustee's or examiner's duties or to the appropriate federal, state, local, regulatory, tribal, or foreign law enforcement agency when the information indicates a violation or potential violation of law.  Other disclosures may be made for routine purposes. For a discussion of the types of routine disclosures that may be made, you may consult the Executive Office for United States Trustee's systems of records notice, UST-001, "Bankruptcy Case Files and Associated Records."  See 71 Fed. Reg. 59,818 et seq. (Oct. 11, 2006).  A copy of the notice may be obtained at the following link: http://www.justice.gov/ust/eo/rules_regulations/index.htm.  Failure to provide this information could result in the dismissal or conversion of your bankruptcy case or other action by the United States Trustee.  11 U.S.C. § 1112(b)(4)(F).

**I declare under penalty of perjury that the foregoing Monthly Operating Report and its supporting documentation are true and correct and that I have been authorized to sign this report on behalf of the estate.**

Terrence Ronan                                          Terrence Ronan
_____                               _____
Signature of Responsible Party                          Printed Name of Responsible Party

Chief Financial Officer                                 9/22/2022
_____                               _____
Title                                                   Date

# UNITED STATES BANKRUPTCY COURT

SOUTHERN   DISTRICT OF   NEW YORK

DIVISION

| | | |
|---|---|---|
| In Re. SVC PHARMA LP | § | Case No.  19-23670 |
| | § | |
| | § | Lead Case No.  19-23649 |
| Debtor(s) | § | |
| | | ☒ Jointly Administered |

# Monthly Operating Report                                    Chapter 11

Reporting Period Ended: 08/31/2022                    Petition Date: 09/15/2019

Months Pending: 36                    Industry Classification: 3 2 5 4

Reporting Method:            Accrual Basis ○            Cash Basis ⦿

Debtor's Full-Time Employees (current):                    0

Debtor's Full-Time Employees (as of date of order for relief):            0

## Supporting  Documentation  (check all that are attached):

(For jointly administered debtors, any required schedules must be provided on a non-consolidated basis for each debtor)

☒    Statement of cash receipts and disbursements
☐    Balance sheet containing the summary and detail of the assets, liabilities and equity (net worth) or deficit
☐    Statement of operations (profit or loss statement)
☐    Accounts receivable aging
☐    Postpetition liabilities aging
☐    Statement of capital assets
☐    Schedule of payments to professionals
☐    Schedule of payments to insiders
☐    All bank statements and bank reconciliations for the reporting period
☐    Description of the assets sold or transferred and the terms of the sale or transfer

Eli J. Vonnegut

Signature of Responsible Party                    Eli J. Vonnegut

9/22/2022                                Printed Name of Responsible Party

Date

450 Lexington Avenue, New York, NY 10017

Address

STATEMENT: This Periodic Report is associated with an open bankruptcy case; therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

UST Form 11-MOR (06/07/2021)

Debtor's Name  SVC PHARMA LP

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

Case No.  19-23670

| Part 1: Cash Receipts and Disbursements | Current Month | Cumulative |
|---|---|---|
| a.  Cash balance beginning of month | $0 | |
| b.  Total receipts (net of transfers between accounts) | $0 | $0 |
| c.  Total disbursements (net of transfers between accounts) | $0 | $0 |
| d.  Cash balance end of month (a+b-c) | $0 | |
| e.  Disbursements made by third party for the benefit of the estate | $0 | $0 |
| f.  Total disbursements for quarterly fee calculation (c+e) | $0 | $0 |

