**Presentment Date and Time: October 11, 2022, at 10:00 a.m. (prevailing Eastern Time)**
**Objection Date and Time: October 7, 2022, at 4:00 p.m. (prevailing Eastern Time)**

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Eli J. Vonnegut
Christopher S. Robertson

*Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (SHL)** |
| **Debtors.**[1] | **(Jointly Administered)** |

**NOTICE OF PRESENTMENT OF DEBTORS' MOTION FOR APPROVAL OF PROCEDURES FOR (I) THE SALE OF DE MINIMIS ASSETS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES AND (II) THE ABANDONMENT OF CERTAIN OF THE DEBTORS' PROPERTY**

**PLEASE TAKE NOTICE** that on September 27, 2022, Purdue Pharma L.P. and certain

of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases

(collectively, the "**Debtors**"), filed the annexed *Motion for Approval of Procedures for (I) the Sale*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

*of De Minimis Assets Free and Clear of Liens, Claims, Interests, and Encumbrances and (II) the*
*Abandonment of Certain of the Debtors' Property* (the "**Motion**").

**PLEASE TAKE FURTHER NOTICE** that, unless a written objection to the Motion is
served and filed with proof of service with the Clerk of the Court, and a courtesy copy is delivered
to the undersigned and to the chambers of the Honorable Sean H. Lane, so as to be received by
**October 7, 2022 at 4:00 p.m. (prevailing Eastern Time)**, there will not be a hearing to consider
such Motion, and an order, substantially in the form attached to the Motion as **Exhibit A** (the
"**Proposed Order**"), will be presented to the Honorable Sean H. Lane, United States Bankruptcy
Judge, at the United States Bankruptcy Court, 300 Quarropas Street, White Plains, New York
10601, for approval and signature on **October 11, 2022 at 10:00 a.m. (prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that, if a written objection is timely filed and
served with respect to the Motion or the Court so orders, a hearing (the "**Hearing**") will be held to
consider the Motion before the Honorable Sean H. Lane, United States Bankruptcy Judge, at the
United States Bankruptcy Court, 300 Quarropas Street, White Plains, New York 10601, on a date
to be announced.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the
Hearing and a failure to appear may result in relief being granted upon default.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion may be obtained free of
charge by visiting the website of Kroll Restructuring Administration at
https://restructuring.ra.kroll.com/purduepharma.  You may also obtain copies of any pleadings by
visiting the Bankruptcy Court's website at http://www.nysb.uscourts.gov in accordance with
the procedures and fees set forth therein.

Dated:   September 27, 2022
        New York, New York

DAVIS POLK & WARDWELL LLP

By:     */s/ Eli J. Vonnegut*
        Eli J. Vonnegut

450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile:  (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Eli J. Vonnegut
Christopher S. Robertson

*Counsel to the Debtors*
*and Debtors in Possession*

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Eli J. Vonnegut
Christopher S. Robertson

*Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (SHL)** |
| **Debtors.**[1] | **(Jointly Administered)** |

**DEBTORS' MOTION FOR APPROVAL OF PROCEDURES**
**FOR (I) THE SALE OF DE MINIMIS ASSETS FREE AND CLEAR OF LIENS,**
**CLAIMS, INTERESTS, AND ENCUMBRANCES AND (II) THE ABANDONMENT OF**
**CERTAIN OF THE DEBTORS' PROPERTY**

Purdue Pharma L.P. ("**PPLP**") and its affiliated debtors in the above-captioned chapter 11

cases (the "**Cases**" or "**Chapter 11 Cases**"), as debtors and debtors in possession (collectively, the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

"**Debtors**"), file this motion (the "**Motion**") seeking entry of an order, substantially in the form attached hereto as **Exhibit A** (this "**Order**"), granting the relief described below.  The Debtors further represent as follows:

### Jurisdiction and Venue

1.      The United States Bankruptcy Court for the Southern District of New York (the "**Court**") has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.).  This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), the Debtors consent to entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Background

2.      On September 15, 2019 (the "**Petition Date**"), the Debtors each commenced a voluntary case under chapter 11 of the Bankruptcy Code before the Court. The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On September 27, 2019, the United States Trustee for the Southern District of New York appointed the official committee of unsecured creditors (the "**Committee**").  No trustee has been appointed in these Cases.

2

3.      These Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b)

and the *Order Directing Joint Administration of Chapter 11 Cases* [ECF No. 59] entered by the

Court in each of the Cases.

4.      Additional information regarding the Debtors and the events leading up to the

Petition Date can be found in the *Debtors' Informational Brief* filed on September 16, 2019 [ECF

No. 17].

### Relief Requested

5.      By this Motion, the Debtors seek authorization to establish certain procedures (the

"**Procedures**") (a) pursuant to sections 105(a) and 363 of title 11 of the Bankruptcy Code and

Rules 6004 and 2002(a)(2) of the Bankruptcy Rules, to sell free and clear of all liens, claims,

interests, and encumbrances certain obsolete, surplus, burdensome, or otherwise expendable assets

having a Sale Price (defined below) of $5,000,000 or less where such sale is arguably outside the

ordinary course of the Debtors' businesses and (b) pursuant to sections 105(a) and 554(a) of the

Bankruptcy Code and Bankruptcy Rule 6007, to abandon any *de minimis* assets where a sale cannot

be consummated at a price greater than the costs of such sale (taking into account costs of, among

other things, interim storage, shipping and marketing) (such assets identified in clauses (a) and

(b) collectively, the "**De Minimis Assets**").

