# **Exhibit 1**

# **Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| PURDUE PHARMA L.P., *et al.*, | Case No. 19-19-23649 (RDD) |
| Debtors. [5] | (Jointly Administered) |

### ORDER AUTHORIZING THE SECOND SUPPLEMENTAL RETENTION AND EMPLOYMENT OF GRANT THORNTON LLP BY THE DEBTORS FOR BUSINESS ADVISORY SERVICES EFFECTIVE SEPTEMBER 27, 2022

Upon the second supplemental application, dated October __, 2022 [ECF No. __] (the "**Second Supplemental Application**"),[6] of Purdue Pharma L.P. and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to section 327(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Bankruptcy Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), for entry of an order authorizing the Debtors to supplement the retention of Grant Thornton as consultant to the Debtors with respect to the Business Advisory Services, effective September 27, 2022, all as more fully set forth in the Second Supplemental Application; and upon the declaration of Raymond Werth, a tax partner of

---

[5] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P., Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014).  The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[6] Capitalized terms used but not defined in this Order shall have the meanings ascribed to them in the Second Supplemental Application.

Grant Thornton, attached to the Second Supplemental Application as **Exhibit 3** (the "**Third Supplemental Werth Declaration**"), and this Court having jurisdiction to consider the Second Supplemental Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Second Supplemental Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Second Supplemental Application having been provided to the Notice Parties, and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and the Court having considered the Initial Retention Application and all exhibits attached thereto, the First Supplemental Application and all exhibits attached thereto, and the Second Supplemental Application and all exhibits attached thereto, including the Third Supplemental Werth Declaration, and the Court having determined that the relief sought in the Second Supplemental Application is in the best interests of the Debtors, their creditors, and all parties in interest, and that the legal and factual bases set forth in the Second Supplemental Application establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

        **IT IS HEREBY ORDERED THAT**:

        1.     The Second Supplemental Application, including the BAS Agreements attached thereto, are approved as set forth herein.

        2.     The Debtors are authorized to supplement the retention and employment of Grant Thornton as business consultants to the Debtors with respect to the Business Advisory Services, effective September 27, 2022, and Grant Thornton is authorized to perform the Business Advisory Services described in the Second Supplemental Application and the BAS Agreements.

3. Grant Thornton shall file fee applications for allowance of its compensation and reimbursement of its expenses with respect to the Business Advisory Services rendered in these chapter 11 cases with this Court in accordance with 11 U.S.C. §§ 330 and 331, as the case may be, and the applicable Bankruptcy Rules, Local Rules, and fee and expense guidelines and orders of this Court.

4. Grant Thornton's reimbursable expenses may include the reasonable and necessary actual, documented out-of-pocket costs, fees, disbursements, and other charges of Grant Thornton's external legal counsel (without the need for such legal counsel to be retained as a professional in the chapter 11 cases); provided, that, if Grant Thornton seeks reimbursement from the Debtors for attorneys' fees and expenses pursuant to the BAS Agreements, the invoices and supporting time records for the attorneys' fees and expenses shall be included in Grant Thornton's own applications, both interim and final, and these invoices and time records shall be subject to the approval of the this Court pursuant to sections 330 and 331 of the Bankruptcy Code, but without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code, and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

5. Before implementing any increases in Grant Thornton's rates, as set forth in the BAS Agreements, for any individual retained by Grant Thornton and providing services in these cases, Grant Thornton shall file a supplemental declaration with the Court and provide ten business days' notice to the Debtors, the U.S. Trustee and any official committee. The supplemental declaration shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtors have consented to the rate increase(s). All parties in interest retain all rights to object to any rate increase on all grounds,

including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code.

6. Notwithstanding anything in the Second Supplemental Application or the BAS Agreements to the contrary, the indemnification provisions in the BAS Agreements are hereby modified and restated in their entirety as follows:

(a) All requests by Grant Thornton for payment of indemnity pursuant to the BAS Agreements shall be made by means of an application (interim or final as the case may be) and shall be subject to review by the Court to ensure payment of such indemnity conforms to the terms of the BAS Agreements and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought; provided, however, that in no event shall Grant Thornton be indemnified in the case of its own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence or willful misconduct; and

(b) In the event that Grant Thornton seeks reimbursement from the Debtors for reasonable attorneys' fees in connection with a request by Grant Thornton for payment of indemnity pursuant to the BAS Agreements, as modified by this Order, the invoices and supporting time records from such attorneys shall be included in Grant Thornton's own application (both interim and final) and such invoices and time records shall be subject to the approval of the Court under the standards of sections 330 and 331 of the Bankruptcy Code without regard to whether such attorney has been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

7. Notwithstanding anything in the Second Supplemental Application or the BAS Agreements to the contrary, the limitation of liability section in paragraph 3 of the "*Attachment A – STANDARD GRANT THORNTON LLP ENGAGEMENT TERMS*" to the engagement letter is deemed to be of no force or effect with respect to the services to be provided pursuant to this Order.

8. Notwithstanding anything in the Second Supplemental Application or the BAS Agreements to the contrary, if Grant Thornton terminates the engagement by giving written

notice to PPLP, Grant Thornton shall remain entitled to any fees accrued but not yet paid prior to such termination, subject to Court approval of (a) such termination, and (b) any fees accrued and not yet paid under the Fee Guidelines, the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of the Court.

9. The relief granted herein shall be binding upon any chapter 11 trustee appointed in any of these chapter 11 cases or upon any chapter 7 trustee appointed in the event of a subsequent conversion of any of the chapter 11 cases to cases under chapter 7.

10. Notice of the Second Supplemental Application as provided therein is good and sufficient notice of such Second Supplemental Application and the requirements of Bankruptcy Rule 6004(h) and the Local Rules are satisfied by such notice.

11. Notwithstanding any provision in the Bankruptcy Rules to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

12. The Debtors are authorized to take all reasonable actions necessary to effectuate the relief granted in this Order in accordance with the Second Supplemental Application.

13. In the event of any inconsistency between the Second Supplemental Application and this Order, the terms of this Order shall govern.

14. Notwithstanding anything in the Second Supplemental Application or the BAS Agreements to the contrary, during the pendency of these chapter 11 cases, this Court retains exclusive jurisdiction with respect to any matters, claims, rights or disputes arising out of and/or pertaining to Grant Thornton's engagement and the implementation of this Order until such jurisdiction is relinquished.

Dated: _____, 2022
        White Plains, New York

                                                                         THE HONORABLE SEAN H. LANE
                                                                         UNITED STATES BANKRUPTCY JUDGE