**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649** |
| Debtors.[1] | **(Jointly Administered)** |

**COVERSHEET TO FOURTH INTERIM FEE APPLICATION OF GRANT THORNTON LLP FOR ALLOWANCE OF: (I) COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FOR RETENTION AS CONSULTANTS TO DEBTORS FOR SERVICES RELATED TO THE PLAN FOR THE PERIOD MAY 1, 2022 TO AUGUST 31, 2022; AND (II) PAYMENTS FOR SERVICES PERFORMED IN THE ORDINARY COURSE OF DEBTORS' BUSINESS THROUGH AUGUST 31, 2022**

In accordance with Rule 2016-1 of the Local Rules of Bankruptcy Procedure, incorporating the *Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York Bankruptcy Cases* [General Order M-447], among other guidelines (the "**Local Guidelines**") and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals* [ECF No. 529] (the "**Interim Compensation Order**"), Grant Thornton LLP ("**Grant Thornton**"), as tax and valuation consultants for Purdue Pharma L.P. and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), submits this summary (this "**Summary**") of: (i) fees and expenses sought as actual and necessary in the fee application to which this Summary is attached (the "**Application**") for certain tax and valuation

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P., Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

services that Grant Thornton provided to the Debtors relating specifically to the Debtors' plan of reorganization and anticipated implementation thereof (as described in further detail in the Application, the "**Plan Services**") for the period of May 1, 2022 through August 31, 2022 (the "**Fee Period**"); and (ii) payments made to Grant Thornton on account of other tax related services provided to the Debtors by Grant Thornton in the ordinary course of the Debtors' business (as described in further detail in the Application, the "**OCB Tax Services**") that accrued during the Fee Period.

| *General Information* | |
|---|---|
| **Name of Applicant:** | Grant Thornton LLP |
| **Authorized to Provide Professional Services to:** | Debtors |
| **Dates of Orders Approving Retention for Plan Services:** | April 28, 2021 (*nunc pro tunc* to January 20, 2021) and September 28, 2021 (for supplemental services provided effective September 1, 2021) |

| *Summary of Fees and Expenses Requested for the Fee Period for Plan Services Provided by Grant Thornton per Retention Orders* | |
|---|---|
| **Time Period Covered for Plan Services for this Application:** | May 1, 2022 through August 31, 2022 |
| **Total Compensation Requested for Plan Related Services During Fee Period:** | $41,101.50 |
| **Total Expenses Requested During Fee Period:** | $19,200.20 |
| **Total Compensation and Expenses Requested During Fee Period:** | $60,301.70 |
| **Total Compensation and Expenses During Fee Period Previously Paid or Waiting Payment Through Prior Monthly Fee Statements ("MFS") (80% of Fees/100% Expenses):** | $52,081.40 |
| **20% Holdback That Remains to be Paid:** | $8,220.30 |

*Summary of Other Fees and Expenses Paid to Grant Thornton During the Fee Period for OCB Tax Services that Grant Thornton Provided to the Debtors in the Ordinary Course Business*

| | |
|---|---|
| **Time Period Covered for OCB Tax Services for this Application:** | May 1, 2022 through August 31, 2022 |
| **Total Compensation Related to OCB Tax Services for this Application:** | $39,899.80 |

*Summary of Past Requests for Compensation and Prior Payments for Prior Fee Period(s)*

| | |
|---|---|
| **Total Compensation Approved to Date for Plan Services: ECF No. 4237 ("First Interim Fee Order"), ECF No. 4716 ("Second Interim Fee Order"), and ECF No. 4927 ("Third Interim Fee Order") (collectively, the "Prior Fee Orders"):** | $891,909.30 |
| **Total Expenses Approved to Date by the Prior Fee Orders:** | $92,447.34 |
| **Total Compensation Approved to Date for OCB Tax Services by the Prior Fee Orders:** | $533,605.57 |
| **Total Allowed Compensation Paid to Date for Plan Services, Expenses and OCB Tax Services:** | $1,517,962.21 |

### Summary of Rates and Other Related Information for the Fee Period

| | |
|---|---|
| **Blended Rate in This Application for All Timekeepers:** | $497.00 |
| **Number of Professionals Included in This Application:** | 9 |
| **Difference Between Fees Budgeted and Compensation Sought for This Fee Period:** | N/A |
| **Number of Professionals Billing Fewer Than 15 Hours During This Fee Period:[2]** | 7 for this Fee Period, but only 2 of which have billed less than 15 hours during the entire project |
| **Increase in Rates Since Last Interim Fee Application:** | None |

This is a(n): _____ monthly   _x_ interim   ___ final application

---

[2] *See* discussion *infra* at ¶ 20 regarding Grant Thornton's use of specialized professionals to address discrete issues for Plan Services rendered to the Debtors in order to minimize fees incurred.  Moreover, when combined with hours spent over the entire project, Grant Thornton expects that the number of professionals billing less than 15 hours will be significantly less, which, as noted above, drops the total from 7 to only 2 here.

**Summary of Monthly Fee Statements for this Fee Period (5/1/22-8/31/22)**

| Period Covered | Monthly Fee Application Totals | | Total Monthly Amounts Requested | | Total Paid or to be Paid by 11/16/2022[3] | 20% Holdback Remaining To Be Paid |
|---|---|---|---|---|---|---|
| | Fees (100%) | Expenses (100%) | Fees (80%) | Expenses (100%) | | |
| 5/1/22 to 5/31/22 [ECF No. 4932] ("9th MFS") | $325.00 | $12,490.00 | $260.00 | $12,490.00 | $12,750.00 | $65.00 |
| 6/1/22 to 6/30/22 [ECF No. 5024] ("10th MFS") | $33,012.00 | $2,407.50 | $26,409.60 | $2,407.50 | $28,817.10 | $6,602.40 |
| 7/1/22 to 7/31/22 [ECF No. 5068] ("11th MFS") | $3,710.00 | $380.20 | $2,968.00 | $380.20 | $3,348.20 | $742.00 |
| 8/1/22 to 8/31/22 [ECF No. 5114] ("12th MFS") | $4054.50 | $3,922.50 | $3,243.60 | $3,922.50 | $7,166.10 | $810.90 |
| **TOTALS** | **$41,101.50** | **$19,200.20** | **$32,881.20** | **$19,200.20** | **$52,081.40** | **$8,220.30** |

**Summary of Payments Made for OCB Tax Services for this Fee Period**

| Applicable MFS | Amounts in MFS | Total Paid or To Be Paid Before 11/16/2022 |
|---|---|---|
| 9th MFS | $5,885.00 | $5,885.00 |
| 10th MFS | $12,276.40 | $12,276.40 |
| 11th MFS | $4,921.25 | $4,921.25 |
| 12th MFS | $16,817.15 | $16,817.15 |
| **TOTAL** | **$39,899.80** | **$39,899.80** |

---

[3] Grant Thornton filed its 12th MFS (for August services) on October 4, 2022. The deadlines to object to the 12th MFS is October 18, 2022. To the extent that there are no objections to the requested payments, Grant Thornton expects that the payments set forth therein will be made prior to the hearing on this Application. To the extent that Grant Thornton does not receive all payments on account of the 9th MFS, 10th MFS, 11th MFS or 12th MFS prior to the hearing on this Application, Grant Thornton reserves all rights to modify the anticipated payments disclosed herein and to request that such payments be made as part of this Application.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.,** *et al.*, | Case No. 19-23649 |
| Debtors. | (Jointly Administered) |

**FOURTH INTERIM FEE APPLICATION OF GRANT THORNTON LLP FOR:
(I) ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF
EXPENSES INCURRED FOR RETENTION AS CONSULTANTS TO
DEBTORS FOR SERVICES RELATED TO THE PLAN FOR THE PERIOD
MAY 1, 2022 TO AUGUST 31, 2022; AND (II) DISCLOSURE OF PAYMENTS FOR
SERVICES PERFORMED IN THE ORDINARY COURSE OF DEBTORS'
BUSINESS THROUGH AUGUST 31, 2022**

Pursuant to sections 327, 330 and 331 of chapter 11 of title 11 of the United States Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure, Rule 2016-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York, the *Order Authorizing the Retention and Employment of Grant Thornton LLP as Tax Restructuring Consultants for the Debtors Nunc Pro Tunc to January 20, 2021* [ECF No. 2760] (the "**Initial Retention Order**"), the *Order Authorizing the Supplemental Retention and Employment of Grant Thornton LLP by the Debtors for Tax Analysis and Valuation Services Effective September 1, 2021* [ECF No. 3831] (the "**Supplemental Retention Order**"),[4] and the Interim Compensation Order, Grant Thornton submits this *Fourth Interim Fee Application of Grant Thornton LLP for Allowance of: (I) Compensation and Reimbursement of Expenses Incurred for Retention as Consultants to Debtors for Services Related to the Plan for the Period May 1, 2022 through August 31, 2022; and (II) Payments for Services Performed in the Ordinary Course of Debtors' Business through August 31, 2022* (this "**Application**").

---

[4] Copies of the Initial Retention Order and the Supplemental Retention Order are attached hereto as **Exhibit B**.

By this Application, Grant Thornton seeks approval and allowance of its compensation and reimbursement of expenses for Plan Services rendered to the Debtors by Grant Thornton during the Fee Period in the total amount of $60,301.70, comprised of: (i) reasonable compensation in the amount of $41,101.50 for actual, necessary Plan Services that Grant Thornton incurred during the Fee Period; and (ii) reimbursement in the amount of $19,200.20 for actual, reasonable and necessary expenses incurred by Grant Thornton during the Fee Period.  Grant Thornton further seeks an order authorizing the Debtors to pay Grant Thornton the remaining 20% holdback from the monthly fee statements filed with the Court, which 20% holdback Grant Thornton estimates will be $8,220.30.

By this Application, Grant Thornton also seeks approval and allowance of compensation and expenses paid to Grant Thornton for tax related services provided to the Debtors in the ordinary course of the Debtors' business which, for the Fee Period, totals $39,899.80.  Because of Grant Thornton's retention in these bankruptcy cases by order entered April 28, 2021, out of an abundance of caution and for purposes of full disclosure, Grant Thornton is including in this Application (and has included in its 9th MFS, 10th MFS, 11th MFS and 12th MFS) the amounts accrued and paid to Grant Thornton in the ordinary course of business relating to the OCB Tax Services from May 1, 2022 through August 31, 2022.

## **JURISDICTION**

1.      The United States Bankruptcy Court for the Southern District of New York (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

### A.    The Chapter 11 Cases

3.      On September 15, 2019 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their business and managing their properties as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On September 18, 2019, the Court entered an order [ECF No. 59] authorizing the joint administration and procedural consolidation of the Debtors' chapter 11 cases pursuant to Bankruptcy Rule 1015(b).  No entity has requested the appointment of a trustee or examiner in these chapter 11 cases.  On September 27, 2019, the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed an official committee of unsecured creditors (the "**UCC**") pursuant to section 1102 of the Bankruptcy Code [ECF No. 131].

4.      A description of the Debtors' business, the reasons for commencing the chapter 11 cases, and the relief sought from the Court to facilitate effective administration of these chapter 11 cases are set forth in the Debtors' Informational Brief [ECF No.17].

5.      On November 21, 2019, the Court entered the Interim Compensation Order, which sets forth the procedures for interim compensation and reimbursement of expenses for all professionals in these cases.

