**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.**, *et al.*, | Case No. 19-23649 (SHL) |
| Debtors.[1] | (Jointly Administered) |

## SUMMARY STATEMENT FOR NINTH INTERIM FEE APPLICATION OF DECHERT LLP, SPECIAL COUNSEL FOR THE DEBTORS, FOR COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED

| | |
|---|---|
| Name of applicant | Dechert LLP |
| Name of client | Purdue Debtors and Debtors in Possession |
| Time period covered by this application | May 1, 2022 through and including August 31, 2022 |
| Total compensation sought this period | $896,323.05[2] |
| Total expenses sought this period | $1,269.32 |
| Petition date | September 15, 2019 |
| Retention date | *nunc pro tunc* to November 21, 2019 |
| Date of order approving employment | November 21, 2019 |
| Total compensation approved by interim order to date | $23,309,864.76 |
| Total expenses approved by interim order to date | $2,300,805.62 |

---

[1]   The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2]   This amount reflects voluntary discounts for aggregate fees in the amount of (a) $102,188.40 as described in *Dechert LLP's Second Notice of Increase in Hourly Rates for Litigation Services* [Docket No. 4628] (the "**Notice of Increased Litigation Fees**"); and (b) $25,969.50 for time spent on monthly fee statements and interim fee applications.

18174562.3

| | |
|---|---|
| Total allowed compensation paid to date | $23,309,864.76 |
| Total allowed expenses paid to date | $2,300,805.62 |
| Blended rate in this application for all attorneys | $1,053.41[3] |
| Blended rate in this application for all timekeepers | $971.19 |
| Compensation sought in this application already paid (or credited against prepetition retainer) pursuant to a monthly compensation order but not yet allowed | $439,387.92[4] |
| Expenses sought in this application already paid (or credited against prepetition retainer) pursuant to a monthly compensation order but not yet allowed | $1,269.32[5] |
| Number of professionals included in this application | 13 |
| If applicable, number of professionals in this application not included in staffing plan approved by client | N/A |
| If applicable, difference between fees budgeted and compensation sought for this period | Amount Budgeted: $1,539,000 - $1,605,000 Amount Sought: $896,323.05 |
| Number of professionals billing fewer than 15 hours to the case during this period | 3 |
| Are any rates higher than those approved or disclosed at retention? If yes, calculate and disclose the total compensation sought in this application using the rates originally disclosed in the retention application | Yes, the compensation period includes rate increases for timekeepers, as disclosed on the Court docket at ECF No. 4628. |

This is a(n):    _____Monthly    __X__ Interim    _____Final application.

This application includes 111.8 hours with a discounted value of $35,001.00 incurred in connection with the preparation of Fee Applications for the Debtors.

---

[3] All blended rates for Dechert professionals in this application reflect the discounted billing rates but not the discounts for aggregate fees.

[4] $370,460.70 in fees for August, 2022 have not been paid to date but may be paid prior to the hearing date on this application.

[5] $85.78 in expenses for August, 2022 have not been paid to date but may be paid prior to the hearing date on this application.

## SUMMARY OF MONTHLY FEE STATEMENTS

| Application | Total Compensation and Expenses Incurred for Period Covered | | | Total Amount Requested in Fee Statements | | Total Unpaid |
|---|---|---|---|---|---|---|
| **Date Filed/Docket No.** | **Period Covered** | **Total Fees** | **Expenses** | **Fees (80%)** | **Expenses (100%)** | **Fees and Expenses** |
| 07/19/2022 Docket No. 4965 | 05/01/2022-05/31/2022 | $171,607.95 | $342.11 | $137,286.36 | $342.11 | $34,321.59 |
| 07/27/2022 Docket No. 4979 | 06/01/2022-06/30/2022 | $152,910.00 | $673.95 | $122,328.00 | $673.95 | $30,582.00 |
| 09/02/2022 Docket No. 5062 | 07/01/2022-07/31/2022 | $224,716.95 | $167.48 | $179,773.56 | $167.48 | $44,943.39 |
| 09/26/2022 Docket No. 5093 | 08/01/2022-08/31/2022 | $370,460.70 | $85.78 | $296,368.56 | $85.78 | $74,092.14 |
| Fee Statement Totals: | | $919,695.60 | $1,269.32 | $439,387.92 | $439,387.92 | $109,846.98 |

3

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.**, *et al.*, | Case No. 19-23649 (SHL) |
| Debtors.[1] | (Jointly Administered) |

### NINTH INTERIM FEE APPLICATION OF DECHERT LLP, AS 327(e) SPECIAL COUNSEL, FOR COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED <u>DURING THE PERIOD MAY 1, 2022 THROUGH AUGUST 31, 2022</u>

Dechert LLP ("**Dechert**"), as the retained special counsel to Purdue Pharma L.P.

and its affiliated debtors ("**Purdue**" or the "**Debtors**") in the above captioned chapter 11 cases

(the "**Case**"), hereby files this application (the "**Application**") pursuant to sections 330 and 331

of chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 et seq. (the "**Bankruptcy**

**Code**") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"),

and the Order Pursuant to Section 327(e) and 328(a) of the Bankruptcy Code Authorizing the

Employment and Retention of Dechert LLP, as Special Counsel to the Debtors, *Nunc Pro Tunc*

to September 15, 2019 (the "**Petition Date**"), dated November 21, 2019 [Docket No. 525] (the

"**Retention Order**", a copy of which is annexed hereto as <u>Exhibit A</u>), for an award of

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014).  The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

18174562.3

compensation for professional services rendered to the Debtors in the amount of $896,323.05[2] incurred during the period from May 1, 2022 through and including August 31, 2022 (the "**Compensation Period**"), and reimbursement of disbursements incurred during that same period in the amount of $1,269.32.

## BACKGROUND

### A.  The Chapter 11 Cases

1.    On or about the Petition Date, the Debtors filed voluntary cases under chapter 11 of the Bankruptcy Code.  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Bankruptcy Rules.  The Debtors are authorized to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.    On September 27, 2019, the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed the Official Committee of Unsecured Creditors (the "**UCC**") pursuant to section 1102 of the Bankruptcy Code [Docket No. 131].

3.    On April 8, 2020, the Court entered the Order authorizing the appointment of an independent fee examiner (the "**Fee Examiner**") [Docket No. 1023]

4.    On September 17, 2021, after a multi-day hearing, the bankruptcy court confirmed the Debtors' plan of reorganization. The plan was the result of years of negotiation between the Debtors and various creditor groups and followed an intense mediation by Hon.

