KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York  10036-2601
Telephone: (212) 556-2100
Facsimile:  (212) 556-2222
Scott Davidson

*Special Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (RDD)** |
| Debtors.[1] | **(Jointly Administered)** |

**SUMMARY SHEET FOR NINTH INTERIM FEE APPLICATION OF KING &
SPALDING LLP FOR COMPENSATION FOR SERVICES RENDERED AND
REIMBURSEMENT OF EXPENSES INCURRED AS SPECIAL COUNSEL TO THE
DEBTORS AND DEBTORS IN POSSESSION FOR THE PERIOD FROM
APRIL 1, 2022 THROUGH AUGUST 31, 2022**

| | |
|---|---|
| **Name of Applicant** | King & Spalding LLP |
| **Applicant's Role in Case** | Special Counsel to Purdue Pharma L.P., *et al.* |
| **Date Order of Employment Signed** | November 25, 2019 [D.I. 543] |
| **Period for Which Compensation and Reimbursement is Sought** | April 1, 2022 through August 31, 2022 |

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014).  The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

| Summary of Total Fees and Expenses Requested | |
| --- | --- |
| **Total Compensation Sought for the Fee Period** | $1,577,209.96 |
| **Total Expense Reimbursement Sought for the Fee Period** | $11,242.48 |
| **Total Fees and Expenses Sought for the Fee Period** | $1,588,452.44 |
| **Total Allowed Fees Paid to Date** | $24,056,633.55[2] |
| **Total Allowed Expenses Paid to Date** | $4,083.75[3] |
| **Total Allowed Fees and Expenses Paid to Date** | $24,060,717.30 |
| **Fees Sought for the Fee Period Already Paid Pursuant to Monthly Fee Statements But Not Yet Allowed** | $1,264,055.15 |
| **Expenses Sought for the Fee Period Already Paid Pursuant to Monthly Fee Statements But Not Yet Allowed** | $8,955.30 |
| **Total Fees and Expenses Sought for the Fee Period Already Paid Pursuant to Monthly Fee Statements But Not Yet Allowed** | $1,273,010.45 |
| **Total Fees Sought for this Fee Period Not Yet Paid** | $313,154.81 |
| **Total Expenses Sought for this Fee Period Not Yet Paid** | $2,287.18 |
| **Total Fees and Expenses Sought for this Fee Period Not Yet Paid** | $315,441.99 |
| **This is a(n):___** Monthly Application   <u>X</u> Interim Application ___ Final Application | |

---

[2]   The amount of total allowed fees paid to date takes into account the voluntary reductions previously agreed to with the Fee Examiner and as ordered by the Court.

[3]   The amount of total allowed expenses paid to date takes into account the voluntary reductions previously agreed to with the Fee Examiner and as ordered by the Court.

| | | Summary of Prior Monthly Fee Statements | | | |
|---|---|---|---|---|---|
| Date Filed & D.I | Fee period | Total Fees and Expenses Incurred for Fee Period | | Total Amount Previously Requested in Prior Monthly Fee Statement | |
| | | Fees | Expenses | Fees (at 80%) | Expenses (at 100%) |
| First Interim Fee Application | | | | | |
| 12/11/2019 [D.I. 640] | September 16, 2019 through September 30, 2019 | $581,627.76 | $55.83 | $465,302.21 | $55.83 |
| 12/11/2019 [D.I. 641] | October 1, 2019 through October 31, 2019 | $583,496.35 | $0.00 | $466,797.08 | $0.00 |
| 12/11/2019 [D.I. 642] | November 1, 2019 through November 30, 2019 | $1,491,106.40 | $1,306.02 | $1,192,885.12 | $1,306.02 |
| 1/24/2020 [D.I. 779] | December 1, 2019 through December 31, 2019 | $1,615,877.32 | $0.00 | $1,292,701.86 | $0.00 |
| 3/4/2020 [D.I. 896] | January 11, 2020 through January 31, 2020 | $1,136,264.07 | $2,483.55 | $911,494.81 | $2,483.55 |
| Second Interim Fee Application | | | | | |
| 3/31/2020 [D.I. 1000] | February 1, 2020 through February 29, 2020 | $1,117,578.05 | $0.00 | $894,062.44 | $0.00 |
| 4/30/2020 [D.I. 1115] | March 1, 2020 through March 31, 2020 | $1,229,524.46 | $35.25 | $983,619.57 | $35.25 |
| 6/4/2020 [D.I. 2020] (*Amended Fee Statement*) | April 1, 2020 through April 30, 2020 | $1,111,694.89 | $0.00 | $889,355.91 | $0.00 |
| 6/25/2020 [D.I. 1299] | May 1, 2020 through May 31, 2020 | $1,177,877.10 | $0.00 | $942,301.68 | $0.00 |
| Third Interim Fee Application | | | | | |
| 7/31/20 [D.I. 1542] | June 1, 2020 through June 30, 2020 | $1,453,946.23 | $0.00 | $1,163,156.98 | $0.00 |
| 8/31/20 [D.I. 1634] | July 1, 2020 through July 31, 2020 | $1,766,772.80 | $0.00 | $1,413,418.24 | $0.00 |

