REED SMITH LLP
599 Lexington Avenue
New York, New York, 10022
(212) 521-5400
Facsimile: (202) 637-2201
Ann V. Kramer

*Special Insurance Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.,** *et al.*, | Case No. 19-23649 (SHL) |
| Debtors.[1] | (Jointly Administered) |

**COVER SHEET TO THE FIRST INTERIM APPLICATION OF
REED SMITH LLP FOR COMPENSATION FOR SERVICES RENDERED AND
REIMBURSEMENT OF EXPENSES INCURRED AS SPECIAL INSURANCE
COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION FOR THE PERIOD
FROM MARCH 1, 2022 THROUGH AUGUST 31, 2022**

In accordance with Rule 2016-1 of the Local Rules of Bankruptcy Procedure, incorporating the *Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York Bankruptcy Cases* [General Order M-447], among other guidelines (the "**Local Guidelines**"), and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals* [ECF No. 529] (the "**Interim Compensation Order**"), Reed Smith LLP ("**Reed Smith**"), special insurance counsel for the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), submits this

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901

US_ACTIVE-168987755.6

summary (this "**Summary**") of fees and expenses sought as actual and necessary in the fee application to which this Summary is attached (the "**Application**") for the period of March 1, 2022 through August 31, 2022 (the "**Fee Period**").

| *General Information* | |
|---|---|
| **Name of Applicant:** | Reed Smith LLP |
| **Role of Applicant:** | Special Insurance Counsel to the Debtors and Debtors in Possession |
| **Authorized to Provide Services to:** | Purdue Pharma L.P., *et al.* |
| **Petition Date:** | September 15, 2019 |
| **Retention Date:**[2] | May 18, 2022, effective as of March 1, 2022 |
| **Date of Order Approving Retention:** | May 18, 2022 [ECF No. 4850] |
| *Summary of Fees and Expenses Requested for the Compensation Period* | |
| **Time Period Covered by This Application:** | March 1, 2022 through August 31, 2022 |
| **Total Compensation Requested:** | $1,662,061.00[3] |
| **Total Expenses Requested:** | $8,228.06 |
| **Total Compensation and Expenses Requested for this Interim Fee Period:** | $1,670,289.06 |

*Summary of Past Requests for Compensation and Prior Payments*[4]

---

[2] Reed Smith was previously employed by the Debtors as an Ordinary Course Professional from the Petition Date through February 28, 2022.

[3] As part of this engagement, Reed Smith has agreed the following discounts apply upon reaching the following thresholds based on gross fees billed: in Tier 1, from $0 to $1,125,000, 13.0%; in Tier 2, from $1,125,000 - $2,300,000, 18.0%; in Tier 3, above $2,300,000, 20.0%. Actual fees worked totaled $1,952,821.50. Reed Smith applied a discount totaling $290,760.50 and is requesting compensation in the amount of $1,662,061.00.

[4] Pursuant to the Interim Compensation Order, objections to the Fifth Monthly Fee Statement of Reed Smith LLP for Compensation for Services and Reimbursement of Expenses Incurred as Special Insurance Counsel to the Debtors for the period from August 1, 2022 through August 31, 2022 [ECF No. 5108] are to be filed no later than October 14, 2022. No objections to the First, Second, Third, and Fourth Monthly Fee Statements of Reed Smith LLP for Compensation for Services and Reimbursement of Expenses Incurred as Special Insurance Counsel to the Debtors for

| | |
|---|---|
| Compensation Sought in This Application Already Paid Pursuant to a Compensation Order but Not yet Allowed: | $845,603.78[5] |
| Expenses Sought in This Application Already Paid Pursuant to a Compensation Order but Not yet Allowed: | $849.29[6] |
| Total Compensation and Expenses Sought in This Application Already Paid Pursuant to a Compensation Order but Not yet Allowed: | $846,453.07 |
| *Summary of Rates and Other Related Information for the Compensation Period* | |
| **Blended Rate in This Application for All Partners, of Counsel, and Associates:** | $932.30 |
| **Blended Rate in This Application for All Timekeepers:** | $828.10 |
| **Number of Professionals Included in This Application:** | 10 |
| **Difference Between Fees Budgeted and Compensation Sought for This Period:** | N/A |
| **Number of Professionals Billing Fewer Than 15 Hours During This Period:** | 1 |
| **Increase in Rates Since Date of Retention:** | None |

