## Exhibit A

Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | Chapter 11 |
| **PURDUE PHARMA L.P.,** *et al.*, | Case No. 19-23649 (SHL) |
| Debtors.[1] | (Jointly Administered) |

### ORDER POSTPONING DECISION ON LATE CLAIM MOTION

Upon the motion of Edward N. Whitman [Dkt. No. 5095] (the "**Movant**", and the motion, the "**Late Claim Motion**") seeking leave to have his personal injury proof of claim (the "**Late Claim**") deemed timely filed notwithstanding that the Late Claim were not filed before the extended general bar date for claims to be filed in these chapter 11 cases (the "**Extended General Bar Date**"); and the Court having jurisdiction to consider the matters raised in the Late Claim Motion pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Late Claim Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and, after due and

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717), and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

sufficient notice of the Late Claim Motion, there being no pending objections to the requested relief; and the Ad Hoc Group of Individual Victims (the "**PI Group**") having no opposition to the relief sought in the joint response of the Debtors and the Official Committee of Unsecured Creditors (the "**Creditors' Committee**") to the Late Claim Motion; and, after due deliberation and for the reasons set forth on the record of the hearing on the Late Claim Motion held on October 25, 2022, including the need for the Court to make an informed decision on the Late Claim Motion based on, among other things, the number of similarly-situated claimants who may subsequently seek to assert late claims in these chapter 11 cases ("**Future Late Claim Motions**") and whether allowing the Late Claim as timely would open the floodgates to additional late claims against the Debtors and prejudice the estates, IT IS HEREBY ORDERED THAT:

1. A decision on the Late Claim Motion will be postponed until the first omnibus hearing held at least 21 days after entry by the Court of a final order approving the Debtors' chapter 11 plan of reorganization, as may be modified; *provided that* the Movant shall receive at least 21 days' notice of that hearing.

2. Upon notice of the hearing to consider the Late Claim Motion, the Movant may, but is not required to, submit supplemental briefing with respect to the relief requested in the Late Claim Motion, including, without limitation, why they should be permitted to file a proof of claim after the Extended General Bar Date, and the Debtors, the Creditors' Committee, and the PI Group will have an opportunity to respond to any such supplemental briefing; *provided that* no party will be able to argue that the Late Claim Motion should be denied based on the postponement of the hearing to consider the Late Claim Motion.

3. The relief provided for herein applies only to the Late Claim Motion, and nothing in this Order shall in any way be construed as applying to any other late claim motions, including

any Future Late Claim Motion that may be filed, as to which all rights are reserved, notwithstanding that the Debtors may seek the Court's approval of a process whereby (a) a decision on Future Late Claim Motions is postponed and scheduled for resolution at the same time as the Late Claim Motion, and (b) individuals filing Future Late Claim Motions will be given the same notice and opportunity to file supplemental briefing as the Movant (as set forth in paragraphs 1 and 2) .

4. Except as expressly set forth in this Order, nothing contained herein shall be an admission or waiver of the substantive or procedural rights, remedies, claims, or defenses of any of the parties in these chapter 11 cases, whether at law or equity.

5. The Debtors are authorized to take all actions necessary or appropriate to effectuate the relief granted in this Order.

6. This Court retains exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2022
       White Plains, New York

                                THE HONORABLE SEAN H. LANE
                                UNITED STATES BANKRUPTCY JUDGE