UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| PURDUE PHARMA L.P., *et al.*, | Case No. 19-23649 |
| Debtors. [1] | (Jointly Administered) |

## SUPPLEMENTAL DECLARATION OF RORY GREISS

I, Rory Greiss, hereby declare that the following statements are true and correct to the best of my knowledge after due inquiry as described herein:

1. I am a senior counsel of the law firm of Arnold & Porter Kaye Scholer LLP ("Arnold & Porter"), which maintains offices at 250 West 55th Street, New York, NY 10019. I am an attorney admitted to practice law in the State of New York. Except as otherwise noted herein, I have personal knowledge of the matters set forth herein, and if called and sworn as a witness, I could and would testify competently thereto.

2. To the extent that any information disclosed herein requires supplementation, amendment, or modification upon Arnold & Porter's completion of further analysis or as additional information becomes available to it, a further supplemental declaration will be filed with the Court.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P., Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

3.  On December 5, 2019, I submitted a declaration (the "*Initial Declaration*") in support of the Debtor's *Application to Employ Arnold & Porter Kaye Scholer LLP as Special Counsel to the Debtors, Nunc Pro Tunc to the Petition Date* [Docket No. 602] (the "*Application*").[2]

4.  As set forth in the *Application*, Arnold & Porter has a longstanding relationship with the Debtors, having represented the Debtors in a wide variety of matters for now approximately eighteen (18) years.

5.  Arnold & Porter hereby further supplements its prior disclosures, to disclose that the Debtors have asked Arnold & Porter to appear on behalf of and represent certain former employees in respect to depositions of those former employees as the Debtors have elected to assume the cost in accordance with their indemnification obligations, with those former employees listed on Appendix I ("Affiliated Parties").

6.  The Affiliated Parties have retained Arnold & Porter with respect to depositions as set forth above and the Debtors have agreed to pay the legal fees and expenses associated with those representations, which is customary for how the Debtors have previously addressed such representations. Certain Affiliated Parties were included on the list of "Purdue Parties-in-Interest" (the "Interested Parties List") in the Initial Declaration to the extent they were former officers and directors. At the time of the Initial Declaration, they were not clients of the Firm; however; A&P hereby now supplements its prior disclosures to include them as clients of the Firm.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

7. While there are no known conflicts, each of the Debtors and the Affiliated Parties have agreed to waive any potential conflicts. Arnold & Porter does not hold or represent any interest adverse to the Debtors' estates in connection with its representation of the Affiliated Parties. Moreover, the Debtors have consented to Arnold & Porter's representation of the Affiliated Parties and such representation is consistent with Arnold & Porter's representation of the Debtors. While there are no known conflicts, out of an abundance of caution, the Affiliated Parties have agreed that if Arnold & Porter determines that such a conflict has arisen that would prevent Arnold & Porter from representing the Affiliated Parties and the Debtors, or if Arnold & Porter determines it inadvisable to continue to jointly represent the Affiliated Parties and the Debtors, then (i) Arnold & Porter may, to the fullest extent permitted by applicable rules of professional responsibility, withdraw from the representation of the Affiliated Parties and continue to represent the Debtors, and (ii) the Affiliated Parties shall not object to such continued representation by Arnold & Porter of the Debtors.

8. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge, and belief.

Executed on this 1st day of November 2022.

*/s/* Rory Greiss
Rory Greiss

## Appendix I

Philip Strassburger

Rachel Kreppel

4