Hearing Date: November 16, 2022
Hearing Time: 11:00 a.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

**PURDUE PHARMA L.P., et al.,**

                Debtors.

Bankr. No. 19-23649 (SHL)

# MEMORANDUM OF LAW IN OPPOSITION TO THE MOTIONS SEEKING A DETERMINATION THAT EXECTUIVE ORDER 13,985 IS INAPPLICABLE TO AGENCIES RECEIVING FUNDS GENERATED FROM THIS CASE

DAMIAN WILLIAMS
United States Attorney
Southern District of New York
86 Chambers Street, Third Floor
New York, New York 10007
Tel.: (212) 637-2719/2697/2689
Lawrence.Fogelman@usdoj.gov
Peter.Aronoff@usdoj.gov
Danielle.Levine@usdoj.gov

LAWRENCE H. FOGELMAN
PETER ARONOFF
DANIELLE J. LEVINE
Assistant United States Attorneys
—Of Counsel—

**TABLE OF CONTENTS**

TABLE OF AUTHORTIES .................................................................................................................. ii

PRELIMINARY STATEMENT ........................................................................................................ 1

BACKGROUND ................................................................................................................................ 2

    I. McGaha's Motions ..................................................................................................................... 2

    II. The Executive Order ................................................................................................................ 3

ARGUMENT ...................................................................................................................................... 4

    I. McGaha Lacks Standing To Obtain the Relief She Seeks ....................................................... 4

    II. McGaha's Motions Are Based on a Mischaracterization of the Executive Order ................. 7

CONCLUSION ................................................................................................................................... 8

## TABLE OF AUTHORTIES

Page(s)

**Cases**

*Bender v. Obama*,
  653 F. App'x 31 (2d Cir. 2016) ................................................................................................ 6

*Dickerson v. Feldman*,
  426 F. Supp. 2d 130 (S.D.N.Y. 2006) ...................................................................................... 5

*Elliott v. GM LLC (In re Motors Liquidation Co.)*,
  829 F.3d 135 (2d Cir. 2016) ..................................................................................................... 4

*Friends of Animals v. Clay*,
  No. 13-CV-7293 (JG), 2014 WL 4966122 (E.D.N.Y. Oct. 3, 2014) ........................................ 7

*In re 1031 Tax Grp., LLC*,
  439 B.R. 47 (Bankr. S.D.N.Y.) ................................................................................................. 4

*In re Purdue Pharma*, L.P.,
  635 B.R. 26 (S.D.N.Y. 2021) .................................................................................................... 2

*In re Sabine Oil & Gas Corp.*,
  548 B.R. 674 (Bankr. S.D.N.Y. 2016) ................................................................................. 2, 3

*Lujan v. Defenders of Wildlife*,
  504 U.S. 555 (1992) ............................................................................................................. 5, 6

*McCrory v. Adm'r of Fed. Emergency Mgm't Agency*,
  22 F. Supp. 3d 279 (S.D.N.Y. 2014) ........................................................................................ 6

*Public Citizen v. NHTSA*,
  489 F.3d 1279 (D.C. Cir. 2007) ................................................................................................ 5

*Savage v. Burwell*,
  No. 15-CV-00791 (CRC), 2016 WL 4132196 (D.D.C. Aug. 3, 2016) ..................................... 7

*Summers v. Earth Island Inst.*,
  555 U.S. 488 (2009) ............................................................................................................. 5, 6

*Warth v. Seldin*,
  422 U.S. 490 (1975) .................................................................................................................. 6

*Women's Equity Action League v. Cavazos*,
  906 F.2d 742 (D.C. Cir. 1990) .................................................................................................. 7

**Statutes**

11 U.S.C. § 1109(b) ................................................................................................................ 4

**Rules**

Fed. R. Bankr. P. 7001(7) ........................................................................................................ 4

**Other Authorities**

7 Collier on Bankruptcy § 1109.04 (16th ed. 2022) …………………………………………...4

Executive Order No. 13,985, *Advancing Racial Equity and Support for Underserved Communities Through the Federal Government*,
   86 Fed. Reg. 7009 (Jan. 20, 2021) ……………………………………….…… *passim*

1. Defendant the United States of America (the "United States" or the "Government"), by its attorney, Damian Williams, United States Attorney for the Southern District of New York, respectfully submits this memorandum of law in opposition to the motions filed by *pro se* claimant Carrie McGaha ("McGaha"), ECF Nos. 4996, 5002, seeking a determination that Executive Order No. 13,985, *Advancing Racial Equity and Support for Underserved Communities Through the Federal Government*, 86 Fed. Reg. 7009 (Jan. 20, 2021) (the "Executive Order" or "EO 13,985"),[1] shall not apply to federal and state agencies receiving funds generated from this case.

