DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
James I. McClammy
Eli J. Vonnegut

*Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.,** *et al.*, | Case No. 19-23649 (SHL) |
| Debtors.[1] | (Jointly Administered) |

**DEBTORS' OBJECTION TO MOTION TO REQUIRE
THAT AGENCIES RECEIVING FUNDS GENERATED FROM THIS CASE
SHALL NOT BE REQUIRED TO FOLLOW THE EXECUTIVE ORDER ON
ADVANCING RACIAL EQUITY AND SUPPORT FOR UNDERSERVED
COMMUNITIES THROUGH THE FEDERAL GOVERNMENT (EO 13985)**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717), and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

Purdue Pharma L.P. ("**PPLP**") and its affiliates that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**," the "**Company**," or "**Purdue**") respectfully represent as follows in opposition to the *Motion to Require that Agencies Receiving Funds Generated from this Case Shall Not Be Required to Follow Executive Order on Advancing Racial Equity and Support for Underserved Communities Through the Federal Government (EO 13985)* [Dkt. Nos. 4996, 5002] (the "**Motion**")[2] filed by *pro se* individual Carrie McGaha ("**Ms. McGaha**"):

1.      In the Motion, Ms. McGaha "requests the court to make a ruling that the funds generated from this case, disseminated through the newly formed Department of Recovery, shall not require grantees to abide by Executive Orders which prioritize evolving man-made groups over the needs of individuals needing [r]ecovery [s]ervices or groups rooted in [t]ruth who treat them." (Mot. at 3.)[3]  Specifically, according to Ms. McGaha, "[t]he Executive Order on Advancing Racial Equity and Support for Underserved Communities Through the Federal Government (EO 13985) is detrimental to the overall health and wellness of vulnerable populations because it forces those who would be in positions to help them to participate in a false belief system, namely the LGBTQ+ agenda." (Mot. at 3.)[4]  Thus, although Ms. McGaha believes that "all persons should be treated equally and no one should be discriminated against" (*id*. at 2), Ms. McGaha believes that Executive Order 13985 "impinges upon th[e] basic principles" of "belief in God and [f]reedom of religion" because it is driven by a "cultural shift

---

[2] All references to the "Motion" are to docket number 5002, which is substantially similar to docket number 4996.

[3] Unless otherwise stated, all emphasis is removed.

[4] Executive Order 13985 seeks to "advance[e] equity across the Federal Government . . . for all, including people of color and others who have been historically underserved, marginalized, and adversely affected by persistent poverty and inequality," by directing federal agencies to take certain actions aimed at "recogniz[ing] and work[ing] to redress inequities in their policies and programs that serve as barriers to equal opportunity."  *See* Exec. Order No. 13985, 86 Fed. Reg. 7009 (2021).

[that] is relatively new in the grand scheme of human history" and should not be "propagated by the government in this manner." (*Id.* at 3.) Accordingly, Ms. McGaha requests that the Court "make a ruling that agencies receiving funds generated from this Plan shall not prioritize the dissemination of funding to groups based on evolving cultural differences and shall not be required to follow [Executive Order 13985] or any other executive order not based on the reality of truth." (*Id.* at 4.) Ms. McGaha further requests that "individual [c]laimants in this case [] be offered the opportunity to effectively participate in state and local policy decisions regarding the dissemination of funding received as a result of this plan." (*Id.* at 4.)

2. Although the Debtors remain sympathetic to all of those affected by the opioid crisis, including Ms. McGaha and other individual victims and their families, the Debtors must object to the Motion. The Motion should be denied because (i) the Court does not have jurisdiction to grant the relief sought by the Motion because the Plan[5] is currently on appeal to the Second Circuit; and (ii) even if the Court did have jurisdiction to address Plan issues at this time, it is unclear whether Ms. McGaha's challenges to Executive Order 13985 would fall within the purview of this Court as the Plan does not purport to dictate how any funds are used by the federal government.[6]

3. *First*, the Court does not have jurisdiction to amend or modify the Plan while it is on appeal. As an initial matter, although the Motion refers to the distribution of funds pursuant to the Plan through the "newly established Department of Recovery" (*e.g.*, Mot. at 3), no such institution is being established under the Plan. Ostensibly, "Department of Recovery" is a

---

[5] All references to the "Plan" refer to the *Twelfth Amended Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and its Affiliated Debtors* (Sept. 2, 2021), Dkt. No. 3726.

