**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PURDUE PHARMA L.P., *et al.*,[1] | ) | Case No. 19-23649 (SHL) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

## NINTH SUPPLEMENTAL DECLARATION OF ARIK PREIS IN SUPPORT OF THE APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF PURDUE PHARMA L.P., *ET AL.* TO RETAIN AND EMPLOY AKIN GUMP STRAUSS HAUER & FELD LLP AS COUNSEL, *NUNC PRO TUNC*, TO SEPTEMBER 26, 2019

Pursuant to 28 U.S.C. § 1746 and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), I, Arik Preis, hereby declare as follows:

1.      I am an attorney admitted to practice in the State of New York and the United States District Court for the Southern District of New York.  I am a partner at the firm of Akin Gump Strauss Hauer & Feld LLP ("Akin Gump").  Akin Gump maintains offices at, among other places, One Bryant Park, New York, New York 10036.  There are no disciplinary proceedings pending against me.

2.      I am familiar with the matters set forth herein and submit this ninth supplemental declaration (the "Supplemental Declaration") in connection with the *Application of the Official Committee of Unsecured Creditors of Purdue Pharma L.P.,* et al., *to Retain and Employ Akin Gump Strauss Hauer & Feld LLP as Counsel,* Nunc Pro Tunc, *to September 29, 2019*, dated

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014).

November 5, 2019 [ECF No. 421] (the "Application"),[2] my initial declaration attached as Exhibit

B to the Application (the "Initial Declaration"), the *Supplemental Declaration of Arik Preis In*

*Support of the Application of the Official Committee of Unsecured Creditors of Purdue Pharma*

*L.P.,* et al. *to Retain and Employ Akin Gump Strauss Hauer & Feld LLP as Counsel,* Nunc Pro

Tunc*, to September 26, 2019*, dated July 3, 2020 [ECF No. 1336], the *Second Supplemental*

*Declaration of Arik Preis In Support of the Application of the Official Committee of Unsecured*

*Creditors of Purdue Pharma L.P.,* et al. *to Retain and Employ Akin Gump Strauss Hauer & Feld*

*LLP as Counsel*, Nunc Pro Tunc, *to September 26, 2019*, dated August 11, 2020 [ECF No. 1564],

the *Third Supplemental Declaration of Arik Preis In Support of the Application of the Official*

*Committee of Unsecured Creditors of Purdue Pharma L.P.,* et al. *to Retain and Employ Akin Gump*

*Strauss Hauer & Feld LLP as Counsel*, Nunc Pro Tunc, *to September 26, 2019*, dated November

1, 2020 [ECF No. 1887], the *Fourth Supplemental Declaration of Arik Preis In Support of the*

*Application of the Official Committee of Unsecured Creditors of Purdue Pharma L.P.,* et al. *to*

*Retain and Employ Akin Gump Strauss Hauer & Feld LLP as Counsel,* Nunc Pro Tunc*, to*

*September 26, 2019*, dated December 17, 2020 [ECF No. 2151], the *Fifth Supplemental*

*Declaration of Arik Preis In Support of the Application of the Official Committee of Unsecured*

*Creditors of Purdue Pharma L.P.,* et al. *to Retain and Employ Akin Gump Strauss Hauer & Feld*

*LLP as Counsel,* Nunc Pro Tunc*, to September 26, 2019*, dated April 23, 2021 [ECF No. 2704],

the *Sixth Supplemental Declaration of Arik Preis In Support of the Application of the Official*

*Committee of Unsecured Creditors of Purdue Pharma L.P.,* et al. *to Retain and Employ Akin Gump*

*Strauss Hauer & Feld LLP as Counsel,* Nunc Pro Tunc*, to September 26, 2019*, dated May 17,

2021 [ECF No. 2869], the *Seventh Supplemental Declaration of Arik Preis In Support of the*

