UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| PURDUE PHARMA L.P., *et al.*, | Case No. 19-23649 |
| Debtors. [1] | (Jointly Administered) |

### FOURTH SUPPLEMENTAL DECLARATION OF RAYMOND WERTH IN CONTINUING SUPPORT OF GRANT THORNTON LLP'S RETENTION

I, Raymond Werth, state the following under penalty of perjury:

1. I am a Partner of the firm of Grant Thornton LLP ("**Grant Thornton**"). I am duly authorized to execute this declaration (this "**Declaration**") on behalf of Grant Thornton.

2. The facts set forth in this Declaration are based upon my personal knowledge, upon information and belief, and upon client matter records kept in the ordinary course of business that were reviewed by me or other employees under my supervision and direction. I am familiar with the matters set forth herein, and if called as a witness, I could and would testify thereto.

3. Pursuant to various Court orders (see ECF Nos. 2760, 3831 and 5188), Grant Thornton has been retained by the Debtors to provide certain tax, valuation and business advisory services to the Debtors in their chapter 11 cases.

4. In connection with Grant Thornton's past employment applications, I have submitted the following three (3) prior declarations in support of such applications: (i) my first

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P., Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

declaration (the "**Initial Werth Declaration**") was attached as **Exhibit C** to the *Application of Debtors for Authority to Retain and Employ Grant Thornton LLP as Tax Structuring Consultants to the Debtors Nunc Pro Tunc to January 20, 2021* [ECF No. 2636] (the "**Initial Retention Application**"); (ii) my second declaration (the "**First Supplemental Werth Declaration**") was attached as **Exhibit C** to the *Application of Debtors for Authority to Supplement Retention and Employment of Grant Thornton LLP for Tax Analysis and Valuation Services Effective September 1, 2021* [Docket No. 3761] (the "**First Supplemental Application**"); and (iii) my third declaration (the "**Second Supplemental Werth Declaration**") was attached as **Exhibit 3** to the *Application of Debtors for Authority to Supplement Retention and Employment of Grant Thornton LLP for Business Advisory Services Effective September 27, 2022* [Docket No. 5113] (the "**Second Supplemental Application**," and together with the Initial Retention Application and the First Supplemental Application, the "**Applications**").

5. This Declaration is submitted as a supplemental statement required pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") regarding Grant Thornton's disinterestedness and in continuing support of Grant Thornton's employment by the Debtors in these bankruptcy cases and the prior Applications filed with the Court.

6. On January 29, 2021, bankruptcy counsel to the Debtors, Davis Polk & Wardwell LLP ("**Davis Polk**"), forwarded to our outside counsel a 109-page list of potential interested parties in the chapter 11 cases from which Grant Thornton could perform its conflict search (the "**Conflicts List**"). A summary list of the categories of potential parties in interest set forth on the Conflicts List is attached to the Initial Werth Declaration as **Exhibit 1** filed as part of the Initial Retention Application.

2

7.       On August 25, 2022, Davis Polk forwarded to our outside counsel a supplemented Conflicts List (the "**Supplemental Conflicts List**").  Although the Supplemental Conflicts List did not add or delete any of the categories of potential interested parties as originally disclosed in my Initial Werth Declaration, it did add the names of numerous new potential interested parties.[2] For purposes of this declaration, when I refer to the Supplemental Conflicts List, such list includes both the original parties searched in the Conflicts List as part of my Initial Werth Declaration, as well as any additional new parties added to the Supplemental Conflicts List for which Grant Thornton ran additional conflict searches per the procedures described herein and in the Initial Werth Declaration.

8.       Specifically, to perform its conflict search, Grant Thornton ran all of the names in the Supplemental Conflicts List, both initially as part of the Initial Retention Application and then more recently with respect to any new names provided in the Supplemental Conflicts List, through its firm-wide conflicts system.  With respect to the other member firms in the Grant Thornton Network, Grant Thornton ran a search of the Supplemental Conflicts List against various internal lists and databases, which yields potential "hits" in other member firms.

9.       Among the internal lists and databases that are included in the searches performed are: audit, tax and advisory engagement acceptance databases, and client database; business arrangements with public companies; financial relationships or arrangements; global list of publicly traded audit clients or their affiliates; audit and attest clients; the SEC audit directors list; subcontractor lists; and a list of other entities to be aware of that may not be on one of the

---

[2]   Because the initial Conflicts List is 109 pages long, and the Supplemental Conflicts List is even longer, the entire list is not attached to this declaration or any of my prior declarations.  Rather, a summary of those conflict lists by category was provided for reference in my Initial Werth Declaration.  A copy of the Supplemental Conflicts List may be obtained upon request or, if requested by the Court, I can file a supplemental declaration with the actual Supplemental Conflicts List that was provided by the Debtors and used by Grant Thornton to perform its conflict check.

