Melanie L. Cyganowski, Esq.
Jennifer S. Feeney, Esq.
OTTERBOURG P.C.
230 Park Avenue
New York, NY 10169
Telephone:    (212) 661-9100
Facsimile:    (212) 682-6104

*Co-Counsel to the Ad Hoc Committee of
Governmental and Other Contingent
Litigation Claimants*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------- x

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| PURDUE PHARMA L.P., *et al.*, | : | Case No. 19-23649 (SHL) |
|  | : |  |
| Debtors[1]. | : | (Jointly Administered) |

-------------------------------------------------------- x

**APPLICATION OF OTTERBOURG P.C. AS CO-COUNSEL TO THE
AD HOC COMMITTEE OF GOVERNMENTAL AND OTHER CONTINGENT
CLAIMANTS FOR TENTH INTERIM ALLOWANCE OF COMPENSATION FOR
SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED FROM
SEPTEMBER 1, 2022 THROUGH AND INCLUDING DECEMBER 31, 2022**

| *General Information* |  |
|---|---|
| Name of Applicant: | Otterbourg P.C. |
| Applicant's role in case: | Co-Counsel to the Ad Hoc Committee of Governmental and Other Contingent Litigation Claimants |
| Retention date: | September 16, 2019 |

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

7325708.2

| | |
|---|---|
| Date of Order approving Debtors' payment of fees and expenses of Applicant: | December 2, 2019 [Dkt. No. 553] |
| **Summary of Fees and Expenses Sought in the Application** | |
| Time period covered for interim fees and expenses requested by this application: | September 1, 2022 through and including December 31, 2022 (the "Application Period") |
| Amount of compensation sought as actual, reasonable, and necessary for the Application Period: | $22,461.00 |
| Amount of expense reimbursement sought as actual, reasonable, and necessary for the Application Period: | $0.00 |
| Total compensation and expense reimbursement requested for the Application Period: | $22,461.00 |
| Amount of compensation paid but not yet allowed to date: | $14,241.60 |
| Amount of expenses paid but not yet allowed to date: | $0.00 |

| **Summary of Previous Request(s) and Payment(s) for Compensation and Expense Reimbursement** | | | | | | | |
|---|---|---|---|---|---|---|---|
| **Application** | **Period Covered** | **Fees Requested** | **Fees Paid** | **Expenses Requested** | **Expenses Paid** | **Balance** | **Order** |
| First Interim Application Dkt. No. 955 | 9/16/2019 through 1/31/2020 | $646,606.50 | $634,943.70[2] | $2,956.87 | $2,956.87 | $0.00 | Dkt. Nos. 1159 and 1306 |
| Second Interim Application Dkt. No. 1456 | 2/1/2020 through 5/31/2020 | $336,192.00 | $331,192.00[3] | $1,604.92 | $1,504.92 | $0.00 | Dkt. No. 1649 |

---

[2]     At the request of the fee examiner, Applicant agreed to a fee and expense accommodation in the amount of $11,662.80 in connection with its first interim fee application.

[3]     At the request of the fee examiner, Applicant agreed to a fee and expense accommodation in the amount of $5,100.00 ($5,000 in fees and $100 in expenses) in connection with its second interim fee application.

| *Summary of Previous Request(s) and Payment(s) for Compensation and Expense Reimbursement* | | | | | | | |
|---|---|---|---|---|---|---|---|
| Third Interim Application Dkt. No. 1990 | 6/1/2020 through 9/30/2020 | $682,293.50 | $669,130.85[4] | $2,091.13 | $2,091.13 | $0.00 | Dkt. No. 2144 |
| Fourth Interim Application Dkt. No. 2525 | 10/1/2020 through 12/31/2020 | $904,388.50 | $904,388.50 | $851.68 | $851.68 | $0.00 | Dkt. No. 2698 |
| Fifth Interim Application Dkt. No. 3221 | 1/1/2021 through 5/31/2021 | $683,168.00 | $683,168.00 | $887.21 | $887.21 | $0.00 | Dkt. No. 3603 |
| Sixth Interim Application Dkt. No. 4127 | 6/1/2021 through 9/30/2021 | $601,312.00 | $601,312.00 | $47.49 | $47.49 | $0.00 | Dkt. No. 4237 |
| Seventh Interim Application Dkt. No. 4546 | 10/1/2021 through 1/31/2022 | $255,511.50 | $255,511.50 | $107.36 | $107.36 | $0.00 | Dkt. No. 4716 |
| Eighth Interim Application Dkt. No. 4839 | 2/1/2022 through 4/30/2022 | $183,544.50 | $183,544.50 | $1,154.95 | $1,154.95 | $0.00 | Dkt. No. 4927 |

---

[4]     At the request of the fee examiner, Applicant agreed to a fee accommodation in the amount of $13,162.65 in connection with its third interim fee application.

| *Summary of Previous Request(s) and Payment(s) for Compensation and Expense Reimbursement* | | | | | | | |
|---|---|---|---|---|---|---|---|
| Ninth Interim Application<br><br>Dkt. No. 5159 | 5/1/2022-8/31/2022 | $49,652.00 | $49,652.00 | $0.00 | $0.00 | $0.00 | Dkt. No. 5256 |
| **TOTAL:** | | $4,342,668.50 | $2,677,576.50 | $9,701.61 | $9,601.61 | $0.00 | |

| *Monthly Fee Statements Subject to the Application Period* | | | | | | |
|---|---|---|---|---|---|---|
| Statement | | Amount Requested | | Amount Paid | | |
| Period | Dkt. and Date | Fees | Expenses | Fees (80%) | Expenses (100%) | Balance |
| 9/1/2022-9/30/2022 | Dkt. No. 5238 Filed: 11/15/2022 | $2,768.00 | $0.00 | $2,214.40 | $0.00 | $553.60 |
| 10/1/2022-10/31/2022 | Dkt. No. 5239 Filed: 11/15/2022 | $9,567.50 | $0.00 | $7,654.00 | $0.00 | $1,913.50 |
| 11/1/2022-11/30/2022 | Dkt. No. 5335 Filed: 1/11/2023 | $5,466.50 | $0.00 | $4,373.20 | $0.00 | $1,093.30 |
| 12/1/2022-12/31/2022 | Dkt. No. 5395 Filed: 2/1/2023 | $4,659.00 | $0.00 | $0.00 | $0.00 | $4,659.00 |
| **TOTAL** | | **$22,461.00** | **$0.00** | **$14,241.60** | **$0.00** | **$8,219.40** |

| This is a(n): | |
|---|---|
| | ____    Monthly |
| | x    Interim |
| | ____    Final Application |