| Part 2:  Asset and Liability Status (Not generally applicable to Individual Debtors. See Instructions.) | Current Month |
|---|---|
| a.  Accounts receivable (total net of allowance) | $0 |
| b.  Accounts receivable over 90 days outstanding (net of allowance) | $0 |
| c.  Inventory    (Book ◉  Market ○   Other ○   (attach explanation)) | $0 |
| d   Total current assets | $0 |
| e.  Total assets | $0 |
| f.  Postpetition payables (excluding taxes) | $0 |
| g.  Postpetition payables past due (excluding taxes) | $0 |
| h.  Postpetition taxes payable | $0 |
| i.  Postpetition taxes past due | $0 |
| j.  Total postpetition debt (f+h) | $0 |
| k.  Prepetition secured debt | $0 |
| l.  Prepetition priority debt | $0 |
| m.  Prepetition unsecured debt | $0 |
| n.  Total liabilities (debt) (j+k+l+m) | $0 |
| o.  Ending equity/net worth (e-n) | $0 |

| Part 3:  Assets Sold or Transferred | Current Month | Cumulative |
|---|---|---|
| a.  Total cash sales price for assets sold/transferred outside the ordinary course of business | $0 | $0 |
| b.  Total payments to third parties incident to assets being sold/transferred outside the ordinary course of business | $0 | $0 |
| c.  Net cash proceeds from assets sold/transferred outside the ordinary course of business (a-b) | $0 | $0 |

| Part 4:  Income Statement (Statement of Operations) (Not generally applicable to Individual Debtors. See Instructions.) | Current Month | Cumulative |
|---|---|---|
| a.  Gross income/sales (net of returns and allowances) | $0 | |
| b.  Cost of goods sold (inclusive of depreciation, if applicable) | $0 | |
| c.  Gross profit (a-b) | $0 | |
| d.  Selling expenses | $0 | |
| e.  General and administrative expenses | $0 | |
| f.  Other expenses | $0 | |
| g.  Depreciation and/or amortization (not included in 4b) | $0 | |
| h.  Interest | $0 | |
| i.  Taxes (local, state, and federal) | $0 | |
| j.  Reorganization items | $0 | |
| k.  Profit (loss) | $0 | $0 |

UST Form 11-MOR (06/07/2021)

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

Debtor's Name  SVC PHARMA LP

Case No.  19-23670

## Part 5:  Professional Fees and Expenses

| | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|
| a. | Debtor's professional fees & expenses (bankruptcy) *Aggregate Total* | $0 | $0 | $0 | $0 |
| | *Itemized Breakdown by Firm* | | | | |
| | Firm Name / Role | | | | |
| i | | $0 | $0 | $0 | $0 |
| ii | | $0 | $0 | $0 | $0 |

| | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|
| b. | Debtor's professional fees & expenses (nonbankruptcy) *Aggregate Total* | $0 | $0 | $0 | $0 |
| | *Itemized Breakdown by Firm* | | | | |
| | Firm Name / Role | | | | |
| i | | $0 | $0 | $0 | $0 |
| ii | | $0 | $0 | $0 | $0 |
| c. | All professional fees and expenses (debtor & committees) | $0 | $0 | $0 | $0 |

## Part 6:  Postpetition Taxes

| | | Current Month | Cumulative |
|---|---|---|---|
| a. | Postpetition income taxes accrued (local, state, and federal) | $0 | $0 |
| b. | Postpetition income taxes paid (local, state, and federal) | $0 | $0 |
| c. | Postpetition employer payroll taxes accrued | $0 | $0 |
| d. | Postpetition employer payroll taxes paid | $0 | $0 |
| e. | Postpetition property taxes paid | $0 | $0 |
| f. | Postpetition other taxes accrued (local, state, and federal) | $0 | $0 |
| g. | Postpetition other taxes paid (local, state, and federal) | $0 | $0 |