### The Procedures

6.      Prior to the Petition Date, the Debtors routinely and in the ordinary course of

business sold or, when necessary, otherwise disposed of non-core assets that were unnecessary or

could not be used or developed profitably, shedding the costs associated with maintaining

unneeded assets, monetizing non-core assets of limited value to the Debtors and bolstering the

3

Debtors' cash position.  Further, on October 1, 2020, the Court approved the sale of the Debtors'

active pharmaceutical ingredient manufacturing facility located in Coventry, Rhode Island (the

"**Coventry Facility**") and other related purchased assets to Noramco Coventry LLC.  *See Order*

*(i) Approving Sale of Debtors' Coventry Facility and Related Assets Free and Clear of Liens,*

*Claims, Interests and Encumbrances, (ii) Approving Debtors' Entry into a Long-Term API*

*Supply Agreement, (iii) Authorizing Assumption and Assignment or Assignment, as Applicable,*

*of Executory Contracts and Unexpired Leases and (iv) Granting Related Relief* [ECF No. 1765].

The Debtors' transitional activities at the Coventry Facility are nearly complete, and the Debtors

intend to sell certain surplus equipment that will not be transferred to the Debtors' facility in

Wilson, North Carolina (the "**Non-Transferred Assets**").  As a result, the Debtors have

determined and, as the Chapter 11 Cases progress, may continue to determine that certain De

Minimis Assets, including the Non-Transferred Assets, are obsolete, superfluous, expendable, or

otherwise burdensome to their estates.  The Procedures will allow the Debtors to maximize the

value of the De Minimis Assets to the Debtors' estates and reduce the burden of maintaining

burdensome property.

   7.  It would not be an efficient use of the Debtors' resources or the Court's time to seek

Court approval each and every time the Debtors have an opportunity to sell De Minimis Assets.

Also, to the extent a sale of certain De Minimis Assets would generate less revenue than the amount

of cash expended in the sale process with respect to such De Minimis Assets (taking into account

costs of, among other things, interim storage, shipping and marketing), the Debtors seek authority

to abandon such De Minimis Assets without further Court approval.  Accordingly, subject to the

Procedures, the Debtors request authorization to sell or abandon De Minimis Assets (all of which

4

would likely be in the ordinary course of business in any event) without the need to obtain any further Court approval.

### The De Minimis Asset Sale Procedures

8.    The Debtors request that the following Procedures be implemented in connection with sales of De Minimis Assets.  The Debtors propose the Procedures as an alternative to those set forth in Local Rule 6004-1 and submit that the requirements of such rule be waived with respect to any sale or abandonment of De Minimis Assets undertaken by the Debtors pursuant to the Procedures.

9.    For purposes of the Procedures, the net benefit estimated to be realized by the Debtors' estates shall constitute the "Sale Price." Solely for the purposes of the Procedures and the calculation of the Sale Price, entry into a series of related sales within any given 30-day period between any of the Debtors, on the one hand, and any given counterparty and/or such counterparty's affiliate(s), on the other hand, shall be deemed to be entry into a single sale.  The net benefit is the amount of cash consideration or fair market value of non-cash consideration estimated to be received by the Debtors, plus the amount of any liabilities to be assumed by the purchaser (to the extent quantifiable or reasonably estimable, as determined by the Debtors in their sole discretion), less expenses to be incurred in connection with the sale, offsets, or other deductions (to the extent quantifiable or reasonably estimable, as determined by the Debtors in their sole discretion).  The Sale Price shall be determined without consideration as to whether the property for sale is free and clear of all liens, claims, interests and encumbrances.

5

A.    **Sale Price Less than or Equal to $1,000,000**

10.    If the Sale Price of a De Minimis Asset is less than or equal to $1,000,000, no notice or hearing shall be required, provided that the Debtors will consult as reasonable with counsel for the Committee, the ad hoc committee of governmental and other contingent litigation claimants (the "**Ad Hoc Committee**") and the Multi-State Governmental Entities Group (the "**MSGE**") regarding such non-ordinary course sales from time to time.

B.    **Sale Price Greater than $1,000,000 and Less than or Equal to $5,000,000**

11.    If the Sale Price for the sale of a De Minimis Asset that the Debtors believe is arguably outside of the ordinary course of the Debtors' businesses is greater than $1,000,000 and less than or equal to $5,000,000, the following Procedures shall be followed:

    a.    The Debtors shall, following reasonable notice to and consultation with the Committee, the Ad Hoc Committee and the MSGE, file a notice with the Court, substantially in the form attached to the Motion as <u>Exhibit B</u> (the "**Sale Notice**"), specifying (i) the De Minimis Assets to be sold, (ii) the identity of the purchaser, (iii) any commissions to be paid to third parties (such as brokers) and (iv) the proposed purchase price.

    b.    The Debtors shall serve the Sale Notice only on the following parties: (i) the U.S. Trustee; (ii) counsel for each of the Committee, the Ad Hoc Committee and the MSGE (together with the U.S. Trustee, the "**Notice Parties**"); and (iii) any known affected person or entity with a particularized interest in the De Minimis Assets to be sold, including any known creditor asserting a lien, claim, interest, or encumbrance on such De Minimis Assets.

    c.    Parties in interest will have seven days after the service of a Sale Notice (the "**Sale Objection Deadline**") to object to a proposed sale of De Minimis Assets. If any party in interest wishes to object to a proposed sale of De Minimis Assets, such party must (i) file a written objection (each, an "**Objection**") with the Court on or before the Sale Objection Deadline and (ii) serve the Objection on the Debtors and each of the other Notice Parties so that it is actually received by such parties on or before the Sale Objection Deadline. Any such Objection shall identify, with specificity, the basis for such Objection. If an Objection is timely received and filed and cannot be resolved by the Debtors and the objecting parties, the De Minimis Asset that is the subject of the Objection will only be

6

sold or transferred upon either submission of a consensual form of order resolving the objection as between the Debtors and the objecting party or upon further order of the Court; *provided*, *however*, that any De Minimis Asset set forth in the Sale Notice that is not the subject of an Objection may be immediately sold in accordance with paragraph (d).

      d.     After the expiration of the Sale Objection Deadline, if no written objections are timely filed and served or if all written objections are resolved by the Debtors and the objecting parties, the Debtors may immediately sell the De Minimis Assets listed in the Sale Notice and take any actions and execute any agreements or other documentation that are necessary or desirable to close the transaction and obtain the sale proceeds.