### B.    The Debtors' Retention of Grant Thornton

#### 1.    *OCB Tax Services Provided by Grant Thornton in the Ordinary Course of the Debtors' Business*

6.      Prior to September 15, 2019 (the "**Petition Date**"), the Debtors engaged Grant Thornton to provide tax-related services pursuant to the terms and conditions of that certain master agreement, dated June 1, 2018 (the "**MSA**"), and other related statements of work executed in connection therewith.

7.      As previously disclosed in Grant Thornton's retention applications [ECF Nos. 2636 & 3761] and previous monthly fee statements [ECF Nos. 3738, 4019, 4345, 4416, 4623, 4743, 4773, 4932, 5024, 5068 & 5114], the Debtors retained Grant Thornton after the Petition Date to continue to provide certain tax-related services to assist the Debtors in the ordinary course of their business operations (the "**OCB Tax Services**"), which work consisted of the following services:

a.   Sales and Use Tax Compliance Services:  On August 11, 2020, the Debtors and Grant Thornton entered into that certain *Statement of Work for Sales and Use Tax Return Preparation Services*, pursuant to which Grant Thornton was retained to assist the Debtors with the generation of sales, use and other transactional tax returns by providing tax return compliance services.  That August 11, 2020 statement of work was subsequently replaced and superseded by that certain *Statement of Work for Sales and Use Tax Return Preparation Services*, dated March 2, 2021.

b.   2020 and 2021 Tax Preparation Services:  On December 7, 2020, the Debtors and Grant Thornton entered into that certain *Statement of Work for Tax Compliance Services*, pursuant to which Grant Thornton was retained to prepare the Debtors' federal and state tax returns, including extension calculations and estimated tax payments, for the 2020 taxable year.  On January 20, 2022, the Debtors and Grant Thornton entered into a new *Statement of Work for Tax Compliance Services*, pursuant to which Grant Thornton was retained to prepare the Debtors' federal and state tax returns, including extension calculations and estimated tax payments, for the 2021 taxable year.  On February 17, 2022, out of an abundance of caution and for purposes of full

disclosure, Grant Thornton filed with the Court the "*Second Supplemental Declaration of Raymond Werth Disclosing Debtors' Retention of Grant Thornton LLP in the Ordinary Course of Business to Provide Continued Tax Compliance Services for the 2021 Tax Year*" [ECF No. 4365].

c.   <u>Global Mobility Services</u>:   On June 18, 2020, the Debtors and Grant Thornton entered into that certain *Statement of Work for Global Mobility Services*, pursuant to which Grant Thornton was retained to provide tax compliance and consulting services for disclosures, review and execution related to United States and United Kingdom tax returns for the years 2015 through 2019. Such services included, among other things: (i) discovery of over-reporting of income; (ii) consultation on the approach to amendments; (iii) preparation of adjusted compensation figures for necessary years; (iv) preparation of tax equalization settlements for necessary years; (v) discussions on processes and filings with the Debtors and David Lundie; and (vi) assistance with responses to IRS and HMRC notices. On April 15, 2021, the Debtors and Grant Thornton entered into that certain *Statement of Work for GMS Compliance Services*, pursuant to which Grant Thornton's engagement to provide Global Mobility Services was extended to the 2020 and 2021 tax years.

8.    Because the OCB Tax Services were being provided in the ordinary course of the Debtors' business and were unrelated to the administration of the bankruptcy cases, Grant Thornton understood that it was not necessary for it to be retained in these bankruptcy cases and that payment on account of such OCB Tax Services would be paid consistent with past practices and in the ordinary course of the Debtors' ongoing business operations. Thus, prior to approval

of Grant Thornton's retention with respect to the Plan Services (as further described below), the OCB Tax Services, including the billing and payment process, were not subject to the Interim Compensation Order or other fee procedures applicable to professionals retained in these bankruptcy cases.

### 2.    *Plan Services For Which Grant Thornton Was Retained*

9.      In January 2021, the Debtors requested that Grant Thornton provide additional tax structuring services that directly related to the development of the Debtors' chapter 11 plan of reorganization in these bankruptcy cases (the "**Plan**").[5]  As a result of this requested expansion in the scope of work being provided, on or about January 20, 2021, Grant Thornton and the Debtors entered into that certain *Statement of Work for Tax Structuring Services* (the "**Tax Structuring Plan-Related SOW**").

10.     After Grant Thornton conducted an extensive conflict check to support its retention application, on April 13, 2021, the Debtors filed the *Application of Debtors for Authority to Retain and Employ Grant Thornton LLP as Tax Structuring Consultants to the Debtors Nunc Pro Tunc to January 20, 2021* [ECF No. 2636], and the Court entered the Initial Retention Order on April 28, 2021.

11.     In August 2021, the Debtors requested that Grant Thornton further expand the scope of its retention and provide additional services related to their Plan confirmation efforts. Specifically, the Debtors and Grant Thornton entered into the *Statement of Work for Advisory*

---

[5] These tax structuring services included: (a) assisting the Debtors' management in analyzing the income tax consequences to the Debtors with respect to transactions between the Debtors and the new entity ("**Newco**") anticipated to be created in the bankruptcy reorganization; (b) consulting with Debtors and its legal counsel regarding the federal and state income tax implications of transactions required by the Court (as proposed by the Debtors' legal counsel) effectuating the bankruptcy reorganization; (c) assisting the Debtors' management in determining the federal income tax basis in the assets of the Newco and its affiliates immediately following the bankruptcy reorganization; and (d) assisting in modeling future U.S. federal and state income tax cash tax liabilities for Newco following emergence from bankruptcy.

*Services*, dated August 25, 2021 (the "**Valuation Services Plan-Related SOW**"), pursuant to which Grant Thornton was retained, subject to Court approval, to provide valuation advisory service to the Debtors relating to the Plan and the formation of the Newco as provided therein. The Debtors and Grant Thornton also entered into the *Statement of Work for Employment Tax Services & State Corporate Income/Franchise Tax Nexus Analysis Services*, dated August 26, 2021 (the "**Employee Tax Analysis Plan-Related SOW**"), pursuant to which Grant Thornton was retained, subject to Court approval, to provide tax analysis for certain employment and other tax issues relating to the Plan and formation of the Newco as provided therein.

12.    On September 10, 2021, the Debtors filed the *Application of Debtors for Authority to Supplement Retention and Employment of Grant Thornton LLP for Tax Analysis and Valuation Services Effective September 1, 2021* [ECF No. 3761], and the Court entered the Supplemental Retention Order on September 28, 2021.

13.    Pursuant to the Initial Retention Order and the Supplemental Retention Order, compensation and reimbursement for the services provided under the Tax Structuring Plan-Related SOW, the Valuation Services Plan-Related SOW and the Employee Tax Analysis Plan-Related SOW (collectively, the "**Plan Services**") are subject to, and must be in compliance with, the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court for allowance of monthly, interim and final fee applications.

## COMPLIANCE WITH FEE GUIDELINES

14.    All Plan Services during the Fee Period for which compensation is requested by Grant Thornton were performed for or on behalf of the Debtors. Additionally, Grant Thornton has not received any payment or promises of payment from any source other than the Debtors for

services rendered or to be rendered in any capacity whatsoever in connection with matters covered by this Fee Application.

15.    These professional services were rendered by Grant Thornton staff.

16.    To the extent that billable time or disbursement charges for services rendered or expenses incurred relate to the Fee Period, but were not processed prior to the preparation of this Fee Application, Grant Thornton reserves the right to request  compensation for such services and reimbursement of such expenses in a future fee application.

17.    A certification confirming Grant Thornton's compliance with the Fee Guidelines is annexed hereto as **Exhibit A**.

## SUMMARY OF REQUESTED COMPENSATION

18.    During the Fee Period, Grant Thornton's professionals expended a total of **82.7 hours** in connection with providing necessary Plan Services.  Grant Thornton has been able to efficiently provide services by utilizing the expertise of professionals to effectively advise the Debtors regarding discrete issues and ensuring that the level of seniority is commensurate with the assignment.

19.     Grant Thornton has been retained to provide Plan Services to the Debtors that consist of three (3) separate projects for which Grant Thornton charges, all or in part, based on hourly rates: (i) Tax Structuring Services,[6] (ii) Employee Tax Services, and (iii) Valuation Services.  Each of these discrete projects requires distinct skills and experience, and thus, requires separate teams.

20.    Moreover, Grant Thornton is able to minimize the amount in fees it incurs by using highly specialized professionals knowledgeable in distinct areas of complex tax issues to address

---

[6] No Tax Structuring Services were performed by Grant Thornton during this Fee Period.

specific issues as they arise.  Grant Thornton anticipates that certain individuals providing services below 15 hours during the Fee Period will incur more than 15 hours over the total project.

21.    Grant Thornton, in connection with Plan Services rendered on behalf of the Debtors, respectfully requests allowance of reasonable compensation of such services in the total amount of $41,101.50 and reimbursement of actual and necessary expenses incurred in the amount of $19,200.20, for an aggregate total of $60,301.70 for the Fee Period.

22.    Because the Debtors have, or are expected to have, paid Grant Thornton $52,081.40 of the requested allowed amount pursuant to the Interim Compensation Order, Grant Thornton also seeks an order authorizing the Debtors to pay Grant Thornton the remaining 20% holdback from the monthly fee statements filed with the Court, which 20% holdback Grant Thornton estimates will be $8,220.30.

23.    Annexed hereto as **Exhibit C** is a list of Grant Thornton professionals and paraprofessionals, their position with the firm, the hourly rate charged for their services, the number of hours worked on this matter, and other pertinent information.  **Exhibit D** annexed hereto is a list of the various project billing categories and the total fees and total hours expended in each project billing category.

24.    **Exhibit E** attached hereto are the detailed records of the Plan Services provided by Grant Thornton for this Fee Period, organized by categories.  These detailed time records also were previously appended to Grant Thornton's 9th MFS, 10th MFS, 11th MFS and 12th MFS.

25.    Grant Thornton is engaged in ongoing discussions with the Debtors regarding budgeting and staffing issues. Annexed hereto as **Exhibit F** is Grant Thornton's staffing plan in connection with services rendered to the Debtors.

19-23649-shl    Doc 5130    Filed 10/12/22    Entered 10/12/22 15:53:00    Main Document
Pg 15 of 64


## SUMMARY OF SERVICES RENDERED

26.    During the Fee Period, Grant Thornton provided extensive and critical professional advice and other services, involving complex, novel issues involved in resolving the disparate interests of the diverse stakeholder groups in these chapter 11 cases.  The following is a summary of the significant services provided to the Debtors in each of the project billing categories.  The following summary of services rendered during the Fee Period is not intended to be a detailed description of the work performed.  Rather, it merely highlights certain billing project categories in which services were rendered by Grant Thornton, as well as identifies some of the issues Grant Thornton was required to address. Detailed descriptions of the day-to-day services provided by Grant Thornton and the time expended performing such services in each project billing category are attached hereto as **Exhibit E**.

| **Category for Valuation Services:** | | | |
|---|---|---|---|
| Fresh Start | 2.0 | $1,000.00 | This category included activities associated with valuation for fresh start accounting for financial reporting purposes. |
| Tax | 69.4 | $31,687.00 | This category included activities associated with modeling and valuation of legal entities for tax purposes. |
| **Categories for Employee Tax Services** | | | |
| Payroll Tax Support (Hourly Fees) | 11.3 | $8,414.50 | This category included activities associated with preparation of state and local payroll tax registration, weekly calls with the Purdue payroll team, update and closure forms, coordination with Ceridian, etc. |
| **TOTAL** | **82.7** | **$41,101.50** | |

27.    Grant Thornton respectfully submits that the Plan Services that it has rendered on behalf of the Debtors during the Fee Period were necessary and appropriate and have directly contributed to the effective administration of these cases, including the successful confirmation of the Plan.