---

[2]    This amount reflects voluntary discounts for aggregate fees in the amount of (a) $102,188.40 as described in *Dechert LLP's Second Notice of Increase in Hourly Rates for Litigation Services* [Docket No. 4628] (the "**Notice of Increased Litigation Fees**"); and (b) $25,969.50 for time spent on monthly fee statements and interim fee applications.

2

Shelley C. Chapman who conducted 145 telephone meetings and in-person sessions to resolve both monetary and non-monetary terms.

5.    Following the confirmation, the U.S. Trustee and certain creditors appealed the case to the district court, which, in turn, granted Debtors' motion for an expedited appeal. On December 16, 2021, the district court issued a 142-page decision vacating the bankruptcy court's confirmation order. Over the objections of certain creditors, the district court subsequently certified its order for interlocutory appeal to the Second Circuit, which accepted the appeal on an expedited basis. Following an additional round of mediation, the bankruptcy court approved a settlement with the appealing states.

### B. The Debtors' Business

6.    The Debtors are pharmaceutical companies that manufactured, sold, or distributed, among other products, extended release, long-acting, abuse-deterrent opioid pain medications.

7.    Additional information about the Debtors' businesses and the events leading up to the Petition Date can be found in the *Debtors' Informational Brief* [Docket No. 17] filed on September 16, 2019.

### JURISDICTION

8.    The Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this court pursuant to 28 U.S.C. §§ 1408 and 1409.

### RELIEF REQUESTED

9.    The statutory predicates for the relief requested herein are sections 330 and 331 of the Bankruptcy Code, Rule 2016 of the Bankruptcy Rules, and rule 2016-1 of the

3

Local Rules for the United States Bankruptcy Court for the Southern District of New York (the

"**Local Rules**").  By this Application, Dechert respectfully seeks Court approval and allowance

of reasonable compensation for professional services rendered to the Debtors during the

Compensation Period in the aggregate amount of $896,323.05 and for reimbursement of actual

and necessary expenses incurred in connection with the rendition of such services in the amount

of $1,269.32.

## BASIS FOR RELIEF

### A.  Dechert's Retention

10.    On November 5, 2019, the Debtors filed their Application of the Debtors

Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and Rule 2014 of the Federal

Rules of Bankruptcy Procedure for Authorization to Employ and Retain Dechert LLP, as Special

Counsel to the Debtors, *Nunc Pro Tunc* to the Petition Date [Docket No. 424].  The Court

entered the Retention Order on November 21, 2019. [Docket No. 525; Exhibit A hereto].

11.    The Order Granting Motion Establishing Procedures for Interim Monthly

Compensation and Reimbursement of Expenses of Professionals [Docket No. 529] (the "**Interim**

**Compensation Order**"), entered by the court on November 21, 2019, outlines the procedures

that all professionals must follow in order to receive compensation and reimbursement of

expenses for services provided to the Debtors.

12.    Dechert is a full service law firm with well-developed practices in the

areas of product liability and mass torts, business restructuring and reorganization, corporate and

securities, complex commercial litigation, finance and real estate and financial services.

### B.  Compensation

13.    This Application is Dechert LLP's ninth application for interim

4

compensation and reimbursement of expenses as special counsel in these chapter 11 cases.

14.     Pursuant to the Interim Compensation Order, during the Compensation Period, Dechert filed four (4) fee statements (the "**Monthly Fee Statements**") with the Court as follows:

a.   On July 19, 2022, Dechert filed its Thirty-Third Monthly Fee Statement for the Period from May 1, 2022 Through May 31, 2022 [ECF No. 4965] (the "**May Fee Statement**").  The May Fee Statement reflected fees in the amount of $171,607.95 and expenses incurred in the amount of $342.11.

b.   On July 27, 2022, Dechert filed its Thirty-Fourth Monthly Fee Statement for the Period from June 1, 2022 through June 30, 2022 [ECF No. 4979] (the "**June Fee Statement**").  The June Fee Statement reflected fees in the amount of $152,910.00 and expenses incurred in the amount of $673.95.

c.   On September 2, 2022, Dechert filed its Thirty-Fifth Monthly Fee Statement for the Period from July 1, 2022 through July 31, 2022 [ECF No. 5062] (the "**July Fee Statement**").  The July Fee Statement reflected fees in the amount of $224,716.95 and expenses incurred in the amount of $167.48.

d.   On September 26, 2022, Dechert filed its Thirty-Sixth Monthly Fee Statement for the Period from August 1, 2022 Through August 31, 2022 [ECF No. 4673] (the "**August Fee Statement**").  The August Fee Statement reflected fees in the amount of $370,460.70 and expenses incurred in the amount of $85.78.

15.     In total, therefore, Dechert has submitted Monthly Fee Statements during the Compensation Period for fees of $919,695.60 and expenses of $1,269.32.  As of the date of this Application, no party-in-interest has objected to Dechert's May, June, July, or August Fee Statements.

16.     By this Application Dechert seeks compensation for the fair and reasonable fees and expenses incurred by Dechert to the estates of the Debtors during the Compensation Period.  The compensation requested herein is based on discounted regular hourly rates consistent with discounted rates provided for complex mass tort cases generating similar

5

volume of legal fees and reflects the time, labor, and expertise brought to bear on the problems

presented, and is either in line with, or lower than the rates charged by similar firms operating in

a competitive market for legal services of the type involved in this case.

17.    This Application does not detail every correspondence, drafting session,

meeting, discussion, or conference held, all research conducted, or each of the numerous tasks

performed by Dechert.  Those matters are set forth in detail in the contemporaneous time records

filed with Dechert's Monthly Fee Statements and are incorporated herein by reference. In

addition, detail for expenses that were incurred by Dechert during the Compensation Period were

included in Dechert's Monthly Fee Statements and are incorporated herein by reference. All such

expenses are reflected in the books and records of Dechert, which are contemporaneously

maintained in the ordinary course of its business.

18.    The professional services for which compensation is sought were rendered

in the ordinary course of the Debtors' business and solely on behalf of the Debtors.

19.    By this Application, Dechert seeks allowance in full of interim

compensation for professional services rendered to the Debtors during the Compensation Period,

in the aggregate amount of $896,323.05 and for reimbursement of actual, necessary expenses

incurred in connection with such services in the amount of $1,269.32.  During the Compensation

Period, Dechert attorneys and paraprofessionals expended a total of 1,052.2 hours for which

compensation is requested.