| 9/25/20 [D.I. 1728] | August 1, 2020 through August 31, 2020 | $2,653,484.87 | $133.10 | $2,122,787.90 | $133.10 |
|---|---|---|---|---|---|
| 10/30/20 [D.I. 1876] | September 1, 2020 through September 30, 2020 | $1,085,463.37 | $0.00 | $868,370.70 | $0.00 |
| *Fourth Interim Fee Application* | | | | | |
| 11/18/20 [D.I. 2009] (*Amended Fee Statement*) | October 1, 2020 through October 31, 2020 | $1,006,438.81 | $0.00 | $805,151.05 | $0.00 |
| 12/14/20 [D.I. 2131] | November 1, 2020 through November 30, 2020 | $590,482.07 | $0.00 | $472,385.66 | $0.00 |
| 1/19/21 [D.I. 2293] | December 1, 2020 through December 31, 2020 | $333,983.27 | $70.00 | $267,186.62 | $70.00 |
| 2/26/21 [D.I. 2423] | January 1, 2021 through January 31, 2021 | $197,168.16 | $0.00 | $157,734.53 | $0.00 |
| *Fifth Interim Fee Application* | | | | | |
| 3/31/21 [D.I. 2577] | February 1, 2021 through February 28, 2021 | $285,073.71 | $0.00 | $228,058.97 | $0.00 |
| 4/29/21 [D.I. 2771] | March 1, 2021 through March 31, 2021 | $123,212.49 | $0.00 | $98,569.99 | $0.00 |
| 5/28/21 [D.I. 2953] | April 1, 2021 through April 30, 2021 | $310,623.40 | $70.00 | $248,498.72 | $70.00 |
| 6/28/21 [D.I. 3071] | May 1, 2021 through May 31, 2021 | $81,178.76 | $0.00 | $64,943.01 | $0.00 |

| | | | | | |
|---|---|---|---|---|---|
| *Sixth Interim Fee Application* | | | | | |
| 7/28/21 [D.I. 3331] | June 1, 2021 through June 30, 2021 | $437,635.97 | $0.00 | $350,108.78 | $0.00 |
| 9/22/21 [D.I. 3805] (*Amended Fee Statement*) | July 1, 2021 through July 31, 2021 | $728,563.94 | $0.00 | $582,851.15 | $0.00 |
| 9/30/21 [D.I. 3852] | August 1, 2021 through August 31, 2021 | $774,206.81 | $0.00 | $619,365.45 | $0.00 |
| 10/29/21 | September 1, 2021 through September 30, 2021 | $399,611.24 | $0.00 | $319,688.99 | $0.00 |
| *Seventh Interim Fee Application* | | | | | |
| 12/1/2021 [D.I. 4189] | October 1, 2021 through October 31, 2021 | $267,812.67 | $0.00 | $214,250.14 | $0.00 |
| 12/8/2021 [D.I. 4206] | November 1, 2021 through November 30, 2021 | $226,388.70 | $0.00 | $181,110.96 | $0.00 |
| 2/1/2022 [D.I. 4318] | December 1, 2021 through December 31, 2021 | $272,547.75 | $0.00 | $218,038.20 | $0.00 |
| 3/2/2022 [D.I. 4404] | January 1, 2022 through January 31, 2022 | $351,565.20 | $0.00 | $281,252.16 | $0.00 |
| *Eighth Interim Fee Application* | | | | | |
| 3/31/2022 [D.I. 4614] | February 1, 2022 through February 28, 2022 | $505,473.77 | $0.00 | $404,379.02 | $0.00 |
| 4/27/2022 [D.I. 4706] | March 1, 2022 through March 31, 2022 | $415,655.85 | $0.00 | $332,524.68 | $0.00 |
| *Ninth Interim Fee Application* | | | | | |
| 6/1/2022 [D.I. 4877] | April 1, 2022 through April 30, 2022 | $289,219.96 | $2,287.18 | $231,375.97 | $2,287.18 |
| 7/1/2022 [D.I. 4938] | May 1, 2022 through May 31, 2022 | $561,946.98 | $0.00 | $449,557.58 | $0.00 |
| 7/26/2022 [D.I. 4977] | June 1, 2022 through June 30, 2022 | $363,573.19 | $0.00 | $290,858.55 | $0.00 |

| 8/26/2022 [D.I. 5038][4] | July 1, 2022 through July 31, 2022 | $181,204.45 | $8,955.30 | $144,963.56 | $8,955.30 |
|---|---|---|---|---|---|
| 9/16/2022 [D.I. 5078] | August 1, 2022 through August 31, 2022 | $181,265.38 | $0.00 | $145,012.30 | $0.00 |
| **Total for Ninth Interim Fee Application** | | **$1,577,209.96** | **$11,242.48** | **$1,261,767.96** | **$11,242.48** |