This is a(n):          ___ monthly          _x_ interim          ___ final application

---

the Period from March 1, 2022 through July 31, 2022 [ECF Nos. 4878, 4923, 4978 and 5060] have been filed. If no objection or other responsive pleading to such monthly fee statements are (a) filed with the Court on the docket of the above-captioned chapter 11 cases or (b) served on the Debtors or Reed Smith, Reed Smith anticipates that, prior to the hearing with respect to this Application, it will receive compensation in the amount of $1,329,648.80, which is equal to 80% of the total amount of reasonable compensation for actual, necessary legal services that Reed Smith incurred in connection with such services during the Fee Period, and payment of $7,378.77 for the actual, necessary expenses Reed Smith incurred in connection with such services during the Fee Period.

[5] $484,045.02 in fees for July and August, 2022 have not been paid to date but may be paid prior to the hearing date on this application.

[6] $7,378.77 in expenses for July and August, 2022 have not been paid to date but may be paid prior to the hearing date on this application.

## Summary of Prior Monthly Fee Statements of Reed Smith LLP

| Application | | Total Compensation and Expenses Incurred for Period Covered | | Total Amount Requested in Fee Statements | | Total Unpaid |
|---|---|---|---|---|---|---|
| Date Filed/ ECF No. | Period Covered | Total Fees | Total Expenses | Fees (80%) | Expenses (100%) | Fees and Expenses |
| 6/01/2022, ECF No. 4878 | 3/1/2022 – 4/30/2022 | $410,396.83 | $244.02 | $328,317.46 | $244.02 | $82,079.37 |
| 6/24/2022, ECF No. 4923 | 5/1/2022 – 5/31/2022 | $340,742.45 | $82.01 | $272,593.96 | $82.01 | $68,148.49 |
| 7/26/2022, ECF No. 4978 | 6/1/2022 – 6/30/2022 | $305,865.45 | $523.26 | $244,692.36 | $523.26 | $61,173.09 |
| 9/01/2022, ECF No. 5060 | 7/1/2022 – 7/31/2022 | $345,742.34 | $3,836.65 | $276,593.87 | $3,836.65 | $349,578.47 |
| 9/30/2022, ECF No. 5108 | 8/1/2022 – 8/31/2022 | $259,313.93 | $3,542.12 | $207,451.14 | $3,542.12 | $262,856.05 |
| **Totals** | | 1,662,061.00 | $8,228.06 | $1,329,648.80 | $8,228.06 | **$823,835.99** |

REED SMITH LLP
599 Lexington Avenue
New York, New York, 10022
(212) 521-5400
Ann V. Kramer

*Special Insurance Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.**, *et al.*, | Case No. 19-23649 (SHL) |
| Debtors.¹ | (Jointly Administered) |

## FIRST INTERIM APPLICATION OF REED SMITH LLP
## FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT
## OF EXPENSES INCURRED AS SPECIAL INSURANCE COUNSEL TO THE DEBTORS
## AND DEBTORS IN POSSESSION FOR THE PERIOD FROM
## MARCH 1, 2022 THROUGH August 31, 2022

Pursuant to sections 327, 330, and 331 of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rule 2016-1 of the Local Rules of Bankruptcy Procedure, incorporating the *Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York Bankruptcy Cases* [General Order M-447], among other guidelines (the "**Local Guidelines**"), the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 for Attorneys in

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

Larger Chapter 11 Cases effective as of November 1, 2013 (the "**U.S. Trustee Guidelines**," and together with the Local Guidelines, the "**Fee Guidelines**"), and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals* [ECF No. 529] (the "**Interim Compensation Order**"), Reed Smith LLP ("**Reed Smith**"), special insurance counsel for the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), submits this *First Interim Application for Compensation for Services Rendered and Reimbursement of Expenses Incurred for the Period from March 1, 2022 through August 31, 2022* (this "**Application**"). By this Application, Reed Smith seeks allowance of compensation for actual and necessary professional services rendered for the Debtors in the total amount of $1,662,061.00,[2] and for reimbursement of actual, necessary disbursements that Reed Smith incurred in connection with such services in the total amount of $8,228.06, for an aggregate total of $1,670,289.06 during the period of March 1, 2022 through August 31, 2022 (the "**Fee Period**").