**PRELIMINARY STATEMENT**

2. The Executive Order addresses the Administration's policy that the "Federal Government should pursue a comprehensive approach to advancing equity for all, including people of color and others who have been historically underserved, marginalized, and adversely affected by persistent poverty and inequality." EO 13,985 § 1. McGaha has articulated no basis for this Court to opine on the Executive Order's applicability to this bankruptcy. As an initial matter, this Court lacks subject matter jurisdiction over McGaha's motions because she lacks standing; her motions embody generalized grievances about the Executive Order that are fit for political, not judicial, resolution. Moreover, her motion mischaracterizes the Executive Order as "forc[ing]" "vulnerable populations" to participate in a "false belief system," Dkt. No. 5002, at 3, a far cry from the Executive Order's directive that federal agencies "pursue a comprehensive approach to advancing equity for all" by engaging in intra-governmental studies and assessments. EO 13,985 § 1. *Id.* § 11(d). The Court should thus deny McGaha's motions.

---

[1] https://www.whitehouse.gov/briefing-room/presidential-actions/2021/01/20/executive-order-advancing-racial-equity-and-support-for-underserved-communities-through-the-federal-government/.

## BACKGROUND

### I. McGaha's Motions

3.     On August 2 and 4, 2022, McGaha filed two substantially identical motions seeking this Court's determination that federal and state agencies receiving money on account of their claims in this case should not be required to abide by the Executive Order. *See* Dkt. Nos. 4996, 5002. She claims that this Court improperly limited the recovery for individuals harmed by opiates, and transferred "the balance of their Claims to the states and federal government through the Department of Recovery," Dkt. No. 5002, at 3—which the Government interprets as referring to the National Opioid Abatement Trust created through the Debtors' Twelfth Amended Joint Chapter 11 Plan of Reorganization (the "Plan"). *See, e.g.*, Plan §§ 4.4, 5.7; *see also* Ex. G, NOAT TDP, Tenth Plan Suppl. (July 15, 2021), Dkt. No. 3232.[2]

4.     McGaha argues that "the FEDERAL and STATE governments" should not use funds obtained on account of their claims "to promote partisan policies," including through the Executive Order, which she contends is "detrimental to the overall health and wellness of vulnerable populations because it forces those who would be in positions to help them to participate in a false belief system, namely the LGBTQ+ agenda." Dkt. No. 5002, at 3. McGaha further argues that "NONE of the OPIATE FUNDS should be tied to an ANTI-GOD agenda." *Id.* at 4. She therefore requests that agencies receiving funds not be required to follow the

---

[2] On appeal from this Court's order approving the Plan, the district court reversed the approval of the Plan based on the illegal non-debtor releases contained therein, and the Debtors and others have further appealed the district court's order to the Second Circuit. *See In re Purdue Pharma, L.P.*, 635 B.R. 26 (S.D.N.Y. 2021), on appeal, Nos. 22-110(L) (2d Cir.). While McGaha's challenge to the Plan is thus no longer within the Court's jurisdiction, *see In re Sabine Oil & Gas Corp.*, 548 B.R. 674, 679 (Bankr. S.D.N.Y. 2016) (addressing the divestiture doctrine), there would not be standing or a viable claim even if confirmation of the Plan had not been reversed for the reasons set forth below.

Executive Order or "ANY OTHER EXECUTIVE ORDER NOT BASED ON THE REALITY OF TRUTH." *Id.*

5.  McGaha also seeks an order that "INDIVIDUAL Claimants in this case will be offered the opportunity to EFFECTIVELY participate in state and local policy decisions regarding the dissemination of funding received as a result of this plan." *Id.* Her proposed order states that "FEDERAL, STATE AND LOCAL governments receiving funds generated from this plan" should ensure that personal injury victims "have genuine opportunities to effectively participate in policy decisions made in the dissemination of those funds to prevent waste, fraud and abuse." *Id.* at 6.