[6] For the avoidance of doubt, the Debtors do not intend to respond to the substance of Ms. McGaha's objections to Executive Order 13985, as the Debtors do not believe that it is necessary for the purposes of resolving the issues presented by the Motion. This should not, however, be taken as agreement with any particular position presented by Ms. McGaha.

3

reference to the National Opioid Abatement Trust ("**NOAT**"), which the Plan contemplates will, among other things, collect and make distributions to Authorized Recipients, including state and local governments, for Authorized Abatement Purposes, in accordance with the NOAT trust distribution procedures ("**NOAT TDP**").[7]  (*See, e.g.*, Plan §§ 4.4, 5.7; *see also* Ex. G, NOAT TDP, Tenth Plan Suppl. (July 15, 2021), Dkt. No. 3232.)  However, to the extent the Motion seeks to modify the NOAT TDP in order to require state and local governments not to comply with Executive Order 13985, the divestiture doctrine precludes the Court from doing so.  *See In re Sabine Oil & Gas Corp.*, 548 B.R. 674, 679 (Bankr. S.D.N.Y. 2016) (citing *In re Prudential Lines, Inc.*, 170 B.R. 222, 243 (S.D.N.Y. 1994) ("The divestiture doctrine, in its simplest terms, provides that the filing of an appeal divests the lower court of its control over the issue or matter that is on appeal. Courts have held that the same legal principle applies to appeals of bankruptcy court orders."); *see also* (March 9, 2021 Hr'g Tr. 145:18-24 (Drain, J) (acknowledging that "[the Court] could [not] be asked to amend or modify that Plan . . . given the divestiture doctrine . . . since it would clearly overlap such a motion with a pending appeal of the same Plan except for the amendment.").)

4.      *Second*, even if the Court had jurisdiction to amend the Plan, Executive Order 13985 on its face applies to the federal government.  Specifically, Executive Order 13985 seeks to advance equity by directing the *federal government*, not state and local governments, to "redress inequities in their policies and programs." *See* Exec. Order No. 13985, 86 Fed. Reg. 7009.  In short, it does not appear that Executive Order 13985 will apply to the state and local government abatement programs contemplated to be funded by the Plan.  Moreover, to the extent that the Motion seeks relief with respect to any federal agencies, the Plan does not purport to

---

[7] Capitalized terms used but not defined herein have the meanings ascribed to them in the Plan and the NOAT TDP.

dictate how funds distributed directly to the federal government on account of its claim will be used. (*See, e.g*., Plan § 4.3; *see also generally* Ltr. from L. Fogelman to the Hon. Robert D. Drain (ret.) (Nov. 30, 2020), Dkt. No. 1942). And, if Ms. McGaha generally is seeking to raise a challenge to Executive Order 13985, this chapter 11 proceeding is not the appropriate forum to do so.

For the reasons set forth above, the Debtors respectfully request that the Court deny the Motion.

Dated: November 9, 2022
      New York, New York

                      */s/ James I. McClammy*
                      DAVIS POLK & WARDWELL LLP
                      450 Lexington Avenue
                      New York, New York 10017
                      Telephone: (212) 450-4000
                      Facsimile: (212) 701-5800
                      Marshall S. Huebner
                      Benjamin S. Kaminetzky
                      James I. McClammy
                      Eli J. Vonnegut

                      *Counsel to the Debtors*
                      *and Debtors in Possession*