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

2

*Application of the Official Committee of Unsecured Creditors of Purdue Pharma L.P.,* et al. *to Retain and Employ Akin Gump Strauss Hauer & Feld LLP as Counsel,* Nunc Pro Tunc*, to September 26, 2019*, dated December 21, 2021 [ECF No. 4245], the *Eighth Supplemental Declaration of Arik Preis In Support of the Application of the Official Committee of Unsecured Creditors of Purdue Pharma L.P.,* et al. *to Retain and Employ Akin Gump Strauss Hauer & Feld LLP as Counsel,* Nunc Pro Tunc*, to September 26, 2019*, dated December 15, 2022 [ECF No. 5302], and the *Order Authorizing the Official Committee of Unsecured Creditors of Purdue Pharma, L.P.,* et al. *to Retain and Employ Akin Gump Strauss Hauer & Feld LLP as Counsel,* Nunc Pro Tunc*, to September 26, 2019*, dated November 21, 2019 [ECF No. 522].

3.     As set forth in the Application, Akin Gump committed to file a supplemental declaration pursuant to Bankruptcy Rule 2014 to the extent it discovers new information that is relevant to the Application and merits disclosure.  *See* Initial Declaration ¶ 20.  Accordingly, in connection with Akin Gump's representation of the Committee,[3] I submit this Supplemental Declaration to provide the additional disclosure set forth herein.

## **DISCLOSURE**

4.     On December 12, 2022, Anna Kordas joined Akin Gump as a counsel in the Financial Restructuring group in the firm's New York office.  Prior to her employment at Akin Gump, Ms. Kordas was employed as an associate in the Business Restructuring & Reorganization group at Jones Day LLP ("Jones Day").  Jones Day serves as special counsel to the Debtors, and

---

[3] On September 26, 2019, the Office of the United States Trustee for Region 2 (the "U.S. Trustee") appointed the Committee pursuant to Bankruptcy Code section 1102(a).  *See Notice of Appointment of Official Committee of Unsecured Creditors*, dated September 27, 2019 [ECF No. 131].  The Committee currently comprises the following members: (i) The Blue Cross and Blue Shield Association; (ii) CVS Caremark Part D Services L.L.C. and CaremarkPCS Health L.L.C.; (iii) Cheryl Juaire; (iv) Kara Trainor; (v) LTS Lohmann Therapy Systems Corporation; (vi) Pension Benefit Guaranty Corporation; (vii) Walter Lee Salmons; and (viii) West Boca Medical Center, plus three *ex officio* members, Cameron County, Texas on behalf of the Multi-State Governmental Entities Group, the Cheyenne and Arapaho Tribes, on behalf of certain Native American Tribes and Native American-affiliated creditors, and Thornton Township High School District 205, on behalf of certain public school districts.

3

has provided legal services to the Debtors since 2004 in connection with various intellectual property prosecutions and litigations, and has also provided the Debtors with general intellectual property related counseling and opinion work.[4]   During the Chapter 11 Cases, Jones Day has provided the Debtors with, among other things, targeted advice on discrete matters of patent and intellectual property law, and continues to represent the Debtors in connection with several active foreign and domestic patent litigation matters.[5]

5.      Ms. Kordas has represented to Akin Gump that beginning in September 2019 around the time the Debtors commenced the Chapter 11 Cases, she performed work limited both in amount and scope in connection with Jones Day's representation of the Debtors.  Specifically, Ms. Kordas's work on the Chapter 11 Cases related solely to the monthly fee statements and fee applications filed by Jones Day seeking compensation and reimbursement for services provided to the Debtors.  Ms. Kordas's work in connection with Jones Day's representation of the Debtors continued until December 5, 2022, when she formally withdrew her appearance in the Chapter 11 Cases in anticipation of joining Akin Gump's Financial Restructuring group.[6]

6.      Any confidential client information of the Debtors disclosed to Ms. Kordas in connection with her work on Compensation Matters will not be available to the Akin Gump professionals and paraprofessionals representing the Committee in the Chapter 11 Cases (collectively, the "Purdue UCC Team").  To ensure that no improper transmission of confidences

---

[4] *See Application of the Debtors for an Order Authorizing Them to Retain and Employ Jones Day as Special Counsel, Nunc Pro Tunc to the Petition Date*, dated December 5, 2019 [ECF No. 601] ¶ 6.