3

lists above, among others. If there is such a potential "hit" indicated for another member firm, then Grant Thornton will send a conflict check, for that entity, to the relevant member firm. The member firm then has a certain amount of time to report whether there is a relationship with that entity. If the member firm makes such a report, then it is reviewed to determine whether it will have an effect on Grant Thornton's disinterestedness.

10. "Hits" were then sent to the relevant member firms per the process described above, including to member firms in the following jurisdictions: Canada; Hungary; Israel; Poland; Sweden and the United Kingdom. If there were responses received, the "hit" was then cleared to confirm that the connection was unrelated to the Debtors or these chapter 11 cases and reported on **Exhibit 2** to the Initial Werth Declaration in order for Grant Thornton to declare its disinterestedness.

11. As set forth on such **Exhibit 2**, the hits for the relevant cross-border member firms identified above are reported on **Exhibit 2** as the relevant jurisdiction and the general type of relationship, as the circumstances require.

12. I, or someone working under my supervision, reviewed any client connections from the Supplemental Conflicts List to the Debtors' chapter 11 cases, in accordance with the procedures set forth above, to determine whether Grant Thornton has an adverse interest to the Debtors' estates. Since the date of the Second Supplemental Werth Declaration, Grant Thornton has continued to run conflict checks in order to provide additional information that may require additional disclosures. Based on that on-going conflict review, I became aware of additional "hits" in addition to, and to further supplement, those originally disclosed in my Initial Werth Declaration.

13. Based on the results of the on-going conflicts search, to the best of my knowledge, neither I, nor Grant Thornton or any member in the Grant Thornton Network, nor any partner or employee thereof, insofar as I have been able to ascertain, has any connection with any of the parties in interest identified in the Debtors' Supplemental Conflicts List, except as disclosed or otherwise described on **Exhibit 2** attached to the Initial Werth Declaration, which is incorporated herein by reference, and as further set forth and supplemented in **Exhibit A** attached hereto (together, the "**Disclosure Exhibits**") and as otherwise set forth below.

14. In February 2020, Grant Thornton was retained by SK Groundhog Holdings LP ("**SKG**") to perform advisory services to assist SKG in evaluating and testing for potential goodwill impairment in accordance with ASC 350 (relating to goodwill) and ASC 360 (relating to property) as of December 31, 2019. SKG is not a creditor or other party in interest in the Debtors' bankruptcy cases, and, as such, is not identified on the Conflicts List or the Supplemental Conflicts List.

15. As part of the February 2020 advisory services engagement, Grant Thornton advised SKG with respect to goodwill impairment testing for financial reporting purposes for certain subsidiaries of SKG, including Noramco. Noramco is listed as a "Vendor" and "Major Co-Defendant" on the Conflicts List and Supplemental Conflicts List. Although Noramco ultimately purchased certain assets of one of the Debtors, Rhodes Technologies, in the bankruptcy cases on or around December 31, 2020, Grant Thornton was not retained and did not perform any services for SKG or Noramco relating to the Rhodes Technologies sale transaction.

16. In March 2021, Grant Thornton was further retained by SKG to provide a fair value estimate of the Rhodes Technologies assets as of March 2021. Grant Thornton was not engaged to provide advisory services related to the intended transaction price, deal negotiations, or the

5

strategic decision-making around the transaction between Noramco and Rhodes Technologies, but rather, Grant Thornton was engaged only after the sale transaction was consummated in December 2020 solely to determine the value of the acquired tangible assets (fixed asset and real estate only) for financial reporting purposes for Noramco. Grant Thornton has not performed any work for SKG or any of its downward affiliates (including Noramco) since the March 2021 project.

17. Grant Thornton also provides services to SKG's parent entity, the private equity group SK Capital Partners. Like SKG, SK Capital Partners is not a creditor or other party in interest in the Debtors' bankruptcy cases, and, as such, is not identified on the Conflicts List or the Supplemental Conflicts List. Grant Thornton performs quarterly valuations at the fund level directly for SK Capital Partners relating to certain investments within its funds, including Noramco, for financial reporting purposes.

18. I believe that none of the connections disclosed herein and on such Disclosure Exhibits have or will affect Grant Thornton's representation of the Debtors in these cases. None of Grant Thornton's representations of these parties comprises a material component of Grant Thornton's practice, nor does Grant Thornton currently represent any such parties in any matter adverse to the Debtors.