Melanie L. Cyganowski, Esq.
Jennifer S. Feeney, Esq.
OTTERBOURG P.C.
230 Park Avenue
New York, NY 10169
Telephone:    (212) 661-9100
Facsimile:    (212) 682-6104

*Co-Counsel to the Ad Hoc Committee of*
*Governmental and Other Contingent*
*Litigation Claimants*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- x

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| PURDUE PHARMA L.P., *et al.*, | : | Case No. 19-23649 (RDD) |
| | : | |
| Debtors[1]. | : | (Jointly Administered) |

---------------------------------------------------------- x

**APPLICATION OF OTTERBOURG P.C. AS CO-COUNSEL TO THE
AD HOC COMMITTEE OF GOVERNMENTAL AND OTHER CONTINGENT
CLAIMANTS FOR TENTH INTERIM ALLOWANCE OF COMPENSATION FOR
SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED FROM
SEPTEMBER 1, 2022 THROUGH AND INCLUDING DECEMBER 31, 2022**

TO:    THE HONORABLE ROBERT D. DRAIN,
       UNITED STATES BANKRUPTCY JUDGE:

Otterbourg P.C. ("**Otterbourg**" or "**Applicant**"), Co-Counsel to the Ad Hoc Committee

of Governmental and Other Contingent Claimants (the "**AHC**") in the above-captioned cases, in

support of its Tenth application (the "**Application**") for allowance of interim compensation for

professional services rendered and reimbursement of expenses incurred from September 1, 2022

---

[1]       The Debtors in these chapter 11 cases, along with the last four digits of each Debtors's registration number
in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue
Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P.
(0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150),
Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P.
(4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove
Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick
Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC
Pharma L.P. (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford
Forum, 201 Tresser Boulevard, Stamford, CT 06901.

7325708.2

through and including December 31, 2022 (the "**Application Period**") in connection with the chapter 11 bankruptcy cases of Purdue Pharma L.P. and its affiliates (the "**Debtors**") pending in the United States District Court for the Southern District of New York (the "**Court**"), and respectfully states:

## **JURISDICTION, VENUE AND STATUTORY PREDICATES**

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is core proceeding pursuant to 28 U.S.C. § 157(b).  Venue of this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief sought herein are Sections 330 and 331 of Title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**").  This Application has been prepared in accordance with *General Order M-447*, the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases pursuant to Local Rule 2016-1(a) (as updated June 17, 2013)* (the "**Local Guidelines**"), and the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in larger Chapter 11 Cases, effective November 1, 2013* (the "**UST Guidelines**" and, together with the Local Guidelines, the "**Guidelines**").  Attached hereto as Exhibit A is a certification regarding compliance with the Local Guidelines (the "**Cyganowski Declaration**").

## **BACKGROUND**

3.      On September 16, 2019 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

4.    The Debtors have remained in possession of their property and continue in the management of their business as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

5.    An official committee of unsecured creditors (the "**UCC**") was appointed by the Office of the United States Trustee (the "**UST**") in these cases on September 27, 2019 [Dkt. No. 131].

6.    On November 21, 2019, the Court entered the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals*, dated November 21, 2019 (the "**Interim Compensation Order**") [Dkt. No. 529]. The Interim Compensation Order provides, among other procedures, that professionals are required to file and serve monthly itemized billing statements and interim fee applications.

7.    On December 2, 2019, the Court entered an *Order Authorizing the Debtors to Assume the Reimbursement Agreement and Pay the Fees and Expenses of the Ad Hoc Committee's Professionals* (the "**Fee Assumption Order**").    [Dkt. No. 553].    The Fee Assumption Order permits the payment of the fees and expenses of the AHC's professionals, including Applicant, *nunc pro tunc* to September 16, 2019, and requires compliance with the procedures set forth in the Interim Compensation Order.  A copy of the Fee Assumption Order is annexed hereto as Exhibit B.

## SUMMARY OF PROFESSIONAL COMPENSATION
## AND REIMBURSEMENT OF EXPENSES REQUESTED

8.    By this Application, Applicant seeks an order approving on an interim basis compensation in the amount of $22,461.00 incurred in connection with its rendering of professional services to the AHC during the Application Period.

9.      In accordance with the Interim Compensation Order, Applicant filed the following interim fee applications:

- On March 16, 2020, Applicant filed a request for first interim allowance of fees and expenses in this Case, covering the period from September 16, 2019 through and including January 31, 2020 [Dkt. No. 955]. The Court entered an order on May 15, 2020 approving that first interim request [Dkt. No. 1159]. On June 26, 2020 the Court entered a supplemental order permitting payment of the holdback amounts, less certain reductions of fees and expenses agreed to between Applicant and the fee examiner appointed in these cases [Dkt. No. 1306].

- On July 20, 2020, Applicant filed a request for second interim allowance of fees and expenses in this Case, covering the period from February 1, 2020 through and including May 31, 2020 [Dkt. No. 1456]. The Court entered an order on September 2, 2020 approving that second interim request [Dkt. No. 1649].

- On November 16, 2020, Applicant filed a request for third interim allowance of fees and expenses in this Case, covering the period from June 1, 2020 through and including September 30, 2020 [Dkt. No. 1990]. The Court entered an order on December 16, 2020 approving that third interim request [Dkt. No. 2144].

- On March 17, 2021, Applicant filed a request for fourth interim allowance of fees and expenses in this Case, covering the period from October 1, 2020 through and including December 31, 2020 [Dkt. No. 2525].  The Court entered an order on April 22, 2021 approving that fourth interim request [Dkt. No. 2698].