## Part 7: Questionnaire - During this reporting period:

| | | | |
|---|---|---|---|
| a. | Were any payments made on prepetition debt?  (if yes, see Instructions) | Yes ◯  No ⦿ | |
| b. | Were any payments made outside the ordinary course of business without court approval?  (if yes, see Instructions) | Yes ◯  No ⦿ | |
| c. | Were any payments made to or on behalf of insiders? | Yes ◯  No ⦿ | |
| d. | Are you current on postpetition tax return filings? | Yes ◯  No ⦿ | |
| e. | Are you current on postpetition estimated tax payments? | Yes ◯  No ⦿ | |
| f. | Were all trust fund taxes remitted on a current basis? | Yes ◯  No ⦿ | |
| g. | Was there any postpetition borrowing, other than trade credit? (if yes, see Instructions) | Yes ◯  No ⦿ | |
| h. | Were all payments made to or on behalf of professionals approved by the court? | Yes ◯  No ◯  N/A ⦿ | |
| i. | Do you have:  Worker's compensation insurance? | Yes ◯  No ⦿ | |
| | If yes, are your premiums current? | Yes ◯  No ◯  N/A ⦿ | (if no, see Instructions) |
| | Casualty/property insurance? | Yes ◯  No ⦿ | |
| | If yes, are your premiums current? | Yes ◯  No ◯  N/A ⦿ | (if no, see Instructions) |
| | General liability insurance? | Yes ◯  No ⦿ | |
| | If yes, are your premiums current? | Yes ◯  No ◯  N/A ⦿ | (if no, see Instructions) |
| j. | Has a plan of reorganization been filed with the court? | Yes ◯  No ⦿ | |

UST Form 11-MOR (06/07/2021)

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Part 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

Debtor's Name SVC PHARMA LP                                                                    Case No. 19-23670

| | | |
|---|---|---|
| k. | Has a disclosure statement been filed with the court? | Yes ○  No ◉ |
| l. | Are you current with quarterly U.S. Trustee fees as set forth under 28 U.S.C. § 1930? | Yes ○  No ◉ |

### Part 8: Individual Chapter 11 Debtors (Only)

| | | |
|---|---|---|
| a. | Gross income (receipts) from salary and wages | $0 |
| b. | Gross income (receipts) from self-employment | $0 |
| c. | Gross income from all other sources | $0 |
| d. | Total income in the reporting period (a+b+c) | $0 |
| e. | Payroll deductions | $0 |
| f. | Self-employment related expenses | $0 |
| g. | Living expenses | $0 |
| h. | All other expenses | $0 |
| i. | Total expenses in the reporting period (e+f+g+h) | $0 |
| j. | Difference between total income and total expenses (d-i) | $0 |
| k. | List the total amount of all postpetition debts that are past due | $0 |
| l. | Are you required to pay any Domestic Support Obligations as defined by 11 U.S.C § 101(14A)? | Yes ○  No ◉ |
| m. | If yes, have you made all Domestic Support Obligation payments? | Yes ○  No ○  N/A ◉ |

### Privacy Act Statement

28 U.S.C. § 589b authorizes the collection of this information, and provision of this information is mandatory under 11 U.S.C. §§ 704, 1106, and 1107. The United States Trustee will use this information to calculate statutory fee assessments under 28 U.S.C. § 1930(a)(6). The United States Trustee will also use this information to evaluate a chapter 11 debtor's progress through the bankruptcy system, including the likelihood of a plan of reorganization being confirmed and whether the case is being prosecuted in good faith. This information may be disclosed to a bankruptcy trustee or examiner when the information is needed to perform the trustee's or examiner's duties or to the appropriate federal, state, local, regulatory, tribal, or foreign law enforcement agency when the information indicates a violation or potential violation of law. Other disclosures may be made for routine purposes. For a discussion of the types of routine disclosures that may be made, you may consult the Executive Office for United States Trustee's systems of records notice, UST-001, "Bankruptcy Case Files and Associated Records." See 71 Fed. Reg. 59,818 et seq. (Oct. 11, 2006). A copy of the notice may be obtained at the following link: http://www.justice.gov/ust/eo/rules_regulations/index.htm. Failure to provide this information could result in the dismissal or conversion of your bankruptcy case or other action by the United States Trustee. 11 U.S.C. § 1112(b)(4)(F).