**C.     Sale Price Greater than $5,000,000**

12.     If the Sale Price for the sale of a De Minimis Asset that the Debtors believe is arguably outside of the ordinary course of the Debtors' businesses is greater than $5,000,000, the Debtors shall file a motion with the Court requesting approval of the sale.

**D.     Commissions to Third Parties**

13.     The Debtors shall be permitted to compensate any broker engaged by the Debtors in connection with any sale or attempted sale of De Minimis Assets; *provided, however*, that if an Objection to the payment of any broker's fees is timely received and filed by the Sale Objection Deadline, then the portion of such broker's fees to which the Objection is directed shall not be paid until such Objection is consensually resolved or until the Court approves such payment.

**Approval of the Sale Procedures is in the Best
Interests of the Debtors and their Estates and Creditors**

14.     Section 363(b)(1) of the Bankruptcy Code empowers the Court to allow a debtor to "use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Debtors' decision to use, sell or lease assets outside the ordinary course of business must be based upon the sound business judgment of the debtor. *See In re Chateaugay Corp.*, 973 F.2d 141, 143 (2d Cir. 1992) (holding that a judge determining a section 363(b) application must

7

find from the evidence presented before him a good business reason to grant such application); see

also Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.), 722 F.2d 1063, 1071

(2d Cir. 1983) (same); In re Global Crossing Ltd., 295 B.R. 726, 743 (Bankr. S.D.N.Y. 2003);

In re Ionosphere Clubs, Inc., 100 B.R. 670, 675 (Bankr. S.D.N.Y. 1989) (noting that the standard

for determining a section 363(b) motion is "good business reason").

      15.     The business judgment rule is satisfied "when the following elements are present:

(1) a business decision, (2) disinterestedness, (3) due care, (4) good faith, and (5) according to

some courts and commentators, no abuse of discretion or waste of corporate assets."

In re Integrated Res., Inc., 147 B.R. 650, 656 (S.D.N.Y. 1992), appeal dismissed, 3 F.3d 49

(2d Cir. 1993) (internal quotations omitted).  In fact, "[w]here the debtor articulates a reasonable

basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts

will generally not entertain objections to the debtor's conduct."  Comm. of Asbestos Related

Litigants and/or Creditors v. Johns Manville Corp. (In re Johns-Manville Corp.), 60 B.R. 612, 616

(Bankr. S.D.N.Y. 1986).  Courts in this district have consistently and appropriately been loath to

interfere with corporate decisions absent a showing of bad faith, self-interest, or gross negligence,

and will uphold a board's decisions as long as they are attributable to any "rational business

purpose."  In re Integrated Res. Inc., 147 B.R. at 656.  The Debtors submit that the requested relief

represents a sound exercise of the Debtors' business judgment and is justified under section 363(b)

of the Bankruptcy Code.

      16.     In In re Lionel Corp., the Court set forth certain factors for bankruptcy courts to

consider when deciding whether the movant has demonstrated good business judgment in

proposing the sale, including evaluating the proportionate value of the asset to the estate as a whole.

In this case, the De Minimis Assets are not integral in any way to the Debtors' businesses and, each having a sale value no greater than $5,000,000, represent a small fraction compared to the value of the Debtors' estates as a whole. *See In re Ionosphere Clubs, Inc.*, 100 B.R. 670, 675-76 (Bankr. S.D.N.Y. 1989) (court approved sale of assets under section 363(b) of the Bankruptcy Code that represented approximately 2.9% of the debtor's total net book value).  Accordingly, each sale consummated pursuant to this Motion would satisfy section 363(b) of the Bankruptcy Code.

17.     The Procedures will allow the Debtors to expedite and maximize the flow of cash into the estates, eliminating the need to prepare and prosecute motions and to obtain express Court approval of every sale of assets.  In addition, the Procedures will protect the Debtors against potentially significant interim storage costs, including with respect to the Non-Transferred Assets following the Debtors' final exit from the Coventry Facility, eliminate certain administrative costs, reduce professional fees, and expedite the sale of the De Minimis Assets for the benefit of the Debtors' estates and their creditors.  The Procedures constitute the most efficient and cost-effective way to capitalize on the value of the De Minimis Assets, while protecting the best interests of the Debtors, their estates and their creditors.

18.     While the Debtors request authorization to sell assets with a Sale Price less than or equal to $5,000,000, the Debtors believe that many individual transactions will be for substantially less value.  The proposed Sale Price limitations are modest and appropriate in view of the circumstances and size of the Debtors' estates.

9

19.     Finally, compensating brokers engaged by the Debtors in connection with the sale of De Minimis Assets will promote maximizing value for the Debtors' estates and, thus, is in the best interest of the Debtors' estates and their creditors.

20.     Accordingly, a strong business justification exists for the sale of the De Minimis Assets in accordance with the Procedures.  An orderly but expeditious sale of the De Minimis Assets will maximize the value of the Debtors assets and recoveries for the Debtors' economic stakeholders.

### The Notice Component of the Procedures is Reasonable and Appropriate

21.     The Procedures described above are reasonably calculated to provide all of the Debtors' significant creditors and all other parties in interest with adequate, timely notice of, among other things, any proposed sale of De Minimis Assets.

### The Procedures Will Produce, in Good Faith, Fair and Reasonable Purchase Prices for the De Minimis Assets

22.     As set forth above, the Debtors believe that the proposed Procedures will allow the Debtors to obtain fair and reasonable purchase prices for the De Minimis Assets and to effectuate such transactions in an efficient and streamlined process.  In doing so, the Procedures provide an appropriate framework for the Debtors to review, analyze, and compare all offers received to determine in good faith which of such offers (if any) are in the best interests of the Debtors' estates and their economic stakeholders.  The Procedures undoubtedly will serve the important objectives of obtaining not only a fair and reasonable purchase price for the De Minimis Assets, but also the highest or otherwise best value for the De Minimis Assets, which will inure to the benefit of all parties in interest in the Chapter 11 Cases.