## **ACTUAL AND NECESSARY EXPENSES**

28.     As set forth in **Exhibit G** hereto, Grant Thornton has incurred or disbursed $19,200.20 in expenses in providing professional services to the Debtors during the Fee Period. These expense amounts are intended to cover Grant Thornton's direct expenses which are not incorporated into the hourly billing rates.  Only clients for whom the services are actually used are separately charged for such services.

29.     Grant Thornton has made every effort to minimize its expenses in the chapter 11 cases. The actual expenses incurred in providing professional services to the Debtors were necessary, reasonable, and justified under the circumstances to serve the needs of the Debtors.

30.     In connection with Grant Thornton's retention in these bankruptcy cases, Grant Thornton utilized its own outside bankruptcy counsel to assist Grant Thornton with its retention and fee approval procedures.  Pursuant to the Initial Retention Order:

> "Grant Thornton's reimbursable expenses may include the reasonable and necessary actual, documented out-of-pocket costs, fees, disbursements, and other charges of Grant Thornton's external legal counsel (without the need for such legal counsel to be retained as a professional in the chapter 11 cases); provided, that, if Grant Thornton seeks reimbursement from the Debtors for attorneys' fees and expenses pursuant to the Engagement Agreement, the invoices and supporting time records for the attorneys' fees and expenses shall be included in Grant Thornton's own applications, both interim and final, and these invoices and time records shall be subject to the approval of the *[sic]* Court pursuant to sections 330 and 331 of the Bankruptcy Code, but without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code, and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code."

Initial Retention Order, ¶ 4.  In accordance with the Initial Retention Order, **Exhibit G** also includes the invoices and supporting time records for Grant Thornton's outside legal counsel that constitute the reasonable and necessary actual, documented out-of-pocket costs, fees, disbursements, and other charges incurred by Grant Thornton in connection with utilizing such external legal counsel.

## **GRANT THORNTON'S REQUESTED COMPENSATION SHOULD BE ALLOWED**

31.    Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code to govern the Court's award of such compensation.  Section 330 of the Bankruptcy Code provides that a court may award a professional compensation for actual necessary services rendered and reimbursement for actual, necessary expenses.  11 U.S.C. § 330(a) (1).  Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extent, and value of such services, taking into account all relevant factors, including-
>
> (a)   the time spent on such services;
>
> (b)   the rates charged for such services;
>
> (c)   whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (d)   whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
>
> (e)   whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

32.    The foregoing professional services were performed by Grant Thornton in an efficient manner, were necessary and appropriate to the administration of the chapter 11 cases, and were in the best interests of the Debtors, their estates, and other parties in interest. Compensation for the foregoing services as requested is commensurate with the complexity, importance, and nature of the problems, issues, and tasks involved.  As required by the U.S. Trustee guidelines, annexed hereto as **Exhibit H** is a chart setting forth the comparative rates of the professionals who

rendered services in these chapter 11 cases during the Fee Period with a corresponding comparison of the standard rates for Grant Thornton professionals not involved in these chapter 11 cases.

### DISCLOSURE AND ALLOWANCE OF COMPENSATION FOR OCB TAX SERVICES

33.    Attached as **Exhibit I** are invoices for the total amount of reasonable compensation for actual, necessary OCB Tax Services that Grant Thornton incurred covering the Fee Period. Copies of these invoices also were previously attached to the applicable MFS.  In light of Grant Thornton's retention in these bankruptcy cases by order entered April 28, 2021, out of an abundance of caution and for purposes of full disclosure, Grant Thornton is including the amounts paid to Grant Thornton on account of the OCB Tax Services during the Fee Period.

### NOTICE

34.    The Debtors will provide notice of this Application in accordance with the Interim Compensation Order.  Grant Thornton submits that no other or further notice be given.

**WHEREFORE**, Grant Thornton, in connection with services rendered on behalf of the Debtors, respectfully requests: (i) allowance of compensation and reimbursement of expenses for Plan Services rendered to the Debtors by Grant Thornton during the Fee Period in the total amount of $60,301.70, comprised of: (a) reasonable compensation in the amount of $41,101.50 for actual, necessary Plan Services that Grant Thornton incurred during the Fee Period, and (b) reimbursement in the amount of $19,200.20 for actual, reasonable and necessary expenses incurred by Grant Thornton during the Fee Period; (ii) an order authorizing the Debtors to pay Grant Thornton the remaining 20% holdback from the monthly fee statements filed with the Court, which 20% holdback Grant Thornton estimates will be $8,220.30; (iii) allowance of compensation and expenses paid to Grant Thornton for tax related services provided to the Debtors in the ordinary course of the Debtors' business which, during the Fee Period, totals $39,899.80; and (iv) such other and further relief as the Court deems appropriate.

October 11, 2022
New York, NY

GRANT THORNTON LLP

Raymond Werth
Partner, Grant Thornton LLP
757 Third Ave., 9th Floor
New York, NY 10017
Telephone: (212) 599-0100

## EXHIBIT A

**CERTIFICATION OF RAYMOND WERTH**

## <u>CERTIFICATION</u>

I, Raymond Werth, hereby certify as follows:

1.      I am a Partner of the firm of Grant Thornton LLP ("**Grant Thornton**").  I am duly authorized to execute this certification on behalf of Grant Thornton.

2.      I submit this certification in support of the *Fourth Interim Fee Application of Grant Thornton LLP for: (I) Allowance of Compensation and Reimbursement of Expenses Incurred for Retention as Consultants to Debtors for Services Related to the Plan for the Period May 1, 2022 through August 31, 2022; and (II) Disclosure of Payments for Services Performed in the Ordinary Course of Debtors' Business through August 31, 2022* (the "**Application**").  Capitalized terms used herein and not otherwise defined shall have the meanings set forth in the Application.

3.      I am familiar with the work performed on behalf of the Debtors as set forth in the Application.

4.      I have personally reviewed the information contained in the Application to certify to certain matters addressed in the Interim Compensation Order, Rule 2016-1 of the Local Rules of Bankruptcy Procedure, incorporating the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases* [General Order M-447, among other guidelines (the "**Local Guidelines**")], and the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (the "**UST Guidelines**," and together with the Local Guidelines, the "**Fee Guidelines**").

5.      To the best of my knowledge, information and belief formed after reasonable inquiry of Grant Thornton's accounting personnel and staff, I believe the contents of the Application to be true and correct in all material respects and that the Application materially complies with the mandatory guidelines set forth in the Fee Guidelines except as otherwise indicated in the Application.

6.      The following is my response, on behalf of Grant Thornton, to the questions identified in the UST Guidelines:

a. **Question**: Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms of services pertaining to this engagement that were provided during the application period? If so, please explain.

> **Answer**: Yes.  Grant Thornton agreed to reduce its standard hourly rates for the Plan Services, which discounts ranged from 25% to 55% depending on the services provided.  In addition, Grant Thornton's standard hourly tax rates were increased in August 2021 in the normal course of business, but Grant Thornton did not apply those customary rate increases to professionals working on matters in these cases.

b. **Question**: If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client?

> **Answer**: Grant Thornton has provided the Debtors with the actual amount of fees incurred on a monthly basis and engages in on-going discussions with the Debtors regarding fees and expenses generally, but did not prepare an itemized budget for the Fee Period.

c. **Question**: Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case?

> **Answer**: No.

d. **Question**: Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.) If so, please quantify by hours and fees.

> **Answer**: No.

e. **Question:** Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees.

> **Answer**: No.

f. **Question**: If the fee application includes any rate increases since retention: (i) did your client review and approve those rate increases in advance? (ii) Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11-458?

> **Answer**: Grant Thornton's standard hourly tax rates were increased in August 2021 in the normal course of business, but Grant Thornton did not apply those customary rate increases to professionals working on matters in these cases. One professional, Mr. Brian Angstadt, was promoted to Managing Director effective September 1, 2021, and as such, the hourly rate charged on and after September 1, 2021 for his time was reflective of this new position, which is the agreed upon, reduced rate for that level for this engagement.

October 11, 2022
New York, NY

**GRANT THORNTON LLP**

Raymond Werth
Partner, Grant Thornton LLP
757 Third Ave., 9th Floor
New York, NY 10017
Telephone:  (212) 599-0100

## EXHIBIT B

**INITIAL RETENTION ORDER AND THE SUPPLEMENTAL RETENTION ORDER**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.**, *et al.*, | Case No. 19-19-23649 (RDD) |
| Debtors. [1] | (Jointly Administered) |

### ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT
### OF GRANT THORNTON LLP AS TAX RESTRUCTURING CONSULTANTS
### FOR THE DEBTORS *NUNC PRO TUNC* TO JANUARY 20, 2021

Upon the application, by notice of presentment dated April 13, 2021 (the

"**Application**"),[2] of Purdue Pharma L.P. and its debtor affiliates, as debtors and debtors in

possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to

section 327(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Bankruptcy Rules

2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and

Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York

(the "**Local Rules**"), for entry of an order authorizing the Debtors to retain Grant Thornton as

consultant to the Debtors with respect to the Grant Thornton Services, effective *nunc pro tunc* to

January 20, 2021, all as more fully set forth in the Application; and upon the declaration of

Raymond Werth, a tax partner of Grant Thornton, attached to the Application as **Exhibit C**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P., Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Capitalized terms used but not defined in this Order shall have the meanings ascribed to them in the Application.

(the "**Werth Declaration**") and the declaration of Jon Lowne, attached to the Application as

**Exhibit D** (the "**Lowne Declaration**")**;** and this Court having jurisdiction to consider the

Application and the relief requested therein in accordance with 28 U.S.C. §§ 157)(a)-(b) and

1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska,

C.J.); and consideration of the Application and the relief requested therein being a core proceeding

pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C.

§§ 1408 and 1409; and there being due and sufficient notice of the Application and the opportunity

for a hearing thereon; and there being no objections to the requested relief; and no additional ntoce

or a hearing being required; and it appearing that Grant Thornton does not hold or represent and

adverse interest to the Debtors or the estates, that it is disinterested under section 101(14) of the

Bankruptcy Code, and that its retention to perform the Grant Thornton Services is necessary and

in the best interests of the estates; and good and sufficient cause appearing, it is hereby

**ORDERED THAT**:

1.      The Application is granted as set forth herein.

2.      The Debtors are authorized to retain Grant Thornton as tax restructuring

consultants to the Debtors with respect to the Grant Thornton Services, effective as of January 20,

2021, and Grant Thornton is authorized to perform the Grant Thornton Services described in the

Application and the Engagement Agreement.

3.      Grant Thornton shall file fee applications for allowance of its compensation

and reimbursement of its expenses with respect to services rendered in these chapter 11 cases with

this Court in accordance with 11 U.S.C. §§ 330 and 331, as the case may be, and the applicable

Bankruptcy Rules, Local Rules, and fee and expense guidelines and orders of this Court.