## C.  **Applicable Authority**

20.    Dechert LLP prepared this Application in accordance with: (a) the

Administrative Order Re: Amended Guidelines for Fees and Disbursements of Professionals in

Southern District of New York Bankruptcy Cases, adopted by the Court on January 25, 2013 and

6

effective as of February 5, 2013 (the "**Local Guidelines**"); (b) the United States Trustee

Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed

Under 11 U.S.C. § 330, adopted on May 17, 1996 and June 11, 2013 (the "**UST Guidelines**",

and together with the Local Guidelines and the Interim Compensation Order, the "**Guidelines**");

and (c) the Interim Compensation Order.  Pursuant to the Local Guidelines, a certification

regarding compliance with the Guidelines is annexed hereto as Exhibit B.

### SUMMARY OF PROFESSIONAL COMPENSATION AND REIMBURSEMENT OF EXPENSES REQUESTED

21.    Dechert believes that the fair and reasonable (and discounted) value of its

professional services rendered during the Compensation Period is $896,323.05.  Based upon the

total attorneys' and paraprofessionals' time expended, and a resulting blended hourly rate of

$971.19 for professionals, Dechert believes the compensation requested herein to be reasonable

and appropriate.

22.    Dechert also seeks reimbursement of its actual, reasonable, and necessary

out-of-pocket expenses in the aggregate amount of $1,269.32.  These expenses were incurred

during the course of rendering professional services on behalf of the Debtors during the

Compensation Period.

23.    Dechert has utilized its existing hourly rate structure and has calculated its

request for compensation by multiplying the hours of time spent on services rendered on behalf

of the Debtors by the discounted hourly rate assigned to each attorney or paraprofessional

rendering such services.  Dechert respectfully submits that the fees sought herein are less than

customary and based on its normal criteria in matters of this type and are discounted from the

fees that Dechert has been allowed in other chapter 11 cases, including in this District.

7

24.     Pursuant to the UST Guidelines, annexed hereto as <u>Exhibit C</u> is the

summary sheet required by the Local Guidelines, which includes a schedule setting forth the

names of all Dechert professionals and paraprofessionals who have performed services for which

compensation is sought, the person's position in the firm and department, and the date of bar

admission for each attorney.  In addition, the schedule sets forth for each person (a) the hourly

rate(s) during the Compensation Period; (b) the total hours billed for which compensation is

sought; and (c) the total compensation for such hours.

25.     Pursuant to the UST Guidelines, annexed hereto as <u>Exhibit D</u> is a

summary by project category of the services performed by Dechert during the Compensation

Period

26.     Annexed hereto as <u>Exhibit E</u> is a schedule specifying the categories of

expenses for which Dechert in seeking reimbursement and the total amount of reimbursement

requested for each such expense category.

## SERVICES RENDERED BY DECHERT

27.    Dechert's lawyers have a longstanding relationship with the Debtors and were retained to continue to provide the litigation services the firm has provided to the Debtors over the 26 months preceding the Petition Date (as more fully described below, the "**Dechert Litigation Services**" or "**Litigation Services**").  Dechert's lawyers are and have been in charge of national coordination of nearly 2,900 civil actions, including cases filed by the Attorneys General of almost every state and territory, pending in various state and federal courts across the United States and its territories.  The cases generally allege that Purdue marketed prescription opioids in violation of state common-law tort duties and consumer protection, tort, and business statutes.

28.    The description of services below summarizes the primary services rendered by Dechert during the Compensation Period and highlights the benefits conferred upon the Debtors and their estates and creditors as a result of Dechert's services.  The following is a summary description of the matters for which Dechert provided legal services to the Debtors during the Compensation Period:

**L120:  Analysis and Strategy (Hours: 124.0 Fees: $120,546.90)**

29.    During the Compensation Period, Dechert professionals performed a variety of services relating to the analysis and strategy in the opioid litigation and the mediation and resolution of tort-based claims in the chapter 11 proceedings, including the following:

- Dechert professionals engaged in multiple telephonic and video meetings with clients and co-counsel regarding the steps to effectuate the public document repository.

- Dechert professionals developed, reviewed, and analyzed materials for meetings with the client and other outside counsel regarding preparation for presentations to the Special Committee of indemnification requests by former employees.

9

- Dechert professionals conferred with the client and co-counsel regarding analysis of a regulatory issue to determine whether it raised potential liability, conducted research, and drafted a memorandum regarding the same.

- Dechert professionals conducted background research and participated on multiple calls and video conferences with the client and co-counsel regarding issues pertaining to employee compensation and third-party indemnification. Dechert professionals monitored and responded to developments in the stayed litigations pending in the MDL proceeding and state courts around the country in order to assess the potential impact of those proceedings on the Debtors' bankruptcy and settlement activities.

- Dechert professionals analyzed activities and developments in the state and MDL cases in order to identify, and respond to, actual or potential violations of the stay or preliminary injunction.

- Dechert professionals analyzed and summarized key portions of pending opioid trials and appeals and advised Debtors and co-counsel of developments for, among other reasons, potential implications for insurance proceedings.

- Dechert professionals advised the Debtors and co-counsel regarding communication strategy.

30.    During the Compensation Period, Dechert professionals and paraprofessionals devoted 124.0 hours to the Analysis and Strategy project category resulting in time charges of $120,546.90.

**L160: Settlement/Non-Binding ADR (Hours: 27.9 Fees: $28,482.75)**

31.    During the Compensation Period, Dechert performed a variety of services relating to settlement negotiations, including the following:

- Dechert professionals worked with the Debtors and bankruptcy counsel in negotiations with the states to formulate a plan to implement the Public Document Repository.

- Dechert professionals tracked and oversaw ongoing litigation developments in opioid litigation proceeding in the state courts and federal MDL and advised the Debtors regarding how such activities may impact settlement and bankruptcy related issues.

- Dechert professionals advised the Debtors and the Debtors' Board of Directors regarding the national opioid litigation more broadly and settlement and mediation strategy and developments.

10

32.     During the Compensation Period, Dechert professionals and

paraprofessionals devoted 27.9 hours to the Settlement/Non-Binding ADR project category

resulting in time charges of $28,482.75.

**L210:  Pleadings (Hours: 10.4 Fees: $9,133.65)**

33.     During the Compensation Period, Dechert performed a variety of services

relating to pleadings issues including the following:

- Dechert professionals reviewed and analyzed case status reports from different state jurisdictions.