**Summary of Any Objections to Monthly Fee Statements: None.**

**Fees and Expenses Sought in this Fee Application Not Yet Paid: $315,441.99**

| Compensation by Professional for Fee Period[5] | | | | |
|---|---|---|---|---|
| **Name of Professional Individual** | **Position, Year Assumed Position, Prior Relevant Experience, years of Obtaining Relevant License to Practice** | **Hourly Billing Rate** | **Total Hours Billed** | **Total Compensation** |
| **Partners** | | | | |
| Jeffrey Bucholtz | Partner; joined K&S 2009; admitted to Washington, D.C. 1996 | $1,295.00 | 181.3 | $234,593.50 |
| Mark Jensen | Partner; joined K&S 2000; admitted to Washington, D.C. 1999 | $1,390.00 | 46.7 | $64,913.00 |
| Paul Mezzina | Partner; joined K&S 2020; admitted to California 2009, Washington, D.C. 2011 | $1,075.00 | 39.5 | $42,462.50 |
| Rose Jones | Partner; joined K&S 2003; admitted to Georgia 2002 | $540.00 | 129.0 | $69,488.00 |
| John Tucker | Partner; joined K&S 1999; admitted to Kentucky 1995, Georgia 2000 | $540.00 | 5.2 | $2,808.00 |

---

[4]    In the Thirty-Fifth Monthly Fee Statement of King & Spalding LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Special Counsel to the Debtors and Debtors in Possession for the Period From July 1, 2022 through July 31, 2022 [D.I. 5038], the fee amount sought inadvertently included the fees and expenses for that fee period, rather than only the fees. These amounts have been corrected in this Fee Application. The Debtors have not made a payment to K&S based on the incorrect amount of fees.

[5]    The hourly billing rate and total compensation listed for each timekeeper do not reflect additional discounts, as applicable, agreed to with the Debtors.

| Name of Professional Individual | Position, Year Assumed Position, Prior Relevant Experience, years of Obtaining Relevant License to Practice | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| **Counsel** | | | | |
| Scott Davidson | Counsel; joined K&S 2009; admitted to New York 1996 | $1,364.00 | 50.4 | $59,774.29 |
| Luke Fields | Counsel; joined K&S 2012; admitted to Indiana 2012, Washington, D.C. 2013 | $1,160.00 | 7.9 | $7,972.68 |
| Glenn Johnson | Counsel; joined K&S 2003; admitted to Georgia 1994, Florida 1995 | $1,100.00 | 2.6 | $2,488.20 |
| Taylor Lankford | Counsel; joined K&S 2011; admitted to Virginia 2010, Washington, D.C. 2011 | $1,160.00 | 94.1 | $94,965.72 |
| **Associates** | | | | |
| Leia Shermohammed | Associate; joined K&S 2017; admitted to Georgia 2015 | $855.00 | 24.6 | $18,298.70 |
| Britney Baker | Associate; joined K&S 2018; admitted to Georgia 2018 | $660.00 | 7.9 | $4,536.16 |
| Ted Hocter | Associate; joined K&S 2021; admitted to Texas 2020 | $625.00 | 9.7 | $5,274.40 |
| **Discovery Counsel** | | | | |
| Kassi Burns | Discovery counsel; joined K&S 2021; admitted to Arkansas 2006 | $375.00 | 237.4 | $88,805.00 |
| **Privilege Review Attorneys** | | | | |
| Melissa Dempsey | Privilege review attorney; joined K&S 1998; admitted to New York 1996, Washington, D.C. 1999 | $250.00 | 23.9 | $ 5,975.00 |
| Michael Douglas | Privilege review attorney; joined K&S 2003; admitted to Georgia 1999 | $250.00 | 304.6 | $76,144.00 |
| Frankie Evans | Privilege review attorney; joined K&S 1997; admitted to Texas 1994, Georgia 1999 | $250.00 | 21.6 | $5,400.00 |
| Gary Greco | Privilege review attorney; joined K&S 2000; admitted to Maryland 1995 | $250.00 | 43.3 | $10,825.00 |

| Name of Professional Individual | Position, Year Assumed Position, Prior Relevant Experience, years of Obtaining Relevant License to Practice | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Lori Maryscuk | Privilege review attorney; joined K&S 1998; admitted to Virginia 1997, Georgia 1997 | $250.00 | 26.1 | $6,525.00 |
| Ed McCafferty | Privilege review attorney; joined K&S 2004; admitted to New York 1993, Pennsylvania 1994, Washington, D.C. 1999 | $250.00 | 16.5 | $4,125.00 |
| Chong Pak | Privilege review attorney; joined K&S 2015; admitted to Georgia 2012 | $250.00 | 45.7 | $11,425.00 |
| Susie Sacks | Privilege review attorney; joined K&S 2008; admitted to Georgia 2002 | $250.00 | 104.4 | $26,100.00 |
| David Vandiver | Privilege review attorney; joined K&S 1998; admitted to Georgia 1990 | $250.00 | 68.1 | $17,025.00 |
| Hao Wang | Privilege review attorney; joined K&S 2016; admitted to Indiana 2011, Georgia 2017, Texas 2019 | $250.00 | 33.9 | $8,475.00 |
| Amanda Wheeler | Privilege review attorney; joined K&S 2008; admitted to Washington, D.C. 2002 | $250.00 | 35.3 | $8,825.00 |
| Treaves Williams | Privilege review attorney; joined K&S 2003; admitted to Georgia 1999 | $250.00 | 96.0 | $24,000.00 |
| Shannon Ziliak | Privilege review attorney; joined K&S 2006; admitted to Georgia 2005 | $250.00 | 783.5 | $195,870.00 |
| Janine Burke | Privilege review attorney; joined K&S 2021; admitted to Maryland 2012 | $250.00 | 480.5 | $120,022.00 |
| Robert Casey | Privilege review attorney; joined K&S 2021; admitted to New York 2002 | $250.00 | 333.5 | $83,333.00 |
| Dominic Gallucci | Privilege review attorney; joined K&S 2021; admitted to Washington 2019 | $250.00 | 298.2 | $74,438.00 |