## Jurisdiction

1. The United States Bankruptcy Court for the Southern District of New York (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

3. On September 15, 2019 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a)

---

[2] As part of this engagement, Reed Smith has agreed the following discounts apply upon reaching the following thresholds based on gross fees billed: in Tier 1, from $0 to $1,125,000, 13.0%; in Tier 2, from $1,125,000 - $2,300,000, 18.0%; in Tier 3, above $2,300,000, 20.0%. Actual fees worked totaled $1,952,821.50. Reed Smith applied a discount totaling $290,760.50 and is requesting compensation in the amount of $1,662,061.00.

and 1108 of the Bankruptcy Code. On September 18, 2019, the Court entered an order [ECF No. 59] authorizing the joint administration and procedural consolidation of the Debtors' chapter 11 cases pursuant to Bankruptcy Rule 1015(b). On September 27, 2019, the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed an official committee of unsecured creditors (the "**UCC**") pursuant to section 1102 of the Bankruptcy Code [ECF No. 131].

4. A description of the Debtors' businesses, the reasons for commencing the chapter 11 cases, and the relief sought from the Court to facilitate effective administration of these chapter 11 cases are set forth in the *Debtors' Informational Brief* [ECF No. 17].

5. On November 21, 2019, the Court entered the Interim Compensation Order, which sets forth the procedures for interim compensation and reimbursement of expenses for all professionals in these cases.

6. On April 8, 2020, the Court entered the *Order Authorizing the Appointment of Independent Fee Examiner Pursuant to 11 U.S.C. § 105(a) and Modifying Interim Compensation Procedures for Certain Professionals Employed Pursuant to 11 U.S.C. § 327* [ECF No. 1023], appointing David M. Klauder as the fee examiner in these cases.

## The Debtors' Retention of Reed Smith LLP

7. On May 18, 2022, the Court entered the *Order Pursuant to Bankruptcy Code Sections 327(e) and 328(a) Authorizing Retention and Employment of Reed Smith LLP as Special Insurance Counsel, Effective March 1, 2022* [ECF No. 4850] (the "**Retention Order**"), authorizing Reed Smith's retention by the Debtors to represent them as special insurance counsel. The Retention Order allows the Debtors to compensate and reimburse Reed Smith in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Guidelines, and the Interim Compensation Order.

8. The Retention Order also authorizes the Debtors to compensate Reed Smith at its hourly rates charged for services of this type and for the firm's actual, necessary expenses incurred in connection with such services rendered during the Fee Period. Among other things, it permits Reed Smith to render the following services:

    a. Advice and counseling with regard to insurance matters involving the Debtors, including both claims and insurance placement;

    b. Representation of the Debtors in connection with litigation and/or arbitrations with its insurance companies regarding coverage for claims under insurance policies under which the Debtors may be insured; and

    c. Advising the Debtors on insurance matters in connection with plan confirmation and confirmation appeals.

## Compensation Paid and Its Sources

9. All services during the Fee Period for which compensation is requested by Reed Smith were performed for or on behalf of the Debtors (except as otherwise provided in this paragraph) and are for matters within the scope of Reed Smith's retention as special insurance counsel pursuant to the Retention Order. As disclosed in the *First Supplemental Declaration of Ann V. Kramer in Connection with the Debtors' Retention and Employment of Reed Smith LLP as Special Insurance Counsel* [ECF No. 4984], Reed Smith has also provided services to John Michael Suffredini and Jonathan Lowne, each a former employee of the Debtors ("**Former Employees**"), who have been identified as witnesses in the Coverage Litigation (defined below). Pursuant to the Debtors' indemnification policy, the Debtors have elected to assume the cost of representation for the Former Employees. Additionally, except for Reed Smith's retention by the Debtors pursuant to the Retention Order, Reed Smith has not received any payment or promises of payment from any source for services rendered or to be rendered in any capacity whatsoever in

connection with matters covered by this Fee Application. A certification confirming Reed Smith's compliance with the Fee Guidelines is annexed hereto as **Exhibit A**.