## II. The Executive Order

6.  President Joseph R. Biden, Jr., issued the Executive Order on January 20, 2021. It directs "executive departments and agencies . . . [to] recognize and work to redress inequities in their policies and programs that serve as barriers to equal opportunity." EO 13,985 § 1. Consistent with these goals, it instructs "each agency [to] assess whether, and to what extent, its programs and policies perpetuate systemic barriers to opportunities and benefits for people of color and other underserved groups," in order to "better equip agencies to develop policies and programs that deliver resources and benefits equitably to all." *Id.*

7.  The Executive Order directs the Director of the Office of Management and Budget ("OMB") to, in partnership with agency heads, "study methods for assessing whether agency policies and actions create or exacerbate barriers to full and equal participation by all eligible individuals." *Id.* § 4. The Director must also identify "opportunities to promote equity in

the budget" and, in coordination with heads of agencies, studying strategies "for allocating Federal resources in a manner that increases investment in underserved communities." *Id.* § 6.

8.  The Executive Order expressly "is not intended to, and does not, create any right or benefit, substantive or procedural, enforceable at law or in equity by any party against the United States, its departments, agencies, or entities, its officers, employees, or agents, or any other person." *Id.* § 11(d).

## ARGUMENT

9.  There is no legal basis for the relief McGaha seeks. McGaha lacks standing, as her motions are nothing more than generalized grievances about the Executive Order. Moreover, her motion mischaracterizes the Executive Order and fails to state a claim on which relief can be granted.[3]

### I. McGaha Lacks Standing To Obtain the Relief She Seeks

10. Although bankruptcy courts are not Article III courts, the case-or-controversy requirements of Article III applies in adversary proceedings and other contested matters in which an applicant seeks relief. *See Elliott v. GM LLC (In re Motors Liquidation Co.)*, 829 F.3d 135, 168 (2d Cir. 2016).[4] Among these requirements are constitutional standing. *See, e.g., In re 1031*

---

[3] Although styled as motions, the injunctive relief McGaha seeks could only properly be sought in an adversary proceeding. *See* Fed. R. Bankr. P. 7001(7). Without waiving any other defenses (such as improper service), if McGaha's motions were construed as adversary complaints, the Court should dismiss them for lack of subject matter jurisdiction and failure to state a claim, as described herein.

[4] Although, as explained in the previous footnote, McGaha was required to bring an adversary proceeding to seek injunctive relief, the standing requirement of Article III applies to all matters in bankruptcy court. The expansive right to be heard embodied in 11 U.S.C. § 1109(b) "cannot be construed in a manner that would violate Article III's case or controversy requirement." 7 Collier on Bankruptcy § 1109.04 (16th ed. 2022) (collecting cases).

*Tax Grp., LLC*, 439 B.R. 47, 59 (Bankr. S.D.N.Y.), *as supplemented*, 439 B.R. 78 (Bankr. S.D.N.Y. 2010) (analyzing standing in adversary proceeding).

11. Standing differentiates "those disputes which are appropriately resolved through the judicial process" from policy disputes that are appropriately addressed by the elected branches. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (quotation marks omitted). Standing protects democratic government by requiring citizens to express their generalized dissatisfaction with government policy through representative institutions, not the courts. *See Public Citizen v. NHTSA*, 489 F.3d 1279, 1289 (D.C. Cir. 2007) (standing "helps ensure that the Judicial Branch does not perform functions assigned to the Legislative or Executive Branch").

12. The standing doctrine requires the party invoking the Court's jurisdiction to establish: (1) a concrete and particularized injury-in-fact, either actual or imminent; (2) a causal connection between the injury and defendants' challenged conduct, such that the injury is "fairly traceable to the challenged action of the defendant"; and (3) a likelihood that the injury suffered will be redressed by a favorable decision. *Lujan*, 504 U.S. at 560-61 (internal quotation marks and alterations omitted). The "elements are conjunctive, so that a failure of any of the three elements deprives a plaintiff of standing to maintain an action in federal court." *Dickerson v. Feldman*, 426 F. Supp. 2d 130, 134 (S.D.N.Y. 2006).