[5] *See. e.g., Jones Day's Sixth Interim Application for Allowance of Compensation for Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred During Retention Period from June 1, 2021 Through September 30, 2021*, dated November 15, 2021 [ECF No. 4123] ¶ 7; *Jones Day's Ninth Interim Application For Allowance of Compensation For Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred During Retention Period From May 1, 2022 Through August 31, 2022*, dated October 17, 2022 [ECF No. 5163] ¶ 7.

[6] *See Notice of Withdrawal of Appearance and Request for Removal from Service Lists*, dated December 5, 2022 [ECF No. 5279].

has occurred or will occur, Akin Gump has established an ethical wall between the Purdue UCC Team and Ms. Kordas.  Pursuant to the terms of the ethical wall, which have been circulated by a firm-wide email communication, Ms. Kordas will have absolutely no involvement in the Chapter 11 Cases.  Specifically, Ms. Kordas will not be present, physically or through technology, at any meeting, conference, discussion or proceeding in connection with the Chapter 11 Cases.  The Purdue UCC Team working on the Chapter 11 Cases will not have any discussions, communications or other contact with Ms. Kordas concerning the Chapter 11 Cases or any confidential client information she obtained in connection with her work on the Compensation Matters, and Ms. Kordas will not communicate in any manner with any Akin Gump professionals, paraprofessionals or staff members regarding the Chapter 11 Cases or about or any confidential client information she obtained in connection with her work on the Compensation Matters. Professionals on the Purdue UCC Team are responsible for the supervision necessary to ensure that the undertakings of paraprofessionals and staff members are guided by and in line with the ethical wall and the underlying principles of the applicable Rules of Professional Conduct.  Ms. Kordas also will not access, and will be restricted from accessing, files regarding the Chapter 11 Cases (whether such files are stored on a shared server, restricted server or other digital or hard copy form).  Finally, Ms. Kordas has not retained any client files of the Debtors and will not transfer to Akin Gump any client files of the Debtors.

7.     Moreover, and out of an abundance of caution, Ms. Kordas sought and obtained a conflict waiver from the Debtors (the "Conflict Waiver") prior to the commencement of her employment with Akin Gump.  Pursuant to the Conflict Waiver, the Debtors agreed:  (i) to waive any conflict of interest that may be imputed to Akin Gump as a result of (x) Ms. Kordas's involvement in the Chapter 11 Cases on behalf of the Debtors while employed by Jones Day or

(y) Akin Gump's representation of the Committee in the Chapter 11 Cases or any related matter;

(ii) not to seek to disqualify Akin Gump from representing the Committee in the Chapter 11 Cases

or any related matter as a result of Ms. Kordas's involvement in the Chapter 11 Cases on behalf of

the Debtors as an employee of Jones Day; and (iii) that Akin Gump may share general information

relating to Ms. Kordas's involvement in connection with the Chapter 11 Cases on behalf of the

Debtors while employed by Jones Day with (x) the Committee, for the purpose of notifying and

seeking the Committee's consent with regard to Ms. Kordas's employment  by Akin Gump and

(y) the Bankruptcy Court, in connection with Akin Gump's disclosure obligations related to its

retention in this matter.

8.      While Akin Gump believes that the implementation of an ethical wall and the

Conflict Waiver discharge its ethical duties, Akin Gump also notified the Committee on November

9, 2022 of Ms. Kordas's proposed lateral move, her involvement in the Chapter 11 Cases on behalf

of the Debtors while employed by Jones Day and the measures Akin Gump was undertaking to

prevent any potential conflict of interest.  Akin Gump discussed the foregoing with the Committee

during a subsequent telephonic Committee meeting, and the Committee agreed that any potential

conflict of interest that might have been imputed to Akin Gump upon Ms. Kordas's lateral move,

absent the Conflict Waiver from the Debtors, was being addressed satisfactorily.

9.      In light of the foregoing, I do not believe that Ms. Kordas's connections to Jones

Day preclude Akin Gump from meeting the disinterestedness standard under the Bankruptcy Code.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true

and correct.

Dated: December 23, 2022

/s/  *Arik Preis*
Name: Arik Preis