19.     Despite the efforts described above to identify and disclose Grant Thornton's connections to parties in interest in these chapter 11 cases, Grant Thornton is unable to state with certainty that every client relationship or other connection has been disclosed. In this regard, if Grant Thornton discovers additional information that requires disclosure, Grant Thornton will file a supplemental disclosure with the Court as promptly as possible.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge, and belief.

Executed on this 27th day of January, 2023.

_____
Raymond Werth

# EXHIBIT A

# SUPPLEMENTAL DISCLOSURE SCHEDULE

| Entity/Individual | BK Relationship | Grant Thornton Relationship |
|---|---|---|
| ACE AMERICAN INSURANCE CO. | Insurers | Business and Client Relationship |
| ANNE ARUNDEL COUNTY, MARYLAND | Plantiff | Client Relationship |
| AQUARION WATER COMPANY | Utilities | Client Relationship |
| BROOKSIDE EQUITY PARTNERS | Sublessees | Client Relationship |
| BROWN RUDNICK LLP | Creditor Committee Professional | Client Relationship |
| CITY OF HENDERSON COUNTY | Plaintiffs | Client Relationship |
| CITY OF PORTLAND | Plantiffs | Business Relationship |
| CITY OF RICHMOND | Plantiffs | Client Relationship |
| CITY OF WARWICK | Plaintiffs | Internal Legal Matter |
| COGENCY GLOBAL | Debtor Legal Counsel | Business Relationship |
| DEBEVOISE & PLIMPTON | Vendor, Director and Officer Legal Counsel | Client Relationship |
| Endo International PLC | Major Co-Defendants | Client Relationship |
| Endo Health Solutions Inc. | Major Co-Defendants | Client Relationship |
| FOREST COUNTY POTAWATOMI COMMUNITY | Plaintiffs | Client Relationship |
| GORDON, ARATA, MONTGOMERY, BARNETT, MCCOLLAM, DUPLANTIS & EAGAN LLC | Debtor Legal Counsel | Client Relationship |
| HILLSBOROUGH COUNTY | Plaintiffs | Client Relationship |
| HINCKLEY, ALLEN & SNYDER LLP | Debtor Legal Counsel | Client Relationship |
| INTRALINKS INC | Vendor | Business Relationship |
| Janssen Pharmaceuticals, Inc. | Major Co-Defendants | Client Relationship |
| JONES DAY | Debtor Legal Counsel | Client Relationship |
| KAUFMAN CANOLES | Plaintiffs' Attorneys | Client Relationship |
| KELLER ROHRBACK LLP | Plaintiffs' Attorneys | Internal Legal Matter |
| KEVIN SCHWARTZ | Plaintiffs | Client Relationship |
| KOKINO LLC | Sublessees | Client Relationship |
| LEGACY PHARMACEUTICAL PACKAGING LLC | Vendor | Client Relationship |
| MASSACHUSETTS DEPARTMENT OF REVENUE | Taxing Authorities | Business Relationship |
| COUNTY OF MARICOPA | Plaintiffs | Client Relationship |
| MOVILITAS CONSULTING LLC | Vendor | Business Relationship |
| NATIONAL GRID | Utilities | Client Relationship |
| OCULAR | Business Development | Client Relationship |
| PHARMACEUTICAL RESEARCH ASSOCIATES, INC. | Other Related Entities | Client Relationship |
| SHIONOGI INC | Vendor | Client Relationship |

9

| | | |
|---|---|---|
| SIMPSON THACHER BARLETT LLP | Director and Officer Legal Counsel | Client Relationship |
| SPARTAN NASH INC | Customers | Client Relationship |
| STATE OF MICHIGAN | Plaintiffs | Client Relationship |
| STITES & HARBISON, PLLC | Debtor Legal Counsel | Client Relationship |
| SWEETWATER COUNTY | Plaintiffs | Client Relationship |
| TOWERS WATSON DELAWARE INC | Vendor | Client Relationship |
| UNIVERSITY OF TEXAS | Licensing Agreements | Client Relationship |
| VORYS SATER SEYMOUR & PEASE LLP | Vendor | Client Relationship |
| WEST BEND MUTUAL INSURANCE COMPANY | Plaintiffs | Client Relationship |
| WILLIS TOWERS WATSON US LLC | Vendor | Business and Client Relationship |
| ACE AMERICAN INSURANCE CO. | Insurers | Business and Client Relationship |