- On July 15, 2021, Applicant filed a request for fifth interim allowance of fees and expenses in this Case, covering the period from January 1, 2021 through and including

May 31, 2020 [Dkt. No. 3221].   The Court entered an order on August 18, 2021 approving that fifth interim request [Dkt. No. 3603].

- On November 15, 2021, Applicant filed a request for sixth interim allowance of fees and expenses in this Case, covering the period from June 1, 2021 through and including September 30, 2021 [Dkt. No. 4127]. The Court entered an order on December 20, 2021 approving the sixth interim request [Dkt. No. 4237].

- On March 17, 2022, Applicant filed a request for seventh interim allowance of fees and expenses in this Case, covering the period from October 1, 2021 through and including January 1, 2022 [Dkt. No. 4546]. The Court entered an order on April 29, 2022 approving the seventh interim request [Dkt. No. 4716].

- On May 16, 2022, Applicant filed a request for eighth interim allowance of fees and expenses in this case, covering the period from February 1, 2022 through and including April 30, 2022 [Dkt. No. 4839]. The Court entered an order on June 27, 2022 approving the eighth interim request [Dkt. No. 4927].

- On October 17, 2022, Applicant filed a request for ninth interim allowance of fees and expenses in this case, covering the period from May 1, 2022 through and including September 30, 2022 [Dkt. No. 5159]. The Court entered an order on November 23, 2022 approving the ninth interim request [Dkt. No. 5256].

10.    The following Monthly Fee Statements were filed by Applicant during the Application Period:

| Monthly Fee Statements Subject to the Application Period | | | | | | |
|---|---|---|---|---|---|---|
| Statement | | Amount Requested | | Amount Paid | | |
| Period | Dkt. and Date | Fees | Expenses | Fees (80%) | Expenses (100%) | Balance |
| 9/1/2022-9/30/2022 | Dkt. No. 5238 Filed: 11/15/2022 | $2,768.00 | $0.00 | $2,214.40 | $0.00 | $553.60 |
| 10/1/2022-10/31/2022 | Dkt. No. 5239 Filed: 11/15/2022 | $9,567.50 | $0.00 | $7,654.00 | $0.00 | $1,913.50 |
| 11/1/2022-11/30/2022 | Dkt. No. 5335 Filed: 1/11/2023 | $5,466.50 | $0.00 | $4,373.20 | $0.00 | $1,093.30 |
| 12/1/2022-12/31/2022 | Dkt. No. 5395 Filed: 2/1/2023 | $4,659.00 | $0.00 | $0.00 | $0.00 | $4,659.00 |
| **TOTAL** | | **$22,461.00** | **$0.00** | **$14,241.60** | **$0.00** | **$8,219.40** |

11.     Applicant attaches the following in support of this Application:

- Exhibit C is a summary of the compensation sought by Applicant by project code for the Application Period and a comparison to the Applicant's budget and proposed staffing plan.

- Exhibit D is a list of the attorneys and paraprofessionals who have worked on these cases during the Application Period, the aggregate time invested by each individual, the applicable hourly billing rate, and the amount of fees attributable to each individual, as well as the hours and time spent by position (*e.g.*, partner, associate, clerk), blended hourly rates, and a comparison against the blended rates of other non-insolvency attorneys and professionals at Otterbourg.

- Exhibit E contains a copy of the computer-generated time entries reflecting the time recorded during the Application Period, organized in project billing categories by the Applicant.

## SUMMARY AND HIGHLIGHTS OF SERVICES RENDERED

12.     During the Application Period, Applicant performed services on a variety of tasks for the AHC, all of which are set forth in Applicant's detailed time records.    The parties in the case await the decision of the Second Circuit Court of Appeals with respect to the ongoing appeals related to the *Findings of Fact, Conclusions of Law, and Order Confirming the Twelfth*

*Amended Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. and its Affiliated Debtors* [Dkt. No.3787].    Accordingly, during the Application Period, the time spent by Applicant was considerably less than in prior application periods.  Below is a summary of certain of the activities performed during the Application Period.

13.    During the Application Period, Applicant participated in periodic conference calls and videoconferences with its co-counsel, financial advisors and the AHC's state leadership. Applicant coordinated with co-counsel and was one of the counsel primarily responsible for communicating with the states to provide updates and ascertain their positions on various matters.    While there were activities that necessarily required full participation of the professionals, tasks were coordinated to avoid duplication of efforts.

14.    Applicant reviewed periodic reports from the AHC's financial advisors regarding the various businesses of the Debtors and reports from co-counsel regarding the status of insurance litigation. These reports enabled Applicant to keep informed regarding the assets that will ultimately be available to creditors and to provide advice to the AHC.  Applicant also reviewed filings in the case and attended via videoconference omnibus court hearings when appropriate.  To conserve resources during the Application Period, Applicant would occasionally have a paralegal monitor the hearing, as opposed to attorneys at a higher billing rate, or rely on the reports prepared by co-counsel.

15.    Applicant also prepared and filed monthly fee statements and its ninth interim fee application as required by the Compensation Procedures Order.  While the time spent preparing fee statements and its interim fee application was greater than the time spent on other tasks during the Application Period, that was primarily a function of the fact that there was less time spent on other project categories during this Application Period, as reflected in the total fees

being requested.  Because there is a certain fixed amount of time required to prepare monthly statements and a fee application, this project category was necessarily larger than other project categories.

## EVALUATING APPLICANT'S SERVICES

16.    Applicant respectfully submits that its request for interim allowance of compensation is reasonable and appropriate.  The services rendered by Applicant, as highlighted above, required time and effort.

17.    Bankruptcy Code section 331 provides for interim compensation of professionals and incorporates the substantive standards of Bankruptcy Code section 330 to govern the Court's award of such compensation.  Bankruptcy Code section 330 provides that a court may award a professional employed under Bankruptcy Code section 327 "reasonable compensation for actual, necessary services rendered … and reimbursement for actual, necessary expenses."  Bankruptcy Code section 330 also sets forth the criteria for the award of such compensation and reimbursement.