**<u>I declare under penalty of perjury that the foregoing Monthly Operating Report and its supporting documentation are true and correct and that I have been authorized to sign this report on behalf of the estate.</u>**

Terrence Ronan                                                          Terrence Ronan
_____                    _____
Signature of Responsible Party                              Printed Name of Responsible Party

Chief Financial Officer                                          9/22/2022
_____                    _____
Title                                                                   Date

# UNITED STATES BANKRUPTCY COURT

SOUTHERN   DISTRICT OF   NEW YORK

DIVISION

In Re. SVC PHARMA INC.                              §          Case No.  19-23671
                                                    §
_____                     §          Lead Case No.  19-23649
              Debtor(s)                             §
                                                    §          ☒ Jointly Administered

# Monthly Operating Report                                              Chapter 11

Reporting Period Ended: 08/31/2022                        Petition Date: 09/15/2019

Months Pending: 36                                        Industry Classification: | 3 | 2 | 5 | 4 |

Reporting Method:              Accrual Basis ○          Cash Basis ◉

Debtor's Full-Time Employees (current):                   0

Debtor's Full-Time Employees (as of date of order for relief):   0


**Supporting  Documentation** (check all that are attached):

(For jointly administered debtors, any required schedules must be provided on a non-consolidated basis for each debtor)

☒      Statement of cash receipts and disbursements
☐      Balance sheet containing the summary and detail of the assets, liabilities and equity (net worth) or deficit
☐      Statement of operations (profit or loss statement)
☐      Accounts receivable aging
☐      Postpetition liabilities aging
☐      Statement of capital assets
☐      Schedule of payments to professionals
☐      Schedule of payments to insiders
☐      All bank statements and bank reconciliations for the reporting period
☐      Description of the assets sold or transferred and the terms of the sale or transfer


Eli J. Vonnegut
_____                    Eli J. Vonnegut
Signature of Responsible Party                      Printed Name of Responsible Party

9/22/2022
_____
Date
                                                    450 Lexington Avenue, New York, NY 10017
                                                    Address


STATEMENT: This Periodic Report is associated with an open bankruptcy case; therefore, Paperwork Reduction Act exemption 5 C.F.R.
§ 1320.4(a)(2) applies.

UST Form 11-MOR (06/07/2021)

Debtor's Name SVC PHARMA INC.                                   Case No. 19-23671

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

| Part 1: Cash Receipts and Disbursements | Current Month | Cumulative |
|---|---|---|
| a. Cash balance beginning of month | $0 | |
| b. Total receipts (net of transfers between accounts) | $0 | $0 |
| c. Total disbursements (net of transfers between accounts) | $0 | $0 |
| d. Cash balance end of month (a+b+c) | $0 | |
| e. Disbursements made by third party for the benefit of the estate | $0 | $0 |
| f. Total disbursements for quarterly fee calculation (c+e) | $0 | $0 |

| Part 2: Asset and Liability Status (Not generally applicable to Individual Debtors. See Instructions.) | Current Month |
|---|---|
| a. Accounts receivable (total net of allowance) | $0 |
| b. Accounts receivable over 90 days outstanding (net of allowance) | $0 |
| c. Inventory   (Book ● Market ○ Other ○ (attach explanation)) | $0 |
| d Total current assets | $0 |
| e. Total assets | $0 |
| f. Postpetition payables (excluding taxes) | $0 |
| g. Postpetition payables past due (excluding taxes) | $0 |
| h. Postpetition taxes payable | $0 |
| i. Postpetition taxes past due | $0 |
| j. Total postpetition debt (f+h) | $0 |
| k. Prepetition secured debt | $0 |
| l. Prepetition priority debt | $0 |
| m. Prepetition unsecured debt | $0 |
| n. Total liabilities (debt) (j+k+l+m) | $0 |
| o. Ending equity/net worth (e-n) | $0 |