10

**The De Minimis Assets Should be Sold Free
and Clear of Liens, Claims, Interests and Encumbrances**

23.     In the interest of attracting the best offers, the De Minimis Assets should be sold

free and clear of any and all liens, claims, interests, and other encumbrances, in accordance with

section 363(f) of the Bankruptcy Code, with any such liens, claims, interests, and encumbrances

attaching to the proceeds of the applicable sale.  Section 363(f) of the Bankruptcy Code authorizes

a debtor to sell assets free and clear of liens, claims, interests, and encumbrances if any one of the

following conditions is satisfied:

    a.  applicable non-bankruptcy law permits sale of such property free and clear of
such interest;

    b.  such entity consents;

    c.  such interest is a lien and the price at which such property is to be sold is
greater than the value of all liens on such property;

    d.  such interest is in bona fide dispute; or

    e.  such entity could be compelled, in legal or equitable proceeding, to accept a
money satisfaction of such interest.

*See In re Borders Grp., Inc.*, 453 B.R. at 483–84 (noting that a debtor can sell its property "free

and clear of any interest" if "at least one" of the five  conditions set  forth  in section 363(f) is met);

*see also In re MF Glob. Inc.*, 467 B.R. 726, 730 (Bankr. S.D.N.Y. 2012) ("Satisfaction of *any* of

th[e] requirements [listed in section 363(f)] suffices to permit the sale of the property free and clear

of liens and interests." (emphasis added)).

24.     The Debtors submit that the Procedures satisfy section 363(f) of the Bankruptcy

Code.  Any holder of a lien, claim, interest, or encumbrance on any De Minimis Assets to be sold,

with a Sale Price greater than $1,000,000 and less than or equal to $5,000,000, will receive a Sale

Notice and will have an opportunity to object to any sale in which they claim an interest. If a holder of a lien, claim, interest, or encumbrance receives a Sale Notice and does not object within the prescribed time period, then such holder will be deemed to have consented to the proposed sale and the property may then be sold free and clear of the holder's interests pursuant to section 363(f) of the Bankruptcy Code, with any such liens, claims, interests, or encumbrances to be, at the Debtors' sole discretion, either (a) satisfied from the proceeds of the sale or (b) transferred and attached to the net sale proceeds in the same order of priority that such liens, claims, interests, or encumbrances had on the De Minimis Assets sold.

25.     In approving the sales of De Minimis Assets free and clear of liens, claims, interests, or encumbrances, the Debtors request that the Court find that those who purchase De Minimis Assets in accordance with the Procedures are entitled to the protections afforded by section 363(m) of the Bankruptcy Code. This relief is appropriate in light of the opportunity for review and objection provided herein.

26.     Bankruptcy Rule 2002(a)(2) provides that, for cause shown, the Court may direct "another method of giving notice" of a proposed sale of property of the estate. The Debtors submit that good cause has been shown for approval and implementation of the Procedures as a fair and reasonable alternative to the notice procedures of Bankruptcy Rule 2002.

27.     Finally, section 105 of the Bankruptcy Code provides, in relevant part, that "[t]he Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105. The Debtors submit that implementation of the Procedures is appropriate in these chapter 11 cases and within the Court's equitable powers under section 105 of the Bankruptcy Code. Similar procedures have been approved in other complex

12

chapter 11 cases. *See, e.g., In re Trident Holding Company, LLC*, Case No. 19-10384 (SHL), ECF No. 173 (Bankr. S.D.N.Y. Mar. 8, 2019) (authorizing sales less than $300,000 with no advance notice and sales greater than $300,000 but less than or equal to $750,000 on seven business days' advance notice to interested or affected parties); *In re Westinghouse Electric Company LLC*, Case No. 17-10751 (MEW), ECF No. 2274 (Bankr. S.D.N.Y. Jan. 25, 2018) (authorizing sales less than $1,000,000 with seven business days' advance notice to interested or affected parties); *In re The Great Atl. & Pac. Tea Co*., Case No. 15-23007 (RDD), ECF No. 493 (Bankr. S.D.N.Y. Aug. 11, 2015) (authorizing sales less than $250,000 with no advance notice and sales greater than $250,000 but less than or equal to $5,000,000 on five business days' advance notice to interested or affected parties); *In re The Great Atl. & Pac. Tea Co*., Case No. 10-24549 (RDD), ECF No. 1001 (Bankr. S.D.N.Y. Mar. 10, 2011) (authorizing sales less than $500,000 with no advance notice and sales greater than $500,000 but less than or equal to $4,000,000 on seven days' advance notice to interested or affected parties); *In re Lear Corp*., Case No. 09-14326 (ALG), ECF No. 267 (Bankr. S.D.N.Y. July 31, 2009) (authorizing sales less than $1,000,000 with no advance notice and authorizing sales greater than $1,000,000 but less than or equal to $15,000,000 on fifteen days' advance notice to interested or affected parties); *In re Old Carco LLC (f/k/a Chrysler LLC)*, Case No. 09-50002 (AJG), ECF No. 4122 (Bankr. S.D.N.Y. June 18, 2009) (authorizing sales less than $1,000,000 with no advance notice and authorizing sales greater than $1,000,000 but less than or equal to $10,000,000 on ten business days' advance notice to interested or affected parties); *In re Charter Commc'ns, Inc.*, Case No. 09-11435 (JMP), ECF No. 187 (Bankr. S.D.N.Y. Apr. 15, 2009) (approving similar procedures for the sale of assets up to $15,000,000, including notice procedures with a five-day notice period); *In re Delphi Corp*., Case No. 05-44481 (RDD), ECF

13

No. 766 (Bankr. S.D.N.Y. Oct. 28, 2005) (approving similar procedures for the sale of assets up to $10,000,000, including similar notice procedures).