4.      Grant Thornton's reimbursable expenses may include the reasonable an

necessary actual, documented out-of-pocket costs, fees, disbursements, and other charges of Grant

Thornton's external legal counsel (without the need for such legal counsel to be retained as a

professional in the chapter 11 cases); provided, that, if Grant Thornton seeks reimbursement from

the Debtors for attorneys' fees and expenses pursuant to the Engagement Agreement, the invoices

and supporting time records for the attorneys' fees and expenses shall be included in Grant

Thornton's own applications, both interim and final, and these invoices and time records shall be

subject to the approval of the this Court pursuant to sections 330 and 331 of the Bankruptcy Code,

but without regard to whether such attorneys have been retained under section 327 of the

Bankruptcy Code, and without regard to whether such attorneys' services satisfy section

330(a)(3)(C) of the Bankruptcy Code.

5.      Grant Thornton shall provide reasonable notice to the Debtors, the U.S.

Trustee and any statutory committee appointed in these chapter 11 cases before implementing any

increases in the rates set forth in the Application for professionals providing the Grant Thornton

Services.

6.      The indemnification provisions in the Grant Thornton Engagement Letter,

including the MSA are hereby modified and restated in their entirety as follows:

(a)     All requests by Grant Thornton for payment of indemnity pursuant to the
        MSA shall be made by means of an application (interim or final as the case
        may be) and shall be subject to review by the Court to ensure payment of
        such indemnity conforms to the terms of the MSA and is reasonable based
        upon the circumstances of the litigation or settlement in respect of which
        indemnity is sought; provided, however, that in no event shall Grant
        Thornton be indemnified in the case of its own bad-faith, self-dealing,
        breach of fiduciary duty (if any), gross negligence or willful misconduct;

(b)     In the event that Grant Thornton seeks reimbursement from the Debtors for reasonable
        attorneys' fees in connection with a request by Grant Thornton for payment of indemnity
        pursuant to the MSA, as modified by this Order, the invoices and supporting time records
        from such attorneys shall be included in Grant Thornton's own application (both interim
        and final) and such invoices and time records shall be subject to the approval of the Court
        under the standards of sections 330 and 331 of the Bankruptcy Code without regard to
        whether such attorney has been retained under section 327 of the Bankruptcy Code and

3

without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code; and

7.    The limitation of liability section in paragraph 2 of the Attachment A to the MSA is deemed to be of no force or effect with respect to the services to be provided pursuant to this Order.

8.    Notwithstanding anything in the Application or the Engagement Agreement to the contrary, if Grant Thornton terminates this engagement by giving written notice to PPLP, Grant Thornton shall remain entitled to any fees accrued but not yet paid prior to such termination, subject to Court approval of (a) such termination and (b) any fees accrued and not yet paid under the Fee Guidelines, the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of the Court.

9.    Before implementing any increases in Grant Thornton's rates, as set forth in the Engagement Agreement, for any individual retained by Grant Thornton and providing services in these cases, Grant Thornton shall file a supplemental declaration with the Court and provide ten business days' notice to the Debtors, the United States Trustee and any official committee. The supplemental declaration shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtors have consented to the rate increase(s). All parties in interest retain all rights to object to any rate increase on all grounds, including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code.

10.    Notwithstanding anything in the Application or the Engagement Agreement to the contrary, during the pendency of these chapter 11 cases, this Court retains exclusive jurisdiction with respect to any matters, claims, rights or disputes arising out of and/or pertaining

4

to Grant Thornton's engagement and the implementation of this Order until such jurisdiction is relinquished.

11.    The relief granted herein shall be binding upon any chapter 11 trustee appointed in any of these Chapter 11 Cases or upon any chapter 7 trustee appointed in the event of a subsequent conversion of any of the Chapter 11 Cases to cases under chapter 7.

12.    Notice of the Application as provided therein is good and sufficient notice of such Application and the requirements of Bankruptcy Rule 6004(h) and the Local Rules are satisfied by such notice.

13.    Notwithstanding any provision in the Bankruptcy Rules to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

14.    The Debtors are authorized to take all reasonable actions necessary to effectuate the relief granted in this Order in accordance with the Application.

15.    In the event of any inconsistency between the Application, the Engagement Agreement and this Order, the terms of this Order shall govern.

16.    This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated:    April 28, 2021
          White Plains, New York


          _/s/Robert D. Drain_____
          THE HONORABLE ROBERT D. DRAIN
          UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-19-23649 (RDD)** |
| **Debtors.** [1] | **(Jointly Administered)** |

## ORDER AUTHORIZING THE SUPPLEMENTAL RETENTION AND EMPLOYMENT OF GRANT THORNTON LLP BY THE DEBTORS FOR TAX ANALYSIS AND VALUATION SERVICES EFFECTIVE SEPTEMBER 1, 2021

Upon the supplemental application, dated September 10, 2021 [ECF No. 3761] (the "**Supplemental Application**"),[2] of Purdue Pharma L.P. and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to section 327(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Bankruptcy Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), for entry of an order authorizing the Debtors to supplement the retention of Grant Thornton as consultant to the Debtors with respect to the Supplemental Services, effective September 1, 2021, all as more fully set forth in the Supplemental Application; and upon the declaration of Raymond Werth, a tax partner of Grant

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P., Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Capitalized terms used but not defined in this Order shall have the meanings ascribed to them in the Supplemental Application.

Thornton, attached to the Supplemental Application as **Exhibit 2** (the "**First Supplemental Werth Declaration**"), and this Court having jurisdiction to consider the Supplemental Application and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Supplemental Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Supplemental Application having been provided to the Notice Parties, and such notice having been adequate and appropriate under the circumstances; and there being no objections to the Supplemental Application; it appearing that no other or further notice or a hearing is required; and the Court having considered the Initial Retention Application and all exhibits attached thereto, the First Supplemental Werth Declaration filed with the Supplemental Application; and the Court having determined Grant Thornton does not hold or represent an adverse interest to the Debtors or their estates, that it is disinterested under 11 U.S.C. § 101(14), and that the relief sought in the Supplemental Application is necessary and in the best interests of the Debtors, their creditors, and all parties in interest, and that the legal and factual bases set forth in the Supplemental Application establish just cause for the relief granted herein;  now, therefore,

**IT IS HEREBY ORDERED THAT**:

1.      The Supplemental Application is granted as set forth herein.

2.      The Debtors are authorized to supplement the retention and employment of Grant Thornton as valuation and tax analysis consultants to the Debtors with respect to the Supplemental Services, effective September 1, 2021, and Grant Thornton is authorized to perform the Supplemental Services described in the Supplemental Application and the Supplemental SOWs.

3.      Grant Thornton shall file fee applications for allowance of its compensation and reimbursement of its expenses with respect to Supplemental Services rendered in these chapter 11 cases with this Court in accordance with 11 U.S.C. §§ 330 and 331, as the case may be, and the applicable Bankruptcy Rules, Local Rules, and fee and expense guidelines and orders of this Court and during these cases shall be compensated and reimbursed for such Services only upon an order of this Court granting a proper application therefor.

4.      Notwithstanding the entry of this Order, the terms and conditions of the Initial Retention Order and all related agreements approved thereunder shall remain in full force and effect and shall apply to the Supplemental Services except as otherwise expressly set forth herein.

5.      The relief granted herein shall be binding upon any chapter 11 trustee appointed in any of these chapter 11 cases or upon any chapter 7 trustee appointed in the event of a subsequent conversion of any of the chapter 11 cases to cases under chapter 7.

6.      Notice of the Supplemental Application as provided therein is good and sufficient notice of such Supplemental Application and the requirements of Bankruptcy Rule 6004(h) and the Local Rules are satisfied by such notice.

7.      Notwithstanding any provision in the Bankruptcy Rules to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

8.      The Debtors are authorized to take all reasonable actions necessary to effectuate the relief granted in this Order in accordance with the Supplemental Application.

9.      In the event of any inconsistency between the Supplemental Application or the Supplemental SOWs and this Order, the terms of this Order, including this Order's incorporation of sections 330 and 331 of the Bankruptcy Code, shall govern.

10.     This Court shall retain jurisdiction to hear and determine all matters arising

from or related to the implementation, interpretation, and enforcement of this Order.


Dated:    September 27, 2021
          White Plains, New York


                              */s/Robert D. Drain*
                              _____
                              THE HONORABLE ROBERT D. DRAIN
                              UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT C**

**SUMMARY OF HOURS BILLED FOR PLAN SERVICES BY PROFESSIONAL**
**(for Hourly Rate Services)**

| Name | Title | Hourly Rate | Total Hours Billed | Total Compensation | Total Combined Hours Billed To Date |
|------|-------|-------------|--------------------|--------------------|-------------------------------------|
| Arazi, Albert | Senior Manager | $650.00 | 2.0 | $1,300.00 | 5.7 |
| Arnett, Allen | Managing Director | $720.00 | 4.1 | $2,952.00 | 32.7 |
| Bellovin, Hal | Managing Director | $765.00 | 9.3 | $7,114.50 | 71.75 |
| Cho, Sylvia | Principal | $720.00 | 1.7 | $1,224.00 | 58.95 |
| Garg, Ritwik | Associate | $270.00 | 12 | $3,240.00 | 14.4 |
| Koester, Jill | Associate | $270.00 | 4.3 | $1,161.00 | 65.4 |
| Kohnle, Anka | Manager | $500.00 | 28.4 | $14,200.00 | 132.9 |
| Miller, Alli | Senior Associate | $400.00 | 5.4 | $2,160.00 | 194.3 |
| Sanders, Matthew | Manager | $500.00 | 15.5 | $7,750.00 | 242.65 |
| **TOTAL** | | | **82.7** | **$41,101.50** | |

## EXHIBIT D

### SUMMARY OF PLAN SERVICES BY CATEGORY
#### (For Fee Period May 1, 2022 through August 31, 2022)

| Project Category for Valuation Services | Total Hours | Total Fees |
|---|---|---|
| Fresh Start | 2.0 | $1,000.00 |
| Tax | 69.4 | $31,687.00 |
| **Total** | **71.4** | **$32,687.00** |

| Project Category for Employee Tax Services | Total Hours | Total Fees |
|---|---|---|
| Payroll Tax Support (Hourly Fees) | 11.3 | $8,414.50 |
| **Total** | **11.3** | **$8,414.50** |

| TOTALS BY PROJECT | Total Hours | Total Fees |
|---|---|---|
| Totals for Valuation Services | 71.4 | $32,687.00 |
| Totals for Employee Tax Services | 11.3 | $8,414.50 |
| **Total** | **82.7** | **$41,101.50** |

## EXHIBIT E

## DETAILED TIME ENTRIES FOR PLAN SERVICES BY CATEGORY

*Valuation Services: Fresh Start*

| Employee Name | Title | Date of Service | Hours Charged | Hourly Rate | Total Compensation | Detailed Description |
|---|---|---|---|---|---|---|
| Sanders, Matthew | Manager | 6/1/2022 | 0.8 | $500.00 | $400.00 | Review cash applications and billings to date to reconcile payments received with fees billed through May 2022. |
| Kohnle, Ann-Katrin | Manager | 6/22/2022 | 1.2 | $500.00 | $600.00 | Updated the summary schedule with consolidation of legal entity values to the overall consolidated enterprise value based on internal feedback to prepare client deliverable version of schedules. |
| **TOTAL** | | | **2.00** | | **$1,000.00** | |