- Dechert professionals researched and conferred with Debtors' counsel and local counsel regarding the advisability of filing a suggestion of bankruptcy in a bellwether case remanded from MDL.

34.     During the Compensation Period, Dechert professionals and

paraprofessionals devoted 10.4 hours to the Pleadings project category resulting in time charges

of $9,133.65.

**L220:  Preliminary Injunctions/Provisional Remedies (Hours: 341.5 Fees: $328,120.65)**

35.     During the Compensation Period, Dechert performed a variety of services

relating to preliminary injunction issues including the following:

- Together with the Debtors, Dechert professionals participated in, and assisted Debtors in preparing for telephonic and video conferences with the court-appointed Monitor on issues regarding the Debtors' compliance with the November 2019 voluntary injunction (the "**Voluntary Injunction**").

- Dechert professionals assisted the Debtors in the collection, review, and summary of documents in order to respond to multiple requests from the Monitor regarding inquiries, documents, interviews, and information related to the Debtors' compliance with the Voluntary Injunction and the Monitor's preparation of his reports to the Bankruptcy Court.

- Dechert professionals conducted weekly, and sometimes daily, calls with multiple individuals at the client to gather extensive and complex information responsive to the Monitor's requests and to locate and collect responsive documentation.  Dechert

11

professional summarized and communicated this information to responsible in-house counsel.

- Dechert professionals reviewed the Monitor's findings of fact for factual accuracy, conferred with various departments at the client to ensure that the information was correct, and drafted communication to the Monitor regarding his findings.

- Dechert professionals coordinated with the client to ensure implementation of multiple recommendations made by the Monitor, including the review and revision of Standard Operating Procedures as well as ongoing compliance with prior recommendations, including review of the Customer Service department logs.

- Dechert professionals assisted in the drafting and participated in numerous conference calls with various retail chains to negotiate the terms of agreements to obtain 867 data from retail chains for use in the Company's suspicious order monitoring system in accordance with a recommendation by the court-appointed Monitor.

- Dechert professionals advised the Debtors regarding ongoing compliance issues and questions concerning the Voluntary Injunction.

- Dechert professionals reviewed and updated electronic training for Purdue employees on the Voluntary Injunction.

      36.    During the Compensation Period, Dechert professionals and

paraprofessionals devoted 341.5 hours to the Preliminary Injunctions/Provisional Remedies

project category resulting in time charges of $328,120.65.

**L230:  Court Mandated Conferences (Hours: 10.5 Fees: $11,113.65)**

      37.    During the Compensation Period, Dechert professionals performed a

variety of services relating to Court hearings and Chambers conferences including the following:

- Dechert professionals attended omnibus and other hearings before the bankruptcy court to analyze and address various issues, including historical litigation information and document repository provisions and to advise the client regarding the same.

- Dechert professionals assisted bankruptcy counsel and other counsel regarding preparation of materials regarding historical litigation, including pre-petition litigation against the Sacklers and other third parties for use at omnibus and other hearings.

38.     During the Compensation Period, Dechert professionals and paraprofessionals devoted 10.5 hours to the Court Mandated Conferences project category resulting in time charges of $11,113.65.

**L320:  Document Production (Hours: 44.2 Fees: $35,986.05)**

39.     During the Compensation Period, Dechert performed a variety of services relating to document production including the following:

- Dechert professionals conducted research of document productions and communications from the underlying state and MDL cases for responses to document demands in the insurance adversary proceeding  and conferred with co-counsel regarding these productions.

- Dechert professionals compiled and reviewed materials for production as part of the insurance adversary proceeding litigation.

- Dechert professionals negotiated and responded to third-party document demands and preserved protective order and privilege designations in connection with underlying state and federal opioid lawsuits, including multiple bellwether cases remanded for trial by the MDL court.

- Dechert professionals analyzed document requests in connection with the Public Document Repository, along with associated client advice and conferences with the Disclosure Oversight Board and co-defense counsel.

- Dechert professionals analyzed and responded to demands for sworn declarations concerning admissibility issues of documents produced in underlying cases in connection with upcoming bellwether and other trials.

40.     During the Compensation Period, Dechert professionals and paraprofessionals devoted 44.2 hours to the Document Production project category resulting in time charges of $35,986.05.

**L330:  Depositions (Hours: 102.4 Fees: $80,414.55)**

41.     During the Compensation Period, Dechert performed a variety of services relating to depositions including the following:

13

- Dechert professionals reviewed and analyzed state court depositions for compliance with confidentiality agreements.

- Dechert professionals reviewed, analyzed, and catalogued numerous prior deposition transcripts (including voluminous exhibits) of Purdue employees and former employees taken in the underlying state and federal lawsuits to identify testimony responsive to the 30(b)(6) depositions requests by the parties in the insurance adversary proceedings.

42.     During the Compensation Period, Dechert professionals and paraprofessionals devoted 102.4 hours to the Depositions project category resulting in time charges of $80,414.55.

**L390:  Other Discovery (Hours: 213.5 Fees: $186,482.70)**

43.     During the Compensation Period, Dechert performed a variety of services relating to depositions including the following:

- Dechert professionals drafted and edited stipulations following extensive meet and confers with the NAS Committee and other counsel to resolve a pending motion to compel the production of Company documents.

- Dechert professionals annotated multiple deposition transcripts (and voluminous exhibits) and drafted summaries in response to demands for numerous depositions in the insurance adversary proceeding.

- Dechert professionals conferred with and advised the client regarding responses to third-party subpoenas.

44.     During the Compensation Period, Dechert professionals and paraprofessionals devoted 213.5 hours to the Depositions project category resulting in time charges of $186,482.70.

**L440:  Other Trial Preparation and Support (Hours: 20.0 Fees: $12,978.45)**

45.     During the Compensation Period, Dechert professionals performed a variety of services relating to document production, trial preparation and support issues including the following:

14

- Dechert professionals drafted reports for the client and the Board of Directors analyzing ongoing opioid trials.

- Dechert professionals reviewed, analyzed, and categorized multiple documents and drafted a trial declaration to be used at ongoing opioid trial in San Francisco, California. Dechert professionals also engaged in conference calls with the client regarding the document certification.

46.     During the Compensation Period, Dechert professionals and paraprofessionals devoted 20.0 hours to the Trial Preparation and Support project category resulting in time charges of $12,978.45.