| Name of Professional Individual | Position, Year Assumed Position, Prior Relevant Experience, years of Obtaining Relevant License to Practice | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Austin Gibson | Privilege review attorney; joined K&S 2017; admitted to Georgia 2016 | $250.00 | 405.3 | $101,075.00 |
| Chris Harris | Privilege review attorney; joined K&S | $250.00 | 10.2 | $2,550.00 |
| Kathleen Lynch | Privilege review attorney; joined K&S 2014; admitted to Georgia 2011 | $250.00 | 477.5 | $119,219.00 |
| Justin Saxon | Privilege review attorney; joined K&S 2007, admitted to Georgia 2006 | $250.00 | 94.9 | $23,725.00 |
| Rebekah Spotts | Privilege review attorney; joined K&S 2021; admitted to New York 2011 | $250.00 | 13.1 | $3,144.00 |
| **Paraprofessionals** | | | | |
| Dan Handley | Senior paralegal; joined K&S 2003 | $240.00 | 112.7 | $27,031.50 |
| Ernest Clements | Litigation Specialist; joined K&S 1998 | $360.00 | 78.0 | $28,080.00 |
| Jeanine Schroer | Litigation Specialist; joined K&S 2000 | $360.00 | 5.4 | $1,944.00 |
| Jarrett Ward | Litigation Specialist; joined K&S 2018 | $360.00 | 1.5 | $540.00 |
| Chip Whaley | Litigation Specialist; joined K&S 2007 | $360.00 | 26.4 | $9,504.00 |

| Total Fees for Compensation Period | | | |
|---|---|---|---|
| | **Blended Rate** | **Total Hours Billed** | **Total Compensation** |
| Partners | $967.52 | 401.7 | $365,459.81 |
| Counsel | $1,195.80 | 155.0 | $165,200.89 |
| Associates | $713.33 | 42.2 | $28,109.26 |
| Discovery Counsel | $374.07 | 237.4 | $83,289.89 |
| Privilege Review Attorneys | $249.44 | 3,716.1 | $872,377.01 |
| Paraprofessionals | $335.97 | 224.0 | $62,773.10 |
| **Blended Attorney Rate** | $332.68 | | |
| **Blended Rate for All Timekeepers** | $330.21 | | |
| **Total Fees Incurred** | **$1,586,165.26** | | |

| Compensation by Project Category for Fee Period | | |
|---|---|---|
| **Project Category** | **Total Hours Billed** | **Total Compensation[6]** |
| Analysis/Strategy | 265.4 | $285,377.33 |
| Document/File Management | 158.7 | $78,603.20 |
| Document Production (Defense) | 4143.9 | $1,110,218.42 |
| Depositions | 26.2 | $6,518.00 |
| Oral Argument | 39.5 | $36,942.36 |
| Written and Other Discovery | 56.7 | $57,221.64 |
| Other Discovery (Defense) | 1.6 | $1,614.72 |
| Retention and Fee Applications | 84.4 | $94,889.54 |

---

[6] The total compensation listed in each category does not reflect additional discounts, as applicable, agreed to with the Debtors.

| Expense Summary for Fee Period | |
|---|---|
| **Expense Summary** | **Amount** |
| Airfare | $291.00 |
| Business Meals | $143.57 |
| Cabfare | $187.24 |
| Hotel | $1,361.90 |
| Transportation Costs | $303.47 |
| Litigation Support Vendor | $8,955.30 |
| **Total** | **$11,242.48** |

KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036-2601
Telephone: (212) 556-2100
Facsimile: (212) 556-2222
Scott Davidson

*Special Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | **Chapter 11** |
| **PURDUE PHARMA L.P.,** *et al.*, | **Case No. 19-23649 (RDD)** |
| Debtors.[1] | **(Jointly Administered)** |

**NINTH INTERIM FEE APPLICATION OF KING & SPALDING LLP FOR
COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF
EXPENSES INCURRED AS SPECIAL COUNSEL TO THE
DEBTORS AND DEBTORS IN POSSESSION FOR THE PERIOD FROM
APRIL 1, 2021 THROUGH AUGUST 31, 2022**

Pursuant to sections 327, 330, and 331 of chapter 11 of title 11 of the United States Code

(the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the

"**Bankruptcy Rules**"), Rule 2016-1 of the Local Bankruptcy Rules for the United States

Bankruptcy Court for the Southern District of New York (the "**Local Rules**"), the *Order*

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014).  The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