10.  To the extent that billable time or disbursement charges for services rendered or expenses incurred relate to the Fee Period, but were not processed prior to the preparation of this Fee Application, Reed Smith reserves the right to request compensation for such services and reimbursement of such expenses in a future fee application.

**Summary of Professional Compensation and Reimbursement of Expenses Requested**

11.  During the Fee Period, Reed Smith's professionals and paraprofessionals expended a total of 2,358.20 hours in connection with providing necessary services. Reed Smith has been able to efficiently provide services by utilizing the expertise of professionals and paraprofessionals within relevant practice groups to effectively advise and represent the Debtors and ensuring that the level of seniority is commensurate with the assignment. Reed Smith, in connection with services rendered on behalf of the Debtors, respectfully requests allowance of reasonable compensation of such services rendered in the total amount of $1,662,061.00 and reimbursement of actual and necessary expenses incurred in the amount of $8,228.06, for an aggregate total of $1,670,289.06 for the Fee Period. Annexed hereto as **Exhibit B** is a list of Reed Smith professionals and paraprofessionals, their position with the firm, the department in which the individual practices, the hourly rate charged for their services, the number of hours worked on this matter, and other pertinent information. **Exhibit C** annexed hereto is a list of the various categories and the total fees and total hours expended by subject matter category. Reed Smith maintains computerized, detailed time records of services rendered by its professionals and paraprofessionals. The detailed records for this Fee Period were appended to Reed Smith's Monthly Fee Statements [ECF Nos. 4878, 4923, 4978, 5060 and 5108].

12. As disclosed in Reed Smith's application to be retained as special insurance counsel to the Debtors [ECF No. 4674], Reed Smith did not prepare a budget or staffing plan for the Fee Period. However, Reed Smith is engaged in ongoing discussions with the Debtors regarding budgeting and staffing issues, and the Debtors have reviewed and approved Reed Smith's invoices for the Fee Period.

**Case Status**

13. On January 29, 2021, certain Debtors, represented by Reed Smith, commenced an adversary proceeding jointly with the Official Committee of Unsecured Creditors (the "**Creditors' Committee**") and the Ad Hoc Committee of Governmental and Other Contingent Litigation Claimants (the "**Ad Hoc Committee**" and together with the Creditors' Committee, the "**Committees**") against 26 insurance companies that had issued policies providing coverage for opioid-related liabilities captioned, Purdue Pharma L.P., et al. v. AIG Specialty Insurance Company, et al., Adv. Pro. No. 21-07005-rdd (collectively, the "**Coverage Litigation**").

14. A key component of the Debtors' proposed reorganization is the monetization and distribution of insurance coverage to creditors. In support of that effort, Reed Smith's attorneys provided critical assistance to the Debtors and their bankruptcy estates during the Fee Period in five areas: (1) insurance issues relating to the hearing to consider confirmation of the Plan, including the review of the draft confirmation order, (2) insurance issues relating to appeals of the Plan confirmation, (3) the discovery phase of the prosecution of the Coverage Litigation against the Debtors' insurers; (4) issues relating to maintaining insurance coverage for the Debtors; and (5) issues relating to post-emergence insurance planning.

15. Reed Smith devoted substantial time and effort to the prosecution of the Coverage Litigation. Following commencement of the Coverage Litigation, the discovery proceedings were extensive, leading to the production by the Debtors of approximately 14 million documents. The

collection, review, analysis and production of such a large number of documents resulted in substantial effort on the part of Reed Smith attorneys and staff. Reed Smith also responded to numerous questions from the various parties concerning the documents being produced. Not only did the Reed Smith team facilitate the discovery process, the team also contested discovery requests which were over-broad or not relevant.

## Summary of Services Rendered

16. Reed Smith provided complex and critical professional advice and other services in connection with the Coverage Litigation, including on an urgent basis and within a limited time frame necessitated by the schedule of the Coverage Litigation. Summaries of the services are detailed below in accordance with Reed Smith's internal system of project categories:

Discovery/ Case Assessment/ Pre-Trial Pleadings/ Trial Preparation
Fees: $1,802,210.50, Total Hours: 2,153.20

- Under this project category, Reed Smith assisted the Debtors with issues related to the Coverage Litigation, among other things. Specifically, Reed Smith:

    o Assisted the Debtors with the collection, review, analysis and production of approximately 14 million documents;

    o Analyzed, responded to and contested various discovery requests made by defendant insurers;

    o Prepared for and conducted various depositions;

    o Represented the Former Employees in their capacity as witnesses in the Coverage Litigation; and

    o Participated in calls and meetings with the Debtors, their advisors, and other parties in interest in connection with the same.