13. The Executive Order neither requires nor forbids any action by McGaha. Accordingly, she has standing only if she can show that the Government's application of the order threatens "actual and imminent, not conjectural or hypothetical" injury to her. *Summers v. Earth Island Inst.*, 555 U.S. 488, 493-94 (2009). This requirement ensures "that there is a real

need to exercise the power of judicial review in order to protect the interests of the complaining party." *Id.* at 493 (quotation marks omitted).

14. Furthermore, a litigant must identify a harm to her personally, not a disagreement with government policy that could apply broadly to anyone else who shares her views. Protecting the public interest is a role for "Congress and the Chief Executive," not private litigants. *Lujan*, 504 U.S. at 576. Put otherwise, if an asserted harm is a "'generalized grievance' shared in substantially equal measure by all or a large class of citizens," it does not satisfy the injury-in-fact requirement and does not confer standing. *Warth v. Seldin*, 422 U.S. 490, 499 (1975); *see also Bender v. Obama*, 653 F. App'x 31, 32 (2d Cir. 2016); *McCrory v. Adm'r of Fed. Emergency Mgm't Agency*, 22 F. Supp. 3d 279, 291 (S.D.N.Y. 2014), *aff'd* 600 F. App'x 807 (2d Cir. 2015).

15. McGaha identifies no cognizable injury-in-fact because she cannot. Rather than claiming any harm to herself stemming from the Executive Order, the alleged injuries are speculative and abstract injuries to members of the public. *See, e.g.*, Dkt. No. 5002, at 3 ("[Executive Order 13,985] is detrimental to the overall health and wellness of vulnerable populations because it forces those who would be in positions to help them to participate in a false belief system, namely the LGBTQ+ agenda.").

16. Further, McGaha does not allege a causal connection between the alleged injuries of third parties and the Government's challenged action. As discussed above and at greater length below, the Executive Order governs the internal operations of the Executive Branch, by directing agencies to conduct studies and consider options, but does not directly impact third parties. McGaha thus lacks standing to bring these motions, and they should be denied on that basis.

**II. McGaha's Motions Are Not Based on the Language of the Executive Order**

17. Even if McGaha had standing, her motions should be denied, as they have no factual basis in the language of the Executive Order, which does not purport to affect the rights of third parties or the public. The Executive Order directs federal agencies to "assess whether underserved communities and their members face systemic barriers in accessing benefits and opportunities available pursuant to those policies and programs," "study methods for assessing whether agency policies and actions create or exacerbate barriers to full and equal participation by all eligible individuals," and identify "opportunities to promote equity in the budget" and strategies "for allocating federal resources in a manner that increases investment in underserved communities." EO 13,985 §§ 4-6.

18. Contrary to McGaha's motions, the Executive Order says nothing about "forc[ing] those who would be in positions to help [vulnerable populations] to participate in a false belief system." Dkt. No. 5002, at 3. Nor does it bear on healthcare professionals' treatment of patients suffering from opioid use disorder or dictate federal agencies' use of funds received through the Plan. Accordingly, McGaha's motions fail to state a claim, even if this Court could entertain them.[5]

---

[5] Furthermore, there is no cause of action for private individuals to enforce or challenge the provisions of the Executive Order. The Executive Order expressly does not "create any right or benefit, substantive or procedural, enforceable at law or in equity by any party against the United States, [or its agencies]." EO 13,985 § 11(d). Courts have concluded that similarly worded executive orders contain no private cause of action and cannot form the basis of private lawsuits. *See, e.g.*, *Women's Equity Action League v. Cavazos*, 906 F.2d 742, 750 (D.C. Cir. 1990); *Savage v. Burwell*, No. 15-CV-00791 (CRC), 2016 WL 4132196, at *3 (D.D.C. Aug. 3, 2016); *Friends of Animals v. Clay*, No. 13-CV-7293 (JG), 2014 WL 4966122, at *9 (E.D.N.Y. Oct. 3, 2014).

## CONCLUSION

19. For all these reasons, the United States respectfully requests that the Court deny the motions filed by McGaha.

Date: New York, New York
November 9, 2022

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney
Southern District of New York

By: */s/ Danielle J. Levine*
LAWRENCE H. FOGELMAN
PETER ARONOFF
DANIELLE J. LEVINE
Assistant United States Attorneys
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: (212) 637-2719/2697/2689
Lawrence.Fogelman@usdoj.gov
Peter.Aronoff@usdoj.gov
Danielle.Levine@usdoj.gov