18.    In determining the amount of reasonable compensation to be awarded, the Court should consider the nature, extent, and the value of such services, taking into account all relevant factors, including:

      a.    the time spent on such services;

      b.    the rates charged for such services;

      c.    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

      d.    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

e.      whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

19.     Applicant respectfully submits that the services for which it seeks compensation in this Application were necessary for and beneficial to the AHC, the Debtors, the Debtors' estates, and other parties in interest.  Applicant also submits that the services rendered to the AHC were performed economically, effectively and efficiently and were necessary.  Applicant further submits that the compensation requested herein is reasonable in light of the nature, extent and value of such services and that the fees billed and expenses incurred were well within the parameters of the fee estimates provided to the Debtors.

20.     Applicant coordinated with co-counsel to the AHC to assign tasks and avoid duplication of services.  Certain services, such as participation in court hearings, conference calls and meetings and review of pertinent documents, necessarily required the involvement of multiple co-counsel advising the AHC.  Applicant was primarily responsible for interfacing with the state members of the AHC and bringing such issues and concerns to the remainder of the AHC and other co-counsel.

21.     Applicant's hourly rates and fees charged are consistent with the market rate for comparable services.  As set forth in the Cyganowski Certification, the hourly rates and fees charged by Applicant are the same as those generally charged to, and paid by, Applicant's other clients.  In accordance with its regular practice, Applicant's hourly rates are reviewed and adjusted in October of each year.

22.     In summary, the services rendered by Applicant were necessary and beneficial to the AHC and the Debtors' estates, and were consistently performed in a timely manner

commensurate with the complexity, importance, novelty and nature of the issues involved.

Accordingly, approval of the compensation sought herein is warranted.

### APPLICANT'S STATEMENT PURSUANT TO APPENDIX B
### OF THE UST GUIDELINES

23.     The following statement is provided pursuant to § C.5. of the UST Guidelines.

a.  **Question**:  Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms of services pertaining to this engagement that were provided during the application period?  If so, please explain.

**Answer**:  No.

b.  **Question**:  If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client?

**Answer**:  The fees sought in the Application do not exceed the fees budgeted for the Application Period and are, in fact, considerably less than the amount budgeted.

c.  **Question**:  Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case?

**Answer**:  No.

d.  **Question**:  Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices?  (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.)  If so, please quantify by hours and fees.

**Answer**:  No.

e.  **Question**:  Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information?  If so, please quantify by hours and fees.

**Answer**:  No.

f.  **Question**:   If the fee application includes any rate increases since retention: (i) Did your client review and approve those rate increases in

advance? (ii) Did your client agree when retaining the law firm to accept all future rate increases?  If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11-458?

**Answer**:  Pursuant to Applicant's ordinary practices, hourly billable rates were increased in October 2020, October 2021 and October 2022. Applicant was not subject to a separate retention application.  The Debtors were authorized to pay the fees of Applicant pursuant to the Fee Assumption Order.   The increase in Otterbourg's hourly rate was disclosed to the AHC in Otterbourg's October 2020, October 2021 and October 2022 monthly statements and reviewed by the AHC prior to filing with the Court.

## <u>CONCLUSION</u>

**WHEREFORE**, the Applicant respectfully requests that this Court enter an order (i) (a) allowing on an interim basis compensation in the aggregate amount of $22,461.00 for fees for services rendered during the Application Period; (b) authorizing and directing the Debtors to pay to the unpaid fees for services rendered during the Application Period expenses associated with such services; and (ii) granting such other and further relief as may be just or proper.

New York, New York
Dated: February 14, 2023

OTTERBOURG P.C.

By: */s/ Melanie L. Cyganowski*
    Melanie L. Cyganowski, Esq.
    Jennifer S. Feeney, Esq.
    OTTERBOURG P.C.
    230 Park Avenue
    New York, NY 10169
    Telephone:    (212) 661-9100
    Facsimile:    (212) 682-6104

    *Co-Counsel to the Ad Hoc Committee of*
    *Governmental and Other Contingent*
    *Litigation Claimants*

# EXHIBIT A

**Certification**

Melanie L. Cyganowski, Esq.
Jennifer S. Feeney, Esq.
OTTERBOURG P.C.
230 Park Avenue
New York, NY 10169
Telephone:    (212) 661-9100
Facsimile:    (212) 682-6104

*Co-Counsel to the Ad Hoc Committee of*
*Governmental and Other Contingent*
*Litigation Claimants*


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------- x
In re                                                   :    Chapter 11
                                                        :
PURDUE PHARMA L.P., *et al.*,            :    Case No. 19-23649 (RDD)
                                                        :
            Debtors[1].                              :    (Jointly Administered)
--------------------------------------------------------- x


**CERTIFICATION OF MELANIE L. CYGANOWSKI IN RESPECT OF APPLICATION
OF OTTERBOURG P.C. AS CO-COUNSEL TO THE AD HOC COMMITTEE OF
GOVERNMENTAL AND OTHER CONTINGENT CLAIMANTS FOR
TENTH INTERIM ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED
AND REIMBURSEMENT OF EXPENSES INCURRED FROM
SEPTEMBER 1, 2022 THROUGH AND INCLUDING DECEMBER 31, 2022**

I, Melanie L. Cyganowski, hereby certify that:

1.        I am a member of the firm of Otterbourg P.C. ("Otterbourg").    By Order of the

Court, dated December 2, 2019, the Debtor was authorized to pay fees and expenses of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF L.P. (0495), SVC Pharma L.P. (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

Otterbourg as Co-Counsel to the Ad Hoc Committee of Governmental and Other Contingent Claimants *nunc pro tunc* to September 16, 2019 (the "Petition Date").  [553]

2.      I am the professional designated by Otterbourg with the responsibility for compliance with the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases* (as updated June 17, 2013) (the "Local Guidelines"), and the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys in Larger Chapter 11 Cases*, adopted by the Executive Office for the United States Trustee (the "UST Guidelines", and together with the Local Guidelines, the "Guidelines") and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals*, [Dkt. No. 529] (the "Interim Compensation Order").

3.      This Certification is made in support of Otterbourg's tenth interim application (the "Interim Fee Application") for the interim allowance of compensation for services rendered and reimbursement of expenses incurred for the period from September 1, 2022 through and including December 31, 2022 (the "Application Period").