| Part 3: Assets Sold or Transferred | Current Month | Cumulative |
|---|---|---|
| a. Total cash sales price for assets sold/transferred outside the ordinary course of business | $0 | $0 |
| b. Total payments to third parties incident to assets being sold/transferred outside the ordinary course of business | $0 | $0 |
| c. Net cash proceeds from assets sold/transferred outside the ordinary course of business (a-b) | $0 | $0 |

| Part 4: Income Statement (Statement of Operations) (Not generally applicable to Individual Debtors. See Instructions.) | Current Month | Cumulative |
|---|---|---|
| a. Gross income/sales (net of returns and allowances) | $0 | |
| b. Cost of goods sold (inclusive of depreciation, if applicable) | $0 | |
| c. Gross profit (a-b) | $0 | |
| d. Selling expenses | $0 | |
| e. General and administrative expenses | $0 | |
| f. Other expenses | $0 | |
| g. Depreciation and/or amortization (not included in 4b) | $0 | |
| h. Interest | $0 | |
| i. Taxes (local, state, and federal) | $0 | |
| j. Reorganization items | $0 | |
| k. Profit (loss) | $0 | $0 |

UST Form 11-MOR (06/07/2021)

Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

Debtor's Name SVC PHARMA INC.                                          Case No. 19-23671

## Part 5: Professional Fees and Expenses

|  |  | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|
| a. | Debtor's professional fees & expenses (bankruptcy) *Aggregate Total* | $0 | $0 | $0 | $0 |
|  | *Itemized Breakdown by Firm* |  |  |  |  |
|  | Firm Name — Role | | | | |
| i |  | $0 | $0 | $0 | $0 |
| ii |  | $0 | $0 | $0 | $0 |

|  |  | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|
| b. | Debtor's professional fees & expenses (nonbankruptcy) *Aggregate Total* | $0 | $0 | $0 | $0 |
|  | *Itemized Breakdown by Firm* |  |  |  |  |
|  | Firm Name — Role | | | | |
| i |  | $0 | $0 | $0 | $0 |
| ii |  | $0 | $0 | $0 | $0 |
| c. | All professional fees and expenses (debtor & committees) | $0 | $0 | $0 | $0 |

## Part 6: Postpetition Taxes

|  |  | Current Month | Cumulative |
|---|---|---|---|
| a. | Postpetition income taxes accrued (local, state, and federal) | $0 | $0 |
| b. | Postpetition income taxes paid (local, state, and federal) | $0 | $0 |
| c. | Postpetition employer payroll taxes accrued | $0 | $0 |
| d. | Postpetition employer payroll taxes paid | $0 | $0 |
| e. | Postpetition property taxes paid | $0 | $0 |
| f. | Postpetition other taxes accrued (local, state, and federal) | $0 | $0 |
| g. | Postpetition other taxes paid (local, state, and federal) | $0 | $0 |

## Part 7: Questionnaire - During this reporting period:

a. Were any payments made on prepetition debt? (if yes, see Instructions)   Yes ○   No ◉

b. Were any payments made outside the ordinary course of business without court approval? (if yes, see Instructions)   Yes ○   No ◉

c. Were any payments made to or on behalf of insiders?   Yes ○   No ◉

d. Are you current on postpetition tax return filings?   Yes ○   No ◉

e. Are you current on postpetition estimated tax payments?   Yes ○   No ◉

f. Were all trust fund taxes remitted on a current basis?   Yes ○   No ◉

g. Was there any postpetition borrowing, other than trade credit? (if yes, see Instructions)   Yes ○   No ◉

h. Were all payments made to or on behalf of professionals approved by the court?   Yes ○   No ○   N/A ◉

i. Do you have:   Worker's compensation insurance?   Yes ○   No ◉
   If yes, are your premiums current?   Yes ○   No ○   N/A ◉   (if no, see Instructions)
   Casualty/property insurance?   Yes ○   No ◉
   If yes, are your premiums current?   Yes ○   No ○   N/A ◉   (if no, see Instructions)
   General liability insurance?   Yes ○   No ◉
   If yes, are your premiums current?   Yes ○   No ○   N/A ◉   (if no, see Instructions)

j. Has a plan of reorganization been filed with the court?   Yes ○   No ◉

UST Form 11-MOR (06/07/2021)