**The Abandonment Procedures**

28.     The Debtors expect to take all reasonable steps to sell the De Minimis Assets. However, some of these assets may include obsolete materials and equipment, non-repairable equipment, and other assets that may not be saleable or where the costs of marketing or storing the assets in preparation for sale are likely to exceed the proceeds therefrom.  Accordingly, the Debtors submit that, to the extent the Debtors determine a sale of De Minimis Assets cannot be consummated at a price greater than the costs of sale, such De Minimis Assets may be abandoned in accordance with the following procedures.

A.     **De Minimis Assets to be Abandoned Less than or Equal to $1,000,000**

29.     If the estimated gross proceeds of the De Minimis Asset to be abandoned are less than or equal to $1,000,000, the Debtors shall serve notice on the person or entity to whom the personal property is to be abandoned and any person or entity known to the Debtors as having an interest in the De Minimis Asset to be abandoned, including any known creditor asserting a lien, claim, interest, or encumbrance on the De Minimis Asset to be abandoned.  Solely for the purposes of the Procedures and the estimation of gross proceeds, entry into a series of related abandonments within any given 30-day period to any given counterparty and/or such counterparty's affiliate(s) shall be deemed a single abandonment.  Such notice shall be served ten business days before such De Minimis Assets are abandoned.

14

**B.      De Minimis Assets to be Abandoned Greater than $1,000,000 or Less than or Equal to $5,000,000**

30.      If the estimated gross proceeds of the De Minimis Asset to be abandoned are greater than $1,000,000 and less than or equal to $5,000,000, the following Procedures shall be followed:

a.      The Debtors shall, following reasonable notice to and consultation with the Committee, the Ad Hoc Committee and the MSGE, file a notice with the Court, substantially in the form attached to the Motion as <u>Exhibit C</u> (the "**Abandonment Notice**"), specifying (i) the property to be abandoned, (ii) the reason for the abandonment, (iii) the parties known to the Debtors as having an interest in the property to be abandoned, and (iv) the entity to which the personal property is to be abandoned.

b. The Debtors shall serve the Abandonment Notice only on the following parties: (i) the Notice Parties, (ii) any person or entity known to the Debtors as having an interest in the De Minimis Asset to be abandoned, including any known creditor asserting a lien, claim, interest, or encumbrance on the De Minimis Asset to be abandoned, and (iii) the entity to which the personal property is to be abandoned.

c.      Parties in interest will have seven days after the service of an Abandonment Notice (the "**Abandonment Objection Deadline**") to object to a proposed abandonment of De Minimis Assets. If any party in interest wishes to object to a proposed abandonment of De Minimis Assets, such party must (i) file an Objection with the Court on or before the Abandonment Objection Deadline and (ii) serve the Objection on the Debtors and each of the other Notice Parties so that it is actually received by such parties on or before the Abandonment Objection Deadline.  Any such Objection shall identify, with specificity, the basis for such Objection.  If an Objection is timely received and filed and cannot be resolved by the Debtors and the objecting parties, the De Minimis Asset that is the subject of the Objection will only be abandoned upon either submission of a consensual form of order resolving the objection as between the Debtors and the objecting party or upon further order of the Court; *provided*, *however*, that any De Minimis Asset set forth in the applicable Abandonment Notice that is not the subject of an Objection may immediately be abandoned in accordance with paragraph (d).

d.      After the expiration of the Abandonment Objection Deadline, if no written objections are timely filed and served or if all written objections are resolved by the Debtors and the objecting parties, the Debtors may immediately abandon the De Minimis Assets listed in the Abandonment Notice and take any actions and execute any agreements or other documentation that are necessary or desirable to abandon the subject property.

**C.    De Minimis Assets to be Abandoned Greater than $5,000,000**

31.    If the estimated gross proceeds of the De Minimis Asset to be abandoned are greater than $5,000,000, the Debtors shall file a motion with the Court requesting approval of the abandonment.

**Approval of the Abandonment Procedures is in the
Best Interests of the Debtors and their Estates and Creditors**

32.    Section 554(a) of the Bankruptcy Code provides that a debtor in possession "[a]fter notice and a hearing . . . may abandon any property of the estate that . . . is of inconsequential value and benefit to the estate."

33.    A De Minimis Asset will not be abandoned by the Debtors unless, in the Debtors' business judgment, the sale of the asset will not generate value to the Debtors' estates.[2]  While the Debtors shall use reasonable efforts to consummate a sale of each of the De Minimis Assets, there may be little, if any, demand for certain of the Debtors' assets in today's marketplace.  For example, certain of the Debtors' assets are specialized and may not be attractive to other entities. As such, the demand for some of the Debtors' assets may be minimal and Sale Prices may be so discounted that it will be more costly for the Debtors to sell the assets than abandon them.  The Debtors submit that, where the cost savings associated with such abandonment exceeds the available sale proceeds (taking into account costs of, among other things, interim storage, shipping and marketing), the assets are of inconsequential value and benefit to the estates and, as such, are appropriate for abandonment pursuant to section 554(a) of the Bankruptcy Code.

---

[2] The Debtors will continue to comply with laws, statutes, rules, or ordinances which are for the protection of the health and safety of the public.

34.     The Procedures represent the exercise of sound business judgment, are fair and appropriate, and balance the need to expeditiously relieve the Debtors of burdensome costs while providing advance notice of proposed property dispositions to interested parties.  The Debtors will not abandon De Minimis Assets where the abandonment would pose an environmental hazard or where a serious risk to the public is likely to result.

35.     Bankruptcy Rule 6007 allows discretion of the Court to limit notice and the time for filing objections to any abandonment of property.  The Debtors submit that requiring notice of abandonment of De Minimis Assets be given to all creditors would be unnecessarily expensive, time consuming, and would not provide any useful purpose.  Furthermore, the Debtors submit that any reduction of time to file an objection to abandonment will not prejudice the rights of any party in interest.  Accordingly, the Debtors request the Court limit notice under Bankruptcy Rule 6007 to the parties in interest set forth herein and limit the time for filing objections as set forth herein.