*Valuation Services: Tax*

| Employee Name | Title | Date of Service | Hours Charged | Hourly Rate | Total Compensation | Detailed Description |
|---|---|---|---|---|---|---|
| Kohnle, Ann-Katrin | Manager | 6/2/2022 | 0.6 | $500.00 | $300.00 | Reviewed updated balance sheets and other data provided by Purdue management to determine next steps in preparing the preliminary legal entity valuation draft schedules. |
| Sanders, Matthew | Manager | 6/2/2022 | 0.6 | $500.00 | $300.00 | Analyzed the revised balance sheet by legal entity to assess additional follow items needed in connection with the legal tax entity valuations. |
| Arnett, Allen | Managing Director | 6/8/2022 | 0.6 | $720.00 | $432.00 | Evaluated the implications of the eliminating entities included in the consolidating balance sheet and the correct mapping to the legal entities being valued. |
| Sanders, Matthew | Manager | 6/8/2022 | 0.5 | $500.00 | $250.00 | Evaluated the status of the legal entity tax valuation models to determine outstanding data items need in order to prepare draft value indication. |
| Kohnle, Ann-Katrin | Manager | 6/9/2022 | 0.5 | $500.00 | $250.00 | External call with Purdue (E. Nowakowski) to discuss the updated December 31, 2021 consolidating balance sheet provided to understanding the eliminating entities for consolidation (GT: A. Kohnle). |
| Arnett, Allen | Managing Director | 6/10/2022 | 0.6 | $720.00 | $432.00 | Assessed the status of the individual tax entity valuation models to determine reasonable expectation of delivering draft schedules to the Purdue management. |
| Koester, Jillian | Associate | 6/10/2022 | 2.1 | $270.00 | $567.00 | Updated the legal entity and consolidated valuation models to reflect a valuation date of December 31, 2021 based on feedback from Purdue management. |

| Employee Name | Title | Date of Service | Hours Charged | Hourly Rate | Total Compensation | Detailed Description |
|---|---|---|---|---|---|---|
| Sanders, Matthew | Manager | 6/10/2022 | 0.7 | $500.00 | $350.00 | Analyzed updated consolidating balance sheets provided by management to determine potential impact on the legal entity valuations and the proper allocation of the eliminating items to the legal entities. |
| Kohnle, Ann-Katrin | Manager | 6/13/2022 | 2.8 | $500.00 | $1,400.00 | Evaluated the status of the valuation models for all six legal entities to determine inputs and assumptions that require further analysis and confirmation with Purdue management. |
| Kohnle, Ann-Katrin | Manager | 6/13/2022 | 0.8 | $500.00 | $1,150.00 | Created file for internal distribution documenting action items to be completed within each of the legal entity valuation models in order to refine the valuation conclusions based on the additional data and feedback provided by Purdue management. |
| Arnett, Allen | Managing Director | 6/14/2022 | 2.3 | $500.00 | $432.00 | Call to discuss the status of the legal tax entity valuations with Purdue (T. Ronan, E. Nowakowski) E&Y (N. Corominas, H. Heap) and GT(M. Sanders). |
| Koester, Jillian | Associate | 6/14/2022 | 0.6 | $720.00 | $594.00 | Updated the consolidated valuation model and consolidating legal entity valuation schedules to reflect the revised 12/31/202 consolidating balance sheet provided by Purdue Management. |
| Kohnle, Ann-Katrin | Manager | 6/14/2022 | 2.2 | $270.00 | $1,250.00 | Assessed the impact to the valuation conclusions for each of the legal entities based on implementation of revised assumptions for certain inputs. |
| Miller, Allison | Senior Associate | 6/14/2022 | 2.5 | $500.00 | $1,040.00 | Updated the legal entity and consolidated valuation models for PPLP, Rhodes and Imbrium entities to reflect a valuation date |

| Employee Name | Title | Date of Service | Hours Charged | Hourly Rate | Total Compensation | Detailed Description |
|---|---|---|---|---|---|---|
| | | | | | | of December 31, 2021 based on feedback from Purdue management. |
| Miller, Allison | Senior Associate | 6/14/2022 | 2.6 | $400.00 | $1,120.00 | Updated the consolidated valuation model and consolidating legal entity valuation schedules for Wilson, Avrio and Transdermal to reflect the revised 12/31/202 consolidating balance sheet provided by Purdue Management. |
| Sanders, Matthew | Manager | 6/14/2022 | 2.8 | $400.00 | $300.00 | Call to discuss the status of the legal tax entity valuations with Purdue (T. Ronan, E. Nowakowski) E&Y (N. Corominas, H. Heap) and GT(A. Arnett). |
| Sanders, Matthew | Manager | 6/14/2022 | 0.6 | $500.00 | $700.00 | Evaluated the status of the legal tax entity models and impact of implementing the revised 12/31/2021 consolidating balance sheet provided by Purdue management. |
| Kohnle, Ann-Katrin | Manager | 6/16/2022 | 1.4 | $500.00 | $900.00 | Analyzed the consolidation of the individual legal entity valuations compared to the overall consolidated entity valuation. |
| Kohnle, Ann-Katrin | Manager | 6/16/2022 | 1.8 | $500.00 | $1,100.00 | Evaluated the summary of values by legal entity compared to the consolidated and intangible asset valuation conclusions to determine what is driving differences and reconciling items within the consolidation. |
| Sanders, Matthew | Manager | 6/16/2022 | 2.2 | $500.00 | $1,400.00 | Assessed the discrepancies in total value when adding the sum of the parts for the legal entity valuations with the consolidated fresh start enterprise value to determine what is driving the differences upon consolidation. |

| Employee Name | Title | Date of Service | Hours Charged | Hourly Rate | Total Compensation | Detailed Description |
|---|---|---|---|---|---|---|
| Arnett, Allen | Managing Director | 6/17/2022 | 2.8 | $500.00 | $360.00 | Discussion with Purdue management (T. Ronan, J. Lowne, E. Nowakowski) regarding the valuation of certain legal entities including preliminary values and key assumptions and drivers with GT team (S. Cho, A. Kohnle, M. Sanders). |
| Arnett, Allen | Managing Director | 6/17/2022 | 0.3 | $720.00 | $216.00 | Reviewed and analyzed the drivers and assumptions in the legal entity valuation models related to the Wilson, and Avrio legal entities. |
| Cho, Sylvia | Principal | 6/17/2022 | 0.5 | $720.00 | $360.00 | Discussion with Purdue management (T. Ronan, J. Lowne, E. Nowakowski) regarding the valuation of certain legal entities including preliminary values and key assumptions and drivers with GT team (A. Arnett, A. Kohnle, M. Sanders). |
| Kohnle, Ann-Katrin | Manager | 6/17/2022 | 0.5 | $500.00 | $250.00 | Discussion with Purdue management (T. Ronan, J. Lowne, E. Nowakowski) regarding the valuation of certain legal entities including preliminary values and key assumptions and drivers with GT team (A. Arnett, S. Cho, M. Sanders). |
| Kohnle, Ann-Katrin | Manager | 6/17/2022 | 2.8 | $500.00 | $1,400.00 | Updated the legal entity valuation models based on the feedback comments from internal quality control review. |
| Sanders, Matthew | Manager | 6/17/2022 | 1.1 | $500.00 | $550.00 | Refined the legal entity valuation models related to Rhodes and Transdermal entities based on the feedback from Purdue management. |
| Sanders, Matthew | Manager | 6/17/2022 | 0.5 | $500.00 | $250.00 | Discussion with Purdue management (T. Ronan, J. Lowne, E. Nowakowski) |

| Employee Name | Title | Date of Service | Hours Charged | Hourly Rate | Total Compensation | Detailed Description |
|---|---|---|---|---|---|---|
| | | | | | | regarding the valuation of certain legal entities including preliminary values and key assumptions and drivers with GT team (A. Arnett, S. Cho, A. Kohnle). |
| Kohnle, Ann-Katrin | Manager | 6/20/2022 | 2.8 | $500.00 | $1,400.00 | Updated the legal tax entity models for PPLP, Imbrium, and Transdermal tax valuations based on feedback and additional balance sheet data provided by Purdue management. |
| Kohnle, Ann-Katrin | Manager | 6/20/2022 | 2.5 | $500.00 | $1,250.00 | Updated the legal tax entity models for Rhodes, Avrio, and Wilson tax valuations based on feedback and additional balance sheet data provided by Purdue management. |
| Arnett, Allen | Managing Director | 6/21/2022 | 0.5 | $720.00 | $360.00 | Reviewed and analyzed the drivers and assumptions in the legal entity valuation models related to the Rhodes, PPLP, and Transdermal legal entities. |
| Cho, Sylvia | Principal | 6/21/2022 | 0.7 | $720.00 | $504.00 | Reviewed and analyzed drivers and assumptions related to the Rhodes, PPLP, and Transdermal legal entities. |
| Kohnle, Ann-Katrin | Manager | 6/21/2022 | 1.7 | $500.00 | $850.00 | Refined the legal entity valuation models related to Rhodes and Transdermal entities based on the feedback from Purdue management. |
| Kohnle, Ann-Katrin | Manager | 6/21/2022 | 0.6 | $500.00 | $300.00 | Assessed next steps to communicate with Purdue management that are required in order to deliver full set of legal entity valuation draft schedules. |
| Sanders, Matthew | Manager | 6/21/2022 | 0.5 | $500.00 | $250.00 | Reviewed the updated summary schedule with consolidation of legal entity values to the overall consolidated enterprise value based on internal feedback to prepare client deliverable version of schedules. |

| Employee Name | Title | Date of Service | Hours Charged | Hourly Rate | Total Compensation | Detailed Description |
|---|---|---|---|---|---|---|
| Arnett, Allen | Managing Director | 6/22/2022 | 1 | $720.00 | $720.00 | Call with Purdue - Rhodes management (D. Fogel) to discuss the forecast for the Rhodes legal entity and the drivers behind the projected growth and profitability to assess if the preliminary value conclusions is reasonable GT( M. Sanders and A. Kohnle). |
| Garg, Ritwik | Associate | 6/22/2022 | 1.4 | $270.00 | $378.00 | Evaluated the integrity of the Wilson legal entity valuation model for independent quality control procedures to ensure mathematical accuracy of logic check for the valuation conclusion. |
| Garg, Ritwik | Associate | 6/22/2022 | 2.2 | $270.00 | $594.00 | Evaluated the integrity of the Avrio legal entity valuation model for independent quality control procedures to ensure mathematical accuracy of logic check for the valuation conclusion. |
| Garg, Ritwik | Associate | 6/22/2022 | 1.8 | $270.00 | $486.00 | Evaluated the integrity of the Imbrium legal entity valuation model for independent quality control procedures to ensure mathematical accuracy of logic check for the valuation conclusion. |
| Kohnle, Ann-Katrin | Manager | 6/22/2022 | 1 | $500.00 | $500.00 | Call with Purdue - Rhodes management (D. Fogel) to discuss the forecast for the Rhodes legal entity and the drivers behind the projected growth and profitability to assess if the preliminary value conclusions is reasonable GT( M. Sanders and A. Arnett). |
| Sanders, Matthew | Manager | 6/22/2022 | 1 | $500.00 | $500.00 | Call with Purdue - Rhodes management (D. Fogel) to discuss the forecast for the Rhodes legal entity and the drivers behind the projected |