**B160:  Retention Issues and Fee Applications (Hours: 111.8 Fees: $35,001.00)**

47.     During the Compensation Period, Dechert professionals performed a variety of services relating to its retention and compensation including the following:

- Dechert professionals corresponded electronically and participated in conference calls with the Debtors and/or various of their professionals regarding fee applications.

- Dechert professionals prepared the monthly fee statements for the months of May, June, July, and August.

- Dechert professionals engaged in various communications regarding compliance with the bankruptcy fee examiner's report and related applications.

- Dechert professionals reviewed time entries for adherence to the Guidelines.

48.     During the Compensation Period, Dechert professionals and paraprofessionals devoted 111.8 hours to Retention Issues and Fee Applications project category resulting in time charges of $35,001.00.

49.     Dechert submits that for the reasons set forth above, the professional services rendered by Dechert on behalf of the Debtors during the Compensation Period were necessary and reasonable.

15

## EXPENSES INCURRED BY DECHERT

50.     Section 330 of the Bankruptcy Code authorizes "reimbursement for actual, necessary expenses" incurred by professionals employed in a chapter 11 case.  11 U.S.C. § 330. Accordingly, Dechert seeks reimbursement of expenses incurred in rendering services during the Compensation Period.

51.     In accordance with the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Guidelines, Dechert maintains the following policies with respect to expenses for which reimbursement is sought:

a.    Internal Duplicating - Charged at $0.10 per page, based upon the cost of duplicating services, which varies due to volume;

b.    Outside Duplicating - Outside duplicating by third parties is charged at the actual cost billed to Dechert;

d.    Computer Research Charges  - Westlaw and Lexis legal research is charged according to an equation based on the flat fee charged to Dechert (approximately 50% of the estimated cost for hourly rate for Lexis; approximately 70% of the estimated cost for hourly rate for Westlaw);

g.    Delivery Services - Dechert's practice is to charge postal, overnight delivery, and courier services at actual cost;

i.    Meals - In accordance with the Guidelines, meals charged to the Debtors were either associated with (i) out-of-town travel and are limited to $40 per person; or (ii) attorneys working at least two hours beyond their normal workday on matters concerning the chapter 11 cases and are limited to $20 per person.

## AUTHORITY FOR
## ALLOWANCE OF COMPENSATION

52.     Bankruptcy Code section 331 allows a bankruptcy court to authorize interim compensation for "[a] trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title… not more than once every 120 days after an order for relief in a case under this title…."

16

53.    Section 330 of the Bankruptcy Code authorizes the bankruptcy court to

award a trustee, examiner, ombudsman or professional employed pursuant to 11 U.S.C. § 327

reasonable compensation for services and reimbursement of expenses.  Specifically, section 330

of the Bankruptcy Code provides that:

> (a)(1) After notice to the parties in interest and the United States
> Trustee and a hearing, and subject to sections 326, 328 and 329, the
> court may award to . . . a professional person employed under
> section 327 or 1103 –
>
> (A) reasonable compensation for actual, necessary services rendered
> by . . . professional person, or attorney and by any paraprofessional
> person employed by any such person; and
>
> (B) reimbursement for actual necessary expenses. . . .
>
> (3) In determining the amount of reasonable compensation to be
> awarded, the court shall consider the nature, the extent, and the value
> of such services, taking into account all relevant factors, including–
>
> A.    the time spent on such services;
>
> B.    the rates charged for such services;
>
> C.    whether the services were necessary to the administration of, or beneficial
> at the time at which the services were rendered toward the completion of, a
> case under this title;
>
> D.    whether the services were performed within a reasonable amount of time
> commensurate with the complexity, importance, and nature of the problem,
> issue, or task addressed; and
>
> E.    whether the compensation is reasonable based on the customary
> compensation charged by comparably skilled practitioners in case other
> than cases under this title.

54.    As set forth below, under the standards set forth in Bankruptcy Code

section 330(a), Dechert's representation of the Debtors warrants payment of its fees and

reimbursement of its expenses.

a.    <u>Time and labor required</u>:  As stated above, Dechert has expended 1,052.2
hours in its representation of the Debtors during the Compensation Period,

17

with a blended average billable rate of $971.19 per hour for all timekeepers. All of the time spent by Dechert in these cases was necessary and appropriate and benefited the Debtors, their estates, their creditors, and other parties-in-interest. Dechert submits that it has represented the Debtors in an efficient, timely, and cost-effective manner.

b.   <u>Novelty and difficulty of questions presented</u>:  The issues attended to by Dechert in connection with these cases were novel, complex, and difficult, requiring thorough attention and substantial firm resources.

c.   <u>Skill required to perform legal services properly</u>:  The experience, knowledge, and expertise of the various Dechert professionals and paraprofessionals representing the Debtors in these cases have facilitated and expedited the results achieved.  Providing mass tort products liability litigation advice to large debtors is a specialized practice that requires attorneys, such as the Dechert attorneys involved in this matter, with substantial expertise in various areas of the law.

d.   <u>Preclusion of other employment</u>:  Dechert's representation of the Debtors in these cases took time and effort that was not therefore available to provide comparable services to other current or potential clients.

e.   <u>Customary fee paid for such legal services</u>:  The hourly rates charged by Dechert for the services performed in these cases are discounted from the hourly rates regularly charged by Dechert in other similar matters and representations, and Dechert submits that they are discounted to the customary charges of other professionals and paraprofessionals with similar degrees of skill and expertise.

f.   <u>Experience, reputation, and ability of attorney</u>:  Dechert believes that its professionals who performed services for the Debtors have an excellent reputation for their skill, quality, integrity, and ability in bankruptcy and other matters.  Dechert's professionals have significant experience in matters of this nature and regularly represent companies similar to the Debtors in various matters in and out of bankruptcy.

g.   <u>Allowance in similar cases</u>:  Dechert asserts that the fees and expenses for which it seeks compensation and reimbursement are lower than the compensation sought and allowed in similar cases for similar services rendered and results obtained by Dechert and by its peer law firms.

## BUDGET AND STAFFING PLAN

55.     In accordance with the Retention Order and the Interim Compensation

Order, attached hereto as Exhibit F are the budget and staffing plan that Dechert provided to the

Debtors for the Compensation Period.

## QUESTIONS REQUIRED BY U.S. TRUSTEE GUIDELINES

56.     Dechert responds to the questions presented by the U.S. Trustee

Guidelines Appendix B as follows:

Question:  Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period?  If so, please explain.