*Authorizing the Retention and Employment of King & Spalding LLP as Special Counsel for the Debtors* Nunc Pro Tunc *to the Petition Date*, dated November 25, 2019 [D.I. 543] (the "**Initial Retention Order**"), the *Order Authorizing Application of Debtors for Authority to Supplement Retention and Employment of King & Spalding LLP as Special Counsel to the Debtors Nunc Pro Tunc To July* 7, *2021*, dated August 18, 2021 [Docket No. 3596] (the "**Supplemental Retention Order**," and with the Initial Retention Order, the "**Retention Orders**"), and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals*, dated November 21, 2019 [D.I. 529] (the "**Interim Compensation Order**"), the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases Pursuant to General Order M-447 (Jan. 29, 2013) (the "**Local Guidelines**"), and the U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013 (the "**UST Guidelines**," and together with the Interim Compensation Order and the Local Guidelines, the "**Fee Guidelines**"), King & Spalding LLP ("**K&S**"), special counsel to the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), submits this *Ninth Interim Application for Compensation for Services Rendered and Expenses Incurred for the Period from April 1, 2022 Through August 31, 2022* (this "**Fee Application**").[2]  By this Fee Application, and after taking into account certain voluntary discounts and reductions,[3] K&S seeks court approval for (i) compensation for professional services performed during the Fee Period in the amount of $1,577,209.96 and (ii) reimbursement of actual,

---

[2]    The period from April 1, 2022 through and including August 31, 2022 is referred to herein as the "**Fee Period**."
[3]    K&S agreed as a courtesy to the Debtors to bill at approximately 90% of its hourly rates in effect when the services are rendered.  Additionally, K&S agreed to offer additional discounts on certain fees, including but not limited to on a sliding scale on fees exceeding certain amounts.

necessary expenses incurred in connection with the rendition of such services in the amount of $11,242.48.

## BACKGROUND

1.      On September 16, 2019 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code. On September 27, 2019, the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed the creditors' committee pursuant to section 1102 of the Bankruptcy Code [D.I. 131]. On April 8, 2020, the Court entered an order authorizing the appointment of an independent fee examiner [D.I. 1023]. No request has been made for the appointment of a trustee.

2.      The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) and the *Order Directing Joint Administration of Chapter 11 Cases* [D.I. 59] entered by the Court in each of the chapter 11 cases.

3.      Additional information about the Debtors' businesses and the events leading up to the Petition Date can be found in the *Debtors' Informational Brief* [D.I. 17].

## RETENTION OF K&S

4.      On November 5, 2019, the Debtors applied to the Court for an order approving the retention of K&S as special counsel to the Debtors (the "**Initial Retention Application**") [D.I. 427].

5.      On November 25, 2019, the Court entered the Initial Retention Order authorizing the Debtors to retain K&S as special counsel under the terms set forth in the Initial Retention Application.

6.      On July 30, 2021, the Debtors applied to the Court for an order supplementing the retention and employment of K&S to include additional services, effective *nunc pro tunc* to July

7, 2021 (the "**Supplemental Retention Application**", and with the Initial Retention Application,

the "**Retention Applications**") [D.I. 3352].

7.       On August 18, 2021, the Court entered the Supplemental Retention Order

authorizing the Debtors to retain K&S as special counsel under the terms set forth in the

Supplemental Retention Application.

8.       The Retention Orders authorized the Debtors to compensate and reimburse K&S in

accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other

applicable procedures and orders of the Court.  Specifically, the Retention Orders authorized the

Debtors to retain and employ K&S in accordance with the rates set forth in the Retention

Applications, to compensate K&S for services rendered, and to reimburse K&S for its reasonable

and necessary expenses incurred, subject to application to this Court.

9.       To date, the Debtors have paid K&S a total of $25,333,727.75.

### SUMMARY OF PROFESSIONAL COMPENSATION AND REIMBURSEMENT OF EXPENSES REQUESTED

10.      In this Fee Application, K&S seeks allowance of compensation for professional

services performed during the Fee Period in the amount of $1,577,209.96 and of expenses incurred

in connection with the rendition of such services in the amount of $11,242.48.  During the Fee

Period, K&S professionals expended a total of 4,776.4 hours in connection with the necessary

services performed.

11.      The fees charged by K&S in these chapter 11 cases are billed in accordance with

K&S's existing billing rates and procedures in effect during the Fee Period (as discounted pursuant

to the arrangement with the Debtors described in the Retention Applications).  As disclosed in the

Retention Applications, K&S, among other things, agreed as a courtesy to the Debtors to bill at

approximately 90% of its hourly rates in effect when services are rendered.  Additionally, K&S

agreed to offer additional discounts to the Debtors, including but not limited to for certain fees on

a sliding scale on fees exceeding certain amounts. Such fees are reasonable based on the customary

compensation charged by comparably skilled practitioners performing services similar to those

performed by K&S in these cases in a competitive national legal market.

12.    **Exhibit B** attached hereto sets forth a summary and comparison of the aggregate

blended hourly rates billed by K&S's timekeepers during the preceding twelve-month year and the

blended hourly rates billed to the Debtors during the Fee Period.  **Exhibit C** attached hereto sets

forth a summary of fees by matter code against budgeted fees and hours. In the aggregate, K&S's

fees incurred during the Fee Period were below the budget estimates for the Fee Period.