Plan/ Disclosure Statement
Fees: $4,828.50, Total Hours: 3.70

- Under this project category, Reed Smith assisted the Debtors with issues related to the appeal of the confirmation order, among other things. Specifically, Reed Smith:

   o Responded to questions concerning insurance issues relating to contingent claims, indemnification of certain parties, and insurance coverage for directors and officers.

<u>Reed Smith Retention and Fee Application</u>
Fees: $136,694.00, Total Hours: 173.40

- Under this project category, Reed Smith assisted the Debtors with issues related to Reed Smith's retention and compensation. Specifically, Reed Smith:

  o Drafted and prepared Reed Smith's retention application and related declarations, and researched legal issues related to the foregoing;

  o Drafted and prepared Reed Smith's first, second, third, fourth and fifth monthly fee statements for the months of March, April, May, June, July and August 2022; and

  o Internally coordinated and reviewed time entries for privilege and confidentiality.

<u>Case Administration</u>
Fees: $9,088.50, Total Hours: 27.90

- Under this project category, Reed Smith assisted the Debtors with issues related to the administration of the Coverage Litigation. Specifically, Reed Smith:

  o Organized internal meetings and meetings among professionals, monitored calendars for critical dates, prepared materials for internal distribution, coordinated conferences and meetings with the Debtors' professionals, obtained filed pleadings, transcripts of hearings and maintained case folders and routine communications and correspondences.

**Actual and Necessary Expenses**

17. As set forth in **Exhibit D** hereto, Reed Smith has incurred or disbursed $8,228.06 in total of expenses in providing professional services to the Debtors during the Fee Period, of which Reed Smith is requesting a reimbursement of $7,378.77 for expenses which have not previously been reimbursed. These expense amounts are intended to cover Reed Smith's direct operating costs, which costs are not incorporated into the Reed Smith hourly billing rates. Only clients for whom the services are actually used are separately charged for such services. The effect

of including such expenses as part of the hourly billing rates would unfairly impose additional costs upon clients who do not require extensive photocopying, delivery, and other services.

18. Reed Smith has made every effort to minimize its expenses in the chapter 11 cases. The actual expenses incurred in providing professional services to the Debtors were necessary, reasonable, and justified under the circumstances to serve the needs of the Debtors, their estates, and other parties in interest.

**Reed Smith's Requested Compensation and Reimbursement Should Be Allowed**

19. Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code to govern the Court's award of such compensation. Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extent, and the value of such services, taking into account all relevant factors, including –
>
> (a)    the time spent on such services;
>
> (b)    the rates charged for such services;
>
> (c)    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (d)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
>
> (e)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

20.    The foregoing professional services were performed by Reed Smith in an efficient manner, were necessary and appropriate to the administration of the chapter 11 cases, and were in the best interests of the Debtors, their estates, and other parties in interest.  Compensation for the foregoing services as requested is commensurate with the complexity, importance, and nature of the problems, issues, and tasks involved.  As required by the U.S. Trustee guidelines, annexed hereto as **Exhibit E** is a chart setting forth the comparative blended rates of the professionals and paraprofessionals who rendered services with a corresponding comparison of rates for professionals and paraprofessionals not involved in these chapter 11 cases.

### Notice

21.    The Debtors will provide notice of this Application in accordance with the Interim Compensation Order.  The Debtors submit that no other or further notice be given.

[*Remainder of Page Left Blank Intentionally*]

WHEREFORE, Reed Smith, in connection with services rendered on behalf of the Debtors, respectfully requests allowance of reasonable compensation of such services rendered in the total amount of $1,662,061.00 and reimbursement of actual and necessary expenses incurred in the amount of $8,228.06, for an aggregate total of $1,670,289.06 for the Fee Period.

Dated:    October 17, 2022
           New York, New York

                                                  */s/ Ann V. Kramer*
                                                  Ann V. Kramer
                                                  Reed Smith LLP