4.      I have reviewed the Interim Fee Application.

5.      To the best of my knowledge, information and belief formed after reasonable inquiry of the Otterbourg accounting personnel and legal and paraprofessional staff, the Interim Fee Application complies with the mandatory guidelines set forth in the Guidelines.

6.      The fees and disbursements sought are billed at rates and in accordance with practices customarily employed by Otterbourg and generally accepted by Otterbourg's clients.

7.      Although no expenses were incurred or being requested in the current Interim Fee Application, with respect to all of its fee applications, to the best of my knowledge, information and belief formed after reasonable inquiry of the Otterbourg personnel, Otterbourg does not

make a profit in connection with any disbursements sought in its Interim Fee Application except (i) in recording certain disbursements, for administrative convenience, charges are rounded up to the nearest dollar (*e.g.*, long distance telephone calls) and (ii) volume discounts, if any, are not reflected (*e.g.*, Federal Express).

8.      To the best of my knowledge, information and belief formed after reasonable inquiry of the Otterbourg accounting personnel, Otterbourg does not include in the amount of any disbursements the amortization of the cost of any investment, equipment or capital outlay.

9.      To the best of my knowledge, information and belief formed after reasonable inquiry of the Otterbourg accounting personnel, to the extent that Otterbourg has purchased or contracted for services from a third party, reimbursement is sought only for the amount billed by the third party to Otterbourg and paid.

10.     Otterbourg maintains supporting documentation for each item for which reimbursement is sought (*e.g.*, conference calls, meals chargeable and transportation) and such documentation is available for review on request by the Court or the United States Trustee.

11.     Otterbourg has complied with the provisions requiring it to provide the United States Trustee for the Southern District of New York and the Debtor with a statement of the Applicant's fees and expenses.

12.     The Notice Parties (as defined in the Interim Compensation Order) will each be provided with a copy of the Interim Fee Application.

New York, New York
Dated: February 14, 2022

By:  ___/s/ *Melanie L. Cyganowski*___
      Melanie L. Cyganowski
      230 Park Avenue
      New York, New York 10169
      (212) 661-9100
      *Co-Counsel to the Ad Hoc Committee of*
      *Governmental and Other Contingent*
      *Litigation Claimants*

# EXHIBIT B

**Fee Assumption Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.**, *et al.*, | Case No. 19-23649 (RDD) |
| Debtors.[1] | (Jointly Administered) |

### ORDER AUTHORIZING THE DEBTORS TO ASSUME THE REIMBURSEMENT AGREEMENT AND PAY THE FEES AND EXPENSES OF THE AD HOC COMMITTEE'S PROFESSIONALS

Upon the motion (the "**Motion**")[2] of Purdue Pharma L.P. and its affiliates that are debtors and debtors in possession in these cases (collectively, the "**Debtors**"), pursuant to sections 105(a), 363(b) and 365 of title 11 of the United States Code (the "**Bankruptcy Code**"), for an order (this "**Order**") (a) authorizing the Debtors to assume the Reimbursement Agreement, attached to the Motion as **Exhibit B**, and (b) authorizing but not directing the Debtors to pay the reasonable and documented fees and expenses under the Reimbursement Agreement, without the need for further motion, fee application or order of the Court, as more fully set forth in the Motion; and the Court having jurisdiction to decide the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Motion having been provided, such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and upon the objections (or joinders to objections) to the relief requested in the Motion filed by the Ad Hoc Group of Individual Victims, the NAS Babies Ad Hoc Committee, the Official Committee of Unsecured Creditors, the Private Insurance Plaintiffs, the U.S. Trustee, and Certain Native American Tribes [Docket Nos. 454, 458, 459, 462, 463 and 468] and the responses thereto; and the Court having held a hearing to consider the relief requested in the Motion on November 19, 2019 (the "**Hearing**"); and upon the record of the Hearing and all of the proceedings had before the Court; and after due deliberation and for the reasons stated by the Court in its bench ruling at the Hearing the Court having determined that the legal and factual bases set forth in the Motion establish good and sufficient cause for the relief granted herein, which is in the best interests of the Debtors, their estates, their creditors and all parties in interest; now, therefore,

     **IT IS HEREBY ORDERED THAT:**

1.     The Motion is granted to the extent set forth herein.

2.     The Debtors are authorized to perform the Reimbursement Agreement pursuant to section 363 of the Bankruptcy Code, subject to and as modified by the terms of this Order.

3.     Specifically, the Debtors are authorized, but not directed, to pay (i) Brown Rudnick LLP, (ii) Gilbert, LLP, (iii) Kramer Levin Naftalis & Frankel LLP, (iv) Otterbourg PC, (v) FTI Consulting, Inc., (vi) Compass Lexecon and (vii) Coulter & Justice (collectively, the "**Professionals**") for their reasonable and documented fees and expenses in accordance with the terms and conditions of the Reimbursement Agreement and this Order; *provided* that, for the avoidance of doubt, the Debtors shall have no obligation to pay any fees, expenses or other

amounts incurred after the termination of the Reimbursement Agreement in accordance with its terms.

4.      The authorization of the Debtors to pay (i) the reasonable and documented fees and expenses of the Professionals (other than those Professionals set forth in paragraph 3(vi) and (vii) above, which are addressed in subsection (z) of this paragraph 4 below) and (ii) reasonable and documented expenses (e.g., hotels, meals, travel costs, etc., but excluding the fees and expenses of any professional, including internal counsel, retained or employed by any Ad Hoc Committee member) incurred by the Ad Hoc Committee members in furtherance of their service on the Ad Hoc Committee (the "**Member Expenses**") shall be subject, *mutatis mutandis*, to the procedures with respect to authorization of payment of the fees and expenses of the professionals of the Debtors and the UCC set forth in the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals* [Docket No. 529] (as may be modified or amended by any subsequent order of the Court with respect thereto, the "**Interim Compensation Order**") including, for the avoidance of doubt, the filing of Monthly Fee Statements and Applications (in each case as defined in the Interim Compensation Order), Interim Fee Hearings (as defined in the Interim Compensation Order), the expiration of the Objection Deadline (as defined in the Interim Compensation Order) or resolution of any Objections (as defined in the Interim Compensation Order) with respect each Monthly Fee Statement, and the 20% holdback with respect to fees until further order of the Court; *provided* that the standard for authorization of payment of the fees and expenses of the Professionals shall be whether such fees and expenses are (a) reasonable and documented and (b) reimbursable under the Reimbursement Agreement (including, without limitation, that such fees and expenses are not duplicative of other Professionals and are within the Scope (as defined in the Reimbursement Agreement)); *provided*