Debtor's Name SVC PHARMA INC.    Case No. 19-23671

> Note: The cash balance in Part 1.d. is inaccurate because it excludes intercompany transfers pursuant to instructions from the U.S. Trustee's office. The Debtors have been advised by the U.S. Trustee's office not to fill out Parts 2 to 8 of the MOR form for each debtor entity. As such, the responses to questions in Parts 2 to 8 reflect default answers and values that may be inaccurate because the form does not accept blank responses. Therefore, the information in Parts 1.d. and Parts 2 to 8 should not be relied upon for any purpose or to inform any decision or action whatsoever.

| | | | |
|---|---|---|---|
| k. | Has a disclosure statement been filed with the court? | Yes ○  No ● | |
| l. | Are you current with quarterly U.S. Trustee fees as set forth under 28 U.S.C. § 1930? | Yes ○  No ● | |

## Part 8: Individual Chapter 11 Debtors (Only)

| | | |
|---|---|---|
| a. | Gross income (receipts) from salary and wages | $0 |
| b. | Gross income (receipts) from self-employment | $0 |
| c. | Gross income from all other sources | $0 |
| d. | Total income in the reporting period (a+b+c) | $0 |
| e. | Payroll deductions | $0 |
| f. | Self-employment related expenses | $0 |
| g. | Living expenses | $0 |
| h. | All other expenses | $0 |
| i. | Total expenses in the reporting period (e+f+g+h) | $0 |
| j. | Difference between total income and total expenses (d-i) | $0 |
| k. | List the total amount of all postpetition debts that are past due | $0 |
| l. | Are you required to pay any Domestic Support Obligations as defined by 11 U.S.C § 101(14A)? | Yes ○  No ● |
| m. | If yes, have you made all Domestic Support Obligation payments? | Yes ○  No ○  N/A ● |

### Privacy Act Statement

28 U.S.C. § 589b authorizes the collection of this information, and provision of this information is mandatory under 11 U.S.C. §§ 704, 1106, and 1107. The United States Trustee will use this information to calculate statutory fee assessments under 28 U.S.C. § 1930(a)(6). The United States Trustee will also use this information to evaluate a chapter 11 debtor's progress through the bankruptcy system, including the likelihood of a plan of reorganization being confirmed and whether the case is being prosecuted in good faith. This information may be disclosed to a bankruptcy trustee or examiner when the information is needed to perform the trustee's or examiner's duties or to the appropriate federal, state, local, regulatory, tribal, or foreign law enforcement agency when the information indicates a violation or potential violation of law. Other disclosures may be made for routine purposes. For a discussion of the types of routine disclosures that may be made, you may consult the Executive Office for United States Trustee's systems of records notice, UST-001, "Bankruptcy Case Files and Associated Records." *See* 71 Fed. Reg. 59,818 et seq. (Oct. 11, 2006). A copy of the notice may be obtained at the following link: http://www.justice.gov/ust/eo/rules_regulations/index.htm. Failure to provide this information could result in the dismissal or conversion of your bankruptcy case or other action by the United States Trustee. 11 U.S.C. § 1112(b)(4)(F).

**I declare under penalty of perjury that the foregoing Monthly Operating Report and its supporting documentation are true and correct and that I have been authorized to sign this report on behalf of the estate.**

Terrence Ronan

Signature of Responsible Party

Terrence Ronan

Printed Name of Responsible Party

Chief Financial Officer

Title

9/22/2022

Date

UST Form 11-MOR (06/07/2021)