**Waiver of Stay Under Bankruptcy Rule 6004(h)**

36.     The Debtors also request that, to the extent applicable to the relief requested in this Motion, the Court waive the stay imposed by Bankruptcy Rule 6004(h), which provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of fourteen days after entry of the order, unless the court orders otherwise."  Fed. R. Bankr. P. 6004(h).  As described above, the relief that the Debtors seek in this Motion is necessary for the Debtors to maximize the value of their assets and recoveries for their economic stakeholders.  Accordingly, the Debtors respectfully request that the Court waive the fourteen (14) day stay imposed by Bankruptcy Rule 6004(h), as the exigent nature of the relief sought herein justifies immediate relief.

## Notice

37.     Notice of this Motion will be provided to (a) the entities on the Master Service List (as defined in the *Second Amended Order Establishing Certain Notice, Case Management, and Administrative Procedures* entered on November 18, 2019 [ECF No. 498] and available on the Debtors' case website at https://restructuring.ra.kroll.com/purduepharma) and (b) any other person or entity with a particularized interest in the subject matter of this Motion (the "**Motion Notice Parties**").  The Debtors respectfully submit that no further notice is required.

## No Previous Request

38.     No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter the proposed order granting the relief requested herein and such other and further relief as the Court deems just and proper.


*[Remainder of page intentionally left blank]*

18

Dated:  September 27, 2022
       New York, New York

                                          By:   /s/ *Eli J. Vonnegut*
                                                Eli J. Vonnegut

                                          DAVIS POLK & WARDWELL LLP
                                          450 Lexington Avenue
                                          New York, New York 10017
                                          Telephone: (212) 450-4000
                                          Facsimile:  (212) 701-5800
                                          Marshall S. Huebner
                                          Benjamin S. Kaminetzky
                                          Eli J. Vonnegut
                                          Christopher S. Robertson

                                          *Counsel to the Debtors*
                                          *and Debtors in Possession*

**<u>Exhibit A</u>**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.**, *et al.*, | Case No. 19-23649 (SHL) |
| Debtors.[1] | (Jointly Administered) |

### ORDER APPROVING PROCEDURES FOR (I) THE SALE OF DE MINIMIS ASSETS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES AND (II) THE ABANDONMENT OF CERTAIN OF THE DEBTORS' PROPERTY

Upon the motion dated September 27, 2022 (the "**Motion**")[2] of Purdue Pharma L.P.

("**PPLP**") and its affiliated debtors in the above-captioned chapter 11 cases, as debtors and debtors

in possession (collectively, the "**Debtors**"), for authorization to establish procedures (the

"**Procedures**") pursuant to (i) sections 105(a) and 363 of the Bankruptcy Code and Bankruptcy

Rule 6004 for the sale of certain *de minimis* assets arguably outside the ordinary course of the

Debtors' businesses for a Sale Price of $5,000,000 or less (the "**De Minimis Assets**") free and

clear of liens, claims, interests, and encumbrances and (ii) sections 105(a) and 554(a) of the

Bankruptcy Code and Bankruptcy Rule 6007 for the abandonment of certain of the De Minimis

Assets, as more fully described in the Motion; and the Court having jurisdiction to consider the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to it in the Motion.

matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing

Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion

and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and venue being

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the

Motion and opportunity for a hearing on the Motion having been given to the parties listed therein,

and it appearing that no other or further notice need be provided; and the Court having reviewed

and considered the Motion; and the Court having determined that the legal and factual bases set

forth in the Motion establish just cause for the relief granted herein; and the Court having found

that the relief requested in the Motion being in the best interests of the Debtors, their creditors,

their estates, and all other parties in interest; and upon all of the proceedings had before the Court;

and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1.      The relief requested in the Motion is hereby granted as set forth herein.

2.      Subject to applicable federal, state and local public health and safety laws, the

Procedures are hereby approved and may be implemented by the Debtors, in their sole discretion,

in the Chapter 11 Cases.

3.      Local Rule 6004-1 is hereby waived with respect to any sale of De Minimis Assets

undertaken pursuant to the Procedures.

4.      For purposes of the Procedures, the net benefit estimated to be realized by the

Debtors' estates shall constitute the "**Sale Price**."  Solely for the purposes of the Procedures and

the calculation of the Sale Price, entry into a series of related sales within any given 30-day period

between any of the Debtors, on the one hand, and any given counterparty and/or such

counterparty's affiliate(s), on the other hand, shall be deemed to be entry into a single sale.  The

net benefit is the amount of cash consideration or fair market value of non-cash consideration estimated to be received by the Debtors, plus the amount of any liabilities to be assumed by the purchaser (to the extent quantifiable or reasonably estimable, as determined by the Debtors in their sole discretion), less expenses to be incurred in connection with the sale, offsets, or other deductions (to the extent quantifiable or reasonably estimable, as determined by the Debtors in their sole discretion). The Sale Price shall be determined without consideration as to whether the property for sale is free and clear of all liens, claims, interests and encumbrances.

5.      If the Sale Price of a De Minimis Asset is less than or equal to $1,000,000, the Debtors are hereby authorized to sell such De Minimis Assets without further notice to any party or hearing, provided that the Debtors will consult as reasonable with counsel for the Committee, the Ad Hoc Committee and the MSGE regarding such non-ordinary course sales from time to time.