| Employee Name | Title | Date of Service | Hours Charged | Hourly Rate | Total Compensation | Detailed Description |
|---|---|---|---|---|---|---|
| | | | | | | growth and profitability to assess if the preliminary value conclusions is reasonable GT( A. Kohnle and A. Arnett). |
| Garg, Ritwik | Associate | 6/23/2022 | 2.4 | $270.00 | $648.00 | Evaluated the integrity of the PPLP legal entity valuation model for independent quality control procedures to ensure mathematical accuracy of logic check for the valuation conclusion. |
| Garg, Ritwik | Associate | 6/23/2022 | 1.9 | $270.00 | $513.00 | Evaluated the integrity of the Transdermal legal entity valuation model for independent quality control procedures to ensure mathematical accuracy of logic check for the valuation conclusion. |
| Garg, Ritwik | Associate | 6/23/2022 | 2.3 | $270.00 | $621.00 | Evaluated the integrity of the Rhodes legal entity valuation model for independent quality control procedures to ensure mathematical accuracy of logic check for the valuation conclusion. |
| Sanders, Matthew | Manager | 6/27/2022 | 0.8 | $500.00 | $400.00 | Reviewed the draft schedules for the legal entity valuation analysis to assess the reasonableness of the concluded values. |
| Kohnle, Ann-Katrin | Manager | 6/28/2022 | 1 | $500.00 | $500.00 | External call with Purdue management (T. Ronan, E. Nowakowski, and K. Darragh) to discuss the preliminary value indications for the PPLP and Transdermal legal entities to assess reasonableness of the concluded values and key assumptions embedded in the forecast financials driving the value conclusions (GT: M. Sanders) |
| Sanders, Matthew | Manager | 6/28/2022 | 1 | $500.00 | $500.00 | External call with Purdue management (T. Ronan, E. |

| Employee Name | Title | Date of Service | Hours Charged | Hourly Rate | Total Compensation | Detailed Description |
|---|---|---|---|---|---|---|
| | | | | | | Nowakowski, and K. Darragh) to discuss the preliminary value indications for the PPLP and Transdermal legal entities to assess reasonableness of the concluded values and key assumptions embedded in the forecast financials driving the value conclusions (GT: A. Kohnle) |
| Sanders, Matthew | Manager | 6/28/2022 | 1.8 | $500.00 | $900.00 | Evaluated the impact of implementing revisions based comments from the call with Purdue management related to Transdermal and PPLP legal entities. |
| Cho, Sylvia | Principal | 6/29/2022 | 0.5 | $720.00 | $360.00 | Reviewed the estimated enterprise value for certain legal entities including Rhodes and PPLP. |
| Kohnle, Ann-Katrin | Manager | 6/29/2022 | 1.6 | $500.00 | $800.00 | Created footnotes and updated formatting for the consolidated valuation summary schedule to be consistent with the rest of the deliverables provided to Purdue management for review. |
| Sanders, Matthew | Manager | 6/29/2022 | 1.4 | $500.00 | $700.00 | Assess the full package of preliminary tax valuation deliverables to determine what outstanding items remain to provide the Purdue for initial draft tax valuation entities. |
| **TOTAL** | | | **69.4** | | **$31,687.00** | |

## *Employee Tax Services:  Payroll Tax Support (Hourly Fees)*

| Employee Name | Title | Date of Service | Hours Charged | Hourly Rate | Total Compensation | Detailed Narrative |
|---|---|---|---|---|---|---|
| Arazi, Albert | Senior Manager | 5/9/2022 | 0.50 | $650.00 | $325.00 | Conference call to discuss employment tax questions |
| Arazi, Albert | Senior Manager | 6/23/2022 | 0.50 | $650.00 | $325.00 | Conference call to discuss F-1 Visa FICA issue |
| Bellovin, Hal | Managing Director | 7/11/2022 | 2.00 | $765.00 | $1,530.00 | Various phone calls with Purdue team to discuss registration forms |
| Arazi, Albert | Senior Manager | 7/18/2022 | 1.00 | $650.00 | $650.00 | Assistance with Company Owned Vehicle payroll questions |
| Bellovin, Hal | Managing Director | 7/27/2022 | 2.00 | $765.00 | $1,530.00 | Review of summary matrix for registration forms and discussion on next steps for emergence |
| Bellovin, Hal | Managing Director | 8/1/2022 | 1.00 | $765.00 | $765.00 | Various phone calls with Purdue team to discuss registration forms and next steps for emergence |
| Bellovin, Hal | Managing Director | 8/9/2022 | 1.00 | $765.00 | $765.00 | Various phone calls with Purdue team to discuss registration forms and next steps for emergence |
| Bellovin, Hal | Managing Director | 8/15/2022 | 1.00 | $765.00 | $765.00 | Various phone calls with Purdue team to discuss registration forms and next steps for emergence |
| Bellovin, Hal | Managing Director | 8/22/2022 | 1.00 | $765.00 | $765.00 | Various phone calls with Purdue team to discuss registration forms and next steps for emergence |
| Bellovin, Hal | Managing Director | 8/29/2022 | 1.30 | $765.00 | $994.50 | Various phone calls with Purdue team to discuss registration forms and next steps for emergence |
| **TOTAL** | | | **11.3** | | **$8,414.50** | |

## **EXHIBIT F**

## **STAFFING PLAN**

Grant Thornton discussed consultant staffing with the Debtors throughout the cases and has supplemented and adjusted its team as necessary to meet the needs of the Debtors under the changing circumstances of these cases.

## EXHIBIT G

**SUMMARY OF OUT OF POCKET EXPENSES AND SUPPORTING INVOICES**

| CATEGORY | AMOUNT |
|---|---|
| External Legal Counsel (See Attached Supporting Invoices)* | $19,200.20 |
| **TOTAL** | **$19,200.20** |



Sklar Kirsh, LLP
1880 Century Park East, Suite 300
Los Angeles, CA 90067
(310) 845-6416 MAIN
accounting@sklarkirsh.com
Tax I.D. 37-1711630

Grant Thornton, LLP
Attn: Chris Stathopoulos
171 N. Clark Street, Suite 200
Chicago, IL  60601
chris.stathopoulos@us.gt.com; Liz.Piechnik@us.gt.com

June 17, 2022

Invoice #50397

Due Upon Receipt

For Professional Services Rendered Through May 31, 2022

---

Matter: Purdue Pharma - Legal Services

| Date | Initials | Description | Hours | Rate | Amount |
|------|----------|-------------|-------|------|--------|
| 05/04/2022 | ASB | Prepared draft of 7th Monthly Fee Statement. | 2.20 | $350.00 | $770.00 |
| | KKF | Reviewed emails with information for preparation of 7th MFS. | 0.30 | $625.00 | $187.50 |
| 05/05/2022 | ASB | Finalized 7th Monthly Fee Application for filing. | 2.80 | $350.00 | $980.00 |
| | KKF | Revised 7th MFS (0.7).  Exchanged correspondence with A. Bender re: revisions and missing information for 7th MFS (0.2). Exchanged correspondence with Grant Thornton team re: revisions and missing information for 7th MFS (0.3). | 1.20 | $625.00 | $750.00 |
| 05/06/2022 | KKF | Exchanged correspondence with C. Robertson, M. Giddens and D. Consla re: filing 7th MFS (0.3). Reviewed docket for notice on next interim fee application (0.3).  Exchanged correspondence with C. Robertson re: next interim fee application hearing deadline and procedures (0.2).  Exchanged correspondence with R. Werth re: next interim fee application hearing deadline and procedures (0.2). | 1.00 | $625.00 | $625.00 |
| 05/09/2022 | ASB | Drafted Third Interim Fee Application. | 0.60 | $350.00 | $210.00 |
| | KKF | Drafted emails to C. McDonald, P. Schwartzberger and T. Nobis re: 7th MFS and related LEDES (0.2).  Exchanged correspondence with B. Angstadt and R. Werth re: payment on second interim fee application and strategy and options for filing 3rd interim fee application (0.4).  Telephone conference with D. Consla re: third interim fee application options (0.1). | 0.70 | $625.00 | $437.50 |
| 05/10/2022 | ASB | Prepared draft of 3rd Interim Fee Application. | 2.00 | $350.00 | $700.00 |
| | KKF | Reviewed materials received for completing 8th MFS and 3rd interim fee application and forward same to A. Bender with instructions. | 0.20 | $625.00 | $125.00 |
| 05/11/2022 | ASB | Continued to prepare draft of 3rd Interim Fee Application. | 4.30 | $350.00 | $1,505.00 |
| | KKF | Reviewed and forwarded to A. Bender with instructions re: additional information for 8th MFS and 3rd interim fee application (0.2).  Sent email to S. Cho, H. Bellovin, R. Werth and B. Angstadt re: missing information still needed for fee applications (0.1). | 0.30 | $625.00 | $187.50 |

Grant Thornton LLP
June 17, 2022
Invoice # 50397

| Date | Initials | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 05/12/2022 | ASB | Continued to draft and update the Third Interim Fee Application. | 3.90 | $350.00 | $1,365.00 |
| | ASB | Reviewed and finalized 8th Monthly Fee Application. | 0.80 | $350.00 | $280.00 |
| | KKF | Revised 8th MFS (0.3).  Drafted email to R. Werth and B. Angstadt re: 8th MFS and needed signatures (0.1).  Exchanged correspondence with M. Giddens at Davis Polk re: coordination of filing and serving 8th MFS (0.2).  Responded to inquiry from A. Bender re: calculating amounts approved and paid per agreed to reduction for 3rd interim fee application (0.2). Telephone conference with D. Consla re: filing requirement for 3rd interim fee application (0.1). | 0.90 | $625.00 | $562.50 |
| 05/13/2022 | ASB | Finalized 3rd Interim Fee Application with updated exhibits and certifications. | 1.80 | $350.00 | $630.00 |
| | KKF | Drafted emails to P. Schartzberger, T. Nobis and C. McDonald re: 8th MFS (0.1).  Revised 3rd interim fee application and related exhibits (3.0). Drafted email to B. Angstadt and R. Werth re: questions for open issues on 3rd interim fee applications (0.3).  Drafted email to D. Consla and M. Giddens re: draft of 3rd interim fee application for filing (0.1). | 3.50 | $625.00 | $2,187.50 |
| 05/16/2022 | ASB | Prepared 3rd Interim Fee Application for filing. | 0.50 | $350.00 | $175.00 |
| | KKF | Exchanged correspondence with R. Werth and B. Angstadt re: finalizing open issues on 3rd interim fee application (0.4). Revised 3rd interim fee application based on B. Angstadt's responses to open issues (0.2).  Exchanged emails with C. McDonald re: timing for payment on outstanding 6th MFS (0.1). Reviewed and responded to inquiry from T. Nobis re: 6th and 7th MFS's (0.2). | 0.90 | $625.00 | $562.50 |
| | KKF | Exchanged emails with M. Giddens and D. Consla re: coordination of filing and servicing 3rd interim fee application. | 0.20 | $625.00 | $125.00 |
| 05/31/2022 | KKF | Reviewed docket for objections to 8th MFS (0.1).  Drafted email to C. McDonald re: status of 8th MFS and payment schedule (0,1). | 0.20 | $625.00 | $125.00 |
| | | For professional services rendered | 28.3 hrs | | $12,490.00 |
| | | SUBTOTAL | | | $12,490.00 |
| | | Total amount of this bill | | | $12,490.00 |
| | | Previous balance | | | $28,692.50 |
| 05/18/2022 | | Payment - Thank you, Check # 001089428 | | | ($9,295.00) |
| 06/10/2022 | | Payment - Thank you, Check # 001090458 | | | ($15,355.00) |
| 06/10/2022 | | Payment - Thank you, Check # 001090458 | | | ($35.00) |
| | | Total Payments and Adjustments | | | ($24,685.00) |
| | | Balance due upon receipt | | | $16,497.50 |

 Grant Thornton LLP

June 17, 2022

Invoice # 50397

## Timekeeper Summary

| Name | Initials | Title | Hours | Rate | Amount |
|------|----------|-------|------:|-----:|-------:|
| Kelly K. Frazier | KKF | Of Counsel | 9.40 | $625.00 | $5,875.00 |
| Amy S. Bender | ASB | Paralegal | 18.90 | $350.00 | $6,615.00 |

It is a pleasure working with you.  We appreciate your business.