Answer: Yes.  The Debtors enjoy discounted rates as well volume discounts as described in the Retention Application and disclosed on the Court docket at ECF No. 4628.

Question:  If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client?

Answer:  The fees sought by Dechert in the ninth interim fee application for the Compensation Period are not more than 10% higher than the fees budgeted pursuant to the budget provided by Dechert to the Debtors.  In fact, the total amount in fees sought by Dechert for the Compensation Period is $642,676.95 to $708,676.95 less than the amount originally budgeted by Debtors.

Question:  Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case?

Answer:  No.

Question:  Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.). If so, please quantify by hours and fees.

Answer:  Yes.  This application includes 111.8 hours with a discounted value of $35,001.00 incurred in connection with the preparation of Fee Applications and fee statements for the Debtors.

19

<u>Question</u>:  Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees.

<u>Answer</u>:  No. Dechert's review of its time records is done to ensure compliance with the Guidelines although in the process of such review, attention is given to confidential information.

<u>Question</u>:  If the fee application includes any rate increases since retention:

Did your client review and approve those rate increases in advance?

<u>Answer</u>:  Yes.  This application includes rate increases for the Litigation Services as described in the Notice of Increased Litigation Fees (ECF No. 4628).

Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11–458?

<u>Answer</u>:  No. The client did not agree to accept future rate increases.

## <u>NOTICE</u>

57.    Notice of this Application will be provided to: (a) the entities on the

Master Service List (as defined in the Case Management Order and available on the Debtors'

case website at https://restructuring.primeclerk.com/purduepharma) and (b) any party that has

requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "**Notice Parties**").

## CONCLUSION

WHEREFORE, Dechert respectfully requests that the Court enter an order (i) that allowance be made to it in the sum of $896,323.05 as the fair and reasonable value of its actual and necessary professional services rendered by Dechert to the Debtors during the Compensation Period; (ii) that allowance be made to it in the sum of $1,269.32 as reimbursement for Dechert's actual and necessary expenses incurred during the Compensation Period; (iii) authorizing and directing the Debtors to pay to Dechert the unpaid balance of all approved fees and expenses; (iv) holding that the allowance of such interim compensation for professional services rendered and reimbursement of actual necessary expenses incurred be without prejudice to Dechert's right to seek additional compensation for services performed and expenses incurred during the Compensation Period which were not processed at the time of this Application; and (v) granting Dechert such other and further relief as it deems just and proper.

Dated: October 14, 2022                    Respectfully submitted,

                                           */s/ Shmuel Vasser*
                                           Shmuel Vasser
                                           DECHERT LLP
                                           1095 Avenue of the Americas
                                           New York, New York 10036
                                           Telephone:  (212) 698-3500
                                           Facsimile:  (212) 698-3599

                                           *Attorneys for Debtors and Debtors in Possession*

21

**<u>EXHIBIT A</u>**

**Retention Order**

18174562.3

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

In re:

**PURDUE PHARMA L.P.**, *et al.*,

Debtors.[1]

Chapter 11

Case No. 19-23649 (RDD)

(Jointly Administered)

---

### ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT
### OF DECHERT LLP AS SPECIAL COUNSEL
### FOR THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE

Upon the application, dated November 5, 2019 (ECF No. 424) (the

"**Application**"),[2] of Purdue Pharma L.P. and its debtor affiliates, as debtors and debtors in

possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to

sections 327(e) and 328(a) of title 11 of the United States Code (the "**Bankruptcy Code**"),

Bankruptcy Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the

"**Bankruptcy Rules**"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the

Southern District of New York (the "**Local Rules**"), for entry of an order authorizing the Debtors

to retain Dechert as special counsel to the Debtors with respect to the Dechert Services, effective

*nunc pro tunc* to the Petition Date, all as more fully set forth in the Application; and upon the

declaration of Hayden Coleman, a partner of the law firm of Dechert LLP, attached to the

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014).  The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2]    Capitalized terms used but not defined in this Order shall have the meanings ascribed to them in the Application.

Application as **Exhibit B** (the "**Coleman Declaration**"), and this Court having jurisdiction to

consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)-

(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012

(Preska, C.J.); and consideration of the Application and the relief requested therein being a core

proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to

28 U.S.C. §§ 1408 and 1409; and notice of the Application having been provided to the Notice

Parties, such notice having been adequate and appropriate under the circumstances, and it

appearing that no other or further notice need be provided; and there being no objections to the

requested relief; and upon the record of the hearing held by the Court on the Application on

November 19, 2019; and it appearing that Dechert does not hold or represent an adverse interest

to the Debtors or their estates, is disinterested under section 101(14) of the Bankruptcy Code, and

that its retention to perform the Dechert Services is necessary and in the best interests of the

estates; now, therefore,

### IT IS HEREBY ORDERED THAT:

1.      The Application is granted as set forth herein.

2.      Pursuant to sections 327(e) and 328(a) of the Bankruptcy Code the Debtors

are authorized to retain Dechert as special counsel to the Debtors with respect to the Dechert

Services, effective *nunc pro tunc* to the Petition Date, and Dechert is authorized to perform the

Dechert Services described in the Application; provided, that Dechert shall use best efforts not to

duplicate services of any of the Debtors' other professionals.

3.      Dechert shall apply for compensation for professional services rendered and

reimbursement of expenses incurred in connection with the Dechert Services in compliance with

sections 330 and 331 of the Bankruptcy Code, as the case may be, and the applicable Bankruptcy

Rules, Local Rules, and fee and expense guidelines and orders of the Court.

4.      Dechert shall provide at least ten (10) business days' notice to the Debtors,
the U.S. Trustee and any statutory committee appointed in these chapter 11 cases before
implementing any increases in the rates set forth in the Application for professionals providing the
Dechert Services, and such notice shall be filed with the Court.

5.      Notice of the Application as provided therein is good and sufficient notice
of such Application and the requirements of Bankruptcy Rule 6004(h) and the Local Rules are
satisfied by such notice.

6.      Notwithstanding any provision in the Bankruptcy Rules to the contrary, the
terms and conditions of this Order are immediately effective and enforceable upon its entry.

7.      The Debtors are authorized to take all reasonable actions necessary to
effectuate the relief granted in this Order in accordance with the Application.

8.      In the event of any inconsistency between the Application and this Order,
the terms of this Order shall govern.

9.      This Court shall retain jurisdiction to hear and determine all matters arising
from or related to the implementation, interpretation, and enforcement of this Order.