13.    K&S's charges for its professional services are based upon the time, nature, extent

and value of such services and the cost of comparable services incurred in cases other than under

the Bankruptcy Code.

### PROFESSIONAL SERVICES RENDERED DURING THE FEE PERIOD

14.    In accordance with the UST Guidelines, all K&S professionals kept a

contemporaneous record of time spent rendering services and separated tasks in billing increments

of one-tenth (0.10) of an hour. The following is a summary of the significant professional services

rendered by K&S during the Fee Period.

     i.     DOJ Opioid Marketing Investigations

          Total Fees:    $138,889.86
          Total Hours:  123.3

During the Fee Period, K&S devoted substantial effort to assisting the Debtors in

connection with investigations by the U.S. Department of Justice and investigations and claims by

other entities in an effort to reach a global resolution. K&S's work in this regard included

communications with DOJ as well as legal and factual analysis relating to the Debtors' resolution with DOJ and a potential global resolution.

ii.       Bankruptcy Insurance Matter

Total Fees:    $494,424.67
Total Hours:    1,959.9

During the Fee Period, K&S rendered substantial legal services to the Debtors in connection with responses to discovery demands related to ongoing bankruptcy insurance proceedings.  K&S was responsible for managing privilege review teams across all active workflows and ensuring timely and proper productions.  The discovery team coordinated with the in-house legal department, outside co-counsel, and vendors TCDI and Cobra Legal Solutions to optimize document review workflows, advise and counsel on discovery strategy, lead analysis and review for privilege log challenges, conduct privilege review of pre-production sets and prepare final production sets for the review of 11,394 documents.  In addition to this work, K&S assisted case counsel with 40 deposition transcript summaries.

iii.      3rd Party Subpoena Response-Document/Discovery Services

Total Fees:    $514,641.48
Total Hours:    2,023.1

During the Fee Period, K&S rendered substantial legal services to the Debtors in connection with responses to discovery demands related to pending third party subpoena requests. K&S was responsible for managing privilege review teams across all active workflows and ensuring timely and proper productions.  The discovery team coordinated with the in-house legal department, outside co-counsel, and vendors TCDI and Cobra Legal Solutions to optimize document review workflows, advise and counsel on discovery strategy, conduct privilege review of pre-production sets and prepare final production sets for 23,196 documents. Project managers from the discovery team also coordinated with the in-house legal department, outside co-counsel,

and vendors TCDI and Cobra Legal Solutions to prepare 616,835 documents for witness kit exports of produced documents for third party subpoena deposition preparation.

iv.    Insurance Dispute Subpoenas

Total Fees:    $171,907.22
Total Hours:    165.2

During the Fee Period, K&S rendered substantial legal services to the Debtors in connection with certain discovery requests issued in the Debtors' insurance adversary proceeding.

v.    Appeal Regarding Confirmation Order

Total Fees:    $95,726.97
Total Hours:    91.8

During the Fee Period, K&S rendered substantial legal services to the Debtors in connection with the Debtors' appeal to the Second Circuit of the District Court's order reversing the Confirmation Order.

vi.    National Prescription Opiate Litigation (MDL)

Total Fees:    $2,804.40
Total Hours:    8.2

During the Fee Period, K&S rendered legal services to the Debtors in connection with certain discovery requests issued in the Debtors' insurance adversary proceeding relating to MDL deposition transcripts.

vii.    Fleishman Hilliard

Total Fees:    $74,516.25
Total Hours:    320.5

During the Fee Period, K&S rendered legal services to the Debtors in connection with responses to discovery demands related to pending third party subpoena requests.  K&S was responsible for managing privilege review teams across all active workflows and ensuring timely and proper productions.  The discovery team coordinated with the in-house legal department, outside co-counsel, and vendors Precision Legal to optimize document review workflows, advise

and counsel on discovery strategy, conduct privilege review of pre-production sets and prepare final production sets for 4,704 documents.

viii.    Retention and Fee Applications

Total Fees:    $84,299.11
Total Hours:   84.4

During the Fee Period, K&S instructed its timekeepers regarding disclosures required pursuant to the Bankruptcy Code, Bankruptcy Rules, Local Rules, and UST Guidelines.  In addition, among other things, K&S (i) prepared and filed its Eighth Interim Fee Application and its monthly fee statements pursuant to the Bankruptcy Code, Local Rules, and UST Guidelines, and (ii) worked with the Fee Examiner to address any issues raised by the Fee Examiner with respect to K&S's Eighth Interim Fee Application.

## REASONABLE AND NECESSARY SERVICES

13.    The foregoing professional services performed by K&S were necessary and appropriate. The professional services performed by K&S were in the best interests of the Debtors and their stakeholders.  Compensation for such services is commensurate with the complexity, importance, and nature of the issues and tasks that are involved in matters related to the opioid investigations. The professional services were performed skillfully and efficiently.