*further* that, for the avoidance of doubt, that the Professionals shall not be considered retained

professionals of the Debtors or UCC and the retention of the Professionals shall not be required to

satisfy the standards for retention set forth in sections 327-328 or 1103 of the Bankruptcy Code;

*provided further* that, the Professionals shall seek reimbursement only for fees and expenses that

are within the Scope (and, for the avoidance of doubt, neither filing objections to the claims of

other creditors or advancing or prosecuting the claims of the individual members of the Ad Hoc

Committee shall be considered within the Scope); *provided further* that, (x) the aggregate amount

authorized to be paid pursuant to this Order shall not exceed $1,500,000 with respect to the fees

and expenses of the Professionals (including Compass Lexecon and Coulter & Justice) incurred

prior to the Petition Date, (y) such prepetition fees and expenses of the Professionals, together with

any prepetition Member Expenses, shall be sought only upon the earlier of (1) the execution of a

restructuring support agreement among parties including the Debtors and each member of the Ad

Hoc Committee and (2) confirmation of a chapter 11 plan for the Debtors, and (z) the Debtors shall

not be authorized to pay any amounts to the Professionals set forth in paragraph 3(vi) and 3(vii)

above (who are not currently actively engaged) unless and until authorized to do so by subsequent

order of this Court in connection with one of the Applications referred to above; *provided further*

that the fees and expenses of the Professionals incurred in connection with or relating to the

allocation of value among the Debtors' creditors  (the "**Allocation Fees**"), shall be segregated and

recorded in separate matters or projects and shall be sought by Application only upon the earlier

of (a) the approval by the Court of a restructuring support agreement among parties including the

Debtors and each member of the Ad Hoc Committee (the "**RSA**") or (b) confirmation of a chapter

11 plan for the Debtors; *provided further* that to the extent an emergency relief fund for the use,

prior to confirmation, of a substantial amount of the Debtors' cash to provide emergency relief and

assistance with respect to the opioid crisis (an "**ERF**") has not previously been sought or approved by the Court, the RSA shall have within it a valid and credible proposal for an ERF; *provided further* that prior to the earlier of approval by the Court of an RSA or confirmation of a chapter 11 plan for the Debtors, each Professional that submits a Monthly Fee Statement or Application will include a representation therein that it has separately recorded its Allocation Fees and has not, to the best of its knowledge, included Allocation Fees in such Monthly Fee Statement or Application.

5.      Notwithstanding anything to the contrary herein, the Debtors shall not be authorized to pay the fees and any expenses of any advisor to the Ad Hoc Committee other than the Professionals (as defined in paragraph 3), and the authorization to pay the fees and expenses of any advisor to the Ad Hoc Committee other than the Professionals (including any investment banker, as contemplated by the Reimbursement Agreement) shall be sought by a supplemental motion to this Court, *provided* that the Debtors are authorized to pay the fees of an investment banker, as contemplated by the Reimbursement Agreement, subject the same procedures applicable to the Professionals (as defined in paragraph 3), with the consent of the Debtors, U.S. Trustee and UCC to the retention of such investment banker and the terms of such retention.

6.      Pursuant to and consistent with information and confidentiality protocols to be agreed between the Ad Hoc Committee, the Ad Hoc Group of Non-Consenting States[3] and the Governmental Entities Group[4], and acceptable to the Debtors, and any protective order in these cases, the work product of certain financial professionals engaged by the Ad Hoc Committee, including FTI Consulting, Inc., shall be made available to the Ad Hoc Group of Non-Consenting States and the Governmental Entities Group with respect to matters on which such parties share a

---

[3] The Bankruptcy Rule 2019 statement for the Ad Hoc Group of Non-Consenting States is filed at Docket No. 296.

[4] The Bankruptcy Rule 2019 statement for the Governmental Entities Group is filed at Docket No. 409.

common interest, subject to the terms therein, and where such work product does not contain, reflect or reference confidential information of the Debtors that they have provided to the Ad Hoc Committee but not provided to the Ad Hoc Group of Non-Consenting States and the Governmental Entities Group. The delivery of information pursuant to such information protocols described in this paragraph shall not be deemed a waiver of any common interest privilege, attorney-client privilege, work product protection, or any other applicable privileges or protections with respect thereto.

7.      The contents of the Motion and the notice procedures set forth therein constitute good and sufficient notice and satisfy the Bankruptcy Rules and the Local Rules, and no other or further notice of the Motion or the entry of this Order shall be required.

8.      Nothing in this Order shall be deemed to constitute (i) a grant of third-party beneficiary status or bestowal of any additional rights on any third party or (ii) a waiver of any rights, claims or defenses of the Debtors.

9.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

10.     The relief granted herein shall be binding upon any chapter 11 trustee appointed in any of these chapter 11 cases or upon any chapter 7 trustee appointed in the event of a subsequent conversion of any of these chapter 11 cases to cases under chapter 7.