6.      If the Sale Price for the sale of a De Minimis Asset that the Debtors believe is arguably outside of the ordinary course of the Debtors' businesses is greater than $1,000,000 and less than or equal to $5,000,000, the following Procedures shall be followed:

    a.      The Debtors shall, following reasonable notice to and consultation with the Committee, the Ad Hoc Committee and the MSGE, file a notice with the Court, substantially in the form attached to the Motion as Exhibit B (the "**Sale Notice**"), specifying (i) the De Minimis Assets to be sold, (ii) the identity of the purchaser, (iii) any commissions to be paid to third parties (such as brokers) and (iv) the proposed purchase price.

    b.      The Debtors shall serve the Sale Notice only on the following parties: (i) the U.S. Trustee; (ii) counsel for the Committee, the Ad Hoc Committee and the MSGE (together with the U.S. Trustee, the "**Notice Parties**"); and (iii) any known affected person or entity with a particularized interest in the De Minimis Assets to be sold, including any known creditor asserting a lien, claim, interest, or encumbrance on such De Minimis Assets.

    c.      Parties in interest will have seven days after the service of a Sale Notice (the "**Sale Objection Deadline**") to object to a proposed sale of De Minimis Assets. If any party in interest wishes to object to a proposed sale of De Minimis Assets, such party must (i) file a written objection (each, an "**Objection**") with the Court on or before the Sale

3

Objection Deadline and (ii) serve the Objection on the Debtors and each of the other Notice Parties so that it is actually received by such parties on or before the Sale Objection Deadline.  Any such Objection shall identify, with specificity, the basis for such Objection. If an Objection is timely received and filed and cannot be resolved by the Debtors and the objecting parties, the De Minimis Asset that is the subject of the Objection will only be sold or transferred upon either submission of a consensual form of order resolving the objection as between the Debtors and the objecting party or upon further order of the Court; *provided*, *however*, that any De Minimis Asset set forth in the Sale Notice that is not the subject of an Objection may be immediately sold in accordance with paragraph (d).

d.      After the expiration of the Sale Objection Deadline, if no written objections are timely filed and served or if all written objections are resolved by the Debtors and the objecting parties, the Debtors may immediately sell the De Minimis Assets listed in the Sale Notice and take any actions and execute any agreements or other documentation that are necessary or desirable to close the transaction and obtain the sale proceeds.

7.      If the Sale Price for the sale of a De Minimis Asset that the Debtors believe is arguably outside of the ordinary course of the Debtors' businesses is greater than $5,000,000, the Debtors shall file a motion with the Court requesting approval of the sale pursuant to section 363 of the Bankruptcy Code, among other applicable provisions.

8.      The Debtors shall be permitted to compensate any broker engaged by the Debtors in connection with any sale or attempted sale of De Minimis Assets; *provided, however,* that if an Objection to the payment of any broker's fees is timely received and filed by the Sale Objection Deadline, then the portion of such broker's fees to which the Objection is directed shall not be paid until such Objection is consensually resolved or until the Court approves such payment.

9.      The Procedures satisfy section 363(f) of the Bankruptcy Code and any De Minimis Asset sold pursuant to the Procedures shall be free and clear of all liens, claims, interests and encumbrances.

10.     Any holder of a lien, claim, interest, or encumbrance on any De Minimis Assets to be sold, with a Sale Price greater than $1,000,000 and less than or equal to $5,000,000, will receive a Sale Notice and will have an opportunity to object to any sale in which they claim an interest.  If

a holder of a lien, claim, interest, or encumbrance receives the Sale Notice and does not object within the prescribed time period, then such holder will be deemed to have consented to the proposed sale and the property may then be sold free and clear of the holder's interests pursuant to section 363(f) of the Bankruptcy Code, with any such liens, claims, interests, or encumbrances to be, at the Debtors' sole discretion, either (a) satisfied from the proceeds of the sale or (b) transferred and attached to the net sale proceeds in the same order of priority that such liens, claims, interests, or encumbrances had on the De Minimis Assets sold.

11.     Those who purchase De Minimis Assets in accordance with the Procedures shall be afforded the protections under section 363(m) of the Bankruptcy Code.  Nothing herein shall authorize the sale of De Minimis Assets to any insiders (as defined in section 101 of the Bankruptcy Code).

12.     If the estimated gross proceeds of the De Minimis Asset to be abandoned are less than or equal to $1,000,000, the Debtors shall serve notice on the person or entity to whom the personal property is to be abandoned and any person or entity known to the Debtors as having an interest in the De Minimis Assets to be abandoned, including any known creditor asserting a lien, claim, interest, or encumbrance on the De Minimis Assets to be abandoned.  Solely for the purposes of the Procedures and the estimation of gross proceeds, entry into a series of related abandonments within any given 30-day period to any given counterparty and/or such counterparty's affiliate(s) shall be deemed a single abandonment.  Such notice shall be served ten business days before such De Minimis Assets are abandoned.

13.     If the estimated gross proceeds of the De Minimis Asset to be abandoned are greater than $1,000,000 and less than or equal to $5,000,000, the following Procedures shall be followed:

a.     The Debtors shall, following reasonable notice to and consultation with the Committee, the Ad Hoc Committee and the MSGE, file a notice with the Court,

substantially in the form attached to the Motion as <u>Exhibit C</u> (the "**Abandonment Notice**"), specifying (i) the property to be abandoned, (ii) the reason for the abandonment, (iii) the parties known to the Debtors as having an interest in the property to be abandoned, and (iv) the entity to which the personal property is to be abandoned.

b. The Debtors shall serve the Abandonment Notice only on the following parties: (i) the Notice Parties, (ii) any person or entity known to the Debtors as having an interest in the De Minimis Asset to be abandoned, including any known creditor asserting a lien, claim, interest, or encumbrance on the De Minimis Asset to be abandoned, and (iii) the entity to which the personal property is to be abandoned.

c. Parties in interest will have seven days after the service of an Abandonment Notice (the "**Abandonment Objection Deadline**") to object to a proposed abandonment of De Minimis Assets. If any party in interest wishes to object to a proposed abandonment of De Minimis Assets, such party must (i) file an Objection with the Court on or before the Abandonment Objection Deadline and (ii) serve the Objection on the Debtors and each of the other Notice Parties so that it is actually received by such parties on or before the Abandonment Objection Deadline.  Any such Objection shall identify, with specificity, the basis for such Objection.  If an Objection is timely received and filed and cannot be resolved by the Debtors and the objecting parties, the De Minimis Asset that is the subject of the Objection will only be abandoned upon either submission of a consensual form of order resolving the objection as between the Debtors and the objecting party or upon further order of the Court; *provided*, *however*, that any De Minimis Asset set forth in the applicable Abandonment Notice that is not the subject of an Objection may immediately be abandoned in accordance with paragraph (d).

d. After the expiration of the Abandonment Objection Deadline, if no written objections are timely filed and served or if all written objections are resolved by the Debtors and the objecting parties, the Debtors may immediately abandon the De Minimis Assets listed in the Abandonment Notice and take any actions and execute any agreements or other documentation that are necessary or desirable to abandon the subject property.