Sklar Kirsh, LLP
1880 Century Park East, Suite 300
Los Angeles, CA 90067
(310) 845-6416 MAIN
accounting@sklarkirsh.com
Tax I.D. 37-1711630

Grant Thornton, LLP                                                        July 7, 2022
Attn: Chris Stathopoulos
171 N. Clark Street, Suite 200
Chicago, IL  60601                                                        Invoice #51009
chris.stathopoulos@us.gt.com; Liz.Piechnik@us.gt.com

Due Upon Receipt

For Professional Services Rendered Through June 30, 2022

---

## Matter: Purdue Pharma - Legal Services

| Date | Initials | Description | Hours | Rate | Amount |
|------|----------|-------------|-------|------|--------|
| 06/08/2022 | KKF | Reviewed Fee Examiner report re: Grant Thornton 3rd Interim Fee Application (0.1).  Drafted email to R. Werth and B. Angstadt re: same and information on status of payments for fee hearing (0.3). | 0.40 | $625.00 | $250.00 |
| 06/14/2022 | KKF | Exchanged correspondence with D. Consla and K. Somers re: fee hearing (0.1).  Reviewed and revised omnibus order for Grant Thornton fees (0.3). | 0.40 | $625.00 | $250.00 |
| 06/16/2022 | KKF | Reviewed and responded to email from B. DiMarie re: 9th monthly fee statement. | 0.20 | $625.00 | $125.00 |
| 06/21/2022 | ASB | Reviewed Judge's order to calculate hearing date for the 4th Interim Fee App. | 0.30 | $350.00 | $105.00 |
| 06/22/2022 | KKF | Exchanged correspondence with D. Consla and A. Bender re: revised schedule for interim fee applications. | 0.10 | $625.00 | $62.50 |
| 06/23/2022 | ASB | Confirmed date for 4th Interim Fee App. | 0.20 | $350.00 | $70.00 |
| 06/27/2022 | ASB | Reviewed documents collected so far for 9th Monthly Fee Statement and listed outstanding documents. | 0.30 | $350.00 | $105.00 |
| 06/28/2022 | ASB | Drafted 9th Monthly Fee Statement for Grant Thornton. | 2.50 | $350.00 | $875.00 |
| | KKF | Reviewed and revised 9th MFS and forwarded same to client for final review. | 0.30 | $625.00 | $187.50 |
| 06/30/2022 | ASB | Finalized the 9th Monthly Fee Statement for Grant Thornton for filing and service. | 0.70 | $350.00 | $245.00 |
| | KKF | Reviewed final 9th MFS and drafted email to R. Werth re: same. | 0.10 | $625.00 | $62.50 |
| | | For professional services rendered | 5.5 hrs | | $2,337.50 |

## Matter: Purdue Pharma - Expenses

| Date | Description | Amount |
|------|-------------|--------|
| 06/15/2022 | Court Solutions - Court Call on 6/15/2022 | $70.00 |
| | Total Charges | $70.00 |

Grant Thornton LLP
July 7, 2022
Invoice # 51009

| | | |
|---|---|---|
| SUBTOTAL | | $2,407.50 |
| | | |
| Total amount of this bill | | $2,407.50 |
| Previous balance | | $16,497.50 |
| 07/07/2022 | Payment - Thank you, Check # 001091289 | ($4,007.50) |
| 07/07/2022 | Payment - Advance Account | ($35.00) |
| Total Payments and Adjustments | | ($4,042.50) |
| | | |
| Balance due upon receipt | | $14,862.50 |

## Timekeeper Summary

| Name | Initials | Title | Hours | Rate | Amount |
|---|---|---|---|---|---|
| Kelly K. Frazier | KKF | Of Counsel | 1.50 | $625.00 | $937.50 |
| Amy S. Bender | ASB | Paralegal | 4.00 | $350.00 | $1,400.00 |

It is a pleasure working with you.  We appreciate your business.



Sklar Kirsh, LLP
1880 Century Park East, Suite 300
Los Angeles, CA 90067
(310) 845-6416 MAIN
accounting@sklarkirsh.com
Tax I.D. 37-1711630

Grant Thornton, LLP
Attn: Chris Stathopoulos
171 N. Clark Street, Suite 200
Chicago, IL 60601
chris.stathopoulos@us.gt.com; Liz.Piechnik@us.gt.com

August 4, 2022

Invoice #51620

Due Upon Receipt

For Professional Services Rendered Through July 31, 2022

---

Matter: Purdue Pharma - Legal Services

| Date | Initials | Description | Hours | Rate | Amount |
|------|----------|-------------|-------|------|--------|
| 07/07/2022 | KKF | Drafted emails to C. McDonald and T. Nobis re filed 9th MFS. | 0.10 | $625.00 | $62.50 |
| 07/26/2022 | KKF | Exchanged correspondence with B. Angstandt, S. Cho and A. Xi re: 10th MFS. | 0.20 | $625.00 | $125.00 |
| 07/27/2022 | ASB | Assembled all invoices and listed outstanding documents for preparation of Monthly Fee Statement. | 0.50 | $350.00 | $175.00 |
| | | For professional services rendered | 0.8 hrs | | $362.50 |

Matter: Purdue Pharma - Expenses

| Date | Description | Amount |
|------|-------------|--------|
| 06/30/2022 | Pacer - Pacer charges from 4/1/2022 - 6/30/2022 | $17.70 |
| | Total Charges | $17.70 |
| | SUBTOTAL | $380.20 |

| | |
|---|---|
| Total amount of this bill | $380.20 |
| Previous balance | $14,862.50 |
| Total Payments and Adjustments | $0.00 |
| Balance due upon receipt | $15,242.70 |

## Timekeeper Summary

| Name | Initials | Title | Hours | Rate | Amount |
|------|----------|-------|-------|------|--------|
| Kelly K. Frazier | KKF | Of Counsel | 0.30 | $625.00 | $187.50 |
| Amy S. Bender | ASB | Paralegal | 0.50 | $350.00 | $175.00 |



Sklar Kirsh, LLP
1880 Century Park East, Suite 300
Los Angeles, CA 90067
(310) 845-6416 MAIN
accounting@sklarkirsh.com
Tax I.D. 37-1711630

Grant Thornton, LLP
Attn: Chris Stathopoulos
171 N. Clark Street, Suite 200
Chicago, IL 60601
chris.stathopoulos@us.gt.com; Liz.Piechnik@us.gt.com

September 22, 2022

Invoice #52075

Due Upon Receipt

For Professional Services Rendered Through August 31, 2022

---

## Matter: Purdue Pharma - Legal Services

| Date | Initials | Description | Hours | Rate | Amount |
|------|----------|-------------|-------|------|--------|
| 08/01/2022 | ASB | Assembled all documents for preparation of Monthly Fee Statement. | 0.20 | $350.00 | $70.00 |
| 08/16/2022 | ASB | Prepared draft of Grant Thornton's 10th Monthly Fee Summary. | 3.60 | $350.00 | $1,260.00 |
| | KKF | Exchanged correspondence with S. Cho re: potential new scope of work (0.1). Revised 10 monthly fee statement (0.3). Exchanged correspondence with S. Cho and B. Angstadt re: same (0.2). Exchanged correspondence with A. Bender re: revisions and final preparation of 10th MFS for filing (0.1). | 0.70 | $625.00 | $437.50 |
| 08/17/2022 | ASB | Finalized 10th Monthly Fee Statement and forwarded for filing. | 0.30 | $350.00 | $105.00 |
| | KKF | Telephone conference with S. Cho re: bankruptcy requirements for possible new statement of work (0.5). Exchanged emails with B. Angstadt re: signature for 10th MFS filing (0.1). Drafted emails to Davis Polk attorneys re: review and filing 10th MFS (0.1). | 0.70 | $625.00 | $437.50 |
| 08/18/2022 | KKF | Telephone conference with M.Giddens re: status of filing of 10th MFS (0.1). Drafted email to D. Consla re: same (0.1). Drafted emails to C. MacDonald, T. Nobis and P. Schwartzberg re: filed copy of 10th MFS and LEDES (0.1). | 0.30 | $625.00 | $187.50 |
| 08/19/2022 | KKF | Reviewed emails with information on 11th MFS invoices and send email to group re: status of remaining time entries. | 0.20 | $625.00 | $125.00 |
| 08/22/2022 | KKF | Drafted follow up emails to T. Nobis and P. Schwartberg re: LEDES for 9th and 10th monthly fee statements. | 0.10 | $625.00 | $62.50 |
| 08/24/2022 | KKF | Telephone conference with GC of Purdue and S. Cho re: supplemental employment application. | 0.20 | $625.00 | $125.00 |
| 08/25/2022 | KKF | Telephone conference with C. Stauthopolous re: supplemental employment application for Grant Thornton. | 0.30 | $625.00 | $187.50 |
| | KKF | Telephone conference with D. Consla re: supplemental employment application for Grant Thornton (0.2). Reviewed updated conflict list and sent same to S. Cho and C. Stathopolous with instructions for updating conflict check (0.5). | 0.70 | $625.00 | $437.50 |
| 08/28/2022 | KKF | Drafted supplemental employment application. | 0.50 | $625.00 | $312.50 |

Grant Thornton LLP
September 22, 2022
Invoice # 52075

| Date | Initials | Description | Hours | Rate | Amount |
|------|----------|-------------|-------|------|--------|
| 08/29/2022 | ASB | Follow-up with outstanding invoices. | 0.30 | $350.00 | $105.00 |
| 08/30/2022 | ASB | Followed up with invoices needed to finalize the 11th Monthly Fee Statement. | 0.20 | $350.00 | $70.00 |
| | | For professional services rendered | 8.3 hrs | | $3,922.50 |
| | | SUBTOTAL | | | $3,922.50 |

| | | |
|--|--|--|
| Total amount of this bill | | $3,922.50 |
| Previous balance | | $15,242.70 |
| 08/16/2022 | Payment - Thank you, Check # 001092683 | ($12,490.00) |
| 09/07/2022 | Payment - Thank you, Check # 001093375 | ($2,372.50) |
| 09/07/2022 | Payment - Thank you, Check # 001093375 | ($35.00) |
| Total Payments and Adjustments | | ($14,897.50) |
| Balance due upon receipt | | $4,267.70 |

## Timekeeper Summary

| Name | Initials | Title | Hours | Rate | Amount |
|------|----------|-------|-------|------|--------|
| Kelly K. Frazier | KKF | Of Counsel | 3.70 | $625.00 | $2,312.50 |
| Amy S. Bender | ASB | Paralegal | 4.60 | $350.00 | $1,610.00 |

It is a pleasure working with you.  We appreciate your business.

## EXHIBIT H

### CUSTOMARY AND COMPARABLE COMPENSATION DISCLOSURES FOR THE FEE PERIOD[7]

| Tax Structuring Services and Employee Tax Services | | |
|---|---|---|
| **Category of Timekeeper** | **Standard Rates for Professionals at Grant Thornton LLP for the Fee Period[8]** | **Rates in Application** |
| Partner / Managing Director | $950 - $1,145 | $765 |
| Senior Manager / Director | $870 - $1,000 | $650 |
| Manager | $690 - $835 | $570 |
| Senior Associate | $455 - $675 | $460 |
| Associate | $310 - $415 | $280 |

| Valuation Services | | |
|---|---|---|
| **Category of Timekeeper** | **Standard Rates for Professionals at Grant Thornton LLP for the Fee Period[9]** | **Rates in Application** |
| Partner / Managing Director | $875 - $970 | $720 |
| Senior Manager / Director | $775 - $785 | $590 |
| Manager | $620 - $675 | $500 |
| Senior Associate | $450 - $515 | $400 |
| Associate | $330 - $365 | $270 |

---

[1]    Grant Thornton provides Plan Services to the Debtors that involve two (2) different types of distinct business units, *i.e.*, one that provides tax related services and another that provides valuation related services, each with different specialized skills and rates. As such, the information contained in this Exhibit H provides the applicable rates and rate comparisons for each such business unit.

[2]    Rates differ within a level due to the relative experience of the staff and/or whether the applicable staff is part of Grant Thornton's national tax office. In addition, although Grant Thornton's standard hourly tax rates were increased in August in the normal operation of its business, the hourly rates charged by Grant Thornton for professionals working on matters in these cases were not increased, with the exception of one professional who was promoted to Managing Director effective September 1, 2021, and as such, the agreed to hourly rate charged was reflective of this new position.

[3]    Rates differ within a level due to relative experience of the staff.

### EXHIBIT I

### SUMMARY AND SUPPORTING INVOICES FOR OCB TAX SERVICES

The following is a summary of the invoices relating to OCB Tax Services for which Grant Thornton was paid pursuant to the Monthly Fee Statements.  Copies of the actual invoices also are attached.

| GT Invoice No. | Amount | Invoice Date | Service Period | Type of OCB Tax Services | Applicable MFS |
|---|---|---|---|---|---|
| 953976033 | $5,885.00 | 6/10/22 | April 2022 Compliance processed in May 2022; March 2022 Invoice Review Services (for April returns due in May 2022) | Sales and Use Tax Compliance Services | 9th MFS |
| 953996084 | $6,510.00 | 7/26/22 | May 2022 Compliance processed in June 2022; April 2022 Invoice Review Services (for May returns due in June 2022) | Sales and Use Tax Compliance Services | 10th MFS |
| 954000551 | $5,766.40 | 7/27/22 | May 1, 2022 to June 30, 2022 | Global Mobility Services | 10th MFS |
| 954007801 | $4,921.25 | 8/16/22 | June 2022 Compliance processed in July 2022; May 2022 Invoice Review Services (for June returns due in July 2022) | Sales and Use Tax Compliance Services | 11th MFS |
| 954022880 | $5,340.00 | 9/21/22 | July 2022 Compliance processed in August 2022; June 2022 Invoice Review Services (for July returns due in August 2022) | Sales and Use Tax Compliance Services | 12th MFS |
| 954025629 | $11,477.15 | 9/27/22 | July 1, 2022 to August 31, 2022 | Global Mobility Services | 12th MFS |
| **TOTAL** | **$39,899.80** | | | | |

**GrantThornton**

**Grant Thornton LLP**
186 Wood Ave S # 4
Iselin, NJ 08830-2725

T 732.516.5500
F 732.516.5502
www.GrantThornton.com

This address should be used for correspondence only
For all payments, kindly use remittance instructions below

*To:*     Purdue Pharma L.P.
          201 Tresser Boulevard
          Stamford, CT 06901-3431

*Date:*   June 10, 2022

          **Bill Number**: 953976033          **Client-Assignment Code:** 0200102-00002
                                               **Client-Assignment Code:** 0200102-00016

          Sales & Use Tax Compliance & Invoice Review
          April's 2022 Compliance processed in May 2022:            $      1,910.00

          COMPLIANCE TOTAL:                                                1,910.00

          Review of March's Invoices  filed with April's returns due in May 2022 (filed on
          a one-month lag),  notices & consulting:                         3,975.00

          INVOICE REVIEW & CONSULTING TOTAL:                               3,975.00


          **Total Amount of Bill:**                               $      5,885.00


*Terms:*  As agreed upon
          Federal ID No. 36-6055558

# Grant Thornton

**Grant Thornton LLP**
186 Wood Ave S # 4
Iselin, NJ 08830-2725

T 732.516.5500
F 732.516.5502
www.GrantThornton.com

This address should be used for correspondence only
For all payments, kindly use remittance instructions below

*To:*    Purdue Pharma L.P.
         201 Tresser Boulevard
         Stamford, CT 06901-3431

*Date:*    July 26, 2022

**Bill Number**: 953996084          **Client-Assignment Code:** 0200102-00016

Sales & Use Tax Compliance & Invoice Review
May's 2022 Compliance processed in June 2022:

COMPLIANCE TOTAL:                                         $      1,910.00

Review of April's Invoices filed with May's returns due in June 2022 (filed on a
one-month lag), notices & consulting

INVOICE REVIEW & CONSULTING TOTAL:                              4,600.00

**Total Amount of Bill:**                                 $      6,510.00

*Terms:*    As agreed upon
            Federal ID No. 36-6055558

## Grant Thornton

**Grant Thornton LLP**
1100 Peachtree Street
Suite 1200
Atlanta, GA 30309

T 404.330.2000
F 404.475.0107
www.GrantThornton.com

This address should be used for correspondence only
For all payments, kindly use remittance instructions below

*To:*    Purdue Pharma L.P.
         201 Tresser Boulevard
         Stamford, CT 06901-3431

*Date:*  July 27, 2022

**Bill Number**: 954000551          **Client-Assignment Code:** 0200102-00008
                                    **Client-Assignment Code:** 0200102-00021
                                    **Client-Assignment Code:** 0200102-00022

**Purdue Pharma**

Tax advisory, research, compliance and consulting services including:

**2021 Tax Consulting**

**David Lundie**

| | | |
|---|---|---|
| Time incurred from May thru June 30th regarding reconciliation of tax payment and refunds to account for in claim of right calculations | $ | 1,820.00 |
| Preparation of payment, refund, and tax equalization settlement reconciliation schedule to review with David on a conference call to discuss refund checks, interests and penalties payments that David made, and explain tax equalization settlement calculations | | 2,900.00 |
| 2017 IRS Tax Notice Response | | 720.00 |
| Expenses (using the expense factor of 6% ) | | 326.40 |
| **Total Amount of Bill:** | $ | **5,766.40** |

*Terms:*  As agreed upon
          Federal ID No. 36-6055558

## Grant Thornton

**Grant Thornton LLP**
186 Wood Ave S # 4
Iselin, NJ 08830-2725

T 732.516.5500
F 732.516.5502
www.GrantThornton.com

This address should be used for correspondence only
For all payments, kindly use remittance instructions below

*To:*    Purdue Pharma L.P.
         201 Tresser Boulevard
         Stamford, CT 06901-3431

*Date:*    August 16, 2022

**Bill Number**: 954007801          **Client-Assignment Code:** 0200102-00016

Sales & Use Tax Compliance & Invoice Review June's 2022 Compliance
processed in July 2022

COMPLIANCE TOTAL                                                    $      1,910.00

Review of May's Invoices  filed with June's returns due in July 2022 (filed on a
one-month lag), notices & consulting

INVOICE REVIEW & CONSULTING TOTAL                                         3,011.25

**Total Amount of Bill:**                                          $      4,921.25

*Terms:*    As agreed upon
            Federal ID No. 36-6055558

**Grant Thornton**

**Grant Thornton LLP**
186 Wood Ave S # 4
Iselin, NJ 08830-2725

T 732.516.5500
F 732.516.5502
www.GrantThornton.com

This address should be used for correspondence only
For all payments, kindly use remittance instructions below

*To:*    Purdue Pharma L.P.
        201 Tresser Boulevard
        Stamford, CT 06901-3431

*Date:*    September 21, 2022

**Bill Number**: 954022880            **Client-Assignment Code:** 0200102-00016

Sales & Use Tax Compliance & Invoice Review
July's 2022 Compliance processed in August 2022

COMPLIANCE TOTAL                                          $     1,910.00

Review of June's Invoices filed with July's returns due in August 2022 (filed on
a one-month lag), notices & consulting

INVOICE REVIEW & CONSULTING TOTAL                              3,430.00

**Total Amount of Bill:**                                 $     5,340.00

*Terms:*   As agreed upon
          Federal ID No. 36-6055558

**Grant Thornton**

**Grant Thornton LLP**
1100 Peachtree Street
Suite 1200
Atlanta, GA 30309

T 404.330.2000
F 404.475.0107
www.GrantThornton.com

This address should be used for correspondence only
For all payments, kindly use remittance instructions below

*To:*    Purdue Pharma L.P.
         201 Tresser Boulevard
         Stamford, CT 06901-3431

*Date:*   September 27, 2022

         **Bill Number**: 954025629          **Client-Assignment Code:** 0200102-00008
                                             **Client-Assignment Code:** 0200102-00021

         Details on Page 2                                          $      11,477.15

         **Total Amount of Bill:**                                  $      **11,477.15**

*Terms:*  As agreed upon
          Federal ID No. 36-6055558

**Purdue Pharma**

Tax advisory, research, compliance and consulting services from July 1st to August 31st, 2022

| Description | Amount |
|---|---|
| **Out of Scope Compliance** | |
| | |
| Time incurred in following up with the IRS for the status of the 2017 tax notice, and the refund status. | $ 2,762.50 |
| Conference call with Terry and Jon on August 5th to discuss the status of David's refund status | $ 360.00 |
| Review of David's historical UK fillings(prepared by the third party) to reconcile against the foreign sourced wages reported on the US return at a high level | $ 2,540.00 |
| | |
| **David Lundie** | |
| Consulting related to sale of home, and advising on the CGT calculations | $ 2,285.00 |
| Time incurred in supporting David with Irish residency questions, tax refund status, UK return fillings and tax notices | $ 2,880.00 |

| | | |
|---|---|---|
| **Subtotal** | $ | 10,827.50 |
| **Expenses (using the expense factor of 6% )** | $ | 649.65 |
| **Total** | $ | 11,477.15 |