Dated:    November 21, 2019
          White Plains, New York

                            /s/ Robert D. Drain
                            THE HONORABLE ROBERT D. DRAIN
                            UNITED STATES BANKRUPTCY JUDGE

**<u>EXHIBIT B</u>**

**Certification**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.**, *et al.*, | Case No. 19-23649 (SHL) |
| Debtors.[1] | (Jointly Administered) |

## STATEMENT PURSUANT TO
## FEDERAL RULE OF BANKRUPTCY PROCEDURE 2016(b)

I, Shmuel Vasser, Esquire, hereby declare the following under penalty of perjury:

1.     I am a Partner in the applicant firm, Dechert LLP, and have been admitted to the bar of New York since 1991.

2.     I have personally performed some of the legal services rendered by Dechert LLP as counsel for the Debtors, and I am familiar with all other work performed on behalf of the Debtors by the lawyers and paraprofessionals in the firm.

3.     I have read the foregoing interim fee application of Dechert, attorneys for Debtors, for the Compensation Period (the "Fee Application"). To the best of my knowledge, information and belief, the statements contained in the Fee Application are true and correct. In addition, I believe that the Fee Application complies with Local Bankruptcy Rule 2016-1 and the

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014).  The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

18174562.3

*Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New*

*York Bankruptcy Cases.*

4.      In connection therewith, I hereby certify that:

    a.  to the best of my knowledge, information, and belief, formed after reasonable inquiry, the fees and disbursements sought in the Fee Application are permissible under the relevant rules, court orders, and Bankruptcy Code provisions, except as specifically set forth herein;

    b.  except to the extent disclosed in the Fee Application, the fees and disbursements sought in the Fee Application are billed at rates customarily employed by Dechert and generally accepted by Dechert's clients. In addition, none of the professionals seeking compensation varied their hourly rate based on the geographic location of these chapter 11 cases;

    c.  the total fees sought do not exceed the total fees budgeted in the budget and staffing plan;

    d.  Dechert disclosed increases in hourly rates from those disclosed in the Retention Application during the Interim Compensation Period for Litigation Services as described in *Dechert LLP's Second Notice of Increase in Hourly Rates for Litigation Services* ("**Notice of Increased Litigation Fees**") [Docket No. 4628];

    e.  Dechert is seeking compensation with respect to the approximately 111.8 hours with a discounted value of $35,001.00 in fees spent reviewing or revising time records, preparing, reviewing, and revising invoices, monthly fee statements, and Dechert's retention application. Dechert concurrently revises its invoices for compliance with the Guidelines and in the process of doing so also redacts privileged and confidential information as appropriate. Accordingly Dechert did not spend any additional time associated with the redaction of privileged or confidential information;

    f.  in providing a reimbursable expense, Dechert does not make a profit on that expense, whether the service is performed by Dechert in-house or through a third party;

    g.  in accordance with Bankruptcy Rule 2016(a) and section 504 of the Bankruptcy Code, no agreement or understanding exists between Dechert and any other person for the sharing of compensation to be received in connection with the above cases except as authorized pursuant to the Bankruptcy Code, Bankruptcy Rules, or Local Rules;

2

h.   all services for which compensation is sought were professional services on behalf of Debtors and not on behalf of any other person; and

i.   the U.S. Trustee, the Debtors, and all parties required under the Interim Compensation Order have been provided with a statement of the fees and disbursements for each month within the Compensation Period.

5.   I hereby certify under 28 U.S.C. § 1746 that the foregoing is true and

correct to the best of my knowledge, information, and belief.

Dated: October 14, 2022                    Respectfully submitted,

                                           /s/ Shmuel Vasser
                                           Shmuel Vasser
                                           DECHERT LLP
                                           1095 Avenue of the Americas
                                           New York, New York 10036
                                           Telephone:  (212) 698-3500
                                           Facsimile:  (212) 698-3599
                                           shmuel.vasser@dechert.com

                                           *Attorneys for Debtors and Debtors in Possession*

3

**<u>EXHIBIT C</u>**

**Summary of Fees Requested by Timekeeper**

18174562.3

**Compensation by Individual for Debtors for Litigation Services**

| Name of Professional Person | Position of the Applicant | Practice Group or Department | Year of Obtaining License to Practice (if Applicable) | Hourly Billing Rate[1] | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|---|
| Sheila L. Birnbaum | Partner | Litigation | 1965 | 1,575.00 | 88.50 | 139,387.50 |
| Hayden A. Coleman | Partner | Litigation | 1985 | 1,105.00 | 199.10 | 220,005.50 |
| Paul A. LaFata | Partner | Litigation | 2007 | 1,025.00 | 81.00 | 83,025.00 |
| Shmuel Vasser | Partner | Restructuring/ Reorganization | 1988 | 1,315.00 | 22.70 | 29,850.50 |
| Christopher R. Boisvert | Counsel | Litigation | 2009 | 1,025.00 | 1.50 | 1,537.50 |
| Danielle Gentin Stock | Counsel | Litigation | 1999 | 1,025.00 | 257.80 | 264,245.00 |
| Noah Becker | Associate | Litigation | 2019 | 770.00 | 68.40 | 52,668.00 |
| Alyssa C. Clark | Associate | Litigation | 2017 | 935.00 | 88.10 | 82,373.50 |
| Daniel Goldberg-Gradess | Associate | Litigation | 2018 | 870.00 | 118.70 | 103,269.00 |
| Justin M. Kadoura | Associate | Litigation | 2017 | 935.00 | 9.40 | 8,789.00 |
| Nicholas C. Dean | Staff Attorney | Litigation | N/A | 465.00 | 9.90 | 4,603.50 |
| Antonella Capobianco-Ranallo | Paralegal | Litigation | N/A | 300.00 | 28.00 | 8,400.00 |
| Matthew B. Stone | Paralegal | Restructuring/ Reorganization | N/A | 300.00 | 79.10 | 23,730.00 |
| **Total** | | | | | **1,052.20** | **$1,021,884.00** |
| **Volume Discounts[2]** | | | | | | **($102,188.40)** |
| **Fee Application Discount** | | | | | | **($23,372.55)** |
| **Discounted Total** | | | | | | **$896,323.05** |

---

[1]    As described in the Notice of Increased Litigation Fees, the billing rates for the Compensation Period reflect voluntary discounts of 0 to 10% for senior partners, 5% to 12% for partners, 5% for counsel, and 5% to 7% for associates.

[2]    The Notice of Increased Litigation Fees described discounts in amounts of 15% up to $3 million, 18% from $3 million and to $6 million, and 20% above $6 million, as reflected herein.

18174562.3

## EXHIBIT D

**Summary of Fees Requested by Project Category**

**Summary of Fees Requested by Project Category**

| Code | Project Category | Total Hours | Total Fees | Discounted Total Fees |
|------|------------------|-------------|------------|----------------------|
| B110 | Case Administration | 6.80 | 6,611.00 | 5,949.90 |
| B160 | Fee/Employment Applications | 111.80 | 64,859.50 | 35,001.00 |
| B260 | Board of Directors Matters | 22.90 | 28,809.50 | 25,928.55 |
| L120 | Analysis/Strategy | 124.00 | 133,941.00 | 120,546.90 |
| L130 | Experts/Consultants | 1.50 | 1,590.50 | 1,431.45 |
| L160 | Settlement/Non-Binding ADR | 27.90 | 31,647.50 | 28,482.75 |
| L210 | Pleadings | 10.40 | 10,148.50 | 9,133.65 |
| L220 | Preliminary Injunctions/Provisional Remedies | 341.50 | 364,578.50 | 328,120.65 |
| L230 | Court Mandated Conferences | 10.50 | 12,348.50 | 11,113.65 |
| L250 | Other Written Motions and Submissions | 0.30 | 331.50 | 298.35 |
| L310 | Written Discovery | 7.90 | 8,121.50 | 7,309.35 |
| L320 | Document Production | 44.20 | 39,984.50 | 35,986.05 |
| L330 | Depositions | 102.40 | 89,349.50 | 80,414.55 |
| L390 | Other Discovery | 213.50 | 207,203.00 | 186,482.70 |
| L430 | Written Motions and Submissions | 0.60 | 663.00 | 596.70 |
| L440 | Other Trial Preparation and Support | 20.00 | 14,420.50 | 12,978.45 |
| L460 | Post-Trial Motions and Submissions | 1.30 | 1,332.50 | 1,199.25 |
| L510 | Appellate Motions and Submissions | 1.70 | 1,878.50 | 1,690.65 |
| L530 | Oral Argument | 3.00 | 4,065.00 | 3,658.50 |
| | | | | |
| **Totals** | | **1,052.20** | **$995,914.50**[1] | **$896,323.05**[2] |

---

[1]    This amount reflects the discounted billing rates but not the discounts for aggregate fees.

[2]    This amount reflects the discounted billing rates and discounts for aggregate fees.

18174562.3

## **EXHIBIT E**

**Summary of Expense Reimbursement Requested by Category**

18174562.3

## Expense Summary for Debtors

| Expenses Category | Total Expenses |
|---|---|
| Courier/Messenger Services | 15.99 |
| Courtlink Search | 117.86 |
| Docket Fees | 17.16 |
| Document Storage/Retrieval | 120.00 |
| Federal Express Charges | 21.97 |
| Filing Fees and Related | 60.00 |
| Lexis/Legal Research | 666.68 |
| Overtime Dinner Expense | 60.00 |
| Pacer Research Fees | 33.30 |
| Research Fees | 3.81 |
| Westlaw Search Fees | 152.55 |
|  |  |
| **Total** | **$1,269.32** |

18174562.3

## EXHIBIT F

**Budget and Staffing Plan**

18174562.3

**DECHERT LITIGATION BUDGET**
**MAY 2022 – AUGUST 2022**

| May 2022 | June 2022 | July 2022 | August 2022 |
|----------|-----------|-----------|-------------|
| $400,000 | $325,000 | $325,000 | $325,000 |

**BANKRUPTCY BUDGET**
**MAY 2022 – AUGUST 2022**

| CATEGORY | ESTIMATED FEES |
|----------|----------------|
| B110 - CASE ADMINISTRATION | $1,000-$2,500 |
| B160 - FEE/EMPLOYMENT APPLICATIONS | $35,000-$45,500 |
| B260 – BOARD OF DIRECTORS MATTERS | $5,000-$10,000 |

**Dechert Staffing Plan (May 2022 – August 2022)**

| Staffing Plan | | |
|---|---|---|
| Years of Experience for Timekeeper (based on law school graduation) | Timekeepers Expected to Work on the Matter During the Budget Period | Average Hourly Rate |
| 15+ Years | 5 | $1,209.00 |
| 8-14 Years | 2 | $987.50 |
| 4-7 Years | 3 | $925.00 |
| 0-3 Years | 2 | $617.50 |
| Paralegal | 4 | $300.00 |

18174562.3

## **EXHIBIT G**

**Blended Rate Schedule**

**Blended Rate Schedule**

Dechert's hourly rates for bankruptcy services are comparable to the hourly rates charged in complex chapter 11 cases by comparably skilled bankruptcy attorneys. In addition, Dechert's hourly rates for bankruptcy services are comparable to the rates charged by the Firm, and by comparably skilled practitioners in other firms, for complex corporate and litigation matters, whether in court or otherwise, regardless of whether a fee application is required. By way of example, Dechert's blended hourly rates for attorneys and paraprofessionals in the Financial Services, the Finance and Real Estate, and the White Collar, Securities, and Complex Commercial Litigation practice groups of the Firm for the prior calendar year were as set forth below. Dechert believes that the services performed by those sections of the Firm are comparable to the services performed professionals who performed services during the Compensation Period. Also included below is blended hourly rate information for the past calendar year for all sections of the Firm.

| Category of Timekeeper | Blended Hourly Rate[1] | | |
| | Billed In comparable practice areas[2] for 5/1/2022 - 8/31/2022 | Billed Firm-wide for 5/1/2022 - 8/31/2022 | Billed This Application |
|---|---|---|---|
| Partner | 1,199.00 | 1,204.00 | 1,206.92 |
| Counsel | 961.00 | 953.00 | 1,025.00 |
| Associate | 807.00 | 791.00 | 868.23 |
| Paralegal | 372.00 | 341.00 | 300.00 |
| Aggregated: | 893.00 | 894.00 | 976.00[3] |

1 - All columns reflect (a) US information only and (b) blended rates for Dechert professionals reflect the discounted billing rates but not the discounts for aggregate fees
2 - Comparable practice areas reflect PLMT, TIS, FRE, and FSG information only
3 - This aggregated blended rate does not include Staff Attorneys, Project Assistants, or Patent Agents

18174562.3