14.    In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by K&S is fair and reasonable given (a) the need for the preservation and maximization of value for all participants in these cases; (b) the complexity of the Debtors' matters related to opioid investigations; (c) the time and labor required to represent the Debtors effectively; (d) the nature and extent of services rendered; (e) K&S's experience, reputation and ability; (f) the value of K&S's services; and (g) the cost of comparable services other than in a case under the Bankruptcy Code.

15.     K&S has reviewed the requirements of the UST Guidelines and believes that this Fee Application complies in all material respects with those requirements. To the extent this Fee Application does not comply in every respect with the requirements of such guidelines, K&S respectfully requests a waiver for any such technical non-compliance.

## ACTUAL AND NECESSARY EXPENSES

16.     A schedule specifying the categories of expenses for which K&S is seeking reimbursement and the total amount for each such expense category is set forth on the attached summary sheet. K&S has incurred $11,242.48 in expenses in connection with providing legal services to the Debtors during the Fee Period. These expenses are reasonable and necessary and were essential to, among other things, providing advice on matters relating to opioid claims and investigations

## NOTICE

17.     Notice of this Fee Application will be provided to: (a) the entities on the Master Service List (as defined in the Case Management Order and available on the Debtors' case website at https://restructuring.primeclerk.com/purduepharma) and (b) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "**Notice Parties**").

## NO PRIOR REQUEST

18.     No prior request for the relief sought in the motion has been made to this or any other court.

## CONCLUSION

For the foregoing reasons, K&S respectfully requests that the Court (i) award interim allowance of K&S's compensation for professional services rendered during the Fee Period in the amount of $1,588,452.44, consisting of $1,577,209.96 in fees and $11,242.48 in expenses, in all instances as incurred during the Fee Period, (ii) direct payment of the difference between the

amounts allowed and any amounts previously paid pursuant to the Interim Compensation Order,

and (iii) grant such other and further relief as is just and proper.

Dated: October 17, 2022
      New York, New York

                                          /s/ *Scott Davidson*          
                                          Scott Davidson
                                          King & Spalding LLP
                                          1185 Avenue of the Americas
                                          New York, New York 10036
                                          (212) 556-2100
                                          sdavidson@kslaw.com

## EXHIBIT A

KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York  10036-2601
Telephone:  (212) 556-2100
Facsimile:  (212) 556-2222
Scott Davidson

*Special Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | **Chapter 11** |
| **PURDUE PHARMA L.P.**, *et al.*, | **Case No. 19-23649 (RDD)** |
| **Debtors.**[1] | **(Jointly Administered)** |

## CERTIFICATION OF SCOTT DAVIDSON

I, Scott Davidson, hereby certify as follows:

1.      I am counsel with the law firm of King & Spalding LLP ("**K&S**"), which

maintains offices at, among other places, 1185 Avenue of the Americas, New York, New York

10036-2601.  I am a member in good standing of the Bar of the State of New York, and I have

been admitted to practice in the United States District Court for the Southern District of New

York. There are no disciplinary proceedings pending against me.  K&S serves as special counsel

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014).  The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

for Purdue Pharma L.P. and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**").

2.      This certification is made in respect of K&S's compliance with the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals*, dated November 21, 2019 [Docket No. 529] (the "**Interim Compensation Order**"), the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases Pursuant to General Order M-447 (Jan. 29, 2013) (the "**Local Guidelines**"), and the U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013 (the "**UST Guidelines**," and together with the Interim Compensation Order and the Local Guidelines, the "**Fee Guidelines**").

3.      This certification is made in connection with K&S's fee application, dated October 14, 2022, for interim compensation and reimbursement of expenses for the period commencing April 1, 2022 through and including August 31, 2022 in accordance with the Fee Guidelines (the "**Fee Application**").

4.      Pursuant to section B(1) of the Local Guidelines, I certify that: (i) I have read the Fee Application; (ii) to the best of my knowledge, information, and belief formed after reasonable inquiry, the fees and disbursements sought fall within the Local Guidelines; (iii) the fees and disbursements sought are billed at rates in accordance with those customarily charged by K&S and generally accepted by K&S's clients, except that K&S has provided the Debtors with certain discounts, as detailed in the Fee Application; and (iv) in providing a reimbursable service, K&S does not make a profit on that service, whether the service is performed by K&S in-house or through a third party.

5.       Pursuant to section B(2) of the Local Guidelines, and as required by the Interim Compensation Order, I certify that K&S has complied with provisions requiring it to provide notice to certain designated parties of a statement of K&S's fees and expenses accrued during the previous months.

6.       Pursuant to section B(3) of the Local Guidelines, I certify that this Fee Application is being served on the parties designated in the Interim Compensation Order.

7.       In accordance with Bankruptcy Rule 2016(a) and section 504 of the Bankruptcy Code, I certify that no agreement or understanding exists between K&S and any other entity for the sharing of compensation received or to be received for services rendered in or in connection with the above-captioned cases except as authorized by the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules. All services for which compensation is sought were professional services rendered on behalf of the Debtors and not on behalf of any other person.

8.       The following is provided in response to the request for additional information set forth in ¶ C.5 of the UST Guidelines.

**Question:**    Did K&S agree to any variations from, or alternatives to, your standard or customary billing rates, fees, or terms for services pertaining to this engagement that were provided during the Fee Period?

**Answer:**    Yes. K&S agreed as a courtesy to the Debtors to bill at approximately 90% of its hourly rates in effect when services are rendered.  Additionally, K&S agreed to offer additional discounts to the Debtors, including on a sliding scale on certain fees exceeding certain amounts.

**Question:**    If the fees sought in this Fee Application as compared to the fees budgeted for the time period covered by this Fee Application are higher by 10% or more, did K&S discuss the reasons for the variation with the Debtors?

**Answer:**      In the aggregate, K&S's fees incurred during the Fee period were below the budget estimates for the Fee Period.  The Debtors and K&S did not agree to a formal budget during the Fee Period for the "Fleishman Hilliard" matter because this work was not initially anticipated and the services were performed during a discrete period of time (*i.e.*, from the beginning of June 2022 to the beginning of July 2022).  In addition, the Debtors and K&S did not agree to a formal budget during the Fee Period for the "National Prescription Opiate Litigation (MDL)" matter because the Debtors and K&S did not anticipate these services and a minimal amount of hours were performed accomplishing this assignment.

**Question:**   Have any of the professionals included in this Fee Application varied their hourly rate based on the geographic location of these chapter 11 cases?

**Answer**:      No.  The hourly rates used by K&S in representing the Debtors are consistent with the rates K&S charges other comparable chapter 11 clients, regardless of the location of the chapter 11 cases.

**Question**:    Does the Fee Application include time or fees relating to review, revising, or reducing time records or preparing, reviewing or revising invoices? If so, please quantify by hours and fees.

**Answer:**      No.

**Question:**   Does the Fee Application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees.

**Answer:**      No.

**Question:**   If the Fee Application includes any rate increases since K&S's retention, did the Debtors review and approve of those rate increase in advance?  Did the Debtors agree when retaining K&S to accept all future rate increases?

**Answer:**      Yes, the Debtors reviewed and approved the rate increases for certain services that took effect on April 4, 2022.[2]  The subject of future rate increases was not discussed when K&S was retained by the Debtors.

*[Remainder of Page Intentionally Blank]*

---

[2]   On March 22, 2022, K&S filed the *Second Notice of Professional Fee Hourly Rates for King & Spalding LLP, as Special Counsel to the Debtors and Debtors in Possession* [ECF No. 4582] (the "**Notice**"), which provided notice to all parties in interest in these chapter 11 cases of a proposed increase in the hourly billing rates for K&S professionals expected to spend significant time on K&S Services (as defined in the K&S retention application [ECF No. 427]. No objections to the Notice were filed. Accordingly, such increase in rates took effect on April 4, 2022.

Dated:  October 17, 2022
        New York, New York

/s/ *Scott Davidson*

Scott Davidson
King & Spalding LLP
1185 Avenue of the Americas
New York, New York 10036
(212) 556-2100
sdavidson@kslaw.com

**EXHIBIT B**

| Category of Timekeeper | Blended Hourly Rate | |
|---|---|---|
| | Billed by attorneys in U.S. Offices for the Fee Period | Billed by all timekeepers in this Fee Application for the Fee Period |
| Partner | $1,236.00 | $967.52 |
| Counsel | $1,143.00 | $1,195.80 |
| Associate | $845.00 | $713.33 |
| Discovery Counsel | $425.00 | $374.07 |
| Privilege Review Attorneys | $259.00 | $249.44 |
| Paraprofessionals | $388.00 | $335.97 |

**EXHIBIT C**

| Matter | Hours Budgeted (Low – High) | Amount Budgeted (Low – High) | Actual Hours | Actual Amount |
|---|---|---|---|---|
| 3rd Party Subpoena Response- Document/Discovery Services | 2,000 – 3,000 | $500,000 - $750,000 | 2023.1 | $514,641.48 |
| Bankruptcy Insurance Matter | 1,600 – 2,400 | $400,000 - $600,000 | 1959.9 | $494,424.67 |
| DOJ Opioid Marketing Investigation | 250 - 400 | $260,000 - $420,000 | 123.3 | $138,889.86 |
| Retention and Fee Applications | 90 - 190 | $60,000 - $155,000 | 84.4 | $84,299.11 |
| Insurance Dispute Subpoenas | 175 - 280 | $190,000 - $300,000 | 165.2 | $171,907.22 |
| Appeal Regarding Confirmation Order | 60 - 90 | $65,000 - $85,000 | 91.8 | $95,726.97 |
| Fleishman Hilliard | N/A | N/A | 320.5 | $74,516.25[12] |
| National Prescription Opiate Litigation (MDL) | N/A | N/A | 8.2 | $2,804.40[13] |
| *Total* | | | **4776.4** | **$1,577,209.96** |

[12]    The Debtors and K&S did not agree to a formal budget during the Fee Period for the "Fleishman Hilliard" matter because this work was not initially anticipated and the services were performed during a discrete period of time (*i.e.*, from the beginning of June 2022 to the beginning of July 2022).

[13]    The Debtors and K&S did not agree to a formal budget during the Fee Period for the "National Prescription Opiate Litigation (MDL)" matter because the Debtors and K&S did not anticipate these services and a minimal amount of hours were performed accomplishing this assignment.