11.     The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: December 2, 2019                    /s/ Robert D. Drain
     White Plains, New York              THE HONORABLE ROBERT D. DRAIN
                                         UNITED STATES BANKRUPTCY JUDGE

# <u>EXHIBIT C</u>

**Summary of Compensation By Project Code**

**SUMMARY OF COMPENSATION BY**
**PROJECT CODE FOR THE APPLICATION PERIOD**

| Project Code | Project Category | Total Billed Hours | Average Hourly Rate | Fees Recorded |
|---|---|---|---|---|
| PU03 | Business Operations | 4.2 | $1,432.74 | $6,017.50 |
| PU04 | Case Administration | .7 | $1,265.71 | $886.00 |
| PU06 | Employment and Fee Applications | 12.9 | $547.79 | $7,066.50 |
| PU08 | Litigation: Contested Matters, Adversary | 3.6 | $1,140.28 | $4,105.00 |
| PU09 | Meetings and Communications with Ad Hoc | 2.3 | $1,587.39 | $3,651.00 |
| PU11 | Plan and Disclosure Statement | .5 | $1,470.00 | $735.00 |
| | **TOTALS:** | **24.2** | **$928.14** | **$22,461.00** |

## BUDGET V. ACTUAL FEES REQUESTED

| Project Code | Project Category | Budgeted Hours | Actual Hours | Budgeted Fees | Actual Fees |
|---|---|---|---|---|---|
| PU01 | Asset Analysis and Recovery | 0 | 0 | $0 | $0 |
| PU02 | Assumption and Rejection of Leases and Contract | 0 | 0 | $0 | $0 |
| PU03 | Business Operations | 10 | 4.2 | $12,500.00 | $6,017.50 |
| PU04 | Case Administration | 10 | .7 | $12,500.00 | $886.00 |
| PU05 | Claims Analysis | 0 | 0 | $0 | $0 |
| PU06 | Employment and Fee Applications | 25 | 12.9 | $15,000.00 | $7,066.50 |
| PU07 | Emergency Financing | 0 | 0 | $0 | $0 |
| PU08 | Litigation: Contested Matters, Adversary | 12 | 3.6 | $15,000.00 | $4,105.00 |
| PU09 | Meetings and Communications with Ad Hoc | 36 | 2.3 | $45,000.00 | $3,651.00 |
| PU10 | Non-Working Travel | 0 | 0 | $0 | $0 |
| PU11 | Plan and Disclosure Statement | 40 | .5 | $50,000.00 | $735.00 |
| **TOTAL:** | | **133.0** | **24.2** | **$150,000.00** | **$22,461.00** |

## PROPOSED STAFFING PLAN APPLICATION PERIOD

| Category of Timekeeper | Estimated Number of Timekeepers | Actual Number of Timekeepers | Average Hourly Rate Based on Actual Timekeepers |
|---|---|---|---|
| Partner | 2 | 2 | $1,317.50 |
| Of Counsel | 0 | 0 | NA |
| Associate | 0 | 0 | $0.00 |
| Paralegal | 1 | 1 | $380.00 |

# EXHIBIT D

**Summary of Hours By Professional**

### SUMMARY OF HOURS BILLED BY
### PROFESSIONALS FOR THE APPLICATION PERIOD

**Attorney Hours for the Application Period**

| Professional | Year Admitted | Rate Per Hour | No. of Hours | Total Compensation |
|---|---|---|---|---|
| Melanie L. Cyganowski ("MLC") Partner | 1982 | $1470.00 | 1.0 | 1,470.00 |
| | | $1620.00 | 7.1 | $11,502.00 |
| Jennifer S. Feeney ("JSF") Partner | 1998 | $940.00 | .5 | $470.00 |
| | | $1015.00 | 5.0 | $5,075.00 |
| | **TOTAL** | | **13.6** | **$18,517.00** |

**Paraprofessional Hours for the Application Period**

| Professional | Year Admitted | Rate Per Hour | No. of Hours | Total Compensation |
|---|---|---|---|---|
| Jessica K. Hildebrandt ("JKH") Paralegal | N/A | $345.00 | 2.4 | $828.00 |
| | | $380.00 | 8.2 | $3,116.00 |
| | **TOTAL** | | **10.6** | **$3,944.00** |

**Total Fees for the Application Period By Position**

| Professional | Blended Rate | Total Hrs. | Total Fees Recorded |
|---|---|---|---|
| Partner | $1,361.54 | 13.6 | $18,517.00 |
| Of Counsel | NA | NA | NA |
| Associate | NA | NA | NA |
| Paralegal | $372.08 | 10.6 | $3,944.00 |
| **Blended Professional Rate** | **$928.14** | **24.2** | **$22,461.00** |

**Blended Hourly Rate for Professionals Billing to Case v. Blended Hourly Rate of All Other Professionals for Last 12 Months**

| Professionals and Paraprofessionals | Blended Hourly Rate of Professionals and Paraprofessionals Not Billing to this Matter for Prior 12-Month Period by Position | Blended Hourly Rate of Professionals Billed for Application Period by Position |
|---|---|---|
| Partner | $1,127.64 | $1,361.54 |
| Of Counsel | $913.42 | NA |
| Associate | $519.96 | NA |
| Paraprofessional and Other Staff | $377.08 | $372.08 |
| Blended Attorney Rate/Total Attorney Fees | $842.44 | $1,361.54 |
| Blended Paralegal Rate | $377.08 | $372.08 |

# EXHIBIT E

**Time Entries**

# OTTERBOURG P.C.

230 PARK AVENUE
NEW YORK, NY  10169-0075

February 1, 2023
BILL NO. 228817

```
Client/Matter No.:    20186/0002
Matter Name:          CHAPTER 11
Billing Partner:      RL STEHL
```

For Services Rendered Through December 31, 2022:

---

Phase: PU03                                    BUSINESS OPERATIONS

---

| DATE ATTORNEY | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| 10/04/22 JSF | Examine Documents<br>Review of Case Updates re: De Minimis Asset Sales | .20 | 203.00 |
| 10/11/22 MLC | Review Documents<br>Review and analysis of memo re: Accord Patent Litigation | 1.10 | 1,782.00 |
| 11/02/22 JSF | Examine Documents<br>Review of Update from Financial Advisors on Business Issues | .30 | 304.50 |
| 11/02/22 MLC | Correspondence<br>Correspondence with FTI re updates re: Avrio sales process and related issues | .30 | 486.00 |
| 11/15/22 JSF | Examine Documents<br>Review of Business Update from Financial Advisors | .20 | 203.00 |

OTTERBOURG P.C.

230 PARK AVENUE
NEW YORK, NY  10169-0075

Client/Matter:   20186/0002                           February 1, 2023
Page 2                                                 BILL NO. 228817

| DATE ATTORNEY | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| 11/16/22 JSF | Examine Documents Review of Operating Report Overview Prepared by AHC Financial Advisor | .30 | 304.50 |
| 11/16/22 MLC | Review Documents Review of memo from FTI re: certain company transactions | .40 | 648.00 |
| 12/06/22 JSF | Examine Documents Review of Update on Avrio Business | .10 | 101.50 |
| 12/13/22 MLC | Review Documents Review of FTI report re: Narcan | .50 | 810.00 |
| 12/16/22 MLC | Review Documents Review of FTI prepared presentation re: PHI update | .60 | 972.00 |
| 12/19/22 JSF | Examine Documents Review of Report from Financial Advisors re: Business Operations and Public Health Initiative | .20 | 203.00 |

TOTAL PHASE PU03                              4.20        $6,017.50

Phase: PU04                                        CASE ADMINISTRATION

| DATE ATTORNEY | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|

## OTTERBOURG P.C.

230 PARK AVENUE
NEW YORK, NY  10169-0075

Client/Matter:   20186/0002                                    February 1, 2023
Page 3                                                          BILL NO. 228817

| DATE ATTORNEY | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| 11/03/22 JKH | Diary & Docket Review Notice of Hearings and calendar dates | .20 | 76.00 |
| 11/16/22 MLC | Review Documents Review of monitor's report | .50 | 810.00 |
| TOTAL PHASE PU04 | | .70 | $886.00 |

Phase: PU06                          EMPLOYMENT & FEE APPLICATIONS

| DATE ATTORNEY | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| 09/30/22 JSF | Prepare Legal Papers Begin Preparation of Interim Fee Application | .50 | 470.00 |
| 09/30/22 JKH | Prepare Papers Prepare draft fee application | 2.40 | 828.00 |
| 10/03/22 JKH | Prepare Papers Prepare exhibits for fee application | 1.60 | 608.00 |
| 10/11/22 JKH | Prepare Papers Prepare August monthly statement | .60 | 228.00 |
| 10/12/22 JSF | Prepare Legal Papers Preparation of Interim Fee Application | .60 | 609.00 |

Oᴛᴛᴇʀʙᴏᴜʀɢ P.C.

230 Pᴀʀᴋ Aᴠᴇɴᴜᴇ
Nᴇᴡ Yᴏʀᴋ, NY  10169-0075

Client/Matter:   20186/0002                                    February 1, 2023
Page 4                                                         BILL NO. 228817

| DATE ATTORNEY | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| 10/12/22 JKH | Prepare Papers<br>Prepare exhibits for fee application | 2.80 | 1,064.00 |
| 10/13/22 JSF | Prepare Legal Papers<br>Draft Interim Fee Application | 1.60 | 1,624.00 |
| 10/17/22 JKH | Prepare Papers<br>Finalize August monthly statement and fee application for filing | .40 | 152.00 |
| 10/26/22 JSF | Examine Documents<br>Review of September Monthly Fee Statement | .20 | 203.00 |
| 10/26/22 JKH | Prepare Papers<br>Prepare September statement | .70 | 266.00 |
| 11/10/22 JKH | Prepare Papers<br>Prepare draft monthly statement | .80 | 304.00 |
| 11/16/22 JSF | Telephone Call(s)<br>Attendance via Zoom at Hearing on Fee Applications | .70 | 710.50 |
| TOTAL PHASE PU06 | | 12.90 | $7,066.50 |

Phase: PU08                          LITIGATION: CONTESTED MATTERS, ADVERSARY

| DATE ATTORNEY | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|

# Otterbourg P.C.

230 Park Avenue
New York, NY  10169-0075

Client/Matter:  20186/0002                                   February 1, 2023
Page 5                                                        BILL NO. 228817

| DATE ATTORNEY | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| 10/25/22 JSF | Examine Documents<br>Review of Case Update on Omnibus Hearing | .30 | 304.50 |
| 10/25/22 MLC | Review Documents<br>Review of summary of court hearing and next steps | .40 | 648.00 |
| 10/25/22 MLC | Review Documents<br>Review of summary of Second Circuit decision re: equitable moot news and relevance to Purdue pending matters | .60 | 972.00 |
| 10/25/22 JKH | Attendance at Hearing<br>Listen in on hearing re: various matters (.7) and prepare and circulate summary on same (.4) | 1.10 | 418.00 |
| 12/13/22 JSF | Examine Documents<br>Review of Update and Strategy Recommendation re: Insurance Adversary Proceeding | .30 | 304.50 |
| 12/13/22 MLC | Review Documents<br>Review of summary memo re: status of insurance litigation | .90 | 1,458.00 |

TOTAL PHASE PU08                                             3.60        $4,105.00

Phase: PU09                          MEETINGS & COMMUNICATIONS W/ AD HOC

OTTERBOURG P.C.

230 PARK AVENUE
NEW YORK, NY  10169-0075

Client/Matter:  20186/0002                                    February 1, 2023
Page 6                                                        BILL NO. 228817

| DATE ATTORNEY | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| 09/20/22 MLC | Conference call(s) Conference call with States' Leadership and AHC co-counsel | .50 | 735.00 |
| 10/25/22 MLC | Correspondence Correspondence among AHC co-counsel re next steps | .30 | 486.00 |
| 11/11/22 MLC | Telephone Call(s) Telephone call with AHC State leadership re: certain attorney fee fund issues | .70 | 1,134.00 |
| 11/16/22 MLC | Review Documents Review of correspondence by co-lead counsel to ad hoc committee | .30 | 486.00 |
| 12/13/22 MLC | Conference call(s) Conference call with States leadership and co-counsel | .50 | 810.00 |

TOTAL PHASE PU09                                      2.30        $3,651.00

Phase: PU11                               PLAN & DISCLOSURE STATEMENT

| DATE ATTORNEY | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|

## OTTERBOURG P.C.

230 PARK AVENUE
NEW YORK, NY  10169-0075

Client/Matter:   20186/0002                                          February 1, 2023
Page 7                                                               BILL NO. 228817

| DATE ATTORNEY | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| 09/08/22 MLC | Conference call(s) Conference call with states leadership and co-counsel to consider strategy following ruling by Court of Appeals | .50 | 735.00 |

TOTAL PHASE PU11                                          .50            $735.00

                             TOTAL FOR SERVICES        $22,461.00


                             TOTAL THIS STATEMENT      $22,461.00