14.    If the estimated gross proceeds of the De Minimis Asset to be abandoned are greater than $5,000,000, the Debtors shall file a motion with the Court requesting approval of the abandonment pursuant to section 554 of the Bankruptcy Code, among other provisions.

15.    The Debtors shall not abandon De Minimis Assets pursuant to the Procedures where the abandonment would pose an environmental hazard or where a serious risk to the public is likely to result.

16.     Nothing herein shall impair the Debtors' ability to conduct their businesses in the ordinary course of business without seeking approval of the Court.

17.     The Procedures satisfy Bankruptcy Rules 2002 and 6007.

18.     Any Bankruptcy Rule (including, but not limited to, Bankruptcy Rule 6004(h)) or Local Rule that might otherwise delay the effectiveness of this Order is hereby waived, and the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

19.     The Debtors are authorized to take all such actions as are necessary or appropriate to implement the terms of this Order.

20.     Proper, timely, adequate, and sufficient notice of the Motion has been provided in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and no other or further notice of the Motion or the entry of this Order shall be required.

21.     The Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and enforcement of this Order.

Dated:  White Plains, New York
         _____, 2022

                                    _____
                                    HONORABLE SEAN H. LANE
                                    UNITED STATES BANKRUPTCY JUDGE

## EXHIBIT B

**Notice of Sale**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.**, *et al.*, | Case No. 19-23649 (SHL) |
| Debtors.[1] | (Jointly Administered) |

## NOTICE OF SALE OF CERTAIN OF THE DEBTORS' DE MINIMIS ASSETS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE

       **PLEASE TAKE NOTICE** that, on [ _ ],2022, the United States Bankruptcy Court for the Southern District of New York (the "**Court**") entered the attached order (the "**Order**") granting approval of certain procedures (the "**Procedures**") for (i) the sale of certain assets ("**De Minimis Assets**"), free and clear of all liens, claims and encumbrances (collectively, "**Liens**") and (ii) the abandonment of certain De Minimis Assets [ECF. No. [•]] in the chapter 11 cases of Purdue Pharma L.P. and its affiliates that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**").

       **PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Order, unless a written objection ("**Objection**") is filed with the Court and served in the manner provided for in the Order by _____ _____, 2022, the De Minimis Assets listed on Appendix A attached hereto will be sold free and clear of all liens, claims, encumbrances, or interests pursuant to, among other provisions, section 363 of title 11 of the United States Code, in accordance with the Order.

       **PLEASE TAKE FURTHER NOTICE** that, if an Objection is timely filed and served in accordance with the Order, the Debtors and the objecting party will use good faith efforts to resolve the Objection. If the Debtors and the objecting party are unable to consensually resolve the Objection, the Debtors shall not proceed with the sale of the De Minimis Assets that are the subject of the Objection pursuant to the Procedures, but may seek Court approval of the proposed transaction.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

Dated: [●], 2022
     New York, New York

By:  /s/ [DRAFT]            
        Eli J. Vonnegut

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile:  (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Eli J. Vonnegut
Christopher S. Robertson

*Counsel to the Debtors*
*and Debtors in Possession*

## APPENDIX A

| Asset(s) to be Sold | Name and Address of Purchaser | Proposed Purchase Price and Commissions to Third Parties | Location of Assets to be Sold | Location of Sale (if different than location of Assets) |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

## EXHIBIT C

**Notice of Abandonment**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PURDUE PHARMA L.P.**, *et al.*, | **Case No. 19-23649 (SHL)** |
| **Debtors.**[1] | **(Jointly Administered)** |

## NOTICE OF ABANDONMENT OF CERTAIN OF
## THE DEBTORS' DE MINIMIS ASSETS PURSUANT TO
## <u>SECTION 554(a) OF THE BANKRUPTCY CODE</u>

   **PLEASE TAKE NOTICE** that, on [_], 2022, the United States Bankruptcy Court for the Southern District of New York (the "**Court**") entered the attached order (the "**Order**") granting approval of certain procedures (the "**Procedures**") for (i) the sale of certain assets ("**De Minimis Assets**"), free and clear of all liens, claims and encumbrances (collectively, "**Liens**") and (ii) the abandonment of certain De Minimis Assets [ECF. No. [●]] in the chapter 11 cases of Purdue Pharma L.P. and its affiliates that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**")).

   **PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Order, unless a written objection ("**Objection**") is filed with the Court and served in the manner required by the Order by _____ _____, 2022, the De Minimis Assets listed on <u>Appendix A</u> attached hereto will be abandoned pursuant to, among other provisions, section 554(a) of title 11 of the United States Code, in accordance with the Order.

   **PLEASE TAKE FURTHER NOTICE** that, if an Objection is timely filed and served in accordance with the Order, the Debtors and the objecting party will use good faith efforts to resolve the Objection.  If the Debtors and the objecting party are unable to consensually resolve the Objection, the Debtors shall not proceed with the abandonment

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014).  The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

of the De Minimis Assets that are the subject of the Objection pursuant to the Procedures, but may seek Court approval of the proposed abandonment.

Dated: [●], 2022
      New York, New York

By:  /s/ [DRAFT]
      Eli J. Vonnegut

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile:  (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Eli J. Vonnegut
Christopher S. Robertson

*Counsel to the Debtors
and Debtors in Possession*

**APPENDIX A**

| Property to be Abandoned | Reason for Abandonment | Known Parties Asserting an Interest in Property Proposed to be Abandoned | Name and Address of Entity to Which Property is to be Abandoned | Location of Property to be Abandoned |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |